> **PLEASE CAREFULLY REVIEW THIS MOTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS MOTION AFFECTS A CONTRACT TO WHICH YOU ARE A COUNTERPARTY**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

## NOTICE OF MOTION FOR AUTHORIZATION TO REJECT CERTAIN EXECUTORY CONTRACTS

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Lehman Brothers Special Financing Inc., as debtor and debtor in possession (together with Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for authorization to reject certain executory contracts, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **September 22, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601;

(ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn:  Lori R. Fife, Esq., Robert J. Lemons, Esq. and Sunny Singh, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn:  Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases, so as to be so filed and received by no later than **September 15, 2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  September 7, 2010
      New York, New York

/s/ Robert J. Lemons
Lori R. Fife
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

<div style="border:1px solid black;">

**PLEASE CAREFULLY REVIEW THIS MOTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS MOTION AFFECTS A CONTRACT TO WHICH YOU ARE A COUNTERPARTY**

</div>

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

## MOTION FOR AUTHORIZATION
## <u>TO REJECT CERTAIN EXECUTORY CONTRACTS</u>

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Special Financing Inc. ("<u>LBSF</u>"), as debtor and debtor-in-possession (together with Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, the "<u>Debtors</u>" and, collectively with their non-debtor affiliates, "<u>Lehman</u>"), files this Motion and respectfully represents:

## Background

1.      Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner"), and by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

4.      On April 14, 2010, the Debtors filed a revised joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [Docket Nos. 8330 and 8332].

## Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

6.      LBSF requests the entry of an order pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014 (i) authorizing LBSF's rejection of the executory contracts listed on Exhibit A annexed hereto, including all transactions thereunder (the "Contracts") and (ii) approving procedures for any claims that may be asserted the Debtors as a result of such rejection.

## The Contracts

7.      In connection with the issuance of revenue bonds (the "Revenue Bonds"), many state and local governments or their agencies establish a debt service fund (the "Debt Service Fund") to accumulate funds to pay debt service on the Revenue Bonds and a reserve fund (the "Reserve Fund") to serve as a source of backup for payment of their debt service obligations on the Revenue Bonds.  Revenue Bonds generally are issued pursuant to an indenture or similar agreement between the issuer (the municipality) and a trustee (the "Trustee").  The Trustee holds and administers the Debt Service Fund and the Reserve Fund and uses the assets of the Debt Service Fund to pay scheduled interest and principal payments on the Revenue Bonds and the assets of the Reserve Fund to pay scheduled interest and principal payments on the Revenue Bonds when sufficient funds are not otherwise available to the issuer.

8.      The Trustee typically invests the funds in a Debt Service Fund or a Reserve Fund in certain eligible investments.  The eligible investments are restricted to qualifying securities (the "Qualified Securities"), which generally are high quality securities with short terms to maturity.  Under the debt service fund agreements and the reserve fund agreements that are the subject of this Motion, generally, LBSF agreed to sell Qualified Securities to the Trustee on scheduled dates throughout the term of an issuance of Revenue Bonds at a price that

generates a specific fixed rate of return, thereby enabling the issuer and the Trustee to meet
credit quality and liquidity requirements of the Debt Service Fund or Reserve Fund without
exposure to decreases in interest rates.  LBHI did not issue any guarantees in connection with the
Contracts that are the subject of this Motion.

9.     LBSF has been diligently reviewing its executory contracts to identify
contracts that are appropriate for rejection, and has determined that the Contracts listed on
Exhibit A are not receivables of LBSF.  Because the counterparties to the Contracts (each a
"Counterparty" and collectively, the "Counterparties") have not terminated the Contracts, LBSF
is not able to fix its liabilities under the Contracts unless a Counterparty defaults or until the
Contracts mature in accordance with their terms, which in most cases will not occur for a long
period of time.  Accordingly, LBSF has determined that it is prudent to reject the Contracts.

**Rejection of the Contracts Is a Sound
Exercise of LBSF's Business Judgment and Should Be Approved**

10.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a
debtor in possession "subject to the court's approval, may assume or reject any executory
contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  "[T]he purpose behind allowing
the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession
to use valuable property of the estate and to 'renounce title to and abandon burdensome
property.'"  *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4
F.3d 1095, 1098 (2d Cir. 1993).

11.     Courts defer to a debtor's business judgment in rejecting an executory
contract or unexpired lease, and upon finding that a debtor has exercised its sound business
judgment, approve such rejection under section 365(a) of the Bankruptcy Code.  *See NLRB v.
Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard

used to authorize rejection of executory contracts); *Nostas Assocs. v. Costich* (*In re Klein Sleep Products, Inc.*), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to authorize rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42-43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected). Proper business reasons for rejecting a contract include that it would be financially burdensome or not economically beneficial to the estate if the debtor was required to perform its obligations through expiration of the contract. *Minges*, 602 F.2d at 42; *In re RLR Celestial Homes, Inc.*, 108 B.R. 36, 43 (Bankr. S.D.N.Y. 1989).

12.    LBSF has determined in the sound exercise of its business judgment that the Contracts should be rejected. The Contracts generally do not mature for some time and are not receivables of its estate. Accordingly, LBSF has determined that it is in the best interests of its estate and creditors to fix any damages arising under the Contracts. In light of these factors and in furtherance of LBSF's duties to administer its estate, rejection of the Contracts is an exercise of sound business judgment and should be approved.

### Procedures Governing Claims
### Relating to Rejection of the Contracts

13.    To determine any claims that may be associated with the rejection of the Contracts, the Debtors propose that they have the option to calculate the damages arising under each Contract and deliver a statement (the "Damages Calculation") to the respective Counterparty describing such calculations in reasonable detail within ten (10) business days from the entry of an order approving this Motion.

14.    If the Debtors do not deliver a Damages Calculation or a Counterparty disputes the amount of damages set forth in the Calculation, the Debtors request that such Counterparty be required to file a proof of claim in compliance with the terms of the Bar Date

Order[1] for damages arising under the Contract by no later than thirty (30) days from the date of entry of an order granting the relief requested herein; provided, however, that if a Counterparty has already timely filed a proof of claim in compliance with the Bar Date Order for damages arising under such Contract, such Counterparty does not need to file an additional proof of claim to dispute the amount of the damages set forth in the Damages Calculation or in the event that the Debtors do not deliver a Damages Calculation.

15.      If a Counterparty (a) timely filed a proof of claim in accordance with the Bar Date Order or (b) timely files a proof of claim no later than thirty (30) days from the date of entry of an order granting the relief requested herein, then (i) such Counterparty and the Debtors will each have the ability to assert all rights in respect of claims arising under the applicable Contract and (ii) any party in interest will have the right to object to such proof of claim arising under the Contract.

16.      If the Debtors timely deliver a Damages Calculation and a Counterparty does not timely file, or has not already timely filed, a proof of claim in compliance with the terms established by the Bar Date Order for damages under the related Contract, then such Counterparty will be deemed to have an allowed general unsecured claim against LBSF in the amount set forth in the Damages Calculation delivered to the Counterparty by LBSF (subject to the treatment of such claims under the Plan), and the Counterparty will have no right to assert any other claims or claim amounts under the Contract against any Debtor.

17.      If the Debtors do not timely deliver a Damages Calculation and a Counterparty did not timely file a proof of claim in accordance with the Bar Date Order and does

---

[1] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof, and Approving the Proof of Claim Form, entered on July 2, 2009 [Docket No. 4271] (the "Bar Date Order").  A copy of the Bar Date Order is annexed hereto as Exhibit B.

not timely file a proof of claim in compliance with the terms of the Bar Date Order no later than thirty (30) days from the date of entry of an order granting the relief requested herein, then such Counterparty will not be allowed any claim against the Debtors in respect of the applicable Contract.

18.    The Court has previously granted relief in these chapter 11 cases similar to the relief requested by this Motion. *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y.) [Docket No. 10226] (order authorizing rejection of certain derivative contracts and approving similar claim procedures); [Docket No. 4426] (order authorizing rejection of derivative contract between LBSF and Jana Master Fund, Ltd. and approving similar claim procedures).

### Notice

19.    No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each Counterparty and Trustee to the Contracts; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

20.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully requests that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated:  September 7, 2010
        New York, New York

                                        /s/ Robert J. Lemons
                                        Lori R. Fife
                                        Robert J. Lemons

