WEIL, GOTSHAL & MANGES LLP  HUGHES HUBBARD & REED LLP
767 Fifth Avenue  One Battery Park Plaza
New York, New York 10153  New York, New York 10004
Telephone: (212) 310-8000  Telephone: (212) 837-6000
Facsimile: (212) 310-8007  Facsimile: (212) 422-4726
Shai Y. Waisman  Robert W. Brundige, Jr.

Attorneys for Debtors  Attorneys for James W. Giddens, Trustee for
and Debtors in Possession  the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re** : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x
: 
**In re** : Case No. 08-01420 (JMP) SIPA
: 
**LEHMAN BROTHERS INC.,** : 
: 
Debtor. : 
: 
------------------------------------------------------------x

**STIPULATION AND ORDER BETWEEN LEHMAN BROTHERS
HOLDINGS INC. AND JAMES W. GIDDENS, AS TRUSTEE FOR THE
SIPA LIQUIDATION OF LEHMAN BROTHERS INC., WITH RESPECT TO JOINT
CLAIMS ASSERTED AND JOINT ADVERSARY PROCEEDINGS COMMENCED
<u>PURSUANT TO BANKRUPTCY CODE SECTIONS 544, 547, 548 AND 550</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This stipulation and order (this "<u>Stipulation</u>") is entered into by and between

Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and, together with its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession, the "<u>Debtors</u>") and James W.

Giddens (the "Trustee"), as Trustee for the Securities Investor Protection Act ("SIPA") liquidation of the business of Lehman Brothers Inc. ("LBI," and together with the Debtors, the "Parties"):

**RECITALS:**

A.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with the United States Bankruptcy Court for the Southern District of New York (the "Court") voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  On September 17, 2008, the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee") in the Chapter 11 Cases.

C.  On September 19, 2008, a proceeding was commenced under SIPA with respect to LBI (the "SIPA Proceeding") and the Trustee was appointed to administer the LBI estate.

D.  Since the commencement of the Chapter 11 Cases and the SIPA Proceeding (as applicable, the "Commencement Date"), the Parties and the Creditors' Committee, along with their respective financial and legal advisors, have been analyzing the Parties' ability to assert claims and commence adversary proceedings to avoid and recover transfers made by the Debtors and/or LBI to third parties prior to the applicable Commencement

2

08-13555-mg    Doc 11252    Filed 09/10/10    Entered 09/10/10 15:44:49    Main Document
    Pg 3 of 9

Date as preferential and/or fraudulent transfers pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code ("Avoidance Proceedings").[1]

       E.       The Parties and the Creditors' Committee have been working collaboratively to determine which entities have a right to the claims underlying the Avoidance Proceedings and the amounts to be recovered through pursuit, prosecution, and/or settlement of the Avoidance Proceedings (the "Avoidance Proceeds"). The Parties and the Creditors' Committee have met and conferred, and will continue to meet and confer prior to pursuing Avoidance Proceedings, to determine the Parties' respective interests in the Avoidance Proceedings in an effort to reach agreement regarding whether the Parties will pursue Avoidance Proceedings jointly or individually, in a manner consistent with that set forth herein.

       F.       The Parties agree (and the Creditors' Committee concurs) that it is in their collective interest and in the interests of their respective estates and creditors to commence the Avoidance Proceedings expeditiously and in a coordinated fashion to maximize recoveries to their estates pursuant to the terms and conditions set forth herein.

NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, THIS COURT HAVING FOUND THAT THE TERMS OF THIS STIPULATION ARE IN THE BEST INTERESTS OF BOTH THE DEBTORS' CHAPTER 11 CASES AND THE LBI SIPA LIQUIDATION AND ARE NECESSARY AND

---

[1] The term "Avoidance Proceedings" as defined herein includes those claims and adversary proceedings that are the subject of the *Order Establishing Procedures Governing Claims Asserted And Adversary Proceedings Commenced by Trustee Pursuant to 11 U.S.C. §§ 544, 547, 548, And 550* entered by the Court on March 22, 2010 [Docket No. 2894, in Case No. 08-01420]. The term Avoidance Proceedings further includes any efforts by the Parties to commence and/or participate in verbal or written discussions with third parties in an effort to settle an Avoidance Proceeding.

