WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :    08-13555 (JMP)
                                                               :
                        Debtors.                               :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**AMONG LEHMAN COMMERCIAL PAPER INC.,**
**LEHMAN ALI, INC. AND THE SUNCAL STIPULATING DEBTORS**
**VALUING CERTAIN COLLATERAL AND PRESERVING CERTAIN LIENS**

Lehman Commercial Paper Inc. ("LCPI") and Lehman ALI, Inc. ("Lehman ALI" and together with Lehman Commercial Paper Inc., the "Lehman Entities"), on the one hand, and SunCal Communities I, LLC ("SunCal I"), SunCal Communities III, LLC ("SunCal III"), SCC/Palmdale, LLC ("SCC Palmdale") and SunCal Bickford Ranch, LLC ("SunCal Bickford Ranch," together with SunCal I, SunCal III and SCC Palmdale, the "SunCal Stipulating Debtors," and collectively with the Lehman Entities, the "Parties"), on the other hand, by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order and represent and agree as follows:

## RECITALS

A.  On September 15, 2008 and periodically thereafter (the "Commencement Date"), Lehman Brothers Holdings Inc. and certain of its subsidiaries, including LCPI, (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  The SunCal Stipulating Debtors are currently debtors whose chapter 11 cases (the "California Bankruptcy Cases") are pending in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court").

C.  The Parties have negotiated and filed a stipulation with the California Bankruptcy Court (the "California Stipulation").  A copy of the California Stipulation is annexed hereto as Exhibit "1".  The Parties request that the Court approve LCPI's entry into the California Stipulation and permit LCPI to undertake any actions contemplated to be taken by LCPI in connection therewith.

D.  The Parties have agreed to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1.  This Stipulation, Agreement and Order is hereby approved without necessity or requirement of further proceedings or Court approval.

2. LCPI's entry into the California Stipulation is hereby approved, and LCPI is permitted to undertake any actions contemplated to be taken by LCPI in connection therewith.

3. This Stipulation, Agreement and Order is solely for the benefit of the Parties and not for any other person or entity, and no such other person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Stipulation, Agreement and Order.

4. Each person who executes this Stipulation, Agreement and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party, provided that this Stipulation, Agreement and Order shall be subject to approval of the Court and the entry into this Stipulation, Agreement and Order by the SunCal Stipulating Debtors shall be subject to approval of the California Bankruptcy Court (such approvals may be by way of negative notice as permitted by the rules or law of the applicable court or case).

5. This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

6. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

7. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

[*The Remainder of this Page is Intentionally Left Blank*]

Dated: August 30, 2010

| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP** | **WINTHROP COUCHOT PROFESSIONAL CORPORATION** |
| /s/ Alfredo R. Perez | /s/Sean A. O'Keefe |
| Alfredo R. Perez | Sean A. O'Keefe |
| 700 Louisiana Street, Suite 1600 | 660 Newport Center Drive, Fourth Floor |
| Houston, Texas 77002 | Newport Beach, CA 92660 |
| Telephone: (713) 546-5000 | Telephone: (949) 720-4100 |
| Facsimile: (713) 224-9511 | Facsimile: (949)720-4111 |
| Attorneys for Debtors and Debtors in Possession | Attorneys for the SunCal Stipulating Debtors |

**SO ORDERED:**

Dated: New York, New York
       September 10, 2010

                                    *s/ James M. Peck*
                               Honorable James M. Peck
                               United States Bankruptcy Judge

**EXHIBIT "1"**

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

WEIL, GOTSHAL & MANGES LLP
Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Commercial Paper Inc. and Lehman ALI, Inc.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and its Related Debtors,<br>    Jointly Administered Debtors<br>    and Debtors-In-Possession | Case No.: 8:08-bk-17206-ES<br>Chapter 11<br>Jointly Administered Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES |
| Affects:<br>☐ All Debtors<br>☐ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☒ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows LLC<br>☒ SunCal Bickford Ranch, LLC<br>☐ Acton Estates, LLC<br>☐ Seven Brothers LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☒ SunCal Communities I, LLC<br>☒ SunCal Communities III, LLC<br>☐ SCC Communities LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC<br>☐ LB-L-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☐ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | **STIPULATION VALUING CERTAIN COLLATERAL AND PRESERVING CERTAIN LIENS**<br><br>Last Set Hearing<br>Date on Related Motion<br>(Docket #368):  September 22, 2009<br>Time:  10:00 a.m.<br>Place:  Courtroom 5A |

DOCS_LA:223087.3

This Stipulation is entered into by and between Lehman ALI, Inc. ("<u>Lehman ALI</u>") and Lehman Commercial Paper Inc. ("<u>LCPI</u>" and, together with Lehman ALI, the "<u>Lehman Entities</u>"), on the one hand, and SunCal Communities I, LLC ("<u>SunCal I</u>"), SunCal Communities III, LLC ("<u>SunCal III</u>"), SCC/Palmdale, LLC ("<u>SCC Palmdale</u>") and SunCal Bickford Ranch, LLC ("<u>SunCal Bickford Ranch</u>" and, collectively with SunCal I, SunCal III and SCC Palmdale, the "<u>Moving Debtors</u>"), on the other hand. The Lehman Entities and the Moving Debtors (the "<u>Parties</u>") hereby enter into this Stipulation and agree as follows:

