THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, TERESA BRADY, AT 212-310-8093.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Penny P. Reid

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (JMP)
                                              :
                            Debtors.          :    (Jointly Administered)
-------------------------------------------------------------------x

## NOTICE OF HEARING ON DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

        **PLEASE TAKE NOTICE** that on September 10, 2010, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their thirty-fifth omnibus objection to

claims (the "Debtors' Thirty-Fifth Omnibus Objection to Claims"), and that a hearing (the

"Hearing") to consider the Debtors' Thirty-Fifth Omnibus Objection to Claims will be held

before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **October 27, 2010 at 10:00 a.m. (Eastern Time),** or as soon

thereafter as counsel may be heard.

       **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'

Thirty-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules

of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with

the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq., and Penny Reid, Esq.); (iii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul

Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.);

and (iv) attorneys for the official committee of unsecured creditors appointed in these cases,

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be

so filed and received by no later than **October 13, 2010 at 4:00 p.m. (Eastern Time)** (the

"Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Thirty-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Thirty-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 10, 2010
       New York, New York

                              /s/ Shai Y. Waisman
                              Shai Y. Waisman
                              Penny P. Reid

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Penny P. Reid

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**In re**                                                   :          **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :          **08-13555 (JMP)**
                                                            :
                                            **Debtors.**    :          **(Jointly Administered)**
-------------------------------------------------------------------x

**DEBTORS' THIRTY-FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, TERESA BRADY, AT 212-310-8093.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1.      The Debtors file this thirty-fifth omnibus objection to claims (the "Thirty-Fifth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order reducing, reclassifying (in certain instances), and allowing the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively, the "Valued Derivative Claims") should be reduced, reclassified (in certain instances) and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records, and that the claim classifications, in certain instances, improperly assert secured claims.  The Debtors, therefore, request that the Court reduce, as appropriate, each such claim to the amount listed on Exhibit A under the column heading "*Modified Claim Amount*", reclassify, as

appropriate, the classification listed under the column heading "*Modified Class*", and allow each such claim only to the extent of such modified amount and classification.

3.      The Debtors reserve all their rights to object on any other basis to any Valued Derivative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's

appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ."  (Bar Date Ord. at 7.)  The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ."  (*Id.* at 8.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9.      Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract.  Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee.

10.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Valued Derivate Claims Should be Reduced, Reclassified and Allowed**

11.     In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as being claims that should be reduced, reclassified (in certain instances) and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records, and that the classifications (in certain instances) are improperly identified as secured claims on claimants' proofs of claim.

12.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.     The Valued Derivative Claims listed on Exhibit A should be reduced and allowed in the amount listed on Exhibit A under the column heading "*Modified Claim Amount*" because the asserted claim amount is greater than the fair,

accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records. In certain instances, the Valued Derivative Claims listed on <u>Exhibit A</u> should be reclassified to the classifications listed under column heading "*Modified Class*" because the classifications are improperly identified as secured claims on claimants' proofs of claim.

        14.      The Debtors have developed and currently utilize a thorough, multi-step process to review claims filed against the Debtors and based on a Derivative Contract[1] ("<u>Derivative Claims</u>") in order to determine the fair, accurate, and reasonable value of such claims, and the proper classification of such claims, for purposes of settlement (the "<u>Proposed Settlement Amount and Classification</u>"). In order to determine the Proposed Settlement Amount and Classification, the Debtors: (i) collect and review documents related to the relevant Derivative Claim including, but not limited to, the relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments already received, made, or missed; and (iii) review the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with their valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2] In their efforts to

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Ord. at 6.)

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the

determine the Proposed Settlement Amount and Classification, the Debtors engage in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

15.     Once the Debtors have determined the Proposed Settlement Amount and Classification with respect to a particular Derivative Claim, it is presented to the Debtors' Settlement Adjudication Committee (the "Committee") for final approval. The Committee, comprised of senior management of the Debtors and Alvarez & Marsal, reviews the work done to arrive at the Proposed Settlement Amount and Classification and approves or disapproves the Proposed Settlement Amount and Classification. If the Proposed Settlement Amount and Classification presented to the Committee is less than the amount included in the corresponding Derivative Claim, or different from the classification included in the corresponding Derivative Claim, the Debtors will seek approval to object to such claim.

