WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer
Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | **08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **(Jointly Administered)** |
| **Debtors.** | : | |

----------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER CLARIFYING DEBTORS'
TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS
(DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS) WITH RESPECT TO
<u>CLAIMS OF FUNDS MANAGED BY JPMORGAN</u>**

Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors as debtors and debtors in possession (collectively, the "<u>Debtors</u>") and JPMorgan Chase Bank, N.A. ("<u>JPMCB</u>"), its respective affiliates and all investment funds (collectively, the "<u>JPM Funds</u>") managed by JPMCB and its affiliates (JPMCB, such affiliates and the JPM Funds, collectively, "<u>JPM</u>" and together with the Debtors, the "<u>Parties</u>"), by and through their respective attorneys, hereby stipulate as follows:

<u>RECITALS</u>

A. Pursuant to the Debtors' Twenty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated June 17, 2010 [Docket No.

9962] and revised on July 1, 2010 (the "Twenty-Fourth Omnibus Objection to Claims"),[1] the Debtors in the above-referenced chapter 11 cases seek entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], disallowing and expunging the Duplicative of Indenture Trustee Claims on the grounds that such claims are duplicative of the corresponding Global Surviving Claim, all as more fully described in the Twenty-Fourth Omnibus Objection to Claims.

    B. Certain of the JPM Funds have filed proofs of claim (each, a "JPM Fund Proof of Claim") against LBHI. The JPM Fund Proofs of Claim filed by the following JPM Funds (the "Specified JPM Fund Proofs of Claim") are included as Duplicative of Indenture Trustee Claims in the Twenty-Fourth Omnibus Objection to Claims: Commingled Pension Trust Fund (Market Plus Bond) of JPMCB, claim number 23024; Commingled Pension Trust Fund (Extended Duration) of JPMCB, claim number 23027; Commingled Pension Trust Fund (Core Bond) of JPMCB, claim number 22886; J.P. Morgan Tokyo Fund—JPM Japan GTA Fund, claim number 23002; JP Morgan Funds—US Aggregate Bond Fund, claim number 22996; JPMorgan Core Bond Trust, a series of JPMorgan Institutional Trust, claim number 22881; JPMorgan Core Bond Fund, a series of JPMorgan Trust II, claim number 22880; JPMorgan Insurance Trust Balanced Portfolio, a series of JPMorgan Insurance Trust, claim number 23010; JPMorgan Intermediate Bond Trust, a series of JPMorgan Institutional Trust, claim number 23011;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-Fourth Omnibus Objection to Claims.

2

JPMorgan Investment Funds—Global Enhanced Bond Fund, claim number 22999; JPMorgan Limited Duration Bond Fund (formerly known as JPMorgan Ultra Short Duration Bond Fund), a series of JPMorgan Trust II, claim number 23012; and JPMorgan Short Duration Bond Fund, a series of JPMorgan Trust II, claim number 23013 (collectively, the "Specified JPM Funds").

        C.        The Wilmington Trust Company, in its capacity as indenture trustee, filed the Global Surviving Claim on behalf of itself and the holders of the Senior Notes, including the Specified JPM Funds, for claims that arise under or in connection with the Indenture. The JPM Fund Proofs of Claim purport to include claims asserted by the relevant JPM Fund pursuant to the Guaranty executed by LBHI dated as of September 9, 2008 (the "Guaranty Claims"). Each Specified JPM Fund Proof of Claim purports to include Guaranty Claims ("Senior Note Guaranty Claims") with respect to the indebtedness evidenced by the Senior Notes that gave rise to the Duplicative of Indenture Trustee Claims. The Senior Note Guaranty Claims are not duplicative of the Global Surviving Claim.

        D.        The Specified JPM Fund Proofs of Claim filed by Commingled Pension Trust Fund (Market Plus Bond) of JPMCB, Commingled Pension Trust Fund (Extended Duration Bond) of JPMCB, Commingled Pension Trust Fund (Core Bond) of JPMCB, JP Morgan Funds—US Aggregate Bond Fund, JPMorgan Core Bond Fund, a series of JPMorgan Trust II, JPMorgan Intermediate Bond Trust, a series of JPMorgan Institutional Trust and JPMorgan Investment Funds—Global Enhanced Bond Fund purport to assert additional claims that do not arise from the Senior Notes.

E. It is possible that, from time to time hereafter, the Debtors may object to JPM Fund Proofs of Claim, other than and in addition to the Specified JPM Fund Proofs of Claim, as being duplicative of a proof of claim filed by an indenture trustee. The Debtors reserve the right to object to the JPM Fund Proofs of Claim, including the Specified JPM Fund Proofs of Claim, on any and all bases, except as set forth herein.

F. JPM has advised the Debtors that, absent the agreements set forth in this Stipulation, Agreement and Order, it would have objected to the Twenty-Fourth Omnibus Objection to Claims.

## AGREEMENT

NOW THEREFORE, the Parties hereto, by and through their respective attorneys, hereby agree as follows:

1. All claims (including, without limitation, the purported Guaranty Claims) contained in the Specified JPM Fund Proofs of Claim that do not arise from the Senior Notes shall survive the Twenty-Fourth Omnibus Objection to Claims Order (and not be disallowed, expunged or otherwise affected thereby), notwithstanding the terms of the Twenty-Fourth Omnibus Objection to Claims Order.

2. All of the purported Senior Note Guaranty Claims in the Specified JPM Fund Proofs of Claim shall survive the Twenty-Fourth Omnibus Objection to Claims Order (and not be disallowed, expunged or otherwise affected thereby), notwithstanding the terms of the Twenty-Fourth Omnibus Objection to Claims Order.

3. The Debtors make no admission as to the validity or enforceability of any purported JPM guarantees, including the above-referenced Guaranty Claims and Senior Note Guaranty Claims, nor do the Debtors make any admission as to the execution

of said guarantees. Nothing in this Stipulation, Agreement and Order shall be construed as an admission by the Debtors of any right, claim, or argument with respect to any JPM guarantees, including the alleged Guaranty Claims and Senior Note Guaranty Claims.

4. The JPM Fund Proof of Claim of JPMorgan Insurance Trust Balanced Portfolio, a series of JPMorgan Insurance Trust, claim number 23010, is withdrawn due to the closure of the fund.

5. This Stipulation, Agreement and Order shall not modify the effect of the Twenty-Fourth Omnibus Objection to Claims with respect to any claims of JPM other than as described herein.

6. The terms and conditions of this Stipulation, Agreement and Order, and the Parties' respective obligations hereunder, shall become effective only upon entry of this Order, and this Order becoming a final order, not subject to appeal, rehearing, or other consideration.

7. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Debtors. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

8. JPM consents to this Court's jurisdiction solely for the purpose of the enforcement of this Stipulation, Agreement and Order.

9. No amendment, waiver, or modification of any provision of this Stipulation, Agreement and Order shall be effective unless the same shall be in writing and signed by JPM and the Debtors.

10. This Stipulation, Agreement and Order may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument. This Stipulation, Agreement and Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

11. This Stipulation, Agreement and Order shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

Dated: September 3, 2010
      New York, New York

| | |
|---|---|
| By: /s/ Harold Novikoff | By: /s/ Randi Singer |
| Harold S. Novikoff | Shai Y. Waisman |
| (hsnovikoff@wlrk.com) | (shai.waisman@weil.com) |
| Kathryn Gettles-Atwa | Randi W. Singer |
| (kgettles-atwa@wlrk.com) | (randi.singer@weil.com) |
| WACHTELL, LIPTON, ROSEN & KATZ | WEIL, GOTSHAL & MANGES LLP |
| 51 West 52nd Street | 767 Fifth Avenue |
| New York, New York 10019 | New York, New York 10153 |
| Telephone: (212) 403-1000 | Telephone: (212) 310-8000 |
| Facsimile: (212) 403-2000 | Facsimile: (212) 310-8007 |
| *Attorneys for JPMCB, its subsidiaries and the JPM Funds* | *Attorneys for LBHI and the Debtors* |

SO ORDERED this 13th day of September, 2010

    *s/ James M. Peck*
    UNITED STATES BANKRUPTCY JUDGE