IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           )
In re:                                                     )
                                                           )   Chapter 11
                                                           )
LEHMAN BROTHERS HOLDINGS, INC.                             )   Case No. 08-13555 (JMP)
                                                           )
                                                           )
Debtor.                                                    )   (Jointly Administered)
                                                           )
---------------------------------------------------------- x

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO:            **UNIONE DI BANCHE ITALIANE S.c.p.A. ("Transferor")**
                  Area Affari Legali e Contenzioso
                  Piazza V. Veneto, 8
                  Bergamo, 24121
                  Italy
                  Attn    Luca Bonzanini

                  With a copy to:
                  **ALLEN & OVERY**
                  Via Manzoni, 41-43
                  Milano, 20121
                  Attn: Craig Byrne

                  SEP 1 0 2010

2. Please take notice of the transfer of an undivided interest in the amount of USD 14,491.12 (EUR 10,240.35), of your claim against LEHMAN BROTHERS HOLDINGS INC. Case No. 08-13555 (JMP) in the above-referenced consolidated proceedings, arising from and relating to the guaranty of certain underlying securities described in Claim No. 56677 (attached as Exhibit A hereto), to:

    BANCA POPOLARE DI SONDRIO S.c.p.A. ("Transferee")
    Attn: Mr. Romano Forlin or Mister Lorenzo Tenni

    An evidence of transfer of claim (including details as to the underlying securities) is attached hereto as Exhibit B. All notices regarding the transferred portion of the claim should be sent to the Transferee at the address attached in Exhibit C.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

    --    **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

          United States Bankruptcy Court
          Southern District of New York
          Attn: Clerk of Court
          Alexander Hamilton Custom House
          One Bowling Green
          New York, NY 10004-1408

- - **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

-- Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING WITH RESPECT TO THE TRANSFERRED PORTION.**

CLERK

-----------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2010.

INTERNAL CONTROL NO. _____

Copy: (check) Claims Agent \_\_\_\_  Transferee \_\_\_\_  Debtor's Attorney \_\_\_\_

Deputy Clerk

-----------------------------------

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, UNIONE DI BANCHE ITALIANE ("Seller"), acting on behalf of Mrs Trombetta Giuseppina (the "Customer") hereby unconditionally and irrevocably sells, transfers and assigns to BANCA POPOLARE DI SONDRIO (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 56677 filed by or on behalf of UNIONE DI BANCHE ITALIANE (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No.08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of its Customer's right, title and interest in, to and under the transfer agreements, if any, under which Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision hat would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 13 day of August 2010.

**UNIONE DI BANCHE ITALIANE S.c.p.A.**

By: _____

Name: Fabio Boschian

Title: Senior Manager

By: _____

Name: Marco Colombi

Title: Senior Manager

Piazza Vittorio Veneto, 8

24051 Bergamo (BG) – Italy

**BANCA POPOLARE DI SONDRIO S.c.p.A.**

By: _____

Name: Romano Forlin

Title: Head Office Bank Officer

By: _____

Name: Lorenzo Tenni

Title: Head Office Bank Officer

Piazza Garibaldi, 16

23100 Sondrio (SO) - Italy

Schedule 1

## Transferred Claims

**Based Claim**

.032153164%   **$ 14,491.12**   of  $ 45,055,019.52   (the outstanding amount of the Proof of Claim as of 13th of August 2010)

**Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN BR TR17 TVCPI- EUR Dt. | XS0211814123 | Lehman Brothers Treasury Co. B.V | Lehman Brothers Holding Inc. | USD 1,521,232.50 (EUR 1,075,000.00) | USD 36,563.28 (EUR 25,837.95) | 16th February 2017 | USD 1,557,795.78 (EUR 1,100,837.95) |

UNIONE DI BANCHE ITALIANE S.c.p.A.

BANCA POPOLARE DI SONDRIO S.c.p.A.

| | | | | |
|---|---|---|---|---|
| ☐ | 56677 | UNIONE DI BANCHE ITALIANE SCPA<br>ATTENTION: LUCA BONZANINI<br>AREA AFFARI LEGALI E CONTENZIOSO<br>PIAZZA V. VENETO N. 8<br>BERGAMO, 24121<br>ITALY<br><br>Debtor: Lehman Brothers Holdings Inc. | UNLIQUIDATED<br>10/29/2009<br>Claimed Unsecured: | $45,055,019.52<br>$45,055,019.52   Image |
| | | | Remarks: CLAIMED PARTIALLY UNLIQUIDATED | |
| ☐ | 888048530 | UNIONE DI BANCHE ITALIANE SCPA<br>BANCA POPOLARE DI BERGAMO - CREDITO VARESINO S.C.A<br>PIAZZA VITTORIO VENETO, 8<br>BERGAMO, 24122<br>ITALY<br><br>Debtor: Lehman Brothers Special Financing Inc. | | Schedule G   No Image |
| ☐ | 888048540 | UNIONE DI BANCHE ITALIANE SCPA<br>VIA SILVIO PELLICO, 12<br>MILANO, 20121<br>ITALY<br><br>Debtor: Lehman Brothers Special Financing Inc. | | Schedule G   No Image |

[1] Page 1 of 1 - 07 total items

COMPANY INFORMATION AND SERVICES | FORMS | CORPORATE | HOME | CONTACT | SUBSCRIBE | SITE MAP | DISCLAIMER | TERMS OF USE | PRIVACY STATEMENT | SAFE HARBOR | RSS FEEDS
© Epiq Systems, Inc. All Rights Reserved.

Epiq Bankruptcy Solutions, LLC ("Epiq") maintains this website for the public's convenience. While Epiq makes every attempt to assure the accuracy of the information contained herein, this website is not the website of the United States Bankruptcy Court and does not contain the complete, official record of the Bankruptcy Court. All documents filed with the Bankruptcy Court are available for inspection at the office of the Clerk of the Bankruptcy Court during its normal business hours or online on the Bankruptcy Court's website. Use of this website is also subject to our TERMS OF USE and END USER LICENSE AGREEMENT. Please review our PRIVACY STATEMENT for additional information regarding the data maintained on this website.

**Exhibit C**

Adress for Notices:

UNIONE DI BANCHE ITALIANE S.c.p.A
Piazza V. Veneto, 8
Bergamo, 24121
Italy


Attn: Luca Bonzanini - Area Affari Legali e Contenzioso


With a copy to:

ALLEN & OVERY
Via Manzoni, 41-43
Milano, 20121
Attn: Craig Byrne