**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CASEY BURTON, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'
THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
(FAILURE TO SUBMIT GUARANTEE QUESTIONNAIRE CLAIMS)**

**PLEASE TAKE NOTICE** that on September 13, 2010, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their thirty-sixth omnibus objection to claims (the "Debtors' Thirty-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Thirty-Sixth Omnibus Objection to Claims will be held

1

before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 27, 2010 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Thirty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **October 18, 2010 at 4:00 p.m. (Eastern Time)** (the

"Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Thirty-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Thirty-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 13, 2010
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**DEBTORS' THIRTY-SIXTH OMNIBUS OBJECTION**
**TO CLAIMS (FAILURE TO SUBMIT GUARANTEE QUESTIONNAIRE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CASEY BURTON, AT 214-746-7700.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

### Relief Requested

1. The Debtors file this thirty-sixth omnibus objection to claims (the "Thirty-Sixth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order disallowing and expunging the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "Failure to Submit Guarantee Questionnaire Claims") and have determined that the Failure to Submit Guarantee Questionnaire Claims violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as the holders of the Failure to Submit Guarantee Questionnaire Claims failed to submit the required questionnaire in support of their asserted guarantee claims. Because the Failure to Submit Guarantee Questionnaire Claims fail to comply with the Bar Date Order, the Debtors request that they be disallowed and expunged in their entirety.

3. The Debtors reserve all their rights to object on any basis to any Failure to Submit Guarantee Questionnaire Claims as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On July 2, 2009, this Court entered the Bar Date Order, which established, among other things, procedures for those asserting "a claim against a Debtor based on amounts owed pursuant to a promise, representation or agreement to answer for the payment of some debt

or the performance of some duty in case of the failure of another person or entity who is liable in the first instance (a '<u>Guarantee</u>') . . . ." (Bar Date Ord. at 7.) Pursuant to the Bar Date Order, a party asserting a Guarantee claim "must . . . (c) on or before the Questionnaire Deadline (October 22, 2009 at 5:00 pm (prevailing Eastern Time)), log on to http://www.lehman-claims.com . . . and complete the electronic Guarantee Questionnaire . . . ." (Bar Date Ord. at 7.) Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order . . . including filling out the . . . Guarantee Questionnaire . . . shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." (*Id.* at 9-10.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9. Claimants received notice of the Bar Date Order via mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "<u>Bar Date Notice</u>").) In the Bar Date Notice, which was also published in <u>The New York Times</u> (International Edition), <u>The Wall Street Journal</u> (International Edition), and <u>The Financial Times</u>, claimants were specifically instructed in bold-face type that parties asserting a Guarantee claim must log onto http://www.lehman-claims.com and complete the Guarantee Questionnaire by the Questionnaire Deadline.[1] (Bar Date Ord. at 5.)

---

[1] The Bar Date Notice's complete instruction is as follows:

**<u>CLAIMS BASED ON A DEBTOR'S GUARANTEE</u>**

**IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO** http://www.lehman-claims.com, **ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS <u>EXHIBIT D</u> TO THE BAR DATE ORDER (THE "<u>GUARANTEE QUESTIONNAIRE</u>") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

The Bar Date Notice also prominently stated in bold-face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order . . . including filling out the . . . Guarantee Questionnaire (if applicable) . . . (which . . . Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), . . . any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) . . . ." (*Id.* at 6.)

10. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The Failure to Submit Guarantee Questionnaire Claims Should Be Disallowed and Expunged

11. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as claims that should be disallowed and expunged on the basis that the holders of said claims were required to, but failed to submit the required Guarantee Questionnaire.

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

---

**A "GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.**

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. The Bar Date Order specifically requires that each holder of a Guarantee Claim "**must** . . . (c) on or before the Questionnaire Deadline (October 22, 2009 at 5:00 pm (prevailing Eastern Time)), log on to http://www.lehman-claims.com . . . and complete the electronic Guarantee Questionnaire . . . ." (Bar Date Ord. at 7 (emphasis added).) Claimants were provided notice of the Bar Date Order, including the instructions regarding the Guarantee Questionnaire and a warning that failure to comply with those instructions would result in their claims being barred. (*See* Bar Date Notice at 5, 6.) Each claimant listed on Exhibit A filed such claim on account of an alleged guarantee. Nevertheless, the holders of the Failure to Submit Guarantee Questionnaire Claims failed to complete the required Guarantee Questionnaire.

14. Because the Failure to Submit Guarantee Questionnaire Claims fail to comply with the Bar Date Order's specific direction that holders of Guarantee claims complete the Guarantee Questionnaire, the Debtors request that the Court disallow and expunge in their entirety the Failure to Submit Guarantee Questionnaire Claims listed on Exhibit A.

## Notice

15. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Thirty-Sixth Omnibus Objection to Claims, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], on: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who

have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: September 13, 2010
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 36: EXHIBIT A – FAILURE TO SUBMIT GUARANTEE QUESTIONNAIRE CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | DAHL, FRODE<br>31 KENILWORTH SQUARE<br>DUBLIN 6,<br>IRELAND | | Lehman No Case Asserted/All Cases Asserted | 10/26/2009 | 65274 | $3,278.00 | Failure to Submit Guarantee Questionnaire Claim |
| 2 | GEELEN, FLORENCE AND LUCY<br>C/O PATTERSON BELKNAP WEBB & TYLER LLP<br>ATTN: DANIEL A. LOWENTHAL<br>1133 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036-6710 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30624 | Undetermined | Failure to Submit Guarantee Questionnaire Claim |
| 3 | GOODSITT, ROBERT & DOROTHY<br>54 PHEASANT RIDGE DR<br>HENDERSON, NV 89014-2116 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/03/2009 | 7096 | $46,500.00 | Failure to Submit Guarantee Questionnaire Claim |
| 4 | KERNZAHL AG<br>C/O PATTERSON BELKNAP WEBB & TYLER LLP<br>ATTN: DANIEL A. LOWENTHAL<br>1133 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036-6710 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30623 | Undetermined | Failure to Submit Guarantee Questionnaire Claim |
| 5 | KHEMCHANDANI, GITA<br>C/O 20 COLLYER QUAY #18-01<br>TUNG CENTRE<br>, 049319<br>SINGAPORE | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 18570 | $128,700.00 | Failure to Submit Guarantee Questionnaire Claim |
| 6 | LONG, CHARLES<br>PINEAPPLE HOUSE<br>18 CONDUIT MEWS<br>LONDON, W2 3RE<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14103 | $3,612.00 | Failure to Submit Guarantee Questionnaire Claim |
| 7 | MAGO, BRIJ M.<br>5407 CARRIAGEWAY LN.<br>RICHMOND, VA 23234 | | Lehman No Case Asserted/All Cases Asserted | 07/27/2009 | 6219 | $100,000.00 | Failure to Submit Guarantee Questionnaire Claim |

OMNIBUS OBJECTION 36: EXHIBIT A – FAILURE TO SUBMIT GUARANTEE QUESTIONNAIRE CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 8 | MOORADIAN, MICHAEL L<br>5417 TIMBER BEND DRIVE<br>BRIGHTON, MI 48116 | | Lehman No Case Asserted/All Cases Asserted | 07/24/2009 | 6148 | $3,149.51 | Failure to Submit Guarantee Questionnaire Claim |
| 9 | REUBEN BROTHERS LIMITED<br>C/O PATTERSON BELKNAP WEBB & TYLER LLP<br>ATTN: DANIEL A. LOWENTHAL<br>1133 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036-6710 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30626 | Undetermined | Failure to Submit Guarantee Questionnaire Claim |
| 10 | WEHRLE, E. GAINES<br>1025 PONTE VEDRA BLVD.<br>PONTE VEDRA BEACH, FL 32082 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32786 | $2,136,528.91* | Failure to Submit Guarantee Questionnaire Claim |
| 11 | WEHRLE, HENRY B., JR AND SHARON M.<br>835 HILLCREST DRIVE EAST<br>CHARLESTON, WV 25311 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32382 | $686,790.75 | Failure to Submit Guarantee Questionnaire Claim |
| 12 | WEHRLE, STEPHEN AND LAURA<br>15 GROSSCUP ROAD<br>CHARLESTON, WV 25314 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30715 | $1,424,406.73* | Failure to Submit Guarantee Questionnaire Claim |
| 13 | WEHRLE, STEPHEN AND LAURA<br>15 GROSSCUP ROAD<br>CHARLESTON, WV 25314 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30716 | $1,831,442.00* | Failure to Submit Guarantee Questionnaire Claim |
| 14 | ZANDE, ANTHONY L. & WEHRLE-ZANDE, LYNN<br>10707 BELVEDERE SQUARE<br>VERO BEACH, FL 32963 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28671 | $915,721.00 | Failure to Submit Guarantee Questionnaire Claim |
| | | | | | TOTAL | $7,280,128.90 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                              : Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           : 08-13555 (JMP)
                                                   :
                    Debtors.                       : (Jointly Administered)
----------------------------------------------------------------x

ORDER GRANTING DEBTORS'
THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
(FAILURE TO SUBMIT GUARANTEE QUESTIONNAIRE CLAIMS)

Upon the thirty-sixth omnibus objection to claims, dated September 13, 2010 (the "Thirty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), disallowing and expunging the Failure to Submit Guarantee Questionnaire Claims on the basis that such claims fail to comply with the Bar Date Order's specific direction that holders of those claims complete the Guarantee Questionnaire, all as more fully described in the Thirty-Sixth Omnibus Objection to Claims; and due and proper notice of the Thirty-Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Thirty-Sixth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Thirty-Sixth Omnibus Objection to Claims

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-Sixth Omnibus Objection to Claims.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Thirty-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto (collectively, the "<u>Failure to Submit Guarantee Questionnaire Claims</u>") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the Failure to Submit Guarantee Questionnaire Claims listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> annexed to the Thirty-Sixth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

                                                            _____
                                                        UNITED STATES BANKRUPTCY JUDGE