> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, SARAH DECKER, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

**PLEASE TAKE NOTICE** that on September 13, 2010, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their thirty-ninth omnibus objection to claims (the "Debtors' Thirty-Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Thirty-Ninth Omnibus Objection to Claims will be held

before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 27, 2010 at 10:00 a.m.** (**Eastern Time**), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Thirty-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **October 18, 2010 at 4:00 p.m.** (**Eastern Time**) (the "Response

Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Thirty-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Thirty-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 13, 2010
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

### DEBTORS' THIRTY-NINTH OMNIBUS
### OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, SARAH DECKER, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The Debtors file this thirty-ninth omnibus objection to claims (the "Thirty-Ninth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order disallowing and expunging the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative Claims") are duplicative, either entirely or in substance, of the corresponding claims identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims"). The Debtors seek the disallowance and expungement from the Court's claims register of the Duplicative Claims and preservation of the Debtors' right to later object to any Surviving Claim on any basis.

3. This Thirty-Ninth Omnibus Objection to Claims does not affect any of the Surviving Claims and does not constitute any admission or finding with

respect to any of the Surviving Claims. Further, the Debtors reserve all their rights to object on any basis to any Duplicative Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**<u>The Duplicative Claims Should Be Disallowed and Expunged</u>**

9. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on <u>Exhibit A</u> as Duplicative Claims that are either exact duplicates or are in substance duplicates of the corresponding Surviving Claims. Specifically, the Duplicative Claims were filed by the same claimants against the same Debtors, in most instances for the same dollar amounts, on account of the same obligations as the corresponding Surviving Claims, and provided no additional supporting documentation for the Surviving Claims.

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."

11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtors. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

12. The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

13. Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge in their entirety the Duplicative Claims listed on <u>Exhibit A</u>.[1] The Surviving Claims will remain on the claims register subject to further objections on any basis.

## Notice

14. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Thirty-Ninth Omnibus Objection to Claims, in

---

[1] Where a creditor has filed different documentation in support of the Duplicative Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], on: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: September 13, 2010
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 39: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | FAMELOS, ILIAS<br>4 STRAYONOS STR<br>GLYFADA<br>ATHENS, 16674<br>GREECE | 06/07/2010 | 08-13555 (JMP) | 66895 | $73,555.00 | FAMELOS, JLIAS<br>4 STRAVONOS STR<br>GLYFADA, ATHENS, 16674<br>GREECE | 06/03/2010 | 08-13555 (JMP) | 66759 | $73,555.00 |
| 2 | FAMELOS, ILIAS<br>4 STRAYONOS STR<br>GLYFADA, ATHENS, 16674<br>GREECE | 06/07/2010 | 08-13555 (JMP) | 66993 | $73,555.00 | FAMELOS, JLIAS<br>4 STRAVONOS STR<br>GLYFADA, ATHENS, 16674<br>GREECE | 06/03/2010 | 08-13555 (JMP) | 66759 | $73,555.00 |
| 3 | GEORGILI-GENIGEORGIOU, IFIGENEIA<br>27, STROFILIOU STR<br>KIFISSIA, 14561<br>GREECE | 06/07/2010 | 08-13555 (JMP) | 66891 | $147,110.00 | GEORGILI - GENIGEORGIOU, IFIGENEIA<br>27 STROGILIOU STR<br>KIFISSIA, 14561<br>GREECE | 06/03/2010 | 08-13555 (JMP) | 66760 | $147,110.00 |
| 4 | GEORGILI-GENIGEORGIOU, IFIGENEIA<br>27, STROFILIOU STR<br>KIFISSIA, 14561<br>GREECE | 06/07/2010 | 08-13555 (JMP) | 66992 | $147,110.00 | GEORGILI - GENIGEORGIOU, IFIGENEIA<br>27 STROGILIOU STR<br>KIFISSIA, 14561<br>GREECE | 06/03/2010 | 08-13555 (JMP) | 66760 | $147,110.00 |
| 5 | KOKONAS, KONSTANTINOS<br>PAPANASTASIOU 18<br>RETHYMNO, 74100<br>GREECE | 06/07/2010 | 08-13555 (JMP) | 66898 | $73,555.00 | KOKONAS, KONSTANTINOS<br>PAPANASTASIOU 18<br>RETHYMNO, 74100<br>GREECE | 06/03/2010 | 08-13555 (JMP) | 66755 | $73,555.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 39: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 6 | KOKONAS, KONSTANTINOS PAPNASTASIOU 18 RETHYMNO, 74100 GREECE | 06/07/2010 | 08-13555 (JMP) | 66997 | $73,555.00 | KOKONAS, KONSTANTINOS PAPANASTASIOU 18 RETHYMNO, 74100 GREECE | 06/03/2010 | 08-13555 (JMP) | 66755 | $73,555.00 |
| 7 | LAGADINOS, GEORGIOS 12 NEAS HALKIDONOS STR. DAPHNE ATHENS, 17234 GREECE | 06/07/2010 | 08-13555 (JMP) | 66893 | $44,133.00 | LAGADINOS, GEORGIOS 12 NEAS HALKIDONOS STR. DAPHNI, ATHENS, 17234 GREECE | 06/03/2010 | 08-13555 (JMP) | 66757 | $44,133.00 |
| 8 | LAGADINOS, GEORGIOS 12 NEAS HALKIDONOS STR. DAPHNI ATHENS, 17234 GREECE | 06/07/2010 | 08-13555 (JMP) | 66995 | $44,133.00 | LAGADINOS, GEORGIOS 12 NEAS HALKIDONOS STR. DAPHNI, ATHENS, 17234 GREECE | 06/03/2010 | 08-13555 (JMP) | 66757 | $44,133.00 |
| 9 | LIVADITIS, JOHN 1 PELLIS STR KIFISSIA ATHENS, 14561 GREECE | 06/07/2010 | 08-13555 (JMP) | 66897 | $205,954.00 | LIVADITIS, JOHN 1 PELLIS STR KIFISSIA, ATHENS, 14561 GREECE | 06/03/2010 | 08-13555 (JMP) | 66762 | $205,954.00 |
| 10 | LIVADITIS, JOHN 1 PELLIS STR KIFISSIA, ATHENS, 14561 GREECE | 06/07/2010 | 08-13555 (JMP) | 66990 | $205,954.00 | LIVADITIS, JOHN 1 PELLIS STR KIFISSIA, ATHENS, 14561 GREECE | 06/03/2010 | 08-13555 (JMP) | 66762 | $205,954.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

# IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 39: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 11 | MCCONNELL, JERRY<br>9 RANDOLPH ROAD<br>LONDON, W9 1AN<br>UNITED KINGDOM | 09/18/2009 | | 16256 | $77,231.32 | MCCONNELL, JERRY<br>36 WARWICK AVENUE<br>LONDON, GT LON, W9 2PT<br>UNITED KINGDOM | 09/18/2009 | | 16255 | $77,231.38 |
| 12 | MULLER, MANFRED HANS<br>C/ CALERUEGA 88A 7 C<br>MADRID, 28033<br>SPAIN | 10/20/2009 | 08-13555 (JMP) | 42364 | $13,022.80 | MULLER, MANFRED HANS<br>JULIO DAVILA, 20<br>MADRID, 28033<br>SPAIN | 10/19/2009 | 08-13555 (JMP) | 41362 | $13,022.80 |
| 13 | PAPADOPOULOU, LEDA<br>7 EPTALOFOU STR.<br>MAROUSI, 15124<br>GREECE | 06/07/2010 | 08-13555 (JMP) | 66892 | $257,442.50 | PAPADOPULOU, LEDA<br>7 EPTALOFOU STR.<br>MAROUSI, 15124<br>GREECE | 06/03/2010 | 08-13555 (JMP) | 66756 | $257,442.50 |
| 14 | PAPADOPOULOU, LEDA<br>7 EPTALOFOU STR.<br>MAROUSI, 15124<br>GREECE | 06/07/2010 | 08-13555 (JMP) | 66996 | $257,442.50 | PAPADOPULOU, LEDA<br>7 EPTALOFOU STR.<br>MAROUSI, 15124<br>GREECE | 06/03/2010 | 08-13555 (JMP) | 66756 | $257,442.50 |
| 15 | PSAROUDAKI, ANGELIKI<br>DODEKANISSOU 13<br>ATHENS, 14562<br>GREECE | 06/07/2010 | 08-13555 (JMP) | 66896 | $147,110.00 | PSAROUDAKI, ANGELIKI<br>DODEKANISSOU 13<br>ATHENS, 14562<br>GREECE | 06/03/2010 | 08-13555 (JMP) | 66761 | $147,110.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 39: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 16 | PSAROUDAKI, ANGELIKI DODEKANISSOU 13 ATHENS, 14562 GREECE | 06/07/2010 | 08-13555 (JMP) | 66991 | $147,110.00 | PSAROUDAKI, ANGELIKI DODEKANISSOU 13 ATHENS, 14562 GREECE | 06/03/2010 | 08-13555 (JMP) | 66761 | $147,110.00 |
| 17 | SPIRATOS, THEODOROS 99 ISMINIS STR. ATHENS, 10443 GREECE | 06/07/2010 | 08-13555 (JMP) | 66894 | $147,110.00 | SPIRATOS, THEODOROS 99 ISMINIS STR. ATHENS, 10443 GREECE | 06/03/2010 | 08-13555 (JMP) | 66758 | $147,110.00 |
| 18 | SPIRATOS, THEODOROS 99 ISMINIS STR. ATHENS, 10443 GREECE | 06/07/2010 | 08-13555 (JMP) | 66994 | $147,110.00 | SPIRATOS, THEODOROS 99 ISMINIS STR. ATHENS, 10443 GREECE | 06/03/2010 | 08-13555 (JMP) | 66758 | $147,110.00 |
| | | | | TOTAL | $2,282,193.12 | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                           :     Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :     08-13555 (JMP)
                                                :
                       Debtors.                 :     (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the thirty-ninth omnibus objection to claims, dated September 13, 2010 (the "Thirty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], disallowing and expunging the Duplicative Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the Thirty-Ninth Omnibus Objection to Claims; and due and proper notice of the Thirty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Thirty-Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-Ninth Omnibus Objection to Claims.

interest and that the legal and factual bases set forth in the Thirty-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Thirty-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Debtors' right to further object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative Claims, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of the corresponding Surviving Claims; and is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Thirty-Ninth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11 cases (the "<u>Reinstated Claim</u>") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

 

UNITED STATES BANKRUPTCY JUDGE