UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
:
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                      :    08-13555 (JMP)
                                                              :
          Debtors.                                            :    (Jointly Administered)
                                                              :
                                                              :
--------------------------------------------------------------------x

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.     TO:                    Moore Macro Fund, L.P. ("Transferor")
                              1251 Sixth Avenue, 53rd Floor
                              New York, NY 10020
                              Attn: Legal Department

2.     Please take notice that a portion of your claim against LEHMAN BROTHERS HOLDINGS
INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 29079 (attached as
Exhibit A hereto), has been transferred to:

                              Barclays Bank PLC ("Transferee")
                              745 Seventh Avenue
                              New York, NY 10019
                              Telephone: (212) 412-2865
                              Email:  daniel.crowley@barclayscapital.com
                                      jessica.fainman@barclayscapital.com

          An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto.  All distributions
and notices regarding the transferred portion of the claim should be sent to the Transferee.

3.     No action is required if you do not object to the partial transfer of your claim.  However, **IF YOU
OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS
NOTICE, YOU MUST:**

--     **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

       United States Bankruptcy Court
       Southern District of New York
       Attn: Clerk of Court
       Alexander Hamilton Custom House
       One Bowling Green
       New York, NY 10004-1408

--     **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

--      Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further
        correspondence related to this transfer.

4.      If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT
TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON
OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                                    CLERK

-------------------------------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2009.

INTERNAL CONTROL NO._____

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__


                                                    _____
                                                    Deputy Clerk

## EXHIBIT A

[Proof of Claim]

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS
# PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000029079

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Aggregating Trust 6, L.L.C.
c/o Ropes & Gray LLP
One International Place
Boston, MA 02110
Attn: Jeffrey R. Katz

Telephone number: 617-951-7000    Email Address: jeffrey.katz@ropesgray.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:         Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** ____4,039,243.40 *____ (Required) *as described on Attachment

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** XS0366684073          (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

CA88700          (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

13163          (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FILED / RECEIVED

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 9/21/09 | *M. M. Shu*    Name: M. M. Sherwood, Authorized Signatory |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) 08-13555 (JMP) |
| Debtors. | ) (Jointly Administered) |

ATTACHMENT TO PROOF OF CLAIM OF
AGGREGATING TRUST 6, L.L.C.

Aggregating Trust 6, L.L.C. ("Claimant") asserts claims against debtor, Lehman Brothers

Holdings Inc. ("LBHI"), as the ultimate beneficial holder of the security issued by Lehman

Brothers Treasury Co. B.V. ("LBTCBV") and unconditionally guaranteed by LBHI listed on

Exhibit A attached hereto (the "Lehman Programs Security"), governed by a base prospectus,

pricing supplements, other similar documents and ancillary agreements ("Transaction

Documents"). The Lehman Programs Security is included on the Lehman Programs Securities

List dated July 17, 2009, and available at http://www.lehman-docket.com.

On September 15, 2008, LBHI filed a petition under chapter 11 of title 11 of the United

States Code in the United States Bankruptcy Court for the Southern District of New York (the

"LBHI Petition"). Pursuant to the LBHI Petition and the Transaction Documents, Claimant

asserts a claim against LBHI for the following amounts: (i) the outstanding principal amount of,

and accrued interest on, the Lehman Programs Security, as set forth on Exhibit A and (ii) interest

and expenses (including, but not limited to, reasonable out-of-pocket expenses, costs and

attorneys' fees incurred by Claimant in enforcing its rights), plus any other amounts due and

owing under the Lehman Programs Security (the "Claim Amount"). Claimant also asserts a claim for post-petition interest in the event that such is allowable. In the event that amount stated to be interest on the notes are deemed, in whole or in part, not to be interest, or the principal amount of the notes is discounted in allowing the claim, Claimant hereby also claims all amounts that would be payable post-petition.

This Proof of Claim serves, and is intended to serve, as notice of a claim for any amount which has become due or is to become due with respect to the Lehman Programs Security, and as a statement pursuant to Bankruptcy Rule 3003(d). The provisions of the Transaction Documents with respect to the Lehman Programs Security are expressly incorporated herein by reference, whether or not summarized or identified specifically in this Proof of Claim.

Claimant reserves all rights and remedies under the Transaction Documents and any other agreement between or among LBHI and Claimant and/or Claimant's affiliates, branches or offices, or applicable law, and any failure of Claimant to exercise remedies pursuant thereto shall not, and shall not be deemed to, waive, abandon, discontinue or preclude the exercise of any of its respective rights, powers, privileges or remedies thereunder or under applicable law, including without limitation any rights, powers, privileges or remedies relating to other existing or future defaults or event of default thereunder.

Claimant reserves the right to amend or supplement this Proof of Claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to provide additional detail regarding the claims set forth herein, or to fix the amount of any unliquidated claim. Claimant further reserves the right to assert additional claims with respect to other transactions and obligations.

12187144_3.DOC

In filing this Proof of Claim, Claimant does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the allowance of this claim for any and all amounts due under the Transaction Documents and as otherwise specified herein, and does not consent to the jurisdiction of this Court to adjudicate any other matter relating to the Transaction Documents or the rights and remedies of Claimant.

The underlying claim against LBTCBV is based on the Lehman Programs Security, for which LBTCBV is the primary obligor.

This Proof of Claim is filed under the compulsion of the bar date established in this proceeding and is filed, among other reasons, to protect Claimant from forfeiture of claims by reason of said bar date.  Filing of this Proof of Claim is not and shall not be deemed or construed as a waiver or release of Claimant's rights against any person, entity or property (including, without limitation, any person or entity that is or may become a debtor in a case pending in this Court) or any other right, remedy, claim or defense of Claimant whatsoever.

*      *      *

**EXHIBIT A**

| Issuer | ISIN | Accrued Interest (USD) | Security Face Amount (USD) | Claim Amount (USD) |
|--------|------|------------------------|----------------------------|---------------------|
| LBTCBV | XS0366684073 | $68,063.40 | $3,971,180.00 | $4,039,243.40 |

H
A
N
D

D
E
L
I
V
E
R
Y

**FILED / RECEIVED**

SEP **2 2** 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY:

DATE

9'23

TIME

## **EXHIBIT B**

[Executed Evidence of Transfer of Claim]

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Moore Macro Fund, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **29079** filed by or on behalf of **Aggregating Trust 6, L.L.C.** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 30th day of August 2010.

Moore Macro Fund, L.P., by Moore Capital
Management, L.P., its Investment Manager

By:
Name: James Kaye
Title: Vice President

C/o Moore Capital Management, L.P.
1251 Avenue of the Americas
New York, New York 10020
Attn: Legal Department

Barclays Bank PLC

By:
Name: Daniel Cawley
Title: Managing Director

745 7th Avenue
New York, New York 10020

Formatted: Left: 72 pt, Right: 72 pt, Suppress Endnotes, Width: 792 pt, Height: 612 pt, Different first page

Schedule 1

Transferred Claims

Purchased Claim

79.580403% of $4,039,243.40 (the outstanding amount of the Proof of Claim as of July 27, 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN BROS FRN 5/27/13 MXN | XS0366684073 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $3,160,281.05 MXNUSD exchange rate: 0.09308967 | Variable | 5/27/2013 | $54,165.12 |

Schedule 1

01171.0001 EAST 332790v2