# EXHIBIT E

# Fidelity National Title Insurance Company

POLICY NO.: CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

**DUPLICATE ORIGINAL**
**1992 LOAN POLICY OF TITLE INSURANCE**
**WITH ENDORSEMENT FORM 1 COVERAGE**

*SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:*

1. *Title to the estate or interest described in Schedule A being vested other than as stated therein;*

2. *Any defect in or lien or encumbrance on the title;*

3. *Unmarketability of the title;*

4. *Lack of a right of access to and from the land;*

5. *The invalidity or unenforceability of the lien of the insured mortgage upon the title;*

6. *The priority of any lien or encumbrance over the lien of the insured mortgage;*

7. *Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:*
   (a) *arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or*
   (b) *arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;*

8. *Any assessments for street improvements under construction or completed at Date of Policy which now have gained or hereafter may gain priority over the lien of the insured mortgage;*

9. *The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.*

*The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.*

*IN WITNESS WHEREOF, FIDELITY NATIONAL TITLE INSURANCE COMPANY has caused this policy to be signed and sealed by its duly authorized officers.*

**Fidelity National Title Insurance Company**

BY _____ President

ATTEST _____ Secretary

SEAL

_____
Countersigned

# SCHEDULE A

Policy No.:  CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

| | |
|---|---|
| Amount of Insurance: | $ 25,000,000.00 |
| Premium: | $ 18,750.00 |

Date of Policy:  February 9, 2007 at 08:00 AM

1.     Name of Insured:

**Lehman Commercial Paper Inc., as administrative agent, its successors and/or assigns as their interest may appear**

2.     The estate or interest in the land which is encumbered by the insured mortgage is:

A FEE as to Parcel(s) 1A and 2A;
AN EASEMENT more fully described below as to Parcel(s) 1B through 1E, inclusive; 2B through 2E, inclusive

3.     Title to the estate or interest in the land is vested in:

LBREP/L-SUNCAL SUMMERWIND RANCH LLC,  a Delaware limited liability company

4.     The insured mortgage and assignments thereof, if any, are described as follows:

**A deed of trust** to secure an indebtedness in the amount shown below, and any other obligations secured thereby

| | |
|---|---|
| Amount: | $75,000,000.00 |
| Dated: | February 6, 2007 |
| Trustor: | LBREP/L-SUNCAL SUMMERWIND RANCH LLC,  a Delaware limited liability company |
| Trustee: | Fidelity National Title Insurance Company, a California corporation |
| Beneficiary: | Lehman Commercial Paper Inc., as administrative agent, its successors and/or assigns as their interest may appear |
| Loan No.: | None Shown |
| Recorded: | February 9, 2007, Instrument No. 2007-96208, of Official Records |

Said Deed of Trust is additionally secured by a Third LIen Assignment of Developer's Rights executed by LBREP/L-SUNCAL SUMMERWIND RANCH LLC, a Delaware limited liability company and recorded February 9, 2007 as Document No. 2007-96209.

5.     The land referred to in this policy is described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

**THIS POLICY VALID ONLY IF SCHEDULE B IS ATTACHED**

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

## LEGAL DESCRIPTION

## EXHIBIT "A"

PARCEL 1 (APN 413-170-043, 045, 050; 413-180-028; 413-160-012, 015; 413-200-046, 051; 413-190-018, 022, 023, 026):

PARCEL 1A:

PARCEL A OF CERTIFICATE OF COMPLIANCE FOR LOT LINE ADJUSTMENT NO. "LLA 05-002" DATED APRIL 22, 2005 AND RECORDED APRIL 26, 2005 AS INSTRUMENT NO. 2005-0324926 IN THE CITY OF CALIMESA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA.

EXCEPT THEREFROM ANY AND ALL NATURAL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN AND ALL RIGHTS THEREIN, GEOTHERMAL STEAM, AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM THE LAND OR ANY OTHER PROPERTY, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM PROPERTY OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS, TUNNELS OR SHAFTS, WITHOUT THE RIGHT TO DRILL, MINE, STORE OR EXCAVATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND, AS RESERVED BY OAK VALLEY PARTNERS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED JUNE 5, 2006, AS INSTRUMENT NO. 2006-0406030, OF OFFICIAL RECORDS.

ALSO EXCEPT THEREFROM ANY AND ALL WATER, WATER RIGHTS OR INTERESTS THEREIN APPURTENANT OR RELATING TO THE LAND OR OWNED OR USED BY OAK VALLEY PARTNERS, L.P., IN CONNECTION WITH OR WITH RESPECT TO THE LAND (NO MATTER HOW ACQUIRED BY OAK VALLEY PARTNERS, L.P.), WHETHER SUCH WATER RIGHTS SHALL BE RIPARIAN, OVERLYING, APPROPRIATIVE, LITTORAL, PERCOLATING, PRESCRIPTIVE, ADJUDICATED, STATUTORY OR CONTRACTUAL, TOGETHER WITH THE RIGHT AND POWER TO EXPLORE, DRILL, REMOVE AND STORE THE SAME FROM OR IN THE LAND OR TO DIVERT OR OTHERWISE UTILIZE SUCH WATER, RIGHTS OR INTERESTS ON ANOTHER PROPERTY OWNED OR LEASED BY OAK VALLEY PARTNERS, L.P., WITHOUT THE RIGHT TO ENTER UPON THE SURFACE OF THE LAND IN THE EXERCISE OF SUCH RIGHTS; PROVIDED, HOWEVER, ONLY IF AND TO THE EXTENT THAT SUCH RIGHTS ARE NOT USED BY LBREP/L-SUNCAL SUMMERWIND RANCH LLC, IN ITS USE AND ENJOYMENT OF THE LAND, AS RESERVED BY OAK VALLEY PARTNERS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED JUNE 5, 2006, AS INSTRUMENT NO. 2006-0406030, OF OFFICIAL RECORDS.

PARCEL 1B:

NON-EXCLUSIVE EASEMENTS FOR GRADING, SLOPE STABILIZATION, IMPROVEMENTS APPURTENANT TO THE DEVELOPMENT OF THE PROPERTY, GRADING, CONSTRUCTION AND INSTALLATION OF A SOFT-BOTTOM EARTHEN DRAINAGE CHANNEL, DRAINAGE ACROSS, OVER AND IN THE CHANNEL, ACCESS, SLOPE MAINTENANCE, FUEL MODIFICATION AND GENERAL REPAIR AND MAINTENANCE (COLLECTIVELY, THE "RESERVED CONSERVANCY EASEMENTS") AS RESERVED IN THAT GRANT DEED RECORDED SEPTEMBER 19, 2003 AS INSTRUMENT NO. 2003-732045 OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE, AND AS ASSIGNED BY THAT PARTIAL ASSIGNMENT OF RIVERSIDE LAND CONSERVANCY EASEMENTS RECORDED MAY 3, 2005 AS INSTRUMENT NO. 05-350552 OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, AND AS ASSIGNED BY THAT PARTIAL ASSIGNMENT RECORDED JUNE 5, 2006 AS INSTRUMENT NO. 2006-0406031, OFFICIAL RECORDS.

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

EXHIBIT "A" (continued)                          Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

PARCEL 1C:

NON-EXCLUSIVE EASEMENTS FOR THE CONSTRUCTION, INSTALLATION (INCLUDING THE RIGHT TO CONNECT EXISTING FACILITIES), MAINTENANCE, OPERATION, REPAIR, SERVICE, RECONSTRUCTION, RELOCATION AND REPLACEMENT OF ELECTRIC, GAS, TELEPHONE, CABLE, WATER, SEWER, DRAINAGE AND OTHER UTILITY FACILITIES, AND NON-EXCLUSIVE EASEMENTS FOR VEHICULAR AND PEDESTRIAN INGRESS AND EGRESS AS RESERVED IN THAT GRANT DEED RECORDED JUNE 17, 2004 AS INSTRUMENT NO. 2004-0467494 OF OFFICIAL RECORDS, IN THE OFFICE OF THE RECORDER OF RIVERSIDE COUNTY, AND AS ASSIGNED BY THAT PARTIAL ASSIGNMENT OF OAK MESA EASEMENTS RECORDED MAY 3, 2005 AS INSTRUMENT NO. 05-350553 OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY.

PARCEL 1D:

NON-EXCLUSIVE EASEMENTS FOR STREET CONSTRUCTION, OFF-SITE CONSTRUCTION, GRADING, FUEL MODIFICATION, ACCESS, INGRESS AND EGRESS, STORM DRAINS AND SEWER AND WATER LINES AS SET FORTH IN THAT EASEMENT AGREEMENT RECORDED MAY 3, 2005 AS INSTRUMENT NO. 05-350551 OF OFFICIAL RECORDS, IN THE OFFICE OF THE RECORDER OF RIVERSIDE COUNTY.

PARCEL 1E:

NON-EXCLUSIVE AGREEMENT FOR STREET CONSTRUCTION, OFF-SITE CONSTRUCTION, GRADING, FUEL MODIFICATION, ACCESS, INGRESS AND EGRESS, STORM DRAINS AND SEWER AND WATER LINES, AS SET FORTH IN THAT EASEMENT AGREEMENT RECORDED JUNE 5, 2006 AS INSTRUMENT NO. 2006-0406032, OF OFFICIAL RECORDS, IN THE OFFICE OF THE RECORDER OF RIVERSIDE COUNTY.

PARCEL 2 (APN 413-180-029, 032; 413-200-047, 052; 413-190-019, 024, 026; 413-290-010, 030, 031; 413-460-038, 040, 043):

PARCEL 2A:

PARCEL B OF CERTIFICATE OF COMPLIANCE FOR LOT LINE ADJUSTMENT NO. "LLA 05-001" DATED APRIL 22, 2005 AND RECORDED APRIL 26, 2005 AS INSTRUMENT NO. 2005-0324927, IN THE CITY OF CALIMESA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA.

EXCEPT THEREFROM ANY AND ALL NATURAL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN AND ALL RIGHTS THEREIN, GEOTHERMAL STEAM, AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM THE LAND OR ANY OTHER PROPERTY, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM PROPERTY OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS, TUNNELS OR SHAFTS, WITHOUT THE RIGHT TO DRILL, MINE, STORE OR EXCAVATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND, AS RESERVED BY OAK VALLEY PARTNERS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED MAY 3, 2005, AS INSTRUMENT NO. 2005-0350550, OF OFFICIAL RECORDS.

ALSO EXCEPT THEREFROM ANY AND ALL WATER, WATER RIGHTS OR INTERESTS THEREIN APPURTENANT OR RELATING TO THE LAND OR OWNED OR USED BY OAK VALLEY PARTNERS, L.P., IN CONNECTION WITH OR WITH RESPECT TO THE LAND (NO MATTER HOW ACQUIRED BY OAK VALLEY PARTNERS, L.P.), WHETHER SUCH WATER RIGHTS SHALL BE RIPARIAN, OVERLYING, APPROPRIATIVE, LITTORAL, PERCOLATING,

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

PRESCRIPTIVE, ADJUDICATED, STATUTORY OR CONTRACTUAL, TOGETHER WITH THE RIGHT AND POWER TO EXPLORE, DRILL, REMOVE AND STORE THE SAME FROM OR IN THE LAND OR TO DIVERT OR OTHERWISE UTILIZE SUCH WATER, RIGHTS OR INTERESTS ON ANOTHER PROPERTY OWNED OR LEASED BY OAK VALLEY PARTNERS, L.P., WITHOUT THE RIGHT TO ENTER UPON THE SURFACE OF THE LAND IN THE EXERCISE OF SUCH RIGHTS; PROVIDED, HOWEVER, ONLY IF AND TO THE EXTENT THAT SUCH RIGHTS ARE NOT USED BY LBREP/L-SUNCAL SUMMERWIND RANCH LLC, IN ITS USE AND ENJOYMENT OF THE LAND, AS RESERVED BY OAK VALLEY PARTNERS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED MAY 3, 2005, AS INSTRUMENT NO. 2005-035055, OF OFFICIAL RECORDS.

PARCEL 2B:

NON-EXCLUSIVE EASEMENTS FOR GRADING, SLOPE STABILIZATION, IMPROVEMENTS, CONSTRUCTION AND INSTALLATION OF A SOFT-BOTTOM EARTHEN DRAINAGE CHANNEL, DRAINAGE ACROSS, OVER AND IN THE CHANNEL, ACCESS, SLOPE MAINTENANCE, FUEL MODIFICATION, AND GENERAL REPAIR AND MAINTENANCE (COLLECTIVELY, THE "RESERVED CONSERVANCY EASEMENTS"), AS RESERVED IN THAT GRANT DEED RECORDED SEPTEMBER 19, 2003, AS INSTRUMENT NO. 2003-732045, OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE, AND AS ASSIGNED IN THAT PARTIAL ASSIGNMENT OF RIVERSIDE LAND CONSERVANCY EASEMENTS, RECORDED MAY 3, 2005, AS INSTRUMENT NO. 05-350552, OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY.

PARCEL 2C:

NON-EXCLUSIVE EASEMENTS FOR THE CONSTRUCTION, INSTALLATION (INCLUDING THE RIGHT TO CONNECT EXISTING FACILITIES), MAINTENANCE OPERATION, REPAIR, SERVICE, RECONSTRUCTION, RELOCATION AND REPLACEMENT OF ELECTRIC, GAS, TELEPHONE, CABLE, WATER, SEWER, DRAINAGE, AND OTHER UTILITY FACILITIES, AND NON-EXCLUSIVE EASEMENTS FOR VEHICULAR AND PEDESTRIAN INGRESS AND EGRESS, AS RESERVED IN THAT GRANT DEED RECORDED JUNE 17, 2004, AS INSTRUMENT NO. 2004-0467494, OF OFFICIAL RECORDS, IN THE OFFICE OF THE RECORDER OF RIVERSIDE COUNTY, AND AS ASSIGNED BY THAT PARTIAL ASSIGNMENT OF OAK MESA EASEMENTS RECORDED MAY 3, 2005, AS INSTRUMENT NO. 05-350553, OF OFFICIAL RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY.

PARCEL 2D:

NON-EXCLUSIVE EASEMENTS FOR STREET CONSTRUCTION, OFF-SITE CONSTRUCTION, GRADING, FUEL MODIFICATION, ACCESS, INGRESS AND EGRESS, STORM DRAINS, AND SEWER AND WATER LINES AS SET FORTH IN THAT EASEMENT AGREEMENT RECORDED MAY 3, 2005, AS INSTRUMENT NO. 05-350551, OF OFFICIAL RECORDS, IN THE OFFICE OF THE RECORDER OF RIVERSIDE COUNTY.

PARCEL 2E:

NON-EXCLUSIVE AGREEMENT FOR STREET CONSTRUCTION, OFF-SITE CONSTRUCTION, GRADING, FUEL MODIFICATION, ACCESS, INGRESS AND EGRESS, STORM DRAINS AND SEWER AND WATER LINES, AS SET FORTH IN THAT EASEMENT AGREEMENT RECORDED JUNE 5, 2006 AS INSTRUMENT NO. 2006-0406032, AND AMENDMENTS RECORDED AUGUST 23, 2007, AS INSTRUMENT NOS. 2007-0542758, 2007-0542759, 2007-0542760, AND 2007-0542761, ALL OF OFFICIAL RECORDS, IN THE OFFICE OF THE RECORDER OF RIVERSIDE COUNTY.

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

## SCHEDULE B

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

## PART I

1.    **Property taxes**, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2007-2008.

2.    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-170-043-3.

| | |
|---|---|
| Code Area Number: | 022-063 |
| 1st Installment: | $64.31  PAID |
| 2nd Installment: | $64.31  OPEN |
| Land: | $5,991.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599922 |

3.    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-170-045-5.

| | |
|---|---|
| Code Area Number: | 022-046 |
| 1st Installment: | $58.63  PAID |
| 2nd Installment: | $58.63  OPEN |
| Land: | $5,164.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599924 |

4.    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-170-050-9.

| | |
|---|---|
| Code Area Number: | 022-062 |
| 1st Installment: | $773.73  PAID |
| 2nd Installment: | $773.73  OPEN |
| Land: | $119,488.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599929 |

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

SCHEDULE B – PART I (continued)                    Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

5.    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-180-028-1.

|  |  |
|---|---|
| Code Area Number: | 022-062 |
| 1st Installment: | $4,894.60  PAID |
| 2nd Installment: | $4,894.60  OPEN |
| Land: | $790,021.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599932 |

6.    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-180-029-2.

|  |  |
|---|---|
| Code Area Number: | 022-062 |
| 1st Installment: | $40,858.14  PAID |
| 2nd Installment: | $40,858.14  OPEN |
| Land: | $6,704,970.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599933 |

7.    **Supplemental assessment** for 2004-2005

|  |  |
|---|---|
| Bill No.: | 052381160-8 |
| 1st Installment: | $40,629.01  PAID |
| 2nd Installment: | $40,629.01  OPEN |
| Must be paid by: | April 10, 2007 |

8.    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-180-032-4.

|  |  |
|---|---|
| Code Area Number: | 022-063 |
| 1st Installment: | $1,516.36  PAID |
| 2nd Installment: | $1,516.36  OPEN |
| Land: | $243,270.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599936 |

9.    **Supplemental assessment** for 2004-2005

|  |  |
|---|---|
| Bill No.: | 052381161-9 |
| 1st Installment: | $1,407.99  PAID |
| 2nd Installment: | $1,407.99  OPEN |
| Must be paid by: | April 10, 2007 |

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

SCHEDULE B – PART I (continued)                     Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

10.     **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-160-012-4.

    Code Area Number:       022-045
    1st Installment:        $63.94  PAID
    2nd Installment:        $63.94  OPEN
    Land:                   $5,942.00
    Improvements:           $0.00
    Exemption:              $0.00
    Personal Property:      $0.00
    Bill No.:               0599912

11.     **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-160-015-7.

    Code Area Number:       022-062
    1st Installment:        $1,184.86  PAID
    2nd Installment:        $1,184.86  OPEN
    Land:                   $186,345.00
    Improvements:           $0.00
    Exemption:              $0.00
    Personal Property:      $0.00
    Bill No.:               0599915

12.     **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-200-046-8.

    Code Area Number:       022-061
    1st Installment:        $1,731.73  PAID
    2nd Installment:        $1,731.73  OPEN
    Land:                   $287,277.00
    Improvements:           $0.00
    Exemption:              $0.00
    Personal Property:      $0.00
    Bill No.:               0599955

13.     **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-200-047-9.

    Code Area Number:       022-061
    1st Installment:        $618.91  PAID
    2nd Installment:        $618.91  OPEN
    Land:                   $103,530.00
    Improvements:           $0.00
    Exemption:              $0.00
    Personal Property:      $0.00
    Bill No.:               0599956

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

**14.**    **Supplemental assessment** for 2004-2005

    Bill No.:                  052381165-3
    1st Installment:       $604.97 PAID
    2nd Installment:      $604.97 OPEN
    Must be paid by:     April 10, 2007


**15.**    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-200-051-2.

    Code Area Number:       022-050
    1st Installment:            $2,182.40  PAID
    2nd Installment:           $2,182.40  OPEN
    Land:                           $363,365.00
    Improvements:             $0.00
    Exemption:                  $0.00
    Personal Property:       $0.00
    Bill No.:                      0599960


**16.**    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-200-052-3.

    Code Area Number:       022-050
    1st Installment:            $4,321.61  PAID
    2nd Installment:           $4,321.61  OPEN
    Land:                           $726,750.00
    Improvements:             $0.00
    Exemption:                  $0.00
    Personal Property:       $0.00
    Bill No.:                      0599961


**17.**    **Supplemental assessment** for 2004-2005

    Bill No.:                  052381166-4
    1st Installment:       $4,158.38  PAID
    2nd Installment:      $4,158.38  OPEN
    Must be paid by:     April 10, 2007


**18.**    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-190-018-3.

    Code Area Number:       022-061
    1st Installment:            $2,199.47 PAID
    2nd Installment:           $2,199.47 OPEN
    Land:                           $365,812.00
    Improvements:             $0.00
    Exemption:                  $0.00
    Personal Property:       $0.00
    Bill No.:                      0599940

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

SCHEDULE B – PART I (continued)                    Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

19.     **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-190-019-4.

| | |
|---|---|
| Code Area Number: | 022-061 |
| 1st Installment: | $11,046.73  PAID |
| 2nd Installment: | $11,046.73  OPEN |
| Land: | $1,861,500.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599941 |

20.     **Supplemental assessment** for 2004-2005

| | |
|---|---|
| Bill No.: | 052381162-0 |
| 1st Installment: | $10,897.36  PAID |
| 2nd Installment: | $10,897.36  OPEN |
| Must be paid by: | April 10, 2007 |

21.     **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-190-022-6.

| | |
|---|---|
| Code Area Number: | 022-049 |
| 1st Installment: | $3,547.84  PAID |
| 2nd Installment: | $3,547.84  OPEN |
| Land: | $596,190.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599943 |

22.     **Supplemental assessment** for 2004-2005

| | |
|---|---|
| Bill No.: | 052381163-1 |
| 1st Installment: | $3,656.26  PAID |
| 2nd Installment: | $3,656.26  OPEN |
| Must be paid by: | April 10, 2007 |

23.     **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-190-023-7.

| | |
|---|---|
| Code Area Number: | 022-006 |
| 1st Installment: | $642.54  PAID |
| 2nd Installment: | $642.54  OPEN |
| Land: | $105,099.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599944 |

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

SCHEDULE B – PART I (continued)

24.   **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-190-024-8.

|  |  |
|---|---|
| Code Area Number: | 022-006 |
| 1st Installment: | $25,382.81  PAID |
| 2nd Installment: | $25,382.81  OPEN |
| Land: | $4,281,450.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599945 |

25.   **Supplemental assessment** for 2004-2005

|  |  |
|---|---|
| Bill No.: | 052381164-2 |
| 1st Installment: | $24,479.69  PAID |
| 2nd Installment: | $24,479.69  OPEN |
| Must be paid by: | April 10, 2007 |

26.   **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-190-026-0.

|  |  |
|---|---|
| Code Area Number: | 022-049 |
| 1st Installment: | $187.13  PAID |
| 2nd Installment: | $187.13  OPEN |
| Land: | $28,455.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599947 |

27.   **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-460-038-5.

|  |  |
|---|---|
| Code Area Number: | 022-063 |
| 1st Installment: | $7,002.69  PAID |
| 2nd Installment: | $7,002.69  OPEN |
| Land: | $1,104,150.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599989 |

28.   **Supplemental assessment** for 2004-2005

|  |  |
|---|---|
| Bill No.: | 052381225-4 |
| 1st Installment: | $6,773.48  PAID |
| 2nd Installment: | $6,773.48  OPEN |
| Must be paid by: | April 10, 2007 |

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

29.  **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-460-040-6.

| | |
|---|---|
| Code Area Number: | 022-018 |
| 1st Installment: | $3,068.10  PAID |
| 2nd Installment: | $3,068.10  OPEN |
| Land: | $480,420.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599990 |

30.  **Supplemental assessment** for 2004-2005

| | |
|---|---|
| Bill No.: | 052381227-6 |
| 1st Installment: | $2,941.48  PAID |
| 2nd Installment: | $2,941.48  OPEN |
| Must be paid by: | April 10, 2007 |

31.  **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-460-043-9.

| | |
|---|---|
| Code Area Number: | 022-018 |
| 1st Installment: | $167.89  PAID |
| 2nd Installment: | $167.89  OPEN |
| Land: | $939,221.00 |
| Improvements: | $20,808.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0299327 |

32.  **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-290-010-4.

| | |
|---|---|
| Code Area Number: | 022-017 |
| 1st Installment: | $224.09  PAID |
| 2nd Installment: | $224.09  OPEN |
| Land: | $32,640.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599971 |

33.  **Supplemental assessment** for 2004-2005

| | |
|---|---|
| Bill No.: | 052381167-5 |
| 1st Installment: | $204.00  PAID |
| 2nd Installment: | $204.00  OPEN |
| Must be paid by: | April 10, 2007 |

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

34.    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-290-020-3.

| | |
|---|---|
| Code Area Number: | 022-062 |
| 1st Installment: | $24,556.39  PAID |
| 2nd Installment: | $24,556.39  OPEN |
| Land: | $4,026,960.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599973 |

35.    **Supplemental assessment** for 2004-2005

| | |
|---|---|
| Bill No.: | 052381168-6 |
| 1st Installment: | $23,465.26  PAID |
| 2nd Installment: | $23,465.26  OPEN |
| Must be paid by: | April 10, 2007 |

36.    **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2006-2007, Assessor's Parcel Number 413-290-022-5.

| | |
|---|---|
| Code Area Number: | 022-005 |
| 1st Installment: | $83,141.47  PAID |
| 2nd Installment: | $83,141.47  OPEN |
| Land: | $13,651,170.00 |
| Improvements: | $0.00 |
| Exemption: | $0.00 |
| Personal Property: | $0.00 |
| Bill No.: | 0599975 |

37.    **Supplemental assessment** for 2004-2005

| | |
|---|---|
| Bill No.: | 052381170-7 |
| 1st Installment: | $79,923.33  PAID |
| 2nd Installment: | $79,923.33  OPEN |
| Must be paid by: | April 10, 2007 |

38.    A Resolution Establishing Watershed Benefit Assessment Areas which provides for the issuing of bonds and the levying of a special tax to pay the interest and principal payments on such bonds upon the herein described property, recorded June 10, 1991 as Instrument No. 193749, of Official Records of Riverside County, California.

Reference is hereby made to said document for further and other particulars.

39.    **The lien of supplemental taxes**, if any, assessed pursuant to the provisions of Chapter 3.5 (Commencing with Section 75) of the Revenue and Taxation code of the State of California.

12

SCHEDULE B – PART I (continued)                    Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

None now due and payable.

**40.**    **Water rights, claims or title to water**, whether or not disclosed by the public records.

**41.**    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:              El Casco Water Co.
Purpose:                 Pipelines and conduits
Recorded:                October 26, 1911, Book 340, Page 233, of Deeds

Affects:                 Parcel 2

**42.**    The right to develop and take water from the herein described land together with other appurtenant provisions as contained in deed to Redlands and Yucaipa Water Company, recorded March 12, 1913 in Book 373, Page 56, of Deeds.

Note: Cannot be located by the records.

**43.**    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:              El Casto Water Co., Inc.
Purpose:                 Water ditches
Recorded:                January 3, 1918, Book 473, Page 234, of Deeds

Affects:                 Parcel 1

**44.**    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:              El Casco Land Company, a corporation, and El Casco Water Company, a corporation
Purpose:                 Road and driveway
Recorded:                December 4, 1920, Book 539, Page 169, of Deeds

Affects:                 Parcel 1

**45.**    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:              Southern California Gas Company
Purpose:                 Pipelines, ingress and egress
Recorded:                December 11, 1931, Book 57, Page 478, of Official Records

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

Affects:              Parcel 2

**46.**    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:          Southern California Edison Company LTD
Purpose:             Electrical transmission lines
Recorded:            October 13, 1945, Book 705, Page 92, of Official Records

Affects:              Parcel 2

**47.**    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:          Southern California Edison Company
Purpose:             Pole lines
Recorded:            July 28, 1949, Book 1097, Page 561, of Official Records

Affects:              Parcel 2

**48.**    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:          Southern California Edison Company
Purpose:             Electric power lines
Recorded:            August 2, 1949, Book 1099, Page 103, of Official Records

Affects:              Parcel 2

**49.**    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

Granted to:          Southern California Edison Company, a corporation
Purpose:             Public utilities
Recorded:            May 10, 1950, Book 1171, Page 448, of Official Records

Affects:              Parcel 1

**50.**    **Matters** contained in that certain document entitled "Covenant and Agreement", executed by and between Beaumont-Yucaipa Water Conservation Association, a corporation, and J.S. Haskell and Annie E. Haskell, et al recorded March 16, 1956, Book 1881, Page 65, of Official Records, which document, among other things, contains or provides for: domestic and irrigation water.

Reference is hereby made to said document for full particulars.

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

51.    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

   Granted to:           California Electric Power Company
   Purpose:              Public utilities
   Recorded:             November 4, 1960, Instrument No. 95300, of Official Records

   Affects:              Parcel 2

52.    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

   Granted to:           California Electric Power Company
   Purpose:              Electric transmission line
   Recorded:             December 2, 1960, Book 2808, Page 517, of Official Records

   Affects:              Parcel 2

53.    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

   Granted to:           California Electric Power Company
   Purpose:              Transmission lines
   Recorded:             May 26, 1961, Instrument No. 45201, of Official Records

   Affects:              Parcel 2

54.    Any and all rights, easements and rights of way together with all water systems, including reservoirs, wells, well sites and appurtenances necessary for the production, maintenance and distribution of water as reserved by the Beaumont-Yucaipa Water Conservation Association, a corporation, in the deed recorded November 16, 1961, as Instrument No. 98758, of Official Records.

   Said rights have been passed to County Cork Concepts Corporation, a Nevada corporation, pursuant to a judgment of the United States District Court, Central District of California, Case No. 80-04649-FW, a certified copy of which was recorded August 19, 1983, as Instrument No. 169330, of Official Records.

55.    **The fact** that the ownership of said land does not include rights of access to or from the street, highway, or freeway abutting said land, such rights having been relinquished by the document,

   Recorded:             March 19, 1963, Instrument No. 27078, of Official Records

   Said instrument contains a waiver in favor of the State of California of any claim for damages to said land by reason of the location, construction, landscaping or maintenance of a highway contiguous thereto.

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

**56.** **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

| | |
|---|---|
| Granted to: | General Telephone Company of California, a corporation |
| Purpose: | Public utilities |
| Recorded: | March 9, 1971, Instrument No. 23255, of Official Records |

| | |
|---|---|
| Affects: | Parcel 2 |

**57.** **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a document.

| | |
|---|---|
| Granted to: | General Telephone Company of California, a corporation |
| Purpose: | Communication |
| Recorded: | November 25, 1975, Instrument No. 75-146942, of Official Records |

| | |
|---|---|
| Affects: | Parcel 2 |

**58.** **The fact** that said land is included within a project area of the Redevelopment Agency shown below, and that proceedings for the redevelopment of said project have been instituted under the Redevelopment Law (such redevelopment to proceed only after the adoption of the redevelopment plan) as disclosed by a document.

| | |
|---|---|
| Redevelopment Agency: | City of Calimesa |
| Recorded: | January 5, 1994, Instrument No. 3880, of Official Records |

**59.** **A Notice** of Resolution of the Board of Education of the Yucaipa Calimesa Joint Unified School District Approving a School Facilities Needs Analysis and Adopting Alternative School Facility Fees in Accordance with Government Code Sections 65995.5, 65995.6 and 65995.7

| | |
|---|---|
| Recorded: | October 26, 2001, Instrument No. 2001-525518, of Official Records |

Reference is made to said document for full particulars.

**60.** **A Notice** of Resolution No. C-04-03 Ordering Reorganization to Include Annexation 02-ANX-02 to the City of Beaumont, Annexation to the City of Calimesa, Concurrent Detachments from the Riverside County Waste Resources Management District and County Service Area 152 and Annexation to the Beaumont Cherry Valley Water District LAFCO No. 2002-43-5

| | |
|---|---|
| Recorded: | April 9, 2003, Instrument No. 2003-249366, of Official Records |

Reference is made to said document for full particulars.

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

SCHEDULE B – PART I (continued)                 Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06

**61.**    **Covenants, conditions and restrictions** in the declaration of restrictions but omitting any covenants or restrictions, if any, including, but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law.

Recorded:                September 19, 2003, Instrument No. 2003-732045, of Official Records

**62.**    **The fact** that the ownership of said land does not include rights of access to or from the street, highway, or freeway abutting said land, such rights having been relinquished by Parcel Map No. 31922.

Affects:                San Timoteo Canyon Road

**63.**    Rights of Oak Valley-Hunt, Inc., a Texas corporation, their successors, assignees, and lot owners within Parcel Map No. 31922 for reciprocal ingress and egress, until such time as said parcel map is superceded by later subdivision with a defined system of public streets.

Affects:                Parcel 2

**64.**    **A deed of trust** to secure an indebtedness in the amount shown below, and any other obligations secured thereby

Amount:                $235,000,000.00
Dated:                 January 19, 2006
Trustor:               LBREP/L-SunCal Summerwind Ranch LLC, a Delaware limited liability company
Trustee:               Fidelity National Title Insurance Company, a California corporation
Beneficiary:           Lehman Commercial Paper Inc.
Loan No.:              None Shown
Recorded:              January 23, 2006, Instrument No. 006-0050758, of Official Records

An agreement to modify the terms and provisions of said deed of trust as therein provided

Executed by:           LBREP/L-SunCal Summerwind Ranch LLC, a Delaware limited liability company
Recorded:              June 5, 2006, Instrument No. 2006-0406033, of Official Records

**65.**    **Matters** contained in that certain document entitled "First Lien Assignment of Developer's Rights" dated January 13, 2006, executed by LBREP/L-SunCal Summerwind Ranch LLC, a Delaware limited liability company recorded January 23, 2006, Instrument No. 2006-0050759, of Official Records.

Reference is hereby made to said document for full particulars.

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage

66.    **A deed of trust** to secure an indebtedness in the amount shown below, and any other obligations
secured thereby

Amount:                 $85,000,000.00
Dated:                  January 19, 2006
Trustor:                LBREP/L-SunCal Summerwind Ranch LLC, a Delaware limited liability
                        company
Trustee:                Fidelity National Title Insurance Company, a California corporation
Beneficiary:            Lehman Commercial Paper Inc.
Loan No.:               None Shown
Recorded:               January 23, 2006, Instrument No. 2006-0050760, of Official Records


An agreement to modify the terms and provisions of said deed of trust as therein provided

Executed by:            LBREP/L-SunCal Summerwind Ranch LLC, a Delaware limited liability
                        company
Recorded:               June 5, 2006, Instrument No. 006-0406034, of Official Records


67.    **Matters** contained in that certain document entitled "Second Lien Assignment of Developer's Rights"
dated January 13, 2006, executed by LBREP/L-SunCal Summerwind Ranch LLC, a Delaware limited
liability company recorded January 23, 2006, Instrument No. 2006-0050761, of Official Records.

Reference is hereby made to said document for full particulars.


68.    **Matters** contained in that certain document entitled "Memorandum and Agreement to Pay Additional
Purchase Price" dated June 2, 2006, executed by and between Oak Valley Partners, L.P., a Texas
limited partnership and LBREP/L-SunCal Summerwind Ranch LLC, a Delaware limited liability company
recorded June 5, 2006, Instrument No. 006-0406035, of Official Records.

Reference is hereby made to said document for full particulars.


69.    **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in a
document.

Granted to:             City of Calimesa
Purpose:                Public road and highway
Recorded:               March 27, 2006, Instrument No. 006-0215951, of Official Records


Affects:                Parcel 2


**END OF SCHEDULE B – PART I**

**SCHEDULE B**

**PART II**

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest:

**NONE**
**END OF SCHEDULE B – PART II**



THIS MAP WAS PREPARED FOR ASSESSMENT PURPOSES ONLY. NO LIABILITY IS ASSUMED FOR THE ACCURACY OF THE DATA SHOWN. ASSESSOR'S PARCEL MAY NOT COMPLY WITH LOCAL LOT-SPLIT OR BUILDING SITE ORDINANCES.
SEC.21 22 27 28 33 34 T.2S.,R.2W
CITY OF CALIMESA
T.R.A. 022-042 022-063
022-045 056-006
022-046 056-034
022-060 097-024
022-062 097-028
413 - 17
15-35
FEB 1 6 2006
PIQ
CANYON RD.
TIMOTEO
SAN
TRA 022-045
TRA 022-060
TRA 056-034
TRA 056-006
TRA 056-008
TRA 097-024
TRA 022-042
POR PAR 5
POR PAR 4
POR PAR 10
POR PAR 3
59.59AC
79.81AC
40 AC
57.79AC
32.7AC
14.6AC
62.80 AC ML
This Map is being furnished as a convenience to locate the herein described land in relation to adjoining streets and other lands. The Company does not guarantee dimensions, distances, bearings, or acreage stated thereon, nor is it intended to illustrate legal building sites or supersede City or County ordinances, i.e. zoning and building codes, etc. Official information concerning the use of any parcel should be obtained from local government agencies.
DATA - GLO PLAT 2/3/1897
MB 1/22SB, MB 1/60 SB
RS 6/30, RS 73/61-74
CO SU MAP 102-J, CO SU MAP 798-KK
CO. SUR. MAP 49-H NOBLE TRACT (UNRECORDED)
PM 147/33-34 PARCEL MAP NO. 19014
PM 209/31-38 PARCEL MAP NO. 31922
ASSESSOR'S MAP BK. 413 PG. 17
Riverside County, Calif.
Nov 2005
MAR 0 3 2006



THIS MAP WAS PREPARED FOR ASSESSMENT PURPOSES ONLY. NO LIABILITY IS ASSUMED FOR THE ACCURACY OF THE DATA SHOWN. ASSESSOR'S PARCEL MAY NOT COMPLY WITH LOCAL LOT-SPLIT OR BUILDING SITE ORDINANCES.
FEB 1 6 2006
SEC.15 22 T.2S.,R.2W
CITY OF CALIMESA
T.R.A. 022-045
022-062
413-16
15-6
411
21
POR PAR 9
53.62 AC ML
POR PAR 5
105.47 AC ML
POR PAR 10
POR PAR 6
10.84 AC ML
TRA 022-045
TRA 022-062
POR PAR 6
8.13 AC ML
POR PAR 5
81.58 AC ML
POR PAR 10
PIQ
PIQ
DATA: G.L.O.
This Map is being furnished as a convenience to locate the herein described land in relation to adjoining streets and other lands. The Company does not guarantee dimensions, distances, bearings, or acreage stated thereon, nor is it intended to illustrate legal building sites or supersede City or County ordinances, i.e. zoning and building codes, etc. Official information concerning the use of any parcel should be obtained from local government agencies.
ASSESSOR'S MAP BK413 PG.16
Riverside County, Calif.
PM 209/31-38 PARCEL MAP NO. 31922
Dec 2005



413-20
15-34-4

SEC.23 T.2S.,R.2W
CITY OF CALINESA

T.R.A. 022-007
022-043
022-044
022-050
022-054
022-061

SHADY BROOK DR.

INTERSTATE 10 FREEWAY

PIQ

PIQ

This Map is being furnished as a convenience to locate the
herein described land in relation to adjoining streets and other
lands. The Company does not guarantee dimensions,
distances, bearings, or acreage stated thereon, nor is it
intended to illustrate legal building sites or supersede City or
County ordinances, i.e. zoning and building codes, etc.
Official information concerning the use of any parcel should
be obtained from local government agencies.

THIS MAP WAS PREPARED FOR ASSESSMENT PURPOSES ONLY. NO LIABILITY
IS ASSUMED FOR THE ACCURACY OF THE DATA SHOWN. ASSESSOR'S PARCEL
MAY NOT COMPLY WITH LOCAL LOT-SPLIT OR BUILDING SITE ORDINANCES.

FEB 16 2006

ASSESSOR'S MAP BK413 PG.20
Riverside County, Calif.

PM 209/31-38   PARCEL MAP NO. 31922

Jan 2006



This Map is being furnished as a convenience to locate the herein described land in relation to adjoining streets and other lands. The Company does not guarantee dimensions, distances, bearings,or acreage stated thereon, nor is it intended to illustrate legal building sites or supersede City or County ordinances, i.e. zoning and building codes, etc. Official information concerning the use of any parcel should be obtained from local government agencies.

PIQ

PIQ

SAN TIMOTEO CANYON RD.



SEC. 23 24 26 T.2S., R.2W
CITY OF CALIMESA

T.R.A. 022-049
022-061
022-006

413-19
15-34-5
15-34-2
413.28

THIS MAP WAS PREPARED FOR ASSESSMENT PURPOSES ONLY. NO LIABILITY IS ASSUMED FOR THE ACCURACY OF THE DATA SHOWN. ASSESSOR'S PARCEL MAY NOT COMPLY WITH LOCAL LOT-SPLIT OR BUILDING SITE ORDINANCES.

APR 19 2006

PIQ

PIQ

PIQ

WOODHOUSE ROAD

FREEWAY 10

This Map is being furnished as a convenience to locate the
herein described land in relation to adjoining streets and other
lands. The Company does not guarantee dimensions,
distances, bearings, or acreage stated thereon, nor is it
intended to illustrate legal building sites or supersede City or
County ordinances, i.e. zoning and building codes, etc.
Official information concerning the use of any parcel should
be obtained from local government agencies.

1/60 SB LANDS OF JAMES SINGLETON
PM 209/31-38  PARCEL MAP NO. 31922

ASSESSOR'S MAP BK413 PG.19
Riverside County, Calif.

MAY 04 2006

Apr 2006



THIS MAP WAS PREPARED FOR ASSESSMENT PURPOSES ONLY. NO LIABILITY IS ASSUMED FOR THE ACCURACY OF THE DATA SHOWN. ASSESSOR'S PARCEL MAY NOT COMPLY WITH LOCAL LOT-SPLIT OR BUILDING SITE ORDINANCES.
MAY 1 5 2006
SEC.25 26 T.2S.,R.2W
CITY OF CALIMESA
T.R.A. 002-055
002-062
022-005
022-017
413-29
413-30,15-35
1" = 800'
ANGLE = 0
COOPER DR
WOODHOUSE RD
ROBERT ROAD
FREEWAY 10
DESERT LAWN DR
PALMER AVE
POR PAR 2
123.88 AC M/L
144.94 AC M/L
15.50 AC M/L
32.21 AC M/L
POR PAR 1
POR PAR 9
LOT F
LOT I
TRA 022-085
TRA 022-017
TRA 022-005
TRA 022-062
TRA 002-055
PIQ
This Map is being furnished as a convenience to locate the herein described land in relation to adjoining streets and other lands. The Company does not guarantee dimensions, distances, bearings, or acreage stated thereon, nor is it intended to illustrate legal building sites or supersede City or County ordinances, i.e. zoning and building codes, etc. Official information concerning the use of any parcel should be obtained from local government agencies.
DATA: G.L.O. 6-28-1883, RS 69/42-45
RS 109/7-13
ASSESSOR'S MAP BK413 PG.29
Riverside County, Calif.
MB 1/60 S. B. LANDS OF JAMES SINGLETON
PM 210/20-27 PARCEL MAP NO. 31865
PM 209/31-38 PARCEL MAP NO. 31922
May 2006



THIS MAP WAS PREPARED FOR ASSESSMENT PURPOSES ONLY. NO LIABILITY IS ASSUMED FOR THE ACCURACY OF THE DATA SHOWN. ASSESSOR'S PARCEL MAY NOT COMPLY WITH LOCAL LOT-SPLIT OR BUILDING SITE ORDINANCES.
SEC.25 26 27 34 35 36 T.2S.,R.2W
CITY OF CALIMESA
T.R.A. 002-056
022-018
022-063
413-46
AUG 09 2006
1" = 800'
ANGLE = 0
26
PIQ
PIQ
SAN TIMOTEO CANYON ROAD
SINGLETON ROAD
PALMER AVE
CITY OF CALIMESA
COUNTY OF RIVERSIDE
TRA 022-018
TRA 002-056
TRA 022-063
POR PAR 35
POR PAR 34
POR PAR 33
POR PAR 32
POR PAR 1
PAR 7
29.10 AC NT
POR PAR 4
48.38 AC ML
POR PAR 3
33.39 AC ML
POR PAR 2
34.47 AC ML
POR PAR 6
7.44 AC ML
POR PAR 5
5.94 AC ML
POR PAR 8
16.78 AC ML
POR PAR 8
10.68 AC ML
POR PAR 9
2.21 AC ML
This Map is being furnished as a convenience to locate the herein described land in relation to adjoining streets and other lands. The Company does not guarantee dimensions, distances, bearings, or acreage stated thereon, nor is it intended to illustrate legal building sites or supersede City or County ordinances, i.e. zoning and building codes, etc. Official information concerning the use of any parcel should be obtained from local government agencies.
PM 149/27-35 PARCEL MAP NO. 19015
PM 210/20-27 PARCEL MAP NO. 31865
PM 209/31-38 PARCEL MAP NO. 31922
PM 216/47-52 PARCEL MAP NO. 32776
DATA: RS 109/7-13
ASSESSOR'S MAP BK413 PG.46
Riverside County, Calif.
Aug 2006

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Company insures the insured against loss or damage sustained in the event that, at Date of Policy:

1.      According to applicable zoning ordinances and amendments thereto, the land is not classified Zone SP-1 Oak Valley.

2.      The following use or uses are not allowed under that classification:

Commercial and Residential

There shall be no liability under this endorsement based on:

(a)     Lack of compliance with any conditions, restrictions, or requirements contained in the zoning ordinances and amendments thereto mentioned above, including but not limited to the failure to secure necessary consents or authorizations as a prerequisite to the use or uses.

(b)     The invalidity of the ordinances and amendments thereto mentioned above until after a final decree of a court of competent jurisdiction adjudicating the invalidity, the effect of which is to prohibit the use or uses.

(c)     The refusal of any person to purchase, lease or lend money on the estate or interest covered by this policy.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

Formerly ALTA Endorsement Form 3 (Zoning – Unimproved Land) (1/17/04)
Washington Form W-123.1
CLTA Form 123.1 (1/17/04)

## ENDORSEMENT

Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.  The invalidity or unenforceability of the lien of the insured mortgage resulting from the provisions therein which provide for changes in the rate of interest.

2.  Loss of priority of the lien of the insured mortgage as security for the unpaid principal balance of the loan, together with interest as changed in accordance with the provisions of the insured mortgage, which loss of priority is caused by the changes in the rate of interest.

"Changes in the rate of interest", as used in this endorsement, shall mean only those changes in the rate of interest calculated pursuant to the formula provided in the insured mortgage at Date of Policy.

This endorsement does not insure against loss or damage based upon (a) usury, or (b) any consumer credit protection or truth in lending law.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated: February 9, 2007

Fidelity National Title
INSURANCE COMPANY



Countersigned

DUPLICATE ORIGINAL

2 of 23
Formerly ALTA Endorsement Form 6 (Variable Rate Mortgage) (1/17/04)
Colorado Form 110.7
Washington Form W-111.5
CLTA Form 111.5 (1/17/04)

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the Insured against loss or damage sustained by reason of lack of priority of the lien of the Insured mortgage over:

(a)     any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

(b)     any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.    The existence at Date of Policy of any of the following:

(a)    Covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.

(b)    Unless expressly excepted in Schedule B:

(1)    Present violations on the land of any enforceable covenants, conditions or restrictions, and any existing improvements on the land which violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.

(2)    Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land which, in addition, (i) establishes an easement on the land; (ii) provides a lien for liquidated damages; (iii) provides for a private charge or assessment; (iv) provides for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.

(3)    Any encroachment of existing improvements located on the land onto adjoining land, or any encroachment onto the land of existing improvements located on adjoining land.

(4)    Any encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.

(5)    Any notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.

2.    Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the insured, provided the violation results in:

(a)    Invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or

(b)    loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the insured mortgage.

3.    Damage to existing improvements, including lawns, shrubbery or trees:

(a)    which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;

(b)    resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.

4.    Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.

Formerly ALTA Endorsement Form 9
(Restrictions, Encroachments & Minerals) (1/17/04)
Washington Form W-100.2
CLTA Form 100.2 (1/17/04)

5.       Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in paragraphs 1(b)(1) and 5, the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

Formerly ALTA Endorsement Form 9
(Restrictions, Encroachments & Minerals) (1/17/04)
Washington Form W-100.2
CLTA Form 100.2 (1/17/04)

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land to abut upon a physically open street known as San Timoteo Canyon Road.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated: February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

Colorado Form 103.7
CLTA Form 103.7 (6/3/05)

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the insured against loss or damage that the insured shall sustain by reason of the failure of the land to be the same as that delineated on the plat of a survey made by Bruce A. Pierce of Stantec Consulting, dated December 9, 2005, Job No. 31940-10-000.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE  COMPANY

_____
Countersigned

DUPLICATE ORIGINAL

6 of 23

Washington Form W-116.1
CLTA Form 116.1 (9/8/05)

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

**116.4 (modified)**

The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land described in Exhibit A of Schedule A to be contiguous amongst common boundaries.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  February 9, 2007



INSURANCE  COMPANY

_____
Countersigned

DUPLICATE ORIGINAL

7 of 23

Custom Endorsement
SE-55

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

**116.7 modified**

The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land described in Exhibit One of Schedule A to constitute a lawfully created parcels according to the Subdivision Map Act (Section 66410, et seq., of the California Government Code) and local ordinances adopted pursuant thereto.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  February 9, 2007



Countersigned

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Company insures the insured against loss which the insured shall sustain by reason of damage to existing improvements, including lawns, shrubbery or trees resulting from the exercise of any right to use the surface of the land for the extraction or development of the minerals excepted from the description of the land or shown as a reservation in Schedule B.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated: February 9, 2007



Fidelity National Title
INSURANCE COMPANY

Countersigned

Colorado Form 100.29
Washington Form W-100.29
CLTA Form 100.29 (6/3/05)

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

**Non-Imputation**

The Company hereby assures (the Insured) that, notwithstanding the provisions in the policy to the contrary, in the event of loss or damage insured against under the terms of the policy, the Company will not deny its coverage or liability thereunder to [the Insured] on the ground that [the Insured] had knowledge of any matter solely by reason of notice thereof imputed to it through LBREP/L-SUNCAL SUMMERWIND RANCH LLC, a Delaware limited liability company, by operation of law.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, if any, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

Dated: February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

DUPLICATE ORIGINAL

Custom Endorsement
SE-55

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

**Tax Lot**

The Company hereby insures the Insured that the land described in Schedule A is assessed for county or municipal tax purposes as those tax parcels shown on Schedule A, that such parcels include no other land, and that no other tax parcels affect said land.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, if any, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

Custom Endorsement
SE-55

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the Insured against loss or damage which the Insured shall sustain by reason of the entry of a final court order or judgment by a court of competent jurisdiction determining and adjudging:

That the lien of the mortgage referred to in Schedule A is invalid or unenforceable as to the principal and interest due on the note secured thereby, said interest being computed in accordance with the provisions of said mortgage and note, on the ground that the loan evidenced by the note secured thereby is usurious in whole or in part under the laws of the State of .

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: February 9, 2007



Fidelity National Title
INSURANCE COMPANY

—————————————————
Countersigned

Usury Endorsement
SE-25

## ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the insured against loss which the insured shall sustain by reason of damage to existing improvements, including lawns, shrubbery or trees, resulting from the exercise of any right to use the surface of the land for the extraction or development of water excepted from the description of the land or shown as a reservation in Schedule B.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE COMPANY

Countersigned

Washington Form W-103.5
CLTA Form 103.5 (6/3/05)

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company


The Company hereby insures the named Insured against loss or damage which said Insured shall sustain by reason of the entry of any final court order or judgment issued by a court of competent jurisdiction which denies the Insured the right to enforce the lien of the mortgage referred to in Schedule A on the grounds that the making of the loan constituted a violation of the doing business laws of the State of California.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, if any, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

Doing Business Endorsement
SE-10

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the owner of the indebtedness secured by the mortgage referred to in paragraph 4 of Schedule A against loss which the insured shall sustain as a result of any exercise of the right of use or maintenance of the easement referred to in paragraph 41-44, inclusive, of Schedule B over or through the land.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated: February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

Colorado Form 103.1
Washington Form W-103.1
CLTA Form 103.1 (6/3/05)

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

**Tax Deed**

The Company hereby insured the insured that any tax sale of the general real estate taxes affecting the land underlying the easement insured herein, or any tax deed issued pursuant to any such tax sale, will not result in the loss or termination of said easement insured herein.


     The total liability of the Company under said policy and any endorsements therein shall not exceed, in the aggregate, the face amount of said policy and costs which the company is obligated under the conditions and stipulations thereof to pay.

This endorsement is made a part of the policy and is subject to the schedules, conditions and stipulations therein, except as modified by the provisions hereof.

Dated:  February 9, 2007


**Fidelity National Title**
INSURANCE COMPANY

_____
Countersigned

Custom Endorsement
SE-55

**ENDORSEMENT**
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

### Revolving Credit

For purposes of this endorsement, and notwithstanding any terms or provisions in the attached policy to the contrary, the following terms shall be defined as follows:

"Advance" means any extension of credit (including without limitation the issuance of any letter of credit), on a revolving basis or otherwise, under the Loan Agreement. An Advance consisting of the issuance by the Insured of a letter of credit for the account of the borrower in accordance with the Loan Agreement shall be deemed to occur at the time such letter of credit is issued.

"Loan Agreement" means that certain Revolving Line of Credit Loan Agreement, dated as of June 21, 2006, Fairway Canyon Development, LLC, a Delaware limited liability company, California Bank & Trust, a California banking association, as administrative agent ("Administrative Agent") for the benefit of lenders ("Lender") from time to time party thereto, and Lenders.

The Company hereby insures the Insured that, notwithstanding any terms or provisions in the attached policy to the contrary, Advances made subsequent to the Date of Policy pursuant to the terms of the Loan Agreement which are secured by the insured mortgage, and which are made within 15 years of the Date of Policy, shall be included within the coverage of such policy not to exceed the face amount of such policy and subject to the limitations hereinafter set forth, provided that either (i) the policy subsequent to the Date of Policy or (ii) if said vestee has so transferred said estate or interest, the owner of said estate or interest at the time any such Advance is made is the borrower to whom (or on whose account) such Advance is made. Without limiting the generality of the foregoing, such Advances shall not be deemed to constitute "additional principal indebtedness" under paragraph 8(d) of the conditions and stipulations of the attached policy for the purposes of limiting liability under the provisions thereof.

The Company further insures the Insured against loss or damage which the Insured shall sustain due to the failure of subsequent Advances to have the same priority over liens, encumbrances and other matters disclosed by the public records as Advances secured by the insured mortgages as of the Date of Policy, except for the following matters, if any, disclosed by the public records subsequent to the Date of Policy:

(i)   Federal tax liens or environmental protection liens affecting the estate or interest of the vestee.

(ii)   Liens, encumbrances or other matters, the existence of which are actually known to the Insured prior to date of such Advances, if the Advance is made subsequent to the occurrence of a material default (of which the Insured has actual knowledge) under the terms of the Loan Agreement and prior to the cure or waiver of such Default.

(iii)   Bankruptcies affecting the estate or interest of the vestee prior to the date of such Advances, to the extent that the Insured was not obligated to make any such Advance pursuant to the Loan Agreement.

(iv)   Taxes or assessments of any taxing authority that levies taxes or assessments on real property.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof. This endorsement shall not limit coverage that would otherwise be provided by the policy in the absence of this endorsement.

DUPLICATE ORIGINAL

Custom Endorsement
SE-55

Dated:  February 9, 2007



Fidelity National Title
INSURANCE  COMPANY

_____
Countersigned

Custom Endorsement
SE-55

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company


The Policy is hereby amended by deleting paragraph 7 of Exclusions from Coverage.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.


Dated:  February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

Colorado Form 110.1
Washington Form W-110.1
CLTA Form 110.1 (6/3/05)

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Policy is hereby amended by deleting paragraph 13 of Conditions and Stipulations.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

Colorado Form 110.1
Washington Form W-110.1
CLTA Form 110.1 (6/3/05)

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

In the event a defect, lien, encumbrance or other matter insured against by this policy creates a loss or a series of losses which exceed in the aggregate ten percent (10%) of the amount of insurance shown in Schedule A of this policy, the amount which the Company shall be liable to pay shall be determined without requiring maturity of the entire indebtedness by acceleration or otherwise, and without requiring the insured to pursue its remedies against any properties which secure the indebtedness other than foreclosure upon the premises described in Schedule A.

The liability of the Company under this endorsement shall in no case exceed the diminution in the value of the affected property caused by the defect, lien, or encumbrance or other matter less the liability of the Company for insurance on the affected parcel of any lien or of any mortgage in Schedule B of this policy.

Provided, however, that nothing in this endorsement shall affect or impair the Company's right of subrogation with respect to the insured premises.

Subrogation rights of the Company shall include entitlement to reimbursement for amounts paid under this endorsement should the indebtedness secured by the insured mortgage be repaid or recovered through other securities, such possible repayment or recovery being intended to render loss described herein as contingent. The company reserves the right before paying any amount under this endorsement to obtain reasonable security for its rights of reimbursement.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE  COMPANY

_____
Countersigned

First Loss Endorsement
SE-12

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

Dated as of the date of the policy to which this endorsement is attached.

Notwithstanding Section 9(b) of the Conditions and Stipulations to the contrary, by the issuance of this policy in an amount which is less than the indebtedness secured by the insured mortgage, the Company agrees that if the insured applies all payments made by the borrower to the release of security other than the land described in Schedule A until such time as the aggregate unpaid principal indebtedness is reduced to the amount of this policy, the amount of coverage afforded will not be reduced by such payments. Any subsequent payments which would have the effect of reducing the indebtedness below the amount of this policy will concurrently reduce the coverage under this policy by $1.00 for each $1.00 of principal reduction thereafter made.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

**Tie-In**

The following policies are issued in conjunction with one another:

Dated: February 9, 2007  Policy No.: CAFNT0925-0925-0199-0259902517-FNTIC-2007-06 (McAllister Ranch)
Dated: February 9, 2007  Policy No.: CAFNT0925-0925-0199-0259902519-FNTIC-2007-06 (McSweeny Ranch)


Not withstanding the provisions of Section 7(a)(i) of the Conditions and Stipulations of this policy, the Amount of insurance available to cover the Company's liability for loss of damage under this policy at the time of Payment of Loss hereubder shall be the aggregate of the Amount of Insurance under this policy and the other policies identified above.  At no time shall the Amount of Insurance under this policy and the other policies identified above exceed in the aggregate $75,000,000.00 Subject to the provisions of Section 9(a) of the Conditions and Stipulations of the policies, all payments made by the Company under this policy or any other policies identified above, except the payments made for costs, attorney's fees and expenses, shall reduce the Aggregate Amount of Insurance pro tanto.


This endorsement is made a part of the policy and is subject to all the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  February 9, 2007



Countersigned

Custom Endorsement
SE-55

ENDORSEMENT
Attached to Policy No. CAFNT0925-0925-0199-0259902519-FNTIC-2007-06
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the owner of the indebtedness secured by the mortgage referred to in paragraph  of Part II of Schedule B against loss which the insured shall sustain by reason of the establishment of priority over the lien of the insured mortgage upon the estate or interest referred to in Schedule A of any statutory lien for labor or material attaching to the estate or interest referred to in Schedule A, said priority being based upon the claim that building materials had been delivered to or upon the land, or building operations had commenced thereon, prior to the recordation of the insured mortgage.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  February 9, 2007



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3. Defects, liens, encumbrances, adverse claims or other matters:

   (a) created, suffered, assumed or agreed to by the insured claimant;

   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;

   (c) resulting in no loss or damage to the insured claimant;

   (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material or to the extent insurance is afforded herein as to assessments for street improvements under construction or completed at Date of Policy); or

   (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.

4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.

5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.

7. Any claim which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:

   (i) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or

   (ii) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or

   (iii) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:

   (a) to timely record the instrument of transfer; or

   (b) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

## CONDITIONS AND STIPULATIONS

**1. DEFINITION OF TERMS**

The following terms when used in this policy mean:

(a) "insured": the insured named in Schedule A. The term "insured" also includes

(i) the owner of the indebtedness secured by the insured mortgage and each successor in ownership of the indebtedness except a successor who is an obligor under the provisions of Section 12(c) of these Conditions and Stipulations (reserving, however, all rights and defenses as to any successor that the Company would have had against any predecessor insured, unless the successor acquired the indebtedness as a purchaser for value without knowledge of the asserted defect, lien, encumbrance, adverse claim or other matter insured against by this policy as affecting title to the estate or interest in the land);

(ii) any governmental agency or governmental instrumentality which is an insurer or guarantor under an insurance contract or guaranty insuring or guaranteeing the indebtedness secured by the insured mortgage, or any part thereof, whether named as an insured herein or not;

(iii) the parties designated in Section 2(a) of these Conditions and Stipulations.

(b) "insured claimant": an insured claiming loss or damage.

(c) "knowledge" or "known": actual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of the public records as defined in this policy or any other records which impart constructive notice of matters affecting the land.

(d) "land": the land described or referred to in Schedule A, and improvements affixed thereto which by law constitute real property. The term "land" does not include any property beyond the lines of the area described or referred to in Schedule A, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways, but nothing herein shall modify or limit the extent to which a right of access to and from the land is insured by this policy.

(e) "mortgage": mortgage, deed of trust, trust deed, or other security instrument.

(f) "public records": records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge. With respect to Section 1(a)(iv) of the Exclusions From Coverage, "public records" shall also include environmental protection liens filed in the records of the clerk of the United States district court for the district in which the land is located.

(g) "unmarketability of the title": an alleged or apparent matter affecting the title to the land, not excluded or excepted from coverage, which would entitle a purchaser of the estate or interest described in Schedule A or the insured mortgage to be released from the obligation to purchase by virtue of a contractual condition requiring the delivery of marketable title.

**2. CONTINUATION OF INSURANCE**

**(a) After Acquisition of Title.** The coverage of this policy shall continue in force as of Date of Policy in favor of (i) an insured who acquires all or any part of the estate or interest in the land by foreclosure, trustee's sale, conveyance in lieu of foreclosure, or other legal manner which discharges the lien of the insured mortgage; (ii) a transferee of the estate or interest so acquired from an insured corporation, provided the transferee is the parent or wholly owned subsidiary of the insured corporation, and their corporate successors by operation of law and not by purchase, subject to any rights or defenses the Company may have against any predecessor insureds, and (iii) any governmental agency or governmental instrumentality which acquires all or any part of the estate or interest pursuant to a contract of insurance or guaranty insuring or guaranteeing the indebtedness secured by the insured mortgage.

**(b) After Conveyance of Title.** The coverage of this policy shall continue in force as of Date of Policy in favor of an insured only so long as the insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from the insured, or only so long as the insured shall have liability by reason of covenants of warranty made by the insured in any transfer or conveyance of the estate or interest. This policy shall not continue in force in favor of any purchaser from the insured of either (i) an estate or interest in the land, or (ii) an indebtedness secured by a purchase money mortgage given to the insured.

**(c) Amount of Insurance.** The amount of insurance after the acquisition or after the conveyance shall in neither event exceed the least of:

(i) the Amount of Insurance stated in Schedule A,

(ii) the amount of the principal of the indebtedness secured by the insured mortgage as of Date of Policy, interest thereon, expenses of foreclosure, amounts advanced pursuant to the insured mortgage to assure compliance with laws or to protect the lien of the insured mortgage prior to the time of acquisition of the estate or interest in the land and secured thereby and reasonable amounts expended to prevent deterioration of improvements, but reduced by the amount of all payments made; or

(iii) the amount paid by any governmental agency or governmental instrumentality, if the agency or instrumentality is the insured claimant, in the acquisition of the estate or interest in satisfaction of its insurance contract or guaranty.

**3.  NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT**

The insured shall notify the Company promptly in writing (i) in case of any litigation as set forth in Section 4(a) below, (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title or the estate or interest or the lien of the insured mortgage, as insured, and which might cause loss or damage for which the Company may be liable by virtue of this policy, or (iii) if title to the estate or interest or the lien of the insured mortgage, as insured, is rejected as unmarketable. If prompt notice shall not be given to the Company, then as to the insured all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any insured under this policy unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

**4.  DEFENSE AND PROSECUTION OF ACTIONS; DUTY OF INSURED CLAIMANT TO COOPERATE**

(a)  Upon written request by the insured and subject to the options contained in Section 6 of these Conditions and Stipulations, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy. The Company shall have the right to select counsel of its choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees of any other counsel. The Company will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured against by this policy.

(b)  The Company shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured, or to prevent or reduce loss or damage to the insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy. If the Company shall exercise its rights under this paragraph, it shall do so diligently.

(c)  Whenever the Company shall have brought an action or interposed a defense as required or permitted by the provisions of this policy, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

(d)  In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding, the insured shall secure to the Company the right to so prosecute or provide defense in the action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of the insured for this purpose. Whenever requested by the Company, the insured, at the Company's expense, shall give the Company all reasonable aid (i) in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act which in the opinion of the Company may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured. If the Company is prejudiced by the failure of the insured to furnish the required cooperation, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

**5.  PROOF OF LOSS OR DAMAGE**

In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided the Company, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to the Company within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the insured claimant shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in the above paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this policy as to that claim.

**6.  OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY**

In case of a claim under this policy, the Company shall have the following additional options:

**(a)  To Pay or Tender Payment of the Amount of Insurance or to Purchase the Indebtedness.**

(i)  to pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by the Company, up to the time of payment or tender of payment and which the Company is obligated to pay; or

(ii)  to purchase the indebtedness secured by the insured mortgage for the amount owing thereon together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of purchase and which the Company is obligated to pay.

If the Company offers to purchase the indebtedness as herein provided, the owner of the indebtedness shall transfer, assign, and convey the indebtedness and the insured mortgage, together with any collateral security, to the Company upon payment therefor.

Upon the exercise by the Company of either of the options provided for in paragraphs a(i) or (ii), all liability and obligations to the insured under this policy, other than to make the payment required in those paragraphs, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, and the policy shall be surrendered to the Company for cancellation.

**(b)  To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.**

(i)  to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay; or

(ii)  to pay or otherwise settle with the insured claimant the loss or damage provided for under this policy, together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in paragraphs b(i) or (ii), the Company's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

**7.  DETERMINATION AND EXTENT OF LIABILITY**

This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described

(a)  The liability of the Company under this policy shall not exceed the least of:

(i)  the Amount of Insurance stated in Schedule A, or, if applicable, the amount of insurance as defined in Section 2(c) of these Conditions and Stipulations,

(ii)  the amount of the unpaid principal indebtedness secured by the insured mortgage as limited or provided under Section 8 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage insured against by this policy occurs, together with interest thereon; or

(iii)  the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy.

(b)  In the event the insured has acquired the estate or interest in the manner described in Section 2(a) of these Conditions and Stipulations or has conveyed the title, then the liability of the Company shall continue as set forth in Section 7(a) of these Conditions and Stipulations.

(c)  The Company will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations.

**8.  LIMITATION OF LIABILITY**

(a)  If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, or otherwise establishes the lien of the insured mortgage, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.

(b)  In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(c)  The Company shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of the Company.

(d)  The Company shall not be liable for (i) any indebtedness created subsequent to Date of Policy except for advances made to protect the lien of the insured mortgage and secured thereby and reasonable amounts expended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date of Policy, except construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the land which at Date of Policy were secured by the insured mortgage and which the insured was and continued to be obligated to advance at and after Date of Policy.

**9.  REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY**

(a)  All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto. However, any payments made prior to the acquisition of title to the estate or interest as provided in Section 2(a) of these Conditions and Stipulations shall not reduce pro tanto the amount of the insurance afforded under this policy except to the extent that the payments reduce the amount of the indebtedness secured by the insured mortgage.

(b)  Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made to protect the lien of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than the Amount of Insurance stated in Schedule A.

(c)  Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) of these Conditions and Stipulations.

**10.  LIABILITY NONCUMULATIVE**

If the insured acquires title to the estate or interest in satisfaction of the indebtedness secured by the insured mortgage, or any part thereof, it is expressly understood that the amount of insurance under this policy shall be reduced by any amount the Company may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy.

**11.  PAYMENT OF LOSS**

(a)  No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b)  When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

## 12. SUBROGATION UPON PAYMENT OR SETTLEMENT

**(a) The Company's Right of Subrogation.**

Whenever the Company shall have settled and paid a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued. If requested by the Company, the insured claimant shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The insured claimant shall permit the Company to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, the Company shall be subrogated to all rights and remedies of the insured claimant after the insured claimant shall have recovered its principal, interest, and costs of collection.

**(b) The Insured's Rights and Limitations.**

Notwithstanding the foregoing, the owner of the indebtedness secured by the insured mortgage, provided the priority of the lien of the insured mortgage or its enforceability is not affected, may release or substitute the personal liability of any debtor or guarantor, or extend or otherwise modify the terms of payment, or release a portion of the estate or interest from the lien of the insured mortgage, or release any collateral security for the indebtedness.

When the permitted acts of the insured claimant occur and the insured has knowledge of any claim of title or interest adverse to the title to the estate or interest or the priority or enforceability of the lien of the insured mortgage, as insured, the Company shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any, lost to the Company by reason of the impairment of the insured claimant of the Company's right of subrogation.

**(c) The Company's Rights Against Non-insured Obligors.**

The Company's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

The Company's right of subrogation shall not be avoided by acquisition of the insured mortgage by an obligor (except an obligor described in Section I(a)(ii) of these Conditions and Stipulations) who acquires the insured mortgage as a result of an indemnity, guarantee, other policy of insurance, or bond and the obligor will not be an insured under this policy, notwithstanding Section I(a)(i) of these Conditions and Stipulations.

## 13. ARBITRATION

Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured. All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permit a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

## 14. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT

(a) This policy together with all endorsements, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company. In interpreting any provision of this policy, this policy shall be construed as a whole.

(b) Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the lien of the insured mortgage or of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c) No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

## 15. SEVERABILITY

In the event any provision of this policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

## 16. NOTICES, WHERE SENT

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to the Company at:

**FNF - Southwest Claims Center**
17911 Von Karman Avenue Suite 300
Irvine, CA 92614
Attn: Claims Administration

FORMERLY ALTA Loan Policy (10/17/92)
with Endorsement-Form 1 Coverage