**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Joseph D. Pizzurro
L. P. Harrison 3rd
Cindi M. Eilbott
*Counsel for Plaintiff, Debtor Lehman Brothers
Holdings Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
In re                                                             :    Chapter 11 Case No.
                                                                  :    08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :    (Jointly Administered)
                                                                  :
                        Debtors.                                  :
------------------------------------------------------------------x
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., on behalf                          :
of itself and as assignee of LEHMAN BROTHERS INC.,                :
                                                                  :    Adv. Pro. No. 10-____
                        Plaintiff,                                :
                                                                  :
            v.                                                    :
                                                                  :    **COMPLAINT**
EMC CORPORATION,                                                  :
                                                                  :
                        Defendant.                                :
------------------------------------------------------------------x

8269656

Lehman Brothers Holdings Inc. ("Plaintiff"), as debtor and debtor-in-possession, by its undersigned attorneys, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this adversary proceeding on behalf of itself and as assignee of Lehman Brothers Inc. ("LBI" or "Assignor") under 11 U.S.C. §§ 547(b), 550(a) and 551 to avoid as preferential transfers certain payments that it made to EMC Corporation ("Defendant") on behalf of an antecedent debt during the 90 day period prior to commencing their respective bankruptcy cases in this Court, at which time Plaintiff and the Assignor were presumed to have been insolvent. Specifically, Plaintiff seeks entry of a judgment against the Defendant (i) pursuant to 11 U.S.C. § 547(b), avoiding the Avoidable Transfers (defined below), and (ii) pursuant to 11 U.S.C. §§ 551 and 550(a), automatically preserving the Avoidable Transfers for the benefit of the estate and directing the Defendant to pay to Plaintiff's estate the amount of the Avoidable Transfers, plus interest, fees and costs allowable under applicable law.

## JURISDICTION AND VENUE

2. This adversary proceeding is commenced pursuant to Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as well as sections 547(b) and 550(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code").

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

8269656

5.     Venue is proper in this Court under 28 U.S.C. § 1409(a) because Plaintiff's bankruptcy case is pending in this district.

## THE PARTIES

6.     At the times of the Avoidable Transfers, Plaintiff was a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in New York, New York.

7.     Commencing on September 15, 2008, and periodically thereafter, Plaintiff and certain of its subsidiaries commenced with this Court voluntary cases under the Bankruptcy Code (as applicable, the "Commencement Date"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and, accordingly, are authorized to prosecute preference actions.

8.     On September 19, 2008, the Honorable Gerard E. Lynch of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation of the Debtor, LBI (the "LBI Liquidation Order"), pursuant to the provisions of the Securities Investor Protection Act of 1970 in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, No. 08-CIV-8119 (GEL) (S.D.N.Y. Sept. 19, 2008). The LBI Liquidation Order, *inter alia*, appointed James W. Giddens as SIPA Trustee and removed the proceeding to this Court.

9.     Upon information and belief, during the 90 day period prior to the Commencement Date, Plaintiff or the Assignor made transfers (the "Avoidable

3

8269656

Transfers") to the Defendant on the dates, and in the amounts, listed on **Exhibit 1**, which is expressly incorporated by reference into the Complaint.

10. Upon information and belief, Defendant is a Massachusetts corporation that did or transacted business within the United States, including the State of New York.

### COUNT I – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

11. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 10 as if fully set forth herein.

12. Pursuant to section 547(b) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest of the debtor in possession in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor in possession before such transfer was made, (c) made while the debtor in possession was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

13. During the 90 day period prior to the Commencement Date, Plaintiff or the Assignor made transfers (the "Avoidable Transfers") to the Defendant on the dates, and in the amounts, listed on **Exhibit 1**.

14. The Avoidable Transfers were made to or for the benefit of Defendant, a creditor of Plaintiff or the Assignor.

15. The Avoidable Transfers were for or on account of antecedent debts owed by Plaintiff or the Assignor to Defendant before such transfers were made.

4

16. The Avoidable Transfers were made at a time when, pursuant to section 547(f) of the Bankruptcy Code, Plaintiff and the Assignor are presumed to have been insolvent.

17. At the time Plaintiff or the Assignor made the Avoidable Transfers to Defendant, the debts and liabilities of Plaintiff or the Assignor to the Defendant were unsecured obligations. The Avoidable Transfers thus enabled the Defendant to receive more in satisfaction of its claim against Plaintiff or the Assignor than it would have received in a case under chapter 7 of the Bankruptcy Code had the payment not been made.

18. By reason of the foregoing, Plaintiff is entitled to an order and judgment under section 547 of the Bankruptcy Code avoiding the Avoidable Transfers.

### COUNT II – TO RECOVER AND AUTOMATICALLY PRESERVE PROPERTY FOR THE BENEFIT OF THE ESTATE PURSUANT TO SECTIONS 550(a) AND 551 OF THE BANKRUPTCY CODE

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff is entitled to recover and automatically preserve the Avoidable Transfers for the benefit of the estate pursuant to sections 550(a) and 551 of the Bankruptcy Code, respectively, to the extent they are avoided pursuant to section 547 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant (i) directing Defendant to pay to Plaintiff's estate the amount of the Avoidable Transfers in an amount to be determined that is not less than

5

8269656

$1,939,827.24, plus interest, fees and costs allowable under applicable law and (ii) granting to Plaintiff such other and further relief as may appear just and proper.

Dated: September 15, 2010
      New York, New York

                                  **CURTIS, MALLET-PREVOST,**
                                  **COLT & MOSLE LLP**

                                  By:_____

                                  Joseph D. Pizzurro
                                  L. P. Harrison 3rd
                                  Cindi M. Eilbott
                                  101 Park Avenue
                                  New York, New York 10178-0061
                                  (212) 696-6000
                                  *Counsel for Plaintiff, Debtor Lehman*
                                  *Brothers Holdings Inc.*

6

8269656

## EXHIBIT 1

Schedule of Transfers to Defendant

8269656

Schedule 1

| BANK CLEAR DATE | PAYMENT ID | PAYMENT CURRENCY | PAYMENT METHOD | PAYMENT AMOUNT | INVOICE DATE | INVOICE NUMBER | Preference Amount USD |
|---|---|---|---|---|---|---|---|
| 6/19/2008 | 0002072439 | USD | CHK | $50,000.00 | 4/11/2008 | BES36073 | $50,000.00 |
| 6/20/2008 | 0002072437 | USD | CHK | $199,175.92 | 4/30/2008 | BES36126 | $30,000.00 |
| | | | | | 5/5/2008 | BES36525 | $27,000.00 |
| | | | | | 6/4/2008 | BES36781A | $28,000.00 |
| | | | | | | BES36781B | $24,700.00 |
| | | | | | | BES36782 | $28,350.00 |
| | | | | | | BES36783 | $28,350.00 |
| 6/23/2008 | 0000358516 | USD | ACH | $324,490.00 | 3/17/2008 | BES36885 | $32,775.92 |
| | | | | | 3/31/2008 | BES35632 | $15,000.00 |
| | | | | | 4/16/2008 | BES35695 | $15,000.00 |
| | | | | | 4/30/2008 | BES36085 | $45,000.00 |
| | | | | | 5/5/2008 | BES36120 | $25,000.00 |
| | | | | | 5/30/2008 | BES36369 | $33,000.00 |
| | | | | | 5/30/2008 | BES36558 | $30,000.00 |
| 6/24/2008 | 0000358516 | USD | ACH | $30,000.00 | 5/30/2008 | BES36564 | $20,000.00 |
| 6/25/2008 | 0000358748 | USD | ACH | $25,000.00 | 5/30/2008 | BES36565 | $10,000.00 |
| 6/26/2008 | 0000358977 | USD | ACH | $95,000.00 | 6/4/2008 | BES36786 | $146,490.00 |
| | | | | | 5/30/2008 | BES36700 | $30,000.00 |
| | | | | | 4/30/2008 | BES36559 | $25,000.00 |
| | | | | | | BES36560 | $22,000.00 |
| 7/3/2008 | 0002073478 | USD | CHK | $29,025.00 | 5/5/2008 | BES36561 | $25,000.00 |
| 7/24/2008 | 0002077136 | USD | CHK | $13,598.55 | 6/10/2008 | BES36364 | $29,025.00 |
| | | | | | | 5204050923 | $6,526.00 |
| | | | | | | 5204050924 | $7,072.55 |
| 7/25/2008 | 0000362252 | USD | ACH | $68,000.00 | 3/4/2008 | BES35457A | $28,000.00 |
| 7/28/2008 | 0000362252 | USD | ACH | $25,000.00 | 6/16/2008 | BES36918 | $25,000.00 |
| | 0000362441 | USD | ACH | $504,193.34 | 4/30/2008 | BES36119 | $30,000.00 |
| | | | | | 6/6/2008 | BES36900 | $28,000.00 |
| | | | | | 6/30/2008 | BES37113 | $25,000.00 |
| | | | | | | BES37114 | $22,000.00 |
| | | | | | | BES37115 | $30,000.00 |
| | | | | | | BES37116 | $85,000.00 |
| | | | | | | BES37117 | $28,000.00 |
| | | | | | 7/2/2008 | BES37211A | $25,200.00 |
| | | | | | | BES37211B | $26,000.00 |
| | | | | | | BES37213 | $29,925.84 |
| | | | | | | BES37214 | $32,000.00 |
| | | | | | | BES37215 | $117,067.50 |

Schedule 1

| BANK CLEAR DATE | PAYMENT ID | PAYMENT CURRENCY | PAYMENT METHOD | PAYMENT AMOUNT | INVOICE DATE | INVOICE NUMBER | Preference Amount USD |
|---|---|---|---|---|---|---|---|
| 7/29/2008 | 000362441 | USD | ACH | $26,000.00 | 6/30/2008 | BES37119 | $26,000.00 |
| 8/7/2008 | 000363796 | USD | ACH | $54,675.00 | 7/2/2008 | BES37212 | $28,350.00 |
| | | | | | | BES37216 | $26,325.00 |
| 8/19/2008 | 000365096 | USD | ACH | $45,000.00 | 6/30/2008 | BES37118 | $45,000.00 |
| 8/20/2008 | 002083299 | USD | CHK | $13,598.55 | 7/11/2008 | 520451387 | $6,526.00 |
| | | | | | | 520451388 | $7,072.55 |
| 8/21/2008 | 000365426 | USD | ACH | $40,000.00 | 7/22/2008 | BES37346 | $40,000.00 |
| 8/28/2008 | 000365810 | USD | ACH | $61,500.00 | 7/31/2008 | BES37546 | $22,500.00 |
| 8/29/2008 | 000365810 | USD | ACH | $25,000.00 | 5/23/2008 | BES36514 | $25,000.00 |
| | | | | $14,000.00 | 6/30/2008 | BES37120 | $14,000.00 |
| | 000366053 | USD | ACH | $116,000.00 | 7/31/2008 | BES37541 | $25,000.00 |
| | | | | | | BES37544 | $70,000.00 |
| 9/1/2008 | 000366053 | USD | ACH | $21,000.00 | 7/31/2008 | BES37547 | $21,000.00 |
| 9/2/2008 | 002084435 | USD | CHK | $57,500.00 | 6/4/2008 | BES36788 | $31,500.00 |
| | | | | | 7/2/2008 | BES37335 | $26,000.00 |
| 9/3/2008 | 000366440 | USD | ACH | $161,570.88 | 8/4/2008 | BES37623-A | $30,800.00 |
| | | | | | | BES37625 | $31,350.88 |
| | | | | | | BES37626 | $24,000.00 |
| | | | | | | BES37627 | $75,420.00 |
| 9/4/2008 | 000365538 | USD | ACH | $22,500.00 | 8/22/2008 | BES37764 | $22,500.00 |
| 9/12/2008 | 002086527 | USD | CHK | $74,000.00 | 7/31/2008 | BES37540 | $18,000.00 |
| | | | | | | BES37542 | $28,000.00 |
| | | | | | | BES37543 | $28,000.00 |
| Grand Total | | | | | | | $1,939,827.24 |