# EXHIBIT B

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Main Case No. 08-13555(JMP), Adv. Case No. 08-01420(JMP)

- - - - - - - - - - - - - - - - - - -x

In the Matter of:

LEHMAN BROTHERS HOLDINGS, INC.,

       Debtor.

- - - - - - - - - - - - - - - - - - -x

SECURITIES INVESTOR PROTECTION CORPORATION ET AL,

          Plaintiff,

      v.

LEHMAN BROTHERS, INC.

         Defendant.

- - - - - - - - - - - - - - - - - - -x

        United States Bankruptcy Court

        One Bowling Green

        New York, New York


        May 25, 2010

        11:03 AM


B E F O R E:

HON. JAMES M. PECK

U.S. BANKRUPTCY JUDGE

17

1  from those claimants. Accordingly, debtors do not believe
2  there is any outstanding, unresolved issue with respect to
3  the Sigars' response.
4      Accordingly, for claims objected to on the fifth
5  omnibus objection for which debtors have either not withdrawn
6  or adjourned the objections, the debtors respectfully request
7  that the Court grant the fifth omnibus objection to claims.
8      THE COURT: It's granted.
9      MS. ECKOLS: Thank you.
10     Moving on to omnibus objection number 6, the agenda
11 notes one unresolved response for omni 6 and one resolved
12 response from a pro se claimant that we'll briefly discuss.
13 The unresolved response is from Mr. William Kuntz, and the
14 resolved response is from pro se claimant, Christian Fichtl.
15     I'm going to discuss Mr. Kuntz's objection first. In
16 the sixth omni, debtors objected to one of the nine claims that
17 Mr. Kuntz has pending on the claims register. Mr. Kuntz's
18 response objecting to the expungement of that claim is not well
19 taken. Your Honor, Mr. Kuntz has filed a total of eleven
20 claims in these Chapter 11 proceedings. As you may recall, at
21 the hearing on debtors' fourth omnibus objection to claims, in
22 the fourth omnibus objection, debtors were objecting to two of
23 the eleven claims that Mr. Kuntz had filed, and the basis was
24 on the fact that they had been admitted and superseded.
25     At the hearing, Mr. Kuntz identified which three of

18

the eleven claims that he had filed that he had ultimately wished to have surviving on the claims register. The three claims that Mr. Kuntz identified as being the claims that he wanted to survive were claims 33550, 33551 and 33552. These are not the subject of the sixth omnibus objection to claims.

At the hearing on the fourth omni, Mr. Waisman agreed that those three claims that Mr. Kuntz identified as the ones he wanted to survive on the claims register would remain on the claims register subject to the debtors' right to object to those claims if appropriate later on on the merits.

After the order on the fourth omni was entered, that disposed of two of Mr. Kuntz's eleven claims, which means nine claims for Mr. Kuntz remained on the claims register: The three Mr. Kuntz identified as the claims that he ultimately wishes to pursue and the other six claims that he does not want to pursue. The debtors need to do something with those six claims to clean up the claims register to accurately reflect the number of claims and the amounts that Mr. Kuntz is pursuing in these Chapter 11 cases. If Mr. Kuntz does not withdraw those six claims, which he has not done, then the debtors need to use the objection process to dispose of them.

Accordingly, in the sixth omnibus objection, one of the six extra claims on the claims register for Mr. Kuntz was objected to. And I want to stress again that the three claims that Mr. Kuntz identified as wanting to survive at the omnibus

19

1  hearing on the fourth omni are not on and are not the subject
2  of the sixth omnibus objection to claims.
3       Mr. Kuntz contacted the debtors regarding the sixth
4  omni and in a lengthy e-mail, debtors explained to Mr. Kuntz
5  the situation that I just explained to the Court, that Mr.
6  Kuntz's extra claims on the claims register need to be disposed
7  of and that those claims would either go through the omnibus
8  objection process -- unless Mr. Kuntz object -- opted to
9  withdraw those claims.  Debtors asked Mr. Kuntz to let the
10 debtors know if he would like to withdraw his six extra claims
11 rather than have them go through this objection process.
12      Mr. Kuntz responded by filing a reply that is the one
13 unresolved contested issue on the agenda today.  In the reply,
14 Mr. Kuntz suggests that debtors are not honoring the
15 representations they made at the fourth omnibus claims hearing
16 and state that the debtors have blindsided him.
17      Your Honor, we do not believe that Mr. Kuntz's reply
18 has merit.  Debtors are simply trying to achieve what Mr. Kuntz
19 stated he wanted, which is to have the three claims that he
20 identified as wanting to survive be the only live claims for
21 Mr. Kuntz on the claims register.  If Mr. Kuntz chooses not to
22 assist the debtors in that effort by withdrawing his six extra
23 claims, which he has thus far not agreed to do, then debtors
24 are left with little choice other than using the objection
25 process to dispose of his extra claims and to get an accurate

20

1    claims register that only reflects the three surviving claims
2    he is going to pursue.  Thus, debtors request that the Court
3    grant the sixth omni over Mr. Kuntz's objection.
4         The only other response to discuss on the sixth omni
5    is that submitted by pro se claimant, Christian Fichtl.  This
6    response actually relates to the sixth and seventh omnis and
7    although we did not receive a response from the claimant, we
8    believe the issue is resolved.
9         One of Ms. Fichtl's claims was objected to on omni 6
10   and two of her claims were objected to on omni 7.  Ms. Fichtl
11   submitted a response indicating that two of her claims were, in
12   fact, duplicative and identified which of her claims she wanted
13   to be the surviving claim, which is claim 64075.
14        Accordingly, debtors agreed to make claim 64075 the
15   surviving claim for the two claims that Ms. Fichtl admitted
16   were duplicative and that had been objected to; one on omni 6,
17   one on omni 7.  Debtors also agreed to withdraw the objection
18   to claim 64075 that was in omni 7.  Debtors notified Ms. Fichtl
19   of this and that we believed it addressed her concerns.  We did
20   not receive a response from Ms. Fichtl and thus we believe her
21   response is resolved.
22        Now, Your Honor, I am not sure if Mr. Kuntz is on the
23   line; I don't believe he's in the courtroom today.
24        THE COURT:  Mr. Kuntz, are you on the line?
25        (No response)

21

1  THE COURT: Apparently, he is not. And I don't see

2  Mr. Kuntz in the courtroom, so he's not present today either in

3  person or by phone.

4  MS. ECKOLS: On that -- well, then proceeding for

5  claims objected to on the sixth omni for which debtors have not

6  either withdrawn or adjourned the objections, the debtors

7  respectfully request that the Court grant the sixth omnibus

8  objection to claims.

9  THE COURT: The sixth omnibus objection to claims is

10  granted. I understand the issues that you have very clearly

11  expressed on the record involving the status of Mr. Kuntz's

12  claims, and Mr. Kuntz will have the three surviving claims that

13  you have indicated will continue. The other claims are

14  resolved pursuant to my granting to this omnibus objection.

15  MS. ECKOLS: Thank you, Your Honor.

16  For omnibus objection number 7, the agenda notes two

17  resolved responses for omni 7 that are from pro se individuals.

18  The first is from Christian Fichtl; that was discussed in

19  connection with omni number 6 and having already discussed

20  those issues, I will not go over them again unless the Court

21  requests otherwise. The second resolved response is from pro

22  se claimant, OTP Supra Derivative Bond Fund. And this is

23  another situation where the debtors believe that the matter is

24  resolved although the claimant did not withdraw the objection.

25  Specifically, OTP alerted debtors to the fact that the