# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE GRAND UNION COMPANY, | ) | |
| also d/b/a Big Star, | ) | Chapter 11 |
| | ) | Case No. 95-84 (PJW) |
| | ) | |
| Debtor. | ) | |
| In re: | ) | |
| | ) | |
| GRAND UNION CAPITAL | ) | |
| CORPORATION, | ) | Chapter 11 |
| | ) | Case No. 95-130 (PJW) |
| | ) | |
| Debtor. | ) | |
| In re: | ) | |
| | ) | |
| GRAND UNION HOLDINGS | ) | |
| CORPORATION, | ) | Chapter 11 |
| | ) | Case No. 95-172 (PJW) |
| | ) | |
| Debtor. | ) | |

## ORDER APPROVING SETTLEMENT CONCERNING CLAIMS BY ZERO COUPON NOTEHOLDERS PURSUANT TO BANKRUPTCY RULE 9019

THIS MATTER is before the Court on the Joint Motion of The Grand Union Company ("Grand Union"), Grand Union Capital Corporation ("GUCC") and Grand Union Holdings Corporation ("Holdings" and together with Grand Union and GUCC, the "Debtors") for an order under Bankruptcy Rule 9019 (the "Motion") approving a compromise and settlement relating to claims asserted by holders of GUCC's zero coupon notes (the "Zero Coupon Noteholders") in the Debtors' bankruptcy cases (the "Settlement Agreement")(the form of which is attached to the Motion as Exhibit A). Based on the Motion, the testimony of Frank NiCastro and Jay Bloom in

support thereof, the representations of counsel and the record in this matter and the record in the Debtors' respective bankruptcy cases, and after reviewing the Objection of William Kuntz, III to the Motion (the "Objection"), the Court hereby makes the following findings of fact and conclusions of law:

A. Due and proper notice of the Motion has been given and no further notice is necessary.

B. The proposed compromise represented by the Settlement Agreement is fair and equitable and is in the best interests of the Debtors' respective estates.

C. The Zero Coupon Noteholders have raised a number of complex claims which raise significant factual and legal issues (as defined in the Motion, the "Capital Claims"). Resolution of the Capital Claims by way of litigation would require additional discovery and a hearing with an uncertain outcome.

D. Litigation concerning the Capital Claims already has been costly and time consuming. Continued litigation over the Capital Claims is likely to further delay the resolution of the Debtors' bankruptcy cases to the ultimate detriment of all parties in interest.

E. The Grand Union bankruptcy case is nearing a prompt conclusion with the prospect of significant recoveries for all creditors. Further delays in the conclusion of the Grand Union case will diminish those recoveries.

F. The compromise of the Capital Claims will facilitate the prospect of an expeditious and effective reorganization for Grand Union and a resolution of the GUCC and Holdings bankruptcy cases. The Settlement Agreement permits the parties to the litigation of the Capital Claims to achieve benefits that otherwise might not be available to them if the Capital Claims were litigated to conclusion, without requiring the payment of substantial consideration.

NOW, THEREFORE, for the foregoing reasons, and the reasons stated on the record at the hearing on the Motion, it is hereby ORDERED as follows:

1. The Objection is OVERRULED, the Motion is GRANTED and the Settlement Agreement is APPROVED.

2. The Debtors and their respective officers, directors, and legal representatives are hereby authorized to take such further actions and execute and deliver such further documents that may be reasonably necessary to effectuate the transactions contemplated by the Settlement Agreement.

3. A copy of this Order shall be entered on the dockets in each of the above-captioned bankruptcy cases.

4. This Court shall retain jurisdiction over all matters relating to or arising from the Motion, Settlement Agreement or this Order.

Date: May 18, 1995      _____
United States Bankruptcy Judge