Shai Y. Waisman
Mindy J. Spector
Kevin F. Meade
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                  :
In re                                                             :   Chapter 11 Case No.
                                                                  :   08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :   (Jointly Administered)
                                                                  :
                         Debtors.                                 :
                                                                  :
                                                                  :
------------------------------------------------------------------x
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., on behalf                          :
of itself and as assignee of LEHMAN BROTHERS INC.,                :
                                                                  :
                                                                  :   Adv. Pro. No. 10-___
                         Plaintiff,                               :
                                                                  :
         v.                                                       :
                                                                  :   **COMPLAINT**
                                                                  :
CIENA COMMUNICATIONS INC.,                                        :
                                                                  :
                                                                  :
                         Defendant.                               :
------------------------------------------------------------------x

Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession, by its undersigned attorneys, alleges as follows:

## NATURE OF THE ACTION

1. LBHI brings this adversary proceeding on behalf of itself and as assignee of Lehman Brothers Inc. ("LBI" or "Assignor") under 11 U.S.C. §§ 547(b) and 550(a) to avoid as preferential transfers certain payments made to Ciena Communications Inc. ("Defendant") to or on account of an antecedent debt during the 90 day period prior to commencing their respective cases in this Court, at which time LBHI and the Assignor were presumed to have been insolvent. Specifically, LBHI seeks entry of a judgment against the Defendant (i) pursuant to 11 U.S.C. § 547(b), avoiding the Avoidable Transfers (defined below), and (ii) pursuant to 11 U.S.C. § 550(a), directing the Defendant to pay to LBHI's estate the amount of the Avoidable Transfers, plus interest.

## JURISDICTION AND VENUE

2. This adversary proceeding is commenced pursuant to Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as well as sections 547(b) and 550(a) of title 11 of the United States Code (the "Bankruptcy Code").

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court under 28 U.S.C. § 1409(a) because LBHI's bankruptcy case is pending in this district.

**THE PARTIES**

6.  At the times of the Avoidable Transfers, LBHI was a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in New York, New York.

7.  Commencing on September 15, 2008 (the "Commencement Date"), and periodically thereafter, LBHI and certain of its subsidiaries (the "Debtors") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and, accordingly, are authorized to prosecute preference actions.

8.  On September 19, 2008, the Honorable Gerard E. Lynch of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation of the Debtor, LBI (the "LBI Liquidation Order"), pursuant to the provisions of the Securities Investor Protection Act of 1970 in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, No. 08-CIV-8119 (GEL) (S.D.N.Y. Sept. 19, 2008). The LBI Liquidation Order, *inter alia*, appointed James W. Giddens as SIPA Trustee and removed the proceeding to this Court.

9.  Upon information and belief, Defendant is a Delaware corporation that did or transacted business within the United States, including the State of New York.

### COUNT I – TO AVOID PREFERENTIAL TRANSFERS
### PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

10. LBHI repeats and realleges each and every allegation contained in paragraphs 1 through 9 as if fully set forth herein.

11. Sections 547(b) and 550(a) of the Bankruptcy Code empower a debtor in possession, for the benefit of its estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

12. Pursuant to section 547(b) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

13. Further, pursuant to section 551 of the Bankruptcy Code, any preference avoidable pursuant to section 547(b) of the Bankruptcy Code is automatically preserved for the benefit of the debtor's estate.

14. During the 90-day period prior to the Commencement Date, LBHI or the Assignor made transfers (the "Avoidable Transfers") to the Defendant on the dates, and in the amounts, listed on Exhibit 1, which is expressly incorporated by reference into the Complaint.

15. The Avoidable Transfers were to or for the benefit of Defendant.

16. The Avoidable Transfers were for or on account of antecedent debts owed by LBHI or the Assignor to Defendant before such transfers were made.

17. The Avoidable Transfers were made at a time when, pursuant to 11 U.S.C. § 547(f), LBHI and the Assignor are presumed to have been insolvent.

18. At the time LBHI or the Assignor made the Avoidable Transfers to Defendant, debts and liabilities of LBHI or the Assignor to the Defendant were unsecured obligations. The Avoidable Transfers thus enabled the Defendant to receive more in satisfaction of its claim against LBHI or the Assignor than it would have received in a case under chapter 7 of the Bankruptcy Code had the payment not been made.

19. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as preferential and the money transferred should be returned to LBHI. LBHI is entitled to recover from Defendant an amount to be determined that is not less than $406,688.63, plus interest thereon to the date of payment.

WHEREFORE LBHI respectfully requests that this Court enter judgment against Defendant (i) avoiding the Avoidable Transfers; (ii) directing Defendant to pay to LBHI's estate the amount of the Avoidable Transfers in an amount to be determined that is not less than $406,688.63, plus interest and; (iii) granting to LBHI such other and further relief as may appear just and proper.

Dated:  September 15, 2010
        New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Mindy J. Spector
Kevin F. Meade
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Debtors and Debtors in Possession*

# EXHIBIT 1

08-13555-mg    Doc 11375    Filed 09/15/10    Entered 09/15/10 21:05:55    Main Document
Pg 7 of 8

Schedule 1

| BANK CLEAR DATE | PAYMENT ID | PAYMENT CURRENCY | PAYMENT METHOD | PAYMENT AMOUNT | INVOICE DATE | INVOICE NUMBER | Preference Amount USD |
|---|---|---|---|---|---|---|---|
| 8/4/2008 | 0002080914 | USD | CHK | $406,688.62 | 6/26/2008 | 6037242 | $406,688.63 |
| **Grand Total** | | | | | | | **$406,688.63** |