WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Mindy J. Spector
Peter Gruenberger
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
|   |   |
|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

: 
: 
: 
: 
: 
: 
-------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION, PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO
STAY AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases (together, the "Debtors") for authorization to stay avoidance actions and grant certain

related relief, all as more fully described in the Motion, will be held before the Honorable James

M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander

Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004

(the "Bankruptcy Court"), on **October 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the

"Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Mindy J. Spector, Esq., Peter Gruenberger, Esq. and Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope Davis, Esq., Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq. and Linda Riffkin, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **October 13, 2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 15, 2010
      New York, New York

/s/ Shai Y. Waisman
Mindy J. Spector
Peter Gruenberger
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Mindy J. Spector
Peter Gruenberger
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                   :

**In re**                          :        **Chapter 11 Case No.**
                   :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :       **08-13555 (JMP)**
                   :

                **Debtors.**    :        **(Jointly Administered)**
                   :
-------------------------------------------------------------------x

**DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO**
**STAY AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

          Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors in possession (together, the "<u>Debtors</u>," and collectively

with their non-Debtor affiliates, "<u>Lehman</u>"), submit this motion (the "<u>Motion</u>"), and respectfully

represent:

**<u>Preliminary Statement</u>**

        1.      On September 15, 2008 and periodically thereafter (as applicable, the

"<u>Commencement Date</u>"), the Debtors commenced the largest and most complicated chapter 11

cases in history.  As the Court is aware, as a result of the more than 80 insolvency proceedings that have been commenced with respect to the Debtors' foreign affiliates, the frenetic circumstances under which the Debtors' chapter 11 cases were commenced and the sale of Lehman's North-American capital markets business to Barclays Capital Inc. within days of LBHI's filing, access to Lehman's integrated global financial support and data system was literally shut down and had to be rebuilt.  As a result, the Debtors' review and analysis of prepetition transactions has been extremely difficult and complicated.

2. Notwithstanding the obstacles, the Debtors and the Creditors' Committee (defined below) have been diligently investigating thousands of transactions to determine whether any payments or transfers of the Debtors' interests in property constitute preferential, fraudulent and/or unauthorized transfers that may be avoided under sections 544, 545, 547, 548, 549, 550 and/or 553 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  The statute of limitations to commence certain avoidance actions expires as early as two years from the Commencement Date.  Accordingly, to prevent the loss of avoidance causes of action prior to the expiration of the applicable statute of limitations periods imposed by the Bankruptcy Code, the Debtors commenced 50 actions seeking to avoid or recover significant transfers with respect to over 230 transactions.[1]  Although the Debtors made every effort to minimize the number of adversary proceedings that had to be initiated by seeking tolling agreements, the number of

---

[1] A schedule of the actions involving avoidance claims of the Debtors is attached as <u>Exhibit A</u> to the proposed order.  The Debtors anticipate filing additional avoidance actions in the near future prior to the expiration of the relevant statute of limitation periods if they cannot timely execute tolling agreements with the relevant parties.  The relief requested by this Motion is with respect to all actions involving claims of the Debtors under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code – those that have already been commenced and any additional avoidance action commenced hereinafter by the Debtors (collectively, the "<u>Avoidance Actions</u>").  The Debtors will effectuate service of this Motion on all known and identified defendants or their agents or representatives.

parties and transactions involved presented enormous practical difficulties forcing the Debtors to file the complaints.

3. The Debtors request an immediate stay of the Avoidance Actions and certain related relief potentially to avoid the enormous costs and burdens to all parties and the Court associated with prematurely pursuing active litigation in the Avoidance Actions. Many of the Avoidance Actions involve highly complex transactions and issues such as those presented by the *LBSF v. BNY Corp. Trus. Serv.* adversary proceeding (Adv. Pro. No. 09-01242) (JMP)). Others involve more routine transfers that nonetheless require further fact-intensive analysis. If the Avoidance Actions are not stayed, the Debtors will be forced to divert their resources from conducting further due diligence and actively pursuing consensual resolutions of these matters to responding to discovery demands, engaging in motion practice and preparing for contested proceedings and trials. Not only will wide-scale litigation of the Avoidance Actions drain the Debtors' resources, it would also monopolize the Court's docket.

4. The Debtors have successfully implemented several innovative procedures as an alternative to litigation to efficiently administer these cases. For example, in September 2009, the Court approved alternative dispute resolution procedures for the Debtors' derivative contracts with recovery potential (the "Derivative ADR Procedures"). Under the Derivative ADR Procedures, in less than one year, the Debtors have recovered more than $200 million new dollars for their estates and settled disputes with 35 counterparties without litigation. Additionally, the Debtors have implemented alternative dispute procedures for contested claims,[2]

---

[2] *See* Order Pursuant to Sections 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors [Docket No. 8474] (the "Claims ADR Procedures").

omnibus procedures for the assumption and assignment or settlement of derivative contracts,[3] and protocols to govern the sale of assets that balance the interests of disclosure and creditor input with the practical need to efficiently liquidate estate assets.[4]  All of these protocols are designed to minimize the burden on all parties and the Court of administering these massive cases.  It is the Debtors' intention to make every effort to consensually resolve the disputes raised by the Avoidance Actions through the Derivative ADR Procedures or other means.

5. There is abundant authority for the Court's exercise of discretion to stay the Avoidance Actions.  The Avoidance Actions had to be commenced to preserve significant causes of action and to fulfill the Debtors' fiduciary duties to maximize value for creditors.  The Debtors and the Creditors' Committee recognize (as the Court has previously recognized) that litigation is not necessarily the most efficient path to recover value for the Debtors' estates.  Temporarily staying these proceedings will allow the Debtors to pursue consensual resolutions of claims – whether by settlement or dismissal as appropriate – with minimized costs.  There is no prejudice to the defendants to the Avoidance Actions (the "Avoidance Action Defendants") from the proposed stay and other relief requested herein.  All rights of the parties will be preserved while the stay is in effect.  Staying the Avoidance Actions is in the best interests of the Debtors, their estates and creditors and should be approved.  The Debtors have been informed that the Creditors' Committee supports the relief requested in this Motion.

---

[3] *See* Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts [Docket No. 2257].

[4] *See, e.g.,* Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6004(h) and 9019(a) for the Establishment of Procedures to Dispose of Real Estate Assets and Modification of the Order Establishing Procedures to (I) Restructure, (II) Make New or Additional Debt or Equity Investments in, and/or (III) Enter into Settlements and Compromises in Connection with Existing Real Estate Investments [Docket No. 9633].

**Jurisdiction**

6.　　This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

7.　　The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.　　On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

9.　　On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

10.　　On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.  On March 11, 2010, the Examiner filed its report with the Court [Docket No. 7531].

11.　　On April 14, 2010, the Debtors filed their revised joint chapter 11 plan [Docket No. 8330] and disclosure statement for their revised joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No. 8332].

## Lehman's Business

12.     Prior to the events leading up to these chapter 11 cases, the Debtors were the fourth largest investment bank in the United States.  For more than 150 years, the Debtors have been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide

13.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

14.     Pursuant to section 105(a) of the Bankruptcy Code and Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Bankruptcy Rule 7004(a)(1), the Debtors request a stay of all of the Avoidance Actions and certain related relief as follows:

- ▪ Stay of Avoidance Actions.  All Avoidance Actions will be immediately stayed such that (i) all applicable deadlines (other than those related to completion of service of process) will be indefinitely suspended, (ii) all discovery and pre-trial conferences will not be required or conducted, and (iii) all motion practice and contested hearings or trials will be prohibited; *provided, however,* that during such stay, the Debtors may (a) amend the Avoidance Action complaints, (b) employ the Derivative ADR Procedures or other procedures to attempt to consensually resolve their disputes, (c) enter into settlements of the Avoidance Actions, (d) complete service of the Avoidance Action complaints, (e) seek discovery for the purpose of assisting the Debtors in completing service of the Avoidance Action complaints, and (f) dismiss an Avoidance Action in accordance with Bankruptcy Rule 7041 (the "Stay").  **No Avoidance Action Defendant will be required to respond to, or otherwise answer, the Avoidance Action complaint while the Stay is in effect, and all rights of the Debtors and the Avoidance Action Defendants, including to move to dismiss the Avoidance Action on any basis, will be fully preserved.**

- Notice of Stay.  Upon the entry of an order granting this Motion, the Debtors will file a "notice of stay" on the docket of each Avoidance Action to make clear that responses to the complaint are not required until the Stay is lifted as set forth below.  For those Avoidance Actions that have not yet been commenced, the Debtors file will and serve the "notice of stay" once the Avoidance Action has been commenced.

- Extension of Time to Complete Service of Complaints.  Pursuant to the discretion granted to the Court by Rule 4(m) of the Federal Rules of Civil Procedure, the Debtors will have until 180 days from the filing of the complaints (*i.e.*, a 60-day extension) to complete service in accordance with Bankruptcy Rule 7004 without prejudice to the Debtors' ability to request further extensions.

- Lifting of the Stay.  The Stay over an Avoidance Action may be lifted by (i) the Debtors upon the filing and service of a notice on the applicable Avoidance Action Defendant(s) indicating the Debtors' intention to prosecute such Avoidance Action, or (ii) the Court for good cause shown upon an application by an Avoidance Action Defendant and after notice and a hearing with an opportunity to respond by the Debtors and the Creditors' Committee.  The date of the Debtors' notice of intention to prosecute or the Court's order modifying the Stay will govern the parties' responsive pleading or answer deadlines in the Avoidance Actions and reinstate all applicable Bankruptcy Rules, including rules governing discovery and motion practice.  For example, Avoidance Action Defendants will be required to respond to the complaint within 30 days of the Debtors' notice of intention to prosecute an Avoidance Action.

15.     The Debtors will serve this Motion on the Avoidance Action Defendants to make clear that the Debtors do not intend to prosecute the Avoidance Actions at this time and that no response to the complaint is required until further notice.  **The Debtors will not move to enforce defaults or seek default judgments against the Avoidance Action Defendants for failure to respond to the complaint prior to the entry of an order with respect to this Motion.**

### The Court Should Exercise its Discretion and Issue the Stay

16.     The Court has the power to stay the Avoidance Actions and should exercise its discretion to do so.  Pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). Bankruptcy courts have this inherent power. *See Uni-Rty Corp. v. Guangdong Bldg., Inc. (In re Uni-Rty Corp.)*, No. 96 Civ 4573 (DAB), 1998 WL 299941, at *7 (S.D.N.Y. June 9, 1998); *In re Hagerstown Fiber Ltd. P'ship*, 277 B.R. 181, 199 (Bankr. S.D.N.Y. 2002) (court has inherent power to stay proceedings before it, particularly where stay will promote judicial economy); *Kistler v. Cleveland (In re Cleveland)*, 353 B.R. 254, 260 (Bankr. E.D. Cal. 2006) (staying adversary proceeding pursuant to court's inherent power to stay proceedings before it); *Swift v. Bellucci (In re Bellucci)*, 119 B.R. 763, 770 (Bankr. E.D. Cal. 1990) ("a bankruptcy court has the inherent power to control its docket, including controlling the timing of proceedings on that docket"). The determination whether a stay of proceedings is appropriate "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

17. This Court has already exercised its discretion under section 105(a) of the Bankruptcy Code to manage its docket in these cases. For example, the Claims ADR Procedures specifically preclude claimants from "commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court" in connection with a contested claim. *See* Order Authorizing Claims ADR Procedures, at 2-3. Similarly, through the Derivative ADR Procedures, the Court required counterparties to make good-faith efforts to settle their disputes to try to avoid litigation. For all of the reasons that the Court authorized the Derivative ADR Procedures, the Claims ADR Procedures and the other procedures noted above, the Court should similarly exercise its discretion here and issue the Stay.

18.     Due to the practical difficulties associated with securing tolling agreements from every single counterparty involved in the thousands of transactions that may involve an avoidable transfer, the Debtors were forced to commence the Avoidance Actions or potentially forever lose claims under sections 546(a) or 549(d) of the Bankruptcy Code.  Having preserved their rights, the Debtors propose a practical approach to the Avoidance Actions that will minimize (and potentially eliminate) the costs and burdens to all parties that would be incurred by full-blown litigation of these matters.  If the Stay is issued, the Debtors can focus their efforts on achieving resolutions that will maximize recoveries to creditors.  The Stay will promote judicial economy and also minimize the burdens on the Court from the prosecution of these actions.

19.     Absent the Stay, the Debtors would be forced to litigate all of these matters which will be costly and could take years to complete.  The sheer number and complexity of the Avoidance Actions will require substantial resources and would force the Debtors to simultaneously respond to discovery demands, motions to dismiss and other dispositive motions and to participate in contested matters and trials.  Staying the Avoidance Actions and giving the Debtors an opportunity to try to achieve settlements with the Avoidance Action Defendants, including with respect to potential claim objections that the Debtors could assert against such parties, is a far better alternative than immediate litigation.

20.     There is no prejudice to the Avoidance Action Defendants from the issuance of the Stay.  In fact, the Avoidance Action Defendants will benefit from the Stay inasmuch as they will not need to expend time or resources defending the lawsuits.  The legal rights of the Avoidance Action Defendants and the Debtors are fully preserved while the Stay is

in effect.  And the Avoidance Action Defendants have the right to move the Court for a modification of the Stay for good cause shown at any time.

### The Court Should Extend the Deadline for Service of Process

21.     Rule 4(m) of the Federal Rules of Civil Procedures, made applicable by Bankruptcy Rule 7004(a)(1), requires service of process to be completed within 120 days of the filing of the complaint or such period as may be extended by the Court for good cause shown. Even absent good cause, the Court has the discretion to extend the 120-day service period. *See Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 345 (S.D.N.Y. 1996).  The Debtors request a 60-day extension for a total of 180 days after the filing of the complaints to complete service on the Avoidance Action Defendants.  There are a number of transferees whose identities are not readily available to the Debtors.  Specifically, in one of the Avoidance Actions, the Debtors seek to avoid the involuntary transfer of their right of priority in payment to or for the benefit of individual noteholders and to recover payments made to such noteholders on account of such transfers.  The noteholders are located throughout the world and may have sold their interests. The Debtors need additional time and will probably require third-party discovery[5] to identify such parties and complete service.

### Conclusion

22.     For the reasons set forth herein, the Motion should be granted.  The proposed scope of the Stay is (i) balanced and fair, (ii) does not modify the substantive rights of any of the Avoidance Action Defendants, and (iii) promotes settlements at minimized costs.  The

---

[5] Contemporaneously herewith, Lehman Brothers Special Financing Inc. has filed one motion in an Avoidance Action, Adv. Case No. 10-03547 (JMP), seeking permission to take expedited discovery for the purpose of ascertaining the identification, addresses and noteholder status of the defendant class representatives and completing service.

issuance of the Stay represents a sensible approach to promote the efficient resolution of these disputes without costly litigation and unnecessary expenditure of estate and judicial resources.

23. Similar relief has been granted by this Court in other large chapter 11 cases. *See In re Delphi Corp.*, Case No. 05-44481 (RDD), ¶ 9 (Bankr. S.D.N.Y. Aug. 16, 2007) [Docket No. 9105] (order authorizing stay of approximately 740 avoidance actions and granting other related relief, including ability to amend complaints during pendency of stay and extending deadline for service of process);[6] *In re Enron Corp. et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. May 5, 2004) [Docket No. 18230] (order issuing 90-day stay of discovery in approximately 1,100 avoidance actions to enable the debtors to develop procedures for conducting discovery in a coordinated and efficient manner); *In re Ames Dep't Stores, Inc.*, Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Feb 3, 2004) [Docket No. 2524] (order extending service of process deadline by approximately 120 days with respect to certain preference actions).

## Notice

24. No trustee has been appointed in these chapter 11 cases. No previous request for the relief sought herein has been made by the Debtors to this or any other court. The Debtors have served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors will effectuate service of this Motion on known and identified Avoidance Action Defendants or their agents or representatives.

---

[6] The motion in the *Delphi* cases sought to file complaints under seal, relief not requested herein.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  September 15, 2010
       New York, New York

/s/ Shai Y. Waisman
Mindy J. Spector
Peter Gruenberger
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                        :
**In re**                                               :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :        **08-13555 (JMP)**
                                                        :
                                     **Debtors.**       :        **(Jointly Administered)**
                                                        :
                                                        :
----------------------------------------------------------------x

### ORDER STAYING AVOIDANCE ACTIONS AND GRANTING
### CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a)
### OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

Upon the motion, dated September 15, 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together, the "Debtors"), pursuant to section 105(a) of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil

Procedures, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), to stay each of the adversary proceedings

identified on Exhibit A hereto and any other avoidance actions that may be commenced by the

Debtors under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code

(collectively, the "Avoidance Actions") and to grant certain related relief, all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered June 17, 2010 governing case management and administrative procedures [Docket

No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and

(vii) each of the known and identified defendants to the Avoidance Actions or their agents or

representatives (the "<u>Avoidance Action Defendants</u>"), and it appearing that no other or further

notice need be provided; and a hearing having been held to consider the relief requested in the

Motion; and the Court having found and determined that the relief sought in the Motion is in the

best interests of the Debtors, their estates and creditors, and all parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that all Avoidance Actions are hereby stayed such that (i) all

applicable deadlines (other than those related to completion of service) are indefinitely

suspended, (ii) all discovery and pre-trial conferences shall not be conducted, and (iii) all motion

practice and contested hearings or trials are prohibited; *provided, however*, that during the

effectiveness of such stay, the Debtors may (a) amend the Avoidance Action complaints, (b)

employ the Derivative ADR Procedures or other procedures to attempt to consensually resolve

their disputes, (c) enter into settlements of the Avoidance Actions, (d) complete service of the

Avoidance Action complaints, (e) seek discovery for the purpose of assisting the Debtors in completing service of the Avoidance Action complaints, and (f) dismiss an Avoidance Action in accordance with Bankruptcy Rule 7041 (the "<u>Stay</u>"); and it is further

ORDERED that during the effectiveness of the Stay, no Avoidance Action Defendant shall be required to respond to, or otherwise answer, an Avoidance Action complaint and all rights of the Debtors and the Avoidance Action Defendants, including to move to dismiss an Avoidance Action on any basis, are fully preserved; and it is further

ORDERED that the Debtors shall file a "notice of stay" on the docket of each of the Avoidance Actions; and it is further

ORDERED that the Debtors shall have until 180 days from the filing of each Avoidance Action complaint to complete service on each of the Avoidance Action Defendants to such Avoidance Action without prejudice to the Debtors' ability to request further extensions; and it is further

ORDERED that the Stay of an Avoidance Action may be lifted by (i) the Debtors upon the filing and service of a notice on the applicable Avoidance Action Defendant(s) indicating the Debtors' intention to prosecute such Avoidance Action, or (ii) the Court for good cause shown upon an application by an Avoidance Action Defendant and after notice and a hearing with an opportunity to respond by the Debtors and the Creditors' Committee; and it is further

ORDERED that the date of the Debtors' notice of intention to prosecute an Avoidance Action or the Court's order modifying the Stay over an Avoidance Action shall govern the parties' deadlines to respond to the applicable Avoidance Action complaint; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## (Schedule of Avoidance Actions)

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| 10-03489 (JMP) | BANK OF AMERICA, N.A., successor by merger to LASALLE BANK NATIONAL ASSOCIATION, as Trustee<br>ESP FUNDING I, LTD., as Issuer<br>ESP FUNDING I (DELAWARE) CORP., as Co-Issuer |
| 10-03542 (JMP) | <u>TRUSTEE DEFENDANTS</u><br><br>U.S. BANK NATIONAL ASSOCIATION<br>BANK OF AMERICA NATIONAL ASSOCIATION<br>DEUTSCHE BANK TRUST COMPANY AMERICAS<br>THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION<br>WELLS FARGO BANK NATIONAL ASSOCIATION<br><br><u>ISSUER DEFENDANTS</u><br><br>AIRLIE CDO I, CORP.<br>AIRLIE CDO I, LTD.<br>AIRLIE LCDO I (AVIV LCDO 2006-3)<br>CORP, AIRLIE LCDO I (AVIV LCDO 2006-3), LTD.<br>AIRLIE LCDO II (PEBBLE CREEK 2007-1), CORP.<br>AIRLIE LCDO II (PEBBLE CREEK 2007-1), LTD.<br>AVIV LCDO 2006-1, CORP.<br>AVIV LCDO 2006-1, LTD.<br>AVIV LCDO 2006-2, CORP.<br>AVIV LCDO 2006-2, LTD.<br>BALBOA CDO I, CORP.<br>BALBOA CDO I, LTD.<br>BELLE HAVEN ABS CDO 2005-1, LLC<br>BELLE HAVEN ABS CDO 2005-1, LTD.<br>BELLE HAVEN ABS CDO 2006-1, LLC<br>BELLE HAVEN ABS CDO 2006-1, LTD.<br>EXUM RIDGE CBO 2006-1, CORP.<br>EXUM RIDGE CBO 2006-1, LTD.<br>EXUM RIDGE CBO 2006-2, CORP.<br>EXUM RIDGE CBO 2006-2, LTD.<br>EXUM RIDGE CBO 2006-4, CORP.<br>EXUM RIDGE CBO 2006-4, LTD.<br>EXUM RIDGE CBO 2006-5, CORP.<br>EXUM RIDGE CBO 2006-5, LTD.<br>EXUM RIDGE CBO 2007-1, CORP.<br>EXUM RIDGE CBO 2007-1, LTD.<br>EXUM RIDGE CBO 2007-2, CORP.<br>EXUM RIDGE CBO 2007-2, LTD.<br>GEMSTONE CDO VI CORP.<br>GEMSTONE CDO VI LTD.<br>GREYSTONE CDO SERIES 2008-4 LLC<br>GREYSTONE CDO SPC, FOR THE ACCOUNT OF THE SERIES 2008-4 SEGREGATED PORTFOLIO<br>PEBBLE CREEK LCDO 2006-1, CORP.<br>PEBBLE CREEK LCDO 2006-1, LTD.<br>PEBBLE CREEK LCDO 2007-3, LLC<br>PEBBLE CREEK LCDO 2007-3, LTD.<br>RACE POINT IV CLO, LTD.<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2002-26 TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06- 1-I TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-1-II TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-1-III TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-2-I TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-2-II TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-2-III TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-20AT TRUST<br>SGS HY CREDIT FUND I (EXUM RIDGE CBO 2006-3), LTD.<br>STOWE CDO LLC<br>STOWE CDO SPC, FOR THE ACCOUNT OF THE SERIES 2008-1 SEGREGATED PORTFOLIO |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| | TRADEWINDS II CDO SERIES 2006-1 LLC<br>TRADEWINDS II CDO SPC, FOR THE ACCOUNT OF THE SERIES 2006-1 SEGREGATED PORTFOLIO<br>WHITE MARLIN CDO 2007-1, CORP.<br>WHITE MARLIN CDO 2007-1, LTD |
| 10-03543 (JMP) | U.S. BANK NATIONAL ASSOCIATION, as Trustee<br>MADISON AVENUE STRUCTURED FINANCE CDO I, LTD.<br>MADISON AVENUE STRUCTURED FINANCE CDO I, CORP., as Issuers |
| 10-03544 (JMP) | THE BANK OF NEW YORK MELLON TRUST CO., NATIONAL ASSOCIATION, as Trustee<br>LIBERTY SQUARE CDO I, CORP.<br>LIBERTY SQUARE CDO I, LTD.<br>LIBERTY SQUARE CDO II, LTD.<br>LIBERTY SQUARE CDO II, CORP., as Issuers |
| 10-03545 (JMP) | TRUSTEE DEFENDANTS<br><br>THE BANK OF NEW YORK MELLON CORPORATION<br>BNY CORPORATE TRUSTEE SERVICES LIMITED<br><br>ISSUER DEFENDANTS<br><br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2005-2<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2005-7<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2005- 11<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2005-14<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2005-16<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-5<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-6<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-10<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-11<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-12<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-13<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-14<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-15<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-16<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-17<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-1<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-2<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-3<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-4<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-5<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-7<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-8<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-9<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-10<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-11<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-13<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-14<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-15<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-16<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-17<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-19<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-2<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-3<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-4<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-5<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-6<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-7<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-8<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-9<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-10 |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| | BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-11 |
| | BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-12 |
| | BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-13 |
| | BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-14 |
| | DIADEM CITY CDO LTD. AS ISSUER OF SERIES 2005-1 |
| | DIADEM CITY CDO LTD. AS ISSUER OF SERIES 2008-1 |
| | DIADEM CITY CDO LTD. AS ISSUER OF SERIES 2008-2 |
| | DIADEM CITY CDO LTD. AS ISSUER OF SERIES 2008-3 |
| | JUPITER QUARTZ FINANCE PLC AS ISSUER OF SERIES 2004-1 |
| | JUPITER QUARTZ FINANCE PLC AS ISSUER OF SERIES 2004-2 |
| | LION CITY CDO LTD. AS ISSUER OF SERIES 2006-1 |
| | LION CITY CDO LTD. AS ISSUER OF SERIES 2006-2 |
| | LION CITY CDO LTD. AS ISSUER OF SERIES 2006-3 |
| | LION CITY CDO LTD. AS ISSUER OF SERIES 2006-5 |
| | ONYX FUNDING LTD. AS ISSUER OF SERIES 2004-1 |
| | ONYX FUNDING LTD. AS ISSUER OF SERIES 2005-1 |
| | ONYX FUNDING LTD. AS ISSUER OF SERIES 2006-1 |
| | ONYX FUNDING LTD. AS ISSUER OF SERIES 2008-1 |
| | PEARL FINANCE PLC AS ISSUER OF SERIES 2003-6 |
| | PEARL FINANCE PLC AS ISSUER OF SERIES 2003-8 |
| | PEARL FINANCE PLC AS ISSUER OF SERIES 2005-1 |
| | QUARTZ FINANCE PLC AS ISSUER OF SERIES 2003-1 |
| | QUARTZ FINANCE PLC AS ISSUER OF SERIES 2003-3 |
| | QUARTZ FINANCE PLC AS ISSUER OF SERIES 2003-4 |
| | QUARTZ FINANCE PLC AS ISSUER OF SERIES 2005-1 |
| | QUARTZ FINANCE PLC AS ISSUER OF SERIES 2005-2 |
| | RUBY FINANCE PLC AS ISSUER OF SERIES 2004-2 |
| | RUBY FINANCE PLC AS ISSUER OF SERIES 2004-3 |
| | RUBY FINANCE PLC AS ISSUER OF SERIES 2006-5 |
| | RUBY FINANCE PLC AS ISSUER OF SERIES 2007-3 |
| | RUBY FINANCE PLC AS ISSUER OF SERIES 2008-1 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2004-4 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2004-12 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2005-1 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2005-3 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2005-4 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2005-10 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2005-11 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2006-2 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2006-3 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2006-10 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2006-11 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2007-5 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2007-7 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2007-9 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-1 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-6 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-7 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-8 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-9 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-10 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-11 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-12 |
| | SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-13 |
| | ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-1 |
| | ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-2 |
| | ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-3 |
| | ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-5 |
| | ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-6 |
| | ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-8 |
| | ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-9 |
| | ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-10 |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| | ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-14<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-15<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-16<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-17<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-18<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-19 |
| 10-03546 (JMP) | THE BANK OF NEW YORK MELLON TRUST CO.<br>NATIONAL ASSOCIATION, as Trustee<br>TIAA STRUCTURED FINANCE CDO I, LTD., as Issuer<br>TIAA STRUCTURED FINANCE CDO I, LLC, as Co-Issuer |
| 10-03547 (JMP) | **TRUSTEE DEFENDANTS**<br><br>BANK OF AMERICA NATIONAL ASSOCIATION<br>THE BANK OF NEW YORK MELLON NATIONAL ASSOCIATION<br>BNY CORPORATE TRUSTEE SERVICES LTD.<br>CITIBANK, N.A.,<br>DEUTSCHE BANK TRUST COMPANY AMERICAS<br>U.S. BANK NATIONAL ASSOCIATION<br>WELLS FARGO BANK NATIONAL ASSOCIATION<br><br>**ISSUER DEFENDANTS**<br><br>801 GRAND CDO SPC, f/a/o THE SERIES 2006-1, as Issuer<br>801 GRAND CDO SERIES 2006-1 LLC, as Co-issuer<br>801 GRAND CDO SPC, f/a/o THE SERIES 2006-2, as Issuer<br>801 GRAND CDO SERIES 2006-2 LLC, as Co-issuer<br>ALTA CDO SPC, f/a/o THE SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>ALTA CDO LLC, FOR SERIES 2007-1, as Co-issuer<br>ALTA CDO SPC, f/a/o THE SERIES 2007-2 SEGREGATED PORTFOLIO, as Issuer<br>ALTA CDO LLC, FOR SERIES 2007-2, as Co-issuer<br>BARTON SPRINGS CDO SPC, f/a/o THE SERIES 2005-1 SEGREGATED PORTFOLIO, as Issuer<br>BARTON SPRINGS CDO SERIES 2005-1 LLC, as Co-Issuer<br>BARTON SPRINGS CDO SPC, f/a/o THE SERIES 2005-2 SEGREGATED PORTFOLIO, as Issuer<br>BARTON SPRINGS CDO SERIES 2005-2 LLC, as Co-issuer<br>BLUE POINT CDO SPC, f/a/o THE SERIES 2005-1 SEGREGATED PORTFOLIO, as Issuer<br>BLUE POINT CDO SERIES 2005-1 LLC, as Co-issuer<br>BLUE POINT CDO SPC, f/a/o THE SERIES 2005-2 SEGREGATED PORTFOLIO, as Issuer<br>BLUE POINT CDO SERIES 2005-2 LLC, as Co-issuer<br>CHERRY HILL CDO SPC, f/a/o THE SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>CHERRY HILL CDO LLC THE SERIES 2007-1, as Co-issuer<br>CHERRY HILL CDO SPC, f/a/o THE SERIES 2007-2 SEGREGATED PORTFOLIO, as Issuer<br>CHERRY HILL CDO LLC FOR SERIES 2007-2, as Co-issuer<br>COPPER CREEK CDO SPC, f/a/o SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>COPPER CREEK CDO LLC, as Co-issuer<br>CROWN CITY CDO 2005-2 LIMITED, as Issuer<br>CROWN CITY CDO 2005-2 LLC, as Co-issuer<br>FREEDOM PARK CDO SERIES 2005-1 LIMITED, as Issuer<br>FREEDOM PARK CDO SERIES 2005-1 LLC, as Co-issuer<br>FULLERTON DRIVE CDO LIMITED, as Issuer<br>FULLERTON DRIVE CDO LLC, as Co-issuer<br>GREYSTONE CDO SPC, f/a/o THE SERIES 2006-1 SEGREGATED PORTFOLIO, as Issuer<br>GREYSTONE CDO SERIES 2006-1 LLC, as Co-issuer<br>GREYSTONE CDO SPC, f/a/o THE SERIES 2006-2 SEGREGATED PORTFOLIO, as Issuer<br>GREYSTONE CDO SERIES 2006-2 LLC, as Co-issuer<br>JEFFERSON VALLEY CDO SPC, f/a/o THE SERIES 2006-1 SEGREGATED PORTFOLIO, as Issuer<br>JEFFERSON VALLEY CDO SERIES 2006-1 LLC, as Co-Issuer<br>LAKEVIEW CDO SPC, f/a/o THE SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>LAKEVIEW CDO LLC SERIES 2007-1, as Co-issuer<br>LAKEVIEW CDO SPC, f/a/o THE SERIES 2007-2 SEGREGATED PORTFOLIO, as Issuer<br>LAKEVIEW CDO LLC, f/a/o THE SERIES 2007-2 SEGREGATED PORTFOLIO, as Co-issuer<br>LAKEVIEW CDO SPC, f/a/o THE SERIES 2007-3 SEGREGATED PORTFOLIO, as Issuer |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| | LAKEVIEW CDO LLC, f/a/o THE SERIES 2007-3 SEGREGATED PORTFOLIO, as Co-issuer<br>PANTERA VIVE CDO SPC, f/a/o THE SERIES 2007-1, as Issuer<br>PANTERA VIVE CDO LLC, as Co-issuer<br>PEBBLE CREEK LCDO 2007-2, LTD., as Issuer<br>PEBBLE CREEK LCDO 2007-2, LLC, as Co-issuer<br>PENN'S LANDING CDO SPC, f/a/o THE SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>PENN'S LANDING CDO LLC, as Co-issuer<br>PHOENIX 2002-1 LIMITED, as Issuer<br>PHOENIX 2002-1 LLC, as Co-issuer<br>PHOENIX 2002-2 LIMITED, as Issuer<br>PYXIS ABS CDO 2007-1 LTD., as Issuer<br>PYXIS ABS CDO 2007-1 LLC, as Co-issuer<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2005-19-C TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2005-21-C TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-1-C TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2007-4-C TRUST<br>RAACLC TRUST, SERIES 2003-A<br>RUBY FINANCE PLC, f/a/o THE SERIES 2005-1, as Issuer<br>RUBY FINANCE PLC, f/a/o THE SERIES 2006-4, as Issuer<br>RUBY FINANCE PLC, f/a/o THE SERIES 2007-1, as Issuer<br>SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LIMITED SPC,<br>  f/a/o THE SERIES 2007-1 FEDERATION A-1 SEGREGATED PORTFOLIO, as Issuer<br>SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LIMITED SPC,<br>  f/a/o THE SERIES 2007-1 FEDERATION A-2 SEGREGATED PORTFOLIO, as Issuer<br>SOLAR V CDO SPC, f/a/o THE SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>SOLAR V CDO LLC, as Co-issuer<br>STOWE CDO SPC, f/a/o THE SERIES 2006-1SEGREGATED PORTFOLIO, as Issuer<br>STOWE CDO SERIES 2006-1 LLC, as Co-issuer<br>SUNSET PARK CDO LIMITED SPC, f/a/o THE SERIES 2005-5 SEGREGATED PORTFOLIO, as Issuer<br>SUNSET PARK CDO SERIES 2005-5 LLC, as Co-issuer<br>SUNSET PARK CDO SERIES 2005-6 LIMITED, as Issuer<br>SUNSET PARK CDO SERIES 2005-6 LLC, as Co-issuer<br>SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LIMITED SPC,<br>  f/a/o THE SERIES 2007-1 TABXSPOKE (07-1 40-100) SEGREGATED PORTFOLIO, as Issuer<br>SERIES 2007-1 TABXSPOKE (07-1 40-100) LLC, as Co-issuer<br>TAVARES SQUARE CDO LIMITED, as Issuer<br>TAVARES SQUARE CDO LLC, as Co-issuer<br>VOX PLACE CDO LIMITED, as Issuer<br>VOX PLACE CDO LLC, as Co-issuer<br><br>NOTEHOLDER DEFENDANTS<br><br>AC CAPITAL PARTNERS LTD.<br>ACA FINANCIAL GUARANTY CORPORATION<br>ASTERI GROUP LTD.<br>BABSON CAPITAL MANAGEMENT<br>BANK OF CHINA<br>BARCLAYS BANK PLC<br>BASIS YIELD ALPHA CAPITAL<br>BASIS CAPITAL PTY LIMITED<br>BLUE CROSS BLUE SHIELD<br>BEAR STEARNS ASSET MANAGEMENT<br>BENEFICIAL LIFE INSURANCE CO.<br>BLACKROCK, INC.<br>CALYON NEW YORK<br>CANADIAN IMPERIAL BANK OF COMMERCE<br>CENTRAL REINSURANCE CORP.<br>CHEYNE CAPITAL MANAGEMENT (UK) LLP<br>CITIGROUP ALTERNATIVE INVESTMENTS LLC<br>CSFB ALTERNATIVE CAPITAL I<br>CSFB CDO-CITI<br>THE DAEGU BANK, LTD. |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| | DELAWARE INVESTMENT ADVISORS INC. |
| | DELAWARE MANAGEMENT BUSINESS TRUST |
| | DELPHI FINANCIAL GROUP, INC. |
| | DEXIA, EDISON INTERNATIONAL |
| | EQUITY GROUP, INC. |
| | ETHIAS SA |
| | FAXTOR SECURITIES BV |
| | GARADEX INC. |
| | GARLAND INVESTMENT MANAGEMENT INC. |
| | GATEX PROPERTIES INC. |
| | GOLDMAN SACHS US MORTGAGES SAI FUND |
| | GORDON RAUSSER |
| | GORDON RAUSSER (DEFINED BENEFIT PENSION PLAN) |
| | GORDON RAUSSER (IRA) |
| | KUO HUA LIFE INSURANCE, LTD. |
| | IKB DEUTSCHE INDUSTRIEBANK |
| | INTERNATIONAL BANK OF TAIPEI |
| | IRON FINANCIAL |
| | JA HOKKAIDO SHINREN |
| | KOREA'S NATIONAL AGRICULTURAL COOPERATIVE FEDERATION |
| | MAGNETAR CAPITAL |
| | MBIA CAPITAL MANAGEMENT CORPORATION |
| | MKP CAPITAL MANAGEMENT LLC |
| | MODERN WOODMEN |
| | MONEYGRAM USA |
| | THE OCEANIC HEDGE FUND |
| | OHIO PUBLIC EMPLOYEE RETIREMENT SYSTEM |
| | OMICRON INVESTMENT MANAGEMENT GMBH (f/k/a UNIQA ALTERNATIVE INVESTMENTS GMBH) |
| | PB CAPITAL CORPORATION |
| | PRINCETON ADVISORY GROUP, INC. |
| | PRINCIPAL GLOBAL INVESTORS, (EUROPE) LIMITED |
| | PRINCIPAL GLOBAL INVESTORS |
| | RABOBANK INTERNATIONAL NEW YORK BRANCH |
| | RABOBANK GROUP |
| | RGA LLC |
| | ROTHSCHILD ASSET MANAGEMENT INC. |
| | SENECA CAPITAL MANAGEMENT LLC |
| | SENTINEL MANAGEMENT GROUP INC. |
| | SHIELD SECURITIES |
| | SHINHAN BANK |
| | SOUTHERN MISSOURI  BANCORP, INC. |
| | SOCIETE GENERALE |
| | STONE TOWER |
| | SUSQUAHANA BANK |
| | SWISS LIFE LTD. |
| | TAIWAN LIFE |
| | TOM DEPPING |
| | TRAVELERS EXPRESS COMPANY INC. |
| | TRUST CO. OF THE WEST INC. |
| | UNION INVESTMENT GROUP |
| | UNIQA ALTERNATIVE INVESTMENTS |
| | VANDERBILT CAPITAL ADVISORS |
| | VERITAS CAPITAL |
| | WELLS FARGO, NATIONAL ASSOCIATION |
| | ZAIS GROUP, LLC |
| | ZAIS INVESTMENT GRADE LTD |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| 10-03548 (JMP) | AXA, S.A.<br>AXA ASSURANCES VIE MUTUELLE<br>AXA ASSURANCES I.A.R.D. MUTUELLE<br>AXA COURTAGE ASSURANCE MUTUELLE<br>AXA FINANCIAL, INC.<br>ALLIANCEBERNSTEIN L.P. F/K/A/ ALLIANCE CAPITAL MANAGEMENT L.P. |
| 10-03550 (JMP) | ABOVENET COMMUNICATIONS INC. |
| 10-03551 (JMP) | EMC CORPORATION |
| 10-03552 (JMP) | FRAGOMEN, DEL RAY, BERNSEN AND LOEWY, LLP |
| 10-03553 (JMP) | GMAC MORTGAGE CORPORATION |
| 10-03554 (JMP) | STAPLES INC. |
| 10-03555 (JMP) | SUNGARD REFERENCE DATA SOLUTIONS, INC. |
| 10-03556 (JMP) | WEBEX COMMUNICATIONS INC. |
| 10-03557 (JMP) | ALPHA OFFICE SUPPLIES INC. |
| 10-03558 (JMP) | EARTH THEBEAULT INC. |
| 10-03559 (JMP) | HANOVER MOVING CO. INC. |
| 10-03560 (JMP) | EMORTGAGE LOGIC LLC |
| 10-03562 (JMP) | AMBAC ASSURANCE CORPORATION |
| 10-03563 (JMP) | EXCEL MEDIA SYSTEMS INC. |
| 10-03564 (JMP) | RADIANZ AMERICAS INC. |
| 10-03565 (JMP) | GEORGESON INC. |
| 10-03566 (JMP) | HYPOTHECA CAPITA LLC |
| 10-03567 (JMP) | VIDEO CORPORATION OF AMERICA |
| 10-03571 (JMP) | INFORMATION BUILDERS INC. |
| 10-03572 (JMP) | HALIFAX EES TRUSTEES LTD. |
| 10-03574 (JMP) | ANA-DATA CONSULTING INC. |
| 10-03575 (JMP) | INTEGREON MANAGED SOLUTIONS INC. |
| 10-03579 (JMP) | LIBERTY PROPERTY LIMITED PARTNERSHIP |
| 10-03580 (JMP) | OPEN SOLUTIONS INC. |
| 10-03582 (JMP) | AUTOMATED SECURITIES CLEARANCE LTD. |
| 10-03585 (JMP) | LOANPERFORMANCE |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| 10-03587 (JMP) | CLUNE CONSTRUCTION COMPANY L.P. |
| 10-03588 (JMP) | NETZWERKE UND INNOVATIVER COMPUTER-EINSATZ GMBH |
| 10-03590 (JMP) | PEI SYSTEMS INC. |
| 10-03593 (JMP) | CIENA COMMUNICATIONS INC. |
| 10-03596 (JMP) | SPIRAL BINDING COMPANY, INC. |
| 10-03597 (JMP) | MACGREGOR GROUP INC. |
| 10-03598 (JMP) | FIRST AMERICAN RESIDENTIAL VALUE VIEW LLC |
| 10-03599 (JMP) | NORTHROP GRUNMAN CORPORATION |
| 10-03600 (JMP) | TEXAS TOWER LTD. |
| 10-03601 (JMP) | PALM BEACH CENTRE 1 LLC |
| 10-03602 (JMP) | WILLIAMS LEA INC. |
| 10-03603 (JMP) | UCA GLOBAL INC. |
| 10-03604 (JMP) | SATYAM COMPUTER SERVICES LTD. |
| 10-03605 (JMP) | SOS SECURITY INC. |
| 10-03606 (JMP) | STEWART LENDER SERVICES |
| 10-03607 (JMP) | INTERFACE CABLE ASSEMBLIES & SERVICES CORPORATION |
| 10-03608 (JMP) | MIDDLEFIELD PARK |