STROOCK & STROOCK & LAVAN LLP
Melvin A. Brosterman
Quinlan D. Murphy
Benjamin I. Rubinstein
180 Maiden Lane
New York, New York 10038
(212) 806-5400

*Attorneys for Plaintiff Neuberger Berman LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------ x

| | | |
|---|---|---|
| NEUBERGER BERMAN LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Adversary Proceeding No. _____ |
| BROWN BROTHERS HARRIMAN & CO., | : | |
| WESTPAC BANKING CORP., | : | |
| THE FRIDATOR TRUST, | : | |
| HSBC SECURITIES (USA) INC., | : | |
| LEHMAN BROTHERS INC., and | : | |
| LEHMAN BROTHERS COMMERCIAL CORP. | | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------ x

## COMPLAINT FOR INTERPLEADER

The plaintiff, Neuberger Berman LLC ("Neuberger Berman"), by and through its

attorneys, Stroock & Stroock & Lavan LLP, for its Complaint against the defendants, alleges as

follows:

## NATURE OF THE ACTION

1.      This is an action for interpleader and declaratory judgment.  The facts that give rise to the claims for both interpleader and declaratory judgment arise out of a series of currency exchange transactions between Neuberger Berman, on one hand, and certain of the defendants, on the other hand.  The settlement date for each of these currency exchange transactions was September 30, 2008.  Each of these currency exchange transactions was entered into by Neuberger Berman for the account of defendant The Fridator Trust.

2.      Neuberger Berman seeks interpleader of certain of the defendants so that this Court may determine among them their respective rights to funds Neuberger Berman is obligated to pay pursuant to the currency exchange transactions.  Neuberger Berman has no interest in, or claim to, such funds, but has an interest in the expeditious and efficient resolution of potential conflicting ownership claims to the funds that may lead to inconsistent determinations of liability, i.e., double liability, and additional litigation if the claims are not resolved.

3.      Neuberger Berman also seeks a declaration whether, for certain currency exchange transactions, it is owed sums of money from certain defendants.  A declaration from the Court will assist the parties to this lawsuit in determining their respective rights and responsibilities.

## PARTIES

4.      Neuberger Berman is a Delaware limited liability company.

5.      Upon information and belief, defendant Brown Brothers Harriman & Company ("BBH") is a limited partnership with a main office address of 140 Broadway, New York, NY 10005.

6. Upon information and belief, defendant Westpac Banking Corporation ("Westpac") is a corporation organized under the laws of Australia with its principal place of business in Sydney, New South Wales, Australia.

7. Upon information and belief, defendant The Fridator Trust ("Fridator") is organized under the laws of Manitoba, Canada and is located in Amsterdam, The Netherlands.

8. Upon information and belief, defendant HSBC Securities (USA) Inc. ("HSBC") is a Delaware Corporation with its principal place of business in New York, New York.

9. Upon information and belief, defendant Lehman Brothers Commercial Corporation ("LBCC") is a Delaware Corporation with its principal place of business in New York, New York.

10. Upon information and belief, defendant Lehman Brothers Inc. ("LBI") (together with LBCC, "Lehman") is a Delaware Corporation with its principal place of business in New York, New York.

11. On or about October 5, 2008, LBCC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

12. On or about September 19, 2008, a proceeding was commenced against LBI under the Securities Investor Protection Act.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C., §§ 157 and 1334, because the claim set forth herein arises under the Bankruptcy Code, or arises in or is related to the voluntary petition for relief under chapter 11 of the Bankruptcy Code filed by Lehman Brothers Holdings Inc., *et al.* This is a core proceeding pursuant to 28 U.S.C., §§ 157(b)(1) and (b)(2)(A).

14. Interpleader is proper pursuant to Fed. R. Civ. Proc. 22(a) and Fed. R. Bankruptcy Proc. 7022, because the competing claims of Lehman and BBH, and the competing claims of Lehman and Westpac, may expose Neuberger Berman to double liability.

15. Declaratory judgment is proper pursuant to Fed. R. Civ. Proc. 57 and 28 U.S.C. § 2201, because there exist actual, related controversies between and among HSBC, Lehman, Fridator, and Neuberger Berman. The controversies concern which entity is entitled to the proceeds from the currency exchange transactions described herein.

16. Venue is proper in this Court pursuant to 28 U.S.C., § 1409(a) because this adversary proceeding arises in or is related to the above-captioned chapter 11 case.

## FACTS

17. Neuberger Berman manages money for Fridator. Neuberger Berman entered into each of the currency exchange transactions detailed below.

### THE BBH CURRENCY EXCHANGES

18. From on or about July 25, 2008 through on or about September 12, 2008, BBH and Neuberger Berman engaged in a series of currency exchange transactions (the "BBH Currency Exchanges"). The settlement date for the BBH Currency Exchanges was September 30, 2008.

19. Based on the applicable currency exchange rates on the settlement date, Neuberger Berman had a loss on the BBH Currency Exchanges and BBH had a gain (hereinafter the "BBH Currency Proceeds"). Neuberger Berman is presently holding the BBH Currency Proceeds.

20. Upon information and belief, BBH claims that it is entitled to the BBH Currency Proceeds.

4

21. Upon information and belief, Lehman claims that it is entitled to the BBH Currency Proceeds.

## THE WESTPAC CURRENCY EXCHANGES

22. On or about July 29, 2008 and July 30, 2008, Westpac and Neuberger Berman engaged in a series of currency exchange transactions (the "Westpac Currency Exchanges"). The settlement date for the Westpac Currency Exchanges was September 30, 2008.

23. Based on the applicable currency exchange rates on the settlement date, Neuberger Berman had a loss on the Westpac Currency Exchanges and Westpac had a gain (hereinafter the "Westpac Currency Proceeds"). Neuberger Berman is presently holding the Westpac Currency Proceeds.

24. Upon information and belief, Westpac claims that it is entitled to the Westpac Currency Proceeds.

25. Upon information and belief, Lehman claims that it is entitled to the Westpac Currency Proceeds.

## THE HSBC CURRENCY EXCHANGES

26. From on or about July 25, 2008 through September 12, 2008, HSBC and Neuberger Berman engaged in a series of currency exchange transactions (the "HSBC Currency Exchanges"). The settlement date for the HSBC Currency Exchanges was September 30, 2008.

27. Based on the applicable currency exchange rates on the settlement date, Neuberger Berman had a gain on the HSBC Currency Exchanges and HSBC had a loss (hereinafter the "HSBC Currency Proceeds"). HSBC is presently holding the HSBC Currency Proceeds. Neuberger Berman is owed the HSBC Currency Proceeds from HSBC.

28. Upon information and belief, Lehman claims that it is entitled to the payment of the HSBC Currency Proceeds.

29. Upon information and belief, Fridator claims that it is entitled to the payment of the HSBC Currency Proceeds.

30. As a result of the conflicting claims of Neuberger Berman, Fridator, and Lehman, HSBC has retained the HSBC Currency Proceeds, and a matter of actual controversy exists as to whether HSBC owes the HSBC Currency Proceeds to Neuberger Berman, Fridator, or Lehman.

## COUNT I

### INTERPLEADER (AGAINST BBH AND LEHMAN)

31. The plaintiff, Neuberger Berman, repeats and realleges the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. BBH and Lehman may have competing claims to the BBH Currency Proceeds, and the plaintiff may potentially be exposed to double liability on account thereof.

## COUNT II

### INTERPLEADER (AGAINST WESTPAC AND LEHMAN)

33. The plaintiff, Neuberger Berman, repeats and realleges the allegations contained in Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Westpac and Lehman may have competing claims to the Westpac Currency Proceeds, and the plaintiff may potentially be exposed to double liability on account thereof.

## COUNT III

### DECLARATORY JUDGMENT (AGAINST HSBC, LEHMAN, AND FRIDATOR)

35. The plaintiff, Neuberger Berman, repeats and realleges the allegations contained in Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. A substantial and actual controversy exists between and among Neuberger Berman, HSBC, Lehman, and Fridator as to who is entitled to the HSBC Currency Proceeds.

37. Pursuant to 28 U.S.C. § 2201 and 11 U.S.C. § 105(a), this Court has the power to declare and adjudicate the rights and obligations of Neuberger Berman, HSBC, Lehman, and Fridator and to grant such other and further relief as may be necessary to enforce the rights and obligations of the parties to the HSBC Currency Exchanges.

**WHEREFORE**, Neuberger Berman respectfully requests judgment as follows:

(a) requiring Lehman, BBH, and Westpac to interplead concerning their respective claims to the BBH Currency Proceeds and Westpac Currency Proceeds;

(b) restraining and enjoining the defendants from commencing or prosecuting any action seeking amounts from Neuberger Berman due under the any of the Currency Exchanges;

(c) discharging and releasing Neuberger Berman from any and all liability to the defendants arising out of the BBH Currency Exchange and Westpac Currency Exchange upon delivering the BBH Currency Proceeds and Westpac Currency Proceeds in accordance with the judgment of the Court in this case;

(d) declaring the right, title, and interest of Neuberger Berman, HSBC, Lehman, and Fridator to the HSBC Currency Proceeds;

(e) awarding Neuberger Berman its attorney fees, costs, disbursements, and expenses incurred in this action; and

   (f)  awarding such other and further relief as the Court deems just, proper, and equitable.

Dated: New York, New York
   September 16, 2010    STROOCK & STROOCK & LAVAN LLP

              By: /s/ Melvin A. Brosterman
                 Melvin A. Brosterman
                 Quinlan D. Murphy
                 Benjamin I. Rubinstein
                 180 Maiden Lane
                 New York, NY 10038-4982
                 212-806-5400

Attorneys for Plaintiff Neuberger Berman LLC