UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
                              Debtors.        :    (Jointly Administered)
                                              :
------------------------------------------------------------------x

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **UAKARI INVESTMENTS, L.L.C.** | **UBS AG** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Uakari Investments, L.L.C.
PO Box 1415
New York, NY 10150
e-mail: backoffice@uakariinvestments.net
Phone: N/A
Last Four Digits of Acct #: N/A

With a copy to:

Michael Wilson
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8688
Facsimile: (804) 788-8218
e-mail: mwilson@hunton.com

Court Claim # (if known): 15325
Amount of Claim: $459,805,749.49
Amount of Claim to be transferred: $105,750,000.00
Date Claim Filed: September 17, 2009

Name and Address of Transferor:

677 Washington Boulevard
Stamford, CT 06901
Attention: Bert Fuqua, Esq.
Telephone: (203) 719-4038
e-mail: bert.fuqua@ubs.com

**\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***

Name and Address where transferee payments should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Michael Wilson
    Name:  Michael Wilson
    Title:  Authorized Signatory

Date: September 15, 2010

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

## EVIDENCE OF TRANSFER OF CLAIM

TO: Clerk, United States Bankruptcy Court, Southern District of New York

UBS AG, a bank organized under the laws of Switzerland, with offices located at 677 Washington Boulevard, Stamford CT ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of a Transfer of Claim Agreement dated as of October 2, 2009, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to UAKARI INVESTMENTS, L.L.C., its successors and assigns, with an address of P.O. Box 1415, New York, NY 10150 ("Buyer"), a ratable portion equal to $105,750,000.00 of all right, title and interest in and to the claims of Seller against LEHMAN BROTHERS SPECIAL FINANCING INC., docketed as Claim No. 15325 (the "Claim") in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13555 (JMP) (jointly administered).

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this transfer and sale of the Claim as an unconditional assignment and sale and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, dated as of the 19th day of August, 2010.

UBS AG

By: _____
Name: James B. Fuqua
Managing Director and Counsel
Title: Region Americas Legal

By: _____
David Kelly
Name: Managing Director and Counsel
Title: Region Americas Legal

UAKARI INVESTMENTS, L.L.C.

By: _____
Name: Michael Wilson
Title: Authorized Signatory

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)   0000015325 |
| Name of Debtor Against Which Claim is Held<br><br>Lehman Brothers Special Financing Inc. | Case No. of Debtor:<br><br>08-13888 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor; (and name and address where notices should be sent if different from Creditor)<br><br>UBS AG<br>677 Washington Blvd.<br>Stamford, CT 06901<br>Att'n: Bert Fuqua, Esq.<br>Tel.: 203.719.4038<br>Email:bert.fuqua@ubs.com | with copy to:<br>Bingham McCutchen LLP<br>399 Park Avenue<br>New York, NY 10022<br>Att'n: Joshua Dorchak, Esq.<br>212.705.7784<br>joshua.dorchak@bingham.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>(If known)<br><br>Filed on: _____ |
|---|---|---|
| Name and address where payment should be sent (if different from above)<br><br>UBS AG (see above)<br><br>Telephone number:       Email Address: | | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

1.   **Amount of Claim as of Date Case Filed:** no less than $459,805,749.49 - see Appendix

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2.   **Basis for Claim:** Derivative Contract
(See instruction #2 on reverse side.)

3.   Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4.   **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

   Describe: _____

   Value of Property: $_____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____

   **Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

6.   **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7.   **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.   **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

5.   **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   **Amount entitled to priority:**
   $_____

FOR COURT USE ONLY

FILED / RECEIVED
SEP 17 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br><br>Sept. 16, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*/s/ David Kelly*<br>James B. Fuqua<br>Managing Director and Counsel<br>Region Americas Legal<br><br>David Kelly<br>Managing Director and Counsel<br>Region Americas Legal | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

A/73144712.1

- 1 -

## Appendix

This Proof of Claim (this "**Claim**") is filed by UBS AG ("**Claimant**") against Lehman Brothers Special Financing Inc. ("**Debtor**").

This Claim includes several distinct claims that arise from a certain ISDA Master Agreement (as amended, modified, or supplemented from time to time and together with all schedules, exhibits and annexes thereto, the "**ISDA**") between Claimant and Debtor, which Claimant terminated by delivering to Debtor a certain notice of termination, dated September 15, 2008 (the "**Notice**"). These claims are categorized and summarized below.

As this Claim is based on amounts owed by Debtor to Claimant pursuant to a Derivative Contract, Claimant is not required to attach supporting documentation to this Claim. Claimant incorporates herein by reference the Derivative Questionnaire (including any amendments thereof) that will be submitted by Claimant in connection with the ISDA.

## Summary of Claims

1. **Terminated Transactions:** Claim arising from net losses and costs incurred by Claimant, and/or other net amounts owed by Debtor to Claimant, in connection with Terminated Transactions (as defined in the ISDA), after netting the value of Debtor's Posted Collateral (as defined in the ISDA), as follows:

   (a)   Amount owed by Debtor to Claimant arising from Terminated Transactions: no less than $1,255,168,409.42, less

   (b)   Value of Debtor's Posted Collateral held by Claimant: $796,831,144.93

   **Amount:**   **No less than $458,337,264.49**

2. **Posted Collateral:** Claim for the value of Claimant's assets posted by Claimant as Posted Collateral (as defined in the ISDA).

   **Amount:**   **Zero**

3. **Interest:** Claims for payment of interest during the period from the Early Termination Date (as described in the Notice) through the Debtor's commencement date (i.e., October 3, 2008), in the amount of $1,468,485, plus interest after such date, subject to applicable law.

   **Amount:**   **No less than $1,468,485**

4. **Expenses:** Claim for reimbursement of all reasonable out-of-pocket expenses, including, without limitation, legal fees and collection costs, incurred by Claimant by reason of the early termination of the ISDA.

   **Amount:**   **To be determined**

**Total Amount of Claim:   No less than $459,805,749.49, plus amounts to be determined**

A/73144712.1

### Reservation of Rights

This Claim is filed under the compulsion of the bar date established in these chapter 11 proceedings and is filed to protect Claimant from forfeiture of claims by reason of said bar date. Claimant reserves its right to amend and/or supplement this Claim for the purposes and to the extent permitted by applicable law.

Claimant reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted against Claimant by the Debtor, including, without limitation, any rights of setoff and/or recoupment not expressly asserted above. Claimant further reserves all of its rights as against the other debtors in these chapter 11 proceedings, including, without limitation, Lehman Brothers Holdings Inc. in respect of its guarantee of the ISDA.

Claimant further reserves all rights accruing to it, and the filing of this Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of Claimant's rights against any person, entity, or property (including, without limitation, the Debtor or any other person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Claimant to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver, release, or limitation of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a U.S. District Court Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; (vii) an election of remedies; or (viii) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

_[signature]_     9/17/09     305
RECEIVED BY:     DATE     TIME

**HAND DELIVERY**