Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                          :
In re:                                                    :          Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,                    :          08-13555 (JMP)
                                                          :
                                        Debtors.          :          (Jointly Administered)
                                                          :
------------------------------------------------------------------ X

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**IN SUPPORT OF THE MOTION OF LEHMAN COMMERCIAL PAPER INC.**
**PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**
**FOR APPROVAL OF THAT CERTAIN AMENDED AND RESTATED**
**COMPROMISE BY AND AMONG LEHMAN COMMERCIAL PAPER INC.,**
**ALFRED H. SIEGEL, AS CHAPTER 11 TRUSTEE FOR THE SUNCAL**
**DEBTORS, AND THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS IN THE SUNCAL BANKRUPTCY CASES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in

the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. ("LBHI") and

each of its affiliated chapter 11 debtors, as debtors in possession (collectively, the "Debtors"),

hereby files this statement (the "Statement") in support of Lehman Commercial Paper Inc.'s

("LCPI") motion, dated September 2, 2010 [Docket No. 11153] (the "Motion"), pursuant to

sections 105 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the

"Bankruptcy Code"), and Bankruptcy Rule 9019 for approval of that certain amended and

restated compromise (the "<u>Amended Settlement</u>") by and among LCPI, Alfred H. Siegel, as

Chapter 11 Trustee for the SunCal Debtors (the "<u>SunCal Trustee</u>"), and the Official Committee

of Unsecured Creditors in the SunCal Bankruptcy Cases.[1]  In support of the Motion, the

Committee respectfully states as follows:

<u>STATEMENT</u>

      1.     The Committee supports the relief requested in the Motion because, as set

forth in the Motion and the Omnibus Reply,[2] the Amended Settlement (i) is in the best interest of

the Debtors' estates and (ii) more than satisfies the standard applicable to such compromises

under Bankruptcy Rule 9019.  The Amended Settlement will result in a consensual resolution of

nearly every outstanding issue in the SunCal Bankruptcy Cases, while affording to LCPI, *inter*

*alia*, the right (heretofore disputed by the SunCal Trustee) to credit bid at any auction of the

Properties, an allowed claim in an amount that reflects the current value of the Properties, and

the right to all but 3.5% of the proceeds of any sale (under a chapter 11 plan or thereafter) of the

Properties to a third party.  More fundamentally, the Amended Settlement will obviate years of

litigation over the equitable subordination and fraudulent conveyance issues raised by the SunCal

Trustee, while ensuring that the Properties will either be sold to the highest bidder or brought

back under the full control of LCPI, where their ultimate disposition can be more effectively and

profitably managed by the Debtors.

      2.     The objections (the "<u>Objections</u>") filed by the three objectors to the

Motion advance no arguments that should cause the Court to reach a different conclusion.  The

---

[1]     All capitalized terms not defined herein shall have the meanings attributed in the Motion.

[2]     Omnibus Reply to Objections to Motion of Lehman Commercial Paper Inc. Pursuant to Section 105 of the
Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for Approval of That Certain Amended
and Restated Compromise by and Among Lehman Commercial Paper Inc., Alfred H. Siegel, As Chapter 11
Trustee for the SunCal Debtors, and the Official Committee Of Unsecured Creditors In the SunCal
Bankruptcy Cases, dated September 20, 2010 [Docket No. 11456] (the "<u>Omnibus Reply</u>").

2

objection filed by Fidelity National Title Insurance Company ("Fidelity") is more in the nature of

a "reservation of rights" as to arguments about the scope of coverage under LCPI's title

insurance policies, which Fidelity may or may not raise in the future, and which nothing in the

Amended Settlement preclude it from doing so.

   3. The only concern (not otherwise addressed by clarifying changes to the

Order) articulated by Gramercy Warehouse Funding I, LLC, in its capacity as second lien agent,

is that the SunCal Trustee has not conducted adequate "diligence" about the claims against LCPI

that it is releasing under the Amended Settlement to meet his burden in seeking approval of the

Amended Settlement before the SunCal Court.  Apart from the fact that the SunCal Trustee has

indicated that he does not require additional diligence, nothing in Bankruptcy Rule 9019 or

applicable precedent mandates that this Court determine, in the context of evaluating a settlement

that otherwise satisfies the Rule 9019 standard, what another court may or may not need in order

to evaluate a parallel settlement.

   4. Finally, the objection filed by LBREP Lakeside SC Master I, LLC

("LBREP Lakeside") should be overruled because it does not contend that the Amended

Settlement is not in the best interests of LCPI's creditors or adversely impacts, in any direct way,

the rights of third parties.  LBREP Lakeside's only complaints are that (i) the SunCal Trustee is

not also settling with it; and (ii) LCPI will retain under the Amended Settlement a portion of its

entitlement to share in future recoveries from the SunCal estate as an unsecured creditor.  LCPI

plainly cannot dictate – especially when it might imperil its own favorable settlement – with

which other parties the SunCal Trustee elects to settle; and bedrock bankruptcy principles

(reflected in Moore v. Bay, 284 U.S. 4, 5 (1931)) unequivocally permit LCPI to retain its right to

an unsecured distribution from the SunCal estate while relinquishing other rights as a secured

creditor.  There is nothing extraordinary about such an arrangement, and no "perverse incentive"

3

would be created thereby for LCPI to do anything other than what it has done to date – provide

an accurate account in discovery and at trial of what it has consistently maintained is a

transaction that is not properly subject to equitable subordination or fraudulent conveyance

challenge.

## CONCLUSION

For the foregoing reasons, as well as all the others set forth in the Omnibus Reply,

the Committee respectfully requests that the Court (i) overrule the Objections; (ii) grant the relief

requested in the Motion; and (ii) grant the Committee and the Debtors such other relief as is just.

Dated: New York, New York
      September 20, 2010

**MILBANK, TWEED, HADLEY & MᶜCLOY LLP**

By:    /s/ Dennis F. Dunne
       Dennis F. Dunne
       Evan R. Fleck
       Dennis C. O'Donnell

       1 Chase Manhattan Plaza
       New York, New York 10005

       Counsel for Official Committee of Unsecured
       Creditors of Lehman Brothers Holdings Inc., et al.