WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Wasiman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                            :

**In re**                                   :        **Chapter 11 Case No.**
                                            :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                                            :

                              **Debtors.**         :        **(Jointly Administered)**
                                            :

------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING LBHI'S MOTION, PURSUANT TO SECTIONS
105(a), 363 AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 6004 AND 6007, FOR (I) APPROVAL OF SURRENDER AGREEMENT
IN CONNECTION WITH SURRENDER OF REAL PROPERTY LEASE
AND (II) AUTHORIZATION TO ABANDON CERTAIN PERSONAL PROPERTY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

                Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice

and Case Management Procedures [Docket No. 9635] (the "Second Amended Case

Management Order"), the undersigned hereby certifies as follows:

                1.      Lehman Brothers Holdings Inc. ("LBHI," and together with its

affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession, the "Debtors"), filed the Motion, Pursuant to Sections 105(a), 363 and 554 of the

Bankruptcy Code and Bankruptcy Rules 6004 and 6007, for (I) Approval of Surrender

Agreement in Connection With Surrender of Real Property Lease and (II) Authorization to

Abandon Certain Personal Property [Docket No. 10517] (the "Motion") with this Court on

July 28, 2010.

2.     In accordance with the Second Amended Case Management Order,

August 11, 2010 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for

parties to object or file a response to the Motion (the "Objection Deadline").  The Second

Amended Case Management Order provides that pleadings may be granted without a hearing,

provided that no objections have been filed prior to the relevant Objection Deadline and the

attorney for the entity who filed the pleading complies with the relevant procedural and notice

requirements.

3.     On August 9, 2010, Mr. William Kuntz III filed an objection [Docket

No. 10684] (the "Objection") to the Motion.

4.     A hearing on the Motion was held on August 18, 2010.  The matter was

continued to September 22, 2010 so as to allow the parties to exchange information and

attempt to reach an amicable resolution of the Motion and the Objection.

5.     On September 17, 2010, Mr. Kuntz informed the undersigned that he

withdrew the Objection to the Motion.

6.     With the withdrawal of the Objection, and no other objection or

responsive pleading to the Motion having been filed with the Court on the docket of the

above-referenced cases in accordance with the procedures set forth in the Amended Case

Management Order or served on the Debtors' counsel prior to the Objection Deadline, LBHI

respectfully requests that, for the reasons set forth in the Motion, the proposed Order annexed

hereto as <u>Exhibit A</u>, which has not been materially revised since the filing of the Motion, be

entered in accordance with the procedures described in the Second Amended Case

Management Order.

        I declare that the foregoing is true and correct.

Dated: September 20, 2010
       New York, New York

                                     /s/ Shai Y. Waisman
                                     Shai Y. Waisman

                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone: (212) 310-8000
                                     Facsimile: (212) 310-8007

                                     Attorneys for Debtors
                                     and Debtors in Possession

# EXHIBIT A

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                          :        Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :        08-13555 (JMP)
                                                               :
                      Debtors.                         :        (Jointly Administered)
-------------------------------------------------------------------x

ORDER GRANTING LBHI'S MOTION, PURSUANT TO
SECTIONS 105(a), 363 AND 554 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 6004 AND 6007, FOR (I) APPROVAL OF SURRENDER
AGREEMENT IN CONNECTION WITH SURRENDER OF REAL PROPERTYLEASE
AND (II) AUTHORIZATION TO ABANDON CERTAIN PERSONAL PROPERTY

Upon the motion, dated July 28, 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI," and together with its affiliated debtors in the above-referenced chapter

11 cases, as debtors and debtors-in-possession, the "Debtors"), pursuant to sections 105(a),

363(b)(1) and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules

6004 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for

approval of a surrender agreement (the "Surrender Agreement"), dated July 28, 2010, between

LBHI and 85 Tenth Avenue Associates, LLC (as successor-in-interest to Level 3

Communications, LLC, "85 Tenth"), pursuant to which LBHI will (i) surrender that certain

Agreement of Sublease, dated as of November 30, 2001 (as amended, the "Lease"), by and

between LBHI and 85 Tenth, and pay to 85 Tenth $3,500,000 (the "Termination Fee") in

consideration of such surrender, and (ii) abandon any miscellaneous equipment and personal

property ("Personal Property") of LBHI's estate remaining at the Premises, all as more fully

described in the Motion; and upon the declaration of William B. Gordon, dated July 28, 2010, in

support of the Motion; and the Court having jurisdiction to consider the Motion and the relief

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the second amended order entered on June

17, 2010 governing case management and administrative procedures for these cases [Docket No.

9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; (vi) 85 Tenth; and (vii) all parties who have requested notice

in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a

hearing having been held to consider the relief requested in the Motion; and the Court having

found and determined that the relief sought in the Motion is in the best interests of LBHI, its

estate and creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a), 363(b)(1) and 554(a) of the

Bankruptcy Code, LBHI's entry into the Surrender Agreement, attached hereto as Exhibit A, is

approved and, to the extent required by the Surrender Agreement, LBHI is authorized to execute,

deliver, implement and fully perform any and all obligations, instruments, documents and papers

and to take any and all actions reasonably necessary or appropriate to consummate the Surrender

Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that LBHI is authorized to pay the Termination Fee to 85 Tenth on or prior to the Surrender Date; and it is further

ORDERED that, as of the Surrender Date, the Lease is hereby terminated with the same effect as if the Surrender Date were the expiration date set forth in the Lease; and it is further

ORDERED that, as of the Surrender Date, the releases contained in the Surrender Agreement shall be effective and LBHI and 85 Tenth shall be deemed to have released and relieved the other, and their respective successors and assigns and legal representatives from and against all claims, obligations and liabilities of every kind and nature whatsoever arising out of or in connection with the Lease and the premises surrendered, except for any claims arising out of the Surrender Agreement; and it is further

ORDERED that LBHI is authorized to abandon the Personal Property pursuant to section 554(a) of the Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: September __, 2010
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**
**(The Surrender Agreement)**

SURRENDER AGREEMENT

THIS SURRENDER AGREEMENT, made this $28$ day of July, 2010 and effective as of the Effective Date (hereinafter defined), by and between 85 TENTH AVENUE ASSOCIATES, L.L.C., a Delaware limited liability company having an office at 60 Columbus Circle, New York, New York 10023 ("Landlord"), and LEHMAN BROTHERS HOLDINGS INC, a Delaware corporation having an address at 1271 Avenue of the Americas, 38th Floor, New York, New York 10020 ("Tenant").

W I T N E S S E T H

WHEREAS, by Agreement of Sublease, dated as of November 30, 2001, between Level 3 Communications, LLC (predecessor-in-interest to Landlord), and Tenant, as amended (collectively, the "Lease"), Landlord did demise and let unto Tenant, and Tenant did hire and take from Landlord, the Premises (as such term is defined in the Lease), consisting of the seventh (7th) floor in the building (the "Building") known by the street address 85 Tenth Avenue, New York, New York, together with certain ancillary area of the roof level of the Building, as more particularly described in the Lease; and

WHEREAS, Tenant and certain of its affiliates filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), commencing on September 15, 2008 (the "Filing Date"); and

WHEREAS, Tenant desires to surrender to Landlord the Lease and the Premises, and Landlord agrees to accept said surrender, all upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of Ten Dollars ($10), the mutual receipt and legal sufficiency of which are hereby acknowledged, Landlord and Tenant hereby agree as follows:

1.    Unless otherwise defined herein, all capitalized terms used herein shall have the meanings ascribed to such terms in the Lease.

2.    A.    Subject to the provisions of this Agreement, effective as of the Surrender Date (hereinafter defined) Tenant hereby surrenders possession of the Premises to Landlord and, to the intent and purpose that the remainder of the term of the Lease be wholly merged and extinguished, Tenant gives, grants and surrenders all of Tenant's right, title and interest therein and under the Lease (other than those rights, remedies and defenses relating to Claims (hereinafter defined) arising out of this Surrender Agreement which are not released pursuant to this Surrender Agreement). As of the Surrender Date (i) the Lease

and the term thereof and all rights of Tenant (and all persons and entities, including, without limitation, Barclays (hereinafter defined) and Landlord thereunder shall expire and terminate with the same effect as if the Surrender Date were the expiration date set forth in the Lease, and (ii) Landlord shall accept the surrender of the Premises and, except as otherwise set forth in this Surrender Agreement, each of Landlord and Tenant does hereby release and relieve the other, and their respective successors and assigns and legal representatives from and against all claims, obligations and liabilities of every kind and nature whatsoever arising out of or in connection with the Lease and the Premises hereby surrendered (collectively, "Claims"), except for any Claims arising out of this Surrender Agreement.

    B.  For purposes hereof, the "Surrender Date" shall be the date specified in a written notice (the "Surrender Notice") from Landlord to Tenant, which Surrender Date shall be (i) not less than five (5) days after the Surrender Notice has been delivered to Tenant, by hand delivery or by commercial overnight courier service, at the address stated above (Attn: Frank Bartolotta), and (ii) not later than December 31, 2010. The Surrender Notice shall also set forth the Wire Instructions (as hereinafter defined).

    C.  Notwithstanding anything to the contrary contained herein, if Landlord shall have failed or refused to deliver the Surrender Notice by December 25, 2010 (the "Outside Date") for any reason whatsoever (including, without limitation, Landlord's decision, in its sole and absolute discretion, to refuse to deliver the Surrender Notice), then this Surrender Agreement shall be automatically deemed to have been terminated and of no force or effect, and the Lease shall continue in effect in accordance with its terms. Landlord shall have no obligation to deliver the Surrender Notice, and Landlord may elect not to deliver the Surrender Notice, at Landlord's sole discretion, without incurring any liability to Tenant.

    3.  Landlord hereby acknowledges that Barclays Capital Inc. and certain affiliates thereof (collectively, "Barclays") have, with Landlord's consent, been occupying all or a portion of the Premises from and after the Filing Date (such occupation, the "Barclays Occupation"). Tenant represents and warrants to Landlord on behalf of itself, its successors and assigns, that, other than in connection with the Barclays Occupation, it has not, at any time, pledged, hypothecated, assigned or encumbered the Lease or subleased the Premises, or in any other manner whatsoever encumbered the Lease or the Premises, and Tenant hereby covenants, on behalf of itself, its successors and assigns, that, other than in connection with the Barclays Occupation, it will not do any of the foregoing, or permit or suffer any of the foregoing to be done prior to the Surrender Date. For the avoidance of doubt, on or before the Surrender Date, and as a condition thereto, Barclays shall have vacated and surrendered the Premises and all rights in respect thereof

    4.  Tenant shall pay to Landlord all Fixed Rent, Tenant's Operating Payment, Tenant's Tax Payment, and all other items of rental, apportioned as of the Surrender Date, as and when due pursuant to the Lease, and Landlord shall pay to Tenant all refunds or overages as and when due pursuant to the Lease, apportioned as of the Surrender

Date. The provisions of this Paragraph 4 shall survive the Surrender Date.

5.    On or before the Surrender Date, and as a condition thereto, the Premises shall be delivered to Landlord vacant, free and clear of all tenancies and occupancies (including, without limitation, all rights of Barclays), free of all Tenant's Property and in broom clean condition in accordance with the provisions of Article 20 of the Lease. Notwithstanding the foregoing, any items of equipment remaining in the Premises after Barclay's vacates the Premises (collectively, the "Remaining FF&E"), shall remain in the Premises. As of the Surrender Date Tenant hereby waives any right, title or interest it may have in the Remaining FF&E, which shall be deemed to have been abandoned by Tenant and shall become the property of Landlord. As of the Surrender Date, all right, title or interest in and to the Remaining FF&E, if any, shall be deemed to have been transferred to or at the direction of Landlord. Any sales or similar tax payable in connection with the provisions of this Paragraph 5 shall be paid by Tenant. Tenant shall indemnify, defend and save and hold Landlord harmless of and from any and all loss, costs, damage, liability and expense (including, without limitation, reasonable attorneys' fees and disbursements), arising out of or in connection with any sales tax (including any interest and penalties thereon) payable in connection with the provisions of this Paragraph 5. The provisions of this Paragraph 5 shall survive the Surrender Date.

6.    On or prior to the Surrender Date, and as a condition thereto, Tenant shall pay to Landlord, by wire transfer of immediately available funds to the account(s) set forth by Landlord in the Surrender Notice (the "Wire Instructions"), an amount equal to Three Million Five Hundred Thousand Dollars ($3,500,000) (the "Termination Amount").

7.    Landlord and Tenant each represents and warrants to the other that it has not dealt with any broker, finder or like agent in connection with this Surrender Agreement other than CB Richard Ellis, Inc. ("Broker"). Each party does hereby agree to indemnify and hold the other party harmless of and from any and all loss, costs, damage and expense, including, without limitation, reasonable attorneys' fees and disbursements, incurred by reason of any claims of, or liability to, any broker, finder or like agent who shall claim to have dealt with the indemnifying party in connection with this Surrender Agreement (except that Tenant shall not be obligated to indemnify Landlord with regard to claims made by Broker). Landlord will pay a commission to Broker pursuant to a separate agreement between Landlord and Broker. The provisions of this Paragraph 7 shall survive the Surrender Date.

8.    Tenant acknowledges that possession of the Premises must be surrendered to Landlord by the Surrender Date. Subject to the provisions of Paragraph 9 below, Tenant agrees to indemnify and save and hold Landlord harmless from and against any and all damages, costs, claims, losses or liabilities (including, without limitation, reasonable attorneys' fees and disbursements) resulting from any delay by Tenant in so surrendering the Premises, including, without limitation, any claims made by any succeeding tenant founded on such delay.  The provisions of this Paragraph 8 shall survive

3

the Surrender Date.

9.    The parties recognize and agree that the damage to Landlord resulting from any failure by Tenant to surrender possession of the Premises by the Surrender Date as aforesaid may be extremely substantial, may exceed the amount of the monthly installments of the Fixed Rent and other items of rental theretofore payable hereunder, and may be impossible to accurately measure. Tenant therefore agrees that if possession of the Premises is not surrendered to Landlord within twenty-four (24) hours after the Surrender Date, in lieu of Landlord's rights under Paragraph 8, Landlord may elect, by written notice to Tenant, to waive Landlord's rights under Paragraph 8 and without vitiating Tenant's obligation to pay the Termination Amount on the Surrender Date, instead receive from Tenant, on account of Tenant's use and occupancy of the Premises for each month and for each portion of any month during which Tenant holds over in the Premises after the Surrender Date, a sum equal to three (3) times the aggregate of that portion of the Fixed Rent, Tenant's Operating Payment, Tenant's Tax Payment and other items of rental which was payable under the Lease during the last month of the Term. Nothing herein contained shall be deemed to permit Tenant to retain possession of any portion of the Premises after the Surrender Date, or to limit in any manner Landlord's right to regain possession of the Premises through summary proceedings, or otherwise, and no acceptance by Landlord of payments from Tenant after the Surrender Date shall be deemed to be other than on account of the amount to be paid by Tenant in accordance with the provisions of this Surrender Agreement. The provisions of this Paragraph 9 shall survive the Surrender Date.

10.    A.    The provisions of this Surrender Agreement shall be self-operative and no further instrument shall be required to terminate the Lease. The foregoing notwithstanding, Tenant and Landlord shall promptly execute, acknowledge and deliver any instrument reasonably requested by the other party hereto in confirmation of the termination of the Lease.

B.    Each of Tenant and Landlord represents and warrants to the other that it is authorized to execute and deliver this Surrender Agreement, and to perform all of its respective financial and other obligations hereunder, and Tenant represents and warrants to Landlord that, as of the Effective Date, the same has been approved by a Final Order of the Bankruptcy Court. Each of Tenant and Landlord shall indemnify, defend and save and hold the other harmless of and from any and all loss, costs, damage, liability and expense (including, without limitation, reasonable attorneys' fees and disbursements), arising out of or in connection with its breach of the foregoing representations and warranties.

C.    The provisions of this Paragraph 10 shall survive the Surrender Date.

11.    A.    This Surrender Agreement shall not become binding upon or enforceable against either party unless and until (i) each party, in its sole discretion, shall have executed and unconditionally delivered to the other party an executed counterpart of this Surrender Agreement, and (ii) the Bankruptcy Court's order approving the terms of the

4

Surrender Agreement becomes a Final Order (the "Effective Date"). As used in this Surrender Agreement, a "Final Order" means an order that (i) has not been stayed and the time for any motion to stay has expired and (ii) has not been appealed and the time for any appeals has expired, or was appealed and all appeals have been dismissed or have resulted in the affirmance of the order and the time for any further appeals has expired. Tenant shall keep Landlord reasonably apprised, from time to time and upon request from Landlord, of the progress of the Bankruptcy Court's approval of the order, and shall notify Landlord promptly of any stay or appeal of such order and of the occurrence of the Final Order

   B. Without limiting any rights that Tenant may have at law or in equity, including, without limitation, in its capacity as debtor and debtor in possession in its chapter 11 case in the Bankruptcy Court, the parties hereto hereby acknowledge that Tenant may, in its sole and absolute discretion, unilaterally withdraw any motion submitted to the Bankruptcy Court by Tenant for approval of the terms of this Surrender Agreement. Tenant shall promptly notify Landlord of any such withdrawal.

   12. The Surrender Agreement constitutes the entire understanding between the parties hereto with respect to the subject matter hereof and may not be waived, changed, modified or discharged orally but only by an agreement in writing signed by the party against whom enforcement of any such waiver, change, modification or discharge is sought. This Surrender Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.

[NO FURTHER TEXT ON THIS PAGE]

IN WITNESS WHEREOF, Landlord and Tenant have executed this Surrender Agreement as of the day and year first above written.

85 TENTH AVENUE ASSOCIATES, L.L.C.

By:_____

Bruce A. Beal, Vice President

LEHMAN BROTHERS HOLDINGS
INC., as Debtor and Debtor in Possession
in its chapter 11 case in the United States
Bankruptcy Court for the Southern District
of New York, Case No. 08-13555 (JMP)

By: _____

Name:

Title:

6

IN WITNESS WHEREOF, Landlord and Tenant have executed this Surrender Agreement as of the day and year first above written.

85 TENTH AVENUE ASSOCIATES, L.L.C.

By:_____
      Bruce A. Beal, Vice President

LEHMAN BROTHERS HOLDINGS
INC., as Debtor and Debtor in Possession
in its chapter 11 case in the United States
Bankruptcy Court for the Southern District
of New York, Case No. 08-13555 (JMP)

By: _____
Name: WILLIAM GORDON
Title: Senior Vice President

6

STATE OF NEW YORK      )
                                              : ss.:
COUNTY OF NEW YORK )


On the ___ day of _____ in the year 2010 before me, the undersigned, a Notary Public in and for said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


_____
Notary Public


STATE OF NEW YORK      )
                                              : ss.:
COUNTY OF NEW YORK )


On the 28th day of July in the year 2010 before me, the undersigned, a Notary Public in and for said state, personally appeared Bruce A. Beal, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


_____
Notary Public

BERNARD J. MICHAEL
Notary Public, State of New York
No. 02MI4845358
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires February 28, 20_17_

STATE OF NEW YORK    )
                    : ss.:
COUNTY OF NEW YORK )

        On the ___ day of _____ in the year 2010 before me, the undersigned, a Notary Public in and for said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                      _____
                                      Notary Public

STATE OF NEW YORK    )
                    : ss.:
COUNTY OF NEW YORK )

        On the 28 day of July in the year 2010 before me, the undersigned, a Notary Public in and for said state, personally appeared William Gordon, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                      _____
                                      Notary Public

JOELLE HALPERIN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02HA6026800
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES JUNE 21, 2011