Hearing Date: September 22, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                              :
In re:                                        :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF (1) DEBTORS' MOTION, PURSUANT TO RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 363 OF THE
BANKRUPTCY CODE, FOR APPROVAL OF (I) A SETTLEMENT AGREEMENT
BETWEEN THE DEBTORS AND AURORA BANK FSB REGARDING THE MASTER
FORWARD AGREEMENT AND OTHER MATTERS AND (II) CERTAIN OTHER
RELATED RELIEF, INCLUDING AUTHORIZATION OF (A) CERTAIN DEBTORS
TO MAKE CAPITAL TRANSFERS, (B) LBHI TO ENTER INTO A CAPITAL
MAINTENANCE AGREEMENT, AND (C) LBHI TO EXTEND THE DURATION
OF THE AMENDED REPURCHASE AGREEMENT AND FINANCING FACILITY;
AND (2) DEBTORS' MOTION, PURSUANT TO RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION
363 OF THE BANKRUPTCY CODE, FOR APPROVAL OF (I) A SETTLEMENT
AGREEMENT BETWEEN THE DEBTORS AND WOODLANDS COMMERCIAL
BANK AND (II) CERTAIN RELATED RELIEF, INCLUDING AUTHORIZATION
OF (A) CERTAIN DEBTORS TO MAKE CAPITAL TRANSFERS AND
<u>(B) LBHI TO ENTER INTO A CAPITAL MAINTENANCE AGREEMENT</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in

the chapter 11 cases of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and each of its affiliated

debtors in possession (collectively, the "<u>Debtors</u>") hereby files this statement (the "<u>Statement</u>")

in support of the (1) Debtors' Motion, Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 363 of the Bankruptcy Code, for Approval of (I) a Settlement Agreement Between the Debtors and Aurora Bank FSB Regarding the Master Forward Agreement and Other Matters and (II) Certain Other Related Relief, Including Authorization of (A) Certain Debtors to Make Capital Transfers, (B) LBHI to Enter into a Capital Maintenance Agreement, and (C) LBHI to Extend the Duration of the Amended Repurchase Agreement and Financing Facility [Docket No. 11141] (the "FSB Settlement Motion"), and (2) Debtors' Motion, Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 363 of the Bankruptcy Code, for Approval of (I) a Settlement Agreement Between the Debtors and Woodlands Commercial Bank and (II) Certain Related Relief, Including Authorization of (A) Certain Debtors to Make Capital Transfers and (B) LBHI to Enter into a Capital Maintenance Agreement [Docket No. 11142] (the "Woodlands Settlement Motion" and, together with the FSB Settlement Motion, the "Motions"). In support of the Motions, the Committee respectfully states as follows:

## STATEMENT

1. Over the past two years the Committee has worked closely with the Debtors to preserve and enhance the financial condition of two significant assets of LBHI's estate -- Woodlands Commercial Bank ("Woodlands") and Aurora Bank FSB ("FSB" and, together with Woodlands, the "Banks"). In recognition of LBHI's significant equity interests in each of the Banks and the desire to maximize its investments in the Banks for the benefit of its estate and creditors, the Committee has consistently supported the Debtors' efforts to improve the Banks' financial condition.[1] Such efforts have been carefully tailored to satisfy the

---

[1] See, e.g., Statement of Official Committee of Unsecured Creditors in Support of (I) LBHI's Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, for Authorization to Fund a Capital Contribution to Woodlands Commercial Bank; and (II) LBHI's Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 9019 and 6004, for Authorization to Increase the

2

applicable regulatory and capital threshold requirements, with the goal of ultimately allowing the Banks to resume normal profit-generating banking and lending operations, as well as facilitating strategic restructuring alternatives. Extensive negotiations with the Regulators[2] have culminated in the proposed settlement agreements among LBHI, the Banks, and certain other parties (collectively, the "<u>Settlement Agreements</u>"), as to which the Motions seek approval.

2. The Committee supports the approval of each of the Settlement Agreements and the transactions contemplated therein. After carefully considering the Debtors' options *vis-à-vis* the Banks, the Committee concurs with the Debtors that the relief sought in the Motions is in the best interests of LBHI's estate and creditors. The best way to realize maximum value from LBHI's investment in the Banks is, as contemplated by the Settlement Agreements, to infuse additional capital into the Banks (by means of cash and other consideration) in order to maintain the Banks' capital levels and achieve the lifting of substantially all the regulatory restrictions currently imposed on their operations. The Settlement Agreements resolve substantially all outstanding issues among the Debtors, the Banks and the Regulators and should, within an 18-month period, allow LBHI to realize the value of its equity interests in the Banks by (i) facilitating an orderly wind-down plan with respect to Woodlands; and (ii) permitting FSB to expand its business operations and effectuate a business plan intended to position it to be sold as a going concern.

---

Capital Level of Lehman Brothers Bank, FSB Through (I) the Settlement of Pending Disputes and (II) Direct Capital Contribution of up to $15 Million [Docket No. 2842]; Statement of Official Committee of Unsecured Creditors in Support of LBHI's Motion, Pursuant to Sections 105(a) and 363 of The Bankruptcy Code and Bankruptcy Rule 6004, for Authorization to Enter Into (I) Amended Repurchase Agreement with Aurora Bank FSB and (II) Financing Facility with Aurora Loan Services, LLC [Docket No. 4595]; Statement of Official Committee of Unsecured Creditors in Connection with LBHI's Motion, Pursuant to Sections 105(a), 363(b)(1) and 363(f) of the Bankruptcy Code and Rule 6004(h) of the Bankruptcy Rules, for Authorization to Transfer Certain Mortgage Servicing Rights to Aurora Bank FSB [Docket No. 10120]. The Debtors have consulted with the Committee and its advisors in respect of all other requests to infuse capital into the Banks by means of cash or other consideration.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motions.

3

3. Having spent a substantial amount of time working with the Debtors and their advisors on the negotiation and development of the terms of the Settlement Agreements, the Committee and its advisors believe that the Settlement Agreements represent the best opportunity to protect and maximize the estates' investment in the Banks. The Committee also believes that the Settlement Agreements (i) appropriately and fully resolve all claims among the Banks, LBHI, Lehman Brothers Special Financing Inc., Lehman Brothers Commodities Services Inc., and Luxembourg Residential Properties Loan Finance S.a.r.l. (collectively, the "Settlement Debtors"); and (ii) seek to allocate, subject to a broad reservation of rights, the benefits and burdens of the Settlement Agreements among the Settlement Debtors in a rational and reasonable manner that affords to each the best treatment for its claims and contributions available under the circumstances. The Committee, therefore, respectfully requests that the Court grant the relief requested by the Debtors in the Motions.

4. The Committee recognizes that the Regulators have not yet agreed to lift the regulatory restrictions on either FSB or Woodlands. However, such lifting of the restrictions is an express condition precedent to the effectuation of each of the Settlement Agreements, and the Committee believes that approval of the Settlement Agreements at this time, *i.e.* in advance of obtaining the final sign-off from the Regulators, is appropriate. The Committee shares the Debtors' belief that such approval will provide the necessary comfort to the Regulators and encourage them to act promptly, without requiring the Debtors to proceed with any component of the Settlement Agreements if such regulatory approvals are not ultimately obtained.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court grant (i) the relief requested in the FSB Settlement Motion; (ii) the relief requested in the Woodlands Settlement Motion; and (iii) such other relief as is just and proper.

Dated: New York, New York
September 20, 2010

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
    Dennis F. Dunne
    Evan R. Fleck
    Dennis C. O'Donnell

    1 Chase Manhattan Plaza
    New York, New York 10005
    Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.