Order No. 9842385
Policy No. 27-44-92 120335

THE FOLLOWING ENDORSEMENTS APPLY TO ORDER NO. 9842385

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company insures the Insured against loss or damage sustained by reason of any incorrectness in the assurance that, at Date of Policy:

1.    According to applicable zoning ordinances and amendments thereto, the land is classified Zone SP-1 Oak Valley.

2.    The following use or uses are allowed under that classification subject to compliance with any conditions, restrictions, or requirements contained in the zoning ordinances and amendments thereto, including but not limited to the securing of necessary consents or authorizations as a prerequisite to the use or uses:

**Commercial and Residential**

There shall be no liability under this endorsement based on the invalidity of the ordinances and amendments thereto until after a final decree of a court of competent jurisdiction adjudicating the invalidity, the effect of which is to prohibit the use or uses.

Loss or damage as to the matters insured against by this endorsement shall not include loss or damage sustained or incurred by reason of the refusal of any person to purchase, lease or lend money on the estate or interest covered by this policy.

This endorsement is made a part of said policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned

CLTA Form 123.1 (Rev. 3-13-87)
ALTA Endorsement Form 3 (6-1-87) Zoning

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.  The invalidity or unenforceability of the lien of the insured mortgage resulting from the provisions therein which provide for changes in the rate of interest.

2.  Loss of priority of the lien of the insured mortgage as security for the unpaid principal balance of the loan, together with interest as charged in accordance with the provisions of the insured mortgage, which loss of priority is caused by the changes in the rate of interest.

"Changes in the rate of interest", as used in this endorsement, shall mean only those changes in the rate of interest calculated pursuant to the formula provided in the insured mortgage at Date of Policy.

This endorsement does not insure against loss or damage based upon (a) usury, or (b) any consumer credit protection or truth in lending law.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto, except that the insurance afforded by this endorsement is not subject to Section 3(d) of the Exclusions from Coverage. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned

BY _____
Authorized Signature

CLTA Form 111.5 (Rev. 3-13-87)
(ALTA Form 6 - Variable Rate Mortgage)

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the Insured against loss or damage sustained by reason of lack of priority of the lien of the Insured mortgage over:

    (a)    Any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in schedule B; or

    (b)    Any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

        NONE

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
                   Authorized Signature

CLTA Form 110.9 (3-13-87)
(ALTA Endorsement Form 8.1 (3-27-87)
Environmental Protection Lien

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.　　. Any incorrectness in the assurance that, at Date of Policy:

(a) There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.

(b)　　Unless expressly excepted in Schedule B:

(1) There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.

(2) Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.

(3) There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.

(4) There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.

(5) There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.

2.　　Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the Insured, provided the violation results in:

(a) Invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or,

(b) loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the Insured mortgage.

3.　　Damage to future and existing improvements, including lawns, shrubbery or trees:

(a) which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;

(b) resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.

4.　　Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.

5. Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in paragraphs 1(b)(1) and 5, the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

CLTA Form 100.2 (9-8-89)
ALTA Endorsement - Form 9 (10-19-88)
Restrictions, Easements, Minerals



Countersigned

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the owner of the indebtedness secured by the mortgage referred to in paragraph 4 of Schedule A against loss which the insured shall sustain by reason of the establishment of priority over the lien of the insured mortgage upon the estate or interest referred to in Schedule A of any statutory lien for labor or material attaching to the estate or interest referred to in Schedule A, said priority being based upon the claim that building materials had been delivered to or upon the land, or building operations had commenced thereon, prior to the recordation of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006



**Fidelity National Title**
INSURANCE COMPANY

CLTA Form 101 (Rev. 9-10-93)
CLTA - Lender

Countersigned

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the owner of the indebtedness secured by the mortgage referred to in paragraph 4 of Schedule A against loss which the insured shall sustain as a result of any exercise of the right of use or maintenance of the easement referred to in paragraphs 18-21, 23-28 and 31 of Schedule B over or through the land.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY


Countersigned

CLTA Form 103.1 (Rev. 9-10-93)
ALTA or CLTA - Lender

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land to abut upon a physically open street known as San Timoteo Canyon Road.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned

BY _____
Authorized Signature

CLTA Form 103.7 (Rev. 6-14-96)
ALTA or CLTA - Owner or Lender

70

**ENDORSEMENT**
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

    The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land to be the same as that delineated on the plat of a survey, as Parcel 1, made by Bruce A. Pierce of Stantec Consulting dated December 9, 2006, designated Job No. 31940-10-000.

    This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

FIDELITY NATIONAL TITLE
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

CLTA Form 116.1 (Rev. 6-14-96)
ALTA or CLTA - Owner

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company


The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land described in Exhibit "One" to be contiguous.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006


Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature


CLTA Form 116.4 (Rev. 6-14-96)
ALTA or CLTA - Owner or Lender

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

### ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land described in Exhibit "One" to constitute a lawfully created parcel according to the Subdivision Map Act (Section 66410, et seq., of the California Government Code) and local ordinances adopted pursuant thereto.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

CLTA Form 116.7 (Rev. 6-14-96)
ALTA or CLTA - Owner or Lender

73

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the named Insured against loss or damage which said Insured shall sustain by reason of the entry of any final court order or judgment issued by a court of competent jurisdiction which denies the Insured the right to enforce the lien of the mortgage referred to in Schedule A on the grounds that the making of the loan constituted a violation of the doing business laws of the State of California.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, if any, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

Dated: January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

Doing Business
ALTA Lender

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

Notwithstanding Section 9(b) of the Conditions and Stipulations to the contrary, by the issuance of this loan policy in an amount which is less than the face amount of the mortgage insured and described in Schedule A, the Company agrees that if the insured applies all payments by the mortgagor to the release of security other than the land described in Schedule A until such time as the aggregate principal indebtedness outstanding is reduced to the amount of this policy, the amount of coverage afforded under this policy will not be reduced by such payments. Any subsequent payments which would have the effect of reducing the indebtedness below the amount of this policy will concurrently reduce the coverage under this policy by $1.00 for each $1.00 of principal reduction thereafter made.

Nothing in this Endorsement shall in any way diminish or affect the coverage provided in the (Modified) Revolving Credit Endorsement attached to the Policy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

Last Dollar
ALTA Lender

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

    The Company insures the insured against loss which the insured shall sustain by reason of damage to existing and future improvements, including lawns, shrubbery or trees resulting from the exercise of any right to use the surface of the land for the extraction or development of the minerals excepted from the description of the land or shown as a reservation in Schedule B.

    This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006



**Fidelity National Title**
INSURANCE COMPANY

Countersigned

CLTA Form 100.29 (9-10-93)
CLTA - Owners or Lender

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby assures [the Insured] that, notwithstanding the provisions in the policy to the contrary, in the event of loss or damage insured against under the terms of the policy, the Company will not deny its coverage or liability thereunder to [the Insured] on the ground that [the Insured] had knowledge of any matter solely by reason of notice thereof imputed to it through LBREP/L-SunCal Summerwind Ranch, LLC, a Delaware limited liability company, by operation of law.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, if any, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

Non-Imputation ALTA or CLTA
Owner or Lender

77

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the Insured that the land described in Schedule A is assessed for county or municipal tax purposes as those tax parcels shown on Schedule A, that such parcels include no other land, and that no other tax parcels affect said land.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, if any, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

Dated: January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned

BY _____
Authorized Signature

Tax Parcel
ALTA and CLTA
Owner, Loan and Leasehold

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the Insured against loss or damage which the Insured shall sustain by reason of the entry of a final court order or judgment by a court of competent jurisdiction determining and adjudging:

That the lien of the mortgage referred to in Schedule A is invalid or unenforceable as to the principal and interest due on the note secured thereby, said interest being computed in accordance with the provisions of said mortgage and note, on the ground that the loan evidenced by the note secured thereby is usurious in whole or in part under the laws of the State of California.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

USURY

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company


The Company hereby insures the insured against loss which the insured shall sustain by reason of damage to future and existing and future improvements, including lawns, shrubbery or trees, resulting from the exercise of any right to use the surface of the land for the extraction or development of water excepted from the description of the land or shown as a reservation in Schedule B.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006


**Fidelity National Title**
INSURANCE COMPANY



Countersigned


CLTA Form 103.5 (Rev. 9-10-93)
ALTA - Owner or Lender

MORTGAGE TAX ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company insures the owner of the indebtedness secured by the insured mortgage against any and all loss or damage, including without limitation reasonable attorney's fees, sustained by reason of:

1.    The invalidity or unenforceability of the first priority lien of the insured mortgage resulting from the failure to pay the proper amount of California Mortgage registration tax due upon the recording of the insured mortgage;

2.    The amount of mortgage registration tax paid, if any, with respect to the insured mortgage not being correct; or

3.    Any additional registration tax interest and/or penalties being accessed or charged subsequent to the Date of Policy.

In issuing this endorsement, the Company acknowledges and agrees that it has been provided with and reviewed all documentation which it has requested from insured. Therefore, the Company hereby irrevocably waives any defenses, exceptions or limitations of coverage based on any provision contained in the Exclusions from Coverage or Conditions and Stipulations of this policy, specifically including but not limited to, exclusions 3(a) and (b) of the exclusions from Coverage with respect to the coverage provided by this Mortgage Registration Tax Endorsement.

This endorsement is hereby made a part of the policy. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Date:   January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

81

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insured the insured that any tax sale of the general real estate taxes affecting the land underlying the easement insured herein, or any tax deed issued pursuant to any such tax sale, will not result in the loss or termination of said easement insured herein.

The total liability of the Company under said policy and any endorsements therein shall not exceed, in the aggregate, the face amount of said policy and costs which the company is obligated under the conditions and stipulations thereof to pay.

This endorsement is made a part of the policy and is subject to the schedules, conditions and stipulations therein, except as modified by the provisions hereof.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

Tax Sale Endorsement

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Policy is hereby amended by deleting paragraph 7 of Exclusion of Coverage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned

BY _____
Authorized Signature

CLTA Form 110.1 Modified (CR)
(Rev. 9-10-93)
ALTA or CLTA - Owner or Lender

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the insured that in the event any defect, lien, encumbrance or other matter insured against by this policy, which creates a loss or a series of losses which exceed in the aggregate ten percent (10%) of the amount of insurance shown in Schedule A of this policy, the amount which the Company shall be liable to pay shall be determined without requiring the insured to pursue its remedies against any properties which secure the indebtedness, other than the premises described in Schedule A. Provided, however, that nothing in this endorsement shall affect or impair the Company's right of subrogation with respect to the insured premises.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

First Loss Endorsement

REVOLVING CREDIT ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company acknowledges that the insured mortgage secures a line of credit evidenced and governed by a Credit Agreement dated January 19, 2006 referred to in the insured mortgage (defined in this endorsement as the "Credit Line"). Notwithstanding paragraph 8(d) of the Conditions and Stipulations of this Policy, but subject to paragraph 7 of the Conditions and Stipulations, the amount of liability of the Company under the above numbered policy shall fluctuate to equal the outstanding principal indebtedness and interest, not exceeding the Amount of Insurance, secured by the insured mortgage as sums are advanced, readvanced, paid and repaid pursuant to the terms and provisions of the Credit Line. Furthermore, notwithstanding item 3(d) of the Exclusions from Coverage, this Policy insures that the lien of the insured mortgage as it secures sums advanced and readvanced pursuant to and in accordance with the terms and provisions of the Credit Line after the Date of Policy shall have the same priority over liens, encumbrances and other matters as if such advances had been made as of the original Date of Policy, except for:

1.    Taxes and assessments;

2.    Federal tax liens, notice of which is filed prior to the date of such advances;

3.    Liens or charges created under any environmental protection laws, ordinances or regulations; or

4.    Liens, encumbrances or other matters, the existence of which are actually known to the Insured prior to the date of such advances.

5.    Any Statutory lien for services, labor or material. {This provision, or a version adapted to the law of a particular state, should be added where state law does not fully protect the priority of advances made under the insured mortgage against mechanics' liens}].

Provided, however, this endorsement is subject to the Exclusions from Coverage, the exceptions in Schedule B of the Policy and does not insure the validity, enforceability or priority of the liens of the insured mortgage with respect to any sums advanced after the filing of a petition for relief under the Bankruptcy Code, 11 USC, by, on behalf of or with respect to the mortgagor.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

Order No. 9842385
Policy No. 27-44-92 120335

# ENDORSEMENT
### Attached to Policy No. 27-44-92 120335
### Issued by
### Fidelity National Title Insurance Company

The Company hereby insures the owner of the indebtedness secured by the mortgage referred to in Schedule A against loss which the insured shall sustain by reason of damage to existing improvements, including lawns, shrubbery or trees resulting from the exercise of any right to use the surface of the land for the extraction or development of the minerals leased under the oil and gas lease shown in Schedule B.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned

86

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

1.  The insurance for Advances added by Sections 2 and 3 of this endorsement is subject to:
    the exclusions in Section 4 of this endorsement and the Exclusions from Coverage in the
    Policy, except Exclusion 3(d); the provisions of the Conditions and Stipulations, except
    Section 9(b); and the Exceptions contained in Schedule B.

    a.  "Agreement", as used in this endorsement, shall mean the note or loan agreement
        secured by the insured mortgage or the insured mortgage.

    b.  "Advances", as used in this endorsement, shall mean only those advances of
        principal indebtedness made after the Date of Policy as provided in the Agreement,
        including expenses of foreclosure, amounts advanced pursuant to the insured
        mortgage to pay taxes and insurance, assure compliance with laws or to protect the
        lien of the insured mortgage before the time of acquisition of the estate or interest
        in the land and reasonable amounts expended to prevent deterioration of
        improvements, together with interest on those advances.

2.  The Company insures against loss or damage to the insured as a result of:

    a.  The invalidity or unenforceability of the lien of the insured mortgage as security for
        each Advance.

    b.  The lack of priority of the lien of the insured mortgage as security for each Advance
        over any lien or encumbrance on the title.

    c.  The invalidity or unenforceability or loss of priority of the lien of the insured
        mortgage as security for the unpaid indebtedness and Advances resulting from: (i)
        re-Advances and repayments of indebtedness; (ii) lack of outstanding indebtedness;
        (ii) lack of outstanding indebtedness before an Advance; or (iii) failure to comply
        with the requirements of state law to secure Advances.

3.  The Company also insures against loss or damage to the insured as a result of:

    a.  The invalidity or unenforceability of the lien of the insured mortgage resulting from
        any provisions of the Agreement that provide for:  (i) interest on interest; (ii)
        changes in the rate of interest; or (iii) the addition of unpaid interest to the principal
        indebtedness.

    b.  Loss of priority of the lien of the insured mortgage as security for the principal
        indebtedness, including any unpaid interest which was added to principal in
        accordance with any provisions of the Agreement, interest on interest, or interest
        as changed in accordance with the provisions of the insured mortgage, which loss
        of priority is caused by (i) changes in the rate of interest; (ii) interest on interest; or
        (iii) increases in the unpaid principal indebtedness resulting from the addition of
        unpaid interest.

    "Changes in the rate of interest", as used in this endorsement, shall mean only those
    changes in the rate of interest calculated pursuant to a formula provided in the insured
    mortgage at Date of Policy.

4.  This endorsement does not insure against loss or damage (and the Company will not pay
    costs, attorneys' fees or expenses) resulting from:

    a.  Advances made after a Petition for Relief under the Bankruptcy Code (11 U.S.C.)
        has been filed by or on behalf of the mortgagor.

87

b.    The loss of priority of Advances to real estate taxes or assessments imposed on the land by governmental authority arising after the Date of Policy.

c.    The loss of priority to a federal tax lien of any Advance made more than forty-five days after a notice of federal tax lien has been filed in the public records.

d.    The loss of priority of Advances to any federal or state environmental protection lien.

e.    Usury, or any consumer credit protection or truth-in-lending law.

f.    Intentionally Deleted

5.    Intentionally Deleted

6.    Section 8(d) of the Conditions and Stipulations shall not apply to Advances.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and any of any prior endorsements.

Dated: January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned

CLTA Form 111.14 Future Advance - Priority

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT 100.9
Attached to No. 27-44-92 120335
Issued By
Fidelity National Title Insurance Company

The Company insured the insured against loss or damage sustained by reason of:

1.     The existence, at Date of Policy, of any of the following unless expressly excepted in Schedule B:

   (a)     Present violations on the land of any enforceable covenants, conditions or restrictions;

   (b)     Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land which, in addition, (i) establishes an easement on the land; (ii) provides for an option to purchase a right of first refusal or the prior approval of a future purchaser or occupant; of (iii) provides a right of reentry, possibility of reverter or right of forfeiture because of violations on the land of any enforceable covenants, conditions or restrictions.

   (c)     Any encroachment onto the land of existing improvements located on adjoining land.

   (d)     Any notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.

2.     Damage to buildings constructed on the land after Date of Policy resulting from the future exercise of any right existing at Date of Policy to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.

   Wherever in this endorsement the words "covenants", conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, and conditions or limitations contained in an instrument creating a lease.

   As used in paragraph 1(a), the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

   This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
                    Authorized Signature

CLTA Form 100.9 (10-17-86)
ALTA Endorsement Form 9.1

89

**THE FOLLOWING ENDORSEMENTS APPLY TO ORDER NO. 9842428**

ENDORSEMENT

Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.      Any incorrectness in the assurance that, at Date of Policy:

(a) There are no covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be divested, subordinated or extinguished, or its validity, priority or enforceability impaired.

(b)     Unless expressly excepted in Schedule B:

(1) There are no present violations on the land of any enforceable covenants, conditions or restrictions, nor do any existing improvements on the land violate any building setback lines shown on a plat of subdivision recorded or filed in the public records.

(2) Any instrument referred to in Schedule B as containing covenants, conditions or restrictions on the land does not, in addition, (i) establish an easement on the land; (ii) provide a lien for liquidated damages; (iii) provide for a private charge or assessment; (iv) provide for an option to purchase, a right of first refusal or the prior approval of a future purchaser or occupant.

(3) There is no encroachment of existing improvements located on the land onto adjoining land, nor any encroachment onto the land of existing improvements located on adjoining land.

(4) There is no encroachment of existing improvements located on the land onto that portion of the land subject to any easement excepted in Schedule B.

(5) There are no notices of violation of covenants, conditions and restrictions relating to environmental protection recorded or filed in the public records.

2.      Any future violation on the land of any existing covenants, conditions or restrictions occurring prior to the acquisition of title to the estate or interest in the land by the Insured, provided the violation results in:

(a) Invalidity, loss of priority, or unenforceability of the lien of the insured mortgage; or,

(b) loss of title to the estate or interest in the land if the insured shall acquire title in satisfaction of the indebtedness secured by the Insured mortgage.

3.      Damage to existing improvements, including lawns, shrubbery or trees:

(a) which are located on or encroach upon that portion of the land subject to any easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved;

(b) resulting from the future exercise of any right to use the surface of the land for the extraction or development of minerals excepted from the description of the land or excepted in Schedule B.

4.      Any final court order or judgment requiring the removal from any land adjoining the land of any encroachment excepted in Schedule B.

5.      Any final court order or judgment denying the right to maintain any existing improvements on the land because of any violation of covenants, conditions or restrictions or building setback lines shown on a plat of subdivision recorded or filed in the public records.

Order No. 9842385
Policy No. 27-44-92 120335

Wherever in this endorsement the words "covenants, conditions or restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, conditions or limitations contained in an instrument creating a lease.

As used in paragraphs 1(b)(1) and 5, the words "covenants, conditions or restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY


Countersigned

CLTA Form 100.2 (9-8-89)
ALTA Endorsement - Form 9 (10-19-88)
Restrictions, Easements, Minerals

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the owner of the indebtedness secured by the mortgage referred to in paragraph 4 of Schedule A against loss which the insured shall sustain as a result of any exercise of the right of use or maintenance of the easement referred to in paragraphs 36, 37 and 38 of the preliminary title report, as supplemented of Schedule B.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006



**Fidelity National Title**
INSURANCE COMPANY

Countersigned

CLTA Form 103.1 (Rev. 9-10-93)
ALTA or CLTA - Lender (modified)

93

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the owner of the indebtedness secured by the mortgage referred to in paragraph 4 of Schedule A against loss which the insured shall sustain by reason of physical but not aesthetic damage to existing or future improvements resulting from any exercise of the rights of use and maintenance of the license agreements and related easements referred to therein in paragraphs 39, 40, 42, 45, 46, 47, 48, 49 and 53 of Schedule B over or through the land.

There shall be no liability under this endorsement for:

1.    Future improvements, until such time as construction of improvements or structures is completed, and certificates of occupancy are issued for occupied improvements or structures, as approved under the applicable codes and ordinances of Kern County, or

2.    Improvements constructed in that portion of the land zoned D-1 as shown on Kern County Administration Zoning Maps 122-16, 122-21, 122-22 and 122-23 attached hereto and made a part hereof, or

3.    Road Improvements, if any, that are located above said easements.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned

CLTA Form 103.1 (Rev. 9-10-93)
ALTA or CLTA - Lender (modified)

94

## ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the insured against loss which the insured shall sustain by reason of damage to existing and future improvements, including lawns, shrubbery or trees, resulting from the exercise of any right to use the surface of the land for the extraction or development of water excepted from the description of the land or shown as a reservation in Schedule B.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006



**Fidelity National Title**
INSURANCE COMPANY

Countersigned

CLTA Form 103.5 (Rev. 9-10-93)
ALTA - Owner or Lender

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company


The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land to abut upon a physically open streets known as Manley's Way, Westways, Canfield Parkway, Panama Lane, Stetson Way, Pesinger Road, Pacheco Road, Roadrunner Street, Erickson Drive, McAllister Ranch, Rawhide Road, Desparado Road, Conestoga Way, and South Allen Road.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006


Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature


CLTA Form 103.7 (Rev. 6-14-96)
ALTA or CLTA - Owner or Lender

ALTA Loan Policy (10-17-92) with ALTA Cov.

Order No. 9842385
Policy No. 27-44-92 120335

## ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land to a portion of the land delineated on the plat of a survey made by Pinnacle Engineering on March 1, 2004, designated Job No. 04-141.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006



**Fidelity National Title**
INSURANCE COMPANY

Countersigned

CLTA Form 116.1 (Rev. 6-14-96)
ALTA or CLTA - Owner

**ENDORSEMENT**
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company


The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land described in Exhibit One of Schedule A to constitute a lawfully created parcel according to the Subdivision Map Act (Section 66410, et seq., of the California Government Code) and local ordinances adopted pursuant thereto.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006


**Fidelity National Title**
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature


CLTA Form 116.7 (Rev. 6-14-96)
ALTA or CLTA - Owner or Lender

Order No. 9842385

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company insures the Insured against loss or damage sustained by reason of any incorrectness in the assurance that, at Date of Policy:

1.    According to applicable zoning ordinances and amendments thereto, the land is classified Zone **TBD**.

2.    The following use or uses are allowed under that classification subject to compliance with any conditions, restrictions, or requirements contained in the zoning ordinances and amendments thereto, including but not limited to the securing of necessary consents or authorizations as a prerequisite to the use or uses:

**TBD**

There shall be no liability under this endorsement based on the invalidity of the ordinances and amendments thereto until after a final decree of a court of competent jurisdiction adjudicating the invalidity, the effect of which is to prohibit the use or uses.

Loss or damage as to the matters insured against by this endorsement shall not include loss or damage sustained or incurred by reason of the refusal of any person to purchase, lease or lend money on the estate or interest covered by this policy.

This endorsement is made a part of said policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

CLTA Form 123.1 (Rev. 3-13-87)
ALTA Endorsement - Zoning

Countersigned

ENDORSEMENT
Attached to Policy No. 27-44-92 1 20335
Issued by
Fidelity National Title Insurance Company

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1.    The invalidity or unenforceability of the lien of the insured mortgage resulting from the provisions therein which provide for changes in the rate of interest.

2.    Loss of priority of the lien of the insured mortgage as security for the unpaid principal balance of the loan, together with interest as changed in accordance with the provisions of the insured mortgage, which loss of priority is caused by the changes in the rate of interest.

"Changes in the rate of interest", as used in this endorsement, shall mean only those changes in the rate of interest calculated pursuant to the formula provided in the insured mortgage at Date of Policy.

This endorsement does not insure against loss or damage based upon (a) usury, or (b) any consumer credit protection or truth in lending law.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto, except that the insurance afforded by this endorsement is not subject to Section 3(d) of the Exclusions from Coverage.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned

CLTA Form 1 11.5 (Rev. 3-13-87)
(ALTA Form 6 - Variable Rate Mortgage)

ENDORSEMENT
Attached to Policy No. 27-44-92 1 20335
Issued by
Fidelity National Title Insurance Company

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the Insured against loss or damage sustained by reason of lack of priority of the lien of the Insured mortgage over:

(a)    Any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in schedule B; or

(b)    Any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

None

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

CLTA Form 1 10.9 (3-13-87)
(ALTA Endorsement Form 8.1 (3-27-87)
Environmental Protection Lien

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the owner of the indebtedness secured by the mortgage referred to in paragraph 4 of Schedule A against loss which the insured mortgage shall sustain by reason of the establishment of priority over the lien of the insured mortgage upon the estate or interest referred to in Schedule A of any statutory lien for labor or material attaching to the estate or interest referred to in Schedule A, said priority being based upon the claim that building materials had been delivered to or upon the land, or building operations had commenced thereon, prior to the recordation of the insured mortgage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

_____
Countersigned

Order No. 9842385

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company


    The Company hereby insures the insured against loss or damage which the insured shall sustain by reason of the failure of the land described in Exhibit One of Schedule A to be contiguous.

    This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature


CLTA Form 116.4 (Rev. 6-14-96)
ALTA or CLTA - Owner or Lender

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company


      Paragraph 13 of Conditions and Stipulations, as shown on the jacket of this policy is hereby deleted.


      This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006


**Fidelity National Title**
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature


CLTA Form 110.1 Modified (ARB)
(Rev. 9-10-93)
ALTA or CLTA - Owner or Lender

Order No. 9842385

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company


The Policy is hereby amended by deleting paragraph 7 of Exclusion of Coverage.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned:

BY _____

Authorized Signature


CLTA Form 110.1 Modified (CR)
(Rev. 9-10-93)
ALTA or CLTA - Owner or Lender

ENDORSEMENT
Attached to Policy No. 27-44-92 1 20335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the named Insured against loss or damage which said Insured shall sustain by reason of the entry of any final court order or judgment issued by a court of competent jurisdiction which denies the Insured the right to enforce the lien of the mortgage referred to in Schedule A on the grounds that the making of the loan constituted a violation of the doing business laws of the State of California.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, if any, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

Doing Business
ALTA Lender

LAST DOLLAR ENDORSEMENT
Attached to Policy No. 27-44-92 1 20335
Issued by
Fidelity National Title Insurance Company

Notwithstanding Section 9(b) of the Conditions and Stipulations to the contrary, by the issuance of this loan policy in an amount which is less than the face amount of the mortgage insured and described in Schedule A, the Company agrees that if the insured applies all payments by the mortgagor to the release of security other than the land described in Schedule A until such time as the aggregate principal indebtedness outstanding is reduced to the amount of this policy, the amount of coverage afforded under this policy will not be reduced by such payments. Any subsequent payments which would have the effect of reducing the indebtedness below the amount of this policy will concurrently reduce the coverage under this policy by $1.00 for each $1.00 of principal reduction thereafter made.

Nothing in this Endorsement shall in any way diminish or affect the coverage provided in the (Modified) Revolving Credit Endorsement attached to the Policy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

### NON-IMPUTATION ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby assures (the Insured) that, notwithstanding the provisions in the policy to the contrary, in the event of loss or damage insured against under the terms of the policy, the Company will not deny its coverage or liability thereunder to [the Insured] on the ground that [the Insured] had knowledge of any matter solely by reason of notice thereof imputed to it through **LBREP/L-SunCal McAllister Ranch, LLC, a Delaware limited liability company**, by operation of law.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, if any, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

Dated: January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insured the insured that any tax sale of the general real estate taxes affecting the land underlying the easement insured herein, or any tax deed issued pursuant to any such tax sale, will not result in the loss or termination of said easement insured herein.

The total liability of the Company under said policy and any endorsements therein shall not exceed, in the aggregate, the face amount of said policy and costs which the company is obligated under the conditions and stipulations thereof to pay.

This endorsement is made a part of the policy and is subject to the schedules, conditions and stipulations therein, except as modified by the provisions hereof.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

Tax Sale Endorsement

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the Insured that the land described in Schedule A is assessed for county or municipal tax purposes as those tax parcels shown on Schedule A, that such parcels include no other land, and that no other tax parcels affect said land.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and prior endorsements, if any, nor does it extend the effective date of the policy and prior endorsements or increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

Tax Parcel
ALTA and CLTA
Owner, Loan and Leasehold

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the Insured against loss or damage which the Insured shall sustain by reason of the entry of a final court order or judgment by a court of competent jurisdiction determining and adjudging:

That the lien of the mortgage referred to in Schedule A is invalid or unenforceable as to the principal and interest due on the note secured thereby, said interest being computed in accordance with the provisions of said mortgage and note, on the ground that the loan evidenced by the note secured thereby is usurious in whole or in part under the laws of the State of California.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

USURY

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the insured that in the event any defect, lien, encumbrance or other matter insured against by this policy, which creates a loss or a series of losses which exceed in the aggregate ten percent (10%) of the amount of insurance shown in Schedule A of this policy, the amount which the Company shall be liable to pay shall be determined without requiring the insured to pursue its remedies against any properties which secure the indebtedness, other than the premises described in Schedule A.   Provided, however, that nothing in this endorsement shall affect or impair the Company's right of subrogation with respect to the insured premises.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto.  Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

Order No. 9842385
Policy No. 27-44-92 120335

REVOLVING CREDIT ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company acknowledges that the insured mortgage secures a line of credit evidenced and governed by a Credit Agreement dated **January 19, 2006** referred to in the insured mortgage (defined in this endorsement as the "Credit Line"). Notwithstanding paragraph 8(d) of the Conditions and Stipulations of this Policy, but subject to paragraph 7 of the Conditions and Stipulations, the amount of liability of the Company under the above numbered policy shall fluctuate to equal the outstanding principal indebtedness and interest, not exceeding the Amount of Insurance, secured by the insured mortgage as sums are advanced, readvanced, paid and repaid pursuant to the terms and provisions of the Credit Line. Furthermore, notwithstanding item 3(d) of the Exclusions from Coverage, this Policy insures that the lien of the insured mortgage as it secures sums advanced and readvanced pursuant to and in accordance with the terms and provisions of the Credit Line after the Date of Policy shall have the same priority over liens, encumbrances and other matters as if such advances had been made as of the original Date of Policy, except for:

1. Taxes and assessments;

2. Federal tax liens, notice of which is filed prior to the date of such advances;

3. Liens or charges created under any environmental protection laws, ordinances or regulations; or

4. Liens, encumbrances or other matters, the existence of which are actually known to the Insured prior to the date of such advances.

5. Any Statutory lien for services, labor or material. {This provision, or a version adapted to the law of a particular state, should be added where state law does not fully protect the priority of advances made under the insured mortgage against mechanics' liens}].

Provided, however, this endorsement is subject to the Exclusions from Coverage, the exceptions in Schedule B of the Policy and does not insure the validity, enforceability or priority of the liens of the insured mortgage with respect to any sums advanced after the filing of a petition for relief under the Bankruptcy Code, 11 USC, by, on behalf of or with respect to the mortgagor.

Dated: January 19, 2006

Fidelity National Title
INSURANCE COMPANY

Countersigned:

BY _____
Authorized Signature

Order No. 9842385
Policy No. 27-44-92 120335

### ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the owner of the indebtedness secured by the mortgage referred to in Schedule A against loss which the insured shall sustain by reason of damage to existing improvements, including lawns, shrubbery or trees resulting from the exercise of any right to use the surface of the land for the extraction or development of the minerals leased under the oil and gas lease shown in Schedule B.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned

Policy No. 27-44-92 120335

### ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

The Company insures the insured against loss which the insured shall sustain by reason of damage to existing and future improvements, including lawns, shrubbery or trees resulting from the exercise of any right to use the surface of the land for the extraction or development of the minerals excepted from the description of the land or shown as a reservation in Schedule B.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated:  January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY



Countersigned

CLTA Form 100.29 (9-10-93)
CLTA - Owners or Lender

Order No. 9842385
Policy No. 27-44-92 120335

ENDORSEMENT
Attached to Policy No. 27-44-92 120335
Issued by
Fidelity National Title Insurance Company

1. The insurance for Advances added by Sections 2 and 3 of this endorsement is subject to: the exclusions in Section 4 of this endorsement and the Exclusions from Coverage in the Policy, except Exclusion 3(d); the provisions of the Conditions and Stipulations, except Section 9(b); and the Exceptions contained in Schedule B.

   a. "Agreement", as used in this endorsement, shall mean the note or loan agreement secured by the insured mortgage or the insured mortgage.

   b. "Advances", as used in this endorsement, shall mean only those advances of principal indebtedness made after the Date of Policy as provided in the Agreement, including expenses of foreclosure, amounts advanced pursuant to the insured mortgage to pay taxes and insurance, assure compliance with laws or to protect the lien of the insured mortgage before the time of acquisition of the estate or interest in the land and reasonable amounts expended to prevent deterioration of improvements, together with interest on those advances.

2. The Company insures against loss or damage to the insured as a result of:

   a. The invalidity or unenforceability of the lien of the insured mortgage as security for each Advance.

   b. The lack of priority of the lien of the insured mortgage as security for each Advance over any lien or encumbrance on the title.

   c. The invalidity or unenforceability or loss of priority of the lien of the insured mortgage as security for the unpaid indebtedness and Advances resulting from: (i) re-Advances and repayments of indebtedness; (ii) lack of outstanding indebtedness; (ii) lack of outstanding indebtedness before an Advance; or (iii) failure to comply with the requirements of state law to secure Advances.

3. The Company also insures against loss or damage to the insured as a result of:

   a. The invalidity or unenforceability of the lien of the insured mortgage resulting from any provisions of the Agreement that provide for: (i) interest on interest; (ii) changes in the rate of interest; or (iii) the addition of unpaid interest to the principal indebtedness.

   b. Loss of priority of the lien of the insured mortgage as security for the principal indebtedness, including any unpaid interest which was added to principal in accordance with any provisions of the Agreement, interest on interest, or interest as changed in accordance with the provisions of the insured mortgage, which loss of priority is caused by (i) changes in the rate of interest; (ii) interest on interest; or (iii) increases in the unpaid principal indebtedness resulting from the addition of unpaid interest.

   "Changes in the rate of interest", as used in this endorsement, shall mean only those changes in the rate of interest calculated pursuant to a formula provided in the insured mortgage at Date of Policy.

Order No. 9842385
Policy No. 27-44-92 120335

4. This endorsement does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) resulting from:

   a. Advances made after a Petition for Relief under the Bankruptcy Code (11 U.S.C.) has been filed by or on behalf of the mortgagor.

   b. The loss of priority of Advances to real estate taxes or assessments imposed on the land by governmental authority arising after the Date of Policy.

   c. The loss of priority to a federal tax lien of any Advance made more than forty-five days after a notice of federal tax lien has been filed in the public records.

   d. The loss of priority of Advances to any federal or state environmental protection lien.

   e. Usury, or any consumer credit protection or truth-in-lending law.

   f. (The loss of priority of an Advance to a mechanic's or materialmens's lien).

5. The Amount of Insurance defined in Section 2(c)(ii) of the Conditions and Stipulations shall include Advances.

6. Section 8(d) of the Conditions and Stipulations shall not apply to Advances.

   This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and any of any prior endorsements.

Dated: January 19, 2006

**Fidelity National Title**
INSURANCE COMPANY

Countersigned

CLTA Form 111.14 Future Advance - Priority

Order No. 9930090

# EXHIBIT "ONE"

PARCEL 1:

THE SOUTHEAST 80 FEET OF LOT 5, BLOCK 25 OF TRACT NO. 1343 OF RANCH LA
PUENTE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED
IN BOOK 20, PAGES 10 AND 11 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER
OF SAID COUNTY.

EXCEPT THEREFROM THE "PRECIOUS METALS AND ORES THEREOF' AS EXCEPTED
FROM THE PARTITION BETWEEN JOHN ROWLAND SR. AND WILLIAM WORKMAN, IN
THE PARTITION DEED RECORDED IN BOOK 10, PAGE 39 OF DEEDS.

ALSO EXCEPT THEREFROM ALL MINERAL RIGHTS, WITH THE RIGHT OF ENTRY FOR
THE PURPOSE OF EXTRACTING SAME, AS PROVIDED IN THE DEED FROM CROSS LAND
COMPANY, RECORDED IN BOOK 3973, PAGE 101, OFFICIAL RECORDS.

PARCEL 2:

LOT 5 IN BLOCK 25 OF TRACT NO. 1343, RANCHO LA PUENTE, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 20, PAGES 10
AND 11 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE SOUTHEAST 80 FEET THEREOF.

ALSO EXCEPTING THEREFROM THE "PRECIOUS METALS AND ORES THEREOF" AS
EXCEPTED FROM THE PARTITION BETWEEN JOHN ROWLAND, SR. AND WILLIAM
WORKMAN IN THE PARTITION DEED RECORDED IN BOOK 10, PAGE 39 OF DEEDS.

PARCEL 3:

THE NORTHEAST 66 FEET OF THE SOUTHWESTERLY 132 FEET OF LOT 4 IN BLOCK 25
OF TRACT NO. 1343, RANCHO LA PUENTE, IN THE COUNTY OF LOS ANGELES, STATE
OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 20, PAGES 10 AND 11 OF MAPS, IN
THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT ALL PRECIOUS METALS AND ORES FROM SAID LAND, AND THE PROVISIONS
FOR RIGHT OF ENTRY AND WAY, AS CONTAINED IN THE DEED OF PARTITION OF THE
RANCHO LA PUENTE BETWEEN WILLIAM WORKMAN AND JOHN ROWLAND, RECORDED
IN BOOK 10, PAGE 39 ET SEQ. OF DEEDS.

ALSO EXCEPT ALL MINERAL RIGHTS OF SAID LAND, AS RESERVED IN THE DEED FROM
CROSS LAND COMPANY TO S. DUPUY RECORDED IN BOOK 3973, PAGE 101, OFFICIAL
RECORDS.

PARCEL 3A:

AN EASEMENT FOR COMMUNITY DRIVEWAY AND INCIDENTAL PURPOSES OVER THE
NORTHEASTERLY 8.00 FEET OF THE SOUTHEASTERLY 132.00 FEET OF THE NORTH
WESTERLY 250 FEET OF SAID LOT 4, AS GRANTED IN A DEED RECORDED MARCH 8,
1988, AS INSTRUMENT NO. 88-365684, OF OFFICIAL RECORDS.

PARCEL 4:

THE SOUTHWESTERLY 132 FEET OF LOT 4 IN BLOCK 25 OF TRACT 1343, RANCHO LA

2                                                    (Rev. 11/17/04)

ITEMS: (Continued)                                                          Order No. 9930090

11.       **Easement(s)** for the purpose(s) shown below and rights incidental thereto as granted in
          a document;

          Granted to:          General Telephone Company
          Purpose:             Utilities
          Recorded:            July 28, 1972, Instrument No. 4209, of Official Records
          Affects:             Northwesterly 4 feet of Southeasterly 80 feet of said land

12.       Owner's Mortgagee's Waiver in connection with attachment of equipment to real
          property, recorded July 9, 1990 as Instrument No. 90-1201752, Official Records.

          THE FOLLOWING MATTERS AFFECT PARCEL 2

13.       **Easement(s)** for the purpose(s) shown below and rights incidental thereto as set forth
          in a document;

          In favor of:         Southern California Edison Company, a corporation
          Purpose:             Pole lines
          Recorded:            May 3, 1956, Instrument No. 3612, Book 51075, Page 339, of
                               Official Records
          Affects:             The Northwesterly 10 feet of said land

14.       **A covenant and agreement**

          Executed by:         Latin American Assembly of God in California, Inc.
          In favor of:         County of Los Angeles
          Recorded:            July 12, 1966, Instrument No. 3039, of Official Records

          Reference is hereby made to said document for full particulars.

15.       **Easement(s)** for the purpose(s) shown below and rights incidental thereto as set forth
          in a document;

          Purpose:             Public road and highway purposes
          Recorded:            December 7, 1981, Instrument No. 81-005446, of Official
                               Records
          Affects:             Portions of said land, the exact location of which can be
                               determined by examination of the above mentioned instrument,
                               which contains a complete legal description of the affected
                               portions of said land

16.       **A covenant and agreement**

          Executed by:         Jesse Miranda and Jell Jorrez
          In favor of:         County of Los Angeles
          Recorded:            June 16, 1988, Instrument No. 88-958721, of Official Records

          Which among other things provides: We (the owners agree to all the stipulations and
          conditions of Parking Permit Case No. 871701(1) and hereby agree that, should the
          parking permit granted in the above case terminate, we will develop the parking spaces
          needed to bring the new use or occupancy of the aforementioned real property into
          conformance with the requirements of Title 22 of the Los Angeles county Code at the
          time such new use in established.

          Reference is hereby made to said document for full particulars.

(Rev. 11/17/04)

# Policy of Title Insurance

**Fidelity National Title Insurance Company**

A Stock Company

*2ᵈ Lien*

### COPY OF
### LOAN POLICY OF TITLE INSURANCE

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS CONTAINED IN SCHEDULE B AND THE PROVISIONS OF THE CONDITIONS AND STIPULATIONS HEREOF, FIDELITY NATIONAL TITLE INSURANCE COMPANY, a corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the amount of insurance stated in Schedule A, and costs, attorney's fees and expenses which the Company may become obligated to pay hereunder, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested otherwise than as stated herein;
2. Any defect in or lien or encumbrance on such title;
3. Lack of a right of access to and from the land;
4. Unmarketability of such title;
5. The invalidity or unenforceability of the lien of the insured mortgage upon said estate or interest except to the extent that such invalidity or unenforceability, or claim thereof, arises out of the transaction evidenced by the insured mortgage and is based upon
   a. usury, or
   b. any consumer credit protection or truth in lending law;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Any statutory lien for labor or material which now has gained or hereafter may gain priority over the lien of the insured mortgage, except any such lien arising from an improvement on the land contracted for and commenced subsequent to Date of Policy not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. Any assessments for street improvements under construction or completed at Date of Policy which now have gained or hereafter may gain priority over the insured mortgage; or
9. The invalidity or unenforceability of any assignment, shown in Schedule A, of the insured mortgage or the failure of said assignment to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

IN WITNESS WHEREOF, FIDELITY NATIONAL TITLE INSURANCE COMPANY has caused this policy to be signed and sealed by its duly authorized officers as of Date of Policy shown in Schedule A.

**Fidelity National Title Insurance Company**

By: _____ President

ATTEST _____ Secretary

Countersigned: _____
Authorized Counter Signature