# EXHIBIT H

Title Insurance Law
Database updated September 2009

Joyce Palomar

Appendices[*]

**APPENDIX C2. Comparison of ALTA 1970 Loan Policy and ALTA 1992 Loan Policy**

COMPARISON OF 1970 AMERICAN LAND TITLE ASSOCIATION LOAN POLICY WITH AMERICAN LAND TITLE ASSOCIATION LOAN POLICY (10-17-92)

| 1970 LOAN POLICY | ALTA LOAN POLICY (10-17-92) | COMMENTS |
|---|---|---|
| SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS CONTAINED IN SCHEDULE B AND THE PROVISIONS OF THE CONDITIONS AND STIPULATIONS HEREOF, BLANK TITLE INSURANCE COMPANY, a blank corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the amount of insurance stated in Schedule A, and costs, attorneys' fees and expenses which the Company may become obligated to pay hereunder, sustained or incurred by the insured by reason of: | SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, BLANK TITLE INSURANCE COMPANY, a Blank corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of: | CLARIFIED. The insurer's "obligation-to-defend" language has been relocated to the concluding paragraph of the Insuring Provisions. This was done to indicate that this obligation is separate from the indemnity obligations enumerated in the numbered paragraphs and specifically limited by cross reference to the Conditions and Stipulations. |
| 1. Title to the estate or interest described in Schedule A being vested otherwise than as stated therein; | 1. Title to the estate or interest described in Schedule A being vested other than as stated therein; | SAME COVERAGE |
| 2. Any defect in or lien or encumbrance on such title; | 2. Any defect in or lien or encumbrance on the title; | SAME COVERAGE |
| 3. Lack of a right of access to and from the land; | 3. Unmarketability of the title; | SAME COVERAGE. (See definition of "unmarketability of the title" at 1(g) of Conditions and Stipulations) |
| 4. Unmarketability of such title; | 4. Lack of a right of access to and from the land; | SAME COVERAGE |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | | |
|---|---|---|
| 5. The invalidity or unenforceability of the lien of the insured mortgage upon said estate or interest except to the extent that such invalidity or unenforceability, or claim thereof, arises out of the transaction evidenced by the insured mortgage and is based upon usury, or any consumer credit protection or truth in landing law; | 5. The invalidity or unenforceability of the lien of the insured mortgage upon the title; | SAME COVERAGE. (Note that exclusionary language now appears in Exclusion 6) |
| 6. The priority of any lien or encumbrances over the lien of the insured mortgage; | 6. The priority of any lien or encumbrances over the lien of the insured mortgage; | SAME COVERAGE |
| 7. Any statutory lien for labor or material which now has gained or hereafter may gain priority over the lien of the insured mortgage, except any such lien arising from an improvement on the land contracted for and commenced subsequent to Date of Policy not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance; or | 7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material; | REVISED. Although this language has been completely revised, the coverage for mechanics' liens under the 1992 Policy is considered to be the same as the coverage in the 1970 Policy. |
| | (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or<br>(b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance; | Please see Exclusion 6 and Section 8(d) (ii) of the Conditions and Stipulations for any limitation on coverage. |
| 8. The invalidity or unenforceability of any assignment, shown in Schedule A, of the insured mortgage or the failure of said assignment to vest title to the insured mortgage in the named insured assignee free and clear of all liens. | 8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens. | |
| | The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to | |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | | |
|---|---|---|
| | the extent provided in the Conditions and Stipulations. | |
| IN WITNESS WHEREOF, Blank Title Insurance Company has caused this policy to be signed and sealed by its duly authorized officers as of Date of Policy shown in Schedule A. | [Witness clause optional] | |
| BLANK TITLE INSURANCE COMPANY<br>BY:____________________<br>President<br>BY:____________________<br>Secretary | BLANK TITLE INSURANCE COMPANY<br>BY:____________________<br>President<br>BY:____________________<br>Secretary | |

| 1970 LOAN POLICY | ALTA LOAN POLICY (10-17-92) | COMMENTS |
|---|---|---|
| EXCLUSIONS FROM COVERAGE | EXCLUSIONS FROM COVERAGE | |
| The following matters are expressly excluded from the coverage of this policy: | The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of: | CLARIFICATION. Costs, attorneys' fees and other expenses associated with matters excluded from coverage in this section are now specifically excluded. Since excluded matters are beyond the scope of policy coverage, title insurers undertake no liability with respect to these matters. This is a restatement of existing law. |
| 1. Any law, ordinance or governmental regulation (including but not limited to building and zoning ordinances) restricting or regulating or prohibiting the occupancy, use or enjoyment of the land, or regulating the character, dimensions or location of any improvement now or hereafter erected on the land, or prohibiting a separation in ownership or a reduction in the dimensions or area of the land, or the effect of any violation of any such law, ordinance or governmental regulation. | 1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been re- | ADDED COVERAGE FOR INSURED. The new language clarifies previous Exclusion 1 and the police power portion of previous Exclusion 2 in the 1970 Policy. No new exclusions are added. In fact, policy coverage has been increased. Title insurers have now assumed responsibility for recorded notices of enforcement of excluded matters and recorded notices of defects liens, or encumbrances affecting title which result from a violation of excluded matters. |

| | | |
|---|---|---|
| | corded in the public records at Date of Policy. | |
| | (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrances resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. | SAME COVERAGE. Please see above Exclusion 1 (b) for police power provision. Note, however, added language covering a bona fide purchaser without knowledge of an existing taking. |
| 2. Rights of eminent domain or governmental rights of police power unless notice of the exercise of such rights appears in the public records at Date of Policy. | 2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge. | |
| 3. Defects, liens, encumbrances, adverse claims, or other matters (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company and not shown by the public records but known to the insured claimant either at Date of Policy or at the date such claimant acquired an estate or interest insured by this policy or acquired the insured mortgage and not disclosed in writing by the Insured claimant to the Company prior to the date such insured claimant became an insured hereunder; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent insurance is afforded herein as to any statutory lien for labor or material); | 3. Defects, liens, encumbrances, adverse claims or other matters: | SAME COVERAGE, except the addition of Exclusion 3(e). |
| | (a) created, suffered, assumed or agreed to by the insured claimant; | |
| | (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; | |
| | (c) resulting in no loss or damage to the insured claimant; | |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | | |
|---|---|---|
| | (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or | |
| | (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage. | Exclusion 3(e) is a restated and clarified limitation of coverage. It excludes loss which arises because the insured claimant did not pay value. Examples would be mortgages acquired by descent or gift. |
| 4. Unenforceability of the lien of the Insured mortgage because of failure of the Insured at Date of Policy or of any subsequent owner of the indebtedness to comply with applicable "doing business" laws of the state in which the land is situated. | 4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the Indebtedness, to comply with applicable doing business laws of the state in which the land is situated. | CLARIFICATION. The clarified language now specifically states that no coverage exists if the insured is unable to qualify to do business and as a result suffers loss because the mortgage lien cannot be enforced. |
| | 5. Invalidity or unenforceability of the lien of the Insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law. | SAME COVERAGE. Exclusion 5 appeared in Insuring Provision 5 of the 1970 Policy. |
| | 6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed In whole or In part by proceeds of the Indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance. | SAME COVERAGE. Exclusion 6 appeared as part of the mechanics' lien priority Insuring Provision 7 of the 1970 Policy. The Insurer is not obligated to defend a claim of priority of a mechanics' lien excluded by this provision. |
| | 7. Any claim, which arises out of the transaction creating the interest of the mortgages insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on: | CLARIFICATION. Exclusion 7 amplifies Exclusions 3(a) and (b). The language of the general portion of this exclusion was first included in the 1990 revisions. Subparagraphs (i), (ii) and (iii) are creditors' rights exclusions which were added in the 1992 revisions to conform with language approved by |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | | the New York Department of Insurance and to clarify the intent of the drafters in 1990. |
|---|---|---|
| | (a) the transaction creating the interest of the insured mortgages being deemed a fraudulent conveyance or fraudulent transfer; or | |
| | (b) the subordination of the interest of the insured mortgages as a result of the application of the doctrine of equitable subordination; or | |
| | (c) the transaction creating the interest of the insured mortgages being deemed a preferential transfer except where the preferential transfer results from the failure: | |
| | (i) to timely record the instrument of transfer; or | |
| | (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor. | |

| 1970 LOAN POLICY | ALTA LOAN POLICY (10-17-92) | COMMENTS |
|---|---|---|
| SCHEDULE A | SCHEDULE A | |
| No. | [File No. ] Policy No. | |
| | Amount of Insurance $ | |
| | [Premium $ ] | |
| Date of Policy: | a.m. | |
| Amount of Insurance: $__________ | Date of Policy __________ [at p.m.] | |
| 1. Name of Insured: | 1. Name of Insured; | |
| 2. The estate or interest in the land described in this Schedule and which is encumbered by the insured mortgage is; (a fee, a leasehold. etc.) | 2. The estate or interest in the land which is encumbered by the insured mortgage is; | |
| 3. The estate or interest referred to herein is at Date of Policy vested in; | 3. Title to the estate or interest in the land is vested in; | SAME COVERAGE. Among several minor language revisions, the most significant change (although not a limitation on coverage) is in Paragraph 3 referring to "title to the estate or interest." The former provision vested "[t]he estate or interest." The change |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | | makes the sentence consistent with Insuring Provision 1. |
|---|---|---|
| 4. The mortgage, herein referred to as the insured mortgage, and the assignments thereof, if any, are described as follows: | 4. The insured mortgage and assignments thereof, if any, are described as follows: | |
| 5. The land referred to in this policy is described as follows: | [5. The land referred to in this policy is described as follows:] | |
| (Items 2 and 3 may be combined and the various paragraphs shown in a different order if that is the Company's practice. Item 5 may be modified by making a reference to the description contained in the mortgage or other instrument if that is the practice of the Company.) | If Paragraph 5 is omitted, a Schedule C, captioned the same as Paragraph 5, must be used. | |

| 1970 LOAN POLICY | ALTA LOAN POLICY (10-17-92) | COMMENTS |
|---|---|---|
| SCHEDULE B | SCHEDULE B | |
| PART I | [File No. ] | |
| | Policy No. | |
| | EXCEPTIONS FROM COVERAGE | |
| This policy does not insure against loss or damage by reason of the following: | This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of: | CLARIFICATION. Attorneys' fees and other costs associated with matters excepted in Schedule B are now specifically excepted. It is consistent with the language of the preamble of Exclusions from Coverage and the comment there is equally applicable here. |
| (General exceptions applicable to the region shall be printed as items in this Schedule. Following such printed exceptions there would be typed the specific exceptions applicable to the estate or interest covered by the policy; if none, so state. | PART I | |
| | 1. | |
| | [POLICY MAY INCLUDE REGIONAL EXCEPTIONS IF SO DESIRED BY THE ISSUING | SAME COVERAGE. There is no significant change in this part of Schedule B. |
| If general exceptions are adopted as standard by the companies of a region, and | 2. [DEBIRED BY ISSUING COMPANY] | |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | | |
|---|---|---|
| are printed in this Schedule, the caption of the policy should be amended to designate that it is a regional policy, e.g. Northeast Region. ALTA Loan Policy - 1970. | | |
| | 3. [VARIABLE EXCEPTIONS SUCH AS TAXES, EASEMENTS, CC & Ra, ETC.] | |
| If there are matters which affect the title to the estate or interest in the land described or referred to in Schedule A, but which are subordinate to the lien of the insured mortgage, Part II of Schedule B must be added, or Schedule B must contain the following statement: | 4. | |
| | Note: If there are matters which affect the title to the estate or interest in the land described in Schedule [A][C], but which are subordinate to the lien of the insured mortgage, Part II of Schedule B must be added, or Part I of Schedule B must contain the following statement: | |
| "Matters which affect the title to said estate or interest, but which are subordinate to the lien of the insured mortgage." | "Matters which affect the title to the estate or interest, but which are subordinate to the lien of the insured mortgage" | |
| The quoted material would be set forth as a numbered exception in Schedule B.) | | |
| SCHEDULE B<br>PART II | PART II | |
| In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters if any shown, but the Company insures that such matters are subordinate to the lien or charge of the insured mortgage upon said estate or interest: | In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule [A][C] is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest: | SAME COVERAGE, No change was made in this part of Schedule B. |
| (Here would be typed the specific subordinate matters which in the past some companies may have eliminated or omitted from the loan policy. If Schedule B consists of only one Part, then the designation should be only "Schedule B") | | |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| 1970 LOAN POLICY | ALTA LOAN POLICY (10-17-92) | COMMENTS |
|---|---|---|
| CONDITIONS AND STIPULATIONS | CONDITIONS AND STIPULATIONS | |
| 1. DEFINITION OF TERMS | 1. DEFINITION OF TERMS. | REVISED. In 1987 two changes were made in the definition of "insured": First, an obligor under Conditions and Stipulations Section 12(c) is excluded as an insured. An example of an excluded obligor would be a private mortgage insurance company. Second, a purchaser for value of the indebtedness without knowledge is not subject to rights and defenses the insured might have against its predecessor insured. |
| The following terms when used in this policy mean: | The following terms when used in this policy mean: | |
| (a) "insured": The insured named in Schedule A. The term "insured" also includes (i) the owner of the indebtedness secured by the insured mortgage and each successor in ownership of such indebtedness (reserving, however, all rights and defenses as to any such successor who acquires the indebtedness by operation of law as distinguished from purchase including, but not limited to, heirs, distributees, devisees, survivors, personal representatives, next of kin or corporate or fiduciary successors that the Company would have had against the successor's transferor), and further includes (ii) any governmental agency or instrumentality which is an insurer or guarantor under an insurance contract or guaranty insuring or guaranteeing said indebtedness, or any part thereof, whether named as an insured herein or not, and (iii) the parties designated in paragraph 2(a) of these Conditions and Stipulations. | (a) "insured": the insured named in Schedule A. The term "insured" also includes | |
| | (i) the owner of the indebtedness secured by the insured mortgage and each successor in ownership of the indebtedness except a successor who is an obligor under the provisions of Section 12(c) of these Conditions and Stipulations (reserving, however, all rights and defenses as to any successor that the Company would have had against any predecessor insured, unless the successor acquired the indebt- | |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | | |
|---|---|---|
| | edness as a purchaser for value without knowledge of the asserted defect, lien, encumbrance, adverse claim or other matter insured against by this policy as affecting title to the estate or interest in the land); | |
| | (ii) any governmental agency or governmental instrumentality which is an insurer or guarantor under an insurance contract or guaranty insuring or guaranteeing the indebtedness secured by the insured mortgage, or any part thereof, whether named as an insured herein or not; | SAME MEANING. Includes "known" within the definition. |
| | (iii) the parties designated in Section 2(a) of these Conditions and Stipulations. | |
| (b) "insured claimant": an insured claiming loss or damage hereunder. | (b) "insured claimant": an insured claiming loss or damage. | |
| (c) "knowledge": actual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of any public records. | (c) "knowledge" or "known": actual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of the public records as defined in this policy or any other records which impart constructive notice of matters affecting the land. | |
| (d) "land": the land described, specifically or by reference in Schedule A, and improvements affixed thereto which by law constitute real property; provided, however, the term "land" does not include any property beyond the lines of the area specifically described or referred to in schedule A, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways, but nothing herein shall modify or limit the extent to which a right of access to and from the land is insured by this policy. | (d) "land": the land described or referred to in Schedule [A][C], and improvements affixed thereto which by law constitute real property. The term "land" does not include any property beyond the lines of the area described or referred to in Schedule [A][C], nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways, but nothing herein shall modify or limit the extent to which a right of access to and from the land is insured by this policy. | NO SIGNIFICANT CHANGE CHANGE. Changes made in this definition reflect the insurer's understanding of the meaning of "public records" under the 1970 Policy. This new definition limits public records to those established by state statutes and expands the scope of the definition to include the records of the clerk of the United States district court for purposes of coverage of federal environmental liens recorded there. [The records of the clerk's office are not relevant in states having a statute which requires recording of federal liens in the office of the county recorder where the property is located.] |
| (e) "mortgage": mortgage, deed of trust, trust deed, or other security instrument. | (e) "mortgage": mortgage, deed of trust, trust deed, or other security instrument | |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(f) "public records": those records which by law impart constructive notice of matters relating to said land.

(f) "public records": records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge. With respect to Section 1(a)(iv) of the Exclusions From Coverage, "public records" shall also include environmental protection liens filed in the records of the clerk of the United States district court for the district in which the land is located.

IMPORTANT NOTE. This definition is a limitation upon coverage only where the words "public records" are used. In the pre-printed portion of the 1992 Policy, "public records" appears only in Exclusions 1(a), 1(b), 2 and 3(b).

(g) "unmarketability of the title": an alleged or apparent matter affecting the title to the land, not excluded or excepted from coverage, which would entitle a purchaser of the estate or interest described in Schedule A or the insured mortgage to be released from the obligation to purchase by virtue of a contractual condition requiring the delivery of marketable title.

NEW. Insuring Provision 3 is now defined. Although new, no change in coverage was intended. Excluded or excepted matters affecting marketability are not covered in the 1970 and 1992 Policies.

2. (a) Continuation of Insurance After Acquisition of Title

This policy shall continue in force as of Date of Policy in favor of an insured who acquires all or any part of the estate or interest in the land described in Schedule A by foreclosure, trustee's sale, conveyance in lieu of foreclosure, or other legal manner which discharges the lien of the insured mortgage, and if the insured is a corporation, its transferee of the estate or interest so acquired, provided the transferee is the parent or wholly owned subsidiary of the insured; and in favor of any governmental agency or instrumentality which acquires all or any part of the estate or interest pursuant to a contract of insurance or guaranty insuring or guaranteeing the indebtedness secured by the insured mortgage; provided that the amount of insurance hereunder after such acquisition, exclusive of costs attorneys' fees and expenses which the Company

2. CONTINUATION OF INSURANCE.

(a) After Acquisition of Title.

The coverage of this police shall continue in force as of Date of Policy in favor of (i) an insured who acquires all or any part of the estate or interest in the land by foreclosure, trustee's sale, conveyance in lieu of foreclosure, or other legal manner which discharges the lien of the insured mortgage; (ii) a transferee of the estate or interest so acquired from an insured corporation, provided the transferee is the parent or wholly-owned subsidiary of the insured corporation, and their corporate successors by operation of law and not by purchase, subject to any rights or defenses the Company may have against any predecessor insureds; and (iii) any governmental agency or governmental instrumentality which acquires all or any part of the estate or interest pursuant to a contract of insurance or guaranty insuring or guaranteeing the indebtedness

REVISED. The entire section has been restructured to clarify the amount of insurance which an insured would have either after the acquisition of title pursuant to foreclosure or after a subsequent conveyance of the title. Please note that a reservation of rights and defenses is now retained by the insurer against transferees referred to in Section 2(a)(ii). Except as stated in Section 2(c), the coverage has not been changed.

may become obligated to pay, shall not exceed the least of:

(i) the amount of insurance stated in Schedule A;

(ii) the amount of the unpaid principal of the indebtedness as defined in paragraph 8 hereof, plus interest thereon, expenses of foreclosure and amounts advanced to protect the lien of the insured mortgage and secured by said insured mortgage at the time of acquisition of such estate or interest in the land; or

(iii) the amount paid by any governmental agency or instrumentality, if such agency or instrumentality is the insured claimant, in the acquisition of such estate or interest in satisfaction of its insurance contract or guaranty.

(b) Continuation of Insurance after Conveyance of Title

The coverage of this policy shall continue in force as of Date of Policy in favor of an insured so long as such insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from such insured, or so long as such insured shall have liability by reason of covenants of warranty made by such insured in any transfer or conveyance of such state or interest; provided, however, this policy shall not continue in force in favor of any purchaser from such insured of either said estate or interest or the indebtedness secured by a purchase money mortgage given to such insured.

secured by the insured mortgage.

(b) After Conveyance of Title.

The coverage of this policy shall continue in force as of Date of Policy in favor of an insured only so long as the insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from the insured, or only so long as the insured shall have liability by reason of covenants of warranty made by the insured in any transfer or conveyance of the estate or interest. This policy shall not continue in force in favor of any purchaser from the insured of either (i) an estate or interest in the land, or (ii) an indebtedness secured by a purchase money mortgage given to the insured.

(c) Amount of Insurance.

The amount of insurance after the acquisition or after the conveyance shall in neither event exceed the least of:

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | | |
|---|---|---|
| | (i) the Amount of Insurance stated in Schedule A; | |
| | (ii) the amount of the principal of the indebtedness secured by the insured mortgage as of Date of Policy, interest thereon, expenses of foreclosure, amounts advanced pursuant to the insured mortgage to assure compliance with laws or to protect the lien of the insured mortgage prior to the time of acquisition of the estate or interest in the land and secured thereby and reasonable amounts expended to prevent deterioration of improvements, but reduced by the amount of all payments made; or | NOTE. In addition to the usual items of expense included in the 1970 policy to determine the amount of insurance, amounts advanced pursuant to the mortgage to insure compliance with laws and reasonable amounts spent to prevent deterioration of improvements may also be included in the amount of insurance. |
| | (iii) the amount paid by any governmental agency or governmental instrumentality, if the agency or instrumentality is the insured claimant, in the acquisition of the estate or interest in satisfaction of its insurance contract or guaranty. | |
| 3. <u>DEFENSE AND PROSECUTION OF ACTIONS NOTICE OF A CLAIM TO BE GIVEN BY AN INSURED A CLAIMANT</u> | 3. <u>NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.</u> | SAME MEANING. In 1987 the order of the sections in the policy was changed to reflect the normal sequence of events which occurs when an insured files a claim under a policy of title insurance. Section 3 is a clarification of the former Section 3(b). |
| (a) The Company, at its own cost and without undue delay, shall provide for the defense of an insured in all litigation consisting of actions or proceedings commenced against such insured, or defenses, restraining orders or injunctions interposed against a foreclosure of the insured mortgage or a defense interposed against an insured in an action to enforce a contract for a sale of the indebtedness secured by the insured mortgage, or a sale of the estate or interest in said land, to the extent that such litigation is founded upon an alleged defect, lien, encumbrance, or other matter insured against by this policy. | The insured shall notify the Company promptly in writing (i) in case of any litigation as set forth in Section 4(a) below, (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest or the lien of the insured mortgage, as insured, and which might cause loss or damage for which the Company may be liable by virtue of this policy, or (iii) if title to the estate or interest or the lien of the insured mortgage, as insured, is rejected as unmarketable. If prompt notice shall not be given to the Company, then as in the insured all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any insured under this policy unless the | |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Company shall be prejudiced by the failure and then only to the extent of the prejudice.

(b) The insured shall notify the Company promptly in writing (i) in case any action or proceeding is begun or defense or restraining order or injunction is interposed as set forth in (a) above, (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest or the lien of the insured mortgage, as insured, and which might cause loss or damage for which the Company may be liable by virtue of this policy, or (iii) if title to the estate or interest or the lien of the insured mortgage, as insured, is rejected as unmarketable. If such prompt notice shall not be given to the Company, then as to such insured all liability of the Company shall cease and terminate in regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify shall in no case prejudice the rights of any such insured under this policy unless the Company shall be prejudiced by such failure and then only to the extent of such prejudice.

4. DEFENSE AND PROSECUTION OF ACTIONS: DUTY OF INSURED CLAIMANT TO COOPERATE.

CHANGE SHOULD BE NOTED. The insured must request its defense in writing. The insurer's right to select counsel is now explicitly stated whereas it was implied in the 1970 Policy. The 1992 Policy, however, provides the insured with the opportunity to object for cause.

(a) Upon written request by the insured and subject to the options contained in Section 6 of these Conditions and Stipulations, the Company, at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy. The Company shall have the right to select counsel of its choice (subject to the right of the insured to object for reasonable cause) to represent the insured as to those stated causes of action and shall not be liable for and will not pay the fees of any other counsel. The Company will not pay any fees, costs or expenses incurred by the insured in the defense of those causes of action which allege matters not insured against by this

Section 4(a) subject matter was formerly set forth in Section 3(a).

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

policy.

(c) The Company shall have the right at its own cost to institute and without undue delay prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured, and the Company may take any appropriate action under the terms of this policy, whether or not it shall be liable thereunder, and shall not thereby concede liability or waive any provision of this policy.

(b) The Company shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured, or to prevent or reduce loss or damage to the insured. The Company may take any appropriate action under the terms of this policy, whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy. If the Company shall exercise its rights under this paragraph, it shall do so diligently.

CHANGE SHOULD BE NOTED. Sections 4(b), (c) and (d) subject matter was formerly set out in Sections 3(c), (d) and (e) respectively of the 1970 Policy.

(d) Whenever the Company shall have brought any action or interposed a defense as required or permitted by the provisions of this policy, the Company may pursue any such litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

(c) Whenever the Company shall have brought an action or interposed a defense as required or permitted by the provisions of this policy, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from any adverse judgment or order.

(e) In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding, the insured hereunder shall secure to the Company the right to so prosecute or provide defense in such action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of such insured for such purpose. Whenever requested by the Company, such insured shall give the Company all reasonable aid in any such action or proceeding, in effecting settlement, securing evidence, obtaining witnesses, or prosecuting or defending such action or proceeding, and the Company shall reimburse such insured for any expense so incurred.

(d) In all cases where this policy permits or requires the Company to prosecute or provide for the defense of any action or proceeding, the insured shall secure to the Company the right to so prosecute or provide defense in the action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of the insured for this purpose. Whenever requested by the Company, the insured, at the Company's expense, shall give the Company all reasonable aid (i) in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or proceeding, or effecting settlement, and (ii) in any other lawful act which in the opinion of the Company may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured. If the Company is prejudiced by the failure of the insured to furnish the required cooperation, the Company's obligations to the insured under the policy shall terminate, including any liability or

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such cooperation.

4. NOTICE OF LOSS - LIMITATION OF ACTION

In addition to the notices required under paragraph 8(b) of these Conditions and Stipulations, a statement in writing of any loss or damage for which it is claimed the Company is liable under this policy shall be furnished to the Company within 90 days after such loss or damage shall have been determined and no right of action shall accrue to an insured claimant until 30 days after such statement shall have been furnished. Failure to furnish such statement of loss or damage shall terminate any liability of the Company under this policy as to such loss or damage.

5. PROOF OF LOSS OR DAMAGE

In addition to and after the notices required under Section 8 of these Conditions and Stipulations have been provided the Company, a proof of loss or damage signed and sworn to by the insured claimant shall be furnished to the Company within 90 days after the insured claimant shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the defect in, or lien or encumbrance on the title, or other matter insured against by this policy which constitutes the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the insured claimant to provide the required proof of loss or damage, the Company's obligations to the insured under the policy shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, with regard to the matter or matters requiring such proof of loss or damage.

In addition, the insured claimant may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Policy, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the insured claimant shall grant its permission, in writing, for any authorised representative of the Company to exam-

CHANGE SHOULD BE NOTED. This provision, which was formerly in Section 4 of the 1970 form, describes the contents of a proof of loss statement in greater detail. These provisions were added in 1987 to specify the responsibility of the insured to: cooperate in direct examination; submit relevant records; and permit similar cooperation from third parties. The duty of the insured to cooperate in these activities is implicit in the 1970 Policy.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

ine, inspect and copy all records, books, ledgers, checks. correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the insured claimant provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the insured claimant to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in this paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this policy as to that claim.

5. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS

The Company shall have the option to pay or otherwise settle for or in the name of an insured claimant any claim insured against or to terminate all liability and obligations of the Company hereunder by paying or tendering payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred up to the time of such payment or tender of payment by the insured claimant and authorized by the Company. In case loss or damage is claimed under this policy by an insured, the Company shall have the further option to purchase such indebtedness for the amount owing thereon together with all costs, attorneys' fees and expenses which the Company is obligated hereunder to pay. If the Company offers to purchase said indebtedness as herein provided, the owner of such indebtedness shall transfer and assign said indebtedness and the mortgage and any collateral securing the same to the Company upon payment therefor as herein provided.

6. OPTIONS TO PAY OR OTHERWISE SETTLE CLAIMS; TERMINATION OF LIABILITY.

In case of a claim under this policy, the Company shall have the following additional options:

(a) To Pay or Tender Payment of the Amount of insurance or to Purchase the Indebtedness.

CHANGE SHOULD BE NOTED. This provision, formerly in Section 5, has been clarified to specifically authorize partial settlement with third parties in the name of the insured and with the insured a right implicit in the 1970 Policy. Provisions terminating an insurer's obligations under the policy (other than the settlement payment made in exercise of an option by the insurer) have been clarified.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(i) to pay or tender payment of the amount of insurance under this policy together with any costs, attorneys' fees and expenses incurred by the insured claimant, which were authorized by the Company, up to the time of payment or tender of payment and which the Company is obligated to pay; or

(ii) to purchase the indebtedness secured by the insured mortgage for the amount owing thereon together with any costs, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of purchase and which the Company is obligated to pay.

If the Company offers to purchase the indebtedness as herein provided, the owner of the indebtedness shall transfer, assign, and convey the indebtedness and the insured mortgage, together with any collateral security, to the Company upon payment therefor.

Upon the exercise by the Company of either of the options provided for in paragraphs a(i) or (ii), all liability and obligations to the insured under this policy, other than to make the payment required in those paragraphs, shall terminate, including any liability or obligation to defend, prosecute, or continue any litigation, and the policy shall be surrendered tot he Company for cancellation.

(b) To Pay or Otherwise Settle With Parties Other than the Insured or With the Insured Claimant.

(i) to pay or otherwise settle with parties for or in the name of an insured claimant claim insured against under this policy, together any costs, attorneys' fees and expenses incurred by insured claimant which were authorized by Company up to the time of payment and which Company is obligated to pay; or

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(ii) to pay or otherwise settle with the in claimant the loss or damage provided for policy, together with any coats, attorneys' fees and expenses incurred by the insured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

Upon the exercise by the Company of either of the options provided for in paragraphs b(i) or (ii), the Company's obligations to the insured under this policy for the claimed loss or damage, other than the payments required to be made, shall terminate, including any liability or obligation to defend, prosecute or continue any litigation.

| | | |
|---|---|---|
| 6. DETERMINATION AND PAYMENT OF LOSS | 7. DETERMINATION AND EXTENT OF LIABILITY. | |
| (a) The liability of the Company under this policy shall in no case exceed the least of: | This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described. | CHANGE SHOULD BE NOTED. Most of the subject matter in this action was formerly in Section 6 of the 1970 Policy. A preamble has been added (reflecting what insurers believed was the case under the 1970 Policy) that the policy is a contract of indemnity against actual monetary loss. Section 7(a)(ii) has been reworded and should be interpreted in conjunction with Section 2, 6, 8, and 9. Section 7(a)(iii) states the traditional method of determining the extent of loss under a title policy: difference in value with and without the matter resulting in a claim of loss covered by the policy. Section 7(b) sets forth the insurer's liability to an insured lender which acquires title in a manner that continues the insurance in accordance with Section 2(a) of the Conditions and Stipulations. |
| (i) the actual loss of the insured claimant; or | | |
| (ii) the amount of insurance stated in Schedule A, Or, if applicable, the amount of insurance as defined in paragraph 2(a) hereof; or | (a) The liability of the Company under this policy shall not exceed the least of: | |
| (iii) the amount of the indebtedness secured by the insured mortgage as deter- | (i) the Amount of Insurance stated in Schedule A, or, if applicable, the amount | |

| | | |
|---|---|---|
| mined under paragraph 6 hereof, at the time the loss or damage insured against hereunder occure, together with interest thereon. | of insurance as defined in Section 2 (c) of these Conditions and Stipulations; | |
| (b) The Company will pay, in addition to any loss insured against by this policy, all costs imposed upon an insured in litigation carried on by the Company for such insured, and all costs, attorneys' fees and expenses in litigation carried on by such insured with the written authorisation of the Company. | (ii) the amount of the unpaid principal indebtedness secured by the insured mortgage as limited or provided under Section 8 of these Conditions and Stipulations or as reduced under Section 9 of these Conditions and Stipulations, at the time the loss or damage insured against by this policy occure, together with interest thereon; or | |
| (c) When liability has been definitely fixed in accordance with the conditions of this policy, the loss or damage shall be payable within 30 days thereafter. | (iii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy. | NOTE. Section 6(c) of the 1970 Policy is now located in Section 11(b). |
| | (b) In the event the insured has acquired the estate or interest in the manner described in Section 2(a) of these Conditions and Stipulations or has conveyed the title, then the liability of the Company shall continue as set forth in Section 7(a) of these Conditions and Stipulations. | |
| | (c) The Company will pay only those costs, attorneys' fees and expenses incurred in accordance with Section 4 of these Conditions and Stipulations. | |
| 7. LIMITATION OF LIABILITY | 8. LIMITATION OF LIABILITY. | |
| No claim shall arise or be maintainable under this policy (a) if the Company, after having received notice of an alleged defect, lien or ancumbrance insured against hereunder, by litigation or otherwise, removes such defect, lien or encumbrance or establishes the title, or the lien of the insured mortgage, as insured, within a reasonable time after receipt of such notice; (b) in the event of litigation until there has been a final determination by a court of competent jurisdiction and disposition of all appeals therefrom, adverse to the title or to the lion of the insured mortgage, as insured as provided in paragraph 8 hereof; or (c) for liability voluntarily assumed by an insured in settling any claim or suit without prior written consent of the Company. | (a) If the Company establishes the title, or removes the alleged defect, lien or ancumbrance, or cures the lack of a right of access to or from the land, or cures the claim of unmarketability of title, or otherwise establishes the lien of the insured mortgage, all as insured, in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby. | CLARIFICATION OF RESPONSIBILITIES. Paragraphs (a), (b), and (c) of Section 8 cover the same subject matter contained in Section 7 of the 1970 Policy. |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(b) In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or to the lien of the insured mortgage, as insured.

(c) The Company shall not be liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim or suit without the prior written consent of the Company.

Paragraph (d)(i) excludes liability for any indebtedness created subsequent to Date of Policy but covers advances made within policy limits to protect the mortgage lien and advances to prevent deterioration of improvements.

(d) The Company shall not be liable for: (i) any indebtedness created subsequent to Date of Policy except for advances made to protect the lien of the insured mortgage and secured thereby and reasonable amounts expended to prevent deterioration of improvements; or (ii) construction loan advances made subsequent to Date of Policy, except construction loan advances made subsequent to Date of Policy for the purpose of financing in whole or in part the construction of an improvement to the land which at Date of Policy were secured by the insured mortgage and which the insured was and continued to be obligated to advance at and after Date of Policy.

Paragraph (d)(ii) is a clarification of the mechanics' lien priority coverage, conditioning the coverage upon the continuing obligation of the insured lender to advance funds under a construction mortgage. (Please refer to Insuring Provision 7 comments)

Paragraph (d) in general clarifier the fact that the ALTA Loan Policy is designed to insure fully funded mortgages or construction mortgages under which the insured lender has an obligation to advance.

8. REDUCTION OF LIABILITY

(a) All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto; provided, however, such payments, prior to the acquisition of title to said estate or interest as provided in paragraph 2(a) of these Conditions and Stipulations, shall not reduce pro tanto the amount of the

9. REDUCTION OF INSURANCE; REDUCTION OR TERMINATION OF LIABILITY.

(a) All payments under this policy, except payments made for costs, attorneys' fees and expenses, shall reduce the amount of the insurance pro tanto. However, any payments made prior to the acquisition of title to the estate or interest as provided in Section 2(a) of these Conditions and Stipulations shall not reduce pro tanto the amount of the insurance

CLARIFICATION. Section 9 is largely a restatement and clarification of the previous provision (set forth substantially in Section 8(a) of the 1970 Policy). It now includes language, however, stating that after the insurance has been reduced, the insurance can be increased by accruing interest or advances made to protect the mortgage,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | | |
|---|---|---|
| insurance afforded hereunder except to the extent that such payments reduce the amount of the indebtedness secured by the insured mortgage. | afforded under this policy except to the extent that the payments reduce the amount of the indebtedness secured by the insured mortgage. | not to exceed policy limits. Please note that the first paragraph of Section 8(b) of the 1970 Policy is set forth in Section 8(d)(i) of the 1992 Policy. The second paragraph of 8(b) of the 1970 Policy is now set forth in Section 11(a) of the 1992 Policy. |
| Payment in full by any person or voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in paragraph 2(a) hereof | (b) Payment in part by any person of the principal of the indebtedness, or any other obligation secured by the insured mortgage, or any voluntary partial satisfaction or release of the insured mortgage, to the extent of the payment, satisfaction or release, shall reduce the amount of insurance pro tanto. The amount of insurance may thereafter be increased by accruing interest and advances made to protest the lien of the insured mortgage and secured thereby, with interest thereon, provided in no event shall the amount of insurance be greater than the Amount of Insurance stated in Schedule A. | |
| (b) The liability of the Company shall not be increased by additional principal indebtedness created subsequent to Date of Policy, except as to amounts advanced to protect the lien of the insured mortgage and secured thereby. | | |
| No payment shall be made without producing this policy for endorsement of such payment unless the policy be lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company. | (c) Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 2(a) of these Conditions and Stipulations. | |
| 9. LIABILITY NONCUMULATIVE | 10. LIABILITY NONCUMULATIVE. | |
| If the insured acquires title to the estate or interest in satisfaction of the indebtedness secured by the insured mortgage, or any part thereof, it is expressly understood that the amount of insurance under this policy shall be reduced by any amount the Company may pay under any policy insuring a mortgage hereafter executed by an insured which is a charge or lien on thee state or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy. | If the insured acquires title to the estate or interest in satisfaction of the indebtedness secured by the insured mortgage, or any part thereof, it is expressly understood that the amount of insurance under this policy shall be reduced by any amount the Company may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest | CHANGE. Section 10 of the 1992 Policy was set forth in Section 9 of the 1970 Policy. Since the ALTA Loan Policy is now the form of coverage requested by many second mortgage lenders, this provision has been modified so that it will be applicable, after acquisition of title by the insured, to mortgages assumed or agreed to by an insured as well as a mortgage thereafter executed by an insured. The payment of loss on a second mortgagee's policy will also result in the reduction of the |

| | | |
|---|---|---|
| | described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy. | fee policy. The Section does not apply until a lender acquires title by foreclosure or other means in satisfaction of the insured mortgage. |
| | 11. PAYMENT OF LOSS. | |
| | (a) No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company. | CLARIFICATION. These provisions were formerly set forth in the second paragraph of Section 5(b) and Section 6(c), respectively of the 1970 Policy. |
| | (b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter. | |
| 10. SUBROGATION UPON PAYMENT OR SETTLEMENT | 12. SUBROGATION UPON PAYMENT OR SETTLEMENT. | |
| Whenever the Company shall have settled a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured claimant, except that the owner of the indebtedness secured by the insured mortgage may release or substitute the personal liability of any debtor or guarantor, or extend or otherwise modify the terms of payment, or release a portion of the estate or interest from the lien of the insured mortgage, or release any collateral security for the indebtedness, provided such act occure prior to receipt by the insured of notice of any claim of title or interest adverse to the title to thee state or interest or the priority of the lien of the insured mortgage and does not result in any loss of priority of the lien of the insured mortgage. The Company shall be subrogated to and be entitled to all rights and remedies which such insured claimant would have had against any person or property in respect to such claim had this policy not been issued, and if requested by the Company, such insured claimant | (a) The Company's Right of Subrogation. | SIGNIFICANT CHANGE. This section has been substantially rewritten to increase an insurer's ability to recover from others sums paid to an insured in settlement of a claim of loss. |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect such right of subrogation and shall permit the Company to use the name of such insured claimant in any transaction or litigation involving such rights or remedies. If the payment does not cover the loss of such insured claimant, the Company shall be subrogated to such rights and remedies in the proportion which said payment bears to the amount of said loss, but such subrogation shall be in subordination to the insured mortgage. If loss or priority should result from any act of such insured claimant, such act shall not void this policy, but the Company, in that event, shall be required to pay only that part of any losses insured against hereunder which shall exceed the amount, if any, lost to the Company by reason of the impairment of the right of subrogation.

The Company shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued. If requested by the Company, the insured claimant shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The insured claimant shall permit the Company to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, the Company shall be subrogated to all rights and remedies of the insured claimant after the insured claimant shall have recovered its principal, interest, and costs of collection.

(b) The Insured's Rights and Limitations.

Notwithstanding the foregoing, the owner of the indebtedness secured by the insured mortgage, provided the priority of the lien of the insured mortgage or its enforceability is not affected, may release or substitute the personal liability of any debtor or guarantor, extend or otherwise modify the terms of payment, or release a portion of the estate or interest from the lien of the insured mortgage, or release any collateral security for the indebtedness.

When the permitted acts of the insured occur and the insured has knowledge of

any claim of title or interest adverse to the title to the estate or interest or the priority or enforceability of the lien of the insured mortgage, as insured, the Company shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any, lost to the Company by reason of the impairment by the insured claimant of the Company's right of subrogation.

(c) The Company's Rights Against Non-insured Obligors.

NOTE: Section 12(o) was modified in 1967 to place the title insurer on an equal footing with other obligors and insurers covering the same risk.

The Company's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

The Company's right of subrogation shall not be avoided by acquisition of the insured mortgage by an obligor (except an obligor described in Section 1(a)(ii) of these Conditions and Stipulations) who acquires the insured mortgage as a result of an indemnity, guarantee, other policy of insurance, or bond and the obligor will not be an insured under this policy, not withstanding Section 1(a)(i) of these Conditions and Stipulations.

18. ARBITRATION.

Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company

NOTE. It is believed that arbitration will provide an efficient means of resolution of disputes between the insurer and insured. Inclusion of the arbitration provision represents a good faith effort by the title industry to provide both the insurer and the insured a means of reducing escalating costs and delay in resolving coverage and valuation disputes. Copies of the Title Insurance Arbitration Rules are available upon request.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

| | | |
|---|---|---|
| | or the insured. All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured. Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located parmit a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.<br>The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.<br>A copy of the Rules may be obtained from the Company upon request. | |
| 11. LIABILITY LIMITED TO THIS POLICY | 14. LIABILITY LIMITED TO THIS THIS POLICY; POLICY ENTIRE CONTRACT. | |
| This instrument together with all endorsements and other instruments, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company. | (a) This policy together with all endorsements, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company. In interpreting any provision of this policy, this policy shall be construed as a whole. | CLARIFICATION. No change in meaning clarification only. |
| Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the lien of the insured mortgage or of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to the provisions and conditions and stipulations of this policy. | (b) Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the lien of the insured mortgage or of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy. | |
| No amendment of or endorsement to this policy can be made except by writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company. | (c) No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company. | |
| 12. NOTICES, WHERE SENT | 15. SEVERABILITY. | NEW. Invalidity or unenforceability of a policy provision will not render the balance of the policy invalid or unenforceable. |

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(Provisions relating to notice shall conform to the practice of the issuing company; the following is shown as an illustration.)

In the event any provision of this policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

16. NOTICES, WHERE SENT.

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to the Company at (fill in).

NOTE: Bracketed [ ] material optional

NOTE. Notice requirement standardized.

[FN*] The author thanks the American Land Title Association [ALTA] for permission to print its standard title insurance policies and endorsement forms.

ALTA revised its 1992 Owners and Loan title insurance policy forms in June 2006. ALTA also revised its standard endorsements to conform to the new definitions and section numbering in the 2006 policies. The 1992 policy forms and associated endorsements will remain ALTA "certified" until 6/17/07. The 2006 endorsement forms must be used with the 2006 policies, and *vise versa*, so it is necessary to read the adoption date on each.

Westlaw. © 2010 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

TITLEINSL APP C2

END OF DOCUMENT