WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                              :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                  :
                    Debtors.                  :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS' MOTION,**
**PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE, REQUESTING**
**SECOND EXTENSION OF THE EXCLUSIVE PERIOD FOR THE FILING OF AND**
**SOLICITATION OF ACCEPTANCES FOR A CHAPTER 11 PLAN FOR MERIT, LLC**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635], dated, June 17, 2010 (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1.  On September 2, 2010, Merit, LLC ("Merit"), LB Somerset LLC and LB Preferred Somerset LLC (together, the "Somerset Entities" and collectively with Merit, the "New Debtor Entities") and their affiliated debtors in the above-referenced chapter 11 cases as debtors and debtors in possession, filed a motion pursuant to section 1121(d) of title 11 of the United

US_ACTIVE:\43503805\01\58399.0003

States Code (the "Bankruptcy Code"), to extend the exclusive periods during which only the New Debtor Entities may file chapter 11 plans (the "Plan Period") and solicit acceptances thereof (the "Solicitation Period," and together with the Plan Period, the "Exclusive Periods") through and including February 15, 2011 and April 15, 2011, respectively (the "Motion") [Docket No. 11171].

        2.    Notice of the Motion was served, in accordance with the procedures set forth in the Second Amended Case Management Order, on (i) the U.S. Trustee; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.

        3.    In accordance with the Second Amended Case Management Order, September 15, 2010 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline"). The Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

        4.    On September 15, 2010, an objection to the Motion was filed with respect to the relief sought by the Somerset Entities only [Docket No. 11333]. To the best of my knowledge, no objections or other responsive pleadings to the Motion with respect to the relief sought by Merit have been filed with the Court on the dockets of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading, with respect to the relief sought by Merit in the Motion, been served on Debtors' counsel.

5.  Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order, annexed hereto as <u>Exhibit A</u>, which only grants the relief requested with respect to Merit, be entered in accordance with the procedures described in the Second Amended Case Management Order.  A blackline of the order submitted with the Motion is annexed hereto as <u>Exhibit B</u> and reflects the exclusion of the Somerset Entities from the proposed order.

I declare that the foregoing is true and correct.

Dated:  September 21, 2010
       New York, New York

<u>/s/ Shai Y. Waisman</u>
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order – Docket No. 11171)**

US_ACTIVE:\43503805\01\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :    08-13555 (JMP)
                                                                 :
                    Debtors.                                     :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION, PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE, REQUESTING EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF AND SOLICITATION OF ACCEPTANCES FOR THE CHAPTER 11 PLAN OF MERIT, LLC

Upon the motion, dated September 2, 2010 (the "Motion"), of Merit, LLC ("Merit") and its affiliated debtors in the above-referenced chapter 11 cases as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), for an order extending the exclusive period during which only Merit may file a chapter 11 plan (the "Plan Period") and solicit acceptances thereof (the "Solicitation Period," and together with the Plan Period, the "Exclusive Periods"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set

forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed with respect to the relief requested by Merit; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as it relates to Merit only; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the exclusive Plan Period of Merit is extended through and including February 15, 2011; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the exclusive Solicitation Period of Merit is extended to through and including April 15, 2011; and it is further

ORDERED that the extension of the Exclusive Periods granted herein is without prejudice to any party in interest's rights, pursuant to section 1121(d) of the

Bankruptcy Code, to move to increase or reduce Merit's Exclusive Periods; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: September __, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**(Blackline of Proposed Order – Docket No. 11171)**

US_ACTIVE:\43503805\01\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                  :
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                  :
            Debtors.                                     :    (Jointly Administered)
                                                                  :
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION, PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE, REQUESTING SECOND EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF AND SOLICITATION OF ACCEPTANCES FOR THE CHAPTER 11 ~~PLANS~~PLAN OF MERIT, LLC~~, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC~~

Upon the motion, dated September 2, 2010 (the "Motion"), of Merit, LLC ("Merit")~~, LB Somerset LLC and LB Preferred Somerset LLC (together, the "Lehman Somerset Entities" and collectively with Merit, the "New Debtors"), together with their~~ and its affiliated debtors in the above-referenced chapter 11 cases as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), for an order further extending the exclusive ~~periods~~period during which only ~~the New Debtor Entities~~Merit may file a chapter 11 ~~plans~~plan (the "Plan Period") and solicit acceptances thereof (the "Solicitation Period," and together with the Plan Period, the "Exclusive Periods"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and ~~a hearing~~no objections to the Motion having been ~~held to consider~~filed with respect to the relief requested ~~in the Motion~~by Merit; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted as it relates to Merit only; and it is further

        ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, ~~each New Debtors'~~the exclusive Plan Period of Merit is extended through and including February 15, 2011; and it is further

        ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, ~~each New Debtors'~~the exclusive Solicitation Period of Merit is extended through and including April 15, 2011; and it is further

ORDERED that the extension of the Exclusive Periods granted herein is without prejudice to any party in interest's rights, pursuant to section 1121(d) of the Bankruptcy Code, to move to ~~reduce or~~ increase ~~the New Debtors'~~ or reduce Merit's Exclusive Periods; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: September __, 2010
       New York, New York

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE