**Hearing Date and Time: September 22, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
:
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :        **08-13555 (JMP)**
                                                       :
            **Debtors.**                               :        **(Jointly Administered)**
                                                       :
-------------------------------------------------------------------x

### NOTICE OF REVISED PROPOSED
### ORDER PURSUANT TO SECTION 105 OF THE
### BANKRUPTCY CODE AND FEDERAL RULE OF
### BANKRUPTCY PROCEDURE 9019 APPROVING THAT CERTAIN
### AMENDED AND RESTATED COMPROMISE BY AND AMONG LEHMAN
### COMMERCIAL PAPER INC., ALFRED H. SIEGEL, AS CHAPTER 11
### TRUSTEE FOR THE SUNCAL DEBTORS, AND THE OFFICIAL COMMITTEE OF
### <u>UNSECURED CREDITORS IN THE SUNCAL BANKRUPTCY CASES</u>

In connection with the hearing to be held on September 22, 2010 at 10:00 a.m.

with respect to the motion [Docket No. 11153] (the "9019 Motion") of Lehman Commercial

Paper Inc. ("LCPI") and its affiliated debtors in the above-referenced chapter 11 cases (together,

the "Debtors"), pursuant to section 105 of title 11 of the United States Code and Rule 9019 of the

Federal Rules of Bankruptcy Procedure, for approval of that certain amended and restated

compromise by and among LCPI, Alfred H. Siegel, as Chapter 11 trustee for the Suncal Debtors,

and the Official Committee of Unsecured Creditors in the Suncal Bankruptcy Cases, the Debtors

hereby file a revised form of order approving the 9019 Motion.  Attached hereto as <u>Exhibit A</u> is a

blacklined copy of the revised form of order granting the 9019 Motion, reflecting modifications

made to the proposed order annexed to the 9019 Motion.  Attached hereto as <u>Exhibit B</u> is a clean

copy of the revised form of order granting the 9019 Motion.

Dated:  September 21, 2010
        Houston, Texas

                                        /s/ Alfredo R. Pérez_____
                                        Alfredo R. Pérez

                                        WEIL, GOTSHAL & MANGES LLP
                                        700 Louisiana, Suite 1600
                                        Houston, Texas 77002
                                        Telephone: (713) 546-5000
                                        Facsimile: (713) 224-9511

                                        Attorneys for Debtors
                                        and Debtors in Possession

**<u>Exhibit A</u>**
**(Marked Revised Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re:                                                  :         Chapter 11
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :         Case No.:  08-13555 (JMP)
                                                        :
                            Debtors.                    :         (Jointly Administered)
------------------------------------------------------------------ x

**ORDER PURSUANT TO
SECTION 105 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9019 APPROVING THAT
CERTAIN AMENDED AND RESTATED COMPROMISE BY AND AMONG
LEHMAN COMMERCIAL PAPER INC., ALFRED H. SIEGEL, AS CHAPTER 11
TRUSTEE FOR THE SUNCAL DEBTORS, AND THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS IN THE SUNCAL BANKRUPTCY CASES**

Upon the motion, dated September 2, 2010 ( "Motion"),[1] of Lehman Commercial

Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced chapter 11

cases, the "Debtors"), pursuant to section 105 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ( "Bankruptcy

Rules") for authorization to enter into and approval of a settlement pursuant to the amended and

restated term sheet annexed to the Motion as Exhibit A (the "Amended Term Sheet"); and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms
in the Motion **or the Amended Term Sheet**.

provided in accordance with the procedures set forth in the amended order entered June 17, 2010

governing case management and administrative procedures [Docket No. 9635] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) counsel to the SunCal Trustee, (vii) counsel to the SunCal Committee, and (viii) all parties

who have requested notice in these chapter 11 cases, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Motion is in the best interests of LCPI and its estate and that the legal and factual bases set forth

in the Motion and on the record establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy

Rule 9019, the Amended Term Sheet is approved, and LCPI is duly authorized to

(i) consummate all of the transactions contemplated thereby and (ii) execute and deliver such

documents and instruments and to take such other actions as may be reasonably necessary to

consummate the transactions contemplated by the Amended Term Sheet, it being understood that

any actions described in this paragraph taken by LCPI or its affiliates may be taken without the

necessity of any further Court proceedings or approval and shall be conclusive and binding in all

respects on all parties in interest in these cases; and it is further

ORDERED that the Amended Term Sheet and any related agreements, documents

or other instruments may be modified, amended or supplemented by the parties thereto, in a

writing signed by such parties, and in accordance with the terms thereof, without further order of

the Court, *provided* that any such modification, amendment or supplement does not have a material adverse effect on LCPI's estate; and it is further

**ORDERED that, notwithstanding anything to the contrary in the Amended Term Sheet and this Order, nothing in the Amended Term Sheet is intended to affect the rights, if any, of any Person, including the 2nd Lien Lenders other than the LCPI 2nd Lien Lender, the 3rd Lien Lenders other than the LCPI 3rd Lien Lender, except to the extent that a Person is a party to the Amended Term Sheet, with such Person's rights being affected to the extent expressly provided in the Amended Term Sheet; and it is further**

**ORDERED that, since certain statute of limitations deadlines may arise before the Settlement Effective Date will occur, and in order to avoid any imminent motion practice by the SunCal Trustee to modify the automatic stay in this case, LCPI is hereby authorized to enter into tolling agreement(s) with the SunCal Trustee, which will toll the statute of limitations for the SunCal Trustee to commence an action against LCPI arising from the Loans; and it is further**

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order**; provided, however nothing contained in this decretal paragraph is intended to reduce the exclusive jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the Central District of California in the SunCal Bankruptcy Case**.

Dated: September ___, 2010
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**
**(Revised Proposed Order - Clean)**

.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
In re:                                                   :        Chapter 11
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :        Case No.:  08-13555 (JMP)
                                                         :
                        Debtors.                         :        (Jointly Administered)
-------------------------------------------------------------------- x

### ORDER PURSUANT TO
### SECTION 105 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF
### BANKRUPTCY PROCEDURE 9019 APPROVING THAT
### CERTAIN AMENDED AND RESTATED COMPROMISE BY AND AMONG
### LEHMAN COMMERCIAL PAPER INC., ALFRED H. SIEGEL, AS CHAPTER 11
### TRUSTEE FOR THE SUNCAL DEBTORS, AND THE OFFICIAL COMMITTEE
### OF UNSECURED CREDITORS IN THE SUNCAL BANKRUPTCY CASES

Upon the motion, dated September 2, 2010 ( "Motion"),[1] of Lehman Commercial

Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced chapter 11

cases, the "Debtors"), pursuant to section 105 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ( "Bankruptcy

Rules") for authorization to enter into and approval of a settlement pursuant to the amended and

restated term sheet annexed to the Motion as Exhibit A (the "Amended Term Sheet"); and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided in accordance with the procedures set forth in the amended order entered June 17, 2010

governing case management and administrative procedures [Docket No. 9635] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) counsel to the SunCal Trustee, (vii) counsel to the SunCal Committee, and (viii) all parties

who have requested notice in these chapter 11 cases, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Motion is in the best interests of LCPI and its estate and that the legal and factual bases set forth

in the Motion and on the record establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy

Rule 9019, the Amended Term Sheet is approved, and LCPI is duly authorized to

(i) consummate all of the transactions contemplated thereby and (ii) execute and deliver such

documents and instruments and to take such other actions as may be reasonably necessary to

consummate the transactions contemplated by the Amended Term Sheet, it being understood that

any actions described in this paragraph taken by LCPI or its affiliates may be taken without the

necessity of any further Court proceedings or approval and shall be conclusive and binding in all

respects on all parties in interest in these cases; and it is further

ORDERED that the Amended Term Sheet and any related agreements, documents

or other instruments may be modified, amended or supplemented by the parties thereto, in a

writing signed by such parties, and in accordance with the terms thereof, without further order of

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms

the Court, *provided* that any such modification, amendment or supplement does not have a material adverse effect on LCPI's estate; and it is further

ORDERED that, notwithstanding anything to the contrary in the Amended Term Sheet and this Order, nothing in the Amended Term Sheet is intended to affect the rights, if any, of any Person, including the 2nd Lien Lenders other than the LCPI 2nd Lien Lender, the 3rd Lien Lenders other than the LCPI 3rd Lien Lender, except to the extent that a Person is a party to the Amended Term Sheet, with such Person's rights being affected to the extent expressly provided in the Amended Term Sheet; and it is further

ORDERED that, since certain statute of limitations deadlines may arise before the Settlement Effective Date will occur, and in order to avoid any imminent motion practice by the SunCal Trustee to modify the automatic stay in this case, LCPI is hereby authorized to enter into tolling agreement(s) with the SunCal Trustee, which will toll the statute of limitations for the SunCal Trustee to commence an action against LCPI arising from the Loans; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; provided, however nothing contained in this decretal paragraph is intended to reduce the exclusive jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the Central District of California in the SunCal Bankruptcy Case.

Dated: September ___, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

_____

in the Motion or the Amended Term Sheet.