UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
:
Debtors.                          :    (Jointly Administered)
:
:
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION, PURSUANT TO RULE 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION
363 OF THE BANKRUPTCY CODE, FOR APPROVAL OF (I) A SETTLEMENT
AGREEMENT BETWEEN THE DEBTORS AND WOODLANDS COMMERCIAL
BANK AND (II) CERTAIN RELATED RELIEF, INCLUDING AUTHORIZATION
OF (A) CERTAIN DEBTORS TO MAKE CAPITAL TRANSFERS AND
(B) LBHI TO ENTER INTO A CAPITAL MAINTENANCE AGREEMENT**

Upon the motion, dated September 1, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers Commodities Services Inc. ("LBCS") and Luxembourg Residential Properties Loan Finance S.a.r.l. ("Luxco," together with LBHI, LCPI, LBSF and LBCS, the "Debtors"), as debtors and debtors-in-possession, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code (the "Bankruptcy Code"), for (i) approval of a settlement agreement (the "Settlement Agreement") between the Debtors and Woodlands Commercial Bank ("Woodlands") and authorization of the Debtors to consummate all of the actions contemplated thereby; (ii) authorization of the Debtors to transfer $75 million in cash to Woodlands and of LBHI to cancel the Participation Rights[1] (collectively, the "Capital Transfers") as more fully

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

described in the Settlement Agreement; (iii) authorization of LBHI to enter into the capital maintenance agreement pursuant to which LBHI will agree to ensure that Woodlands will maintain a minimum tier-1 leverage ratio of 11% and total risk-based capital ratio of 15% for the duration of LBHI's ownership or control of Woodlands (the "Capital Maintenance Agreement"), and (iv) authorization of LBHI to enter into the new tax allocation agreement with Woodlands (the "New Tax Allocation Agreement"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Debtors' entry into and performance of the Settlement Agreement is approved; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, the Debtors are authorized, but not directed, to make the Capital Transfers pursuant to the Settlement Agreement; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized, but not directed, to cancel the Participation Rights pursuant to the Settlement Agreement; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized, but not directed, to enter into and perform the Capital Maintenance Agreement; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized, but not directed, to enter into the New Tax Allocation Agreement; and it is further

ORDERED that the Debtors are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the transactions contemplated by the Settlement Agreement, including to make all payments and to grant all releases contemplated therein or thereby; and it is further

ORDERED that, subject to the two decretal paragraphs immediately below, the Debtors are authorized to make payments, transfer assets or incur obligations to one another in connection with the allocation of the costs of the Settlement Agreement as described in the Motion; and it is further

ORDERED that any and all pre and postpetition claims, rights and obligations that the Debtors (including, without limitation, LBHI) may have against each other in connection with the subject matter of the Motion or the transactions contemplated by the Settlement Agreement are hereby fully preserved and shall not be prejudiced by the entry of this Order. This Order does not constitute or approve any waiver or relinquishment of the rights of any Debtor against any other Debtor with respect to the subject matter of the Motion or the transactions contemplated by the Settlement Agreement; and it is further

ORDERED that any allocation of costs and benefits between or among the Debtors in connection with the Settlement Agreement (including, without limitation, payments, transfers of assets or the incurrence of obligations) is subject to adjustment and nothing in this Order shall prejudice the right of any Debtor or party in interest to seek by motion or otherwise a different allocation as between the Debtors at a later point, including, without limitation, the right to challenge any determinations of ownership or valuation of any assets belonging to any Debtor that are the subject of the Settlement Agreement; and it is further

ORDERED that upon the effectiveness of the Settlement Agreement, including making of the cash Capital Transfers, the execution of the Capital Maintenance Agreement and the cancellation of the Participation Rights, the Woodlands Claims shall be deemed satisfied and released and may be expunged from the claims register upon notice to the claims agent by the Debtors; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and the terms of this Order shall be immediately effective and enforceable upon its entry; it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
September 23, 2010

                                         *s/ James M. Peck*
                                         HONORABLE JAMES M. PECK
                                         UNITED STATES BANKRUPTCY JUDGE