**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                                                     :    Chapter 11 Case No.
                                                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                                              :
                      Debtors.                                :    (Jointly Administered)
-----------------------------------------------------------------------x

**ORDER GRANTING MOTION FOR AUTHORIZATION**
**TO REJECT EXECUTORY CONTRACT BETWEEN LEHMAN**
**BROTHERS SPECIAL FINANCING INC. AND E-CAPITAL PROFITS LIMITED**

Upon the motion dated September 7, 2010 (the "Motion") of Lehman Brothers Special Financing Inc. ("LBSF"), as debtor and debtors-in-possession (together with Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), pursuant to sections 365(a) and 562(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for (i) authorization to reject the ISDA Master Agreement, dated as of June 12, 2007 (the ISDA Master Agreement and schedule thereto, including the related credit support annex, collectively referred to as, the "Master Agreement"), between LBSF and E-Capital Profits Limited ("E-Capital"), and all confirmations and transactions thereunder governed by such Master Agreement (collectively, the "Agreement"), and (ii) approval of procedures for any claims that may be asserted against the Debtors as a result of such rejection, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) E-Capital; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the Agreement is hereby rejected; and it is further

        ORDERED that, pursuant to section 562(a) of the Bankruptcy Code, any claim for damages arising as a result of the Debtors' rejection of the Agreement shall be determined as of the date of this Order; and it is further

        ORDERED that the Debtors shall have the option to deliver to E-Capital within ten (10) business days of the date hereof a statement that describes in reasonable

detail the calculations used to determine the damages arising under the Agreement as a result of the LBSF's rejection (the "Damages Calculation"); and it is further

ORDERED that if the Debtors do not deliver a Damages Calculation or E-Capital disputes the amount of damages set forth in the Damages Calculation, E-Capital shall be required to file a proof of claim in compliance with the terms of the Bar Date Order[1], including the requirement to complete a Derivative Questionnaire and a Guarantee Questionnaire (as such terms are defined in the Bar Date Order), for damages arising under the Agreement by no later than thirty (30) days from the date of entry of an order granting the relief requested herein; provided, however, that if E-Capital has already timely filed a proof of claim in compliance with the Bar Date Order for damages arising under the Agreement, E-Capital does not need to file an additional proof of claim to dispute the amount of the damages set forth in the Damages Calculation or in the event that the Debtors do not deliver a Damages Calculation; and it is further

ORDERED that if E-Capital (a) timely filed a proof of claim in accordance with the Bar Date Order or (b) timely files a proof of claim no later than thirty (30) days from the date of entry of an order granting the relief requested herein, then (i) E-Capital and the Debtors will each have the ability to assert all rights in respect of claims arising under the Agreement and (ii) any party in interest will have the right to object to such proof of claim arising under the Agreement; and it is further

---

[1] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof, and Approving the Proof of Claim Form, entered on July 2, 2009 [Docket No. 4271] (the "Bar Date Order").

3

ORDERED that the Debtors timely deliver a Damages Calculation and E-Capital does not timely file, or has not already timely filed, a proof of claim in compliance with the terms established by the Bar Date Order for damages under the Agreement, then E-Capital will be deemed to have an allowed general unsecured claim against (i) LBSF and (ii) LBHI, as a creditor support provider for the payment obligations of LBSF under the Agreement, in the amounts set forth in the Damages Calculation delivered to E-Capital by the Debtors (subject to the treatment of such claims under a confirmed chapter 11 plan of the Debtors), and E-Capital will have no right to assert any other claims or claim amounts under the Agreement against any Debtor; and it is further

ORDERED that if the Debtors do not timely deliver a Damages Calculation and E-Capital did not timely file a proof of claim in accordance with the Bar Date Order and does not timely file a proof of claim in compliance with the terms of the Bar Date Order no later than thirty (30) days from the date of entry of an order granting the relief requested herein, then E-Capital will not be allowed any claim against the Debtors in respect of the Agreement; and it if further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      September 23, 2010

                                                   *s/ James M. Peck*
                                             HONORABLE JAMES M. PECK
                                             UNITED STATES BANKRUPTCY JUDGE