B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re Lehman Brothers Holdings, Inc. ,   Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

JPMorgan Chase Bank, N.A.
Name of Transferee

ISP Financial Services Ltd.
Name of Transferor

Name and Address where notices to transferee should be sent:
 1 Chase Manhattan Plaza, MC NY1-A436,
 NY NY10005-1401, Susan McNamara

Court Claim # (if known): 67045
Amount of Claim: $56,196.00
Date Claim Filed: 09/07/2010

Phone: 212-552-1038
Last Four Digits of Acct #: _____

Phone: +41434991476
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ David A. Martinez_   Date: 09/11/2010
Transferee/Transferee's Agent
David A. Martinez
Authorized Signatory

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged ISP Financial Services Ltd. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to JPMorgan Chase Bank, N.A. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Original Proofs of Claim Numbers as listed in the first column of the chart in Schedule 1 filed by or on behalf of the entities listed in the fourth column of the chart in Schedule 1 ("Original Claimant") as amended by the Amended Proofs of Claim Numbers filed by the Seller as listed in the second column of the chart in Schedule 1 (collectively the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Original Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

*Lehman Meitav ISP - JPM Transfer Agreement - 21 POCs (v2).DOC*

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _14_ day of _Sept_, 2010.

| ISP FINANCIAL SERVICES LTD. | JPMORGAN CHASE BANK, N.A. |
|---|---|
| By: _____ | By: _____ |
| Name: Roy 74C | Name: David A. Martinez |
| Title: C.E.O. | Title: Authorized Signatory |
| | |
| Bellerivestrasse 33 | JPMorgan Chase Bank, N.A. |
| P.O. Box 567 | Mail Code: NY1-A436 |
| 8034 Zurich | One Chase Manhattan Plaza - Floor 26 |
| Switzerland | New York, New York 10005 |
| | ATTN: Susan McNamara |

*Lehman Meitav ISP - JPM Transfer Agreement - 21 POCs (3)*

Schedule 1

Transferred Claims

Purchased Claim

100%, i.e. USD $3,779,151 of USD $3,779,151 (the aggregate outstanding amount of the Amended Proof of Claim as of September __, 2010).

Lehman Programs Securities to which Transfer Relates

| Original Proof of Claim Number | Amended Proof of Claim Number (filed 9/7/10) | Docket No. of Transfer to Seller | Original Claimant | ISIN/CUSIP | Issuer | Guarantor | Maturity | Amount (in ILS) | Original Proof of Claim Amount (in USD) | Amended Proof of Claim Amount (in USD) |
|---|---|---|---|---|---|---|---|---|---|---|
| 50419 | 67064 | 11118 | Meitav Tagmulim Clali | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 2,400,000 | 462,000 | 674,347 |
| 50416 | 67065 | 11118 | Meitav Hishtalmut Clali | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 1,500,000 | 288,750 | 421,467 |
| 50413 | 67062 | 11118 | Meitav Pizuim Clali | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 450,000 | 86,630 | 126,440 |
| 50411 | 67063 | 11118 | Meitav Tagmulim Shares | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 100,000 | 19,250 | 28,098 |
| 50409 | 67061 | 11118 | Meitav Hishtalmut Shares | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 50,000 | 9,625 | 14,049 |
| 55233 | 67060 | 11118 | Meitav Geinel Ltd, the Managing Company of the Provident Fund Meitav Chissachon Pizuim | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 50,000 | 9,625 | 14,049 |

Schedule 1–1

| Original Proof of Claim Number | Amended Proof of Claim Number (filed 9/7/10) | Docket No. of Transfer to Seller | Original Claimant | ISIN/CUSIP | Issuer | Guarantor | Maturity | Amount (in ILS) | Original Proof of Claim Amount (in USD) | Amended Proof of Claim Amount (in USD) |
|---|---|---|---|---|---|---|---|---|---|---|
| 55234 | 67059 | 11118 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Gemel | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 400,000 | 77,000 | 112,391 |
| 55235 | 67058 | 11118 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Histalmut | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 300,000 | 57,750 | 84,293 |
| 50420 | 67056 | 11118 | Meitav Tagmulim Clali | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 1,850,000 | 334,325 | 519,809 |
| 50417 | 67057 | 11118 | Meitav Hishtalmut Clali | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 1,200,000 | 216,860 | 337,173 |
| 50414 | 67054 | 11120 | Meitav Piznim Clali | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 400,000 | 72,290 | 112,391 |
| 50412 | 67055 | 11120 | Meitav Tagmulim Shares | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 100,000 | 18,070 | 28,098 |
| 50410 | 67053 | 11120 | Meitav Hishtalmut Shares | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 50,000 | 9,035 | 14,049 |
| 55236 | 67052 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Gemel | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 300,000 | 54,220 | 84,293 |

| Original Proof of Claim Number | Amended Proof of Claim Number (filed 9/7/10) | Docket No. of Transfer to Seller | Original Claimant | ISIN/CUSIP | Issuer | Guarantor | Maturity | Amount (in ILS) | Original Proof of Claim Amount (in USD) | Amended Proof of Claim Amount (in USD) |
|---|---|---|---|---|---|---|---|---|---|---|
| 55232 | 67051 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Histalmut | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 250,000 | 45,180 | 70,244 |
| | | | | | | | | | | |
| 50421 | 67050 | 11120 | Meitav Tagmulim Clali | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 1,800,000 | 384,690 | 505,760 |
| 50418 | 67049 | 11120 | Meitav Hishtalmut Clali | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 1,300,000 | 277,850 | 365,271 |
| 50415 | 67048 | 11120 | Meitav Pizuim Clali | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 400,000 | 85,500 | 112,391 |
| 55231 | 67047 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Pizuim | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 50,000 | 10,410 | 14,049 |
| 55229 | 67046 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Gemel | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 300,000 | 62,457 | 84,293 |
| 55230 | 67045 | 11121 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Histalmut | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 200,000 | 41,640 | 56,196 |
| | | | | | | | Total | 13,450,000 | 2,623,157 | 3,779,151 |

*Lehman Meitav ISP - JPM Transfer Agreement - 21 POCs (v2).DOC*

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re Lehman Brothers Holdings, Inc._____,    Case No. 08-13555 (JMP)___

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| JPMorgan Chase Bank, N.A. | ISP Financial Services Ltd. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
  1 Chase Manhattan Plaza, MC NY1-A436,
  NY NY10005-1401, Susan McNamara

Court Claim # (if known): __67046__
Amount of Claim: __$84,293.00__
Date Claim Filed: __09/07/2010__

Phone: 212-552-1038
Last Four Digits of Acct #: _____

Phone: +41434991476
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____[signature]_____    Date: 09/11/2010
  Transferee/Transferee's Agent
  David A. Martinez
  Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged **ISP Financial Services Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **JPMorgan Chase Bank, N.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Original Proofs of Claim Numbers as listed in the first column of the chart in Schedule 1 filed by or on behalf of the entities listed in the fourth column of the chart in Schedule 1 ("Original Claimant") as amended by the Amended Proofs of Claim Numbers filed by the Seller as listed in the second column of the chart in Schedule 1 (collectively the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Original Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of Sept, 2010.

| ISP FINANCIAL SERVICES LTD. | JPMORGAN CHASE BANK, N.A. |
|---|---|
| By: _____ | By: _____ |
| Name: Roy Tal | Name: David A. Martinez |
| Title: C.E.O. | Title: Authorized Signatory |
| Bellerivestrasse 33 | JPMorgan Chase Bank, N.A. |
| P.O. Box 567 | Mail Code: NY1-A436 |
| 8034 Zurich | One Chase Manhattan Plaza - Floor 26 |
| Switzerland | New York, New York 10005 |
| | ATTN: Susan McNamara |

*Lehman Meiun ISP - JPM Transfer Agreement - 21 POCs (3)*

Schedule 1

Transferred Claims

Purchased Claim

100%, i.e. USD $3,779,151 of USD $3,779,151 (the aggregate outstanding amount of the Amended Proof of Claim as of September __, 2010).

Lehman Programs Securities to which Transfer Relates

| Original Proof of Claim Number | Amended Proof of Claim Number (filed 9/7/10) | Docket No. of Transfer to Seller | Original Claimant | ISIN/CUSIP | Issuer | Guarantor | Maturity | Amount (in ILS) | Original Proof of Claim Amount (in USD) | Amended Proof of Claim Amount (in USD) |
|---|---|---|---|---|---|---|---|---|---|---|
| 50419 | 67064 | 11118 | Meitav Tagmulim Clali | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 2,400,000 | 462,000 | 674,347 |
| 50416 | 67065 | 11118 | Meitav Hishtalmut Clali | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 1,500,000 | 288,750 | 421,467 |
| 50413 | 67062 | 11118 | Meitav Pizuim Clali | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 450,000 | 86,630 | 126,440 |
| 50411 | 67063 | 11118 | Meitav Tagmulim Shares | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 100,000 | 19,250 | 28,098 |
| 50409 | 67061 | 11118 | Meitav Hishtalmut Shares | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 50,000 | 9,625 | 14,049 |
| 55233 | 67060 | 11118 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Pizuim | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 50,000 | 9,625 | 14,049 |

| Original Proof of Claim Number | Amended Proof of Claim Number (filed 9/7/10) | Docket No. of Transfer to Seller | Original Claimant | ISIN/CUSIP | Issuer | Guarantor | Maturity | Amount (in ILS) | Original Proof of Claim Amount (in USD) | Amended Proof of Claim Amount (in USD) |
|---|---|---|---|---|---|---|---|---|---|---|
| 55234 | 67059 | 11118 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Gemel | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 400,000 | 77,000 | 112,391 |
| 55235 | 67058 | 11118 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Histalmut | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 300,000 | 57,750 | 84,293 |
| 50420 | 67056 | 11118 | Meitav Tagmulim Clali | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 1,850,000 | 334,325 | 519,809 |
| 50417 | 67057 | 11118 | Meitav Hishtalmut Clali | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 1,200,000 | 216,860 | 337,173 |
| 50414 | 67054 | 11120 | Meitav Pizuim Clali | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 400,000 | 72,290 | 112,391 |
| 50412 | 67055 | 11120 | Meitav Tagmulim Shares | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 100,000 | 18,070 | 28,098 |
| 50410 | 67053 | 11120 | Meitav Hishtalmut Shares | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 50,000 | 9,035 | 14,049 |
| 55236 | 67052 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Gemel | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 300,000 | 54,220 | 84,293 |

| Original Proof of Claim Number | Amended Proof of Claim Number (filed 9/7/10) | Docket No. of Transfer to Seller | Original Claimant | ISIN/CUSIP | Issuer | Guarantor | Maturity | Amount (in ILS) | Original Proof of Claim Amount (in USD) | Amended Proof of Claim Amount (in USD) |
|---|---|---|---|---|---|---|---|---|---|---|
| 55232 | 67051 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Histalmut | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 250,000 | 45,180 | 70,244 |
| 50421 | 67050 | 11120 | Meitav Tagmulim Clali | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 1,800,000 | 384,690 | 505,760 |
| 50418 | 67049 | 11120 | Meitav Hishtalmut Clali | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 1,300,000 | 277,850 | 365,271 |
| 50415 | 67048 | 11120 | Meitav Pizuim Clali | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 400,000 | 85,500 | 112,391 |
| 55231 | 67047 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Pizuim | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 50,000 | 10,410 | 14,049 |
| 55229 | 67046 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Gemel | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 300,000 | 62,457 | 84,293 |
| 55230 | 67045 | 11121 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Histalmut | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 200,000 | 41,640 | 56,196 |
| | | | | | | | Total | 13,450,000 | 2,623,157 | 3,779,151 |

*Lehman Meitav ISP - JPM Transfer Agreement - 21 POCs (v2).DOC*

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re Lehman Brothers Holdings, Inc.            ,          Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

JPMorgan Chase Bank, N.A.                        ISP Financial Services Ltd.
Name of Transferee                                Name of Transferor

Name and Address where notices to transferee      Court Claim # (if known):  67047
should be sent:                                   Amount of Claim:  $14,049.00
1 Chase Manhattan Plaza, MC NY1-A436,             Date Claim Filed:  09/07/2010
NY NY10005-1401, Susan McNamara

Phone: 212-552-1038                               Phone: +41434991476
Last Four Digits of Acct #: _____               Last Four Digits of Acct. #: _____

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ David A. Martinez                         Date: 09/11/2010
    Transferee/Transferee's Agent
    David A. Martinez
    Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged ISP **Financial Services Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **JPMorgan Chase Bank, N.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Original Proofs of Claim Numbers as listed in the first column of the chart in Schedule 1 filed by or on behalf of the entities listed in the fourth column of the chart in Schedule 1 ("Original Claimant") as amended by the Amended Proofs of Claim Numbers filed by the Seller as listed in the second column of the chart in Schedule 1 (collectively the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.     Seller hereby represents and warrants to Purchaser that: (a) the Original Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11 day of Sept 2010.

| ISP FINANCIAL SERVICES LTD. | JPMORGAN CHASE BANK, N.A. |
|---|---|
| By: [signature] | By: [signature] |
| Name: Roy Tac | Name: David A. Martinez |
| Title: C.E.O. | Title: Authorized Signatory |
| Bellerivestrasse 33 | JPMorgan Chase Bank, N.A. |
| P.O. Box 567 | Mail Code: NY1-A436 |
| 8034 Zurich | One Chase Manhattan Plaza - Floor 26 |
| Switzerland | New York, New York 10005 |
|  | ATTN: Susan McNamara |

*Lehman Meitav ISP - JPM Transfer Agreement - 21 POC's (3)*

Schedule 1

Purchased Claim

100%, i.e. USD $3,779,151 of USD $3,779,151 (the aggregate outstanding amount of the Amended Proof of Claim as of September __, 2010).

Lehman Programs Securities to which Transfer Relates

Transferred Claims

| Original Proof of Claim Number | Amended Proof of Claim Number (filed 9/7/10) | Docket No. of Transfer to Seller | Original Claimant | ISIN/CUSIP | Issuer | Guarantor | Maturity | Amount (in ILS) | Original Proof of Claim Amount (in USD) | Amended Proof of Claim Amount (in USD) |
|---|---|---|---|---|---|---|---|---|---|---|
| 50419 | 67064 | 11118 | Meitav Tagmulim Clali | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 2,400,000 | 462,000 | 674,347 |
| 50416 | 67065 | 11118 | Meitav Hishtalmut Clali | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 1,500,000 | 288,750 | 421,467 |
| 50413 | 67062 | 11118 | Meitav Pizuim Clali | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 450,000 | 86,630 | 126,440 |
| 50411 | 67063 | 11118 | Meitav Tagmulim Shares | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 100,000 | 19,250 | 28,098 |
| 50409 | 67061 | 11118 | Meitav Hishtalmut Shares | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 50,000 | 9,625 | 14,049 |
| 55233 | 67060 | 11118 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Pizuim | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 50,000 | 9,625 | 14,049 |

Schedule 1-1

| Original Proof of Claim Number | Amended Proof of Claim Number (filed 9/7/10) | Docket No. of Transfer to Seller | Original Claimant | ISIN/CUSIP | Issuer | Guarantor | Maturity | Amount (in ILS) | Original Proof of Claim Amount (in USD) | Amended Proof of Claim Amount (in USD) |
|---|---|---|---|---|---|---|---|---|---|---|
| 55234 | 67059 | 11118 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Gemel | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 400,000 | 77,000 | 112,391 |
| 55235 | 67058 | 11118 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Histalmut | XS0327348636 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/2/2008 | 300,000 | 57,750 | 84,293 |
| 50420 | 67056 | 11118 | Meitav Tagmulim Clali | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 1,850,000 | 334,325 | 519,809 |
| 50417 | 67057 | 11118 | Meitav Hishtalmut Clali | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 1,200,000 | 216,860 | 337,173 |
| 50414 | 67054 | 11120 | Meitav Pizuim Clali | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 400,000 | 72,290 | 112,391 |
| 50412 | 67055 | 11120 | Meitav Tagmulim Shares | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 100,000 | 18,070 | 28,098 |
| 50410 | 67053 | 11120 | Meitav Hishtalmut Shares | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 50,000 | 9,035 | 14,049 |
| 55236 | 67052 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Gemel | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 300,000 | 54,220 | 84,293 |

| Original Proof of Claim Number | Amended Proof of Claim Number (filed 9/7/10) | Docket No. of Transfer to Seller | Original Claimant | ISIN/CUSIP | Issuer | Guarantor | Maturity | Amount (in ILS) | Original Proof of Claim Amount (in USD) | Amended Proof of Claim Amount (in USD) |
|---|---|---|---|---|---|---|---|---|---|---|
| 55232 | 67051 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Histalmut | XS0330998781 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 11/24/2008 | 250,000 | 45,180 | 70,244 |
| 50421 | 67050 | 11120 | Meitav Tagmulim Clali | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 1,800,000 | 384,690 | 505,760 |
| 50418 | 67049 | 11120 | Meitav Hishtalmut Clali | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 1,300,000 | 277,850 | 365,271 |
| 50415 | 67048 | 11120 | Meitav Pizuim Clali | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 400,000 | 85,500 | 112,391 |
| 55231 | 67047 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Pizuim | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 50,000 | 10,410 | 14,049 |
| 55229 | 67046 | 11120 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Gemel | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 300,000 | 62,457 | 84,293 |
| 55230 | 67045 | 11121 | Meitav Gemel Ltd, the Managing Company of the Provident Fund Meitav Chisachon Histalmut | XS0346098881 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | 2/18/2009 | 200,000 | 41,640 | 56,196 |
| | | | | | | | Total | 13,450,000 | 2,623,157 | 3,779,151 |

*Lehman Meitav ISP - JPM Transfer Agreement - 21 POCs (v2).DOC*