Hearing Date and Time: October 20, 2010 at 10:00 a.m. (EST)
Objection Deadline: October 13, 2010 at 4:00 p.m. (EST)

BUTZEL LONG, a professional corporation
Eric B. Fisher, Esq.
Barry N. Seidel, Esq.
380 Madison Avenue, 22nd Floor
New York, New York 10017
Tel.: (212) 818-1110
Fax: (212) 818-0494

*Attorneys for Caixa Geral de Depósitos, S.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS INC., et al.,**<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 08-13555 (JMP)**<br><br>**Jointly Administered** |

### MOTION OF CAIXA GERAL DE DEPÓSITOS, S.A. SEEKING AUTHORITY TO ASSIGN ITS INTERESTS AS LENDER IN A PROMISSORY NOTE ISSUED BY LEHMAN BROTHERS HOLDINGS INC., *et al.*

Caixa Geral De Depósitos, S.A. ("CGD"), as the lender under that certain Uncommitted Unsecured Master Promissory Note and Guarantee, dated September 14, 2007 (the "Promissory Note"), issued by Lehman Brothers Bankhaus Aktiengesellschaft, Lehman Brothers International (Europe), Lehman Commercial Paper Inc., Lehman Brothers Japan Inc., Lehman Brothers Holdings Inc. ("LBHI") (collectively, the "Borrowers"), in favor of CGD, by CGD's undersigned attorneys, hereby files this motion (the "Motion") seeking entry of an order authorizing it to freely assign or otherwise transfer its interests in the Promissory Note and its attendant claims against LBHI without further order of this Court or obtaining prior consent from LBHI. In support of this Motion, CGD respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.

2. This Motion is a core proceeding within the meaning of 28 U.S.C. §157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### The Promissory Note

3. On September 14, 2008, the Borrowers issued the Promissory Note to CGD in the amount of $100,000,000. Pursuant to the Promissory Note, on September 25, 2007, LBHI issued to CGD a Borrowing Notice, pursuant to which LBHI borrowed $100,000,000 from CGD. Copies of the Promissory Note and Borrowing Notice are annexed hereto as Exhibits "A" and "B", respectively.

### CGD's Claims As of the Petition Date

4. On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Under the terms of the Promissory Note the commencement of a bankruptcy case by LBHI constitutes an Event of Default. Moreover, the filing of LBHI's chapter 11 petition resulted in an automatic acceleration of the amounts due under the Promissory Note. *See also* 11 U.S.C. § 502(b) (2010); Sen. Rep. No. 989, 95th Cong., 2nd Sess. 63 (1978); H.R. Rep. No. 595, 95th Cong. 1st Sess. 353 (1977) ("bankruptcy operates as an acceleration of the principal amount of all *claims* against the debtor").

5.  Interest on the Promissory Note was paid through August 27, 2008. During the period from August 27, 2008 through the Petition Date, interest totaling $148,932.56 accrued on the $100,000,000 borrowed by LBHI under the Promissory Note. Therefore, as of the Petition Date, LBHI owed CGD $100,148,932.56 under the Promissory Note.

6.  On January 30, 2009, CGD filed a proof of claim (*see* Claim No. 2430) against LBHI in the amount of $100,148,932.56 due and owing to CGD by LBHI under the Promissory Note and related documents. (The claim arising from the Promissory Note and related documents is hereinafter referred to as the "Claim").

### CGD's Desire to Assign its Promissory Note and Claim

7.  The Promissory Note provides, in relevant parts, as follows: "No party hereto shall have the right to assign its rights and obligations under this Note and Guaranty without the prior consent of the other parties hereto;" and "This Note and Guaranty is made expressly and solely for the benefit of Lender, and no other person or entity shall be entitled or be deemed to be entitled to any benefits or rights hereunder, nor be authorized or entitled to enforce any rights, claims or remedies hereunder or by reason hereof." *See* Promissory Note at p. 4.

8.  CGD, through its counsel, has requested that the Borrowers consent to CGD's assignment of its interests in the Promissory Note and attendant Claim against LBHI.

9.  As of the date hereof, CGD has not received any response to its request.

### RELIEF REQUESTED

10. By this Motion, CGD respectfully requests that CGD, and its successors and assigns, be authorized to freely assign or otherwise transfer its interests in the Promissory Note

and attendant Claim against LBHI to any third party without further order of this Court and without obtaining prior consent from LBHI. This Court has granted similar relief to another lender in these cases by Order dated April 15, 2010 (Docket No. 8334), and is scheduled to hear other similar requests (Docket No. 11051)[1].

## BASIS FOR RELIEF

11. As a matter of public policy, the procedural consent provisions in the Promissory Note should not be strictly enforced in the context of LBHI's bankruptcy proceeding, because the assignee's identity is no longer relevant to LBHI, as the Borrower under a Promissory Note under which no further advances can be requested and under which there is a payment default. Therefore, the identity of the party holding CGD's interest in the Promissory Note is irrelevant to LBHI and will not prejudice the estate.

12. On the other hand, CGD will be prejudiced if it is not able to transfer its Claim to a willing buyer free of the consent restrictions in the Promissory Note.

13. Moreover, as evidenced by the number of transfer agreements that have been filed in the bankruptcy proceedings of LBHI and its affiliated debtors (collectively, the "Debtors"), the assignment of claims is extremely common in bankruptcy cases and promotes greater liquidity in the markets.

14. In fact, the Debtors have recognized the importance of increasing liquidity in the markets and easing restrictions on the trading of claims in the *Motion of the Debtors and Certain Creditors to Clarify or Amend the Debtors' Supplemental Notice and the Bar Date Order with*

---

[1] Taipei Fubon Commercial Bank Co., Ltd. is seeking substantially similar relief in a motion pending before this Court, which is scheduled to be heard on September 22, 2010.

*Respect to Claims Relating to the Lehman Programs Securities Issued by LBHI,* dated January 29, 2010 [Docket No. 6858] (the "Clarification Motion"). Specifically, in the Clarification Motion, the Debtors acknowledged, in relevant part, that:

> The Debtors have advised the Moving Creditors that following conversations with various creditors, including the Moving Creditors, in an attempt to increase liquidity in the market and ease restrictions on the trading of LBHI Issued LPS, the Debtors consulted with the applicable clearing agencies and confirmed that the procedures set forth in the Supplemental Notice were viable, and therefore, on or about October 5, 2009, the Debtors issued the Supplemental Notice.

*Id.* at 4 (emphasis added).

15. Therefore, to the extent that the Court finds that CGD is still obligated to obtain LBHI's consent prior to assigning the Promissory Note, the Court should, as a matter of equity, eliminate the consent requirement and other restrictions on transfer in view of the policy favoring assignability of claims. In addition, freely permitting assignments and other transfers under these circumstances would also eliminate the administrative expenses attendant to the need for CGD and its successors and assigns to seek, and LBHI to perform, the ministerial act of providing consent (subject to this Court's Order Pursuant to Sections 105(a) and 362 of the Bankruptcy Code Establishing Certain Restrictions and Procedures Applicable to Transfers of the Debtors Securities, entered on March 25, 2010 [Docket No. 7826], which may restrict assignments in order to preserve the Debtors' net operating losses).

16. Furthermore, relief from the consent requirement and other restrictions to assignability of the Promissory Note is warranted under the circumstances of this case because, as is often said, the automatic stay is a shield, not a sword. *In re Briarpatch Film Corp.,* 281 B.R. 820, 834 (Bankr. S.D.N.Y. 2002)(citing cases). The automatic stay shields LBHI from

CGD exercising the enforcement remedies under the Promissory Note. In turn, LBHI should not be permitted to withhold its consent to the assignment by CGD of its interest in the Promissory Note and attendant Clam where no legitimate interest of the Debtors or their estate would be served by withholding such consent. CGD should be allowed to transfer its interests in the Promissory Note and the attendant Clam without regard to the transfer restrictions in the Promissory Note.

## **NOTICE**

17. Notice of this Motion has been provided in accordance with Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 and on those notice parties fully described in the Original Case Management Order dated September 22, 2008 and the Amended Procedures dated February 13, 2009, issued in these chapter 11 cases by the Court, including (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel for the Creditors' Committee; and (iv) and all parties who have requested notice in these chapter 11 cases.

18. CGD submits that no other or further notice need be provided.

## **NO PRIOR REQUEST**

19. CGD has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, CGD respectfully requests that this Court enter an order, substantially in the form attached to this Motion as Exhibit "C," (i) authorizing CGD and its successors and assigns to freely assign or otherwise transfer its Claim and interests in the Promissory Note free of any restrictions or requirements set forth in the Promissory Note and without further order of this Court or obtaining prior consent from LBHI, and (ii) granting such other and further relief as may be just and proper.

Dated: New York, New York
September 23, 2010

        BUTZEL LONG, a professional corporation

        By:  /s/ Barry N. Seidel
             Eric B. Fisher, Esq.
             Barry N. Seidel, Esq.

        380 Madison Avenue
        New York, New York 10017
        Tel.: (212) 818-1110
        Fax: (212) 818-0494

        *Attorneys for Caixa Geral de Depósitos, S.A.*