# **EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

### ORDER GRANTING MOTION OF CAIXA GERAL DE DEPÓSITOS, S.A. SEEKING AUTHORITY TO ASSIGN ITS INTERESTS AS LENDER IN A PROMISSORY NOTE ISSUED BY LEHMAN BROTHERS HOLDINGS INC., *et al.*

Upon the motion of Caixa Geral De Depósitos, S.A. ("CGD") Seeking Authority to Assign Its Interests as Lender in a Promissory Note Issued by Lehman Brothers Holdings Inc., *et al.* ("LBHI") (the "Motion")[1], and a hearing on the Motion having been held; and sufficient notice having been duly given; and due deliberation having been had; and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted in all respects; and it is further

ORDERED that CGD, and its successors and assigns, shall be and hereby is authorized to freely assign or otherwise transfer its Claim and interests in the Promissory Note to any third party free of any restrictions or requirements set forth in the Promissory Note without further order of this Court or obtaining prior consent from LBHI; provided, that any such assignment or other transfer shall be (1) subject to (a) all applicable orders of this Court, including, but not limited to, the Order Pursuant to Sections 105(a) and 362 of the Bankruptcy Code Establishing Certain Restrictions and Procedures Applicable to Transfers of the Debtors Securities, entered on March 25, 2010 [Docket No. 7826], and (b) the applicable requirements of the Federal Rules of

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed in the Motion.

Bankruptcy Procedure; and (2) without prejudice to the Debtors' right to object to or challenge any of said claims on grounds other than in connection with the consent requirements and other restrictions on transfer set forth in the Promissory Note.

Dated:  New York, New York
        October ____ , 2010

                                                                                                                                      _____
                                                                                                                                      United States Bankruptcy Judge