Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                   :    Chapter 11 Case No.
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,            :    08-13555 (JMP)
                                                        :
                              Debtors.                  :    (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' OBJECTION TO THE MOTION OF**
**WILLIAM KUNTZ III FOR RELIEF, PURSUANT**
**TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), respectfully submit this objection to the motion (the "Motion"), dated September 13, 2010 [Docket No. 11347], filed by William Kuntz, III ("Mr. Kuntz") for relief from two orders (the "Orders") of this Court, entered respectively on August 18 and August 20, 2010:

- Granting Motion of Lehman Brothers Holdings Inc. And Lehman Commercial Paper Inc, Pursuant To Sections 105(a) And 363(b) of The Bankruptcy Code And Bankruptcy Rule 6004(h), For Authorization To Guarantee Payment of The Fees And Related Charges of Lazard Frères & Co. LLC, As Investment Banker To Lehman ALI, Inc., Incurred In Connection With The Innkeepers Restructuring [Docket No. 10869]; and

- (i) Allowing LCPI To Acquire Certain Loans Through A Joint Venture And (ii)

    Authorizing LCPI and LBHI To Provide Gap Funding Through A Term Loan, Revolver, And Preferred Equity Investment [Docket No. 10954];

and respectfully represent:

### Mr. Kuntz Has Not Satisfied the Standard for Relief Under Rule 60(b)

  1. Mr. Kuntz is not entitled to relief under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)").[1] Rule 60(b), made applicable here pursuant to Rule 9024 of the Bankruptcy Rules, permits a court, in its discretion, to rescind or amend a final judgment or order under certain limited circumstances. *See In re U. S. Lines*, 97 Civ. 6727 (MBM), 1999 U.S. Dist. LEXIS 5385, *8 (S.D.N.Y. Apr. 15, 1999). Those circumstances are, in relevant part: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged. . .; or (6) any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b). The Second Circuit has indicated that the movant bears a heavy burden of proof on a motion for relief from an order or final judgment. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) ("since 60(b) allows extraordinary relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances'"); *see also Nemaizer v. Baker*, 794 F.2d 58, 61 (2d Cir. 1986).

  2. The Motion does not satisfy the strict standards for modification of a final judgment or order. Notably, the Motion fails to set forth under which subsection of Rule 60(b)

---

[1] Although the Motion is styled as a request for relief pursuant to Rule 60(b), to the extent that the Motion requests relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), the Motion is untimely and should not be granted. According to Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a motion requesting relief pursuant to Rule 59(e) must be made "no later than 14 days after entry of judgment." Similarly, Local Rule 9023-1 of the Local Bankruptcy Rules for the Southern District of New York provide that "A motion for reargument of a court order determining a motion shall be served within 14 days after the entry of the Court's order determining the original motion…." The Motion was filed on September 13, 2010, more than 14 days after the Orders were entered on August 18 and 20, 2010, and is therefore untimely under both Federal and local procedural rules, to the extent that it is a motion for relief under Rule 59(e).

Mr. Kuntz is relying on for relief from this Court. Subsections (1)-(5) of Rule 60(b) are clearly not applicable to the Motion. Mr. Kuntz does not allege any new facts or circumstances not already considered by the Court. Mr. Kuntz does not assert -- nor does the Motion identify -- mistake, inadvertence, surprise, or excusable neglect. Mr. Kuntz also does not allege any newly discovered evidence or alleged fraud, misrepresentation, or misconduct by the Debtors. Mr. Kuntz alleges no facts or circumstances that would render the Orders void. Finally, the relief granted by the Orders has not been previously satisfied, released, or discharged; and neither Order is based on an earlier judgment that has been reversed or vacated. Because Mr. Kuntz does not rely on any of the foregoing subsections of Rule 60(b), the only other subsection Mr. Kuntz could possibly be relying upon is subsection (6) — "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(6).

3. Courts in this circuit have held that relief should be granted under Rule 60(b)(6) only where the moving party has demonstrated "extraordinary circumstances" or "extreme hardship" and only where the more specific provisions of Rule 60(b) do not apply. *In re U. S. Lines*, 97 Civ. 6727, 1999 U.S. Dist. LEXIS 5385, *11; *see also Nemaizer*, 793 F.2d at 63 ("[Rule 60(b)(6)] is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." (citations omitted)). The Motion does not set forth a basis for relief under Rule 60(b)(6).

3

4. Mr. Kuntz has failed to satisfy his burden under Rule 60(b). Therefore, the Motion should be denied.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

DATED: September 23, 2010
New York, New York

/s/ Alfredo R. Pérez
Alfredo R. Pérez

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

4