UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                :

In re                                   :        Chapter 11 Case No.
                                :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :        08-13555 (JMP)
                                :

            Debtors.              :        (Jointly Administered)
                                :
                                :
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 363 OF THE BANKRUPTCY CODE, FOR APPROVAL OF (I) A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND AURORA BANK FSB REGARDING THE MASTER FORWARD AGREEMENT AND OTHER MATTERS AND (II) CERTAIN OTHER RELATED RELIEF, INCLUDING AUTHORIZATION OF (A) CERTAIN DEBTORS TO MAKE CAPITAL TRANSFERS, (B) LBHI TO ENTER INTO A CAPITAL MAINTENANCE AGREEMENT, AND (C) LBHI TO EXTEND THE DURATION OF THE AMENDED REPURCHASE AGREEMENT AND FINANCING FACILITY**

        Upon the motion, dated September 1, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), Lehman Brothers Special Financing Inc. ("LBSF") and Luxembourg Residential Properties Loan Finance S.a.r.l. ("Luxco," together with LBHI, LCPI and LBSF, the "Debtors"), as debtors and debtors-in-possession, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code (the "Bankruptcy Code"), for (i) approval of a settlement agreement between the Debtors and Aurora Bank FSB ("FSB") regarding the MFA[1] and other matters (the "Settlement Agreement"), (ii) authorization of a cash transfer by the Debtors of $477 million and the transfer of non-cash assets valued at approximately $385 million to FSB as more fully described in the Settlement Agreement (the "Capital Transfers"); (iii)

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

authorization for LBHI to make an additional cash payment to FSB of $14.4 million and of up to an additional $10.6 million to FSB (the "Additional Capital Transfer"); (iv) authorization for LBHI to enter into the capital maintenance agreement pursuant to which LBHI will agree to ensure that FSB will maintain a minimum 11% Tier-1 capital level or 15% total risk-based capital ratio for the duration of LBHI's ownership of FSB and agree to buy all FSB's non-cash assets in certain circumstances after an eighteen month period (the "Capital Maintenance Agreement"); (v) authorization for LBHI to enter into a new tax allocation agreement with FSB (the "New Tax Allocation Agreement"); (vii) authorization for LBHI to extend the Amended Repurchase Agreement and the Financing Facility for the duration of LBHI's ownership or control of FSB and Aurora, and (viii) authorization for LBHI to contribute, if LBHI determines to do so, to the capital of FSB a portfolio of LBHI's servicing rights to approximately 33,000 residential mortgage loans for which servicing is provided by third parties pursuant to appointment by LBHI and that do not have a value in the aggregate in excess of $25 million (the "Ancillary Servicing Rights"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of

2

Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Debtors' entry into and performance of the Settlement Agreement is approved; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, the Debtors are authorized, but not directed, to make the Capital Transfers pursuant to the Settlement Agreement; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized, but not directed, to make the Additional Capital Transfer pursuant to the Settlement Agreement; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized, but not directed, to enter into and perform the Capital Maintenance Agreement; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized, but not directed, to enter into and perform the New Tax Allocation Agreement; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized, but not directed, to extend the Amended Repurchase Agreement and the Financing Facility for the duration of LBHI's ownership or control of FSB; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized, but not directed, to transfer the Ancillary Servicing Rights to FSB; and it is further

ORDERED that, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, (i) the Capital Transfers and the Ancillary Servicing Rights shall be transferred to FSB or Aurora Loan Services, LLC ("Aurora"), as contemplated by the Settlement Agreement, free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code) (including, without limitation, successor liability claims), encumbrances, obligations, liabilities, contractual commitments, rights of first refusal or interests of any kind or any nature whatsoever (collectively, the "Interests"), and (ii) all persons and entities holding Interests against the Debtors or in the assets to be transferred to FSB or Aurora pursuant to the Settlement Agreement shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Interests against FSB or Aurora, their property and their successors or assigns; *provided, however*, that the foregoing shall not limit or in any way restrict the contractual right of the Government National Mortgage Association or a government sponsored entity, including, without limitation, Federal Home Loan Mortgage Corporation in Conservatorship, the Federal National Mortgage Association in Conservatorship, and their Conservator, to approve or disapprove the transfer of mortgage servicing rights associated with such entity's sponsored loans to FSB or Aurora and to agree to or not allow the transfer of such mortgage servicing rights without assumption of LBHI's seller obligations by FSB or Aurora; *provided, further, however,* that nothing in this Order shall in any way affect, limit or prejudice

the rights, titles, powers and privileges of the Federal Housing Finance Agency, in its statutory capacity as the Conservator of the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation, under the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4501 et seq. (2008), including, without limitation, in respect of such transfers of such mortgage servicing rights; and it is further

ORDERED that all Interests, if any, shall attach to the proceeds ultimately realized by the Debtors on account of the transfer of the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, that such Interests now have against the transferred assets, subject to any rights, claims and defenses the Debtors may possess with respect thereto; and it is further

ORDERED that the Debtors are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the transactions contemplated by the Settlement Agreement, including to make all payments and to grant all releases contemplated therein or thereby; and it is further

ORDERED that, subject to the two decretal paragraphs immediately below, the Debtors are authorized to make payments, transfer assets or incur obligations to one another in connection with the allocation of the costs of the Settlement Agreement as described in the Motion; and it is further

ORDERED that any and all pre and postpetition claims, rights and obligations that the Debtors (including, without limitation, LBHI) may have against each other in connection with the subject matter of the Motion or the transactions contemplated by the Settlement

Agreement are hereby fully preserved and shall not be prejudiced by the entry of this Order. This Order does not constitute or approve any waiver or relinquishment of the rights of any Debtor against any other Debtor with respect to the subject matter of the Motion or the transactions contemplated by the Settlement Agreement; and it is further

ORDERED that any allocation of costs and benefits between or among the Debtors in connection with the Settlement Agreement (including, without limitation, payments, transfers of assets or the incurrence of obligations) is subject to adjustment and nothing in this Order shall prejudice the right of any Debtor or party in interest to seek by motion or otherwise a different allocation as between the Debtors at a later point, including, without limitation, the right to challenge any determinations of ownership or valuation of any assets belonging to any Debtor that are the subject of the Settlement Agreement; and it is further

ORDERED that, upon the effectiveness of the Settlement Agreement, including making of the Capital Transfers and the Additional Capital Transfers and the execution of the Capital Maintenance Agreement by LBHI and Bancorp, all proofs of claim filed by FSB, Aurora and/or the OTS against the Debtors, including, without limitation, the MFA Claim, the Tax Claim the OTS Claims, the Collateral Claims and (except as specifically carved out pursuant to the Settlement Agreement) the Other Claims shall be deemed satisfied and released and may be expunged from the claims register upon notice to the claims agent by the Debtors; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
September 23, 2010

                                                *s/ James M. Peck*
                                                Honorable James M. Peck
                                                United States Bankruptcy Judge