**HOGAN LOVELLS US LLP**

Matthew P. Morris, Esq.

875 Third Avenue

New York, New York 10022

Tel: (212) 918-3000

Fax: (212) 909-3100

matthew.morris@hoganlovells.com

*Attorney for The Bank of New York Mellon*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| **In re** | ) | **Chapter 11** |
| | ) | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | ) | **Case No. 08-13555 (JMP)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

**NOTICE OF THE BANK OF NEW YORK MELLON**
**<u>WITHDRAWAL OF PROOFS OF CLAIM NUMBERS 27364 AND 27365</u>**

PLEASE TAKE NOTICE that The Bank of New York Mellon, by and through its undersigned counsel, hereby withdraws Proofs of Claim Nos. 27364 and 27365, true and correct copies of which are attached hereto as <u>Exhibit A</u>.

Dated:        New York, New York
             September 24, 2010

                          Respectfully submitted,
                          HOGAN LOVELLS US LLP

                 By:    /s/ Matthew P. Morris, Esq
                        Matthew P. Morris, Esq.
                        *Attorney for The Bank of New York Mellon*
                        875 Third Avenue
                        New York, NY  10022
                        212-918-3000

**EXHIBIT A**

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Joint Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held Lehman Brothers Holdings Inc. | Case No. of Debtor 08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000027364

1

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

The Bank of New York Mellon

(For addresses and telephone numbers, see attached annex)

Telephone number:                    Email Address:

Name and address where payment should be sent (if different from above)
(See attached annex)

Telephone number:                    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on:_____

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

1. **Amount of Claim as of Date Case Filed:** $ 76,332,337 (see attached Annex for details)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9), complete Item 6.

☒ Check this box if all or part of your claim is based on a Derivative Contract*
☒ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Guarantee - (See attached annex)
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** __N/A__
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☒ Other
   Describe: __(See attached annex)__
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $__N/A__
   (See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$__N/A__

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain: (See attached annex)

FOR COURT USE ONLY

**FILED / RECEIVED**
SEP 22 2009
**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date: 9/22/09 | Signature: *Paul M Kerr* | *David M. Kerr* *Vice President* |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**RIDER TO AMENDED PROOF OF CLAIM FILED BY THE BANK OF NEW YORK MELLON
AGAINST LEHMAN BROTHERS HOLDINGS INC. REGARDING GUARANTEE OF
LIABILITIES, OBLIGATIONS AND COMMITMENTS OF LEHMAN BROTHERS SPECIAL
FINANCING INC. UNDER THE ISDA MASTER AGREEMENT BETWEEN LEHMAN
BROTHERS SPECIAL FINANCING, INC. AND WILLOW RE LTD.**

A.      **INTRODUCTION**

1.      This rider to the Amended Proof of Claim of the Bank of New York Mellon ("**BNYM**") is incorporated into the Amended Proof of Claim in its entirety as if fully set forth therein.

2.      On September 17, 2009, BNYM filed a claim against Lehman Brothers Holdings Inc. (the "**Prior Proof of Claim**")[1] regarding the guarantee of liabilities, obligations and commitments of Lehman Brothers Special Financing, Inc. ("**LBSF**") under an ISDA Master Agreement between LBSF and Willow Re Limited ("**Willow**"), which erroneously included reference to "certain trade confirmations between Willow and LBSF and executed pursuant to the Swap on and after February 21, 2008" as had been reported by Willow. BNYM files this Amended Proof of Claim to correct such error by deleting the reference to the trade confirmations.[2]   All riders and exhibits attached to the Prior Proof of Claim are incorporated into the Amended Proof of Claim as if fully set forth therein.

Dated:  September 22, 2009
        New York, New York

                                        The Bank of New York Mellon

                            By:  _____
                                 Name:  David M Kerr
                                 Title:  Vice President

---

[1] A copy of the Prior Proof of Claim is attached as Exhibit A.
[2] A copy of the Annex to the Amended Proof of Claim is attached as Exhibit B.

# EXHIBIT A

*United States Bankruptcy Court/Southern District of New York*

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Joint Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held Lehman Brothers Holdings Inc. | Case No. of Debtor 08-13555 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor:)

The Bank of New York Mellon

(For addresses and telephone numbers, see attached annex)

Telephone number: _____  Email Address: _____

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
  (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
(See attached annex)

Telephone number: _____  Email Address: _____

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

1. Amount of Claim as of Date Case Filed: $ 76,332,337 (see attached annex for details)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. Basis for Claim: Guarantee (see attached annex)
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: __N/A__
   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☒ Other
   Describe: __(See attached annex)__
   Value of Property: $_____  Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____  Basis for perfection: _____
   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:

   $___N/A___

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $___N/A___
   (See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
   **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
   If the documents are not available, please explain: (See attached annex)

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 17 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: September 16, 2009 | Signature: _____  David M Kerr Vice President |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**ANNEX TO PROOF OF CLAIM**
**OF THE BANK OF NEW YORK MELLON**
**AGAINST LEHMAN BROTHERS HOLDINGS INC.**
**REGARDING GUARANTEE OF**
**LIABILITIES, OBLIGATIONS AND COMMITMENTS OF**
**LEHMAN BROTHERS SPECIAL FINANCING, INC.**
**UNDER ISDA MASTER AGREEMENT BETWEEN**
<u>**LEHMAN BROTHERS SPECIAL FINANCING, INC. AND WILLOW RE LTD.**</u>

This is an <u>Annex</u> to the protective proof of claim (the **"Proof of Claim"**) filed by The Bank of New York Mellon (**"BNYM"**). BNYM is the Indenture Trustee in the transactions described below and, pursuant to that certain Supplemental Indenture between the Issuer, Willow Re Limited (**"Willow"**), and BNYM (formerly known as The Bank of New York), dated June 14, 2007 (the **"Supplemental Indenture"**), was granted a security interest in and under the ISDA Master Agreement in respect of the Class B, Series 2007-1 Notes, together with the schedule and confirmation thereto by and among Lehman Brothers Special Financing, Inc. (**"LBSF"**) and Willow, as swap counterparties, and Lehman Brothers Holdings Inc. (**"LBHI"**), as guarantor, dated as of June 14, 2007 (as amended, supplemented or otherwise modified from time to time, and including any related agreements and other documents, collectively the "Swap") and all rights and powers of Willow with respect to the Swap and other collateral described therein.[1]

THIS ANNEX CONSTITUTES A PART OF THE PROOF OF CLAIM AND IS INCORPORATED THEREIN BY REFERENCE. Copies of certain supporting documents relating to the Claims set forth below are attached hereto and are also incorporated by reference into the Proof of Claim. Copies of certain additional supporting documentation (including but not limited to the Agreements (as defined herein) and the Supplemental Indenture) are voluminous, contain proprietary business information and are readily available to the Debtor and accordingly, not attached hereto. BNYM will furnish the Debtor with copies of any pertinent documentation upon request subject to an appropriate confidentiality agreement or as otherwise required by order of the United States Bankruptcy Court for the Southern District of New York (the **"Bankruptcy Court"**).

1.      <u>Basis for Claims</u>: On September 15, 2008 (the **"Petition Date"**), the Debtor filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 <u>et seq.</u> (as amended, the **"Bankruptcy Code"**), in the Bankruptcy Court. The Debtor is and may become liable to BNYM for the Claims described herein.

(a)      The Claims asserted herein arise from or are related to transactions with the Debtor pursuant to: (a) that certain Swap; (b) that certain Guarantee of LBHI, dated as of June 14, 2007, between Willow and LBHI (as amended, supplemented or otherwise modified from time to time, and including any related agreements and other documents, collectively, the **"Guarantee Agreement"**); and (c) those certain trade confirmations between Willow and LBSF and executed pursuant to the Swap on and after February 21, 2008 (the **"Trade Confirmations,"** together with the Swap and the Guarantee Agreement, the **"Agreements"**). The Claims are based upon obligations, liabilities and indebtedness owing by the Debtor to Willow (collectively,

---

[1] The Issuer has filed a related Proof of Claim against LBHI for amounts owed by LBSF under the Swap.

the "**Obligations**"), which Obligations arise under and in connection with the Agreements and other related documents. BNYM serves as Indenture Trustee in connection with the Supplemental Indenture under which the Swap was pledged.

(b)     In connection with the swap counterparties' entry into the Swap and pursuant to the Guarantee Agreement, LBHI agreed to act as Guarantor of LBSF's obligations under the Swap for the benefit of Willow.

(c)     Further, by the Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., dated as of June 9, 2005 (the "**Guarantee Resolutions**"), LBHI fully guaranteed the payment of all Obligations of LBSF and the other subsidiaries set forth on Schedule A to the Guarantee Resolutions.[2]

(d)     Without limiting the generality of the foregoing, the Claims include, without limitation, the Obligations described below.

Swap Claims.  Pursuant to section 6 of the Swap, upon the filing of the Debtor' bankruptcy petitions on September 15, 2008, Willow was entitled to declare an Event of Default and designate an Early Termination Date (as these terms are defined in the Swap) for termination of the Swap.

On September 15, 2008, Willow sent a notice to the Debtor designating September 15, 2008 an Early Termination Date of the Swap.[3]  On October 3, 2008, Willow sent LBSF an "Amended and Restated Notice of Amount Payable Under the Master ISDA Agreement," which included a statement of calculations and quotations setting forth the amount that Willow reasonably determined in good faith was payable to it under section 6(e) of the Swap.[4]

2.     Total Amount of Claims at Time of Bankruptcy Filing:  Liquidated Claims of not less than **$76,332,337**, including accrued interest as of the Petition Date, in the aggregate, plus contingent unliquidated claims not presently ascertainable as described herein.[5]

Without limiting any of the foregoing, BNYM reserves all of its rights to assert claims for interest (including, without limitation, at the default rate), fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that

---

[2] A copy of the Guarantee Resolutions is attached hereto as Exhibit A.

[3] A copy of such notice is attached hereto as Exhibit B.

[4] A copy of such notice is attached hereto as Exhibit C.  BNYM has relied on the statement of amounts payable delivered to it by Willow and has not independently calculated any amounts owed Willow under the Agreements or in connection with the transactions described herein, and has not confirmed Willow's calculations thereof.

[5] BNYM has also filed a proof of claim against LBSF for amounts owed by LBSF to BNYM arising under the Swap.

exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided and/or contemplated in the Agreements, any supporting documentation and under applicable law.

3.    Secured Claim: The Claims of Willow against the Debtor for amounts due and owing as of the Petition Date are unsecured claims to the extent of any deficiency following any exercise by Willow of any rights of setoff that they may have against the Debtor. BNYM hereby asserts any and all rights of setoff Willow may have in respect of the Claims, including, without limitation, the right to setoff its Claims against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against Willow.

4.    Credits: The amount of all payments on the Claims has been credited and deducted for purposes of making this Proof of Claim.

5.    Reservation of Rights: (a) In filing this Proof of Claim, BNYM expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor. This description and classification of claims by BNYM is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of BNYM. Furthermore, BNYM expressly reserves all rights to amend, modify, supplement, increase, decrease, and/or withdraw this Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time. (b) This Proof of Claim is filed without prejudice to the filing by BNYM of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor. BNYM does not, by this Claim or any amendment or other action, waive any rights with respect to any scheduled claim. (c) By filing this Proof of Claim, BNYM does not waive any rights under chapter 5 of the Bankruptcy Code. (d) In executing and filing this claim, BNYM does not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Claim against the Debtor and does not waive or release: (i) rights and remedies against any other person or entity that may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor or otherwise; (ii) any obligation owed to it, or any right to any security that may be determined to be held by any one of them or for its or their benefit; (iii) any past, present or future defaults (or events of default) by the Debtor or others; or (iv) any right to the subordination, in favor of Willow, of indebtedness or liens held by other creditors of the Debtor. The filing of this Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies. (e) Nothing contained in this Proof of Claim nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of BNYM to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of BNYM to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of BNYM to have the reference withdrawn by the United States District Court for the Southern District of New York in any matter subject to mandatory or discretionary withdrawal; (iv) the right of BNYM to have any unliquidated portions of their claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to which BNYM is or may be entitled under

agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

6.   Payment Information.  Payments should be made with the following wire transfer information:

Willow Re Ltd.:
The Bank of New York Mellon
ABA No.: 021000018
Account No.: GLA 111-565
For further credit: TAS # AC389601
Account Name: WILLOW RE PRIMARY SUB
Reference: WILLOW Class B, Series 2007-1 Negative Portfolio Return Amounts

7.   Notices:  All notices with respect to the Claims should be sent to:

The Bank of New York Mellon
6525 West Campus Oval
New Albany, Ohio 43054
Attention: Robert Major
Telephone: (614) 775 5278

with copies to:

Lovells LLP
590 Madison Avenue
New York, New York 10022
Attention: Matthew P. Morris
Telephone: (212) 909 0641

Willow Re Ltd.
c/o HSBC Bank (Cayman) Limited
P.O. 1109
HSBC House
68 West Bay Road
Grand Cayman KY 1-1102,
Cayman Islands
Attn: Linda Haddleton

Dated: September 16, 2009

## Exhibit A

**See Attached**

# UNANIMOUS WRITTEN CONSENT OF THE

# EXECUTIVE COMMITTEE OF THE

# BOARD OF DIRECTORS OF

# LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

NOW THEREFORE BE IT,

**RESOLVED**, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

**RESOLVED**, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

**RESOLVED**, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

**RESOLVED**, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

**FURTHER RESOLVED**, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 9, 2005

Richard S. Fuld, Jr.

John D. Macomber

2

Schedule A
to LBHI Unanimous Written Consent
dated June 9 , 2005

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

## Exhibit B

**See Attached**

**WILLOW RE LTD.**
c/o HSBC Bank (Cayman) Limited
P.O. Box 1109, HSBC House
68 West Bay Road
Grand Cayman, KY1-1102
Cayman Islands

September 15, 2008

VIA COURIER and FACSIMILE

TO: ALL THE ADDRESSES LISTED IN ANNEX A ATTACHED HERETO

Re: **Notice of Event of Default for Lehman Brothers Special Financing Inc.**

Dear Sir/Madam:

Reference is made to the ISDA Master Agreement (including the Schedule and the Credit Support Documents thereto), dated as of June 14, 2007, between LEHMAN BROTHERS SPECIAL FINANCING INC. (the "Counterparty") and WILLOW RE LTD. ("Willow") (the "ISDA Master Agreement") and the Transactions governed thereunder, including the total return swap dated as of June 14, 2007 (together with the ISDA Master Agreement, as it may be amended from time to time, the "Agreement"). Capitalized terms used but not defined in this notice shall have the meanings set forth in the Agreement.

Willow hereby notifies the Counterparty that an event under Section 5(a)(vii) of the Agreement has occurred.

In light of the foregoing, Willow hereby designates pursuant to Section 6 of the Agreement, September 15, 2008 as an Early Termination Date with respect to all outstanding Transactions thereunder. We will determine the closeout levels in accordance with the terms of the Agreement, as quickly as practicable.

The consequence of the occurrence of an Early Termination Date is that:

(a)     no further payments or deliveries under Section 2(a)(i) or 2(e) in respect of the Transactions will be required to be made; and

(b)     any amount payable in respect of the Early Termination Date shall be determined pursuant to the Agreement.

NY2 2012849.2 J03340 000020 9/15/2008 03:54pm

If you have any questions regarding the above, please do not hesitate to call Elizabeth Frederick at (345) 914-7563 or Kevin Poole at (345) 914-7598.

Sincerely,

**WILLOW RE LTD.**

By: _____
Name:    Kevin Poole
Title:    Director

## ANNEX A - LIST OF ADDRESSES

Lehman Brothers Special Financing Inc.
c/o Lehman Brothers Inc.
Corporate Advisory Division
Transaction Management Group
745 Seventh Avenue, 28th Floor
New York, New York 10019
Attention: Documentation Manager
Facsimile: 212-526-7672
Telephone: 212-526-7187

## Exhibit C

**See Attached**

Willow Re Ltd.
c/o HSBC Bank (Cayman) Limited
P.O. 1109
HSBC House
68 West Bay Road
Grand Cayman KY1-1102
Cayman Islands


October 3, 2008


**VIA HAND DELIVERY**
Lehman Brothers Special Financing Inc.
c/o Lehman Brothers Inc.
Corporate Advisory Division
Transaction Management Group
745 Seventh Avenue
New York, NY 10019
Attention: Documentation Manager
Telephone No.: (212) 526-7187
Facsimile No.: (212) 526-7672

Re:    <u>NOTICE OF AMOUNT PAYABLE UNDER ISDA MASTER AGREEMENT</u>

To Whom It May Concern:

Reference is made to that ISDA Master Agreement dated as of June 14, 2007 (together with any Schedules thereto and Confirmations thereunder, the "**Agreement**") between Lehman Brothers Special Financing Inc. ("**Lehman**") and Willow Re Ltd. ("**Willow**") respectively.  Willow further refers you to its notice dated September 15, 2008 designating an Early Termination Date of September 15, 2008 in respect of the Agreement.  Unless separately defined herein, capitalized terms have the meaning set forth in the Agreement.

In accordance with Section 6(d) of the Agreement, attached hereto as Annex A is a statement of calculations and quotations setting forth the amount that Willow has reasonably determined in good faith to be payable under Section 6(e) of the Agreement.  As a result of the designation of an Early Termination Date under the Agreement, Lehman owes Willow USD 76,664,511, as described in Section 6(d)(ii) of the Agreement (the "**Termination Payment Amount**").  The Termination Payment Amount is payable in USD pursuant to the provisions of Part 1(f) of the Schedule to the Agreement.

Pursuant to Paragraph 6(d)(ii) of the Agreement, the Termination Payment Amount is payable today, October 3, 2008, the effective date of this notice.  We require you to wire the Termination Payment Amount to the following account:

| | |
|---|---|
| ABA No.: | 021000018 |
| Bank Name: | The Bank of New York Mellon |
| A/C No.: | GLA 111-565 |
| For Further Credit to: | TAS # AC389601 |
| Account Name: | WILLOW RE LTD PRIMARY SUB A/C |

Please note that pursuant to Section 11 of the Agreement, we reserve the right to claim under the indemnity for our reasonable out-of-pocket expenses including legal fees (including, without limitation, any such fees stated in Annex A attached hereto) incurred by reason of the enforcement and protection of our rights under the Agreement or any Credit Support Document or by reason of the early termination of any Transaction.

This notice constitutes the statement required to be furnished by the undersigned under Section 6(d)(i) of the Agreement. In addition to rights under the Agreement, the undersigned shall also have any rights otherwise available to it under any other agreement or applicable law. Nothing contained herein shall be deemed a waiver, discharge or release of any of Willow's rights and remedies under the Agreement or applicable law, all of which rights and remedies are expressly reserved.

Please contact Linda Haddleton at the above address, by telephone at 345-949-7755; fax at 345-949-7634 or e mail at Linda.haddleton@ky.hsbc.com should you have any questions in relation to this notice.

**[SIGNATURE ON THE FOLLOWING PAGE]**

**WILLOW RE LTD.**

By: _____

Name: LINDA HADDLETON

Title: DIRECTOR

## ANNEX A

Confirmation Dated June 14, 2007  Re:  Willow Re Ltd. Total Return Swap – Class B, Series 2007-1, Principal-at-Risk Variable Rate Notes due June 16, 2010.

| | |
|---|---|
| Dealer Quotation[1] | USD  155,000,000 |
| **Settlement Amount[2]:** | **USD 155,000,000** |
| **Value of Collateral Held / (Posted):** | USD  78,667,663 |
| **Settlement Amount after Set-off[3]:** | USD  76,332,337 |
| Interest on Settlement Amount after Set-off at Non-Default Rate (from Early Termination Date through but excluding the effective date of this notice)[4] | USD     226,174. |
| Legal Expenses and other reasonable out of pocket expenses[5]: | USD      90,000 |
| **Total amount payable as of the effective date of this notice:** | **USD 76,648,511** |

---

[1] Market conditions prevented obtaining actual dealer quotations on the Early Termination Date.  All of the dealers solicited declined to provide an actual bid.  The dealer quotation referenced above results from an indicative quotation provided by Swiss Re Capital Markets Corporation "(DEALER]") on September 19, 2008 and was the lower of two indicative bids received by a substantial amount (see Annex B attached hereto).  Pursuant to the Loss procedure under the Agreement, a party may determine its Loss by reference to quotations of relevant rates or prices from one or more leading dealers in the relevant markets.

[2] The Settlement Amount was determined with reference to Willow's Loss pursuant to Section 6(e) of the Agreement.  Pursuant to the Loss procedure under the Agreement, Willow Re Ltd's Loss was determined with reference to the DEALER quotation.

[3] Set-off includes (i) collateral held (posted) by Lehman Brothers Special Financing Inc .and (ii) any Set-off rights of Willow under the Agreement or under applicable law.

[4] See Section 6(d)(ii) generally, and see Annex C for calculation details.  Interest will continue to accrue until the amount payable is paid in full.

[5] See Section 11 of the Agreement.

## ANNEX B

From: Allen_Binder@swissre.com <Allan_Binder@swissre.com>
To: Cooper, Jeffrey
Sent: Fri Sep 19 21:14:03 2008
Subject: Lehman TRS for Willow Re

Jeff:

With respect to the Lehman total return swap on the assets for Willow Re bond with CUSIP 971164AA6 as of Monday 15 Sep 2008.  We are not authorized
to make a firm bid, but if it is helpful, we can provide the following to
you for informational purposes only and subject to the restrictions in the
disclaimer below:


Assuming full indemnification  from Allstate or acceptable counterparty:
SRCM would value the swap as follows:

      - swap counterparty receives upfront "fee"  of 155MM to take over
swap and assets and guarantee 150MM payment at maturity or if bond
triggered.

This indicative price is provided by Swiss Re Capital Markets Corporation
("SRCM Corp").  SRCM Corp is a member of the Financial Institution
Regulatory Authority ("FINRA") and the Securities Investor Protection
Corporation ("SIPC"), and is regulated by the FINRA. This is an indicative
price only, and not intended as an offer or solicitation, or as the basis
for any contract for the purchase of any security or other instrument. The
security referred to may not be offered or sold in, or purchased by
residents of various jurisdictions. This information may not be distributed
in any jurisdiction where such distribution is restricted by law or
regulation. Th security may be illiquid, have limited market, or no ready
market for resale at any given time. We or our affiliates may maintain long
or short positions in this security or in related futures, options or other
products; purchase or sell, make a market in, or engage in other
transactions involving such securities or other issuers; and/or provide
investment banking or other services to any such issuers. This information
may not be reproduced or circulated without our written authority. Persons
in the United States wishing to effect any securities transactions should
contact SRCM Corp.


Jeff, trust this is useful.  Talk with you soon.


Allen B. Binder    Managing Director
Swiss Re Capital Markets  ' 55 East 52nd St. New York 10055
Direct: 212-407-7337 Fax: 212-317-5586 Mobile: 917-535-7140 E-mail:
allen.binder@swissre.com

http://www.swissre.com

## Annex C

**Overnight Financing Rates:**

| Date | Settlement Amount after Set-off | Interest Calculation |
|------|-------------------------------|---------------------|
| 9/15/2008 | USD 76,332,337.00 | USD 12,547.78 |
| 9/16/2008 | USD 76,344,884.78 | USD 12,548.20 |
| 9/17/2008 | USD 76,357,432.98 | USD 12,551.91 |
| 9/18/2008 | USD 76,369,984.89 | USD 12,553,.97 |
| 9/19/2008 | USD 76,382,538.86 | USD 12,556,.03 |
| 9/20/2008 | USD 76,395,094.89 | USD 12,558.10 |
| 9/21/2008 | USD 76,407,652.99 | USD 12,560.16 |
| 9/22/2008 | USD 76,420,213.15 | USD 12,562.23 |
| 9/23/2008 | USD 76,432,775.38 | USD 12,564.29 |
| 9/24/2008 | USD 76,445,339.67 | USD 12,566.36 |
| 9/25/2008 | USD 76,457,906.03 | USD 12,568.42 |
| 9/26/2008 | USD 76,470,474.45 | USD 12,570.49 |
| 9/27/2008 | USD 76,483,044.93 | USD 12,572.56 |
| 9/28/2008 | USD 76,495,617.49 | USD 12,574.62 |
| 9/29/2008 | USD 76,508,192.11 | USD 12,576.69 |
| 9/30/2008 | USD 76,520,768.80 | USD 12,578.76 |
| 10/1/2008 | USD 76,533,347.56 | USD 12,580.82 |
| 10/2/2008 | USD 76,545,928.38 | USD 12,582.89 |
| 10/3/2008 | USD 76,558,511.27 | |
| **Total** | USD 76,558,511.27 | USD 226,174.27 |

\* Interest calculated based on daily compounding and actual days elapsed.
\*\* Default Rate = Rate per annum equal to the cost to Willow to fund the Settlement Amount after Set-off, determined at the prime rate (5%) plus 1%.

# EXHIBIT B

**ANNEX TO AMENDED PROOF OF CLAIM**
**OF THE BANK OF NEW YORK MELLON**
**AGAINST LEHMAN BROTHERS HOLDINGS INC.**
**REGARDING GUARANTEE OF**
**LIABILITIES, OBLIGATIONS AND COMMITMENTS OF**
**LEHMAN BROTHERS SPECIAL FINANCING, INC.**
**UNDER ISDA MASTER AGREEMENT BETWEEN**
**LEHMAN BROTHERS SPECIAL FINANCING, INC. AND WILLOW RE LTD.**

This is an <u>Annex</u> to the protective proof of claim (the **"Proof of Claim"**) filed by The Bank of New York Mellon (**"BNYM"**). BNYM is the Indenture Trustee in the transactions described below and, pursuant to that certain Supplemental Indenture between the Issuer, Willow Re Limited (**"Willow"**), and BNYM (formerly known as The Bank of New York), dated June 14, 2007 (the **"Supplemental Indenture"**), was granted a security interest in and under the ISDA Master Agreement in respect of the Class B, Series 2007-1 Notes, together with the schedule and confirmation thereto by and among Lehman Brothers Special Financing, Inc. (**"LBSF"**) and Willow, as swap counterparties, and Lehman Brothers Holdings Inc. (**"LBHI"**), as guarantor, dated as of June 14, 2007 (as amended, supplemented or otherwise modified from time to time, and including any related agreements and other documents, collectively the **"Swap"**) and all rights and powers of Willow with respect to the Swap and other collateral described therein.[1]

THIS ANNEX CONSTITUTES A PART OF THE PROOF OF CLAIM AND IS INCORPORATED THEREIN BY REFERENCE. Copies of certain supporting documents relating to the Claims set forth below are attached hereto and are also incorporated by reference into the Proof of Claim. Copies of certain additional supporting documentation (including but not limited to the Agreements (as defined herein) and the Supplemental Indenture) are voluminous, contain proprietary business information and are readily available to the Debtor and accordingly, not attached hereto. BNYM will furnish the Debtor with copies of any pertinent documentation upon request subject to an appropriate confidentiality agreement or as otherwise required by order of the United States Bankruptcy Court for the Southern District of New York (the **"Bankruptcy Court"**).

1.      <u>Basis for Claims</u>: On September 15, 2008 (the **"Petition Date"**), the Debtor filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 <u>et seq.</u> (as amended, the **"Bankruptcy Code"**), in the Bankruptcy Court. The Debtor is and may become liable to BNYM for the Claims described herein.

(a)      The Claims asserted herein arise from or are related to transactions with the Debtor pursuant to: (a) that certain Swap; and (b) that certain Guarantee of LBHI, dated as of June 14, 2007, between Willow and LBHI (as amended, supplemented or otherwise modified from time to time, and including any related agreements and other documents, collectively, the **"Guarantee Agreement**, together with the Swap and the Guarantee Agreement, the **"Agreements"**). The Claims are based upon obligations, liabilities and indebtedness owing by the Debtor to Willow (collectively, the **"Obligations"**), which Obligations arise under and in

---

[1] The Issuer has filed a related Proof of Claim against LBHI for amounts owed by LBSF under the Swap.

connection with the Agreements and other related documents. BNYM serves as Indenture Trustee in connection with the Supplemental Indenture under which the Swap was pledged.

(b)   In connection with the swap counterparties' entry into the Swap and pursuant to the Guarantee Agreement, LBHI agreed to act as Guarantor of LBSF's obligations under the Swap for the benefit of Willow.

(c)   Further, by the Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., dated as of June 9, 2005 (the "**Guarantee Resolutions**"), LBHI fully guaranteed the payment of all Obligations of LBSF and the other subsidiaries set forth on Schedule A to the Guarantee Resolutions.[2]

(d)   Without limiting the generality of the foregoing, the Claims include, without limitation, the Obligations described below.

Swap Claims. Pursuant to section 6 of the Swap, upon the filing of the Debtor' bankruptcy petitions on September 15, 2008, Willow was entitled to declare an Event of Default and designate an Early Termination Date (as these terms are defined in the Swap) for termination of the Swap.

On September 15, 2008, Willow sent a notice to the Debtor designating September 15, 2008 an Early Termination Date of the Swap.[3] On October 3, 2008, Willow sent LBSF an "Amended and Restated Notice of Amount Payable Under the Master ISDA Agreement," which included a statement of calculations and quotations setting forth the amount that Willow reasonably determined in good faith was payable to it under section 6(e) of the Swap.[4]

2.   Total Amount of Claims at Time of Bankruptcy Filing: Liquidated Claims of not less than **$76,332,337**, including accrued interest as of the Petition Date, in the aggregate, plus contingent unliquidated claims not presently ascertainable as described herein.[5]

Without limiting any of the foregoing, BNYM reserves all of its rights to assert claims for interest (including, without limitation, at the default rate), fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or

---

[2] A copy of the Guarantee Resolutions is attached hereto as Exhibit A.

[3] A copy of such notice is attached hereto as Exhibit B.

[4] A copy of such notice is attached hereto as Exhibit C. BNYM has relied on the statement of amounts payable delivered to it by Willow and has not independently calculated any amounts owed Willow under the Agreements or in connection with the transactions described herein, and has not confirmed Willow's calculations thereof.

[5] BNYM has also filed a proof of claim against LBSF for amounts owed by LBSF to BNYM arising under the Swap.

subsequent to the Petition Date, in each case to the extent or as may be permitted, provided and/or contemplated in the Agreements, any supporting documentation and under applicable law.

3.    Secured Claim:   The Claims of Willow against the Debtor for amounts due and owing as of the Petition Date are unsecured claims to the extent of any deficiency following any exercise by Willow of any rights of setoff that they may have against the Debtor. BNYM hereby asserts any and all rights of setoff Willow may have in respect of the Claims, including, without limitation, the right to setoff its Claims against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against Willow.

4.    Credits:   The amount of all payments on the Claims has been credited and deducted for purposes of making this Proof of Claim.

5.    Reservation of Rights:   (a) In filing this Proof of Claim, BNYM expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor. This description and classification of claims by BNYM is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of BNYM. Furthermore, BNYM expressly reserves all rights to amend, modify, supplement, increase, decrease, and/or withdraw this Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time. (b) This Proof of Claim is filed without prejudice to the filing by BNYM of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor. BNYM does not, by this Claim or any amendment or other action, waive any rights with respect to any scheduled claim. (c) By filing this Proof of Claim, BNYM does not waive any rights under chapter 5 of the Bankruptcy Code. (d) In executing and filing this claim, BNYM does not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Claim against the Debtor and does not waive or release:  (i) rights and remedies against any other person or entity that may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor or otherwise; (ii) any obligation owed to it, or any right to any security that may be determined to be held by any one of them or for its or their benefit; (iii) any past, present or future defaults (or events of default) by the Debtor or others; or (iv) any right to the subordination, in favor of Willow, of indebtedness or liens held by other creditors of the Debtor. The filing of this Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies. (e) Nothing contained in this Proof of Claim nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of BNYM to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of BNYM to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of BNYM to have the reference withdrawn by the United States District Court for the Southern District of New York in any matter subject to mandatory or discretionary withdrawal; (iv) the right of BNYM to have any unliquidated portions of their claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to which BNYM is or may be entitled under

agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

6.    Payment Information.  Payments should be made with the following wire transfer information:

> **Willow Re Ltd.**:
> The Bank of New York Mellon
> ABA No.: 021000018
> Account No.: GLA 111-565
> For further credit: TAS # AC389601
> Account Name: WILLOW RE PRIMARY SUB
> Reference: WILLOW Class B, Series 2007-1 Negative Portfolio Return Amounts

7.    Notices:  All notices with respect to the Claims should be sent to:

> The Bank of New York Mellon
> 6525 West Campus Oval
> New Albany, Ohio 43054
> Attention:  Robert Major
> Telephone: (614) 775 5278
>
> with copies to:
>
> Lovells LLP
> 590 Madison Avenue
> New York, New York 10022
> Attention:  Matthew P. Morris
> Telephone: (212) 909 0641
>
> Willow Re Ltd.
> c/o HSBC Bank (Cayman) Limited
> P.O. 1109
> HSBC House
> 68 West Bay Road
> Grand Cayman KY 1-1102,
> Cayman Islands
> Attn:  Linda Haddleton

Dated:  September 22, 2009



H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED BY:

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

DATE

12:21

TIME

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| | |
|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Joint Administered) |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing Inc. | Case No. of Debtor<br>08-13888 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et.Al.
08-13555 (JMP)          0000027365

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

The Bank of New York Mellon

(For addresses and telephone numbers, see attached annex)

Telephone number:          Email Address:

Name and address where payment should be sent (if different from above)
(See attached annex)

Telephone number:          Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on:_____

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

1.   Amount of Claim as of Date Case Filed:  $ 76,332,337 (see attached annex for details)

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9), complete Item 6.

☒ Check this box if all or part of your claim is based on a Derivative Contract*
☐ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2.   **Basis for Claim:**  Derivative Contract - (See attached annex)
     (See instruction #2 on reverse side.)

3.   **Last four digits of any number by which creditor identifies debtor:**   N/A
     **3a.** Debtor may have scheduled account as: _____
          (See instruction #3a on reverse side.)

4.   **Secured Claim** (See instruction #4 on reverse side.)
     Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
     Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☒ Other
     Describe:   (See attached annex)
     Value of Property: $_____ Annual Interest Rate _____%
     Amount of arrearage and other charges as of time case filed included in secured claim, if any:
     $_____ Basis for perfection: _____
     **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

5.   **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$   N/A

6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $  N/A
     (See instruction #6 on reverse side.)

7.   **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.   **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
     **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
     If the documents are not available, please explain: (See attached annex)

FOR COURT USE ONLY

**FILED / RECEIVED**

**SEP 22 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| | | |
|---|---|---|
| Date:<br>9/22/09 | Signature:<br>*Paul MKerr* | *David M. Kerr*<br>*Vice President* |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**RIDER TO AMENDED PROOF OF CLAIM FILED BY THE BANK OF NEW YORK MELLON
AGAINST LEHMAN BROTHERS SPECIAL FINANCING, INC.
UNDER ISDA SWAP BETWEEN
LEHMAN BROTHERS SPECIAL FINANCING, INC. AND WILLOW RE LTD.**

A.       **INTRODUCTION**

1.       This rider to the attached Amended Proof of Claim of the Bank of New York Mellon

("**BNYM**") is incorporated into the Amended Proof of Claim in its entirety as if fully set forth therein.

2.       On September 17, 2009, BNYM filed a claim against Lehman Brothers Special Financing,

Inc. (the "**Prior Proof of Claim**")[1] regarding the liabilities, obligations and commitments of Lehman

Brothers Special Financing, Inc. ("**LBSF**") under an ISDA Master Agreement between LBSF and Willow

Re Limited ("**Willow**"), which erroneously included reference to "certain trade confirmations between

Willow and LBSF and executed pursuant to the Swap on and after February 21, 2008" as had been

reported by Willow.   BNYM files this Amended Proof of Claim to correct such error by deleting the

reference to the trade confirmations.[2]   All riders and exhibits attached to the Prior Proof of Claim are

incorporated into the Amended Proof of Claim as if fully set forth therein.


Dated:  September 22, 2009
        New York, New York


                                        The Bank of New York Mellon


                            By:      _Cal M Ker_____

                                        Name:  David M. Ker
                                        Title:   Vice President


_____

[1] A copy of the Prior Proof of Claim is attached as Exhibit A.
[2] A copy of the Annex to the Amended Proof of Claim is attached as Exhibit B.

# EXHIBIT A

| *United States Bankruptcy Court/Southern District of New York* | **PROOF OF CLAIM** |
|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Joint Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing Inc. | Case No. of Debtor<br>08-13888 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

The Bank of New York Mellon

(For addresses and telephone numbers, see attached annex)

Telephone number:          Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
    (*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above)
(See attached annex)

Telephone number:          Email Address:

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

1. **Amount of Claim as of Date Case Filed:** $ 76,332,337 (see attached annex for details)

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete Item 5.

   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9), complete Item 6.

   ☒ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*

   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Derivative Contract - (See attached annex)
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** N/A
   3a. **Debtor may have scheduled account as:** _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☒ Other

   Describe: (See attached annex)

   Value of Property: $ _____  Annual Interest Rate _____ %

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____  Basis for perfection: _____

   Amount of Secured Claim: $ _____  Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**

   $ N/A

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $ N/A
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.

   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

   If the documents are not available, please explain: (See attached annex)

| Date:<br>September 16, 2009 | Signature: *[signature]* | *David M Kerr*<br>*Vice President* |
|---|---|---|

**FOR COURT USE ONLY**

**FILED / RECEIVED**

SEP 17 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NYCLIB01/NYJKFB/158812.1

**ANNEX TO PROOF OF CLAIM**
**OF THE BANK OF NEW YORK MELLON**
**AGAINST LEHMAN BROTHERS SPECIAL FINANCING, INC.**
**UNDER ISDA SWAP BETWEEN**
**LEHMAN BROTHERS SPECIAL FINANCING, INC. AND WILLOW RE LTD.**

This is an <u>Annex</u> to the protective proof of claim (the **"Proof of Claim"**) filed by The Bank of New York Mellon (**"BNYM"**).  BNYM is the Indenture Trustee in the transactions described below and, pursuant to that certain Supplemental Indenture between the Issuer, Willow Re Limited (**"Willow"**), and BNYM (formerly known as The Bank of New York), dated June 14, 2007 (the **"Supplemental Indenture"**), was granted a security interest in and under the ISDA Master Agreement in respect of the Class B, Series 2007-1 Notes, together with the schedule and confirmation thereto by and among Lehman Brothers Special Financing, Inc. (**"LBSF"**) and Willow, as swap counterparties, and Lehman Brothers Holdings Inc. (**"LBHI"**), as guarantor, dated as of June 14, 2007 (as amended, supplemented or otherwise modified from time to time, and including any related agreements and other documents, collectively the **"Swap"**) and all rights and powers of Willow with respect to the Swap and other collateral described therein.[1]

THIS ANNEX CONSTITUTES A PART OF THE PROOF OF CLAIM AND IS INCORPORATED THEREIN BY REFERENCE.  Copies of certain supporting documents relating to the Claims set forth below are attached hereto and are also incorporated by reference into the Proof of Claim.  Copies of certain additional supporting documentation (including but not limited to the Agreements (as defined herein) and the Supplemental Indenture) are voluminous, contain proprietary business information and are readily available to the Debtor and accordingly, not attached hereto.  BNYM will furnish the Debtor with copies of any pertinent documentation upon request subject to an appropriate confidentiality agreement or as otherwise required by order of the United States Bankruptcy Court for the Southern District of New York (the **"Bankruptcy Court"**).

1.   <u>Basis for Claims</u>:  On September 15, 2008 (the **"Petition Date"**), the Debtor filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 <u>et seq.</u> (as amended, the **"Bankruptcy Code"**), in the Bankruptcy Court.  The Debtor is and may become liable to BNYM for the Claims described herein.

(a)   The Claims asserted herein arise from or are related to transactions with the Debtor pursuant to:  (a) that certain Swap; (b) that certain Guarantee of LBHI, dated as of June 14, 2007, between Willow and LBHI (as amended, supplemented or otherwise modified from time to time, and including any related agreements and other documents, collectively, the **"Guarantee Agreement"**); and (c) those certain trade confirmations between Willow and LBSF and executed pursuant to the Swap on and after February 21, 2008 (the **"Trade Confirmations,"** together with the Swap and the Guarantee Agreement, the **"Agreements"**).  The Claims are based upon obligations, liabilities and indebtedness owing by the Debtor to Willow (collectively, the **"Obligations"**), which Obligations arise under and in connection with the Agreements and other related documents.   BNYM serves as Indenture Trustee in connection with the Supplemental Indenture under which the Swap was pledged.

---

[1] The Issuer has filed a related Proof of Claim against LBSF for amounts owing under the Swap.

(b)    In connection with the swap counterparties' entry into the Swap and pursuant to the Guarantee Agreement, LBHI agreed to act as Guarantor of LBSF's obligations under the Swap for the benefit of Willow.

(c)    Without limiting the generality of the foregoing, the Claims include, without limitation, the Obligations described below.

Swap Claims.  Pursuant to section 6 of the Swap, upon the filing of the Debtor' bankruptcy petitions on September 15, 2008, Willow was entitled to declare an Event of Default and designate an Early Termination Date (as these terms are defined in the Swap) for termination of the Swap.

On September 15, 2008, Willow sent a notice to the Debtor designating September 15, 2008 an Early Termination Date of the Swap.[2]  On October 3, 2008, Willow sent LBSF an "Amended and Restated Notice of Amount Payable Under the Master ISDA Agreement," which included a statement of calculations and quotations setting forth the amount that Willow reasonably determined in good faith was payable to it under section 6(e) of the Swap.[3]

2.    Total Amount of Claims at Time of Bankruptcy Filing:  Liquidated Claims of not less than **$76,332,337**, including accrued interest as of the Petition Date, in the aggregate, plus contingent unliquidated claims not presently ascertainable as described herein.

Without limiting any of the foregoing, BNYM reserves all of its rights to assert claims for interest (including, without limitation, at the default rate), fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided and/or contemplated in the Agreements, any supporting documentation and under applicable law.

3.    Secured Claim:  The Claims of Willow against the Debtor for amounts due and owing as of the Petition Date are unsecured claims to the extent of any deficiency following any exercise by Willow of any rights of setoff that they may have against the Debtor.  BNYM hereby asserts any and all rights of setoff Willow may have in respect of the Claims, including, without limitation, the right to setoff its Claims against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against Willow.

---

[2] A copy of such notice is attached hereto as Exhibit A.

[3] A copy of such notice is attached hereto as Exhibit B.  BNYM has relied on the statement of amounts payable delivered to it by Willow and has not independently calculated any amounts owed Willow under the Agreements or in connection with the transactions described herein, and has not confirmed Willow's calculations thereof.

4.    <u>Credits</u>:  The amount of all payments on the Claims has been credited and deducted for purposes of making this Proof of Claim.

5.    <u>Reservation of Rights</u>:  (a) In filing this Proof of Claim, BNYM expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor.  This description and classification of claims by BNYM is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of BNYM.  Furthermore, BNYM expressly reserves all rights to amend, modify, supplement, increase, decrease, and/or withdraw this Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.  (b) This Proof of Claim is filed without prejudice to the filing by BNYM of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor.  BNYM does not, by this Claim or any amendment or other action, waive any rights with respect to any scheduled claim.  (c) By filing this Proof of Claim, BNYM does not waive any rights under chapter 5 of the Bankruptcy Code. (d) In executing and filing this claim, BNYM does not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Claim against the Debtor and does not waive or release: (i) rights and remedies against any other person or entity that may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor or otherwise; (ii) any obligation owed to it, or any right to any security that may be determined to be held by any one of them or for its or their benefit; (iii) any past, present or future defaults (or events of default) by the Debtor or others; or (iv) any right to the subordination, in favor of Willow, of indebtedness or liens held by other creditors of the Debtor.  The filing of this Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.  (e) Nothing contained in this Proof of Claim nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of BNYM to have final orders in non-core matters entered only after <u>de novo</u> review by a district court judge; (ii) the right of BNYM to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of BNYM to have the reference withdrawn by the United States District Court for the Southern District of New York in any matter subject to mandatory or discretionary withdrawal; (iv) the right of BNYM to have any unliquidated portions of their claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to which BNYM is or may be entitled under agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

6.    <u>Payment Information</u>.  Payments should be made with the following wire transfer information:

**Willow Re Ltd.:**
The Bank of New York Mellon
ABA No.: 021000018
Account No.: GLA 111-565
For further credit: TAS # AC389601

Account Name: WILLOW RE PRIMARY SUB
Reference: WILLOW Class B, Series 2007-1 Negative Portfolio Return Amounts

7.    Notices:  All notices with respect to the Claims should be sent to:


The Bank of New York Mellon
6525 West Campus Oval
New Albany, Ohio 43054
Attention: Robert Major
Telephone: (614) 775 5278

with copies to:

Lovells LLP
590 Madison Avenue
New York, New York 10022
Attention:  Matthew P. Morris
Telephone: (212) 909 0641

Willow Re Ltd.
c/o HSBC Bank (Cayman) Limited
P.O. 1109
HSBC House
68 West Bay Road
Grand Cayman KY 1-1102,
Cayman Islands
Attn:  Linda Haddleton


Dated: September 16, 2009

## Exhibit A

**See Attached**

**WILLOW RE LTD.**
c/o HSBC Bank (Cayman) Limited
P.O. Box 1109, HSBC House
68 West Bay Road
Grand Cayman, KY1-1102
Cayman Islands

September 15, 2008

VIA COURIER and FACSIMILE

TO: ALL THE ADDRESSES LISTED IN ANNEX A ATTACHED HERETO

**Re: Notice of Event of Default for Lehman Brothers Special Financing Inc.**

Dear Sir/Madam:

Reference is made to the ISDA Master Agreement (including the Schedule and the Credit Support Documents thereto), dated as of June 14, 2007, between LEHMAN BROTHERS SPECIAL FINANCING INC. (the "Counterparty") and WILLOW RE LTD. ("Willow") (the "ISDA Master Agreement") and the Transactions governed thereunder, including the total return swap dated as of June 14, 2007 (together with the ISDA Master Agreement, as it may be amended from time to time, the "Agreement"). Capitalized terms used but not defined in this notice shall have the meanings set forth in the Agreement.

Willow hereby notifies the Counterparty that an event under Section 5(a)(vii) of the Agreement has occurred.

In light of the foregoing, Willow hereby designates pursuant to Section 6 of the Agreement, September 15, 2008 as an Early Termination Date with respect to all outstanding Transactions thereunder. We will determine the closeout levels in accordance with the terms of the Agreement, as quickly as practicable.

The consequence of the occurrence of an Early Termination Date is that:

(a)   no further payments or deliveries under Section 2(a)(i) or 2(e) in respect of the Transactions will be required to be made; and

(b)   any amount payable in respect of the Early Termination Date shall be determined pursuant to the Agreement.

NY2 20128.49.2 303340 000020 9/15/2008 03:54pm

      If you have any questions regarding the above, please do not hesitate to call Elizabeth Frederick at (345) 914-7563 or Kevin Poole at (345) 914-7598.

Sincerely,

**WILLOW RE LTD.**

By: _____

Name: *Kevin Poole*

Title: *Director*

## ANNEX A - LIST OF ADDRESSES

Lehman Brothers Special Financing Inc.
c/o Lehman Brothers Inc.
Corporate Advisory Division
Transaction Management Group
745 Seventh Avenue, 28th Floor
New York, New York 10019
Attention: Documentation Manager
Facsimile: 212-526-7672
Telephone: 212-526-7187

## Exhibit B

See Attached

Willow Re Ltd.
c/o HSBC Bank (Cayman) Limited
P.O. 1109
HSBC House
68 West Bay Road
Grand Cayman KY1-1102
Cayman Islands


October 3, 2008


**VIA HAND DELIVERY**
Lehman Brothers Special Financing Inc.
c/o Lehman Brothers Inc.
Corporate Advisory Division
Transaction Management Group
745 Seventh Avenue
New York, NY 10019
Attention: Documentation Manager
Telephone No.: (212) 526-7187
Facsimile No.: (212) 526-7672

Re:    <u>NOTICE OF AMOUNT PAYABLE UNDER ISDA MASTER AGREEMENT</u>

To Whom It May Concern:

Reference is made to that ISDA Master Agreement dated as of June 14, 2007 (together with any Schedules thereto and Confirmations thereunder, the **"Agreement"**) between Lehman Brothers Special Financing Inc. (**"Lehman"**) and Willow Re Ltd. (**"Willow"**) respectively. Willow further refers you to its notice dated September 15, 2008 designating an Early Termination Date of September 15, 2008 in respect of the Agreement. Unless separately defined herein, capitalized terms have the meaning set forth in the Agreement.

In accordance with Section 6(d) of the Agreement, attached hereto as Annex A is a statement of calculations and quotations setting forth the amount that Willow has reasonably determined in good faith to be payable under Section 6(e) of the Agreement. As a result of the designation of an Early Termination Date under the Agreement, Lehman owes Willow USD 76,664,511, as described in Section 6(d)(ii) of the Agreement (the **"Termination Payment Amount"**). The Termination Payment Amount is payable in USD pursuant to the provisions of Part 1(f) of the Schedule to the Agreement.

Pursuant to Paragraph 6(d)(ii) of the Agreement, the Termination Payment Amount is payable today, October 3, 2008, the effective date of this notice. We require you to wire the Termination Payment Amount to the following account:

| | |
|---|---|
| ABA No.: | 021000018 |
| Bank Name: | The Bank of New York Mellon |
| A/C No.: | GLA 111-565 |
| For Further Credit to: | TAS # AC389601 |
| Account Name: | WILLOW RE LTD PRIMARY SUB A/C |

Please note that pursuant to Section 11 of the Agreement, we reserve the right to claim under the indemnity for our reasonable out-of-pocket expenses including legal fees (including, without limitation, any such fees stated in Annex A attached hereto) incurred by reason of the enforcement and protection of our rights under the Agreement or any Credit Support Document or by reason of the early termination of any Transaction.

This notice constitutes the statement required to be furnished by the undersigned under Section 6(d)(i) of the Agreement. In addition to rights under the Agreement, the undersigned shall also have any rights otherwise available to it under any other agreement or applicable law. Nothing contained herein shall be deemed a waiver, discharge or release of any of Willow's rights and remedies under the Agreement or applicable law, all of which rights and remedies are expressly reserved.

Please contact Linda Haddleton at the above address, by telephone at 345-949-7755; fax at 345-949-7634 or e mail at Linda.haddleton@ky.hsbc.com should you have any questions in relation to this notice.

[SIGNATURE ON THE FOLLOWING PAGE]

**WILLOW RE LTD.**

By: _____

Name: LINDA MIDDLETON

Title: DIRECTOR

## ANNEX A

Confirmation Dated June 14, 2007 Re: Willow Re Ltd. Total Return Swap – Class B, Series 2007-1, Principal-at-Risk Variable Rate Notes due June 16, 2010.

| | |
|---|---|
| Dealer Quotation[1] | USD  155,000,000 |
| **Settlement Amount[2]:** | **USD 155,000,000** |
| **Value of Collateral Held / (Posted):** | USD  78,667,663 |
| **Settlement Amount after Set-off[3]:** | USD  76,332,337 |
| Interest on Settlement Amount after Set-off at Non-Default Rate (from Early Termination Date through but excluding the effective date of this notice)[4] | USD  226,174. |
| Legal Expenses and other reasonable out of pocket expenses[5]: | USD  90,000 |
| **Total amount payable as of the effective date of this notice:** | **USD 76,648,511** |

---

[1] Market conditions prevented obtaining actual dealer quotations on the Early Termination Date. All of the dealers solicited declined to provide an actual bid. The dealer quotation referenced above results from an indicative quotation provided by Swiss Re Capital Markets Corporation "(DEALER]") on September 19, 2008 and was the lower of two indicative bids received by a substantial amount (see Annex B attached hereto). Pursuant to the Loss procedure under the Agreement, a party may determine its Loss by reference to quotations of relevant rates or prices from one or more leading dealers in the relevant markets.

[2] The Settlement Amount was determined with reference to Willow's Loss pursuant to Section 6(e) of the Agreement. Pursuant to the Loss procedure under the Agreement, Willow Re Ltd's Loss was determined with reference to the DEALER quotation.

[3] Set-off includes (i) collateral held (posted) by Lehman Brothers Special Financing Inc .and (ii) any Set-off rights of Willow under the Agreement or under applicable law.

[4] See Section 6(d)(ii) generally, and see Annex C for calculation details. Interest will continue to accrue until the amount payable is paid in full.

[5] See Section 11 of the Agreement.

## ANNEX B

From: Allen Binder@swissre.com <Allen Binder@cwissre.com>
To: Cooper, Jeffrey
Sent: Fri Sep 19 21:34:03 2008
Subject: Lehman TRS for Willow Re

Jeff:

With respect to the Lehman total return swap on the assets for Willow Re
bond with CUSIP 971164AA6 as of Monday 15 Sep 2008.  We are not
authorized
to make a firm bid, but if it is helpful, we can provide the following
to
you for informational purposes only and subject to the restrictions in
the
disclaimer below:


Assumming full indemnification from Allstate or acceptable counterparty:
SRCM would value the swap as follows:

      - swap counterparty receives upfront "fee" of 155MM to take over
swap and assets and guarantee 180MM payment at maturity or if bond
triggered.

This indicative price is provided by Swiss Re Capital Markets
Corporation
("SRCM Corp").  SRCM Corp is a member of the Financial Institution
Regulatory Authority ("FINRA") and the Securities Investor Protection
Corporation ("SIPC"), and is regulated by the FINRA. This is an
indicative
price only, and not intended as an offer or solicitation, or as the
basis
for any contract for the purchase of any security or other instrument.
The
security referred to may not be offered or sold in, or purchased by
residents of various jurisdictions. This information may not be
distributed
in any jurisdiction where such distribution is restricted by law or
regulation. Th security may be illiquid, have limited market, or no
ready
market for resale at any given time. We or our affiliates may maintain
long
or short positions in this security or in related futures, options or
other
products: purchase or sell, make a market in, or engage in other
transactions involving such securities or other issuers; and/or provide
investment banking or other services to any such issuers. This
information
may not be reproduced or circulated without our written authority.
Persons
in the United States wishing to effect any securities transactions
should
contact SRCM Corp.


Jeff, trust this is useful.  Talk with you soon.


Allen B. Binder ` Managing Director
Swiss Re Capital Markets | 55 East 52nd St, New York 10055
Direct: 212-407-7337 Fax: 212-317-5986 Mobile: 917-535-7140 E-mail:
allen binder@swissre.com

http://www.swissre.com

## Annex C

**Overnight Financing Rates:**

| Date | Settlement Amount after Set-off | Interest Calculation |
|---|---|---|
| 9/15/2008 | USD 76,332,337.00 | USD 12,547.78 |
| 9/16/2008 | USD 76,344,884.78 | USD 12,548.20 |
| 9/17/2008 | USD 76,357,432.98 | USD 12,551.91 |
| 9/18/2008 | USD 76,369,984.89 | USD 12,553,.97 |
| 9/19/2008 | USD 76,382,538.86 | USD 12,556,.03 |
| 9/20/2008 | USD 76,395,094.89 | USD 12,558.10 |
| 9/21/2008 | USD 76,407,652.99 | USD 12,560.16 |
| 9/22/2008 | USD 76,420,213.15 | USD 12,562.23 |
| 9/23/2008 | USD 76,432,775.38 | USD 12,564.29 |
| 9/24/2008 | USD 76,445,339.67 | USD 12,566.36 |
| 9/25/2008 | USD 76,457,906.03 | USD 12,568.42 |
| 9/26/2008 | USD 76,470,474.45 | USD 12,570.49 |
| 9/27/2008 | USD 76,483,044.93 | USD 12,572.56 |
| 9/28/2008 | USD 76,495,617.49 | USD 12,574.62 |
| 9/29/2008 | USD 76,508,192.11 | USD 12,576.69 |
| 9/30/2008 | USD 76,520,768.80 | USD 12,578.76 |
| 10/1/2008 | USD 76,533,347.56 | USD 12,580.82 |
| 10/2/2008 | USD 76,545,928.38 | USD 12,582.89 |
| 10/3/2008 | USD 76,558,511.27 | |
| **Total** | **USD 76,558,511.27** | **USD 226,174.27** |

\* Interest calculated based on daily compounding and actual days elapsed.
\*\* Default Rate = Rate per annum equal to the cost to Willow to fund the Settlement Amount after Set-off, determined at the prime rate (5%) plus( 1%.

# EXHIBIT B

## ANNEX TO AMEMDED PROOF OF CLAIM
## OF THE BANK OF NEW YORK MELLON
## AGAINST LEHMAN BROTHERS SPECIAL FINANCING, INC.
## UNDER ISDA SWAP BETWEEN
## LEHMAN BROTHERS SPECIAL FINANCING, INC. AND WILLOW RE LTD.

This is an <u>Annex</u> to the protective proof of claim (the "**Proof of Claim**") filed by The Bank of New York Mellon ("**BNYM**").  BNYM is the Indenture Trustee in the transactions described below and, pursuant to that certain Supplemental Indenture between the Issuer, Willow Re Limited ("**Willow**"), and BNYM (formerly known as The Bank of New York), dated June 14, 2007 (the "**Supplemental Indenture**"), was granted a security interest in and under the ISDA Master Agreement in respect of the Class B, Series 2007-1 Notes, together with the schedule and confirmation thereto by and among Lehman Brothers Special Financing, Inc. ("**LBSF**") and Willow, as swap counterparties, and Lehman Brothers Holdings Inc. ("**LBHI**"), as guarantor, dated as of June 14, 2007 (as amended, supplemented or otherwise modified from time to time, and including any related agreements and other documents, collectively the "**Swap**") and all rights and powers of Willow with respect to the Swap and other collateral described therein.[1]

THIS ANNEX CONSTITUTES A PART OF THE PROOF OF CLAIM AND IS INCORPORATED THEREIN BY REFERENCE.  Copies of certain supporting documents relating to the Claims set forth below are attached hereto and are also incorporated by reference into the Proof of Claim.  Copies of certain additional supporting documentation (including but not limited to the Agreements (as defined herein) and the Supplemental Indenture) are voluminous, contain proprietary business information and are readily available to the Debtor and accordingly, not attached hereto.  BNYM will furnish the Debtor with copies of any pertinent documentation upon request subject to an appropriate confidentiality agreement or as otherwise required by order of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

1.      <u>Basis for Claims</u>:  On September 15, 2008 (the "**Petition Date**"), the Debtor filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 <u>et seq.</u> (as amended, the "**Bankruptcy Code**"), in the Bankruptcy Court.  The Debtor is and may become liable to BNYM for the Claims described herein.

(a)      The Claims asserted herein arise from or are related to transactions with the Debtor pursuant to:  (a) that certain Swap; and (b) that certain Guarantee of LBHI, dated as of June 14, 2007, between Willow and LBHI (as amended, supplemented or otherwise modified from time to time, and including any related agreements and other documents, collectively, the "**Guarantee Agreement**"), together with the Swap and the Guarantee Agreement, the "**Agreements**").  The Claims are based upon obligations, liabilities and indebtedness owing by the Debtor to Willow (collectively, the "**Obligations**"), which Obligations arise under and in connection with the Agreements and other related documents.  BNYM serves as Indenture Trustee in connection with the Supplemental Indenture under which the Swap was pledged.

---

[1] The Issuer has filed a related Proof of Claim against LBSF for amounts owing under the Swap.

(b)    In connection with the swap counterparties' entry into the Swap and pursuant to the Guarantee Agreement, LBHI agreed to act as Guarantor of LBSF's obligations under the Swap for the benefit of Willow.

(c)    Without limiting the generality of the foregoing, the Claims include, without limitation, the Obligations described below.

Swap Claims.  Pursuant to section 6 of the Swap, upon the filing of the Debtor' bankruptcy petitions on September 15, 2008, Willow was entitled to declare an Event of Default and designate an Early Termination Date (as these terms are defined in the Swap) for termination of the Swap.

On September 15, 2008, Willow sent a notice to the Debtor designating September 15, 2008 an Early Termination Date of the Swap.[2]  On October 3, 2008, Willow sent LBSF an "Amended and Restated Notice of Amount Payable Under the Master ISDA Agreement," which included a statement of calculations and quotations setting forth the amount that Willow reasonably determined in good faith was payable to it under section 6(e) of the Swap.[3]

2.    Total Amount of Claims at Time of Bankruptcy Filing:  Liquidated Claims of not less than **$76,332,337**, including accrued interest as of the Petition Date, in the aggregate, plus contingent unliquidated claims not presently ascertainable as described herein.

Without limiting any of the foregoing, BNYM reserves all of its rights to assert claims for interest (including, without limitation, at the default rate), fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided and/or contemplated in the Agreements, any supporting documentation and under applicable law.

3.    Secured Claim:  The Claims of Willow against the Debtor for amounts due and owing as of the Petition Date are unsecured claims to the extent of any deficiency following any exercise by Willow of any rights of setoff that they may have against the Debtor. BNYM hereby asserts any and all rights of setoff Willow may have in respect of the Claims, including, without limitation, the right to setoff its Claims against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against Willow.

---

[2] A copy of such notice is attached hereto as Exhibit A.

[3] A copy of such notice is attached hereto as Exhibit B.  BNYM has relied on the statement of amounts payable delivered to it by Willow and has not independently calculated any amounts owed Willow under the Agreements or in connection with the transactions described herein, and has not confirmed Willow's calculations thereof.

4.    Credits:    The amount of all payments on the Claims has been credited and deducted for purposes of making this Proof of Claim.

5.    Reservation of Rights:    (a) In filing this Proof of Claim, BNYM expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor.  This description and classification of claims by BNYM is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of BNYM.  Furthermore, BNYM expressly reserves all rights to amend, modify, supplement, increase, decrease, and/or withdraw this Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.  (b) This Proof of Claim is filed without prejudice to the filing by BNYM of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor.  BNYM does not, by this Claim or any amendment or other action, waive any rights with respect to any scheduled claim.  (c) By filing this Proof of Claim, BNYM does not waive any rights under chapter 5 of the Bankruptcy Code. (d) In executing and filing this claim, BNYM does not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Claim against the Debtor and does not waive or release:  (i) rights and remedies against any other person or entity that may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor or otherwise; (ii) any obligation owed to it, or any right to any security that may be determined to be held by any one of them or for its or their benefit; (iii) any past, present or future defaults (or events of default) by the Debtor or others; or (iv) any right to the subordination, in favor of Willow, of indebtedness or liens held by other creditors of the Debtor.  The filing of this Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.  (e) Nothing contained in this Proof of Claim nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of BNYM to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of BNYM to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of BNYM to have the reference withdrawn by the United States District Court for the Southern District of New York in any matter subject to mandatory or discretionary withdrawal; (iv) the right of BNYM to have any unliquidated portions of their claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to which BNYM is or may be entitled under agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

6.    Payment Information.  Payments should be made with the following wire transfer information:

> **Willow Re Ltd.**:
> The Bank of New York Mellon
> ABA No.: 021000018
> Account No.: GLA 111-565
> For further credit: TAS # AC389601

Account Name: WILLOW RE PRIMARY SUB
Reference: WILLOW Class B, Series 2007-1 Negative Portfolio Return Amounts

7.    Notices:  All notices with respect to the Claims should be sent to:

The Bank of New York Mellon
6525 West Campus Oval
New Albany, Ohio 43054
Attention:  Robert Major
Telephone: (614) 775 5278

with copies to:

Lovells LLP
590 Madison Avenue
New York, New York 10022
Attention:  Matthew P. Morris
Telephone: (212) 909 0641

Willow Re Ltd.
c/o HSBC Bank (Cayman) Limited
P.O. 1109
HSBC House
68 West Bay Road
Grand Cayman KY 1-1102,
Cayman Islands
Attn:  Linda Haddleton

Dated:  September 22, 2009

**ADMIT ONE**

STAPLES

H
A
N
D

D
E
L
I
V
E
R
Y

**FILED / RECEIVED**

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

12: 21

RECEIVED BY:                    DATE                    TIME