B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

### Southern District of New York

In re  Lehman Brothers Holdings Inc. et al.         ,          Case No.   08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| UBS AG, London Branch | Deka WorldGarant Plus 2/2011 |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
  One Finsbury Avenue, London EC2M 2PP
  ENGLAND,  Att'n Sharon Canham

Court Claim # (if known):   66879
Amount of Claim:   $13,921,777.80
Date Claim Filed:       06/22/2010

Phone:   +44 207 567 8000
Last Four Digits of Acct #: _____

Phone:   +49 69 71 47-1441
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):


Phone: _____
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: Nilesh Patel/Sharon Canham            Date:   09/27/2010
        Transferee/Transferee's Agent

*Penalty for making a  false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    LEHMAN BROTHERS HOLDINGS INC AND THE U.S. BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

LEHMAN BROTHERS FINANCE S.A./LEHMAN BROTHERS FINANCE AG, IN LIQUIDATION
AND PRICEWATERHOUSECOOPERS AG, ZURICH AS LIQUIDATOR

1.    *Transfer.* For value received, the adequacy and sufficiency of which are hereby acknowledged,
Deka International S.A. on behalf of Deka-WorldGarant Plus 2/2011 ("Seller") hereby unconditionally and
irrevocably agrees to sell, transfer and assign and sells, transfers and assigns to UBS AG LONDON BRANCH, 1
FINSBURY AVENUE, LONDON EC2M 2PP (the "Purchaser"), and Purchaser hereby agrees to purchase and
purchases, as of the date hereof, (a) an interest, to the extent arising from or in respect of the security or securities
listed in the percentage specified in Schedule 1 attached hereto (the "US Purchased Claim"), in Seller's right, title
and interest in and to Proof of Claim Number 58961, attached at Schedule 2 below (as amended by a filing received
by EPIQ Bankruptcy Solutions, LLC on 22 June 2010 and identified under Claim Number 66879, attached at
Schedule 3 below) filed by or on behalf of Seller or Seller's predecessor in interest (the "US Proofs of Claim")
against Lehman Brothers Holdings, Inc. (the "HoldCo Debtor"), debtor in proceedings for reorganization (the "US
Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "US Court"),
administered under Case No. 08-13555 (JMP), (b) an interest, to the extent arising from or in respect of the security
or securities listed in the nominal amount specified in Schedule 1 attached hereto (the "Swiss Purchased Claim" and,
together with the US Purchased Claim, the "Purchased Claims"), in Seller's right, title and interest in and to the
claim filed by or on behalf of Seller or Seller's predecessor in interest (the "Swiss Proof of Claim" and, together
with the US Proof of Claim, the "Proofs of Claim") against Lehman Brothers Finance S.A./Lehman Brothers
Finance AG in Liquidation (the "OpCo Debtor" and, together with the HoldCo Debtor, the "Debtors"), being
liquidated in bankruptcy proceedings (the "Swiss Proceedings" and, together with the US Proceeding, the
"Proceedings") within the meaning of the Swiss Stock Exchange and Securities Dealer Statute in conjunction with
Art. 25 *et seq.* of the Swiss Banking Statute opened against the OpCo Debtor by the Swiss Federal Banking
Commission, now the Swiss Financial Market Supervisory Authority, and (c) all rights and benefits of Seller
relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments,
interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased
Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or
hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims,
whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims
(including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "US
Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtors or any other party,
arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection
with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all
of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior
seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the
extent related to the Purchased Claims, (d) any and all proceeds of any of the foregoing (collectively, as described in
clauses (a), (b), (c) and (d), the "Transferred Claims," and, separately, as described in clause (a) and to the extent
related to clause (a), in clauses (c) and (d) the "US Transferred Claim" and as described in clause (b) and to the
extent related to clause (b), in clauses (c) and (d) the "Swiss Transferred Claim"), and (d) the security or securities
(any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached
hereto.

2.    *Seller Representations and Warranties.* Seller hereby represents and warrants to Purchaser that:
(a) the US Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing US Eastern Time) on
November 2, 2009 in accordance with the US Court's order setting the deadline for filing proofs of claim in respect
of "Lehman Program Securities"; (b) the US Proof of Claim relates to one or more securities expressly identified on
the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009;
(c) the Swiss Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Zurich Time) on
December 23, 2008 in accordance with the deadline for claims filing in the call to creditors published on November
20, 2008 in the *Schweizerisches Handelsamtsblatt*; (d) Seller owns and has good and marketable title to the

Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (e) Seller is duly authorized and empowered to agree to execute and to execute and perform its obligations under this Agreement and Evidence of Transfer; (f) each Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (g) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the HoldCo Debtor, the OpCo Debtor or their affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.       *US Matters.* Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the HoldCo Debtor and the US Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the United States Federal Rules of Bankruptcy Procedure, the US Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the US Court pursuant to United States Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the US Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.       *Swiss Matters.* The Seller hereby notifies the OpCo Debtor and PricewaterhouseCoopers AG, Zurich, Liquidator for the OpCo Debtor that the Seller has hereby agreed to sell, transfer and assign and has hereby sold transferred and assigned to the Purchaser and the Purchaser has hereby agreed to purchase and has hereby purchased, the Swiss Transferred Claims and the Seller and the Purchaser direct that henceforth the OpCo Debtor and PricewaterhouseCoopers AG, Zurich, Liquidator for the OpCo Debtor should recognize the Purchaser as the sole owner and holder of the Swiss Transferred Claims, and directing that all payments or distributions of money or property in respect of the Swiss Transferred Claim be delivered or made to Purchaser.] Purchaser agrees to file a copy of this Agreement and Evidence of Transfer of Claim with the OpCo Debtor and with PricewaterhouseCoopers AG, Zurich, Liquidator for the OpCo Debtor and to use commercially reasonable efforts to cause the OpCo Debtor to acknowledge receipt hereof by executing where indicated on the signature page hereof.

5.       *Survival and Indemnity.* All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein. If Buyer or any successor enforces any right or remedy hereunder against Seller and Buyer or such successor would also have been able to enforce a like right or remedy against a party (the "Upstream Seller") under the transfer agreements under which Seller (or any prior seller) acquired the Purchased Claim and which were assigned to the Buyer hereunder, then the Seller shall be subrogated to the rights of the Buyer or such successor as if the Seller had paid a direct obligation of the Upstream Seller under the transfer agreements

6.       *Seller to Remit; Transfer of Purchased Security; Purchased Security Confirmation and Clearing Procedures Controlling.* Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security .

7.       *Further Assurances.* Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to

038-13561/AGR/2402878 1

06-SEP-2010   11:38        FINAN.ENGIN.& CONSULT        +49 69 7147 1143      S.03

be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to a Proof of Claim or executing and delivering any documents necessary to effectuate the subrogation described in 5. above.

8.    *Governing Law; Jurisdiction.* Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 18 day of **August, 2010.**

**SELLER**
Deka International S.A. on behalf of
Deka-WorldGarant Plus 2/2011

By: _____
Name: BASTIAN WAGNER
Title: AUTHORIZED OFFICER

By: _____
Name: Eugen Lehnertz
Title: Managing Director

Contact information to be provided.

**PURCHASER**
UBS AG LONDON BRANCH
1 FINSBURY AVENUE
LONDON
EC2M 2PP

By: _____
Name: Nilesh Patel
Title: Executive Director

By: _____
Name: CLEMENS ZGANJJONFEC
Title: MANAGING DIRECTOR

Contact information to be provided

Lehman Brothers Finance S.A./Lehman Brothers Finance AG hereby acknowledges receipt of this Agreement and Evidence of Transfer of Claim:

LEHMAN BROTHERS FINANCE S.A./LEHMAN BROTHERS FINANCE AG, IN LIQUIDATION
By: PricewaterhouseCoopers AG, its Liquidator

By: _____
Name:
Title:
Date:

Schedule 1

Transferred Claims

Purchased Claim

89.7610921% of US$ 13,921,777.80 being US$ 12,496,339.79 pursuant to the Proof of Claim number 58961 as
subsequently amended pursuant to a Proof of Claim identified under Claim Number 66879 and received by EPIQ
Bankruptcy Solutions on 22 July 2010

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|
| Asian Straddle Warrant WorldGarant 2/2011 Private Placement | CH0021004319 | Lehman Brothers Finance S.A. | Lehman Brothers Holdings Inc. | US$ 12,496,339.79 | 24 February 2011 |

DOC ID:110851712

Schedule 2
Proof of Claim number 58961

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

Note: This form may not be used to file other claims other than those based on Lehman Programs as listed on http://www.lehman-docket.com as of July 17, 2009

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000058961

0000058961

**THIS SPACE IS FOR COURT USE ONLY**

---

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Deka International S.A., on behalf of:       with copy to:
Deka-WorldGarant Plus 2/2011                 Lovells LLP
5, rue des Labours                           Attn: Matthew P. Morris, Esq.
1912 Luxembourg                              590 Madison Avenue
Luxembourg                                   New York, NY 10022
                                             Telephone: 212 909 0600
Telephone:                                   Email: matthew.morris@lovells.com
Email:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
 *(If known)*

Filed on: _____

---

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:                    Email Address:

---

1.   Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security to which this claim relates, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 2,486,717.42_____ (Required), plus all accrued and unpaid interest, fees, costs, expenses or the like that arise under the agreement(s) governing the applicable securities or applicable law which may be, or become due, thereunder and/or by virtue of the solvency of the Debtor or otherwise, as more fully set forth on the attached rider.

☒   Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.   Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):**          CH0021004319          (Required)

3.   Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

707920091001707919_____ (Required)

4.   Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
7079_____ (Required)

5.   **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**
**FILED / RECEIVED**

OCT 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 10/30/09 | Signature: *[signature]* PARTNER, LOVELLS LLP |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

## RIDER TO PROOF OF CLAIM

This rider to the attached Proof of Claim is incorporated into the Proof of Claim in its entirety as if fully set forth therein. This Proof of Claim shall serve as a claim for all accrued and unpaid interest, fees, costs, expenses or the like that arise under the agreements governing the applicable securities or applicable law which may be or become due thereunder and/or by virtue of the solvency of Lehman Brothers Holdings Inc. ("LBHI") or otherwise. The claimant hereby reserves all rights to adjust, amend, supplement, increase, decrease, or withdraw this Proof of Claim (including, without limitation, as a result of future events) to reflect, including, without limitation, the calculation of any such amounts, the discovery and analysis of additional information, the correction of any errors, the resolution of disputes, the calculation of additional costs incurred by the claimant in connection with the enforcement or protection of its legal rights and/or the assertion of any rights of setoff or recoupment.

The claimant expressly reserves any and all defenses, counterclaims or objections, including without limitation, the right of setoff, recoupment or similar right, remedy or defense against any claims or counterclaims asserted by LBHI in relation to this Proof of Claim. The filing of this Proof of Claim is not an election of remedies and is without prejudice to the claimant's rights to assert claims against LBHI or any other third-parties, whether arising out of or relating to the facts and circumstances underlying this claim, or otherwise. The claimant hereby expressly preserves any and all rights, claims, causes of action, defenses, counterclaims or objections, or any similar rights, remedies or defenses against all persons or entities, whether in this court or elsewhere, whether currently existing or arising in the future, against whom it determines it may have claims.

## POWER OF AHORNEY

KNOW ALL MEN BY THESE PRESENTS, that, ~~I,~~ *we* H. Hildebrandt / A. Schmitt duly authorized representative of Deka International S.A. (the "Company'), do hereby constitute and appoint Matthew P. Morris, Esq. of Lovells LLP a true and lawful agent and attorney-in-fact of the Company, with full power of substitution, acting severally and not jointly, to perform each and all of the following acts for and on behalf of the Company in connection with the US Lehman Brothers Holding Inc. bankruptcy proceedings pending in the US Bankruptcy Court for the Southern District of New York, Case No. 08-13555(JMP) (the "Lehman Proceeding").

1. to execute and deliver the Company's claims to be filed in the Lehman Proceeding;

2. to execute and deliver any other documents as may be necessary or advisable in connection with the Company's claims in the Lehman Proceeding; and

3. to execute (whether by hand or as a deed) and deliver any and all such documents, receipts, instruments and papers as such agent and attorney-in-fact may deem to be necessary or advisable in connection with the Lehman Proceeding or other matters relating thereto and otherwise to do any and all other acts and things that such agent and attorney-in-fact may deem to be necessary or advisable in connection therewith.

*we* ~~I~~ do hereby ratify all that such agent and attorney-in-fact may lawfully do or cause to be done by virtue hereof. This power of attorney is to be governed by and construed in accordance with New York law.

This power of attorney shall be irrevocable for one year from the date hereof.

IN WITNESS WHEREOF, *we* ~~I~~ have hereunto set my hand this 20 day of October, 2009.

Deka International S.A.

**Deka International S.A.**
Postfach 545
2015 Luxembourg
Luxembourg
Tel. (+352) 3409-39

By: H. Hildebrandt                                    A. Schmitt

Title: Managing director          Authorised officer

NYCLIB01/NYHFH/161146.1

H
A
N
D

D
E
L
I
V
E
R
Y

_____
**RECEIVED BY:**

_____
**DATE** 10/30/07

_____
**TIME** 2:11p

Schedule 3
Proof of Claim number 66879

DOC ID-11085171.2

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)            0000066879

Note: This form may not be used to file other claims other than those based on Lehman Programs as listed on http://www.lehman-docket.com as of July 17, 2009

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Deka International S.A., on behalf of:<br>Deka-WorldGarant Plus 2/2011<br>5, rue des Labours<br>1912 Luxembourg<br>Luxembourg<br><br>Telephone:<br>Email: | with copy to:<br>Hogan Lovells US LLP<br>Attn: Matthew P. Morris, Esq.<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: 212 918 3000<br>Email: matthew.morris@hoganlovells.com | ☒ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**  58961<br>  (If known)<br><br>Filed on:   10/30/09 |

| Name and address where payment should be sent (if different from above)<br><br>Telephone number:                          Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1.    Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ 13,921,777.80**                    **(Required), plus all accrued and unpaid interest, fees, costs, expenses or the like that arise under the agreement(s) governing the applicable securities or applicable law which may be, or become due, thereunder and/or by virtue of the solvency of the Debtor or otherwise, as more fully set forth on the attached rider.**

☒    Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.    Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):**          CH0021004319          **(Required)**

3.    Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

      707920091001707919          **(Required)**

4.    Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.
**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

      7079          **(Required)**

5.    **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY
**FILED / RECEIVED**

JUN 2 2 2010

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>6/22/10 | Signature: |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

\\NY - 002482/000001 - 2262456 v3

**RIDER TO AMENDED PROOF OF CLAIM FILED BY DEKA INTERNATIONAL S.A.
AGAINST LEHMAN BROTHERS HOLDINGS INC. REGARDING GUARANTEE
OF CERTAIN OBLIGATIONS OF LEHMAN BROTHERS FINANCE S.A., ZURICH**

A.     <u>INTRODUCTION</u>

1.     This rider to the attached Amended Proof of Claim of Deka International S.A. (**"Deka"**) is incorporated into the Amended Proof of Claim in its entirety as if fully set forth therein.

2.     On October 30, 2009, Deka filed a claim, subsequently assigned claim number 58961, against Lehman Brothers Holdings Inc. (**"LBHI"**) relating to LBHI's guarantee of certain obligations of Lehman Brothers Finance S.A., Zurich to Deka (the **"Prior Proof of Claim"**) (attached hereto as <u>Exhibit 1</u>). Deka inadvertently miscalculated the Amount of Claim on the Prior Proof of Claim and, after careful review of the relevant documentation, files this Amended Proof of Claim to correct such miscalculation. All riders and exhibits attached to the Prior Proof of Claim are incorporated into the Amended Proof of Claim as if fully set forth therein.

3.     In the Prior Proof of Claim, Deka reserved the right to (in relevant part) ". . . amend, supplement, increase, decrease, or withdraw this [Prior] Proof of Claim (including, without limitation, as a result of future events) to reflect, including, without limitation, the calculation of any such amounts, the discovery and analysis of additional information, the correction of any errors . . ." This Amended Proof of Claim is filed in accordance with those reserved rights.

4.     Deka has carefully reviewed the documentation, including the terms and conditions, underlying this Amended Proof of Claim and this careful review has revealed that the correct date for valuation of the "Asian Straddle Warrant WorldGarant 2/2011" is December 22, 2008 (the date of the commencement of the bankruptcy proceeding for Lehman Brothers Finance S.A., Zurich) (this documentation, including a spreadsheet detailing the recalculation of the Amount of Claim, is attached hereto as <u>Exhibit 2</u>). Specifically, the first through third pages of Exhibit 2, the third of which is an English language translation of the second, detail the proper valuation methodology for the Asian

Straddle Warrant WorldGarant 2/2011. Therefore, in accordance with the documentation provided in Exhibit 2, the correct valuation for each "Asian Straddle Warrant" is EUR 16.76 per warrant, meaning that the correct Amount of Claim is $13,921,777.80 (using the September 15, 2008 Federal Reserve Bank of New York Noon Buying Rate for EUR to USD, 1:1.4175).

5.      This rider to the attached Amended Proof of Claim is incorporated into the Amended Proof of Claim in its entirety as if fully set forth therein.  This Amended Proof of Claim shall serve as a claim for all accrued and unpaid interest, fees, costs, expenses or the like that arise under the agreements governing the applicable securities or applicable law which may be or become due thereunder and/or by virtue of the solvency of LBHI or otherwise.  The claimant hereby reserves all rights to adjust, amend, supplement, increase, decrease, or withdraw this Amended Proof of Claim (including, without limitation, as a result of future events) to reflect, including, without limitation, the calculation of any such amounts, the discovery and analysis of additional information, the correction of any errors, the resolution of disputes, the calculation of additional costs incurred by the claimant in connection with the enforcement or protection of its legal rights and/or the assertion of any rights of setoff or recoupment.

6.      The claimant expressly reserves any and all defenses, counterclaims or objections, including without limitation, the right of setoff, recoupment or similar right, remedy or defense against any claims or counterclaims asserted by LBHI in relation to this Amended Proof of Claim.  The filing of this Amended Proof of Claim is not an election of remedies and is without prejudice to the claimant's rights to assert claims against LBHI or any other third-parties, whether arising out of or relating to the facts and circumstances underlying this claim, or otherwise.  The claimant hereby expressly preserves any and all rights, claims, causes of action, defenses, counterclaims or objections, or any similar rights, remedies or defenses against all persons or entities, whether in this court or elsewhere, whether currently existing or arising in the future, against whom it determines it may have claims.

-3-

Dated:  June 22, 2010
        New York, New York

                                        Hogan Lovells US LLP, attorneys for Deka International
                                        S.A.

                                        By:  _____
                                               Name:  Matthew P. Morris, Esq.

**<u>EXHIBIT 1</u>**

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)      0000058961 |
|---|---|---|

Note: This form may not be used to file other claims other than those based on Lehman Programs as listed on http://www.lehman-docket.com as of July 17, 2009

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Deka International S.A., on behalf of:<br>Deka-WorldGarant Plus 2/2011<br>5, rue des Labours<br>1912 Luxembourg<br>Luxembourg<br><br>Telephone:<br>Email: | with copy to:<br>Lovells LLP<br>Attn: Matthew P. Morris, Esq.<br>590 Madison Avenue<br>New York, NY 10022<br>Telephone: 212 909 0600<br>Email: matthew.morris@lovells.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(If known)<br><br>Filed on: _____ |
|---|---|---|

| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:           Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|

1.    Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ 2,486,717.42**_____ **(Required), plus all accrued and unpaid interest, fees, costs, expenses or the like that arise under the agreement(s) governing the applicable securities or applicable law which may be, or become due, thereunder and/or by virtue of the solvency of the Debtor or otherwise, as more fully set forth on the attached rider.**

☒    Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.    Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):         CH0021004319         (Required)**

3.    Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

**70792009100170791 9**         **(Required)**

4.    Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
**7079**         **(Required)**

5.    **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>10/30/09 | Signature: *[signature]*<br>PARTNER, LOVELLS LLP | **FOR COURT USE ONLY**<br>**FILED / RECEIVED**<br><br>OCT 3 0 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

### RIDER TO PROOF OF CLAIM

This rider to the attached Proof of Claim is incorporated into the Proof of Claim in its entirety as if fully set forth therein. This Proof of Claim shall serve as a claim for all accrued and unpaid interest, fees, costs, expenses or the like that arise under the agreements governing the applicable securities or applicable law which may be or become due thereunder and/or by virtue of the solvency of Lehman Brothers Holdings Inc. ("LBHI") or otherwise. The claimant hereby reserves all rights to adjust, amend, supplement, increase, decrease, or withdraw this Proof of Claim (including, without limitation, as a result of future events) to reflect, including, without limitation, the calculation of any such amounts, the discovery and analysis of additional information, the correction of any errors, the resolution of disputes, the calculation of additional costs incurred by the claimant in connection with the enforcement or protection of its legal rights and/or the assertion of any rights of setoff or recoupment.

The claimant expressly reserves any and all defenses, counterclaims or objections, including without limitation, the right of setoff, recoupment or similar right, remedy or defense against any claims or counterclaims asserted by LBHI in relation to this Proof of Claim. The filing of this Proof of Claim is not an election of remedies and is without prejudice to the claimant's rights to assert claims against LBHI or any other third-parties, whether arising out of or relating to the facts and circumstances underlying this claim, or otherwise. The claimant hereby expressly preserves any and all rights, claims, causes of action, defenses, counterclaims or objections, or any similar rights, remedies or defenses against all persons or entities, whether in this court or elsewhere, whether currently existing or arising in the future, against whom it determines it may have claims.

## POWER OF AHORNEY

KNOW ALL MEN BY THESE PRESENTS, that, ~~I,~~ *we* H. Hildebrandt / A. Schmitt a duly authorized representative of Deka International S.A. (the "Company'), do hereby constitute and appoint Matthew P. Morris, Esq. of Lovells LLP a true and lawful agent and attorney-in-fact of the Company, with full power of substitution, acting severally and not jointly, to perform each and all of the following acts for and on behalf of the Company in connection with the US Lehman Brothers Holding Inc. bankruptcy proceedings pending in the US Bankruptcy Court for the Southern District of New York, Case No. 08-13555(JMP) (the "Lehman Proceeding").

1. to execute and deliver the Company's claims to be filed in the Lehman Proceeding;

2. to execute and deliver any other documents as may be necessary or advisable in connection with the Company's claims in the Lehman Proceeding; and

3. to execute (whether by hand or as a deed) and deliver any and all such documents, receipts, instruments and papers as such agent and attorney-in-fact may deem to be necessary or advisable in connection with the Lehman Proceeding or other matters relating thereto and otherwise to do any and all other acts and things that such agent and attorney-in-fact may deem to be necessary or advisable in connection therewith.

*we* ~~I~~ do hereby ratify all that such agent and attorney-in-fact may lawfully do or cause to be done by virtue hereof. This power of attorney is to be governed by and construed in accordance with New York law.

This power of attorney shall be irrevocable for one year from the date hereof.

IN WITNESS WHEREOF, *we* ~~I~~ have hereunto set my hand this 20 day of October, 2009.

**Deka International S.A.**
Postfach 545
2015 Luxembourg
Luxembourg
Tel. (+352) 3409-39

Deka International S.A.

By: H. Hildebrandt                    A. Schmitt

Title: Managing director    Authorised officer

H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED BY:

10/30/07
DATE

2:11p
TIME

## **EXHIBIT 2**

ww&p

Bellage Nr. .....2.........

17-OKT-2008  10:18      DEKABANK CC RECHT                    0049 069 71471855      S.01

30-SEP-2008  14:49      DGZ DEKABANK    .. ...          49 69 7147 3671      S.01/04

LEHMAN BROTHERS EQUITY DERIVATIVES

# Asian Straddle Warrant WorldGarant 2/2011
## Private Placement

Indicative Terms and Conditions as at 16 March 2005

GERMAN & AUSTRIAN SALES
Gisper Richrowsky
Maria-Georg Vetter
49.89.15357.7100

| | |
|---|---|
| Issuer: | Lehman Brothers Finance S.A., Zurich |
| Calculation and Payment Agent: | Lehman Brothers International (Europe) |
| Option Type: | European Asian Straddle, Quanto EUR |
| Issue Type: | Warrant Private Placement |
| Trade Date: | 16 March 2005 |
| Issue Date: | 23 March 2005 |
| Payment Date: | 25 March 2005 |
| Expiration Date: | 24 February 2011 |
| Settlement Date: | 28 February 2011 |
| Number of Warrants: | Between 900,000 and 1,200,000 |
| Notional Amount (per Warrant): | EUR 100 |
| Issue Price (per Warrant): | EUR 12.71 (equals 12.71% of the Notional Amount) |
| Underlying: | Basket of Indices |
| Settlement type: | Cash Settlement |
| Automatic Exercise: | Applicable |
| Cash Settlement Amount: | On the Settlement Date, the holder of the Warrant will receive for each Warrant a cash amount in EURO calculated as follows: |

$$\text{Notional} \cdot \text{Max}\left( \frac{1}{24}\sum_{q=1}^{24} \text{Index Basket}_q - 1.1 - \frac{1}{24}\sum_{q=1}^{24}\text{Index Basket}_q \right)$$

$$\text{Index Basket}_q = \sum_{i=1}^{3} \omega_i \cdot \frac{\text{Index}_{i,q}}{\text{Index}_{i,0}}$$

with

$\omega_1 = 40\%$     $\text{Index}_1 = $ DJ Euro Stoxx 50 Index (SX5E)

$\omega_2 = 35\%$     $\text{Index}_2 = $ S&P 500 (SPX)

$\omega_3 = 25\%$     $\text{Index}_3 = $ Topix (TPX)

$\text{Index}_{i,0} = $ official closing level of Index$_i$ on the relevant

4

Inhaber der Optionsscheine (die "Optionsscheinsgläubiger"), das Volumen der begebe-
nen Optionsscheine über das in Satz 1 genannte Volumen durch Begebung weiterer
Optionsscheine mit gleicher Ausstattung zu erhöhen. Der Begriff "Optionsscheine" um-
fasst im Falle einer solchen weiteren Begebung auch die zusätzlich begebenen Options-
scheine. Die Emittentin ist jederzeit dazu berechtigt, die Optionsscheine während ihrer
Laufzeit am Markt anzukaufen oder angekaufte Optionsscheine einzuziehen.

### § 3
### Form; Verwahrung; Übertragbarkeit

1. Die Zertifikate sind in einem Inhaber-Sammelzertifikat (das "Inhaber-Sammelzertifi-
   kat") verbrieft, das bei der Clearstream Banking AG, Frankfurt am Main ("Clearstream
   AG") hinterlegt ist. Den Zertifikatsinhabern stehen Miteigentumsanteile an dem Inha-
   ber-Sammelzertifikat zu, die in Übereinstimmung mit den Bestimmungen und Regeln
   der Clearstream AG und außerhalb der Bundesrepublik Deutschland durch Clearing-
   Systeme, die über Kontenverbindungen mit der Clearstream AG verfügen, übertra-
   gen werden können. Es werden keine effektiven Optionsscheine ausgegeben.

2. Die Zertifikate können jeweils einzeln übertragen, aber nur in einer Mindestanzahl
   von 100 oder einem ganzzahligen Vielfachen davon gehandelt werden.

### § 4
### Rückzahlung, Marktstörung, Index,
### Änderungen und Aufhebung des Index

1. Die Optionsscheine werden am 28. Februar 2011 zurückgezahlt, bzw., falls der 1.
   Februar 2008 kein Bankarbeitstag ist, an dem darauf folgenden Bankarbeitstag.

2. Die Rückzahlung jedes Optionsscheins erfolgt zu einem Rückzahlungsbetrag (R), der
   vorbehaltlich der Regelungen in Absatz 3 nach der folgenden Formel berechnet wird:

$$\text{Notional} \cdot \text{Max}\left( \frac{1}{24} \sum_{q=1}^{24} \text{Index Basket}_q - 1, 1 - \frac{1}{24} \sum_{q=1}^{24} \text{Index Basket}_q \right)$$

$$\text{Index Basket}_q = \sum_{i=1}^{3} \omega_i \cdot \frac{\text{Index}_{i,q}}{\text{Index}_{i,0}}$$

dabei haben die Indizes die folgende Gewichtung:

$\omega_1 = 40\%$    $\text{Index}_1 = $ DJ Euro Stoxx 50 Index (SX5E)
$\omega_2 = 35\%$    $\text{Index}_2 = $ S&P 500 (SPX)
$\omega_3 = 25\%$    $\text{Index}_3 = $ Topix (TPX)

Die Feststellung der Indizes $_{i,0}$ erfolgt für DJ EuroSTOXX und S & P 500 am 16.
März 2005 sowie für Topix am 17. März 2005

[…] holder of the warrants (the "Warrant creditors"), to increase the capacity of the issued warrants to an extend that exceeds the capacity mentioned in phrase1 by issuing further warrants under same conditions. In case of such further issue, the term "Warrants" encompasses the additionally issued warrants as well. The issuer shall have the right, at any time, to acquire the warrants at the market during the term or to collect acquired warrants.

### § 3
### Form; Custody; Fungibility

1.      The certificates are certified in the form of co-ownership in a global bearer certificate (the "Global Bearer Certificate") that is held by Clearstream Banking Aktiengesellschaft, Frankfurt am Main ("Clearstream AG"). Each co-owner is entitled to assign his co-ownership share in accordance with the rules and provisions provided by Clearstream AG and outside the Federal Republic of Germany by means of Clearing Systems that have an account relationship with the Clearstream AG. Effektive (*physical?*) Warrants will not be issued.

2.      The certificates may be assigned separately, but trading requires a minimum of 100 or an integral multiple thereof.

### § 4
### Redemption, Market Disturbance, Index,
### Modification or Revocation of the Index

1.      The Warrants shall be redeemed on February 28, 2011, or, if February 1, 2008, is not a bank working day, on the ensuing bank working day.

2.      The redemption of each Warrant shall be made in the Redemption Amount (R) that, subject to the provisions in paragraph 3, shall be calculated in accordance with the following formula:

[…]

Thereby, the indices shall have the following weighting:

[…]

Regarding DJ EuroSTOXX and S & P 500 the index shall be determined on March 16, 2005, regarding Topix the index shall be determined on March 17, 2005.

CKT-2008  10:18      DEKABANK CC RECHT              0049 069 71471855    S.02

30-SEP-2008  14:49    DGZ DEKABANK                  49 69 7147 3671    S.02/04

**LEHMAN BROTHERS EQUITY DERIVATIVES**

Exchange on 16 March 2005

$Index_{2,0}$ = official closing level of $Index_2$ on the relevant Exchange on 16 March 2005

$Index_{3,0}$ = official closing level of $Index_3$ on the relevant Exchange on 17 March 2003

Averaging Dates:        Quarterly, see below

GERMAN & AUSTRIAN SALES

Gregor Richrevsky
Hans-Georg Veller

49.69.15307.7190

$q_1$ = 16 Juni 2005
$q_2$ = 16 September 2005
$q_3$ = 16 December 2005
$q_4$ = 16 March 2006
$q_5$ = 16 Juni 2006
$q_6$ = 16 September 2006
$q_7$ = 16 December 2006
$q_8$ = 16 March 2007
$q_9$ = 16 Juni 2007
$q_{10}$ = 16 September 2007
$q_{11}$ = 16 December 2007
$q_{12}$ = 16 March 2008
$q_{13}$ = 16 Juni 2008
$q_{14}$ = 16 September 2008
$q_{15}$ = 16 December 2008
$q_{16}$ = 16 March 2009
$q_{17}$ = 16 Juni 2009
$q_{18}$ = 16 September 2009
$q_{19}$ = 16 December 2009
$q_{20}$ = 16 March 2010
$q_{21}$ = 16 Juni 2010
$q_{22}$ = 16 September 2010
$q_{23}$ = 16 December 2010
$q_{24}$ = 24 February 2011

If one of the Averaging Dates is not an Exchange Business with respect of an Index, then the Averaging Date for [such Index / all the Indices] shall be the immediately following day which is an Exchange Business for [such Index / all the Indices].

In case of a market disruption event, Chapter 6 of the 2002 ISDA Equity Derivatives Definition shall apply (S. 16 ff). 1 case of a market disruption event on the last averaging date, this rule shall not apply, the last available closing Price should be used.

ww&p

Beilage Nr. .....7..........

## Optionspreisberechnung WorldGarant Plus 2 / 2011

| Stichtage | | | Indexlevel | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | DJ EStoxx 50 40% | S&P 500 35% | Topix 25% | | | | | | |
| DJ EuroStoxx 50 | S&P 500 | Topix | DJ EuroStoxx 50 | S&P 500 | Topix | | Index | | | Index | |
| 18/03/2005 | 18/03/2005 | 17/03/2005 | 3002.13 | 1189.07 | 1192.28 | | | | | | |
| 16/06/2005 | 16/06/2005 | 16/06/2005 | 3160.03 | 1210.96 | 1162.54 | 0.41586854 | 0.3567 4329 | 0.24334 4684 | | 1.018998616 | |
| 16/09/2005 | 16/09/2005 | 15/09/2005 | 3368.67 | 1237.91 | 1328.84 | 0.44411948 | 0.36488254 | 0.276834219 | | 1.05743633 | |
| 19/12/2005 | 16/12/2005 | 15/12/2005 | 3566.78 | 1267.32 | 1690.70 | 0.46970843 | 0.37334659 | 0.331461669 | | 1.174017691 | |
| 16/03/2006 | 16/03/2006 | 16/03/2006 | 3839.71 | 1305.93 | 1645.69 | 0.50663630 | 0.38454428 | 0.344639947 | | 1.236200657 | |
| 16/06/2006 | 16/06/2006 | 16/06/2006 | 3463.58 | 1251.54 | 1534.71 | 0.4569 1445 | 0.35969797 | 0.321601509 | | 1.147418575 | |
| 18/09/2006 | 18/09/2006 | 19/09/2006 | 3808.47 | 1321.18 | 1591.58 | 0.50241513 | 0.3987 2136 | 0.333610011 | | 1.225438744 | |
| 18/12/2006 | 18/12/2006 | 18/12/2006 | 4130.06 | 1472.48 | 1665.32 | 0.54483544 | 0.41909513 | 0.34916811 | | 1.313063863 | |
| 16/03/2007 | 16/03/2007 | 16/03/2007 | 3894.54 | 1386.95 | 1677.08 | 0.52554237 | 0.40869914 | 0.35164576 | | 1.286591284 | |
| 18/06/2007 | 18/06/2007 | 18/06/2007 | 4530.72 | 1531.05 | 1788.39 | 0.69762873 | 0.45104034 | 0.37499371 | | 1.423652782 | |
| 17/09/2007 | 17/09/2007 | 18/09/2007 | 4184.81 | 1478.65 | 1510.95 | 0.5520057 | 0.43501435 | 0.318819466 | | 1.303669504 | |
| 17/12/2007 | 17/12/2007 | 17/12/2007 | 4312.47 | 1445.9 | 1472.7 | 0.56860005 | 0.42596554 | 0.308799108 | | 1.303657687 | |
| 17/03/2008 | 17/03/2008 | 17/03/2008 | 3431.82 | 1276.8 | 1149.66 | 0.45277728 | 0.37609053 | 0.241051244 | | 1.069969093 | |
| 16/06/2008 | 16/06/2008 | 16/06/2008 | 3532.63 | 1360.14 | 1401.69 | 0.46606358 | 0.40069104 | 0.293909596 | | 1.160653182 | |
| 16/09/2008 | 16/09/2008 | 16/09/2008 | 3088.43 | 1213.59 | 1117.57 | 0.40742712 | 0.35751808 | 0.234334536 | | 0.995076834 | |
| 16/12/2008 | 16/12/2008 | 16/12/2008 | 2459.36 | 913.18 | 826.67 | 0.32325263 | 0.25901665 | 0.173746939 | | 0.756511673 | |

Optionspreis   16.76

| DIL | 05-Dec-08 | 10066 | Deka-WorldGarant Plus 2/2011 | 219575 | AOEFL Y | CH0021004319 | LEHMAN BROTHERS OS 05/11 | $12,496,339.80 | 8,815,760.00 € | 526,000 | 16.7600 | 3310 | LEHMAN BROTHERS FINANCE S.A. | PUB | iF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DIL | 05-Dec-08 | 10066 | Deka-WorldGarant Plus 2/2011 | 219575 | AOEFL Y | CH0021004319 | LEHMAN BROTHERS OS 05/11 | $1,425,438.00 | 1,005,600.00 € | 60,000 | 16.7600 | 3310 | LEHMAN BROTHERS FINANCE S.A. | PUB | iF |
| | | | | | | | | $13,921,777.80 | | | | | | | |

Kurs der FED   1.4175

H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED BY:

FILED / RECEIVED

JUN 2 2 2010

EPIQ BANKRUPTCY SOLUTIONS, LLC
DATE

3:40 pm

TIME