**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                                                  :
**In re**                                                                  :   **Chapter 11 Case No.**
                                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   **08-13555 (JMP)**
                                                                                  :
                                              **Debtors.**               :   **(Jointly Administered)**
                                                                                  :
-----------------------------------------------------------------------x

**TIER 2 ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER
DERIVATIVES CONTRACTS FOR AMOUNTS NOT MORE THAN $1
MILLION**

The following alternative dispute resolution procedures (the "Tier 2 Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in various chapter 11 proceedings consolidated for procedural purposes only (collectively, "the Debtors").

**FINDINGS**

On motion of Debtors, the Court FINDS that numerous open and terminated derivatives contracts, including any derivatives contract that is a "swap agreement" or "forward contract", in each case, as such term is defined in section 101 of the Bankruptcy Code, exist as to which one or more Debtors[1] assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties in an amount equal to or less

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Tier 2 Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Contracts for Amounts Not More Than $1 Million*, filed on September 2, 2010.

than $1 million (the "Tier 2 Derivatives Contracts with Recovery Potential"). The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation and computation of termination payments, and notice. The Court further FINDS that substantial value may be recovered for the estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation. The Court further FINDS that similar proceedings ordered in these chapter 11 cases and other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

The Court further FINDS that the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*, dated September 17, 2009 [Docket No 5207] (the "Derivatives ADR Order"), establishing alternative dispute resolution procedures (the "Derivatives ADR Procedures") to facilitate the settlement of Derivatives Contracts that are "in the money" to the Debtors ("Derivatives Contracts with Recovery Potential") has successfully resulted in the settlement of numerous disputes related to Derivatives Contracts without the need for intervention by the Court. As of September 2, 2010, the Debtors have commenced proceedings under the Derivatives ADR Procedures by serving 77 ADR Notices on 100 counterparties and have successfully settled 28 ADR matters with 34 counterparties. Also, as of September 2, 2010, 15 matters have reached the mediation stage of the Derivatives ADR Procedures and all of such mediations resulted in a settlement. As a result of these settlements, the Debtors have received a total of $185,962,300.98 new dollars for their

2

estates.  Accordingly, each ADR settlement on average has gained approximately $6.8 million for the applicable Debtor.

The Court further FINDS that establishing a modified version of the Derivatives ADR Proceudres for the Tier 2 Derivatives Contracts with Recovery Potential is necessary to (a) avoid overwhelming the current Derivatives ADR Procedures and (b) enable the Debtors to more efficiently and effectively resolve disputes related to Tier 2 Derivatives Contracts with Recovery Potential (the "<u>Tier 2 Derivatives ADR Disputes</u>").

The procedures described below are ORDERED to promote consensual recovery with respect to the Tier 2 Derivatives Contracts with Recovery Potential, and to encourage effective communication between the affected parties, consultation, negotiation, and, when necessary, mediation procedures.

1. <u>Standing Mediation Order</u>.  All provisions of the Standing Order M-390, adopted December 1, 2009 (which supersedes General Order M-143, adopted January 17, 1995), providing for Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/ Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York and all existing and further amendments thereto (the "<u>Standing Order</u>") shall apply to the mediations to be conducted under this Tier 2 Derivateives ADR Order.

2. <u>Tier 2 Derivatives  ADR Counterparties</u>.  To date, the Debtors have identified potentially at least one-hundred (100) counterparties to Tier 2 Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors to believe that disagreement exists over the amounts that may be owed to Debtors under

such contracts (whether or not an actual lawsuit or adversary proceeding has been commenced), whether from a counterparty to a Tier 2 Derivatives Contract with a Recovery Potential, an affiliate of such counterparty or a person or entity who exercised or failed to exercise duties in relation to such a contract (collectively, the "Tier 2 Derivatives Counterparties"); *provided, however*, that the term Tier 2 Derivatives Contract with Recovery Potential shall not include any cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction or repurchase agreement in respect of securities or loans; *provided further*, that no Derivatives Contract between a Debtor and a special purpose vehicle or trust for which there exists an Indenture Trustee shall be deemed a Tier 2 Derivatives Contract with Recovery Potential or be subject to this Tier 2 Derivatives ADR Order or the Tier 2 Derivatives ADR Procedures in any respect.

        3.      Tier 2 Derivatives ADR Disputes. Any Debtor may designate any dispute regarding a Tier 2 Derivatives Contract with Recovery Potential (a "Tier 2 Derivatives ADR Dispute") to the Tier 2 Derivatives ADR Procedures by serving on a Tier 2 Derivatives Counterparty a copy of this Tier 2 Derivatives ADR Order and a Tier 2 Derivatives ADR Notice (as defined below) (collectively, the "Tier 2 Derivatives ADR Package").

        a.      Debtors shall not implement Tier 2 Derivatives ADR Procedures with respect to a Tier 2 Derivatives Contract with Recovery Potential that (i) has not been purportedly terminated; and (ii) with respect to which a Tier 2 Derivatives Counterparty has not failed to make a payment, or perform any other obligation, due, if

4

any, to the Debtor(s) (without regard to any provision in a Tier 2 Derivatives Contract with Recovery Potential that purports to permit a Tier 2 Derivatives Counterparty to withhold performance by reason of a default by a Debtor or its affiliates).

        b.      Debtors shall make commercially reasonable efforts to minimize the frequency of service of Tier 2 Derivatives ADR Notices on any one Tier 2 Derivatives Counterparty.

        c.      For purposes of the Tier 2 Derivatives ADR Procedures, service on or notice to a Tier 2 Derivatives Counterparty shall be deemed adequate if such service or notice is provided to the Tier 2 Derivatives Counterparty, the Tier 2 Derivatives Counterparty's counsel, legal guardian, estate representative, or other representative who has appeared in these cases by (i) email and/or (ii) at the option of the Debtors either (x) hand delivery, or (y) first class mail, or (z) overnight mail.

        d.      Nothing in this Order shall be deemed to limit or modify any Debtor's right to initiate the Derivatives ADR Procedures set forth in the Derivatives ADR Order with respect to any Tier 2 Derivatives Contract with Recovery Potential. With respect to any Tier 2 Derivatives Contract with Recovery Potential, the Debtors in their sole discretion shall determine whether to implement the Derivatives ADR Procedures or the Tier 2 Derivatives ADR Procedures.

        4.      <u>Settlement of Disputes During the Tier 2 Derivatives ADR Procedures</u>. Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a Tier 2 Derivatives ADR Dispute at any time before, during, or following the designation of a Tier 2 Derivatives ADR Dispute to the Tier 2

5

Derivatives ADR Procedures by the mutual consent of the parties; *provided* that such settlement

      a.    complies with (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition Derivatives contracts [Docket 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition Derivatives contracts [Docket No. 2667], or (iii) other orders in these bankruptcy cases permitting such settlement, or

      b.    is approved by specific order of the Court.

Any settlement discussions between any of the parties, the contents of any papers submitted during the Mediation Stage described below, and all discussions in Mediation shall remain confidential and privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of any Tier 2 Derivatives ADR Dispute or elsewhere, except as provided below in this Order or by further order of this Court.

      5.    <u>Participation Mandatory</u>.

      a.    Unless otherwise provided in a specific order applicable to a particular Tier 2 Derivatives ADR Dispute or a particular Tier 2 Derivatives Counterparty, after service of a Tier 2 Derivatives ADR Package on a Tier 2 Derivatives Counterparty (i) compliance with the Tier 2 Derivatives ADR Procedures is mandatory in each specified Tier 2 Derivatives ADR Disputes for the applicable Debtor or Debtors and Tier 2 Derivatives Counterparty; and (ii) no party is required to settle or compromise any dispute or enter into a particular settlement or compromise, but each Debtor serving a

6

Tier 2 Derivatives ADR Package and each Tier 2 Derivatives Counterparty, must serve the required responses and participate in any settlement discussions and mediation in good faith, follow directions of the mediator, and otherwise comply with the Tier 2 Derivatives ADR Procedures specified below for all Tier 2 Derivatives ADR Disputes covered by such Tier 2 Derivatives ADR Package.

                b.      All rights, remedies, claims and defenses of any Tier 2 Derivatives Counterparty and Debtor in good faith compliance with the Tier 2 Derivatives ADR Procedures shall not be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these Tier 2 Derivatives ADR Procedures.  Participation in the Tier 2 Derivatives ADR Procedures by a Tier 2 Derivatives Counterparty shall not waive the defense of lack of in personam jurisdiction, if any, which defense shall be preserved.

      6.      <u>No Substitute For Claims Procedures</u>.  The Tier 2 Derivatives ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures or the procedures set forth in the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, entered April 19, 2010, [Docket No. 8474].  Nothing contained herein, however, shall (a) prevent a Tier 2 Derivatives Counterparty from asserting in any response to a Tier 2 Derivatives ADR Notice and elsewhere during the course of a Tier 2 Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a Tier 2 Derivatives Contract with Recovery Potential or any other valid defense to a Debtor's demand thereunder; *provided*

7

that the amount of any claim against a Debtor asserted by a Tier 2 Derivatives Counterparty as a valid and enforceable right of setoff may not, unless otherwise agreed in writing by the relevant Debtor and the Tier 2 Derivatives Counterparty (or an affiliate thereof), be determined pursuant to the Tier 2 Derivatives ADR Procedures, or (b) be construed to abridge, enlarge, or otherwise modify the rights and obligations of Debtors or Tier 2 Derivatives Counterparties under a Tier 2 Derivatives Contract with Recovery Potential or applicable law or to provide a right or remedy under a Tier 2 Derivatives Contract with Recovery Potential to Debtors or Tier 2 Derivatives Counterparties that is not provided thereby or by applicable law.

7. <u>Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Tier 2 Derivatives Counterparties</u>. If a Tier 2 Derivatives Counterparty previously has commenced any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of a Tier 2 Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim and to defend or take action in any such other court or proceeding to protect the estate of Debtors, despite the incomplete status of the steps prescribed under the Tier 2 Derivatives ADR Procedures.

**NOTICE/RESPONSE STAGE**

8. <u>Notice/Response</u>. The initial stage of the Tier 2 Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if

possible, resolve a Tier 2 Derivatives ADR Dispute on a consensual basis (the "Notice/Response Stage").  The Notice/Response Stage shall include:

    a.    Tier 2 Derivatives ADR Notice.  Debtors shall serve upon a Tier 2 Derivatives Counterparty (and its attorneys who have appeared in these cases) a notice containing sufficient information regarding the Tier 2 Derivatives ADR Dispute to make the Tier 2 Derivatives Counterparty aware of the nature of Debtor's affirmative claim, a brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise (a "Tier 2 Derivatives ADR Notice").  Service of a completed Tier 2 Derivatives ADR Notice in the form annexed to this Order as Exhibit "A" shall presumptively be deemed to comply with this Order.

    b.    Tier 2 Derivatives Counterparty's Response to Notice.  A Tier 2 Derivatives Counterparty must respond to the Tier 2 Derivatives ADR Notice in writing within fifteen (15) calendar days from the date of the Tier 2 Derivatives Counterparty's receipt of the Notice.  The response options available to a Tier 2 Derivatives Counterparty are as follows (the "Responses"):

      i.    <u>Agreeing to Settle the Demand</u>. If a Tier 2 Derivatives Counterparty agrees to settle the demand in the Tier 2 Derivatives ADR Notice, the Counterparty shall state in writing that the offer of settlement in the Tier 2 Derivatives ADR Notice is accepted. The parties will then execute a settlement and general release (including a confidentiality provision) and, if the matter is in litigation, the Debtor shall dismiss any applicable claims in a lawsuit or adversary proceeding with prejudice upon execution of the release; or

      ii.    <u>Denying the Demand</u>. A Tier 2 Derivatives Counterparty may decline to settle for the amount stated in the demand in the Tier 2 Derivatives ADR Notice, in which case the Tier 2 Derivatives Counterparty must include a brief explanation in the Response to the Tier 2 Derivatives ADR Notice setting forth the reason(s) for such denial. In addition, the Tier 2 Derivatives Counterparty may provide a counteroffer to the demand in the Tier 2 Derivatives ADR Notice. Service of a completed Response to a Tier 2 Derivatives ADR Notice in the form annexed to this Order as Exhibit "B" shall

presumptively be deemed to comply with this Order.

c. <u>Failure to Respond</u>. Failure to provide a timely Response to the Tier 2 Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court (with notice to any applicable Tier 2 Derivatives Counterparty) for Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the Tier 2 Derivatives ADR Notice, or immediate entry into the mediation stage.

d. <u>Reply to Response</u>. The Debtor shall have fifteen (15) days from the date of the receipt of the Response to serve a reply (a "<u>Reply</u>") to the Response to the Tier 2 Derivatives ADR Notice (which Reply shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee) in which the Debtor shall (i) modify its Demand; (ii) respond to any counteroffer; (iii) provide additional information in support of its demands in the Tier 2 Derivatives ADR Dispute; or (iv) reject any counteroffer, in which case the Tier 2 Derivatives ADR Dispute will automatically proceed to the Mediation Stage.

## MEDIATION STAGE

9. <u>Mediation</u>. Tier 2 Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>").

11

Following service of the Reply as set forth in paragraph 8d. above, the Debtors shall transmit, on a rolling basis as promptly as possible, to the Mediators appointed pursuant to paragraph 9(a) hereof sets of Derivatives ADR Notices and any applicable Response(s) and Replies for the Tier 2 Derivaties ADR Disputes which the Debtors, in their sole discretion, have deemed ready for mediation, for purposes of allocating specific mediations pursuant to paragraph 9(b)(i) hereof.

    a.    <u>Choice of Mediator</u>.  Those persons listed in Annex A to this Motion are APPOINTED as the Mediators (each, a "<u>Mediator</u>") for Tier 2 Derivatives ADR Disputes reaching the Mediation Stage. The Mediators shall select the Mediator for each Mediation.  If any named Mediator is not available to serve as Mediator, an alternate Mediator shall be selected by the Court upon notice to the Debtors, the Creditors' Committee and all Derivatives Counterparties.

    b.    <u>Powers of Mediator</u>.  The Mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate Mediations involving the same Tier 2 Derivatives Counterparty upon application by such Tier 2 Derivatives Counterparty and consultation with the Debtors.

    c.    Once a specific Mediator has been selected and notice of such selection has been conveyed to the parties, the Debtor and the Tier

2 Derivatives Counterparty together shall contact the Mediator to schedule the initial Mediation date.

d. <u>Mediation Sites</u>. All mediation proceedings will take place in New York, New York, unless agreed to by the parties and the mediator.

e. <u>Mediation Briefs</u>. Any party to a Mediation may submit a Mediation Brief, of up to ten (10) pages (exclusive of exhibits or schedules), or such other length ordered by the Mediator, with service upon the other parties to the Mediation; *provided, however*, the Mediator may order that the parties serve upon each other and the Mediator a Mediation Brief. If a party to the Mediation opts to serve a Mediation Brief upon another party to the Mediation hereunder, such Mediation Brief shall also be filed with the Mediator. Any such Mediation Brief shall be served and filed so as to be received no later than five (5) calendar days prior to the scheduled initial Mediation Date. No Mediation Brief shall be filed with the Court.

f. <u>Appearance at Mediations</u>. Unless otherwise ordered by the Mediator all participants in the Mediation for the applicable Tier 2 Derivatives ADR Dispute, must appear in person with a business principal who has settlement authority; *provided, however*, that, to the extent acceptable to the Mediator, the business principal with settlement authority on behalf of a Tier 2 Derivatives Counterparty may attend the Mediation by video conference at the sole expense

13

of the Tier 2 Derivatives Counterparty (in such event counsel for such Tier 2 Derivatives Counterparty must attend the Mediation in person). Counsel for the parties may also be present and participate.

    g.    <u>End of Mediation</u>.  The Mediation shall end upon request of a party and concurrence by the Mediator.

## OTHER PROVISIONS

10.    <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (i) the mutual consent of the Debtors and the Tier 2 Derivatives Counterparty or (ii) the Bankruptcy Court, for cause shown.

11.    <u>Sanctions for Parties</u>.  Each Debtor and each Tier 2 Derivatives Counterparty must participate in good faith with these Tier 2 Derivatives ADR Procedures with regard to the ADR Disputes specified in the applicable Tier 2 Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that a party has not complied with the Tier 2 Derivatives ADR Procedures in good faith in connection with any Tier 2 Derivatives ADR Dispute, the Debtors or the Tier 2 Derivatives Counterparty, as the case may be, may be subject to such sanctions as the Court deems appropriate (the "<u>Sanctions</u>").  If a Mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the Tier 2 Derivatives ADR Procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions.  Notwithstanding the provisions of paragraph 13 below regarding

confidentiality, a motion requesting sanctions made to the Court may identify the parties to the subject Tier 2 Derivatives ADR Dispute and describe the conduct giving rise to the request for sanctions, but shall not include any substance or detail regarding the Tier 2 Derivatives ADR Dispute, any terms of Tier 2 Derivatives Contracts with Recovery Potential involved, or any other matter deemed confidential pursuant to pargraph 13 below.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions may include, but are not limited to:

    a.    <u>Against Debtors</u>:  (i) attorneys' fees incurred by a Tier 2 Derivatives Counterparty with respect to the Tier 2 Derivatives ADR Procedures after the receipt of a Tier 2 Derivatives ADR Package; (ii) fees and costs of the Mediator; (iii) termination of the Tier 2 Derivatives ADR Procedures as to one or more Tier 2 Derivatives Contracts with Potential Recovery; and/or (iv) rejection of some or all claims asserted by Debtors in the applicable Tier 2 Derivatives ADR Dispute.

    b.    <u>Against Tier 2 Derivatives Counterparties</u>:  (i) attorneys' fees incurred by the Debtors with respect to the Tier 2 Derivatives ADR Procedures after the sending of a Tier 2 Derivatives ADR Package; (ii) fees and costs of the Mediator; and/or (iii) an award of the Tier 2 Derivatives ADR Dispute up to the amount specified in the Tier 2 Derivatives ADR Notice.

12. <u>Confidentiality</u>. The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order. No statements or arguments made or positions taken by the Mediator, the applicable Debtors, Tier 2 Derivatives Counterparties or the Creditors' Committee during any part of the alternative dispute resolution process, including the Notice/Response Stage and the Mediation Stage may be disclosed by the Mediator or any such parties or their attorneys and advisors to the Court or any third party. Similarly, all briefs, records, reports, and other documents received or made by the Mediator while serving in such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible. In addition, the Mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; *provided*, *however*, the Mediators, or their designee, shall on a monthly basis beginning sixty (60) days following entry of this Order report to the Court the status of the Mediation efforts but shall not disclose the content thereof, which report shall include the number of Tier 2 Derivatives ADR Notices served on Tier 2 Derivatives Counterparties, the number of settlements reached after Mediation, the number of Mediations still pending, the number of Mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached with Tier 2 Derivatives Counterparties following service of Tier 2 Derivatives ADR Notices. Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the Tier 2 Derivatives ADR Procedures including the Notice/ Response State and the Mediation Stage.

13. <u>Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected</u>. Unless a Tier 2 Derivatives Counterparty or a Debtor affirmatively

waives its right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist, participation in the Tier 2 Derivatives ADR Procedures shall not waive or otherwise modify such rights. All parties' rights and defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully preserved.

14. <u>Fees</u>. Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the Tier 2 Derivatives ADR Procedures, including Mediation; *provided, however*, that (i) the Debtors shall pay the reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order and (ii) nothing contained herein shall be deemed to vary the terms of any Tier 2 Derivatives Contract with Recovery Potential in respect of the reimbursement of fees and expenses.

15. <u>Service of the Notice of the Motion</u>. Service of notice of the Motion by e-mail or facsimile shall be good and sufficient notice of the Motion.

**SO ORDERED:**

Dated: New York, New York
September 27, 2010

                        *s/ James M. Peck*
                        HONORABLE JAMES M. PECK
                        UNITED STATES BANKRUPTCY JUDGE