UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: LEHMAN BROTHERS HOLDINGS INC., *et al.*

Case No. 08-13555 (JMP)

PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| ANDORRA BANC AGRÍCOL REIG, S.A. | GRANITE FINANCE LIMITED |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Andorra Banc Agrícol Reig, S.A.
Calle Manuel Cerqueda i Escaler, 6
Escaldes - Engordany
Principat d'Andorra

Phone: + 376 873 344

Last Four Digits of Acct #: N/A

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 27823

Amount of Claim: unliquidated

Date Claim Filed: 16 September 2009

Phone: +1 345 949 7755

Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
Transferee/Transferee's Agent

Date: 29 July 2010

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

MADRID-1-474147-v2

66-40395448

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: LEHMAN BROTHERS HOLDINGS INC.,   Case No. 08-13555 (JMP)
et al.

NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 27823 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim Other than for Security in the clerk's office of this court on_____ (date).

| GRANITE FINANCE LIMITED | ANDORRA BANC AGRÍCOL REIG, S.A. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Granite Finance Limited<br>Strathvale House,<br>North Church Street,<br>Grand Cayman,<br>Cayman Islands | Andorra Banc Agrícol Reig, S.A.<br>Calle Manuel Cerqueda i Escaler, 6<br>Escaldes - Engordany<br>Principat d'Andorra |

### DEADLINE TO OBJECT TO TRANSFER

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
CLERK OF THE COURT

MADRID-1-474147-v2   -2-   66-40395448

# EXHIBIT A

Page intentionally left blank – Exhibit A begins on next page

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings Inc. | 08-1355 |

**PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000027823

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Granite Finance Limited
HSBC House, 68 West Bay Road
George Town, Grand Cayman KY1-1102
Cayman Islands
Attn: The Directors

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019, USA
Attn: Jennifer C. DeMarco, Esq.
David A. Sullivan, Esq

Telephone number: +1 345 949 7755    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:** Your Claim is scheduled by the indicated Debtor as:

**Name and address where payment should be sent** (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. **Amount of Claim as of Date Case Filed:** $ _____ (see Attachment)
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☑ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** (see Attachment)
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe: _____
   Value of Property: $ _____    Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____    Basis for perfection: _____
   Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)( _____ ).
   Amount entitled to priority:
   $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

| Date: 18 Sep, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Connan Hill / Sylvia Lewis - Directors |
|---|---|

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc.,<br><br>Debtor | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

## ATTACHMENT TO PROOF OF CLAIM
## OF GRANITE FINANCE LIMITED

**Granite Finance Limited** relating to Series 2005-11 EUR 15,000,000 Equity Basket Coupon Linked Notes due 2010 ("Granite" or "Claimant") by an authorized representative submits this attachment to the proof of claim (the "Claim") against Lehman Brothers Holdings Inc.

### Background

1.  On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated chapter 11 debtors, the "Debtors") filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.  Thereafter, on October 3, 2008, Lehman Brothers Financing AG a/k/a Lehman Brothers Finance SA ("LBF") filed a petition for relief under chapter 11 of the Bankruptcy Code. LBF is a debtor in a proceeding pending before, and under the supervision of, the Swiss Federal Banking Commission and therefore on March 12, 2009, the chapter 11 case of LBF was dismissed and a case under chapter 15 of the Bankruptcy Code was commenced on behalf of LBF.

AMR #207931-v4

### Granite's Claim

3. Claimant and LBF (the "Parties") are party to an ISDA Master Agreement dated as of 29 July 2005 (the "ISDA Master" and, together with the appurtenant Schedule and the Credit Support Annex, if applicable, the "ISDA Documentation").

4. The Parties entered into various transactions pursuant to the ISDA Documentation and certain confirmations.

5. LBF's obligations under the ISDA Documentation are guaranteed by LBHI pursuant to that certain Guarantee of LBHI dated on or about 27 July 2005 (the "Guarantee"). Pursuant to the Guarantee, LBHI unconditionally guaranteed to Claimant the due and punctual payment of all amounts due and payable by LBF under each of the transactions entered into under the ISDA Documentation.

6. The commencement of the chapter 11 case by LBF is an event of default under Section 5(a)(vii) of the ISDA Master (an "Event of Default"). Pursuant to Section 6(a) of the ISDA Master, Granite (as the Non-Defaulting Party[1]) is entitled to provide LBF with a notice (a "Termination Notice") specifying the Event of Default and may designate an Early Termination Date in relation to the outstanding transactions under the ISDA Master. Granite anticipates that it will send such Termination Notice and amend this Proof of Claim to require payment of any termination amount determined to be owing under the ISDA Master.

7. Under the ISDA Master, Granite is entitled to provide LBF with a statement showing the calculations of its termination amount for the purposes of Section 6(e) of the ISDA Master resulting from the Event of Default and the early termination of the outstanding transactions in accordance with the methodologies set forth therein plus interest of the Default

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the ISDA Master.

2

AMR #207931-v4

Rate (the "Settlement Claim"). Granite anticipates that it will provide a statement of its calculations and amend this Proof of Claim to require payment of any Settlement Claim determined to be owing under the ISDA Master plus additional interest, fees, costs and expenses to which Claimant is entitled pursuant to the terms of the ISDA Documentation and/or applicable claims.

8. To the extent LBF is indebted to Claimant under the ISDA Documentation pursuant to the terms of the Guarantee, LBHI is obligated to Claimant for such amounts.

9. In accordance with the order establishing the deadline for filing proofs of claim against the Debtors dated July 2, 2009 (the "Bar Date Order"), documentation supporting this claim will be submitted in connection with the completion of the Guarantee Questionnaire (as defined in the Bar Date Order).

### Reservation of Rights

10. Claimant expressly reserves the right to amend or supplement this Claim at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the claims. Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

11. This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against the Debtors and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and

3

AMR #207931-v4

expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

12. The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

13. Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

14. In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

### Notices

15. All notices, communications and distributions with respect to this Claim should be sent to:

Granite Finance Limited
HSBC House, 68 West Bay Road
Grand Cayman KY1-1102
Cayman Islands
Telephone:     1 345 914 7550
Attention:     The Directors

With a copy to:

4

AMR #207931-v4

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
Attention: Jennifer C. DeMarco, Esq.
David A. Sullivan, Esq.

5

AMR #207931-v4

**HAND DELIVERY**



FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: _____    DATE _____    TIME 10:06

**EXHIBIT B**

Page intentionally left blank – Exhibit B begins on next page

## EVIDENCE OF PARTIAL TRANSFER OF CLAIM

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, GRANITE FINANCE LIMITED (the "**Transferor**") hereby unconditionally and irrevocably transfers and assigns to ANDORRA BANC AGRÍCOL REIG, S.A. and LEHMAN BROTHERS BANKHAUS AG I INS. (the "**Transferees**"), subject to and in accordance with an unwind deed dated 29 July 2010 between, amongst others, the Transferor and the Transferees, all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) having Proof of Claim No 27823 against Lehman Brothers Holdings Inc. (the "**Debtor**"), the debtor in Case No. 08-13555 pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") equal to 82.67% and 17.33% to each Transferee, respectively.

Transferor hereby waives any objection to the transfer of the claim to the Transferees on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. The Transferor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to the Transferor transferring to the Transferees the foregoing claim, recognizing the Transferees as the sole owners and holders of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to the Transferees.

**IN WITNESS WHEREOF**, this **EVIDENCE OF PARTIAL TRANSFER OF CLAIM** is executed this 29 day of July 2010.

Granite Finance Limited

By: _____

Name: DAVID PRESTON

Title: DIRECTOR

**Connan Hill
Director**

## TRANSFEREE NOTICE DETAILS

Andorra Banc Agrícol Reig, S.A.

Address:     Calle Manuel Cerqueda i Escaler, 6
             Escaldes - Engordany
             Principat d'Andorra

Attention:   Jose María Alfin

Telephone:   + 376873344

E-mail:      josemaria.alfin@andbanc.com