UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

**TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Name of Transferee: Frank Russell Company | Name of Transferor: RIC III plc The U.S. Dollar Cash Plus Fund (by Russell Investment Company III plc) |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 32145 |
| Frank Russell Company<br>909 A St.<br>Tacoma, WA 98402<br>c/o Elliot Cohen | Amount of Claim Transferred: $61,188,412.85<br><br>Date Claim Filed: 09/22/2009 |
| Phone: 253.439.2959 | Debtor: Lehman Brothers Holdings Inc. |
| Last Four Digits of Acct #: NEUC | |
| Name and Address where transferee payments should be sent (if different from above): | Phone: 253.439.2959<br><br>Last Four Digits of Acct #: JTBU |

Phone:

Last Four Digits of Acct #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: September 22, 2010
    Transferee/Transferee's Agent

15939058.2.BUSINESS 9/22/2010 2:52 PM

AGREEMENT
AND EVIDENCE OF TRANSFER OF CLAIM

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, RIC III plc The U.S. Dollar Cash Plus Fund, as the Court's (as hereinafter defined) holder of record of the Transferred Claims (as hereinafter defined) by Russell Investment Company III plc for the accounts of RIC III plc the U.S. Dollar Liquidity Fund and RIC III plc The U.S. Dollar Cash Plus Fund II, as underlying account holder with respect to the Transferred Claims (collectively, the "Seller") hereby unconditionally and irrevocably agree to sell, transfer and assign to Frank Russell Company (the "Purchaser"), and Purchaser hereby agrees to purchase, as of September 14, 2010 for the purchase price specified in a separate communication dated the same date as this Agreement (the "Purchase Price"), (a) 100% of the claim amount in the securities (each, a "Purchased Security") specified in Schedules 1-6 attached hereto (the "Transferred Claims"), in and to all Seller's right, title and interest in and to Proof of Claim Number 32145 filed by Seller (the "Proof of Claim") against Lehman Brothers Holdings Inc. (the "Debtor") in the proceedings for reorganization of Debtor (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP), but only to the extent related to the Transferred Claims, (b) all rights and benefits of Seller relating to the Transferred Claims, and (c) any and all proceeds of any of the foregoing to the extent related to the Transferred Claims.

2.    Seller hereby represents and warrants to Purchaser that: (a) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (b) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (the "Agreement") and (c) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors. Seller represents and warrants to Purchaser, and Purchaser, by its acceptance of this Agreement and the payment of the Purchase Price, represents and warrants to Seller, that (i) it is a sophisticated buyer or seller (as the case may be) with respect to the Transferred Claims, (ii) it has, or has access to, such information as it deems appropriate under the circumstances concerning, among other things, the business and financial condition of the Debtor to make an informed decision regarding the Transferred Claims, and (iii) it has independently and without reliance on the other of Seller and Purchaser, and based on such information as it has deemed appropriate, made its own analysis and decision to enter into this Agreement, except that each of Seller and Purchaser has relied upon the express representations and warranties made by the other in this Paragraph 2. Each of Seller and Purchaser acknowledges that the other has not given it any investment advice or opinion on whether this Agreement is prudent. Purchaser has not relied, and will not rely, on Seller to furnish or make available any documents or other information regarding the credit, affairs, financial condition or business of the Debtor or any other matter concerning the Transferred Claims. Each of Seller and Purchaser acknowledges that (i) the other currently may have, and later may come into possession of, information regarding the Transferred Claims that is not known to it and that may be material to a decision to enter into this Agreement ("Excluded Information"), (ii) it has determined to enter into this Agreement notwithstanding its lack of knowledge of the Excluded Information, and (iii) the other of Seller and Purchaser shall have no liability to it, and it hereby, to the extent permitted by law, waives and releases any claims it may have against the other of Seller and Purchaser, with respect to the nondisclosure of the Excluded Information.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Seller further

directs the Debtor, the Court and all other interested parties that all further notices relating to the Transferred Claims, and all payments or distributions of money or property in respect of the Transferred Claims, shall be delivered or made to the Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account as Purchaser may designate in writing to Seller against payment by Purchaser of the Purchase Price. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22nd day of September 2010.

RIC III plc The U.S. Dollar Cash Plus Fund
By: Russell Investment Company III plc,
for the accounts of RIC III plc the U.S.
Dollar Liquidity Fund and RIC II plc
the U.S. Dollar Cash Plus Fund II

By: _Kenneth W. Willman_ (signature)

Name: KENNETH W. WILLMAN

Title: DIRECTOR

Address: 20 COPPER RIDGE
CHALFONT ST PETER
BUCKS SL9 ONF
ENGLAND

Frank Russell Company

By: _(signature)_

Name: Matthew C. Moss

Title: Chief Financial Officer

Address: 909 A Street
Tacoma, WA 98402

15939058.2.BUSINESS 9/22/2010 2:52 PM

Schedule 1

Account:    JTBU - Russell

| Description of Security | ISIN/CUSIP | Issuer | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BRTHRS HLDG INC., 2.875%, due 03/11/2009 – Cert of Deposit | 52525KAB8 | Lehman Brothers Holdings Inc. | $1,312,000.00 | 0% | 03/11/2009 | $1,315,383.00 |

Schedule 2

Account: JTBU - Russell

| Description of Security | ISIN/CUSIP | Issuer | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BRTHRS HLDG INC. | 52517P5C1 | Lehman Brothers Holdings Inc. | $4,986,000.00 | 0% | 09/26/2008 | $5,017,112.00 |

08-13555-mg    Doc 11674    Filed 09/23/10    Entered 09/29/10 11:54:13    Main Document
Pg 6 of 9

Schedule 3

Account:    JTBS - Russell

| Description of Security | ISIN/CUSIP | Issuer | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BROTHRS 4.85% | 52517P5C1 | Lehman Brothers Holdings Inc. | $12,708,000.00 | 0% | 09/26/2008 | $12,787,296.60 |

15939058.2.BUSINESS 9/22/2010 3:09 PM

Schedule 4

Account:    JTBU - Russell

| Description of Security | ISIN/CUSIP | Issuer | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BRTHRS HLDG INC., 0% due 09/15/2008 | 52525MJF6 | Lehman Brothers Holdings Inc. | $21,995,000.00 | 0% | 09/15/2008 | $21,995,000.00 |

Schedule 5

Account: JTBS - Russell

| Description of Security | ISIN/CUSIP | Issuer | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BRTHRS HLDG INC., 0% due 09/15/2008 | 52525MJF6 | Lehman Brothers Holdings Inc. | $16,721,000.00 | 0% | 09/15/2008 | $16,721,00.00 |

Schedule 6

Account:    JTBS - Russell

| Description of Security | ISIN/CUSIP | Issuer | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BRTHRS HLDG INC., 2.875%, due 03/11/2009 | 52525KAB8 | Lehman Brothers Holdings Inc. | $3,344,000.00 | 0% | 03/11/2009 | $3,352,621.25 |