Presentment Date and Time: October 13, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: October 13, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
And Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                          :         **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
:
                **Debtors,**      :        **(Jointly Administered)**
:
-------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF
### APPLICATION OF THE DEBTORS
### PURSUANT TO SECTIONS 327(a) AND 330 OF
### THE BANKRUPTCY CODE AND RULE 2014(a) OF THE
### FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
### AUTHORIZATION TO EMPLOY AND RETAIN MMOR CONSULTING
### INC., AS TAX SERVICES PROVIDER, *NUNC PRO TUNC* TO JUNE 1, 2010

      **PLEASE TAKE NOTICE** that the undersigned will present the annexed

Application (the "Application") of Lehman Brothers Holdings Inc. and its affiliated debtors in

the above-captioned chapter 11 cases, as debtors and debtors in possession (together, the

"Debtors"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Rules"), to employ and retain MMOR Consulting Inc. as tax services provider to the

Debtors, effective *nunc pro tunc* to June 1, 2010 all as more fully described in the Application, to

the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on

**October 13, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

    **PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any,

shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P.

Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004,

Attn:  Tracy Hope Davis, Esq., Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian

Masumoto, Esq., and Linda Riffkin, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase

Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured

Creditors appointed in these cases; and (v) MMOR Consulting Inc., 750 3rd Avenue, 9th Floor,

New York, New York, 10017, Attn: Michael Morgese, **so as to be so filed and received by no**

**later than October 13, 2010 at 11:00 a.m. (Prevailing Eastern Time)** (the "Objection

Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely

filed and served, a hearing will be held on **October 20, 2010 at 10 a.m. (Prevailing Eastern**

**Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable

James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

10004-1408.  If an objection is filed the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.


Dated: September 29, 2010
       New York, New York


                        /s/ Richard P. Krasnow
                        Richard P. Krasnow
                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile. (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession

US_ACTIVE:\43487949\02\58399.0008

Presentment Date and Time: October 13, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: October 13, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
And Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                       :

In re                                :        **Chapter 11 Case No.**

                                     :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :      **08-13555 (JMP)**

                                     :

                **Debtors,**     :      **(Jointly Administered)**

                                     :
-----------------------------------------------------------------x

**APPLICATION OF THE DEBTORS**
**PURSUANT TO SECTIONS 327(a) AND 330 OF**
**THE BANKRUPTCY CODE AND RULE 2014(a) OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR**
**AUTHORIZATION TO EMPLOY AND RETAIN MMOR CONSULTING**
**INC., AS TAX SERVICES PROVIDER,** *NUNC PRO TUNC* **TO JUNE 1, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

captioned chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this application and respectfully

represent:

**Background**

        1.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy

Code on March 11, 2010 [Docket No. 7531].

5.      On April 14, 2010, the Debtors filed a revised joint chapter 11 plan and

disclosure statement [Docket Nos. 8330 and 8332].

**Jurisdiction**

6.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

## Lehman's Business

7.    Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## MMOR as an Ordinary Course Professional

9.    MMOR Consulting Inc. ("MMOR") has previously been performing tax advisory services on behalf of the Debtors as a professional utilized in the ordinary course of business ("Ordinary Course Professional" or "OCP") in these chapter 11 cases pursuant to this Court's amended order authorizing the Debtors to employ Ordinary Course Professionals (the "Amended OCP Order"), dated March 25, 2010 [Docket No. 7822].  On December 2, 2008, the Debtors submitted the affidavit and questionnaire of Michael Morgese [Docket No. 2028] pursuant to the Amended OCP Order and in support of MMOR's retention as an Ordinary Course Professional.

10.    The Amended OCP Order authorizes the Debtors to pay compensation to and reimburse the expenses of Ordinary Course Professionals in the full amount billed by each OCP "upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices."  In accordance with the Amended OCP Order, MMOR provided services to the Debtors and was compensated

3

for those services upon the presentation of detailed invoices indicating the nature of the services rendered, which were calculated in accordance with MMOR's standard billing practices.

11.    The Amended OCP Order further provides that "payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the 'Chapter 11 Period')" and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ."  MMOR has determined that it has reached and exceeded the $1 million compensation cap for Ordinary Course Professionals during the Chapter 11 Period (the "OCP Cap").  As of June 1, 2010, MMOR had incurred fees and expenses totaling approximately $1,016,145.00 in these cases.  The Debtors recently determined that they had inadvertently made payments to MMOR of approximately $16,145 in excess of the OCP Cap as a consequence of a system error in which certain fees and expenses paid through the prior accounts payable system in July 2009 was not reflected in the current system.  Accordingly, the Debtors now seek to retain MMOR as its tax services provider pursuant to the Amended OCP Order and section 327(a) of the Bankruptcy Code.  All fees and expenses paid to MMOR by the Debtors (as opposed to non-Debtor entities) in excess of $1 million will be subject to the Court's review and approval.

## **Relief Requested**

12.    The Debtors seek entry of an order, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to employ MMOR as

4

its tax services provider, effective *nunc pro tunc* to June 1, 2010.  Specifically, the Debtors propose

to retain MMOR to perform certain state and local tax services (the "Representative Matters"), in

accordance with the terms and conditions set forth in the agreement entered into between the

Debtors and MMOR, dated July 1, 2010 (the "Engagement Letter") and annexed hereto as Exhibit

A.

### Scope of Services to be Provided

13.     Subject to further order of this Court, it is proposed that MMOR be

employed to continue to advise the Debtors in connection with the Representative Matters.

14.     Furthermore, the Debtors request that MMOR's retention be made effective

*nunc pro tunc* to June 1, 2010, to ensure that MMOR is compensated for all of its services to the

Debtors.  Establishing June 1, 2010 as the date of MMOR's retention as tax services provider in

these cases will enable MMOR to smoothly transition its billing practices and procedures from its

prior retention as an Ordinary Course Professional and will enable MMOR to be compensated for

all of its necessary services rendered to the Debtors which provided value to the Debtors' estate and

all parties in interest.  The Debtors submit that the circumstances of MMOR's initial retention as an

Ordinary Course Professional, and the compensation provisions under the Amended OCP Order

warrant retroactive approval of MMOR as its tax services provider.  *See In re Hasset, Ltd.*, 283

B.R. 376, 379 (Bankr. E.D.N.Y. 2002) (approving *nunc pro tunc* retention application and

recognizing that "*nunc pro tunc* applications are disfavored in this Circuit but have been permitted

when the attorney performs services of 'value' to the estate") (internal citations omitted); *see also*

*In re Jarvis*, 53 F.3d 416 (1st Cir. 1995) (finding that a bankruptcy court may grant a *post facto*

application if employment meets statutory requirements and delay results from extraordinary

circumstances); *Matter of Arkansas Co. Inc.*, 798 F.2d. 645 (3d Cir. 1986) (opining that bankruptcy

5

courts have discretion in extraordinary circumstances to retroactively approve a professional's employment).

## Basis For Relief

15.     The Debtors seek approval to retain MMOR pursuant to sections 327(a) and 330 of the Bankruptcy Code.  Section 327(a) provides, in relevant part, that the Debtors "with the Court's approval, may employ…professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the Debtors in fulfilling their duties under the Bankruptcy Code.

## The Retention of MMOR

5.     MMOR, headed by Michael Morgese, has more than 35 years of experience in the state and local tax area.  MMOR is involved in all aspects of state and local tax consulting services including research, opinion letters, audit representation, preparation of protests against tax assessments, etc. regarding corporate income, sales and use, franchise and gross receipts taxes.  MMOR has been providing state and local tax services to Debtors and non-Debtors' affiliates for many years.

6.     Furthermore, MMOR has indicated a desire and willingness to act in these chapter 11 cases and render the necessary professional services to the Debtors, on the terms set forth in the Engagement Letter and described herein, and to subject itself to the jurisdiction of the Court.

Therefore, the Debtors submit that the retention of MMOR, on the terms and conditions described herein, is necessary, appropriate and in the best interests of the Debtors' estates, creditors, and all other parties in interest, and should be granted in all respects.

US_ACTIVE:\43487949\02\58399.0008

## MMOR'S Disinterestedness

7.    To the best of the Debtor's knowledge, information and belief, and except as may be set forth in the declaration of Michael Morgese, dated September 23, 2010, a copy of which is annexed hereto as Exhibit B (the "Morgese Declaration), neither MMOR nor any professional employee of MMOR has any connection with, or any interest adverse to, the Debtors, their creditors, or any other party in interest, or their respective attorneys and accounts.

8.    MMOR has informed the Debtors that MMOR was owed $40,000/$50,000 by the Debtors in respect of services provided by MMOR prior to the Commencement Date. MMOR agreed to waive its right to receive any fees incurred on the Debtors' behalf prior to the Commencement Date.

9.    Based upon the Morgese Declaration, the Debtors submit that MMOR is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that MMOR will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, MMOR will supplement its disclosure to the Court.

## Payment of MMOR's Fees and Expenses

16.    The Debtors propose to pay MMOR its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Morgese Declaration, and to reimburse MMOR according to its customary reimbursement policies, in accordance with sections 330(a) and 331 of the Bankruptcy Code, and respectfully submit that such rates are reasonable.

17.    MMOR's hourly rate for the President, Michael Morgese, is $275.  Pursuant to the Engagement Letter MMOR's hourly rate is subject to change a year from the date of the executed Engagement Letter.  To the extent that staff other than the President is needed to perform

7

work on the Representative Matters, MMOR will use the individual with the lowest hourly rate that

is qualified to perform the required task.

18.     The Debtors understand that in connection with the reimbursement of

reasonable and necessary expenses, it is MMOR's policy to charge its clients for reasonable

expenses incurred in connection with providing certain client services, including, without

limitation, travel, lodging, photocopying, postage, vendor charges, long distance and other

telephone charges, delivery service, and other expenses incurred in providing professional services.

19.     The Debtors and MMOR engaged in arms length negotiations over the terms

of the Engagement Letter, which reflect commercially reasonable compensation and employment

arrangements.  Thus, the Debtors request approval of the Engagement Letter, including the fee

structure and expense reimbursement provisions contained in the Engagement Letter (the "Fee

Structure"), pursuant to sections 330 and 331 of the Bankruptcy Code.

20.     The Fee Structure is consistent with, and typical of, arrangements entered

into by MMOR with respect to rendering comparable services for clients similar to the Debtors,

both in and outside of bankruptcy.  Considering the Services that MMOR will provide and the

market prices for MMOR's services, the Debtors submit that the Fee Structures (including

reasonable reimbursements) are reasonable under the standards set forth in sections 330 and 331 of

the Bankruptcy Code and fulfill the requirements of Local Rule 2014-1.

21.     In order to minimize costs, MMOR is prepared to work closely with the

Debtors and each of their other retained professionals to delineate clearly the professionals'

respective duties so as to prevent unnecessary duplication of services whenever possible.

22.     All of MMOR's fees and expenses incurred during these chapter 11 cases on

or after June 1, 2010, will be subject to approval of the Court upon proper application by MMOR in

8

accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, and the guidelines promulgated by the U.S. Trustee (the "U.S. Trustee Guidelines"), as those

procedures may be modified or supplemented by order of this Court, including this Court's Third

Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule

2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of

Expenses of Professionals [Docket No. 4165] and this Court's Order Appointing Fee Committee

and Approving Fee Protocol [Docket No. 3651].

23.    MMOR has not shared or agreed to share any of its compensation in

connection with this matter with any other person, as permitted by section 504 of the Bankruptcy

Code.

### Fee Applications

24.    The Debtors understand that MMOR intends to apply separately to the Court

for allowances of compensation and reimbursement of expenses in accordance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, U.S. Trustee

Guidelines and all orders of this Court governing professional services performed and expenses

incurred after the Commencement Date.  To that end, MMOR has agreed to submit applications for

interim and/or final allowances of compensation pursuant to sections 330 and 331 of the

Bankruptcy Code and the rules and orders of this Court.

### Notice

25.    No trustee has been appointed in these chapter 11 cases.  The Debtors have

served notice of this Supplemental Application in accordance with the procedures set forth in the

second amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the

US_ACTIVE:\43487949\02\58399.0008

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) MMOR; and

(vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no

other or further notice need be provided.

26.    Other than the Application, no previous request for the relief sought herein

has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as is just.

Dated: September 29, 2010
New York, New York


/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212)310-8007

Attorneys for Debtors
and Debtors in Possession

10

# **EXHIBIT A**

**(Engagement Letter)**

# MMOR
## CONSULTING, INC.

*Exhibit A*

Michael Morgese

July 1, 2010

Mr. Jeffry Ciongoli
Managing Director
Global Tax Department
Lehman Brothers Holdings Inc.
101 Hudson Street – 11th Floor
Jersey City, New Jersey 07301

State &
Local
Tax Consultants

*Re:*    State and Local Tax Audits Engagement Letter

Dear Mr. Ciongoli

MMOR Consulting Inc. (MMOR) is pleased to provide tax consulting services in connection with the ongoing audits of Lehman Brothers Holdings, Inc. and Subsidiaries (Client) by various state and local tax authorities in the United States. MMOR and Client agree that MMOR will represent Client as requested with regard to audits with respect to income tax, franchise tax, and sales and use taxes, as well as other miscellaneous taxes.

The audit process generally includes a request from the jurisdictions for information regarding positions taken on tax returns. Client agrees to make best efforts to timely provide such information. MMOR is entitled to assume without independent verification the accuracy of all representations, assumptions, information and data provided by Client and its representatives. MMOR may ask Client to clarify or supplement information provided in this context. Client acknowledges that if it cannot or does not provide the requested information or if the information provided does not support the tax return position, it could result in the disallowance of deductions, exclusions, increases in apportioned income, etc., which could result in an increase in tax, interest and penalties. In this regard MMOR may engage a local expert in order to assist in minimizing a potential assessment and in such instances MMOR would be reimbursed for the costs associated therewith. MMOR acknowledges that MMOR must seek the express approval by Client and its representatives of any such engagement before entering into such engagement.

Client acknowledges that, although communications between Client and MMOR will be treated confidentially by MMOR, if MMOR is compelled to provide evidence by a court or other duly-authorized body in connection with the services it has rendered, such confidential communications could be subject to disclosure.

750 Third Avenue
9th Floor
New York, NY 10017
TEL 212.768.2233

MMOR's professional fees for the services contemplated by this engagement letter are based on the actual time spent at hourly rates that relate to the levels of experience of the individuals assigned to the engagement as listed in the chart below:

| Position | Hourly Rate |
|----------|-------------|
| President | $275 |

MMOR's hourly rates will be in effect until at least one year from the date of this engagement letter. To the extent that staff other than the President performs work on this engagement, MMOR will use persons with the lowest grade who are qualified to perform the tasks required. In addition to these fees, MMOR will bill engagement related expenses, such as travel, travel-related expenses and other administrative expenses (*e.g.*, copying, mail, and telecommunications). MMOR's invoices will be submitted to you on a monthly basis. MMOR will maintain a detailed record of the time expended by each person and a copy of such record will be remitted to you.

To the extent required to perform the services described in this engagement letter, MMOR will prepare any required power of attorney form ("Power of Attorney") for Client to execute and acknowledge MMOR's ability to communicate with any tax authority regarding the matters that are the subject of this engagement letter. Further, MMOR and/or Michael Morgese would not be held liable for any additional taxes, interest, and penalties which could be imposed by the various jurisdictions as a result of their audits.

If you have any questions or need additional information, please call me at 212-768-2233.

Sincerely,

Michael Morgese
President

**ACKNOWLEDGED AND ACCEPTED:**

Jeffy Cfongoly
Managing Director
Lehman Brothers Holdings, Inc.

-2-

## EXHIBIT B

**(Morgese Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
                Debtors,                      :    (Jointly Administered)
                                              :
------------------------------------------------------------x

## DECLARATION OF MICHAEL MORGESE
### IN SUPPORT OF APPLICATION OF THE DEBTORS PURSUANT
### TO SECTIONS 327(a) AND 330 OF THE BANKRUPTCY CODE AND
### RULE 2014(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
### FOR AUTHORIZATION TO EMPLOY AND RETAIN MMOR CONSULTING
### INC., AS TAX SERVICES PROVIDER, *NUNC PRO TUNC* TO JUNE 1, 2010

I, Michael Morgese, hereby declare the following is true to the best of my knowledge, information and belief:

1.      I am the President of MMOR Consulting Inc. ("MMOR"); a state and local tax consulting firm which provides services to multi-state corporate clients.  Our services include, state and local tax planning, audit representation, ruling requests, protests of audit assessments in all areas of state and local taxes including income, sales, gross receipts taxes etc.  I submit this declaration (the "Declaration") on behalf of MMOR in support of the Application of the Debtors Pursuant to Sections 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) for Authorization to Employ and Retain MMOR Consulting Inc., as Tax Services Provider, *Nunc Pro Tunc* to June 1, 2010.

### Professional Qualifications

2.      MMOR is a firm specializing in all areas of state and local taxes including corporate income, franchise, sales/use, etc.  For many years MMOR has worked closely with Debtor's tax department personnel in managing, controlling, expediting and responding to the

various Information Documentation Requests ("IDR's") issued by the state and local jurisdiction. The ultimate goal was to expedite the conclusion of an audit and to minimize the potential assessment for additional tax, interest and penalties.

3.      I have more than 35 years of experience in the state and local tax area (28 years with Coopers & Lybrand, CPA's) and have represented Debtors as well as other multi-state corporations during state and local tax audits and as a result has been successful in minimizing potential assessments.

4.      At the present time Lehman's[1] internal tax department does not have the resources or expertise to handle the large number of outstanding state and local tax audits and MMOR will provide the experience needed to obtain favorable resolution of such audits as detailed in the Engagement Letter.  At the present time, MMOR services will address approximately 30-40 outstanding state and local tax audit assessments/claims, etc.

### Services to be Provided

5.      On July 1, 2010, Lehman and MMOR entered into the Engagement Letter, a copy of which is attached to the Application as Exhibit A.  The Debtors intend to retain MMOR in connection with ongoing state and local tax audits of income, franchise, sales/use, gross receipts taxes, etc.  The services that MMOR will render are described in greater detail in the Engagement Letter.  Any references to or summaries of the Engagement Letter herein are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict unless otherwise addressed herein.  It should be noted that MMOR has been providing similar services to Lehman and its affiliates for many years prior to the Chapter 11 filing and has continued to provide such services through June 30, 2010.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

2

## MMOR'S Disinterestedness

6.    The facts below are based on a review performed by MMOR, of the list of major creditors involved with these proceedings that was provided to MMOR by Weil, Gotshal & Manges LLP, the Debtors' general bankruptcy counsel, setting forth certain of the creditors and other parties in interest of the Debtors in the above-captioned chapter 11 cases.

7.    To the best of my knowledge, neither I nor any member of MMOR have any connection with the United States Trustee or any person employed in the Office of the United States Trustee in this District. To the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, MMOR neither holds nor represents an interest adverse to the Debtors or their estates.

8.    It is MMOR's intent to update and expand its relationship search for additional parties in interest as directed by the Debtors in an expedient manner. If any new relevant facts or relationships are discovered or arise which require further disclosure, MMOR will promptly file a supplemental declaration.

9.    The Debtors owe MMOR $40,000/$50,000 for pre-petition services. However, in connection with its engagement MMOR waives all claims for pre-petition amounts owed.

10.    To the best of my knowledge, neither I nor any member of MMOR is a holder of any of the Debtors' public securities.

## Employment Terms and Compensation

11.    MMOR retention is subject to the Court's approval of MMOR's Engagement Letter. In accordance with the Engagement Letter, MMOR will seek payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by MMOR.

MMOR professionals generally bill at hourly rates commensurate with the individual professional's experience and area of specialization.

12.    MMOR current standard rate, which is subject to adjustment in the ordinary course, is as follows:

| Name | Title | Hourly Rate |
| --- | --- | --- |
| Michael Morgese | President | $275 |

13.    MMOR understands that payment of invoices for work subsequent to the Lehman chapter 11 filing is governed by the Court and such procedures for filing fee statements and notice as may be applicable to the Debtors' chapter 11 cases.

14.    To the best of my knowledge, (a) no commitments have been made or received by MMOR, nor Michael Morgese, as to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code and (b) MMOR has no agreement with any other entity to share with such entity any compensation received by MMOR in connection with this chapter 11 case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Date:    New York, New York
         September 23, 2010

Michael Morgese
President of MMOR Consulting Inc.

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                          :
In re                                     :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :        **08-13555 (JMP)**
                                          :
                          **Debtors.**    :        **(Jointly Administered)**
                                          :
-------------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 327(a) AND 330 OF THE BANKRUPTCY CODE AND RULE 2014(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF MMOR CONSULTING INC., AS TAX SERVICES PROVIDER, *NUNC PRO TUNC* TO JUNE 1, 2010

Upon consideration of the application, dated September 29, 2010 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to employ and retain MMOR Consulting Inc. ("MMOR") as its tax services provider, effective *nunc pro tunc* to June 1, 2010, all as more fully described in the Application; and upon the declaration of Michael Morgese, dated September 23, 2010 (the "Morgese Declaration"), filed in support of the Application and annexed thereto as Exhibit B; and the Court being satisfied, based on the representations made in the Application and the Morgese Declaration, that (a) MMOR does not hold or represent an interest adverse to the Debtors' estates, (b) MMOR is a "disinterested person" within the meaning of section 101(14) of the

---

[1]  Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and (c) the terms and

conditions of the Engagement Agreement are reasonable; and the Court having jurisdiction to

consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District

of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided in

accordance with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures for these cases [Docket No. 9635] to

(i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv)

the Internal Revenue Service; (v) the United States Attorney for the Southern District of New

York; (vi) MMOR; and (vii) all parties who have requested notice in these chapter 11 cases, and

it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Application is in the best interests of the Debtors, their

estates and creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Application is approved; and it is further

ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, the Debtors

are authorized to retain and employ MMOR as tax services provider, *nunc pro tunc* to June 1,

2

2010, on the terms and conditions generally described and set forth in the Engagement

Agreement; and it is further

ORDERED that MMOR shall, solely with respect to fees and expenses paid to

MMOR by the Debtors (as opposed to non-debtor entities) in excess of $1 million, apply for

compensation and reimbursement of expenses in accordance with the procedures set forth in

sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and

orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that

have been or may be fixed by order of this Court, including but not limited to the Court's Third

Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy

Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of

Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee

Committee and Approving a Fee Protocol [Docket No. 3651].

Dated:  October __, 2010
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\43487949\02\58399.0008