.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
In re: : Chapter 11
  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No.:  08-13555 (JMP)
  :
Debtors. : (Jointly Administered)
------------------------------------------------------------------------ x

**ORDER PURSUANT TOSECTION 105 OF THE BANKRUPTCY CODE AND
FEDERAL RULE OFBANKRUPTCY PROCEDURE 9019 APPROVING THAT
CERTAIN AMENDED AND RESTATED COMPROMISE BY AND AMONG
LEHMAN COMMERCIAL PAPER INC., ALFRED H. SIEGEL, AS CHAPTER 11
TRUSTEE FOR THE SUNCAL DEBTORS, AND THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS IN THE SUNCAL BANKRUPTCY CASES**

Upon the motion, dated September 2, 2010 ( "Motion"),[1] of Lehman Commercial Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), pursuant to section 105 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ( "Bankruptcy Rules") for authorization to enter into and approval of a settlement pursuant to the amended and restated term sheet annexed to the Motion as Exhibit A (the "Amended Term Sheet"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Amended Term Sheet.

governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the SunCal Trustee, (vii) counsel to the SunCal Committee, and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and upon the record of the hearing on the Motion held on September 22, 2010; and upon the letter brief submitted by LCPI and LBREP Lakeside SC Master I, LLC on September 27, 2010; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI and its estate and that the legal and factual bases set forth in the Motion and on the record establish just cause for the relief granted herein; and all objections to the Motion being hereby overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED that, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Amended Term Sheet is approved, and LCPI is duly authorized to (i) consummate all of the transactions contemplated thereby and (ii) execute and deliver such documents and instruments and to take such other actions as may be reasonably necessary to consummate the transactions contemplated by the Amended Term Sheet, it being understood that any actions described in this paragraph taken by LCPI or its affiliates may be taken without the necessity of any further Court proceedings or approval and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

      ORDERED that the Amended Term Sheet and any related agreements, documents

or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided*, however, that any material modification, amendment or supplement shall be presented for Court approval by motion of the parties thereto; and it is further

ORDERED that, notwithstanding anything to the contrary in the Amended Term Sheet and this Order, nothing in the Amended Term Sheet is intended to affect the rights, if any, of any Person, including the 2nd Lien Lenders other than the LCPI 2nd Lien Lender, and the 3rd Lien Lenders other than the LCPI 3rd Lien Lender, except to the extent that a Person is a party to the Amended Term Sheet, with such Person's rights being affected to the extent expressly provided in the Amended Term Sheet; and it is further

ORDERED that, since certain statute of limitations deadlines may arise before the Settlement Effective Date will occur, and in order to avoid any imminent motion practice by the SunCal Trustee to modify the automatic stay in this case, LCPI is hereby authorized to enter into tolling agreement(s) with the SunCal Trustee, which will toll the statute of limitations for the SunCal Trustee to commence an action against LCPI arising from the Loans; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; provided, however nothing contained in this decretal paragraph is intended to reduce the exclusive jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the Central District of California in the SunCal Bankruptcy Case.

Dated: New York, New York
       September 29, 2010

                                 *s/ James M. Peck*
                                 UNITED STATES BANKRUPTCY JUDGE