**Presentment Date and Time: October 14, 2010 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: October 14, 2010 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): October 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                                 :

**In re**                                 :         **Chapter 11 Case No.**
                                                 :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :      **08-13555 (JMP)**
                                                 :

                **Debtors.**              :      **(Jointly Administered)**
                                                 :

-------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN CLYDE CLICK, P.C., AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE AS OF OCTOBER 1, 2010

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

Application (the "Application") of Lehman Brothers Holdings Inc. and its affiliated debtors in

the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the

"Debtors"), pursuant to section 327(e) of title 11 of the United States Code, Rule 2014(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to employ and

retain Clyde Click, P.C. as special counsel to the Debtors, effective as of October 1, 2010, all as

more fully described in the Application, to the Honorable James M. Peck, United States

Bankruptcy Judge, for approval and signature on **October 14, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

           **PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Clyde Click, P.C., 3475 Piedmont Road N.E., Suite 1910, Atlanta, Georgia 30305, Attn: Clyde E. Click, Esq., **so as to be so filed and received by no later than October 14, 2010 at 11:00 a.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **October 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408.    If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 30, 2010
      New York, New York

          /s/ Richard P. Krasnow
          Richard P. Krasnow
          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

US_ACTIVE:\43510265\04\58399.0008

Presentment Date and Time: October 14, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: October 14, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                              :
**In re**                                     :        **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :        **08-13555 (JMP)**
                                              :
                      **Debtors.**            :        **(Jointly Administered)**
                                              :
------------------------------------------------------------------x

## APPLICATION OF THE DEBTORS
## PURSUANT TO SECTION 327(e) OF THE
## BANKRUPTCY CODE AND RULE 2014(a) OF THE FEDERAL
## RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION
## TO EMPLOY AND RETAIN CLYDE CLICK, P.C., AS SPECIAL COUNSEL
## TO THE DEBTORS, EFFECTIVE AS OF OCTOBER 1, 2010

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this application (the "Application")

and respectfully represent:

### Background

1.        Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").    The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").    The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

       2.     On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

       3.     On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").    A trustee appointed under SIPA is administering LBI's estate.

       4.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy

Code on March 11, 2010 [Docket No. 7531].

       5.     On April 14, 2010, the Debtors filed a revised joint chapter 11 plan and

disclosure statement [Docket Nos. 8330 and 8332].

## Jurisdiction

       6.     This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.    This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## **Lehman's Business**

7.    Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.   For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide.

8.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## **Relief Requested**

9.    The Debtors request authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to employ Clyde Click, P.C. ("Clyde Click" or the "Firm") as special counsel to the Debtors, effective as of October 1, 2010.   In addition to the matters for which Clyde Click has historically provided services (and continues to provide services) to the Debtors during the pendency of these cases, including (a) asset management, workout, resolution, restructuring, transfer and liquidation activities with respect to loans, real estate owned and other assets, (b) entity merger, formation, dissolution and other corporate matters, and (c) the negotiation and resolution of rights and obligations in connection with equity investments of subsidiaries (the "OCP Matters"), the Debtors have requested that Clyde Click also represent them in such other real estate, real estate finance, workout, equity investment analysis, advice and restructurings, corporate and litigation

related issues and services as may be assigned by the Debtors from time to time (together with

the OCP Matters, the "Representative Matters").

### Clyde Click as an Ordinary Course Professional

10.    Clyde Click has previously been performing legal services on behalf of the

Debtors as a professional utilized in the ordinary course of business ("Ordinary Course

Professional") in these chapter 11 cases pursuant to this Court's Amended Order Pursuant to

Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ

Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010 [Docket No.

7822] (the "Amended OCP Order").    Clyde E. Click, Esq. ("Click"), the principal attorney in

Clyde Click, P.C., was previously a principal in Click & Null, P.C., which was an Ordinary

Course Professional in these chapter 11 cases pursuant to this Court's Order Pursuant to Sections

105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ

Professionals Utilized in the Ordinary Course of Business, dated November 5, 2008 [Docket No.

1394].    Click & Null, P.C. is in dissolution and has not been active since March 2009.

11.    On February 25, 2009, Clyde Click submitted (a) the Affidavit and

Disclosure Statement of Clyde E. Click, Esq. on behalf of Clyde Click, P.C. (the "OCP

Affidavit") and (b) the Retention Questionnaire [Docket No. 2968] (the "Retention

Questionnaire").    Clyde Click, P.C. was added to the Schedule of Ordinary Course

Professionals as "Corporate and Real Estate Counsel" as a result of the Affidavit and Retention

Questionnaire, which was deemed approved in the absence of objections on March 9, 2009.

Because Click & Null, P.C. is in dissolution, those services previously provided by Click & Null,

P.C., have been subsequently performed by Clyde Click.    In support of this Application, Clyde

Click has submitted the Declaration of Clyde E. Click, Esq. (the "Click Declaration"), dated

September 30, 2010 and annexed hereto as Exhibit A.

12.     The Amended OCP Order authorizes the Debtors to pay compensation to and reimburse the expenses of Ordinary Course Professionals in the full amount billed by each such Ordinary Course Professional "upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices."   In accordance with the Amended OCP Order, Clyde Click provided services to the Debtors and was or will be compensated for those services upon the presentation of detailed invoices indicating the nature of the services rendered, which were calculated in accordance with Clyde Click's standard billing practices.

13.     The Amended OCP Order further provides that "payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the 'Chapter 11 Period')" and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ."   Clyde Click has determined upon its review and reconciliation of fees and expenses accrued thus far, that its fees and expenses for services performed from and after October 1, 2010 will result in total compensation that will exceed the $1 million compensation cap for Ordinary Course Professionals during the "Chapter 11 Period" (the "OCP Cap").   Accordingly, the Debtors now seek to retain Clyde Click as special counsel in accordance with the Amended OCP Order and pursuant to section 327(e) of the Bankruptcy Code, effective as of October 1, 2010.

### Qualifications of Clyde Click

14.     Click, who is the sole shareholder of Clyde Click, has practiced commercial real estate in Atlanta, Georgia for 32 years.   Click was until July 2000 a partner in

the law firm of Long, Aldridge and Norman, LLP (now known as McKenna, Long & Aldridge, LLP), where he practiced commercial real estate for 22 years and served for a time as head of the Finance (Commercial Real Estate) Practice.   He is a graduate of Rice University (B.A. 1975), and Columbia Law School (J.D. 1978).

      15.    Click has extensive expertise in all areas of commercial real estate, primarily representing lenders in real estate finance (including construction and permanent loans, portfolios, CMBS, ground lease finance), but also borrowers, developers, buyers, sellers, tenants, landlords, servicers and special servicers.   He also has extensive workout and loan restructuring experience, including deeds in lieu, foreclosures, judicial workouts, senior, mezzanine and equity investments.

      16.    Click has represented the Debtors and their non-debtor affiliates in connection with numerous mortgage and mezzanine loan workout, discounted payoff, loan restructuring, loan transfer, modification of equity investment arrangements under limited liability company operating agreements and partnership agreements, exercise and defense of buy-sell procedures, and numerous other matters.   Click has represented the Debtors and their non-debtor affiliates for over seven years, and has significant experience with highly complex financing and equity investment arrangements, including the Representative Matters.   The Debtors believe that Clyde Click has the relevant experience to provide the Debtors with effective and efficient services related to the Representative Matters and other matters in which the Debtors desire to retain Clyde Click.

## Scope of Services to be Provided

      17.    Subject to further order of this Court, it is proposed that Clyde Click be employed to advise the Debtors in connection with the Representative Matters.

18.    Furthermore, the Debtors request that Clyde Click's retention be made effective as of October 1, 2010 to ensure that Clyde Click is compensated for all of its services to the Debtors.    Establishing October 1, 2010 as the date of Clyde Click's retention as special counsel in these cases will enable Clyde Click to smoothly transition its billing practices and procedures from its prior retention as an Ordinary Course Professional and will enable Clyde Click to be compensated for all of its services rendered to the Debtors which provided value to the Debtors' estates.    The Debtors submit that the circumstances of Clyde Click's initial retention as an Ordinary Course Professional and the compensation provisions under the Amended OCP Order warrant approval of Clyde Click as special counsel effective as of October 1, 2010, particularly because Clyde Click will provide necessary services to the Debtors and such services are of value to the estate and all parties in interest.    Clyde Click has been diligently preparing these application materials and performing the conflicts checks necessary to make the disclosures required by the Bankruptcy Rules since it learned that its fees and expenses would exceed $1 million.    However, due to the extraordinary circumstances of the size of the Debtors' cases, the vast number of potentially interested parties, and time taken to reconcile and ensure the fees and expenses accrued thus far are appropriately allocated among Debtor and non-Debtor entities, it has taken Clyde Click until the date hereof to complete its conflicts checks and preparation of these application materials.

### Payment of Clyde Click's Fees and Expenses

19.    The Debtors propose to pay Clyde Click its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Click Declaration, and to reimburse Clyde Click according to its customary reimbursement policies, in accordance with sections 330(a) and 331 of the Bankruptcy Code, and respectfully submit that such rates are reasonable.

20.     Clyde Click's hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.    Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by Clyde Click from time to time.

21.     Clyde Click has informed the Debtors that the current hourly billing rates for Clyde Click's professionals are $495 for partners, $415 for associates, and range from $230 to $250 for paraprofessionals.    The Debtors respectfully submit that such rates are reasonable and comparable or less than the rates other firms charge for similar services. Such hourly rates may change from time to time in accordance with Clyde Click's established billing practices and procedures.

22.     The Debtors understand that in connection with the reimbursement of reasonable and necessary expenses, it is Clyde Click's policy to charge its clients for expenses incurred in connection with providing certain client services, including, without limitation, travel, lodging, photocopying, postage, vendor charges, long distance and other telephone charges, delivery service, and other expenses incurred in providing professional services.

23.     All of Clyde Click's fees and expenses for services performed during these chapter 11 cases on or after October 1, 2010,[1] will be subject to approval of the Court upon proper application by Clyde Click in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

---

[1]   The Debtors intend to pay Clyde Click for services rendered prior to October 1, 2010 in accordance with the Amended OCP Order.

Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and this

Court's Order Appointing Fee Committee and Approving Fee Protocol [Docket No. 3651].

24.     In order to minimize costs, Clyde Click is prepared to work closely with

the Debtors and each of their other retained professionals to clearly delineate the professionals'

respective duties so as to prevent unnecessary duplication of services whenever possible.

### Basis for Relief

25.     The retention of Clyde Click under the terms described herein is

appropriate under Bankruptcy Code sections 327(e) and 1107.    Section 327(e) provides for the

appointment of special counsel where the proposed counsel does not possess any interest that is

materially adverse to the debtor with regard to the matter(s) that will be handled by counsel.

Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified
> special purpose, other than to represent the trustee in conducting
> the case, an attorney that has represented the debtor, if in the best
> interest of the estate, and if such attorney does not represent or
> hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

Moreover, section 1107(b) provides that "a person is not disqualified for employment under

section 327 of this title by a debtor in possession solely because of such person's employment by

or representation of the debtor before the commencement of the case."

26.     Accordingly, section 327(e) of the Bankruptcy Code authorizes the

retention of counsel who previously represented a debtor prepetition provided that: (a) the

appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest

adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the

specified special purpose for which counsel is being retained does not rise to the level of

conducting the bankruptcy case for the debtor in possession.    *See In re AroChem Corp.*, 176

F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original); *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994).   As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to Clyde Click and that, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

**The Employment and Retention of
<u>Clyde Click is in the Best Interests of the Estates</u>**

27.    As described more fully in the Click Declaration, the Debtors retained Clyde Click with respect to certain real estate, corporate and litigation matters pursuant to the procedures set forth in the Amended OCP Order.   The Debtors believe that the attorneys at Clyde Click are uniquely qualified and experienced to represent the Debtors as special counsel. Before the commencement of these chapter 11 cases, the Debtors selected Clyde E. Click, Esq., as a member of the firm Click & Null, P.C., to advise the Debtors on and to prepare for certain real estate, corporate and litigation matters, and this representation continued in his role as a member of Clyde Click, P.C.   As a result, Clyde Click is intimately familiar with the facts and circumstances surrounding the OCP Matters, for which the Debtors request continued service. Pertaining to the OCP Matters, the interruption and the duplicative cost involved in obtaining substitute counsel to replace Clyde Click with respect to advising the Debtors, at this juncture, would be extremely harmful to the Debtors, their estates, and their creditors.   The Debtors believe that the continued employment of Clyde Click as special counsel for the Debtors will enable the Debtors to avoid the unnecessary expense otherwise attendant in having another law firm familiarize itself with the OCP Matters.

28.    Accordingly, the Debtors respectfully submit that Clyde Click is well-qualified and uniquely able to provide the specialized legal advice sought by the Debtors on a going-forward basis in connection with the Representative Matters, in an efficient and effective manner.    The Debtors further submit that Clyde Click's retention as special counsel is in the best interest of the Debtors and their estates.

### Clyde Click Holds No Interest Adverse to the Debtors or the Debtors' Estates With Respect to the Representative Matters

29.    To the best of the Debtor's knowledge, information and belief, and except as may be set forth in the Click Declaration, Clyde Click does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters as to which Clyde Click is to be employed.

30.    The Debtors have been informed that Clyde Click will continue to conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Clyde Click will supplement its disclosure to the Court.

31.    Click & Null, P.C., in which Clyde E. Click, Esq. is a shareholder, has filed a proof of claim in these chapter 11 cases asserting a claim for earned but unpaid legal fees and expenses.    Click & Null, P.C. is, therefore, a prepetition creditor of the Debtors. However, Click & Null, P.C.'s status as a prepetition creditor of the Debtors should not be an impediment to its retention by the Debtors under section 327(e) of the Bankruptcy Code. *See* 3 Collier on Bankruptcy ¶ 327.04[9][d] at 327-63 to 327-64 (15th ed. rev. 2009) ("the disinterested test of section 327(a) does not apply to section 327(e) because the attorney may, in fact, be a creditor of the debtor for fees related to such prepetition representation of the debtor ); *see also In re DeVlieg, Inc.*, 174 B.R. at 503 (holding that proposed attorney due outstanding prepetition

14

fees did not hold interest adverse to the debtor or its estate for the matters for which it was to be

retained under the "more relaxed conflict-of-interest standard" of section 327(e)).

32.     Based on the foregoing and the disclosures set forth in the Affidavits, the

Debtors submit that Clyde click does not hold or represent any interest adverse to the Debtors or

the Debtors' estates with respect to the matters on which Clyde Click is to be employed.

### Clyde Click will not Conduct the Debtors' Bankruptcy Case

33.     By separate applications, the Debtors have sought and obtained the

Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general

bankruptcy counsel [Docket No. 1660], and Curtis, Mallet-Prevost, Colt & Mosle LLP as

conflicts counsel [Docket No. 1659].   By contrast, Clyde Click's postpetition work is comprised

of the Representative Matters.   None of these matters involve the conduct of the bankruptcy

cases themselves.   Additionally, because Clyde Click is not serving as the Debtors' general

bankruptcy counsel, the Debtors believe that Clyde Click has not rendered "services . . . in

contemplation of or in connection with the case" within the meaning of section 329(a) of the

Bankruptcy Code.

34.     Clyde Click will not represent the Debtors in matters other than the

Representative Matters and matters incidental or related thereto.   Without limiting the

foregoing, Clyde Click will not be responsible for (a) appearances before the Bankruptcy Court

and the U.S. Trustee; (b) litigation in the Bankruptcy Court with respect to matters that are

primarily disputes involving issues of bankruptcy law; or (c) the provision of legal advice within

the bankruptcy, tax, employment, or criminal law fields.   Further, Clyde Click will not be

required to devote attention to forming professional opinions as to, or advising the Debtors with

respect to, bankruptcy law.   Accordingly, the services rendered and functions to be performed

by Clyde Click have not been and will not be duplicative of any bankruptcy-related work

performed by other law firms retained by the Debtors.   Furthermore, Clyde Click will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complementary to other professionals' services.

35.    As described above, the Debtors' proposed retention of Clyde Click as special counsel to the Debtors falls squarely within the scope of and purpose for which Congress enacted section 327(e).   As stated above, the Debtors do not believe that Clyde Click holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which Clyde Click is proposed to be retained.   Accordingly, the Debtors submit that the retention of Clyde Click with respect to the Representative Matters is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

<u>**Notice**</u>

36.    No trustee has been appointed in these chapter 11 cases.   The Debtors have served notice of this Application in accordance with the procedures set forth in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Clyde Click; and (vii) all parties who have requested notice in these chapter 11 cases.   The Debtors submit that no other or further notice need be provided.

37.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: September 30, 2010
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

US_ACTIVE:\43510265\04\58399.0008

### Exhibit A

**Declaration of Clyde E. Click, Esq.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                       :

**In re**                       :      **Chapter 11**

                       :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **Case No. 08-13555 (JMP)**

                       :

              **Debtors.**     :      **(Jointly Administered)**

                       :

                       :
-----------------------------------------------------------------x

## DECLARATION OF CLYDE E. CLICK
## IN SUPPORT OF THE APPLICATION OF
## THE DEBTORS PURSUANT TO SECTION 327(e) OF THE
## BANKRUPTCY CODE AND RULE 2014(a) OF THE FEDERAL
## RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION
## TO EMPLOY AND RETAIN CLYDE CLICK, P.C., AS SPECIAL
## COUNSEL TO THE DEBTORS, EFFECTIVE AS OF OCTOBER 1, 2010

STATE OF GEORGIA        )
                        ) ss :
COUNTY OF FULTON     )

I, Clyde E. Click, declare and state as follows:

1.     I am a partner in the law firm of Clyde Click, P.C. ("Clyde Click"

or the "Firm"), with offices at 3475 Piedmont Road, N.E. Suite 1910, Atlanta, Georgia

30305.

2.     I submit this declaration in connection with the "Application of the

Debtors pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014(a) of the

Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Clyde

Click, P.C. as Special Counsel to the Debtors, effective as of to October 1, 2010" (the

"Application"). In the Application, Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors") seek authorization to employ and retain Clyde

Click as special counsel with respect to certain real estate, real estate finance, workout,

equity investment analysis, advice and restructurings, corporate and litigation related

matters. The Debtors seek to employ Clyde Click at the Firm's normal hourly rates in

effect from time to time and in accordance with the Firm's normal reimbursement

policies, in compliance with sections 330, 331, and 504 of title 11 of the United States

Code (the "Bankruptcy Code"), such Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") as may from time to time be applicable, such procedures as may be

fixed by Order of this Court, the Administrative Orders Re:  Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases

issued by the Southern District of New York Bankruptcy Judges, the U.S. Trustee

Guidelines, and other Orders of this Court.  In addition, the Firm hereby provides the

disclosure required under Bankruptcy Rules 2014(a) and 2016(b).  Capitalized terms used

but not defined herein have the meaning given in the Application.

   3. The facts set forth below are based upon my personal knowledge

and the Firm's client/matter records reviewed by me.  To the extent any information

disclosed herein requires amendment or modification as additional information becomes

available, a supplemental declaration will be submitted to the Court reflecting such

amended or modified information.

### Qualifications of Clyde Click

   4. Clyde E. Click, Esq. ("Click"), who is the sole shareholder of

Clyde Click, has practiced commercial real estate in Atlanta, Georgia for 32 years.  Click

was until July 2000 a partner in the law firm of Long, Aldridge and Norman, LLP (now

- 2 -

known as McKenna, Long & Aldridge, LLP), where he practiced commercial real estate
for 22 years and served for a time as head of the Finance (Commercial Real Estate)
Practice. He is a graduate of Rice University (B.A. 1975), and Columbia Law School
(J.D. 1978).

     5.    Click has extensive expertise in all areas of commercial real estate,
primarily representing lenders in real estate finance (including construction and
permanent loans, portfolios, CMBS, ground lease finance), but also borrowers,
developers, buyers, sellers, tenants, landlords, servicers and special servicers. He also
has extensive workout and loan restructuring experience, including deeds in lieu,
foreclosures, judicial workouts, senior, mezzanine and equity investments.

     6.    Click has represented the Debtors and their non-debtor affiliates in
connection with numerous mortgage and mezzanine loan workout, discounted payoff,
loan restructuring, loan transfer, modification of equity investment arrangements under
limited liability company operating agreements and partnership agreements, exercise and
defense of buy-sell procedures, and numerous other matters. Click has represented the
Debtors and their non-debtor affiliates for over seven years as a shareholder of Clyde
Click and previously as a shareholder of Click & Null, P.C., and has significant
experience with highly complex financing and equity investment arrangements. Clyde
Click has provided (and continues to provide) services to the Debtors during the
pendency of these cases in numerous matters, including (a) asset management, workout,
resolution, restructuring, transfer and liquidation activities with respect to loans, real
estate owned and other assets, (b) entity merger, formation, dissolution and other
corporate matters, and (c) the negotiation and resolution of rights and obligations in

- 3 -

connection with equity investments of subsidiaries (the "OCP Matters"). The Debtors

have requested that Clyde Click also represent them in such other real estate, real estate

finance, workout, equity investment analysis, advice and restructurings, corporate and

litigation related issues and services as may be assigned by the Debtors from time to time

(together with the OCP Matters, the "Representative Matters"). The Debtors believe that

Clyde Click has the relevant experience to provide the Debtors with effective and

efficient services related to the matters in which the Debtors desire to retain Clyde Click,

including the Representative Matters.

### Scope of Services

7.     The Debtors have requested that Clyde Click serve as special

counsel to provide services, to the extent necessary and as requested by the Debtors, with

respect to the Representative Matters.

8.     The Firm will not represent the Debtors in matters other than the

Representative Matters and matters incidental or related thereto. Without limiting the

foregoing, Clyde Click will not be responsible for (a) appearances before the Bankruptcy

Court and the U.S. Trustee, (b) litigation in the Bankruptcy Court with respect to matters

that are primarily disputes involving issues of bankruptcy law, or (c) the provision of

legal advice within the bankruptcy, tax, employment, or criminal law fields. Further,

Clyde Click will not be required to devote attention to forming professional opinions as

to, or advising the Debtors with respect to, bankruptcy law.

9.     To date in the chapter 11 cases, the Firm has served as ordinary

course counsel to the Debtors. On February 9, 2009, the Firm submitted the "Affidavit of

Ordinary Course Professional" (the "OCP Affidavit") and the accompanying Retention

- 4 -

Questionnaire [Docket No. 2968]. The OCP Affidavit is incorporated herein by this reference.

10.    Clyde Click has previously been performing legal services on behalf of the Debtors as a professional utilized in the ordinary course of business ("Ordinary Course Professional") in these chapter 11 cases pursuant to this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010 [Docket No. 7822] (the "Amended OCP Order"). Clyde E. Click, Esq., the principal attorney in Clyde Click, P.C., was previously a principal in Click & Null, P.C., which was an Ordinary Course Professional in these cases pursuant to the terms of this Court's Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated November 5, 2010 [Docket No. 1394].

11.    In accordance with the Amended OCP Order Clyde Click has been diligently preparing the present application and performing the necessary conflicts checks since it learned that its fees and expenses would exceed the $1 million threshold as of October 1, 2010.

12.    I respectfully submit this Declaration in connection with the Firm's continued services as counsel to the Debtors and in support of the Application.

**Related Prepetition Claim**

13.    Click & Null, P.C., in which Clyde E. Click, Esq. is a shareholder but which is in dissolution and has not been active since March 2009, has filed a proof of

- 5 -

claim (Claim No. 15737) in these chapter 11 cases asserting a claim for earned but unpaid legal fees and expenses in the amount of $110,055.86.

**Interested Parties**

14.    The Firm has received a supplemental list of names from the Debtors' counsel (the "Interested Parties"). I personally reviewed the list of Additional Interested Parties for connections of Clyde Click to any of these parties.

15.    Based on the foregoing, my personal review, and the OCP Affidavits, and except as provided herein and in the OCP Affidavits, to the best of my knowledge, information, and belief formed after reasonable inquiry, the Firm does not: (a) represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the Firm seeks to be employed as special counsel; or (b) have any connection with the Debtors, any creditors or other Interested Parties, their respective attorneys and accountants, or the United States Trustee for the Southern District of New York or any person employed by the Office of such United States Trustee.

16.    Click, the sole shareholder of Clyde Click, has in the past represented TriMont Real Estate Advisors, Inc., and ACE America Insurance Company, in matters unrelated to these chapter 11 cases and unrelated to the Debtors, but neither such party is presently a client of the Firm. Click was also formerly a partner of Long, Aldridge & Norman, LLP (now known as McKenna, Long & Aldridge, LLP), but left that firm in July 2000. Click is also a shareholder of Click & Null, P.C., but such firm is in dissolution and has not been active since March 2009. Clyde Click also represents or has represented other Lehman non-debtor entities, including, without limitation, Property

- 6 -

Asset Management Inc., PAMI LLC, and limited liability companies in which PAMI

LLC is the sole member.

## Special Counsel Compensation

17.    Clyde Click has not received any promises as to payment or

compensation in connection with these chapter 11 cases other than in accordance with the

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules

for the Southern District of New York (the "Local Rules"), and the Guidelines

established by the Office of the United States Trustee (the "U.S. Trustee Guidelines"),

and as disclosed herein, as those procedures may be modified or supplemented by order

of this Court, including but not limited to the Court's Third Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)

Establishing Procedures for Interim Monthly Compensation and Reimbursement of

Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee

Committee and Approving a Fee Protocol [Docket No. 3651].

18.    It is Clyde Click's policy to charge its clients in all areas of

practice for expenses incurred in connection with a client's case.  The expenses charged

to clients include, among other things, photocopying, witness fees, travel and lodging

expenses, certain secretarial and other overtime expenses, filing and recording fees, long

distance and other telephone charges, postage, vendor charges, express mail and

messenger charges, computerized legal research charges and other computer services,

expenses for "working meals," and telecopier charges.  Clyde Click will charge the

Debtors for these expenses in a manner and at rates consistent with charges made

generally to its other clients, subject to this Court's approval of such expenses pursuant to

- 7 -

sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may from time

to time be applicable, such procedures as may be fixed by Order of this Court, the

Administrative Orders Re: Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases issued by the Southern District of New

York Bankruptcy Judges, the U.S. Trustee Guidelines, and other Orders of this Court.

Clyde Click believes that failure to charge these expenses would require the Firm to

increase its current hourly rates.

19.    Clyde Click intends to seek compensation in accordance with

sections 330(a) and 331 of the Bankruptcy Code, the U.S. Trustee Guidelines, the

Bankruptcy Rules, the Local Rules, and any applicable Orders of the Court.

20.    Clyde Click's hourly rates are set at a level designed to

compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed

and routine overhead expenses.  Hourly rates vary with the experience and seniority of

the individuals assigned. The current hourly billing rates for Clyde Click professionals

are $495 for partners, $415 for associates, and range from $230 to $250 for

paraprofessionals.

21.    To reflect economic and other conditions, Clyde Click revises its

regular hourly rates periodically and requests that, effective as of the date of such

revision, the aforementioned rates be revised to the regular hourly rates that will be in

effect at that time.  I believe that these rates are commensurate with the hourly rates of

other firms of similar size and expertise in their respective markets.

LEGAL_US_E # 85561359.1

22.    Clyde Click has not agreed to share any of its compensation from the Debtors with any other person, other than a partner, counsel, associate, or staff person employed by Clyde Click.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on _September 30_, 2010.

Clyde E. Click

LEGAL_US_E # 85561359.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                            :
In re                                       :          **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :          **08-13555 (JMP)**
                                            :
                          **Debtors.**        :          **(Jointly Administered)**
                                            :
-------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 327(e)
## OF THE BANKRUPTCY CODE AND RULE 2014 OF
## THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
## AUTHORIZATION TO EMPLOY AND RETAIN CLYDE CLICK, P.C., AS
## SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE AS OF OCTOBER 1, 2010

Upon consideration of the application, dated September 30, 2010 (the

"Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the

"Debtors"), pursuant to section 327(e) of chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "Local Rules"), to employ and retain Clyde Click, P.C. ("Clyde Click") as

special counsel to the Debtors, effective as of October 1, 2010, all as more fully described in the

Application; and upon the Declaration of Clyde E. Click, Esq. (the "Click Declaration"), filed in

support of the Application; and the Court being satisfied, based on the representations made in

the Application and the Click Declaration, that, except as provided therein, Clyde Click

represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters

upon which it is to be engaged, under section 327 of the Bankruptcy Code as modified by section

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

1107(b); and the Court having jurisdiction to consider the Application and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided in accordance with the procedures set forth in accordance

with the procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9635] on (i) the

U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) Clyde Click; and (vii) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Application is in the best interests of

the Debtors, their estates and creditors, and all parties in interest and that the legal and factual

bases set forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is

       ORDERED that the Application is approved; and it is further

       ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain Clyde Click as special counsel to the Debtors,

effective as of October 1, 2010 on the terms set forth in the Application and this order, for the

Representative Matters identified in the Application and in accordance with Clyde Click's

customary rates in effect from time to time and its disbursement policies; and it is further

2

ORDERED that Clyde Click shall apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines

established by the U.S. Trustee, and such other procedures that have been or may be fixed by

order of this Court, including but not limited to the Court's Third Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

[Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee

Protocol [Docket No. 3651].

Dated: October ___, 2010
        New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE