Presentment Date and Time:  October 15, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  October 15, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                      :

In re                           :          **Chapter 11 Case No.**

                                        :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :          **08-13555 (JMP)**

                                        :

                  **Debtors.**       :          **(Jointly Administered)**

                                        :

-------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF APPLICATION
## OF THE DEBTORS PURSUANT TO SECTIONS 327(e)
## AND 330 OF THE BANKRUPTCY CODE AND RULE 2014 OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION
## TO EMPLOY AND RETAIN WOLLMUTH MAHER & DEUTSCH LLP AS SPECIAL
## COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO SEPTEMBER 9, 2010

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Application

(the "Application") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-

captioned chapter 11 cases (together, the "Debtors") pursuant to sections 327(e) and 330 of title

11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for authorization to employ Wollmuth Maher & Deutsch LLP as special

counsel, *nunc pro tunc* to September 9, 2010, all as more fully described in the Application, to

the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on

**October 15, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn:  Tracy Hope Davis, Esq., Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., and Linda Riffkin, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York, 10110, Attn:  Paul R. DeFilippo, Esq., **so as to be so filed and received by no later than October 15, 2010 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **October 20, 2010 (Prevailing Eastern Time)** at the United

States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck,

United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408.  If an

objection is filed the moving and objecting parties are required to attend the hearing, and failure

to appear may result in relief being granted or denied upon default.

Dated:  October 1, 2010
       New York, New York

 

/s/ Richard P. Krasnow          
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Presentment Date and Time:  October 15, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  October 15, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

```
------------------------------------------------------------------x
                                         :
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                            Debtors.     :    (Jointly Administered)
                                         :
------------------------------------------------------------------x
```

## APPLICATION OF THE DEBTORS
## PURSUANT TO SECTIONS 327(e) AND 330
## OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL
## RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO
## EMPLOY AND RETAIN WOLLMUTH MAHER & DEUTSCH LLP AS SPECIAL
## COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO SEPTEMBER 9, 2010

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter

11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with

their non-debtor affiliates, "Lehman"), submit this application (the "Application") pursuant to

sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code") for

authorization to employ and retain Wollmuth Maher & Deutsch LLP ("Wollmuth") as special

counsel, *nunc pro tunc* to September 9, 2010 and respectfully represent:

## Background

1.          Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.          On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.          On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.          On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.          On April 14, 2010, the Debtors filed a revised joint chapter 11 plan and disclosure statement [Docket Nos. 8330 and 8332].

## Jurisdiction

6.          This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

7. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

9. The Debtors seek entry of an order, pursuant to sections 327(e) and 330 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the employment and retention of  Wollmuth as special counsel to the Debtors, *nunc pro tunc* to September 9, 2010.  Specifically, the Debtors seek to retain Wollmuth to serve as conflicts and special litigation counsel in connection with the prosecution of certain avoidance actions brought pursuant to sections 547 and 548 of the Bankruptcy Code and other related claims, and such other litigation related matters as may be assigned by the Debtors (together, the "Representative Matters").

## Scope of Services to be Provided

10. Subject to further order of this Court, it is proposed that Wollmuth be employed to advise the Debtors solely in connection with the Representative Matters.

11.    Furthermore, the Debtors request that Wollmuth's retention be made effective *nunc pro tunc* to September 9, 2010 to allow Wollmuth to be compensated for work performed on behalf of the Debtors on or after September 9, 2010, but prior to the submission of this Application.  The Debtors submit that retroactive approval is warranted as Wollmuth provided necessary services to the Debtors and such services are of value to the estate and all parties in interest.  *See, In re Hasset, Ltd.*, 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002) (approving *nunc pro tunc* retention application and recognizing that "*nunc pro tunc* applications are disfavored in this Circuit but have been permitted when the attorney performs services of 'value' to the estate" (internal citations omitted)); *see also, In re Jarvis*, 53 F.3d 416 (1st Cir. 1995) (finding that a bankruptcy court may grant *post facto* application if employment meets statutory requirements and delay results from extraordinary circumstances); *Matter of Arkansas Co. Inc.*, 798 F.2d 645 (3d Cir. 1986) (opining that bankruptcy courts have discretion in extraordinary circumstances to retroactively approve a professional's employment).  In light of the expiration of the statute of limitations under sections 547 and 548 of the Bankruptcy Code, in order for the Debtors to timely file complaints against certain trustees, special purpose entities and noteholders, and obtain potential recoveries for creditors, the Debtors requested and Wollmuth agreed to promptly perform necessary and valuable litigation services, where Weil, Gotshal & Manges LLP ("Weil"), Jones Day and Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis") were conflicted. Therefore *nunc pro tunc* approval is warranted and accordingly requested.

## Basis for Relief

12.    The retention of Wollmuth under the terms described herein is appropriate under Bankruptcy Code sections 327(e) and 1107.  Section 327(e) provides for the appointment of special counsel where the proposed counsel does not possess any interest that is materially

adverse to the debtor with regard to the matter(s) that will be handled by counsel.  Section 327(e)

provides:

> The trustee, with the court's approval, may employ, for a specified
> special purpose, other than to represent the trustee in conducting
> the case, an attorney that has represented the debtor, if in the best
> interest of the estate, and if such attorney does not represent or
> hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

13.    Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of

counsel for a specified special purpose provided that: (a) the appointment is in the best interest of

the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the

matter for which counsel is to be employed; and (c) the specified special purpose for which

counsel is being retained does not rise to the level of conducting the bankruptcy case for the

debtor in possession.  *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that

"where the interest of the special counsel and the interest of the estate are identical *with respect

to the matter for which special counsel is retained*, there is no conflict and the representation can

stand") (emphasis in original); *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994).  As explained

more fully below, the Debtors submit that each of these factors is satisfied with respect to

Wollmuth and that, therefore, its retention should be approved under section 327(e) of the

Bankruptcy Code.

### The Employment and Retention of
### Wollmuth is in the Best Interests of the Estate

14.    Wollmuth is a full service law firm with an emphasis on litigation, corporate, tax,

and bankruptcy and reorganization law.  The Debtors seek to retain Wollmuth as its special

counsel because of its extensive experience, expertise and knowledge in the field of bankruptcy

and reorganization litigation, particularly in connection with the enforcement of the Debtors'

rights with respect to certain derivatives transactions.

15.     Wollmuth has stated its desire and willingness to represent the Debtors in the Representative Matters and to render the necessary professional services as special counsel to the Debtors.  Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of the estates and creditors, and should be granted in all respects.

### Wollmuth Holds No Interest Adverse to the Debtors or the Debtors' Estates With Respect to the Representative Matters

16.     To the best of the Debtors' knowledge, information and belief, and except as may be set forth in the affidavit of Paul R. DeFilippo, dated October 1, 2010 (the "DeFilippo Affidavit"), and annexed hereto as Exhibit A, neither Wollmuth nor any attorney employed by Wollmuth represent or hold any interest adverse to the Debtors or their estates with respect to the matters as to which Wollmuth is to be employed.  *See In re AroChem Corp.*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).  The Debtors have been informed that Wollmuth will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Wollmuth will supplement its disclosure to the Court.  *See* DeFilippo Affidavit at ¶ 13.

17.     As set forth in the DeFilippo Affidavit, Wollmuth represents certain creditors of the Debtors and has appeared on behalf of those clients in the Debtors' chapter 11 proceedings. These representations have been limited in scope and are unrelated to the Representative Matters, for which Wollmuth is being retained.  *See* DeFilippo Affidavit at ¶¶ 12 - 25.

18.     Based on the foregoing and the disclosures set forth in the DeFilippo Affidavit, the Debtors believe that Wollmuth does not hold or represent an interest adverse to the Debtors' and its estates that would impair Wollmuth's ability to perform professional services for the

Debtors, objectively and in accordance with section 327(e) of the Bankruptcy Code, regarding the Representative Matters. *See* DeFilippo Affidavit at ¶ 27.

19. To the best of the Debtors' knowledge, neither Wollmuth nor any partner, associate, or counsel thereof has any connection with the Debtors, the U.S. Trustee or any Parties in Interest, except as set forth in the DeFilippo Affidavit.

### Wollmuth will not Conduct the Debtors' Bankruptcy Case

20. Furthermore, by separate applications, the Debtors have sought and obtained the Court's approval to retain and employ Weil as the Debtors' general bankruptcy counsel, and Curtis as conflicts counsel. By contrast, Wollmuth's post-petition work is comprised of the Representative Matters. The Representative Matters do not involve the conduct of the bankruptcy cases themselves. Additionally, because Wollmuth is not serving as the Debtors' bankruptcy counsel, the Debtors believe that Wollmuth has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.

21. The Representative Matters do not overlap with the matters for which other special counsel have been retained. Accordingly, the services rendered and functions to be performed by Wollmuth will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors. Wollmuth will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

### Professional Compensation

22. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, propose to compensate Wollmuth at the Firm's regular hourly rates for legal and non-legal personnel, and to reimburse Wollmuth for all

reasonable and necessary expenses pursuant to the provisions of sections 330 and 331 of the

Bankruptcy Code. Wollmuth's hourly rate structure ranges from $495 to $615 for partners, $495

for of counsel attorneys, $250 to $425 for associates and $95 to $195 for paraprofessionals. The

Debtors respectfully submit that such rates are reasonable and comparable to the rates other firms

charge for similar services.

23.     All of Wollmuth's fees and expenses incurred during these chapter 11 cases on or

after March 1, 2010, will be subject to approval of the Court upon proper application by

Wollmuth in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures

may be modified or supplemented by order of this Court, including this Court's Third Amended

Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)

Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals [Docket No. 4165] and this Court's Order Appointing Fee Committee and

Approving Fee Protocol [Docket No. 3651].

### Notice

24.     No trustee has been appointed in these chapter 11 cases. The Debtors have served

notice of this Application in accordance with the procedures set forth in the second amended

order entered on June 17, 2010 governing case management and administrative procedures for

these cases [Docket No. 9635] on: (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; (vi) Wollmuth; and (vii) all

parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or

further notice need be provided.

25.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: October 1, 2010
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# Exhibit A

**(DeFilippo Affidavit)**

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
William A. Maher
Paul R. DeFilippo

Proposed Special Counsel for the
Debtors and Debtors In Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                            :

**In re**                             :      **Chapter 11 Case No.**
                             :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**
                             :

              **Debtors.**      :      **(Jointly Administered)**
                             :
-------------------------------------------------------------------x

## AFFIDAVIT OF PAUL R. DEFILIPPO
## IN SUPPORT OF APPLICATION OF THE
## DEBTORS PURSUANT TO SECTIONS 327(e)
## AND 330 OF THE BANKRUPTCY CODE AND RULE
## 2014(a) OF THE FEDERAL RULES OF BANKRUPTCY
## PROCEDURE FOR AUTHORIZATION TO EMPLOY AND
## RETAIN WOLLMUTH MAHER & DEUTSCH LLP AS SPECIAL
## <u>COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO SEPTEMBER 9, 2010</u>

STATE OF NEW YORK    )
                        ) ss:
COUNTY OF NEW YORK  )

      I, Paul R. DeFilippo, pursuant to 28 U.S.C. § 1746, hereby declare under the penalty of

perjury that the following is true and correct to the best of my knowledge, information and

belief:

      1.      I am an attorney duly admitted to practice before this Court.  I am a member of

the firm of Wollmuth Maher & Deutsch LLP ("<u>Wollmuth</u>" or the "<u>Firm</u>"), 500 Fifth Avenue,

New York, New York 10110. I am a member in good standing of the Bar of the State of New York. There are no disciplinary proceedings against me.

2.      I am in all respects competent to make this Affidavit in support of the application (the "Application")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases") for entry of an order authorizing the Debtors to retain and employ Wollmuth as their conflicts and special litigation counsel, *nunc pro tunc* to September 9, 2010, pursuant to section 327(e) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). I make this Affidavit based in material part on the Firm's business records, including its conflicts database, and a review of certain business records of the Debtors, most notably the list of known defendants in the litigation for which it is proposed that the Firm represent the Debtors, all of which sources I believe to be accurate, and the response to a conflict check that was circulated through the Firm electronically. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## Wollmuth's Qualifications

3.      The Debtors seek to retain Wollmuth as their special counsel because the Firm has considerable experience and knowledge in areas in which it has been asked to render services to the Debtors, particularly in connection with enforcement of the Debtors' rights in connection with certain derivatives transactions.

---

[1]  Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Application.

4.      For the foregoing reasons, the Debtors believe that Wollmuth is both well qualified and able to represent them in an efficient and timely manner.

5.      I am a partner in the Firm and one of the principal Wollmuth attorneys working on this engagement.  Other professionals and paraprofessionals in the Firm's litigation and restructuring practices will participate in the representation of the Debtors in these cases.

### Services to be Provided

6.      The Debtors have retained Wollmuth to serve as special counsel, initially in connection with litigation to be brought against certain trustees, certain special-purpose entities and noteholders that received distributions as a result of the enforcement of provisions in transaction documents that purport to reverse the priority of payments on the occurrence of an event of default, similar to the claims made and issues raised in Lehman Bros. Special Financing, Inc. v. BNY Corp. Trustee Svcs. Ltd., 422 B.R. 407, 420-21 (Bankr. S.D.N.Y 2010), and with respect to additional assignments which the Debtors may determine are suitable for the Firm to handle.

7.      Wollmuth understands that the Debtors have already retained other professionals and may file additional applications for other professionals in these cases, and the Firm has advised the Debtors that it will take all steps necessary to avoid duplication of efforts by any other professionals retained in these cases.

### Disinterestedness of Professionals

8.      To the best of my knowledge, after due inquiry, and except as set forth herein, neither I, Wollmuth, nor any member of, counsel to or associate of the Firm represents any creditor, party in interest or entities other than the Debtors in connection with the Chapter 11 Cases.

9.      Wollmuth is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Wollmuth and its members, counsel and associates:

(a)      are not creditors, equity security holders or insiders of the Debtors;

(b)      are not and were not, within two years before the Petition Date, a director, officer or employee of the Debtors;

(c)      do not have an interest materially adverse to the interest of the Debtors' estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or for any other reason; and

(d)      have not represented any party in connection with matters relating to the Chapter 11 Cases, except as set forth herein, although Wollmuth has certain relationships with other parties in interest and other professionals involved in the Chapter 11 Cases in connection with matters wholly unrelated to the purpose for which the Debtors seek to retain Wollmuth.

10.      To the best of my knowledge, the Firm has had no previous attorney-client relationship with the Debtors.

11.      Certain interrelationships exist among the Debtors and their non-debtor affiliates. The Debtors have advised Wollmuth that the relationships among the Debtors and among their non-debtor affiliates do not pose any conflict of interest because of the general unity of interest among the Debtors and their non-debtor affiliates.  Insofar as I have been able to ascertain, I know of no conflict of interest that would preclude Wollmuth's representation of the Debtors as special counsel.

## Connections with Creditors and Other Parties in Interest

12.      Neither the Firm nor any of its members or associates, insofar as I have been able to ascertain after due inquiry, has any prior connection (connection being defined as a professional relationship), except as set forth herein, with the Debtors, any parties named as defendants in the actions the Firm filed on behalf of the estate on September 14, 2010, their

respective attorneys, the United States Trustee or any person employed in the office of the

United States Trustee, except to the extent that any such members or associates:  (i) may have

appeared in the past and may appear in the future in cases where one or more of said parties may

be involved; and (ii) may have represented or may represent one or more said parties in matters

unrelated to the matters for which Debtors seek to retain Wollmuth.

13.     To the extent any information disclosed herein requires amendment or

modification upon Wollmuth's completion of any further review or as additional information

becomes available to Wollmuth, an affidavit supplemental to this Affidavit will be submitted to

the Court reflecting such amended or modified information.

### Current Representations

14.     The Firm presently represents Jeffrey Sardis, Lauren Sardis, and JAS Holding

Corp. (collectively, the "Sardis Claimants"), with respect to one or more proofs of claim the Firm

filed on behalf of the Sardis Claimants in the Securities Investor Protection Act proceeding of

Lehman Brothers, Inc., Case No. 08-01420 (JMP) (the "LBI SIPA Proceeding") and with respect

to efforts to collect said claims.

15.     The Firm presently represents Riverside Holdings, LLP, formerly known as

Riverside Holdings, LLC, and DDIM Holdings, LLC (collectively, the "Riverside Claimants"),

with respect to one or more proofs of claim the Firm filed on behalf of the Riverside Claimants

in the LBI SIPA Proceeding and with respect to efforts to collect said claims from parties other

than the Debtors or any parties named as defendants in the actions the Firm filed on behalf of the

estate on September 14, 2010.

16.     The Firm presently represents Roger J. Weiss and Suzanne Weiss, as co-executors

of the estate of Stephen H. Weiss (collectively, in such capacity, the "Weiss Claimants"), with

respect to one or more proofs of claim the Firm filed on behalf of the Weiss Claimants in one or more of the Chapter 11 Cases and with respect to efforts to collect said claims from parties other than the Debtors or any parties named as defendants in the actions the Firm filed on behalf of the estate on September 14, 2010.

17.    The Firm presently represents Sistema Universitario and Ana G. Mendez with respect to one or more proofs of claim the Firm filed for it in connection with one or more of the Chapter 11 Cases, which claims arise from the Debtors' contractual obligations to provide a return on funds and/or securities held in reserve by an indenture trustee pursuant to indentures governing two bond issuances.

18.    The Firm presently represents Elizabeth Satin, a former employee of one or more of the Debtors, with respect to two proofs of claim the Firm filed for her in connection with one or more of the Chapter 11 Cases for unpaid portions of her compensation package when she was downsized.

19.    The Firm presently represents Mizuho Corporate Bank, Ltd., as agent in its capacity as co-chair of the Debtors' Official Unsecured Creditors Committee (the "Committee"), concerning discovery served on it by the defendant in adversary proceeding, No. 10-03266 (JMP), filed on behalf of the Debtors' estate and the Committee, as co-plaintiffs, against defendant, JPMorgan Chase Bank, N.A.

20.    The Firm currently represents IPC Network Services, Inc. and IPC Systems, Inc. (collectively, "IPC") in connection with assertions by the LBI SIPA Trustee that IPC received preferential transfers from LBI.

21.    The Firm filed two proofs of claim on behalf of Orix USA Corporation ("Orix") related to an unsecured claim for unpaid obligations due and owing under a swap transaction.

Neither of the claims have been contested, and the Firm has not been retained to represent Orix as to such proofs of claim in the Chapter 11 Cases.

### Prior Representations

22.     The Firm represented Vince DiMassimo, who served as head of Credit Risk Management for one or more of the Debtors prior to the Petition Date, with respect to a September 15, 2009 voluntary interview by counsel for the Examiner.  However, to the best of my knowledge, the Firm has not performed any services with respect to this representation since 2009, no matters or proceedings are presently pending with respect to said representation, and Mr. DiMassimo has not since been employed by and/or associated with any of the Debtors or their affiliates.

23.     The Firm previously represented former directors of Lehman Brothers Holdings, Inc. in connection with certain director and officers insurance coverage issues.  However, to the best of my knowledge, the Firm has not performed any services with respect to this representation since 2009, and no matters or proceedings are presently pending with respect to said representation.

24.     The Firm has in the past represented JP Morgan Chase, Citibank, US Bank, BlackRock Institutional Management Corporation, MoneyGram International, Inc., MoneyGram Payment Systems, Inc., and Bank of America, who are or may be defendants in the actions the Firm filed on behalf of the estate on September 14, 2010.  None of those prior representations related in any way to the Debtors.

25.     The Firm previously represented Sola Ltd. in an adversary proceeding, No. 08-01638 (JMP), against defendants, Lehman Brothers Special Financing Inc. and JPMorgan Chase Bank, N.A. with respect to funds that were erroneously transferred to JPMorgan Chase Bank,

N.A.  However, this matter was resolved, and the adversary proceeding was terminated on March 18, 2009.  To the best of my knowledge, the Firm has not performed any services with respect to this representation since 2009, and no matters or proceedings are presently pending with respect to said representation.

26.    The Firm in the past and may in the future represent persons who are creditors of the Debtors or parties in interest in these cases in matters unrelated to these cases.  Any services that the Firm may provide to creditors or parties in interest in these Chapter 11 Cases will not relate to, or have any direct connection with, any matters on which the Firm will render services to or on behalf of the Debtors or their estates.

27.    All client connections were diligently reviewed by an attorney working under my supervision.  From such review, I determined that, with respect to each connection between Wollmuth and such parties, Wollmuth does not hold or represent an interest that is adverse to the Debtors' estates, and that Wollmuth is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.  As additional information concerning entities having a material connection with the Debtors is developed, Wollmuth will file appropriate supplemental disclosures with the Court.

28.    None of the relationships described are materially adverse to the interests of the Debtors' estates and none would conflict Wollmuth from any matters for which the Debtors seek to retain Wollmuth.

### Wollmuth's Rates and Billing Practices

29.    At the request of the Debtors, in order to file complaints due to be filed before the two year anniversary of the commencement of the LBHI Chapter 11 case, Wollmuth commenced rendering services to the debtors on or about September 9, 2010.  The Firm requests that if its

retention is approved that such approval be made nunc pro tunc to the first date on which it

began rendering services. Wollmuth has not received any compensation for services rendered in

the Chapter 11 Cases to date.

30.    Prior to the Petition Date, the Firm was not a creditor of the Debtors.

31.    All compensation for services rendered by Wollmuth and reimbursement of

expenses incurred by Wollmuth in this case shall be subject to the approval of this Court, and

Wollmuth shall seek this Court's approval for the payment of such compensation pursuant to the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders

of this Court.

32.    Subject to such provisions and Court Orders, compensation will be payable to

Wollmuth on an hourly basis at its customary hourly rates for professional services rendered that

are in effect from time to time, plus reimbursement of actual, necessary expenses incurred by

Wollmuth.  Wollmuth's hourly rates for its personnel are $495 to $615 for partners, $495 for of

counsel attorneys, $250 to $425 for associates and $95 to $195 for paraprofessionals.

33.    No promises have been received by Wollmuth or any member, counsel or

associate thereof as to compensation in connection with this case other than as disclosed and in

accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules

and orders of this Court.

34.    Furthermore, in accordance with section 504 of the Bankruptcy Code and

Bankruptcy Rule 2016(b), Wollmuth has not shared nor agreed to share:  (a) any compensation it

has received or may receive in connection with the services rendered in the Chapter 11 Cases

with another party or person, other than with the partners, counsel, associates, contract attorneys

and other employees associated with Wollmuth; or (b) any compensation another person or party

has received or may receive in connection with services rendered in the Chapter 11 Cases.

*[ Remainder of Page Intentionally Left Blank ]*

I certify that the foregoing statements are true and correct to the best of my knowledge,

information and belief.

Dated: October  /  , 2010
       New York, New York

                                      Paul R. DeFilippo
                                      A Member of the Firm

SWORN TO AND SUBSCRIBED
before me this 1st day of October, 2010

**EVELINA A. GREZAK**
**Notary Public, State of New York**
**Qualified in New York County**
No. 01GR6218937
**My Commission Expires March 15, 2014**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                            :
                    Debtors.                :    (Jointly Administered)
                                            :
-------------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 327(e) AND 330 OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF WOLLMUTH MAHER & DEUTSCH LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 9, 2010

Upon consideration of the application, dated October 1, 2010 (the "Application"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11

cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 327(e)

and 330 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ

and retain Wollmuth Maher & Deutsch LLP ("Wollmuth") as special counsel to the Debtors,

*nunc pro tunc* to September 9, 2010, with respect to the Representative Matters and as more fully

described in the Application; and upon the Affidavit of Paul R. DeFilippo (the "DeFilippo

Affidavit"), a partner at Wollmuth, which was filed in support of the Application; and the Court

being satisfied, based on the representations made in the Application and the Affidavit, that,

except as provided therein, Wollmuth represents no interest adverse to the Debtors or the

Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of

the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and the Court

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

having jurisdiction to consider the Application and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application

having been provided in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9635] on (i) the United States Trustee for the Southern District of New York;

(ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) Wollmuth; and (vii) all parties who have requested notice in

these chapter 11 cases, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Application is in the best

interests of the Debtors, their estates and creditors, and all parties in interest and that the legal

and factual bases set forth in the Application establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is granted; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors are

hereby authorized to employ and retain Wollmuth as special counsel to the Debtors, effective

*nunc pro tunc* to September 9, 2010 for the Representative Matters identified in the Application

and in accordance with Wollmuth's customary rates in effect from time to time and its

disbursement policies; and it is further

ORDERED that Wollmuth shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated:  October __, 2010
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE