# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

October 4, 2010

Honorable Judge James M. Peck
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:   *In re Lehman Brothers Holdings Inc., et al.,* **Case No. 08-13555 (JMP)**
             *In re Lehman Brothers Inc., et al.,* **Case No. 08-01420 (JMP)**

Dear Judge Peck:

      Barclays Capital Inc. ("Barclays") respectfully submits this letter brief in support of its motion to admit into evidence certain documents prepared by its auditors Pricewaterhouse-Coopers ("PwC"). The documents in question (the "PwC Exhibits") are memoranda, attachments to memoranda, and emails generated by PwC in connection with its audit of Barclays 2008 financial statements.[1]

      Barclays offers these documents into evidence not as "expert" evidence, as Movants have claimed, but as contemporaneous evidence that directly supports the reasonableness of Barclays' methodologies for valuing the assets acquired from Lehman for purposes of its publicly-filed financial statements. Movants have claimed that Barclays undervalued the assets acquired in the Sale by over $5 billion. The work performed by PwC – including its review of Barclays' price testing methods, its review of independent pricing sources, and the analyses performed by specialized valuation groups within PwC – is direct evidence that supports the fact that the Barclays valuations were *reasonable*, and were not deliberately biased downwards, as Movants have suggested.

      In addition, Barclays submits the documents for the more limited purpose of simply proving the fact that PwC performed an extensive audit of the accounting and valuation judgments of the Acquisition Balance Sheet. This more limited purpose is also indirect evidence of the fact that the Barclays valuations were reasonable.

      Movants object to several (but not all) of the PwC Exhibits under Federal Rules of

---

[1] The PwC Exhibits are contained in Barclays' Exhibit Binder G and are labeled as BCI Exhibits 592a, 596, 597, 600, 601, 604, 605, 607, 612, 613, 615, 616, 616N, 618, 619, 727, 727b, 870, 870a, 959, 995, 996, 1000, 1000a and 1054. Movants oppose the admission of each of the PwC Exhibits except those labeled as BCI Exhibits 615, 618, 727, 727b and 870.

BOIES, SCHILLER & FLEXNER LLP

Honorable Judge James M. Peck
October 4, 2010
Page 2

Evidence 701 and 702 on the basis that Barclays intends to offer them "as a substitute for factual and expert testimony." [2]

Audit materials that qualify as business records pursuant to FRE 803(6), which expressly applies to "opinions," cannot properly be excluded under FRE 702. *In re Acceptance Ins. Companies, Inc. Securities Litigation*, 352 F.Supp.2d 940, 946 (D.Neb. 2004) (admitting PwC actuarial reports and D&T audits pursuant to FRE 803(6) despite challenge under FRE 702); *see also Shelton v. Consumer Products Safety Commission*, 277 F.3d 998, 1009 n.8 (8th Cir. 2002) (holding that it was unnecessary to consider a Rule 702 challenge to laboratory reports because they were properly admitted as business records under 803(6)); *U.S. v. Licavoli*, 604 F.2d 613, 622-23 (9th Cir. 1979) ("We see no reason to adopt an inflexible rule that every case requires the proponent of a business record containing expert opinion to affirmatively establish the qualifications of the person forming the opinion"); *Aumand v. Dartmouth Hitchcock Medical Center*, 611 F.Supp.2d 78, 85-86 (D.N.H. 2009) ("most authorities" take the view that a party offering a document under FRE 803(6) "need not also show, under Rule 702, the qualifications of the document's author to render any opinions in the report").

Movants also object to Barclays' motion to admit the PwC Exhibits on the grounds that it is untimely because it comes "long after the close of Barclays' fact case." [3] However, the majority of the PwC documents for which Barclays is seeking admission into evidence were identified *before April 30, 2010*, and all but one of the remaining documents were identified as Barclays exhibits before September 21, 2010. [4] Barclays has also consistently made clear that its fact case remained open pending the resolution of the admissibility of outstanding exhibits. [5] Indeed, after closing their fact case in June, Movants have identified

---

[2] *See* Exhibit 2 (October 3, 2010 email and attachment from Robert Gaffey to Christopher Green).

[3] *See* Exhibit 2.

[4] *See* Exhibit 4 (demonstrating that 13 of the 25 PwC Exhibits – BCI Exhibits 596, 597, 600, 601, 604, 605, 607, 612, 613, 615, 616, 618, 619 and 727 – were identified for and provided to the Movants on or before April 30, 2010, and Exhibits 5-11 (demonstrating that 11 of the remaining 12 PwC Exhibits – BCI Exhibits 592a, 616N, 727b, 870, 870a, 959, 995, 996, 1000 and 1000a – were identified for and provided to the Movants on or before September 21, 2010). Movants have also known since January 8, 2010 (the date they received Professor Pfleiderer's report) that Professor Pfleiderer relies to some degree upon the work done by PwC in opining on the reasonableness of Barclays' valuations. Indeed, contrary to Movants' counsel's recollection, Movants included three members of PwC's audit team on Movants' witness list, but then chose not to call any of them (or depose any of them).

[5] On June 25, 2010, after Movants' final fact witness was excused, the Trustee's Counsel requested that the record not close formally on the Trustee's case before certain already designated exhibits could be moved into evidence. The Court responded, "You'll be able to move in those documents hopefully on a consent basis in August." (June 25, 2010 Hearing Transcript at 124:23-125:8.) On September 29, Barclays stipulated to the admission of approximately 80 of Movants' new trial exhibits.

BOIES, SCHILLER & FLEXNER LLP

Honorable Judge James M. Peck
October 4, 2010
Page 3

at least 200 new exhibits.[6]

Lastly, Movants object to the PwC exhibits on the grounds that they contain inadmissible hearsay and "hearsay within hearsay."[7] Barclays addresses these objections in turn below.

The PwC Exhibits are business records and are therefore admissible under FRE 803(6). Auditors' and accountants' notes and work papers are admissible as business records. *Phoenix Associates III v. Stone*, 60 F.3d 95, 102 (2d. Cir. 1995) (affirming admission of accountant's work paper prepared "in the regular course of preparing appellants' financial statements"). *Accord, United States v. Frazier*, 53 F.3d 1105, 1110 (10th Cir.1995) (audit report); *Hoselton v. Metz Baking Co.*, 48 F.3d 1056, 1061 (8th Cir. 1995) (accountant's notes); *Mason Tenders Dist. Council v. Aurash Const. Corp.*, 2005 WL 2875333 at *2-3 (S.D.N.Y. Oct. 31, 2005) (audit reports); *see also Resolution Trust Corp. v. Eason*, 17 F.3d 1126, 1131-32 (8th Cir.1994) (work papers of Federal Home Loan Bank Board prepared in the course of examination of savings and loan's records); *United States v. Leo*, 941 F.2d 181, 194 (3d Cir.1991) (economic data uncovered in audit).

Numerous similar PwC audit documents have been marked by Movants, including approximately 20 that have been admitted from Movants' exhibit list by stipulation. These include documents that are indistinguishable from the exhibits Barclays seeks to admit. *See, e.g.*, Movants' Trial Exhibits 255, 333, 337, 338, 340, 341 and 343.

To the extent there is any alleged hearsay within the PwC Exhibits, both it and the exhibits themselves are admissible as long as "each part of the combined statements conforms with an exception to the hearsay rule." FRE 805. Although Movants have not specified the alleged hearsay to which they object, it appears to Barclays that most, if not all, of the exhibit content that could be challenged as hearsay within hearsay fits within a hearsay exception. For example, Barclays' documents that are included in the PwC Exhibits are independently admissible as Barclays' own business records.

Moreover, Barclays', Lehman's, and third parties' records that PwC relied on are deemed to be "integrated" within PwC's business records and are admissible for that reason. FRE 803(6) allows the admission of a business's records, including records generated by third parties, if the third party records "are integrated into a company's records and relied upon in its day to day operations." *U.S. v. Jakobetz*, 955 F.2d 786, 800-01 (2d Cir. 1992) (*quoting Matter of Ollag Constr. Equip. Corp.*, 665 F.2d 43, 46 (2d Cir. 1981)). *Accord, U.S. v. Adefehinti*, 510 F.3d 319, 325-326 (D.C. Cir. 2007); *Air Land Forwarders, Inc. v. U.S.*, 172 F.3d 1338, 1342-44 (Fed. Cir.

---

[6] In addition to the PwC exhibits, both Barclays and Movants are trying to resolve objections relating to other exhibits, which may need to be offered for admission and resolution by the Court if the parties are unable to come to agreement.

[7] *See* Exhibit 2.

BOIES, SCHILLER & FLEXNER LLP

Honorable Judge James M. Peck
October 4, 2010
Page 4

1999) (collecting cases). If the Court deems it necessary, Barclays is prepared to call a PwC witness to establish that PwC relied on the integrated documents.

In the event the Court declines to admit the PwC Exhibits for all purposes, Barclays offers them for the limited purpose of showing the thoroughness of PwC's audit and showing how PwC documented its conclusions regarding the reasonableness of several valuation methodologies used by Barclays and challenged by Movants.

In the event the Court declines on hearsay grounds to admit for all purposes any third party information found within the PwC Exhibits, Barclays offers that information alternatively not for its truth, but to show PwC's understanding. FRE 801(c); *Attorney General v. Irish Northern Aid Committee*, 530 F.Supp. 241, 252-53 (S.D.N.Y. 1981), aff'd, 668 F.2d 159 (2d Cir. 1982).

Finally, to the extent there is any inadmissible hearsay within hearsay in the PwC exhibits, the appropriate remedy is redaction of the embedded hearsay, not exclusion of the entire exhibit. *Stissi v. Interstate and Ocean Transport Co. of Philadelphia*, 765 F.2d 370, 376 (2d Cir. 1985) (affirming admission of report with double hearsay redacted); *U.S. v. Kozeny*, 664 F.Supp.2d 369, 383 (S.D.N.Y. 2009) (admitting report with inadmissible hearsay portions redacted).

For the reasons stated above, Barclays respectfully requests that the Court grant its motion to admit the PwC Exhibits.

Respectfully submitted,

Jonathan D. Schiller

cc: Robert Gaffey, Esq.
William Maguire, Esq.
James Tecce, Esq.