**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
T. Barry Kingham
L. P. Harrison 3rd
Timothy N. McCabe
Cindi M. Eilbott

*Counsel for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :    08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :    (Jointly Administered)
                                                            :
                    Debtors.                                :
                                                            :
                                                            :
-------------------------------------------------------------------x
                                                            :
LEHMAN COMMERCIAL PAPER INC.,                               :
                                                            :    Adv. Pro. No. 10-____
                    Plaintiff,                              :
                                                            :
        v.                                                  :
                                                            :    **COMPLAINT**
                                                            :
                                                            :
CONFLUENT V LIMITED and AXA INVESTMENT                      :
MANAGERS PARIS S.A.,                                        :
                                                            :
                    Defendants.                             :
-------------------------------------------------------------------x

Lehman Commercial Paper Inc. ("LCPI"), as debtor and debtor in possession, by its undersigned attorneys, alleges as follows:

## NATURE OF THE ACTION

1.      LCPI brings this adversary proceeding under 11 U.S.C. §§ 547(b) and 550(a) to avoid as preferential transfers certain transfers that it made to defendant Confluent V Limited ("Confluent") (together with AXA Investment Managers Paris S.A., the "Defendants") for or on account of an antecedent debt during the 90 day period prior to commencing its bankruptcy case, at which time LCPI is presumed to have been insolvent. Specifically, LCPI seeks entry of a judgment against the Defendants (i) pursuant to 11 U.S.C. § 547(b), avoiding the Avoidable Transfer (defined below), (ii) pursuant to 11 U.S.C. § 550(a), directing the Defendants to return the debt in question to LCPI, or in alternative to pay to LCPI's estate the value of the Avoidable Transfer, plus interest, and (iii) pursuant to 11 U.S.C. § 550(a), directing the Defendants to pay to LCPI's estate the amount of principal, interest, and fees they have received since the Elevation Date (defined below) as a result of Confluent's position as lender of record.

## JURISDICTION AND VENUE

2.      This adversary proceeding is commenced pursuant to Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as well as sections 547(b) and 550(a) of chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

3.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § § 157 and 1334.

8365056

4.      This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

5.      Venue is proper in this Court under 28 U.S.C. § 1409(a) because LCPI's bankruptcy case is pending in this district.

## THE PARTIES

6.      At the time of the Avoidable Transfer, LCPI was a corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

7.      LCPI is a wholly-owned subsidiary of Lehman ALI Inc., which itself is a direct subsidiary of Lehman Brothers Holdings, Inc. ("LBHI").

8.      On September 15, 2008, LBHI commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  On October 5, 2008, LCPI also commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Commencement Date").  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  LCPI is authorized to operate its businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and, accordingly, is authorized to prosecute preference actions.

9.      Upon information and belief, defendant AXA Investment Managers Paris S.A. ("AXA") is an investment manager organized as a Société Anonyme under the laws of France, with its principal place of business at Couer Défense - Tour B - La Défense 4, 100, esplanade du Général de Gaulle - 92400 Courbevoie, France, that does and transacts business within the United States including the State of New York.

3

10.    Upon information and belief, defendant AXA acts as an investment manager for defendant Confluent, a public company with its principal place of business at 19-20 City quay, Dublin 2, Ireland.  Defendant Confluent has filed a proof of claim against LCPI.

## BACKGROUND

11.    Prior to the Commencement Date, LCPI, among other things, originated commercial loans with borrowers and bought and sold interests in commercial loans with borrowers.  As the lender of record on the loan, LCPI would from time to time sell interests in respect of those loans to third parties, without the third parties becoming creditors of the borrower.  Such arrangements are referred to as loan participations, a commonly used device for financing lenders' investments in commercial loans.

12.    By selling a participation, LCPI would receive a non recourse loan from the participant, and in return, would grant to the participant the right to receive from LCPI: (i) a specified percentage of the principal and interest payments received by LCPI from the borrower on the underlying loan, and (ii) the same percentage of any proceeds realized from LCPI from the disposition of any collateral pledged by the borrower to secure the underlying loan.

13.    A number of these participations were governed by Loan Market Association ("LMA") Terms and Conditions.  In an LMA-governed participation, the participant has no contractual relationship with the borrower.  The participant also has no ownership interest in the underlying loan, and has no legal right to pursue the borrower for principal and interest payments due on the loan.  Rather, it has only a creditor relationship with the grantor that sold the participation, in this case, LCPI.

4

14.     In a participation, the participant often has the right to request that the grantor "elevate" the participant's status to that of lender by assignment or novation of the underlying ownership interest in the loan itself to the participant under the terms of the applicable credit agreement, including obtaining the consent of the underlying borrower or the agent, where required.  If the elevation request is granted, the original lender transfers its interest in all future principal and interest payments and its right to recovery on any collateral to the participant.  Any future funding obligations the original lender had to the borrower are also eliminated and become the obligations of the participant as the lender of record.  The participant becomes entitled thereafter to receive its full share of principal and interest payments directly from the borrower and to vote its interest in the loan under the terms of the credit agreement.

15.     Upon information and belief, Confluent purchased a loan participation interest (the "Participation") from LCPI.  The Participation was governed by the LMA Terms and Conditions.

16.     Following LBHI's bankruptcy filing on September 15, 2008, the number of elevation requests LCPI received increased substantially compared to the period before LBHI's filing.  On or about September 15, 2008, the Defendants sought to be elevated to lender of record status with respect to the Participation.  LCPI approved this elevation which became effective on or about October 1, 2008.

17.     Upon information and belief, the Defendants sought to elevate the Participation shortly after LBHI's bankruptcy filing in an attempt to ensure that Confluent would recover loan payments directly from the applicable borrower, rather than holding mere unsecured claims in the event that LCPI filed for bankruptcy.

5

8365056

18.     Upon information and belief, following the elevation, the Defendants received payments of principal, interest and fees directly from the borrower.  Absent the elevation, such payments would have been provided to LCPI, and the Defendants would have held an unsecured claim against LCPI in the amount of the payments received by LCPI.

## COUNT I – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE AND RECOVER SUCH TRANSFERS PURSUANT TO SECTION 550(a)

19.     LCPI repeats and realleges each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

20.     Sections 547(b) and 550(a) of the Bankruptcy Code empower a debtor in possession, for the benefit of the estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

21.     Pursuant to section 547(b) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

22.     During the 90 day period prior to the Commencement Date, on October 1, 2008, LCPI elevated Confluent's positions with respect to its Participation in the Gala Group Ltd. loan (the "Avoidable Transfer").

6

23.     The Avoidable Transfer constituted a transfer of LCPI's interest in property.

24.     The Avoidable Transfer was to or for the benefit of the Defendants.

25.     The Avoidable Transfer was for or on account of antecedent debts owed by LCPI to Confluent under the Participation.

26.     The Avoidable Transfer was made at a time when, pursuant to 11 U.S.C. § 547(f), LCPI is presumed to have been insolvent.

27.     At the time the Avoidable Transfer occurred, the debts and liabilities of LCPI to the Defendants were unsecured obligations.  The result of the Avoidable Transfer is that the debts and liabilities of LCPI to the Defendants were paid in full.

28.     If LCPI were liquidated under chapter 7 of the Bankruptcy Code, holders of unsecured claims would not be paid in full.  The result of the Avoidable Transfer is that the debts and liabilities of LCPI to the Defendants were paid in full.  The Avoidable Transfer enabled the Defendants to receive more in satisfaction of their claims against LCPI than they would have received in a case under chapter 7 of the Bankruptcy Code had the transfer not been made.

29.     By reason of the foregoing, the Avoidable Transfer should be avoided and set aside as preferential.  LCPI is entitled to unwind the elevations and be restored to lender of record status.

30.     In the alternative, if the Defendants no longer hold the Avoidable Transfer, LCPI is entitled to recover from the Defendants the value of the Avoidable Transfer, in an amount to be determined, plus interest thereon to the date of the payment.

8365056

31.     LCPI is also entitled to recover from the Defendants any principal, interest or fee payments that the Defendants received from the borrower subsequent to the Avoidable Transfer as a result of the Defendants' position as lender of record.

## PRAYER FOR RELIEF

WHEREFORE LCPI respectfully requests that this Court enter judgment as follows:

(i)     Ordering that LCPI may avoid Confluent's elevation from participant to lender of record, pursuant to 11 U.S.C. § 547(b);

(ii)    If the Defendants no longer hold the relevant loan position, ordering the Defendants to pay to LCPI's estate the value of the Avoidable Transfer in an amount to be determined, plus interest, pursuant to 11 U.S.C. § 550(a);

(iii)   Ordering the Defendants to pay to LCPI's estate the amount of principal, interest and fees it has received since the Elevation Date as a result of Confluent's position as lender of record, pursuant to 11 U.S.C. § 550(a); and

(iv)    granting to LCPI such other and further relief as may appear just and

proper.

Dated: New York, New York
       October 5, 2010

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: /s/  L. P. Harrison 3rd

T. Barry Kingham
L. P. Harrison 3rd
Timothy N. McCabe
Cindi M. Eilbott
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000
*Counsel for Debtors and
Debtors in Possession*

9