# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: 212.326.3939 • FACSIMILE: 212.755.7306

Direct Number: (212) 326-7838
rgaffey@jonesday.com

October 6, 2010

The Honorable James M. Peck
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
(212) 668-2870

        Re:    In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP)
                In re Lehman Brothers Inc., et al., Case No. 08-01420 (JMP)

Dear Judge Peck:

      Movants respectfully submit this opposition to Barclays' motion to admit into evidence documents prepared by PricewaterhouseCoopers ("PwC") that, according to Barclays, purport to "directly support[] the reasonableness of Barclays' methodologies for valuing the assets acquired from Lehman." (Barclays' Oct. 4, 2010 Ltr. at 1).*

      As the Court knows, Barclays has proffered an expert witness, Professor Paul Pfleiderer, who also purports to opine on the reasonableness of Barclays' valuation procedures. Barclays served an expert report for Professor Pfleiderer before trial; his opinions were subject to pre-trial discovery and *Daubert* motion practice; and he has now given testimony regarding the basis (or lack thereof) for his opinions. The opinions that Barclays offers through these PwC Exhibits, by contrast, were not disclosed in any expert report by any PwC witness. Nor will any PwC witness testify regarding the purported reasonableness of Barclays' internal valuation methodologies to test the basis for these out-of-Court opinions. Barclays should not be permitted to do an end-around the rules for disclosing and testing opinion evidence by moving these PwC Exhibits into evidence as a "paper expert." In addition, without any witness to give in-Court testimony, the PwC Exhibits and the opinions in them purportedly reflecting the "reasonableness" of Barclays' valuation methodologies are also inadmissible hearsay, not subject to the "business records" exception in Rule of Evidence 803(6).

           **1.**    **The PwC Exhibits Are Offered as Proof of an Opinion That Was Not
                Properly Disclosed and Does Not Meet the Requirements of Rule 702**

      Barclays insists that PwC opinions about the "reasonableness" of its valuation methodologies is not expert evidence. But whether Barclays' valuation methods were reasonable

---

     * A copy of Movants' particularized objections are enclosed.

NYI-4313350v3

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

The Honorable James M. Peck
October 6, 2010
Page 2

is plainly the province of an expert. It requires "scientific, technical, or other specialized knowledge," and not "reasoning processes familiar to the average person in everyday life." *United States v. Garcia*, 413 F.3d 201, 216 (2d Cir. 2005) (quoting Fed. R. Evid. 701(c), 702). Indeed, by offering Professor Pfleiderer as an expert, Barclays has effectively conceded the point. Thus, far from exempting the documents from the requirements for expert evidence, the fact that the PwC Exhibits purport to address "the reasonableness of Barclays' methodologies" only underscores that they embody expert opinions and are thus subject to Fed. R. Evid. 702.

Expert evidence is not exempt from Rule 702, as Barclays suggests, whenever it is offered as a "business record" pursuant to Fed. R. Evid. 803(6). *See* Oct. 4 Letter at 2. Rule 702 requires not only that a person testifying to an opinion be "qualified as an expert by knowledge, skill, experience, training, or education," but also that the opinion be (i) "based upon sufficient facts or data"; (ii) "the product of reliable principles and methods"; and (iii) "the witness has applied the principles and methods reliably to the facts of the case." None of that is testable in the case of the PwC Exhibits, however, because there is no PwC witness who will testify to the opinions offered in them. In similar circumstances, courts have held that, when evidence is "plainly submitted . . . for its value as an expert opinion," it must satisfy the requirements of Rule 702, even if the proponent "may have met the requirements of the business records exception to the hearsay rule." *McCulley v. JTM Indus., Inc.*, 116 F.3d 1477, 1997 WL 304208, at *2 (5th Cir. 1997); *see also, e.g., Martin v. Discount Smoke Shop, Inc.*, 443 F. Supp. 2d 981, 988 (C.D. Ill. 2006) (rejecting argument that an expert report submitted as a business record need not satisfy Rule 702); *In re Handel*, 301 B.R. 421, 427 (Bankr. S.D.N.Y. 2003) (finding documents otherwise admissible as business records to have "serious hearsay problems," "particularly given their opinion nature"); *In re Applin*, 108 B.R. 253, 261 (Bankr. E.D. Cal. 1989) (rejecting admissibility of a real estate appraisal as a business record when it did not comply with Rule 702).

Contrary to this settled law, Barclays suggests that because PwC's opinion is contained in business records it should be exempt from Rule 702. But the cases cited by Barclays do not stand for such a blunt rule. These cases show only that Rule 702 may not apply in certain very limited circumstances none of which are applicable here: when an opinion is not offered for its truth, *see In re Acceptance Ins. Cos., Inc. Sec. Litig.*, 352 F. Supp. 2d 940, 946 (D. Neb. 2004) (not applying Rule 702 to reports offered "for the purpose of showing the involvement of professional actuaries and auditors"); when Rule 702 is not adequately invoked as a basis for exclusion of the opinion, *see United States v. Licavoli*, 604 F.2d 613, 622-23 (9th Cir. 1979); or when the expert report concerns only medical records or certain objectively verifiable facts, *see Shelton v. Consumer Prods. Safety Comm'n*, 277 F.3d 998, 1009 (8th Cir. 2002) (not applying Rule 702 to reports offered to prove that certain fireworks "were banned hazardous substances"); *Aumand v. Dartmouth Hitchcock Med. Ctr.*, 611 F. Supp. 2d 78, 85 (D.N.H. 2009) (noting that medical records are generally exempted from Rule 702).

NYI-4313350v3

**JONES DAY**

The Honorable James M. Peck
October 6, 2010
Page 3

Simply put, documents -- or statements in them -- that are used "to state or to support expert opinions are not admissible without the preparer being present in court to testify as to his qualifications as an expert and to be cross-examined on the substance, pursuant to Rules 702 and 705." *Forward Commc'ns Corp. v. United States*, 608 F.2d 485, 511 (Ct. Cl. 1979) (emphasis added) (discussing relationship between Rules 702 and 803(6), and explaining when Rule 702 applies). Thus, the mere fact that Barclays has previously "identified" many of the PwC Exhibits does not make them admissible, as Barclays contends. Rather, the proponent of opinion evidence must produce and properly qualify an expert to testify under oath and submit to cross examination. *See* Fed. R. Evid. 702; *see also, e.g., Forward Commc'ns*, 608 F.2d at 511; *Dell*, 577 F. Supp. at 1465 n.5. Because no such PwC witness has ever been disclosed or properly qualified to testify to the "reasonableness of Barclays' [valuation] methodologies," the PwC Exhibits cannot speak for themselves, and they should be excluded.

**2.    The PwC Exhibits Are Also Inadmissible Hearsay for the Purpose Barclays Offers Them**

The PwC Exhibits are also inadmissible hearsay, and not subject to the business records exception. Even assuming for the sake of argument that PwC's assessments of Barclays' procedures were not in the nature of expert opinions, the PwC Exhibits are riddled with inadmissible hearsay within hearsay. The PwC Exhibits not just recite PwC's own statements, but purport to record statements of other parties. For this additional reason, the PwC Exhibits are not admissible.

"Hearsay included within hearsay" is admissible only "if each part of the combined statements conforms with an exception to the hearsay rule." Fed. R. Evid. 805. "The burden of establishing admissibility, of course, is with the proponent of the evidence." *Evans v. Port Auth. of N.Y. & N.J.*, 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002). In its letter, Barclays concedes that the PwC Exhibits contain "content that could be challenged as hearsay within hearsay." Oct. 4 Letter at 3. But, on this point, Barclays simply states without any support that it "appears" that "most, if not all" of this content "fits within a hearsay exception," and that any Barclays documents included within the PwC Exhibits "are independently admissible as Barclays' own business records." *Id.* Barclays is similarly non-specific when it contends that it does not need to bother with fitting all of the embedded hearsay into an exception because all third-party records included in the PwC Exhibits should be "deemed to be 'integrated' within PwC's business records." Oct. 4 Letter at 3. This is insufficient to meet Barclays' burden of establishing the admissibility of each one of the PwC Exhibits.

First, as Barclays' own cases on this point show, "integration" may be invoked only when a hearsay document is incorporated wholesale into an otherwise admissible business record. *See United States v. Jakobetz*, 955 F.2d 786, 800-01 (2d Cir. 1992) (holding that toll receipts submitted in expense reports were incorporated into a corporation's business records); *Matter of Ollag Constr. Equip. Corp.*, 665 F.2d 43, 46 (2d Cir. 1981) (holding that financial statements

NYI-4313350v3

JONES DAY

The Honorable James M. Peck
October 6, 2010
Page 4

were incorporated into a bank's records when prepared by others "on the Bank's own form"); *United States v. Adefehinti*, 510 F.3d 319, 325 (D.C. Cir. 2007) (addressing "loan applications, sales contracts, promissory notes," and similar documents found within bank's records); *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1341 (addressing third-party repair estimates submitted to the military). The mere fact that PwC may have "relied on" others' records, Oct. 4 Letter at 3, does not by itself incorporate these records into PwC's business records. In fact, the embedded hearsay in the PwC Exhibits largely consists of PwC's paraphrasing and summarizing the statements and records of both Barclays and third parties-- not incorporating actual records. *See, e.g.*, BCI Exhibit 1054 at 30 ("The client provided us with research from Citigroup projecting a rise in high yield defaults up to 5.5% over the next three years, and then falling off to an average of 3%"); BCI Exhibit 607 at 7 ("According to a report issued by Citigroup's Structured Credit Products average annual prepayment rates may range anywhere from 7.5 to 15% for high yield loans in the coming months."); BCI Exhibit 604 at 5 ("Per the Company [Barclays] on 1/15/2009, the ARS market was frozen due to failing auctions to the Company took a liquidity haircut on the vendor prices received for the prices as of 12/22.").

Barclays has not cited any authority (nor can it) suggesting that a business record merely summarizing other records also "integrates" them, and thereby renders admissible an out-of-court declarant's statements about another out-of-court declarant's statements. Such a rule would swallow the double hearsay rule—a rule that courts regularly apply to reject the admissibility of third-party statements in auditors' records. *See, e.g., Commodity Futures Trading Comm'n v. Wilshire Inv. Mgmt. Corp.*, 407 F.Supp.2d 1304, 1315 n.2 (S.D. Fla. 2005), *vacated in part on other grounds*, 531 F.3d 1339 (11th Cir. 2008); *Marceau v. Int'l Bhd. of Elec. Workers*, 618 F. Supp. 2d 1127, 1143 (D. Ariz. 2009).

Further, even when there is wholesale incorporation of another's business record, one business may be deemed to have "integrated" another's records only when "the incorporating business rel[ies] upon the accuracy of the document incorporated," and when there are also "other circumstances indicating the trustworthiness of the document." *Air Land Forwarders*, 172 F.3d at 1343. But here, far from *relying* upon the accuracy of any incorporated documents, PwC's role was to *audit* the accuracy of these documents. Unsurprisingly, Barclays has not cited any case in which an auditor's records were deemed to have integrated the audited records such that statements in the audited records could thereby be admitted for their truth.

NYI-4313350v3

JONES DAY

The Honorable James M. Peck
October 6, 2010
Page 5

### 3. The PwC Exhibits Are Not Admissible for the "Limited" Purpose Offered by Barclays

Finally, Barclays asserts that the PwC Exhibits should be admitted for putatively more "limited" purposes. But the "limited" purposes offered by Barclays are not really limited. Barclays acknowledges that "[t]his more limited purpose is also indirect evidence" that "Barclays valuations were reasonable." Oct. 4 Ltr. at 1. Similarly, Barclays says that another "limited" purpose for which it seeks to admit these Exhibits is to "show[] how PwC documented its conclusions regarding the reasonableness of several valuation methodologies used by Barclays," or to show PwC's "understanding." *Id.* at 4. These are the very reasons that the PwC Exhibits are inadmissible as improperly disclosed expert testimony.

Respectfully,

*/s/ Robert W. Gaffey (TVS)*

Robert W. Gaffey

Enclosure
cc:   Hamish Hume, Esq. (Boies, Schiller & Flexner LLP)
      James Tecce, Esq. (Quinn Emanuel Urquhart Oliver & Hedges, LLP)
      William R. Maguire, Esq. (Hughes Hubbard & Reed LLP)

NYI-4313350v3