**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                              :

| | |
|---|---|
| In re                              : | Chapter 11 Case No. |
|                                 : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    : | 08-13555 (JMP) |
|                                 : | (Jointly Administered) |
|       Debtors.                         : | |
|                                 : | Ref. Docket Nos. 11756, 11758 |

------------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

PANAGIOTA MANATAKIS, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On October 5, 2010, I caused to be served the:

   a. "Notice of LBHI's Motion, Pursuant to Section 362 of the Bankruptcy Code for Enforcement of the Automatic Stay and for Sanctions for Violation of the ADR Procedures Order," dated October 1, 2010, to which is attached the "Motion of Lehman Brothers Special Financing Inc. Pursuant to Section 362 of the Bankruptcy Code for Enforcement of the Automatic Stay and for Sanctions for Violation of the ADR Procedures Order," dated October 1, 2010 [Docket No. 11756], (the "Notice"),

   b. "Declaration of Holly E. Loiseau in Support of Motion of Lehman Brothers Special Financing Inc. Pursuant to Section 362 of the Bankruptcy Code for Enforcement of the Automatic Stay and for Sanctions for Violation of the ADR Procedures Order," dated October 1, 2010 [Docket No. 11758], (the "Loiseau Declaration"), and

   c. "Declaration of Holly E. Loiseau in Support of Motion of Lehman Brothers Special Financing Inc. Pursuant to Section 362 of the Bankruptcy Code for Enforcement of the Automatic Stay and for Sanctions for Violation of the ADR Procedures Order," dated October 1, 2010 [Docket No. 11758], (the "Loiseau Declaration without Exhibits"), a copy of which is attached hereto as Exhibit A,

by causing true and correct copies of the:

   i. Notice and Loiseau Declaration, to be delivered via electronic mail to those parties listed on the annexed Exhibit B,

    ii.    Notice and Loiseau Declaration without Exhibits, to be delivered via facsimile to those parties listed on the annexed <u>Exhibit C</u>, and

    iii.    Notice and Loiseau Declaration, to be enclosed securely in a postage-prepaid envelope and delivered via overnight mail to those parties listed on the annexed <u>Exhibit D</u>.

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

                                                                            _____
                                                                            Panagiota Manatakis

Sworn to before me this
6th day of October, 2010

_____
Notary Public

ELENI G KOSSIVAS
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #01KO6222093
COMM. EXP. MAY 17, 2014

T:\Clients\LBH\Affidavits\Mtn to Stay, Dec of Loiseau_DI 11756, 11758_AFF_10-5-10.doc

# EXHIBIT A

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger, Esq.
Holly E. Loiseau, Esq.
Robert Lemons, Esq.

*Attorneys for Debtor and Plaintiff LBSF*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                              :
**In re**                                                     :    **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                  :    **08-13555 (JMP)**
                                                              :
　　　　　Debtors.                                             :    **(Jointly Administered)**
                                                              :
                                                              :
---------------------------------------------------------------x

**DECLARATION OF HOLLY E. LOISEAU IN SUPPORT OF MOTION OF
LEHMAN BROTHERS SPECIAL FINANCING INC. PURSUANT TO SECTION
362 OF THE BANKRUPTCY CODE FOR ENFORCEMENT OF THE
AUTOMATIC STAY AND FOR SANCTIONS FOR VIOLATION OF
THE ADR PROCEDURES ORDER**

I, HOLLY E. LOISEAU, declare under penalty of perjury as follows:

　　　　1.　　I am a partner in the firm of Weil, Gotshal & Manges LLP, counsel for Lehman Brothers Special Financing, Inc ("LBSF"). I submit this declaration in support of the *Motion of Lehman Brothers Special Financing Inc. Pursuant to Section 362 of the Bankruptcy Code for Enforcement of the Automatic Stay and for Sanction for Violation of the ADR Procedures Order* (the "Motion"). The following is true to the best of my own personal knowledge and/or belief:

2. LBSF and the Mobile-8 entered into a long-form confirmation, dated as of August 8, 2007 (the "Confirmation"), documenting the swap transaction between LBSF and Mobile-8 with a notional amount of $100,000,000 identified by Global ID No. 3267721 (the "Transaction"). A true and correct copy of the Confirmation is attached hereto as Exhibit A.

3. The Confirmation incorporates by reference the terms of the 1992 form ISDA Master Agreement (the "ISDA Agreement"). A true and correct copy of the ISDA Agreement is attached hereto as Exhibit B.

4. The first payment under the Confirmation became due by LBSF payable to Mobile-8 on March 3, 2008 in the amount of $440,000 (the "March 2008 Payment"). LBSF paid this amount to Mobile-8 on March 3, 2008. A true and correct copy of the March 2008 Invoice is attached hereto as Exhibit C.

5. The second payment under the Confirmation became due by Mobile-8 payable to LBSF on September 2, 2008 in the amount of $2,047,567 (the "September 2008 Missed Payment"). Mobile-8 failed to make this payment. A true and correct copy of the September 2008 Invoice is attached hereto as Exhibit D.

6. Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings, Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. LBSF commenced its chapter 11 case on October 3, 2008.

7. On September 22, 2008, Mobile-8 sent a letter to LBSF noting that it recently learned of LBHI's chapter 11 filing and asking whether the bankruptcy filing

2

would have any direct or indirect legal effect on Mobile-8. A true and correct copy of the September 22, 2008 Letter is attached hereto as <u>Exhibit E</u>.

8. The third payment under the Confirmation became due by Mobile-8 payable to LBSF on March 2, 2009 in the amount of $381,250 (the "<u>March 2009 Missed Payment</u>"). Mobile-8 failed to make this payment. A true and correct copy of the March 2009 Invoice is attached hereto as <u>Exhibit F</u>.

9. On March 16, 2009, LBSF delivered a notice to Mobile-8 exercising its right under the ISDA Agreement to demand adequate assurance of performance with respect to the Transaction (the "<u>Request for Adequate Assurance</u>"). A true and correct copy of the Request for Adequate Assurance is attached hereto as <u>Exhibit G</u>.

10. Mobile-8 failed to provide adequate assurance of performance and LBSF sent a Notice of Early Termination on March 31, 2009, designating April 7, 2009 as the Early Termination Date (the "<u>Early Termination Notice</u>"). A true and correct copy of the Early Termination Notice is attached hereto as <u>Exhibit H</u>.

11. On May 5, 2009, Mobile-8 sent a letter to LBSF, purporting to terminate the Transaction (the "<u>Mobile-8 Purported Termination Letter</u>"). A true and correct copy of the Mobile-8 Purported Termination Letter is attached hereto as <u>Exhibit I</u>.

12. LBSF sent a Notice of Amount Payable on June 18, 2009 (the "<u>Calculation Statement</u>"), notifying Mobile-8 that it owed a Termination Payment in the amount of $2,560,472. A true and correct copy of the Calculation Statement is attached hereto as <u>Exhibit J</u>.

13. On November 23, 2009, LBSF served a derivatives ADR notice on Mobile-8 pursuant to the ADR Procedures Order (the "<u>ADR Notice</u>"). In the ADR

3

Notice, LBSF demanded payment of $2,560,472, plus interest in the amount of $236,226 in respect of amounts due and owing by Mobile-8 to LBSF in connection with the Transaction. A true and correct copy of the ADR Notice is attached hereto as <u>Exhibit K</u>.

14. On December 29, 2009, LBSF received a letter from Mobile-8 in response to the ADR Notice (the "<u>ADR Response</u>"). In the ADR Response, Mobile-8 expressed its belief that LBSF, and not Mobile-8, defaulted on the Transaction, and alleged that LBSF had engaged in some form of unspecified "fraudulent misrepresentation." Mobile-8 provided no basis for this assertion. Mobile-8 further alleged that it had terminated the Transaction by way of its letter to LBSF on May 5, 2009. A true and correct copy of the ADR Response is attached hereto as <u>Exhibit L</u>.

15. On January 13, 2010, LBSF sent a Reply to the ADR Response (the "<u>ADR Reply</u>"). In the Reply, LBSF explained that Mobile-8's purported termination on May 5, 2009 was ineffective because LBSF had already terminated the Transaction, and refuted Mobile-8's unsubstantiated misrepresentation allegation. A true and correct copy of the ADR Reply is attached hereto as <u>Exhibit M</u>.

16. The Parties engaged in a telephonic Initial Settlement Conference on February 8, 2010 which lasted approximately 40 minutes, and had subsequent calls on February 22, 2010 for approximately 20 minutes, and March 16, 2010 for approximately 90 minutes.

17. On or about February 22, 2010, LBSF became aware of the September 2008 Missed Payment, bringing the total amount owed by Mobile-8 to LBSF to $4,608,039, plus interest. During the course of the February 22, 2010 call, LBSF requested that Mobile-8 either provide evidence that it made the September 2008 Missed

4

Payment, or immediately transmit payment in the amount of $2,047,567.03 to LBSF. LBSF reiterated this demand by letter dated February 23, 2010 (the "February 23, 2010 Letter"). A true and correct copy of the February 23, 2010 Letter is attached hereto as Exhibit N.

18. On March 29, 2010, LBSF transmitted the ADR Notice, Response and Reply to the Court-appointed mediators at JAMS, the mediation facility.

19. In an effort to schedule the mediation between the Parties, the JAMS case administrator (the "Case Administrator") sent Mobile-8 email messages on March 31, 2010, April 12, 2010, April 14, 2010, April 22, 2010, and April 27, 2010. The Case Administrator further attempted to contact Mobile-8 through its website-based inquiry form on May 7, 2010, and by telephone. Mobile-8 responded to none of these messages, and the Case Administrator's call to Mobile-8's main phone line was neither answered nor directed to voice mail. A true and correct copy of a letter from the Case Administrator to the Court detailing these attempts ("Case Administrator Letter") is attached hereto as Exhibit O.

20. On May 7, 2010, the Court-appointed mediator (the "Mediator") sent a letter to Mobile-8 indicating that he had been selected to mediate the Parties' dispute, and requesting that Mobile-8 provide its availability for a conference call to discuss scheduling the mediation (the "Mediator Letter"). A copy of the ADR Procedures Order was attached to the letter. The package was sent via email, facsimile, and Federal Express. Mobile-8 did not respond. A true and correct copy of the letter from the Mediator to Mobile-8 is attached hereto as Exhibit P.

21. On September 10, 2010, LBSF received both an Indonesian and an English language copy of a complaint allegedly filed on May 26, 2010 by Mobile-8 against LBSF in the Civil Court, Niaga, HAM Jakarta Pusat, Indonesia (civil case No. 247/Pdt.G/2010PN.Jkt.Pst) (the "Jakarta Action"). The copy of the Jakarta Action was forwarded to LBSF by the Consulate General of the Republic of Indonesia, and was accompanied by a letter dated August 27, 2010. The address on the letter and on the complaint was incorrect, causing further delay before LBSF received notice of the Jakarta Action. Mobile-8 erroneously directed the complaint to LBSF's former headquarters at 745 Seventh Avenue, New York, NY 10019, which was sold to Barclays in September 2008, and did not serve LBSF's outside counsel with the complaint. Barclays forwarded the package to LBSF on September 3, 2010, and it was received by LBSF on or around September 10, 2010. A true and correct copy of the Jakarta Action (Indonesian language version omitted) is attached hereto as Exhibit Q.

22. LBSF engaged local counsel in Jakarta and learned that a second hearing on September 29, 2010 had been noticed in two Indonesian newspapers. A true and correct copy of the two newspaper summons are attached as Exhibit R.

23. In the Jakarta Action, Mobile-8 alleges that the Transaction never became binding upon the Parties because the Parties did not execute an ISDA Form and that, as a result, the actions taken by LBSF to bill Mobile-8 for the September 2008 Missed Payment and the March 2009 Missed Payment constituted a tort under Indonesian law. Mobile-8 further alleges that LBSF is in violation of Bank Indonesia Regulation No. 7/31/PBI/2005 on Derivative Transactions (the "Indonesia Bank Regulation"). A true

6

and correct copy of the unofficial English-language translation of the Indonesia Bank Regulation is attached hereto as Exhibit S.

24. In the Jakarta Action, Mobile-8 seeks immediate relief from the court to prohibit LBSF from challenging the claims or initiating any proceedings related to the same matter.

25. On September 24, 2010 LBSF sent a letter to Mobile-8's counsel advising Mobile-8 that its initiation and pursuit of the Jakarta Action constitutes a violation of the automatic stay.  LBSF stated that Mobile-8 must terminate the Jakarta Action immediately and advised Mobile-8 that LBSF would file pleadings with the Bankruptcy Court to enforce the automatic stay and for appropriate sanctions if Mobile-8 failed to file a notice of withdrawal of the Jakarta Action prior to September 29, 2010.  A true and correct copy of the September 24 Letter is attached hereto as Exhibit T.

26. Mobile-8 did not respond to the September 24 Letter or withdraw the Jakarta Action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed in Washington, District of Columbia, on October 1, 2010.

/s/ Holly E. Loiseau
Holly E. Loiseau

**THE EXHIBITS TO THIS DOCUMENT**

**ARE VOLUMINOUS AND ARE THEREFORE**

**AVAILABLE BY REQUEST FROM**

**EPIQ BANKRUPTCY SOLUTIONS, LLC,**

**AT 646-282-2400 OR CAN BE DOWNLOADED FROM**

www.lehman-docket.com.

# EXHIBIT B

Email List

herman.subianto@mobile-8.com
christophorus.siswandi@mobile-8.com
Sahala.Sihombing@makarim.com
hopp@uninet.net.id

# EXHIBIT C

| Name | Fax |
|---|---|
| Mr. Hotman Paris Hutapea S H M Hum | 212522234 |
| Mr. Hotman Paris Hutapea S H M Hum | 212522841 |

# EXHIBIT D

PT Mobile-8 Telecom Tbk
Menara Kebon Sirih, 18th Floor,
Jl. Kebon Sirih Kav. 17-19,
Jakarta 10340
Indonesia

Mr. Hotman Paris Hutapea, S.H., M. Hum.
Hotman Paris Partners
Summitmas I Building, 18th Floor,
Jalan Jenderal Sudirman Kavling 61-62,
Jakarta 12069 Indonesia