**Hearing Date and Time: October 27, 2010 at 10:00 a.m.**

Jeff J. Friedman
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for MF Global UK Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | | |

-----------------------------------------------------------x

**RESPONSE OF MF GLOBAL UK LIMITED TO DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

MF Global UK Limited ("MF Global"), through its undersigned counsel, hereby responds to the Debtors' Thirty-Fifth Omnibus Objection to Claims (Valued Derivative Claims) (the "Objection") and respectfully states as follows:

**RESPONSE**

1. On September 18, 2009, MF Global timely filed with Epiq Bankruptcy Solutions LLC, the Debtors' claims agent, (i) a proof of claim in the amount of $2,706,950.59 against Lehman Brothers Commercial Corporation, assigned claim number 18079 and (ii) a proof of claim in the amount of $2,784,358.39 against Lehman Brothers Holdings Inc. assigned claim number 18080 (collectively, the "Claims") pursuant to that certain Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the

1

84467261_1

Proof of Claim Form, dated July 2, 2009 (the "Bar Order"). Both of the Claims were in connection with payments due MF Global under an ISDA Master Agreement with the Lehman entities. On or before October 22, 2009, MF Global filed a Derivative Questionnaire and a Guaranty Questionnaire (collectively, the "Questionnaires") for each of the Claims as required pursuant to the Bar Order.

2. The Debtors, with no explanation, propose to reduce the Claims significantly.

**A.    There Is No Basis to Reduce the Claims**

3. The Debtors now seek to reduce the amount of each of the Claims, but fail to provide any basis for doing so. The Debtors allege in the Objection that the Claims "should be reduced . . . because the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records." See Objection at ¶ 13. Indeed, the Debtors allege that they "have developed and currently utilize a thorough, multi-step process to review claims filed against the Debtors and based on a Derivative Contract", which process they assumedly used to determine that the Claims were, as they allege, improperly valued. Id. at ¶ 14. Be that as it may, the Debtors provide no information, in their Objection or otherwise, as to how this "process" was applied to the Claims here at issue such that MF Global can consider the validity of the Debtors' methodology.

4. The Debtors allege that the methodology they employ "in order to determine the fair, accurate, and reasonable value of such claims, and the proper classification of such claims, for purposes of settlement" includes (i) collecting and reviewing documents related to the relevant claim including, but not limited to, the relevant Questionnaires, the termination notice, and the valuation statement; (ii) reconciling posted collateral and any cash payments already received,

2

made, or missed; and (iii) reviewing the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with their valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims. Id. at ¶ 14.

5. An executed proof of claim filed in accordance with the Bankruptcy Rules is prima facie evidence of the validity of the claim. Fed. R. Bankr. P. 3001(f). MF Global followed the requirements of the Bankruptcy Rules as well as the specific requirements of this Court in filing the Claims. In the Questionnaires, MF Global provided a detailed analysis to support the Claims and the values asserted therein. If the Debtors now, nearly a year later, dispute MF Global's valuation of the Claims, MF Global is entitled to more than a mere conclusory objection with no support whatsoever before the Claims are reduced. MF Global is entitled to review the documents and information supporting the Debtors' analyses – if any analysis even was performed – and to depose the individuals who developed these methodologies and arrived at the resulting conclusions.

6. The Debtors purportedly attempted to contact representatives of MF Global to discuss the claims. For reasons MF Global has been unable to determine, they have no record of such attempts. MF Global would be willing to engage in such discussions, however, and has asked the Debtors to adjourn the hearing on the Objection with regard to MF Global's Claims pending such discussions.

B. **If the Dispute Cannot be Resolved Through Negotiation, the Temporary Litigation Injunction Should be Lifted**

7. Pursuant to that certain Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors

(the "ADR Order"), upon the filing of the Objection, MF Global was enjoined from, among other things, engaging in any discovery seeking to establish or collect on the Claims (the "Temporary Litigation Injunction").

8. The ADR Order provides that the Temporary Litigation Injunction may be lifted only upon settlement reached through the alternative dispute resolution procedures set forth in the ADR Order, or upon mutual agreement or entry of a Court order, which either party may seek, on a Claims Litigation Schedule as that term is defined in the ADR Order. In the event that negotiations regarding a consensual resolution of the dispute surrounding the Claims are unsuccessful, MF Global respectfully requests that this Court enter an order directing a Claims Litigation Schedule providing MF Global a period of not less than 120 days to conduct discovery into the bases of the Debtors' Objection to the Claims.

WHEREFORE, MF Global respectfully requests that the Court deny the Objection as it relates to the Claims and grant such other and further relief as is just and proper.

Dated: October 12, 2010

                                                Katten Muchin Rosenman LLP

                                                By:   /s/ *Jeff J. Friedman*
                                                       Jeff J. Friedman
                                                575 Madison Avenue
                                                New York, New York 10022
                                                Telephone: (212) 940-8800
                                                Facsimile: (212) 940-8776

                                                *Attorneys for MF Global UK Limited*

84467261_1