Richard F. Schwed
Michael H. Torkin
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179

*Attorneys for IKB International S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
                                              :
                                              :
                                              :
In re                                         :
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.         :    Case No. 08 – 13555 (JMP)
                                              :
                    Debtors.                  :
                                              :
                                              :
                                              :
--------------------------------------------------------------x
```

<u>**RESPONSE OF IKB INTERNATIONAL S.A. TO DEBTORS'**</u>
<u>**THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS**</u>
<u>**(VALUED DERIVATIVE CLAIMS)**</u>

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

IKB International S.A. ("<u>IKB</u>"), by and through their undersigned counsel,

submits this response ("<u>Response</u>") to the Debtors' Thirty-Fifth Omnibus Objection to Claims

(Valued Derivative Claims) [Docket No. 11260], dated September 10, 2010 (the "<u>Objection</u>").

In support of its Response, IKB respectfully states as follows:

<u>**Background**</u>

1.      On July 25, 2001, IKB and Lehman Brothers Special Financing Inc.

("<u>LBSF</u>") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border) (as

amended, supplemented or otherwise modified from time to time, and including all schedules,

annexes and exhibits thereto, and all confirmations exchanged pursuant to transactions entered

into in connection therewith, the "Master Agreement").[1]  Lehman Brothers Holdings Inc.

("LBHI") unconditionally guaranteed the obligations of LBSF under the Master Agreement

pursuant to the Guarantee of Lehman Brothers Holdings Inc., dated as of July 25, 2001.

2.    Beginning on September 15, 2008 and periodically thereafter, LBHI and

certain of its affiliates (collectively, the "Debtors") commenced voluntary cases under chapter 11

of title 11 of the United States Code (the "Bankruptcy Code") before the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  These

chapter 11 cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

3.    Because LBHI served as the Credit Support Provider[2] under the Master

Agreement, the LBHI chapter 11 filing constituted an Event of Default under Section 5(a)(vii) of

the Master Agreement.  In the exercise of its rights under section 560 of the Bankruptcy Code

and Section 6(a) of the Master Agreement, on September 17, 2008, IKB sent LBSF a notice

terminating the Master Agreement and designating October 1, 2008 as the Early Termination

Date.

4.    Pursuant to Section 6(d) of the Master Agreement, on December 1, 2008,

IKB sent LBSF a calculation statement of the early termination payments due under the Master

Agreement (the "Calculation Statement").

---

[1]    Pursuant to the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors, dated as of April 19, 2010, all of the information IKB submitted in connection with the Proofs of Claim and Questionnaires are part of the record and IKB need not resubmit them in connection with this Response.

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Master Agreement.

2

5.      On July 2, 2009, the Bankruptcy Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

6.      Pursuant to the Bar Date Order, on September 22, 2009, IKB filed a proof of claim against LBSF (the "LBSF Proof of Claim") and a proof of claim against LBHI (the "LBHI Proof of Claim" and, together with the LBSF Proof of Claim, the "Proofs of Claim") and on October 19, 2009, IKB submitted a derivative questionnaire with respect to the LBSF Proof of Claim (the "LBSF Derivative Questionnaire") and a guarantee questionnaire with respect to the LBHI Proof of Claim (the "LBHI Guarantee Questionnare" and, together with the LBSF Derivative Questionnaire, the "Questionnaires").

## Argument

7.      IKB does not dispute that IKB should not be allowed to recover more than the true value of its claims.  *See Objection* ¶ 16.  IKB disputes that the Debtors' valuation of IKB's claims is the true value of the claims.  Further, IKB disputes the Debtors' allegations in the Objection and reasserts that the proper amounts of IKB's Proofs of Claim are $2,469,693.61 against LBSF and $2,469,693.61 against LBHI.

### IKB Calculated the Amounts in the Proofs of Claim as Required by the Master Agreement

8.      The Master Agreement provides that:  "On or as soon as reasonably practicable following the occurrence of an Early Termination Date, each party will make the calculation on its part, if any, contemplated by Section 6(e) and will provide to the other party a statement . . . showing, in reasonable detail, such calculations . . . ."  Master Agreement, § 6(d)(i).

9.      Pursuant to Section 6(e) of the Master Agreement, IKB and LBSF selected

3

the "Market Quotation" methodology of calculating the amount due following an Early

Termination Date.  Under the Market Quotation methodology, the Non-defaulting Party is

required to obtain at least three quotations from Reference Market-makers for the amount that

would be paid to the Non-defaulting Party (or the amount that would have to be paid by the Non-

defaulting Party) to enter into replacement transactions "that would have the effect of preserving

for [the Non-defaulting Party] the economic equivalent" of the transactions if they had not been

terminated.  *See* Master Agreement, § 14.  If fewer than three quotations are obtained, it will be

deemed that Market Quotation in respect of such transactions cannot be determined and the Non-

defaulting Party can then calculate the Settlement Amount under the "Loss" methodology.  *Id.*

Under the Loss methodology, the Non-defaulting Party will determine the amount that it

reasonably believes in good faith to be its total losses and costs in connection with the terminated

transactions.  *Id.*

        10.     IKB has complied with all of the requirements set forth in Section 6(e) of

the Master Agreement.  As detailed in the Calculation Statement, IKB sought quotations from at

least three Reference Market-makers with respect to each of the terminated transactions, but did

not receive at least three quotations.  As a result, IKB used the Loss methodology.

        11.     In addition, under the Market Quotation and the Loss methodologies, the

*Non-defaulting Party* is to determine the Settlement Amount due and payable in respect of the

early termination of the Master Agreement.  The Non-defaulting Party in this case is IKB, not

LBSF.  Therefore, LBSF, as the Defaulting Party, is not entitled to calculate the Settlement

Amount and the calculations set forth in the Objection do not constitute the true value of the

claims.  Therefore, the Objection should be overruled.

**The Debtors Do Not Provide Any Evidence To Dispute The Amount of the Claims**

12.     Moreover, the Debtors have not carried their burden of proof in objecting

to IKB's claims.  Contrary to the Debtors' assertion, "[a] proof of claim is prima facie evidence

of the validity and amount of a claim."  *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y.

2009); *In re Adelphia Comms. Corp.*, Ch. 11 Case No. 02- 41729 (REG), 2007 Bankr. LEXIS

660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007).  The burden rests on the objector, the Debtors, to

"bear[] the initial burden of persuasion" and to "offer[] sufficient evidence to overcome the

prima facie validity of the claim."  *Id.*

13.     The Debtors have not provided any evidence to dispute the amount of

IKB's claims.  They do not address any of the terms of the Master Agreement in their Objection.

Instead, the Objection only discusses the general process the Debtors undertook to reconcile the

claims that resulted in their conclusion that the amounts in IKB's Proofs of Claim should be

reduced.  Neither the Debtors' general claims reconciliation process nor their conclusion is

supported by the terms of the Master Agreement.

14.     Furthermore, the only provisions of the Objection that approach any

substantive criticism of IKB's Proofs of Claim are variations of the statement:  "the amounts

listed on the proofs of claim are greater than the fair, accurate and reasonable values determined

by the Debtors."  *See* Objection ¶¶ 2, 11, 13, 16.  The Debtors do not provide any data or

calculation methodologies in support of this position.  The repetition of these cursory statements

does not make them true nor does it transform these statements into evidence.

15.     Because the Debtors have failed their initial burden of persuasion and

have not provided sufficient evidence to overcome the prima facie validity of IKB's Proofs of

Claim, these claims remain prima facie valid.  Therefore, the Debtors' Objection should be

NYDOCS03/915316.3

overruled.

16.     To the extent the Bankruptcy Court does not overrule the Objection, IKB reserves the right to seek discovery and to request a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amount of IKB's claims.

WHEREFORE, IKB respectfully requests that the Bankruptcy Court (i) overrule the Objection as it pertains to IKB's Proofs of Claim, and (ii) grant IKB such further relief as the Bankruptcy Court deems just.

Dated:  New York, New York
        October 13, 2010

SHEARMAN & STERLING LLP

By:     s/ Richard F. Schwed
        Richard F. Schwed
        Michael H. Torkin
        599 Lexington Avenue
        New York, New York 10022
        Telephone:  (212) 848-4000
        Facsimile:  (212) 848-7179

        *Attorneys for IKB International S.A.*

NYDOCS03/915316.3