**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Daniel P. Cunningham (DC 9925)
Susheel Kirpalani (SK 8926)
James C. Tecce (JT 5910)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Eric D. Winston (Cal. No. 202407)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Telecopier: (212) 443-3100

*Special Counsel for the Official Committee*
*of Unsecured Creditors of*
*Lehman Brothers Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
In re:                                                         :
:    **Chapter 11**
**LEHMAN BROTHERS HOLDINGS INC.,**            :
**ET AL.,**                                                    :    Case No. 08-13555 (JMP)
:
:    **(Jointly Administered)**
                         **Debtors.**                          :
:
:
----------------------------------------------------------------x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
LEHMAN BROTHERS HOLDINGS INC., ET AL., IN SUPPORT OF DEBTORS'
MOTION, PURSUANT TO SECTIONS 105(a), 363, AND 365 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9019, FOR APPROVAL OF A SETTLEMENT
AGREEMENT AMONG LBSF, LBHI, AND SOCIETE GENERALE, NEW YORK
BRANCH AND CERTAIN RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in

the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and

debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this Statement in support of the "Debtors' Motion, Pursuant To Sections 105(A), 363, And 365 Of The Bankruptcy Code And Bankruptcy Rule 9019, For Approval Of A Settlement Agreement Among LBSF, LBHI, And Societe Generale, New York Branch And Certain Related Relief" (the "Motion").[1]

In support of the Motion, the Committee respectfully states as follows:

1. The Motion seeks approval of the Settlement Agreement in connection with two transactions – Libra and Vela, ending costly and complex litigation with SG. Approval of the Settlement Agreement will result in immediate payment of $370 million in cash, with a guarantee of an additional $75 million in cash. It also presents the opportunity to obtain tens of millions more (through narrowly focused litigation) and likely facilitates the return of $128 million in collateral escrowed with the Libra trustee.

2. The Committee believes that a nine-figure cash payment settlement, with a potential benefit in excess of half a billion dollars should be approved. As discussed below, the Committee has carefully considered the estates' options and concurs with the Debtors that approval of the Settlement Motion is in the best interests of the estates and unsecured creditors.

3. Shortly after the Debtors commenced the Libra adversary proceeding in early 2009, the Committee intervened as a co-plaintiff, filed briefs in support of the Debtors' summary judgment motion and in opposition to the Libra defendants' cross-motion for summary judgment, and participated in the oral argument on the summary judgment motions. In connection with intervening in the Libra adversary proceeding and participating in the summary

---

[1] All terms not defined herein have the same meanings as defined in the Motion.

judgment proceedings, the Committee has familiarized itself with the legal and factual positions and has independently assessed the litigation.

4.  In the months leading up to the filing of the Motion, the Committee communicated with the Debtors and SG with respect to the economic and non-economic terms of the compromise.  The Committee believes its familiarity with the dispute and communications with the parties has ensured protection for unsecured creditors and resulted in a consensual resolution that (a) maximizes immediate delivery of substantial value to the estates; (b) substantially reduces risk and costs associated with litigating with SG (which could have taken years after factoring in the appellate process with no guarantee of success against SG); and (c) preserves important (and more focused) litigation rights vis a vis the Libra and Vela structures.[2] The Committee believes that, after weighing the benefits of the compromise against the legal risks, costs, and delay, approval of the Settlement Agreement is warranted.

---

[2] As noted in the Motion at ¶ 31, the issues in the Libra proceedings are similar (but not identical) to the issues in dispute with respect to Vela.

## II. CONCLUSION

WHEREFORE, the Committee hereby requests respectfully requests that the Court grant (i) the relief requested in the Motion and (ii) such other relief as is just and proper.

Dated: October 13, 2010
       New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

/s/ Eric D. Winston
Daniel P. Cunningham
Susheel Kirpalani
James C. Tecce

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone No.: (212) 849-7000

Eric D. Winston
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

*Special Counsel to the Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al.*