BOIES, SCHILLER & FLEXNER LLP
333 Main St.
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
Robin A. Henry
Motty Shulman
*Attorneys for BNP Paribas, London Branch*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re: : | |
| : | **Chapter 11 Case No.** |
| : | **08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | |
| : | **(Jointly Administered)** |
| Debtors. : | |
| : | |

------------------------------------------------------------------x
| | |
|---|---|
| : | |
| **BANK OF AMERICA, N.A.,** successor by merger to : | |
| **LASALLE BANK NATIONAL ASSOCIATION,** as : | |
| Trustee, : | |
| : | |
| **Interpleader Plaintff,** : | |
| : | **Adversary Proceeding** |
| -against- : | **No.: 10-03489 (JMP)** |
| : | |
| **BNP PARIBAS, LONDON BRANCH; NATIXIS** : | |
| **FINANCIAL PRODUCTS LLC; and LEHMAN** : | |
| **BROTHERS SPECIAL FINANCING INC.,** : | |
| : | |
| **Interpleader Defendants.** : | |

------------------------------------------------------------------x

**BNP PARIBAS, LONDON BRANCH'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1),**
**TO STAY AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Interpleader Defendant BNP Paribas, London Branch ("BNP Paribas"), submits this memorandum of law in opposition to Debtors' Motion, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Stay Avoidance Actions and Grant Related Relief dated September 15, 2010 (the "Motion").

**Preliminary Statement**

1. BNP Paribas is the holder of the two most senior tranches of Rated Notes issued by ESP Funding I, Ltd. ("ESP Funding"), pursuant to an Indenture dated as of September 7, 2006 (the "Indenture"). On August 4, 2010, Bank of America, N.A., successor by merger to LaSalle Bank National Association, as Trustee of the ESP Funding facility ("LaSalle"), commenced an interpleader action in this Court naming BNP Paribas, Natixis Financial Products LLC ("Natixis") and Lehman Brothers Special Financing Inc. ("LBSF") as interpleader defendants (the "LaSalle Interpleader"). On September 14, 2010, LBSF filed a counterclaim against LaSalle, ESP Funding and ESP Funding I (Delaware) Corp. (the "LBSF Counterclaim").

2. Debtors' Motion seeks an indefinte stay of 49 adversary avoidance proceedings commenced by Debtors on or after September 14, 2010 (the "Avoidance Actions"), as well as the LBSF Counterclaim. The Motion does not seek to stay the LaSalle Interpleader. See Exhibit A to Debtors' Motion. Notwithstanding, given the interrelationship between the LaSalle Interpleader and LBSF Counterclaim (collectively the "ESP Litigation"), BNP Paribas requests that Debtors' Motion, solely as it applies to the ESP Litigation, be denied so that all litigation relating to the ESP Funding facility can be resolved in a uniform and timely fashion.

3. Debtors explain that they only commenced the 50 actions they now seek to stay because of the "practical difficulties associated with securing tolling agreements from every

2

single counterparty involved in the thousands of transactions" and "to prevent the loss of avoidance causes of action prior to the expiration of the applicable statute of limitations periods." Motion at ¶¶ 2, 18. Debtors thus seek an indefinite stay of all 50 proceedings to provide "an opportunity to try to achieve settlements" in these actions that but-for the limitations period may not have been commenced at this point in time. Id. at ¶ 19. While this rationale may be correct with regard to the 49 Avoidance Actions, it is simply inapplicable to the ESP Litigation.

        4.        The 49 Avoidance Actions are adversary proceedings commenced by Debtors on the eve of the two-year limitations period. Debtors are plaintiffs in each of the Avoidance Actions and none of the 49 actions are interpleader proceedings. By contrast, the ESP Litigation was commenced by LaSalle in early August 2010, as an interpleader action. LaSalle only commenced the ESP Litigation after engaging in extensive, but ultimately unsuccessful, settlement discussions with LBSF. Unlike the Avoidance Actions that Debtors seek to stay, the ESP Litigation was not commenced by Debtors because of the "practical difficulties associated with securing tolling agreements" or "to prevent the loss of avoidance causes of action prior to the expiration of the applicable statute of limitations periods." Id. at ¶¶ 2, 18.

        5.        Debtors contend that their request for a stay will not prejudice the parties and that "[i]n fact, the Avoidance Action Defendants will benefit from the Stay inasmuch as they will not need to expend time or resources defending the lawsuits." Id. at ¶ 20. This rationale – even if it may otherwise be correct – simply does not apply to the ESP Litigation. In each of the Avoidance Actions, Debtors seek to recover funds from the defendants such that any delay or stay inures to the benefit of those defendants who have continued use of the funds at issue. In contrast, the roles and prejudicial effects in the ESP Litigation are reversed. LBSF is a defendant in the ESP Litigation and, while it may "benefit from the Stay inasmuch as [it] will not need to

3

expend time or resources defending the lawsuits," BNP Paribas will be prejudiced by the stay insofar as it will not have access to over $11 million of funds that have been escrowed during the pendency of the litigation. For these reasons, Debtors' Motion, as it applies to the ESP Litigation, should be denied.

### The ESP Litigation

6. The ESP Litigation arises from a dispute between LBSF on the one hand and each of BNP Paribas and Natixis on the other hand concerning certain collateral held by LaSalle. Under the terms of the Indenture and the swap agreement between ESP Funding and LBSF, LBSF had agreed to receive certain termination payments only after interest and principal payments were made to Rated Noteholders, including BNP Paribas. LaSalle Interpleader at ¶ 21. On June 25, 2010, LBSF informed LaSalle that it objected to this order of distribution of proceeds from the collateral. Id. at ¶ 23.

7. As a result of LBSF's stated objection, LaSalle filed an interpleader action on August 4, 2010, for the purpose of resolving the respective rights of LBSF, BNP Paribas and Natixis, each of whom was named as an interpleader defendant. LaSalle commenced the interpleader action only after LaSalle had unsuccessfully attempted to settle the dispute and determined that it "cannot, without hazard to itself, proceed without relief from this Court." Id. at ¶ 1.

8. During the pendency of the ESP Litigation, the parties agreed to deposit $11,467,730.12 of disputed funds into an interest-bearing account. Id. at ¶ 31. Until the ESP Litigation is resolved, BNP Paribas does not have access to these disputed funds.

9. In response to the LaSalle Interpleader, LBSF filed a counterclaim, naming LaSalle, ESP Funding and ESP Funding I (Delaware) Corp. as interpleader counter-defendants.

4

LBSF's Counterclaim seeks, among other things, declaratory judgment that the payment provisions within the Indenture and swap agreement are unenforceable under the Bankruptcy Code, and that LaSalle should be precluded from making payment from the disputed funds to BNP Paribas.

## The Court Should Not Issue The Stay

10.     Although the decision to grant a stay is generally within the discretion of the court, see In re Hagerstown Fiber Ltd. Partnership, 277 B.R. 181, 199 (Bankr. S.D.N.Y. 2002), "[t]he party seeking a stay bears the burden of 'demonstrating the wisdom and justice of a stay.'" In re Uni-Rty Corp., 1998 WL 299941, *7 (S.D.N.Y. June 9, 1998) (quoting John's Insulation, Inc. v. Siska Constr. Co., Inc., 671 F.Supp. 289, 197 (S.D.N.Y. 1987)).  When there is "even a fair possibility" that the stay would prejudice those in opposition to the stay, the moving party "must make out a clear case of hardship or inequity in being required to go forward." Landis v. North American Co., 299 U.S. 248, 255 (1936). In the absence of a "compelling reason" for a Bankruptcy Court to stay a proceeding, a motion for a stay may properly be rejected.  Uni-Rty, 1998 WL 299941, *7.

11.     If the court were to grant an indefinite stay of the LBSF Counterclaim, BNP Paribas would suffer prejudice.  Even if the LaSalle Interpleader were resolved in BNP Paribas' favor, the lack of resolution of the related LBSF Counterclaim would expose BNP Paribas to uncertainty with respect to its rights in the $11,467,730.12 of disputed funds.  Furthermore, LaSalle would still be exposed to the same "hazard" that currently prevents it from distributing the proceeds to BNP Paribas, and could expose itself to inconsistent obligations if the subsequent LBSF Counterclaim is decided differently from the LaSalle Interpleader.

5

12. There is simply no way for this court to permit the LaSalle Interpleader to go forward without deciding the identical issues presented in the LBSF counterclaim. Both actions ultimately seek resolution of BNP Paribas' and LBSF's respective rights in the collateral, and both require analysis of the same legal issues. If this court were to indefinitely stay the LBSF Counterclaim, it would ultimately have to litigate the same issue twice. Therefore, issuing a stay of the LBSF Counterclaim would not promote efficiency or conserve judicial resources, as may be the case with respect to the Avoidance Actions. Rather, a stay of the LBSF Counterclaim would be highly inefficient.

13. Importantly, there is no basis for staying the entirety of the ESP Litigation. None of the justifications advanced by the Debtors warrant such relief, which is presumably why the Debtors have not sought it. Such a delay would not "promote[] settlements at minimized costs" as Debtors suggest is the case with respect to the Avoidance Actions. Motion at ¶ 22. Indeed, the parties have already attempted to settle the ESP Litigation, and have chosen instead to litigate their dispute. A stay of the ESP Litigation would do little more than delay resolution of the the parties' rights to the more than $11 million that is currently being held in escrow.

## Conclusion

14. For the reasons set forth herein, Debtors' Motion with respect to the LBSF Counterclaim should be denied. The issues surrounding the ESP Litigation are different from the issues presented in the Avoidance Actions and Debtors have failed to demonstrate sufficient cause for staying the LBSF Counterclaims or the ESP Litigation.

WHEREFORE BNP Paribas respectfully requests that the court deny the relief requested by Debtors as it applies to the LBSF Counterclaims.

Dated: October 13, 2010
      Armonk, New York

                        BOIES, SCHILLER & FLEXNER LLP

                        */s/* Motty Shulman
                        Robin A. Henry
                        Motty Shulman
                        333 Main Street
                        Armonk, New York 10504
                        Telephone: (914) 749-8200
                        Facsimile: (914) 749-8300

                        *Attorneys for BNP Paribas, London Branch*