**Objection Deadline: October 13, 2010 at 4:00 p.m. (Eastern)**
**Hearing Date and Time: October 20, 2010 at 10:00 a.m. (Eastern)**

MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel. (212) 506-2500
Fax (212) 262-1910
Brian Trust (BT-0347)

COUNSEL TO CANADIAN IMPERIAL BANK OF COMMERCE

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF CANADIAN IMPERIAL BANK OF COMMERCE
TO DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1),
TO STAY AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

TO:   THE HONORABLE JUDGE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE:

Canadian Imperial Bank of Commerce ("**CIBC**") by and through its undersigned counsel, hereby files this limited objection (the "**Objection**") to the Motion of Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors in the above-referenced chapter 11 cases (together with LBHI, the "**Debtors**," each a "**Debtor**"), Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Stay Avoidance Actions and Grant Certain Related Relief

17651944

[Docket No. 11389] (the "**Motion**").[1] In support of this Objection, CIBC respectfully states as follows:

## PRELIMINARY STATEMENT

CIBC files this limited objection to those aspects of the Debtors' proposed injunction which give the Debtors an unfair procedural advantage in the Avoidance Actions. Having filed complaints against the Avoidance Action Defendants, the Debtors would now hold them hostage to a one-sided injunction that allows for piecemeal relief at a time of the Debtors' choosing. The Debtors achieve this by three provisions. First, the proposed injunction has no termination date. Second, the proposed injunction provides that it will terminate as to the Debtors upon the Debtors giving of notice to an Avoidance Action Defendant. Avoidance Action Defendants, however, may only obtain relief by leave of court granted after notice to the Debtors and a hearing. Third, when the injunction is lifted by the Debtors it is not lifted as to all Avoidance Action Defendants, but may be lifted piece-meal as to a single Avoidance Action Defendant. These aspects of the proposed injunction can be modified to create a level playing field while still providing the Debtors with the relief requested.

CIBC does not object to the Debtors' request for a stay; however, CIBC requests that the Court modify the Proposed Order to grant a temporary stay that applies equally to the Debtors and Avoidance Action Defendants.

## BACKGROUND FACTS

1. On September 15, 2008 (the "**LBHI Petition Date**"), LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.

---

[1] Terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2

17651944

2. On various dates thereafter, the other Debtors filed voluntary petitions for relief under the Bankruptcy Code.

3. On September 14, 2010, LBSF filed a Complaint against the Avoidance Action Defendants [Ad. Pro. 10-03547 (JMP); Docket. No. 1; filed concurrently in the main case, 08-13555 (JMP); Docket. No. 11332] (the "**Complaint**").

4. The Debtors term Pyxis ABS CDO 2007-1 Ltd., ("**Pyxis**") as one of the largest of the CDO deals which are the subject of the Complaint. Lehman Brothers Special Financing, Inc. ("**LBSF**") is party to a Credit Default Swap Agreement with Pyxis. CIBC is the holder of the Class A-1 Notes issued by Pyxis. The Complaint names both Pyxis and CIBC as Avoidance Action Defendants.

5. On September 16, 2010, the Debtors filed the Motion.

## ARGUMENT

### A.  The Term of the Stay Should Not Be Indefinite.

6. The Debtors seek Court approval to impose a stay for an indefinite period of time. *See* Motion at ¶ 14; Debtors' Proposed Order at p. 2. As detailed below, rather than have the Court set a time limitation for the proposed stay, the Debtors have reserved that power for themselves.

7. The Debtors cite no precedent for a stay of adversary proceedings of unlimited duration. For example, the Order from *In re Delphi Corp.* cited by the Debtors set time parameters for the length of the imposition of the stay. "All activity in the Adversary Proceedings… shall be stayed until the earlier of (i) the Debtors' service of a summons and complaint on the defendant in any Adversary Proceeding and (ii) further order of this Court after application therefor." *In re Delphi Corp.*, Case No. 05-44481 (RDD), ¶ 9 (Bankr. S.D.N.Y., Aug. 16, 2007) [Docket No. 9105]. The timing of service of a summons and complaint was

3

17651944

extended, but limited to March 31, 2008; about seven and a half months from entry of the order imposing the stay. *See id*. at ¶ 8.

8. Similarly, the court in *In re Enron Corp*. issued a one-hundred-and-twenty (120) day temporary stay. *In re Enron Corp. et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. May 5, 2004) [Docket No. 18230].

9. CIBC respectfully submits that placing a limitation on the duration of the stay maintains the courts control over the injunction while a stay of unlimited duration terminable at will by the Debtors improperly cedes that power to the Debtors.

**B.    Stay Should Apply Equally to the Debtors and Avoidance Action Defendants.**

10. Although CIBC does not object to a stay of the Avoidance Actions, any injunction should apply equally to the Debtors and the Avoidance Action Defendants. The Proposed Order provides:

> the Stay of an Avoidance Action may be lifted by (i) the Debtors upon the filing and service of a notice on the applicable Avoidance Action Defendant(s) indicating the Debtors' intention to prosecute such Avoidance Action, or (ii) the Court for good cause shown upon an application by an Avoidance Action Defendant and after notice and a hearing with an opportunity to respond by the Debtors and the Creditors' Committee.

Proposed Order at p. 3.

11. Thus, effectively, the Avoidance Action Defendants are stayed but the Debtors are not. While the Proposed Order is drafted in terms of the Debtors having to give notice to begin prosecuting an Avoidance Action, this is no stay at all because it is in the sole discretion of the Debtors. Thus the Debtors may choose whatever method of resolution they choose, for whatever length of time they choose.

12. The power to stay proceedings, vested with the Court, should treat fairly and equitably the parties, when "weighing competing interests and maintain an even balance." *See In*

4

17651944

*re Ahead By a Length, Inc.*, 78 B.R. 708, 710 (Bankr. S.D.N.Y. 1987)(quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

13.  The lopsided nature of the stay proposed by the Debtors is unfair and unnecessary. If a stay is to be imposed, the same measure of relief should be applied equally to both the Debtors and Avoidance Action Defendants. Any relief granted in favor of the Debtors should likewise be granted to Avoidance Action Defendants. This will not hamper the goals of the Debtors, but rather should further aid in the goal of reducing the burdens and costs on the estate, the Court and the affected Avoidance Action Defendants.

**C.    The Proposed Order is Unfair Because It Allows the Debtors to Lift the Injunction as Against Individual Defendants Rather Than as to All Defendants.**

14.  The Motion is filed in the bankruptcy cases rather than in individual adversary proceedings, because it purports to request a blanket stay of all Avoidance Actions in the bankruptcy cases. However, the Proposed Order would allow the Debtors to proceed as against "applicable Avoidance Action Defendant(s)." Consequently, the requested relief is in reality an individual stay in each Avoidance Action rather than a stay of all Avoidance Actions.

15.  By treating the stay as a series of separate stays and using their unilateral right to terminate the stay, the Debtors are effectively given docket control over the Avoidance Actions and are able to cherry pick the proceedings to obtain favorable rulings to the disadvantage of other Avoidance Actions Defendants who remain stayed.

**RESERVATION OF RIGHTS**

16.  Nothing in this Objection shall constitute a waiver of, and CIBC reserves all of its rights in all respects, including its rights in respect of the Bankruptcy Code and applicable State, Federal and foreign law.

## **CONCLUSION**

WHEREFORE, CIBC requests that the Court (i) modify the proposed order to grant a temporary stay that applies equally to the Debtors and Avoidance Action Defendants as set forth herein and (ii) grant such other relief as this Court deems just and proper under the circumstances.

Dated: New York, New York
October 13, 2010

Respectfully submitted,

/s/ Brian Trust

Brian Trust (BT-0347)
**MAYER BROWN LLP**
1675 Broadway
New York, New York 10019
(212) 506-2500 (phone)
(212) 262-1910 (fax)

*Counsel to Canadian Imperial Bank of Commerce*

\*   \*   \*

17651944