Hearing Date and Time: October 20, 2010 at 10:00 a.m.
Objection Date and Time: October 13, 2010 at 4:00 p.m.

NIXON PEABODY LLP
Christopher M. Desiderio
David H. Lee
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
and
Amanda D. Darwin
Richard C. Pedone (admitted *pro hac vice*)
100 Summer Street
Boston, MA  02110
Telephone: (617) 345-1000

*Counsel to Deutsche Bank Trust Company Americas*
*and Deutsche Bank National Trust Company,*
*each in their roles as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee*
*and in other related fiduciary, agency and administrative capacities*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et al., ) | |
| ) | Case No. 08-13555 (JMP) |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**LIMITED OBJECTION OF DEUTSCHE BANK TRUST**
**COMPANY AMERICAS AND DEUTSCHE BANK NATIONAL**
**TRUST COMPANY TO DEBTORS' MOTION, PURSUANT TO SECTION**
**105(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 70004(A)(1),**
**TO STAY AVOIDANCE ACTION AND GRANT CERTAIN RELATED RELIEF**

Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company each as Trustee, Indenture Trustee, Supplemental Interest Trust Trustee, and in other related fiduciary, agency and administrative capacities for various trusts and other financing arrangements (in such capacities, collectively the "Indenture Trustees"), by and through their counsel, Nixon Peabody LLP, hereby state their limited objection (the "Limited Objection") to

the Motion, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Stay Avoidance Actions and Grant Certain Related Relief (the "Motion")[1] filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors-in-possession in the above-referenced chapter 11 cases (together, the "Debtors"). In limited support of their Limited Objection, the Indenture Trustees state as follows:[2]

## BACKGROUND

1. The Indenture Trustees act as trustee, indenture trustee, supplemental interest trust trustee and in other related fiduciary, agency and administrative capacities for various trusts and other similar complex financing arrangements (collectively referred to herein as the "Trusts").

2. The Indenture Trustees and certain of the Trusts have been named as defendants in certain of the avoidance action adversary proceedings commenced by the Debtors (collectively, the "Avoidance Actions").

3. On September 16, 2010, the Debtors filed the Motion, seeking, among other things, to stay (i) "all applicable deadlines (other than those related to completion of service) . . . indefinitely"[3]; (ii) "all discovery and pretrial conferences"; and (iii) "all motion practice and contested hearings or trials." Motion ¶14. The relief sought in the Motion would allow the Debtors to terminate the stay at will, but prevents defendants from seeking to lift the stay except for "good cause shown." Id.

---

[1] [Docket No. 11389].

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[3] The Motion seeks a 60-day extension of the deadline to complete service.

4. On October 10, 2010, the Debtor filed a revised schedule (the "Revised Schedule") of Avoidance Actions to be subject to the relief sought in the Motion.[4] All of the Avoidance Actions naming the Indenture Trustees are listed on the Revised Schedule.

## OBJECTION

5. The relief sought in the Motion, if approved, will allow the Debtors to essentially circumvent the two-year statute of limitations imposed by section 546(a)(1) of the Bankruptcy Code and may unfairly force defendants to litigate the Avoidance Actions years after the statutory deadline.

6. Statutes of limitations "are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 313-14, 65 S. Ct. 1137, 89 L. Ed. 1628 (1945); see also Singer v. Kimberly Clark Corp. (In re Am. Pad & Paper Co.), 478 F.3d 546, 555 (3d Cir. 2007). While some debtors-in-possession may find the limitations period provided by Bankruptcy Code section 546(a)(1) inconvenient and argue that such deadlines may impede a debtor's reorganization efforts, the Second Circuit has made it clear that "the two-year limitations period" under section 546(a)(1) "represents Congress's balancing of the interest of the debtor in negotiation… against the interest of other persons in the repose of claims that may be made against them." In re Century Brass Products, Inc., 22 F.3d 37, 41 (2d Cir. 1994). Accordingly, courts are "not entitled to reweigh these interests." Id.

7. Even though the Motion does not technically seek an extension of the statute of limitations under section 546(a)(1), the relief sought therein may prejudice defendants in the

---

[4] [Docket No. 11805].

- 3 -

ways that the statute of limitations are designed to prevent. For example, the relief sought in the Motion prohibits defendants from conducting discovery and motion practice for an indefinite period of time. Motion ¶14. During such indefinite period, it is possible that memories will fade, witnesses will die or disappear, and evidence will be lost. See Chase Sec. Corp. v. Donaldson, 325 U.S. at 313-14. As such, contrary to the Debtors' assertion,[5] defendants may indeed be prejudiced by the indefinite stay sought.

8. The Congressional intent reflected in section 546(a)(1) of the Bankruptcy Code, suggests that in no circumstance should the Debtors be granted an indefinite stay with regard to the prosecution of the Avoidance Actions. Accordingly, to the extent the Avoidance Actions are subjected to any stay, such stay should be for a definite period of time and should only be continued by consent of the impacted parties or by further court order. Furthermore, the burden for establishing "cause" for any additional extensions should, in all instances, remain with the Debtors.

9. In light of the foregoing, the Indenture Trustees believe that a 120 day stay is appropriate and do not object to such a limited stay.

---

[5] See Motion ¶20.

## **CONCLUSION**

WHEREFORE, the Indenture Trustees request that this Court: (i) limit the relief afforded to a 120 day stay; and (ii) grant such other and further relief as is necessary and appropriate to mitigate the adverse impact of any stay that may be approved.

Dated: New York, New York
October 13, 2010

        Respectfully Submitted,

        By: /s/ David H. Lee
        Christopher M. Desiderio
        David H. Lee
        NIXON PEABODY LLP
        437 Madison Avenue
        New York, NY 10022
        Telephone: (212) 940-3000
        Facsimile: (212) 940-3111

        and

        Amanda D. Darwin
        Richard C. Pedone (admitted *pro hac vice*)
        NIXON PEABODY LLP
        100 Summer Street
        Boston, MA 02110
        Telephone: (617) 345-1000

        *Counsel to Deutsche Bank Trust Company Americas*
        *and Deutsche Bank National Trust Company,*
        *each in their roles as Trustee, Indenture Trustee, Supplemental*
        *Interest Trust Trustee and in other related fiduciary, agency*
        *and administrative capacities*

13193099