**Hearing Date and Time: October 20, 2010 at 10:00 a.m.**

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
Sean O'Keefe – NY Bar No. 1980853, Cal Bar No. 122417
Paul J. Couchot – Cal Bar No. 131934

General Insolvency Counsel for SunCal Voluntary Debtors and
Counsel to SCC Acquisitions, Inc.

**RUS MILIBAND & SMITH**
**A PROFESSIONAL CORPORATION**
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514
Ronald Rus - Cal Bar No. 67369
Joel S. Miliband- Cal Bar No. 77438

Counsel for SunCal Management, LLC


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                           :      **Chapter 11 Case No.**

In re                    :

                           :      **08-13555 (JMP)**

**LEHMAN BROTHERS HOLDINGS INC., et al.,:**

                           :      **(Jointly Administered)**

           **Debtors.**       :

                           :
-------------------------------------------------------------x


**SUNCAL PARTIES' RESPONSE TO MOTION OF LEHMAN DEBTORS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 FOR AUTHORITY TO ENTER INTO SETTLEMENT WITH SUNCAL TRUSTEE ON BEHALF OF SUNCAL INVOLUNTARY DEBTORS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The SunCal Voluntary Debtors, SCC Acquisitions Inc. ("Acquisitions") and SunCal

Management LLC ("SC Management") (collectively, the "SunCal Parties")[1], hereby submit this

response (the "SunCal Parties' Response") to that certain Motion of Debtors Pursuant to Section

363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 For Authority to

Entered into Settlement With SunCal Trustee on Behalf of SunCal Involuntary Debtors

("Motion") filed by Lehman Brothers Holding Inc. ("LBHI") and its affiliated debtors in the

above referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI")

(together, the "Lehman Debtors"). The objective of this Response is to insure that the rights of

the SunCal Parties, and the rights of the creditors of all of the SunCal Debtors, are not prejudiced

by relief requested in the Motion.

In essence, the SunCal Trustee and the Lehman Debtors have agreed to file and pursue a

joint plan of reorganization in the cases of the SunCal Trustee Debtors ("Joint Plan"). This Joint

Plan will only have legal effect if and when the United States Bankruptcy Court for the Central

District of California (the "California Bankruptcy Court") rules that this plan has satisfies the

---

[1] The "SunCal Voluntary Debtors" consist of seventeen (17) jointly administered debtors and debtors in possession whose chapter 11 cases are pending before the United States Bankruptcy Court for the Central District of California ("California Bankruptcy Court"), as follows: Palmdale Hills Property, LLC ("Palmdale Hills"), SunCal Beaumont Heights LLC, SCC/Palmdale, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, SunCal Emerald Meadows, LLC ("SunCal Emerald"), SunCal Bickford Ranch, LLC ("SunCal Bickford"), Acton Estates, LLC ("SunCal Acton"), Seven Brothers, LLC, SJD Partners, Ltd., SJD Development Corp., Kirby Estates, LLC, SunCal Communities I, LLC ("SunCal I"), SunCal Communities III ("SunCal III"), LLC, SCC Communities LLC, North Orange Del Rio Land, LLC, and Tesoro SF, LLC (the "SunCal Voluntary Debtors").

Steven M. Speier is the duly appointed trustee ("Trustee") for the Chapter 11 estates of certain related debtors: LB/L-SunCal Oak Valley, LLC ("SunCal Oak Valley"), LB/L SunCal Northlake ("SunCal Northlake"), LLC, SunCal PSV, LLC ("SunCal PSV"), Delta Coves Venture, LLC ("SunCal Delta Coves"), SunCal Torrance LLC, SunCal Oak Knoll, LLC, SunCal Marblehead, LLC ("SunCal Marblehead"), and SunCal Heartland, LLC ("SunCal Heartland") (the "SunCal Trustee Debtors"). The SunCal Voluntary Debtors and the SunCal Trustee Debtors are collectively referred to as the "SunCal Debtors".

Acquisitions is an indirect equity holder of the SunCal Debtors and creditor of many of the SunCal Debtors. SC Management is one of largest holders of unsecured claims collectively against all of the SunCal Debtors and continues to manage the SunCal Debtors' projects. The SunCal Voluntary Debtors and Acquisitions are collectively referred to as the "SunCal Proponents".

1

MAINDOCS-#153213-v2-SCC_Response_NY_Lehman_Compromise.DOC

requisites of 11 U.S.C. § 1129. Since the agreement to pursue this joint plan falls outside the
"ordinary course," the Lehman Debtors have sought permission from this Court prior to pursuing
this course. See 11 U.S.C. § 363(c). The SunCal Parties have no objection to the Motion to the
extent the relief sought by the Lehman Debtors falls within these parameters.

The SunCal Parties' concerns regarding the Motion were raised by the references to
Federal Rule of Bankruptcy Procedure 9019 and by other broader statements of intent set forth in
the Motion. Since the SunCal Trustee cannot compromise or release any claims or rights held by
the SunCal Trustee Debtors, without first seeking relief from the California Bankruptcy Court,
the SunCal Parties' presume the compromise language refers only to a future compromise - a
compromise that would occur if and only if the proposed Joint Plan is approved by the California
Bankruptcy Court pursuant to 11 U.S.C.§ 1129. [2]

The SunCal Proponents intend to pursue a competing plan of reorganization effort in the
cases of all of the SunCal Debtors. Since the Lehman Debtors have now filed plans in both the
SunCal Voluntary Debtors' and the SunCal Trustee Debtors' cases, a contest will occur in these
cases. The purpose of this Response is merely to insure that the relief sought in this Court by the
Lehman Debtors will not impair the rights of the SunCal Proponents to pursue their competing

---

[2] The SunCal Trustee cannot compromise or release a claim without the consent of the California
Bankruptcy Court. See American Prairie Construction Co. v. Hoich, 594 F.3d 1015, 1025 (8th
Cir. 2010) ("a settlement reached between a debtor in bankruptcy and a creditor is not effective
under Fed. R. Bank. P. 9019 absent bankruptcy court approval"); Saccurato v. Masters, Inc. (In
re Masters, Inc.), 149 B.R. 289, 291 (E.D.N.Y.1992) ("debtors cannot bind their estates to
compromises absent bankruptcy court approval"); In re Handy & Harman Refining Group, Inc.,
304 B.R. 49, 53 (Bankr.D.Conn. 2004) ("an agreement to compromise is not binding unless
approved by the bankruptcy court"); In re Dimas, LLC  2007 WL 2127312, *20 (Bankr.N.D.Cal.
2007) ("[U]nder Bankruptcy Rule 9019, a settlement or compromise agreement between the
debtor in possession and another party must be approved by the court, after notice and
opportunity for a hearing, to be enforceable. Because the parties did not provide notice of the
terms of their compromise to creditors and did not obtain court approval of the compromise, it is
not enforceable against the estate.")  See also In re The Bennett Funding Group, Inc., 439 F.3d
155, 162 (2d Cir. 2006) (acknowledging settlement was not effective until approved by each
respective court – "it is true that the Agreement was not *effective* until each court approved it-
indeed the approvals of the United States Bankruptcy Court for the District of New Jersey and
the Supreme Court of Bermuda were also required to effectuate the overall Agreement").

2

plan in the SunCal Debtors' cases[3], or purport to compromise any claims held by the SunCal Trustee Debtors, without prior relief in the California Bankruptcy Court.[4]

To clarify the effect of the relief, the SunCal Debtors respectfully request that the "retention of jurisdiction" provision in the proposed order submitted by the Lehman Debtors be modified so that it is consistent with the language contained in an order previously lodged by the Lehman Debtors, and entered by this Court. Specifically, on September 29, 2010, this Court entered an order, proposed by the Lehman Debtors, in connection with the proposed settlement with Alfred H. Siegel, as Chapter 11 Trustee, which contained the following revised provision:

> ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; **provided, however nothing contained in this Order is intended to reduce the exclusive jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the Central District of California in the SunCal Bankruptcy Case.**

A copy of the *Order Pursuant to Section 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 approving that Certain Amended and Restated Compromise by and among Lehman Commercial Paper Inc., Alfred H. Seigel, as Chapter 11 Trustee for the SunCal Debtors, and the Official Committee of Unsecured Creditors in the SunCal Bankruptcy Cases,* entered on or about September 29, 2010, is attached hereto as exhibit "1" and incorporated herein by this reference.

---

[3] The SunCal Debtor Cases and the Trustee are to be distinguished from the Chapter 11 cases in which Alfred H. Siegel has been appointed as Chapter 11 Trustee ("Siegel SunCal Cases"). This Court has previously entered an order approved an actual settlement in the Siegel SunCal Cases. See Order attached hereto as exhibit "1."

[4] The Lehman Debtors' proposed order itself makes it clear that the purported compromise is not binding with respect to the Lehman Debtors but is silent as to the SunCal Debtors. Further, the Motion itself acknowledges that the Joint Plan is conditioned upon various extraneous events which to date have not occurred, including:

- the "funding obligations and distributions" not exceeding $45 million. Motion, pg 4, fn. 4.
- Settlements with Arch Insurance Company and Bond Safeguard regarding alleged bond claims. Motion, pgs 4-5, ¶ 5.

A redlined version of the SunCal Parties' revisions to the proposed order is attached

hereto as exhibit "2."

DATED: October 13, 2010                   **WINTHROP COUCHOT**
                                          **PROFESSIONAL CORPORATION**

                                          By:   /s/  *Sean A. O'Keefe*
                                                   Paul J. Couchot, Esq.
                                                   Sean A. O'Keefe, Esq.
                                                   Peter W. Lianides, Esq.
                                          General Insolvency Counsel for SunCal Voluntary Debtors
                                          and Counsel to SCC Acquisitions, Inc.

4

# EXHIBIT "1"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

In re:                                                  :        Chapter 11
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :        Case No.: 08-13555 (JMP)
                                                        :
                        Debtors.                        :        (Jointly Administered)

------------------------------------------------------------------------ x

### ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 APPROVING THAT CERTAIN AMENDED AND RESTATED COMPROMISE BY AND AMONG LEHMAN COMMERCIAL PAPER INC., ALFRED H. SIEGEL, AS CHAPTER 11 TRUSTEE FOR THE SUNCAL DEBTORS, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN THE SUNCAL BANKRUPTCY CASES

Upon the motion, dated September 2, 2010 ( "Motion"),[1] of Lehman Commercial Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), pursuant to section 105 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ( "Bankruptcy Rules") for authorization to enter into and approval of a settlement pursuant to the amended and restated term sheet annexed to the Motion as Exhibit A (the "Amended Term Sheet"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Amended Term Sheet.

governing case management and administrative procedures [Docket No. 9635] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) counsel to the SunCal Trustee, (vii) counsel to the SunCal Committee, and (viii) all parties

who have requested notice in these chapter 11 cases, and it appearing that no other or further

notice need be provided; and upon the record of the hearing on the Motion held on September

22, 2010; and upon the letter brief submitted by LCPI and LBREP Lakeside SC Master I, LLC

on September 27, 2010; and the Court having found and determined that the relief sought in the

Motion is in the best interests of LCPI and its estate and that the legal and factual bases set forth

in the Motion and on the record establish just cause for the relief granted herein; and all

objections to the Motion being hereby overruled on the merits; and after due

deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED that, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy

Rule 9019, the Amended Term Sheet is approved, and LCPI is duly authorized to

(i) consummate all of the transactions contemplated thereby and (ii) execute and deliver such

documents and instruments and to take such other actions as may be reasonably necessary to

consummate the transactions contemplated by the Amended Term Sheet, it being understood that

any actions described in this paragraph taken by LCPI or its affiliates may be taken without the

necessity of any further Court proceedings or approval and shall be conclusive and binding in all

respects on all parties in interest in these cases; and it is further

      ORDERED that the Amended Term Sheet and any related agreements, documents

2

or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided*, however, that any material modification, amendment or supplement shall be presented for Court approval by motion of the parties thereto; and it is further

ORDERED that, notwithstanding anything to the contrary in the Amended Term Sheet and this Order, nothing in the Amended Term Sheet is intended to affect the rights, if any, of any Person, including the 2nd Lien Lenders other than the LCPI 2nd Lien Lender, and the 3rd Lien Lenders other than the LCPI 3rd Lien Lender, except to the extent that a Person is a party to the Amended Term Sheet, with such Person's rights being affected to the extent expressly provided in the Amended Term Sheet; and it is further

ORDERED that, since certain statute of limitations deadlines may arise before the Settlement Effective Date will occur, and in order to avoid any imminent motion practice by the SunCal Trustee to modify the automatic stay in this case, LCPI is hereby authorized to enter into tolling agreement(s) with the SunCal Trustee, which will toll the statute of limitations for the SunCal Trustee to commence an action against LCPI arising from the Loans; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; provided, however nothing contained in this decretal paragraph is intended to reduce the exclusive jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the Central District of California in the SunCal Bankruptcy Case.

Dated: New York, New York
       September 29, 2010

                                  *s/ James M. Peck*
                                  UNITED STATES BANKRUPTCY JUDGE

3

**EXHIBIT "2"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                       :
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,:
                                                            :
              Debtors.                                      :
                                                            :
-------------------------------------------------------------x

Chapter 11 Case No.

08-13555 (JMP)

(Jointly Administered)

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND FEDERL**
**RULE OF BANKRUPTCY PROCEDURE 9019 AUTHORIZINGTHE DEBTORS TO**
**ENTER INTO SETTLEMENT AGREEMENT WITH SUNCAL TRUSTEE ON BEHALF**
**OF SUNCAL INVOLUNTARY DEBTORS**

[Formatted: Underline]

          Upon the motion (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI")

and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman

Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (collectively, the

"Debtors"), pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

for an order authorizing the Debtors to enter into a settlement (the "SunCal Involuntary

Settlement") with the SunCal Trustee, on behalf of the SunCal Involuntary Debtors, and

consummate the transactions contemplated thereunder, all as more particularly described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion.

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) counsel to the SunCal Trustee; and (vii) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates and creditors, and all parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code and Bankruptcy

Rule 9019, the Debtors are duly authorized, but not directed, to (i) enter into the SunCal

Involuntary Settlement and, if approved by the California Bankruptcy Court (the "Final SunCal

Involuntary Settlement"), consummate all of the transactions contemplated thereunder and under

the Joint Plan, if confirmed by the California Bankruptcy Court (the "Confirmed Joint Plan"), as

described in the Motion; (ii) execute and deliver such documents, instruments, certificates

agreements and to take such other actions as may be reasonably necessary to consummate the

transactions contemplated under the Final SunCal Involuntary Settlement, and (iii) consent to

any amendment, restatement, waiver, supplement or other modification of any of the documents

contemplated under the Final SunCal Involuntary Settlement, it being understood that any

actions described in this paragraph taken by the Debtors or their affiliates may be taken without

the necessity of (x) any further court proceedings or approval or (y) any consent of any third

party, and shall be conclusive and binding in all respects on all parties in interest in these cases,

unless such parties-in-interest are also parties-in-interest in the SunCal Trustee cases; and it is

further

ORDERED that the Debtors are authorized, but not directed, to make all

payments contemplated under the Final SunCal Involuntary Settlement and the Confirmed Joint

Plan, as described in the Motion, including the Lehman Plan Funding, subject to the terms of the

Confirmed Joint Plan; *provided, however,* that to the extent the amount of the Lehman Plan

411319v1 JSM 10/12/10 1 (2882-0001) 1
Alternate rollins n NY order doc\MAINDOCS-#153151-v2-SGC_Order ReSection363.DOC

62791.5

Funding exceeds $45 million, the Debtors will consult with the Creditors' Committee prior to determining whether to consummate the Joint Plan; and it is further

> **Comment [A1]:** Intentionally did not include "Confirmed" here.

ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interest, obligations, benefits or remedies of LCPI, LBHI or any other Lehman entity that is a party to the Final SunCal Involuntary Settlement, that such Lehman entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties, and the Debtors are hereby authorized and directed to execute such further documents to evidence such reservations; and it is further

ORDERED that nothing contained in the Final SunCal Involuntary Settlement or in the Motion shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI or any Lehman Creditor, that such entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties; and it is further

ORDERED that any and all pre-and post-petition claims, rights and obligations that the Debtors may have against each other in connection with the subject matter of the Motion or the transactions contemplated by the Final SunCal Involuntary Settlement are hereby fully preserved and shall not be prejudiced by the entry of this Order; and it is further

ORDERED that the allocation of costs and benefits between or among the Debtors and non-Debtor affiliates in connection with the Final SunCal Involuntary Settlement is preserved; and it is further

ORDERED that the Final SunCal Involuntary Settlement may be modified, amended or supplemented by the proponents thereof without further order of the Court, and any agreements, documents or other instruments related to the Final SunCal Involuntary Settlement, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, in

411319v1 JSM 10/12/10 1 (2882-0001) 2
Alternate redline to NY order doc54A/NDOCS-#153151-v2-SCC_Order-ReSection36a-DE-C

62791.5

consultation with the Creditors' Committee and without further order of the Court, *provided* that,

in each case, any such modification, amendment or supplement does not have a material adverse

effect on the Debtors' estates; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order; <u>provided, however nothing contained in this Order is intended to reduce the exclusive</u>

<u>jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the</u>

<u>Bankruptcy Court for the Central District of California in the SunCal Bankruptcy Case</u>.


Dated: October ___, 2010
    New York, New York


                                             ——————————————————
                                        UNITED STATES BANKRUPTCY JUDGE

411319v1 JSM 10/12/10 1 (2382-0001) 3
Alternate redline to NY order.doc MAINDOCS-#153161-v2-SCC_Order_Re_Section_105.DOC

62791.5