REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
Eric A. Schaffer (ES-6415)
Michael J. Venditto (MV-6715)

*Counsel to The Bank of New York Mellon Trust Company, N.A., as indenture trustee*

Objections: October 13, 2010 at 4:00 PM (Eastern)
Hearing: October 20, 2010 at 10:00 AM (Eastern)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>**(Jointly Administered)**<br><br>Refers to Dkt. No. 11488 |

**LIMITED OBJECTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., TO DEBTORS' MOTION, PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, FOR APPROVAL OF A SETTLEMENT AGREEMENT AMONG LBSF, LBHI, AND SOCIÉTÉ GÉNÉRALE, NEW YORK BRANCH**

The Bank of New York Mellon Trust Company, N.A., *f/k/a* The Bank of New York Trust Company, National Association (the "Trustee"), acting as trustee pursuant to an Indenture dated as of November 16, 2006 (as supplemented, amended, or modified from time to time, the "Indenture"), among MKP Vela CBO, Ltd., as Issuer (the "Issuer"), MKP Vela CBO, LLC, as co-issuer (the "Co-Issuer" and, together with the Issuer, "Vela") and the Trustee, hereby objects to the Debtors' Motion, Pursuant To Sections 105(A), 363 and 365 of the Bankruptcy Code and Bankruptcy Rule 9019, For Approval of a Settlement Agreement with Société Générale, New York Branch [Dkt. No. 11488] (the "Motion") and respectfully represents as follows:

**I.    PRELIMINARY STATEMENT**

1.    In the Motion, the Debtors seek approval of a settlement agreement (the "Settlement Agreement") among the Debtors and Société Générale, New York Branch ("SG") relating to certain swap transactions with two special purpose entities, Vela and Libra CDO Limited ("Libra").

2.    The Trustee objects to the Motion only insofar as various provisions of the proposed order and the Settlement Agreement may limit the legal rights of the Trustee and/or the holders ("Holders") of certain notes (the "Notes") issued by Vela, none of whom are parties to the Settlement Agreement.  Although some provisions of the proposed order constitute declaratory judgments that this Court could issue only in an adversary proceeding, no adversary proceeding has been initiated, and the Debtors and SG cannot utilize a motion under Bankruptcy Rule 9019(a) as a procedural substitute for declaratory judgment.

3.    For these reasons, any order entered pursuant to the Motion should be modified to avoid prejudicing the rights of parties who are not before the Court and over whom the Court does not exercise jurisdiction.

**II.    BACKGROUND**

4.    Vela is a special purpose entity that was created to invest in securities that were directly or indirectly backed by mortgages.  Vela issued the Notes to the Holders and invested the proceeds in certain securities (the "Securities").

5.    On or about November 16, 2006, Vela entered into a credit default swap ("CDS")[1] with one of the Debtors, Lehman Brothers Special Financing Inc. ("LBSF"), pursuant

---

[1]    The CDS comprises, *inter alia*, a 1992 ISDA Master Agreement, dated as of November 16, 2006, together with an amended and restated schedule, credit support annex, and amended and restated confirmations, each dated

Continued on following page

to which LBSF agreed to make regularly scheduled payments to Vela in exchange for Vela's promise to make payments to LBSF if losses were incurred on certain mortgage related securities that were referenced in the CDS. LBSF's payment obligations were guaranteed by LBHI.

6. At the same time that Vela and LBSF entered into the CDS, Vela entered into a separate derivative transaction with SG (the "SG Swap Agreement") pursuant to which SG was obligated to advance funds to Vela if it did not have sufficient funds to make required payments to LBSF under the CDS.

7. The Securities, which are held by the Trustee, have been pledged by Vela to secure Vela's obligations to pay: (i) amounts due to LBSF under the CDS; (ii) amounts due to SG under the SG Swap Agreement; and (iii) amounts due to Holders under the Notes.

8. On September 30, 2008, prior to the date on which LBSF filed its Chapter 11 case, the Trustee, acting on behalf of Vela and at the direction of SG pursuant to a power of attorney granted in the Indenture, delivered a written notice of early termination of the CDS (the "Early Termination Notice"), designating September 30, 2008 as the "Early Termination Date."[2]

9. The Settlement Agreement contemplates the filing of a future adversary proceeding or proceedings relating to the Vela transaction

10. Certain provisions of the Settlement Agreement, which are to be embodied into the proposed order approving the Motion, pertain to the relationships among LBSF, the Trustee, Vela, and/or the Holders. These provisions of the proposed order could prejudice the rights of

---

Continued from previous page

April 23, 2008. Libra and Vela are separate and distinct transactions, and the Trustee has no involvement with Libra. Determination of issues relating to Libra has no necessary effect upon issues relating to Vela.

[2]    The Early Termination Notice stated, *inter alia*: "We have hereby determined that an Event of Default has occurred pursuant to Section 5(a)(vii) of the Agreement. In accordance with Section 6(a) of the Agreement, the Trustee, on behalf of MKP Vela under its power of attorney pursuant to the Indenture, hereby designates September 30, 2008 as the Early Termination Date in respect of all outstanding Transactions."

the Trustee, Vela, and/or the Holders in future litigation that is intended to be the centerpiece of the proposed settlement.  Because the litigation referenced in the Settlement Agreement has not yet been commenced, it is not possible to understand how the provisions of an order might change the rights of Vela or the Holders, none of whom is before the Court.  For this reason, the Trustee objects to the Motion unless any order that grants the Motion is modified to prevent prejudice to the Trustee, Vela, or Holders who are not parties to the Settlement Agreement.

### III.    THE MOTION SHOULD NOT BE GRANTED IN THE FORM REQUESTED

11.    Bankruptcy Rule 9019(a) simply provides that, upon motion by a debtor-in-possession, "the court may approve a compromise or settlement."[3]  In deciding a motion to approve a settlement, a bankruptcy court does not decide underlying questions of law or fact.  Instead, the court determines that the settlement does not fall below the lowest point in the range of reasonableness.  The decision is predicated on several factors, including the risks and rewards of continued litigation, the possibility of delay, increased costs and difficulty in collection even if the trustee prevails, the interest of the creditors and whether they support the settlement, the competency of counsel that support the settlement, and the extent to which the settlement reflects an arms-length bargain.  *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

12.    To grant the relief sought in the Motion, the order could be limited to a one-sentence approval of the Settlement Agreement as between the parties to that agreement.

13.    Instead, the Debtors have proposed a 15 page order that contains 23 additional decretal paragraphs.  These provisions are preceded by several pages of proposed findings, some of which could prejudice the position of the Holders or other parties in any subsequent litigation.

---

[3] The rule requires that notice "be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."  Fed.R.Bankr.P. 9019(a).

The complexity of these findings and decretal provisions makes it impossible to determine at this time each and every instance in which the rights of those not parties to the settlement agreement may be affected. For example, the proposed order states that the current defaults of LBSF and LBHI under the Vela CDS shall be deemed cured, and invalidates any agreement or provision that "purports to prohibit or condition the assignment" of the CDS to SG. Proposed Order ¶7 at 8. This paragraph does not appear to be limited to determination of the rights and claims as between the parties to the Settlement Agreement. Similarly, paragraph 10 of the proposed order declares that certain contractual provisions of the CDS are limited after it is assigned to SG. Proposed Order ¶10 at 10-12. Here again, this does not seem to be limited to determination of the rights and claims as between the settling parties. The Trustee cannot predict how, in the context of unseen, promised litigation, the parties to the Settlement Agreement might seek to use an Order approving their agreement to defeat rights of holders or others that are strangers to such agreement.

14.    Due process requires that Vela and the Holders have notice and an opportunity to contest any findings or judicial declarations that would affect their contractual rights before they are made. Here, they have not been afforded that opportunity, since the litigation will only occur after the proposed order has been entered.

15.    The Trustee has requested that the Debtors include a provision in the proposed order that specifies that all of its provisions are without prejudice to any rights, claims, or defenses of the Other Vela Parties, as defined in the Settlement Agreement, with respect to any litigation or proceeding pursued in connection with the Vela Transaction. To the extent the proposed settlement and the implementing order purport to modify the rights of the Trustee, Vela, or the Holders, the Motion must be denied.

WHEREFORE, the Trustee objects to the Motion and respectfully requests that this Court deny the Motion absent provision that any Order approving the Settlement Agreement is without prejudice to any rights, claims, or defenses of the Other Vela Parties with respect to any litigation or proceeding pursued in connection with the Vela Transaction, and grant such further relief to the Trustee as is appropriate.

Dated: October 13, 2010
      New York, New York

Respectfully Submitted,

REED SMITH LLP

By:    */s/ Eric A. Schaffer*
Eric A. Schaffer (ES-6415)
Michael J. Venditto (MV-6715)
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450

*Counsel to The Bank of New York Mellon Trust Company, N.A., as indenture trustee*

TO:

Chambers of Honorable James J. Peck
One Bowling Green, Courtroom 601
New York, New York 10004

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attention: Lori R. Fife, Esq.,
Ralph I. Miller, Esq.
Jacqueline Marcus, Esq.

Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, New York 10005
Attention: Dennis F. Dunne
Dennis O'Donnell
Evan Fleck, Esq.

Quinn Emanuel
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Attention: Eric Winston, Esq.

Mayer Brown LLP
1675 Broadway
New York, New York 10019
Attention: Steven Wolowitz, Esq.

Libra CDO Limited
c/o Deutsche Bank (Cayman) Limited
P.O. Box 1984 GT
Elizabethan Square
Grand Cayman
Cayman Islands
Attention: Global Transaction Banking, Trust & Securities Services

Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Attention:     John C. Weitnauer, Esq.

MKP Vela CDBO, Ltd.
c/o Walkers SPV Limited
Walker House
Mary Street
George Town, Grand Cayman
Cayman Islands

- 8 -