HEARING DATE AND TIME: December 1, 2010 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: November 15, 2010 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, MODIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, SARAH DECKER, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                    :   Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :   08-13555 (JMP)
                                                         :
                        Debtors.                         :   (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' SIXTY-SECOND
OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that on October 13, 2010, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their sixty-second omnibus objection to claims (the "Debtors' Sixty-Second Omnibus Objection to Claims"), and that a hearing (the "Hearing") to

1

consider the Debtors' Sixty-Second Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **December 1, 2010 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Sixty-Second Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq.,

Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **November 15, 2010 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Sixty-Second Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Sixty-Second Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: October 13, 2010
       New York, New York

                          /s/ Shai Y. Waisman
                          Shai Y. Waisman

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Debtors
                          and Debtors in Possession

**HEARING DATE AND TIME: December 1, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: November 15, 2010 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
                                                :
                        Debtors.                :    (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' SIXTY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (SETTLED DERIVATIVE CLAIMS)**

---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, MODIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, SARAH DECKER, AT 214-746-7700.**

---

US_ACTIVE:\43522383\03\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Relief Requested**

        1.    The Debtors file this sixty-second omnibus objection to claims (the "Sixty-Second Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order reducing, reclassifying (in certain instances), modifying the Debtor entity (in certain instances), and allowing the claims listed on Exhibit A annexed hereto.[1]

        2.    The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively, the "Settled Derivative Claims") should be reduced, reclassified and modified (in certain instances), and allowed. Pursuant to this Court's order approving procedures for the settlement or assumption and assignment of prepetition derivative contracts (the "December Order") [Docket No. 2257], claimants and the Debtors have negotiated settlements of disputes related to derivative claims. These signed agreements included

---

[1] Not all claims listed on Exhibit A require reclassification or modification of the Debtor. Exhibit A, however, sets forth which specific claims will be reclassified to non-priority general unsecured claims pursuant to the parties' agreement as well as against which Debtor the claim shall be allowed.

2

claim values and (in certain instances) identified the correct Debtor entity against whom the claim would be asserted.  The proofs of claim being objected to are not consistent with such settlements.  The Debtors, therefore, request that the Court reduce, reclassify, and/or modify, as appropriate, each such claim to reflect (a) the Debtor listed on <u>Exhibit A</u> under the column heading *"Modified Debtor,"* (b) the amount listed under the column heading *"Modified Amount,"* and (c) the classification listed under the column heading *"Modified Class."*  The Debtors further request that the Court allow each such claim only to the extent of such modified amount and classification and only as to the modified Debtor.

### Jurisdiction

3.　　　　This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.　　　　Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.　　　　On September 17, 2008, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") appointed the statutory committee of

unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On December 16, 2008, the Court entered the December Order, which approved and established specific procedures by which the Debtors could settle claims arising from the termination of prepetition derivative contracts.

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Settled Derivative Claims Should Be Reduced, Reclassified, and Allowed**

9. In their review of the claims filed on the claims register in these cases, the Debtors have identified the claims on Exhibit A as being claims for which the Debtors specifically negotiated an agreement with the claimants for a total claim value and (in certain instances) a classification and Debtor entity that is not the value, classification, and/or Debtor that is reflected on such claimants' proofs of claim.

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the

4

validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. Pursuant to the December Order, the Debtors engaged in negotiations with certain claimants that had filed proofs of claim against the Debtors asserting obligations based on prepetition derivative contracts. The Debtors and these claimants negotiated and agreed to claim values and (in certain instances) classifications and Debtor entities that are not reflected on the proof of claim forms filed by these claimants. The agreements regarding the claim values, claim classifications, and designation as to appropriate Debtor counterparty are reflected in written "Termination Agreements" executed by the relevant Debtor and the holder of the Settled Derivative Claim.

12. The holders of the Settled Derivative Claims agreed to modify their claims to reflect the appropriate Debtor counterparty as is reflected on Exhibit A under the column heading *"Modified Debtor,"* to reduce their claims to the amounts under the column heading "*Modified Amount*," and to reclassify their claims to the classification under the column heading "*Modified Class*." The Debtors are only seeking to reclassify claims or modify the Debtor where the claimant's proof of claim is not consistent with such claimant's Termination Agreement. Because the modified Debtor, claim amount, and classification have been acknowledged by each holder of the Settled Derivative Claims through the execution of the relevant Termination Agreement, the reduction, reclassification, modification, and allowance of the Settled Derivative Claims

5

already has been agreed to by the claimant.  Accordingly, in order to properly reflect the Debtors' and claimants' agreements with respect to the Debtor entity, value, and classification of these claims, the Debtors request that the Court reduce, reclassify, and/or modify (as appropriate) each Settled Derivative Claim to reflect (a) the Debtor entity listed on Exhibit A under the column heading *"Modified Debtor,"* (b) the value listed under the column hearing *"Modified Amount,"* and (c) the classification under the column heading *"Modified Class."*  The Debtors further request that the Court allow each such Settled Derivative Claim only to the extent of such modified amount and classification listed on Exhibit A under the column headings *"Modified Class"* and *"Modified Amount"* and only as to the *"Modified Debtor"* set forth therein.

## Notice

13. No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Sixty-Second Omnibus Objection to Claims, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], on:  (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

6

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: October 13, 2010
      New York, New York

    /s/ Shai Y. Waisman
    Shai Y. Waisman

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

# EXHIBIT A

## IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 62: EXHIBIT A – SETTLED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | BANK OF SCOTLAND PLC<br>ATTN: OLIVER BASI<br>33 OLD BROAD STREET<br>LONDON, EC2N 1HZ<br>UNITED KINGDOM | 17718 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $125,805,379.00* | Lehman Brothers Holdings Inc. | Unsecured | $90,965,574.96 |
| 2 | BANK OF SCOTLAND PLC<br>ATTN: OLIVER BASI<br>33 OLD BROAD STREET<br>LONDON, EC2N 1HZ<br>UNITED KINGDOM | 17720 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $125,805,379.00* | Lehman Brothers Special Financing Inc. | Unsecured | $90,965,574.96 |
| 3 | CONTRARIAN FUNDS, LLC AS ASSIGNEE OF FINDOMESTIC BANCA S.P.A.<br>ATTN: ALPHA JIMENEZ<br>411 WEST PUTNAM AVENUE, SUITE 425<br>GREENWICH, CT 06830 | 45257 | 10/23/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $116,528.00 | Lehman Brothers Special Financing Inc. | Unsecured | $57,827.38 |
| 4 | CONTRARIAN FUNDS, LLC AS ASSIGNEE OF FINDOMESTIC BANCA SPA<br>ATTN: ALPA JIMENEZ<br>411 WEST PUTNAM AVE, STE 425<br>GREENWICH, CT 06830 | 45290 | 10/23/2009 | Lehman Brothers Holdings Inc. | Unsecured | $116,528.00 | Lehman Brothers Holdings Inc. | Unsecured | $57,827.38 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 62: EXHIBIT A – SETTLED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 5 | FORE MULTI STRATEGY MASTER FUND, LTD C/O SEWARD & KISSEL LP ATTN: LAURIE R. BINDER, ESQ ONE BATTERY PARK PLAZA NEW YORK, NY 10004 | 11977 | 09/14/2009 | Lehman Brothers Special Financing Inc. | Secured Unsecured Subtotal | $110,879.13* $2,013,488.77* $2,124,367.90 | Lehman Brothers Special Financing Inc. | Unsecured | $141,667.98 |
| 6 | FORE MULTI STRATEGY MASTER FUND, LTD C/O SEWARD & KISSEL LP ATTN: LAURIE R. BINDER, ESQ ONE BATTERY PARK PLAZA NEW YORK, NY 10004 | 11978 | 09/14/2009 | Lehman Brothers Holdings Inc. | Secured Unsecured Subtotal | $110,879.13* $2,013,499.77* $2,124,378.90 | Lehman Brothers Holdings Inc. | Unsecured | $141,667.98 |
| 7 | GOLDSBERG CORPORATION ZONAMERICA BUSINESS & TECHNOLOGY PARK ED B3 OF 102 ADMINISTRATIVE OFFICE MONTEVIDEO, 91600 URUGUAY | 40786 | 10/16/2009 | Lehman Brothers Commercial Corporation | Unsecured | $482,259.81 | Lehman Brothers Commercial Corporation | Unsecured | $415,000.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 62: EXHIBIT A – SETTLED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 8 | INTERCONTINENTAL OLYMPIC CLOVER CREEK, LLC C/O OLYMPIC INVESTORS LLC 2801 ALASKAN WAY, SUITE 200 SEATTLE, WA 98121 | 12552 | 09/14/2009 | Lehman No Case Asserted/All Cases Asserted | Unsecured | $68,702.62 | Lehman Brothers Derivative Products Inc. | Unsecured | $63,164.59 |
| 9 | LAKEWOOD AT PIEDMONT LIMITED PARTNERSHIP ATTN: RICHARD HALEY PICERNE DEVELOPMENT CORPORATION OF FLORIDA C/O RICHARD R. HALEY ALTAMONTE SPRINGS, FL 32714 | 8540 | 08/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $86,651.20 | Lehman Brothers Derivative Products Inc. | Unsecured | $13,000.00 |
| 10 | PUERTO RICO FIXED INCOME FUND V INC ATTN: RICARDO RAMOS 250 MUNOZ RIVERA AVE 10TH FLOOR SAN JUAN, PR 00918 | 12791 | 09/15/2009 | Lehman Brothers Holdings Inc. | Unsecured | $202,321.19* | Lehman Brothers Holdings Inc. | Unsecured | $207,215.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 62: EXHIBIT A – SETTLED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 11 | PUERTO RICO FIXED INCOME FUND V INC ATTN: RICARDO RAMOS 250 MUNOZ RIVERA AVE 10TH FLOOR SAN JUAN, PR 00918 | 12792 | 09/15/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $202,364.25* | Lehman Brothers Special Financing Inc. | Unsecured | $207,215.00 |
| 12 | RIVERSOURCE LIFE INSURANCE COMPANY ATTN: ASSET MANAGEMENT LEGAL 5228 AMERIPRISE FINANCIAL CENTER MINNEAPOLIS, MN 55419 | 24189 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $2,724,397.04 | Lehman Brothers Holdings Inc. | Unsecured | $1,410,921.20 |
| 13 | RIVERSOURCE LIFE INSURANCE COMPANY ATTN: ASSET MANAGEMENT LEGAL 5228 AMERIPRISE FINANCIAL CENTER MINNEAPOLIS, MN 55419 | 25570 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,724,397.04 | Lehman Brothers Special Financing Inc. | Unsecured | $1,410,921.20 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 62: EXHIBIT A – SETTLED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 14 | SHIZUOKA BANK LTD., THE TREASURY ADMINISTRAION AND INTERNATIONAL DEPARTMENT - 2-1, KUSANAGI-KITA, SHIMIZU-KU, SHIZUOKA-SHI , 424-8677 JAPAN | 17813 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $521,071.72* | Lehman Brothers Holdings Inc. | Unsecured | $516,000.00 |
| 15 | SHIZUOKA BANK, LTD, THE 7-2 NIHONBASHIHONCHO 3-CHOME CHUO-KU, TOKYO, 103-0023 JAPAN | 17812 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $521,071.72* | Lehman Brothers Special Financing Inc. | Unsecured | $516,000.00 |
| 16 | TVO COACH HOUSE NORTH LLC TVO COACH HOUSE NORTH LLC C/O RESOURCE INVESTMENT LIMITED, LLC 4300 HADDONFIELD ROAD, SUITE 314 PENNSAUKEN, NJ 08109 | 14754 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $15,507.17 | Lehman Brothers Special Financing Inc. | Unsecured | $4,306.67 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 62: EXHIBIT A – SETTLED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 17 | TVO COACH HOUSE SOUTH LLC<br>TVO COACH HOUSE SOUTH LLC<br>C/O RESOURCE INVESTMENT LIMITED, LLC<br>4300 HADDONFIELD ROAD, SUITE 314<br>PENNSAUKEN, NJ 08109 | 14753 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $38,770.20 | Lehman Brothers Special Financing Inc. | Unsecured | $10,760.70 |
| 18 | TVO CORINTH PLACE LLC<br>TVO CORINTH PLACE LLC<br>C/O RESOURCE INVESTMENT LIMITED, LLC<br>4300 HADDONFIELD ROAD, SUITE 314<br>PENNSAUKEN, NJ 08109 | 14755 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $8,722.63 | Lehman Brothers Special Financing Inc. | Unsecured | $2,432.63 |
| | | | | | TOTAL | $263,688,797.39 | | TOTAL | $187,107,077.63 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
------------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' SIXTY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (SETTLED DERIVATIVE CLAIMS)**

Upon the sixty-second omnibus objection to claims, dated October 13, 2010 (the "Sixty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to reduce, reclassify (in certain instances), and modify the Debtor entity (in certain instances), and allow the Settled Derivative Claims on the grounds that the Debtors counterparty and claimants have agreed upon a claim value and, in certain instances, a classification and Debtor counterparty that is not currently reflected on the proof of claim, all as more fully described in the Sixty-Second Omnibus Objection to Claims; and due and proper notice of the Sixty-Second Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Sixty-Second Omnibus Objection to Claims is in the best interests of the Debtors, their

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Sixty-Second Omnibus Objection to Claims.

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Sixty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Sixty-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Settled Derivative Claim listed on Exhibit 1 annexed hereto is hereby modified and allowed in the amount and classification and against the Debtor that is set forth on Exhibit 1 under the column headings *"Modified Debtor,"* *"Modified Amount,"* and *"Modified Class"*; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A to the Sixty-Second Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
      New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

2