> **THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, CLARIFY AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE SIXTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, TERESA BRADY, AT 212-310-8093.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Penny P. Reid

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

## NOTICE OF HEARING ON DEBTORS' SIXTY-THIRD
## OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

**PLEASE TAKE NOTICE** that on October 13, 2010, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their sixty-third omnibus objection to claims (the

"Debtors' Sixty-Third Omnibus Objection to Claims"), and that a hearing (the "Hearing") to

consider the Debtors' Sixty-Third Omnibus Objection to Claims will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York,

New York 10004, on **December 1, 2010 at 10:00 a.m. (Eastern Time),** or as soon thereafter as

counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Sixty-

Third Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq., and Penny Reid, Esq.); (iii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul

Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.);

and (iv) attorneys for the official committee of unsecured creditors appointed in these cases,

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be

so filed and received by no later than **November 15, 2010 at 4:00 p.m. (Eastern Time)** (the

"Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' Sixty-Third Omnibus Objection to Claims or any claim set

forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy

Court an order substantially in the form of the proposed order annexed to the Debtors' Sixty-

Third Omnibus Objection to Claims, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated:  October 13, 2010
        New York, New York

> /s/ Shai Y. Waisman
> Shai Y. Waisman
> Penny P. Reid
>
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, New York 10153
> Telephone: (212) 310-8000
> Facsimile: (212) 310-8007
>
> Attorneys for Debtors
> and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue

New York, New York 10153

Telephone: (212) 310-8000

Facsimile: (212) 310-8007

Shai Y. Waisman

Penny P. Reid

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

## DEBTORS' SIXTY-THIRD OMNIBUS
## OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, CLARIFY
AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES
RECEIVING THIS SIXTY-THIRD OMNIBUS OBJECTION TO
CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE
IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE
OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED
THERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, TERESA BRADY, AT 212-310-8093.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### **Relief Requested**

1.      The Debtors file this sixty-third omnibus objection to claims (the

"Sixty-Third Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim filed in these chapter

11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order reducing,

reclassifying (in certain instances), clarifying (in certain instances) and allowing the

claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively,

the "Valued Derivative Claims") should be reduced, reclassified (in certain instances),

clarified (in certain instances), and allowed on the basis that the amounts listed on the

proofs of claim are greater than the fair, accurate, and reasonable values determined by

the Debtors after a review of the claimant's supporting documentation and the Debtors'

books and records; that the claim classifications, in certain instances, improperly assert

secured, administrative expenses or priority claims; and that the Debtor against whom the

claim is asserted, in certain instances, has been determined by the Debtors to be in need

of clarification after a review of the claimant's supporting documentation.  The Debtors,

therefore, request that the Court reduce, as appropriate, each such claim to the amount

listed on <u>Exhibit A</u> under the column heading "*Modified Claim Amount*"; reclassify, as

appropriate, each claim to the classification listed under the column heading "*Modified

Class*"; clarify, as appropriate the Debtor against whom each claim is asserted to the

Debtor listed under the column heading "*Modified Debtor*"; and allow each such claim

only to the extent of such modified amount, classification and Debtor.

3.    The Debtors reserve all their rights to object on any other basis to

any Valued Derivative Claim as to which the Court does not grant the relief requested

herein.

### Jurisdiction

4.    This Court has jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.    Commencing on September 15, 2008 and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

6.    On September 17, 2008, the United States Trustee for the Southern

District of New York (the "<u>U.S. Trustee</u>") appointed the statutory committee of

3

unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

       7.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

       8.     On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ."  (Bar Date Ord. at 7.)  The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ."  (*Id.* at 8.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

       9.     Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and

quotations; and unpaid amounts, collateral, and other costs associated with the claim

pursuant to the derivative contract.  Also attached to the Bar Date Order was Exhibit D, a

version of the Guarantee Questionnaire setting forth the information forming the basis of

the claimant's assertions of a guarantee.

10.    On January 14, 2010, the Court entered the Procedures Order,

which authorizes the Debtors, among other things, to file omnibus objections to no more

than 500 claims at a time, on various grounds, including those set forth in Bankruptcy

Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The Valued Derivate Claims Should be Reduced, Reclassified, Clarified and Allowed

11.    In reviewing the claims filed on the claims register in these cases

and maintained by the Court-appointed claims agent, the Debtors have identified the

claims on <u>Exhibit A</u> as being claims that should be reduced, reclassified (in certain

instances), clarified (in certain instances) and allowed on the basis that the amounts listed

on the proofs of claim are greater than the fair, accurate, and reasonable values

determined by the Debtors after a review of the claimant's supporting documentation and

the Debtors' books and records; that the classifications (in certain instances) are

improperly identified as secured, administrative expenses or priority claims on claimants'

proofs of claim; and that Debtor against whom the claim is asserted (in certain instances)

has been determined by the Debtors to be in need of clarification after a review of the

claimant's supporting documentation.

12.    A filed proof of claim is "deemed allowed, unless a party in

interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the

claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.    The Valued Derivative Claims listed on <u>Exhibit A</u> should be reduced and allowed in the amount listed on <u>Exhibit A</u> under the column heading "*Modified Claim Amount*" because the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records.  In certain instances, the Valued Derivative Claims listed on <u>Exhibit A</u> should be reclassified to the classifications listed under column heading "*Modified Class*" because the classifications are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim.  In certain instances, the Debtors against whom the Valued Derivative Claims listed on <u>Exhibit A</u> are asserted should be clarified to the Debtors listed under the column heading "*Modified Debtor*" based on the Debtors' review of the supporting documentation provided by the claimants.

14.    The Debtors have developed and currently utilize a thorough, multi-step process to review claims filed against the Debtors and based on a Derivative Contract[1] ("<u>Derivative Claims</u>") in order to determine the fair, accurate, and reasonable value of such claims, the proper classification of such claims, and the Debtor against

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Ord. at 6.)

whom such claims are asserted, for purposes of settlement (the "Proposed Settlement").

In order to determine the Proposed Settlement, the Debtors:  (i) collect and review

documents related to the relevant Derivative Claim including, but not limited to, the

relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination

notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments

already received, made, or missed; and (iii) review the valuation methodology used by

the claimant to determine the value of the claim, including verifying the legitimacy of

quotes provided by the claimant in connection with their valuation statement, reviewing

claimant's "loss" calculation, and evaluating any set-off claims.[2]  In their efforts to

determine the Proposed Settlement, the Debtors engage in, to the extent the holder is

willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are

often very detailed and may extend over a period of months.

      15.     Once the Debtors have determined the Proposed Settlement with

respect to a particular Derivative Claim, it is presented to the Debtors' Settlement

Adjudication Committee (the "Committee") for final approval.  The Committee,

comprised of senior management of the Debtors and Alvarez & Marsal, reviews the work

done to arrive at the Proposed Settlement and approves or disapproves the Proposed

Settlement.  If the Proposed Settlement presented to the Committee is less than the

amount included in the corresponding Derivative Claim, or different from the

---

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

classification included in the corresponding Derivative Claim, the Debtors will seek

approval to object to such claim.

16.    The Debtors have undertaken this lengthy process with respect to

each of the Valued Derivative Claims listed on Exhibit A, and have concluded that a fair,

accurate, and reasonable valuation of the Valued Derivative Claim is less than that

reflected on the proof of claim submitted by the claimant; that the Valued Derivative

Claim (in certain instances) should be reclassified from a secured, administrative expense

or priority claim, to an unsecured claim; and that the Debtor against whom the Valued

Derivative Claim (in certain instances) is asserted should be clarified. Despite the

Debtors' efforts at negotiating this Proposed Settlement, the Debtors and the holders of

the Valued Derivative Claims have reached an impasse. Holders of the Valued

Derivative Claims should not be allowed to recover more than the true and proper value

of their claims, nor should the holders of the Valued Derivative Claims be allowed

secured, administrative expenses or priority claims when they hold general unsecured

claims. The claims register maintained by the Court-appointed claims agent should also

be clear which Debtors the holders of the Valued Derivative are asserting claims against.

Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these

claims, the Debtors request that the Court reduce each Valued Derivative Claim to the

amount listed on Exhibit A under the column heading "*Modified Claim Amount*" and

allow each such claim only to the extent of such modified amount. In addition, the

Debtors request that the Court reclassify the Valued Derivative Claims listed on Exhibit

A to the classifications listed under the column heading "*Modified Class*" to reflect that

the classifications in the specified claims are improperly identified as secured,

administrative expenses or priority claims on claimants' proofs of claim and such claims are reclassified as general unsecured claims.  The Debtors also request that the Court clarify the Debtors against whom the Valued Derivative Claims listed on <u>Exhibit A</u> are asserted to the Debtors listed under the column heading *"Modified Debtor"* to reflect the Debtors against whom the claims are asserted.

## <u>Notice</u>

17.    No trustee has been appointed in these chapter 11 cases.  Notice of this Sixty-Third Omnibus Objection to Claims has been provided to:  (i) each claimant listed on <u>Exhibit A</u>; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order.  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

18.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

9

Dated:  October 13, 2010
       New York, New York

       /s/ Shai Y. Waisman
      Shai Y. Waisman
      Penny P. Reid

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ABSA BANK LIMITED ATTN: PAUL CLIFTON 15 ALICE LANE SANDOWN SANDTON, 2196 SOUTH AFRICA | 18070 | 09/18/2009 | Lehman Brothers Commercial Corporation | Secured Unsecured | Undetermined $2,404,334.00* | Lehman Brothers Commercial Corporation | Unsecured | $2,373,812.00 |
| 2 | ANF PARTNERS #1 ATTN: DOMINICK J. FAZZIO 2000 BELLE CHASSE HIGHWAY 3RD FLOOR TERRYTOWN, LA 70056 | 6932 | 07/31/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $64,000.00 | Lehman Brothers Special Financing Inc. | Unsecured | $7,881.04 |
| 3 | BG AMERICAS & GLOBAL LNG ATTN: THOMAS A. SMITH, CHIEF COUNSEL 5444 WESTHEIMER, SUITE 1775 HOUSTON, TX 77056 | 22098 | 09/21/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $19,768,852.01* | Lehman Brothers Commodity Services Inc. | Unsecured | $14,534,802.14 |
| 4 | BG AMERICAS & GLOBAL LNG CHIEF COUNSEL THOMAS A. SMITH 5444 WESTHEIMER HOUSTON, TX 77056 | 22099 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $19,768,852.01* | Lehman Brothers Holdings Inc. | Unsecured | $14,534,802.14 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 5 | CHINA DEVELOPMENT IND BANK ATTN:OPERATION DEPARTMENT, BEATRICE CHOU, NANCY LIANG, ALVIE CHUANG CHINA DEVELOPMENT INDUSTRIAL BANK 125 NANJING EAST ROAD, SECTION 5 TAIPEI, 10504 CHINA | 14329 | 09/16/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $485,733.00 | Lehman Brothers Special Financing Inc. | Unsecured | $121,528.72 |
| 6 | CHINA MERCHANTS BANK CO., LIMITED ATTN: WANG HAOCHUAN, TREASURY DEPARTMENT CHINA MERCHANTS BANK TOWER, NO 7088, SHENNAN BLVD. SHENZHEN, 518040 CHINA | 11398 | 09/11/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $3,210,632.60* | Lehman Brothers Special Financing Inc. | Unsecured | $3,217,177.75 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 7 | ENERGYCO MKTG AND TRDG, LLC N/K/A OPTIM ENERGY MKTG, LLC C/O LOWENSTEIN SANDLEER PC ATTN: S. JASON TEELE 65 LIVIGSTON AVENUE ROSELAND, NJ 07068 | 22021 | 09/21/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $1,245,435.79* | Lehman Brothers Commodity Services Inc. | Unsecured | $805,386.72 |
| 8 | ENERGYCO MKTG AND TRDG, LLC N/K/A OPTIM ENERGY MKTG, LLC C/O LOWENSTEIN SANDLEER PC ATTN: S. JASON TEELE 65 LIVIGSTON AVENUE ROSELAND, NJ 07068 | 22022 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,245,435.79* | Lehman Brothers Holdings Inc. | Unsecured | $803,541.92 |
| 9 | FERRERO S.P.A. F/K/A/ P FERRERO & C. S.P.A. ATTN: DINO CORGNATI C/O DIREZIONE FINANZA PIAZZALE FERRERO, 1 ALBA, 12051 ITALY | 15915 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $4,532,052.00 | Lehman Brothers Special Financing Inc. | Unsecured | $4,521,240.72 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 10 | FERRERO TRADING LUX SA ATTN: TREASURY DEPT. ATTN: FILIPPO FERRUA MAGLIANI, DIRECTOR 6E ROUTE DE TREVES SENNINGERBERG, L-2633 LUXEMBOURG | 15912 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $728,916.00 | Lehman Brothers Special Financing Inc. | Unsecured | $717,255.04 |
| 11 | FERRERO TRADING LUX SA ATTN: TREASURY DEPT. ATTN: FILIPPO FERRUA MAGLIANI, DIRECTOR 6E ROUTE DE TREVES SENNINGERBERG, L-2633 LUXEMBOURG | 15917 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $745,619.00 | Lehman Brothers Holdings Inc. | Unsecured | $735,626.59 |
| 12 | FRONT POINT RELATIVE VALUE OPPORTUNITIES FUND, L.P. ATTENTION: HEAD OF OPERATIONS - ERIC MENDELSOHN TWO GREENWICH PLAZA GREENWICH, CT 06830 | 30541 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $808,655.34 | Lehman Brothers Special Financing Inc. | Unsecured | $508,566.88 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 13 | FRONTPOINT STRATEGIC CREDIT FUND LP ATTN: HEAD OF OPERATIONS - ERIC MENDELSOHN TWO GREENWICH PLAZA GREENWICH, CT 06830 | 32804 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $2,560,981.97 | Lehman Brothers Holdings Inc. | Unsecured | $2,302,671.45 |
| 14 | FRONTPOINT STRATEGIC CREDIT FUND, L.P. ATTN: HEAD OF OPERATIONS - ERIC MENDELSOHN TWO GREENWICH PLAZA GREENWICH, CT 06830 | 32801 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,560,981.97 | Lehman Brothers Special Financing Inc. | Unsecured | $2,302,671.45 |
| 15 | HOKKAIDO INTERNATIONAL AIRLINES CO.,LTD. ATTN: YOSHIKAZU OYAUCHI, EXEC. MANAGING DIRECTOR CORPORATE PLANNING NISHI 2-CHOME 9 KITA 1-JO CHUO-KU SAPPORO HOKKAIDO, 060-0001 JAPAN | 22945 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $934,058.01 | Lehman Brothers Special Financing Inc. | Unsecured | $922,089.63 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 16 | LINLAKE VENTURES ATTN: DOMINICK J. FAZZIO, CFO 2000 BELLE CHASSE HIGHWAY 3RD FLOOR TERRYTOWN, LA 70056 | 7039 | 08/03/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $60,500.00 | Lehman Brothers Special Financing Inc. | Unsecured | $6,627.95 |
| 17 | OAK HILL CREDIT ALPHA FUND (OFFSHORE), LTD. ATTN: SCOTT KRASE, DIRECTOR WALKER HOUSE, 87 MARY STREET GEORGE TOWN, KY1-9002 CAYMAN ISLANDS | 28197 | 09/22/2009 | Lehman No Case Asserted/All Cases Asserted | Unsecured | $8,213,654.62* | Lehman Brothers Holdings Inc. | Unsecured | $3,688,632.87 |
| 18 | OAK HILL CREDIT ALPHA FUND (OFFSHORE), LTD. ATTN: SCOTT KRASE, DIRECTOR WALKER HOUSE, 87 MARY STREET GEORGE TOWN, KY1-9002 CAYMAN ISLANDS | 28198 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $8,213,654.62* | Lehman Brothers Special Financing Inc. | Unsecured | $3,688,632.87 |
| 19 | OAK HILL CREDIT ALPHA FUND, L.P. ATTN: SCOTT KRASE 201 MAIN STREET, SUITE 1250 FORT WORTH, TX 76102 | 28191 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,494,893.95* | Lehman Brothers Special Financing Inc. | Unsecured | $630,244.33 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 20 | OAK HILL CREDIT ALPHA FUND, L.P. ATTN: SCOTT KRASE 201 MAIN STREET, SUITE 1250 FORT WORTH, TX 76102 | 28192 | 09/22/2009 | Lehman No Case Asserted/All Cases Asserted | Unsecured | $1,494,893.95* | Lehman Brothers Holdings Inc. | Unsecured | $630,244.33 |
| 21 | OAK HILL CREDIT OPPORTUNITIES MASTER FUND LTD ATTN: SCOTT KRASE, DIRECTOR WALKER HOUSE, 87 MARY STREET GEORGE TOWN, KY1-9002 CAYMAN ISLANDS | 28199 | 09/22/2009 | Lehman No Case Asserted/All Cases Asserted | Unsecured | $3,917,390.10* | Lehman Brothers Holdings Inc. | Unsecured | $1,880,881.80 |
| 22 | OAK HILL CREDIT OPPORTUNITIES MASTER FUND LTD ATTN: SCOTT KRASE, DIRECTOR WALKER HOUSE, 87 MARY STREET GEORGE TOWN, KY1-9002 CAYMAN ISLANDS | 28200 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $3,917,390.10* | Lehman Brothers Special Financing Inc. | Unsecured | $1,880,881.80 |
| 23 | OAK HILL SECURITIES FUND II LP OAK HILL ADVISORS, L.P. ATTN: SCOTT KRASE 201 MAIN STREET, SUITE 1250 FORT WORTH, TX 76102 | 28188 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $509,998.05* | Lehman Brothers Special Financing Inc. | Unsecured | $252,232.80 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 24 | OAK HILL SECURITIES FUND II LP OAK HILL ADVISORS, L.P. ATTN: SCOTT KRASE 201 MAIN STREET, SUITE 1250 FORT WORTH, TX 76102 | 28189 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $286,974.37* | Lehman Brothers Special Financing Inc. | Unsecured | $177,235.03 |
| 25 | OHA COAST HEDGING, LTD. ATTN: SCOTT KRASE, DIRECTOR WALKER HOUSE, 87 MARY STREET GEORGE TOWN, KY1-9002 CAYMAN ISLANDS | 28193 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $3,844,316.25* | Lehman Brothers Holdings Inc. | Unsecured | $3,687,117.91 |
| 26 | OHA COAST HEDGING, LTD. ATTN: SCOTT KRASE, DIRECTOR WALKER HOUSE, 87 MARY STREET GEORGE TOWN, KY1-9002 CAYMAN ISLANDS | 28194 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $3,844,316.25* | Lehman Brothers Special Financing Inc. | Unsecured | $3,687,117.91 |
| 27 | OHA HEDGED CREDIT, LTD. ATTN: SCOTT KRASE, DIRECTOR WALKER HOUSE, 87 MARY STREET GEORGE TOWN, KY1-9002 CAYMAN ISLANDS | 28195 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $622,203.87* | Lehman Brothers Holdings Inc. | Unsecured | $452,220.30 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 28 | OHA HEDGED CREDIT, LTD. ATTN: SCOTT KRASE, DIRECTOR WALKER HOUSE, 87 MARY STREET GEORGE TOWN, KY1-9002 CAYMAN ISLANDS | 28196 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $622,203.87* | Lehman Brothers Special Financing Inc. | Unsecured | $452,220.30 |
| 29 | SEAT PAGINE GIALLE S.P.A. ATTN: STEFANO COLLMANN CORSO MORTARA 22 TORINO, 10149 ITALY | 10943 | 09/09/2009 | Lehman Brothers Holdings Inc. | Administrative Priority Secured Unsecured | Undetermined Undetermined Undetermined $12,873,802.97* | Lehman Brothers Holdings Inc. | Unsecured | $11,705,349.72 |
| 30 | SEAT PAGINE GIALLE S.P.A. ATTN: STEFANO COLLMANN CORSO MORTARA 22 TORINO, 10149 ITALY | 10944 | 09/09/2009 | Lehman Brothers Special Financing Inc. | Administrative Priority Secured Unsecured | Undetermined Undetermined Undetermined $12,873,802.97* | Lehman Brothers Special Financing Inc. | Unsecured | $11,440,507.34 |
| 31 | SHANNON HEALTH SYSTEM SHANE PLYMELL, TREASURER 120 EAST HARRIS SAN ANGELO, TX 76903 | 810 | 11/20/2008 | Lehman Brothers Holdings Inc. | Unsecured | $1,472,818.00 | Lehman Brothers Holdings Inc. | Unsecured | $1,025,512.18 |
| 32 | SHANNON HEALTH SYSTEM SHANE PLYMELL, TREASURER 120 EAST HARRIS SAN ANGELO, TX 76903 | 811 | 11/20/2008 | Lehman Brothers Special Financing Inc. | Unsecured | $1,472,818.00 | Lehman Brothers Special Financing Inc. | Unsecured | $1,025,512.18 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 33 | SPCP GROUP LLC, AS AGENT FOR SILVER POINT CAPITAL FUND, LP AND SILVER POINT CAPITAL OFFSHORE FUND, LTD AS SUCCESSOR TO ROUND TABLE GLOBAL MULTI-STRATEGY MASTER FUND, LTD ATTN: BRIAN JARMAIN TWO GREENWICH PLAZA GREENWICH, CT 06830 | 20317 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,988,948.01 | Lehman Brothers Holdings Inc. | Unsecured | $1,281,184.60 |
| 34 | SPCP GROUP LLC, AS AGENT FOR SILVER POINT CAPITAL FUND, LP AND SILVER POINT CAPITAL OFFSHORE FUND, LTD AS SUCCESSOR TO ROUND TABLE GLOBAL MULTI-STRATEGY MASTER FUND, LTD ATTN: BRIAN JARMAIN TWO GREENWICH PLAZA GREENWICH, CT 06830 | 20318 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,988,948.01 | Lehman Brothers Special Financing Inc. | Unsecured | $1,281,184.60 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED | | | MODIFIED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | DEBTOR | CLASS | AMOUNT | DEBTOR | CLASS | AMOUNT |
| 35 | STANDARD BANK ISLE OF MAN LTD C/O FIELD FISHER WATERHOUSE LLP REF: EAM/EJA 35 VINE STREET LONDON, EC3N 2AA UNITED KINGDOM | 17285 | 09/18/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $2,351,703.92* | Lehman Brothers Commodity Services Inc. | Unsecured | $863,265.39 |
| 36 | STANDARD BANK JERSEY LIMITED C/O FIELD FISHER WATERHOUSE LLP 35 VINE STREET REF: EAM/EJA LONDON, EC3N 2AA UNITED KINGDOM | 17284 | 09/18/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $181,604.59* | Lehman Brothers Commodity Services Inc. | Unsecured | $76,590.14 |
| 37 | TELECOM ITALIA FINANCE SA SIEGE SOCIAL ATTN: ANTONIO SICA, DIRECTOR 12, RUE EUGENE RUPPERT L-2453 LUXEMBOURG, B.P. 872, L-2018 LUXEMBOURG | 15366 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $35,752,789.99* | Lehman Brothers Special Financing Inc. | Unsecured | $34,741,449.48 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 38 | TELECOM ITALIA FINANCE SA SIEGE SOCIAL ATTN: ANTONIO SICA, DIRECTOR 12, RUE EUGENE RUPPERT L-2453 LUXEMBOURG, B.P. 872, L-2018 LUXEMBOURG | 15368 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $35,752,789.99* | Lehman Brothers Holdings Inc. | Unsecured | $35,565,272.35 |
| 39 | TENOR OPPORTUNITY MASTER FUND, LTD. ATTN: RAVI PATEL TENOR CAPITAL MANAGEMENT COMPANY LP 1180 AVENUE OF THE AMERICAS, SUITE 1940 NEW YORK, NY 10036 | 24542 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,420,079.80 | Lehman Brothers Special Financing Inc. | Unsecured | $758,565.39 |
| 40 | TENOR OPPORTUNITY MASTER FUND, LTD. ATTN: RAVI PATEL 1180 AVENUE OF THE AMERICAS, SUITE 1940 NEW YORK, NY 10036 | 24544 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,549,683.80 | Lehman Brothers Holdings Inc. | Unsecured | $758,565.39 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 63: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 41 | U.S. CENTRAL FEDERAL CREDIT UNION ATTN: D. HUTCHINSON, ASSOCIATE GENERAL COUNSEL SUITE 100 9701 RENNER BOULEVARD LENEXA, KS 66219 | 7005 | 08/03/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $848,526.00 | Lehman Brothers Holdings Inc. | Unsecured | $62,017.42 |
| 42 | US CENTRAL FEDERAL CREDIT UNION ATTN: D. HUTCHINSON, ASSOCIATE GENERAL COUNSEL SUITE 100 9701 RENNER BOULEVARD LENEXA, KS 66219 | 8003 | 08/11/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $848,526.00 | Lehman Brothers Special Financing Inc. | Unsecured | $62,017.42 |
| | | | | | TOTAL | $209,483,771.54 | | TOTAL | $170,170,337.99 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :        **08-13555 (JMP)**
                                                   :
                              **Debtors.**         :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' SIXTY-THIRD OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the sixty-third omnibus objection to claims, dated October 13, 2010 (the "Sixty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in certain instances), clarify (in certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records; that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim; and that the Debtor against whom the claim is asserted, in certain instances, has been determined by the Debtors to be in need of clarification after a review of the claimants' supporting

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Sixty-Third Omnibus Objection to Claims.

documentation; all as more fully described in the Sixty-Third Omnibus Objection to

Claims; and due and proper notice of the Sixty-Third Omnibus Objection to Claims

having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Sixty-Third

Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the

Sixty-Third Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Sixty-Third Omnibus Objection

to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on <u>Exhibit 1</u>

annexed hereto is hereby modified and allowed in the amount set forth on <u>Exhibit 1</u> under

the column heading "Modified Claim Amount", reclassified to the classification listed

under the column heading "Modified Class", and clarified to the Debtor listed under the

column heading "Modified Debtor"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Sixty-

Third Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE