Hearing Date and Time: October 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: October 13, 2010 at 4:00 p.m. (Prevailing Eastern Time)

Andrew Dash, Esq.
William R. Baldiga, Esq.
**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Counsel to Loreley Financing (Jersey) No. 24, Limited;*
*Loreley Financing (Jersey) No. 15, Limited; and*
*Loreley Financing (Jersey) No. 8, Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :   Case No. 08-13555 (JMP)
                                                            :
                                              Debtors.      :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**CORRECTED PRELIMINARY OBJECTION OF CERTAIN NOTEHOLDERS**
**TO DEBTORS' MOTION, PURSUANT TO SECTIONS 105(a) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1),**
**TO STAY AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

Loreley Financing (Jersey) No. 8, Limited ("LFJ 8"), Loreley Financing (Jersey) No. 15, Limited ("LFJ 15") and Loreley Financing (Jersey) No. 24, Limited ("LFJ 24" and together with LFJ 8 and LFJ 15, collectively, the "Loreley Noteholders"), by and through their undersigned counsel, hereby submit this corrected preliminary objection (the "Objection") to the Debtors' Motion, Pursuant to Sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to

Stay Avoidance Actions and Grant Certain Related Relief (the "Motion"). The Loreley Noteholders respectfully state as follows:

## BACKGROUND[1]

1. On September 14, 2010, Lehman Brothers Special Financing Inc. ("LBSF") filed a complaint (Adversary Proceeding No. 10-03542 (JMP)) against various trustees and issuers of structured finance transactions, including Belle Haven ABS CDO 2006-1, Ltd ("Belle Haven") as issuer of a series of notes (the "Belle Haven Notes") pursuant to a "CDO" transaction and Gemstone CDO VI Ltd. ("Gemstone") an issuer of a series of notes (the "Gemstone Notes") pursuant to a "CDO" transaction, seeking, among other things, declaration that certain provisions in the documents related to such transactions are unenforceable ipso facto clauses (the "Belle/Gemstone Action"). LTF 8 is a holder of the Belle Haven Notes. LTF 24 is a holder of the Gemstone Notes.

2. On September 14, 2010, LBSF filed a complaint (Adversary Proceeding No. 10-03547 (JMP)) against various trustees and issuers of structured finance transactions, including Pyxis ABS CDO 2007-1 Ltd. ("Pyxis," and together with Belle Haven and Gemstone, the "Subject CDOs") an issuer of a series of notes (the "Pyxis Notes") pursuant to a "CDO" transaction, seeking, among other things, declaration that certain provisions in the documents related to such transactions are unenforceable ipso facto clauses (the "Pyxis Action" and together with the Belle/Gemstone Action, the "Pending Actions"). LTF 15 is a holder of the Pyxis Notes.

3. As the holders of notes issued by the Subject CDOs, the rights and interests of the Loreley Noteholders are directly implicated by the relief sought by the Debtors in their Motion.

4. The Loreley Noteholders are in the process of reviewing and evaluating the effect of the relief sought by the Debtors in the Motion on the Subject CDOs and their interests therein,

---

[1] All capitalized terms herein not otherwise defined shall have the meaning defined in the Debtors' Motion.

including, without limitation, with respect to the efficiency and speed of the resolution of the Pending Actions. In particular, the Loreley Noteholders are concerned that, if the Motion were allowed, the Debtors alone would be entitled to dictate the pace at which the Pending Actions would be resolved (by settlement or to final judgment), but the rights of other parties thereto to obtain prompt resolution would be severely limited absent further relief.

5. However, the Loreley Noteholders were only this day in a position to retain United States counsel in this matter, have not had an opportunity to discuss with Debtors' counsel the relief sought in the Motion, and have not finalized their position as to the particular items of relief sought in the Motion.

6. Accordingly, the Loreley Noteholders file this preliminary objection to reserve all of their rights to contest such relief until the completion of their review and until they have had an opportunity to discuss between counsel their concerns. Such further review and discussions may obviate the need for further argument in this regard. The Loreley Noteholders anticipate that they will complete their final review and such discussions within the next few days, and, in any event, before the hearing presently scheduled on the Motion.

## CONCLUSION

7. Accordingly, for the reasons stated herein, the Loreley Noteholders respectfully request, on a preliminary basis, that this Court deny the relief requested in the Debtors' Motion and that the Court grant to the Loreley Noteholders such other and further relief as this Court deems just and proper.

Dated: New York, New York
      October 13, 2010

**BROWN RUDNICK LLP**

By: /s/ Andrew Dash
    Andrew Dash, Esq.
    William R. Baldiga, Esq.
    Seven Times Square
    New York, NY 10036
    Telephone: (212) 209-4800
    Facsimile: (212) 209-4801

# 8274261