Omar-John C. Chavez, Esq.
Wendy L. Mager, Esq.
SMITH, STRATTON, WISE, HEHER & BRENNAN, LLP
2 Research Way
Princeton, New Jersey 08540
TEL: (609) 924-6000
FAX: (609) 987-6651

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | x |  |
|---|---|---|
|  | : |  |
| LEHMAN BROTHERS HOLDING INC., | : | Chapter 11 Case No. |
| et al. | : | 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | x |  |

**RESPONSE OF JOHN J. DMUCHOWSKI TO DEBTORS' FORTIETH AND FORTY-FIRST OMNIBUS OBJECTIONS TO CLAIMS (LATE FILED CLAIMS), OBJECTION TO DISALLOWANCE/EXPUNGEMENT OF CLAIM NOS. 34401 AND 34402, AND MOTION TO PERMIT FILING OF CLAIMS AS OF SEPTEMBER 23, 2009**

Based on inaccurate advice from a supervisor, John Dmuchowski's claims totaling $52,796.83 were filed one day late. Mr. Dmuchowski received no personal notice of the claim bar date of September 22, 2009, nor was he represented by counsel prior to receiving the objections to his claims. Instead, he was told by his manager on September 21, 2009, his first day back from a two-week mandatory vacation, that "You have until Sept/09 to submit" claims. Mr. Dmuchowski filed his claim that very day by mailing it via Certified Mail. Receipt was acknowledged on September 23, 2009. Declaration of John J. Dmuchowski dated October 13, 2010. Mr. Dmuchowski's one-day-late filing constitutes "excusable neglect" under Fed.R.Bankr. P. 9006(b)(1), and his claims should be deemed timely under the Supreme Court's holding in <u>Pioneer</u>

Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380, 123 L.Ed.2d 74, 113 S.Ct. 1489 (1993) ("Pioneer").

Rule 9006 governs the admission of proofs of claim filed after a court-ordered bar date. Pioneer, 507 U.S. at 382. In Pioneer, the Court noted that "reading Rule 9006(b)(1) inflexibly to exclude every instance of an inadvertent or negligent omission would ignore the most natural meaning of the word 'neglect' and would be at odds with the accepted meaning of that word in analogous contexts." Id. at 394-95. Excusable neglect is "not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." Id. at 391. Instead, the Court found that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness." Id. at 388 (emphasis added).

The determination of what constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances," including "(1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Id. at 395 (citation omitted). Here, each of those factors clearly weighs in favor of granting relief to Mr. Dmuchowski.

Prejudice to the debtor from the one-day-late filing of claims which, though financially significant to Mr. Dmuchowski, are extremely small in relation to this bankruptcy, is miniscule if it exists at all. Mr. Dmuchowski clearly acted in good faith, and the length of the delay was only one day, as noted. There is no basis to suppose that this delay in filing this particular claim has had any impact on the formulation of the plan

or these judicial proceedings. Although it may be true that these three factors "usually weigh in favor of the party seeking the extension" in the "typical" case, Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003), cert den. sub nom Essef Corp. v. Silivanch, 540 U.S. 1105, 157 L.Ed. 2d 890, 124 S.Ct. 1047 (2004), the scales are surely tipped particularly heavily in favor of Mr. Dmuchowski.

In this Circuit, the focus in a Pioneer inquiry is placed on "the reason for the delay, including whether it was within the reasonable control of the movant." In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005), citing Silivanch, supra. While a party who "fails to follow the clear dictates of a court rule" may usually lose under Pioneer, Enron at 123, there was no such dereliction here by Mr. Dmuchowski, an unrepresented lay person. Nor did he fail to do something within his reasonable control – rather, as soon as he learned (on September 21, 2009) of a deadline of "Sept/09," he filed his claims that very day.

Had he been made aware of the specific deadline of September 22, Mr. Dmuchowski would in all likelihood have sent his claims by overnight mail and avoided the problems he now confronts. The fact that his claims were received one day late results from two factors outside his control. First, a notice of the deadline directed to him was apparently sent to an old, no-longer-used post office box and did not reach him. Declaration of John J. Dmuchowski, ¶9. Second, the information Mr. Dmuchowski did receive was erroneous - he was lulled into thinking that receipt any time in September would suffice, by someone who purported to have superior knowledge. Id., ¶¶ 4-5. This constitutes the type of inadvertence or mistake for which relief is clearly available under Pioneer – it does not even rise to the level of 'neglect.'

3

In this court of equity, respectfully, fairness requires that Mr. Dmuchowski be granted relief for an error that was excusable under all the circumstances.

Respectfully submitted,

/s/ Omar-John C. Chavez
Omar-John C. Chavez
Wendy L. Mager
SMITH, STRATTON, WISE,
HEHER & BRENNAN, LLP
2 Research Way
Princeton, New Jersey 08540
(609) 924-6000
(609) 987-6651 (fax)
wmager@smithstratton.com
ochavez@smithstratton.com

*Attorneys for Creditor,
John J. Dmuchowski*