Omar-John C. Chavez, Esq.
Wendy L. Mager, Esq.
SMITH, STRATTON, WISE, HEHER & BRENNAN, LLP
2 Research Way
Princeton, New Jersey 08540
TEL: (609) 924-6000
FAX: (609) 987-6651

Attorneys for Creditor John J. Dmuchowski

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re | : Chapter 11 |
| LEHMAN BROTHERS HOLDING INC., et al. | : Case No. 08-13555 (JMP) |
| Debtors. | : (Jointly Administered) |

CROSS-MOTION OF JOHN J. DMUCHOWSKI TO PERMIT
LATE FILING OF HIS CLAIMS PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)

Claimant John J. Dmuchowski (hereinafter, the "Claimant"), by and through his undersigned counsel, hereby files this Cross-Motion to Permit Late Filing of his Claims Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) (the "Cross Motion"). In support of the Cross Motion, Claimant respectfully states as follows:

PRELIMINARY STATEMENT

1. Based upon the inaccurate advice of his supervisor, Claimant filed two proofs of claim, totaling $52,796.83, one day late. As stated below, Claimant did not receive actual notice of the claim bar date of September 22, 2009, nor was he represented by counsel at that time. Upon returning from a mandatory two-week vacation on September 21, 2009, Claimant was advised by a supervisor, incorrectly, that claims were due during

"Sept/09." Claimant completed the forms on the same day, September 21st, and sent them to Epiq Systems via Certified Mail. Accordingly, because (i) these proofs of claim would cause no material prejudice to the Debtors, (ii) the length of delay and impact on the proceedings are negligible; (iii) the delay in filing these proofs of claim is excusable; and (iv) the Claimant acted in good faith, the Cross Motion should be granted.

## FACTS

2.  On July 2, 2009, this Court entered an order, which, among other things, set forth September 22, 2009 (the "Bar Date") as the deadline to file proofs of claim against the Debtors in these chapter 11 cases (*see* Dkt. No. 4271) (the "Bar Date Order"), except for claims arising from the Lehman Programs Securities (as such term was defined in the order).

3.  For 26 years, up to the time of the bankruptcy filing, Claimant was employed by Lehman Brothers. He is now employed by Barclays Capital, which acquired the Lehman Brothers unit for which Mr. Dmuchowski worked shortly after the bankruptcy filing. (*See* Decl. of J. Dmuchowski in Supp. of Cross Mot. ¶ 1 (hereinafter, the "Dmuchowski Decl.".)

4.  During his employment with Lehman Brothers, Claimant was allowed as part of his compensation to participate in the Lehman Brothers Partnership Account Fund. As of July, 2003, he was fully vested in this fund. His share of the fund was valued at $47,727.00 at the time of the bankruptcy filing. (*See* Proof of Claim No. 34402; Dmuchowski Decl. ¶ 2).

5.  Claimant was also awarded Restricted Stock Units as compensation valued at $5,069.83. (*See* Proof of Claim No. 34401; Dmuchowski Decl. ¶ 3).

2

6. On September 21, 2009, Claimant returned from a mandatory two-week vacation. On that day, he read an email, dated September 20, 2009, from his manager, Paul Lindner, which stated as follows:

All –

    Epiq Bankruptcy Solutions recently sent out "proof of claim" forms. You have until Sept/09 to submit. Back in 2000 the firm awarded a partnership called "The Fund" or "The Partnership account" You are fully vested in the fund if you were awarded it back in 2000 and it may be worth a shot to process a claim. If the courts deem this as employee compensation you may be first in line to collect. This of course all remains to be seen but may be worth your while to proceed…..Paul

(*See* Dmuchowski Decl. ¶ 4 and Ex. A attached thereto).

7. As set forth above, Mr. Lindner did not indicate in this email that the claim forms were due on any specific date in "Sept/09." As far as the Claimant knows, this was the first and only notice he received regarding the proofs of claims being due. (*Id.* ¶¶ 5-6).

8. Claimant sent his proofs of claim forms that day, September 21, 2009, via Certified Mail. In early December of 2009, he received two Acknowledgement of Receipt of Proof of Claim Forms from EPIQ Systems ("Epiq"), which stated that his claims were filed/ received on September 23, 2009. (*Id.* ¶ 6 and Exs. B and C attached thereto).

9. Claimant, who was not represented by counsel at the time he filed the forms or at the time he received the notices of receipt from Epiq, believed his claims were timely filed. (*Id.* ¶ 7).

10. It was not until recently that he learned, for the first time, about the actual Bar Date, when Debtors filed the "Notices of Hearings on Debtors' Fortieth and Forty-First Omnibus Objections to Claims (Late-Filed Claims)" (the "Objections"). (*Id.* ¶¶ 7, 9).

3

11. The Claimant has filed a response to the Debtors' Objections and respectfully files this Cross Motion pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) to permit the late filing of his claims.

## JURISDICTION

12. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## LEGAL ARGUMENT

13. Bankruptcy Court Rule 9006(b)(1) authorizes the Court, in its discretion, to permit the filing of an untimely proof of claim where the delay is the result of "excusable neglect." *See Pioneer Ins. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The *Pioneer* court held, among other things, that: (i) "neglect" in such context encompasses "inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control"; and (ii) whether such neglect is "excusable" is an equitable matter, "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 388, 395. The court noted that, for purposes of Bankruptcy Rule 9006(b), excusable neglect "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (internal citations omitted).

14. The *Pioneer* Court also established four factors to be considered: (1) danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the claimant's reasonable control; and (4) whether the claimant acted in good faith. *Id.* at 396.

15. The "excusable neglect" test is a balancing test of several factors. Not all factors need to favor the movant. *See, e.g., In re Enron Corp.*, 2003 Bankr. LEXIS 2110, at *11-12 (Bankr. S.D.N.Y. July 30, 2003 ) ("[t]he relative weight, however, to be accorded to the factors in *Pioneer* requires recognizing that not all factors need to favor the moving party.").

16. In *Enron*, the court balanced the four *Pioneer* factors and held that excusable neglect was present, despite the fact that the reason for the delay was not in the movant's favor. *Id.* at *5-6. There, the creditor filed its proof of claim 9 days after the bar date, arguing that it had received inadequate notice. The court held that despite the fact there was adequate notice given, the creditor was entitled to file a late proof of claim because there was no danger of prejudice to the debtors, the length of delay was minimal and the creditor had acted in good faith. *Id.*

17. Likewise, when analyzed here, the *Pioneer* factors support a finding that excusable neglect is present.

18. First, the Debtors will not be prejudiced by the allowance of Claimant's proofs of claim. Although the Debtors have filed a revised plan of reorganization and disclosure statement on April 15, 2010, the claims review process is still in its initial stages. Upon information and belief, the Debtors have only recently begun a comprehensive review of the many thousands of claims that have been filed.

19. In addition, the amounts of Claimant's proofs of claims are, in the context of these chapter 11 proceedings, insignificant. *See In re XO Comm'ns, Inc.*, 301 B.R. 782 (Bankr. S.D.N.Y. 2003) (allowing late claim would not disrupt plan process, given the small size of claim). As noted above, Claimant's proofs of claim total $52,796.83. The

5

total amount of claims filed against the Debtors, in contrast, is more than $830 billion, and the debts listed on Exhibit A to the Voluntary Chapter 11 Petition total $613 billion.

20. Even assuming, *arguendo*, that these claims would affect the funds available to the other creditors, the Second Circuit has found this factor to be of "no weight" in the determination of prejudice to the debtor. *In re Enron*, 419 F.3d 115, 130 (2d Cir. 2005) (court had "more in mind than a simple dollar-for-dollar depletion of assets otherwise available for timely filed claims . . . Otherwise, virtually all late filings would be condemned by this factor . . .") (internal citations omitted). Because there is no actual harm to the Debtors, any hypothetical harm alleged by the Debtors will not constitute prejudice. *In re O'Brien Environmental Energy*, 188 F.3d 116, 127 (3d Cir. 1999) ("Prejudice is not an imagined or hypothetical harm . . .").

21. Second, there has been only a minimal delay in the proceedings. The Debtors continue to review and evaluate proofs of claim, and only recently filed their Objections to the Claimant's proofs of claim, to which the Claimant has filed a response. Thus, these proofs of claim have not delayed the proceedings in any measurable way. *In Re Enron*, 2003 WL 21756785, at *5 (allowing a late claim would have no "impact on judicial proceedings").

22. Third, and perhaps most significantly, the delay in filing these claims is excusable. Claimant's delay in filing the claims was based upon improper advice given by the Claimant's supervisor and the fact the Claimant had no personal knowledge of the actual Bar Date. The Claimant's supervisor incorrectly stated in an email dated September 20, 2009 that the forms had to be submitted in September 2009. The Claimant received this email the next day, September 21st, and sent the completed forms that same day without

6

knowing that they actually had to be received by the following day. As the *Pioneer* court recognized, excusable neglect is "not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). Thus, the Claimant's one-day-late filing clearly represents a circumstance beyond the Claimant's control, as well as an inadvertent mistake by someone who was not represented by counsel at that time.

23. Finally, Claimant clearly acted in good faith in all respects. As soon as he learned about the deadline from his supervisor, he completed the forms on the same day and sent them via Certified Mail to Epiq. He acted promptly and diligently in completing the forms, despite the fact that he incorrectly believed that he had until the end of September to submit the claim forms. Had he been aware of the specific deadline of September 22nd, the Claimant would in all likelihood have sent them by overnight mail to ensure that they were timely filed.

## MEMORANDUM OF LAW

24. Because the legal points and authorities upon which this Cross Motion relies are incorporated herein, Claimant respectfully requests that the requirement of serving and filing of a separate memorandum of law pursuant to Rule 9013-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## NOTICE

25. Claimant has provided notice of this Cross Motion pursuant to the Amended Order Implementing Certain Notice and Case Management Procedures entered in this case [Dkt. No. 2837]. Claimant submits that no other or further notice need be given.

## NO PRIOR REQUEST

26. With the exception of Claimant's response to Debtors' recent Objections to his proofs of claim, which has a pending hearing date of October 27, 2010, no prior motion or other pleading has been filed by Claimant requesting the relief sought in this Cross Motion before this Court or any other court.

## CONCLUSION

27. For the foregoing reasons, Claimant respectfully requests that this Court: (i) grant its Cross Motion to file two proofs of claim against Debtors; (ii) deem such filings to be timely filed under Bankruptcy Rule 9006(b); and (iii) grant such further relief as is appropriate.

Dated: October 14, 2010

/s/ Omar-John C. Chavez
Omar-John C. Chavez
Wendy L. Mager
SMITH, STRATTON, WISE,
HEHER & BRENNAN, LLP
2 Research Way
Princeton, New Jersey 08540
(609) 924-6000
(609) 987-6651 (fax)
ochavez@smithstratton.com
wmager@smithstratton.com

*Attorney for Creditor,*
*John J. Dmuchowski*