Omar-John C. Chavez, Esq.
Wendy L. Mager, Esq.
SMITH, STRATTON, WISE, HEHER & BRENNAN, LLP
2 Research Way
Princeton, New Jersey 08540
TEL: (609) 924-6000
FAX: (609) 987-6651

Attorneys for Creditor John J. Dmuchowski

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | x : | |
|---|---|---|
| LEHMAN BROTHERS HOLDING INC., *et al.* | : : : | Chapter 11 Case No. 08-13555 (JMP) |
| Debtors. | : : x | (Jointly Administered) |

**DECLARATION OF JOHN J. DMUCHOWSKI IN SUPPORT OF NOTICE OF CROSS-MOTION FOR ENTRY OF AN ORDER PERMITTING LATE FILING OF HIS CLAIMS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)**

John J. Dmuchowski, under penalty of perjury, hereby declares as follows:

1.      I am currently an employee of Barclays Capital. For 26 years, up to the time of the bankruptcy filing, I was employed by Lehman Brothers. I began working for Shearson as a page/clerk, and at the time of the bankruptcy filing my position was Senior Analyst. Because the unit in which I worked was acquired by Barclays Capital, I was able to continue my employment.

2.      During my employment with Lehman Brothers, I was allowed as part of my compensation to participate in the Lehman Brothers Partnership Account Fund. As of July, 2003 I was fully vested in this fund, my share of which was valued at $47,727.00 at the time of the bankruptcy filing. This is the subject of my claim No. 34402.

3. In addition, during my employment I was awarded as compensation Restricted Stock Units valued at $5,069.83. This is the subject of my claim No. 34401.

4. I did not have the assistance of an attorney or other professional in filing my claims. On September 21, 2009 I returned from a two week mandatory vacation and learned that on September 20, 2009 my manager, Paul Lindner, had sent an email that read as follows:

All –

 Epiq Bankruptcy Solutions recently sent out "proof of claim" forms. You have until Sept/09 to submit. Back in 2000 the firm awarded a partnership called "The Fund" or "The Partnership account" You are fully vested in the fund if you were awarded it back in 2000 and it may be worth a shot to process a claim. If the courts deem this as employee compensation you may be first in line to collect. This of course all remains to be seen but may be worth your while to proceed…..Paul

A copy of this email is attached as Exhibit A.

5. Mr. Lindner did not indicate that the claims were due on any specific date in "Sept/09." This is the only notice I actually received regarding bankruptcy papers being due.

6. I sent my claim forms that day, September 21, 2009, via Certified Mail. In early December of 2009, I received two Acknowledgement of Receipt of Proof of Claim Forms from EPIQ Systems, attached as Exhibits B and C, reflecting that my claims were filed/received on September 23, 2009.

7. I believed my claims were timely filed until I received the notices of the hearings on Debtors' Fortieth and Forty-First Omnibus Objections to Claims (Late-Filed Claims). These notices indicate that there was a September 22, 2009 deadline for filing proofs of claim, which I had not previously known.

8. The law firm where my wife is employed as a legal assistant is representing me, pro bono, to object to the disallowance or expungement of my claims.

9. In October of 2010, I learned that, according to a document filed in the bankruptcy case, my name is on a service list for the "Notice of Deadlines for Filing Proof of Claim" dated 7/10/09. However, the address shown on that list is an old Post Office Box that I have not used in years. I did not receive the "Notice of Deadlines for Filing Proof of Claim."

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 13, 2010.

John J. Dmuchowski

3

# EXHIBIT A

## Dmuchowski, Patricia

**From:** john.dmuchowski@barclayscapital.com
**Sent:** Monday, September 20, 2010 2:11 PM
**To:** Dmuchowski, Patricia
**Subject:** FW: The Fund

**Attachments:** PA pre-tax 2008.pdf



PA pre-tax
2008.pdf (64 KB)

```
>   <<PA pre-tax 2008.pdf>>
> All-
>       Epiq Bankruptcy Solutions recently sent out "proof of claim"
> forms. You have until Sept/09 to submit.  Back in 2000 the firm
> awarded a partnership called "The Fund" or "The Partnership account"
> You are fully vested in the fund if you were awarded it back in 2000
> and it may be worth a shot to process a claim. If the courts deem this
> as employee compensation you may be first in line to collect. This of
> course all remains to be seen but may be worth your while to
> proceed....Paul
```

This e-mail may contain information that is confidential, privileged or otherwise
protected from disclosure. If you are not an intended recipient of this e-mail, do not
duplicate or redistribute it by any means. Please delete it and any attachments and notify
the sender that you have received it in error. Unless specifically indicated, this e-mail
is not an offer to buy or sell or a solicitation to buy or sell any securities, investment
products or other financial product or service, an official confirmation of any
transaction, or an official statement of Barclays. Any views or opinions presented are
solely those of the author and do not necessarily represent those of Barclays. This e-mail
is subject to terms available at the following link: www.barcap.com/emaildisclaimer. By
messaging with Barclays you consent to the foregoing.  Barclays Capital is the investment
banking division of Barclays Bank PLC, a company registered in England (number 1026167)
with its registered office at 1 Churchill Place, London, E14 5HP.  This email may relate
to or be sent from other members of the Barclays Group.

# LEHMAN BROTHERS

MICHAEL J. ODRICH
MANAGING DIRECTOR
HEAD OF PRIVATE EQUITY

June 17, 2008

Dear Partner,

We are pleased to update you on the current status of the Lehman Brothers Partnership Account, which is invested together and in parallel with related vehicles (together, the "Partnership Account" or the "Fund"). In June 2000, the Firm awarded opportunities to participate in the Fund with notional Firm-provided leverage to employees through the Vice President level. As of July 2003, you became fully vested and entitled to receive payments from the Fund to the extent they become available, regardless of your employment status with the Firm.

**Partnership Account Performance and Overview**

As of December 31, 2007, the Fund invested $458 million and has now committed all of its capital. The Fund has allocated its investments among the Lehman Brothers Private Equity asset classes in the following approximate ratios: 66% to Merchant Banking, Venture Capital, Real Estate and Fixed Income; 23% to Private Fund Investments; and 11% to the Fund of Hedge Funds.

**As of December 31, 2007, the gross IRR for the Partnership Account was 20%, which represents an implied multiple of notional equity of 7.6x.** Gross IRR represents the pre-tax, compounded annual internal rate of return based on estimated values of investments and gross cash flows into and out of investments.

In October 2007, a distribution of $2,169 per unit was made to each investor, which represents 318% of the notional equity invested in the fund. We continue to monitor the cash balance in the fund and will apprise you prior to making additional distributions.

*Example of Partnership Account Returns*

The chart on the following page illustrates the Fund's return mechanics valuing the investments as of December 31, 2007. This example assumes the award of $10,000 from the Firm to an employee, of which $7,500 (base award of $682 and notional leverage of $6,818) was actually invested. As of December 31, 2007, the value of the employee's investment net of the distribution would be approximately $3,045. The total value of the investment including the $2,169 distribution represents a 7.6x multiple of invested capital. As this is only a hypothetical example, the actual amounts you receive may differ.

| Valuation Analysis as of December 31, 2007 | | |
|---|---|---|
| **Per 10K investor** | | |
| Base Award Amount Invested as of 12/31/07 | $ | 682 |
| Leverage provided as of 12/31/07 | | 6,818 |
| Total Investment | $ | 7,500 |
| | | |
| Value as of 12/31/07 | $ | 12,940 |
| Less GP carry | | (544) |
| Less Distribution | | (2,169) |
| Less Int on Leverage | | (364) |
| Less Leverage | | (6,818) |
| Net Value @ 12/31/07 | $ | 3,045 |
| | | |
| Gross IRR | | 20% |
| Implied Multiple of Invested Capital | | 7.65 |

*Note: as of 12/31/07, there is no remaining leverage outstanding.*

Past performance is not indicative of future results, and there can be no assurance that the Fund will continue to achieve comparable results to those set forth herein. Calculation methodology is explained further below, and this data is indicative of the performance of the Fund. The total value displayed on the above chart includes all distributions received and the current value of unrealized investments. The actual realized values of unrealized investments may differ materially from their current carrying values which are used for calculating total value. Actual values of currently unrealized investments cannot be determined until the occurrence of liquidity events and the repayment of all leverage and associated interest costs. Actual realized values of currently unrealized investments will depend on, among other factors, future operating results, market conditions at the time of disposition, legal and contractual restrictions on transfer that may limit liquidity, any related transaction costs and the timing and manner of sale, all of which may differ from the assumptions and circumstances on which the current unrealized values are based.

Below, we offer performance data by asset class as of December 31, 2007, for investments made thus far. Unrealized publicly-traded investments are valued based on closing market prices on December 31, 2007. The methodology of calculating unrealized privately-held investments differs among asset classes and is detailed below. Please refer to the investment update attached to this letter for more detail on investment allocations and performance by asset class.

*Merchant Banking*

The Partnership Account's only Merchant Banking investment was Consort Resources for $9.2 million. Consort was realized on a gross basis at 117% of the invested amount following its acquisition by Caledonia Oil and Gas Limited in October 2003. The $10.8 million of proceeds from this investment was used to repay interest and leverage.

*Venture Capital*

The Partnership Account invested a total of $176 million in venture capital investments, which comprise several sector and geographical sub-categories. Unrealized venture capital investments are generally valued at cost; although several of the investments have been marked up or down to reflect market changes. As of December 31, 2007, the blended total value of all venture capital investments, including the distribution, was 116% of invested capital.

*Real Estate*

The Partnership Account is a significant investor in Lehman Brothers Real Estate Partners I, with a total of $108 million invested in real estate as of December 31, 2007. To date, investments have been realized for $301 million of value. Unrealized real estate investments are reflected at their fair values which are determined through discounted cash flow analyses. As of December 31, 2007, the total value of realized and unrealized real estate investments, including the distribution, was 279% of invested capital.

*Private Fund Investments*

The Partnership Account invested $105 million in funds that are managed by top third party private equity fund managers. The Partnership Account has received $137 million in proceeds from these investments. Private fund investments are reflected at net asset value of the underlying funds as reported in their most recent financial statements. As of December 31, 2007, the total value of assets in private funds, including the distribution, was 192% of invested capital.

*Fixed Income-Related*

The Partnership Account invested in the "equity" component of two CDOs for a total of $9 million. Unrealized CDO investments are valued based on accrued and paid cash interest, sales proceeds and principal repayments assuming a terminal value determined by the market. As of December 31, 2007, the total value of fixed income investments, including the distribution, was 109% of the Fund's investment cost.

*Fund of Hedge Funds*

In December 2004, the Partnership Account realized its entire $50 million investment in Lehman Brothers Fund of Hedge Funds for $59 million, representing 117% of invested capital. The Fund of Hedge Funds was divided between a long/short fund and a diversified arbitrage fund.

**Firm-Provided Notional Leverage**

When the Partnership Account was established, Lehman Brothers provided employees through the Vice President level with an award based on a base amount and notional 10x leverage. For example, an original Partnership Account award of $10,000 consisted of a base component of $909 and notional leverage of $9,091. However, due to the available investment opportunities, the actual amount invested was $7,500 per $10,000 unit with a base of $682 and notional leverage of $6,818.

All currently outstanding Fund notional leverage and associated interest costs have been repaid. As Lehman Brothers awarded you the opportunity to participate in the Fund, all distributions you receive under the Fund, if any, will be treated as ordinary income to you for tax purposes.

We are pleased with the performance of the Fund to date. We will continue to manage this portfolio aggressively to maximize value and returns to our investors. We will keep you periodically updated on the Partnership Account. In the meantime, please do not hesitate to call Private Equity Investor Relations at (212) 526-9970 with questions regarding your investment.

Sincerely,

*Mike*

Michael J. Odrich
Managing Director

## Lehman Brothers Partnership Account 2000/2001
### Total Remaining Commitments
As of December 31, 2007

| ($ in millions) | Amount Invested | Investment Allocation (by asset class) | Proceeds Received | Current Value | Total Value |
|---|---|---|---|---|---|
| Merchant Banking | $ 9.2 | 2.0% | $ 10.8 | $ - | $ 10.8 |
| **Venture Capital:** | | | | | |
| US Venture Capital II | 51.2 | | 6.9 | 68.4 | 75.3 |
| European Venture Capital | 27.0 | | 41.3 | 0.4 | 41.7 |
| Communications | 16.0 | | 9.1 | 0.1 | 9.2 |
| Other Venture Capital | 33.7 | | 8.4 | 11.0 | 19.5 |
| Healthcare | 48.5 | | 21.2 | 37.7 | 58.9 |
| Total Venture Capital | 176.4 | 38.5% | 86.9 | 117.7 | 204.6 |
| Total Real Estate | 108.4 | 23.7% | 301.4 | 1.3 | 302.8 |
| Total Fund of Funds | 105.0 | 22.9% | 137.1 | 64.4 | 201.5 |
| Fixed Income | 8.8 | 1.9% | 6.3 | 3.2 | 9.6 |
| Fund of Hedge Funds | 50.0 | 10.9% | 58.6 | - | 58.6 |
| Total Partnership Account 2000/2001 | $ 457.8 | 100.0% | $ 601.1 | $ 186.6 | $ 787.8 |

# EXHIBIT B

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM



MAILID *** 0004892702 ***

**** LBH CLMLTR (MERGE2,TXNUM2) 4000081329 ****

DMUCHOWSKI, JOHN
86 WINCHESTER DRIVE
EAST WINDSOR, NJ 08520

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | NO DEBTOR ASSERTED BY CREDITOR |
| Case Number: | NO CASEZ99 |
| Creditor: | DMUCHOWSKI, JOHN |
| Date Received: | 09/23/2009 |
| Claim Number: | 34402 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU. PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc.**

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

# PROOF OF CLAIM

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

In Re: Lehman Brothers Holdings Inc., et al.
Debtors.
Name of Debtor Against Which Claim is Held

Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)
Case No. of Debtor

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000034402

THIS SPACE IS FOR COURT USE ONLY

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for certain Programs. See notes (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

John Dmuchowski
86 Winchester Drive
East Windsor NJ 08520

609 658-7466    jdmuch@yahoo.com
Telephone number:    Email Address:

Name and address where payment should be sent (if different from above)

609 658-7466    jdmuch@yahoo.com
Telephone number    Email Address

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

PARTICIPATION IN NATIONAL PLAN

1. Amount of Claim as of Date Case Filed: $ **47,727.00**
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. Basis for Claim: **EMPLOYEE COMPENSATION**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property $ _____    Annual Interest Rate ___%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____    Basis for perfection: _____
Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other Specify applicable paragraph of 11 U.S.C. § 507(a)( ___ ).

Amount entitled to priority:
$ _____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ _____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain.

Date: 9/21/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature]

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FOR COURT USE ONLY
FILED / RECEIVED
SEP 23 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC



# EXHIBIT C

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM



MAILID *** 0004892701 ***

**** LBH CLMLTR (MERGE2,TXNUM2) 4000081327 ****

DMUCHOWSKI, JOHN J
86 WINCHESTER DRIVE
EAST WINDSOR, NJ 08520

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | NO DEBTOR ASSERTED BY CREDITOR |
| Case Number: | NO CASEZ99 |
| Creditor: | DMUCHOWSKI, JOHN J |
| Date Received: | 09/23/2009 |
| Claim Number: | 34401 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.** PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name,etc.

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

**PROOF OF CLAIM**

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

In Re: Lehman Brothers Holdings Inc., et al.,
Debtors.
Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)     0000034401

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

John J Dmuchowski
86 Winchester Drive
East Windsor NJ 08520

Telephone number: 609 658-7466    Email Address: jdmuch@yahoo.com

Name and address where payment should be sent (if different from above)

Telephone number: 609 658-7466    Email Address: jdmuch@yahoo.com

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____ (If known)

Filed on: _____

RESTRICTED STOCK UNIT AGREEMENT

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars
☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 5069.83
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: EMPLOYEE COMPENSATION
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property $ _____   Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____   Basis for perfection: _____
   Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $ _____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ _____
   (See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9/21/09
Signature: [signed]

FOR COURT USE ONLY

FILED / RECEIVED
SEP 23 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

08-13555-mg Doc 12007-2 Filed 10/14/10 Entered 10/14/10 15:37:16 Declaration in Support of Notice Cross-Motion Pg 18 of 20

Personal Award Summary                                                                                  Page 1 of 1

# LEHMAN BROTHERS | LehmanLive

Data as of August 31, 2008                                                        10019337 John J. Dmuchowski

## AWARD UNITS¹ OUTSTANDING

| Grant Date | Description | Grant Price | Grant Value² | Restriction Ends | Units Granted | Dividend Equivalents | Units Delivered | Units Vested³ | Units Outstanding | Market Value at $0.192* |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2008 | July 2008 RSU | $20.9600 | $166 | 11/30/2011 | 7.90 | 0.09 | 0.00 | 0.00 | 7.99 | $2 |
| 12/07/2007 | 2007 Firmwide Principal | $47.6000 | $621 | 11/30/2012 | 13.04 | 0.27 | 0.00 | 0.00 | 13.31 | $3 |
| 12/07/2007 | 2007 Firmwide Discount | $47.6000 | $207 | 11/30/2012 | 4.35 | 0.05 | 0.00 | 0.00 | 4.40 | $1 |
| 12/08/2006 | 2006 Firmwide Principal | $57.7700 | $632 | 11/30/2011 | 10.94 | 0.32 | 0.00 | 0.00 | 11.26 | $2 |
| 12/08/2006 | 2006 Firmwide Discount | $57.7700 | $210 | 11/30/2011 | 3.64 | 0.05 | 0.00 | 0.00 | 3.69 | $1 |
| 11/30/2005 | 2005 Firmwide Principal | $47.2500 | $535 | 11/30/2010 | 11.32 | 0.42 | 0.00 | 11.74 | 11.74 | $2 |
| 11/30/2005 | 2005 Firmwide Discount | $47.2500 | $178 | 11/30/2010 | 3.76 | 0.05 | 0.00 | 0.00 | 3.81 | $1 |
| 12/09/2004 | 2004 Firmwide Principal | $32.1750 | $530 | 11/30/2009 | 16.48 | 0.73 | 0.00 | 17.21 | 17.21 | $3 |
| 12/09/2004 | 2004 Firmwide Discount | $32.1750 | $177 | 11/30/2009 | 5.50 | 0.10 | 0.00 | 0.00 | 5.60 | $1 |
| 12/10/2003 | 2003 Firmwide Principal | $26.7700 | $501 | 11/30/2008 | 18.70 | 1.02 | 0.00 | 19.72 | 19.72 | $4 |
| 12/10/2003 | 2003 Firmwide Discount | $26.7700 | $167 | 11/30/2008 | 6.24 | 0.15 | 0.00 | 0.00 | 6.39 | $1 |
| **Total** | | | $3,924 | | 101.87 | 3.25 | 0.00 | 48.67 | 105.12 | $21 |
| **Total Equity** | | | | | | | | | | $21 |

* Market value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated stock price. The intrinsic value of stock options is calculated by multiplying the number of options outstanding by the difference between the indicated stock price and the option exercise price. Please note that the current market price is based on a delayed 20 minutes feed from Reuters. (09:39 AM EDT on September 21 2009)

¹ Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.
² Grant Value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated grant price.
³ Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

| FMV | UNITS Granted | UNITS PRICE | TOTAL VALUE |
|---|---|---|---|
| 7/1/2008 | 7.9 | 20.96 | 165.58 |
| 12/7/2007 | 13.04 | 63.47 | 827.65 |
| 12/7/2007 | 4.35 | 63.47 | 276.09 |
| 12/8/2006 | 10.94 | 77.03 | 842.71 |
| 12/8/2006 | 3.64 | 77.03 | 280.39 |
| 11/30/2005 | 11.32 | 61.08 | 691.43 |
| 11/30/2005 | 3.76 | 61.08 | 229.66 |
| 12/9/2004 | 16.48 | 41.27 | 680.13 |
| 12/9/2004 | 5.5 | 41.27 | 226.99 |
| 12/10/2003 | 18.7 | 34.05 | 636.74 |
| 12/10/2003 | 6.24 | 34.05 | 212.47 |
|  | 101.87 |  | 5,069.83 |

J. Smuchowski
86 Winchester Drive
East Windsor, NJ 08520

RETURN RECEIPT REQUESTED

7009 1680 0002 3413 6480

EPIQ Bankruptcy Solutions LLC
757 Third Avenue 3rd floor
New York, NY 10017
LBH

100173207) 0005

UNITED STATES POSTAL SERVICE

1000   10017

U.S. POSTAGE PAID
JERSEY CITY, NJ
07302
SEP 21, '09
AMOUNT
$5.54
00036930-03

RECEIVED SEP 23 2009 BY