**Jonathan Schwartz**
State Bar No. 49770
**4640 Admiralty Way**
Fifth Floor
**Marina del Rey, California 90292**
**(310) 496-5770**

Attorney for
MOSHE SHRAM and HANNA SHRAM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11 Case No. 08-13555 (JMP)<br><br>(Jointly Administered)<br><br>DECLARATION OF JONATHAN SCHWARTZ IN RESPONSE TO DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS (LATE-FILED LEHMAN PROGRAMS SECURITIES CLAIMS) |

Jonathan Schwartz under penalty of perjury declares as follows:

My name is Jonathan Schwartz. I am an attorney admitted to practice before all State courts in the State of California, the U.S. District Court, Central District of California, and in the District of Columbia (inactive). My practice is limited to securities regulatory defense, and a variety of claims and disputes within the securities industry.

I am making this declaration in support of my opposition to Debtors' Forty-Second Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims). In late 2008 I was retained by Moshe and Hanna Shram to bring a claim seeking recission against Israel Discount Bank of New York based upon its sale to my clients of a Lehman Brothers note in the face amount of $700,000. The Lehman Securities Programs Proof of Claim form was prepared by me personally, in this office.

At some point in early October, 2009, I contacted the attorney for Israel Discount Bank of New York, (Allan N. Taffet of the Law Firm of Duval & Stachenfeld LLP), and asked him to provide

1

to me the information I needed to respond to items 3 and 4 of the Lehman Securities Programs Proof of Claim form. After some delay, Mr. Taffett told me that the client was refusing to provide me with this information even though, as to item 3, the Form states that the providing of this information by the claimant is "required." I took that to mean that my Proof of Claim might very well be defective and consequently would be dishonored, if I did not have the information required by item 3. Relations between my office and Mr. Taffet had not been good and I had no idea where I could obtain the necessary information if not from Mr. Taffet, since I was ethically unable to contact his client, Israel Discount Bank of New York. Subsequently, I attempted, unsuccessfully, to obtain the necessary information from various sources and. Mr. Taffet and I continued to exchange correspondence and telephone calls until it became clear to me that time was running out and more or less as an act of desperation I provided in response to items 3 and 4 of the Proof of Claim the following, phrase,( which Mr. Taffet insisted that I use: "Contact Israel Discount Bank of New York, 511 Fifth Avenue, New York, NY 10017." This was done, and the Form mailed, on October 29, 2009.

    I will say that I could not understand why Mr. Taffet would withhold information which I needed to make the bankruptcy claim and I was appalled when he did so. Many of the the things which I describe in this document were happening more or less at the last minute and there was a sense of panic in that my adversary appeared to be deliberately attempting to sabotage my effort to file. I ask that the Court consider the matters recited herein to make out an instance of mistake and excusable neglect, and specifically that the delay arose as a result of my being unable to obtain information which appeared to be necessary to make the claim. The Court is asked to overrule the objection of the Debtor to the claim of Mr. and Mrs. Shram.

    Signed this 13th day of October, 2010 at Marina del Rey, California.

JONATHAN SCHWARTZ

2