DEWEY PEGNO & KRAMARSKY LLP
220 East 42nd Street
New York, New York 10017
Tel: (212) 943-9000
Fax: (212) 943-4325
David S. Pegno (DP-7428)
*Attorneys for Claimant David J. Brooks*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

## RESPONSE TO DEBTORS' FORTIETH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Claimant David J. Brooks, by his attorneys Dewey Pegno & Kramarsky LLP, respectfully submits this memorandum in response and opposition to the Fortieth Omnibus Objection to Claims (Late-Filed Claims) filed by Debtor Lehman Brothers Holdings Inc.

This Response is submitted by a former Lehman employee, who submitted his proof of claim for deferred compensation for a portion of his 23-year service to the company via the U.S. mail; he mailed the proof four days before the bar date, from his office, which is just blocks from where the proof of claim was supposed to be delivered. Unfortunately, through no fault of his own, his mailing was not processed in a timely manner, and it was received just one day after the bar date. We respectfully submit that it would be grossly unfair to deprive this long-time former Lehman employee of his substantial claim for compensation under these circumstances, and the Debtor's objection should be overruled.

## Facts

1.  As set forth in the accompanying declaration, Mr. Brooks was employed by Debtor Lehman Brothers for 23 years, from when he graduated from college in 1985 until the filing of this case in 2008.

2.  After Lehman filed for bankruptcy, Mr. Brooks received notice of the September 22, 2009 deadline to file proofs of claim, and he determined to file a proof of claim for $259,911 in deferred compensation that was due to him from Lehman. On or about September 18, 2009, Mr. Brooks completed his proof of claim and placed it in the mail at Barclays Capital, for delivery a few blocks away to the post office box designated in the notice he received. Mr. Brooks had previously used the mail system at Barclays (and indeed previously at Lehman, which had the same offices) without incident.

3.  Many months later, Mr. Brooks received notice that his proof of claim was named in Debtors' Fortieth Omnibus Objection to Claims as being untimely. Apparently, for reasons unknown to him and outside his control, Mr. Brooks' proof of claim was filed on September 23, 2009, one day beyond the bar date for filing proofs of claim.

## Argument

4.  This Court's May 20, 2010 decision in these Chapter 11 cases denying certain motions seeking relief from the bar date order due to "excusable neglect" noted the Supreme Court's decision in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993), in which the Court stated the four factors to be considered in analyzing excusable neglect:

> [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

2

*Id.* at 395.

5.    The Second Circuit has noted that it, and other circuits, focus primarily upon the third *Pioneer* factor: the reason for the delay, including whether it was within the reasonable control of the movant. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 & n.7 (2d Cir. 2003) (citing *Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5-6 (1st Cir. 2001) ("[T]he four *Pioneer* factors do not carry equal weight; the excuse given for the late delay must have the greatest import.")).

6.    This case could not possibly present a different set of factual circumstances than those of the late-filed claims that the Court denied in its May 20, 2010 ruling, and calls out for in finding of excusable neglect.

7.    The delay in the filing of Mr. Brooks' proof of claim resulted from issues with the delivery of the mail outside of his control. Mr. Brooks, conscious of the bar date for filing of proofs of claim, completed and mailed his proof of claim four days prior to that deadline. He placed the completed proof of claim in the mail with the reasonable belief that Barclays, whose mail system he had previously used without incident, would promptly deliver the letter to the postal service, which would in turn promptly deliver the mail the few blocks. However, for whatever reason, the proof of claim was not postmarked until September 22, 2009, the date proofs of claim were due. Mr. Brooks' reasonable belief that his mailing would be timely – had it been properly processed – was confirmed by the fact that it was received on September 23, 2009, the very next day after it was postmarked.

8.    Courts have found excusable neglect in late filings attributable to reasonable reliance on internal mail or the United States Postal Service. *In re Cendent Corp. PRIDES Litig.*, 235 F.3d 176, 183-84 & n.10 (3d Cir. 2000) (finding excusable neglect when company's mail

3

room either intentionally or negligently failed to deliver mailing to U.S. Postal service; also noting findings of excusable neglect by the district court due to other mailroom problems including mail handled "contrary to custom" and "problems in an internal corporate mailroom"); *Zipperer v. Sch. Bd. Seminole County, Florida*, 111 F.3d 847, 850 (11th Cir. 1997) (affirming district court's finding of excusable neglect where notice of appeal filed one day late despite mailing the notice "several days before the three days required for normal mail delivery between the point of mailing and the district court"); *Mendez v. Knowles*, 556 F.3d 757, 767 (9th Cir. 2009) (affirming district court's finding of excusable neglect due to "rel[iance] on the vagaries of the mail" after concluding that per se rules that specific actions are inexcusable as a matter of law "are not consistent with *Pioneer*"); *Pizzichil v. Motors Insurance Corp.*, 90 F.R.D. 119, 122 (E.D. Pa. 1981) ("I am persuaded that counsel's conduct in relying on the postal service was reasonable, and constitutes excusable neglect. It is true that counsel's faith in the postal service was misplaced, but I can scarcely say that counsel was reckless in assuming that a letter could travel the brief distance from his office to the courthouse within six days.").

9. Accordingly, Mr. Brooks acted reasonably in believing that his mail would be processed properly and delivered reasonably promptly, and has more than established excusable neglect.

10. The other *Pioneer* factors easily and heavily favor Mr. Brooks. The Debtor can show no prejudice from allowing this claim; the length of the delay – one day – is literally the minimum possible and can have no impact on any judicial proceedings; and there is no question but that Mr. Brooks acted in good faith.

11. There is no reason for the Court to deprive this long-time Lehman employee of his claim for substantial deferred compensation earned for part of his decades of service to the

Debtor, and every reason, both in law and equity, to allow his claim. We respectfully request that his claim be permitted and Debtor's objection overruled.

12. Any reply to this response should be delivered to the undersigned, who possesses ultimate authority to reconcile, settle or otherwise resolve the claim on behalf of Mr. Brooks.

## Conclusion

For the reasons above, David J. Brooks opposes the disallowance and expungement of his proof of claim and requests the Court find his filing to be allowed due to excusable neglect.

Dated: New York, New York
October 15, 2010

DEWEY PEGNO & KRAMARSKY LLP

By: /s/ David S. Pegno
David S. Pegno (DP-7428)
220 East 42nd Street
New York, New York 10017
(212) 943-9000
(212) 943-4325

*Attorneys for Claimant David J. Brooks*

## AFFIDAVIT OF SERVICE

Kamani Singh affirms under penalty of perjury that:

1. I am over the age of eighteen years, not a party to this action, and an employee of the firm of Dewey Pegno & Kramarsky LLP, counsel for Claimant David J. Brooks.

2. On the 15th day of October 2010, I caused a copy of the foregoing **Response to Debtors' Fortieth Omnibus Objection to Claims (Late-Filed Claims)** to be served on:

**BY HAND**

The Chambers of the Honorable James M. Peck
Courtroom 601
One Bowling Green
New York, New York 10004

Shai Waisman, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Andy Velez-Rivera, Esq.
Paul Schwartzberg, Esq.
Brian Masumoto, Esq.
Linda Riffkin, Esq.
Tracy Hope Davis, Esq.
The Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004

Dennis F. Dunne, Esq.
Dennis O'Donnell, Esq.
Evan Fleck, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

Dated: New York, New York
       October 15, 2010

_____
Kamani Singh

Sworn to before me this
15th day of October, 2010

*[signature: Madeline Barbosa]*
Notary Public

MADELINE BARBOSA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BA6089858
Qualified in Bronx County
My Commission Expires March 31, 2011