MCGRAIL & BENSINGER LLP
676A Ninth Avenue #211
New York, New York  10036
(718) 434-2676
(718) 228-7717 Facsimile
Menachem M. Bensinger (MB 3467)

*Counsel to Elizabeth Colón López*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Bankr. Case No.: 08-13555 (JMP) |
|  | (Jointly Administered) |
| Debtors. |  |

### RESPONSE OF ELIZABETH COLÓN LÓPEZ  TO DEBTORS' FORTIETH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Elizabeth Colón López  ("**Ms. Colón López** "), by her undersigned counsel, hereby files this response (the "**Response**") to *Debtors' Fortieth Omnibus Objection to Claims (Late-Filed Claims)* filed September 13, 2010 (the "**Objection**"), and in support hereof respectfully states as follows:

### PRELIMINARY STATEMENT

1. Elizabeth Colón López  is an ex-Lehman employee with an approximately $98,000 severance claim against Lehman Brothers Holdings Inc. ("**LBHI**").  As a scheduled creditor of both LBHI and Lehman Brothers Inc. ("**LBI**"), Ms. Colón López  received two bar date notices, one for each entity.  Each time Ms. Colón López  received a bar date notice, she carefully read and gave her best efforts to fully comply with the terms of the notice.  To that end, upon receiving the LBI related bar date notice, she proceeded to file her severance claim against LBI on a timely basis.  When she received additional documents from LBHI regarding her claim,

1

she justifiably believed that they merely confirmed that she had properly filed her claim, rather than requiring her to file a separate claim against LBHI.  When she learned that her interpretation may have been incorrect, she immediately filed claim number 34924 (the "**LBHI Claim**") against LBHI.   Her claim was processed on September 25, 2009, three days after the applicable bar date.

2. The Objection should be overruled with respect to the LBHI Claim for two reasons.  First, Ms. Colón López did everything a reasonably prudent person would have done each time she received a bar date notice: she carefully read the notice and took action based upon the notice's perceived content.  Ms. Colón López's failure to file the LBHI Claim prior to the bar date resulted from her legitimate confusion, based upon her specific circumstances, after diligently attempting to comply with each bar date notice, i.e., excusable neglect.

3. Second, even if the Court finds that Ms. Colón López 's confusion was not the result of excusable neglect, the Court can and should deem her timely-filed claim against LBI to be an "informal proof of claim" against LBHI, and permit her to amend such claim.

## BACKGROUND

4. From 1997 to September 11, 2008, Ms. Colón López  was employed by LBI.

5. On September 11, 2008, Ms. Colón López's employment was terminated by LBI, and she and LBI entered into an agreement (the "**Severance Agreement**"), a copy of which is attached hereto as **Exhibit A**, pursuant to which LBI agreed to pay Ms. Colón López severance in the amount of the LBHI Claim.

6. On and shortly after September 15, 2008, the Debtors filed for bankruptcy protection in this Court.

7. On September 19, 2008, the Court entered an order placing LBI in a SIPA

liquidation proceeding.

8. Pursuant to the applicable SIPA statute, claims against LBI were required to be received by the LBI trustee by January 30, 2009, to receive certain protections, and, in any event, no later than June 30, 2009 (the "**LBI Bar Date**").

9. On January 11, 2009, Ms. Colón López submitted a timely electronic claim against LBI based upon the Severance Agreement (the "**LBI Claim**"), confirmation of which is attached hereto as **Exhibit B**.

10. On May 20, 2009, counsel to the LBI trustee sent Ms. Colón López an email confirmation of her LBI Claim, a copy of which is attached hereto as **Exhibit C**, in which the LBI trustee stated that "you will receive further contact in writing by mail when your claim is resolved."

11. On July 2, 2009, the Court entered an order setting September 22, 2009, as the general bar date (the "**LBHI Bar Date**") by which creditors must assert claims against the Debtors.

12. On or about July 8, 2009, Ms. Colón López received a mailing from the Debtors containing (i) the *Notice of Deadlines for Filing Proofs of Claim* against the Debtors (the "**LBHI Bar Date Notice**") and (ii) a "Proof of Claim" form that stated that the Debtors had scheduled Ms. Colón López as the holder of a $98,695.11 unsecured claim.

13. Ms. Colón López reviewed the documents and determined that the Debtors had sent her the Proof of Claim form, which was pre-populated with her claim information, as a receipt with respect to the LBI Claim she had filed in early January 2009, and as evidence that her claim had been properly processed and/or transferred to LBHI. *See Decl. of Elizabeth Colón López* ("**Colón López Declaration**"), attached hereto as **Exhibit D**, at ¶ 5. She

3

believed the "Proof of Claim" form represented *actual proof* of her properly filed claim. *Id*. In addition, she noted that the LBHI Bar Date Notice stated that creditors who had already filed claims against the Debtors were not required to file anything further regarding such claims. *Id*. With what she believed to be evidence of a properly filed claim against "Lehman," Ms. Colón López took no further action at that time.[1] *Id*.

14. On or immediately after the LBHI Bar Date, an ex-Lehman colleague told Ms. Colón López that, although she had timely filed her claim against LBI, she had also filed her claim against the Debtors "just to be careful." *Id*. at ¶ 6. Suddenly concerned that she may have misinterpreted the documents she had received, Ms. Colón López immediately proceeded to file the LBHI Claim via overnight delivery, a copy of which is attached hereto as **Exhibit E**. *Id*. at ¶ 7.

15. In her cover-letter to the Debtors' claims agent that she included with her LBHI Claim, Ms. Colón López stated, in relevant part, that

> . . . this is to inform you that I properly filed my Proof of Claim with the court-approved claims agent, Epiq, in the [LBHI] bankruptcy case. . . . I understand that I therefore need not file another Proof of Claim. However, out of an abundance of caution, I am attaching again the pertinent document submitted with my original Proof of Claim [together with supporting documents] in accordance with the request set forth in the Notice I recently received.

*See* cover letter to LBHI Claim, a copy of which is attached hereto as **Exhibit E**.

16. The Debtors' claims agent processed the LBHI Claim on September 25, 2009, three days after the LBHI Bar Date.

17. On September 13, 2010, almost a year after Ms. Colón López filed the LBHI Claim, the Debtors filed the Objection, in which they seek to have the LBHI Claim

---

[1]   At this point in time, Ms. Colón López was not represented by counsel.

4

expunged as a late-filed claim.

## RESPONSE

**I.  Ms. Colón López's Failure to Timely File the LBHI Claim Was the Result of Excusable Neglect and the LBHI Claim Should be Deemed Timely Filed or Ms. Colón López Should be Permitted to File a Late Claim Against LBHI**

18.  Bankruptcy Rule 9006(B)(1) grants the Court the power to enlarge the time for filing a proof of claim when the failure to timely do so was "the result of excusable neglect." The Supreme Court has interpreted such "excusable neglect" to include "inadvertence, mistake, or carelessness . . . ." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395 (1993). A determination of excusable neglect is, ultimately, an "equitable one" which must "take account of all relevant circumstances surrounding the party's omission." *Id*. *See In re Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010).

19.  The Supreme Court in *Pioneer* established four factors courts should consider when applying the excusable neglect test: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. Courts in the Second Circuit should focus on the third factor, the reason for the delay. *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005).

20.  There is only one reason why Ms. Colón López was three days late in filing the LBHI Claim: she was confused as to whether there was any need to do so. As stated above, Ms. Colón López carefully read each bar date notice as soon as she received it, and used her best efforts to promptly and diligently comply with its terms, as evidenced by the fact that (1) she filed her LBI Claim within days of receiving the LBI Bar Date Notice, and approximately six months before the LBI Bar Date, and (2) she filed her LBHI Claim immediately upon learning of

5

her potential misinterpretation of the LBHI Bar Date Notice. *See Colón López Declaration* at ¶¶ 4-7.

21. There are several reasons why Ms. Colón López thought that she did not need to file a claim against LBHI when she received the LBHI Bar Date Notice. First and foremost, she had already filed a claim in the Lehman case. *Id*. at ¶ 5. Although Ms. Colón López is an intelligent, conscientious woman, she is not an attorney. She simply did not understand that her claim against LBI was not the same as a claim against LBHI. *Id.*

22. When the Debtors sent Ms. Colón López the Proof of Claim form, which she understandably believed to represent confirmation and a receipt of her claim, it further supported her conviction that she did not need to file anything further. *Id*. Although bankruptcy attorneys understand the meaning of a document entitled "Proof of Claim," a non-attorney receiving a form that is pre-populated with information *about a claim that had already been filed* could easily misconstrue such form as being actual proof of her claim, i.e. a receipt from the Debtors.[2] Ms. Colón López thought that the Proof of Claim was the "further contact in writing" she had been expecting based upon the May 20, 2010, email from the LBI trustee. *Id*. Since the Proof of Claim form came from LBHI and not LBI, Ms. Colón López logically assumed that her LBI claim had been processed and/or transferred to LBHI's books, and, consistent with the LBHI Bar Date Notice's directions regarding creditors who had already filed claims, that she did not need to file anything further. *Id*. Put simply, Ms. Colón López experienced "justifiable confusion over the application of the bar date" to her LBHI Claim. *See In re Lehman Bros. Holdings, Inc.*, 433 B.R. at 127.

---

[2] At least one other of the Debtors' creditors experienced similar confusion. *See Resp. of Christopher C. Taylor* to the Objection [Docket No. 11835].

6

23. *Pioneer* factors two (length of delay) and four (good faith of movant) also favor an instant finding of excusable neglect. The LBHI Claim was processed only three days late, which is *de-minimus* in the context of this proceeding as a whole. *See In re Enron*, 419 F.3d at 128; *In re Lehman Bros. Holdings, Inc.*, 433 B.R. at 121. Furthermore, Ms. Colón López's good faith cannot be questioned.

24. Ms. Colón López is fully aware that this Court has already determined that, in the Debtors' cases, the first *Pioneer* factor (prejudice to the debtor) cuts in favor of the Debtors.[3] However, as the Second Circuit Court of Appeals has stated, prejudice to the Debtors is not the pivotal factor in an excusable neglect analysis. *In re Enron Corp.*, 419 F.3d at 121. Rather, a court should focus on the reason for the delay. *Id*. The reason for Ms. Colón López's delay is justifiable confusion. The Objection should be overruled and the LBHI Claim should be deemed timely filed or Ms. Colón López should be permitted to file a late claim against LBHI.

## II. **The LBI Claim Should Be Considered an Informal Proof of Claim That Ms. Colón López Should be Permitted to Amend**

25. Even if the Court determines that the instant facts do not meet the standard of "excusable neglect," the LBI Claim should be considered an "informal proof of claim" against LBHI that Ms. Colón López should be permitted to amend.

---

[3] In its opinion issued on May 20, 2010, the Court denied seven motions seeking permission to file late claims of seven of the Debtors' creditors who had missed the LBHI Bar Date for various reasons. In distinguishing those seven creditors from the two whose motions to file late proofs of claim the Court had granted earlier, the Court stated that "the reasons offered by the Movants demonstrate a lack of care or thoughtful attention to the preparation and filing of their proofs of claim." *Id*. at 127. Each of those creditors had failed to properly "conduct a reasonable amount of diligence." By contrast, the two movants whose motions the Court had granted had "consciously endeavored to comply with the Bar Date Order but were justifiably confused as to the application of the General Bar Date . . . ." *Id*. at 127 n.31. Unlike the seven movants whose motions were denied, and similar to those two movants whose motions were granted, Ms. Colón López was justifiably confused over the application of the LBHI Bar Date to her claim against LBHI.

7

26. A court can consider a claim to be an informal proof of claim where such claim has "(1) been timely filed with the bankruptcy court and ha[s] become part of the judicial record, (2) state[s] the existence and nature of the debt, (3) state[s] the amount of the claim against the estate, and (4) evidence[s] the creditor's intent to hold the debtor liable for the debt." *In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007) (citations omitted); *In re Lehman,* 433 B.R. at 121-22 (same). A filing deemed to be an informal proof of claim can then "become the basis of a timely amended proof of claim." *In re Phillips*, 2007 WL 2241778, *2 (Bankr. S.D. Fla. Aug. 6, 2007). Thus, "[c]ourts may grant relief to a creditor that provides the requisite claim information in a non-standard form, but that relief is limited to documents filed before the expiration of the applicable bar date." *In re Lehman,* 433 B.R. at 122.

27. Here, Ms. Colón López satisfied each of the above four factors by timely filing the LBI Claim. The LBI Claim was filed on January 11, 2009, roughly six months prior to the LBI Bar Date and roughly nine months before the LBHI Bar Date. The first factor is thus satisfied.

28. The second and third factors are also easily satisfied, as the LBI Claim states the nature, existence, and amount of the debt. *See LBI Claim*. And since the LBI Claim is in fact a document evidencing Ms. Colón López 's intent to hold the Debtors' liable on LBHI's severance obligation, the final factor has also been satisfied.[4]

---

[4] Although Ms. Colón López filed the LBI Claim against LBI and not LBHI, the LBI Claim was sufficient to put LBHI on notice of the LBHI Claim and can constitute an informal proof of claim. *See In re Hemingway Transp.*, 954 F.2d 1, 9 (1st Cir. Mass. 1992) (finding that a timely claim filed against the wrong entity in cases being jointly administered can constitute an informal proof of claim); 9-3001 *Collier on Bankruptcy*, P 3001.05 n.37 (same). In any event, LBHI was on actual notice of the LBHI Claim amount, evidenced by the pre-populated Proof of Claim form.

8

29. Taken together, the equities of this case favor overruling the objection and either (i) deeming the LBHI Claim timely filed, (ii) permitting Ms. Colón López to file a late proof of claim against LBHI, or (iii) deeming the LBI Claim an informal proof of claim against LBHI that can be timely amended.

## **NOTICE**

30. Notice of this Response has been given, (i) via hand delivery to the chambers of the Honorable James M. Peck, (ii) via Federal Express and email to counsel for the Debtors, (iii) via Federal Express to the United States Trustee, and (iv) via Federal Express and email to counsel for the official committee of unsecured creditors appointed in the Debtors' cases. Ms. Colón López submits that no other or further notice need be given under the circumstances.

## **CONCLUSION**

WHEREFORE, Elizabeth Colón López respectfully requests that the Court (i) overrule the Objection with respect to the LBHI Claim, (ii) deem the LBHI Claim timely filed, (iii) permit Ms. Colón López to file a late proof of claim against LBHI, (iv) deem the LBI Claim an informal proof of claim and permit Ms. Colón López to amend such claim, and (v) grant such other and further relief as is just and proper under the circumstances.

Dated: October 15, 2010
New York, New York

MCGRAIL & BENSINGER LLP

*/s/* Menachem M. Bensinger_____
Menachem M. Bensinger, Esq. (MB 3467)
676A Ninth Avenue # 211
New York, New York  10036
Telephone:  (718) 434-2676
Facsimile:  (718) 228-7717

*Counsel to Elizabeth Colón López*