BAKER & MCKENZIE LLP
2001 Ross Avenue
2300 Trammell Crow Center
Dallas, Texas 75201
Telephone: (214) 978 3000
Facsimile: (214) 978 3099
David W. Parham (admission *pro hac* pending)
David.Parham@bakermckenzie.com

Attorneys for Cathay United Bank

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                          :    Case No. 08-13555 (JMP)
In re                                                     :
                                                          :    Chapter 11
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :
                                                          :    (Jointly Administered)
                                              Debtors.    :
------------------------------------------------------------------------x

**CATHAY UNITED BANK'S RESPONSE IN OPPOSITION TO
DEBTORS' FORTIETH OMNIBUS OBJECTION
TO CLAIMS (LATE-FILED CLAIMS) AS TO CLAIM NO. 35181
AND MOTION TO HAVE CLAIM NO. 35181 DEEMED TIMELY FILED**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Cathay United Bank ("Cathay"), by and through counsel, and files this its Response in Opposition to Debtors' Fortieth Omnibus Objection to Claims (Late-Filed Claims) as to Claim No. 35181 and Motion to Have Claim No. 35181 Deemed Timely Filed (the "Response"), in response to Debtors' Fortieth Omnibus Objection to Claims (Late-Filed Claims) (the "Objection"). In support hereof, Cathay would respectfully state as follows:

**I.    FACTUAL BACKGROUND**

1.    On September 15, 2008, Lehman Brothers Holdings, Inc. ("LBHI") filed a petition for relief under chapter 11 of the United States Bankruptcy Code in this Court.

**CATHAY UNITED BANK'S RESPONSE IN OPPOSITION TO
DEBTORS' FORTIETH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS) AS TO CLAIM NO. 35181
AND MOTION TO HAVE CLAIM NO. 35181 DEEMED TIMELY FILED – Page 1**
DALDMS/686457.3

Subsequently, several of LBHI's affiliates, including Lehman Brothers Special Financing ("LBSF") (collectively, the "Debtors"), also filed for relief under chapter 11 of the United States Bankruptcy Code in this Court. The Debtors' petitions were consolidated and have been jointly administered as *In re Lehman Brothers Holdings Inc., et al*, Case No. 08-13555-jmp (the "Bankruptcy Case"). A disclosure statement for a plan of reorganization has not yet been approved.

2. Between September 1, 2008 and December 31, 2008, Cathay, a Taiwanese bank, entered into three non-deliverable forward ("NDF") and two spot transactions with LBSF, with Lehman Brothers Inc. acting as agent for LBSF (collectively, the "Transactions"). The Transactions were governed by an ISDA Master Agreement, dated as of August 2, 2007 (the "Master Agreement"). The Master Agreement included a guarantee by LBHI of LBSF's obligations to Cathay.

3. The Transactions were extremely complex and involved multi-step foreign exchange transfers. The Transactions had been executed in accordance with e-mail confirmations with LBSF. The e-mails did not reference LBHI as a guarantor.

4. Pursuant to the Transactions and following netting of all amounts owed, LBSF owed Cathay $179,551.11 (the "Amount Owed").

5. On February 24, 2009 Cathay filed a claim against LBSF related to the Transactions for the Amount Owed. This claim was assigned claim number 3004 ("Claim 3004"). A true and correct copy of Claim 3004 is attached hereto as Exhibit A.

6. On July 2, 2009, this Court issued the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice thereof and Approving the Proof of Claim

08-13555-mg    Doc 12037    Filed 10/15/10    Entered 10/15/10 14:51:27    Main Document
Pg 3 of 11

Form (the "Order").  The Order established September 22, 2009 (the "Bar Date") as the bar date for filing claims against the Debtors.  Under the Order, holders of claims based on a derivative contract or a guarantee were required not just to file a proof of claim by the Bar Date but also to log on to http://www.lehmans-claims.com and complete electronic derivative contract or guarantee questionnaires, as applicable (collectively, the "Questionnaires"), and upload supporting documentation.  The Order established October 22, 2009 (the "Questionnaire Deadline") as the deadline for completing the Questionnaires and uploading supporting information.

7. The Questionnaires sought more detailed information about the claims. Supporting documentation required for claims based on derivative contracts included copies of master agreements, netting agreements, credit support agreements, guarantees, termination notices, and valuation statements.  Supporting documentation required for claims based on guarantees included the specific promise, representation and/or agreement(s) under which the claim arose against the guarantor, and the obligations/performance guaranteed.  If these documents were not available, a claimant based on a guarantee was required to provide a written explanation of the guarantee in reasonable detail.

8. Pursuant to the Order, Cathay amended Claim 3004 and timely resubmitted a claim against LBSF for the Amount Owed using the required proof of claim form on September 21, 2009.  This claim was assigned claim number 22305 ("Claim 22305").  A true and correct copy of Claim 22305 is attached hereto as Exhibit B.

9. Cathay subsequently learned through further review of its records that LBHI guaranteed LBSF's obligations to pay for the Amount Owed.  Upon confirmation of this fact, Cathay acted swiftly and by Friday, September 25, 2009, just three days after the Dar Date, had

**CATHAY UNITED BANK'S RESPONSE IN OPPOSITION TO**
**DEBTORS' FORTIETH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS) AS TO CLAIM NO. 35181**
**AND MOTION TO HAVE CLAIM NO. 35181 DEEMED TIMELY FILED – Page 3**
DALDMS/686457.3

sent Epiq Bankruptcy Solutions, LLC, the Debtors' claims processing agent ("Epiq"), a proof of claim against LBHI for the Amount Owed. The claim against LBHI was in its capacity as guarantor of LBSF's obligations under the Master Agreement. The proof of claim was sent via Federal Express overnight delivery, and was stamped "FILED/RECEIVED September 28, 2009." It was assigned claim number 35181 ("Claim 35181").

10. On October 20, 2009, pursuant to the Order, Cathay timely completed the Questionnaires and uploaded documentation supporting Claims 22305 and 35181.

11. Thereafter, the parties entered into discussions regarding a Termination Agreement which would result in the allowance of Cathay's claims against both LBSF and LBHI in full. Lehman transmitted draft agreements to Cathay, which included the allowance of the claim against LBHI, on December 23, 2009, only two months after the Questionnaire Deadline, and on April 1, 2010, including an execution copy on that date. Cathay was considering execution of the Termination Agreement when on August 31, 2010, Lehman inquired as to its status. On the same day, Lehman sent Cathay a different version of the Termination Agreement which neither included LBHI nor noted that change. However, the draft included the mechanism contained in prior drafts limiting Cathay's recovery against multiple debtors related to the Transactions to the full amount of Cathay's claim related to the Transactions. A copy of the December 23, 2009, April 1, 2010, and August 31, 2010 e-mails received from Lehman transmitting the drafts are attached hereto as Exhibit C.

12. On September 13, 2010, the Debtors filed the Objection. The Objection seeks to disallow and expunge certain claims, including Claim 35181, as having been filed after the Bar Date.

## II.     ARGUMENT AND AUTHORITIES

13.     Cathay opposes the Objection with respect to Claim 35181 and moves to have Claim 35181 deemed timely filed because the four business days delay in filing it was due to excusable neglect.  Alternatively, this Court should deem Claim 35181 timely filed based on the timely filing of Claims 3004 and 22305 as informal proofs of claim against LBHI.

### A.     Excusable Neglect

14.     This Court should find that the prompt filing of Claim 35181 upon discovery of the guarantee and just four business days following the Bar Date constitutes excusable neglect. Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure provides that a court may, at its discretion, allow a late-filed claim "where the failure to act was the result of excusable neglect."

15.     In *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, the United States Supreme Court identified the following factors for determining whether a claimant's failure to comply with the bar date was due to excusable neglect:  (1) the reason for the delay, including whether it was within the reasonable control of the movant; (2) the danger of prejudice to the debtor; (3) the length of the delay and its potential impact on judicial proceedings; and (4) whether the movant acted in good faith.  507 U.S. 308, 395 (1993).  The Supreme Court has interpreted excusable neglect as a flexible standard that could include inadvertence, mistake or carelessness, and intervening circumstances beyond the party's control.  *Id.* at 392.  The determination is an equitable one that must take into account all of the relevant circumstances surrounding the omission.  *Id.* at 395.  In the Second Circuit, the reason for the delay is weighed most heavily, and the courts look specifically at whether the delay was in the reasonable control of the movant.  *In re Lehman Brothers Holdings, Inc.*, 2010 Bankr. LEXIS 1411 at *119-120 (Bankr. S.D.N.Y. May 20, 2010).

Extraordinary Circumstances Resulting in Delay

16. The four business days delay in filing Claim 35181 is particularly defensible given the extremely complex nature of the Transactions, which involved several multi-step foreign exchange transfers. The Transactions had been executed in accordance with e-mail confirmations with LBSF which did not reference LBHI as a guarantor.

17. After determining the Amount Owed, Cathay continued to search for records to support its claim. However, the Master Agreement which contained the guarantee documents was kept in a different department of Cathay, separate from where the day to day e-mail confirmations of the Transactions were kept and from the department where the personnel that were involved with asserting the claim worked. The personnel handling the claim did not believe Cathay had possession of the Master Agreement. However, on the day following the Bar Date Cathay discovered the Master Agreement and determined that LBHI was a guarantor of the Transactions. Upon confirmation, Cathay acted promptly to ensure that a claim was filed against LBHI. Cathay advised its counsel's Taiwan office of the guarantee and the Master Agreement was then forwarded to Cathay's U.S. counsel in order to prepare and file the claim. The proof of claim against LBHI was sent to Epiq via overnight delivery just three days after the Bar Date. Therefore, Cathay performed everything within its reasonable control, and the delay in filing Claim 35181 was clearly justified.

No Prejudice to LBHI

18. Allowing Claim 35181 will not prejudice LBHI. As guarantor under the Master Agreement, LBHI knew of its guarantee of LBSF's obligations. In addition, because Cathay timely filed Claims 3004 and 22305, LBHI was put on notice of Cathay's intent to obtain payment from the Debtors' estates of its $179,551.11 claim based on the NDF and Spot

Transactions. Thus, LBHI should have known Cathay would also file a claim for $179,551.11 based on LBHI's guarantee. Cathay timely filed the Questionnaires, which was, upon information and belief, the time at which the Debtors began analyzing the derivative and guarantee claims. Moreover, to date, over a year after Claim 35181 was filed, the Debtors have yet to have a disclosure statement approved.

19. In addition, LBHI has acknowledged its obligation to pay the Amount Owed. LBHI has been negotiating a settlement with Cathay with respect to the Amount Owed pursuant to the Termination Agreement and in fact had sent Cathay proposed settlement documents only two months after the Questionnaire Deadline.

20. Under all the circumstances, including that LBHI is clearly aware of its obligation to pay Cathay the $179,551.11, and that there is no dispute that the amount is owed, this Court should find that allowing Claim 35181 would not prejudice LBHI.

Four Business Days Delay Has No Impact on Judicial Proceedings

21. The four business days delay in filing Claim 35181 could not have, and will not in any way, impact LBHI's judicial proceedings. The Order required claimants under a derivative contract or guarantee to respond to the Questionnaires and submit documentation supporting their claims by the October 22, 2009 Questionnaire Deadline. The Questionnaires sought additional details relating to the claims.

22. Clearly, therefore, LBHI did not contemplate having the information necessary to process derivative and guarantee claims until after the Questionnaire Deadline. Thus, even if Cathay submitted Claim 35181 by the Bar Date, LBHI still could not have meaningfully determined its merits until after Cathay timely completed the Questionnaires and uploaded the required supporting documentation on October 20, 2009.

23. In addition, Claim 35181 is for only $179,551.11. This amount is insignificant compared to LBHI's assets. Thus allowing Claim 35181 could not possibly have an appreciable effect on LBHI's estate. Moreover, at the time Claim 35181 was filed, the Debtors did not yet have either a disclosure statement or a plan of reorganization on file. Accordingly, Cathay's four business days delay in filing Claim 35181 could not have impacted LBHI's bankruptcy proceedings.

Cathay Acted in Good Faith

24. Cathay at all times acted in good faith with respect to seeking payment of the Amount Owed. Cathay timely filed Claim 3004. To comply with this Court's requirements, Cathay amended Claim 3004 and timely filed Claim 22305. Even after the Bar Date, Cathay continued to diligently research and analyze its records relating to the Transactions to ensure accuracy of the claims it filed. In addition, upon discovery of LBHI's guarantee, Cathay promptly filed Claim 35181. Cathay even used an overnight delivery service to ensure Epiq received Claim 35181 as expeditiously as possible.

25. Cathay's delay in filing Claim 35181 was well-justified under all the circumstances present here. Permitting the filing of Claim 35181 will not prejudice LBHI because as guarantor and one of the Debtors, LBHI should have anticipated the claim and because it was in fact aware of its obligation to pay the $179,551.11, as evidenced by its willingness to enter into the Termination Agreement. In addition, the mere four business days delay in filing Claim 35181 could not have impacted and will not impact LBHI's proceedings since Claim 35181 could not have been processed until Cathay timely submitted the Questionnaires and supporting documents on October 20, 2009. At all times, Cathay has

demonstrated good faith in seeking payment of the Amount Owed. Accordingly, this Court should find that the delay in filing Claim 35181 constitutes excusable neglect.

**Informal Proof of Claim**

26. In the alternative, Claim 35181 should be deemed timely filed because Claims 3004 and 22305 were informal proofs of claim as to LBHI. Courts have established the concept of informal proofs of claim where a creditor evidences intent to state a claim against a bankruptcy estate, but where the filing fails to conform to the technical requirements of a proof of claim. *In re Dana Corp.*, 2008 Bankr. LEXIS 2241 at *6 (Bankr. S.D.N.Y. July 23, 2008). To be considered an informal proof of claim, a document must make a demand upon the estate and express an intent to hold the estate liable. *Id.* Thus, a claim generally arises where the creditor evidences an intent to assert its claim against the debtor. *Id.* at *6-7.

27. In order to qualify as an informal proof of claim, a filing must (1) have been timely filed with the bankruptcy court and have become part of the judicial record; (2) state the existence and nature of the debt; (3) state the amount of the claim against the estate; and (4) evidence the creditor's intent to hold the debtor liable for the debt. *Id.* at *7-8. The minimum requirement for amendment of a proof of claim is that there must be something timely filed with the bankruptcy court capable of being amended before the court will permit a party to file an amended proof of claim. *Id.* at *10.

28. Claims 3004 and 22305 satisfy the four criteria stated above. Cathay timely filed Claims 3304 and 22305 and those claims have become part of the record for the jointly administered Bankruptcy Case.

29. Claims 3004 and 22305 clearly state the existence and nature of the debt. Claim 3004 states that the basis for the claim was "contract" and it even included an addendum and

spreadsheet further outlining and clarifying the nature of the claim. Claim 22305 further clarifies that the claim was based on "NDF and Spot Transactions" and that it was based on a derivative contract. Thus, it was clear that Cathay was seeking to assert its rights and recover damages related to the Transactions.

30. Claims 3004 and 22305 clearly state $179,551.11 as the principal amount sought to be recovered and evidences Cathay's unambiguous intent to hold the Debtors' estates liable for payment. The fact that Cathay diligently amended Claim 3004 and replaced it with Claim 22305 to conform with the Court's prescribed format further supports Cathay's unwavering intent to pursue its claim against the Debtors' estates.

31. By timely submitting Claims 3004 and 22305 and referencing the jointly administered Bankruptcy Case, Cathay effectively put the Debtors, including LBHI, on notice of its intent to seek and obtain payment of $179,551.11 from the Debtors' estates. Further, as guarantor under the Master Agreement, LBHI was well aware of its liability for LBSF's obligations under the Master Agreement. In fact, LBHI knows it is obligated to pay the $179,551.11 as evidenced by the proposed Termination Agreement. Accordingly, this Court should find Claims 3004 and 22305 were informal proofs of claim as to LBHI and deem Claim 35181 timely filed.

## III. CONCLUSION

WHEREFORE Cathay respectfully submits that this Court (1) overrule the Objection as to Claim 35181; (2) find that the delay in filing Claim 35181 was due to excusable neglect and deem Claim 35181 as timely filed, or in the alternative, find that Claim 3004 and Claim 22305 were informal proofs of claim with respect to LBHI; (3) allow Claim 35181 in full; and (4) grant Cathay any and all other relief, at law or in equity, to which it may show itself justly entitled.

Dated: October 15, 2010
      Dallas, Texas

Respectfully submitted,

BAKER & MCKENZIE LLP

By: /s/ David W. Parham
David W. Parham (admission *pro hac* pending)
Baker & McKenzie LLP
2001 Ross Avenue
2300 Trammell Crow Center
Dallas, Texas  75201
Telephone:  (214) 978 3000
Facsimile:  (214) 978 3099
David.Parham@bakermckenzie.com

**ATTORNEYS FOR**
**CATHAY UNITED BANK**