Presentment Date and Time: October 29, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: October 29, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): November 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

```
------------------------------------------------------------x
                                       :
In re                                  :    Chapter 11 Case No.
                                       :
LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                       :
                          Debtors.     :    (Jointly Administered)
                                       :
------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF
## SUPPLEMENTAL APPLICATION OF
## THE DEBTORS PURSUANT TO SECTIONS 327(a)
## AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014
## OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
## FOR AUTHORIZATION TO AMEND THE ENGAGEMENT LETTER
## BETWEEN THE DEBTORS AND LAZARD FRÈRES & CO. LLC AS
## INVESTMENT BANKER TO THE DEBTORS, *NUNC PRO TUNC* TO JUNE 1, 2010

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

supplemental application (the "Supplemental Application") of the Debtors Pursuant to Sections

327(a) and 328(a) of title 11 of the United States Code and Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to amend the engagement

letter between the Debtors and Lazard Frères & Co. LLC as investment banker to the Debtors,

dated October 20, 2008, *nunc pro tunc* to June 1, 2010, all as more fully described in the

Supplemental Application, to the Honorable James M. Peck, United States Bankruptcy Judge, for

approval and signature on **October 29, 2010 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Supplemental

Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local

Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of

the objecting party, the basis for the objection and the specific grounds thereof, shall be filed

with the Bankruptcy Court electronically in accordance with General Order M-242 (which can

be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing

system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with two

hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the

Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601;

(ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn:

Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee

for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York,

10004, Attn: Tracy Hope Davis, Esq., Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian

Masumoto, Esq., and Linda Riffkin, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase

Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured

Creditors appointed in these cases; and (v) Lazard Frères & Co. LLC, 30 Rockefeller Plaza New

York, NY 10020, Attn: Bradley Dunn, **so as to be so filed and received by no later than**

**October 29, 2010 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely

filed and served, a hearing will be held on **November 17, 2010 at 10:00 a.m. (Prevailing**

**Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York,

Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York,

New York 10004-1408.  If an objection is filed the moving and objecting parties are required to

attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  October 15, 2010
       New York, New York

                      /s/ Richard P. Krasnow
                      Richard P. Krasnow
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone:  (212) 310-8000
                      Facsimile:  (212) 310-8007

                      Attorneys for Debtors
                      and Debtors in Possession

Presentment Date and Time: October 29, 2010 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: October 29, 2010 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): November 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                       :

**In re**                                :       **Chapter 11 Case No.**
                                         :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**
                                       :

                  **Debtors.**          :      **(Jointly Administered)**
                                       :

---------------------------------------------------------------x

**SUPPLEMENTAL APPLICATION**
**OF THE DEBTORS PURSUANT TO SECTIONS 327(a)**
**AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO AMEND THE ENGAGEMENT LETTER**
**BETWEEN THE DEBTORS AND LAZARD FRÈRES & CO. LLC AS**
**INVESTMENT BANKER TO THE DEBTORS, *NUNC PRO TUNC* TO JUNE 1, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

           Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), file this supplemental application (the "Supplemental Application") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to amend the engagement letter between Lazard Frères & Co. LLC ("Lazard") and the Debtors, dated October 20, 2008 (the "Engagement Letter" and together with the related indemnification agreement

between the Debtors and Lazard, dated as of September 12, 2008, as modified by the Retention

Order (as defined below) (the "<u>Engagement Agreement</u>")), *nunc pro tunc* to June 1, 2010, and

respectfully represent:

<b><u>Background</u></b>

      1.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "<u>Commencement Date</u>"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11

cases have been consolidated for procedural purposes only and are being jointly administered

pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

      2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "<u>U.S. Trustee</u>") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

      3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("<u>SIPA</u>") with respect to Lehman Brothers Inc.

("<u>LBI</u>"). A trustee appointed under SIPA is administering LBI's estate.

      4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "<u>Examiner</u>") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy

Code on March 11, 2010 [Docket No. 7531].

5.    On April 14, 2010, the Debtors filed a revised joint chapter 11 plan and disclosure statement (the "Disclosure Statement") [Docket Nos. 8330 and 8332].

## Jurisdiction

6.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

7.    Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Supplemental Applications, filed on September 15, 2008 [Docket No. 2].

## Retention of Lazard

9.    On November 13, 2008, the Debtors submitted an application pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure for interim and final Orders authorizing the Debtors to employ and retain Lazard as investment banker to the Debtors *nunc pro tunc* to the Commencement Date (the "Application"), and an affidavit of Barry W. Ridings, dated November 13, 2008 (the "Ridings Affidavit"), in support thereof.  [Docket No. 1513].  On December 17, 2008, the Court entered an order (the "Retention Order") approving the Application and authorizing the Debtors

to employ and retain Lazard pursuant to the terms and conditions of the Engagement Agreement, as modified by the Retention Order. [Docket No. 2275].

10.    On January 30, 2009, the Debtors submitted a supplemental affidavit of Barry W. Ridings ("Supplemental Affidavit") [Docket No. 2689]. On February 2, 2010 the Debtors submitted a second supplemental affidavit of Barry W. Ridings [Docket No. 6992] (the "Second Supplemental Affidavit and together with both the Supplemental Affidavit and Ridings Affidavit, the "Affidavits"). The Second Supplemental Affidavit modified the compensation arrangement between the Debtors and Lazard, as detailed below.

11.    Pursuant to the Engagement Letter,[1] Lazard and the Debtors agreed that in consideration for services rendered, Lazard would receive compensation of $400,000 per month for the 24-month period commencing on October 1, 2008 through September 1, 2010, and $250,000 per month thereafter. As set forth in the Second Supplemental Affidavit, Lazard subsequently agreed to reduce its monthly compensation to $200,000, effective as of December 1, 2009. In addition, Lazard would receive a fee equal to $5 million upon consummation of the Sale Transaction[2] of certain North American assets to Barclays Capital, Inc. (the "Barclays Sale") and an equal fee upon consummation of the sale of Lehman's Investment Management Division (the "IMD Sale").

12.    The Engagement Letter further provides that upon consummation of other potential Sale Transactions, Lazard would be entitled to receive a fee equal to the sum of a

---

[1] This summary is qualified in its entirety by the terms of the Engagement Agreement. To the extent that this summary and the terms of the Engagement Agreement are inconsistent, the terms of the Engagement Agreement shall control. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Engagement Agreement.

[2] Pursuant to the Engagement Letter, the term "Sale Transaction" is defined as any transaction or series of transactions involving an acquisition, purchase, sale, merger, consolidation, exchange, business combination or other transaction pursuant to which all or any portion of the assets voting power, securities or other interests or other obligations of the Debtors or any Debtor entity or business are, directly or indirectly, combined with, transferred or assumed by another entity or group.

percentage of the Aggregate Consideration involved in such transaction and a percentage of the

aggregate amount of any unfunded obligations or commitments, if any, that are reduced,

eliminated or transferred, directly or indirectly, in connection with the transaction, up to a

maximum payment of $1,000,000.

### LAMCO

13.    During these cases, LBHI retained a team of approximately 450

individuals, spread across LBHI's information technology infrastructure and five distinct asset

classes (commercial real estate, residential mortgages, private equity and principal investments,

corporate loans and derivatives) to manage and wind-down the Debtors' assets effectively.

LBHI developed, by necessity, an infrastructure for the management of the Debtors' less liquid

and distressed investments and assets and LBHI's asset management teams further developed the

skills required, and an expertise and knowledge base specifically geared to, the management of

such investments and assets.

14.    The Debtors determined that the capabilities of LBHI's asset management

team were scalable and thus easily transferable to the management of other long-term investment

assets for third parties as well.  In the course of managing and administering such assets, LBHI

built a going-concern asset management business that may be of substantial value, with

capabilities that may endure beyond the administration of these chapter 11 cases, and generate

revenues.  In order to maximize the value of the asset management business, LBHI organized a

new separate but wholly-owned subsidiary to provide management services to the Debtors and,

potentially, to third parties.  LBHI established LAMCO Holdings LLC and subsidiaries to

provide legacy asset management and administration services to the Debtors and, subject to

certain restrictions and approvals, third parties.  By order dated April 15, 2010, the Court

approved the Debtors' transfer to LAMCO Holdings LLC and its subsidiaries of a majority of

LBHI's asset management employees and certain infrastructure. [Docket No. 8372].

15.    As described by the Debtors in their Disclosure Statement, LBHI is

exploring a strategic relationship with a third party with respect to LAMCO, including the

possibility of selling an equity stake in LAMCO to a potential partner, or otherwise entering into

mutually beneficial ventures and arrangements with third parties. At the time the Debtors and

Lazard entered into the Engagement Agreement, the creation of LAMCO and such potential

transactions in connection therewith was not contemplated. The Debtors have determined that it

is in the best interest of the estates to expand the scope of their engagement with Lazard so that

Lazard can assist the Debtors in connection with such potential LAMCO transactions which, if

consummated, would enhance creditor recoveries.

### Relief Requested

16.    Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rule

2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the

Southern District of New York, the Debtors seek to amend the Engagement Letter with respect to

services related to and compensation for a possible Sale Transaction involving primarily all or a

portion of LAMCO, its assets, voting power, securities, or other interests or obligations

(collectively, the "LAMCO Sale"), effective *nunc pro tunc* to June 1, 2010 (as amended, the

"Amended Engagement Letter").

17.    The Debtors and Lazard have agreed, subject to Court approval, to amend

the Engagement Letter to create a separate compensation arrangement with respect to the

services rendered in connection with the possible LAMCO Sale. The Amended Engagement

Letter, attached hereto as <u>Exhibit A</u>, provides,[3] in pertinent part, that the Monthly Fee shall be increased by $150,000 to $350,000 beginning on June 1, 2010 and for each month thereafter in which Lazard provides services in connection with a possible LAMCO Sale. Additionally, upon consummation of a LAMCO Sale, Lazard will receive a fee equal to $1,250,000, which is in lieu of any amounts that would otherwise be payable under the Engagement Letter if the LAMCO Sale was treated as an unspecified potential Sale Transaction. Except to the extent provided in the Amended Engagement Letter, the Engagement Agreement, as modified by the Retention Order, remains in full force and effect.

### Basis for Relief

18.    As detailed in the Application and third supplemental affidavit of Barry W. Ridings, dated October 7, 2010 (the "<u>Third Ridings Affidavit</u>"), a copy of which is attached hereto as <u>Exhibit B</u>, the services necessary to negotiate and consummate the possible LAMCO Sale are extensive, entailing diligence by highly sophisticated potential strategic partners and the facilitation of negotiations between such potential partners and the Debtors' estates, all in the context of a business opportunity that, although potentially very value-enhancing, is unique and unconventional. In many respects, the potential LAMCO Sale is analogous to both the IMD and Barclays Sale, where, because of *inter alia*, the unique and complex nature of the transactions, rather than receive compensation under the existing other potential Sale Transaction provision in the Engagement Agreement, which is based on a formula and capped at $1 million, Lazard was entitled to and received compensation of $5 million upon the consummation of each of these transactions. While a LAMCO Sale would also result in a fixed fee amount, the amount would be a substantially lower amount of $1,250,000.

---

[3] This summary is qualified in its entirety by the terms of the Amended Engagement Letter, to the extent that this summary and the terms of the Amended Engagement Letter are inconsistent, the terms of the Amended Engagement Letter (as the same may be modified by the order approving this Supplemental Application) shall control.

19.    Lazard has worked closely with the Debtors' management and other professionals and has become well acquainted with the Debtors' operations, debt structure, businesses, and related matters. As a result, Lazard has a well-developed knowledge of the Debtors' financial history and business operations and is well suited to provide the Debtors with the investment banking services contemplated by the Amended Engagement Letter. Lazard has already developed significant and relevant experience and expertise regarding the Debtors and have been assisting the Debtors with respect to the potential LAMCO Sale for several months. Accordingly, the Amended Engagement Letter will permit Lazard to continue, without interruption, certain necessary and valuable services to the Debtors and their estates and receive reasonable compensation.

## **Lazard is Disinterested**

20.    The Debtors have been informed that Lazard has not at this time undertaken to repeat its previous conflict check and clearance process with respect to all Interested Parties (as defined in the Ridings Affidavit) in these cases. Based on the disclosures set forth in both the Ridings Affidavit and Supplemental Affidavit, the Debtors submit that Lazard does not hold or represent any interest adverse to the Debtors or the Debtors' estates. The Debtors have also been informed that Lazard will continue to update its conflicts disclosures contained in the Affidavits in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any relevant orders of this Court, and Lazard's past practices and established conflicts procedures relating to chapter 11 proceedings.

## **Notice**

21.    No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Supplemental Application in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) Lazard; and (vii) all parties who have requested notice in these chapter 11 cases.  The

Debtors submit that no other or further notice need be provided.

      22.     Other than the Application, no previous request for the relief sought herein

has been made by the Debtors to this or any other court.

      WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated: October 15, 2010
      New York, New York

              /s/ Richard P. Krasnow
              Richard P. Krasnow
              WEIL, GOTSHAL & MANGES LLP
              767 Fifth Avenue
              New York, New York 10153
              Telephone: (212) 310-8000
              Facsimile: (212) 310-8007

              Attorneys for Debtors
              and Debtors in Possession

<u>**EXHIBIT A**</u>
**(Amended Engagement Letter)**

# LAZARD

BARRY W. RIDINGS
VICE CHAIRMAN OF US
INVESTMENT BANKING

LAZARD FRÈRES & CO. LLC
30 ROCKEFELLER PLAZA
NEW YORK, NY 10020
PHONE 212-632-6896
FAX 212-332-1757
barry.ridings@lazard.com

October 11, 2010

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
45th Floor
New York, New York 10020

Attention:     Bryan Marsal
               **Chief Restructuring Officer**

Dear Ladies and Gentlemen:

Reference is made to the engagement letter between Lazard Frères & Co. LLC
("Lazard") and Lehman Brothers Holdings Inc. ("LBHI"), on behalf of itself and its controlled
subsidiaries (collectively with LBHI, the "Company") dated as of October 20, 2008 (the
"Engagement Letter"), pursuant to which Lazard was engaged as investment banker to the
Company.

We hereby confirm that Lazard is assisting the Company with respect to a possible Sale
Transaction (as that term is defined in the Engagement Letter) involving primarily all or a
portion of LAMCO LLC or its assets, voting power, securities, or other interests or obligations (a
"LAMCO Sale") and, in connection therewith, agree to the following amendments to the
Engagement Letter:

(i)      The following shall be added to the end of clause 2(a) of the Engagement Letter:

         "provided, however, that the Monthly Fee shall be increased by $150,000
         beginning on June 1, 2010 and for each month thereafter in which Lazard
         provides services in connection with a possible LAMCO Sale;"

(ii)     The following shall be added as a new clause 2(b)(iv):

         "(iv) Notwithstanding anything to the contrary in clause (b)(iii) above, and in lieu
         of any amount otherwise payable under clause (b)(iii) above in connection with
         the consummation of a LAMCO Sale, a fee, payable upon consummation of a
         LAMCO Sale, equal to $1,250,000."

PARIS    LONDON    NEW YORK    AMSTERDAM    ATLANTA    BERLIN    BOMBAY    CHICAGO    FRANKFURT    HAMBURG    HONG KONG    HOUSTON
LOS ANGELES    MADRID    MILAN    MONTREAL    NEW DELHI    ROME    SAN FRANCISCO    SEOUL    SINGAPORE    STOCKHOLM    SYDNEY    TOKYO    TORONTO

L A Z A R D

Except to the extent provided above, the Engagement Letter and related indemnification letter, as modified by the order, dated December 17, 2008, authorizing the Company's employment and retention of Lazard as investment banker [Docket No. 2275], remain in full force and effect. If the foregoing correctly sets forth the understanding between us, please so indicate on the enclosed signed copy of this letter in the space provided therefor and return it to us, whereupon this letter shall constitute a binding agreement between us.

Very truly yours,

LAZARD FRERES & CO. LLC

By: _____
     Barry Ridings
     Vice Chairman of US Investment Banking

AGREED TO AND ACCEPTED
as of the date first above written:

LEHMAN BROTHERS HOLDINGS INC. on behalf of itself
and its controlled subsidiaries

By _____

2

**<u>EXHIBIT B</u>**
**(Third Ridings Affidavit)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :    **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                   :    **08-13555 (JMP)**
                                                               :
                                    **Debtors.**               :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**SUPPLEMENTAL AFFIDAVIT OF BARRY W. RIDINGS**
**IN CONNECTION WITH THE EMPLOYMENT AND RETENTION OF**
**LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER TO THE DEBTORS**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

        Barry W. Ridings, being duly sworn according to law, upon his oath, deposes and

says:

        1.       I am a Managing Director and Vice Chairman of Investment Banking of the firm

Lazard Frères & Co. LLC ("Lazard"), which has its principal office at 30 Rockefeller Plaza, New

York, New York 10020. I am authorized to execute this third supplemental affidavit (the "Thid

Supplemental Affidavit") on behalf of Lazard in support of the Application of the Debtors

Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal

Rules of Bankruptcy Procedure for Authorization to Amend the Engagement Letter Between the

Debtors and Lazard Frères & CO. LLC as Investment Banker to the Debtors, *Nunc Pro Tunc* to

June 1, 2010 (the "Application").[1]  Unless otherwise stated in this Third Supplemental Affidavit, I have personal knowledge of the facts set forth herein or have been informed of such matters by professionals of Lazard.

2.      On November 13, 2008, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), filed an application for authorization to employ and retain Lazard as investment banker to the Debtors *nunc pro tunc* to September 15, 2008, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code and rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Retention Application") [Docket No. 1513].

3.      I submitted an affidavit to accompany the Retention Application in accordance with Bankruptcy Rule 2014 (the Ridings Affidavit).  The Ridings Affidavit was supplemented on January 30, 2009 (the "Supplemental Affidavit") [Docket No. 2689] and on February 2, 2010 [Docket No. 6992] (the "Second Supplemental Affidavit and together with both the Supplemental Affidavit and Ridings Affidavit, the "Affidavits").  The Affidavits are herein incorporated by reference.

4.      On December 17, 2008, the United States Bankruptcy Court for the Southern District of New York entered an order approving the Retention Application and the Debtors' employment and retention of Lazard [Docket No. 2275].

5.      Pursuant to the Engagement Letter, Lazard and the Debtors agreed that in consideration for services rendered, Lazard would receive compensation of $400,000 per month for the 24-month period commencing on October 1, 2008 through September 1, 2010, and $250,000 per month thereafter.  As set forth in my Second Supplemental Affidavit, Lazard

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

subsequently agreed to reduce its monthly compensation to $200,000, effective as of December

1, 2009. In addition, Lazard would receive a fee equal to $5 million upon consummation of the

Sale Transaction of certain North American assets to Barclays Capital, Inc. and an equal fee

upon consummation of the sale of Lehman's Investment Management Division.

6.       The Engagement Letter further provides that upon consummation of other

potential Sale Transactions, Lazard would be entitled to receive a fee equal to the sum of a

percentage of the Aggregate Consideration involved in such transaction and a percentage of the

aggregate amount of any unfunded obligations or commitments, if any, that are reduced,

eliminated or transferred, directly or indirectly, in connection with the transaction, up to a

maximum payment of $1,000,000.

7.       The Debtors and Lazard seeks to amend the Engagement Letter effective as of

June 1, 2010, to create a separate compensation arrangement with respect to the services

rendered in connection with the possible LAMCO Sale. The Amended Engagement Letter,

attached to the Application as Exhibit A, provides, in pertinent part, that the Monthly Fee will be

$350,000 beginning on June 1, 2010 and for each month thereafter in which Lazard provides

services in connection with a possible LAMCO Sale. Additionally, upon consummation of a

LAMCO Sale, Lazard will receive a fee equal to $1,250,000, which is in lieu of any amounts that

would otherwise be payable under the Engagement Letter if the LAMCO Sale was treated as an

unspecified potential Sale Transaction.

8.       The services in connection with the possible LAMCO Sale are extensive,

entailing diligence by highly sophisticated potential strategic partners and the facilitation of

negotiations between such potential partners and the Debtors' estates. To that end, Lazard has

worked closely with the Debtors' management and other professionals and has become well acquainted with the Debtors' operations, debt structure, businesses, and related matters. As a result, Lazard has a well-developed knowledge of the Debtors' financial history and business operations and is well suited to provide the Debtors with the investment banking services contemplated by the Amended Engagement Letter. Lazard has already developed significant and relevant experience and expertise regarding the Debtors and have been assisting the Debtors with respect to the potential LAMCO Sale for several months. Accordingly, the Amended Engagement Letter will permit Lazard to continue, without interruption, certain necessary and valuable services to the Debtors and their estates and receive reasonable compensation.

9.      Except to the extent provided in the Amended Engagement Letter, the Engagement Agreement, as modified by the Retention Order, remains in full force and effect.

10.     As set forth in the Retention Application, the Affidavit and the supplemental declarations filed from time to time in connection therewith, to determine, in connection with its retention pursuant to the Retention Application, whether Lazard had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors , Lazard conducted an investigation to determine whether it has had any relationships with the entities contained on the list provided to Lazard by Weil, Gotshal & Manges LLP, the Debtors' general bankruptcy counsel, a copy of which was attached as Schedule 1 to the Affidavit, setting forth certain of the creditors and other parties in interest (collectively, the "Interested Parties") of the Debtors. To the extent that Lazard's investigation of its relationships (if any) with the Interested Parties indicated that Lazard had any such connections, the identities of such Interested Parties were set forth in Schedule 2 to the Ridings Affidavit and in the Supplemental Affidavit.

11.     At this time, the Debtors have not identified any additional parties-in-interest that specifically relate to the LAMCO work described in the Application. To the extent any additional parties are identified, Lazard will investigate its connections, if any, to such additional parties and file any necessary and appropriate supplemental declarations.

12.     Lazard, moreover, has not at this time undertaken to repeat its previous conflict check process with respect to all Interested Parties in these cases. However, Lazard has previously updated its disclosures and will continue to update its conflicts disclosures contained in the Affidavit and the Supplemental Affidavit, including with respect to any subsequently identified parties directly involved with the LAMCO work described in the Application, in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any orders of this Court, and Lazard's past practices and established conflicts procedures relating to chapter 11 proceedings.

I declare under the penalty of perjury that the forgoing is true and correct, to the best of my

knowledge.

LAZARD FRERES & CO. LLC

By: _____

Name:  Barry W. Ridings

Title:   Managing Director and
          Vice Chairman of Investment Banking

Sworn and subscribed to before me, a notary
public for the State of New York, County of
New York this 7th day of *OCTOBER* 2010

_____
Notary Public

HANNA MURNANE
Notary Public, State of New York
No. 01MU4729327
Qualified in Queens County
Commission Expires March 30, 20 14

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                :

In re                            :         **Chapter 11 Case No.**

                                :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :         **08-13555 (JMP)**

                                :

              **Debtors.**         :         **(Jointly Administered)**

                                :

---------------------------------------------------------------x

## ORDER GRANTING SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO AMEND THE ENGAGEMENT LETTER BETWEEN THE DEBTORS AND LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER TO THE DEBTORS, *NUNC PRO TUNC* TO JUNE 1, 2010

Upon the supplemental application, dated October 15, 2010 (the "Supplemental Application"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the Debtors to amend the engagement letter (the "Engagement Letter", and together with the related indemnification agreement between the Debtors and Lazard, dated as of September 12, 2008, the "Engagement Agreement") between Lazard Frères & Co. LLC ("Lazard") and the Debtors, dated October 20, 2008, *nunc pro tunc* to June 1, 2010, all as more fully described in the Supplemental Application; the Court being satisfied, based on the representations made in the Supplemental Application and the Affidavits, that (a) Lazard does not hold or represent an interest adverse to the Debtors' estates, (b) Lazard is a

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Supplemental Application.

"disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and (c) the terms and conditions of the Amended Engagement Letter are reasonable; and the Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Lazard; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Supplemental Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Supplemental Application is approved; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to amend the Engagement Letter on the terms set forth in the

Supplemental Application and this order, effective *nunc pro tunc* to June 1, 2010; and it is further

ORDERED that except to the extent provided in the Amended Engagement Letter, the Engagement Agreement, as modified by the Retention Order, remains in full force and effect; and it is further

ORDERED that Lazard shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: October __, 2010
New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE