Hearing Date and Time: October 20, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :   08-13555 (JMP)
                                                :
                    Debtors.                    :   (Jointly Administered)
                                                :
------------------------------------------------------------------x

**DEBTORS' REPLY TO SUNCAL PARTIES' RESPONSE
TO MOTION OF DEBTORS PURSUANT TO SECTION 363 OF
THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019 FOR AUTHORITY TO ENTER INTO SETTLEMENT
WITH SUNCAL TRUSTEE ON BEHALF OF SUNCAL INVOLUNTARY DEBTORS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), hereby submit their reply ("Reply") to the *SunCal Parties' Response to Motion of Lehman Debtors Pursuant to Section 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for Authority to Enter into Settlement with SunCal Trustee on Behalf of SunCal Involuntary Debtors* (the "Response") [Docket No. 11959] and respectfully represent:

US_ACTIVE:\43530346\02\99910.1205

1. In the Motion,[1] the Debtors seek authority to enter into the SunCal Involuntary Settlement with the SunCal Trustee (on behalf of the SunCal Involuntary Debtors) and consummate the transactions contemplated thereunder pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.  As stated in the Motion, the SunCal Involuntary Settlement is to be reflected and effectuated in the Joint Plan proposed in the SunCal Involuntary Debtor Cases by the SunCal Trustee.[2]  In their Response, SCC Acquisitions Inc., SunCal Management LLC and the SunCal Voluntary Debtors (collectively, the "SunCal Parties") express their concerns that the SunCal Trustee cannot compromise or release the claims of the SunCal Involuntary Debtors without first seeking relief from the California Bankruptcy Court, nor effectuate such a compromise unless the Joint Plan is confirmed pursuant to section 1129 of the Bankruptcy Code. Consummation of the SunCal Involuntary Settlement is contingent upon, among other things, the SunCal Trustee obtaining approval from the California Bankruptcy Court.  Given that the SunCal Involuntary Settlement is to be reflected and effectuated in the Joint Plan, it is **self-evident and undisputed** by the Debtors that the Joint Plan must by confirmed by the California Bankruptcy Court pursuant to section 1129 of the Bankruptcy Code.

2. The SunCal Parties indicate in the Response that they have no objection to the Motion to the extent the relief sought by the Debtors falls within the above parameters.  (*See* Response, p. 2.)  Accordingly, the SunCal Parties should have no objection to the Motion and the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the *Motion of the Debtors Pursuant to Section 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for Authority to Enter into Settlement with SunCal Trustee on Behalf of SunCal Involuntary Debtors* (the "Motion") [Docket No. 11688].

[2] On September 30, 2010, the SunCal Trustee and the Lehman Creditors filed the Joint Plan and the disclosure statement in support thereof (the "Joint Plan Disclosure Statement") with the California Bankruptcy Court.  Copies of the Joint Plan and the Joint Plan Disclosure Statement are attached to the *Notice of Joint Plan in Connection with Motion of the Debtors Pursuant to Section 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for Authority to Enter into Settlement With SunCal Trustee on Behalf of SunCal Involuntary Debtors,* dated October 4, 2010 [Docket No. 11779], as Exhibit A and Exhibit B, respectively.

proposed form of order approving the Motion attached thereto (the "Proposed Order"). Nevertheless, in the interest of addressing the concerns expressed by the SunCal Parties, the Debtors have revised the final decretal paragraph of the Proposed Order to incorporate the following additional language: "nothing contained in this Order is intended to reduce the jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the Central District of California in the chapter 11 cases of the SunCal Debtors." A copy of the revised Proposed Order, marked against the Proposed Order as originally filed by the Debtors, is attached hereto as Exhibit A.

3. For the foregoing reasons and those set forth in the Motion, the Debtors respectfully request that the Court approve the Motion and grant the relief requested herein and such other and further relief as is just.

Dated: October 18, 2010
      Houston, Texas

                    /s/Alfredo R. Pérez
                    Alfredo R. Pérez

                    WEIL, GOTSHAL & MANGES LLP
                    700 Louisiana Street, Suite 1600
                    Houston, Texas 77027
                    Telephone:  (713) 546-5000
                    Facsimile:  (713) 224-9511

                    Attorneys for Debtors
                    and Debtors in Possession

**Exhibit A**

US_ACTIVE:\43530346\02\99910.1205

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                     :

In re                                                :      Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :      08-13555 (JMP)

                    Debtors.                  :      (Jointly Administered)

-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING THE DEBTORS TO ENTER INTO SETTLEMENT WITH SUNCAL TRUSTEE ON BEHALF OF SUNCAL INVOLUNTARY DEBTORS

Upon the motion (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order authorizing the Debtors to enter into a settlement (the "SunCal Involuntary Settlement") with the SunCal Trustee, on behalf of the SunCal Involuntary Debtors, and consummate the transactions contemplated thereunder, all as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion.

the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the SunCal Trustee; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are duly authorized, but not directed, to (i) enter into the SunCal Involuntary Settlement and consummate all of the transactions contemplated thereunder and under the Joint Plan, as described in the Motion; (ii) execute and deliver such documents, instruments, certificates agreements and to take such other actions as may be reasonably necessary to consummate the transactions contemplated under the SunCal Involuntary Settlement, and (iii) consent to any amendment, restatement, waiver, supplement or other modification of any of the documents contemplated under the SunCal Involuntary Settlement, it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of (x) any further court proceedings or approval or (y) any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that the Debtors are authorized, but not directed, to make all payments contemplated under the SunCal Involuntary Settlement and the Joint Plan, as described in the Motion, including the Lehman Plan Funding, subject to the terms of the Joint Plan; *provided*, *however*, that to the extent the amount of the Lehman Plan Funding exceeds $45 million, the Debtors will consult with the Creditors' Committee prior to determining whether to consummate the Joint Plan; and it is further

ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LCPI, LBHI, or any other Lehman entity that is party to the SunCal Involuntary Settlement, that such Lehman entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties, and the Debtors are hereby authorized and directed to execute such further documents to evidence such reservations; and it is further

ORDERED that nothing contained in the SunCal Involuntary Settlement or in the Motion shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI or any Lehman Creditor, that such entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties; and it is further

ORDERED that any and all pre- and post-petition claims, rights and obligations that the Debtors may have against each other in connection with the subject matter of the Motion or the transactions contemplated by the SunCal Involuntary Settlement are hereby fully preserved and shall not be prejudiced by the entry of this Order; and it is further

ORDERED that the allocation of costs and benefits between or among the Debtors and non-Debtor affiliates in connection with the SunCal Involuntary Settlement is preserved; and it is further

ORDERED that the SunCal Involuntary Settlement may be modified, amended or supplemented by the proponents thereof without further order of the Court, and any agreements, documents or other instruments related to the SunCal Involuntary Settlement, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, in consultation with the Creditors' Committee and without further order of the Court, *provided* that, in each case, any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.: *provided, however,* that nothing contained in this Order is intended to reduce the jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the Central District of California in the chapter 11 cases of the SunCal Debtors.

Dated:  October __, 2010
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE