LEROY SMITH, State Bar No. 107702
County Counsel, County of Ventura
JOHN E. POLICH, State Bar No. 179295
Assistant County Counsel
800 South Victoria Avenue, L/C #1830
Ventura, California 93009-1830
Telephone:   (805) 654-2592
Facsimile:    (805) 654-2185
E-mail:         john.polich@ventura.org

Attorneys for Creditor Ventura County
Treasurer-Tax Collector

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHERS HOLDINGS INC., et al.,

Debtors.

Case No. 08-13555 (JMP)

**OBJECTION OF CREDITOR VENTURA COUNTY TREASURER-TAX COLLECTOR TO DEBTORS' FORTIETH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

Chapter 11

(Jointly Administered)

Hearing Date:    10/27/10
Time:                10:00 a.m. (E.D.T.)
Response Due:   10/18/10
Time:                4:00 p.m. (E.D.T.)

# I

# INTRODUCTION

1. Debtors Lehman Brothers Holdings Inc., et al. ("Lehman"), have filed a Fortieth Omnibus Objection to Claims (Late-Filed Claims) ("Objection") requesting, among other things, an order disallowing in full the claim of Creditor Ventura County Treasurer-Tax Collector ("Ventura County") for delinquent business property taxes. The basis for the Objection is that the claim was filed after September 22, 2009, the bar date for claims filed in this matter. Ventura County opposes the Objection on the grounds that

///

1

**Objection of Creditor Ventura County Treasurer-Tax Collector**

it did not receive timely notice of the bar date, and therefore the late filing of its claim should be excused.

## II
## THE OBJECTION SHOULD BE DENIED BECAUSE VENTURA COUNTY DID NOT RECEIVE TIMELY NOTICE OF THE BAR DATE

2. The Federal Rules of Bankruptcy Procedure require that a creditor be given "notice by mail" of, among other things, the "time fixed for filing proof of claims." (Fed. Rules Bankr. Proc., rule 2002(a)(7).) The bankruptcy courts, including those in the Southern District of New York, have ruled that notice of the claim bar date is an essential element of due process. (E.g., *In re Waterman Steamship Corp.* (Bankr. S.D.N.Y. 1993) 157 B.R. 220, 221 ("*Waterman Steamship*").) Absent adequate notice, a creditor is not bound by the plan of reorganization, and its claim is not dischargeable. (*Ibid.*; see also *In re Turning Point Lounge, Ltd.* (Bankr. W.D.N.Y. 1990) 111 B.R. 44, 47.) Creditors with "reasonably ascertainable names and addresses" are entitled to actual, as opposed to published, notice. (*Waterman Steamship*, 157 B.R. at p. 221.)

3. Ventura County never received actual notice of the September 22, 2009, bar date. As explained in the declaration of Mary Barnes, attached hereto as Exhibit A (hereafter, "Barnes Decl."), the Ventura County Treasurer-Tax Collector's Office did not receive a copy of the Notice of Deadlines For Filing Proofs of Claim ("Notice") that was apparently mailed to some creditors in July 2009. (Barnes Decl., ¶ 5.) The Treasurer-Tax Collector's staff does not routinely monitor the newspapers in which the Notice was published and therefore did not become aware of the bar date from the publication. (Barnes Decl., ¶ 6.)

4. Ventura County did not become aware of the bar date until November 2009, when Ms. Barnes accessed the Notice on the website of the court-appointed claims agent. (Barnes Decl., ¶ 7.) Upon further investigation, Ms. Barnes discovered that Ventura County was not included on the mailing list of creditors who were sent copies of the

2

Objection of Creditor Ventura County Treasurer-Tax Collector

Notice. (Barnes Decl., ¶ 7.) Ms. Barnes promptly filed a Proof of Claim with the court on November 5, 2009. (Barnes Decl., ¶ 8.) The Proof of Claim included a copy of the mailing list of creditors, as well as a cover letter explaining that the Proof of Claim was filed after the bar date because Ventura County did not receive notice of the bar date.

5. Ventura County is a local government agency in California. Lehman, with minimal diligence, could easily have obtained an address and contact information for the Treasurer-Tax Collector's Office. Under the circumstances, Ventura County was entitled to actual notice of the bar date pursuant to Federal Rules of Bankruptcy Procedure, rule 2002.

## III
## RESERVATION OF RIGHTS

6. Ventura County reserves its rights to amend, modify or supplement this opposition.

## IV
## CONCLUSION

7. The Court should deny the Objection for the reasons stated above.

## V
## ADDITIONAL INFORMATION

8. Address to which Lehman must send any reply to this opposition:

> John E. Polich
> Assistant County Counsel
> Office of the County Counsel
> 800 South Victoria Avenue, L/C #1830
> Ventura, California 93009
> Telephone No.: (805) 654-2592
> Facsimile No.: (805) 654-2185

9. Person possessing ultimate authority to reconcile, settle or otherwise resolve the claim on behalf of Ventura County:

> Chief Deputy Tax Collector
> 800 South Victoria Avenue, L/C #1290
> Ventura, California 93009

Telephone: Please contact through the attorney above at (805) 654-2592.

3

Objection of Creditor Ventura County Treasurer-Tax Collector

1    10. Claim 65230 (Business Personal Property Tax): Lehman Brothers Holdings Inc., Parcel Number 000-03-480-45/003, located in Camarillo, California, assessed at $33,900. Lehman seeks to reduce the tax claim to zero. (Barnes Decl., ¶ 3.)

LEROY SMITH
County Counsel, County of Ventura

Dated: 10/15/10    By *[signature]* John Polich
JOHN E. POLICH
Assistant County Counsel

Attorneys for Treasurer-Tax Collector

**Objection of Creditor Ventura County Treasurer-Tax Collector**