Hearing Date: October 20, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
:
In re:                                          :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
:
Debtors.                                :    (Jointly Administered)
:
----------------------------------------------------------------- X

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF THE MOTION OF THE DEBTORS PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE
OF BANKRUPTCY PROCEDURE 9019 FOR AUTHORITY TO ENTER
INTO SETTLEMENT WITH SUNCAL TRUSTEE ON BEHALF OF
SUNCAL INVOLUNTARY DEBTORS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the "Debtors"), hereby files this statement in support of the Debtors' motion, dated September 29, 2010 [Docket No. 11688] (the "Motion"), pursuant to section 363 of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure for authority to enter into a settlement (the "Settlement") with the trustee (the "SunCal Trustee") appointed for certain affiliates of SCC Acquisitions Inc., whose involuntary chapter 11 cases are being jointly administered in the United States Bankruptcy

Court for the Central District of California (the "<u>SunCal Bankruptcy Cases</u>").[1] In support of the Motion, the Committee respectfully states as follows:

## STATEMENT

1. The Committee supports the relief requested in the Motion because, as set forth in the Motion, the Settlement (i) is in the best interest of the Debtors' estates; and (ii) satisfies the standards applicable to settlements under Bankruptcy Rule 9019. The Settlement will result in a consensual resolution of several outstanding issues in the SunCal Bankruptcy Cases, including the partial dismissal of the Adversary Proceeding, and will give the Debtors control of the Projects. Moreover, the Debtors will retain the right to opt out of the Settlement in the event the aggregate amount of allowed Reliance Claims and General Unsecured Claims in the SunCal Bankruptcy Cases exceeds $30 million or the aggregate amount required from the Debtors to fund a plan in the SunCal Bankruptcy Cases exceeds $45 million.

2. Over the course of the past several months, the Committee's advisors have visited each of the Projects, participated in hearings before the California Bankruptcy Court, and independently evaluated the merits of the claims asserted in the Adversary Proceeding. Based upon this diligence, the Committee is fully aware that the risks associated with the Settlement are not insignificant: it is possible that the Settlement will never be consummated in its current form because not only do a number of issues remain to be resolved in the Involuntary Cases, but, as set forth in the Motion, nothing at all has been resolved with respect to the voluntary cases.

3. Nevertheless, in the Committee's view, if the Settlement is consummated (either in its current or a modified form), the rewards will outweigh the risks. Based upon their independent evaluation of the Projects, their knowledge of California real estate development

---

[1] All capitalized terms not defined herein shall have the meanings attributed in the Motion.

2

trends, and their familiarity with other material factors at play, the Committee's financial advisors have concluded that the potential economic benefits to the Debtors' estates made available by the Settlement exceed, by a significant multiple, the amount of the proposed Lehman Plan Funding. Approval of the Settlement is a necessary first step in a chapter 11 process for the SunCal Involuntary Debtors that, the Committee believes, will ultimately serve to maximize recoveries for the Debtors and their creditors.

## CONCLUSION

For the foregoing reasons, as well as all the others set forth in the Motion, the Committee respectfully requests that the Court (i) grant the relief requested in the Motion; and (ii) grant the Committee and the Debtors such other relief as is just.

Dated: New York, New York
October 18, 2010

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By:    /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

1 Chase Manhattan Plaza
New York, New York 10005

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

3