WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**OMNIBUS REPLY IN SUPPORT OF DEBTORS' MOTION TO**
**STAY AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned

chapter 11 cases, as debtors in possession (the "Debtors"), file this reply to the objections

interposed to the Debtors' motion, dated September 15, 2010, to stay avoidance actions and grant

certain related relief [Docket No. 11389] (the "Motion")[1] and respectfully represent:

**Reply**

        1.      It cannot be credibly disputed that a stay applicable to the 58 currently

pending Avoidance Actions and many additional, currently tolled, actions is a far-better alternative

than immediate, expensive and time-consuming litigation of such claims.  The proposed Stay,

coupled with efforts to resolve the underlying disputes through alternatives to litigation, will

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

provide the parties an opportunity to achieve consensual resolutions of the Avoidance Actions and

to minimize – and potentially eliminate – the costs and burdens to all parties of litigation.  In

connection with affirmative claims of the Debtors and claims against the Debtors, the Court has

already recognized the benefits of alternative dispute resolution.  All rights of Avoidance Action

Defendants and the Debtors are fully preserved in the event that the parties cannot agree to resolve

their disputes, including through dismissal of an Avoidance Action where appropriate.  The

authority to issue the Stay cannot be disputed.

2.      The merits of and authority for the Stay have been accepted by virtually all

of the 445 currently named Avoidance Action Defendants and all other parties in interest in these

cases, including the Creditors' Committee.  Only 8 objections to the Motion were interposed (the

"Objections").[2]  The Objections are without merit.  They fail to acknowledge the full extent of

applicable precedent and rely instead on cases that are wholly inapposite.  The Objections also

misconstrue the intent and extent of the Stay.  They contain unsubstantiated accusations and woes

of exaggerated burdens.  A number of objections allege concerns that the Stay is "indefinite"

notwithstanding the fact that *any* Avoidance Action Defendant can move at *any* time to lift the

Stay for cause shown.  Certain objectors request that the Motion should be denied unless the

objectors receive full releases from liability or waivers of interest on the Debtors' claims.

3.      For the reasons set forth in the Motion and herein, the Court should grant

the Motion and issue the Stay.  A revised form of order and blackline reflecting the changes made

are annexed hereto as Exhibits A and B, respectively.

---

[2] Objections were filed by only one of the Debtors' prepetition vendors (Docket No. 11916), two
parties that were interpleader defendants in a previously-pending adversary proceeding (Docket
Nos. 11932 and 11965), and five parties and their affiliates that are parties to prepetition
derivatives contracts with the Debtors (Docket Nos. 11946, 11957, 11960, 11962, 11964).

## The Stay is Authorized and Supported by Precedent

4.      The Stay is authorized and well supported in large bankruptcy cases.

Certain objectors, nonetheless, argue that the Stay should be denied in its entirety. *See, e.g.*,

Objection of U.S. Bank National Association, as Indenture Trustee and/or Owner Trustee ("U.S.

Bank"), at 1-12 [Docket No. 11964]; Objection of The Nebraska Investment Finance Authority, at

8-11 [Docket No. 11960]; Opposition of Interface Cable Assemblies and Service Corporation

[Docket No. 11916]. The cases cited in support of the Objections to deny the Stay are inapposite.

For example, U.S. Bank cites to a number of non-bankruptcy cases in support of its argument. *See*

U.S. Bank Objection at 4-5 (*citing Export-Import Bank of the United States v. Hi-Films S.A. de

C.V.*, No. 09-3573, 2010 WL 3743826 (S.D.N.Y. Sept. 24, 2010); *Consol. Edison Co. v. United

States*, 30 F. Supp. 2d 385 (S.D.N.Y. 1998); *Waltzer v. Conner*, No. 83-8806, 1985 WL 2522

(S.D.N.Y. Sept. 12, 1985)). Each of the cases is distinguishable. None involved a stay of multiple

proceedings in the interest of judicial economy, such as the many actions commenced in the

context of these extraordinary bankruptcy cases; rather, they involve singular disputes between

mostly two, and in some cases a few, parties. They did not involve or consider the impact of

litigating with more than 450 defendants before one Court. More significantly, all involved a

*defendant's* request to stay the plaintiff's prosecution of its claims.

5.      In *Export-Import*, the court stated, "[C]ourts generally give weight to a

plaintiff's strong interest in proceeding with its litigation." 2010 WL 3743826, at *12. In

contrast, the Debtors are seeking to temporarily stay the prosecution of their claims in the interest

of pursuing potential resolution and for judicial economy. The cases cited by U.S. Bank did not

consider the interests of judicial economy in evaluating the need for a stay. In fact, in

*Consolidated Edison*, the court cited "judicial economy" as a reason for rejecting the defendant's

request for a stay where the defendant requested a stay of a consolidated proceeding to allow 19

separate proceedings to proceed instead.  30 F. Supp. 2d at 389.  U.S. Bank's reference to *Waltzer*,

in support of the proposition that conservation of financial resources is not an adequate reason for

requesting a stay, is misplaced.  In *Waltzer*, the *defendant* in the action requested the stay and

cited, as its only basis for the stay, that it would have to expend financial resources to defend the

litigation.  *Id.* at *1.  On that basis alone, the court denied the stay.  The proposed justifications for

the proposed Stay are entirely different.  The Debtors have not proposed the Stay only to conserve

financial resources.  Rather, the Debtors' goal is to minimize the burdens on all parties, including

the Court, from litigation as further due diligence is conducted and resolution of claims is pursued.

   6. Certain objectors argue that the Stay should be limited in duration to four or

six months after the date of commencement of the Avoidance Action.  *See* Limited Objection of

Deutsche Bank Trust Company Americas, *et al*, ¶ 9 [Docket No. 11957]; U.S. Bank Objection, at

12.  In support of their arguments, these objectors cite primarily to *In re Delphi Corp.* where the

Court issued an initial seven-and-a-half-month stay of avoidance actions.  The Objections fail to

appreciate, however, that the stay of activity in the *Delphi* adversary proceedings ran from the date

of service of a summons and complaint.  Similar to the Debtors in these cases, the debtors in

*Delphi* requested an initial extension of time for service of summons and complaints.  The Court

in *Delphi* granted three additional extensions for service, totaling more than 17 months, effectively

extending the stay of activity in the adversary proceedings for such time.  *See In re Delphi Corp.*,

Case No 05-44481 (RDD) (Bankr. S.D.N.Y.) [Docket No. 9105] (granting initial extension of 7.5

months through March 31, 2008); [Docket No. 13277] (granting additional extension of

approximately 2 months through May 31, 2008); [Docket No. 13484] (granting additional

extension of up to 7 months through the later of 30 days after substantial consummation of plan or

December 31, 2008); [Docket No. 18999] (granting additional extension through 180 days after consummation of the plan).[3] The Court's decisions in *Delphi* clearly support the Debtors' request for relief.

       7.     Certain objectors argue that the Stay somehow allows the Debtors to circumvent the purpose of the statute of limitations. The argument misconceives the fundamental purposes of a statute of limitations, i.e., to avoid the uncertainty of potential prospective litigation. *Mikinberg v. Baltic Steamship Co.*, 988 F.2d 327, 330 (2d Cir. 1993) ("A statute of limitations lends certainty and finality to *prospective* litigation.")(emphasis added) (*citing United States v. Kubrick*, 444 U.S. 111, 117 (1979) (The purpose of a statute of limitations "is to encourage the prompt presentation of claims.")). "Finality" is the "very principle . . . for which statutes of limitations are maintained." *Novella v. Empire State Carpenters Pension Fund*, No. 05-2079, 2009 WL 812271 (S.D.N.Y. Mar. 26, 2009) (*quoting Miele v. Pension Plan of N.Y. State Teamsters Conference Pension & Retirement Fund*, 72 F.Supp.2d 88, 100 (E.D.N.Y. 1999)). The "legislatively declared policies of finality and repose" underlie statutes of limitations. *Global Crossing Ltd. v. Alta Partners Holdings LDC (In re Global Crossing Ltd.)*, 385 B.R. 52, 85 n.116 (Bankr. S.D.N.Y. 2008) (citations omitted). The Avoidance Action have been timely commenced by the Debtors and the Avoidance Action Defendants have been put on notice of the Debtors' claims. The Avoidance Action Defendants are free to attempt to marshal their defenses. The Stay does not toll the statute of limitations period. Thus, the goals of finality and certainty of potential prospective litigation provided by a statute of limitations period have not been circumvented.

       8.     It is not the Debtors' intention to ignore the asserted claims during the Stay period. The Debtors intend to engage the Avoidance Action Defendants in negotiations, and if

---

[3] Copies of the referenced *Delphi* orders are attached at <u>Exhibit C</u>.

possible, pursue alternative forms of dispute resolution while the Stay is pending.  The Debtors are

preserving relevant information on all of the Avoidance Actions.  The Avoidance Action

Defendants are on notice of the Debtors' claims and should, likewise, preserve relevant evidence.

The Stay does not prohibit the Avoidance Action Defendants from informally investigating the

facts or from exchanging information with the Debtors.  The purpose of the Stay is simply to

avoid needless litigation costs and expenses and provide a period to evoke potential resolution of

claims.  If Avoidance Action Defendants believe that the Stay is prejudicial to their defenses, they

may move to modify the Stay as the Debtors may also so.

### The Objections Lack Merit and Should be Overruled

9.    The Debtors set forth below their responses to the remaining arguments

raised in specific Objections.

<u>U.S. Bank</u>

10.    U.S. Bank objects to the Stay in its entirety and alleges unsubstantiated and

exaggerated harms that *may* be caused by virtue of the Stay.  *See* U.S. Bank Objection at 1.  First,

U.S. Bank argues that the Stay should not be issued because certain Avoidance Actions involve

issues similar to those relating to the *LBSF v. BNY Corp. Trust. Serv.* adversary proceeding (the

"<u>BNY Litigation</u>").  U.S. Bank reasons that the Stay should not be issued while "a substantive and

important matter of law is being decided in another proceeding."  *Id.* at 1, 6-7.  The BNY

Litigation has been proceeding for almost 18 months.  U.S. Bank is aware of the claims in that

litigation and that the Debtors believe they have similar claims in other transactions where U.S.

Bank acts as trustee.  The Debtors have made numerous attempts to engage U.S. Bank in the

Derivatives ADR Procedures, or otherwise try to resolve disputed transactions for which U.S.

Bank serves as trustee, only to be met with U.S. Bank's answer that it has "no authority" to

compromise such claims.  If anything, the Debtors hope that now that U.S. Bank has been sued, it

will engage in meaningful discussions with the Debtors while the Stay is in place.  In any event,

the posture of the BNY Litigation – and any potential overlap of issues associated with U.S. Bank

transactions – is unchanged by the filing of the Avoidance Actions.  The BNY Litigation will

proceed regardless of the Avoidance Actions.  The Debtors intend to deal with all of the claims

asserted in the Avoidance Actions, which include the voidable transfer claims that are not

currently included in the BNY Litigation, and resolve such claims in the best, efficient and least

costly manner.

        11.     U.S. Bank also argues that the Stay will delay distributions to its

noteholders that have not been paid for two years because of the Debtors' assertion that the assets

to be distributed by U.S. Bank are property of the Debtors' estates and subject to the automatic

stay.  But U. S. Bank fails to appreciate that the Debtors, likewise, have not been paid what they

are owed under these same transactions for the same period of time.  In fact, U.S. Bank's alleged

harm extends not from the Debtors' request to stay the Avoidance Actions, but rather from the

automatic stay pursuant to section 362 of the Bankruptcy Code.  If U.S. Bank's argument is

accepted, then every party subject to the automatic stay would have cause for modification of the

automatic stay.  U.S. Bank has had every opportunity to address these issues with the Debtors but

declined to do so.  The Debtors were compelled to commence the Avoidance Actions, but U.S.

Bank can still engage in meaningful discussions with the Debtors and advance resolution of the

Debtors' claims if it so chooses.

        12.     U.S. Bank also argues (a) that the Stay may make it difficult to track down

the recipients of any alleged transfers, U.S. Bank Objection at 9; and (b) that the Stay may make it

difficult to obtain discovery from third-parties, U.S. Bank Objection at 10-11.  These arguments

misunderstand the Stay.  First, the only action that involves recipients of any alleged transfers is

the defendant class Avoidance Action (Adversary Case No. 10-03547). The remaining Avoidance Actions in which U.S. Bank is named as a defendant do not involve distributions of assets to third-parties. The Debtors have moved for expedited discovery in the defendant class action proceeding to investigate and determine the identity of parties that received distributions of assets that may belong to the Debtors. The Debtors have also agreed to a protocol for sharing information with U.S. Bank. Accordingly, this aspect of the objection is moot.

13.    Similarly, U.S. Bank's complained "harm" that its claims against third-parties could be prejudiced is hypothetical. U.S. Bank Objection at 10. U.S. Bank has failed to show that it holds claims against third-parties or why those claims would be comprised by the Stay. Further, under New York law, claims for contribution or reimbursement against third-parties do not accrue until the liability has been fixed. *See McDermott v. City of New York*, 50 N.Y.2d 211 (1980); *Bay Ridge Air Rights, Inc. v. State of New York*, 44 N.Y.2d 49 (1978) (cause of action accrues upon payment of a judgment by the plaintiff seeking the contribution or indemnification). Similarly, an action for indemnification is considered to be an action for either express or implied contractual rights and thus, is governed by the six-year statute of limitations under the N.Y. C.P.L.R. 213(2) (governing actions based on contractual obligations). *McDermott*, 50 N.Y.2d at 216-17. This rule applies even when the underlying claim for which indemnification or contribution is sought is based in tort. *Id.* at 218. Accordingly, U.S. Bank's vague allegations of possible harms do not suffice to deny the Stay. And if any of these issues ever do become a reality, U.S. Bank may seek modification of the Stay for cause.

14.    Finally, U.S. Bank argues that if the Stay is issued, it should be absolved of any direct liability to the Debtors for wrongful acts that U.S. Bank may have committed in distributing assets that may have belonged to the Debtors. *See* U.S. Bank Objection at 12. There

is no basis to require the Debtors to waive such claims or any basis for the Court to issue a ruling

on substantive claims in the issue in the context of determining whether the Stay is appropriate.

<u>NIFA</u>

15.       NIFA's objection should be overruled for the same reasons that U.S. Bank's

should be.  NIFA has filed a laundry list of entirely baseless objections.  Specifically, NIFA

objects on the grounds that the Debtors failed to comply with the Case Management Order, the

requested relief in the Motion is "fundamentally unfair," and core allegations in the avoidance

action against NIFA (the "<u>NIFA Action</u>") rely on information that must be obtained from a former

employee of the Debtors.  NIFA maintains that, in the event the Court grants the Stay, it will be

"unfairly prejudiced" unless the Court simultaneously provides NIFA with certain "protections."

NIFA has also requested a ruling that mediation of all claims in the NIFA Action proceed

immediately; that if mediation is not successful (apparently, as determined solely by NIFA), the

Stay will be lifted without further order; that, at any time, NIFA may request that the Court lift the

Stay (a right that NIFA already has under the Debtors' proposed order); that the Stay will toll any

deadlines or legal bars; and that the Stay will not preclude NIFA from commencing its own

adversary proceeding against the Debtors or a third-party relating to the NIFA Action or the

related transactions.  Finally, NIFA's request that payment of interest on the early termination

payment NIFA owes to the Debtors be stayed.  NIFA's objection should be overruled.

16.       Pursuant to the Court's Derivatives ADR Procedures, which NIFA

opposed,[4] Lehman Brothers Financial Products Inc. ("<u>LBFP</u>") served an ADR Notice on NIFA on

June 24, 2010.  NIFA served an ADR Response on July 23, 2010, to which LBFP replied on

---

[4] NIFA opposed the Derivative ADR Procedures and demanded that it be carved out under the guise that it is a "government entity."  See NIFA Objection [Docket No. 4561] filed on July 31, 2009 and Debtors' Omnibus Responses at ¶ 27, n.7 [Docket No. 4903] filed on August 24, 2009.

August 9, 2010.  Shortly thereafter, LBFP learned of additional facts, including a voidable

fraudulent transfer of LBFP's valuable interest in property that materially impacts the valuation of

the early termination amount owed LBFP.  In an effort to preserve its legal rights and to continue

to move forward with efforts at alternative dispute resolution, LBFP offered NIFA the opportunity

to enter into a tolling agreement, which would have obviated LBFP's need to bring any avoidance

causes of action prior to the statue of limitations.  NIFA, however, declined LBFP's offer.  Faced

with the pending statute of limitations, LBFP filed the Adversary on October 4, 2010.  The

following day, LBFP served an Amended ADR Notice on NIFA to include allegations relating to

the avoidance causes of action (consistent with NIFA's demand in paragraph 26(a) of its

objection) to demonstrate its good faith intent to continue the dispute resolution process, including

mediation, under the schedule set forth under the ADR Order.  The parties have since agreed to an

amended ADR pleading schedule, and, should the parties not resolve their dispute independently,

they will proceed with mediation.  Thus, there is simply no need for any modification of the

proposed Stay to require mediation of *all* issues asserted in the Avoidance Action complaint

against NIFA because the parties are proceeding towards mediation on such issues pursuant to the

Derivatives ADR Procedures.

       17.     Notwithstanding the fact that NIFA has filed an 11-page objection to the

Motion that includes 6 proposed modifications to the Stay, NIFA contends that it has not been

provided with sufficient notice of the Motion to properly evaluate the Stay.  NIFA was properly

served with the Motion in accordance with the Case Management Order.  Paragraph 29 of the

Case Management Order provides "Except as provided with respect to Pleadings requesting relief

pursuant to Bankruptcy Rules 2002(a)-(b), Pleadings filed *in* adversary proceedings or the

Presentment Procedures, Pleadings shall not be considered unless filed, noticed and served in

accordance with the Second Amended Procedures at least fourteen (14) calendar days before the

applicable hearing date" or fifteen (15) calendar days if served by overnight delivery.  NIFA was

served with a copy of the Motion and notice of hearing, a blacklined schedule of Avoidance

Actions to the proposed order granting the Stay, which reflected the NIFA Avoidance Action, and

a courtesy copy of the complaint, on October 5, 2010 by overnight mail.  *See* Affidavit of Service

of Pete Caris [Docket No. 11868].

18.    NIFA contends that the Debtors were required to follow paragraph 24 of the

Case Management Order and should have agreed to a separate briefing schedule for the Motion

with NIFA (and, by implication, every single one of the Avoidance Action Defendants).  NIFA

misunderstands the Case Management Order and fails to recognize the absurdity of its request.  If

NIFA is correct, the Debtors were required to agree to a briefing schedule with each of the 445

Avoidance Action Defendants and the Court would need to schedule a separate hearing for every

single Avoidance Action Defendant.  Paragraph 24 is obviously intended to address time-

consuming motions in adversary proceedings, such as motions to dismiss and motions for

summary judgment, so as to minimize the burden on the Court on omnibus hearing days.  And in

any event, there has been no prejudice to NIFA.  Indeed, NIFA's request to adjourn the Motion

totally contradicts the argument that NIFA is prejudiced by the Stay because interest will accrue

on its claims.

19.    NIFA also contends that payment of interest on the early termination

payment should be stayed from and after the filing date of the NIFA Action.  NIFA makes this

demand notwithstanding that (i) the Debtors first contested NIFA's valuation on terminated

derivatives transactions over 20 months ago and have been actively pursuing termination

payments (with interest) from NIFA since such time, (ii) the parties are engaged in mediation, and

(iii) the Debtors requested, on multiple occasions, a tolling agreement from NIFA to allow the mediation to continue uninterrupted, which NIFA summarily rejected

20.    NIFA owes LBFP default interest pursuant to the terms their underlying agreement, which interest continues to accrue until the date of payment in full.  Interest, particularly default interest, is especially important because, without it, counterparties like NIFA have little incentive to pay amounts owed under derivatives contracts like the one at issue in the NIFA Action.  Here, unaffected by the Stay, NIFA had, and continues to have, the opportunity to pay what it owes LBFP, but so far it has elected not to do so.  The filing of the Avoidance Action and proposed Stay have zero effect on the default interest NIFA owes, which interest continues to accrue.  NIFA's list of requests should, therefore, be denied and its objections overruled in their entirety.

BNP Paribas, London Branch

21.    BNP Paribus, London Branch ("BNP") and Natixis Financial Products LLC ("Natixis") are parties, together with Lehman Brothers Special Financing Inc. ("LBSF"), to an interpleader action commenced in this Court by Bank of America, N.A., as indenture trustee, on August 4, 2010 (Adversary Proceeding No. 10-03489) (the "Interpleader Action").  On September 14, 2010, LBSF filed a counterclaim against the other parties to the action asserting avoidance and *ipso facto* causes of action similar to those raised in the BNY Litigation.

22.    BNP objected to the Motion due to the apparent misunderstanding that LBSF intended to Stay only its interpleader claim and not the entire Interpleader Action.  Natixis filed a joinder to the BNP objection at Docket No. 11965.  LBSF agrees with BNP Paribas, and indeed proposed, that the entire Interpleader Action should be stayed to allow a complete

resolution of the issues raised therein.  Accordingly, the BNP and Natixis objections should be overruled.

Wherefore, the Objections to the Motion should be overruled and the Debtors granted such other and further relief as is just.

Dated: October 18, 2010
        New York, New York

                                    /s/ Harvey R. Miller_____
                                    Harvey R. Miller
                                    Shai Y. Waisman

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York  10153
                                    Telephone:  (212) 310-8000
                                    Facsimile:  (212) 310-8007

                                    Attorneys for the Debtors and Debtors in
                                    Possession

## Exhibit A

**(Revised Proposed Order – Blackline)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                                  :
In re                                             :     Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,            :     08-13555 (JMP)
                                                  :
                Debtors.                          :     (Jointly Administered)
                                                  :
_____     :
----------------------------------------------------------------x
```

### ORDER STAYING AVOIDANCE ACTIONS AND GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

Upon the motion, dated September 15, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedures, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to stay each of the adversary proceedings identified on Exhibit A hereto and any other avoidance actions that may be commenced by the Debtors under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code (collectively, the "Avoidance Actions") and to grant certain related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered June 17, 2010 governing case management and administrative procedures [Docket

No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and

(vii) each of the known and identified defendants to the Avoidance Actions or their agents or

representatives (the "<u>Avoidance Action Defendants</u>"), and it appearing that no other or further

notice need be provided; and objections to the Motion and the relief requested therein having

been interposed (the "Objections"); and a reply to the Objections having been filed by the

Debtors; and a hearing having been held to consider the relief requested in the Motion; and the

Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtors, their estates and creditors, and all parties in interest and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Objections are overruled; and it is further

ORDERED that the Motion is granted; and it is further

ORDERED that all Avoidance Actions are hereby stayed such that (i) all

applicable deadlines (other than those related to completion of service) are indefinitely

suspended, (ii) all discovery and pre-trial conferences shall not be conducted, and (iii) all motion

practice and contested hearings or trials are prohibited; *provided, however*, that during the

effectiveness of such stay, the Debtors may (a) amend the Avoidance Action complaints, (b)

employ the Derivative ADR Procedures or other procedures to attempt to consensually resolve their disputes, (c) enter into settlements of the Avoidance Actions, (d) complete service of the Avoidance Action complaints, (e) seek discovery for the purpose of assisting the Debtors in completing service of the Avoidance Action complaints, and (f) dismiss an Avoidance Action in accordance with Bankruptcy Rule 7041 (the "Stay"); and it is further

ORDERED that during the effectiveness of the Stay, no Avoidance Action Defendant shall be required to respond to, or otherwise answer, an Avoidance Action complaint and all rights of the Debtors and the Avoidance Action Defendants, including to move to dismiss an Avoidance Action on any basis, are fully preserved; and it is further

ORDERED that the Debtors shall file a "notice of stay" on the docket of each of the Avoidance Actions; and it is further

ORDERED that the Debtors shall have until 180 days from the filing of each Avoidance Action complaint to complete service on each of the Avoidance Action Defendants to such Avoidance Action without prejudice to the Debtors' ability to request further extensions; and it is further

ORDERED that the Stay of an Avoidance Action may be lifted by (i) the Debtors (after consultation with the Creditors' Committee) or by such other party that is authorized by the Court to prosecute the Avoidance Action on behalf of the Debtors upon the filing and service of a notice on the applicable Avoidance Action Defendant(s) indicating the Debtors' an intention to prosecute such Avoidance Action, or (ii) the Court for good cause shown upon an application by an Avoidance Action Defendant and after notice and a hearing with an opportunity to respond by the Debtors and the Creditors' Committee; and it is further

ORDERED that the date of service of the Debtors' notice of intention to prosecute an Avoidance Action or the date of the Court's order modifying the Stay over an Avoidance Action shall govern the parties' deadlines to respond to the applicable Avoidance Action complaint; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**(Revised Proposed Order – Clean)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------------x

### ORDER STAYING AVOIDANCE ACTIONS AND GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

Upon the motion, dated September 15, 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together, the "Debtors"), pursuant to section 105(a) of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil

Procedures, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), to stay each of the adversary proceedings

identified on Exhibit A hereto and any other avoidance actions that may be commenced by the

Debtors under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code

(collectively, the "Avoidance Actions") and to grant certain related relief, all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered June 17, 2010 governing case management and administrative procedures [Docket

No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and

(vii) each of the known and identified defendants to the Avoidance Actions or their agents or

representatives (the "Avoidance Action Defendants"), and it appearing that no other or further

notice need be provided; and objections to the Motion and the relief requested therein having

been interposed (the "Objections"); and a reply to the Objections having been filed by the

Debtors; and a hearing having been held to consider the relief requested in the Motion; and the

Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtors, their estates and creditors, and all parties in interest and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Objections are overruled; and it is further

ORDERED that the Motion is granted; and it is further

ORDERED that all Avoidance Actions are hereby stayed such that (i) all

applicable deadlines (other than those related to completion of service) are indefinitely

suspended, (ii) all discovery and pre-trial conferences shall not be conducted, and (iii) all motion

practice and contested hearings or trials are prohibited; *provided, however*, that during the

effectiveness of such stay, the Debtors may (a) amend the Avoidance Action complaints, (b)

employ the Derivative ADR Procedures or other procedures to attempt to consensually resolve

their disputes, (c) enter into settlements of the Avoidance Actions, (d) complete service of the

Avoidance Action complaints, (e) seek discovery for the purpose of assisting the Debtors in

completing service of the Avoidance Action complaints, and (f) dismiss an Avoidance Action in

accordance with Bankruptcy Rule 7041 (the "Stay"); and it is further

      ORDERED that during the effectiveness of the Stay, no Avoidance Action

Defendant shall be required to respond to, or otherwise answer, an Avoidance Action complaint

and all rights of the Debtors and the Avoidance Action Defendants, including to move to dismiss

an Avoidance Action on any basis, are fully preserved; and it is further

      ORDERED that the Debtors shall file a "notice of stay" on the docket of each of

the Avoidance Actions; and it is further

      ORDERED that the Debtors shall have until 180 days from the filing of each

Avoidance Action complaint to complete service on each of the Avoidance Action Defendants to

such Avoidance Action without prejudice to the Debtors' ability to request further extensions;

and it is further

      ORDERED that the Stay of an Avoidance Action may be lifted by (i) the Debtors

(after consultation with the Creditors' Committee) or by such other party that is authorized by

the Court to prosecute the Avoidance Action on behalf of the Debtors upon the filing and service

of a notice on the applicable Avoidance Action Defendant(s) indicating an intention to prosecute

such Avoidance Action, or (ii) the Court for good cause shown upon an application by an

Avoidance Action Defendant and after notice and a hearing with an opportunity to respond by

the Debtors and the Creditors' Committee; and it is further

ORDERED that the date of service of the notice of intention to prosecute an

Avoidance Action or the date of the Court's order modifying the Stay over an Avoidance Action

shall govern the parties' deadlines to respond to the applicable Avoidance Action complaint; and

it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: _____, 2010
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit C

**(Delphi Orders)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
        In re                     :        Chapter 11
                                        :
DELPHI CORPORATION, <u>et al.</u>,   :        Case No. 05-44481 (RDD)
                                        :
               Debtors.   :        (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2),
AND 546(a) AND FED. R. BANKR. P. 7004, 9006(c), AND 9018
(i) AUTHORIZING DEBTORS TO ENTER INTO STIPULATIONS
TOLLING STATUTE OF LIMITATIONS WITH RESPECT TO CERTAIN
CLAIMS, (ii) AUTHORIZING PROCEDURES TO IDENTIFY CAUSES OF
ACTION THAT SHOULD BE PRESERVED, AND (iii) ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS INCLUDING THOSE
<u>COMMENCED BY DEBTORS UNDER 11 U.S.C. § 541, 544, 545, 547, 548, OR 553</u>

("PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER")

        Upon the motion, dated August 6, 2007 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order")  under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Federal

Rule of Bankruptcy Procedure 7004, 7016(b), 9006, and 9018 (i) authorizing the Debtors

to enter into stipulations tolling the statute of limitations with respect to certain claims,

(ii) authorizing procedures to identify causes of action that should be preserved, and

(iii) establishing procedures for certain Adversary Proceedings[1] commenced by the

Debtors under 11 U.S.C. § 541, 544, 545, 547, 548, or 553; and upon the record of the

hearing held on the Motion; and this Court having determined that the relief requested in

the Motion is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest; and it appearing that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and after due deliberation thereon;

and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.        The Motion is GRANTED.

2.        The filing and service procedures set forth under the Bankruptcy

Rules, the Local Rules, and any orders of this Court in these chapter 11 cases are modified

or waived, as the case may be, as provided herein with respect to the Adversary

Proceedings.

3.        Scope Of The Procedures.  The procedures established by this Order

apply to each Adversary Proceeding that the Debtors identify to the Clerk of the Court as

being subject to these procedures.

4.        Approval Of Tolling Agreements.  The Debtors are hereby

authorized to enter into stipulations, substantially in the form attached hereto as Exhibit 1,

tolling the statute of limitations with respect to claims described in the Motion for the

tolling period described in the Motion.  Each Debtor is deemed to have entered into such a

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

stipulation with other Debtors and affiliated non-Debtor entities either controlled by the

Debtors or that had actual notice of this Motion.

5.      <u>Procedures To Identify Causes Of Action And Abandonment</u>

<u>Authority</u>.  The procedures set forth in the Motion to identify causes of action that should

be preserved are approved.  The Debtors are authorized, without the need for any further

order or any further notice under Bankruptcy Rule 6007(a), to abandon those causes of

action or categories of causes of action that the Debtors propose in the Motion to abandon.

Subject to the procedures set forth in the Motion, the Debtors are further authorized to

abandon without further notice causes of action falling within the additional categories of

causes of action identified in the Motion and which they determine should not be pursued,

without the need for any further order or any further notice under Bankruptcy Rule 6007(a)

with the exception of the notice and opportunity for a hearing provided in the next

sentence.  The Debtors may abandon such additional causes of action after giving 10 days'

notice thereof to the Statutory Committees; if a Statutory Committee objects within 10

days after service of the notice, the Debtors may bring the matter before this Court for a

ruling on whether the proposed abandonment satisfies section 554(a) of the Bankruptcy

Code.  Notwithstanding any such abandonment, the Debtors fully reserve and preserve all

of their rights under section 502(d) of the Bankruptcy Code.

6.      <u>Scope Of Fraudulent Transfer Review</u>.  For purposes of identifying

and preserving potential fraudulent transfer claims, the Debtors need only review the

following categories of transactions: merger and acquisition deals at or exceeding

$20 million, transfers to Delphi's board of directors or strategy board members other than

for compensation or ordinary-course expense reimbursement (if any), unusual securities transactions (if any), dividend distributions to 5% shareholders, and Delphi's "financially troubled supplier" program.

       7.    <u>Filing Of Complaints Under Seal</u>. The Clerk of Court is directed to accept for filing, under seal, paper copies of the complaint in each Adversary Proceeding that the Debtors inform the Clerk is subject to these procedures. The Debtors may also file under seal any amended complaint in the Adversary Proceeding for so long as the Adversary Proceeding remains stayed in accordance with paragraph 9 below. Absent further order of the Court or termination of the stay in accordance with paragraph 9 below, the case docket for any such Adversary Proceeding shall not disclose the identity of any defendant in the Adversary Proceeding and shall not disclose the complaint or any amended complaint in the Adversary Proceeding. The Debtors shall coordinate with the Clerk of Court to accomplish an efficient and cost-effective filing of the complaints and amended complaints contemplated by this order. The Debtors shall submit to the Clerk, under seal, appropriate electronic media containing PDF copies of the complaints and amended complaints. This order shall not preclude the Debtors, in their sole discretion, from making a copy of a complaint or amended complaint available to parties; <u>provided</u> that the Debtors maintain an internal record that they, and not the Clerk, made the complaint or amended complaint available. The Debtors and GM shall have leave to file, under seal, a stipulation acceptable to the Statutory Committees that contains tolling provisions, consistent with this order, and other agreements of the parties with respect to the sealed complaint involving GM, which stipulation shall be deemed "so ordered" and

shall be sealed in accordance with the terms of this order.  The complaint and any amended complaint filed in an Adversary Proceeding shall remain under seal until the stay terminates in accordance with paragraph 9 below.

8.    Extension of the Time for Service Under Federal Rule of Civil Procedure 4(m).  The Debtors shall have until March 31, 2008 to serve each defendant in the Adversary Proceedings with summons and complaint, without prejudice to seek further extensions.

9.    Stay Of Adversary Proceedings.  All activity in the Adversary Proceedings denominated by the Debtors as subject to these procedures shall be stayed until the earlier of (i) the Debtors' service of a summons and complaint on the defendant in any Adversary Proceeding and (ii) further order of this Court after application therefor. Notwithstanding the stay, the Debtors may amend their complaint during the stay.  Also, during the stay, the Debtors may dismiss any Adversary Proceeding after 10 days' notice to counsel to the Statutory Committees.  If a Statutory Committee objects within 10 days after service of the notice of dismissal, the Debtors may bring the matter before this Court for a ruling on whether the proposed dismissal satisfies section 554(a) of the Bankruptcy Code.

10.    Deferral Of Issuance Of Summons.  The Clerk of Court is directed not to issue summons in any Adversary Proceeding denominated by the Debtors as subject to these procedures until either the stay is lifted with respect to such Adversary Proceeding or the Debtors request the Clerk of Court to issue a summons.

11.      <u>Service Of Order With Summons And Complaint</u>.  The Debtors

must serve a copy of this order upon each defendant in any Adversary Proceeding either

when the Debtors serve a summons and complaint on the defendant or as soon thereafter as

practicable.

12.      <u>Additional Procedures</u>.  This Order is without prejudice to the

Debtors' seeking additional procedures to govern the Adversary Proceedings.

13.      This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

14.      The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: August 16, 2007
       New York, New York


_____/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                           :

In re                                :           Chapter 11
                                           :

DELPHI CORPORATION, <u>et al.</u>,       :           Case No. 05-44481 (RDD)
                                         :

                   Debtors.     :           (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
<u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

("EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE ORDER")

                Upon the unopposed motion, dated February 28, 2008 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal

Rule of Civil Procedure 4(m) to extend the deadline to serve process for Adversary

Proceedings[1] commenced in connection with the Preservation Of Estate Claims Procedures

Order[2] (Docket No. 9105); and upon the record of the hearing held on the Motion; and this

Court having determined that the relief requested in the Motion is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given, and it appearing that the notice

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

of the presentment of this order has been given in accordance with this Court's direction and Local Rule 9074-1 to the parties in the adversary proceeding that is subject to the Preservation of Estate Claims Procedures Order and listed on Exhibit 7.24 of the Debtors' Plan, and it appearing that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.       The Motion is GRANTED.

2.       Paragraph 8 of the Preservation Of Estate Claims Procedures Order is hereby modified so that the time under Federal Rule of Civil Procedure 4(m) by which the Debtors must serve a defendant in the Adversary Proceedings with a summons and complaint is further extended to May 31, 2008, without prejudice to the Debtors' right to seek further extensions.  The Debtors shall serve a copy of this order upon each defendant in any Adversary Proceeding either when the Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable.  All other provisions of the Preservation Of Estate Claims Procedures Order shall remain in effect.

3.       This order shall be deemed entered in each of the Adversary Proceedings.

4.       The Debtors shall file a copy of this order in each of the Adversary Proceedings.

5.       This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

---

[2]    The Adversary Proceedings are listed by adversary proceeding number on Exhibit A attached hereto.

6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       March 28, 2008

                    ____/s/ Robert D. Drain_____
                         UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
      In re                           :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                  Debtors.          :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE ORDER")

              Upon the motion, dated April 10, 2008 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under

Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal Rule of Civil

Procedure 4(m) to extend the deadline to serve process for Adversary Proceedings[1]

commenced in connection with the Preservation Of Estate Claims Procedures Order[2]

(Docket No. 9105), which deadline was previously extended to May 31, 2008 pursuant to

the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m)

To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on Exhibit A attached hereto.

Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the "First Deadline

Extension Order"); and upon the record of the hearing held on the Motion; and this Court

having determined that the relief requested in the Motion as granted herein is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given, and it appearing

that no other or further notice is necessary; and after due deliberation thereon; and good

and sufficient cause appearing therefor, it is hereby

                    ORDERED, ADJUDGED, AND DECREED THAT:

         1.       The Motion is GRANTED as provided herein.

         2.       Paragraph 8 of the Preservation Of Estate Claims Procedures Order,

as previously modified by First Deadline Extension Order, is hereby further modified so

that the time under Federal Rule of Civil Procedure 4(m) by which the Debtors must serve

a defendant in the Adversary Proceedings with a summons and complaint is further

extended until 30 days after the later of substantial consummation of the Plan or any

modified chapter 11 plan for the Debtors and December 31, 2008; without prejudice,

however, to the Debtors' right to seek further extensions and without prejudice to the right

of each of Laneko Engineering Co., Wachovia Bank, National Association, and Laneko

Engineering Co. Inc. to seek a shortening of the deadline.  The Debtors shall serve a copy

of this order upon each defendant in any Adversary Proceeding either when the Debtors

serve a summons and complaint on such defendant or as soon thereafter as practicable.  All

other provisions of the Preservation Of Estate Claims Procedures Order shall remain in

effect.

                                        2

3.      This order shall be deemed entered in each of the Adversary Proceedings.

4.      The Debtors shall file a copy of this order in each of the Adversary Proceedings.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      April 30, 2008

_____
          /s/ Robert D. Drain
        UNITED STATES BANKRUPTCY JUDGE

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
     In re                          :          Chapter 11
                                    :
DELPHI CORPORATION, <u>et al.</u>,        :          Case No. 05-44481 (RDD)
                                    :
              Debtors.          :          (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
<u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE ORDER")

          Upon the supplemental motion, dated October 2, 2009 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal

Rule of Civil Procedure 4(m) to extend the deadline to serve process for Adversary

Proceedings[1] commenced in connection with the Preservation Of Estate Claims Procedures

Order[2] (Docket No. 9105), which deadline was previously extended to May 31, 2008

pursuant to the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R.

Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on <u>Exhibit A</u> attached hereto.

Connection With Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the "First Deadline Extension Order") and further extended to 30 days after substantial consummation of the Confirmed Plan or any modified plan pursuant to the Motion Pursuant to Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order (Docket No. 13361) (the "Postconfirmation Extension Motion"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion as granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given, and it appearing that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Paragraph 8 of the Preservation Of Estate Claims Procedures Order, as previously modified by the First Deadline Extension Order and the Postconfirmation Extension Motion, is hereby further modified so that the time under Federal Rule of Civil Procedure 4(m) by which the Debtors must serve a defendant in the Adversary Proceedings with a summons and complaint is further extended until 180 days after substantial consummation of the Modified Plan, without prejudice, however, to the Debtors' right to seek further extensions and without prejudice to the right of each of Laneko Engineering Co., Wachovia Bank, National Association, and Laneko Engineering Co. Inc. to seek a

2

shortening of the deadline.  The Debtors shall serve a copy of this order upon each

defendant in any Adversary Proceeding either when the Debtors serve a summons and

complaint on such defendant or as soon thereafter as practicable.  All other provisions of

the Preservation Of Estate Claims Procedures Order shall remain in effect.

3.    This order shall be deemed entered in each of the Adversary

Proceedings.

4.    The Debtors shall file a copy of this order in each of the Adversary

Proceedings.

5.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

Dated: New York, New York
       October 22, 2009


_____/s/Robert D. Drain_____
       UNITED STATES BANKRUPTCY JUDGE