UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

In re:

LEHMAN BROTHERS HOLDING INC. et al,

Debtors.

Chapter 11 Case No.
08-13555 (JMP)
(Jointly Administered)

------------------------------------------------------------------------- x

MEMORANDUM OF LAW
IN SUPPORT OF CREDITOR CHAUNY S.A's OPPOSITION
TO DEBTOR'S FORTIETH OMNIBUS OBJECTION TO CLAIMS

Gleason & Koatz, LLP
122 East 42nd Street
New York, New York 10168
(212) 986-1544
jgleason@gleasonkoatz.com
Attorneys for Chauny, S.A.

## STATEMENT OF FACTS

Chauny S.A. ("Chauny"") is a Uruguayan corporation that timely filed its Notice of Claim (the "Claim") with Epiq Bankruptcy Solutions, LLC, ("Epiq") the court-appointed claims agent in the Lehman Brothers Holdings Inc case before this Court (Declaration of Miguel Mario Rosental, ¶¶ 1-11).

Debtor's objection to the Claim is grounded in its belief that it (as claim number #34873) was filed two days after the September 24, 2009 Bar Date.

Debtor is mistaken because Epiq assigned a second claim number (#34873) to Chauny, when in fact Chauny filed its Claim on January 16, 2009. (Id. ¶ 5).

Epiq assigned claim number 01110 to Chauny on January 19, 2009. (Id. ¶ 6).

Thus, there is no doubt that Chauny timely filed its Claim and did so well before the Bar Date.

## LEGAL ARGUMENT

Bankruptcy Court is perfectly poised to wield its equitable powers to right an administrative wrong. *In re Crazy Eddie Securities Litigation*, 906 F.Supp. 840, E.D.N.Y.,1995 ("The determination of whether to allow the participation of late claimants in a class action settlement is essentially an equitable decision within the discretion of the court" – "Proofs of claim in federal securities fraud class action settlement, filed after extended deadline

2

but prior to final deadline, in which excuse for late filing was that claimant was on vacation or away for short period of time around filing deadline would be disallowed unless explanation indicated that claimant was away for extended period of time); *In re Black & Geddes, Inc.*, 58 B.R. 547, S.D.N.Y.,1983 ("It is well established that the bankruptcy court has power to allow the amendment of a defectively filed proof of claim, even after expiration of the statutory filing period").

Yet another factor to consider is that, should Chauny's claim be disallowed or expunged, other creditors would receive a windfall to which they were not entitled on the merits. *In re Kulick*, 85 B.R. 680, E.D.N.Y.,1988 ("Bankruptcy Court is bound to consider certain equities when deciding whether to categorize a late claim as an amendment. Remanding the *Miss Glamour Coat* case to the Bankruptcy Court for further findings, Judge Lowe set forth the following five factors for the Bankruptcy Court to consider: (i) whether the bankrupt creditors relied upon the earlier proofs of claim or whether they had reason to know that the subsequent proofs of claim would follow; (ii) whether the other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing the amendment; (iii) whether the late filer intentionally or negligently delayed in finding the proof of claim; (iv) whether the justification, if any, for the failure to file for a time extension for the submission of further proofs of claim; and (v) whether or not

3

there are any other considerations which should be taken into account in assuring a just and equitable result").

Even if Chauny had filed its Claim late (Chauny filed timely), the Court can exercise equitable powers to relieve the consequences of late filing. *Miller v. Austin*, 72 B.R. 893, S.D.N.Y.,1987 ("the bankruptcy court specifically … noted the absence of any evidence that [claimant] had purposely delayed filing a claim to avail herself of an [advantage] and … emphasized that [claimant] possessed a 'concededly meritorious' claim relating to property that was 'rightfully hers' …").

Federal Rule of Bankruptcy Procedure 9006(b)(1) allows a bankruptcy court to permit a late filing, including the filing of proofs of claim, if the failure to comply with an earlier deadline "was the result of excusable neglect." *See* Fed. R. Bankr.P. 9006(b)(1).

The Court must engage in an equitable consideration of all relevant circumstances surrounding the failure in order to determine whether the failure to file timely proofs of claim was due to excusable neglect. *See Weiner v. Passeretti ( In re Eeleasco, Inc.)*, 219 B.R. 649, 652 (N.D.N.Y.1998) *(Kahn, D.J.)* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). When determining excusable neglect, the Court must consider: (1) the danger of prejudice to Debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of claimant; and (4)

4

whether claimant acted in good faith.. *In re Brunswick Baptist Church,* Not Reported in F.Supp.2d, 2007 WL 160749, N.D.N.Y.,2007.

Here, of course, the seeming failure to timely file was not caused by excusable neglect of Chauny but by the excusable neglect of Epiq.

In this case, Debtor has not alleged in its Fortieth Omnibus Objection, nor do we believe it could, that it would suffer unreasonable prejudice were Chauny's claim to be allowed. Chauny's claim is bona fide. No surprise will befall Debtor by allowing Chauny's claim. Chauny acted in good faith in following the procedures established by Epiq.

Analysis of the cases shows that the Court should annul the clerical mistake made by Epiq and affirm that Chauny did in fact file the Claim in a timely fashion.

Dated: October 18, 2010
         New York, New York


Gleason & Koatz, LLP

By:    /s/ *John P. Gleason*
         John P. Gleason

122 East 42nd Street
New York, New York 10168
(212) 986-1544
jgleason@gleasonkoatz.com
Attorneys for Chauny, S.A.

5