Robin E. Keller
Christopher R. Bryant
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone:  (212) 918-3000
Facsimile:  (212) 918-3100

      and

Craig H. Ulman
Khang V. Tran
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910

*Attorneys for Pearl Assurance Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF MOTION OF PEARL ASSURANCE LIMITED
TO DEEM PROOFS OF CLAIM TO BE TIMELY FILED**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Pearl Assurance Limited f/k/a Pearl Assurance plc ("Pearl"), pursuant to section 105 of title 11 of the United States Code and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order deeming two claims filed by Pearl with respect to

certain securities issued by affiliates of Lehman Brothers Holdings Inc. ("LBHI") and guaranteed by LBHI to be timely filed, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 10, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to the Chambers of the Honorable James M. Peck, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, Courtroom 601, One Bowling Green, New York, New York 10004); and shall be served upon: (i) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq., attorneys for the Debtors; (ii) the Office of the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq., attorneys for the Creditors' Committee; and (iv) Hogan Lovells US LLP, 875 Third Avenue, New York, New York 10022, Attn: Robin E.

Keller, Esq., and Christopher R. Bryant, Esq., attorneys for Pearl, so as to be so filed and received by no later than **November 3, 2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections that have been filed and served by the Objection Deadline in accordance with the procedures herein may be considered by the Bankruptcy Court at the Hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court may grant the relief requested in the Motion without a hearing if no objections to the Motion are timely filed and served.

New York, New York
October 18, 2010

**HOGAN LOVELLS US LLP**

By: /s/ Robin E. Keller
Robin E. Keller
Christopher R. Bryant
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

and

Craig H. Ulman
Khang V. Tran
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Pearl Assurance Limited*

Robin E. Keller
Christopher R. Bryant
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

    and

Craig H. Ulman
Khang V. Tran
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Pearl Assurance Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**MOTION OF PEARL ASSURANCE LIMITED
TO DEEM PROOFS OF CLAIM TO BE TIMELY FILED**

Pearl Assurance Limited f/k/a Pearl Assurance plc ("Pearl"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to Federal Rule of Bankruptcy

Procedure 9006(b) deeming as timely filed two proofs of claim against Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor"). In support thereof, Pearl respectfully states as follows:

## PRELIMINARY STATEMENT

1. This Motion seeks to have two proofs of claim related to two separate securities issued by affiliates of LBHI and guaranteed by LBHI deemed timely filed, notwithstanding their delayed receipt by the claims agent. Although properly addressed and sent to LBHI prior to the Bar Date (as defined below), Pearl's proofs of claims were mistakenly delivered by the United States Postal Service ("USPS") to a lockbox belonging to Pamarco Global Graphics ("Pamarco"), an unaffiliated third-party, instead of to LBHI because, on information and belief, the USPS misread the ZIP Code on the package containing Pearl's proofs of claim. A diligent employee at Pamarco recognized that the Pearl proofs of claim were misdelivered and forwarded them to LBHI. The claims were ultimately filed on November 20, 2009.

2. On September 13, 2010, LBHI filed an omnibus objection to certain late-filed Lehman Programs Securities claims, including Pearl's claims. Concurrently with this Motion, Pearl is filing a response to LBHI's claims objection.

3. By this Motion, Pearl requests that the Court rectify the mistake made in the delivery of the Pearl proofs of claim and deem the proofs of claim to be timely filed, because (i) the late filing would cause no material prejudice to the Debtor, (ii) the length of the delay and the impact on the proceedings are both negligible, (iii) the reason for the delay is justifiable, and (iv) Pearl has acted in good faith.

## JURISDICTION

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and

this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. This Motion is made pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. Through an affiliate, Axial Asset Management ("Axial"), Pearl acquired the following securities issued by affiliates of LBHI and guaranteed by LBHI: (a) $6,812,536, including interest, of a security with ISIN XS0282978666, issued by Lehman Brothers UK Capital Funding IV; and (b) $8,291,499, including interest, of a security with ISIN XS0243852562, issued by Lehman Brothers UK Capital Funding III (collectively, the "Securities"). See Declaration of Alison Ricketts ("Ricketts Decl.") ¶ 3, attached hereto as Exhibit B.

6. This Court established November 2, 2009, at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim based on any Lehman Programs Securities (as described in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim . . . [Docket No. 4271] (the "Bar Date Order")) (the "Bar Date"). See Bar Date Order at 12-15. The Securities are Lehman Programs Securities as they appear on the spreadsheet of Lehman Programs Securities as of July 17, 2009.

7. Axial prepared Lehman Securities Programs Proofs of Claim in Pearl's name with respect to the Securities as follows: (a) a Lehman Securities Programs Proof of Claim in the amount of $6,812,536 with respect to the security with ISIN XS0282978666, which LBHI's claims agent designated Claim No. 65658; and (b) a Lehman Securities Programs Proof of Claim in the amount of $8,291,499 with respect to the security with ISIN XS0243852562, which

3

LBHI's claims agent designated Claim No. 65659 (collectively, the "Pearl Proofs of Claim"). On October 28, 2009, Axial forwarded the Pearl Proofs of Claim to the attention of Alison Ricketts, a Senior Company Secretarial Assistant at Pearl's affiliate, Pearl Group Management Services Ltd. See Ricketts Decl. ¶ 4.

8. Ms. Ricketts obtained the signatures of Pearl's authorized signatories, and on October 30, 2009, she sent the signed Pearl Proofs of Claim by airmail to the filing address indicated on the Pearl Proofs of Claim: Lehman Brothers Holdings Claims Processing, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5076, New York, NY 10150-5076 (the "LBHI Claims Filing Address"). See id. ¶¶ 4-5.

9. On information and belief, the USPS misdelivered the Pearl Proofs of Claim to an address different from, but very similar to, the LBHI Claims Filing Address. Specifically, the USPS delivered the Pearl Proofs of Claim to a lockbox belonging to Pamarco (the "Pamarco Lockbox") at P.O. Box 5076, New York, NY 10087-5076 (the "Pamarco Lockbox Address"). The delivery addresses of the LBHI Claims Filing Address and the Pamarco Lockbox Address are identical except for three digits in the ZIP Code, i.e., 10150-5076 for the LBHI Claims Filing Address versus 10087-5076 for the Pamarco Lockbox Address. See id. ¶ 6; Declaration of Lourdes Huber ("Huber Decl.") ¶¶ 3, 6, attached hereto as Exhibit C.

10. Pamarco received the Pearl Proofs of Claim at the Pamarco Lockbox Address at some time prior to November 9, 2009. Pamarco is unable to determine the exact date on which it received the Pearl Proofs of Claim because the bank that services the Pamarco Lockbox does not post the contents thereof on a daily basis. See Huber Decl. ¶ 5.

11. The Pearl Proofs of Claim were brought to the attention of Lourdes Huber, an accounting manager at Pamarco's offices in Roselle, New Jersey, on November 9, 2009. Ms.

4

Huber realized that the Pearl Proofs of Claim must have been delivered to the Pamarco Lockbox by mistake. Ms. Huber immediately telephoned LBHI to advise it of what had happened and to ask for instructions on where to forward the Pearl Proofs of Claim. The person Ms. Huber spoke to at LBHI did not seem to know what Ms. Huber should do and told her that someone would call her back. Ms. Huber got the impression from the person she spoke to at LBHI that there was no degree of urgency. LBHI responded to her inquiry on November 19, 2009, at which time she was directed to forward the Pearl Proofs of Claim to Paul Belobritsky, Epiq Bankruptcy Solutions, 757 Third Avenue, 3rd Floor, New York, NY 10017 (the "Third Avenue Address"). See id. ¶ 7.

12. On November 19, 2009, Ms. Huber sent the Pearl Proofs of Claim by UPS Next Day Air to the Third Avenue Address. See id. ¶ 8. The Pearl Proofs of Claim arrived at LBHI's claims agent and were filed on November 20, 2009.

13. On September 13, 2010, LBHI filed the Debtors' Forty-Second Omnibus Objection to Claims (Late-Filed Lehman Programs Securities Claims) (the "Claims Objection") [Docket No. 11307], seeking to have certain late-filed Lehman Programs Securities claims, including the Pearl Proofs of Claims, disallowed and expunged.

## RELIEF REQUESTED

14. By this Motion, Pearl seeks entry of an order pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1) deeming the Pearl Proofs of Claim to be timely filed under the principles of excusable neglect despite the November 2, 2009 deadline for filing claims based on the Securities established in the Bar Date Order.

## BASIS FOR RELIEF

15. Bankruptcy Rule 9006(b)(1) authorizes the Court in its discretion to permit the filing of an untimely proof of claim where the delay is the result of "excusable neglect." See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). In Pioneer, the Supreme Court stated that the excusable neglect standard is an "elastic concept" that "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 392, 395. Pioneer offered four factors that should guide the analysis of excusable neglect:

> [1] danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

Id. at 395.

16. This Court has recognized that the Second Circuit takes a "hard line" approach to applying Pioneer, which focuses primarily on the reason for delay because "the other factors will typically favor the party seeking the extension." In re Lehman Bros. Holdings Inc., 433 B.R. 113, 119-20 (Bankr. S.D.N.Y. 2010) ("Lehman Bros.") (citing In re Enron Corp., 419 F.3d 115, 121-23 (2d Cir. 2005)). In addition, not all four of the Pioneer factors need to weigh in favor of the movant for relief to be granted. See In re Enron Corp., No. 01-16034 (AJG), 2003 WL 21756785, at *4 (Bankr. S.D.N.Y. July 30, 2003) ("[t]he relative weight, however, to be accorded to the factors identified in Pioneer requires recognizing that not all factors need to favor the moving party").

A. No Prejudice to the Debtor

17. Pearl recognizes that in the Lehman Bros. decision, in which this Court was asked to consider multiple requests to file claims out of time, this Court concluded that "the prejudice factor favors the Debtor" because "[t]he prejudice to the Debtors is not traceable to the filing of

6

any single additional claim but to the impact of permitting exceptions that will encourage others to seek similar leniency." Lehman Bros., 433 B.R. at 121.

18. Nevertheless, any prejudice to the Debtor in this instance is negated by the unique circumstances presented here. This type of error by the USPS, together with the subsequent eleven day delay on the part of LBHI to respond to (i) Pamarco's intimation to LBHI of the USPS error and (ii) Pamarco's request for instructions from LBHI to what should be done with Pearl's claims, is unlikely to have affected other creditors and thus limits the concern that granting Pearl the relief requested here would open the floodgates to similar requests. In addition, LBHI knew of the existence of Pearl's claims based on the Securities because the Securities were listed on the spreadsheet of Lehman Programs Securities as of July 17, 2009.

19. Pearl respectfully asserts that LBHI will suffer no prejudice if the Pearl Proofs of Claim are deemed timely filed. Accordingly, the prejudice factor favors Pearl.

B. Length of Delay is *De Minimis*

20. The second Pioneer factor heavily weighs in favor of granting the relief sought. The Pearl Proofs of Claim were filed only eighteen days after the deadline established in the Bar Date Order. A delay of eighteen days is not unreasonably long and is, in fact, substantially shorter than the length of delays in other cases in which courts have authorized late-filed claims. See, e.g., In re Beltrami Enters., Inc., 178 B.R. 389, 392 (Bankr. M.D. Pa. 1994) (permitting two-year late proof of claim); In re Sage-Dey, 170 B.R. 46, 52-53 (Bankr. N.D.N.Y. 1994) (permitting filing claim six months after bar date); Pioneer, 507 U.S. at 398-99 (permitting late claim filed twenty days after the bar date).

21. Moreover, LBHI bears primary responsibility for eleven of the eighteen days of the delay in filing the Pearl Proofs of Claim. Although Ms. Huber contacted LBHI on November

9, 2009 for instructions on where to forward the Pearl Proofs of Claim, LBHI did not provide the requested instructions, and Ms. Huber could not forward the Pearl Proofs of Claim, until November 19. Thus, the length of delay factor weighs in Pearl's favor.

C. Reasons for Delay Which Were Outside Pearl's Control

22. Unlike the errors and omissions that this Court found insufficient to rise to the level of excusable neglect in the Lehman Bros. opinion, the conduct of the USPS and the conduct of LBHI were both outside of Pearl's control. Pearl correctly addressed the package containing the Pearl Proofs of Claim. It appears that the package arrived at the Pamarco Lockbox and not the LBHI Claims Agent Address because the USPS misread or otherwise incorrectly processed the ZIP Code on the package. In other cases involving tardy filings arising from problems in delivery, courts have found the reason for the delay to be justifiable. See, e.g., In re Bicoastal Corp., 136 B.R. 288 (Bankr. M.D. Fla. 1990) (bad weather preventing overnight delivery service from timely delivering claims constituted excusable neglect). As there was a delay due to misdelivery by the USPS and a subsequent delay on the part of LBHI after it was made aware of this delivery error – both events outside of Pearl's control – Pearl submits that the third and most important Pioneer factor supports concluding that excusable neglect exists here.

D. Pearl Has Acted in Good Faith

23. Pearl acted in good faith to file the Pearl Proofs of Claim. As discussed above, the late-filing of the Pearl Proofs by eighteen days was principally attributable to the misdelivery to the Pamarco Lockbox Address rather than the LBHI Claims Agent Address and the LBHI delay thereafter. This Pioneer factor weighs in Pearl's favor.

## MEMORANDUM OF LAW

24. Because the legal points and authorities upon which this Motion rely are incorporated herein, Pearl respectfully requests that the requirements of service and filing of a separate memorandum of law pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## NOTICE

25. Pearl has provided notice of the Motion pursuant to the Second Amended Order . . . Implementing Certain Notice and Case management Procedures [Docket No. 9635]. Pearl submits that no other or further notice need be given.

## NO PRIOR REQUEST

26. No prior motion for the relief requested herein has been made to this Court or any other court.

WHEREFORE, for the reasons set forth above, Pearl respectfully requests that this Court enter an order in the form annexed hereto as Exhibit A (i) deeming the Pearl Proofs of Claim to be timely filed under Bankruptcy Rule 9006(b) and (ii) granting such other and further relief as the Court deems appropriate.

New York, New York
October 18, 2010

**HOGAN LOVELLS US LLP**

By: /s/ Robin E. Keller
    Robin E. Keller
    Christopher R. Bryant
    875 Third Avenue
    New York, NY 10022
    Telephone: (212) 918-3000
    Facsimile: (212) 918-3100

    and

    Craig H. Ulman
    Khang V. Tran
    HOGAN LOVELLS US LLP
    Columbia Square
    555 Thirteenth Street, N.W.
    Washington, D.C. 20004-1109
    Telephone: (202) 637-5600
    Facsimile: (202) 637-5910

    *Attorneys for Pearl Assurance Limited*