Hearing Date: October 20, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
: 
In re: : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., et al., : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------- X

### STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN CONNECTION WITH THE DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO STAY AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement in connection with the Debtors' motion, dated September 15, 2010 [Docket No. 11389] (the "Motion")[1], pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, seeking entry of an order (the "Proposed Order") staying each of the adversary proceedings identified on Exhibit A to the Motion and any other adversary proceedings that may be

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

commenced by the Debtors under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code (collectively, the "Avoidance Actions") and granting certain related relief. In connection with the Motion, the Committee respectfully states as follows:

### STATEMENT

1.  Working closely with the Debtors over the past several months to investigate, identify and formulate a strategy with respect to the potential avoidance of preferential and fraudulent transfers for the benefit of the estates, the Committee appreciates the hard work, complexity and costs involved in prosecuting the hundreds of Avoidance Actions filed or to be filed by the Debtors. The Committee consequently supports the immediate stay of the Avoidance Actions on the terms described in the Motion to help alleviate the burden on the Court, the Debtors, the defendants in the Avoidance Actions (the "Avoidance Action Defendants"), and other parties in interest, while providing an opportunity to explore consensual resolutions of the Avoidance Actions. Suspending immediate activities in the Avoidance Actions will help preserve estate resources and streamline the efficient management and resolution of the Avoidance Actions.

2.  The Committee originally had concerns with the broad scope of the proposed stay, but those concerns have since been resolved by the Debtors' agreement to add the language to the proposed Order requested by the Committee, as reflected in the black-lined version of the Proposed Order attached to the Debtors' Omnibus Reply in Support of Debtors' Motion to Stay Avoidance Actions and Grant Certain Related Relief [Docket No. 12052]. The current version of the Proposed Order (i) recognizes the Committee's consultation rights with respect to future decisions to lift the stay as to specific Avoidance Actions; and (ii) confirms the Committee's ability to seek derivative standing if the Debtors subsequently decline to prosecute any particular Adversary Proceeding that the Committee believes should be pursued.

3. In addition, the Committee believes that the relief requested by the Motion should be granted notwithstanding the various arguments interposed in their objections by certain of the Avoidance Action Defendants (the "Objectors").  While these arguments are framed in varying terms, their general refrain is that the requested stay would subject the Objectors to a stay for an indefinite period of time, potentially exposing them to ever greater prejudice, and leaving them without recourse.  The Committee understands that a defendant should have the right to have its day in court; however, the Proposed Order clearly provides that the Court may lift the stay "for good cause shown upon an application by an Avoidance Action Defendant and after notice and a hearing with an opportunity to respond by the Debtors and the Creditors' Committee." (Proposed Order at 3.)

4. This provision -- which makes the Court, and not the Debtors, the ultimate arbiter of when and how the stayed Avoidance Actions will proceed -- fully addresses the Objectors' concerns (and those of the Committee) relating to the duration of the stay and/or possible prejudice to their interests.  Indeed, the Committee believes that the recourse to the Court provided thereby, together with the ongoing role the Committee will continue to play in the avoidance litigation in these chapter 11 cases, should provide assurances to each of the objecting Avoidance Action Defendants that an appropriately level playing field will be maintained at all time between such defendants and the Debtors.

## **CONCLUSION**

For the foregoing reasons, as well as all the others set forth in the Motion, the Committee respectfully requests that the Court (i) grant the relief requested in the Motion; and (ii) grant such other relief as is just.

Dated: New York, New York
       October 18, 2010

                      **MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

                By:  /s/ Dennis F. Dunne
                    Dennis F. Dunne
                    Evan R. Fleck
                    Dennis C. O'Donnell

                    1 Chase Manhattan Plaza
                    New York, New York 10005

                    Counsel for Official Committee of Unsecured
                    Creditors of Lehman Brothers Holdings Inc., et al.