WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
**In re**                                                                          :     **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :     **08-13555 (JMP)**
:
Debtors.                                    :     **(Jointly Administered)**
:
-----------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING MOTION OF THE DEBTORS PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE
9019 FOR AUTHORIZATION AND APPROVAL OF A SETTLEMENT AND
COMPROMISE AMONG LEHMAN BROTHERS HOLDINGS INC., LEHMAN
COMMERCIAL PAPER INC. AND DANSKE BANK A/S, LONDON BRANCH**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession, the "Debtors"), filed the Motion, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 for Authorization and Approval of a Settlement and Compromise Among Lehman Brothers Holdings Inc., Lehman Commercial Paper Inc. and Danske Bank A/S, London Branch [Docket No. 11681] (the "Motion") with this Court on September 29, 2010.

2. In accordance with the Second Amended Case Management Order, October 13, 2010 at 4:00 p.m. (Prevailing Eastern Time), was established as the deadline for parties to object or file a response to the Motion (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on Debtors' counsel.

4. Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order annexed hereto as Exhibit A, and unmodified since the filing of the Motion be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: October 18, 2010
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :    08-13555 (JMP)
                                                            :
               Debtors.                                     :    (Jointly Administered)
                                                            :
----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING AND APPROVING A SETTLEMENT AND COMPROMISE AMONG LEHMAN BROTHERS HOLDINGS INC., LEHMAN COMMERCIAL PAPER INC. AND DANSKE BANK A/S, LONDON BRANCH

Upon the motion, dated September 29, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), for an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving a settlement on the terms set forth in a Settlement Agreement,[1] as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

procedures for these cases [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LCPI, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

FOUND AND DETERMINED that, based on factual and legal bases set forth in the Motion, the Residential Mortgage Assets are not and were not property of LBHI's estate or LCPI's estate; and it is further

FOUND AND DETERMINED that, based on factual and legal bases set forth in the Motion, neither LBHI nor LCPI have assumed or assumed and assigned nor will assume or assume and assign that certain MRA pursuant to the Bankruptcy Code, including section 365 thereof, in connection herewith or with the Settlement Agreement or any of the transactions contemplated thereby; and it is further

FOUND AND DETERMINED that, Danske is the owner of the Mortgage Assets (other than those Commercial Mortgage Assets listed on Exhibit C-2 to the Settlement Agreement); and it is further

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the settlement and compromise set forth in the Settlement Agreement is approved; and it is further

ORDERED that LCPI and LBHI are authorized to enter into the Settlement Agreement and to (or to direct a subsidiary to) execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably

08-13555-mg    Doc 12095    Filed 10/18/10    Entered 10/18/10 18:10:07    Main Document
                                    Pg 7 of 7


necessary or appropriate to consummate the transactions contemplated in the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that, pursuant to and to the extent provided by the terms of the Settlement Agreement, Danske shall assume all of the obligations of LBHI and LCPI arising from the documents evidencing and securing the Residential Mortgage Assets as of the Default Date, and thereafter; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the Settlement Agreement and any disputes arising thereunder.

Dated: October __, 2010
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE