**HEARING DATE AND TIME: October 27, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 18, 2010 at 4:00 p.m. (Eastern Time)**

CALIFORNIA DEPARTMENT OF WATER RESOURCES
2033 Howe Avenue, Suite 220
Sacramento, California 95825
Telephone: (916) 574-1291
Facsimile: (916) 574-0301

Russell C. Mills, Chief Financial Officer
for Claimant, California Department of Water Resources

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
:
**Debtors. : (Jointly Administered)**
-----------------------------------------------------------------x

**RESPONSE OF THE CALIFORNIA DEPARTMENT OF WATER RESOURCES TO DEBTORS' FORTIETH OMNIBUS OBJECTION WITH REGARD TO CLAIM NUMBER 35944**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The CALIFORNIA DEPARTMENT OF WATER RESOURCES (hereafter "DWR"), hereby submits this Response to the Fortieth Omnibus Objection to Claims (the "Debtors' Fortieth Omnibus Objection to Claims") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), now set for a hearing (the "Hearing") to be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on October 27, 2010 at 10:00 a.m. (Eastern Time), or as soon thereafter as counsel may be heard.

**HEARING DATE AND TIME: October 27, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 18, 2010 at 4:00 p.m. (Eastern Time)**

The California Department of Water Resources ("DWR") respectfully represents as follows:

**The Relief Requested By Debtors Should Be Denied as to DWR.**

1. The California Department of Water Resources, by and through its California Energy Resources Scheduling Division, was a party to a contract with Debtor, Lehman Brothers Commodity Services, for the purchase and sale of natural gas under a International Swaps and Derivatives Association, Inc. Master Agreement ("ISDA") dated June 26, 2006. Pursuant to that agreement, Debtor Lehman Brothers Holdings, Inc., executed a financial Guarantee providing financial security in favor of DWR in the event of the failure of Debtor to pay under the ISDA. As Debtor filed bankruptcy, DWR provided written notice of termination of the ISDA, and, as required by the terms and conditions of the ISDA, provided proof of the amount owed by Debtor. DWR also asserted a claim under the Guarantee. Ultimately, all Lehman affiliated companies were brought within the protection of the bankruptcy court, and DWR was included in the general population of claimants.

2. DWR received the Notice of the Bar Date Order. Unfortunately, DWR missed the September 22, 2009 deadline in filing the Proof of Claim. However, the Bar Date Order, while setting a hard date for filing claims, also exempted from the time deadline any claims for which the creditor was listed on a schedule, but which "need not file a Proof of Claim if . . . (1) Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount, priority or nature of the claim set forth in the Schedules." That is the case with DWR. The claim is listed on Exhibit G under "Executory Contracts," for Lehman Brothers Commodity Services, Inc. It is not designated as "disputed," "contingent," or "unliquidated." DWR does NOT dispute the amount, priority or nature of the

08-13555-mg    Doc 12151    Filed 10/18/10    Entered 10/19/10 15:48:53    Main Document
Pg 3 of 7

**HEARING DATE AND TIME: October 27, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 18, 2010 at 4:00 p.m. (Eastern Time)**

claim as set forth in the Schedules. The Bar Date should not prevent this claim from being allowed.

3. The Notice accompanying the Bar Date Order also set a date of October 22, 2009 as the date on which questionnaires related to the claim must be submitted to the claims administrator, Epiq Bankruptcy Solutions, LLC ("Epiq").

4. After DWR realized it missed the Bar Date deadline, DWR contacted Epiq to confirm whether the claim was listed and on what schedule. Epiq personnel could not confirm this information. However, DWR immediately submitted the required documentation on the Epiq web site and sent its claim and supporting documentation and questionnaires to the administrator as required, prior to the October 22, 2009 deadline.

**Jurisdiction**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

6. On July 2, 2009, this Court entered the Bar Date Order, which established, among other things, September 22, 2009 at 5:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the deadline to file proofs of claim against the Debtors, except for claims arising from Lehman Programs Securities (as such term was defined in the Bar Date Order). (Bar Date Ord. at 2, 12.) In order to be timely-filed, proofs of claim must have been **"actually received"** on or before the Bar Date. (*Id.* at 3 (emphasis in original).) The Bar Date Order Notice also expressly provides that "You need not file a Proof of Claim if . . . (1) Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the

08-13555-mg    Doc 12151    Filed 10/18/10    Entered 10/19/10 15:48:53    Main Document
Pg 4 of 7
**HEARING DATE AND TIME: October 27, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 18, 2010 at 4:00 p.m. (Eastern Time)**

amount, priority or nature of the claim set forth in the Schedules." ." (*Id.* at 2,(emphasis in the original).)

7. Claimant received notice of the Bar Date Order via mail. Unfortunately, the deadline for submitting the Claim was miscalendared. The calendaring error was not noticed until a day or two after the September 22, 2009 deadline. The claim was noted on a Proof of Claim form sent to DWR as listed on "Schedule G, Executory Contract or Unexpired Lease" and was described as "Derivative Master Account Number 032306CAL5." The claim is not designated as "disputed," "contingent," or "unliquidated" and DWR could not determine whether the claim was so categorized in any omnibus order or otherwise. Based on the exception to the Bar Date noted above, DWR filed the claim and accompanying documentation. DWR does not dispute the amount, priority or nature of the claim as set forth in Schedule G. As a result, the claim should be allowed.

8. A filed proof of claim is "deemed allowed, unless a party in interest...objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(1). However, the Bar Order by its own terms and conditions exempts this claim from the Bar Date deadline.

9. Due the nature of the DWR claim and the fact that DWR does not dispute the amount, priority, or nature of the claim as listed on Schedule G, the claim should be allowed.

**HEARING DATE AND TIME: October 27, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 18, 2010 at 4:00 p.m. (Eastern Time)**

**Notice**

10. In accordance with the instructions set forth in the Notice, DWR has served this Response to the Fortieth Omnibus Objection to Claims on: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the U.S. Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) the attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.).

11. Any reply to this response should be served on: California Department of Water Resources, California Energy Resources Scheduling, 2033 Howe Avenue, Suite 220, Sacramento, California 95825 (Attn: Russell C. Mills; James K. Openshaw, Senior Staff Counsel). Please note this is a change in the address from that presented in the proof of claim. The people possessing the ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of DWR include Russell C. Mills, Chief Financial Officer and John Pacheco, Acting Deputy Director, at the address noted in this paragraph.

Dated: October 14, 2010
Sacramento, California

_/s/ Russell C. Mills_
Russell C. Mills
Chief Financial Officer

**HEARING DATE AND TIME: October 27, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 18, 2010 at 4:00 p.m. (Eastern Time)**

CALIFORNIA DEPARTMENT OF WATER RESOURCES
2033 Howe Avenue, Suite 220
Sacramento, California 95825
Telephone: (916) 574-1291
Facsimile: (916) 574-0301

Russell C. Mills, Chief Financial Officer
for Claimant, California Department of Water Resources

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* : 08-13555 (JMP)
:
**Debtors. : (Jointly Administered)**
------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, Jacque George, certify that I am over eighteen (18) years of age, and not a party to this action, am employed by the California Department of Water Resources and am familiar with the mail delivery process at the Department. On October 14, 2010, I caused copies of the Response to the Fortieth Omnibus Objection to Claims with Regard to Claim Number 35944 to be sent (i) via overnight mail delivery service, for filing with the Court on a 3.5 inch disk, in Portable Document Format (PDF), with a hard copy delivered directly to the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; and also served on: (ii) Attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the U.S. Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) the attorneys for the official committee of unsecured

Page 1 of 2

**HEARING DATE AND TIME: October 27, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 18, 2010 at 4:00 p.m. (Eastern Time)**

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.).

I declare under penalty of perjury that the foregoing is true and correct.

DATED:     October 14, 2010
           Sacramento, California

                                                            Jacque George