

33 Pine Grove

Brookmans Park

Herts, AL9 7BP

United kingdom

Chambers of Honorable James M. Peck

One Bowling Green,

New York,

New York 1004,

Courtroom 601.

04 October 2010

Dear Sir,

United States Bankruptcy Court Southern District of New York

> In re
>
> Lehman Brothers Holdings Inc., et al., Debtors.
>
> Chapter 11 Case number 08-13555 (JMP)
>
> Notice of hearing on Debtors Fortieth Omnibus Objection to Claims (late filed claims)
>
> Creditor Name - Julian R Sutton
>
> Claim Number – 35055
>
> Classification and Amount – PRIORITY :$778,003.52

I am in receipt of the above notice in respect of my claim as referenced above, to which I oppose the claim being disallowed and expunged.

I would expect the Courts and the Debtor to be seeking to agree all genuine claims. A Bar Date is a mechanism to that end. The debtor already recognizes, under a schedule, that a debt is owed to Julian Sutton. With this in mind it is seems odd to be seeking to disallow an employee claim some 12 months on from the bar date.

My claim was sent from the UK using a United Kingdom postal service method that advised delivery to the United States before the Bar Date. Although I note the Bar Date order specifies actual receipt, it is not clear to me why this did not occur. It is not possible for me to determine whether delivery was attempted and unsuccessful in the United States leading to a delay, having been advised in the UK that my mailing would arrive in time. It is normal practice in my experience to provide a period of grace to accommodate problems such as this, the Courts must be seeking to admit all genuine claims.

I note you record receipt on 28th September 2009, and that you have taken approximately 12 months to notify me of your wish to disallow my claim. I note you only provided approximately 2 months for claims to be filed prior to the bar date. I further note no information was provided to me in respect of the schedule referred to below that relates to me, to assist me in understanding how to compile my claim. Other claims types (Derivative Contracts, Lehman Program securities) were given extensions beyond the 22 September Bar Date, presumably as 22 September was not practical.

I am an employee of Lehman Brothers for the last 15 years plus, and was provided information in compiling my claim from a LBHI Human Resources – hrservices@lehman.com'. Conversations with them at the time confirmed to me that as long as evidence could be produced that the claims were posted in good faith prior to the Bar Date, using a service where in the normal course delivery would occur before the Bar Date then this would be acceptable.

I am listed on the Schedules (schedule #5551700010), which I understand means the debtor already recognises a claim from me as an employee. I have made enquiry as to the details in relation to this schedule through various routes as well as Epiq. To date I have received no information or responses which I find extremely frustrating.

Having posted my claim with the understanding it would arrive on time, not having knowledge as to why the claim arrived late, having regard to the normal practice of providing a period of grace to capture all genuine claims, having been given little time to file a claim where others were given an extension, not being provided with the details required to assist with a claim, being an employee already recognized as having a claim, I would respectfully request that my claim to be allowed.

Not withstanding the above, I note that in any event I was not required to provide a claim prior to the Bar Date as I am listed on the Schedules (schedule #5551700010). I would presume that any decision to disallow or expunge the claim above does not prejudice my rights or remove in any way the Debtors already recognized claim based on the schedule. Please confirm in writing that this is the case.

Please provide responses to this letter to myself at the above address, which is the same as recorded on the proof of claim.

Yours Sincerely

Julian Sutton

Letter also send to :

Weil Gotshal & Manges LLP

Office of the United States Trustee for the Southern District of New York

Milbank,Tweed, Hadley & McCloy LLP