UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                          :
In re                                                     :     Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     08-13555 (JMP)
                                                          :
                    Debtors.                              :     (Jointly Administered)
                                                          :
-----------------------------------------------------------------x

### ORDER STAYING AVOIDANCE ACTIONS AND GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

Upon the motion, dated September 15, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedures, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to stay each of the adversary proceedings identified on Exhibit A hereto and any other avoidance actions that may be commenced by the Debtors under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code (collectively, the "Avoidance Actions") and to grant certain related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) each of the known and identified defendants to the Avoidance Actions or their agents or representatives (the "Avoidance Action Defendants"), and it appearing that no other or further notice need be provided; and objections to the Motion and the relief requested therein having been interposed (the "Objections"); and a reply to the Objections having been filed by the Debtors; and a hearing having been held on October 20, 2010 to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Objections are overruled; and it is further

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that all Avoidance Actions are hereby stayed for a period of nine (9) months following the date of entry of this order such that (i) all applicable deadlines (other than those related to completion of service) are suspended, (ii) all discovery and pre-trial conferences shall not be conducted, and (iii) all motion practice and contested hearings or trials are prohibited; *provided, however*, that during the effectiveness of such stay, the Debtors may (a)

amend the Avoidance Action complaints, (b) employ the Derivative ADR Procedures or other procedures to attempt to consensually resolve their disputes, (c) enter into settlements of the Avoidance Actions, (d) complete service of the Avoidance Action complaints, (e) seek discovery for the purpose of assisting the Debtors in completing service of the Avoidance Action complaints, and (f) dismiss an Avoidance Action in accordance with Bankruptcy Rule 7041 (the "Stay"); and it is further

ORDERED that during the effectiveness of the Stay, no Avoidance Action Defendant shall be required to respond to, or otherwise answer, an Avoidance Action complaint and all rights of the Debtors and the Avoidance Action Defendants, including to move to dismiss an Avoidance Action on any basis, are fully preserved; and it is further

ORDERED that the Debtors shall file a "notice of stay" on the docket of each of the Avoidance Actions; and it is further

ORDERED that the Debtors shall have until 180 days from the filing of each Avoidance Action complaint to complete service on each of the Avoidance Action Defendants to such Avoidance Action without prejudice to the Debtors' ability to request further extensions; and it is further

ORDERED that the Stay of an Avoidance Action may be lifted by (i) the Debtors (after consultation with the Creditors' Committee) or by such other party that is authorized by the Court to prosecute the Avoidance Action on behalf of the Debtors upon the filing and service of a notice on the applicable Avoidance Action Defendant(s) indicating that good cause exists to prosecute such Avoidance Action, or (ii) the Court for good cause shown upon an application by an Avoidance Action Defendant and after notice and a hearing with an opportunity to respond by the Debtors and the Creditors' Committee; and it is further

ORDERED that the date of service of the notice of intention to prosecute an Avoidance Action or the date of the Court's order modifying the Stay over an Avoidance Action shall govern the parties' deadlines to respond to the applicable Avoidance Action complaint; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
October 20, 2010

      *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE