UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                       :

In re:                                  :         Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         Case No. 08-13555 (JMP)

                    Debtors.         :         (Jointly Administered)

---------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) AUTHORIZING AND APPROVING THE GLOBAL SETTLEMENT AMONG THE DEBTORS AND THE AMBAC SETTLING PARTIES

This matter coming before the Court on the Motion of Debtors Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) for Authorization and Approval of the Global Settlement Among the Debtors and the Ambac Settling Parties[1] (the "Motion"),[2] filed by debtors Lehman Brothers Holdings Inc., Lehman Brothers Special Financing Inc., Lehman Brothers Derivative Products Inc., Structured Asset Securities Corporation and their affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); and no objections to the Motion having been filed; the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court on October 20, 2010

---

[1] "Ambac Settling Parties" means, collectively: (i) Ambac Assurance Corporation ("Ambac"), a regulated insurance company, on behalf of itself and as the Management Services Provider of the Segregated Account of Ambac (the "Segregated Account"), pursuant to the authority delegated to Ambac by the Commissioner of Insurance for the State of Wisconsin, as rehabilitator of the Segregated Account; (ii) the Segregated Account; (iii) Ambac Credit Products, LLC; (iv) Ambac Financial Services, LLC; (v) Ambac Financial Group, Inc.; (vi) Everspan Financial Guarantee Corp.; (vii) Ambac Private Holdings, LLC; (viii) Ambac Capital Services, LLC; (ix) Ambac Capital Corporation; (x) Ambac Capital Funding, Inc.; (xi) Ambac Investments, Inc.; (xii) Ambac AII Corp.; and (xiii) Connie Lee Holdings, Inc.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(the "Hearing"); and the Court having found and determined the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ADJUDGED, FOUND AND DETERMINED:

A. This Court has jurisdiction over the Motion and the Global Settlement pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion and granted in this Order include, without limitation, section 105(a) of the Bankruptcy Code, and Bankruptcy Rule 9019.

C. The Ambac Parties received proper, timely, adequate and sufficient notice of entry of the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated July 2, 2009 [Docket No. 4271] (the "Bar Date Order") establishing September 22, 2009 at 5:00 p.m. as the deadline for filing proofs of claim against any of the Debtors in the Bankruptcy Proceedings.

D. As evidenced by the affidavit and certificate of service filed with the Court, the Court finds that: (1) proper, timely, adequate and sufficient notice of the Motion and the Global Settlement has been provided by the Debtors; (2) such notice, and the form and manner thereof, was good, sufficient, reasonable and appropriate under the circumstances

prevailing in these chapter 11 cases; and (3) no other or further notice of the Motion or the Global Settlement is or shall be required.

E. A reasonable opportunity to object to and to be heard at the Hearing on the Motion and the relief requested therein has been given as required by the Bankruptcy Code and all Bankruptcy Rules to all persons entitled to notice.

F. Entry into the Global Settlement is in the best interests of the Debtors and their respective estates, creditors and other parties in interest, and represents the fair, reasonable and appropriate exercise of the Debtors' sound business judgment.

G. The Global Settlement and each of the transactions contemplated therein were negotiated, proposed and entered into by the Debtors and the Ambac Settling Parties in good faith, without collusion and from arm's length bargaining positions.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Global Settlement is approved in its entirety. The Debtors are authorized to enter into, and perform their obligations under, the Global Settlement, pursuant to Bankruptcy Rule 9019.

3. The Ambac Parties shall hereby withdraw the Proofs of Claim in their entirety. The Ambac Parties and any entity (as such term is defined in the Bankruptcy Code) claiming through them or on their behalf, whether directly, derivatively or otherwise, shall be barred from filing, asserting or reasserting any and all claims (whether secured, unsecured, scheduled, priority, non priority or administrative priority) against the Lehman Debtors that could be or could have been filed or asserted by, or on behalf of, such parties.

4. The Debtors and their successors are authorized to take any and all actions necessary or appropriate to implement the terms of this Order and the Global Settlement.

5. Nothing in this Order or in the Global Settlement shall be deemed to toll, extend, modify or otherwise affect the Bar Date Order, including, without limitation, the bar dates for asserting proofs of claim against the Lehman Debtors for parties in interest in these chapter 11 cases.

6. The Court shall retain jurisdiction to hear and determine all matters arising from, related to or in connection with the implementation, interpretation, enforcement or application of this Order and the Global Settlement.

Dated: New York, New York
    October 20, 2010

    s/ *James M. Peck*
UNITED STATES BANKRUPTCY JUDGE