**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
:
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, :    08-13555 (JMP)
                                         :
          Debtors.                       :    (Jointly Administered)
                                         :
                                         :
---------------------------------------------------------------------x

**ORDER GRANTING MOTION OF LEHMAN BROTHERS SPECIAL**
**FINANCING INC. PURSUANT TO SECTION 362 OF THE BANKRUPTCY**
**CODE FOR ENFORCEMENT OF THE AUTOMATIC STAY AND FOR**
**SANCTIONS FOR VIOLATION OF THE ADR PROCEDURES ORDER**

Upon the motion, dated October 1, 2010 (the "Motion"), of Lehman Brothers Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 362(a) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order declaring the Jakarta Action void *ab initio*, enforcing the automatic stay, and sanctioning Mobile-8 for violation of the ADR Procedures Order, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and the relief requested in the Motion being in the best interests of LBSF and its estate and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court on October 20, 2010 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and in the record of the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that by virtue of the contractual choice of law and forum selection clauses in the Confirmation and the ISDA Agreement, Mobile-8 has submitted to the jurisdiction of this Court; and it is further

ORDERED that the Jakarta Action is a violation of the automatic stay imposed by section 362 of the Bankruptcy Code and, as such, is void *ab initio*, and Mobile-8 is ordered to immediately withdraw the Jakarta Action and cease all actions in pursuit of the Jakarta Action; and it is further

ORDERED that Mobile-8's failure to deliver the September 2008 Missed Payment and the Termination Payment to LBSF are each violations of the automatic stay imposed by section 362 of the Bankruptcy Code and Mobile-8 is directed to cease its attempts to exercise control over property of LBSF's estate and immediately turn over the amounts due and owing to LBSF in respect of the September 2008 Missed Payment and the Termination Payment; and it is further

ORDERED that Mobile-8 is sanctioned for violating the automatic stay by initiating and pursing the Jakarta Action and by its attempts to exercise control over the property of LBSF's estate, and is directed to pay all attorneys' fees and other costs incurred by LBSF's estate in connection with the Jakarta Action, in bringing the Motion and Adversary Proceeding, and in enforcing its rights under the Confirmation; and it is further

ORDERED that Mobile-8 is sanctioned for violating the ADR Procedures Order, and is directed to pay to LBSF (i) the attorneys' fees incurred by Debtors with respect to the ADR Procedures after the transmittal of the ADR Package to the Court-appointed mediators, (ii) any fees and costs of the Mediator, and (iii) the amount specified in the Derivatives ADR Notice, provided, however, that LBSF shall not recover twice for the same liability; and it is further

ORDERED that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) LBSF is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order; and it is further

ORDERED that this Court retains exclusive jurisdiction with respect to any and all matters arising from or related to the implementation or enforcement of this Order.

Dated: New York, New York
       October 20, 2010

                                       *s/ James M. Peck*
                                       UNITED STATES BANKRUPTCY JUDGE