UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
In re                                                       :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
:
Debtors.                    :    (Jointly Administered)
:
------------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS 327(a)
AND 330 OF THE BANKRUPTCY CODE AND
RULE 2014(a) OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AUTHORIZING THE
EMPLOYMENT AND RETENTION OF MMOR CONSULTING
INC., AS TAX SERVICES PROVIDER, *NUNC PRO TUNC* TO JUNE 1, 2010

Upon consideration of the application, dated September 29, 2010 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to employ and retain MMOR Consulting Inc. ("MMOR") as its tax services provider, effective *nunc pro tunc* to June 1, 2010, all as more fully described in the Application; and upon the declaration of Michael Morgese, dated September 23, 2010 (the "Morgese Declaration"), filed in support of the Application and annexed thereto as Exhibit B; and the Court being satisfied, based on the representations made in the Application and the Morgese Declaration, that (a) MMOR does not hold or represent an interest adverse to the Debtors'

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

estates, (b) MMOR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and (c) the terms and conditions of the Engagement Agreement are reasonable; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) MMOR; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Application is approved; and it is further

        ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ MMOR as tax services provider, *nunc pro tunc* to June 1,

2010, on the terms and conditions generally described and set forth in the Engagement Agreement; and it is further

ORDERED that MMOR shall, solely with respect to fees and expenses paid to MMOR by the Debtors (as opposed to non-debtor entities) in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: New York, New York
       October 20, 2010

                                                *s/ James M. Peck*
                                                UNITED STATES BANKRUPTCY JUDGE