HEARING DATE AND TIME: October 27, 2010 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                              :   Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :   08-13555 (JMP)
                                                   :
                      Debtors.                     :   (Jointly Administered)
-------------------------------------------------------------------x

**DEBTORS' OMNIBUS REPLY TO RESPONSES TO DEBTORS' TWENTY-NINTH
OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), file this omnibus reply (the "Reply") to the responses filed by The August '86 Trust [Docket No. 10978] (the "August '86 Trust Response"), RBC Capital Markets Corporation [Docket No. 10895] (the "RBC Response"), and Aspecta Assurance International Luxembourg S.A. [Docket No. 11905] (the "Aspecta Response," and collectively with the August '86 Trust Response and the RBC Response, the "Responses") opposing the Debtors' Twenty-Ninth Omnibus Objection to Claims (No Blocking Number LPS Claims) (the "Omnibus Objection")[1] and respectfully represent as follows:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Omnibus Objection.

# I.
# Preliminary Statement

1.      As set forth in the Omnibus Objection, the No Blocking Number LPS Claims should be disallowed and expunged because they violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [Docket No. 4271] (the "Bar Date Order").  Specifically, the Bar Date Order required that claims for Lehman Program Securities "include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number."  (Bar Date Order at 13.)

2.      More than 26,000 claims were filed against LBHI based on the Lehman Program Securities.  The Lehman Program Securities Procedures, including the blocking number requirement, are necessary for the Debtors to efficiently manage the processing of these claims.  Absent the blocking number requirement, the Debtors would not have a mechanism for confirming the ownership and amount of a particular security for purposes of processing the Securities Program Proofs of Claim.  (Omnibus Objection ¶ 10.)  Thus, non-compliance with the Lehman Program Securities Procedures results in the reconciliation of Lehman Program Securities claims extremely burdensome on the Debtors, and in some cases impossible.  (*See id.*)

3.      The holders of the No Blocking Number LPS Claims received actual notice of the blocking number requirement via the Bar Date Order and the Securities Programs Bar Date Notice.  Despite having received actual notice of this Court's Bar Date Order, RBC, The August '86 Trust, and Aspecta failed to provide a blocking number with their proofs of claim.  The Responses do not dispute that the blocking number requirement was clear, that notice of it was provided, or that the holders of the claims at issue failed to comply with the requirement.  Instead, the Responses assert that non-compliance with the Bar Date Order should be excused because of clerical errors or misunderstandings by the individuals charged with submitting the proofs of claim

at issue and that the non-compliant claims should be amended or treated as informal proofs of claim. The Bar Date Order, however, should be strictly enforced, and thus, these arguments lack merit. The Omnibus Objection should be granted and the No Blocking Number LPS Claims submitted by RBC, The August '86 Trust, and Aspecta should be disallowed and expunged in their entirety.

## II.
## The Bar Date Order Should Be Enforced Uniformly

4.  Through the Bar Date Order and the Securities Programs Bar Date Notice, claimants were specifically and repeatedly notified that a blocking number must be included on every Securities Program Proof of Claim. (*See* Omnibus Objection ¶¶ 10-13.) The Responses do not dispute that the blocking number requirement was clear or that they received actual, fair, and adequate notice of this requirement. Instead, the Responses argue that the Court should excuse non-compliance with the Bar Date Order because the failure to obtain or include the required blocking numbers on the proofs of claim was the result of a "clerical error," an unspecified "mistake," or an unexplained "inadvertent failure" by the individual(s) preparing the respective claims. (*See* RBC Response ¶¶ 2-4; August '86 Trust Response ¶ 7; Aspecta Response ¶ 6.)[2] The respondents failed to provide any affidavits or admissible evidence to support these assertions. Regardless, these are not adequate reasons for failure to comply with the clear requirements of the Bar Date Order.

---

[2] To the extent that the Responses purport to seek affirmative relief from the Court as motions to file amended claims or to otherwise have their claims deemed "informal" proofs of claim, they are procedurally improper. While the August '86 Trust Response expressly requests that the Court allow it to belatedly amend its proof of claim to include the missing blocking number, the RBC Response tacitly seeks the Court's approval to make a similar amendment by stating that it is in the process of filing such amendment. (*See* August '86 Trust Response ¶¶ 8-14; RBC Response ¶ 6.) If the respondents wanted such affirmative relief, then they should have filed a motion with the Court and set it for hearing. Debtors reserve all rights to object to any requests for affirmative relief from the respondents and reserve all rights to object to any claims filed by The August '86 Trust, RBC, and Aspecta in these chapter 11 cases, whether or not they are styled as amendments.

    5. RBC alleges that its non-compliance was the result of a "clerical error or misunderstanding" by the individual that prepared the proof of claim. (RBC Response ¶ 2.) RBC does not dispute that the blocking number requirement was clear or that it had notice of it. Instead, RBC asserts that the individual, who RBC admits was advised of the blocking number requirement and had the blocking number in his possession, "inadvertently wrote the 11187 Number on the claim form instead of the blocking number." (RBC Response ¶ 4.) This unsubstantiated excuse is the ordinary type of mistake that was within RBC's control and avoidable with due care.

    6. RBC argues that it should be allowed to amend the non-compliant claim or have it deemed an informal proof of claim because its failure to comply with the blocking number requirement is "harmless error." (RBC Response ¶¶ 6-8.) This argument lacks merit. A significant benefit of the blocking number requirement is that it decreases the burden on the Debtors of reconciling the thousands of Lehman Programs Securities claims. Permitting exceptions to the blocking number requirement eliminates that benefit and invites other claimants to seek similar exceptions, increasing the administrative burden and costs to the Debtors. Therefore, the precedent that RBC is asking this Court to set is by no means "harmless."

    7. Finally, RBC's argument that its failure to comply with the Bar Date Order is excusable neglect under Rule 9006(b) is inapposite. Rule 9006(b) is the standard for enlargement of time and thus is inapplicable to this analysis.[3] Accordingly, the Bar Date Order should be enforced as to RBC and its claim disallowed and expunged.

---

[3] Even if Rule 9006(b) was relevant, which it is not, RBC's unsubstantiated reason falls far short of the standard for excusable neglect as it demonstrates a lack of care or thoughtful attention to the preparation of RBC's claim that was entirely within its control.

8.      The August '86 Trust's arguments similarly fail.  The August '86 Trust simply asserts that its failure to include the blocking number on its proof of claim was the result of an unspecified "misunderstanding."  (August '86 Trust Response ¶ 7.)  It provides no specific facts regarding the nature of the alleged misunderstanding, how it resulted in the failure to comply with the Bar Date Order's blocking number requirement, or why that misunderstanding should excuse The August '86 Trust's non-compliance.  The August '86 Trust's vague, unsubstantiated justification cannot overcome the clear requirements of the Bar Date Order.

9.      Importantly, The August '86 Trust does not dispute that the blocking number requirement was clear or that it had notice of it.  Instead, The August '86 Trust argues that it should be allowed to amend the non-compliant claim or have it deemed an informal proof of claim.  (August '86 Trust Response ¶¶ 19, 22.)  In support of its argument, The August '86 Trust alleges that the Debtors will not be prejudiced if such relief is granted.  (*See id.* ¶¶ 20-23.)  The August '86 Trust's argument ignores the crux of the matter—whether or not the blocking number requirement in the Bar Date Order will be enforced.  Permitting The August '86 Trust to flout the requirements of the Bar Date Order will encourage others to seek leniency, with the risk of opening up the claims process and encouraging additional litigation related thereto.  This is precisely the reason why the Bar Date Order should be strictly enforced.

10.     Finally, The August '86 Trust's argument that its failure to comply with the Bar Date Order is excusable neglect under Rule 9006(b) is inapposite.  Rule 9006(b) is the standard for enlargement of time and thus is inapplicable to this analysis.[4]  *See* Rule 9006(b).

---

[4] Even if Rule 9006(b) was relevant, which it is not, The August '86 Trust's unsubstantiated reasoning falls far short of the standard for excusable neglect as it demonstrates a lack of care or thoughtful attention to the preparation of The August '86 Trust's claim that was entirely within its control.

Accordingly, the Bar Date Order should be enforced as to The August '86 Trust and its claim disallowed and expunged.

11. Aspecta's argument for why it should be exempt from the blocking number requirement does not withstand scrutiny. Aspecta provides absolutely no information regarding the "inadvertent failure" that resulted in it not obtaining a blocking number. (*See* Aspecta Response ¶ 6.) Aspecta does not dispute that the blocking number requirement was clear or that it had notice of it. Instead, Aspecta argues that its non-compliance with the Bar Date Order's requirement to obtain a blocking number should be excused because "[a]t all times relevant to the Proof of Claim and the Objection, Aspecta owned the Notes underlying the Proof of Claim." (*Id.* ¶¶ 4-5.) On that basis, Aspecta asserts that the purpose of the blocking number requirement has been satisfied and that exempting it from the blocking number requirement will not prejudice the Debtors. (*Id.* ¶¶ 5-6.) This is simply not the case. Aspecta's unsubstantiated assertion of ownership at "[a]ll times relevant" is exceedingly vague. Moreover, the purported evidence that Aspecta does provide——two unsubstantiated documents styled "Proof of Securities Ownership"––only show that Aspecta owned the securities at issue as of September 29, 2010. (*Id.* at Ex. A.) This does not satisfy the purpose of the blocking number requirement, which is to prevent the Debtors from making duplicative distributions by confirming ownership of a particular security at a particular time prior to the bar date and preventing trading of that security through the bar date. (*See* Omnibus Objection ¶ 10.) Failure to enforce that requirement risks the Debtors making unwarranted distributions. Thus, the Bar Date Order should be enforced as to Aspecta and its claim disallowed and expunged

12. As this Court has recognized, the Bar Date Order is a unique and highly negotiated document whose requirements and procedures should be strictly enforced. *In re*

*Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 118, 127.  The Lehman Program Securities Procedures, including the blocking number requirement, was an aspect of the Bar Date Order that was extensively negotiated among the Debtors, the Creditors' Committee, and other parties in interest due to their importance in the claims processing effort.  (Omnibus Objection ¶ 9.)

13. Excusing claimants' failure to obtain blocking numbers or permitting them to submit missing blocking numbers evades the clear requirements of the Bar Date Order and encourages incremental exceptions, effectively opening the floodgates of litigation for every claimant to request an exception to the procedures required by this case.  Thus, the Bar Date Order should be enforced as to RBC, The August '86 Trust, and Aspecta, the Responses should be overruled, and the Omnibus Objection should be granted as to these claimants.

### III.
### Conclusion

WHEREFORE, for the reasons set forth above and in the Omnibus Objection, the Debtors respectfully request that the Court enter an order disallowing and expunging the No Blocking Number LPS Claims submitted by RBC, The August '86 Trust, and Aspecta in their entirety and grant such other and further relief as the Court may deem just and appropriate.

Dated: October 20, 2010
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession