**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case № 08-13555 (JMP)<br><br>(Jointly administered) |

**CLAIMANT NAGY ÉS TRÓCSÁNYI ÜGYVÉDI IRODA'S**
**RESPONSE TO DEBTORS'**
**FORTIETH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**
**AND**
**MOTION REQUESTING AN ENLARGEMENT OF TIME**

For the reasons set forth herein, Nagy és Trócsányi Ügyvédi Iroda (incorrectly named in Debtors' brief as "Iroda, Nagy és Trócsányi Ügyvédi") (the "**N&T**"), by and through its undersigned partner,

1. hereby moves the Court to dismiss Debtors' Fortieth Omnibus Objection to Claims (Late-Filed Claims) (the "**Objection**") and moves hereby to request an enlargement of time on the ground that the failure to deliver N&T's Proof of Claim was the result of excusable neglect.

2. In support of its motion, N&T submits the Declaration of Linda Szentmiklósi, which is filed herewith.

**Facts**

3. N&T has a claim of US$ 11,666.00 (№ 36738) against Lehmann Brothers Holdings Inc. which claim arises from non-payment of legal fees for services performed.

4. N&T was given until September 22, 2009, to file the Proof of Claim [Docket № 4271].

5. N&T's counsel signed off its brief containing the Proof of Claim on September 15, 2009, and the same day, its staff forwarded it to DHL Express, an international courier service which undertakes next day delivery from Budapest, Hungary to New York City, US.

6. The DHL Express' bill of lading was filled up by N&T staff to the address provided in the Proof of Claim Form. When N&T staff learned about the non-delivery on September 29, 2009, gave DHL Express the hand delivery address as in the Notice of deadlines for filing proofs of claim (the "**Notice**") the next day, then it took for DHL Express another 7 days to in fact deliver the shipment.

**Laws**

7. Rule 9006 (b)(1) of the Federal Rules of Bankruptcy Procedure provides, as follows:

> "Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." (emphasis added)

8. In Pioneer Investment Services v. Brunswick Assoc. Ltd., 507 U.S. 380 (1993) the US Supreme Court held[1] that

> "1. An attorney's inadvertent failure to file a proof of claim by the bar date can constitute 'excusable neglect' within the meaning of Rule 9006(b)(1).
> (a) Contrary to petitioner's suggestion, Congress plainly contemplated that the courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control. This flexible understanding comports with the ordinary meaning of 'neglect'. It also accords with the underlying policies of Chapter 11 and the bankruptcy rules, which entrust broad equitable powers to the courts in order to ensure the success of a debtor's reorganization. In addition, this view is confirmed by the history of the present bankruptcy rules, and is strongly supported by the fact that the phrase 'excusable neglect', as used in several of the Federal Rules of Civil Procedure, is understood to be a somewhat 'elastic concept'.
> (b) The determination of what sorts of neglect will be considered 'excusable' is an equitable one, taking account of all relevant circumstances. These include the first four factors applied in the instant case [...].
> 2) The neglect of respondents' counsel was, under all the circumstances, excusable. As the Court of Appeals found, the lack of any prejudice to the debtor or to the interest of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim. [...]" (emphasis added)

9. N&T filed its Proof of Claim in good faith on time to be received days before Bar Date. Only its staff inadvertently selected the address given in the Proof of Claim Form instead of the one given for hand delivery purposes in the Notice. Once, however, this clerical error turned out, N&T diligently did whatever in its power to cure it.

10. N&T staff was diligent in selecting DHL Express for delivery. DHL's prestige in Europe is as that of FedEx in the US. Both are famed for quality services and reliability.

---

[1] pages 387-397

WHEREFORE, N&T respectfully requests the Objection be dismissed and its request for enlargement of time be granted.

Dated: October 15, 2010

Respectfully submitted by

**Nagy és Trócsányi Ügyvédi Iroda**

Péter P. Nagy, partner
Nagy és Trócsányi Ügyvédi Iroda
Ugocsa utca 4/B, Budapest 1126
Republic of Hungary
Email: nagy.peter@nt.eu
Telephone: 011 36 1 487-8700
Facsimile: 011 36 1 487-8701

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11 Case<br>№ 08-13555 (JMP)<br><br>Honorable James M. Peck |

## DECLARATION OF LINDA SZENTMIKLÓSI

I, Linda Szentmiklósi, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of eighteen years and am otherwise competent to make this declaration.

2. I make this declaration based on personal knowledge, except where stated otherwise.

3. I make this declaration in support of the Response of Nagy és Trócsányi Ügyvédi Iroda (the "**N&T**"), a Budapest law firm, to the Fortieth Omnibus Objection to Claims (Late-Filed Claims) of Debtors.

4. For 2⅔ years, I have been employed full time as a legal secretary at the Budapest offices of N&T.

5. My duties and responsibilities as legal secretary include diary management, management of incoming and outgoing hard copy and facsimile correspondence for attorneys whom I am assigned to work with.

6. On September 15, 2009, Dániel Karsai, Esq., an associate lawyer with N&T, gave me certain documents -- as I was told certain Proof of Claim -- for

taking care, on behalf of N&T, of the immediate delivery by the international courier DHL.

7. As it is standard practice, I called the DHL operator, requested delivery and filled out a DHL bill of lading to the address assigned in the Proof of Claim Form, as follows:

> Lehman Brothers Holding Claims Processing
> c/o Epiq Bankruptcy Solutions, LLC
> FDR Station, PO Box 5076
> New York, New York 10150-5076

8. The documents were picked up for delivery by DHL staff on September 15, 2009, at 13:15 pm Budapest time (7:15 Eastern Time) and I obtained the bill of lading (in Hungarian: "Fuvarlevél"), a true copy of it is annexed hereto as Exhibit A.

9. DHL did not get back to me on this shipment until September 29, 2009, when Mr. Csaba Miklós, a DHL staff, told me on the phone that the shipment was not delivered due to wrong address.

10. The same day, I emailed Mr. Miklós the address from the Notice for hand delivery, that was:

> Epiq Bankruptcy Solutions, LLC
> Attn: Lehman Brothers Holdings Claims Processing
> 757 Third Avenue, 3rd Floor
> NYC, New York 10017

11. The next day, in his return email, Mr. Miklós wrote me that the shipment was to be delivered with no further delay.

12. On October 2, 2009, I checked DHL's internet based tracking system and realized that the shipment was not yet delivered. Upon my email inquiry, Mr. Miklós told me he was to check on it.

13. On October 6, 2009, Mr. Miklós emailed me that the shipment had finally been delivered.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Budapest, on October 15, 2010.

Linda Szentmiklósi

**EXHIBIT A**

EXHIBIT A

Part 3 DHL EXPRESS - 06-07 - P3 HUNGARY

**DHL EXPRESS**

Küldeményeit nyomonkövetheti a DHL honlapján: http://www.dhl.com

**Fuvarlevél** (Nem átruházható)

482 0237 085

FELADÓ ÁLLOMÁS: BUD

CÉLÁLLOMÁS KÓDJA

**Feladó példánya**

## 1 Költségviselő ügyfélkódja és biztosítási adatok

Költségviselő ☐ Feladó ☐ Címzett ☐ Harmadik fél

☐ Készpénz ☐ Csekk ☐ Hitelkártya

Költségviselő ügyfélkódja ______

Küldemény biztosítás *lásd a hátoldalon*

☐ Igen *Biztosított érték (helyi pénznemben)* ______

Az igénybe vehető fizetési módok országonként eltérőek lehetnek

## 2 Feladó adatai

Feladó ügyfélkódja: [handwritten]

Kapcsolattartó neve

Feladó egyéb azonosítója (max. 32 karakter, melyekből az első 12 kerül feltüntetésre a számlán)

Cég neve: [handwritten]

Cím: [handwritten] Budapest Hungary

Irányítószám (feltétlenül kitöltendő): H-1126

Telefon, fax, vagy e-mail cím (feltétlenül kitöltendő): 36 1 487-8100

## 3 Címzett adatai

Cég neve: Lehman Brothers Holdings (Claims Processing)

Kiszállítási cím — *A DHL postafiókra nem szállít*

c/o Epiq Bankruptcy Solutions, LLC
FDR Station
New York

Irányítószám (feltétlenül kitöltendő): New York NY 10150-5076

Ország: USA

Kapcsolattartó neve

Telefon, fax, vagy e-mail cím (feltétlenül kitöltendő)

További információkért forduljon a DHL honlapján, vagy hívja a DHL Ügyfélszolgálatot.

## 4 Küldemény adatai

| Darabszám | Összsúly | Méretek cm-ben: Darab | Hosszúság | Szélesség | Magasság |
|---|---|---|---|---|---|
| 1 | 0 kg • 5 gr | ___ @ | | × | × |

## 5 Küldemény tartalmának részletes leírása

Tartalom és mennyiség részletezése: Doc

## 6 Kizárólag nem-dokumentum küldemények esetén (vámkövetelmények)

*Kérjük mellékelje küldeményéhez a Pro forma, vagy kereskedelmi számla eredeti példányát és 4 másolatot!*

Feladó adószáma | Címzett adószáma, vagy Feladó biztosítási/adószáma

Vámérték (*a kereskedelmi/pro forma számlával egyezően*) | Vámtarifaszám *ha ismert*

KIVITEL JELLEGE ☐ Végleges ☐ Javítás/visszaküldés ☐ Ideiglenes

Célállomáson felmerülő vámok/adók *Amennyiben üresen hagyja, a címzett fizeti a vámot/adókat*

☐ Címzett ☐ Feladó ☐ Egyéb *Jóváhagyott ügyfélkód*

## 7 Feladó nyilatkozata (Aláírás kötelező)

Aláírott elfogadom, hogy a fuvarlevél hátoldalán található DHL Általános Szállítási Feltételek a köztem és a DHL között létrejött szerződés kikötéseit és feltételeit képezik, hacsak írásban másként nem állapodtunk meg, vagy jogszabály, illetve a DHL Üzletszabályzat eltérően nem rendelkezik, továbbá elfogadom, hogy ezen kikötések és feltételek és amennyiben alkalmazható a Varsói Egyezmény korlátozzák és/vagy kizárják a DHL-nek a küldemény elvesztésével, károsodásával vagy késedelmével kapcsolatos felelősségét, és kijelentem, hogy a küldemény nem tartalmaz készpénzt, vagy veszélyes árut (lásd még hátoldalon).

Aláírás: [signature] Dátum: Október 15, 2009

## 8 Szolgáltatások

Belföld ☐ Nemzetközi dokumentum (nem-vámköteles) ☒ Nemzetközi nem-dokumentum (vámköteles) ☐ EU ☐

*A szolgáltatások elérhetősége országonként eltérő lehet.*

☐ Express 9 (USA 10:30)
☒ Express 12
☐ Express / Worldwide
☐ Express Borítók
☐ Egyéb ______

*Kiegészítő szolgáltatások (Az érvényes árlista alapján)*

☐ Szombati kiszállítás ☐ Speciális küldeményfelvétel
☐ Kézbesítési értesítő
☐ Egyéb ______

*DHL Global Mail*

☐ GMB Elsőbbségi ☐ GMB Standard ☐ Egyéb

FUVARDÍJ ALAPJÁT KÉPEZŐ TÉRFOGATI SÚLY: kg • gr

DÍJAK: Szolgáltatások / Egyéb / Biztosítás / ÁFA

PÉNZNEM | ÖSSZESEN

TRANSPORT COLLECT MATRICA SZÁMA

FIZETÉSI ADATOK (Csekk, hitelkártya száma)

Száma :

Típusa Érvényessége

Átvevő

Futárkörzet

Időpont Dátum

PT06/08 F19 HU MP

PARAGON TRANSACTION HU3pt0607AP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case № 08-13555 (JMP)<br><br>(Jointly administered) |

**CLAIMANT NAGY ÉS TRÓCSÁNYI ÜGYVÉDI IRODA'S**
**CERTIFICATE OF SERVICE**

The undersigned partner of claimant Nagy és Trócsányi Ügyvédi Iroda (incorrectly named in Debtors' brief as "Iroda, Nagy és Trócsányi Ügyvédi") (the "**N&T**") (Claim Number: 36738) hereby certifies that he has caused service of N&T's Response to Debtors' Fortieth Omnibus Objection to Claims (Late-filed Claims) and Motion Requesting an Enlargement of time in hard copy by FedEx to the addressees below:

The Chambers of the Honorable James M. Peck
Courtroom 601
One Bowling Green
New York, NY 10004

Shai Waisman, Esq.
Weil, Gotshal □ Manges LLP
767 Fifth Avenue
New York, NY 10153
shai.waisman@weil.com

Office of the US Trustee for the Southern District of New York
Attn.: A. Valez-Rivera, P. Schwartzberg, B. Masumito, L. Riffkin, T.H. Davis, Esq.
33 Whitehall Street, 21st floor
New York, NY 10004

D.F. Dunne, D. O'Donnell, E. Fleck
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
efleck@milbank.com
dodonnell@milbank.com
ddunne@milbank.com

The documents were electronically transmitted to addressees whose email addresses are written out above.

Dated: October 15, 2010

Respectfully submitted by

**Nagy és Trócsányi Ügyvédi Iroda**

Péter P. Nagy, partner
Nagy és Trócsányi Ügyvédi Iroda
Ugocsa utca 4/B, Budapest 1126
Republic of Hungary
Email: nagy.peter@nt.eu
Telephone: 011 36 1 487-8700
Facsimile: 011 36 1 487-8701