**Hearing Date and Time: October 27, 2010 at 10:00 a.m. (Eastern Standard Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                      :    Chapter 11 Case No.
                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.,     :    08-13555 (JMP)
                                           :
                      Debtors.             :    (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' REPLY TO RESPONSES AND IN FURTHER**
**SUPPORT OF DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED**
**BY WILLIAM KUNTZ III (CLAIM NOS. 33550, 33551, 33552, 35121 AND 35430)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (together the "Debtors," and collectively with their non-debtor affiliates, "Lehman"), submit this reply (the "Reply") to the responses (the "Responses") filed by William Kuntz III ("Kuntz") to the Debtors' objection, dated September 15, 2010 (the "Objection"),[1] to Claim Nos. 33550, 33551, 33552, 35121 and 35430, (collectively, the "Kuntz Claims") filed by Kuntz against certain Debtors, and in further support of their Objection, respectfully represent:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

**Preliminary Statement**

1.  As demonstrated in the Objection, Kuntz does not have any valid claims against the Debtors.  The Surviving Claims do not allege a legal basis for a claim against any Debtor and, therefore, are not worthy of the presumption that such claims are *prima facie* valid.  Assuming *arguendo* that a claim has been asserted, the Debtors have sufficiently refuted Kuntz's allegations purporting to make out a claim.  The burden now is on Kuntz to establish the validity of his claims.  Kuntz's Responses cannot possibly be interpreted to establish a valid claim against any Debtor.  The Responses generally rehash the same unsubstantiated theory of liability asserted in the Kuntz Claims in an attempt to collect from Lehman Commercial Paper Inc. ("LCPI") amounts in respect of a security owned by Kuntz that was issued by a Grand Union entity.  That entity is wholly unrelated to the Debtors.  This Court should disallow and expunge in their entirety the Surviving Claims for the reasons set forth in the Objection and herein.

2.  The Objection also requests that the Court disallow and expunge in their entirety two Superseded Claims.  Kuntz did not respond or object to such request, and therefore, this Court should disallow and expunge such claims without further consideration.

**The Court Should Overrule the Responses and
Disallow and Expunge the Surviving Claims in their Entirety**

Kuntz Fails to State a *Prima Facie* Claim

3.  Bankruptcy Rule 3001(f) provides that a proof of claim is *prima facie* evidence of the validity and amount of such claim.  However, if the claimant does not allege a sufficient legal basis for the claim, the claim is not considered *prima facie* valid, and the burden remains with the claimant to establish the validity of the claim.  *In re Chain*, 255 B.R. 278, 281 (Bankr. D. Conn. 2000); *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *Best Payphones, Inc. v. Verizon N.Y., Inc. (In re Best Payphones, Inc.)*, 2006 U.S. Dist. LEXIS 10297 at *9

(S.D.N.Y. Mar. 14, 2006) ("it is clearly established law that the Rule 3001(f) presumption governs only the burden of production, and that the ultimate burden of proving the claim by a preponderance of the evidence remains with the claimant").

4. The Responses restate the principal allegations of the Kuntz Claims that an escrow agreement was established in the first GU Company bankruptcy for the benefit of Zero Noteholders and that the funds from such escrow were transmitted to the Lehman Debtors. Kuntz fails, however, to provide anything other than his bald assertions to support his baseless claims. Two years after these cases were commenced, and nearly 6 weeks after the Objection was filed, Kuntz has not offered up a single pleading, agreement, decision of the Court, transcript or any evidence whatsoever to support his theory of liability. The reason Kuntz has not provided such evidence is that none exists and the Debtors have no liability to Kuntz.

<u>Kuntz Fails to Meet His Burden to Establish a Valid Claim</u>

5. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524,539 (Bankr. S.D.N.Y. 2000). The Objection sufficiently refutes the allegations asserted in the Surviving Claims. By law, the burden remains with Kuntz to establish the validity of the Kuntz Claims.

6. Considering all the information Kuntz provided in the Kuntz Claims and in the Responses, as well as information beyond that provided by Kuntz, Kuntz has not, and cannot, satisfy his burden and establish valid claims against the Debtors. The Grand Union entities, the Zero Notes, the Zero Settlement and the Escrow are entirely unrelated to these cases.

3

Kuntz simply has no valid claims against the Debtors.  Therefore, the Surviving Claims should be disallowed and expunged in their entirety for the reasons set forth in the Objection and herein.

### Kuntz's Responses to the Objection

7.      The Responses include the (i) Reply of William Kuntz, III to Debtors' Objection to Proofs of Claim, dated as of September 15, 2010 (the "First Response"), (ii) First Supplemental Reply to Debtors' Objection to Proofs of Claim, dated as of September 16, 2010 (the "Supplemental Reply"), and (iii) Supporting Affidavit, dated as of October 8, 2010 (the "Supporting Affidavit").[2]  The Responses include a "History of Grand Union" and certain of its corporate transactions, which is factually inaccurate in many respects, and irrelevant to this proceeding in all respects.  Supplemental Reply ¶ 4.  Set forth below is the Debtors' reply to Kuntz's assertions and allegations included in his Responses.  As demonstrated below, the Responses contain no fact or law sufficient to support Kuntz's theory or claim against any of the Debtors but, rather, set forth more of Kuntz's lamentations and other misgivings over the Grand Union cases.

A.  Kuntz's Ownership of the Zero Notes

8.      Kuntz asserts that he "owns 3 Grand Union Capital Corp 0% Notes." Supplemental Reply ¶ 1.  Kuntz states, "The Face Amount are respectively $1.3 million, $1 million, and $892,000 US Dollars.  This accordingly relates to the 3 Proofs of Claim." *Id.* Kuntz also asserts that the smallest of the three GU Capital notes was mistakenly exchanged for Warrants.  *Id.* at ¶ 3; Supporting Affidavit ¶ 8.  Such exchange would have occurred had Kuntz entered into the Zero Settlement in the GU Company's first bankruptcy.  However, Kuntz opted

---

[2] In addition to the Responses, Kuntz filed a Notice to Call Witnesses in Defense of Proofs of Claim, dated as of September 23, 2010 (the "Notice").  The Notice sought the live testimony of certain individuals at the hearing on this matter.  It does not appear that Kuntz affected proper service on such individuals, and Kuntz made the appearance voluntary at the discretion of the deponent.

out of the Zero Settlement and his Zero Note should not have been exchanged.  Kuntz states that

a stipulation was subsequently issued with reference to the smallest note.  Supplemental Reply ¶

3.  Kuntz asserts that based upon an order of the New Jersey Bankruptcy Court, Kuntz's Zero

Note that was mistakenly exchanged was "restored to him."  Supporting Affidavit ¶ 9.

9.      Despite Kuntz's allegations, Kuntz has failed to attach to his proofs of

claim or provide this Court with a copy of <u>any</u> of the three notes he alleges to hold, the

stipulation he relies upon, or any evidence whatsoever that supports his claim.

10.     Based upon the Debtors' review of the Grand Union chapter 11 cases, the

Debtors do not dispute that Kuntz was the owner of certain securities issued by GU Capital and

acknowledge such fact in the Objection.  Objection ¶ 46-48.  As Debtors stated in the Objection,

records indicate that Kuntz entered into a Stipulation with GU Company, and his ownership

interest in the Zero Note in then-dissolved GU Capital was restored.  *Id.*  However, Kuntz's

interest in the Zeros Notes in GU Capital does not result in any claim against the Debtors.

B.  The Escrow

11.     Kuntz asserts several times in the Responses that the Debtors took the

money from an escrow account established by Grand Union.  First Response ¶ 6-7; Supplemental

Reply ¶  6.  Kuntz states that "Contained in the Plan (GU Company's chapter 11 plan) was a

Cash Escrow of some $3 Million US Dollars."  Supporting Affidavit ¶ 3.  Kuntz plays fast and

loose with the facts and quotes a portion of the Zero Settlement between certain holders of Zero

Notes and the Grand Union entities, purportedly to establish a link between the Escrow and the

Zero Notes.  *Id*.  Kuntz quotes Section 9 of the Zero Settlement, whereby GU Capital granted a

release to certain parties, including MTH, of GU Capital's claims that arise out of or in

connection with the Zero Coupon Notes.  The full version of the Zero Settlement is included as

<u>Exhibit C</u> to the Objection, and a full review of the section cited by Kuntz clearly reveals that his interpretation of those provisions is disingenuous and incorrect.

12.     Kuntz provides no evidence of the existence of an escrow agreement in which he or holders of the Zero Notes had an interest.  He provides no accurate reference to the record of the Grand Union cases, no plan, no agreement, and no order of the Court that established any such escrow.  Even if Kuntz could establish the existence of this non-existent escrow, he fails to provide any evidence that the funds from such purported escrow were taken by the Lehman Debtors.

13.     The Debtors provided evidence that, as discussed in detail in the Objection, Grand Union did establish an Escrow agreement for the benefit of MTH to reimburse MTH for any claims or expenses incurred as a result of the Zero Settlement.  To the best of the Debtors' understanding, Kuntz appears to be attempting to connect the Escrow created in connection with the MTH Settlement Agreement with the Zero Notes and the Zero Settlement.  As demonstrated in the Objection, the MTH Settlement is not related to the Zero Settlement and, in fact, makes no reference to the Zero Settlement or Zero Notes.  *See* Objection ¶ 44.  The amounts held in the Escrow were not permitted to be used to make distributions on the Zero Notes or to the Zero Noteholders.  *Id.*  As set forth in the Objection, records indicate that the funds in the escrow account were ultimately not needed to reimburse MTH and were distributed back into the general operating account of GU Company.  *See* Objection ¶ 43-44.  Based on the Debtors' review of the chapter 11 cases of Grand Union, no escrow agreement exists in relation to the Zero Notes.

C.  The Judge Martini Letter

14.      Kuntz refers to, and attached to the First Response, a letter ruling, dated
June 10, 2005 (the "Martini Letter Ruling"), from the third GU Company chapter 11 case
whereby Judge Martini denied GU Company's motion for reconsideration of the court's
dismissal of an appeal filed by GU Company based on the failure by GU Company to prosecute
the appeal.  *See also* First Response ¶  1.

15.      The Martini Letter Ruling has no relevance to Kuntz's claims and does not
mention any Lehman Debtor or an escrow account.  Kuntz seems to point to the Martini Letter
Ruling only to establish that the Lehman Debtors' counsel represented GU Company in its third
chapter 11 case, a fact not in dispute.  The Lehman Debtors' counsel representation of GU
Company in its third bankruptcy has no bearing on the validity of Kuntz's claims against the
Debtors.

D.  The Grand Union Transcript

16.      Kuntz references a transcript of a hearing before Judge Winfield that
reflects that "the Cash Escrow Account was applied to the Lehman Debt" First Response ¶  6.
Kuntz does not provide such transcript, a quote from such transcript, a copy of a motion seeking
authority to apply any funds, any order of the Court authorizing the application of such funds, or
a detailed description of the matters discussed.  Rather, Kuntz alleges without any support, that
he "believes that Lehman took and holds the Money."  *Id.* ¶ 7.

7

E.  The State Comptroller

17.    Kuntz provides certain "Item Details" which he apparently asserts are records from the State Controller of New York.  First Response ¶ 8; Supplemental Reply ¶ 5. Kuntz appears to allege that certain funds that belong to him either escheated to the State of New York, or should have escheated to the State of New York.

18.    Kuntz also asserts that, because funds of GU Capital escheated to the State of New York years after GU Capital dissolved, there was "some kind of funny-business going on" that supports the validity of the Surviving Claims.  Supplemental Reply ¶ 5.  In support of such assertion, Kuntz included in the Supplemental Reply alleged reports of "Unclaimed Funds" to New York State from 1998 and in 2005.  *Id.*  Kuntz does not provide the source of such reports or explain how such reports are supportive of the Kuntz Claims.

19.    The purpose or relevance of the alleged records of the State Comptroller of New York is mystifying to the Debtors.  Whether or not funds from Grand Union escheated to the State of New York has no bearing on the chapter 11 proceedings of the Debtors, and does not create any claim against the Debtors.

F.  The Deposition

20.    Kuntz asserts that a deposition was taken from him "by Grand Union's Counsel in Lake Placid, NY at the Law Offices of Briggs, Dwyer and Smith" regarding his interest in GU Capital.  Supplemental Reply ¶ 1; Supporting Affidavit ¶ 5.  Kuntz provides that the deposition "was never Docketed or used further in any Court Proceedings."  Supporting Affidavit ¶ 5.  Once again, Kuntz does not provide a transcript of such deposition or any additional details regarding the relevancy of the deposition to the Kuntz Claims to these chapter 11 cases.

G.  The Size of the Kuntz Claim

21.    Kuntz's final argument is that his claims should be allowed merely because his claims purportedly represent "10/600,000th" of the total claims filed in these case and because Debtors' counsel was purportedly co-counsel in GU Company's third bankruptcy.  *Id*. at Conclusion.  Such assertions obviously are not bases for valid claims, and should not be given any consideration by the Court.

## Conclusion

22.    Similar to the Kuntz Claims, the Responses contain indecipherable information and allegations that are unsupported by fact or law.  Despite multiple opportunities, Kuntz has not produced one iota of evidence in support of his fictitious theories.  Kuntz has failed to meet his burden in proving any claim against these Debtors.  The Kuntz Claims should be expunged, and all relief requested in the Objections should be granted.

WHEREFORE the Debtors respectfully request that the Court overrule the Responses and the Debtors' Objection be granted, together with such other and further relief to the Debtors as is just.

Dated:  October 25, 2010
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession