**Presentment Date and Time:  November 2, 2010 at 12:00 p.m. noon (Prevailing Eastern Time)**
**Objection Deadline:  November 1, 2010 at 12:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed):  November 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**            :    **08-13555 (JMP)**
                                                            :
              Debtors.                                      :    **(Jointly Administered)**
                                                            :
                                                            :
------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER GRANTING STATE STREET BANK AND TRUST COMPANY LIMITED RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement, and Order Granting State Street Bank and Trust Company Limited Relief from the Automatic Stay (the "Stipulation, Agreement and Order") between Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc., as debtors and debtors-in-possession, and State Street Bank and Trust Company to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **November 2, 2010 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **November 1, 2010 at 12:00 noon (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **November 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 25, 2010
      New York, New York

      /s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Presentment Date and Time: November 2, 2010 at 12:00 p.m. noon (Prevailing Eastern Time)**
**Objection Deadline: November 1, 2010 at 12:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): November 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                                                  :
In re                                                             :   Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,                            :   08-13555 (JMP)
                                                                  :
                       Debtors.                                   :   (Jointly Administered)
                                                                  :
                                                                  :
                                                                  :
------------------------------------------------------------------x
```

### STIPULATION, AGREEMENT AND ORDER GRANTING STATE STREET BANK AND TRUST COMPANY LIMITED RELIEF FROM THE AUTOMATIC STAY

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor Lehman Brothers Commercial Paper Inc. ("LCPI" and, together with LBHI, "Lehman"), and State Street Bank and Trust Company ("State Street" and, together with Lehman, the "Parties") by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order ("Stipulation") and represent and agree as follows:

### RECITALS

A. On September 15, 2008 and periodically thereafter (the "Petition Date"), LBHI and certain of its subsidiaries, including LCPI, (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On or about June 8, 2007, L.H. 1440 LLC (the "Borrower") and LBHI executed two loan agreements: (1) the Acquisition and Project Loan Agreement (the "APLA") and (2) the Building Loan Agreement (the "BLA" and, together with the APLA, the "Loan Agreements"). The Loan Agreements concern the Borrower's project to acquire and develop real estate located

at 1440 Story Avenue in the Bronx, New York (the "Property").

C. The Loan Agreements provide for three distinct loans. The APLA provides for the "Acquisition Loan" in the original principal amount of $15,649,568.31 and the "Project Loan" in the original principal amount of $6,232,323.69, and the BLA provides for the "Building Loan" in the original principal amount of $4,875,819.00. In connection with the Loan Agreements, the Borrower also executed three separate promissory notes, and the Borrower and LBHI executed three separate mortgage and security agreements, one for each of the three loans.

D. In 2007, as part of a repurchase transaction (the "Repo Transaction") under the terms of a Master Repurchase Agreement, State Street purchased interests in certain loans from LCPI. The Acquisition Loan was one of the loans purchased in the Repo Transaction. Accordingly, Lehman currently has no ownership or other interest in the Acquisition Loan. Lehman continues to own the Project Loan and the Building Loan.

E. The Borrower commenced an adversary proceeding against the Parties on March 31, 2009. The Court granted State Street's motion to dismiss the complaint on September 25, 2009. After the Borrower filed an amended complaint, the Court granted State Street's motion to dismiss on July 21, 2010. The Borrower appealed this dismissal, which appeal is pending before the District Court.

F. After the Court dismissed the amended complaint as to State Street, the Borrower and Lehman submitted to the Court a stipulation to dismiss the Borrower's claims against Lehman. By filing that stipulation, Borrower acknowledged that its dispute here as to the Acquisition Loan is with State Street and not with any of the Debtors. The Court so ordered that stipulation on August 19, 2010 [Docket No 40].

G. State Street asserts that the Borrower has defaulted on the Acquisition Loan and

4

seeks to foreclose on the Property under applicable state law.

H.  The mortgage securing the Acquisition Loan was recorded prior to the mortgages securing the Project Loan or the Building Loan, and, thus, State Street's interests under the Acquisition Loan are senior to Lehman's interests under either the Project Loan or the Building Loan.

I.  The Parties have agreed to enter into this Stipulation upon the terms and conditions stated in this filing.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.  This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.  Upon the Effective Date, the automatic stay under section 362(a) of the Bankruptcy Code (the "Automatic Stay") shall be modified solely to the extent necessary to permit State Street to exercise its rights solely with respect to the Property under the Acquisition Loan documents and applicable law.

3.  Any funds recovered by State Street on account of the Property in excess of the amounts owed on the Acquisition Loan including any costs and expenses in connection with the realization of such funds in connection with the foreclosure, will be remitted to Lehman on account of the Project Loan and the Building Loan, unless applicable law creates a lien on the Property senior to that of Lehman's interest.

4.  Lehman, through its officer(s), is hereby authorized to make, execute, file and deliver such statements, instruments, and other documents and to take all other and further actions that may be required or necessary for the performance by Lehman of the terms of this

5

Stipulation, and each of the Parties is hereby authorized to file, register or otherwise record a copy of this Stipulation.

5.  Other than as set forth in Paragraph 2 above, the Automatic Stay remains in full force and effect including, without limitation, those provisions prohibiting any act to collect, access, or recover a claim that arose prior to the Petition Date from the Debtors, the Debtors' estates and/or to exercise control over assets or property of the Debtors or the Debtors' estates (as defined in section 541 of the Bankruptcy Code).

6.  This Stipulation shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, records of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Property and the transactions effectuated in connection therewith under this Stipulation.

7.  Except as expressly provided herein, nothing in this Stipulation shall constitute or be construed as (a) an amendment to the documents evidencing or securing the Acquisition Loan, Project Loan or Building Loan, or any guaranty of the obligations of the Borrower thereunder, or of the Loan Agreements or (b) an admission as to the validity of any claim of or against any Party, or as a waiver of the rights of any Party to dispute any claim.

8.  Nothing herein shall affect any rights as between LCPI and LBHI or shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of LBHI or LCPI.

9. Each person who executes this Stipulation on behalf of a Party represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

11. This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

12. This Stipulation shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

13. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

**STATE STREET BANK AND TRUST COMPANY**

*By its attorneys,*

    /s/  Andrew C. Phelan

Sabin Willett (*admitted pro hac vice*)
Andrew C. Phelan (*admitted pro hac vice*)
Evan J. Benanti
Eric Heining (*admitted pro hac vice*)
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, Massachusetts 02110
(617) 951-8000

**LEHMAN BROTHERS HOLDINGS INC., LEHMAN COMMERCIAL PAPER INC.**

*By their attorneys,*

    /s/ Jacqueline Marcus

Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

**SO ORDERED.**

Dated: _____, 2010

_____
James M. Peck
United States Bankruptcy Judge

7