**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
:
       Debtors.                                   :    (Jointly Administered)
:
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER GRANTING**
**ALPINE BANK RELIEF FROM THE AUTOMATIC STAY**

       LB Rose Ranch LLC ("Rose Ranch") and Alpine Bank ("Alpine," together with Rose Ranch, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (this "Stipulation") and represent and agree as follows:

**RECITALS**

       A.    On September 15, 2008 and periodically thereafter (as applicable, the "Petition Date"), Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "Debtors"), including Rose Ranch, commenced in this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

       B.    On or about January 16, 2007, Alpine entered into a construction loan agreement with Ironbridge Homes LLC ("Ironbridge"), pursuant to which Ironbridge borrowed funds from Alpine and executed two promissory notes (the "Alpine Notes") in the original principal amounts of $640,725 and $760,000 in favor of Alpine, secured by first position deeds of trust (the "Alpine Deeds of Trust," and together with the Alpine Notes, the "Alpine Loan") relating to certain real property known as "Lot 66" and "Lot 67," respectively (the "Riverfront Lots").

C. On or about March 7, 2007, Rose Ranch entered into a purchase and sale agreement with Ironbridge pursuant to which Ironbridge executed two promissory notes (the "Rose Ranch Notes") in the original principal amounts of $340,000 and $350,000 in favor of Rose Ranch, secured by subordinate deeds of trust and security agreements (the "Rose Ranch Deeds of Trust," and together with the Rose Ranch Notes, the "Rose Ranch Loan") that also relate to and encumber the Riverfront Lots.

D. Alpine Bank and Rose Ranch are parties to two certain Subordination Agreements, each dated as of March 7, 2007 (the "Subordination Agreements"), pursuant to which certain of Rose Ranch's rights, title and interests in and under the Rose Ranch Loan are subordinated to certain of Alpine's rights, title and interest in and under the Alpine Loan.

E. Alpine has asserted that Ironbridge has defaulted on the Alpine Loan and, accordingly, that Alpine is entitled to, and may seek to, foreclose on the Riverfront Lots.

F. Pursuant to the Subordination Agreements, Alpine is required to provide Rose Ranch with copies of all notices of default in connection with the Alpine Loan, and Rose Ranch has the right, but not the obligation, to cure any default by Ironbridge and the option to purchase the Alpine Loan on the terms set forth therein. Rose Ranch has not exercised its rights to cure the Ironbridge's alleged default or exercised its option to purchase the Alpine Loan.

G. On September 28, 2010, Alpine filed a motion (the "Stay Relief Motion") for entry of an order modifying the automatic stay pursuant to Section 362(d) of the Bankruptcy Code and permitting Alpine to obtain possession of, foreclose on, and otherwise dispose of the Riverfront Lots.

H. In an effort to consensually resolve certain issues that have arisen in connection with Alpine's exercise of its rights and remedies with respect to Ironbridge's alleged default in connection with the Alpine Loan, the Parties have agreed that it is in their best interests to enter into this Stipulation upon the terms and conditions herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the automatic stay extant pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") shall be modified (a) to the extent necessary to permit Alpine to exercise its rights under the Alpine Loan and applicable law (the "Alpine Loan Rights"), including foreclosure on the Riverfront Lots pursuant to the Deeds of Trust (the "Foreclosure"), (b) to the extent necessary to permit the effect of the Foreclosure or the effect of the exercise of the Alpine Loan Rights to affect, modify, alter or extinguish any interest of Rose Ranch in the Riverfront Lots, as such effect, modification, alteration or extinguishment may be provided for under Colorado law and the Subordination Agreements, and (c) retroactively such that all acts previously taken by Alpine in connection with the exercise of such rights, including without limitation its prior notification to Rose Ranch of Ironbridge's default and Rose Ranch's opportunity to exercise its rights in connection therewith, are not deemed to have been in contravention of the Automatic Stay.

3. Rose Ranch, through its officer(s) and any other duly designated person, is hereby authorized to make, execute, file and deliver such statements, instruments, and other documents and to take all other and further actions that may be required or necessary for the performance by Rose Ranch of the terms of this Stipulation, and each of the Parties are hereby authorized to file, register or otherwise record a copy of this Stipulation.

4. Other than as set forth in Paragraph 2 above, the Automatic Stay remains in full force and effect including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the respective Petition Dates of the respective Debtors, the Debtors' estates and/or to exercise control over assets or property of the Debtors or the Debtors' estates (as defined in section 541 of the Bankruptcy Code).

3

5. This Stipulation shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Riverfront Lots and the transactions effectuated in connection therewith under this Stipulation.

6. Except as expressly provided herein, nothing in this Stipulation shall constitute or be construed as (a) an amendment to the documents evidencing or securing the Rose Ranch Loan or any guaranty of the obligations of Ironbridge thereunder, or of Alpine Loan or the Subordination Agreements or a waiver or forgiveness of Ironbridge's alleged default in connection with the Alpine Loan or (b) an admission as to the validity of any claim of or against any Party, or as a waiver of the rights of any Party to dispute any claim.

7. Upon the Effective Date, the Stay Relief Motion shall be deemed withdrawn with prejudice.

8. Each person who executes this Stipulation on behalf of a Party represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

11. This Stipulation shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a) (3).

12. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Dated: October 21, 2010

| **WEIL, GOTSHAL & MANGES LLP** | **BECKER, GLENN, MELAMED & MUFFLY LLP** |
|---|---|
| /s/ Shai Y. Waisman | /s/ Alec P. Ostrow |
| Shai Y. Waisman | Alec P. Ostrow |
| 767 Fifth Avenue | 299 Park Ave. |
| New York, New York 10153 | New York, New York 10171 |
| Telephone: (212) 310-8000 | Telephone: (212) 888-3022 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 888-255 |
| Attorneys for Debtors and Debtors in Possession | Counsel for Alpine |

**SO ORDERED:**

Dated: New York, New York
       October 26, 2010

　　　　　　　　　　　　　　*s/ James M. Peck*
　　　　　　　　　　　　　　HONORABLE JAMES M. PECK
　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

5