**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                                         :    Chapter 11
                                                              :    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :
                                                              :    Jointly Administered
                                         Debtors.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# STIPULATION AND ORDER GOVERNING THE PRODUCTION OF CONFIDENTIAL MATERIALS

In connection with the Rule 2004 Lehman Brothers Holdings, Inc. and its affiliated debtors' (collectively, "Debtors") Subpoena (the "Subpoena") directed at Greenlight Capital, Inc. ("Greenlight", and with Debtors, the "Parties") dated April 13, 2010 and served pursuant to the November 23, 2009 Order of the United States Bankruptcy Court for the Southern District of New York (the "Order") granting the Debtors authority to issue subpoenas for the production of documents and authorizing the examination of persons and entities in the Chapter 11 proceeding captioned *In re Lehman Brothers Holdings Inc., et al.* (Case No. 08-13555) (the "Bankruptcy Case"), the Parties hereby stipulate and agree, through their undersigned counsel of record to the following Stipulation Governing the Production of Confidential Materials in response to Debtors' Subpoena (the "Stipulation"):

1.        This Stipulation shall govern the designation and handling of any document, deposition testimony, electronic data, expert report or other information disclosed or produced herein by or on behalf of Greenlight to Debtors (the "Discovery Materials") in accordance with the Subpoena or any additional subpoenas served by the Debtors upon Greenlight pursuant to the Order.

2. "Document" or "Documents" shall have the meaning set forth in Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of New York.

3. "Person" or "Persons" shall have the meaning set forth in Rule 26(c)(6) of the Local Rules of the United States District Court for the Southern District of New York.

4. Greenlight may designate any Discovery Materials as "CONFIDENTIAL" pursuant to this Stipulation by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent. Designation of Discovery Materials as "CONFIDENTIAL" shall be based on a good faith belief by Greenlight that such materials contain (a) a trade secret or other confidential research, development, or commercial information protected by Rule 26 of the Federal Rules of Civil Procedure ("FRCP"), (b) information subject by law or by contract to a legally protected right of privacy, and/or (c) information that Greenlight is legally obligated to keep confidential, as reasonably determined by Greenlight.

5. Except as set forth herein or in any subsequent order of the Court, Discovery Materials designated "CONFIDENTIAL" and any part of the information contained in those Discovery Materials, shall not be delivered, exhibited, or disclosed, directly or indirectly, to persons other than:

    (a) the Court and persons employed by it or appointed by it;

    (b) court reporters, videographers or other qualified persons taking testimony;

    (c) the Parties, including their current employees, consultants, advisors, attorneys, parents, subsidiaries and affiliates, and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. (the "Committee"), as well as the Committee's consultants, advisors, and counsel;

2

(d) counsel retained by the Parties hereto, and the paralegal, clerical and secretarial staff employed by such counsel;

(e) independent copying and computer services firms, or their employees, retained to copy or index any Discovery Materials;

(f) actual or potential party or non-party fact witnesses and their counsel, provided there is a reasonable basis to believe that the fact witness may give relevant testimony regarding the designated Discovery Materials;

(g) expert witnesses at or in preparation for deposition or trial, provided there is a reasonable basis to believe the witness may give relevant testimony regarding the designated Discovery Materials;

(h) persons identified on the face of the Discovery Materials as having authored or previously received the Discovery Materials; and

(i) such other persons as Greenlight and Debtors may agree upon in writing or as ordered by the Court and further provided that nothing herein shall prevent or prejudice a party from seeking to enlarge the recipients of Confidential information herein by making such a motion with the Court.

6.  Also, Greenlight may designate as "CONFIDENTIAL" any Discovery Materials produced by any other non-party consultant or advisor to Greenlight, to the extent that the Discovery Materials produced satisfy the standards set forth in paragraph 4 above as to Greenlight.

7.  The Discovery Materials shall be used only for purposes related to the Order granting the Debtors authority to issue subpoenas for the production of documents and authorizing the examination of persons and entities, including, but not limited to, the investigation and prosecution of claims belonging to the Debtor, and not for any commercial,

3

business, competitive or other purpose (including in connection with the media) not otherwise relating to or arising from the Order.

8. Any party wishing to designate as "CONFIDENTIAL" portions or all of any deposition testimony may do so on the record during the deposition, or within five (5) business days after receipt of the final deposition transcript by providing written notice of the designation to the other party and any other affected person(s). The party making the designation shall be responsible for ensuring that those portions of the deposition transcript designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter. The Parties shall avoid designating entire transcripts as "CONFIDENTIAL" where only a portion thereof qualifies for such protection, and, to the extent reasonably practicable, only those portions that qualify for protection should be so designated. To the extent that deposition testimony later designated "CONFIDENTIAL" is disclosed by a party prior to the other party's designation of that testimony, such disclosure shall not constitute a breach of this Stipulation, but such testimony shall thereafter be deemed "CONFIDENTIAL" for all purposes as if it has been so designated at the time it was given. To the extent that transcripts of deposition testimony given prior to the date of this Stipulation already have been designated by agreement of two or more parties hereto as CONFIDENTIAL in their entirety, nothing herein shall be construed to, or shall, change such designation or in any way reduce the protections that it affords.

9. Discovery Materials previously designated "CONFIDENTIAL" that are marked as exhibits during a deposition shall be treated by the Parties as "CONFIDENTIAL."

10. Whenever Discovery Materials designated as "CONFIDENTIAL" are to be discussed or disclosed in a deposition, any party discussing or disclosing such Discovery Materials must first exclude from the room any person who is not entitled to receive or review such material under this Stipulation.

11. Any Discovery Materials that are inadvertently produced, after the entry of this Stipulation, without a "CONFIDENTIAL" designation may be subsequently redesignated by the producing party as "CONFIDENTIAL" upon written notice making such designations by specific reference to the Bates numbers of documents previously produced. No person shall be liable for disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of the written notice described in the previous sentence.

12. If the Debtors intend to file with the Court, in connection with a motion, documents, depositions or other "CONFIDENTIAL" Discovery Materials they shall first provisionally file such papers under seal (the "Provisional Filing"). Thereafter, if Greenlight wishes to maintain the seal, it shall file a motion to that effect no later than 20 days after the Provisional Filing. If no motion is filed within the 20-day period, the Clerk of Court shall unseal the Provisional Filing.

13. The Parties agree that all persons employed by either Greenlight or the Debtors who are given access to protected Discovery Materials will be instructed that such persons and the Parties are bound by the terms of this Stipulation.

14. All persons described in paragraphs 5(f), (g), and (h) or any person who otherwise comes to possess "CONFIDENTIAL" Discovery Materials from the Debtors must read and agree to be bound by this Stipulation before they are given access to protected Discovery Materials. Any party who attends a deposition or Rule 2004 examination in connection with the Subpoena where confidential information is used and is not identified in paragraph 5 shall read and agree on the record to be bound by the Stipulation. Any member of the Committee must read this Stipulation and execute an undertaking (attached hereto as Exhibit A) before they are given access to protected Discovery Materials. Additionally, in the event the protected Discovery Materials are used at a deposition or Rule 2004 examination, portions of the

5

transcript of such examination shall also be treated as "CONFIDENTIAL," pursuant to this Stipulation, to the extent that said portions discuss the protected Discovery Materials.

15. The provisions of this Stipulation, insofar as they restrict the disclosure and use of "CONFIDENTIAL" Discovery Materials, shall continue to be binding on all parties and persons subject to the terms of this Stipulation, as well as Undersigned Counsel, notwithstanding the final termination of the Rule 2004 Discovery or any adversarial proceedings commenced in connection with the subject matter of the Subpoena.

16. If any party receives a subpoena seeking, or court order requiring, the production or disclosure of any "CONFIDENTIAL" Discovery Materials received from another party, that party shall give written notice to the producing party within five (5) business days of receipt of such subpoena or court order, and in no event less than five (5) business days prior to the time for production of such Discovery Materials pursuant to the subpoena or court order, if possible. If such written notice cannot be made, the party receiving the subpoena must immediately give notice to counsel for the producing party by telephone. In no event shall production or disclosure be made before notice is given, unless the party receiving the subpoena or court order is prohibited by law or regulatory order from providing such notice. The purpose of this paragraph is to provide the producing party the opportunity to intervene at its own expense to object to the production of such Discovery Materials.

17. Any party may object at any time to the designation of any document as "CONFIDENTIAL" made by the other party. Any such objection must be in writing to the designating party and the objecting party must request a meeting to attempt to resolve the dispute. If the dispute is not resolved through this meet-and-confer process, the objecting party may seek appropriate relief from the Court on an expedited basis. The designating party shall have the burden to demonstrate that the Discovery Materials that are the subject of any motion

before the Court were properly designated pursuant to this Stipulation and applicable law. In the event that a large number of such Discovery Materials are in dispute, the Parties shall use their best efforts to agree upon a reasonable amount of time during which any party may move the Court for appropriate relief. Any disputed Discovery Materials shall be treated in accordance with their designation under this Stipulation until the Court rules otherwise.

18. The inadvertent production of any document or other disclosure of any document or information that the producing party contends is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto. Within five (5) business days after the discovery of the inadvertent production, the producing party shall provide written notice to the receiving party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents or information. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned within five (5) business days of such demand.

19. If any party objects to a claim of privilege or a claim of inadvertent production given pursuant to the preceding paragraph, it shall so notify the other party in writing. The Parties shall attempt to resolve the dispute amicably within the five (5) business days following such written notice. If the dispute is not resolved, the Party claiming privilege or inadvertent production may move the Court for appropriate relief concerning the document(s) at issue. From the time of the notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the Parties otherwise agree.

20. Upon the later of (a) the conclusion of the Bankruptcy Case; (b) the termination of any rights of the Debtors' estate or their successor to bring claims against any person or entity in connection with the subject matter of the Subpoena; (c) the termination of all litigation or proceedings, including mediations, commenced in connection with the subject matter of the Subpoena; (d) the resolution of all disputes between the Debtor and any person or entity relating to the subject matter of the Subpoena; or (e) agreement of the Parties, all Confidential Material provided by Greenlight in connection with the Bankruptcy Case or Rule 2004 Order, including all copies thereof, shall be either returned to Greenlight or destroyed. This obligation to return or destroy Confidential Material shall extend and apply to any witness retained by Debtors' counsel. If Confidential Material is destroyed, counsel for the Debtors shall, within fourteen (14) days following such destruction, certify in writing to Greenlight that all such Confidential Material within its possession has been destroyed. Nothing herein shall prevent the Parties from maintaining a set of documents and pleadings filed with any court, arbitrator or arbitration panel, even if those filed documents and pleadings were filed under seal and contain Confidential Material.

21. Nothing in this Stipulation shall limit Greenlight's use of its own documents or prevent it from disclosing its own "CONFIDENTIAL" information to any person. Such disclosures shall not affect any "CONFIDENTIAL" designations made pursuant to the terms of this Stipulation so long as disclosure is made in a manner in which is reasonably calculated to maintain the confidentiality of the information.

22. The failure to designate Discovery Materials as "CONFIDENTIAL" shall not constitute a waiver of any claim outside of the Rule 2004 Discovery process or related litigation that such materials contain trade secrets or proprietary business information, or are otherwise confidential.

8

23. Nothing in this Stipulation shall relieve a party of its obligations under the FRCP or under any future stipulations and orders, regarding the production of documents or the making of timely responses to discovery requests.

24. If, subsequent to the execution of this Stipulation, the Debtors or, counsel on its behalf, enter into a stipulation (an "Alternative Stipulation") with one or more of the Citadel Investment Group, SAC Capital Investors, or Och-Ziff Capital Management Fund relating to confidential materials produced or to be produced in the Bankruptcy Case, the Parties agree that, Greenlight may (but is not required to), in its sole discretion, elect once to enter into an amended stipulation (an "Amended Stipulation") containing terms that are identical (other than party names and other administrative or non-substantive revisions) to an Alternative Stipulation selected by Greenlight. If Greenlight chooses to enter into an Amended Stipulation, the Parties agree to execute the Amended Stipulation and take all reasonably necessary steps for it to be fully effective (including, without limitation, informing the Court that this so-ordered Stipulation is no longer valid, or if the Alternative Stipulation opted into is "so-ordered", causing the Amended Stipulation to be "so-ordered" ). If Greenlight chooses to enter into an Amended Stipulation described above, the terms of the Amended Stipulation shall be deemed to have been effective as of the date of this Stipulation, to the extent reasonably practicable. Unless and until Greenlight chooses to enter into an Amended Stipulation, this Stipulation shall remain in full force and effect.

25. This Stipulation shall be without prejudice to and does not impair the ability or rights of: (a) Greenlight to seek further limitations on disclosure or protections for the confidentiality of any Discovery Materials designated as "CONFIDENTIAL" in addition to the limits and protections provided herein; or (b) Debtors to seek relief from any of the limits on disclosure or protections provided herein.

9

26. This Stipulation may be signed in counterparts.

27. The Parties agree to be bound by the terms of this Stipulation upon the signing of the Stipulation by their respective undersigned Counsel.

Nothing in this Stipulation shall prejudice the right of either Debtors or Greenlight to apply to the Court for a further Stipulation or other appropriate relief.

IT IS HEREBY STIPULATED AND AGREED:

Dated this 21st day of October, 2010.

| KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP | AKIN GUMP STRAUSS HAUER & FELD LLP |
|---|---|
| By: /s/ Albert S. Mishaan | By: /s/ Stephen Baldini |
| Michael J. Bowe, Esq.<br>Albert Shemmy Mishaan, Esq.<br>Jennifer S. Recine, Esq.<br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700 | Stephen Baldini, Esq.<br>Austin So, Esq.<br>One Bryant Park<br>New York, NY 10036<br>(212) 872-1000 |
| *Counsel for Lehman Brothers Holdings Inc.* | *Counsel for Greenlight Capital, Inc.* |

**SO ORDERED:**

Dated: New York, New York
October 26, 2010

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

**EXHIBIT A**

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the Stipulation entered into between the Parties dated October 20, 2010, in the action entitled *In re Lehman Brothers Holdings Inc., et. al.*, (Case No. 08-13555) and understands and agrees to be bound by the terms thereof.

Date:  _____,

By:  _____