**HEARING DATE: November 10, 2010**
                                        **HEARING TIME: 10:00 A.M.**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for AKF Engineers, LLP*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8028
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------- x

**AKF ENGINEERS, LLP'S RESPONSE IN OPPOSITION TO DEBTORS'
FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO DEBTOR CLAIMS)**

TO:    HONORABLE JAMES M. PECK
           UNITED STATES BANKRUPTCY JUDGE

AKF Engineers, LLP ("AKF"), by and through its counsel, Tarter Krinsky & Drogin LLP, in response to the Debtors' forty-sixth omnibus objection to claims, respectfully states as follows:

**THE COURT SHOULD ALLOW AKF'S CLAIM AS SET FORTH BELOW**

1.    AKF timely filed a proof of claim, designated as number 11335 on the claims register (the "AKF Claim"). The AKF Claim was filed under Lehman Brothers Holdings, Inc., Case No. 08-13555. The AKF Claim attached copies of outstanding invoices and clearly designated a dollar amount of $45,678.62. A copy of the AKF Claim, with exhibits, is attached hereto as **Exhibit "A."**

2. The Debtors' objection to the AKF Claim, which is listed as number 10 on Exhibit A to the forty-sixth omnibus claim objection, is apparently based upon the fact that the "Name of Debtor Against Which Claim is Filed" box on the proof of claim form was left blank. However, the box directly above the "Name of Debtor Against Which Claim is Filed" box was already completed with the Lehman Brothers Holdings, Inc. Chapter 11 case heading. AKF was listed on Schedule G in the Lehman Brothers Holdings, Inc. schedules of executory contracts. See **Exhibit "B."** Additionally, AKF was listed on the list of assumed contracts in connection with the sale of the Debtors' real property assets to Barclays Capital Inc. ("Barclays"). See **Exhibit "C."**

3. AKF provided engineering services to Lehman Brothers Holdings, Inc. in connection with various properties. The invoices are clearly attached to the proof of claim, and, in fact, when Barclays purchased the Piscataway, New Jersey data center, Barclays assumed and paid a portion of the amounts reflected on AKF's proof of claim. Specifically, invoice numbers 92145, 92416, and 92530, totaling $12,653.59, were paid by Barclays. As such, the proper amount of AKF's claim against Lehman Brothers Holdings, Inc. is $33,025.03.

4. It is well settled bankruptcy law that a properly executed proof of claim is *prima facie* valid. The Debtors' objection is based upon AKF's failure to specify the proper debtor against which AKF has a claim. AKF submits that the proof of claim form is proper as it specifies Lehman Brothers Holdings, Inc. and its corresponding case number. This coupled with the fact that AKF was scheduled on Schedule G of the Lehman Brothers Holdings, Inc. Chapter 11 case, is surely sufficient to alert the Debtors as to which entity the AKF Claim pertains.

5. Finally, the schedule of cure amounts in connection with the sale of assets shortly after the Chapter 11 case was filed, specifically provides that AKF's revised cure amount is

$40,348.68. See **Exhibit "C."** To date, AKF has only received $12,653.59. As such, it is submitted that Lehman Brothers Holdings, Inc. has admitted the validity of the AKF Claim and the Court should not disallow and/or expunge the AKF Claim based upon a hyper-technical interpretation of the bar date order. The proof of claim form does include the name of the proper debtor, as well as its corresponding case number.

**WHEREFORE**, AKF respectfully requests that the Court deny the relief requested by the Debtors in their forty-sixth omnibus claim objection with respect to its claim and enter an order allowing the claim in the reduced amount of $33,025.03 as a general unsecured claim and grant AKF such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 27, 2010

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for AKF Engineers, LLP*

By: /s/ Scott S. Markowitz
Scott S. Markowitz
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8028