# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>     Case No. <u>08-13555</u> (JMP) (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| Oaktree Opportunities Fund VIII, L.P. | JPMorgan Chase Bank, N.A. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Oaktree Opportunities Fund VIII, L.P.
c/o Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071
Attn: Jeff Arnold

Last Four Digits of Acct. #: _____

Court Claim # (if known): 56865

Amount of Claim: $3,806,619.00 (which is the equivalent of EUR 2,690,000.00), plus all accrued interest, fees and other recoveries due.

Date Claim Filed: October 29, 2009

Phone:
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Oaktree Opportunities Fund VIII, L.P.

By: Oaktree Opportunities Fund VIII GP, L.P.
its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Managing Member

By: _____     Date: _____
    Transferee/Transferee's Agent

By: _____     Date: _____
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

032-3473/COURT/2841475.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings, Inc. et al.          Case No. 08-13555 (JMP) (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 56865 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on          .

| JPMorgan Chase Bank, N.A. | Oaktree Opportunities Fund VIII, L.P. |
| --- | --- |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| JPMorgan Chase Bank, N.A.<br>Mail Code: NY1-A436<br>One Chase Manhattan Plaza – Floor 26<br>New York, New York 10005-1401<br>Attn: Susan McNamara | Oaktree Opportunities Fund VIII, L.P.<br>c/o Oaktree Capital Management, L.P.<br>333 South Grand Ave, 28th Floor<br>Los Angeles, CA 90071<br>Attn: Jeff Arnold |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                           _____
                                                        CLERK OF THE COURT

032-3473/COURT/2841475.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **JPMorgan Chase Bank, N.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to the purchasers as set forth in Schedule 1 hereto (the "Purchaser" and individually, an "Individual Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 56865 filed by or on behalf of **Alpha Bank A.E.** ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

The Transferred Claims were transferred from Predecessor to Seller as evidenced at docket No. 12292 in the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) Predecessor represented and warranted to Seller that Predecessor owned the Purchased Security since September 15, 2008 and has not received notice of nor sent a notice for the acceleration of the Purchased Security or of any of the obligations thereunder.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges

and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein; provided, however, Seller's liability under this Section 4, shall not exceed the aggregate amount of the Principal/Notional Amount of the Purchased Security.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. It is being understood among the Seller and each Individual Purchaser that each Individual Purchaser is executing this agreement solely in its individual capacity and that all obligations and/or liabilities of an Individual Purchaser hereunder are enforceable solely against such Individual Purchaser and such Individual Purchaser's assets. The agreements made by each Individual Purchaser hereunder and all obligations and liabilities of each Individual Purchaser shall be several (and not joint and several) in accordance with each Individual Purchaser's respective Purchased Claim.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 26 day of October, 2010

JPMORGAN CHASE BANK, N.A.

By: _____
Name: _____
Title: _____
    Michael Economos
    Authorized Signatory

Address:
JPMorgan Chase Bank, N.A.
Mail Code: NY1-A436
One Chase Manhattan Plaza -- Floor 26
New York, New York 10005-1401
ATTN: Susan McNamara

Oaktree Huntington Investment Fund, L.P.

By: Oaktree Huntington Investment Fund GP, L.P.
Its: General Partner
By: Oaktree Huntington Investment Fund GP LTD
Its: Managing Member
By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name:   Kenneth Liang
Title:   Managing Director

By: _____
Name: _____
Title:   William Melanson
    Vice President

Address:
Oaktree Huntington Investment Fund, L.P.
C/O Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

Oaktree Opportunities Fund VIII (Parallel 2), L.P.

By: Oaktree Capital Management, LLC
its: General Partner
By: Oaktree Fund GP, L.P.
its: Managing Member

By: _____
Name:   Kenneth Liang
Title:   Authorized Signatory

By: _____
Name: _____
Title:   William Melanson
    Authorized Signatory

Address:
Oaktree Opportunities Fund VIII (Parallel 2), L.P.
C/O Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**Oaktree Opportunities Fund VIII, L.P.**

By: Oaktree Opportunities Fund VIII GP, L.P.
its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Managing Member

By: _____
Name: Kenneth Liang
Title: Managing Director

By: _____
Name: William Melanson
Title: Vice President

Address:
Oaktree Opportunities Fund VIII, L.P.
C/O Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**Oaktree Opportunities Fund VIII (Parallel), L.P.**

By: Oaktree Opportunities Fund VIII GP, L.P.
its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name: Kenneth Liang
Title: Managing Director

By: _____
Name: William Melanson
Title: Vice President

Address:
Oaktree Opportunities Fund VIII (Parallel), L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**OCM Opportunities Fund VIIb, LP**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: Managing Member

By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name: Kenneth Liang
Title: Managing Director

By: _____
Name: William Melanson
Title: Vice President

Address:
OCM Opportunities Fund VIIb, LP
C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**OCM Opportunities Fund VIIb (Parallel), L.P.**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name: Kenneth Liang
Title: Managing Director

J:\Stand-By Agreements\Lehman\Alpha and Oaktree\Oaktree\(LBTV Program Securities) JPM to Oaktree [XS0211244941] TD 10.12.10.doc;
$14M.1.v1Execution.doc

By: [signature]
Name:
Title: William Melanson
　　　　Vice President

Address:

OCM Opportunities Fund VIIb (Parallel), L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor

Los Angeles, CA 90071

## Schedule 1

### Transferred Claims

Purchased Claim

100% of EUR 10,000,000.00 which is the equivalent of $14,151,000 (the outstanding amount of ISIN/CUSIP XS0211244941 as described in the Proof of Claim as of October 26, 2010), plus all accrued interest, fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of Purchased Claim | Total Amount (as of Proof of Claim Filing Date) of Purchased Claim |
|---|---|---|---|---|---|---|
| Oaktree Huntington Investment Fund, L.P. | Issue of EUR 10,000,000 Callable Index-Linked Notes due February 2015 under the US $25,000,000 Euro Medium-Term Note Program | XS0211244941 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 7.60% of the ISIN/CUSIP XS0211244941 under the Proof of Claim, which is EUR 760,000.00 (which is equivalent of $1,075,476.00), plus all accrued interest, fees and other recoveries due. | EUR 760,000.00 which is the equivalent of USD $1,075,476.00), plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII, L.P. | Issue of EUR 10,000,000 Callable Index-Linked Notes due February 2015 under the US $25,000,000 Euro Medium-Term Note Program | XS0211244941 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 26.90% of the ISIN/CUSIP XS0211244941 under the Proof of Claim, which is EUR 2,690,000.00 (which is equivalent of $3,806,619.00), plus all accrued interest, fees and other recoveries due. | EUR 2,690,000.00 (which is the equivalent of USD $3,806,619.00), plus all accrued interest, fees and other recoveries due. |

J:\Stand-By Agreements\Lehman\Alpha and Oaktree\Oaktree\(LBTV Program Securities) JPM to Oaktree [XS0211244941] TD 10.12.10.doc; $14M.1.v1Execution.doc

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of Purchased Claim | Total Amount (as of Proof of Claim Filing Date) of Purchased Claim |
|---|---|---|---|---|---|---|
| Oaktree Opportunities Fund VIII (Parallel), L.P. | Issue of EUR 10,000,000 Callable Index-Linked Notes due February 2015 under the US $25,000,000 Euro Medium-Term Note Program | XS0211244941 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 4.30% of the ISIN/CUSIP XS0211244941 under the Proof of Claim, which is EUR 430,000.00 (which is equivalent of $608,493.00), plus all accrued interest, fees and other recoveries due. | EUR 430,000.00 (which is the equivalent of USD $608,493.00), plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII (Parallel 2), L.P. | Issue of EUR 10,000,000 Callable Index-Linked Notes due February 2015 under the US $25,000,000 Euro Medium-Term Note Program | XS0211244941 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 1.20% of the ISIN/CUSIP XS0211244941 under the Proof of Claim, which is EUR 120,000.00 (which is equivalent of $169,812.00), plus all accrued interest, fees and other recoveries due. | EUR 120,000.00 (which is the equivalent of USD $169,812.00), plus all accrued interest, fees and other recoveries due. |
| OCM Opportunities Fund VIIb, L.P. | Issue of EUR 10,000,000 Callable Index-Linked Notes due February 2015 under the US $25,000,000 Euro Medium-Term Note Program | XS0211244941 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 53.60% of the ISIN/CUSIP XS0211244941 under the Proof of Claim, which is EUR 5,360,000.00 (which is equivalent of $7,584,936.00), plus all accrued interest, fees and other recoveries due. | EUR 5,360,000.00 (which is the equivalent of USD $7,584,936.00), plus all accrued interest, fees and other recoveries due. |

J:\Stand-By Agreements\Lehman\Alpha and Oaktree\Oaktree\(LBTV Program Securities) JPM to Oaktree [XS0211244941] TD 10.12.10.doc; $14M.1.v1Execution.doc

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of Purchased Claim | Total Amount (as of Proof of Claim Filing Date) of Purchased Claim |
|---|---|---|---|---|---|---|
| OCM Opportunities Fund VIIb (Parallel), L.P. | Issue of EUR 10,000,000 Callable Index-Linked Notes due February 2015 under the US $25,000,000 Euro Medium-Term Note Program | XS0211244941 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 6.40% of the ISIN/CUSIP XS0211244941 under the Proof of Claim, which is EUR 640,000.00 (which is equivalent of $905,664.00), plus all accrued interest, fees and other recoveries due. | EUR 640,000.00 (which is the equivalent of USD $905,664.00), plus all accrued interest, fees and other recoveries due. |