Mr. Richard D. Graham
341 Pinetree Dr., NE
Atlanta, GA 30305
(404) 995-9127

October 15, 2010

The Honorable James M. Peck
One Bowling Green
Courtroom 601
NY, NY 10004

Regarding:
United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Inc., et al., Debtors
Chapter 11 Case No. 08-13555
Claim Number 9996

RECEIVED
OCT 18 2010
U.S. BANKRUPTCY COURT, SDNY
JMP

Dear Sir,

This letter serves to object and oppose the disallowance, expungement, or reclassification of my claim, number 9996, originally filed September 1, 2010.

My investment in the Millennium USA, LP issued by Lehman Brothers Holdings, Inc. was lost in the Lehman bankruptcy. $83,427.50 was the last quoted value of the warrants (shown in the August 2008 Lehman statement, attached.)

The claim value and support were included in the original claim. The claim was rejected because I made a clerical error. I failed to fill in the name of debtor and case number because I thought it had already been filled in for me. The example on the form used the same name of debtor and claim number as mine required, i.e., it was a confusing combination. There were no other mistakes in my claim and I provided comprehensive evidence of my loss.

I plan to be present at the hearing scheduled for November 10th, 2010 to consider this Objection. Thank you for re-submitting my claim and processing it as complete and valid.

Yours Truly,

Richard D. Graham

Enclosures: Copy of original claim and supporting documents.

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)                    0000009996

(barcode)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

RICHARD D. GRAHAM
341 PINETREE DR. NE
ATLANTA, GA 30305

Telephone number: 404 995-9527    Email Address: richard@ ____

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number: _____    Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 83,427.50

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** loss of guarantees - millennium
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 6812 (acct. #)
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $ _____    Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____    Basis for perfection: _____
Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

| Date:<br>8/30/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>(signature) |
|---|---|

**FOR COURT USE ONLY**

SEP 01 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

835-16812

## EXHIBIT I

## FORM OF INVESTOR REPRESENTATION LETTER

V

**Lehman Brothers Inc.**
**745 Seventh Avenue**
**New York, NY 10019**
**Attn: [●]**

Re:    [4-Year, 2-Month] Cash-Settled Call Warrants Linked to the Performance
       of Millennium USA LP Issued by Lehman Brothers Holdings Inc.

Ladies and Gentlemen:                                                                                I

         In connection with the proposed issuance by Lehman Brothers Holdings Inc. (the
"Issuer") of U.S. $[●] in principal amount of [4-Year, 2-Month] Cash-Settled Call Warrants
Linked to the Performance of Millennium USA LP (the "Warrants"), the undersigned (the
"Investor") who is acquiring the Warrants for its own behalf or for the account of its customers
(each, a "Customer") hereby agrees with Lehman Brothers Inc. as follows (defined terms used
but not defined herein shall have the meanings given to such terms in the Private Placement
Memorandum for the Warrants, dated on or about [●], 2008 (the "PPM")):

         On the basis of the representations, warranties and agreements contained herein,
Lehman Brothers Inc., as agent of the Issuer for the purpose of soliciting and receiving offers to      II
purchase the Warrants from the Issuer, agrees to sell to the Investor for its own behalf or for the
account of its Customer, and the Investor, on its own behalf or on behalf of each Customer
agrees to purchase from Lehman Brothers Inc., on [●], 2008 or on such other date as shall be
mutually agreed upon by the Investor and Lehman Brothers Inc. (the "Closing Date"), up to
$ 125,000 worth of Warrants at a purchase price of $[245-255] per Warrant (the "Warrant
Price"); provided that to the extent the issuance of the Warrants is oversubscribed, the
subscription of the Investor may be reduced by the Issuer. No fractional Warrants will be issued.
The "Purchase Price" is equal to the number of Warrants you are allocated by the Issuer on the
Closing Date multiplied by the Warrant Price. The Purchase Price consists of $[225-235] per
Warrant payable to the Issuer as compensation for issuing the Warrants. The balance of the       IV
Purchase Price is payable to the Placement Agent as selling compensation. The Purchase Price
shall be paid by the Investor as set forth herein.

         The undersigned, for itself and on behalf of the Customers, represents, warrants and
covenants as of the date hereof and as of the Closing Date that:

         1.        Private Placement Memorandum.  The Investor and each Customer (or an
investment advisor acting on its behalf) has been furnished, and has received and reviewed, a
copy of the PPM and has made such investigation as it deems necessary to evaluate the merits
and risks involved in an investment in the Warrants.

         2.        Reference Fund Documents.  The Investor hereby acknowledges, and hereby        \
represents that each Customer acknowledges and understands, that neither the Issuer nor its

I-1

affiliates makes any representations or warranties with respect to the accuracy, validity, or completeness of the information contained in the Confidential Memorandum of Millennium USA LP, attached as Exhibit V to the PPM (the "Confidential Memorandum").

3.  No Registration.  The Investor hereby acknowledges, and hereby represents that each Customer acknowledges and understands, that the Warrants have not been, nor will be, registered under the Securities Act of 1933 (the "Securities Act") or any state securities or blue sky laws or the laws of any other jurisdiction, and the Warrants will bear a legend to such effect. The Warrants are being offered only to (i) "accredited investors" as defined in Rule 501 of Regulation D under the Securities Act ("Accredited Investors") who are also "qualified purchasers" as defined in Section 2(a)(51) of the Investment Company Act of 1940 ("Qualified Purchasers") or (ii) "non-U.S. Persons" purchasing in "offshore transactions" (each as defined in Regulation S under the Securities Act, "Non U.S. Persons" and "Offshore Transactions", respectively) who are also Qualified Purchasers.

4.  Non-U.S. Person.  If the Investor or any Customer is a Non-U.S. Person, that prior to the expiration of the Distribution Compliance Period, it will not offer, sell, pledge or otherwise transfer such Warrants except (1) in an Offshore Transaction in accordance with the provisions of Rule 903 or Rule 904 of Regulation S or (2) pursuant to any available exemption from registration under the Securities Act, in each case in accordance with any applicable securities law of any State of the United States or any other jurisdiction. It understands that prior to the expiration of the Distribution Compliance Period, before any Warrants may be offered, sold, pledged or otherwise transferred, it may be required to provide the Transfer Agent, on behalf of the Issuer, with a written certification as to compliance with applicable securities laws. "Distribution Compliance Period" means the 40-day period commencing on the later of the commencement of the offering or the date the Warrants were originally issued.

5.  Restricted Transfer.  None of the Warrants nor any interest or rights therein may be transferred in the absence of registration under the Securities Act or an exemption from the registration requirements thereof or such other applicable laws, and the Investor and each Customer has informed itself about and will observe all restrictions on transfer of the Warrants under such laws that may be applicable to it. The Investor and each Customer will not offer, sell, or deliver at any time, directly or indirectly, the Warrants unless Lehman Brothers Inc. receives a letter in the form hereof from each proposed transferee prior to such sale or transfer. Furthermore, before any Warrants may be offered, sold, pledged or otherwise transferred, it may be required to provide Lehman Brothers Inc. or the Transfer Agent, on behalf of the Issuer, with a written certification as to compliance with applicable securities laws.

6.  Notice to Subsequent Holder.  The Investor and each Customer will, and will require each Customer and subsequent Holder to, notify any purchaser of the Warrants from it of the resale and transfer restrictions referred to herein.

7.  Accredited Investor or Non-U.S. Person/Offshore Transaction.  The Investor and each Customer is either (a) an Accredited Investor or (b) a Non-U.S. Person and is purchasing the Warrants in an Offshore Transaction.

8.  Experience and Financial Suitability.  By reason of its business and financial experience the Investor and each Customer has such knowledge, sophistication, and experience

I-2

in business and financial matters that the Investor and each Customer is capable of evaluating the merits and risks of the prospective investment in the Warrants. The Investor and each Customer has sufficient net worth and/or annual income to hold the Warrants for an indefinite period and can afford to suffer the complete loss of its investment in the Warrants. The Investor and each Customer has a non-tax business or financial reason for acquiring the Warrants.

9.    Qualified Purchaser. The Investor and each Customer is a "qualified purchaser" within the meaning of Section 2(a)(51) of the Investment Company Act of 1940, as amended (the "Investment Company Act") because it is either:

(a)    a person acting for its own account or the accounts of other qualified purchasers, who in the aggregate owns and invests on a discretionary basis, not less than $25,000,000 in "investments" as defined in Rule 2a51-1 under the Investment Company Act ("Investments");

(b)    a natural person (including any person who holds a joint, community property, or other similar shared ownership interest in an issuer that is excepted under Section 3(c)(7) of the Investment Company Act with that person's spouse, who also meets the definition of "qualified purchaser") who owns not less than $5,000,000 in Investments;

(c)    a company that owns not less than $5,000,000 in Investments, was not formed or recapitalized for the specific purpose of making an investment in the Warrants and is owned directly or indirectly by or for two or more natural persons who are related as siblings or spouse (including former spouses), or direct lineal descendants by birth or adoption, spouses of such persons, the estates of such persons, or foundations, charitable organizations, or trusts established by or for the benefit of such persons;

(d)    a trust that is not covered by paragraph c. above and that was not formed or recapitalized for the specific purpose of making an investment in the Warrants, as to which the trustee or other person authorized to make decisions with respect to the trust, and each settlor or other person who has contributed assets to the trust, is otherwise a qualified purchaser; or

(e)    an entity in which each of the beneficial owners of its securities is a qualified purchaser.

10.    Minimum Requirement. The Investor is purchasing at least [393-409] Warrants.

11.    ERISA. The Investor represents and warrants on each date from the date on which the undersigned acquires Warrants that it and each Customer is not, and it and each Customer is not acquiring Warrants with the assets of, an employee benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), a plan subject to Section 4975 of the Internal Revenue Code of 1986, as amended (the "Code"), a plan subject to any federal, state, local or other law, rule or regulation which is substantially similar to Title I of ERISA or Section 4975 of the Code ("Similar Law") or any entity deemed to hold the assets of any such employee benefit plan or plan for purposes of ERISA, Section 4975 of the Code or Similar Law. Such Investor and each Customer or transferee shall further be deemed to

I-3

represent and covenant that throughout the period it holds Warrants, the foregoing representations shall be true.

12.    <u>Own Account</u>.  The Investor is purchasing the Warrants as principal for its own account, or for the accounts of the Customers, in each case for investment purposes, and not with a view to the resale, distribution or other disposition thereof in violation of the Securities Act. Neither the Investor nor any Customer will purchase or hold additional Warrants under a different name.

13.    <u>No General Solicitation</u>.  The Warrants were not offered or sold to the Investor or any Customer by any form of general solicitation or advertising or directed selling efforts, including but not limited to:

      (a)    any advertisement, article, notice or other communication published in any newspaper, magazine or similar media or broadcast over television or radio; or

      (b)    any seminar or meeting whose attendees were invited by any general solicitation or general advertising.

14.    <u>Information and Independent Investigation</u>.  Prior to its purchase of the Warrants the Investor, on behalf of its self and on behalf of each Customer, was given the opportunity (i) to ask questions of, and receive answers from the Issuer or Lehman Brothers Inc. concerning the terms and conditions of the offering and (ii) to obtain any additional information requested concerning the Warrants, to the extent the Issuer or Lehman Brothers Inc. possessed such information or could acquire it without unreasonable effort or expense.  In deciding whether to purchase the Warrants, the Investor and each Customer has relied upon its own independent appraisal and investigation, and the advice of its own counsel and other advisers, regarding the investment risks and all related matters of law, and has not relied upon any representation or warranty, express or implied, made by the Issuer or Lehman Brothers Inc., and the Investor and each Customer will continue to be solely responsible for making its own independent appraisal of the investment risks and all such related matters in the future, and will not hereafter rely on the Issuer or Lehman Brothers Inc. to provide any information concerning such matters.

15.    <u>No Representations</u>.  The Investor and acknowledges, understands and agrees, and hereby represents that each Customer acknowledges, understands and agrees, that the Issuer has not provided to it any representation or any assurance regarding the legal, tax, credit or accounting consequences to it of investing in the Warrants.  The Investor further represents to the Issuer that the Investor and each Customer has made its own assessment and has not relied on any representation of the Issuer with respect to the legal, tax, credit or accounting consequences to it of investing in the Warrants.

16.    <u>Customer Due Diligence</u>.  The Investor has investigated the Customers and conducted sufficient and appropriate due diligence to make the representations and warranties hereunder on behalf of the Customers.

17.    <u>Clawback</u>.  If the Calculation Agent determines that a Reference Holder is required to repay (for any reason) any portion of the redemption proceeds received from the Reference Fund on or after the Warrant Payment Date, the Investor will be required to pay to the

I-4

Issuer an amount equal to the portion of the Warrant Payment Amount for each Warrant equal to the repayment amount for the Deemed Quantity of Interests.

18.    Tax Treatment. The Investor and each Customer agrees to treat the Warrants in accordance with the treatment described in *"Certain U.S. Federal Income Tax Considerations"* section of the PPM, unless otherwise required by law, for federal income tax purposes.

19.    No Investment or Control. The Investor represents, and hereby represents that each Customer represents, that it has not disposed of any direct or indirect interest in the Reference Fund immediately prior to acquiring the Warrants. The Investor further represents, and hereby represents that each Customer represents, that it does not have any control or influence over the Reference Fund that could cause the Reference Fund to alter, or refrain from altering, the composition of its investments or its investment decisions.

20.    The Investor and each Customer, if not a "United States person" (as defined in Section 7701(a)(30) of the Code), either (A) is not a bank (within the meaning of Section 881(c)(3)(A) of the Code) or an Affiliate of a bank or (B) is a Person (or a wholly owned Affiliate of a Person) that is eligible for benefits under an income tax treaty with the United States that eliminates U.S. federal income taxation of U.S. source interest not attributable to a permanent establishment in the United States.

I-5

You are entitled to rely upon this letter and are irrevocably authorized to produce this letter or a copy hereof to any interested party in any administrative or legal proceeding or official inquiry with respect to the matters covered hereby.

IN WITNESS WHEREOF, the undersigned has executed this Investor Representation Letter this 17 day of 4 , 2008

Very truly yours,

By: _____

Print Name: Richard Graham

$ 125,000
Maximum Premium

I-6

9-1

# LEHMAN BROTHERS

| Premier client account |
| 835-16812 |

RICHARD GRAHAM
August 1 - August 31, 2008

page 6 of 11

## HOLDINGS

*In instances where prices of securities are not readily available, securities have no values, securities have not been actively traded or where other factors prevent the pricing of securities, "—" appears in the market price column, the market value for the security is not computed and the total equity in your account does not reflect the long or short market value (if any) of those securities. Please also note that totals may differ from the sum on individual components due to rounding.*

*Unrealized gain/loss total reflects all positions for which a cost basis is available. Please review the Tax Lot section for details regarding cost basis.*

## Equities

*Your statement contains research ratings for companies covered by Lehman Brothers Equity Research. The ratings reflect both the Lehman Brothers rating and, where applicable, the ratings of an independent, third party research provider. You may obtain a copy of any independent research report, at no cost to you, where such research is available. Clients may access Lehman Brothers or independent research at www.LehmanLive.com or by calling 1-800-2-LEHMAN. A complete description of Lehman Brothers and independent research providers and ratings may be found on Page 2 of your statement.*

| Common stock(Symbol) | Quantity | Unit cost | Total cost | Market price | Market value | Unrealized gain/loss | Est. ann. yield (%) | Est. annual Income ($) | Comment / Research rating |
|---|---|---|---|---|---|---|---|---|---|
| DUPONT FABROS TECHNOLOGY INC (DFT) COMMON STOCK | 1,000 | $21.00 | $21,000.00 | $17.56 | $17,560.00 | -$3,440.00 | 4.271 | 750.00 | In cash account / Tier 1 Research: 1-BUY |

| Rights and warrants | Quantity | Unit cost | Total cost | Market price | Market value | Unrealized gain/loss | | | Comment |
|---|---|---|---|---|---|---|---|---|---|
| TS LEHMAN BROS HLDGS INC | 325 | $252.27 | $81,986.40 | $266.70 | $86,427.50 | $1,444.16 | | | In cash account / Indicative bid, as of 8/1/08. |

| Total Equities | | | | | $100,987.50 | -$1,996.90 | | $750.00 | |

# LEHMAN BROTHERS

| Premier client account
835-16812

RICHARD GRAHAM
August 1 - August 31, 2008

## Alternative investments

*The information reflected in this section is for informational purposes only and does not replace or supercede your Alternative Investment account statement. These positions may reflect the valuation as of a prior period and are derived from external sources. These positions are not held in custody by Lehman Brothers Inc. and are not subject to SIPC. Please also note that the totals may differ from the sum on individual components due to rounding.*

| Private equity | Total Capital Commitment/ Remaining Commitment | Called Capital[B]/ Recallable Distributions | Total Contributions/ Total Distributions | Estimated Value | Value in Excess of Net Contributions | Pending Cash[E] | Comments |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Distressed Opportunities Fund A, L.P.<br>Product Ref.: LBDOFAUSD<br>Closing Date: 25 Jan 2008 | 500,000.00[2]<br>250,000.00[2] | 250,000.00[2] | 250,000.00[2] | $ 250,000.00[2] | | | |

| ACTIVITY | Effective Date | Amount | Value[F] | Pending Cash[G] | Notes |
|---|---|---|---|---|---|
| Commitment | 25 Jan 2008 | 500,000 | | | |
| Capital Call | 17 Apr 2008 | 150,000 | 150,000 | - 150,000 | |
| Capital Call Payment | 17 Apr 2008 | 150,000 | | 150,000 | |
| Capital Call | 18 Jun 2008 | 100,000 | 100,000 | - 100,000 | |
| Capital Call Payment | 18 Jun 2008 | 100,000 | | 100,000 | |
| **Current Estimated Value** | **31 Aug 2008** | | **250,000** | | |

| | HISTORY | Total Contributions | Total Distributions |
|---|---|---|---|
| | 2008 | 250,000 | |
| | Since Inception | 250,000 | |

2   Estimate based on preliminary activity information and may be revised upon the issuance of the next Capital Account Statement.

### Total Alternative Investments

Market value (USD)                **$ 250,000.00**

B   Called Capital is equal to Total Contributions less any amounts that are not counted towards meeting Total Capital Commitment.
E   Pending Cash balance represents net balance of payments not yet collected from and/or not yet distributed to the investor's funding account at Lehman Brothers or payments collected from the investor's funding account and not yet invested.
F   Value amounts represent activity contribution in calculation of the Estimated Value.
G   Pending Cash amounts represents activity contribution in calculation of Pending Cash balance.

# LEHMAN BROTHERS

**Premier client account**
**835-16812**

RICHARD GRAHAM
August 1 - August 31, 2008

page        8 of        11

## Cash, cash equivalents & other

*Money Market Preferred, SAVRs and other Auction Rate Securities are included in the Cash, Cash Equivalents and Other category. The interest rate on these securities generally is reset on a periodic basis in an auction process. Investors should be aware that these securities may have a final legal maturity date that is of a long-term nature and that under certain circumstances the rate paid or the mechanism for setting the rate paid on these securities could change. Please consult your investment representative with any questions.*

*Gain/Loss information also excludes cash, cash equivalents, and other.*

| Cash Investments | Quantity | Market value Accrued Income | Comment |
|---|---|---|---|
| LEHMAN BANK CASH DEPOSIT ACCT | 495.91 | $ 495.91 | |
| | | 0.01 | |
| MONEY MARKET OBLIGATIONS TRUST | 583,865.30 | 583,865.30 | |
| TREASURY OBLIGS FUND INSTL SHS | | 326.52 | |
| Total USD Cash Investments | | $ 584,361.21 | |
| | | $ 326.53 | |

*Funds on deposit with Lehman Brothers Bank Cash Deposit Account are not covered by SIPC or the Firm's supplemental insurance policies. These funds will be insured by the FDIC up to $100,000 per depositor in each insurable capacity (e.g. individual joint account, IRA, etc.) when aggregated with other deposits held in the same capacity at Lehman Brothers Bank. Funds in excess of the applicable deposit insurance limit will not be insured by FDIC.*

| | Market value (USD) Accrued Income (USD) |
|---|---|
| **Total Cash, cash equivalents & other** | $ 584,361.21 |
| | $ 326.53 |
| | $ 584,687.74 |

# LEHMAN BROTHERS

| **Premier client account** | RICHARD GRAHAM |
|---|---|
| 835-16812 | August 1 - August 31, 2008 |

page    9 of    11

## ACTIVITY

**Deposits**

| | Date | Tracking code | Reference No. | Amount | Comment |
|---|---|---|---|---|---|
| HOLDBACK - WMR IN SCOPE | 04 Aug 2008 | | | $ 72,388.29 | |
| HOLDBACK WMR INSCOPE | | | | | |
| R:15948* | | | | | |

**Withdrawals**

| | Date | Tracking code | Reference No. | Amount | Comment |
|---|---|---|---|---|---|
| REF ID:3347943 | 18 Aug 2008 | | | -$ 75,000.00 | |
| 026008593 | | | | | |
| BANKAMERICA INTERNATIONAL | | | | | |
| RICHARD GRAHAM | | | | | |
| 0000 0247 6037 | | | | | |

**Interest**

| | Date | Taxable amt. | Non-taxable amt. | Amount | Comment |
|---|---|---|---|---|---|
| LEHMAN BANK CASH DEPOSIT ACCT | 22 Aug 2008 | $ 495.91 | | $ 495.91 | INTEREST PAYMENT FOR 07/26/2008 - 08/20/2008 24 DAYS YLD 1.16% |

*The taxable and non-taxable designations provided above refer to the US income tax treatment of distributions from your securities. The designations are accurate to the best of our knowledge. Clients should consult with a tax advisor regarding the tax treatment of their investments.*

# LEHMAN BROTHERS

| Premier client account
| 835-16812

RICHARD GRAHAM
August 1 - August 31, 2008

page    10 of    11

## Cash investment summary

| | Type | Date | Amount | Comment |
|---|---|---|---|---|
| **Opening balance** | | | $ 586,497.01 | |
| LEHMAN BANK CASH DEPOSIT ACCT | Transfer-in | 05 Aug 2008 | 72,368.29 | |
| LEHMAN BANK CASH DEPOSIT ACCT | Transfer-out | 19 Aug 2008 | - 75,000.00 | |
| MONEY MARKET OBLIGATIONS TRUST TREASURY OBLIGS FUND INSTL SHS | Bought | 21 Aug 2008 | 583,865.30 | |
| LEHMAN BANK CASH DEPOSIT ACCT | Transfer-out | 21 Aug 2008 | - 583,865.30 | |
| LEHMAN BANK CASH DEPOSIT ACCT | Transfer-in | 26 Aug 2008 | 495.91 | |
| **Closing balance** | | | $ 584,361.21 | |

# LEHMAN BROTHERS

| Premier client account
| 835-16812

RICHARD GRAHAM
August 1 - August 31, 2008

page    11 of    11

## TAX LOTS

** Days Held: Either # of days if held one year or less or L if held for more than one year or S/L for Index Options.

## Equities

**Common stocks - long(symbol)**

| | Quantity or Par | Settle date | Unit cost | Total cost | Market price | Market value | Unrealized gain/loss | Days held ** |
|---|---|---|---|---|---|---|---|---|
| DUPONT FABROS TECHNOLOGY INC (DFT) COMMON STOCK | 1,000 | 24 Oct 2007 | $21.00 | $21,000.00 | $17.56 | $17,560.00 | -$3,440.00 | 316 |

**Rights and warrants - long**

| | Quantity or Par | Settle date | Unit cost | Total cost | Market price | Market value | Unrealized gain/loss | Days held ** |
|---|---|---|---|---|---|---|---|---|
| WTS LEHMAN BROS HLDGS INC CALL WT LKD MILLENNIUM | 325 | 28 Apr 2008 | $252.27 | $81,986.40 | $256.70 | $83,427.50 | $1,441.10 | 126 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------x
:
In re                                     :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
:
Debtors.                    :        (Jointly Administered)
:
:
---------------------------------------------x

<u>NOTICE OF DEADLINES FOR FILING</u> ~~...~~

~~TO ALL PERSONS AND ENTITIES WITH~~

~~... ... ...~~

~~... ... ...~~

... as ~~... ...~~ Eastern Time) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based on prepetition claims against the Debtors (the "Bar Date"). The Bar Date Order, the Bar Date and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to the applicable Commencement Date (the "Commencement Date"), the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as set forth in Schedule A herein.

If you have any questions with respect to this Notice, please feel free to contact ~~... ...~~ approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") ~~... ... ...~~

A ~~... ...~~ CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY ~~... ...~~ WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM. **PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

~~... ...~~ parties are required to file a Proof of Claim in order to ~~... ...~~ their claim ~~... ...~~ Debtors. Other parties are not required to file a Proof of Claim in order to preserve their claim against the Debtors. The following is a summary explanation of ~~...~~

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below. Acts or ~~... ...~~ before the applicable Commencement Date, may give rise to claims against the Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed ~~... ...~~ prior to the applicable Commencement Date. Pursuant to ~~... ... ...~~ used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment ~~... ...~~ secured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, ~~... ...~~ unmatured, disputed, undisputed, secured, or unsecured.

**2.**    **WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(1)    Your claim is listed on the Schedules and (i) is <u>not</u> described as "disputed," "contingent," or "unliquidated," and (ii) you do <u>not</u> dispute the amount, priority or nature of the claim set forth in the Schedules;

(2)    Your claim has been paid in full by the Debtors;

(3)    You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; <u>provided, however</u>, that interest holders who wish to assert claims (as opposed to ownership interests) against

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . .

. . . . . . hold a claim for which a separate deadline is fixed by this court;

. . . . hold a claim for which you have already properly filed a Proof of Claim with the clerk of the Court or Debtors' court-approved claims agent, epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form provided; however any holder that has filed a Proof of Claim based on a Derivative Contract (as defined below) or a Guarantee (as defined below) on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;

(7)    You hold a claim solely against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding, in foreign jurisdiction; <u>provided, however</u>, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(8)    You hold a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "<u>Master List of Securities</u>") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); <u>provided, however</u>, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(9)    You are an entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "<u>Exempt Entities List</u>") or any subsidiary for which the entity on the Exempt Entities List owns at least a fifty percent equity interest in such

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

If your claim falls within any of the above categories, your rights as the holder of such claim will be . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a . . . . must file a Proof of Claim, as described herein, before the Bar Date.

2

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM. MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS** NOTICE AND THIS NOTICE IS SENT TO A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.

SPECIAL NOTE TO HOLDERS OF LEHMAN SECURITIES:
Holders of securities are NOT required to file a proof of claim on account of their ownership if, and only if, such security is listed on the Debtors' Master List of Securities because such security was issued under an indenture pursuant to which an indenture trustee will file a global proof of claim on behalf of all holders of securities issued thereunder. (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will each file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities.) The Master List of Securities is available for review at http://www.lehman-docket.com. The list is fully searchable by code (CUSIP or ISIN) or by security description.

If you do not see your security listed on the Master List of Securities and you have a question about the Master List of Securities, please download the form entitled "Inquiry Regarding Security Not on Master List of Securities," and complete and return it as directed on the form prior to August 5, 2009.

Inquiries will be investigated, and within 15 days of the Debtors receipt of such inquiry, either the security will either be added to the Master List of Securities (if appropriate), or, if you have provided contact information, you will be notified that the security is not being added to the Master List of Securities and given further information.

The Master List of Securities shall be finalized on August 20, 2009 and not subject to further change.

A Proof of Claim form is being included with the Bar Date Notices being served on holders of LBHI securities other than to holders of securities that are on the Master List of Securities.

IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS OTHER THAN ON ACCOUNT OF YOUR LEHMAN SECURITIES OWNERSHIP, YOU MUST FILE A PROOF OF CLAIM FORM, AS DIRECTED IN THIS BAR DATE NOTICE. A COPY OF THE PROOF OF CLAIM FORM IS AVAILABLE AT HTTP://WWW.LEHMAN-DOCKET.COM.

**SPECIAL NOTE REGARDING LEHMAN PROGRAM SECURITIES:**
A separate notice and proof of claim form will be provided in connection with certain securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent a security is identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" as of July 17, 2009 at 5:00 pm (prevailing Eastern Time). Such notice and proof of claim form will be available on or about July 27, 2009. The Bar Date in connection with the Lehman Program Securities is November 2, 2009 at 5:00 pm (prevailing Eastern Time). If your security is not identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" as of July 17, 2009 at 5:00 pm (prevailing Eastern Time) you must file your claim by September 22, 2009 as per the instructions herein.

3.   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

4.   **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be actually received on or before the Bar Date at the following sources:

5

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

        or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims Processing
One Bowling Green
New York, New York 10004

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, New York  10150-5076

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, or unliquidated, (b) change the amount of a claim reflected therein, (c) change the priority classification of a claim reflected therein, or (d) otherwise affect the Schedules as to such claim, and in each case the Debtors will provide notice within which to file a claim or be forever barred from doing so.

**5.      WHAT TO FILE**

        If you file a Proof of Claim, your filed Proof of Claim must: (i) be written the English language; (ii) be denominated in the lawful currency of the United States; (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or, if explanation as to why documentation is not available; and (vii) be signed by the claimant or an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor or have claims against different Debtors, a separate Proof of Claim must be filed with respect to each such Debtor.

EXCEPT AS SET FORTH IN THE FOLLOWING EIGHT PARAGRAPHS, YOU SHOULD NOT ATTACH TO ANY COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS OR OTHER DOCUMENTATION. IF THE DOCUMENTS ARE VOLUMINOUS, ATTACH A SUMMARY.

CLAIMS BASED ON DERIVATIVE CONTRACTS

TO MAKE A PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A DERIVATIVE CONTRACT, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM FORM; (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER PROVIDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS, COMPLETE THE ONLINE DERIVATIVE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT C TO THE BAR DATE ORDER (THE "DERIVATIVE QUESTIONNAIRE") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

A "DERIVATIVE CONTRACT" IS A CONTRACT THAT IS ANY OF (I) A "SWAP AGREEMENT" AS SUCH TERM IS DEFINED IN SECTION 101(53B) OF THE BANKRUPTCY CODE OR (II) A "FORWARD CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 101(25) OF THE BANKRUPTCY CODE.  A CASH-MARKET PURCHASE OR SALE OF A SECURITY OR LOAN (I.E. ANY PURCHASE OR SALE OF A SECURITY OR LOAN FOR SETTLEMENT WITHIN THE STANDARD SETTLEMENT CYCLE FOR THE RELEVANT MARKET), EXCHANGE-TRADED FUTURE OR OPTION, SECURITIES LOAN TRANSACTION, REPURCHASE AGREEMENT IN RESPECT OF SECURITIES OR LOANS, AND ANY GUARANTEE OR REIMBURSEMENT OBLIGATION WOULD OTHERWISE BE INCLUDED IN THE DEFINITION OF "SWAP AGREEMENT" OR "FORWARD CONTRACT" PURSUANT TO THE DEFINITION OF SUCH TERMS IN THE BANKRUPTCY CODE SHALL NOT BE CONSIDERED A DERIVATIVE CONTRACT FOR THE PURPOSES HEREOF.  NOR SHALL ANY NOTES, BONDS, OR OTHER SECURITIES ISSUED BY THE DEBTORS OR THE [...] IN RELATION TO, OR NOT LIMITED TO, LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS TREASURY CO. B.V., LEHMAN BROTHERS BANKHAUS AG, LEHMAN BROTHERS HOLDINGS PLC, LEHMAN BROTHERS SECURITIES N.V., AND LEHMAN BROTHERS (LUXEMBOURG) EQUITY FINANCE S.A.).

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

CLAIMS BASED ON A DEBTOR'S GUARANTEE

IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN [...] AS ATTACHED TO THE BAR DATE ORDER (THE "GUARANTEE QUESTIONNAIRE") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE) RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

A "GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

CLAIMS BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT WITH A NON-DEBTOR

IF YOU FILE A PROOF OF CLAIM BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT ENTERED INTO WITH A NON-DEBTOR, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING BOTH BOXES ON THE PROOF OF CLAIM THAT SUCH CLAIM IS BASED ON BOTH A DERIVATIVE CONTRACT AND BASED ON A GUARANTEE AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE) RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM AND [...] THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE) RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

If a holder is required to complete the Derivative Questionnaire or Guarantee Questionnaire, such holder need only submit the [...] required by the applicable Questionnaire by the Questionnaire Deadline and need not submit the documentation required by the applicable Questionnaire with such holder's Proof of Claim by the Bar Date.

If any holder files a Proof of Claim based on a Derivative Contract or a Guarantee which for any reason does not have a Unique ID Number, such holder shall still be required to comply with the procedures set forth in the prior two paragraphs, except that

instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number.

A holder (or any other party authorized under the Bankruptcy Code and the Bankruptcy Rules to submit a Proof of Claim on behalf of such holder) of a security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire.

Any security that is listed on the Master List of Securities is not a Derivative Contract and the holders of such security are not required to complete the Derivative Questionnaire on account of such security.

The information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information and the Debtors and the Creditors' Committee and their respective advisors and counsel.

The website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim.

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE OR COMPLETE THE DERIVATIVE QUESTIONNAIRE PRIOR TO THE QUESTIONNAIRE DEADLINE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable) and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire or Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

7.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules. Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman-docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:    July 8, 2009                                BY ORDER OF THE COURT
          New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

6

## Schedule A

| Debtor | Case Number | Commencement Date |
|---|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 | September 15, 2008 |
| LB 745 LLC | 08-13600 | September 16, 2008 |
| PAMI Statler Arms LLC | 08-13664 | September 23, 2008 |
| Lehman Brothers Commodity Services Inc. | 08-13885 | October 3, 2008 |
| Lehman Brothers Special Financing Inc. | 08-13888 | October 3, 2008 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 | October 3, 2008 |
| Lehman Brothers Derivatives Products Inc. | 08-13899 | October 5, 2008 |
| Lehman Commercial Paper Inc | 08-13900 | October 5, 2008 |
| Lehman Brothers Commercial Corporation | 08-13901 | October 5, 2008 |
| Lehman Brothers Financial Products Inc. | 08-13902 | October 5, 2008 |
| Lehman Scottish Finance L.P. | 08-13904 | October 5, 2008; |
| CES Aviation LLC | 08-13905 | October 5, 2008 |
| CES Aviation V LLC | 08-13906 | October 5, 2008 |
| CES Aviation IX LLC | 08-13907 | October 5, 2008 |
| East Dover Limited | 08-13908 | October 5, 2008 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 | January 7, 2009 |
| BNC Mortgage LLC | 09-10137 | January 9, 2009 |
| Structured Asset Securities Corporation | 09-10558 | February 9, 2009 |
| LB Rose Ranch LLC | 09-10560 | February 9, 2009 |
| LB 2080 Kalakaua Owners LLC | 09-12516 | April 23, 2009 |

7

# LEHMAN BROTHERS

**Your investment representative:**
T. MOOG
LEHMAN BROTHERS INC.
200 MONARCH PLAZA
3414 PEACHTREE RD NE
ATLANTA, GA 30326
TEL.: 800-241-0638

## Premier client account
## 835-16812

RICHARD GRAHAM
August 1 - August 31, 2008

page **1 of 11**

RICHARD GRAHAM
341 PINE TREE DRIVE
ATLANTA  GA  30305-3414

**Valuation summary: USD**

Last period account value
1,008,719.93
This period account value
935,675.24

*All transaction dates appearing on this statement are settlement dates, unless otherwise labeled.*

| | Portfolio summary |
|---|---|
| 3 | Account asset allocation |
| | Change in account value |
| 4 | Tax spotlight |
| | Bulletin board |
| | Anticipated income |
| 5 | Equities summary |
| 6 | Holdings |
| 9 | Activity |
| 10 | Cash investment summary |
| 11 | Tax lots |

**GO PAPERLESS**

Sign up for electronic delivery of account statements and trade confirmations and we will plant a tree on your behalf.

Visit www.lehmanlive.com for details. If you currently do not have online access, please contact your Investment Representative.

## Bulletin board *(continued on pg.4)*

Lehman Brothers is committed to complying with various customer identification and verification obligations. We may ask you to provide documentation or additional information, as necessary, to enable Lehman Brothers to comply with these requirements. We may also screen your name against various databases to verify your identity. This verification applies to both new accounts and when changes are made to existing accounts. Please be assured that this information and documentation will be treated with the highest regard to your personal privacy.

Business Continuity at Lehman Brothers: For a summary of how Lehman Brothers would respond to a significant business disruption, please go to www.lehman.com/bcp.htm.

Additional information about your investment representative or your representative's brokerage firm may be available by accessing FINRA's BrokerCheck program. Please visit www.nasdbrokercheck.com or call 1-800-289-9999 for more information.

Member SIPC

The Multi-tone area of this document changes gradually from light to dark. Heat sensitive "SECURITY MARK" on front of the document turns from Grey to Clear when heat is applied.

08-83516812-N

# LEHMAN BROTHERS

**Premier client account**
**835-16812**

RICHARD GRAHAM
August 1 - August 31, 2008

## Understanding your portfolio statement

**Client Services Department** Within the U.S. 800-253-4626
International 212-526-5000

P ease contact us immediately to report any errors, omissions or
discre pancies you find in your statement. Any oral communications
should be re-confi rmed in writing. Please send written inquiries to:

Lehman Brothers
Compliance Division
399 Park Avenue, 6th Floor
New York NY 10022-3763

If you have any questions about your statement or if you have a
material change to your investment objectives or financial situation,
please call us. A financial statement of Lehman Brothers Inc. is
available for your personal inspection at our offices, or a copy of it
will be mailed upon your written request.

**Transaction charges** Details of transaction charges and commissions are
displayed on transaction confirmations, which have been mailed
separately to you. We will also send you this information upon request.

**Client order policy** We route client orders to the market where we
believe clients receive the best execution, taking into account price,
reliability, market depth, quality of service, speed and efficiency.
Ordinarily, we will route orders only to markets where there is an
opportunity for them to be executed at better prices than the quoted
bid or offer. Lehman Brothers does not accept hard-dollar payment
for directing customer orders to particular broker/dealers or market
centers. However, we may receive discounts, rebates, reductions of
fees or credits as a result of the overall volume of our trading activity
generated at certain centers. But these benefits will generally not be
sufficient to offset the cost of directing orders to such broker/dealers
or market centers. If your statement indicates that a security was
delivered to you or your designated representative, and you have not
received it within seven weeks you should notify us in writing.
Immediately. If you do not notify your branch office within 6 months
of the statement delivery date, Lehman Brothers Inc. will not be
responsible for the cost of replacing securities.

**Pricing and foreign exchange rates** We obtain pricing and foreign
exchange rates from various outside sources and do not guarantee
the accuracy, reliability, completeness or attainability of this
information. The prices of the securities appearing herein have not
been adjusted for commissions or other charges and no price
adjustment (such as an illiquidity discount) that may apply or be
appropriate to a part cular security or position that is a restricted
security, a control security or a similar type of security that is not
freely tradable in the hands of the client. You or your service
provider should review any adjustments that you believe
are appropriate for the security, the client's status and the prevailing
market conditions. The prices and rates in this statement indicate
values as of the close of business on the last business day of the
month only.

**Cost basis** The unit cost for securities have been obtained from
various sources including, where applicable, supplied by you.
We do not gua rantee the accuracy, reliability or completeness of this
information. C ost basis is not absorbed available and for less
accurate or when it has been provided to you by another source. Such
information may not b e accomplished and adjustments necessary for tax

reporting purposes. You should verify cost basis and corresponding
gain/loss information against your own records when calculating
reportable gain or loss resulting from a sale. You are solely
responsible for the accuracy of cost basis and gain/loss information
reported to federal, state and other taxing authorities.

**Funds and securities** Clients funds and securities are held at
Lehman Brothers. We will pay you a low credit interest in your
account, except for regulated firm positions on demand, or on demand.
These funds may be used for our business purposes and are
properly accounted for on our record book.

**Guide to Lehman Brothers Equity Research Rating System:** Our
coverage analysts use a relative rating system in which they rate
stocks as 1-Overweight, 2-Equal weight or 3-Underweight (see
definitions below) relative to other companies covered by the
analyst or a team of analysts that are determined to be in the same
industry sector ("the sector coverage universe").

In addition to the stock rating, we provide sector views which rate
the outlook for the sector coverage universe as 1-Positive, 2-Neutral
or 3-Negative (see definitions below). A rating system using terms
such as buy, hold and sell is not the equivalent of our rating system.
Investors should carefully read the entire research report including
the definitions of all ratings and not rate its contents from ratings
alone.

| Stock Rating | |
|---|---|
| 1 – Overweight: | The stock is expected to outperform the unweighted expected total return of the sector coverage universe over a 12-month investment horizon. |
| 2 – Equal weight: | The stock is expected to perform in line with the unweighted expected total return of the sector coverage universe over a 12-month investment horizon. |
| 3 – Underweight: | The stock is expected to underperform the unweighted expected total return of the sector coverage universe over a 12-month investment horizon. |
| RS Rating Suspended: | The rating and target price have been suspended temporarily to comply with applicable regulations and/or firm policies in certain circumstances including when Lehman Brothers is acting in an advisory capacity in a merger or strategic transaction involving the company. |

| Sector View | |
|---|---|
| 1 – Pos t ve: | "sector coverage universe" fundamentals/valuations are improving. |
| 2 – Neu ral: | "sector coverage universe" fundamentals/valuations are steady, neither improving nor deteriorating. |
| 3 – Neg t ve: | "sector coverage universe" fundamentals/valuations are deteriorating. |

**Independent Research:** We provide ratings from independent
Research Providers that are deemed to be "BNY Jaywalk Inc.,"
an intermediary, maps individual IRP ratings to a standardized ratings
(1-Buy, 2-Hold, 3-Sell) which are referenced on your statement

**Taxes** For tax reporting purposes, you should rely on the official tax
forms we send you after the end of the year.

**Late charges** If you purchase securities in your cash account and do
not make payment by the settlement day, you may have to pay a late
charge.

**Interest charges** Any interest you are charged is generally calculated
from the 21st day of each month through the 20th day of the
following month. When the 20th day falls on a weekend or holiday,
the interest is calculated through that weekend or holiday, and the
next business day is the start of the next interest period.
  To calculate interest charges, we do the following:
    Not average debit balance x interest rate x number of days the
    debit was outstanding x 1/360
  We charge you interest on the debit balance in your account. Interest
charges that you will owe and that will be added to the opening balance debit
balance in your account for the next interest period.

**Credit balances** In accordance with New York Stock Exchange Rule
435, it is our understanding that any free credit balances in your
account are being maintained for the purpose of investing those
amounts through us.

**General Information** All transactions are subject to the constitutions,
rules, regulations, customs, usages, rulings and interpretations of the
pertinent exchanges, markets, self-regulatory organizations and
clearing houses, as well as the terms and conditions set forth on the
reverse side of Lehman's trade confirmation. All balances are subject
to verification. Post-settlement and other differences may appear on
subsequent statements. We and our affiliates trade for our own
accounts, including as sole for dealers, block positioners or
arbitrageurs. At the time of any transaction in your account, we or
our affiliates may have a long or short position in the same security
and/or positions may be acting as principal on the transaction. This
statement should be preserved, as it may be necessary for the
preparation and subsequent examination of your income tax return
and to verify interest charges that may appear on your next
statement.
  We are required by law to report to the Internal Revenue Service
certain dividends, bond interest and the net proceeds of certain
transactions. For tax reporting purposes, you should rely on the 1099
forms that you will receive from us after the end of the year.

**Member of SIPC** Lehman Brothers Inc. is a member of the Securities
Investor Protection Corporation (SIPC). Under SIPC regulations,
Lehman Brothers Inc. must protect the securities and cash held in
client accounts up to $500,000 per client (including up to $100,000 for
claims for cash), in addition to the coverage required by SIPC,
Lehman Brothers Inc. carries coverage protection from the Customer
Asset Protection Company. Thus, the securities and cash held for
clients by Lehman Brothers Inc. are protected up to each client's net
value. This coverage does not protect against changes in market
value. Securities lending, options, and other transactions, including
repurchase and reverse repurchase agreements, and private equity
may not be protected by SIPC. Sweep funds in the Lehman Brothers
Bank Cash Deposit Account are also not covered by SIPC. You may
obtain information about SIPC, including the SIPC brochure, at
www.sipc.org or by calling 202-371-8300.

# LEHMAN BROTHERS

| Premier client account
835-16812

RICHARD GRAHAM
August 1 - August 31, 2008

page    3 of    11

## Account asset allocation

Asset allocation includes derivative instruments classified based upon the corresponding underlying security and does not represent a comprehensive risk assessment of your account.

| | Last period | This period | % change | Asset allocation Aug. 31 |
|---|---|---|---|---|
| Equities | $99,777.50 | $100,987.50 | 1.2% | 10.8% |
| Alternative investments | 250,000.00 | 250,000.00 | - 11.2 | 26.7 |
| Cash, cash equivalents & other[1] | 658,942.43 | 584,687.74 | - 7.2% | 62.5 |
| Total account value | $ 1,008,719.93 | $ 935,675.24 | | |

(1) Includes total pending receivables.

## Change in account value

Interest and dividends for this year include all income received in 2008. Please see the Tax Spotlight section for a summary of income that may be reportable in 2008.

| | This period | This year |
|---|---|---|
| Opening portfolio value | $ 1,008,719.93 | $ 1,095,967.75 |
| Deposits | 72,368.29 | 1,265,735.29 |
| Withdrawals | - 75,000.00 | - 375,000.00 |
| Interest | 495.91 | 1,216.07 |
| Dividends | 0.00 | 525.00 |
| Change in value* | - 70,908.89 | - 1,052,768.87 |
| Closing portfolio value | $ 935,675.24 | |

* May include changes in market value, changes in accrued interest or securities transferred in or out of your account.

# LEHMAN BROTHERS

| Premier client account
| 835-16812

RICHARD GRAHAM
August 1 - August 31, 2008

page    4 of    11

## Tax spotlight

This is not a tax document. This information is being provided for your convenience and is for informational purposes only. Information on hedge funds, limited partnerships, private equity, and private offerings are excluded from this section. For tax reporting, you should rely on your official tax documents. Transactions requiring tax consideration should be reviewed with your accountant or tax advisor.

### Reportable income

|  | This period | This year |
|---|---|---|
| Dividends | $ 0.00 | $ 525.00 |
| Interest | 495.91 | 1,216.07 |
| **Total** | **$ 495.91** | **$ 1,741.07** |

### Realized capital gains and losses

| | |
|---|---|
| Short term gains and losses | $ 14.72 |

### Additional Information

| | |
|---|---|
| Proceeds from sales | $ 0.00 |

### Unrealized capital gains and losses

|  | To date |
|---|---|
| Short-term gains and losses | $ 49,514.72 |
|  | -$ 1,998.90 |

Cash In Lieu ( C-I-L) proceeds from fractional shares are not included in this section. The IRS does not require reporting on C-I-L under $20. Higher amounts will appear on your year end tax form based on your tax reporting status.

Gain/Loss information excludes cash, cash equivalents, and other, alternative investments, and commodity & commodities equivalents - private offerings.

## Bulletin board (continued from pg. 1)

Lehman Brothers provides 24 hour online access to your account information. You will have access to your account summary, holdings, activity, statements, trade confirmations and year-end tax reports. Contact your Investment Representative if you do not currently have online access or need assistance in accessing your account information at www.LehmanLive.com.

## Anticipated income

This reflects the total of all anticipated income reported herein. The anticipated income from certain products (e.g. Mortgage and asset backed securities) is not included.

|  | Annualized total |
|---|---|
|  | $ 750.00 |
| Equities |  |

# LEHMAN BROTHERS

| Premier client account
| 835-16812

RICHARD GRAHAM
August 1 - August 31, 2008

page    5 of    11

# Equities

## Common stock by industry sector

| | Market value long | % of common stock Aug. 31 |
|---|---|---|
| Energy | | |
| Materials | | |
| Industrials | | |
| Consumer Discretionary | | |
| Consumer Staples | | |
| Healthcare | | |
| Financials | 17,560.00 | 100.0 |
| Information Tech | | |
| Telecom Services | | |
| Utilities | | |
| Unclassified | | |
| Total | $ 17,560.00 | |

*Industry sector values provided by Standard & Poor's.*



## Equities Indices

**DJIA**

Aug. 29 11543.55
% change 1.45

11820.00
11710.00
11600.00
11490.00
11380.00
11270.00
07/31          08/29

**S&P 500**

Aug. 29 1282.83
% change 1.22

1308.00
1284.00
1272.00
1260.00
1248.00
07/31          08/29

## World Indices

| | Last month | This month | % change |
|---|---|---|---|
| DJIA | 11378.02 | 11543.55 | 1.45% |
| S&P 500 | 1267.38 | 1282.83 | 1.22 |
| NASDAQ | 2325.55 | 2367.52 | 1.80 |
| FTSE 100 | 5411.90 | 5636.60 | 4.15 |
| DAX | 6479.56 | 6422.30 | -0.88 |
| CAC | 4392.36 | 4482.60 | 2.05 |
| Nikkei | 13376.81 | 13072.87 | -2.27 |
| H. SENG | 22731.10 | 21261.89 | -6.46 |

Richard D. Graham
341 Pine Tree Dr., NE
Atlanta, GA 30305
(404) 995-9127
richard@rgsystemsllc.com

August 28, 2009

US Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

Dear Claims Processor,

Please find attached the following documents to fulfill the Proof of Claim form for
case no. 08-13555:

- Proof of Claim form
- Investor Representation letter
- Copy of account statement listing warrants and holdings with Lehman
  Brothers with losses highlighted (pg. 6 of statement)

Thank you for processing my claim. Should you need any additional information,
please do not hesitate to contact me at the number and/or email listed at the
heading of this letter.

I look forward to a timely conclusion to this matter.

Yours Truly,

Richard Graham

