# **EXHIBIT G**

## **(TRANSCRIPT FROM BENCH RULING IN *ENRON*)**

US_ACTIVE:\43530682\07\58399.0003

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
In the Matter of:

ENRON CORP., ET AL.,

                                              Case No.
                                              01-16034

               Debtor.
------------------------------------------x

                          April 11, 2002
                          2:00 p.m.
                          United States Custom House
                          One Bowling Green
                          New York, New York

B E F O R E:
    HON. ARTHUR J. GONZALEZ, U.S. BANKRUPTCY JUDGE

Ruling in reference to: One, the schedules; two, exclusivity; and three, the D&O insurance issue

Reported by:
Linda D. Noto, RPR, CSR

ENRON CORP., ET AL.,

Appearances:

    WEIL, GOTSHAL & MANGES, LLP
        Attorneys for Debtors
        767 Fifth Avenue
        New York, New York 10153-0119

BY:    MARTIN J. BIENENSTOCK, ESQ.
        - and -
    RICHARD L. LEVINE, ESQ.
        - and -
    HANS S. HWANG, ESQ.

    WEIL, GOTSHAL & MANGES, LLP
        Attorneys for Debtors
        1501 K Street, N.W., Suite 100
        Washington, D.C. 20005
BY:    DAVID R. BERZ, ESQ.

    WEIL, GOTSHAL & MANGES, LLP
        Attorneys for Debtors
        700 Louisiana, Suite 1600
        Houston, Texas 77002
BY:    STEPHEN T. LODEN, ESQ.

    OFFICE OF THE ATTORNEY GENERAL - STATE OF TEXAS
        JOHN CORNYN
        Post Office Box 12548
        Austin, Texas 78711-2548
BY:    JEFF BOYD, DEPUTY ATTORNEY
    GENERAL FOR LITIGATION
        - and -
    HAL F. MORRIS, ASSISTANT ATTORNEY
    GENERAL - SENIOR ATTORNEY
    BANKRUPTCY & COLLECTIONS DIVISION

ENRON CORP., ET AL.,

A p p e a r a n c e s:    (Continued)

THOMPSON & KNIGHT LLP
    Attorneys for Dunhill Group
    1700 Pacific Avenue, Suite 3300
    Dallas, Texas 75201
BY:   DAVID M. BENNETT, ESQ.

CARRINGTON COLEMAN SLOMAN & BLUMENTHAL L.L.P.
    Attorneys for Kenneth Lay
    200 Crescent Court, Suite 1500
    Dallas, Texas 75201-1848
BY:   RUSSELL F. NELMS, ESQ.

CADWALADER, WICKERSHAM & TAFT
    Attorneys for PG&E
    100 Maiden Lane
    New York, New York 10038
BY:   EDWARD A. SMITH, ESQ.

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

CLIFFORD CHANCE ROGERS & WELLS LLP
    Attorneys for PE&E, GTN
    200 Park Avenue
    New York, New York 10166-0153
BY:    WENDY ROSENTHAL, ESQ.

REED SMITH LLP
    Attorneys for The Wiser Oil Company
    375 Park Avenue, 17th Floor
    New York, New York 10152
BY:    DEBORAH A. REPEROWITZ, ESQ.

McCLAIN & SIEGEL, P.C.
    Attorneys for The Employment
    Related Issues Committee
    909 Fannin, Suite 4050
    Houston, Texas 77010

BY:    DAVID McCLAIN, ESQ.

ENRON CORP., ET AL.,

Appearances: (Continued)

KRONISH LIEB WEINER & HELLMAN, LLP
    Attorneys for The Employee
    Related Issues Committee
    1114 Avenue of the Americas
    New York, New York 10036-7798

BY:   RONALD R. SUSSMAN, ESQ.

BARRY A. BROWN, ESQ.
    Attorney for Upstream Energy Services
    as agent for the gas producers
    The Arena Tower, Suite 1100
    7322 Southwest Freeway
    Houston, Texas 77074

ARTER & HADDEN, LLP
    Attorneys for AEGIS Insurance
    101 West Broad Street, Suite 2100
    Columbus, Ohio  43215-3422

BY:   DAN A. BAILEY, ESQ.

6

ENRON CORP., ET AL.,
A p p e a r a n c e s:   (Continued)

    PHILLIPS NIZER, LLP
        Attorneys for AEGIS
        600 Old Country Road
        Garden City, New York   11530-2011
    BY:   LOUIS A. SCARCELLA, ESQ.

    TOGUT, SEGAL & SEGAL LLP
        Attorneys for Enron et al
        One Penn Plaza
        New York, New York   10119
    BY:   FRANK A. OSWALD, ESQ.
          -and-
        SCOTT RATNER, ESQ.

    NICKENS, LAWLESS & FLACK, L.L.P.
        Attorneys for Officers Regarding
        Insurance Carriers
        1000 Louisiana Street, Suite 5360
        Houston, Texas 77002

    BY:   JACK C. NICKENS, ESQ.

ENRON CORP., ET AL.,
A p p e a r a n c e s:  (Continued)

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
    Attorneys for Appaloosa Management L.P.,
    Oaktree Capital Management, LLC,
    Angelo Gordon & Co., L.P.,
    Elliott Associates, L.P.
    1633 Broadway
    New York, New York  10019-6799

BY:    RICHARD F. CASHER, ESQ.

GOLUB & GOLUB, LLP
    Attorneys for Rio Piedras
    225 Broadway, Suite 1515
    New York, New York  10007

BY:    CHRISTOPHER P. BRUNDAGE, ESQ.
        - and -
    FRANK JAKLITSCH, ESQ.

MILBANK, TWEED, HADLEY & MCCLOY LLP
    Attorneys for Official Comm. of the
    Unsecured Creditors Committee
    1 Chase Manhattan Plaza
    New York, New York  10005-1413
BY:    LUC A. DESPINS, ESQ.
        - and -
    MATTHEW BARR, ESQ.

8

ENRON CORP., ET AL.,
A p p e a r a n c e s:   (Continued)

    DALTON GOTTO SAMSON & KILGARD
        Attorneys for Tittle
        Suite 900, National Bank Plaza
        3101 N. Central Avenue
        Phoenix, Arizona   85012

    BY:   GARY A. GOTTO, ESQ.

    ENTWISTLE & CAPPUCCI LLP
        Attorneys for Florida State Board
        of Administration
        200 Park Avenue
        New York, New York   10171-1499
    BY:   ANDREW J. ENTWISTLE, ESQ.

    GIBBS & BRUNS, L.L.P.
        Attorneys for Enron Outside Directors
        1100 Louisiana, Suite 5300
        Houston, Texas   77002
    BY:   ROBERT MADDEN, ESQ.

9

ENRON CORP., ET AL.,
A p p e a r a n c e s:   (Continued)

GENOVESE JOBLOVE & BATTISTA, P.A.
    Attorneys for Class Claimants
    in Houston Action
    Bank of America Tower
    100 Southeast Second Street, 36th Floor
    Miami, Florida  33131
BY:   CRAIG P. RIEDERS, ESQ.
      - and -
   JOHN GENOVESE, ESQ.

TONKON TORP LLP
    Attorneys for Ken L. Harrison
    1600 Pioneer Tower
    888 SW Fifth Avenue
    Portland, Oregon  97204

BY:   ZACHARY W.L. WRIGHT, ESQ.

SHEARMAN & STERLING
    Attorneys for Citigroup
    599 Lexington Avenue
    New York, New York  10022-6069

BY:   FREDRIC SOSNICK, ESQ.

10

ENRON CORP., ET AL.,

A p p e a r a n c e s:  (Continued)

DAVIS POLK & WARDWELL
    Attorneys for JP Morgan Chase Bank
    450 Lexington Avenue
    New York, New York  10017
BY:  MARSHALL SCOTT HUEBNER, ESQ.

ROPES & GRAY
    Attorneys for Present and Former
    Outside Directors
    One International Place
    Boston, Massachusetts  02110-2624

BY:  WILLIAM F. MCCARTHY, ESQ.

APPEARING TELEPHONICALLY
    NEBENZAHL KOHN DAVIS & LEFF LLP
        ALBERT DAVIES, ESQ.
        MERTON RANDEL DAVIES, ESQ.
    WOLLMUTH, MAHER & DEUTSCH LLP
        KIRSTIN PETERSON, ESQ.

    VORYS, SATER, SEYMOUR & PEASE
        JONATHAN AIREY, ESQ.
    WEIL, GOTSHAL & MANGES LLP
        MARGARITA COALE, ESQ.

    ROPES, GRAY
        GREG KADEN, ESQ.

1           ENRON CORP., ET AL.,

2                THE COURT:  Please be seated.

3                All right.  My recollection, if I

4    left something out I'll have to go back in and get

5    some more papers, but my recollection is that

6    there are three decisions I have to read into the

7    record:  One, the schedules; two, exclusivity; and

8    three, the D&O insurance issue.

9                Was there anything else that I

10   reserved on this morning?

11               All right.  I'll deal first with

12   exclusivity and then I'll read a decision with

13   respect to the D&O.  And when I deal with

14   exclusivity, I'll deal as well with the schedules.

15               Cause exists to extend the Debtors

16   exclusive periods as to all the Debtors.

17               With respect to ENA, the Court will

18   do the following:  One, extend ENA's exclusive

19   period to August 31st, 2002; two, sua sponte

20   expand the ENA Examiner's role to that of the

21   facilitator of a plan in the ENA case and direct

22   him to file a report regarding the status of those

23   efforts including a recommendation as to any

24   further extension of ENA's exclusivity; three,

25   such report shall be filed on or before July 26,

1                    ENRON CORP., ET AL.,

2     2002.

3                    With respect to the other Enron

4     Debtors, the exclusive period is extended as

5     requested by the Debtor and the Committee for the

6     six-month period sought.

7                    With respect to the schedules, the

8     Court grants the Debtors' request for the

9     additional 60 days and the related relief sought.

10    And the Debtor is to serve an order with respect

11    to both of those issues, and obviously settle it

12    upon the ENA Examiner with respect to the

13    exclusivity issue.

14                   Regarding the AEGIS motion and the

15    outside directors.  Concerning the motions filed

16    by AEGIS and the outside directors to lift the

17    automatic stay to allow AEGIS to pay amounts under

18    the AEGIS D&O Policy and the AEGIS Fiduciary and

19    Employee Benefit Liability Policy, first, as set

20    forth by the Movants, their motion to lift the

21    stay is the procedurally correct method to have

22    this matter presented to the Court.

23                   Therefore, currently at issue is

24    the payment of the defense costs incurred by the

25    officers and directors.

1                ENRON CORP., ET AL.,
2                The D&O Policy provides for
3     coverage of the directors and officers,
4     indemnification coverage for the Debtor, and
5     entity coverage for the Debtor.
6                Pursuant to the terms of the D&O
7     Policy, the directors have a right to advancement
8     of defense costs under a priority of payments
9     endorsement.
10               The Debtors' entity coverage and
11    its indemnification coverage are expressly
12    subordinated to the rights of the directors and
13    officers under the AEGIS D&O policy.
14               As the Debtors' property rights are
15    defined by state law, it is that law that governs
16    the contractual obligation; thus, any directors
17    and officers currently due defense costs covered
18    by the policy must be paid from the proceeds of
19    the policy first.  The Debtors are then entitled
20    to have their own claims for defense costs paid.
21               The Debtors note the importance of
22    providing the officers and directors with this
23    type of coverage.  The Debtors assert that the
24    Debtor, itself, is entitled to currently-due
25    defense costs and will seek payment once the

1           ENRON CORP., ET AL.,
2   directors and officers receive payments for the
3   amounts currently due them.
4              With respect to the payment of
5   officers and directors' defense costs, to the
6   extent that any such payments would negatively
7   impact the Debtors' interest in the proceeds of
8   the D&O policy, that result is dictated by the
9   negotiated terms of the policy.
10             As certain officers and directors
11  may have present rights to payment of defense
12  costs, the fact that certain parties may in the
13  future assert claims and potentially become
14  entitled to payment from the insurance policies
15  does not preclude those who are currently entitled
16  to payment from receiving it.
17             In any case, the parties are bound
18  by the contractual provisions of the policy.  The
19  Debtors' interest in the policy is limited by its
20  contractual provisions including a priority
21  advancement and payment obligations contained in
22  those policies.  The Court cannot rewrite the
23  provisions of the contract.
24             The Objectants acknowledge the
25  terms of the contract.  Some of the Objectants

15

```
 1                    ENRON CORP., ET AL.,
 2   argue that because AEGIS and the outside directors
 3   are seeking to invoke this Court's jurisdiction
 4   concerning the lifting of the stay, that gives
 5   this Court leeway to set conditions upon which the
 6   stay would be lifted.  However, in this case, any
 7   such action would result in changing the terms of
 8   the contract.
 9                    The Court finds that, while
10   exercising jurisdiction concerning the issue of
11   lifting the stay, it should not exercise
12   jurisdiction over the terms of the contract and
13   will not interfere with those terms.
14                    Under the AEGIS Fiduciary Policy,
15   the coverage afforded the relevant Debtors is
16   co-extensive with the coverage afforded the
17   individual insureds.  However, that policy
18   provides a special $10 million fund earmarked for
19   defense costs.
20                    Payment from that fund will protect
21   the coverage that is available for payment of
22   settlements and judgements.  Moreover, payment
23   from the special funds requires written approval
24   from the Debtor.  These two aspects protect the
25   Debtors' interest.
```

```
 1                     ENRON CORP., ET AL.,
 2                     In addition, the Debtors have
 3    referenced the estates' interest in having
 4    individual defendants vigorously defend themselves
 5    in light of the potential for vicarious liability.
 6                     The Debtors also have asserted that
 7    the payment of the individual claimants' defense
 8    cost from the special $10 million fund should not
 9    limit the availability of proceeds that may be
10    required by the Debtor.
11                     Based upon the pleadings filed and
12    the record of this hearing, the Court finds that
13    because of the entity coverage, the stay is
14    implicated.  However, the Debtors' interest appear
15    minimal.
16                     Moreover, the Debtors' interest
17    should not be expanded by this Court.  They should
18    receive no greater protection than their contract
19    rights afford them.
20                     The Court finds cause to lift the
21    stay and grant the motion to permit the parties to
22    exercise their contractual rights under the D&O
23    Policy.
24                     In addition, the Court grants the
25    motion to lift the automatic stay to the extent
```

```
 1                    ENRON CORP., ET AL.,
 2   that the individual insureds and the Debtors may
 3   exercise their contractual rights against the
 4   $10 million special fund portion of the Fiduciary
 5   Policy.
 6                    The Movants shall settle an order
 7   upon the appropriate parties.
 8                    We will begin again, I think, at
 9   2:30.  Thank you.
10
11                    (Time noted:  2:05 p.m.)
12                              oOo
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

STATE OF NEW YORK     )
                      )SS.:
COUNTY OF NEW YORK    )

I, LINDA D. NOTO, a Certified Shorthand Reporter, Registered Professional Reporter and Notary Public within and for the State of New York, do hereby certify:

I reported the proceedings in the within entitled matter, and that the within transcript is a true record of such proceedings.

I further certify that I am not related, by blood or marriage, to any of the parties in this matter and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 11th day of April, 2002.

*Linda D. Noto*

LINDA D. NOTO, C.S.R., R.P.R.
License Number XI 01887 - N.J.
License Number 001002 - N.Y.