**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

Ch-11 LEHMAN BROTHERS HOLDINGS, INC.

Debtor

Case No. 08-13555

Chapter 11

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of the company Invardía, S.L., of Spanish nationality, domiciled for these purposes at C/ Platería 39 - El Grove (Pontevedra) (Spain) and bearer of companies registration number B-36518496 ("Assignor") that are scheduled by the Debtor(s) and or filed as an original or amended Proof of Claim against the Debtor(s), including but not limited to the following:

| Proof of Claim Amount | Proof of Claim No. |
| --- | --- |
| $191,362.50 | 0000060350 |

have been transferred and assigned to Caja de Ahorros de Vigo, Ourense y Pontevedra ("Assignee"). The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

ASSIGNEE: Caja de Ahorros de Vigo,
Ourense y Pontevedra
(Caixa Nova)

Address:    Avda. García Barbon 1-3
36201, Vigo, Galicia
Spain

Signature:
Name:
Title:
Date:

ASSIGNOR:  Invardía, S.L.

Address:    Attn: Mr. José María Mourelos Muñiz
/ Ms. María Rita Mascato Blanco
C/ Platería 39 – 36980
El Grove (Pontevedra) (Spain)

Signature:
Name:
Title:
Date:    21-09-2010

DOC ID-11099487.2

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

## LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000060350

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

**INVARDIA, S.L.**
Address:        García Barbón, 1 -7ª
                36201 Vigo (Spain)
Attention:      Mr. Luis Piñeiro Santos
(please see section 7 of the Attachment for full contact details)
Telephone number:+34 (0) 986828341   Email Address: lpineiro@caixanova.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:        Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ [....] (see Attachment)        (Required)        191,362.50 USD

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN):        See Attachment        (Required)        XS 0282208718

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

[...] (see Attachment)        6060304        (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
[...](see Attachment)        96287        (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FILED / RECEIVED
OCT 3 0 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 16/10/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   Mr. José Mª Marcos Muñiz        Mª Rita Maceto Blanco |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc., *et al.*<br><br>                      Debtors | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

**ATTACHMENT TO PROOF OF CLAIM OF INVARDIA, S.L.**

INVARDIA, S.L. ("Claimant") submits this attachment to the proof of claim (the "Claim") against Lehman Brothers Holdings Inc. ("LBHI").

**INVARDIA, S.L.'S CLAIM**

1. The Claimant submits this Claim with respect to certain securities guaranteed by LBHI and as set forth on the Lehman Programs Securities list posted by LBHI on July 17, 2009 in accordance with the Bar Order. Such Lehman Programs Securities include:

| ISIN | BLOCKING NUMBER | PARTICIPANT ACCOUNT NUMBER | PRINCIPAL AMOUNT OF ISSUE HELD (EUR) | CLAIM AMOUNT (USD) |
|---|---|---|---|---|
| XS0282208718 | 6060304 | 96287 | 135,000 | 191,362,50 |
| **TOTAL** | | | | 191,362,50 (1) |

(1) Or such other amount as may be determined in accordance with the terms of the applicable documentation and subject to applicable law.

## RESERVATION OF RIGHTS

2. Claimant expressly reserves the right to amend or supplement this Claim at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the claims. Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

3. This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against LBHI and its affiliated debtors (the "Debtors") and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

4. The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

5. Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from

LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

6. In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

## NOTICES

7. All notices, communications and distributions with respect to this Claim should be sent to:

**Luis Piñeiro Santos**
**Address:** **García Barbón, 1 - 7º**
**36201 Vigo (Spain)**
**Telephone:** **+34 986 828216**
**Attention:** **Mr. Luis Piñeiro Santos**

With a copy to:

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Telephone:    (212) 878-8000
Attention:    Jennifer C. DeMarco, Esq.
David A. Sullivan, Esq.

## BREAKDOWN OF CLAIM

8.  See Annex.

## ANNEX

### BREAKDOWN OF CLAIM: ISIN XS0282208718

The Claimant invested EUR 135,000 purchasing 135 notes issued by Lehman Brothers Treasury Co. B.V. on 22 January 2007 with ISIN code number XS0282208718 and whose maturity date was established to take place on 9 February 2010.

The Notes were issued under the "*US$ 60,000,000,000 Euro Medium-Term Note Program of Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V. and Lehman Brothers Bankhaus A.G.*" dated 9 August 2006   (the **"Program"**). The terms and conditions to be applied to this issuing are those appearing in the Program (the **"Terms and Conditions"**).

According to the final terms dated 29 March 2007 (the **"Final Terms"**) there is a final redemption amount to be paid on 9 February 2010 and which should be calculated by the Calculation Agent according to a formula attached to the Final Terms as an Annex.

The Final Terms also establish an early redemption amount (according to clause 8 (f) (*Early Redemption Amounts*) and clause 10 (a) (vi)) to be paid if an event of default occurs:

"*In respect of each Note, an amount in the Specified Currency equal to the fair market value of such Note (disregarding credit risk of the Issuer) (which value shall be less the proportion attributable to that Note of the reasonable cost to the Issuer of unwinding any related hedging arrangements) on such day as is selected by the Calculation Agent in its sole and absolute discretion (provided that such day is not more than 15 days before the date fixed for redemption of the Note).*"

The Calculation Agent was, in turn, Lehman Brothers International Europe, now in insolvency and unable to perform its role.

Thus, until such situation is solved for the time being our claim is for the principal invested. Since the "*Global notes pertaining to debtors' schedules and statements*" released by the United States Bankruptcy Court of the Southern District of New York set out on its section 7 that "otherwise indicated, all amounts are reflected in U.S. dollars" we have calculated the principal amount in U.S. dollars according to the average dollar-euro exchange rate as of 15 September 2008, published by the Federal Reserve Bank of New York on the website http://www.ny.frb.org/markets/foreignex.html (EUR = 1,4175

USD)  and we have also calculated in Euros the additional interest  just as established in the Terms and

Conditions (and then in U.S. dollars according to the mentioned exchange rate).

**Principal amount in U.S. dollars:**

EUR 135,000 x USD 1,4175 = USD 191,362,50





--------CONSTITUCIÓN DE SOCIEDAD LIMITADA --------

NÚMERO: TRESCIENTOS OCHENTA Y CUATRO.- -----------

EN O GROVE, mi residencia, provincia de Pontevedra,

a quince de marzo de dos mil seis. ---------------

Ante mí, JOSÉ MARÍA GARCÍA PEDRAZA, Notario del

Ilustre Colegio Notarial de Galicia, -------------

--------------------COMPARECEN: --------------------

Los cónyuges DON JOSÉ MARÍA MOURELOS MUÑIZ y DOÑA

MARÍA RITA MASCATO BLANCO, mayores de edad, de

nacionalidad española, casados en régimen de

gananciales, vecinos de O Grove, con domicilio en

la calle Platería, número 39 y, con DNI/NIF número

35.420.333-B y 35.428.699-M, respectivamente. ----

INTERVIENEN en su propio nombre y derecho y además,

el Sr. Mourelos Muñiz lo hace en nombre y

representación de la entidad mercantil denominada

"XESLAND GALICIA, SOCIEDAD LIMITADA" (de carácter

UNIPERSONAL), de nacionalidad española y duración

indefinida, con domicilio en la calle Platería,

número 39, municipio de O Grove, provincia de

Pontevedra, y cuyo objeto social está constituido por "Inversión y tenencia de valores mobiliarios y de bienes inmobiliarios". Fue constituida en escritura autorizada por el Notario de Sanxenxo, don Jorge Eduardo da Cunha Rivas, el día 24 de octubre de 2005, al número 3.405 de orden de su Protocolo. **INSCRITA** en el Registro Mercantil de Pontevedra, folio 30, libro 3.144 de Sociedades, inscripción 1ª, de la hoja número **PO-38.907**. ------ Tiene C.I.F. número **B-36506459**. -------------------- En escritura autorizada por el citado Notario de Sanxenxo, Sr. Da Cunha Rivas, el día 10 de enero de 2006, al número 79 de orden de su Protocolo, se procedió al trasladado de su domicilio al que figura en la comparecencia y se reeligió administrador único a don José María Mourelos Muñiz. **INSCRITA** al folio 32, libro 3.144 de Sociedades, inscripción 3ª, de la hoja número **PO-38.907**. --------------------------------------------- En escritura autorizada por el reseñado Notario de Sanxenxo, Sr. Da Cunha Rivas, el día 3 de marzo de 2006, bajo el número 645 de orden de su Protocolo, se modificó el objeto social, adoptando el que queda transcrito. **PENDIENTE** de inscripción en el





Registro Mercantil de Pontevedra. ------------------

Ejerce esta representación en virtud de su cargo de Administrador Único, para el cual fue nombrado en la escritura reseñada anteriormente. --------------

Conozco a los comparecientes y, los juzgo, tal como intervienen, con la capacidad legal necesaria para el otorgamiento de esta ESCRITURA DE CONSTITUCIÓN DE SOCIEDAD LIMITADA, a cuyo fin, ----------------

------------------O T O R G A N: ------------------

PRIMERO.- DON JOSÉ MARÍA MOURELOS MUÑIZ y DOÑA MARÍA RITA MASCATO BLANCO y la entidad "XESLAND GALICIA, S.L." CONSTITUYEN una sociedad mercantil limitada, de nacionalidad española, denominada "INVARDIA, SOCIEDAD LIMITADA", con C.I.F. provisional número B-36518496, la cual se regirá por las disposiciones legales aplicables en cada momento y por los Estatutos de la Sociedad que se recogen en el otorgan SÉPTIMO. -------------------

SEGUNDO.- CAPITAL SOCIAL Y PARTICIPACIONES. ------

El capital social es de **TRES MIL DIEZ EUROS**

(3.010), representado por **TRES MIL DIEZ (3.010)** participaciones sociales, de **UN EURO (1,00)**, de valor nominal cada una de ellas, numeradas correlativamente del UNO al TRES MIL DIEZ (1-3.010), ambos inclusive, y queda asumido y desembolsado, en la siguiente forma: -------------

ASUNCIÓN: ---------------------------------

DON JOSÉ MARÍA MOURELOS MUÑIZ, asume **MIL QUINIENTAS (1.500)** participaciones sociales, las números **uno al mil quinientos (1-1.500)**, ambos incluidos, por un valor nominal de MIL QUINIENTOS EUROS (1.500,00). ---------------------------------

DOÑA MARÍA RITA MASCATO BLANCO, asume **MIL QUINIENTAS (1.500)** participaciones sociales, las números **mil quinientos uno al tres mil (1.501-3.000)**, ambos incluidos, por un valor nominal de MIL QUINIENTOS EUROS (1.500,00). ------------------

XESLAND GALICIA, S.L., tal como interviene, asume **DIEZ (10)** participaciones sociales, las números **tres mil uno al tres mil diez (3.001-3.010)**, ambos incluidos, por un valor nominal de DIEZ EUROS (10,00). -----------------------------------------

DESEMBOLSO: -------------------------------

El desembolso del importe de las participaciones se





ha hecho en metálico, quedando depositado en la cuenta abierta a la Sociedad en formación, tal como resulta de certificaciones expedidas por la Entidad depositaria, que quedan incorporadas a esta escritura, como documentos unidos. ---------------

TERCERO.- El nombre de esta Sociedad no es usado por ninguna otra como me acredita con el oportuno certificado del Registro Mercantil Central, que me exhiben y dejo unido a esta matriz. --------------

CUARTO.- Se consigna de forma expresa la prohibición de ocupar o ejercer cargos en la Compañía a las personas que la Ley 12/1995 de 11 de Mayo, declara incompatibles. --------------------

QUINTO.- ÓRGANO DE ADMINISTRACIÓN.- Se encomienda la gestión y representación de la Sociedad a DOS ADMINISTRADORES SOLIDARIOS, designando para tales cargos a DON JOSÉ MARÍA MOURELOS MUÑIZ y DOÑA MARÍA RITA MASCATO BLANCO. -----------------------------

Los nombrados aceptan los cargos, manifestando no estar incursos en ninguna incompatibilidad legal y

de forma expresa en las que se consignan en el art. 58 de la L.S.R.L., y en la Ley 12/1995 de 11 de Mayo. **SEXTO.-** El Administrador, aún no inscrita la Sociedad, podrá ejercitar sus facultades desde la fecha estatutaria de inicio de las actividades sociales dentro de su esfera de actuación, prevista en los Estatutos y en las disposiciones legales. - **SÉPTIMO.- ESTATUTOS DE LA SOCIEDAD.** --------------

---------------------CAPÍTULO I -------------------

**ARTÍCULO 1.- DENOMINACIÓN.-** "INVARDIA, SOCIEDAD LIMITADA". --------------------------------------

**ARTÍCULO 2.- OBJETO.-** La sociedad tendrá por objeto las actividades de prestación de servicios de promoción, desarrollo, gestión administrativa, mediación, y asesoramiento, en todo tipo de operaciones de inversión, financiación, y operaciones de tipo inmobiliario. -----------------

El objeto social podrá desarrollarse bien directamente por la propia sociedad, bien indirectamente mediante la participación en el capital de otras sociedades o en comunidades o agrupaciones de cualquier tipo siempre que tales otras sociedades, comunidades o agrupaciones tengan un objeto social idéntico o análogo al de esta





Sociedad. --------------------------------------

**ARTÍCULO 3.- DOMICILIO.-** Se fija en la calle

Platería, número 39, parroquia San Martín; en el

término municipal de O Grove, provincia de

Pontevedra. --------------------------------------

Por acuerdo del Órgano de Administración, podrá

trasladarse dentro de la misma población donde se

halle establecido. --------------------------------

De igual modo podrán ser creadas, suprimidas, o

trasladadas las sucursales, agencias o delegaciones

que el desarrollo de la actividad social haga

necesarias o convenientes, tanto en territorio

nacional como extranjero. -------------------------

**ARTÍCULO 4.- DURACIÓN.-** La Sociedad tendrá duración

indefinida y comenzará sus operaciones el día del

otorgamiento de la Escritura de Constitución. ----

-------------------CAPÍTULO II -------------------

CAPITAL    SOCIAL    Y    TRANSMISIÓN    DE    LAS

PARTICIPACIONES. ----------------------------------

**ARTÍCULO 5.- CAPITAL SOCIAL.-** El capital social es

de **TRES MIL DIEZ EUROS** (3.010,00), totalmente desembolsado y dividido en **TRES MIL DIEZ PARTICIPACIONES SOCIALES** (3.010), de UN EURO (1,00) de valor nominal cada una, numeradas correlativamente desde la unidad. ------------------
Hasta la inscripción de la Sociedad o, en su caso, del acuerdo de aumento del capital en el Registro Mercantil, no podrán transmitirse las participaciones sociales. ------------------------
ARTÍCULO 6.- TRANSMISIÓN DE PARTICIPACIONES SOCIALES.- ------------------------------------
A) TRANSMISIÓN ENTRE VIVOS.- ----------------------
A.1) Los socios podrán transmitir con entera libertad todas o algunas de sus participaciones sociales por acto entre vivos a título oneroso o gratuito en favor de su cónyuge, ascendientes o descendientes, sean o no socios. ------------------
A.2) En todos los demás casos la transmisión de las participaciones sociales se someterá a las siguientes normas: ---------------------------
a) El socio que se proponga transmitir su participación o participaciones deberá comunicarlo por escrito, por carta certificada con acuse de recibo o personalmente por instancia por duplicado,





dirigida a los administradores, haciendo constar el número y características de las participaciones que pretende transmitir, la identidad del adquirente y el precio y demás condiciones de la transmisión. -- Los administradores acusarán recibo o devolverán el duplicado de la instancia debidamente sellado, con la fecha de la comunicación. ---------------------

b) En el plazo de diez días los administradores comunicarán a los demás socios la oferta de venta del socio que pretende enajenar, con las condiciones comunicadas, para que puedan ejercitar el derecho de adquisición preferente en un plazo de quince días a contar desde el recibo de la notificación. -----------------------------------

Si son varios los socios que pretendan ejercitar el citado derecho de adquisición preferente, se distribuirán las participaciones entre todos ellos a prorrata de su participación en el capital social. -----------------------------------------

c) Transcurrido el plazo de quince días sin que

ninguno de los socios ejercitara el derecho a que se refiere el apartado anterior, los administradores, durante un nuevo plazo de quince días, podrán designar a un tercero para adquirir dichas participaciones y, en última instancia, la Sociedad podrá adquirir las participaciones ofrecidas para amortizarlas, previo acuerdo de reducción del capital social en un nuevo plazo de quince días a contar desde la expiración del anterior. ---------------------------------------

d) Si alguno de los socios, tercero designado por los administradores o la Sociedad pretendieran ejercitar el derecho de adquisición preferente, los administradores lo comunicarán, por conducto notarial, al socio oferente en el plazo máximo de dos meses, a contar desde la comunicación a los mismos administradores, y la escritura pública de transmisión deberá otorgarse dentro de los quince días siguientes. -------------------------------

La oferta de venta será vinculante para el socio oferante durante el plazo de dos meses, a contar desde la recepción de la comunicación por los administradores. Transcurrido este plazo sin que los administradores le hubieran comunicado la





identidad del adquirente o adquirentes, quedará libre para realizar la transmisión en las condiciones comunicadas. De igual libertad gozará cuando se le hubiese comunicado la identidad del adquirente o adquirentes y hubieran transcurrido quince días sin otorgar la escritura pública de transmisión. -------------------------------------
En estos supuestos el socio deberá otorgar la escritura de transmisión en la forma comunicada en el plazo de tres meses, a contar desde la expiración del plazo de dos meses, o de dos meses y quince días, según los casos a que se refiere el párrafo anterior. Transcurrido este plazo, la venta requerirá nueva oferta a la Sociedad. ------------
f) El valor de las participaciones será entregado por el socio o socios adquirentes en el momento de otorgarse la escritura de transmisión. -----------
g) Si la transmisión proyectada fuese por título oneroso o gratuito distinto de la compraventa, el precio se fijará por acuerdo de las partes y, en su

defecto, se estará al valor real de las participaciones fijado por el auditor de cuentas de la Sociedad, y si no estuviera obligada a la verificación de cuentas por el auditor que nombre el Registrador Mercantil del domicilio social. ---
B) TRANSMISIÓN MORTIS CAUSA.- --------------------
La adquisición de alguna participación social por sucesión hereditaria confiere al heredero o legatario la condición de socio, siempre que sea cónyuge, ascendiente o descendiente del socio causante. ---------------------------------------
En los demás casos habrá un derecho de adquisición preferente a favor de los demás socios de las participaciones del socio fallecido, por el valor real que tuvieren el día del fallecimiento del socio, cuyo precio se pagará al contado. La valoración se regirá por lo dispuesto en el Artículo 100 de la Ley de Sociedades de Responsabilidad Limitada, y el derecho de adquisición habrá de ejercitarse en el plazo máximo de tres meses a contar desde la comunicación a la Sociedad de la adquisición hereditaria. ----------
También podrá ejercitarse dicho derecho de adquisición preferente desde el momento que la





Sociedad tenga conocimiento del fallecimiento, mediante comunicación dirigida al domicilio del socio fallecido. ---------------------------------

C) COMUNICACIÓN DE LAS TRANSMISIONES.- -----------

En todo caso, la adquisición por cualquier título de participaciones sociales deberá ser comunicada por escrito al Órgano de Administración de la Sociedad, indicando la identificación completa del nuevo socio. Sin este requisito el adquirente no podrá pretender el ejercicio de los derechos de socio. -------------------------------------------

La transmisión de las participaciones con infracción de las normas anteriores no producirán efecto frente a la Sociedad. No obstante lo cual, podrán ser objeto de convalidación por acuerdo unánime de todos los socios en junta general. ----

D) DOCUMENTACIÓN DE LAS TRANSMISIONES.- ----------

La transmisión de las participaciones sociales y la constitución del derecho real de prenda sobre ellas se formalizará en documento público. Los restantes

gravámenes deberán constar en escritura pública. -

E) LIBRO REGISTRO DE SOCIOS.- ------------------------

La Sociedad llevará un Libro Registro de socios en el que se harán constar la titularidad originaria y las sucesivas transmisiones, voluntarias o forzosas, de las participaciones sociales, así como la constitución de derechos reales y otros gravámenes sobre las mismas. ---------------------

Cualquier socio podrá consultar este Libro Registro, que estará a cargo del Órgano de Administración. ---------------------------------

Los socios y los titulares de derechos reales o de gravámenes sobre las participaciones sociales, tienen derecho a obtener certificación de las participaciones, derechos o gravámenes registrados a su nombre. Tales certificaciones no suplen al documento público que sirva de título de propiedad.

--------------------CAPÍTULO III --------------------

DEL GOBIERNO DE LA SOCIEDAD. -----------------------

ARTÍCULO 7.- DE LA JUNTA GENERAL.- -------------------

Los socios, reunidos en Junta General, decidirán por la mayoría prevista en el artículo 53 de la Ley de Sociedades de Responsabilidad Limitada, los asuntos propios de su competencia. --------------------





Cada participación social concede a su titular el derecho a emitir un voto. ------------------------

**ARTÍCULO 8.- CONVOCATORIA.-** La convocatoria de las Juntas generales se hará por el Órgano de Administración, por iniciativa propia o a petición de un número de socios que representen el cinco por ciento del capital social, con quince días de antelación a la fecha en que han de celebrarse. -- Cuando la convocatoria se haga a petición de socios deberá ser convocada dentro del mes siguiente a la fecha en que se hubiere requerido notarialmente a los administradores para convocarla, incluyendo necesariamente en el orden del día los asuntos que hubieran sido objeto de solicitud. ---------------

Las citaciones a los socios se harán al domicilio que figura en el Libro Registro, por escrito y duplicado, debiendo los socios al recibirlas devolver firmado el ejemplar duplicado o, en su defecto, por acta notarial. ----------------------

En todo caso, la convocatoria expresará el nombre

de la Sociedad, el nombre de la persona que realice la comunicación, la fecha y hora de la reunión, así como el orden del día en el que figurarán los asuntos a tratar. --------------------------------
No obstante, la Junta se entenderá convocada y quedará validamente constituida para tratar cualquier asunto siempre que esté, presente o representado, todo el capital social y los asistentes acepten por unanimidad la celebración de la Junta. -----------------------------------------

**ARTÍCULO 9.- REPRESENTACIÓN.-** Todo socio podrá hacerse representar en la Junta General por medio de otro socio, cónyuge, ascendientes o descendientes. La representación será a medio de poder notarial o por simple carta, pero en este último caso sólo tendrá valor para el acto para el que haya sido concedida la representación, sin que se pueda utilizar en futuras Juntas. --------------

**ARTÍCULO 10.- LIBRO DE ACTAS.-** Los acuerdos sociales se extenderán en el correspondiente libro de actas, que incluirá necesariamente lista de asistentes y deberá ser aprobada por la propia Junta al final de la reunión o, en su defecto, dentro de los quince días siguientes por el





Presidente de la Junta y dos socios interventores.

Las certificaciones de dicho libro serán expedidas por el administrador con facultades certificantes.

ARTÍCULO 11.- ÓRGANO DE ADMINISTRACIÓN.- La gestión y representación de la sociedad se podrá confiar a un administrador único, a varios administradores que actúen solidaria o conjuntamente, o a un Consejo de Administración. -----------------------

Corresponde a la Junta General la facultad de optar alternativamente por cualquiera de ellos, sin necesidad de modificación estatutaria. En todo caso, el acuerdo de modificación del modo de organización de la administración de la Sociedad se consignará en escritura pública y se inscribirá en el Registro Mercantil. ---------------------------

El Administrador percibirá una retribución por su dedicación en concepto de sueldo. Esta retribución será fijada para cada ejercicio por acuerdo de la Junta General, conforme al art. 66.3 de la Ley de Sociedades de Responsabilidad Limitada, y será

revisada anualmente en función de la evolución del
Índice de Precios al Consumo (I.P.C.). -----------
La duración del cargo de Administrador será
indefinida, salvo que en el acuerdo de su
nombramiento se determine otra cosa. -------------

ARTÍCULO 12.- DEL CONSEJO DE ADMINISTRACIÓN.- ------

Cuando la gestión y representación de la Sociedad
se confíe a un Consejo de Administración, éste
estará formado por un número mínimo de tres
miembros y por un máximo de doce. ----------------
El Consejo de Administración podrá delegar todas o
parte de sus facultades, legalmente delegables, en
cualquiera de sus miembros y otorgar los
apoderamientos que considere convenientes. -------
El Consejo quedará válidamente constituido cuando
concurran a la reunión, presentes o representados
por otro Consejero, la mitad más uno de sus
miembros. La representación se conferirá mediante
carta dirigida al Presidente. Los acuerdos se
adoptarán por mayoría absoluta de los asistentes a
la reunión, que deberá ser convocada por el
Presidente o quien haga sus veces. La votación por
escrito y sin sesión será válida si ningún
Consejero se opone a ello. Las discusiones y





acuerdos del Consejo de Administración se llevarán a un libro de actas que serán firmadas por el Presidente y por el Secretario. En caso de empate decidirá el voto personal del Presidente. El Consejo se reunirá siempre que lo soliciten dos de sus miembros o lo acuerde el Presidente. Los consejeros serán convocados mediante carta certificada con acuse de recibo, dirigida a la dirección de cada consejero o a la que a estos efectos conste en los archivos de la sociedad, o bien mediante telecopia dirigida al número de fax señalado por cada consejero, en todo caso con siete días de antelación, como mínimo, a la fecha prevista para la reunión. ------------------------

El Consejo, si no lo hubiera hecho la Junta al tiempo de la elección de los Consejeros, designará de su seno un Presidente y un Secretario y, en su caso, un Vicepresidente y un Vicesecretario que, respectivamente, sustituirán al Presidente y al Secretario en los casos de imposibilidad de éstos.

El Secretario y el Vicesecretario podrán no ser Consejeros, en cuyo caso tendrán voz pero no voto y, a efectos de los límites establecidos, no se contarán para determinar el número de miembros del Consejo. El Secretario y, en su caso, el Vicesecretario que no sean Consejeros tendrán, no obstante, facultad para certificar y elevar a públicos acuerdos sociales. ----------------------

ARTÍCULO    13.-    FACULTADES    DEL    ÓRGANO    DE ADMINISTRACIÓN.- --------------------------------

La representación de la Sociedad, en juicio y fuera de él, corresponde al Órgano de Administración, teniendo facultades, lo más ampliamente entendidas, para contratar en general, realizar toda clase de actos y negocios, obligacionales o dispositivos, de administración ordinaria o extraordinaria y de riguroso dominio, respecto a toda clase de bienes, muebles, inmuebles, dinero, valores mobiliarios y efectos de comercio, sin más excepción que la de aquellos asuntos que sean competencia de otros órganos o no estén incluidos en el objeto social. -

A título enunciativo, y no limitativo, se enumeran las siguientes facultades: ----------------------

a) Consentir y realizar compras, ventas, permutas,





transacciones, cesiones, opciones, arriendos, subarriendos y otras cualesquiera adquisiciones y enajenaciones de bienes muebles e inmuebles, establecer, ejercitar, renunciar derechos de tanteo, retracto, y acciones y condiciones suspensivas, resolutorias y rescisorias. Realizar toda clase de actos hipotecarios, agrupaciones, segregaciones, divisiones de fincas. -------------

b) Aceptar, ratificar, posponer, o subrogar, dividir, ampliar y reducir, constituir y cancelar, total o parcialmente, hipotecas, censos, servidumbres, fianzas, incluso en la Caja General de Depósitos, embargos, anotaciones preventivas y otros gravámenes y obligaciones de cualquier naturaleza y renunciar a toda clase de privilegios y acciones mediante pago. ------------------------

c) Comparecer en nombre de la sociedad ante la Administración Pública y sus distintas esferas Central, Autonómica, Local o Institucional, realizando cobros, promoviendo reclamaciones y, en

general, realizando cualquier otro acto que exija
el desenvolvimiento normal o excepcional de la
Sociedad. -----------------------------------
d) Realizar toda clase de actos procesales,
administrativos o notariales, cualesquiera que sean
los Tribunales, Juzgados, Organismos, Corporaciones
o Autoridades, ejercitando recursos de casación,
revisión, injusticia notoria y cualesquiera
extraordinarios actos, ante quienes haya de
ejercitarse pudiendo nombrar Abogados, Procuradores
o Gestores. -----------------------------------
e) Llevar la firma y actuar en nombre de la
Sociedad en toda clase de operaciones bancarias,
abriendo y cerrando cuentas corrientes, disponiendo
de ellas, interviniendo en letras de cambio como
librador, aceptante, avalista, endosante,
endosatario o tenedor de las mismas; abrir
créditos, con o sin garantía, y cancelarlos; hacer
transferencias de fondos, rentas, créditos o
valores, usando cualquier procedimiento de giro o
movimiento de dinero; aprobar saldos de cuentas,
finiquitos, constituir o retirar depósitos, etc,
todo ello realizable tanto con el Banco de España y
la Banca Oficial, como con entidades bancarias





privadas y cualesquiera organismos de la Administración del Estado y Comunidades Autónomas.

f) Conferir toda clase de poderes con las facultades que determinen. -----------------------

La enumeración de las facultades comprendidas en los párrafos anteriores, no tiene carácter limitativo y deja subsistentes en toda su amplitud las disposiciones del párrafo primero del presente artículo. -----------------------------------------

--------------------CAPÍTULO IV --------------------

EJERCICIO SOCIAL Y DISPOSICIONES ECONÓMICAS.- -----

ARTÍCULO 14.- -----------------------------------

A) El ejercicio social se terminará y cerrará el treinta y uno de Diciembre de cada año. ----------

B) El Órgano de Administración deberá llevar los libros sociales y los de contabilidad y redactar las cuentas anuales y el informe de gestión con arreglo a lo previsto en la Ley. ------------------

C) Las cuentas anuales y el informe de gestión deberán ser firmados por todos los miembros del

Órgano de Administración. Si faltara la firma de alguno de ellos se indicará así en cada uno de los documentos en que falte con expresión de la causa.

D) Cuando con arreglo a la Ley la Sociedad no esté obligada a someter sus cuentas a verificación por un Auditor, los socios que representen al menos el cinco por ciento del capital social podrán solicitar, con arreglo a la Ley, el nombramiento de un Auditor que efectúe la revisión de las cuentas de un ejercicio, siempre que no hayan transcurrido tres meses desde la fecha de su cierre. -----------
Los gastos de esta auditoría serán satisfechos por la Sociedad. --------------------------------

E) Con los requisitos previstos en la Ley y en estos Estatutos, para la modificación de los mismos podrá acordarse en Junta General la obligatoriedad de que la Sociedad someta sus cuentas anuales, de forma sistemática, a la revisión de auditores de cuentas aunque la Ley no lo exija. Con los mismos requisitos podrá acordarse la supresión de esta obligación asumida voluntariamente. --------------

F) A partir de la convocatoria de la Junta General cualquier socio podrá obtener de la Sociedad, de forma inmediata y gratuita, los documentos que han




de ser sometidos a la aprobación de la misma, el
informe de gestión y el informe de los auditores de
cuentas, en su caso. En la convocatoria se hará
expresión de este derecho. -----------------------
Durante el mismo plazo, el socio o socios que
representen al menos el cinco por ciento del
capital social podrán examinar, en el domicilio
social, los documentos que sirvan de soporte y de
antecedente a las cuentas anuales. ---------------
G) Los beneficios líquidos obtenidos después de
detraer impuestos y reservas legales o voluntarias
se distribuirá entre los socios en la proporción
correspondiente a sus respectivas participaciones
sociales. -----------------------------------------
H) Dentro del mes siguiente a la aprobación de las
cuentas anuales se presentará, para su depósito en
el   Registro   Mercantil   del   domicilio   social,
certificación de los acuerdos de la Junta General
de   aprobación   de   las   cuentas   anuales   y   de
aplicación del resultado, a las que se adjuntará un

ejemplar de cada una de dichas cuentas y los demás documentos previstos en la Ley. Si alguna de las cuentas anuales se hubiera formulado de forma abreviada se hará constar así en la certificación con expresión de la causa. ----------------------- El incumplimiento por los Administradores de esta obligación dará lugar para ellos a la responsabilidad prevista en la Ley. -------------- ----------------------CAPÍTULO V --------------------- ----------------------ARBITRAJE --------------------- ARTÍCULO 15.- Sin perjuicio de lo establecido con carácter imperativo en la Ley, todas las cuestiones que surjan por la interpretación y aplicación de estos Estatutos, en las relaciones entre la Sociedad y los socios, y entre éstos por su condición de tales, se someterán necesariamente a un arbitraje de equidad, conforme a lo que regula la legislación vigente, juzgando un árbitro nombrado por las partes y, en su defecto, por el presidente de la Cámara de Comercio que corresponda al domicilio social. Para la formalización judicial del compromiso, en su caso, quedan todos sometidos a la jurisdicción de los Tribunales y Juzgado del domicilio social, siendo todos los gastos de la





misma y los daños y perjuicio que causare, a cargo

del que, con su conducta activa o pasiva, hubiera

dado lugar a ella. -------------------------------

**OCTAVO.-** Los otorgantes consienten expresamente la

inscripción parcial de la presente escritura y de

los Estatutos, en el supuesto de que cualquiera de

sus cláusulas o estipulaciones adoleciesen de algún

defecto a juicio del señor Registrador Mercantil. -

--------------------OTORGAMIENTO: ------------------

De acuerdo con lo establecido en la Ley orgánica

15/1999, informo a los señores comparecientes, que

aceptan, que sus datos personales quedarán

incorporados a los ficheros automáticos existentes

en esta notaría, que se conservarán en la misma con

carácter confidencial, sin perjuicio de las

remisiones de obligado cumplimiento a las

Administraciones Públicas que estipula la Ley y, en

su caso, al Notario que suceda al actual en esta

plaza. Su finalidad es realizar la formalización de

la presente escritura, su facturación y seguimiento

posterior, y las funciones propias de la actividad notarial. La identidad y dirección del responsable son las siguientes: Notario.- DON JOSE MARIA GARCIA PEDRAZA. RÚA CASTELAO, NÚMERO 5, O GROVE (PONTEVEDRA).------------------------- --------------

Hago las reservas y advertencias legales, especialmente las fiscales, las relativas a la necesaria inscripción de esta escritura en el Registro Mercantil a la NECESIDAD DE LLEVAR POR LA SOCIEDAD LOS LIBROS SOCIALES, ENTRE ELLOS EL DE REGISTRO DE SOCIOS Y EL DE ACTAS, DE LA DILIGENCIACIÓN DE LOS MISMOS POR EL DICHO REGISTRO Y DEL DEPÓSITO DE CUENTAS ANUALES EN EL REGISTRO MERCANTIL. -------------------------------------

Leo esta escritura a los comparecientes, por su elección, y manifestando quedar enterados libremente la aprueban y firman conmigo, el Notario, que hago constar que el otorgamiento se adecua a la legalidad y a la voluntad debidamente informada de los otorgantes. ---------------------

---------------------AUTORIZACIÓN: --------------------

De todo lo expresado en este instrumento público, extendido en quince folios de papel del Timbre del Estado, para uso exclusivo de documentos





notariales, de la serie 6S, números 5143440,

5143441, 5143462, 5143443, los diez siguientes en

orden correlativo y el del presente yo, el Notario,

DOY FE.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BASES: DECLARADAS.

ARANCEL: números: 2 (matriz), 4 (copias), norma 8ª (timbre)

5 (testim. y/o legitim.), 6 (dilig. y/o sal.), 7 (exceso folios).

DERECHOS                     TOTAL

Siguen las firmas de los comparecientes,
rubricadas. Signado, firmado: JOSÉ MARÍA GARCÍA
PEDRAZA, rubricado y sellado.- - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -DOCUMENTOS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - UNIDOS.-

PRINCIPE DE VERGARA, 94
~~~~~~~~~~
28006 MADRID

REGISTRO MERCANTIL CENTRAL
SECCION DE DENOMINACIONES

CERTIFICACION NO. 06036348

DON **Jose Luis Benavides del Rey**      , Registrador Mercantil Central
en base a lo interesado por:
D/Da. **XESLAND GALICIA, S.L.**
en solicitud presentada con fecha 06/02/2006 y numero de entrada 0603659

**CERTIFICO:** Que **NO FIGURA** registrada la denominacion

### ### **INVARDIA, SOCIEDAD LIMITADA** ###

En consecuencia, **QUEDA RESERVADA DICHA DENOMINACION** a favor del citado
interesado, por el plazo de quince meses a contar desde esta fecha, con-
forme a lo establecido en el articulo 412.1 del reglamento del Regis-
tro Mercantil.

Madrid, a Siete de Febrero de Dos Mil Seis.

EL REGISTRADOR,

NOTA.- Esta certificacion tendra una vigencia, a efectos de otorgamiento
de escritura, de DOS MESES contados desde la fecha de su expedicion, de
conformidad a lo establecido en el art. 414.1 del Reglamento del Registro
Mercantil.





**MINUTA CERTIFICACIÓN**
**SOCIEDADES LIMITADAS EN CONSTITUCIÓN.**


**CAIXA DE AFORROS DE VIGO, OURENSE E PONTEVEDRA.**
**Sucursal de O Grove, 037**


**CERTIFICA:**

A efectos de lo dispuesto en el artículo 19 de la Ley 2/1995 de 23 de Marzo de Sociedades de Responsabilidad Limitada, que en esta oficina y en la cuenta numero 20800037040040016143, a nombre de INVARDIA, S.L., en constitución, se han ingresado las cantidades siguientes, por cuenta de:

**JOSE MARIA MOURELOS MUÑIZ**                    **1.500 EUROS**


en concepto de **APORTACIÓN DE CAPITAL.**

O GROVE, A 15 DE MARZO DE 2006



# CAIXANOVA

**MINUTA CERTIFICACIÓN
SOCIEDADES LIMITADAS EN CONSTITUCIÓN.**

**CAIXA DE AFORROS DE VIGO, OURENSE E PONTEVEDRA.**
**Sucursal de O Grove, 037**

**CERTIFICA:**

A efectos de lo dispuesto en el artículo 19 de la Ley 2/1995 de 23 de Marzo de Sociedades de Responsabilidad Limitada, que en esta oficina y en la cuenta número 20800037040040016143, a nombre de INVARDIA, S.L.., en constitución, se han ingresado las cantidades siguientes, por cuenta de:

**MARÍA RITA MASCATO BLANCO          1.500 EUROS**

en concepto de **APORTACIÓN DE CAPITAL.**

O GROVE, A15 DE MARZO DE 2006



### Registro Mercantil de Pontevedra
*EDUARDO PONDAL, 68 Bajo - 36003 PONTEVEDRA*

### INVARDIA SL

**DOCUMENTO :** 1/2006/3.317,0          **DIARIO :** 100          **ASIENTO :** 2864

*EL REGISTRADOR MERCANTIL que suscribe, previo examen y calificación del documento precedente de conformidad con los artículos 18-2 del Código de Comercio y 6 del Reglamento del Registro Mercantil, ha procedido a su inscripción en el:*

**TOMO  :** 3193          **LIBRO :** 3193          **FOLIO  :** 160
**HOJA  :** PO-40006          **HOJA BIS:**
**INSCRIP.:** 1          **INS. BIS :**

SIN HACER CONSTAR LAS FACULTADES AL ORGANO DE ADMINISTRACION DE CONFORMIDAD AL ART. 185.6 RRM

Haciéndose constar expresamente la no inclusión de la persona/s nombrada/s a que se refieren las inscripciones practicadas en este Registro en virtud de este documento, en el Registro de Resoluciones Concursales, conforme a lo dispuesto en el artículo 61 bis del Reglamento del Registro Mercantil.

**HONORARIOS** (sin I.V.A.):          116,06 Euros (19.311 Pts.)  **N.FACTURA:**

PONTEVEDRA , 29 de Marzo de 2006

**EL REGISTRADOR**

Nº arancel según minuta: 1.13.a.1.13.a.2.2.1.20.1.21.a.21.b.23.1.24.1.24.2.25.c.5

H
A
N
D

D
E
L
I
V
E
R
Y

TP
RECEIVED BY:

10-30-09
DATE

4:52 PM
TIME