## Written Response to Objection of Debtors' Fifty-eighth Omnibus Objection to Claims
### (No Supporting Documentation Claims)

United States Bankruptcy Court
Southern District of New York

Debtors: Lehman Brothers Holdings Inc
Chapter 11 Case No: 08-13555 (JMP)
Notice of Hearing on Debtors' Fifty-eighth Omnibus Objection to Claims (No Supporting Doc Claims)

Creditor/Claimant:  Cook, Chadwick DBA CWC Revocable Trust 1-13-01
Claim No: 2015
Basis Amount: $104,082
Debtor: 08-13555

I, Chadwick W. Cook, Trustee of the CWC Revocable Trust 1-13-01, on this day 10-22-10 hereby file and serve the below information in response to the above referenced Objection.

A legal case will be made that Lehman Brothers failed to follow SEC requirements related to full risk disclosure and aggressively conducted false advertising related to the financial instrument under this claim.  A case will be made that in Lehman's effort to avoid bankruptcy, standard representations and warranties were not only misleading using terminology such as "100% Principle Protected Notes" backed by its "A+ Standard & Poor's and A1 Moody's" rating, but fraudulent in nature.  It will be argued that Lehman was "pedaling" sophisticated financial instruments to non-institutional investors in the months leading up to its bankruptcy in a desperate attempt to raise capital, and was at the same time internally aware of its inability to operate as a going concern.

I have included the Lehman Brothers terms and conditions "advertisement" for this "100% Principal Protection Notes" for your reference.

Please reply to the name and address in the proof of claim.

Sincerely,

*[signature]*

Chadwick W. Cook, Trustee
CWC Revocable Trust 1-13-01

RECEIVED
OCT 25 2010
U.S. BANKRUPTCY COURT, SDNY
JMP

*Purchased*
*Feb 2008*

**LEHMAN BROTHERS**

# Foreign Exchange Structured Investments



## Principal Protected Note with Enhanced Participation linked to an India & China Currency Basket

Preliminary Terms and Conditions

January 10, 2008

Contact: + 1 212 526 2237

### Summary Description

These 100% Principal Protection Notes Linked to an India and China Currency Basket (the "Notes") provide 100% principal protection at maturity and potential enhanced returns if the performance of a basket of currencies (the "Basket") relative to the U.S. dollar (USD) is positive. The Basket includes the Indian Rupee (INR), and the Chinese Renminbi (CNY). Principal protection only applies at maturity.

- ❏ Potential enhanced returns linked to the appreciation of the Basket relative to the USD
- ❏ 100% principal protection at maturity
- ❏ Exposure to the currencies of India and China relative to the U.S. dollar
- ❏ An expected minimum Participation Rate of 130% (the Participation Rate will be set on the Trade Date)

### Key Dates[1]

| | | | |
|---|---|---|---|
| **Trade Date** | February 8, 2008 | **Valuation Date**[2] | February 8, 2012 |
| **Settlement Date** | February 14, 2008 | **Maturity Date** | February 14, 2012 |

1  Expected. In the event we make any change to the expected Trade Date and Settlement Date, the Valuation Date and Maturity Date will be changed so that the stated term of the Notes remains the same.

2  Upon the occurrence of a Disruption Event with respect to a Basket Currency, the Valuation Date for the affected Basket Currency may be postponed (as described in "Disruption Events" in "Additional Specific Terms of the Notes" below).

See "Indicative Terms" on page 2 and "Additional Specific Terms of the Notes" on page 3. The Notes offered will have the terms specified in the base prospectus dated May 30, 2006, the prospectus supplement dated May 30, 2006 for the Issuer's Medium Term Notes, Series I (the "MTN Prospectus Supplement"), and this term sheet. See "Key Risks" on page 4 and "Risk Factors" generally, and "Risk Factors—Risks Relating to Currency Indexed Notes" in particular, in the MTN Prospectus Supplement for risks related to an investment in the Notes.

Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of the Notes or passed upon the accuracy or the adequacy of this term sheet, the accompanying base prospectus, the MTN Prospectus Supplement or any other relevant terms or pricing supplement. Any representation to the contrary is a criminal offense.

| | Price to Public(1) | Commission(2) | Proceeds to Issuer |
|---|---|---|---|
| Per note | $1,000.00 | $5.00 | $995.00 |
| Total | $ | $ | $ |

(1)  The price to the public includes Lehman Brothers Holdings Inc.'s cost of hedging its obligations under the notes through one or more of its affiliates, which includes such affiliates' expected cost of providing such hedge as well as the profit these affiliates expect to realize in consideration for assuming the risks inherent in providing such hedge.

(2)  Lehman Brothers Inc. will receive commissions equal to $5.00 per $1,000 principal amount, or 0.50%, and may use these selling concessions to other dealers. Lehman Brothers Inc. and/or an affiliate may earn additional income as a result of payments pursuant to the hedges.

**LEHMAN BROTHERS**

## Indicative Terms

| | |
|---|---|
| Issuer: | Lehman Brothers Holdings Inc. (A1, A+)[1] |
| Issue Size: | TBD |
| Issue Price: | 100% |
| Term: | 4 Years |
| Basket: | The Indian Rupee (INR) and the Chinese Renminbi (CNY) (each a "Basket Currency" and collectively the "Basket Currencies")[2]. |
| Basket Currency Weighting: | For each Basket Currency as set forth below: |
| | INR 50% |
| | CNY 50% |
| Participation Rate: | An expected minimum Participation Rate of 130%. The actual Participation Rate will be determined on the Trade Date. |
| Principal Protection: | 100% if held to maturity |
| Payment at Maturity: | At maturity, you will receive a cash payment, for each Note, of $1,000 plus the Additional Amount, which may be zero. |
| Additional Amount: | An amount per Note equal to the greater of (a) zero and (b) $1,000 x Basket Return x Participation Rate |
| Basket Return: | A percentage equal to: $$\frac{\text{Basket Ending Level} - \text{Basket Starting Level}}{\text{Basket Starting Level}}$$ |
| Basket Starting Level: | Set equal to 100 on the Trade Date |
| Basket Ending Level: | The Basket closing level on the Valuation Date, equal to 100 x (1 plus the sum of the Weighted Currency Returns) |
| Weighted Currency Return: | For each Basket Currency: Currency Return x Basket Currency Weighting |
| Currency Return: | For each Basket Currency: $$\frac{\text{Initial Spot Rate} - \text{Final Spot Rate}}{\text{Final Spot Rate}}$$ |
| Final Spot Rate[2]: | For each Basket Currency, the Reference Exchange Rate for that Basket Currency on the Valuation Date, determined by the Calculation Agent in accordance with the Spot Rate Source[2] (subject to the occurrence of a Disruption Event). |
| Initial Spot Rate: | For each Basket Currency, the Reference Exchange Rate for that Basket Currency determined by the Calculation Agent on the Trade Date as set forth below: |
| | INR TBD |
| | CNY TBD |

---

[1] Lehman Brothers Holdings Inc. is rated A+ by Standard & Poor's and A1 by Moody's. A credit rating reflects the creditworthiness of Lehman Brothers Holdings Inc. and is not a recommendation to buy, sell or hold securities, and it may be subject to revision or withdrawal at any time by the assigning rating organization. Each rating should be evaluated independently of any other rating.

[2] As used herein, the term "Final Spot Rate" has the meaning assigned to the term "Settlement Rate" in the MTN Prospectus Supplement and the term "Spot Rate Source" has the meaning assigned to the term "Settlement Rate Option" in the MTN Prospectus Supplement, and the term "Basket Currency" has the meaning assigned to the term "reference currency" in the MTN Prospectus Supplement.

## Additional Payment at Maturity Examples

The following additional payment examples for the Notes shows scenarios for the Payment at Maturity of the Notes, illustrating Basket Ending Levels above and below 100 (and resulting positive and negative Basket Returns), reflecting either correlated or offsetting appreciation and depreciation in the different Basket Currencies. The following examples are, like the above, based on hypothetical values for the Participation Rate of 130%, and the Initial Spot Rates for the Basket Currencies (each of which will be determined on the Trade Date). The below examples are also based on hypothetical values for the Final Spot Rates (which will be determined on the Valuation Date), and the resulting Basket Ending Level and Basket Return. The hypothetical Initial Spot Rate and Final Spot Rate values for the Basket Currencies have been chosen arbitrarily for the purpose of these examples, are not associated with Lehman Brothers Research forecasts for any Basket Currency/USD exchange rates and should not be taken as indicative of the future performance of any Basket Currency/USD exchange rate.

**Example A: INR and CNY each appreciate relative to their Initial Spot Rates, resulting in a Basket Ending Level of 108.90 and a Basket Return of 8.90%, and therefore a Payment at Maturity of $1,115.70 per $1,000 Note.**

Because the Basket Return is 8.90%, which is greater than zero, the Additional Amount is equal to $115.70, and the Payment at Maturity is equal to $1,115.70, per $1,000 Note (a return of 11.57% per $1,000 Note), calculated as follows:

$$\$1,000 + (\$1,000 \times 8.90\% \times 130\%) = \$1,115.70$$

The table below illustrates how the Basket Ending Level in the above example was calculated:

| Basket Currency | Initial Spot Rate (on Trade Date) | Final Spot Rate (on Valuation Date) | Currency Return | Basket Currency Weighting | Weighted Currency Return |
|---|---|---|---|---|---|
| INR | 39.28 | 34.57 | 0.1364 | 50% | 0.0682 |
| CNY | 7.2695 | 6.9787 | 0.0417 | 50% | 0.0208 |
| | | | Sum of Weighted Currency Returns = | | 0.0890 |
| | | Basket Ending Level = 100 x (1 + Sum of Weighted Currency Returns) = | | | 108.90 |

**Example B: INR and CNY each depreciate relative to their Initial Spot Rates, resulting in a Basket Ending Level of 94.35 and a Basket Return of –5.65%, and therefore a Payment at Maturity of $1,000 per $1,000 Note.**

Because the Basket Return is –5.65%, which is less than zero, the Additional Amount is equal to $0, and the Payment at Maturity is equal to $1,000, per $1,000 Note (the repayment of principal invested, because the Notes are 100% principal protected, with 0% additional return).

The table below illustrates how the Basket Ending Level in the above example was calculated:

| Basket Currency | Initial Spot Rate (on Trade Date) | Final Spot Rate (on Valuation Date) | Currency Return | Basket Currency Weighting | Weighted Currency Return |
|---|---|---|---|---|---|
| INR | 39.28 | 41.24 | –0.0476 | 50% | –0.0238 |
| CNY | 7.2695 | 7.7784 | –0.0654 | 50% | –0.0327 |
| | | | Sum of Weighted Currency Returns = | | –0.0565 |
| | | Basket Ending Level = 100 x (1 + Sum of Weighted Currency Returns) = | | | 94.35 |

## Additional Specific Terms of the Notes

| | |
|---|---|
| Valuation Date | February 8, 2012; provided that, upon the occurrence of a Disruption Event with respect to a Basket Currency, the Valuation Date for the affected Basket Currency may be postponed (as described in "Disruption Events" in "Additional Specific Terms of the Notes" below). |
| Reference Exchange Rates | The spot exchange rates for each of the Basket Currencies quoted against the U.S. dollar, expressed as the number of units of the Basket Currency per USD 1. |
| Spot Rate Source and Valuation Business Day: | The Spot Rate Source and Valuation Business Day for each Basket Currency is as set forth below: |

| Basket Currency | Screen Reference | Valuation Business Day |
|---|---|---|
| INR | RBIB | Mumbai |
| CNY | SAEC | Beijing |

For further information concerning the Spot Rate Source and Valuation Business Day, see "Description of the Notes—Currency-Indexed Notes" in, and Appendix A to, the MTN Prospectus Supplement

**Disruption Events**

If a Disruption Event relating to one or more Basket Currencies is in effect on the scheduled Valuation Date, the Calculation Agent will calculate the Basket Return using:

- for each Basket Currency that **did not** suffer a Disruption Event on the scheduled Valuation Date, the Final Spot Rate on the scheduled Valuation Date, and
- for each Basket Currency that **did** suffer a Disruption Event on the scheduled Valuation Date, the Final Spot Rate on the immediately succeeding scheduled Valuation Business Day for such Basket Currency on which no Disruption Event occurs or is continuing with respect to such Basket Currency;

*provided* however that if a Disruption Event has occurred or is continuing with respect to a Basket Currency on each of the three scheduled Valuation Business Days following the scheduled Valuation Date, then (a) such third scheduled Valuation Business Day shall be deemed the Valuation Date for the affected Basket Currency; and (b) the Calculation Agent will determine the Final Spot Rate for the affected Basket Currency on such day in accordance with "Fallback Rate Observation Methodology" (as defined under "Description of the Notes—Currency-Indexed Notes" in the MTN Prospectus Supplement).

A "Disruption Event" means any of the following events with respect to a Basket Currency, as determined in good faith by the Calculation Agent:

(A) the occurrence and/or existence of an event on any day that has the effect of preventing or making impossible (x) the delivery of USD from accounts inside the Basket Currency Jurisdiction for that Basket Currency to accounts outside that Basket Currency Jurisdiction; or (y) the conversion of the Reference Currency into USD through customary legal channels;

(B) the occurrence of any event causing the Reference Exchange Rate for the Basket Currency to be split into dual or multiple currency exchange rates; or

(C) the Final Spot Rate being unavailable for the Basket Currency, or the occurrence of an event (i) in the Basket Currency Jurisdiction for that Basket Currency that materially disrupts the market for the Basket Currency or (ii) that generally makes it impossible to obtain the Final Spot Rate for the Basket Currency, on the Valuation Date.

For purposes of the above, "scheduled Valuation Business Day" means a day that is or, in the judgment of the Calculation Agent, should have been, a Valuation Business Day for the affected Basket Currency

| | |
|---|---|
| Business Day | New York |
| Business Day Convention | Following |
| Calculation Agent: | Lehman Brothers Inc. |
| Identifier | CUSIP: 5252M0BU0    ISIN: US5252M0BU05 |
| Denominations | $1,000 and whole multiples of $1,000 |

**Example C:** INR appreciates relative to its Initial Spot Rate while CNY depreciates relative to its Initial Spot Rate, resulting in a Basket Ending Level of 104.10 and a Basket Return of 4.10%, and therefore a Payment at Maturity of $1,053.30 per $1,000 Note.

Because the Basket Return is 4.10%, which is greater than zero, the Additional Amount is equal to $53.30, and the Payment at Maturity is equal to $1,053.30, per $1,000 Note (a return of 5.33.% per $1,000 Note), calculated as follows:

$$\$1,000 + (\$1,000 \times 4.10\% \times 130\%) = \$1,053.30.$$

The table below illustrates how the Basket Ending Level in the above example was calculated:

| Basket Currency | Initial Spot Rate (on Trade Date) | Final Spot Rate (on Valuation Date) | Currency Return | Basket Currency Weighting | Weighted Currency Return |
|---|---|---|---|---|---|
| INR | 39.28 | 35.35 | 0.1111 | 50% | 0.0556 |
| CNY | 7.2695 | 7.4876 | –0.0291 | 50% | –0.0146 |
| | | | Sum of Weighted Currency Returns = | | 0.0410 |
| | | Basket Ending Level = 100 x (1 + Sum of Weighted Currency Returns) = | | | 104.10 |

**Example D:** INR depreciates relative to its Initial Spot Rate while CNY appreciates relative to its Initial Spot Rate, resulting in a Basket Ending Level of 97.84 and a Basket Return of –2.16%, and therefore a Payment at Maturity of $1,000 per $1,000 Note.

Because the Basket Return is –2.16%, which is less than zero, the Additional Amount is equal to $0, and the Payment at Maturity is equal to $1,000, per $1,000 Note (the repayment of principal invested, because the Notes are 100% principal protected, with 0% additional return).

The table below illustrates how the Basket Ending Level in the above example was calculated:

| Basket Currency | Initial Spot Rate (on Trade Date) | Final Spot Rate (on Valuation Date) | Currency Return | Basket Currency Weighting | Weighted Currency Return |
|---|---|---|---|---|---|
| INR | 39.28 | 42.42 | –0.0741 | 50% | –0.0370 |
| CNY | 7.2695 | 7.0514 | 0.0309 | 50% | 0.0155 |
| | | | Sum of Weighted Currency Returns = | | –0.0216 |
| | | Basket Ending Level = 100 x (1 + Sum of Weighted Currency Returns) = | | | 97.84 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11 Case No.
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                 :   08-13555 (JMP)
                                                             :
           Debtors.                                          :   (Jointly Administered)
                                                             :
-------------------------------------------------------------x

LBH OMNI58 10-13-2010 (MERGE2,TXNUM2) 4000001981 MAIL ID *** 0035611837 *** BSI USE: 374

COOK, CHADWICK N.
DBA CWC REVOCABLE TRUST 1-13-01
3 VISTA ALBERI
NEWPORT COAST, CA 92657

### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

### IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIK ENCARNACION, ESQ., AT 214-746-7700.

### NOTICE OF HEARING ON DEBTORS' FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)

| CLAIM TO BE DISALLOWED & EXPUNGED | |
|---|---|
| **Creditor Name and Address:**<br>COOK, CHADWICK N.<br>DBA CWC REVOCABLE TRUST 1-13-01<br>3 VISTA ALBERI<br>NEWPORT COAST, CA 92657 | **Claim Number:** 2015<br>**Date Filed:** 1/26/2009<br>**Debtor:** 08-13555<br>**Classification and Amount:** UNSECURED: $ 104,082.00 |

PLEASE TAKE NOTICE that, on October 13, 2010, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their Fifty-Eighth Omnibus Objection to Claims (No Supporting Documentation Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that said claim violates the Bankruptcy Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as it does not include supporting documentation or an explanation as to why such documentation is unavailable. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the disallowance, expungement, reduction or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on November 15, 2010 (the "Response Deadline").

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on December 1, 2010 to consider the Objection. The hearing will be held at 10:00 a.m. Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. <u>If you file a written response to the Objection, you should plan to appear at the hearing</u>. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce or reclassify your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

**If you have any questions about this notice or the Objection, please contact Debtors' counsel Erik Encarnacion, Esq., at 214-746-7700.** CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: October 13, 2010
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION