LEONARD E. NAREL
33391 DOSINIA DR.
MONARCH BEACH, CA 92629
949.240.0565




October 21, 2010




(1) The Honorable James M. Peck
Courtroom 601
One Bowling Green
New York, NY 10004

(2) Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Atn: Shai Waisman, Esq.

(3) Office of the United States Trustee for the Southern District of New York
33 Whitehall Street
21st Floor
New York, NY 10004
Atn: Andy Velez-Rivera, Esq. Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq, Tracy Hope Davis, Esq.

(4) Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Atn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., Evan Fleck, Esq.

Re:

(i) **Bankruptcy Court**: United States Bankruptcy Court Southern District of New York
**Debtors:** Lehman Brothers Holdings Inc., et. al
**Case No.**: Chapter 11 08-13555 (JMP) (Jointly Administered)
**Title of Objection**: Fifty-Fourth Omnibus Objection to Claims

(ii) **Claimant:** John Narel Trust
**Claim Number (to be disallowed):** 22926
**Claim Number (surviving claim):** 10082
**Description of Claim**: Lehman Brothers Holdings - Lehman Notes Ser D
Callable Semi-Annual Pay - CPN 6.500% Due 10/18/27
CUSIP 52519FEW7 - Acquired 10/11/07
Amount $100,000
Death Put Option exercise – administrative claim, preference period and priority position

(iii) **Statement for disallowance**: There was a death put option in conjunction with the above bond and should have been exercised by Lehman Brothers, and is a super priority, and/or an Administrative claim status and/or preference over general unsecured creditors.

(iv) **Documents enclosed**:

(a) acknowledgement of receipt of proof of claim – Epiq Systems - 11/20//2009
(b) proof of claim form
(c) statement reflecting Lehman Bros. Bond purchase/holdings
(d) death certificate of bond holder

(v) **Address**: Same as in Proof of Claim and Notice of Claim.

(vi) **Contact**:

Leonard E. Narel
33391 Dosinia Dr.
Monarch Beach, CA 92629
949.240.0565

By: Leonard E. Narel









**** LBH CLMLTR (MERGE2,TXNUM2) 4000069351 ****
JOHN W. NAREL TRUST
(LEONARD E. NAREL, NANCY NAREL AND LINDA NAREL BENEFICIARIES)
C/O LEONARD E. NAREL
33391 DOSINIA DRIVE
MONARCH BEACH, CA 92629

November 20, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | NO DEBTOR ASSERTED BY CREDITOR |
| Case Number: | NO CASEZ99 |
| Creditor: | JOHN W. NAREL TRUST |
| Date Received: | 09/21/2009 |
| Claim Number: | 22926 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU. PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, access codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc.**

**The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.**

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000022928

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: see attached information | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
John W. Narel Trust
(Leonard E. Narel, Nancy Narel, and Linda Narel beneficiaries)
% Leonard E. Narel
33391 Dosinia Drive
Monarch Beach, CA 92629

Telephone number: 949-240-0565 Email Address: ajnarel@aol.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: ________ (*If known*)

Filed on: ________

FILED / RECEIVED
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 100,000.00
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** bond purchase 10/11/1997 - death put option -exercised prior to Lehman bankruptcy
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** FEW7
3a. **Debtor may have scheduled account as:** ________
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe: ________
Value of Property: $________ Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$________ Basis for perfection: ________
**Amount of Secured Claim:** $________ **Amount Unsecured:** $________

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
**Amount entitled to priority:**
$________

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ 100,000.00
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**
FILED / RECEIVED
SEP 18 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC
JF

Date: 9/18/2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Leonard E Narel

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

(iv)c



**JOHN W. NAREL TRUST**
**NANCY NAREL SUCE-TTEE**
**U/A DTD 08/06/2007**

FEBRUARY 1 - FEBRUARY 28, 2009
ACCOUNT NUMBER: 8069-5690

# Portfolio detail
## Fixed Income Securities

Corporate and municipal bonds and other fixed income securities are priced by a computerized pricing service or, for less actively traded issues, by utilizing a yield-based matrix system to arrive at an estimated market value.

### Corporate Bonds

| DESCRIPTION | QUANTITY | ADJ PRICE/ ORIG PRICE | ADJ COST/ ORIG COST | CURRENT PRICE | CURRENT MARKET VALUE | UNREALIZED GAIN/LOSS | ESTIMATED ACCRUED INTEREST | ESTIMATED ANNUAL INCOME | ESTIMATED ANNUAL YIELD (%) |
|---|---|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS HOLDINGS LEHMAN NOTES SER D CALLABLE SEMI-ANNUAL PAY CPN 6.500% DUE 10/18/27 DTD 10/16/07 FC 04/18/08 CALL 10/18/11 @ 100.000 Moody B3 , S&P NR CUSIP 52519FEW7 Acquired 10/11/07 | 100,000 | 100.00 | 100,000.00 | 10.8050 | 10,805.00 | - 89,195.00 | N/A | N/A | N/A |
| **Total Corporate Bonds** | **100,000** | | **$100,000.00** | | **$10,805.00** | **- $89,195.00** | | | |
| **Total Fixed Income Securities** | | | **$100,000.00** | | **$10,805.00** | **- $89,195.00** | | | |








070216 GKMMD14
JOHN W. NAREL TRUST
NANCY NAREL SUCE-TTEE
U/A DTD 08/06/2007
6411 LONDONDERRY DRIVE
CARY IL 60013-1252

**SNAPSHOT**
**Current period ending February 28, 2009**

ACCOUNT NAME: JOHN W. NAREL TRUST
NANCY NAREL SUCE-TTEE
U/A DTD 08/06/2007

ACCOUNT NUMBER: 8069-5690

Your Financial Advisor:
TODD BESSEY
Phone: 866-595-2159

4049 W ALGONQUIN RD
ALGONQUIN, IL 60102

If you have more than one account with us, why not link them and receive summary information for your entire household? Contact Your Financial Advisor for more details.

**Message from Our Firm**

IN 1932, THE WAYNE HUMMER MARKET LETTER WAS CREATED. IT IS WITH GREAT PRIDE THAT WE ENCLOSE THE SPRING 2009 ISSUE. ARTICLES THIS MONTH INCLUDE: THE CHAIRMAN'S ANNUAL LETTER, SEIZING OPPORTUNITIES, RELIEF FOR IRA'S IN 2009?, AND MUCH MORE.

Investment products are not insured by the FDIC or any federal government agency * Not a bank deposit * No bank guarantee * May lose value
Accounts carried by First Clearing, LLC, member NYSE/SIPC.

WSD14FLD 070216 0591605 7114 NYNNN NNNNN NNNNN/NN 000001

2,027

SNAPSHOT
131 CL CLTB

lehmg

REGISTRATION DISTRICT NO. 56.0C

LOCAL FILE NUMBER 8555

# STATE OF ILLINOIS
# CERTIFICATE OF DEATH

STATE FILE NUMBER

1. DECEDENT'S LEGAL NAME: JOHN W. NAREL
2. SEX: Male
3. DATE OF DEATH: March 4, 2008
4. COUNTY OF DEATH: McHenry
5a. AGE AT LAST BIRTHDAY (Years): 85
6. DATE OF BIRTH: July 8, 1922
7a. CITY OR TOWN: McHenry
7b. HOSPITAL OR OTHER INSTITUTION NAME: Alden Terrace of McHenry
7c. PLACE OF DEATH: Nursing Home/Long term care facility
8. BIRTHPLACE: Chicago, Illinois
9. SOCIAL SECURITY NUMBER: 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
10. MARITAL STATUS AT TIME OF DEATH: Never Married
12. EVER IN U.S. ARMED FORCES? Yes
13a. RESIDENCE: 6411 Londonderry Dr.
13c. CITY OR TOWN: Cary
13d. INSIDE CITY LIMITS? No
13e. COUNTY: McHenry
13f. STATE: IL
13g. ZIP CODE: 60013
14. FATHER'S NAME: Walter M. Narel
15. MOTHER'S NAME PRIOR TO FIRST MARRIAGE: Mary Araszyn
16a. INFORMANT'S NAME: Leonard narel
16b. RELATIONSHIP: Brother
16c. MAILING ADDRESS: 6411 Londonderry Dr., Cary, Illinois 60013
17. METHOD OF DISPOSITION: Burial
18. PLACE OF DISPOSITION: Resurrection Cemetery
19. LOCATION - CITY, TOWN AND STATE: Justice, Illinois
20. DATE OF DISPOSITION: March 8, 2008
21a. FUNERAL HOME: Kahle-Moore Funeral Home, 403 Silver Lake Rd, Cary, Illinois 60013
21b. FUNERAL DIRECTOR'S SIGNATURE: [signature]
21c. FUNERAL DIRECTOR'S ILLINOIS LICENSE NUMBER: 034-013210
22. LOCAL REGISTRAR'S SIGNATURE: PATRICK MCNULTY — Kathleen M. Kuegan [signature] SUB REG
23. DATE FILED WITH LOCAL REGISTRAR: MARCH 7, 2008

CAUSE OF DEATH (See instructions and examples)

24. PART I. Enter the chain of events - diseases, injuries or complications - that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest or ventricular fibrillation without showing etiology. If the decedent had a dementia related disease, Parkinson's Disease, or Parkinson Dementia Complex, indicate in Part I or Part II. DO NOT ABBREVIATE. Enter only one cause on a line. Add additional lines if necessary.

| | Cause | Approximate interval between onset and death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) a. | Dementia | many years |
| b. Due to (or as a consequence of): | | |
| c. Due to (or as a consequence of): | | |
| d. Due to (or as a consequence of): | | |

Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST

(Based on the 2003 U.S. Standard Certificate)

Illinois Department of Public Health • Division of Vital Records

VR200 (Rev. 1/08)

PART II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in PART I.
Ischemic Cerebrovascular disease

25. WAS AN AUTOPSY PERFORMED? ☐ Yes ☐ No

26. WERE AUTOPSY FINDINGS USED TO COMPLETE CAUSE OF DEATH? ☐ Yes ☐ No

27. DID TOBACCO USE CONTRIBUTE TO DEATH? ☐ Yes ☐ Probably ☐ No ☐ Unknown

28. IF FEMALE: ☐ Not pregnant within past 12 months ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Pregnant within the past year of death but time unknown ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Unknown if pregnant within the past 12 months

29. MANNER OF DEATH: ☒ Natural ☐ Suicide ☐ Could not be determined ☐ Accident ☐ Homicide ☐ Pending Investigation

30. DATE OF INJURY (Month/Day/Year)

31. TIME OF INJURY ☐ AM ☐ PM

32. PLACE OF INJURY (e.g. Decedent's home, construction site, restaurant, wooded area)

33. INJURY AT WORK? ☐ Yes ☐ No

34. LOCATION OF INJURY: Street and Number / Apartment Number / City or Town / State / ZIP Code

35. DESCRIBE HOW INJURY OCCURRED:

36. IF TRANSPORTATION INJURY, SPECIFY: ☐ Driver/Operator ☐ Pedestrian ☐ Passenger ☐ Other (Specify)

37. I (DOCTOR) ATTENDED THE DECEASED (Month/Day/Year) AND LAST SAW HIM/HER ALIVE ON: 1-2-08

38. WAS MEDICAL EXAMINER OR CORONER CONTACTED? ☐ Yes ☐ No

39. DATE PRONOUNCED (Month/Day/Year)

40. TIME OF DEATH: 0620 ☐ AM ☒ PM

41. CERTIFIER (Check only one):
☒ Physician in charge of patient's care - To the best of my knowledge, death occurred due to the cause(s) and manner stated.
☐ Physician in attendance at time of death only - To the best of my knowledge, death occurred at the time, date and place, and due to the cause(s) and manner stated.
☐ Medical Examiner/Coroner - On the basis of examination and/or investigation, in my opinion, death occurred at the time, date and place, and due to the cause(s) and manner stated.

42. NAME, ADDRESS AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH (Item 24): 90 N Virginia St Ste A Crystal Lake IL 60014

43. PHYSICIAN'S LICENSE NUMBER: 036-076211

44. TITLE OF CERTIFIER: MD

45. DATE CERTIFIED (Month/Day/Year): 3-6-08

46. SIGNATURE OF CERTIFIER: [signature] M. Syed, Bilal

47. DECEDENT'S EDUCATION - Check the box that best describes the highest degree or level of school completed at the time of death
☐ 8th grade or less
☐ 9th - 12th grade; no diploma
☐ High school graduate or GED completed
☐ Some college credit, but no degree
☐ Associate degree (e.g., AA, AS)
☐ Bachelor's degree (e.g., BA, AB, BS)
☐ Master's degree (e.g., MA, MS, MEng, MEd, MSW, MBA)
☐ Doctorate (e.g., PhD, EdD) or Professional degree (e.g., MD, DDS, DVM, LLB, JD)
☐ Unknown

48. DECEDENT OF HISPANIC ORIGIN? - Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the "No" box if decedent is not Spanish/Hispanic/Latino.
☒ No, not Spanish/Hispanic/Latino
☐ Yes, Mexican, Mexican American, Chicano
☐ Yes, Puerto Rican
☐ Yes, Cuban
☐ Yes, other Spanish/Hispanic/Latino (Specify)

49. DECEDENT'S RACE - Check one or more races to indicate what the decedent considered himself or herself to be.
☒ White ☐ Black or African American
☐ American Indian or Alaskan Native (Name of the enrolled or principal tribe)
☐ Asian Indian ☐ Chinese ☐ Filipino ☐ Japanese ☐ Korean
☐ Vietnamese ☐ Other Asian (Specify)
☐ Native Hawaiian ☐ Guamanian or Chamorro ☐ Samoan
☐ Other Pacific Islander (Specify)
☐ Other (Specify)

50. DECEDENT'S USUAL OCCUPATION (Indicate type of work done during most of working life. DO NOT USE RETIRED): Machine Operator

51. BUSINESS/INDUSTRY (Enter type of business or industry. NOT COMPANY NAME): Crane Company

I HEREBY CERTIFY THAT the foregoing is a true and correct copy of the death record for the person named in Item #1, and that this record was established and filed in my office in accordance with the provisions of the Illinois Statutes relating to the registration of births, still-births, and deaths.

DATE: MAR 0 7 2008 SIGNED: Kathleen M. Krueger

AT: McHenry, Illinois 60050 OFFICIAL TITLE: Sub-Registrar