1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case Nos. 08-13555(JMP); 08-01420(JMP)(SIPA)

5  - - - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  LEHMAN BROTHERS HOLDINGS INC., et al.

9            Debtors.

10 - - - - - - - - - - - - - - - - - - - - - -x

11 In the Matter of:

12

13 LEHMAN BROTHERS INC.

14            Debtor.

15 - - - - - - - - - - - - - - - - - - - - - -x

16            United States Bankruptcy Court

17            One Bowling Green

18            New York, New York

19

20            October 20, 2010

21            2:02 PM

22

23 B E F O R E:

24 HON. JAMES M. PECK

25 U.S. BANKRUPTCY JUDGE

1

2    HEARING re Turnberry et al v. LBHI [Adv. Case No. 09-01062]

3    Pretrial Conference

4

5    HEARING re Lehman Brothers Holdings Inc. v. J. Soffer,

6    Fontainebleau Resorts, LLC [Case No. 10-02821]

7    Pretrial Conference

8

9    HEARING re Lehman Brothers Holdings Inc. v. J. Soffer,

10   Fontainebleau Resorts, LLC [Case No. 10-02823]

11   Pretrial Conference

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Lisa Bar-Leib

1

2   A P P E A R A N C E S :

3   WEIL, GOTSHAL & MANGES LLP

4           Attorneys for Debtors

5           1395 Brickell Avenue

6           Suite 1200

7           Miami, FL 33131

8

9   BY:   EDWARD MCCARTHY, ESQ.

10          EDWARD SOTO, ESQ.

11          (TELEPHONICALLY)

12

13  MILBANK, TWEED, HADLEY & MCCLOY LLP

14          Attorneys for the Official Committee of Unsecured

15           Creditors

16          International Square Building

17          1850 K Street, NW

18          Washington, DC 20006

19

20  BY:   ADRIAN C. AZER, ESQ.

21

22

23

24

25

```
 1

 2   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

 3        Attorneys for Plaintiffs in the Turnberry Adversary

 4        1633 Broadway

 5        New York, NY 10019

 6

 7   BY:   JED I. BERGMAN, ESQ.

 8

 9   RICHARD AND RICHARD, P.A.

10        Attorneys for Plaintiffs in the Turnberry Adversary

11        Tower III

12        17th Floor

13        825 Brickell Bay Drive

14        Miami, FL 33131

15

16   BY:   DENNIS RICHARD, ESQ.

17        (TELEPHONICALLY)

18

19

20

21

22

23

24

25
```

1          P R O C E E D I N G S

2          THE COURT:  Be seated, please.  These are the

3  pretrials, right?  Who are you?

4          MR. BERGMAN:  That's correct.  Good afternoon, Jed

5  Bergman of Kasowitz, Benson, Torres and Friedman for the

6  plaintiffs in the Turnberry matter that's number 11 on the

7  agenda --

8          THE COURT:  Okay.

9          MR. BERGMAN:  -- as well as for the defendants that

10  are in numbers 12 and 13.  But my co-counsel Dennis Richard is,

11  I believe, holding on the phone for Your Honor.

12          THE COURT:  Okay.  Turnberry and the Fontainebleau --

13          MR. AZER:  I'm sorry, Your Honor.  My name is Adrian

14  Azer from Milbank Tweed on behalf of the official committee.

15          THE COURT:  Okay.  Turnberry and the Fontainebleau

16  appear to be sort of in a holding pattern today because I note

17  that are motions to dismiss schedule for December 15th.

18          MR. BERGMAN:  that's correct.

19          THE COURT:  Why are we here?

20          MR. BERGMAN:  I believe that counsel for the debtors

21  is also on the phone and he could probably answer that as well.

22          THE COURT:  Okay.  I'm just wondering what we're going

23  to accomplish in October that will affect what's clearly

24  already a motion for December.

25          MR. MCCARTHY:  Your Honor, this is Ed McCarthy.  I'm

1   here with my colleague Ed Soto on behalf of Lehman.

2          THE COURT:  Okay.

3          MR. MCCARTHY:  I mean, we -- you're correct that the

4   motions to dismiss in both actions were adjourned.  We wanted

5   to move forward with the pretrial conference here because this

6   is the first pretrial conference in these adversary

7   proceedings.

8          And the parties have been working amicably together

9   thus far, which they've indicated -- continue.  But at this

10  point, we believe the litigation's all ready to move forward

11  with discovery and continue motion practice including

12  additional dispositive motion practice.  So we wanted to get

13  this first pretrial conference under way so that we could move

14  forward with that discovery.

15         THE COURT:  Are the cases linked in any way or is it

16  simply the fact that they're being listed for pretrial on the

17  same day and we have motions to dismiss listed on the same day?

18         MR. MCCARTHY:  Your Honor, in these cases -- this is

19  Ed McCarthy.  These cases are interrelated.  Certainly number

20  twelve and thirteen, the two Fontainebleau cases, are very much

21  interrelated with the same parties, same agreements

22  controlling.  One is just a senior loan, the other one is a

23  mezz loan.

24         The counsel for Turnberry case, number 11 on your

25  agenda, is also very much interrelated to the other two, with

1    the same counsel and very similar parties.  For that reason,

2    we've discussed this, not at length, but have discussed it with

3    opposing parties that discovery moving forward, the request --

4    and certainly depositions as we go forward, can be

5    consolidated, can be linked.  And we think that, working

6    together with the parties, we'll be able to accomplish that.

7            THE COURT:  Does everybody agree?

8            MR. MCCARTHY:  We do, Your Honor, yes.  Yes, Your

9    Honor.

10           MR. BERGMAN:  Yes, Your Honor.

11           MR. RICHARD:  This is Dennis Richard.

12           THE COURT:  Mr. Richard, who are you representing?

13           MR. RICHARD:  We're substituting as counsel for

14   Jeffrey Soffer and have already been pro hac vice-ed in, in

15   case number 21 -- 2821 and 2823 and for all the plaintiffs in

16   case number 01062.

17           THE COURT:  Okay.  So, if I'm understanding this

18   correctly, these are not cases that would ordinarily be proper

19   with the subject of a consolidation because they involve

20   different parties and different aspects of the transaction.

21   But they're sufficiently connected, it makes sense to

22   coordinate pretrial practice and discovery.

23           Do I have that right?

24           MR. MCCARTHY:  Your Honor, this is Ed McCarthy.

25   That's absolutely correct.

1          THE COURT:  Okay.

2          MR. RICHARD:  However, Your Honor -- this is Dennis

3   Richard.  We do plan move to consolidate all three cases when

4   we proceed and to amend pleadings as we come in because we

5   believe that the defenses are the same and they're all being

6   tried as bench trials before the same Court.  And the claims

7   all turn on a common (indiscernible) facts.  We haven't done

8   that yet; we're only coming in now.

9          THE COURT:  All right.  And this all relates to real

10  estate development in Las Vegas, all the different projects?

11         MR. MCCARTHY:  Your Honor, this is Ed McCarthy.

12  That's right.  It does relate to two separate projects in Las

13  Vegas, the Fontainebleau Las Vegas project and then a shopping

14  mall retail facility, the Town Square project in Las Vegas on

15  the Las Vegas strip.

16         So, separate projects but the same parties, similar

17  witnesses and separate loan agreements.  The loan documents

18  that control the relationships here between the parties are

19  separate with (indiscernible) on the Fontainebleau side with

20  the mezzanine loan documents and the senior loan documents.

21         And certainly the loan document on the Turnberry Town

22  Square case is a separate loan document that controls --

23         THE COURT:  Okay.

24         MR. MCCARTHY:  -- so while moving forward with

25  consolidation for pretrial discovery makes a lot of sense to

1    us, we're not sure on the full substantive consolidation at

2    this point for the trial.  We have to work with opposing

3    counsel a little bit further and see exactly what they're

4    thinking for that.

5         THE COURT:  All right.  Well, there seems to be

6    general agreement on the part of counsel regardless of what

7    case you're in that it makes sense to coordinate discovery.

8    And let me just ask if any work has been done other than

9    stating that the concept is a desirable one to begin to

10   coordinate discovery and to develop a pretrial order?

11        Silence suggests to me that you haven't done anything

12   yet.

13        MR. BERGMAN:  Not yet.

14        MR. MCCARTHY:  Your Honor, this is Ed McCarthy.  On --

15   internally we certainly have and we had discussions originally

16   with Mr. Bergman and it's been limited with Mr. Richard, now

17   that he's come in just because of the short time period.  But

18   we will certainly continue those.

19        But, internally, we have certainly made efforts to

20   collect documents, see what it will take to do a full

21   production and review for these cases and --

22        THE COURT:  Okay.

23        MR. MCCARTHY:  -- we will continue those efforts.

24        THE COURT:  Well, everybody will reserve rights, I

25   suppose, on the issue of consolidation.  It seems to me that

1  there's no disagreement that coordination in terms of discovery

2  is not only sensible, but everybody agrees to it.

3        So, my suggestion is that between now and certainly

4  when next we're together, which I don't think will be any

5  earlier than mid-December, unless there's special reason for us

6  to be together, that the parties develop a form of pretrial

7  order, either separate pretrial orders in each of the adversary

8  proceedings that reference one another and that are coordinated

9  or a single one under the same caption.  I'm indifferent as to

10 which you choose to do at this point.  And I'm assuming that

11 the parties will also engage in substantive discovery between

12 now and December 15th.

13       What I'm going to propose is that we have one

14 announced to a follow-up pretrial on December 15 as well as

15 arguments in connection with the pending motions to dismiss,

16 just so I know what the status is.  I'm not going to

17 micromanage the timing for the completion of the pretrial

18 orders.  I just assume the parties will act responsibly and get

19 that done.  And if they're submitted on consent, I can simply

20 so order them.

21       If there's a problem, you can always contact chambers

22 and schedule a telephone conference.

23       MR. MCCARTHY:  Your Honor, the -- this is Ed McCarthy.

24 The only other thing that -- that sounds absolutely to what we

25 were thinking.

1      The only other thing we do want to address is we plan

2   to file letters with your court under the local rules asking

3   for a conference so that the Court can give us advice with

4   respect to proposed summary judgment, and as one document is

5   controlling the relationships with integration clauses and that

6   this is something that the Court can determine on its summary

7   judgment.

8      If it makes sense that the Court hold that conference

9   on December 15th, we can send a letter --

10      THE COURT:  That's fine.  If you've -- excuse me.  If

11   you feel that there's some timing imperative and that there's a

12   need to do that sooner rather than later, we can schedule a

13   telephone conference for that purpose earlier than the 15th of

14   December.  But if there's no urgency to it and if it's going to

15   take some time to go through that process including the need to

16   complete discovery, then maybe doing it on the 15th of December

17   works.

18      What do you think about timing?

19      MR. MCCARTHY:  I think the 15th of December will work,

20   Your Honor.  We've --

21      THE COURT:  Fine.

22      MR. MCCARTHY:  -- been getting into discovery a bit.

23   What will be helpful here, I don't know that we'll need to

24   bring it to completion in order to file and complete with

25   briefs these motions, but the 15th should work perfect.

1      THE COURT:  Okay.  My suggestion then is for

2  docketing purposes that you note -- I suppose with Weil Gotshal

3  as the record keeper that the hearing on 12/15 in these matters

4  in addition to and including and continued pretrial conference

5  in each case and motions to dismiss being argued as previously

6  noticed and that there be a conference in connection with a to-

7  be-submitted letters relating to summary judgment practice.

8           Anything more for today?

9      MR. MCCARTHY:  This is Ed McCarthy, Your Honor.

10 Nothing else from us.

11      THE COURT:  Okay.

12      MR. RICHARD:  This is Dennis Richard.  We have nothing

13 else, Your Honor.

14      THE COURT:  Okay.  I think we're -- that's very

15 efficient; we did three at one time and we did it in ten

16 minutes.  We are adjourned, then.  I think there's nothing more

17 for the --

18      (Whereupon these proceedings were concluded at 2:11 p.m.)

19

20

21

22

23

24

25

1

2                    C E R T I F I C A T I O N

3

4    I, Lisa Bar-Leib, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7    _____

8    LISA BAR-LEIB

9    AAERT Certified Electronic Transcriber (CET**D-486)

10

11

12   Veritext

13   200 Old Country Road

14   Suite 580

15   Mineola, NY 11501

16

17   Date:  October 21, 2010

18

19

20

21

22

23

24

25