B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re <u>Lehman Brothers Inc., Debtor.</u>                    Case No. <u>08-01420 (JMP) SIPA</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| <u>Morgan Stanley Senior Funding, Inc.</u><br>Name of Transferee | <u>John Hancock II Strategic Bond Fund (c/o Western Asset Management Company, Attn: Legal Dept W-2171, 385 E Colorado Blvd., Pasadena, CA, 91101)</u><br>Name of Transferor |
|---|---|
| Name and Address where notices to transferee should be sent:<br><br>1 Pierrepont Plaza, 7th Floor<br>Brooklyn, New York 11201 | Court Claim # (if known): <u>2598</u><br>Amount of Claim: <u>$66,195.00</u><br>Date Claim Filed: <u>1/5/09</u> |
| Phone: _____<br>Last Four Digits of Acct #: _____ | Phone: _____<br>Last Four Digits of Acct. #: _____ |

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

630265.1/892-04052


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____*John Ragusa*_____          Date: __10/28/2010__
        Transferee/Transferee's Agent
        John Ragusa
        Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

630265.1/892-04052

Execution Copy

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## EFFECTIVE AS OF OCTOBER 25, 2010

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, John Hancock II Strategic Bond Fund (c/o Western Asset Management Company, Attn: Legal Dept W-2171, 385 E Colorado Blvd., Pasadena, CA, 91101) ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Morgan Stanley Senior Funding, Inc. ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest in $66,195.00 (the "Purchased Claim") in Seller's right, title and interest in and to the Proof of Claim (number 2598) dated January 5, 2009 filed by Seller (the "Proof of Claim") against Lehman Brothers, Inc. debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-1420 (JMP) SIPA (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), accounts, accounts receivable, voting rights and other rights and benefits of any nature whatsoever, lawsuits or causes of action of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (v) all rights in, to and under any collateral or guarantees related to the Proof of Claim; and (c) all proceeds of any kind of the foregoing, including, without limitation, all cash, securities or other property distributed or payable on account of, or exchanged in return for, any of the foregoing (collectively, the "Transferred Claims").

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed to preserve rights as a "Customer Claim" in accordance with the Order of the Bankruptcy Court establishing the deadline for filing proofs of claim, (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly organized and validly existing under the laws of its jurisdiction of organization, in good standing under such laws, and has full power and authority to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (f) Seller has provided to Purchaser true and correct copies of (i) the Proof of Claim, and (ii) the Federal Express receipt evidencing the timely delivery of the Proof of Claim to the Court; (g) no objection to the Proof of Claim or other Transferred Claims has been made and there are no offsets or defenses that have been or may be asserted by or on behalf of any party to reduce the amount of the Transferred Claims or to reduce the value of the Purchased Claim as compared to other general unsecured claims; (h) the aggregate principal amount of the Purchased Claim is not less than $66,195.00, and no payment or other distribution has been received by or on behalf of Seller in full or partial satisfaction of the Purchased Claim; and (i) Seller has not received any notice that the Transferred Claims are void or voidable or subject to any disallowance, reduction, impairment or objection of any kind.

629388.2/9999-00999

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Each of Seller and Purchaser hereby agrees to indemnify, defend and hold the other party, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's or Purchaser's, as applicable, breach of its representations and warranties made herein.

5. Purchaser shall pay to Seller the Purchase Price described in that certain Purchase Price Letter, dated the date hereof, between Seller and Purchaser (the "Purchase Price Letter"). Seller shall hold any distributions received in respect of the Transferred Claims in trust for Purchaser and Seller shall promptly (but in any event no later than three (3) business days from the date of this Agreement) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.

6. Seller shall not compromise or settle the Transferred Claims or change the Transferred Claims amount without the prior written consent of Purchaser. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

629388.2/9999-00999

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 25th day of October, 2010.

MORGAN STANLEY SENIOR FUNDING, INC.    JOHN HANCOCK II STRATEGIC BOND FUND

By: *John Ragusa*
Name:
Title: John Ragusa
       Authorized Signatory

1 Pierrepont Plaza, 7th Floor
Brooklyn, New York 11201

By: *[signature]*
Name: Brian C. Berberian
Title: Manager, Securities Operations

c/o Western Asset Management Company
Attn: Legal Dept W-2171
385 E Colorado Blvd.
Pasadena, CA, 91101

629388.2/9999-00999