# Exhibit A
# Part 3 of 3

## Part 3: Agreement to Deliver Documents

For the purpose of Sections 4(a)(i) and (ii) of this Agreement, each party agrees to deliver the following documents, as applicable:-

(a)  Tax forms, documents or certificates to be delivered are:-

| Party required to deliver document | Form/Document/Certificate | Date by which to be delivered |
|---|---|---|
| Party A and Party B | Forms and/or documents described in Section 4(a)(iii) of the Agreement. | Upon reasonable demand by the other party. |

(b)  Other documents to be delivered are:-

| Party required to deliver document | Form/Document/Certificate | Date by which to be Delivered | Covered by Section 3(d) |
|---|---|---|---|
| Party A | A guarantee of Holdings in the form of Exhibit B to this Schedule. | Upon execution of this Agreement. | Yes |
| Party A | An opinion of counsel to Party B substantially in the form of Exhibit C to this Schedule. | Promptly after execution of this Agreement | Yes |
| Party A and Party B | An incumbency certificate with respect to the signatory of this Agreement. | Upon execution of this Agreement. | Yes |
| Party B | An opinion of counsel to Party A substantially in the form of Exhibit D to this Schedule. | Promptly after execution of this Agreement | Yes |
| Party B | A copy of the annual report of the party (and any Credit Support Provider) containing audited consolidated financial statements for such fiscal year certified by independent public accountants and prepared in accordance with generally accepted accounting practices consistently applied. | Upon execution of this Agreement and thereafter upon request. | Yes |

| Party required to deliver document | Form/Document/Certificate | Date by which to be Delivered | Covered by Section 3(d) |
|---|---|---|---|
| Party B | A copy of the unaudited financial statements of the party (and any Credit Support Provider) for its most recent fiscal quarter and prepared in accordance with generally accepted accounting practices consistently applied. | Upon execution of this Agreement and thereafter upon request. | Yes |
| Party B | A certified copy of the resolution or resolutions (the "Authorizing Resolution") of the board of directors or loan committee of Party B, certified by a secretary, or an assistant secretary of Party B, pursuant to which Party B is authorized to enter into this Agreement and each Transaction entered into under this Agreement. | Upon execution of this Agreement (unless an Authorizing Resolution has previously been furnished by Party B to Party A) and, with respect to each Transaction not covered by a previously-furnished Authorizing Resolution, within five (5) Business Days of the Trade Date. | Yes |

## Part 4: Miscellaneous

(a)  **Addresses for Notices.** For the purpose of Section 12(a):-

Address for notices or communications to Party A:-

Address:  Lehman Brothers Inc.
Derivative Finance Department
3 World Financial Center, 12th Floor
New York, New York 10285-1200

Attention:  Documentation Manager

Telephone No.  (212) 526-1877

Facsimile No.:  (212) 528-7097

For all purposes.

Address for notices or communications to Party B:-

Address:  FirstBank of Puerto Rico
Treasury and Investment Department
1519 Ponce de León, Stop 23
San Juan, PR 00908

Attention:  Operations Manager

Telephone No.:  787-729-8111

Facsimile No.:  787-724-5965

For all purposes.

(b)  **Process Agent.** For the purpose of Section 13(c), will not apply to either Party A or Party B.

(c)  **Offices.** The provisions of Section 10(a) will apply to this Agreement.

(d)  **Multibranch Party.** For the purpose of Section 10(c) of this Agreement:-

Party A is not a Multibranch Party.

Party B **[Please advice.]**

(e)  **Calculation Agent.** The Calculation Agent is Party A, unless otherwise specified in a Confirmation in relation to the relevant Transaction.

(f)  **Credit Support Document.** Details of any Credit Support Document, each of which is incorporated by reference in, constitutes part of, and is in connection

with, this Agreement and each Confirmation (unless provided otherwise in a Confirmation) as if set forth in full in this Agreement or such Confirmation:-

In the case of Party A, a guarantee of Party A's obligations hereunder in the form annexed hereto as Exhibit B of this Schedule.

In the case of Party B, the Credit Support Annex.

(g)  **Credit Support Provider.**

Credit Support Provider means in relation to Party A, Holdings.

Credit Support Provider means in relation to Party B, not applicable.

(h)  **Governing Law.** This Agreement will be governed by and construed in accordance with the laws of the State of New York (without reference to choice of law doctrine).

(i)  **Jurisdiction.** Section 13(b) is hereby amended by: (i) deleting in the second line of Subparagraph (i) thereof the word "non-"; and (ii) deleting the final paragraph thereof.

(j)  **Netting of Payments.** Subparagraph (ii) of Section 2(c) of this Agreement will not apply to any Transactions (in each case starting from the date of this Agreement).

(k)  "**Affiliate**" will have the meaning specified in Section 14 of this Agreement.

## Part 5: Other Provisions

**FIRREA Provisions:**

(a) **Maintenance of Records.** Party B agrees to maintain in its official books and records: (i) a copy of the confirmation for each Transaction, for so long as such Transaction remains outstanding; and (ii) a copy of the Agreement and the Authorizing Resolution, for so long as any Transaction under the Agreement remains outstanding.

(b) **Authorizing Resolution Representation.** Party B makes the following representation to Party A, which representation will be deemed repeated at the times set forth in Section 3 of the Agreement: An Authorizing Resolution, as defined in Part 3 of this Schedule, is in full force and effect.

(c) **Qualified Financial Contract.** Party A and Party B agree that each Transaction and the Agreement are a "swap agreement" and a "qualified financial contract" and that the Agreement is a "master agreement", for purposes of Section 11(e)(8) of the Federal Deposit Insurance Act or any successor provisions.

(d) Party B agrees that this Agreement, any Credit Support Document to which it is a party, each Confirmation, and any other documentation relating to this Agreement to which it is a party or that it is required to deliver will be executed and delivered by a duly appointed or elected and authorized officer of Party B of the level of vice-president or higher.

(e) Party A and Party B each represent that it will engage in "financial contracts" as a counterparty on "both sides of one or more financial markets" as set forth in 12 C.F.R. Section 231.3 of Regulation EE issued by the Board of Governors of the Federal Reserve System.

**Miscellaneous:**

(f) **Country of Domicile.** The country of domicile of Party A and Party B is the United States of America.

(g) **Confirmation.** Each Confirmation supplements, forms part of, and will be read and construed as one with, this Agreement. A form of Confirmation is set forth as Exhibit A hereto.

(h) **Tax Forms** means any form or document that may be required or reasonably requested in order to allow the other party to make a payment under the Transaction without any deduction or withholding for an account of any Tax or with such deduction or withholding at a reduced rate.

(i) **"Stockholders' Equity"** means with respect to an entity, at any time, the sum at such time of (i) its capital stock (including preferred stock) outstanding, taken at

*fbankpr.doc*                                26 -

par value, (ii) its capital surplus and (iii) its retained earnings, minus (iv) treasury stock, each to be determined in accordance with generally accepted accounting principles.

(j) **Transfer.** Section 7 of the Agreement is hereby modified by inserting the following after the word "party" but before the comma in the third line thereof:

", provided, however, that such consent shall not be unreasonably withheld"

(k) For purposes of Sections 2(d)(i)(4) and 3(f), any payee tax representation specified in a Confirmation under this Agreement shall be deemed to be specified in this Schedule.

(l) **Trial By Jury.** Each party irrevocably waives any and all rights to trial by jury in any legal proceeding in connection with this Agreement or any Transaction.

(m) **Accuracy of Specified Information.** Section 3(d) is hereby amended by adding in the third line thereof after the word "respect" and before the period the words "or, in the case of audited or unaudited financial statements or balance sheets, a fair presentation of the financial condition of the relevant person".

(n) **Definitions.** This Agreement, each Confirmation, and each Transaction are subject to the 1991 ISDA Definitions as published by the International Swaps and Derivatives Association, Inc. as amended, supplemented, updated, restated, and superseded from time to time (the "Definitions"), and will be governed in all respects by the Definitions (except that references to "Swap Transactions" in the Definitions will be deemed to be references to "Transactions"). The Definitions as so modified, are incorporated by reference in, and made part of, this Agreement and each Confirmation as if set forth in full in this Agreement and such Confirmations. Subject to Section 1(b), in the event of any inconsistency between the provisions of this Agreement and the Definitions, this Agreement will prevail. Also, subject to Section 1(b), in the event of any inconsistency between the provisions of any Confirmation and this Agreement, or the Definitions, such Confirmation will prevail for the purpose of the relevant Transaction.

(o) **Representations.** Section 3 is hereby amended by adding the following additional Subsections:

(g) **No Agency.** It is entering into this Agreement and each Transaction as principal (and not as agent or in any other capacity, fiduciary or otherwise).

(h) **Eligible Swap Participant.** It is an "eligible swap participant" as defined in the Part 35 Regulations of the U.S. Commodity Futures Trading Commission.

(i) **No Reliance.** Party B acknowledges and agrees that (i) Party A is acting solely in the capacity of an arm's length contractual counterparty, with respect to this Agreement and any Transaction hereunder and (ii) Party A is not acting as a financial advisor or fiduciary of Party B (or in any similar capacity) with respect to this Agreement and any Transaction hereunder regardless of whether Party A provides Party B with market information or its views. Party B represents to Party A (which representation shall be deemed to be repeated by Party B on each date on which Transaction is entered into) that it understands the risks of the Transactions it enters and any legal, regulatory, tax, accounting and economic consequences arising therefrom and that its decision to enter into each Transaction has been based solely on the independent evaluation of Party B and its representatives in light of Party B's financial capabilities and objectives.

The parties executing this Schedule have executed the Master Agreement and have agreed as to the contents of this Schedule.

**LEHMAN BROTHERS
SPECIAL FINANCING INC.**
*(Name of Party)*

By: _____

Name: Bruce M. Witherell
Title: Managing Director
Date:

**FIRSTBANK OF PUERTO RICO**
*(Name of Party)*

By: _____

Name: Luis M. Cabrera
Title: Senior Vice President
Date: July 15, 1997

jbankpr.doc                                                        - 28 -

<u>EXHIBIT A to Schedule</u>

<u>Form of Confirmation</u>

Date.

To:             FirstBank of Puerto Rico

                Telephone
                Telecopier.

From:           Lehman Brothers Special Financing Inc.

**Subject:**        **Swap Transaction (Ref: S\_\_\_-\_\_ )**

The purpose of this communication is to set forth the terms and conditions of the swap transaction entered into on the Trade Date referred to below (the "Swap Transaction"), between Lehman Brothers Special Financing Inc. ("Party A") (guaranteed by Lehman Brothers Holdings Inc. ("Holdings")) and FirstBank of Puerto Rico ("Party B"). This communication constitutes a "Confirmation" as referred to in the Swap Agreement specified below

This confirmation supplements, forms part of, and is subject to, the Master Agreement, which the parties have entered into, dated January 16, 1997, between Party A and Party B (the "Swap Agreement"). All provisions contained in, or incorporated by reference to, such Swap Agreement shall govern this Confirmation except as expressly modified below.

Party A and Party B each represent that entering into the Swap Transaction is authorized and does not violate any laws of its jurisdiction of organization or residence or the terms of any agreement to which it is a party, and it has reached its own conclusions about the Swap Transaction, and any legal, regulatory, tax, accounting or economic consequences arising from the Swap Transaction, and has concluded that the Swap Transaction is suitable in light of its own evaluation of the Swap Transaction and its own financial capabilities and sophistication.

This Confirmation incorporates the definitions and provisions contained in the 1991 ISDA Definitions (as published by the International Swaps and Derivatives Association, Inc.) (the "Definitions"). In the event of any inconsistency between those definitions and provisions and this Confirmation, this Confirmation will govern. The Definitions shall apply to this Confirmation even if the Swap Agreement between the parties incorporate the provisions of the 1985 or 1986 editions of the ISDA Code of Standard Wording, Assumptions and Provisions for Swaps.

The terms of the particular Swap Transaction to which this Confirmation relates are as follows:

| | |
|---|---|
| Party A: | LEHMAN BROTHERS SPECIAL FINANCING INC. |
| Party B: | FIRSTBANK OF PUERTO RICO |

[Notional Amount:]

Trade Date:

Effective Date:

Termination Date:

[Initial Exchange:

Initial Exchange Date:

Party A Initial Exchange Amount:
Party B Initial Exchange Amount:

Final Exchange:

Final Exchange Date:

Party A Final Exchange Amount:

Party B Final Exchange Amount:]

FIXED AMOUNTS:

| | |
|---|---|
| Fixed Rate Payer: | [Party A/B] |

[Fixed Rate Payer Currency Amount:]

| | |
|---|---|
| Fixed Rate Payer Payment Dates [or, Period End Dates, if Delayed Payment or Early Payment applies]: | [          ], subject to adjustment in accordance with the [Following/Modified Following/Preceding] Business Day convention, with respect to a _____ Banking Day and a _____ Banking Day [with No Adjustment of Period End Dates] |

[Fixed Amount:]

Fixed Rate:

Fixed Rate Day

Count Fraction:

FLOATING AMOUNTS:

Floating Rate Payer:                    [Party B/A]

[Floating Rate Payer
Currency Amount:]

Floating Rate Payer Payment Dates [or, Period End Dates, if Delayed Payment or Early Payment applies]:     [         ], subject to adjustment in accordance with the [Following/Modified Following/Preceding] Business Day convention, with respect to a _____ Banking Day and a _____ Banking Day [with No Adjustment of Period End Dates]

Floating Rate for initial Calculation Period:

Floating Rate Option:

Designated Maturity:

Floating Rate Spread:                   [plus/minus]    % p.a.

Floating Rate Day Count Fraction:

Reset Dates:

[Rate Cut-off Dates:]

[Method of Averaging:                   Unweighted/Weighted Average Rate]

Compounding:                            Applicable/Inapplicable

[Compounding Dates:]

**Calculation Agent:**

**Offices:**                            Party A is not a Multibranch Party

Party B is not a Multibranch Party

(The Office of Party B is its _____ Branch)

**Other Provisions:**

Payment instructions for
Party A in _____:

Payment instructions for
Party B in _____:

Please confirm that the foregoing correctly sets forth the terms of our agreement with respect to the Swap Transaction by signing in the space provided below and sending a copy of the executed Confirmation by telecopier (212-528-6927) to the Client Services Group, Lehman Brothers Special Financing Inc.

It has been a pleasure working with you on this transaction and we look forward to working with you again in the future.

LEHMAN BROTHERS SPECIAL FINANCING INC.

By:_____

Name:_____

Title:_____

Confirmed as of the
date first written:

FIRSTBANK OF PUERTO RICO

By:_____

Name:_____

Title:_____