# Exhibit I
# Part 1 of 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    08-13555 (JMP)
                                                    :
                        Debtors.                    :    (Jointly Administered)
------------------------------------------------------------x

## AMENDED SCHEDULES OF ASSETS AND LIABILITIES FOR

## LEHMAN BROTHERS SPECIAL FINANCING INC.

CASE NO. 08-13888 (JMP)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                            :
                Debtors.                    :    (Jointly Administered)
------------------------------------------------------------x

## GLOBAL NOTES PERTAINING TO DEBTORS'
## FIRST AMENDED SCHEDULES AND STATEMENTS

On the dates listed below (each a "Petition Date" and collectively the "Petition Dates"), Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors listed below (collectively, the "Debtors," and together with their non-Debtor affiliates, "Lehman") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

| Debtor | Case Number | Petition Date |
|---|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) | 9/15/08 |
| BNC Mortgage LLC | 09-10137 (JMP) | 1/9/09 |
| CES Aviation IX LLC | 08-13907 (JMP) | 10/5/08 |
| CES Aviation LLC | 08-13905 (JMP) | 10/5/08 |
| CES Aviation V LLC | 08-13906 (JMP) | 10/5/08 |
| East Dover Limited | 08-13908 (JMP) | 10/5/08 |
| Fundo de Investimento Multimercado Credito Privado Navigator Investimento No Exterior | 08-13903 (JMP) | 10/5/08[1] |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) | 4/23/09 |
| LB 745 LLC | 08-13600 (JMP) | 9/16/08 |
| LB Rose Ranch LLC | 09-10560 (JMP) | 2/9/09 |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) | 10/5/08 |
| Lehman Brothers Commodity Services Inc. | 08-13885 (JMP) | 10/3/08 |
| Lehman Brothers Derivative Products Inc. | 08-13899 (JMP) | 10/5/08 |
| Lehman Brothers Finance SA | 08-13887 (JMP) | 10/3/08[2] |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) | 10/5/08 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) | 10/3/08 |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) | 10/3/08 |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) | 10/5/08 |

---

[1] Voluntarily dismissed on February 24, 2009.

[2] On March 11, 2009, the Bankruptcy Court entered an order dismissing the chapter 11 case In re *Lehman Brothers Finance SA*, and granting recognition of the foreign main proceeding and of PwC-CH as LBF's duly authorized foreign representative under chapter 15 of the Bankruptcy Code, *See In re Lehman Brothers Finance AG, in Liquidation*, Case No. 09-10583 (Bankr. S.D.N.Y. 2009) (JMP) [Docket Nos. 24, 25].

| | | |
|---|---|---|
| Lehman Scottish Finance L.P. | 08-13904 (JMP) | 10/5/08 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) | 1/7/09 |
| PAMI Statler Arms LLC | 08-13664 (JMP) | 9/23/08[3] |
| Structured Asset Securities Corporation | 09-10558 (JMP) | 2/9/09 |

The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only in the above-captioned cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The Debtors' respective Schedules of Assets and Liabilities, Schedules of Current Income and Expenditure, and Schedules of Executory Contracts and Unexpired Leases (the "Schedules") and Statements of Financial Affairs (the "Statements" and together with the Schedules, the "Schedules and Statements") have been prepared by the Debtors' management, with the assistance of their advisors, in accordance with section 521 of the Bankruptcy Code and Bankruptcy Rule 1007.[4]

These Global Notes Pertaining to the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, each of the Schedules and Statements. **These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements. These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or Statements.** Disclosure of information in one Schedule, Statement, exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit or continuation sheet.

**The Schedules and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of any of the Debtors.**

1. *Reservation of Rights.* The Debtors' chapter 11 cases are the largest in history. The sheer volume of information to disclose is formidable. The circumstances surrounding the commencement of the Debtors' cases were extraordinary and have materially impacted the Debtors' ability to access and marshal information about their businesses. The Debtors' precipitous filing caused an immediate shutdown of Lehman's formerly integrated information and globally interdependent financial reporting systems. Although prepetition information has gradually become more available, it remains difficult to access. The process of gathering and consolidating the Debtors' information will continue after the filing of these Schedules and Statements, which should therefore be regarded as a work in progress, to be followed by supplements and amendments as necessary.

   The Schedules and Statements are unaudited and subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. In order to close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions and as such, these estimates and assumptions are reflected in the Schedules and Statements. The Debtors have made reasonable efforts to ensure the

---

[3] On May 26, 2009, the Debtors filed a Motion Seeking Entry of an Order Pursuant to Section 1112(b) of the Bankruptcy Code Dismissing Chapter 11 Case of PAMI Statler Arms LLC which is currently set for hearing on June 24, 2009.

[4] Schedules and Statements of the Debtors may be filed on various dates within the time permitted by the Bankruptcy Code, Bankruptcy Rules, and/or orders of the Bankruptcy Court. No Schedules and Statements will be filed for either Fundo de Investimento Multimercado Credito Privado Navigator Investimento No Exterior or Lehman Brothers Finance SA because, as noted above, their chapter 11 case were dismissed by orders of the Bankruptcy Court, dated February 24, 2009 and March 11, 2009, respectively.

accuracy and completeness of such financial information; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions or inaccuracies may exist. The Debtors reserve all rights to amend or supplement their Schedules and Statements.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of any of the Debtors' rights to assert claims or defenses. For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract. Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."

2. **"As of" Information Date.** Unless otherwise indicated, all amounts listed in the Schedules and Statements are as of the close of business on the date prior to the Petition Date of the applicable Debtor. Notwithstanding, (i) the amounts reported on Schedules A and B for the following entities : Lehman Brothers Commercial Corporation, Lehman Brothers Commodity Services, Inc., Lehman Brothers OTC Derivatives Inc, Lehman Brothers Special Financing Inc., Lehman Commercial Paper Inc. and Luxembourg Residential Properties Loan Finance S.a.r.l. are as of the close of business on September 14, 2008 and (ii) the intercompany balances for all Debtors with respect to derivative-based transactions are also as of September 14, 2008.

Pursuant to certain orders of the Bankruptcy Court (collectively, the "Court Orders"), the Debtors were authorized to, and did, conduct sales of certain of their assets, assume and/or assign certain of their unexpired executory contracts or leases, and pay certain outstanding prepetition claims from and following the applicable Petition Dates. In addition, pursuant to certain Court Orders, certain outstanding prepetition claims against the Debtors may have been paid by non-Debtor third parties following the applicable Petition Date. Therefore claims for general trade payables listed on Schedule F may be net of payments made through February 12, 2009. Certain of the Court Orders preserve the rights of parties in interest to dispute any amounts required to be paid to satisfy prepetition claims. Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to a Court Order that preserves such right to contest.

3. **SIPA and Other Insolvency Proceedings.** On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate. LBI's SIPA case is being administered in the Bankruptcy Court under docket number 08-01420 (JMP). In addition, as of the date of the filing of the Schedules and Statements, various insolvency proceedings have been commenced by or against certain of LBHI's foreign affiliates in their respective jurisdictions.

4. **Basis of Presentation.** For purposes of filing reports with the Securities and Exchange Commission, LBHI has historically prepared consolidated financial statements, which include each of the Debtors and certain additional non-Debtor affiliates. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for public reporting purposes or otherwise. The Debtors' Monthly Operating Reports contain additional detail regarding the preparation and maintenance of the Debtors' books and records.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("GAAP"), the Schedules and Statements neither purport to represent nor reconcile financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise. Reflection in Schedules and Statements of assets greater than liabilities is not an admission that a Debtor was solvent on its Petition Date or at any time prior to its Petition Date. Likewise, reflection in Schedules and Statements of liabilities greater than assets is not an admission that the Debtors were insolvent at their respective Petition Dates or any time prior to their respective Petition Dates.

5. **Current Market Value — Net Book Value.** In certain instances, current market valuations are neither maintained by nor readily available to the Debtors. It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available. However, the Debtors' inventory positions are accounted for with mark-to-market accounting incorporating valuations as reflected in the applicable Debtor's books and records as of the Petition Dates, or, for certain categories of derivative transactions, as of September 14, 2008.[5] The remaining assets, unless otherwise indicated, reflect the net book values of the Debtors' assets, as recorded in the Debtors' books and records, as of the Petition Dates Amounts ultimately realized will vary, at some times materially, from the amounts reflected in the applicable Debtor's books and records.

6. **Excluded Accruals/GAAP entries.** The Schedules and Statements do not include certain deferred charges, deferred liabilities, or general reserves, or assets with a net realizable value of zero. Such amounts may, however, be reflected in the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities, including accrued taxes and accrued wage and/or employee benefit related obligations, which do not represent specific claims as of the Petition Dates, and assets relating to, among other things, goodwill, customer relationship intangibles and loan commitment fees.

7. **Foreign Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

8. **Confidentiality.** Addresses of current and former employees of the Debtors are generally not included in the Schedules and Statements. Notwithstanding, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.

9. **Consolidated Entity Accounts Payable and Disbursement Systems.** An individual Debtor's Schedules and Statements may include payments made by the Debtor for another Debtor or non-Debtor affiliate. Payments made by another Debtor or non-Debtor affiliate on behalf of the filing Debtor, however, are not necessarily included on the filing Debtor's Schedules and Statements. A description of the Debtors' prepetition centralized cash management system is set forth in the Debtors' motion for authorization to, among other things, continue using its cash management system, as modified, dated October 3, 2008 [Docket No. 669], and the supplement thereto, dated October 10, 2008 [Docket No. 826].

10. **Derivatives and other contractual agreements.** The Debtors have attempted to list on Schedule G all of the derivative contracts that they were party to as of their respective Petition Date. A large number of the contracts listed on Schedule G, however, may have been terminated prior or subsequent to the applicable Petition Date. Liabilities and certain assets related to derivatives contracts are not included on the Debtors' Schedules. In certain instances the Debtors have netted cash and securities collateral against the receivables due from counterparties. Upon the Debtors completing their analysis of their books and records of the numerous derivative transactions potential additional assets and/or liabilities associated with the Debtors' derivative contracts may be recorded and disclosed.

11. **Intercompany Claims.** Claims among the Debtors and their non-Debtor affiliates, as reflected in the balance sheet accounts of the applicable Debtors (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims"), are reported on Schedules B and F, as applicable. The Intercompany

---

[5] Derivative-related assets and derivative-related liabilities represent amounts due from or to counterparties related to matured, terminated and open trades and are recorded at fair value net of cash and securities collateral received and net of valuation reserves as recorded in the books as of September 14, 2008. Lehman Brothers Special Financing, Inc. determined the fair value of the derivative-related assets listed on Schedule B as follows: (1) utilized the fair values as of September 30, 2008 for trades open as of September 30, 2008, (2) utilized the fair values at the date of maturity or termination where the counterparty notified the Company prior to September 30, 2008, or (3) utilized the last valuation recorded by the Company prior to the LBHI bankruptcy filing where a fair value was unable to be determined or for counterparties with more than 1,000 trades outstanding as of September 14, 2008. Derivative-related assets do not reflect value impairment that may result from final resolution with certain Special Purpose Vehicles.

Claims are comprised primarily of the following components: trading activity with affiliates (buying and selling securities, derivatives, commodities among affiliates), allocation of operating expenses including interest charges and financings (notes payable/receivable, repos/reverse repos, stock or bond borrows/loans) and the transfer of cash balances, generally to LBHI and receipt of funds, generally from LBHI, to cover cash shortfalls, as a result of Lehman's cash management practices. The intercompany balances reflect the amounts shown on the Debtors' respective balance sheets as of the close of business on September 14, 2008 except that certain collateral has been netted against financing and derivative balances.

12. **Insiders.** Lehman employed hundreds of individuals with the title of Managing Director and Senior Vice President and thousands of individuals with the title of Vice President and Assistant Vice President. However, for its response to Statement questions 3c and 21, (i) LBHI has listed members of its Board of Directors and all employees that are, or were, Executive Officers (Chairman and Chief Executive Officer, Chief Financial Officer, Chief Administrative Officers, President and Chief Operating Officer, and Chief Legal Officer) and Global Heads and (ii) the remaining Debtors have listed Presidents, and certain Directors, Managing Directors, Senior Vice Presidents, and Vice Presents, as appropriate for their particular personnel structure. Persons have been included in the Schedules and Statements for informational purposes only and such individuals should not, simply by virtue of being listed herein, all be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, or with respect to any theories of liability or for any other purpose. In the ordinary course of Lehman's businesses, directors and officers of one Debtor may have been employed and paid by another Debtor or a non-Debtor affiliate.

Information about payments and prior relationships with Alvarez & Marsal North America, LLC is disclosed in the affidavits and supplements thereto that accompany the Debtors' Application to Retain Alvarez & Marsal North America, LLC to Provide the Debtors a Chief Restructuring Officer and Additional Personnel, and (B) to Appoint the Chief Restructuring Officer Nunc Pro Tunc to the Commencement Date [Docket Nos. 760, 1366, and 1559].

13. **Setoffs.** Prior to the applicable Petition Date, and in the ordinary course of their businesses, the Debtors incurred a large number of setoffs in connection with, among other things, intercompany, derivative and customer/supplier transactions. Unless otherwise stated, setoffs are not listed in the Schedules and Statements and the Debtors have not intentionally offset amounts listed on Schedules B, D or F. Nonetheless, some amounts listed may have been affected by setoffs taken of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights which may be asserted.

Notwithstanding foregoing, the Debtors have disclosed certain setoffs taken by financial institutions that are known to the Debtors and that the Debtors reserve the right to challenge as being outside the ordinary course of business.

14. **Mechanics' Liens.** The inventories, property and equipment listed in these Schedules and Statements and Schedules are presented without consideration of any mechanics' liens.

15. **Undetermined Amounts.** The description of an amount as "unknown," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount.

16. **Pledged Assets and Assets Held by Other Parties.** A significant amount of the assets listed on the Debtors' Schedule B have been pledged as collateral by the Debtors and are outside of the Debtors' control. These assets include, among other things, cash, securities, real estate loans and corporate loans and other inventory. In addition, prior to the applicable Petition Date, certain third parties posted cash and securities with the Debtors as collateral (the "Third Party Collateral"). In many instances other non-Debtor third-party entities have either seized, asserted control over or a claim a right to such Third Party Collateral. The Debtors are exploring their rights, options and obligations in such instances. Notwithstanding, Schedule B reflects receivables net of Third Party Collateral and, to the extent that Third Party Collateral posted by a particular creditor resulted in a net payable, such payable is listed on Schedule F.

17. **Guarantees.** Contractual guarantees issued by a Debtor have been listed on that Debtor's Schedule G. Claims of contract counterparties arising under these guarantees have been listed on the Debtor's Schedule F as contingent and unliquidated liabilities. In addition, LBHI guaranteed the payment of all liabilities, obligations and commitments of certain of its subsidiaries. LBHI has listed each of the guaranteed subsidiaries, but not the creditors of those guaranteed subsidiaries, as a contingent, unliquidated and disputed creditor on LBHI's Schedule F. LBHI frequently served as credit support provider to its affiliates in connection with their derivative contracts. As noted in Global Note 10 about contingent liabilities associated with the derivative contracts, these contingent liabilities will not be disclosed until the Debtors have completed their analysis of the numerous derivative transactions. The Debtors may identify additional guarantees as they continue their review of their books and records, executory contracts, unexpired leases, secured financing, debt instruments and other such agreements, and will amend their Schedules accordingly.

18. **Schedules.**

   a. **Schedule A.** Real property is listed on Schedule A at net book value. Certain interests of the Debtors in real property, including mortgages and real property held for sale, are not listed on Schedule A, but have been listed as inventory in response to Schedule B. Leases of real property have not been listed on Schedule A, but have been listed on Schedule G.

   b. **Schedule B1.** Cash and restricted cash for certain Debtors may include amounts related to pledged assets that may not belong to the Debtor. Such amounts associated with pledged assets are not determinable at this time.

   c. **Schedule B9.** Certain Debtors who do not list any interest in insurance policies in response to Schedule B9 may hold an interest in policies of an affiliate.

   d. **Schedule B21.** Amounts listed in response to Schedule B21 exclude claims that have been or, at a later date may be, asserted by the Debtors against their various liability policies. Additionally, the Debtors have asserted and will continue to assert various claims against affiliates involved in foreign insolvency proceedings. Said claims are subject to amendment and further reconciliation and may not be reflective of the amounts listed on the Debtors' books and records as of the Petition Dates. To the extent such claims include undetermined or unliquidated amounts, such amounts have not been included in the Debtors' Schedules.

   e. **Schedule B23.** Licenses to conduct business are not included in Schedule B.

   f. **Schedule D — Creditors Holding Secured Claims.** The Debtors have not undertaken a valuation of their assets in which creditors may have a secured interest. The Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

   Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D parties whose claims may be secured through rights of setoff, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in a secured facility, only the collateral agent has been listed for purposes of Schedule D.

   g. **Schedule E — Creditors Holding Unsecured Priority Claims.** Schedule E does not include obligations for employee-related medical, dental, prescription drug, death and other benefits under

       group benefit plans that have been, or may be, satisfied by a voluntary employee beneficiary association ("VEBA") established on September 12, 2008 under section 501(c)(9) of the Internal Revenue Code of 1986. Schedule E does not include certain other employee obligations, which may be owed, or may have been satisfied, by LBI. Schedules E and F do not include obligations related to restricted stock units.

h.    **Schedule F — Creditors Holding Unsecured Nonpriority Claims.** Certain creditors owe amounts to the Debtors and, as such, may have valid setoff and recoupment rights with respect to the balances listed on Schedule F.

       The Debtors' responses to Statement question 4 disclose pending litigation involving the Debtors. Claims related to pending litigations are listed on Schedule F as contingent, unliquidated and disputed liabilities. In certain litigations, however, plaintiffs have not clearly identified which Lehman entity or entities are the intended defendants (naming "Lehman" or "Lehman Brothers"). In such cases, out of an abundance of caution the litigation is disclosed by LBHI's in response to Statement question 4 and claims are listed on LBHI's Schedule F as a contingent, unliquidated and disputed liabilities. Inclusion in LBHI's Schedules and SOFAs shall not be deemed an admission of any liability for a litigation that is disclosed.

i.    **Schedule G — Executory Contracts and Unexpired Leases.** Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease, and inclusion of a contract, lease or other agreement on Schedule G does not constitute an admission that such contract, lease or other agreement is an executory contract, was in effect on the applicable Petition Date, or is valid or enforceable. The contracts, leases and other agreements listed on Schedule G may have been modified, amended, supplemented or superseded from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed on Schedule G.

       In the ordinary course of business, the Debtors may lease certain fixtures and equipment from certain third party lessors for use in the daily operation of their business. The Debtors' obligations pursuant to capital leases appear on Schedule D and their obligations pursuant to operating leases have been listed on Schedule F. The underlying lease agreements are listed on Schedule G. Nothing in the Schedules and Statements is or shall be construed to be an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

       Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors, or a Debtor and a non-Debtor affiliate or third party. Certain of the Agreements may not have been memorialized and may be subject to dispute. Agreements that are oral in nature have also been included in Schedule G. Agreements, including certain license agreements that are not valued by the Debtors for balance sheet purposes appear on Schedule G but do not appear on Schedule B.

j.    <u>**Schedule H — Co-Debtors**</u>. Investigation into possible co-obligor relationships between the Debtors and/or non-debtor entities is ongoing. There may be instances where litigation is brought against multiple legal entities. Such litigation is listed on Schedule F of the appropriate Debtor and Schedule H. The Debtors are in the process of reviewing their leases and contracts, which agreements may contain provisions leading to a co-debtor relationship.

19. <u>Statements.</u>

k.    **Statement question 1 – Income.** The amounts reported in response to Statement question 1 reflect the Debtors' fiscal year of 12/1 to 11/30 and reflect amounts taken from the Debtors' internal consolidated balance sheet worksheets. Amounts reported for the current period represent gross revenue for the period 12/1/2007 through and including 8/31/2008.