*EXHIBIT J*



Lawrence Odell, Esq.
Executive Vice President and
General Counsel

September 17, 2009

General Counsel's Office
Barclay's Capital
200 Park Avenue
New York, NY 10166

Dear Gentlemen:

    I am the General Counsel of FirstBank Puerto Rico and am writing this letter asking your help in getting FirstBank information about securities that had been delivered by FirstBank to Lehman Brothers Special Financing, Inc., as collateral for potential obligations under a Master SWAP Agreement between FirstBank and LBSF and apparently were subsequently transferred to Barclays Capital Management or an affiliate

    Several years ago, FirstBank entered into a Master Swap Agreement with LBSF. As collateral for FirstBank's obligations under the Master Swap Agreement, FirstBank delivered to LBSF the securities listed on the attachment to this letter. At the instruction of LBSF, those securities were delivered into an account of Lehman Brothers Incorporated with JP Morgan Chase Bank. We have been informed that the securities were held by LBI in Account #4947410, which is called "LBSF Collateral Repo Account."

    The Master Swap Agreement between FirstBank and LBSF was terminated effective September 26, 2008. The value at that date of the securities LBSF was holding as collateral was approximately $62.5 million. LBSF has reviewed the status of the transactions under the Master Swap Agreement, and has informed FirstBank that LBSF believes FirstBank owes LBSF $3.9 million under the terminated Master Swap Agreement. FirstBank believes the amount it owes is somewhat smaller than that, but even using LBSF's computation, the value of the securities LBSF was holding as collateral (which are primarily debt securities issued by Fannie Mae and similar institutions) was more than $58 million greater than the sum FirstBank owes to LBSF.

    FirstBank has been informed by JP Morgan Chase that on September 18, 2008, most of the securities positions that were collateral for FirstBank's obligations under the Maser Swap Agreement were transferred from LBI to Barclays (the other securities positions apparently were transferred to an entity unrelated to Barclays).

    On the assumption that the transfer from LBI to Barclays was made in connection with the repo transaction on September 18, 2008, that subsequently became part of the sale of assets of Lehman Brothers Holding Inc., LBI and LB 745 LLC to Barclays under an Asset Purchase Agreement dated as of September 16, 2008, as amended and clarified by a First Amendment to Asset Purchase Agreement dated as of September 19, 2008 and a Letter dated as of September 20, 2008, we have reviewed the publicly available copies of the Asset Purchase Agreement, the Amendment and the September 20 Letter.

1519 Ponce de León Ave.; Stop 23
PO Box 9146
San Juan, PR 00908-0146

Telephone: (787) 729-8252
Fax: (787) 725-8339

Lawrence Odell – FirstBank Puerto Rico                                                                 Page 2

We note that Section 1(a)(ii) of the September 20 Letter, which relates to the definition of the term "Purchased Assets," includes the statement "provided, that no securities owned by LBHI or any subsidiary of LBHI (other than LBI and other than as specified in the Agreement or clause (iii) below) are Purchase Assets." Therefore, no securities owned by LBSF were Purchased Assets. We further note that Section 8 of the September 20 Letter states ":All customer accounts of LBI (other than customer (sic) who are affiliates of LBI) shall be transferred to Purchaser. In connection therewith, Purchaser shall receive (i) for the account of the customer, any and all property of any customer, including any held by or on behalf of LBI to secure the obligations of any customer, whose account(s) are being transferred to Purchaser as part of the Business, and (ii) ..."

Accordingly, because LBI treated the securities that had been posted by FirstBank as assets of LBSF, they were not part of the Purchased Assets that were transferred to Barclays. If they were transferred to Barclays because they were treated as being held in a customer account, they were received by Barclays for the account of the customer, which either was LBSF, or if LBSF is ignored, was FirstBank. In either instance, it appears that under the Asset Purchase Agreement, Barclays is holding the securities for, and is required to return the securities to, LBSF, which, in turn, is required to return at least most of them to FirstBank.

We have asked Barclays to confirm that it received and is holding the securities described above, and to tell us the capacity in which it is holding those securities. Barclays has refused to provide any information. Based upon our understanding of the agreements between Barclays and LBI (and other Lehman entities), Barclays is holding the securities described above that were transferred to it and any proceeds it has received with regard to them directly or indirectly for the account of FirstBank. Therefore, it is totally inappropriate for Barclays to refuse to confirm to FirstBank (or deny) that it is holding the securities described above and, assuming Barclays does in fact have possession of those securities, the capacity in which Barclays believes it is holding them.

If Barclays persists in refusing to confirm or deny that it is holding the securities or to tell us the capacity in which it believes it is holding them, FirstBank is going to have no choice but to commence litigation against Barclays seeking a return of the securities described above that Barclays is holding and any proceeds Barclays has received with regard to those securities. That will result in substantial costs both to FirstBank and to Barclays that could be avoided if Barclays would simply provide FirstBank with information about whether, and on what basis, it is holding the securities and, assuming it is holding them for the account of LBSF or FirstBank, arranging to return those securities and proceeds to LBSF, or at the instruction of LBSF directly to First Bank.

Lawrence Odell -- FirstBank Puerto Rico                                                    Page 3

    If you would like to discuss anything I have said in this letter, please feel free to call me at 787-729-8088. If I do not hear from you by September 20, 2009, regretfully I will have to instruct our attorneys to commence litigation promptly after that.

Very truly yours,

*[signature]*

Lawrence Odell

LO/rhm