# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                              :

In re                                        :         Chapter 11
                                              :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :         Case No. 08-13555 (JMP)
                                              :

                Debtors.                       :         (Jointly Administered)
                                              :
                                              :
------------------------------------------------------------------x

**ORDER DIRECTING APPOINTMENT OF AN EXAMINER**
**PURSUANT TO SECTION 1104(c)(2) OF THE BANKRUPTCY CODE**

        By motion, dated October 20, 2008, The Walt Disney Company ("TWDC") as a claimant against Lehman Brothers Commercial Corporation ("LBCC") and Lehman Brothers Holdings Inc. ("LBHI") applied for the appointment of an examiner in these jointly administered chapter 11 cases pursuant to section 1104(c)(2) of title 11 of the United States Code ("Bankruptcy Code") ("TWDC Motion"), on the basis that the fixed, liquidated, unsecured debts other than debts for goods, services, taxes, or owing to an insider exceeded $5 million; and no party in interest having contested that pursuant to section 1104(c)(2) of the Bankruptcy Code that the appointment of an examiner is mandatory; and upon the joinders to the TWDC Motion by Harbinger Capital Partners Special Situations Fund, LP, and Harbinger Capital Partners Master Fund I., Ltd., f/k/a Harbert Distressed Investment Master fund, Ltd., (collectively, the "Harbinger Funds") dated October 31, 2008 and Bank of America, NA ("BoA") dated October 31, 2008; and the motion of Thomas P. DiNapoli, New York State Comptroller as Administrative Head of the New York State and Local Retirement Systems and Sole Trustee of the New York State Common Retirement Fund ("NYS Comptroller") for the appointment of a trustee or in the alternative an examiner with expanded powers dated November 4, 2008 ("NYS Comptroller

Motion"), and the joinder of the Lead Plaintiffs in Class Action No. 08-CV5523(LAK) ECF CASE pending in the United States District Court for the Southern District of New York to the NYS Comptroller Motion for the appointment of an examiner with expanded powers dated November 24, 2008; and the Response of the United States Trustee (the "U.S. Trustee") dated November 12, 2008 to the TWDC Motion dated January 9, 2009; and the Response of the Official Committee of Unsecured Creditors ("UCC") to the TWDC Motion dated January 9, 2009, the Objection of Barclays Capital Inc. ("Barclays") to a portion of the TWDC Motion dated January 9, 2009 and the Objection of James W. Giddens, as SIPA Trustee for the liquidation of the business of Lehman Brothers Inc. ("SIPA Trustee") to the TWDC Motion and the Response of LBHI, et al., as Debtors and Debtors In Possession, in opposition to the NYS Comptroller Motion for the appointment of a trustee, dated January 5, 2009; and the Response of TWDC to the Objections of the UCC, the SIPA Trustee, and Barclays dated January 13, 2009 and the Reply of the NYS Comptroller dated January 13, 2009; and a hearing having been held before the Court, on due notice, on January 14, 2009 and the Court having heard and considered all of the arguments and comments made by the parties in interest to the motions for the appointment of an examiner; and upon the record made before the Court and the record having been So Ordered to direct the appointment of an examiner in these jointly administered chapter 11 cases and, after due deliberation and sufficient cause appearing therefor, it is

ORDERED:

    1.    The United States Trustee is directed to appoint an examiner ("Examiner") as soon as practicable.

    2.    The Examiner's duties shall include an investigation ("Investigation") as to:

- Whether LBCC or any other entity that currently is an LBHI chapter 11 debtor subsidiary or affiliate ("LBHI Affiliate(s)") has any administrative claims against LBHI resulting from LBHI's cash sweeps of cash balances, if any, from September 15, 2008, the commencement date of LBHI's chapter 11 case, through the date that such applicable LBHI affiliate commenced its chapter 11 case.

- All voluntary and involuntary transfers to, and transactions with, affiliates, insiders and creditors of LBCC or its affiliates, in respect of foreign exchange transactions and other assets that were in the possession or control of LBHI Affiliates at any time commencing on September 15, 2008 through the day that each LBHI Affiliate commenced its chapter 11 case.

- Whether any LBHI Affiliate has colorable claims against LBHI for potentially insider preferences arising under the Bankruptcy Code or state law.

- Whether any LBHI Affiliate has colorable claims against LBHI or any other entities for potentially voidable transfers or incurrences of debt, under the Bankruptcy Code or otherwise applicable law.

- Whether there are more colorable claims for breach of fiduciary duties and/or aiding or abetting any such breaches against the officers and directors of LBCC and/or other Debtors arising in connection with the financial condition of the Lehman enterprise prior to the commencement of the LBHI chapter 11 case on September 15, 2008.

- Whether assets of any LBHI Affiliates (other than Lehman Brothers, Inc.) were transferred to Barclays Capital Inc. as a result of the sale to Barclays Capital Inc. that was approved by order of the Bankruptcy Court entered September 20, 2008, and whether consequences to any LBHI Affiliate as a result of the consummation of the transaction created colorable causes of action that inure to the benefit of the creditors of such LBHI subsidiary or affiliate.

- The inter-company accounts and transfers among LBHI and its direct and indirect subsidiaries, including but not limited to: LBI, LBIE, Lehman Brothers Special Finance ("LBSF") and LBCC, during the 30-day period preceding the commencement of the chapter 11 cases by each debtor on September 15, 2008 or thereafter or such longer period as the Examiner deems relevant to the Investigation.

- The transactions and transfers, including but not limited to the pledging or granting of collateral security interest among the debtors and the pre-chapter 11 lenders and/or financial participants including but not limited to, JPMorgan Chase, Citigroup, Inc., Bank of America, the Federal Reserve Bank of New York and others.

- The transfer of the capital stock of certain subsidiaries of LBI on or about September 19, 2008 to Lehman ALI Inc.

- The events that occurred from September 4, 2008 through September 15, 2008 or prior thereto that may have resulted in commencement of the LBHI chapter 11 case.

3. The Examiner shall perform the duties specified in sections 1106(a)(3) and (4) of the Bankruptcy Code, except to the extent the Court orders otherwise.

4. The Debtors, the Debtors' affiliates and subsidiaries, and the UCC and their respective representatives are directed to cooperate with the Examiner in conjunction with the performance of any of the Examiner's duties and the Investigation, and the Debtors and the UCC and other parties in interest shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation. The SIPA Trustee and his representatives and the Examiner and his or her representatives shall also cooperate with one another and coordinate their respective Investigations.

5. Until the Examiner has filed his or her report, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Investigation or the Examiner's duties except that the Examiner, in the exercise of his or her discretion and in compliance with this order may file public reports as to completed phases of the Investigation or the progress of the Investigation.

6. The Examiner may retain attorneys and any professional persons, if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327.

7. The Examiner and his or her Court-approved professional persons shall be compensated and reimbursed for their expenses pursuant to the procedures for interim compensation and reimbursement of professionals ordered in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professional persons shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330.

8. The Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above) including, but not limited to, any Federal, state or local government agency that currently or in the future may be investigating the Debtors, their management or their financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies. The Examiner will follow a protocol to be established with the governmental agencies for the sharing of information to the extent that such sharing benefits the Debtors' estates, and such sharing of information shall be subject to appropriate conditions to protect the Debtors' estates.

9. This Order is without prejudice to the Examiner's seeking other relief from the Court as the Examiner may deem appropriate in furtherance of the discharge of his or her duties and the Investigation.

10. All parties in interest may use any documents or other materials disclosed in the Examiner's report in any proceeding in these chapter 11 cases consistent with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Evidence.

11. The Examiner, when appointed, is directed to promptly meet and confer with the representatives of the Debtors, the UCC, TWDC, Barclays, NYS Comptroller, the Harbinger Funds, BoA, the Lead Plaintiffs, the U.S. Trustee, and the United States Attorney for the Southern District of New York to develop a work plan and plan to coordinate the Investigation so as to avoid replication of efforts and duplication of services and other matters pertinent to the Examiner's Investigation and, thereafter, submit an appropriate order to the Court setting forth the material items of the work plan and any process agreed upon to avoid replication and duplication and, to the extent that there is no agreement or consensus as to such work plan, plan

of coordination, and a proposed budget, all to be incorporated into an appropriate Order of the Court, the Examiner shall promptly report to the Court the failure to reach agreement and consensus and submit to the Court the Examiner's recommendations for resolution of the issues and, thereafter, the Court, upon such notice and a hearing or chambers conference as it may deem necessary, shall resolve the issues and enter an appropriate order.

12.   The work plan described in the immediately preceding paragraph shall be completed within twenty (20) days from the date that the court approves the appointment of the individual selected by the United States Trustee to serve as Examiner.  If the work plan is not completed within this twenty day period, a hearing shall be held on the next scheduled omnibus hearing date to determine the cause of such delay.

13.   The court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: January 16, 2009
     New York, New York

                                              */s/ James M. Peck*_____
                                              UNITED STATES BANKRUPTCY JUDGE