UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

FIRSTBANK PUERTO RICO,

                Plaintiff,

          - against -

BARCLAYS CAPITAL INC.,

                Defendant.

------------------------------------------------------------------------ X

09 Civ. 10317 (GBD)

**ANSWER**

Defendant Barclays Capital Inc. ("Barclays"), as and for its answer to the Complaint, dated December 21, 2009 (the "Complaint"), respectfully states as follows:

1.     Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2.     Barclays admits that it is a corporation organized under the laws of the State of Connecticut with its principal place of business located at 745 Seventh Avenue, New York, New York.

## JURISDICTION

3.     Paragraph 3 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required.

4.     Paragraph 4 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required.

## FACTS RELEVANT TO THIS ACTION

### A.    Background

5.     Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6.      Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7.      Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8.      Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.  Paragraph 8 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the document incorporated by reference into Paragraph 8 of the Complaint that are inconsistent with its contents.

9.      Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

10.      Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

11.      Paragraph 11 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required.  To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

12.    Paragraph 12 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint. Paragraph 12 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the document incorporated by reference into Paragraph 12 of the Complaint that are inconsistent with its contents.

13.    Paragraph 13 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint. Paragraph 13 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the document incorporated by reference into Paragraph 13 of the Complaint that are inconsistent with its contents.

14.    Paragraph 14 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint. Paragraph 14 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the document incorporated by reference into Paragraph 14 of the Complaint that are inconsistent with its contents.

15.    Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint. Paragraph 15 of the Complaint

purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the document incorporated by reference into Paragraph 15 of the Complaint that are inconsistent with its contents.

16.    Paragraph 16 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint. Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the document incorporated by reference into Paragraph 16 of the Complaint that are inconsistent with its contents.

17.    Barclays admits the allegations of Paragraph 17 of the Complaint.

18.    Paragraph 18 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

**B.    Lehman Brothers. Inc. as Custodian of the Collateral**

19.    Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20.    Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

21.    Paragraph 21 of the Complaint purports to quote a written document, which document speaks for itself. Barclays denies any characterizations of the document incorporated by reference into Paragraph 21 of the Complaint that are inconsistent with its contents.

22.    Paragraph 22 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint. Paragraph 22 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the document incorporated by reference into Paragraph 22 of the Complaint that are inconsistent with its contents.

23.    Barclays denies the allegations of Paragraph 23 of the Complaint. Barclays avers that on September 19, 2008, the Securities Investor Protection Corporation ("SIPC") initiated proceedings to liquidate LBI under the Securities Investor Protection Act of 1970.

24.    Paragraph 24 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral. Barclays further avers that (1) LBI subsequently represented and warranted to Barclays that it owned the securities to be transferred to Barclays and that Barclays would "be vested with good and exclusive title to [them], free and clear of all Liens ... to the fullest extent permissible under

5

Section 363(f) of the Bankruptcy Code" and (2) the bankruptcy court held in a sale order entered

on September 20, 2008 that was dated September 19, 2008 (the "Sale Order") that, because "one

or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code ha[d] been

satisfied," Barclays took title to and possession of the transferred securities "free and clear of all

Interests of any kind or nature whatsoever."

25.     Barclays lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 25 of the Complaint and avers that FirstBank has refused

to identify the CUSIP number and par value of each of the securities allegedly comprising the

Collateral.

26.     Paragraph 26 of the Complaint purports to state a conclusion of law as to

which no responsive pleading is required.  To the extent any pleading is required, Barclays

denies the allegations of Paragraph 26 of the Complaint and avers that FirstBank has refused to

identify the CUSIP number and par value of each of the securities allegedly comprising the

Collateral.

C.     **BCI Receives the Collateral from LBI Without Authorization**

27.     Barclays denies the allegations of Paragraph 27 of the Complaint and

avers that before September 15, 2008, LBHI and its subsidiaries constituted one of the largest

investment banking and financial services firms in the world.

28.     Barclays acknowledges that experts and government officials generally

expressed concern at the time of LBHI's bankruptcy filing and LBI's SIPC-initiated liquidation

that the Lehman failure generally would have a significant negative impact on world financial

markets.

29.     Barclays denies the allegations of Paragraph 29 of the Complaint, except

admits that following LBHI's chapter 11 filing and the commencement of LBI's SIPC

6

liquidation, Barclays acquired certain assets used in connection with the "Business" as defined in the Asset Purchase Agreement dated September 16, 2008, as amended (the "APA").

30.    Barclays acknowledges that there was concern generally that delay might further erode the value of whatever portions of the former Lehman business a third party might be interested to acquire and that the Sale Transaction occurred under exigent circumstances.

31.    Barclays denies the allegations of Paragraph 31 of the Complaint to the extent they suggest that Barclays did or had the opportunity to conduct any comprehensive due diligence, except admits that all activities related to the APA were undertaken on an expedited basis.

32.    Barclays denies the allegations of Paragraph 32 of the Complaint, except admits that it entered an agreement to acquire assets of LBI (among others) on September 16, 2008, which agreement was thereafter amended.

33.    Paragraph 33 of the Complaint purports to characterize the contents of written documents, which documents speaks for themselves. Barclays denies any characterizations of the documents incorporated by reference into Paragraph 33 of the Complaint that are inconsistent with their contents.

34.    Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

35.    Paragraph 35 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 35 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

36.    Paragraph 36 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

37.    Paragraph 37 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral. Barclays further avers that (1) LBI subsequently represented and warranted to Barclays that it owned the securities to be transferred to Barclays and that Barclays would "be vested with good and exclusive title to [them], free and clear of all Liens ... to the fullest extent permissible under Section 363(f) of the Bankruptcy Code" and (2) the bankruptcy court held in the Sale Order that, because "one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code ha[d] been satisfied," Barclays took title to and possession of the transferred securities "free and clear of all Interests of any kind or nature whatsoever."

38.    Barclays avers that the bankruptcy court entered the Sale Order on September 20, 2008 approving the sale of certain assets to Barclays "free and clear of all Interests of any kind or nature whatsoever."

39.     Paragraph 39 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 39 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

40.     Paragraph 40 of the Complaint purports to characterize the contents of a written transcript, which transcript speaks for itself. Barclays denies any characterizations of the transcript incorporated by reference into Paragraph 40 of the Complaint that are inconsistent with the full contents of the transcript.

41.     Paragraph 41 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 43 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

44.     Paragraph 44 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 44 of the Complaint.

45.    Paragraph 45 of the Complaint purports to state a conclusion of law as to

which no responsive pleading is required.  To the extent any pleading is required, Barclays

denies the allegations of Paragraph 45 of the Complaint and avers that FirstBank has refused to

identify the CUSIP number and par value of each of the securities allegedly comprising the

Collateral.  Barclays further avers that Article 8 of the Uniform Commercial Code (the "U.C.C.")

bars all remaining claims asserted in this action.

46.    Paragraph 46 of the Complaint purports to characterize the contents of a

written document, which document speaks for itself.  Barclays denies any characterizations of

the document incorporated by reference into Paragraph 46 of the Complaint that are inconsistent

with its contents.  By Order, dated May 3, 2010, the Court dismissed FirstBank's breach of

contract claims, and therefore no responsive pleading is required to the allegations of

Paragraph 46 of the Complaint.  To the extent any pleading is required, Barclays denies the

allegations of Paragraph 46 of the Complaint.

47.    By Order, dated May 3, 2010, the Court dismissed FirstBank's breach of

contract claims, and therefore no responsive pleading is required to the allegations of

Paragraph 47 of the Complaint.  To the extent any pleading is required, Barclays acknowledges

that it denies any obligations to FirstBank under or in connection with the Swaps Agreement or

otherwise.

48.    By Order, dated May 3, 2010, the Court dismissed FirstBank's breach of

contract claims, and therefore no responsive pleading is required to the allegations of

Paragraph 48 of the Complaint.  To the extent any pleading is required, Barclays acknowledges

that it denies any obligations FirstBank has to Barclays under the Swaps Agreement.

10

49.    By Order, dated May 3, 2010, the Court dismissed FirstBank's breach of contract claims, and therefore no responsive pleading is required to the allegations of Paragraph 49 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.  To the extent any pleading is required, Barclays denies the allegations of Paragraph 49 of the Complaint.

50.    Paragraph 50 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required.  Paragraph 50 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. Barclays denies any characterizations of the documents incorporated by reference into Paragraph 50 of the Complaint that are inconsistent with their contents.  By Order, dated May 3, 2010, the Court dismissed FirstBank's breach of contract claims, and therefore no responsive pleading is required to the allegations of Paragraph 50 of the Complaint.  To the extent any pleading is required, Barclays denies the allegations of Paragraph 50 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

51.    Paragraph 51 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required.  To the extent any pleading is required, Barclays denies the allegations of Paragraph 51 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.  Barclays further avers that a seller of financial assets and security entitlements (like LBHI and/or LBI in this instance) may convey better title in the property than it itself has under Article 8 of the U.C.C.

**D.    FirstBank Attempts to Locate and Obtain a Return of the Collateral**

52.    Barclays denies the allegations of Paragraph 52 of the Complaint.

11

53.     Paragraph 53 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the documents incorporated by reference into Paragraph 53 of the Complaint that are inconsistent with their contents. To the extent any pleading is required, Barclays denies the allegations of Paragraph 53 of the Complaint.

54.     Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint.

55.     Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint.

56.     Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint.

57.     Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint.

58.     Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

59.     Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

60.     Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint and avers that FirstBank has refused

to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

61. Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

62. Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

63. Paragraph 63 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the documents incorporated by reference into Paragraph 63 of the Complaint that are inconsistent with their contents. To the extent any pleading is required, Barclays denies the allegations of Paragraph 63 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

64. Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

65. Paragraph 65 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays admits that on or about September 17, 2009 FirstBank wrote to Barclays, avers that FirstBank has refused to identify the

CUSIP number and par value of each of the securities allegedly comprising the Collateral, but denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 65 of the Complaint for its true and correct contents.

66.    Paragraph 66 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  Barclays denies any characterizations of the documents incorporated by reference into Paragraph 66 of the Complaint that are inconsistent with their contents.  To the extent any pleading is required, Barclays denies the allegations of Paragraph 66 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

67.    Paragraph 67 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required.  To the extent any pleading is required, Barclays denies the allegations of Paragraph 67 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

68.    Paragraph 68 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required.  To the extent any pleading is required, Barclays denies the allegations of Paragraph 68 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

69.    Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Complaint.

## FOR A FIRST CLAIM FOR RELIEF
(unjust enrichment)

70.    In response to Paragraph 70 of the Complaint, Barclays repeats and realleges each and every response to Paragraphs 1-69 of the Complaint. Barclays avers that the U.C.C. bars FirstBank's claims.

71.    Paragraph 71 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 71 of the Complaint.

72.    Paragraph 72 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 72 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

73.    Paragraph 73 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 73 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

74.    Paragraph 74 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 74 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

75.     Paragraph 75 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 75 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

### FOR A SECOND CLAIM FOR RELIEF
(constructive trust/accounting)

76.     In response to Paragraph 76 of the Complaint, Barclays repeats and realleges each and every response to Paragraphs 1-69 of the Complaint. Barclays avers that the U.C.C. bars FirstBank's claims.

77.     Barclays denies the allegations of Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. Paragraph 78 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the documents incorporated by reference into Paragraph 78 of the Complaint that are inconsistent with their contents. To the extent any pleading is required, Barclays denies the allegations of Paragraph 78 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

79.     Paragraph 79 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 79 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

80.     Paragraph 80 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 80 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

81.     Paragraph 81 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 81 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

82.     Paragraph 82 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 82 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

## FOR A THIRD CLAIM FOR RELIEF
(negligence)

83.     By Order, dated May 3, 2010, the Court dismissed this claim, and therefore no responsive pleading is required to the allegations of Paragraph 83 of the Complaint.

84.     By Order, dated May 3, 2010, the Court dismissed this claim, and therefore no responsive pleading is required to the allegations of Paragraph 84 of the Complaint.

85.     By Order, dated May 3, 2010, the Court dismissed this claim, and therefore no responsive pleading is required to the allegations of Paragraph 85 of the Complaint.

86.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 86 of the Complaint.

87.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 87 of the Complaint.

88.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 88 of the Complaint.

89.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 89 of the Complaint.

90.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 90 of the Complaint.

91.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 91 of the Complaint.

### FOR A FOURTH CLAIM FOR RELIEF
(breach of contract/duty to return)

92.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 92 of the Complaint.

93.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 93 of the Complaint.

94.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 94 of the Complaint.

95.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 95 of the Complaint.

96.    By Order, dated May 3, 2010, the Court dismissed this claim, and

therefore no responsive pleading is required to the allegations of Paragraph 96 of the Complaint.

18

97.    By Order, dated May 3, 2010, the Court dismissed this claim, and therefore no responsive pleading is required to the allegations of Paragraph 97 of the Complaint.

98.    By Order, dated May 3, 2010, the Court dismissed this claim, and therefore no responsive pleading is required to the allegations of Paragraph 98 of the Complaint.

99.    By Order, dated May 3, 2010, the Court dismissed this claim, and therefore no responsive pleading is required to the allegations of Paragraph 99 of the Complaint.

### FOR A FIFTH CLAIM FOR RELIEF
(conversion)

100.    In response to Paragraph 100 of the Complaint, Barclays repeats and realleges each and every response to Paragraphs 1-69 of the Complaint. Barclays avers that the provisions of Part 5 of Article 8 of the U.C.C. bar FirstBank's claims.

101.    Paragraph 101 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the document incorporated by reference into Paragraph 101 of the Complaint that are inconsistent with its contents. To the extent any pleading is required, Barclays denies the allegations of Paragraph 101 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

102.    Paragraph 102 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Barclays denies any characterizations of the document incorporated by reference into Paragraph 102 of the Complaint that are inconsistent with its contents. To the extent any pleading is required, Barclays denies the allegations of Paragraph 102 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

103.    Paragraph 103 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 103 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

104.    Paragraph 104 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 104 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

105.    Paragraph 105 of the Complaint purports to state a conclusion of law as to which no responsive pleading is required. To the extent any pleading is required, Barclays denies the allegations of Paragraph 105 of the Complaint and avers that FirstBank has refused to identify the CUSIP number and par value of each of the securities allegedly comprising the Collateral.

### FOR A SIXTH CLAIM FOR RELIEF
(breach of contract/failure to perform)

106.    By Order, dated May 3, 2010, the Court dismissed this claim, and therefore no responsive pleading is required to the allegations of Paragraph 106 of the Complaint.

107.    By Order, dated May 3, 2010, the Court dismissed this claim, and therefore no responsive pleading is required to the allegations of Paragraph 107 of the Complaint.

108.    By Order, dated May 3, 2010, the Court dismissed this claim, and
therefore no responsive pleading is required to the allegations of Paragraph 108 of the
Complaint.

109.    By Order, dated May 3, 2010, the Court dismissed this claim, and
therefore no responsive pleading is required to the allegations of Paragraph 109 of the
Complaint.

110.    By Order, dated May 3, 2010, the Court dismissed this claim, and
therefore no responsive pleading is required to the allegations of Paragraph 110 of the
Complaint.

111.    By Order, dated May 3, 2010, the Court dismissed this claim, and
therefore no responsive pleading is required to the allegations of Paragraph 111 of the
Complaint.

### First Affirmative Defense

112.    The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

113.    The Sale Order bars all of FirstBank's claims.

### Third Affirmative Defense

114.    Although Barclays believes it is FirstBank's burden to satisfy the terms of
Part 5 of Article 8 of the U.C.C. with respect to any remaining causes of action it asserts, in the
event the Court deems the provisions of Part 5 of Article 8 of the U.C.C. to provide an
affirmative defense rather than set forth the elements of FirstBank's claim as to which it has the
burden of proof, Barclays avers that FirstBank's remaining claims are precluded under Part 5 of
Article 8 of the U.C.C.

21

### Fourth Affirmative Defense

115.    To the extent FirstBank is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

### Fifth Affirmative Defense

116.    FirstBank's claims are barred in whole or in part by the applicable statute of limitations.

### Sixth Affirmative Defense

117.    FirstBank's claims are barred in whole or in part by the doctrine of laches.

### Seventh Affirmative Defense

118.    FirstBank's quasi-contractual claims are barred because they relate to the subject matter of a valid contract.

### Eighth Affirmative Defense

119.    FirstBank's constructive trust claim fails because, under New York law, a constructive trust is merely a remedy upon the successful prosecution of some other cause of action.

### Ninth Affirmative Defense

120.    FirstBank has no cause of action for an accounting against Barclays because it has not alleged a confidential or fiduciary relationship between itself and Barclays.

### Tenth Affirmative Defense

121.    FirstBank's conversion claim fails because FirstBank did not make a proper demand on Barclays.

### Eleventh Affirmative Defense

122.    In the event FirstBank prevails in this action, Barclays will be entitled to a set-off and/or reduction of any damages awarded equal to any distribution to, or recovery by, FirstBank from other sources.

### Twelfth Affirmative Defense

123.    FirstBank assumed the risk in entering into the Swaps Agreement that the securities it deposited as collateral would be rehypothecated or otherwise disposed of or used by Lehman Brothers Special Financing Inc. ("LBSFI").

### Thirteenth Affirmative Defense

124.    FirstBank failed to mitigate its damages by not filing a proof of claim in the bankruptcy proceedings of LBHI and LBSFI.

### Reservation of Rights

125.    Barclays hereby gives notice that it intends to rely upon any other defense or defenses that may become available or appear during pre-trial proceedings, based upon evidence developed in discovery or otherwise, and hereby reserves the right to amend its answer to assert any such defenses.

WHEREFORE, Barclays respectfully requests that the Court enter an order:

(a)     dismissing FirstBank's claims with prejudice;

(b)     awarding Barclays its costs and disbursements, including reasonable

attorneys' fees as permitted by law; and

(c)     granting Barclays such other and further relief as the Court may deem just

and proper.

Dated: New York, New York
       May 25, 2010

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
     Lindsee P. Granfield
     Boaz S. Morag

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Barclays Capital Inc.
