UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

Firstbank Puerto Rico,

                      Plaintiff,

    -against-

Barclays Capital Inc.,

                      Defendant.

------------------------------------- x

09 cv 10317

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 0 7 SEP 2010

GEORGE B. DANIELS, District Judge:

    Plaintiff brings this action seeking the return of securities it posted with Lehman Brothers Special Financing, Inc. to secure certain obligations under an International Swap Dealers Association Master Agreement. After Lehman Brothers declared bankruptcy, Defendant acquired the collateral pursuant to a Sale Order approved by the United States Bankruptcy Court for the Southern District of New York on September 18, 2008. Defendant moves to refer this action to the United States Bankruptcy Court for the Southern District of New York.[1]

    Defendant contends that this action is a core proceeding, in part, because the "construction and enforcement of the Sale Order lie at the very heart" of Plaintiff's claims against Defendant. In the alterative, Plaintiff contends that this action is at least a related proceeding to the Lehman Brothers bankruptcy proceedings. Plaintiff contends that it is not a core proceeding because it is an action under state common law, nor is it related to the Lehman Brothers bankruptcy proceedings.

    "The [Bankruptcy] Code specifies a non-exhaustive list of core proceedings including, inter alia, allowance or disallowance of claims against the estate, determinations of the validity, extent, or priority of liens, orders approving the sale of property, as well as other proceedings affecting the

---

[1] Defendant first filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). In an order dated May 3, 2010, this Court denied the motion as to Plaintiff's unjust enrichment, constructive trust/accounting, and conversion claims. This Court granted the motion as to Plaintiff's negligence and breach of contract claims.

liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." Jam. Shipping Co. v. Orient Shipping Rotterdam, B.V. (In re Millenium Seacarriers, Inc), 458 F.3d 92, 95 (2d Cir. 2008) (quotations omitted). When disputes are based on the rights established in a sale order, it constitutes a core proceeding. See In re Millenium Seacarriers, Inc, 458 F.3d at 95 ("[O]rders approving the sale of property constitute core proceedings."); Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.), 304 F.3d 223, 229-30 (2d Cir. 2002) (finding that the action was a core proceeding because (1) the dispute between the non-debtor parties was based on rights established by the sale order, (2) orders approving the sale of property were core bankruptcy proceedings and (3) many of the rights associated with the property were established as part of the bankruptcy proceedings).

In this case, the Bankruptcy Court's Sale Order ostensibly transferred the collateral at issue from Lehman to Barclays Capital, Inc. Any right Defendant would have to the collateral would be established pursuant to the Sale Order. Moreover, any remaining rights that Plaintiff has in the collateral would need to be determined by analyzing the affect of the Bankruptcy Court's Sale Order.

The dispute in this case is a core proceeding and is referred to the Bankruptcy Court for the Southern District of New York.[2]

Dated: September 7, 2010
    New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge

---

[2] Even if this were not determined to be a core proceeding, it is sufficiently related to the Lehman Brothers bankruptcy proceedings to warrant referral to the Bankruptcy Court of the Southern District of New York.