WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                                   :
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    08-13555 (JMP)
                                                   :
                     Debtors.                      :    (Jointly Administered)
                                                   :
------------------------------------------------------------------x
```

**DECLARATION OF SHAI Y. WAISMAN IN SUPPORT**
**OF ORDER TO SHOW CAUSE TO SHORTEN NOTICE PERIOD FOR**
**CONSIDERATION OF THE DEBTORS' MOTION PURSUANT TO SECTIONS 105**
**AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE 6004 AND 9019 FOR AUTHORIZATION TO MODIFY CERTAIN**
**TERMS OF THE RESTRUCTURING OF THE ARCHSTONE CREDIT FACILITIES**

I, Shai Y. Waisman, being fully sworn, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney admitted to practice before this Court and a partner of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc., Lehman Commercial Paper Inc. ("LCPI"), Luxembourg Residential Properties Loan Finance S.a.r.l. ("Luxco") and their affiliated debtors and their affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"). Unless otherwise indicated, I have knowledge of the facts set forth herein from various employees of the Debtors and from the Debtors' professionals.

2. I submit this declaration in support of the Order to Show Cause ("Order to Show Cause") in connection with the Debtors' motion, dated November 2, 2010 (the "Motion") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval to modify certain terms of a restructuring (the "Restructuring") of certain credit facilities extended to Archstone-Smith Trust and its affiliates (collectively, "Archstone"), all as more fully described in the Motion.

3. Pursuant to the procedures set forth in the amended order entered on amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], the Motion requires at least twenty-one days' notice. The Debtors are requesting an order shortening, by six days, the notice period ordinarily required and setting the date of November 17, 2010 for the hearing on the Motion.

**The Need for Shortened Notice with Respect to the Motion**

4. Pursuant to the Motion the Debtors seek to make certain modifications to the terms of a restructuring (the "Restructuring"), previously approved by the Court, of the investments made in Archstone by LCPI, Luxco and certain co-lenders that consisted of certain term loans, revolving loans, a development loan and mezzanine loans (the "Financing"). Since entry of the order approving the Restructuring, the Debtors have made significant progress toward finalizing the Restructuring for the benefit of their estates. As a result of further negotiations, the Debtors wish to modify certain terms of the Restructuring: principally, the conversion of additional preexisting debt in Archstone to a class of new equity interests entitled to a preferred return. The Restructuring, as modified, is intended to further improve Archstone's cash flow and liquidity on a long term basis for the benefit of the Debtors, who, in addition to the

Financing, indirectly hold beneficial interests in the common equity of Archstone.  The Debtors believe that the Restructuring, as modified, is the best solution to further stabilize Archstone's balance sheet, further minimize the need for additional owner capital infusions and further preserve the Debtors and their affiliates' substantial investment in Archstone and its business.

5. Cause exists to shorten the notice period ordinarily required for the Motion.  Financing commitments were provided to certain of Archstone's subsidiaries through loan facilities made by third-party lenders.  If the transactions contemplated by the Restructuring are not consummated prior to November 30, 2010, Archstone may face uncertainty regarding the interest rate payable by Archstone under such third-party financing and/or hedging costs with respect to such third-party financing, a substantial portion of which would have to be funded by the Debtors and their affiliates.  Moreover, the Restructuring was approved by the Court on May 25, 2010, and the proposed modifications are immaterial in the context of the overall value of the transaction and are beneficial to the Debtors.  As a result, the Debtors believe it is in the best interests of their estates for the Debtors to be in a position to approve and consummate the Restructuring, as modified by the terms set forth in the Motion, prior to November 30, 2010 so that Archstone is in a position to consummate the Restructuring and thereby avoid the potential for such hedging costs and interest rate uncertainty.  The Debtors understand that November 17, 2010 is the latest date that the Court is available to hear the Motion prior to November 30, 2010.

6. The Debtors had hoped to consummate the Restructuring without the need for seeking further Court approval.  However, due to the complexity of the Restructuring and the numerous parties involved, in recent days it became necessary to modify certain of its terms.  Once it became necessary to modify the Restructuring, the Debtors intended to file the Motion

with the Court during the regular notice period; however, such complexities and further negotiations unexpectedly delayed the Debtors in their filing.

7. Accordingly, the Debtors request that the Court enter the Order to Show Cause to proceed to shorten the notice period for the motion by six days, so the hearing on the Motion can be held on November 17, 2010 at 10:00 a.m. (prevailing Eastern Time), with objections and responses, if any, to be received by November 15, 2010 at 5:00 p.m. (prevailing Eastern Time).

Dated: November 2, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession