# BB&T Investments

*Member NASD & SIPC*

200 South College St., 8th Floor
Charlotte, NC 28202
Client Services: (800) 453-7348

10-22-10

The Honorable James M. Peck
One Bowling Green
New York, NY 10004

RE: Courtroom 601

In response to The Chapter 11 Case No. 08-13555(JMP)
United States Bankruptcy Court, Southern District of New York
In Re: Lehman Brothers Holdings Inc., et al., Debtors
Creditor Names & Address:

Warren, Carolyn J. IRA
3680 W. Hwy. 635
Science Hill, KY 42553-9030  Claim No.: 8184
Notice of Hearing on Debtors' Fifty-Eighth Omnibus Objection To Claims (No Supporting Documentations Claims)

We are opposing the Objection that all documentation or other evidence of the claim was not submitted by reasons of enclosed documentation:

Please note the proof of documentation showing ownership of the Lehman Bros Hldgs Inc Lehman Nts. Mtn Int. Rate 7.25% Bond: cusip#52519F-FM-8 bought 04-24-2008 as shown on the enclosed Confirmation. Also, refer to enclosed BB&T Investments 09-30-2010, showing ownership of the above bond holding in the IRA Carolyn J. Warren account. Also, enclosed a copy of the original Proof of Claim signed 10-06-2008 with copy of the certified mail Return Receipt for Merchandise dated 08-13-2009.

Person possessing ultimate authority to reconcile, settle, or otherwise resolve the above claim:

Carolyn J. Warren, IRA
3680 W. Hwy. 635
Science Hill, KY 42553-9030
606-423-3959

If any further information is required, please contact me, Carolyn J. Warren @ 606-423-3959.

Sincerely,

*Carolyn J. Warren*
Carolyn J. Warren
IRA Account Owner

Enclosures



RECEIVED
OCT 28 2010
U.S. BANKRUPTCY COURT, SDNY
JMP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re                                                      :    Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,                   :    08-13555 (JMP)

Debtors.                                                   :    (Jointly Administered)

:

-----------------------------------------------------------x

LBH OMNI58 10-13-2010 (MERGE2,TXNUM2) 4000054897 MAIL ID *** 0035611700 *** BSIUSE: 237
WARREN, CAROLYN J. IRA
3680 W. HWY 635
SCIENCE HILL, KY 42553-9030

**THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIK ENCARNACION, ESQ., AT 214-746-7700.

**NOTICE OF HEARING ON DEBTORS' FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)**

| CLAIM TO BE DISALLOWED & EXPUNGED ||
|---|---|
| **Creditor Name and Address:**<br>WARREN, CAROLYN J. IRA<br>3680 W. HWY 635<br>SCIENCE HILL, KY 42553-9030 | **Claim Number:** 8184 |
| | **Date Filed:** 8/13/2009 |
| | **Debtor:** No Case |
| | **Classification and Amount:** SECURED: $ 100,000.00 |

PLEASE TAKE NOTICE that, on October 13, 2010, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their Fifty-Eighth Omnibus Objection to Claims (No Supporting Documentation Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that said claim violates the Bankruptcy Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as it does not include supporting documentation or an explanation as to why such documentation is unavailable. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.

If you do NOT oppose the disallowance, expungement, reduction or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on November 15, 2010 (the "Response Deadline").

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on December 1, 2010 to consider the Objection. The hearing will be held at 10:00 a.m. Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce or reclassify your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

**If you have any questions about this notice or the Objection, please contact Debtors' counsel Erik Encarnacion, Esq., at 214-746-7700. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

DATED: October 13, 2010
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :    08-13555 (JMP)
                                                             :
                        Debtors.                             :    (Jointly Administered)
                                                             :
-------------------------------------------------------------X

LBH OMNI58 10-13-2010 (MERGE2,TXNUM2) 4000054897 MAIL ID *** 0035611700 *** BSIUSE: 237

WARREN, CAROLYN J. IRA
3680 W. HWY 635
SCIENCE HILL, KY 42553-9030

**THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIK ENCARNACION, ESQ., AT 214-746-7700.**

**NOTICE OF HEARING ON DEBTORS' FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)**

| CLAIM TO BE DISALLOWED & EXPUNGED ||
|---|---|
| Creditor Name and Address:<br>WARREN, CAROLYN J. IRA<br>3680 W. HWY 635<br>SCIENCE HILL, KY 42553-9030 | Claim Number: 8184<br>Date Filed: 8/13/2009<br>Debtor: No Case<br>Classification and Amount: SECURED: $ 100,000.00 |

PLEASE TAKE NOTICE that, on October 13, 2010, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their Fifty-Eighth Omnibus Objection to Claims (No Supporting Documentation Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that said claim violates the Bankruptcy Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as it does not include supporting documentation or an explanation as to why such documentation is unavailable. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.

If you do NOT oppose the disallowance, expungement, reduction or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on November 15, 2010 (the "Response Deadline").

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

Name of Debtor: Lehman Brothers, Inc. (SIPA Proceeding)
Case Number:

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
IRA F/B/O Carolyn J. Warren

Name and address where notices should be sent:
Carolyn J. Warren
3680 W. Hwy 635
Science Hill, Ky 42553-9030

Telephone number: 606-423-3959

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
SAA

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $100,000.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Registered Bond #52519F-FM-8
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** Cusip# 52519F-FM-8
   3a. Debtor may have scheduled account as: 4VQ-182914  SS# 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
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☒ Other SR. Bond
Describe:

Value of Property: $100,000  Annual Interest Rate: 7.25%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 10-6-2008

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Carolyn J. Warren

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

**_DEFINITIONS_**

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**_INFORMATION_**

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

# Holdings - Valuation Detail

**Account #:** V9182914

Printer Friendly Report
Account Category: DLJI
IRA FBO CAROLYN J WARREN
HLDPROC, HSTNM, SWP, FIFO

As of 10/03/2008

**Base Currency:** USD
**Security Information**
**Security Description:** LEHMAN BROS HLDGS INC LEHMAN NTS MTN INT RATE 7.250% MATURITY 04/29/2038 DATED 04/29/2008 BOOK ENTRY ONLY CALLABLE 04/29/11 @ 100.000 SEC. DFT(INT ONLY) 1ST CPN DTE 10/29/08CPN PMT SEMI ANNUAL ON APR 29 AND OCT 29MOODY RATING B3 S & P RATING D

| | | | |
|---|---|---|---|
| **CUSIP:** | 52519FFM8 | **Security Payment:** | CURRENTLY IN DEFAULT-INCOME |
| **Asset Type:** | MEDIUM TERM NOTE | **Market:** | NASD OTC |
| **Asset Class:** | CORPORATE BOND | **Account Type:** | CASH |
| **Last Activity Date:** | 04/29/2008 | | |

**Memo**

As of 10/03/2008

| | | | |
|---|---|---|---|
| **Trade Date Quantity:** | 100000 | **Settlement Date Quantity:** | 100000 |
| **Segregation Quantity:** | 100000 | **Pending Transfer:** | 0.00 |
| **Reorganization:** | 0.00 | **Legal Transfer:** | 0.00 |
| **Pending Paper:** | 0.00 | **Safe Keeping:** | 0.00 |
| **Transfer:** | 0.00 | **Pending Distribution:** | 0 |
| **Non-negotiable in Transit:** | 0.00 | **Unsettled Trade:** | 0.00 |
| **Position Held:** | USD | **Loan Qty:** | N/A |
| **Loan Value USDE):** | N/A | | |

**Dividends & Capital Gains**
**Long-Term Capital Gain:**
**Short-Term Capital Gain:**

**Dividend:**

**Money**

As of 10/03/2008

| | Amount (USD) | Base Amount (USD) |
|---|---|---|
| **Market Value:** | 14,750.00 | 14,750.00 |
| **Pending Market Value:** | 0.00 | 0.00 |
| **Trade Date Liquidation Value:** | 14,750.00 | 14,750.00 |
| **Settlement Date Liquidation Value:** | 14,750.00 | 14,750.00 |
| **Fed Requirements:** | 14,750.00 | 14,750.00 |
| **House Requirements:** | 14,750.00 | 14,750.00 |



**BB&T Investments**
200 S. College St
Charlotte, NC 28202
1-800-453-7348

# CONFIRMATION

MAIL TO:

IRA FBO    CAROLYN J WARREN
PERSHING LLC AS CUSTODIAN
3680 W HWY 635
SCIENCE HI KY 42553-9030

FOR THE ACCOUNT OF:

IRA FBO    CAROLYN J WARREN
PERSHING LLC AS CUSTODIAN
3680 W HWY 635
SCIENCE HI KY 42553-9030

ACCOUNT NUMBER:    4V9-182914
ACCOUNT TYPE:      1

YOUR ACCOUNT EXECUTIVE:

A.E. NUMBER:       568

YOU BOUGHT:

LEHMAN BROS HLDGS INC LEHMAN NTS MTN
INT RATE  7.250% MATURITY  04/29/2038 DATED 04/29/2008
REGISTERED BOND CALLABLE 04/29/11 @ 100.000
1ST CPN DTE 10/29/08 CPN PMT SEMI ANNUAL ON APR 29 AND OCT 29
MOODY RATING A1 S & P RATING A+

TRADE DATE:        04-24-08
PROCESS DATE:      04-24-08
SETTLEMENT DATE:   04-29-08
CUSIP NUMBER:      52519F-FM-8

WE CONFIRM THE BELOW TRADE

| TRADE NUMBER | QUANTITY | PRICE | | | | NET AMOUNT USD | MKT/CPTY |
|---|---|---|---|---|---|---|---|
| Y57346 | 100,000 | 100.00 | | | | 100,000.00 | 4/5 |
| TS 4/22 13:42 | | S. RAMSEY | | | | | |
| YIELD | 7.250% TO | PAR CALL | | | | | |

THIS CONFIRMATION

INVESTMENT PRODUCTS OFFERED THROUGH BB&T ...                    ...T DEPOSITS
OR OTHER OBLIGATIONS OF BRANCH BANKING AND ...                  ...G AND TRUST
COMPANY; AND ARE SUBJECT TO INVESTMENT RISK...                  ..., SIPC.

*[handwritten note: Please make copies for 4 sets to send to 4 different addresses. Thks, Lisa]*

| TOTALS | 100,000 | | 100,000.00 | | | | 100,000.00 |

THIS CONFIRMATION IS AN ADVICE NOT AN INVOICE. REMITTANCE OR SECURITIES ARE DUE ON OR BEFORE SETTLEMENT DATE.

SEE TERMS AND CONDITIONS AND EXPLANATION OF CODED SYMBOLS RELATING TO THIS CONFIRMATION. ON OTHER THAN ROUND LOTS (NORMALLY 100 SHARES) IF DIF APPEARS ABOVE AN ODD-LOT DIFFERENTIAL HAS BEEN CHARGED IN CONNECTION WITH THIS TRANSACTION.THE AMOUNT OF SUCH DIFFERENTIAL WILL BE FURNISHED UPON REQUEST. CLEARING THROUGH PERSHING LLC, A SUBSIDIARY OF THE BANK OF NEW YORK MELLON CORPORATION. MEMBER FINRA, NYSE, SIPC. ONE PERSHING PLAZA, JERSEY CITY, NJ 07399

## TERMS AND CONDITIONS

Securities purchased on a cash or margin basis are or may be hypothecated under circumstances which will permit the commingling thereof with securities carried for other customers, but such securities, if hypothecated, will be withdrawn from hypothecation as soon as practicable after receipt of payment therefor.

If this transaction is a purchase by you in a cash account and sufficient funds are not already in your account with us, it is agreed that you will make full payment for the securities described on this confirmation promptly and not later than settlement date, or at such earlier time payment may be demanded in accordance with the terms of this transaction and that you do not contemplate sale of such securities prior to making such payment. If this transaction is a sale by you in a cash account and the securities described on this confirmation are not already held in your account with us, we are acting upon your representation that you or your principal own such securities, and it is agreed that you will promptly and not later than settlement date deposit such securities with us. If full payment for the securities purchased by you in this transaction is not received by us, or if securities sold by you in this transaction are not delivered to us in proper form on or after the first trading day after settlement date, we may at our option cancel or otherwise liquidate this transaction without notice to you, and you will be liable to us for any resulting loss, including, without limitation, all expenses, attorney's fees and other costs incurred by us and interest thereon.

If this transaction is a purchase by you in a margin account it is agreed that sufficient cash or acceptable collateral will be deposited on or before settlement date, or at such earlier time payment may be demanded to satisfy applicable margin requirements.

Provisions of agreements and contracts shall inure to any successor of your introducing firm or Pershing LLC ("Pershing").

It is understood and agreed that all transactions are subject to the rules and customs of the exchange or market (and its clearing house, if any) where they are executed. The name of the other broker or party and the time of execution will be furnished on request.

**YOUR INTRODUCING BROKER DOES NOT RECEIVE COMPENSATION FOR DIRECTING ORDER FLOW IN EQUITY SECURITIES. PERSHING RECEIVES COMPENSATION FOR DIRECTING ORDER FLOW IN CERTAIN EQUITY SECURITIES AND LISTED OPTIONS. THE SOURCE AND NATURE OF THE COMPENSATION, IF ANY, RECEIVED IN CONNECTION WITH THIS TRADE WILL BE FURNISHED UPON WRITTEN REQUEST TO PERSHING.**

In those transactions where it is indicated that Pershing or an affiliated company acted in the capacity of principal (as marketmaker or specialist), it fills orders at the inside market without mark-up or down, and charges for its services.

Commission rates are subject to negotiation, and any commission charged to you in this transaction may be more or less than commissions charged to or by others in similar transactions. The source and amount of other commissions received in connection with this transaction will be furnished on request.

Call features may exist for securities. Call features for fixed income securities may affect yield. Complete information will be provided upon request.

The ratings that appear in the description of some fixed income securities have been obtained from rating services which Pershing believes to be reliable; however, Pershing cannot guarantee their accuracy. Securities for which a rating is not available are marked "UNRATED".

If this transaction involves an asset-backed security, including a municipal collateralized mortgage obligation, which represents an interest in or is secured by a pool of receivables or other financial assets that are subject continuously to prepayment, then the actual yield of such security may vary according to the rate at which the underlying receivables or other financial assets are prepaid. Information concerning the factors that affect yield (including at a minimum estimated yield, weighted average life, and the prepayment assumptions of underlying yield) will be furnished upon your written request.

## EXPLANATION OF CODED SYMBOLS

**Type of Account**

0. Deliver/Receive vs. Payment
1. Cash Account
2. Margin Account
3. Short Account
4. Special Subscription Account
5. Arbitrage Account

8. Non Securities Credit Account- reflects the purchase or sale of Precious Metals which are not securities and are therefore not eligible for protection by the Securities Investor Protection Corporation (SIPC) or for any excess SIPC coverage

**Market**

1. New York Stock Exchange
2. American Stock Exchange
3. Philadelphia Stock Exchange
4. or 8. Over the Counter
5. Boston Stock Exchange
6. Chicago Stock Exchange

7. Chicago Board Options Exchange
9. NYSE ARCA Exchange
C. National Stock Exchange
N. NASDAQ Exchange
I. International Securities Exchange

**Capacity in Which Your Introducing Firm Acted**

1, 2, 3, or 8,.......as broker only.
4. ....... reprinted confirmation; capacity appears on original
5. or 6. ....... as principal.
9. ....... as agent for the buyer and seller, charging you a commission as shown on this confirmation
0. ....... average price or block transaction.

**Additional Market/Capacity Information**

For trades in which the Market is indicated as other than 4 and the Capacity is indicated as 5 (Principal), Pershing or an affiliated company acted as Principal (pursuant to applicable SEC and stock exchange rules), and your introducing firm (if any) acted as agent.

If so noted on this Confirmation, Pershing or an affiliated company makes a market in this security and acted as principal in buying from or selling to you. Your introducing firm (if any) acted as your agent, charging you a commission for the service.

If average price transaction is indicated on this confirmation your introducing firm or Pershing or an affiliated company may have acted as principal, agent or both or agent for another party on one or more exchanges. Details available through your introducing firm.

PLEASE REPORT ANY ERROR, OMISSION OR EXCEPTION IMMEDIATELY TO YOUR INTRODUCING FIRM AT THE ADDRESS SHOWN ON THIS CONFIRMATION

When Pershing LLC receives a non-directed order from an introducing firm or customer for execution on your behalf and executes that order in accordance with Pershing's best execution policy, Pershing may execute that order itself as a market maker or send that order for execution to an exchange or other off exchange venue.

Details concerning the type of order, venue, date, time of execution as stated in Coordinated Universal Time (UTC), and Multiple Executions are available upon your written request to:

Pershing Best Execution Steering Committee
Pershing LLC
One Pershing Plaza, 6th Floor
Jersey City New Jersey 07399



# BB&T Investments

200 S. College St.
Charlotte, NC 28202
1-800-453-7348

IRA FBO  CAROLYN J WARREN
PERSHING LLC AS CUSTODIAN
3680 W HWY 635
SCIENCE HI KY 42553-9030

**Your Investment Counselor:**
SUSAN RAMSEY

## Individual Retirement Account Statement

Account Number: 4V9-182914
Statement Period: 09/01/2010 - 09/30/2010

### Valuation at a Glance

| | This Period |
|---|---|
| Beginning Account Value | $301,368.25 |
| Cash Withdrawals | -2,000.00 |
| Dividends/Interest | 187.60 |
| Fees | -0.75 |
| Change in Account Value | 969.58 |
| **Ending Account Value** | **$300,524.68** |
| Estimated Annual Income | $14,679.51 |

### Asset Allocation

| | Last Period | This Period | % Allocation |
|---|---|---|---|
| Cash, Money Funds, and FDIC Deposits | 12,967.49 | 11,154.34 | 4% |
| Fixed Income | 288,400.76 | 289,370.34 | 96% |
| **Account Total (Pie Chart)** | **$301,368.25** | **$300,524.68** | **100%** |

Asset Allocation percentages are rounded to the nearest whole percentage.
Pie Chart allocation excludes all asset classes which net to a liability.

PAR-02-ROLL

B00648670SF30031

▶ go paperless
Ask about e-delivery

#1 Brokerage Statement,
2009, 2010
DALBAR RATED
FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC

Page 1 of 9

## For Your Information

**IMPORTANT - KEEP FOR TAX PURPOSES    •    Please notify the Bank of any change of address by visiting a branch or by notifying BB&T by calling 1-800-226-5228.**

Securities, mutual funds, annuities and other non-deposit investment products are not deposits or other obligations of Branch Banking and Trust Company or any affiliate; are not FDIC-insured; are not insured against loss of value by any governmental agency; and are subject to investment risk, including possible loss of principal amount invested.

The checking and FDIC insured, interest bearing accounts are deposit account at Branch Banking and Trust Company or one of its affiliated banks, each a member FDIC. Brokerage services are provided by BB&T. Investment Services, Inc. Brokerage accounts are cleared through Pershing LLC.

Please notify BB&T Investment Services, Inc. of any address changes or updates by calling 1-800-453-7348, option 3. If your new mailing address is a P.O. Box, we will also need a physical street address for our records. Thank you.

## Customer Service Information

Your Investment Counselor: 568

SUSAN RAMSEY
200 S COLLEGE ST 8TH FL
CHARLOTTE NC 28202-2067

### Customer Service Information

Service Hours: Monday  -  Friday    08:00 a.m. - 05:30 p.m.(EST)
Customer Service Telephone Number: (800) 453-7348
Web Site: www.bbandt.com/investments

Prior Year-End Fair Market Value: $293,347.98 will be furnished to the Internal Revenue Service.

## Transactions by Type of Activity

### Cash Withdrawals and Deposits

| Process/ Settlement Date | Activity Type | Description | Quantity | Price | Accrued Interest | Amount | ccy |
|---|---|---|---|---|---|---|---|
| 09/20/10 | SUBSTANTIALLY EQUAL SERIES DISTRIBUTION | PRINCIPAL DISTRIBTN ACH 042174486 5183551118 | | | | -1,800.00 | USD |
| **Total Cash Withdrawals and Deposits** | | | | | $0.00 | -$1,800.00 | |

### Fees

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 09/10/10 | PAPER SURCHARGE - STATEMENTS | Statement Paper Surcharge IBD 4V9 JUNE 2010 STMT FEE | | | | -0.25 | USD |
| 09/10/10 | PAPER SURCHARGE - STATEMENTS | Statement Paper Surcharge IBD 4V9 JULY 2010 STMT FEE | | | | -0.25 | USD |
| 09/10/10 | PAPER SURCHARGE - STATEMENTS | Statement Paper Surcharge IBD 4V9 AUG 2010 STMT FEE | | | | -0.25 | USD |
| **Total Fees** | | | | | $0.00 | -$0.75 | |

Account Number: 4V9-182914
IRA FBO   CAROLYN J WARREN

Page 2 of 9

B0064867C52-0031    PAR-02-ROLL    go paperless Ask about e-delivery    #1 Brokerage Statement, 2009, 2010 DALBAR RATED FOR COMMUNICATION    Clearing through Pershing LLC, a subsidiary of The Bank of New York Mellon Corporation Pershing LLC, member FINRA, NYSE, SIPC

**BB&T Investments**
200 S. College St.
Charlotte, NC 28202
1-800-453-7348

## Individual Retirement Account Statement

Statement Period: 09/01/2010 - 09/30/2010

### Transactions by Type of Activity (continued)

#### Dividends and Interest

| Process/Settlement Date | Activity Type | Description | Quantity | Price | Amount | CCY |
|---|---|---|---|---|---|---|
| 09/15/10 | BOND INTEREST RECEIVED | 50000 FEDERAL HOME LN MTG CORP FREDDIE NTS FIXED RATE 4.500% 02/15/25 B/E DTD 01/14/10 CLB RD 09/14 PD 09/15/10 | | | 187.50 | USD |
| 09/30/10 | MONEY MARKET FUND INCOME RECEIVED | BB&T US TREAS CL A | | | 0.10 | USD |

**Total Dividends and Interest**     $187.60

#### Taxes Withheld

| Date | Activity Type | Description | | | Amount | Accrued Interest |
|---|---|---|---|---|---|---|
| 09/20/10 | FEDERAL TAX WITHHELD SUBSTANTIALLY EQUAL SERIES DISTRIBUTION | FED W/H TAX | | | -200.00 | |

**Total Taxes Withheld**     -$200.00

**Total Value of all Transactions**     $0.00     -$1,813.15

*The price and quantity displayed may have been rounded.*

### Money Market Fund Detail

#### Sweep Money Market Fund

**BB&T US TREASURY CLASS A**
Account Number: 000015329  Current Yield: 0.01%  Activity Ending: 09/30/10

| Date | Activity Type | Description | Amount | Balance |
|---|---|---|---|---|
| 09/01/10 | Opening Balance | | 12,967.49 | 12,967.49 |
| 09/10/10 | Withdrawal | MONEY FUND REDEMPTION | -0.75 | 12,966.74 |
| 09/16/10 | Deposit | MONEY FUND PURCHASE | 187.50 | 13,154.24 |
| 09/20/10 | Withdrawal | MONEY FUND REDEMPTION | -2,000.00 | 11,154.24 |
| 09/30/10 | Deposit | INCOME REINVEST | 0.10 | 11,154.34 |
| 09/30/10 | Closing Balance | | | 11,154.34 |

**Total All Money Market Funds**     $11,154.34

B00648670SF0031  PAR-02-HOLL
Account Number: 4V9-182914
IRA FBO  CAROLYN J WARREN
go paperless — Ask about e-delivery
#1 Brokerage Statement, 2009, 2010 DALBAR RATED FOR COMMUNICATION
Clearing through Pershing LLC, a subsidiary of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC
Page 3 of 9

## Portfolio Holdings

### Cash, Money Funds, and FDIC Deposits  4.00% of Portfolio

| Quantity | | Opening Date | Account Number | Activity Ending | Opening Balance | Closing Balance | Accrued Income | Income This Year | 30-Day Yield | Current Yield |
|---|---|---|---|---|---|---|---|---|---|---|
| Money Market | | | | | | | | | | |
| BB&T US TREASURY CLASS A | | | | | | | | | | |
| 11,154.340 | | 09/01/10 | 000015329 | 09/30/10 | 12,967.49 | 11,154.34 | 0.00 | 8.01 | 0.01% | 0.01% |
| Total Money Market | | | | | $12,967.49 | $11,154.34 | $0.00 | $8.01 | | |
| **Total Cash, Money Funds, and FDIC Deposits** | | | | | **$12,967.49** | **$11,154.34** | **$0.00** | **$8.01** | | |

### Fixed Income 96.00% of Portfolio *(in CUSIP Sequence)*

| Quantity | Acquisition Date | Unit Cost | Adjusted Cost Basis | Market Price | Market Value | Unrealized Gain/Loss | Accrued Interest | Estimated Annual Income | Estimated Yield |
|---|---|---|---|---|---|---|---|---|---|
| U.S. Government Bonds | | | | | | | | | |
| FEDERAL HOME LN MTG CORP FREDDIE NTS FIXED RATE 4.500% 02/15/25 B/E DTD 01/14/10 CALLABLE 01/15/13 @ 100.000 1ST CPN DTE 02/15/10 CPN PMT MONTHLY ON 15 *Security Identifier: 3133F4NK4* | | | | | | | | | |
| 50,000 Moody Rating AAA S & P Rating AAA | 01/11/10 | 100.0000 | 50,000.00 | 103.9320 | 51,966.00 | 1,966.00 | 93.75 | 2,250.00 | 4.32% |
| Original Cost Basis: 50,000.00 | | | | | | | | | |
| **Total U.S. Government Bonds** | | | **$50,000.00** | | **$51,966.00** | **$1,966.00** | **$93.75** | **$2,250.00** | |
| Municipal Bonds | | | | | | | | | |
| CONNELLSVILLE PA AREA SCH DIST BUILD AMER BDS-ISSUER SUBSIDY 6.322% 08/15/33 B/E DTD 12/01/09 CALLABLE 08/15/19 @ 100.000 1ST CPN DTE 02/15/10 CPN PMT SEMI ANNUAL ON FEB 15 AND AUG 15 ***TAXABLE*** *Security Identifier: 207893NK8* | | | | | | | | | |
| 75,000 Moody Rating AA3 S & P Rating AAA | 12/28/09 | 101.3760 | 75,971.58 | 103.6080 | 77,706.00 | 1,734.42 | 592.69 | 4,741.50 | 6.10% |
| Original Cost Basis: 76,032.00 | | | | | | | | | |
| **Total Municipal Bonds** | | | **$75,971.58** | | **$77,706.00** | **$1,734.42** | **$592.69** | **$4,741.50** | |
| Corporate Bonds | | | | | | | | | |
| GENERAL ELEC CAP CORP INTERNOTES INTERNOTES 6.000% 02/15/17 B/E DTD 02/12/09 1ST CPN DTE 08/15/09 CPN PMT SEMI ANNUAL ON FEB 15 AND AUG 15 *Security Identifier: 36966R2W5* | | | | | | | | | |
| 53,000 Moody Rating AA2 S & P Rating AA+ | 02/09/09 | 100.0000 | 53,000.00 | 111.0030 | 58,831.59 | 5,831.59 | 397.50 | 3,180.00 | 5.40% |

# BB&T Investments

200 S. College St.
Charlotte, NC 28202
1-800-453-7348

## Individual Retirement Account Statement

Statement Period: 09/01/2010 - 09/30/2010

## Portfolio Holdings (continued)

### Fixed Income (continued)

**Corporate Bonds** (continued)

| Quantity | Acquisition Date | Unit Cost | Adjusted Cost Basis | Market Price | Market Value | Unrealized Gain/Loss | Accrued Interest | Estimated Annual Income | Estimated Yield |
|---|---|---|---|---|---|---|---|---|---|
| GENELEC CAP CORP INTERNOTES Original Cost Basis: 53,000.00 | | | | | | | | | |
| HSBC FIN CORP HSBC FIN INTERNOTES INTERNOTES 6.000% 04/15/12 B/E DTD 10/02/08 1ST CPN DTE 01/15/09 CPN PMT QUARTERLY ON J,A,J,O 15 Moody Rating A3 S & P Rating A 75,000.000 Original Cost Basis: 75,000.00 Security Identifier: 40429XVN3 | 09/29/08 | 100.0000 | 75,000.00 | 104.9890 | 78,741.75 | 3,741.75 | 937.50 | 4,500.00 | 5.71% |
| LEHMAN BROS HLDGS INC LEHMAN NTS SER D 7.250% 04/29/38 B/E DTD 04/29/08 CALLABLE 4/29/11 @ 100.000 SECURITY IN DEFAULT 1ST CPN DTE 10/29/08 CPN PMT SEMI ANNUAL ON APR 29 AND OCT 29 100,000.000 Original Cost Basis: 100,000.00 Security Identifier: 52519FFM8 | 04/24/08 | 100.0000 | 100,000.00 | 22.1250 | 22,125.00 | -77,875.00 | 0.00 | | |
| **Total Corporate Bonds** 228,000.0 | | | **$228,000.00** | | **$159,698.34** | **-$68,301.66** | **$1,335.00** | **$7,680.00** | |
| **Total Fixed Income** 353,000.0 | | | **$353,971.58** | | **$289,370.34** | **-$64,601.24** | **$2,021.44** | **$14,671.50** | |

| | Cost Basis | Market Value | Unrealized Gain/Loss | Accrued Interest | Estimated Annual Income |
|---|---|---|---|---|---|
| **Total Portfolio Holdings** | **$365,125.92** | **$300,524.68** | **-$64,601.24** | **$2,021.44** | **$14,679.51** |

**Disclosures and Other Information**

**Pricing** - Securities prices may vary from actual liquidation value. Prices shown should only be used as a general guide to portfolio value. Prices are received from various pricing services. However, pricing sources believed to be reliable. In the event, one or more of these attributes is changed, there may be a temporary incorrect adjusted cost basis reflected until the portfolio system is amended to reflect this change. These calculations will not be performed under certain circumstances, including those involving continuously callable bonds, foreign bonds, variable rates, bonds in default, index-linked bonds, bonds sold short or bonds that have a negative yield. This information is meant as a general guide and you should consult your tax advisor in the preparation of your tax returns.

**Cost Basis** on fixed income securities is adjusted for amortization, accretion or principal paydowns. The method of calculation is based upon the type of fixed income security and certain attributes, obtained from

B006486705R0031    PAR-02-ROLL    Account Number: 4V9-182914   IRA FBO  CAROLYN J WARREN   go paperless Ask about e-delivery    #1 Brokerage Statement, 2009, 2010 DALBAR RATED FOR COMMUNICATION    Clearing through Pershing LLC, a subsidiary of The Bank of New York Mellon Corporation Pershing LLC, member FINRA, NYSE, SIPC

## Portfolio Holdings *(continued)*

services are sometimes unable to provide timely information. Where pricing sources are not readily available, particularly on certain debt securities, estimated prices may be generated by a matrix system taking various factors into consideration. The pricing of listed options takes into account the last closing price, as well as the current bid and offer prices. Where securities have not been priced, such securities have not been included in the Asset Allocation information at the beginning of this statement.

The Estimated Price as of Date only appears when the price date does not equal the statement date.

Reinvestment - The dollar amount of Mutual Fund distributions, Money Market Fund dividend income, Bank Deposit interest income, or dividends for other securities shown on your Statement may have been reinvested. You will not receive confirmation of these reinvestments. However, information pertaining to these transactions which would otherwise appear on confirmations, including the time of execution and the name of the person from whom your security was purchased, will be furnished to you upon written request to your introducing firm. In dividend reinvestment transactions, Pershing acts as your agent and receives payment for order flow, the source and nature of which payment will be furnished to you upon written request to your introducing firm.

Option Disclosure - Information with respect to commissions and other charges incurred in connection with the execution of option transactions has been included in confirmations previously furnished to you. A summary of this information is available to you promptly upon your written request directed to your introducing firm. In order to assist your introducing firm in maintaining current background and financial information concerning your option accounts, please promptly advise them in writing of any material change in your investment objectives or financial situation. Expiring options which are valuable are exercised automatically pursuant to the exercise by exception procedure of the Options Clearing Corporation. Additional information regarding this procedure is available upon written request to your introducing firm.

Foreign Currency Transactions - Pershing may execute foreign currency transactions as principal for your account. Pershing may automatically convert foreign currency to or from U.S. dollars for dividends and similar corporate action transactions unless you instruct your financial organization otherwise. Pershing's currency conversion rate will not exceed the highest interbank conversion rate identified from customary banking sources on the conversion date or the prior business day, increased by up to 1%, unless a particular rate is required by applicable law. Your financial organization may also increase the currency conversion rate. This conversion rate may differ from rates in effect on the date you executed a transaction, incurred a charge, or received a credit. Transactions converted by agents (such as depositories) will be billed at the rates such agents use.

Proxy Vote - Securities held by you on margin (securities not fully paid for by you) may be lent by Pershing to itself or others in accordance with the terms outlined in the Margin Agreement. The right to vote your shares held on margin will be reduced by the amount of shares on loan. The Proxy Voting Instruction Form sent to you may reflect a smaller number of shares entitled to vote than the number of shares in your margin account.

## Messages

**Effective January 1, 2011,** Pershing LLC is amending the Traditional Individual Retirement Account Plan Document to include the following language. The existing no-transaction fee mutual fund account and cash management account maintenance fee waiver programs will also be discontinued. If you agree with these changes no further action is required by you. If you have any questions or concerns, please contact your investment professional.

**Traditional Individual Retirement Account Plan Document**
Article VIII Section 10(a) is hereby amended and restated in its entirety to read:
10. Fees, Expenses, and Indebtedness
(a) Payment of Fees and Expenses. The annual maintenance, termination, and other administration fees shall be charged by the Custodian in accordance with the fee schedule that is then in effect. The fee schedule may be amended by the Custodian from time to time. A portion of the fees collected by the Custodian may be shared with the financial institution that introduced your account. Any administrative expenses, including fees for legal and/or accounting services incurred by the Custodian at the request of or necessitated by the actions of the Participant or designated Beneficiary or Beneficiaries, including, but not by way of limitation, the direction of investment of Custodial Account assets in an investment that causes the Custodial Account to realize unrelated business taxable income within the meaning of Section 512 of the Code, which are over and above the services set forth in the fee schedule shall be paid by the Participant and the Participant hereby covenants and agrees to pay the same. The Custodian's fees and expenses shall be automatically charged to the Custodial Account unless the Participant chooses to pay the fee in a timely manner before the Custodial Account has been so charged and fees or other administrative expenses that are not paid by the Participant when due may be charged to the Custodial Account. The Custodian reserves the right to liquidate any assets of the Custodial Account to collect any charge for which payment may at any time be past due. In the event of account termination by the Participant or the Custodian, the Custodian shall be entitled to receive the full termination fee, along with the full, nonprorated current year maintenance fees, regardless of the date during the year that the Account is terminated. Such amounts will be automatically charged against the IRA at the time the Participant terminates the IRA. Any reimbursement of fees charged against an Account will be recorded as a contribution to the Account and reported to taxing authorities accordingly. Specific fee details are provided in the current fee schedule available from the Custodian or from the financial organization that has introduced your Account to the Custodian.

B0064667CSF 0031

PAR-02-ROLL

Account Number: 4I9-182914
IRA FBO  CAROLYN J WARREN

▶ go paperless
Ask about e-delivery

#1 Brokerage Statement, 2009, 2010
DALBAR RATED FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC

Page 6 of 9

**BB&T Investments**

200 S. College St.
Charlotte, NC 28202
1-800-453-7348

## Individual Retirement Account Statement

Statement Period: 09/01/2010 - 09/30/2010

### Messages (continued)

Disclosure Statement, Section 8(a) is hereby amended and restated in its entirety to read:

**Additional Financial Information**

(a) Account Fees. If not accompanied by this Disclosure Statement and Individual Retirement Custodial Account Plan Document, a schedule of fees is available from the Custodian or from the financial organization that has introduced your account to the Custodian. The annual maintenance, termination, and other administration fees shall be charged by the Custodian for services hereunder in accordance with the fee schedule that is in effect. At the discretion of the Custodian or the financial institution that introduced your account, you may receive an invoice for the account maintenance and other related fees that are due and payable upon receipt. Unless paid by you in a timely manner, fees will be automatically charged against the Account, or as you direct in writing, charged against another account held by the Custodian over which you have investment authority. You may not reimburse your IRA for account fees once they have been charged to your IRA. Any such reimbursement of annual maintenance or other administrative fees charged to your account will be deemed a contribution to your IRA and reported to the IRS accordingly. The Custodian will notify you prior to changing the fee schedule. In the event of account termination either by you or by the Custodian for any reason, the Custodian shall be entitled to receive the full termination fee, along with the full, nonprorated current year maintenance fee, regardless of the date during the year of the termination of the Custodial Account.

**Note from Pershing LLC regarding estimated values on brokerage account statements**

Pershing receives fees on external valuation vendors for estimated, periodic valuation and market price information that is included in your brokerage account statement. From time to time, this information is not available or is not received in time for posting to your brokerage account statement, resulting in a valuation or market price of N/A or Not Available. Please contact your investment professional for current information regarding your investments and account statement.

For owners of auction rate securities, please note that many auction rate securities have become illiquid due to current market conditions. As a result, it may not be possible to sell such securities at or near the estimated market price that is listed on your brokerage account statement.

**Prohibition against Unlawful Internet Gambling**

In accordance with the Unlawful Internet Gambling Enforcement Act of 2006, transactions associated with unlawful internet gambling are prohibited. Specifically, the Act "prohibits any person engaged in the business of betting or wagering from knowingly accepting payments in connection with the participation of another person in unlawful internet gambling." You must not initiate or receive wire transfers, checks, drafts or other debit/credit transactions that are restricted by the Act. For more information, please refer to: www.federalreserve.gov/newsevents/press/bcreg/20081112b.htm.

Pursuant to The Securities Exchange Act of 1934, Pershing LLC (Pershing) provides individual investors with certain financial information on a semi-annual basis.

Pershing's June Statement of Financial Condition is now available. On June 30, 2010, Pershing's net capital of $1.2 billion was 14.07% of aggregate debit balances and exceeded the minimum requirements by $987 million.

Pershing is also required to provide the most recent financial information as of this statement mailing. In accordance with this requirement, note that on July 31, 2010, Pershing's net capital of $1.2 billion was

B00648675CSP0031
PAR-02-ROLL

Account Number: 4V9-182914
IRA FBO  CAROLYN J WARREN

▶ go paperless
Ask about e-delivery

#1 Brokerage Statement,
2009, 2010
DALBAR RATED
FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC

Page 7 of 9

## Messages *(continued)*

14.80% of aggregate debit balances and exceeded the minimum requirement by $1.1 billion.

A copy of the June 30, 2010, Statement of Financial Condition is available at www.pershing.com/statement_of_financial_condition.html. You may also request a free, printed copy by calling (888) 860-8510.

**Although a money market mutual fund seeks to preserve the value of your investment at $1.00 per share, it is possible to lose money by investing in a money market mutual fund. Please see the money market mutual fund's prospectus or contact your investment professional for additional information.**

Do not forget to make your annual contribution to your Traditional or Roth IRA for 2010, if you are eligible. Contributions for the 2010 tax year must be made by the April 15, 2011, deadline. The maximum contribution limit is $5,000 for 2010. Individuals aged 50 or older may also make an additional catch-up contribution of $1,000. When making your annual contribution, please indicate in writing the tax year for which the contribution should be applied.

### Cost Basis Reporting in Effect Starting January 2011

Effective January 1, 2011, the Internal Revenue Service (IRS) is implementing new reporting requirements that will require Pershing LLC to report the original or adjusted cost (cost basis) of stocks sold that were purchased after January 1, 2011, in a U.S. taxpayer's non-retirement account.

To prepare for the new "cost basis" requirements, you, or your investment professional on your behalf, may choose to identify which shares (tax lots) are being selected when requesting a partial sale or transfer of stock. Your ability to change selected tax lots will be limited to the settlement date, or three business days after the disposition, whichever is later. If no specific selection is made, your existing default disposition method will be used, which is typically first-in, first-out (FIFO).

Please note that the cost basis reporting requirements are being phased in over a three-year period, and will initially impact only stock transactions. This change is mandated under the Emergency Economic Stabilization Act of 2008, which will require Pershing LLC to report the cost basis and gain/loss calculations for each security sale, transfer or exchange on IRS Form 1099-B or on transfer statements for tax reportable accounts. (Pershing LLC provides clearing and other related services, including the gain/loss calculations needed for tax reporting to your financial organization.) For more information, please contact your investment professional.

Please note that this statement message is based upon proposed regulatory guidance that is subject to change.

### Disclosure Regarding Securities Lending in Margin Accounts

If you have a margin account, pursuant to your Margin Agreement with Pershing LLC and as permitted by law, margin securities in your account, may be used for, among other things, settling short sales and lending the securities for short sales. As a result, Pershing and your financial organization may receive compensation in connection therewith. Further, Pershing does not lend fully-paid-for securities without your written permission. Please contact your financial organization if you have any questions.

If you think your statement is incorrect, or if you need more information about a transaction on your statement, please contact Client Services at 800-453-7348, option 3. Thank you.

Beginning June 1, 2010, the following paper surcharges will apply to all paper account statements and trade confirmations. These charges will include accounts where interested party or additional account participant copies are produced.

- $0.25 effective June 1, 2010
- $0.50 effective December 1, 2010
- $0.75 effective June 1, 2011

To avoid these fees, register for paperless statements at www.myedocumentsuite.com and use Financial Organization Number: 4V9

Please contact Client Services with questions at 1(800) 453-7348 option 3.

B00648677CSP0031

PAR-02-ROLL

Account Number: 4V9-182914
IRA FBO   CAROLYN J WARREN


▶ go paperless
Ask about e-delivery


#1 Brokerage Statement,
2009, 2010
DALBAR RATED
FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC

Page 8 of 9

## GENERAL INFORMATION

1. All orders and transactions shall be solely for your account and risk to meet obligations to securities clients, but it the constitution, rules, regulations, customs, usages, rulings and interpretations of the exchange or market and the clearing facility, if any, where the transactions are executed and/or settled, or if applicable, of the Financial Industry Regulatory Authority and to all applicable laws and regulations.

2. Whenever you are indebted to Pershing LLC ("Pershing") for any amount, all securities held by it for you in any account in which you have any interest shall secure all your liabilities to Pershing, and Pershing may in its discretion at any time, without tender, demand or notice to you, close or reduce any or all of your accounts by public or private sale or purchase of all or any securities carried in such accounts; any balance remaining due to be promptly paid by you.

3. Whenever you are indebted to Pershing for any amount, all securities carried for your account are, either separately or under circumstances which will permit the commingling thereof, with other securities for any amount less than, equal to or greater than your liabilities to Pershing, not under circumstances for an amount prohibited by law.

4. Title to securities sold to you, where Pershing has acted as principal, shall remain with Pershing until the entire purchase price is received or until the settlement date, whichever is later.

5. Any free credit balance carried for your account represents funds payable upon demand which, although properly accounted for on Pershing's books of record, are not segregated and may be used in the conduct of its business.

6. You may have received confirmations for transactions which do not appear on your statement. [text redacted], the transactions will appear on your next periodic statement. Such transactions must be considered by you when computing the value of your account. This is especially true if you have written options which have been exercised.

7. If you maintain a margin account, this is a combined statement of your general account and a special memorandum account maintained for you under Regulation T of the Board of Governors of the Federal Reserve System. The permanent record of the separate account as required by Regulation T is available for your inspection upon request.

8. Interest charged on debit balances in your account appears on the statement. The rate of interest and period covered are indicated. The rate may change from time to time due to fluctuations in money rates or other reasons. Interest is computed as described in material previously furnished to you. Please contact your financial institution if you desire additional copies.

9. A financial statement of Pershing is available for your personal inspection at Pershing's offices. A copy of it will be mailed upon your written request or you can view it online at Pershing.com.

10. This statement should be retained for your records.

11. Dividends, interest and other distributions shown on this statement were classified as taxable or nontaxable based on certain information known as of the distribution date. This classification is subject to change and is solely intended for use as general information. After year end, Pershing is required to provide tax information to the Internal Revenue Service on the annual Form 1099. At that time Pershing will provide that information to you that will include other useful information to assist in preparing your tax filings. The tax statement also includes other useful information to assist in accumulating the data to prepare your tax returns.

12. Pershing does not provide tax, investment or legal advisory services and no one associated with Pershing is authorized to render such advice. Do not rely upon any such advice, if given. Investors are encouraged to consult their tax advisors to determine the appropriate tax treatment of their business.

13. Pershing provides account protection for the net equity of securities positions and cash held in your account. Of this total, the Securities Investor Protection Corporation (SIPC) provides $500,000 of coverage, including $100,000 for claims for cash. Pershing provides additional protection on terms similar to SIPC for account net equity in excess of $500,000 through a commercial insurer. The account protection applies when a SIPC

If any of the above Terms and Conditions are unacceptable to you, please notify Pershing immediately in writing by certified mail to One Pershing Plaza, Jersey City, NJ 07399, Attn: Compliance.

## TERMS AND CONDITIONS

member firm fails financially and is unable to meet obligations to securities clients, but it does not protect against losses from the rise and fall in the market value of investments.

14. Pershing may trade for its own account as a market maker, specialist, odd lot dealer, block positioner, arbitrageur or investor. Consequently, at the time of any transaction you may make, Pershing may have a position in such securities, which position may be partially or completely hedged.

15. If average price transaction is indicated on the front of this statement your financial institution or Pershing may have acted as principal, agent or both. Details available upon request.

16. This statement will be deemed conclusive and an account stated unless you advise Pershing in writing of any objection to it within ten days after receipt. Any such objection should be sent to Pershing at One Pershing Plaza, Jersey City, NJ 07399, Attn: Compliance.

17. You are advised to report promptly any inaccuracy or discrepancy in your account (including unauthorized trading) to your financial organization and Pershing, the custodian of your account. Please be advised that any oral communication should be re-confirmed in writing to further protect your rights, including your rights under the Securities Investor Protection Act. Your financial organization's contact information can be found on the first page of this statement. Pershing's contact information is as follows: Pershing LLC; Legal Department; One Pershing Plaza, Jersey City, New Jersey 07399; (201) 413-3330. ERRORS AND OMISSIONS EXCEPTED.

## PORTFOLIO HOLDINGS

This section includes the net market value of the securities in your account on a settlement date basis, including short positions, at the close of the statement period. The market prices have been obtained from quotation services, which we believe to be reliable; however, we cannot guarantee their accuracy. Securities for which a price is not available are marked "N/A" and are omitted from the Total.

The estimated annual income (EAI) and estimated current yield (ECY) figures are estimates and for informational purposes only. These figures are not considered to be a forecast or guarantee of future results. These figures are computed using information from providers believed to be reliable, however, no assurance can be made as to the accuracy. Since interest and dividend rates are subject to change at any time, and may be affected by current and future economic, political, and business conditions, they should not be relied on for making investment, trading, or tax decisions. These figures assume that the position quantities, interest and dividend rates, and prices remain constant. A capital gain or return of principal may be included in the figures for certain securities, thereby overstating them. Refer to www.pershing.com/business_continuity.html for specific details as to formulas used to calculate the figures. Accrued interest represents interest earned but not yet received.

## THE ROLE OF PERSHING

Pershing carries your account as clearing broker pursuant to a clearing agreement with your financial institution. Pershing may accept from your financial institution without inquiry or investigation (i) orders for the purchase and sale of securities and other property and (ii) any other instructions concerning your account. Pershing is not responsible or liable for any acts or omissions of your financial institution or its employees and it does not supervise them. Pershing provides no investment advice nor does it assess the suitability of any transaction or order. Pershing acts as the agent of your financial institution and you agree that you will not hold Pershing or any person controlling or under common control with it liable for any investment losses incurred by you.

Pershing performs several key functions at the direction of your financial institution. It acts as custodian for funds and securities you may deposit with it directly or through your financial institution or that it receives as the result of securities transactions it processes. Inquiries concerning the positions and balances in your account may only be directed to the Pershing Customer Service be directed to your financial institution at (201) 413-3333. All other inquiries regarding your account or activity should be directed to your financial institution. For a description of other functions performed by Pershing please consult the Disclosure Statement provided to you upon the opening of your account.

Your financial institution is responsible for adherence to the securities laws, regulations and rules which apply to it regarding its own operations and the supervision of your account, its sales representatives and other personnel. Your financial institution is also responsible for approving the opening of accounts and obtaining account documents; the acceptance and, in certain instances, execution of securities orders; the assessment of the suitability of those transactions, where applicable; the rendering of investment advice, if any, to you and in general, for the ongoing relationship that it has with you.

Pershing may capture and store data about you such as your financial information and investment objectives. However, Pershing is not reviewing this information and evaluating whether your investments comport with your financial status and objectives and you hereby release Pershing from any liability to do so. Similarly, Pershing may capture and store information about whether a broker or an introducing firm is registered in a given state. You hereby release Pershing from any liability to review this data or to evaluate whether a particular security is registered or exempt from registration in your State.

This notice is not meant as a definitive enumeration of every possible circumstance, but as a general disclosure. If you have any questions regarding this notice or if you would like additional copies of the Disclosure Statement, please contact your financial institution.

## PAYMENT FOR ORDER FLOW PRACTICES

The following statement is provided to you as required by Rule 11Ac1-3 of the Securities Exchange Act of 1934.

Pershing sends certain equity orders to exchanges, Electronic Communication Networks, or broker-dealers during normal business hours and during extended trading sessions. Certain of these venues provide payments to Pershing or charge access fees to Pershing depending upon the characteristics of the order and any subsequent execution. In addition, Pershing may execute certain equity orders as principal. The details of these payments and fees are available upon written request. Pershing receives payments for directing listed options order flow to certain option exchanges. Compensation is generally in the form of a per option contract cash payment. For a listing of organizations that pay Pershing for order flow, please refer to www.orderroutingdisclosure.com.

**Best Execution:** Notwithstanding the previous paragraph regarding payment for order flow, Pershing selects certain market centers to provide execution of over-the-counter and exchange-listed securities transactions which agree to accept orders, transmitted electronically up to a specified size, and to execute them at or better than the national best bid or offer (NBBO). On certain larger orders, or if the designated market centers do not make a market in the subject security, Pershing directly contacts market centers to obtain an execution. The designated market centers to which orders are automatically routed are selected based on the consistent high quality of their executions in one or more market segments and their ability to provide opportunities for executions at prices superior to the NBBO. If an order for an exchange-listed security is not immediately executable on the exchange to which it is routed, such order may be represented in the national marketplace using the various means available for price discovery. Pershing also regularly reviews reports for quality of execution purposes.

## IMPORTANT ARBITRATION DISCLOSURES

- All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.
- Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.
- The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.
- The arbitrators do not have to explain the reason(s) for their award.
- The panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry.
- The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.
- The rules of the arbitration forum in which the claim is filed, and any amendments thereto, shall be incorporated into this agreement.

## IMPORTANT ARBITRATION AGREEMENT

Any controversy between you and us shall be submitted to arbitration before the financial industry regulatory authority or any other national securities exchange on which a transaction giving rise to the claim took place (and only before such exchange).

No person shall bring a putative or certified class action to arbitration, nor seek to enforce any predispute arbitration agreement against any person who has initiated in court a putative class action, who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until: (i) the class certification is denied; (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this agreement except to the extent stated herein. The laws of the State of New York govern.

---

B006486705SP031
PAR-02-ROLL

Account Number: 4V9-182914
IRA FBO   CAROLYN J WARREN

▶ go paperless
Ask about e-delivery

#1 Brokerage Statement,
2009, 2010
DALBAR RATED
FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC

Page 9 of 9

