B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.,

                Debtors.

Case No. 08-13555 (JMP)
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| CBW LLC | Bank Julius Baer & Co. Ltd. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Amanda Goehring
Ashurst LLP
7 Times Square
New York, NY 10036
Tel: (212) 205-7029
Amanda.goehring@ashurst.com

Phone:_____
Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

Court Claim # (if known): 36835 (32.849542525% of such claim)
Amount of Claim as Filed: $ 21,309,276.97
Amount of Claim Transferred: $ 7,000,000.00
Date Claim Filed: 10/7/2009
Debtor:  Lehman Brothers Holdings Inc.

Phone: _____
Last Four Digits of Acct. #: _____

608725.1/9999-00999

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _Amanda Song_ under POA          Date: _July 15, 2010_

Transferee/Transferee's Agent

Name: Amanda Boehme

Title: Power of Attorney

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

*Final Form 11/20/09*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Bank Julius Baer & Co. Ltd.  ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to CBW LLC (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 36835 filed by ING Bank (Suisse) SA (which merged with Seller on 1 March 2010 whereby the Seller obtained good and marketable title in the Purchased Claim– see Schedule 2 attached hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing and/or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing

533765v2
608016.2/9999-00999

that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, , to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed 13 July 2010.

**Bank Julius Baer & Co. Ltd.**                    CBW LLC

By:_____                    By:_____
Name: Patrik Roos                           Name: Avram Friedman
Title: Executive Director                   Title: Manager

By:_____
Name: Fatih Aslantas                        Amanda Goehring
Title: Director                             Tel: (646) 557-4379
                                            amanda.goehring@ashurst.com

Bahnhofstrasse 36
8010 Zurich
Switzerland

533765v.2
608016.2/9999-00999

Schedule 1

Transferred Claims

Purchased Claim

**100% of XS0311578388 = USD 7,000,000.00 of USD 7,000,000.00 (the outstanding amount of XS0311578388 as described in the Proof of Claim as of 7 October 2009)**

which equals 32.849542525% of the Proof of Claim *as of 7 October 2009* ~ USD 7,000,000.00 of USD 21,309,276.97 (the outstanding amount of the Proof of Claim *as of 7 October 2009*).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| | XS0311578388 | Lehman Brothers Securities Co. NV | Lehman Brothers Holdings Inc. | USD 7'000'000 | | 24 July 2010 | USD 7'000'000 |

608016.2/9999-00999

<u>Schedule 2</u>

Certification by Commercial Registry of Canton of Zurich, Switzerland.

608016.2/9999-00999




HANDELSREGISTERAMT DES KANTONS ZÜRICH

### CERTIFICATION
issued by the Commercial Registry of Canton Zurich

It is hereby certified that the following company is entered in the Commercial Regis-
ter of Canton Zurich: a joint stock company by the name of

Bank Julius Bär & Co. AG----------------------------------------------------------------
(Banque Julius Baer & Cie SA) (Banca Julius Baer & Co. SA) (Bank Julius Baer &
Co. Ltd.)-------------------------------------------------------------------------------

domiciled in Zurich-------------------------------------------------------------------
Address: Bahnhofstrasse 36, 8001 Zurich--------------------------------------------

This company has been entered in the Commercial Register of Canton Zurich since
31st December 1974.------------------------------------------------------------------

The Commercial Register also indicates the following for the aforementioned com-
pany:

| | | |
|---|---|---|
| Share capital: | CHF 575'000'000.-- | (CHF five-seven-five-zero-zero-zero-zero-zero-zero 00/00)------------------------------ |
| Of which is paid in. | CHF 575'000'000.-- | (CHF five-seven-five-zero-zero-zero-zero-zero-zero 00/00)------------------------------ |

Share denominations: 5'750'000 registered shares with a par value of CHF 100.--
each.----------------------------------------------------------------------------------

Purpose: The company runs a bank. The company may pursue any business activi-
ties directly or indirectly linked to this object, as well as all business activities which
serve to benefit this object, both for its own account and the account of others in-
cluding in particular: (see Journal entry no. 10676/1974). The company may pur-
chase, mortgage and sell real estate. Its area of business is both national and inter-
national.

With journal entry no. 8941 of 01 March 2010, the following entry was published in
the Official Commercial Gazette of Switzerland (SHAB), no. 45 of 05 March 2010

Merger: Assumption of the assets and liabilities of ING Bank (Suisse) SA (CH-
660.0.027.992-5), of Geneva, in accordance with the merger agreement of
18.02.2010 and the balance sheet as at 31.12.2009. Assets in the amount of
CHF 2,583,899,000.00 and liabilities (third-party capital) in the amount of
CHF 2,248,395,000.00 are transferred to the acquiring company. Since the acquir-
ing company holds all the shares of the company transferring the shares, there is no
share capital increase or allocation of shares.

- 2 -

The Commercial Register of Canton Zurich contains particulars in reference to the aforementioned company pertaining to the power of representation, in addition to other particulars. The following is entered in reference to the power of representation, among other things:

<u>Joint signatory power (minimum of two) restricted to the head office</u>
Scharowski, Claude, of Luzern, in Füllinsdorf---------------------------------------------------

(Apart from the aforementioned individuals there are other individuals with signatory authorization of the aforementioned company who are entered in the Commercial Register of Canton Zurich).

It is further certified that the aforementioned company is organized according to the laws of Switzerland.

The Commercial Registry Office of the Canton of Zurich can offer no guarantee as to the accuracy of the translation from the original German text of this entry in the Commercial Register

| | |
|---|---|
| Zurich, Switzerland, | 25th June 2010 |
| Company number: | CH-020.3.902.727-1 |
| Signed: | HI |
| Fee. | CHF 180.-- |