B 210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                                        Case No. **08-13555**

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**ILLIQUIDX LTD**                              **TERCAS – CASSA di RISPARMIO DELLA PROVINCIA di TERAMO S.p.A.**

Name of Transferee                              Name of Transferor

Name and Address where notices to transferee     Court Claim # (if known): **51638**
should be sent:                                  Total Amount of Claim Filed:
                                                 USD $ 4,448,087.09
                                                 Amount of Claim Transferred:
                                                 USD $ 4,346,647.62
**Celestino Amore**                              ISIN/CUSIP: XS0214347360
**Managing Director**                            Date Claim Filed: October 28, 2009
**Illiquidx Ltd**
**107-111 Fleet Street**
**London EC4A 2AB, UK**
**Phone: +44 207 936 9309**
**Email: amore@illiquidx.com**

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: November 8, 2010
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    **Case No. 08-13555**

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. **51638** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **November 8, 2010.**

**TERCAS – CASSA di RISPARMIO**                    **ILLIQUIDIX LTD**
**DELLA PROVINCIA di TERAMO S.p.A.**
Name of Alleged Transferor                         Name of Transferee


Address of Alleged Transferor:                     Address of Transferee:

**Corso San Giorgio, 36**                          **Illiquidx Ltd**
**64100 Teramo**                                   **107-111 Fleet Street**
**Italy**                                          **London EC4A 2AB**
**Attn: Mrs. Berta Mariani**                       **United Kingdom**


~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.


Date:_____                    _____
                                    CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT



1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Tercas – Cassa di Risparmio della Provincia di Teramo S.p.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Illiquidx Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number #51638 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) as of the date of this Agreement, the Purchased Securities have not been accelerated.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.



4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      This Agreement and Evidence of Transfer of Claim is subject to successful completion by the Purchaser on the date hereof of an on-sale by the Purchaser of the Transferred Claims and the Purchased Securities (the "Subsequent Sale") to be executed with a third party purchaser ("Subsequent Purchaser"). In the event that such Subsequent Purchase is not successfully completed on the date hereof (including receipt by the Purchaser from the Subsequent Purchaser of the full purchase price for such Subsequent Purchase for value on the date hereof), the Transferred Claims and the Purchased Securities shall be returned to the Seller and the purchase obligations of the Purchaser (including, without limitation, any obligation to pay purchase price) under this Agreement and Evidence of Transfer of Claim shall be cancelled accordingly.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 4th day of November 2010.

Tercas – Cassa di Risparmio della Provincia di        Illiquidx Ltd.
Teramo S.p.A.

By: _____                        By: _____
Name: Luca Malavolta                                  Name: Celestino Amore
Title: *Responsabile Servizio Finanza Aziendale*      Title: *Managing Director*

                                                      107-111 Fleet Street
                                                      London EC4A 2AB
                                                      UNITED KINGDOM

Schedule 1

Transferred Claims

Purchased Claim

With respect to Proof of Claim 51638, 97.719481% of U.S. $4,448,087.09 (the outstanding claim amount relating to XS0214347360 as described in the Proof of Claim as of 4th November, 2010) equivalent to U.S. $4,346,647.62.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | U.S. $ Amount claimed in Proof of Claim with respect to Lehman Programs Securities to which Transfer relates |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. Issue of EUR3,000,000 Floating Rate / Index-Linked Notes due March 2015 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | XS0214347360 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR3,000,000 | Floating Rate / Index-Linked Interest | 23rd of March 2015 | U.S. $4,346,647.62 |

Schedule 1-1



| *United States Bankruptcy Court/Southern District of New York* | | LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | |
|---|---|---|
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | **THIS SPACE IS FOR COURT USE ONLY** |

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Tercas – Cassa di Risparmio della Provincia di Teramo S.p.A.
Corso San Giorgio, 36
64100 Teramo
Italy
Attention: Mrs. Berta Mariani

Telephone number: +39 0861325353          Email Address: finanza@tercas.it

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number: _____    Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: See attached _____ (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): See attached _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

See attached _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

See attached _____ (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date: October 26, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Name: Antonio Di Matteo Title: General Manager  | FILED / RECEIVED  OCT 28 2009  EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000051638

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                    Chapter 11

Lehman Brothers Holdings Inc., *et al*.                   Case No. 08-13555 (JMP)

                                                          (Jointly Administered)
                                    Debtors.
-------------------------------------------------------------X

## ANNEX TO PROOF OF CLAIM OF
## TERCAS – CASSA di RISPARMIO DELLA PROVINCIA DI TERAMO S.P.A.

1.     <u>Claimant</u>.  Tercas - Cassa di Risparmio della Provincia di Teramo S.p.A. (the
**"Claimant"**), hereby files the accompanying proof of claim (the **"Proof of Claim"**) against
Lehman Brothers Holdings Inc. (the **"Debtor"**), a debtor and debtor in possession in the above-
referenced chapter 11 cases.  The Claimant holds claims against the Debtor arising from certain
transactions that occurred prior to September 15, 2008 (the **"Petition Date"**), as described more
fully below.

2.     <u>Transactions Between the Parties</u>.  The Claimant is the holder and is authorized to
act on behalf of the holders of certain securities issued by Lehman Brothers Treasury Co. B.V.
(the **"Obligor"**) and guaranteed by the Debtor (each a **"Program Security"** and, together, the
**"Program Securities"**) identified on the list of Lehman Program Securities, which is available
on the Debtors' website, http://www.lehman-docket.com under the heading "Key Documents."
The International Securities Identification Number (**"ISIN"**) identifying each Program Security,
along with the respective Clearstream Bank blocking reference number and the Clearstream
Bank account number relating to the Program Securities, is detailed on <u>Exhibit 1</u> attached hereto.
Evidence of the ownership of the securities described in <u>Exhibit 1</u> is provided in <u>Exhibit 3</u>

attached hereto. The Program Securities have the benefit of an express, unconditional and irrevocable guarantee of the Debtor, and further, the Debtor guaranteed the payment of all liabilities, obligations and commitments of the Obligor pursuant to those certain board resolutions adopted by the Executive Committee of the Debtor's Board of Directors attached hereto as Exhibit 4, including but not limited to those certain resolutions adopted by unanimous written consent on June 9, 2005 and certain other guarantees extended to affiliates of the Debtor and/or Lehman related entities

3.    Claim. The Claimant is the holder and is authorized to act on behalf of the holders of certain securities described more fully in Exhibit 1 hereto and on account thereof and in accordance with the terms of the documentation relating thereto, hereby asserts a claim against the Debtor in the amount of $ 4,448,087.09, plus, to the extent provided pursuant to the underlying documents associated with each Program Security all other interest, costs, fees and expenses allowed under applicable law (the "Claim"). An itemization of certain amounts comprising the Claim is set forth on Exhibit 2 attached hereto.

4.    Security Interests and Priority Status. The Claim is filed as a general unsecured claim, without any prejudice to any and all rights of the Claimant to assert that any portion of the Claim is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code.

5.    Claims, Counterclaims, Setoffs and Defenses. The Claim is not subject to any known claims, counterclaims, setoffs or defenses by the Debtor. The Claimant also reserves any and all rights of setoff and recoupment that the Claimant or any of its affiliates may have against the Debtor or its related entities.

6.    Reservation of Rights. The execution and filing of this Proof of Claim is not and shall not be deemed: (a) a waiver or release of the Claimant's rights against any other entity or

person liable for all or any part of the Claim asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of its right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; (g) waiver of the Claimant's rights to assert that no claims hereunder have been or may be discharged and to file other claims which are not covered by this Proof of Claim; or (h) a waiver of the Claimant's rights, if any, of arbitration, to the extent provided by any applicable agreements with the Debtor or its affiliates.

7.   <u>Amendments</u>.  The Claimant expressly reserves its right to file any separate or additional proofs of claim with respect to the Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

**EXHIBIT 1**

| ISIN Code | Clearstream blocking reference # | Clearstream account # | Sub-custodian account # | Issuer | Nominal Amount |
|---|---|---|---|---|---|
| XS0185655445 | CA18015 | 11037 | 290626/0200 | Lehman Brothers Treasury Co. B.V. | € 50,000.00 |
| XS0210782552 | CA18012 | 11037 | 290626/0200 | Lehman Brothers Treasury Co. B.V. | € 20,000.00 |
| XS0214347360 | CA41133 | 11037 | 1483/0200 | Lehman Brothers Treasury Co. B.V. | € 3,000,000.00 |

Clearstream account: the account no. 11037 is Intesa San Paolo S.p.a. account at Clearstream;
Sub-custodian account: the account no. 290626/0200 and account no. 1483/0200 are our accounts at Intesa San Paolo S.p.a.

**EXHIBIT 2**

| ISIN Code | Nominal Amount (EUR) | Interest ** (EUR) | Total (EUR) | Nominal Amount* (USD) | Interest (USD) * | Total (USD) * |
|---|---|---|---|---|---|---|
| XS0185655445 | 50,000.00 | 1,246.43 | 51,246.43 | 70,755.00 | 1,763.82 | 72,518.82 |
| XS0210782552 | 20,000.00 | 437.18 | 20,437.18 | 28,302.00 | 618.65 | 28,920.65 |
| XS0214347360 | 3,000,000.00 | 71,618.70 | 3,071,618.70 | 4,245,300.00 | 101,347.62 | 4,346,647.62 |

| Total Claim Amount | USD 4,448,087.09 |
|---|---|

*Amount due in Euro have been converted to US Dollars using the exchange reference rate published by the European Central Bank for September 15, 2008 : 1 Euro = 1.4151 USD*

*** Interest accrued until September 14, 2008 (included).*

**EXHIBIT 3**

Evidence of Ownership



Lehman Brothers Holdings Inc. Chapter 11, Case No. 08-13555 (JMP) (Jointly Administered)

## STATEMENT

Intesa Sanpaolo S.P.A., represented by Mr. Ivo Angelin, in his capacity as manager, having its registered office in Torino (Italy), Piazza San Carlo 156 , in order to allow its depositor holding Lehman Programs Securities, as defined by the order entered on July 2, 2009 by the U.S. Bankruptcy Court for Southern District of New York, to file a proof of claim against Lehman Brothers Holdings Inc.

## CERTIFIES

That, at the date of October 15 October 2009, 2009 Tercas - Cassa di Risparmio della Provincia di Teramo S.p.a., having its registered office in Teramo (IT), C.so S. Giorgio, 36, postal code 64100  is the depositor of the Lehman Programs Securities listed below and that Clearstream Bank, at our request, assigned to each Lehman Programs Security a blocking reference number, as stated below.

| Issuer | ISIN Code | Currency | Outstanding Principal | Clearstream Blocking Reference Number |
|---|---|---|---|---|
| LEHMAN BROTHERS HOLDING INC (USA) | XS0183944643 | EUR | 8,000.00 | CA18014 |
| LEHMAN BROTHERS TREASURY BV (NL) | XS0185655445 | EUR | 50,000.00 | CA18015 |
| LEHMAN BROTHERS HOLDING INC (USA) | XS0189741001 | EUR | 101,000.00 | CA18011 |
| LEHMAN BROTHERS TREASURY BV (NL) | XS0210782552 | EUR | 20,000.00 | CA18012 |
| LEHMAN BROTHERS TREASURY BV (NL) | XS0214347360 | EUR | 3,000,000.00 | CA41133 |
| LEHMAN BROTHERS HOLDING INC (USA) | XS0252834576 | EUR | 150,000.00 | CA18013 |

Yours faithfully,

_____
Mr Ivo Angelin
Manager

**Intesa Sanpaolo S.p.A.**
Torino, 15 October 2009

ICL002432 - Ed. 01/07 - (84)

Intesa Sanpaolo S.p.A.    Sede Legale: Piazza San Carlo, 156   10121 Torino  Sede Secondaria: Via Monte di Pietà, 8   20121 Milano

**EXHIBIT 4**

Written Consent June 9, 2005

### UNANIMOUS WRITTEN CONSENT OF THE

### EXECUTIVE COMMITTEE OF THE

### BOARD OF DIRECTORS OF

### LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

**NOW THEREFORE BE IT,**

06-09-05    11:31    JDM INVESTMENTS                    ID=2623389294                    NO. 290    004
                                                                                         NO. 504    002
16. 05. 2005    09:20    LEHM. ← 912263380294
26/06/2005      16:41    LEHMAN → 316467580653

**RESOLVED**, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

**RESOLVED**, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

**RESOLVED**, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

**RESOLVED**, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof, and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

**FURTHER RESOLVED**, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 9, 2005

Richard S. Fuld, Jr.                                    John D. Macomber

2

06/08/2005    16:41    LEHMAN → 916467592653                    NO.504    P03

**Schedule A**
**to LBHI Unanimous Written Consent**
**dated June 9 , 2005**

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3





EXECUTION COPY  **Invoice**

| | Date | Invoice # |
|---|---|---|

Pricing Supplement dated 23 March 2005

## LEHMAN BROTHERS TREASURY CO. B.V.

### Issue of EUR 3,000,000 Floating Rate/Index-Linked Notes due March 2015
### Guaranteed by Lehman Brothers Holdings Inc.

| Bill To: | under the U.S.$25,000,000,000 | Ship To: |
|---|---|---|

### Euro Medium-Term Note Program

This document constitutes the Pricing Supplement relating to the issue of Notes described herein. Terms used herein shall be deemed to be defined as such for the purposes of the Conditions set forth in the Information Memorandum dated 18 August 2004. This Pricing Supplement must be read in conjunction with such Information Memorandum.

1.    (i)    Issuer:                                           Lehman Brothers Treasury Co. B.V.

| P.O. Number | Terms | Guarantor Rep | Ship | Via | Lehman Brothers Holdings Inc. | F.O.B. | Project |
|---|---|---|---|---|---|---|---|

2.    (i)    Series Number:                              2661

| Quantity | Item Code | Tranche Number: | Description 1 | | Price Each | Amount |
|---|---|---|---|---|---|---|

3.    Specified Currency or Currencies:          Euro ("**EUR**")

4.    Aggregate Nominal Amount:

      (i)    Series:                                        EUR 3,000,000

      (ii)   Tranche:                                       EUR 3,000,000

5.    Issue Price:                                        100.00 per cent. of the Aggregate Nominal Amount

6.    Specified Denominations:                      EUR 1,000

7.    Issue Date:                                          23 March 2005

8.    Maturity Date:                                      23 March 2015

9.    Interest Basis:                                      Floating Rate/Index-Linked Interest (further particulars specified below)

10.   Redemption/Payment Basis:                   Redemption at par

11.   Change    of    Interest    or    For the period from and including the
      Redemption/Payment Basis:                     Issue Date to but excluding 23 March 2011: Floating Rate; and

                                                            For the period from and including 23 March 2011 to but excluding the Maturity Date: Index-Linked Interest

**Total**

| 12. | Put/Call Options: | | Not Applicable |
|-----|-------------------|---|----------------|
| 13. | (i) | Status of the Notes: | Senior Notes |
| | (ii) | Status of the Guarantee: | Senior Guarantee |
| 14. | Listing: | | None |
| 15. | Method of distribution: | | Non-syndicated |

**PROVISIONS RELATING TO INTEREST (IF ANY) PAYABLE**

| 16. | **Fixed Rate Note Provisions :** | | Not Applicable |
|-----|----------------------------------|---|----------------|
| 17. | **Floating Rate Note Provisions** | | Applicable |
| | (i) | Interest Period(s)/Interest Payment Date(s): | 23 March and 23 September in each year, from and including 23 September 2005 up to and including 23 March 2011 |
| | (ii) | Business Day Convention: | Following Business Day Convention |
| | (iii) | Additional Business Centre(s) for interest accrual only (Condition 3(b)(B)): | Not Applicable |
| | (iv) | Manner in which the Rate(s) of Interest is/are to be determined: | Screen Rate Determination |
| | (v) | Party responsible for calculating the Rate(s) of Interest and Interest Amount(s) (if not the Fiscal Agent): | Lehman Brothers International (Europe) |
| | (vi) | Screen Rate Determination: | |
| | | - Reference Rate: | 6-month EURIBOR-Telerate |
| | | - Interest Determination Date(s): | Second TARGET Settlement Day prior to the start of each relevant Interest Period |
| | | - Relevant Screen Page | Telerate Page 248 |
| | | - Relevant Time: | 11:00 a.m., Brussels time |
| | | - Relevant Financial Centre: | Euro-zone |
| | (vii) | ISDA Determination: | Not Applicable |
| | (viii) | Margin(s): | + 0.25 per cent. per annum |
| | (ix) | Multiplier: | Not Applicable |
| | (x) | Minimum Interest Rate: | Not Applicable |

| | | |
|---|---|---|
| (xi) | Maximum Interest Rate: | Not Applicable |
| (xii) | Day Count Fraction: | Act/360, unadjusted |
| (xiii) | Fall back provisions, rounding provisions, denominator and any other terms relating to the method of calculating interest on Floating Rate Notes, if different from those set out in the Conditions: | Not Applicable |

**18.**      **Zero Coupon Note Provisions :**      Not Applicable

**19.**      **Index-Linked Interest Note Provisions :**      Applicable

(i)     Index/Formula

In respect of each Specified Denomination and each Interest Period from and including 23 March 2011, the Rate of Interest per annum ("**R**") shall be determined by the Calculation Agent in accordance with the following formula:

**R = 92.00% x 10Y EUR SWAP**

subject to a Minimum Interest Rate of zero per cent. per annum

Where:

"**10Y EUR SWAP**" means the rate for EUR swaps with a maturity of ten years, expressed as a percentage, which appear on the Reuters Screen ISDAFIX2 (the "**Relevant Screen Page**") under the heading "EURIBOR BASIS - EUR" and above the caption "11:00 AM C.E.T." as of 11:00 a.m., Frankfurt time (the "**Relevant Time**") on the day which is two TARGET Settlement Days prior to each Reset Date (each, an "**Interest Determination Date**")

PROVIDED THAT, if at the Relevant Time on any Interest Determination Date the Calculation Agent determines in its sole and absolute discretion that 10Y EUR SWAP:

- does not appear on the Relevant Screen Page (or any successor page to that page); or

- for any other reason, is unavailable or cannot reasonably be calculated,

Then, in relation to that Interest Determination Date, 10Y EUR SWAP will be the rate determined by the Calculation Agent as the EUR-Annual Swap Rate-Reference Banks as defined in Section 7.1(e)(xxii) of the Annex to the 2000 ISDA Definitions (June 2000 Version) with a Designated Maturity of ten, provided, however, that this rate shall be determined as if "EUR-ISDA-EURIBOR Swap Rate-11.00" had been elected

**"Reset Date"** means the first day of each Interest Period

| | | |
|---|---|---|
| (ii) | Calculation Agent responsible for calculating the interest due: | Lehman Brothers International (Europe) |
| (iii) | Provisions for determining Coupon where calculation by reference to Index and/or Formula is impossible or impracticable: | See (i) above |
| (iv) | Interest Payment Date(s): | 23 March in each year, from and including 23 March 2012 up to and including the Maturity Date |
| (v) | Business Day Convention: | Following Business Day Convention |
| (vi) | Additional Business Centre(s): | Not Applicable |
| (vii) | Minimum Interest Rate: | Zero per cent. per annum |
| (viii) | Maximum Interest Rate: | Not Applicable |
| (ix) | Interest Determination Date: | See (i) above |
| (x) | Day Count Fraction: | Act/Act (ISMA), unadjusted |

20. **Dual Currency Note Provisions :**    Not Applicable

**PROVISIONS RELATING TO REDEMPTION**

21. **Call Option:**    Not Applicable

22. **Put Option:**    Not Applicable

23. **Final Redemption Amount of each Note:**    EUR 1,000 per Note of EUR 1,000 Specified Denomination

24. **Early Redemption Amount of each Note:**

Early Redemption Amount(s) payable on redemption for taxation reasons or on    In respect of each Note, an amount equal to the fair market value (less the

| | | |
|---|---|---|
| Event of Default and/or the method of calculating the same (if required or if different from that set out in the Conditions): | reasonable cost to the Issuer of unwinding any related hedging arrangements) of such Note, together with any interest accrued but unpaid, on such day as is selected by the Calculation Agent in its sole and absolute discretion (provided that such day is not more than 15 days before the date fixed for redemption of the Note). |

**GENERAL PROVISIONS APPLICABLE TO THE NOTES**

| | | |
|---|---|---|
| 25. | Form of Notes: | Interests in a temporary global Note in bearer form are exchangeable for interests in a permanent global Note in bearer form |
| 26. | Talons for future Coupons or Receipts to be attached to Definitive Notes (and dates on which such Talons mature): | Not Applicable |
| 27. | Details relating to Partly Paid Notes: amount of each payment comprising the Issue Price and date on which each payment is to be made and consequences (if any) of failure to pay, including any right of the Issuer to forfeit the Notes and interest due on late payment: | Not Applicable |
| 28. | Details relating to Instalment Notes: Instalment Amounts and Instalment Dates: | Not Applicable |
| 29. | Details relating to Extendible Notes: | Not Applicable |
| 30. | Details relating to Renewable Notes: | Not Applicable |
| 31. | Redenomination, renominalisation and reconventioning provisions: | Not Applicable |
| 32. | Consolidation provisions: | Not Applicable |
| 33. | Other terms or special conditions: | Business Days: a "Business Day" is a day on which the TARGET System is open and Condition 3(b) shall be modified accordingly |

**DISTRIBUTION**

| | | | |
|---|---|---|---|
| 34. | (i) | If syndicated, names of Managers: | Not Applicable |
| | (ii) | Stabilising Manager (if any): | Not Applicable |

- 5 -

35.    If non-syndicated, name of Dealer:    Lehman Brothers International (Europe)

36.    Selling restrictions:

    (i)   Netherlands Selling Restrictions:    *Professional Investors only*:

The Notes shall only be offered to individuals or legal entities who or which trade or invest in securities in the conduct of a business or profession (which includes banks, securities intermediaries (including dealers and brokers, insurance companies, pension funds, collective investment institutions, central governments, large international and supranational organizations, other institutional investors and other parties, including treasury departments of commercial enterprises, which as an ancillary activity regularly invest in securities)

    (ii)   Additional Selling Restrictions:    Republic of Italy :

The offering of the Notes has not been registered with the Commissione Nazionale per la Società e la Borsa ("**CONSOB**") (the Italian securities exchange commission) pursuant to the Italian securities legislation and, accordingly, the Notes may not be offered, sold or delivered nor any copies of the Pricing Supplement (or any other document relating to the Notes) distributed, in the Republic of Italy ("**Italy**") in a solicitation to the public at large (*sollecitazione all'investimento*), and the Notes shall only be offered or sold (as the case may be) in Italy if and to the extent that:

    (i)   the Notes are offered or sold to professional investors (*operatori qualificati*), as defined in Article 31, second paragraph of CONSOB Regulation No 11522 of 1 July 1998 (the "**Regulation No 11522**"), as amended, and effected in compliance with the terms and procedures

provided therein; or

(ii)    the Notes are offered or sold in circumstances which are exempted from the rules of solicitation of investments pursuant to Article 100 of Legislative Decree No 58 of 24 February 1998 (the "**Financial Services Act**") and Article 33, first paragraph, of CONSOB Regulation No 11971 of 14 May 1999 (the "**Regulation No 11971**"); or

(iii)    the Notes are sold to a person located in Italy who submits an unsolicited offer to purchase the Notes,

and such sale or offer (as the case may be) shall in any event be effected in accordance with all relevant Italian securities, tax and exchange control and other applicable laws and regulations.

Moreover and subject to the foregoing, the Notes may not be offered, sold or delivered and neither the Pricing Supplement nor any other material relating to the Notes may be distributed or made available in Italy unless such offer, sale or delivery of Notes or distribution or availability of copies of the Pricing Supplement or any other material relating to the Notes in the Italy is:

(i)    made by investment firms, banks or financial intermediaries permitted to conduct such activities in Italy in accordance with the Financial Services Act, Legislative Decree No 385 of 1 September, 1993 (the "**Italian Banking Act**"), the Regulation No 11522, the Regulation No 11971 and any other applicable laws and regulations; and

(ii)    in compliance with Article 129 of the Italian Banking Act and the implementing instructions of the Bank of Italy, pursuant to which the issue, trading or placement of debt

securities in Italy is subject to prior notification to the Bank of Italy, unless an exemption, depending inter alia on the amount of the issue and the characteristics of the securities, applies

**OPERATIONAL INFORMATION**

| | | |
|---|---|---|
| 37. | ISIN Code: | XS0214347360 |
| 38. | Common Code: | 021434736 |
| 39. | Any clearing system(s) other than Euroclear and Clearstream, Luxembourg and the relevant identification number(s): | Not Applicable |
| 40. | Delivery: | Delivery against payment |
| 41. | The Aggregate Nominal Amount of Notes issued has been translated into U.S. Dollars at the rate of U.S. Dollar 1 = EUR 0.75523 producing a sum of (for Notes not denominated in U.S. Dollars): | U.S. Dollars 3,972,299.83 |

**RESPONSIBILITY**

The Issuer accepts responsibility for the information contained in this Pricing Supplement.

**LEHMAN BROTHERS TREASURY CO. B.V. as Issuer**

By: _____

    Authorised Signatory