**Hearing Date and Time:** November 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                           :
In re                                      :   Chapter 11
                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.,     :   Case No. 08-13555 (JMP)
                                           :
                 Debtors.                  :   (Jointly Administered)
                                           :
------------------------------------------------------------x
```

### LEHMAN BROTHERS HOLDINGS INC.'S RESPONSE TO MOTION OF LAWRENCE FOGARAZZO, *ET AL.* PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW ADVANCEMENT UNDER INSURANCE POLICY BY LLOYD'S OF LONDON

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), submit this response to the motion filed by Lawrence Fogarazzo *et al.* (the "Fogarazzo Plaintiffs"), pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") for relief from the automatic stay to allow advancement under insurance policies by Lloyd's of London (the "Motion") [Docket No. 10279], and respectfully represent:

US_ACTIVE:\43513049\11\58399.0003

**Debtors' Response**

1.  As set forth in the Motion, the Fogarazzo Plaintiffs are class representatives in a class action lawsuit that is pending in the United States District Court for the Southern District of New York (the "District Court Action"). The District Court Action involves claims by the Fogarazzo Plaintiffs against various financial institutions, including Lehman Brothers Inc. ("LBI"), relating to alleged malfeasance in connection with certain investment analyst reports. LBI is the subject of a proceeding under the Securities Investor Protection Act of 1970 (as amended, "SIPA"), which is pending before this court (the "SIPA Proceeding"). Pursuant to section 362(a) of title 11 of the United States Code (the "Bankruptcy Code"), the District Court Action was automatically stayed as against LBI by the commencement of the SIPA Proceeding. That stay has not been modified to allow the District Court Action to proceed against LBI.

2.  None of the Debtors are parties in the District Court Action. Moreover, the Fogarazzo Plaintiffs have not filed claims against any of the Debtors nor do they purport to be creditors of any of the Debtors.

3.  The Fogarazzo Plaintiffs seek a modification of the automatic stay to permit them to proceed against "any and all" of the Debtors' insurers in connection with the contingent and unliquidated claims that they have asserted against LBI in the District Court Action.

4.  From time to time, the Debtors have moved for relief from the automatic stay provided for under section 362(a) of the Bankruptcy Code, to allow for the advancement of insurance proceeds for the payment of settlement costs, defense costs, and / or fees, as applicable, by their third party insurers in connection with litigation involving certain of the current and former directors, officers, and / or employees of the Debtors and certain of their

affiliates, including LBI.[1] Accordingly, upon receipt of the Motion, the Debtors undertook a review of their current and legacy insurance coverage to determine whether there were any insurance policies available to satisfy the asserted claims of the Fogarazzo Plaintiffs against LBI, assuming that they were ultimately adjudicated or otherwise settled.

5.  The Debtors identified two policies that would potentially have provided coverage: the Primary Combined Financial Institutions Comprehensive Crime and Professional Indemnity Policy (Policy No. 509/QA529399) (the "Primary Policy") identified in the Motion, and an Excess Combined Financial Institutions Comprehensive Crime and Professional Indemnity Policy (Policy No. 509/QA529499) (the "Excess Policy," together with the Primary Policy, the "Policies"). During the course of their review, however, the Debtors determined that the Policies were terminated in 2004. The Debtors have informed counsel for the Fogarazzo Plaintiffs of such termination and have also advised counsel that there is no other policy to cover the Fogarazzo Plaintiffs' asserted claims.

---

[1] *See, e.g.*, Orders dated March 25, 2009 [Docket No. 3220] (modifying automatic stay to allow advancement of defense costs with respect to XL Specialty Insurance Co. with respect to the 2007-2008 policy period); November 23, 2009 [Docket No. 5906] (modifying the automatic stay to allow advancement of defense costs with respect to Federal Insurance Co. with respect to the 2007-2008 D&O policy period); and August 20, 2010 [Docket No. 10945] (modifying the automatic stay to allow advancement of defense costs with respect to Continental Casualty Co., Certain Underwriters at Lloyd's London, and U.S. Specialty Insurance Co. with respect to the 2007-2008 D&O policy period); *see also Debtors' Motion, Pursuant to Section 362 of the Bankruptcy Code, for an Order Modifying the Automatic Stay to Allow Settlement Payment Under Directors and Officers Insurance Policy* [Docket No. 12363], and *Debtors' Motion, Pursuant to Section 362 of the Bankruptcy Code, for an Order Modifying the Automatic Stay to Allow Advancement Under (i) 2007-2008 Directors and Officers Insurance Policies by Zurich American Insurance Company, ACE Bermuda Insurance Ltd. and St. Paul Mercury Insurance Company, and (ii) 2008-2009 Directors and Officers Insurance Policies by XL Specialty Insurance Company and Federal Insurance Company* [Docket No. 12369], scheduled for hearing on November 17, 2010.

**Relief From the Automatic Stay Would Be Both Futile and Academic**

6. Given that the Policies were terminated in 2004 and there are no proceeds available under any of the Debtors' other insurance policies to satisfy the claims of the Fogarazzo Plaintiffs, granting the relief sought in the Motion would be futile.

7. Moreover, granting stay relief in the chapter 11 case would be an academic exercise because: (i) the District Court Action is currently stayed against LBI, and (ii) the Fogarazzo Plaintiffs have not sought or obtained relief from the automatic stay to pursue the District Court Action and obtain a judgment that could be satisfied by a hypothetical insurance policy.  Accordingly, the relief requested in the Motion is premature, at best, and would serve no purpose.

8. Additionally, the Fogarazzo Plaintiffs have barely addressed, much less satisfied, their burden to demonstrate that cause exists to lift the stay.  *See* 11 U.S.C. § 362(d)(1). Under *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990), the seminal decision in this Circuit, the moving party bears the initial burden to demonstrate that cause exists for lifting the stay by reference to certain indicative factors.  *See Sonnax*, 907 F.2d at 1285.  "If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection."  *Id.* at 1285.  The Motion does not reference <u>any</u> of the *Sonnax* factors, much less demonstrate "cause" for relief from the automatic stay.

WHEREFORE the Debtors respectfully request that the Court deny the Motion and grant the Debtors such other and further relief as is just.

Dated:   November 10, 2010
         New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession