WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :   Case No. 08-13555 (JMP)
                                                             :
                          Debtors.                           :   (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

**DECLARATION OF JEFFREY FITTS IN SUPPORT
OF DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363
OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 6004 AND 9019 FOR AUTHORIZATION TO MODIFY CERTAIN
TERMS OF THE RESTRUCTURING OF THE ARCHSTONE CREDIT FACILITIES**

Pursuant to 28 U.S.C. § 1746, I, Jeffrey Fitts, declare:

1. I am over the age of 18 years and make these statements of my own personal knowledge. If called to testify, I could testify to the truth of the matters set forth herein.

2. I submit this declaration (the "Declaration") in support of the *Debtors' Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6004 and 9019 for Authorization to Modify Certain Terms of the Restructuring of the Archstone Credit Facilities* [Docket No. 12475] (the "Motion")[1] filed in the above-referenced chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI"), Lehman

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Commercial Paper Inc. ("LCPI"), Luxembourg Residential Properties Loan Finance S.a.r.l. ("Luxco") and their affiliated debtors, as debtors in possession (together, the "Debtors" and collectively with their non-debtor affiliates, "Lehman").

3. I am a Managing Director with Alvarez & Marsal Real Estate Advisory Services ("A&M"). I have more than 20 years of experience in assisting insolvent and troubled companies, with a focus on operational and financial restructuring efforts. Prior to joining A&M, I was a Managing Director with GE Commercial Finance ("GE"), where I led GE's Distressed Debt and Alternative Investment Group and managed complex distressed credit. Before joining GE, I was with the Corporate Workout Division (Institutional Recovery Management) of Citicorp, where I spent three years managing investment grade and middle market corporate workouts. I began my career in 1990 as a workout officer and, later, an asset manager with Citicorp Real Estate, where I managed more than $1 billion of office, retail, and industrial projects. I received a bachelor's degree from the University of Delaware in 1988.

4. I was assigned to the representation of Lehman in September 2008. I currently serve as the Co-Head of Lehman's real estate group (the "Real Estate Group"). My primary responsibility as Co-Head of the Real Estate Group is day-to-day management and oversight of Lehman's real estate portfolio, including investments in, among others, the multi-family sector. As Co-Head of the Real Estate Group, I oversee a number of employees of LAMCO LLC ("LAMCO"), a wholly-owned subsidiary of LBHI that is the asset manager for the Debtors and their controlled affiliates and responsible for the management of the Debtors' investments in Archstone. I am a member of the Real Estate Group's Investment Committee, which is charged with approving all of the Real Estate Group's investment decisions.

**Background of the Archstone Transactions**

5.      On May 25, 2010, the Court approved a restructuring (the "Restructuring") of the investments made in Archstone by certain of the Debtors and their affiliates, affiliates of Bank of America, N.A. ("Bank of America") and affiliates of Barclays Capital Real Estate Inc. ("Barclays") pursuant to the *Order Granting the Debtors' Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6004 and 9019 for Authorization to Restructure Certain Terms of the Archstone Credit Facilities* [Docket No. 9229] (the "Restructuring Order"). The key terms of the Restructuring involved, among other things, the conversion (the "Equity Conversion") of financing provided to Archstone by the Debtors' affiliates, Bank of America and Barclays (collectively, the "Co-Sponsors") in the principal amount of approximately $5.2 billion, plus accrued interest, to classes of new equity interests entitled to a preferred return (the "New Equity Interests"). Approximately $2.4 billion of the financing that was to be subject of the Equity Conversion is attributable to the Debtors and their affiliates' interests. The terms of the Restructuring also contemplated that certain loans extended by the Co-Sponsors to Archstone in the aggregate principal amount of $237 million (the "Cutoff Period Loans") would have remained outstanding as a new fully-funded term loan (the "Post-Conversion Term Loan"). The Debtors and their affiliates would have held interests in the Post-Conversion Term Loan in the same amount that they currently hold in the Cutoff Period Loans, approximately $65 million based on the aggregate principal amount of such loans.

6.      As of September 30, 2010, LCPI, Luxco and their affiliates collectively held a beneficial interest in term loans, revolving loans, a development loan and mezzanine loans provided to Archstone by the Co-Sponsors (the "Acquisition Financing") in the aggregate

principal amount of $2.6 billion, inclusive of Cutoff Period Loans in the aggregate principal amount of approximately $65 million. The other Co-Sponsors hold, in the aggregate, Acquisition Financing in the principal amount of approximately $3.0 billion, including Cutoff Period Loans in the aggregate principal amount of approximately $172 million. Through their non-Debtor affiliates, the Debtors currently hold approximately 47% of common equity interests in Archstone. Barclays and Bank of America collectively hold approximately 47% of such interests. The remaining common equity in Archstone is held by third parties. In total, affiliates of Lehman, Bank of America and Barclays invested approximately $4.8 billion in the aggregate into the common equity of Archstone, of which approximately $2.4 billion is attributable to the Debtors' indirect interests.

**Modification of the Restructuring**

7.     The Restructuring involves highly complicated transactions necessitating negotiations with numerous third parties. As described to the Court in connection with the hearing to approve the Restructuring on May 25, 2010, the Restructuring was not fully agreed to by all of such parties at the time the Restructuring Order was entered. Since the entry of the Restructuring Order, the Debtors and the Co-Sponsors have made significant progress towards finalizing the terms of the Restructuring. As a result of further negotiations, the Debtors wish to modify certain terms of the Restructuring: principally, the conversion of the Cutoff Period Loans to a new class of New Equity Interests as part of the Equity Conversion instead of conversion of the Cutoff Period Loans into the Post-Conversion Term Loan.

8.     I believe that the modified terms of the Restructuring are beneficial to the Debtors. After analyzing various alternatives, I, with the assistance of my team, determined that the modifications to the Restructuring provide the best framework for protecting and maximizing

the value of the investments made in Archstone and the proposed modifications are immaterial in the context of the overall value of the Restructuring.  The terms of the Restructuring, as modified, are intended to reduce the leverage of the capital structure of Archstone by a total of approximately $5.2 billion.  Once effectuated, the Restructuring, as modified, will further reduce the leverage of the capital structure of Archstone by an additional amount of approximately $237 million for a total reduction of approximately $5.4 billion by effect of the Equity Conversion. Additionally, the modified Restructuring (i) will further provide the Debtors with the benefit of enhanced terms governing the provisions of the Post-Conversion Facilities, as compared to those of the existing Acquisition Financing facilities; (ii) through such deleveraging and enhanced economics, is anticipated to further maximize the value of the Post-Conversion Financing; (iii) further improves Archstone's capital structure to potentially attract new third-party debt and equity; and (iv) is expected to further minimize the need for additional capital infusions from the Co-Sponsors by reducing the accrual and payment of interest.  By substantially improving Archstone's balance sheet and liquidity position, the Restructuring, as modified, is anticipated to enhance market perception of the financial condition of Archstone, as a premier real estate owner, operator, acquirer and developer.

9. Under the modified terms of the Restructuring, the principal amount of debt held by the Debtors and their affiliates that will be converted to New Equity Interests will increase by approximately $65 million to a total of approximately $2.5 billion.  Although under the modified terms of the Restructuring the holders of the New Equity Interests would relinquish their secured debt positions with respect to the Cutoff Period Loans in exchange for preferred equity positions, recovery of the amounts owing under such loans is expected to be facilitated by further deleveraging Archstone's balance sheet through the modifications to the Restructuring set

forth in the Motion. While the Cutoff Period Loans will no longer be secured debt after the Restructuring, the priority of the New Equity Interests is intended to maintain the existing priority of such loans relative to the interests of other creditors of and holders of equity in Archstone. Indeed, because the majority of the Acquisition Financing was extended to an Archstone entity and guaranteed by such entity's direct and indirect parents, the Cutoff Period Loans were primarily secured by the equity value of such entity's assets rather than specific properties.

10. The modified terms of the Restructuring are the product of a protracted, good-faith, arms'-length negotiation process. The negotiation of the Restructuring was still ongoing upon entry of the Restructuring Order and continues through the date hereof. These ongoing negotiations have led to the modified terms of the Restructuring, which remain substantially similar to the terms approved in the Restructuring Order.

11. While the principal terms of the Restructuring have been finalized, in the process of documenting the Restructuring, it may become necessary to make further modification to certain terms of the Restructuring. The Debtors therefore request authority to further modify the terms of the Restructuring only if, upon consultation with the Creditors' Committee, the Debtors determine that such modifications have no materially negative effect on the Debtors' claims or interests with respect to Archstone.

12. In connection with obtaining the requisite internal approvals at Lehman, as is customary, employees of LAMCO prepared an extensive memorandum outlining the Restructuring, its terms, and the Real Estate Group's recommendation for approval thereof. Following an extensive review and comment period, the Restructuring was approved by the Real Estate Group's Investment Committee and subsequently approved by John Suckow, an A&M

Managing Director currently serving as LBHI's President, Bryan Marsal, the Co-Chief Executive Officer of A&M currently serving as LBHI's Chief Executive Officer, and the board of directors of LBHI.

[*The remainder of this page is intentionally left blank*]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 12th day of November, 2010.

/s/ Jeffrey Fitts
Jeffrey Fitts