UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                        :    Chapter 11 Case No.  08-13555 (JMP)
                                                              :
LEHMAN BROTHERS HOLDINGS, INC.,        :    (Jointly Administered)
et al.,                                                       :
                                                              :
          Debtors.                                      :
------------------------------------------------------------x

**PETROLEUM REALTY INVESTMENT PARTNERS, L.P.'s RESPONSE TO
DEBTOR'S OBJECTION TO CLAIM NOS. 4415, 4416, 4417, 4418, 4419, 4420, 4421,
4422, 4423, 4424, 4425, 4426, 4427, 4428, 4429, 4430, 4431, 4432, 4433 AND 4434**

Petroleum Realty Investment Partners, L.P. (hereafter "PRIP"), through undersigned

counsel, responds to the Debtor's Objection to PRIP's timely-filed claims filed as Claim Nos.

4415, 4416, 4417, 4418, 4419, 4420, 4421, 4422, 4423, 4424, 4425, 4426, 4427, 4428, 4429,

4430, 4431, 4432, 4433 and 4434, which asserted that the claims should be disallowed as having

failed to provide supporting documentation.

As a threshold matter, that a proof of claim may lack sufficient documentation is not a

basis to disallow it; it merely strips the proof of claim of prima facie allowance.  *See In re Los*

*Angeles Intern. Airport Hotel Assocs.*, 196 B.R. 134, 139 (9th Cir. BAP 1996), *affirmed*, 106 F.3d

1479 (9th Cir. 1997) ("Rule 3001(c) provides that "[w]hen a claim, or an interest in property of

the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with

the proof of claim." The failure to attach such a writing, when required, does not automatically

invalidate the claim; it does, however, deprive the claim of prima facie validity under Rule

3001(f). *In re Stoecker,* 5 F.3d 1022, 1027-28 (7th Cir. 1993); *Ashford v. Consolidated Pioneer*

*Mortgage (In re Consolidated Pioneer Mortgage),* 178 B.R. 222, 226-27 (9th Cir. BAP 1995).")

(Footnote omitted)).  *See also Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318

B.R. 147, 150 (8th Cir. BAP 2004) ("Section 502(b) sets forth the *sole* grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies.") *Id.* at 153 ("The Bankruptcy Code could not be more clear: a claim, **proof** of which is filed, shall be allowed unless it falls within one of the exceptions set forth in Section 502(b). The Claimant filed **proofs** of claims and the Debtor failed to allege much less present any evidence that the claims fell within one of the exceptions. Consequently, the claims were properly allowed.") (Emphasis in original); *In re Greater Southeast Community Hospital Corp I.*, 2008 WL 2265709 *1 (Bankr. D. D.C., May 14, 2008):

> Although the order setting a deadline for the submission of a proof of claim also directed each creditor to include any supporting documentation, that directive was intended to facilitate the Trust's evaluation of the claims, and the order did not provide that failure to submit supporting documentation would result in disallowance of the claim. Nor has the Trust shown that the order could have properly done so. The Trust's Objection has not shown that the patient refund claims were "based on a writing" within the meaning of F.R. Bankr.P. 3001(c). Moreover, even when a creditor's claim *is* based on a writing, and was thus required by Rule 3001(c) to include supporting documentation, that would not suffice as a ground to disallow the claim. It would only rob the claim of its evidentiary effect under Rule 3001(f), and not constitute a ground, in and of itself, for disallowance.

In the latter case, the court overruled the objection and doubted that the patients' claims against the hospital debtor for alleged overpayments were based on a writing.  This is commonly the case also when a claim is tort-based.

The Instructions for Proof of Claim Form – Official Form 10 – explains that the documents that ought to be attached to the proof of claim are those that "document[ ] the existence of the debt".  There is no single document or series of documents that can perform that task in these circumstances.  As in civil litigation where a party demands production of documents of a certain description from the other party, there is no duty to create a document that does not exist.  It is well recognized that a creditor with a claim that does not lend itself to

documentation is not *ipso facto* disallowed in a bankruptcy case.  *See, e.g., In re Los Angeles Intern. Airport Hotel Assocs.*, 106 F.3d 1479 (9th Cir. 1997) (because claimant's sales and use tax claim was not one "based on a writing" but by operation of law, claimant not required to attach a supporting document); *In re Pan*, 209 B.R. 152 (D. Mass. 1997) (same).

Accordingly, the Objection should be overruled.

Even if the proofs of claim are deemed technically insufficient, PRIP hereby amends them via this response to include documentation attached as **Exhibit "A"** as follows: (1) The first and last two pages of a Limited Partnership Agreement of Petroleum Realty Investment Partners, L.P., a Delaware limited partnership, documenting the partnership relationship between PRIP, the general partner, and the Lehman Brothers entity, known as Petro L Corp., a Delaware corporation, the limited partner. (The document is too voluminous for attachment to a proof of claim – 65 pages long.  It is available to the Debtor if it requests to see it in its entirety.)  (2) The first and last two pages of a Loan Agreement Dated as of April 20, 1999 by and among Petroleum Realty Investment Partners, L.P. and any Property-Owning Subsidiary collectively as Borrower, Lehman Commercial Paper Inc. as Agent and Each Lender Signatory Hereto. (The document is too voluminous for attachment to a proof of claim – 119 pages long.  It, too, is available to the Debtor if it requests to see it in its entirety.)  (3) A five-page, single-spaced letter, dated November 14, 2006, from Stephen H. Bittel, President of Petroleum Realty Corporation, to Thomas A. Russo, Chief Legal Officer, Chief Executive Officer and Chair of Executive Committee of Lehman Brothers.

Amendment to a proof of claim to supply documentation is liberally allowed. *See, e.g., In re Stoecker,* 5 F.3d at 1027:

> If the documentation is missing, the creditor cannot rest on the proof of claim. It does not follow that he is forever barred from establishing the claim. Nothing in

the principles or practicalities of bankruptcy or in the language of any rule or statute justifies so disproportionate a sanction for a harmless error. Forfeitures of valuable claims, and other heavy sanctions, should be reserved for consequential or easily concealed wrongs. *Prussner v. United States,* 896 F.2d 218, 224 (7th Cir. 1990) (en banc); *Lorenzen v. Employees Retirement Plan,* 896 F.2d 228, 232 (7th Cir. 1990). A creditor should therefore be allowed to amend his incomplete proof of claim ... to comply with the requirement of Rule 3001, provided that other creditors are not harmed by the belated completion of the filing. *In re Unioil,* 962 F.2d 988, 991-93 (10th Cir. 1992); *In re Unroe,* 937 F.2d 346 (7th Cir. 1991); *Wilkens v. Simon Bros., Inc.,* 731 F.2d 462, 464-65 (7th Cir. 1984) (per curiam); *In re South Atl[.] Fin[.] Corp.,* 767 F.2d 814, 819 (11th Cir. 1985).

Therefore, if the proofs of claim do not already fully comply with the Official Form and the Court's order, then with these additional documents, they would now fully and indisputably comply with the technical requirements of both.  The Court should, therefore, allow the amendments to clarify the nature of the timely-filed claims and deal with them on the merits at the appropriate time.

Obviously the excerpts from the attached lengthy documents hardly provide an adequate explanation of the claims PRIP has against the Debtors.  That is exactly the point about why documents were not required in this case: the claims are not really based on documents.  What the claims are about is explained below, and as set forth in Mr. Bittel's letter to Mr. Russo.

Lehman Brothers, through its entities, Petro L Corp. and Lehman Commercial Paper Inc., acted as both partner and lender with respect to PRIP in connection with the purchase of a portfolio of gasoline stations.  Because Lehman Brothers is both PRIP's partner and lender, Lehman owed PRIP a fiduciary duty of utmost good faith and fair dealing with respect to the partnership and loan relationship.

In conjunction with the partnership and loan relationship with PRIP, Lehman Brothers or its entities also entered into a lender relationship with the tenants occupying the portfolio of gasoline stations, Trico V Petroleum, Inc. and Trico VII Petroleum, Inc. (the "Tenants"), secured

3230047-3                                                     4

by leasehold mortgages on the properties.  The Tenants defaulted on their obligations to PRIP under the Tenants' leases and on their obligations with Lehman.  The Tenants' breaches of their leases with PRIP resulted in years of protracted litigation to recover the properties.  However, Lehman took no action against the Tenants to foreclose upon the leasehold mortgages or to enforce the loans with the Tenants, primarily for the purpose of preserving Lehman's rights with respect to environmental claims asserted against the properties' insurer, AIG.  In doing so, Lehman aided its borrower – PRIP's defaulted tenant – to the great detriment of PRIP. Lehman's purposeful inactivity interfered with PRIP's ability to liquidate the properties to pay Lehman's debt in accordance with its own terms, and to realize a profit for PRIP and the partnership.

As a direct and proximate result of Lehman's failure to act against the Tenants, the Tenants remained in possession of the properties for years longer than necessary.  This intentional delay prevented PRIP from retaking possession of the properties for the purpose of resale to extinguish PRIP's indebtedness to Lehman, and caused PRIP to bear the considerable expense of the unnecessarily protracted litigation and the ongoing debt burden.  The delay in securing possession of the properties also adversely affected PRIP and the Partnership because the value of the properties diminished drastically over the years.  Even after PRIP recovered possession of the properties, Lehman interfered with PRIP's ability to sell certain of the properties to reduce the indebtedness and acted in bad faith with respect to attempts to restructure the loan relationship.  Lehman's actions constitute breaches of its fiduciary duties owed in connection with the partnership and loan relationship with PRIP, and were in breach of obligations owed under the Limited Partnership Agreement and  the Loan Agreement.

For the reasons addressed above, PRIP requests the Court to overrule the objection.

Dated: November 12, 2010                    Respectfully submitted,

                                            BERGER SINGERMAN, P.A.
                                            *Counsel for Petroleum Realty*
                                            *Investment Partners, L.P.*
                                            2650 North Military Trail, Suite 240
                                            Boca Raton, FL  33431-7391
                                            Telephone (561) 241-9500
                                            Facsimile (561) 998-0028

                                            By:   */s/  Arthur J. Spector*
                                                  Arthur J. Spector
                                                  Florida Bar Number 620777
                                                  (admitted to the bar of the United States
                                                  District Court for the Southern District of
                                                  New York)
                                                  aspector@bergersingerman.com

3230047-3                    6