Hearing Date and Time:  November 17, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                          :

In re:                                                           :        Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.,     :        08-13555 (JMP)

                                         Debtors.     :        (Jointly Administered)
                                                                        :
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH
RESPECT TO DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363
OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 6004 AND 9019 FOR AUTHORIZATION TO MODIFY CERTAIN
TERMS OF THE RESTRUCTURING OF THE ARCHSTONE CREDIT FACILITIES**

                The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement with respect to the Debtors' motion [Docket No. 12475], dated November 2, 2010, pursuant to sections 105 and 363 of title 11 of the Unites States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure seeking authorization to modify certain terms of the

previously authorized restructuring (the "Restructuring," and as modified, the "Modified Restructuring") of the Archstone Credit Facilities (the "Motion")[1]:

**STATEMENT**

1. The Committee concurs in the Debtors' view that the Modified Restructuring is in the best interests of the Debtors' estates and creditors. The Committee believes that the terms of the Modified Restructuring are the product of a sound exercise of the Debtors' business judgment because they have been carefully formulated to fully preserve the existing rights of the Co-Sponsors (including the Debtors) while better positioning them to maximize the value of what remains the largest asset in the Debtors' real estate portfolio.

2. The Committee has reached this conclusion while fully cognizant of the fact that conversion of secured debt to equity is a concession never to be lightly granted. However, having analyzed both the Restructuring and the Modified Restructuring from all relevant financial and legal angles, the Committee and its advisors have determined that the proposed conversion of the existing Archstone debt is acceptable for two reasons.

3. *First*, the equity to be exchanged for the existing Archstone debt, both in connection with the Restructuring and the Modified Restructuring, will be issued in tranches that fully preserve the existing priority scheme. Thus, while the Debtors will be forfeiting the secured status of their existing corporate-level claims, their claims will not thereby become subordinated to any claim or equity interest to which they are not already junior.

4. *Second*, the conversion of the Cutoff Period Loans to New Equity Interests to be effectuated by the Modified Restructuring will yield additional benefits for the Debtors' estates, including, without limitation: (i) further reduction of Archstone's debt burden by $237

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

million with the consequent maximization of the value of the Post-Conversion Financing; (ii) minimization of the need for capital infusions from reducing the accrual and payment of interest; and (iii) enhanced market perception of the financial condition of Archstone, which should potentially contribute to attracting new third-party debt and equity investors.

5. Finally, the Committee agrees that the Debtors should be authorized to make further modifications to the Restructuring to the extent that such modifications have "no materially negative effect on the Debtors' claims or interests with respect to Archstone as modified by the order approving this Motion and the Restructuring." (Motion ¶ 22.) The Committee and its advisors are well acquainted with the asset, are in frequent communications with the Debtors concerning ongoing negotiations, and, consequently, are well-positioned to assess whether additional modifications require further consideration by the Court.

**WHEREFORE**, the Committee respectfully requests that the Court (i) grant the Motion; and (ii) grant such other relief as is just.

**Dated:**   New York, New York
             November 12, 2010

                            **MILBANK, TWEED, HADLEY & McCLOY LLP**

                            By: /s/ Dennis F. Dunne
                            Dennis F. Dunne
                            Evan R. Fleck
                            Dennis C. O'Donnell
                            1 Chase Manhattan Plaza
                            New York, NY 10005
                            Telephone: (212) 530-5000

                            Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.