BINGHAM McCUTCHEN LLP
Andrew C. Phelan
Evan J. Benanti
One Federal Street
Boston, MA 02110
(617) 951-8000

*Counsel for State Street Bank and Trust Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS INC.,    :    Case No. 08-13555 (JMP)
*et al.*,                                          :
                                                   :    (Jointly Administered)
                 Debtors.                          :
                                                   :
                                                   :
---------------------------------------------------------x

**STATE STREET'S REPLY BRIEF IN SUPPORT OF STIPULATION
GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

State Street Bank and Trust Company ("State Street") files this reply in support of the Stipulation, Agreement and Order Granting State Street Bank and Trust Company Limited Relief from the Automatic Stay (the "Stipulation"). The Stipulation was signed by State Street, Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI", and with LBHI, "Lehman") (Dkt #12281). This reply responds to the amended objection filed by LH 1440 L.L.C. (the "Borrower") (Dkt # 12709) (the "Objection"). For the reasons stated below, the Court should reject Borrower's Objection and approve the Stipulation.

**Brief Background**

The relevant background for this matter is set forth in Recitals A to I of the Stipulation. A few additional relevant facts are stated here. The Borrower filed an adversary proceeding against Lehman and State Street on March 31, 2009 (Adv. Pro. No. 09-01138 (JMP)) (the "Adversary Proceeding"). The Court granted State Street's motion to dismiss the complaint in

A/73553331.5

September 2009. After the Borrower filed an amended complaint, the Court granted State Street's second motion to dismiss in July 2010. In August 2010, by stipulation, the Borrower voluntarily dismissed all its remaining claims in the Adversary Proceeding against Lehman, reserving the right to re-file if the Borrower's appeal was successful. [Adversary Proceeding, Dkt. #40]. At present, there is no pending adversary proceeding as to the Acquisition Loan. The Borrower's appeal of the State Street dismissal is pending decision by the District Court.

## Argument

A. **The Stipulation Seeks To Lift The Automatic Stay As To A Mortgage In Which The Lehman Estate Lacks Any Unprotected Interest**

It is undisputed -- even by the Borrower -- that State Street alone owns the Acquisition Loan Mortgage. It also is undisputed that the Acquisition Loan Mortgage is senior to and has priority over the Building Loan Mortgage and the Project Loan Mortgage. Lehman stipulated to that fact, *see* Stipulation at Recital H; the Borrower does not, and cannot, dispute it.[1] Further, the Stipulation provides that, to the extent that State Street recovers any amount in excess of what it is owed under the Acquisition Loan, State Street will remit that additional amount to Lehman under the junior Building Loan Mortgage and Project Loan Mortgage. Stipulation ¶3. That amount is now substantially more than $16 million; State Street does not expected that any

---

[1] Nor could Borrower contest the priority of the Acquisition Loan Mortgage because loan documents that the Borrower signed establish that priority. Section §15.15 in both the Building Loan Mortgage and in the Project Loan Mortgage, both of which Borrower signed, state that the Building Loan and Project Loan "are subordinate in lien priority to the Acquisition Loan Mortgage". True and accurate excerpts of the Building Loan Mortgage and Project Loan Mortgages are attached hereto as **Exhibit A**. Similarly, a detailed Escrow Instructions letter dated June 8, 2007, directed the escrow agent to file the Acquisition Loan Mortgage before both the Building Loan Mortgage and the Project Loan Mortgage. A true and accurate copy of the Escrow Instructions Letter is attached as **Exhibit B**. This intent is consistent with New York law that the first to register a mortgage has seniority and priority. *See Giragosian v. Clement*, 199 A.D.2d 656, 657 (N.Y. App. Div. 1993) ("[A]s between two duly recorded conveyances, the claim of the person whose instrument is first recorded has priority"). The escrow agent properly executed the Escrow Instructions, as shown by the consecutive registration numbers for Acquisition Loan Mortgage, Building Loan Mortgage, and Project Loan Mortgage, which received the City Register File Numbers ending in, respectively, 632, 633, and 634.

recovery will even remotely approach that amount. The Stipulation seeks to lift the automatic stay <u>only</u> for the Acquisition Loan. The jurisdiction and focus of the Bankruptcy Court concerns the disposition of assets of the <u>Lehman</u> estate. Because the Lehman estate has no interest in the Acquisition Loan Mortgage, and because any Lehman interest in any excess proceeds from a foreclosure on the Borrower's collateral under the Building Loan Mortgage and Project Loan Mortgage is protected by the Stipulation, the Stipulation should be approved.

        **B.     The Borrower's Pending Appeal Has No Bearing On The Propriety of the Stipulation.**

The Borrower's sole argument for not lifting the stay is that it has an appeal pending of this Court's decision dismissing the Borrower's Adversary Proceeding complaint against State Street. Objection at ¶¶1-3. Specifically, the Borrower claims that its Adversary Proceeding against State Street would be rendered moot if the Court approves the Stipulation. Objection at ¶3. This argument is meritless because, whether or not that appeal is affirmed, the Borrower's claims in the Adversary Proceeding have no bearing on the propriety of the Stipulation. As the Court may recall, the Borrower argued in its Adversary Proceeding that State Street, when it bought the Acquisition Loan from Lehman, also bought from Lehman the Building Loan and Project Loan.[2] State Street contested the Borrower's argument of a single super-loan based on the plain language of numerous loan documents, arguing that State Street bought only the Acquisition Loan. The Court agreed in two comprehensive decisions where it found, based on clear and unambiguous terms in the loan documents, that State Street bought the Acquisition Loan only, and not the Building or Project Loans. Assuming that the Court's decision is upheld

---

[2] The reason the Borrower makes this argument is because Lehman -- the Borrower's counterparty under the Building Loan and Project Loan -- is in bankruptcy and will not make the future funding obligations under those loans. Borrower apparently seeks to impose those future funding obligations on State Street or raise the failure to make them as a defense to State Street's enforcement of its rights under the Acquisition Loan Mortgage.

on appeal, approval of the Stipulation is warranted because it seeks to lift the automatic stay only as to State Street's Acquisition Loan, which does not belong to the Lehman estate.

The same result follows, however, even in the very unlikely event that the Borrower were to prevail on appeal. In that event, there would be a remand to this Court, either with a finding that the clear terms of the loan documents demonstrate that State Street acquired the Building Loan and Project Loan or with instructions to resolve a disputed fact as to that issue. Even if it were found that State Street acquired both the Building and Project Loans (which conclusion would require very creative readings of the plain terms in the loan documents), even that result would support approving the Stipulation for two reasons. First, it would not change the fact that State Street alone owns the Acquisition Loan Mortgage, which is the only mortgage as to which a lift of the stay is requested. Second, such a victory for the Borrower (and even further assuming Borrower would prevail on a remand) would only prove that State Street -- and not Lehman -- also owned the Building and Project Loans. Such a result would only demonstrate that there should be no automatic stay at all as to Building and Project Loans because they were not part of the Lehman estate. Thus, whether the Borrower wins or loses on appeal, either result supports signing the Stipulation because it will have no impact on the State Street's sole ownership of the Acquisition Loan.

At bottom, Borrower's Adversary Proceeding is a dispute that is exclusively between the Borrower and State Street and does not implicate any Lehman property, even if the Borrower was right that State Street owns all three loans. The Borrower pursues its effort in the Adversary Proceeding to foist the Building and Project Loans onto State Street as part of its defense (nonpayment of future loan advances) to a foreclosure <u>by State Street under the Acquisition Loan</u>. Borrower's efforts are meritless, as this Court has twice found, but also fail to establish

jurisdiction before the Bankruptcy Court administering property that belongs to the Lehman estate.[3]

## CONCLUSION

For the foregoing reasons and those stated in the Stipulation, the Court should reject the Borrower's Objection and approve the Stipulation.

Dated: November 15, 2010
Boston, Massachusetts

Respectfully submitted,

**BINGHAM McCUTCHEN LLP**

By: /s/ Andrew C. Phelan
Andrew C. Phelan (*admitted pro hac vice*)
Evan J. Benanti (EB1202)
One Federal Street
Boston, MA 02110
(617) 951-8000

*Counsel for State Street Bank and Trust Company*

---

[3] The Court can also reject the Borrower's effort here for the additional and independent reason that the Borrower seeks to circumvent the Bankruptcy Rules that require a party to move for a stay and post a bond in order to stay judgment pending appeal. The Borrower could have moved under Fed. R. Bankr. P. 8005 for a stay of the dismissal of its Adversary Complaint but made the strategic decision not to do so, likely to avoid the requirement to post a bond. *See, e.g., In re Adelphia Communications Corp.*, 361 B.R. 337, 350-51 (S.D.N.Y. 2007) (party seeking a stay without bond must show why the court should depart from the standard requirement of requiring a bond). Regardless of the reason, the Borrower made the strategic decision not to seek a stay pending appeal. The Borrower cannot now use the Bankruptcy Code's automatic stay provisions to circumvent the stay-pending-appeal and bond requirements that the Borrower tactically declined to pursue in the Adversary Proceeding.