# **EXHIBIT B**

**WINDELS MARX LANE & MITTENDORF, LLP**
156 WEST 56TH STREET
NEW YORK, NEW YORK 10019
TELEPHONE: 212.237.1000
FACSIMILE: 212.262.1215

NEW BRUNSWICK, NJ

PRINCETON, NJ

FLORHAM PARK, NJ

STAMFORD, CT

BONITA SPRINGS, FL

**ESCROW INSTRUCTIONS**

June 8, 2007

New York Land Services
630 Third Avenue
12th Floor
New York, NY 10017
Attn: Ellen Lee, Esq.

Re: (i) Acquisition Loan in the amount of $15,649,568.31 from Lehman Brothers Holdings Inc. ("Lender") to LH 1440 L.L.C. ("Borrower (ii) Building Loan in the amount of $4,875,819.00 from Lender to Borrower (iii) Project Loan in the amount of $6,232,323.69 from Lender to Borrower

Ladies and Gentlemen:

Our client, Lehman Brothers Holdings Inc., a Delaware corporation ("**Lender**") has today made (i) an acquisition loan to LH 1440 L.L.C. ("**Borrower**") in the principal amount of $15,649,568.31 ("**Acquisition Loan**") in accordance with the terms and provisions of that certain Acquisition and Project Loan Agreement between Lender and Borrower dated the date hereof (the "**Loan Agreement**"); (ii) a building loan to Borrower in the amount of $4,875,819.00 ("**Building Loan**") in accordance with the terms and provisions of that certain Building Loan Agreement between Lender and Borrower dated the date hereof (the "**Building Loan Agreement**"); (iii) a project loan to Borrower in the amount of $6,232,323.69 ("**Project Loan**") in accordance with the terms and provisions of the Loan Agreement. The Project Loan together with the Acquisition Loan, and Building Loan, are hereinafter referred to collectively, as the "**Loan**"). This letter shall constitute the escrow instructions for the closing of the Loan.

A portion of the proceeds of the Loan, as set forth in the settlement statement (the "**Settlement Statement**") executed as of the date hereof and attached hereto as Exhibit I, will be wired to the escrow account of New York Land Services (the "**Escrow Agent**"), to the Escrow Account identified on Exhibit A hereto and, subject to the satisfaction of all the terms and conditions hereof and delivery of written authorization from Lender or the undersigned, you are

{10398394:3}

New York Land Services
Page 2

hereby authorized to disburse the funds in accordance with the payment direction letter executed by Borrower of even date herewith and attached hereto as Exhibit B (the "**Direction Letter**"). The proceeds of the Escrow Account are to be held in escrow by the Escrow Agent and disbursed only in accordance with the terms of these Escrow Instructions.

Lender will deliver to Escrow Agent to be held in escrow, the documents listed on Exhibit C hereto (the "**Acquisition Loan Documents**"), Exhibit D hereto (the "**Building Loan Documents**"),and Exhibit E hereto (the "**Project Loan Documents**"). The Acquisition Loan Documents, Building Loan Documents, and the Project Loan Documents shall be referred to herein collectively as the "**Lender Loan Documents**"), subject to the satisfaction of all the terms and conditions of these Escrow Instructions and subject to the delivery of written authorization from Lender and the undersigned to distribute the original Lender Loan Documents as directed to the parties hereto.

Closing of the escrow established pursuant to these instructions is subject to the following conditions precedent:

1. Escrow Agent has received the following documents in form acceptable for recording or filing:

   (a) Those certain Bargain and Sale deeds dated the date hereof (a deed from J.J. Lyons Associates to Borrower; a deed from Lockaway 2 LLC to Bronx AL LLC, Bronx RG LLC and Bronx RMT LLC; and a deed from Bronx AL LLC, Bronx RG LLC and Bronx RMT LLC to Borrower (collectively, "**Deed**")), which Deeds convey all right, title and interest of J.J Lyons Associates Inc. and Bronx AL LLC, Bronx RG LLC and Bronx RMT LLC, collectively, as seller, in the real property located at 825 Bronx River Avenue and 1440 Story Avenue, Bronx, New York, together with the improvements and fixtures located thereon, to Borrower;

   (b) to be recorded immediately after the Deed in subsection (a) above, that certain Assignment of Mortgage dated as of the date hereof given by Sovereign Bank, as successor to Independence Community Bank, to Lender ("**Assignment of Mortgage**");

   (c) to be recorded immediately after the Assignment of Mortgage in subsection (b) above, that certain Gap Mortgage and Security Agreement dated as of the date hereof, made by Borrower in favor of Lender (the "**Gap Mortgage**");

   (d) to be recorded immediately after the Gap Mortgage in subsection (c) above, that certain Consolidated, Amended and Restated Acquisition Mortgage and Security Agreement dated as of the date hereof, between

{10398394:4}

New York Land Services
Page 3

<ol start="5" style="list-style-type: lower-alpha">
</ol>

     Borrower and Lender, together with the Section 255 Affidavit relating thereto (the "**Acquisition Mortgage with Section 255 Affidavit**");

(e) to be submitted to the Bronx clerk's office, the (x) Notice of Lending by Lender ("**Notice of Lending**") and (y) Building Loan Agreement dated as of the date hereof between Borrower and Lender (the "**Building Loan Agreement**");

(f) to be recorded immediately after the Acquisition Mortgage with Section 255 Affidavit in subsection (d) above, that certain Building Loan Mortgage and Security Agreement dated as of the date hereof between Borrower and Lender (the "**Building Mortgage**");

(g) to be recorded immediately after the Building Mortgage in subsection (f) above, that certain Project Loan Mortgage and Security Agreement dated as of the date hereof between Borrower and Lender (the "**Project Mortgage**") (the Gap Mortgage, Acquisition Mortgage, Building Mortgage and Project Mortgage shall be referred to herein collectively as the "**Security Instrument**");

(h) to be recorded immediately after the Project Mortgage in subsection (g) above, that certain Assignment of Leases and Rents dated as of the date hereof by Borrower for the benefit of Lender and corresponding Section 255 Affidavit (the "**ALR with Section 255 Affidavit**"); and

(i) to be recorded immediately after the ALR with Section 255 Affidavit in subsection (h) above, that certain Memorandum of Option Agreement dated as of the date hereof between Borrower and Lender ("**Option Memo**").

2. Escrow Agent has received the following documents in filing form:

(a) One (1) UCC-1 Fixture Filing Financing Statement listing Borrower, as debtor, in favor of Lender, as secured party, to be filed in Bronx County, New York, with respect to the fixtures located on the real property subject to the Acquisition Mortgage; and

(b) One (1) UCC-1 Financing Statement listing Borrower, as debtor, in favor of Lender, as secured party, to be filed with the Secretary of State of Delaware with respect to such debtor's personal property subject to the Acquisition Mortgage;

(c) One (1) UCC-1 Fixture Filing Financing Statement listing Borrower, as debtor, in favor of Lender, as secured party, to be filed in Bronx County,

{10398394:4}

New York Land Services
Page 4

>   New York, with respect to the fixtures located on the real property subject to the Building Mortgage;

(d) One (1) UCC-1 Financing Statement listing Borrower, as debtor, in favor of Lender, as secured party, to be filed with the Secretary of State of Delaware with respect to such debtor's personal property subject to the Building Mortgage;

(e) One (1) UCC-1 Fixture Filing Financing Statement listing Borrower, as debtor, in favor of Lender, as secured party, to be filed in Bronx County, New York, with respect to the fixtures located on the real property subject to the Project Mortgage; and

(f) One (1) UCC-1 Financing Statement listing Borrower, as debtor, in favor of Lender, as secured party, to be filed with the Secretary of State of Delaware with respect to such debtor's personal property subject to the Project Mortgage.

3. Escrow Agent, as agent for Lawyers Title Insurance Corporation, under Loan Policy Numbers K56-0035643, K56-0035644, and K56-0035645, each dated June 8, 2007, shall be in a position to irrevocably issue policies of title insurance for the benefit of Lender and Borrower in accordance with the "pro forma" previously approved by Lender for the title policies to be attached hereto as Exhibit G (collectively, the "**Title Insurance Policy**").

4. The Title Insurance Policy shall be dated as of the date of closing, and shall not be subject to any unpaid real estate taxes that are due and a lien.

5. This office shall have received written or telephonic confirmation from Escrow Agent that the events described in paragraphs (1) through (4) have occurred.

6. You shall have accepted the terms of these instructions and shall have executed and delivered to the undersigned a copy of this letter to indicate your consent to and acceptance of these instructions.

7. Escrow Agent shall have received written or telephonic confirmation from this office that Lender is in receipt of all other items required by Lender to close the Loan.

Upon satisfaction of the above conditions precedent:

(i) Escrow Agent is hereby instructed and authorized to record the documents listed in Paragraph 1 above in the applicable city register's offices, and file the UCC-1 Financing Statements listed in paragraph 2 in the applicable Office of the Secretary of State and any appropriate register's offices;

New York Land Services
Page 5

      (ii)    Escrow Agent is hereby instructed and authorized to disburse the proceeds of the Escrow Account in accordance with the Direction Letter and the Settlement Statement;

      (iii)    Escrow Agent is hereby instructed and authorized to deliver to the undersigned by Federal Express or other nationally recognized overnight courier service the <u>originals</u> of the Title Insurance Policies complying with the requirements set forth in this letter; and

In that there are outstanding items that need to be approved by Lender prior to closing of the transaction, Lender does not waive any rights of Lender to withdraw the Lender Loan Documents from escrow, and, upon request by Lender or Lender's counsel, you are to return all of the Lender Loan Documents to Lender's counsel, and return all funds to Lender.

If for any reason the Loan has not closed pursuant to the terms of these instructions on or before 5:00 p.m. E.S.T. on Friday, June 8, 2007, you are to immediately notify the undersigned, as attorneys for Lender. If Lender and Borrower cannot agree on further instructions, you are to return to Lender the proceeds of the Escrow Account upon Lender's request and destroy the documents received in escrow under these instructions.

Borrower shall countersign these instructions to acknowledge that it shall pay interest on all funds wired by Lender to the Escrow Account from the date so wired until the Loan is paid in full, whether or not the funds are returned to Lender pursuant to the preceding paragraph, and whether or not the funds are disbursed from the Escrow Account on the wiring date.

Escrow Agent shall not charge the account of Lender or Windels Marx Lane & Mittendorf, LLP for any escrow fees, title insurance premiums, recording fees, filing fees or taxes or other charges in connection with these instructions, all of which are to be paid by Borrower.

It is understood that the escrow instructions contained herein may be modified by letter from Lender's counsel to the Escrow Agent without the necessity of obtaining the consent Borrower to such modifications.

Please indicate your agreement to these instructions by signing two (2) counterparts of this letter in the space provided below. Please fax one (1) fully-executed counterpart of the main body of this escrow letter to Carrie E. Foote, Esq. at 212-262-1215 immediately after execution by you, and deliver the entire original fully executed letter (with exhibits) to the undersigned by Federal Express or other nationally recognized overnight courier service or by hand delivery for receipt on or prior to June 8, 2007. The parties hereto may rely upon facsimile execution copies of these Escrow Instructions, which may be executed in counterparts.

{10398394:4}

New York Land Services
Page 6

**[Remainder of Page Left Intentionally Blank, Signatures on Following Page]**

{10398394:4}

New York Land Services
Page 7

**[Signature Page to Escrow Instructions]**

If you have any questions regarding these instructions, please contact me at (212) 237-1019.

Very truly yours,

*Windels Marx Lane & Mittendorf*
Windels Marx Lane & Mittendorf, LLP

**[Signatures Continued On Next Page]**

{10398394:3}

[Signature Page to Escrow Instructions, Continued]

**BORROWER:**

**LH 1440 L.L.C.,**
a Delaware limited liability company

By:   Lighthouse 1440 Operating, LLC,
      a New York limited liability company,
      its manager

      By: _____
      Name: PAUL COOPER
      Title: Member/Manager

[Signatures Continued On Next Page]

[Signature Page to Escrow Instructions – cont.]

Agreed to and accepted as of
this 8 day of June, 2007:

**ESCROW AGENT**:

The undersigned is signing these Escrow Instructions to acknowledge its obligations to wire those proceeds of the Loan transferred to its escrow account in accordance with the terms and conditions hereof. The undersigned does not have any responsibility for the recording of the documents referenced in Paragraph 1 hereof.

**NEW YORK LAND SERVICES**

By: _____
Name: Ellen Lee
Title: Commercial Counsel

{10398394;3}

## EXHIBIT A

## WIRE INSTRUCTIONS

**NEW YORK LAND SERVICES - WIRING INSTRUCTIONS:**

| | |
|---|---|
| **ACCOUNT NAME:** | COMMONWEALTH LAND TITLE INS. CO. AS AGENT FOR NEW YORK LAND SERVICES |
| **ACCOUNT NUMBER:** | 230319645 |
| **ABA NUMBER:** | 021000021 |
| **BANK:** | THE CHASE MANHATTAN BANK NEW YORK, NY 10017 |
| **ATTN:** | Ellen Lee, Esq. TEL (212) 490-2277 Re: Title No. 07NYB10849 |