Hearing Date and Time: November 17, 2010 at 10:00 a.m. (Prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re )<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*, )<br>)<br>)<br>Debtor ) | Chapter 11 Case No.<br>08-13555 (JMP) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOVANT'S MOTION OF
LAWRENCE FOGARAZZO, ET AL. PURSUANT TO SECTION 362 OF THE
BANKRUPTCY CODE FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW
ADAVANCEMENT UNDER INSURANCE POLICY BY LLOYD'S OF LONDON**

LAW OFFICES OF CURTIS V. TRINKO
Curtis V. Trinko
Wynter V. Galindez
Jennifer E. Traysman
16 West 46th Street, 7th Floor
New York, NY 10036
Tel:   (212) 490-9550
Fax:   (212) 986-0158
Email: ctrinko@trinko.com

## TABLE OF CONTENTS

I. Preliminary Statement..................................................................................1

II. Argument...................................................................................................1

    A. Movants Have Shown Cause to Life the Automatic Stay.......................1

    B. Movants Have at All Times Acted In Good Faith..................................2

    C. Movants Have Standing as Third Party Beneficiaries............................4

    D. Judicial Economy, Redress for Loss Without Prejudice to Estate...........6

    E. Plaintiffs' Only Venue For Redressing Harms Suffered.........................7

    F. Demand For Discovery........................................................................8

III. Conclusion.................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

## I. PRELIMINARY STATEMENT

The motion should be granted because Movants have satisfied their burden to show cause to lift or modify the automatic stay under §362 of the Bankruptcy Code.

Movants respectfully submit this memorandum in response to arguments made by LBHI, LBI and the Underwriters in opposition to the Movants' attempts to lift the stay, and in further support of their initial motion to lift stay.

## II. ARGUMENT

### A. Movants Have Shown Cause to Lift the Automatic Stay

Pursuant to §362(d) of the Bankruptcy Code, a court may grant relief from the stay "for cause". 11 U.S.C. §362

Movants have demonstrated cause sufficient to grant relief from the stay under 11 U.S.C. §362, and have satisfied the factors Respondents cited to in reference to *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285-86 (2nd Cir. 1990), as being dispositive in this matter. Specifically, relief from the stay would allow Movants to reach the proceeds of an insurance policy which would directly compensate the aggrieved class for harms suffered as a result of the actions undertaken by LBI, as pleaded in the underlying *Fogarazzo* litigation. Furthermore, the relief from the stay would allow the merits of the underlying action to be tried against the Underwriters on behalf of its Insured Parties, with the underlying causes of action being identical to those claims prosecuted against co-defendants Morgan Stanley and Goldman Sachs. Lastly, the bankruptcy estates would suffer no harm as Movants seek only to reach those resources available to them from the proceeds of the applicable insurance policies.

**B.    Movants Have at All Times Acted in Good Faith**

Movants have been Plaintiffs in the underlying action pending in the Southern District of New York entitled *Fogarazzo, et al. v. Lehman Brothers, Inc., et al.*, 03-CV-5194(SAS), since July 15, 2003. Movants, as Plaintiffs in the aforesaid action, are duly authorized Class Representatives by means of rulings issued by the Honorable Shira A. Scheindlin, United States District Judge, Southern District of New York. For in excess of seven years, Movants have diligently pursued their claims to redress the damages caused by LBI, Morgan Stanley and Goldman Sachs in the underlying action. Throughout the course of the District Court proceeding, Movants have conducted successful motion practice, including class certification of the investors pursuing claims against LBI, Morgan Stanley and Goldman Sachs, and have adhered precisely to all the directives mandated by the U. S. District Court and/or the Second Circuit. Movants have been diligent in conducting discovery in the underlying case, having reviewed and analyzed approximately 600,000 pages of documents, including LBI's document production, which was completed before the imposition of the § 362 stay. The Movants' analysis of the documents produced by LBI provided significant compelling evidence against LBI with regard to the claims being pursued to an extent deemed greater than that demonstrated against LBI's co-Defendants Morgan Stanley and Goldman Sachs. However, Movants could not take the Noticed Depositions of LBI witnesses due to the §362 stay, although 15 merits depositions were conducted of Morgan Stanley and Goldman Sachs witnesses. In addition, depositions were conducted of the experts for all parties, except for LBI.

Furthermore, Movants have continually relied on LBI's August 5, 2004 Rule 26 Initial Disclosures served in the U.S. District Court litigation whereby LBI names the Underwriter's *Primary Combined Financial Institutions Comprehensive Crime and Professional Indemnity*

2

*Policy, No. 509/QA529399*, as the "insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy [a] judgment". Movants have at all times relied upon these Initial Disclosures, which Disclosures were never updated or modified by LBI, LBHI, or the Underwriters, as required by FRCP 26 in the event the representations were no longer accurate. Now six years after the Initial Disclosures were served, LBI, LBHI, and the Underwriters are claiming that the policies at issue were terminated, and that releases were exchanged upon the mutual agreement of LBI, LBHI, and the Underwriters, yet at no time in the 2004 to 2010 time period did LBI, LBHI, or the Underwriters fulfill their duties to correct this disclosure in a timely manner if it were no longer accurate:

> Rule 26(e) states in pertinent part:
>
>> A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
>>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Suffice it to say, that if the policies were terminated in 2004 and releases exchanged, the corrective disclosures should have been modified shortly thereafter since LBI was an active litigant in the *Fogarazzo* Action from 2004 until the bankruptcy filings of LBHI and LBI in 2008. The failure of LBI, LBHI, and/or the Underwriters to provide such notification in a timely manner can only be described as grossly reckless, intentionally misleading or fraudulent.

3

### C. Movants Have Standing as Third Party Beneficiaries

The Underwriters have focused on three of the factors from *Sonnax Industries*[1] as being applicable to the matter at issue. The first such factor raised by the Underwriters is "whether relief would result in a partial or complete resolution of the issues in contention". The Underwriters state that it would not because the Movants lack standing to bring claims under the subject insurance policies. However, it is apparent from the timely notification made to the Underwriters, the disclosure of policy information in the Initial Disclosures, and the extensive prosecutorial efforts of the Movants, that the Movants possess the standing of third-party beneficiaries to seek the proceeds of the policies at issue as the final component of relief in the *Fogarazzo* litigation pending in the Southern District of New York.

While the details of the aforementioned policy terminations and releases are shrouded in mystery, counsel for LBHI and the Underwriters simply state that the pertinent documents are "confidential" and contain "secret" information such that they cannot be disclosed to counsel for the Movants. Although the Movants have continually requested copies of all relevant documents relating to the terminations and releases since being advised of their purported existence by LBHI's, LBI's and the Underwriters' counsel in August / September 2010, not one page of any such documents have been produced to Movants' counsel by LBHI, LBI and/or the Underwriters.

The fact remains that timely notification of the Movants' claims was made to the Underwriters of the policies referenced in LBI's Initial Disclosure in the *Fogarazzo* litigation. Moreover, Movants never received any updates, amendments, or clarifications to these Initial

---

[1] *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d. Cir. 1990)

4

Disclosures, and Movants first became aware of the purported terminations and/or releases after filing the Motion For Relief From Stay now before this Court. The aforesaid events occurring in 2003/2004 in the *Fogarazzo* litigation certainly gave rise to third-party beneficiary rights with regard to the policies at issue on behalf of the Movants.

In the *Fogarazzo* litigation in the Southern District of New York, the District Court found that the Plaintiffs' Amended Complaint therein sufficiently alleged that Defendants Lehman Brothers, Goldman Sachs, and Morgan Stanley had perpetrated a fraudulent scheme whereby Defendants distorted, falsified, and otherwise misrepresented the substance and objectivity of their equity analyst reports issued with regard to RSL Communications, Inc. ("RSL") during the Class Period from April 30, 1999 through December 29, 2000. The Lloyd's insurance policies at issue were certainly in effect from January 31, 1999 up through an unknown date in 2003 or 2004. Furthermore, the original complaint in *Fogarazzo* was filed on July 15, 2003, at least 6 months prior to the earliest conceivable date of the alleged releases, and timely notice of these claims were made to the Underwriters. Thus, the claims at issue in the *Fogarazzo* litigation certainly occurred prior to the termination and release of the Policies in which the Movants possessed third-party beneficiary rights.

Moreover, the Policies state that the Underwriters will pay damages incurred as a result of the wrongful actions of the Insured Parties. The Underwriters contend that these payment provisions preclude any payments being made by the Policies to the Movants and the Class of investors they represent. A plain reading of the provisions of the Policies at issue indicates that the Insurer will make payments to appropriate third parties for damages arising from the wrongful actions of the Insured Parties.

5

D.  **Judicial Economy, Redress for Loss Without Prejudice to Estate**

Movants will now address the second factor of *Sonnax Industries* raised by Respondents. Respondent's question the judicial economy of granting the modification of the stay, claiming that the Debtors' estates would incur substantial litigation costs moving forward. Contrary to Respondents' assertions, the prejudice to LBI's or LBHI's estates would be minimal, particularly when viewed in light of the substantial prejudice that would be suffered by Movants if the modification of the stay were denied. Respondents grossly misstate the status of Movants' discovery against LBI. As mentioned earlier, the full production of LBI's documents was made before LBI filed for bankruptcy in 2008. Movants have in their possession and have reviewed the aforesaid documents from LBI, which materials have yielded convincing evidence supporting Plaintiffs' claims in the *Fogarazzo* litigation. Moving forward, discovery in this matter would be limited to minimal additional document production concerning the terminations and releases of the Policies at issue, as well as the conduct of the depositions of a select few former LBI employees. These depositions would be defended by the Witnesses' counsel, and counsel for LBI and/or the Underwriters would not be mandated to attend. LBI counsel would, at most, be involved in a minimal capacity since there is no reason said counsel would be required to involve themselves in this discovery program.

Respondent's assertion that Movants would be required to obtain class certification against LBI is false. Movants have already obtained class certification in the *Fogarazzo* litigation. See ¶¶ 8 –11 of Movants original motion. Under Rule 23 of the FRCP, the class action certification does not need to be re-litigated under the doctrines of collateral estoppel and res judicata. The burden would be on Respondents to prove that some prejudice would be suffered by LBI if it were not allowed to re-litigate the class certification motion.

6

Lastly, litigation in this matter would be more expeditious and less costly than if this were a totally new litigation coming before the Court. Furthermore, as mentioned previously, the Movants have already conducted the significant majority of LBI's document production, and further discovery would be limited to the production of documents concerning the terminations and releases of the Policies at issue, as well as the depositions of a few former LBI employees. Consequently, this case is certainly on track for an expeditious adjudication.

### E.    Plaintiffs' Only Venue for Redressing Harm Suffered

As mentioned previously, Movants represent a certified class of investors who have suffered millions of dollars in damages. As a result of the §362 stay, the *Fogarazzo* Plaintiffs have been precluded from proceeding against LBI for the harms suffered by RSL investors as a result of the actions undertaken by LBI. Plaintiffs' only available avenue of recovery against LBI is by reaching the proceeds of the insurance Policies at issue.

LBI's and LBHI's bankruptcy filings, and the automatic stay arising therefrom preclude Plaintiffs from addressing their damages with regard to LBI and LBHI. Plaintiffs have no other forum or mechanism to seek a remedy for their damages. It is a primary function of the federal courts to provide a mechanism to the *Fogarazzo* Plaintiffs and the Class for the remediation of wrongs and the administration of justice even if there is some hardship suffered by the debtors estates. As stated in *Sonnax Industries,* at 907 F.2d at 1280:

> In summarizing the caselaw under Section 362, Collier also mentions only a few specific circumstances amounting to "cause." It thus states: Actions which are only remotely related to the case under title 11 or which involve the rights of third parties often will be permitted to proceed in another forum. Generally, proceedings in which the debtor is a fiduciary or which involve the postpetition activities of the debtor need not be stayed since they bear no real relationship to the purpose of the stay which is to protect the debtor and the estate from creditors. Where the claim is one covered by insurance or indemnity, continuation of the

7

action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff. Finally, the liquidation of a claim may be more conveniently and speedily determined in another forum.

*In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d. Cir. 1990)

Movants' claims are covered by the Underwriters Policies and the hardship to LBI and LBHI, if any, is far outweighed by the total denial of the *Fogarazzo* Plaintiffs' ability to seek relief from LBI, or its representative, for the wrongs suffered by RSL shareholders should the stay not be lifted. Justice demands that the *Fogarazzo* Plaintiffs should not be denied their only recourse for their claims against LBI.

F.  **Demand for discovery**

Movants made a written request of LBI, dated Sept. 16, 2010, and several oral requests of Weil Gotshal, LBHI's counsel, for supporting documents regarding the purported terminations and releases of the Insurance Policies at issue, but all such requests have been ignored. To date, Movants only have received opposition memoranda from LBHI and the Underwriters. . Without explanation as to the terms of the releases, or the purported payout of claims under the subject Policies, all pertinent information and documents concerning these Policies have been withheld. LBHI and the Underwriters have offered no evidence to this Court to support their general pronouncements in opposition to Movants' Request for the Lifting of the Stay. This Court should rule that the Respondents have failed to meet their burden to contest the relief being sought by the Movants, but the Court may also rule that the Movants have failed to satisfy their burden to demonstrate applicable insurance coverage. In that event, Movants respectfully request that the Court allow the Movants to conduct meaningful discovery with regard to the purported terminations and releases of the Policies at issue. Moreover, this discovery could also

8

focus on the Respondents' contention that the Movants have already received compensation from LBI. Movants have no record of receiving any such compensation from LBI.

## CONCLUSION

Based on the foregoing, the *Fogarazzo* Plaintiffs / Movants' motion for relief from the automatic stay should be granted in its entirety.

Dated: November 15, 2010

           **LAW OFFICES OF CURTIS V. TRINKO, LLP**

By: *[signature]*
Curtis V. Trinko
Wynter V. Galindez
Jennifer Traysman
16 West 46th Street, 7th Floor
New York, NY 10036
Phone: (212) 490-9550
Fax: (212) 986-0158
Email: ctrinko@trinko.com

**Counsel for Movants Larry and Carolyn Fogorazzo, Stephen Hopkins and Don Engel**