**Hearing Date: November 17, 2010 at 10:00 a.m.**

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :    08-13555 (JMP)
                                                                 :
                         Debtors.                                :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN CONNECTION WITH DEBTORS' MOTION PURSUANT TO SECTIONS
105 AND 364 OF THE BANKRUPTCY CODE FOR AUTHORIZATION
TO GRANT FIRST PRIORITY LIENS IN COLLATERAL POSTED IN
CONNECTION WITH FOREIGN EXCHANGE HEDGING TRANSACTIONS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement in connection with the Debtors' Motion Pursuant to Sections 105 and 364 of the Bankruptcy Code for Authorization To Grant First Priority Liens in Collateral Posted in Connection with Foreign Exchange Hedging Transactions, dated November 3, 2010 [Docket No. 12529] (the "Motion").

**BACKGROUND**

1. The Court has previously entered three orders granting similar relief in connection with: (i) market fluctuations potentially affecting the value of prepetition derivative contracts [Docket No. 3047] (the "Derivatives Hedging Order"); (ii) residential real estate transactions [Docket No. 4423] (the "RE Hedging Order" and, together with the Derivatives Hedging Order, the "Existing Hedging Orders"); and (iii) certain asset-backed securities managed by Neuberger Berman Fixed Income LLC [Docket No. 6659].

2. In the Motion, the Debtors seek entry of an Order (the "FX Hedging Order") granting them authority to enter into FX Hedging Transactions[1] to hedge against potential loss of value, due to fluctuations in foreign exchange rates, of the Foreign Assets underlying various prepetition international transactions. The Debtors also seek authority to establish procedures in respect of the FX Hedging Transactions that, as modified as the result of negotiations with the Committee, are substantially similar to those previously approved by the Court in the Existing Hedging Orders.

**STATEMENT**

3. The Committee agrees with the business rationale for the relief requested in the Motion and supports granting the Debtors the authority to take all steps necessary to safeguard the Foreign Assets against the foreign exchange risks. Based upon the diligence performed and discussions had prior to the filing of the Motion, the Committee had determined that the hedging program described in the Motion was well designed to address this risk in an efficient and circumspect manner.

4. However, the Motion, as filed, raised a number of issues regarding the

---

[1] Capitalized terms not otherwise defined herein shall be ascribed the meanings given them in the Motion.

2

notice to be provided to, and the nature of the approval to be obtained from, the Committee. The Committee was concerned that the value thresholds set forth in the protocol proposed in the Motion were higher and the notice periods provided for therein were shorter than required to provide the Committee a meaningful opportunity to review and evaluate proposed hedging transactions. Absent such oversight by the Committee, nobody would be "minding the shop," given that the proposed FX Hedging Order does not require further Court approval of individual transactions or public reporting. Subsequent negotiations have resulted in the Debtors agreeing to a modified protocol that is satisfactory to the Committee.

5.  Under the terms of the protocol finally agreed to by the parties, the Committee's affirmative consent is required for the Debtors' entry into the FX Hedging Transactions for which the relevant Foreign Assets are valued in excess of $75 million, with approval of the transactions below this threshold being subject to a requirement that the Committee be provided with three (3) business days notice and an opportunity to object. In all cases, the Committee will be provided with not less than two (2) business days notice of any meeting at which any hedging transactions will initially be proposed, together with an "information package" containing all relevant documentation and analyses.

6.  The FX Hedging Order, in the form to be presented to the Court, allocates to the Committee an appropriate role in developing and monitoring the Debtors' hedging strategy. Indeed, with the modifications outlined above, the protocol contemplated by the FX Hedging Order will be functionally equivalent to the protocols currently in effect with respect to the Existing Hedging Orders, under which the Debtors and the Committee have been working cooperatively and productively together for a number of months. The Committee hopes that the same level of cooperation and beneficial results will be achieved under the FX Hedging Order.

3

WHEREFORE, for the foregoing reasons, as well as all the others set forth in the Motion, the Committee respectfully requests that the Court (i) grant the relief requested in the Motion, as modified by the terms of the revised proposed order, and (ii) grant such other relief as is just.

Dated: New York, New York
       November 15, 2010

                        **MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
     Dennis F. Dunne
     Evan R. Fleck
     Dennis C. O'Donnell
     1 Chase Manhattan Plaza
     New York, New York 10005
     Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.