Douglas P. Bartner (DB-2301)
Susan A. Fennessey (SF-6950)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 646-8283

*Attorneys for BG Energy Merchants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
:
:
In re:                                            :   Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :   Case No. 08 – 13555 (JMP)
:
Debtors.                       :   (Jointly Administered)
:
:
-----------------------------------------------------------------x

**DECLARATION OF MATT SCHATZMAN IN SUPPORT OF THE RESPONSE OF BG ENERGY MERCHANTS LLC TO THE DEBTORS' SIXTY-THIRD <u>OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)</u>**

Matt Schatzman hereby declares as follows:

1. I am President of BG Energy Merchants LLC ("**BGEM**"). I submit this declaration in support of the Response of BG Energy Merchants LLC to the Debtors' Sixty-Third Omnibus Objection to Claims (Valued Derivative Claims).

2. I make this declaration based on my personal knowledge, including with respect to facts contained in business records as to which I am competent to testify.

3. In 2007, BGEM and Lehman Brothers Commodity Services Inc. ("**LBCS**") entered into that certain ISDA Master Agreement dated October 18, 2007 (as amended,

supplemented or modified, and together with all schedules, annexes and exhibits thereto and all confirmations exchanged pursuant to transactions entered into in connection therewith, the "**Master Agreement**").[1]

4.  On October 4, 2007, Lehman Brothers Holdings Inc. ("**LBHI**") unconditionally guaranteed to BGEM the due and punctual payment of all amounts payable by LBCS under the Master Agreement when such amounts become due and payable.

5.  The trades between BGEM and LBCS entered into under the Master Agreement were oil-indexed Henry Hub based natural gas contracts and swap transactions based upon the Japan Customs-Cleared Crude index. The Japan Customs-Cleared Crude index, also referred to as Japan Crude Cocktail ("**JCC**"), is the average price of crude oil imports into Japan, and is the commonly used index for oil contracts in Japan and other parts of Asia.

6.  JCC-priced oil swaps contracts are generally relatively illiquid and are not traded on an exchange. JCC swaps trades are all bilateral contracts for which much of the trading occurs during the Japanese trading day and for which counterparties often rely on other oil markets as proxies for pricing. Counterparties most commonly rely on the Brent market in London, which has the practical effect of limiting the prime trading day for JCC swaps contracts in Texas to the morning hours of the trading day. The market for JCC swaps contracts that BGEM can access in the late afternoon in the U.S. is very limited: the cost of transacting is significantly higher and there is a limited volume of available trades. BGEM does not have trading capabilities in Asia to trade JCC swaps contracts as some energy traders do.

7.  LBHI's bankruptcy filing on September 15, 2008 constituted an Event of Default, as that term is defined in section 5(a) of the Master Agreement.

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Master Agreement.

8. BGEM took immediate action to prepare to terminate its trades with LBCS in response to the commencement of LBHI's chapter 11 case on September 15. In order to effectuate a termination, BGEM needed to review the relevant documentation, evaluate the status of the trades under the Master Agreement, and prepare and deliver the Notice of Early Termination. We ultimately completed the necessary work and arranged for hand delivery of the Early Termination Notice and obtained "Messenger – Proof of Delivery" at 4:05 p.m. Eastern time on September 15.

9. Due to the time constraints of the JCC swaps market described above, it was not commercially reasonable for BGEM to enter into replacement trades after 4:05 p.m. on September 15. Therefore, in accordance with its trading practice, BGEM covered its JCC swaps trades on the morning of September 16, 2008.

10. Earlier this year, BGEM employees engaged in limited telephone discussions with representatives of the debtors in the above-captioned cases (the "**Debtors**") regarding BGEM's claims against LBCS and LBHI arising from the termination of the Master Agreement (the "**Claims**"). As a result of these conversations, we believe that the basis for the Debtors' objection to the Claims is the timing of BGEM's replacement of its JCC-priced trades. Throughout the discussions, the Debtors did not provide any support for their apparent position that BGEM should have calculated its loss as of September 15 or that its loss would have been lower if it had covered its JCC swaps trades on September 15.

11. To date, neither the Debtors nor BGEM have proposed or negotiated a settlement of the Claims.

08-13555-mg    Doc 12765-1    Filed 11/15/10    Entered 11/15/10 15:44:20    Exhibit A
Pg 4 of 4

I submit this declaration pursuant to 28 U.S.C. § 1746 and declare under penalty of perjury that the foregoing is true and correct.

Dated:   Houston, Texas
         November 15, 2010

                                                            /s/ Matt Schatzman
                                                            Matt Schatzman