WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                    :
**In re**                                                           :       **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                        :       **08-13555 (JMP)**
                                                                    :
                                              **Debtors.**          :       **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON NOVEMBER 17, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Debtors' Motion for an Order Modifying the Automatic Stay to Allow Settlement
  Payment Under Directors and Officers Insurance Policy **[Docket No. 12363]**

- Debtors' Motion for an Order Modifying the Automatic Stay to Allow Advancement Under (i) 2007-2008 Directors and Officers Insurance Policies by Zurich Amercian Insurance Company, ACE Bermuda Insurance Ltd. and St. Paul Mercury Insurance Company, and (ii) 2008-2009 Directors and Officers Insurance Policies by XL Specialty Insurance Company and Federal Insurance Company **[Docket No. 12369]**

- Debtors' Motion for Authorization to Implement the 2011 Derivatives Employee Incentive Program **[Docket No. 12370]**

2.        In accordance with the Second Amended Case Management Order, November 10, 2010 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motions (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.        The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motions has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4.      Accordingly, for the reasons set forth in the Motions, the Debtors respectfully request that the proposed Orders annexed hereto as <u>Exhibits A - C</u>, and unmodified[1] since the filing of the Motions, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  November 15, 2010
         New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

---

[1] Except for the removal of the reference to a hearing having been held.

# EXHIBIT A

**(Proposed Order – Docket No. 12363)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                  :
In re                                             :    **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    **08-13555 (JMP)**
                                                  :
                              **Debtors.**        :    **(Jointly Administered)**
                                                  :
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY

Upon the motion, dated October 27, 2010 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 362(d) of

title 11 to the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic

stay provided for in section 362(a) of the Bankruptcy Code, to the extent applicable, to allow

Certain Underwriters at Lloyd's London and London Market Company subscribing to policy

number QA0160907 ("Lloyd's") to make certain settlement payments in connection with the

terms of a settlement agreement (the "Settlement Agreement") relating to the cases of *Booth*

*Foundation, Inc. v. Martin D. Shafiroff, et al.* (FINRA Case No. 09-01844) and *Booth*

*Foundation, Inc. v. Richard S. Fuld, Jr.*, Docket No. 10-2521 (2d Cir.), all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the second

amended order entered on June 17, 2010, governing case management and administrative

procedures for these cases [Docket No. 9635] to (i) the United States Trustee for the Southern

District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) all parties who have requested notice

in these chapter 11 cases; and (vii) Lloyd's, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates and creditors, and all parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code,

the automatic stay, to the extent applicable, is hereby modified to, and without further order of

this Court, allow Lloyd's to pay the Settlement Amount[1] provided for in the Settlement

Agreement on behalf of Fuld in accordance with the terms of the Lloyd's Policy; and it is further

ORDERED that the Debtors are authorized to execute all documentation

necessary to allow Lloyd's to fund the Settlement Amount on behalf of Fuld pursuant to the

Settlement Agreement; and it is further

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of Lloyd's, the Debtors or Fuld provided for under the terms and conditions of the Lloyd's Policy; and it is further

ORDERED that all parties to the Lloyd's Policy reserve all rights and defenses with respect to the Lloyd's Policy that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Lloyd's Policy are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Lloyd's Policy are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  November __, 2010
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**(Proposed Order – Docket No. 12369)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                  :
In re                                             :      Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :      08-13555 (JMP)
                                                  :
                   Debtors.                       :      (Jointly Administered)
                                                  :
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION, PURSUANT TO**
**SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER**
**MODIFYING THE AUTOMATIC STAY TO ALLOW ADVANCEMENT**
**UNDER (I) 2007-2008 DIRECTORS AND OFFICERS INSURANCE POLICIES**
**BY ZURICH AMERCIAN INSURANCE COMPANY, ACE BERMUDA INSURANCE**
**LTD. AND ST. PAUL MERCURY INSURANCE COMPANY, AND (II) 2008-2009**
**DIRECTORS AND OFFICERS INSURANCE POLICIES BY XL SPECIALTY**
**INSURANCE COMPANY AND FEDERAL INSURANCE COMPANY**

Upon the motion, dated October 27, 2010 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-

debtor affiliates, "Lehman"), pursuant to section 362(d) of title 11 to the United States Code (the

"Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for an order modifying the automatic stay, to the extent applicable, to

allow (i) Zurich American Insurance Company ("Zurich"), ACE Bermuda Insurance Ltd.

("ACE") and St. Paul Mercury Insurance Co. ("St. Paul," together with Zurich and ACE, the

"2007-2008 Insurers"), the fifth, sixth and seventh excess insurers, respectively, under the

Debtors' 2007-2008 directors' and officers' liability insurance program (such primary policy,

together with each of the applicable excess policies, the "2007-2008 D&O Policies"), and (ii) XL

Specialty Insurance Company ("XL") and Federal Insurance Company ("Chubb"), the primary

and first excess insurers under the Debtors' 2008-2009 directors and officers liability insurance

program (such primary and first excess 2008-2009 policy, together with the 2007-2008 D&O

Policies, the "Policies"), to pay covered defense costs, advance covered defense costs, or both

incurred by the Individual Defendants[3] that have been named as defendants in the Legal

Proceedings, all as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the second amended order entered June 17, 2010 governing case

management and administrative procedures [Docket No. 9635] to (i) the United States Trustee

for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; (vi) all parties who have

requested notice in these chapter 11 cases; and, (vii) attorneys for each of Zurich, ACE, St. Paul,

XL and Chubb (collectively, the "Insurers"), and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates and creditors, and all parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

---

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow payment of covered defense costs, advancement of covered defense costs, or both from the Insurers to the Individual Defendants pursuant to the terms of their respective Policies; and it is further

ORDERED the Debtors are authorized to execute all documentation necessary to allow the Insurers to pay covered defense costs, advance covered defense costs, or both incurred by the Individual Defendants in the Legal Proceedings; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Insurers, the Debtors or the Individual Defendants provided for under the terms and conditions of the Policies; and it is further

ORDERED that all parties to the Policies reserve all rights and defenses that they would otherwise have with respect thereto; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that the fourteen-day stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated:  November __, 2010
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT C**

**(Proposed Order – Docket No. 12370)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
                                                    :
                        **Debtors.**                :        **(Jointly Administered)**
                                                    :
-------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' MOTION PURSUANT TO
## SECTIONS 105(a) AND 363(b)(1) OF THE BANKRUPTCY CODE AND
## BANKRUPTCY RULE 6004 FOR AUTHORIZATION TO IMPLEMENT
## THE 2011 DERIVATIVES EMPLOYEE INCENTIVE PROGRAM

Upon the motion, dated October 27, 2010 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-

debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363 of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for authorization and approval of, among other things, (i) the

implementation of a 2011 derivatives employee incentive plan (the "2011 Incentive Plan") and

(ii) approval of an administrative expense priority of payment rights under the 2011 Incentive

Plan, all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the amended order entered June 17, 2010 governing case management

and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the

Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; and (vi) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates and creditors, and all parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, pursuant to sections 105(a) and

363(b)(1), and, to the extent applicable, section 503(c) of the Bankruptcy Code, to take all

necessary action to adopt, implement or otherwise take actions consistent with the 2011

Incentive Plan on the terms and conditions set forth in the Motion, including making all

payments thereunder; and it is further

ORDERED that distribution entitlements under the 2011 Incentive Plan are

entitled to administrative expense status and priority under sections 503(b)(1)(A) and 507(a)(2);

and it is further

ORDERED that the 14-day stay imposed by Bankruptcy Rule 6004(h) is waived

and this Order shall be effective immediately upon entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the 2011 Incentive Plan.

Dated:  November __, 2010
         New York, New York


                              _____
                              UNITED STATES BANKRUPTCY JUDGE