WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                              :         **Chapter 11**
:
**LEHMAN BROTHERS HOLDINGS INC., et al.,**   :         **Case No. 08-13555 (JMP)**
:
                **Debtors.**      :         **(Jointly Administered)**
:
-------------------------------------------------------------------x

**REPLY OF LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN**
**COMMERCIAL PAPER INC. TO AMENDED OBJECTION OF LH 1440 L.L.C.**
**TO STIPULATION, AGREEMENT AND ORDER GRANTING STATE STREET**
**BANK AND TRUST COMPANY LIMITED RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

           Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc.

("LCPI"), as debtors and debtors in possession (together, the "Debtors") file this reply to the

amended objection (the "Objection") interposed by LH 1440 L.L.C. ("LH 1440") to the Stipulation,

Agreement and Order Granting State Street Bank and Trust Company Limited Relief from the

Automatic Stay, dated October 25, 2010 [Docket No. 12281] (the "Stipulation")[1] and respectfully

represent:

---
[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Stipulation.

08-13555-mg   Doc 12779   Filed 11/15/10   Entered 11/15/10 17:56:06   Main Document
Pg 2 of 3

## The Automatic Stay
## Does Not Protect LH 1440

1.      The Stipulation seeks the Court's approval of the agreement between two parties – the Debtors and State Street – to modify the Automatic Stay for the limited purpose of allowing State Street to enforce its rights with respect to the Acquisition Loan.  The Stipulation does not seek to have this Court preside over or enforce any foreclosure with respect to the loans or the Property, and it does not seek any relief with respect to the District Court proceedings between LH 1440 and State Street.

2.      Nonetheless, LH 1440 has objected to the Stipulation on the grounds that it will render potential claims of LH 1440 moot and has requested that the Court delay any determination on the Stipulation pending resolution of LH 1440's appeal.  Essentially, LH 1440 is seeking a stay pending appeal without presenting any of the evidence or making any of the necessary showings to obtain such an injunction.

3.      The Automatic Stay, among other things, enjoins all entities from obtaining possession or exercising control over property of a debtor's estate.  See generally, 11 U.S.C. § 362(a)(3).  It is a protection afforded to debtors to protect estate assets, and, generally, does not protect third-parties.  LH 1440, however, is attempting to use the Automatic Stay to further its own interests by preventing the Debtors from entering in the Stipulation.  It is inappropriate to use the Automatic Stay to prevent a debtor from acting in the best-interests of its estate, yet, this is precisely what LH 1440 is requesting from the Court.

## The Stipulation Has No Effect
## On the Rights or Claims of LH 1440

4.      Furthermore, the Stipulation has no effect on LH 1440's rights.  If the Stipulation is approved by the Court, the Automatic Stay will no longer prevent State Street from seeking remedies with respect to the Acquisition Loan.  This is all the Stipulation does.  It does not alter any procedures that State Street will have to follow to exercise its remedies and LH 1440's

US_ACTIVE:\43558441\02\58399.0008                    2

ability to enforce its rights when State Street seeks to exercise such remedies will not be affected.

The status of any potential claims that LH 1440 may hold against Lehman or State Street is not

relevant in determining whether it is appropriate to authorize the Debtors to step aside to allow State

Street to enforce any rights it may have with respect to the Acquisition Loan.

### Conclusion

5.      The Stipulation is in the best interest of the Debtors.  The Debtors hold junior

liens on property on which the State Street holds the senior lien.  The Stipulation will allow State

Street to pursue its rights and remedies with respect to the Property, with any value that belongs to

Lehman being remitted by State Street.  In doing so, the Stipulation spares the Debtors from having

to expend funds to recover value that would flow to State Street, and only affects the rights of the

parties to the Stipulation.  The Objection amounts to a request by LH 1440 for a stay pending appeal

without making the showings necessary to get such an injunction and is an improper request by LH

1440 to use the Debtors' Automatic Stay for its benefit.  As such, the Objection should be overruled

and the Stipulation should be approved.

Dated:  November 15, 2010
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession