Hearing Date:      December 15, 2010
                                                    Objections Deadline:  December 8, 2010

LAW OFFICES OF JEROME ZAMOS
Jerome Zamos (Cal. State Bar No. 36246)
       Admitted Pro Hac Vice
5228 Campo Road
Woodland Hills, California 91364-1927
Telephone: 818-348-6095  7151
Facsimile: 818-348-6095
email: zamoslaw @ aol.com

                        UNITED STATES BANKRUPTCY COURT

                        SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In Re: | Case No. 08-13555 JMP |
|     LEHMAN BROTHERS' HOLDING, INC., a Delaware Corporation | Chapter 11 |
|                            Debtor | [jointly administered] |

_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRUDENCE WALTZ'S MOTION PURSUANT TO SECTIONS 362(d)(2)(A) AND 554(b) OF THE BANKRUPTCY CODE REQUESTING RELIEF FROM STAY AND THE ENTRY OF AN ORDER DIRECTING DEBTOR IN POSSESSION AND ITS AFFILIATES TO ABANDON CLAIMS AGAINST THE REAL PROPERTY THAT IS THE SUBJECT MATTER OF THAT CERTAIN ACTION PENDING IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES [ACTION BC 374163]**

### INTRODUCTION

       As a result of the recordation of a series of fraudulently created deeds [in particular Exhibits "M" and "S"] in the official records of Los Angeles County, California real party in interest PRUDENCE WALTZ'S [hereinafter referred to as "WALTZ"] title to the real property located at 844 through 846 West 57th Street, Los Angeles [hereinafter "THE SUBJECT PROPERTY"] has been and is clouded by a trustee's deed [Exhibit "L"] which purports to have transferred title to AURORA LOAN SERVICES, LLC [an affiliate of LEHMAN BROTHERS' HOLDING, INC. (the DEBTOR in this case which is hereinafter referred to as "DEBTOR") which is hereinafter referred to as "AURORA"] based upon a deed of trust allegedly executed by a trustor identified as "JANELLE BAIRD" [hereinafter referred to as "BAIRD"].

1

In order to regain title and possession of THE SUBJECT PROPERTY WALTZ filed THE FOURTH AMENDED COMPLAINT [Exhibit "A" hereinafter referred to as "THE PENDING STATE COURT ACTION"] in THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES MOVING PARTY PLAINTIFF PRUDENCE WALTZ [hereinafter referred to as "THE CALIFORNIA COURT"] is seeking to.

> [H]ave possession restored to her pursuant to Civil Code § 1712 by whoever is currently in possession and claiming ownership and any other possessory interest therein.

Although DEBTOR LEHMAN BROTHERS HOLDING, INC. [hereinafter referred to as "DEBTOR IN THIS CASE"] has not been named, and is not a party to THE PENDING STATE COURT ACTION, on the morning of October 26, 2010 [as trial was scheduled to commence] counsel representing himself as counsel for DEBTOR IN THIS CASE appeared and invoked the stay created under Bankruptcy Code § 362(a) as a result of the pendency of this case [see BRIEF RE: STAY OF PROCEEDINGS FILING BY INTERESTED PARTY LEHMAN BROTHERS HOLDING INC. a copy of which is filed herein as Exhibit "E"].

Based upon the undisputed fact that AURORA and THE DEBTOR IN THIS CASE'S claimed interest in THE SUBJECT PROPERTY is based upon an instrument which bears the forged signature of a person who has testified that she neither signed the instrument, authorized anyone to sign it on her behalf or had an interest in THE SUBJECT PROPERTY [see deposition filed herein as Exhibits "N", "O" and "P" ] WALTZ is entitled to both relief from stay under section 362(d)(2)(A) of the Bankruptcy Code [11 U.S.C. § 362(d)(2)(A)] and an order under section 554(b) of the Bankruptcy Code [11 U.S.C. § 554(b)] directing the abandonment of all claims against THE SUBJECT PROPERTY in THE PENDING STATE COURT ACTION.

> See:  *Bernhard v. Wall* [1921] 184 Cal. 612 , 625; *Trout v. Taylor* [1934] 220 Cal. 652, 656; *Gioscio v. Lautenschlager* [1937] 23 Cal. App. 2d 616, 619-620; *Erickson v. Bohne* [1955], 130 Cal. App.2d. 553 at 555-556;  *Greenwald v. United States* [1963] 223 Cal.App. 2d 434, 438-440 ; *Wutzke v. Bill Reid Painting Services, Inc.* [1984] 151 Cal.App.3d 36, 43; *Murray v. Murray* [1994] 26 Cal. App. 4th 1062, 1068 ; *Chopra v. Metrocities Mortg. LLC*, 2010 N.Y. Misc. LEXIS 4778, 2010 NY Slip Op 51711U (N.Y. Sup. Ct. Sept. 30, 2010); *First Natl. Bank of Nev. v. Williams*, 74 A.D.3d 740, 904 N.Y.S.2d 707 [2010]; *Carter v. United States* [N.Dist of Cal. 1981] 1981 U.S. Dist. LEXIS 17439, 1981 WL 1953

**WALTZ IS ENTITLED TO A DECLARATION UNDER 28 U.S.C. § 2201 DECLARING THAT THE AUTOMATIC STAY WHICH RESULTED FROM THE FILING OF THIS CASE BY LEHMAN BROTHERS' HOLDING DOES NOT STAY PROCEEDINGS BROUGHT IN THE COURTS OF CALIFORNIA AGAINST ITS AFFILIATE AURORA LOAN SERVICES, LLC**

The automatic stay under section 362(a) of Title 11 of the United States Code ["The Bankruptcy Code"] does not affect the jurisdiction of the State Courts of California over WALTZ'S claims relating to her recovery of THE SUBJECT PROPERTY from either AURORA or any other entity related to THE DEBTOR IN THIS CASE who is not designated as a debtor in this Case.

>see: *Ingersoll-Rand Financial Corporation* v. *Miller Mining Co.*, supra; *Wedgeworth v. Fibreboard* Corp.(5th Cir. 1983) 706 F.2d 541, 544*; Teachers Ins. & Annuity Ass'n. v. Butler* supra; *Kreisler v. Goldberg (*4th Cir. 2007) 478 F.3d. 209, 213;  *Barnett v. Lewis* (1985) 170 Cal.App.3d 1079, 1088;  3 Collier on Bankruptcy § 362.03(3)(d) (16th Edition Lexis-Nexus 2010); 2 March & Ahart CALIFORNIA PRACTICE GUIDE BANKRUPTCY 8(I)-8 Scope of Automatic Stay ¶ 8:100 [The Rutter Group 2009]

**NEITHER DEBTOR, AURORA OR THEIR AFFILIATES HAVE EVER HAD GOOD TITLE TO THE SUBJECT PROPERTY**

Bankruptcy Code § 362(d)  provides two grounds under which relief  from the automatic stay may be granted.   The present motion is based on the second which is that neither THE DEBTOR IN THIS CASE or any of its subsidiaries or affiliated entities has any equity in THE SUBJECT PROPERTY and is therefore it is not only unnecessary for a reorganization in this case, it is not available because neither the debtor or its affiliated entities have ever had a valid interest in the property.

See:    Bankruptcy Code § 362(d)(2)(A) [11 U.S.C. § 362(d)(2)].

The jurisdiction given to this Court under section 362(d)(2)  of The Bankruptcy Code includes not only the jurisdiction to grant relief from the valid operation of the stay in connection with proceedings brought against a debtor , but the jurisdiction to annul the stay retroactively in appropriate circumstances, including cases in which the debtor's estate never had an interest in the property which is the subject of a moving party's claims.

>See:    *Eastern Refractories Co. Inc. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 [2nd Cir. 1998]

3

In the present case AURORA'S claims in THE PENDING STATE ACTION [and whatever claims DEBTOR IN THIS CASE may make] are based upon a trustee's deed [Exhibit "L'] which was issued following a trustee's sale conducted pursuant to a power of sale contained in a deed of trust [Exhibit "M"] executed by an unknown person who there is no evidence had any interest in THE SUBJECT PROPERTY in connection with a loan made by another affiliated entity [BNC MORTGAGE].

However, A trustee's deed does not grant a purchaser [AURORA] at a trustee sale [a private foreclosure sale which is the customary means of completing a foreclosure in California] any better right or title than the trustors [or mortgagee] had when they executed the deed of trust [which is the customary instrument used in place of a mortgage in California].

See:   *Brown v. Copp* [1951]105 Cal. App. 2d 1, 6

As the Court held in *Saterstrom v. Glick Bros. Sash etc. Co.* [1931] 118 Cal.App. 379, 383:

> The deed of trust [mortgage] being void . . . the sale and all proceedings under the deed of trust [mortgage] would likewise be wholly ineffective and void.

The controlling law in California is consistent with parallel holdings of the Courts of New York which hold in similar cases that "a deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid"

cf:   *Wutzke v. Bill Reid Painting Services, Inc.* and *Chopra v. Metrocities Mortgage LLC* supra and *First Natl. Bank of Nev. v. Williams* supra

Perhaps the most critical fact which defeats the applicability of the stay created under Bankruptcy Code § 362(a) being an impediment to THE PENDING STATE COURT ACTION is the fact that neither DEBTOR IN THIS CASE, AURORA or any of their affiliates have ever had good title to THE SUBJECT PROPERTY. That is because the conveyance which is the source of their claims to the property was not executed by either a person who had an interest in the property, or a person with authority to act on behalf of a person with an interest in the property [see deposition Excerpts copies of which are attached and filed herein as Exhibit "M", "N", "O" and "R" and declaration Exhibit "Q"] .

The testimony set forth in the excerpts from the depositions taken in THE STATE COURT ACTION are sufficient to meet WALTZ'S burden under Bankruptcy Code § 362(g) and entitle her to the retroactive relief requested in this motion, in the absence of admissible evidence contradicting that testimony.

However, no one has challenged, and there appears to be no indication that there is any evidence to challenge BAIRD'S sworn testimony [Exhibit "N"] that the signature on the deed of trust which was the basis for the trustee's sale which is the source of the trustee's deed [Exhibit "K"] which AURORA and THE DEBTOR IN THIS CASE'S affiliated entities base their claims to THE SUBJECT PROPERTY on was in fact a forgery.

 cf: *Crispino v Greenpoint Mortgage Corp.*, supra

Equally significant is the lack of competent evidence in THE PENDING STATE COURT ACTION of who the person who placed JANELLE BAIRD'S signature on the deed of trust was.

 cf *Greenwald v. United States* [1963] 223 Cal.App. 2d 434, 438-440

### WALTZ HAS AN ABSOLUTE RIGHT UNDER CALIFORNIA CIVIL CODE §§ 1712 & 1713 TO HAVE POSSESSION OF HER REAL PROPERTY RESTORED

WALTZ'S FIRST CAUSE OF ACTION of her fourth amended complaint [Exhibit "A"] seeks restitution of possession of THE SUBJECT PROPERTY pursuant to Civil Code §§ 1712 and 1713.

California Civil Code § 1712 provides:

> One who obtains a thing without the consent of its owner, or by a consent afterwards rescinded, or by an unlawful exaction which the owner could not at the time prudently refuse, *must* restore it to the person from whom it was thus obtained . . . [italics added for emphasis].

California Civil Code § 1713 provides:

> The restoration required by the last section [Civil Code § 1712] *must be made* without demand . . . [italics added for emphasis].

Under the mandatory provisions of Code of Civil Procedure §§ 1712 and 1713 AURORA and its agents [whose claims against THE SUBJECT PROPERTY are derived from "a void" deed of trust [Exhibit "M"] has an absolute duty to restore possession of THE SUBJECT PROPERTY to WALTZ.

5

## CONCLUSION

WALTZ has the right to pursue her claims in THE PENDING STATE ACTION without any restriction or limitations on her right to recover title and possession based on the pendency of this Case because neither THE DEBTOR IN THIS CASE, or any subsidiary or affiliate of THE DEBTOR IN THIS CASE ever had a valid claim in THE SUBJECT PROPERTY.

Dated: Woodland Hills, California
November 15, 2010

LAW OFFICES OF JEROME ZAMOS

By: _____
Jerome Zamos, Attorneys for
Real Part in Interest PRUDENCE WALTZ
5228 Campo Road
Woodland Hills, California 91364-1927
Telephone: 818-348-7151
Facsimile: 818-348-6095
email: zamoslaw@aol.com

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to the within action; my business address is 5228 Campo Road, Woodland Hills, California 91364-1927.

On November 15, 2010 I served the following document(s) described as MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRUDENCE WALTZ'S MOTION PURSUANT TO SECTIONS 362(d)(2)(A) AND 554(b) OF THE BANKRUPTCY CODE REQUESTING RELIEF FROM STAY AND THE ENTRY OF AN ORDER DIRECTING DEBTOR IN POSSESSION AND ITS AFFILIATES ABANDON CLAIMS AGAINST THE REAL PROPERTY THAT IS THE SUBJECT MATTER OF THAT CERTAIN ACTION PENDING IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES AS ACTION BC 374163 on the interested parties by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid addressed to:

Lehman Brothers Holdings Inc.
745 Seventh Avenue
New York, NY 10019

Harvey R. Miller, Esq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Andrew D. Velez-Rivera, Esq.
Office of the U.S. Trustee
33 Whitehall Street
21st. Floor
New York, NY 10004

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

[Counsel for AURORA LOAN SERVICES]
GARRETT & TULLEY, P.C.
CANDIE Y. CHANG, Esquire
STEPHANIE S. BANG, Esquire
225 South Lake Avenue
Suite 1400
Pasadena, California 91101-4869

[COUNSEL FOR REAL PARTY LEHMAN BROTHER'S HOLDING, INC.]
Justin D. Balser, Esquire
Donald M. Scotten, Esquire
Bryan M. Leifer, Esquire
AKERMAN SENTERFITT LLP
725 S. Figueroa St., Suite 3800
Los Angeles, CA 90071

MOHAMED FOUZI HAFFER, Esquire
HAFFER & ASSOCIATES
625 Broadway, Suite 825
San Diego, California 92101

BLUE OCEAN MORTGAGE, INC.
c/o MATTHEW P KAY
[its agent for service]
4347 McCONNELL
LOS ANGELES, CA 90066

JANELLE M. BAIRD
P.O. Box 1812
Hawaiian Gardens Ca, 90716

Samantha Hill
1201 N. Orange Grove Ave., #106
West Hollywood, CA 90046

MATTHEW P KAY
4347 McCONNELL
LOS ANGELES, CA 90066

LATOSHIA C. KELLER
4515 Don Ricardo Drive
Los Angeles, California 90008

The Superior Court of The State of California
For the County of Los Angeles
Attention: The Hon. DEBRE K. WEINTRAUB
111 North Hill Street
Los Angeles, California 90012

I am "readily familiar" with the firms practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in set forth in this affidavit.

I am employed in THE LAW OFFICES OF JEROME ZAMOS in Woodland Hills, California at whose direction service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 15, 2010 at Woodland Hills, California.

*Judith F. Kaplan*
Judith F. Kaplan