Hearing Date:       December 15, 2010
                                        Objections Deadline:  December  8, 2010

LAW OFFICES OF JEROME ZAMOS
Jerome Zamos (Cal. State Bar No. 36246)
       Admitted Pro Hac Vice
5228 Campo Road
Woodland Hills, California 91364-1927
Telephone: 818-348-XXXX 7151
Facsimile:  818-348-6095
email:  zamoslaw @ aol.com

Attorneys for Real Party in Interest
PRUDENCE WALTZ

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In Re: | Case No. 08-13555 JMP |
|    LEHMAN BROTHER'S HOLDING, INC., a Delaware Corporation | Chapter 11 |
| | [jointly administered] |
|                        Debtor | |

_____

DECLARATION OF REAL PARTY IN INTEREST PRUDENCE WALTZ'S COUNSEL JEROME ZAMOS IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND ORDER DIRECTING THE ABANDONMENT OF CLAIMS AGAINST THE REAL PROPERTY COMMONLY KNOWN AS  844-846 WEST 57TH STREET, LOS ANGELES, CALIFORNIA

      THE UNDERSIGNED JEROME ZAMOS declares that if called as a witness in the above referenced proceeding would competently testify based upon personal knowledge as to each of the following facts.

      1.      I am now, and have at all times herein mentioned acted as counsel for REAL PARTY IN INTEREST  PRUDENCE M. WALTZ [hereinafter referred to as "WALTZ" ] in the action now pending in THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES [hereinafter referred as "THE CALIFORNIA COURT"] actions BC 374163 [hereinafter referred to as "THE PENDING STATE COURT ACTION"].

      2.      As set forth in THE FOURTH AMENDED COMPLAINT filed in THE PENDING STATE COURT ACTION [a copy of which is filed herein as Exhibit "A", WALTZ claims that she is the legal owner and entitled to both title and possession of that certain real

1

property located at and commonly known as 844-846 West 57th Street, Los Angeles, California 90037-3628 [which is hereinafter referred to as "THE SUBJECT PROPERTY"] which is more fully described as follows:

> The North 113.25 feet of Lot 382 or Burck's Golden Tract, in the City of Los
>
> Angeles, County of Los Angeles as per map recorded in Book 10, Page 26 of Maps
>
> in the office of the County Records of said County.

3. On June 4, 2009 AURORA LOAN SERVICES, LLC [hereinafter referred to as "AURORA" which is an entity related to LEHMAN BROTHERS' HOLDING, INC. the debtor in possession in this case which is hereinafter referred to as "THE DEBTOR IN THIS CASE"] appeared in THE PENDING STATE COURT ACTION through counsel designated by its title insurer FIRST AMERICAN TITLE INSURANCE COMPANY by filing an answer [a copy of which is filed herein as Exhibit "B"] and a cross-complaint [a copy of which is filed herein as Exhibit "C"].

4. As set forth in the answer and cross-complaint filed in THE PENDING STATE COURT ACTION [copies of which are filed herein as Exhibits "B" and "C"] by AURORA LOAN SERVICES, LLC [hereinafter referred to as "AURORA" which is an entity related to LEHMAN BROTHERS' HOLDING, INC. the debtor in possession in this case which is hereinafter referred to as "THE DEBTOR IN THIS CASE"] disputes WALTZ claims to title and possession of THE SUBJECT PROPERTY.

5. As set forth in the minute order entered in THE PENDING STATE ACTION [a copy of which is filed herein as Exhibit "F"] and the notice from counsel for AURORA LOAN SERVICE LLC [hereinafter referred to as "AURORA"] THE CALIFORNIA COURT has stayed that action in response to the "BRIEF RE: STAY OF PROCEED-INGS FILING BY INTERESTED PARTY LEHMAN BROTHERS HOLDING, INC" [hereinafter referred to as "THE REQUEST TO STAY THE STATE COURT PRO-CEEDINGS", a copy of which is filed herein as Exhibit "D"] filed therein by an attorney claiming to represent THE DEBTOR IN THIS CASE .

6. AURORA'S claim to title and possession of THE SUBJECT PROPERTY is based upon a TRUSTEE'S DEED [a copy of which is filed herein as Exhibit "L" which is hereinafter referred to as "AURORA'S DEED"] which it received and recorded following the foreclosure of a deed of trust [a copy of which is filed herein as Exhibit "M" and hereinafter referred to as "THE BAIRD DEED OF TRUST"] which purports to have been executed by a trustor identified as JANELLE BAIRD [hereinafter referred to as "BAIRD"].

7. However, JANELLE BAIRD testified under oath in a deposition taken in THE PENDING STATE ACTION on November 19, 2009 in my presence that:

(a) She never had an interest in THE SUBJECT PROPERTY [see deposition excerpt filed herein as Exhibit "N"];

(b) The signature on THE BAIRD TRUST DEED was not placed on the instrument by her [see deposition excerpt filed herein as Exhibit "O"]; and

(c) She never authorized anyone to execute THE BAIRD TRUST DEED on her behalf [see deposition excerpt filed herein as Exhibit "P"].

8. Neither AURORA or anyone else has ever disputed the fact that the signature on THE BAIRD DEED OF TRUST was not placed on the instrument by BAIRD or challenged the deposition testimony given by her on November 19, 2009 [Exhibits "N", "O" and "P" filed herein].

9. In addition to the foregoing, SAMANTHA HILL [hereinafter referred to as "HILL"], the person who supposedly conveyed an interest in THE SUBJECT PROPERTY to BAIRD, has submitted a declaration under penalty of perjury [a copy of which is filed herein as Exhibit "Q and the original filed in THE PENDING STATE ACTION] that she never had an interest in THE SUBJECT PROPERTY and testified in her deposition taken on February 3, 2009 that she did not convey an interest in the property to JANELLE BAIRD [a copy of which is filed herein as Exhibit "R" ] .

3

10. Thus the uncontradicted testimony given by both HILL and BAIRD in deposition testimony given under oath in THE PENDING STATE COURT ACTION establishes the fact that:

(a) The person [BAIRD] who allegedly pledged an interest in THE SUBJECT PROPERTY to secure a loan [Exhibit "M" filed herein] made by an affiliate of THE DEBTOR IN THIS CASE did not have an interest in THE SUBJECT PROPERTY; and

(b) The person [HILL] which allegedly conveyed an interest in THE SUBJECT PROPERTY to the person who pledged an interest in the property [BAIRD] did not sign the Grant Deed[1] [hereinafter referred to as "THE BAIRD DEED"] which was the basis for the claim that she had an interest in the property [See deposition excerpt filed herein as Exhibit "R"] in PLAINTIFF'S APPENDIX OF DECLARATIONS AND EXHIBITS

11. AURORA has never produced any evidence contradicting the sworn testimony of either HILL or BAIRD contained in either the declaration and deposition excerpts filed as Exhibits "N", "O", "P", "Q" and "R".

12. Although a grant deed [a copy of which is filed herein as Exhibit "S"] allegedly conveying title to THE SUBJECT PROPERTY has been recorded in the official records of Los Angeles, WALTZ has testified under oath and is providing a declaration in support of her pending motion for relief from stay under section 362(d)(2)(A) of the Bankruptcy Code that the signature on the instrument is not hers and that she did authorize anyone place here signature on any deed or authorize its recording.

---

[1]. In California the term "Grant Deed" describes what in other states is referred to as a statutory Warranty Deed.

13. As set forth in the report [Exhibit "T" filed herein] and the excerpt [Exhibit "U" filed herein] from the deposition testimony given by WALTZ'S Forensic Document Examiner BRUCE GREENWOOD it is his opinion "to a reasonable certainty" that the signature on the grant deed [Exhibit "S"] conveying title out of WALTZ'S name "was not written by PRUDENCE WALTZ" [see page 6 lines 15 through 20 inclusive of the Deposition Excerpt filed herein as Exhibit "U"].

14. On November 1, 2010 I caused a Petition for Writ of Mandate with the Court of Appeal for the Second Appellate District of the State of California Division Two [hereinafter "THE CALIFORNIA COURT OF APPEAL"] to be filed in an attempt to have THE CALIFORNIA COURT proceed with THE PENDING STATE ACTION based on the fact that AURORA is not a debtor in this Case [citing 3 Collier on Bankruptcy § 362.03(3)(d) (16th Edition Lexis-Nexus 2010)].

15. On November 9, 2010 THE CALIFORNIA COURT OF APPEAL denied WALTZ'S petition for relief without comment [see Exhibit "J" filed herein].

I declare under penalty of perjury under the laws of THE UNITED STATES OF AMERICA.

Executed November 10, 2010 at WOODLAND HILLS, CALIFORNIA.

_____
JEROME ZAMOS

State of California        )
                           ) ss
County of Los Angeles      )

Sworn to or affirmed before me this _10_ day of November 2010.

_____
Notary Public

KATRINA MARIE BARNUM
Commission # 1763567
Notary Public - California
Los Angeles County
My Comm. Expires Aug 25, 2011

5

State of California
County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me on this _10th_ day of _Nov_, 20_10_, by _Jerome Zamos_, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

KATRINA MARIE BARNUM
Commission # 1763567
Notary Public - California
Los Angeles County
My Comm. Expires Aug 25, 2011

(Seal)     Signature _Kat._

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to the within action; my business address is 5228 Campo Road, Woodland Hills, California 91364-1927.

On November 15, 2010 I served the following document(s) described as DECLARATION OF REAL PARTY IN INTEREST PRUDENCE WALTZ'S COUNSEL JEROME ZAMOS IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND ORDER DIRECTING THE ABANDONMENT OF CLAIMS AGAINST THE REAL PROPERTY COMMONLY KNOWN AS 844-846 WEST 57TH STREET, LOS ANGELES, CALIFORNIA on the interested parties by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid addressed to:

Lehman Brothers Holdings Inc.
745 Seventh Avenue
New York, NY 10019

Harvey R. Miller, E,sq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esg.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York. New York 10153

Andrew D. Velez-Rivera, Esq.
Office of the U.S. Trustee
33 Whitehall Street
21st. Floor
New York, NY 10004

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

[Counsel for AURORA LOAN SERVICES]
GARRETT & TULLEY, P.C.
CANDIE Y. CHANG, Esquire
STEPHANIE S. BANG, Esquire
225 South Lake Avenue
Suite 1400
Pasadena, California 91101-4869

[COUNSEL FOR REAL PARTY LEHMAN BROTHER'S HOLDING, INC.]
Justin D. Balser, Esquire
Donald M. Scotten, Esquire
Bryan M. Leifer, Esquire
AKERMAN SENTERFITT LLP
725 S. Figueroa St., Suite 3800
Los Angeles, CA 90071

MOHAMED FOUZI HAFFER, Esquire
HAFFER & ASSOCIATES
625 Broadway, Suite 825
San Diego, California 92101

BLUE OCEAN MORTGAGE, INC.
c/o MATTHEW P KAY
[its agent for service]
4347 McCONNELL
LOS ANGELES, CA 90066

JANELLE M. BAIRD
P.O. Box 1812
Hawaiian Gardens Ca, 90716

Samantha Hill
1201 N. Orange Grove Ave., #106
West Hollywood, CA 90046

MATTHEW P KAY
4347 McCONNELL
LOS ANGELES, CA 90066

LATOSHIA C. KELLER
4515 Don Ricardo Drive
Los Angeles, California 90008

The Superior Court of The State of California
For the County of Los Angeles
Attention: The Hon. DEBRE K. WEINTRAUB
111 North Hill Street
Los Angeles, California 90012

I am "readily familiar" with the firms practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in set forth in this affidavit.

I am employed inTHE LAW OFFICES OF JEROME ZAMOS in Woodland Hills, California at whose direction service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 15, 2010 at Woodland Hills, California.

*Judith F. Kaplan*
Judith F. Kaplan