ORIGINAL

RYAN C. SQUIRE, SBN 199473
rsquire@garrett-tully.com
CANDIE Y. CHANG, SBN 215019
cchang@garrett-tully.com
GARRETT & TULLY, P.C.
225 S. Lake Avenue, Suite 1400
Pasadena, CA 91101-4869
Telephone: (626) 577-9500
Facsimile: (626) 577-0813

Attorneys for AURORA LOAN SERVICES




SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT

PRUDENCE WALTZ,

Plaintiff,

vs.

BLUE OCEAN MORTGAGE CORPORATION, a California Corporation, MATTHEW P. KAY an individual, MOHAMED FOUZI HAFFAR and individual, LATOSHIA KELLER, an individual AURORA LOAN SERVICES and DOES 1 THROUGH 20 inclusive

Defendants.

CASE NO. BC374163
(Hon. Aurelio N. Munoz, Dept. 47)

**DEFENDANT AURORA LOAN SERVICES'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

File by Fax

Defendant Aurora Loan Services, Inc. ("defendant") hereby answers the Fourth Amended Complaint filed on March 24, 2009 by plaintiff Prudence Waltz in the above-entitled action:

**GENERAL DENIAL**

1. Pursuant to section 431.30(d) of the California Code of Civil Procedure, defendant denies each and every allegation of the Fourth Amended Complaint and further denies that plaintiff has been damaged by reason of any act or omission on the part of defendant, and denies that defendant was guilty of any wrongful act or omission whatsoever, and denies that plaintiff is entitled to any relief

CIV/CASE: BC374163 LEA/DEF#:
RECEIPT #: CCH
DATE PAID: 06/04/09 03:46 PM
PAYMENT: $
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD:

against defendant.

**FIRST AFFIRMATIVE DEFENSE**

2. The complaint and each cause of action asserted against defendant fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

3. The complaint and each cause of action asserted against defendant is barred by the applicable statute of limitations, including those set forth in California Code of Civil Procedure, sections 335.1, 336, 337, 338, 339, 343, and 347.

**THIRD AFFIRMATIVE DEFENSE**

4. Plaintiff has waived any rights or claims that may be asserted against defendant.

**FOURTH AFFIRMATIVE DEFENSE**

5. Plaintiff is equitably and judicially estopped from asserting any rights or claims against defendant.

**FIFTH AFFIRMATIVE DEFENSE**

6. The complaint, and each and every cause of action asserted therein against defendant, is barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

7. The complaint, and each and every cause of action asserted therein against defendant, is barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred by the doctrine of consent.

**EIGHTH AFFIRMATIVE DEFENSE**

9. Plaintiff's conduct in relation to this matter constituted an approval and ratification.

**NINTH AFFIRMATIVE DEFENSE**

10. Defendant alleges that plaintiff was negligent and/or at fault in and about the matters and activities described in the complaint, and that this negligence or fault contributed to, and/or was the proximate cause of plaintiff's alleged injuries and damages. Defendant further alleges that if defendant is found to be negligent and plaintiff is entitled to recover damages against defendant, such recovery

should be diminished by the degree of negligence on the part of plaintiff in proportion to the degree of negligence or fault attributable to defendant, if any.

**TENTH AFFIRMATIVE DEFENSE**

11. If plaintiff has suffered damage by reason of the circumstances alleged in the complaint, plaintiff has failed to take action or has taken insufficient action to mitigate her damages. Consequently, any damages suffered by plaintiff must be reduced in an amount by which plaintiff could have mitigated her damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

12. Defendant alleges that plaintiff's damages, if any, were proximately caused in whole or in part by the negligence or other actionable conduct of persons or entities other than defendant over whom defendant exercised no control or dominion, and for whose negligence or other actionable conduct defendant is not responsible. In the event that defendant is found liable to plaintiff as a result of the matters alleged in the complaint, the amount of plaintiff's recovery, if any, should be no greater than the amount which, when expressed as a percentage of plaintiff's total damages, is equal to defendant's proportionate share, if any, of the combined negligence or other actionable conduct of all persons, and/or entities whose negligence or other actionable conduct proximately caused plaintiff's damages and injuries, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

13. Defendant alleges that if plaintiff was damaged in any amount whatsoever, such damage was a direct and proximate result of intervening and superseding events, and/or intervening and superceding actions on the part of other persons and entities and not the actions of defendant. Defendant alleges further that these intervening or superseding events and/or actions on the part of other persons or entities bar a recovery herein by the plaintiff against defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14. Should plaintiff prevail in her allegations against defendant, defendant would be entitled to an equitable lien in the amount of plaintiff's debt paid off with or through defendant's loan.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15. Defendant presently has insufficient knowledge or information on which to form a

belief as to whether it may have additional as yet unstated affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

**PRAYER**

Defendant prays for judgment against plaintiff as follows:

1. That plaintiff take nothing by way of its complaint;
2. That defendant recovers attorneys' fees and costs of suit to the extent permitted by law; and
3. That the Court award such other relief as it deems just and proper under the circumstances.

DATED: June 4, 2009

GARRETT & TULLY, P.C.

[signature]

RYAN C. SQUIRE
CANDIE Y. CHANG
Attorneys for defendant AURORA LOAN SERVICES

GARRETT & TULLY
A PROFESSIONAL CORPORATION

30221.wpd
91498-243

**PROOF OF SERVICE**
*Waltz v. Blue Ocean Mortgage Corp., et al.*
*Case No. BC374163*

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 225 S. Lake Avenue, Suite 1400, Pasadena, California 91101-4869.

On June 4, 2009, I served the following document(s): **DEFENDANT AURORA LOAN SERVICES'S ANSWER TO FOURTH AMENDED COMPLAINT**

☒ **BY MAIL** by depositing in the United States Postal Service mail box at 225 S. Lake Avenue, Suite 1400, Pasadena, California 91101-4869, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:

☐ **BY OVERNIGHT COURIER** by depositing in the facility regularly maintained by ____________________, a true copy thereof in a sealed envelope with delivery fees fully provided for and addressed as follows:

☐ **BY E-MAIL or ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:
- ☐ the written confirmation of counsel in this action:
- ☐ [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):
- ☐ [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 4, 2009, at Pasadena, California.

Erika Lopez

GARRETT & TULLY
A PROFESSIONAL CORPORATION

**SERVICE LIST**
*Waltz v. Blue Ocean Mortgage Corp., et al.*
*Case No. BC374163*

| | |
|---|---|
| LAW OFFICES OF ZAMOS & OKOJIE<br>Jerome Zamos, SBN 36246<br>Odion L. Okojie, SBN 164931<br>880 West First Street, Suite #313<br>Los Angeles, CA 90012<br>Telephone: (818) 348-7151/ (213) 626-4100<br>Facsimile: (818) 348-6095/ (213) 626-6900 | Attorneys for Plaintiff Prudence Waltz |
| Matthew P. Kay [its agent of service]<br>5900 Wilshire Blvd., Suite 2555<br>Los Angeles, CA 90036 | Defendant In Pro Per |
| Matthew P. Kay<br>1843 Cherokee Avenue, Apartment #116<br>Los Angeles, CA 90028 | Defendant In Pro Per |
| HAFFER & ASSOCIATES<br>Mohamed Fouzi Haffer, Esq.<br>402 West Broadway, Suite 400<br>San Diego, CA 92101 | Attorneys for defendant Mohamed Fouzi Haffar |
| LAW OFFICES OF SINGER & VENTURA, LLP<br>Daniel I. Singer, Esq.<br>Cheryl Ziegler, Esq.<br>3694 Midway Drive, Suite B<br>San Diego, CA 92110 | Attorneys for defendant Latoshia Keller |

GARRETT & TULLY
A PROFESSIONAL CORPORATION