ORIGINAL

1  RYAN C. SQUIRE, SBN 199473
   rsquire@garrett-tully.com
2  CANDIE Y. CHANG, SBN 215019
   cchang@garrett-tully.com
3  GARRETT & TULLY, P.C.
   225 S. Lake Avenue, Suite 1400
4  Pasadena, CA 91101-4869
   Telephone: (626) 577-9500
5  Facsimile: (626) 577-0813

6  Attorneys for AURORA LOAN SERVICES, INC.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
JUN 0 4 2009
John A. Clarke, Executive Officer/Clerk
By_____ Deputy
       RUGENA LOPEZ

File by Fax

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT

BC 374163
D47

PRUDENCE WALTZ,

            PLAINTIFF,

   vs.

BLUE OCEAN MORTGAGE
CORPORATION, a California Corporation,
MATTHEW P. KAY an individual,
MOHAMED FOUZI HAFFAR and individual,
LATOSHIA KELLER, an individual AURORA
LOAN SERVICES and DOES 1 THROUGH
20 inclusive

            DEFENDANTS.

CASE NO. BC 392075
(Hon. Jane L. Johnson, Dept. 56)

AURORA LOAN SERVICES, INC.'S
CROSS-COMPLAINT FOR:

(1) DECLARATORY RELIEF
(2) EQUITABLE SUBROGATION
(3) JUDICIAL FORECLOSURE
(4) UNJUST ENRICHMENT
(6) INDEMNITY
(7) CONTRIBUTION
(8) DECLARATORY RELIEF

AURORA LOAN SERVICES, INC.,

            Cross-Complainant,

   vs.

PRUDENCE WALTZ, an individual; BLUE
OCEAN MORTGAGE CORPORATION, a
California Corporation, MATTHEW P. KAY
an individual, MOHAMED FOUZI HAFFAR
and individual, LATOSHIA KELLER, an
individual; and ROES 1 through 20, inclusive,

            Cross-Defendants.

GARRETT & TULLY
A PROFESSIONAL CORPORATION

30222.wpd
91498-243

1

AURORA LOAN SERVICES INC.'S CROSS-COMPLAINT

## JURISDICTION

1. Cross-complainant Aurora Loan Services is a corporation and at all times relevant herein was authorized to do business in the State of California, County of Los Angeles, and conducted business within the State of California, County of Los Angeles.

## PARTIES

2. Cross-complainant is informed and believes and thereon alleges that plaintiff and cross-defendant Prudence Waltz ("plaintiff") is an individual at all times relevant herein was a resident residing in the State of California, County of Los Angeles. Plaintiff has filed an action against cross-complainant in which she alleges a cause of action for cancellation of fraudulent deed and restitution of real property.

3. Cross-complainant is informed and believes and thereon alleges that cross-defendant Blue Ocean Mortgage Corporation is a corporation duly organized and existing under the laws of the State of California, and at all times relevant herein was registered under the laws of the State of California, was authorized to do business in the State of California, and conducted business within the State of California, County of Los Angeles.

4. Cross-complainant is informed and believes and thereon alleges that cross-defendant Matthew P. Kay is and at all time herein mentioned was a resident of the State of California, County of Los Angeles.

5. Cross-complainant is informed and believes and thereon alleges that cross-defendant Mohamed Fouzi Haffar is and at all time herein mentioned was a resident of the State of California, County of Los Angeles.

6. Cross-complainant is informed and believes and thereon alleges that cross-defendant Latoshia Keller is and at all time herein mentioned was a resident of the State of California, County of Los Angeles.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of cross-defendants Roes 1 through 20, inclusive, are unknown to cross-complainant, who therefore sues such cross-defendants by such fictitious names. Cross-complainant will amend this cross-complaint to show their true names and capacities when ascertained. Cross-complainant is informed and believes and

thereon alleges that each of the cross-defendants designated as a Roe cross-defendant is responsible in some manner for the acts alleged herein and thereby caused the injuries and damages to cross-complainant herein.

8.  Cross-complainant is informed and believes and thereon alleges that each of the cross-defendants (except for plaintiff), is and at all time herein mentioned was either the agent, employee, partner, or joint venturer of the remaining cross-defendants and acted within the scope of that relationship.

9.  Cross-complainant is informed and believes and thereon alleges that all persons presently known, or unknown are either residents of or conducting business out of which cross-complainant's claim arose within the State of California, County of Los Angeles, and are related to the remaining cross-defendants in a partnership, agency, joint venture, supervisory, and management capacity.

## GENERAL ALLEGATIONS

10.  The real property that is the subject of this action is located in the County of Los Angeles, State of California, and is commonly known as 844 West 57th Street, Los Angeles, California 90037-3628 ("Subject Property") and more particularly described as:

> The North 113.25 Feet of Lot 382, as shown on the Map entitled, "Burck's Golden Tract", in the City of Los Angeles, County of Los Angeles as per map recorded in Book 10, Page 26 of Maps in the office of the County records of said County.
>
> APN: 5001-014-011

11.  Cross-complainant is informed and believes and thereon alleges that on May 23, 2005, a Grant Deed was recorded as Instrument No. 1197872 transferring title to the Subject Property from Gregory Himes, a single man to Prudence M. Waltz, a single woman.

12.  Cross-complainant is informed and believes and thereon alleges that Resmae Mortgage Corporation made a loan in the amount of $340,000 (the "Resmae Loan") to cross-defendant Prudence Waltz. The Resmae Loan was secured by a Deed of Trust recorded on May 23, 2005 as Instrument No. 1197873 (the "Resmae Deed of Trust").

13.  Cross-complainant is informed and believes and thereon alleges that on January 27, 2006, a Grant Deed was recorded as Instrument No. 203073 transferring title to the Subject Property

from Prudence M. Waltz, a single woman, to Samantha Hill, an unmarried woman. Cross-complainant is informed and believes and thereon alleges that plaintiff contends this deed was a forgery.

14. Cross-complainant is informed and believes and thereon alleges that New Century Mortgage Corporation made a loan in the amount of $400,000 (the "First New Century Loan") to Samantha Hill. The First New Century Loan was secured by a Deed of Trust recorded on January 27, 2006 as Instrument No. 203074 (the "First New Century Deed of Trust").

15. Cross-complainant is informed and believes and thereon alleges that New Century Mortgage Corporation made a loan in the amount of $100,000 (the "Second New Century Loan") to Samantha Hill. The Second New Century Loan was secured by a Deed of Trust recorded on January 27, 2006 as Instrument No. 203075 (the "Second New Century Deed of Trust").

16. Cross-complainant is informed and believes and thereon alleges that the proceeds from the First New Century Loan paid off the existing balance of the Resmae Loan in the amount of $340,000 plus interests accrued. The payoff was evidenced by a Deed of Release recorded on February 9, 2006 as Instrument No. 308828.

17. Cross-complainant is informed and believes and thereon alleges that on August 23, 2006, a Grant Deed was recorded as Instrument No. 1878370 transferring title to the Subject Property from Samantha Hill, an unmarried woman, to Janelle M. Baird, a single woman. Cross-complainant is informed and believes and thereon alleges that plaintiff contends this deed was a forgery.

18. Cross-complainant is informed and believes and thereon alleges that BNC Mortgage Inc. made a loan in the amount of $456,000 (the "BNC Loan") to Janelle M. Baird. The BNC Loan was secured by a Deed of Trust recorded on August 23, 2006 as Instrument No. 1878371 (the "BNC Deed of Trust").

19. Cross-complainant is informed and believes and thereon alleges that Lehman Brothers BK FSB made a loan in the amount of $114,000 (the "Lehman Brothers Loan") to Janelle M. Baird. The Loan was secured by a Deed of Trust recorded on August 23, 2006 as Instrument No. 1878372 (the "Lehman Brothers Deed of Trust").

20. Cross-complainant is informed and believes and thereon alleges that the proceeds from the BNC Loan and Lehman brothers Loan paid off the existing balances of the First New Century Loan

and the Second New Century Loan. The payoffs are evidenced by a Deed of Release recorded on September 21, 2006 as Instrument No. 2108842, and a Deed of Release recorded on September 21, 2006 as Instrument No. 2108844.

21. The BNC Loan was assigned to the cross-complainant, and cross-complaint is the beneficiary under the BNC Loan.

22. On February 13, 2007, a Notice of Default was recorded as Instrument No. 312148 against the Subject Property.

23. On May 24, 2007, a Notice of Trustee's Sale was recorded as Instrument No. 1261713 against the Subject Property.

24. On July 5, 2007, cross-complaint obtained title to the Subject Property via a Trustee's Deed Upon Sale. Cross-complaint paid $488,514.19 at the trustee's sale. The Trustee's Deed Upon Sale was recorded on July 5, 2007 as Instrument No. 1599432.

### FIRST CAUSE OF ACTION

**(For Declaratory Relief Against All Cross-Defendants.)**

25. Cross-complainant realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24.

26. Cross-complainant is informed and believes and thereon alleges that an actual controversy has arisen and now exists between cross-complainant and cross-defendants, and each of them, in that cross-complainant contends and is informed and believes and thereon alleges that said cross-defendants, and each of them, deny the following:

   a. That the Grant Deed transferring title from Prudence Waltz to Samantha Hill recorded on January 27, 2006 as Instrument No. 203073 is valid and should be given full legal force and effect;

   b. That the Deed of Trust encumbering the Subject Property in the amount of $400,000 by Samantha Hill and in favor of New Century Mortgage Corporation recorded on January 27, 2006 as Instrument No. 203074 is valid and should be given full legal force and effect;

   c. That the Deed of Trust encumbering the Subject Property in the amount of $100,000 by Samantha Hill and in favor of New Century Mortgage Corporation recorded on January 27,

2006 as Instrument No. 203075 is valid and should be given full legal force and effect;

    d.    That the First New Century Loan paid off the Resmae Loan in the amount of $340,000;

    e.    That the Grant Deed transferring title from Samantha Hill to Janelle M. Baird recorded on August 23, 2006 as Instrument No. 1878370 is valid and should be given full legal force and effect;

    f.    That the Deed of Trust encumbering the Subject Property in the amount of $456,000 by Janelle M. Baird and in favor of BNC Mortgage Inc. recorded on August 23, 2006 as Instrument No. 1878371 is valid and should be given full legal force and effect;

    g.    That the Deed of Trust encumbering the Subject Property in the amount of $114,000 by Janelle M. Baird and in favor of Lehman Brothers BK FSB recorded on August 23, 2006 as Instrument No. 1878372 is valid and should be given full legal force and effect;

    h.    That the BNC Loan, and the Lehman Brothers Loan paid off the First New Century Loan, and the Second New Century Loan;

    i.    That cross-complaint obtained title to the Subject Property via a Trustee's Deed Upon Sale and paid $488,514.19 at the trustee's sale;

    j.    That cross-complainant has an equitable interest in and lien against the Subject Property to the extent the proceeds of the BNC Loan, and the Lehman Brothers Loan were used to pay off the encumbrances made and entered into by plaintiff against the Subject Property;

    k.    That if plaintiff prevails in her claims against cross-complainant, cross-complainant is entitled to be equitably subrogated to the priority position of the Resmae Loan and an equitable lien on the Subject Property to the extent of the payoffs made for plaintiff's benefit;

    l.    That plaintiff, and cross-defendants Roes 1 through 20, inclusive, and each of them, received benefits from the payoffs made from the proceeds of the Lehman Brothers Loan;

    m.    That plaintiff, and cross-defendants Roes 1 through 20, inclusive, and each of them, have been unjustly enriched to the detriment of cross-complainant, and cross-complainant is entitled to recover from all cross-defendants said amount according to proof at trial.

///

27. Cross-complainant alleges that an actual controversy exists between the cross-complainant and cross-defendants, and each of them, under the circumstances alleged, and therefore desires a judicial determination of the respective rights and duties of said parties with respect to the foregoing.

28. Such declarations are necessary and appropriate at this time so that cross-complainant may ascertain its rights and duties with respect to the matters alleged herein, which all arise out of the same transaction concerning the Subject Property.

## SECOND CAUSE OF ACTION

(For Equitable Subrogation Against Plaintiff and Cross-defendant

Prudence Waltz, and Roes 1 to 20, Inclusive.)

29. Cross-complainant realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28.

30. Cross-complainant is informed and believes and thereon alleges that on or about February 9, 2006, a portion of the proceeds of the First New Century Loan, in an amount to be proven at trial, was used to pay in full the Resmae Loan secured against the Subject Property by cross-defendant Prudence Waltz.

31. Cross-complainant is informed and believes and thereon alleges that on or about February 9, 2006, a portion of the proceeds of the First New Century Loan, in an amount to be proven at trial, was used to pay in full certain other liens and obligations encumbering the Subject Property and/or for other costs related to the Subject Property, according to proof at the time of trial.

32. Cross-complainant is informed and believes and thereon alleges that as a result of the payment of a portion of the proceeds from the First New Century Loan, in an amount to be proven at trial, the Resmae Deed of Trust was reconveyed.

33. Cross-complainant is informed and believes and thereon alleges that as a result of the payment of a portion of the proceeds from the First New Century Loan, in an amount to be proven at trial, certain liens and/or other obligations encumbering the Subject Property were released.

34. Cross-complainant purchased the Subject Property at the trustee's sale in good faith and without knowledge of any alleged claims asserted by plaintiff.

35.  Cross-complainant is informed and believes and thereon alleges that the First New Century Loan paid the amounts due and owing by cross-defendant Prudence Waltz. Cross-complainant was not primarily liable for the debts under the Resmae Loan or the New Century loans.

36.  Therefore, if plaintiff prevails in her action against cross-complainant, cross-complainant is entitled to be equitably subrogated to the Resmae Loan and thus enforce the superior lien discharged from the proceeds of the Loans to the extent necessary for its protection, and entitled to occupy the lien position of the holders of any other liens formerly encumbering the Subject Property that were paid off with the proceeds of the subsequent lien holders according to proof at the time of trial.

### THIRD CAUSE OF ACTION

**(For Judicial Foreclosure Against Plaintiff and Cross-defendant Prudence Waltz, and Roes 1 to 20, Inclusive.)**

37.  Cross-complainant realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 36.

38.  Cross-complainant denies the allegations in plaintiff's complaint that cross-complainant has no valid and legally enforceable rights and interest in the Subject Property. However, in the event plaintiff prevails in her action against cross-complainant, cross-complainant alleges that it is entitled to the imposition of an equitable lien on the Subject Property in an amount according to proof at the time of trial. Additionally, cross-complainant alleges that it is entitled to have this equitable lien adjudged to be prior and superior to any of the cross-defendants' purported rights, title, estate, lien or interest, if any. Cross-complainant further alleges that it is entitled to an order directing that this equitable lien be foreclosed, the Subject Property be sold for payment of the lien, and that payment of the amount of the lien be made from the proceeds of the sale.

### FOURTH CAUSE OF ACTION

**(For Unjust Enrichment Against All Cross-defendants.)**

39.  Cross-complainant realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24.

40.  Cross-complainant denies the allegations in plaintiff's complaint that cross-complainant has no valid and legally enforceable rights and interest in the Subject Property. However, in the event

plaintiff were to prevail in her action against cross-complainant, the, alternatively, cross-complainant is informed and believes and thereon alleges that plaintiff, and cross-defendants Roes 1 to 20, inclusive, and each of them, have been unjustly enriched to the detriment of cross-complainant, and cross-complainant is entitled to recover from plaintiff, and cross-defendants Roe 1 to 20, inclusive, and each of them, said amount according to proof at trial.

### FIFTH CAUSE OF ACTION

**(For Indemnity Against All Cross-Defendants**

**Except For Plaintiff and Cross-defendant Prudence Waltz.)**

41.     Cross-complainant realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 40.

42.     Cross-complainant is entitled to be indemnified by all cross-defendants (except for plaintiff), and each of them, for all amounts paid or incurred by cross-complainant by compromise or in settlement of plaintiff's complaint, or in response to any judgment against cross-complainant in plaintiff's complaint, as well as for all attorney's fees, costs and other expenses incurred by the cross-complainant in defense of the plaintiff's action and the prosecution of these claims to the extent allowed by law.

43.     In the event plaintiff were to prevail against the cross-complainant, cross-complainant would be entitled to be indemnified by all cross-defendants (except for plaintiff), and each of them, for the amounts paid by the cross-complaint at the trustee's sale in the amount of $488,514.19 to the extent cross-complainant is not determined by the court to be subrogated to the respective positions of prior lien holders.

44.     This cross-complaint shall serve as notice to all cross-defendants of cross-complainant's demand that all cross-defendants (except for plaintiff), and each of them, indemnify cross-complainant for the amounts set forth above.

### SIXTH CAUSE OF ACTION

**(For Contribution Against All Cross-Defendants**

**Except For Plaintiff and Cross-defendant Prudence Waltz.)**

45.     Cross-complainant realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 44.

46. Cross-complainant alleges, in the alternative, that if recovery is denied cross-complainant on the indemnity cause of action herein, it is entitled to a determination of the proportion of negligence, fault and other wrongful conduct attributable to cross-complainant, if any, and that attributable to plaintiff based upon the principles of law of comparative fault, adopted in the State of California and *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, and its progeny. Cross-complainant is entitled to partial or full indemnity from all cross-defendants (except for plaintiff), and each of them, on a comparative basis in an amount equal to the percentage of damages, if any, sustained by the plaintiff which is proportionate to the negligence, fault, or culpable conduct on the part of each such cross-defendant.

### SEVENTH CAUSE OF ACTION

**(For Declaratory Relief Against All Cross-Defendants Except For Plaintiff and Cross-defendant Prudence Waltz.)**

47. Cross-complainant realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46.

48. Cross-complainant is informed and believes and thereon alleges that an actual controversy has arisen and now exists between cross-complainant and all cross-defendants (except for plaintiff), and each of them, in that cross-complainant, among other things, contends, and said cross-defendants deny, the following:

a. That all cross-defendants (except for plaintiff), and each of them, are fully or partially responsible for the damages claimed by plaintiff in the action.

b. That as a result thereof, all cross-defendants (except for plaintiff), and each of them, are obligated to partially indemnify or fully indemnify cross-complainant for sums which cross-complainant may be compelled to pay as a result of any damages, judgment or other awards recovered by plaintiff in the action against cross-complainant, including costs, fees and expenses incurred therewith.

c. That in the event plaintiff were to prevail in her action against cross-complainant, the, alternatively, cross-complainant is informed and believes and thereon alleges that all cross-

defendants, and each of them, have been unjustly enriched to the detriment of cross-complainant, and cross-complainant is entitled to recover from all cross-defendants said amount according to proof at trial.

d.  That, in the alternative, if recovery is denied cross-complainant on the indemnity cause of action herein, cross-complainant is entitled to a determination of the proportion of negligence, fault and other wrongful conduct attributable to all cross-defendants (except for plaintiff), and each of them, based upon the principles of law of comparative fault, adopted in the State of California and *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, and its progeny. Cross-complainant is entitled to partial or full indemnity from all cross-defendants (except for plaintiff), and each of them, on a comparative basis in an amount equal to the percentage of damages, if any, sustained by the plaintiff which is proportionate to the negligence, fault, or culpable conduct on the part of each such cross-defendant.

e.  That cross-complainant is entitled to recover from all cross-defendants (except for plaintiff), and each of them, the amounts paid by cross-complaint at the trustee's sale in the amount of $488,514.19.

49.  Cross-complainant alleges that an actual controversy exists between the cross-complainant and all cross-defendants, including Roes 1 to 20, inclusive, and each of them, under the circumstances alleged, and therefore desires a judicial determination of the respective rights and duties of said parties with respect to the foregoing.

50.  Such declarations are necessary and appropriate at this time so that cross-complainant may ascertain its rights and duties with respect to the matters alleged herein, which all arise out of the same transaction concerning the Subject Property.

**PRAYER**

WHEREFORE, cross-complainant prays for judgment as follows:

AS TO THE FIRST CAUSES OF ACTION:

1)  For declaratory relief as alleged and set forth in paragraphs 23 to 26;

AS TO THE SECOND CAUSES OF ACTION:

2)  That cross-complainant be subrogated to all rights of senior liens, that its interests be declared prior and superior to any liens, claims, rights, titles or interests of the cross-defendants, if any;

and cross-complainant be entitled to foreclose on its equitable lien rights;

AS TO THE THIRD CAUSES OF ACTION:

3) That the cross-complainant be adjudged to have an equitable lien in an amount according to proof at the time of trial plus interest accrued to the date of the judgment in the Subject Property;

4) That the equitable lien be adjudged to be prior and superior to any of the cross-defendants' right, title, interest or liens, if any;

6) That cross-complainant's equitable lien, be foreclosed and the usual judgment be made for the sale of the Subject Property according to law by the levying officer;

7) For payment of the amount of the lien from the proceeds of the sale;

8) That cross-defendants, each of them, and all persons claiming under them, as lien claimants, judgment creditors, claimants under deeds of trust or mortgages, purchasers, encumbrancers, or otherwise, be barred and foreclosed from all rights, claims, interests or equity of redemption in the Subject Property when time for redemption has elapsed;

9) That the court award cross-complainant judgment and execution against cross-defendant Prudence Waltz for any deficiency that may remain after applying all the proceeds of the foreclosure sale which are applicable to the satisfaction of the amounts found due by the court;

10) That the court award cross-complainant judgment and execution against cross-defendants Roe 1 through 20, inclusive, for any deficiency that may remain after applying all the proceeds of the foreclosure sale which are applicable to the satisfaction of the amounts found due by the court;

11) That cross-complainant or any party to this action may become a purchaser at the foreclosure sale;

12) That a levying officer, after the time for redemption has elapsed, execute a deed to the purchaser at the foreclosure sale according to law, and the purchaser be let into possession of the Subject Property upon production of that deed;

AS TO THE FOURTH CAUSES OF ACTION:

13) For judgment against all cross-defendants, and each of them, in the amount that they have been unjustly enriched;

///

AS TO THE FIFTH CAUSE OF ACTION:

14) For all amounts paid or incurred by cross-complainant by compromise or in settlement of plaintiff's complaint, or in response to any judgment against cross-complainant;

AS TO THE SIXTH CAUSE OF ACTION:

15) For the percentage of any judgment on the complaint which is proportionate and allocable to the comparative responsibility and/or fault of all cross-defendants (except for plaintiff), and each of them;

AS TO THE SEVENTH CAUSE OF ACTION:

16) For declaratory relief against all cross-defendants (except for plaintiff), and each of them as alleged and set forth in paragraphs 47 to 50;

AS TO ALL CAUSES OF ACTION:

17) For costs of suit incurred herein;

18) For attorneys fees to the extent permitted by law;

19) For prejudgment interest;

20) For costs of foreclosure; and

21) For such other and further relief as the court may deem just, equitable, and proper.

DATED: June 4, 2009        GARRETT & TULLY
                           a professional corporation

                           _____
                           RYAN C. SQUIRE
                           CANDIE Y. CHANG
                           Attorneys for defendant and cross-complainant
                           AURORA LOAN SERVICES, INC.

# PROOF OF SERVICE
*Waltz v. Blue Ocean Mortgage Corp., et al.*
*Case No. BC374163*

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 225 S. Lake Avenue, Suite 1400, Pasadena, California 91101-4869.

On June 4, 2009, I served the following document(s): **AURORA LOAN SERVICES, INC.'S CROSS-COMPLAINT**

☒ **BY MAIL** by depositing in the United States Postal Service mail box at 225 S. Lake Avenue, Suite 1400, Pasadena, California 91101-4869, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:

☐ **BY OVERNIGHT COURIER** by depositing in the facility regularly maintained by _____, a true copy thereof in a sealed envelope with delivery fees fully provided for and addressed as follows:

☐ **BY E-MAIL or ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:
  ☐ the written confirmation of counsel in this action:
  ☐ [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):
  ☐ [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 4, 2009, at Pasadena, California.

*/s/ Erika Lopez*
Erika Lopez

# SERVICE LIST
*Waltz v. Blue Ocean Mortgage Corp., et al.*
Case No. BC374163

| | |
|---|---|
| LAW OFFICES OF ZAMOS & OKOJIE<br>Jerome Zamos, SBN 36246<br>Odion L. Okojie, SBN 164931<br>880 West First Street, Suite #313<br>Los Angeles, CA 90012<br>Telephone: (818) 348-7151/ (213) 626-4100<br>Facsimile: (818) 348-6095/ (213) 626-6900 | **Attorneys for Plaintiff Prudence Waltz** |
| Matthew P. Kay [its agent of service]<br>5900 Wilshire Blvd., Suite 2555<br>Los Angeles, CA 90036 | **Attorneys for Blue Ocean Mortgage Corporation, Inc.** |
| Matthew P. Kay<br>1843 Cherokee Avenue, Apartment #116<br>Los Angeles, CA 90028 | **In Pro Per** |
| HAFFER & ASSOCIATES<br>Mohamed Fouzi Haffer, Esq.<br>402 West Broadway, Suite 400<br>San Diego, CA 92101 | **Attorneys for Mohamed Fouzi Haffar** |
| LAW OFFICES OF SINGER & VENTURA, LLP<br>Daniel I. Singer, Esq.<br>Cheryl Ziegler, Esq.<br>3694 Midway Drive, Suite B<br>San Diego, CA 92110 | **Attorneys for Latoshia Keller** |

GARRETT & TULLY
A PROFESSIONAL CORPORATION

30222.wpd