SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

**DEPARTMENT 47**                    **HON. DEBRE K. WEINTRAUB, JUDGE**

PRUDENCE M. WALTZ,                          )
                                            )
                                            )
                        PLAINTIFF,          )
                                            )
                                            )
            VS.                             )  BC374163
                                            )
                                            )
BLUE OCEAN MORTGAGE CORPORATION             )
INC., ET AL.,                               )
                                            )
                            **CERTIFIED COPY**
                                            )
_____)

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

TUESDAY, OCTOBER 26, 2010

APPEARANCES:

FOR THE PLAINTIFF:          ZAMOS & OKOJIE
                            BY:  JEROME ZAMOS, ESQ.
                            5228 CAMPO ROAD
                            WOODLAND HILLS, CA   91364


FOR THE DEFENDANT           GARRETT & TULLY
AURORA LOAN SERVICES:       BY:  CANDIE Y. CHANG, ESQ.
                                 STEPHANIE S. BANG, ESQ.
                            225 SOUTH LAKE AVENUE
                            SUITE 1400
                            PASADENA, CA   91101


**ELSIE G. DIWA, RPR**
**CSR NO. 11416**
**OFFICIAL COURT REPORTER**

APPEARANCES (CONTINUED):


FOR THE DEFENDANT            AKERMAN SENTERFITT, LLP
LEHMAN BROTHERS              BY:  BRYAN M. LEIFER, ESQ.
HOLDINGS:                    725 SOUTH FIGUEROA STREET
                             38TH FLOOR
                             LOS ANGELES, CA  90071-5438


THE DEFENDANT:              JANELLE BAIRD
(IN PROPRIA PERSONA)        11422 212TH STREET
                            LAKEWOOD, CA  90715


THE DEFENDANT:              MOHAMAD F. HAFFAR
(IN PROPRIA PERSONA)        625 BROADWAY
                            SUITE 825
                            SAN DIEGO, CA  92101


THE DEFENDANT:              SAMANTHA HILL
(IN PROPRIA PERSONA)        1201 N. ORANGE GROVE AVE.
                            UNIT #106
                            WEST HOLLYWOOD, CA


THE DEFENDANT:              LATOSHIA KELLER
(IN PROPRIA PERSONA)        4515 DON RICARDO DRIVE
                            UNIT #4
                            LOS ANGELES, CA  90008

```
 1   CASE NUMBER:              BC374163

 2   CASE NAME:                WALTZ VS. BLUE OCEAN MORTGAGE

 3   DEPARTMENT 47             HON. DEBRE K. WEINTRAUB, JUDGE

 4   LOS ANGELES, CA          TUESDAY, OCTOBER 26, 2010

 5   REPORTER:                ELSIE G. DIWA, RPR, CSR #11416

 6   APPEARANCES:             SEE TITLE PAGE

 7   TIME:                    A.M. SESSION

 8

 9                            ---O0O---

10

11        THE COURT:  CALLING THE WALTZ VS. BLUE OCEAN

12   MORTGAGE CORPORATION CASE, BC374163.  EVERYONE, YOU NEED

13   TO COME UP, AND WE'RE GOING TO GET YOU CHAIRS SO YOU CAN

14   SIT DOWN WITH RESPECT TO THAT.  SO ANYONE -- THE

15   ATTORNEYS, THE PRO PERS, COME ON UP HERE.  EVERYONE CAN

16   HAVE A SEAT.  NOW, SLOWLY, WE'RE GOING TO HAVE EVERYONE

17   STATE THEIR NAME FOR THE RECORD.

18        MR. ZAMOS:  THANK YOU, YOUR HONOR.  JEROME ZAMOS,

19   APPEARING ON BEHALF OF PLAINTIFF, CROSS-DEFENDANT,

20   PRUDENCE WALTZ, WHO IS SITTING TO MY RIGHT.  AND JUST AS

21   A NOTE, THE OTHER PEOPLE IN THE COURTROOM, MY WIFE IS

22   HERE JUST AS AN OBSERVER.

23        THE COURT:  THIS IS AN OPEN COURTROOM, ANYONE IS

24   WELCOME.

25        MR. ZAMOS:  AND MS. HILL MAY INTRODUCE HER SISTER.

26        THE COURT:  THANK YOU, COUNSEL.  YOU CAN HAVE A

27   SEAT.

28             STATE YOUR NAME.
```

1    THE PLAINTIFF:  PRUDENCE WALTZ.

2    MS. HILL:  SAMANTHA HILL.

3    MS. BAIRD:  JANELLE BAIRD.

4    MR. HAFFAR:  MOHAMAD HAFFAR ON BEHALF OF MYSELF.

5    MR. LEIFER:  BRYAN LEIFER ON BEHALF OF LEHMAN

6    BROTHERS.

7    MS. CHANG:  CANDIE CHANG ON BEHALF OF AURORA LOAN

8    SERVICES, A PARTY IN THIS ACTION.

9    MS. KELLER:  LATOSHIA KELLER REPRESENTING MYSELF.

10   MS. BANG:  STEPHANIE BANG ALSO FOR AURORA LOAN

11   SERVICES.

12   THE COURT:  WE'RE GOING TO DO SOME NECESSARY

13   HOUSEKEEPING AND OTHER MATTERS THAT WE HAVE TO ADDRESS.

14   I AM GOING TO, BEFORE I DO ANYTHING ELSE, ASK EACH

15   INDIVIDUAL -- NOW, THE ATTORNEYS, TO THE EXTENT THERE

16   ARE MORE THAN ONE ATTORNEY REPRESENTING A PARTY, ONE OF

17   YOU SPEAK TO THE COURT.  YOU CAN SPEAK TO THE COURT ON

18   DIFFERENT MOTIONS, DIFFERENT MATTERS, BUT ONCE THE COURT

19   ADDRESSES IT, ONLY ONE OF YOU CAN SPEAK WITH RESPECT TO

20   THAT.

21        TO THE EXTENT YOU ARE REPRESENTED BY

22   COUNSEL, YOUR COUNSEL SPEAKS FOR YOU.  SO YOU DON'T GET

23   AN OPPORTUNITY.  IF YOU'RE A PRO PER, THAT'S YOUR

24   OPPORTUNITY, AND YOU CERTAINLY GET TO SPEAK TO THE

25   COURT.

26        EVERYONE IS HELD TO THE SAME STANDARDS.

27   WHETHER YOU'RE REPRESENTING YOURSELF OR WHETHER YOU'RE

28   AN ATTORNEY, YOU ARE BOUND BY ALL THE RULES OF EVIDENCE,

1    AND ALL THE RULES OF COURT WILL BE APPLIED EQUALLY.  THE

2    COURT WILL GIVE NO SPECIAL PREFERENCE TO THE ATTORNEYS

3    OR THE PRO PERS.  EVERYONE IS HELD TO THE SAME STANDARD.

4         NOW, I'M GOING -- WE'RE GOING TO START WITH

5    THE DEFENDANTS THIS TIME AND GO THROUGH AND ASK, ARE

6    THERE ANY HOUSEKEEPING MATTERS, ANYTHING YOU NEED TO

7    ADDRESS TO THE COURT?  AND WE'RE GOING TO WRITE THOSE

8    ALL DOWN AND DEAL WITH THEM.  AND THE COURT HAS LOTS OF

9    MATTERS TO DEAL WITH, BUT FIRST I WANT TO HEAR FROM THE

10   PARTIES.  SO LET'S START HERE.

11        MS. CHANG:  YOUR HONOR, LEHMAN BROTHERS HOLDINGS,

12   INC., COUNSEL IS HERE, AND HE HAS SOMETHING TO INFORM

13   THE COURT.

14        MR. LEIFER:  YOUR HONOR, WE FILED A BRIEF THIS

15   MORNING REGARDING A STAY OF PROCEEDINGS INVOLVING LEHMAN

16   BROTHERS WHOSE PROPERTY IS AT ISSUE IN THIS CASE.

17   LEHMAN BROTHERS FILED A CHAPTER 11 BANKRUPTCY.

18        THE COURT:  CAN YOU TALK LOUDER, COUNSEL.

19        MR. LEIFER:  OF COURSE, YOUR HONOR.

20        THE COURT:  PRETEND WE'RE IN A FOOTBALL FIELD AND

21   I'M ON THE OTHER END.

22        MR. LEIFER:  YOUR HONOR, LEHMAN BROTHERS, MY

23   CLIENT, HAS PROPERTY AT ISSUE IN THIS CASE.  THERE'S

24   BEEN A CHAPTER 11 BANKRUPTCY FILED IN 2008.  SO

25   CURRENTLY THERE'S A STAY ON ALL PROCEEDINGS, MATTERS,

26   AND LIENS RELATING TO LEHMAN BROTHERS UNDER 11 USC 362

27   (A)(4).  AND I JUST WANT TO INFORM THE COURT OF THAT.

28        THE COURT:  I APPRECIATE THAT, COUNSEL.  WHEN YOU

1   TALK ABOUT THE PROPERTY, WHAT PROPERTY?  BE SPECIFIC.

2        MR. LEIFER:  WE ARE TALKING ABOUT THE LOAN AT

3   ISSUE IN THE PROCEEDING THAT WAS MADE BY BNC MORTGAGE

4   TO JANELLE BAIRD ON AUGUST 11, 2006.

5        THE COURT:  AND THE PROPERTY BEING?

6        MR. LEIFER:  AND THAT PROPERTY IS 844 WEST 57TH

7   STREET, LOS ANGELES, CALIFORNIA.  AND THAT IS PROPERTY

8   OWNED BY LEHMAN BROTHERS HOLDINGS.  AND THAT IS A

9   PROPERTY AT ISSUE IN THIS CASE, YOUR HONOR.

10        THE COURT:  AND LEHMAN BROTHERS HAS A BANKRUPTCY

11   STAY.

12        MR. LEIFER:  ON ALL PROCEEDINGS, YOUR HONOR.

13        MR. HAFFAR:  WHY DIDN'T YOU BRING IT UP BEFORE?

14        THE COURT:  EXCUSE ME.  LET ME BE VERY CLEAR.  AND

15   I THOUGHT I WAS, BUT LET ME BE CLEARER.  THIS IS A

16   COURTROOM.  THE RULES AND PROCEDURES APPLY, WHETHER YOU

17   ARE A PRO PER OR WHETHER YOU'RE COUNSEL.  ONE OF THOSE

18   RULES IS WE DON'T TALK WHEN OTHER PEOPLE ARE TALKING.

19   THE COURT WILL GIVE EVERYONE THE OPPORTUNITY.  WE DON'T

20   INTERRUPT ANYONE.  THE ONLY REASON THERE SHOULD BE AN

21   INTERRUPTION IS IF THERE'S AN EMERGENCY, LIKE AN

22   EARTHQUAKE.  BUT IF YOU DON'T LIKE SOMETHING SOMEONE

23   ELSE SAYS, YOU DON'T JUST START TALKING.  THAT'S RUDE,

24   IT'S NOT APPROPRIATE, AND IT'S NOT GOING TO BE

25   TOLERATED.  I DON'T EXPECT THERE TO BE ANY MORE

26   PROBLEMS.

27             YES.

28        MR. LEIFER:  YES, YOUR HONOR.  AND SO I'M BRINGING

1  THIS TO THE ATTENTION OF THE COURT.

2       THE COURT:  WHO DID YOU NOTIFY, COUNSEL?

3       MR. LEIFER:  I NOTIFIED -- THIS MORNING I FILED

4  SOMETHING, AND I NOTIFIED OPPOSING COUNSEL, COUNSEL FOR

5  PRUDENCE WALTZ, YOUR HONOR.  AND I TRIED TO ACT ON THIS

6  AS QUICKLY AS I COULD.

7       THE COURT:  WHEN DO YOU ANTICIPATE, TO THE BEST OF

8  YOUR KNOWLEDGE, IF YOU HAVE ANY, WHEN THE STAY IS GOING

9  TO BE LIFTED?

10      MR. LEIFER:  YOUR HONOR, THAT WOULD BE SPECULATION

11  ON MY PART.  I COULD GIVE A ROUGH ESTIMATE AS MAYBE SIX

12  MONTHS.

13      THE COURT:  WHERE IS THIS BEING HANDLED OUT OF?

14      MR. LEIFER:  SOUTHERN DISTRICT OF NEW YORK, YOUR

15  HONOR.

16      THE COURT:  THANK YOU.  YES.  THANK YOU.

17      MR. LEIFER:  THANK YOU, YOUR HONOR.

18      THE COURT:  WE'RE GOING TO ADDRESS THIS POINT NOW,

19  THE BANKRUPTCY STAY WITH RESPECT TO THAT.  COUNSEL, I

20  WANT YOU TO STAND UP.  WHAT ARE YOU ASKING THIS COURT TO

21  DO?

22      MR. LEIFER:  YOUR HONOR, WHAT I'M ASKING THIS

23  COURT TO DO IS JUST COMPLY WITH THE STAY SET FORTH BY

24  THE SOUTHERN DISTRICT OF NEW YORK ON ALL PROCEEDINGS.

25      THE COURT:  DID YOU SHOW THE DOCUMENT -- I HAVE

26  LOTS OF PRO PERS HERE.  COUNSEL GOT A COPY OF IT, I'M

27  SURE.  AURORA, WHO'S WITH COUNSEL.  DID YOU SHOW THE

28  OTHER PARTIES?

1      MR. LEIFER:  I SHOWED COUNSEL.

2      THE COURT:  HE DOESN'T REPRESENT THESE OTHER

3   PEOPLE.  DID YOU SHOW THE OTHER PEOPLE?

4      MR. LEIFER:  NO, I DID NOT, YOUR HONOR.

5      THE COURT:  OKAY.  THIS IS WHAT WE'RE GOING TO DO.

6   WE'RE GOING TO STOP THE PROCEEDINGS NOW, AND YOU'RE

7   GOING TO GO OUTSIDE AND SHOW EVERYBODY THE DOCUMENTS.

8   AND YOU'RE GOING TO HAVE A CHANCE TO LOOK AT IT.  AND

9   THEN I'M GOING TO HAVE EVERYONE COME BACK IN, BECAUSE

10   YOU'RE NOT GOING TO HAVE TO RESPOND UNTIL YOU KNOW WHAT

11   YOU'RE LOOKING AT, BECAUSE THAT'S JUST NOT RIGHT.

12          DID YOU FILE SOMETHING WITH THE COURT THAT

13   YOU DIDN'T SERVE ON EVERYBODY?

14      MR. LEIFER:  THAT'S CORRECT, YOUR HONOR.

15      THE COURT:  OH, THAT'S NOT GOOD.  SO YOU'RE GOING

16   TO HAVE TO GO MAKE COPIES SO -- THESE ARE PARTIES.  THEY

17   HAVE TO BE SERVED.  I CAN'T LOOK AT ANYTHING.

18      MR. LEIFER:  RIGHT.  I COMPLETELY UNDERSTAND, YOUR

19   HONOR.

20      THE COURT:  TO TELL YOU THE TRUTH, I HAVEN'T

21   LOOKED AT IT.  I JUST LOOKED AT THE FIRST PAGE.  I HAVE

22   A PILE THAT'S PART OF IT.  MAKE SOME COPIES.  DO YOU

23   HAVE LOTS OF COPIES WITH YOU?

24      MR. LEIFER:  I COULD MAKE COPIES IMMEDIATELY, YOUR

25   HONOR.

26      THE COURT:  I THINK SO.

27      MR. LEIFER:  WITH THE COURT'S PERMISSION, I COULD

28   JUST USE THE COURT'S COPY AS WELL AND SWITCH IT OUT WITH

1   THIS ONE, IF I COULD.

2      THE COURT:  WELL, IF YOU GAVE ME A CONFORMED COPY,

3   I CAN GIVE YOU BACK THE CONFORMED COPY, BUT ANYTHING

4   THAT'S FILED I CAN'T GIVE BACK.  DO YOU WANT THE

5   CONFORMED COPY?

6      MR. LEIFER:  YES, YOUR HONOR.

7      THE COURT:  THE FILED COPY, I DON'T RETURN.  I

8   WILL RETURN CONFORMED COPIES.

9      MR. LEIFER:  THANK YOU.

10      THE COURT:  NOW, WE'RE GOING TO TAKE -- BECAUSE

11   IT'S IMPORTANT FOR YOU TO LOOK AT IT.  I THINK IT WILL

12   TAKE APPROXIMATELY 20 MINUTES TO HALF AN HOUR TO COPY

13   IT.  AND THEN YOU HAVE TO LOOK AT IT.  SO WHY DON'T WE

14   HAVE YOU ALL BACK HERE AT -- AND I WANT TO GIVE YOU

15   PLENTY OF TIME.  11:15.  DOES THAT SOUND REASONABLE?  SO

16   IF HE GIVES IT TO YOU WITHIN THE NEXT 15 TO 20 MINUTES,

17   YOU HAVE IT.  SO I'LL HAVE EVERYONE BACK AT 11:15.

18      MR. HAFFAR:  I JUST WANT TO APOLOGIZE FOR MY

19   OUTBURST.  I'M SORRY.

20      MS. HILL:  ME, AS WELL.  THANK YOU.

21      THE COURT:  THANK YOU.  SEE EVERYONE BACK AT

22   11:15.  THANK YOU.

23

24                (RECESS TAKEN.)

25

26      THE COURT:  COUNSEL, ALL THE PARTIES, PLEASE COME

27   ON UP AND HAVE A SEAT.  WE'RE MISSING MS. WALTZ.  WE ARE

28   MISSING ONE OTHER INDIVIDUAL.

1      MS. CHANG:  MS. BAIRD.  I'LL GO GET HER.

2      THE COURT:  LET'S HAVE EVERYBODY PUT THEIR NAMES

3  BACK ON THE RECORD.  EVERYBODY WAS ORDERED BACK AT

4  11:15.  IT'S ABOUT 11:17 NOW.

5          COUNSEL, WHY DON'T YOU STATE YOUR NAME.

6  WE'LL START ON THIS SIDE.

7      MR. ZAMOS:  JEROME ZAMOS APPEARING ON BEHALF OF

8  PLAINTIFF, PRUDENCE WALTZ.

9      THE PLAINTIFF:  PRUDENCE WALTZ, PLAINTIFF.

10     MS. HILL:  SAMANTHA HILL, DEFENDANT.

11     MR. HAFFAR:  MOHAMAD HAFFAR, DEFENDANT.

12     MS. KELLER:  LATOSHIA KELLER, DEFENDANT.

13     MS. BANG:  STEPHANIE BANG FOR AURORA LOAN

14  SERVICES.

15     MS. CHANG:  CANDY CHANG FOR AURORA.

16     MR. LEIFER:  BRYAN LEIFER FOR LEHMAN BROTHERS.

17     THE COURT:  WE'RE STILL MISSING ONE PERSON.  THEY

18  WERE ORDERED BACK.  WE NEED TO CONTINUE ON THIS MATTER.

19  DO YOU KNOW WHERE SHE IS?

20     MS. CHANG:  NO.  I SAW HER IN THE HALLWAY ABOUT 10

21  MINUTES AGO, AND SHE'S NOT THERE ANYMORE.

22     THE COURT:  NO PHONE CALLS OR NOTICE.  WE'RE GOING

23  TO MOVE ON WITH RESPECT TO THIS MATTER.

24          OKAY.  COUNSEL, ADDRESS THE COURT.  DID YOU

25  GIVE COPIES, SOMETHING YOU SERVED, AND FILED WITH THE

26  COURT, TO ALL THE PARTIES AND ALL THE PERSONS?

27     MR. LEIFER:  GOOD MORNING, YOUR HONOR.  YES, I

28  SERVED IT AND HAVE GIVEN IT TO ALL THE PARTIES,

1   INCLUDING THE LADY WHO IS NOT HERE.

2       THE COURT:  VERY GOOD.  THANK YOU.

3

4           (MS. BAIRD ENTERS THE PROCEEDINGS.)

5

6       THE COURT:  OH, SHE'S HERE.  YOU HAVE TO BE HERE

7   ON TIME.  THANK YOU.  WHY DON'T YOU STATE YOUR NAME.

8       MS. BAIRD:  JANELLE BAIRD.

9       THE COURT:  YOU HAVE TO BE HERE ON TIME.  HAVE A

10  SEAT.  THANK YOU.

11          VERY GOOD.  WHAT ARE YOU ASKING THIS COURT

12  TO DO?

13      MR. LEIFER:  WE'RE ASKING THIS COURT TO JUST TAKE

14  INTO ACCOUNT THE STAY IN THE SOUTHERN DISTRICT OF NEW

15  YORK AND IMPOSE A STAY ON THE ACTION FOR A PERIOD OF

16  TIME UNTIL THE BANKRUPTCY IS RESOLVED.

17      THE COURT:  THANK YOU.  I'M GOING TO HEAR FROM

18  ANYONE AND THEN ADDRESS IT.  COUNSEL?

19      MS. CHANG:  ON BEHALF OF AURORA.  AND I RECEIVED

20  THE AUTHORITY TO ACCEPT THE INSTRUCTION FROM LEHMAN

21  BROTHERS HOLDINGS, INC., AS TO THEIR WISH TO FILE A

22  MOTION FOR THE AUTOMATIC STAY IN THIS CASE.

23      THE COURT:  ISN'T THERE AN AUTOMATIC STAY ALREADY

24  IN EFFECT, COUNSEL?

25      MS. CHANG:  THERE IS.  TO ENFORCE THAT.

26      THE COURT:  ISN'T THAT UNDER THE BANKRUPTCY CODE?

27      MS. CHANG:  YES, YOUR HONOR.

28      THE COURT:  SO YOU'RE NOT CONTESTING IT.  YOU'RE

1   JUST SAYING, "JUDGE, FOLLOW THE LAW." IS THAT WHAT

2   YOU'RE TELLING THE COURT?

3        MS. CHANG:  YES, YOUR HONOR.

4        THE COURT:  OKAY.  THANK YOU.

5             WE'LL START HERE.  STAND UP, STATE YOUR NAME

6   AND --

7        MS. KELLER:  LATOSHIA KELLER, REPRESENTING MYSELF.

8   JUST WANTED TO MAKE A STATEMENT ON BEHALF OF MYSELF

9   BASICALLY.

10        THE COURT:  AND THIS IS THE TIME TO DO IT.

11        MS. KELLER:  I'M GOING TO READ IT.

12        THE COURT:  JUST GO SLOWLY.

13        MS. KELLER:  MY NAME IS LATOSHIA KELLER, DEFENDANT

14   NAMED IN THIS CASE.  I WAS A THIRD-PARTY NOTARY PUBLIC

15   CALLED BY BLUE OCEAN TO PROVIDE A NOTARY SERVICE TO

16   THEIR CLIENTS, PRUDENCE WALTZ AND SAMANTHA HILL, IN

17   JANUARY, 2006.

18             I WAS NEVER INVOLVED IN ANY FRAUDULENT

19   ACTIVITIES THAT I AM BEING ACCUSED OF.  I WAS NEVER

20   ASKED TO PARTICIPATE IN ANY FRAUDULENT ACTIVITIES NOR

21   DID I SERVICE ANY CLIENTS WITH THE INTENT OF FRAUD.

22             I WAS UNABLE TO GET AN ATTORNEY

23   REPRESENTATION THROUGHOUT THIS CASE BECAUSE I CANNOT

24   AFFORD ONE AND HAVE BEEN AT A DISADVANTAGE THROUGHOUT

25   THIS CASE DUE TO NOT HAVING AN ATTORNEY.

26             THE PLAINTIFF'S ATTORNEY, MR. ZAMOS, AT MY

27   DEPOSITION AND ANY CONTACT I'VE HAD WITH HIM HAVE BEEN

28   EXTREMELY RUDE AND DISRESPECTFUL AND INSENSITIVE TO MY

1  RIGHTS.  HE HAS BULLIED ME AND MANIPULATED MY POSITION

2  IN THIS CASE, DESPITE MY EFFORTS TO GIVE MY STATEMENT

3  AND SHOW THAT I HAVE DONE MY JOB AS A NOTARY AND WAS NOT

4  INVOLVED IN ANY FRAUD OF WHICH I AM BEING ACCUSED.

5          DURING MY TERM AS A NOTARY PUBLIC, I ALWAYS

6  PERFORMED MY JOB WITHIN THE RULES AND ETHICAL DUTIES SET

7  BY THE STATE OF CALIFORNIA.  I AM INNOCENT OF THE

8  ACCUSATIONS MADE AGAINST ME IN THIS CASE.  THIS HAS

9  CAUSED ME STRESS, WASTED TIME, AND DUE TO THE

10  MILLION-DOLLAR JUDGMENT FILED AGAINST ME BY THE

11  PLAINTIFF, I HAVE BEEN DENIED EMPLOYMENT WHICH HAS

12  CAUSED A HARDSHIP.

13          I AM ASKING THAT I BE NAMED OUT OF THIS CASE

14  AS I WAS A THIRD-PARTY NOTARY AND NOT INVOLVED IN ANY

15  FRAUD.  I DID MY JOB AS A NOTARY PUBLIC, FOLLOWING ALL

16  RULES AND ETHICS AS A NOTARY FOR THE STATE.  THAT'S IT.

17      THE COURT:  THANK YOU.  ANYTHING ELSE YOU WANTED

18  TO STATE WITH RESPECT TO THE STAY?  YOU CAN SAY "NO."

19      MS. KELLER:  NO.

20      THE COURT:  THANK YOU.

21      MR. HAFFAR:  NO OBJECTIONS.

22      THE COURT:  STATE YOUR NAME, PLEASE.

23      MR. HAFFAR:  I'M SORRY.  MOHAMMAD HAFFAR.  I HAVE

24  NO OBJECTIONS TO THE STAY.

25      THE COURT:  STAND UP, PLEASE.  STATE YOUR NAME.

26      MS. BAIRD:  JANELLE BAIRD.

27      THE COURT:  DO YOU HAVE ANYTHING YOU WANT TO TELL

28  THE COURT?

1    MS. BAIRD:  NOT AT THE MOMENT, YOUR HONOR.

2    THE COURT:  THAT'S FINE.  OKAY.  THANK YOU.  YOU

3  DON'T HAVE TO SAY ANYTHING.

4            STAND UP.  STATE YOUR NAME.

5    MS. HILL:  SAMANTHA HILL.  I WOULD LIKE TO OBJECT

6  TO THE STAY ONLY BECAUSE, SIMILAR TO WHAT MS. KELLER HAS

7  STATED, I AM VERY MUCH A VICTIM IN THIS CASE, WAS

8  VICTIMIZED BY MATT KAYE AND ALL OF THE PARTIES

9  ASSOCIATED WITH BLUE OCEAN.  AND NO DISRESPECT TO

10  MS. KELLER, BUT THERE ARE MULTIPLE SIGNATURES.

11            THIS GOES SO FAR BEYOND THIS PARTICULAR

12  PROPERTY, AND THERE ARE SIGNATURES OF MINE THAT ARE NOT

13  EVEN CLOSE TO MINE.  A FIVE-YEAR-OLD COULD TELL YOU

14  THEY'RE NOT MINE, AND THEY WERE NOTARIZED BY YOU.  SO I

15  DON'T KNOW HOW THAT'S POSSIBLE.

16            BUT I, AS WELL, HAVE ALREADY SPENT MONEY AND

17  TIME AND A RUINED CREDIT SCORE THAT I'M HAVING TO WORK

18  TO REBUILD BY DOING WHAT I ALWAYS DID BEFORE I MET THESE

19  PEOPLE, WHICH WAS PAID MY BILLS ON TIME AND BE A

20  FINANCIALLY RESPONSIBLE INDIVIDUAL AND A CITIZEN OF THE

21  UNITED STATES.  SO I WANT IT TO BE OVER.

22            AND I JUST WANT THIS TO BE DONE OR FOR ME TO

23  BE ALSO RELEASED FROM THESE PROCEEDINGS, BECAUSE I HAVE

24  STATED VERY CLEARLY AND THERE'S SO MUCH EVIDENCE THAT

25  PROVES THAT I WAS A VICTIM AND THAT THE SIGNATURES OF

26  MINE BUYING HER HOME ARE NOT -- WERE NOT GOTTEN LEGALLY.

27  THANK YOU.

28            THE COURT:  THANK YOU.

1              COUNSEL, IT'S YOUR TURN.

2         MR. ZAMOS:   WE OBJECT TO THE STAY, BECAUSE IT HAS

3    NO APPLICATION TO THIS PROCEEDING.   AND AT SOME POINT,

4    THERE'S A BASIC CONCEPT WHICH I THINK IS APPLICABLE.

5    THERE IS SOMETHING CALLED JUDICIAL ESTOPPEL, AND THE

6    COURT CAN TAKE JUDICIAL NOTICE OF THE POSITION THAT

7    AURORA ITSELF HAS TAKEN IN THIS VERY LITIGATION, ALL OF

8    WHICH THE COURT CAN TAKE JUDICIAL NOTICE OF.

9              FIRST OF ALL, HAVING HAD SOME EXPERIENCE

10   WITH AUTOMATIC STAYS IN COMPARABLE SITUATIONS, AURORA

11   LOAN SERVICES, THE DEFENDANT AND EQUALLY SIGNIFICANT

12   CROSS-DEFENDANT IN THIS LITIGATION, IS NOT AND NEVER HAS

13   BEEN IN ANY CHAPTER 11 OR OTHER BANKRUPTCY PROCEEDING AS

14   FAR AS WE CAN DETERMINE.

15             CLEARLY, WE WERE AWARE THAT THE PARENT OF

16   AURORA WAS IN BANKRUPTCY AT THE TIME WE ENTERED THIS

17   CASE BECAUSE, OBVIOUSLY, THE LEHMAN HOLDINGS PROCEEDING

18   HAS BEEN WIDELY COVERED IN THE PRESS AND IS A MATTER OF

19   GENERAL KNOWLEDGE THROUGHOUT THE UNITED STATES, IF NOT

20   THE WORLD.

21             WITH REFERENCE TO THIS, THE STATEMENT THAT

22   SOMEHOW THE PROPERTY IS THE PROPERTY OF THE ESTATE IS IN

23   DIRECT CONFLICT, IN DIRECT CONFLICT WITH SWORN

24   DECLARATIONS THAT HAVE BEEN FILED IN THIS LITIGATION ON

25   BEHALF OF AURORA LOAN SERVICES, BOTH IN SUPPORT AND

26   OPPOSITION TO OUR MOTION FOR SUMMARY JUDGMENT.   IN

27   ADDITION, EVEN IF THERE WERE A STAY, IT WOULD HAVE NO

28   APPLICATION TO THIS PROCEEDING IN WHICH AURORA FILED A

1  CROSS-COMPLAINT.

2           NOW, THE SIGNIFICANCE OF THE CROSS-COMPLAINT

3  WHICH I BELIEVE WAS FILED IN JUNE OF 2009, WE FILED -- I

4  ENTERED THIS LITIGATION, I BELIEVE, IN LATE 2008.  WE

5  FILED A MOTION WHICH WAS SERVED ON AURORA IN SOME MATTER

6  IN EARLY JANUARY OF 2009.  AT THAT TIME WE REQUESTED

7  LEAVE FROM FORMER JUDGE MUNOZ FOR LEAVE TO FILE THE

8  FOURTH AMENDED COMPLAINT.

9           BASED UPON OUR REVIEW OF THE PUBLIC RECORD,

10 WHICH CLEARLY INDICATED THAT TITLE WAS NOT IN LEHMAN

11 HOLDINGS OR BNC MORTGAGE FOR THAT MATTER, WHICH ARE THE

12 TWO PRINCIPAL ENTITIES THAT ARE THE SUBJECT MATTER OF

13 PERHAPS ONE OF THE MOST COLOSSAL BANKRUPTCY PROCEEDINGS

14 IN THE HISTORY OF THE UNITED STATES.

15          THE SUGGESTION, PERHAPS, THAT SOMEHOW IT

16 WILL BE RESOLVED IN SIX MONTHS IS PERHAPS WISHFUL

17 THINKING.  BUT IN ANY CASE, WE PROCEEDED BASED UPON THE

18 RECORD, AND I NEVER HAD -- BECAUSE I KNOW ENOUGH ABOUT

19 362(A).  NEVER WOULD I HAVE MADE ANY ATTEMPT TO PROCEED

20 WITH THE CLAIM AGAINST AURORA, NOR, FOR THAT MATTER,

21 WOULD I HAVE ACCEPTED THE REPRESENTATION OF MS. WALTZ IF

22 I THOUGHT THAT I WAS GOING TO HAVE TO BE INVOLVED IN THE

23 BANKRUPTCY IN NEW YORK.

24          IN ANY CASE, IN JUNE OF 2008 AND

25 SIGNIFICANTLY, AURORA, WHICH IS NOW JUDICIALLY BOUND BY

26 ITS CLAIMS, FILED A CROSS-COMPLAINT IN THIS VERY

27 LITIGATION.  IN THAT CROSS-COMPLAINT, THEY VERY

28 PRECISELY TRACKED THE CHAIN OF TITLE THAT THEY CLAIMED

1  RESULTED IN THE PROPERTY IN QUESTION, BECOMING VESTED

2  NOT IN LEHMAN HOLDINGS, NOT IN LEHMAN HOLDINGS, BUT IN

3  AURORA.  AND SIGNIFICANTLY, WE HAVE HAD ALL SORTS OF

4  RESISTANCE EVEN IN DISCOVERY TO OBTAINING RECORDS FROM

5  THE AFFILIATED ENTITIES, INCLUDING LEHMAN.

6          AND MS. BANG HAS TOLD US THAT SHE COULDN'T

7  PRODUCE VARIOUS DOCUMENTS BECAUSE THESE DOCUMENTS HAD

8  NOTHING TO DO WITH AURORA, THEY BELONG TO EITHER BNC OR

9  LEHMAN OR SOMEBODY ELSE.  SO UP UNTIL THIS MORNING,

10  MS. BANG AND CHANG HAVE VERY CAREFULLY MADE A POINT OF

11  THE FACT THAT LEHMAN -- NO OTHER LEHMAN SUBSIDIARY OR

12  ENTITY WAS INVOLVED IN THIS PROCEEDING OTHER THAN

13  AURORA.  WE DROPPED DISCOVERY REQUESTS BASED UPON THE

14  FACT AND THE REPRESENTATION THAT THE SOLE ENTITY THAT

15  WAS APPEARING HERE WAS AURORA.

16          BUT NOW PROCEEDING TO THE REPRESENTED CHAIN

17  OF TITLE, WHICH ESTABLISHES THAT THE PROPERTY IN

18  QUESTION WAS NOT WITHIN THE OWNERSHIP OR POSSESSION OF

19  THE BANKRUPTCY ESTATE AND HAD PASSED INTO THE SUBSIDIARY

20  OVER A YEAR BEFORE THE BANKRUPTCY ESTATE CAME INTO

21  EXISTENCE.

22          I SPECIFICALLY REFER THE COURT TO PARAGRAPHS

23  21 THROUGH 24, INCLUSIVE, AT PAGE 5, LINES 4 THROUGH 12

24  OF THE CROSS-COMPLAINT.  NOW, BEAR IN MIND THAT THE

25  CROSS-COMPLAINT ITSELF, EVEN ASSUMING THAT AURORA WAS IN

26  BANKRUPTCY, ONCE IT FILED AN ACTION, IT IS NOT BARRED IN

27  PURSUING AN ACTION IN THE STATE COURT IF IT WERE

28  DEBTOR-IN-POSSESSION.  IT WOULD HAVE THE RIGHT.  AND IF

1  IT INVOKED THE JURISDICTION WITH REFERENCE TO THE

2  SUBJECT MATTER OF THE LITIGATION, THEN IT EFFECTIVELY

3  WAIVES THE STAY UNDER 362(A).

4       SO WE LOOK AT THE CROSS-COMPLAINT, AND WE

5  START WITH PARAGRAPH 21.  BNC, WHICH IS THE SUBSIDIARY

6  OF LEHMAN HOLDINGS THAT MADE THE LOAN THAT WAS

7  FORECLOSED, ASSIGNED THAT LOAN TO CROSS-COMPLAINANT,

8  AURORA, SOMETIME BEFORE FEBRUARY OF 2007.  AND IN 2007,

9  FEBRUARY OF 2007, PARAGRAPH 22, A NOTICE OF DEFAULT WAS

10 RECORDED.  THAT'S OVER A YEAR AND A HALF BEFORE THE

11 ESTATE, LEHMAN HOLDINGS ESTATE, COMES INTO EXISTENCE.

12 PARAGRAPH 23, MAY 24, A NOTICE OF TRUSTEE WAS RECORDED

13 ON THE SUBJECT PROPERTY.

14       AND THE CLAIM OF OWNERSHIP IN THE

15 CROSS-COMPLAINT, THE DEFENDANT, AURORA LOAN SERVICE,

16 WHICH IS NOT PROTECTED BY 362(A), IS THAT ON JULY 5,

17 2007, WHICH IS A YEAR AND TWO MONTHS BEFORE THE HISTORIC

18 BANKRUPTCY FILING, CROSS-COMPLAINANT AURORA OBTAINED

19 TITLE TO THE SUBJECT PROPERTY, NOT LEHMAN HOLDINGS.

20 THEY CAN'T HAVE IT THAT THEY ARE THE OWNER.  THEY ARE A

21 SUBSIDIARY.  THEY ARE NOT SUBJECT TO OR PROTECTED BY THE

22 AUTOMATIC STAY.

23       EVEN IF THEY WERE, THE MINUTE THEY FILED A

24 CROSS-COMPLAINT, WE HAVE THE RIGHT -- IT'S A BASIC DUE

25 PROCESS RIGHT TO APPEAR, AND WE DID.  WE FILED, IN

26 RELIANCE ON THAT, OUR ANSWER IN WHICH WE RAISED VARIOUS

27 AFFIRMATIVE DEFENSES, INCLUDING THE RIGHT TO RECOVER BY

28 WAY OF OFFSET ANY DAMAGE CLAIMS THAT WE MIGHT HAVE

1  AGAINST AURORA, NOT AGAINST LEHMAN HOLDINGS.

2          THE CLAIMS IN THIS CASE HAVE NOTHING TO DO

3  WITH AND ARE NOT SUBJECT TO A JURISDICTION OF THE

4  SOUTHERN DISTRICT OF CALIFORNIA [SIC.] AND DO NOT FALL

5  WITHIN THE COVERAGE OF THE BANKRUPTCY CODE.  THANK YOU.

6          THE COURT:  THANK YOU.  I WILL LET ANYONE WHO

7  WISHES TO RESPOND TO RESPOND.  DO YOU WISH TO RESPOND?

8          MS. HILL:  NO, THANK YOU.

9          MS. BAIRD:  NO.

10          MS. KELLER:  NO, YOUR HONOR.

11          THE COURT:  YOU WISH TO RESPOND?  STATE YOUR NAME.

12          MR. LEIFER:  BRYAN LEIFER.

13          WELL, I FEEL BAD THAT COUNSEL WOULD HAVE

14  NEVER LITIGATED THIS IF HE KNEW WE HAD TO LITIGATE IN

15  THE SOUTHERN DISTRICT OF NEW YORK.

16          THE COURT:  IT'S THE SOUTHERN DISTRICT OF NEW

17  YORK, NOT CALIFORNIA; CORRECT?

18          MR. LEIFER:  SOUTHERN DISTRICT OF NEW YORK.

19  HOWEVER, THE FACT OF THE MATTER IS THAT UNDER BOTH

20  CALIFORNIA LAW AND THE FEDERAL LAW, THAT'S EXACTLY WHAT

21  HAS TO HAPPEN.  THE CASE THAT GOVERNS IS NATIONAL UNION

22  VS. SAYES [PH.].  IT'S A CALIFORNIA COURT OF APPEAL

23  CASE, AND THE COURT OF APPEAL HAS HELD THAT JURISDICTION

24  CAN NEVER BE WAIVED EVEN BY ESTOPPEL.  AND THAT'S

25  EXACTLY WHAT PLAINTIFF IS ARGUING HERE, IS THAT IF WE --

26  JUST ESTOPPEL, AND WE CAN'T DO THAT.

27          SO THAT'S A LONGSTANDING FACT OF THE

28  CALIFORNIA LAW.  SECONDLY, UNDER 11 USC 362(A)(4) --

1    WHAT THAT SECTION SAYS IS THE STAY IS GOING TO BE

2    ENFORCED UNDER ANY ACT OF A LIEN AGAINST THE

3    BANKRUPTCY -- IN THE ACT OF A LIEN AGAINST THE ESTATE.

4    THAT'S PART OF THE BANKRUPTCY ESTATE.  SO THAT COULD

5    HAPPEN AT ANY TIME.

6        SO BOTH THE PLAINTIFF'S ARGUMENTS JUST DON'T

7    REALLY HOLD UP AND, UNFORTUNATELY, THIS COURT DOESN'T

8    HAVE ANY JURISDICTION OVER THE BANKRUPTCY STAY.

9       THE COURT:  THANK YOU.  DID YOU WISH TO RESPOND?

10      MR. ZAMOS:  YES.

11        I PREVIOUSLY LITIGATED AND RESEARCHED THIS.

12    I'M PREPARED TO GIVE THE COURT A THOROUGH -- A COMPLETE

13    BRIEF IF YOU WISH.  HOWEVER, WHAT THE LAW IS IS THIS IS

14    NOT PART OF THE ESTATE.  THE BANKRUPTCY CODE DOES NOT

15    PROTECT SUBSIDIARIES.  THERE ARE NUMEROUS FEDERAL

16    DECISIONS IN THE BANKRUPTCY COURT, AND I'VE CITED THEM

17    BEFORE.  I HAVE THEM IN A BRIEF THAT I COULD GET YOU BY

18    TOMORROW, OR IF YOU WANT, I CAN GO TO THE LAW LIBRARY.

19      THE COURT:  NO, THAT'S FINE, COUNSEL.  I

20    UNDERSTAND WHAT YOU'RE SAYING.  ANYTHING ELSE?

21      MR. ZAMOS:  THE ESTOPPEL -- IT HAS NOTHING TO DO

22    WITH ESTOPPEL.  WE'RE DEALING WITH AN ACTION THAT, EVEN

23    IF AURORA WAS SUBJECT TO THE PROTECTION, IT HAS BROUGHT

24    THE ACTION, AND THE LAW IS EQUALLY CLEAR THAT IF THE

25    DEBTOR OR THE DEBTOR-IN-POSSESSION BRINGS AN ACTION ON

26    ITS BEHALF, BASIC DUE PROCESS REQUIRES THE RIGHT TO HAVE

27    IT LITIGATED AND DEFENDED IN THE STATE COURTS.

28      THE COURT:  THANK YOU.  WOULD YOU LIKE TO STATE

1   ANYTHING -- ANYONE ELSE WANT TO STATE ANYTHING ELSE?

2   SUBMIT?

3       MR. ZAMOS:  SUBMIT.

4       THE COURT:  SUBMIT?  THAT MEANS YOU DON'T WANT TO

5   SAY ANYTHING ELSE.

6       MS. HILL:  SUBMIT.

7       MS. BAIRD:  SUBMIT.

8       MR. HAFFAR:  YOUR HONOR, I SUBMIT.

9       MS. KELLER:  SUBMIT.

10      MS. CHANG:  SUBMITTED, YOUR HONOR.

11      MR. LEIFER:  SUBMITTED, YOUR HONOR.

12      THE COURT:  I APPRECIATE THE POSITIONS ARTICULATED

13  BY THE PARTIES AND THE ATTORNEYS IN THIS MATTER.  THE

14  COURT IS GOING TO HONOR THE AUTOMATIC STAY.

15          WE'RE GOING TO SET THIS FOR A STATUS HEARING

16  IN FEBRUARY, AND THAT'S -- WE'LL HAVE A STATUS REPORT.

17  I WANT FIVE DAYS PRIOR, AURORA, TO DO A JOINT REPORT --

18  THAT MEANS YOU NEED TO GET IN TOUCH WITH EVERYONE WITH

19  RESPECT TO IT -- A JOINT REPORT REGARDING THE STATUS

20  WITH RESPECT TO THIS CASE.

21          THIS ACTION IS STAYED PURSUANT TO THE

22  AUTOMATIC STAY.  IT'S THE ENTIRE ACTION.  THE COURT'S

23  TAKING NO ACTION ON THIS.  FEBRUARY 25, 2011.  IS THAT A

24  GOOD DATE FOR EVERYBODY?  THAT'S AT 8:30.  AURORA, GIVE

25  NOTICE.

26          WHAT DOES THAT MEAN?  THAT MEANS YOU

27  DON'T, AT THIS POINT, NEED TO COME BACK TO THE COURT.

28  THE COURT IS AN OPEN COURTROOM.  YOU'RE ALWAYS WELCOME

1   BACK HERE TO OBSERVE OTHER CASES, BUT THIS MATTER IS

2   STAYED UNTIL FURTHER NOTICE.  AND IF THE COURT HEARS --

3   AND THE COURT MAY HEAR SOMETHING -- THE COURT WILL

4   ADDRESS IT AT THE APPROPRIATE TIME.  BUT AT THIS POINT

5   IT IS STAYED.  WE'LL HAVE A STATUS AT THAT TIME.  IS

6   THAT SATISFACTORY?  EVERYONE UNDERSTANDS?

7       MS. CHANG:  YES, YOUR HONOR.  I HAVE A QUESTION.

8   MAY I OBTAIN THE CURRENT ADDRESS FOR MS. BAIRD AND

9   MS. KELLER, BECAUSE THE LAST KNOWN ADDRESS WE HAVE HAS

10  BEEN RETURNED UNDELIVERABLE.

11      THE COURT:  THAT WOULD BE FINE.  ANY OBJECTION?

12      MS. BAIRD:  NO.

13      THE COURT:  ANY OBJECTION?

14      MS. KELLER:  NO.

15      THE COURT:  THANK YOU.  EVERYBODY SHOULD HAVE WITH

16  RESPECT TO IT -- YOU SHOULD DEFINITELY MAKE SURE THAT

17  THE COURT HAS YOUR CURRENT ADDRESSES.  YOU SHOULD ALWAYS

18  KEEP THEM INFORMED WITH RESPECT TO THAT.

19          ANYTHING ELSE?  VERY GOOD.  THANK YOU.

20  WE'RE IN RECESS.

21

22

23              (END OF PROCEEDINGS.)

24

25              ---OOO---

26

27

28

```
1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                 IN AND FOR THE COUNTY OF LOS ANGELES

3     DEPARTMENT 47                    HON. DEBRE K. WEINTRAUB, JUDGE

4
      PRUDENCE M. WALTZ,                   )
5                                          )
                                           )
6                         PLAINTIFF,       )
                                           )
7                                          )
           VS.                             )   BC374163
8                                          )
                                           )
9     BLUE OCEAN MORTGAGE CORPORATION      )
      INC., ET AL.,                        )
10                                         )
                                           )
11                        DEFENDANTS.      )
                                           )
12    _____)

13

14

15          I, ELSIE G. DIWA, OFFICIAL COURT REPORTER

16    FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

17    IN AND FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY

18    THAT THE FOREGOING PAGES 1 THROUGH 20, INCLUSIVE

19    COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT OF THE

20    PROCEEDINGS TAKEN IN THE ABOVE-ENTITLED MATTER ON

21    OCTOBER 26, 2010.

22

23          DATED THIS 27TH DAY OF OCTOBER, 2010.

24

25

26
            ELSIE G. DIWA, RPR, CSR #11416
27          OFFICIAL COURT REPORTER

28
```