2nd CIV B

[RELATED TO 2nd CIV B 223685]
[RELATED TO 2nd CIV B 224576]
[RELATED TO 2nd CIV B 225881]
[RELATED TO 2nd CIV B 226401]
[RELATED TO 2nd CIV B 228296]

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## IN AND FOR THE SECOND APPELLATE DISTRICT

### DIVISION TWO

PRUDENCE WALTZ                                    )
                                                 )
                        PETITIONERS,    )
                                                 )
            vs.                                      )
                                                 )
THE SUPERIOR COURT OF THE STATE OF     )
CALIFORNIA ) FOR THE COUNTY OF LOS     )
ANGELES;                                         )
                                                 )
                        RESPONDENT,    )
                                                 )
AURORA LOAN SERVICES, LLC, a Delaware     )
Limited Liability Company, BLUE OCEAN     )
MORTGAGE CORPORATION, a California     )
Corporation, MATTHEW P. KAY an individual,     )
MOHAMED FOUZI HAFFAR an individual,     )
LATOSHIA KELLER, an individual, SAMANTHA     )
HILL, an individual and JANELLE BAIRD, an     )
individual and LEHMAN BROTHERS HOLDING     )
INC , a Delaware Corporation current subject to     )
protection under Chapter 11 of the Bankruptcy Code,     )
                                                 )
            REAL PARTIES IN INTEREST    )
_____ )

### PETITION FOR WRIT OF MANDATE

### PETITION FROM

### THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES

### THE HONORABLE DEBRE K. WEINTRAUB
### [BC374163]

LAW OFFICES OF JEROME ZAMOS
Jerome Zamos, SB 36246
5228 Campo Road
Woodland Hills, California 91364-1927
Telephone: [818] 348-7151 Facsimile: [818] 348-6095

Attorneys for PETITIONERS PRUDENCE WALTZ

COPY

# TABLE OF CONTENTS

PETITION FOR WRIT OF MANDATE. ..................................................... 1

    PRAYER FOR RELIEF . .................................................. 9

    VERIFICATION. ........................................................... 11

DECLARATION OF COUNSEL
    RE: RECORD OF PROCEEDINGS IN
    THE RESPONDENT COURT. ......................................... 12

MEMORANDUM OF POINTS AND AUTHORITIES
    IN SUPPORT OF AMENDED PETITION
    FOR WRIT OF MANDATE. ........................................... 14

    INTRODUCTION. .......................................................... 14

    THE PROCEDURAL HISTORY OF WALTZ'S EFFORTS
    TO HAVE HER OWNERSHIP CLAIMS ADJUDICATED
    IN AN EXPEDITIOUS MANNER. ................................. 16

    NEITHER AURORA, LEHMAN BROTHERS OR ANY
    OTHER PARTY NAMED IN THE UNDERLYING
    ACTION HAS A RIGHT TO HAVE THE ACTION
    STAYED IN THE ABSENCE OF AN ORDER ISSUED
    BY THE NEW YORK BANKRUPTCY COURT
    PURSUANT TO BANKRUPTCY CODE § 105(a)........................ 18

    IN THE ABSENCE OF EVIDENCE THAT ONE OF THE
    DEFENDANTS IN THE UNDERLYING ACTION HAS
    GOOD TITLE TO THE SUBJECT PROPERTY, WALTZ
    HAS A CONSTITUTIONALLY PROTECTED RIGHT
    TO HAVE BOTH HER DAMAGES AND OFFSETS
    AGAINST ANY EQUITABLE LIENS HELD BY ONE
    OF THE DEFENDANTS DETERMINED BY A JURY
    EMPANELED UNDER ARTICLE I § 16 OF THE
    CONSTITUTION OF THE STATE OF CALIFORNIA. ............... 20

    MANDATE IS THE APPROPRIATE PROCEDURE FOR
    REVIEWING A TRIAL COURT'S INTERIM RULINGS
    WHICH DENY A LITIGANT HIS OR HER RIGHTS TO
    ENJOY THE FULL BENEFITS OF THE LAW. ........................... 22

    CONCLUSION................................................................. 23

CERTIFICATE OF APPELLATE COUNSEL
    [RULE 8.204 ( c)(1) CRC. ............................................. 24

# TABLE OF AUTHORITIES

## CONSTITUTIONAL PROVISIONS

The Constitution of the United States of America:

The Fourteenth Amendment .................................................. 9

The Constitution of the State of California:

Article I § 1 .................................................................. 8, 14
Article I § 7 .................................................................. 9, 14
Article I § 16 ................................................................ 2, 10
Article VI § 10 ................................................................ 22

## CODES AND STATUTES

United States Code:

11 U.S.C. § 105(a). ............................................ 3, 7, 8, 15, 19
11 U.S.C. § 327(a) ............................................................ 9, 18
11 U.S.C. § 362(a). .................................................... 5, 6, 9, 15
11 U.S.C. § 327( c). ............................................................ 18
11 U.S.C. § 1107(a) ............................................................ 5

California Codes:

Civil Code:

§ 1712 ....................................................................... 20
§ 1713. ...................................................................... 10
§ 2224 .................................................................... 20, 21
§ 3294 ....................................................................... 20
§ 3334(a). .................................................................... 10

Code of Civil Procedure:

§ 318 .......................................................................... 2
§ 319 .......................................................................... 2
§ 592 ....................................................................... 2, 10

## RULES:

California Rules of Court:

Rule 8.147 ............................................................ 4, 8, 16, 17
Rule 8.204( c)(1). ............................................................. 24

TABLE OF AUTHORITIES
[continued]

CASES:

*Barnett v. Lewis* (1985) 170 Cal.App.3d 1079. ........................ 14, 18
*Barstow v. Savage Mining Co.* [1883] 64 Cal. 388. ...................... 20
*Canter v. Canter* (9th Cir. 2002) 299 F.3d 1150........................ 7, 19
*Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.*
[9[th] Cir. 1994) 23 F.3d 241.............................................................. 18
*Coley v. Hecker* [1928] 206 Cal. 22. ............................................. 21
*Garibay v. American Home Mortgage Corp.*
*(*U.S. Dist. S.Cal. 2009) 2009 U.S. Dist. LEXIS 106783. .... 8
*Gomez v. Reed* [1918] 178 Cal. 759 . .............................................. 20
*Ingersoll-Rand Financial Corp. v. Miller Mining Co.*
(9th Cir. 1987) 817 F.2d 1424. ................................ 6-8,14, 19
*Karageris v. Karageris* [1956] 145 Cal. App. 2d 556. .................... 20
*Kreisler v. Goldberg* (4th Cir. 2007) 478 F.3d. 209. .................. 14, 18
*Nguyen v. Aegis Funding Corp.*(U.S. Dist. S. Cal. 2009)
2009 U.S. Dist. LEXIS 96068. ............................................. 8
*Palma v. U.S. Industrial Fasteners, Inc.* [1984] 36 Cal.3d 171. ..... 22
*Payne & Dewey v. Treadwell* [1860] 16 Cal. 220. ........................ 20
*Robinson v. Superior Court* (1950) 35 Cal.2d 379. ..................... 6, 22
*Saidi-Tabatabai v. Superior Court* [1967] 253 Cal. App. 2d 257. .. 22
*Teachers Ins. & Annuity Association. v. Butler*
(2d Cir.1986) 803 F.2d 61. ...................................... 6, 14, 19
*Wedgeworth v. Fibreboard* Corp.(5th Cir. 1983) 706 F.2d 541...... 14

TEXTS AND ARTICLES

1 Banke, et al. CALIFORNIA CIVIL WRITS PRACTICE 355
Common Writs and Basic Requirements § 15.10
[4[th] Edition C.E.B. 2010]. ......................................................... 15, 19

3 Collier on Bankruptcy § 362.03(3)(d)
[16th Edition Lexis-Nexus 2010]. .............................................. 6, 14

Collier COMPENSATION AND APPOINTMENT OF TRUSTEES
AND PROFESSIONALS IN BANKRUPTCY CASES 1-37
*Counsel for Debtors in Possession* § 1.05(i)(Lexis-Nexis 2009)]..... 5

2 March & Ahart CALIFORNIA PRACTICE GUIDE
BANKRUPTCY
8(I)-8 Scope of Automatic Stay ¶ 8:100 (The Rutter Group 2009). 6, 14

Plank, *The Security of Securitization and the Future of Security*
25 CARDOZO L. REV. 1655, 1675 [April 2004]. ........................ 18

Sorgen CALIFORNIA CIVIL WRIT PRACTICE 71
*Understanding Most Commonly Used Writs* § 3.31
[Third Edition C.E.B. 1998]. .......................................................... 22

## EXHIBITS FILED IN SUPPORT OF
## PETITION FOR WRIT OF MANDATE

Exhibit "1"    CASE SUMMARY in UNDERLYING ACTION...... 2

Exhibit "2"    FOURTH AMENDED COMPLAINT in
UNDERLYING ACTION........................................... 2

Exhibit "3"    FRAUDULENT DEED OF TRUST. .......................... 2

Exhibit "4"    AURORA'S DEED. ..................................................... 2

Exhibit "5"    AURORA'S ANSWER TO FOURTH AMENDED
COMPLAINT IN UNDERLYING ACTION. ............ 3

Exhibit "6"    AURORA'S CROSS-COMPLAINT IN
UNDERLYING ACTION.......................................... 3

Exhibit "7"    WALTZ'S ANSWER TO AURORA'S
CROSS-COMPLAINT IN UNDERLYING
ACTION. .................................................................. 3, 9

Exhibit "8"    WALTZ'S REQUEST FOR ADMISSIONS [SET
TWO] IN UNDERLYING ACTION. ..................... 3, 9

Exhibit "9"    AURORA'S RESPONSE TO WALTZ'S REQUESTS
FOR ADMISSIONS [SET TWO] IN UNDERLYING
ACTION. .................................................................... 3

Exhibit "10"    EMAIL TRANSMISSIONS BETWEEN COUNSEL
RE: IN LIMINE MOTIONS.................................... 4, 5

Exhibit "11"    AURORA'S TRIAL BRIEF [JUNE 15, 2010 TRIAL]4

Exhibit "12"    WALTZ'S TRIAL BRIEF [JUNE 15, 2010 TRIAL].  4

Exhibit "13"    AURORA'S TRIAL BRIEF [OCTOBER 26, 2010
TRIAL]. ..................................................................... 4

Exhibit "14"    WALTZ'S TRIAL BRIEF [OCTOBER 26, 2010
TRIAL]. ..................................................................... 4

Exhibit "15"    LEHMAN BROTHERS' STAY BRIEF. .................... 5

Exhibit "16"    TRANSCRIPT OF OCTOBER 26, 2010
HEARING. ............................................................. 5, 6

Exhibit "17"    Minute Order October 26, 2010. ................................ 6

Exhibit "18"    Notice of Order granting Stay. ................................... 6

**EXHIBITS FILED IN SUPPORT OF**
**PETITION FOR WRIT OF MANDATE**
**[continued]**

Exhibit "19"  AURORA-TENANT SETTLEMENT
AGREEMENT...................................................... 12, 13

Exhibit "20"  COLDWELL-BANKER'S MOTION TO
CONFIRM SETTLEMENT. ..................................... 13

Exhibit "21"  DECLARATION OF ROBERT SHULKIN
[Counsel for COLDWELL BANKER] in
Support of Motion to Confirm Settlement................. 13

2nd CIV B

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

IN AND FOR THE SECOND APPELLATE DISTRICT
DIVISION TWO

PRUDENCE WALTZ

                    PETITIONERS,

vs.

THE SUPERIOR COURT OF THE STATE OF
CALIFORNIA ) FOR THE COUNTY OF LOS
ANGELES;

                    RESPONDENT,

AURORA LOAN SERVICES, LLC, a Delaware
Limited Liability Company, BLUE OCEAN
MORTGAGE CORPORATION, a California
Corporation, MATTHEW P. KAY an individual,
MOHAMED FOUZI HAFFAR an individual,
LATOSHIA KELLER, an individual, SAMANTHA
HILL, an individual and JANELLE BAIRD, an
individual and LEHMAN BROTHERS HOLDING
INC . a Delaware Corporation currently subject to
protection under Chapter 11 of the Bankruptcy Code,

            REAL PARTIES IN INTEREST
_____

PETITION FOR WRIT OF MANDATE

      COMES NOW PETITIONERS PRUDENCE WALTZ [hereinafter
referred to as "WALTZ"] and petitions this Court for a writ of mandate
directing THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES [hereinafter referred to as 'THE
RESPONDENT COURT"] to:

     (1)     Immediately resume the trial that was scheduled to
commence on October 26, 2010 in action No. 374163
which is currently pending in THE RESPONDENT
COURT [hereinafter referred to as "THE UNDERLYING
ACTION;

     (2)     Grant WALTZ judgment on the pleadings on her first
cause of action which seeks to quiet title and return of
possession of the real property commonly known as 844-
846 West 57th Street, Los Angeles, California 90037-3628
[hereinafter referred to as "THE SUBJECT PROPERTY"]
based upon REAL PARTY AURORA LOAN
SERVICES, LLC'S [hereinafter referred to as
"AURORA"], the uncontradicted testimony of REAL
PARTIES IN INTEREST SAMANTHA HILL
[hereinafter referred to as "HILL"] and JANELLE M.
BAIRD [hereinafter referred to as "BAIRD"]; and

1

(3)    Submit WALTZ'S claims for actual and punitive damages against AURORA LOAN SERVICES, LLC's [as well as the determination of the dollar amount of any offset she may have against any equitable lien which the RESPONDENT COURT may find to exist in AURORA [or any other entity affiliated or related to non-party LEHMAN BROTHERS HOLDING [which is not a debtor in any bankruptcy proceeding brought under federal law] to a jury in accordance with ARTICLE 1 § 16 of the Constitution of the State of California and Code of Civil Procedure § 592 .

In support of the foregoing request for relief WALTZ alleges as follows:

1.    WALTZ is now, and has at all times herein mentioned been the rightful legal owner and entitled to possession of THE SUBJECT PROPERTY which is more fully described as follows:

The North 113.25 feet of Lot 382 or Burck's Golden Tract, in the City of Los Angeles, County of Los Angeles as per map recorded in Book 10, Page 26 of Maps in the office of the County Records of said County.

2.    WALTZ is the PLAINTIFF in action BC374163 [hereinafter referred to as "THE UNDERLYING ACTION"] which is currently pending in THE RESPONDENT COURT as set forth in the Case Summary filed as Exhibit "1" in PETITIONERS' APPENDIX.

3.    Within the five [5] year period specified in Code of Civil Procedure §§ 318 and § 319  PLAINTIFF filed the FOURTH AMENDED COMPLAINT [a copy of which is filed as Exhibit "2" in PETITIONER'S APPENDIX] in RESPONDENT COURT in order to clear title and recover possession of THE SUBJECT PROPERTY which has since on or about June 15, 2010 been under the control of AURORA based upon title derived from the recordation of a fraudulent deed of trust [a copy of which is filed herein as Exhibit "3" and hereinafter referred to as "THE FRAUDULENTLY RECORDED DEED OF TRUST"] and a trustee's deed [a copy of which is filed herein as Exhibit "4" and hereinafter referred to as "AURORA'S DEED"] issued by a trustee based on the authority granted in that deed of trust.

2

4.    On or about June 4, 2009 [see pages 16 and 17 of the Case Summary filed as Exhibit "1" in PETITIONER'S APPENDIX"] AURORA filed both its answer to PETITIONERS' FOURTH AMENDED COMPLAINT [see Exhibit "5" filed in PETITIONER'S APPENDIX] and a cross-complaint  [see Exhibit "6" filed in PETITIONER'S APPENDIX]  in which it alleged that it obtained:

> [T]itle to The Subject Property via a Trustee's Deed upon Sale . . . [which] . . . was recorded on July 5, 2007 [fourteen (14) months before its parent LEHMAN BROTHER'S HOLDING, INC. filed for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York] [see ¶ 24 at page 5 lines 10 through 12 inclusive of AURORA'S cross complaint filed by AURORA in THE UNDERLYING ACTION a [Exhibit "6"].

5.    On June 9, 2009 WALTZ filed her answer [a copy of which is filed herein as Exhibit "7" in PETITIONER'S APPENDIX to AURORA'S cross complaint in THE UNDERLYING ACTION.

6.    At no time prior to the scheduled commencement of trial in THE UNDERLYING ACTION on October 26, 2010 had anyone suggested, or has evidence been produced [in the form of business records produced during the course of discovery or schedules filed in any bankruptcy proceeding] that LEHMAN BROTHERS' HOLDING, INC, [hereinafter referred to as "LEHMAN BROTHERS' HOLDING" which is debtor designated case #08-13555(JMP) which is now pending in the United States Bankruptcy Court for the Southern District of New York] had or claimed to have an interest in THE SUBJECT PROPERTY.

7.    In ¶ 21 at page 5 lines 4 through 5 inclusive of the cross complaint filed by AURORA in THE UNDERLYING ACTION it alleges that it acquired the interest of its affiliate BNC MORTGAGE in THE FRAUDULENTLY RECORDED DEED OF TRUST prior to February 13, 2007 [nineteen (19) months before LEHMAN BROTHERS' HOLDING the common parent of both entities (see REQUEST FOR ADMISSION # 17 and AURORA'S response filed as Exhibits "8" and "9" in PETITIONER'S APPENDIX) filed for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York].

3

8.    Although no one knows who actually placed the signature of the alleged TRUSTOR on THE FRAUDULENTLY RECORDED DEED OF TRUST:

(a)    BAIRD [the person identified as the trustor in the instrument] has testified under oath that the signature on THE FRAUDULENTLY RECORDED DEED OF TRUST is not hers and that she never authorized anyone to place her signature on the instrument;

(b)    BAIRD [the person identified as the trustor in the instrument] has testified under oath that she never had an interest in THE SUBJECT PROPERTY; and

(c)    Neither AURORA or anyone else has ever produce any evidence which contradicts BAIRD'S testimony. [1]

9.    As set forth in the email transmissions [copies of which are filed herein as Exhibit "10" in PETITIONER'S APPENDIX] prior to the date [June 15, 2010] originally set for trial in THE UNDERLYING ACTION it was agreed, in response to a request from AURORA'S counsel by counsel for the parties that "information, documents, opinions, evidence and testimony that BNC, Lehman Brothers, and Aurora Loan Services are the same entity" would not be referred to during the trial.

10.    Both WALTZ'S and AURORA'S legal positions are set forth in the trial briefs [copies of which are filed herein as Exhibits "11", "12", "13" and "14" in PETITIONER'S APPENDIX and hereinafter referred to as "THE PARTIES' TRIAL BRIEFS"] filed in anticipation of their respective claims to THE SUBJECT PROPERTY being heard and determined in RESPONDENT COURT.

---

1.    The Exhibits filed in B225881 on July 19 and 26, 2010 contain all of the documentation filed in support of both WALTZ'S and AURORA'S summary judgment motions in THE UNDERLYING ACTION including all evidence which both parties have to support their conflicting claims to THE SUBJECT PROPERTY. PETITIONERS request this Court to deem the Exhibits in B225881 part of the record in this proceeding pursuant to Rule 8.147 of the California Rules of Court.

11.    Notwithstanding the request from AURORA'S counsel prior to the initial trial date in THE UNDERLYING ACTION, as set forth in the email transmission of May 13, 2010 [Exhibit "10"] and the arguments advanced in THE PARTIES' TRIAL BRIEFS when the matter was called for trial on the morning of October 26, 2010, counsel claiming to have authority to appear on behalf of LEHMAN BROTHERS HOLDING, INC, appeared and filed a document referred to as "BRIEF RE: STAY OF PROCEEDINGS FILING BY INTERESTED PARTY LEHMAN BROTHERS HOLDINGS" with RESPONDENT COURT [a copy of which is filed herein as Exhibit "15" in PETITIONER'S APPENDIX and hereinafter referred to as "LEHMAN BROTHERS' STAY BRIEF"] [2].

12.    In LEHMAN BROTHERS' STAY BRIEF [which was initially filed with RESPONDENT COURT without serving a copy on WALTZ'S counsel] counsel who represented he was appearing on behalf of LEHMAN BROTHER'S HOLDING requested that the trial in THE UNDERLYING ACTION [which was on calender and ready to proceed] be stayed indefinitely as a result of the bankruptcy filing in the Bankruptcy Court for the Southern District of New York in In Re Lehman Brothers Holding case # 08-13555(JMP)].

13.    PETITIONER'S counsel's arguments in opposition to the stay requested by the attorney who claimed to represent debtor in case In Re Lehman Brothers Holding 08-13555(JMP) which is currently pending in the Bankruptcy Court for the Southern District of New York is set forth at page 13 line through page 17 lines 5 inclusive and page 18 line 10 through 27 inclusive of the transcript of the hearing which took place in THE UNDERLYING ACTION on October 26, 2010 [the original of which is being lodged concurrently with this petition and a copy of which is filed as Exhibit "16" in PETITIONER'S APPENDIX].

---

2.    There is no evidence that the law firm which appeared and claimed to represent LEHMAN BROTHERS' HOLDING [which has also appeared in related action BS 116797 as counsel for AURORA (see page 7 of Exhibit "19" filed in PETITIONER'S APPENDIX] had authority from the Bankruptcy Court for the Southern District of New York in case # 08-13555(JMP)] to act on its behalf [see Bankruptcy Code §§ 327(a) and 1107(a) [11 U.S.C. § 327(a) and 11 U.S.C. § 1107(a) and Collier COMPENSATION AND APPOINTMENT OF TRUSTEES AND PROFESSIONALS IN BANKRUPTCY CASES 1-37 *Counsel for Debtors in Possession* § 1.05(i)(Lexis-Nexis 2009)]

5

14.    As set forth at page 19 lines 12 through 25 inclusive of the transcript of the hearing which took place in THE UNDERLYING ACTION on October 26, 2010 [the original of which is being lodged concurrently with this petition and a copy of which is filed as Exhibit "16" in PETITIONER'S APPENDIX], RESPONDENT COURT'S minute order [a copy of which is filed herein as Exhibit "17" in PETITIONER'S APPENDIX] and AURORA'S notice of the Court's ruling [a copy of which is filed as Exhibit "18" in PETITIONER'S APPENDIX] RESPONDENT COURT:

(a)    Granted the request to stay the underlying action;

(b)    Terminated the October 26, 2010 trial proceedings; and

(c)    Set the matter for a February 25, 2011 status conference without any indication when the matter would be allowed to proceed.

15.    The automatic stay under Bankruptcy § 362(a) [11 U.S.C. § 362(a)] does not stay WALTZ'S rights to prosecute her claims against any of the named parties in THE UNDERLYING ACTION [see *Teachers Ins. & Annuity Association. v. Butler* (2d Cir.1986)  803 F.2d 61, 65; *Ingersoll-Rand Financial Corp. v. Miller Mining Co*.(9th Cir. 1987); 817 F.2d 1424, 1427; 3 Collier on Bankruptcy § 362.03(3)(d) (16th Edition Lexis-Nexus 2010) and 2 March & Ahart CALIFORNIA PRACTICE GUIDE BANKRUPTCY 8(I)-8 Scope of Automatic Stay ¶ 8:100 (The Rutter Group 2009)].

16.    Because  Bankruptcy § 362(a) [11 U.S.C. § 362(a)] does not stay the prosecution of WALTZ'S claims against any of the named parties in THE UNDERLYING ACTION  she is not required under either state or federal law to seek the permission of the United States Bankruptcy Court for the Southern District of New York in Case # 08-13555(JMP) to continue the prosecution of her claims against anyone currently named in said action.

17.    Because the automatic stay under Bankruptcy § 362(a) [11 U.S.C. § 362(a)] does not limit WALTZ'S rights to prosecute her claims in THE UNDERLYING ACTION against defendants who are not named as debtors  in Case # 08-13555(JMP) which is pending in the United States Bankruptcy Court for the Southern District of New York,  forcing her and her counsel to endure the costs and inconvenience of seeking relief from a Court in New York is an abuse of discretion which imposes an undue burden which is in excess of  RESPONDENT COURT'S jurisdiction [cf.

6

*Robinson v. Superior Court* (1950) 35 Cal.2d 379, 383] which entitles her to the issuance of mandate under California law.

18.    In the absence of an order issued pursuant to Bankruptcy Code § 105(a) [11 U.S.C. § 105(a)] by the United States Bankruptcy Court for the Southern District of New York in Case # 08-13555(JMP) staying proceedings as to AURORA or one of the other defendants named in THE UNDERLYING ACTION, THE RESPONDENT COURT did not have the jurisdiction to suspend the trial proceedings that were scheduled to commence in THE UNDERLYING ACTION on October 26, 2010 [*Canter v. Canter* (9th Cir. 2002) 299 F.3d 1150, 1155; *Ingersoll-Rand Financial Corp. v. Miller Mining Co.*, supra at 817 F.2d 1427] .

19.    There is no evidence that the law firm which appeared in THE UNDERLYING ACTION on behalf of LEHMAN BROTHER'S HOLDING, INC. [which has also appeared as Counsel for AURORA in related action BS 116797] was, or is authorized by the Bankruptcy Court for the Southern District of New York to act on behalf of the debtor in possession in case # 08-13555(JMP) in THE UNDERLYING ACTION.

20.    Although WALTZ'S counsel was shown a copy of the brief filed by the attorney who represented he was appearing on behalf of LEHMAN BROTHER'S HOLDING, INC. [see page 5 line 2 through page 6 line 4 of the reporter's transcript lodged herein and a copy of which is filed herein as Exhibit "16"]:

    (a)    WALTZ'S counsel was not provided with a copy of the brief with all of the Exhibits attached [Exhibit "15"] until after counsel for the moving party was directed to do so by the Court;

    (b)    The brief served on the RESPONDENT COURT at the commencement of the October 26,2010 hearing  [Exhibit "14"] did not contain a copy of the Bankruptcy Court docket or any of the schedules from the United States Bankruptcy Court for the Southern District of New York for case # 08-13555(JMP)  listing the property of debtor in that case.

    (c)    No proof was submitted to THE RESPONDENT COURT that LEHMAN BROTHER'S HOLDING, INC. did in fact have an interest in THE SUBJECT PROPERTY [such as a copy of a

schedule filed in the Bankruptcy Proceeding in the Southern District of New York disclosing an interest in THE SUBJECT PROPERTY]; and

(d)    No evidence was provided that counsel [who also represents AURORA] who represented he was appearing on behalf of LEHMAN BROTHER'S HOLDING, INC had any authority from the Bankruptcy Court for the Southern District of New York to represent the debtor in possession in Case # 08-13555(JMP) [see partial docket report filed as Exhibit "17" in PETITIONER'S APPENDIX which contains the identity of all counsel for the Debtor in Case # 08-13555(JMP) ].

21.    There is no evidence that the bankruptcy court for   the Chapter 11 case filed by LEHMAN BROTHERS HOLDING, INC [the parent of both AURORA and BNC MORTGAGE (see REQUEST FOR ADMISSION # 17 and AURORA'S response filed as Exhibits "7" and "8" in PETITIONER'S APPENDIX)] has ever issued an order pursuant to Bankruptcy Code § 105(a) [11 U.S.C. § 105(a)] staying proceedings as to AURORA or any other defendant named in THE UNDERLYING ACTION [cf. *Ingersoll-Rand Financial Corporation* v. *Miller Mining Co.*, supra; *Garibay v. American Home Mortgage Corp. (*U.S. Dist. S.Cal. 2009) 2009 U.S. Dist. LEXIS 106783;  *Nguyen v. Aegis Funding Corp*. (U.S. Dist. S. Cal. 2009) U.S. Dist. LEXIS 96068].

22.    BAIRD has testified under oath [and AURORA has been unable to produce any evidence contradicting her sworn testimony] that she never had an interest in THE SUBJECT PROPERTY and did not execute THE FRAUDULENTLY RECORDED DEED OF TRUST which is the source of the trustee's authority for executing AURORA'S DEED [Exhibit "4" which is the basis for its claims to title in THE UNDERLYING ACTION [cf AURORA'S response to Request for Admissions 21 through 23 inclusive (Exhibits "8" and "9" in PETITIONER'S APPENDIX)].

23.    THE RESPONDENT COURT'S continuing denial of WALTZ'S right to have THE SUBJECT PROPERTY returned to her [as illustrated by the facts set forth in her prior unsuccessful petitions to obtain relief from this Court which this Court is requested to deem a part of the record in this proceeding pursuant to Rule 8.147 of the California Rules of

8

Court] have and will continue to cause her great and irreparable harm because she is being denied the ability to use and fully enjoy her real property in violation of her rights under Article I § 1 of the Constitution of the State of California.

24.   THE RESPONDENT COURT'S refusal to allow trial to proceed to a judgment in THE UNDERLYING ACTION which results in the issuance of a writ of possession directing the return of THE SUBJECT PROPERTY to WALTZ by anyone who claims an interest in the property based on title which was derived from the exercise of any power based on THE FRAUDULENTLY RECORDED DEED OF TRUST is a denial of WALTZ'S rights to both due process and equal protection under the law of the State of California under both Article I § 7 of the Constitution of the State of California and the Fourteenth Amendment to the Constitution of the United States of America.

WHEREFORE WALTZ prays that this court:

1.   Issue a writ of mandate directing THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES to either issue an order:

(1)   Immediately resuming the trial that was scheduled to commence on October 26, 2010 in action No. 374163 which is currently pending in THE RESPONDENT COURT [hereinafter referred to as "THE UNDERLYING ACTION;

(2)   Granting WALTZ judgment on the pleadings on her first cause of action which seeks to quiet title and return of possession of the real property commonly known as 844-846 West 57th Street, Los Angeles, California 90037-3628 [hereinafter referred to as "THE SUBJECT PROPERTY"] based upon the uncontradicted testimony of REAL PARTIES IN INTEREST HILL and BAIRD and AURORA'S responses to REQUESTS FOR ADMISSIONS [Exhibits "7" and "8"] served in the underlying action; and

9

(3) Submitting WALTZ'S claims for actual and punitive damages against AURORA [as well as the determination the dollar amount of any offset she may have against any equitable lien which the RESPONDENT COURT may find to exist in AURORA'S or any other entity affiliated or related to non-party LEHMAN BROTHERS HOLDING (which is not a debtor in any bankruptcy proceeding brought under federal law) favor] to a jury in accordance with Article 1 § 16 of the Constitution of the State of California and Code of Civil Procedure § 592 [cf relief sought in companion writ proceeding B 228296].

or in the alternative show cause at a time and place set by this court why such an order has not been issued.

2. Awarding WALTZ her costs and attorney fees incurred in prosecuting this petition pursuant to Civil Code § 3334; and

3. Awarding WALTZ such other and further relief as the Court deems just and proper.

LAW OFFICES OF JEROME ZAMOS

By: _____
Jerome Zamos, Attorneys for
PETITIONER PRUDENCE WALTZ
an individual

10

## VERIFICATION

COUNTY OF LOS ANGELES
STATE OF CALIFORNIA

I have read the foregoing PETITION FOR WRIT OF MANDATE and know its contents.

I am one of the petitioning party in this action.  The matters stated in the foregoing document are true of the undersigns own knowledge except as to those matters which are stated on information, and as to those matters I believe them to be true.

I declare under penalty of perjury the foregoing is true and correct.

Executed October 29, 2010 at LOS ANGELES, CALIFORNIA.

_Prudence Waltz_
Prudence Waltz

11

## DECLARATION OF COUNSEL
## RE: RECORD OF PROCEEDINGS IN
## THE RESPONDENT COURT

THE UNDERSIGNED JEROME ZAMOS declares that if called as a witness in these proceedings I would competently testify of my own knowledge as to each of the following facts:

1.    I am an attorney duly licensed and admitted to practice law before all courts within the State of California and counsel of record for PRUDENCE WALTZ, the PETITIONER named in this action [hereinafter referred to as "WALTZ"].

2.    As counsel for PETITIONERS I personally appeared in RESPONDENT COURT on the morning of October 26, 2010 in anticipation of commencing the trial in THE UNDERLYING ACTION.

3.    The reporter's transcript filed herein and a copy of which is included as Exhibit "16" in PETITIONERS' APPENDIX file in support of this PETITION accurately sets forth the proceedings which took place in RESPONDENT COURT on the morning of October 26, 2010 in my presence.

4.    As counsel for WALTZ I have been attempting to expedite her regain possession of THE SUBJECT PROPERTY in both THE UNDERLYING ACTION and a series of unlawful detainer actions which she has been unsuccessfully attempting to litigate against a tenant who AURORA has allowed to remain in possession pending the completion of a settlement under which the tenant was allowed to remain in possession without the payment of rent since sometime in early 2006 [see settlement agreement filed herein as Exhibit "19" in PETITIONER'S APPENDIX].

5.    WALTZ'S efforts to regain possession of THE SUBJECT PROPERTY were frustrated by RESPONDENT COURT'S reluctance to allow the eviction proceedings to proceed based on the pendency of THE UNDERLYING ACTION which seeks to establish the rightful owner of THE SUBJECT PROPERTY.

12

6.    As a result of a settlement of the tenant's claims against AURORA [a copy of which is filed herein as Exhibit "19" in PETITIONER'S APPENDIX], the tenant has now vacated the THE SUBJECT PROPERTY by turning possession over to AURORA [see ¶ 3 at page 2 of the settlement agreement Exhibit "19" which is hereinafter referred to as "THE AURORA-TENANT SETTLEMENT"].

7.    THE AURORA-TENANT SETTLEMENT appears to have been negotiated on AURORA'S behalf without approval from the United States Bankruptcy Court for the Southern District of New York in Case # 08-13555(JMP) by the same law firm that appeared  in THE UNDERLYING ACTION on behalf of LEHMAN BROTHERS' HOLDING [see page 7 of Exhibit "19" filed in PETITIONERS' APPENDIX].

8.    As a result of THE AURORA-TENANT SETTLEMENT agreement [which only came into my possession after the filing of the motion which is the subject of WALTZ'S companion petition in B 228296] a motion has been made in action BS 116797 which is the subject of WALTZ'S companion petition in B 228296 which seeks to absolve AURORA'S agent of any further liability for any damage caused to WALTZ as a result of its actions [see Exhibit "20" and Exhibit "21" filed in PETITIONER'S APPENDIX].

I declare under penalty of perjury the foregoing is true and correct. Executed November 1, 2010  at Woodland Hills, California.

_____
JEROME ZAMOS

13

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF AMENDED PETITION
## FOR WRIT OF MANDATE
## INTRODUCTION

As the victim of a fraudulent loan scheme, which has resulted in the loss of both control and her right to possess THE SUBJECT REAL PROPERTY, PETITIONER PRUDENCE WALTZ [hereinafter referred to as "WALTZ"] is entitled have her claims adjudicated in the State Court's of California in an orderly and expeditious manner in the absence of some legal basis for removing jurisdiction from the state's courts [see Article I §§ 1 and 7 of the Constitution of the State of California].

Federal Bankruptcy law does not remove the jurisdiction of the State Courts of California over WALTZ'S claims relating to her recovery of THE SUBJECT PROPERTY from either AURORA LOAN SERVICES, LLC [hereinafter referred to as "AURORA"], subsidiaries of LEHMAN BROTHERS' HOLDING, INC. [the Debtor in Possession (hereinafter referred to as "LEHMAN BROTHERS") in Case # 08-13555(JMP) (hereinafter referred to as "THE LEHMAN BROTHERS' BANKRUPTCY PROCEEDING") currently pending in the United States Bankruptcy Court for the Southern District of New York (hereinafter referred to as "THE NEW YORK BANKRUPTCY COURT")] or any other party named in THE UNDERLYING ACTION currently pending in RESPONDENT COURT.

> see *Ingersoll-Rand Financial Corporation* v. *Miller Mining Co.*, supra; *Wedgeworth v. Fibreboard* Corp.(5th Cir. 1983) 706 F.2d 541, 544; *Teachers Ins. & Annuity Ass'n. v. Butler* supra; *Kreisler v. Goldberg (*4th Cir. 2007) 478 F.3d. 209, 213; *Barnett v. Lewis* (1985) 170 Cal.App.3d 1079, 1088; 3 Collier on Bankruptcy § 362.03(3)(d) (16th Edition Lexis-Nexus 2010); 2 March & Ahart CALIFORNIA PRACTICE GUIDE BANKRUPTCY 8(I)-8 Scope of Automatic Stay ¶ 8:100 [The Rutter Group 2009]

Therefore RESPONDENT COURT retained jurisdiction over WALTZ'S claims relating to her efforts to recover title and possession of THE SUBJECT PROPERTY from the parties named in THE UNDERLYING ACTION who were not identified as debtors in THE LEHMAN BROTHERS' BANKRUPTCY PROCEEDING [or some other proceedings brought under the federal bankruptcy laws] in the absence of:

14

(a)     Proof that the party who is named as a party in THE UNDERLYING ACTION has filed for protection under federal Bankruptcy Law;

(b)     Proof that the property which is the subject matter of the claims in THE UNDERLYING ACTION is in fact claimed as the property of a debtor who has filed for protection under federal Bankruptcy Law;

(c)     In the absence of  Proof that the party who is named as a party in THE UNDERLYING ACTION has filed for protection under federal Bankruptcy Law, proof that an order has been issued by a Bankruptcy Court having jurisdiction to issue such an order under Bankruptcy Code § 105(a) [11 U.S.C. § 105(a)] staying further proceedings against the non-debtor in a pending state court action.

Because the automatic stay under Bankruptcy Code § 362(a) [11 U.S.C. § 362(a)] does not stay actions against any party other than the actual debtor in a bankruptcy proceeding, RESPONDENT COURT did not have the jurisdiction to stay THE UNDERLYING ACTION and its decision staying the trial which was scheduled to commence on October 26, 2010 warrants the issuance of a writ directing its resumption.

See:    1 Banke, et al. CALIFORNIA CIVIL WRITS PRACTICE 355 Common Writs and Basic Requirements § 15.10 [4th Edition C.E.B.  2010]

15

### THE PROCEDURAL HISTORY OF WALTZ'S EFFORTS
### TO HAVE HER OWNERSHIP CLAIMS ADJUDICATED
### IN AN EXPEDITIOUS MANNER

As this Court may take judicial notice of from WALTZ'S previous petitions seeking relief from this Court, she has been attempting to have her ownership interests adjudicated in an expeditious manner since AURORA'S filing of its initial appearance in RESPONDENT COURT in June of 2009. Those efforts have been frustrated by both the procedural devices used by REAL PARTIES IN INTEREST to thwart WALTZ'S efforts to obtain the relief she is entitled to under California law and RESPONDENT COURT'S refusal to allow her to proceed with the remedies which she is entitled to pursue until she is able to establish her ownership of THE SUBJECT PROPERTY in THE UNDERLYING ACTION.

The extent of WALTZ' efforts may be demonstrated by the documentation filed in her initial petition [B223685] filed with this Court on April 13, 2010 [which the Court is requested to deem part of the record in support of this petition pursuant to Rule 8.147 of the California Rules of Court].

WALTZ'S initial petition in B223685 followed RESPONDENT COURT'S denial of her motion for Summary Adjudication. That motion was based, in part, on the uncontradicted testimony of both HILL and BAIRD that the signatures which were allegedly placed on the recorded instruments which are part of the chain of title relied upon by AURORA in support of its claim to title to THE SUBJECT PROPERTY in THE UNDERLYING ACTION were not placed on the instruments by them.

While it may have appeared that WALTZ had an adequate remedy to address her failure to have her title issues resolved in April of 2010 because of the trial which was scheduled in THE UNDERLYING ACTION for June 15, 2010, that remedy was delayed when THE RESPONDENT COURT granted HILL'S motion for a continuance shortly before trial was scheduled to begin and continued the trial until October 26, 2010.

Following RESPONDENT COURT'S continuance of the trial in
THE UNDERLYING ACTION, the court in a companion action initially
brought by the tenant against AURORA [action BS 116797] granted
AURORA'S demurrer to WALTZ'S claims for damages and recovery of
possession of THE SUBJECT PROPERTY without leave to amend which
led to this Court's denial of a subsequent petition for relief in B 225881.

RESPONDENT COURT'S rulings in action BS 116797 are set forth
in ¶¶ 45 and 46 at pages 6 and 7 of the Amended Petition filed in B 225881
on July 26, 2010 which this Court denied without comment on August 10,
2010.

WALTZ'S attempts to obtain relief against AURORA based on her
continuing inability to regain possession of THE SUBJECT PROPERTY in
RESPONDENT COURT are also the subject of the petition she filed with
this Court on October 25, 2010 [B 228296] which the court is requested to
deem as part of the record in support of this petition pursuant to Rule 8.147
of the California Rules of Court.

**NEITHER AURORA, LEHMAN BROTHERS OR ANY OTHER
PARTY NAMED IN THE UNDERLYING ACTION HAS A RIGHT
TO HAVE THE ACTION STAYED IN THE ABSENCE OF AN
ORDER ISSUED BY THE NEW YORK BANKRUPTCY COURT
PURSUANT TO BANKRUPTCY CODE § 105(a)**

The law is settled that the automatic stay ordinarily applies only to the debtor. Bankruptcy Code § 362(a) [11 U.S.C. § 362(a)] does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties.

See: *Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.* [9th Cir. 1994] 23 F.3d 241, 246; *Kreisler v. Goldberg* supra; *Barnett v. Lewis* supra

While REAL PARTIES IN INTEREST now claim that AURORA merely holds title to THE SUBJECT PROPERTY for its real owner LEHMAN BROTHERS' HOLDING [see page 1 lines 23 and 24 of the Brief filed in support of request for stay filed as Exhibit "15" in PETITIONER'S APPENDIX], it ignores the fact that the underlying reason for placing the property in the name of the servicer [if that is in fact what has happened with THE SUBJECT PROPERTY] is to keep it out of the true owner's estate if the true owner goes into bankruptcy.

See: Plank, *The Security of Securitization and the Future of Security* 25 CARDOZO L. REV. 1655, 1675 [April 2004]

If, as suggested by counsel who appeared on behalf of LEHMAN BROTHERS' HOLDING at the October 26, 2010 hearing, AURORA'S interests in the property are merely that of a stake holder for a Debtor in Possession in THE LEHMAN BROTHERS' BANKRUPTCY PROCEEDING, how could that same firm represent AURORA in the negotiation of a settlement agreement with a tenant in the companion BS 116797 [see Exhibit "19" in PETITIONER'S APPENDIX] on behalf of that stake holder that is presumably generating an administrative claim on behalf of AURORA against LEHMAN BROTHERS' HOLDING [3].

---

3. The very fact that the firm that appears to have negotiated the settlement with a tenant on behalf of AURORA in its capacity as a contractor for LEHMAN BROTHERS' HOLDING would appear to preclude its representation of the entity which is a debtor in possession in a pending Bankruptcy Proceeding [see Bankruptcy Code § 327(a)]. Further, to the extent WALTZ may be deemed a creditor of LEHMAN BROTHERS' HOLDING because of her claim to THE SUBJECT PROPERTY she objects [under Bankruptcy Code § 327(c) [11 U.S.C. § 327( c)] to any agent of AURORA appearing on behalf of LEHMAN BROTH-ERS' HOLDING in any legal proceedings involving her claims to ownership of THE SUBJECT PROPERTY.

18

The answer is that AURORA is not, an never has been a debtor in THE LEHMAN BROTHER'S BANKRUPTCY PROCEEDINGS and actions against it are not stayed under Bankruptcy Code § 362(a).

In order to stay an action against a non-debtor [or property held by a non-debtor such as AURORA] relief must be sought   under Bankruptcy Code § 105(a) [11 U.S.C. § 105(a)] in a bankruptcy court [not a state court] which has jurisdiction over a debtor's estate.   Under Bankruptcy Code § 105(a) THE NEW YORK BANKRUPTCY COURT (not RESPONDENT COURT) has jurisdiction to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]".

> See:   *Canter v. Canter* supra at 299 F.3d 1155; *Ingersoll-Rand Financial  Corp. v. Miller Mining Co*., supra; 1 Banke, et al. CALIFORNIA CIVIL WRITS PRACTICE 355 Common Writs and Basic Requirements § 15.10 supra

**IN THE ABSENCE OF EVIDENCE THAT ONE OF THE
DEFENDANTS IN THE UNDERLYING ACTION HAS GOOD
TITLE TO THE SUBJECT PROPERTY, WALTZ HAS A
CONSTITUTIONALLY PROTECTED RIGHT TO HAVE BOTH
HER DAMAGES AND OFFSETS AGAINST ANY EQUITABLE
LIENS HELD BY ONE OF THE DEFENDANTS DETERMINED
BY A JURY EMPANELED UNDER ARTICLE I § 16 OF THE
CONSTITUTION OF THE STATE OF CALIFORNIA**

In THE UNDERLYING ACTION WALTZ claims that she has been wrongfully denied the right to the full enjoyment of her property by AURORA and its agents. That claim is sufficient to justify the recovery of both actual and punitive damages in common law and statutory actions under Civil Code §§ 1712, 1713, 2224, 3294 and 3334(a).

> See: *Payne & Dewey v. Treadwell* [1860] 16 Cal. 220, 243;
> *Gomez v. Reed* [1918] 178 Cal. 759 , 763

While AURORA and its affiliates may not have been the parties who orchestrated the fraudulent loan scheme which resulted in the recordation of THE FRAUDULENT DEED OF TRUST, neither AURORA, or its parent LEHMAN BROTHERS HOLDING have the right to retain the benefits of the forged instruments which are the basis for its claims to THE SUBJECT PROPERTY.

The mere possession of stolen property, by whatever means acquired, does not enable a party who has come into possession of the stolen property good title.

> See: *Barstow v. Savage Mining Co.* [1883] 64 Cal. 388,
> 391; *Karageris v. Karageris* [1956] 145 Cal. App. 2d
> 556, 559

The owner of THE SUBJECT PROPERTY is entitled to the benefits of both Civil Code §§ 1712 and 1713 [which require any one who comes into possession of anything that belongs to her without her permission, to return it] and the corresponding benefits of Civil Code § 2224 which provides that while a party is in possession of the thing which belongs to someone else they are [at a minimum]:

> .   .   . an involuntary trustee of the thing gained, for the
> benefit of the person who would otherwise have had it [see
> Civil Code § 2224].

 As the California Supreme Court held in *Coley v. Hecker* [1928]
206 Cal. 22, 27:

> .   .   . Damages for injury to the real property are but an
> incident to the action to remove the cloud wrongfully cast
> upon respondents' real property .   .   .

21

## MANDATE IS THE APPROPRIATE PROCEDURE FOR REVIEWING A TRIAL COURT'S INTERIM RULINGS WHICH DENY A LITIGANT HIS OR HER RIGHTS TO ENJOY THE FULL BENEFITS OF THE LAW

Article VI § 10 of the Constitution of the State of California provides in relevant part:

.   .   . [C]ourts of appeal . . . and their judges have . .   .original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition.

See:   *Palma v. U.S. Industrial Fasteners, Inc.* [1984] 36 Cal.3d 171, 177-178

The law is well settled that a trial court is under  a duty to hear and determine the merits of all matters properly before it which are within its jurisdiction and that mandate may be used to compel the performance of this duty."

See:   *Robinson v. Superior Court* (1950) 35 Cal.2d 379, 383

WALTZ'S right to mandate to force RESPONDENT COURT to resume the trial which it improperly removed from its calender is supported by the decision of the California Supreme Court held in *Robinson v. Superior Court* supra in which the Court held at 35 Cal.2d. 383:

[A]  trial court is under a duty to hear and determine the merits of all matters properly before it which are within its jurisdiction and that mandate may be used to compel the performance of this duty. This is so even where the trial court's refusal to pass on the merits is based on the considered but erroneous belief that it has no jurisdiction as a matter of law to grant the relief requested. As stated in *Temple v. Superior Court*, 70 Cal. 211, 212 [11 P. 699], "the court cannot, by holding without reason that it has no jurisdiction of the proceeding, divest itself of jurisdiction, and evade the duty of hearing and determining it." *Mandate will issue to compel a hearing and determination of the merits where the court has merely sustained an objection on jurisdictional grounds and left the proceeding pending* [italics added for emphasis]

cf:   *Saidi-Tabatabai v. Superior Court* [1967] 253 Cal. App. 2d 257, 261-262;  Sorgen CALIFORNIA CIVIL WRIT PRACTICE 71 *Understanding Most Commonly Used Writs* § 3.31 [Third Edition C.E.B. 1998]

22

## CONCLUSION

At some point the fact is that AURORA'S claim to THE SUBJECT PROPERTY is based upon a series of forged instruments which were not created by WALTZ.   Because the fact that AURORA and its affiliates' claims to THE SUBJECT PROPERTY are based on the undisputed fact the FRAUDULENT DEED OF TRUST was not executed by a person with an interest in the property, WALTZ has an absolute right to have THE SUBJECT PROPERTY returned to her in a proceeding in which her claims are heard and considered without further delay, and to have that right enforced through an appropriate writ of mandate to RESPONDENT COURT from this Court.

LAW OFFICES OF JEROME ZAMOS

By:

Jerome Zamos, Attorneys for
PETITIONERS PRUDENCE WALTZ

23

## CERTIFICATE OF APPELLATE COUNSEL
### [RULE 8.204 ( c)(1) CRC]

The undersigned certifies that the within brief has been prepared in at least a 13 point Times Roman font and contains 7889 words according to the computer program [Word Perfect X5] used to prepare said brief.

I declare under penalty of perjury under the laws of the State of CALIFORNIA that the foregoing is true and correct.

Executed November 1, 2010 at Woodland Hills, CALIFORNIA

JEROME ZAMOS

24

## PROOF OF SERVICE BY MAIL

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to the within action; my business address is 5228 Campo Road, Woodland Hills, California 91364-1927.

On November 1, 2010 I served the following document(s) described as **PETITION FOR WRIT OF MANDATE** on the interested parties in this by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid addressed to:

[Counsel for AURORA LOAN SERVICES]
GARRETT & TULLEY, P.C.
CANDIE Y. CHANG, Esquire
STEPHANIE S. BANG, Esquire
225 South Lake Avenue
Suite 1400
Pasadena, California 91101-4869

MOHAMED FOUZI HAFFER, Esquire
HAFFER & ASSOCIATES
625 Broadway, Suite 825
San Diego, California 92101

BLUE OCEAN MORTGAGE, INC.
c/o MATTHEW P KAY
[its agent for service]
4347 McCONNELL
LOS ANGELES, CA 90066

JANELLE M. BAIRD
P.O. Box 1812
Hawaiian Gardens Ca, 90716

MATTHEW P KAY
4347 McCONNELL
LOS ANGELES, CA 90066

LATOSHIA C. KELLER
4515 Don Ricardo Drive
Los Angeles, California 90008

The Superior Court of The State of California
For the County of Los Angeles
Attention: The Hon. DEBRE K. WEINTRAUB
111 North Hill Street
Los Angeles, California 90012

[COUNSEL FOR REAL PARTY LEHMAN BROTHER'S HOLDING, INC.]
Justin D. Balser, Esquire
Donald M. Scotten, Esquire
Bryan M. Leifer, Esquire
AKERMAN SENTERFITT LLP
725 S. Figueroa St., Suite 3800
Los Angeles, CA 90071

Harvey R. Miller, E,sq.
Richard P. Krasnow, Esq.
Lori R. Fife, Esq.
Shai Y. Waisman, Esq.
Jacqueline Marcus, Esg.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York. New York 10153

Samantha Hill
1201 N. Orange Grove Ave., #106
West Hollywood, CA 90046

I am "readily familiar" with the firms practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in set forth in this affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed November 1, 2010 at Woodland Hills, CALIFORNIA.

JUDITH F. KAPLAN