1

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
CENTRAL DISTRICT

PRUDENCE WALTZ,                         )
                                        )
            Plaintiff,                  )
                                        )
        vs.                             ) Case No. BC374163
                                        )
BLUE OCEAN MORTGAGE                     )
CORPORATION, a California               )
Corporation, MATTHEW P. KAY             )
an individual, MOHAMED FOUZI            )
HAFFAR an individual,                   )
LATOSHIA KELLER, an individual)
AURORA LOAN SERVICES and DOES           )
1 THROUGH 20 inclusive                  )
                                        )
            Defendants.                 )
_____  )
                                        )
AND ALL CROSS-COMPLAINTS                )
_____  )


DEPOSITION OF BRUCE R. GREENWOOD

Friday, May 28, 2010
225 South Lake Avenue
Pasadena, California  91101-4869


Reported by:
BLAKE E. WASHINGTON
CSR NO. 13027



Toll Free: 877.342.5600
Facsimile: 310.286.0276

Suite 500
1875 Century Park East
Los Angeles, CA 90067
www.esquiresolutions.com

08-13555-mg    Doc 12784-10    Filed 11/15/10    Entered 11/15/10 19:06:17    deposition excerpts Forensic Document Examiner [Bruce Greenwood]    Pg 2 of 7

Bruce Greenwood                                                                  May 28, 2010

6

1   A.   To determine the authenticity on one document,
2   which was a grant deed.
3   Q.   And that was it, right?  Just the grant deed?
4   A.   Yes.
5   Q.   And that would be the grant deed recorded on
6   January 27th, 2006 with instrument No. 060203073; is that
7   correct?
8   A.   That's correct.
9   Q.   And that was an instrument purportedly signed by
10  a Prudence Waltz, correct?
11  A.   That's correct.
12  Q.   Is this the only document to which you are
13  prepared to testify at the time of trial?
14  A.   The questioned document, yes.
15  Q.   Okay.  ==What is your opinion concerning the grant==
16  ==deed?  If I just say, "Grant deed," you understand that I'm==
17  ==talking about this particular grant deed?==
18  ==A.   Based on the documents I used as exemplar, it's==
19  ==my opinion to a reasonable certainty that the questioned==
20  ==signature was not written by Prudence M. Waltz.==
21  Q.   Based on the exemplars you're looking at; is
22  that correct?
23  A.   Yes, I had 15 known samples.
24  Q.   Are there any -- strike that.
25       The page you're looking at seems a little



Toll Free: 877.342.5600
Facsimile: 310.286.0276

Suite 500
1875 Century Park East
Los Angeles, CA 90067
www.esquiresolutions.com

08-13555-mg    Doc 12784-10    Filed 11/15/10    Entered 11/15/10 19:06:17    deposition excerpts Forensic Document Examiner [Bruce Greenwood]    Pg 3 of 7

7

1  different than the page I'm looking at.  Is it because just
2  the printing, I guess?  Okay.  Thank you.  Yeah, I think it
3  was just the copying previously.  And these were the
4  samples provided to you by Ms. Waltz?
5          A.    By who?
6          Q.    The exemplars.
7          A.    No, Mr. Zamos.
8          Q.    And do you have an understanding as to the time
9  period where all of these exemplar signatures are gathered
10 from?
11         A.    It's listed on my documented report.
12         Q.    And the first item in your exemplar document
13 report says, "Memo to Jerry from Prudence Waltz," not
14 dated.
15         A.    That's correct.
16         Q.    Is that this page that has the markings as
17 Exhibit 13?
18         A.    What's that?
19         Q.    Is that item No. 1, "Memo to Jerry from
20 Prudence"?
21         A.    Yeah, but there was no signature on it.
22         Q.    No, I understand.
23         A.    Yeah -- yes.
24         Q.    So, there is no signature from this particular
25 page?



Toll Free: 877.342.5600
Facsimile: 310.286.0276

Suite 500
1875 Century Park East
Los Angeles, CA 90067
www.esquiresolutions.com

08-13555-mg    Doc 12784-10    Filed 11/15/10    Entered 11/15/10 19:06:17    deposition
excerpts Forensic Document Examiner [Bruce Greenwood]    Pg 4 of 7

Bruce R. Greenwood                                                    May 28, 2010

                                                                        24

1     Q.    And you did not receive an original copy of the
2  grant deed for your review, correct?
3     A.    I did not.
4     Q.    And amongst the 15 exemplar documents and
5  signatures that you have reviewed including some of which
6  that were originals, did you place any order of importance,
7  or did you place any specific emphasis on one writing than
8  the other?
9     A.    Well, I used all of the known samples.
10    Q.    So, not one particular is more important or more
11 relevant to the other, correct?
12    A.    No, they're all important.
13    Q.    Okay. And you believe that within reasonable
14 certainty that the questioned document is not signed by
15 Ms. Waltz, correct?
16    A.    That's correct.
17    Q.    And when you say, "Reasonable certainty," would
18 you be able to quantify for us in terms of percentage?
19    A.    No, I don't use percentages.
20    Q.    Why don't you use percentage?
21    A.    Well, if I believe that it's somebody else, I
22 would never say that. I would never render that opinion.
23    Q.    Okay.
24    A.    If I say, "Reasonable certainty," in my mind I'm
25 confident that's the person. But I'm hampered by the



Toll Free: 877.342.5600
Facsimile: 310.286.0276

ESQUIRE
an Alexander Gallo Company

Suite 500
1875 Century Park East
Los Angeles, CA 90067
www.esquiresolutions.com

08-13555-mg    Doc 12784-10    Filed 11/15/10    Entered 11/15/10 19:06:17    deposition
excerpts-Forensic Document Examiner [Bruce Greenwood]    Pg 5 of 7

Bruce R. Greenwood                                          May 28, 2010

                                                                    25

1   ability to demonstrate it if I don't have the originals.
2   In this case, I didn't have the originals. That's one of
3   the reasons I qualified that.
4       Q.   Okay. So, short of having an original document
5   for your examination, other than that, you could pretty
6   much say basically 100 percent that this is her signature
7   or this is not her signature, and that's --
8       A.   In this case, I'm saying she didn't write it.
9       Q.   Okay. So, flat out she didn't write it,
10  correct?
11      A.   Yes.
12      Q.   Okay. So, other than the examination of
13  Ms. Waltz' signature in the questioned document, which is
14  the 2006 grant deed, you were not asked to render any
15  opinion on anything else, correct?
16      A.   I was asked to look at Mr. Black's report.
17      Q.   Okay. By, "Report," you mean the declaration;
18  is that correct?
19      A.   Yeah, and any documents that were -- that he
20  used.
21      Q.   All right. What's your opinion on the
22  declaration provided by Mr. Black?
23      A.   Opinion as to the grant deed signature?
24      Q.   Yes.
25      A.   Well, my opinion hasn't changed.



ESQUIRE
an Alexander Gallo Company

Toll Free: 877.342.5600
Facsimile: 310.286.0276

Suite 500
1875 Century Park East
Los Angeles, CA 90067
www.esquiresolutions.com

```
                                                              48
 1              PENALTY OF PERJURY CERTIFICATE
 2
 3
 4
 5        I hereby certify under penalty of perjury that
 6   I have read the foregoing transcript.  Corrections,
 7   if any, were noted by me, and the same is now a
 8   true and correct transcript of my testimony.
 9          Executed this 20TH day of October         ,
10   2010, at Northridge, California            .
11
12                    _____
13                          BRUCE R. GREENWOOD
14
15
16
17
18
19
20
21
22
23
24
25
```


ESQUIRE
an Alexander Gallo Company

Toll Free: 877.342.5600
Facsimile: 310.286.0276

Suite 500
1875 Century Park East
Los Angeles, CA 90067
www.esquiresolutions.com

<u>REPORTER'S CERTIFICATE</u>

   I Blake E. Washington, a certified shorthand reporter within and for the State of California, hereby certify:

   That prior to being examined, the witness named in the foregoing deposition, BRUCE R. GREENWOOD, was sworn by me to testify to the truth, and nothing but the truth.

   That the said deposition, taken down by me in stenotype at the time and place therein stated, was thereafter reduced to typewriting by computer-aided transcription under my direction, and is an accurate transcription of the oral proceedings in this matter, to the best of my ability.

   I further certify that I am not in any way interested in the event of this action and that I am not related to any of the parties thereto.

   Dated this 1st day of June, 2010.

_____
Blake E. Washington, CSR No. 13027