WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (JMP)
:
Debtors.                            :    (Jointly Administered)
-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746**
**REGARDING DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363**
**OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE 6004 AND 9019 FOR AUTHORIZATION TO MODIFY CERTAIN**
**TERMS OF THE RESTRUCTURING OF THE ARCHSTONE CREDIT FACILITIES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated June 17, 2010 (the "Second Amended Case Management Order") [Docket No. 9635], the undersigned hereby certifies as follows :

1. On November 2, 2010, Lehman Brothers Holdings Inc., Lehman Commercial Paper Inc., Luxembourg Residential Properties Loan Finance S.a.r.l. and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), filed a motion (the "Motion") pursuant to sections 105 and 363 of

US_ACTIVE:\43558937\01\58399.0003

title 11 of the United States Code and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure for authorization to modify the terms of the restructuring of certain investments made in Archstone Smith-Trust and its affiliates ("Archstone") [Docket No. 12475].

2. The Debtors have served notice of this Motion on (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for Official Committee of Unsecured Creditors appointed in these cases (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Archstone; (vii) the attorneys for Bank of America, N.A.; (viii) the attorneys for Barclays Capital, Inc. and (ix) all other parties entitled to notice in accordance with the procedures set forth in the Second Amended Case Management Order and the Order to Show Cause to Shorten Notice Period For Consideration of the Motion, dated November 2, 2010 (the "Order to Show Cause") [Docket No. 12490].

3. In accordance with the Order to Show Cause, November 15, 2010 at 5:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motion (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

4. No objections or other responsive pleadings to the Motion have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading been served on the Debtors' counsel.

5.      Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed order (the "Proposed Order"), annexed hereto as Exhibit A, be entered in accordance with the procedures described in the Second Amended Case Management Order. A blackline of the Proposed Order reflecting the changes made to the order submitted with the Motion is annexed hereto as Exhibit B and primarily reflects the incorporation of comments provided to the Debtors by the Creditors' Committee.

I declare that the foregoing is true and correct.

Dated:   November 15, 2010
         New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order)**

US_ACTIVE:\43558937\01\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,                      :   08-13555 (JMP)
                                                            :
                   Debtors.                                 :   (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------x
```

**ORDER GRANTING THE DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6004 AND 9019 FOR AUTHORIZATION TO MODIFY CERTAIN TERMS OF THE RESTRUCTURING OF THE ARCHSTONE CREDIT FACILITIES**

Upon the motion (the "Motion"),[1] of Lehman Brothers Holdings Inc., Lehman Commercial Paper Inc. ("LCPI"), Luxembourg Residential Properties Loan Finance S.a.r.l. and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the terms of the restructuring (the "Restructuring") of certain documents (together with all collateral agreements and other documentation entered in connection with the transactions contemplated thereby, the "Transaction Documents") evidencing financing extended to Archstone Smith-Trust and/or its affiliates (collectively, "Archstone") pursuant to the *Order Granting the Debtors' Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6004 and 9019 for Authorization to Restructure Certain Terms of the Archstone Credit*, dated May 25, 2010

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

US_ACTIVE:\43558937\01\58399.0003

[Docket No. 9229] (the "Restructuring Order"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] (the "Second Amended Case Management Order") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to Archstone; (vii) counsel to Bank of America, N.A.; (viii) counsel to Barclays Capital, Inc. and (ix) all other parties entitled to notice in accordance with the procedures set forth in the Second Amended Case Management Order; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that the objections to the Motion, if any, that have not otherwise been withdrawn or resolved are overruled; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019 and sections 105(a) and 363(b) of the Bankruptcy Code, the modified terms of the Restructuring as set forth in the Motion (the "<u>Modified Restructuring</u>") is hereby approved and the Debtors: (i) are duly authorized to consummate any and all of the transactions contemplated thereby, (ii) are duly authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers (including, without limitation, the execution and delivery of one or more restated documents, agreements modifying or amending the Transaction Documents, successor agency agreements, security agreements, pledge agreements, control agreements, mortgages and financing statements) that may be necessary or appropriate to consummate each of the component transactions contemplated by the Modified Restructuring; and (iii) shall have the right in connection with and following consummation of the transactions contemplated by the Modified Restructuring to vote and make all determinations and take all other actions under each Transaction Document as modified consistent in all material respects with the terms of the Modified Restructuring, it being understood that nothing in this Order shall prejudice the right of LCPI to assign, in accordance with the terms of the Transaction Documents consistent in all material respects with the terms of the Term Sheet (as defined in the Restructuring Order) as modified as set forth in the Motion, any portion of its loans and commitments to, or equity interests in, Archstone, any borrower under the Transaction Documents, or their affiliates, it being further understood that any actions described in this paragraph taken by the Debtors or their affiliates (a) need not be taken simultaneously and may be taken as part of separate consecutive transactions and (b) may be taken without the necessity of any further court proceedings or approval or any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; provided, however, that for the avoidance of

3

08-13555-mg    Doc 12785    Filed 11/15/10    Entered 11/15/10 19:14:58    Main Document
Pg 8 of 17

doubt, the Debtors are authorized and not directed to take the actions set forth in this paragraph; and it is further

ORDERED that, notwithstanding the provisions of the Restructuring Order or this Order, the Transaction Documents may be further modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, *provided* that, in each case, the Debtors determine, with consent from the Creditors' Committee, that such modification, amendment or supplement has no materially negative effect on the Debtors' claims or interests with respect to Archstone as modified by this Order and the Restructuring; and it is further

ORDERED that this Order shall be binding upon and shall govern the acts of all entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to any Transaction Document and consummation of the transactions contemplated by the Modified Restructuring; and it is further

ORDERED that (i) any and all rights to, interests in or liens against the Acquisition Financing currently held by Woodlands Commercial Bank or Aurora Bank FSB (the "Old Collateral") shall attach to and be deemed of continuing force and effect with respect to the New Equity Interests to which such Old Collateral is converted pursuant to the Modified Restructuring, upon the same terms and conditions as would have applied with respect to the Old Collateral, (ii) this Order shall be deemed to create valid, enforceable, first priority perfected

4

security interests in the New Equity Interests in each case to the extent, but only to the extent, an existing valid, enforceable, first priority perfected security interest exists in the Old Collateral converted to such New Equity Interests pursuant to the Modified Restructuring and (iii) the Debtors shall cooperate with Woodlands Commercial Bank and Aurora Bank FSB to execute any documents or instruments as reasonably requested by Woodlands Commercial Bank and Aurora Bank FSB to effectuate such security interests, subject to the limitations set forth herein; <u>provided</u>, <u>however</u>, that Woodlands Commercial Bank, Aurora Bank FSB, the Debtors and all other Lehman entities shall each be deemed to have exactly the same rights, remedies, claims, positions, causes of action and defenses with respect to the New Equity Interests as existed with respect to the Old Collateral prior to the Restructuring; and it is further

ORDERED that, notwithstanding anything to the contrary in this Order, (i) neither Woodlands Commercial Bank nor Aurora Bank FSB shall be bound by any arguments, statements, assumptions, findings or determinations regarding the value of the Old Collateral or the New Equity Interests that are made during the hearing in respect of the Motion or that may be set forth in this Order and (ii) the rights of Woodlands Commercial Bank and Aurora Bank FSB to assert at any time that they are entitled to additional collateral (either pursuant to their respective contractual agreements with the Debtors or pursuant to the right of secured creditors to adequate protection), and the Debtors' right to oppose any such assertion (including any assertion by Woodlands Commercial Bank or Aurora Bank FSB of its status as a secured creditor) are fully preserved; and it is further

ORDERED that, except as expressly provided in the Motion or this Order, nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights,

claims, interests, obligations, benefits or remedies that the Debtors may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: November __, 2010
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

6

# **EXHIBIT B**

**(Blackline of Proposed Order)**

US_ACTIVE:\43558937\01\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
: 
In re                                                             :     Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :     08-13555 (JMP)
                                                                  :
            Debtors.                                        :     (Jointly Administered)
                                                                  :
                                                                  :
------------------------------------------------------------------x

**ORDER GRANTING THE DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6004 AND 9019 FOR AUTHORIZATION TO MODIFY CERTAIN TERMS OF THE RESTRUCTURING OF THE ARCHSTONE CREDIT FACILITIES**

Upon the motion (the "Motion"),[1] of Lehman Brothers Holdings Inc., Lehman Commercial Paper Inc. ("LCPI"), Luxembourg Residential Properties Loan Finance S.a.r.l. and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the terms of the restructuring (the "Restructuring") of certain documents (together with all collateral agreements and other documentation entered in connection with the transactions contemplated thereby, the "Transaction Documents") evidencing financing extended to Archstone Smith-Trust and/or its affiliates (collectively, "Archstone") pursuant to the *Order Granting the Debtors' Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6004 and 9019 for Authorization to Restructure Certain Terms of the Archstone Credit*, dated May 25, 2010

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

1

[Docket No. 9229] (the "Restructuring Order"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] (the "Second Amended Case Management Order") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to Archstone; (vii) counsel to Bank of America, N.A.; ~~and~~ (viii) counsel to Barclays Capital, Inc.~~,~~ and (ix) all other parties entitled to notice in accordance with the procedures set forth in the Second Amended Case Management Order; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that the objections to the Motion, if any, that have not otherwise been withdrawn or resolved are overruled; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019 and sections 105(a) and 363(b) of the Bankruptcy Code, the modified terms of the Restructuring as set forth in the Motion (the "Modified Restructuring") is hereby approved and the Debtors: (i) are duly authorized to consummate any and all of the transactions contemplated thereby, (ii) are duly authorized to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers (including, without limitation, the execution and delivery of one or more restated documents, agreements modifying or amending the Transaction Documents, successor agency agreements, security agreements, pledge agreements, control agreements, mortgages and financing statements) that may be necessary or appropriate to consummate each of the component transactions contemplated by the Modified Restructuring; and (iii) shall have the right in connection with and following consummation of the transactions contemplated by the Modified Restructuring to vote and make all determinations and take all other actions under each Transaction Document as modified consistent in all material respects with the terms of the Modified Restructuring, it being understood that nothing in this Order shall prejudice the right of LCPI to assign, in accordance with the terms of the Transaction Documents consistent in all material respects with the terms of the Term Sheet (as defined in the Restructuring Order) as modified as set forth in the Motion, any portion of its loans and commitments to, or equity interests in, Archstone, any borrower under the Transaction Documents, or their affiliates, it being further understood that any actions described in this paragraph taken by the Debtors or their affiliates (a) need not be taken simultaneously and may be taken as part of separate consecutive transactions and (b) may be taken without the necessity of any further court proceedings or approval or any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; provided, however, that for the avoidance of

3

doubt, the Debtors are authorized and not directed to take the actions set forth in this paragraph; and it is further

ORDERED that, notwithstanding the provisions of the Restructuring Order or this Order, the Transaction Documents may be further modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, *provided* that, in each case, ~~upon consultation~~<u>the Debtors determine,</u> with <u>consent from</u> the Creditors' Committee, ~~the Debtors determine~~ that such modification, amendment or supplement has no materially negative effect on the Debtors' claims or interests with respect to Archstone as modified by this Order and the Restructuring; and it is further

ORDERED that this Order shall be binding upon and shall govern the acts of all entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to any Transaction Document and consummation of the transactions contemplated by the Modified Restructuring; and it is further

ORDERED that (i) any and all rights to, interests in or liens against the Acquisition Financing currently held by Woodlands Commercial Bank or Aurora Bank FSB (the "<u>Old Collateral</u>") shall attach to and be deemed of continuing force and effect with respect to the New Equity Interests to which such Old Collateral is converted pursuant to the Modified Restructuring, upon the same terms and conditions as would have applied with respect to the Old Collateral, (ii) this Order shall be deemed to create valid, enforceable, first priority perfected

4

security interests in the New Equity Interests in each case to the extent, but only to the extent, an existing valid, enforceable, first priority perfected security interest exists in the Old Collateral converted to such New Equity Interests pursuant to the Modified Restructuring and (iii) the Debtors shall cooperate with Woodlands Commercial Bank and Aurora Bank FSB to execute any documents or instruments as reasonably requested by Woodlands Commercial Bank and Aurora Bank FSB to effectuate such security interests, subject to the limitations set forth herein; provided, however, that Woodlands Commercial Bank, Aurora Bank FSB, the Debtors and all other Lehman entities shall each be deemed to have exactly the same rights, remedies, claims, positions, causes of action and defenses with respect to the New Equity Interests as existed with respect to the Old Collateral prior to the Restructuring; and it is further

ORDERED that, notwithstanding anything to the contrary in this Order, (i) neither Woodlands Commercial Bank nor Aurora Bank FSB shall be bound by any arguments, statements, assumptions, findings or determinations regarding the value of the Old Collateral or the New Equity Interests that are made during the hearing in respect of the Motion or that may be set forth in this Order and (ii) the rights of Woodlands Commercial Bank and Aurora Bank FSB to assert at any time that they are entitled to additional collateral (either pursuant to their respective contractual agreements with the Debtors or pursuant to the right of secured creditors to adequate protection), and the Debtors' right to oppose any such assertion (including any assertion by Woodlands Commercial Bank or Aurora Bank FSB of its status as a secured creditor) are fully preserved; and it is further

ORDERED that, except as expressly provided in the Motion or this Order, nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights,

5

claims, interests, obligations, benefits or remedies that the Debtors may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: November __, 2010
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE