Hearing Date and Time: December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------x

**NOTICE OF MOTION PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR APPROVAL
OF THE TERMINATION AND SETTLEMENT OF CERTAIN PREPETITION
DERIVATIVES CONTRACTS WITH TRUSTS FOR WHICH U.S. BANK NATIONAL
ASSOCIATION SERVES AS INDENTURE TRUSTEE AND RELATED RELIEF**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Special Financing Inc. and Lehman Brothers Financial Products Inc., as debtors and debtors-in-possession, together with Lehman Brothers Holdings Inc. and their affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, for approval of the termination and settlement of certain prepetition derivatives contracts and related relief, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

US_ACTIVE:\43543037\14\58399.0008

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Lori R. Fife, Esq. and Robert J. Lemons, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope Davis, Esq., Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., and Linda Riffkin, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq., and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Chapman and Cutler LLP, 111 West Monroe Street, Chicago, Illinois 60603, Attn: James E. Spiotto, Esq. and Franklin H. Top, III, Esq., attorneys for U.S. Bank National Association, so as to be so filed and received by no later than **December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 15, 2010
      New York, New York

/s/ Lori R. Fife
Lori R. Fife
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                                         :  **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :  **08-13555 (JMP)**
                                                              :
                        Debtors.                     :  **(Jointly Administered)**
---------------------------------------------------------------------x

**MOTION PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR APPROVAL
OF THE TERMINATION AND SETTLEMENT OF CERTAIN PREPETITION
DERIVATIVES CONTRACTS WITH TRUSTS FOR WHICH U.S. BANK NATIONAL
ASSOCIATION SERVES AS INDENTURE TRUSTEE AND RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Special Financing Inc. ("<u>LBSF</u>") and Lehman Brothers Financial Products Inc. ("<u>LBFP</u>"), as debtors and debtors-in-possession, together with Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and their affiliated debtors in the above-referenced chapter 11 cases (collectively, the "<u>Debtors</u>"), file this Motion and respectfully represent:

**Background**

1. Commencing on September 15, 2008, and periodically thereafter (as applicable, the "<u>Commencement Date</u>"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors for the Debtors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On December 16, 2008, this Court entered an order (the "Derivatives Settlement Procedures Order") establishing procedures for the settlement or assumption and assignment of prepetition derivatives contracts [Docket No. 2257].

## Jurisdiction

4. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

5. The Debtors request the entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, (i) approving the termination of the derivatives contracts listed on Exhibit A annexed hereto (the "Derivatives Contracts") and the settlement of all amounts due under such Derivatives Contracts in the amounts set forth in Exhibit A (the "Settlement Amounts") and (ii) allowing the Claims (as defined below) in the respective Settlement Amounts.

## The Derivatives Contracts

6. In the ordinary course of their businesses prior to the Commencement Date, the Debtors entered into various types of derivatives contracts, including derivatives

US_ACTIVE:\43543037\14\58399.0008                    2

contracts that provided other parties protection against movements in interest rates in exchange for a fee. Since the Commencement Date, the Debtors have diligently sought to terminate and settle their large portfolio of derivatives contracts in order to fix the amount of their liabilities or receivables under such contracts.

7. LBSF and LBFP are each party to one or more Derivatives Contracts with the various trusts and special purpose vehicles listed on Exhibit A (collectively, the "Trusts"), each of which was formed to hold residential mortgage loans and issue securities. U.S. Bank National Association ("U.S. Bank") serves as indenture trustee ("Trustee") for each of the Trusts. Pursuant to the terms of the Derivatives Contracts, the Trusts paid an upfront payment to LBSF or LBFP, as applicable, and LBSF and LBFP, as applicable, has an obligation to pay to the Trusts certain amounts solely to the extent that one-month USD-LIBOR-BBA ("One Month LIBOR") exceeds a specified rate (a "Cap"). Under the terms of certain other of the Derivatives Contracts, the Trusts paid an upfront payment to LBSF or LBFP, as applicable, and LBSF and LBFP, as applicable, has an obligation to pay to the Trusts certain amounts to the extent that One Month LIBOR is within a specified range of rates. LBHI guaranteed LBSF's payment obligations under each of the Derivatives Contracts to which LBSF is party, other than those Derivatives Contracts that are the subject of the Excluded Guarantee Claims (as defined below). LBHI did not guarantee LBFP's obligations under the two Derivatives Contracts to which LBFP is party.

8. The Debtors have determined that the Derivatives Contracts are "out-of-the money" to the Debtors and, if the One Month LIBOR rate increases dramatically, such contracts could possibly move further "out-of-the-money." Moreover, under the terms of the Derivatives Contracts, the Debtors cannot and will not receive any further payments from the

Trusts, but, rather can only owe amounts to the Trusts. Thus, unlike most of the Debtors' derivatives contracts, these Derivatives Contracts can never move "in-the-money" to the Debtors. Certain of the Derivatives Contracts also have long maturities, up to 8 years in some cases. Accordingly, the Debtors have determined that it would be prudent to terminate the Derivatives Contracts and settle the amounts owed by LBSF and LBFP thereunder in order to fix the amount of their liability under the Derivatives Contracts and limit any increase in damages that could be claimed by the Trusts.

9. The Debtors are authorized to terminate and settle the Derivatives Contracts without further Court approval pursuant to the Derivatives Settlement Procedures Order. However, U.S. Bank has agreed to the terms of the proposed termination and settlement of the Derivatives Contracts, including the Settlement Amounts, subject to the filing of this Motion, which provides U.S. Bank, the Trusts and the holders[1] of the securities issued by the Trusts with notice of, and an opportunity to object to, the proposed termination and settlement of the Derivatives Contracts. U.S. Bank has notified holders of securities issued by the Trusts and requested that they provide instruction with respect to settling the Derivative Contracts, but has received no response and has not been directed by such holders to terminate and settle the Derivatives Contracts since the Commencement Date.

## The Claims

10. U.S. Bank, in its capacity as Trustee, timely filed proofs of claim with respect to each Derivatives Contract in compliance with the terms of the Bar Date Order[2]

---

[1] It is the Debtors' understanding that U.S. Bank will provide notice of the Motion to each of the holders of the securities issued by the Trusts in the manner in which U.S. Bank ordinarily provides notices to such holders.

[2] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner Thereof and Approving the Proof of Claim Form, entered on July 2, 2009 [Docket No. 4271].

asserting claims in unliquidated amounts against (i) LBSF or LBFP, as applicable, based on the Derivatives Contracts (the "<u>Derivatives Claims</u>") and (ii) solely with respect to the Derivatives Contracts to which LBSF is party, LBHI based on LBHI's guarantee of LBSF's payment obligations under the Derivatives Contracts (the "<u>Guarantee Claims</u>," and collectively with the Derivatives Claims, the "<u>Claims</u>").  In consideration of the termination of the Derivatives Contracts, other than as set forth in the succeeding paragraph, the Debtors and U.S. Bank have agreed that the Claims will be allowed in the respective Settlement Amounts.

11. The guarantee claims filed by the Trustee on behalf of Lehman XS Trust Mortgage Pass Through Certificates, Series 2005-9N, Supplement Interest Trust, Structured Asset Securities Corporation, Series 2008-1, Supplemental Interest Trust, Structured Asset Securities Corporation, Series 2007-4 and Lehman XS Trust Mortgage Pass Through Certificates, Series 2006-12N (collectively, the "<u>Excluded Guarantee Claims</u>") did not comply with the requirements of the Bar Date Order and are not being allowed pursuant to the proposed Order.  This Motion does not address the Excluded Guarantee Claims in any respect.  The Debtors reserve all rights to object to the Excluded Guarantee Claims on all grounds, and the Trustee reserves all rights to assert all defenses with respect to such claims.  Other than as set forth in this paragraph, the allowed Claims set forth in <u>Exhibit A</u> will fully and completely satisfy the Claims and all claims of the Trusts against LBSF, LBFP, LBHI and any other Debtor in these cases in connection with the Derivatives Contracts.

12. The Debtors and the Trustee have agreed that the Derivatives Contracts should be terminated as of September 22, 2010 (the "<u>Termination Date</u>").  In accordance with section 562 of the Bankruptcy Code, the damages under the Derivatives Contracts following the termination thereof will be measured as of the Termination Date.  11 U.S.C. § 562.  The Debtors

believe that the Settlement Amounts reflect a fair valuation of all amounts due from LBSF and LBFP to the Trusts under the Derivatives Contracts. The Settlement Amounts have been reviewed and verified by an independent third party retained by U.S. Bank. Accordingly, the Debtors request that the Court approve the settlement of the Derivatives Contracts in the respective Settlement Amounts.

13. The Settlement Amounts have also been reviewed and agreed to by the advisors to the Creditors' Committee.

### The Termination and Settlement of the Derivatives Contracts Is Reasonable and in the Best Interests of the Debtors' Estates and Their Creditors

14. The termination of the Derivatives Contracts and the settlement of the Derivatives Contracts in the Settlement Amounts should be approved under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019 provides, in part, that "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In granting a motion pursuant to Rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

15. The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). It is the responsibility of a court to examine a settlement and determine whether it "falls below the

lowest point in the range of reasonableness." *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997). Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

16. While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134 B.R. at 496. "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact. . . . The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis v. Shugrue*, 165 B.R. at 123 (internal citations omitted).

17. The court may give weight to the "informed judgments of the … debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. at 505 (internal citations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. at 802 ("Significantly, that test does not contemplate that [the court] substitute [its] judgment for the Trustee's, but only that [the court] test his choice for reasonableness…. If the Trustee chooses one of two reasonable choices, [the court] must approve that choice, even if, all things being equal, [the court] would have selected the other.").

18. The Debtors have determined in the sound exercise of their business judgment that the Derivatives Contracts should be terminated. The Derivatives Contracts

generally do not mature for many years and are "out-of-the-money" to the Debtors and, pursuant to their terms, are incapable of becoming "in-the-money" to the Debtors. Accordingly, the Debtors have determined that it is in the best interests of their estates and creditors to fix the amount of liability arising under the Derivatives Contracts. The Settlement Amounts are the product of the well-informed judgment by the Debtors and supported by their professionals and have been verified by an independent third-party valuation agent. The aggregate amount of the Settlement Amounts is $1,556,593.74. In light of these factors and in furtherance of the Debtors' duties to preserve value for their estates, termination of the Derivatives Contracts and allowance of the Claims in the respective Settlement Amounts is an exercise of sound business judgment, satisfies the standards for approval of settlements under Bankruptcy Rule 9019, and should be approved.

19. In addition, the Debtors and U.S. Bank, in its capacity as Trustee, seek to have the settlement of the Derivatives Contracts binding on all investors in the Trusts. U.S. Bank is providing notice of the termination of the Derivative Contracts and the allowance of the Claims in the respective Settlement Amounts to all registered holders of securities issued by the Trusts, and all other holders who have identified themselves to U.S. Bank, in accordance with standard procedures with respect to notices, and advising such holders of the filing of this Motion and of their respective opportunity to object thereto.

### Notice

20. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) U.S. Bank; (vii) the Trusts, and (viii) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

21. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: November 15, 2010
      New York, New York

                                        /s/ Lori R. Fife
                                        Lori R. Fife
                                        Robert J. Lemons

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

# Exhibit A

**(Schedule of Derivatives Contracts and Settlement Amounts)**

US_ACTIVE:\43543037\14\58399.0008

| | Trust (Trust ID) | Derivative Contract | Derivatives Claim No. | Guarantee Claim No.[1] | Amounts Asserted | Settlement Amount ($) |
|---|---|---|---|---|---|---|
| 1 | Conseco Finance Corporation Manufactured Housing Contract Senior/Subordinate Pass-Through Certificates Series 2001-4 (121301CFSC) | Confirmation, dated December 18, 2001, between Trust and LBFP (incorporated 1992 ISDA Master Agreement) | 32959 | Not Applicable. | Unliquidated | 172,167.78 |
| 2 | Conseco Finance Corporation Manufactured Housing Contract Senior/Subordinate Pass-Through Certificates Series 2002-1 (040502CONS) | Confirmation, dated April 11, 2002, between Trust and LBFP (incorporated 1992 ISDA Master Agreement) | 32958 | Not Applicable. | Unliquidated | 125,667.31 |
| 3 | Lehman XS Trust Mortgage Pass-Through Certificates, Series 2005-2 (111805LEHM) | Confirmation, dated November 29, 2005, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32991 | 32992 | Unliquidated | 22,078.96 |
| 4 | Lehman XS Trust Mortgage Pass Through Certificates, Series 2005-9N (121605LEHM) | Confirmation, dated December 30, 2005, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32819 | 32809[2] | Unliquidated | 24,038.85 |
| 5 | Structured Asset Securities Corporation, Series 2005-RF2 (051705SRF2) | Confirmation, dated May 26, 2005, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32925 | 32924 | Unliquidated | 23,903.87 |
| 6 | Structured Asset Securities Corporation, Series 2005-RF3 (072705SASC) | Confirmation, dated July 28, 2005, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32927 | 32926 | Unliquidated | 43,098.01 |
| 7 | Structured Asset Securities Corporation, Series 2005-RF4 (082505SASC) | Confirmation, dated August 30, 2005, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32929 | 32928 | Unliquidated | 48,291.02 |

---

[1] LBHI did not guarantee the obligations of LBFP.

[2] This claim is not being allowed pursuant to the proposed Order and the Settlement Amount for this Derivative Contract relates only to the Derivative Claim.

| | **Trust (Trust ID)** | **Derivative Contract** | **Derivatives Claim No.** | **Guarantee Claim No.[1]** | **Amounts Asserted** | **Settlement Amount ($)** |
|---|---|---|---|---|---|---|
| 8 | Supplement Interest Trust, Structured Asset Securities Corporation, Series 2008-1 (012408STRU) | Confirmation, dated January 30, 2008, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32990 | 32913[3] | Unliquidated | 167,886.31 |
| 9 | Structured Asset Securities Corporation, Series 2005-RF6 (112905SAS6) | Confirmation, dated November 29, 2005, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32975 | 32974 | Unliquidated | 36,663.44 |
| 10 | Structured Asset Securities Corporation, Series 2006-RF2 (072706SASC) | Confirmation, dated July 31, 2006, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32972 | 32950 | Unliquidated | 124,454.08 |
| 11 | Structured Asset Securities Corporation, Series 2006-RF4 (111706LEHM) | Confirmation, dated December 7, 2006, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32951 | 32979 | Unliquidated | 87,281.89 |
| 12 | Structured Asset Securities Corporation Mortgage Loan Trust mortgage Pass-Through Certificates, Series 2007-RF1 (032807LEH6) | Confirmation, dated March 30, 2007, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32910 | 32909 | Unliquidated | 229,978.17 |
| 13 | Structured Asset Securities Corporation Mortgage Loan Trust, Series 2007-RF2 (112707LE10) | Confirmation, dated November 30, 2007, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32912 | 32911 | Unliquidated | 101,386.27 |
| 14 | Structured Asset Securities Corporation, Series 2005-RF5 (092305SRF5) | Confirmation, dated September 29, 2005, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32977 | 32976 | Unliquidated | 39,350.93 |
| 15 | Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2008-2 (052708STRU) | Confirmation, dated May 30, 2008, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32914 | 32915 | Unliquidated | 25,915.56 |

---

[3] This claim is not being allowed pursuant to the proposed Order and the Settlement Amount for this Derivative Contract relates only to the Derivative Claim.

US_ACTIVE:\43543037\14\58399.0008                          2

| | **Trust (Trust ID)** | **Derivative Contract** | **Derivatives Claim No.** | **Guarantee Claim No.[1]** | **Amounts Asserted** | **Settlement Amount ($)** |
|---|---|---|---|---|---|---|
| 16 | Supplemental Interest Trust, Structured Asset Securities Corporation, Series 2007-4 (082807STRU) | Confirmations, dated June 28, 2007, September 18, 2007, November 19, 2007, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32908 | 32980[4] | Unliquidated | 212,450.25 |
| 17 | Structured Asset Securities Corporation, Series 2005-RF7 (120705STRU) | Confirmation, dated December 23, 2005, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32978 | 32973 | Unliquidated | 29,140.80 |
| 18 | Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-RF1 (0411055RF1) | Confirmation, dated April 27, 2005, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32922 | 32923 | Unliquidated | 23,586.86 |
| 19 | Lehman XS Trust Mortgage Pass Through Certificates, Series 2006-12N (072706LEHM) | Confirmation, dated July 31, 2006, between Trust and LBSF (incorporated 1992 ISDA Master Agreement) | 32810 | 32821[5] | Unliquidated | 19,253.38 |

---

[4] This claim is not being allowed pursuant to the proposed Order and the Settlement Amount for this Derivative Contract relates only to the Derivative Claim.

[5] This claim is not being allowed pursuant to the proposed Order and the Settlement Amount for this Derivative Contract relates only to the Derivative Claim.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION FOR APPROVAL**
**OF THE TERMINATION AND SETTLEMENT OF CERTAIN PREPETITION**
**DERIVATIVES CONTRACTS WITH TRUSTS FOR WHICH U.S. BANK NATIONAL**
**ASSOCIATION SERVES AS INDENTURE TRUSTEE AND RELATED RELIEF**

Upon the motion dated November 15, 2010 (the "Motion") of Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Financial Products Inc. ("LBFP"), as debtors and debtors-in-possession, together with Lehman Brothers Holdings Inc. ("LBHI") and their affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code[1] and Bankruptcy Rule 9019, for entry of an order (i) approving the termination and settlement of the Derivatives Contracts in the amounts set forth in Exhibit A annexed to the Motion (the "Settlement Amounts") and (ii) allowing the Claims in the respective Settlement Amounts, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635],

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

and it appearing that no other or further notice need be provided; and a hearing having been held to consider the Motion; and upon the Court's consideration of the Motion and the record of the hearing to consider the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor, it is

        ADJUDGED, FOUND AND DETERMINED:

        A.        The relief sought in the Motion is in the best interests of the Debtors and their estates and creditors, holders of notes, certificates or investments in the Trusts, and all parties in interest, and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

        B.        U.S. Bank, in its capacity as Trustee, provided reasonable notice of the Motion to holders of notes, certificates or other investments in the Trusts.

        C.        The compromises set forth in the Motion are fair and reasonable and there is no bona fide basis for any claims or actions against the Debtors or U.S. Bank, as Trustee or in its individual capacity, arising out of the participation in the negotiation and implementation of the relief requested in the Motion.

        NOW, THEREFORE, IT IS:

        ORDERED that, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Motion is granted; and it is further

        ORDERED that the Derivatives Contracts are hereby terminated as of September 22, 2010 (the "<u>Termination Date</u>") and, other than the Derivatives Claims, the Debtors and the Trusts shall have no further rights, obligations or liabilities of any kind, nature and character whatsoever arising under or related to the Derivatives Contracts other than as set forth herein; and it is further

ORDERED that, in accordance with section 562 of the Bankruptcy Code, the Derivatives Claims against LBSF and LBFP and the Guarantee Claims against LBHI shall be allowed in the Settlement Amounts determined as of the Termination Date set forth in Exhibit A annexed to the Motion; provided, however, that the aggregate recovery of a Trust from LBSF and LBHI together in respect of its Claims shall not exceed its respective allowed Derivatives Claim; and it is further

ORDERED that the allowed Claims set forth in Exhibit A annexed to the Motion are in full and complete satisfaction of such Claims and all claims of the Trusts against LBSF, LBFP, LBHI and any other Debtor in connection with the Derivatives Contracts and the Trusts have no right to assert any other claims or claim amounts under their respective Derivatives Contracts against any Debtor; and it is further

ORDERED that this Order shall not affect the Excluded Guarantee Claims in any respect and the Debtors and the Trustee reserve all rights and defenses with respect thereto; and it is further

ORDERED that all holders of notes, certificates or other investments in the Trusts are bound by, and deemed to have consented to, the termination of the Derivatives Contracts, the settlement of the Derivatives Contracts in the Settlement Amounts and the terms of this Order; and it is further

ORDERED that the Debtors, U.S. Bank, as Trustee or in its individual capacity, and their respective legal counsel and/or financial advisors shall not have any liability for any claims, demands, suits, actions or causes of action arising out of the participation in the negotiation and implementation of the relief requested in the Motion; and it is further

ORDERED that the terms of this Order are effective and enforceable as of the date of this Order; and it is further

ORDERED that Epiq Systems, Inc., the Debtors' court-appointed claims and noticing agent, is authorized and directed to modify the Debtors' official claims registry to reflect the relief provided herein; and it is further

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December __, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE