# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | 08-13555 |
| Debtors. | Claim No. 25484 |
| | Claimant: The Estate of Edwin Jacobson |
| | Unsecured: $627,790.00 |

## THE ESTATE OF EDWIN JACOBSON'S RESPONSE TO DEBTORS' FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIM

The Estate of Edwin Jacobson (the "Jacobson Estate") responds to Debtors' Fifty-Eighth Objection as follows:

### SUMMARY OF THE JACOBSON ESTATE'S CLAIM

1.  On September 12, 2008, the Jacobson Estate filed a lawsuit against the Debtor Lehman Brothers Holdings, Inc. ("Lehman") and others for claims arising out of the Illinois Uniform Fraudulent Transfer Act ("ILUFTA") (Hereinafter, the "ILUFTA Action"). (A copy of the ILUFTA Complaint is attached hereto as Exhibit 1.)

2.  In the ILUFTA Action, the Jacobson Estate alleged that:

    a.  As of March 28, 2003, Lehman beneficially owned 187,400 publicly traded "units" of Heartland Partners Limited Partnership ("Heartland"), which represented 9.0% of all issued and outstanding units.

    b.  On September 15, 2003, Heartland distributed approximately $2,231,000 in cash to its unitholders. And, on December 9, 2003, Heartland distributed

    antoher $4,885,000 in cash to its unitholders. (Together, the "2003 Distributions.")

   c. Lehman received approximately $627,790 from Heartland as a result of the 2003 Distributions.

   d. The 2003 Distributions were fraudulent transfers under the ILUFTA.

   e. The Jacobson Estate has a claim against Lehman under the ILUFTA to recover the funds that were fraudulently transferred to Lehman.

(*See* Ex. 1.)

  3. Just three days after the Jacobson Estate filed the ILUFTA Action, Lehman filed for bankruptcy relief.

  4. Thereafter, the Jacobson Estate successfully served Lehman with a copy of the ILUFTA Complaint and a summons.

  5. On October 30, 2008, McDermott Will & Emery LLP filed an appearance on behalf of Lehman in the ILUFTA Action. (*See* Ex. 2.)

  6. On November 6, 2008, the ILUFTA Action was stayed as to Lehman at Lehman's request. (*See* Ex. 3 hereto.) (The ILUFTA Action is proceeding against the other defendants.)

  7. On September 21, 2009, the Jacobson Estate timely filed its proof of claim. (Ex. 4 hereto.) The Jacobson Estate's claim was given the claim number 25484.

  8. Debtors have objected to the Jacobson Estate's proof of claim on the basis that it did not attach any supporting documentation or explain why no such documentation was attached.

  9. For the reasons that follow, the Jacobson Estate respectfully requests that the objection be overruled.

## **DEBTORS' OBJECTION SHOULD BE OVERRULED**

10. In the bankruptcy context, a claim is any right to payment. *In re Dove-Nation*, 318 B.R. 147, 150 (8th Cir. 2004.) A creditor includes any entity which has a claim against the debtor that arose at or prior to the entry of the order for relief under the Bankruptcy Code. *Id.* A creditor may file with the bankruptcy court a proof of its claim against a debtor. *Id.* Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Rules") provide instructions for filing a proof of claim. *See* Fed. Rules. Bank. P. 3001. A claim is deemed allowed unless a party in interest objects. *Dove-Nation*, 318 B.R. at 150. Section 502(b) of the Bankruptcy Code sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies. *Id.*

11. Debtors' objection should be overruled because a majority of jurisdictions have held that "a creditor's mere failure to comply with the documentary requirements in Rule 3001(c) does not provide a basis for objecting to, or disallowing, a claim." *In re Moreno*, 341 B.R. 813, 817 (Bank. S.D. Fl. 2006); *see also, Dove-Nation*, 318 B.R. at 152 (holding that "even if the claims had not substantially complied with Rule 3001, the claims are still allowed claims under Section 502 of the Bankruptcy Code unless the Debtor establishes an exception under Section 502(b).") Because Debtors' only objection is that the Jacobson Estate failed to submit supporting documentation, their objection should be overruled.

12. In addition, Debtors' objection should be overruled because the Jacobson Estate substantially complied with Rule 3001. In that regard, Rule 3001 does not demand that a creditor plead its proof of claim with specificity or precision. *See* Fed. R. Bankr. P. 3001(a) ("A proof of claim is a written statement setting forth a creditor's claim.") Instead, the proof of claim

3

merely "must contain a demand by the creditor against the debtor's estate, and an intent to hold the debtor's estate liable." *Liakas v. Creditors' Committee*, 780 F. 2d 176, 178 (1st Cir. 1986.)

13. The Jacobson Estate completed, signed and timely returned the proof of claim form that was sent to it by Debtors. At that time, the only supporting document that the Jacobson Estate could have attached to the claim form was its ILUFTA Complaint, which had already been served on Lehman. Indeed, by the time the Jacobson Estate had filed its proof of claim form Lehman had already filed an appearance in the ILUFTA Action and obtained an order staying that case. Thus, Debtors were not harmed the Jacobson Estate's failure to attach a copy of the ILUFTA Complaint (which Lehman already had) to its proof of claim. Accordingly, Debtors' technical objection to the Jacobson Estate's proof of claim should be overruled. *See Denby Stroes, Inc. v. Outlet Co.*, 86 B.R. 768, 774 (Bank. S.D.N.Y. 1988) (holding that technical considerations will not prevent substantial justice from being done.)

## ALTERNATIVELY, THE JACOBSON ESTATE SHOULD BE GIVEN LEAVE TO AMEND ITS PROOF OF CLAIM

14. Even if this Court finds that the Jacobson Estate's proof of claim is technically deficient, the Jacobson Estate should be given leave to amend the proof of claim to correct the technical defect by attaching a copy of the ILUFTA Complaint.

15. "It is well established that an amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, <u>to describe the claim with greater particularity</u> or to plead a new theory of recovery on the facts set forth in the original claim." *Denby Stores, Inc.*, 86 B.R. at 775 (emphasis added); *see also, In re Bloomingdale Partners*, 160 B.R. 101, 107 (Bank. N.D. Ill. 1993) (finding that a creditor should be allowed to amend a proof of claim to conform with Rule 3001 as long as the debtor will not be harmed by the amendment.)

16.     As described above, Lehman already had actual notice of the basis and amount of the Jacobson Estate's claim when it filed its proof of claim. (*See* ¶ 13 *supra*.) Accordingly, Debtors would not be harmed by allowing the Jacobson Estate to amend its proof of claim by attaching a copy of the ILUFTA Complaint to it.

**Wherefore**, for all of the foregoing reasons, the Jacobson Estate respectfully requests that this Court enter an order overruling Debtors' objection. Alternatively, the Jacobson Estate respectfully requests leave to amend its proof of claim to include a copy of the ILUFTA Complaint and/or any other supporting documentation that this Court deems necessary.

Respectfully submitted
THE ESTATE OF EDWIN JACOBSON

By: /s/ [signature]
One of its attorneys

**Please send any replies and direct any questions to:**
Edward T. Joyce
Robert D. Carroll
**Edward T. Joyce & Associates, P.C.**
135 South LaSalle St., Ste., 2200
Chicago, Illinois 60603
p. (312) 641-2600
f. (312) 641-0360

## CERTIFICATE OF SERVICE

I, Robert Carroll, an attorney, hereby certify that I caused a copy of the foregoing **The Estate of Edwin Jacobson's Response to Debtor's Fifty-Eighth Omnibus Objection to Claim,** to be served on the persons listed below by U.P.S. overnight delivery this 10th day of November 2010.

Honorable James M. Peck
One Bowling Green
Courtroom 601
New York, New York 10004

Dennis F. Dunne
Dennis O'Donnell
Evan Fleck
**Milbank, Tweed, Hadley
& Mccloy, LLP**
1 Chase Manhattan Plaza
New York, New York 10005

Shai Waisman
**Weil Gotshal & Manges, LLP**
767 Fifth Ave.
New York, New York 10153

Andy Velez-Rivera
Paul Schwartzberg
Brian Masumoto
Linda Riffkin
Tracy Hope Davis
**Office of the United States Trustee
for the Southern District of New York**
33 Whitehall Street, 21st Floor
New York, New York 10004

_____
Robert D. Carroll