WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**(I) DECLARATION OF DANIEL EHRMANN IN SUPPORT
OF AND (II) NOTICE OF MODIFICATION OF MOTION FOR APPROVAL
OF THE TERMINATION AND SETTLEMENT OF CERTAIN PREPETITION
DERIVATIVES CONTRACTS WITH TRUSTS FOR WHICH U.S. BANK NATIONAL
ASSOCIATION SERVES AS INDENTURE TRUSTEE AND RELATED RELIEF**

**Notice of Modification**

The *Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of the Termination and Settlement of Certain Prepetition Derivatives Contracts with Trusts for which U.S. Bank National Association Serves as Indenture Trustee and Related Relief* [Docket No. 12786] (the "Motion"),[1] provides that the Settlement Amount for each Derivatives Contract are set forth on Exhibit A to the Motion. For each Derivatives Contract, the Settlement Amounts set forth on Exhibit A to the Motion represent the sum of (i) the termination payments owed under the Derivatives Contracts and (ii) certain fees and expenses of the Trusts owed under the terms of the Derivatives Contracts. In paragraphs 12 and

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

18 of the Motion, the Debtors state that the Settlement Amounts have been reviewed and verified by an independent third party valuation agent. Contrary to the Motion, an independent third party only reviewed and verified the termination payments owed under the Derivatives Contracts and did not opine on the fees and expenses owed under the Derivatives Contracts. The Motion is hereby modified to reflect the foregoing.

### Declaration of Daniel Ehrmann

Pursuant to 28 U.S.C. § 1746, I, Daniel Ehrmann, declare:

1. I am over the age of 18 years and make these statements of my own personal knowledge, following my review of the business records of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (collectively, with LBHI, the "Debtors"), including specifically, Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Financial Products Inc. ("LBFP"), and/or my consultation with employees of the Debtors. If called to testify, I could testify to the truth of the matters set forth herein.

2. I submit this Declaration in support of the Motion.

3. I am Managing Director with Alvarez & Marsal North America, LLC. I was assigned to the Lehman matter in September 2008. I am a co-head of the derivatives group for the Debtors. In that capacity, I am responsible for and manage all derivates-related matters of the Debtors.

4. I am familiar with LBSF's and LBFP's interests in the derivatives contracts (the "Derivatives Contracts") set forth on Exhibit A ("Exhibit A") annexed to the Motion with the various trusts and special purpose vehicles (collectively, the "Trusts") listed on Exhibit A to the Motion. U.S. Bank National Association ("U.S. Bank") serves as indenture

trustee ("Trustee") for each of the Trusts. The Motion accurately reflects the terms of the Derivatives Contracts.

5. Since September 15, 2008, the date on which LBHI commenced its chapter 11 case, the Debtors have diligently sought to unwind their derivative contracts and crystallize amounts payable by the Debtors. Fixing the amount of unliquidated claims filed against the Debtors will assist the Debtors in preparing their chapter 11 plan and estimating distributions to creditors.

6. Under the terms of the Derivatives Contracts, the Debtors are not entitled to receive any further payments from the Trusts, but, rather can only owe amounts to the Trusts. The Derivatives Contracts are interest rate caps and corridors that do not provide for payments to the Debtors, other than a payment upon the execution of the agreement. The Debtors' payment obligations under the Derivative Contracts are tied to One Month LIBOR rates. If One Month LIBOR increases dramatically in the future, the Debtors' liabilities could increase dramatically.

7. In order to fix in amount the Debtors' liability under the Derivatives Contracts and limit any increase in damages that could be claimed by the Trusts, the Debtors determined it would be prudent to terminate the Derivatives Contracts and settle the amounts owed by LBSF and LBFP thereunder. The Debtors and U.S. Bank have agreed that the Derivatives Contracts should be terminated as of September 22, 2010 (the "Termination Date"). In accordance with section 562 of the Bankruptcy Code, the damages under the Derivatives Contracts following the termination thereof will be measured as of the Termination Date. The Debtors calculated the amounts due to the Trusts under the Derivative Contracts in accordance with the terms thereof. Such amounts, excluding the amounts of fees and expenses owed to the Trusts under the terms of the Derivatives Contracts, have been verified by an independent third

party engaged by U.S. Bank. The total amount owed to each Trust under the terms of the Derivatives Contracts is set forth on Exhibit A to the Motion (the "Settlement Amounts"). After consultation with various employees of the Debtors and attorneys for the Debtors, I believe that the termination of the Derivatives Contracts at this time and agreeing to the Settlement Amounts are in the best interests of the Debtors, their estates and creditors.

8. I am aware that the Debtors are authorized to terminate and settle the Derivatives Contracts with consenting counterparties pursuant to *Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* [Docket No. 2257]. I have been advised that U.S. Bank has requested that the holders of securities issued by the Trusts provide instruction with respect to settling the Derivative Contracts, but has not been directed by the requisite number or amount of holders to terminate and settle the Derivatives Contracts. U.S. Bank, in its capacity as Trustee, has agreed to the terms of the proposed termination and settlement of the Derivatives Contracts, including the Settlement Amounts, subject to the filing of the Motion, which provides U.S. Bank, the Trusts and the holders of the securities issued by the Trusts with notice of, and an opportunity to object to, the proposed termination and settlement of the Derivatives Contracts.

9. The claims against LBSF, LBFP and LBHI that would be allowed claims pursuant to the proposed order were timely filed and filed in accordance with the Bar Date Order. The Excluded Guarantee Claims filed by U.S. Bank against LBHI did not comply with certain provisions of the Bar Date Order, and therefore would not be allowed pursuant to the proposed order. As a result of the termination and settlement of the Derivatives Contracts, the

Debtors have agreed that certain of the Claims will be allowed in the Settlement Amounts to the extent provided in Exhibit A.

10. In my business judgment, the termination of the Derivatives Contracts at this time and the allowance of the Claims in the respective Settlement Amounts are in the best interest of the Debtors, their estates and their creditors.

11. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 16th day of November 2010.

/s/ Daniel Ehrmann
Daniel Ehrmann