UNITED STATES BANKRUPTCY COURT
SOUTHER DISTRICT OF NEW YORK

In re:                                      )
                                            )   Bankr. Case No.: 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS                    )
INC., et al.                                )
                                            )   Chapter 11
    Debtors                                 )
                                            )
                                            )

## RESPONSE TO OBJECTION TO CLAIM

Samuel J. Friedman, ("Respondent") by and through his undersigned counsel, hereby files this Response to Objection to Claim and states as follows:

1. On or around June 19, 2009, Respondent file a timely proof of claim in the above referenced bankruptcy proceeding.

2. That attached to the proof of claim was supporting documentation, showing that Respondent was entitled to a distribution, as an unsecured creditor, having owned $30,000 of Lehman Brothers Stock, a copy of which is attached hereto as Exhibit 1.

3. The claim filed by Respondent should be allowed as it was timely filed and supporting documentation was, and is, attached to the proof of claim.

4. A claim is a "right to payment." 11 U.S.C. § 101(5)(A). "A proof of claim is a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a). A properly executed and filed proof of claim is presumed to be valid. Fed. R. Bankr. P. 3001(f). "As one bankruptcy court has explained, '[a] proof of claim for an unsecured creditor requires little more than a listing of name, address, amount of claim (or a listing as "unliquidated" or "contingent"), and a signature. It should take less than 5 minutes to fill out.'" *LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1058 (D.C. Cir. 1992) (quoting *In re Great W. Cities, Inc.*, 88 B.R. 109, 114

(Bankr. N.D. Tex. 1988)). *Accord Paul Mason & Assocs., Inc. v. Charlton (In re Charlton)*, No. 04-30011-BKC-SHF, 2005 Bankr. LEXIS 444, at *9 (Bankr. S.D. Fla. Jan. 24, 2005) ("Proofs of claim, on the other hand, are not intended to be elaborate or detailed.")

5. A properly filed proof of claim is accorded *prima facie* validity, and meets the claimant's initial burden of production. *In re Allegheny*, 954 F.2d 167, 173 (3rd Cir. 1992); *see also Dove-Nation v. eCAST Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004) ("If the proof of claim conforms with the rules it constitutes prima facie evidence of the claim."). To overcome such validity requires more than a mere unsubstantiated objection to form. *Garner v. Shier (In re Garner)*, 246 B.R. 617, 623 (9th Cir. B.A.P. 2000). "A bald assertion, a mere conclusory statement, is, in and of itself, insufficient to rebut the presumption of validity." *In re Hollars*, 198 B.R. 270, 271 (Bankr. S.D. Ohio 1996).

6. Only if the objecting party provides **substantive** evidence will he succeed in overcoming the *prima facie* effect of Fed. R. Bankr. P. 3001(f). Only after overcoming the *prima facie* effect of the Proof of Claim does the burden of going forward shift to the Claimant to prove the validity of its claims by a preponderance of the evidence. *Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3rd Cir. 1992).

7. The Debtor's Objection fails to overcome the *prima facie* validity of Repondent's Claim.

## A PROPERLY FILED, VALID CLAIM MUST BE ALLOWED IF NOT WITHIN THE EXCEPTIONS OF 11 U.S.C. § 502(b)

8. A proof of claim is deemed allowed unless objected to. 11 U.S.C. § 502(a) (2005). A claim may be disallowed only after objection, after notice and hearing, and only if it is excepted by one of the specified provisions of the statute. *In re Dove-Nation*, 318 B.R. at 150,

153; 11 U.S.C. § 502(b)(1)-(9). The Court "shall allow such claim" in the Court's determinate amount unless it finds one or more of nine statutory exceptions, *Id.*; *In re Taylor*, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003), none of which includes failure to attach sufficient supporting documentation or to comply with Fed. R. Bankr. P. 3001. *Paul Mason & Assocs., Inc. v. Charlton (In re Charlton)*, No. 04-30011-BKC-SHF, 2005 Bankr. LEXIS 444, at **8-9 (Bankr. S.D. Fla. Jan. 24, 2005) (opining that bankruptcy courts may not disallow a claim for any reason beyond those that statute furnishes and, furthermore, that noncompliance with Fed. R. Bankr. P. 3001(c) does not provide an additional, independent basis for claim disallowance.)

9.      The United States Bankruptcy Appellate Panel of the Ninth Circuit addressed this topic. Unpersuaded by a debtor's argument that (putative) lack of compliance with Fed. R. Bankr. P. 3001(c) is a basis for a claim's disallowance, the court opined:

> First, we are bound by the plain meaning of the statute.... Section 502(a) states that a claim filed under Section 501 "is deemed allowed" unless an objection is made. 11 U.S.C. 502(a). Section 502(b) states that if an objection to a claim is made, then the court "shall" determine the amount of such claim and **"shall allow** such claim" except to the extent that one of the limited grounds for disallowance is established. 11 U.S.C. § 502(b) (emphasis added). Noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance.... The statute's provisions cannot be enlarged or reduced by the Rules.
> *Heath v. American Express Travel Related Services Co., Inc. (In re Heath)*, 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005).

10.     Therefore, an objection that seeks disallowance of a claim for failure to conform to Fed. R. Bankr. P. 3001(c) is inadequate and may not be sustained based on the Rule alone. *In re Cluff*, 313 B.R. 323, 330-31 (Bankr. D. Utah 2004) *aff'd sub nom*, No. 2:04-CV-00978-TS (D. Utah Oct. 20, 2004); *In re Dove-Nation*, 318 B.R. at 151, 153 ("The rules are designed to supplement the statute, not replace it....Neither procedural rules nor instructional language on official forms overrides clear statutory language."). The Rule is probative of evidentiary

requirements, not of a claimant's substantive rights. *Id.*

11. In another opinion dismissing objections to claims absent a dispute about the debtor's liability or claimed amount, a court found no statutory basis for requiring attachment of documentation or disallowance if it is not attached:

> At a minimum, the bankruptcy rules must be interpreted as requiring that a challenge to a proof of claim assert a basis for its disallowance or reduction under 11 U.S.C. § 502(b)—the existence of at least a potential dispute—before the procedures governing the determination of disputes in the claims allowance process are even invoked. This conclusion follows in the first instance from the application of 11 U.S.C. § 501, which permits the filing of a proof claim, and 11 U.S.C. § 502(b), which specifies the grounds on which a claim is to be disallowed. None of these provisions requires the attachment of documentation to a proof of claim or disallowance in its absence.

12. *In re Shank*, 315 B.R. 799, 812 (Bankr. N.D. Ga. 2004). *Accord In re Guidry*, 321 B.R. 712 (Bankr. N.D. Ill. 2005). In overruling debtor's objections to claims allegedly insufficiently documented in accordance with the Rules of Bankruptcy, the United States Bankruptcy Court For The Northern District Of Illinois opined that the Rules provided no basis for disallowance of claims. *Id.* at 714. Statute alone (specifically 11 U.S.C. § 502(b)) provided the sole grounds for disallowance of claims. *Id.* The court allowed the claims as filed, refusing to disallow them or even require their amendment, noting that the debtors set forth no factual dispute with the claims that they had scheduled. *Id.* at 715-16.

13. Furthermore, the use of "shall" and the enumerated listing of exceptions permit no exercise of discretion beyond statute. *In re Taylor*, 289 B.R. at 384. As the United States Bankruptcy Appellate Panel For The Eighth Circuit opined: "Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies." *In re Dove-Nation*, 318 B.R. at 150 (emphasis added).

The Bankruptcy Code could not be more clear: a claim, proof of which is filed, shall be allowed unless it falls within one of the exceptions set forth in Section 502(b). The Claimant filed proofs of claims and the Debtor failed to allege much less present any evidence that the claims fell within one of the exceptions. Consequently, the claims were properly allowed.
*Id.* at 153.

14. The objection, based on a putative inadequacy of documentation supporting the claim, failed to show a basis for disallowance under the provisions of 11 U.S.C. § 502(b)(1)-(9). The objections, having failed to overcome the validity and substance of the claim and to cite a statutory basis for disallowance of the claim, should be overruled.[1].

Respectfully submitted,

By: /s/ Jeffrey Friedman
Jeffrey L. Friedman, Esquire
FRIEDMAN & ASSOCIATES
100 Owings Court, Suite 4
Reisterstown, MD 21136
Telephone: (410) 526-4500
Facsimile: (410) 526-4587
E-mail: jeff@friedmanlaw.net
Attorneys for Respondent, Samuel J. Friedman

---

[1] Even if, *arguendo*, the claim was insufficiently documented, the consequence is its loss of *prima facie* validity rather than its disallowance. The proper remedy in that case is to permit the Claimant to amend its claim.

## UNITED STATES BANKRUPTCY COURT
## SOUTHER DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Bankr. Case No.: 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS ) | |
| INC., et al. ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | |
| ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I am more than 18 years of age and not a party to the matter concerning which service was accomplished. I further certify that on the 15th day of November 2010, I served by hand delivery, a true and correct copy of the Response to Objection to Claim, upon the following person: The Honorable James M. Peck, One Bowling Green, New York, NY, 10004 and mailed and/or electronically delivered to Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, NY, 10153, attn Shai Waisman, Esq., U.S. Trustees for the Southern District of New York, 33 Whitehall Street, 21st floor, New York, NY, 10004, attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Rifkin, Esq., Tracy Hope, Esq., and attorneys for official committee of unsecured creditors, attn: Dennis Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.,

Respectfully submitted,

By: /s/ Jeffrey Friedman
Jeffrey L. Friedman, Esquire
FRIEDMAN & ASSOCIATES
100 Owings Court, Suite 4
Reisterstown, MD 21136
Telephone: (410) 526-4500
Facsimile: (410) 526-4587
E-mail: jeff@friedmanlaw.net
Attorneys for Defendant, Sallie Mae, Inc.

# MorganStanley SmithBarney

**CLIENT STATEMENT I**

Retirement Account
637- -135

SAMUEL FRIEDMAN
10528 LAUREL ESTATES LANE

## Holdings

### STOCKS

#### COMMON STOCKS (CONTINUED)

| Security Description | Quantity | Total Cost | Market Value | Unrealized Gain/(Loss) | Estimated Annual Income | Dividend Yield % |
|---|---|---|---|---|---|---|
| NUVEEN FLOAT RATE INCM FUND (JFR) | 2,505.000 | 27,685.50 | 28,456.80 | 771.30 | 1,623.24 | 5.70 |
| *Share Price: $11.360; Next Dividend Payable 11/01/10* | | | | | | |
| NUVEEN TX ADV TTL RETURN STG (JTA) | 3,600.000 | 39,862.92 | 39,601.80 | (261.12) | 3,312.00 | 8.36 |
| *Share Price: $11.000; Next Dividend Payable 01/11* | | | | | | |
| PENNANTPARK INVESTMENT CORP (PNNT) Purchases | 2,000.000 | 30,005.25 | 22,240.00 | (7,765.25) | | |
| Reinvestments | 155.000 | 1,343.43 | 1,723.60 | 380.17 | | |
| Total | 2,155.000 | 31,348.68 | 23,963.60 | (7,385.08) | 2,241.20 | 9.35 |
| *Share Price: $11.120; Next Dividend Payable 01/11* | | | | | | |
| PIMCO STRAT GLBL GOVT FUND (RCS) Purchases | 1,500.000 | 17,423.57 | 16,604.99 | (818.58) | | |
| Reinvestments | 120.336 | 1,324.40 | 1,332.11 | 7.71 | | |
| Total | 1,620.336 | 18,747.97 | 17,937.11 | (810.87) | 1,458.30 | 8.13 |
| *Share Price: $11.070; Next Dividend Payable 11/01/10* | | | | | | |
| **COMMON STOCKS** | | | | | | **8.06%** |

#### PREFERRED STOCKS

| Security Description | Quantity | Total Cost | Market Value | Unrealized Gain/(Loss) | Estimated Annual Income | Dividend Yield % |
|---|---|---|---|---|---|---|
| BANK OF AMER 8.625 NON-CUM 8 (BML.O) | 1,000.000 | $25,000.00 | $25,700.00 | $700.00 | $2,156.00 | 8.39 |
| *Share Price: $25.700; Moody BA3     S&P BB; Next Dividend Payable 11/10* | | | | | | |
| DEUTSCHE BANK CAP 6.6250 SER (DTT) | 1,600.000 | 40,000.00 | 38,672.00 | (1,328.00) | 2,549.60 | 6.85 |
| *Share Price: $24.170; Moody BAA2     S&P BBB; Next Dividend Payable 11/10* | | | | | | |
| HOSPITALITY PROP TR 7.00% (HPT.C) | 1,400.000 | 35,000.00 | 33,096.00 | (1,904.00) | 2,450.00 | 7.40 |
| *Share Price: $23.640; Moody BAA3     S&P BB; Next Dividend Payable 11/15/10* | | | | | | |
| HSBC HOLDINGS PLC 8.00% (HCS.B) | 1,830.000 | 50,513.82 | 50,599.50 | 85.68 | 3,650.00 | 7.23 |
| *Share Price: $27.650; Moody A3     S&P A-; Next Dividend Payable 12/10* | | | | | | |
| HSBC HOLDINGS PLC 8.125% (HCS) | 2,000.000 | 50,000.00 | 54,760.00 | 4,760.00 | 4,062.00 | 7.41 |
| *Share Price: $27.380; S&P A-; Next Dividend Payable 01/11* | | | | | | |
| LEHMAN BROTHERS HOLDINGS 7.95% (LEHJQ) | 1,200.000 | 30,000.00 | 24.60 | (29,975.40) | 21.48 | 87.31 |
| *Share Price: $0.020; Moody WR* | | | | | | |
| PUBLIC STORAGE SER-M 6.625 (PSA.M) | 1,200.000 | 30,000.00 | 30,132.00 | 132.00 | 1,987.20 | 6.59 |
| *Share Price: $25.110; Moody BAA1     S&P BBB; Next Dividend Payable 12/10* | | | | | | |
| **PREFERRED STOCKS** | | $260,513.82 | $232,984.10 | $(27,529.72) | $16,986.28 | **7.29%** |

CONSOLIDATED SUMMARY | PERSONAL ACCOUNTS | RETIREMENT ACCOUNTS | EDUCATION ACCOUNTS | TRUST ACCOUNTS | BUSINESS ACCOUNTS

Page 13 of 48

