IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :    (Jointly Administered)
Debtors.
-----------------------------------------------------------x

**Claimant:** MITSUI COMPANY
14-2 Akasaka 2Chome
Minato-ku
Tokyo, 107-0052 Japan
Telephone: 03-3224-0020



**Claim number:** 5441
**Basis of claim:** Legal services performed

## RESPONSE OF MITSUI COMPANY TO THE DEBTORS' FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Mitsui Company hereby responds to the Debtors' Fifty-Eighth Omnibus Objection to Claims (No Supporting Documentation Claims) and respectfully states as follows:

On July 16, 2009, Mitsui Company timely filed with Epic Bankruptcy Solutions LLC a proof of claim in the amount of $6,880.00, for legal services performed. The proof of claim was assigned the proof of claims number 5441. The Debtors now seek to have the proof of claim disallowed and expunged as a "no supporting documentation claim".

On November 8, 2010 (Japan time), Mitsui Company filed an amended proof of claim to Epic Bankruptcy Solutions LLC attaching the supporting documentation (Invoice No. 08309; dated March 4, 2008). Since this documentation was not included with the proof of claim as originally submitted, it is attached hereto as Exhibit 1. Accordingly, the supporting documentation has now been provided with the relevant proof of claim. Neither the Debtors nor any other party has been harmed or prejudiced by the addition of the supporting documentation at this stage. As stated in In re Stoecker, 5 F.3d 1022, 1028 (7th Cir. 1993): "If

the documentation is missing, the creditor cannot rest on the proof of claim. It does not follow that he is forever barred from establishing the claim. Nothing in the principles or practicalities of bankruptcy or in the language of any rule or statute justifies so disproportionate a sanction for a harmless error." On this basis, therefore, Mitsui Company opposes the objection. The supporting documentation for this claim has been provided and the claim should be processed accordingly.

By way of explanation, Mitsui Company notes it previously provided the supporting documentation to Epic Bankruptcy Solutions LLC with a filed proof of claim dated December 10, 2008, pursuant to the a claim for customer treatment of claims. That claim was rejected. However, due to unfamiliarity with the claims system in the case, the Japanese staff responsible for preparing the claim overlooked the need to resend the supporting documentation with the current claim. In any event, the supporting documentation has now been provided.

Based on the foregoing, therefore, the subject claim should not be disallowed or expunged.

Dated:    November 8, 2010

Takuhide Mitsui
Partner

cc:  Attorneys for the Debtors:
Weil Gotshal & Manges LLP
767 Fifth Avenue, New York
New York 10153
Att: Shai Waisman, Esq.

The Office of the United States Trustee for the Southern District of New York
33 Whitehall Street, 21st Floor, New York
New York 10004
Att: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., Tracy Hope Davis, Esq.

Attorneys for the Official Committee of Unsecured Creditors Appointed in these cases:
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza, New York
New York 10005
Att; Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., Evan Fleck, Esq.

# EXHIBIT 1



Mitsui Company

Akasaka 2.14 Plaza Bldg., 14-32, Akasaka 2-chome,
Minato-ku, Tokyo 107-0052
Tel: +81-3-3224-0020  Fax: +81-3-3224-0030
http://www.mitsuilaw.com/

080309
March 4, 2008

Mr. Hugh Rosenvinge
Lovells Horitsu Jimusho Gaikokuho Kyodo Jigyo
15F Daido Seimei Kasumigaseki Building
1-4-2 Kasumigaseki
Chiyoda-ku, Tokyo 100-0013

Dear Mr. Rosenvinge:

We are enclosing herewith our statement of professional charges for the legal services rendered in connection with advice on insurance regulatory issues (Lehman Re). We would be grateful if you could arrange for the payment to us to be made to our bank account (Savings A/C#1636295, SWIFT Code: DIWAJPJT) with Resona Bank, Ltd., Ichigaya Branch.

If you have any questions in connection with this invoice, please do not hesitate to contact us on #03-3224-0020(tel) / #03-3224-0030(facsimile) / nakashima@mitsuilaw.com(e-mail).

Yours faithfully,

Takuhide Mitsui

Encl.
TM/mn

Item 1.

**Mitsui** Company

Akasaka 2.14 Plaza Bldg., 14-32, Akasaka 2-chome,
Minato-ku, Tokyo 107-0052
Tel: +81-3-3224-0020  Fax: +81-3-3224-0030
*http://www.mitsuilaw.com/*

080309
March 4, 2008

Lehman Brothers
c/o Lovells LLP
590 Madison Avenue
New York
New York 10022
USA

---

FOR PROFESSIONAL SERVICES RENDERED:

In connection with
advice on insurance regulatory issues (Lehman Re)

Fee ..................................................................................................... ¥  640,500

Expenses to be reimbursed:

Transportation and copy ................................................................ ¥    3,640
Grand total ..................................................................................... ¥  644,140

(Savings A/C#1636295, SWIFT Code: DIWAJPJT, "Mitsui Horitsu Jimusho, Daihyo Mitsui Takuhide", Resona Bank, Ltd., Ichigaya Branch)

PLEASE QUOTE THE INVOICE NUMBER WHEN REMITTING PAYMENT

¥ 644,140 ÷ @¥93.63 = $6879.80

11942

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                        :   Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :   08-13555 (JMP)
                                                             :
                                 Debtors.                    :   (Jointly Administered)
-------------------------------------------------------------x

LBH OMNI58 10-13-2010 (MERGE2,TXNUM2) 4000052091 MAIL ID *** 0035611480 *** BSIUSE: 17

MITSUI COMPANY
14-32 AKASAKA 2CHOME
MINATOKU
TOKYO, 107-0052 JAPAN

### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

### IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIK ENCARNACION, ESQ., AT 214-746-7700.

### NOTICE OF HEARING ON DEBTORS' FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)

| CLAIM TO BE DISALLOWED & EXPUNGED | |
|---|---|
| **Creditor Name and Address:** MITSUI COMPANY 14-32 AKASAKA 2CHOME MINATOKU TOKYO, 107-0052 JAPAN | **Claim Number:** 5441 |
| | **Date Filed:** 7/16/2009 |
| | **Debtor:** No Case |
| | **Classification and Amount:** UNSECURED: $ 6,880.00 |

PLEASE TAKE NOTICE that, on October 13, 2010, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their Fifty-Eighth Omnibus Objection to Claims (No Supporting Documentation Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that said claim violates the Bankruptcy Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as it does not include supporting documentation or an explanation as to why such documentation is unavailable. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.

If you do NOT oppose the disallowance, expungement, reduction or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on November 15, 2010 (the "Response Deadline").

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis; Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on December 1, 2010 to consider the Objection. The hearing will be held at 10:00 a.m. Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce or reclassify your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

If you have any questions about this notice or the Objection, please contact Debtors' counsel Erik Encarnacion, Esq., at 214-746-7700. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: October 13, 2010
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION