CHRIS STOVIC Pro Se
435 Greeves St.
Kane, PA 16735
1-814-837-7046
       Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

:
**In re : Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC., et al., : 08-13555 (JMP)**
:
**Debtors. : (Jointly Administered)**
:

------------------------------------------------------------------------

RECEIVED NOV 17 2010 U.S. BANKRUPTCY COURT, SDNY

In RE:
      " **NOTICE OF AMENDED AGENDA OF MATTERS**
  SCHEDULED FOR HEARING ON NOVEMBER 10, 2010 AT 10:00 A.M."

    States, "II. CONTESTED MATTERS:
**Unresolved Responses:**
    A. Response of Chris Stovic [**Docket No. 11843**]"

"Status: This matter is going forward on a contested basis solely with respect to the
Unresolved Responses listed above....to December 1, 2010 at 10:00 a.m."

 In Re to Unresolved Response,

1   I did try to register for teleconference court hearing; After being informed of high fees

    to participate, I change my mind.

2   I believe the fees should be paid by the "Debtor in possession" for the following reasons:

  a/  The court granted incentive-bonuses for the management one year ago.

  b/  The debtor filed a motion again for incentives-bonuses for the management.

  c/  The trustees supported again the debtors motion for incentives - bonuses, failing to protect

     the interest of the creditor.

  d/  The debtor filed a petition to reorganize but does not know where the funds are!

  f/The debtor has funds to pay $800.00 dollars or more an hour for professional services,

    but not for teleconference.

3  I am not naive to believe that there was no knowledge and no intent when the notes were rated and sold as "rated A2 by Moody rating and A by S&P," Simply, Deceit by Intent, knowledge and recklessness; The wheels were in motion to enrich, selling notes at a "safe investment rank," and about four weeks later from the date we purchased the Notes, The LBHI filed for bankruptcy.  See the enclosed Exhibit.

4  "We were improperly exposed to risk by concealment." The ultimate risk was concealed, entrapment - selling securities at an "investment grade rated "A!""

5  This can hardly be called an "INVESTMENT PRODUCT OFFERED....." as stated in the Exhibit "a"; How much was paid to the ranking agency to keep the rating high while they were on rampage?

6  "Tort Laws define reasonable men by attention, perception, intelligence, memory, knowledge and judgment to make a reasonable decision."

7  The management and the legal department of LBHI were of superior knowledge, experience, highly qualified professionals and highly paid. There is no excuse for any alternatives or Reclassifying the claim.

8  The claim was timely filed by us and it was not necessary to be filed again by anyone on our behalf.

9  The claim is not a warrant, stock equity, options etc.

10  The claim as provided in Exhibit "a," complies with Part III, rule 3001 (F) and "constitute prima facie evidence of the validity and amount of the claim."

11  "The document enclosed constituted prima facie evidence of the validity and the amount of the claim of creditor." Part III, Rule 3003 (1)

12  The claim has been amended "by subsequent file proof of claim one year later by the trustee," without our authority; As a matter I did not even know till

several weeks ago that someone else filed "subsequent claim" on our behalf.

13  The trustee ERRED by subsequent filing proof of claim and reclassifying the claim from secured to unsecured; It set precedent and reasons for the Debtor to Expunge claims.

14  It is clearly shown in the document attached to Dockets 11843; Reclassifying the claim violates Bankruptcy Act Part III, rule 3001(F) and Part III Rule 3003 (I).

15  The Notes were bought for "consideration of specific stated time and value."

16  The trustee failed to protect the interest of the creditors by reclassifying the claims.

17  It is the court's duty to rectify errors caused by lack of view, knowledge or intentional harm imposed on creditors.

18  I expect protection by the court, and full payment of principal plus accrued interest.

19  Due to lack of funds and not being able to participate, Justice is being denied.

## CONCLUSION

a  For the facts stated in Dockets 11843, Docket 11842 and this response, it should be more than enough facts, arguments for the court to render proper decision for the creditor.

b  In addition to being secured claim it should be reclassified also as "PRIORITY".

c  It has been almost two years since it matured. This court has nothing to show for it.

d  Reclassifying the claim to unsecured is not acceptable.

e  We did not invest the funds to pay bonuses while we have no funds to pay our bills.

f  Due to shortage of funds and health problems I will not be present physically or by teleconference on December 1, 2010.

November 15, 2010

Respectfully,

*Chris Stovic*

Chris Stovic

# EXHIBIT "a"

08-13555-mg    Doc 12883    Filed 11/17/10    Entered 11/18/10 13:31:21    Main Document
Pg 4 of 6

# ZIONS DIRECT

## CONFIRMATION

MAIL TO: 

¶ 020360 XPVL1MT2 000000
CHRIS STOVIC AND NANCY STOVIC
TONY STOVIC & RAMONA BALKE
& MARIJANA STOVIC
435 GREEVES
KANE PA 16735-1517

FOR THE ACCOUNT OF:

CHRIS STOVIC AND NANCY STOVIC
TONY STOVIC & RAMONA BALKE
& MARIJANA STOVIC
435 GREEVES
KANE PA 16735-1517

ACCOUNT NUMBER: AC5-013647
ACCOUNT TYPE: 1
YOUR ACCOUNT EXECUTIVE:
ZIONS DIRECT
A.E. NUMBER: OZD

**YOU BOUGHT:**

LEHMAN BROTHERS HLDGS SR NTS INT RATE  7.200%
MATURITY  08/15/2009 DATED 08/19/1997 BOOK ENTRY ONLY
1ST CPN DTE 02/15/98 CPN PMT SEMI ANNUAL ON FEB 15 AND AUG 15
MOODY RATING A2 S & P RATING A

TRADE DATE: 08-21-08
PROCESS DATE: 08-21-08
SETTLEMENT DATE: 08-26-08
CUSIP NUMBER: 524908-BQ-2
SYMBOL: LEH.HF

### WE CONFIRM THE BELOW TRADE(S), SUBJECT TO THE TERMS AND CONDITIONS SET FORTH ON THIS CONFIRMATION

| TRADE NUMBER | QUANTITY | PRICE | PRINCIPAL | INTEREST | COMMISSION COMM EQUIV | SERVICE CHARGE | TRANS. FEE | NET AMOUNT USD | CPTY |
|---|---|---|---|---|---|---|---|---|---|
| Y43546 | 10,000 | 99.875 | 9,987.50 | 22.00 | 10.95 | | | 10,020.45 | 1 |
| YIELD | 7.213% TO | MATURITY | | | | | | | |

INVESTMENT PRODUCTS OFFERED THROUGH ZIONS DIRECT:
* ARE NOT DEPOSITS, OBLIGATIONS OF OR GUARANTEED BY A BANK;
* ARE NOT INSURED BY THE FDIC; AND,
* ARE SUBJECT TO INVESTMENT RISK (PRINCIPAL FLUCTUATIONS), INCLUDING THE POSSIBLE LOSS OF THE PRINCIPAL INVESTED.
NOTE: BANK CDS AND RESERVE INSURED DEPOSITS ARE FDIC INSURED AND BANK GUARANTEED.

| TOTALS | 10,000 | | 9,987.50 | 22.00 | 10.95 | | | 10,020.45 | |

THIS CONFIRMATION IS AN ADVICE NOT AN INVOICE. REMITTANCE OR SECURITIES ARE DUE ON OR BEFORE SETTLEMENT DATE.

SEE TERMS AND CONDITIONS AND EXPLANATION OF CODED SYMBOLS RELATING TO THIS CONFIRMATION. ON OTHER THAN ROUND LOTS (NORMALLY 100 SHARES) IF DIF APPEARS ABOVE AN ODD-LOT DIFFERENTIAL HAS BEEN CHARGED IN CONNECTION WITH THIS TRANSACTION. THE AMOUNT OF SUCH DIFFERENTIAL WILL BE FURNISHED UPON REQUEST. CLEARING THROUGH PERSHING LLC, A SUBSIDIARY OF THE BANK OF NEW YORK MELLON CORPORATION. MEMBER FINRA, NYSE, SIPC. ONE PERSHING PLAZA, JERSEY CITY, NJ 07399

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of my Response dated November 15, 2010 referring to:

States, "II. CONTESTED MATTERS:
**Unresolved Responses:**

A. Response of Chris Stovic **[Docket No. 11843]**"

was served upon the party on 11-15- 2010 in the manner indicated below,

which service is in compliance with Bankruptcy Rule 9006 (e)- Time of service.

Service by ordinary First Class, U.S. Mail addressed as follow:

Respectfully,

*Chris Stovic*

November 15, 2010

Chris Stovic
435 Greeves St.
Kane, PA 16735
(814) 837-7046

cc: **Weil Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153

**Wilmington Trust Company, as Indenture Trustee**
520 Madison Avenue, 33rd Floor
New York, New York 10022

**Metlife**
10 Park Avenue, P.O. Box 1902
Morristown, New Jersey

**U.S. Bank. N.A.**
Corporate Trust Services
One Federal Street, 3d Floor
Boston, MA 02110

P.S I do not have enough funds to serve everyone. By the power of the court, the funds are in possession of the Debtor.