PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
Robert M. Keane, Jr. (CA Bar No. 192080)

Special Counsel for the
Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :    **Chapter 11**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                   :    **Case No. 08-13555 (JMP)**
                                                               :
                                        **Debtors.**           :    **(Jointly Administered)**
                                                               :
                                                               :
---------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATIONS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**SECOND INTERIM FEE APPLICATION**

| | |
|---|---|
| NAME OF APPLICANT: | Paul, Hastings, Janofsky & Walker LLP |
| DATE OF RETENTION: | Order entered August 10, 2010, *nunc pro tunc* to March 1, 2010 [Docket No. 10677] |
| TIME PERIOD: | 6-1-10 through 9-30-10 |
| ROLE IN THE CASE: | Special Counsel for Debtors and Debtors in Possession |
| AMOUNT OF COMPENSATION SOUGHT: | $549,819.95 |
| AMOUNT OF EXPENSE REIMBURSEMENT SOUGHT: | $1,890.72 |

PRIOR APPLICATIONS:

| Date Filed | Dkt. No. | Period Covered | Fees | Expenses |
|---|---|---|---|---|
| 09/24/10 | 11569 | 3/1/10 through 5/31/10 | $296,514.21 | $197.94 |

## COMPENSATION BY PROFESSIONAL

| NAME , DEPARTMENT, AND LOCATION | YEAR OF ADMISSION | RATE[1] | HOURS | AMOUNT |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Mark J. Eagan  (Real Estate, London) | 1986 | 983.15 | 11.90 | $11,699.49 |
| Mark J. Eagan  (Real Estate, London) | 1986 | 966.14 | 12.20 | $11,786.93 |
| Mark J. Eagan  (Real Estate, London) | 1986 | 1066.01 | 6.40 | $6,822.46 |
| Mark J. Eagan  (Real Estate, London) | 1986 | 1033.48 | 26.40 | $27,284.00 |
| Mark J. Eagan  (Real Estate, London) | 1986 | 1028.29 | 19.50 | $20,051.57 |
| Mark J. Eagan  (Real Estate, London) | 1986 | 1021.08 | 8.50 | $8,679.18 |
| Mark J. Eagan  (Real Estate, London) | 1986 | 1004.46 | 10.30 | $10,346.00 |
| Mark J. Eagan  (Real Estate, London) | 1986 | 992.66 | 2.20 | $2,183.86 |
| Alberto Del Din (Corporate, Milan) | 1984 | 770.75 | 3.10 | $2,389.33 |
| Karl J. K. Clowry (Corporate, London) | 1998 | 899.96 | 3.60 | $3,239.86 |
| Karl J. K. Clowry (Corporate, London) | 1998 | 946.03 | 4.30 | $4,067.95 |
| Justin Jowitt (Corporate, London) | 2002 | 1004.46 | 1.00 | $1,004.46 |
| | | | | |
| David J. Freeman (Real Estate, NY) | 1975 | 875.00 | 4.80 | $4,200.00 |
| Rick S. Kirkbride (Real Estate, LA) | 1983 | 935.00 | 8.60 | $8,041.00 |
| Andrew M. Short (Tax, NY) | 1986 | 930.00 | 7.40 | $6,882.00 |
| Derek E. Smith (Real Estate, LA) | 1991 | 825.00 | 5.40 | $4,455.00 |
| Douglas I. Koff (Litigation, NY) | 1995 | 895.00 | 22.70 | $20,316.50 |
| James R. Bliss (Litigation, NY) | 1995 | 875.00 | 0.80 | $700.00 |
| Derek V. Roth (Real Estate, LA) | 1996 | 775.00 | 15.50 | $12,012.50 |
| Robert M. Keane, Jr. (Real Estate, LA) | 1997 | 795.00 | 169.00 | $134,355.00 |
| | **TOTAL PARTNERS** | | **343.60** | **$300,517.09** |

---

[1]  The rates of the Paul Hastings timekeepers resident in London or Milan have been converted from Pounds (£) or Euros (€) to U.S. Dollars ($) at the conversion rate effective on the date the monthly statement was issued, i.e., for the June statements (£0.66114 = $1; €0.80216 = $1); for the July statements (£0.62894 = $1; €0.759 = $1); for the August statements (£0.64711 = $1; €0.78073 = $1); and for the September statements ((£0.63212 = $1; €0.72701 = $1). Accordingly, multiple rates are shown for the London and Milan timekeepers.

| NAME , DEPARTMENT, AND LOCATION | YEAR OF ADMISSION | RATE[1] | HOURS | AMOUNT |
|---|---|---|---|---|
| **COUNSEL** | | | | |
| Conor W. Downey (Corporate, London) | 1993 | 829.02 | 0.50 | $414.51 |
| Conor W. Downey (Corporate, London) | 1993 | 877.38 | 3.00 | $2,632.15 |
| Antonio Azzara (Corporate, Milan) | 1998 | 642.84 | 0.80 | $514.27 |
| Antonio Azzara (Corporate, Milan) | 1998 | 675.74 | 1.90 | $1,283.91 |
| Lorenza Talpo (Corporate, London) | 1996 | 648.25 | 1.60 | $1,037.20 |
| Lorenza Talpo (Corporate, London) | 1996 | 938.09 | 14.10 | $13,227.02 |
| Lorenza Talpo (Corporate, London) | 1996 | 933.37 | 7.10 | $6,626.91 |
| Lorenza Talpo (Corporate, London) | 1996 | 911.75 | 6.30 | $5,744.00 |
| Bernadette Accili (Tax, Milan) | 1994 | 718.03 | 0.30 | $215.41 |
| | | | | |
| Cynthia M. Cohen (Corporate, LA) | 1971 | 920.00 | 1.00 | $920.00 |
| Katherine A. Traxler (Corporate, LA) | 1990 | 715.00 | 8.70 | $6,220.50 |
| | TOTAL COUNSEL | | **45.30** | **$38,835.88** |
| **ASSOCIATES** | | | | |
| Diego Shin (Corporate, London) | 2001 | 722.14 | 6.70 | $4,838.31 |
| Norman Pepe (Corporate, London) | 2003 | 529.82 | 10.50 | $5,563.10 |
| Norman Pepe (Corporate, London) | 2003 | 559.95 | 10.30 | $5,767.46 |
| Norman Pepe (Corporate, London) | 2003 | 584.59 | 1.00 | $584.59 |
| Aidan Deletant (Corporate, London) | 2004 | 691.64 | 29.90 | $20,680.03 |
| Aidan Deletant (Corporate, London) | 2004 | 672.22 | 17.80 | $11,965.51 |
| Aidan Deletant (Corporate, London) | 2004 | 688.16 | 11.10 | $7,638.58 |
| Miles B. Flynn (Corporate, London) | 2005 | 612.58 | 0.80 | $490.06 |
| Carmen Di Marino (Corporate, Milan) | 2006 | 469.04 | 31.50 | $14,774.86 |
| Liam Mills (Corporate, London) | 2009 | 492.89 | 4.30 | $2,119.44 |
| Alexandra Morris (Real Estate, London) | 2009 | 494.07 | 3.50 | $1,729.25 |
| | | | | |
| Jeffrey D. Diener (Real Estate, LA) | 2001 | 680.00 | 33.80 | $22,984.00 |
| Edgar Khalatian (Real Estate, LA) | 2003 | 650.00 | 2.50 | $1,625.00 |
| Joshua M. Bennett (Litigation, NY) | 2005 | 645.00 | 56.80 | $36,636.00 |
| Lauren L. Giovannone (Real Estate, LA) | 2005 | 605.00 | 36.40 | $22,022.00 |
| Daniel G. Hick (Real Estate, LA) | 2005 | 605.00 | 9.60 | $5,808.00 |
| Anthony Antonelli (Litigation, NY) | 2006 | 615.00 | 33.20 | $20,418.00 |
| John Y. Chi (Real Estate, LA) | 2008 | 495.00 | 7.50 | $3,712.50 |
| Elena Branzburg (Real Estate, LA) | 2009 | 395.00 | 42.10 | $16,629.50 |
| | TOTAL ASSOCIATES | | **349.30** | **$205,986.19** |
| **PARAPROFESSIONALS AND OTHER TIMEKEEPERS** | | | | |
| Angela Morgan (Corporate, London) | N.A. | 330.12 | 2.30 | $759.27 |
| Cosimo Pennetta (Corporate, Milan) | N.A. | 263.51 | 4.00 | $1,054.02 |
| Rosetta S. Kromer (Litigation, NY) | N.A. | 315.00 | 0.50 | $157.50 |
| Lito M. Natividad (LA) | N.A. | 240.00 | 7.00 | $1,680.00 |
| Karen Y. Vera (NY) | N.A. | 200.00 | 1.00 | $200.00 |
| Dennis M. Cairns (NY) | N.A. | 175.00 | 3.00 | $525.00 |
| Frank N. Dagostino (NY) | N.A. | 175.00 | 0.60 | $105.00 |
| | | | | |

| NAME, DEPARTMENT, AND LOCATION | YEAR OF ADMISSION | RATE[1] | HOURS | AMOUNT |
|---|---|---|---|---|
| | TOTAL PARAPROFESSIONALS | | 18.40 | $4,480.79 |
| | | | | |
| | TOTAL | | 756.60 | $549,819.95 |
| | BLENDED HOURLY RATE | | | $727 |

## COMPENSATION BY PROJECT CATEGORY

| Project Code and Description | | Hours | Fees |
|---|---|---|---|
| 2300 | Real Estate Matters (United States) | 343.50 | $243,578.50 |
| 2300 | Real Estate Matters (London) | 278.70 | $219,214.95 |
| 2500 | Derivatives / SWAP Agreement Issues | 118.60 | $79,058.00 |
| 4600 | Fee Applications | 9.40 | $3,396.00 |
| 4700 | Retention Matters | 6.40 | $4,572.50 |
| TOTAL | | 756.60 | $549,819.95 |

## EXPENSE SUMMARY

| Description | Total Requested Expenses |
|---|---|
| Outside Professional Service | $63.90 |
| Meals (while working on Lehman matters) | $182.25 |
| Taxi / Ground Transportation | $132.45 |
| Computer search | $266.40 |
| Long Distance Telephone | $203.11 |
| Cell phone charges | $10.70 |
| Conference calls | $2.75 |
| In-house Reproduction Charges (6,589 copies at $0.10 per copy) | $658.94 |
| Courier Service | $331.17 |
| Postage | $1.05 |
| Parking | $38.00 |
| | |
| TOTAL: | $1,890.72 |

## MONTHLY STATEMENT SUMMARY

| MATTER | INVOICE NUMBER | PERIOD COVERED | REQUESTED FEES | REQUESTED EXPENSES |
|---|---|---|---|---|
| 75305-00003 Brickstone Environmental Audit | 1844666 | June 2010 | $1,662.50 | $2.75 |
| 75441-00002 Project Condor / Marseille | 1010053 | June 2010 | $6,187.80 | $0.00 |
| 75441-00006 Calvino | 1010054 | June 2010 | $9,755.88 | $0.00 |
| 75441-00008 Caliburn | 1010055 | June 2010 | $3,312.93 | $18.91 |
| 75441-00009 Solaris | 1010056 | June 2010 | $15,488.81 | $0.00 |
| 75545-00004 Schwartzman Bankruptcy | 1844667 | June 2010 | $42,356.00 | $251.85 |
| 76991-00001 Derivatives General Representation | 1844580 | June 2010 | $3,043.00 | $0.00 |
| 75305-00003 Brickstone Environmental Audit | 1850584 | July 2010 | $612.50 | $0.00 |
| 75545-00003 Seneca | 1850585 | July 2010 | $841.50 | $179.80 |
| 75545-00004 Schwartzman Bankruptcy | 1850586 | July 2010 | $16,218.00 | $0.00 |
| 75441-00002 Project Condor / Marseille | 1010163 | July 2010 | $9,287.85 | $0.00 |
| 75441-00006 Calvino | 1010164 | July 2010 | $74,149.36 | $91.03 |
| 75441-00008 Caliburn | 1010165 | July 2010 | $6,528.33 | $0.00 |
| 75441-00009 Solaris | 1010166 | July 2010 | $13,306.32 | $67.58 |
| 76991-00002 MBIA Guarantee | 1850587 | July 2010 | $34,107.50 | $0.00 |
| 76991-00003 MBIA Derivatives | 1850588 | July 2010 | $9,118.50 | $266.40 |
| 75305-00003 Brickstone Environmental Audit | 1853781 | August 2010 | $1,050.00 | $154.50 |
| 75545-00003 Seneca | 1853782 | August 2010 | $1,039.50 | $0.00 |
| 75545-00004 Schwartzman Bankruptcy | 1853783 | August 2010 | $45,774.50 | $353.45 |
| 75441-00006 Calvino | 1010230 | August 2010 | $29,059.97 | $132.45 |
| 75441-00008 Caliburn | 1010231 | August 2010 | $4,816.01 | $0.00 |

| | | | | |
|---|---|---|---|---|
| 76991-00002 MBIA Guarantee | 1853785 | August 2010 | $19,303.50 | $0.20 |
| 75305-00003 Brickstone Environmental Audit | 1858338 | September 2010 | $875.00 | $0.00 |
| 75545-00003 Seneca | 1858339 | September 2010 | $7,911.50 | $0.00 |
| 75545-00004 Schwartzman Bankruptcy | 1858340 | September 2010 | $75,997.00 | $259.22 |
| 75441-00006 Calvino | 1010314 | September 2010 | $34,317.06 | $70.33 |
| 75441-00008 Caliburn | 1010315 | September 2010 | $11,887.04 | $0.00 |
| 75441-00009 Solaris | 1010316 | September 2010 | $1,117.59 | $30.80 |
| 76991-00002 MBIA Guarantee | 1858341 | September 2010 | $10,946.50 | $11.45 |
| 76991-00003 MBIA Derivatives | 1858342 | September 2010 | $2,539.00 | $0.00 |
| 77277-00002 On the Avenue | 1858343 | September 2010 | $57,209.00 | $0.00 |
| | Total | | $549,819.95 | $1,890.72 |

PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
Robert M. Keane, Jr. (CA Bar No. 192080)

Special Counsel for the
Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                  :

**In re**                               :         **Chapter 11**
                                    :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*      :         **Case No. 08-13555 (JMP)**
                                    :

                  **Debtors.**           :         **(Jointly Administered)**
                                    :

                                    :
-----------------------------------------------------------------x

**SECOND INTERIM APPLICATION OF PAUL, HASTINGS, JANOFSKY &**
**WALKER LLP, SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE**
**OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

TO THE HONORABLE JAMES M. PECK,

UNITED STATES BANKRUPTCY JUDGE:

        Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings" or the "Firm"),

special counsel for the above-captioned debtors and debtors-in-possession (collectively,

the "Debtors"), for its second application (the "Application"), pursuant to sections 330(a)

and 331 of title 11, United States Code (the "Bankruptcy Code"), and Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the interim

allowance of compensation for professional services performed by Paul Hastings for the

period commencing June 1, 2010 through and including September 30, 2010 (the

"Compensation Period"), and for reimbursement of its actual and necessary expenses

incurred during the Compensation Period, respectfully represents:

## BACKGROUND

1.      Commencing on September 15, 2008 and periodically thereafter

(as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI")

and certain of its subsidiaries commenced with this Court voluntary cases under chapter

11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b).  The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of

unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors

Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas

as examiner in the above-captioned chapter 11 cases (the "Examiner") and, by order

dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's

appointment of the Examiner. The Examiner issued a report of his investigation pursuant

to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.    On May 26, 2009, the Court entered an order appointing a fee

committee (the "Fee Committee") and approving a fee protocol (the "Fee Protocol") to

make recommendations with respect to fees and expenses of retained professionals in

these chapter 11 cases [Docket No. 3651].

6.    On April 14, 2010, the Debtors filed a revised joint chapter 11 plan

and disclosure statement [Docket Nos. 8330 and 8332, respectively].

## PAUL HASTINGS AS AN ORDINARY COURSE PROFESSIONAL

7.    Until March 1, 2010, Paul Hastings performed legal services on the

Debtors' behalf as a professional utilized in the ordinary course of business ("Ordinary

Course Professional") in these chapter 11 cases pursuant to this Court's Order Pursuant to

Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to

Employ Professionals Utilized in the Ordinary Course of Business, dated November 5,

2008 [Docket No. 1394] (the "OCP Order"). On October 31, 2008, the Debtors

submitted the Notice of Second Amendment to the List of Ordinary Course Professionals

(the "Second Amendment") [Docket No. 1326]. The Debtors included Paul Hastings in

the Second Amendment as "Litigation and Real Estate Counsel."

8.    In accordance with the OCP Order, Paul Hastings provided

services to the Debtors and was or will be compensated for those services in the ordinary

course of business through the period ending February 28, 2010.

9.    The OCP Order prohibits the Debtors' payment of more than $1

million to any one Ordinary Course Professional during the chapter 11 cases. Under the

OCP Order, "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ."

10.    Paul Hastings reached and exceeded the $1 million compensation cap for Ordinary Course Professionals with its March 2010 fees. Accordingly, on July 23, 2010, the Debtors filed the Application Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Paul, Hastings, Janofsky & Walker LLP, as Special Counsel to the Debtors, *Nunc Pro Tunc* to March 1, 2010 [Docket No. 10401].

11.    By order of this Court entered August 10, 2010 (the "Retention Order") [Docket No. 10677], Paul Hastings' retention was approved effective as of March 1, 2010. The Retention Order authorized Paul Hastings to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

12.    On September 24, 2010, Paul Hastings submitted its first interim fee application for the period from March 1, 2010 through May 31, 2010 [Docket No. 11569]. This Application is the Firm's second interim fee application and covers the period from June 1, 2010 through September 30, 2010.

13.    The Debtors retained Paul Hastings to provide legal advice and services relating to certain real estate and litigation matters.

## COMPENSATION AND REIMBURSEMENT REQUEST

14.    Paul Hastings seeks allowance of interim compensation for professional services rendered to the Debtors during the Compensation Period in the

amount of $549,819.95, and reimbursement of expenses incurred in connection with rendering such services in the amount of $1,890.72.[2]  During the Compensation Period, Paul Hastings' attorneys and paraprofessionals expended a total of 756.60 hours for which compensation is requested. Of the aggregate time expended, 388.90 recorded hours were expended by partners and counsel of Paul Hastings, 349.30 recorded hours were expended by associates, and 18.40 recorded hours were expended by paraprofessionals and other timekeepers of Paul Hastings.

15.    This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] (the "Administrative Order," and together with the Local Guidelines and the UST Guidelines, the "Guidelines").  Further, Paul Hastings seeks to comply with the directions provided by the Fee Committee and will provide a copy of this Application to the Fee Committee.

---

[2] Paul Hastings represents the Debtors in a variety of matters, including matters in the UK and Milan.  To prepare this Application, the Firm converted its London and Milan fees and expenses from Pounds (£) or Euros (€) to U.S. Dollars at the conversion rate effective as of the date the monthly statement was issued.

16.    For services rendered in June and July, 2010, Paul Hastings has received payment in the amount of 80% of fees and 100% of expenses. Paul Hastings has received no payment or any promises of payment from any source for services rendered in August and September, 2010. There is no agreement or understanding between Paul Hastings and any other person, other than attorneys and employees of the Firm, for the sharing of compensation to be received for services rendered in these cases.

17.    The fees charged by Paul Hastings in these cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. The rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates Paul Hastings charges for professional and paraprofessional services rendered in comparable bankruptcy and nonbankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

18.    During the Compensation Period, Paul Hastings' hourly billing rates for attorneys rendering services in this matter in the United States ranged from $395 to $935 per hour and in London / Milan ranged from $469 to $1066 per hour.

19.    Pursuant to the Local Guidelines, annexed hereto as Exhibit A is a certification regarding compliance with the Guidelines. To the extent necessary, Paul Hastings requests a waiver for cause shown of any Guideline requirement not met by this Application.

20.    Pursuant to the UST Guidelines, the Summary Sheet filed in connection with this Application includes a schedule setting forth all Paul Hastings

professionals and paraprofessionals who have performed services in these chapter 11

cases during the Compensation Period, the capacity in which each such individual is

employed by Paul Hastings, the department in which each individual practices, the hourly

billing rate charged by Paul Hastings for services performed by such individual, the

aggregate number of hours expended in this matter and fees billed therefor, and the year

in which each professional was first licensed to practice law.

21.    Annexed hereto as Exhibit B is a schedule specifying the

categories of expenses for which Paul Hastings seeks reimbursement, and the total

amount for each such expense category.  An itemized schedule of all such expenses is

included in Paul Hastings' monthly statements, which have been provided to the Debtors,

the Debtors' counsel, the Court, the attorneys for the Creditors Committee, the U.S.

Trustee, and the Fee Committee.

22.    Pursuant to the UST Guidelines, annexed hereto as Exhibit C is a

summary of Paul Hastings' time records billed during the Compensation Period using

project categories as hereinafter described.

23.    Paul Hastings maintains computerized records, in the form of

monthly statements, of the time spent by all Paul Hastings' attorneys and

paraprofessionals in connection with the services rendered on the Debtors' behalf during

these chapter 11 cases.  To the extent that time or disbursement charges for services

rendered or disbursements incurred relate to the Compensation Period, but were not

processed before the preparation of this Application, Paul Hastings reserves the right to

request additional compensation for such services, and reimbursement of such expenses

in a future application.

## SUMMARY OF SERVICES

24.     During the Compensation Period, Paul Hastings rendered

professional services in furtherance of the Debtors' reorganization efforts in these

chapter 11 cases.  The following is a summary of the significant professional services

rendered by Paul Hastings during the Compensation Period.  This summary is organized

in accordance with the Uniform Lehman Billing Task Codes.

25.     **2300 -- Real Estate Matters**.

During the Compensation Period, Paul Hastings represented the Debtors in
(a) asset management and liquidation activities with respect to loans and
other assets, and (b) the negotiation of commercial real estate lease
transactions, such as subleases, assignments, and amendments to existing
leases.  More specifically, Paul Hastings advised the Debtors in the
following matters:

• **Brickstone Environmental Audit.**  The Firm advised the Debtors and,
as necessary, communicated with the Debtors' environmental consultants
and representatives of the current property owner, regarding the respective
parties' environmental obligations relating to the Brickstone Square
project in Andover, Massachusetts.  Paul Hastings advised as to, among
other matters, (a) the estimated schedule for conducting and reporting on a
pilot study being required by certain regulatory authorities, (b) the costs of
this study, including approval by the Debtors and the Debtors' insurance
company of the consultants' revised cost schedule, (c) the appropriate
allocation of costs as between the Debtors and the Debtors' insurance
company with respect to certain aspects of the pilot study, and (d) the
disposal of contaminated purge water from the site, including
identification of the entity that should be listed on waste manifests as the
generator of such contaminated materials.

• **Seneca.**  Paul Hastings advised the Debtors in connection with a
proposed non-judicial foreclosure of the property.  As a result of
negotiations between the Debtors and the borrower, the sale was
postponed and eventually cancelled though certain issues remain
outstanding.

• **Schwartzman Bankruptcy.**  Paul Hastings represented the Debtor in
connection with various foreclosures, claims, settlements and proposed
settlements and negotiations in connection therewith related to a series of
joint ventures between affiliates of the Debtor and affiliates of David

- 8 -

Schwartzman and a loan made by the Debtor to David Schwartzman personally. Such representation included the review and analysis of court filings and ongoing settlement negotiations with Mr. Schwartzman and his affiliates.

- **Project Condor / Marseille**. In connection with the Debtors' interest in the structured debt on Project Condor / Marseille, Paul Hastings reviewed and commented on borrower restructuring proposals and advised on various insolvency, tax, and enforcement concerns regarding a potential Lehman Commercial Paper Inc. investment in the equity.

- **Calvino**. Paul Hastings advised the Debtors with respect to their interest, as lender, in a credit facility to a Dutch borrower owning units in an Italian unit trust. Paul Hastings services included (a) redrafting the facility agent replacement deed, (b) providing Italian law advice, (c) liaising with Dutch counsel to provide joint advice on various aspects of future enforcement, and (d) evaluating restructuring terms in connection with the proposed restructuring.

- **Caliburn**. Paul Hastings advised the Debtor in connection with its proposed joint venture acquisition with Lone Star of the A and B notes in a CDO vehicle, including the negotiation of a term sheet and a non-disclosure agreement.

- **Solaris**. Paul Hastings advised the Debtor in connection with (a) the transfer from Lehman Brothers Bankhaus AG to Lehman Commercial Paper Inc., London, of a subordinated loan advanced to Solaris S.r.l. in the context of a real estate transaction, and (b) the negotiations with Solaris S.r.l. and the other subordinated lenders of certain amendments to the original terms of the subordinated loan.

- **On the Avenue**. Paul Hastings represented the Debtor in connection with its position as mortgage and mezzanine lender to a joint venture that owns the On the Ave hotel. Paul Hastings reviewed existing hotel documents and prepared restructuring proposals that address insolvency, tax, enforcement, and hotel management issues.

26.     **2500 -- Derivative / SWAP Agreement Matters**.

During the Compensation Period, Paul Hastings represented the Debtors in connection with various derivative trades between the Debtors and other entities and provided the Debtors with (a) mediation and mediation related services, (b) litigation and litigation related services, and (c) pre- and post-litigation and dispute resolution services. More specifically, Paul Hastings advised the Debtors in the following matters:

- 9 -

- **MBIA Guarantee**. Paul Hastings advised the Debtor in connection with a dispute over a guarantee issued by MBIA to the Debtor.

- **MBIA Derivatives**. Paul Hastings advised the Debtor in connection with disputes over certain derivative contracts.

27.     The foregoing professional services were necessary and appropriate to the administration of these cases and were in the best interests of the Debtors, the estates, the creditors, and other parties in interest. Compensation for the foregoing services, as requested, is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.

28.     The professional services were performed in an expeditious and efficient manner. The Firm achieved cost efficiencies by utilizing attorneys with (a) extensive expertise, experience, and knowledge in the fields of real estate and litigation, and (b) familiarity with the Debtors and their business operations.

## ACTUAL AND NECESSARY DISBURSEMENTS

29.     As set forth in Exhibit B hereto, Paul Hastings has disbursed $1,890.72, as expenses incurred in providing professional services during the Compensation Period.

30.     Paul Hastings' standard charge for photocopies is $0.20 per page. For purposes of these chapter 11 cases, the Firm has reduced this charge to $0.10 per page. Also, Paul Hastings customarily charges its clients $1.25 per page for out-going facsimile transmissions. For purposes of these cases, the Firm has reduced this charge to $1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the long-distance telephone charges.

31.    Regarding providers of on-line legal research (e.g., LEXIS and WESTLAW), Paul Hastings pays a fixed monthly fee. To allow the Firm to charge its clients for the reasonable cost of actual searches performed on their behalf, the legal research vendors provide the Firm with the retail cost of the individual research sessions performed each month based upon their standard retail cost factors. In recognition of the average annual volume discount implicit in the Firm's fixed fee contracts, the Firm passes through the standard retail cost amounts less 10% to those clients for whom research sessions are actually performed each month. The Firm believes this is the most accurate way to bill those clients on whose behalf research is performed. Because the Firm believes that on-line research is far more cost-efficient than manual research using hard-bound volumes or courthouse record searches, the Firm encourages computerized legal research even though it is not a profit center for the Firm.

32.    The time constraints imposed by the circumstances of the real estate and litigation matters handled by the Firm during the Compensation Period required Paul Hastings attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Debtors. These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis from parties involved in the matter, and satisfy the Debtors' needs and demands. Consistent with Firm policy, attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs. Paul Hastings' regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients

for these and all other out-of-pocket disbursements incurred during the regular course of

the provision of legal services.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

33.    Section 331 of the Bankruptcy Code provides for interim

compensation of professionals and incorporates the substantive standards of section 330

to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 of the

Bankruptcy Code provides that a court may award a professional employed under

section 327 of the Bankruptcy Code "reasonable compensation for actual necessary

services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C.

§ 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award

of such compensation and reimbursement:

> (3)    In determining the amount of reasonable
> compensation to be awarded to an examiner, trustee under
> chapter 11, or professional person, the court shall consider
> the nature, the extent, and the value of such services, taking
> into account all relevant factors, including --
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the
> administration of, or beneficial at the time at which
> the service was rendered toward the completion of,
> a case under this title;
>
> (D)    whether the services were performed within
> a reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue, or task addressed;
>
> (E)    with respect to a professional person,
> whether the person is board certified or otherwise
> has demonstrated skill and experience in the
> bankruptcy field; and

- 12 -

> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

34.    In the instant case, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates during the pendency of these chapter 11 cases.  The services rendered to the Debtors were performed economically, effectively, and efficiently, and the results obtained to date have benefited not only the Debtors, but also the Debtors' estates and the unsecured creditor body as a whole. Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

35.    The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was utilized for the vast majority of the work in this case, to minimize the costs of intra-Paul Hastings communication and education about the Debtors' circumstances.  As demonstrated by this Application and the exhibits attached hereto, Paul Hastings spent its time economically and without unnecessary duplication.

- 13 -

36.    In sum, the services rendered by Paul Hastings were necessary and beneficial to the Debtors, their estates, and their creditors and were consistently performed in a timely manner, commensurate with the complexity, importance, and nature of the issues involved.  Accordingly, approval of the compensation sought herein is warranted.

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order (i) allowing interim compensation for professional services rendered during the Compensation Period in the amount of $549,819.95, representing 100% of fees incurred during the Compensation Period, and reimbursement of $1,890.72, representing 100% of actual and necessary expenses incurred during the Compensation Period; (ii) authorizing and directing the Debtors' payment of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Administrative Order; (iii) allowing such compensation for professional services rendered and reimbursement of

/ / /

actual and necessary expenses incurred be without prejudice to Paul Hastings' right to

seek such further compensation for the full value of services performed and expenses

incurred; and (iv) granting Paul Hastings such other and further relief as is just.

Dated:     Los Angeles, CA
           November **16**, 2010

                                   Respectfully submitted,

                                   _____
                                   Robert M. Keane, Jr. (CA Bar No. 192080)
                                   PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                   515 South Flower Street
                                   Twenty-Fifth Floor
                                   Los Angeles, CA  90071-2228
                                   Telephone:  213-683-6000
                                   Fax:  213-627-0705

                                   Special Counsel for the Debtors and Debtors-in-
                                   Possession

**EXHIBIT A**

PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
Robert M. Keane, Jr. (CA Bar No. 192080)

Special Counsel to the Debtors
and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
| | : | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **Case No. 08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |
----------------------------------------------------------------x

**CERTIFICATION OF ROBERT M. KEANE, JR.**

I, Robert M. Keane, Jr., hereby certify that:

1.      I am a partner in the law firm of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings"). I submit this certification with respect to the Second Interim Application of Paul, Hastings, Janofsky & Walker LLP, Special Counsel for the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2010 through September 30, 2010 (the "Application").

2.      I make this certification in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases adopted by the United States Bankruptcy Court for the

Southern District of New York on April 19, 1995 (the "Local Guidelines"), the United

States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996

(the "UST Guidelines"), and the Third Amended Order Pursuant to Sections 105(a) and

331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for

Interim Monthly Compensation and Reimbursement of Expenses of Professionals, (the

"Administrative Order").

      3.       With respect to section B.1 of the Local Guidelines, I hereby

certify that:

      (a)      I have read the Application;

      (b)      to the best of my knowledge, information, and belief formed after
reasonable inquiry and, except as otherwise provided in the Application, the fees and
disbursements sought in the Application fall within the Local Guidelines;

      (c)      To the best of my knowledge, information, and belief formed after
reasonable inquiry, the fees and disbursements sought are billed at rates in accordance
with practices customarily employed by Paul Hastings and generally accepted by Paul
Hastings' clients; and

      (d)      To the best of my knowledge, information, and belief formed after
reasonable inquiry, in providing a reimbursable service, Paul Hastings does not make a
profit on that service, whether the service is performed by Paul Hastings in-house or
through a third party.

      4.       With respect to section B.2 of the Local Guidelines, and as

required by the Administrative Order, I hereby certify that Paul Hastings has complied

with those provisions requiring it to provide the Office of the United States Trustee for

the Southern District of New York (the "U.S. Trustee"), the Debtors, and any official

committee appointed in these cases with a statement of Paul Hastings' fees and

disbursements accrued during each month for which compensation is sought in the Application (the "Statements"), although (i) the Statements may not have been provided within the timeframe set forth in the Local Guidelines due to administrative limitations, and (ii) the Statements were provided to counsel for (rather than the chair of) the Official Committee of Unsecured Creditors (the "Committee").

5.      With respect to section B.3 of the Local Guidelines, I hereby certify that the Debtors, the U.S. Trustee, and counsel for the Committee are each being provided with a copy of the Application in accordance with the Administrative Order, although (i) the Application may not have been provided within the timeframe set forth in the Local Guidelines due to administrative limitations, and (ii) the Application is being provided to counsel for (rather than the chair of) the Committee.

Dated:     November 16, 2010

Robert M. Keane, Jr. (CA Bar No. 192080)

**EXHIBIT B**
**EXPENSE SUMMARY**

| Description | Total Requested Expenses |
|---|---|
| Outside Professional Service | $63.90 |
| Meals (while working on Lehman matters) | $182.25 |
| Taxi / Ground Transportation | $132.45 |
| Computer search | $266.40 |
| Long Distance Telephone | $203.11 |
| Cell phone charges | $10.70 |
| Conference calls | $2.75 |
| In-house Reproduction Charges (6,589 copies at $0.10 per copy) | $658.94 |
| Courier Service | $331.17 |
| Postage | $1.05 |
| Parking | $38.00 |
|  |  |
| **TOTAL:** | **$1,890.72** |

**EXHIBIT C**
**SUMMARY OF SERVICES BY TASK CODE**

| UNIFORM TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 2300 | Real Estate Matters (United States) | 343.50 | $243,578.50 |
| 2300 | Real Estate Matters (London) | 278.70 | $219,214.95 |
| 2500 | Derivatives / SWAP Agreement Issues | 118.60 | $79,058.00 |
| 4600 | Fee Applications | 9.40 | $3,396.00 |
| 4700 | Retention Matters | 6.40 | $4,572.50 |
| **TOTAL** | | **756.60** | **$549,819.95** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
In re                                                        :   **Chapter 11**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                 :   **Case No. 08-13555 (JMP)**
                                                             :
                                   **Debtors.**              :   **(Jointly Administered)**
                                                             :
                                                             :
-------------------------------------------------------------x

### ORDER GRANTING SECOND INTERIM APPLICATION OF PAUL, HASTINGS, JANOFSKY & WALKER LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

Upon consideration of the *Second Interim Application of Paul, Hastings, Janofsky & Walker LLP for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2010 through September 30, 2010* (the "Application") for professional services rendered and expenses incurred during the period commencing June 1, 2010 through and including September 30, 2010; and a hearing having been held before the Court to consider the Application on _____, 2010; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(7) and (c)(2); and due consideration having been given to any responses thereto; and sufficient cause having been shown therefore, it is hereby

ORDERED that the Application is granted to the extent set forth in Schedule "A."

Dated: _____, 2010
         New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE
                                        SOUTHERN DISTRICT OF NEW YORK

Case No.:  08-13555 (JMP)
Case Name:  Lehman Brothers Holdings Inc., et al.

### CURRENT FEE PERIOD:  JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

| Applicant | Date / Document No. of Application | Fees Requested | Fees Awarded | Expenses Requested | Expenses Awarded |
|---|---|---|---|---|---|
| Paul, Hastings, Janofsky & Walker LLP | Filed | $549,819.95 | | $1,890.72 | |

SCHEDULE A(1)             DATE: _____, 2010         INITIALS: _____ USBJ

Case No.:  08-13555 (JMP)
Case Name:  Lehman Brothers Holdings Inc., et al.

### SUMMARY:  ALL FEE PERIODS
### (INCLUDING THIS PERIOD)

| Applicant | Application | Total Fees Requested * | Total Fees Awarded ** | Total Expenses Requested | Total Expenses Awarded |
|---|---|---|---|---|---|
| Paul, Hastings, Janofsky & Walker LLP | First Interim Application (3/1/10 – 5/31/10) | $296,514.21 | | $197.94 | |
| Paul, Hastings, Janofsky & Walker LLP | Second Interim Application (6/1/10 – 9/30/10) | $549,819.95 | | $1,890.72 | |
| **TOTAL** | | **$846,334.16** | | **$2,088.66** | |

\*    Includes fees previously requested but not awarded (held back fees).
\*\*  Fees held back are treated as not having been awarded.

SCHEDULE A(2)              DATE: _____, 2010        INITIALS: _____ USBJ