1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case Nos. 08-13555(JMP); 08-01420(JMP)(SIPA)

5  - - - - - - - - - - - - - - - - - - - - -x

6  In the Matters of:

7

8  LEHMAN BROTHERS HOLDINGS INC., et al.

9

10              Debtors.

11 - - - - - - - - - - - - - - - - - - - - -x

12 LEHMAN BROTHERS INC.,

13

14              Debtor.

15 - - - - - - - - - - - - - - - - - - - - -x

16              United States Bankruptcy Court

17              One Bowling Green

18              New York, New York

19

20              November 17, 2010

21              2:04 PM

22

23  B E F O R E:

24  HON. JAMES M. PECK

25  U.S. BANKRUPTCY JUDGE

|    | Page 2 |
|----|--------|
| 1  |        |
| 2  | INITIAL SCHEDULING CONFERENCE re FirstBank Puerto Rico v. |
| 3  | Barclays Capital, Inc. [Adv. Case No. 10-04103] |
| 4  |        |
| 5  | PRETRIAL CONFERENCE re LBSF v. PT Mobile-8 Telecom Tbk [Adv. |
| 6  | Case No. 10-03808] |
| 7  |        |
| 8  | PRETRIAL CONFERENCE re Neuberger Berman LLC v. Lehman Brothers |
| 9  | Commercial Corp., et al. [Adv. Case No. 10-03610] |
| 10 |        |
| 11 | PRETRIAL CONFERENCE re Neuberger Berman LLC v. Lehman Brothers |
| 12 | Commercial Corp., et al. [Adv. Case No. 10-03612] |
| 13 |        |
| 14 |        |
| 15 |        |
| 16 |        |
| 17 |        |
| 18 |        |
| 19 |        |
| 20 |        |
| 21 |        |
| 22 |        |
| 23 |        |
| 24 |        |
| 25 | Transcribed by:  Lisa Bar-Leib |

```
 1
 2   A P P E A R A N C E S :
 3   WEIL GOTSHAL & MANGES LLP
 4       Attorneys for Lehman Brothers Holdings Inc. and its
 5        Affiliated Debtors
 6       1300 Eye Street NW
 7       Suite 900
 8       Washington, DC 20005
 9
10   BY:   HOLLY E. LOISEAU, ESQ.
11
12   STUTMAN, TREISTER & BLATT
13       Attorneys for Lehman Brothers Holdings, Inc.
14       1901 Avenue of the Stars
15       12th Floor
16       Los Angeles, CA 90067
17
18   BY:   JEFFREY H. DAVIDSON, ESQ.
19         MICHAEL NEUMEISTER, ESQ.
20         (TELEPHONICALLY)
21
22
23
24
25
```

1
2  GIBBONS P.C.
3       Attorneys for First Bank Puerto Rico
4       One Pennsylvania Plaza
5       37th Floor
6       New York, NY 10119
7
8  BY:   JEFFREY A. MITCHELL, ESQ.
9        JEFFREY S. BERKOWITZ, ESQ.
10       DANIEL S. WEINBERGER, ESQ.
11
12 CLEARY GOTTLIEB STEEN & HAMILTON LLP
13      Attorneys for Barclays Capital Inc.
14      One Liberty Plaza
15      New York, NY 10006
16
17 BY:   BOAZ S. MORAG, ESQ.
18       ARI MACKINNON, ESQ.
19       MATTHEW J. VANEK, ESQ.
20
21
22
23
24
25

```
 1
 2   CHAPMAN & CUTLER LLP
 3        Attorneys for US Bank
 4        111 West Monroe Street
 5        Chicago, IL 60603
 6
 7   BY:    FRANKLIN H. TOP III, ESQ.
 8          JAMES HEISER, ESQ.
 9          (TELEPHONICALLY)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

08-13555-mg    Doc 12936    Filed 11/18/10    Entered 11/19/10 15:56:22    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 6 of 16

Page 6

1                   P R O C E E D I N G S

2           THE CLERK:  All rise.

3           THE COURT:  Be seated, please.  Good afternoon.  We

4    have an adversary docket this afternoon that starts with First

5    Bank of Puerto Rico v. Barclays.

6           (Pause)

7           THE COURT:  Good afternoon.  This case has been around

8    for a while -- I'll take appearances, sure.  I might as well

9    see who's here.

10          MR. MITCHELL:  I'm sorry.  Jeffrey Mitchell.  I'm at

11   Gibbons, P.C.  I'm here with Dan Weinberger and Jeffrey

12   Berkowitz.

13          MR. MORAG:  Good afternoon, Your Honor.  Boaz Morag,

14   Ari Mackinnon and Matthew Vanek from Cleary Gottlieb for

15   Defendant Barclays Capital.

16          THE COURT:  Okay.  I took a look at the file on this.

17   It appears to have been pending for a while in front of Judge

18   Daniels and I gather in September was referred to the

19   bankruptcy court.  But the case has been pending for about a

20   year.  I did not study everything that has gone on in the last

21   year and I just want to be clear as to what you need at this

22   point from me in terms of a procedures order.

23          MR. MITCHELL:  Your Honor, we have discussed with

24   opposing counsel a scheduling order.  We have not conducted any

25   discovery.  There were two, I guess, procedural motions, motion

08-13555-mg    Doc 12936    Filed 11/18/10    Entered 11/19/10 15:56:22    Main Document
Pg 7 of 16
LEHMAN BROTHERS HOLDINGS INC., et al.

Page 7

```
 1   to dismiss at the beginning of the case that was heard in April
 2   and then the motion to transfer which was heard late summer or,
 3   I guess, early September.  And Judge Daniels then referred it
 4   to the bankruptcy court and we've been awaiting the delivery of
 5   the file to the bankruptcy court which, as soon as we got that,
 6   we came here for -- I guess to proceed now with discovery.
 7   We're past the motion to dismiss and the transfer.
 8            THE COURT:  I take it there are no motions that remain
 9   to be adjudicated and --
10            MR. MITCHELL:  That's correct.
11            THE COURT:  -- we're, in effect, starting fresh now.
12            MR. MORAG:  Correct.
13            MR. MITCHELL:  That's right.  We're past the motion to
14   dismiss and motion to transfer.  So we're now starting at
15   discovery.
16            THE COURT:  Okay.  And what's involved in that?  And
17   then how much time do you think you need?
18            MR. MITCHELL:  We prepared a draft -- we prepared a
19   draft document.  We provided for the completion of fact
20   discovery by April 15th.  And then there's a series of,
21   pursuant to the rules, document discovery, notices to be
22   served, I think, by December 15th, interrogatories by December
23   31st and, you know, a schedule that way.  We have it here.  I
24   can hand a copy up to Your Honor if you'd like to see it.
25            THE COURT:  Sure.  I'll take a look at it.
```

08-13555-mg    Doc 12936    Filed 11/18/10    Entered 11/19/10 15:56:22    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 8 of 16

Page 8

1          MR. MORAG:  Your Honor, we discussed the schedule
2     beforehand and we're in agreement on the dates.
3          THE COURT:  So there's nothing controversial here?
4          MR. MORAG:  No.
5          THE COURT:  At least not about scheduling.
6          MR. MORAG:  Not between the parties.
7          THE COURT:  Okay.
8          MR. MITCHELL:  Not yet.
9          THE COURT:  All right.  So we have a dispositive
10    motion schedule for early next summer and a final pretrial date
11    to be inserted.
12         Let me just ask whether or not the parties have
13    considered alternative dispute resolution, mediation,
14    settlement discussions, informal discovery or anything that
15    might make it unnecessary for you to spend another year
16    visiting with me.
17         MR. MITCHELL:  Judge Daniels had initially referred
18    the ca -- before he signed the motion to transfer, he had
19    referred the case to mediation.  I think as we got into that
20    process, because we really haven't engaged in any discovery, it
21    was premature.  And I think the positions of the parties at
22    least at this stage were, we're right, they're wrong on both
23    sides.  And it may be premature to try to do that again at this
24    point.  I think certainly we need to get through a document
25    discovery process, I think.  Maybe some interrogatories.

08-13555-mg    Doc 12936    Filed 11/18/10    Entered 11/19/10 15:56:22    Main Document
Pg 9 of 16
LEHMAN BROTHERS HOLDINGS INC., et al.

Page 9

```
 1  Perhaps once we get into it a little bit and we visited with
 2  Your Honor, if there had been some disputes, maybe that would
 3  be the time.  But I have a sense having gone through the
 4  beginnings of a mediation process that it wasn't going to go
 5  anywhere because the parties really had the positions that one
 6  was right and the other -- and each party believes they're
 7  right.  And the mediator, I'm not sure, was going to be capable
 8  of resolving that yet.
 9              THE COURT:  When you say "right", right on the facts
10  or right on the law or both?
11              MR. MITCHELL:  We're entitled to our property back;
12  they're entitled to keep it.  So that's some -- the issue is
13  who's entitled to the -- what we allege as the collateral and
14  whether the collateral was, in fact, transferred out of the
15  Lehman estate to Barclays as part of the sale or not.
16              THE COURT:  Is there any dispute that the sixty-two
17  million dollars, more or less -- I think that's what this
18  involves -- is currently held by Barclays?
19              MR. MITCHELL:  I think they dispute that all of it is
20  there.  But I think they have accounted for most of it.
21              THE COURT:  What's the story?
22              MR. MORAG:  Your Honor, I think there are twenty-four
23  CUSIPs at issue.  Twenty of the twenty-four were transferred to
24  Barclays in the repo that Your Honor is familiar with between
25  LBI and Barclays.  We understand that the balance of the CUSIPs
```

08-13555-mg    Doc 12936    Filed 11/18/10    Entered 11/19/10 15:56:22    Main Document
                                Pg 10 of 16
LEHMAN BROTHERS HOLDINGS INC., et al.

Page 10

```
 1   were transferred at some point to Blackstone.  We don't know
 2   anything about that -- anything further about that.
 3            With respect to Your Honor's question about the facts
 4   versus the law, just if I could say in one sentence, this is a
 5   situation where First Bank was a counterparty to LBSF, Lehman
 6   Brothers Special Financing.  That is the agreement under which
 7   they posted this collateral, permitted LBSF to sell and
 8   hypothecate the collateral.  We believe the facts will show --
 9   and we agree that we probably do need to do a little bit of
10   document discovery and exchange to be able to establish these
11   facts to First Bank's satisfaction.  But we also have questions
12   about their facts -- that LBSF before the bankruptcy filings
13   did sell, as it was entitled to do, these twenty CUSIPs over a
14   period of time to LBI, Lehman Brothers Inc., which then used
15   them in its operations and used them in the -- for the Fed repo
16   and then subsequently in the Barclays repo.  And that's the
17   first line of defense to this claim before you get to any other
18   issues under the UCC and so on.
19            So we concur that mediation is probably a concept or a
20   settlement conference with another bankruptcy -- whatever
21   alternative dispute resolution might be appropriate would
22   probably make most sense after initial document exchanges.
23            THE COURT:  Probably make the most sense --
24            MR. MORAG:  After initial document exchanges.
25            THE COURT:  Okay.  I'm not pressing the point.  It's
```

08-13555-mg    Doc 12936    Filed 11/18/10    Entered 11/19/10 15:56:22    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 11 of 16

Page 11

1   just that it looks as if a fair amount of activity took place
2   prior to the reference from the district court to the
3   bankruptcy court.  And we're now a full year into pending
4   litigation which you're just now starting in terms of merits
5   discovery.  So I think it's just a concept that I think the
6   parties should keep in mind.  At some point, which you're going
7   to know better than I'm going to know, it may be sensible to
8   determine what facts are undisputed and then see whether or not
9   it's possible to reach an understanding that avoids the
10  dispositive motion phase of the case.  And if that's not
11  possible, we'll deal with that.  And if we need a trial, we'll
12  have a trial.  But the dates that you've come up with look fine
13  to me.  I'll need a disk.
14              MR. MITCHELL:  Pardon?
15              THE COURT:  I'll need a disk.
16              MR. MORAG:  We'll arrange that.
17              MR. MITCHELL:  Okay.
18              THE COURT:  You'll have to provide me -- if I'm going
19  to enter this as an order, you'll just have to give me the
20  necessary tools for that.
21              MR. MORAG:  Understood.  We'll arrange it.
22              THE COURT:  Okay.  Fine.  And unless there are issues,
23  I probably won't be seeing you for a while.
24              MR. MORAG:  Understood.
25              MR. MITCHELL:  Thank you, Your Honor.

```
 1              THE COURT:  Okay.
 2              I have an old calendar.  Is PT Mobile the next one?
 3    Pt Mobile-8?
 4         (Pause)
 5              MS. LOISEAU:  Good afternoon, Your Honor.
 6              THE COURT:  Good afternoon.
 7         (Pause)
 8              THE COURT:  Please proceed.
 9              MS. LOISEAU:  Sure.  Holly Loiseau on behalf of Lehman
10    Brothers Special Financing, a plaintiff in this adversary
11    proceeding.  Your Honor, Lehman Brothers Special Financing
12    filed an adversary complaint on October 1st and that complaint
13    was served by mail facsimile and e-mail on the defendant, PT
14    Mobile-8.  PT Mobile-8 is located in Jakarta, Indonesia.  On
15    October 4th, service was effected.  We have yet to receive any
16    answer or response to the complaint and it's past the thirty
17    day period.  And as of yesterday, when we checked the docket,
18    there had been no response to the complaint.  So this morning,
19    the debtor filed a request for entry of default with the clerk.
20    If that request is granted then the debtor intends to move for
21    a default judgment in the matter and then to proceed with that
22    default judgment.
23              THE COURT:  I'm familiar with this because this came
24    up on the omnibus docket, I believe it was last month, for the
25    first time.  And I guess my only question in respect of the
```

08-13555-mg    Doc 12936    Filed 11/18/10    Entered 11/19/10 15:56:22    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 13 of 16

Page 13

1  default which you're going to be seeking is the issue of
2  service of the complaint and actual notice to PT Mobile-8
3  Telecom of the pending action.  Is there any question in your
4  mind as to the sufficiency of service given that we're dealing
5  with the Jakarta entity?
6            MS. LOISEAU:  No, Your Honor.  And the reason that, at
7  least in my mind, there's no issue regarding service is
8  actually the debtor did file an affidavit of service that it
9  was served by international mail, facsimile and e-mail.
10 Also -- and we had a receipt that it had been received by
11 facsimile.  We also did try to effect service personally
12 through local counsel in Jakarta on several occasions and that
13 attempt for hand delivery was refused by PT Mobile-8.  But the
14 other -- because we have tried several methods of service, I
15 don't believe that there is any notice issue with respect to
16 them having receipt of the complaint at this point.
17           THE COURT:  Okay.  Well, since there's no one here at
18 least visibly representing the interest of PT Mobile-8, we'll
19 proceed with your efforts to obtain a default judgment and
20 presumably thereafter to obtain recognition of that judgment in
21 Jakarta.
22           MS. LOISEAU:  Thank you, Your Honor.
23           THE COURT:  I don't think there's anything other than
24 whatever proceedings take place in respect of the default.  So
25 that's it for this one.  This is a short afternoon.  There was

08-13555-mg    Doc 12936    Filed 11/18/10    Entered 11/19/10 15:56:22    Main Document
Pg 14 of 16
LEHMAN BROTHERS HOLDINGS INC.; et al.

Page 14

1  one other matter that was recently adjourned.  I think that --
2  I know there are other people in the courtroom but I assume
3  that you're just watching and that there's no one else who's
4  expecting to be heard this afternoon.
5          MS. LOISEAU:  It's my understanding from my colleagues
6  that the other matters that were on the docket had been
7  adjourned for the afternoon.
8          THE COURT:  Fine.  We are then adjourned for the day.
9  See you next time.
10         MS. LOISEAU:  Thank you.
11      (Whereupon these proceedings were concluded at 2:20 p.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 15

I N D E X

R U L I N G S

| DESCRIPTION | PAGE | LINE |
|---|---|---|
| Debtors' motion requesting entry of an order approving consensual scheduling order granted | 11 | 13 |

1

2                      C E R T I F I C A T I O N

3

4    I, Lisa Bar-Leib, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7    _____

8    LISA BAR-LEIB

9    AAERT Certified Electronic Transcriber (CET**D-486)

10

11

12   Veritext

13   200 Old Country Road

14   Suite 580

15   Mineola, NY 11501

16

17   Date:  November 18, 2010

18

19

20

21

22

23

24

25