**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

## RESPONSE OF TELECOM ITALIA FINANCE SA TO DEBTORS' SIXTY-THIRD OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Telecom Italia Finance SA ("Telecom Italia"), by and through its undersigned counsel, hereby submits this response to the Debtors' Sixty-Third Omnibus Objection To Claims (Valued Derivative Claims) (the "Objection") and in support thereof states as follows:

### BACKGROUND

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") commenced this bankruptcy case by filing a voluntary Chapter 11 case. Thereafter, on or about October 3, 2008, Lehman Brothers Special Financing Inc. ("LBSF") itself commenced a voluntary Chapter 11 case. Prior to the Petition Date, LBSF and Telecom Italia were parties to (i) that certain ISDA Master Agreement dated June 7, 1999 between Claimant and Debtor (the "Master Agreement"); (ii) that certain ISDA Schedule to the Master Agreement dated June 7, 1999 between Claimant and Debtor (the "Schedule"); and (iii) a series of transactions governed by the Master Agreement and evidenced by one or more confirmations exchanged between the parties (each, a "Confirmation") confirming the transactions (the

"Transactions," together with the Master Agreement, the Schedule and the Confirmations, the "Transaction Documents"). LBHI is the Credit Support Provider to LBSF and pursuant to the Guarantee of LBHI dated May 31, 2000 (the "Guarantee"), LBHI is the guarantor of all amounts due under the Transaction Documents, as amended, payable by Debtor to Claimant.

2.     There is no question that Telecom Italia properly and timely exercised its rights under the Transaction Documents to terminate the Transactions or to file proofs of claims in this Chapter 11 case. As indicated in the Objection, Telecom Italia timely filed proofs of claim against the Debtors -- claim number 15366 against LBSF and claim number 15368 against LBHI, in both cases, asserting a claim in the amount of $35,752,789.99 (collectively, the "Claims"). These Claims arose in connection with various Transactions arising under Transaction Documents. Pursuant to Section 5(a)(vii) of the Master Agreement, the commencement of this Chapter 11 case by LBHI constituted an Event of Default. Accordingly, on **September 15, 2008,** as a result of the Event of Default, Claimant exercised its rights under Section 6(a) of the Master Agreement and notified Debtor that Claimant was designating **September 17, 2008** as the Early Termination Date in respect of all then outstanding transactions. Shortly thereafter, **on September 23, 2008,** Claimant transmitted a Notification of Settlement Amount to LBSF demanding payment from LBSF in the amount of USD 35,552,789.99 in connection with the early termination of the outstanding transactions.

3.     By its Objection, the Debtors object to a number of claims, including Telecom Italia's, asserting that the claims should be reduced and allowed in amounts smaller than that which was asserted by the creditors. Telecom Italia disputes that its Claims do not reflect the fair, accurate and reasonable termination values of the Transactions, calculated in accordance with the Transaction Documents.

2

## ARGUMENT

4.     Once filed, a proof of claim establishes *prima facie* evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f). Under Rule 3001(f), the allegations of a proof of claim are taken as true and the claim enjoys *prima facie* validity. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991); *Wilson v. Huffman (In re Missionary Baptist Found. of Am.)*, 818 F.2d 1135, 1143 (5th Cir. 1987). *See also Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 551-52 (5th Cir. 1985) ("a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim") (citing to FED. R. BANKR. P. 3001(f)); *Glinka v. Dartmouth Banking Co. (In re Kelton Motors, Inc.)*, 121 B.R. 166, 190 (Bankr. D. Vt. 1990) ("there is a presumption of the validity of the proof of claim" under Rule 3001(f)); *In re Windsor Commc'ns Group, Inc.*, 45 B.R. 770, 773 (Bankr. E.D. Pa. 1985) (holding that filing a proof of claim in accordance with the Bankruptcy Code and the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim).

5.     Once a creditor files a *prima facie* valid proof of claim, the burden of proof shifts to the debtor "to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (citing *In re Holm*, 931 F.2d at 623). Specifically, the objecting party must come forward with substantial facts to overcome the proof of claim's *prima facie* validity. *Webster v. Barbara (In re Otis & Edwards, P.C.)*, 115 B.R. 900, 914 (Bankr. E.D. Mich. 1990).

6.     The Debtors do not contest that Telecom Italia's Proofs of Claim were filed in accordance with Rule 3001. Nor do the Debtors significantly challenge that Telecom Italia's Claims are fair, accurate and reasonable. The Debtors acknowledge in the Objection that

Telecom Italia's Claim against LBHI should be allowed in the amount of $35,565,272.35 (roughly $187,517 less than the Claim amount asserted against LBHI). It is also undisputed that prior to the commencement of the bankruptcy petition by LBSF, Telecom Italia terminated the Transactions, calculated the settlement amount owed by both LBSF and LBHI arising from the Early Termination of the Transactions in accordance with the Transaction Documents in U.S. dollars, and transmitted to LBSF and LBHI the Notice of the Settlement Amount. Inexplicably, even though Telecom Italia's claim against LBSF was fully liquidated and determined in U.S. dollars prior to commencement of LBSF's bankruptcy case, the Debtors are seeking to reduce Telecom Italia's claim against LBSF even further (by roughly $1,000,000). (Of course, even by the Debtors' own assertions, because LBSF commenced bankruptcy two weeks after LBHI, LBHI, Telecom Italia is owed additional interest on its claim against LBSF). Other than cursory allegations, the Debtors have failed to provide any information regarding the basis on which it is seeking to reduce Telecom Italia's Claims, nor have they provided any evidence to support allowance of Telecom Italia's Claims in a reduced amount. Clearly, there is no reason, and the Debtors have not attempted to justify a different amount, for Telecom Italia to have an allowed Claim against LBSF in an amount lower than that which is allowed against LBHI.

7.  Telecom Italia requests that the amounts be allowed against LBHI and LBSF in the full amount asserted in its Proofs of Claim (namely, $35,752,789.99).

## CONCLUSION

8.  Accordingly, and for the reasons set forth above, Telecom Italia requests the Court deny the Debtors' Objection to Claim 15366 and Claim 15368 and grant such other and further relief as is just and proper.

Dated: November 22, 2010         **ORRICK, HERRINGTON & SUTCLIFFE LLP**
      New York, New York

By: */s/ Lorraine S. McGowen*
    Lorraine S. McGowen, Esquire
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone: (212) 506-5000
    Facsimile: (212) 506-5151