WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                    :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN LEHMAN COMMERCIAL PAPER INC.**
**AND CERTAIN SUNCAL VOLUNTARY DEBTOR**
**ENTITIES GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

Lehman Commercial Paper Inc. ("LCPI") and the Subject Voluntary Debtors[1] (the

"Subject Voluntary Debtors" together with LCPI, the "Parties"), by and through their respective

counsel, hereby enter into this Stipulation, Agreement and Order and represent and agree as

follows:

**RECITALS**

A.    On September 15, 2008 and periodically thereafter (the "Commencement Date"),

Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "Debtors")

commenced with this Court voluntary cases under chapter 11 of title 11 of the United States

---

[1]    The "Subject Voluntary Debtors" are Palmdale Hills Property, LLC, Acton Estates, LLC, SunCal Beaumont Heights, LLC, SunCal Bickford Ranch LLC, North Orange Del Rio Land, LLC, SunCal Emerald Meadows, LLC, SunCal Johannson Ranch, LLC, SunCal Summit Valley, LLC, Tesoro SF, LLC and SCC Communities, LLC.

Code ("Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.     The Subject Voluntary Debtors are currently debtors whose chapter 11 cases (the "California Bankruptcy Cases") are pending in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court").

C.     The Parties have negotiated and filed a stipulation with the California Bankruptcy Court (a copy of which is annexed hereto as Exhibit "1") (the "California Stipulation").  The Parties request the Court modify the automatic stay, to the extent it applies.

D.     The Parties hereto have agreed to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1.     This Stipulation, Agreement and Order is hereby approved without necessity or requirement of further proceedings or Court approval.

2.     The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified solely to permit LCPI to enter into the California Stipulation and undertake any actions contemplated to be taken by LCPI in connection therewith; *provided that,* nothing in this Stipulation, Agreement and Order shall require any party hereto to enter into the California Stipulation.

3.     Except as provided in paragraph 2, and to the extent the automatic stay applies,

the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those

provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the

Commencement Date from LCPI's estate and/or assets or property of LCPI (as defined in section

541 of the Bankruptcy Code) shall remain in full force and effect.

4.      Notwithstanding anything to the contrary herein, this Stipulation, Agreement and

Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any

rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to

any issues that are not expressly addressed herein.  Specifically, and for the avoidance of doubt,

the Parties reserve all rights in connection with the Alleged Unencumbered Cash (as defined in

the California Stipulation) and all aspects of pending litigation among the Parties, including,

without limitation, any matters involving equitable subordination or substantive consolidation.

5.      This Stipulation, Agreement and Order is solely for the benefit of the Parties and

not for any other person or entity, and no such other person or entity shall be entitled to the

benefit of (or be entitled to rely upon) this Stipulation, Agreement and Order.

6.      Each person who executes this Stipulation, Agreement and Order on behalf of a

Party represents that he or she is duly authorized to execute this Stipulation, Agreement and

Order on behalf of such Party.

7.      This Stipulation, Agreement and Order may be executed in multiple counterparts,

each of which shall be deemed an original but all of which together shall constitute one and the

same instrument.

8.      This Stipulation, Agreement and Order can only be amended or otherwise

modified by a signed writing executed by the parties hereto.

9.      This Stipulation, Agreement and Order shall be effective immediately upon its

entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

10.     The Court shall retain jurisdiction to resolve any disputes or controversies arising

from this Stipulation, Agreement and Order.


Dated: November 9, 2010

**WEIL, GOTSHAL & MANGES LLP**

/s/ Shai Y. Waisman
Shai Y. Waisman
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007


Attorneys for Debtors
and Debtors in Possession

**WINTHROP  COUCHOT  PROFESSIONAL
CORPORATION**

/s/ Paul J. Couchot
Paul J. Couchot
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949)720-4111


Attorneys for the Subject Voluntary Debtors


SO ORDERED this 22nd day of November, 2010


    s/ James M. Peck
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT "1"**

1  Richard M. Pachulski (CA Bar No. 90073)
   Dean A. Ziehl (CA Bar No. 84529)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Boulevard, Suite 1100
3  Los Angeles, California  90067
   Telephone:  (310) 277-6910
4  Facsimile:  (310) 201-0760

5  Edward Soto (admitted *pro hac vice*)
   Shai Waisman (admitted *pro hac vice*)
6  WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
7  New York, NY  10153-0119
   Telephone:  (212) 310-8000
8  Facsimile:  (212) 310-8007

9  Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
   Northlake Holdings LLC and OVC Holdings LLC

10 Paul J. Couchot
   Peter W. Lianides
11 WINTHROP COUCHOT
   PROFESSIONAL CORPORATION
12 660 Newport Center Drive, Suite 400
   Newport Beach, CA 92660
13 Telephone:  (949) 720-4100
   Facsimile:  (949) 720-41111
14
15 General Insolvency Counsel for Voluntary Debtors and Debtors
   in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>    Jointly Administered Debtors and<br>    Debtors-In-Possession.<br><br>_____<br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☒ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☒ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows, LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☒ SCC Communities, LLC<br>☒ North Orange Del Rio Land, LLC | Case No.: 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br><br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**STIPULATION PURSUANT TO<br>11 U.S.C. §§ 362, 363, 364, AND 507:<br>(1) AUTHORIZING THE USE OF<br>ALLEGED UNENCUMBERED CASH;<br>(2) GRANTING ADMINISTRATIVE** |

*(left margin, vertical text)* PACHULSKI STANG ZIEHL & JONES LLP / ATTORNEYS AT LAW / LOS ANGELES, CALIFORNIA

1  ☒ Tesoro SF, LLC
   ☐ LB-L-SunCal Oak Valley, LLC
2  ☐ SunCal Heartland, LLC
   ☐ LB-L-SunCal Northlake, LLC
3  ☐ SunCal Marblehead, LLC
   ☐ SunCal Century City, LLC
4  ☐ SunCal PSV, LLC
   ☐ Delta Coves Venture, LLC
5  ☐ SunCal Torrance, LLC
   ☐ SunCal Oak Knoll, LLC
6

**EXPENSE CLAIMS; AND
(3) MODIFYING AUTOMATIC STAY
TO THE EXTENT NECESSARY**

**Hearing Date:**
Date:     November 30, 2010
Time:     10:30 A.M.
Place:    Courtroom 5A

7       This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman

8  ALI"), Lehman Commercial Paper Inc. ("LCPI"), Northlake Holdings LLC ("Northlake Holdings"),

9  OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI, LCPI and Northlake

10 Holdings, the "Lehman Entities"),[1] on the one hand, and certain of the above-captioned debtors and

11 debtors in possession affected by this Stipulation (the "Subject Voluntary Debtors"),[2] on the other

12 hand.  The Lehman Entities and the Subject Voluntary Debtors (together, the "Parties") hereby enter

13 into this Stipulation and agree as follows:

14                          **RECITALS**

15      WHEREAS, on November 6, 7, and 19, 2008, the Voluntary Debtors[3] filed their respective

16 voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code") in the United

17 States Bankruptcy Court for the Central District of California (the "Court").  The Voluntary Debtors

18 continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and

19 1008 of the Bankruptcy Code.

20

---

[1] The Lehman Entities shall refer to the Lehman Entities on behalf of themselves, both individually and collectively, as purported lenders, and as purported agents for all lenders under the applicable loan documents, including, without limitation, as purported agents for Fenway Capital, LLC.  Notwithstanding anything to the contrary contained herein, the Lehman Entities do not concede that they are "purported" lenders or agents as to the loan(s) or any particular loan, and reserve all of their rights in connection therewith.

[2] The Subject Voluntary Debtors are: Palmdale Hills Property, LLC; Acton Estates, LLC; SunCal Beaumont Heights, LLC; SunCal Bickford Ranch LLC; North Orange Del Rio Land, LLC; SunCal Emerald Meadows, LLC; SunCal Johannson Ranch, LLC; SunCal Summit Valley, LLC; Tesoro SF, LLC; and SCC Communities, LLC.

[3] The Voluntary Debtors in these cases consist of: Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates, LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio Land, LLC (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch, LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows, LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley, LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against the Trustee Debtors.[4]

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders granting the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee (the "Trustee") for the Trustee Debtors.

WHEREAS, the Lehman Entities are authorized to enter into this Stipulation on behalf of themselves, as lenders, and as agents for all lenders under the applicable loan documents.

WHEREAS, LCPI is a debtor and debtor in possession in the jointly administered cases captioned In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

WHEREAS, the Lehman Entities assert secured claims against the Debtors that approximate $2.3 billion, and include within the scope of the pledged collateral certain real and personal property owned by the Subject Voluntary Debtors.

WHEREAS, certain of the Voluntary Debtors maintain bank accounts containing cash or cash equivalents, which the Lehman Entities assert are subject to perfected liens and therefore constitute the Lehman Entities' "cash collateral" under section 363 of the Bankruptcy Code. The Subject Voluntary Debtors dispute such contention, and assert that such cash and cash equivalents are not subject to perfected liens of the Lehman Entities and therefore do not constitute "cash collateral" under section 363 of the Bankruptcy Code. The cash and cash equivalents held by the Subject Voluntary Debtors shall be referred to herein as the "Alleged Unencumbered Cash" and

---

[4] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES; SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    shall include, but are not limited to, the cash and cash equivalents held in the accounts maintained by

2    the Subject Voluntary Debtors set forth in **Exhibit A** attached hereto.

3    WHEREAS, on April 2, 2009, Lehman ALI, certain of the Voluntary Debtors, and the

4    Trustee for the Trustee Debtors, by and through their counsel, entered into that certain *Stipulation*

5    *with Lehman ALI, Inc. Pursuant to 11 U.S.C. §§ 362, 363, 364, and 507: (1) Approving Senior*

6    *Secured Superpriority Postpetition Financing; (2) Granting Liens and Providing Superpriority*

7    *Administrative Expense Status; and (3) Modifying Automatic Stay to the Extent Necessary* (the

8    "April 2009 DIP Stipulation") affecting certain of the Voluntary Debtors and certain of the Trustee

9    Debtors as set forth specifically therein (the "April 2009 Borrowers").  The April 2009 DIP

10   Stipulation was approved by the Court by the entry of an order on April 17, 2009 (the "April 2009

11   DIP Order").

12   WHEREAS, pursuant to the April 2009 DIP Stipulation, among other things, the April 2009

13   Borrowers were authorized to borrow from Lehman ALI, and Lehman ALI was authorized to make

14   available to each April 2009 Borrower, individual loans (collectively, the "April 2009 DIP Loans")

15   in an aggregate amount equal to $1,790,572.00.  The Subject Voluntary Debtors have fully repaid to

16   Lehman ALI the principal amount of April 2009 DIP Loans made to them in the amount of

17   $270,731.00.

18   NOW THEREFORE, in consideration of the mutual covenants contained herein, and other

19   good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is

20   hereby stipulated and agreed by and among the Parties as follows:

21   **AGREEMENT**

22   1.    Court Approval.  The Stipulation is subject to approval of the Court, and LCPI's

23   entry into the Stipulation is subject to approval by the New York Bankruptcy Court, and the

24   Stipulation shall have no force and effect until the date that both such approvals have been

25   obtained (the "Approval Date").  Immediately upon the Approval Date (notwithstanding any

26   applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become

27   valid and binding upon and inure to the benefit of the Lehman Entities, the Subject Voluntary

28   Debtors, all other creditors of the Subject Voluntary Debtors, any committees appointed in these

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    cases, and all other parties in interest and their respective successors and assigns, including any

2    trustee or other fiduciary hereafter appointed in any of the cases or upon dismissal of any of the

3    above-captioned cases (the "Cases").

4        2.    The Subject Voluntary Debtors' Use of the Alleged Unencumbered Cash.  The

5    Lehman Entities consent to the use by each Subject Voluntary Debtor of the Alleged Unencumbered

6    Cash held by each such Subject Voluntary Debtor solely for the purpose of paying:  (a) the costs and

7    expenses attributable to each such Subject Voluntary Debtor in the total aggregate amount not to

8    exceed $362,848.00 as set forth in the budgets attached hereto as **Exhibit B** (the "Budgets," as such

9    Budgets may be revised or amended with the written consent of the Lehman Entities, which consent

10   may be granted or withheld in the Lehman Entities' sole and absolute discretion) in an aggregate

11   amount not to exceed the total amount of the Budgets as set forth in **Exhibit B**, except that each

12   Subject Voluntary Debtor may expend funds for any particular line items allocable to such Subject

13   Voluntary Debtor as set forth in the Budgets (the "Budget Items") in excess of the respective

14   amounts provided for such Budget Items for a particular Subject Voluntary Debtor, so long as such

15   excess amount is equal to or less than 5% of the amount allocated to that particular Subject

16   Voluntary Debtor for a particular Budget Item and provided that the aggregate amount for all such

17   Budget Items for a particular Subject Voluntary Debtor is not increased; and (b) the reasonable fees

18   and expenses incurred by professionals retained in the Voluntary Debtors' cases, including the law

19   firm of Miller Barondess, LLP (the "Miller Firm").   In addition, LCPI consents to and Palmdale

20   Hills Property, LLC ("Palmdale Hills") is authorized to make, from Alleged Unencumbered Cash

21   held by Palmdale Hills, individual loans:  (a) to each of the other Subject Voluntary Debtors solely

22   for the purpose of paying (i) the costs and expenses attributable to each such Subject Voluntary

23   Debtor as set forth in the Budgets attached hereto as **Exhibit B** and (ii) the reasonable fees and

24   expenses incurred by professionals retained in the Voluntary Debtors' cases, including the Miller

25   Firm; and (b) by separate Court approval, to the Trustee Debtors for the purpose of paying the

26   reasonable fees and expenses incurred by professionals retained in the Trustee Debtors' cases,

27   including the Miller Firm; provided, however, that: (a) Palmdale Hills is permitted to make

28   individual loans from Alleged Unencumbered Cash held by Palmdale Hills only to Subject

Voluntary Debtors or Trustee Debtors that have used, and accordingly no longer hold, any Alleged Unencumbered Cash; and (b) the use of any Alleged Unencumbered Cash for payments to the Miller Firm shall be subject to the terms and conditions set forth in any orders entered by the Court approving any application for authority to employ Miller Barondess as special litigation counsel. The aggregate amount of any Alleged Unencumbered Cash used in accordance with this paragraph 2 shall be referred to herein as the "Alleged Unencumbered Cash Funding Amount." The Subject Voluntary Debtors shall maintain appropriate documentation related to the expenditure of any and all of the Alleged Unencumbered Cash Funding Amount. The Subject Voluntary Debtors shall provide to the Lehman Entities, upon their reasonable request, a breakdown of the Alleged Unencumbered Cash Funding Amount spent as of the date of the request and provide all documentation relating to such actual amounts spent. For the avoidance of doubt, the Budget Items for each Subject Voluntary Debtor shall not be modified, the Subject Voluntary Debtors shall not expend any of the Alleged Unencumbered Cash Funding Amount for any particular Budget Items in excess of the respective amounts provided for such Budget Items in the Budgets (plus 5%), and the Alleged Unencumbered Cash held by each such Subject Voluntary Debtor shall not be used for any other purpose, or by any other Subject Voluntary Debtor for costs and expenses allocable to any such other Subject Voluntary Debtor, without (i) the prior written consent of the Lehman Entities, which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion, or (ii) further order of the Court.

3.      Termination Date.  The authority provided hereunder to use the Alleged Unencumbered Cash Funding Amount shall terminate on the one hundred and twentieth day (120th) day after the Approval Date (the "Termination Date"), and no further use of the Alleged Unencumbered Cash Funding Amount shall be made after thirty (30) days following the Termination Date without either the prior written consent of the Lehman Entities, which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion, or further order of the Court, provided however, that the Termination Date shall apply only with respect to the Budgets and not with respect to the payment of professional fees.

4.      Repayment of the Alleged Unencumbered Cash Funding Amount as Administrative

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Expense Claims Under Certain Circumstances. In the event the Parties agree or the Court finds that

2   all or portion(s) of the Alleged Unencumbered Cash are subject to perfected liens of the Lehman

3   Entities, then such portions of the Alleged Unencumbered Cash Funding Amount subject to the

4   perfected liens shall constitute an allowed administrative expense claim under the Bankruptcy Code

5   that shall be due and payable to the applicable Lehman Entities by a plan proponent in full, in cash,

6   without notice or demand, upon the effective date of any confirmed plan of reorganization or

7   liquidation in the Cases. In the event the Parties agree or the Court finds that all or portion(s) of the

8   Alleged Unencumbered Cash are not subject to perfected liens held by any of the Lehman Entities,

9   then such portions of the Alleged Unencumbered Cash Funding Amount not subject to any perfected

10  lien shall not be repayable in such circumstances wherein a Subject Voluntary Debtor used its own

11  Alleged Unencumbered Cash to pay the expenses of its own estate, or that such payments were

12  authorized to be made pursuant to the entered orders of the Court authorizing joint administration of

13  the Debtors (the "Joint Administration Orders"). Notwithstanding anything to the contrary

14  contained herein, the Lehman Entities reserve their rights to assert that the Joint Administration

15  Orders did not excuse the Subject Voluntary Debtors from repaying the amounts of professional fees

16  paid by other Subject Voluntary Debtors. In the event that the Parties agree or the Court finds that

17  all or portion(s) of the Alleged Unencumbered Cash are not encumbered by a perfected lien of the

18  Lehman Entities but such portions were used for the benefit of another Subject Voluntary Debtor,

19  then such portion(s) shall constitute an administrative expense obligation of the Subject Voluntary

20  Debtor for whose benefit such portion of the Alleged Unencumbered Cash was used, and shall be

21  repaid in accordance with section 1129(a)(9) of the Bankruptcy Code to the Subject Voluntary

22  Debtor that owned such portion of the Alleged Unencumbered Cash. The Parties reserve all rights in

23  connection with the Alleged Unencumbered Cash, including, without limitation, their rights with

24  respect to whether such cash is encumbered or unencumbered by perfected liens held by any of the

25  Lehman Entities. The administrative expense claims provided for in this paragraph 4 shall be

26  referred to herein as the "Alleged Unencumbered Cash Administrative Expense Claims."

27          5.       Repayment Of Accrued and Unpaid Interest on April 2009 DIP Loan Amounts.

28  Upon the occurrence of the Approval Date, each applicable Subject Voluntary Debtor shall repay to

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Lehman ALI, from the Alleged Unencumbered Cash held by each such Subject Voluntary Debtor,

2    only to the extent of the lesser of the accrued and unpaid interest on the amount that such Subject

3    Voluntary Debtor borrowed under the April 2009 DIP Order and the amount of such Subject

4    Voluntary Debtor's Alleged Unencumbered Cash, the full amount of accrued and unpaid interest on

5    the April 2009 DIP Loans made to each such Voluntary Debtor.  To the extent the accrued and

6    unpaid interest on an April 2009 DIP Loan made to a particular Subject Voluntary Debtor exceeds

7    the amount of Alleged Unencumbered Cash held by such Subject Voluntary Debtor, Palmdale Hills

8    shall make an individual loan to such Subject Voluntary Debtor from Alleged Unencumbered Cash

9    held by Palmdale Hills for the purpose of permitting the repayment of such Subject Voluntary

10    Debtor's April 2009 DIP Loan by such Subject Voluntary Debtor to Lehman ALI.  All funds lent by

11    Palmdale Hills from its Alleged Unencumbered Cash to any Voluntary Debtor(s) for the purpose set

12    forth in this paragraph shall constitute Alleged Unencumbered Cash Administrative Expense Claims

13    and shall be repaid in accordance with paragraph 4 herein.  Any lien or encumbrance arising by

14    reason of the April 2009 DIP Loans shall be deemed released and of no further force or effect as to

15    each Subject Voluntary Debtor that has fully repaid the accrued and unpaid interest on such

16    amounts.

17        6.    Modification of Automatic Stay.  The automatic stay imposed under section 362(a) of

18    the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this

19    Stipulation, including, without limitation:  (a) to permit the Subject Voluntary Debtors to incur all

20    liabilities and obligations in connection with their use of the Alleged Unencumbered Cash Funding

21    Amount; (b) authorize the repayment of the Alleged Unencumbered Cash Administrative Expense

22    Claims and Insurance Administrative Expense Claims; and (c) enable the enforcement, protection

23    and preservation of all of the Lehman Entities' rights and remedies with respect thereto or otherwise

24    under this Stipulation.

25        7.    Events of Default.  The following occurrences shall constitute an "Event of Default"

26    under this Stipulation as to the particular defaulting Subject Voluntary Debtor:  (a) failure of the

27    Subject Voluntary Debtor to comply with any term of this Stipulation; or (b) the use of Alleged

28    Unencumbered Cash other than in strict compliance with the terms of this Stipulation; or (c) the

1    failure to repay the Alleged Unencumbered Cash Administrative Expense Claims or Insurance

2    Amounts pursuant to and in accordance with the terms of this Stipulation.

3        8.    Remedies.  Immediately upon the occurrence and during the continuation of an Event

4    of Default set forth in paragraph 7 by a particular Subject Voluntary Debtor, and without further

5    order of the Court, the applicable defaulting Subject Voluntary Debtor shall, at the direction of the

6    Lehman Entities, cease using the Alleged Unencumbered Cash.

7        9.    Reservation of Rights.  Notwithstanding anything to the contrary herein, this

8    Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any

9    rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any

10   issues that are not expressly addressed herein.  Specifically, and without limitation, (a) the Parties

11   reserve all rights in connection with the Alleged Unencumbered Cash, including without limitation

12   whether such cash is encumbered by perfected liens held by the Lehman Entities, and all aspects of

13   pending litigation among the Parties, including, without limitation, any matters involving equitable

14   subordination or substantive consolidation, (b) the Parties further agree that entry into this

15   Stipulation, and the use of Alleged Unencumbered Cash or the consent to the Alleged

16   Unencumbered Cash Administrative Expense Claims contemplated hereunder, shall not be used in

17   any manner in litigation amongst the Parties, whether as, for instance, a basis for or against

18   substantive consolidation or otherwise, and in no way shall have any effect on the adversary

19   proceeding captioned *Palmdale Hills Property, LLC, et al., v. Lehman ALI, Inc., et al.*, Adv. Pro.

20   No. 09-1005-ES, pending in the Court, or otherwise, and (c) the rights, obligations, waivers,

21   stipulations, agreements or defenses of the Parties among or between or to each other or any of them

22   shall not be affected hereby except to the extent provided herein.

23       10.   No Modification.  Absent the written consent of the Lehman Entities and the Subject

24   Voluntary Debtors or further order of the Court, the Lehman Entities and the Subject Voluntary

25   Debtors agree that this Stipulation shall not be modified.

26       11.   Jurisdiction.  The Court shall retain jurisdiction to resolve any disputes or

27   controversies arising from or related to this Stipulation.

28       12.   Further Cooperation.  The Parties agree to and will cooperate fully with each other in

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

52063-001\DOCS_NY:22147.3                    9

the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

13.    <u>Signatures</u>.  This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement.  This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

14.    <u>No admission; No Evidence</u>.  Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

15.    <u>Authority</u>.  Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

16.    <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties or further order of the Court.  All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

WEIL, GOTSHAL & MANGES LLP

- and -

Dated:    October 27, 2010           PACHULSKI STANG ZIEHL & JONES LLP

By    <u>/s/ Dean A. Ziehl</u>
     Richard M. Pachulski
     Dean A. Ziehl
     Attorneys for Lehman ALI, Inc., Lehman
     Commercial Paper Inc., Northlake
     Holdings LLC and OVC Holdings LLC.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Dated:    October 27, 2010                    WINTHROP COUCHOT
                                                    PROFESSIONAL CORPORATION
2

3                                            By      /s/ Paul J. Couchot
                                                    Paul J. Couchot
4                                                    Peter W. Lianides
                                                    General Insolvency Counsel for Debtors
5                                                    and Debtors-in Possession

6

7    APPROVED AS TO FORM AND SUBSTANCE:

8    Dated:    October 27, 2010                    IRELL & MANELLA LLP

9

10                                           By      /s/ Alan Friedman
                                                    Alan Friedman
11                                                   Kerri A. Lyman
                                                    Attorneys for Official Unsecured
12                                                   Creditees' Committee of Voluntary
                                                    Debtors

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

## EXHIBIT "A"

| Account Holder | Approx. Balance | Account No. | Depository Bank |
|---|---|---|---|
| Acton Estates, LLC | $0.00 | 3090345971 | California Bank & Trust |
| North Orange Del Rio LLC | $379,990.79 | 3090343681 | California Bank & Trust |
| Palmdale Hills Property LLC (Anaverde Account) | $2,715,956.52 | 1000914414 | Central Pacific Bank |
| Palmdale Hills Property LLC - (Bond Interest) | $397,364.33 | 3090346941 | California Bank & Trust |
| Palmdale Hills Property LLC (CD) | $343,000.00 | 3090003143 | California Bank & Trust |
| SCC Communities LLC | $3,409.42 | 3090343411 | California Bank & Trust |
| SunCal Beaumont Heights, LLC | $11.11 | 3090340821 | California Bank & Trust |
| SunCal Bickford Ranch LLC | $1,786,738.79 | 3090345891 | California Bank & Trust |
| SunCal Emerald Meadows LLC | $0.00 | 3090345701 | California Bank & Trust |
| SunCal Johannson Ranch LLC | $92,090.63 | 3090341041 | California Bank & Trust |
| SunCal Summit Valley, LLC | $34,709.14 | 3090341121 | California Bank & Trust |
| Tesoro SF, LLC | $71.07 | 3090343761 | California Bank & Trust |



52063-001\DOCS_NY:22147.3

**Approved 120-Day Voluntary Budget**

## 120-Day Voluntary Budget (8/15/10 through 12/15/10)

| Asset Name | Life Safety | Erosion Control & Maint. | G&A | Taxes | Total |
|---|---|---|---|---|---|
| Acton | - | 2,000 | - | 1,000 | 3,000 |
| Beaumont Heights | - | - | - | - | - |
| Bickford Ranch | 48,000 | 55,000 | 43,636 | - | 146,636 |
| Burnam | - | - | - | 800 | 800 |
| Del Rio | - | 6,000 | 240 | - | 6,240 |
| Emerald Meadows | 1,200 | 19,336 | 43,636 | - | 64,172 |
| Johansen Ranch | - | - | - | - | - |
| Joshua Ridge II | - | - | - | - | - |
| Ritter Ranch | 6,000 | 36,400 | 80,000 | 4,000 | 126,400 |
| Summit Valley | - | 15,000 | 600 | - | 15,600 |
| Total | $55,200 | $133,736 | $168,112 | $5,800 | $362,848 |

# EXHIBIT B

| In re:                                                        | CHAPTER 11 |
|---------------------------------------------------------------|------------|
| PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,        |            |
|                                                  Debtor(s).   | CASE NUMBER 08-17206-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as ***STIPULATION PURSUANT TO 11 U.S.C. §§ 362, 363, 364 AND 507: (1) AUTHORIZING THE USE OF ALLEGED UNENCUMBERED CASH; (2) GRANTING ADMINISTRATIVE EXPENSE CLAIMS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY*** will be served or was served **(a)** on the **judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____November 2, 2010____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____November 2, 2010_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

JUDGE'S COPY [Overnight Delivery]

The Honorable Erithe A. Smith
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and
United States Courthouse
411 West Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____November 2, 2010_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 2, 2010 | Melisa DesJardien | /s/ Melisa DesJardien |
|------------------|-------------------|------------------------|
| Date             | Type Name         | Signature              |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                              **F 9013-3.1.PROOF.SERVICE**

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |
|---|---|

## I. SERVED BY NEF
**8:08-bk-17206-ES Ntc will be electronically mailed to:**

(1) Selia M Acevedo for Atty Miller Barondess LLP
sacevedo@millerbarondess.com,
mpritikin@millerbarondess.com;bprocel@millerbarondess.com

(2) Joseph M Adams for Def The City of San Juan Capistrano
jadams@sycr.com

(3) Raymond H Aver for Debtor Palmdale Hills Property, LLC
ray@averlaw.com

(4) James C Bastian for Cred ARB, Inc.
jbastian@shbllp.com

(5) John A Boyd for Interested Party Oliphant Golf Inc
fednotice@tclaw.net

(6) Mark Bradshaw for Interested Party Courtesy NEF
mbradshaw@shbllp.com

(7) Jeffrey W Broker for Cred Bond Safeguard Ins Co
jbroker@brokerlaw.biz

(8) Brendt C Butler for Cred EMR Residential Properties LLC
BButler@rutan.com

(9) Andrew W Caine for Cred Lehman ALI, Inc.
acaine@pszyjw.com

(10) Carollynn Callari for Cred Danske Bank A/S London Branch
ccallari@venable.com

(11) Dan E Chambers for Cred EMR Residential Properties LLC
dchambers@jmbm.com

(12) Shirley Cho for Cred Lehman ALI, Inc.
scho@pszjlaw.com

(13) Vonn Christenson for Interested Party Courtesy NEF
vrc@paynefears.com

(14) Brendan P Collins for Cred Gray1 CPB, LLC
bpcollins@bhfs.com

(15) Vincent M Coscino for Petitioning Cred CST Environmental Inc
vcoscino@allenmatkins.com, emurdoch@allenmatkins.com

(16) Paul J Couchot for Cred SCC Acquisitions, Inc.
pcouchot@winthropcouchot.com,
pj@winthropcouchot.com;sconnor@winthropcouchot.com

(17) Jonathan S Dabbieri for Interested Party Courtesy NEF
dabbieri@shlaw.com,
hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sulliv
anhill.com;vidovich@sullivanhill.com

(18) Ana Damonte for Cred Top Grade Construction, Inc.
ana.damonte@pillsburylaw.com

(19) Vanessa S Davila for Cred Bond Safeguard Ins Co
vsd@amclaw.com

(20) Melissa Davis for Cred City of Orange
mdavis@shbllp.com

(21) Daniel Denny for Interested Party Courtesy NEF
ddenny@gibsondunn.com

(22) Caroline Djang for Cred Lehman ALI, Inc.
crd@jmbm.com

(23) Donald T Dunning for Cred Hertz Equipment Rental
Corporation
ddunning@dunningLaw.com

(24) Joseph A Eisenberg for Cred Lehman ALI, Inc.
jae@jmbm.com

(25) Lei Lei Wang Ekvall for Atty Weiland Golden Smiley Wang
Ekvall & Strok, LLP
lekvall@wgllp.com

(26) Richard W Esterkin for Debtor Palmdale Hills Property, LLC
resterkin@morganlewis.com

(27) Marc C Forsythe for Atty Robert Goe
kmurphy@goeforlaw.com

(28) Alan J Friedman for Atty Irell & Manella LLP
afriedman@irell.com

(29) Steven M Garber for Cred Park West Landscape, Inc
steve@smgarberlaw.com

(30) Christian J Gascou for 3rd Party Pltf Arch Ins Company
cgascou@gascouhopkins.com

(31) Barry S Glaser for Cred County of Los Angeles
bglaser@swjlaw.com

(32) Robert P Goe for Atty Robert Goe
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;mforsythe@goeforlaw.com

(33) Eric D Goldberg for Interested Party Courtesy NEF
egoldberg@stutman.com

(34) Richard H Golubow for Debtor Palmdale Hills Property, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com

(35) Michael J Gomez for Interested Party Central Pacific Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

(36) Kelly C Griffith for Cred Bond Safeguard Ins Co
bkemail@harrisbeach.com

(37) Matthew Grimshaw for Interested Party City Of Torrance
mgrimshaw@rutan.com

(38) Asa S Hami for Debtor Palmdale Hills Property, LLC
ahami@morganlewis.com

(39) Michael J Hauser for U.S. Trstee United States Trstee (SA)
michael.hauser@usdoj.gov

(40) D Edward Hays for Cred Villa San Clemente, LLC
ehays@marshackhays.com

(41) Michael C Heinrichs for Interested Party Courtesy NEF
mheinrichs@omm.com

(42) Harry D. Hochman for Cred Lehman ALI, Inc.
hhochman@pszjlaw.com, hhochman@pszjlaw.com

(43) Jonathan M Hoff for 3rd Party Pltf Joint Provisional Liquidators of
Lehman RE Ltd
jonathan.hoff@cwt.com

(44) Nancy Hotchkiss for Cred Murray Smith & Associates Engineering
nhotchkiss@trainorfairbrook.com

(45) Michelle Hribar for Pltf EMR Residential Properties LLC
mhribar@rutan.com

(46) John J Immordino for Cred Arch Ins Co.
john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com

(47) Lawrence A Jacobson for Cred BKF Engineers
laj@cohenandjacobson.com

(48) Michael J Joyce for Interested Party Courtesy NEF
mjoyce@crosslaw.com

(49) Stephen M Judson for Petitioning Cred The Professional Tree Care Co
sjudson@fablaw.com

(50) David I Katzen for Interested Party Bethel Island Municipal
Improvement District
katzen@ksfirm.com

(51) Christopher W Keegan for Cred SC Master Holdings II LLC
ckeegan@kirkland.com, emilee@kirkland.com;alevin@kirkland.com

(52) Payam Khodadadi for Debtor Palmdale Hills Property, LLC
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

(53) Irene L Kiet for Cred BNB Engineering, Inc.
ikiet@hkclaw.com

(54) Mark J Krone for Cred Bond Safeguard Ins Co
mk@amclaw.com, crs@amclaw.com;amc@amclaw.com

(55) Leib M Lerner for Cred Steiny and Company, Inc.
leib.lerner@alston.com

(56) Peter W Lianides for Debtor Palmdale Hills Property, LLC
plianides@winthropcouchot.com, pj@winthropcouchot.com

(57) Charles Liu for Debtor Palmdale Hills Property, LLC
cliu@winthropcouchot.com

(58) Kerri A Lyman for Atty Irell & Manella LLP
klyman@irell.com

(59) Mariam S Marshall for Cred RGA Environmental, Inc.
mmarshall@marshallramoslaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE

| In re:<br>PALMDALE HILLS PROPERTY, LLC. AND ITS RELATED DEBTORS,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER 08-17206-ES |
|---|---|

(60) *Robert C Martinez for Cred TC Construction Company, Inc*
*rmartinez@mclex.com*
(61) *Michael D May for Cred R.J. Noble Co.*
*mdmayesq@verizon.net*
(62) *Hutchison B Meltzer for Cred Committee Joint Committee of Creds Holding Unsecured Claims*
*hmeltzer@wgllp.com*
(63) *Krikor J Meshefejian for Interested Party Courtesy NEF*
*kjm@lnbrb.com*
(64) *Joel S. Miliband for Cred RBF CONSULTING*
*jmiliband@rusmiliband.com*
(65) *James M Miller for Atty Miller Barondess LLP*
*jmiller@millerbarondess.com*
(66) *Louis R Miller for Pltf Palmdale Hills Property, LLC*
*smiller@millerbarondess.com*
(67) *Mike D Neue for Atty The Lobel Firm, LLP*
*mneue@thelobelfirm.com,*
*jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com*
(68) *Robert Nida for Cred Kirk Negrete, Inc*
*Rnida@castlelawoffice.com*
(69) *Henry H Oh for 3rd Party Pltf Joint Provisional Liquidators of Lehman RE Ltd*
*henry.oh@dlapiper.com, janet.curley@dlapiper.com*
(70) *Sean A Okeefe for Debtor Palmdale Hills Property, LLC*
*sokeefe@sbcglobal.net*
(71) *Robert B Orgel for Cred Lehman ALI, Inc.*
*rorgel@pszjlaw.com, rorgel@pszjlaw.com*
(72) *Malhar S Pagay for Cred Lehman ALI, Inc.*
*mpagay@pszjlaw.com, mpagay@pszjlaw.com*
(73) *Penelope Parmes for Cred EMR Residential Properties LLC*
*pparmes@rutan.com*
(74) *Ronald B Pierce for Cred Griffith Company*
*ronald.pierce@sdma.com*
(75) *Katherine C Piper for Interested Party New Anaverde LLC*
*kpiper@steptoe.com*
(76) *Cassandra J Richey for Cred Patricia I Volkerts, as Trstee, et al*
*cmartin@pprlaw.net*
(77) *James S Riley for Cred Sierra Liquidity Fund, LLC*
*tgarza@sierrafunds.com*
(78) *Debra Riley for Interested Party City of Palmdale*
*driley@allenmatkins.com*
(79) *Todd C. Ringstad for Interested Party Courtesy NEF*
*becky@ringstadlaw.com*

(80) *Martha E Romero for Cred San Bernardino County Tax Collector*
*Romero@mromerolawfirm.com*
(81) *Ronald Rus for Cred SunCal Management, LLC*
*rrus@rusmiliband.com*
(82) *John P Schafer for Cred LB/L-DUC III Bethel Island, LLC*
*jps@mandersonllp.com*
(83) *John E Schreiber for Def Fenway Capital, LLC*
*jschreiber@dl.com*
(84) *William D Schuster for Cred HD Supply Construction Supply LTD*
*bills@allieschuster.org*
(85) *Christopher F Simon for Interested Party Courtesy NEF*
*csimon@crosslaw.com*
(86) *Wendy W Smith for Cred Castaic Union School District*
*wendy@bindermalter.com*
(87) *Steven M Speier (TR)*
*Sspeier@Squarmilner.com, ca85@ecfcbis.com*
(88) *Michael St James for Cred MBH Architects, Inc.*
*ecf@stjames-law.com*
(89) *James E Till for Trstee Steven Speier (TR)*
*jtill@thelobelfirm.com,*
*jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com*
(90) *United States Trstee (SA)*
*ustpregion16.sa.ecf@usdoj.gov*
(91) *Carol G Unruh for Cred Scott E. McDaniel*
*cgunruh@sbcglobal.net*
(92) *Jason Wallach for Interested Party Courtesy NEF*
*jwallach@gladstonemichel.com*
(93) *Joshua D Wayser for Other Professional D. E. Shaw & Co., L.P.*
*, kim.johnson@kattenlaw.com*
(94) *Christopher T Williams for Cred Danske Bank A/S London Branch*
*ctwilliams@venable.com, jcontreras@venable.com*
(95) *Marc J Winthrop for Debtor Palmdale Hills Property, LLC*
*mwinthrop@winthropcouchot.com, pj@winthropcouchot.com*
(96) *David M Wiseblood for Cred Bethel Island Muni Improvement District*
*dwiseblood@sexfarth.com*
(97) *Brett K Wiseman for Cred JF Shea Construction Inc*
*bwiseman@aalaws.com*
(98) *Dean A Ziehl for Counter-Def LV Pacific Point LLC*
*dziehl@pszjlaw.com, dziehl@pszjlaw.com*
(99) *Marc A. Zimmerman for Cred Life Church of God in Christ*
*joshuasdaddy@att.net*

### III.  SERVED BY E-MAIL

(1) Gen'l Counsel for Voluntary Debtors:
    Paul Couchot - pcouchot@winthropcouchot.com
    Marc J Winthrop - pj@winthropcouchot.com
    Paul Lianides - plianides@winthropcouchot.com
(2) Debtors (Palmdale Hills Property, LLC and related entities):
    bcook@suncal.com
(3) Counsel for SunCal Management:
    Ronald Rus - rrus@rusmiliband.com
(4) Special Counsel for Jt. Admin. Debtors & Trustee Speier:
    Louis Miller - smiller@millerbarondess.com
    Martin Pritikin – mpritikin@millerbarondess.com
(5) Gen'l Counsel for Ch. 11 Trustee (Speier):
    William Lobel – wlobel@thelobelfirm.com
    Mike Neue – mneue@thelobelfirm.com
(6) Ch. 11 Trustee (c/o Squar Milner):
    Steven N. Speier - sspeier@squarmilner.com;
    ca85@ecfcbis.com

(7) Counsel for Voluntary Debtors' Committee:
    Alan Friedman - afriedman@irell.com
    Kerri A Lyman - klyman@irell.com
(8) Counsel for Trustee Debtors' Committee:
    Lei Lei Wang Ekvall - lekvall@wgllp.com
    Hutchison B Meltzer - hmeltzer@wgllp.com
(9) Office of the United States Trustee:
    Michael Hauser - michael.hauser@usdoj.gov

Edward Soto - Edward.soto@weil.com;
odalys.smith@weil.com; lori.seavey@weil.com
Allen Blaustein - Allen.Blaustein@weil.com
Clay Roesch - clay.roesch@weil.com
Chauncey Cole - chauncey.cole@cwt.com
Betty Shumener - betty.shumener@dlapiper.com
John E. Schreiber - jschreiber@dl.com; rreinthaler@dl.com
Joseph A Eisenberg - jae@jmbm.com
Mark McKane - mark.mckane@kirkland.com
Atty for Bond Safeguard & Lexon - mea@amclaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010
**F 9013-3.1.PROOF.SERVICE**