IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Lehman Brothers Holdings, Inc., et al., | ) |
| | ) Case No. 08-13555 (JMP) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**FIFTH SUPPLEMENTAL AFFIDAVIT OF MICHAEL EISENBAND
IN SUPPORT OF APPLICATION FOR AN ORDER FOR
RETENTION OF FTI CONSULTING, INC. AS
FINANCIAL ADVISORS FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss. |
| COUNTY OF NEW YORK | ) |

I, Michael Eisenband, being duly sworn, hereby depose and say:

1.  I am a senior managing director at FTI Consulting, Inc. ("FTI"), which maintains offices at various locations around the country, including Three Times Square, 10th Floor, New York, NY 10036, USA. I submit this affidavit (the "Eisenband Fifth Supplemental Affidavit" or "Affidavit") to supplement my prior affidavits that were submitted in connection with FTI's retention in the above mentioned chapter 11 cases (collectively the "Debtors"). Unless otherwise stated in this Eisenband Fifth Supplemental Affidavit, I have personal knowledge of the facts set forth herein.

3.  On October 21, 2008, the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases filed an Application for Employment of FTI Consulting, Inc. as its Financial Advisors (the "Application"). In support of the Application, FTI filed an affidavit executed by the undersigned on behalf of FTI in accordance with the applicable

Page 1

sections of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") (the "Original Affidavit"). On November 21, 2008, a Final Order was signed authorizing the Retention and Employment of FTI, effective as of September 17, 2008. On January 23, 2009, FTI filed a supplemental affidavit executed by the undersigned on behalf of FTI in accordance with the applicable sections of the Bankruptcy Code ("Eisenband Supplemental Affidavit"). On April 6, 2009, FTI filed a supplemental affidavit executed by the undersigned on behalf of FTI in accordance with the applicable sections of the Bankruptcy Code ("Eisenband Second Supplemental Affidavit"). On June 19, 2009, FTI filed a supplemental affidavit executed by the undersigned on behalf of FTI in accordance with the applicable sections of the Bankruptcy Code ("Eisenband Third Supplemental Affidavit", collectively the "Prior Affidavits"). On April 15, 2010, FTI filed a supplemental affidavit executed by the undersigned on behalf of FTI in accordance with the applicable sections of the Bankruptcy Code ("Eisenband Fourth Supplemental Affidavit", collectively the "Prior Affidavits").

4. In connection with the preparation of the Original Affidavit, FTI conducted a review of its contacts with the Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to FTI. We indicated in the Original Affidavit that we would update and expand our relationship search for additional parties and file a Supplemental Affidavit if any new material relevant facts or relationships were discovered or arose. Subsequent to the filing of the Prior Affidavits, it has come to my attention that:

    a. FTI acquired FS Asia Advisory ("FS Asia") effective August 1, 2010. FS Asia (formerly Ferrier Hodgson Hong Kong Group) was engaged in late 2008 by Standard Chartered Bank (Singapore) as their financial advisor related to six Special Purpose Vehicle ("SPV") entities owned by Lehman Brothers

Southeast Asia Pte. Ltd., a wholly owned subsidiary of Lehman Brothers Holdings Inc. ("LBHI"). FS Asia assisted in the filing a petition of corporate rehabilitation in the local Philippine court for the six entities and assisted through the rehabilitation proceedings until early 2010 when the rehabilitation plan was approved by the local court. In June 2010, FS Asia was appointed by the court sanctioned management committee to service the loan portfolio on behalf of one of the SPV's, Phillipine Investment One (SPV-AMC), Inc. ("PI One"). In September 2010, FS Asia was appointed by the Court sanctioned management committee to service the real estate portfolio on behalf of another of the SPV's, Phillipine Investment Two (SPV-AMC), Inc. ("PI Two"). PI Two was owned in part by PI One. It is our understanding that both PI One and PI Two have recently been acquired by a third party in the Phillipines which is not affiliated with the Debtors.

In order to maintain the confidentially of the client information in connection with FTI's engagement on behalf of the Committee ("FTI Committee Engagement"), FTI will protect the client information through the use of its "Ethical Wall and Confidentiality Agreements" procedures. In conjunction with the foregoing, FTI has established and will maintain the following internal procedures: (i) each FTI professional on the FTI Committee Engagement ("FTI Committee Professionals") and the FTI FS Asia Engagements ("FTI FS Asia Professionals") shall execute a letter (a "Confidentiality Letter") acknowledging that he or she may receive certain nonpublic information and shall execute an Ethical Wall Agreement acknowledging that he or she is aware of the information wall in effect and

will follow the information wall procedures therein; (ii) FTI Committee Professionals will not directly or indirectly share any nonpublic information generated by, received from or relating to Committee activities or Committee membership with FTI FS Asia Professionals, and FTI FS Asia Professionals will not directly or indirectly share any nonpublic information generated by, received from or relating to the FTI FS Asia Engagements, with FTI Committee Professionals, except that a good-faith communication of publicly available information shall not be presumed to be a breach of the obligations of FTI or any FTI Committee or FTI FS Asia professionals; (iii) FTI is setting up electronic internal security walls to ensure that only FTI employees involved directly with or working on the FTI Committee Engagement may have access to the information, databases, e-mails, schedules or any other information relating to that engagement; (iv) FTI shall periodically monitor, consistent with its ordinary course compliance practice, communications through electronic means among FTI Committee Professionals and FTI FS Asia Professionals to ensure that such exchanges are performed in a manner consistent with the information wall procedures; (v) FTI shall immediately disclose to Committee counsel and the United States Trustee any material breaches of the procedures described herein. If FTI ceases to act as advisor to the Committee, it will continue to follow the procedures set forth above until a plan has been confirmed in the Debtors Chapter 11 Cases or the Chapter 11 Cases have been converted or dismissed.

b. Compass Lexecon, LLC, an affiliate of FTI Consulting, Inc, financial advisor to the Committee, is being retained by the Debtors and the Committee,

   through their respective counsel, Curtis, Mallet-Prevost, Colt & Mosle LLP, and Quinn Emanuel Urquhart & Sullivan LLP, in the ordinary course of business to provide litigation consulting services.

  c. On August 19, 2009, Compass Lexecon, LLC was retained by Jones Day, who itself was working with other law firms, on behalf of several current and former Lehman Brothers employees: Timothy C. Ford, Kevin D. Laurie, Roland Hansalik, Lars Jacobson, Ryan Grashow, George Barclay Perry, Sanford A. Haber, Neil J. Greenspan, Joseph L. Arena, Kurt A. Locher, Richard S. Fuld, Jr., Michael L. Ainslie, Roland A. Hernandez, David Goldfarb, John F. Akers, Roger S. Berlind, Joseph M. Gregory, Thomas H. Cruikshank, Marsha Johnson Evans, Henry Kaufman, John D. Macomber, Thomas A. Russo, Christopher M. O'Meara, and Melissa Conroy Whitney to provide economic consulting and expert services related to five arbitrations and possibly others. At issue are investments by the plaintiffs in auction rate securities sold by Lehman Brothers Inc. This work is on-going.

5. Insofar as I have been able to ascertain and subject to the disclosures herein and in my prior affidavit, FTI does not represent any interests adverse to the Official Committee of Unsecured Creditors and, to the best of my knowledge, remains a "disinterested person" as that term is defined in Section 101(14), as modified by Section 1107(b), of the Bankruptcy Code.

_____
Michael Eisenband

SUBSCRIBED AND SWORN TO BEFORE ME this 23rd day of November 2010.

_____
Notary Public

My Commission Expires:

LINDA J. PEARSON
NOTARY PUBLIC, STATE OF NEW YORK
No. 01PE6110512
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES MAY 24, 2012