Hearing Date and Time: December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Ralph I. Miller
Peter Gruenberger

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                            :
In re                                       :    **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :    **08-13555 (JMP)**
                                            :
                         **Debtors.**       :    **(Jointly Administered)**
                                            :
                                            :
------------------------------------------------------------------x

### NOTICE OF DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES

PLEASE TAKE NOTICE that a hearing on the annexed motion of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to section 105(a)

of the Bankruptcy Code and General Order M-390 (which can be found at

www.nysb.uscourts.gov), for authorization to implement alternative dispute resolution

procedures for affirmative claims of the Debtors under derivatives contracts involving

transactions with special purpose vehicle counterparties (the "Motion"), will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "Bankruptcy Court"), on **December 15, 2010 at 10:00 a.m. (Prevailing**

**Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the

objecting party, the basis for the objection and the specific grounds thereof, shall be filed with

the Bankruptcy Court electronically in accordance with General Order M-242 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing

system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with two

hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the

Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601;

(ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:

Richard W. Slack, Esq., Ralph I. Miller, Esq., and Peter Gruenberger, Esq., attorneys for the

Debtors; (iii) the Office of the United States Trustee for the Southern District of New York,

33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Andy Velez-Rivera, Esq.,

Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis,

Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New

York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.,

attorneys for the Official Committee of Unsecured Creditors appointed in these cases; (v) all

parties who have requested notice in these chapter 11 cases and (vi) and all parties with a particularized interest in the Motion, so as to be so filed and received by no later than **December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 24, 2010
    New York, New York

/s Richard W. Slack           
Richard W. Slack
Ralph I. Miller
Peter Gruenberger

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Ralph I. Miller
Peter Gruenberger

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
**In re**                                               :          **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :          **08-13555 (JMP)**
                                                                   :
                              **Debtors.**              :          **(Jointly Administered)**
                                                                   :
                                                                   :
-------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY**
**CODE AND GENERAL ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT**
**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE**
**CLAIMS OF THE DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH**
**SPECIAL PURPOSE VEHICLE COUNTERPARTIES**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully

represent:

**Background**

1.      Commencing on September 15, 2008, and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain

of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Federal Rule of Bankruptcy Procedure 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.       On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.       On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.       On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  On March 11, 2010, the Examiner filed its report with the Court (the "Examiner's Report") [Docket No. 7531].

5.       On April 14, 2010, the Debtors filed their revised joint chapter 11 plan [Docket No. 8330] and disclosure statement for their revised joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No. 8332].

**Lehman's Business**

6.       Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been

2

a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide.

7.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Jurisdiction

8.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

9.     The Debtors request authorization, pursuant to section 105(a) of the Bankruptcy Code and the Court's General Order M-390 (the "Standing Order"),[1] to implement alternative dispute resolution procedures for affirmative claims of the Debtors for monetary recovery arising from their terminated and open prepetition SPV Derivatives Transactions (defined below), including, but not limited to, swap agreements and forward contracts, with a special purpose vehicle ("SPV") counterparty ("SPV Derivatives Counterparty").  The Debtors request that the Court authorize the implementation of the alternative dispute resolution procedures (the "SPV Derivatives ADR Procedures") set forth in the order (the "SPV Derivatives ADR Order" or "Order") annexed hereto as Exhibit A.  The Debtors are also seeking approval that notice of this Motion beginning on November 24, 2010 by e-mail or facsimile (to

---

[1]    The Standing Order superseded the previous Standing Order M-143.

the extent the Debtors do not have physical address information) is good and sufficient notice of the Motion.

## The Debtors' SPV Derivatives Transactions

10.    As of the Commencement Date, the Debtors were party to thousands of prepetition derivatives contracts in which they are "in the money" (the "SPV Derivatives Transactions").    These Derivatives Transactions constitute significant assets of the Debtors' estates.

11.    On September 17, 2009, the Court approved the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*, [Docket No. 5207] (the "Derivatives ADR Order").    The Derivatives ADR Order established alternative dispute resolution procedures (the "Derivatives ADR Procedures") that require derivatives counterparties (the "Derivatives Counterparties") under certain circumstances to engage in good-faith with the Debtors in an exchange of settlement offers and counteroffers, a settlement conference, and finally mediation, if necessary.

12.    The Derivatives ADR Procedures have been a successful and useful mechanism for the Debtors to resolve numerous disputes related to SPV Derivatives Transactions without the need for intervention by the Court.    The Debtors have commenced proceedings under the Derivatives ADR Procedures by serving 87 ADR Notices on 111 counterparties as of November 18, 2010.    Of these, the Debtors have reached a settlement in 38 matters with 47 counterparties.    Additionally, 22 of the 23 matters that have reached the mediation stage of the Derivatives ADR Procedures as of the filing of this Motion have resulted in a settlement.    Through these settlements, the Debtors will have received a total of over $280 million for their estates.

13.     Since September 15, 2010, the Debtors have filed over 50 adversary proceedings asserting, among other claims, avoidance causes of action under the Bankruptcy Code involving more than 200 transactions, which are currently stayed until July 20, 2011 (the "Pending Actions").  *See* Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(A) of the Bankruptcy Code and Bankruptcy Rule 7004(A)(1) [Docket No. 12199] (the "Stay Order").   A substantial portion of the SPV Derivatives Transactions covered by this Order are the subject of the Pending Actions, and in those Pending Actions the SPV Derivatives Counterparties are named defendants.   Although the Pending Actions are currently stayed, it is the Debtors' intention to make efforts to consensually resolve most or all of those disputes before the expiration of the stay on July 20, 2011.  The Debtors view this Order as critical to the Debtors' efforts to reach such consensual resolutions.

14.     While the SPV Derivatives Transactions are currently subject to the Derivatives ADR Order, the Debtors' experience is that the current Derivatives ADR Order does not adequately address the difficulties the Debtors have faced in finding appropriate counterparts with whom to discuss settlement of these actions.   Of the hundreds of SPV Derivatives Transactions, eight ADR Notices have been served in connection with two dozen SPV Derivatives Transactions.  The total mark-to-market value of these SPV Derivatives Transactions is in the hundreds of millions of dollars, making successful settlement negotiations particularly important to the Debtors and their estates.   However, in a majority of the SPV Derivatives Transactions for which ADR Notices have been served, the Debtors have come to the negotiating table only to find that there is no one with whom to negotiate.  Specifically, many of the SPV Derivatives Counterparties—the entities that contracted with the Debtors—have ignored the ADR Notices and remain entirely unresponsive to discussions with the Debtors.

15.     These SPVs, which in most instances are the contracting counterparty to the respective Debtor under the Derivative Transaction, are vehicles, structures, trusts, or other entities that issued notes or certificates of beneficial interests pursuant to indentures or trust agreements (the holders of which are "Noteholders") as part of their financing of such SPV Derivatives Transaction.   Although the trustee under such indentures or trust agreements is generally the entity that controls the funds in dispute (the "SPV Trustees"), the majority of SPV Trustees have not actively participated in the Derivatives ADR Procedures under the existing Derivatives ADR Order on the purported grounds that they lack the authority to act in such a situation on behalf of the SPV Derivatives Counterparty itself.  The combination of the SPV Derivatives Counterparty unwilling to participate and the SPV Trustee purportedly lacking authority to participate leaves the Debtors without anyone with whom to negotiate under the existing Derivatives ADR Procedures.  The Debtors, therefore, are left with no choice but to litigate, at significant financial cost to the estates, even though the Debtors believe that discussions with a person with authority to settle might well lead to a consensual resolution of many of these disputes.

16.     Therefore, the Debtors seek to establish the SPV Derivatives ADR Procedures to require mandatory participation by each of the SPV Derivatives Counterparties, which either are parties to the Pending Actions or will be named as defendants in future derivatives actions (together with the Pending Actions, the "Actions").   Because the SPV Derivatives Counterparty is the named counterparty on the swap with a Lehman entity,  under the proposed order, it must designate someone with the authority to negotiate all disputed amounts on its behalf.  Accordingly, the SPV Derivatives Counterparty will be required, within sixty (60) calendar days of service of the SPV Derivatives ADR Package or, in the case of a

pending ADR under the Derivatives ADR Order within sixty (60) calendar days of notice by the Debtor of an intent to proceed under the proposed Order, identify and designate by written notice (the "Settlement Participation Designation") a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the "Authorized Designee").    The SPV Derivatives Counterparty may change the Authorized Designee from time to time during the course of the SPV Derivatives ADR Dispute as long as there remains at all times during the dispute an Authorized Designee.    As discussed in detail below, requiring a party to an adversary proceeding to mediate a dispute and to bring a person with authority to settle to the mediation is neither novel nor uncommon.    Given that each of the SPV Derivatives Counterparties that will be the subject of an ADR Notice under the proposed Order is or will be named as a defendant in an adversary proceeding, this Court unquestionably has the power to order such parties to mediation.

17.    In light of the success of the Derivatives ADR Procedures outside of the SPV context, the Debtors recognize that such procedures would be a more efficient use of the Debtors' limited time and resources than litigating all of the Pending Actions and other disputes with SPV Derivatives Counterparties.    The SPV Derivatives ADR Procedures would facilitate settlement negotiations and mediation with the SPV Derivatives Counterparty, thereby reducing the need to commence further litigation or prosecute claims, and maximizing the net recoveries to the Debtors' estates from the SPV Derivatives Transactions.

## The SPV Derivatives ADR Procedures

18.    The Debtors seek to implement the SPV Derivatives ADR Procedures in order to effectively address the participation issues unique to SPV Derivatives Counterparties and thereby facilitate the settlement of disputes involving SPV Derivatives Transactions.    The

7

SPV Derivatives ADR Procedures would apply solely to SPV Derivatives Transactions and would not modify the Derivatives ADR Procedures that have been approved by the Court and are applicable to all non-SPV Derivatives Counterparties and to non-SPV Derivatives Transactions.[2]

19.    In recognition of the fact that the Derivatives ADR Procedures previously established were the product of extensive negotiation between the Debtors and various creditors, the SPV Derivatives ADR Procedures do not materially differ from the Derivatives ADR Procedures that were heavily negotiated and have been approved by the Court, except for providing mechanisms for compelling the meaningful participation of the SPV Derivatives Counterparty and its Authorized Designee.  Each of the new or modified provisions in the SPV Derivatives ADR Order will further the objective of meaningful participation in the settlement negotiations by the SPV Derivatives Counterparty.  For the convenience of the Court and all parties, a blackline of the SPV Derivatives ADR Order marked against the existing Derivatives ADR Order to show the provisions in the SPV Derivatives ADR Order that are new or different is annexed hereto as Exhibit B.  Specifically, the following provisions are materially different from the SPV Derivatives ADR Procedures:

(a)    the SPV Derivatives ADR Procedures apply only after the commencement of litigation against the SPV Derivatives Counterparty (including the Pending Actions);

(i)    if there is a Pending Action, any stay of such Pending Action is deemed temporarily lifted upon the service of the SPV Derivatives ADR Notice and a copy of the proposed Order (together, the "SPV Derivatives ADR Package") for the limited purpose of complying with the requirements of the proposed SPV Derivatives ADR Order;

(ii)    all defendants to any Action must file either (x) a notice of appearance and intent to defend, or (y) a limited appearance with reservation of the right to raise the defense of lack of personal jurisdiction, within thirty (30) days of

---

[2]    The SPV Derivatives ADR Procedures would apply regardless of whether the amount of a Debtor's claim under the SPV Derivatives Transaction is equal to or less than $1 million.

service of the SPV Derivatives ADR Package, within which time defendants shall not file responsive pleadings;

(iii)    an Action is automatically stayed after a defendant in the litigation files either (x) a notice of appearance and intent to defend, or (y) a limited appearance with reservation of the right to raise the defense of lack of personal jurisdiction;

(iv)    a Debtor has the right to dismiss any Action without prejudice before a responsive pleading is filed;

(v)    the limitation that the Debtors not commence ADR as to a derivatives contract that has not been purportedly terminated and with respect to which the SPV Derivatives Counterparty has not failed to make a payment has been removed because the SPV Derivatives ADR Procedures apply only after the commencement of litigation against the SPV Derivatives Counterparty;

(vi)    it has been clarified that the requirement in the current Derivatives ADR Order that any settlement comply with the terms of certain prior orders relevant to settlement procedures and the assignment and assumption of prepetition derivative contracts applies to all SPV Derivatives Transactions, including terminated, active, and matured transactions;

(b)    within thirty (30) calendar days of entry of this Order, a Debtor participating in a pending ADR involving such SPV under the existing Derivatives ADR Order must elect in writing either to opt out of this Order and continue under the Derivatives ADR Order or to proceed under this Order. If the Debtor elects to proceed under the proposed Order, the Debtor may at the same time file a new SPV Derivatives ADR Package or may deem the existing notice sufficient and all deadlines otherwise set forth in the proposed Order will run from the date the Debtor delivers its election to proceed under this Order to the SPV Derivatives Counterparty;

(c)    once the SPV Derivatives Counterparty is served with the SPV Derivatives ADR Package, it has sixty (60) calendar days to provide the Debtor the Settlement Participation Designation naming the Authorized Designee, and specifically:

(i)    a provision has been added detailing the contents of the Settlement Participation Designation, which entails designation by the SPV Derivatives Counterparty of a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty, among other things;

(ii)    the failure to serve a Settlement Participation Designation on the Debtor within the sixty (60) calendar days prescribed will be grounds for such

9

sanctions as the Court deems appropriate (the "Sanctions"), including, if the Court deems appropriate, an order or judgment for recovery of amounts demanded by the Debtors under the SPV Derivatives ADR Notice;

(iii)  to further the goal of negotiating a settlement, the Noteholders' contact information must be provided if available (or if not available, information on how the Noteholders otherwise receive communications) within ten (10) days of a written request for such information;

(iv)  the Debtor may contact the Noteholders directly regarding the need for someone with settlement authority if the SPV Derivatives Counterparty fails to serve a Settlement Participation Designation within the prescribed sixty (60) calendar days;

(v)  if the SPV Derivatives Counterparty fails to serve a Settlement Participation Designation on the Debtor within the sixty (60) calendar days prescribed, the Debtor may choose to continue its attempts at mediation, terminate the SPV Derivatives ADR Dispute, and resume the Action, or terminate the SPV Derivatives ADR Dispute and move for sanctions, including an order or judgment for recovery of amounts demanded by the Debtors under the SPV Derivatives ADR Notice;

(d)  any party to the SPV Derivatives ADR Dispute may request an initial settlement conference to be held within ten (10) calendar days of receipt of such a written request, and all other parties must respond to such initial settlement conference request within four (4) business days of receipt by either acceptance or a proposal for the call to be no later than five (5) calendar days from the earliest date set forth in the request;

(e)  the SPV Derivatives Counterparty (or, where also served with such SPV Derivatives ADR Package, the SPV Trustee and/or the Noteholders) must respond to the SPV Derivatives ADR Notice within seventy-five (75) calendar days, and the Debtor shall have twenty (20) calendar days from receipt of the Response to serve a Reply;

(f)  the SPV Derivatives Counterparty must send the Noteholders notice of the SPV Derivatives ADR Dispute and the related Action, the requirements of which are included in the Order;

(g)  the contents of the SPV Derivatives ADR Package may be disclosed to the Noteholders related to that SPV Derivatives Transaction upon their written request, as long as they have agreed in writing to maintain the confidentiality of any information received;

(g)    in accordance with the Court's Order Supplementing the September 17, 2009
Alternative Dispute Resolution Procedures Order to Add a Fourth Mediator,
dated September 23, 2010 [Docket No. 11537], Jacob Esher, Esq. is added as a mediator
for the SPV Derivatives ADR Procedures.

20.    Questions have arisen concerning the confidentiality provisions of the

Derivatives ADR Procedures (paragraph 13 of the Derivatives ADR Order) as applied to

Sanctions (paragraph 12 of the Derivatives ADR Order).  For clarification, the SPV Derivatives

ADR Procedures specifically provide that notwithstanding the confidentiality provisions of the

proposed SPV Derivatives ADR Order, a motion requesting Sanctions made to the Court may

identify the parties to the subject SPV Derivatives ADR Dispute and describe the conduct giving

rise to the request for Sanctions and entitling the moving party to relief, but shall not include any

description of any negotiations regarding the SPV Derivatives ADR Dispute that are deemed

confidential under the Standing Order or any other order of the Court.  In addition, the SPV

Derivatives ADR Order will clarify that the parties to a mediation should maintain the

confidentiality of both the settlement negotiations and any settlement terms.

21.    It is noteworthy that several modifications listed above were designed with

the interests of the SPV Derivatives Counterparties in mind and do not impose burdens on SPV

Derivatives Counterparties in addition to those that would be imposed if the Debtors exercised

their rights to pursue litigation against the SPV Derivatives Counterparties.  For instance, the

SPV Derivatives ADR Procedures allow the SPV Derivatives Counterparties significant time in

light of the complicated SPV structures to identify and designate a person with settlement

authority.  The 60-day period provided is particularly reasonable in light of the fact the SPV

Derivatives Counterparties would have to find someone with authority to litigate and bind the

SPVs in an adversary proceeding.  Similarly, the SPV Derivatives Counterparties would likely

be required to appear and designate someone with authority within 30 days of service of process

11

in an adversary proceeding, which is half of the 60 days permitted under the SPV Derivatives

ADR Procedures. The SPV Derivatives ADR Procedures also make clear that the SPV

Derivatives Counterparties need not worry about preserving any potential objections to personal

jurisdiction because such objections can be preserved and are not waived by appearing at the

mediation.

22.     The modifications listed above will reduce the expense to both the SPV

Derivatives Counterparties and the Debtors, as well as the burden on the Court, from otherwise

having to unnecessarily litigate. The goal of this Motion is to obtain the same salutary benefits

as contemplated by the Standing Order, which provides for procedures governing mediation of

matters in bankruptcy cases and adversary proceedings.

23.     Similarly, the SPV Derivatives ADR Procedures do not modify any

participation obligations of SPV Trustees as set forth in the current Derivatives ADR Order.

## The SPV Derivatives ADR Procedures Should Be Approved

**A.     The Court Has Broad, Expansive Authority to Approve the SPV Derivatives ADR
Procedures.**

24.     The broad, equitable powers available to the Court encompass the

authority to approve the SPV Derivatives ADR Procedures outlined above. Section 105 of the

Bankruptcy Code grants the bankruptcy court the power "to issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C.

§ 105(a); *New Eng. Dairies, Inc. v. Dairy Mart Conv. Stores, Inc. (In re Dairy Mart Conv.

Stores, Inc.)*, 351 F.3d 86, 91 (2d Cir. 2003). "Bankruptcy jurisdiction, at its core, is *in rem . . . .*

[T]he jurisdiction of courts adjudicating rights in the bankrupt estate include[ ] the power to issue

compulsory orders to facilitate the administration and distribution of the res." *Cent. Va. Comm.

College v. Katz,* 546 U.S. 356, 362, 370 (2006) ("[C]ourts adjudicating disputes concerning

bankrupts' estates historically have had the power to issue ancillary orders enforcing their *in rem* adjudications.").  Thus, the Court has the power to craft an order providing for a means to address the special challenges of actions involving SPV Derivatives Counterparties.

25.    "Critical features of every bankruptcy proceeding are the exercise of exclusive jurisdiction over all of the debtor's property [and] the equitable distribution of that property among the debtor's creditors."  *Katz*, 546 U.S. at 363-64.

**B.    The Court Has Authority to Order Mediation of the Actions.**

26.    The relief requested herein is not novel or uncommon.  Once an adversary proceeding has been filed, a bankruptcy court can order the parties to the adversary proceeding to mediate in good faith and require attendance by party representatives having authority to settle the disputes.  *See, e.g.*, *In re A.T. Reynolds & Sons, Inc.*, 424 B.R. 76, 89, 92-95 (Bankr. S.D.N.Y. 2010) (explaining that "[w]hile it goes without saying that a court may not order parties to settle, this Court has authority to order the parties to participate in the process of mediation, which entails discussion and risk analysis[,]" and sanctioning Wells Fargo, the defendant, and its counsel for failing to follow the Court's order to mediate in good faith and for failing to send a representative with settlement authority to the mediation); *In re Collins & Aikman Corp.*, 376 B.R. 815, 817 (Bankr. E.D. Mich. 2007) (ordering mediation of hundreds of adversary proceedings filed by the debtor and requiring a "representative of each party having full settlement authority" to participate "in facilitative mediation, as scheduled and presided over by the appointed mediator, in good faith and with a view toward reaching a consensual resolution").[3]  Because the Debtors have filed the Pending Actions, and will have filed the

---

[3]    *See also Hughes v. The Lillian Goldman Family, LLC*, No. 00 CIV. 2388, 2000 WL 1228996, at *1 (S.D.N.Y. Aug. 30, 2000) (ordering party to pay the costs of the other parties, where that party appeared in mediation only by an attorney unfamiliar with the case and without an employee with decisionmaking authority); *Nick v. Morgan's Foods*, 99 F. Supp. 2d 1056, 1060-64 (E.D. Mo. 2000) (sanctioning defendant that failed to submit a

Actions prior to invoking the proposed procedures, the Court has the authority to order the SPV Derivatives Counterparty to mediate in good faith and to name an Authorized Designee, a person with complete authority to negotiate on behalf of the SPV Derivatives Counterparty and to settle the disputes. *See id.*

27.    In addition to the expansive authority granted to the Bankruptcy Court by section 105 of the Bankruptcy Code, sections 1.1 and 1.3 of the Standing Order permit the Court to assign an adversary proceeding, contested matter, or other dispute to mediation upon the motion of a party in interest, the U.S. Trustee, or on its own motion. *See* Standing Order §§ 1.1, 1.3. Thus, the Standing Order expressly sets forth the intent of the Court to facilitate the use of mediation in all matters. Specifically, the disputes between the Debtors and the SPV Derivatives Counterparties clearly qualify as disputes such that the Court has the authority to cause mediation. Consistent with the intent of the Standing Order, the Court may exercise its authority to implement the SPV Derivatives ADR Procedures detailed above to aid in the resolution of the Actions.

28.    The relief requested in this Motion is substantially similar to relief that the Court has granted in connection with establishing other settlement procedures, including those in the Derivatives ADR Order, the Stay Order, and other orders entered in this case.[4] Further, other bankruptcy courts in this and other districts have granted authority to settle various types of

---

mediation statement and did not send a corporate representative with authority to settle the case in contravention of the court's order to mediate in good faith).

[4]    *See, e.g.*, Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts [Docket No. 5207]; Order Pursuant to Sections 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors [Docket No. 8474] (the "Claims ADR Procedures"); Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6004(h) and 9019(a) for the Establishment of Procedures to Dispose of Real Estate Assets and Modification of the Order Establishing Procedures to (I) Restructure, (II) Make New or Additional Debt or Equity Investments in, and/or (III) Enter into Settlements and Compromises in Connection with Existing Real Estate Investments [Docket No. 9633] (collectively, the "Other Settlement Procedures Orders").

claims in other large chapter 11 cases through mediation or otherwise. *See, e.g., In re Motors Liquidation Co.*, Case No. 09-50026 (Bankr. S.D.N.Y. 2010) [Docket No. 5037] (approval of procedures authorizing implementation of alternative dispute resolution procedures, including mandatory mediation); *In re Old Carco LLC*, Case No. 09-50002 (Bankr. S.D.N.Y. 2009) [Docket No. 5820] (established settlement procedures for the resolution and payment of disputes regarding prepetition tax claims); *In re Ames Dep't Stores, Inc.*, Case No. 01-42217 (REG) (Bankr. S.D.N.Y. June 25, 2007) [Docket No. 3195] (ordering mandatory mediation procedures with respect to over 900 adversary proceedings that the debtors commenced against various preference defendants); *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. 2004) [Docket No. 21302] (approval of settlement procedures utilized by the official employment-related issues committee in connection with the settlement of certain avoidance actions); *In re Footstar, Inc.*, Case No. 04-22350 (Bankr. S.D.N.Y. 2004) [Docket No. 630] (approval of procedures for the settlement of litigation claims and prepetition leases and contracts); *In re NRG Energy, Inc.*, Case No. 03-13024 (Bankr. S.D.N.Y. 2003) [Docket No. 414] (approval of procedures for the settlement of terminated derivative contracts); *In re Mirant Corp.*, Case No. 03-46590 (Bankr. N.D. Tex. 2003) [Docket No. 3033] (approval of procedures for the settlement of terminated derivative contracts); *In re Enron Corp.*, Case No. 01-16034 (ALG) (Bankr. S.D.N.Y. Mar. 4, 2003) [Docket No. 9533] and (Bankr. S.D.N.Y. Mar. 20, 2003) [Docket No. 9862] (ordering mediation procedures with respect to twenty-four adversary proceedings regarding certain trading disputes); *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. 2001) [Docket No. 16353] (approval of procedures for estimation and settlement of unliquidated and contingent claims); *In re Armstrong World Indus., Inc.*, Case No. 00-4471 (Bankr. D. Del. 2000) [Docket No. 2549] (approval of procedures for the settlement of personal injury claims, employee

litigation claims, and tax claims against the debtor).  Approval of the SPV Derivatives ADR

Procedures is consistent with the Court's broad powers.

**C.      Approval of the SPV Derivatives ADR Procedures Would Promote Judicial Efficiency and Provide a Mechanism for the Debtors to Negotiate with SPV Derivatives Transactions Decisionmakers.**

29.     The SPV Derivatives Transactions are typically comprised of several

complex, related agreements, and many of the claims in the Actions are further complicated by a

number of bankruptcy and related issues including payment priority, voidable transfers, setoff,

termination validity, valuation, computation of termination payments, and notice.  Approval by

the Court of the SPV Derivatives ADR Procedures would promote swift, efficient, and fair

resolutions of the Actions just as the Derivatives ADR Procedures have for disputes between the

Debtors and non-SPV Derivatives Counterparties.  Moreover, authorizing the SPV Derivatives

ADR Procedures will promote judicial efficiency by establishing a mediation process that is

tailored to the SPV Derivatives Transactions context.

30.     Further, the SPV Derivatives ADR Procedures would avoid the additional

costs and delays associated with litigating disputes involving SPV Derivatives Counterparties.

Importantly, the SPV Derivatives ADR Procedures would enable the Debtors to negotiate with

the necessary decisionmakers to resolve the Actions with finality.  As the successful mediations

accomplished under the Derivatives ADR Procedures have demonstrated, mediation with the

SPV Derivatives Counterparties likely will achieve a quicker, more efficient resolution of the

Actions than litigating each one of them in this Court.

31.     Based on the foregoing, the Court should approve the SPV Derivatives

ADR Procedures.

## Notice

32.     No trustee has been appointed in these chapter 11 cases.   The Debtors have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all known Derivatives Counterparties and trustees (including via email or fax, where a physical address is unavailable), and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

33.     Other than the request for the establishment of the Derivatives ADR Procedures which was granted by the Court, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  November 24, 2010
        New York, New York

/s Richard W. Slack
Richard W. Slack
Ralph I. Miller
Peter Gruenberger

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

17

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                         :
In re                                    :        Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :        08-13555 (JMP)
                                         :
                    Debtors.             :        (Jointly Administered)
                                         :
                                         :
-------------------------------------------------------------------x
```

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES

The following alternative dispute resolution procedures for disputes involving the Debtors' derivatives transactions that have an SPV (as defined in paragraph 1(a) below) counterparty (the "SPV Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 proceedings (collectively, the "Debtors"). In connection with SPV Derivatives Transactions (as defined below), these SPV Derivatives Procedures supersede in their entirety, except as specifically provided below, the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts (the "Derivatives ADR Order") [Docket No. 5207].

### FINDINGS

On motion of the Debtors (the "Motion"), due and proper notice of which having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all known Derivatives Counterparties and Trustees, and (vii) all other parties entitled to notice in accordance with the procedures set forth

in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], the Court FINDS that numerous open and terminated SPV Derivatives Transactions (as defined below), including without limitation derivatives contracts that are "swap agreements" or "forward contracts," in each case, as such term is defined in section 101 of the Bankruptcy Code, exist under which the Debtors and the relevant counterparties and other parties in interest have disputes over their respective legal rights and obligations.   The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation, computation of termination payments, priority of payments, voidability of transfers, and notice.   The Court further FINDS that substantial value may be recovered for the Debtors' estates and judicial efficiency can be promoted if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation.   The Court further FINDS that similar proceedings ordered in these and other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

Consistent with General Order #M-390, adopted December 1, 2009, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order"), the procedures described below are ORDERED to promote consensual resolution with respect to the SPV Derivatives Transactions (as defined below) between one or more of the Debtors and the SPV counterparty, and to

encourage effective communication, consultation, negotiation, and, when necessary, mediation among the affected parties.

      1.     <u>SPV Derivatives Transactions</u>.

      a.     For the purposes of this Order, "SPV" means any special purpose vehicle or special investment vehicle, including but not limited to any structure, vehicle, trust or entity that issued notes or certificates of beneficial interest pursuant to an indenture or trust agreement and that, for purposes of these SPV Derivatives ADR Procedures, have entered into one or more derivatives contracts with one or more of the Debtors (each, the "<u>SPV Derivatives Transaction</u>" and, collectively, the "<u>SPV Derivatives Transactions</u>"). The SPV Derivatives ADR Procedures shall apply to all SPV Derivatives Transactions where one or more Debtors have the potential for affirmative recovery.

      b.     To date, the Debtors have identified several hundred SPV Derivatives Transactions with respect to which there are potential disputes over the amounts that may be owed to Debtors (whether or not an actual lawsuit or adversary proceeding has commenced), and SPV Derivatives Transactions include, but are not limited to, swap agreements and forward contracts with such SPV counterparty (the "<u>SPV Derivatives Counterparty</u>"); *provided*, *however*, that the term SPV Derivatives Transactions shall not include any cash-market purchase or sale of a security or loan (*i.e.*, any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction or repurchase agreement in respect of securities or loans.

      c.     The Debtors have filed, or anticipate filing, motions, complaints (including adversary proceedings), and other papers commencing legal process, against, among

others, SPV Derivatives Counterparties regarding SPV Derivatives Transactions (collectively, the "Actions").

    2.    <u>SPV Derivatives ADR Disputes</u>.  Except to the extent expressly precluded herein, a Debtor may designate any dispute in which an Action is pending before the Court, including a dispute involving such SPV already involved in alternative dispute resolution ("<u>ADR</u>") with a Debtor, by serving such SPV Derivatives Counterparty, SPV Trustee (as defined below), and/or a Noteholder (as defined below) a copy of this Order and the SPV Derivatives ADR Notice (as defined below) (collectively, the "<u>SPV Derivatives ADR Package</u>"); *provided*, *however*, that a Debtor may not serve the SPV Derivatives ADR Package on such SPV Derivatives Counterparty, SPV Trustee, or Noteholder unless the Debtor has already commenced an Action or is already involved in ADR related to a particular SPV Derivatives Transaction.

    a.    Any SPV Derivatives Counterparty or trustee with respect to the SPV Derivatives Transaction (the "<u>SPV Trustee</u>") served with such SPV Derivatives ADR Package may disclose the contents of such SPV Derivatives ADR Package to any person, entity, or special investment vehicle that holds a note or beneficial interest in the SPV Derivatives Counterparty or the SPV Derivatives Transaction generally (such persons or entities collectively referred to as "<u>Noteholders</u>," and each singly as a "<u>Noteholder</u>"); *provided*, *however*, that any such Noteholder not specified as a party to the SPV Derivatives ADR Dispute must, in advance of receiving such SPV Derivatives ADR Package, agree in writing to abide by the confidentiality provisions in this Order, including paragraph 12, and must agree in writing to maintain the confidentiality of any such information received.

    b.    For the purposes of the SPV Derivatives ADR Procedures, service on or notice to such SPV Derivatives Counterparty, SPV Trustee, or Noteholder, as the case may

be, can be made by serving that party and such party's counsel who has appeared in these cases and/or an Action by (i) email, (ii) hand delivery, (iii) first class mail, or (iv) overnight mail. Service made in accordance with this paragraph will be deemed adequate service. This paragraph is not intended to limit other methods of proper service upon such SPV Derivatives Counterparty, SPV Trustee or Noteholder.

c.      Notwithstanding any stay imposed by this Court, any defendant named in an Action must file a notice of appearance and intent to defend therein within thirty (30) calendar days of service of the SPV Derivatives ADR Package, within which time such defendant shall not file a responsive pleading. A Debtor has the right to dismiss an Action against such SPV Derivatives Counterparty, SPV Trustee and/or Noteholder without prejudice before a responsive pleading therein is filed. Failure to file a notice of appearance within 30 calendar days of service of the SPV Derivatives ADR Package may result in this Court's entry of Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice or an order for a default judgment against the defaulting party; provided, however, that a defendant may alternatively file an appearance with reservation of the right to raise the defense of lack of personal jurisdiction within 30 calendar days of service of the SPV Derivatives ADR Package, consistent with paragraph 5(d) below.

d.      The first filing of a notice of appearance and intent to defend, or an appearance with reservation of the right to raise the defense of lack of personal jurisdiction, in an Action shall immediately and automatically stay such Action pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation. In the case of an Action that was previously stayed, and where such stay was modified for the limited purpose of

complying with this Order, such stay will continue in full force and effect upon the first filing of a notice of appearance or limited appearance.

3.      <u>Stay of Actions</u>.  A Debtor may serve the SPV Derivatives ADR Package regardless of whether an Action has been previously stayed by the Court, and any prior stay shall be deemed automatically lifted upon the service on the SPV Derivatives Counterparty of the SPV Derivatives ADR Package solely for the limited purpose of making an appearance in compliance with paragraph 2 of this Order.  Moreover, nothing contained herein shall be construed as lifting any stay with respect to the Actions other than for the limited purpose of complying with this Order.   Upon service of the SPV Derivatives ADR Package, the corresponding Action (as defined herein), to the extent not previously stayed, will be immediately stayed such that (i) all applicable deadlines (other than those related to completion of service of process) will be indefinitely suspended, (ii) all discovery and pre-trial conferences will not be required or conducted, and (iii) all motion practice and contested hearings or trials will be prohibited; *provided*, *however*, that during such stay, the Debtors may (a) amend the Action complaint, (b) employ the SPV Derivatives ADR Procedures or other procedures to attempt to consensually resolve their dispute, (c) enter into settlements of the Action, (d) complete service of the Action complaint, (e) seek discovery for the limited purpose of assisting the Debtors in completing service of the Action complaint, and (f) dismiss an Action in accordance with Bankruptcy Rule 7041.

4.      <u>Settlement of Disputes During the SPV Derivatives ADR Procedures</u>. Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, the SPV Derivatives ADR Dispute at any time before, during, or following the designation of the SPV Derivatives ADR Dispute to the SPV Derivatives ADR Procedures by

the mutual consent of the parties; provided, that all SPV Derivatives ADR Disputes settled pursuant to this Order, including terminated, active, and matured SPV Derivatives Transactions and regardless of whether such settlement is reached with a Derivatives Counterparty, SPV Trustee and/or Noteholder, shall be settled pursuant to the terms set forth in (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket No. 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667]; (iii) other orders in these bankruptcy cases permitting such settlement; or (iv) as otherwise permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

       5.    <u>Participation Mandatory</u>.

       a.    Unless otherwise provided in a specific order applicable to a particular SPV Derivatives ADR Dispute, after service of the SPV Derivatives ADR Package, compliance with the SPV Derivatives ADR Procedures in this Order is mandatory. Although no party is required to settle or compromise, each Debtor serving the SPV Derivatives ADR Package and each SPV Derivatives Counterparty, and any SPV Trustee and Noteholder on whom a Debtor elects to serve such SPV Derivatives ADR Package, must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the SPV Derivatives ADR Procedures specified below for all SPV Derivatives ADR Disputes covered by such SPV Derivatives ADR Package.

       b.    The SPV Derivatives Counterparty shall, within sixty (60) calendar days of service of the SPV Derivatives ADR Package or, in the case of a pending ADR under the

Derivatives ADR Order within sixty (60) calendar days of notice by the Debtor of an intent to proceed under this Order, identify and designate by written notice (the "Settlement Participation Designation") as provided below to the other parties to the SPV Derivatives ADR Dispute, a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the "Authorized Designee"). The SPV Derivatives Counterparty may change the Authorized Designee from time to time during the course of the SPV Derivatives ADR Dispute so long as there remains at all times during the dispute an Authorized Designee.

      i.     The Settlement Participation Designation shall include the name and contact information of the person or entity with settlement authority, state that such person or entity has agreed to participate in the SPV Derivatives ADR Procedures, and state the relationship between the SPV Derivatives Counterparty and such person or entity with settlement authority. Notwithstanding any other provisions regarding Sanctions contained in this Order, if the Debtor does not receive a Settlement Participation Designation from the SPV Derivatives Counterparty within sixty (60) calendar days of the service of the SPV Derivatives ADR Package, or notice of an intent to proceed under this Order in the case of a pending ADR, the Court may, upon motion of the Debtor, impose Sanctions (as defined below), including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice.

      ii.     The SPV Derivatives Counterparty shall send notice of the SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized Designee with settlement authority, and the related Action, to all Noteholders in accordance with both the requirements of paragraph 5(b)(iii) below.

iii.    Notice of any SPV Derivatives ADR Dispute and the related Action given in accordance with the methods set forth below in subsections (a)-(b) to the Noteholders, parties to the Master Agreement, the Indenture, and/or the Trust Agreement, and any other persons entitled to such notice in the Bankruptcy Case, constitutes sufficient notice to such persons:

(a)    sending the papers commencing the relevant Action and the SPV Derivatives ADR Package (collectively, the "SPV Adversary Package") to each such person; provided, that in the case of the Noteholders, the SPV Adversary Package shall be sent:

(i)    directly to the original Noteholders (as of the issuance date thereof), as and to the extent listed in the records of the Debtors; and

(ii)    directly to any known current Noteholders; and

(b)    publication of the fact that there exists an ADR proceeding related to this SPV Derivatives Transaction in the Wall Street Journal and the Financial Times for three successive business days.

iv.    Within ten (10) calendar days of receiving written request by a Debtor, the SPV Derivatives Counterparty, and if served with the SPV Derivatives ADR Package, the SPV Trustee, shall provide information to such Debtor sufficient to identify and contact such Noteholders directly, and if such information is unavailable to the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and SPV Trustee shall provide information sufficient to identify the clearing systems through which such Noteholders are communicated.

v.    If a Debtor has not timely received a Settlement Participation Designation, a Debtor may at its sole discretion continue its attempts at mediation, terminate the SPV Derivatives ADR Dispute and resume the Action, or stay or terminate the

SPV Derivatives ADR Dispute and move for Sanctions, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice. No actions authorized by this paragraph 5(b)(v) shall be construed as automatically eliminating or modifying the stay of the Action without such Debtor's consent.

vi.    In taking the steps outlined in this paragraph 5, all parties to the SPV Derivatives ADR Dispute shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

c.    Nothing contained in this paragraph 5 shall relieve or be construed to relieve any party to the SPV Derivatives ADR Dispute from compliance with this Order.

d.    No rights, remedies, claims or defenses of any SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Debtor, acting in good faith compliance with the SPV Derivatives ADR Procedures, shall be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these SPV Derivatives ADR Procedures.  Participation in the SPV Derivatives ADR Procedures by the SPV Derivatives Counterparty, Authorized Designee, SPV Trustee, or Noteholder shall not waive the defense of lack of in personam jurisdiction, if any, which defense shall be preserved.

6.    Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Derivatives Counterparties.    If the SPV Derivatives Counterparty, SPV Trustee, or Noteholder previously has commenced any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of the SPV Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim, and to defend or take action in any such other court or proceeding to protect the estate of

Debtors, and/or take action in respect of any violation of the automatic stay imposed by section 362 of the Bankruptcy Code, despite the incomplete status of the steps prescribed under the SPV Derivatives ADR Procedures.

**<u>NOTICE/RESPONSE STAGE</u>**

7.      <u>Notice/Response</u>.      The initial stage of the SPV Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve the SPV Derivatives ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").      The Notice/Response Stage shall include:

     a.      <u>SPV Derivatives ADR Notice</u>.      A Debtor shall serve upon the SPV Derivatives Counterparty and, at such Debtor's election, the SPV Trustee and/or Noteholder (and any attorneys who have appeared in these cases or an Action) a notice containing sufficient information regarding the SPV Derivatives ADR Dispute including the nature of the Debtor's claim, a brief explanation setting forth the basis for the demand and the amount of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Official Unsecured Creditors' Committee (the "<u>Creditors' Committee</u>")), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise (the "<u>SPV Derivatives ADR Notice</u>").      Service of a completed SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "A" shall presumptively be deemed to comply with this Order. Within 30 calendar days of entry of this Order, a Debtor participating in a

11

pending ADR involving such SPV must elect in writing either to opt out of this Order and continue under the Derivatives ADR Order or to proceed under this Order.  If the Debtor elects to proceed under this Order, the Debtor shall provide written notice of its election to all parties to the pending ADR and simultaneously serve an SPV Derivatives ADR Package on the SPV Derivatives Counterparty and, at such Debtor's election, the related SPV Trustee and/or one or more Noteholders.  All deadlines otherwise set forth in this Order will run from the date the Debtor delivers the SPV Derivatives ADR Package.

b.    <u>SPV Derivatives Counterparty's Response to Notice</u>.  The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and/or Noteholder, as the case may be) must respond to the SPV Derivatives ADR Notice in writing within 75 calendar days from the date of the receipt of the SPV Derivatives ADR Notice, or in the case of a pending ADR receipt of the Debtor's election to proceed under this Order.  The response options available are as follows (the "<u>Responses</u>"):

i.    <u>Agreeing to Settle the Demand</u>.  If the SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and/or Noteholder) agrees to settle the demand in the SPV Derivatives ADR Notice, it shall state in writing that the offer of settlement in the SPV Derivatives ADR Notice is accepted.  The parties will then execute a settlement and

general release (including a confidentiality provision) and the Debtor shall dismiss the corresponding Action with prejudice upon execution of the release; or

ii.    <u>Denying the Demand</u>.    The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and/or Noteholder) may decline to settle for the amount stated in the demand in the SPV Derivatives ADR Notice, in which case such party must include a brief explanation in the Response to the SPV Derivatives ADR Notice setting forth the reason(s) for such denial.  In addition, such party may provide a counteroffer to the demand in the SPV Derivatives ADR Notice. Service of a completed Response to the SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "B" shall presumptively be deemed to comply with this Order.

c.    <u>Failure to Respond</u>.  Failure to provide a timely Response to the SPV Derivatives ADR Notice, as described in paragraphs 7(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court (with notice to any applicable SPV Derivatives Counterparty, SPV Trustee, or Noteholder that was provided by the Debtor with the SPV Derivatives ADR Package) for Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice, or immediate entry into the mediation stage.

d.      Reply to Response.  The Debtor shall have twenty (20) calendar days from the date of the receipt of the Response to serve a Reply to the Response to the SPV Derivatives ADR Notice (which Reply shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor shall (i) modify its demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demand in the SPV Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the SPV Derivatives ADR Dispute will automatically proceed to the Initial Settlement Conference or Mediation Stage.

8.      Request for Initial Settlement Conference.   At any time prior to the Mediation Stage, any party to the SPV Derivatives ADR Dispute may request an initial telephonic settlement conference by written request, to be held within ten (10) calendar days. Within four (4) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement, and during the initial settlement conference a person with authority to negotiate and settle (including in the case of the SPV Derivatives Counterparty, the Authorized Designee) must participate on behalf of each party.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement

conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, and the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if all parties agree in writing.

## <u>MEDIATION STAGE</u>

9.    <u>Mediation</u>.  SPV Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>").  The Debtors shall transmit on a rolling basis to the mediators appointed pursuant to paragraph 9(a) hereof sets of SPV Derivatives ADR Notices and any applicable Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to paragraph 9(b)(i) hereof.

a.    <u>Choice of Mediator</u>.  James Freund, David Geronemus, Ralph Mabey, and Jacob Esher are APPOINTED as the mediators for SPV Derivatives ADR Disputes reaching the Mediation Stage.  If any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to the Debtors, the Creditors' Committee, the Authorized Designee, and if served with the SPV ADR Derivatives Package, the SPV Trustee and Noteholders.

b.    <u>Powers of Mediator</u>.  The mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate mediations involving the same SPV Derivatives Transaction upon application by such SPV Derivatives Counterparty and consultation with the Debtors.

c.    <u>Mediator Contact</u>.  Once a specific mediator has been selected and notice of such selection has been conveyed to the parties, the mediator or its designee shall contact the parties to schedule the initial mediation date.

d.    <u>Mediation Sites</u>.  All mediation proceedings will take place in New York, New York, unless agreed to by the parties and the mediator.

e.    <u>Mediation Briefs</u>.  Any party to a Mediation may submit a Mediation Brief, with service upon the other parties to the Mediation and upon the Creditors' Committee unless the Mediator has affirmatively required the parties to serve Mediation Briefs upon each other, the Mediator, and the Creditors' Committee.  Any such Mediation Brief shall be served and filed in accordance with the briefing schedule established by the Mediator.  No Mediation Brief shall be filed with the Court.

f.    <u>Appearance at Mediations</u>.  Pursuant to paragraph 3.2 of the Standing Order, all participants in the mediation for the applicable SPV Derivatives ADR Dispute, must appear in person with a person who has complete authority to negotiate all disputed amounts and issues such that its decisions bind that party.  The Authorized Designee of the SPV Derivatives Counterparty must appear in person at the mediation.  Any willful failure to comply with this requirement in good faith may result in the imposition of sanctions, as provided below.  The Creditors' Committee may attend and participate in all mediations hereunder.  Counsel may also be present and participate.

g.     End of Mediation.  The mediation shall end upon request of a party and concurrence by the mediator.

## OTHER PROVISIONS

10.     Deadlines.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the parties; or (ii) the Bankruptcy Court, for cause shown.

11.     Sanctions for Parties.  Each Debtor and SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and Noteholder) must participate in good faith with these SPV Derivatives ADR Procedures with regard to the SPV Derivatives ADR Disputes specified in the applicable SPV Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that a party has not complied with the SPV Derivatives ADR Procedures in good faith in connection with any SPV Derivatives ADR Dispute, such party may be subject to such Sanctions as the Court deems appropriate (the "Sanctions").  If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the SPV Derivatives ADR Procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions may include, but are not limited to:

a.     Against Debtors:  (i) attorneys' fees incurred with respect to the SPV Derivatives ADR Procedures after the receipt of the SPV Derivatives ADR Package; (ii) fees and costs of the Mediator; (iii) termination of the SPV Derivatives ADR Procedures as to one or more SPV Derivatives

Transactions; and/or (iv) rejection of some or all claims asserted by Debtors in the applicable SPV Derivatives ADR Dispute.

b.    <u>Against SPV Derivatives Counterparties, SPV Trustees, or Noteholders</u>: (i) attorneys' fees incurred by the Debtors with respect to the SPV Derivatives ADR Procedures after the sending of a Derivatives ADR Package; (ii) fees and costs of the Mediator; (iii) an award in the SPV Derivatives ADR Dispute in the amount specified in the SPV Derivatives ADR Notice; and/or (iv) an entry of a judgment for the Debtor in the related Action.

c.    <u>Confidentiality of Sanctions Process</u>:  Notwithstanding the confidentiality provisions contained in paragraph 12 of this Order, a motion requesting Sanctions made to the Court may identify the parties to the subject SPV Derivatives ADR Dispute and describe the conduct giving rise to the request for Sanctions and entitling the moving party to relief, but shall not include any description of any negotiations regarding the SPV Derivatives ADR Dispute that are deemed confidential under the Standing Order, this Order, or any other order of the Court.

12.    <u>Confidentiality</u>.    The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order.  No oral or written statements or arguments made or positions taken by the mediator, the applicable Debtors, SPV Derivatives Counterparties, SPV Trustees, Noteholders, Authorized Designees, or the Creditors' Committee during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such parties or

their attorneys and advisors to the Court or any third party; *provided, however*, that SPV Trustees may disclose such statements, arguments and positions as may become necessary with their respective Noteholders and advisors subject to these same confidentiality provisions.  Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving in such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; *provided, however*, that consistent with the Derivatives ADR Order, the mediator or a designee shall continue on a monthly basis to report to the Court the status of the mediation efforts but shall not disclose the content thereof, which report shall include the number of SPV Derivatives ADR Notices served on Derivatives Counterparties (including SPV Derivatives Counterparties), the number of settlements reached after mediation, the number of mediations still pending, the number of mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached with Derivatives Counterparties following service of ADR Notices.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR Procedures including Settlement Conferences and the Mediation Stage.  Additionally, the economic terms, including any settlement amounts, of any particular settlement reached pursuant to the SPV Derivatives ADR Procedures shall be kept confidential, and such economic terms shall be redacted in any pleadings filed with the Court.

13.      Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected.  Unless affirmatively waived, participation in the SPV Derivatives ADR Procedures shall not waive or otherwise modify the right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist.  All parties' rights and defenses to contest the assertion

of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully preserved.

14.     Fees.  Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the SPV Derivatives ADR Procedures, including Mediation; *provided, however*, that (i) the Debtors shall pay the reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order, and (ii) nothing contained herein shall be deemed to vary the terms of any SPV Derivatives Transaction in respect of the reimbursement of fees and expenses.

15.     Service of the Notice of the Motion.  Service of notice of the Motion by e-mail or facsimile, where service by mail is not feasible, in accordance with the provisions of the Motion, is good and sufficient notice of the Motion.

**SO ORDERED:**

December ___, 2010
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

Exhibit A

**Form of SPV Derivatives ADR Notice**

SPV Derivatives ADR Notice No.: _____

Debtor(s): _____         SPV Derivatives Counterparty: _____
                        Name(s)                                                            Name(s)

                                                    or

                                            SPV Trustee: _____
                                                                              Name

SPV Derivatives Transaction: _____
_____
_____
_____

Settlement Demand:  $_____

Explanation of Basis for Settlement Demand: _____
_____
_____
_____
_____
_____
_____
_____

Date of SPV Derivatives ADR Notice: _____

Date of Service:                              _____

Response Due Date:                        _____

Debtor Contact:    [Name]
                            [Address]
                            Telephone Number: _____
                            Email: _____

Exhibit B

**Form of Response to SPV Derivatives ADR Notice**

SPV Derivatives Counterparty: _____
                              Name

        or

SPV Trustee: _____
             Name

Response to SPV Derivatives ADR Notice No.: _____

☐ Agree to Settlement Demand

☐ Denial of Settlement Demand                ☐ Counteroffer

                                        Counteroffer Amount:  $_____

Explanation of Basis for Counteroffer/Denial of Settlement Demand: _____
_____
_____
_____
_____
_____
_____
_____
_____

Counterparty Contact:  [Name]
                       Telephone Number:  _____
                       Email:  _____

## **Exhibit B**

**Blackline of Proposed Order Marked Against Derivatives ADR Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
                                                      :

**In re**                                         :          **Chapter 11 Case No.**
                                                        :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :          **08-13555 (JMP)**
                                                        :

                            **Debtors.**             :          **(Jointly Administered)**
                                                        :

                                                        :
--------------------------------------------------------------------x

**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES
~~CONTRACTS~~TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE
COUNTERPARTIES**

The following alternative dispute resolution procedures ~~(the "~~for disputes involving the Debtors' derivatives transactions that have an SPV (as defined in paragraph 1(a) below) counterparty (the "SPV Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its ~~direct and indirect subsidiaries~~affiliated debtors, as debtors and debtors in possession in ~~various~~the above-captioned chapter 11 proceedings ~~consolidated for procedural purposes only (collectively, "the Debtors").~~(collectively, the "Debtors").  In connection with SPV Derivatives Transactions (as defined below), these SPV Derivatives Procedures supersede in their entirety, except as specifically provided below, the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts (the "Derivatives ADR Order") [Docket No. 5207].

## **FINDINGS**

~~On motion of Debtors~~On motion of the Debtors (the "Motion"), due and proper notice of which having been provided to (i) the U.S. Trustee; (ii) the attorneys for

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all known Derivatives Counterparties and Trustees, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], the Court FINDS that numerous open and terminated SPV Derivatives Transactions (as defined below), including without limitation derivatives contracts, including any derivative contract that is aare "swap agreementagreements" or "forward contract",contracts," in each case, as such term is defined in section 101 of the Bankruptcy Code, exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties (the "Derivatives Contracts with Recovery Potential").under which the Debtors and the relevant counterparties and other parties in interest have disputes over their respective legal rights and obligations.  The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation and, computation of termination payments, priority of payments, voidability of transfers, and notice. The Court further FINDS that substantial value may be recovered for the Debtors' estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation.  The Court further FINDS that similar proceedings ordered in these and other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

The procedures described below are ORDERED to promote consensual recovery with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective

~~communication~~ ~~between the affected parties, consultation, negotiation, and, when necessary,~~

~~mediation~~ ~~procedures.~~

~~1. Standing Mediation Order. All provisions of the~~Consistent with

General Order #M-~~143,~~390, adopted ~~January 17, 1995,~~December 1, 2009, providing for the

Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral

Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary

Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and

further amendments thereto (the "Standing Order")~~shall apply to the mediations to be conducted~~

~~under this Order~~, the procedures described below are ORDERED to promote consensual

resolution with respect to the SPV Derivatives Transactions  (as defined below) between one or

more of the Debtors and the SPV counterparty, and to encourage effective communication,

consultation, negotiation, and, when necessary, mediation among the affected parties.

1.      SPV Derivatives Transactions.

a.      For the purposes of this Order, "SPV" means any special purpose

vehicle or special investment vehicle, including but not limited to any structure, vehicle, trust or

entity that issued notes or certificates of beneficial interest pursuant to an indenture or trust

agreement and that, for purposes of these SPV Derivatives ADR Procedures, have entered into

one or more derivatives contracts with one or more of the Debtors (each, the "SPV Derivatives

Transaction" and, collectively, the "SPV Derivatives Transactions").  The SPV Derivatives ADR

Procedures shall apply to all SPV Derivatives Transactions where one or more Debtors have the

potential for affirmative recovery.

~~2. Derivatives ADR Counterparties.~~ b. To date, the Debtors have identified

~~approximately two hundred fifty (250) counterparties (which number will surely increase) to~~

3

~~Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors~~ ~~to believe that disagreement exists~~several hundred SPV Derivatives Transactions with respect to which there are potential disputes over the amounts that may be owed to Debtors ~~under such~~ ~~contracts~~ (whether or not an actual lawsuit or adversary proceeding has ~~been commenced),~~ ~~whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of~~ ~~such counterparty or a person or entity who exercised or failed to exercise duties in relation to~~ ~~such a contract (collectively,~~ commenced), and SPV Derivatives Transactions include, but are not limited to, swap agreements and forward contracts with such SPV counterparty (the "SPV Derivatives ~~Counterparties~~Counterparty"); *provided*, *however*, that the term SPV Derivatives ~~Contract with Recovery Potential~~Transactions shall not include any cash-market purchase or sale of a security or loan (*i.e.*, any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction or repurchase agreement in respect of securities or loans.

c.    The Debtors have filed, or anticipate filing, motions, complaints (including adversary proceedings), and other papers commencing legal process, against, among others, SPV Derivatives Counterparties regarding SPV Derivatives Transactions (collectively, the "Actions").

3.  ~~Derivatives ADR Disputes. Any Debtor may designate any~~ ~~dispute regarding a Derivatives Contract with Recovery Potential to the Derivatives ADR~~ ~~Procedures by serving on a Derivatives Counterparty a copy of this Order and a Derivatives~~ ~~ADR Notice (as defined below) (collectively, the "~~2.    SPV Derivatives ADR Disputes. Except to the extent expressly precluded herein, a Debtor may designate any dispute in which an Action is pending before the Court, including a dispute involving such SPV already involved in

alternative dispute resolution ("ADR") with a Debtor, by serving such SPV Derivatives Counterparty, SPV Trustee (as defined below), and/or a Noteholder (as defined below) a copy of this Order and the SPV Derivatives ADR Notice (as defined below) (collectively, the "SPV Derivatives ADR Package").; *provided, however*, that a Debtor may not serve the SPV Derivatives ADR Package on such SPV Derivatives Counterparty, SPV Trustee, or Noteholder unless the Debtor has already commenced an Action or is already involved in ADR related to a particular SPV Derivatives Transaction.                              a.    Any SPV Derivatives Counterparty or trustee with respect to the SPV Derivatives Transaction (the "SPV Trustee") served with such SPV Derivatives ADR Package may disclose the contents of such SPV Derivatives ADR Package to any person, entity, or special investment vehicle that holds a note or beneficial interest in the SPV Derivatives Counterparty or the SPV Derivatives Transaction generally (such persons or entities collectively referred to as "Noteholders," and each singly as a "Noteholder"); *provided, however,* that any such Noteholder not specified as a party to the SPV Derivatives ADR Dispute must, in advance of receiving such SPV Derivatives ADR Package, agree in writing to abide by the confidentiality provisions in this Order, including paragraph 12, and must agree in writing to maintain the confidentiality of any such information received.

a.    Debtors shall not implement Derivatives ADR Procedures with respect to a Derivatives Contract with Recovery Potential that (i) has not been purportedly terminated and (ii) with respect to which a Derivatives Counterparty has not failed to make a payment, or perform any other obligation, due, if any, to the Debtor(s) (without regard to any provision in a Derivatives Contract with Recovery Potential that purports to permit a Derivatives Counterparty to withhold performance by reason of a default by a Debtor or its affiliates).

b. Debtors shall make commercially reasonable efforts to minimize the frequency of service of Derivatives ADR Notices on any one Derivatives Counterparty.

c. Any trustee, indenture trustee or party acting in a fiduciary capacity in connection with a trust or other financing arrangement that relates to the applicable Derivatives Contract with any of the Debtors (such persons or entities collectively referred to as "Indenture Trustees," and each singly as an "Indenture Trustee") shall be subject to this Order.

db.     For the purposes of the SPV Derivatives ADR Procedures, service on or notice to a such SPV Derivatives Counterparty or Indenture Trustee, as the case may be, shall be deemed adequate if such service or notice is provided to such Derivatives Counterparty, such Indenture Trustee, a legal guardian, estate representative, or other representative, SPV Trustee, or Noteholder, as the case may be, can be made by serving that party and such party's counsel who have has appeared in these cases and/or an Action by (i) email and (ii) at the option of the Debtors either (x, (ii) hand delivery, or (y) first class mail, or (z) overnight mail. iii) first class mail, or (iv) overnight mail.  Service made in accordance with this paragraph will be deemed adequate service.  This paragraph is not intended to limit other methods of proper service upon such SPV Derivatives Counterparty, SPV Trustee or Noteholder.

c.     Notwithstanding any stay imposed by this Court, any defendant named in an Action must file a notice of appearance and intent to defend therein within thirty (30) calendar days of service of the SPV Derivatives ADR Package, within which time such defendant shall not file a responsive pleading.  A Debtor has the right to dismiss an Action against such SPV Derivatives Counterparty, SPV Trustee and/or Noteholder without prejudice before a responsive pleading therein is filed.  Failure to file a notice of appearance within 30 calendar days of service of the SPV Derivatives ADR Package may result in this Court's entry of

6

Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice or an order for a default judgment against the defaulting party; provided, however, that a defendant may alternatively file an appearance with reservation of the right to raise the defense of lack of personal jurisdiction within 30 calendar days of service of the SPV Derivatives ADR Package, consistent with paragraph 5(d) below.

        d.      The first filing of a notice of appearance and intent to defend, or an appearance with reservation of the right to raise the defense of lack of personal jurisdiction, in an Action shall immediately and automatically stay such Action pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation.  In the case of an Action that was previously stayed, and where such stay was modified for the limited purpose of complying with this Order, such stay will continue in full force and effect upon the first filing of a notice of appearance or limited appearance.

        3.      Stay of Actions.  A Debtor may serve the SPV Derivatives ADR Package regardless of whether an Action has been previously stayed by the Court, and any prior stay shall be deemed automatically lifted upon the service on the SPV Derivatives Counterparty of the SPV Derivatives ADR Package solely for the limited purpose of making an appearance in compliance with paragraph 2 of this Order.  Moreover, nothing contained herein shall be construed as lifting any stay with respect to the Actions other than for the limited purpose of complying with this Order.  Upon service of the SPV Derivatives ADR Package, the corresponding Action (as defined herein), to the extent not previously stayed, will be immediately stayed such that (i) all applicable deadlines (other than those related to completion of service of process) will be indefinitely suspended, (ii) all discovery and pre-trial conferences will not be required or

conducted, and (iii) all motion practice and contested hearings or trials will be prohibited; *provided, however,* that during such stay, the Debtors may (a) amend the Action complaint, (b) employ the SPV Derivatives ADR Procedures or other procedures to attempt to consensually resolve their dispute, (c) enter into settlements of the Action, (d) complete service of the Action complaint, (e) seek discovery for the limited purpose of assisting the Debtors in completing service of the Action complaint, and (f) dismiss an Action in accordance with Bankruptcy Rule 7041.

4.      Settlement of Disputes During the SPV Derivatives ADR Procedures. Nothing contained herein shall prevent the parties from settling, and the parties are encouraged to settle, a̶the SPV Derivatives ADR Dispute at any time before, during, or following the designation of a̶the SPV Derivatives ADR Dispute to the SPV Derivatives ADR Procedures by the mutual consent of the parties, provided that such settlementa̶.    complies with; provided, that all SPV Derivatives ADR Disputes settled pursuant to this Order, including terminated, active, and matured SPV Derivatives Transactions and regardless of whether such settlement is reached with a Derivatives Counterparty, SPV Trustee and/or Noteholder, shall be settled pursuant to the terms set forth in (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket No. 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667], or; (iii) other orders in these bankruptcy cases permitting such settlement, or; or (iv) as otherwise permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

b.      is approved by specific order of the Court.

~~Any settlement discussions between any of the parties and the Official Unsecured Creditors'~~ ~~Committee (the "Creditors' Committee"), the contents of any papers submitted during the~~ ~~mediation stage described below, and all discussions in mediation shall remain confidential and~~ ~~privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of~~ ~~the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.~~

5.      Participation Mandatory.

a.      Unless otherwise provided in a specific order applicable to a particular SPV Derivatives ADR Dispute ~~or a particular Derivatives Counterparty or Indenture Trustee with Authority (as defined below)~~, after service of a~~the~~ SPV Derivatives ADR Package ~~on a Derivatives Counterparty or Indenture Trustee with Authority (i)~~, compliance with the SPV Derivatives ADR Procedures in this Order is mandatory ~~in the specified Derivatives ADR Disputes for the applicable Debtor or Debtors, Derivatives Counterparty and Indenture Trustee with Authority; and (ii)~~. Although no party is required to settle or compromise ~~any dispute or enter into a particular settlement or compromise, but~~, each Debtor serving a~~the~~ SPV Derivatives ADR Package~~, and~~ each SPV Derivatives Counterparty, and ~~each Indenture Trustee with Authority~~any SPV Trustee and Noteholder on whom a Debtor elects to serve such SPV Derivatives ADR Package, must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the SPV Derivatives ADR Procedures specified below for all SPV Derivatives ADR Disputes covered by such SPV Derivatives ADR Package.

b.      The SPV Derivatives Counterparty shall, within sixty (60) calendar days of service of the SPV Derivatives ADR Package or, in the case of a pending ADR under the

9

Derivatives ADR Order within sixty (60) calendar days of notice by the Debtor of an intent to proceed under this Order, identify and designate by written notice (the "Settlement Participation Designation") as provided below to the other parties to the SPV Derivatives ADR Dispute, a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the "Authorized Designee"). The SPV Derivatives Counterparty may change the Authorized Designee from time to time during the course of the SPV Derivatives ADR Dispute so long as there remains at all times during the dispute an Authorized Designee.

                  i.     The Settlement Participation Designation shall include the name and contact information of the person or entity with settlement authority, state that such person or entity has agreed to participate in the SPV Derivatives ADR Procedures, and state the relationship between the SPV Derivatives Counterparty and such person or entity with settlement authority. Notwithstanding any other provisions regarding Sanctions contained in this Order, if the Debtor does not receive a Settlement Participation Designation from the SPV Derivatives Counterparty within sixty (60) calendar days of the service of the SPV Derivatives ADR Package, or notice of an intent to proceed under this Order in the case of a pending ADR, the Court may, upon motion of the Debtor, impose Sanctions (as defined below), including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice.

                b.     With respect to any Derivatives ADR Package served on an Indenture Trustee, within the period provided in paragraph 8(b) for service of a response thereto by an Indenture Trustee, Debtors and such Indenture Trustee shall review the governing documents to determine whether the Indenture Trustee has authority to participate and to settle

the Derivatives ADR Dispute covered by the Derivatives ADR Notice on behalf of holders ("Authority").ii.      The SPV Derivatives Counterparty shall send notice of the SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized Designee with settlement authority, and the related Action, to all Noteholders in accordance with both the requirements of paragraph 5(b)(iii) below.

    i.      If the Indenture Trustee has Authority, it shall participate in the Derivatives ADR Procedures on behalf of holders to the extent authorized by such documents.

    ii.      If the Indenture Trustee lacks Authority via the governing documents, it shall contact the holders for which it acts as Indenture Trustee through the clearing systems or when possible by a direct written communication that: (v) advises such holders that the Debtors dispute holders' claims; (w) transmits to them the applicable Derivatives ADR Notice; (x) invites them to participate in the Derivatives ADR Procedures as an alternative to litigation; (y) encourages them to communicate directly with the Debtors; and (z) offers to take holders' direction in accordance with the governing documents to participate in the Derivatives ADR Procedures on behalf of such directing holders.

    iii.      Notice of any SPV Derivatives ADR Dispute and the related Action given in accordance with the methods set forth below in subsections (a)-(b) to the Noteholders, parties to the Master Agreement, the Indenture, and/or the Trust Agreement, and

any other persons entitled to such notice in the Bankruptcy Case, constitutes sufficient notice to such persons:

        (a)      sending the papers commencing the relevant Action and the SPV Derivatives ADR Package (collectively, the "SPV Adversary Package") to each such person; provided, that in the case of the Noteholders, the SPV Adversary Package shall be sent:

            (i)      directly to the original Noteholders (as of the issuance date thereof), as and to the extent listed in the records of the Debtors; and

            (ii)     directly to any known current Noteholders; and

        (b)      publication of the fact that there exists an ADR proceeding related to this SPV Derivatives Transaction in the Wall Street Journal and the Financial Times for three successive business days.

        iv.      Within ten (10) calendar days of receiving written request by a Debtor, the SPV Derivatives Counterparty, and if served with the SPV Derivatives ADR Package, the SPV Trustee, shall provide information to such Debtor sufficient to identify and contact such Noteholders directly, and if such information is unavailable to the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and SPV Trustee shall provide information sufficient to identify the clearing systems through which such Noteholders are communicated.

        v.      If a Debtor has not timely received a Settlement Participation Designation, a Debtor may at its sole discretion continue its attempts at mediation, terminate the SPV Derivatives ADR Dispute and resume the Action, or stay or terminate the SPV Derivatives ADR Dispute and move for Sanctions, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice.

No actions authorized by this paragraph 5(b)(v) shall be construed as automatically eliminating or modifying the stay of the Action without such Debtor's consent.

iii  vi.  In taking the steps outlined in this paragraph 5(b), Indenture Trustees5, all parties to the SPV Derivatives ADR Dispute shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

c.    Nothing contained in this paragraph 5 with respect to Indenture Trustees shall relieve or be construed to relieve any party to the SPV Derivatives CounterpartyADR Dispute from compliance with this Order.

d.  All No rights, remedies, claims andor defenses of any SPV Derivatives Counterparty, Indenture Trustees, holders andSPV Trustee, Noteholder, or Debtor, acting in good faith compliance with the SPV Derivatives ADR Procedures, shall not be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these SPV Derivatives ADR Procedures. Participation in the SPV Derivatives ADR Procedures by athe SPV Derivatives Counterparty, IndentureAuthorized Designee, SPV Trustee, or holderNoteholder shall not waive the defense of lack of in personam jurisdiction, if any, which defense shall be preserved.

6. No Substitute For Claims Procedures. The Derivatives ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures. Nothing contained herein, however, shall (a) prevent a Derivatives Counterparty from asserting in any respect to a Derivatives ADR Notice and elsewhere during the course of a Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a Derivatives Contract with Recovery Potential or any other valid defense to a Debtor's demand thereunder or (b) be construed to abridge, enlarge, or otherwise modify the rights and obligations

of Debtors or Derivatives Counterparties under a Derivatives Contract with Recovery Potential or applicable law or to provide a right or remedy under a Derivatives Contract with Recovery Potential to Debtors or Derivatives Counterparties that is not provided thereby or by applicable law.

6.    7. Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Derivatives Counterparties.    If a the SPV Derivatives Counterparty, SPV Trustee, or Noteholder previously has commenced, any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of a the SPV Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim, and to defend or take action in any such other court or proceeding to protect the estate of Debtors, and/or take action in respect of any violation of the automatic stay imposed by section 362 of the Bankruptcy Code, despite the incomplete status of the steps prescribed under the SPV Derivatives ADR Procedures.

## NOTICE/RESPONSE STAGE

7.    8. Notice/Response.    The initial stage of the SPV Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve a the SPV Derivatives ADR Dispute on a consensual basis (the "Notice/Response Stage").    The Notice/Response Stage shall include:

a.    SPV Derivatives ADR Notice. Debtors A Debtor shall serve upon a the SPV Derivatives Counterparty or Indenture and, at such Debtor's election, the SPV Trustee and/or Noteholder (and its any attorneys who have

appeared in these cases or an Action) a notice containing sufficient information regarding the SPV Derivatives ADR Dispute to make the Derivatives Counterparty or Indenture Trustee aware ofincluding the nature of the Debtor's affirmative claim, a brief explanation setting forth the basis for the demand and the amount, and of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Creditors' CommitteeOfficial Unsecured Creditors' Committee (the "Creditors' Committee")), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise (athe "SPV Derivatives ADR Notice"). Service of a completed SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "A" shall presumptively be deemed to comply with this Order.

Within 30 calendar days of entry of this Order, a Debtor participating in a pending ADR involving such SPV must elect in writing either to opt out of this Order and continue under the Derivatives ADR Order or to proceed under this Order. If the Debtor elects to proceed under this Order, the Debtor shall provide written notice of its election to all parties to the pending ADR and simultaneously serve an SPV Derivatives ADR Package on the SPV Derivatives Counterparty and, at such Debtor's election, the related SPV Trustee and/or one or more Noteholders. All deadlines otherwise set forth in this Order will run from the date the Debtor delivers the SPV Derivatives ADR Package.

b.  <u>SPV</u> Derivatives Counterparty's Response to Notice. ~~A~~ <u>The SPV</u> Derivatives Counterparty ~~must respond to the Derivatives ADR Notice in writing within thirty (30) calendar days from the date of the Derivatives Counterparty's receipt of the Notice. An Indenture Trustee with Authority contained in the governing documents must respond to the~~<u>(or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and/or Noteholder, as the case may be) must respond to the SPV</u> Derivatives ADR Notice in writing within ~~forty-five (45)~~<u>75</u> calendar days from the date of ~~such Indenture Trustee's receipt of the Derivatives ADR Notice, and an Indenture Trustee with Authority obtained by way of direction from holders pursuant to paragraph 5(b) above, must respond to the Derivatives ADR Notice within thirty (30) days from the date of receipt of such direction from holders.~~<u>the receipt of the SPV Derivatives ADR Notice, or in the case of a pending ADR receipt of the Debtor's election to proceed under this Order.</u> The response options available ~~to a Derivatives Counterparty or an Indenture Trustee with Authority~~ are as follows (the "<u>Responses</u>"):

i.  <u>Agreeing to Settle the Demand.</u>   If ~~a~~<u>the SPV</u> Derivatives Counterparty ~~or an Indenture Trustee with Authority~~<u>(or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and/or Noteholder)</u> agrees to settle the demand in the <u>SPV</u> Derivatives ADR Notice, ~~the Counterparty~~<u>it</u> shall state in writing that the offer of settlement in the <u>SPV</u> Derivatives ADR Notice is

accepted.  The parties will then execute a settlement and general release (including a confidentiality provision) and, ~~if the matter is in litigation,~~ the Debtor shall dismiss ~~any applicable claims in a lawsuit or adversary proceeding~~the corresponding Action with prejudice upon execution of the release; or

ii.    <u>Denying the Demand</u>. ~~A~~ The SPV Derivatives Counterparty ~~or Indenture Trustee with Authority~~(or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and/or Noteholder) may decline to settle for the amount stated in the demand in the SPV Derivatives ADR Notice, in which case ~~the Derivatives Counterparty or Indenture Trustee with Authority~~such party must include a brief explanation in the Response to the SPV Derivatives ADR Notice setting forth the reason(s) for such denial. In addition, ~~the Derivatives Counterparty or Indenture Trustee with Authority~~such party may provide a counteroffer to the demand in the SPV Derivatives ADR Notice.  Service of a completed Response to ~~a~~the SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "B" shall presumptively be deemed to comply with this Order.

c.    <u>Failure to Respond</u>.  Failure to provide a timely Response to the SPV Derivatives ADR Notice, as described in paragraphs ~~8~~7(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court (with notice to any applicable SPV Derivatives Counterparty ~~or Indenture~~

17

Trustee, SPV Trustee, or Noteholder that was provided by the Debtor with
the SPV Derivatives ADR Package) for Sanctions (as defined below) as
set forth below, including an order or judgment for recovery of amounts
demanded by Debtors in the SPV Derivatives ADR Notice, or immediate
entry into the mediation stage.

d.     Reply to Response.    The Debtor shall have fifteen (15)twenty (20)
calendar days from the date of the receipt of the Response to serve a Reply
to the Response to the SPV Derivatives ADR Notice (which
ResponseReply shall have been determined with the benefit of
consultation between Debtors and the Creditors' Committee), in which the
Debtor shall (i) modify its Demanddemand, (ii) respond to any
counteroffer, (iii) provide additional information in support of its
demandsdemand in the SPV Derivatives ADR Dispute, or (iv) reject any
counteroffer in which case the SPV Derivatives ADR Dispute will
automatically proceed to the Initial Settlement Conference or Mediation
Stage.

8.     9. Request for Initial Settlement Conference.    At any time inprior to the
Notice/ResponseMediation Stage, either a Debtor,any party to the SPV Derivatives Counterparty
or Indenture Trustee with AuthorityADR Dispute may request an initial telephonic settlement
conference by written request, to be held within ten (10) calendar days, and, in the case of
Indenture Trustees with Authority, to be held within fifteen (15) business days.  Within four (4)
business days of a receipt of such a request, the other parties must respond by acceptance of one
of the proposed dates and times or by a proposal for an initial settlement call no later than five

(5) calendar days from the earliest date set forth in the written request. ~~In the case of Indenture Trustees with Authority, within ten (10) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than fifteen (15) business days from the earliest date set forth in the written request.~~ If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage. At least one hour shall be reserved for the initial conference to discuss settlement~~.~~, and during the initial settlement conference a person with authority to negotiate and settle (including in the case of the SPV Derivatives Counterparty, the Authorized Designee) must participate on behalf of each party.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, and the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present. Settlement conferences during the Notice/Response Stage may be held in person if ~~both~~all parties agree in writing.

### MEDIATION STAGE

9. ~~10.~~ Mediation.  SPV Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "Mediation Stage"). The Debtors shall transmit on a rolling basis ~~as promptly as possible~~ to the mediators appointed pursuant to paragraph ~~10~~9(a) hereof sets of SPV Derivatives ADR Notices and any applicable Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to paragraph ~~10~~9(b)(i) hereof.

a.  Choice of Mediator.  James Freund, David Geronemus ~~and~~, Ralph Mabey, and Jacob Esher are APPOINTED as the mediators for SPV Derivatives ADR Disputes reaching the Mediation Stage.  If any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to the Debtors, the Creditors' Committee, ~~all Derivatives Counterparties and Indenture Trustees~~the Authorized Designee, and if served with the SPV ADR Derivatives Package, the SPV Trustee and Noteholders.

b.  Powers of Mediator.  The mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate mediations involving the same SPV Derivatives ~~Counterparty~~Transaction upon application by such SPV Derivatives Counterparty and consultation with the Debtors.

c.  Mediator Contact.  Once a specific mediator has been selected and notice of such selection has been conveyed to the parties, the ~~Debtor and the Derivatives Counterparty or Indenture Trustee with Authority together~~mediator or its designee shall contact the ~~mediator~~parties to schedule the initial mediation date.

d.  Mediation Sites.  All mediation proceedings will take place in New York, New York, unless agreed to by the parties and the mediator.

e.  Mediation Briefs.  Any party to a Mediation may submit a Mediation Brief, with service upon the other parties to the Mediation and upon the

Creditors' Committee~~; provided, however,~~ _unless_ the Mediator ~~may order that~~has affirmatively required the parties to serve Mediation Briefs upon each other, the Mediator, and the Creditors' Committee ~~a Mediation Brief. If a party to the Mediation opts to serve a Mediation Brief upon another party to the Mediation hereunder, such Mediation Brief shall also be filed with the Mediator and the Creditors' Committee.~~. Any such Mediation Brief shall be served and filed ~~so as to be received no later than five (5) calendar days prior to the scheduled initial Mediation Date.~~in accordance with the briefing schedule established by the Mediator. No Mediation Brief shall be filed with the Court.

f.   Appearance at Mediations. ~~Unless otherwise ordered by the mediator~~ Pursuant to paragraph 3.2 of the Standing Order, all participants in the mediation for the applicable SPV Derivatives ADR Dispute, must appear in person with a ~~business principal~~person who has ~~settlement authority; _provided, however_, that, to the extent acceptable to the mediator, the business principal with settlement authority on behalf of a~~complete authority to negotiate all disputed amounts and issues such that its decisions bind that party. The Authorized Designee of the SPV Derivatives Counterparty ~~may attend the mediation by video conference at the sole expense of the Derivatives Counterparty.~~must appear in person at the mediation. Any willful failure to comply with this requirement in good faith may result in the imposition of sanctions, as provided below.

The Creditors' Committee may attend and participate in all mediations hereunder.  Counsel may also be present and participate.

g.    <u>End of Mediation</u>.  The mediation shall end upon request of a party and concurrence by the mediator.

## OTHER PROVISIONS

<u>10.</u>    ~~11.~~ <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the ~~Debtors and the Derivatives Counterparty~~<u>parties;</u> or (ii) the Bankruptcy Court, for cause shown.

<u>11.</u>    ~~12.~~ <u>Sanctions for Parties</u>.  Each Debtor~~, and SPV~~ Derivatives Counterparty ~~and Indenture Trustee~~<u>(or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and Noteholder)</u> must participate in good faith with these <u>SPV</u> Derivatives ADR Procedures with regard to the <u>SPV Derivatives</u> ADR Disputes specified in the applicable <u>SPV</u> Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that a party has not complied with the <u>SPV</u> Derivatives ADR Procedures in good faith in connection with any <u>SPV</u> Derivatives ADR Dispute, ~~the Debtors, Derivatives Counterparty or Indenture Trustee, as the case may be,~~<u>such party</u> may be subject to such ~~sanctions~~<u>Sanctions</u> as the Court deems appropriate (the "<u>Sanctions</u>").  If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the <u>SPV</u> Derivatives ADR Procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions may include, but are not limited to:

a.   <u>Against Debtors</u>:   (i)  attorneys'  fees  incurred  ~~by  a  Derivatives Counterparty (including an Indenture Trustee with Authority)~~ with respect to  the  <u>SPV </u>Derivatives  ADR  Procedures  after  the  receipt  of  ~~an~~<u>the SPV Derivatives</u>  ADR  Package;  (ii)  fees  and  costs  of  the  Mediator;  (iii) termination  of  the  <u>SPV </u>Derivatives  ADR  Procedures  as  to  one  or  more <u>SPV </u>Derivatives  ~~Contracts  with  Potential  Recovery~~<u>Transactions</u>;  and/or (~~iii~~<u>iv</u>) rejection of some or all claims asserted by Debtors in the applicable <u>SPV </u>Derivatives ADR Dispute.

b.   <u>Against  SPV </u><u>Derivatives  Counterparties</u>  ~~(including  Indenture~~<u>, SPV</u> <u>Trustees</u>~~with Authority):~~<u>, or Noteholders: </u> (i) attorneys' fees incurred by the  Debtors  with  respect  to  the  <u>SPV </u>Derivatives  ADR  Procedures  after  the sending  of  ~~an~~<u>a Derivatives</u>  ADR  Package;  (ii)  fees  and  costs  of  the Mediator; (iii) an award ~~of~~<u>in</u> the <u>SPV </u>Derivatives ADR Dispute ~~up to~~<u>in</u> the  amount  specified  in  the  <u>SPV </u>Derivatives  ADR  Notice<u>; and/or (iv) an entry of a judgment for the Debtor in the related Action</u>.

c.   <u>Confidentiality of Sanctions Process:  Notwithstanding the confidentiality provisions  contained  in  paragraph  12  of  this  Order,  a  motion  requesting Sanctions  made  to  the  Court  may  identify  the  parties  to  the  subject  SPV Derivatives  ADR  Dispute  and  describe  the  conduct  giving  rise  to  the request for Sanctions and entitling the moving party to relief, but shall not include any description of any negotiations regarding the SPV Derivatives ADR Dispute that are deemed confidential under the Standing Order, this Order, or any other order of the Court.</u>

23

12.    13. Confidentiality.  The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order.  No oral or written statements or arguments made or positions taken by the mediator, the applicable Debtors, SPV Derivatives Counterparties, Indenture TrusteeSPV Trustees, Noteholders, Authorized Designees, or the Creditors' Committee during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court or any third party; *provided, however*, that IndentureSPV Trustees may disclose such statements, arguments and positions as may become necessary with their respective noteholdersNoteholders and advisors subject to these same confidentiality provisions.  Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving isin such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; *provided*, *however*, that consistent with the Derivatives ADR Order, the mediator or a designee shall continue on a monthly basis beginning 60 days following entry of this Orderto report to the Court the status of the mediation efforts but shall not disclose the content thereof, which report shall include the number of SPV Derivatives ADR Notices served on Derivatives Counterparties (including SPV Derivatives Counterparties), the number of settlements reached after mediation, the number of mediations still pending, the number of mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached with Derivatives Counterparties following service of ADR Notices.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR Procedures including Settlement Conferences and Mediation Stage.the Mediation Stage.

Additionally, the economic terms, including any settlement amounts, of any particular settlement reached pursuant to the SPV Derivatives ADR Procedures shall be kept confidential, and such economic terms shall be redacted in any pleadings filed with the Court.

13. ~~14.~~ Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected. Unless ~~a Derivatives Counterparty, Indenture Trustee or a Debtor affirmatively waives its~~ affirmatively waived, participation in the SPV Derivatives ADR Procedures shall not waive or otherwise modify the right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist~~, participation in the Derivatives ADR Procedures shall not waive or otherwise modify such rights~~. All parties' rights and defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully preserved.

14. ~~15.~~ Fees. Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the SPV Derivatives ADR Procedures, including Mediation; *provided, however*, that (i) the Debtors shall pay the reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order, and (ii) nothing contained herein shall be deemed to vary the terms of any ~~Derivative Contract with Recovery Potential~~ SPV Derivatives Transaction in respect of the reimbursement of fees and expenses.

15. Service of the Notice of the Motion. Service of notice of the Motion by e-mail or facsimile, where service by mail is not feasible, in accordance with the provisions of the Motion, is good and sufficient notice of the Motion.

**SO ORDERED:**

December ____, 2010
~~Dated:~~ New York, New York
~~September 17, 2009~~

_s/ James M. Peck_

UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit A</u>

**Form of SPV Derivatives ADR Notice**

SPV Derivatives ADR Notice No.: _____

Debtor(s): _____          SPV Derivatives Counterparty: _____

~~Name(s)~~                                                                        ~~Name(s)~~

Name(s) _____          Name(s) _____

_____or

                        ~~Indenture~~SPV Trustee:

_____

                                                Name

SPV Derivatives ~~Contract~~Transaction: _____

_____

_____

_____

Settlement Demand:      $ _____

Explanation of Basis for Settlement Demand: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

~~Date of Derivatives ADR Notice:~~      _____

Date of SPV Derivatives ADR Notice: _____

Date of Service: _____

Response Due Date: _____

Debtor Contact:   [Name]
                  [Address]
                  Telephone Number: _____
                  Email: _____

<u>Exhibit B</u>

**Form of Response to SPV Derivatives ADR Notice**

SPV Derivatives Counterparty: _____

_____ Name

_____ or

_____ ~~Name~~

_____ ~~or~~

~~Indenture~~

SPV Trustee ~~with Authority:~~ _____

~~Name:~~ _____

_____ Name

Response to SPV Derivatives ADR Notice No.: ____ ☐ _____

☐ Agree to Settlement Demand

☐☐ Denial of Settlement Demand          ☐☐ Counteroffer

                                        Counteroffer Amount: $_____

Explanation of Basis for Counteroffer/Denial of Settlement Demand: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

<u>Counterparty Contact</u>:  [Name]
Telephone Number:  _____
Email:  _____