B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

### Southern District of New York

In re  Lehman Brothers Holdings Inc. et al.       ,          Case No.  08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| UBS AG, Stamford Branch | BlueBay Investment Grade LIBOR Fund |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
  677 Washington Boulevard, Stamford CT
  06901, Att'n Craig Pearson

Court Claim # (if known): ___20085___
Amount of Claim: ___$8,855.33___
Date Claim Filed: ___09/21/2009___

Phone:  +203 719-5397
Last Four Digits of Acct #: _____

Phone:  +442073893633
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: Craig Pearson/Darlene Arias            Date:  11/23/2010
       Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

## EXHIBIT A  FORM OF EVIDENCE OF TRANSFER OF CLAIM

**TO:**   Lehman Brothers Holdings Inc. as the Guarantor (for the purposes of this Notice the
"Debtor") and the Bankruptcy Court (as defined below).

For value received, the adequacy and sufficiency of which are hereby acknowledged,
BlueBay Funds acting on behalf of its sub-fund, BlueBay Investment Grade Libor Fund ("Assignor")
unconditionally and irrevocably hereby sells, transfers and assigns to UBS AG, Stamford Branch (the
"Assignee") pursuant to a Transfer of Claim Agreement dated November 17, 2010 between the
Assignor and the Assignee, all right, title, interest, claims and causes of action in and to, or arising
under or in connection with (i) a proof of claim no. 20085 against Lehman Brothers Holdings Inc. as
Debtor, one of the debtors-in-possession in the chapter 11 reorganization case entitled, In re Lehman
Brothers Holdings Inc., et al., Chapter 11 Case Number 08-13555 (JMP) (Jointly Administered),
pending in the United States Bankruptcy Court for the Southern District of New York (the
"Bankruptcy Court") , (ii) a general unsecured claim (as such term is defined in Section 101(5) of
the U.S. Bankruptcy Code) against the Debtor arising under the Unanimous Written Consent of the
Executive Committee of the Board of Directors of the Debtor, dated as of June 9, 2005 with respect
to the the ISDA Master Agreement dated 7/7/2006 between Lehman Brothers International (Europe)
and the Assignor and related documents (the "ISDA") only (the "General Guarantee Claim" and
together with the ISDA Guarantee Claim (as defined below), andthe proofs of claim described in
clause (i), the "Claims") pursuant to which the Debtor fully guaranteed the payment of all liabilities,
obligations and commitments of the Debtor relating to the ISDA  and documents related thereto. For
the avoidance of doubt, the assignment does not relate to any claims other than those originating
from or arising out of the ISDA. Amounts owed by the Debtor to the Assignor solely in connection
with claims that do not arise from or originate out of the ISDA, shall be paid directly to the Assignor,
and any communication solely in respect of claims not originating from or arising out of the ISDA
(including, for the avoidance of doubt, any pre-administration client money claims ) shall continue to
be sent exclusively to the Assignor or its authorized agents.

The Assignor hereby waives any objection to the transfer of the Claims to the Assignee on
the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest
extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the
Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or
applicable law. The Assignor acknowledges and understands, and hereby stipulates, that an order of
the Bankruptcy Court may be entered without further notice to the Assignor transferring to the
Assignee the Claims and recognizing the Assignee as the sole owner and holder of the Claims. The
Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all
further notices relating to the Claims, and all payments or distributions of money or property in
respect of the Claims, shall be delivered or made to the Assignee.

Assignee's information is as follows:

> 677 Washington Boulevard
> Stamford CT 06901
> Attention:  Michael Cerniglia
> Email.: michael.cerniglia@ubs.com
> Telephone No.: +1 203 719 4009

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS
17th day of November, 2010

**ASSIGNOR:**

**BlueBay Asset Management plc acting as
agent for** BlueBay Funds acting on behalf of
its sub-fund, BlueBay Investment Grade Libor
Fund

By: _____

Name:  Lucien Orlovius
Title:   Director

**ASSIGNEE:**

**UBS AG, Stamford Branch
By: UBS Securities, LLC, as agent**

By: _____

Name:
Title:

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS
_____ day of _____ 2010

**ASSIGNOR:**

**BlueBay Asset Management plc acting as
agent for** BlueBay Funds acting on behalf of
its sub-fund, BlueBay Investment Grade Libor
Fund

By:_____
    Name:
    Title:

**ASSIGNEE:**

**UBS AG, Stamford Branch
By: UBS Securities, LLC, as agent**

By:_____
Name:    Darlene Arias
Title:    Associate Director
        Banking Products Services, US

Stephen Scanapiece
Associate Director
Banking Products
Services, US