B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re    Lehman Brothers Holdings Inc, et al, Debtors    Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| MERRILL LYNCH INTERNATONAL | MERRILL LYNCH JAPAN SECURITIES CO., LTD |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
Should be sent

**Court Claim # (if known):** that portion of Omnibus Claim 62783 represented by ISIN XS0351983779 listed in the schedule attached to Omnibus Claim 62783.

Merrill Lynch International
2 King Edward Street, London, EC1A 1HQ,
United Kingdom
Attn : James Russell

**Amount of Claim:** US$ 949,352.00 (the

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

Amount that portion of Omnibus Claim 62783 represented by ISIN XS0351983779 listed in the schedule attached to the Omnibus Claim 62783)

**Date Claim Filed:** 2nd November 2009. The Omnibus Claim was filed by Transferor to reserve the rights of clients on whose behalf Transferor held certain Lehman Program Securities. The Program Security ISIN XS0351983779 (in the amount of US$949,352.00) has subsequently been transferred to Transferee

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of Acct. #:

Phone:
Last Four Digits of Acct. #:

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 26-OCT-10

**MERRILL LYNCH INTERNATIONAL**

Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Merrill Lynch Japan Securities Co., Ltd ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Merrill Lynch International (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to (i) that certain Proof of Claim Number 47888 filed by or on behalf of Seller's predecessor in interest as amended by the proof of claim filed by Seller's predecessor in interest on October 11, 2010 with the unique identification number 67126 (collectively the "Seller Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), and (ii) that certain omnibus Proof of Claim 62783 (the "LBIE Proof of Claim" and together with the Seller Proof of Claim, the "Proof of Claim") filed by Lehman Brothers International (Europe) (in administration) ("LBIE") against the Debtor in the Proceedings on behalf of its clients and the clients of its affiliates (including Seller) in their respective capacities as beneficial owners of the "Lehman Program Securities" referenced in the LBIE Proof of Claim (including the Purchased Security (as defined below), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 26 day of October 2010.

| MERRILL LYNCH JAPAN SECURITIES CO., LTD. | MERRILL LYNCH INTERNATIONAL |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: MASAHITO AMANO | Name: |
| Title: MANAGING DIRECTOR | Title: |
| Nihonbashi 1-chome Building<br>1-4-1, Nihonbashi, Chuo-ku,<br>Tokyo 103-8230, Japan | Merrill Lynch International<br>Warwick Court, 2 King Edward Street,<br>London, EC1A 1HQ,<br>United Kingdom<br>Attn : James Russell |

Schedule 1

Transferred Claims

Purchased Claim

100% of US$ 954,717.42 of XS0351983779 claim of US$ 954,717.42 (the outstanding amount of the JBBA Proof of Claim as of 26 October 2010)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. – Issue of JPY 100,000,000 Step-Up Fixed Rate Notes due March 19, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holding Inc. under the U.S $ 100,000,000,00 0 Euro Medium-Term Note Program | XS0351983779 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 100,000,000 (equivalent to US$ 946,340.00 @ 0.0094634) | Fixed Rate, based on matrix | 19 March, 2018 | JPY 885,245 (equivalent to US$ 8,377.42 @ 0.0094634) |

1 For the avoidance of doubt, the Purchased Claim also consists of the Purchased Security as described in the LBIE Proof of Claim Number 62783 in the amount of US$ 949,352.00 due to different conversion rate used by LBIE.

Schedule 1-1