**LATHAM & WATKINS LLP**
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200
Mark A. Broude
Carlos Alvarez
Email: Mark.Broude@lw.com
         Carlos.Alvarez@lw.com

*Attorneys for CSP II USIS Holdings, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                    )
In re                               )   Chapter 11
                                    )
LEHMAN BROTHERS HOLDINGS INC., *et al.*  )   Case No. 08-13555 (JMP)
                                    )
                                    )   Jointly Administered
                        Debtors.    )
_____)

**RESPONSE OF CSP II USIS HOLDINGS, L.P. TO THE DEBTORS' SIXTY-SEVENTH
OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

CSP II USIS Holdings, L.P. ("CSP") by its undersigned counsel, submits this response (the "Response") to the Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims). In support of this Response, CSP respectfully states as follows:

**BACKGROUND**

1. On September 4, 2008, Lehman Brothers Special Financing Inc. ("LBSF") and CSP entered into a confirmation agreement (the "Confirmation"), which the parties agreed would supplement and be subject to the 1992 ISDA Master Agreement, dated April 8, 2008 (the "Master Agreement")[1]. Lehman Brothers Holdings Inc. ("LBHI") unconditionally guaranteed

---

[1] Capitalized terms not otherwise defined in this Response shall have the meaning ascribed to them in the Master Agreement.

the obligations of LBSF under the Master Agreement pursuant to the Guarantee of Lehman Brothers Holdings Inc., dated April 11, 2008 (the "Guarantee").

2. Commencing on September 15, 2008, and periodically thereafter, Lehman and certain of its affiliates (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. These cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. By letter dated November 26, 2008 (the "Notice of Early Termination"), CSP provided to LBSF notice of early termination of the Confirmation due to the occurrence of an Event of Default by LBSF under the Master Agreement. The Notice of Early Termination established November 26, 2008 as the Early Termination Date. Concurrently therewith, CSP provided to LBSF the Early Termination Calculation Statement setting forth the amount payable in respect of the Early Termination Date as $1,574,529.52. The Early Termination Calculation Statement contained a complete analysis of the computation of such amount.

4. On July 2, 2009, this Court entered the *Order for Establishing Deadlines for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." Bar Date Order, at 7. The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must . . . complete the

electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." *Id.* at 8.

5. On September 18, 2009, CSP filed (i) a proof of claim (Claim No.16199) against LBSF seeking recovery under the Master Agreement in the amount of $1,574,529.52 (the "LBSF Claim") and (ii) a proof of claim (Claim No. 16198) against LBHI seeking recovery under the Guarantee in the amount of $1,574,529.52 (the "LBHI Claim," and, together with the LBSF Claim, the "Claims"). Pursuant to the terms of the Bar Date Order, CSP completed the required Derivative Questionnaire and Guarantee Questionnaire (the "Questionnaires") in connection with the LBSF Claim and the LBHI Claim, respectively. In conjunction with the Questionnaires, CSP submitted the following supporting documentation: a copy of the Confirmation and the Notice of Termination, a copy of the Early Termination Calculation Statement, a copy of the Master Agreement and Guarantee, a copy of the LBHI Board Resolutions, dated June 9, 2005, a copy of the Derivatives Margin Call Notice, dated September 8, 2008, and a copy of the executed Loan Sale Assignment and Assumption Agreement.

6. On November 3, 2010, the Debtors filed the *Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims)* (the "Objection") seeking the reduction and allowance of CSP's claims solely on the basis that "the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values" of the claims as determined by the Debtors. Objection, at ¶ 11. The Debtors submitted no documentary evidence in support of the Objection.

7. The Debtors seek to reduce both Claims from $1,574,529.52 to $505,069.72. The Debtors submit that this amount reflects the proper value of the Claims, without offering any evidence whatsoever to support this valuation.

# ARGUMENT

## A. Applicable Legal Standard

8. A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity of the claim. *See In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); *In re Hess*, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009); *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008); *In re MarketXT Holdings Corp.*, 2007 Bankr. Lexis 740, 17 n.8 (Bankr. S.D.N.Y. 2007). If a party in interest files an objection to the proof of claim, "[t]he burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim." *Alper Holdings USA*, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008); *see also In re MarketXT Holdings Corp.*, 2007 Bankr. Lexis 740, 17 n.8 (Bankr. S.D.N.Y. 2007) (noting that "[t]he claimant is only required to prove the merits of the claim if an objection is offered"). Specifically, "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency." *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008); *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009). Thus, the burden of proof does not shift to the claimant until the objector has first met its burden of production by providing sufficient evidence to overcome the prima facie validity of the claim. "When the burden [does] shift back to the claimant, the claimant must prove the validity of the claim by a preponderance of the evidence." *In re MarketXT Holdings Corp.*, 2007 Bankr. Lexis 740, 17 n.8 (Bankr. S.D.N.Y. 2007); *see also In re DJK Residential LLC*, 416 B.R. 100, 104-105 (Bankr. S.D.N.Y. 2009) ("[t]he claimant must then prove by a preponderance of the evidence that under applicable law the claim should be allowed") (internal quotation marks omitted).

**B.      The Debtors Have Failed to Meet Their Burden of Production**

9.      The Debtors have produced no evidence whatsoever to support their contention that CSP's Claims should be reduced. Simply stating that the proofs of claims are "greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records" does not constitute evidence at all, much less "evidence which, if believed, would refute at least one of the allegations that, is essential to the claim's sufficiency." In fact, the Debtors have failed to provide this Court with any insight into its rationale for requesting the reduction of the Claims, much less any documentary support for such reduction.

10.     The proofs of claims filed by CSP are prima facie evidence of the validity of the Claims. Furthermore, in support of its valuation, CSP has provided the Early Termination Calculation Statement, containing a detailed analysis of the calculation of the Claims. The Debtors, on the other hand, have offered no support for their valuation methods and have not even attempted to refute the prima facie validity of the Claims; therefore, the Debtors have failed to meet their burden of production.

**WHEREFORE**, CSP requests that this Court deny the Objection to the extent that the Debtors seek to reduce CSP's Claims, allow the Claims in the amount of $1,574,529.52 against each of LBSF and LBHI, and grant such other, further relief as this Court may deem just and proper.

Dated: November 30, 2010
New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ Mark A. Broude
    Mark A. Broude
    Carlos Alvarez
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Counsel for CSP II USIS Holdings, L.P.*