**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
In re                                                              :   Chapter 11 Case No.
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                       :   08-13555 (JMP)
                                                                   :
            Debtors.                                               :   (Jointly Administered)
                                                                   :
-------------------------------------------------------------------x

### ORDER GRANTING SIXTH SUPPLEMENTAL APPLICATION OF THE DEBTORS, PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE SCOPE OF JONES DAY'S RETENTION AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO THE ENGAGEMENT DATES

Upon the sixth supplemental application, dated November 8, 2010 (ECF Doc. # 12593) (the "Sixth Supplemental Application"), of Lehman Brothers Holdings Inc., ("LBHI") and its affiliated debtors in the above- referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing and approving the expansion of Jones Day's retention as special counsel, *nunc pro tunc* to the Engagement Dates, with respect to the Additional Matters,[1] all as more fully described in the Sixth Supplemental Application; and upon the Declaration of Carl E. Black (the "Sixth Supplemental Declaration"), filed in support of the Application; and the Court being satisfied, based on the representations made in the Sixth Supplemental Application and the Sixth Supplemental Declaration, that, except as provided therein, Jones Day

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Sixth Supplemental Application.

represents no interest adverse to the Debtors or the Debtors' estates with respect to the Additional Matters upon which it is to be engaged, under section 327 of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Sixth Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Sixth Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Sixth Supplemental Application having been provided in accordance with the procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Jones Day; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and no objections to the Sixth Supplemental Application having been filed; and the Court having found and determined that the relief sought in the Sixth Supplemental Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Sixth Supplemental

Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Sixth Supplemental Application is approved; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to expand the scope of the employment and retention of Jones Day as special counsel to the Debtors on the terms set forth in the Sixth Supplemental Application and this Order, effective *nunc pro tunc* to the Engagement Dates with respect to the Additional Matters identified in the Sixth Supplemental Application; and it is further

ORDERED that Jones Day shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: New York, New York
      November 30, 2010

                                     *s/ James M. Peck*
                                HONORABLE JAMES M. PECK
                                UNITED STATES BANKRUPTCY JUDGE