Hearing Date and Time: Dcember 22, 2010 at 10:00 a.m. (Eastern Time)

STROOCK & STROOCK & LAVAN LLP
Attorneys for Mitsui & Co. Commodity Risk
Management Limited
Claude G. Szyfer
Harold A. Olsen
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **In re:** : | |
| : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*, : | |
| : | **08-13555 (JMP)** |
| : | |
| Debtors. : | **(Jointly Administered)** |
| : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**RESPONSE OF MITSUI & CO. COMMODITY RISK MANAGEMENT LIMITED
TO DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(VALUED DERIVATIVE CLAIMS)**

Mitsui & Co. Commodity Risk Management Limited, f/k/a Mitsui & Co. Energy Risk Management, Ltd. ("Mitsui"), by and through its undersigned counsel, hereby files its response (the "Response") to the *Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims)* (the "Objection") [Docket No. 12533] and respectfully represents as follows:

**BACKGROUND**

1.    On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  On October 3, 2008, Lehman Brothers Commodity Services

Inc. ("LBCS") filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

2. LBHI, LBCS and their chapter 11 debtor-affiliates (each a "Debtor" and collectively, the "Debtors") are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. On September 17, 2008, an Official Committee of Unsecured Creditors was appointed in the Debtors' cases.

3. Prior to the Debtors' commencement of these cases, Mitsui and LBCS were parties to certain commodity swap and/or forward contracts (the "Transactions") documented under an ISDA master agreement, dated January 19, 2007 (the "ISDA Master Agreement"). LBCS's obligations to Mitsui thereunder were guaranteed by LBHI. On September 15, 2008, Mitsui terminated the Transactions under the ISDA Master Agreement pursuant to the safe harbor provisions of the Bankruptcy Code.

4. On September 16, 2009, Mitsui timely filed proofs of claim against LBCS (Claim number 14100) and LBHI (Claim number 14101) (collectively, the "Claims"). On October 20, 2009, Mitsui timely submitted Derivative and Guarantee Questionnaires (the "Questionnaires") and uploaded voluminous documents in support of its claims, as required under the Bar Date Order (as defined in the Objection) and in full compliance with the Questionnaires, including copies of the ISDA Master Agreement, Credit Support Annex, Guarantee, termination notice and calculation statement, and spreadsheets identifying details of the Transactions and the basis for Mitsui's claim calculation. Copies of the filing confirmations for the Questionnaires are attached hereto as Exhibit A. Mitsui asserts claims of $4,139,198.16 plus interest, costs and fees resulting from early termination of the Transactions and LBHI's guarantee.[1]

---

[1] In its proofs of claim, Mitsui asserted claims of $4,301,122.82. This amount was reduced in the Derivative and Guaranty Questionnaires to $4,139,198.16 as a result of the removal of a postpetition default interest component

2

**RESPONSE**

5.      The Objection to Mitsui's Claims should be overruled. In the Objection, the Debtors assert that the Claims should be reduced to $1,399,237.86 to reflect their "fair, accurate, and reasonable values determined by the debtors after a review of the claimant's supporting documentation and the debtors' books and records." Objection, ¶2 at 2. The Debtors do not articulate any reason why they believe Mitsui's claim calculation is incorrect, nor do they offer a shred of evidence to support their purported valuation.

6.      Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Here, Mitsui timely filed its Claims, and provided voluminous documentary support for the validity and amount of its Claims, fully complying with the detailed Questionnaire process. Accordingly, Mitsui's Claims are *prima facie* valid in the asserted amounts. In order to overcome this *prima facie* validity, the Debtors must come forward with "evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (quoting In re Oneida, Ltd., 400 B.R. 384 (Bankr. S.D.N.Y. 2009); see In re Minbatiwalla, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). The Debtors have not offered any evidence in support of their assertion that the Claims should be reduced as set forth in the Objection. Especially in light of the vast amount of information Mitsui was required to provide in support of its Claims, it is inappropriate for the Debtors to file an Objection that lacks evidentiary support and fails to meet

---

from the claim amount. Mitsui has reserved its right to amend its claims to assert postpetition interest in the event the Debtors' estates are solvent.

the basic requirements of the Bankruptcy Code and Bankruptcy Rules.  Accordingly, the Objection should be denied.

7.      Additionally, the Debtors seek to reclassify Claim 14100 against LBCS as an unsecured claim.  Mitsui checked the secured claim box on the proof of claim form to reflect its setoff and netting rights; however, the asserted claim amount is a net unsecured claim after giving effect to the exercise of its setoff and netting rights pursuant to the safe harbor provisions of the Bankruptcy Code.  Accordingly, Mitsui does not object to the reclassification of Claim 14100 as an unsecured claim in the amount of $4,139,198.16 plus additional amounts, provided that the order so providing states that such reclassification has no res judicata, estopppel or other effect on any valid rights of setoff, netting and/or recoupment in connection with the Claims.

8.      Mitsui reserves all of its rights, claims and defenses, including without limitation the right to discovery in connection with the Debtors' Objection.

WHEREFORE, Mitsui respectfully requests that the Court (i) overrule the Objection and allow Claims 14100 and 14101 as set forth herein**,** and (ii)  grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: December 1, 2010
       New York, New York

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
Attorneys for Mitsui & Co. Commodity Risk Management Limited

/s/ Claude G. Szyfer
Claude G. Szyfer
Harold A. Olsen
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

4