Hearing Date and Time: December 22, 2010 at 10:00 a.m.
Objection Deadline: December 6, 2010 at 4:00 p.m.

**BAKER & McKENZIE LLP**
**1114 Avenue of the Americas**
**New York, New York  10036**
**Telephone:  (212) 626-4100**
**Ira A. Reid (IR-0113)**

**Attorneys for Pentwater Growth Fund Ltd.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | |
| | Chapter 11 |
| Debtors. | |
| | Judge James M. Peck |

**RESPONSE BY PENTWATER GROWTH FUND LTD. TO DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

Pentwater Growth Fund Limited ("Pentwater"), by and through its undersigned counsel, hereby objects to the Debtors' Sixty-Seventh Omnibus Objection to Claims (the "Claim Objection") as it relates to Pentwater, and states as follows:

**Preliminary Statement**

1.    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors") seek to reduce the amount of Pentwater's two filed proofs of claim, numbered 14082 and 14083 (the "Pentwater Claims"), from the filed amount of $3,759,866.00 per claim, to a modified amount of $3,061,522.57 per claim, purportedly on the grounds that the Pentwater Claims, as filed, are overvalued.  The Claim Objection does not provide any reason for the proposed modification other than the conclusory statement that "a fair, accurate, and reasonable

valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant". This allegation is unsupported by any factual or legal analysis.

2. The Pentwater Claims were timely filed, including all responses and documentation required by the Derivative and Guarantee Questionnaires, all of which was fully compliant and in accordance with this Court's Bar Date Order (defined below) and the Federal Rules of Bankruptcy Procedure. Thus, the Pentwater Claims are *prima facie* valid, and the Debtors have failed to satisfy their burden of presenting evidence to overcome the *prima facie* validity of the Pentwater Claims, as required under Federal Rule of Bankruptcy Procedure 3001(f) and applicable case law discussed below.

3. Pentwater reserves the right to demonstrate, at the Merits Hearing or pursuant to the ADR Procedures (as defined by, and in accordance with, this Court's April 19, 2010 Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390, Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims against Debtors (the "Procedures Order")), that the value of the Pentwater Claims exceed the amounts set forth by the Debtors as proposed modified claim amounts in the Claim Objection.

4. Thus, the Claim Objection, as it relates to Pentwater, should be denied or, in the alternative, scheduled for a Merits Hearing and/or ADR Procedures. In addition, the Temporary Litigation Injunction established by the Procedures Order should be modified to permit the parties to conduct discovery relating to valuation issues and evidence to be presented in connection with the ADR Procedures and/or the Merits Hearing.

**Relevant Background**

5.     The Pentwater Claims arise out of an ISDA Master Agreement dated as of January 3, 2008, by and between Pentwater and LBSFI, as counterparties, as supplemented, amended and modified by the related Schedule, Credit Support Annex and other documents (collectively, the "Pentwater ISDA"). The transactions under the Pentwater ISDA involved the sale of credit default swaps. LBHI guaranteed the obligations of LBSFI pursuant to a guarantee executed as credit support provider for LBSFI under the Pentwater ISDA (the "LBHI Guarantee").

6.     Under paragraph 6 (Early Termination) of the Pentwater ISDA, Pentwater had the right to notify LBSFI of an "Early Termination Date", including upon the occurrence of an Insolvency Event (as defined in the Pentwater ISDA) of either LBSFI or LBHI as the credit support provider under the Credit Support Annex. On September 15, 2008, Pentwater exercised its right of early termination. On September 23, 2008, Pentwater delivered a valuation letter to LBSFI detailing Pentwater's loss calculation under the Pentwater ISDA, as revised by letter dated October 16, 2008.

7.     On September 16, 2009, Pentwater filed the Pentwater Claims against LBSFI, as counterparty, and LBHI, as guarantor, each in the amount of $3,759,866.00, in accordance with this Court's July 2, 2009 order establishing a claims bar date (the "Bar Date Order"). The $3,759,866.00 Pentwater Claims are comprised of the following components: (a) an early termination amount in favor of Pentwater equal to $4,480,084.00 and (b) an unpaid amount in favor of LBSFI equal to $49,972.00; less (c) $670,246.00 representing the value of collateral posted by LBSFI which was setoff by Pentwater.

8.  On October 8, 2009, Pentwater electronically uploaded its derivative and guarantee questionnaire responses, as well as documentation in support of the Pentwater Claims (including copies of the Pentwater ISDA, the LBHI Guarantee and other supporting documentation), as required under the Bar Date Order.

9.  On November 3, 2010, the Debtors filed the Claim Objection.

## Argument

### The Debtors have failed to Satisfy their Burden of Overcoming the Prima Facie Validity of the Pentwater Claims

10. The Pentwater Claims were timely filed, including all responses and documentation required by the Derivative and Guarantee Questionnaires, all of which was done in compliance and in accordance with this Court's Bar Date Order and the Federal Rules of Bankruptcy Procedure. The Claim Objection, however, does not provide any reason or basis for the proposed modification other than the conclusory statement that "a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by claimant". This naked allegation is not supported by any factual or or legal analysis concerning the Pentwater Claims.

11. Federal Rule of Bankruptcy Procedure 3001(f) and applicable case law provide that a properly filed proof of claim is *prima facie* valid. *See* Fed. R. Bankr. P. 3001(f) (proof of claim executed and filed in accordance with the rules constitutes *prima facie* evidence of the validity and amount of the claim); e.g., *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) ("filing of a proof of claim constitutes 'prima facie evidence of the validity and amount of a claim'") (citations omitted); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("proof of claim is prima facie evidence of the validity and amount of the claim, and the

4

objector bears the initial burden of persuasion" which then shifts back to the claimant "if the objector produces 'evidence equal in force to the prima facie case'").

12. Thus, the Debtors unsupported assertion that the Pentwater Claims are overvalued does not satisfy their burden of presenting evidence sufficient to overcome the *prima facie* validity and amount of the Pentwater Claims, as required under Federal Rule of Bankruptcy Procedure 3001(f) and applicable case law. Accordingly, the Claim Objection should be denied on that basis. Pentwater reserves the right to demonstrate, at the Merits Hearing or pursuant to the ADR Procedures, that the value of the Pentwater Claims exceed the amounts set forth by the Debtors as proposed modified claim amounts in the Claim Objection.

## Conclusion

For all the reasons set forth above, the Claim Objection should be denied as to Pentwater or, in the alternative, scheduled for a Merits Hearing or ADR Procedures and the Temporary Litigation Injunction modified to permit the parties to conduct discovery.

Dated: New York, New York
December 1, 2010

**BAKER & McKENZIE LLP**

By: /s/ Ira A. Reid

Ira A. Reid (IR-0113)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 626-4100

Attorneys for Pentwater Growth Fund Ltd.

NYCDMS/1171189.1

5