UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
          :
In re:    :    Chapter 11 Case No.
          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
          :
        Debtors.    :    (Jointly Administered)
          :
----------------------------------------------------------------x

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Jade Tree I, L.L.C.** | **JPMorgan Chase Bank, N.A.** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

   P.O. Box 6463
   New York, New York 10150
   E-mail: loans@jadetree.net
   Phone: N/A
   Last Four Digits of Acct #: N/A

With a copy to:
Esbin & Alter, LLP
497 South Main Street
New City, NY 10956
Attention: Scott L. Esbin
Phone: 845-634-7909
Facsimile: 845-634-4160
E-Mail: sesbin@esbinalter.com

Court Claim # (if known): 66655
Amount of Claim: $264,000,000.00
Amount of Claim to be Transferred: $7,500,000.00
Date Claim Filed: May 20, 2010

Name and Address of Transferor:

JPMorgan Chase Bank, N.A.
Mail Code: NY1-A436
One Chase Manhattan Plaza – Floor 26
New York, New York 10005
ATTN: Susan McNamara

**\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***

Name and Address where transferee payments should be sent (if different from above): N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____[signature]_____    Date: November 29, 2010
   Transferee/Transferee's Agent
   Scott L. Esbin/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>          Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Unique Identification Number: 888020050 |
| Name of Debtor Against Which Claim is Held<br><br>Lehman Brothers Holdings Inc. | Case No. of Debtor:<br><br>08-13555 | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)      0000066655 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

| Name and address of Creditor; (and name and address where notices should be sent if different from Creditor)<br><br>Harbinger Capital Partners Master Fund I, Ltd.<br>c/o Harbinger Capital Partners LLC<br>450 Park Avenue, 30th Floor<br>New York, New York 10022<br>Attention: Corrine Glass<br><br>Telephone number: 212-339-5134     Email Address: cglass@harbingercapital.com | ☒ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: **0000014212**<br>(If known)<br><br>Filed on: **September 16, 2009** |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:        Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

1. Amount of Claim: (I) **$264,000,000.00** Termination and Settlement Agreement Claim -- See Appendix; and
           (II) **unliquidated** Cross Margining and Netting Agreement Claim -- See Appendix

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: **Guarantee of Derivative Contract and Cross Margining and Netting Agreement -- See Appendix**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
      (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:     ☐ Real Estate     ☐ Motor Vehicle     ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:
$_____

FILED / RECEIVED
MAY 2 0 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: May 19, 2010

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Ian Estis, VP     /s/     By: Harbinger Capital Partners LLC
                                      Its investment manager

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

A/73377601.2

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
   State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
   State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
   State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   **3a. Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim:**
   Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).** If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
   State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

7. **Credits:**
   An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

8. **Documents:**
   Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

   **Date and Signature:**
   The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has be4en redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claim Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

---

2

A/73377601.2

## Appendix

This <u>amended</u> Proof of Claim (this "**Claim**") is filed by Harbinger Capital Partners Master Fund I, Ltd., formerly known as Harbert Distressed Investment Master Fund, Ltd. ("**Claimant**") against Lehman Brothers Holdings Inc. (the "**Debtor**"), and amends the Proof of Claim (Court Claim Number: 0000014212) filed by Claimant against the Debtor on September 16, 2009.

This Claim has two components, as described in detail below: (I) a $264,000,000.00 <u>allowed</u>, general unsecured claim based on a Termination and Settlement Agreement dated as of May 10, 2010 (the "**Termination and Settlement Agreement**") by and between Claimant, the Debtor and Lehman Brothers Special Financing Inc. ("**LBSF**"); and (II) an <u>unliquidated</u> claim that arises from the Debtor's guarantee (the "**Guarantee**") of the general obligations of LBSF and Lehman Brothers International (Europe) ("**LBIE**") in connection with the Cross Margining and Netting Agreement (as defined below).

### I.  Allowed Claim Arising from the Termination and Settlement Agreement

Pursuant to the Termination and Settlement Agreement, Claimant holds an <u>allowed</u>, general unsecured claim against the Debtor in the amount of $264,000,000.00.

Claimant incorporates herein by reference: (i) the amended Guarantee Questionnaire that will be submitted by Claimant in connection with this claim, which will include a copy of the Termination and Settlement Agreement; (ii) Claimant's amended proof of claim against LBSF in connection with this claim; and (iii) the amended Derivative Questionnaire that will be submitted by Claimant in connection with this claim.

**Amount: $264,000,000.00**

### II.  Claim Arising from the Cross Margining and Netting Agreement

Pursuant to that certain Cross Margining and Netting Agreement dated as of December 18, 2007 (the "**Cross Margining and Netting Agreement**") by and among Claimant, LBSF, LBIE and Lehman Brothers Inc. ("**LBI**", and, together with LBSF and LBIE, the "**Lehman Entities**"), the Lehman Entities were permitted to transfer collateral posted by Claimant between accounts at the various Lehman Entities based on applicable margin requirements, and the Lehman Entities agreed that Securities and Cash Collateral (each as defined therein) would be treated by each Lehman Entity as "financial assets" under Article 8 of the Uniform Commercial Code as in effect in the State of New York. LBIE is currently in possession of Claimant's Securities and Cash Collateral, which LBIE failed to deliver to Claimant upon Claimant's instructions, thereby violating LBIE's Article 8 responsibilities. LBSF is liable to Claimant for losses incurred because of LBIE's failure to treat Securities and Cash Collateral as "financial assets" and, accordingly, to comply with its Article 8 duties. The Debtor is liable to Claimant by virtue of the Guarantee for (a) the value of the Securities and Cash Collateral held by LBIE, less the amount of any margin loans extended pursuant to the documents referenced in the Cross Margining and Netting Agreement; plus (b) applicable interest; and (c) legal fees and out-of-pocket expenses incurred by Claimant by reason of pursuit of recovery of Claimant's Securities and Cash Collateral under the Cross Margining and Netting Agreement and the documents referenced therein. The aggregate amount of this claim is as yet unknown.

Claimant incorporates herein by reference the amended Guarantee Questionnaire that will be submitted by Claimant in connection with this claim.

**Amount: Unliquidated; to be determined**

[*over*]

A/73377601.2

### Reservation of Rights as to Claim (II) Above

Claimant reserves its right to amend and/or supplement this Claim for the purposes and to the extent permitted by applicable law.

Claimant reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted against Claimant by the Debtor, including, without limitation, any rights of setoff and/or recoupment not expressly asserted above. Claimant further reserves all of its rights as against (a) the other debtors in these chapter 11 proceedings; (b) LBIE; and (c) LBI.

Claimant further reserves all rights accruing to it, and the filing of this Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of Claimant's rights against any person, entity, or property (including, without limitation, the Debtor or any other person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Claimant to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver, release, or limitation of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a U.S. District Court Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; (vii) an election of remedies; or (viii) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

A/73377601.2

**H
A
N
D

D
E
L
I
V
E
R
Y**

_____  FILED / RECEIVED  _____
RECEIVED BY:                MAY 2 0 2010         4:47 PM
                    EPIQ BANKRUPTCY SOLUTIONS, LLC
                            DATE                 TIME

**EXHIBIT B1**

**PARTIAL EVIDENCE OF TRANSFER OF CLAIM**

TO: Clerk, United States Bankruptcy Court, Southern District of New York

AND TO: JPMORGAN CHASE BANK, N.A.

JPMORGAN CHASE BANK, N.A., with offices located at Mail Code: NY1-A436, One Chase Manhattan Plaza, Floor 26, New York, New York 10005, ATTN: Susan McNamara ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of a Partial Assignment of Claim Agreement dated as of the date hereof, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to JADE TREE I, L.L.C., with an address of P.O. Box 6463, New York, New York 10150 ("Assignee"), all right, title and interest in and to the claim of Assignor against LEHMAN BROTHERS HOLDINGS INC. (originally owned by Harbinger Capital Partners Master Fund I, Ltd.) in the amount of $7,500,000, docketed as Claim No. 66655 (the "Transferred Claim"), in the case entitled *In re Lehman Brothers Holdings Inc., et al.*, Chapter 11 Case No. 08-13555 (Jointly Administered) (JMP), pending in the United States Bankruptcy Court, Southern District of New York.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this transfer and sale of the Transferred Claim as an unconditional assignment and sale and Assignee herein as the valid owner of the Transferred Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Transferred Claim to Assignee.

IN WITNESS WHEREOF, dated as of the 29 day of November, 2010.

ASSIGNOR:

JPMORGAN CHASE BANK, N.A.

By: _____
(Signature of authorized corporate officer)
Name: David A. Martinez
Title: Authorized Signatory

ASSIGNEE:

JADE TREE I, L.L.C.

By: _____
Name: Scott L. Esbin
Title: Authorized Signatory