UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                      :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004 AUTHORIZING DEBTORS TO SELL
LEHMAN BROTHERS SPECIAL FINANCING INC.'S INTEREST IN A NOTE AND ITS
EQUITY IN LIBRO COMPANHIA SECURITIZADORA DE CRÉDITOS FINANCEIROS**

Upon the motion, dated November 8, 2010 (the "Motion"),[1] of Lehman Brothers Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval of LBSF's entry into the Purchase Agreement, all as more fully described in the Motion, the de Lucio Declaration and the Ehrmann Declaration;[2] the record of the hearing held on December 1, 2010 to consider the relief requested in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core

---

[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

[2] If the Court approves an Alternative Transaction, the Order approving such Alternative Transaction will provide for the approval of LBSF's participation in the payment of the Break-up Fee and the Expense Reimbursement to Jive Investments Holding Ltd. ("JIH").

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

1. **Arm's-Length Sale**. The Purchase Agreement was negotiated, proposed and entered into by the Sellers and JIH without collusion, in good faith and from arm's-length bargaining positions. Neither the Sellers nor JIH have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Bankruptcy Code section 363(n). Specifically, JIH has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among the Potential Purchasers.

2. **Good Faith Purchaser**. JIH is a good faith purchaser of the Notes and the Equity within the meaning of Bankruptcy Code section 363(m) and is, therefore, entitled to all of the protections afforded thereby. JIH has proceeded in good faith in all respects in connection with this proceeding.

3. **Highest and Best Offer**. The Purchase Agreement constitutes the highest and best offer for the Notes and the Equity, and will provide a greater recovery for LBSF's estate than would be provided by any other available alternative. LBSF's determination that the Purchase Agreement constitutes the highest and best offer for the Notes and the Equity constitutes a valid and sound exercise of LBSF's business judgment.

4. **Consideration**. The consideration constitutes reasonably equivalent value or fair consideration, as the case may be (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code), and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. The Purchase Agreement represents a fair and reasonable offer to purchase the Notes and the Equity under the circumstances of these chapter 11 cases. No other person or entity or group of entities, other than JIH, has offered to purchase the Notes and the Equity for an amount that would give greater economic value to LBSF's estate. Approval of the Motion and the Purchase Agreement and the consummation of the transactions contemplated thereby is in the best interests of LBSF, its creditors and all other parties in interest.

5. **Free and Clear**. The transfer of the LBSF Equity and the BMG Note to JIH under the Purchase Agreement will be a legal, valid, and effective transfer of the LBSF Equity and the BMG Note, and vests or will vest JIH with all right, title, and interest of LBSF to the LBSF Equity and the BMG Note free and clear of all liens, claims, encumbrances, or interests ("Interests"). For the avoidance of doubt, all Interests shall attach to the proceeds ultimately attributable to the LBSF Equity and the BMG Note, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such

3

Interests now have against the LBSF Equity and the BMG Note or their respective proceeds, subject to any rights, claims and defenses that LBSF may possess with respect thereto.

**NOW, THEREFORE, IT IS:**

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004, the Purchase Agreement, the terms and conditions set forth therein, and the transactions contemplated thereby are approved and LBSF is authorized, but not directed, to consummate all such transactions, including but not limited to, the sale of the BMG Note and the LBSF Equity to JIH; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the sale of the BMG Note and the LBSF Equity to JIH (the "Sale") shall be free and clear of any and all liens, claims, encumbrances or interests, with such liens, claims, encumbrances or interests (if any) to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, encumbrances or interests have on the BMG Note and the LBSF Equity, as appropriate, subject to the rights and defenses of LBSF and any party in interest with respect thereto; and it is further

ORDERED that JIH is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that the Purchase Agreement and the transactions contemplated therein may be specifically enforced against and shall be binding upon, and not subject to rejection or avoidance by, LBSF or any trustee subsequently appointed under chapter 7 or chapter 11 of the Bankruptcy Code; and it is further

4

ORDERED that LBSF is authorized to execute and deliver such assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Sale; and it is further

ORDERED that, pursuant to Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated:   New York, New York
         December 1, 2010

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge