HEARING DATE AND TIME: **December 22, 2010 at 10:00 a.m**
RESPONSE DEADLINE: **December 1, 2010 at 4:00 p.m.**

POLSINELLI SHUGHART PC
Jason A. Nagi
7 Penn Plaza, Suite 600
New York, New York 11201
(212) 644-2092
(212) 684-0197 (Fax)
jnagi@polsinelli.com

*Counsel to Federal Home Loan Bank of Des Moines*

POLSINELLI SHUGHART PC
Gregory M. Bentz (*pro hac vice*)
Casandra L. Carpenter (*pro hac vice*)
1700 Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri 64105
(816) 421-3355
(816) 374-0509 (Fax)
cbentz@polsinelli.com
ccarpenter@polsinelli.com

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:  Chapter 11
In re: LEHMAN BROTHERS HOLDINGS :
INC., *et al.,* : **Case No. 08-13555 (JMP)**
:
    Debtors. : (Jointly Administered)
---------------------------------------------------------------x

### RESPONSE OF FEDERAL HOME LOAN BANK OF DES MOINES TO DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Federal Home Loan Bank of Des Moines ("FHLB") hereby files this Response to the Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims) (the "Claim Objection"), and states as follows:

### BACKGROUND

1. FHLB and Lehman Brothers Special Financing Inc. ("LBSF") entered into a 1992 ISDA Master Agreement ("Master Agreement"), including a Schedule, and an ISDA Credit Support Annex that were all dated January 1, 1996.

2. An Amendment dated as of October 26, 2001 between the FHLB and LBSF was signed on December 18, 2001.

2766911.1

08-13555-mg    Doc 13156    Filed 12/01/10    Entered 12/01/10 17:17:10    Main Document

3. Lehman Brothers Holdings Inc. ("LBHI") unconditionally guaranteed the obligations of LBSF under the Master Agreement pursuant to the Guarantee of LBHI dated January 1, 1996 (the "Guarantee").

4. Beginning on September 15, 2008 and periodically thereafter, LBHI and certain of its affiliates (collectively, the "Debtors") commenced voluntary cases under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures.

5. Because LBHI served as Credit Support Provider under the Master Agreement, an Event of Default occurred when LHBI filed for chapter 11 with respect to LBSF (as Defaulting Party) under Section 5(a)(vii) of the Master Agreement.

6. Exercising its rights under Section 6(a) of the Master Agreement, on September 16, 2008, FHLB sent LBSF and LBHI notice that it had the right to designate the occurrence of an Early Termination Date.

7. FHLB designated September 17, 2008 as the Early Termination Date for all Transactions outstanding under the Master Agreement.

8. On September 26, 2008, FHLB sent LBSF a notice of amount due in respect of the transactions terminated as of the Early Termination Date, pursuant to the Master Agreement.

## FHLB'S PROOFS OF CLAIM AND DEBTORS' OBJECTION TO FHLB'S PROOFS OF CLAIM

9.  On July 2, 2009, the Bankruptcy Court entered an Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order").

10. On September 21, 2009, FHLB filed (i) a proof of claim against LBSF seeking recovery under the Master Agreement in the amount of $8,395,112.21 (claim #23895) (the "LBSF Proof of Claim") and (ii) a proof of claim against LBHI seeking recovery under the Guarantee in the amount of $8,383,027.78 (claim #23896) (the "LBHI Proof of Claim").[1]

11. On October 22, 2009, FHLB submitted a derivative questionnaire with respect to the LBSF Proof of Claim, and a guarantee questionnaire with respect to the LBHI Proof of Claim (collectively "Questionnaires").

12. The Debtors state in the Claim Objection that the FHLB Derivative Claims should be reduced because "the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records…" *See* Claim Objection at ¶11.

13. Based on the Debtors' assertion, without offering any further evidence, the Debtors seek to reduce both the LBSF and LBHI Claims.

14. Debtors seek to reduce the LBSF claim from $8,395,112.21 (of which $3,522,098.08 is secured) to an unsecured claim of $355,168.23 ("Modified Claim Amount").

---

[1] Pursuant to the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors dated April 19, 2010, all of the information FHLB submitted, including the Proofs of Claim and Questionnaires, are part of the record and FHLB need not resubmit them for purposes of this Response.

15. Debtors seek to reduce the LBHI claim from $8,383,027.78 to $355,168.23.

## APPLICABLE LEGAL STANDARD AND ARGUMENT

It is well-settled bankruptcy law that a properly filed proof of claim is prima facie evidence of that claim. *See* Fed. R. Bankr. P. 3001(f); *See also In re Fidelity Holding Co. Ltd.*, 837 F.2d 696 (5th Cir. 1988). "The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The debtor must introduce evidence to rebut the claim's presumptive validity." *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004); *See also In re Spiegel, Inc.*, 2007 WL 2456626, *15 n.6 (S.D.N.Y. Aug. 22, 2007). Here, the Debtors have failed to carry their burden of proof with regard to the Claims.

The Debtors argue that "[i]f an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim." *See* Objection ¶12, citing *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

The Debtors, however, make no substantive criticism that the relevant LBSF and LBHI claims are wrong but only repeat the statement that "the amounts listed on the proofs of claim are greater than the fair, accurate and reasonable values determined by the Debtors…." *See* Claim Objection ¶¶2, 11, 13. The Debtors' vague assertion that FHLB's Claims are not reasonable based on a review of supporting documentation and the Debtors' internal books and records, without more, is not enough to shift burden of proof to FHLB. *See* Claim Objection ¶13. Mere denial of a claim's validity or amount is not sufficient to rebut prima facie effect of the proof of

claim. *See In re Narragansett Clothing Co.*, 143 B.R. 582, 583 (Bankr. D.R.I. 1992). Moreover, the Claim Objection provides no data whatsoever, numerical or otherwise, in support of how or as of when the Debtors' Modified Claim Amounts were calculated. The Debtors, therefore, have failed to produce information sufficient to shift the burden of proof to FHLB.

The LBSF and LBHI Claims, however, were valued by FHLB using objective, third party market data. Both the LBSF and LBHI Claims and Questionnaires constitute more than sufficient evidence for the amounts claimed. Accordingly, the Claims Objection should be denied.

## THE FHLB CLAIMS ARE SUPPORTED BY THE MASTER AGREEMENT

The value of both the LBSF and LBHI Claims are supported by the terms of the Master Agreement and the documentation evidencing the claim. The Master Agreement provides that the Non-Defaulting Party, FHLB, and not the Defaulting Party was to determine the amount owing upon early termination. FHLB prudently calculated an early termination payment and timely sent the Debtors a notice of the amount due. The Modified Claim Amount suggested by the Debtor does not constitute a valid determination of the FHLB Claims pursuant to the Master Agreement. The Claim Objection, therefore, should be denied.

## CONCLUSION

WHEREFORE, FHLB respectfully requests that this Court deny the Debtors' Objection as to the FHLB Claims, allow the LBSF claim in the amount of $8,395,112.21 and the LBHI claim in the amount of $8,383,027.78, and grant such other relief as the Court deems just and proper.

Dated: Kansas City, Missouri
December 1, 2010

/s/ Gregory M. Bentz
GREGORY M. BENTZ　　　　　　*pro hac vice*
CASANDRA L. CARPENTER　　　*pro hac vice*
POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri  64105
(816) 421-3355
(816) 374-0509 (FAX)
gbentz@polsinelli.com
ccarpenter@polsinelli.com


JASON A. NAGI　　　　　　NY Bar #JN 6891
POLSINELLI SHUGHART PC
7 Penn Plaza, Suite 600
New York, New York  10001
(212) 684-0199
(212) 684-0197 (FAX)
jnagi@polsinelli.com

*Counsel to Federal Home Loan Bank of Des Moines*

**CERTIFICATE OF SERVICE**

       I hereby certify under penalty of perjury that on December 1, 2010, a true and exact copy of the foregoing Response of Federal Home Loan Bank of Des Moines to Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims) was filed using this Court's electronic filing system, which sent notification to all parties in interest participating in such electronic filing system, and was forwarded by FedEx overnight, postage prepaid, to all parties below:

Chambers copy:
The Honorable James M. Peck
Courtroom 601
One Bowling Green
New York, NY 10004

Shai Waisman, Esq.
Penny Reid, Esq.
Weil, Gotshall & Manges LLP
767 Fifth Avenue
New York, NY 10153

Andy Velez-Rivera, Esq.
Paul Schwartzberg, Esq.
Brian Masumoto, Esq.
Linda Riffkin, Esq.
Tracy Hope Davis, Esq.
Office of the United States Trustee
for the Southern District of New York
33 Whitehall Street
21st Floor
New York, NY 10004

Dennis F. Dunne, Esq.
Dennis O'Donnell, Esq.
Evan Fleck, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

                                                  /s/ Gregory M. Bentz
                                                  Gregory M. Bentz