Hearing Date and Time: December 22, 2010 at 10:00 a.m.
Objection Deadline: December 6, 2010 at 4:00 p.m.

**BAKER & McKENZIE LLP**
**1114 Avenue of the Americas**
**New York, New York  10036**
**Telephone:  (212) 626-4100**
**Ira A. Reid (IR-0113)**

**Attorneys for E-Capital Profits Limited**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | |
| | Chapter 11 |
| Debtors. | |
| | **Judge James M. Peck** |

**RESPONSE BY E-CAPITAL PROFITS LIMITED TO DEBTORS' SIXTY-SEVENTH
OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

E-Capital Profits Limited ("E-Capital"), by and through its undersigned counsel, hereby objects to the Debtors' Sixty-Seventh Omnibus Objection to Claims (the "Claim Objection") as it relates to E-Capital, and states as follows:

**Preliminary Statement**

1. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors") seek to reduce the amount of E-Capital's two filed proofs of claim, numbered 17556 and 17558 (the "E-Capital Claims"), from the filed amount of $49,962,736.88 per claim, to a modified amount of $10,424,596.24 per claim, purportedly on the grounds that the E-Capital Claims, as filed, are overvalued.  The Claim Objection does not provide any reason for the proposed modification other than the conclusory statement that "a fair, accurate, and reasonable

valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant".  This allegation is unsupported by any factual or legal analysis.

2. The E-Capital Claims were timely filed, including all responses and documentation required by the Derivative and Guarantee Questionnaires, all of which was fully compliant and in accordance with this Court's Bar Date Order (defined below) and the Federal Rules of Bankruptcy Procedure.  Thus, the E-Capital Claims are *prima facie* valid, and the Debtors have failed to satisfy their burden of presenting evidence to overcome the *prima facie* validity of the E-Capital Claims, as required under Federal Rule of Bankruptcy Procedure 3001(f) and applicable case law discussed below.

3. E-Capital reserves the right to demonstrate, at the Merits Hearing or pursuant to the ADR Procedures (as defined by, and in accordance with, this Court's April 19, 2010 Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390, Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims against Debtors (the "Procedures Order")), that the value of the E-Capital Claims exceeds the amounts set forth by the Debtors as proposed modified claim amounts in the Claim Objection.

4. Thus, the Claim Objection, as it relates to E-Capital, should be denied or, in the alternative, scheduled for a Merits Hearing and/or ADR Procedures.  In addition, the Temporary Litigation Injunction established by the Procedures Order should be modified to permit the parties to conduct discovery relating to valuation issues and evidence to be presented in connection with the ADR Procedures and/or the Merits Hearing.

**Relevant Background**

5.  The E-Capital Claims arise out of an ISDA Master Agreement dated June 12, 2007, by and between E-Capital and LBSFI, as counterparties, as supplemented, amended and modified by the related Schedule, Credit Support Annex, Confirmation, and other documents (collectively, the "E-Capital ISDA"). The transaction under the E-Capital ISDA involved the sale of two credit default swaps by E-Capital to LBSFI. LBHI guaranteed the obligations of LBSFI pursuant to a guarantee executed as credit support provider for LBSFI under the E-Capital ISDA (the "LBHI Guarantee").

6.  As credit support for the E-Capital ISDA, E-Capital posted (or authorized to be posted) collateral to LBSFI in the form of $50 million notional amount Lehman Brothers Treasury Co. BV credit linked notes (ISIN Nos. XS0256738757, XS0367282059, XS0367279774, XS0367279931 and XSO367280277.[1]

7.  Under paragraph 6 (Early Termination) of the E-Capital ISDA, E-Capital had the right to notify LBSFI of an "Early Termination Date", including upon the occurrence of an Insolvency Event (as defined in the E-Capital ISDA) of either LBSFI or LBHI as the credit support provider under the Credit Support Annex. E-Capital, however, did not exercise its right of early termination. Moreover, neither E-Capital nor LBSFI ever terminated the E-Capital ISDA for any other reason set forth in paragraphs 5 (Events of Default and Termination Events)

---

[1] While the E-Capital Claims include that the Note Collateral was transferred to LBSFI under the E-Capital ISDA, E-Capital has only located a letter of instruction in respect of one note (ISIN No. XS0256738757) to LBIE (acting as E-Capital's broker/custodian) directing that LBIE transfer this note from E-Capital's safe custody account with LBIE to a pledge account on behalf of LBSFI, but has not been able to locate the letter(s) of instruction for the other notes. LBSFI should prove the existence of these letters of instruction if it believes that these notes were indeed transferred. Besides, E-Capital has not been able to confirm that these letters of instruction (if they exist) were in fact honored by LBIE. Moreover, the LBIE insolvency administrators have advised E-Capital that LBIE is holding the collateral in trust for E-Capital. Thus, unless LBSFI can produce evidence that the Note Collateral was in fact transferred to it, E-Capital may still own the Note Collateral, free of any interest of LBSFI. If that is indeed the case, E-Capital should be permitted to direct LBIE to return the Note Collateral directly to E-Capital. E-Capital's

3

or 6 of the E-Capital ISDA. Instead, the credit default swaps, governed by the terms of the the E-Capital ISDA, continued in effect until the E-Capital ISDA was rejected by order of this Court on September 23, 2010.

8.  On September 18, 2009, E-Capital filed the E-Capital Claims against LBSFI, as counterparty, and LBHI, as guarantor, each in the amount of $49,962,736.88, in accordance with this Court's July 2, 2009 order establishing a claims bar date (the "Bar Date Order"). The $49,962,736.88 E-Capital Claims are comprised of the following components: (a) an unpaid amount in favor of LBSFI equal to $481,563.90; (b) the Note Collateral in the notional amount of $50 million; (c) coupon amounts on the Note Collateral equal to $372,561.78; and (d) out-of-pocket expenses (including legal fees and expenses) in the amount of $71,739.00.

9.  On October 12, 2009, E-Capital electronically uploaded its derivative and guarantee questionnaire responses, as well as documentation in support of the E-Capital Claims (including the E-Capital ISDA and LBHI Guarantee) required under the Bar Date Order.

10. On November 3, 2010, the Debtors filed the Claim Objection.

**Argument**

**The Debtors have failed to Satisfy their Burden of Overcoming
the Prima Facie Validity of the E-Capital Claims**

11. The E-Capital Claims were timely filed, including all responses and documentation required by the Derivative and Guarantee Questionnaires, all of which was done in compliance and in accordance with this Court's Bar Date Order and the Federal Rules of Bankruptcy Procedure. The Claim Objection, however, does not provide any reason or basis for the proposed modification other than the conclusory statement that "a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of

---

claims against LBSFI, as counterparty, and LBHI, as guarantor, could then be deemed withdrawn since the claim

4

claim submitted by claimant". This naked allegation is not supported by any factual or or legal analysis concerning the E-Capital Claims.

12. Federal Rule of Bankruptcy Procedure 3001(f) and applicable case law provide that a properly filed proof of claim is *prima facie* valid. *See* Fed. R. Bankr. P. 3001(f) (proof of claim executed and filed in accordance with the rules constitutes *prima facie* evidence of the validity and amount of the claim); e.g., *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) ("filing of a proof of claim constitutes 'prima facie evidence of the validity and amount of a claim'") (citations omitted); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("proof of claim is prima facie evidence of the validity and amount of the claim, and the objector bears the initial burden of persuasion" which then shifts back to the claimant "if the objector produces 'evidence equal in force to the prima facie case'").

13. Thus, the Debtors unsupported assertion that the E-Capital Claims are overvalued does not satisfy their burden of presenting evidence sufficient to overcome the *prima facie* validity and amount of the E-Capital Claims, as required under Federal Rule of Bankruptcy Procedure 3001(f) and applicable case law. Accordingly, the Claim Objection should be denied on that basis. E-Capital reserves the right to demonstrate, at the Merits Hearing or pursuant to the ADR Procedures, that the value of the E-Capital Claims exceed the amounts set forth by the Debtors as proposed modified claim amounts in the Claim Objection.

---

amount is based upon the value of the notes purportedly given as collateral under the E-Capital ISDA.

**Conclusion**

For all the reasons set forth above, the Claim Objection should be denied as to E-Capital or, in the alternative, scheduled for a Merits Hearing or ADR Procedures and the Temporary Litigation Injuction modified to permit the parties to conduct discovery.

Dated: New York, New York
December 2, 2010

**BAKER & McKENZIE LLP**

By:   /s/ Ira A. Reid

Ira A. Reid (IR-0113)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 626-4100

Attorneys for E-Capital Profits Limited