Hearing Date and Time: December 22, 2010 at 10:00 a.m. (Eastern Time)
Response Deadline: December 6, 2010 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,          :    08-13555 (JMP)
                                                   :
            Debtors.                               :    (Jointly Administered)
---------------------------------------------------------------x

### RESPONSE TO DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS) [Docket 12533]

Pohjola Bank plc (the "Claimant"), by and through its undersigned counsel, hereby submits this response (the "Response") to the Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims) (the "Objection") [Docket 12533] and in support thereof states as follows:

### Background

1. The Claimant and Lehman Brothers Special Financing Inc. ("LBSF") are each party to an International Swaps and Derivatives Association, Inc. 1992 Master Agreement, dated August 29, 1995 (as amended, restated, modified and/or supplemented from time to time and together with all schedules and exhibits thereto, and the Confirmations (as defined below) entered into in connection therewith, the "Master Agreement"). The Claimant and LBSF are also parties to certain transactions governed by the Master Agreement (the "Transactions"), the economic terms of which are set forth in related written confirmations (as amended, restated, modified and/or supplemented from time to time and together with all schedules and exhibits thereto, the "Confirmations").

2. On August 29, 1995, Lehman Brothers Holdings Inc. ("LBHI") executed an unconditional guarantee (the "Guarantee") of the due and punctual payment of all amounts payable by LBSF to the Claimant.

3. On September 15, 2008, LBHI filed a voluntary petition under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 1010-1532, the "Bankruptcy Code"), commencing its case under such chapter.

4. In response to LBHI's chapter 11 filing, the Claimant transmitted notice (the "Termination Notice") to LBSF and LBHI on September 16, 2008 that (i) specified that an Event of Default under Section 5(a)(vii) of the Master Agreement (i.e., the bankruptcy of LBHI as "Credit Support Provider," as defined therein) had occurred, and (ii) designated September 19, 2008 as the "Early Termination Date" (as defined the Master Agreement) for all outstanding Transactions pursuant to Section 6(a) of the Master Agreement.

5. On September 24, 2008, the Claimant transmitted to LBSF a statement of the calculations contemplated by Section 6(e) and required by Section 6(d)(i) of the Master Agreement (the "Section 6(d)(i) Statement") together with supporting data upon which it relies to determine the amount owed pursuant to Section 6(e) of the Master Agreement.

6. On October 3, 2008, LBSF filed a voluntary petition under chapter 11 of the Bankruptcy Code, commencing its case under such chapter. At various times thereafter, its chapter 11 case was administratively consolidated with LBHI's chapter 11 case and those of other of LBHI's affiliates who have become chapter 11 debtors.

7. On September 21, 2009, the Claimant filed timely proofs of claim against LBSF (assigned Claim No. 21407) and LBHI (assigned Claim No. 21406) (together, the "Proofs of Claim") asserting claims, as of the respective date each case was filed, of $21,213,636.38 against

LBSF (the "Primary Claim") and $21,156,071.58 against LBHI (the "Guarantee Claim," and together with the Primary Claim, the "Claims") plus, as part of each of the Claims, subsequently accruing interest and subsequently incurred expenses under the Master Agreement. The Claims are based on relatively simple quotes obtained from major banks, a method contemplated by the Master Agreement.

8. Each of the Proofs of Claim were accompanied by, among other things, copies of the Master Agreement, the Termination Notice (together with a shipping manifest showing the date of transmittal), the Section 6(d)(i) Statement (with the supporting data that was attached thereto, as well as a shipping manifest showing the date of transmittal and a letter from LBSF dated November 13, 2008, acknowledging receipt of the Section 6(d)(i) Statement), a schedule of interest calculation, a legal expense invoice, and, in the case of LBHI, the Guarantee.

9. On October 22, 2009, these same documents, together with other detailed data, all having been formatted according to the Debtors' specifications, were uploaded to the website of the Debtors' claims agent as required by order of this Court, dated July 2, 2009 [Docket No. 4271] in respect of claims based on amounts owed pursuant to any derivative contract or guarantee thereof.

10. Since that time, the Claimant has provided further information to LBSF and LBHI as requested.

11. By the Objection, the Debtors seek to reduce the amounts of the Claims and classify each Claim as unsecured. The Objection summarily states that the amounts listed on the Proofs of Claim are "greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records" and that the classifications are "improperly identified as secured, administrative

expenses or priority claims . . . ." Objection at ¶¶ 2, 11, 13. The Objection proposes to allow the reclassified Claims in significantly reduced amounts. The Debtors do not, however, address the Master Agreement, the Guarantee, the Section 6(d)(i) Statement or any of the related documents or other detailed information provided to them, state how the value calculated by the Claimant is flawed, or provide any data in support of their own figures. Instead, the Debtors merely set forth a generic description of the process they purportedly utilized to review claims based on derivative contracts across multiple creditors. Reference to specific facts about the Claimant's Claims is entirely absent, as are any arguments to refute the merits of the Claims as filed.

## Argument

12. A properly filed proof of claim establishes *prima facie* evidence of the validity and amount of the claim.[1] Fed. R. Bankr. P. 3001(f).

13. The objecting party has the burden of presenting sufficient evidence to overcome the *prima facie* validity of a properly filed claim. *In re Adelphia Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *see also In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987) (stating that the *prima facie* validity of a properly filed claim "compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case."). In this context, courts have described sufficient evidence as "evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting *In re Allegheny Int'l, Inc.* 954 F.2d 167, 173-74 (3d Cir. 1992)); *In re Spiegel, Inc.*, Case Nos. 03-11540 (BRL), 06-cv-13447 (CM), 2007 WL 2456626, at *15 n.6 (S.D.N.Y. Aug. 22, 2007) (evidence must refute at least one allegation essential to the claim's legal sufficiency); *In re DJK Residential LLC*, 416 B.R. 100, 105 (Bankr.

---

[1] The Debtors do not contend that the Proofs of Claim were improperly filed.

S.D.N.Y. 2009) (evidence must be equal in force to the *prima facie* case). "Mere objections," without more, do not constitute sufficient evidence and are insufficient to refute the *prima facie* validity of a properly filed claim. *In re Make Meat Corp*, Case No. 98-cv-4990 (HB), 1999 WL 178788, at *3-4 (S.D.N.Y. Mar. 31, 1999) ("The case law is clear. To prevail, the objector must affirmatively *produce* evidence to counter the creditor's claim.").

14. In this case, the Debtors failed to provide any evidence to rebut the *prima facie* validity of the Claims. Indeed, the Debtors have produced no information at all, relying instead on the repetition of unsubstantiated assertions that the amounts listed on the Proofs of Claim are "greater than the fair, accurate, and reasonable values determined by the Debtors" and that the Claims should be reclassified because they "improperly assert secured, administrative expenses or priority claims . . . ." Objection at ¶¶ 2, 11, 13. As a substitute for the detail necessary to rebut the *prima facie* validity of the Claims, the Objection merely describes a general process that was purportedly used to reach the amounts the Debtors suggest are appropriate. To the extent the Objection pertains to the Claimant's Claims, it should accordingly be denied.

15. The Objection, which is substantive rather than procedural in nature, reserves a purported right to make additional objections to the Claims. The Debtors should not be permitted to make any further objections to the Claims. The proposed order submitted with the Objection would have the effect of allowing the Claims in the "<u>Modified Claim Amounts</u>" (as defined in the Objection) that the Debtors assert "properly reflect[s] the fair, accurate, and reasonable valuation of these claims." Objection at ¶ 16. The Debtors should not, therefore, later be heard to argue that that new figures, lower than the Modified Claim Amounts, are accurate merely because the Claimant has opposed the Objection and remained with its view of

the correct figures set forth in the Proofs of Claim – a view actually supported by evidence and detailed explanation.

16. Moreover, the Claimant has complied with all the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and this Court's orders. It has honored the Debtors' requests for further information since filing the Proofs of Claim and uploading of information with the Debtors' claims agent, at each stage incurring substantial new costs to defend what are, after the dust settles, relatively simple calculations based on quotes from reputable financial institutions. It will now suffer the additional costs of responding to this Objection, which fails to address any of the evidence, information or calculations provided or offer any new evidence to rebut what has been presented. The Objection should therefore be denied with prejudice to further objection and the Claims should be allowed, including all fees, costs and expenses incurred by the Claimant in connection with the Objection. *See Ogle v. Fidelity & Deposit Co. of Md.*, 586 F.3d 143, 147 (2d Cir. 2009) (holding that an unsecured claim for post-petition fees, authorized by a valid pre-petition contract, is allowable under section 502(b) of the Bankruptcy Code and is deemed to have arisen pre-petition); *see also, Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443 (2007).

17. The Claimant reserves its right to file a supplemental and/or amended response to the Objection should it deem it necessary to do so.

## Conclusion

WHEREFORE, the Claimant respectfully requests that the Court deny the Objection as it pertains to the Claims with prejudice to the Objection and any future objections, enter an order allowing each of the Claims in the amounts set forth in the Proofs of Claim plus all subsequent

costs incurred by the Claimant in enforcing the Claims, and such further relief as the Court deems appropriate and just.

Dated: December 3, 2010
      New York, New York

                                               _/s/Abraham L. Zylberberg_
                                               Abraham L. Zylberberg

                                               WHITE & CASE LLP
                                               1155 Avenue of the Americas
                                               New York, New York 10036
                                               Telephone: (212) 819-8200
                                               Facsimile: (212) 354-8113

                                               Attorneys for Pohjola Bank plc