STROOCK & STROOCK & LAVAN LLP
Claude G. Szyfer
Francis C. Healy
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Loeb Arbitrage Fund, Loeb Arbitrage B Fund LP, Loeb Offshore Fund Ltd., and Loeb Offshore B Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | Case No. 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**OMNIBUS RESPONSE OF LOEB CLAIMANTS TO DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

Loeb Arbitrage Fund ("LAF"), Loeb Arbitrage B Fund LP ("LABF"), Loeb Offshore Fund Ltd. ("LOF"), and Loeb Offshore B Fund Ltd. ("LOBF") (collectively, the "Loeb Claimants"), by and through their undersigned counsel, hereby file an omnibus response (the "Response") to the *Debtors' Sixty-Seventh Objection to Claims (Valued Derivative Claims)* (the "Objection") [Docket No. 12533] and represent as follows:

**BACKGROUND**

1.      On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court"). On October 3, 2008, Lehman Brothers Special Financing Inc. ("LBSF") filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

2. LBHI, LBSF and their chapter 11 debtor-affiliates (each a "Debtor" and collectively, the "Debtors") are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. On September 17, 2008, an Official Committee of Unsecured Creditors was appointed in the Debtors' cases.

3. Prior to the Debtors' commencement of these cases, each Loeb Claimant and LBSF were parties to certain derivative swap transactions (the "Transactions") documented under separate ISDA master agreements, dated January 4, 2008 (the "ISDA Master Agreements"). LBSF's obligations to the Loeb Claimants thereunder were guaranteed by LBHI. On September 30, 2008, the Loeb Claimants terminated the Transactions under the ISDA Master Agreements pursuant to the safe harbor provisions of the Bankruptcy Code.

4. On September 14, 2009, LAF timely filed proofs of claim against LBSF (Claim 12035) and LBHI (Claim 12034) (collectively, the "LAF Claims"). On October 14, 2009, LAF timely submitted Derivative and Guarantee Questionnaires (the "Questionnaires") and uploaded voluminous documents in support of its claims, as required under the Bar Date Order (as defined in the Objection) and in full compliance with the Questionnaires, including copies of the ISDA Master Agreement, Credit Support Annex, Guarantee, termination notice and calculation statement, and spreadsheets identifying details of the Transactions and the basis for LAF's claim calculation. LAF asserts claims of $523,298.49 plus interest, costs and fees resulting from early termination of the Transactions and LBHI's guarantee.

5. On September 14, 2009, LABF timely filed proofs of claim against LBSF (Claim 12033) and LBHI (Claim 12032) (collectively, the "LABF Claims"). On October 14, 2009, LABF timely submitted Derivative and Guarantee Questionnaires and uploaded voluminous documents in support of its claims, as required under the Bar Date Order and in full compliance with the Questionnaires, including copies of the ISDA Master Agreement, Credit Support Annex, Guarantee, termination notice and calculation statement, and spreadsheets identifying details of the Transactions and the basis for LABF's claim calculation. LABF asserts claims of $221,839.28 plus interest, costs and fees resulting from early termination of the Transactions and LBHI's guarantee.

6. On September 14, 2009, LOF timely filed proofs of claim against LBSF (Claim 12031) and LBHI (Claim 12030) (collectively, the "LOF Claims"). On October 14, 2009, LOF timely submitted Derivative and Guarantee Questionnaires and uploaded voluminous documents in support of its claims, as required under the Bar Date and in full compliance with the Questionnaires, including copies of the ISDA Master Agreement, Credit Support Annex, Guarantee, termination notice and calculation statement, and spreadsheets identifying details of the Transactions and the basis for LOF's claim calculation. LOF asserts claims of $97,247.72 plus interest, costs and fees resulting from early termination of the Transactions and LBHI's guarantee.

7. On September 14, 2009, LOBF timely filed proofs of claim against LBSF (Claim 12029) and LBHI (Claim 12028) (collectively, the "LOBF Claims"). On October 14, 2009, LOBF timely submitted Derivative and Guarantee Questionnaires and uploaded voluminous documents in support of its claims, as required under the Bar Date Order and in full compliance with the Questionnaires, including copies of the ISDA Master Agreement, Credit Support

Annex, Guarantee, termination notice and calculation statement, and spreadsheets identifying details of the Transactions and the basis for LOBF's claim calculation. LOBF asserts claims of $81,590.90 plus interest, costs and fees resulting from early termination of the Transactions and LBHI's guarantee.

**RESPONSE**

8. The Objection to the Loeb Claimants' claims should be overruled. In the Objection, the Debtors assert that (a) the LAF Claims should be reduced to $458,125.91, (b) the LABF Claims should be reduced to $190,663.71, (c) the LOF Claims should be reduced to $85,186.59, and (d) the LOBF Claims should be reduced to $70,095.28 to reflect their "fair, accurate, and reasonable values determined by the debtors after a review of the claimant's supporting documentation and the debtors' books and records." Objection, ¶2 at 2. The Debtors, however, do not articulate any reason why they believe the Loeb Claimants' claim calculations are incorrect, nor do they offer even a shred of evidence to support their purported valuations.

9. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Here, the Loeb Claimants timely filed their claims and provided voluminous documentary support for the validity and amount of their claims, fully complying with the detailed Questionnaire process. Accordingly, the Loeb Claimants' claims are prima facie valid in the asserted amounts. In order to overcome this prima facie validity, the Debtors must come forward with "evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (quoting In re Oneida, Ltd., 400 B.R. 384 (Bankr. S.D.N.Y. 2009); see also In re Minbatiwalla, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). The Debtors have not

4

offered any evidence in support of their assertion that the Claims should be reduced as set forth in the Objection. Especially in light of the vast amount of information the Loeb Claimants were required to provide in support of their Claims, it is inappropriate for the Debtors to file an Objection that lacks evidentiary support and fails to meet the basic requirements of the Bankruptcy Code and Bankruptcy Rules. Accordingly, because the Debtors have failed to come forward with evidence to refute the prima facie validity of the Loeb Claimants' claims, the Objection should be denied.

10. The Loeb Claimants reserve all of their rights, claims and defenses, including without limitation the right to discovery in connection with the Debtors' Objection.

WHEREFORE, the Loeb Claimants respectfully request that the Court (i) overrule the Objection and allow Claims 12028, 12029, 12030, 12031, 12032, 12033, 12034, and 12035, as set forth herein**,** and (ii) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: December 6, 2010                                  Respectfully submitted,

                                                         STROOCK & STROOCK & LAVAN LLP

                                                         /s/ Claude G. Szyfer
                                                         Claude G. Szyfer
                                                         Francis C. Healy
                                                         180 Maiden Lane
                                                         New York, New York 10038
                                                         Telephone: (212) 806-5400
                                                         Facsimile: (212) 806-6006

                                                         *Attorneys for Loeb Arbitrage Fund, Loeb Arbitrage B Fund LP, Loeb Offshore Fund Ltd., and Loeb Offshore B Fund Ltd.*