**RESPONSE DEADLINE: December 6, 2010 at 4:00 p.m. (Eastern Time)**

Ronald S. Beacher (RB8837)
Herbert K. Ryder (HR5137)
Day Pitney LLP
Seven Times Square
New York, NY  10036-7311
(212) 297-5800

and

One Jefferson Road
Parsippany NJ 07054-2891
(973) 966-8259

*Attorneys for SPCP Group LLC,*
*as agent for Silver Point Capital Fund, LP and Silver Point Capital Offshore Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 08-13555 (JMP) |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | (Jointly Administered) |
| Debtors. | |

**RESPONSE OF SPCP GROUP LLC, AS AGENT FOR**
**SILVER POINT CAPITAL FUND, LP AND SILVER POINT CAPITAL**
**OFFSHORE FUND, LTD, AS SUCCESSOR TO CERTAIN CLAIMS OF**
**ALLIANCE LAUNDRY SYSTEMS LLC, TO DEBTORS'**
**SIXTY-SEVENTH OMNIBUS OBJECTION**
**TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

TO THE HON. JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

SPCP Group, LLC, as agent for Silver Point Capital Fund, LP and Silver Point Capital

Offshore Fund, Ltd. ("SPCP"), as successor to certain claims of Alliance Laundry Systems LLC

83439997.1

("Alliance"), by and through its undersigned counsel, hereby submits this response (this "Response") to the Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims), dated November 3, 2010 (the "Objection"). In support of this Response, SPCP respectfully states as follows:

**BACKGROUND**

1. On June 27, 2005, Alliance Laundry Equipment Receivables Trust 2005-A (the "Trust") and Lehman Brothers Special Financing Inc. ("LBSF") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border) (as amended, supplemented or otherwise modified from time to time, and including all schedules, annexes and exhibits thereto, and all confirmations exchanged pursuant to transactions entered into in connection therewith, the "Master Agreement").[1] Lehman Brothers Holdings Inc. ("LBHI") unconditionally guaranteed the obligations of LBSF under the Master Agreement, pursuant to the Guarantee of Lehman Brothers Holdings Inc. dated June 27, 2005 (the "Guarantee"). Capitalized terms used herein and not otherwise defined have the meanings given to them in the Master Agreement.

2. Beginning on September 15, 2008 and periodically thereafter, LBHI and certain of its affiliates, including LBSF (collectively, the "Debtors") commenced voluntary cases under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

---

[1] Pursuant to the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors, dated as of April 19, 2010, all of the information submitted in connection with the Proofs of Claim and Questionnaires are part of the record, and SPCP need not resubmit them in connection with this Response.

3. The LBSF chapter 11 filing constituted an Event of Default with respect to LBSF (as Defaulting Party) under Section 5(a)(vii) of the Master Agreement. Because LBHI served as the Credit Support Provider under the Master Agreement, the LBHI chapter 11 filing constituted an additional Event of Default with respect to LBSF (as Defaulting Party) under Section 5(a)(vii) of the Master Agreement.

4. In the exercise of its rights under Section 6(a) of the Master Agreement, on December 5, 2008, Alliance sent LBSF a notice terminating all transactions under the Master Agreement and designating December 9, 2008 as the Early Termination Date.

### SPCP's Proofs of Claim

5. On or about December 12, 2008, the Trust filed: (i) a proof of claim against LBSF (Claim No. 1300) seeking recovery under the Master Agreement in the amount of not less than $1,046,015.30 (the "LBSF Proof of Claim") and (ii) a proof of claim against LBHI (Claim No. 1299) seeking recovery under the Guarantee in the amount of not less than $1,046,015.30 (the "LBHI Proof of Claim", together with the LBSF Proof of Claim, the "Claims").

6. On July 2, 2009, the Bankruptcy Court entered an Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

7. On or about July 8, 2009, the Trust assigned all of its right, title and interest in and to, or arising in connection with, the Claims to Alliance Laundry Equipment Receivables 2005 LLC, which in turn assigned all of its right, title and interest in and to, or arising in connection with, the Claims to Alliance that same day. On July 10, 2009, Alliance assigned all of its right, title and interest in and to, or arising in connection with, the Claims to SPCP.

8. Pursuant to the Bar Date Order, on or about October 20, 2009, SPCP submitted a derivative questionnaire with respect to the LBSF Proof of Claim, and a guarantee questionnaire with respect to the LBHI Proof of Claim (together, the "Questionnaires").

### The Debtors' Objection to the SPCP Claims

9. The Debtors state in the Objection that they had examined the Claims and that such claims should be reduced on the basis that "the asserted claim amount is greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records…." (Objection at ¶ 13.)

10. Based on the Debtors' assertion, and no further evidence, the Debtors seek to reduce both the LBSF Claim and the LBHI Claim from $1,046,015.30 to $201,399.83 (the "Debtors' Modified Claim Amounts").

### ARGUMENT

11. The Debtors' Objection to the Claims is baseless. The Debtors failed to satisfy their burden of proof to rebut the validity of the Claims. The Debtors have not offered any specific evidence whatsoever to refute the fact that the amount of the Claims are "fair, accurate, and reasonable." Accordingly, the Debtors' Objection should be denied, and the Claims in the amount of $1,046,015.30 should be allowed.

**A. Applicable Legal Standard**

12. The Debtors misstate the applicable burden of proof. It is well-settled bankruptcy law that a properly filed proof of claim is *prima facie* evidence of that claim. See 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). "If a proper objection is made, the objecting party has the

burden of presenting evidence sufficient to overcome the *prima facie* validity of the claim." Lawrence P. King, *Collier on Bankruptcy*, ¶ 501.02[2][d] (15th ed. rev. 1986).

13. The Debtors argue that "[i]f an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim." (Objection ¶ 12, citing *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000)). To the contrary, "[a] proof of claim is prima facie evidence of the validity and amount of a claim, and the *objector* bears the initial burden of persuasion." *Oneida*, 400 B.R. at 389 (emphasis added). The burden would only shift to SPCP if the Debtors had produced "evidence in equal force to the prima facie case…which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* In other words, to shift the burden of proof to SPCP, the Debtors must first produce sufficient evidence to overcome the "prima facie validity" of the SPCP Claims. *Adelphia*, 2007 Bankr. LEXIS 660 at *15-16; *Rockefeller*, 272 B.R. at 539.

   **B. The Debtors Have Failed to Rebut the Validity of the Claims**

14. The Debtors have not produced information sufficient to shift the burden of proof to SPCP. Indeed, the Debtors have not produced any specific information at all. In the Objection, the Debtors object to the Claims on the basis that the amounts asserted therein are "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records." (Objection ¶ 13.) The Debtors' unsubstantiated and vague assertion that the Claims are not reasonable based on a review of supporting documentation and the Debtors' internal books and

records is not evidence in equal force to the *prima facie* validity of the Claims. In fact, in contrast to the documentation supporting the Claims, the Debtors' Objection provides no data whatsoever, numerical or otherwise, in support of how or as of when the Debtors' Modified Claims Amounts were calculated. The Objection merely describes a general review that was purportedly done to determine the Debtors' Modified Claim Amounts without regard to the terms of the parties' agreement that govern the determination of the value of the Claims. This general process has no basis in, and is wholly inconsistent with, the express terms of the Master Agreement. For this reason alone, the Objection should be denied.

15. SPCP is unaware of any legitimate basis for the Objection, which on its face appears to be an unsubstantiated attempt by Debtors to extract wholly unjustified reductions to valid and properly filed proofs of claim.

16. In summary, the Claims and Questionnaires (complete with all relevant supporting documentation) constitute more than sufficient evidence for the amounts claimed thereunder, and the Debtors have not satisfied their burden of proof in their attempt to object to and refute the validity of the Claims. Accordingly, the Objection should be denied.

**[Balance of page intentionally left blank.]**

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, SPCP respectfully requests that this Court deny the Debtors' Objection as to the Claims, allow the Claims in the amount of $1,046,015.30 against each of LBSF and LBHI, and grant such other, further or different relief as this Court deems just and proper.

Dated: Parsippany, New Jersey
       December 6, 2010

>   Respectfully Submitted,
>
>   Day Pitney LLP
>
>   By: __/s/ Herbert K. Ryder_____
>
>   Ronald S. Beacher (RB8837)
>   Herbert K. Ryder (HR5137)
>   Seven Times Square
>   New York, NY  10036-7311
>   (212) 297-5800
>
>   and
>
>   One Jefferson Road
>   Parsippany NJ 07054-2891
>   (973) 966-6300
>
>   *Attorneys for SPCP Group LLC, as agent for Silver Point Capital Fund, LP and Silver Point Capital Offshore Fund, Ltd.*