# EXHIBIT A

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 || **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000013907<br><br>THIS SPACE IS FOR COURT USE ONLY |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing Inc. | Case No. of Debtor<br>08-13888 ||
| NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. |||

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Aozora Bank, Ltd.                With a copy to:<br>c/o Koki Yoshida           Allen & Overy LLP<br>Workout Division          c/o Daniel Guyder / Lisa Kraidin<br>3-1, Kudan-minami 1-chome, Chiyoda-ku,   1221 Avenue of the Americas<br>Tokyo 102-8660, Japan      New York, NY 10020<br>Telephone number: 81-3-5212-9390    (212) 610-6300<br>Email Address: k2.yoshida@aozorabank.co.jp   Daniel.guyder@allenovery.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ | **NOTICE OF SCHEDULED CLAIM:**<br>Your Claim is scheduled by the indicated Debtor as: |
|---|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:              Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. ||

| 1.  **Amount of Claim as of Date Case Filed: $** See Attached____<br>If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br>If all or part of your claim is entitled to priority, complete Item 5.<br>If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.<br>☒ Check this box if all or part of your claim is based on a Derivative Contract.*<br>☐ Check this box if all or part of your claim is based on a Guarantee.*<br>*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.<br><br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee. | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim:<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).<br><br>☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).<br><br>☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br><br>**Amount entitled to priority:**<br><br>$_____ |
|---|---|
| 2.  **Basis for Claim:** See Attached<br>(See instruction #2 on reverse side.) ||
| 3.  Last four digits of any number by which creditor identifies debtor: _____<br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) ||
| 4.  **Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br>Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe: _____<br>Value of Property: $_____ Annual Interest Rate _____%<br>Amount of arrearage and other charges as of time case filed included in secured claim, if any:<br>$_____ Basis for perfection: _____<br>Amount of Secured Claim: $_____ Amount Unsecured: $_____ ||
| 6.  **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $**_____<br>(See instruction #6 on reverse side.) ||
| 7.  **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>8.  **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.<br>**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**<br>If the documents are not available, please explain: | **FOR COURT USE ONLY**<br><br>**FILED / RECEIVED**<br><br>**SEP 16 2009**<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
| Date:<br><br>September 15, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Name: Hiromi Watanabe, Title: Senior Managing Executive Officer ||
| *Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. |||

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 11

Lehman Brothers Holdings Inc., *et al.*                             Case No. 08-13555 (JMP)

                       Debtors.                                     (Jointly Administered)
------------------------------------------------------------X
In re:                                                              Chapter 11

Lehman Brothers Special Financing Inc.                              Case No. 08-13888 (JMP)

                       Debtor.
------------------------------------------------------------X

## ATTACHMENT TO PROOF OF CLAIM FOR AOZORA BANK, LTD.

1. Claimant. Aozora Bank, Ltd. (the "**Claimant**") hereby files the accompanying proof of claim (the "**Proof of Claim**") against Lehman Brothers Special Financing Inc. (the "**Debtor**"), a debtor and debtor in possession in the above-referenced chapter 11 cases. The Claimant holds a claim against the Debtor arising from certain transactions that occurred prior to October 3, 2008 (the "**Petition Date**"), as described more fully below.

2. Transactions Between the Parties. The Claimant and the Debtor are party to the 1992 ISDA Master Agreement (including the Schedule thereto, as supplemented by the ISDA Credit Support Annex) dated as of April 21, 2003 and any and all amendments, ancillary agreements and documents relating thereto (the "**Master Agreement**"). Terms used but not defined herein have the respective meanings ascribed to such terms in the Master Agreement. The Claimant also has the benefit of the Guarantee of Lehman Brothers Holdings Inc. (the "**Guarantee**") issued in favor of the Claimant in respect of the obligations of the Debtor under the Master Agreement. In connection with the Master Agreement and Guarantee, the Claimant has delivered to the Debtor: (a) notice, dated September 16, 2008, that an Event of Default had occurred and was continuing under the terms of the Master Agreement and designating September 17, 2008 as the Early Termination Date; and (b) notice dated September 22, 2008, pursuant to which the Claimant notified the Debtor of the amount that is due and payable by the Debtor. The Debtor has defaulted on its obligations under the Master Agreement, and the Claimant hereby asserts this claim in the amount set forth in paragraph 3 below. The Claimant will upload or cause to be uploaded the principal documents which evidence the transactions and the claim set forth herein under separate cover to the Debtor's website, www.lehman-claims.com, on or before October 22, 2009 at 5:00 p.m. (ET). The Claimant will also upload or cause to be uploaded a completed Derivative Questionnaire relating to the claim set forth herein to the Debtor's website, www.lehman-claims.com, on or before October 22, 2009 at 5:00 p.m. (ET).

NY:8728649.9

3. <u>Claim</u>. As of the Petition Date, the Claimant has a claim against the Debtor in the aggregate liquidated amount of **$23,559,819.67**in respect of the net amount owing to the Claimant (after setoff against certain amounts) <u>plus</u> all other fees, expenses, and interest, in each case, to the extent allowed under applicable law (the "**Claim**"). An itemization of the amounts due and owing to the Claimant are set forth on <u>Exhibit 1</u> attached hereto.

4. <u>Security Interests and Priority Status</u>. The Claim is filed as a general unsecured claim, without any prejudice to any and all rights of the Claimant to assert that any portion of the Claim is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code.

5. <u>Claims, Counterclaims, Setoffs and Defenses</u>. The Claim is not subject to any known claims, counterclaims, setoffs or defenses by the Debtor. The Claimant also reserves any and all rights of setoff and recoupment that the Claimant or any of its affiliates may have against the Debtor or its related entities.

6. <u>Reservation of Rights</u>. The execution and filing of this Proof of Claim is not and shall not be deemed: (a) a waiver or release of the Claimant's rights against any other entity or person liable for all or any part of the Claim asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of its right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; (g) waiver of the Claimant's rights to assert that no claims hereunder have been or may be discharged and to file other claims which are not covered by this Proof of Claim; or (h) a waiver of the Claimant's rights, if any, of arbitration, to the extent provided by any applicable agreements with the Debtor or its affiliates.

7. <u>Amendments</u>. The Claimant expressly reserves its right to file any separate or additional proofs of claim with respect to the Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

## Exhibit 1

|  | Amount in Japanese Yen | Amount in USD |
|---|---|---|
| Amount due from Debtor under the Master Agreement | ¥2,446,842,031 | $23,367,797.07 |
| Default Interest due under Section 6 & 14 of the Master Agreement | n/a | $10,160.40 |
| Fees and Expenses payable by Debtor under Section 11 of the Master Agreement | ¥4,406,805 | $181,862.20[1] |
| **TOTAL** |  | **$23,559,819.67** plus all other fees, expenses, and interest, in each case, to the extent allowed under applicable law |

- *"Amount due from Debtor under the Master Agreement" in Japanese Yen have been converted to US Dollars using the conversion rate published by the US Federal Reserve for September 17, 2008*: ¥104.71= $1.00.

- *"Default Interest due under Section 6 & 14 of the Master Agreement" has been calculated based on the "Amount due from Debtor under the Master Agreement" in USD for the period commencing on and including September 26, 2008, the date the Debtor received the notice dated September 22, 2008 from the Claimant and ending on and excluding October 3, 2008, the petition date of the Debtor, at Federal Funds Overnight Rate published by the Board of Governors of the Federal Reserve System plus 1% default charge compounded daily.*

- *"Fees and Expenses payable by Debtor under Section 11 of the Master Agreement" that were originally invoiced in Japanese Yen (¥4,406,805) have been converted to US Dollars from Japanese Yen using the conversion rate published by the Bank of Japan for September 1, 2009: ¥92.89=USD1.00. All other amounts fees and expenses were originally invoiced in US Dollars.*

---

[1] A portion of this amount ($134,421.09) represents the undivided amount of fees and expenses incurred by the Creditor's US counsel relating to the preparation of all of the Creditor's proof of claims filed in these cases.

# ALLEN & OVERY

**By FEDEX First Overnight (Email confirmation requested)**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel           212 610 6300
Fax          212 610 6399
Direct line   212 756 1190
matthew.bruckner@allenovery.com

Our ref           MAB/13233-00291 NY:8952034.1

September 15, 2009

**Aozora Bank, Ltd. - PROOF OF CLAIM AGAINST LEHMAN BROTHERS HOLDINGS INC. ("LBHI") or an affiliated debtor.**

To Epiq Bankruptcy Solutions, LLC:

Enclosed please find two copies (one original signature; one photocopy) of the proof of claim hereby filed by Aozora Bank, Ltd. against LBHI and/or one of its affiliated debtors. Please retain the original copy and return to us the photocopy (time-stamped as "RECEIVED") in the enclosed self-addressed stamped envelope.

Kind regards,

*[signature: Matt Bruker]*

**Matthew Bruckner**
Associate

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Beijing, Bratislava, Brussels, Bucharest (associated office), Budapest, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, Munich, New York, Paris, Prague, Riyadh (associated office), Rome, São Paulo, Shanghai, Singapore, Tokyo and Warsaw.

From: Origin ID: QNYA (212) 756-1111
Steve Gray
ALLEN AND OVERY, LLP
1221 6TH AVENUE
21ST FLOOR
NEW YORK, NY 10020



FedEx Express

Ship Date: 15SEP09
ActWgt: 1.0 LB
CAD: 5589878/INET9060
Account#: S *********

Delivery Address Bar Code

Ref # 13233-00291
Invoice #
PO #
Dept #

SHIP TO: (646) 344-6673　　BILL SENDER
**Lehman Bros. Holding Claims Process**
**Epiq Bankruptcy Solutions, LLC**
**757 3RD AVE FRNT 3**
**3RD FLOOR**
**NEW YORK, NY 10017**

TRK# 7969 4775 8297
0201

WED - 16SEP　A1
FIRST OVERNIGHT


RECEIVED
SEP 16 2009

E9 OGSA

10017
NY-US
EWR

---

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site Map |
This site is protected by copyright and trademark laws under US and International law. All rights reserved.© 1995- 2009 FedEx

https://www.fedex.com/shipping/shipAction.handle?method=doContinue　　　　9/15/2009