Joshua Dorchak
**BINGHAM MCCUTCHEN LLP**
399 Park Avenue
New York, New York  10022
(212) 705-7000

*Attorneys for ICM Business Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**RESPONSE OF ICM BUSINESS TRUST TO THE DEBTORS' SIXTY-SEVENTH
OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

ICM Business Trust ("ICM"), by and through its undersigned counsel, submits this response (this "Response") to the Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims).  In support of this Response, ICM respectfully states as follows:

**BACKGROUND**

1.  On December 6, 2006, Lehman Brothers Special Financing Inc. ("LBSF") and ICM entered into that certain 1992 ISDA Master Agreement (as amended, modified, or supplemented from time to time, together with all schedules, exhibits and annexes thereto, the "LBSF Master Agreement").[1]  Lehman Brothers Holdings Inc. ("LBHI") served as Credit Support Provider under the LBSF Master Agreement and unconditionally guaranteed to ICM the obligations of LBSF under the LBSF Master Agreement pursuant to that certain Guarantee of Lehman Brothers Holdings Inc., dated March 14, 2007 (the "LBSF Guarantee").

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in the LBSF Master Agreement or the LBIE Master Agreement (as defined below).

2.	On December 6, 2006, Lehman Brothers International (Europe) ("LBIE") and ICM entered into that certain 1992 ISDA Master Agreement (as amended, modified, or supplemented from time to time, together with all schedules, exhibits and annexes thereto, the "LBIE Master Agreement").  LBHI served as Credit Support Provider under the LBIE Master Agreement and unconditionally guaranteed to ICM the obligations of LBIE under the LBIE Master Agreement pursuant to that certain Guarantee of Lehman Brothers Holdings Inc., dated May 16, 2007 (the "LBIE Guarantee").

3.	On September 15, 2008, LBIE was placed into administration proceedings, pursuant to applicable English insolvency laws.

4.	Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates, including LBSF (collectively, the "Debtors"), commenced voluntary cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  These cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.	By letter dated September 16, 2008 (the "LBSF Notice of Early Termination"), ICM provided to LBSF a notice designating September 16, 2008 as the Early Termination Date with respect to all outstanding Transactions and Confirmations under the LBSF Master Agreement, due to the occurrence and continuation of certain Events of Default as to LBSF under the LBSF Master Agreement.  By letter dated September 24, 2008, with reference to the LBSF Notice of Early Termination, ICM provided to LBSF a Statement of Calculations as required by the LBSF Master Agreement (the "LBSF Statement of Calculations").

6.	By letter dated September 16, 2008 (the "LBIE Notice of Early Termination"), ICM provided to LBIE a notice designating September 16, 2008 as the Early Termination Date

-2-

with respect to all outstanding Transactions and Confirmations under the LBIE Master Agreement, due to the occurrence and continuation of certain Events of Default as to LBIE under the LBIE Master Agreement.  By letter dated September 24, 2008, with reference to the LBIE Notice of Early Termination, ICM provided to LBIE a Statement of Calculations as required by the LBIE Master Agreement (the "LBIE Statement of Calculations").

7. On July 2, 2009, this Court entered the *Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ."  Bar Date Order at 7.  The Bar Date Order also provided that "each holder of a claim against a Debtor based on amounts owed pursuant to a promise . . . or agreement to answer for the payment of some debt . . . in case of the failure of another person or entity who is liable in the first instance (a "Guarantee") must . . . complete the electronic Guarantee Questionnaire [and] electronically upload supporting documentation and evidence of the underlying claim on the website."  *Id.* at 7-8.  The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website.…"  *Id.* at 8.

8. On September 16, 2009, ICM filed:  (a) a proof of claim (Claim No. 14172) against LBSF seeking recovery under the LBSF Master Agreement in the amount of $1,752,642.00, plus amounts to be determined (the "LBSF Claim"); and (b) a proof of claim (Claim No. 14173) against LBHI seeking recovery under the LBSF Guarantee and the LBIE

-3-

Guarantee in the amount of $2,013,945.00, plus amounts to be determined[2] (the "LBHI Claim," and, together with the LBSF Claim, the "Claims"). Pursuant to the terms of the Bar Date Order, ICM timely completed the required Derivative Questionnaire and Guarantee Questionnaire in connection with the LBSF Claim and the LBHI Claim, respectively (together, the "Questionnaires").

9. In the Questionnaires, with respect to the LBSF Master Agreement, ICM submitted the following supporting documentation: copies of the LBSF Master Agreement; the LBSF Guarantee; the LBSF Notice of Early Termination and evidence of delivery thereof; the LBSF Statement of Calculations and evidence of delivery thereof; a trade details analysis providing information necessary to identify and reconcile each transaction; and a computation of interest and legal fees.

10. In the Questionnaires, with respect to the LBIE Master Agreement, ICM submitted the following supporting documentation: copies of the LBIE Master Agreement; the LBIE Guarantee; the LBIE Notice of Early Termination and evidence of delivery thereof; the LBIE Statement of Calculations and evidence of delivery thereof; a trade details analysis providing information necessary to identify and reconcile each transaction; and a computation of legal fees.

11. On November 3, 2010, the Debtors filed the *Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims)* (the "Objection"), seeking the reduction and allowance of ICM's Claims solely on the basis that "the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values" of the Claims as determined by the

---

[2] The stated liquidated amount of $2,013,945.00 consists of $1,750,018.00 in respect of the LBHI Guarantee $263,927.00 in respect of the LBIE Guarantee.

-4-
A/73581847.1/3005567-0000323483

Debtors.  Objection ¶ 11.  The Debtors submitted no documentary evidence in support of the Objection.

12.  The Debtors seek to reduce (a) the LBSF Claim from $1,752,642.00, plus amounts to be determined, to $228,114.00; and (b) the LBHI Claim from $2,013,945.00, plus amounts to be determined, to $228,114.00.  The Debtors have provided no concrete evidence whatsoever to support such reductions to the Claims.

## ARGUMENT

**A.    Applicable Legal Standard**

13.  A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity of the claim.  *See In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); *In re Hess*, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009); *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, at *90 (Bankr. S.D.N.Y. 2008); *In re MarketXT Holdings Corp.*, 2007 Bankr. Lexis 740, at *17 n.8 (Bankr. S.D.N.Y. 2007).  If a party in interest files an objection to the proof of claim, "[t]he burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim." *Alper Holdings*, 2008 Bankr. LEXIS 86, at *90.  Specifically, "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency." *Id.; DJK Residential*, 416 B.R. at 104.  Thus, the burden of proof does not shift to the claimant until the objector has first met its burden of production by providing sufficient evidence to overcome the prima facie validity of the claim. *Id.*  "When the burden [does] shift back to the claimant, the claimant must prove the validity of the claim by a preponderance of the evidence." *MarketXT Holdings*, 2007 Bankr. Lexis 740, at *17 n.8; *see DJK Residential*, 416 B.R. at 104-105 ("[t]he claimant must then prove by a preponderance of

the evidence that under applicable law the claim should be allowed") (internal quotation marks omitted).

### B.  The Debtors Have Failed to Meet Their Burden of Production

14.  The Debtors provide no evidence to support the Objection as to the Claims. The assertion that the Claims are "greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records" is argumentative, not factual. In effect, the Debtors ask this Court to reduce the Claims by 85% or more -- including reducing that portion of the LBHI Claim that relates to the LBIE Guarantee by 100% -- simply on their say so. This cannot suffice as "evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency."

15.  Likewise, the Debtors also failed to offer any support for their valuation methods during their numerous negotiations with ICM. During those discussions, the Debtors simply proposed settlement amounts without ever explaining their assertions or providing any formula, calculations or supporting documentation. By contrast, during the course of ICM's negotiations with the Debtors, in addition to the backup that the Debtors already had received via the Claims and the Questionnaires, ICM gave the Debtors further supporting documentation, including third party valuation information.

16.  For the reasons set forth above, the Objection does not negate the prima facie validity of the Claims.

### C.  ICM Has Met Its Burden of Proving the Validity of Its Claim

17.  In the unlikely event this Court finds that the Debtors' *ipse dixit* Objection has transferred the burden of proof to ICM, ICM respectfully suggests that ICM has already met that burden, inasmuch as the Claims, the Questionnaires (complete with all relevant supporting documentation) and the additional supporting documentation subsequently provided by ICM to

the Debtors during the course of their negotiations constitute more than sufficient evidence of the accuracy and validity of the Claims.

18. In the event this Court finds that ICM has, and has not yet met, an ultimate burden of proof as to the validity of the Claims, ICM: (a) requests discovery from the Debtors as to their valuation of the Claims; (b) reserves the right to supplement or otherwise amend this response to the Objection; and (c) requests, if necessary, a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amounts of the Claims.

## CONCLUSION

For the foregoing reasons, ICM respectfully requests that this Court: (a) overrule the Objection; (b) allow Claim No. 14172 in the amount of $1,752,642.00, plus amounts to be determined, and allow Claim No. 14173 in the amount of $2,013,945.00, plus amounts to be determined; and (c) grant such other, further relief as this Court may deem just and proper.

Dated: December 6, 2010
New York, New York

**BINGHAM MCCUTCHEN LLP**

By: /s/ Joshua Dorchak
    Joshua Dorchak
399 Park Avenue
New York, New York 10022
Telephone: (212) 705-7000
Facsimile: (212) 752-5378
Email: joshua.dorchak@bingham.com

*Attorneys for ICM Business Trust*

-7-