Hearing Date: December 22, 2010 at 10:00 a.m.
Objections Due: December 6, 2010 at 4:00 p.m.

Alex R. Rovira
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Counsel for Canyon Capital Advisors LLC,
as Investment Manager to the following funds:
Canyon Balanced Master Fund, Ltd., Canyon
Capital Arbitrage Master Fund, Ltd., Canyon
Value Realization Fund, L.P. and Canyon Value
Realization Fund (Cayman), Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Lehman Brothers Holdings Inc., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------

**RESPONSE AND RESERVATION OF RIGHTS OF CANYON BALANCED MASTER
FUND, LTD., CANYON CAPITAL ARBITRAGE MASTER FUND, LTD., CANYON VALUE
REALIZATION FUND (CAYMAN), LTD., AND CANYON VALUE REALIZATION FUND,
L.P., TO THE DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**

TO:   THE HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE:

Canyon Balanced Master Fund, Ltd. ("CBF"), Canyon Capital Arbitrage Master Fund, Ltd. ("CARB"), Canyon Value Realization Fund, L.P. ("VRF") and Canyon Value Realization Fund (Cayman), Ltd. ("CVRF," collectively with CBF, CARB and VRF, "Canyon," or the "Canyon Funds"), by and through its undersigned counsel, hereby submit this response (the "Response") to the Debtors' Sixty Seventh Omnibus Objection to Claims (Value Derivative Claims) [Dkt. No. 12533] dated November 3, 2010 (the "Omnibus Objection"). In support of the Response, Canyon respectfully states as follows:

7292365v.1

**RELEVANT BACKGROUND**

1.  On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI"), filed a voluntary petition for relief under the chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York, thereby triggering events of default (each an "Event of Default") under those certain ISDA Master Agreements (as amended, supplemented or otherwise modified from time to time, and including all annexes, schedules, exhibits, confirmations and any related agreements and other documents, collectively the "Master Agreements") between each of the Canyon Funds and Lehman Brothers Special Financing ("LBSF," together with the Canyon Funds, the "Parties"). The Master Agreements are dated December 29, 2003 with respect to CARB, CVRF and VRF, and October 6, 2005 with respect to CBF. On January 26, 2004 and June 9, 2005, LBHI issued guarantees in favor of the Canyon Funds (the "Guarantees"), unconditionally guaranteeing the full payment of all amounts payable in connection with each transaction between the Parties under the Master Agreements.

2.  The occurrence of the Events of Default entitled each of the Canyon Funds to terminate all outstanding transactions between the Parties under the Master Agreements. Pursuant to the terms of the Master Agreements, the Canyon Funds sent notice to LBSF specifying the Event of Default and designating September 15, 2008 as the date as of which all outstanding transactions between each of the Canyon Funds and LBSF were terminated (the "Early Termination Date"). Subsequently, on October 3, 2008, LBSF filed for bankruptcy protection.

3.  As the non-defaulting parties under the Master Agreements, each of the Canyon Funds were entitled to and did calculate the settlement amounts resulting from the Events of Default, and, on September 18, 2009, each of the Canyon Funds timely filed proofs of

2

claim (each a "Claim") in connection with payments due the Canyon Funds under the Master Agreements. Contemporaneously with the filing of the Claims, the Canyon Funds also timely filed proofs of claim arising out the Guarantees (each a "Guarantee Claim," together with the Claims, the "Canyon Claims").

4. Specifically, CARB asserted Claim # 17884 and Guarantee Claim # 17885, each in the amount of $1,788.00, owed as a result of the early termination of their Master Agreement. CBF asserted Claim # 17438 and Guarantee Claim # 17439,[1] each in the amount of $2,290,590.94, owed as a result of the early termination of their Master Agreement. VRF asserted Claim # 17881 and Guarantee Claim # 17882, each in the amount of $7,741,745.12, owed as a result of the early termination of their Master Agreement. CVRF asserted Claim # 17714 and Guarantee Claim # 17886, each in the amount of $23,043,755.94, owed as a result of the early termination of their Master Agreement.

5. Pursuant to the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated July 2, 2009 [Dkt. No. 4271] (the "Bar Date Order"), the Canyon Funds submitted a derivative questionnaire with respect to the Claims asserted against LBSF (the "LBSF Questionnaire") and a guarantee questionnaire with respect to the Guarantee Claims asserted against LBHI (the "LBHI Questionnaire"), revising and reducing the amounts initially asserted in the Canyon Claims by $1,276,769.00 and setting forth the methods the Canyon Funds used to calculate those revised amounts.[2]

---

[1] The Omnibus Objection does not address Guarantee Claim #17439. To the extent the Debtors object to Guarantee Claim #17439 at a later date, Canyon hereby reserves all of its rights and remedies with respect to that Claim, including the right to file a response to any such objection.

[2] In submitting their LBSF Questionnaires and LBHI Questionnaires, the Canyon Funds revised certain of the amounts initially asserted in certain of the Canyon Claims. The revised amounts were: with respect to CBF, $2,128,436.94; with respect to VRF, $7,456,241.12; and with respect to CVRF, $22,214,644.94.

6. On November 3, 2010, the Debtors filed the Omnibus Objection, objecting to 128 proofs of claim, including the Canyon Funds', and asserting that those claims should only be allowed in significantly reduced amounts. Specifically, the Omnibus Objection proposes to allow CARB's Claim in the reduced amount of $1,405.46, CBF's Claim in the reduced amount of $609,499.83, CVRF's claims in the reduced amount of $5,153,859.08, and VRF's claims in the reduced amount of $1,759,631.71. In total, the Debtors propose to reduce the Canyon Claims by more than $25 million, from $33,077,880.00 to $7,524,396.00.

7. No supporting information has been provided to justify these significant reductions. In the Omnibus Objection, the Debtors claim that the reduced amounts reflect the proper value of the Canyon Claims, but have not provided any information whatsoever, in the Omnibus Objection or otherwise, as to how these reduced amounts were calculated such that the Canyon Funds are not in any position to consider the validity of their methodology.

**RESPONSE**

A. **The Applicable Legal Standard**

8. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, a properly filed proof of claim constitutes prima facie evidence as to the validity and amount of the claim, and the allegations set forth therein are taken as true: "a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim." Simmons v. Savell (In re Simmons), 765 F.2d 547, 551 (5th Cir. 1985); see also In re Hess, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009); Glinka v. Dartmouth Banking Co. (In re Kelton Motors Inc.), 121 B.R. 166, 190 (Bankr. D. Vt. 1990); In re Windsor Commc'ns Group Inc., 45 B.R. 770, 773 (Bankr. E.D. Pa. 1985).

9. Once a proof of claim has been properly filed, thereby establishing its prima facie validity, the burden rests on any objectors to that claim to demonstrate "sufficient

4

7292365v.1

evidence" to overcome such prima facie validity.  In re Adelphia Comm's Corp., 2007 Bankr. LEXIS 660 * 15 (Bankr. S.D.N.Y., Feb. 20, 2007); J.P. Morgan Sec's., Inc. v. Spiegel Creditor Trust (In re Spiegel, Inc.), 2007 WL 2456626 at * 15 n.6 (S.D.N.Y. Aug. 22, 2007).  To meet this burden, an objection's "sufficient evidence" must be of equal force to that of the filed proof of claim, such that it can refute allegations essential to the proof of claim's legitimacy.  In re DJK Residential LLC, 416 B.R. 100, 105 (Bankr. S.D.N.Y. 2009); see also  In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting In re Allegheny Intern., Inc., 954 F.2d 167, 173-74 (3d Cir. 1992), quoting In re Holm, 931 F.2d 620, 623 (9th Cir. 1991)).  An objection lacking such sufficient evidence is insufficient to negate a claim's prima facie validity.  "The case law is clear. To prevail, an objector must affirmatively produce evidence to counter [a] creditor's claim."  Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), 1999 WL 178788 at * 3 (S.D.N.Y. Mar. 31, 1999).

10. In the Omnibus Objection, the Debtors misstate the law, arguing that the burden of persuasion shifts back to the claimants as soon as an objection is made.  See Omnibus Objection, ¶ 12.  In fact, only once an objector has overcome its own burden by providing "evidence equal in force to the prima facie case" does the burden then shift back to the claimant. In re Oneida Ltd., 400 B.R. at 389,  quoting Allegheny., 954 F.2d at 173-74.  The Debtors have failed to overcome their burden.

## B.  The Debtors Have Failed To Meet Their Burden

11. The Debtors have not carried their burden in their Omnibus Objection to the Canyon Claims.  That burden rests squarely on the Debtors to provide "sufficient evidence" to overcome the prima facie validity of the Canyon Claims.  However, rather than provide any evidence that challenges the amounts asserted in the Canyon Claims, the Debtors merely provide cursory conclusions as to the 128 proofs of claim included in the Omnibus Objection, stating that

5

"the amounts listed on the proofs of claim are greater than the fair, accurate and reasonable values determined by the Debtors." See Omnibus Objection, ¶ 11. The method by which these values were "determined by the Debtors" is never disclosed, and in fact, no data or calculation methodologies in support of their position are ever provided. The Debtors simply announce that they have undertaken a "lengthy process" and have concluded that the reduced amounts reflect what they have deemed to be "fair, accurate and reasonable valuation[s]" of the Canyon Claims. See Omnibus Objection, ¶ 15, 16. These repetitive declaratory assertions are not "evidence" by any standard, and are certainly not sufficient to overcome the prima facie validity of the Canyon Claims and shift the burden of persuasion back to the Canyon Funds.

12. In stark contrast to Debtors' lack of transparency with regard to their calculation of the Canyon Claims, the Canyon Funds have provided the Debtors with a detailed explanation of the methodology employed to calculate the asserted amounts in the Canyon Claims, submitting the LBSF Questionnaire and the LBHI Questionnaire pursuant to the Bar Date Order. If the Debtors seek to reduce the Canyon Claims to the amounts proposed in the Omnibus Objection, the Canyon Funds are entitled to a full explanation of how such a decision was reached, and, if necessary, to review the documents and information supporting the Debtors' analysis. Instead, the Debtors have left the Canyon Funds guessing in the dark as to the methodologies employed in significantly reducing their Claims. The Debtors have not provided any insight as to the reasoning behind their proposed reduction of the Canyon Claims, let alone any documentary support for such reduction.

13. Further, the Debtors do not address the substance of the Canyon Claims at all, nor do they address the terms of the Master Agreements which govern the settlement of those Claims. The Master Agreements are clear that the non-defaulting party (each of the Canyon Funds) is the party entitled to calculate the settlement amounts upon the termination of the

6

Master Agreement. As the defaulting party, the Debtors are not entitled to perform their own (undisclosed) calculations, and then unilaterally declare their own settlement amounts without any supporting evidence.

14. Because the Debtors have neglected to provide any evidence in support of the Omnibus Objection, and have therefore failed to meet their burden of persuasion, the Canyon Claims remain prima facie valid, and the Omnibus Objection should be overruled.

## RESERVATION OF RIGHTS

15. To the extent that the Court does not overrule the Omnibus Objection, Canyon reserves all of its rights, privileges, remedies and benefits with respect to any claims asserted herein, including all rights to amend, clarify, modify and/or supplement the claims asserted in this Response. Indeed, nothing asserted in this Response shall be construed as a waiver of any rights, privileges or remedies available under applicable law.

16. Given the Omnibus Objection's lack of any substantive information concerning the valuation of the Canyon Claims, Canyon further reserves its right to seek discovery and a full evidentiary hearing pursuant to the applicable Bankruptcy Rules, and to further reply to any additional arguments raised by the Debtors regarding the Canyon Claims. Further, Canyon hereby reserves the right to amend, alter, revise or supplement this Response in light of any other information provided by the Debtors.

WHEREFORE, the Canyon Funds respectfully request that the Court (i) overrule the Omnibus Objection as it pertains to the Canyon Claims, and (ii) grant the Canyon Funds such further relief as the Court deems just.

7

7292365v.1

Respectfully submitted,

Dated: December 6, 2010      **SIDLEY AUSTIN LLP**
       New York, New York

    /s/ Alex R. Rovira
Alex R. Rovira
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Counsel for Canyon Capital Advisors LLC,
as Investment Manager to the following funds:
Canyon Balanced Master Fund, Ltd., Canyon Capital
Arbitrage Master Fund, Ltd., Canyon Value
Realization Fund, L.P. and Canyon Value Realization
Fund (Cayman), Ltd.*