KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9210
Facsimile: (212) 715-8000
Juliana Oliveira

*Counsel to Merrill Lynch Credit Products LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : 08-13355 (JMP) |
| Debtors. | : (Jointly Administered) |

**RESPONSE OF MERRILL LYNCH CREDIT PRODUCTS LLC
TO DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION
TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Merrill Lynch Credit Products LLC ("Merrill Lynch"), as successor to certain claims of Short Credit Master Fund L.P. ("Master Fund"), by and through its undersigned counsel, hereby submits this response (the "Response") to the Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims), dated November 3, 2010 (the "Objection"). In support of this response, Merrill Lynch respectfully states as follows:

**BACKGROUND**

1.     On or around December 10, 2007, Master Fund and Lehman Brothers Special Financing Inc. ("LBSF") entered into that certain ISDA Master Agreement dated as of December 10, 2007 (including the Schedule and any amendments thereto, the "Master Agreement").[1]

---

[1] Pursuant to the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order

KL2 2676766.4

2.  Pursuant to the terms of the Master Agreement, Lehman Brothers Holding Inc. ("LBHI") was served as Credit Support Provider.[2]

3.  As Credit Support Provider, LBHI unconditionally guaranteed the obligations of LBSF under the Master Agreement pursuant to that certain Guarantee of Lehman Brothers Holding Inc. dated January 9, 2008 (the "Guarantee").

4.  Beginning on September 15, 2008 and periodically thereafter, LBHI, LBSF and certain of their affiliates (collectively, the "Debtors") commenced voluntary cases under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures.

5.  Pursuant to Section 5(a)(vii) of the Master Agreement, LBHI's chapter 11 filing constituted an Event of Default with respect to LBSF as the Affected Party.

6.  In the exercise of its rights under Section 6(a) of the Master Agreement, on November 18, 2008, Master Fund sent LBSF a notice terminating all outstanding transactions under the Master Agreement and designating November 18, 2008 as the Early Termination Date (the "Termination Notice"). A copy of the Termination Notice was also sent to the Debtors' counsel, Weil, Gotshal & Manges LLP (c/o Lori R. Fife) and was confirmed to have been received on December 9, 2008.

---

M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors, dated as of April 19, 2010, all of the information Master Fund submitted in connection with the Proofs of Claim and Questionnaires are part of the record, and SPCP need not resubmit them in connection with this Response.

[2] Capitalized terms used herein and not otherwise defined have the meanings given to them in the Master Agreement.

7. Pursuant to Section 6(d) of the Master Agreement, the Termination Notice included a calculation in the amount of $2,891,503.83 owed by LBSF to Master Fund in respect of the terminated transactions.

8. Pursuant to that certain Assignment of Claim Agreement, dated June 10, 2009 between Master Fund and Merrill Lynch, Master Fund assigned to Merrill Lynch all of its right, title and interest in and to, or arising in connection with (a) any claims against LBSF pursuant to the Master Agreement and (b) any claims against LBHI pursuant to the Guarantee.

## Master Fund's Proofs of Claim

9. On July 2, 2009, the Bankruptcy Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

10. Pursuant to the Bar Date Order, on or about February 23, 2009, Master Fund filed (a) a proof of claim against LBSF (Claim No. 2948) seeking recovery under the Master Agreement (as subsequently amended by Proof of Claim No. 17450 to assert a claim in the amount of $2,891,939.45, the "LBSF Proof of Claim") and (b) a proof of claim against LBHI (Claim No. 4410) seeking recovery under the Guarantee (as subsequently amended by Proof of Claim No. 18011 to assert a claim in the amount of $2,891,939.45, the "LBHI Proof of Claim"; together with the LBSF Proof of Claim, the "Master Fund Claims").

11. Pursuant to the Bar Date Order, on or about October 8, 2009, Master Fund submitted a derivative questionnaire with respect to the LBSF Proof of Claim, and a guarantee questionnaire with respect to the LBHI Proof of Claim (together, the "Questionnaires").

**The Debtors' Objection to the Master Fund Claims**

12.     The Debtors state in the Objection that they have examined the Master Fund Claims and that such claims should be reduced on the basis that the "asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records." (Objection at ¶13).

13.     Based on the Debtors' assertion, and no further evidence, the Debtors seek to reduce both the LBSF Claim and the LBHI Claim from $2,891,932.32 to $1,355,932.32 (the "Debtors' Modified Claim Amounts").

14.     The Debtors' Objection to the Master Fund Claims is baseless. The Debtors failed to satisfy their burden of proof to rebut the validity of the Master Fund Claims. As the Non-Defaulting Party, Master Fund was entitled and obliged, under the express terms of the Master Agreement, to calculate the amounts due in respect of the Master Fund Claims, and Master Fund so calculated such amounts in a fair, accurate and reasonable manner as demonstrated by the details of the supporting documentation. The Debtors have not offered any specific evidence to refute this fact or to support their assertion that the Debtors' Modified Claim Amount is "fair, accurate, and reasonable." Accordingly, the Debtors' Objection should be denied, and the proper value of the Master Fund Claims in the amount of $2,891,939.45 against each of LBSF and LBHI should be allowed.

A.     **Applicable Legal Standard**

15.     The Debtors misstate the applicable burden of proof. It is well-settled bankruptcy law that a properly filed proof of claim is *prima facie* evidence of that claim. See 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). "If proper objection is made, the objecting party has the

burden of presenting evidence sufficient to overcome the *prima facie* validity of the claim." Lawrence P. King, Collier on Bankruptcy, ¶ 501.02[2][d] (15th ed. rev. 1986).

16.     The Debtors argue that "[i]f an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim." (Objection ¶12, citing In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000)).  To the contrary, Oneida states "[a] proof of claim is prima facie evidence of the validity and amount of a claim, and the *objector* bears the initial burden of persuasion."  400 B.R. at 389 (emphasis added).  The burden would only shift to Merrill Lynch if the Debtors had produced "evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."  Id.  In other words, to shift the burden of proof to Merrill Lynch, the Debtors must first produce sufficient evidence to overcome the "prima facie validity" of the Master Fund Claims.  Adelphia, 2007 Bankr. LEXIS 660 at *15-16 (internal citation omitted); Rockefeller, 272 B.R. at 539.

### B.     The Debtors Have Failed to Rebut the Validity of the Master Fund Claims

17.     The Debtors have not produced information sufficient to shift the burden of proof to Merrill Lynch.  Indeed, the Debtors have not produced any specific information at all.  In the Objection, the Debtors object to the Master Fund Claims on the basis that the amounts asserted therein are "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records."  (Objection ¶ 13).  The Debtors' unsubstantiated and vague assertion that the claims are not reasonable based on a review of supporting documentation and

the Debtors' internal books and records is not evidence in equal force to the prima facie evidence supporting the Master Fund Claims, which were valued using objective, third party market data. In fact, in contrast to the detailed corroborating documentation supporting the Master Fund Claims, the Debtors' Objection provides no data whatsoever, numerical or otherwise, in support of how, or as of when, the Debtors' Modified Claims Amounts were calculated. The Objection merely describes a general review that was purportedly exercised to determine the Debtors' Modified Claim Amounts without regard to the terms of the parties' agreement that govern the determination of the value of the Master Fund Claims. This general process has no basis in, and is wholly inconsistent with, the express terms of the Master Agreement. For this reason alone, the Objection should be denied.

18. On its face, the Objection appears to be an unsubstantiated attempt by Debtors to extract unjustified reductions to Merrill Lynch's valid and properly filed proofs of claims.

19. In summary, the Master Fund Claims and Questionnaires (complete with all relevant supporting documentation) constitute more than sufficient evidence for the amounts claimed thereunder, and the Debtors have not satisfied their burden of proof in their attempt to object to and refute the validity of the Master Fund Claims. Accordingly, the Objection should be denied.

### C. The Master Fund Claims are Supported by the Master Agreement

20. The value of the Master Fund Claims is supported by the terms of the Master Agreement and the documentation evidencing the claim. The Master Agreement provides that the Non-Defaulting Party, not the Defaulting Party, is to determine the amount owing upon early termination. In this instance, the Non-Defaulting Party was Master Fund, not LBSF. Master Fund reasonably calculated an early termination payment and timely sent LBSF a notice of the

KL2 2676766.4

amount due. LBSF, as the Defaulting Party, was and is not entitled to calculate the amount to be paid upon termination of the Master Agreement, and the Debtors' Modified Claim Amount does not constitute a valid determination of the Master Fund Claims pursuant to the Master Agreement. Therefore, the Objection should be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Merrill Lynch respectfully requests that this Court deny the Debtors' Objection as to the Master Fund Claims, allow the Master Fund Claims in the amount of $2,891,939.45 against each of LBSF and LBHI, and grant such other, further or different relief as this Court deems just and proper.

Dated: New York, New York
       December 6, 2010

                                       Respectfully submitted,

                                       Kramer Levin Naftalis & Frankel LLP

                                       By:  */s/ Juliana Oliveira*
                                             Juliana Oliveira

                                       1177 Avenue of the Americas
                                       New York, New York 10036
                                       Telephone: (212) 715-9489
                                       Fax: (212) 715-8000

                                       *Counsel to Merrill Lynch Credit Products LLC*

KL2 2676766.4