**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY 10022
(212) 909-6000
Michael E. Wiles
Vanessa De Simone
Email: mewiles@debevoise.com
        vsdesimone@debevoise.com

*Attorneys for Ross Financial Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al* | ) Case No. 08-13555 (JMP) |
| Debtors. | ) Jointly Administered |

**RESPONSE OF ROSS FINANCIAL CORPORATION TO
THE DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION
TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

Ross Financial Corporation ("Ross Financial"), by its undersigned counsel, submits this response (the "Response") to the Debtor's Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims)(the "Objection"). In support of this Response, Ross Financial respectfully states as follows:

**INTRODUCTION**

1. Ross Financial respectfully submits this Response to the Debtor's Objection because the Debtor's Objection seeks to improperly reduce the amount of Ross Financial's claims by undervaluing property belonging to Ross Financial. As described below, certain property was wrongfully converted by Lehman Brothers Special Financing

23326144

Inc. ("LBSF") or by its affiliates. Since LBSF and its affiliates claim that they can no longer return this property, Ross Financial is entitled to its full market value.

## THE UNDERLYING TRANSACTIONS

2. On April 28, 2003, Ross Financial entered into an ISDA Master Agreement, with Schedule and Credit Support Annex thereto, with LBSF (the "Master Agreement"). Lehman Brothers Holdings Inc. ("LBHI") unconditionally guaranteed LBSF's obligations under the Master Agreement pursuant to a written Guarantee of Lehman Brothers Holdings Inc. (the "Guarantee").

3. During the same period, Ross Financial maintained a customer brokerage account number at Lehman Brothers Inc. ("LBI") (the "LBI Account"). This account was held in the name of Ross Financial alone.

4. In September 2006, Ross Financial transferred 2,700,000 shares of CV Therapeutics, Inc (CVTX) to a new account at LBI. These shares were transferred from Ross Financial's customer account number 837-51055 to a new account numbered 939-00251, which was also held in the name of Ross Financial but which listed LBSF as a "pledgee." Pursuant to the agreements between the parties, LBSF was entitled to a security interest in these CV Therapeutics shares, but had no claim to the shares except to the extent that Ross Financial actually owed LBSF monies for the derivative transactions executed pursuant to the Master Agreement.

5. On September 15, 2008, LBHI filed a petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York. The filing of such petition by LBHI constituted an Event of Default with respect to the derivatives transactions with LBSF under the ISDA Agreement. Ross Financial by notice to LBSF dated September 18, 2008, elected to terminate all outstanding transactions with LBSF under the ISDA Agreement. LBSF owes $8,638,795.52 to Ross Financial as a result of the terminated transactions (the "LBSF Payment Obligation").

6. In 2008, Ross Financial asked for the return of the CV Therapeutics shares. In late 2008, counsel for LBSF informed Ross Financial that "Unfortunately, I have been informed that the [CV Therapeutics] shares are no longer in the possession of LBI or LBSF, as they were subject to rehypothecation and were, in fact, liquidated on repo. Consequently, there is no collateral that can be returned to Ross Financial Corporation. It is regrettable, but those are the facts." Neither LBSF nor LBI has offered any basis for its alleged authority to rehypothecate the shares, nor did it explain how such rehypothecation could possibly be appropriate, given that LBSF owed Ross Financial in excess of $8 million.

7. By letter dated January 6, 2009, and at various times thereafter, Ross Financial has requested from the SIPA Liquidation Trustee in LBI's case and others information regarding the circumstances of the alleged rehypothecation, including when,

where, and under what authority the shares were liquidated. Ross Financial has received no response.

8. Shortly after Ross Financial sought the return of the shares, in March 2009, Gilead Sciences, Inc. announced a tender offer for all outstanding shares of CV Therapeutics, at a price of $20 per share. Had Ross Financial been able to participate in this tender offer, it would have received a total purchase price of $54,000,000 for its 2,700,000 shares. Ross Financial owned other CV Therapeutics shares, all of which it tendered in the tender offer, but was unable to tender those 2,700,000 shares because they had been unlawfully converted by LBSF and/or LBHI.

## THE PENDING CLAIMS AND OBJECTIONS

9. On January 23, 2009, Ross Financial filed a claim in LBI's proceedings for the recovery of the CV Therapeutics shares held in Ross Financial's account.

10. On October 22, 2009, Ross Financial filed (i) a proof of claim against LBSF seeking recovery of the LBSF Payment Obligation ($8,638,795.52) and the fair value of the CV Therapeutics shares wrongfully rehypothecated by LBSF or LBI ($54,000,000), for a total of $62,638,795.52; and (ii) a proof of claim against LBHI seeking recovery under the Guarantee in the amount of $62,638,795.52.

11. On September 15, 2010, Ross Financial received notice that LBI believed that Ross Financial was not entitled to a claim with respect to the CV Therapeutics shares. The LBI notice contended that LBSF had filed a claim to recover the same

4

shares, and that Ross Financial's claim allegedly was duplicative of LBSF's claim and should be disallowed. Ross Financial's time to respond to the proposed denial of its LBI claim has been extended by agreement of the parties. In the interim, Ross Financial has requested copies of the LBSF claim (of which Ross Financial's claim is allegedly duplicative), but has been told LBI cannot provide it. Similar requests to LBSF's counsel have to date been unsuccessful.

12.     On November 3, 2010, the Debtors filed the Objection, seeking the reduction of both claims from $62,638,795.52 to $37,762,892.91.[1] Debtors offer no support or basis for this reduction, other than to generally state that the claims identified in the Objection are "greater than the fair, accurate, and reasonable values determined by the Debtors after a review of claimants' supporting documentation." Objection ¶ 2.

## ARGUMENT

A.     **Applicable Legal Standard**

13.     Where a claimant such as Ross Financial has properly executed and filed a proof of claim, the objector to that proof of claim bears the burden of "produc[ing] evidence sufficient to negate the prima facie validity of the filed claim." *Alper Holdings USA*, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008). The burden of proof does not

---

[1] The Objection incorrectly lists the original amount of both claims as $8,638,795.52, the amount of the LBSF Payment Obligation alone.

5

shift back to the claimant until the objector has provided evidence sufficient to defeat the prima facie validity of the claim. *Id.*

B.  **The Debtors Have Failed to Overcome the Prima Facie Validity of the Claim**

14. The Debtors have failed to adduce any evidence that Ross Financial's claims should be reduced from $62,638,795.52 to $37,762,892.91. Although the Debtors have offered no specific justification for their significant reduction of Ross Financial's claims, the reduced amount of $37,762,892.91 appears to represent the amount of the LBSF Payment Obligation, plus the market value of the CV Therapeutics shares on September 30, 2008.

15. Ross Financial believes that it is entitled to a customer property claim against LBI with respect to the CV Therapeutics shares and that LBSF has no right to those shares. Apparently, however, LBSF has improperly claimed ownership of those same shares. The amount of Ross Financial's claim against LBSF cannot be finally determined except in connection with a final resolution of the respective rights of Ross Financial and LBSF to the CV Therapeutics shares.

16. In addition, to the extent that LBSF has somehow appropriated the CV Therapeutics shares, Ross Financial is entitled to a claim against LBSF for the value of those shares.

17.     As described above, the shares in question belonged wholly and exclusively to Ross Financial. Neither LBSF nor LBHI had any ownership interest in them. Further, LBSF had no right to claim the shares as collateral because Ross Financial owed it no monies.

18.     As owner of the CV Therapeutics shares, Ross Financial was entitled to participate in the March/April 2009 tender offer by Gilead Sciences. Had Ross Financial been able to tender its shares, it would have received a total purchase price of $54,000,000. LBSF's and/or LBI's wrongful conversion and rehypothecation of the shares prevented Ross Financial from exercising this right and, as a result, Ross Financial suffered actual damages in the amount of $54,000,000, in addition to the damages incurred in connection with the LBSF Payment Obligation.

19.     LBSF has absolutely no right to participate in the appreciation of the value of the shares, since LBSF had no proper claim against the shares to begin with. Allowing the Debtors to reduce the value of Ross Financial's claims in this manner would compound the wrong done to Ross Financial, and reward LBSF for the unauthorized conversion of Ross Financial's property.

**WHEREFORE**, Ross Financial respectfully requests that this Court deny the Objection to the extent that the Debtors seek to reduce Ross Financial's claims; postpone a final determination as to the amount and character of Ross Financial's claims until such time as LBSF's and Ross Financial's respective rights against LBI have been determined; and grant such other, further relief as this Court may deem just and proper.

Dated: December 6, 2010
New York, New York

Respectfully submitted,

**DEBEVOISE & PLIMPTON LLP**

By: /s/ Michael E. Wiles
    Michael E. Wiles
      mewiles@debevoise.com
    Vanessa De Simone
      vsdesimone@debevoise.com

919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

*Counsel for Ross Financial Corporation*