**HEARING DATE AND TIME: January 20, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: January 6, 2010 at 4:00 p.m. (Eastern Time)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF DEBTORS' SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, BAMBO OBARO, AT 650-802-3083.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                            :     Chapter 11 Case No.
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :     08-13555 (JMP)
                                                 :
                    Debtors.                     :     (Jointly Administered)
---------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'**
**SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS**
**(TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

**PLEASE TAKE NOTICE** that on December 7, 2010, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their seventy-third omnibus objection to

claims (the "Debtors' Seventy-Third Omnibus Objection to Claims"), and that a hearing (the

"Hearing") to consider the Debtors' Seventy-Third Omnibus Objection to Claims will be held

1

before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 20, 2010,** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Seventy-Third Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., and Linda Riffkin, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **January 6, 2010 at 4:00 p.m. (Eastern Time)**

2

(the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Seventy-Third Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Seventy-Third Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: December 7, 2010
      New York, New York

                                     /s/ Shai Y. Waisman
                                     Shai Y. Waisman
                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone: (212) 310-8000
                                     Facsimile: (212) 310-8007

                                     Attorneys for Debtors
                                     and Debtors in Possession

**HEARING DATE AND TIME: January 20, 2010 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: January 6, 2010 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                                    :       Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**        :       08-13555 (JMP)
                                                         :
                                    Debtors.             :       (Jointly Administered)
---------------------------------------------------------------------x

**DEBTORS' SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS**
**(TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, BAMBO OBARO, AT 650-802-3083.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The proofs of claim listed on Exhibit A annexed hereto (collectively, the "Compensation Claims") were filed by current and/or former employees of the Debtors and/or their affiliates on the basis of either restricted stock units ("RSUs") or contingent stock awards ("CSAs" and together the "Equity Awards") issued to them between 2003 and 2008. The Equity Awards were compensation awards which, among other things, provided the employee with the right to shares of LBHI common stock on a future date upon the satisfaction of certain conditions.

2. The ownership of the Equity Awards constitutes an equity interest in a Debtor, but does not constitute a claim against a Debtor's estate as such term is defined in section 101 of title 11 of the United States Code (the "Bankruptcy Code"). Accordingly, the Debtors file this omnibus objection (the "Seventy-Third Omnibus Objection to Claims"), in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [Docket No. 6664], to reclassify the Compensation Claims as equity interests.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

4. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

7. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order (the "Additional Permitted Grounds").

**The Equity Awards Agreements**

8. Copies of the equity award program agreements governing RSUs and CSAs are attached hereto as Exhibits B through G (the "Agreements"). The terms of the Agreements entitled employees to shares of the common equity of LBHI on a future date upon the satisfaction of certain conditions precedent.

3

## The Equity Awards Are Not Claims

9.    The Debtors continue their review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent.  As indicated on Exhibit A, certain of the Compensation Claims were improperly filed as general unsecured claims and others were improperly filed as claims having priority pursuant to section 507(a) of the Bankruptcy Code.  Each of the Compensation Claims must be reclassified as equity interests.

10.    Both the Bankruptcy Rules and the Procedures Order provide grounds to object to the Compensation Claims.  Bankruptcy Rule 3007(d)(7) provides that a debtor may file an objection, and join one or more objections in an omnibus objection, if all of the claims "are based solely on the grounds that the claims should be disallowed, in whole or in part, because … they are interests, rather than claims."  FED. R. BANKR. P. 3007(d).  The Procedures Order additionally permits the Debtors to object, on an omnibus basis, to claims that "were incorrectly classified."  Procedures Order at 2.

11.    Once objected to, a filed proof of claim is no longer "deemed allowed."  11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed … is deemed allowed, unless a party in interest … objects.").  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

**The Compensation Claims Should Be Reclassified as Interests**

    A.    **Compensation Claims Are for Equity Securities.**

12.    Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest. 11 U.S.C. §510(a). The Bankruptcy Code defines a "claim" as a right to payment. *Id.* at §101(5). The Bankruptcy Code definition of an "equity security," alternatively, includes a share in a corporation or similar "security," including "stock," "treasury stock," "other claim or interest commonly known as 'security'," "certificate of interest or participation in," and "warrant or right to subscribe to or purchase or sell, a security." *Id.* §101(16) and 101(49)(A).

13.    Courts have interpreted the definition of equity security to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments. *E.g., In re Enron Corp* 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also Matter of Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to exercise stock option portion of plan were equity security interest for purposes of determining priority).

14.    The Equity Awards provided grantees with a right to acquire common stock in LBHI upon satisfaction of certain conditions precedent, similar to stock options or the right to exercise stock options. As a result, the Equity Awards fall within the definition of "equity securities" under the Bankruptcy Code. Because each of the Compensation Claims is based on the ownership of the Equity Awards, the Debtors hereby object to reclassify the Compensation Claims as equity interests.

> **B.**    **Subordination Provisions Present in Certain of the Agreements Are Enforceable Pursuant to Bankruptcy Code Section 510(a).**

15.    Although the 2003 and 2004 Agreements entitled the grantees a right to cash dividend payments or additional restricted stock units in lieu of cash dividend payments, these Agreements provided that, in the event of a bankruptcy of LBHI, all claims arising from, in connection with, or in any way relating to, any failure of LBHI to deliver shares of common stock shall have the same priority as, and no greater priority than, common stock interests in LBHI.[1]  The Agreements covering years 2005 through 2008 did not entitle employees to any right to payment.

16.    Section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable … to the same extent that such agreement is enforceable under applicable nonbankruptcy law."  11 U.S.C. § 510(a).  Courts have routinely held that the "enforcement of lawful subordination agreements by Bankruptcy Courts does not offend the policy of equal distribution of the bankrupt's estate."  *In re Leasing Consultants, Inc.* 2 B.R. 165, 168 (Bankr. N.Y. 1980), *citing In re Credit Industrial Corp.*, 366 F.2d 402, 407 (2d Cir. 1966).  Under general contract law principles, when a subordination agreement is unambiguous, the parties' rights are governed exclusively by that agreement.  *In re Leasing Consultants, Inc.*, 2 B.R. at 169.

---

[1] These Agreements clearly advised grantees that:

> All of [their] claims arising from, in connection with, or in any way relating to, any failure of [LBHI] to deliver to [them], or to a subsidiary for delivery by such subsidiary to [them], shares of Common Stock on the date when such shares are due to be delivered under this Agreement in satisfaction of each Unit granted to you shall be deemed, in the event of a bankruptcy of [LBHI], to be claims for damages arising from the purchase or sale of Common Stock of [LBHI], within the meaning of section 510(b) of the Bankruptcy Code and shall have in such bankruptcy the same priority as, and no greater priority than, common stock interests in [LBHI].

See Ex. B through C at ¶10.

6

17.     The language in the 2003 and 2004 Agreements referred to above is clear, unambiguous and enforceable. Compensation Claims arising out of those Agreements should therefore have the same priority as common equity interests in LBHI, and the Court should reclassify such claims as interests.[2] Holders of Compensation Claims do not have claims against the Debtors.

C.  **Bankruptcy Code Section 510(b) Mandates that the
    Compensation Claims Have the Same Priority as Common Equity of LBHI.**

18.     Section 510(b) of the Bankruptcy Code provides that for purposes of distribution, a claim for damages arising from the purchase or sale of a security shall have the same priority as the security. 11 U.S.C. § 510(b).

19.     As noted above, the Equity Awards granted to the claimants fall within the Bankruptcy Code definition of "security." In addition, the grant of the Equity Awards constitutes a "purchase or sale" of a security. "Courts interpreting section 510(b) have read the term 'purchase' broadly and have included within its scope grants of stock and stock options as compensation." *In re Wireless Corporation, Inc.* 384 B.R. 713, 718 (Bankr. D. Del. 2008). In *Wireless Corporation*, for example, the Delaware Bankruptcy Court held that the debtor's grant of an equity compensation package, consisting of shares of stock and warrants, constituted a "purchase or sale" of a security. In *In re Touch Am. Holding, Inc.*, the Delaware Bankruptcy Court held that claims based on stock received as matching contribution under an ERISA plan likewise constituted a "purchase or sale" of securities. 381 B.R. 95, 104 (Bankr. D. Del. 2008). In *In re Enron Corp.*, this Court held that claims by employees for damages related to stock

---

[2] The Bankruptcy Code, Bankruptcy Rules and case law make clear that the Debtors do not need to commence an adversary proceeding either to enforce a subordination agreement pursuant to Bankruptcy Code section 510(a) or to seek to subordinate a Compensation Claim pursuant to Bankruptcy Code section 510(b). FED. R. BANKR. P 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

7

options received as part of compensation packages constituted claims for damages involving the sale or purchase of securities). Here, the Equity Awards were issued to the claimants as part of their compensation. Therefore, the issuance of these award packages constitutes the "purchase or sale" of a security.

20.     Courts have generally applied section 510(b) liberally, to a wide variety of claims. Indeed, this Court has recognized that "the broad applica[tion] of section 510(b) is now quite settled". *In re Enron Corp.*, 341 B.R. at 162-63. Courts have construed the language in section 510(b) as being broad enough to include fraud, violations of securities laws, breach of contract, and related causes of action against debtors. *See e.g. id.* at 141 (subordinating breach of contract, fraudulent inducement, and fraudulent retention claims); *In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006) (holding that claim based on debtor's failure to issue its common stock to employee in exchange for his stock in another company, allegedly in violation of the parties' termination agreement, was a claim arising from the purchase or sale of the debtor's stock.). Therefore, to the extent that the Compensation Claims allege such causes of action based on the grant of the Equity Awards, the Compensation Claims should be subordinated pursuant to Bankruptcy Code section 510(b).

### Reservation of Rights

21.     The Debtors reserve all their rights to object on any other basis to any Compensation Claim or any portion of any Compensation Claim for which the Court does not grant the relief requested herein.

### Notice

22.     No trustee has been appointed in these chapter 11 cases. Notice of this Seventy-Third Omnibus Objection to Claims has been provided to: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the

8

Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order.  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

23. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: December 7, 2010
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

9

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                                            :    Chapter 11 Case No.
                                                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                                     :
                                            Debtors.                       :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'**
**SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS**
**(TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the Seventy-Third omnibus objection to claims, dated December 7, 2010 (the "Seventy-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to reclassify Compensation Claims as common equity interests in the LBHI, all as more fully described in the Seventy-Third Omnibus Objection to Claims; and due and proper notice of the Seventy-Third Omnibus Objection to Claims having been provided to: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Seventy-Third Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Seventy-Third Omnibus Objection to Claims.

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Seventy-Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

        ORDERED that the relief requested in the Seventy-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

        ORDERED that the claims listed on <u>Exhibit A</u> annexed hereto under the heading "*Claims to be Reclassified*" have the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

        ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

        ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2010
       New York, New York

                                                            UNITED STATES BANKRUPTCY JUDGE