WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511

Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                                      :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                               :
                                        **Debtors.**           :        **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**NOTICE OF FILING OF REVISED ORDER PURSUANT TO SECTION 363
OF THE BANKRUPTCY CODE AND RULE 9019(a) OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE AUTHORIZING LBHI AND LCPI TO
ENTER INTO SETTLEMENT RELATED TO HERITAGE FIELDS PROPERTY
AND TO CONSUMMATE TRANSACTIONS IN CONNECTION THEREWITH**

In connection with the hearing to be held on December 15, 2010 at 10:00 a.m.

with respect to *Motion of Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc.*

*pursuant to  Section 363 of the Bankruptcy Code and Rule 9019(a) of the Federal Rules of*

*Bankruptcy Procedure for Authority to Enter into Settlement Agreement with Respect to Heritage*

*Fields Property and to Consummate Transactions in Connection Therewith* [Docket No. 12997]

(the "Heritage Motion"),[1] Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc.,

as debtors and debtors in possession in the above-referenced chapter 11 cases, hereby file (i) a

---
[1] Any capitalized term used, but not defined herein shall have the meaning ascribed to such term in the Heritage Motion.

revised form or order approving the Heritage Motion (the "Revised Heritage Order") and (ii) a draft of the Waiver and Release Agreement, which is an exhibit to the Settlement Agreement.

The order was revised to waive 14-day stay set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure so that the Revised Heritage Order shall be effective immediately if entered by the Court.  The Debtors seek a waiver of Rule 6004(h) because there are certain expenses associated with the Heritage Fields Project that will have to be funded by Heritage Fields El Toro LLC, the owner of the Heritage Fields Project, if the Settlement Agreement is approved by the Court.

Attached hereto as Exhibit A is a clean copy of the proposed Revised Heritage Order and attached hereto as Exhibit B is a blacklined copy of the proposed Revised Heritage Order, marked against the version filed with the Heritage Motion.  Attached hereto as Exhibit C is a draft of the Waiver and Release Agreement.

Dated:  December 7, 2010
          New York, New York


 /s/  Alfredo R. Pérez
Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
                                                      :
In re                                                 :        **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*          :        **08-13555 (JMP)**
                                                      :
                          **Debtors.**                :        **(Jointly Administered)**
                                                      :
----------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AUTHORIZING LBHI AND LCPI TO ENTER INTO SETTLEMENT
RELATED TO HERITAGE FIELDS PROPERTY AND
TO CONSUMMATE TRANSACTIONS IN CONNECTION THEREWITH**

Upon the motion, dated [DATE], 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), as debtors in possession

(together with their affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"),

for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

authorizing LBHI and LCPI to enter into the Settlement Agreement related to the Heritage Fields

Project and to consummate transactions in connection therewith, all as more fully described in

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---
[1] Capitalized terms used, but not defined herein shall have the meaning ascribed to such term in the Motion.

the Motion having been provided in accordance with the procedures set forth in the amended

order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837]; and the Court having found and determined that the relief sought in the

Motion is in the best interests of LBHI and LCPI, their respective estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion and the relief requested

therein that have not been withdrawn, waived, or settled, and all reservations of rights included

therein, are denied and overruled on the merits with prejudice; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019 LBHI and LCPI is authorized

and empowered to enter into the Settlement Agreement, and are authorized, but not directed, to

execute, deliver, implement, and perform any and all obligations, instruments, documents and

papers, and to take all corporate and other actions that may be necessary or appropriate to

consummate all of the transactions contemplated by the Settlement Agreement without the

necessity or requirement of further court proceedings or approval; and it is further

ORDERED that, pursuant to Bankruptcy Code section 363, LBHI and LCPI are

authorized to receive a discounted payoff for and to transfer their interests in the Heritage Fields

Project, as contemplated by the Settlement Agreement; and it is further

ORDERED that, pursuant to Bankruptcy Code section 363(f), the LBHI

Corporate Loan Assignment and the Lehman Assignment (with respect to any portion being

transferred by a Debtor) shall be a transfer to State Street free and clear of all liens, claims,

encumbrances and interests of any kind or nature whatsoever, with all such liens, claims,

encumbrances and interests attaching to the proceeds ultimately attributable to the property

against or in which such liens, claims, encumbrances and interests are asserted, subject to the

terms of such liens, claims, encumbrances and interests, with the same validity, force and effect,

and in the same order of priority, which such liens, claims, encumbrances and interests now have

against such property or its proceeds, subject to any rights, claims and defenses the Debtors or

their estates, as applicable, may possess with respect thereto; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that, except as expressly provided herein, in the Motion or in the

Settlement Agreement, nothing contained herein shall be deemed to be a waiver or the

relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI or LCPI

or that the Debtors may have or choose to assert on behalf of their respective estates under any

provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each

other or third parties, and the Debtors are herby authorized and directed to execute such further

documents to evidence these reservations; and it is further

ORDERED that the Settlement Agreement and any related agreements,

documents or other instruments may be modified, amended or supplemented by the parties

thereto, in a writing signed by such parties, and in accordance with the terms thereof, without

further order of the Court, provided that any such modification, amendment or supplement does

not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2010
        New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
                                                      :
In re                                                 :        **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*          :        **08-13555 (JMP)**
                                                      :
                            **Debtors.**              :        **(Jointly Administered)**
                                                      :
--------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING LBHI AND LCPI TO ENTER INTO SETTLEMENT RELATED TO HERITAGE FIELDS PROPERTY AND TO CONSUMMATE TRANSACTIONS IN CONNECTION THEREWITH

Upon the motion, dated [DATE], 2010 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), as debtors in possession

(together with their affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"),

for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

authorizing LBHI and LCPI to enter into the Settlement Agreement related to the Heritage Fields

Project and to consummate transactions in connection therewith, all as more fully described in

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] Capitalized terms used, but not defined herein shall have the meaning ascribed to such term in the Motion.

the Motion having been provided in accordance with the procedures set forth in the amended

order entered February 13, 2009 governing case management and administrative procedures

[Docket No. 2837]; and the Court having found and determined that the relief sought in the

Motion is in the best interests of LBHI and LCPI, their respective estates and creditors, and all

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion and the relief requested

therein that have not been withdrawn, waived, or settled, and all reservations of rights included

therein, are denied and overruled on the merits with prejudice; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019 LBHI and LCPI is authorized

and empowered to enter into the Settlement Agreement, and are authorized, but not directed, to

execute, deliver, implement, and perform any and all obligations, instruments, documents and

papers, and to take all corporate and other actions that may be necessary or appropriate to

consummate all of the transactions contemplated by the Settlement Agreement without the

necessity or requirement of further court proceedings or approval; and it is further

ORDERED that, pursuant to Bankruptcy Code section 363, LBHI and LCPI are

authorized to receive a discounted payoff for and to transfer their interests in the Heritage Fields

Project, as contemplated by the Settlement Agreement; and it is further

ORDERED that, pursuant to Bankruptcy Code section 363(f), the LBHI

Corporate Loan Assignment and the Lehman Assignment (with respect to any portion being

transferred by a Debtor) shall be a transfer to State Street free and clear of all liens, claims,

encumbrances and interests of any kind or nature whatsoever, with all such liens, claims,

encumbrances and interests attaching to the proceeds ultimately attributable to the property

against or in which such liens, claims, encumbrances and interests are asserted, subject to the

terms of such liens, claims, encumbrances and interests, with the same validity, force and effect,

and in the same order of priority, which such liens, claims, encumbrances and interests now have

against such property or its proceeds, subject to any rights, claims and defenses the Debtors or

their estates, as applicable, may possess with respect thereto; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed

good and sufficient notice of such Motion; and it is further

ORDERED that, except as expressly provided herein, in the Motion or in the

Settlement Agreement, nothing contained herein shall be deemed to be a waiver or the

relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI or LCPI

or that the Debtors may have or choose to assert on behalf of their respective estates under any

provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each

other or third parties, and the Debtors are herby authorized and directed to execute such further

documents to evidence these reservations; and it is further

ORDERED that the Settlement Agreement and any related agreements,

documents or other instruments may be modified, amended or supplemented by the parties

thereto, in a writing signed by such parties, and in accordance with the terms thereof, without

further order of the Court, provided that any such modification, amendment or supplement does

not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2010
      New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT C**

**DRAFT 12/5/10**

## <u>WAIVER AND RELEASE AGREEMENT</u>

### (Lehman Parties/PCCP Parties/SS Parties/Borrower Parties)

THIS WAIVER AND RELEASE AGREEMENT (this "**Agreement**") is entered into as of this _____ day of _____, 2010, by and among LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation and a debtor and debtor in possession ("**LBHI**"), REPE LBREM LLC, a Delaware limited liability company ("**REPE**"), LEHMAN ALI, INC., a Delaware corporation ("**ALI**"), LEHMAN COMMERCIAL PAPER INC., a New York corporation and a debtor and debtor in possession ("**LCPI**"; and together with LBHI, REPE and ALI, the "**Lehman Parties**", or individually a "**Lehman Party**"), EL TORO LLC, a Delaware limited liability company ("**Mortgage Lender**"), LBREM REIT HOLDINGS LLC. a Delaware limited liability company ("**LBREM**"); PCCP, LLC, a [**Delaware**] limited liability company ("**PCCP**"; and together with Mortgage Lender and LBREM, the "**PCCP Parties**", or individually a "**PCCP Party**"), STATE STREET BANK AND TRUST COMPANY, a Commonwealth of Massachusetts state chartered trust company ("**SSBT**"), [STATE STREET SSBT SPE ASSIGNEE], a [**Delaware**] [**limited liability company**] ("**SSBT SPE**"; and together with SSBT, the "**SS Parties**", or individually an "**SS Party**"), HERITAGE FIELDS EL TORO, LLC, a Delaware limited liability company ("**Mortgage Borrower**"), LENNAR CORPORATION, a Delaware corporation ("**Lennar Guarantor**"), and LNR HERITAGE FIELDS, LLC, a California limited liability company ("**LNR Guarantor**"; and together with the Lennar Guarantor and Mortgage Borrower, the "**Borrower Parties**", or individually a "**Borrower Party**"). The Lehman Parties, SS Parties, Borrower Parties and PCCP Parties are sometimes collectively referred to as the "**Parties**" and individually as a "**Party**". The Lehman Parties, SS Parties, and PCCP Parties are sometimes collectively referred to as the "**Lender Parties**" and individually as a "**Lender Party**."

## RECITALS

A.    Mortgage Lender made a mortgage loan (the "**Original Mortgage Loan**") in the maximum principal amount of $775,000,000 to the Mortgage Borrower with respect to the project commonly referred to as Heritage Fields pursuant to that certain Second Amended and Restated Loan Agreement dated as of June 26, 2007, by and between Mortgage Lender and Mortgage Borrower.

B.    On the date hereof, the Lehman Parties, PCCP Parties and SS Parties and various other parties have executed and delivered that certain Settlement Agreement (the "**Settlement Agreement**") with respect to a settlement (the "**Settlement**") of all matters relating to the Disputes (as defined in the Settlement Agreement), the Original Mortgage Loan, the Original Participation Interest (as defined in the Settlement Agreement), the Corporate Loan (as defined in the Settlement Agreement), and all direct or indirect rights, title and interests therein. Initially capitalized terms used but not defined herein shall have the meanings ascribed thereto in the Settlement Agreement.

C.    In addition, SSBT SPE and the Borrower Parties are amending the Original Mortgage Loan (as amended, the "**Amended Mortgage Loan**") and, in connection therewith,

entering into those certain amended mortgage loan documents (the "**Amended Mortgage Loan Documents**").

D.      In addition, the parties hereto and various other parties are executing and delivering various other documents, assignments, waivers and releases (along with the Settlement Agreement, and including this Agreement, the "**Settlement Documents**") to implement and effectuate the Settlement and to avoid any uncertainty as to the scope of the releases and waivers contemplated by the Parties in entering into the Settlement Agreement.

E.      The parties hereto are entering into this Agreement to implement and effectuate certain matters relating to the Settlement.

NOW, THEREFORE, for and in consideration of the above Recitals, which are incorporated into and made a part of this Agreement, and for other valuable consideration, the receipt of which is hereby acknowledged, the parties hereto hereby agree as follows:

1.      <u>Lehman Party Release and Waiver</u>.  Subject to <u>Section 7</u> below, each Lehman Party (collectively hereinafter referred to as the "**Lehman Releasors**" and each a "**Lehman Releasor**"), in consideration of the matters set forth in this Agreement and in the Settlement Documents and for other good and valuable consideration, to them in hand paid, the receipt and sufficiency of which is hereby acknowledged, hereby unconditionally and irrevocably, fully, finally and completely releases, waives and forever discharges the Borrower Parties, the PCCP Parties and the SS Parties, and all of their respective servicers, agents, sub-agents, stockholders, members, partners, principals, direct and indirect equity holders (and their affiliates), managers, employees, officers, directors, representatives, insurers, attorneys, advisors, affiliates, successors, assigns, trustees and legal representatives, in their respective capacities as such (collectively referred to as the "**Borrower/PCCP/SS Releasees**" and each a "**Borrower/PCCP/SS Releasee**"), of and from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and/or demands, of any kind, type, character or nature whatsoever, known or unknown, fixed or contingent, liquidated or unliquidated, accrued or unaccrued, disclosed or undisclosed, in law, by statute and/or in equity, in contract or in tort, under state or federal jurisdiction, and whether or not the economic effects of such alleged matters arise or are discovered in the future (collectively, "**Claims**"), against any of the Borrower/PCCP/SS Releasees which any of the Lehman Releasors ever had, now have and/or hereafter can, shall and/or may have or claim to have which in any way relate, in whole or in part, directly or indirectly, to the Disputes, the Original Mortgage Loan, the Loan Documents (as such term is defined in the Original Mortgage Loan Agreement), the Property, the Original Participation Interest, the Corporate Loan, any prior negotiations among the Parties (or any of them) with respect to the Heritage Fields Transaction, any prior agreement, oral or written, among the Parties (or any of them) with respect to the Heritage Fields Transaction, or any direct or indirect rights, title or interests therein or obligations thereunder, or the conduct of any of the Borrower/PCCP/SS Releasees in connection with any of the foregoing or any matters related thereto.  In addition, each Lehman Releasor agrees not to commence, join in, assist, prosecute or participate in any suit or other proceeding against any Borrower/PCCP/SS Releasee relating directly or indirectly to any of the foregoing matters or otherwise contrary to the provisions set forth above, and each Lehman Releasor agrees

2

not to exercise any right of recoupment or setoff that it may have against any Borrower/PCCP/SS Releasees with respect to the foregoing matters. Each Borrower/PCCP/SS Releasee shall be a third party beneficiary of the release and waiver provided to every other Borrower/PCCP/SS Releasee pursuant to this <u>Section 1</u>. This <u>Section 1</u> shall not waive or release and is without prejudice to any rights of any Lehman Party under any of the other Settlement Documents, including, without limitation, with respect to any assignments, representations, warranties or indemnities in favor of any Lehman Party contained in any of the other Settlement Documents, provided that no rights of any Lehman Party under the Settlement Documents solely as against one or more Lender Parties, and no rights of any Lender Party under <u>Section 7</u> of this Agreement, shall limit, impair or otherwise effect the release by the Lehman Releasors of the Borrower Releasees under this <u>Section 1</u>. As used herein, "Borrower Releasees" means Borrower Parties and all of their respective servicers, agents, sub-agents, stockholders, members, partners, principals, managers, employees, officers, directors, representatives, insurers, attorneys, advisors, affiliates, successors, assigns, trustees and legal representatives, in their respective capacities as such.

2.   <u>PCCP Party Release and Waiver</u>. Subject to <u>Section 7</u> below, each PCCP Party (collectively hereinafter referred to as the "**PCCP Releasors**" and each a "**PCCP Releasor**"), in consideration of the matters set forth in this Agreement and in the Settlement Documents and for other good and valuable consideration, to them in hand paid, the receipt and sufficiency of which is hereby acknowledged, hereby unconditionally and irrevocably, fully, finally and completely releases, waives and forever discharges the Borrower Parties, the Lehman Parties and the SS Parties, and all of their respective servicers, agents, sub-agents, stockholders, members, partners, principals, direct and indirect equity holders (and their affiliates), managers, employees, officers, directors, representatives, insurers, attorneys, advisors, affiliates, successors, assigns, trustees and legal representatives in their respective capacities as such (collectively referred to as the "**Borrower/Lehman/SS Releasees**" and each a "**Borrower/Lehman/SS Releasee**"), of and from any and all Claims, against any of the Borrower/Lehman/SS Releasees which any of the PCCP Releasors ever had, now have and/or hereafter can, shall and/or may have or claim to have which in any way relate, in whole or in part, directly or indirectly, to the Disputes, the Original Mortgage Loan, the Loan Documents (as such term is defined in the Original Mortgage Loan Agreement), the Property, the Original Participation Interest, the Corporate Loan, any prior negotiations among the Parties (or any of them) with respect to the Heritage Fields Transaction, any prior agreement, oral or written, among the Parties (or any of them) with respect to the Heritage Fields Transaction, or any direct or indirect rights, title or interests therein or obligations thereunder, or the conduct of any of the Borrower/Lehman/SS Releasees in connection with any of the foregoing or any matters related thereto. In addition, each PCCP Releasor agrees not to commence, join in, assist, prosecute or participate in any suit or other proceeding against any Borrower/Lehman/SS Releasee relating directly or indirectly to any of the foregoing matters or otherwise contrary to the provisions set forth above, and each PCCP Releasor agrees not to exercise any right of recoupment or setoff that it may have against any Borrower/Lehman/SS Releasees with respect to the foregoing matters. Each Borrower/Lehman/SS Releasee shall be a third party beneficiary of the release and waiver provided to every other Borrower/Lehman/SS Releasee pursuant to this <u>Section 2</u>. This <u>Section 2</u> shall not waive or release and is without prejudice to any rights of any PCCP Party under any of the other Settlement Documents, including, without limitation, with respect to any

assignments, representations, warranties or indemnities in favor of any PCCP Party contained in any of the other Settlement Documents, provided that no rights of any PCCP Party under the Settlement Documents solely as against one or more Lender Parties, and no rights of any Lender Party under Section 7 of this Agreement, shall limit, impair or otherwise effect the release by the PCCP Releasors of the Borrower Releasees under this Section 2.

3.        SS Party Release and Waiver.    Subject to Section 7 below, each SS Party (collectively hereinafter referred to as the "**SS Releasors**" and each a "**SS Releasor**"), in consideration of the matters set forth in this Agreement and in the Settlement Documents and for other good and valuable consideration, to them in hand paid, the receipt and sufficiency of which is hereby acknowledged, hereby unconditionally and irrevocably, fully, finally and completely releases, waives and forever discharges the Borrower Parties, the Lehman Parties and the PCCP Parties, and all of their respective servicers, agents, sub-agents, stockholders, members, partners, principals, direct and indirect equity holders (and their affiliates), managers, employees, officers, directors, representatives, insurers, attorneys, advisors, affiliates, successors, assigns, trustees and legal representatives in their respective capacities as such (collectively referred to as the "**Borrower/Lehman/PCCP Releasees**" and each a "**Borrower/Lehman/PCCP Releasee**"), of and from any and all Claims, against any of the Borrower/Lehman/PCCP Releasees which any of the SS Releasors ever had, now have and/or hereafter can, shall and/or may have or claim to have which in any way relate, in whole or in part, directly or indirectly, to the Disputes, the Original Mortgage Loan, the Loan Documents (as such term is defined in the Original Mortgage Loan Agreement), the Property, the Original Participation Interest, the Corporate Loan, any prior negotiations among the Parties (or any of them) with respect to the Heritage Fields Transaction, any prior agreement, oral or written, among the Parties (or any of them) with respect to the Heritage Fields Transaction, or any direct or indirect rights, title or interests therein or obligations thereunder, or the conduct of any of the Borrower/Lehman/PCCP Releasees in connection with any of the foregoing or any matters related thereto.    In addition, each SS Releasor agrees not to commence, join in, assist, prosecute or participate in any suit or other proceeding against any Borrower/Lehman/PCCP Releasee relating directly or indirectly to any of the foregoing matters or otherwise contrary to the provisions set forth above, and each SS Releasor agrees not to exercise any right of recoupment or setoff that it may have against any Borrower/Lehman/PCCP Releasees with respect to the foregoing matters.        Each Borrower/Lehman/PCCP Releasee shall be a third party beneficiary of the release and waiver provided to every other Borrower/Lehman/PCCP Releasee pursuant to this Section 3.    This Section 3 shall not waive or release and is without prejudice to any rights of any SS Party under any of the other Settlement Documents, including, without limitation, with respect to any assignments, representations, warranties or indemnities in favor of any SS Party contained in any of the other Settlement Documents, provided that no rights of any SST Party under the Settlement Documents solely as against one or more Lender Parties, and no rights of any Lender Party under Section 7 of this Agreement, shall limit, impair or otherwise effect the release by the SST Releasors of the Borrower Releasees under this Section 3.    Notwithstanding anything to the contrary in this Section 3, SSBT SPE is in no way waiving, releasing or otherwise discharging any of the Borrower Parties of and from any Claims with respect to, related to, or that otherwise may arise out of the Amended Mortgage Loan or the Amended Mortgage Loan Documents.

4.      Borrower Party Release and Waiver.  Subject to Section 7 below, each Borrower Party (collectively hereinafter referred to as the "**Borrower Releasors**" and each a "**Borrower Releasor**"), in consideration of the matters set forth in this Agreement and in the Settlement Documents and for other good and valuable consideration, to them in hand paid, the receipt and sufficiency of which is hereby acknowledged, hereby unconditionally and irrevocably, fully, finally and completely releases, waives and forever discharges the SS Parties, the Lehman Parties and the PCCP Parties, and all of their respective servicers, agents, sub-agents, stockholders, members, partners, principals, direct and indirect equity holders (and their affiliates), managers, employees, officers, directors, representatives, insurers, attorneys, advisors, affiliates, successors, assigns, trustees and legal representatives in their respective capacities as such (collectively referred to as the "**SS/Lehman/PCCP Releasees**" and each a "**SS/Lehman/PCCP Releasee**"), of and from any and all Claims, against any of the SS/Lehman/PCCP Releasees which any of the Borrower Releasors ever had, now have and/or hereafter can, shall and/or may have or claim to have which in any way relate, in whole or in part, directly or indirectly, to the Disputes, the Original Mortgage Loan, the Loan Documents (as such term is defined in the Original Mortgage Loan Agreement), the Property, the Original Participation Interest, the Corporate Loan, any prior negotiations among the Parties (or any of them) with respect to the Heritage Fields Transaction, any prior agreement, oral or written, among the Parties (or any of them) with respect to the Heritage Fields Transaction,  or any direct or indirect rights, title or interests therein or obligations thereunder, or the conduct of any of the SS/Lehman/PCCP Releasees in connection with any of the foregoing or any matters related thereto.  In addition, each Borrower Releasor agrees not to commence, join in, assist, prosecute or participate in any suit or other proceeding against any SS/Lehman/PCCP Releasee relating directly or indirectly to any of the foregoing matters or otherwise contrary to the provisions set forth above, and each Borrower Releasor agrees not to exercise any right of recoupment or setoff that it may have against any SS/Lehman/PCCP Releasees with respect to the foregoing matters.  Each SS/Lehman/PCCP Releasee shall be a third party beneficiary of the release and waiver provided to every other SS/Lehman/PCCP Releasee pursuant to of this Section 4.  This Section 4 shall not waive or release and is without prejudice to any rights of any Borrower Party under any of the other Settlement Documents, including, without limitation, with respect to any assignments, representations, warranties or indemnities in favor of any Borrower Party contained in any of the other Settlement Documents.  Notwithstanding anything to the contrary in this Section 4, the Borrower Parties are in no way waiving, releasing or otherwise discharging SSBT SPE of and from any Claims with respect to, related to, or that otherwise may arise out of the Amended Mortgage Loan or the Amended Mortgage Loan Documents.

5.      Additional Waivers.  A Releasor's (as defined below) Released Claim (as defined below) shall include any claims under or arising out of the California Unfair Business Practices Act (Calif. Business and Professions Code Section 17200 et. seq.).

In connection with the Released Claims, each Releasor specifically waives the provision of California Civil Code Section 1542 (to the extent applicable) which provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Each Releasor stipulates that neither this Agreement nor any remedy or other action taken pursuant to this Agreement, shall constitute an "action", violate the "security-first rule", or otherwise give rise to any application of California one-action or anti-deficiency laws which apply to notes secured by real property, and each Releasor waives its rights under Sections 580a, 580b, 580c, 580d, 725a, 726, 728, 729.010, 729.060 and 729.070 of the California Code of Civil Procedure in connection with this Agreement.

6.    Ownership of Released Claims.

a.    Certain Definitions.  As used in this Section 6, each Lehman Releasor, PCCP Releasor, SS Releasor, and Borrower Releasor, in such capacity, shall be referred to as a "**Releasor**"; and each Borrower/PCCP/SS Releasee, Borrower/Lehman/SS Releasee, Borrower/Lehman/PCCP Releasee, and SS/Lehman/PCCP Releasee, in such capacity, shall be referred to as a "**Releasee**."  Any matter waived and released by a Releasor under this Agreement shall be referred to as a "**Released Claim**" of such Releasor.

b.    Representations, Warranties and Indemnification Regarding Ownership of Released Claims.  Each Releasor represents and warrants to each Releasee that it is presently the legal and beneficial owner and holder of any and all Released Claims, and that as of the date of this Agreement, it has not sold, granted, transferred, assigned or encumbered the Released Claims or any part thereof or interest therein.  Each Releasor hereby agrees to indemnify and hold harmless each Releasee against any and all claims, demands, causes of action, obligations, damages, liabilities, costs and expenses (including, without limitation, court costs and reasonable attorneys' fees) of any nature, character, type or description whatsoever, whether or not litigation is commenced, which may be based upon or which may arise out of or in connection with any failure or inaccuracy of the representations and warranties of such Releasor described above in this subparagraph (b).

7.    Settlement Agreement Obligations; MRA Damages Claim.  Notwithstanding anything to the contrary set forth in this Agreement, (A) nothing in this Agreement releases any Party from any of its obligations under any of the Settlement Documents or releases Borrower Parties or SSBT SPE from any of their respective obligations under any of the Amended Mortgage Loan Documents, and (B) no SS Party is waiving or releasing (by this Agreement or otherwise), and this Agreement does not effectuate a waiver or release of, or otherwise affect the MRA Damages Claim, and nothing herein shall in any way affect any Lender Party's rights, claims or defenses with respect to the MRA Damages Claim.  For avoidance of doubt it is agreed that none of the Borrower Releasees have any obligations, liabilities or rights of any kind with respect to the MRA Damages Claim.

8.    Miscellaneous.

a.    Counterparts.  This Agreement may be executed in any number of counterparts, which together shall constitute one instrument.  Delivery of an executed counterpart of a signature page of this Assignment by telecopy or electronic transmittal shall be effective as delivery of a manually executed counterpart of this Assignment.

b.    <u>Entire Agreement; Modifications</u>. This Agreement constitutes the entire agreement among the Parties with respect to waiver and release of the Released Claims.  It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by authorized representatives of each of the parties hereto.

c.    <u>Governing Law</u>.  This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to the principles of conflicts of law that would require the application of the laws of a jurisdiction other than New York.

d.    <u>Captions</u>.  The captions and headings appearing in this Agreement are inserted only as a matter of convenience and do not define, limit, construe, or describe the scope or intent of such paragraphs or sections of this Agreement nor in any way affect this Agreement. Except as specifically indicated otherwise, the word "herein" as used in this Agreement refers to this Agreement in its entirety and not solely to any particular section or subsection or part hereof.

e.    <u>Waiver of Jury Trial</u>.    EACH PARTY HERETO HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY AND ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, SUIT OR COUNTERCLAIM ARISING IN CONNECTION WITH, OUT OF, OR OTHERWISE RELATING TO (WHETHER IN CONTRACT OR IN TORT) THIS AGREEMENT, THE SETTLEMENT DOCUMENTS OR ANY OTHER DOCUMENT OR INSTRUMENT NOW OR HEREAFTER EXECUTED AND DELIVERED IN CONNECTION HEREWITH OR THEREWITH.

SUBJECT TO THE FOLLOWING PARAGRAPH OF THIS SECTION 8(E), EACH PARTY HERETO HEREBY IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK, NEW YORK COUNTY (MANHATTAN) OR THE FEDERAL DISTRICT COURT OF THE UNITED STATES OF AMERICA SOUTHERN DISTRICT OF NEW YORK (EACH, A "NEW YORK COURT") SITTING THEREIN OVER ANY ACTION, SUIT OR PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR ANY OF THE OTHER SETTLEMENT DOCUMENTS, AND SUCH PARTY HEREBY IRREVOCABLY AGREES THAT ALL CLAIMS RELATING TO SUCH SUITS, ACTIONS OR PROCEEDINGS MAY BE BROUGHT, HEARD AND DETERMINED IN SUCH NEW YORK COURT.  EACH PARTY HERETO (I) WAIVES (A) ANY OBJECTION THAT IT MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY SUCH NEW YORK COURT AND (B) ANY RIGHT TO ASSERT THAT SUCH SUIT, ACTION OR PROCEEDING WAS BROUGHT IN AN INCONVENIENT FORUM AND (II) AGREES NOT TO PLEAD OR CLAIM THE SAME.  EACH PARTY HERETO AGREES THAT ANY FINAL JUDGMENT IN ANY SUCH SUIT, ACTION OR PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW.

NOTWITHSTANDING THE FOREGOING, WITH RESPECT TO ANY ACTION, SUIT OR PROCEEDING AGAINST ANY LEHMAN PARTY ARISING OUT OF OR RELATED TO THIS AGREEMENT OR ANY OF THE OTHER SETTLEMENT DOCUMENTS, EACH PARTY HERETO HEREBY IRREVOCABLY SUBMITS TO THE

EXCLUSIVE JURISDICTION OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK (THE "BANKRUPTCY COURT"), AND SUCH PARTY HEREBY IRREVOCABLY AGREES THAT ALL CLAIMS RELATING TO SUCH SUITS, ACTIONS OR PROCEEDINGS SHALL BE BROUGHT, HEARD AND DETERMINED IN SUCH COURT.  NOTWITHSTANDING THE FOREGOING, EACH PARTY FURTHER AGREES AND CONFIRMS THAT, IF THE BANKRUPTCY COURT ABSTAINS FROM EXERCISING JURISDICTION WITH RESPECT TO ANY SUCH SUIT, ACTION OR PROCEEDING, ANY NEW YORK COURT SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR ANY OF THE OTHER SETTLEMENT DOCUMENTS, AND SUCH PARTY HEREBY IRREVOCABLY AGREES THAT ALL CLAIMS RELATING TO SUCH SUITS, ACTIONS OR PROCEEDINGS MAY BE BROUGHT, HEARD AND DETERMINED IN ANY SUCH NEW YORK COURT.  EACH PARTY HERETO (I) WAIVES (A) ANY OBJECTION THAT IT MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUIT, ACTION OR PROCEEDING IN THE BANKRUPTCY COURT, OR TO THE EXTENT THE BANKRUPTCY COURT ABSTAINS FROM EXERCISING JURISDICTION, ANY NEW YORK COURT, AND (B) ANY RIGHT TO ASSERT THAT SUCH SUIT, ACTION OR PROCEEDING WAS BROUGHT IN AN INCONVENIENT FORUM AND (II) AGREES NOT TO PLEAD OR CLAIM THE SAME. EACH PARTY HERETO AGREES THAT ANY FINAL JUDGMENT IN ANY SUCH SUIT, ACTION OR PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW.

f.    <u>Binding Nature</u>.  This Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of each of the parties hereto.

g.    <u>No Third Party Rights</u>.  No person not a signatory hereto shall have or be entitled to any rights, privileges or benefits from this Agreement or shall have any claim of benefit against either party as a result of the execution and delivery of this Agreement, except as may otherwise be specifically set forth in <u>Sections 1, 2 and 3</u>.

h.    <u>Attorney's Fees</u>.  In the event of any legal action to enforce or interpret this Agreement, the prevailing party in such action shall be entitled to reimbursement from the non-prevailing party in such action of all the prevailing party's costs and expenses incurred in connection with such action, including court costs and reasonable attorneys' fees.

i.    <u>Certain References</u>.  For purposes of this Agreement, none of the PCCP Parties and/or PCCP Mezzanine shall be deemed to be an affiliate of any of the Lehman Parties, and none of the Lehman Parties shall be deemed to be an affiliate of any of the PCCP Parties and/or PCCP Mezzanine.

[Remainder of page intentionally blank.  Signatures contained on following pages.]

**DRAFT 12/5/10**

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

**LBHI:**

**LEHMAN BROTHERS HOLDINGS INC.**, a Delaware corporation, as debtor and debtor in possession in its Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: _____
Title: _____

**REPE:**

**REPE LBREM LLC**, a Delaware limited liability company

By: _____
Name: _____
Title: _____

**ALI:**

**LEHMAN ALI, INC.**, a Delaware corporation

By: _____
Name: _____
Title: _____

**LCPI:**

**LEHMAN COMMERCIAL PAPER INC.**, a New York corporation, as debtor and debtor in possession in its Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: _____
Title: _____

[Signatures continued on following page.]

**DRAFT 12/5/10**

**MORTGAGE LENDER:**

**EL TORO LLC**, a Delaware limited liability company

By: _____
Name: _____
Title: _____

**LBREM:**

**LBREM REIT HOLDINGS LLC**, a Delaware limited liability company

By: _____
Name: _____
Title: _____

**PCCP:**

**PCCP, LLC**, a [Delaware] limited liability company

By: _____
Name: _____
Title: _____

**SSBT:**

**STATE STREET BANK AND TRUST COMPANY**, a Delaware limited liability company

By: _____
Name: _____
Title: _____

**SSBT SPE:**

**[SSBT SPE]**, a [Delaware] [limited liability company]

By: _____
Name: _____
Title: _____

[Signatures continued on following page.]

**DRAFT 12/5/10**

**HERITAGE FIELDS EL TORO, LLC**, a Delaware
limited liability company

By:    Heritage Fields LLC, a Delaware limited liability
company, its sole member

        By:    Lennar-LNR Heritage Fields, LLC, a
Delaware limited liability company, its
Administrative Member

        By:    Lennar Homes of California, Inc., a
California corporation, its Managing
Member

                By:_____
Name:  Graham Jones
Title:  Vice President

        By:    LNR Heritage Fields, LLC, a California
limited liability company, a member

                By:_____
Name: _____
Title: _____

**LENNAR CORPORATION**, a Delaware corporation

By: _____
Name:_____
Title: _____

**LNR HERITAGE FIELDS, LLC**, a California limited
liability company

By: _____
Name:_____
Title: _____

[Notaries appear on following page.]

**DRAFT 12/5/10**

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

[Notaries continued on following page.]

**DRAFT 12/5/10**

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

[Notaries continued on following page.]

**DRAFT 12/5/10**

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

[Notaries continued on following page.]

**DRAFT 12/5/10**

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

[Notaries continued on following page.]

**DRAFT 12/5/10**

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

[Notaries continued on following page.]

**DRAFT 12/5/10**

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____

STATE OF _____

COUNTY OF

On this date, _____, 2010, before me, the undersigned notary public, personally appeared _____, the _____ of _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____

My commission expires: _____