Objection Deadline:  December 8, 2010 at 4:00 p.m. (Eastern)
Hearing Date and Time:  December 15, 2010 at 10:00 a.m (Eastern)

SUTHERLAND ASBILL & BRENNAN LLP
Mark D. Sherrill (*pro hac vice*)
1275 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 383-0100

*Counsel for Aviva Italia Holding S.p.A., Aviva S.p.A.,
Aviva Vita S.p.A., Aviva Life S.p.A., Aviva Italia S.p.A.,
Aviva Assicurazioni S.p.A. and Aviva Previdenza S.p.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **LEHMAN BROTHERS HOLDINGS** | § | **Case No. 08-13555 (JMP)** |
| **INC.,** *et al.***,** | § | |
| | § | |
| **Debtors.** | § | |

**LIMITED OBJECTION OF AVIVA S.p.A., AVIVA ITALIA HOLDING S.p.A., AVIVA VITA S.p.A., AVIVA LIFE S.p.A., AVIVA ITALIA S.p.A., AVIVA ASSICURAZIONI S.p.A. AND AVIVA PREVIDENZA S.p.A. TO DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES**

Aviva S.p.A., Aviva Italia Holding S.p.A., Aviva Vita S.p.A., Aviva Life S.p.A., Aviva Italia S.p.A., Aviva Assicurazioni S.p.A. and Aviva Previdenza S.p.A. (collectively, "Aviva"), file this Objection (the "Objection") to the *Debtor's Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors under Derivatives Transaction with Special Purpose Vehicle Counterparties* (the "Motion") and state as follows:

1. Aviva purchased 2007-2 Class A Series Notes (the "Ruby Notes") issued by Ruby Finance Public Limited Company("Ruby"), organized under the laws of The Republic of Ireland.

2. Aviva Previdenza S.p.A purchased 2001-2 Series Notes (the "Quartz Notes") issued by Quartz Finance Limited ("Quartz" and collectively with Ruby, the "Issuers"), organized under the laws of Jersey.

3. Proceeds from the sale of the Ruby Notes to Aviva and other assets of Ruby, including an over-the-counter total return swap transaction (the "TRS Transaction") between Ruby and Lehman Brothers Special Financing Inc ("LBSF"), were assigned and pledged to BNY Corporate Trustee Services Limited as trustee under a deed of trust, which secures Aviva's investments in the Ruby Notes (the Ruby Mortgage Trust). The Ruby Mortgage Trust also secures Ruby's obligations to LBSF under the TRS Transaction.

4. Proceeds from the sale of the Quartz Notes to Aviva Previdenza S.p.A. and other assets of Quartz, including redeemable preference shares (the "Balanced Fund Shares") issued by Amber Finance Limited, organized under the laws Jersey ("Amber") and all proceeds thereof were assigned and pledged to HSBC Trustee (C.I.) Limited as trustee under a deed of trust, which secures Aviva's investments in the Quartz Notes. Assets of Amber that support the Balanced Fund Shares and indirectly secures Quartz's obligations to Aviva Previdenza S.p.A. under the Quartz Notes, includes certain over-the-counter derivatives transactions entered into between Amber and LBSF under a 17 July 2001 ISDA Master Agreement.

5. On information and belief, Ruby, Quartz and Amber are special purpose vehicles that are no longer functioning and are unsupported by administrative staff.

6. In the Motion, the Debtors request implementation of certain procedures (the "Procedures") specifically designed for the Debtor's derivatives transactions ("SPV Derivatives Transactions") with special purpose vehicles ("SPVs").

7. Aviva welcomes the creation of alternative dispute resolution procedures for SPV Derivatives Transactions, and specifically including the provisions for the inclusion of the holders ("Noteholders") of notes issued by SPVs. Moreover, Aviva has no objection to much of the proposed Procedures. A few provisions of the Procedures, however, cause some concern.

8. The Procedures recognize that the applicable Lehman entity (a "Lehman Party") and the Noteholders may have competing claims to a finite amount of collateral under the transaction documents. The Procedures further recognize that the Noteholders -- not the SPVs that actually entered into SPV Derivatives Transactions with the Lehman Parties -- will generally be the true party-in-interest in the relevant disputes. Acknowledging that reality, the Procedures allow Noteholders to participate directly in settlement negotiations concerning the SPV Derivatives Transactions notwithstanding (a) the absence of contractual privity under the SPV Transactions, and (b) the fact that the Noteholders generally have not been named as parties in the relevant adversary proceedings or contested matters.

9. Although Aviva welcomes the Procedures' recognition of Noteholders' interests in settlement negotiations, the Procedures also allow for results that may prejudice the interests of Aviva and other Noteholders, through no fault of their own. Specifically, the Procedures provide for the imposition of "Sanctions" against any defendant that does not "file a notice of appearance within 30 calendar days of service of the SPV Derivatives ADR Package." Procedures, ¶ 2(c). "Sanctions" may include "an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice or an order for a default judgment against the defaulting party." *Id.* The Debtor may pursue such Sanctions in other circumstances, such as the failure of a counterparty to provide a Settlement Participation Designation within 60 calendar days. Procedures, ¶ 5(v). *See also* Procedures, ¶ 7(c), (f)

3

10. Aviva is alarmed by the possibility that its economic interests could be harmed if an SPV (or a Trustee acting on an SPV's behalf) fails to make a required submission within a relatively short time frame. The possibility of such an event is very real. The SPVs may not have the incentive or capability of responding to a SPV Derivatives ADR Package, particularly if they have ceased to function and have no administrative staff. Various trustees under a variety of different trust documents have generally been appointed and authorized to act on behalf of most SPVs (each a "Trustee"). Each Trustee may not receive the SPV Derivatives ADR Package on a timely basis; and even with timely receipt, the Trustee may not be required by the terms of the respective trust to respond to the SPV Derivatives ADR Package or may be otherwise constrained by the terms of the trust from doing so.

11. If Ruby, Quartz, Amber or their respective Trustees do not respond to a SPV Derivatives ADR Package, the Procedures allow for a default judgment in favor of LBSF, based on its own, highly subjective valuation of the SPV Derivatives Transaction and its own interpretation of the transaction documents that govern priority of distribution of Collateral proceeds.

12. Even if Ruby, Quartz, Amber and/or their respective Trustees timely respond to the SPV Derivatives ADR Package, their understanding of the specific SPV Derivatives Transaction(s) and the transaction documents (as well as the absence of any personal financial or economic stake in the outcome of the ADR process) greatly increases the possibility that the SPV Derivatives Transaction will be incorrectly valued or that the Lehman Party seizes a greater portion of the Collateral than would otherwise be authorized under the Transaction Documents. Such a result would be inequitable and unjust.

10643153.3

13. Instead, Aviva respectfully submits that the Procedures should include restrictions on the imposition of Sanctions, so that the party being sanctioned is the only entity that will actually suffer the resulting economic costs.

WHEREFORE, Aviva respectfully requests that the Court (a) deny the Motion, unless the Procedures are amended to provide greater protections for Noteholders in the event of inaction by an SPV or a Trustee, and (b) grant Aviva such further relief as the Court deems just.

Dated:  December 8, 2010
        Washington, DC

SUTHERLAND ASBILL & BRENNAN LLP

By:  /s/ Mark D. Sherrill

Mark D. Sherrill (*pro hac vice*)
1275 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 383-0100
Fax:  (202) 637-3593

COUNSEL FOR AVIVA ITALIA HOLDING, S.P.A., AVIVA S.P.A.,
AVIVA VITA S.P.A., AVIVA LIFE S.P.A., AVIVA ITALIA S.P.A.,
AVIVA ASSICURAZIONI S.P.A. AND AVIVA PREVIDENZA S.P.A.