**Hearing Date and Time: December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time)**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Peter Gruenberger
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

**NOTICE OF SUPPLEMENTAL EXHIBIT TO DEBTORS' MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF A SETTLEMENT AMONG LEHMAN BROTHERS SPECIAL FINANCING INC., BNY CORPORATE TRUSTEE SERVICES LIMITED, PERPETUAL TRUSTEE COMPANY LIMITED, AND OTHERS, RELATING TO CERTAIN SWAP TRANSACTIONS WITH SAPHIR FINANCE PUBLIC LIMITED COMPANY**

PLEASE TAKE NOTICE that, on November 24, 2010, Lehman Brothers Special Financing Inc. and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Brothers Holdings Inc. (collectively, the "Debtors"), filed a Motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for approval of a settlement among LBSF, LBHI, BNY Corporate Trustee Services Limited, Perpetual Trustee Company Limited, and others (the "Motion"), all as more fully described in the Motion [Docket No. 13051].

PLEASE TAKE FURTHER NOTICE that, annexed hereto as "Exhibit A," is an amendment to the Termination and Settlement Agreement, entered into on December 8, 2010, that makes minor modifications to the Termination and Settlement Agreement that was annexed to the Motion as Exhibit A.

Dated: December 8, 2010
New York, New York

/s/ Jacqueline Marcus
Ralph I. Miller
Peter Gruenberger
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

**8 DECEMBER 2010**

# DEED OF AMENDMENT RELATING TO THE

# TERMINATION AND SETTLEMENT AGREEMENT DATED 24 NOVEMBER 2010

**in respect of the Swap Transactions and the related
Series 2004-11 AUD 75,000,000 Synthetic Portfolio Notes due 2011 and
Series 2006-05 AUD 50,000,000 Synthetic Portfolio Notes due 2011
each issued by Saphir Finance Public Limited Company**

**between**

**LEHMAN BROTHERS SPECIAL FINANCING INC.**
**("LBSF")**

**SAPHIR FINANCE PUBLIC LIMITED COMPANY**
**(the "Issuer")**

**BNY CORPORATE TRUSTEE SERVICES LIMITED**
**(formerly J.P. Morgan Corporate Trustee Services Limited)**
**(the "Trustee")**

**THE BANK OF NEW YORK MELLON, LONDON BRANCH**
**(as successor to JPMorgan Chase Bank, N.A., London Branch)**
**(the "Issuing and Paying Agent" and "Custodian")**

**THE BANK OF NEW YORK MELLON (IRELAND) LIMITED**
**(formerly BNY Financial Services plc as successor to J.P. Morgan Bank (Ireland) plc)**
**(the "Paying Agent")**

**PERPETUAL TRUSTEE COMPANY LIMITED**
**(the "Noteholder")**

**LEHMAN BROTHERS HOLDINGS INC.**
**(the "Credit Support Provider")**

**LBHI ESTATES LTD**
**(the "Disposal Agent")**

THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION
AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION

**THIS AGREEMENT** is made as a deed on 8 December 2010 (this "**Deed**") between the following parties:

(1) **LEHMAN BROTHERS SPECIAL FINANCING INC.** a corporation formed in the State of Delaware, United States of America and whose principal place of business is at 1271 Avenue of the Americas, 40th Floor, New York, NY 10020, United States of America ("**LBSF**");

(2) **SAPHIR FINANCE PUBLIC LIMITED COMPANY** a public limited company incorporated in Ireland whose registered office is at AIB International Centre, International Financial Services Centre, Dublin 1, Ireland (the "**Issuer**");

(3) **BNY CORPORATE TRUSTEE SERVICES LIMITED (formerly J.P. Morgan Corporate Trustee Services Limited)** in its capacity as trustee under the Trust Deeds (as defined below) (the "**Trustee**");

(4) **THE BANK OF NEW YORK MELLON, LONDON BRANCH (as successor to JPMorgan Chase Bank, N.A., London Branch)** in its capacity as issuing and paying agent and custodian under the Trust Deeds (the "**Issuing and Paying Agent**" and the "**Custodian**", respectively);

(5) **THE BANK OF NEW YORK MELLON (IRELAND) LIMITED (formerly BNY Financial Services plc as successor to J.P. Morgan Bank (Ireland) plc)** in its capacity as the paying agent under the Trust Deeds (the "**Paying Agent**" and together with the Issuing and Paying Agent and the Custodian, the "**Agents**");

(6) **PERPETUAL TRUSTEE COMPANY LIMITED** a limited company incorporated in the Commonwealth of Australia with company number ABN 42 000 001 007 whose registered office is at Level 12 Angel Place, 123 Pitt Street Sydney, New South Wales, Australia (the "**Noteholder**");

(7) **LEHMAN BROTHERS HOLDINGS INC.** a corporation formed in the State of Delaware, United States of America and whose principal place of business is at 1271 Avenue of the Americas, 40th Floor, New York, NY 10020, United States of America (the "**Credit Support Provider**"); and

(8) **LBHI ESTATES LTD** a private company incorporated in England and Wales whose registered office is at c/o Puxon Murray LLP, 1 Royal Exchange Avenue, London EC3V 3LT, UK in its capacity as disposal agent pursuant to Clause 4.1 (*Sale of Collateral*) (the "**Disposal Agent**"),

each a "**Party**" and together the "**Parties**".

**WHEREAS**

(A) The Parties entered into a termination and settlement agreement dated 24 November 2010 in respect of the Swap Transactions and the related Series 2004-11 AUD 75,000,000 Synthetic Portfolio Notes due 2011 and Series 2006-05 AUD 50,000,000 Synthetic Portfolio Notes due 2011 each issued by the Issuer (the "**Termination and Settlement Agreement**").

**THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION**

**(B)** The Parties now wish to amend the Termination and Settlement Agreement and this Deed is supplemental thereto.

**IT IS AGREED** as follows

## 1 DEFINITIONS AND INTERPRETATION

Terms used but not defined herein shall have the meanings set out in (or incorporated into) the Termination and Settlement Agreement. The principles of interpretation set out in Clause 1 (*Definitions and Interpretation*) of the Termination and Settlement Agreement are incorporated into this Deed and shall apply to this Deed as if set out in full in this Deed.

## 2 AUTHORISATION

The Noteholder hereby authorises, directs and requests and LBSF provides its consent to the Issuer, the Issuing and Paying Agent, the Custodian, the Paying Agent and the Trustee to enter into this Deed.

## 3 AMENDMENT

The Parties agree that Clause 2.4(b) (*Effective Date*) of the Termination and Settlement Agreement shall be amended to include the following sentence at the end of that Clause:

"Notwithstanding the foregoing, the Parties agree that the provisions of Clause 4.1 (*Sale of Collateral*) shall take effect on the 8th December 2010."

## 4 SALE OF COLLATERAL

**4.1** The Noteholder, LBSF and the Disposal Agent hereby agree, pursuant to Clause 4.1(b) (*Sale of Collateral*) of the Termination and Settlement Agreement, that the Disposal Agent shall initiate the Sale Procedures:

**(a)** in respect of the 2004-11 Securities Collateral, two (2) Business Days after the date of this Deed; and

**(b)** in respect of the 2006-05 Securities Collateral, five (5) Business Days after the date of this Deed.

**4.2** Schedule 6 to the Termination and Settlement Agreement shall be replaced in its entirety by the revised form of Schedule 6 appended to this Deed as Appendix 1.

**4.3** For the avoidance of doubt, the Parties agree and acknowledge that the Sale Amounts shall be held as stipulated at paragraph 10 of Schedule 6 to the Termination and Settlement Agreement.

## 5 COUNTERPARTS

This Deed may be executed and delivered in counterparts (including by fax transmission or in Adobe™ Portable Document Format (PDF) sent by electronic mail), each of which when executed and delivered shall constitute an original of this Deed, but all of the counterparts shall together constitute the same Deed.

THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION
AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION

## 6 INCORPORATION OF PROVISIONS

The Parties agree and acknowledge that the provisions of Clauses 13 (*Confidentiality*), 14 (*Notices*), 16 (*Rights of Third Parties*) and (so far as applicable) 17 (*General*) of the Termination and Settlement Agreement are incorporated into this Deed and shall apply to this Deed as if set out in full in this Deed. Clause 12 (*Entire Agreement*) of the Termination and Settlement Agreement shall be construed and interpreted so as to reflect the Parties' entry into this Deed.

## 7 GOVERNING LAW AND JURISDICTION

**7.1** This Deed and any non-contractual obligations arising out of or in connection with it shall be governed by and construed in accordance with English law.

**7.2** The Parties irrevocably agree that the courts of England are to have exclusive jurisdiction to settle any dispute which may arise out of or in connection with this Deed. The Parties irrevocably submit to the jurisdiction of those courts and waive any objection to proceedings in any such court on the ground of venue or on the ground that the proceedings have been brought in an inconvenient forum, or on the grounds that the proceedings are subject to LBSF's automatic stay under the Bankruptcy Code or otherwise.

This Deed has been entered into and delivered as a Deed on the date stated at the beginning of this Deed.

**THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION**

**EXECUTION**

**EXECUTED AND DELIVERED AS A DEED BY** )
**LEHMAN BROTHERS SPECIAL FINANCING INC.** )
(as "**LBSF**") )
By: Robert Hershan )

Signature: )

**EXECUTED AND DELIVERED AS A DEED BY** )
**LEHMAN BROTHERS HOLDINGS INC.** )
(as the "**Credit Support Provider**") )
By: Robert Hershan )

Signature: )

**SIGNED, SEALED AND DELIVERED AS A DEED BY** )
**PERPETUAL TRUSTEE COMPANY LIMITED** )
(as the "**Noteholder**") )
by its attorney under Power of Attorney dated )

Signature of attorney: )

Print name: )

In the presence of: )
Signature of Witness. )

Name of Witness: )

Address of Witness: )

**EXECUTED AND DELIVERED AS A DEED BY** )
**BNY CORPORATE TRUSTEE SERVICES LIMITED** )
(as the "**Trustee**") )

By: )

Signature: )

By: )

Signature: )

**THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION**

**EXECUTION**

**EXECUTED AND DELIVERED AS A DEED BY** )
**LEHMAN BROTHERS SPECIAL FINANCING INC.** )
(as "**LBSF**") )
By: )

Signature: )

**EXECUTED AND DELIVERED AS A DEED BY** )
**LEHMAN BROTHERS HOLDINGS INC.** )
(as the "**Credit Support Provider**") )
By: )

Signature: )

**SIGNED, SEALED AND DELIVERED AS A DEED BY** )
**PERPETUAL TRUSTEE COMPANY LIMITED** )
(as the "**Noteholder**") )
by its attorney under Power of Attorney dated 31·03·09 )

Signature of attorney: [signature] )

Print name: Manish Saraf Manager )

[signature] Manager Craig Cullen

In the presence of: )
Signature of Witness: J.R. Reid )

Name of Witness: **Joseph Raymond Reid Solicitor** )

Address of Witness: 12/123 Pitt St., Sydney )

**EXECUTED AND DELIVERED AS A DEED BY** )
**BNY CORPORATE TRUSTEE SERVICES LIMITED** )
(as the "**Trustee**") )

By: )

Signature: )

By: )

Signature: )



UK1 4429583v.1

**THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION**

**EXECUTION**

**EXECUTED AND DELIVERED AS A DEED BY** )
**LEHMAN BROTHERS SPECIAL FINANCING INC.** )
(as "**LBSF**") )
By: )

Signature: )

**EXECUTED AND DELIVERED AS A DEED BY** )
**LEHMAN BROTHERS HOLDINGS INC.** )
(as the "**Credit Support Provider**") )
By: )

Signature: )

**SIGNED, SEALED AND DELIVERED AS A DEED BY** )
**PERPETUAL TRUSTEE COMPANY LIMITED** )
(as the "**Noteholder**") )
by its attorney under Power of Attorney dated )

Signature of attorney: )

Print name: )

In the presence of: )
Signature of Witness: )

Name of Witness: )

Address of Witness: )

**EXECUTED AND DELIVERED AS A DEED BY** )
**BNY CORPORATE TRUSTEE SERVICES LIMITED** )
(as the "**Trustee**") )

By: **Zaira Jehangir**
**Authorised Signatory** )

Signature: )

By: Mark Jeanes
Vice President )

Signature: )



UK1 4429583v.1

THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION
AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION

**EXECUTED AND DELIVERED AS A DEED BY** )
**THE BANK OF NEW YORK MELLON, LONDON BRANCH**)
(as the "**Issuing and Paying Agent**") )

By: **Zaira Jehangir**
**Authorised Signatory** )

Signature: )

By: )

Signature: Mark Jeanes
Vice President )

**EXECUTED AND DELIVERED AS A DEED BY** )
**THE BANK OF NEW YORK MELLON, LONDON BRANCH**)
(as the "**Custodian**") )

By: **Zaira Jehangir**
**Authorised Signatory** )

Signature: )

By: )

Signature: Mark Jeanes
Vice President )

**SIGNED AND DELIVERED AS A DEED** )
**for and on behalf of** )
**THE BANK OF NEW YORK MELLON (IRELAND) LIMITED** )
(as the "**Paying Agent**") )
acting by its duly authorised attorney:

Title: Attorney-in-Fact )

Name: )

In the presence of: )
Signature of Witness: )

Name of Witness: )

Address of Witness: )

Occupation of Witness: )

**THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION**

**EXECUTED AND DELIVERED AS A DEED BY** )
**THE BANK OF NEW YORK MELLON, LONDON BRANCH**)
(as the "**Issuing and Paying Agent**") )

By: )

Signature: )

By: )

Signature: )

**EXECUTED AND DELIVERED AS A DEED BY** )
**THE BANK OF NEW YORK MELLON, LONDON BRANCH**)
(as the "**Custodian**") )

By: )

Signature: )

By: )

Signature: )

**SIGNED AND DELIVERED AS A DEED** )
**for and on behalf of** )
**THE BANK OF NEW YORK MELLON (IRELAND) LIMITED** ) Michael Devane
(as the "**Paying Agent**") )
acting by its duly authorised attorney:

Title: Attorney-in-Fact )

Name: ) MICK DEVANE

In the presence of: )
Signature of Witness: ) [signature]

Name of Witness: ) KARL SPELMAN

Address of Witness: ) c/o BNY MELLON WINDMILL LANE DUBLIN 1

Occupation of Witness: ) BANK EMPLOYEE



UK1 4429583v.1

THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION

**SIGNED AND DELIVERED AS A DEED BY** )

Signature of attorney: A. W [signature] )

Name of attorney: ADRIAN WRAFTER )

as attorney for **SAPHIR PUBLIC LIMITED COMPANY**
(as the "**Issuer**")

In the presence of: )

Signature of Witness: [signature] )

Name of Witness: PHIL CODY )

Address of Witness: c/o Riverside One )
Sir John Rogerson's Quay )
Dublin 2, Ireland )

**EXECUTED AND DELIVERED AS A DEED BY** )
**LBHI ESTATES LTD** )
(as the "**Disposal Agent**") )

By: )

Signature: )

By: )

Signature: )

THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION
AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION

**SIGNED AND DELIVERED AS A DEED BY** )

Signature of attorney: )

Name of attorney: )

as attorney for **SAPHIR PUBLIC LIMITED COMPANY**
(as the "**Issuer**")

In the presence of: )

Signature of Witness: )

Name of Witness: )

Address of Witness: c/o Riverside One )
Sir John Rogerson's Quay )
Dublin 2, Ireland )

**EXECUTED AND DELIVERED AS A DEED BY** )
**LBHI ESTATES LTD** )
(as the "**Disposal Agent**") )

By: DANIEL EHRMANN )

Signature: )

~~By:~~ )

~~Signature:~~ )

In the presence of:
Signature of witness: Nancy Marin
Name of witness: NANCY MARIN
Address of witness: 1271 6th Ave, 40th fl.
NY, NY 10020



DK1 4029 6.1

THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION

# APPENDIX 1

# SCHEDULE 6

## Sale Procedures

In connection with the sale of the Securities Collateral, the following procedures shall apply. These Sale Procedures shall apply separately in respect of the sale of each of the 2004-11 Securities Collateral and the 2006-05 Securities Collateral. For the avoidance of doubt, the Disposal Agent will follow the procedures as set out below independently for each of the 2004-11 Securities Collateral and the 2006-05 Securities Collateral and on separate days and the term "Securities Collateral" in the Sale Procedures shall refer to the relevant collateral, as applicable.

In these Sale Procedures "**Minimum Sale Amount**" shall mean. (i) AUD 99 cents per dollar of notional face value plus accrued interest in respect of the 2004-11 Securities Collateral; and (ii) AUD 90 cents per dollar of notional face value plus accrued interest in respect of the 2006-05 Securities Collateral, unless otherwise agreed between LBSF and the Noteholder and notified in writing to the Disposal Agent.

1. *Request Indicative Bids*: on a Business Day(s) selected by the Disposal Agent as agreed by each of LBSF and the Noteholder (such agreement not to be unreasonably withheld or delayed) but as soon as reasonably practicable after the Effective Date (each such day being a "**Solicitation Date**"), the Disposal Agent shall request bids from any 5 of the following: the Royal Bank of Scotland, the Australia and New Zealand Banking Group, Deutsche Bank AG, London Branch, Barclays Bank plc, JPMorgan Chase, Goldman Sachs International, National Australian Bank Limited, Westpac Banking Corporation, and/or Commonwealth Bank of Australia (each an "**Approved Market Counterparty**").

2. *Distribution Time:* on the Business Day preceding the Solicitation Date, the Disposal Agent and the Noteholder shall select a time on the Solicitation Date by which information in respect of the Securities Collateral must be distributed to each Approved Market Counterparty pursuant to paragraph 3, below (the "**Distribution Time**") and a time on the Solicitation Date by which indicative bids, pursuant to paragraph 4, below, must be received from Approved Market Counterparties (the "**Cut-Off Time**").

3. *Provision of Information*: by no later than the Distribution Time, the Disposal Agent will distribute information in respect of the Securities Collateral to each Approved Market Counterparty enabling them to submit bids on the Securities Collateral.

4. *Form of Indicative Bids*: the Disposal Agent will request that a bid submitted by an Approved Market Counterparty be:

(a) for the notional amount of the Securities Collateral (or such smaller portion(s) as may be agreed from time to time between the Noteholder and LBSF and informed to the Disposal Agent at least one Business Day in advance);

(b) for indicative quotes for the clean price of the Securities Collateral (or the relevant portion thereof) for settlement on the third Business Day after the Solicitation Date;

(c) for the purposes of selecting 2 Approved Market Counterparties to provide a firm, legally binding and valid bid which is not subject to any condition or qualification during the course of the relevant day;

(d) received no later than the Cut-Off Time; and

(e) submitted by e-mail, Bloomberg or such other means as may be agreed between the Disposal Agent and the relevant Approved Market Counterparty on the Solicitation Date.

An indicative bid received by the Disposal Agent in accordance with (a) to (e) above shall be a valid indicative bid ("**Valid Indicative Bid**"). For the avoidance of doubt, an indicative bid received which is not in accordance with each of (a) to (e) above shall not be a Valid Indicative Bid.

5. *Firm Bids*: after the Cut-Off Time, the Disposal Agent shall simultaneously contact (via a recorded telephone line or Bloomberg) the 2 Approved Market Counterparties with the 2 highest Valid Indicative Bids and request that each of them revise their Valid Indicative Bid to reflect a firm, legally binding and valid bid which is not subject to any condition or qualification during the course of the relevant day (each such bid, a "**Firm Bid**").

6. *Winning Bid*: between the two Firm Bids, the Securities Collateral (or the relevant portion thereof) shall be sold by the Issuer to the Approved Market Counterparty whose Firm Bid is the highest, provided that such highest Firm Bid results in the Securities Collateral being sold for an amount at least equal to or greater than the Minimum Sale Amount (such Approved Market Counterparty, the "**Winning Bidder**" and the amount constituted by such bid the "**Winning Bid**").

7. *Equal Bids*: if the two Firm Bids are the same (provided that each such Firm Bid results in the Securities Collateral (or the relevant portion thereof) being sold for an amount at least equal to or greater than the Minimum Sale Amount), the Securities Collateral shall be sold to the Approved Market Counterparty whose Valid Indicative Bid was received first in time and such Approved Market Counterparty shall be deemed to be the "**Winning Bidder**".

8. *No Bids*: if (i) less than 2 Valid Indicative Bids are received by the Cut-Off Time or (ii) if the Winning Bid would have resulted in the Securities Collateral (or the relevant portion thereof) being sold for an amount less than the Minimum Sale Amount, then the Disposal Agent shall repeat the process above on each day thereafter which is reasonably practical until a bid complying with the requirements set out in paragraphs 1-7 is received.

THE CONTENTS OF THIS DEED CONSTITUTES CONFIDENTIAL INFORMATION
AND MAY NOT BE SUBJECT TO ONWARD DISTRIBUTION

9. *Withdrawal*: All parties acknowledge that a Valid Indicative Bid or a Firm Bid may be withdrawn by an Approved Market Counterparty at any time prior to the Disposal Agent accepting the Winning Bid on behalf of the Issuer. In the event that a Valid Indicative Bid is withdrawn, then the withdrawn Valid Indicative Bid shall be disregarded for the purposes of selecting the Winning Bid. In the event that a Firm Bid is withdrawn prior to the Disposal Agent accepting such bid as the Winning Bid on behalf of the Issuer, then the Disposal Agent shall repeat the process outlined at paragraph 5 above to request a new Firm Bid from the remaining Valid Indicative Bids (disregarding the reference in such paragraph to contacting both Approved Market Counterparties simultaneously). In the event that following the withdrawal of a Valid Indicative Bid or Firm Bid less than 2 Valid Indicative Bids or 2 Firm Bids, as applicable, remain, then the Disposal Agent shall repeat the process above on a business day until a bid complying with the requirements set out in paragraphs 1-7 is received.

10. *Notification*: the Disposal Agent shall notify LBSF, the Noteholder, the Trustee and the Issuer with details of each Valid Indicative Bid, Firm Bid and Winning Bid by e-mail to Locke.mcmurray@lamcollc.com and Andrew.weber@lamcollc.co.uk, chris.green@perpetual.co.au, dagmea@bnymellon.com, and edwina.c.fogarty@aib.ie, respectively.

11. *Settlement*: the Disposal Agent shall notify the Winning Bidder to pay an amount determined in accordance with the Winning Bid on the day falling three (3) Business Days after receipt of the Winning Bid to the following account details:

    (i) in the case of the sale of the 2004-11 Securities Collateral, to Clearstream account 11252; and

    (ii) in the case of the sale of the 2006-05 Securities Collateral, to Euroclear account 14037,

(in both cases, to be held by the Custodian and remain subject to the charges and security interests created under the Trust Deeds until released in accordance with the terms of this Deed) and the Issuer shall instruct the Custodian to transfer the Securities Collateral (or the relevant portion thereof) to the Winning Bidder on a delivery versus payment basis.