Steven J. Fink
Thomas C. Mitchell
**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

In re:                                                         : Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al.                          : Case No. 08-13555 (JMP)

         Debtors.                                              :

------------------------------------------------------------- x

### BALLYROCK ABS CDO 2007-1 LIMITED'S LIMITED OBJECTIONS TO DEBTORS' MOTION AND PROPOSED ORDER TO IMPLEMENT ADR PROCEDURES CONCERNING SPECIAL PURPOSE VEHICLE COUNTERPARTIES

Ballyrock ABS CDO 2007-1 Limited ("Ballyrock") hereby objects to (1) Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (the "Motion") and (2) the Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors under Derivatives Transactions with Special Purpose Vehicle Counterparties proposed by Debtors (the "Proposed Order"), as follows:

1.   Ballyrock objects to the Motion and Proposed Order to the extent that the Debtors seek to impose obligations on Ballyrock that it simply cannot meet. To the extent that

the Proposed Order is to be entered, Ballyrock requests that it be modified to avoid imposing such burdens on Ballyrock.

2. Ballyrock was established for the sole purpose of acquiring its assets for the benefit of its security-holders, the relative rights of which are established under and governed by the Indenture dated as of July 12, 2007 (the "Indenture") among Ballyrock, Ballyrock ABS CDO 2007-1 Inc. and Wells Fargo Bank, N.A., as Trustee. All of its assets are pledged to the repayment of the securities issued by Ballyrock, and any residual interest belongs to its equity investors. Ballyrock is a mere stakeholder and will not be the recipient of any of the funds at issue in the adversary proceeding brought by Lehman Brothers Special Financing, Inc. ("LBSF") concerning the contractual subordination of LBSF's right to a payment upon the termination of the credit default swap between LBSF and Ballyrock, regardless of the outcome. <u>Lehman Bros. Special Financing Inc. v. Ballyrock ABS CDO 2007-1 Limited</u>, Adv. Pro. No. 09-01032 (JMP) (Bankr. S.D.N.Y.) (hereinafter, the "Adversary Proceeding").

3. If entered, the Proposed Order would require Ballyrock, within 60 days after its receipt of an "SPV Derivatives ADR Package," to "identify and designate by written notice . . . a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of [Ballyrock]." Proposed Order ¶5.b. Ballyrock is not in a position to designate such a person. Under the Indenture, Ballyrock has granted and conveyed to Wells Fargo Bank, N.A., as Trustee (the "Trustee"), for the benefit of all named secured parties, all of its right, title and interest in and to all of its property, including the credit default swap at issue in the Adversary Proceeding. All terms of the Ballyrock transaction are governed by the Indenture. Ballyrock, as grantor and pledgor, does not have the right or the power to act with respect to the collateral except to the extent expressly permitted by the Indenture. There is no express

authority for Ballyrock to accept or agree to a compromise in the Adversary Proceeding or to appoint anyone to do the same. Similarly, the Indenture, which is intended to protect the interests of the various Noteholders, does not give Ballyrock the authority to accept or agree to a modification of the express provisions of the Ballyrock transaction that would leave Ballyrock unable to repay the Noteholders in full. Further, the Trustee expressly holds all granted property in trust, and that property is now maintained in escrow pursuant to the Court's Order Granting Interpleader to Wells Fargo Bank, N.A. for Disputed Funds, entered in the Adversary Proceeding, dated June 3, 2009.

        4.     The Proposed Order would also require Ballyrock to "send notice of the SPV Derivatives ADR Dispute . . . to all Noteholders . . . ." Proposed Order ¶ 5(b)(ii). Ballyrock would be required to do so by two different means: (i) by "sending the papers commencing the relevant Action and the SPV Derivatives ADR Package . . . directly to the original Noteholders (as of the issuance date thereof), as and to the extent listed in the records of the Debtors"; and (ii) by "publication . . . in the Wall Street Journal and the Financial Times for three successive business days." Id. ¶ 5(b)(iii) (emphasis added). This requirement is impracticable because:

- Ballyrock does not have access to the identities of the Noteholders. This information instead may be in the possession of the Trustee, which, as registrar under the Indenture, maintains the registration books, although only the Trustee could speak as to how current and complete its records are. Consistent with paragraph 5(b)(iii) of the Proposed Order, the party that may be best suited to identify the noteholders, at least as of the date of issuance, may be Lehman Brothers, Inc., the Initial Purchaser and Placement Agent of the notes and an affiliate of LBSF. Ballyrock has no access to either the registration books or the identities of the beneficial owners; and

- Ballyrock does not have access to any assets to fund the giving of either direct or publication notice, for the reasons given above. Further to a Court-approved process, however, the Trustee is receiving quarterly reimbursement of its fees and expenses.

Ballyrock objects to the Proposed Order applying to it on this basis. Ballyrock further submits that if the Proposed Order is to be entered, it should be modified to provide that the obligations fall on the party that is best suited to comply with ¶5.b of the Proposed Order. That party may be the Trustee, at least as to the notice requirements, as it may have access to the names of the Noteholders and the ability to recoup funds to pay for the dissemination of the notice.

Dated: New York, New York
December 8, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Steven J. Fink
Steven J. Fink
Thomas C. Mitchell
51 West 52nd Street
New York, New York 10019
Phone: (212) 506-5000
Facsimile: (212) 506-5151

Attorneys for Ballyrock ABS CDO 2007-1 Limited