**U.S. Bank Comments**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

LEHMAN BROTHERS HOLDINGS INC., *et al.,*

Debtors.

CHAPTER 11

CASE NO.  08-13555 (JMP)

(Jointly Administered)

ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES
TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES

The following alternative dispute resolution procedures for disputes involving the Debtors' derivatives transactions that have an SPV (as defined in paragraph 1(a) below) counterparty (the *"SPV Derivatives ADR Procedures"*) are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and ~~certain of~~ its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 proceedings (collectively, the *"Debtors"*).  In connection with SPV Derivatives Transactions (as defined below), these SPV Derivatives Procedures supersede in their entirety, except as specifically provided below, the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts (the *"Derivatives ADR Order"*) [Docket No. 5207].

FINDINGS

On motion of the Debtors (the *"Motion"*), due and proper notice of which having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all known Derivatives Counterparties and Trustees; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9635], the Court FINDS that numerous open and terminated SPV Derivatives Transactions (as defined below), including without limitation derivatives contracts that are "swap agreements" or "forward contracts," in each case, as such term is defined in section 101 of the Bankruptcy Code, exist under which the Debtors and the relevant counterparties and other parties in interest have disputes over their respective legal rights and obligations.  The Court further FINDS that certain common issues exist regarding these contracts, including questions involving appropriateness of setoff, termination, valuation, computation of termination payments, priority of payments, voidability of transfers, and notice. The Court further FINDS ~~that substantial value may be recovered for the Debtors' estates and judicial~~that judicial efficiency can be promoted if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation.  The Court further FINDS that similar proceedings ordered in these and other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

Consistent with General Order #M-390, adopted December 1, 2009, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the *"Standing Order"*), the procedures described below are ORDERED to promote consensual resolution with respect to the SPV Derivatives Transactions (as defined below) between one or more of the Debtors and the SPV counterparty, and to encourage ~~effective~~ communication, consultation, negotiation, and, when necessary, mediation among the affected parties.

1.    *SPV Derivatives Transactions.*  (a) For the purposes of this Order, "SPV" means any special purpose vehicle or special investment vehicle [There doesn't seem to be a definition here.  Is this applicable to a trustee under a municipal bond for example.], including but not limited to any structure, vehicle, trust or entity that issued notes or certificates of beneficial interest pursuant to an indenture or trust agreement and that, for purposes of these SPV Derivatives ADR Procedures, have entered into one or more derivatives contracts with one or more of the Debtors (each, the *"SPV Derivatives 'Transaction"* and, collectively, the *"SPV Derivatives Transactions"*).  The SPV Derivatives ADR Procedures shall apply to all SPV Derivatives Transactions where one or more Debtors allege they have the potential for affirmative recovery.

(b)    To date, the Debtors have identified several hundred SPV Derivatives Transactions with respect to which there are potential disputes over the amounts that may be owed to one or more Debtors (whether or not an actual lawsuit or adversary proceeding has commenced), and SPV Derivatives Transactions include, but are not limited to, swap agreements and forward contracts with such SPV counterparty (the *"SPV Derivatives Counterparty"*); *provided, however,* that the term SPV Derivatives Transactions shall not include any cash-market purchase or sale of a security or loan (*i.e.,* any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction or repurchase agreement in respect of securities or loans.

(c)    The Debtors have filed, or anticipate filing, motions, complaints (including adversary proceedings), and other papers commencing legal process, against, among others, SPV Derivatives Counterparties regarding SPV Derivatives Transactions (collectively, the *"Actions"*) and anticipate initiating Actions against other SPV Derivatives Counterparties.

2.    *SPV Derivatives ADR Disputes.*  Except to the extent expressly precluded herein, a Debtor may ~~designate~~ institute an ADR proceeding in connection with any ~~dispute in which an~~ Action that is pending before the Court, including a dispute involving such SPV already involved in alternative dispute resolution (*"ADR"*) with a Debtor, by serving such SPV Derivatives Counterparty, SPV Trustee (as defined below), and ~~/or a Noteholder~~ known Noteholders (as defined below) a copy of this Order ~~and~~, the SPV Derivatives ADR Notice (as defined below), and a list (*"Debtors' List"*) of (i) all original Noteholders as reflected in the records of the Debtors, and (ii) all Noteholders who have identified themselves to the Debtors (collectively, the *"SPV Derivatives ADR Package"*); *provided, however,* that a Debtor may not serve the SPV Derivatives ADR Package on such SPV Derivatives Counterparty, SPV Trustee, or Noteholder unless the Debtor has already commenced an Action or is already involved in ADR related to a particular SPV Derivatives Transaction.

(a)    Any SPV Derivatives Counterparty or trustee with respect to the SPV Derivatives Transaction (the *"SPV Trustee"*) served with such SPV Derivatives ADR Package may disclose the contents of such SPV Derivatives ADR Package to any person, entity, or special investment vehicle that is either on the Debtors' List or that advises the Trustee that it holds a ~~note~~ Note or beneficial interest in the SPV Derivatives Counterparty or the SPV Derivatives Transaction generally (such persons or entities collectively referred to as *"Noteholders,"* and each singly as a *"Noteholder"*); *provided, however,* that ~~any such Noteholder not specified as a party to the SPV Derivatives ADR Dispute must, in advance of receiving such SPV Derivatives ADR Package, agree in writing to abide by~~ SPV Derivatives Counterparty and/or SPV Trustee shall advise the Noteholder of the confidentiality provisions in this Order, including paragraph ~~12, and must agree in writing to maintain the confidentiality of any such information received.~~ 12.

(b)    For the purposes of the SPV Derivatives ADR Procedures, service on or notice to such SPV Derivatives Counterparty, SPV Trustee, or Noteholder, as the case may be, can be made by serving that party and such party's counsel who has appeared in these cases and/or an Action by (i) email, (iiemail to the extent known with a copy to follow by: (i) hand delivery, (iiiii) first class mail, or (iviii) overnight mail.  Service made in accordance with this paragraph will be deemed adequate service.  This paragraph is not intended to limit other methods of proper service upon such SPV Derivatives Counterparty, SPV Trustee or Noteholder.

(c)    Notwithstanding any stay imposed by this Court, any defendant named in an Action must file a notice of appearance and intent to defend therein within thirty (30) calendar days of service of the SPV Derivatives ADR Package, within which time such defendant shall not be required to file a responsive pleading.  A Debtor has the right to dismiss an Action against such SPV Derivatives Counterparty, SPV Trustee and/or Noteholder without prejudice before a responsive pleading therein is filed.  Failure to file a notice of appearance within 30 calendar days of service of the SPV Derivatives ADR Package may result in this Court's entry of Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice or an order for a default judgment against the defaulting party; *provided, however,* that a defendant may alternatively file an appearance with reservation of the right to raise the defense of lack of personal jurisdiction  file [within 30 calendar days of service of the SPV Derivatives ADR Package] reserving the right to raise the defense of lack of personal jurisdiction, consistent with paragraph 5(d) below.

(d)    The first filing of a notice of appearance and intent to defend, or an appearance with reservation of the right to raise the defense of lack of personal jurisdiction, in an Action shall immediately and automatically stay such Action pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation.  In the case of an Action that was previously stayed, and where such stay was modified for the limited purpose of complying with this Order, such stay will continue in full force and effect upon the first filing of a notice of appearance or limited appearance.

3.    *Stay of Actions.*  A Debtor may serve the SPV Derivatives ADR Package regardless of whether an Action has been previously stayed by the Court, and any prior stay shall be deemed automatically lifted upon the service on the SPV Derivatives Counterparty of the SPV Derivatives ADR Package solely for the limited purpose of the relevant defendant making an appearance in compliance with paragraph 2 of this Order.  Moreover, nothing contained herein shall be construed as lifting any stay with respect to the Actions other than for the limited purpose of complying with this Order.  Upon service of the SPV Derivatives ADR Package, the corresponding Action (as defined herein), to the extent not previously stayed, will be immediately stayed such that (i) all applicable deadlines (other than those related to completion of service of process) will be indefinitely suspended, (ii) all discovery and pre-trial conferences will not be required or conducted, and (iii) all motion practice and contested hearings or trials will be prohibited; *provided, however,* that during such stay, the Debtors may (a) amend the Action complaint, (b) employ the SPV Derivatives ADR Procedures or other procedures to attempt to consensually resolve any their disputedisputed matters, (c) enter into settlements of the Action and other matters relating to the SPV Derivatives Transaction, (d) complete service of the Action complaint, (e) seek discovery for the limited purpose of assisting the Debtors in

completing service of the Action complaint, and (f) dismiss an Action in accordance with Bankruptcy Rule 7041.

4.    *Settlement of Disputes During the SPV Derivatives ADR Procedures.*    Nothing contained herein shall prevent ~~the parties~~litigants in an Action or potential Action from settling, and ~~the parties~~such litigants are encouraged to settle, the SPV Derivatives ADR Dispute and related disputes at any time before, during, or following the designation of the SPV Derivatives ADR Dispute to the SPV Derivatives ADR Procedures ~~by the mutual consent of the parties~~; *provided,* that all SPV Derivatives ADR Disputes settled pursuant to this Order, including terminated, active, and matured SPV Derivatives Transactions and regardless of whether such settlement is reached with a Derivatives Counterparty, SPV Trustee and/or Noteholder, shall be settled pursuant to the terms set forth in (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket No. 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667]; (iii) other orders in these bankruptcy cases permitting such settlement; ~~or (iv~~(iv) in the case of settlements which have not been consented to by the applicable majority of securityholders, by means of a Bankruptcy Rule 9019 Motion, with notice to all securityholders of the economic terms of the resolution, and the hearing date and objection deadline, or (v) as otherwise permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

5.    *Participation Mandatory.*    (a) Unless otherwise provided in a specific order applicable to a particular SPV Derivatives ADR Dispute, after service of the SPV Derivatives ADR Package, compliance with the SPV Derivatives ADR Procedures in this Order is mandatory.  Although no party is required to settle or compromise the SPV Derivatives ADR Dispute, each Debtor serving the SPV Derivatives ADR Package and each SPV Derivatives

Counterparty, ~~and any~~the SPV Trustee and any Noteholder on whom a Debtor elects to serve such SPV Derivatives ADR Package, must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow the reasonable directions of the mediator, and otherwise comply with the SPV Derivatives ADR Procedures specified below for all SPV Derivatives ADR Disputes covered by such SPV Derivatives ADR Package.

(b)    The SPV Derivatives Counterparty shall, ~~within~~on or before sixty (60) calendar days of service of the SPV Derivatives ADR Package or, in the case of a pending ADR under the Derivatives ADR Order ~~within~~on or before sixty (60) calendar days of notice by the Debtor of an intent to proceed under this Order, identify and designate by written notice (the *"Settlement Participation Designation"*) as provided below to the other parties to the SPV Derivatives ADR Dispute, ~~a person~~one or more persons with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the *"Authorized Designee"*); *provided, however,* either the SPV Counterparty or the SPV Trustee shall not be required to designate an Authorized Designee with respect to any SPV Derivatives Transaction in which the relevant underlying asset or the proceeds thereof have substantially been distributed to Noteholders.  The SPV Derivatives Counterparty may change ~~the~~any Authorized Designee from time to time during the course of the SPV Derivatives ADR Dispute so long as there remains at all times during the dispute an Authorized Designee.

(i)    The Settlement Participation Designation shall include the name and contact information of the person(s) or entity(ies) with settlement authority, state that such person(s) or entity(ies) has agreed to participate in the SPV Derivatives ADR Procedures, and state the relationship between the SPV Derivatives Counterparty and such person(s) or entity(ies) with settlement authority, and the scope of the authority, it being understood

that certain Authorized Designees in tranched transactions may not adequately represent investors in other tranches.  Notwithstanding any other provisions regarding Sanctions contained in this Order, if the Debtor does not receive a Settlement Participation Designation from the SPV Derivatives Counterparty within sixty (60) calendar days of the service of the SPV Derivatives ADR Package, or notice of an intent to proceed under this Order in the case of a pending ADR, the Court may, upon motion of the Debtor, impose Sanctions (as defined below), including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice.

(ii)   The SPV Derivatives Counterparty shall send notice of the SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized Designee with settlement authority, and the related Action, to all Noteholders in accordance with both the requirements of paragraph 5(b)(iii) below.  The reasonable fees and expenses of the SPV Derivatives Counterparty and the SPV Trustee in connection with the SPV Derivatives Transaction (including the reasonable fees and expenses of their respective advisors and counsel), including but not limited to the cost of this Notice, shall be paid by the Debtors.

(iii)   Notice of any SPV Derivatives ADR Dispute and the related Action given in accordance with the methods set forth below in subsections (a)-(b) to the Noteholders, parties to the Master Agreement, the Indenture, and/or the Trust Agreement, and any other persons entitled to such notice in the Bankruptcy Case, constitutes sufficient notice to such persons:

(a)   sending the papers commencing the relevant Action and the SPV Derivatives ADR Package (collectively, the *"SPV Adversary Package"*) to each

such person; *provided,* that in the case of the Noteholders, the SPV Adversary Package shall be sent:

>> (i)    directly to the original Noteholders (as of the issuance date thereof), as and to the extent listed in the records of the Debtors; and

>> (ii)    directly to any ~~known current Noteholders~~person who has certified to the SPV Trustee that it is a holder of he Notes, Certificates or other interest; and

> (b)    publication of the fact that there exists an ADR proceeding related to this SPV Derivatives Transaction in the *Wall Street Journal* and the *Financial Times* for three successive business days.

> (iv)    Within ten (10) ~~calendar~~business days of receiving written request by a Debtor, the SPV Derivatives Counterparty, and if served with the SPV Derivatives ADR Package, the SPV Trustee, shall provide information in its possession to such Debtor sufficient to identify and contact such Noteholders directly, and if such information is unavailable to the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and SPV Trustee shall provide information sufficient to identify the clearing systems through which such Noteholders are communicated.

> (v)    To the extent the SPV Derivatives Counterparty or the SPV Trustee is required to assume the role as an Authorized Designee, the SPV Derivatives Counterparty and/or the SPV Trustee shall be entitled to engage a financial advisor to, *inter alia,* value the relevant derivatives contract(s) and provide advice to the Trustee in connection with the ADR Proceeding.  The Debtors shall pay the reasonable fees and expenses of any such advisor.

_____(vi)    If a Debtor has not timely received a Settlement Participation Designation, a Debtor may at its sole discretion continue its attempts at mediation, terminate the SPV Derivatives ADR Dispute and resume the Action, or stay or terminate the SPV Derivatives ADR Dispute and move for Sanctions, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice.    No actions authorized by this paragraph 5(b)(v vi) shall be construed as automatically eliminating or modifying the stay of the Action without such Debtor's consent.

(vi vii)    In taking the steps outlined in this paragraph 5, all parties to the SPV Derivatives ADR Dispute shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

(c)    Nothing contained in this paragraph 5 shall relieve or be construed to relieve any party to the SPV Derivatives ADR Dispute from compliance with this Order.

(d)    No rights, remedies, claims or defenses of any SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Debtor, acting in good faith compliance with the SPV Derivatives ADR Procedures, shall be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these SPV Derivatives ADR Procedures.    Participation in the SPV Derivatives ADR Procedures by the SPV Derivatives Counterparty, Authorized Designee, SPV Trustee, or Noteholder shall not waive the defense of lack of in personam jurisdiction, if any, which defense shall be preserved.

6.    *Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Derivatives Counterparties.*  If the SPV Derivatives Counterparty, SPV Trustee, or Noteholder previously has commenced any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of the SPV Derivatives ADR

Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim, and to defend or take action in any such other court or proceeding to protect the estate of Debtors, and/or take action in respect of any violation of the automatic stay imposed by section 362 of the Bankruptcy Code, despite the incomplete status of the steps prescribed under the SPV Derivatives ADR Procedures.

### NOTICE/RESPONSE STAGE

7.    *Notice/Response.*  The initial stage of the SPV Derivatives ADR Procedures will be a notice/response stage, providing the parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve the SPV Derivatives ADR Dispute on a consensual basis (the *"Notice/Response Stage"*).  The Notice/Response Stage shall include:

(a)    *SPV Derivatives ADR Notice.*    A Debtor shall serve upon the SPV Derivatives Counterparty, the SPV Trustee and, at such Debtor's election, the SPV Trustee and/or Noteholder one or more Noteholders (and any attorneys who have appeared in these cases or an Action) a notice containing sufficient information regarding the SPV Derivatives ADR Dispute including the nature of the Debtor's claim, a brief explanation setting forth the basis for the demand and the amount of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Official Unsecured Creditors' Committee (the *"Creditors' Committee"*)), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise and the names and addresses of (a) all original Noteholders as set forth on the books and records of the Debtors, and (b) all current Noteholders known to the Debtors (the *"SPV Derivatives ADR Notice"*).  Service of a completed SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "A" shall

presumptively be deemed to comply with this Order.  Within 30 calendar days of entry of this Order, a Debtor participating in a pending ADR involving such SPV must elect in writing either to opt out of this Order and continue under the Derivatives ADR Order or to proceed under this Order.  If the Debtor elects to proceed under this Order, the Debtor shall provide written notice of its election to all parties to the pending ADR and simultaneously serve an SPV Derivatives ADR Package on the SPV Derivatives Counterparty the related SPV Trustee and, at such Debtor's election, the related SPV Trustee and/or one or more Noteholders.  All deadlines otherwise set forth in this Order will run from the date the Debtor deliversSPV Derivatives Counterparty, the SPV Trustee and any Noteholder respectively receives the SPV Derivatives ADR Package.

(b)    *SPV Derivatives Counterparty's Response to Notice.*  The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and/or Noteholder, as the case may be) must respond to the SPV Derivatives ADR Notice in writing within 75 calendar days from the date of the receipt of the SPV Derivatives ADR Notice, or in the case of a pending ADR receipt of the Debtor's election to proceed under this Order.   The response options available are as follows (the *"Responses"*):

(i)    *Agreeing to Settle the Demand.*  If the SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and/or Noteholder) agrees to settle the demand in the SPV Derivatives ADR Notice, it shall state in writing that the offer of settlement in the SPV Derivatives ADR Notice is accepted.  The parties will then execute a settlement and general release (including a confidentiality provision) and the Debtor shall dismiss the corresponding Action with prejudice upon execution of the release; or

(ii)   *Denying the Demand.*  The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and/or Noteholder) may decline to settle for the amount stated in the demand in the SPV Derivatives ADR Notice, in which case such party must include a brief explanation in the Response to the SPV Derivatives ADR Notice setting forth the reason(s) for such denial.  In addition, such party may provide a counteroffer to the demand in the SPV Derivatives ADR Notice.   Service of a completed Response to the SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "B" shall presumptively be deemed to comply with this Order.

(c)   *Failure to Respond.*   Failure to provide a timely Response to the SPV Derivatives ADR Notice, as described in paragraphs 7(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court (with notice to any applicable SPV Derivatives Counterparty, SPV Trustee, or Noteholder that was provided by the Debtor with the SPV Derivatives ADR Package) for Sanctions (as defined below) as set forth below, ~~including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice, or immediate entry into the mediation stage.~~

(d)   *Reply to Response.*   The Debtor shall have twenty (20) calendar days from the date of the receipt of the Response to serve a Reply to the Response to the SPV Derivatives ADR Notice (which Reply shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor shall (i) modify its demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demand in the SPV Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the SPV Derivatives ADR Dispute will automatically proceed to the Initial Settlement Conference or Mediation Stage.

8.    *Request for Initial Settlement Conference.*  At any time prior to the Mediation Stage but after the date upon which a Response is due from a SPV Derivatives Counterparty or SPV Trustee, any party to the SPV Derivatives ADR Dispute may request an initial telephonic settlement conference by written request, to be held within ten (10) calendar days.  Within four (4) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement, and during the initial settlement conference a person with authority to negotiate ~~and settle~~ (including in the case of the SPV Derivatives Counterparty, the Authorized Designee) must participate on behalf of each party.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, and the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if all parties agree in writing.

### MEDIATION STAGE

9.    *Mediation*.  SPV Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the *"Mediation Stage"*).  The Debtors shall transmit on a rolling basis to the mediators appointed pursuant to paragraph 9(a) hereof sets of SPV Derivatives ADR Notices and any applicable Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to paragraph 9(b)(i) hereof.

-15-

(a)   *Choice of Mediator*.  James Freund, David Geronemus, Ralph Mabey, and Jacob Esher are APPOINTED as the mediators for SPV Derivatives ADR Disputes reaching the Mediation Stage.   If any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to the Debtors, the Creditors' Committee, the Authorized Designee, and if served with the SPV ADR Derivatives Package, the SPV Trustee and Noteholders.

(b)   *Powers of Mediator*.   The mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate mediations involving the same SPV Derivatives Transaction upon application by such SPV Derivatives Counterparty and consultation with the Debtors.

(c)   *Mediator Contact*.   Once a specific mediator has been selected and notice of such selection has been conveyed to the parties, the mediator or its designee shall contact the parties to schedule the initial mediation date.

(d)   *Mediation Sites*.   All mediation proceedings will take place in New York, New York, unless agreed to by the parties and the mediator.

(e)   *Mediation Briefs*.   Any party to a Mediation may submit a Mediation Brief, with service upon the other parties to the Mediation and upon the Creditors' Committee unless the Mediator has affirmatively required the parties to serve Mediation Briefs upon each other, the Mediator, and the Creditors' Committee.   Any such Mediation Brief shall be served and filed in accordance with the briefing schedule established by the Mediator. No Mediation Brief shall be filed with the Court.

(f)   *Appearance at Mediations*.   Pursuant to paragraph 3.2 of the Standing Order, all participants in the mediation for the applicable SPV Derivatives ADR Dispute

must appear in person with a person who has complete authority to negotiate all disputed amounts and issues such that its decisions bind that party.  The Authorized Designee of the SPV Derivatives Counterparty must appear in person at the mediation.  Any willful failure to comply with this requirement in good faith may result in the imposition of ~~sanctions~~Sanctions, as provided below.  The Creditors' Committee may attend and participate in all mediations hereunder.  Counsel may also be present and participate.

(g)  *End of Mediation*.  The mediation shall end upon request of a party and concurrence by the mediator.

### OTHER PROVISIONS

10.  *Deadlines*.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the parties; or (ii) the Bankruptcy Court, for cause shown.

11.  *Sanctions for Parties*.  Each Debtor and SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and Noteholder) must participate in good faith with these SPV Derivatives ADR Procedures with regard to the SPV Derivatives ADR Disputes specified in the applicable SPV Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that a party has not complied with the SPV Derivatives ADR Procedures in good faith in connection with any SPV Derivatives ADR Dispute, such party may be subject to such Sanctions as the Court deems appropriate (the *"Sanctions"*).  If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the SPV Derivatives ADR Procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of

these procedures upon completion of the Notice/Response Stage.  Sanctions may include, but are
not limited to:

(a)   *Against Debtors*:   (i) attorneys' fees incurred with respect to the SPV
Derivatives ADR Procedures after the receipt of the SPV Derivatives ADR Package; (ii)
fees and costs of the Mediator; (iii) termination of the SPV Derivatives ADR Procedures
as to one or more SPV Derivatives Transactions; and/or (iv) rejection of some or all
claims asserted by Debtors in the applicable SPV Derivatives ADR Dispute.

(b)   *Against SPV Derivatives Counterparties, SPV Trustees, or Noteholders*: (i)
attorneys' fees incurred by the Debtors with respect to the SPV Derivatives ADR
Procedures after the sending of a Derivatives ADR Package; (ii) fees and costs of the
Mediator; (iii) an award in the SPV Derivatives ADR Dispute in the amount specified in
the SPV Derivatives ADR Notice; and/or (iv) an entry of a judgment for the Debtor in the
related Action.

(c)   *Confidentiality of Sanctions Process*:   Notwithstanding the confidentiality
provisions contained in paragraph 12 of this Order, a motion requesting Sanctions made
to the Court may identify the parties to the subject SPV Derivatives ADR Dispute and
describe the conduct giving rise to the request for Sanctions and entitling the moving
party to relief, but shall not include any description of any negotiations regarding the
SPV Derivatives ADR Dispute that are deemed confidential under the Standing Order,
this Order, or any other order of the Court.

12.   *Confidentiality*.  The confidentiality provisions of section 5.0 of the Standing Order
are hereby incorporated by reference into this Order.  No oral or written statements or arguments
made or positions taken by the mediator, the applicable Debtors, SPV Derivatives
Counterparties, SPV Trustees, Noteholders, Authorized Designees, or the Creditors' Committee

during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such parties or their attorneys and advisors to the Court or any third party; *provided, however,* that SPV Trustees may disclose such statements, arguments and positions as may become necessary with their respective Noteholders and advisors *provided* that it advise such Noteholders and their advisors that the material is subject to these same confidentiality provisions.  Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving in such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible. In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; *provided, however,* that consistent with the Derivatives ADR Order, the mediator or a designee shall continue on a monthly basis to report to the Court the status of the mediation efforts but shall not disclose the content thereof, which report shall include the number of SPV Derivatives ADR Notices served on Derivatives Counterparties (including SPV Derivatives Counterparties), the number of settlements reached after mediation, the number of mediations still pending, the number of mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached with Derivatives Counterparties following service of ADR Notices.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR Procedures including Settlement Conferences and the Mediation Stage.  Additionally, except with respect to any notice provided to Noteholders with respect to a settlement, the economic terms, including any settlement amounts, of any particular settlement reached pursuant to the SPV Derivatives ADR Procedures shall be kept confidential, and such economic terms shall be redacted in any pleadings filed with the Court.  Any SPV Derivatives Counterparty or SPV Trustee disclosing the economic terms to

Noteholders or their advisers shall advise such Noteholders and their advisers that such economic terms are subject to the terms of this Order.

13.    *Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected*. Unless affirmatively waived, participation in the SPV Derivatives ADR Procedures shall not waive or otherwise modify the right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist.  All parties' rights and defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully preserved.

14.    *Fees*.  Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the SPV Derivatives ADR Procedures, including Mediation; *provided, however,* that (i) the Debtors shall pay the reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order, and (ii) the Debtors shall pay the reasonable fees and expenses of the SPV Derivatives Counterparty and SPV Trustee in connection with these procedures and any mediation, and (iii) nothing contained herein shall be deemed to vary the terms of any SPV Derivatives Transaction in respect of the reimbursement of fees and expenses.

15.    *Binding Effect of Settlement.*  In the case of all settlements approved hereunder, so long as the SPV Trustee provides appropriate notice of the settlement to registered holders of the Notes or Certificates, and those beneficial holder known to it, the Order approving the settlement shall be binding upon all Certificateholders and Noteholders and shall bar Noteholders and Certificateholders from taking any action against the SPV Trustee as a result of the settlement.

16.    *Service of the Notice of the Motion*.    Service of notice of the Motion by e-mail or facsimile, where service by mail is not feasible, in accordance with the provisions of the Motion, is good and sufficient notice of the Motion.

**SO ORDERED:**

December ___, 2010
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**FORM OF SPV DERIVATIVES ADR NOTICE**

SPV Derivatives ADR Notice No.: _____

Debtor(s):_____          SPV Derivatives Counterparty:_____
              Name(s)                                              Name(s)

                                                            or

                                       SPV Trustee: _____
                                                              Name

SPV                                                                   Derivatives
Transaction:_____
_____
_____

Settlement Demand:  $_____

Explanation of Basis for Settlement Demand:  _____
_____
_____
_____
_____
_____
_____

                              Date of SPV Derivatives ADR Notice:_____

                              Date of Service:  _____

                              Response Due Date:  _____

Debtor Contact:        [Name]
                       [Address]
                       Telephone Number:  _____
                       Email:  _____

Original Noteholders                              Contact Information


Current known Noteholders                         Contact Information

**EXHIBIT B**

**FORM OF RESPONSE TO SPV DERIVATIVES ADR NOTICE**

SPV Derivatives Counterparty:_____
<br>                                         Name

                    or

SPV Trustee:_____
<br>                      Name

Response to SPV Derivatives ADR Notice No.: _____

☐ Agree to Settlement Demand

☐ Denial of Settlement Demand                    ☐ Counteroffer

                                         Counteroffer Amount:  $_____

Explanation of Basis for Counteroffer/Denial of Settlement Demand:  _____
_____
_____
_____
_____
_____
_____
_____
_____

Counterparty Contact:        [Name]
                             Telephone Number:  _____
                             Email:  _____

Exhibit B

Blackline of Proposed Order Marked Against Derivatives ADR Order

Document comparison by Workshare Professional on Wednesday, December 08, 2010 12:57:48 PM

| Input: | |
|---|---|
| Document 1 ID | C:/DV/everest/2918945_01_03_5383.doc |
| Description | C:/DV/everest/2918945_01_03_5383.doc |
| Document 2 ID | C:/DV/everest/2918945_01_07_5383.doc |
| Description | C:/DV/everest/2918945_01_07_5383.doc |
| Rendering set | Standard_Strike_Through |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary: | | |
|---|---|---|
| No. | Change | Text |
| 1 | Insertion | U.S. Bank Comments |
| 2 | Deletion | 2918945.01.03.doc |
| 3 | Change | "Lehman Brothers Holdings,...debtors, as debtors" changed to "Lehman Brothers Holdings,...debtors, as debtors" |
| 4-5 | Change | "notice.  The Court...be promoted if expedient" changed to "notice.  The Court...be promoted if expedient" |
| 6 | Change | "SPV counterparty, and to...negotiation," changed to "SPV counterparty, and to...negotiation," |

| 7 | Change | "vehicle or special...but not limited to any" changed to "vehicle or special...but not limited to any" |
| 8 | Change | "Transactions where one or...for affirmative" changed to "Transactions where one or...for affirmative" |
| 9 | Change | "the amounts that may be...or not an actual" changed to "the amounts that may be...or not an actual" |
| 10 | Change | "(c)    The Debtors have...(including adversary" changed to "(c)         The Debtors have...(including adversary" |
| 11 | Change | "Transactions (collectively, the "Actions")." changed to "Transactions...Counterparties." |
| 12-13 | Change | "precluded herein, a Debtor may designate any" changed to "precluded herein, a...in connection with any" |
| 14 | Change | "any dispute in which an Action" changed to "any Action" |
| 15 | Change | "Action is pending before the Court, including" changed to "Action that is pending...the Court, including" |
| 16-17 | Change | "Trustee (as defined...below) a copy of this" changed to "Trustee (as defined...below) a copy of this" |
| 18 | Change | "below) a copy of this...Derivatives ADR Notice" changed to "below) a copy of this...Derivatives ADR Notice" |
| 19 | Change | "Derivatives ADR Notice...the "SPV Derivatives" changed to "Derivatives ADR Notice...the "SPV Derivatives" |
| 20 | Change | "special investment vehicle that holds a" changed to "special investment...Trustee that it holds a" |
| 21-22 | Change | "holds a note or beneficial interest in the SPV" changed to "holds a Note or beneficial interest in the SPV" |

| | | |
|---|---|---|
| 23-24 | Change | "“Noteholder”); provided,...provisions" changed to "“Noteholder”); provided,...provisions" |
| 25-26 | Change | "this Order, including...information received." changed to "this Order, including paragraph 12." |
| 27-28 | Change | "these cases and/or an...(ii) hand delivery, (" changed to "these cases and/or an...by: (i) hand delivery, (" |
| 29-30 | Change | ") hand delivery, (iii) first class mail, or (" changed to ") hand delivery, (iiiii) first class mail, or (" |
| 31-32 | Change | ") first class mail, or...mail.  Service made" changed to ") first class mail, or...mail.  Service made" |
| 33 | Deletion | will be deemed adequate...Trustee or Noteholder. |
| 34 | Change | "must file a notice of...(30) calendar days" changed to "must file a notice of...(30) calendar days" |
| 35 | Change | "which time such defendant...responsive pleading. A" changed to "which time such defendant...responsive pleading.  A" |
| 36 | Change | "provided, however, that a...of personal jurisdiction" changed to "provided, however, that a defendant may" |
| 37 | Change | "within 30 calendar days of service" changed to "file [within 30 calendar days of service" |
| 38 | Change | "the SPV Derivatives ADR...with paragraph 5(d)" changed to "the SPV Derivatives ADR...with paragraph 5(d)" |
| 39 | Change | "filing of a notice of...with reservation" changed to "filing of a notice of...with reservation" |
| 40 | Change | "solely for the limited...appearance in compliance" changed to "solely for the limited...appearance in compliance" |
| 41 | Change | "attempt to consensually resolve ~~their~~" changed to "attempt to consensually resolve any ~~their~~" |
| 42-43 | Change | "~~their~~ dispute, (c) enter into settlements of" |

| | | changed to "~~their dispute~~disputed...into settlements of" |
|---|---|---|
| 44 | Change | "enter into settlements of...service of the Action" changed to "enter into settlements of...service of the Action" |
| 45-46 | Change | "contained herein shall...from settling, and" changed to "contained herein shall...from settling, and" |
| 47-48 | Change | "from settling, and the...are encouraged to settle" changed to "from settling, and such...are encouraged to settle" |
| 49 | Change | "are encouraged to settle,...Derivatives ADR Dispute" changed to "are encouraged to settle...Derivatives ADR Dispute" |
| 50 | Change | "the SPV Derivatives ADR...time before, during, or" changed to "the SPV Derivatives ADR...time before, during, or" |
| 51 | Change | "the SPV Derivatives ADR...that all SPV Derivatives" changed to "the SPV Derivatives ADR...that all SPV Derivatives" |
| 52-53 | Change | "cases permitting such...permitted under the" changed to "cases permitting such...permitted under the" |
| 54 | Change | "required to settle or...the SPV Derivatives" changed to "required to settle or...the SPV Derivatives" |
| 55-56 | Change | "each SPV Derivatives...and any SPV Trustee and" changed to "each SPV Derivatives...the SPV Trustee and" |
| 57 | Change | "SPV Trustee and...on whom a Debtor elects" changed to "SPV Trustee and any...on whom a Debtor elects" |
| 58 | Change | "mediation in good faith,...of the mediator, and" changed to "mediation in good faith,...of the mediator, and" |
| 59-60 | Change | "Derivatives Counterparty...calendar days of service" changed to "Derivatives |

| | | Counterparty...calendar days of service" |
|---|---|---|
| 61-62 | Change | "under the Derivatives ADR...calendar days of notice" changed to "under the Derivatives ADR...calendar days of notice" |
| 63-64 | Change | "the SPV Derivatives ADR...settlement authority" changed to "the SPV Derivatives ADR...settlement authority" |
| 65 | Change | "Counterparty (the...Derivatives Counterparty" changed to "Counterparty (the...Derivatives Counterparty" |
| 66-67 | Change | "Derivatives Counterparty...Designee from time to" changed to "Derivatives Counterparty...Designee from time to" |
| 68 | Change | "contact information of the person or entity" changed to "contact information of the person(s) or entity" |
| 69 | Change | "or entity with settlement authority, state" changed to "or entity(ies) with settlement authority, state" |
| 70 | Change | "authority, state that such person or entity" changed to "authority, state that such person(s) or entity" |
| 71 | Change | "or entity has agreed to participate in the" changed to "or entity(ies) has agreed to participate in the" |
| 72 | Change | "Derivatives Counterparty...such person or entity" changed to "Derivatives Counterparty...such person(s) or entity" |
| 73 | Change | "or entity with settlement authority" changed to "or entity(ies) with settlement authority" |
| 74 | Change | "with settlement...any other provisions" changed to "with settlement...any other provisions" |
| 75 | Insertion | of paragraph 5(b)(iii)...be paid by the Debtors. |
| 76-77 | Change | "(ii)    directly to any...current Noteholders; and" changed to "(ii)    directly to any...or other interest; and" |
| 78-79 | Change | "(iv)    Within ten (10)...written request" changed to "(iv)    Within ten (10)...written request" |
| 80 | Change | "Trustee, shall provide...sufficient to identify" changed to "Trustee, shall provide...sufficient to identify" |

| 81 | Insertion | (v)        To the extent the SPV...of any such advisor. |
| 82 | Change | ")        If a Debtor has not timely received" changed to "(vi)        If a Debtor has not timely received" |
| 83-84 | Change | "authorized by this...as automatically" changed to "authorized by this...as automatically" |
| 85-86 | Change | "(vi)        In taking the steps outlined in" changed to "(~~vi~~vii) In taking the steps outlined in" |
| 87 | Change | "the SPV Derivatives...and, at such Debtor" changed to "the SPV Derivatives...and, at such Debtor" |
| 88-89 | Change | "s election, the SPV...who have appeared" changed to "s election, one or more...who have appeared" |
| 90 | Change | "in full settlement and...ADR Notice")." changed to "in full settlement and...ADR Notice")." |
| 91 | Change | "the SPV Derivatives...and~~,~~ at such Debtor" changed to "the SPV Derivatives...and~~,~~ at such Debtor" |
| 92 | Change | "s election, the related... All deadlines" changed to "s election, one or more... All deadlines" |
| 93-94 | Change | "Order will run from the...Derivatives ADR Package." changed to "Order will run from the...Derivatives ADR Package." |
| 95 | Change | "a settlement and general...Debtor shall dismiss the" changed to "a settlement and general...Debtor shall dismiss the" |
| 96 | Deletion | defined below) as set...the mediation stage. |
| 97 | Change | "time prior to the...to the SPV Derivatives" changed to "time prior to the...to the SPV Derivatives" |
| 98-99 | Change | "may result in the...below.  The Creditors" changed to "may result in the...below.  The Creditors" |
| 100 | Change | "respective Noteholders...same confidentiality" changed to "respective Noteholders...same confidentiality" |
| 101 | Change | "Mediation Stage. ...terms, including any" changed to "Mediation Stage. ...terms, including any" |
| 102 | Change | "any pleadings filed with the Court." changed to "any pleadings filed with...the terms of this Order." |

| 103 | Change | "Except as otherwise...shall pay the reasonable" changed to "Except as otherwise...shall pay the reasonable" |
| 104 | Change | "the terms of this Order,...contained herein shall" changed to "the terms of this Order,...contained herein shall" |
| 105 | Insertion | 15.    Binding Effect of...of the settlement. |
| 106 | Change | "Service of the Notice of the Motion." changed to "16.    Service of the Notice of the Motion." |
| 107 | Insertion | Original Noteholders  Contact Information |
| 108 | Insertion | Current known Noteholders   Contact Information |
| 109-111 | Insertion | -1- |
| 112 | Deletion | EXHIBIT B<br><br>BLACKLINE OF...DERIVATIVES ADR ORDER |

| Statistics: | |
| --- | --- |
| | Count |
| Insertions | 71 |
| Deletions | 41 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 112 |