# EXHIBIT 14

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ANDREW K. GLENN
212-506-1747

ATLANTA
HOUSTON
NEWARK

November 24, 2010

**BY ELECTRONIC MAIL**

Ralph I. Miller, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

      Re:   *BNY Corporate Trustee Services, Ltd. v. Lehman Brothers Special Financing Inc.*,
            Adversary Proceeding No. 09-01242 (JMP)

Dear Mr. Miller:

      We represent Belmont Park Investments Pty Limited and other similarly situated creditors that hold notes issued under the Dante Finance PLC Multi-Issuer Secured Obligation Programme (the "Belmont Noteholders"). As you know, on October 20, 2010, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") issued its *Order Staying Avoidance Actions and Granting Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, which stayed numerous adversary proceedings (the "Dante Litigation Proceedings"), including those adversary proceedings commenced against the Belmont Noteholders, involving transactions and issues similar to those presented by the *LBSF v. BNY Corp. Trus. Serv.* adversary proceeding (Adv. Pro. No. 09-01242 (JMP)) (the "Perpetual Litigation").

      On November 17, 2010, that certain *Joint Motion of Appellees Lehman Brothers Special Financing Inc. and the Official Committee of Unsecured Creditors to Stay Appeal Pending Final Settlement* was filed with the United States District Court for the Southern District of New York. Because Lehman Brothers Special Financing Inc. ("LBSF") apparently will be settling the Perpetual Litigation with Perpetual Trustee Company Limited ("Perpetual"), the Belmont Noteholders are concerned with the potential implications that such a settlement may have on its interests. Specifically, the Belmont Noteholders are troubled by the possibility that the Debtors will assert that the decision of the Bankruptcy Court in the Perpetual Litigation (the "Perpetual Bankruptcy Opinion") will have a preclusive effect on the Dante Litigation Proceedings and litigation in England based upon res judicata, collateral estoppel and other similar doctrines.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Ralph Miller, Esq.
Weil, Gotshal & Manges LLP
November 24, 2010
Page 2 of 2

    While we strongly believe that the Perpetual Bankruptcy Opinion does not have any such preclusive effect, we would appreciate written confirmation from LBSF as to its position in this regard by noon on December 1, 2010. If you fail to provide such confirmation, we intend to seek relief from the District Court presiding over the Perpetual Litigation.

    Nothing herein is a waiver of any of our clients' rights, claims and remedies, all of which are expressly reserved.

Sincerely,

*Andrew K. Glenn* /MBS

Andrew K. Glenn

cc:    Eric Schaffer, Esq.

2161730v1
11/24/2010 5:25 PM