ALSTON & BIRD LLP
Michael Johnson, Esq.
90 Park Avenue
New York, N.Y. 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

and

John C. Weitnauer, Esq.
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Bank of America, National Association
successor by merger with LaSalle Bank National Association,
as Trustee under certain Pooling and Servicing Agreements*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
|                                                          :
In re:                                                     :   Chapter 11
                                                           :
**LEHMAN BROTHERS HOLDINGS, INC.,**                        :   Case No. 08-13555 (JMP)
*et al.*                                                   :
                                                           :   (Jointly Administered)
        Debtor.                                            :
-----------------------------------------------------------x

**LIMITED OBJECTION OF BANK OF AMERICA, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, SOLELY IN ITS CAPACITY AS TRUSTEE UNDER CERTAIN POOLING AND SERVICING AGREEMENTS TO THE DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Bank of America, National Association ("BANA"), successor by merger to LaSalle Bank

National Association ("LaSalle"), solely in its capacity as trustee under certain pooling and servicing agreements listed on Exhibit A (in each case, "Trustee"), hereto hereby files[1] this limited objection (the "Limited Objection") to "Debtors' Motion Pursuant to Section 105(A) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties" (Docket No. 13009) (the "Motion") and certain provisions contained in the proposed Order attached as Exhibit A to the Motion (the "Proposed Order").  Except as otherwise defined herein, capitalized terms have the meaning given in the Proposed Order.

## BACKGROUND

1.  BANA, as successor by merger to LaSalle, serves as trustee under each of the pooling and servicing agreements listed on Exhibit A hereto (each, a "PSA").  In each case, BANA, as Trustee performs certain administrative functions in respect of the commercial mortgage trust transaction to which the PSA relates (the "CMBS Transactions").  Pursuant to the applicable PSA, commercial mortgage loans were deposited by a Depositor into the trust formed under the PSA in exchange for the certificates (the "Certificates") which represented a beneficial interest in such commercial mortgage loans.  The commercial mortgage loans in each Trust are the sole source of funds for interest and principal payments on the Certificates.  In each CMBS Transaction, there are numerous classes of Certificates, and potentially numerous holders in each class.  Payments to Certificateholders and other parties are made pursuant to the priority of payments provisions (often referred to as the "waterfall") contained in the governing PSA.

---

[1] Counsel for the Debtor(s) granted BANA a one day extension to file this Limited Objection.

- 2 -

2. In connection with each CMBS Transaction, each Trustee entered into one or more "Master Agreements" with Lehman Brothers Special Financing Inc. ("LBSF") using the International Swap Dealers Association, Inc.'s Multicurrency-Cross Border form, as supplemented by a "Schedule to the Master Agreement" and a "Confirmation" between Issuer and LBSF (in each case, collectively, a "Swap"). Each such Swap related to a separate class of Certificates.

3. On information and belief, one or more of the Debtors believe that each of the CMBS Transactions is one where such Debtor(s) believe that it has "the potential for affirmative recovery"[2] and therefore would consider (i) each CMBS Transaction and Swap to be an SPV Derivatives Transaction, and (ii) each Trustee to be a SPV Derivatives Counterparty. As an SPV Derivatives Transaction,[3] each CMBS Transaction and Swap would be subject to the Proposed Order.

4. The purpose of the Proposed Order is to establish an alternative dispute resolution ("ADR") procedure that, the Debtors expect, will allow settlements to be reached for many SPV Derivatives Transactions. Following the designation of an adversary proceeding as one that is subject to the Proposed Order, the Proposed Order establishes a two part ADR process: first, a Notice/Response Stage; and second (if a settlement is not reached in the Notice/Response Stage), a Mediation Stage.

5. For the reasons set out below, BANA, as Trustee under each of the PSAs, files this limited objection to certain provisions of the Proposed Order.

---

[2] Proposed Order at ¶ 1.a.

[3] An adversary proceeding has already been commenced in this Court as to each CDO transaction. See the Proposed Order at ¶ 2.

## **LIMITED OBJECTIONS**

### A. Designation as a SPV Derivatives ADR Dispute

6. The Proposed Order allows any Debtor to designate certain disputes as disputes that are subject to the ADR procedures of Proposed Order by:

> serving such SPV Derivatives Counterparty, SPV Trustee (as defined below), and/or a Noteholder (as defined below) a copy of this Order and the SPV Derivatives ADR Notice (as defined below) (collectively, the "SPV Derivatives ADR Package" ....

Proposed Order at ¶ 2. In general, "after service of the SPV Derivatives ADR Package, compliance with the SPV Derivatives ADR Procedures in [the Proposed] Order is mandatory." Proposed Order at ¶ 5.a.

7. Following the service of the SPV Derivatives ADR Notice, the Proposed Order requires the SPV Derivatives Counterparty (which, in the case of the CMBS Transactions, would be BANA, as Trustee) to:

> [S]end notice of the SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized Designee with settlement authority, and the related Action, to all Noteholders, in accordance with both the requirements of paragraph 5(b)(iii) below.

8. Paragraph 5(b)(iii) of the Proposed Order imposes certain obligations on the Trustee that are inconsistent with the CMBS Transaction Documents – *e.g.*, arranging and paying for publication of notices in the Wall Street Journal and Financial Times. BANA objects to any provisions of the Proposed Order that impose "service" or "notice" obligations on it, or would require the expenditure of funds, in each case that are inconsistent with the applicable PSA, and further objects to any required communication with Certificateholders by it until such time as the Debtor(s) make a Settlement Demand (defined below).

**B. The Notice/Response Stage.**

9. The Notice/Response Stage begins with the service of an SPV Derivatives ADR Notice upon the SPV Derivatives Counterparty (which, in the case of each CMBS Transaction, would be the Trustee), and "*at such Debtor's election*, the SPV Trustee and/or Noteholder (and any attorneys who have appeared in these cases or an Action)." Proposed Order at ¶ 7.a. (emphasis added). The SPV Derivatives ADR Notice must contain, among other things, "an amount of monetary recovery Debtor(s) would accept in full settlement and compromise" (any such amount that Debtor(s) would accept in full settlement of its claims is referred to as the "Settlement Demand"). *Id*.

10. Any Settlement Demand, if paid, could affect the amounts that would otherwise be paid to Certificateholders pursuant to the applicable PSA. Accordingly, the parties with the real economic interest in claims asserted by the Debtor(s) in connection with the CMBS Transactions are (i) the Debtor(s) and (ii) the Certificateholder(s) who hold the Certificates in the Class of Certificates that are benefitted by the applicable Swap. However, as the Proposed Order makes clear elsewhere, the Debtor does not know the identity of *all* Certificateholders in all of the SPV Derivatives Transactions (*see, e.g.*, ¶ 5.b.ii. of the Proposed Order). Neither does BANA, as Trustee; however, BANA, as Trustee, was aware of the identity of those Certificateholders who, at one or more dates in the past, gave BANA, as Trustee, directions and indemnities in connection certain Swaps entered into connection with the applicable PSA.

11. BANA, as trustee, objects to the Debtors' proposed Notice/Response Stage procedures. Rather, beginning only with the Notice/Response Stage, Debtor(s) should be required to give the Trustee the Settlement Demand, and the Trustee, to the extent consistent with its role under the applicable PSA, can give notice of such Settlement Demand to the Certificateholder(s) that would be impacted by such a settlement. Depending on the Settlement

Demand, and the responses to it, if any, from Certificateholder(s), those Certificateholder(s) and the Trustee can determine whether the Settlement Demand can be accepted (or what further steps would be required under the PSA or other applicable documents, if the Settlement Demand were to be accepted), and if not, whether a counteroffer should be made. BANA, as Trustee, submits that the proposed Notice/Response Stage procedures fail to take into account the nature of these CMBS Transactions, which are complex structured transactions. In each CMBS Transaction, the applicable Swap was terminated at the direction of one or more Certificateholder(s) pursuant to a written direction and indemnity, and BANA, as Trustee, must take such directions and indemnities, and any future directions and indemnities, into account when considering any such Settlement Demands.

12. BANA, as Trustee, submits that the Proposed Order should be modified to be consistent with the limitations outlined in the preceding paragraph.

**C. The Authorized Designee**

13. One of the first acts the Proposed Order requires a SPV Derivative Counterparty to do is to "identify and designate"[4] a person or entity[5] "with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty."[6]

14. While the Authorized Designee is not involved in the written offer/response to a Settlement Demand, if a Settlement Conference is held, this Authorized Designee is required to participate. If the Notice/Response Stage does not result in a Settlement, the Authorized Designee is given a role. Paragraph 9.f. of the Proposed Order provides that:

> [A]ll participants in the mediation for the applicable SPV Derivatives ADR Dispute, must appear in person with a person who has complete authority to

---

[4] Proposed Order at ¶ 5.b.

[5] Proposed Order at ¶ 5.b.i.

[6] Proposed Order at ¶ 5.b.

negotiate all disputed amounts and issues such that its decisions bind that party. The Authorized Designee of the SPV Derivatives Counterparty must appear in person at the mediation.

15. The Proposed Order is not clear regarding the identity of the "parties" to the Mediation, but clearly one or more "parties" other than the Authorized Designee is contemplated. As noted above, one or more Certificateholders will have the economic interest in the amount of any Settlement Demand, but, depending on the nature of the Settlement Demand, it may not be possible for any one Certificateholder to bind anyone other than itself. It is also not clear how the mediation can be effective unless the affected Certificateholders with the economic interest have been identified in advance and are willing to participate in an ADR Process.

16. Under the Proposed Order, the Authorized Designee is to have complete settlement authority for the Trustee (in these CMBS Transactions, at least). BANA, as Trustee, submits that this concept of an Authorized Designee fails to take into account the nature of these CMBS Transactions, which are complex structured transactions. BANA, as Trustee, does not have the unfettered ability to act in each of the CMBS Transactions.

17. BANA, as Trustee, submits that the Proposed Order should be modified to provide that (i) if the Notice/Response Stage does not result in a settlement, but does result in sufficient participation of affected Certificateholder(s) that permits the parties to believe, in good faith, that mediation could be useful in reaching a settlement, that mediation could be instituted at that time, with the participating parties known in advance, and (ii) sanctions can only be imposed, in the discretion of the Court, where the Debtors adduce proof of bad faith or intentional misconduct on the part of the SPV Counterparty, trustee or other transaction party against whom sanctions have been sought.

Pg 8 of 9

## **CONCLUSION**

The Proposed Order should therefore be modified and limited as set forth above.

/s/ Michael Johnson
ALSTON & BIRD LLP
Michael Johnson, Esq.
90 Park Avenue
New York, N.Y. 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

and

John C. Weitnauer, Esq.
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Bank of America, National Association successor by merger with LaSalle Bank National Association, as Trustee under the PSAs Listed on Exhibit A*

Exhibit A

LB-UBS Commercial Mortgage Trust 2007-C3, Commercial Mortgage Pass-Through Certificates, Series 2007-C3, Class A-2FL Grantor Trust.

LB-UBS Commercial Mortgage Trust 2007-C3, Commercial Mortgage Pass-Through Certificates, Series 2007-C3, Class A-MFL Grantor Trust.

LB-UBS Commercial Mortgage Trust 2007-C6, Commercial Mortgage Pass-Through Certificates, Series 2007-C6, Class A-MFL Grantor Trust.

LB-UBS Commercial Mortgage Trust 2007-C6, Commercial Mortgage Pass-Through Certificates, Series 2007-C6, Class A-2FL Grantor Trust.

LB-UBS Commercial Mortgage Trust 2008-C1, Commercial Mortgage Pass-Through Certificates, Series 2008-C1, Class A-2FL Grantor Trust.