Hearing Date: December 15, 2010 at 10:00 a.m.
Objections Deadline: December 9, 2010 (Extended by Agreement with the Debtors)

**SIDLEY AUSTIN LLP**
Michael G. Burke
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

and

Joel S. Feldman
Mark B. Blocker
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

*Counsel for Principal Global Investors (Europe) and
Principal Global Investors, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                                :
In re:                                                          :    Chapter 11
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    Case No. 08-13555 (JMP)
                                                                :
               Debtors.                                         :    (Jointly Administered)
                                                                :
                                                                :
---------------------------------------------------------------

**OBJECTION OF PRINCIPAL GLOBAL INVESTORS (EUROPE) AND PRINCIPAL
GLOBAL INVESTORS, LLC TO DEBTORS' MOTION PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AUTHORIZATION
TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR
AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES TRANSACTIONS
WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES**

TO:    THE HONORABLE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE:

Principal Global Investors (Europe) and Principal Global Investors, LLC (collectively,

"Principal"), by and through their undersigned counsel, hereby submit this objection (the

"Objection") to the *Debtors' Motion Pursuant to Section 105(a) Of The Bankruptcy Code And*

*General Order M-390 For Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims Of The Debtors Under Derivatives Transactions With Special Purpose Vehicle Counterparties*, dated November 24, 2010 (the "<u>Motion</u>").[1]  In support of this Objection, Principal respectfully states as follows:

## PRELIMINARY STATEMENT

1.  Generally, Principal does not oppose the use of alternative dispute resolution to settle disputes with respect to SPV Derivatives Transactions in a cost effective and efficient manner.  Principal does object, however, to certain provisions contained in the proposed SPV Derivatives ADR Procedures, because such provisions (i) may unjustly and inequitably strip away the rights of Noteholders, (ii) are confusing, ambiguous and overbroad, and (iii) may allow for results that may adversely impact the Noteholders through no fault of their own.

2.  Indeed, the Debtors generally acknowledge in the Motion that the Noteholders – not the SPV Derivatives Counterparties – are the parties with the economic stake in the SPV Derivatives Transactions, yet the SPV Derivatives ADR Procedures provide that an Authorized Designee designated by the SPV Derivatives Counterparty shall be the party to negotiate with the Debtors and engage in mediation.  While the Debtors assert that it is neither "novel or uncommon" to bring a party to an adversary proceeding to mediation, the concept of compelling the SPV Derivatives Counterparty to designate an Authorized Designee with "complete settlement authority" to negotiate all claims and issues subject to a pending Adversary Proceeding (as defined herein) and bind the Noteholders is extraordinary – and is an impermissible violation of the Noteholders' due process and contractual rights.  The Debtors

---

[1] Capitalized terms not defined herein shall have the same meanings as ascribed to them in the Motion or in the proposed order (the "<u>Proposed Order</u>").

cannot be permitted to use what is characterized as a procedural motion to modify the substantive rights of Noteholders simply for the administrative convenience of the Debtors.

3. Moreover, it would appear from the Motion that absent the timely designation of this Authorized Designee by a SPV Derivatives Counterparty or the failure of, among other parties, a SPV Derivatives Counterparty to otherwise comply with the terms of the SPV Derivatives ADR Procedures, the SPV Derivatives Counterparty (and the SPV Trustee and the Noteholders) face potential sanctions including the entry of an order or judgment for the recovery of amounts demanded by the Debtors. These provisions of the SPV Derivatives ADR Procedures are overbroad and confusing and must be modified to include restrictions on the imposition of Sanctions, including limiting such sanctions to only the offending party (and not any other SPV party) and providing that only that party will suffer the resulting economic costs.

4. Accordingly, for the reasons set forth herein, Principal respectfully requests that the Motion should be denied, unless the proposed procedures are amended to address the issues identified below.

## RELEVANT BACKGROUND

5. On September 14, 2010, Lehman Brothers Special Finance Inc. ("LBSF") commenced an adversary proceeding, styled Lehman Brothers Special Finance Inc. v. Bank of America National Association, et al., Adv. P. No. 10-03547 (JMP) (the "Adversary Proceeding") to recover funds paid to Noteholders in connection with various CDO Transactions. Principal Global Investors (Europe) and Principal Global Investors, LLC are named as defendants in the Adversary Proceeding.[2]

---

[2] Principal explicitly reserve, and intend no waiver of, all rights and defenses relating to and arising in connection with the Adversary Proceeding.

3

6. LBSF asserts that it commenced the Adversary Proceeding (i) "to prevent certain unenforceable *ipso facto* clauses from modifying LBSFs' right of priority payment" and (ii) "to recover funds that were improperly paid to the Noteholders." *First Amended Complaint*, ¶ 1.

7. The Adversary Proceeding has been stayed until July 20, 2011. See *Order Staying Avoidance Actions and Granting Certain Relief Granted Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(A)(1)* [Docket No. 12199].

8. On November 24, 2010, the Debtors filed the Motion seeking to implement certain SPV Derivatives ADR Procedures which would cover, among other SPV Derivatives Transactions, the CDO Transactions that are at issue in the current pending Adversary Proceeding.

## BASIS FOR OBJECTION

9. The proposed SPV Derivatives ADR Procedures provide that the SPV Counterparty must identify, designate and name an Authorized Designee, which is a person with "complete settlement authority to negotiate all disputes and issues" with respect to an SPV Derivatives Transaction. *Motion*, ¶ 16. The Debtors' stated reason for compelling the selection of the Authorized Designee is so the Debtors will have someone with whom to negotiate. See *Motion*, ¶ 14. While the desire of the Debtors is certainly understandable, the "one size fits all approach" contained in SPV Derivatives ADR Procedures fails to account for the complexity of myriad of structures created, sponsored and/or marketed by the Debtors and the underlying SPV Derivatives Transaction documents (the "Transaction Documents") related to such SPV structures. As noted above, and as described in more detail in the objections filed by SPV Trustees, neither the SPV Derivatives Counterparties nor the SPV Trustees are the economic stakeholders and those entities generally have no right or authority to resolve the matters at issue

and cannot bind the Noteholders with their consent or direction.[3]  In many instances, SPV Derivatives Counterparties are nothing more than shell entities that issued notes or certificates of beneficial interests pursuant to indentures or trust agreements, and neither have the ability or requisite authority to designate a person with "complete settlement authority" to resolve issues related to a SPV Derivatives Transaction or to modify the rights of the Noteholders under the Transaction Documents.  Indeed, the relevant indenture agreements do not contemplate or authorize any person, including any issuer or the indenture trustee, to enter into such negotiations on behalf of Noteholders or to designate a third party to act on their behalf.

10. Accordingly, the SPV Derivatives ADR Procedures should be modified to provide a mechanism that permits individual Noteholders (with respect to their particular interests) to negotiate directly with the Debtors and engage in mediation.

11. Moreover, any order approving the SPV Derivatives ADR Procedures must make clear that no action (or inaction) by any other party to the relevant SPV Derivatives Transaction (including the SPV Derivatives Counterparty, any Authorized Designee, the SPV Trustee or any other Noteholder) shall be binding or have any effect on the rights, remedies and defenses of any Noteholder that chooses to engage in the ADR process directly with the Debtors.

12. Moreover, the SPV Derivatives ADR Procedures contain confusing and overbroad provisions that could result in Sanctions (including the entry of an order or judgment

---

[3] See, e.g., *Objection of Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company to Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties* [Docket No. 13305]; *Objection of U.S. Bank National Association as Trustee to the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts with Special Purpose Counterparties* [Docket No. 13307]; *Objection of The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., and BNY Corporate Trustee Services Limited to Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts with Special Purpose Vehicle Counterparties* [Docket No. 13303].

for the recovery of amounts demanded by the Debtors) being ordered through no fault of the Noteholders. For example, the Proposed Order provides that "[t]he SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee and/or Noteholders, as the case may be)" must respond to the SPV Derivatives Notice in writing within 75 calendar days and that in addition to the Authorized Designee, "all participants in a mediation for the applicable SPV Derivatives ADR Dispute, must appear in person with a person who has complete authority" to bind such party. See *Proposed Order*, ¶¶ 7, 9. These overbroad provisions would appear to permit the imposition of Sanctions against parties to a SPV Derivatives Transaction that otherwise have complied with the SPV Derivatives ADR Procedures because other parties failed to comply. Accordingly, Principal respectfully submits that the SPV Derivatives ADR Procedures should include restrictions on the imposition of Sanctions, so that only the offending party is sanctioned (and no other SPV party) and that party being sanctioned is the only entity that actually will suffer the resulting economic costs.

## RESERVATION OF RIGHTS

13. Principal explicitly reserves, and intends no waiver of, all rights and defenses relating to and arising in connection with the Adversary Proceeding. Moreover, Principal reserves the rights to supplement this Objection, join in any objections of other parties in interest and raise additional arguments at the hearing on the Motion.

## CONCLUSION

WHEREFORE, Principal respectfully requests that this Court deny the Motion, unless the proposed procedures are modified to address the concerns described above.

| | |
|---|---|
| Dated: December 9, 2010<br>New York, New York | **SIDLEY AUSTIN LLP**<br><br>/s/ Michael G. Burke<br>Michael G. Burke<br>787 Seventh Avenue<br>New York, NY 10019<br>Tel: (212) 839-5300<br>Fax: (212) 839-5599<br><br>and<br><br>Joel S. Feldman<br>Mark B. Blocker<br>One South Dearborn<br>Chicago, IL 60603<br>Tel: (312) 853-7000<br>Fax: (312) 853-7036<br><br>*Counsel for Principal Global Investors (Europe) and Principal Global Investors, LLC*<br><br>. |

7