UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                    :

In re:                                :        Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al.,  :        Case No. 08-13555 (JMP)

                  Debtors.       :        (Jointly Administered)
                                      :
------------------------------------------------------------x

## SIXTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Professional Services to: | THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS, INC., et al. |
| Date of Retention: | September 17, 2008 |
| Period for which compensation and reimbursement is sought: | June 1, 2010 to September 30, 2010 |

Amount requested in this fee app
    Compensation requested:      $13,364,786.17
    Expense reimbursement requested:  $65,183.44

Amount previously requested
    Compensation requested:      $38,819,874.34
    Expense reimbursement requested:  $881,084.27

This is an (a): __X__ Interim ____ Final Application

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                 :

In re:                                :           Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al.,  :           Case No. 08-13555 (JMP)

                    Debtors.        :           (Jointly Administered)
                                   :

---------------------------------------------------------------x

### SIXTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

        FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisor to the Official

Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc.

("LBHI"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases

(collectively, the "Debtors" or the "Company") and, together with their non-debtor affiliates,

("Lehman"), hereby submits its sixth application pursuant to 11 U.S.C. §§330 and 331 for an

interim allowance of compensation for services rendered and for reimbursement of expenses

incurred in these cases.

### INTRODUCTION

        1.      By this application, FTI seeks a sixth interim allowance of compensation

for professional services rendered as financial advisors to the Committee for the period June 1,

2010 through and including September 30, 2010 (the "Sixth Interim Period") in the amount of

$13,364,786.17, representing 26,544.4 hours in professional services, and actual and necessary expenses of $65,183.44. In support of this application, the Applicant represents as follows:

2.    This application is submitted pursuant to the terms of the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members dated November 5, 2008 (the "Administrative Fee Order"). FTI is seeking the interim award and the full payment, without any holdback of fees, of $13,364,786.17 in fees and $65,183.44 for reimbursement of its expenses relating to services rendered on behalf of the Committee during the Sixth Interim Period. Included in the $13,364,786.17 fee amount is $2,672,957.23 that represents the 20% professional fee holdback as required in the Administrative Fee Order for the period of June 1, 2010 through September 30, 2010.

## BACKGROUND

3.    On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.    On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

5.     On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.     By an Order dated November 21, 2008, the United States Bankruptcy Court for the Southern District of New York authorized and approved the Committee's retention of FTI *nunc pro tunc* to September 17, 2008. FTI also filed its First Supplemental Affidavit of Michael Eisenband in Support of Application for an Order for Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors on January 23, 2009, a Second Supplemental Affidavit on April 6, 2009, a Third Supplemental Affidavit on June 19, 2009, a Fourth Supplemental Affidavit on April 15, 2010, and a Fifth Supplemental Affidavit on November 23, 2010.

## SUMMARY OF SERVICES RENDERED

7.     The Debtors' chapter 11 cases have presented numerous complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors. The Retention Order authorizes FTI to render essential financial advisory services to the Official Committee of Unsecured Creditors, which included, but were not limited to the following services during the Sixth Interim Period:

**PCD 0800 Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee**

FTI's role included coordinating and fulfilling numerous requests from the Committee for financial and operational data pertaining to the Debtors. FTI worked with Committee counsel in the preparation and presentation of extensive materials for two weekly calls with both the full Committee and one with the Committee co-chairs to discuss, among other things, updates on

4

derivative positions, real estate positions, cash balances, monthly operating reports,

intercompany balances, substantive consolidation, LAMCO, the POR ("Plan of

Reorganization"), guarantee claims analysis, and other key issues. FTI also attended two in

person meetings with the Debtor and the Committee on July 15, 2010, and September 30, 2010.

## PCD 1100 LBI/SIPC Coordination and Issues

 FTI analyzed the customer and general estate claims filed by the Debtors with the LBI

administration to determine what customer claims may provide substantial recoveries to the

estates, whether certain customer claims should be categorized as general estate claims, what

claims may be subject to subordination, and what claims may have to be netted.  FTI also

analyzed LBI's claims filed with the Debtors to determine whether there were duplicates,

erroneous filings, and whether amounts should be netted down.  Further, FTI analyzed various

scenarios for valuation of the ALI PIK note to determine arguments for valuation offsets and

potential asset impacts to the Debtor estates.  FTI has calculated various recovery scenarios for

the Debtor claims with LBI for input into the UCC recovery model and for considerations when

negotiating with the LBI administration.

## PCD 1200 Cash Management

FTI reviewed the Company's cash and short-term investment position on a weekly and monthly

basis.  FTI attended regular meetings with Alvarez & Marsal ("A&M") to discuss the actual

weekly cash flow results and prepared reports to the Committee with details of the Debtors'

current cash and short-term investment position. FTI also reviewed and analyzed the actual Q1

2010 cash results vs. the Q1 2010 cash budget. These services aided the Committee in obtaining

a complete understanding of the Company's complex cash flows, key settlements that impacted

cash flow, financial performance, key business drivers, and areas that needed to be evaluated further (e.g., potential capital calls, hedging opportunities, etc.) in order to ensure that sufficient liquidity was maintained.

**PCD 1400 Employee/ERISA/Benefits/Pension Issues**

FTI provided support to the Debtors by assisting in the development and review of the employee retention and recruiting plan. Specifically, FTI reviewed updated versions of the employee retention and recruiting plan to analyze employee headcount and related compensation (base, bonus, and severance pay). FTI also spent time reviewing the current headcount and need for extensions of employee contracts for the various asset groups, and the resulting impact on the overall cost to the estate.  Time was also spent reviewing the Derivatives 2011 Incentive Compensation Plan.

**PCD 2100 Intercompany Issues**

During this time period, FTI had two individuals working with the Debtor specifically on intercompany accounts and intercompany guarantee claims. FTI spent time analyzing intercompany trading activity, including derivatives and structured notes transactions. FTI worked with Debtor personnel to roll forward intercompany non-trading balances for Debtor and non-Debtor entities through their respective filing dates. FTI worked with Debtor personnel to analyze certain intercompany general ledger accounts in an attempt to identify and quantify pre-petition accrued interest.

Time was also spent participating in meetings and calls with Debtor personnel in order to analyze affiliate guarantee claims.  FTI updated the intercompany matrix for balances between Lehman entities to feed into the Committee's recovery model. FTI also analyzed the

intercompany concepts of setoff, subrogation, and debt re-characterization to assess the impact

on recoveries to creditors. In developing the intercompany matrix, FTI analyzed the pre-petition

intercompany balances within the December 31, 2009 balance sheets for the A&M controlled

entities and the pre-petition intercompany balances within the Debtor's September 14, 2008

intercompany model for the A&M non-controlled entities.

## PCD 2300 Real Estate Matters

The Lehman real estate portfolio includes positions in hundreds of properties and

development projects, which span the world with assets in the Americas, Asia, and Europe. The

portfolio, which has invested capital in the tens of billions, has many significant and complex

projects, some of which have more than a billion invested in them individually. The investment

positions that the Debtors maintain in these projects are extremely varied and include all levels

of the projects' capital structure. FTI met on a regular basis with A&M and legacy Lehman real

estate employees retained by Lehman to deal with current pressing real estate issues. Many of

these issues pertained to various motions filed in the case that required positions to be taken by

the Committee with others pertaining to certain funding requirements. Also during this period

due to the size of Lehman's pre- bankruptcy investment (>$2B), FTI visited many of the

Californian SunCal properties in order to understand and ultimately present to the Committee the

Estate's rationale for its stance in the SunCal bankruptcy proceedings.

On an individual asset basis, FTI undertook numerous detailed reviews of relevant assets

in the portfolio to assess the reasonableness and accuracy of the Debtors' analysis and to suggest

alternative approaches to maximizing the value of the Estate's investments. FTI and its real

estate specialists met with various Lehman Asset Managers to review their assumptions in regard

to all aspects of the properties including projected cash flows, future funding requirements, and

potential recoveries. FTI has presented its findings on a regular basis to both the Committee's

Real Estate Sub-Committee and, where appropriate, the full Committee.

## PCD 2500 Derivatives/SWAP Agreement Issues

FTI attended and participated in daily settlement adjudication meetings with the A&M and

Lehman Derivative teams to discuss proposed derivatives settlements, and regular meetings with

Derivatives Co-Heads to discuss issues regarding the derivatives portfolio, plus meetings with

Lehman counterparty teams and front office valuation employees to discuss strategies in

connection with the managing the wind-down of the derivatives portfolio. FTI worked with the

applicable transactors and traders before and after the settlement adjudication meetings to discuss

relevant settlement issues, provide strategic guidance in negotiations with counterparties and

independently assessed the value of the swaps and appropriate settlement amounts for certain

transactions. FTI reviewed numerous alternative dispute resolution demands and potential

settlements and provided feedback to Committee counsel and the derivatives sub-committee. FTI

reviewed, analyzed, and approved settlements with approximately 450 derivative counterparties

covering approximately 4,000 trades and analyzed numerous Alternative Dispute Resolution

demands on various derivatives counterparties. The counterparties that had not been settled prior

to this fee application period have generally had issues that take more time to work through and

generally require more in-depth analysis and consultation with the Debtor and UCC attorneys.

FTI worked with Committee counsel to provide relevant data and information to the Derivatives

sub-committee as appropriate and to review certain financial issues in various stipulations among

Debtor's affiliates and other parties.

## PCD 2600 Loans/Investments

During this fee period, FTI met on a regular basis with the Debtors to discuss the management of certain exposures in the loan portfolio and to develop a strategy to maximize value. FTI analyzed the underlying credit, reserve price, and Debtor's strategy with respect to certain positions, reviewed various reports provided by the Debtors, participated in regular loan book calls with the Debtors and reviewed various issues that arose with respect to the management of the loan portfolio.

## PCD 2800 International Insolvency Issues

FTI reviewed the outcome of the LBIE Client Money hearing, and worked alongside Milbank U.K. in assessing the impact that the judgment may have on the LBIE estate. FTI prepared an update to the Committee on the impact Client Money judgment on the LBHI estate which was presented on the August 13, 2010. FTI also monitored the developments with respect to the Financial Support Direction issued by the UK Pension Regulator, and provided updates on the developments and their potential implications. Further, FTI worked alongside Milbank U.K. on various other matters regarding the European estate including the recovery of certain asset classes, intercompany positions and the determination of how the impact of recoveries from asset sales may be routed back to the LBHI estate in the U.S.

## PCD 2900 Schedules/Statement of Financial Affairs/Other Reporting Issues

FTI spent time reviewing the March 31, 2010 Debtors' balance sheets and meeting with the Debtor in advance of the filing of the monthly operating report. This included the review of the changes in asset and liability balances between December 31, 2009 and March 31, 2010. FTI also reviewed and analyzed the Debtor's cost allocation methodology, which included the review

of the allocations as of December 31, 2009 and March 31, 2010. FTI prepared a presentation to the Committee including a summary of the allocations to date and its recommendation on modifications to be considered in order to ensure an equitable distribution of costs.

## PCD 3500  Plan of Reorganization/Plan Confirmation/Plan Implementation

FTI was also actively involved in the Plan of Reorganization ("POR") discussions and development process during this fee period.  In this role, FTI participated in numerous strategic meetings with counsel and management regarding the Plan of Reorganization, prepared comments and Committee feedback to the POR, and reviewed numerous POR alternative scenarios.  This included a review of recovery analyses under different scenarios and the review of other "ad hoc" group proposals.   FTI participated in developing portions of the business continuity plan, reviewed financials, and advised on various functional requirements need for LAMCO.

## PCD 3700 Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues

FTI worked with the Debtors' Claims Resolution Team to understand their efforts to reconcile, object to, estimate values, and resolve proofs of claims filed against the Debtors in these Chapter 11 proceedings.  To-date, creditors have filed over 65,000 proofs of claim in these cases, each requiring reconciliation, and analysis.  FTI has reviewed summaries of the filed claims by category as well as individual claims filed to determine their validity. The Debtor has filed over 60 omnibus objections to date which FTI has reviewed in advance of their filing with the Court.

In an effort to substantiate the 3rd party transaction guarantee claims and affiliate guarantee claims filed against LBHI, FTI undertook a detailed analysis of said claims. As part of

this analysis, FTI engaged in meetings and calls with the Debtors to understand the claims and the corresponding allowances set forth within the Plan of Reorganization and Disclosure Statement. FTI also reviewed the actual proof of claims and guarantee questionnaires to understand the nature of the guarantee claims. FTI created an affiliate guarantee claim model which included all filed guarantee claims by obligor and estimated the value of these claims based upon the 9/14/08 intercompany matrix and the nature of the guarantee, taking into account subrogation setoff and potential litigation discounts. FTI prepared numerous presentations to the Committee on this topic, including a joint report with Milbank for the July UCC meeting.

FTI also reviewed and analyzed claim settlement proposals with foreign affiliates regarding their affiliate guarantee claims, provided feedback to the Debtor and made presentations to the Committee regarding these proposals

**PCD 3900 Non-Derivative Adversary Proceedings Preparation and Litigation**

In connection with forensic projects requested by counsel, FTI reviewed relevant documents produced pursuant to Rule 2004 that were maintained in two document repositories (Relativity and Stratify) with a combined population of approximately 4.5 million documents. FTI performed keyword searches and reviewed approximately 70,000 documents deemed responsive to specific searches. Other tasks included financial analyses using the Debtor's financial records of relevant transactions, researching relevant accounting, and auditing literature, drafting memos for counsel summarizing the findings of forensic projects, document searches, financial analysis, and accounting and auditing research, and the preparation of materials for presentations to the Committee.

**PCD 4600 Firms Own Billing/Fee Application**

FTI expended necessary resources to ensure the timely filing of monthly fee statements in accordance with the Administrative Order Pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures For Interim Compensation and Reimbursement of Expenses of Professionals dated November 5, 2008. Time in this category includes preparing the Monthly Fee Statements for the fee periods of June 2010 through September 2010, as well as the time spent preparing the Sixth Interim Application of FTI Consulting, Inc. for Allowance of Compensation and for Reimbursement of Expenses.

## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

8.    All of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee, and not on behalf of any other entity.  FTI respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtors' chapter 11 cases and maximization of value.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically.

9.    During the Sixth Interim Period, FTI professionals expended an aggregate of 26,544.4 hours in rendering services on behalf of the Committee for a total fee of $13,364,786.17. FTI submits that its fee is reasonable for the work performed in these cases and the results obtained.

10.    FTI incurred out-of-pocket expenses of $65,183.44 in connection with the rendition of the professional services described above during this Sixth Interim Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases.

All air travel to and from the Debtors' location was necessary and billed at actual coach airfare.

Additionally, FTI voluntarily reduced all travel time by 50% during the Sixth Interim Period.

## APPLICATION

11.    This Application is made by FTI in accordance with the Guidelines

adopted by the Executive Office for the United States Trustees and the Administrative Order.

Pursuant to this application, FTI has attached the following exhibits:

A.    Exhibit A -- – Certification Under Guidelines for Fees and Disbursements

for Professionals in Respect of Sixth Application of FTI Consulting, Inc;

B.    Exhibit B -- Retention Order dated November 21, 2008 authorizing the

employment and retention of FTI Consulting, Inc. effective as of September 17, 2008 to

provide professional services as Financial Advisors to the Official Committee of

Unsecured Creditors;

C.    Exhibit C -- Summary of billings and collections for the First, Second,

Third, Fourth, Fifth, and Sixth Interim Periods;

D.    Exhibit D -- Summary of time and fees by professional;

E.    Exhibit E -- Summary of time by task code;

F.    Exhibit F -- Summary of out of pocket expenses by category incurred

during the Sixth Interim Period;

G.    Exhibit G[1]  -- Detail of time by task codes, including detailed time entry

by professional with description of task performed;

H.    Exhibit H[1] – Detail of expenses by category and professional incurred

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

during the Sixth Interim Period.

## CONCLUSION

12.    No agreement or understanding exists between FTI and any other person

for the sharing of any compensation to be received for professional services rendered or to be

rendered in connection with these cases.

13.    No prior application has been made to this or any other Court for the relief

requested herein for the Sixth Interim Period.

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

     a.  approving the allowance of $13,364,786.17 for compensation for
services rendered during the Sixth Interim Period, and
reimbursement of $65,183.44 for out of pocket expenses,

     b.  directing the payment of such fees by the Debtors, and

     c.  granting such other and further relief as this Court may deem just
and proper.

Dated: New York, New York
       December 9, 2010

FTI Consulting, Inc.
Financial Advisors to the Official Committee of
Unsecured Creditors

By: _____

Michael Eisenband
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 499-3647

# EXHIBIT

## "A"
## Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                      :

In re:                          :         Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.,  :        08-13555 (JMP)

           Debtors.         :         (Jointly Administered)
                      :
------------------------------------------------------------- x

## CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF SIXTH APPLICATION OF FTI CONSULTING, INC., FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM JUNE 1, 2010 THROUGH AND INCLUDING SEPTEMBER 30, 2010

Pursuant to the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies with respect to FTI's sixth application for allowance of compensation for services rendered and for reimbursement of expenses, dated December 14, 2010 (the "Application"), for the period of June 1, 2010 through and including September 30, 2010 (the "Sixth Interim Period") as follows:

1.    I am the professional designated by FTI in respect of compliance with the Guidelines.

2.    I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the Sixth Interim Period, in accordance with the Local Guidelines.

3.    In respect of section B.1 of the Local Guidelines, I certify that:

    a.    I have read the Application.

    b.    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

    c.    Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by FTI and generally accepted by FTI's clients.

    d.    In providing a reimbursable service, FTI does not make a profit on that service, whether the service is performed by FTI in-house or through a third party.

4.    In respect of section B.2 of the Local Guidelines, I certify that FTI has provided statements of FTI's fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Administrative Fee Order (as defined in the Application).

5.    In respect of section B.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Court, (b) the Debtors, (c) counsel for the Debtors, (d) counsel for the Committee (e) the Office of the United States Trustee and the (f) the Fee Committee.

Dated:      New York, New York
             December 9, 2010

FTI Consulting, Inc.
Financial Advisors to the Official Committee
Of Unsecured Creditors

By: _____

Michael Eisenband
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 499-3647

# EXHIBIT

## "B"
### Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,:    08-13555 (JMP)
                                                :
                        Debtors.                :    (Jointly Administered)
------------------------------------------------------------x

**FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014,
AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT AND
RETENTION OF FTI CONSULTING INC., AS FINANCIAL ADVISOR
TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN
BROTHERS HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 17, 2008**

Upon the application, dated October 21, 2008 (the "Application"), of the

Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the

above-captioned jointly administered chapter 11 cases of Lehman Brothers Holdings Inc., and

its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order

authorizing the Creditors' Committee to retain and employ FTI Consulting Inc. ("FTI"),

effective as of September 17, 2008, as financial advisor for the Creditors' Committee in the

above-captioned cases, pursuant to sections 328(a) and 1103(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local

Bankruptcy Rules for the District of New York (the "Local Rules"); and the Court having

considered the Affidavit of Michael Eisenband, sworn to October 21, 2008 (the "Eisenband

Affidavit"), in connection with the Application; and the Court being satisfied based on the

representations in the Application and the Eisenband Affidavit, that FTI does not represent any

other entity having an adverse interest in connection with the case within the meaning of

section 1103(b) of the Bankruptcy Code and is "disinterested" as defined in section 101(14) of

the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of

Cases to Bankruptcy Judges of the United States District Court for the Southern District of

New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for

objections to the Application having expired on October 31, 2008, except for the United States

Trustee and the Debtors, whose respective time to object was extended on consent until

November 13, 2008; and, with no objections having been timely filed by any party; and the

Court having entered an Interim Order (the "Interim Order") dated November 5, 2008 (Docket

No. 1405), approving the Application on an interim basis without objection; and no objection

having been timely made or filed by either the Debtors, the United States Trustee, or any other

party; and due and proper notice of the Application, the Interim Order, and the hearing to

consider entry of a final order approving the Application having been provided as approved in

the Interim Order; and it appearing that no other or further notice need be provided; and the

Court having reviewed the Application; and the Court having determined that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and

upon all of the proceedings had before the Court, and after due deliberation and sufficient

cause appearing therefor, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it

is further

ORDERED, that all compensation and reimbursement of expenses to be paid to

FTI, shall be subject to prior approval of this Court in accordance with the requirements under

§§ 330 and 331 of the Bankruptcy Code and the order of this Court which establishes

procedures for monthly compensation and reimbursement of expenses; and it is further

ORDERED, that without limiting the rights of the United States Trustee to

object to FTI's interim or final fee applications and without limiting the requirement that all

compensation and reimbursement of expenses to be paid to FTI shall be subject to prior

approval of this Court, in each instance as set forth in this Order, the Completion Fee (as

defined in the Application), to the extent approved by the Court, shall be an expense of the

administration of the above-captioned chapter 11 cases, payable, following conversion of such

cases to a case under Chapter 7 of Title 11 of the United States Code, in the same order of

priority as other allowed chapter 11 administrative expenses; and it is further

ORDERED, that all requests of FTI for payment of indemnity pursuant to the

Engagement shall be made by means of an application (interim or final as the case may be) and

shall be subject to review by the Court to ensure that payment of such indemnity conforms to

the terms of the Engagement and is reasonable based upon the circumstances of the litigation

or settlement in respect of which indemnity is sought, provided, however, that in no event shall

FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if

any), gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a

representative of the estate, asserts a claim for, and a court determines by final order that such

claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees

pursuant to the terms of the Engagement, the invoices and supporting time records from such

3

attorneys shall be included in FTI's own application and such invoices and time records shall

be subject to the United States Trustee's guidelines for compensation and reimbursement of

expenses and the approval of the Bankruptcy Court under the standards of sections 330 and

331 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement or

the Application, this Order shall govern; and it is further

ORDERED that this court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.


Dated:  New York, New York
        November 21, 2008

                                    *s/ James M. Peck*
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT

## "C"
### Monthly Billing and Collection Summary

`

EXHIBIT C
LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
SUMMARY OF FEES & EXPENSES

*FOR THE FIRST INTERIM PERIOD SEPTEMBER 17, 2008 TO JANUARY 31, 2009*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| First Interim Period | $ 5,261,715.61 | $ 148,515.81 | 5,218,571.36 | $ 148,329.28 | $ 5,410,231.42 | 5,366,900.64 |

*FOR THE SECOND INTERIM PERIOD FEBRUARY 1, 2009 TO MAY 31, 2009*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Second Interim Period | $ 6,690,011.59 | $ 231,881.68 | $ 6,654,303.20 | $ 231,539.58 | $ 6,921,893.27 | $ 6,885,842.78 |

*FOR THE THIRD INTERIM PERIOD JUNE 1, 2009 TO SEPTEMBER 30, 2009*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Third Interim Period | $ 7,684,069.40 | $ 211,418.60 | $ 7,673,489.59 | $ 210,974.27 | $ 7,895,488.00 | $ 7,884,463.86 |

*FOR THE FOURTH INTERIM PERIOD OCTOBER 1, 2009 TO JANUARY 31, 2010*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Fourth Interim Period | $ 9,500,022.29 | $ 199,398.23 | $ 9,456,017.76 | $ 147,441.07 | $ 9,699,420.52 | $ 9,603,458.83 |

*FOR THE FIFTH INTERIM PERIOD FEBRUARY 1, 2010 TO MAY 31, 2010*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded[1] | Total Expenses Awarded[2] | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Fifth Interim Period | $ 9,684,055.45 | $ 89,869.95 | $ 7,747,244.36 | $ 89,869.95 | $ 9,773,925.40 | $ 7,837,114.31 |

(1) This figure excludes the 20% holdback and the recommended deductions by the Fee Committee for the Fifth interim period which are still pending.
(2) This figure excludes the recommended deductions by the Fee Committee for the Fifth interim period which are still pending.

EXHIBIT C
## LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
### SUMMARY OF FEES & EXPENSES BY MONTH
*FOR THE SIXTH INTERIM PERIOD JUNE 1, 2010 TO SEPTEMBER 30, 2010*

| | June 1, 2010 – June 30, 2010 | July 1, 2010 – July 31, 2010 | August 1, 2010 – August 31, 2010 | September 1, 2010 – September 30, 2010 | Total |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| Incurred | $ 3,067,542.53 | $ 3,231,799.42 | $ 3,655,004.68 | $ 3,457,619.04 | $ 13,411,965.67 |
| Travel Reduction (50%) | (5,743.75) | (8,922.50) | (24,180.75) | (8,332.50) | (47,179.50) |
| Billed | $ 3,061,798.78 | $ 3,222,876.92 | $ 3,630,823.93 | $ 3,449,286.54 | $ 13,364,786.17 |
| Paid | (2,432,727.80) | (2,575,032.40) | (2,895,645.40) | - | (7,903,405.60) |
| Unpaid | $ 629,070.98 | $ 647,844.52 | $ 735,178.53 | $ 3,449,286.54 | $ 5,461,380.57 |
| | | | | | |
| **EXPENSES** | | | | | |
| Incurred & Billed | $ 7,808.96 | $ 7,951.76 | $ 27,319.77 | $ 22,102.95 | $ 65,183.44 |
| Paid | (7,808.96) | (7,951.76) | (27,319.77) | - | (43,080.49) |
| Unpaid | $ - | $ - | $ - | $ 22,102.95 | $ 22,102.95 |
| | | | | | |
| **TOTAL** | | | | | |
| Incurred | $ 3,075,351.49 | $ 3,239,751.18 | $ 3,682,324.45 | $ 3,479,721.99 | $ 13,477,149.11 |
| Total Travel Reduction | (5,743.75) | (8,922.50) | (24,180.75) | (8,332.50) | (47,179.50) |
| Billed | $ 3,069,607.74 | $ 3,230,828.68 | $ 3,658,143.70 | $ 3,471,389.49 | $ 13,429,969.61 |
| Paid | (2,440,536.76) | (2,582,984.16) | (2,922,965.17) | - | (7,946,486.09) |
| Unpaid | $ 629,070.98 | $ 647,844.52 | $ 735,178.53 | $ 3,471,389.49 | $ 5,483,483.52 |
| Total Unpaid | $ 629,070.98 | $ 647,844.52 | $ 735,178.53 | $ 3,471,389.49 | $ 5,483,483.52 |

# EXHIBIT

## "D"

## Summary of Time and Fees by Professional

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Appell, Wesley | Senior Consultant | $515.00 | 75.8 | $39,037.00 |
| Barrett, James | Director | $250.00 | 24.9 | $6,225.00 |
| Bauer, Michael | Director | $425.00 | 263.4 | $111,945.00 |
| Baumkirchner, Michael | Director | $620.00 | 706.6 | $438,092.00 |
| Beloreshki, Tsvetan | Senior Managing Director | $590.00 | 1.3 | $767.00 |
| Bernsohn, Sean | Senior Consultant | $515.00 | 571.4 | $294,271.00 |
| Blum, Steven | Managing Director | $540.00 | 254.2 | $137,268.00 |
| Bossard, Kelly | Managing Director | $550.00 | 359.3 | $197,615.00 |
| Braun, Richard | Managing Director | $710.00 | 120.5 | $85,555.00 |
| Brodwin, Jahn | Senior Managing Director | $750.00 | 33.9 | $25,425.00 |
| Chan, Stanley | Director | $455.00 | 190.4 | $86,632.00 |
| Chen, Iris | Consultant | $355.00 | 11.5 | $4,082.50 |
| Chin, Clara | Director | $495.00 | 371.5 | $183,892.50 |
| Cohen, Benjamin | Director | $470.00 | 647.1 | $304,137.00 |
| Costanzo, Thomas | Consultant | $280.00 | 320.3 | $89,684.00 |
| Creagh, Kristine | Consultant | $355.00 | 5.1 | $1,810.50 |
| Darefsky, Robert J | Senior Managing Director | $885.00 | 205.1 | $181,513.50 |
| Dave, Meghna | Consultant | $240.00 | 514.1 | $123,384.00 |
| Davis, Jordan | Senior Consultant | $515.00 | 6.8 | $3,502.00 |
| Dean, Christopher | Director | $655.00 | 539.5 | $353,372.50 |
| [1] Denyer, Emma | Consultant | $537.54 | 13.5 | $7,256.79 |

## EXHIBIT D
### LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555
### SUMMARY OF FEES BY PROFESSIONAL

*FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Der Garry, Carol | Managing Director | $540.00 | 141.8 | $76,572.00 |
| [2] Dewar, Mark | Senior Managing Director | $1,016.41 | 22.0 | $22,361.02 |
| Djordjevic, Nikola | Director | $415.00 | 675.4 | $280,291.00 |
| Eisenband, Michael | Senior Managing Director | $885.00 | 372.0 | $329,220.00 |
| Elsabee, Joseph | Senior Consultant | $480.00 | 52.8 | $25,344.00 |
| Fabiaschi, Emily | Consultant | $370.00 | 29.3 | $10,841.00 |
| Finkenstaedt, James | Consultant | $290.00 | 505.0 | $146,450.00 |
| Foo, Sandy | Senior Consultant | $480.00 | 895.2 | $429,696.00 |
| French, Jennifer | Director | $655.00 | 613.5 | $401,842.50 |
| Friedland, Scott D. | Senior Managing Director | $660.00 | 343.8 | $226,908.00 |
| Friedler, Andrew | Director | $495.00 | 351.6 | $174,042.00 |
| Garber, Steven | Managing Director | $710.00 | 7.0 | $4,970.00 |
| Ghi, Katherine | Consultant | $370.00 | 210.4 | $77,848.00 |
| Grapstein, Arielle | Intern | $140.00 | 291.7 | $40,838.00 |
| Greenberg, Mark | Managing Director | $695.00 | 587.2 | $408,104.00 |
| Grisati, Anthony | Intern | $75.00 | 57.8 | $4,335.00 |
| Haase, James | Senior Consultant | $235.00 | 1.6 | $376.00 |
| Hain, Danielle | Managing Director | $725.00 | 317.9 | $230,477.50 |
| Heller, Alana | Senior Consultant | $340.00 | 8.0 | $2,720.00 |
| Helmund-Mora, Marili | Associate | $250.00 | 3.9 | $975.00 |
| Henn, Timothy | Consultant | $355.00 | 679.9 | $241,364.50 |

EXHIBIT D

LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555
SUMMARY OF FEES BY PROFESSIONAL

*FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Herold, Christopher | Associate | $225.00 | 1.0 | $225.00 |
| (3) Hewitt, Kevin | Senior Managing Director | $1,019.75 | 1.0 | $1,019.75 |
| Hofstad, Ivo J | Director | $450.00 | 9.2 | $4,140.00 |
| Isenberg, Michael | Intern | $75.00 | 4.3 | $322.50 |
| James, Benjamin | Consultant | $370.00 | 6.4 | $2,368.00 |
| Jiricek, Jaqueline | Consultant | $350.00 | 254.3 | $89,005.00 |
| Joffe, Steven | Senior Managing Director | $885.00 | 39.5 | $34,957.50 |
| Johnston, Bonnie | Paraprofessional | $210.00 | 317.7 | $66,717.00 |
| Kim, Hansol | Managing Director | $695.00 | 107.6 | $74,782.00 |
| Kim, Jae | Senior Consultant | $425.00 | 549.9 | $224,357.50 |
| Koch, Rachel | Director | $455.00 | 384.9 | $175,129.50 |
| Kom, Gary | Director | $620.00 | 45.5 | $28,210.00 |
| Korsman, Lynn | Senior Consultant | $515.00 | 472.8 | $243,492.00 |
| Laber, Mark | Managing Director | $675.00 | 1.4 | $945.00 |
| Lau, King | Director | $495.00 | 377.6 | $186,912.00 |
| Lawson, Peter | Managing Director | $325.00 | 0.5 | $162.50 |
| Lazzara, Frank | Managing Director | $550.00 | 124.7 | $68,585.00 |
| Lloyd, Brian | Consultant | $370.00 | 6.7 | $2,479.00 |
| Lyman, Scott | Director | $585.00 | 856.0 | $500,760.00 |
| Majerle, Robin | Senior Consultant | $400.00 | 318.2 | $127,280.00 |
| Majeski, Paul | Consultant | $355.00 | 0.8 | $284.00 |

**Page 3 of 6**

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Malloy, Christina | Senior Consultant | $330.00 | 5.9 | $1,947.00 |
| McDonald, Brian | Senior Consultant | $445.00 | 20.3 | $9,033.50 |
| McGannon, Jeremy | Director | $400.00 | 280.4 | $112,160.00 |
| Mikulka, Gregory | Consultant | $240.00 | 88.6 | $21,264.00 |
| Ng, William | Senior Consultant | $515.00 | 759.0 | $390,885.00 |
| Nitz, Scott | Senior Consultant | $445.00 | 770.4 | $342,828.00 |
| Nores, Juan | Director | $620.00 | 118.4 | $73,408.00 |
| Pegnia, Joseph | Managing Director | $675.00 | 323.3 | $218,227.50 |
| Pruchansky, Jonathan | Consultant | $370.00 | 12.5 | $4,625.00 |
| Rauch, Adam | Consultant | $305.00 | 37.7 | $11,498.50 |
| Reeder, David | Senior Consultant | $250.00 | 0.5 | $125.00 |
| Rees, Thomas | Managing Director | $540.00 | 523.8 | $282,852.00 |
| Reilly, Christopher | Consultant | $355.00 | 842.1 | $298,945.50 |
| Rice, Brady | Senior Consultant | $310.00 | 150.0 | $46,500.00 |
| [4] Rickelton, Lisa | Director | $752.92 | 12.0 | $9,035.10 |
| Rizvi, Tabish | Managing Director | $675.00 | 542.3 | $366,052.50 |
| Rohrer, Tracey | Director | $495.00 | 87.3 | $43,213.50 |
| Ruta, Dustin | Director | $435.00 | 282.3 | $122,800.50 |
| Ryan, Benjamin | Senior Consultant | $480.00 | 111.0 | $197,280.00 |
| Saitta JR, George | Director | $495.00 | 99.7 | $49,351.50 |
| Sampath, Vijay | Managing Dir | $575.00 | 519.3 | $298,597.50 |

EXHIBIT D
LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555
SUMMARY OF FEES BY PROFESSIONAL

*FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Sawyer, Alison | Director | $455.00 | 451.6 | $205,478.00 |
| Shah, Mili | Consultant | $240.00 | 90.5 | $21,720.00 |
| Sharrott, Charles | Consultant | $240.00 | 17.2 | $4,128.00 |
| Simon, MaryAnn | Paraprofessional | $185.00 | 18.4 | $3,404.00 |
| Simpson, Chaz | Director | $470.00 | 726.4 | $341,408.00 |
| Siris, John | Managing Director | $725.00 | 681.1 | $493,797.50 |
| Sloane, Raymond | Senior Managing Director | $660.00 | 302.0 | $199,320.00 |
| Spinella, Joseph | Managing Director | $550.00 | 535.9 | $294,745.00 |
| Spragg, Mark C | Senior Managing Director | $795.00 | 3.5 | $2,782.50 |
| Star, Samuel | Senior Managing Director | $885.00 | 214.6 | $189,921.00 |
| Suh, Joseph | Director | $520.00 | 6.9 | $3,588.00 |
| Szymik, Filip | Consultant | $370.00 | 736.1 | $272,357.00 |
| Tantleff, Alan | Managing Director | $725.00 | 5.1 | $3,697.50 |
| Tully, Conor | Senior Managing Director | $775.00 | 406.5 | $315,037.50 |
| Ulin, Karl | Director | $585.00 | 434.0 | $253,890.00 |
| Walker, Jr., Donald | Managing Director | $660.00 | 1.0 | $660.00 |
| Walsh, Colin | Director | $275.00 | 5.4 | $1,485.00 |
| Walsh, Timothy | Senior Consultant | $400.00 | 108.8 | $43,520.00 |
| Wang, Jennifer | Senior Consultant | $290.00 | 341.0 | $98,890.00 |
| Weinthal, Rachel | Director | $455.00 | 132.4 | $60,242.00 |
| Yang, Victor | Consultant | $370.00 | 151.4 | $56,018.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Yozzo, John | Managing Director | $545.00 | 3.8 | $2,071.00 |
| | | Grand Total | 26,544.4 | $13,411,965.67 |
| | | *Less: 50% Travel Reduction* | | ($ 47,179.50) |
| | | Net Grand Total | | $13,364,786.17 |

(1) *Bill rate reflects blended bill rate due to currency conversion for June 1, 2010 through September 30, 2010. For calculation purposes, fees were calculated using the bill rate $537.54..*

(2) *Bill rate reflects blended bill rate due to currency conversion for June 1, 2010 through September 30, 2010. For calculation purposes, fees were calculated using the bill rate $1,016.11..*

(3) *Bill rate reflects blended bill rate due to currency conversion for June 1, 2010 through September 30, 2010. For calculation purposes, fees were calculated using the bill rate $1,019.75..*

(4) *Bill rate reflects blended bill rate due to currency conversion for June 1, 2010 through September 30, 2010. For calculation purposes, fees were calculated using the bill rate $752.9246..*

**"E"**

**Summary of Time by Task Code**

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 0100 | General Case Administration | 39.2 | $26,801.22 |
| 0300 | Project Monitoring/Court Calendar & Docket Maintenance | 10.2 | $7,235.00 |
| 0400 | Hearings and Court Communications | 4.7 | $3,836.50 |
| 0500 | Non-Working Travel | 186.1 | $94,359.00 |
| 0700 | Communications with Debtors | 31.0 | $26,058.00 |
| 0800 | Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee | 406.0 | $314,910.50 |
| 1100 | LBI/SIPC Coordination and Issues | 104.9 | $70,652.50 |
| 1200 | Cash Management | 248.4 | $145,651.50 |
| 1400 | Employee/ERISA/Benefits/Pension Issues | 152.3 | $106,231.50 |
| 1800 | Tax Issues | 38.5 | $34,072.50 |
| 2100 | Intercompany Issues | 2,001.6 | $1,094,119.50 |
| 2300 | Real Estate Matters | 3,536.2 | $1,631,792.50 |
| 2400 | Private Equity | 12.8 | $9,457.50 |
| 2500 | Derivatives/SWAP Agreement Issues (Including Derivatives-Related Adversary Proceedings, Alternative Dispute Resolution, and Claims Reconciliation and Litigation) | 9,012.4 | $4,130,652.50 |
| 2600 | Loans/Investments | 118.5 | $55,252.50 |
| 2800 | International Insolvency Issues | 96.4 | $74,355.44 |
| 2900 | Schedules/Statement of Financial Affairs/Other Reporting Issues | 234.1 | $138,765.00 |
| 3500 | Plan of Reorganization/Plan Confirmation/Plan Implementation | 309.8 | $219,704.50 |
| 3700 | Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues | 901.9 | $552,559.50 |
| 3900 | Non-Derivative Adversary Proceedings Preparation and Litigation | 8,638.9 | $4,528,248.00 |

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 4500 | Examiner Issues | 7.9 | $4,621.50 |
| 4600 | Firm's Own Billing/Fee Applications | 420.7 | $125,354.00 |
| 4700 | Firm's Own Retention Issues | 31.9 | $17,275.00 |
| | **Grand Total** | **26,544.4** | **$13,411,965.67** |
| | *Less: 50% Travel Reduction* | | ($ (47,179.50) |
| | **Net Grand Total** | | **$13,364,786.17** |

# EXHIBIT

## "F"
### Expenses by Category

**EXHIBIT F**
**LEHMAN BROTHRS HOLDING, INC. CASE NO. 08-13555**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010*

| *Expense Category* | *Total Expenses* |
|---|---|
| Airfare | $20,015.26 |
| Lodging | $22,800.14 |
| Meals | $7,582.36 |
| Transportation | $13,321.75 |
| Other | $1,463.93 |
| *Total* | **$65,183.44** |

# EXHIBIT

## "G"
## Time Detail[1]

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

# EXHIBIT

## "H"
### Expense Detail[1]

---