# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings, Inc., et al.         Case No. 08-13555 (JMP) (Jointly Administered)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Stonehill Institutional Partners, L.P. | Yorvik Partners LLP |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Stonehill Institutional Partners, L.P.
c/o Stonehill Capital Management, LLC
885 Third Avenue, 30th Floor
New York, New York 10022
Attention: Steven D. Nelson
Telephone: 212-739-7470
Fax: 212-838-2291
E-mail: snelson@stonehillcap.com /
ops@stonehillcap.com

Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 63836

Amount of Claim Transferred: $3,530,000.00, plus all accrued interest, fees and other recoveries due.

Date Claim Filed: November 2, 2009

Phone:
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**STONEHILL INSTITUTIONAL PARTNERS, L.P.**
By: Stonehill General Partners LLC, its
General Partner

By: [signature]                    Date: 11\24\10
Name: Wayne Teetsel
Title: A MANAGING MEMBER OF STONEHILL GENERAL PARTNER, LLC, ITS GENERAL PARTNER

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

159-377/COURT/2880442.1

# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings, Inc., *et al.*   Case No. 08-13555 (JMP) (Jointly Administered)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 63836 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on            .

| Yorvik Partners LLP | Stonehill Institutional Partners, L.P. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Yorvik Partners LLP<br>11 Ironmonger Row<br>London EC2V 8EY<br>UK<br>Attention: Lisa King<br>Telephone: +44-207-796-5906<br>Fax: +44-207-796-5919<br>E-mail: L.King@yorvikpartners.com | Stonehill Institutional Partners, L.P.<br>c/o Stonehill Capital Management, LLC<br>885 Third Avenue, 30th Floor<br>New York, New York 10022<br>Attention: Steven D. Nelson<br>Telephone: 212-739-7470<br>Fax: 212-838-2291<br>E-mail: snelson@stonehillcap.com / ops@stonehillcap.com |

**~DEADLINE TO OBJECT TO TRANSFER~**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
CLERK OF THE COURT

159-377/COURT/2880442.1

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
### *LEHMAN BROTHERS PROGRAM SECURITY*

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Yorvik Partners LLP** ("**Seller**") hereby unconditionally and irrevocably sells, transfers and assigns to **Stonehill Institutional Partners, L.P.** (the "**Purchaser**"), and Purchaser hereby agrees to purchase, as of the **Effective Date November 23, 2010** (the "**Effective Date**"), (a) an undivided interest in **48.824343015%** of Seller's right, title, interest, claims and causes of action in, to, arising under or in connection with the Proof of Claim Number **63836** filed by Seller's predecessor in title on November 2, 2009 (the "**Proof of Claim**") (which is in the total principal amount of $7,230,000, with the Purchaser's purchased portion of the principal amount of the Proof of Claim being $3,530,000.00 (48.824343015% of $7,230,000)) against Lehman Brothers Holdings, Inc., debtor (the "**Debtor**") in the chapter 11 proceedings for reorganization (the "**Proceedings**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), administered under Case No. 08-13555 (JMP), as specified in Schedule 1 attached hereto (the "**Purchased Claim**"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "**Bankruptcy Code**")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "**Purchased Security**") relating to the Purchased Claim and specified in Schedule 1 attached hereto and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d), the "**Transferred Claim**"). Seller retains all right, title, interest, claims, causes of action in, to, arising under or in connection with the remaining **51.175656985%** of the Proof of Claim which is not being sold, assigned or transferred to Purchaser (the "**Remaining Claim**").

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Bankruptcy Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated.

3. Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waives, with respect only to the Transferred Claim, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes and rights of negotiation with respect to the Transferred Claim; however, Seller retains all rights, interests in and purposes relating to the Remaining Claim, including any voting and distribution purposes and all rights and

103425082

ability of negotiation and acceptance of any settlement offer which may be proposed by Debtor in partial or full settlement and satisfaction of the Remaining Claim, independent of Purchaser. Purchaser agrees to file a notice of transfer with the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein as relating to the Transferred Claim.

5. On the Effective Date, (i) Purchaser shall transfer to Seller, the Purchase Price to such Euroclear or Clearstream account as Seller will designate in writing to Purchaser, in respect of the purchase of the Transferred Claim and (ii) Seller shall transfer to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

6. This Agreement and Evidence of Partial Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7. On or after the Effective Date, Seller shall promptly (but in any event on no later than the second (2nd) business day following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser.

8. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 23rd day of November 2010.

YORVIK PARTNERS LLP

By: _____
Name:
Title:

Address: 11 Ironmonger Lane,
London EC2V 8EY, U.K.

SIMON MULLALY
PARTNER

STONEHILL INSTITUTIONAL PARTNERS, L.P.
By: Stonehill Capital Management LLC,
its investment adviser

By: _____
Name: Steven Nelson
Title: CFO

Address: c/o Stonehill Capital Management, LLC
885 Third Avenue, 30th Floor,
New York, NY 10022, USA

103425032

Schedule 1

## Transferred Claim

Purchased Claim

48.8245430159% which is equivalent to US$3,530,000.00 of the outstanding amount of the Proof of Claim which is US$7,230,000.00 as at of November 23, 2010.

Lehman Programs Securities to which Transfer Relates:

| Description of Security | ISIN | Issuer | Guarantor | Principal Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. issue of $10,000,000 Emerging Markets & Commodities Hybrid-Linked Notes due October 18, 2010 guaranteed by Lehman Brothers Holdings, Inc. under the Euro Medium-Term Note Program | XS0325813409 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 7,230,000.00 | Emerging Markets & Commodities Hybrid-Linked | October 18, 2011 | N/A |

165429482