Hearing Date:  December 15, 2010  at 10:00 a.m

LAW OFFICES OF JEROME ZAMOS
Jerome Zamos (Cal. State Bar No. 36246)
     Admitted Pro Hac Vice
5228 Campo Road
Woodland Hills, California 91364-1927
Telephone: 818-348-7151
Facsimile:  818-348-6095
email: zamoslaw @ aol.com

Attorneys for Real Party in Interest
PRUDENCE WALTZ

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>    LEHMAN BROTHERS' HOLDING,<br>    INC., a Delaware Corporation<br><br>                    Debtor | Case No. 08-13555 JMP<br><br>Chapter 11<br><br>    [jointly administered] |

**PRUDENCE WALTZ'S REPLY MEMORANDUM IN SUPPORT OF RELIEF FROM STAY AND AN  ORDER  DIRECTING THE ABANDONMENT OF CLAIMS AGAINST THE REAL PROPERTY COMMONLY KNOWN AS  844-846 WEST 57TH STREET, LOS ANGELES, CALIFORNIA  BANKRUPTCY CODE §§ 362(d)(2) & 554(b)]**

## INTRODUCTION

The critical issue in the pending motion which DEBTOR LEHMAN BROTHERS' HOLDING INC.'S [hereinafter referred to as "LEHMAN BROTHERS"]  opposition fails to address is the unchallenged testimony of both SAMANTHA HILL and JANELLE BAIRD[1] in the pending state action that they never:

    (a)    Had an interest in THE SUBJECT PROPERTY; and

    (b)    Did not execute any of the deeds or other recorded  instruments which are

             the basis for LEHMAN BROTHERS' claims to THE SUBJECT PROPERTY[2].

---

       1.    As set forth at page 3 of LEHMAN BROTHERS' opposition SAMANTHA HILL and JANELLE BAIRD are the alleged trustor/mortgagor of the deed of trust which was the source of the trustee's authority to execute the trustee's deed which is the basis of the claim that title to the SUBJECT PROPERTY is a part of the estate in this case under Bankruptcy Code § 541(a) [11 U.S.C. § 541(a)] .

       2.    See Exhibits "N" through "R" filed in support of pending motion [Docket # 12784] on November 15, 2010.

1

Under Bankruptcy Code § 362(g) [11 U.S.C. § 362(g)] in the absence of some evidence that both SAMANTHA HILL and JANELLE BAIRD had some interest in THE SUBJECT PROPERTY and executed the recorded instruments which are the source of LEHMAN BROTHERS' title moving party PRUDENCE WALTZ is entitled to the relief she has been forced to seek from this Court.

Moving party PRUDENCE WALTZ is entitled to relief under Bankruptcy Code §§ 362(d)(2)(A) and 362(g) [11 U.S.C. §§ 362(d)(2)(A) and 362(g)] because THE SUBJECT PROPERTY never became a part of the estate under Bankrutpcy Code § 541(a) [11 U.S.C. § 541(a)]. Therefore this Court is obligated [based upon the uncontradicted evidence contained in Exhibits "N" through "R" filed in support of pending motion (Docket # 12784) on November 15, 2010] to release any claims LEHMAN BROTHERS may be asserting against the property.

A ruling in a moving party's favor is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof . . ."

See:    *Celotex Corp. v. Catrett* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 [1986]

**A TRUSTEE'S OR FORECLOSURE SALE OF A SECURED INTEREST IN PROPERTY DOES NOT PASS TITLE TO THE LENDER UNLESS THE LENDER IS THE SUCCESSFUL BIDDER AT THE SALE AND THERE IS NO ADMISSIBLE EVIDENCE THAT ANY INTEREST IN THE SUBJECT PROPERTY IS HELD BY ANY DEBTOR IN THIS CASE**

Under California Civil Code § 2924k the proceeds of a trustee's sale pays off the security interest held by the lender and title to the property passes to the purchaser.

Following the sale the lender's interest in the property is extinguished by virtue of California Civil Code § 2910. Title to the property securing the lender's interest passes to the purchaser at the trustee's sale, not the lender whose interest in the property is eliminated.

2

As set forth at pages 3 and 4 of the DECLARATION OF DANIEL GLANZ on June 14, 2007 AURORA LOAN SERVICES [a subsidiary of DEBTOR that is not a DEBTOR in this case] received a trustee's deed to THE SUBJECT PROPERTY [the terms of which are subject to the parol evidence rule set forth in California Code of Civil Procedure § 1856] which designated it as "the grantee" [see Exhibit "2" to the declaration of DANIEL GLANZ and Exhibit "L" filed in support of pending motion (Docket # 12784) on November 15, 2010].

As set forth in paragraph 6 at page 2 lines 23 through 25 inclusive of the Declaration of Laura McCann Vice President of Default Services for AURORA LOAN SERVICES filed in the pending State Court Action in California [which is being filed concurrently with this Reply Memorandum as Exhibit "V" in support of the pending motion] :

> Aurora is currently [as of February 23, 2010] the owner of the real property at issue, 844-846 W. 57th Street, Los Angeles, California 90037 (the "Property"). Aurora purchased the Property at a trustee's sale on June 14, 2007 . . . [cf ¶¶ 21 through 24 inclusive of the Cross Complaint filed by AURORA LOAN SERVICES in the pending State Court Action in California [Exhibit "C" filed in support of pending motion (Docket # 12781) on November 15, 2010].

LEHMAN BROTHERS has, however, failed to meet its burden under Bankruptcy Code § 362(g)[11 U.S.C. § 362(g)] by producing any evidence that the trustee who executed the trustee's deed [which conveyed full title to AURORA LOAN SERVICES without any reference to any DEBTOR in this case] had authority under "a valid deed of trust" to conduct a trustee's sale at which THE SUBJECT PROPERTY be sold to anyone.

## THE PENDING MOTION IS PROPERLY BROUGHT UNDER
## SECTIONS 362(d)(2)(A) AND 554(b) OF THE BANKRUPTCY CODE

As set forth in her moving papers, the basis for PRUDENCE WALTZ'S request for relief from this Court is her claim that neither DEBTOR LEHMAN BROTHER'S HOLDING, INC. [hereinafter referred to as LEHMAN BROTHERS] or any of its subsidiaries or affiliates [including AURORA LOAN SERVICES, LLC, the defendant in the stayed state court proceeding] have any interest in the real property located at and commonly known as 844-846 West 57th Street, Los Angeles, California 90037-3628 [Los Angeles County Assessor's Parcel No. 5001-014-01 which is hereinafter referred to as "THE SUBJECT PROPERTY"] which is more fully described as follows:

> The North 113.25 feet of Lot 382 or Burck's Golden Tract, in the City of Los Angeles, County of Los Angeles as per map recorded in Book 10, Page 26 of Maps in the office of the County Records of said County.

## LEHMAN BROTHERS IMPROPERLY SEEKS TO LIMIT
## THE APPLICABILITY OF BANKRUPTCY CODE § 362(d)(2)
## TO CLAIMS BY SECURED CREDITORS

The decision to grant relief under Bankruptcy Code § 362(d)(2) is not purely discretionary; the statute provides that the court "shall" grant relief if the two conditions are met.

See:    In re Jones, 172 B.R. 535, 537-538 [US Bankr. Ct. E.D. Tex. 1994]

The two conditions are set forth in Bankruptcy Code § 362(d)(2) requires a Bankruptcy Court to grant relief from the stay "with respect to a stay of an act against property" if:

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

While the statute clearly protects the interest of a creditor who holds a secured interest based on a debt which exceed the value of the property given to secure debt he or she is attempting to liquidate, there is nothing in the statute which precludes its use by the owner of property which a debtor is attempting to wrongfully claim as an asset of a bankruptcy estate under Bankruptcy Code § 541(a) [11 U.S.C. § 541(a)].

4

Any attempt by Congress or the federal judiciary to restrict an owner's [such as moving party PRUDENCE WALTZ] right to obtain relief from stay to pursue an action to recover his or her property from a DEBTOR who is attempting to use the owner's property to effect a reorganization for the benefit of creditors would raise serious constitutional issues under the taking clause contained in the Fifth Amendment to the Constitution of the United States of America.

Under Bankruptcy Code § 362(g) [11 U.S.C. § 362(g)] the moving party [in this case PRUDENCE WALTZ] has the burden of proof on the issue of the debtor's equity in property and the debtor [LEHMAN BROTHERS] has the burden of proof on all other issues.   If there is no equity in the property, relief will be granted unless the Debtor proves that the property is necessary to an effective reorganization.

See:    *In re Walter Steven Rambo* 2004 Bankr. LEXIS 113 [U.S. Bkr. Ct. E. Pa. 2004]

As one Bankruptcy Court has recently observed relief from the automatic stay under the Bankruptcy Code is in rem privilege which is not available to assist a creditor in the pursuit of an in personam claim against a DEBTOR.

See:    *In Re: Jashira Vannessa Perez* 2009 Bankr. LEXIS 521 [US Bkr.Ct. So. Dist. Fla. 2009] cf *Lawrence V. Motors Liquidation Co. (In re Motors Liquidation Co.)*, 2010 WL 4630327 [November 8, 2010]

Because a motion for relief from stay under Bankruptcy Code § 362(d)(2) [11 U.S.C. § 362(d)(2)] is an in rem proceeding, its use is limited to situations [such as the pending motion] where the moving party is able to present evidence that the debtor has "no equity" in property which a DEBTOR is seeking to use for the benefit of its creditors in its reorganization plan.

Because Bankruptcy Code § 362(d)(2) [11 U.S.C. § 362(d)(2)] is an in rem proceeding it can not be employed as a procedural device to allow a creditor to prosecute a claim that seeks to recover anything more than a specific property in which the DEBTOR has no equity to liquidate for the benefit of his or her creditors in an "effective reorganization".

There is, however, nothing in the language of Bankruptcy Code § 362(d)(2) [11 U.S.C. § 362(d)(2)] which limits the *in rem* remedy to secured creditors seeking to foreclose upon their security interests in real property or prevent its use by an owner of property [in this case moving party PRUDENCE WALTZ] to regain control over a property which LEHMAN BROTHERS has no legal right to use as part of its reorganization for the benefit of its creditors in the absence of compliance with the taking provisions of the Fifth Amendments of the Constitution of the United States of America.

>See: *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 602, 55 S. Ct. 854, 869, 79 L. Ed. 1593 [1935]

Because PRUDENCE WALTZ's request for relief is based upon her claim that LEHMAN BROTHERS has no interest in THE SUBJECT PROPERTY her motion has been properly filed under Bankruptcy Code §§ 362(d)(2)(A) and 554(b) [11 U.S.C. §§ 362(d)(2)(A) and 554(b)].

Under Bankruptcy Code §§ 157(b)(1) and 157(b)(2)(G) [11 U.S.C. §§ 157(b)(1) and 157(b)(2)(G)] this Court clearly has jurisdiction to determine whether LEHMAN BROTHERS has sufficient equity in THE SUBJECT PROPERTY to justify depriving the property's legal owner the right to recover possession.

However, this Court does not have the constitutional authority to retain control over THE SUBJECT PROPERTY once a prima facie showing has been made that LEHMAN BROTHERS does not have a legal interest in the property in the absence of LEHMAN BROTHERS' production of admissible evidence [which it has not] that it has a legal interest in the property.

In part because of the constitutional limits over property which is not part of the DEBTOR'S estate under Bankruptcy Code § 541 (a) [11 U.S.C. § 541(a)], a bankruptcy court is required under Bankruptcy Code § 362(d)(2) [11 U.S.C. § 362(d)(2)] to grant relief from the automatic stay if (i) the debtor lacks an equity interest in the property and (ii) such property is not necessary to a reorganization.

6

Therefore PRUDENCE WALTZ is entitled [as a matter of law] to a finding from this court under Bankruptcy code § 362(d)(2)(A) [11 U.S.C. § 362(d)(2)(A)] that the debtor in possession in this case has no claim against her property and is obligated under Bankruptcy code § 554(b) [11 U.S.C. § 554(b)] to abandon all further claims against THE SUBJECT PROPERTY in the State Courts of California.

  See: *In re Collins*, 199 B.R. 561, 565 [U.S. Bankr. W.D. Pa. 1996]

### THE PENDING MOTION SHOULD BE PROCEDURALLY HANDLED NO DIFFERENTLY THAN A MOTION UNDER RULE 7056 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Motions for relief from the automatic stay are intended to be determined under an expedited procedure, such that hearings are handled in a summary fashion.

  See: Frazier v. Pub. Guardians' Office (In re Frazier) 2008 Bankr. LEXIS 4667 [B.A.P. 9th Cir. 2008]

Instead of expediting the determination of the core issue raised by the pending motion under Bankruptcy Code §§ 362(d)(2)(A), DEBTOR'S opposition requests this Court to delay the determination of the critical issue that brings this matter to this Court by needlessly sending this matter back to the same court it previously objected to making that determination [see Exhibits "E" and "F" filed in support of pending motion (Docket # 12781) on November 15, 2010].

  cf: *Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1194 1189 [7th Cir. 1993] *In Re William J. Davis & Mary K Davis* 2005 Bankr. Lexis 1165 [U.S. Bankr. Ct. Kansas 2005]

In its opposition to the pending motion LEHMAN BROTHERS relies on the adversary rules found in Rule 7014 of the Federal Rules of Bankruptcy Procedure and local rule 7014-1 to support its request for a delay in having a determination made of its right to include THE SUBJECT PROPERTY as part of the estate in the case under Bankruptcy Code § 541(a) [11 U.S.C. § 541(a)].

However, in its attempt to have this Court defer any determination of PRUDENCE WALTZ'S right to recover her real property  LEHMAN BROTHERS  ignores the procedural requirements of Bankruptcy Code § 362(g) [11 U.S.C.  § 362(g) ] which impose a standard which is identical to that mandated by the United States Supreme Court in *Celotex Corp. v. Catrett* supra at 477 U.S. 322-323 for motions made under Rule 56 of the Federal Rules of Civil Procedure [made applicable to bankruptcy proceedings Rule 7056 of the Federal Rules of Bankruptcy Procedure] which are procedurally no different than motions for relief from stay under Bankruptcy Code § 362(d) (2) [11 U.S.C.  § 362(d)(2)(A) ] .

Under the guidelines established by the United States Supreme Court in *Celotex Corp. v. Catrett* supra at 477 U.S. 322-323 for motions made under Rule 56 of the Rules of Federal Procedure [as in Bankruptcy Code § 362(g)(11 U.S.C. § 362(g)] the moving party [in this case PRUDENCE WALTZ] bears the initial burden of demonstrating the absence of a genuine issue of material fact [which she has satisfied by providing the Court with the sworn testimony of witnesses given in depositions in which counsel for all interested parties participated].

Under the standard established by the United States Supreme Court in *Celotex Corp. v. Catrett* supra at 477 U.S. 322 for determining whether a moving party is entitled to the relief sought by a motion made in a Federal Court,  the United States Supreme Court held that entry of  judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof . . ."

A non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence.

See:    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 [1986].

8

As the United States Supreme Court held in *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) the wording of Rule 56(c) mandates the entry of judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." These standards apply equally in bankruptcy cases when ruling on motions under Rule 56 and there is no reason they should not apply to motions filed under Bankruptcy Code §§ 362(d) and 554(b) [11 U.S.C. §§ 362(d) and 554(b)].

See:    *Holder v. Tex. Dep't of Pub. Safety (In re Holder)*, 356 B.R. 184, 187 (U.S. Bankr. S.D. Tex. 2006]³

**THE DISTRICT COURT'S DECISION IN *LAWRENCE V. MOTORS LIQUIDATION CO. (IN RE MOTORS LIQUIDATION CO.)*, 2010 WL 4630327 \*3 (U.S. DIST S.N.Y. NOVEMBER 8, 2010) DID NOT AND COULD NOT HAVE HELD THAT MOTIONS UNDER BANKRUPTCY CODE § 362(D)(2) CAN ONLY BE BROUGHT BY SECURED CREDITORS**

Although LEHMAN BROTHERS correctly cites the recent decision of the District Court in *Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)* supra for the proposition that Bankruptcy code § 362(d)(2) does not protect a creditor's right "to pursue any form of litigation against the debtor in another court" the case neither discusses or decides the issue of whether it provides a remedy for an owner of property [such as moving party PRUDENCE WALTZ] to pursue an action to recover property from a DEBTOR who has no legal right to withhold it, or use it as part of a reorganization plan for the benefit of third party creditors.

LEHMAN BROTHERS' argument, which is repeated at pages 6 and 7 of its opposition is in direct conflict with the unambiguous language of the statute, the restrictions on this Court's jurisdiction imposed by the taking clause of the Fifth Amendment to the Constitution of the United States of America and the decision of the United States Supreme Court in *Louisville Joint Stock Land Bank v. Radford* supra.

---

3.    Arguably the Court could treat the pending motion as a motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure based upon authority derived from Rules 12(b) through 12(d) of the Federal Rules of Civil Procedure.

# CONCLUSION

Moving party PRUDENCE WALTZ and her counsel have been forced to have her rights to recover THE SUBJECT PROPERTY delayed and forced to incur the costs, expense and inconvenience of appearing in this Court because of LEHMAN BROTHERS' and its subsidiary's claim that they had an ownership interest in THE SUBJECT PROPERTY which the uncontradicted evidence establishes is based upon a fraudulently recorded mortgage instrument. Having accepted the jurisdiction of this Court to determine the validity of that claim, moving party PRUDENCE WALTZ is entitled to the procedural benefits of Bankruptcy Code §§ 362(d)(2)(A) and 554(b) [11 U.S.C. §§ 362(d)(2)(A) and 554(b)] in the absence of some evidence which contradicts the undisputed sworn testimony provided by the deposition excerpts filed in support of the pending motion.

LAW OFFICES OF JEROME ZAMOS

By: _____
Jerome Zamos, Attorneys for
Real Part in Interest PRUDENCE WALTZ
5228 Campo Road
Woodland Hills, California 91364-1927
Telephone: 818-348-7151
Facsimile: 818-348-6095
email: zamoslaw@aol.com

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to the within action; my business address is 5228 Campo Road, Woodland Hills, California 91364-1927.

On December 11, 2010 I served the following document(s) described as PRUDENCE WALTZ'S REPLY MEMORANDUM IN SUPPORT OF RELIEF FROM STAY AND AN ORDER DIRECTING THE ABANDONMENT OF CLAIMS AGAINST THE REAL PROPERTY COMMONLY KNOWN AS 844-846 WEST 57TH STREET, LOS ANGELES, CALIFORNIA BANKRUPTCY CODE §§ 362(d)(2) & 554(b)] on the interested parties by placing a true copy thereof enclosed in a sealed envelope with postage for overnight delivery fully prepaid addressed to:

| | |
|---|---|
| Lehman Brothers Holdings Inc.<br>745 Seventh Avenue<br>New York, NY 10019 | MOHAMED FOUZI HAFFER, Esquire<br>HAFFER & ASSOCIATES<br>625 Broadway, Suite 825<br>San Diego, California 92101 |
| Shai Y. Waisman, Esq.<br>Jacqueline Marcus, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153 | BLUE OCEAN MORTGAGE, INC.<br>c/o MATTHEW P KAY<br>[its agent for service]<br>4347 McCONNELL<br>LOS ANGELES, CA 90066 |
| Andrew D. Velez-Rivera, Esq.<br>Office of the U.S. Trustee<br>33 Whitehall Street<br>21st. Floor<br>New York, NY 10004 | JANELLE M. BAIRD<br>P.O. Box 1812<br>Hawaiian Gardens Ca, 90716 |
| Dennis F. Dunne<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005 | Samantha Hill<br>1201 N. Orange Grove Ave., #106<br>West Hollywood, CA 90046 |
| [Counsel for AURORA LOAN SERVICES]<br>GARRETT & TULLEY, P.C.<br>CANDIE Y. CHANG, Esquire<br>STEPHANIE S. BANG, Esquire<br>225 South Lake Avenue<br>Suite 1400<br>Pasadena, California 91101-4869 | MATTHEW P KAY<br>4347 McCONNELL<br>LOS ANGELES, CA 90066<br><br>LATOSHIA C. KELLER<br>4515 Don Ricardo Drive<br>Los Angeles, California 90008 |
| [CALIFORNIA COUNSEL FOR LEHMAN BROTHER'S HOLDING, INC.]<br>Justin D. Balser, Esquire<br>Donald M. Scotten, Esquire<br>Bryan M. Leifer, Esquire<br>AKERMAN SENTERFITT LLP<br>725 S. Figueroa St., Suite 3800<br>Los Angeles, CA 90071 | The Superior Court of The State of California<br>For the County of Los Angeles<br>Attention: The Hon. DEBRE K. WEINTRAUB<br>111 North Hill Street<br>Los Angeles, California 90012 |

I am "readily familiar" with the firms practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in set forth in this affidavit.

I am employed in THE LAW OFFICES OF JEROME ZAMOS in Woodland Hills, California at whose direction service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed December 11, 2010 at Woodland Hills, California.

*/s/ Judith F. Kaplan*
Judith F. Kaplan