Hearing Date and Time: December 15, 2010 at 10:00 a.m.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
            Debtors.                      :    (Jointly Administered)
                                          :
                                          :
------------------------------------------------------------x
```

**DEBTORS' REPLY TO OBJECTIONS TO THE DEBTORS' MOTION PURSUANT TO
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
APPROVAL OF A SETTLEMENT AMONG LEHMAN BROTHERS SPECIAL
FINANCING INC., BNY CORPORATE TRUSTEE SERVICES LIMITED, PERPETUAL
TRUSTEE COMPANY LIMITED, AND OTHERS, RELATING TO CERTAIN SWAP
TRANSACTIONS WITH SAPHIR FINANCE PUBLIC LIMITED COMPANY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Special Financing Inc. ("<u>LBSF</u>") and its affiliated debtors in the

above-referenced chapter 11 cases, including Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), as

debtors and debtors in possession (together, the "<u>Debtors</u>" and, collectively with their non-debtor

affiliates, "<u>Lehman</u>"), file this reply to the Objections (defined below) to the *Debtors' Motion*

*Pursuant To Rule 9019 of The Federal Rules of Bankruptcy Procedure For Approval of A*

*Settlement Among Lehman Brothers Special Financing Inc., BNY Corporate Trustee Services*

*Limited, Perpetual Trustee Company Limited, And Others, Relating To Certain Swap*

US_ACTIVE:\43576908\07\58399.0003

*Transactions With Saphir Finance Public Limited Company*, filed on November 24, 2010 [Docket No. 13051] (the "Motion").

**Preliminary Statement**

1.  The Motion seeks the approval of a Settlement[1] that will result in a substantial payment to LBSF's estate, while at the same time, resolving litigation among BNY, Perpetual and Debtors that is pending and the subject of separate appeals in two courts – one in the United States, and another in the United Kingdom – involving complex and novel issues of law for both jurisdictions, and potentially subject to conflicting rulings from both courts. Limited objections[2] to the Motion have been filed by: (i) certain purported holders of notes issued under the Dante Program (the "Belmont Noteholders") [Docket No. 13318], and (ii) Stephen Parbery and Neil Singleton in their capacity as the court appointed liquidators (the "Australia Liquidators") of Lehman Brothers Australia Limited [Docket No. 13309], itself purportedly a holder of notes under the Dante Program. The Australia Liquidators have agreed to withdraw their objection. No one, including the Belmont Noteholders, contests the Debtors' showing that the Settlement is fair and equitable, in the best interest of the estate and within the range of reasonableness – the governing legal standard. (Motion ¶¶ 19-32.)

2.  Rather, the Objections impermissibly request this Court to issue a self-serving advisory opinion "clarifying" that the order approving the Settlement will not have any preclusive effect on BNY, in its capacity as trustee under other notes issued under the Dante Program, or on the Belmont Noteholders or Australia Liquidators. This Court should reject that

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[2] BNY Corporate Trustee Services Limited ("BNY"), a party to the Settlement, filed a response [Docket No. 13304] (the "BNY Response") that does not object to the relief sought in the Motion. Rather, the BNY Response solely makes clear that BNY supports the Motion because it has been directed to do so by Perpetual, and that it does so only in its capacity as the Trustee for Perpetual. Accordingly, no reply to the BNY Response is necessary.

2

invitation from strangers to the instant litigation before this Court. *See U.S. Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) ("a federal court [lacks] the power to render advisory opinions") citations omitted)); *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) ("We do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before us"); *In re Outboard Marine Corp.*, 304 B.R. 844, 859 (Bankr. N.D. Ill. 2004) ("An advisory opinion results if the court resolves a question of law that is not presented by the facts of the case"). Because they do not provide any coherent, much less compelling, reason why the Settlement should not be approved, the Objections should be overruled, and the Motion should be granted.

### The Settlement Is In The Best Interest of the Debtors' Estates And Satisfies The Standards For Approval Under Rule 9019

3. "As a general matter, settlements or compromises are favored in bankruptcy and, in fact, encouraged," *In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 226 (Bankr. S.D.N.Y. 2007), "because they minimize the costs of litigation and further the parties' interest in expediting the administration of a bankruptcy estate." *Inv. Exch. Group, LLC v. Colo. Capital Bank (In re 1031 Tax Group, LLC)*, Adv. Proc. No. 07-1710, 2007 WL 2455176, at *3 (Bankr. S.D.N.Y. Aug. 23, 2007). In determining whether a proposed settlement should be approved, a court must determine whether the settlement is in the best interest of the estate and whether it is "fair and equitable." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also In re Best Prods.*, 165 B.R. 35, 50 (Bankr. S.D.N.Y. 1994).

4. The Belmont Noteholders cannot seriously contend, and indeed have not contended, that the Settlement does not satisfy the standards for approval under Bankruptcy Rule 9019. The Settlement Agreement results in a substantial payment to LBSF's estate, and entirely

3

resolves litigation in which LBSF's estate stands to lose millions of dollars were the *ipso facto* clauses enforced. Given the complex nature of the issues raised in this litigation and in the US Appeal, the uncertainty of the outcome, and the cost of continuing to litigate these issues on appeal, settling the Adversary Proceeding in exchange for a substantial payment to LBSF's estate is well within the range of reasonableness, and is fair and equitable to the estate. Furthermore, the Creditors' Committee was actively involved in the Adversary Proceeding, the US Appeal prior to remand from the District Court on November 29, 2010 (a remand that Belmont Noteholders ignore), and the settlement process, and supports the Settlement. *See Lee Way Holding*, 120 B.R. at 904 (explaining that court was persuaded by creditors' committee's support of settlement).

## The Objections Seek Unnecessary And Impermissible Advisory Rulings And Should Be Overruled

5.  For the reasons referred to in paragraph 2 *supra*, the Debtors do not believe it is necessary or appropriate for the Court, in the context of this Motion, to give an advisory opinion on the future legal consequences of this Court's Summary Judgment Order or Memorandum Decision, *Lehman Bros. Special Fin. Inc. v. BNY Corporate Tr. Servs. Ltd. (In re Lehman Bros. Holdings Inc.)*, 422 B.R. 407 (Bankr. S.D.N.Y. 2010). In an effort to avoid unnecessary litigation, however, the Debtors have endeavored to address the concerns of the Belmont Noteholders. Specifically, the Debtors have offered to confirm in writing to the Belmont Noteholders that they will not assert that the doctrines of *res judicata* or collateral estoppel apply with respect to the Summary Judgment Order or Memorandum Decision in any other proceeding.

6.  Furthermore, as the Debtors have repeatedly indicated to the Belmont Noteholders, the Termination and Settlement Agreement itself contains language drafted

4

specifically to address the concern that the Debtors might assert the applicability of such doctrines against BNY, which is a party to the Adversary Proceeding. Section 4.5 makes clear that no notes in the Dante program other than Perpetual's are affected by this Settlement, providing, in pertinent part, that:

> [t]he obligations and releases contained in this Deed…relate only to the Notes, the Swap Transactions and the agreements and other arrangements related thereto (including the Transaction Documents) and do not affect any Party's rights and obligations with respect to any other series in the Programme or any other agreement or arrangement entered into between the Parties… [N]othing in this Deed shall alter, impair, improve or affect the rights of any holders of notes in the Programme (other than the Notes) to assert the validity of the provisions of the documents relating to such notes (or to defend any challenge to the validity of those provisions) in any proceedings brought in the United States Bankruptcy Court or in any other Court and such rights (if any) of all such holders of notes (and the Trustee, to the extent it acts as trustee for the holders of such notes) are reserved in full (the "Reserved Rights") provided always that nothing in this Deed shall constitute any sort of acknowledgement or recognition on behalf of LBSF or the Debtors or any other Party that any of the holders of such notes can make any valid claim or defence in respect of such Reserved Rights.

(Termination and Settlement Agreement § 4.5.)

7. To the extent that the Belmont Noteholders still insist on an advisory opinion as to the preclusive effect, if any, of the Order approving the Motion, the Objections should be overruled and disregarded in their entirety. Notably, the Belmont Noteholders fail to cite any authority or precedent that would support their request that this Court make an advance determination as to the preclusive effect of its own order. The only issue before the Court is whether the Settlement satisfies the standard for approval under Bankruptcy Rule 9019. The preclusive effect of the Court's order approving the Settlement is not ripe for adjudication and should not be determined in a vacuum. Finally, the Court should take into consideration the obvious fact that the Belmont Noteholders have interposed the Objections solely to advance their

own parochial interests, and not the interests of the Debtors' estates or any creditor thereof. *See In re Lehman Brothers Holdings Inc.*, Hr'g Tr. at 80:24-81:21 (August 18, 2010) (calling into doubt a creditor's standing where such party objected to a settlement primarily to advance its interests as a party-in-interest in a related matter, not as a creditor of Lehman Commercial Paper Inc.).

WHEREFORE the Debtors respectfully request that the Court (i) overrule the Objections, (ii) enter the Order granting the Motion, and (iii) grant the Debtors such other or further relief as is it deems just and proper.

Dated: December 13, 2010
   New York, New York

                                       /s/ Jacqueline Marcus
                                       Ralph I. Miller
                                       Jacqueline Marcus

                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Avenue
                                       New York, New York 10153
                                       Telephone: (212) 310-8000
                                       Facsimile: (212) 310-8007

                                       Attorneys for Debtors
                                       and Debtors in Possession