Hearing Date and Time: December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------x

**DECLARATION OF JEFFREY FITTS IN SUPPORT OF
MOTION OF LEHMAN BROTHERS HOLDINGS INC.
AND LEHMAN COMMERCIAL PAPER, INC. PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND RULE 9019(a)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
AUTHORITY TO ENTER INTO SETTLEMENT AGREEMENT
WITH RESPECT TO HERITAGE FIELDS PROPERTY AND
TO CONSUMMATE TRANSACTIONS IN CONNECTION THEREWITH**

Pursuant to 28 U.S.C. § 1746, I, Jeffrey Fitts, declare:

1. I am a Managing Director with Alvarez & Marsal Real Estate Advisory Services ("A&M"). I submit this declaration in support of the *Motion of Lehman Brothers Holdings Inc. Pursuant to Section 363 of the Bankruptcy Code and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure for Authority to Amend Participation Agreements and to Purchase Additional Participation Interests Related to Heritage Fields Property* [Docket No. 10516] (the "Motion")[1] filed on July 27, 2010 in the above-referenced chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI" and, together with LBHI, the "Debtors").

2. I have more than 19 years of experience in assisting insolvent and troubled companies, with a focus on operational and financial restructuring efforts. Prior to joining A&M, I was a Managing Director with GE Commercial Finance ("GE"), where I led GE's Distressed Debt

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

US_ACTIVE:\43579531\02\58399.0008

and Alternative Investment Group and managed complex distressed credits. Before joining GE, I was with the Corporate Workout Division (IRM) of Citicorp, where I spent three years managing investment grade and middle market corporate workouts. I began my career in 1990 as a workout officer and, later, an asset manager with Citicorp Real Estate, where I managed more than $1 billion of office, retail, and industrial projects. I received a bachelor's degree from the University of Delaware in 1988.

3. I was assigned to the representation of Lehman in September 2008. I currently serve as the Co-Head of Lehman's real estate group (the "Real Estate Group"). My primary responsibility as Co-Head of the Real Estate Group is day-to-day management and oversight of Lehman's real estate portfolio, including management and oversight of the real estate, real estate finance and related activities that are the subject of the Motion and this Declaration. As Co-Head of the Real Estate Group, I oversee a number of Lehman employees who have been actively involved in finalizing the terms of the transactions described in this Declaration and in the Motion.

4. It is my business judgment that entry into the Settlement Agreement and consummation of the transactions set forth therein is in the best interests of LBHI, LCPI and each of their respective estates. The Settlement Agreement is among all parties with an interest in the Heritage Fields Project, and, as such, provides for a global settlement of all disputes related to the Heritage Fields Project, the Mortgage Loan and the Corporate Loan. In doing so, the Settlement Agreement releases LBHI and LCPI from the costs, liabilities and uncertainties associated with the Adversary Proceeding and the Proofs of Claim.

5. Moreover, the Settlement Agreement provides LBHI with a discounted payoff in the amount of $125 million on account of its interest in the Heritage Fields Project, as well as the repayment, in full, of all amounts outstanding (including interest) with respect to a participation in the Heritage Fields Project made by LBHI in the maximum principal amount of $32 million, and the grant of a cash-flow participation. In all, the Settlement Agreement provides LBHI

with significant recovery on account of its disputed interest in the Heritage Fields Project, whereas LBHI's continued interest in the Heritage Fields Project could result in substantial costs in funding the project, and a significant period of time before LBHI realized any recovery on account of its investment.

6. The negotiation of the Settlement Agreement was conducted between all parties in good faith and at arms'-length.

7. I have been advised that it is necessary that the transactions contemplated by the Settlement Agreement be consummated immediately if the Court grants the Motion. There are certain taxes that will need to be paid, which State Street, as lender to the Heritage Fields Project once the Settlement Agreement is effective, would be responsible for funding. Moreover, State Street must enter into a development agreement with the city of Irvine by December 27, 2010, and the Settlement Agreement must be closed in order for this to take place.

8. As Co-Head of the Real Estate Group, I have concluded, in my considered business judgment and based on my review of pertinent documents and discussions with my colleagues involved with the negotiation of the Settlement Agreement, that LBHI's and LCPI's entry into the Settlement Agreement is in the best interests of their respective estates.

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 13th day of December, 2010.

    /s/ Jeffrey Fitts
    Jeffrey Fitts