Hearing Date: December 15, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                        :
In re:                                                  :    Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,                  :    08-13555 (JMP)
                                                        :
                    Debtors.                            :    (Jointly Administered)
                                                        :
------------------------------------------------------------------ x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN
DEBTORS' RESPONSE TO MOTION OF PRUDENCE WALTZ FOR RELIEF
FROM STAY AND AN ORDER DIRECTING THE ABANDONMENT OF
CLAIMS AGAINST THE REAL PROPERTY COMMONLY KNOWN
AS 844-846 WEST 57TH STREET, LOS ANGELES, CALIFORNIA**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors"), hereby files this joinder (the "Joinder") in the Debtors' response (the "Response") [Docket No. 13384] to the *Motion of Prudence Waltz for Relief From Stay and an Order Directing the Abandonment of Claims Against the Real Property Commonly Known as 844-846 West 57th Street, Los Angeles, California* (the "Motion")[1]

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[Docket Nos. 12780, 12781, 12784, 12788], and in support thereof, respectfully states as follows:

## JOINDER

1.  The Committee joins in the Debtors' opposition to the relief sought in the Motion for each of the reasons set forth in the Debtor's Response.  <u>First</u>, the movant's reliance on section 362(d)(2)(A) to support the relief requested is misplaced.  "The legislative history makes clear that § 362(d)(2) is aimed at protecting a creditor's right to foreclosure, not a creditor's right to pursue any form of litigation against the debtor in another court."  *See e.g.*, *Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, 2010 WL 4630327, *3 (S.D.N.Y. Nov. 8, 2010) (citing *In re Northwest Airlines Corp.*, 2006 WL 2583647, at *3 n. 2 (Bankr. S.D.N.Y. Aug. 28, 2006)).  Here, Waltz is not a creditor seeking to foreclosure on the Debtors' property but rather she is seeking to pursue litigation against the Debtors in California state court (the "<u>California Court</u>"); as such, Waltz is not entitled to relief under section 362(d)(2).

2.  <u>Second</u>, with respect to the remaining relief requested in the Motion, which includes demands for (i) a declaration and determination that neither LBHI nor any of its subsidiaries or affiliates has an interest in the Subject Property; (ii) LBHI to abandon and relinquish any claims or causes of action related to the Subject Property; (iii) a declaration and determination that the automatic stay is not applicable to the State Court Action; and (iv) an award of Waltz's costs and attorneys' fees, Waltz has failed to set forth the applicable standards for each form of relief and has failed to meet her burden of proof with respect each form of relief.  As noted by the Debtors, this type of relief is also procedurally improper because it can only be sought by means of an adversary proceeding.  *See* FED. BANKR. PROC. 7001 ("[T]he

2

following are adversary proceedings … (1) a proceeding to recover money or property … (2) a proceeding to determine the validity, priority or extent of a lien or other interest in property … (7) a proceeding to obtain an injunction or other equitable relief … ).

3.  <u>Finally</u>, the Committee agrees with the Debtors that, under the current circumstances, "cause" may exist to modify the automatic stay pursuant to section 362(d)(1), to permit continuation of the Pending State Court Action in the California Court. Resolution of this matter in the California Court would likely be the most efficient mechanism for resolving this dispute because the California Court is familiar with the matter and because this Pending State Court Action has already been partially briefed.

WHEREFORE, the Committee respectfully requests that the Court (i) deny the Motion; (ii) lift the automatic stay for the limited purpose of allowing the State Court Action to resume in the California Court; and (iii) grant the Committee such other relief as is just.

Dated: New York, New York
December 13, 2010

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., <u>et</u> <u>al.</u>

3