Hearing Date: December 15, 2010 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M^cCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------ X
                                                                   :
In re:                                                             :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :   08-13555 (JMP)
                                                                   :
                         Debtors.                                  :   (Jointly Administered)
                                                                   :
------------------------------------------------------------------ X
```

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN CONNECTION WITH MOTION OF LEHMAN BROTHERS
HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER, INC. PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND RULE 9019(a) OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE FOR AUTHORITY TO ENTER INTO
SETTLEMENT AGREEMENT WITH RESPECT TO HERITAGE FIELDS PROPERTY
AND CONSUMMATE TRANSACTIONS IN CONNECTION THEREWITH**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors"), including Lehman Commercial Paper, Inc. ("LCPI"), hereby files this statement (the "Statement") in connection with LBHI's and LCPI's motion, dated July November 23, 2010 [Docket No. 12997] (the "Motion")[1], to seek authorization for LBHI and LCPI (the "Heritage Debtors") to enter into the Settlement Agreement related to the Heritage Fields Project.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**STATEMENT**

1.  The Committee has been actively evaluating the Heritage Fields Project since the commencement of the Debtors' bankruptcy cases. The Committee, with the involvement of the Committee's financial advisors, considered and consented to several requests for funding of additional participation interests in the first mortgage loan to Heritage. The Committee also spent substantial time considering an earlier settlement proposed by the Heritage Debtors that was intended to resolve all disputes regarding the Project. On June 22, 2010, LBHI filed a motion [Docket No.9739] (the "Superseded Motion") that outlined the terms of that settlement. The Committee filed a statement [Docket No. 107646] supporting the relief requested in the Superseded Motion. The settlement set forth in the Superseded Motion was never consummated because the parties were unable to finalize the settlement prior to the hearing on the Superseded Motion.

2.  The amended settlement agreement as to which approval is requested in the Motion picks up where the prior settlement left off – offering all the same benefits promised in the Superseded Motion, while providing a more comprehensive resolution of the disputes and uncertainties engendered by the Heritage Fields Project. The Committee has evaluated the modified relief requested in the Motion and believes that entry into the Settlement Agreement is in the best interest of the Debtors' estates for two overarching reasons.

3.  First, the Settlement Agreement would relieve the Heritage Debtors of the costs, liabilities and uncertainties associated with the Adversary Proceeding and the Proofs of Claim. The history of the Heritage Fields Project has been a long and tortuous one, with many different players and disputed issues, which has given rise to litigation and a debate over long-term value that that are not likely to be readily or economically resolved. The Settlement

2

Agreement would put all these issues behind the Heritage Debtors, and result in the dismissal of the Adversary Proceeding and the withdrawal of the Proofs of Claim.

4. <u>Second</u>, the Settlement Agreement provides the Heritage Debtors with a reasonable and immediately realizable recovery on account of their interest in the Heritage Fields Project. The Committee and its advisors debated, over an extended period of time, the economic merits of the Settlement Agreement. Arguments could be, and were, made for the Heritage Debtors continuing to hold their interest in the Project on a long-term basis – potentially for up to 17 years – with the possibility that the Heritage Debtors would receive a significantly higher return on their investment at the end of the period. However, such a long-term hold strategy would have required the investment by the Heritage Debtors of additional tens of millions of dollars and come fraught with an array of market and execution risks.

5. In the end, the Committee concurred in the Heritage Debtors' view that the more prudent course of action is to agree to the discounted payoff and settlement of existing litigation set forth in the Settlement Agreement. Thereunder, LBHI will receive (i) a discounted payoff in the amount of $125 million; (ii) repayment in full (plus interest) of a $32 million post-petition participation interest in the Heritage Fields Project; and (iii) an option to purchase a cash-flow participation in the Project's future returns – all terms that the Committee's financial advisors have concluded reflect the value of the Heritage Debtors' current interest in the Project and are reasonable under the circumstances. Most importantly, pursuit of this option (i) will permit the Debtors to avoid the boom-or-bust risks of a long-term real estate investment; and (ii) is consistent with a chapter 11 strategy predicated on preserving the Debtors' ability to make distributions to creditors in the relatively near term.

WHEREFORE, the Committee respectfully submits that (i) it has no objection to the relief requested in the Motion; (ii) the Court should grant the requested relief; and (iii) the Court should grant such other relief as is just.

Dated: New York, New York
December 13, 2010

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

4