Hearing Date and Time: December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| -------------------------------------------------------------------x | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| -------------------------------------------------------------------x | | |

**NOTICE OF FILING OF REVISED ORDER AUTHORIZING LBSF AND LBFP, PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, TO ASSUME AND ASSIGN INTEREST RATE SWAP AGREEMENTS WITH CERTAIN TRUST COUNTERPARTIES, INCLUDING DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, AND TO ENTER INTO NEW INTEREST RATE SWAP AGREEMENTS**

In connection with the hearing to be held on December 15, 2010 at 10:00 a.m. with respect to the *Motion for Authorization, Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, to Assume and Assign Interest Rate Swap Agreements with Certain Trust Counterparties, Including Deutsche Bank National Trust Company, as Indenture Trustee, and to Enter into New Interest Rate Swap Agreements* [Docket No. 12706] (the "Motion"), and all related documents thereto, Lehman Brothers Special Financing Inc. and Lehman Brothers Financial Products Inc. and their affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession, hereby file a revised form of order approving the Motion (the "Revised Order).

Attached hereto as "Exhibit A" is a clean copy of the proposed Revised Order, and attached hereto as "Exhibit B" is a blacklined copy of the proposed Revised Order, which is marked against the version filed with the Motion.

Dated: December 13, 2010
      New York, New York

/s/ Lori R. Fife
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                               :
              Debtors.                                    :    (Jointly Administered)
                                                               :
------------------------------------------------------------x

ORDER AUTHORIZING LBSF AND
LBFP, PURSUANT TO SECTIONS 363 AND
365 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 6006, TO ASSUME AND ASSIGN INTEREST RATE
SWAP AGREEMENTS WITH CERTAIN TRUST COUNTERPARTIES,
INCLUDING DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE
TRUSTEE, AND TO ENTER INTO NEW INTEREST RATE SWAP AGREEMENTS

Upon the motion, dated November 11, 2010 (the "Motion"), of Lehman Brothers Special Financing Inc. (the "LBSF") and Lehman Brothers Financial Products Inc. ("LBFP") as debtors and as debtors in possession (collectively with Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to assume and assign their interests in the Swap Agreements[1] with certain Trust Counterparties to 1271 SwapCo and to enter into New Swap Agreements, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF and LBFP, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 363(b)(1), 363(f) and 365(f) of the Bankruptcy Code, LBSF and LBFP are hereby authorized to assume and assign their respective interests in the Swap Agreements to 1271 SwapCo substantially on the terms and conditions identified in the Motion and upon the assignment, 1271 SwapCo shall be the counterparty to each Trust Counterparty for their respective Swap Agreement from and after the consummation and effectiveness of the Proposed Transactions; and it is further

ORDERED that upon assumption of each Swap Agreement, LBSF and LBFP shall promptly cure the existing payment defaults under their respective Swap Agreements by allowing each Trust Counterparty to deduct (i) the Cure Payment in the amount set forth on Exhibit B annexed hereto and (ii) amounts representing reasonable and documented fees and expenses owed to the Trust Counterparties under the terms of the Swap Agreements in an amount agreed to by the Trust Counterparties, the Debtors and the Creditors' Committee, from payments due to LBSF or LBFP as provided hereinafter; *provided, however,* that with respect to

LBSF, LBFP, LBHI or any of their affiliates, any defaults that may arise because of a condition of the kind specified in section 365(b)(2) of the Bankruptcy Code ("*Ipso Facto* Defaults") are not subject to the requirements under section 365(b)(1) of the Bankruptcy Code; *provided further* that such assumption shall be effectuated through (i) the execution of novation agreements by the Trustees, 1271 SwapCo., and LBSF or LBFP, as applicable, (ii) the receipt by the Trustees of confirmation from the applicable ratings agencies that 1271 SwapCo. is an acceptable substitute counterparty, and (iii) compliance with other applicable provisions of the Swap Agreements relating to their transfer to a new counterparty; and it is further

ORDERED that upon the cure of the defaults provided in the preceding paragraph and the assignment of the Swap Agreements, each Trust Counterparty and the Trustees[2] is forever barred, estopped, and permanently enjoined from (i) asserting against LBSF, LBFP or 1271 SwapCo, or the property of either of them, any default existing as of the assignment of such Swap Agreement, or against 1271 SwapCo, any counterclaim, defense, setoff or any other interest asserted or assertable against the Debtors; and (ii) imposing or charging against 1271 SwapCo or its affiliates any accelerations, assignment fees, increases or any other fees as a result of the Debtors' assumption and assignments to 1271 SwapCo of such Swap Agreement; and it is further

ORDERED that upon assumption, but immediately prior to the assignment of the Swap Agreements, each Trust Counterparty shall perform its obligations to make payments or return collateral to LBSF or LBFP, as applicable, under the applicable Swap Agreement, without

---

[2] The term "Trustees," as used in this Order, shall mean, collectively, (a) Deutsche Bank National Trust Company as: (i) Trustee and Supplemental Interest Trust Trustee for IMPAC 2006-3 under the Pooling and Servicing Agreement, dated as of September 1, 2006; (ii) Trustee and Supplemental Interest Trust Trustee for IMPAC 2007-3 under the Pooling and Servicing Agreement, dated as of April 1, 2007; and (iii) Trustee and Cap Trustee for First Franklin Mortgage Loan Trust 2006-FF8 the Pooling and Servicing Agreement and Cap Allocation Agreement and (b) Deutsche Bank Trust Company Americas, as Indenture Trustee for Harbourview CDO III, Ltd. under the Indenture, dated as of April 24, 2001.

regard to any alleged existing defaults or *Ipso Facto* Defaults, including, but not limited to, making all payments that were owed to LBSF or LBFP, as applicable, in the amounts set forth on Exhibit B annexed hereto less (i) the Cure Payment (plus interest in the amount agreed to by the parties) and (ii) amounts representing reasonable and documented fees and expenses owed to the Trust Counterparties under the terms of the Swap Agreements in an amount agreed to by the Trust Counterparties, the Debtors and the Creditors' Committee; and it is further

ORDERED that nothing herein shall constitute an assumption of any obligations by LBHI; and it is further

ORDERED that upon the assumption and assignment of the Swap Agreements, LBSF and LBFP, as applicable, shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, of all further obligations under the Swap Agreements; and it is further

ORDERED that upon the assumption and assignment of the Swap Agreements, the Debtors shall release the Trust Counterparties and the Trustees from all claims, causes of action, liabilities and other obligations existing or occurring prior to the Commencement Date and arising under or related to the Swap Agreements or Trusts; and it is further

ORDERED that upon assumption and assignment of the Swap Agreements, the holders of Notes or Certificates issued by the Trust Counterparties (collectively, the "Noteholders and Certificateholders"), are bound by, and are deemed to have consented to, the terms of this Order; the Court finds no bona fide basis for any claims or actions against the Debtors, the Trustees (in such capacity or in their individual capacities) and their respective legal counsel and/or financial advisors, and the Debtors, the Trustees (in such capacity or in their individual capacities) and their respective legal counsel and/or financial advisors shall not have any liability for any claims, demands, suits, actions or causes of action arising out of the

participation in the negotiation and implementation of this Order; and Noteholders and Certificateholders shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing claims in any way related to the matters which are the subject of the Motion or this Order against the Debtors, the Trustees in any capacity, or the Trusts; and it is further

ORDERED that upon the assignment of the Swap Agreements, no default shall exist under any Swap Agreement and any provision in any Swap Agreement that purports to prohibit or condition the assignment of such Swap Agreement or allows a Trust Counterparty to terminate, recapture, impose any penalty or condition on renewal or extension, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect; and it is further

ORDERED that pursuant to section 363(f) of the Bankruptcy Code, 1271 SwapCo shall take title to and possession of LBSF's and LBFP's interest in each Swap Agreement free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBSF and LBFP are authorized and empowered to enter into the New Swap Agreements and are authorized, but not directed, to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take all corporate and other actions that may be necessary or appropriate to consummate all of the transactions contemplated by the Proposed Transactions without the necessity or requirement of further court proceedings or approval; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBSF and LBFP are authorized and empowered to pay the Fee to Deutsche Bank AG in connection with the assumption and assignment of the Swap Agreements and the entry into the New Swap Agreements; and it is further

ORDERED that upon the assumption and assignment of the Swap Agreements as provided for above, the Swap Agreement Adversary Proceeding shall be dismissed, with prejudice, against the Swap Defendants solely to the extent that such Swap Agreement Adversary Proceeding relates to the Swap Agreements; and it is further

ORDERED that upon the assumption of the Swap Agreements and the cure of any defaults thereunder, Claim Nos. 18487, 18488, 18489, 18490, 18511, 18513, 18525, 43965 are hereby deemed satisfied and expunged and Epiq Bankruptcy Solutions LLC, the Court-approved claims agent, is authorized to modify the claims register to reflect that such claims have been expunged; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: December __, 2010
      New York, New York

                                                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## Swap Agreements

1. The 1992 ISDA Master Agreement, the Schedule to the Master Agreement and the Credit Support Annex, each dated as of September 29, 2006, between Lehman Brothers Special Financing Inc. and Deutsche Bank National Trust Company, not in its individual capacity, but solely as Supplemental Interest Trust Trustee with respect to the Supplemental Interest Trust relating to IMPAC Secured Assets Trust 2006-3, Mortgage Pass-Through Certificates Series 2006-3, and all Confirmations entered into between these parties under this Master Agreement

2. The 1992 ISDA Master Agreement, the Schedule to the Master Agreement and the Credit Support Annex, each dated as of April 30, 2007, between Lehman Brothers Special Financing Inc. and Deutsche Bank National Trust Company, not in its individual capacity, but solely as Supplemental Interest Trust Trustee with respect to the Supplemental Interest Trust relating to IMPAC Secured Assets Trust 2007-3, Mortgage Pass-Through Certificates Series 2007-3, and all Confirmations entered into between these parties under this Master Agreement

3. The 1992 ISDA Master Agreement, the Schedule to the Master Agreement and the Credit Support Annex, each dated as of June 21, 2006, between Lehman Brothers Special Financing Inc. and Deutsche Bank National Trust Company, not in its individual capacity, but solely as Cap Trustee with respect to the Cap Trust relating to First Franklin Mortgage Loan Trust 2006-FF8, Asset Backed Certificates, Series 2006-FF8, and all Confirmations entered into between these parties under this Master Agreement

4. The 1992 ISDA Master Agreement, the Schedule to the Master Agreement, each dated as of June 29, 2006, between Lehman Brothers Special Financing Inc. and Deutsche Bank National Trust Company, not in its individual capacity, but solely as Cap Trustee with respect to the Cap Trust relating to First Franklin Mortgage Loan Trust 2006-FF8, Asset Backed Certificates, Series 2006-FF8, and all Confirmations entered into between these parties under this Master Agreement

5. The 1992 ISDA Master Agreement, the Schedule to the Master Agreement, each dated April 24, 2001, between Lehman Brothers Financial Products Inc. and Harbourview CDO III, Limited, the confirmation thereunder dated April 24, 2001, identified as "INTEREST RATE HEDGE TRANSACTION" and the confirmation thereunder dated April 24, 2001, identified as "CAP TRANSACTION"

**Exhibit B**

| Trust | Unpaid Amount Due from Trust to LBSF or LBFP | Cure Payment | Net Payment due to LBSF or LBFP |
|---|---|---|---|
| IMPAC Secured Assets Trust 2006-3 | $89,292,857.50 | $14,245,202.34 | $75,047,655.16 |
| IMPAC Secured Assets Trust 2007-3 | $21,893,023.26 | $3,961,023.38 | $17,931,999.88 |
| First Franklin Mortgage Loan Trust 2006-FF8 | $7,173,160.03[3] | $0 | $7,173,160.03 |
| Harbourview CDO III Limited | $9,279,262.19 | $1,566,290.64 | $7,712,971.55 |

---

[3] Represents the amount of collateral that will be returned to LBSF upon the assumption and assignment of the Swap Agreement.

**EXHIBIT B**

US_ACTIVE:\43584058\01\58399.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                   :
              Debtors.                                     :    (Jointly Administered)
                                                                   :
----------------------------------------------------------------x

### ORDER AUTHORIZING LBSF AND LBFP, PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, TO ASSUME AND ASSIGN INTEREST RATE SWAP AGREEMENTS WITH CERTAIN TRUST COUNTERPARTIES, INCLUDING DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, AND TO ENTER INTO NEW INTEREST RATE SWAP AGREEMENTS

Upon the motion, dated November 11, 2010 (the "Motion"), of Lehman Brothers Special Financing Inc. (the "LBSF") and Lehman Brothers Financial Products Inc. ("LBFP") as debtors and as debtors in possession (collectively with Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to assume and assign their interests in the Swap Agreements[1] with certain Trust Counterparties to 1271 SwapCo and to enter into New Swap Agreements, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF and LBFP, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to sections 363(b)(1), 363(f) and 365(f) of the Bankruptcy Code, LBSF and LBFP are hereby authorized to assume and assign their respective interests in the Swap Agreements to 1271 SwapCo substantially on the terms and conditions identified in the Motion and upon the assignment, 1271 SwapCo shall be the counterparty to each Trust Counterparty for their respective Swap Agreement from and after the consummation and effectiveness of the Proposed Transactions; and it is further

ORDERED that upon assumption of each Swap Agreement, LBSF and LBFP shall promptly cure the existing payment defaults under their respective Swap Agreements by allowing each Trust Counterparty to deduct (i) the Cure Payment in the amount set forth on Exhibit B annexed hereto and (ii) amounts representing reasonable and documented fees and expenses owed to the Trust Counterparties under the terms of the Swap Agreements in an amount agreed to by the Trust Counterparties, the Debtors and the Creditors' Committee, from payments due to LBSF or LBFP as provided hereinafter; *provided, however,* that with respect to

LBSF, LBFP, LBHI or any of their affiliates, any defaults that may arise because of a condition of the kind specified in section 365(b)(2) of the Bankruptcy Code ("*Ipso Facto* Defaults") are not subject to the requirements under section 365(b)(1) of the Bankruptcy Code; *provided further* that such assumption shall be effectuated through (i) the execution of novation agreements by the Trustees, 1271 SwapCo., and LBSF or LBFP, as applicable, (ii) the receipt by the Trustees of confirmation from the applicable ratings agencies that 1271 SwapCo. is an acceptable substitute counterparty, and (iii) compliance with other applicable provisions of the Swap Agreements relating to their transfer to a new counterparty; and it is further

ORDERED that upon the cure of the defaults provided in the preceding paragraph and the assignment of the Swap Agreements, each Trust Counterparty and the ~~Trustee~~Trustees[2] is forever barred, estopped, and permanently enjoined from (i) asserting against LBSF, LBFP or 1271 SwapCo, or the property of either of them, any default existing as of the assignment of such Swap Agreement, or against 1271 SwapCo, any counterclaim, defense, setoff or any other interest asserted or assertable against the Debtors; and (ii) imposing or charging against 1271 SwapCo or its affiliates any accelerations, assignment fees, increases or any other fees as a result of the Debtors' assumption and assignments to 1271 SwapCo of such Swap Agreement; and it is further

ORDERED that upon assumption, but immediately prior to the assignment of the Swap Agreements, each Trust Counterparty shall perform its obligations to make payments or return collateral to LBSF or LBFP, as applicable, under the applicable Swap Agreement, without

---

[2] The term "Trustees," as used in this Order, shall mean, collectively, (a) Deutsche Bank National Trust Company as: (i) Trustee and Supplemental Interest Trust Trustee for IMPAC 2006-3 under the Pooling and Servicing Agreement, dated as of September 1, 2006; (ii) Trustee and Supplemental Interest Trust Trustee for IMPAC 2007-3 under the Pooling and Servicing Agreement, dated as of April 1, 2007; and (iii) Trustee and Cap Trustee for First Franklin Mortgage Loan Trust 2006-FF8 the Pooling and Servicing Agreement and Cap Allocation Agreement and (b) Deutsche Bank Trust Company Americas, as Indenture Trustee for Harbourview CDO III, Ltd. under the Indenture, dated as of April 24, 2001.

regard to any alleged existing defaults or *Ipso Facto* Defaults, including, but not limited to, making all payments that were owed to LBSF or LBFP, as applicable, in the amounts set forth on Exhibit B annexed hereto less (i) the Cure Payment (plus interest in the amount agreed to by the parties) and (ii) amounts representing reasonable and documented fees and expenses owed to the Trust Counterparties under the terms of the Swap Agreements in an amount agreed to by the Trust Counterparties, the Debtors and the Creditors' Committee; and it is further

ORDERED that nothing herein shall constitute an assumption of any obligations by LBHI; and it is further

ORDERED that~~,~~ upon the assumption and assignment of the Swap Agreements, LBSF and LBFP, as applicable, shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, of all further obligations under the Swap Agreements; and it is further

ORDERED that upon the assumption and assignment of the Swap Agreements, the Debtors shall release the ~~Trustee~~Trust Counterparties and the Trustees from all claims, causes of action, liabilities and other obligations existing or occurring prior to the Commencement Date and arising under or related to the Swap Agreements or Trusts; and it is further

ORDERED that upon assumption and assignment of the Swap Agreements, the holders of Notes or Certificates issued by the Trust Counterparties (collectively, the "Noteholders and Certificateholders"), are bound by, and are deemed to have consented to, the terms of this Order; the Court finds no bona fide basis for any claims or actions against the Debtors, the Trustees (in such capacity or in their individual capacities) and their respective legal counsel and/or financial advisors, and the Debtors, the Trustees (in such capacity or in their individual capacities) and their respective legal counsel and/or financial advisors shall not have any liability for any claims, demands, suits, actions or causes of action arising out of the

participation in the negotiation and implementation of this Order; and Noteholders and Certificateholders shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing claims in any way related to the matters which are the subject of the Motion or this Order against the Debtors, the Trustees in any capacity, or the Trusts; and it is further

ORDERED that upon the assignment of the Swap Agreements, no default shall exist under any Swap Agreement and any provision in any Swap Agreement that purports to prohibit or condition the assignment of such Swap Agreement or allows a Trust Counterparty to terminate, recapture, impose any penalty or condition on renewal or extension, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect; and it is further

ORDERED that pursuant to section 363(f) of the Bankruptcy Code, 1271 SwapCo shall take title to and possession of LBSF's and LBFP's interest in each Swap Agreement free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBSF and LBFP are authorized and empowered to enter into the New Swap Agreements and are authorized, but not directed, to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take all corporate and other actions that may be necessary or appropriate to consummate all of the transactions contemplated by the Proposed Transactions without the necessity or requirement of further court proceedings or approval; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBSF and LBFP are authorized and empowered to pay the Fee to Deutsche Bank AG in connection with the assumption and assignment of the Swap Agreements and the entry into the New Swap Agreements; and it is further

ORDERED that upon the assumption and assignment of the Swap Agreements as provided for above, the Swap Agreement Adversary Proceeding shall be dismissed, with prejudice, against the Swap Defendants solely to the extent that such Swap Agreement Adversary Proceeding relates ~~to any transfers or payments made or received pursuant~~ to the Swap Agreements; and it is further

ORDERED that upon the assumption of the Swap Agreements and the cure of any defaults thereunder, ~~the Trustee Claims~~<u>Claim Nos. 18487, 18488, 18489, 18490, 18511, 18513, 18525, 43965</u> are hereby deemed satisfied and expunged and Epiq Bankruptcy Solutions LLC, the Court-approved claims agent, is authorized to modify the claims register to reflect that ~~the Trustee Claims~~<u>such claims</u> have been expunged; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

~~ORDERED that the requirements of Bankruptcy Rule 6006(d) are hereby waived and this Order shall be effective immediately upon its entry; and it is further~~

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: December __, 2010
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

### Swap Agreements

1. The 1992 ISDA Master Agreement, the Schedule to the Master Agreement and the Credit Support Annex, each dated as of September 29, 2006, between Lehman Brothers Special Financing Inc. and Deutsche Bank National Trust Company, not in its individual capacity, but solely as Supplemental Interest Trust Trustee with respect to the Supplemental Interest Trust relating to IMPAC Secured Assets Trust 2006-3, Mortgage Pass-Through Certificates Series 2006-3, and all Confirmations entered into between these parties under this Master Agreement

2. The 1992 ISDA Master Agreement, the Schedule to the Master Agreement and the Credit Support Annex, each dated as of April 30, 2007, between Lehman Brothers Special Financing Inc. and Deutsche Bank National Trust Company, not in its individual capacity, but solely as Supplemental Interest Trust Trustee with respect to the Supplemental Interest Trust relating to IMPAC Secured Assets Trust 2007-3, Mortgage Pass-Through Certificates Series 2007-3, and all Confirmations entered into between these parties under this Master Agreement

3. The 1992 ISDA Master Agreement, the Schedule to the Master Agreement and the Credit Support Annex, each dated as of June 21, 2006, between Lehman Brothers Special Financing Inc. and Deutsche Bank National Trust Company, not in its individual capacity, but solely as Cap Trustee with respect to the Cap Trust relating to First Franklin Mortgage Loan Trust 2006-FF8, Asset Backed Certificates, Series 2006-FF8, and all Confirmations entered into between these parties under this Master Agreement

4. The 1992 ISDA Master Agreement, the Schedule to the Master Agreement, each dated as of June 29, 2006, between Lehman Brothers Special Financing Inc. and Deutsche Bank National Trust Company, not in its individual capacity, but solely as Cap Trustee with respect to the Cap Trust relating to First Franklin Mortgage Loan Trust 2006-FF8, Asset Backed Certificates, Series 2006-FF8, and all Confirmations entered into between these parties under this Master Agreement

5. The 1992 ISDA Master Agreement, the Schedule to the Master Agreement, each dated April 24, 2001, between Lehman Brothers Financial Products Inc. and Harbourview CDO III, Limited, the confirmation thereunder dated April 24, 2001, identified as "INTEREST RATE HEDGE TRANSACTION" and the confirmation thereunder dated April 24, 2001, identified as "CAP TRANSACTION"

**Exhibit B**

| Trust | Unpaid Amount Due from Trust to LBSF or LBFP | Cure Payment | Net Payment due to LBSF or LBFP |
|---|---|---|---|
| IMPAC Secured Assets Trust 2006-3 | $89,292,857.50 | $14,245,202.34 | $75,047,655.16 |
| IMPAC Secured Assets Trust 2007-3 | $21,893,023.26 | $3,961,023.38 | $17,931,999.88 |
| First Franklin Mortgage Loan Trust 2006-FF8 | $7,173,160.03[1] | $0 | $7,173,160.03 |
| Harbourview CDO III Limited | $9,279,262.19 | $1,566,290.64 | $7,712,971.55 |

---

[1] Represents the amount of collateral that will be returned to LBSF upon the assumption and assignment of the Swap Agreement.