UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                        :

In re                       :        Chapter 11 Case No.
                         :

LEHMAN BROTHERS HOLDINGS INC., *et al.* :     08-13555 (JMP)
                         :

         Debtors.        :     (Jointly Administered)
                         :

----------------------------------------------------------------------X

## SUMMARY STATEMENT FOR SIXTH INTERIM FEE APPLICATION OF BINGHAM McCUTCHEN LLP, SPECIAL COUNSEL FOR THE DEBTORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

**Name of Applicant:**        Bingham McCutchen LLP

**Time Periods:**        June 1, 2010 through September 30, 2010

**Role in the Case:**        Bingham McCutchen LLP is Retained as Special Counsel to the Debtors Under Section 327(e) of the Bankruptcy Code

**Current Application:**        Total Fees Requested:  $2,042,918.90
                         Total Expenses Requested:  $188,198.37

**Prior Applications:**        First Interim Fee Application Dated April 9, 2009
                         Second Interim Fee Application Dated August 14, 2009
                         Third Interim Fee Application Dated December 14, 2009
                         Fourth Interim Fee Application Dated April 16, 2010
                         Fifth Interim Fee Application Dated August 16, 2010

**This Application is:**        __ X __ Interim  _____ Final

## Professional Hours Billed During Sixth Interim Fee Period

### Partners & Of Counsel

| Timekeeper | Admission Date | Position | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Blanchard, Jr., Hartman | 1994 | Partner | 197.10 | $136,667.25 |
| Bowers, Chris | 1999 | Partner | 392.50 | $343,899.00 |
| Brockway, David H. | 1972 | Partner | 69.10 | $70,982.25 |
| Brody, Steven G. | 1987 | Partner | 1.40 | $1,225.00 |
| Buch, Ronald L. | 1993 | Partner | 59.90 | $45,223.00 |
| Cejudo, Will | 1998 | Partner | 1.90 | $1,624.50 |
| Desmond, Michael | 1994 | Partner | 1.20 | $1,194.00 |
| Dillon, Sheri A. | 1999 | Partner | 152.70 | $128,378.25 |
| Greer, Stefanie | 2002 | Of Counsel | 12.70 | $8,445.50 |
| Howard, Jasper A. | 1989 | Partner | 4.90 | $4,875.50 |
| Johnson, Jeffrey R. | 1993 | Partner | 10.40 | $7,956.00 |
| Leyva, Natan J. | 2000 | Partner | 130.10 | $96,822.00 |
| Madan, Raj | 1993 | Partner | 333.20 | $303,103.00 |
| Nelson, William F. | 1972 | Partner | 0.30 | $319.50 |
| Salmons, David B. | 1998 | Partner | 1.40 | $1,260.00 |
| Stark, Richard C. | 1994 | Partner | 1.30 | $1,066.00 |
| Sweet, Charles A. | 1986 | Partner | 1.30 | $1,150.50 |
| Weisbach, David | 1991 | Of Counsel | 0.80 | $836.00 |
| | | | 1,372.20 | $1,155,027.25 |

### Associates, Staff Attorneys and Contract Attorneys

| Timekeeper | Admission Date | Position | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Anglin, Raechel Keay | 2008 | Associate | 10.70 | $5,029.00 |
| Banvard, Honor | 2008 | Associate | 3.00 | $1,410.00 |
| Cox, Sean A. | 2010 | Associate | 5.60 | $2,016.00 |
| Hagan, Robert Patrick | 2007 | Associate | 5.80 | $3,422.00 |
| Hintmann, Brooke E. | 2002 | Contract Atty | 17.30 | $11,504.50 |
| Jaramillo, Victor | 2008 | Associate | 4.00 | $1,880.00 |
| Killian, Bryan M. | 2006 | Associate | 2.80 | $1,736.00 |
| Leonard, Bob | 2007 | Associate | 204.90 | $106,679.00 |
| Margulies, Oren P. | 2006 | Associate | 175.00 | $101,332.50 |
| Mears, Veronica | 2008 | Associate | 22.90 | $12,251.50 |
| Murphy, Christopher P. | 2007 | Associate | 0.80 | $464.00 |
| Otero, Kevin | 2005 | Associate | 139.80 | $89,375.00 |
| Peppelman, David J. | 2008 | Associate | 11.20 | $5,992.00 |
| Rankin, Kiara L. | 2007 | Associate | 517.20 | $262,765.25 |
| Schonholz, Matthew | N/A | Summer Associate | 13.10 | $3,340.50 |
| Strawbridge, Patrick | 2004 | Associate | 2.70 | $1,755.00 |
| Stults, Kevin R. | 2005 | Associate | 331.50 | $202,306.00 |
| Tidwell, Royce | 2007 | Associate | 149.50 | $78,404.25 |
| Wacker, Nathan P. | 2010 | Associate | 63.90 | $28,116.00 |
| | | | 1,681.70 | $919,778.50 |

### Paraprofessionals - Paralegal

| Timekeeper | Admission Date | Position | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Abdel-Nour, Francesca | N/A | Paralegal | 34.20 | $8,208.00 |
| Bohls, Dawn | N/A | Lib. Rsrchr | 14.40 | $4,680.00 |
| Capato, Gina M. | N/A | Paralegal Manager | 9.80 | $3,332.00 |
| Charles, LeVar F. | N/A | Docketing Paralegal | 0.50 | $55.00 |
| Gilroy, Joyce | N/A | Senior Paralegal | 12.50 | $3,062.50 |
| Hensel, Jeannie H. | N/A | Cont. Paralegal | 139.50 | $47,430.00 |
| Owens, Angela M. | N/A | Senior Paralegal | 110.60 | $29,309.00 |
| Parish, Shawn | N/A | Senior Paralegal | 12.40 | $3,906.00 |
| Peskowitz, Adam | N/A | Paralegal | 1.70 | $374.00 |
| Ross, Mark | N/A | Senior Paralegal | 3.00 | $885.00 |
| | | | 338.60 | $101,241.50 |

### Paraprofessionals - Litigation Support

| Timekeeper | Admission Date | Position | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Bhagroo, Tony | N/A | Litigation Support | 1.50 | $330.00 |
| Metcalfe, Jonathon | N/A | Litigation Support | 0.90 | $198.00 |
| Neal, Stephen | N/A | Litigation Support | 6.20 | $1,550.00 |
| | | | 8.60 | $2,078.00 |

### Summary of Professionals and Paraprofessionals

| Professional Title | Blended Rate | Hours Billed | Total Compensation |
|---|---|---|---|
| Partner and Of Counsel | $841.73 | 1,372.20 | $1,155,027.25 |
| Associate and Staff Attorney | $546.93 | 1,681.70 | $919,778.50 |
| Paraprofessional - Paralegal | $299.00 | 338.60 | $101,241.50 |
| Paraprofessional - Litigation Support | $241.63 | 8.60 | $2,078.00 |
| **Subtotal of Fees Accrued** | | **3,401.10** | **$2,178,125.25** |
| **Less Applicable Credit Due from the Fourth Interim Fee Period** | | | ($135,206.35) |
| **Total Fees Requested** | | | **$2,042,918.90** |

## Professional Services Rendered by Category During Sixth Interim Fee Period

| Matter Number | Description | Hours | Fees |
|---|---|---|---|
| 342678 | Matter 342678 | 22.30 | $21,026.50 |
| 1101400015 | Matter 1101400015 | 45.60 | $23,271.00 |
| 1101400382 | Matter 1101400382 | 4.90 | $2,967.00 |
| 1101400395 | Matter 1101400395 | 1.60 | $800.50 |
| 1101400397 | Matter 1101400397 | 82.30 | $68,068.00 |
| 1101400402 | Matter 1101400402 | 420.20 | $279,515.00 |
| 1101400474 | Matter 1101400474 | 874.20 | $533,106.75 |
| 1101400502 | Matter 1101400502 | 8.90 | $5,411.50 |
| 1101400561 | Matter 1101400561 | 164.20 | $101,641.25 |
| 1101400665 | Matter 1101400665 | 3.30 | $2,045.50 |
| 1101400667 | Matter 1101400667 | 336.40 | $253,439.50 |
| 1101400750 | Matter 1101400750 | 468.70 | $269,012.25 |
| 1101400798 | Matter 1101400798 | 398.60 | $301,917.75 |
| 1101400810 | Matter 1101400810 | 3.10 | $2,578.00 |
| 1101400902 | Fee Application Preparation | 294.70 | $134,944.25 |
| 1101400903 | Retention Application | 24.70 | $8,990.00 |
| 1101400908 | Matter 1101400908 | 1.50 | $859.00 |
| 1101400910 | Matter 1101400910 | 42.70 | $30,299.00 |
| 1101400911 | Matter 1101400911 | 203.20 | $138,232.50 |

| | | | |
|---|---|---|---|
| **Subtotal of Fees Accrued** | | **3,401.10** | **$2,178,125.25** |
| **Less Applicable Credit Due from the Fourth Interim Fee Period** | | | ($135,206.35) |
| **Total Fees Requested** | | | **$2,042,918.90** |

## Expenses Incurred During Sixth Interim Fee Period

| Expense Category | Actual Amount |
|---|---|
| Closing CDs | $75.00 |
| Consulting | $108,955.53 |
| Court Costs | $605.70 |
| Filing Fees | $1,929.85 |
| Ground Transportation | $29.00 |
| Library Services | $222.27 |
| Meals: Client Meeting | $1,148.77 |
| Meals: Working Lunch | $207.27 |
| Messenger/Courier | $901.22 |
| Online Legal Research | $16,193.82 |
| Other Electronic Research | $2,029.26 |
| Outside Vendor: Photocopies | $87.00 |
| Photocopies | $3,826.60 |
| Scanning | $482.00 |
| Teleconference Charges | $199.90 |
| Telephone Charges | $178.33 |
| Travel: Air Transportation | $32,560.13 |
| Travel: Coach Services | $3,558.99 |
| Travel: Ground Transportation | $7,386.92 |
| Travel: Lodging | $20,011.48 |
| Travel: Meals | $1,709.63 |
| Travel: Parking | $117.00 |
| Travel: Rail Transportation | $13,659.00 |
| **Subtotal of Expenses Incurred** | **$216,074.67** |
| **Less Voluntary Reductions Taken in Monthly Statements** | ($26,370.84) |
| **Less Additional Voluntary Reductions Taken in Sixth Interim Fee Application** | ($1,505.46) |
| **Total Expenses Requested** | **$188,198.37** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
                                      :

**In re**                          :        **Chapter 11 Case No.**
                                        :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* :        **08-13555 (JMP)**
                                        :

        **Debtors.**                :        **(Jointly Administered)**
                                        :
-------------------------------------------------------------------X

## SIXTH INTERIM FEE APPLICATION OF BINGHAM McCUTCHEN LLP, SPECIAL COUNSEL FOR THE DEBTORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Bingham McCutchen LLP ("Bingham"), special counsel for Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), files its Sixth Interim Fee Application (the "Application") seeking compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors from June 1, 2010 through September 30, 2010 (the "Sixth Interim Fee Period"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Application, Bingham respectfully states as follows:

## Background

### A.    The Chapter 11 Cases

1.    Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced voluntary cases under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers, Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned Chapter 11 Cases (the "Examiner") and, by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

5.    On May 26, 2009, the Court appointed a fee committee in the above-captioned Chapter 11 Cases (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") [Docket No. 3651].

6.      On April 14, 2010, the Debtors filed a revised joint chapter 11 plan and disclosure statement [Docket Nos. 8330 and 8332].

**B.      The Debtors' Businesses**

7.      Prior to the events leading up to these Chapter 11 Cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide.

8.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these Chapter 11 Cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Jurisdiction

9.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

10.      The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). By this Application, Bingham respectfully seeks Court approval and allowance for compensation for fees requested for professional services rendered to the Debtors during the Sixth Interim Fee Period in the aggregate amount of $2,042,918.90 and for reimbursement of

actual and necessary expenses incurred in connection with the rendition of such services in the aggregate amount of $188,198.37.

**Basis for Relief**

**A.      Bingham's Retention**

11.      On August 14, 2009,[1] the Debtors filed an Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Bingham McCutchen LLP as Special Counsel, *nunc pro tunc*, to August 1, 2009 [Docket No. 4811]. The application was approved by order dated August 25, 2009 [Docket No. 4927].[2] In connection therewith, Bingham filed the Supplemental Declaration of Rajiv Madan on Behalf of Bingham McCutchen Pursuant to Sections 327, 328(a), 329 and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules [Docket No. 4636] (the "August Declaration"). Since the filing of the August Declaration, Bingham has filed additional supplemental disclosures with the Court. [Docket Nos. 5602, 8684, 9332, 10294, 11860, and 13361].

**B.      Compensation**

12.      On April 9, 2009, McKee filed its First Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from September 15, 2008, through January 31, 2009 (the "First Interim Fee Application") [Docket No. 3318], in the aggregate of

---

[1] Bingham combined with McKee Nelson LLP ("McKee"), effective August 1, 2009. McKee was previously retained by the Debtors for the tax and securitization matters. As a result of the combination, all of the McKee attorneys who represented the Debtors in their Chapter 11 Cases are now attorneys at Bingham.

[2] On February 19, 2010, the Debtors filed a Motion Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Amend the Order Approving Retention of Bingham McCutchen LLP as Special Counsel to the Debtors, *nunc pro tunc*, to the Engagement Date [Docket No. 7175], in connection with a supplemental litigation matter. Bingham's retention by the Debtors for the supplemental litigation matter was approved by Court Order on March 9, 2010 [Docket No. 7491].

4

$2,727,562 and $105,916.85, respectively. The Court granted the First Interim Fee Application, awarding $2,454,805.80 in fees and $105,916.85 in expenses, by order dated August 13, 2009, reflecting a 50% reduction of the initial 20% holdback of fees [Docket No. 4795]. On August 20, 2009, Bingham received these amounts pursuant to the Court's order. On September 25, 2009, the Court awarded Bingham the remaining holdback for the First Interim Fee Period [Docket No. 5274], and Bingham received this remaining holdback amount of $272,756.20 on October 20, 2009.

13.    On August 14, 2009, Bingham filed its Second Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from February 1, 2009, through May 31, 2009 (the "Second Interim Fee Application") [Docket No. 4810], in the aggregate of $2,967,972.25 and $171,034.92, respectively. By order dated September 25, 2009, the Court granted the Second Interim Fee Application, awarding $2,671,175.03 in fees and $171,034.92 in expenses, reflecting a 50% reduction in the initial 20% holdback of fees [Docket No. 5274]. Bingham received these amounts on October 20, 2009. The Court's order awarding the remaining 10% holdback was conditioned on receiving a final recommendation by the Fee Committee of potential deductions. On December 23, 2009, the Court entered an order granting the remaining holdback for the Second Interim Fee Period, determined after applying the Fee Committee's final recommended deductions to the outstanding amounts [Docket No. 6354]. Bingham received its remaining holdback of $210,379.05 pursuant to the Court's Order on December 30, 2009. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

14.    On December 14, 2009, Bingham filed its Third Interim Fee Application seeking Court approval and allowance for compensation for fees accrued for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from June 1, 2009, through September 30, 2009 (the "Third Interim Fee Application") [Docket No. 6177], in the aggregate of $2,674,901 and $108,636.71, respectively. On April 9, 2010, the Court entered an order Granting Applications for the Allowances of Interim Compensation for the Period of June 1, 2009, Through September 30, 2009, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 8211], awarding Bingham $2,594,831.51 in fees and $107,213.40 in expenses, determined after applying the Fee Committee's final recommended deductions to the requested amounts. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

15.    On April 16, 2010, Bingham filed its Fourth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from October 1, 2009 through January 31, 2010 (the "Fourth Interim Fee Application") [Docket No. 8387], in the aggregate of $2,605,491.77 and $97,483.70, respectively. On September 9, 2010, the Court entered an order Granting Applications for the Allowances of Interim Compensation for the Period of October 1, 2009 through January 31, 2010, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 11237], awarding Bingham $2,485,041.94 in fees and $87,857.38 in expenses, determined after applying the Fee Committee's final recommended deductions to the requested amounts.

Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

16.    On August 16, 2010, Bingham filed its Fifth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from February 1, 2010 through May 31, 2010 (the "Fifth Interim Fee Application") [Docket No. 10759], in the aggregate of $2,746,440.48 and $103,873.32, respectively.    On November 17, 2010, the Fee Committee issued its final recommended reductions to Bingham's Fifth Interim Fee Application, recommending a reduction of $129,901.04 for fees accrued for professional services rendered and $510.31 for actual and necessary expenses incurred.    This Fee Application is currently pending before the Court.

## C.    Applicable Authority

17.    This Application has been prepared in accordance with:    (a) the Administrative Order Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, approved by the Board of Judges on April 19, 1995 (the "Local Guidelines"); (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 (the "UST Guidelines"); and (c) the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated June 25, 2009 [Docket No. 4165] (the "Interim Fee Order," and collectively with the Local Guidelines and the UST Guidelines, the "Guidelines").    Pursuant to the Guidelines, a certification regarding compliance with the same is attached hereto as Exhibit A.

18.    In preparing this Application, Bingham has also reviewed and considered the Fee Committee Reports Pertaining to the Interim Fee Applications of All Retained Professionals (the "Committee Reports") [Docket Nos. 4655, 5104, 6165, 7498, and 10947 respectively].    Bingham has also received specific guidance from the Fee Committee in connection with the Fee Applications previously submitted and has considered such guidance in preparing this Application.

## Fees and Expenses

19.    During the Sixth Interim Fee Period, Bingham accrued fees for professional services rendered in the aggregate of $2,178,125.25[3] and incurred expenses in the aggregate of $216,074.67.[4]    Bingham professionals and paraprofessionals expended a total of 3,401.10 hours for which compensation is requested.    Bingham's requests for compensation in the monthly fee statements are broken down as follows:

| Period Covered | Hours | Requested | | Received | | Outstanding | |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 6/1/2010 to 6/30/2010 | 799.80 | $517,380.50 | $60,691.85 | $413,904.40 | $60,691.85 | $103,476.10 | $0.00 |
| 7/1/2010 to 7/31/2010 | 1,118.60 | 742,534.25 | $45,930.82 | $594,027.40 | $45,930.82 | $148,506.85 | $0.00 |
| 8/1/2010 to 8/30/2010 | 746.20 | $463,637.00 | $25,297.00 | $370,909.60 | $25,297.00 | $92,727.40 | $0.00 |
| 9/1/2010 to 9/30/2010 | 736.50 | $454,573.50 | $57,784.16 | $363,658.80 | $57,784.16 | $90,914.70 | $0.00 |
| Subtotals | 3,401.10 | $2,178,125.25 | $189,703.83 | $1,742,500.20 | $189,703.83 | $435,625.05 | $0.00 |
| Voluntary Reduction Taken in Sixth Interim Fee Application | | | ($1,505.46) | | | | ($1,505.46) |
| Less Applicable Credit Due from Fourth Interim Fee Period | | ($135,206.35) | | | | ($135,206.35) | |
| Totals: | 3,401.10 | $2,042,918.90 | $188,198.37 | $1,742,500.20 | $189,703.83 | $300,418.70 | ($1,505.46)[5] |

---

[3] The amount of fees requested in this Fee Application is $2,042,918.90.  The difference between the amount of fees requested and that actually accrued reflects a credit of $135,206.35 due Lehman from a prior fee period.

[4] The amount of expenses requested in this Fee Application is $188,198.37.  The difference between the amount of expenses incurred and requested reflects voluntary reductions taken at the time of filing the monthly statements during the Sixth Interim Fee Period in the amount of $26,370.84, and voluntary reductions in this Sixth Interim Fee Application in the amount of $1,505.46.

[5] At the time of filing this Fee Application, Bingham has voluntarily reduced the amount of expenses requested by $1,505.46.

20.    Other than pursuant to the Interim Fee Order, Bingham has not received payment or promises of payment from any source for services rendered or to be rendered in these Chapter 11 Cases during the Sixth Interim Fee Period. There is no agreement or understanding between Bingham and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Bingham has not received a security retainer or advance payment for fees and expenses incurred in connection with its representation of the Debtors in these Chapter 11 Cases.

21.    Bingham charged its fees in these Chapter 11 Cases in accordance with billing rates and procedures in effect during the Sixth Interim Fee Period and as set forth in the Retention Application. On January 1, 2010, Bingham adjusted the billing rates for professionals and paraprofessionals in the normal course of its business. The rates charged by Bingham for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are the same as the rates charged by Bingham for professional services rendered in comparable non-bankruptcy related matters.

22.    Pursuant to the Guidelines, attached hereto as <u>Exhibit B</u> is a schedule setting forth all Bingham professionals and paraprofessionals who performed services during the Sixth Interim Fee Period, the position of each professional at Bingham during the Sixth Interim Fee Period, the date of bar admission for each professional, the hours worked by each professional and paraprofessional, and the hourly rate of each professional and paraprofessional. Such fees are reasonable and based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases.

23.    Pursuant to the Guidelines, attached hereto as <u>Exhibit C</u> is a summary of Bingham's time records billed during the Sixth Interim Fee Period, utilizing the project

categories as described below.  Detailed records of the hours expended and associated fees by professionals and paraprofessionals during the Sixth Interim Fee Period are attached hereto as Exhibits C1-C4.  To protect confidentiality and maintain attorney-client privilege and work product protection over the advice Bingham has provided to the Debtors, Bingham has redacted its time entry and expense descriptions.  Similarly, Bingham has used matter numbers in lieu of substantive matter names.

24.     Pursuant to the Guidelines, attached hereto as Exhibit D is a categorical summary of the expenses billed during the Sixth Interim Fee Period.  Detailed records of the expenses billed during the Sixth Interim Fee Period are attached hereto within Exhibits C1-C4.

25.     To the extent that time or expense charges for services rendered or expenses incurred relate to the Sixth Interim Fee Period, but were not processed prior to the preparation of the Application, Bingham reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**Voluntary Reductions**

26.     Responding to and in its efforts to comply with guidance received from the Fee Committee, Bingham previously took voluntary reductions for expenses incurred in the amount of $26,370.84 when it submitted its monthly statements for the Sixth Interim Fee Period. Bingham has reviewed the guidelines established and the comments made by the Fee Committee in the Committee Reports as well as other guidance received from the Fee Committee and has considered the potential concerns raised by the Fee Committee in the Committee Reports.  In an effort to address the potential concerns set forth in the Committee Reports, in connection with preparing this Application, Bingham again reviewed the monthly fee statements for this Sixth Interim Fee Period.  As a consequence of this review and without waiving any of its rights,

Bingham determined to further reduce its request for reimbursement of expenses by $1,505.46 for car service used during work travel.

## Summary of Services

27.    In accordance with the Retention Order, Bingham provided such services as were necessary and appropriate in order to advise the Debtors regarding tax controversy and certain securitization and capital markets matters in the course of these Chapter 11 Cases. The full scope and breadth of the services rendered during the Sixth Interim Fee Period is reflected in the monthly statements, which have been provided to the Notice Parties (as defined in the Interim Fee Order) and incorporated herein as Exhibits C1-C4. The following is a summary by category of the significant professional services rendered by Bingham during the Sixth Interim Fee Period:

a.    1997-2000 Refund Claims

Bingham professionals and paraprofessionals rendered services in connection with pursuing a resolution of the eight issues comprising Debtors' claims for refund from the Internal Revenue Service (the "IRS") of taxes, penalties, and interest paid for the 1997-2000 tax years (the "1997-2000 Refund Claims"), seven of which are also disputed in certain tax years from 2001 through 2008. Six of the eight 1997-2000 Refund Claims were successfully resolved through the administrative process, including the resolution of issues that were also disputed in certain tax years from 2001 through 2008. Pursuit of an administrative resolution continues for one issue, and one other issue has proceeded to litigation. During the Sixth Interim Fee Period, Bingham professionals and paraprofessionals prepared settlement documents reflecting the successful resolution of certain matters, continued to develop the factual positions in preparation for settlement meetings in pursuit of an administrative resolution for one matter, and rendered

11

services in connection with the recently initiated litigation on the matter for which no resolution could be reached. These processes entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate. In addition, Bingham professionals conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information. These services are noted in Exhibits C1-C4 under Matter Codes 382, 395, 474, and 910.

      b.     2001-2007 Audit Issues

The IRS audit of Debtors' 2001-2007 tax years has progressed to an issue resolution phase, involving approximately 20 significant issues, some of which are carryover issues from those included in the 1997-2000 Refund Claims (the "2001-2007 Audit Issues"). During the Sixth Interim Fee Period, Bingham professionals participated in numerous meetings and teleconferences with the IRS regarding the 2001-2007 Audit Issues, continued to develop the facts and the legal grounds for recovery relating to each unresolved matter, drafted legal and factual memoranda with respect to the issues raised, analyzed positions in preparation for settlement negotiations, prepared for and attended mediation conferences in an attempt to resolve certain issues, brought certain issues to a successful resolution, and prepared settlement documents reflecting those resolutions. These processes entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate. Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information. These services are noted in Exhibits C1-C4 under Matter Codes 342678, 382, 395, 397, 402, 474, 502, 665, 667, 798, 810, 908, and 910.

c.    <u>Transaction Audits</u>

Bingham professionals and paraprofessionals advised on and helped manage two other of Debtors' ongoing IRS audits involving specific aspects of Debtors' business activities (the "<u>Transaction Audits</u>").  These services are noted in <u>Exhibits C1-C4</u> under Matter Codes 561 and 750.  In addition to Audit Management, Bingham professionals researched and analyzed transaction data to further develop factual and legal arguments on the Debtors' behalf, drafted legal memoranda with respect to the issues raised, prepared document productions and responses to IRS requests, participated in numerous meetings and teleconferences with the IRS, analyzed positions in preparation for settlement negotiations, and prepared for and attended settlement conferences in an attempt to resolve the Transaction Audits.  This process entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate.  Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

d.    <u>Non-Matter Specific Tax Services</u>

This category pertains to Bingham professionals and paraprofessionals rendering generally applicable tax controversy advice in these proceedings.  These services are noted in <u>Exhibits C1-C4</u> under Matter Codes 402 and 911.  Bingham professionals discussed procedure with the Debtors' tax department to position the various matters for litigation or resolution in appeals, performed ongoing management of the issues related to the audits, including coordination with the Debtors and the IRS, developed and analyzed the global procedure for resolution of the various issues subject to the audits, and analyzed and prepared various tax calculations.  This process entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate.  Bingham professionals also conducted other tasks and

projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

     e.     <u>Securitization and Capital Markets Matters</u>

Bingham professionals and paraprofessionals rendered services in connection with certain securitization and capital markets matters. These services are noted in <u>Exhibits C1-C4</u> under Matter Code 015. Specifically, Bingham professionals and paraprofessionals drafted compliance opinions required under certain securitization documents, tracked and filed UCC continuation statements, renewed service of process agents, handled a variety of deal document issues, including waterfalls, derivative issues, and filing requirements, and handled various filing requirements and associated issues under related securities laws and regulations. In addition, Bingham professionals and paraprofessionals conducted any other securitization or capital markets matters requested by the Debtors in relation to the foregoing. These services are noted in <u>Exhibits C1-C4</u> under Matter Code 015.

     f.     <u>Retention Application Preparation</u>

Bingham professionals and paraprofessionals conducted conflicts searches and submitted supplemental declarations related thereto during the Sixth Interim Fee Period. These services are noted in <u>Exhibits C1-C4</u> under Matter Code 903.

     g.     <u>Fee Application Preparation</u>

The billing procedures required by the Guidelines and the Fee Committee in this case have required significant effort on the part of certain professionals and paraprofessionals to ensure compliance with the same. Specifically, Bingham professionals and paraprofessionals have reviewed the detailed time entries for privilege and confidentiality, prepared detailed and summary schedules of fees and expenses incurred, and drafted the narratives and schedules

included in Bingham's monthly statements. During the Sixth Interim Fee Period, Bingham professionals and paraprofessionals also prepared the Fifth Interim Fee Application and supporting exhibits. Bingham professionals and paraprofessionals also responded to various requests made by the Fee Committee, such as providing a detailed and substantive response to the Fee Committee's report regarding Bingham's Fourth Interim Fee Application, including the supplementation of time entries to comply with new guidance issued by the Fee Committee after the submission of the relevant monthly invoices. These services are noted in Exhibits C1-C4 under Matter Code 902.

28.    The foregoing professional services performed by Bingham were necessary and appropriate to the administration of the Debtors' Chapter 11 Cases. The professional services performed by Bingham were in the best interest of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed in an efficient manner.

29.    The professional services performed by Bingham on behalf of the Debtors during the Sixth Interim Fee Period required an aggregate expenditure of 3,401.10 recorded hours by Bingham professionals and paraprofessionals. Of the aggregate time expended, 1,372.20 recorded hours were expended by partners, of counsel and counsel, 1,681.70 recorded hours were expended by associates and staff attorneys, and 347.20 recorded hours were expended by paraprofessionals and litigation technology support analysts of Bingham. During the Sixth Interim Fee Period, Bingham billed the Debtors for time expended by professionals and paraprofessionals based on Bingham's regular hourly rates.

**Actual and Necessary Expenses**

30.    As set forth in Exhibit D, Bingham incurred $188,198.37 in expenses in providing professional services during the Sixth Interim Fee Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified to serve the needs of the Debtors, their estates, and creditors, and Bingham made every effort to minimize its expenses in these cases. As more fully described in Exhibits C1-C4, Bingham seeks reimbursement for various categories of expenses, including: Closing CDs, Consulting, Court Costs, Filing Fees, Ground Transportation, Library Services, Meals: Client Meeting, Meals: Working Lunch, Messenger/Courier, Online Legal Research, Other Electronic Research, Outside Vendor: Photocopies, Photocopies, Scanning, Teleconference Charges, Telephone Charges, Travel: Air Transportation, Travel: Coach Services, Travel: Ground Transportation, Travel: Lodging, Travel: Meals, Travel: Parking, Travel: Rail Transportation. All entries in Exhibits C1-C4 are in accordance with the Guidelines.

**The Requested Compensation Should Be Allowed**

31.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

16

> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

32.     The services for which Bingham seeks compensation and the expenditures for which Bingham seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates and their rehabilitation and reorganization effort.

33.     All of Bingham's professionals who rendered services in these proceedings made a deliberate effort to avoid unnecessary duplication of work and time expended. In certain instances, however, conferences and/or collaboration were necessary among Bingham's professionals.

34.     Whenever possible, Bingham sought to minimize the costs of its services to the Debtors by utilizing talented junior professionals, without sacrifice to the quality of the services rendered.

35.    Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

36.    In sum, the services rendered by Bingham were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

### Notice

37.    Notice of this Application will be served on December 14, 2010, in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these Chapter 11 Cases.  Notice will also be given to each of the retained professionals in these Chapter 11 Cases.  Bingham submits that no other or further notice need be provided.

### Conclusion

WHEREFORE Bingham respectfully requests that the Court enter an order (i) awarding Bingham interim compensation from the Debtors for fees accrued for actual and necessary professional services rendered during the Sixth Interim Fee Period in the aggregate amount of $2,042,918.90, (ii) allowing Bingham interim reimbursement for actual and necessary expenses incurred during the Sixth Interim Fee Period in the aggregate amount of $188,198.37,

(iii) holding that the allowance of such interim compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Bingham's right to seek additional compensation for services performed and expenses incurred during the Sixth Interim Fee Period which were not processed at the time of this Application; and (iv) granting Bingham such other and further relief as it deems just and proper.

Dated: December 14, 2010
       Washington, D.C.

Rajiv Madan, Esq.
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

Special Counsel for the Debtors
and Debtors in Possession