WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                         :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    **08-13555 (JMP)**
:
**Debtors.**                                       :    **(Jointly Administered)**
:
------------------------------------------------------------------x

**DEBTORS' CERTIFICATE OF NO**
**OBJECTION UNDER 28 U.S.C. § 1746 REGARDING**
**DEBTORS' MOTION PURSUANT TO SECTION 363(b) OF**
**THE BANKRUPTCY CODE FOR AUTHORIZATION TO ENTER INTO AND**
**PERFORM UNDER A SERVICES AGREEMENT WITH LEHMAN EUROPE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

       1.      On November 23, 2010, the undersigned, on behalf of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

US_ACTIVE:\43584330\01\58399.0003

debtors in possession (together, the "Debtors"), caused the Motion Pursuant to Section 363(b) of the Bankruptcy Code for authorization to enter into and perform under a services agreement with Lehman Europe (the "Motion") [Docket No. 12994] to be filed with the United States Bankruptcy Court for the Southern District of New York (the "Court").

        2.      In accordance with the Second Amended Case Management Order, December 8, 2010 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motion (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

        3.      The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on Debtors' counsel to date.

4. Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order annexed hereto as <u>Exhibit A</u> and unmodified since the filing of the Motion, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: December 14, 2010
       New York, New York

                                        /s/ Robert J. Lemons
                                        Robert J. Lemons

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order)**

08-13555-mg    Doc 13450    Filed 12/14/10    Entered 12/14/10 11:13:40    Main Document
Pg 4 of 7

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                  :
**In re**                                         :    **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    **08-13555 (JMP)**
                                                  :
                    Debtors.                      :    **(Jointly Administered)**
                                                  :
                                                  :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363(b)
OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ENTER INTO AND
PERFORM UNDER A SERVICES AGREEMENT WITH LEHMAN EUROPE**

Upon the motion, dated November 23, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), for authorization to enter into a and perform under a services agreement with Lehman Europe, pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Lehman Europe; and (vii) all other parties

entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the SA is approved; and it is further

ORDERED that LBHI is authorized to enter into the SA; and it is further

ORDERED that the Debtors authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the SA, and perform any and all obligations contemplated therein, including entering into any amendments to the SA without further order from the Court, and all obligations of any of the Debtors thereunder shall be deemed allowed administrative expense claims under section 503(b) of the Bankruptcy Code against the applicable Debtor or Debtors; and it is further

ORDERED that the failure to specifically describe or include any particular provisions of the SA shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Debtors are authorized to perform under the SA in its entirety; and it if further

ORDERED that, notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order shall take effect immediately; and it is further

ORDERED that this Order shall be binding on all parties in interest and their respective successors and assigns, including, without limitation, any chapter 7 or chapter 11 trustees and any plan agent, administrator or trustee no matter how denominated; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; and it is further

Dated: December __, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE