WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN THE DEBTORS AND THE INTERNAL REVENUE SERVICE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This stipulation, agreement and order ("Stipulation, Agreement and Order") is entered into among Lehman Brothers Holdings Inc. ("LBHI" or "Debtor"), its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), and the Internal Revenue Service (the "IRS"):

**RECITALS**

A. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      B.    By order, dated July 2, 2009 (the "<u>Bar Date Order</u>") [Docket No. 4271], the Court, *inter alia*, established September 22, 2009 at 5:00 p.m. as the deadline (the "<u>Bar Date</u>") for filing proofs of prepetition claims against the Debtors in these chapter 11 cases ("<u>Proofs of Claim</u>") and approved the form and manner of notice thereof.

      C.    The Debtors and the IRS initially agreed to the terms of a Stipulation, Agreement and Order, dated June 23, 2009, which was so-ordered by the Court on July 2, 2009 [Docket No. 4273], extending the Bar Date for the IRS to 4:00 p.m. on June 30, 2010 to provide time for the Debtor and the IRS to pursue complex, multi-party settlement discussions designed to narrow and fix any potential tax liabilities or refund rights of the Debtors and the group of entities for which LBHI is the common parent, as well as to discuss other issues relevant to the IRS's anticipated claim.

      D.    Subsequently, the Debtors and the IRS agreed to an Amended Stipulation, Agreement and Order, dated May 6, 2010, which was so-ordered by the Court on May 20, 2010 (the "<u>IRS Bar Date Order</u>") [Docket No. 9153], further extending the Bar Date for the IRS to 4:00 p.m. on December 31, 2010 (the "<u>IRS Bar Date</u>") to provide additional time for the Debtors and the IRS to pursue settlement discussions.

      E.    As of the date of this Stipulation, Agreement and Order, the IRS has not filed a Proof of Claim against the Debtors.

      F.    LBHI and the IRS enter into this Stipulation, Agreement and Order to permit the IRS to amend its Proof of Claim after the IRS Bar Date to take into account any

increases to the IRS's claim that may result from the inability of LBHI and the IRS to execute binding agreements for any provisionally settled tax disputes, as explained further below.

### Resolution of LBHI's Disputes with the Internal Revenue Service

G. LBHI's tax disputes with the IRS involve a range of issues spanning from 1997 through 2007. In June 2008, in order to procedurally position LBHI to litigate the disputed tax issues from LBHI's 1997 through 2000 consolidated income tax returns, LBHI accepted the IRS's adjustments for the disputed issues, paid the resulting tax, penalties, and interest, and reserved its right to seek a refund for the taxes, penalties, and interest paid (the "1997-2000 Refund Claims"). In addition, LBHI has disputed approximately 30 adjustments related to various domestic and international tax issues that the IRS proposed after auditing LBHI's 2001 though 2007 consolidated income tax returns (the "2001-2007 Tax Disputes"). The adjustments proposed by the IRS with respect to the 2001-2007 Tax Disputes have the effect of increasing LBHI's tax liability. The IRS has two other ongoing audits that involve a review of non-income tax issues independent from the audit of LBHI's consolidated income tax returns (the "Other Audits"). In contrast to the 1997-2000 Refund Claims for which LBHI is seeking refunds, the IRS will have a claim against LBHI for any unpaid taxes, penalties, and interest arising from the 2001-2007 Tax Disputes and potentially from the Other Audits.

H. Since the Commencement Date, LBHI and the IRS have developed a process for attempting to resolve the disputes related to the 1997-2000 Refund Claims, the 2001-2007 Tax Disputes, and the Other Audits. This process involves a detailed administrative review of each of the disputed issues. The review process has three phases: (i) the collection of additional documents and facts from LBHI by the IRS; (ii) the exchange of written submissions by LBHI and the IRS setting forth their factual and legal arguments, and (iii) settlement negotiations that, when necessary, are mediated by the Appeals Division of the IRS over multiple

3

days during which LBHI and IRS Counsel (representing the IRS Exam team) formally present their positions. The U.S. Attorney's Office for the Southern District of New York has been involved in the dispute resolution process.

  I. LBHI and the IRS successfully settled eight issues from the 1997-2000 Refund Claims, as described in LBHI's Motion to Authorize, Mar. 23, 2010 [Docket No. 7734] and approved by the Court. *See* Order, Apr. 15, 2010 [Docket No. 8353].

  J. LBHI and the IRS have also agreed to settlement terms for more than two dozen disputed issues from the 2001-2007 Tax Disputes and the Other Audits (the "Pending Settlements," as listed on Exhibit A). Under the terms of virtually all of the Pending Settlements, the IRS has made concessions that reduce the amount of its proposed adjustments and, therefore, reduce the amount of the IRS's claim against LBHI. The Pending Settlements, however, are still in the process of becoming finalized, binding agreements ("Binding Agreements").

  K. In order for most of the Pending Settlements to become Binding Agreements, LBHI and the IRS first must memorialize the settlement terms in a settlement document called IRS Form 906 Closing Agreement on Final Determination Covering Specific Matters (a "Closing Agreement") for each Pending Settlement that requires such an agreement. Like many settlement agreements, the process of drafting the Closing Agreements can take a significant amount of time because both LBHI and the IRS are careful to adequately describe the scope of the disputed issues and the terms of the settlements, which are often complex. In addition, the U.S. Congress Joint Committee on Taxation (the "Joint Committee") will review certain Pending Settlements pursuant to 26 U.S.C. § 6405 and other internal IRS policies.

Finally, LBHI must seek this Court's approval to enter into the Pending Settlements pursuant to Federal Rule of Bankruptcy Procedure 9019.

L. Given the number and complexity of Pending Settlements and the time required to prepare Closing Agreements, to seek Joint Committee review, and to seek this Court's approval of the Pending Settlements, the Pending Settlements will not become Binding Agreements prior to the IRS Bar Date.

### The IRS's Proof of Claim

M. The IRS is currently computing its Proof of Claim, which is a resource-intensive and time-intensive process due to application of the various tax adjustments and Pending Settlements to LBHI's complex consolidated federal income tax returns.

N. The IRS is taking the Pending Settlements into account in its Proof of Claim computations in order to most accurately reflect the amount of the IRS's claim. Incorporating the Pending Settlements in the IRS's claim computations has the effect of reducing the IRS's claim because, for virtually all of the Pending Settlements, the IRS has conceded at least some amount of its proposed adjustments.

O. LBHI and the IRS expect that all Pending Settlements will become Binding Agreements. However, the IRS will be prejudiced if any of the Pending Settlements do not become Binding Agreements after it files its Proof of Claim if it is unable to amend its Proof of Claim upward to account for the failed settlement.

P. Determining alternative amounts for the IRS's Proof of Claim now to avoid this potential prejudice in the future would be extraordinarily challenging for the IRS due to the complexity of the Pending Settlements, many of which involve multiple settlement variables, and the complexity of LBHI's consolidated income tax returns. More specifically,

reversing one settlement could have a domino effect on the computation of deductions and credits for multiple tax years. It would be highly time consuming and resource intensive for the IRS to construct alternative claims on the assumption that one or more of the Pending Settlements would not become Binding Agreements because the various tax positions at issue in the Pending Settlements could affect many other tax attributes, such as the availability of deductions or tax credits in any given tax year.

Q. To avoid such distractions and to allow them to finalize the Pending Settlements, LBHI and the IRS, therefore, enter into this Stipulation, Agreement and Order to avoid any prejudice against the IRS in the event that one or more Pending Settlements fails to become a Binding Agreement.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE DEBTORS AND THE IRS, THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. Based upon (i) the complex nature of the Pending Settlements, (ii) the required approvals necessary for each Pending Settlement to become a Binding Agreement, and (iii) LBHI's desire to have the IRS file its Proof of Claim prior to the IRS Bar Date, if any Pending Settlement set forth in Exhibit A fails to become a Binding Agreement, the IRS shall be permitted to amend its Proof of Claim to take the failed settlement into account, provided that the IRS files any such amended Proof of Claim by 4:00 p.m. on September 30, 2011. After September 30, 2011 at 4:00 p.m., any amendments by the IRS of its Proof of Claim against the Debtors shall be subject to the applicable statutes and rules governing amendments of claims.

        2.      LBHI's agreement to permit the IRS to amend its Proof of Claim in the manner described in the immediately preceding paragraph is limited to amendments to the IRS's Proof of Claim that are necessary and are a consequence of a Pending Settlement not becoming a Binding Agreement.  LBHI reserves its right to object to any amendment of the IRS's Proof of Claim on any grounds other than set forth in this Stipulation, Agreement and Order; provided, however, that nothing in this Stipulation, Agreement and Order shall operate to limit IRS from amending its Proof of Claim for reasons unrelated to those described in Paragraph 1 above, to the extent permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure

        3.      Each person who executes this Stipulation, Agreement and Order on behalf of a party or parties hereto represents that he is duly authorized to execute this Stipulation, Agreement and Order on behalf of such party or parties.

        4.      This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

        5.      This Stipulation, Agreement and Order is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

        6.      This Stipulation, Agreement and Order may not be amended or modified except as agreed by the parties hereto and approved by further order of the Court.

        7.      This Stipulation, Agreement and Order and all of the provisions hereof shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns.

        8.      Each of the parties hereto irrevocably consents to the jurisdiction of the Court with respect to any action to interpret or enforce the terms and provisions of this

Stipulation, Agreement and Order and expressly waives any right to commence any such action in another forum

Dated: November 30, 2010

| **WEIL, GOTSHAL & MANGES LLP** | **PREET BHARARA** |
|---|---|
| | United States Attorney for the |
| | Southern District of New York |
| | Attorney for the IRS |
| /S/ Shai Y. Waisman | /s/ Jean-David Barnea |
| Shai Y. Waisman | By:   ROBERT WILLIAM YALEN |
| 767 Fifth Avenue |         JOSEPH CORDARO |
| New York, New York 10153 |         JEAN-DAVID BARNEA |
| Telephone: (212) 310-8000 | Assistant United States Attorneys |
| Facsimile: (212) 310-8007 | 86 Chambers Street, 3rd Floor |
| | New York, New York 10007 |
| | Telephone: (212) 637-2722/2745/2679 |
| | Facsimile: (212) 637-2687 |

Attorneys for Debtors
and Debtors in Possession

SO ORDERED this 14th day of December, 2010

_/s/ James M. Peck_
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE