UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
In re                                                                          :    Chapter 11 Case No.
                                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                :
                                          Debtors.                     :    (Jointly Administered)
                                                                                :
-------------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### BETWEEN LEHMAN COMMERCIAL PAPER INC. AND CITIBANK N.A.
### PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY WITH
### RESPECT TO CERTAIN FOREIGN EXCHANGE HEDGING TRANSACTIONS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper Inc. ("LCPI") as debtor and debtor-in-possession and Citibank N.A. ("Citi") hereby enter into this stipulation, agreement, and agreed order (the "Stipulation, Agreement, and Order") and agree, as follows:

**RECITALS**

A.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.　　On November 3, 2010, the Debtors filed a Motion, Pursuant to Sections 105 and 364 of the Bankruptcy Code, Authorizing the Debtors to Grant First Priority Liens in Collateral Posted in Connection with Foreign Exchange Hedging Transactions [Docket No. 12529] (the "Hedging Motion"). The Court granted the Hedging Motion by order dated November 18, 2010 [Docket No. 12891] (the "Hedging Order").

C.　　The Hedging Order authorizes the Debtors to grant first priority liens to third parties in cash, securities, and other collateral (the "Collateral") posted in connection with the hedging transactions (the "Hedging Transaction") the Debtors enter into for the purpose of reducing the risk associated with the market fluctuations that could cause the value in certain transactions denominated in foreign currency to deteriorate.

D.　　LCPI has negotiated an ISDA master agreement with Citi (such ISDA master agreement, as may be amended from time to time, (including the schedule and credit support annex thereto) together with any confirmations confirming transactions thereunder entered into from time to time, the "Agreement"), pursuant to which Hedging Transactions will occur from time to time. LCPI has agreed to post Collateral with Citi under the Agreement.

E.　　The Hedging Order authorized LCPI to grant first priority liens to counterparties in connection with Hedging Transactions. Citi has requested that the automatic stay extant pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") be modified, to the extent necessary, for the limited purpose of permitting Citi to exercise certain rights as set forth herein.

F.　　In light of the foregoing, LCPI and Citi (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to modify the Automatic Stay for the

2

limited purpose of permitting Citi to exercise its rights under the Agreement and with respect to the Collateral posted in connection with the Agreement, including, without limitation, if an "Event of Default" (as that term is defined in the Agreement) with respect to LCPI has occurred and is continuing or Citi otherwise has the contractual right under the Agreement to designate an early termination date thereunder, then, in each such case, the right to terminate the Agreement, liquidate all transactions thereunder, and foreclose upon Collateral posted in connection with the Agreement and to offset or net out any termination value, payment amount, or other transfer obligations owing or due to or from LCPI and Citi solely with respect to transactions that were executed between the Parties after the Commencement Date (collectively, the "Stipulated Rights").

**AGREEMENT:**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the LCPI and Citi, through their undersigned counsel, that:

1.  Upon the execution of the Agreement, the Automatic Stay with respect to LCPI's chapter 11 case is hereby modified solely to the extent necessary to permit Citi to exercise its rights solely with respect to the Agreement and the Collateral posted in connection with the Agreement, including the Stipulated Rights; *provided*, *however*, that except as provided in the foregoing sentence all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the commencement of LCPI's chapter 11 case from LCPI's and the Debtors' estates and/or assets or property of LCPI or the Debtors (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

2. LCPI waives the right to seek to invalidate the Agreement pursuant to section 549 of the Bankruptcy Code or invoke section 362 of the Bankruptcy Code with respect to the Agreement.

3. Except as expressly provided in this Stipulation, Agreement, and Order, no claims, counterclaims, rights, defenses, objections, challenges, or any other rights of the parties under or in connection with the Agreement shall be affected by this Stipulation, Agreement, and Order.

4. LCPI and Citi agree that for so long as the Debtors' bankruptcy cases remain pending, this Court (and, upon the procedurally proper appeal of any final order entered by the Court with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement, and Order, any higher court with competent appellate jurisdiction over the Court's decisions and judgments) shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement, and Order.

5. The Agreement and this Stipulation, Agreement, and Order shall have no force or effect unless and until this Stipulation, Agreement, and Order is approved by this Court.

6. This Stipulation, Agreement, and Order can be amended, superseded, terminated, or otherwise modified only by a signed writing executed by the Parties.

7. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

8. This Stipulation, Agreement, and Order shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

9. This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: December 2, 2010
      New York, New York

/s/ Linda Cook
Linda Cook
Director
Capital Markets Documentation
CITIBANK N.A.
388 Greenwich, 17th Floor
New York, NY 10013
Telephone: (212) 816-1750
Facsimile: (646) 291-1411

Dated: December __, 2010
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
WEIL GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: December 14, 2010
      New York, New York

/s/ James M. Peck
UNITED STATES BANKRUPTCY JUDGE