CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
Facsimile: (312) 701-2361
James E. Spiotto (admitted pro hac vice)
Ann E. Acker (admitted pro hac vice)
Franklin H. Top, III (admitted pro hac vice)

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
Telephone: (212) 655-6000
Craig M. Price

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>LEHMAN BROTHERS HOLDINGS INC., ET AL.,<br><br>Debtors. | CHAPTER 11 CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |

**AFFIDAVIT OF BRAND HOSFORD IN CONNECTION WITH THE MOTION OF THE DEBTORS PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) FOR AUTHORIZATION AND APPROVAL OF THE SETTLEMENT BETWEEN LEHMAN BROTHERS FINANCIAL PRODUCTS INC., MADISON AVENUE STRUCTURED FINANCE CDO I, LTD., MADISON AVENUE STRUCTURED FINANCE CDO I, CORP., METLIFE INVESTMENT ADVISORS COMPANY LLC, AND U.S. BANK NATIONAL ASSOCIATION**

MadisonAffidavit-1.doc

I, Brand Hosford, being first duly sworn on oath, and under penalties of perjury as provided for under the Federal Rules of Civil Procedure, depose and state as follows:

1. I am presently employed by U.S. Bank National Association as a Vice President in our Corporate Trust Services Group based in our Charlotte, North Carolina offices located at 214 North Tryon Street, Charlotte, North Carolina, 28202. U.S. Bank National Association serves as Indenture Trustee under the terms that certain Indenture dated as of December 5, 2001 (the *"Indenture"*) by and between Madison Avenue Structured Finance CDO I, Limited, as Issuer (the *"Issuer"*), Madison Avenue Structured Finance CDO I, Corp., as Co-Issuer, and U.S. Bank National Association as Trustee (the *"Trustee"*) In my capacity at U.S. Bank, I have responsibility for overseeing U.S. Bank's role as Trustee under the Indenture.

2. I have personal knowledge of the facts stated in this Affidavit, and am competent to testify to these facts if called to do so.

3. On or about February 24, 2010, we received an ADR Derivatives Notice with respect to a swap transaction between the Issuer and Lehman Brothers Financial Products issued in connection with the Indenture. As required by the ADR Derivatives Order, U.S. Bank National Association sent a Notice to holders dated March 9, 2010 (the *"Initial Notice"*) a copy of which is attached hereto as Exhibit A.

4. The Trustee did not receive any response from any holder in connection with the Notice it transmitted. Thereafter, on June 30, 2010, the Trustee sent a subsequent notice to holders, again seeking input with respect to the resolution of the relevant swap transaction. That notice provided in pertinent part:

On September 15, 2008, Lehman Brothers Holdings Inc. ("*LBHI*") filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "*Bankruptcy Code*"), and thereafter on October 5, 2008, Lehman Brothers Financial Products Inc. ("*LBFP*") filed a voluntary petition under the Bankruptcy Code. Both of these proceedings are pending in the United States Bankruptcy Court for the Southern District of New York.

On November 6, 2008, Metropolitan Life Insurance Company as Collateral Manager (the "*Collateral Manager*") delivered a Notice of Event of Default and Designation of Early Termination Date to LBFP, LBHI and the Indenture Trustee designating November 12, 2008 as an Early Termination Date. Thereafter the Collateral Manager provided LBHI, LBFP and the Trustee with a Notice of Determination of Termination Value advising that the Termination Value of the Swap Transactions is $0. LBFP and LBHI disputed and continue to dispute this calculation, claiming that LBFP is owed a Termination Value of approximately $5,400,000.00, plus approximately $1,500,000.00 in interest to date, for a total to date of approximately $6,900,000.00.

Each of the Issuer, the Collateral Manager and the Trustee received an Amended Derivatives ADR Notice dated February 24, 2010 demanding a payment by the Issuer to LBFP. Under the terms of the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivative Contracts dated September 17, 2009 (the "*ADR Order*"), Docket No. 5207 in *In Re Lehman Brothers Holdings Inc.*, et al., Case Number 08-13555 pending in the United States Bankruptcy Court for the Southern District of New York, generally a response to the Derivatives ADR Notice from the Trustee must be served upon the Debtors within 45 days. A response to the Derivatives ADR Notice and participation in subsequent mediation proceedings is mandatory.

Pursuant to Section 5(b) of the ADR Order, the Trustee is (a) providing you notice that LBFP disputes the Collateral Manager's calculation of the amount due LBFP under the terms of the swap and the priority of payment of any termination payment due under the Indenture, (b) seeking the identity of all Noteholders in order to facilitate participation of Noteholders in the Derivatives ADR Procedures (as defined in the ADR Order) and facilitate direct communications with LBFP regarding these matters, and (c) seeking direction and instruction from the Noteholders with respect to participation by the Trustee in the Derivative ADR Procedures. A copy of the Amended ADR Notice is attached hereto as *Exhibit B* for your review. In order to facilitate participation,

> communication, direction and instruction in connection with the ADR Procedures, we would appreciate it if you would complete the Certificate of Beneficial Interest attached hereto as *Exhibit A*. In the event the Debtors, the Mediator and/or a court determine the Trustee has authority to resolve this dispute, action may be taken which may adversely affect your interests: therefore the Trustee encourages you to provide direction.

A true and correct copy of this Notice is attached hereto as *Exhibit B*.

4. The Trustee again did not receive any input from holders in connection with this Notice.

5. The Debtors submitted the matter to mediation. On September 7, 2010, U.S. Bank as Trustee, Metropolitan Life Insurance Company and the Debtors held a conference call with the mediator to schedule briefing of the issues and setting the date of the mediation. Thereafter on September 14, 2010, the Debtors initiated litigation with respect to the swap agreement.

6. On October 21, 2010, a mediation was held with respect to the Debtors claim under the swap agreement. The Debtors, Met Life and the Trustee reached an agreement with respect to the resolution of these claims which are reflected in that certain MOTION OF THE DEBTORS PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) FOR AUTHORIZATION AND APPROVAL OF THE SETTLEMENT BETWEEN LEHMAN BROTHERS FINANCIAL PRODUCTS INC., MADISON AVENUE STRUCTURED FINANCE CDO I, LTD., MADISON AVENUE STRUCTURED FINANCE CDO I, CORP., METLIFE INVESTMENT ADVISORS COMPANY LLC, AND U.S. BANK NATIONAL ASSOCIATION (the "Motion") filed with this Court on November 23, 2010.

7.     Thereafter, on November 24, 2010, the Trustee provided an additional notice to Noteholder advising them of the settlement of claims asserted with respect to the swap transactions, advising them of the Motion and providing them with information as to how to object to the Motion in the event they disagree with the settlement. This Notice was transmitted in the manner set forth below on November 24, 2010. A copy of this Notice is attached as *Exhibit C*.

8.     The Notes issued under the Indentures are generally held in "street name" meaning that the Notes themselves are registered in the name of Cede & Company as the nominee for The Depository Trust Company. The Notices were was transmitted to The Depository Trust Company with instructions to forward the Notice on to its DTC Participants. Generally DTC posts these Notices on an electronic bulletin board.

9.     Finally we sent a copy of the Notice to all Noteholders holding physical securities by mailing a copy of the Notice using the address that such Noteholders have provided to us.

10.    We have not received any formal or informal objection to the Motion.

11.    A copy of the Indenture is attached as *Exhibit D*.

FURTHER AFFIANT SAYETH NOT.

_____
[Name]

Subscribe and Sworn to before me
this 14th day of December 2010.

By _____
Notary Public

My Commission Expires: August 12, 2013

OFFICIAL SEAL
MARGARITA MARCICHOW
Notary Public - State of Illinois
My Commission Expires Aug 12, 2013