Corporate Trust Services

214 North Tryon Street, 26th Floor

Charlotte, NC 28202

**Notice to Noteholders Issued by Madison Avenue Structured Finance CDO I, Limited with respect to the receipt by the Issuer, Collateral Manager and Trustee of Amended Derivatives ADR Notice No.: 139A**

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES.  PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

**NOTICE TO THE HOLDERS OF NOTES ISSUED BY**

**Madison Avenue Structured Finance CDO I Limited (the "Notes")**
**CUSIP Numbers- 55659XAA3, G5742CAA6, 55659XAB1, 55659YAA1, 55659YAB9**
Notice Date:  March 9, 2010

_____

Reference is made to that certain Indenture dated as of December 5, 2001 (the *"Indenture"*) by and between Madison Avenue Structured Finance CDO I, Limited, as Issuer (the *"Issuer"*), Madison Avenue Structured Finance CDO I, Corp., as Co-Issuer, and U.S. Bank National Association as Trustee (the *"Indenture Trustee"*).  Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Indenture.  Reference is also made to our prior Notice to Noteholders dated February 3, 2010.

**The Trustee Has Received an Amended Derivatives Alternative Dispute Resolution ("ADR") Notice from Lehman Brothers Financial Products Inc.; The Trustee is seeking the identity of Noteholders and Directions and Instructions from Noteholders.**

Under the terms of the Indenture, the Issuer entered into an Interest Rate Hedge Transaction and a Cap Transaction each dated as of December 5, 2001 with Lehman Brothers Financial Products Inc. as a counterparty documented by that certain ISDA Master Agreement dated as of December 5, 2001, as supplemented by those certain Confirmations dated December 5, 2001 (the *"Swap Transactions"*).  The Swap Transactions serve as Collateral under the terms of the Indenture.

On September 15, 2008, Lehman Brothers Holdings Inc. ("*LBHI*") filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 *et seq*. (the "*Bankruptcy Code*"), and thereafter on October 5, 2008, Lehman Brothers Financial Products Inc. ("*LBFP*") filed a voluntary petition under the Bankruptcy Code.  Both of these proceedings are pending in the United States Bankruptcy Court for the Southern District of New York.

On November 6, 2008, Metropolitan Life Insurance Company as Collateral Manager (the "*Collateral Manager*") delivered a Notice of Event of Default and Designation of Early Termination Date to LBFP, LBHI and the Indenture Trustee designating November 12, 2008 as an Early Termination Date. Thereafter the Collateral Manager provided LBHI, LBFP and the Trustee with a Notice of Determination of Termination Value advising that the Termination Value of the Swap Transactions is $0. LBFP and LBHI disputed and continue to dispute this calculation, claiming that LBFP is owed a Termination Value of approximately $5,400,000.00, plus approximately $1,500,000.00 in interest to date, for a total to date of approximately $6,900,000.00.

On November 25, 2008, the Indenture Trustee received a notice from counsel to LBHI and LBFP advising the Indenture Trustee that (a) any action taken to exercise remedies with respect to the Notes may violate the automatic stay and therefore any actions to make distributions to holders may violate the automatic stay, (b) the termination notices may be defective, and (c) any provision subordinating any termination payment due may be unenforceable. As a result of this letter, and with the agreement of LBHI and LBFP, the Indenture Trustee has continued to make distributions under the Indenture while reserving $5,400,000.00 to be used in the event the dispute over the termination of the Swap Transactions results in a payment being made to LBFP.

This dispute has two components. First, the contract governing the Swap Transactions provides that Termination Value is to be determined, if possible, based on market quotes obtained by the Issuer, as the non-defaulting party for LBFP's position in the Swap Transactions. No market participant was willing to bid on such position: thus, the "loss" method was used as a fallback to the "market quotation" method, and the Collateral Manager determined the Termination Value to be $0. LBFP, however, contends that the Termination Value should be $5.4 million (plus interest), because Lehman alleges that this was the theoretical mark-to-market value of the position in the Swap Transactions as of the termination. Second, the Indenture provides that, if LBFP is the defaulting party in connection with the Swap Transactions, its right to payments, if any, is subordinated to the Noteholders' rights to payments. LBFP, however, contends that this subordination provision is unenforceable under the Bankruptcy Code. Recently, in a dispute concerning a similar structure, the Bankruptcy Court held that a similar subordination provision was unenforceable.

Each of the Issuer, the Collateral Manager and the Trustee received an Amended Derivatives ADR Notice dated February 24, 2010 demanding a payment by the Issuer to LBFP. Under the terms of the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivative Contracts dated September 17, 2009 (the "*ADR Order*"), Docket No. 5207 in *In Re Lehman Brothers Holdings Inc.*, et al., Case Number 08-13555 pending in the United States Bankruptcy Court for the Southern District of New York, generally a response to the Derivatives ADR Notice from the Trustee must be served upon the Debtors within 45 days. A response to the Derivatives ADR Notice and participation in subsequent mediation proceedings is mandatory.

Pursuant to Section 5(b) of the ADR Order, the Trustee is (a) providing you notice that LBFP disputes the Collateral Manager's calculation of the amount due LBFP under the terms of the swap and the priority of payment of any termination payment due under the Indenture, (b) seeking the identity of all Noteholders in order to facilitate participation of Noteholders in the Derivatives ADR Procedures (as defined in the ADR Order) and facilitate direct communications with LBFP regarding these matters, and (c) seeking direction and instruction from the Noteholders with respect to participation by the Trustee in the Derivative ADR Procedures. A copy of the Amended ADR Notice is attached hereto as *Exhibit B* for your review. In order to facilitate participation, communication, direction and instruction in connection with the ADR Procedures, we would appreciate it if you would complete the Certificate of Beneficial Interest attached hereto as *Exhibit A*.

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Indenture to direct, the matters addressed herein, or of any obligations on the part of the Indenture Trustee with respect thereto, and the Indenture Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to Noteholders, funds held under the Indenture may be used first for payment of the fees and costs incurred or to be incurred by the Indenture Trustee and the Collateral Manager in performing their respective duties, as well as for any indemnities owing or to become owing to such Indenture Trustee or Collateral Manager, as applicable.  These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to respond to the Derivatives ADR Notice and otherwise to pursue remedies, defend claims, or take other actions to protect the interests of the Noteholders and the Issuer, respectively.

The Indenture Trustee reserves all rights under the Indenture.  Please be aware that the Indenture Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders.  Noteholders should not rely on the Indenture Trustee as their sole source of information.  The Indenture Trustee makes no recommendations, gives no investment advice, and gives no tax advice.  Each Noteholder should seek investment and tax advice from an independent advisor based on such Noteholder's particular circumstances.

U.S. Bank National Association,
as Indenture Trustee

**EXHIBIT A**

To: U.S. Bank National Association, as Indenture Trustee
U.S. Bank Corporate Trust Services
214 North Tryon Street, 26th floor
Charlotte, NC 28202
Attention: Brand Hosford
Fax: 704-335-4678
E-mail: brand.hosford@usbank.com

Re: **Notes Issued by Madison Avenue Structured Finance CDO I, Limited**

Certification of Position from Noteholders

Date: March___, 2010

_____

The undersigned represents and warrants that it is a beneficial or registered owner of Notes issued in the transaction referenced above and that it holds or has the right to direct the following positions:

Name of Beneficial Owner(s):_____

Signature:_____

(Print Name of Authorized Signatory):_____

Title:_____

Date:_____

Aggregate Amount of Notes Owned:

| Note | Cusip | Original Principal Amount Held |
|---|---|---|
| Class A | | |
| Class B | | |
| Class C1 | | |
| Class C2 | | |

Email Address:

Telephone Number:

   The undersigned represents and warrants that this representation, warranty and the acknowledgment contained herein have been duly authorized, executed and delivered on its behalf and constitutes its legal, valid and binding obligation enforceable in accordance with its terms, except as such enforceability may be limited by (i) bankruptcy, insolvency or other similar laws affecting creditors' rights generally and (ii) general principles of equity, and hereby waives any defenses based upon the invalidity of such representation and warranty.

Please return this certification to the Indenture Trustee by both (a) fax or email and (b) overnight delivery of the original to the attention of Brand Hosford as follows:

Brand Hosford
Vice President
U.S. Bank National Association
Corporate Trust Services Division
214 North Tryon Street, 26th floor
Charlotte, NC  28202
Fax: 704-335-4678
brand.hosford@usbank.com

Name of Holder or Agent for Certain Beneficial Holders: _____

By: _____
 Name:
 Title:
Address for Notices:

 _____

 _____

Attention: _____

Fax No. for Notices:

_____OF                                              )
                                                                ) SS
_____ OF                                             )

*On _____, 2010 before me, the undersigned, a Notary Public in and for said _____, personally appeared _____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon which the person(s) acted, executed the instrument under due authority.*

*WITNESS my hand and official seal.*

                                      _____
                                      *Notary Public in and for*
                                      *the _____ of _____*
                                             *(SEAL)*