Corporate Trust Services

214 North Tryon Street, 26th Floor

Charlotte, North Carolina  28202

704-335-4600

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES.  PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

### NOTICE OF THE SETTLEMENT OF ISSUES RELATING TO THE SWAP TRANSACTIONS WITH LEHMAN BROTHERS FINANCIAL PRODUCTS INC. TO THE HOLDERS OF NOTES (the *"Noteholders"*) ISSUED BY

## Madison Avenue Structured Finance CDO I Limited (the *"Notes"*)
### CUSIP Numbers- 55659XAA3, G5742CAA6, 55659XAB1, 55659YAA1, 55659YAB9[1]
(Notice Date:  November 24, 2010)

Reference is made to that certain Indenture, dated as of December 5, 2001 (the *"Indenture"*), by and between Madison Avenue Structured Finance CDO I, Limited and Madison Avenue Structured Finance CDO I, Corp. (collectively, the *"Issuers"*), and U.S. Bank National Association, as Trustee (the *"Indenture Trustee"*).  Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Indenture.

Under the terms of the Indenture, the Issuer entered into an Interest Rate Hedge Transaction and a Cap Transaction, each dated as of December 5, 2001, with Lehman Brothers Financial Products Inc. (*"LBFP"*) as a counterparty, documented by that certain ISDA Master Agreement, dated as of December 5, 2001, as supplemented by those certain Confirmations, dated December 5, 2001 (the "*Swap Transactions*").  The Swap Transactions serve as Collateral under the terms of the Indenture.

On September 15, 2008, Lehman Brothers Holdings Inc. (*"LBHI"*) filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the *"Bankruptcy Code"*), and thereafter on October 5, 2008, LBFP filed a voluntary petition under the Bankruptcy Code.  Both of these proceedings are pending in the United States Bankruptcy Court for the Southern District of New York.

As a result of the filing of the petitions, an Event of Default exists under the terms of the Swap Transactions by virtue of the filing of a voluntary petition by LBHI, as Credit Support Party, and thereafter by virtue of the filing of a voluntary petition by the counterparty LBFP.  A Notice of Early

---

[1]    The above CUSIP numbers are included solely for the convenience of Noteholders.  The Trustee is not responsible for the selection or use of CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on the Notes or as indicate in this Notice.

Termination, dated November 6, 2008, was delivered to LBFP designating an Early Termination Date of November 12, 2008.

On September 14, 2010, LBFP filed an action in the United States Bankruptcy Court for the Southern District of New York against the Indenture Trustee and the Issuers. The Complaint is styled *Lehman Brothers Financial Products Inc. v. U.S. Bank National Association, et al.*, Adversary Proceeding Number 10-03543, and the case is assigned to The Honorable Judge James M. Peck. The Complaint is available at www.lehman-docket.com.

This is to advise you that the Indenture Trustee, the Issuers and the Collateral Manager have entered into a Settlement Agreement (the "*Settlement Agreement*") with LBFP with respect to the termination payments LBFP alleges it is due as a result of the termination thereof. The Settlement Agreement was negotiated in compliance and in accordance with the requirements set forth in that certain Alternative Dispute Resolution Procedures Order For Affirmative Claims of Debtors Under Derivatives Contracts (the "*ADR Order*") entered on or about September 17, 2009 in the Lehman Brothers Holdings Inc., Bankruptcy Proceeding, Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York. A copy of the Settlement Agreement is attached hereto. The Settlement Amount specified in the Settlement Agreement is confidential in accordance with the terms of the ADR Order, and Noteholders are advised to maintain the confidentiality of the Settlement Amount in accordance with the terms of the ADR Order. A Motion seeking approval of the Settlement Agreement by the United States Bankruptcy Court for the Southern District of New York was filed by LBFP on November 23, 2010. The Motion seeks to bind the Noteholders to the terms of the Settlement Agreement.

**PLEASE BE ADVISED THAT** objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Waisman, Esq. and Richard L. Levine, Esq., attorneys for the Debtor; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases, (v) Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, Attn: Eric Winston, Esq. and Scott Shelley, Esq. (vi) Chapman and Cutler LLP, 111 West Monroe Street, Chicago, IL 60603, Attn: James E. Spiotto, Esq., Ann E. Acker, Esq., and Franklin H. Top, III, Esq., attorneys for U.S. Bank National Association, as Trustee and (vii) Bingham McCutchen LLP, 399 Park Avenue, New York, NY 10022, Attn: Joshua Dorchak, Esq. and Kenneth A. Kopelman, Esq., attorneys for MetLife Investment Advisors Company, LLC, as Collateral Manager, so as to be so filed

and received no later than **December 8, 2010 at 4:00 p.m. (prevailing Eastern Time) (the *"Objection Deadline"*)**.

A hearing on the Motion will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the *"Bankruptcy Court"*), on **December 15, 2010 at 10:00 a.m. (Prevailing Eastern Time) (the *"Hearing"*)**. Objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any Noteholder under the Indenture to direct the matters addressed herein or of any obligations on the part of the Indenture Trustee with respect thereto, and the Indenture Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to the Noteholders, excess funds released from the reserve as a result of the Settlement Agreement may be used first for payment of the fees and costs incurred or to be incurred by the Indenture Trustee in performing its duties, as well as for any indemnities owing or to become owing to such Indenture Trustee. This includes, but is not limited to, compensation for Trustee time spent, and the fees and costs of counsel and other agents employed, to pursue remedies or other actions to protect the interests of the Noteholders.

The Indenture Trustee reserves all rights under the Indenture and relevant Swap Transactions documents. Please be aware that the Indenture Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders. The Noteholders should not rely on the Indenture Trustee as their sole source of information. The Indenture Trustee makes no recommendations and gives no investment, legal or tax advice. Each Noteholder should seek investment and tax advice from an independent advisor based on such Noteholder's particular circumstances.

U.S. Bank National Association,
as Indenture Trustee

**EXHIBIT A**
**Settlement Agreement**