KLEYR GRASSO ASSOCIES
*Avocats à la Cour*
122, rue Adolphe Fischer
L-2015 Luxembourg
LUXEMBOURG
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

Special Counsel to Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————x

|   |   |   |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.* | : | **08-13555 (JMP)** |
| **Debtors** | : | **(Jointly Administered)** |

————————————————x

**THIRD INTERIM APPLICATION OF**
**KLEYR GRASSO ASSOCIES, SPECIAL COUNSEL TO**
**THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

**FOR THE SIXTH INTERIM PERIOD**

| | |
|---|---|
| Name of Applicant: | KLEYR GRASSO ASSOCIES |
| Role in Case: | Special Counsel to Debtors and Debtors in Possession |
| Date of Retention: | June 1, 2009 |
| Period for which Compensation and Reimbursement are Sought: | June 1, 2010 to September 30, 2010 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 65,871.59 (being the equivalent amount of € 50,125.-[1]) |
| Amount of Disbursements and Expenses Reimbursement Sought as Actual, Reasonable and Necessary: | $ 2,138.- (€ 1,627.42) |

---

[1] According to the Bankruptcy Court General Order 388 all amounts hereinafter are set out in U.S. dollars and additionally in the conversion amount in euro. Upon request of the Fee Committee all those amounts have already been converted into USD with respect to each of the herein enclosed monthly statement, at the exchange rate of the European Central Bank applicable at the date of the submission of the relevant monthly statement.

| | |
|---|---|
| Total Amount Sought: | $ 68,009.59 (€ 51,752.42) |
| This is an: | Interim Fee Application |
| Prior Applications: | First Interim Fee Application relating to the period June 1, 2009 to January 31, 2010 filed on April 12, 2010 |
| | Second Interim Fee Application relating to the period February 1, 2010 to May 31, 2010 filed on August 16, 2010 |
| Prior Amounts Requested | |
| Fees Previously Requested: | First Interim Fee Application $ 244,551.06 (€ 180,015.50) |
| | Second Interim Fee Application $ 198,958.50 (€ 150,809.-) |
| Fees Previously Awarded: | First Interim Fee Application $ 216,918.02 |
| | Second Interim Fee Application $ 0.00 |
| Disbursements and Expenses Previously Requested: | First Interim Fee Application $ 3,981.74 (€ 2,930.98) |
| | Second Interim Fee Application $ 4,706.27 (€ 3,595.88) |
| Disbursements and Expenses Previously Awarded: | First Interim Fee Application $ 2,935.61 |
| | Second Interim Fee Application $ 0.00 |
| Aggregate Amounts Paid to Date: | $ 418,330.87 |

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR
PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

Below is a list of each individual at KLEYR GRASSO ASSOCIES who has performed work during the Interim Period, as defined later herein, on behalf of the Debtors, the position of each such individual in the Firm, the year of admittance to practice of each individual, his or her hourly billing rate, the aggregate time expended by each individual during the Interim Period, and the amount of KLEYR GRASSO ASSOCIES fees attributable to each individual during the Interim Period.

We wish to stress, in order to avoid any confusion, that internally, junior lawyers, although already admitted to the Luxembourg Bar Association *("avocats")* rank as (Junior) Associates, with the lowest billing rates applied by our firm.

After having passed and succeeded a "second" bar examination, they will become qualified lawyers *("avocats à la Cour")* and their internal status will be Associate, with a higher billing rate.

Accordingly, the trainee lawyers, Associates, ranking internally as Junior, can be distinguished from the qualified lawyers, Associates, using their billing rate of (€ 175.-), while the usual billing rate of (non Junior) Associates is (€ 235.-).

| Name of Professional & Title | Year Admitted to Practice | Billing Rate in EUR | Total Hours Billed | Fee Totals in USD | Fee Totals in EUR |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | 32:24 | $ 16,408.47 | € 12,474.- |
| Marc Kleyr, Managing Partner | 1991 | € 385.- | 01:18 | $ 650.25 | € 500.50 |
| Jérôme Burel, Associate | 2005 | € 235.- | 75:48 | $ 23,651.45 | € 17,813.- |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | 106:18 | $ 24,177.10 | € 18,602.50 |
| Katia Bartholomé, Associate | 2009 | € 175.- | 04:12 | $ 984.32 | € 735.- |
| **TIME CHARGES TOTAL:** | | | 220:00 | $ 65,871.59 | € 50,125.- |

**Total Hours:**            220:00
**Total Fees:**             $ 65,871.59 (€ 50,125.-)
**Blended Hourly Rate:**    $ 299.42 (€ 228.-)

3

KLEYR GRASSO ASSOCIES
*Avocats à la Cour*
122, rue Adolphe Fischer
L-2015 Luxembourg
LUXEMBOURG
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

Special Counsel to Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : | **08-13555 (JMP)** |
| **Debtors** | : | **(Jointly Administered)** |

------------------------------x

**THIRD INTERIM APPLICATION OF**
**KLEYR GRASSO ASSOCIES, SPECIAL COUNSEL TO**
**THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

**FOR THE SIXTH INTERIM PERIOD**

KLEYR GRASSO ASSOCIES ("Kleyr Grasso"), special counsel for Lehman Brothers
Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (collectively,
the "Debtors"), submits this third interim application (the "Third Interim Application") seeking
allowance of (a) compensation for professional services rendered by Kleyr Grasso to the
Debtors in the amount of $ 65,871.59 (€ 50,125,-), and (b) reimbursement of actual and
necessary expenses and disbursements incurred by Kleyr Grasso in the rendition of required
professional services on behalf of the Debtors in the amount of $ 2,138.- (€ 1,627.42), in each
case for the period from June 1, 2010 through September 30, 2010 (the "Interim Period")
pursuant to section 330(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule
2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States
Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of
Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"),
General Order M-389, Amended Guidelines for Fees and Disbursements for Professionals in
Southern District of New York Bankruptcy Cases (the "Local Guidelines"), the Third Amended

4

Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly Compensation of Professionals, entered in these cases on June 25, 2009 (the "Interim Compensation Order"), and the Fee Committee Guidelines (as defined below and, collectively with the UST Guidelines, the Local Guidelines and the Interim Compensation Order, the "Guidelines"). In support of this Third Interim Application, Kleyr Grasso respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the other Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate. On January 19, 2009, the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

5. On April 14, 2010, the Debtors filed a revised joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [Docket Nos. 8330 and 8332].

6. This Third Interim Application is submitted in accordance with the order establishing procedures for interim monthly compensation and reimbursement of expenses of

professionals entered by this Court on November 5, 2008, as amended from time to time (the "Interim Compensation Order"), which is annexed hereto as Exhibit A.

7.    On May 26, 2009, the Court entered an order appointing a fee committee (the "Fee Committee") and approving a fee protocol (the "Fee Protocol"). Pursuant to the Fee Protocol, on August 3, 2009, the Fee Committee submitted its Fee Committee Report Pertaining to the First Interim Fee Applications of All Retained Professionals, which provides, *inter alia,* additional guidelines regarding compensation procedures for professionals retained in these cases (the "Fee Committee Guidelines").

8.    On April 12, 2010, Kleyr Grasso filed its first interim fee application (the "First Interim Application", [Docket No. 8241]) in connection with the rendering of services from June 1, 2009 through January 31, 2010.

9.    On August 16, 2010, Kleyr Grasso filed its second interim fee application (the "Second Interim Application", [Docket No. 10774]) in connection with the rendering of services from February 1, 2009 through May 31, 2010.

**Retention of Kleyr Grasso**

10.    On March 2, 2010, the Debtors filed their Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ and Retain Kleyr Grasso as Special Counsel to LBHI, effective *nunc pro tunc* to June 1, 2009 (the "Engagement Date") with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein.

11.    On March 25, 2010, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kleyr Grasso as Special Counsel to the Debtors, *nunc pro tunc* to the Engagement Date (the "Retention Order", [Docket No. 7825]).

12.    Pursuant to the Retention Order, Kleyr Grasso has been retained to continue its engagement as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions which arise or may arise in relation to direct or indirect subsidiaries as well as affiliates for which it is likely that these are Luxembourg entities/undertakings of LBHI (the "Luxembourg Entities"); thus Kleyr Grasso provides legal services as to the Debtors in matters not directly related to these chapter 11 cases, but solely

6

concerning the Luxembourg Entities and Luxembourg law (the "Luxembourg Matters"). Kleyr Grasso does not and will not represent the Lehman Entities with respect to matters pending or that may arise in this Court, other than matters pertaining to Kleyr Grasso's employment. Kleyr Grasso has entered into and/or is in the process of entering into some separate engagements with certain Luxembourg Entities that will be disclosed in more details in a supplemental declaration that will be filed with this Court shortly.

### Relief Requested

13.     Prefixed to this Third Interim Application is the cover sheet required by the UST Guidelines, which includes a schedule setting forth the names of all Kleyr Grasso professionals who have performed services for which compensation is sought, the person's position in the Firm, and the year each lawyer was first admitted to practice law. In addition, the schedule sets forth for each person (a) the hourly rate(s) during the Interim Period, (b) the total hours billed during the Interim Period, and (c) the total compensation for such hours. The rate for each of the individuals listed in afore mentioned cover sheet is equal to the billing rate for such individual's time for similar services to clients in connection with other similar matters. Kleyr Grasso believes that these rates are equal to or less than the rates charged by professionals with similar experience.

14.     By this Third Interim Application, Kleyr Grasso seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Interim Period in the aggregate amount of $ 65,871.59 (€ 50,125.-), and for reimbursement of actual, necessary expenses and disbursements incurred during the Interim Period in connection with such services in the aggregate amount of $ 2,138.- (€ 1,627.42).

### Kleyr Grasso's Fees

15.     This Third Interim Application is filed in accordance with the Interim Compensation Order. The Debtors have incurred fees of $ 65,871.59 (€ 50,125.-) for services rendered over 220 hours by Kleyr Grasso during the Interim Period, resulting in a blended hourly rate of approximately $ 299.42 (€ 228.-).

16.     For services rendered for the period from and including June 1, 2010 through June 30, 2010 (the "June 2010 Statement Period"), Kleyr Grasso has been paid, in accordance with the Interim Compensation Order $ 25,703.54, representing eighty percent (80.00%) of the $ 30,924.86 (€ 23,803.00) total fees incurred by the Debtors for services

rendered for the June 2010 Statement Period.

17.     For services rendered for the period from and including July 1, 2010 through July 31, 2010 (the "July 2010 Statement Period"), Kleyr Grasso has been paid, in accordance with the Interim Compensation Order $ 12,912.84, representing eighty percent (80.00%) of the $ 15,651.26 (€ 12,170.50) total fees incurred by the Debtors for services rendered for the July 2010 Statement Period.

18.     For services rendered for the period from and including August 1, 2010 through August 31, 2010 (the "August 2010 Statement Period"), Kleyr Grasso has been paid, in accordance with the Interim Compensation Order $ 9,357.14, representing eighty percent (80.00%) of the $ 10,739.06 (€ 7,978.50) total fees incurred by the Debtors for services rendered for the August 2010 Statement Period.

19.     For services rendered for the period from and including September 1, 2010 through September 30, 2010 (the "September 2010 Statement Period"), Kleyr Grasso has been paid, in accordance with the Interim Compensation Order $ 6,861.74, representing eigthy percent (80.00%) of the $ 8,556.40 (€ 6,173.-) total fees incurred by the Debtors for services rendered for the September 2010 Statement Period.

20.     Kleyr Grasso has annexed to the Third Interim Application, as Exhibit B, a copy of the invoices for the June 2010 Statement Period, the July 2010 Statement Period, the August 2010 Statement Period, and the September 2010 Statement Period, together with the respective summary sheet belonging to each of the afore mentioned respective statement period. Attached to each invoice are the relevant daily time records broken down by matter and listing the name of the individual performing the services, the date on which the services were performed, and the amount of time spent performing the services. Additionally, annexed to this Third Interim Application, as Exhibit C, is a list of all of the matters for which services were rendered and the aggregate amount of hours and fees expended for such matters during the Interim Period.

21.     No objections have been submitted to Kleyr Grasso with respect to Kleyr Grasso's monthly statements relating to the periods mentioned under foregoing paragraph 20.

22.     By this Third Interim Application, Kleyr Grasso seeks allowance for payment of $ 65,871.59 (€ 50,125.-), which amount represents hundred percent (100%) of the

total of Kleyr Grasso's requested fees during the Interim Period, as special counsel to the Debtors.

23.    During the Interim Period, Kleyr Grasso lawyers expended a total of roughly 220 hours for services provided in connection with the Luxembourg Matters (more precisely described below in section "Summary of Services by Categories"), and incurred fees in the total amount of $ 65,871.59 (€ 50,125.-) and disbursements and expenses in the total amount of $ 2,138.- (€ 1,627.42) in connection with such services.

24.    The services performed and expenses incurred by Kleyr Grasso during the Interim Period were provided only on behalf of and rendered a benefit to LBHI.

25.    In sum, pursuant to this Third Interim Application, Kleyr Grasso hereby seeks allowance and compensation from the Debtors' estates of the following:

(a)    Compensation for professional services rendered during the Interim Period in the aggregate amount of $ 65,871.59 (€ 50,125.-); and

(b)    Reimbursement of disbursements and expenses incurred during the Interim Period in connection with such services in the aggregate amount of $ 2,138.- (€ 1,627.42).

26.    Annexed hereto, as Exhibit C, is a summary of all services rendered by Kleyr Grasso during the Interim Period by project category. Annexed hereto, as Exhibit D, is a summary of time charges and hourly rates by professional. Annexed hereto, as Exhibit E, is a summary of the types of expenses for which reimbursement is sought. Annexed hereto, as Exhibit F, is the certification of Rina Breininger, Partner of Kleyr Grasso, with respect to this Third Interim Application pursuant to the Local Guidelines.

27.    During the Interim Period, Kleyr Grasso encountered a variety of challenging legal issues, often requiring substantial research and negotiation. When possible, Kleyr Grasso delegated tasks to lower cost junior lawyers, being stressed that Kleyr Grasso, as a small sized law firm in Luxembourg, does not employ so-called "paralegals" often employed at the level of U.S. law firms. This approach has resulted in enhanced cost efficiency. Kleyr Grasso submits that the services it rendered were beneficial to the Debtors' estate and were performed efficiently, economically and effectively and in a manner commensurate with the complexity, importance and nature of the problems, issues and tasks involved. Moreover, the Firm's request

for compensation is reasonable in light of the nature, extent, and value of its services to the
Debtors. Accordingly, approval of the compensation for professional services sought herein is
warranted.

28.     All services for which Kleyr Grasso seeks compensation were
performed for and on behalf of the Debtors. No agreement or understanding exists between the
Firm and any other person for the sharing of compensation to be received for the services
rendered in connection with the Firm's representation of the Debtors. No action prohibited by
Section 504 of the Bankruptcy Code has been, or will be, made by Kleyr Grasso; see hereto the
Affidavit of Marc Kleyr, Esq., dated February 26, 2010, annexed to this Third Interim Application
as Exhibit G.

## Summary of Services Rendered

29.     The names of the partners and associates of Kleyr Grasso, who have
rendered professional services in this case during the Interim Period, are set forth in the
attached Exhibit D and in the cover sheet to this Third Interim Application.

30.     Kleyr Grasso, by and through the above-named persons, has prepared
and assisted in the preparation of various documents, advised the Debtors on a regular basis
with respect to the Luxembourg Matters, and performed all necessary professional services
which are described and narrated in detail below and in the time sheets of the invoices attached
hereto as Exhibit B.

## Summary of Services by Categories

31.     The services rendered by Kleyr Grasso during the Interim Period can
be grouped into the categories set forth below. Kleyr Grasso, as a non-U.S. law firm, has been
advised that, except as regards (a) the preparation of the documentation in order to be retained
as special counsel in accordance with the applicable U.S. law requirements, and (b) the
preparation of monthly statements and fee applications, all the services rendered by Kleyr
Grasso with respect to the Luxembourg Matters, should be considered as being performed in
relation with the project category "International Assets".

### A.     International Assets

32.     Time billed in this category relates to the services performed by Kleyr
Grasso in connection with the Firms function as "interface" in between Alvarez & Marsal North

America, LLC ("A&M"), the Debtors' Chief Restructuring Officers, WGM, the Debtors' general
bankruptcy counsel, on one side, and the Luxembourg authorities on the other side. In this
context, Kleyr Grasso assisted A&M during the Interim Period with providing frequently
information as regards the Luxembourg Entities; especially but not limited to information
relevant and necessary to gain and/or to maintain the assets of certain Luxembourg Entities.
Thereby, Kleyr Grasso provided information concerning the current and former managers and
the registered offices of the Luxembourg Entities as well as, if possible, information as regards
assets and real estate owned by the Luxembourg Entities. With respect to the Luxembourg
Entities which are already under A&M's control, Kleyr Grasso was advising the people from
A&M as regards their obligations as managers of these Luxembourg Entities and supported
them – where required – in providing information to and/or liaising with the Luxembourg
authorities (especially tax authorities) and/or drafting of required Luxembourg corporate
documentation. The moreover, Kleyr Grasso liaised with the domiciliation agents of certain
Luxembourg Entities in order to get access to the corporate documents deposited with these
domiciliation agents in order to assess the accurate assets/liabilities situation of the relevant
Luxembourg Entities. Some of the Luxembourg Entities have been involved in transactions
outside Luxembourg; Kleyr Grasso assisted in these transactions as legal advisor with respect
to the Luxembourg law issues. Kleyr Grasso reviewed and analyzed the transactional
documents based on criteria set by the Debtors and its subsidiaries in making determinations
whether such contracts and the underlying relationships are meeting the requirements of the
Debtors and its subsidiaries. A more detailed identification of the actual services rendered in
relation with the aforementioned transactions set forth in the service descriptions on the invoices
annexed hereto as Exhibit B.

    33. Kleyr Grasso performed services with respect to issues relating to
tolling and forbearance agreements and their execution by certain Luxembourg Entities. Kleyr
Grasso's services were related to advice as regards potential Luxembourg law issues to be
considered with respect to the execution of these tolling and forbearance agreements by certain
Luxembourg Entities as well as drafting, explanations, discussions and finalization on the
corporate documentation to be signed.

    34. The services performed by Kleyr Grasso during the Interim Period were
also related to issues with respect to intercompany promissory notes in the favor of LBHI that
has to be signed by certain Luxembourg Entities (the "Promissory Notes"). More precisely, Kleyr
Grasso assisted LBHI in order to move forward with the possible granting of security interests
under Luxembourg law in order to secure intercompany loans granted by LBHI to certain

Luxembourg Entities. Kleyr Grasso gave general advice with respect to potential issues that may need to be considered, and the requirements under Luxembourg law to constitute such kind of security interests.

35.    Kleyr Grasso performed services with respect to issues relating to the audit of the annual accounts for certain of the Luxembourg Entities which have/had to prepare their annual accounts with respect to several years as soon as possible in order to avoid the risk of compulsory liquidation. In particular, Kleyr Grasso liaised with a Luxembourg audit firm with respect to the audit of the annual accounts of Luxembourg Trading Finance S.à r.l. and its subsidiaries.

36.    With respect to the "Marseille-Sun & Moon" transaction, Kleyr Grasso assisted the team of Weil, Gotshal & Manges LLP, Paris (the "French WGM Team") as regards Luxembourg law issues of the projected distressed debt purchase and new equity investments in the Luxembourg joint venture vehicle.

Fees: $ 33,793.64 (€ 25,643.50)            Total hours: 96:06

### B.    Special Counsel Procedure

37.    This category includes reviewing of legal applicable provisions (UST Guidelines, Local Guidelines, the Interim Compensation Order, Fee Protocol, OCP Order, etc...), drafting, revising and reviewing documents related to the preparation of a supplemental declaration with respect to Kleyr Grasso's engagements relating to certain Luxembourg Entities and which do not fall in the scope of theses Chapter 11 proceedings.

38.    Kleyr Grasso lawyers had to spend a certain number of hours in relation with this category. Primarily caused by the fact that Kleyr Grasso lawyers are non – U.S. lawyers, and consequently they are not familiar with the particular proceedings in front of the U.S. Bankruptcy Court and the relevant U.S. law provisions.

Fees: $ 3,053.89 (€ 2,288.50)            Total hours: 11:30

### C.    Preparation of monthly statements and fee applications

39.    In connection with this matter, Kleyr Grasso prepared and served monthly fee statements in accordance with the Guidelines. Tasks included reviewing all expenses, timekeeper entries, and fee statement schedules and tables for accuracy and

compliance with the Guidelines. As requested, Kleyr Grasso also provided excel versions of its
invoices including the conversion of all amounts thereof in USD. Additionally, Kleyr Grasso
prepared and served its Second Interim Application. Finally, Kleyr Grasso responded to
requests from the Fee Committee.

Fees: $ 29,024.06 (€ 22,193.-)                    Total hours: 112:24

### Expenses Incurred by Kleyr Grasso

40.    Section 330 of the Bankruptcy Code authorizes "reimbursement for
actual, necessary expenses" incurred by professionals employed under section 327 of the
Bankruptcy Code. The total amount of the expenses is $ 258.91 (€ 199.80) and the total amount
of the disbursements is $ 1,879.09 (€ 1,427.62) for the Interim Period, as detailed in the
attached Exhibit E. As set forth above, Kleyr Grasso seeks reimbursement for expenses and
disbursements incurred in rendering services to the Debtors during the Interim Period in the
amount of $ 2,138.- (€ 1,627.42).

41.    In accordance with the requirements of the Bankruptcy Code, the
Bankruptcy Rules, and the Guidelines, Kleyr Grasso maintains the following policies with
respect to expenses for which reimbursement is sought herein:

(a) No amortization of the cost of any investment, equipment, or capital outlay is
included in the expenses. In addition, for those items or services that Kleyr Grasso purchased or
contracted from a third party (such as outside copy services), Kleyr Grasso seeks
reimbursement only for the exact amount billed to Kleyr Grasso by the third party vendor and
paid by Kleyr Grasso to the third party vendor; such costs being referred to as disbursements.

(b) Photocopying by Kleyr Grasso was charged at 10 $ cents (8 € cents) per
page.

(c) Telecopying by Kleyr Grasso was charged to its clients at the cost of the
long distance call required to send the facsimile. The firm did not impose any charge to its
clients for local facsimiles, inbound facsimiles, interoffice facsimiles or facsimiles.

### The Requested Compensation Should Be Allowed

42.    Section 330 of the Bankruptcy Code provides that the Court may award
a professional person employed under section 327 or 1103 of the Bankruptcy Code:

13

(A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)    reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1). Section 330(a)(3)(A) further provides the following standards for the Court's review of a fee application:

43.    In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3)(A).

44.    Kleyr Grasso respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein. The services described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' chapter 11 cases. Kleyr Grasso's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks. Furthermore, the compensation sought by Kleyr Grasso is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the compensation sought herein is warranted.

**Statements of Kleyr Grasso Pursuant to Bankruptcy Rule 2016(a)**

45.    After have been retained, *nunc pro tunc* to June 1, 2009, as special
counsel to the Debtors by the Retention Order dated March 25, 2010, Kleyr Grasso has
submitted monthly statements during the Interim Period. Kleyr Grasso submitted monthly
statements with respect to (a) June 2010 (the "June Statement"), on July 28, 2010, (b) July
2010 (the "July Statement"), on August 17, 2010 (c) August 2010 (the "August Statement"), on
September 28, 2010, and (d) September 2010 (the "September Statement"), on October 20,
2010.

46.    No agreement or understanding exists between Kleyr Grasso and any
third person for the sharing of compensation, except as allowed by section 504(b) of the
Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation
between and among partners of Kleyr Grasso. All of the services for which compensation is
sought in this Third Interim Application were rendered at the request of, and solely on behalf of,
the Debtors, and not at the request of, or on behalf of, any other person or entity.

**Notice**

47.    Notice of this Third Interim Application and its exhibits will be given to
(a) the Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Creditors'
Committee; and (e) the Fee Committee. Kleyr Grasso respectfully submits that no other or
further notice is required.

WHEREFORE, Kleyr Grasso respectfully requests that the Court enter an order: (a)
allowing interim compensation of $ 65,871.59 (€ 50,125.-) to Kleyr Grasso for professional
services rendered as special counsel for the Debtors during the Interim Period, plus
reimbursement of actual and necessary expenses and disbursements incurred in the sum of $
2,138.- (€ 1,627.42) in connection with Kleyr Grasso's services during the Interim Period; (b)
authorizing and directing the Debtors to pay to Kleyr Grasso any and all unpaid amounts for the
Interim Period in the amount of $ 13,174.33 and (c) granting to Kleyr Grasso such other and
further relief as the Court may deem proper.

Dated: December 14, 2010                    KLEYR GRASSO ASSOCIES


By
Rina Breininger
122, rue Adolphe Fischer
L-1521 Luxembourg
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

## EXHIBIT A

### INTERIM COMPENSATION ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                    :
In re                                               :       Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*            :       08-13555 (JMP)
                                                    :
                            Debtors.                :       (Jointly Administered)
                                                    :
-----------------------------------------------------------------x

### THIRD AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the proposed amended order filed June 13, 2009 (the "Third Amended

Order"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together

with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 331 of chapter 11 of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to establish procedures for interim

monthly compensation and reimbursement of expenses of professionals (the "Professionals"), all

as more fully described in the Debtors' Motion Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for

Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated October

11, 2008 (the "Motion") [Docket No. 833] and the notice of presentment of the proposed Third

Amended Order; and the Court having jurisdiction to consider the proposed Third Amended

Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the proposed Third Amended Order and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the proposed

Third Amended Order having been provided in accordance with the procedures set forth in the

amended order entered February 13, 2009 governing case management and administrative

procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; and (vi) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court

having entered an amended order, dated March 13, 2009 (the "Second Amended Order")

[Docket No. 3102], governing the procedures for interim monthly compensation and

reimbursement of expenses of professionals; and the Court concluded that there is cause to make

certain amendments to the Second Amended Order; and the Court having found and determined

that the relief sought in the proposed Third Amended Order is in the best interests of the Debtors,

their estates and creditors, and all parties in interest and that the legal and factual bases set forth

in the Motion and the proposed Third Amended Order establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Second Amended Order is superseded in its entirety by this

Third Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court

authorizing the retention of specific Professionals, all Professionals in these cases may seek

2

monthly compensation in accordance with the following procedures (the "Interim Compensation

Procedures"):

(a)    On or before the **thirtieth (30th)** day of each month following the month for
which compensation is sought, each professional seeking compensation, other
than a professional retained as an ordinary course professional, will serve a
monthly statement (the "Monthly Statement"), by hand or overnight delivery on
(i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor,
New York, New York, 10020 (Attn: John Suckow and David Coles); (ii) Weil,
Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153
(Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1
Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne,
Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors'
Committee; (iv) the Office of the United States Trustee for the Southern District
of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004
(Attn: Andy Velez-Rivera, Esq. and Tracy Hope Davis, Esq.); and (v) Feinberg
Rozen, LLP, The Willard Office Building, 1455 Pennsylvania Avenue, NW, Suite
390, Washington, DC 20004-1008 (Attn: Kenneth R. Feinberg, Esq.),
Chairperson of the Fee Committee (as defined in the Order Appointing a Fee
Committee and Approving a Fee Application Protocol, dated May 26, 2009
[Docket No. 3651]) (the "Notice Parties").

(b)    The Monthly Statement need not be filed with the Court and a courtesy copy need
not be delivered to chambers since this Motion is not intended to alter the fee
application requirements outlined in sections 330 and 331 of the Bankruptcy Code
and since professionals are still required to serve and file interim and final
applications for approval of fees and expenses in accordance with the relevant
provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules
for the United States Bankruptcy Court for the Southern District of New York
(the "Local Rules").

(c)    Each Monthly Statement must contain a list of the individuals and their respective
titles (e.g., attorney, paralegal, etc.) who provided services during the statement
period, their respective billing rates, the aggregate hours spent by each individual,
a reasonably detailed breakdown of the fees and expenses incurred (no
professional should seek reimbursement of an expense that would otherwise not
be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and
April 21, 1995 or the United States Trustee Guidelines for Reviewing
Applications for Compensation and Reimbursement of Expenses Filed under 11
U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time
entries for each individual in increments of tenths (1/10) of an hour or as close
thereto as practicable.

(d)    Each Notice Party shall have at least **fifteen (15)** days after receiving the Monthly
Statement to review the statement and, if the Notice Party objects to the
compensation or reimbursement sought in a particular statement, such Notice

3

Party shall, no later than the **forty-fifth (45th)** day following the month for which compensation is sought, serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e)     At the expiration of the **forty-five (45)** day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f)     If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)     If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h)     All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)     The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)     Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "Interim Fee Period"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date

4

through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in this Motion.

(k)    The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals. At least 30 days prior to such hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all retained professionals, setting forth the time, date and location of the fee hearing, the Interim Fee Period applications cover and the objection deadline. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l)    The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)    Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; *provided, however*, that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

; and it is further

ORDERED that the Debtors shall include all payments to Professionals on their monthly operating reports, detailed by line item so as to state the amount paid to each of the Professionals, and detailed so as to state the amount paid to ordinary course professionals (which may be aggregated into one line item); and it is further

5

ORDERED that any party may object to requests for payments made pursuant to this Third Amended Order, or move to modify or vacate all or certain provisions of this Third Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; *provided, however,* that the inclusion in this Third Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that all time periods set forth in this Third Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: New York, New York
       June 25, 2009

                                    s/ James M. Peck
                                    UNITED STATES BANKRUPTCY JUDGE

6

**EXHIBIT B**

**INVOICES JUNE 2010, JULY 2010, AUGUST 2010, SEPTEMBER 2010**

Re:    **Monthly statement of KLEYR GRASSO ASSOCIES, special counsel retained with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein, for the period June 1, 2010 through June 30, 2010 (the "Statement Period").**

In accordance with the Third Amended Interim Compensation Order by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), dated June 25, 2009, establishing procedures for monthly compensation and reimbursement of expenses for professionals (the "Interim Compensation Order") and the Order, dated May 26, 2009, appointing a fee committee and approving a fee application protocol (the "Fee Protocol Order"), KLEYR GRASSO ASSOCIES ("KGA"), appointed as special counsel to Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") by Order of the Bankruptcy Court, dated March 25, 2010, pursuant to Section 327(e) of the Bankruptcy Code authorizing the employment and retention of KLEYR GRASSO ASSOCIES, *nunc pro tunc* to June 1, 2009 [Docket No. 7825], hereby submits its monthly statement for the period June 1, 2010 through June 30, 2010 (the "June Statement").

In accordance with the Fee Committee's request all amounts herein are set out in US dollars and additionally in the conversion amount in euros, at the official exchange rate of the European Central Bank as of July 28, 2010.

I.    **Itemization of Services Rendered by KGA Personnel for the Statement Period.**

A.    The hours spent during the Statement Period for which KGA seeks compensation are set forth by the hourly billing rate for each lawyer, and the resulting fees are as follows:

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals in EUR | Fee Totals in USD |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | 20:30 | € 7,892.50 | $ 10,253.94 |
| Marc Kleyr, Managing Partner | 1991 | € 385.- | 01:18 | € 500.50 | $ 650.25 |
| Jérôme Burel, Associate | 2005 | € 235.- | 23:30 | € 5,522.50 | $ 7,174.83 |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | 56:06 | € 9,817.50 | $ 12,754.90 |
| Katia Bartholomé, Associate | 2009 | € 175.- | 00:24 | € 70.00 | $ 90.94 |
| **TIME CHARGES TOTAL:** | | | 101:48 | € 23,803.00 | $ 30,924.86 |

B.    The time records, in the form of formal invoices of KGA are attached hereto as Exhibit A (the "Invoices"). KGA has been retained as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions (the "Luxembourg Matters") which arise or may arise in relation to direct or indirect subsidiaries or affiliates of the Debtors that are Luxembourg entities (the "Luxembourg Entities"). The attached Invoices contain a breakdown of each task performed by KGA professionals associated with such services.

II.    **Itemization of Disbursements and Expenses Incurred and Reimbursement Sought for the Statement Period.**

KGA is seeking reimbursement for disbursements for the Statement Period in the amount of € 592.73 / $ 770.07

KGA is seeking reimbursement for expenses for the Statement Period in the amount of € 149.00 / $ 193.58

III.    **Total Fees, Disbursements and Expenses Sought for the Statement Period.**

A.      The total amount sought for fees for professional services rendered and reimbursement of disbursements and expenses incurred for the Statement Period is as follows:

Total Fees: € 23,803.00/ $ 30,924.86
Total Disbursements: € 592.73 / $ 770.07
Total Expenses: € 149.00 / $ 193.58

**TOTAL:** € 24,544.73/ $ 31,888.51

B.      Amount Payable after Holdback.

Pursuant to the Interim Compensation Order, the amount payable to KGA for the Statement Period, after adjusting for the twenty percent (20%) holdback, € 19,784.13/ $ 25,703.54

File    **301057**
    11824

**LBHI - Luxembourg Trading Finance S.à r.l. & Subsidiaries**
Detail of our fee note

from June 1, 2010
to June 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JG | Jacqueline GELESCHUS | 66 | 192,50 | 250,10 |
| RB | Rina BREININGER | 12 | 77,00 | 100,04 |
| | | 78 | 269,50 | 350,13 |

| File | 301057 | | **LBHI - Luxembourg Trading Finance S.à r.l. & Subsidiaries** | | | | |
|---|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | | |
| | | from | June 1, 2010 | | | | |
| | | to | June 30, 2010 | | | | |
| | | | **Services provided** | | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) | |
| 1900 | 14/06/2010 | JG | Study of the file e-mail from Juliette Belcht (GT Fiduciaires) + attachment / re: statec requests information as regards Luxembourg Residential Properties Loan Finance 2 S.à r.l. | 6 | 17,50 | 22,74 | |
| 1900 | 14/06/2010 | JG | Tel. conversation with Juliette Belcht (GT Fiduciaires) / re: document received with respect to Luxembourg Residential Properties Loan Finance 2 S.à r.l. | 6 | 17,50 | 22,74 | |
| 1900 | 14/06/2010 | JG | Drawing e-mail to John Keen / forward and short explanation of the content of a document received from statec with respect to Luxembourg Residential Properties Loan Finance 2 S.à r.l. | 6 | 17,50 | 22,74 | |
| 1900 | 22/06/2010 | RB | Study of the file mail exchange with Fauzan (and Statec form attached thereto) regarding Lux.Residential Properties S. à.r.l. | 12 | 77,00 | 100,04 | |
| 1900 | 25/06/2010 | JG | Drawing email to Fauzan -- re: translation and explanation of content of letter/ questionnaire received from Luxembourg central institution to collect statistics and to pursue economic studies (statec) for Luxembourg Residential Properties Loan Finance 2 S.à r.l. | 18 | 52,50 | 68,21 | |
| 1900 | 25/06/2010 | JG | Study of the file email received from Fauzan in reply to my email related to translation and explication of letter/ questionnaire received for Luxembourg Residential Properties Loan Finance 2 S.à r.l. | 6 | 17,50 | 22,74 | |
| 1900 | 25/06/2010 | JG | Tel. conversation with Mrs Lampach (person in charge statec) in order to ask her questions in relation with letter/ questionnaire received for Luxembourg Residential Properties Loan Finance 2 S.à r.l. | 6 | 17,50 | 22,74 | |
| 1900 | 29/06/2010 | JG | Study of the file / email Fauzan -- re: A&M's comments on the statec questionnaire relating to Luxembourg Residential Properties Loan Finance 2 S.à r.l. | 6 | 17,50 | 22,74 | |
| 1900 | 29/06/2010 | JG | Study of the file / recheck A&M's comments on the statec questionnaire relating to Luxembourg Residential Properties Loan Finance 2 S.à r.l. | 6 | 17,50 | 22,74 | |
| 1900 | 29/06/2010 | JG | Drawing / email to Fauzan -- to answer his questions in relation with the statec questionnaire relating to Luxembourg Residential Properties Loan Finance 2 S.à r.l. | 6 | 17,50 | 22,74 | |
| | | | Total fee | | 269,50 | 350,13 | |
| | | | | | | | |
| | | | **TOTAL FEE NOTE** | | 269,50 | 350,13 | |

File   **301182**
     11827

**LBHI - Promissory Notes/Securities**
Detail of our fee note

from June 1, 2010
to June 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 246 | 963,50 | 1 251,78 |
| JG | Jacqueline GELESCHUS | 108 | 315,00 | 409,25 |
| KB | Katia BARTHOLOME | 24 | 70,00 | 90,94 |
| RB | Rina BREININGER | 678 | 4 350,50 | 5 652,17 |
| | | 1056 | 5 699,00 | 7 404,14 |

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|------|--------|--|------------------------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | June 1, 2010 | | | |
| | | to | June 30, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 01/06/2010 | JEB | Study of the file : email of Kevin Woolford - re: requirement for Lehman Brothers Captain No.2 Luxembourg Sarl to file annual accounts for 2007 | 6 | 23,50 | 30,53 |
| 1900 | 01/06/2010 | JEB | Review/Analysis of Katia's legal researches in relation to the filing of annual accounts for dissolved companies further to Kevin's request | 24 | 94,00 | 122,12 |
| 1800 | 02/06/2010 | JEB | Drawing email to Kevin addressing his queries - re: tax return and annual accounts as regards Lehman Brothers Captain No2 Luxembourg S.à r.l. | 24 | 94,00 | 122,12 |
| 2600 | 02/06/2010 | RB | Study of the file : summary review of LBS Holdings Sà r.l. documents in our possession | 24 | 154,00 | 200,08 |
| 2600 | 04/06/2010 | JEB | Meeting with Alter Domus (Ms Murphy/Ms Céline Uvergoels), Me Breininger regarding assets and liabilities of LBS Holdings S.à r.l. | 108 | 423,00 | 549,56 |
| 2600 | 04/06/2010 | RB | Meeting with Alter Domus (Ms Murphy/Ms Céline Uvergoels), Me Burel, Me Breininger regarding assets and liabilities of LBS Holdings S.à r.l. | 108 | 693,00 | 900,35 |
| 2600 | 07/06/2010 | RB | Review/Analysis of the annual accounts 2007, and the draft annual accounts 2008/2009 with respect to LBS Holdings S.àr.l. , transmitted to us by Alter Domus | 90 | 577,50 | 750,29 |
| 1800 | 08/06/2010 | JEB | Tel. conversation with Danielle Caviglia at Interconsult further to Kevin's additional request - re: payment of tax by Entrada II Sàrl | 12 | 47,00 | 61,06 |
| 2600 | 08/06/2010 | RB | Study of the file review of the loan agreements signed by LBS (Loan/Preferred PPL and Common PPL) | 72 | 462,00 | 600,23 |
| 2600 | 08/06/2010 | RB | Study of the file LBS - mail of Alter Domus with explanations and review of the documents attached thereto (draft accounts 2008/confirmations/ accounts Starman HH...) | 162 | 1 039,50 | 1 350,52 |
| 2600 | 08/06/2010 | RB | Correspondance with John Keen -re: meeting with Alter Domus | 12 | 77,00 | 100,04 |
| 1800 | 09/06/2010 | JEB | Study of the file : email of D. Caviglia - re: payment of tax by Entrada II Sàrl | 6 | 23,50 | 30,53 |
| 1800 | 09/06/2010 | KB | Drawing e-mail to Kevin Woolford in relation to the payments to the Luxembourg Tax Administration for Entrada II S.à r.l. | 6 | 17,50 | 22,74 |
| 1800 | 09/06/2010 | KB | Research of copies of the tax declarations 2004,2005,2006 and the statement of Luxembourg Tax Administration dated 7 May 2009 with respect to Entrada II S.à r.l. further to Kevin Woolford's request | 18 | 52,50 | 68,21 |
| 1800 | 09/06/2010 | RB | Study of the file mail exchange between Kevin and KGA (interconsult/tax payments) of Entrada II Sàrl | 12 | 77,00 | 100,04 |
| 2600 | 09/06/2010 | RB | Drawing memo to John Keen regarding meeting with Alter Domus and LBS documents remitted by Alter Domus | 126 | 808,50 | 1 050,40 |
| 1800 | 10/06/2010 | JEB | Tel. conversation with Luxembourg tax administration further to Kevin Woolford's request as regards tax charge paid by Entrada II S.à r.l. | 12 | 47,00 | 61,06 |
| 1800 | 10/06/2010 | JEB | Drawing email to Kevin Woolford - re: position of tax administration as regards tax charge paid by Entrada II S.à r.l. | 12 | 47,00 | 61,06 |
| 1800 | 10/06/2010 | JEB | Study of the file email of Kevin with additional queries as to the tax charge of Entrada II S.à r.l. | 6 | 23,50 | 30,53 |
| 1800 | 10/06/2010 | JG | Drawing English version of article 7.3 of the 2004 tax ruling (KPMG) with respect to the company Entrada II S.à r.l. | 108 | 315,00 | 409,25 |
| 1800 | 10/06/2010 | RB | Study of the file mail exchange with Kevin regarding tax declarations and debts of Entrada II S.à r.l. | 18 | 115,50 | 150,06 |
| 2600 | 14/06/2010 | JEB | Study of the file : email of Celine Uvergoels (Alter Domus) - re: shareholders' agreement for LBS Holdings S.à r.l. | 6 | 23,50 | 30,53 |
| 1800 | 14/06/2010 | JEB | Tel. conversation with Luxembourg tax administration to get additional details regarding Entrada II S.à r.l. payments | 12 | 47,00 | 61,06 |
| 1800 | 14/06/2010 | JEB | Drawing email to Kevin further to conversation with Lux. tax administration regarding Entrada II S.à r.l. | 18 | 70,50 | 91,59 |
| 1800 | 14/06/2010 | RB | Study of the file mail exchange with Kevin Woolford regarding Entrada II S.à. r.l. / tax declaration 2004 | 12 | 77,00 | 100,04 |
| 2600 | 14/06/2010 | RB | Review/Analysis of summary review of the joint venture agreement between LBS Holdings S.àrl. and SOF Mer Holding S.àr.l. regarding Starmann Hotel LLC | 36 | 231,00 | 300,12 |
| 2600 | 14/06/2010 | RB | Correspondance with John Keen (regarding JV Agreement LBS/Sof Mer) | 6 | 38,50 | 50,02 |
| | | | Total fee | | 5 899,00 | 7 404,14 |
| | | | | | | |
| | | | Paid expenses | | | |
| | | | Printing and photocopying - 250 pages at 0,08€ / page | | 20,00 | 25,98 |
| | | | Total paid expenses | | 20,00 | 25,98 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 5 719,00 | 7 430,12 |

File    301207
       11846

**LBHI - General Queries 2010**
Detail of our fee note

from June 1, 2010
to June 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 18 | 70,50 | 91,59 |
| JG | Jacqueline GELESCHUS | 12 | 35,00 | 45,47 |
| MK | Marc KLEYR | 78 | 500,50 | 650,25 |
| | | 108 | 606,00 | 787,32 |

| File | 301207 | | | LBHI - General Queries 2010 | | | |
|------|--------|--|--|-----------------------------|--|--|--|
| | | | | Detail of our fee note | | | |
| | | from | June 1, 2010 | | | | |
| | | to | June 30, 2010 | | | | |
| | | | | Services provided | | | |
| Task Code | Date | Person | | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2800 | 02/06/2010 | MK | Review/Analysis of e-mail and documents sent by the lux receivers for LBLEF: projected sale of part of their claim agaist LBHI to Primeshares NY, court approval, receivers report, draft assignment of claim | 66 | 423,50 | 550,21 |
| 2800 | 02/06/2010 | MK | Drawing e-mail to J Keen // projected sale by Lux receivers of part of their claim agaist LBHI to Primeshares NY // | 12 | 77,00 | 100,04 |
| 2000 | 03/06/2010 | JEB | Study of the file : email of Ken Schiff - re: LB River / Impact - re: Cath Webster query | 6 | 23,50 | 30,53 |
| 2000 | 04/06/2010 | JEB | Drawing email to Ken Schiff - re: LB River / Impact - re: Cath Webster query | 12 | 47,00 | 61,06 |
| 1900 | 10/06/2010 | JG | Study of the file / e-mail Fauzan/ re: Outstanding invoices - LEHMAN BROTHERS HELSINKI HOLDINGS S.àr.l. | 6 | 17,50 | 22,74 |
| 1900 | 10/06/2010 | JG | Drawing e-mail to Fauzan / reply re: Outstanding invoices - LEHMAN BROTHERS HELSINKI HOLDINGS S.àr.l. | 6 | 17,50 | 22,74 |
| | | | Total fee | | | 605,00 | 787,32 |
| | | | | | | | |
| | | | Paid expenses | | | | |
| | | | Printing and photocopying - 100 pages at 0,08€ / page | | | 8,00 | 10,39 |
| | | | Total paid expenses | | | 8,00 | 10,39 |
| | | | | | | | |
| | | | TOTAL FEE NOTE | | | 614,00 | 797,71 |

File    301208
        11829

**LBHI - Lehman Brothers Luxembourg Investments S.à r.l.**
Detail of our fee note

from June 1, 2010
to June 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|--------|--------------------|-------------|------------|------------|
| JEB | Jérôme BUREL | 510 | 1 997,50 | 2 595,15 |
| JG | Jacqueline GELESCHUS | 210 | 612,50 | 795,76 |
| RB | Rina BREININGER | 252 | 1 617,00 | 2 100,81 |
| | | 972 | 4 227,00 | 5 491,72 |

| File | 301208 | | LBHI - Lehman Brothers Luxembourg Investments S.à r.l. | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | June 1, 2010 | | | |
| | | to | June 30, 2010 | | | |
| | | | **Services provided** | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 01/06/2010 | JEB | Study of the file : email of John Keen and quick review of enclosed documents (draft board minutes, poa and SPA - re: sale by LBLI of LBAM Italy Sgr | 30 | 117,50 | 152,66 |
| 1900 | 01/06/2010 | JEB | Drawing comments/amendments to draft board minutes of LBLI - re: sale by LBLI of LBAM Italy Sgr | 24 | 94,00 | 122,12 |
| 1900 | 01/06/2010 | JEB | Study of the file : email of Fauzan and quick review of enclosed documents (executed minutes, ..) - re: LBLI Korean funds - re:  several questions with respect to the opening of a bank account with Citi US and delegation of signatory powers | 30 | 117,50 | 152,66 |
| 1900 | 01/06/2010 | RB | Study of the file mail exchange regarding Closing LBAM Italy, SPA signed in 2009 and draft resolutions | 42 | 269,50 | 350,13 |
| 1900 | 02/06/2010 | JEB | Drawing email to Fauzan addressing his queries - re: LBLI Korean funds - re:  several questions with respect to the opening of a bank account with Citi US and delegation of signatory powers | 18 | 70,50 | 91,59 |
| 1900 | 02/06/2010 | JEB | Study of the file : further email of Fauzan with template resolution he expects to adapt for LBLI re:  opening of a bank account with Citi US and delegation of signatory powers | 6 | 23,50 | 30,53 |
| 1900 | 02/06/2010 | JEB | Review/Analysis of in details of draft resolution submited by Fauzan - re: LBLI authorized signatories over Citi US bank account | 30 | 117,50 | 152,66 |
| 1900 | 02/06/2010 | JEB | Study of the file : email of John -re: possibility and conditions to hold a board meeting of LBLI by way of  tel. conf | 6 | 23,50 | 30,53 |
| 1900 | 02/06/2010 | JEB | Review/Analysis of updated bylaws of LBLI and tax ruling in place in order to deal with John's questions | 30 | 117,50 | 152,66 |
| 1900 | 02/06/2010 | JEB | Drawing email to John - re: possibility and conditions to hold a board meeting of LBLI by way of tel. conf | 18 | 70,50 | 91,59 |
| 1900 | 02/06/2010 | JG | Drawing English version of the extract issued by the trade and companies register with respect to Lehman Brothers Luxembourg Investments S.à r.l. as per Fauzan's request | 78 | 227,50 | 295,57 |
| 1900 | 02/06/2010 | RB | Study of the file review of the mail of Fauzan with signed board resolution regarding Korean transfer and New Citi bank account (request) | 18 | 115,50 | 150,06 |
| 1900 | 04/06/2010 | JEB | Correspondance with Fauzan - re: transmission of original documents (certified copy of bylaws and extract with translation) | 12 | 47,00 | 61,06 |
| 1900 | 07/06/2010 | JEB | Study of the file : email of Fauzan and quick review of enclosed documents (revised draft board minutes and woori tax memo) - re: LBLI approval of 2007 accounts | 48 | 188,00 | 244,25 |
| 1900 | 07/06/2010 | JEB | Drawing comments/amendments to draft board minutes granting signature authority over bank accounts, in order to comply with Lux. law mandatory requirements | 36 | 141,00 | 183,19 |
| 1900 | 08/06/2010 | JEB | Correspondance with Fauzan - re: the handling of LBLI US Citi bank accounts | 12 | 47,00 | 61,06 |
| 1900 | 08/06/2010 | RB | Study of the file review of the Woori Tax Memo sent to John Keen on 3 June 2010 and the updated board resolution | 72 | 462,00 | 600,23 |
| 1900 | 08/06/2010 | RB | Review/Analysis of updated proxy to be delivered by LBLI in relation with US Citi bank account and corresponding board resolution | 42 | 269,50 | 350,13 |
| 1900 | 09/06/2010 | JEB | Study of the file : email of Fauzan and enclosed memo - re: Korean Asset Management subsidiaries of Lux Investments - re: 4.5bn receivable from HY Investments Ireland - re: dividend payment and advice from a corporate law perspective | 72 | 282,00 | 366,37 |
| 1900 | 09/06/2010 | JEB | Study of the file : email of Fauzan -re: additional query with respect to proxyholder for LBLI | 6 | 23,50 | 30,53 |
| 1900 | 09/06/2010 | JEB | Correspondance with Fauzan - re: Korean Asset Management subsidiaries of Lux Investments - re: 4.5bn receivable from HY Investments Ireland - re: dividend payment and advice from a corporate law perspective | 12 | 47,00 | 61,06 |
| 1900 | 09/06/2010 | JEB | Drawing email to Fauzan addressing his question -re: additional query with respect to proxyholder for LBLI | 12 | 47,00 | 61,06 |
| 1900 | 09/06/2010 | JEB | Study of the file : further email of Fauzan and enclosed revised draft resolution - re: bank account with Citi US | 18 | 70,50 | 91,59 |
| 1900 | 09/06/2010 | RB | Study of the file mail of Fauzan (regarding Woori recommendation) | 12 | 77,00 | 100,04 |
| 1900 | 10/06/2010 | JEB | Review/Analysis of Fauzan' mark.-up to draft minutes of LBLI board meeting with respect to banking powers to be granted | 12 | 47,00 | 61,06 |
| 1900 | 10/06/2010 | JEB | Drawing supplemental amendments to draft minutes of LBLI board meeting with respect to banking powers to be granted | 12 | 47,00 | 61,06 |
| 1900 | 10/06/2010 | JEB | Correspondance with Fauzan - re: transmission of markup to draft minutes | 6 | 23,50 | 30,53 |
| 1900 | 10/06/2010 | RB | Study of the file mail exchange regarding draft Board resolution (Citi Bank US and KBL accounts) | 18 | 115,50 | 150,06 |
| 1900 | 15/06/2010 | JEB | Study of the file : email of John Keen - re: SGR's share certificates | 6 | 23,50 | 30,53 |
| 1900 | 15/06/2010 | JEB | Study of the file : email of Fauzan and quick review of enclosed revised board resolution - re: change to board resolution of LBLI as regards 2007 annual accounts | 12 | 47,00 | 61,06 |
| 1900 | 15/06/2010 | JG | Study of the file / e-mail John Keen / re : LB Luxembourg Investment S.à r.l. ("LBLIS") - LBAM SGR share certificate☐ | 6 | 17,50 | 22,74 |
| 1900 | 15/06/2010 | JG | Study of the file / documents with respect to Lehman Brothers Luxembourg Investments S.à r.l. to verify its shareholding in LBAM SGR | 120 | 350,00 | 454,72 |
| 1900 | 15/06/2010 | JG | Drawing / e-mail to John Keen / reply re: LB Luxembourg Investment S.à r.l. ("LBLIS") - LBAM SGR share certificate | 6 | 17,50 | 22,74 |
| 1900 | 16/06/2010 | JEB | Correspondance with Fauzan - re: amendment to draft board resolution (2007 accounts) | 6 | 23,50 | 30,53 |
| 1900 | 16/06/2010 | JEB | Study of the file : email of Fauzan requesting Lux Investments' Certificate of incorporation -re: Citi Us bank accounts | 6 | 23,50 | 30,53 |
| 1900 | 16/06/2010 | JEB | Drawing notary certificate with respect to LBLI further to Fauzan's query | 24 | 94,00 | 122,12 |
| 1900 | 16/06/2010 | JEB | Drawing email to Fauazn adressing his queries - re: Certificate of incorporation for LBLI | 6 | 23,50 | 30,53 |
| 1900 | 16/06/2010 | RB | Study of the file mail exchange with John regarding (LBAM participation and share certificate) | 12 | 77,00 | 100,04 |
| 1900 | 16/06/2010 | RB | Study of the file mail exchange with Fauzan (regarding 2007 Mgt report) | 12 | 77,00 | 100,04 |
| 1900 | 16/06/2010 | RB | Study of the file mail exchange with Fauzan regarding notary certificate (Citi account opening) | 12 | 77,00 | 100,04 |

| 1900 | 28/06/2010 | RB | Study of the file mail exchange between EY Lux and John Keen regarding EY outsanding invoice for audit report 2007 accounts | 12 | 77,00 | 100,04 |
|---|---|---|---|---|---|---|
| | | | **Total fee** | | **4 227,00** | **5 491,72** |
| | | | | | | |
| | | | **Paid expenses** | | | |
| | | | Printing and photocopying - 320 pages at 0,08€ / page | | 25,60 | 33,26 |
| | | | **Total paid expenses** | | **25,60** | **33,26** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice Trade and Companies Register - original excerpt with respect to Lehman Brothers Luxembourg Investments S.à r.l. has been ordered furrther to the request of Citi Bank US | | 18,89 | 24,54 |
| | | | Invoice TNT - express delivery charges relating to the delivery of original documents to Fauzan Mohammed in London with respect to Lehman Brothers Luxembourg Investments S.à r.l. (original excerpt of the Trade and Companies Register together with English translation thereof and certified copy of updated bylaws | | 38,31 | 49,77 |
| | | | **Total paid disbursements** | | **57,20** | **74,31** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **4 309,80** | **5 599,29** |

File    301684
        11832

**LBHI - Marseille - Sun & Moon 2010**
Detail of our fee note

from June 1, 2010
to June 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 30 | 117,50 | 152,66 |
| JG | Jacqueline GELESCHUS | 384 | 1 120,00 | 1 455,10 |
| RB | Rina BREININGER | 222 | 1 424,50 | 1 850,71 |
| | | 636 | 2 662,00 | 3 458,47 |

| File | 301684 | | LBHI - Marseille - Sun & Moon 2010 | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | June 1, 2010 | | | |
| | | to | June 30, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2600 | 11/06/2010 | JEB | Study of the file : email of JC David and quick review of enclosed revised term sheet | 12 | 47,00 | 61,06 |
| 2600 | 14/06/2010 | JEB | Study of the file : email of Cristina (WGM Paris) - re: transfer of debt documents | 6 | 23,50 | 30,53 |
| 2600 | 14/06/2010 | RB | Study of the file mail of Jean-Christophe David (11 June 2010) and updated term sheet attached thereto | 18 | 115,50 | 150,06 |
| 2600 | 14/06/2010 | RB | Study of the file review of the updated transfer documents transmitted by WGM Paris regarding LB Europe Holding S.à r.l. | 72 | 462,00 | 600,23 |
| 2600 | 17/06/2010 | JEB | Study of the file : email of JC David and quick review of enclosed revised term sheet | 12 | 47,00 | 61,06 |
| 2600 | 18/06/2010 | RB | Study of the file review of updated term sheets 17 /18 June | 24 | 154,00 | 200,08 |
| 2600 | 24/06/2010 | RB | Study of the file short review of the mail of Cristina - re:2 SPVs to be formed - | 18 | 115,50 | 150,06 |
| 2600 | 24/06/2010 | RB | Correspondance with Cristina -re: incorporation of two Lux SPVs | 6 | 38,50 | 50,02 |
| 2600 | 25/06/2010 | JG | Study of the file / email of Christina (WGM Paris) regarding the transfer of the Sun & Moon loans and creation of two Luxembourg law SPVs | 18 | 52,50 | 68,21 |
| 2600 | 25/06/2010 | JG | Study of the file / review emails exchange relating to the transfer of the Sun & Moon transaction in order to prepare an answer to Cristina | 54 | 157,50 | 204,62 |
| 2600 | 25/06/2010 | JG | Research  whether Lehman Commercial Paper Inc., NY is a related debtor of LBHI in the chapter 11 proceedings. | 6 | 17,50 | 22,74 |
| 2600 | 25/06/2010 | JG | Legal research with respect to the incorporation of special purpose vehicles under Luxembourg "Securitisation Law" dated 22 March 2004 | 240 | 700,00 | 909,44 |
| 2600 | 25/06/2010 | RB | Review/Analysis of / detailled review of the mail of Cristina and the contemplated structure | 30 | 192,50 | 250,10 |
| 2600 | 28/06/2010 | JG | Drawing first draft email to Christina in order to inform her about conditions of incorporation of a special purpose vehicle under Luxembourg law of 22 March 2004 ("Lux SPVs) and to ask her to provide us with required information/ documents relevant for incorporation of two Lux SPVs | 66 | 192,50 | 250,10 |
| 2600 | 30/06/2010 | RB | Correspondance with Cristina (answers to questions raised Lux SPVs) | 48 | 308,00 | 400,15 |
| 2600 | 30/06/2010 | RB | Study of the file mail of Cristina regarding the inception of the Luxembourg securitization companies | 6 | 38,50 | 50,02 |
| | | | Total fee | | 2 662,00 | 3 458,47 |
| | | | | | | |
| | | | Paid expenses | | | |
| | | | Printing and photocopying - 150 pages at 0,08€ / page | | 12,00 | 15,59 |
| | | | Online legal research (LexisNexis, Dalloz, Legicorp...) | | 5,00 | 6,50 |
| | | | Total paid expenses | | 17,00 | 22,09 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 2 679,00 | 3 480,56 |

File    **301702**
        11842

**LBHI - Special Counsel Procedure**
Detail of our fee note

from June 1, 2010
to June 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 162 | 634,50 | 824,34 |
| JG | Jacqueline GELESCHUS | 24 | 70,00 | 90,94 |
| | | 186 | 704,50 | 915,29 |

| File | 301702 | | | LBHI - Special Counsel Procedure | | | |
|------|--------|--|--|---------------------------------|--|--|--|
| | | | | Detail of our fee note | | | |
| | | from | June 1, 2010 | | | | |
| | | to | June 30, 2010 | | | | |
| | | | | Services provided | | | |
| Task Code | Date | Person | | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4700 | 08/06/2010 | JEB | | Study of the file : email of Jennifer Sapp (Weil, US) -re: requirement under Chap 11 procedure to file supplemental disclosure declaration | 12 | 47,00 | 61,06 |
| 4700 | 08/06/2010 | JEB | | Correspondance with Jennifer Sapp -re: requirement under Chap 11 procedure to file supplemental disclosure declaration | 18 | 70,50 | 91,59 |
| 4700 | 10/06/2010 | JEB | | Study of the file : email of Jennifer Sapp and quick review of encosed draft supplemental declaration to be filed with the US Bankruptcy Court | 12 | 47,00 | 61,06 |
| 4700 | 10/06/2010 | JEB | | Internal meeting between / with Jacqueline - re: discussing objection deadlines with respect to monthly statements and interim fee application under the special counsel procedure | 24 | 94,00 | 122,12 |
| 4700 | 10/06/2010 | JEB | | Review/Analysis of certain provisions of US rules in relation to the objection deadlines with respect to monthly statements and interim fee application under the special counsel procedure, and monthly statements and fee application already done by us | 48 | 188,00 | 244,25 |
| 4700 | 10/06/2010 | JEB | | Drawing draft email to John Keen with respect to our still outstanding invoices under the special counsel procedure | 48 | 188,00 | 244,25 |
| 4700 | 10/06/2010 | JG | | Internal meeting between / with Jérôme- re: discussing objection deadlines with respect to monthly statements and interim fee application under the special counsel procedure | 24 | 70,00 | 90,94 |
| | | | | Total fee | | 704,50 | 915,29 |
| | | | | | | | |
| | | | | TOTAL FEE NOTE | | 704,50 | 915,29 |

File    301778                    **LBHI - Preparation Monthly Statements & Fee Applications**
        11844                                   Detail of our fee note

                    from June 1, 2010
                    to June 30, 2010

                                        **Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 444 | 1 739,00 | 2 259,31 |
| JG | Jacqueline GELESCHUS | 2562 | 7 472,50 | 9 708,27 |
| RB | Rina BREININGER | 66 | 423,50 | 550,21 |
| | | 3072 | 9 635,00 | 12 517,79 |

| File | 301778 | | | LBHI - Preparation  Monthly Statements & Fee Applications | | | |
|---|---|---|---|---|---|---|---|
| | | | | Detail of our fee note | | | |
| | | | from | June 1, 2010 | | | |
| | | | to | June 30, 2010 | | | |
| | | | | **Services provided** | | | |
| Task Code | Date | Person | | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 11/06/2010 | JEB | | Study of the file : email of C. Biros (Fee Committe) -re Fourth Interim Report | 18 | 70,50 | 91,59 |
| 4600 | 11/06/2010 | JEB | | Review/Analysis of filed fee Committee report regarding fee committee processes and efforts to resolve outstanding issues related to the third interim fee applications of retained professionals | 30 | 117,50 | 152,66 |
| 4600 | 11/06/2010 | JEB | | Review/Analysis of revised Fee guidelines (version June 2010) | 18 | 70,50 | 91,59 |
| 4600 | 11/06/2010 | JEB | | Review/Analysis of fourth interim summary report with respect to our first interim fee application | 36 | 141,00 | 183,19 |
| 4600 | 11/06/2010 | JG | | Review/Analysis of e-mail Fee Committee / re : LEHMAN BROS FEE COMMITTEE - KLEYR GRASSO - FOURTH INTERIM REPORT | 12 | 35,00 | 45,47 |
| 4600 | 11/06/2010 | JG | | Review/Analysis of Fee Committee Report regarding Fee Committee Processes and Efforts to resolve outstanding issues related to the third interim fee applications of retained professionals related documents | 42 | 122,50 | 159,15 |
| 4600 | 15/06/2010 | JEB | | Study of the file : email of Brandon Deal re: February invoices with conversion amounts as of March 31, 2010 | 6 | 23,50 | 30,53 |
| 4600 | 16/06/2010 | JEB | | Correspondance with Brandon Deal - re: quis queries with respect to February monthly statement | 18 | 70,50 | 91,59 |
| 4600 | 17/06/2010 | JEB | | Study of the file : quick review of the notice of hearing on interim fee applications (scheduled 25 August) | 6 | 23,50 | 30,53 |
| 4600 | 17/06/2010 | JEB | | Preparation of first draft May invoices | 120 | 470,00 | 610,62 |
| 4600 | 17/06/2010 | RB | | Study of the file mail exchange with Brandon Deal (regarding invoices) | 12 | 77,00 | 100,04 |
| 4600 | 18/06/2010 | JEB | | Drawing final version of invoices to enclose in May monthly statement | 180 | 705,00 | 915,94 |
| 4600 | 18/06/2010 | JEB | | Correspondance with Browngreer - Re: May monthly statement | 12 | 47,00 | 61,06 |
| 4600 | 16/06/2010 | JG | | Drawing cover sheet for KCKG Monthly Statement May 2010 | 48 | 140,00 | 181,89 |
| 4600 | 18/06/2010 | JG | | Drawing comments on the excel data sheet received from the Fee Committee with respect to KCKG's First Interim Fee Application | 180 | 525,00 | 682,08 |
| 4600 | 21/06/2010 | JG | | Drawing an update of the "Summary Sheet" received from the Fee Committee with respect to KCKG's first interim Fee Application, by including our comments/ objections onto such "Summary Sheet"; here: to search for the invoices relating to the expenses mentioned on the "Summary Sheet" and to refer to include references onto Summary Sheet to each of these invoices (Exhibits) | 480 | 1 400,00 | 1 818,88 |
| 4600 | 21/06/2010 | JG | | Study of the file email received from the Fee Committee on 06/11/2010 – re: Kleyr Grasso Associés - Fourth Interim Report | 18 | 52,50 | 68,21 |
| 4600 | 21/06/2010 | RB | | Study of the file mail exchange with Brandon and Camille regarding March monthly statement | 18 | 115,50 | 150,06 |
| 4600 | 22/06/2010 | JG | | Review/Analysis of previous communication in order to provide detailed explanation with respect to entries qualified as "insufficient detail" on the "Summary Sheet" received from the Fee Committee with respect to KCKG's first interim Fee Application. | 480 | 1 400,00 | 1 818,88 |
| 4600 | 23/06/2010 | JG | | Drawing update of the "Summary Sheet" received from the Fee Committee with respect to KCKG's first interim Fee Application, by including our comments/ objections onto such "Summary Sheet"; here: further explanations with respect to entries qualified as "insufficient detail" | 240 | 700,00 | 909,44 |
| 4600 | 23/06/2010 | JG | | Drawing update of the "Summary Sheet" received from the Fee Committee with respect to KCKG's first interim Fee Application, by including our comments/ objections onto such "Summary Sheet"; here: including our comments to the entries qualified as "Administrative". | 240 | 700,00 | 909,44 |
| 4600 | 24/06/2010 | JG | | Review/Analysis of the statement of WGM relating to the third interim Fee Application (in order to study how to deal with objections/ replies to the reductions proposed by the Bankruptcy Court/ the Fee Committee). | 48 | 140,00 | 181,89 |
| 4600 | 24/06/2010 | JG | | Drawing amendments to the "Summary Sheet" received from the Fee Committee with respect to KCKG's first interim Fee Application, by including our comments/ objections onto such "Summary Sheet" | 240 | 700,00 | 909,44 |
| 4600 | 24/06/2010 | JG | | Legal research relating to the drawing of responses/ objections against the Fee Committee's and the Bankruptcy Court's proposals to reduce the fees/ expenses of special counsels | 180 | 525,00 | 682,08 |
| 4600 | 25/06/2010 | JG | | Drawing revised version of updated "Summary Sheet" received from the Fee Committee with respect to KCKG's first interim Fee Application. | 288 | 840,00 | 1 091,33 |
| 4600 | 28/06/2010 | JG | | Tel. conversation with the person in charge at the Luxembourg trade and companies register (the "RCS") in order to get detailed information about a company name mentioned on an invoice received from RCS in July 2009 which is relevant with respect to KCKG's expenses. | 6 | 17,50 | 22,74 |
| 4600 | 28/06/2010 | JG | | Drawing further amendments to "Summary Sheet" received from the Fee Committee with respect to KCKG's first interim Fee Application. | 54 | 157,50 | 204,62 |
| 4600 | 30/06/2010 | JG | | Drawing email to the Fee Committee (i.e. jacklezins@feinbergrozen.com et al.) / re: KCKG's response and objections with respect to the reductions proposed by the Fee Committee | 6 | 17,50 | 22,74 |
| 4600 | 30/06/2010 | RB | | Drawing /finalisation of answers to comments on KGA 1st interim application | 36 | 231,00 | 300,12 |
| | | | | Total fee | | 9 635,00 | 12 517,79 |
| | | | | | | | |
| | | | | **Paid expenses** | | | |
| | | | | Printing and photocopying - 980 pages at 0,08€ / page | | 78,40 | 101,86 |
| | | | | Total paid expenses | | 78,40 | 101,86 |
| | | | | | | | |
| | | | | **Paid disbursements** | | | |
| | | | | Invoice TNT - express delivery charges relating to the delivery of April Monthly Statement to all the Notice Parties in accordance with the Third Amended Interim Compensation Order | | 267,13 | 347,06 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Invoice TNT - express delivery charges relating to the delivery of May Monthly Statement to all the Notice Parties in accordance with the Third Amended Interim Compensation Order | | 268,40 | 348,71 |
| | | | Total paid disbursements | | 535,53 | 695,76 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 10 248,93 | 13 315,41 |
| | | | Author: In order to avoid any confusion, please note that in our May Monthly Statement, the invoice of TNT amounting to EUR 266,68 is relating to the delivery of our March Monthly Statement and not as erroneously indicated April Monthly Statement. | | | |

**Re:    Monthly statement of KLEYR GRASSO ASSOCIES, special counsel retained with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein, for the period July 1, 2010 through July 31, 2010 (the "Statement Period").**

In accordance with the Third Amended Interim Compensation Order by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), dated June 25, 2009, establishing procedures for monthly compensation and reimbursement of expenses for professionals (the "Interim Compensation Order") and the Order, dated May 26, 2009, appointing a fee committee and approving a fee application protocol (the "Fee Protocol Order"), KLEYR GRASSO ASSOCIES ("KGA"), appointed as special counsel to Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") by Order of the Bankruptcy Court, dated March 25, 2010, pursuant to Section 327(e) of the Bankruptcy Code authorizing the employment and retention of KLEYR GRASSO ASSOCIES, *nunc pro tunc* to June 1, 2009 [Docket No. 7825], hereby submits its monthly statement for the period July 1, 2010 through July 31, 2010 (the "July Statement").

In accordance with the Fee Committee's request all amounts herein are set out in US dollars and additionally in the conversion amount in euros, at the official exchange rate of the European Central Bank as of August 17, 2010.

**I.    Itemization of Services Rendered by KGA Personnel for the Statement Period.**

A.    The hours spent during the Statement Period for which KGA seeks compensation are set forth by the hourly billing rate for each lawyer, and the resulting fees are as follows:

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals in EUR | Fee Totals in USD |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | 3:20 | € 1,232.00 | $ 1,584.35 |
| Jérôme Burel, Associate | 2005 | € 235.- | 14:36 | € 3,431.00 | $ 4,412.27 |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | 41:24 | € 7,245.00 | $ 9,317.07 |
| Katia Bartholomé, Associate | 2009 | € 175.- | 1:30 | € 262.50 | $ 337.58 |
| **TIME CHARGES TOTAL:** | | | 60:42 | € 12,170.50 | $ 15,651.26 |

B.    The time records, in the form of formal invoices of KGA are attached hereto as Exhibit A (the "Invoices"). KGA has been retained as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions (the "Luxembourg Matters") which arise or may arise in relation to direct or indirect subsidiaries or affiliates of the Debtors that are Luxembourg entities (the "Luxembourg Entities"). The attached Invoices contain a breakdown of each task performed by KGA professionals associated with such services.

**II.    Itemization of Disbursements and Expenses Incurred and Reimbursement Sought for the Statement Period.**

KGA is seeking reimbursement for disbursements for the Statement Period in the amount of € 253.89 / $ 326.50.

KGA is seeking reimbursement for expenses for the Statement Period in the amount of € 50.80 / $ 65.33.

III.     **Total Fees, Disbursements and Expenses Sought for the Statement Period.**

A.      The total amount sought for fees for professional services rendered and reimbursement of disbursements and expenses incurred for the Statement Period is as follows:

Total Fees: € 12,170.50 / $ 15,651.26
Total Disbursements: € 253.89 / $ 326.50
Total Expenses: € 50.80 / $ 65.33

**TOTAL:** € 12,475.19/ $ 16,043.09

B.      Amount Payable after Holdback.

Pursuant to the Interim Compensation Order, the amount payable to KGA for the Statement Period, after adjusting for the twenty percent (20%) holdback, € 10,041.09/ $ 12,912.84

File    301057
11965

### LBHI - Luxembourg Trading Finance S.à r.l. & Subsidiaries
#### Detail of our fee note

from July 1, 2010
to July 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 24 | 94,00 | 120,88 |
| JG | Jacqueline GELESCHUS | 150 | 437,50 | 562,63 |
| RB | Rina BREININGER | 18 | 115,50 | 148,53 |
| | | 192 | 647,00 | 832,04 |

| File | 301057 | | LBHI - Luxembourg Trading Finance S.à r.l. & Subsidiaries | | | |
|------|--------|--|------------------------------------------------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | July 1, 2010 | | | |
| | | to | July 31, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 02/07/2010 | JG | Study of the file / e-mail received from Fauzan - re: articles of incorporation of Luxembourg Finance S.à r.l. to be submitted to citibank | 6 | 17,50 | 22,51 |
| 1900 | 02/07/2010 | JG | Review/Analysis of the articles of association of Luxembourg Finance Sàrl further to Fauzan's request | 12 | 35,00 | 45,01 |
| 1900 | 02/07/2010 | JG | Drawing e-mail to Fauzan to answer his question about the articles of association of Luxembourg Finance S.à r.l. | 6 | 17,50 | 22,51 |
| 1900 | 05/07/2010 | JEB | Study of the file : quick review of domiciliation agreement between GT Fiduciaires and Luxembourg Finance S.à r.l. further to Fauzan's request (A&M) in relation to the opening of an account with CitiBank | 12 | 47,00 | 60,44 |
| 1900 | 05/07/2010 | JG | Study of the file / e-mail received from Fauzan (A&M) - re: Lehman Lux Accounts - PND Restrictions - here: information about domiciliary agent of Luxembourg Finance S.à r.l. | 6 | 17,50 | 22,51 |
| 1900 | 05/07/2010 | JG | Review/Analysis of documents relating to Luxembourg Finance S.à r.l. in order to provide Fauzan with information about their domiciliary agent. | 12 | 35,00 | 45,01 |
| 1900 | 05/07/2010 | JG | Drawing e-mail to Fauzan (A&M) in order to inform him about domiciliary agent of Luxembourg Finance S.à r.l. and to forward to him a pdf copy of the relevant contract. | 12 | 35,00 | 45,01 |
| 1900 | 06/07/2010 | RB | Study of the file mail exchange with Interconsult regarding updated inventories of LUX Trading S.à r.l.and missing documents | 18 | 115,50 | 148,53 |
| 1900 | 13/07/2010 | JG | Review/Analysis of updated inventory list (respective to the documents received for Luxembourg Trading Finance S.à r.l.) | 72 | 210,00 | 270,06 |
| 1900 | 15/07/2010 | JEB | Tel. conversation with Mr. Decaen (Mazars) - re: audit of Luxembourg Trading Finance S.à r.l. and subsidiaries | 12 | 47,00 | 60,44 |
| 1900 | 26/07/2010 | JG | Study of the file several e-mails from Fauzan (A&M) with respect to an invoice received for Luxembourg Residential Properties Loan Finance S.à r.l. | 12 | 35,00 | 45,01 |
| 1900 | 26/07/2010 | JG | Drawing several e-mails to Fauzan to answer his question as regards the invoice for Luxembourg Residential Properties Loan Finance 2 S.à r.l. | 12 | 35,00 | 45,01 |
| | | | Total fee | | 647,00 | 832,04 |
| | | | TOTAL FEE NOTE | | 647,00 | 832,04 |

File    **301182**
11966

**LBHI - Promissory Notes/Securities**
Detail of our fee note

from July 1, 2010
to July 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 78 | 305,50 | 392,87 |
| JG | Jacqueline GELESCHUS | 66 | 192,50 | 247,56 |
| RB | Rina BREININGER | 30 | 192,50 | 247,56 |
| | | 174 | 690,50 | 887,98 |

| File | 301182 | | | LBHI - Promissory Notes/Securities | | | |
|---|---|---|---|---|---|---|---|
| | | | | Detail of our fee note | | | |
| | | from | July 1, 2010 | | | | |
| | | to | July 31, 2010 | | | | |
| | | | | Services provided | | | |
| Task Code | Date | Person | | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 05/07/2010 | JEB | | Study of the file :email of Christle Cleuet (Interconsult) -re: bank account statements with respect to Brasstown Entrada I SCA | 6 | 23,50 | 30,22 |
| 1900 | 06/07/2010 | JG | | Study of the file / e-mail received from Christle Cleuet (Interconsult) - re: bank statement for Brasstown Entrada I S.C.A. | 6 | 17,50 | 22,51 |
| 1900 | 06/07/2010 | JG | | Drawing e-mail to John Keen with respect to bank statement for Brasstown Entrada I S.C.A. | 6 | 17,50 | 22,51 |
| 1900 | 08/07/2010 | JEB | | Correspondence with Interconsult - re: contact person with respect to the Brasstown entities | 6 | 23,50 | 30,22 |
| 1900 | 15/07/2010 | JEB | | Study of the file : several emails of Ms Scarcelli and quick review of the enclosed bank statements relating to the Brasstown entities | 12 | 47,00 | 60,44 |
| 2600 | 15/07/2010 | JEB | | Study of the file : email of B. Drozda (WGM, US) - re: Advances to Luxembourg Subsidiaries and next steps | 6 | 23,50 | 30,22 |
| 1900 | 16/07/2010 | JG | | Study of the file / e-mails received from Angelina Scarelli (Interconsult) regarding a letter from LBHI to Brasstown Mansfield I SCA and Brasstown Entrada I SCA | 12 | 35,00 | 45,01 |
| 1900 | 16/07/2010 | JG | | Study of the file / letter from LBHI to Brasstown Mansfield I SCA and Brasstown Entrada I SCA in their capacity as creditors of LB UK RE Holdings Limited | 12 | 35,00 | 45,01 |
| 1900 | 16/07/2010 | JG | | Drawing e-mail to John Keen (A&M) with respect to both letters received for Brasstown Mansfield I SCA and Brasstown Entrada I SCA in their capacity as creditors of LB UK RE Holdings Limited | 12 | 35,00 | 45,01 |
| 1800 | 16/07/2010 | JG | | Study of the file / e-mails received from Angelina Scarelli (Interconsult) regarding an excerpt issued by Luxembourg Tax Administration and addressed to Brasstown Mansfield I SCA and Brasstown Entrada I SCA (tax liabilities) | 12 | 35,00 | 45,01 |
| 1800 | 16/07/2010 | JG | | Drawing e-mail to John Keen regarding excerpts related to tax liabilities of Brasstown Mansfield I SCA and Brasstown Entrada I SCA (forward and short explanation of document in French language). | 6 | 17,50 | 22,51 |
| 2600 | 19/07/2010 | JEB | | Study of the file : email of B. Drozda (WGM US) - re: granting of promissory notes over assets of LBS Holdings S:à r.l and LB LUX RE Holding S:à r.l. | 6 | 23,50 | 30,22 |
| 2600 | 19/07/2010 | JEB | | Correspondance with Brian Drozda - re: granting of promissory notes over assets of LBS Holdings S:à r.l and LB LUX RE Holding S:à r.l. | 6 | 23,50 | 30,22 |
| 2600 | 19/07/2010 | RB | | Study of the file : mail exchange with Brian Drozda regarding the further possible guarantees to be taken by LBHI | 18 | 115,50 | 148,53 |
| 2600 | 22/07/2010 | JEB | | Drawing explanations' email to Brian Drozda (WGM US) with respect to the situation of LBS Holdings S:à r.l.'s assets- re: granting of promissory notes over assets of LBS Holdings S:à r.l .and LB LUX RE Holding S:à r.l. | 24 | 94,00 | 120,88 |
| 2600 | 22/07/2010 | RB | | Study of the file and of the mail exchange with Cherryl Brandon | 12 | 77,00 | 99,02 |
| 1900 | 30/07/2010 | JEB | | Study of the file : emails of Ms Scarcelli and quick review of enclosed bank statements relating to Brasstown Mansfield I SCA and Brasstown Entrada I SCA | 12 | 47,00 | 60,44 |
| | | | | Total fee | | 690,50 | 887,98 |
| | | | | | | | |
| | | | | TOTAL FEE NOTE | | 690,50 | 887,98 |

File    301207
11967

**LBHI - General Queries 2010**
Detail of our fee note

from July 1, 2010
to July 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 30 | 117,50 | 151,11 |
| JG | Jacqueline GELESCHUS | 84 | 245,00 | 315,07 |
| | | 114 | 362,50 | 466,18 |

| File | 301207 | | LBHI - General Queries 2010 | | | |
|------|--------|--------|-----------------------------------------------------------------------------------|--------|--------|--------|
| | | | **Detail of our fee note** | | | |
| | | from | July 1, 2010 | | | |
| | | to | July 31, 2010 | | | |
| | | | **Services provided** | | | |
| **Task Code** | **Date** | **Person** | **Comment** | **Time (min.)** | **Amount (€)** | **Amount ($)** |
| 1900 | 07/07/2010 | JG | Study of the file / e-mail exchange- re: audited annual accounts Lehman Brothers Luxembourg Investments S.à r.l. 30/11/2007 | 6 | 17,50 | 22,51 |
| 1900 | 07/07/2010 | JG | Study of the file / e-mail Christie Cleuet - re: new contact person for Brasstown Entrada I S.C.A., Brasstwon Mansfield I S.C.A., Entrada II S.à r.l., Mansfield II S.à r.l. | 6 | 17,50 | 22,51 |
| 1900 | 13/07/2010 | JG | Review/Analysis of updated inventory list (respective to the documents received for Lehman Brothers Helsinki Holdings S.à r.l.) | 54 | 157,50 | 202,55 |
| 1900 | 13/07/2010 | JG | Drawing e-mail to Cécile Pringault (Interconsult) regarding the transmission of documents for Lehman Brothers Helsinki Holdings S.à r.l. and Luxembourg Trading Finance S.à r.l. and the respective inventory lists. | 12 | 35,00 | 45,01 |
| 1900 | 13/07/2010 | JG | Drawing letter to Cécile Pringault (Interconsult) to transmit the duly signed inventory lists with respect to documents received for Lehman Brothers Helsinki Holdings S.à r.l. and Luxembourg Trading Finance S.à r.l. | 6 | 17,50 | 22,51 |
| 2000 | 19/07/2010 | JEB | Study of the file : email of John Keen -re: outstanding invoices | 6 | 23,50 | 30,22 |
| 2000 | 20/07/2010 | JEB | Correspondance with John Keen -re: outstanding invoices - re: address issue | 12 | 47,00 | 60,44 |
| 2000 | 20/07/2010 | JEB | Correspondance with John Keen further to his request to get copies of the existing monthly statements | 12 | 47,00 | 60,44 |
| | | | **Total fee** | | 362,50 | 466,18 |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | 362,50 | 466,18 |

File    **301208**
    11969

**LBHI - Lehman Brothers Luxembourg Investments S.à r.l.**

Detail of our fee note

from July 1, 2010
to July 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|--------|------------------------|------|---------|-----------|
| JEB | Jérôme BUREL | 246 | 963,50 | 1 239,06 |
| JG | Jacqueline GELESCHUS | 216 | 630,00 | 810,18 |
| KB | Katia BARTHOLOME | 90 | 262,50 | 337,58 |
| RB | Rina BREININGER | 144 | 924,00 | 1 188,26 |
| | | 696 | 2 780,00 | 3 575,08 |

| File | 301208 | | LBHI - Lehman Brothers Luxembourg Investments S.à r.l. | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | July 1, 2010 | | | |
| | | to | July 31, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 01/07/2010 | RB | Study of the file mail of Fauzan regarding repayment of Korean loan (under Citi bank account) to LBLI S.à r.l. | 6 | 38,50 | 49,51 |
| 1900 | 02/07/2010 | RB | Study of the file mail exchange with Fauzan regarding approval of 2007 accounts | 18 | 115,60 | 148,53 |
| 1900 | 05/07/2010 | JEB | Study of the file : email of Fauzan - re: requested document/information in order to proceed with the filing of the 2007 annual accounts of Lehman Brothers Luxembourg Investments S.à r.l. | 6 | 23,50 | 30,22 |
| 1900 | 05/07/2010 | RB | Study of the file BoD approval of 2007 accounts and Schedules attached thereto | 24 | 154,00 | 198,04 |
| 1900 | 06/07/2010 | JEB | Drawing email to Fauzan requesting missing information/documents in order to be in a position to file the company's 2007 accounts | 12 | 47,00 | 60,44 |
| 1900 | 06/07/2010 | JEB | Study of the file : executed shareholder's resolution approving 2007 accounts received from Fauzan | 6 | 23,50 | 30,22 |
| 1900 | 06/07/2010 | JEB | Study of the file : further email of Fauzan - re: question with respect to the person authorized to sign the requested extract to be published in the Official Gazette with respect to the 2007 annual accounts | 6 | 23,50 | 30,22 |
| 1900 | 06/07/2010 | JEB | Study of the file : quick review of the executed board minutes setting up the 2007 accounts, especially the terms of the enclosed power of attorney | 6 | 23,50 | 30,22 |
| 1900 | 06/07/2010 | JEB | Correspondance with Fauzan addressing his query as regards authorized signatory for the extract to be published | 6 | 23,50 | 30,22 |
| 1900 | 06/07/2010 | RB | Review/Analysis of minutes of the EGM approving 2007 accounts | 12 | 77,00 | 99,02 |
| 1900 | 07/07/2010 | JEB | Study of the file : quick review of the original executed auditor's report with respect to the 2007 annual accounts | 12 | 47,00 | 60,44 |
| 1900 | 07/07/2010 | JEB | Correspondance with Fauzan - re: receipt of original required documents - re: filing process - re: 2007 annual accounts | 6 | 23,50 | 30,22 |
| 1900 | 07/07/2010 | KB | Meeting with the responsible of the Trade and Companies Register with respect to the filing of the 2007 annual accounts of the company | 90 | 262,50 | 337,58 |
| 1900 | 07/07/2010 | RB | Study of the file review of signed EY report annual accounts 2007 (LBLI) | 18 | 115,50 | 148,53 |
| 1900 | 07/07/2010 | RB | Study of the file mail exchange regarding filing of annual accounts LBLI 2007 | 24 | 154,00 | 198,04 |
| 1900 | 08/07/2010 | RB | Study of the file mail Fauzan to EY Lux regarding payment of invoice relating to 2007 auditor's report | 6 | 38,50 | 49,51 |
| 1900 | 15/07/2010 | JEB | Study of the file : email of Ms Ruiz (GT Fiduciaires) and quick review of enclosed documents addressed to Lehman Brothers Luxembourg Investments S.à r.l. | 12 | 47,00 | 60,44 |
| 1900 | 15/07/2010 | JG | Study of the file / e-mail from GT Fiduciaires SA and letter with respect to Second Mirror SA | 12 | 35,00 | 45,01 |
| 1900 | 15/07/2010 | JG | Study of the file / documents with respect to Lehman Brothers Luxembourg Investments S.à r.l. (LBLI) in order to verify the relationship of LBLI to a company named Second Mirror SA | 60 | 175,00 | 225,05 |
| 1900 | 15/07/2010 | JG | Review/Analysis of the publications relating to Second Mirror SA - re: distribution of liquidation surplus in favor of Lehman Brothers Luxembourg Investments Sàrl | 18 | 52,50 | 67,52 |
| 1900 | 16/07/2010 | JEB | Study of the file : review emails exchange with respect to Second Mirror Holding SA (liquidated) and liquidatio surplus in favor of LBLI | 12 | 47,00 | 60,44 |
| 1900 | 16/07/2010 | JEB | Drawing e-mail to John Keen regarding a letter from Montbrun Revision to Lehman Brothers Luxembourg Investments S.à r.l. with respect to the closing of the liquidation of Second Mirror S.à r.l. | 18 | 52,50 | 67,52 |
| 1900 | 19/07/2010 | JEB | Study of the file : email of John Keen and enclosed email trail from Alvarez&Marsal (Italy) - re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 12 | 47,00 | 60,44 |
| 1900 | 19/07/2010 | JEB | Correspondance with John - re: request for further document - re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 6 | 23,50 | 30,22 |
| 1900 | 19/07/2010 | JEB | Review/Analysis of satisfactory (to Italian notary) POA transmitted by John - re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 12 | 47,00 | 60,44 |
| 1900 | 19/07/2010 | JEB | Drawing draft notary certificate - re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 18 | 70,50 | 90,66 |
| 1900 | 19/07/2010 | JEB | Tel. conversation with public notary regarding the possibility to get a certificate in urgence and the apostillment thereof - re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 18 | 70,50 | 90,66 |
| 1900 | 19/07/2010 | JEB | Correspondance with John Keen - re: explanations as to the Luxembourg notary position and possibility to move around the poa issue - re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 12 | 47,00 | 60,44 |
| 1900 | 19/07/2010 | JEB | Correspondance with John Keen - re: explanations as to the Luxembourg notary position and possibility to move around the poa issue - re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 12 | 47,00 | 60,44 |
| 1900 | 19/07/2010 | JEB | Correspondance with Luxembourg public notary - ew: transmission of draft certificate and supplemental explanations - re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 12 | 47,00 | 60,44 |
| 1900 | 19/07/2010 | JEB | Study of the file : email of Mr. Adam (public notary offices) and quick review of enclosed executed certificate - re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 12 | 47,00 | 60,44 |
| 1900 | 19/07/2010 | JEB | Correspondance with John Keen - re: executed notary certificate- re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 6 | 23,50 | 30,22 |
| 1900 | 19/07/2010 | JG | Study of the file / e-mail Fauzan (A&M) regarding Lehman Brothers Luxembourg Investments Sàrl - Second Mirror Holding SA (liquidated) | 6 | 17,50 | 22,51 |
| 1900 | 19/07/2010 | JG | Drawing draft letter in French language to be sent by Lehman Brothers Luxembourg Investments S.à r.l. to the liquidator of Second Mirror Holding S.A. | 24 | 70,00 | 90,02 |
| 1900 | 19/07/2010 | JG | Drawing e-mail to Fauzan to answer his question with respect to the letter wich should be sent by Lehman Brothers Luxembourg Investments S.à r.l. to the liquidator of Second Mirror Holding S.A. | 6 | 17,50 | 22,51 |

| 1900 | 19/07/2010 | RB | Study of the file and of the mail from John Keen regarding the apostilled proxy for Bill Fox with respect to the sale of LBAM SGR (subsidiary of LBLI) | 18 | 115,50 | 148,53 |
|------|------------|-----|------|------|--------|--------|
| 1900 | 20/07/2010 | JEB | Meeting with Mr. Adam at the public notary's offices - re: urgent help requested with respect to POA to be delivered by LBLI in Italy - re: sale of LBAM Italy | 42 | 164,50 | 211,55 |
| 1900 | 22/07/2010 | JG | Study of the file / e-mail Fauzan (A&M) regarding Lehman Brothers Luxembourg Investments S.à r.l. - "boni de liquidation" of Second Mirror Holding SA | 6 | 17,50 | 22,51 |
| 1900 | 22/07/2010 | JG | Tel. conversation with Alessio Ginsburg (Montbrun Revision) -re: the liquidation of Second Mirror Holding SA and the "boni de liquidation" to be transferred to Lehman Brothers Luxembourg Investments S.à r.l. | 12 | 35,00 | 45,01 |
| 1900 | 22/07/2010 | JG | Drawing e-mail to Alessio Ginsburg (Montbrun Revision) -re: request for the report of liquidation with respect to Second Mirror Holding SA and  confirmation of the amount of "boni de liquidation" | 12 | 35,00 | 45,01 |
| 1900 | 23/07/2010 | JG | Study of the file / e-mail from Mr. Alessio Ginsburg (Montbrun Revision) - information about the liquidation of SECOND MIRROR HOLDING S.A. | 6 | 17,50 | 22,51 |
| 1900 | 23/07/2010 | JG | Study of the file / liquidation report of SECOND MIRROR HOLDING S.A. | 24 | 70,00 | 90,02 |
| 1900 | 23/07/2010 | JG | Drawing e-mail to Mr. Alessio Ginsburg as regards information provided with respect to the liquidation of SECOND MIRROR HOLDING SA | 6 | 17,50 | 22,51 |
| 1900 | 23/07/2010 | JG | Drawing e-mail to Fauzan to answer his question about "boni de liquidation" of Second Mirror Holding SA | 6 | 17,50 | 22,51 |
| 1900 | 23/07/2010 | RB | Study of the file :email exchange regarding the liquidation of LBLI subsidiary Second Mirror Holding S.A. | 18 | 115,50 | 148,53 |
| | | | **Total fee** | | **2 780,00** | **3 575,08** |
| | | | | | | |
| | | | **Paid expenses** | | | |
| | | | Printing and photocopying - 195 pages at 0,08€ / page | | 15,60 | 20,06 |
| | | | **Total paid expenses** | | **15,60** | **20,06** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice Trade and Companies Register - registration fees incurred with respect to the filing of the 2007 annual accounts of Lehman Brothers Luxembourg Investments S.à r.l. | | 66,50 | 85,52 |
| | | | Invoice Trade and Companies Register - excerpt relating Lehman Brothers Luxembourg Investments S.à r.l. required for the preparation of the notary certificate required with respect to the sale of LBAM Italy | | 11,99 | 15,42 |
| | | | Invoice of public notary Me Léonie Grethen -  notary certificate required with respect to the sale of LBAM Italy | | 48,00 | 61,73 |
| | | | Invoice TNT - express delivery charges relating to the delivery of the original notary certificate to Mrs. Fabri (Alvarez & Marsal) in Milan | | 38,20 | 49,13 |
| | | | **Total paid disbursements** | | **164,69** | **211,79** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **2 960,29** | **3 806,93** |

File    **301702**                          **LBHI - Special Counsel Procedure**
        11971                               Detail of our fee note

from July 1, 2010
to July 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JG | Jacqueline GELESCHUS | 150 | 437,50 | 562,63 |
| | | 150 | 437,50 | 562,63 |

| File | 301702 | | LBHI - Special Counsel Procedure | | | |
|------|--------|--------|--------|--------|--------|--------|
| | | | Detail of our fee note | | | |
| | | from | July 1, 2010 | | | |
| | | to | July 31, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4700 | 13/07/2010 | JG | Drawing first draft of of Supplemental Declaration of Maître Marc Kleyr on behalf of KLEYR GRASSO ASSOCIES with respect to the disclosure of KCKG's engagements in LB files which do not fall in the scope of LBHI Chapter 11 proceedings (English version).☐ | 120 | 350,00 | 450,10 |
| 4700 | 23/07/2010 | JG | Drawing amendments/update draft of supplemental declaration of Kleyr Grasso Associes to be submitted to Bankruptcy Court in relation with the "Trilantic Litigation" | 30 | 87,50 | 112,53 |
| | | | Total fee | | 437,50 | 562,63 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 437,50 | 562,63 |

File   **301778**            **LBHI - Preparation  Monthly Statements & Fee Applications**
       11972                         Detail of our fee note

          from July 1, 2010
          to July 31, 2010

                                      **Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 498 | 1 950,50 | 2 508,34 |
| JG | Jacqueline GELESCHUS | 1818 | 5 302,50 | 6 819,02 |
| | | 2316 | 7 253,00 | 9 327,36 |

| File | 301778 | | LBHI - Preparation Monthly Statements & Fee Applications | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | from | July 1, 2010 | | | | |
| | to | July 31, 2010 | | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 08/07/2010 | JEB | Study of the file : email of Fee Committee and subsequent emails of Well and Milbank - re: Lehman Bros. Fee Committee Note from Ken Feinberg | 12 | 47,00 | 60,44 |
| 4600 | 09/07/2010 | JG | Drawing first draft of statement of KLEYR GRASSO ASSOCIES with respect to the Fee Committee Report pertaining to the Fourth Interim Fee Applications of All Retained Professionals | 300 | 875,00 | 1 125,25 |
| 4600 | 12/07/2010 | JEB | Internal meeting between / with Jacqueline - re: preparation and filing date of next interim fee application | 12 | 47,00 | 60,44 |
| 4600 | 13/07/2010 | JG | Review/Analysis of the monthly statements (invoices) relating to the Fifth Interim Fee Application Period in order to prepare KCKG's next Interim Fee Application. | 102 | 297,50 | 382,59 |
| 4600 | 13/07/2010 | JG | Review/Analysis of Third Interim Fee Applications of other Retained Professionals (Study of examples in order to prepare KCKG's Second Interim Fee Application). | 156 | 455,00 | 585,13 |
| 4600 | 14/07/2010 | JG | Drawing first draft of KCKG's Second Interim Fee Application (start) | 276 | 805,00 | 1 035,23 |
| 4600 | 19/07/2010 | JEB | Study of the file : email of Garrett Avery Fail (WGM US) - re: chambers conference with the Court | 6 | 23,50 | 30,22 |
| 4600 | 20/07/2010 | JEB | Correspondance with Garrett Avery Fail (WGM US) - re: chambers conference with the Court | 6 | 23,50 | 30,22 |
| 4600 | 21/07/2010 | JEB | Study of the file : email of K. Feinberg (Fee Committee) and quick review of enclosed Draft Final Report to the Court -Fourth Interim | 30 | 117,50 | 151,11 |
| 4600 | 27/07/2010 | JEB | Study of the file : email of Ken Feinberg (Fee Committee) and quick review of enclosed 4th Interim Billing Summary Report | 30 | 117,50 | 151,11 |
| 4600 | 27/07/2010 | JEB | Préparation of June monthly statement in accordance with special counsel procedure and fee committee guidelines | 330 | 1 292,50 | 1 662,16 |
| 4600 | 27/07/2010 | JG | Study of the file / e-mail received from Mary Anna Tabol on behalf of Ken Feinberg regarding the 4th Interim Billing Summary Report□ | 6 | 17,50 | 22,51 |
| 4600 | 27/07/2010 | JG | Study of the file / Final Summary Sheet of the Fee Committee with respect to the Review of Fourth Interim Fee Applications (September 1, 2009 through January 31, 2010) | 42 | 122,50 | 157,54 |
| 4600 | 27/07/2010 | JG | Drawing of the cover sheet for the monthly statement relating to the period June 1, 2010 through June 30, 2010 (the "June Monthly Statement") | 36 | 105,00 | 135,03 |
| 4600 | 28/07/2010 | JEB | finalizing June monthly statement (including USD converted amounts as of 28 July for all the invoices contained therein) | 72 | 262,00 | 362,65 |
| 4600 | 29/07/2010 | JG | Drawing amendments/update to draft Statement of Kleyr Grasso Associes, Special Counsel to the Debtors, with respect to the Fee Committee Report Pertaining to the Fourth Interim Fee Applications of All Retained Professionals | 180 | 525,00 | 675,15 |
| 4600 | 29/07/2010 | JG | Drawing draft Second Interim Application of Kleyr Grasso Associes, Special Counsel to the Debtors and Debtors In Possession, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period fromFebruary 1, 2010 through May 31, 2010 | 360 | 1 050,00 | 1 350,30 |
| 4600 | 30/07/2010 | JG | Drawing amendments/update to draft Statement of Kleyr Grasso Associes, Special Counsel to the Debtors, with respect to the Fee Committee Report Pertaining to the Fourth Interim Fee Applications of All Retained Professionals | 180 | 525,00 | 675,15 |
| 4600 | 30/07/2010 | JG | Drawing amendments/update to draft Second Interim Application of Kleyr Grasso Associes, Special Counsel to the Debtors and Debtors in Possession, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period fromFebruary 1, 2010 | 180 | 525,00 | 675,15 |
| | | | Total fee | | 7 253,00 | 9 327,36 |
| | | | | | | |
| | | | Paid expenses | | | |
| | | | Printing and photocopying - 440 pages at 0,08€ / page | | 35,20 | 45,27 |
| | | | Total paid expenses | | 35,20 | 45,27 |
| | | | | | | |
| | | | Paid disbursements | | | |
| | | | Invoice TNT - express delivery charges relating to the delivery of hard copies of our (i) February Monthly Statement, (ii) March Monthly Statement, (iii) April Monthly Statement and (iv) May Monthly Statement to John Suckow in New-York, further to the request of John Keen (Alvarez & Marsal) | | 89,20 | 114,71 |
| | | | Total paid disbursements | | 89,20 | 114,71 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 7 377,40 | 9 487,34 |

**Re:** **Monthly statement of KLEYR GRASSO ASSOCIES, special counsel retained with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein, for the period August 1, 2010 through August 31, 2010 (the "Statement Period").**

In accordance with the Third Amended Interim Compensation Order by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), dated June 25, 2009, establishing procedures for monthly compensation and reimbursement of expenses for professionals (the "Interim Compensation Order") and the Order, dated May 26, 2009, appointing a fee committee and approving a fee application protocol (the "Fee Protocol Order"), KLEYR GRASSO ASSOCIES ("KGA"), appointed as special counsel to Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") by Order of the Bankruptcy Court, dated March 25, 2010, pursuant to Section 327(e) of the Bankruptcy Code authorizing the employment and retention of KLEYR GRASSO ASSOCIES, *nunc pro tunc* to June 1, 2009 [Docket No. 7825], hereby submits its monthly statement for the period August 1, 2010 through August 31, 2010 (the "August Statement").

In accordance with the Fee Committee's request all amounts herein are set out in US dollars and additionally in the conversion amount in euros, at the official exchange rate of the European Central Bank as of September 28, 2010.

## I.      Itemization of Services Rendered by KGA Personnel for the Statement Period.

A.      The hours spent during the Statement Period for which KGA seeks compensation are set forth by the hourly billing rate for each lawyer, and the resulting fees are as follows:

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals in EUR | Fee Totals in USD |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | 4:42 | € 1,809.50 | $ 2,435.59 |
| Jérôme Burel, Associate | 2005 | € 235.- | 22:54 | € 5,381.50 | $ 7,243.50 |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | 4:12 | € 735.00 | $ 989.31 |
| Katia Bartholomé, Associate | 2009 | € 175.- | 0:18 | € 52.50 | $ 70.67 |
| **TIME CHARGES TOTAL:** | | | 32:06 | € 7,978.50 | $ 10,739.06 |

B.      The time records, in the form of formal invoices of KGA are attached hereto as Exhibit A (the "Invoices"). KGA has been retained as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions (the "Luxembourg Matters") which arise or may arise in relation to direct or indirect subsidiaries or affiliates of the Debtors that are Luxembourg entities (the "Luxembourg Entities"). The attached Invoices contain a breakdown of each task performed by KGA professionals associated with such services.

## II.      Itemization of Disbursements and Expenses Incurred and Reimbursement Sought for the Statement Period.

KGA is seeking reimbursement for disbursements for the Statement Period in the amount of € 569.01 / $ 765.89.

KGA is not seeking reimbursement for expenses for the Statement Period.

III.    **Total Fees, Disbursements and Expenses Sought for the Statement Period.**

A.    The total amount sought for fees for professional services rendered and reimbursement of disbursements and expenses incurred for the Statement Period is as follows:

Total Fees: € 7,978.50 / $ 10,739.06
Total Disbursements: € 569.01 / $ 765.89

**TOTAL: € 8,547.51/ $ 11,504.95**

B.    Amount Payable after Holdback.

Pursuant to the Interim Compensation Order, the amount payable to KGA for the Statement Period, after adjusting for the twenty percent (20%) holdback, € 6,951.81 / $ 9,357.14

File    301182
12123

**LBHI - Promissory Notes/Securities**

Detail of our fee note

from August 1, 2010
to August 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|--------|---|---|---|---|
| JEB | Jérôme BUREL | 96 | 376,00 | 506,10 |
| JG | Jacqueline GELESCHUS | 96 | 280,00 | 376,88 |
| RB | Rina BREININGER | 30 | 192,50 | 259,11 |
| | | 222 | 848,50 | 1 142,08 |

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|------|--------|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | from | August 1, 2010 | | | | |
| | to | August 31, 2010 | | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 02/08/2010 | JG | Study of the file / e-mail received from Angelina Scarcelli (Interconsult) regarding bank statements for Brasstown Entrada I SCA | 6 | 17,50 | 23,56 |
| 1900 | 02/08/2010 | JG | working in relation to update data base with respect to bank statements revceived for KBL accounts of Brasstown Entrada I SCA | 6 | 17,50 | 23,56 |
| 1900 | 02/08/2010 | JG | Drawing e-mail to John Keen to forward to him the bank statements with respect to the bank accounts of Brasstown Entrada I S.C.A. with KBL European Private Bankers | 6 | 17,50 | 23,56 |
| 1900 | 02/08/2010 | JG | Study of the file / e-mail received from Angelina Scarcelli (Interconsult) regarding latest statement of account relating to the bank account of Brasstown Mansfield I SCA with BGL BNP Paribas | 6 | 17,50 | 23,56 |
| 1900 | 02/08/2010 | JG | working in relation to update data base; re: statement of account relating to the bank account of Brasstown Mansfield I SCA with BGL BNP Paribas | 6 | 17,50 | 23,56 |
| 1900 | 02/08/2010 | JG | Drawing e-mail to John Keen to forward to him the bank statement relating to the bank account of Brasstown Mansfield I SCA with BGL BNP Paribas | 6 | 17,50 | 23,56 |
| 1900 | 03/08/2010 | RB | Study of the file mail exchange with John (bank statements of Brasstown entities) | 12 | 77,00 | 103,64 |
| 1900 | 04/08/2010 | JEB | Study of the file : email of Emily Critchett (Lehman) re queries as to: bank information in relation to the Brasstown entities | 6 | 23,50 | 31,63 |
| 1900 | 05/08/2010 | JEB | Study of the file : email of Fauzan (A&M) requesting some further bank statements with respect to the Brasstown entities | 6 | 23,50 | 31,63 |
| 1900 | 05/08/2010 | JG | Study of the file email Emily Critchett/ re: bank accounts and bank statements relating to Brasstown Mansfield I SCA, Brasstown Entrada I SCA, Mansfield II Sàrl and Entrada II Sàrl | 6 | 17,50 | 23,56 |
| 1900 | 05/08/2010 | JG | working in relation to verification of information in our files with respect to the bank accounts of Brasstown Mansfield I SCA, Brasstown Entrada I SCA, Mansfield II Sàrl and Entrada II Sàrl in order to answer an e-mail of Emily Critchett | 30 | 87,50 | 117,78 |
| 1900 | 05/08/2010 | JG | Drawing e-mail to Emily Critchett to answer her question about Luxembourg bank accounts of Brasstown Mansfield I SCA, Brasstown Entrada I SCA, Mansfield II Sàrl and Entrada II Sàrl in order to answer an e-mail of Emily Critchett and to forward to her the respecti | 6 | 17,50 | 23,56 |
| 1900 | 06/08/2010 | JG | Study of the file / e-mail received from Fauzan - request to provide him with bank statements for the period 2006-2008 with respect to the bank accounts of Brasstown Mansfield I SCA and Brasstown Entrada I SCA | 6 | 17,50 | 23,56 |
| 1900 | 06/08/2010 | JG | Drawing e-mail too Fauzan in relation with bank statements for the period 2006-2008 with respect to the bank accounts of Brasstown Mansfield I SCA and Brasstown Entrada I SCA | 12 | 35,00 | 47,11 |
| 1900 | 09/08/2010 | RB | Study of the file e-mail exchange with Fauzan regarding Brasstown entities bank accounts staements for the years 2006-2008 and statements attached thereto | 18 | 115,50 | 155,46 |
| 1900 | 27/08/2010 | JEB | signatory powers and current managers of LBS Holdings S.à r.l. further to Abeer's urgent request -re: tolling and forbearance  agreement | 18 | 70,50 | 94,89 |
| 1900 | 30/08/2010 | JEB | Drawing first draft board circular resolutions for LBS Holdings S.à r.l. -re: tolling agreement to be signed with LBHI | 42 | 164,50 | 221,42 |
| 1900 | 31/08/2010 | JEB | Drawing /updating draft board resolution for LBS Holdings S.à r.l. further to the second tolling agreement to be executed | 24 | 94,00 | 126,52 |
| | | | Total fee | | 848,50 | 1 142,08 |
| | | | | | | |
| | | | Paid disbursements | | | |
| | | | Invoice Trade and Companies Register - excerpt relating to LBS Holdings S.à r.l. required in relation to the tolling and forbearance agreements to be signed by said company | | 11,99 | 16,14 |
| | | | Total paid disbursements | | 11,99 | 16,14 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 860,49 | 1 158,22 |

File   **301207**
       **12124**

**LBHI - General Queries 2010**

Detail of our fee note

from August 1, 2010
to August 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 318 | 1 245,50 | 1 676,44 |
| KB | Katia BARTHOLOME | 18 | 52,50 | 70,67 |
| RB | Rina BREININGER | 180 | 1 155,00 | 1 554,63 |
| | | 516 | 2 453,00 | 3 301,74 |

| File | 301207 | | LBHI - General Queries 2010 | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | August 1, 2010 | | | |
| | | to | August 31, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 17/08/2010 | JEB | Correspondance with John Keen - re: payment of outstanding invoices | 6 | 23,50 | 31,63 |
| 1900 | 17/08/2010 | JEB | Study of the file : email of Juliette Beicht (GT Fiduciaires) - re: outstanding invoices | 6 | 23,50 | 31,63 |
| 4600 | 25/08/2010 | JEB | Study of the file : email of John Keen -re: outstanding invoices/payments | 6 | 23,50 | 31,63 |
| 4600 | 25/08/2010 | JEB | Correspondance with John Keen -re: outstanding invoices/payments | 6 | 23,50 | 31,63 |
| 4600 | 26/08/2010 | JEB | Tel. conversation with John Keen -re: outstanding payments - request for credit notes | 18 | 70,50 | 94,89 |
| 4600 | 26/08/2010 | RB | Tel. conversation with John Keen and Jérôme -re: outstanding payments - request for credit notes | 18 | 115,50 | 155,46 |
| 4600 | 27/08/2010 | JEB | Review/Analysis of draft credit notes prepared by the accounting department | 18 | 70,50 | 94,89 |
| 1900 | 27/08/2010 | JEB | Study of the file : email of Abeer Garousha (Weil London)  and quick review of enclosed draft tolling and forbearance agreement -re: urgent request | 42 | 164,50 | 221,42 |
| 1900 | 27/08/2010 | JEB | Review/Analysis of signatory powers and current managers of Lehman Brothers Helsinki Holdings S.à r.l. further to Abeer's urgent request -re: tolling and forbearance  agreement | 18 | 70,50 | 94,89 |
| 1900 | 28/08/2010 | JEB | Correspondance with Abeer Garousha -re:  urgent request -re: tolling and forbearance agreement | 18 | 70,50 | 94,89 |
| 1900 | 28/08/2010 | JEB | Study of the file : email of Abeer and Eoghan (Weil) - re: urgent request -re: tolling and forbearance agreement | 18 | 70,50 | 94,89 |
| 1900 | 28/08/2010 | JEB | Correspondance with Eoghan -re: urgent request - re: tolling and forbearance  agreements | 6 | 23,50 | 31,63 |
| 1900 | 28/08/2010 | RB | Study of the file mail exchange with Abeer (regarding execution blocks and US tolling agreement to be signed by relevant Lux entities) | 48 | 308,00 | 414,57 |
| 1900 | 30/08/2010 | JEB | Drawing explanations's email to Abeer and Eoghan with enclosed documentation in relation to the execution by the Luxemburg companies of the tolling agreement with LBHI | 42 | 164,50 | 221,42 |
| 1900 | 30/08/2010 | RB | Study of the file review of the draft Tolling and Forbearance Agreement | 72 | 462,00 | 621,85 |
| 1900 | 31/08/2010 | JEB | Study of the file : email of Abeer Garousha and quick review of enclosed tolling agreement - re: new tolling agreement with LBI | 24 | 94,00 | 126,52 |
| 1900 | 31/08/2010 | JEB | Correspondance with John Keen - re: query as to the effective dates of credit notes to be issued | 6 | 23,50 | 31,63 |
| 1900 | 31/08/2010 | JEB | Study of the file : email of John - re: query as to the effective dates of credit notes to be issued | 6 | 23,50 | 31,63 |
| 1900 | 31/08/2010 | JEB | Drawing long explanations' email to John Keen, with supporting documents - re: outstanding and restated invoices and credit notes | 48 | 188,00 | 253,05 |
| 1900 | 31/08/2010 | JEB | Drawing explanations' email to Abeer including updated documentation -re: draft resolutions to be executed in relation to both tollig agreements to be signed by several Luxembourg entities | 30 | 117,50 | 158,16 |
| 1900 | 31/08/2010 | KB | Drawing /updating draft minutes of the board of managers of Lehman Brothers Helsinki Holding in relation to the 2nd tolling agreement | 18 | 52,50 | 70,67 |
| 1900 | 31/08/2010 | RB | Study of the file mail of WGM US (1stUS Toll Agrement) | 6 | 38,50 | 51,82 |
| 1900 | 31/08/2010 | RB | Study of the file summary review of 2nd US Tolling Agreement | 12 | 77,00 | 103,64 |
| 1900 | 31/08/2010 | RB | Study of the file mail exchange with Abeer (regarding 2nd US Tolling Agreement) | 12 | 77,00 | 103,64 |
| 1900 | 31/08/2010 | RB | Study of the file mail exchange with John Keen (open invoices) | 12 | 77,00 | 103,64 |
| | | | Total fee | | 2 453,00 | 3 301,74 |
| | | | | | | |
| | | | Paid disbursements | | | |
| | | | Invoice Trade and Companies Register - excerpt relating to Lehman Brothers Helsinki Holdings S.à r.l. required in relation to the tolling and forbearance agreements to be signed by said company | | 11,99 | 16,14 |
| | | | Total paid disbursements | | 11,99 | 16,14 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 2 464,99 | 3 317,88 |

File    **301702**
        12121

from August 1, 2010
to August 31, 2010

**LBHI - Special Counsel Procedure**
Detail of our fee note

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 84 | 329,00 | 442,83 |
| | | 84 | 329,00 | 442,83 |

| File | 301702 | | LBHI - Special Counsel Procedure | | | |
|------|--------|---------|--------------------------------------------------------------------------------------------------------------------|--------|----------|----------|
| | | | Detail of our fee note | | | |
| | | from | August 1, 2010 | | | |
| | | to | August 31, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 02/08/2010 | JEB | Study of the file : email of Fall Garret -re: Chambers Conference | 6 | 23,50 | 31,63 |
| 4600 | 03/08/2010 | JEB | Study of the file : email of Fall Garret -re: Chambers conference and appearance therein | 12 | 47,00 | 63,26 |
| 4600 | 18/08/2010 | JEB | Study of the file : email of O'Donnell, Dennis C. -re: Fee Committee Motion Issues List and Process | 12 | 47,00 | 63,26 |
| 4600 | 24/08/2010 | JEB | Study of the file : email of Candace Arthur and quick review of enclosed draft Order Granting Applications for the 4th Interim Fee Period | 42 | 164,50 | 221,42 |
| 4600 | 25/08/2010 | JEB | Study of the file : email of Fall Garret and quick review of enclosed revised draft order | 12 | 47,00 | 63,26 |
| | | | Total fee | | 329,00 | 442,83 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 329,00 | 442,83 |

File    **301778**        **LBHI - Preparation  Monthly Statements & Fee Applications**
        **12122**                                **Detail of our fee note**

from August 1, 2010
to August 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 876 | 3 431,00 | 4 618,13 |
| JG | Jacqueline GELESCHUS | 156 | 455,00 | 612,43 |
| RB | Rina BREININGER | 72 | 462,00 | 621,85 |
| | | 1104 | 4 348,00 | 5 852,41 |

| File | 301778 | | LBHI - Preparation  Monthly Statements & Fee Applications | | | |
|------|--------|--|-------------------------------------------------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | August 1, 2010 | | | |
| | | to | August 31, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 03/08/2010 | JG | Drawing amendments/update to draft Second Interim Fee Application of Kleyr Grasso Associes | 156 | 455,00 | 612,43 |
| 4600 | 05/08/2010 | JEB | Review/Analysis of draft second interim fee application of Kleyr Grasso | 180 | 705,00 | 948,93 |
| 4600 | 05/08/2010 | JEB | Drawing revised draft second interim fee apllication of Kleyr Grasso | 150 | 587,50 | 790,78 |
| 4600 | 05/08/2010 | JEB | Correspondance with Candace Arthur regarding fifth interim application (second one for Kleyr Grasso) | 6 | 23,50 | 31,63 |
| 4600 | 09/08/2010 | JEB | Study of the file : emails of Candace Arthur : re: fifth interim apllication | 12 | 47,00 | 63,26 |
| 4600 | 12/08/2010 | JEB | Drawing / updating draft second interim fee application | 90 | 352,50 | 474,47 |
| 4600 | 13/08/2010 | JEB | Correspondance with Candace Arthur (WGM US) -re: fifth interim fee application | 12 | 47,00 | 63,26 |
| 4600 | 13/08/2010 | RB | Study of the file draft 2nd Interim Fee Apllication | 48 | 308,00 | 414,57 |
| 4600 | 16/08/2010 | JEB | Correspondance with Candace Arthur -re: inquiries regarding fifth interim fee application | 6 | 23,50 | 31,63 |
| 4600 | 16/08/2010 | JEB | Tel. conversation with Candace Arthur -re: inquiries regarding fifth interim fee application | 18 | 70,50 | 94,89 |
| 4600 | 16/08/2010 | JEB | Drawing /updating and finalizing draft interim fee application pursuant to call with Candace | 90 | 352,50 | 474,47 |
| 4600 | 16/08/2010 | JEB | Correspondance with Candace - re: finalized and executed interim fee application | 12 | 47,00 | 63,26 |
| 4600 | 17/08/2010 | JEB | Préparation of July monthly statement in accordance with special counsel procedure and fee committee guidelines (including cover sheet, detailled invoices, USD converted amounts,...) | 300 | 1 175,00 | 1 581,55 |
| 4600 | 17/08/2010 | RB | Study of the file mail exchange in relation with and monthly statement | 24 | 154,00 | 207,28 |
| | | | Total fee | | 4 348,00 | 5 852,41 |
| | | | | | | |
| | | | Paid disbursements | | | |
| | | | Invoice TNT - express delivery charges relating to the delivery of June Monthly Statement to all the Notice Parties in accordance with the Third Amended Interim Compensation Order | | 272,30 | 366,52 |
| | | | Invoice TNT - express delivery charges relating to the delivery of July Monthly Statement to all the Notice Parties in accordance with the Third Amended Interim Compensation Order | | 272,73 | 367,09 |
| | | | Total paid disbursements | | 545,03 | 733,61 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 4 893,03 | 6 586,02 |

**Re:    Monthly statement of KLEYR GRASSO ASSOCIES, special counsel retained with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein, for the period September 1, 2010 through September 30, 2010 (the "Statement Period").**

In accordance with the Third Amended Interim Compensation Order by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), dated June 25, 2009, establishing procedures for monthly compensation and reimbursement of expenses for professionals (the "Interim Compensation Order") and the Order, dated May 26, 2009, appointing a fee committee and approving a fee application protocol (the "Fee Protocol Order"), KLEYR GRASSO ASSOCIES ("KGA"), appointed as special counsel to Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") by Order of the Bankruptcy Court, dated March 25, 2010, pursuant to Section 327(e) of the Bankruptcy Code authorizing the employment and retention of KLEYR GRASSO ASSOCIES, *nunc pro tunc* to June 1, 2009 [Docket No. 7825], hereby submits its monthly statement for the period September 1, 2010 through September 30, 2010 (the "September Statement").

In accordance with the Fee Committee's request all amounts herein are set out in US dollars and additionally in the conversion amount in euros, at the official exchange rate of the European Central Bank as of October 20, 2010.

**I.    Itemization of Services Rendered by KGA Personnel for the Statement Period.**

A.    The hours spent during the Statement Period for which KGA seeks compensation are set forth by the hourly billing rate for each lawyer, and the resulting fees are as follows:

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals in EUR | Fee Totals in USD |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | 4:00 | € 1,540.00 | $ 2,134.59 |
| Jérôme Burel, Associate | 2005 | € 235.- | 14:48 | € 3,478.00 | $ 4,820.86 |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | 4:36 | € 805.00 | $ 1,115.81 |
| Katia Bartholomé, Associate | 2009 | € 175.- | 2:00 | € 350.00 | $ 485.14 |
| **TIME CHARGES TOTAL:** | | | 25:24 | € 6,173.00 | $ 8,556.40 |

B.    The time records, in the form of formal invoices of KGA are attached hereto as Exhibit A (the "Invoices"). KGA has been retained as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions (the "Luxembourg Matters") which arise or may arise in relation to direct or indirect subsidiaries or affiliates of the Debtors that are Luxembourg entities (the "Luxembourg Entities"). The attached Invoices contain a breakdown of each task performed by KGA professionals associated with such services.

**II.    Itemization of Disbursements and Expenses Incurred and Reimbursement Sought for the Statement Period.**

KGA is seeking reimbursement for disbursements for the Statement Period in the amount of € 11.99 / $ 16.62.

KGA is not seeking reimbursement for expenses for the Statement Period.

III.    **Total Fees, Disbursements and Expenses Sought for the Statement Period.**

A.    The total amount sought for fees for professional services rendered and reimbursement of disbursements and expenses incurred for the Statement Period is as follows:

Total Fees: € 6,173.00 / $ 8,556.40
Total Disbursements: € 11.99 / $ 16.62

**TOTAL:** € 6,184.99 / $ 8,573.01

B.    Amount Payable after Holdback.

Pursuant to the Interim Compensation Order, the amount payable to KGA for the Statement Period, after adjusting for the twenty percent (20%) holdback, € 4,950.39 / $ 6,861.74

File    **301207**
    12269

**LBHI - General Queries 2010**
Detail of our fee note

from September 1, 2010
to September 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 636 | 2 491,00 | 3 452,78 |
| JG | Jacqueline GELESCHUS | 36 | 105,00 | 145,54 |
| KB | Katia BARTHOLOME | 90 | 262,50 | 363,85 |
| RB | Rina BREININGER | 240 | 1 540,00 | 2 134,59 |
| | | 1002 | 4 398,50 | 6 096,76 |

1/2

| File | 301207 | | LBHI - General Queries 2010 | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | from | September 1, 2010 | | | | |
| | to | September 30, 2010 | | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 01/09/2010 | JEB | Study of the file : email of Abeer Garousha - re: draft resolutions to be signed with respect to tolling and forbearance agreement - re: additional query to US lawyers | 6 | 23,50 | 32,57 |
| 1900 | 01/09/2010 | JEB | Correspondence with John Keen - re: discrepancies in excel document with respect to debtor/non debtor splitting transmitted by him | 18 | 70,50 | 97,72 |
| 1900 | 01/09/2010 | RB | Study of the file mail of Abeer (regarding ref LBHI entities in US Tolling agrements) | 6 | 38,50 | 53,36 |
| 1900 | 02/09/2010 | JEB | Study of the file : email of Eoghan - re: request to amend draft resolutions in relation to tolling agreement with LBI | 6 | 23,50 | 32,57 |
| 1900 | 02/09/2010 | JEB | Correspondence with Eoghan - re: request to amend draft resolutions in relation to tolling agreement with LBI | 6 | 23,50 | 32,57 |
| 1900 | 02/09/2010 | JG | Study of the file / e-mail Eoghan Keenan/ re: Lehman Tolling Agreement - Request Relating to Execution Blocks (here request to modify set of resolutions) | 6 | 17,50 | 24,26 |
| 1900 | 02/09/2010 | KB | Review/Analysis of the circular resolution of LBS Holdings (tolling agreement) in relation to the e-mail of Jeenan Eoghan | 6 | 17,50 | 24,26 |
| 1900 | 03/09/2010 | JEB | Study of the file : email of Abeer Garousha -re: additional queries with respect to the execution of the resolutions in relation to the tolling and forbearance agreements | 6 | 23,50 | 32,57 |
| 1900 | 06/09/2010 | JEB | Study of the file : quick review of issued monthly statements and outstanding invoices in view of further tel. call with John Keen | 18 | 70,50 | 97,72 |
| 1900 | 06/09/2010 | JEB | Correspondence with Abeer Garousha and Eoghan Keenan (WGM US) -re: tolling agreement - re: explanations regarding the legal way to proceed with respect to the board meetings to be held at the level of Luxcos | 18 | 70,50 | 97,72 |
| 1900 | 06/09/2010 | JEB | Tel. conversation with John Keen and Rina - re: monthly statements and outstanding invoices | 18 | 70,50 | 97,72 |
| 1900 | 06/09/2010 | KB | Drawing proxy for Ehrmann in relation to circular resolution of Lehman Brothers Helsinki Holdings-tolling agreement | 18 | 52,50 | 72,77 |
| 1900 | 06/09/2010 | KB | Drawing proxy for Fox in relation to circular resolution of Lehman Brothers Helsinki Holdings-tolling agreement | 18 | 52,50 | 72,77 |
| 1900 | 06/09/2010 | RB | Tel. conversation with John Keen and Jérôme (open invoices in LBHI files) | 18 | 115,50 | 160,09 |
| 1900 | 06/09/2010 | RB | Study of the file mail exchange with Abeer and Eoghan regarding US Tolling Agrements to be signed by Lux entities and Lux steps required | 24 | 154,00 | 213,46 |
| 1900 | 07/09/2010 | JEB | Study of the file : email of Abeer Garousha -re: board meetings of Lux. companies - re: tolling agreements | 6 | 23,50 | 32,57 |
| 1900 | 07/09/2010 | JEB | Tel. conversation with Abeer Garousha -re: board meetings of Lux. companies - re: tolling agreements | 12 | 47,00 | 65,15 |
| 1900 | 08/09/2010 | JEB | Study of the file : emails of Abeer Garousha and enclosed emails of Tracy Bookspan and Robert Messineo (Weil US) - re: tolling agreements- re: board meeting -re: resident managers' issue | 18 | 70,50 | 97,72 |
| 1900 | 08/09/2010 | JEB | Correspondance with Abeer addressing her queries - re: tolling agreements- re: board meeting - re: resident managers' issue | 12 | 47,00 | 65,15 |
| 1900 | 08/09/2010 | JEB | Study of the file : further email fo Abeer - re: tolling agreements- re: board meeting -re: resident managers' issue | 6 | 23,50 | 32,57 |
| 1900 | 09/09/2010 | JEB | Study of the file : email of Antoine Cluzel (Weil US) and quick review of enclosed document - re: signature pages regarding tolling agreements | 12 | 47,00 | 65,15 |
| 1900 | 09/09/2010 | JEB | Study of the file : email of Abeer Garousha (Weil London) and enclosed email of Tracy Bookspan (Weil US) regarding Lehman Brothers (Luxembourg) Equity Finance S.A. -re: tolling agreements | 12 | 47,00 | 65,15 |
| 1900 | 09/09/2010 | JEB | Correspondence with Abeer Garousha (Weil London) addressing her queries regarding Lehman Brothers (Luxembourg) Equity Finance S.A. -re: tolling agreements | 12 | 47,00 | 65,15 |
| 1900 | 09/09/2010 | JEB | Drawing /finalizing draft signature pages requested by Antoine Cluzel (Weil UK) for tolling agreements | 12 | 47,00 | 65,15 |
| 1900 | 09/09/2010 | JEB | Study of the file : email of Abeer -re: resident manager -re: timing and execution of board resolution -re: corporate services provider in Luxembourg | 6 | 23,50 | 32,57 |
| 1900 | 09/09/2010 | JEB | Drawing email to Abeer addressing her queries -re: resident manager -re: timing and execution of board resolution -re: corporate services provider in Luxembourg | 12 | 47,00 | 65,15 |
| 1900 | 09/09/2010 | JEB | Study of the file : further emails of Abeer and John Keen regarding the holding of board meetings for Lux. companies in Luxembourg | 12 | 47,00 | 65,15 |
| 1900 | 09/09/2010 | JEB | Drawing first draft internal regulation to be adopted by Lehman Brothers Helsinki Holdings S.à r.l. in order to facilitate the board meetings | 90 | 352,50 | 488,60 |
| 1900 | 09/09/2010 | JEB | Drawing /updating draft proxy to be granted by D. Ehrman in favor of John Keen in relation to the board meeting of Lehman Brothers Helsinki Holdings S.à r.l. further to the decision to adopt also an internal regulation | 24 | 94,00 | 130,29 |
| 1900 | 09/09/2010 | JEB | Study of the file : email of Abeer regarding request to get details of managers of LBS Holdings Sà r.l. | 6 | 23,50 | 32,57 |
| 1900 | 09/09/2010 | JEB | Correspondance with Abeer -re: updated set of draft documents in relation to the board meetings of Lehman Brothers Helsinki Holdings and Lux. Investments expected to be held in Luxembourg | 12 | 47,00 | 65,15 |
| 1900 | 09/09/2010 | JG | Study of the file / e-mail Abeer Garousha/ re: Lehman - Tolling Agreements and Related Signatories - Contact Details - Information Request | 6 | 17,50 | 24,26 |
| 1900 | 09/09/2010 | JG | Drawing e-mail to Abeer Garousha to answer her question with respect to Tolling Agreements and Related Signatories - Contact Details | 6 | 17,50 | 24,26 |
| 1900 | 09/09/2010 | KB | Drawing draft signature pages for tolling agreement further to  Antoine Cluzel (Weil UK) request☐ | 48 | 140,00 | 194,05 |
| 1900 | 10/09/2010 | JEB | Drawing /updating proxy to be granted by W. Fox in favor of John Keen for board meeting of Lehman Brothers Helsinki Holdings S.à r.l. | 12 | 47,00 | 65,15 |
| 1900 | 10/09/2010 | JEB | Drawing /finalizing first draft internal regulation for Lehman Brothers Helsinki Holdings S.à r.l. | 30 | 117,50 | 162,87 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1900 | 10/09/2010 | JEB | Correspondance with Abeer -re: complete of draft documentation in relation to Lehman Brothers Helsinki Holdings S. àr.l. | 12 | 47,00 | 65,15 |
| 1900 | 10/09/2010 | JEB | Study of the file : email of Abeer and enclosed comments to draft internal regulation for Lehman Brothers Helsinki Holdigns S. àr.l. | 12 | 47,00 | 65,15 |
| 1900 | 10/09/2010 | JEB | Drawing /updating draft internal regulation for Lehman Brothers Helsinki Holdings further to Abeer's comments | 12 | 47,00 | 65,15 |
| 1900 | 10/09/2010 | RB | Study of the file with respect to US Tolling Agreement, LB Equity S.à r.l. questions and further questions in relation with corporate documents required with respect to US Tolling Agreements | 48 | 308,00 | 426,92 |
| 1900 | 10/09/2010 | RB | Review/Analysis of the corporate documents of LB Helsinki S.à r.l. (articles of association, draft resolutions of the board of managers and internal regulations to be adopted at the level of the board of managers) | 48 | 308,00 | 426,92 |
| 1900 | 13/09/2010 | JEB | Study of the file : email of Abeer Garousha and quick review of enclosed executed proxies for Lehman Brothers Helsinki Holdings S.à r.l. - re: tolling agreements and iternal regulation | 12 | 47,00 | 65,15 |
| 1900 | 13/09/2010 | JEB | Correspondance with Abeer -re: eventual missing documents in relation to the execution of the tolling agreements | 12 | 47,00 | 65,15 |
| 1900 | 13/09/2010 | JEB | Study of the file : further emails of Abeer and several enclosed signature pages to be executed by John Keen in relation to the toling agreements | 24 | 94,00 | 130,29 |
| 1900 | 13/09/2010 | JEB | Correspondance with Abeers - re: further explanations emails to her in relation to the execution of the tolling agreements by the Luxembourg companies | 12 | 47,00 | 65,15 |
| 1900 | 13/09/2010 | RB | Study of the file mail exchange with Abeer (corporate resolutions US Tolling Agreement) | 18 | 115,50 | 160,09 |
| 1900 | 14/09/2010 | JEB | Drawing /finalizing minutes and internal regulation to be excuted today by John Keen in Luxembourg - re: Lehman Brothers Helsinki Holdings S.à r.l. - re: tolling agreements and internal regulation | 12 | 47,00 | 65,15 |
| 1900 | 14/09/2010 | JEB | Meeting with John Keen and Rina in Luxembourg (disscusing all open items in all LBHI files) | 54 | 211,50 | 293,16 |
| 1900 | 14/09/2010 | JEB | Meeting with John Keen in Luxembourg -re: holding of the board meeting of Lehman Brothers Helsinki Holdings S. àr.l. | 12 | 47,00 | 65,15 |
| 1900 | 14/09/2010 | JEB | Correspondance with Abeer Garousha -re: execution of board meetings (and relevant internal regulations) held in Luxembourg with John Keen | 18 | 70,50 | 97,72 |
| 1900 | 14/09/2010 | RB | Meeting with John Keen and Jérôme in Luxembourg (discussing all open items in all LBHI files) | 54 | 346,50 | 480,26 |
| 1900 | 14/09/2010 | RB | Study of the file mail exchange with Abeer (US Tolling agreements) | 12 | 77,00 | 106,73 |
| 1900 | 15/09/2010 | JEB | Study of the file : email of Abeer Garousha -re: shareholding in LB Lux Holdings S.à r.l. | 6 | 23,50 | 32,57 |
| 1900 | 15/09/2010 | JG | Study of the file /e-mail from Abeer Garousha/ re: current shareholding of LB LUX RE Holdings S.à r.l. | 6 | 17,50 | 24,26 |
| 1900 | 15/09/2010 | JG | working in relation to /recheck of current shareholding of LB LUX RE Holdings S.à r.l. further to Abeers' request | 6 | 17,50 | 24,26 |
| 1900 | 15/09/2010 | JG | Drawing /e-mail to Abeer Garousha to answer her question as regards current shareholding of LB LUX RE Holdings S.à r.l. | 6 | 17,50 | 24,26 |
| 1900 | 27/09/2010 | JEB | Study of the file : email of Blandine Davies (Well London) and quick review of enclosed draft internal memo -re: LB LUXEMBOURG STOCK LENDING ISSUES | 24 | 94,00 | 130,29 |
| 1900 | 27/09/2010 | JEB | Correspondance with Blandine Davies addressing her query - re: re: LB LUXEMBOURG STOCK LENDING ISSUES | 12 | 47,00 | 65,15 |
| 1900 | 28/09/2010 | RB | Study of the file mail exchange with Blandine ( WGM UK) regarding LB Luxembourg Stock Lending issues | 12 | 77,00 | 106,73 |
| | | | **Total fee** | | **4 398,50** | **6 096,76** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice Trade and Companies Register - excerpt relating to LB LUX RE Holdindg S.à r.l. required further to Abeer Garousha's request regarding this company | | 11,99 | 16,62 |
| | | | **Total paid disbursements** | | **11,99** | **16,62** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **4 410,49** | **6 113,38** |

File    **301702**
        12270

**LBHI - Special Counsel Procedure**
Detail of our fee note

from September 1, 2010
to September 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 30 | 117,50 | 162,87 |
| JG | Jacqueline GELESCHUS | 240 | 700,00 | 970,27 |
| | | 270 | 817,50 | 1 133,14 |

| File | 301702 | | LBHI - Special Counsel Procedure | | | | |
|------|--------|--------|------|------|------|------|------|
| | | | Detail of our fee note | | | | |
| | | from | September 1, 2010 | | | | |
| | | to | September 30, 2010 | | | | |
| | | | Services provided | | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) | |
| 4600 | 27/09/2010 | JEB | Study of the file : quick review of summary of the "Motion to clarify order appointing Fee Committee and approving Fee Protocol" | 30 | 117,50 | 162,87 | |
| 4600 | 27/09/2010 | JG | Study of the file / "Motion to clarify order appointing Fee Committee and approving Fee Protocol" | 180 | 525,00 | 727,70 | |
| 4600 | 27/09/2010 | JG | Drawing summary of the "Motion to clarify order appointing Fee Committee and approving Fee Protocol" | 60 | 175,00 | 242,57 | |
| | | | Total fee | | 817,50 | 1 133,14 | |
| | | | | | | | |
| | | | TOTAL FEE NOTE | | 817,50 | 1 133,14 | |

File    **301778**                     **LBHI - Preparation** **Monthly Statements & Fee Applications**
    12271                              Detail of our fee note
        from September 1, 2010
        to September 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 222 | 869,50 | 1 205,21 |
| KB | Katia BARTHOLOME | 30 | 87,50 | 121,28 |
| | | **252** | **957,00** | **1 326,50** |

1 / 1

| File | 301778 | | LBHI - Preparation  Monthly Statements & Fee Applications | | | |
|------|--------|--|---------------------------------------------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | September 1, 2010 | | | |
| | | to | September 30, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 28/09/2010 | JEB | Préparation of August monthly statement in accordance with special counsel procedure and fee committee guidelines (including cover sheet, detailled invoices, USD converted amounts,...) | 210 | 822,50 | 1 140,07 |
| 4600 | 28/09/2010 | JEB | Correspondance with Fee Committe -re: August monthly statement and electronic format invoices | 12 | 47,00 | 65,15 |
| 4600 | 28/09/2010 | KB | Review/Analysis of figures/calculations of the invoices of August | 30 | 87,50 | 121,28 |
| | | | Total fee | | 957,00 | 1 326,50 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 1 044,50 | 1 447,78 |

**EXHIBIT C**

**LIST OF ALL OF THE MATTERS FOR WHICH SERVICES WERE RENDERED AND THE
AGGREGATE AMOUNT OF HOURS AND FEES EXPENDED FOR SUCH MATTERS
DURING THE INTERIM PERIOD**

| Project Category | Total Hours | Total Fees Requested in USD | Total Fees Requested in EUR |
|---|---|---|---|
| International Assets | 96:06 | $ 33,793.64 | € 25,643.50 |
| Special Counsel Procedure | 11:30 | $ 3,053.89 | € 2,288.50 |
| Preparation of Monthly Statements and Fee Applications | 112:24 | $ 29,024.06 | € 22.193.- |

**EXHIBIT D**

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL
FOR PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

| Name of Professional & Title | Year Admitted to Practice | Billing Rate in EUR | Total Hours Billed | Fee Totals in USD | Fee Totals in EUR |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | 32:24 | $ 16,408.47 | € 12,474.- |
| Marc Kleyr, Managing Partner | 1991 | € 385.- | 01:18 | $ 650.25 | € 500.50 |
| Jérôme Burel, Associate | 2005 | € 235.- | 75:48 | $ 23,651.45 | € 17,813.- |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | 106:18 | $ 24,177.10 | € 18,602.50 |
| Katia Bartholomé, Associate | 2009 | € 175.- | 04:12 | $ 984.32 | € 735.- |
| **TIME CHARGES TOTAL:** | | | 220:00 | $ 65,871.59 | € 50,125.- |

**Total Hours:**            **220:00**
**Total Fees:**             **$ 65,871.59 (€ 50,125.-)**
**Blended Hourly Rate:**    **$ 299.42 (€ 228.-)**

**EXHIBIT E**

**SUMMARY OF THE TYPES OF DISBURSEMENTS AND EXPENSES
FOR WHICH REIMBURSEMENT IS SOUGHT**

| June 2010 | in USD | in EUR |
|---|---|---|
| Printing and photocopying | $ 187.08 | € 144.- |
| Online Legal Research | $ 6.50 | € 5.00 |
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 24.54 | € 18.89 |
| Disbursements incurred with TNT (express delivery charges) | $ 745.53 | € 573.84 |
| Total Disbursements and Expenses Billed: | $ 963.65 | € 741.73 |
| **July 2010** | | |
| Printing and photocopying | $ 65.33 | € 50.80 |
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 100.94 | € 78.49 |
| Disbursements incurred with TNT (express delivery charges) | $ 163.84 | € 127.40 |
| Disbursements incurred with a Luxembourg public notary | $ 61.73 | € 48.00 |
| Total Disbursements and Expenses Billed: | $ 391.84 | € 304.69 |
| **August 2010** | | |
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 32.28 | € 23.98 |
| Disbursements incurred with TNT (express delivery charges) | $ 733.61 | € 545.03 |
| Total Disbursements and Expenses Billed: | $ 765.89 | € 569.01 |
| **September 2010** | | |
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 16.62 | € 11.99 |

| Total Disbursements and Expenses Billed: | $ 16.62 | € 11.99 |
|---|---|---|
| **Total Interim Period** | | |
| Printing and photocopying | $ 252.41 | € 194.80 |
| Online Legal Research | $ 6.50 | € 5.- |
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 174.38 | € 133.35 |
| Disbursements incurred with a Luxembourg public notary | $ 61.73 | € 48.- |
| Disbursements incurred with TNT (express delivery charges) | $ 1,642.98 | € 1,246.27 |
| Total Disbursements and Expenses Billed: | $ 2,138.- | € 1,627.42 |

## EXHIBIT F

**CERTIFICATION OF Rina Breininger**

KLEYR GRASSO ASSOCIES
*Avocats à la Cour*
122, rue Adolphe Fischer
L-2015 Luxembourg
LUXEMBOURG
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

Special Counsel to Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

————————————————x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| **Debtors** | : | **(Jointly Administered)** |

————————————————x

**CERTIFICATION UNDER
GUIDELINES FOR FEES AND DISBURSEMENTS FOR
PROFESSIONALS IN RESPECT OF THIRD INTERIM APPLICATION OF
KLEYR GRASSO ASSOCIES FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS
FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

I, Rina Breininger, hereby certify that:

1.        I am a partner of the applicant firm of KLEYR GRASSO ASSOCIES ("Kleyr Grasso"), special counsel to the debtors and debtors in possession in above-captioned chapter 11 cases. I submit this certification with respect to Kleyr Grasso's compliance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), General Order M-389, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the Third Amended Order Pursuant to Sections 105( a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly Compensation of Professionals, entered in these cases on June 25, 2009 (the "Interim Compensation Order"), and the fee committee guidelines established pursuant to the Fee Committee Report Pertaining to the First Interim Fee Applications of All Retained Professionals entered on August 3, 2009 (the "Fee Committee Guidelines" and, collectively with the Interim

24

Compensation Order, the UST Guidelines and the Local Guidelines, the "Guidelines").

2.        This Certification is made in connection with the Third Interim Application of Kleyr Grasso for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel to the Debtors (the "Third Interim Application") for the Period from and including June 1, 2010 through September 30, 2010 (the "Interim Period"), in accordance with the Guidelines.

3.        In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor to the best of my knowledge any lawyer of my firm has entered into any agreement, written or oral, express or implied, with the Office of the United States Trustee, with the Debtors, any creditor or any other party in interest, or any lawyer of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtors.

4.        In accordance with section 504 of the Bankruptcy Code, to the best of my knowledge no agreement or understanding exists between me, my firm or any lawyer thereof or any person for the division of such compensation as my firm may receive for services rendered in connection with this case, nor will any division or fees prohibited by section 504 of the Bankruptcy Code be made by me or any partner, counsel or associate of my firm.

5.        I certify that: (a) I have read the Third Interim Application; (b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines; (c) the fees and disbursements sought are billed at rates in accordance with those customarily charged by Kleyr Grasso and generally accepted by Kleyr Grasso's clients; and (d) in providing a reimbursable service, Kleyr Grasso does not make a profit on that service, whether the service is performed by Kleyr Grasso in-house or through a third party.

6.        I certify that the Debtors, counsel for the Debtors, counsel for the statutory creditors' committee, the United States Trustee for the Southern District of New York, and the Fee Committee are being provided with a copy of the Third Interim Application.

[signature page to CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF THIRD INTERIM APPLICATION OF KLEYR GRASSO ASSOCIES FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010]

Dated: December 14, 2010                          KLEYR GRASSO ASSOCIES


By
Rina Breininger
122, rue Adolphe Fischer
L-1521 Luxembourg
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

**EXHIBIT G**

**AFFIDAVIT OF Marc Kleyr**

27

**NUMERO**

**DECLARATION SUR L'HONNEUR DU 26 FEVRIER 2010**

In the year two thousand and ten, on the twenty-sixth of February.

Before M$^e$ Jean **SECKLER**, notary residing in Junglinster, (Grand-Duchy of Luxembourg), undersigned;

**APPEARED:**

M$^e$ Marc **KLEYR**, attorney-at-law (*avocat à la Cour*), residing professionally in L-1621 Luxembourg, 122, rue Adolphe Fischer, (Grand-Duchy of Luxembourg).

In relation with the matter LEHMAN BROTHERS HOLDINGS INC., et al., Debtors, Chapter 11 Case No. 08-13555 (JMP), (Jointly Administered), the said appearing person deposes and states under oath the following:

1. I am a lawyer admitted to the Luxembourg Bar Association and managing partner of KLEYR GRASSO ASSOCIES, located at 122, rue Adolphe Fischer, L-1621 Luxembourg, Grand-Duchy of Luxembourg ("Kleyr Grasso").

2. I submit this Declaration (the "Declaration") pursuant to Luxembourg law, and in support of the application, dated on or about March 1st, 2010 (the "Application") (Any capitalized term not defined herein shall have the meaning given in the Application), filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") seeking authorization to employ Kleyr Grasso as special counsel to the Debtors with respect to the Luxembourg Matters nunc pro tunc to June 1st, 2009 (the "Engagement Date"), as described in greater detail below and in the Application, and to provide the disclosures required under Bankruptcy Rules 2014(a) and 2016(b). All facts set forth below in this Declaration are based upon information from, and discussions I or other Kleyr Grasso personnel reporting to me have had with certain of my colleagues. The facts below are also based on a review performed by

- 1 -

the persons within Kleyr Grasso responsible for maintaining records of our representations, with the assistance of attorneys at Kleyr Grasso, of the list provided to Kleyr Grasso by Weil, Gotshal and Manges LLP ("WGM"), the Debtors' general bankruptcy counsel, on October 21, 2009 (the "Master Conflicts Checklist") (**Schedule 1**). The Master Conflicts Checklist sets forth certain of the creditors and other parties in interest (collectively, the "Interested Parties") of the Debtors. Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of Kleyr Grasso.

### Services Performed by Kleyr Grasso

3. The Debtors seek to retain Kleyr Grasso as special counsel pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Engagement Date, to perform legal services in connection with Luxembourg Matters set forth below and in the Application.

4. As an Ordinary Course Professional, Kleyr Grasso has been acting as "interface" between Alvarez & Marsal North America, LLC ("A&M"), the Debtors' Chief Restructuring Officers, and WGM, the Debtors' general bankruptcy counsel, on one side, and the Luxembourg authorities on the other side. In this context, Kleyr Grasso assisted A&M in discussions with the Luxembourg public prosecutor to prevent compulsory liquidation of certain Luxembourg Entities. Furthermore Kleyr Grasso assisted A&M in negotiations between A&M and the curators and/or the liquidators of certain Luxembourg Entities. From the Commencement Date on, Kleyr Grasso has been advising with respect to determining the legal entities in Luxembourg, which are affiliates of Lehman. To date, Kleyr Grasso provided information with respect to 177 Luxembourg Entities, as defined in the Application, which are likely affiliates of Lehman. Some of the Luxembourg Entities have been involved in transactions outside Luxembourg; such as, but not limited to, "Coeur Défense", "Sun & Moon", "VIM & VIS Merger", "Project Fortezza", "Project Newday", and the "Archstone Transaction". Kleyr Grasso assisted in these transactions as legal advisor with respect to the Luxembourg law issues. Moreover, Kleyr Grasso provided – to the extent possible – all information relevant and necessary to gain and/or to maintain the assets of the Luxembourg Entities. In connection therewith, Kleyr Grasso provided information concerning the current and former managers and the registered offices of the Luxembourg Entities as well as, where possible, information regarding assets and real estate

- 2 -

owed by the Luxembourg Entities. Further, Kleyr Grasso advised A&M with respect to the legal measures and required steps necessary to take over control of the Luxembourg Entities. In addition, Kleyr Grasso assisted in filing of proofs of claim for an aggregate amount of USD 1,168,090,883.00 against two of the Luxembourg Entities which are currently in liquidation/bankruptcy proceedings.

5. As a result, Kleyr Grasso is intimately familiar with Lehman's businesses in Luxembourg, its internal organization and its structuring. Consequently, assigning new counsel at this time would be inefficient.

6. For these reasons, appointment of Kleyr Grasso as special counsel will inure to benefit of the Debtors both in terms of our particular expertise as well as in cost savings to the Debtors and their estates.

7. Kleyr Grasso's work has heretofore been and hereafter will be comprised of continuing to represent the Debtors solely in connection with the Luxembourg Matters. Accordingly, the services rendered and functions to be performed by Kleyr Grasso will not be duplicative of any bankruptcy-related work performed by WGM or any of the other law firms retained by the Debtors. As a result of the foregoing, I believe that Kleyr Grasso is qualified to represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code.

8. Following the Commencement Date, Kleyr Grasso, at the Debtors' request, assisted the Debtors in connection with Luxembourg Matters as one of the Debtors' Ordinary Course Professionals. In its capacity as an Ordinary Course Professional, Kleyr Grasso applied for and has been awarded compensation and reimbursement of expenses in the aggregate amount of $ 998,715.00.

**"Connections" of Kleyr Grasso**

9. To check and clear potential conflicts of interest in these cases, as well as to determine all "connections" to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee, Kleyr Grasso researched its client database for the past two (2) years to determine whether it had any relationships with the Interested Parties. To the extent that Kleyr Grasso's research of its relationships with the Interested Parties indicates that Kleyr Grasso has represented in the past two years, or currently represents, any of these entities, the identities of these entities and such entities' relationship to the Debtors and connection to Kleyr Grasso are set

forth below and in **Schedule 2**.

10. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Kleyr Grasso, nor any partner or associate thereof, has any connection with the Debtors, their creditors, the U.S. Trustee or any other parties with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth below.

11. Further, to the best of my knowledge, Kleyr Grasso does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Luxembourg Matters.

12. The Debtors are a large global enterprise with thousands of parties in interest. Kleyr Grasso (a) may from time to time have represented, (b) may currently represent, and (c) may in the future represent many entities that are parties in interest in these cases in matters unrelated to the Debtors.

13. I understand that the Debtors will retain various professionals during the pendency of these cases to aid in the prosecution of the Debtors chapter 11 cases. I have been advised that the Debtors have retained, among others, the following professionals: Allen & Overy LLP; Baker & McKenzie LLP; Bonelli Erede Pappalardo; Cadwalader, Wickersham & Taft LLP; DLA Piper; Ernst & Young LLP; Freshfields Bruckhaus Deringer; Gianni, Origoni Grippo & Partners; Gibson, Dunn & Crutcher LLP; Herbert Smith Ltd.; Hogan & Hartson; Houlihan Lokey Howard & Zukin Capital, Inc.; Jones Day; Latham & Watkins LLP; McDermott Will & Emery LLP; Milbank, Tweed, Hadley & McCloy LLP; Morrison & Foerster LLP; Natixis Capital Markets; Paul, Hastings, Janofsky & Walker LLP; PricewaterhouseCoopers; Richard Sheldon QC; Schulte, Roth, & Zabel LLP; Sidley Austin LLP; Simpson Thacher & Bartlett LLP; Skadden, Arps, Slate, Meagher & Flom LLP; White & Case and Willkie Farr & Gallagher LLP. Over the past years, attorneys at Kleyr Grasso have worked with certain of these professionals on various matters, representing either the same parties, parties with similar interests or parties with adverse interests.

14.     In addition, during the course of the Debtors' chapter 11 cases, the Debtors may retain additional or different professionals, not all of which are or can currently be identified. Further, the Master Conflicts Checklist does not disclose the identities of all of the various professionals that have been retained, or are being considered for retention by the various parties in interest. Therefore, we are unable to determine if Kleyr Grasso has a client or other relationship with

such as yet unidentified advisors or their affiliates. However, I believe it is likely that many of the professionals who may appear in these cases are trustees, witnesses, advisors or counsels, as the case may be, in transactions or cases in which Kleyr Grasso also represents a client. Kleyr Grasso may retain various such professionals or affiliates thereof to provide forensic, litigation support and financial advisory services to Kleyr Grasso or Kleyr Grasso's clients in a variety of past, present or future engagements. Current employees at Kleyr Grasso may be former employees of, or related to employees of, one or more of the other professionals in this case. In addition, attorneys at Kleyr Grasso belong to professional organizations to which other professionals who may appear in these cases may also belong.

15. Kleyr Grasso currently represents several clients that, according to the Debtors' Master Conflicts Checklist, have connections to the Debtors (the "Connected Entities"). Kleyr Grasso does not, however, to the best of my knowledge, represent the Connected Entities in matters related to the Debtors' chapter 11 cases or the Luxembourg Matters. A schedule sets forth the interested parties that currently employ or have formerly employed Kleyr Grasso in matters unrelated to the Debtors (Schedule 2). Kleyr Grasso expects to continue to represent these Connected Entities in their current matters within the limits of section 327(e) of the Bankruptcy Code.

16. Kleyr Grasso also may represent from time to time other clients that are co-defendants with one or more of the Debtors, but I do not believe that there is any adversity between such co-defendants and the Debtors.

17. In addition, Kleyr Grasso may have represented, may currently represent, or may in the future represent, a borrower, issuer of securities, financial advisor, underwriter of securities, lead bank or other client financing transactions, merger and acquisition transactions, litigation or arbitration matters, bankruptcy matters or other matters unrelated to these cases in which one or more parties in interest (or an affiliate) or a professional involved in these cases, including, but not limited to those listed on the Master Conflicts Checklist, happens to be involved, although not as Kleyr Grasso's client.

18. Kleyr Grasso may also represent, in matters unrelated to the Debtors, competitors of the Debtors.

19. I do not understand Bankruptcy Rule 2014(a), or other

- 5 -

applicable law to require disclosure of each present or future
engagement Kleyr Grasso receives from a party in interest as long as
it is unrelated to these cases. Kleyr Grasso intends to accept
engagements from other parties in interest (whether existing or new
clients). As described above, Kleyr Grasso has undertaken a detailed
search to determine whether it represents, or has represented in the
last two (2) years, any of the interested Parties listed on the Master
Conflicts Checklist, and the identities of such entities and such
entities' relationship to the Debtors and connection to Kleyr Grasso is
set forth herein. Kleyr Grasso, however, does not and will not
represent any of the interested Parties with respect to the matters for
which Kleyr Grasso is being retained hereunder.

20. Despite the efforts described above to identify and disclose
connections with parties in interest in these cases, because the
Debtors are a large enterprise with many creditors and other
relationships, Kleyr Grasso is unable to state with certainty that every
client connection of Kleyr Grasso has been disclosed. In this regard, if
Kleyr Grasso discovers additional information that requires disclosure,
Kleyr Grasso will file supplemental disclosures with the Court.

### Securities Ownership

21. Certain individual attorneys at Kleyr Grasso may own, or have
beneficial interests in trusts owning, shares in the Debtors and
securities of related entities and may own shares in other parties in
interest.

22. Kleyr Grasso notes, however, that a large number of the
Debtors' debt and equity securities are held by various mutual funds,
trusts and portfolios and accounts that are managed by various
advisors. Kleyr Grasso does not know the ultimate beneficial owners
of the funds, although it is believed they are widely held. Similarly,
many of the Debtors' securities are registered in the name of
Depositary Trust Company or its nominee, and securities entitlements
to such securities are held through securities accounts maintained by
brokers, investment advisors and other securities intermediaries. The
ultimate owners of the securities entitlements are unknown to Kleyr
Grasso, except for those reported on the Master Conflicts Checklist. It
is possible that some of such holders may be clients of Kleyr Grasso.

### Various Commercial Relationships with Parties in interest

23. Some attorneys at or employees of Kleyr Grasso may receive
services from the Debtors, other parties in interest or professionals
involved in these cases. Attorneys at or other employees at Kleyr

-6-

Grasso or their spouses or relatives may have beneficial ownership of securities issued by, or banking, insurance, brokerage or money management relationships with, other parties in interest. Attorneys at Kleyr Grasso may have relatives or spouses who are members of professional firms involved in these cases or employed by parties in interest. We have conducted no investigation of our colleagues' banking, insurance, brokerage or investment activities or familial connections in preparing this Declaration.

### Fees and Engagement

24. Upon its retention as special counsel, Kleyr Grasso intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of the Bankruptcy Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Kleyr Grasso.

25. Kleyr Grasso's hourly rates and billing policies are based on market conditions among certain firms of a size, location and practice comparable to Kleyr Grasso. The current hourly billing rates for Kleyr Grasso professionals expected to spend significant time on the Luxembourg Matters range from EUR 385 for partners, EUR 275 for senior associates, EUR 235 for associates, and EUR 175 for junior associates (Such hourly rates may change from time to time in accordance with Kleyr Grasso's established billing practices and procedures).

26. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopy toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, travel expenses, expenses for "working meals", computerized research, and transcription costs. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

27. Kleyr Grasso maintains contemporaneous records of the time

-7-

expended and out-of-pocket expenses incurred in connection with providing services to its clients in accordance with sections 330 and 331 of the Bankruptcy Rules, the Local Rules and Orders of the Court, and guidelines established by the U.S. Trustee.

28. Kleyr Grasso recognizes that it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of the Court. Kleyr Grasso has reviewed the fee application guidelines promulgated by the U.S. Trustee, and will comply with them.

29. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Kleyr Grasso, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code. Kleyr Grasso has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Kleyr Grasso's partners.

## STATEMENT

The undersigned notary, who understands and speaks English and French, states herewith that, on request of the above appearing person, the present deed is worded in English followed by a French version; on request of the same appearing person, and in case of discrepancies between the English and the French text, the English version will prevail.

**WHEREOF** the present notarial deed was drawn up in Luxembourg, on the day named at the beginning of this document.

The document having been read and interpretation given to the appearing person, the latter has signed with Us, the notary, the present deed.

### *suit la version française de ce qui précède;*

L'an deux mille dix, le vingt-six février.

Pardevant Maître Jean **SECKLER**, notaire de résidence à Junglinster, (Grand-Duché de Luxembourg), soussigné;

### A COMPARU:

Maître Marc **KLEYR**, avocat à la Cour, demeurant professionnellement à L-1521 Luxembourg, 122, rue Adolphe Fischer

- 8 -

(Grand-Duché de Luxembourg).

En relation avec l'affaire *LEHMAN BROTHERS HOLDINGS INC., et al., Debtors, Chapter 11 Case No. 08-13555 (JMP), (Jointly Administered)*, ledit comparant dépose et déclare sous serment ce qui suit:

1. Je suis avocat à la Cour inscrit au Barreau de Luxembourg et *managing partner* de **KLEYR GRASSO ASSOCIES**, établie au 122, rue Adolphe Fisher, L-1521 Luxembourg, Grand-Duché de Luxembourg (« Kleyr Grasso »).

2. Je soumets cette Déclaration (la « Déclaration ») conformément au droit Luxembourgeois, et à l'appui de *l'application* datée du ou aux alentours du $1^{er}$ mars 2010 (l' « *Application* ») (Tout terme commençant par une lettre majuscule, non défini dans la présente, aura la signification lui donné dans *l'Application*), déposée par Lehman Brothers Holdings Inc. (« LBHI ») et ses débiteurs affiliés dans les affaires relatives au *Chapter 11* susmentionnées, en tant que *debtors* et *debtors in possession* (ensemble, les "*Debtors*" et, collectivement avec leurs affiliés non débiteurs, "Lehman") demandant l'autorisation d'employer Kleyr Grasso en tant que *special counsel* des *Debtors* en relation avec les *Luxembourg Matters nunc pro tunc* au $1^{er}$ juin 2009 (la « Date d'Engagement »), tel que décrit plus amplement ci-dessous et dans l' *Application*, et de fournir les divulgations requises par les *Bankruptcy Rules* 2014(a) et 2016(b). Tous les faits exposés ci-dessous dans cette Déclaration sont basés sur des informations provenant de, et des discussions que moi-même j'ai eues ou que d'autres membres du personnel de Kleyr Grasso m'ont rapporté avoir eues, avec certains de mes collègues. Les faits ci-dessous sont aussi basés sur une revue, par les personnes en charge au sein de Kleyr Grasso de l'archivage de nos dossiers, en cela assistées par des avocats de Kleyr Grasso, de la liste fournie à Kleyr Grasso par *Weil, Gotshal and Manges LLP* (« WGM »), le *Debtor's general bankruptcy counsel* en date du 21 octobre 2009 (la "Master Conflicts Checklist") (Annexe 1). La *Master Conflicts Checklist* indique certains créanciers et autres *parties in interest* (ensemble, les « Interested Parties ») des *Debtors*. Sur base de ce qui précède, si j'étais appelé à témoigner, je pourrais témoigner et je témoignerais, de manière capable, des faits ici exposés. Je suis autorisé à fournir cette Déclaration pour le compte de Kleyr Grasso.

## Prestations Effectuées par Kleyr Grasso

3. Les *Debtors* demandent de retenir, *nunc pro tunc* à la Date

d'Engagement, Kleyr Grasso en tant que *special counsel* conformément à la section 327(e) du *Bankruptcy Code*, afin de fournir des services juridiques en relation avec des *Luxembourg Matters* exposées ci-dessous dans la Déclaration.

4. En tant que *Ordinary Course Professional*, Kleyr Grasso a agi comme « interface » entre *Alvarez & Marsal North America, LLC* (« A&M »), les *Debtors' Chief Restructuring Officers*, et WGM, le *Debtors' general bankruptcy counsel* d'une part, et les autorités luxembourgeoises d'autre part. Dans ce contexte, Kleyr Grasso a assisté A&M dans des discussions avec le procureur d'Etat luxembourgeois afin d'éviter la liquidation judiciaire de certaines *Luxembourg Entities*. En outre, Kleyr Grasso a assisté A&M dans des négociations entre A&M et les curateurs et/ou liquidateurs de certaines *Luxembourg Entities*. Depuis la *Commencement Date*, Kleyr Grasso a presté des conseils aux fins d'identifier les entités juridiques au Luxembourg qui sont des filiales de Lehman. A ce jour, Kleyr Grasso a fourni des informations concernant 177 *Luxembourg Entities*, tel que définies dans l'*Application*, pour lesquelles il est probable qu'elles soient des filiales de Lehman. Certaines des *Luxembourg Entities* ont été impliquées dans des transactions en dehors du Luxembourg ; telles que, sans être limitées à, « Cœur Défense », "*Sun & Moon*", "*VIM & VIS Merger*", "*Project Fortezza*", "*Project Newday*", et "*Archstone Transaction* ». Kleyr Grasso est intervenu dans des ces transactions en qualité de conseil juridique relativement aux questions de droit luxembourgeois. De plus, Kleyr Grasso a fourni, dans la mesure du possible, toutes informations pertinentes et nécessaires pour accroître et/ou maintenir l'actif des *Luxembourg Entities*. A cet égard, Kleyr Grasso a fourni des informations concernant les actuels et anciens gérants et les sièges sociaux des *Luxembourg Entities* de même que, lorsque cela a été possible, des informations relatives à l'actif et aux propriétés immobilières détenus par les *Luxembourg Entities*. Ensuite, Kleyr Grasso a conseillé A&M en ce qui concerne les mesures et démarches juridiques nécessaires pour prendre le contrôle des *Luxembourg Entities*. De plus, Kleyr Grasso a fourni son assistance dans le dépôt de déclarations de créance contre deux *Luxembourg Entities* qui sont actuellement en procédure de liquidation/faillite, pour un montant total de 1.168.090.883,00 USD.

5. En conséquence, Kleyr Grasso est intimement familier des affaires de Lehman au Luxembourg, de son organisation interne et de

- 10 -

sa structure. Partant, désigner un nouveau conseil à ce stade serait inefficace.

6. Pour ces raisons, la nomination de Kleyr Grasso comme *special counsel* profitera aux *Debtors* tant au regard de son expérience spécifique qu'en termes d'économie de coûts pour les *Debtors* et leurs patrimoines.

7. Le travail de Kleyr Grasso a jusqu'alors compris et continuera à comprendre la représentation des *Debtors* en ce qui concerne les *Luxembourg Matters* uniquement. En conséquence, les services rendus et les fonctions à exercer par Kleyr Grasso ne seront pas identiques à un quelconque travail *bankruptcy-related* fourni par WGM ou une quelconque des autres études d'avocats retenues par les *Debtors*. Il résulte de ce qui précède que je pense que Kleyr Grasso est qualifié pour représenter les *Debtors* en tant que *special counsel* conformément à la section 327(e) du *Bankruptcy Code*.

8. Après la *Commencement Date*, Kleyr Grasso a, à la demande des *Debtors*, assisté les *Debtors* en relation avec des *Luxembourg Matters* en tant que l'un des *Debtors' Ordinary Course Professionals*.

En sa qualité de *Ordinary Course Professional*, Kleyr Grasso a demandé et reçu paiement d'honoraires et le remboursement de frais pour un montant total de 998.715,00 USD.

### « Connexions » de Kleyr Grasso

9. Afin de vérifier et de régler d'éventuels conflits d'intérêts dans ces affaires, de même qu'à fin d'identifier toutes les « connexions » aux *Debtors*, leurs créanciers, d'autres *parties in interest*, leurs avocats et comptables respectifs, le *U.S. Trustee* ou toute personne employée par le *U.S. Trustee*, Kleyr Grasso a recherché dans sa base de donnée de clients, sur les deux dernières années, toute relation qu'ils avaient avec les *Interested Parties*. Pour autant qu'il résulte de la recherche de ses relations avec les *Interested Parties* que Kleyr Grasso a représenté au cours des deux dernières années, ou représente actuellement, l'une de ces entités, l'identité de ces entités, la relation entre ces entités et les *Debtors* et la connexion à Kleyr Grasso sont énoncées ci-dessous et dans l'Annexe 2.

10. A ma meilleure connaissance et croyance, et dans la mesure de ce que j'ai été capable de déterminer après investigation raisonnable, ni moi-même, ni Kleyr Grasso, ni aucun de ses associés ou collaborateurs, n'avons une quelconque connexion avec les *Debtors*, leurs créanciers, le *U.S. Trustee* ou une quelconque autre partie ayant un intérêt actuel ou potentiel dans ces affaires de

- 11 -

*Chapter* 11, ou leurs avocats ou comptables respectifs, à l'exception de ce qui est énoncé ci-dessous.

11. De plus, à ma meilleure connaissance, Kleyr Grasso ne représente ni ne détient d'intérêts, en relation avec les *Luxembourg Matters*, qui pourraient être contraires aux intérêts des *Debtors* ou de leurs patrimoines.

12. Les *Debtors* sont une grande entreprise mondiale avec des milliers de *parties in interest*. Il se peut que Kleyr Grasso (a) ait de temps à autre représenté, (b) représente actuellement, et (c) ait à l'avenir à représenter de nombreuses entités qui sont des *parties in interest* dans ces affaires, dans des matières non liées aux *Debtors*.

13. Je comprends que les *Debtors* engageront divers professionnels pendant la durée de ces affaires pour aider dans la poursuite des affaires de *Chapter* 11 des *Debtors*. J'ai été informé que les *Debtors* avaient engagé, entre autres, les professionnels suivants : Allen & Overy LLP; Baker & McKenzie LLP; Bonelli Erede Pappalardo; Cadwalader, Wickersham & Taft LLP; DLA Piper; Ernst & Young LLP; Freshfields Bruckhaus Deringer; Gianni, Origoni Grippo & Partners; Gibson, Dunn & Crutcher LLP; Herbert Smith Ltd.; Hogan & Hartson; Houlihan Lokey Howard & Zukin Capital, Inc.; Jones Day; Latham & Watkins LLP; McDermott Will & Emery LLP; Milbank, Tweed, Hadley & McCloy LLP; Morrison & Foerster LLP; Natixis Capital Markets; Paul, Hastings, Janofsky & Walker LLP; PricewaterhouseCoopers; Richard Sheldon QC; Schulte, Roth, & Zabel LLP; Sidley Austin LLP; Simpson Thacher & Bartlett LLP; Skadden, Arps, Slate, Meagher & Flom LLP; White & Case et Willkie Farr & Gallagher LLP. Au cours des dernières années, des avocats de Kleyr Grasso ont travaillé avec certains de ces professionnels sur diverses affaires, représentant soit les mêmes parties, soit des parties avec des intérêts similaires soit des parties avec des intérêts opposés.

14. De plus, pendant la durée des affaires de *Chapter* 11 des *Debtors*, il se peut que les *Debtors* engagent des professionnels supplémentaires ou différents, l'ensemble desquels ne sont ni ne peuvent être identifiés actuellement. En outre, la *Master Conflicts Checklist* ne divulgue pas les identités de tous les divers professionnels qui ont été engagés, ou que les diverses *parties in interest* envisagent d'engager. C'est pourquoi, nous sommes incapables d'identifier si Kleyr Grasso a un client ou une autre relation avec de tels conseillers ou leurs membres, actuellement non

Identifiés. Cependant, je pense qu'il est probable que grand nombre de ces professionnels qui pourraient apparaître dans ces affaires sont des *trustees*, *witnesses*, *advisors* ou *counsels*, selon les cas, dans des transactions ou affaires dans lesquelles Kleyr Grasso représente également un client. Il se peut que Kleyr Grasso engage plusieurs de ces professionnels ou leurs membres pour fournir à Kleyr Grasso ou aux clients de Kleyr Grasso des services judiciaires, de support contentieux et de conseils financiers, dans divers mandats passés, actuels ou à venir. Il se peut que des employés actuels de Kleyr Grasso soient d'anciens employés de, ou liés à des employés de, l'un ou plusieurs des autres professionnels dans cette affaire. De plus, des avocats chez Kleyr Grasso appartiennent à des organisations professionnelles auxquelles il se peut qu'appartiennent également d'autres professionnels qui pourraient apparaître dans ces affaires.

15. Kleyr Grasso représente actuellement plusieurs clients, qui, suivant la *Master Conflicts Checklist*, ont des connexions avec les *Debtors* (les « Entités Connectées »). Kleyr Grasso ne représente cependant pas, à ma meilleure connaissance, des Entités Connectées dans des matières liées aux affaires de *Chapter* 11 ou dans les *Luxembourg Matters*. Une annexe expose les *interested parties* qui emploient actuellement ou qui ont employé par le passé Kleyr Grasso dans des affaires non liées aux *Debtors* (Annexe 2) ; Kleyr Grasso entend continuer à représenter ces Entités Connectées dans leurs affaires actuelles, dans les limites de la section 327(e) du *Bankruptcy Code*.

16. Il se peut que Kleyr Grasso représente de temps à autre d'autres clients qui sont codéfendeurs avec un ou plusieurs des *Debtors*, mais je ne pense pas qu'il y ait une opposition d'intérêts entre de tels codéfendeurs et les *Debtors*.

17. De plus, il se peut que Kleyr Grasso ait représenté, représente actuellement, ou représente à l'avenir, un emprunteur, émetteur de titres, conseiller financier, souscripteur de titres, banque principale ou autre client finançant des transactions, fusions et transactions d'acquisition, affaires judiciaires ou arbitrales, affaires d'insolvabilité ou autres matières non liées à ces affaires, et dans lesquelles pourraient être impliquées, quoi que non clientes de Kleyr Grasso, une ou plusieurs *parties in interest* (ou un affilié de celles-ci) ou un professionnel impliqué dans ces affaires, incluant, mais sans y être limités, ceux listés dans la *Master Conflicts Checklist*.

18. Il se peut que Kleyr Grasso représente également, dans des

affaires non liées aux *Debtors*, des concurrents des *Debtors*.

19. Je ne comprends pas la *Bankruptcy Rule* 2014(a), ou toute autre loi applicable, comme requérant la divulgation de chaque mandat présent ou à venir confié à Kleyr Grasso par une *party in Interest* aussi longtemps qu'il n'est pas lié à ces affaires. Kleyr Grasso entend accepter des mandats d'autres *parties in Interest* (soit existantes soit de nouveaux clients). Ainsi que cela a été décrit ci-dessus, Kleyr Grasso a entrepris une recherche détaillée pour déterminer s'ils représentent, ou ont représenté durant les deux (2) dernières années, l'une des *Interested Parties* listées dans la *Master Conflicts Checklist*, et les identités de telles entités, leur relation avec les *Debtors* et leur connexion à Kleyr Grasso sont exposées dans le présent acte. Kleyr Grasso, cependant, ne représente ni ne représentera aucune des *Interested Parties* en relation avec des matières pour lesquelles Kleyr Grasso est engagée sous les présentes.

20. En dépit des efforts décrits ci-dessus pour identifier et divulguer les connexions avec des *parties in Interest* dans ces affaires, et en raison du fait que les *Debtors* sont une grande entreprise avec de nombreux créanciers et d'autres relations, Kleyr Grasso est incapable d'affirmer avec certitude que chaque connexion client de Kleyr Grasso a été dévoilée. A cet égard, si Kleyr Grasso découvre des informations additionnelles qui requièrent d'être divulguées, Kleyr Grasso déposera des déclarations additionnelles auprès de la *Court*.

## Propriété de Titres

21. Il se peut que certains avocats chez Kleyr Grasso, individuellement, détiennent ou aient des participations dans des trusts détenant des actions des *Debtors*, des titres d'entités liées et des actions d'autres *parties in Interest*.

22. Kleyr Grasso note cependant qu'un grand nombre des titres de capital et de dette des *Debtors* appartiennent à divers fonds communs de placement, trusts et portefeuilles et comptes qui sont gérés par divers conseillers. Kleyr Grasso ne connaît pas le bénéficiaire économique ultime des fonds, quoi que d'avis qu'ils sont largement répartis. De la même façon, nombre des titres des *Debtors* sont enregistrés au nom de *Depositary Trust Company* ou son *nominee*, et des titres ouvrant droit à ces titres sont détenus pas le biais de comptes titres tenus par des courtiers, conseillers en investissement et autres intermédiaires financiers. Les détenteurs

- 14 -

ultimes des ces droits aux titres sont inconnus de Kleyr Grasso, excepté ceux signalés dans la *Master Conflicts Checklist*. Il est possible que certains de ces détenteurs soient clients de Kleyr Grasso.

### Diverses Relations Commerciales avec des *Parties in Interest*

23. Il se peut que certains avocats ou employés de Kleyr Grasso reçoivent des services des *Debtors*, d'autres *parties in interest* ou de professionnels impliqués dans ces affaires. Il se peut que des avocats ou employés de Kleyr Grasso ou leurs épouses ou parents soient les bénéficiaires économiques de titres émis par, respectivement par l'intermédiaire de banques, assurances, courtiers ou gestionnaires de fortune, d'autres *parties in interest*. Il se peut que des avocats chez Kleyr Grasso aient des parents ou épouses qui sont membres de cabinets professionnels impliqués dans ces affaires ou employés par des *parties in interest*. Pour la préparation de cette Déclaration, nous n'avons mené aucune investigation concernant les activités bancaire, d'assurance, de courtage ou d'investissement ou les connexions familiales de nos collègues.

### Honoraires et Engagement

24. A compter de son engagement en tant que *special counsel*, Kleyr Grasso entend demander rémunération pour les prestations professionnelles rendues en relation avec ces affaires de *Chapter 11*, sous réserve d'approbation par la *Bankruptcy Court* et en conformité avec les dispositions applicables du *Bankruptcy Code*, sur une base horaire, plus le remboursement des dépenses actuelles et nécessaires encourues par Kleyr Grasso.

25. Les taux horaires et pratiques de facturation de Kleyr Grasso sont basés sur les conditions de marché entre certaines études, de taille, d'implantation et de pratique comparables à Kleyr Grasso. Les taux horaires actuels des professionnels de chez Kleyr Grasso qui devraient passer un temps significatif sur les *Luxembourg Matters* varient entre 385 EUR pour des associés, 275 EUR pour des collaborateurs senior, 235 EUR pour des collaborateurs et 175 EUR pour des collaborateurs junior (il se peut que ces taux horaires changent de temps à autre en conformité avec les pratiques et procédures de facturation établies chez Kleyr Grasso).

26. Les taux horaires ci-dessus énoncés sont les taux horaires standard de l'Etude pour un travail de ce type. Ces taux sont établis à un niveau destiné à honnêtement rétribuer l'Etude pour le travail de ses avocats. Il est de la pratique de l'Etude de facturer à ses clients,

08-13555-mg    Doc 13464    Filed 12/14/10    Entered 12/14/10 15:51:04    Main Document
Pg 101 of 102

en toutes matières, toutes autres dépenses encourues en relation avec le dossier du client. Les dépenses imputées aux clients incluent, entre autres choses, appels téléphoniques longue distance, télécopies et autres frais, frais de courrier et d'envoi recommandé, frais pour envoi spécial ou par coursier, recherches documentaires, frais de photocopie, frais de déplacement, dépenses pour « déjeuner de travail », recherches informatiques, et coûts de transcription. L'Etude facturera les *Debtors* pour ces dépenses d'une manière et à des taux cohérents par rapports aux frais généralement facturés aux autres clients de l'Etude. L'Etude pense qu'il est plus équitable de mettre ces frais à la charge des clients pour lesquels ils ont été exposés plutôt que d'augmenter les taux horaires et de répartir les frais entre tous les clients.

27. Kleyr Grasso maintient des enregistrements contemporains du temps presté et des dépenses effectuées en relation avec la prestation de services à ces clients, conformément aux sections 330 et 331 du *Bankruptcy Code*, les *Bankruptcy Rules* applicables, les *Local Rules* et *Orders* de la *Court*, et les lignes directrices établies par le *U.S. Trustee*.

28. Kleyr Grasso reconnaît qu'il sera requis de soumettre des *applications* pour obtenir l'obtention de rémunérations intérimaires / finale conformément aux sections 330 et 331 du *Bankruptcy Code* et des règles et décisions de la *Court*. Kleyr Grasso a revu les lignes directrices promulguées par le *U.S. Trustee* en relation avec les *fee applications* et s'y conformera.

29. A ma meilleure connaissance et croyance, et dans la mesure de ce que j'ai été capable de déterminer après investigation raisonnable, ni moi-même, ni Kleyr Grasso, ni aucun de ses associés ou collaborateurs, n'avons reçu, ni ne bénéficions d'aucune promesse de recevoir, une quelconque rémunération pour les services juridiques prestés ou à prester en relation avec les affaires de *Chapter* 11 des *Debtors*, en quelque qualité que ce soit, autre que ce qui est autorisé par le *Bankruptcy Code*. Kleyr Grasso n'a pas convenu de partager la rémunération reçue en relation avec ces affaires avec quiconque, excepté ce qui est autorisé par la section 504(b) du *Bankruptcy Code* et la *Bankruptcy Rule* 2016(b) en relation avec le partage de la rémunération entre les associés de Kleyr Grasso.

## DECLARATION

Le notaire soussigné, qui comprend et parle l'anglais et le

française, déclare par les présentes, qu'à la requête du comparant le présent acte est rédigé en anglais suivi d'une version française; à la requête du même comparant, et en cas de divergences entre le texte anglais et français, la version anglaise prévaudra.

**DONT ACTE**, le présent acte a été passé à Luxembourg, à la date indiquée en tête des présentes.

Après lecture du présent acte au comparant, agissant comme dit ci-avant, connu du notaire par son nom, prénom, état civil et domicile, ledit comparant a signé avec Nous notaire le présent acte.



- 17 -