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

## Exhibit A

**(Schedule of Contracts)**

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 1 | Alhambra Redevelopment Agency (072403ALHALBSF) | BNY Western Trust Company | Alhambra Redevelopment Agency, City of Alhambra 111 South First Street Alhambra, California 91801 Attn: Julio Fuentes, City Manager  BNY Western Trust Company 700 S. Flower Street, Suite 500 Los Angeles, Ca 90017 Attn: Jackie Nowak | Reserve Fund Agreement, dated August 6, 2003, related to $38,070,000 Industrial Redevelopment Project, as Amended 2003, Refunding Tax Allocation Bonds | 5/01/2020 |
| 2 | Allen Academy (082703ALLELBSF) | U.S. Bank National Association | Allen Academy c/o First Independence National Bank 44 Michigan Avenue Detroit, MI 48226 Attn: Jim Blanks  U.S. Bank National Association 60 Livingston Avenue - EPMNWS3T St. Paul, MN 55107-2292 Attn: Corporate Trust Department, Paul Sathe | Reserve Fund Agreement, dated September 15, 2003, related to $9,500,000 Full Term Certificates of Participation, Series 2003 | 6/01/2033 |
| 3 | Asbury Place (091200ASBPLBSF) | Chase Manhattan Trust Company, N.A. | Asbury Place One Glass Street Carnegie, PA 15106 Attn: Chairman  Chase Manhattan Trust Company, N. A. One Oxford Center, Suite 119 Pittsburgh, PA 15219 Attn: Corporate Trust Department, Kent Christian | Reserve Fund Agreement, dated September 20, 2000, related to $4,570,000 Adjustable Rate Demand Revenue Refunding Bonds, Series A of 2000 | 12/01/2026 |
| 4 | Asbury Villas (091200ASBVLBSF) | Chase Manhattan Trust Company, N.A. | Asbury Villas One Glass Street Carnegie, PA 15106 Attn: Chairman  Chase Manhattan Trust Company, N. A. One Oxford Center, Suite 119 Pittsburgh, PA 15219 Attn: Corporate Trust Department, Kent Christian | Reserve Fund Agreement, dated September 20, 2000, related to $11,765,000 Adjustable Rate Demand Revenue Bonds, Series B of 2000 | 12/01/2030 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 5 | Bon Secours Health System, Inc. (70893BSHSLBSF) | Wells Fargo Bank, N.A., as successor to Wells Fargo Bank Minnesota, N. A., as successor to Norwest Bank Minnesota, N.A. | Bon Secours Health System, Inc. 1505 Marriottsville Road Marriottsville, MD 21104 Attn: Chief Financial Officer<br><br>Norwest Bank Minnesota, N. A. 11000 Broken Land Parkway Columbia, MD 21044 Attn: Corporate Trust Services | Debt Service Deposit Agreement, dated February 6, 1998 and amended September 28, 2005, related to $21,005,000 Health Care Revenue and Refunding Bonds, Series 1997 (Bon Secours Health System) | 8/15/2013 |
| 6 | Brethren Village (011508BRETLBSF) | Fulton Financial Advisors, N.A. | Brethren Village 3001 Lititz Pike Lancaster, Pennsylvania 17606 Attn:  Pamela S. Formica, VP Finance<br><br>Fulton Financial Advisors, N.A. Corporate Trust One Penn Square Lancaster, PA 17602 Attn:  Stuart W. Juppenlatz, Vice President | Debt Service Deposit Agreement, dated January 28, 2008, $122,715,000  Revenue Bonds (Brethren Village Project), Series A of 2008 | 7/01/2040 |
| 7 | Bucks County Water and Sewer Authority (122093BCWSLBSF) | First Union National Bank | Bucks County Water and Sewer Authority 1275 Almshouse Road Warrington, PA 18976 Attn: Arthur J. Hass<br><br>First Union National Bank 123 S. Broad Street (PA 1249) Philadelphia, PA 19109 Attn: Corporate Trust Department - Terry McPoyle | Reserve Fund Agreement, dated June 16, 1999, related to Water System Water Revenue Bonds (all series issued and outstanding on June 16, 1999) | 11/25/2019 |
| 8 | Bucks County Water and Sewer Authority (122093BCWSLBSF) | First Union National Bank | Bucks County Water and Sewer Authority 1275 Almshouse Road Warrington, PA 18976 Attn: Arthur J. Hass<br><br>First Union National Bank 123 S. Broad Street (PA 1249) Philadelphia, PA 19109 Attn: Corporate Trust Department - Terry McPoyle | Reserve Fund Agreement, dated June 16, 1999, related to Neshaminy Interceptor Sewer System Sewer Revenue Bonds (all series issued and outstanding on June 16, 1999) | 11/25/2019 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 9 | Bucks County Water and Sewer Authority (122093BCWSLBSF) | First Union National Bank | Bucks County Water and Sewer Authority 1275 Almshouse Road Warrington, PA 18976 Attn: Arthur J. Hass<br><br>First Union National Bank 123 S. Broad Street (PA 1249) Philadelphia, PA 19109 Attn: Corporate Trust Department - Terry McPoyle | Reserve Fund Agreement, dated June 16, 1999, related to Collection Sewer System Sewer Revenue Bonds (all series issued and outstanding on June 16,1999) | 11/25/2019 |
| 10 | California Lutheran University (111204CLULBSF) | Union Bank of California, N.A. | California Lutheran University 60 West Olsen Road, Suite 1290 Thousand Oaks, CA 91360-2700 Attn: VP for Administration and Finance<br><br>Union Bank of California, NA 120 South San Pedro Street, 4th Floor Los Angeles, CA 90012 Attn: Corporate Trust Division, Vivian Savedra | Reserve Fund Agreement, dated November 16, 2004, related to $27,915,000 of Revenue Bonds (California Lutheran University) Series 2004C | 10/01/2029 |
| 11 | Catholic Health East (020398CATHLBSF) | JP Morgan Trust Company, National Association | Catholic Health East 14 Campus Boulevard, Suite 300 Newtown Square, PA 19073-3277 Attn: VP, Financial Services<br><br>JP Morgan Trust Company, National Association c/o JP Morgan Chase Bank Chase Tower Houston, Suite 1150 600 Travis St. Houston, TX 77002 Attn: Institutional Trust Services | Reserve Fund Agreement, dated January 14, 2005, related to $60,625,000 of Health System Revenue Bonds Catholic Health East Issue, Series 2004B | 11/15/2014 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 12 | Catholic Health East (063009LE11LBSF) | JP Morgan Trust Company, National Association | Catholic Health East<br>14 Campus Boulevard, Suite 300<br>Newtown Square, PA 19073-3277<br>Attn: VP, Financial Services<br><br>JP Morgan Trust Company, National Association<br>c/o JP Morgan Chase Bank<br>Chase Tower Houston, Suite 1150<br>600 Travis St.<br>Houston, TX 77002<br>Attn: Institutional Trust Services | Reserve Fund Agreement, January 14, 2005, related to $18,450,000 of Health System Revenue Bonds Catholic Health East Issue, Series 2004C | 11/15/2014 |
| 13 | Catholic Healthcare West (063009LE12LBSF) | The Bank of New York Trust Company, N.A. | Catholic Healthcare West<br>185 Berry Street, Suite 300<br>San Francisco, CA 94107<br>Attention: Jesse Bean, VP Treasury Services<br><br>The Bank of New York Trust Company, N.A.<br>550 Kearny Street, Suite 600<br>San Francisco, CA 94108-2527<br>Attention: Corporate Trust Department | Reserve Fund Agreement, dated December 2, 2004, related to $41,630,000 of Nevada Health Facility Revenue Bonds (Catholic Healthcare West) 2004 Series A | 07/01/2024 |
| 14 | Catholic Healthcare West (063009LE13LBSF) | The Bank of New York Trust Company, N.A. | Catholic Healthcare West<br>185 Berry Street, Suite 300<br>San Francisco, CA 94107<br>Attention: Jesse Bean, VP Treasury Services<br><br>The Bank of New York Trust Company, N.A.<br>550 Kearny Street, Suite 600<br>San Francisco, CA 94108-2527<br>Attention: Corporate Trust Department | Reserve Fund Agreement, dated December 2, 2004, related to $29,100,000 of Health Facility Revenue Bonds (Catholic Healthcare West) 2004 Series G | 07/01/2023 |
| 15 | Catholic Healthcare West (063009LE14LBSF) | J.P. Morgan Trust Company, National Association | Catholic Healthcare West<br>185 Berry Street, Suite 300<br>San Francisco, CA 94107<br>Attention: Jesse Bean, VP Treasury Services<br><br>J.P. Morgan Trust Company, National Association<br>660 South Mill Avenue, Floor 4<br>Tempe, AZ 85281<br>Attention: Institutional Trust Services, Mark Krietemeyer | Reserve Fund Agreement, dated December 2, 2004, related to $175,000,000 of Health Facility Revenue Bonds (Catholic Healthcare West) 2004 Series B | 07/01/2029 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 16 | Catholic Healthcare West (063009LE15LBSF) | The Bank of New York Trust Company, N.A. | Catholic Healthcare West 185 Berry Street, Suite 300 San Francisco, CA 94107 Attention: Jesse Bean, VP Treasury Services<br><br>The Bank of New York Trust Company, N.A. 550 Kearny Street, Suite 600 San Francisco, CA 94108-2527 Attention: Corporate Trust Department | Reserve Fund Agreement, dated December 2, 2004, related to $100,000,000 of Health Facility Revenue Bonds (Catholic Healthcare West), 2004 Series H and I | 07/01/2026 |
| 17 | Catholic Healthcare West (063009LE16LBSF) | J.P. Morgan Trust Company, National Association | Catholic Healthcare West 185 Berry Street, Suite 300 San Francisco, CA 94107 Attention: Jesse Bean, VP Treasury Services<br><br>J.P. Morgan Trust Company, National Association 660 South Mill Avenue, Floor 4 Tempe, AZ 85281 Attention: Institutional Trust Services, Mark Krietemeyer | Reserve Fund Agreement, dated December 2, 2004, related to $85,570,000 Health Facility Revenue Bonds (Catholic Healthcare West) 2004 Series A | 07/01/2026 |
| 18 | City of Big Bear Lake, CA (081296CBBLLBSF) | Union Bank of California, N.A. | City of Big Bear Lake, California Dept of Water and Power 41972 Garstin Drive Big Bear Lake, CA 92315-1929 Attn: General Manager<br><br>Union Bank of California, N.A. 120 South San Pedro Street, Fourth Floor Los Angeles, CA 90012 Attn: Corporate Trust Department | Debt Service Reserve Fund Agreement Guaranteed Yield Structure, dated December 18, 1996, related to Department of Water and Power 1996 Water Revenue Refunding Bonds and 1992 Water Revenue Refunding Bonds | 4/01/2022 |
| 19 | City of Pittsburg Public Financing Authority (031706CITYLBSF) | The Bank of New York Trust Company, N.A. | City of Pittsburg Public Financing Authority c/o City of Pittsburg 65 Civic Avenue Pittsburg, CA 94565 Attn: Director of Finance<br><br>The Bank of New York Trust Company, N.A. 550 Kearny Street, Suite 600 San Francisco, CA 94108-2527 Attention: Corporate Trust Department-Milly Canessa | Reserve Fund Agreement, dated March 23, 2006, related to $38,350,000 Water Revenue Bonds, Series 2005 | 5/22/2035 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 20 | City of Roseville, California (010506ROSELBSF) | The Bank of New York Trust Company, N.A. | City of Roseville 311 Vernon Street Roseville, CA 95678 Attn: Russ Branson  The Bank of New York Trust Company, N.A. 550 Kearny Street, Suite 600 San Francisco, CA 94108-2527 Attention: Corporate Trust Department | Reserve Fund Agreement, dated January 12, 2006, related to $21,720,000 of North Roseville Community Facilities District No. 1, Special Tax Refunding Bonds, Series 2005 | 09/01/2020 |
| 21 | City of Vancouver Washington Downtown Redevelopment Authority (121903VANCLBSF) | U.S. Bank National Association | City of Vancouver Washington Downtown Redevelopment Authority PO Box 1995 Vancouver, WA 98668-1995 Attn: Executive Director  U.S. Bank National Association 555 SW Oak Street, PD-OR-P6TD Portland, OR 97204 Attn: Linda McConkey | Reserve Fund Forward Purchase and Sale Agreement, dated December 1, 2003, related to Conference Center Project Senior Revenue Bonds, Series 2003A and Subordinate Revenue Bonds, Series 2003B | 1/01/2034 |
| 22 | Clara Martin Center (090506CLARLBSF) | Chittenden Trust Company | Clara Martin Center 11 Main Street Randolph, VT 05060 Attn: AJ Horvath, Chief Financial Officer  Chittenden Trust Company Two Burlington Square P.O. Box 820 Burlington, VT 05402-0820 Attn: Institutional Trust Services | Reserve Fund Agreement, dated September 14, 2006, related to $13,310,000 Vermont Educational and Health Buildings Financing Authority (Developmental and Mental Health Services Acquisition Pool) Series 2006A | 8/15/2026 |
| 23 | Coffee Regional Medical Center, Inc. (120304COFFLBSF) | Suntrust Bank | Coffee Regional Medical Center, Inc. 1101 Ocilla Road Douglas, GA 31534-1287  Suntrust Bank Corporate Trust Division 25 Park Place, 24th Floor Atlanta, GA 30303-2900 Attn: George Hogan | Reserve Fund Agreement, dated December 9, 2004, related to $38,485,000 of Revenue Refunding Certificates (Coffee Regional Medical Center, Inc. Project), Series 2004 | 12/01/2026 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 24 | County of Dupage, Illinois (050605DUPGLBSF) | LaSalle Bank National Association | The County of DuPage, Illinois 421 North County Farm Road Wheaton, IL  60187 Attn:  Fred Backfield, CFO<br><br>LaSalle Bank National Association 135 S. LaSalle Street, Suite 1960 Chicago, IL  60603 Attn:  Kristine Brutsman | Stabilization Fund Agreement, dated May 24, 2005, related to $85,630,000  Transportation Revenue Refunding Bonds Series 2005 | 1/04/2021 |
| 25 | Covenant Medical Center, Inc. (032504CMCILBSF) | U.S. Bank National Association | Covenant Medical Center, Inc. 515 North Michigan Saginaw, Michigan  48602 Attn:  Chief Financial Officer<br><br>U.S. Bank National Association 535 Griswold Street, Suite 550 Detroit, MI  48226 Attn:  Corporate Trust Department, Jim Kowalski | Reserve Fund Agreement, date April 7, 2004, related to $37,435,000  Hospital Revenue Refunding Bonds Series 2004G | 7/01/2023 |
| 26 | District of Columbia (091495DOCLBSF) | Norwest Bank Minnesota, N.A. | District of Columbia Office of the Chief Financial Officer Office of Finance and Treasury One Judiciary Square 441 4th Street, NW, Suite 360 North Washington, D.C. 20001 Attn: Deputy Chief Financial Officer and Treasurer<br><br>Norwest Bank Minnesota, N.A. 11000 Broken Land Parkway Columbia, MD 21044 Attn:  Corporate Trust Department,  Debra S. Taylor | Reserve Fund Agreement, dated December 7, 1999, related to $11,00,000  James F. Oyster Elementary School PILOT Revenue Bonds, Series 1999 | 11/01/2034 |
| 27 | Douglas County Housing Authority (110703DOUGLBSF) | Wells Fargo Bank, N.A. | Douglas County Housing Authority 5404 N. 107th Plaza Omaha, NE 68134 Attn:  Executive Director<br><br>Wells Fargo Bank Nebraska, N.A. 1248 "O" Street, 4th Floor Lincoln, NE 68501-2408 Attn:  Corporate Trust Department- Richard K. "Chip" DeBuse | Reserve Fund Agreement, dated 11/20/2003 and amended 5/01/2007, related to $5,785,000 Housing Revenue Refunding Bonds (Orchard Gardens Project) Series 2007 | 10/01/2024 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 28 | Elwyn, Inc. (063009LE28LBSF) | J.P. Morgan Trust Company, N.A. | Elwyn, Inc.<br>111 Elwyn Road<br>Elwyn, PA 19063<br>Attn: Vice President – Finance<br><br>J.P. Morgan Trust Company, National Association<br>One Liberty Plaza<br>1650 Market Street, 47th Floor<br>Philadelphia, PA 19103<br>Attn:  Corporate Trust - Beth Ann MacDonald | Reserve Fund Agreement, dated April 15, 2005, related to $26,055,000 Federally Taxable Variable Rate Revenue Bonds, Series B of 2005 (Elwyn, Inc. Project) | 6/01/2020 |
| 29 | Elwyn, Inc. (032105ELWYLBSF) | J.P. Morgan Trust Company, N.A. | Elwyn, Inc.<br>111 Elwyn Road<br>Elwyn, PA 19063<br>Attn: Vice President – Finance<br><br>J.P. Morgan Trust Company, National Association<br>One Liberty Plaza<br>1650 Market Street, 47th Floor<br>Philadelphia, PA 19103<br>Attn:  Corporate Trust - Beth Ann MacDonald | Reserved Fund Agreement, dated April 15, 2005, related to $8,825,000 Fixed Rate Revenue Bonds Series A of 2005 (Elwyn, Inc. Project) | 6/01/2022 |
| 30 | Health Care and Rehabilitation Services of South Eastern Vermont Inc. (090506HEALLBSF) | Chittenden Trust Company | Health Care & Rehabilitation Services of Southeastern Vermont<br>One Hospital Court, Suite 410<br>Bellows Falls, VT 05101-1492<br>Attn:  Hal Moore, Interim Chief Financial Officer<br><br>Chittenden Trust Company<br>Institutional Trust Services<br>Two Burlington Square<br>PO BOX 820<br>Burlington, VT 05402-0820<br>Attn: Institutional Trust Services | Reserve Fund Agreement, dated September 14, 2006, related to $13,310,000 Vermont Educational and Health Buildings Financing Agency (Development and Mental Health Services Acquisition Pool) Series 2006A | 8/15/2036 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 31 | Lackawanna River Basin Sewer Authority (092204LRBSLBSF) | Fidelity Deposit & Discount Bank | Lackawanna River Basin Sewer Authority 145 Boulevard Avenue Throop, PA 18512 Attn: Executive Director<br><br>Fidelity Deposit and Discount Bank Blakely & Drinker Street Dunmore, PA 18512 Attn: Thomas Norek, Corporate Trust Administrator | Reserve Fund Agreement, dated September 22, 2004, related to $4,625,000 Lackawanna River Basin Sewer Authority, Lackawanna County, Pennsylvania Guaranteed Sewer Revenue Bonds, Series of 2004 | 9/01/2015 |
| 32 | Los Osos Community Services District (021903OSOSLBSF) | BNY Western Trust Company | Los Osos Community Services District 2122 9th Street Los Osos, CA 93402 Attn: General Manager<br><br>BNY Western Trust Company 700 Flower Street, Suite 500 Los Angeles, CA 90017-4104 Attn: Corporate Trust Department - Jacki Nowak | Amended and Restated Reserve Fund Agreement, dated March 19, 2004, related to $17,990,000 Wastewater Assessment District No.1 Limited Obligation Improvement Bonds | 3/01/2032 |
| 33 | Munson-Williams-Proctor Institute (071000WWPILBSF) | Manufacturers and Traders Trust Company | Munson-Williams-Proctor Institute 310 Genesee Street Utica, NY 13502 Attn: Vice President and Treasurer/ Tony Spiridigloizzi<br><br>Manufacturers and Traders Trust Company One M&T Plaza, 7th Floor Buffalo, NY 14203 Attn: Aaron McManus | Reserve Fund Agreement, dated July 14, 2000, related to $15,000,000 of Civic Facility Revenue Bonds (Munson-Williams-Proctor Institute Project), Series 1999A | 07/15/2029 |
| 34 | NFI Vermont, Inc. (090506NFIVLVAS) | Chittenden Trust Company | NFI Vermont, Inc. 30 Airport Rd S. Burlington, VT 05403 Attn: Kathy Pettengill, Chief Financial Officer<br><br>Chittenden Trust Company Two Burlington Square P.O. Box 820 Burlington, VT 05402-0820 Attn: Institutional Trust Services | Reserve Fund Agreement, dated September 14, 2006, related to $13,310,000 Vermont Educational and Health Buildings Financing Authority (Developmental and Mental Health Services Acquisition Pool) Series 2006A | 8/15/2024 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 35 | Northern Kentucky Water District (102301NORTLBSF) | Fifth Third Bank | Northern Kentucky Water District 100 Aqua Drive PO BOX 41076 Cold Spring, KY 41076 Attn: Finance Director, Mr. Ron Brown  Fifth Third Bank 38 Fountain Square Plaza Mail Stop 10AT60 Cincinnati, OH 45263 Attn: Corporate Trust Department, Keith Brock | Reserve Fund Agreement, dated October 26, 2001, related to Revenue Bonds Series 2001A | 2/01/2026 |
| 36 | Pacific University (092605PACILBSF) | Wells Fargo Bank, N.A. | Pacific University 2043 College Way Forest Grove, OR 97116 Attn: Darlene Morgan  Wells Fargo Bank, NA MAC P6101-114 1300 SW Fifth Ave. 11th Floor Portland, OR 97201 Attn: Corporate Trust Department - Beth Moyer | Reserve Fund Agreement, dated November 4, 2005, related to $41,000,000 Campus Improvement and Refunding Bonds (Pacific University Project), Series 2005A (Tax Exempt), $5,625,000 Campus Improvement and Refunding Bonds (Pacific University Project), Series 2005B (Federally Taxable) | 5/01/2036 |
| 37 | Public Parking Authority of Pittsburgh (032400PIPALBSF) | Chase Manhattan Trust Company, National Association | Pittsburgh Parking Authority 232 Boulevard of the Allies Pittsburgh, PA 15222-1616 Attn: Director of Finance / Steve M. Russo  Chase Manhattan Trust Company, National Association One Oxford Centre 301 Grant Street, Suite 1100 Pittsburgh, PA 15219 Attn: Kevin Rockwell | Reserve Fund Agreement, dated April 19,2000, related to Revenue Bonds, Series of 1992 | 12/01/2012 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 38 | Rhode Island Economic Development Corporation (063009LE66LBSF) | Citizens Bank of Rhode Island | Rhode Island Economic Development Corporation One West Exchange Street Providence, RI 02903 Attn: John Sheehan<br><br>Citizen Bank of Rhode Island One Citizens Plaza Providence, RI 02903 Attn: Corporate Trust Department, Jeffery Fletcher | Capital Reserve Fund Agreement, dated February 28, 2001, related to $35,175,000 of Revenue Note Obligations (Providence Place Mall Project) 2000 Senior Obligation Series and $5,645,000 of Revenue Note Obligations (Providence Place Mall Project), 2000 Subordinate Obligation Series | 06/30/2020 |
| 39 | Rhode Island Economic Development Corporation (061300PPMLLBSF) | Citizens Bank of Rhode Island | Rhode Island Economic Development Corporation One West Exchange Street Providence, RI 02903 Attn: John Sheehan<br><br>Citizen Bank of Rhode Island One Citizens Plaza Providence, RI 02903 Attn: Corporate Trust Department, Kathleen Caldwell Taddei | Reserve Fund Agreement, dated June 23, 2000, related to $35,175,000 of Revenue Note Obligations (Providence Place Mall Project) 2000 Senior Obligation Series and $5,645,000 of Revenue Note Obligations (Providence Place Mall Project) 2000 Subordinate Obligation Series | 06/30/2020 |
| 40 | Southeast Missouri State University (042302MISSLBSF) | None | Southeast Missouri State University One University Plaza MS3200 Cape Girardeau, MO 63701 Attn: Kathy Mangels | Reserve Fund Agreement, dated May 1, 2002, related to $15,635,000 of Installment Payment Contract Certificates, Series 2002 | 3/29/2012 |
| 41 | Springhouse, Inc. (080498CBILBSF) | Chase Manhattan Bank | Springhouse, Inc. 44 Allandale Street Jamaica Plain, MA 02130 Attn: Executive Director<br><br>The Chase Manhattan Bank 73 Tremont Street Boston, MA 02108-3913 Attn: Corporate Trust Group, Don M. Iaccheri | Debt Service Reserve Fund Agreement, dated September 4, 1998, related to $19,335,000 First Mortgage Refunding Revenue Bonds, Springhouse, Inc. Project, Series 1998 | 7/01/2028 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 42 | Summit Academy North (021803SUMMLBSF) | U.S. Bank N.A. | Summit Academy 30494 Olmstead Flat Rock, MI 48134 Attn:  Michael Witucki, Ed.D.<br><br>U.S. Bank National Association 180 E. 5th Avenue St. Paul, MN 55101 Attn:  Corporate Trust Department - Paul Sathe | Reserve Fund Agreement, dated March 11, 2003 (amended September 20, 2005), related to $27,465,000 Summit Academy Revenue and Refunding Bonds, Series 2005 | 7/01/2030 |
| 43 | The Children's Village (070302CHILLBSF) | The Bank of New York | The Children's Village Dobbs Ferry, NY 18091 Attn:  Frank Cavaliero<br><br>The Bank of New York 5 Penn Plaza, 16th Floor New York, NY 10001 Attn:  Glenn Kunak | Reserve Fund Agreement, dated June 28, 2002, related to $4,720,000 Civic Facilities Revenue Bonds Series 2002 A (The Children's Village Project) | 6/01/2022 |
| 44 | The City of Los Banos (040704LBANLBSF) | BNY Western Trust Company | The City of Los Banos 520 J Street Los Banos, CA 93635 Attn:  Director of Finance / Melinda Wall<br><br>BNY Western Trust Company 700 Flower Street Suite 500 Los Angeles, CA 90017 Attn:  Account Manager / Christina D Garchitorena | Reserve Fund Agreement, dated April 26, 2004, related to $5,680,000 of Revenue Refunding Certificates of Participation (1993 Sewer System Project) Series 2003 | 11/29/2019 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 45 | The Elim Park Baptist Home, Inc. (82598EPBHLBSF) | State Street Bank and Trust Company | The Elim Park Baptist Home, Inc. c/o Wiggin & Dana One City Place 185 Asylum Street Hartford, CT 06103<br><br>State Street Bank and Trust Company of Connecticut Attn: Dennis Fisher, Corporate Trust Division Tel: 860-244-1808 Fax: 860-244-1889 | Debt Service Reserve Fund Agreement - Guaranteed Yield Structure, dated August 26, 1998, related to $10,635,000 of First Mortgage Gross Revenue Health Care Project Refunding Bonds, Series 1998A (The Elim Park Baptist Home, Inc, Project) and $2,000,000 of Adjustable Rate First Mortgage Gross Revenue Health Care Project Refunding Bonds, Series 1998B (The Elim Park Baptist Home, Inc, Project) | 12/01/2018 |
| 46 | The Village at Germantown, Inc. (121903VILLLBSF) | Deutsche Bank National Trust Company | The Village at Germantown, Inc. c/o Methodist Healthcare 1211 Union Avenue Memphis, TN 38104 Attn: President<br><br>Deutsche Bank National Trust Company 6810 Crumpler, Suite 100 Olive Branch, MS 38654 Attn: Corporate Trust Department - Rick Hann | Reserve Fund Agreement, dated December 31, 2003, related to $35,050,000 of Residential Care Facility Mortgage Revenue Bonds (The Village at Germantown) Series 2003A, $100,000 of Residential Care Facility Mortgage Revenue Bonds (The Village at Germantown) Series 2003B and $41,000,000 of Residential Care Facility Mortgage Revenue Bonds (The Village at Germantown) Series 2003C | 11/30/2013 |
| 47 | Triton Ocean State, LLC (101597RICWLBSF) | State Street Bank and Trust Company | Triton Ocean State LLC 1055 Washington Boulevard Stamford, CT 06901<br><br>State Street Bank and Trust Company Two International Place Boston, MA 02110 Attn: Corporate Trust Division | Debt Service Reserve Fund Agreement Rolling Six Month Structure, dated October 31, 1997, related to the Debt Service Reserve Fund established under the Indenture Dated as of August 1, 1997 between Rhode Island Clean Water Finance Authority and State Street Bank and Trust Company | 8/31/2022 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 48 | University Medical Center Corporation (101794UMCCLBSF ) | Bank of America Arizona | University Medical Center 1501 North Campbell Avenue Tucson, AZ 85724 Attn:  Mr. Gregory A Pivirotto, CEO and Mr. Pitt R. Calkin, CFO<br><br>Bank of America Arizona Corporate Trust Department 6300 101 North First Avenue Suite 2000 Phoenix, AZ 85003 Attn:  Audrey Adamic | Debt Service Deposit Agreement, dated November 22, 1994 and amended March, 31, 2004, related to  Hospital Revenue Bonds, Series of 1993, originally issued in the aggregate amount of $54,750,000 and a portion of University Medical Center Corporation (Tuscon, Arizona) Hospital Revenue Bonds Series 2004, originally issed in the aggregate amount of $52,000,000 | 7/1/2016 |
| 49 | Val Verde Unified School District (080805VALVLBSF) | The Bank of New York Trust Company, N.A. | Val Verde Unified School District 975 West Morgan Street Perris, CA 92751 Attn: Deputy Superintendent, Business Services<br><br>The Bank of New York Trust Company, N.A. 700 South Flower Street, Suite 500 Los Angeles, CA 90017 Attention:  Corporate Trust Department | Reserve Fund Agreement, dated August 23, 2005, related to $65,630,000 of Certificates of Participation (Refunding and School Construction Project) 2005 Series B | 01/01/2035 |
| 50 | Washington County Mental Health (090506WASHLBSF) | Chittenden Trust Company | Washington County Mental Health P.O. Box 647 Montpelier, VT 05601 Attn:  Janice Guyette, Chief Financial Officer<br><br>Chittenden Trust Company Two Burlington Square P.O. Box 820 Burlington, VT 05402-0820 Attn:  Institutional Trust Services | Reserve Fund Agreement, dated September 14, 2006, related to $13,310,000 Vermont Educational and Health Buildings Financing Authority (Developmental and Mental Health Services Acquisition Pool) Series 2006A | 8/15/2026 |

## <u>Exhibit B</u>

**(Bar Date Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                         :

In re                                :       Chapter 11 Case No.
                                            :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :       08-13555 (JMP)
                                            :

                    Debtors.          :       (Jointly Administered)
                                            :

                                            :
-----------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING THE PROOF OF CLAIM FORM

Upon the motion, dated May 26, 2009 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. and its affiliates, as debtors and debtors in possession in the above referenced

chapter 11 cases (collectively, the "Debtors"),[2] pursuant to sections 502(b)(9) of the Bankruptcy

Code and Bankruptcy Rule 3003(c)(3) seeking an order (i) establishing the deadline for filing

proofs of claim, (ii) approving the form and manner of notice thereof and (iii) approving the

proof of claim form, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

[2] Lehman Brothers Holdings Inc. (08-13555); LB 745 LLC (08-13600); PAMI Statler Arms LLC (08-13664); Lehman Brothers Commodity Services Inc. (08-13885); Lehman Brothers Special Financing Inc. (08-13888); Lehman Brothers OTC Derivatives Inc, (08-13893); Lehman Brothers Derivatives Products Inc. (08-13899); Lehman Commercial Paper Inc. (08-13900); Lehman Brothers Commercial Corporation (08-13901); Lehman Brothers Financial Products Inc. (08-13902); Lehman Scottish Finance L.P. (08-13904); CES Aviation LLC (08-13905); CES Aviation V LLC (08-13906); CES Aviation IX LLC (08-13907); East Dover Limited (08-13908); Luxembourg Residential Properties Loan Finance S.a.r.l. (09-10108); BNC Mortgage LLC (09-10137); Structured Asset Securities Corporation (09-10558); LB Rose Ranch LLC (09-10560); and LB Kalakaua Owners LLC (09-12516).

the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the

Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and

due and proper notice of the Motion having been provided to the Notice Parties; and it appearing

that no other or further notice need be provided; and the Court having determined that the relief

sought in the Motion is in the best interests of the Debtors, its creditors and all parties in interest;

and upon the record of the hearings held on June 24, 2009 and June 29, 2009; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules, and except

as otherwise provided herein, **September 22, 2009, at 5:00 p.m. (prevailing Eastern Time)** is

established as the deadline (the "Bar Date") for each person or entity (including, without

limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental

unit) to file proofs of claim (each a "Proof of Claim") based on prepetition claims (as defined in

section 101(5) of the Bankruptcy Code) against the Debtors; and it is further

ORDERED that all Proofs of Claim filed against the Debtors must substantially

conform to the form attached as Exhibit B hereto ("Proof of Claim Form") and must be received

on or before the Bar Date by the official noticing and claims agent in the Debtors' chapter 11

cases, Epiq Bankruptcy Solutions, LLC ("Epiq") or the Court.  The original Proof of Claim Form

should be sent to the following address:

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

      or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims
Processing
One Bowling Green
New York, New York 10004

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5286
New York, New York  10150-5076

; and it is further

ORDERED that Proofs of Claim will be deemed timely filed only if **<u>actually received</u>** by Epiq or the Court on or before the Bar Date; and it is further

ORDERED that neither the Court nor Epiq shall be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and it is further

ORDERED that the following persons or entities are **<u>not</u>** required to file a Proof of Claim on or before the Bar Date:

(a)    any person or entity whose claim is listed on the Schedules and (i) whose claim is **<u>not</u>** described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount, priority or nature of the claim set forth in the Schedules;

(b)    any person or entity whose claim has been paid in full by the Debtors;

(c)     any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(d)     any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(e)     any holder of a claim for which a separate deadline is fixed by this Court;

(f)     any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract or a Guarantee on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;

(g)     any holder of any claim solely against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy, insolvency proceeding or similar proceeding, in a foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(h)     any holder of a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

4

(i)       any entity included on the Exempt Entities List available on the Debtors'
website http://www.lehman-docket.com (the "Exempt Entities List") and
any subsidiary for which the entity on the Exempt Entities List owns at
least a fifty percent equity interest in such subsidiary, specifically
excluding any subsidiary that is in a bankruptcy, insolvency or similar
proceeding in a foreign jurisdiction and Lehman Brothers Inc.;

and it is further

ORDERED that, any holder of a security that is not listed on the Master List of

Securities may request that a security be added to the Master List of Securities by completing the

form entitled "Inquiry Regarding Security Not on Master List of Securities" available on the

Debtors' website http://www.lehman-docket.com and submitting it to the Debtors as directed on

such form on or prior to August 5, 2009.  The Debtors will investigate the inquiry and within 15

days of the receipt of such inquiry, the Debtors will (x) add the security to the Master List of

Securities (if appropriate) or (y) provide an explanation solely to the party submitting such

inquiry as to why the security will not be added to the Master List of Securities.  The Master List

of Securities listed on the website shall be **final** as of August 20, 2009; and it is further

ORDERED that any security that is listed on the Master List of Securities is not a

Derivative Contract and the holders of such security are not required to complete the Derivative

Questionnaire on account of such security; and it is further

ORDERED that a holder (or any other party authorized under the Bankruptcy

Code and the Bankruptcy Rules to submit a Proof of Claim on behalf of such holder) of a

security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such

Debtor based on the Guarantee and complete the Guarantee Questionnaire; and it is further

ORDERED that any person or entity that holds a claim arising from the rejection

of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by

the later of (i) the Bar Date and (ii) the date which is forty-five (45) days following the effective

date of such rejection or be forever barred from doing so; and it is further

ORDERED that each Proof of Claim must: (i) be written in the English language;

(ii) be denominated in lawful currency of the United States; (iii) conform substantially with the

Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it

is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include

supporting documentation or an explanation as to why documentation is not available; and (vii)

be signed by the claimant or by an authorized agent of the claimant; and it is further

ORDERED that for the purposes of this Order, the term "Derivative Contract"

shall mean any contract that is any of (i) a "swap agreement" as such term is defined in section

101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section

101(25) of the Bankruptcy Code; provided that a cash-market purchase or sale of a security or

loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement

cycle for the relevant market), exchange-traded future or option, securities loan transaction,

repurchase agreement in respect of securities or loans, and any guarantee or reimbursement

obligations which would otherwise be included in the definition of "swap agreement" or

"forward contract" pursuant to the definition of such terms in the Bankruptcy Code shall not be

considered a Derivative Contract for the purposes of this definition; provided further that, any

notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not

limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman

Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and

Lehman Brothers (Luxembourg) Equity Finance S.A.) shall not be considered "Derivatives

Contracts" within the meaning of this Order; and it is further

ORDERED that each holder of a claim against a Debtor based on amounts owed

pursuant to any Derivative Contract must:

(a)    on or before the Bar Date, fill-out and return a Proof of Claim in the same manner as all other claimants;

(b)    check the appropriate box on the Proof of Claim;

(c)    on or before **October 22, 2009, at 5:00 pm (prevailing Eastern Time)** (the "Questionnaire Deadline"), log on to http://www.lehman-claims.com, enter the unique identification number included (the "Unique ID Number") on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Derivative Questionnaire, substantially in the form attached as Exhibit C hereto (the "Derivative Questionnaire"); and

(d)    on or before the Questionnaire Deadline, electronically upload supporting documentation on the website (as required in the Derivative Questionnaire), rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that each holder of a claim against a Debtor based on amounts owed

pursuant to a promise, representation or agreement to answer for the payment of some debt or the

performance of some duty in case of the failure of another person or entity who is liable in the

first instance (a "Guarantee") must:

(a)    on or before the Bar Date fill-out and return a Proof of Claim in the same manner as all other claimants;

(b)    on or before the Bar Date check the appropriate box on the Proof of Claim;

(c)    on or before the Questionnaire Deadline (**October 22, 2009, at 5:00 pm (prevailing Eastern Time)**), log on to http://www.lehman-claims.com, enter the Unique ID Number included on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Guarantee Questionnaire, substantially in the form attached as Exhibit D hereto (the "Guarantee Questionnaire"); and

(d)    on or before the Questionnaire Deadline, electronically upload supporting documentation and evidence of the underlying claim amount on the

website, as required in the Guarantee Questionnaire, rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that, each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must:

(a)     on or before the Bar Date, fill-out and return a Proof of Claim in the same manner as all other claimants;

(b)     check both boxes on the Proof of Claim that such claim is based on a Derivative Contract and based on a Guarantee;

(c)     on or before the Questionnaire Deadline (**October 22, 2009, at 5:00 pm (prevailing Eastern Time)**), log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website (as required in the Guarantee Questionnaire), rather than attaching such documents to the Proof of Claim; and

(d)     on or before the Questionnaire Deadline, log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete the electronic Derivative Questionnaire and electronically upload supporting documentation on the website (as required in the Derivative Questionnaire), rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that if a holder is required to complete the Derivative Questionnaire or Guarantee Questionnaire, such holder need only submit the documentation required by the applicable Questionnaire by the Questionnaire Deadline and need not submit the documentation required by the applicable Questionnaire with such holder's Proof of Claim by the Bar Date; and it is further

ORDERED that if a holder files a Proof of Claim based on a Derivative Contract or a Guarantee that does not have a Unique ID Number, such holder shall comply with the

procedures set forth in the prior three paragraphs, except that instead of entering a Unique ID

Number on the website, such holder shall instead indicate on the website that they filed a Proof

of Claim that did not have a Unique ID Number; and it is further

ORDERED that entities affiliated with the Debtors that are the subject of a

bankruptcy, insolvency proceeding or similar proceeding in a foreign jurisdiction that file a claim

against a Debtor shall not be required to complete the Derivative Questionnaire; and it is further

ORDERED that the information submitted on the website http://www.lehman-

claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the

website other than by the party that submitted such information, the Debtors, the Creditors'

Committee and their respective advisors and counsel; and it is further

ORDERED that the website http://www.lehman-claims.com and the information

submitted thereon will remain accessible by the party that submitted such information following

the Bar Date and the information submitted on the website will be subject to the same rules and

standards as amendments and supplements to proofs of claim; and it is further

ORDERED that if a holder asserts a claim against more than one Debtor or has

claims against different Debtors, a separate Proof of Claim must be filed with respect to each

Debtor; and it is further

ORDERED that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim

against the Debtors who is required, but fails to file a proof of such claim in accordance with the

Bar Date Order on or before the Bar Date, specifically, including filling out the Derivative

Questionnaire or the Guarantee Questionnaire and uploading required information to the website

http://www.lehman-claims.com (which Derivative Questionnaire or Guarantee Questionnaire

shall not be required to be completed until the Questionnaire Deadline), specifying the applicable

Debtor and other requirements set forth herein, shall be forever barred, estopped and enjoined

from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto),

and the Debtors and their property shall be forever discharged from any and all indebtedness or

liability with respect to such claim, and such holder shall not be permitted to vote to accept or

reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the

Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such

claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in

substantially the form attached as <u>Exhibit A</u> hereto (the "<u>Bar Date Notice</u>"), which Bar Date

Notice are approved in all respects, shall be deemed good, adequate, and sufficient notice if it is

served by deposit in the United States mail, first class postage prepaid, on or before July 8, 2009

upon:

| | |
|---|---|
| (a) | the U.S. Trustee; |
| (b) | attorneys for the Creditors' Committee; |
| (c) | all known holders of claims listed on the Schedules at the addresses stated therein; |
| (d) | all (i) current employees of the Debtors, (ii) all former employees of the Debtors terminated after September 1, 2006 and (iii) all of the Debtors' retirees; |
| (e) | all parties known to the Debtors as having potential claims against the Debtors' estates; |
| (f) | all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; |
| (g) | all parties to litigation with the Debtors (as of the date of the entry of the Bar Date Order); |
| (h) | the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange |

Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i)      all parties who have requested notice pursuant to Bankruptcy Rule 2002; and it is further

ORDERED that the Debtors shall mail one or more Proof of Claim Forms (as appropriate) to all parties listed in the preceding paragraph, each with a Unique ID Number printed on the form, together with instructions for filing a Proof of Claim, except that the Proof of Claim Form shall be omitted from any mailing to holders of LBHI securities that are on the Master List of Securities; and it is further

ORDERED that, pursuant to Bankruptcy Rules 2002(f) and (*l*), the Debtors shall publish the notice substantially in the form of the Bar Date Notice once in The New York Times (International Edition), The Wall Street Journal (International Edition) and The Financial Times, each at least forty-five (45) days prior to the Bar Date, which publication is hereby approved in all respects and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that, if the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be required to file Proofs of Claim in respect of their claims prior to the later of (i) the Bar Date and (ii) thirty (30) days from the date on which such notice is given, or be forever barred from doing so; and it is further

ORDERED that Proofs of Claims may only be filed by parties that are authorized to file such claims in accordance with Bankruptcy Code and the Bankruptcy Rules; and it is further

ORDERED that any current or former affiliate of the Debtors, other than affiliates listed on the Exempt Entities List, that has a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to the applicable Commencement Date must file a Proof of Claim in accordance with this Order or be forever barred from doing so; and it is further

ORDERED that (other than stipulations, agreements and orders entered into by the Debtors with JPMorgan Chase Bank, N.A, Pacific Investment Management Company LLC and the Internal Revenue Service) the Debtors shall not enter into any stipulations or agreements that modify the procedures set forth in this Order for the filing of Proofs of Claim based on Derivative Contracts (including the completion of the Derivative Questionnaire) without either the consent of the Creditors' Committee or the approval of the Court; and it is further

ORDERED that notwithstanding anything to the contrary contained in this Order, the following procedures apply to the filing of any and all claims (including any claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading "Lehman Programs Securities" (any such security, a "Lehman Program Security") as of July 17, 2009 at 5:00 pm (prevailing Eastern Time):

    (a)    **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "Securities Programs Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) (the "Filing Entities" and each a "Filing Entity") to file proofs of claim based on any Lehman Program Security;

    (b)    the Debtors, in coordination with the Creditors' Committee, are authorized to, and will, create a notice of the Securities Programs Bar Date (the "Securities Programs Bar Date Notice") and a proof of claim form (the "Securities Programs Proof of Claim Form") as necessary to provide notice of the Securities Programs Bar Date;

(c)     the Debtors are authorized to, and will, translate the Securities Programs Bar Date Notice into relevant foreign languages; it being understood that claims submitted in respect of any Lehman Program Security must: (i) be written in the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States using the exchange rate as applicable as of September 15, 2008; (iii) conform substantially with the Securities Programs Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it is filed; (v) identify the International Securities Identification Number ("ISIN") and/or Committee on Uniform Securities Identification Procedures ("CUSIP") number, as applicable, for each Lehman Program Security; (vi) include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number; (vii) be signed by the Filing Entity or by an authorized agent of the Filing Entity; and (viii) be submitted in hard copy form with an original signature;

(d)     the Debtors shall publish on http://www.lehman-docket.com a proposed list of "Lehman Programs Securities," to include at a minimum issuances under (i) that certain U.S.$100,000,000,000 Euro Medium Term-Note Program, (ii) that certain U.S.$4,000,000,000 German Note Issuance Programme, as described in a certain Base Prospectus, dated August 28, 2007, (iii) the Swiss Certificates Programme, as described in a certain Programme Prospectus, dated November 29, 2007 and (iv) the Italian Inflation Linked Notes, dated December 2005 – December 2017, which list will include the ISIN and/or CUSIP, as applicable, for each Lehman Program Security, no later than July 6, 2009 at 5:00 pm (prevailing Eastern Time), and the Debtors, the Creditors' Committee, the account holders or holders of any Lehman Program Security that identify themselves in writing to the Debtors, and the trustees for Lehman Brothers Treasury Co. B.V. and other applicable foreign proceedings will work in good faith to agree on a list of "Lehman Programs Securities" by no later than July 13, 2009;

(e)     in the event there are any disputes concerning the contents of the list of "Lehman Program Securities," the Court may consider such disputes on an expedited basis with notice to the disputing parties;

(f)     notice of the entry of this Order, of the Bar Date and of the Securities Programs Bar Date in the form of the Securities Programs Bar Date Notice shall be deemed good, adequate, and sufficient notice if (i) it is  served by deposit in the United States mail, first class postage prepaid, and/or delivered by electronic mail on or before July 27, 2009 upon (1) the U.S. Trustee, (2) Euroclear, Clearstream and the Depository Trust Company and other similar clearing systems, as applicable (collectively, the "Clearing Systems") and (3) each of the issuers (and their representative or administrator) of the Lehman Program Securities (the "Issuers"), and (ii) the Debtors request that the Clearing Systems and the Issuers promptly distribute the Securities Program

13

Bar Date Notice to the account holders and/or holders of any Lehman Program Security;

(g)    pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice (translated into the appropriate language, if necessary) substantially in the form of the Securities Programs Bar Date Notice at least once in one leading national newspaper in each of Italy, Spain, France, Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Austria, Greece, Brazil, Argentina, Australia and Japan, each at least sixty (60) days prior to the Securities Programs Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the Securities Programs Bar Date and the procedures for filing Proofs of Claim and Securities Programs Proofs of Claim in these cases;

(h)    any person or entity that files a claim based on both (i) a Lehman Program Security and (ii) any other claim, is not required to complete the Guarantee Questionnaire or Derivative Questionnaire in respect of the portion of the claim that relates to such Lehman Program Security, but is required to complete the Guarantee Questionnaire and Derivative Questionnaire, as applicable, prior to the Questionnaire Deadline with respect to all other claims that are not based on a Lehman Program Security;

(i)    persons or entities that file claims based on any Lehman Program Security are not required to attach or submit any documentation supporting any claim based on such Lehman Program Security; provided however that, the Debtors reserve the right to seek production of all documentation required by Bankruptcy Rule 3001(c) as part of the claims reconciliation process;

(j)    claims based on any Lehman Program Security shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b);

(k)    a Filing Entity that files a claim based on any Lehman Program Security, by filing such claim, for the purposes of U.S. Bankruptcy proceedings, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions, if any, except as otherwise provided in a confirmation order related to a plan, and responding to any objection interposed as to such claim. For the avoidance of doubt, a Filing Entity that files a claim on behalf of multiple account holders or holders of any Lehman Program Security shall not be required to provide identifying information for such account holders or holders of any Lehman Program Security;

(l)    nothing in this Order shall impose a duty or obligation on any party to any agreement related to any Lehman Program Security to file a claim beyond whatever duty or obligation currently exists in the applicable agreements for the Lehman Program Security or applicable law;

14

(m)    nothing in this Order shall prevent a holder of a Lehman Program Security that has filed a proof of claim from buying or selling claims based on a Lehman Program Security in a manner consistent with the applicable clearing system practice; and

(n)    other than as specifically provided in clauses (a) through (m) above, all provisions of this Order apply to holders of claims under any Lehman Program Security and holders of claims based on such Lehman Program Security are required to comply with all provisions of this Order;

and it is further

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that the Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors or be forever barred from voting upon any chapter 11 plan of the Debtors, from receiving any payment or distribution of property from the Debtors, Debtors' estates, or their successors or assigns with respect to such claims, and from asserting such claims against the Debtors.

Dated: New York, New York
       July 2, 2009

_____s/ James M. Peck_____
UNITED STATES BANKRUPTCY JUDGE

16

**<u>Exhibit A</u>**

**Notice of Bar Date**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
                                 :

| | |
|---|---|
| In re | :    **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | :    **08-13555 (JMP)** |
| | : |
| Debtors. | :    **(Jointly Administered)** |
| | : |
| | : |

--------------------------------------------------------------------x

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

       PLEASE TAKE NOTICE THAT, on July 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Court"), having jurisdiction over the chapter 11 cases of Lehman Brothers Holdings Inc. and certain of its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases (collectively, the "Debtors"), entered an order (the "Bar Date Order") establishing **September 22, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based on prepetition claims against the Debtors (the "Bar Date").  The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to the applicable Commencement Date (the "Commencement Date"), the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as set forth in Schedule A hereto.

       **If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at (866)-879-0688.**

       **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM. PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

       **Some parties are required to file a Proof of Claim in order to preserve their claim against the Debtors.  Other parties are not required to file a Proof of Claim in order to preserve their claim against the Debtors.  The following is a summary explanation of each.**

1.       **WHO MUST FILE A PROOF OF CLAIM**

       You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below.  Acts or omissions of the Debtors that arose before the applicable Commencement Date, may give rise to claims against the Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the applicable Commencement Date.  Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.**     **WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(1)    Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount, priority or nature of the claim set forth in the Schedules;

(2)    Your claim has been paid in full by the Debtors;

(3)    You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(4)    You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(5)    You hold a claim for which a separate deadline is fixed by this Court;

(6)    You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract (as defined below) or a Guarantee (as defined below) on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantee;

(7)    You hold a claim solely against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding, in foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(8)    You hold a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(9)    You are an entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List") and any subsidiary for which the entity on the Exempt Entities List owns at least a fifty percent equity interest in such subsidiary, specifically excluding any subsidiary that is in a bankruptcy, insolvency or similar proceeding in a foreign jurisdiction and Lehman Brothers Inc.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim.  Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a Debtor must file a Proof of Claim, as described herein, before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM. MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS NOTICE AND IT IS REQUIRED TO REACH A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.**

---

**SPECIAL NOTE TO HOLDERS OF LEHMAN SECURITIES**

Holders of securities are **NOT** required to file a proof of claim on account of their ownership if, and only if, such security is listed on the Debtors' Master List of Securities because such security was issued under an indenture pursuant to which an indenture trustee will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will each file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities). The Master List of Securities is available for review at http://www.lehman-docket.com. The list is fully searchable by code (CUSIP or ISIN) or by security description.

If you do not see your security listed on the Master List of Securities and you have a question about the Master List of Securities, please download the form entitled "Inquiry Regarding Security Not on Master List of Securities," and complete and return it as directed on the form prior to August 5, 2009.

Inquiries will be investigated, and within 15 days of the Debtors receipt of such inquiry, either the security will either be added to the Master List of Securities (if appropriate), or, if you have provided contact information, you will be notified that the security is not being added to the Master List of Securities and given further information.

The Master List of Securities shall be finalized on August 20, 2009 and not subject to further change.

A Proof of Claim form is being included with the Bar Date Notices being served on holders of LBHI securities other than to holders of securities that are on the Master List of Securities.

**IF YOU BELIEVE YOU HAVE A CLAIM AGAINST LBHI OTHER THAN ON ACCOUNT OF YOUR LEHMAN SECURITIES OWNERSHIP, YOU MUST FILE A PROOF OF CLAIM FORM, AS DIRECTED IN THIS BAR DATE NOTICE. A COPY OF THE PROOF OF CLAIM FORM IS AVAILABLE AT HTTP://WWW.LEHMAN-DOCKET.COM.**

---

3.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

4.    **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

If by overnight mail, to:                         If by first-class mail, to:

Epiq Bankruptcy Solutions, LLC                   Lehman Brothers Holdings Claims Processing
Attn: Lehman Brothers Holdings Claims Processing c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor                       FDR Station, P.O. Box 5286
New York, New York 10017                          New York, New York  10150-5076

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

       or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims Processing
One Bowling Green
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the Debtors will notify the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

**5.      WHAT TO FILE**

       If you file a Proof of Claim, your filed Proof of Claim must: (i) be written the English language; (ii) be denominated in the lawful currency of the United States; (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor or have claims against different Debtors, a separate Proof of Claim must be filed with respect to each such Debtor.

**EXCEPT AS SET FORTH IN THE FOLLOWING THREE PARAGRAPHS, YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, ATTACH A SUMMARY.**

**CLAIMS BASED ON DERIVATIVE CONTRACTS**

**IF YOU FILE A PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A DERIVATIVE CONTRACT, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT C TO THE BAR DATE ORDER (THE "DERIVATIVE QUESTIONNAIRE") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

**A "DERIVATIVE CONTRACT" IS A CONTRACT THAT IS ANY OF (I) A "SWAP AGREEMENT" AS SUCH TERM IS DEFINED IN SECTION 101(53B) OF THE BANKRUPTCY CODE OR (II) A "FORWARD CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 101(25) OF THE BANKRUPTCY CODE.  A CASH-MARKET PURCHASE OR SALE OF A SECURITY OR LOAN (I.E. ANY PURCHASE OR SALE OF A SECURITY OR LOAN FOR SETTLEMENT WITHIN THE STANDARD SETTLEMENT CYCLE FOR THE RELEVANT MARKET), EXCHANGE-TRADED FUTURE OR OPTION, SECURITIES LOAN TRANSACTION, REPURCHASE AGREEMENT IN RESPECT OF SECURITIES OR LOANS, AND ANY GUARANTEE OR REIMBURSEMENT OBLIGATIONS WHICH WOULD OTHERWISE BE INCLUDED IN THE DEFINITION OF "SWAP AGREEMENT"**

OR "FORWARD CONTRACT" PURSUANT TO THE DEFINITION OF SUCH TERMS IN THE BANKRUPTCY CODE <u>SHALL NOT BE CONSIDERED</u> A DERIVATIVE CONTRACT FOR THE PURPOSES OF THIS DEFINITION NOR SHALL ANY NOTES, BONDS, OR OTHER SECURITIES ISSUED BY THE DEBTORS OR THEIR AFFILIATES (INCLUDING, BUT NOT LIMITED TO, LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS TREASURY CO. B.V., LEHMAN BROTHERS BANKHAUS AG, LEHMAN BROTHERS HOLDINGS PLC, LEHMAN BROTHERS SECURITIES N.V., AND LEHMAN BROTHERS (LUXEMBOURG) EQUITY FINANCE S.A.).

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

<u>CLAIMS BASED ON A DEBTOR'S GUARANTEE</u>

IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS <u>EXHIBIT D</u> TO THE BAR DATE ORDER (THE "<u>GUARANTEE QUESTIONNAIRE</u>") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

A "GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

<u>CLAIMS BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT WITH A NON-DEBTOR</u>

IF YOU FILE A PROOF OF CLAIM BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT ENTERED INTO WITH A NON-DEBTOR, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING BOTH BOXES ON THE PROOF OF CLAIM THAT SUCH CLAIM IS BASED ON BOTH A DERIVATIVE CONTRACT AND BASED ON A GUARANTEE AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM AND LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

If a holder is required to complete the Derivative Questionnaire or Guarantee Questionnaire, such holder need only submit the documentation required by the applicable Questionnaire by the Questionnaire Deadline and need not submit the documentation required by the applicable Questionnaire with such holder's Proof of Claim by the Bar Date.

If any holder files a Proof of Claim based on a Derivative Contract or a Guarantee which for any reason does not have a Unique ID Number, such holder shall still be required to comply with the procedures set forth in the prior two paragraphs, except that instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number.

A holder (or any other party authorized under the Bankruptcy Code and the Bankruptcy Rules to submit a Proof of Claim on behalf of such holder) of a security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire.

Any security that is listed on the Master List of Securities is not a Derivative Contract and the holders of such security are not required to complete the Derivative Questionnaire on account of such security.

The information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information and the Debtors and the Creditors' Committee and their respective advisors and counsel.

The website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim.

**6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE OR COMPLETE THE DERIVATIVE QUESTIONNAIRE PRIOR TO THE QUESTIONNAIRE DEADLINE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable)  and uploading required information to the website http://www.lehman-claims.com  (which Derivative Questionnaire or Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

**7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules.  Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman-docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.).  Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:      June __, 2009                                                    BY ORDER OF THE COURT
                New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## Schedule A

| Debtor | Case Number | Commencement Date |
| --- | --- | --- |
| Lehman Brothers Holdings Inc. | 08-13555 | September 15, 2008 |
| LB 745 LLC | 08-13600 | September 16, 2008 |
| PAMI Statler Arms LLC | 08-13664 | September 23, 2008 |
| Lehman Brothers Commodity Services Inc. | 08-13885 | October 3, 2008 |
| Lehman Brothers Special Financing Inc. | 08-13888 | October 3, 2008 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 | October 3, 2008 |
| Lehman Brothers Derivatives Products Inc. | 08-13899 | October 5, 2008 |
| Lehman Commercial Paper Inc | 08-13900 | October 5, 2008 |
| Lehman Brothers Commercial Corporation | 08-13901 | October 5, 2008 |
| Lehman Brothers Financial Products Inc. | 08-13902 | October 5, 2008 |
| Lehman Scottish Finance L.P. | 08-13904 | October 5, 2008; |
| CES Aviation LLC | 08-13905 | October 5, 2008 |
| CES Aviation V LLC | 08-13906 | October 5, 2008 |
| CES Aviation IX LLC | 08-13907 | October 5, 2008 |
| East Dover Limited | 08-13908 | October 5, 2008 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 | January 7, 2009 |
| BNC Mortgage LLC | 09-10137 | January 9, 2009 |
| Structured Asset Securities Corporation | 09-10558 | February 9, 2009 |
| LB Rose Ranch LLC | 09-10560 | February 9, 2009 |
| LB 2080 Kalakaua Owners LLC | 09-12516 | April 23, 2009 |

## Exhibit B

**Proof of Claim Form**

**United States Bankruptcy Court/Southern District of New York**

# PROOF OF CLAIM

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

### THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Telephone number:                    Email Address:

Name and address where payment should be sent (if different from above)

Telephone number:                    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
  *(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

1. **Amount of Claim as of Date Case Filed:** $ _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** _____
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM
## Pg 53 of 77

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

## _____ I N F O R M A T I O N _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), and any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## Exhibit C

### Derivative Questionnaire

*Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form. As such, criminal penalties apply for making a false statement. The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

YOU MUST COMPLETE ONE DERIVATIVE QUESTIONNAIRE PER PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A MASTER AGREEMENT. IF A MASTER AGREEMENT DOES NOT EXIST, YOU MUST COMPLETE ONE DERIVATIVE QUESTIONNAIRE PER DERIVATIVE CONTRACT.

General:_____

Name of Debtor (drop down of Lehman entities):

Name of Creditor:

Name and address where notices should be sent:

Creditor contact person and phone number:

Name and address where payment should be sent if different from above:

_____

**1. Is the Debtor identified above (i) a counterparty to the derivative contract or (ii) a guarantor or credit support provider? Please identify the counterparties, guarantors and/or credit support providers to the derivative contract.**



**2. Have Termination Agreement(s) related to the allowance of a claim in respect of derivatives been entered into with the debtor?**



If Yes---Enter the amount of the derivative claim $_____

Please attach Termination Agreement and go to ___(end).

If No, proceed to #3.

**3. Have the derivatives matured or been terminated?**

If Yes--Enter the derivative claim amount and each line item included in the calculation thereof on the provided table and provide the information in 4.

If No, STOP HERE.  For Derivative Contracts that have not matured or been terminated, you do not need to complete the rest of the Derivative Questionnaire or submit any of the documents or information requested below.

4. a. <u>Documentation of Transactions.</u>   Please provide copies of all master agreements and schedules thereto, netting agreements, credit support agreements, guarantees and other agreements (other than confirmations) evidencing the transactions, in each case that relate to the claim.

b. <u>Termination Notice.</u>  Please provide a copy of the termination notice, including evidence supporting delivery date of the termination notice.

c. <u>Valuation Statement</u>. Please provide a copy of the valuation statement.  Please identify any collateral that has been posted by any party in connection with the transactions and any claims of set-off against other transactions reflected in the claim.

d. <u>Individual Trade Level Detail</u>.  Please provide with respect to each transaction (i) the valuation date (to the extent not included in your valuation statement) and value and (ii) details for the purpose of identifying and reconciling each transaction (e.g. including, as applicable, trade id, electronic trade reference id, trade type, product, trade date, reference obligation or reference entity, factor and original contract notional amount, quantity/unit of measure, currency,  price or strike price, buy/sell, call or put, cap or floor, effective date, and maturity date. (For the avoidance of doubt, you are not required to submit each and every one of the foregoing)).  Please provide this information in Microsoft Excel format.

e. <u>Trade Valuation Methodology and Quotations</u>.  Please check the box next to each valuation methodology used to support the claim (if multiple methodologies were used, please check multiple boxes and identify the trade population listed in clause d. above to which each valuation method applies):

____ ISDA Master Agreements Specifying Market Quotation Methodology:  If not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

____ ISDA Master Agreements Specifying Loss Methodology.  To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

____ ISDA Master Agreements Specifying Close-Out Amount Methodology.  To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

_____ ISDA Master Agreements Specifying Any Other Methodology.  To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

_____ Non-ISDA Master Agreements. To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

_____ Replacement Transactions:  If you replaced a terminated transaction with a transaction with the same economic terms as the terminated transaction, provide documentation evidencing such replacement transaction and the quotation(s) used, including specifying any cash (or other consideration) paid or received by or to any person to replace the transactions, the name of each entity that effectuated a replacement and when any such transactions were effected.

f. <u>Unpaid Amounts</u>.   Please specify any unpaid amounts and interest accrued thereon included in calculation of any amounts due with respect to the transactions.

g. <u>Collateral</u>.  Please provide CUSIP/ISIN for collateral listed, if applicable, or other information that reasonably identifies collateral reflected in the claim calculation and the valuation of such collateral.  Please provide this information in Microsoft Excel format.

h. <u>Other costs</u>.

     i.    If claim includes other costs, please include a schedule that lists each such cost by vendor and indicates the service provided and amount paid.

     ii.    If claim includes interest charges, please provide calculation in Microsoft Excel format of interest including principal amount, interest rate, term and assumptions.

**Exhibit D**

**Guarantee Questionnaire**

*Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form. As such, criminal penalties apply for making a false statement. The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

General:_____
Name of Creditor:

Name and address where notices should be sent:

Creditor contact person and phone number:

Name and address where payment should be sent if different from above:
_____

1. Name of Debtor, or other entity, against which you have a direct claim (the "Obligor"):

2. If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding (and is not a Debtor in these chapter 11 cases), please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed.

3. List the agreement(s) under which your claim arises against the Obligor and, unless you have uploaded information in compliance with question 4a of the Derivative Questionnaire, provide documentation evidencing your claim <u>and</u> supporting the calculation of the claim amount.*

4. Amount of claim against Obligor: $_____.

5. Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"):

6. Please upload the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed. If you do not have possession of such document, please upload a written explanation of such guarantee in reasonable detail. You do not need to comply with this question if you have uploaded information in compliance with question 4a of the Derivative Questionnaire.

7. Amount of claim against the Guarantor: $_____.

\* Pursuant to Federal Rule of Bankruptcy Procedure 3001(c), if your claim is based on a written agreement, you are required to attach a copy of the writing evidencing such agreement.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                  :         **Chapter 11 Case No.**
                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**
                                      :
                    **Debtors.**      :         **(Jointly Administered)**
--------------------------------------------------------------------x

## ORDER GRANTING MOTION FOR AUTHORIZATION
## TO REJECT CERTAIN EXECUTORY CONTRACTS

Upon the motion dated September 7, 2010 (the "Motion") of Lehman Brothers

Special Financing Inc. ("LBSF"), as debtor and debtor-in-possession (together with Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, the "Debtors"), pursuant to section 365(a) of chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") (i) authorizing LBSF's rejection of the contracts listed on

Exhibit A annexed hereto, including all transactions thereunder (the "Contracts"), and (ii)

approving procedures for any claims that may be asserted against the Debtors as a result of such

rejection, all as more fully described in the Motion; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance

with the procedures set forth in the amended order entered June 17, 2010 governing case

management and administrative procedures [Docket No. 9635] to (i) the United States Trustee

for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; (vi) each counterparty (the

"Counterparty") and trustee (the "Trustee") to the Contracts; and (vii) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and

Bankruptcy Rules 6006 and 9014, the Contracts are hereby rejected; and it is further

ORDERED that the Debtors shall have the option to deliver to each Counterparty

within ten (10) business days of the date hereof a statement that describes in reasonable detail the

calculations used to determine the damages arising under the applicable Contract as a result of

the LBSF's rejection (the "Damages Calculation"); and it is further

ORDERED that if the Debtors do not deliver a Damages Calculation within ten

(10) days of the date hereof or a Counterparty disputes the amount of damages set forth in the

Damages Calculation, such Counterparty shall be required to file a proof of claim in compliance

with the terms of the Bar Date Order[1] for damages arising under the Contract by no later than

thirty (30) days after the date hereof; provided, however, that if a Counterparty has already

timely filed a proof of claim in compliance with the Bar Date Order for damages arising under

---

[1] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the
Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof, and Approving the Proof
of Claim Form, entered on July 2, 2009 [Docket No. 4271] (the "Bar Date Order").

such Contract, such Counterparty does not need to file an additional proof of claim to dispute the

amount of the damages set forth in the Damages Calculation or in the event that the Debtors do

not deliver a Damages Calculation; and it is further

ORDERED that if a Counterparty (a) timely filed a proof of claim in accordance

with the Bar Date Order or (b) timely files a proof of claim no later than thirty (30) days from the

date hereof, then (i) such Counterparty and the Debtors will each have the ability to assert all

rights in respect of claims arising under the applicable Contract and (ii) any party in interest will

have the right to object to such proofs of claim arising under the Contract; and it is further

ORDERED that if the Debtors timely deliver a Damages Calculation and a

Counterparty does not timely file, or has not already timely filed, a proof of claim in compliance

with the terms established by the Bar Date Order for damages arising under the Contract, then

such Counterparty will be deemed to have an allowed general unsecured claim against LBSF in

the amount set forth in the Damages Calculation delivered to the Counterparty by the Debtors

(subject to the treatment of such claims under a confirmed chapter 11 plan for the Debtors), and

the Counterparty will have no right to assert any other claims or claim amounts under the

Contract against any Debtor; and it is further

ORDERED that if the Debtors do not timely deliver a Damages Calculation and a

Counterparty did not timely file a proof of claim in accordance with the Bar Date Order and does

not timely file a proof of claim in compliance with the terms of the Bar Date Order no later than

thirty (30) days from the date hereof, then such Counterparty will not be allowed any claim

against the Debtors in respect of the Contract; and it if further

ORDERED that, pursuant to Bankruptcy Rules 6006(g) and 9014, the rejection by

the Debtors of each Contract constitutes a separate contested matter, and any objection, stay or

appeal with respect to a particular Contract or Contracts shall not affect the applicability or

finality of this Order with respect to the other Contracts covered hereby; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated:  September __, 2010
        New York, New York

_____
        UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**(Schedule of Contracts)**

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 1 | Alhambra Redevelopment Agency (072403ALHALBSF) | BNY Western Trust Company | Alhambra Redevelopment Agency, City of Alhambra 111 South First Street Alhambra, California 91801 Attn: Julio Fuentes, City Manager  BNY Western Trust Company 700 S. Flower Street, Suite 500 Los Angeles, Ca 90017 Attn: Jackie Nowak | Reserve Fund Agreement, dated August 6, 2003, related to $38,070,000 Industrial Redevelopment Project, as Amended 2003, Refunding Tax Allocation Bonds | 5/01/2020 |
| 2 | Allen Academy (082703ALLELBSF) | U.S. Bank National Association | Allen Academy c/o First Independence National Bank 44 Michigan Avenue Detroit, MI 48226 Attn: Jim Blanks  U.S. Bank National Association 60 Livingston Avenue - EPMNWS3T St. Paul, MN 55107-2292 Attn: Corporate Trust Department, Paul Sathe | Reserve Fund Agreement, dated September 15, 2003, related to $9,500,000 Full Term Certificates of Participation, Series 2003 | 6/01/2033 |
| 3 | Asbury Place (091200ASBPLBSF) | Chase Manhattan Trust Company, N.A. | Asbury Place One Glass Street Carnegie, PA 15106 Attn: Chairman  Chase Manhattan Trust Company, N. A. One Oxford Center, Suite 119 Pittsburgh, PA 15219 Attn: Corporate Trust Department, Kent Christian | Reserve Fund Agreement, dated September 20, 2000, related to $4,570,000 Adjustable Rate Demand Revenue Refunding Bonds, Series A of 2000 | 12/01/2026 |
| 4 | Asbury Villas (091200ASBVLBSF) | Chase Manhattan Trust Company, N.A. | Asbury Villas One Glass Street Carnegie, PA 15106 Attn: Chairman  Chase Manhattan Trust Company, N. A. One Oxford Center, Suite 119 Pittsburgh, PA 15219 Attn: Corporate Trust Department, Kent Christian | Reserve Fund Agreement, dated September 20, 2000, related to $11,765,000 Adjustable Rate Demand Revenue Bonds, Series B of 2000 | 12/01/2030 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 5 | Bon Secours Health System, Inc. (70893BSHSLBSF) | Wells Fargo Bank, N.A., as successor to Wells Fargo Bank Minnesota, N. A., as successor to Norwest Bank Minnesota, N.A. | Bon Secours Health System, Inc. 1505 Marriottsville Road Marriottsville, MD 21104 Attn: Chief Financial Officer <br><br> Norwest Bank Minnesota, N. A. 11000 Broken Land Parkway Columbia, MD 21044 Attn: Corporate Trust Services | Debt Service Deposit Agreement, dated February 6, 1998 and amended September 28, 2005, related to $21,005,000 Health Care Revenue and Refunding Bonds, Series 1997 (Bon Secours Health System) | 8/15/2013 |
| 6 | Brethren Village (011508BRETLBSF) | Fulton Financial Advisors, N.A. | Brethren Village 3001 Lititz Pike Lancaster, Pennsylvania 17606 Attn: Pamela S. Formica, VP Finance <br><br> Fulton Financial Advisors, N.A. Corporate Trust One Penn Square Lancaster, PA 17602 Attn: Stuart W. Juppenlatz, Vice President | Debt Service Deposit Agreement, dated January 28, 2008, $122,715,000 Revenue Bonds (Brethren Village Project), Series A of 2008 | 7/01/2040 |
| 7 | Bucks County Water and Sewer Authority (122093BCWSLBSF) | First Union National Bank | Bucks County Water and Sewer Authority 1275 Almshouse Road Warrington, PA 18976 Attn: Arthur J. Hass <br><br> First Union National Bank 123 S. Broad Street (PA 1249) Philadelphia, PA 19109 Attn: Corporate Trust Department - Terry McPoyle | Reserve Fund Agreement, dated June 16, 1999, related to Water System Water Revenue Bonds (all series issued and outstanding on June 16, 1999) | 11/25/2019 |
| 8 | Bucks County Water and Sewer Authority (122093BCWSLBSF) | First Union National Bank | Bucks County Water and Sewer Authority 1275 Almshouse Road Warrington, PA 18976 Attn: Arthur J. Hass <br><br> First Union National Bank 123 S. Broad Street (PA 1249) Philadelphia, PA 19109 Attn: Corporate Trust Department - Terry McPoyle | Reserve Fund Agreement, dated June 16, 1999, related to Neshaminy Interceptor Sewer System Sewer Revenue Bonds (all series issued and outstanding on June 16, 1999) | 11/25/2019 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 9 | Bucks County Water and Sewer Authority (122093BCWSLBSF) | First Union National Bank | Bucks County Water and Sewer Authority<br>1275 Almshouse Road<br>Warrington, PA 18976<br>Attn: Arthur J. Hass<br><br>First Union National Bank<br>123 S. Broad Street (PA 1249)<br>Philadelphia, PA 19109<br>Attn: Corporate Trust Department - Terry McPoyle | Reserve Fund Agreement, dated June 16, 1999, related to Collection Sewer System Sewer Revenue Bonds (all series issued and outstanding on June 16,1999) | 11/25/2019 |
| 10 | California Lutheran University (111204CLULBSF) | Union Bank of California, N.A. | California Lutheran University<br>60 West Olsen Road, Suite 1290<br>Thousand Oaks, CA<br>91360-2700<br>Attn: VP for Administration and Finance<br><br>Union Bank of California, NA<br>120 South San Pedro Street, 4th Floor<br>Los Angeles, CA 90012<br>Attn:  Corporate Trust Division, Vivian Savedra | Reserve Fund Agreement, dated November 16, 2004, related to $27,915,000  of Revenue Bonds (California Lutheran University) Series 2004C | 10/01/2029 |
| 11 | Catholic Health East (020398CATHLBSF) | JP Morgan Trust Company, National Association | Catholic Health East<br>14 Campus Boulevard, Suite 300<br>Newtown Square, PA 19073-3277<br>Attn: VP, Financial Services<br><br>JP Morgan Trust Company, National Association<br>c/o JP Morgan Chase Bank<br>Chase Tower Houston, Suite 1150<br>600 Travis St.<br>Houston, TX 77002<br>Attn: Institutional Trust Services | Reserve Fund Agreement, dated January 14, 2005, related to $60,625,000 of Health System Revenue Bonds Catholic Health East Issue, Series 2004B | 11/15/2014 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 12 | Catholic Health East (063009LE11LBSF) | JP Morgan Trust Company, National Association | Catholic Health East<br>14 Campus Boulevard, Suite 300<br>Newtown Square, PA 19073-3277<br>Attn: VP, Financial Services<br><br>JP Morgan Trust Company, National Association<br>c/o JP Morgan Chase Bank<br>Chase Tower Houston, Suite 1150<br>600 Travis St.<br>Houston, TX 77002<br>Attn: Institutional Trust Services | Reserve Fund Agreement,  January 14, 2005, related to $18,450,000 of Health System Revenue Bonds Catholic Health East Issue, Series 2004C | 11/15/2014 |
| 13 | Catholic Healthcare West (063009LE12LBSF) | The Bank of New York Trust Company, N.A. | Catholic Healthcare West<br>185 Berry Street, Suite 300<br>San Francisco, CA 94107<br>Attention: Jesse Bean, VP Treasury Services<br><br>The Bank of New York Trust Company, N.A.<br>550 Kearny Street, Suite 600<br>San Francisco, CA 94108-2527<br>Attention: Corporate Trust Department | Reserve Fund Agreement, dated December 2, 2004, related to $41,630,000 of Nevada Health Facility Revenue Bonds (Catholic Healthcare West) 2004 Series A | 07/01/2024 |
| 14 | Catholic Healthcare West (063009LE13LBSF) | The Bank of New York Trust Company, N.A. | Catholic Healthcare West<br>185 Berry Street, Suite 300<br>San Francisco, CA 94107<br>Attention: Jesse Bean, VP Treasury Services<br><br>The Bank of New York Trust Company, N.A.<br>550 Kearny Street, Suite 600<br>San Francisco, CA 94108-2527<br>Attention: Corporate Trust Department | Reserve Fund Agreement, dated December 2, 2004, related to $29,100,000 of Health Facility Revenue Bonds (Catholic Healthcare West) 2004 Series G | 07/01/2023 |
| 15 | Catholic Healthcare West (063009LE14LBSF) | J.P. Morgan Trust Company, National Association | Catholic Healthcare West<br>185 Berry Street, Suite 300<br>San Francisco, CA 94107<br>Attention: Jesse Bean, VP Treasury Services<br><br>J.P. Morgan Trust Company, National Association<br>660 South Mill Avenue, Floor 4<br>Tempe, AZ 85281<br>Attention: Institutional Trust Services, Mark Krietemeyer | Reserve Fund Agreement, dated December 2, 2004, related to $175,000,000 of  Health Facility Revenue Bonds (Catholic Healthcare West) 2004 Series B | 07/01/2029 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 16 | Catholic Healthcare West (063009LE15LBSF) | The Bank of New York Trust Company, N.A. | Catholic Healthcare West 185 Berry Street, Suite 300 San Francisco, CA 94107 Attention: Jesse Bean, VP Treasury Services<br><br>The Bank of New York Trust Company, N.A. 550 Kearny Street, Suite 600 San Francisco, CA 94108-2527 Attention: Corporate Trust Department | Reserve Fund Agreement, dated December 2, 2004, related to $100,000,000 of Health Facility Revenue Bonds (Catholic Healthcare West), 2004 Series H and I | 07/01/2026 |
| 17 | Catholic Healthcare West (063009LE16LBSF) | J.P. Morgan Trust Company, National Association | Catholic Healthcare West 185 Berry Street, Suite 300 San Francisco, CA 94107 Attention: Jesse Bean, VP Treasury Services<br><br>J.P. Morgan Trust Company, National Association 660 South Mill Avenue, Floor 4 Tempe, AZ 85281 Attention: Institutional Trust Services, Mark Krietemeyer | Reserve Fund Agreement, dated December 2, 2004, related to $85,570,000 Health Facility Revenue Bonds (Catholic Healthcare West) 2004 Series A | 07/01/2026 |
| 18 | City of Big Bear Lake, CA (081296CBBLLBSF) | Union Bank of California, N.A. | City of Big Bear Lake, California Dept of Water and Power 41972 Garstin Drive Big Bear Lake, CA 92315-1929 Attn: General Manager<br><br>Union Bank of California, N.A. 120 South San Pedro Street, Fourth Floor Los Angeles, CA 90012 Attn: Corporate Trust Department | Debt Service Reserve Fund Agreement Guaranteed Yield Structure, dated December 18, 1996, related to Department of Water and Power 1996 Water Revenue Refunding Bonds and 1992 Water Revenue Refunding Bonds | 4/01/2022 |
| 19 | City of Pittsburg Public Financing Authority (031706CITYLBSF) | The Bank of New York Trust Company, N.A. | City of Pittsburg Public Financing Authority c/o City of Pittsburg 65 Civic Avenue Pittsburg, CA 94565 Attn: Director of Finance<br><br>The Bank of New York Trust Company, N.A. 550 Kearny Street, Suite 600 San Francisco, CA 94108-2527 Attention: Corporate Trust Department-Milly Canessa | Reserve Fund Agreement, dated March 23, 2006, related to $38,350,000 Water Revenue Bonds, Series 2005 | 5/22/2035 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 20 | City of Roseville, California (010506ROSELBSF) | The Bank of New York Trust Company, N.A. | City of Roseville 311 Vernon Street Roseville, CA 95678 Attn: Russ Branson<br><br>The Bank of New York Trust Company, N.A. 550 Kearny Street, Suite 600 San Francisco, CA 94108-2527 Attention: Corporate Trust Department | Reserve Fund Agreement, dated January 12, 2006, related to $21,720,000 of North Roseville Community Facilities District No. 1, Special Tax Refunding Bonds, Series 2005 | 09/01/2020 |
| 21 | City of Vancouver Washington Downtown Redevelopment Authority (121903VANCLBSF) | U.S. Bank National Association | City of Vancouver Washington Downtown Redevelopment Authority PO Box 1995 Vancouver, WA 98668-1995 Attn: Executive Director<br><br>U.S. Bank National Association 555 SW Oak Street, PD-OR-P6TD Portland, OR 97204 Attn: Linda McConkey | Reserve Fund Forward Purchase and Sale Agreement, dated December 1, 2003, related to Conference Center Project Senior Revenue Bonds, Series 2003A and Subordinate Revenue Bonds, Series 2003B | 1/01/2034 |
| 22 | Clara Martin Center (090506CLARLBSF) | Chittenden Trust Company | Clara Martin Center 11 Main Street Randolph, VT 05060 Attn: AJ Horvath, Chief Financial Officer<br><br>Chittenden Trust Company Two Burlington Square P.O. Box 820 Burlington, VT 05402-0820 Attn: Institutional Trust Services | Reserve Fund Agreement, dated September 14, 2006, related to $13,310,000 Vermont Educational and Health Buildings Financing Authority (Developmental and Mental Health Services Acquisition Pool) Series 2006A | 8/15/2026 |
| 23 | Coffee Regional Medical Center, Inc. (120304COFFLBSF) | Suntrust Bank | Coffee Regional Medical Center, Inc. 1101 Ocilla Road Douglas, GA 31534-1287<br><br>Suntrust Bank Corporate Trust Division 25 Park Place, 24th Floor Atlanta, GA 30303-2900 Attn: George Hogan | Reserve Fund Agreement, dated December 9, 2004, related to $38,485,000 of Revenue Refunding Certificates (Coffee Regional Medical Center, Inc. Project), Series 2004 | 12/01/2026 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 24 | County of Dupage, Illinois (050605DUPGLBSF) | LaSalle Bank National Association | The County of DuPage, Illinois 421 North County Farm Road Wheaton, IL 60187 Attn: Fred Backfield, CFO<br><br>LaSalle Bank National Association 135 S. LaSalle Street, Suite 1960 Chicago, IL 60603 Attn: Kristine Brutsman | Stabilization Fund Agreement, dated May 24, 2005, related to $85,630,000 Transportation Revenue Refunding Bonds Series 2005 | 1/04/2021 |
| 25 | Covenant Medical Center, Inc. (032504CMCILBSF) | U.S. Bank National Association | Covenant Medical Center, Inc. 515 North Michigan Saginaw, Michigan 48602 Attn: Chief Financial Officer<br><br>U.S. Bank National Association 535 Griswold Street, Suite 550 Detroit, MI 48226 Attn: Corporate Trust Department, Jim Kowalski | Reserve Fund Agreement, date April 7, 2004, related to $37,435,000 Hospital Revenue Refunding Bonds Series 2004G | 7/01/2023 |
| 26 | District of Columbia (091495DOCLBSF) | Norwest Bank Minnesota, N.A. | District of Columbia Office of the Chief Financial Officer Office of Finance and Treasury One Judiciary Square 441 4th Street, NW, Suite 360 North Washington, D.C. 20001 Attn: Deputy Chief Financial Officer and Treasurer<br><br>Norwest Bank Minnesota, N.A. 11000 Broken Land Parkway Columbia, MD 21044 Attn: Corporate Trust Department, Debra S. Taylor | Reserve Fund Agreement, dated December 7, 1999, related to $11,00,000 James F. Oyster Elementary School PILOT Revenue Bonds, Series 1999 | 11/01/2034 |
| 27 | Douglas County Housing Authority (110703DOUGLBSF) | Wells Fargo Bank, N.A. | Douglas County Housing Authority 5404 N. 107th Plaza Omaha, NE 68134 Attn: Executive Director<br><br>Wells Fargo Bank Nebraska, N.A. 1248 "O" Street, 4th Floor Lincoln, NE 68501-2408 Attn: Corporate Trust Department- Richard K. "Chip" DeBuse | Reserve Fund Agreement, dated 11/20/2003 and amended 5/01/2007, related to $5,785,000 Housing Revenue Refunding Bonds (Orchard Gardens Project) Series 2007 | 10/01/2024 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 28 | Elwyn, Inc. (063009LE28LBSF) | J.P. Morgan Trust Company, N.A. | Elwyn, Inc. 111 Elwyn Road Elwyn, PA 19063 Attn: Vice President – Finance<br><br>J.P. Morgan Trust Company, National Association One Liberty Plaza 1650 Market Street, 47th Floor Philadelphia, PA 19103 Attn:  Corporate Trust - Beth Ann MacDonald | Reserve Fund Agreement, dated April 15, 2005, related to $26,055,000 Federally Taxable Variable Rate Revenue Bonds, Series B of 2005 (Elwyn, Inc. Project) | 6/01/2020 |
| 29 | Elwyn, Inc. (032105ELWYLBSF) | J.P. Morgan Trust Company, N.A. | Elwyn, Inc. 111 Elwyn Road Elwyn, PA 19063 Attn: Vice President – Finance<br><br>J.P. Morgan Trust Company, National Association One Liberty Plaza 1650 Market Street, 47th Floor Philadelphia, PA 19103 Attn:  Corporate Trust - Beth Ann MacDonald | Reserved Fund Agreement, dated April 15, 2005, related to $8,825,000 Fixed Rate Revenue Bonds Series A of 2005 (Elwyn, Inc. Project) | 6/01/2022 |
| 30 | Health Care and Rehabilitation Services of South Eastern Vermont Inc. (090506HEALLBSF) | Chittenden Trust Company | Health Care & Rehabilitation Services of Southeastern Vermont One Hospital Court, Suite 410 Bellows Falls, VT 05101-1492 Attn:  Hal Moore, Interim Chief Financial Officer<br><br>Chittenden Trust Company Institutional Trust Services Two Burlington Square PO BOX 820 Burlington, VT 05402-0820 Attn: Institutional Trust Services | Reserve Fund Agreement, dated September 14, 2006, related to $13,310,000 Vermont Educational and Health Buildings Financing Agency (Development and Mental Health Services Acquisition Pool) Series 2006A | 8/15/2036 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 31 | Lackawanna River Basin Sewer Authority (092204LRBSLBSF) | Fidelity Deposit & Discount Bank | Lackawanna River Basin Sewer Authority 145 Boulevard Avenue Throop, PA 18512 Attn: Executive Director<br><br>Fidelity Deposit and Discount Bank Blakely & Drinker Street Dunmore, PA 18512 Attn: Thomas Norek, Corporate Trust Administrator | Reserve Fund Agreement, dated September 22, 2004, related to $4,625,000 Lackawanna River Basin Sewer Authority, Lackawanna County, Pennsylvania Guaranteed Sewer Revenue Bonds, Series of 2004 | 9/01/2015 |
| 32 | Los Osos Community Services District (021903OSOSLBSF) | BNY Western Trust Company | Los Osos Community Services District 2122 9th Street Los Osos, CA 93402 Attn: General Manager<br><br>BNY Western Trust Company 700 Flower Street, Suite 500 Los Angeles, CA 90017-4104 Attn: Corporate Trust Department - Jacki Nowak | Amended and Restated Reserve Fund Agreement, dated March 19, 2004, related to $17,990,000 Wastewater Assessment District No.1 Limited Obligation Improvement Bonds | 3/01/2032 |
| 33 | Munson-Williams-Proctor Institute (071000WWPILBSF) | Manufacturers and Traders Trust Company | Munson-Williams-Proctor Institute 310 Genesee Street Utica, NY 13502 Attn: Vice President and Treasurer/ Tony Spiridigloizzi<br><br>Manufacturers and Traders Trust Company One M&T Plaza, 7th Floor Buffalo, NY 14203 Attn: Aaron McManus | Reserve Fund Agreement, dated July 14, 2000, related to $15,000,000 of Civic Facility Revenue Bonds (Munson-Williams-Proctor Institute Project), Series 1999A | 07/15/2029 |
| 34 | NFI Vermont, Inc. (090506NFIVLVAS) | Chittenden Trust Company | NFI Vermont, Inc. 30 Airport Rd S. Burlington, VT 05403 Attn: Kathy Pettengill, Chief Financial Officer<br><br>Chittenden Trust Company Two Burlington Square P.O. Box 820 Burlington, VT 05402-0820 Attn: Institutional Trust Services | Reserve Fund Agreement, dated September 14, 2006, related to $13,310,000 Vermont Educational and Health Buildings Financing Authority (Developmental and Mental Health Services Acquisition Pool) Series 2006A | 8/15/2024 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 35 | Northern Kentucky Water District (102301NORTLBSF) | Fifth Third Bank | Northern Kentucky Water District 100 Aqua Drive PO BOX 41076 Cold Spring, KY 41076 Attn: Finance Director, Mr. Ron Brown <br><br> Fifth Third Bank 38 Fountain Square Plaza Mail Stop 10AT60 Cincinnati, OH 45263 Attn: Corporate Trust Department, Keith Brock | Reserve Fund Agreement, dated October 26, 2001, related to Revenue Bonds Series 2001A | 2/01/2026 |
| 36 | Pacific University (092605PACILBSF) | Wells Fargo Bank, N.A. | Pacific University 2043 College Way Forest Grove, OR 97116 Attn: Darlene Morgan <br><br> Wells Fargo Bank, NA MAC P6101-114 1300 SW Fifth Ave. 11th Floor Portland, OR 97201 Attn: Corporate Trust Department - Beth Moyer | Reserve Fund Agreement, dated November 4, 2005, related to $41,000,000 Campus Improvement and Refunding Bonds (Pacific University Project), Series 2005A (Tax Exempt), $5,625,000 Campus Improvement and Refunding Bonds (Pacific University Project), Series 2005B (Federally Taxable) | 5/01/2036 |
| 37 | Public Parking Authority of Pittsburgh (032400PIPALBSF) | Chase Manhattan Trust Company, National Association | Pittsburgh Parking Authority 232 Boulevard of the Allies Pittsburgh, PA 15222-1616 Attn: Director of Finance / Steve M. Russo <br><br> Chase Manhattan Trust Company, National Association One Oxford Centre 301 Grant Street, Suite 1100 Pittsburgh, PA 15219 Attn: Kevin Rockwell | Reserve Fund Agreement, dated April 19,2000, related to Revenue Bonds, Series of 1992 | 12/01/2012 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 38 | Rhode Island Economic Development Corporation (063009LE66LBSF) | Citizens Bank of Rhode Island | Rhode Island Economic Development Corporation One West Exchange Street Providence, RI 02903 Attn: John Sheehan<br><br>Citizen Bank of Rhode Island One Citizens Plaza Providence, RI 02903 Attn: Corporate Trust Department, Jeffery Fletcher | Capital Reserve Fund Agreement, dated February 28, 2001, related to $35,175,000 of Revenue Note Obligations (Providence Place Mall Project) 2000 Senior Obligation Series and $5,645,000 of Revenue Note Obligations (Providence Place Mall Project), 2000 Subordinate Obligation Series | 06/30/2020 |
| 39 | Rhode Island Economic Development Corporation (061300PPMLLBSF) | Citizens Bank of Rhode Island | Rhode Island Economic Development Corporation One West Exchange Street Providence, RI 02903 Attn: John Sheehan<br><br>Citizen Bank of Rhode Island One Citizens Plaza Providence, RI 02903 Attn: Corporate Trust Department, Kathleen Caldwell Taddei | Reserve Fund Agreement, dated June 23, 2000, related to $35,175,000 of Revenue Note Obligations (Providence Place Mall Project) 2000 Senior Obligation Series and $5,645,000 of Revenue Note Obligations (Providence Place Mall Project) 2000 Subordinate Obligation Series | 06/30/2020 |
| 40 | Southeast Missouri State University (042302MISSLBSF) | None | Southeast Missouri State University One University Plaza MS3200 Cape Girardeau, MO 63701 Attn: Kathy Mangels | Reserve Fund Agreement, dated May 1, 2002, related to $15,635,000 of Installment Payment Contract Certificates, Series 2002 | 3/29/2012 |
| 41 | Springhouse, Inc. (080498CBILBSF) | Chase Manhattan Bank | Springhouse, Inc. 44 Allandale Street Jamaica Plain, MA 02130 Attn: Executive Director<br><br>The Chase Manhattan Bank 73 Tremont Street Boston, MA 02108-3913 Attn: Corporate Trust Group, Don M. Iaccheri | Debt Service Reserve Fund Agreement, dated September 4, 1998, related to $19,335,000 First Mortgage Refunding Revenue Bonds, Springhouse, Inc. Project, Series 1998 | 7/01/2028 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 42 | Summit Academy North (021803SUMMLBSF) | U.S. Bank N.A. | Summit Academy 30494 Olmstead Flat Rock, MI 48134 Attn: Michael Witucki, Ed.D.<br><br>U.S. Bank National Association 180 E. 5th Avenue St. Paul, MN 55101 Attn: Corporate Trust Department - Paul Sathe | Reserve Fund Agreement, dated March 11, 2003 (amended September 20, 2005), related to $27,465,000 Summit Academy Revenue and Refunding Bonds, Series 2005 | 7/01/2030 |
| 43 | The Children's Village (070302CHILLBSF) | The Bank of New York | The Children's Village Dobbs Ferry, NY 18091 Attn: Frank Cavaliero<br><br>The Bank of New York 5 Penn Plaza, 16th Floor New York, NY 10001 Attn: Glenn Kunak | Reserve Fund Agreement, dated June 28, 2002, related to $4,720,000 Civic Facilities Revenue Bonds Series 2002 A (The Children's Village Project) | 6/01/2022 |
| 44 | The City of Los Banos (040704LBANLBSF) | BNY Western Trust Company | The City of Los Banos 520 J Street Los Banos, CA 93635 Attn: Director of Finance / Melinda Wall<br><br>BNY Western Trust Company 700 Flower Street Suite 500 Los Angeles, CA 90017 Attn: Account Manager / Christina D Garchitorena | Reserve Fund Agreement, dated April 26, 2004, related to $5,680,000 of Revenue Refunding Certificates of Participation (1993 Sewer System Project) Series 2003 | 11/29/2019 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 45 | The Elim Park Baptist Home, Inc. (82598EPBHLBSF) | State Street Bank and Trust Company | The Elim Park Baptist Home, Inc. c/o Wiggin & Dana One City Place 185 Asylum Street Hartford, CT 06103<br><br>State Street Bank and Trust Company of Connecticut Attn: Dennis Fisher, Corporate Trust Division Tel: 860-244-1808 Fax: 860-244-1889 | Debt Service Reserve Fund Agreement - Guaranteed Yield Structure, dated August 26, 1998, related to $10,635,000 of First Mortgage Gross Revenue Health Care Project Refunding Bonds, Series 1998A (The Elim Park Baptist Home, Inc, Project) and $2,000,000 of Adjustable Rate First Mortgage Gross Revenue Health Care Project Refunding Bonds, Series 1998B (The Elim Park Baptist Home, Inc, Project) | 12/01/2018 |
| 46 | The Village at Germantown, Inc. (121903VILLLBSF) | Deutsche Bank National Trust Company | The Village at Germantown, Inc. c/o Methodist Healthcare 1211 Union Avenue Memphis, TN 38104 Attn: President<br><br>Deutsche Bank National Trust Company 6810 Crumpler, Suite 100 Olive Branch, MS 38654 Attn: Corporate Trust Department - Rick Hann | Reserve Fund Agreement, dated December 31, 2003, related to $35,050,000 of Residential Care Facility Mortgage Revenue Bonds (The Village at Germantown) Series 2003A, $100,000 of Residential Care Facility Mortgage Revenue Bonds (The Village at Germantown) Series 2003B and $41,000,000 of Residential Care Facility Mortgage Revenue Bonds (The Village at Germantown) Series 2003C | 11/30/2013 |
| 47 | Triton Ocean State, LLC (101597RICWLBSF) | State Street Bank and Trust Company | Triton Ocean State LLC 1055 Washington Boulevard Stamford, CT 06901<br><br>State Street Bank and Trust Company Two International Place Boston, MA 02110 Attn: Corporate Trust Division | Debt Service Reserve Fund Agreement Rolling Six Month Structure, dated October 31, 1997, related to the Debt Service Reserve Fund established under the Indenture Dated as of August 1, 1997 between Rhode Island Clean Water Finance Authority and State Street Bank and Trust Company | 8/31/2022 |

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Maturity Date |
|---|---|---|---|---|---|
| 48 | University Medical Center Corporation (101794UMCCLBSF ) | Bank of America Arizona | University Medical Center 1501 North Campbell Avenue Tucson, AZ 85724 Attn: Mr. Gregory A Pivirotto, CEO and Mr. Pitt R. Calkin, CFO<br><br>Bank of America Arizona Corporate Trust Department 6300 101 North First Avenue Suite 2000 Phoenix, AZ 85003 Attn: Audrey Adamic | Debt Service Deposit Agreement, dated November 22, 1994 and amended March, 31, 2004, related to Hospital Revenue Bonds, Series of 1993, originally issued in the aggregate amount of $54,750,000 and a portion of University Medical Center Corporation (Tuscon, Arizona) Hospital Revenue Bonds Series 2004, originally issed in the aggregate amount of $52,000,000 | 7/1/2016 |
| 49 | Val Verde Unified School District (080805VALVLBSF) | The Bank of New York Trust Company, N.A. | Val Verde Unified School District 975 West Morgan Street Perris, CA 92751 Attn: Deputy Superintendent, Business Services<br><br>The Bank of New York Trust Company, N.A. 700 South Flower Street, Suite 500 Los Angeles, CA 90017 Attention: Corporate Trust Department | Reserve Fund Agreement, dated August 23, 2005, related to $65,630,000 of Certificates of Participation (Refunding and School Construction Project) 2005 Series B | 01/01/2035 |
| 50 | Washington County Mental Health (090506WASHLBSF) | Chittenden Trust Company | Washington County Mental Health P.O. Box 647 Montpelier, VT 05601 Attn: Janice Guyette, Chief Financial Officer<br><br>Chittenden Trust Company Two Burlington Square P.O. Box 820 Burlington, VT 05402-0820 Attn: Institutional Trust Services | Reserve Fund Agreement, dated September 14, 2006, related to $13,310,000 Vermont Educational and Health Buildings Financing Authority (Developmental and Mental Health Services Acquisition Pool) Series 2006A | 8/15/2026 |