BENEFICIAL TO THE FAIR AND EFFICIENT RESOLUTION OF THESE RESPECTIVE CASES, IT SHALL BE ORDERED THAT:

1. The Trustee may pursue individually any Avoidance Proceedings which are agreed upon by the Parties to belong exclusively to LBI (the "LBI Avoidance Proceedings"). The Debtors shall not pursue or prosecute, or share in Avoidance Proceeds recovered through, any Avoidance Proceedings agreed between the Parties to be LBI Avoidance Proceedings, unless otherwise agreed by the Parties.

2. The Debtors may pursue individually any Avoidance Proceedings which are agreed upon by the Parties to belong exclusively to one or more of the Debtors (the "Debtor Avoidance Proceedings"). The Trustee shall not pursue or prosecute, or share in Avoidance Proceeds recovered through, any Avoidance Proceedings agreed between the Parties to be Debtor Avoidance Proceedings, unless otherwise agreed by the Parties.

3. With respect to any Avoidance Proceeding that the parties have agreed is neither an LBI Avoidance Proceeding nor a Debtor Avoidance Proceeding and that such Avoidance Proceeding should be pursued jointly by both Parties (a "Joint Avoidance Proceeding"), the Parties shall, prior to filing any complaint with respect to such Joint Avoidance Proceeding, agree that either (a) a joint complaint will be filed listing both Parties as co-plaintiffs, in each such instance the Parties designating one Party to be the lead plaintiff (the "Lead Plaintiff"), or (b) one Party (the "Assignor") will designate the other Party (the "Assignee") to pursue the Joint Avoidance Proceeding by assigning, transferring, and conveying to Assignee, in a writing to be executed by both Parties, all of Assignor's rights to pursue the Joint Avoidance Proceeding, including the right of the Assignor to commence a Joint Avoidance Proceeding in the Assignee's name (an "Assignment"). For the avoidance of doubt, an

4

Assignment shall be limited to an assignment of the Assignor's rights to pursue the Joint Avoidance Proceeding as set forth above, and shall not in any way affect any right of the Assignor to Avoidance Proceeds recovered through the Joint Avoidance Proceeding subject to the Assignment.  Any pre-litigation efforts to commence and/or participate in verbal or written discussions with third parties in an effort to settle any particular Joint Avoidance Proceeding shall be made by the Lead Plaintiff or Assignee as previously agreed upon by the Parties.  Lead Plaintiffs and Assignees shall commence Joint Avoidance Proceedings in their respective cases. To the extent either Party decides, at any time, to not pursue an Avoidance Proceeding agreed upon by the Parties to be a Joint Avoidance Proceeding, which right is fully preserved, the other Party may pursue, or continue to pursue, its interest in the Joint Avoidance Proceeding, as agreed upon by both Parties.

4. The Parties shall agree whether Avoidance Proceedings shall bear the case captions of either the Chapter 11 Cases or the LBI SIPA Proceeding, or both case captions. Avoidance Proceedings agreed upon by the Parties to bear both case captions shall be deemed effectively commenced on behalf of the Debtors and the Trustee in both cases.

5. With respect to any Joint Avoidance Proceeding seeking to avoid and recover transfers made to third parties in amounts over $5 million, prior to agreeing to any proposed compromise and settlement with respect to any such Joint Avoidance Proceeding (a "<u>Settlement</u>") and seeking Court approval thereof as required, the Parties shall consult with each other in an effort to reach agreement on the terms of the proposed Settlement.  If the Parties are unable to agree that the terms of a proposed Settlement are acceptable, the Party proposing the

5

Settlement shall be required to file a motion with the Court seeking approval of the Settlement in order to consummate the Settlement.[2]

6. Avoidance Proceeds recovered through Settlement or prosecution of a Joint Avoidance Proceeding ("Shared Avoidance Proceeds") shall be placed in an account to be agreed upon by the Parties (the "Avoidance Proceeds Account"). No monies other than Shared Avoidance Proceeds shall be deposited in the Avoidance Proceeds Account. The Parties shall meet and confer from time to time to determine the allocation between the Parties (the "Allocation") of Shared Avoidance Proceeds, subject to any Order of the Court directing a particular Allocation. If the Parties are unable to agree on an Allocation with respect to particular Shared Avoidance Proceeds, they may either (a) request that the Court determine the proper Allocation between the Parties, or (b) prior to requesting relief from the Court, elect to submit the dispute to non-binding mediation in an effort to resolve the dispute consensually. Shared Avoidance Proceeds shall be distributed every three months in accordance with the Allocation of such proceeds, or as otherwise agreed between the Parties or ordered by the Court.

7. Notwithstanding the foregoing, each Party hereby reserves any and all rights it may have to receive, or to allege in a legal proceeding or otherwise that it is entitled to receive, any and all Shared Avoidance Proceeds.

8. The Debtors will continue to consult regularly with the Creditors' Committee regarding Avoidance Proceedings that are being pursued by the Parties, including LBI Avoidance Proceedings, Debtor Avoidance Proceedings, and Joint Avoidance Proceedings, any Settlements proposed with respect to Joint Avoidance Proceedings, and any Avoidance

---

[2] Nothing in this Stipulation shall alter or affect any notice and/or consent rights of the Parties or the Creditors' Committee pursuant to any existing or future protocol approved by the Court with respect to the settlement of Avoidance Proceedings.

Proceeds recovered by the Parties. Furthermore, the Debtors will provide the Creditors' Committee with updates on the progress of Joint Avoidance Proceedings as set forth below in paragraph 9.

9. From time to time, but in no event less frequent than once every one hundred and twenty (120) days, each Party will update the other and the Creditors' Committee in writing on the progress of the Joint Avoidance Proceedings with respect to which it is either a Lead Plaintiff or an Assignee. Any such written update shall reflect the procedural status of each such Joint Avoidance Proceeding, the amount of Shared Avoidance Proceeds recovered with respect to each such Joint Avoidance Proceeding, whether each such Joint Avoidance Proceeding has been resolved through Settlement or litigation, and the amount of distribution of Shared Avoidance Proceeds made to each Party to date, if any, with respect to each such Joint Avoidance Proceeding. The Parties agree to provide one another, upon request, information in their possession relevant to complete any such written update.

10. The Parties shall be authorized to execute such documents or other instruments and carry out all actions as may be necessary to effectuate the actions contemplated in this Stipulation, in accordance with the terms of this Stipulation.

11. This Stipulation shall be of no force and effect unless and until approved by the Court (the "Effective Date"). This Stipulation shall be immediately effective on the Effective Date.

12. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

13. Each person who executes this Stipulation on behalf of a Party represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

14. This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

15. This Stipulation is without prejudice to any treatment of the pursuit of Avoidance Proceedings provided for under any chapter 11 plan confirmed in the Chapter 11 Cases.

16. Nothing in this Stipulation is intended to or shall have the effect of enhancing or prejudicing, in any way, or operating as a waiver, consent or release of, the rights or claims of any Debtor or party in interest with respect to any inter-Debtor issues arising in respect of the Avoidance Proceedings.

17. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Dated: September 1, 2010
      New York, New York

**WEIL, GOTSHAL & MANGES LLP**     **HUGHES HUBBARD & REED LLP**

/s/ Shai Y. Waisman        /s/ Robert W. Brundige, Jr.
Shai Y. Waisman            Robert W. Brundige, Jr.
767 Fifth Avenue           One Battery Park Plaza
New York, New York 10153    New York, New York 10004
Telephone: (212) 310-8000     Telephone: (212) 837-6000
Facsimile: (212) 310-8007      Facsimile: (212) 422-4726

Attorneys for Debtors            Attorneys for James W. Giddens, Trustee for
and Debtors in Possession      the SIPA Liquidation of Lehman Brothers Inc.

**SO ORDERED:**

Dated: New York, New York
      September 10, 2010

                         *s/ James M. Peck*
                         Honorable James M. Peck
                         United States Bankruptcy Judge