## **RECITALS**

WHEREAS, on March 30, 2009:

(1) LCPI filed Proof of Claim No. 1 against SunCal I in Case No. 08-17248 (the "<u>SunCal I Claim</u>") asserting (a) claims secured by pledges of SunCal I's equity membership interests in Acton Estates, LLC, SunCal Summit Valley, LLC ("<u>SunCal Summit</u>"), SunCal Bickford Ranch, and SunCal Emerald Meadows LLC (such pledges being referred to collectively as the "<u>SunCal I Affected Lien</u>"); and (b) claims secured by pledges of SunCal I's equity membership interests in SunCal Beaumont Heights, LLC and SunCal Johannson Ranch, LLC (such pledges being referred to collectively as the "<u>SunCal I Unaffected Lien</u>");

(2) LCPI filed Proof of Claim No. 1 against SCC Palmdale in Case No. 08-17224 (the "<u>SCC Palmdale Claim</u>") asserting claims secured by a pledge of SCC Palmdale's interests in Palmdale Hills Property, LLC (the "<u>SCC Palmdale Lien</u>");

(3) LCPI filed Proof of Claim No. 2 against SunCal III in Case No. 08-17249 (the "<u>SunCal III Claim</u>") asserting claims secured by a pledge of SunCal III's ownership interests in certain investment property (the "<u>SunCal III Lien</u>"); and

(4) Lehman ALI filed Proof of Claim No. 17 against SunCal Bickford Ranch in Case No. 08-17231 (the "SunCal Bickford Ranch Claim" and, collectively with the SunCal I Claim, the SCC Palmdale Claim and the SunCal III Claim, the "Claims"),[1] asserting claims secured by a second priority deed of trust on certain real and personal property, including the Bickford Ranch Project[2] (the "Bickford Lien") (collectively, the SunCal I Affected Lien, SCC Palmdale Lien, SunCal III Lien and Bickford Lien are referred to herein as the "Affected Liens");

WHEREAS, the Lehman Entities' interests arising from the Affected Liens in the interests of the Moving Debtors' estates in the above-indicated collateral for the Affected Liens shall be referred to herein as the "Collateral."

WHEREAS, on June 30, 2009, the Moving Debtors filed the *Motion for Order: (1) Valuing Collateral of Certain Disputed Creditors; (2) Avoiding Certain Disputed Liens Pursuant to 11 U.S.C. §506(d); and (3) Preserving Avoided Lien(s) for the Respective Estates Pursuant to 11 U.S.C. §551* (the "Motion") (Docket # 368) seeking an order: (a) valuing the Collateral at zero dollars; (b) voiding the Affected Liens; and (c) preserving such voided Affected Liens for the benefit of the Moving Debtors;

WHEREAS, on July 6, 2009, the Lehman Entities filed the *Opposition to Motion for Order: (1) Valuing Collateral of Certain Disputed Creditors; (2) Avoiding Certain Disputed Liens Pursuant to 11 U.S.C. §506(d); and (3) Preserving Avoided Lien(s) for the Respective Estates Pursuant to 11 U.S.C. §551 (*Docket # 411*)*;

WHEREAS, on July 24, 2009, the Moving Debtors filed the *Reply to Opposition to Motion for Order: (1) Valuing Collateral of Certain Disputed Creditors; (2) Avoiding Certain Disputed*

---

[1] "Claims" as used herein shall mean any amended Claim filed with respect thereto and include any amendments filed thereto.

[2] The "Bickford Ranch Project" means a 1,940-acre site situated in the City of Penryn, in Placer County, California owned by SunCal Bickford Ranch.

DOCS_LA:223087.3                   3

*Liens Pursuant to 11 U.S.C. §506(d); and (3) Preserving Avoided Lien(s) for the Respective Estates Pursuant to 11 U.S.C. §551 (*<u>Docket # 480</u>*)*;

WHEREAS, on or prior to September 22, 2009, the Moving Debtors had executed a form of stipulation prepared by the Lehman Entities in negotiation with the Moving Debtors with respect to resolving the Motion;

WHEREAS, although on September 22, 2009, in connection with the Parties requesting the above-entitled court for the Moving Debtors (the "<u>Court</u>") to take the Motion off calendar, the Lehman Entities represented to the Court that a stipulation was executed and would be lodged with the Court that day and the Moving Debtors noted that if such stipulation were denied, they could re-file the Motion, the Lehman Entities did not execute or lodge such stipulation with the Court and the Moving Debtors have not re-filed the Motion;

WHEREAS, the Lehman Entities and Moving Debtors have agreed instead to file and seek approval of the following stipulation, subject to the approval of the Court (which the Moving Debtors will seek) and approval by the NY Court of the Lehman Entities entering into the stipulation (which the Lehman Entities will seek);

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are hereby acknowledged), it is hereby stipulated and agreed by and among the Parties as follows:

**<u>STIPULATION</u>**

1. The Collateral shall be valued at $0.00 as set forth in this Stipulation.

2. Notwithstanding the valuation of the Collateral at $0.00 by this Stipulation:

    a. Each of the Affected Liens is hereby deemed valid and preserved for the benefit of the Lehman Entities and any other holder of an interest in any of the Affected Liens for the sole purpose of allowing the Lehman Entities and any other holder of any interest in any of the Affected Liens to enforce their rights to obtain any available distribution from the applicable Moving

Debtor(s) prior to any distribution to holders of equity interests in such applicable Moving Debtor(s); and

      b.     More specifically, upon motion of any of the Lehman Entities or their successors, the Court may revalue the Collateral at other than zero, in which event the Affected Liens may become enforceable, on the following bases at the following times: (i) from or after August 1, 2011, on the basis that the real property or underlying real property relevant to the value of any of the Collateral is greater than the appraised amount for such real property set forth on **Exhibit A** hereto; and (ii) at any time: (x) on the basis that the amount of the debt of Acton Estates, LLC, SunCal Summit, SunCal Bickford Ranch, SunCal Emerald Meadows LLC or Palmdale Hills Property, LLC is shown to be less than the value of such entity's assets; or (y) on the basis that SunCal III owns investment property that was covered by the SunCal III Lien and such property has value; or (z) on the basis that the liens on the Bickford Ranch Project that are senior in priority to the Bickford Lien are less in amount than the value of the Bickford Ranch Project.

    3.     With the Collateral valued at $0.00, except as otherwise allowed under the Bankruptcy Code (taking into account that the Collateral is valued at $0.00), the Affected Liens shall not be enforceable for any purpose other than that specifically set forth in the preceding paragraph 2, including but not limited to, expressly not enforceable for the purpose of (a) invoking and/or asserting the automatic stay of any holder of the Affected Liens in its own bankruptcy proceeding based on the Affected Liens, (b) invoking and/or asserting any purported rights under section 1111(b) of the Bankruptcy Code in the applicable Moving Debtor's(s') bankruptcy proceedings based on the Affected Liens, and (c) attempting to assert a priority with respect to any of the allowed unsecured claims against an applicable Moving Debtor based on the Affected Liens.

    4.     This Stipulation shall have no effect upon the rights of the Lehman Entities or any other holder of: (i) any interest in any of the Affected Liens (taking into account that the Collateral is valued at $0.00) or (ii) Claims to seek or obtain a distribution in connection with such Affected Liens; or (iii) Claims for any alleged deficiency claims in connection with the Claims alleged to have been supported by the Liens.

5. Each person signing this Stipulation, including but not limited to any person signing as counsel for a party, hereby represents and warrants that he or she has been duly authorized and has the requisite authority to enter into this Stipulation on behalf of and bind the party on whose behalf they so sign, provided that this Stipulation itself shall be subject to approval of the Court and the entry into this Stipulation by the Lehman Entities shall be subject to approval of the NY Court (such approvals may be way of negative notice as permitted by the rules or law of the applicable court or case).

6. The SunCal I Unaffected Lien is not affected in any way by this Stipulation.

7. The Court shall retain exclusive jurisdiction over any issues arising from or relating to this Stipulation and its enforcement.

8. This Stipulation may be executed in identical counterparts, any of which may be transmitted by facsimile or email, and each of which shall constitute an original and all of which taken together shall constitute one and the same instrument.

Dated: August 6, 2010

PACHULSKI STANG ZIEHL & JONES LLP

By  /s/ Robert B. Orgel
Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

WEIL, GOTSHAL & MANGES LLP
Edward Soto (admitted *pro hac vice*)
Shai Waisman (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman ALI, Inc. and
Lehman Commercial Paper Inc.

WINTHROP COUCHOT

By  [signature]
Paul J. Couchot (CA Bar No. 131934)
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4165
Facsimile: (949) 720-4111

Attorneys for the Jointly Administered
Voluntary Debtors in Possession

**Exhibit A**

| NAME OF DEBTOR | APPRAISED VALUE OF DEBTORS' PROJECTS BASED UPON APPRAISALS PREPARED FOR LEHMAN ENTITIES DURING THE PENDENCY OF THE DEBTORS' CHAPTER 11 PROCEEDING PRIOR TO SEPTEMBER 2009 |
|---|---|
| SunCal Bickford Ranch, LLC | $29,500,000 |
| SunCal Emerald Meadows LLC | $12,000,000 |
| Palmdale Hills Property, LLC | $42,900,000 |
| Acton Estates, LLC | $6,800,000 |
| SunCal Summit Valley, LLC (SV) | $2,200,000 |
| Kirby Estates, LLC (owned by SV) | $2,800,000 |
| Seven BrothersLLC (owned by SV) | $200,000 |