16.     The Debtors have undertaken this lengthy process with respect to each of the Valued Derivative Claims listed on Exhibit A, and have concluded that a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant, and that the Valued Derivative Claim (in certain instances) should be reclassified from a secured claim to an unsecured claim. Despite the Debtors' efforts at negotiating this Proposed Settlement Amount and Classification, the Debtors and the holders of the Valued Derivative Claims have reached

---

Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

an impasse. Holders of the Valued Derivative Claims should not be allowed to recover more than the true and proper value of their claims, nor should the holders of the Valued Derivative Claims be allowed secured claims when they hold general unsecured claims. Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these claims, the Debtors request that the Court reduce each Valued Derivative Claim to the amount listed on <u>Exhibit A</u> under the column heading "*Modified Claim Amount*" and allow each such claim only to the extent of such modified amount. In addition, the Debtors request that the Court reclassify the Valued Derivative Claims listed on <u>Exhibit A</u> to the classifications listed under the column heading "*Modified Class*" to reflect that the classifications in the specified claims are improperly identified as secured claims on claimants' proofs of claim and such claims are reclassified as general unsecured claims.

<u>**Notice**</u>

17. No trustee has been appointed in these chapter 11 cases. Notice of this Thirty-Fifth Omnibus Objection to Claims has been provided to: (i) each claimant listed on <u>Exhibit A</u>; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: September 10, 2010
      New York, New York

                                         /s/ Shai Y. Waisman
                                         Shai Y. Waisman
                                         Penny P. Reid

                                         WEIL, GOTSHAL & MANGES LLP
                                         767 Fifth Avenue
                                         New York, New York 10153
                                         Telephone: (212) 310-8000
                                         Facsimile: (212) 310-8007

                                         Attorneys for Debtors
                                         and Debtors in Possession

# EXHIBIT A

# IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 35: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | CENTRAL PUGET SOUND TRANSIT AUTHORITY, THE (SOUND TRANSIT) C/O CROCKER KUNO PLLC, ATTN JOANNE K. LIPSON, 720 OLIVE WAY, SUITE 1000 SEATTLE, WA 98101 | 31951 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $6,255,592.98 | Lehman Brothers Holdings Inc. | Unsecured | $3,326,386.94 |
| 2 | CENTRAL PUGET SOUND TRANSIT AUTHORITY, THE (SOUND TRANSIT) C/O CROCKER KUNO PLLC, ATTN JOANNE K. LIPSON, 720 OLIVE WAY, SUITE 1000 SEATTLE, WA 98101 | 31952 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $6,255,592.98 | Lehman Brothers Special Financing Inc. | Unsecured | $3,326,386.94 |
| 3 | CITY OF TACOMA ATTN: LEGAL DEPARTMENT DEPT. OF PUBLIC UTILITIES, LIGHT DIVISION AKA TACOMA CITY LIGHT OR TACOMA POWER TACOMA, WA 98409-3192 | 32477 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $509,600.00 | Lehman Brothers Holdings Inc. | Unsecured | $135,596.63 |

## OMNIBUS OBJECTION 35: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | DEBTOR | MODIFIED CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 4 | CITY OF TACOMA ATTN: LEGAL DEPARTMENT DEPT. OF PUBLIC UTILITIES, LIGHT DIVISION AKA TACOMA CITY LIGHT OR TACOMA POWER TACOMA, WA 98409-3192 | 32478 | 09/22/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $509,600.00 | Lehman Brothers Commodity Services Inc. | Unsecured | $135,596.63 |
| 5 | DARBY FINANCIAL PRODUCTS 101 CALIFORNIA STREET 3250 SAN FRANCISCO, CA 94111 | 19182 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $3,063,040.00* | Lehman Brothers Holdings Inc. | Unsecured | $2,066,370.44 |
| 6 | DARBY FINANCIAL PRODUCTS 101 CALIFORNIA STREET 3250 SAN FRANCISCO, CA 94111 | 19183 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $3,063,040.00* | Lehman Brothers Special Financing Inc. | Unsecured | $2,066,370.44 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 35: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 7 | DE' LONGHI CAPITAL SERVICES S.R.L. (FORMERLY DE' LONGHI CAPITAL SERVICES S.P.A.) ATTENTION: MARO PICCITTO VIA LODOVICO SEITZ, 47 TREVISO, 31100 ITALY | 29933 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,262,407.93 | Lehman Brothers Holdings Inc. | Unsecured | $1,186,071.08 |
| 8 | DE'LONGHI CAPITAL S.R.L. (FORMERLY DE'LONGHI CAPITAL SERVICES S.P.A.) ATTN: MARCO PICCITTO VIA LODOVICO SEITZ, 47 TREVISO, 31100 ITALY | 17331 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,262,407.93 | Lehman Brothers Special Financing Inc. | Unsecured | $1,186,071.08 |
| 9 | GLOBAL THEMATIC OPPORTUNITIES FUND LP C/O SEWARD & KISSEL LLP ATTN: LAURIE R BINDER, ESQ ONE BATTERY PARK PLAZA NEW YORK, NY 10017 | 33274 | 09/16/2009 | Lehman Brothers Special Financing Inc. | Secured | $438,225.00* | Lehman Brothers Special Financing Inc. | Unsecured | $229,543.00 |

## OMNIBUS OBJECTION 35: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 10 | GLOBAL THEMATIC OPPORTUNITIES FUND LP C/O SEWARD & KISSEL LLP ATTN: LAURIE R BINDER ESQ ONE BATTERY PARK PLAZA NEW YORK, NY 10017 | 33281 | 09/16/2009 | Lehman Brothers Holdings Inc. | Unsecured | $438,225.00* | Lehman Brothers Holdings Inc. | Unsecured | $229,543.00 |
| 11 | IKB INTERNATIONAL SA 12, RUE ERASME , L-1486 LUXEMBOURG | 32732 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,469,693.61 | Lehman Brothers Special Financing Inc. | Unsecured | $508,172.16 |
| 12 | IKB INTERNATIONAL SA 12, RUE ERASME , L-1486 LUXEMBOURG | 32733 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $2,469,693.61 | Lehman Brothers Holdings Inc. | Unsecured | $508,172.16 |
| 13 | LINCORE LIMITED C/O BAKER & MCKENZIE ATTN: IRA REID 1114 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | 17559 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $18,824,851.23* | Lehman Brothers Special Financing Inc. | Unsecured | $3,014,998.00 |
| 14 | LINCORE LIMITED C/O BAKER & MCKENZIE ATTN: IRA REID 1114 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | 17560 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $18,824,851.23* | Lehman Brothers Holdings Inc. | Unsecured | $3,014,998.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 35: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 15 | MF GLOBAL UK LIMITED C/O MF GLOBAL INC. ATTN: JOSEPH PUCCI, ESQ., VICE PRESIDENT AND GENERAL COUNSEL 440 SOUTH LASALLE STREET 440 SOUTH LASALLE STREET CHICAGO, IL 60605 | 18079 | 09/18/2009 | Lehman Brothers Commercial Corporation | Unsecured | $2,706,950.59 | Lehman Brothers Commercial Corporation | Unsecured | $1,558,676.00 |
| 16 | MF GLOBAL UK LIMITED C/O MF GLOBAL INC. ATTN: JOSEPH PUCCI, ESQ., VICE PRESIDENT AND GENERAL COUNSEL 440 SOUTH LASALLE STREET 440 SOUTH LASALLE STREET CHICAGO, IL 60605 | 18080 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $2,784,358.39 | Lehman Brothers Holdings Inc. | Unsecured | $1,558,676.00 |
| 17 | POSTE ITALIANE S.P.A ATTN: ANNA MANGHETTI, FINANCE DEPARTMENT VIALE EUROPA N. 175 ROME, 00144 ITALY | 26518 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $994,922.16* | Lehman Brothers Holdings Inc. | Unsecured | $939,545.66 |

## OMNIBUS OBJECTION 35: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 18 | POSTE ITALIANE S.P.A ATTN: ANNA MANGHETTI, FINANCE DEPARTMENT VIALE EUROPA N. 175 ROME, 00144 ITALY | 26519 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $994,922.16* | Lehman Brothers Special Financing Inc. | Unsecured | $939,545.66 |
| 19 | THE MORNINGSIDE MINISTRIES FOUNDATION, INC. ATTN: JOAN DIXON, VICE-PRESIDENT OF FINANCE 700 BABCOCK ROAD SAN ANTONIO, TX 78201 | 26067 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $495,099.25 | Lehman Brothers Special Financing Inc. | Unsecured | $3,756.03 |
| 20 | THE MORNINGSIDE MINISTRIES FOUNDATION, INC. ATTN: JOAN DIXON, VICE-PRESIDENT OF FINANCE 700 BABCOCK ROAD SAN ANTONIO, TX 78201 | 26070 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $495,099.25 | Lehman Brothers Holdings Inc. | Unsecured | $3,756.03 |
| | | | | | TOTAL | $74,118,173.30 | | TOTAL | $25,938,231.88 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,** : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the thirty-fifth omnibus objection to claims, dated September 10,

2010 (the "Thirty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the

"Procedures Order"), reducing, reclassifying (in certain instances), and allowing the

Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are

greater than the fair, accurate, and reasonable values determined by the Debtors after a

review of the claimant's supporting documentation and the Debtors' books and records,

and that the classifications (in certain instances) are improperly identified as secured

claims on claimants' proofs of claim, all as more fully described in the Thirty-Fifth

Omnibus Objection to Claims; and due and proper notice of the Thirty-Fifth Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-Fifth Omnibus Objection to Claims.

need be provided; and the Court having found and determined that the relief sought in the Thirty-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Thirty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Thirty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1 annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under the column heading "Modified Claim Amount" and reclassified to the classification listed under the column heading "Modified Class"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A to the Thirty-Fifth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE