KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Robert M. Novick (rnovick@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)

*Special Counsel for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

**SUMMARY OF SECOND INTERIM APPLICATION OF
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, SPECIAL COUNSEL TO
THE DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM
<u>JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010</u>**

## SUMMARY SHEET

| | |
|---|---|
| **Name of Applicant** | Kasowitz, Benson, Torres & Friedman LLP |
| **Authorized to Provide Professional Services to** | Debtors and Debtors in Possession |
| **Date of Retention** | January 28, 2010, (*Nunc pro tunc* to January 6, 2010) |
| **Compensation Period** | June 1, 2010 through September 30, 2010 |
| **Fees Incurred for Counsel** | $203,130.00[1] |
| **Expenses Incurred** | $7,221.58 |
| **Prior Interim Applications Filed** | **First Interim Fee Application**, filed August 16, 2010, for the period from February 1, 2010 through and including May 31, 2010[2] [Docket No. 10787]<br>**Total Fees Requested:** $186,714.5<br>**Total Expenses Requested:** $125,292.82<br>**Total Fee Allowed:** Pending<br>**Total Expenses Allowed:** Pending |
| **Blended Hourly Rate for Fees Incurred During Compensation Period** | $402.40 |
| **Blended Hourly Rate for Fees Incurred During Compensation Period (Attorneys Only)** | $430.24 |

---

[1]    This amount includes the 20% of such fees "held back" pursuant to the Compensation Order, which provides that if no timely objections are filed to KBT&F's monthly fees statements, KBT&F is paid 80% of its fees and 100% of its expenses.

[2]    KBT&F included with the First Interim Fee Application, certain *de minimus* fees incurred in January 2010.

### Hours, Rate and Fees for Services Rendered for the Second Interim Fee Period

| ATTORNEY/ PARAPROFESSIONAL | YEAR ADMITTED | TITLE | HOURLY RATE | TOTAL HOURS BILLED | FEE |
|---|---|---|---|---|---|
| Michael J. Bowe | 1993 | Partner | $750 | .30 | 225.00 |
| Marc E. Kasowitz | 1978 | Partner | $1,000 | .70 | 700.00 |
| Albert S. Mishaan | 1995 | Partner | $685 | 2.80 | 1,918.00 |
| Robert M. Novick | 1994 | Partner | $775 | 23.20 | 17,980.00 |
| Michael E. Friedman | 1993 | Special Counsel | $400 | 1.90 | 760.00 |
| Larissa R. Chernock | 2008 | Associate | $275 | 70.90 | 19,497.50 |
| Gary W. Dunn | 1990 | Associate | $450 | 204.1 | 91,845.00 |
| Benjamin S. Goldstein | 2010 | Associate | $275 | 18.00 | 4,950.00 |
| Jennifer S. Recine | 2004 | Associate | $435 | 129.8 | 56,463.00 |
| Gabriel Irizarry | N/A | Paralegal | $165 | 52.60 | 8,679.00 |
| Richard M. LaRosa | N/A | Managing Clerk | $225 | .50 | 112.50 |
| **TOTAL** | | | | 504.80 | $203,130.00 |

3

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Robert M. Novick (rnovick@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)

*Special Counsel for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                              : Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,  : No. 08-13555 (JMP)
                                                    :
                              Debtors.              : (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SECOND INTERIM APPLICATION OF
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, SPECIAL COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM
JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Kasowitz, Benson, Torres & Friedman LLP ("KBT&F"), special counsel to Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their

non-debtor affiliates, "Lehman"), hereby submit this application (the "Second Interim

Application" or the ("Application"), in accordance with sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of interim compensation for professional services rendered in the amount of $203,130.00 and reimbursement of actual, reasonable, and necessary out-of-pocket expenses incurred in the amount of $7,221.58, during the period beginning June 1, 2010 through and including September 30, 2010 (the "Second Interim Fee Period"), and, in support thereof, respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to hear and determine the Second Interim Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 330(a) and 331 of the Bankruptcy Code.

## GENERAL BACKGROUND

2.      Commencing on September 15, 2008, and periodically thereafter (the "Petition Date"), LBHI, and certain of its subsidiaries and affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are operating their business and managing their properties as debtors in possession.

3.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

5.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.  On March 11, 2010, the Examiner issued his report pursuant to section 1106(b) of the Bankruptcy Code.  On July 13, 2010, the Court entered an order discharging the Examiner and his professionals.

6.     On May 26, 2009, the Court entered an order appointing a fee committee (the "Fee Committee") and approving a fee protocol (the "Fee Protocol") to make recommendations with respect to fees and expenses of retained professionals in these cases.

## RETENTION OF KBT&F

7.     On January 11, 2008, the Debtors, pursuant to sections 327(e) and 328(a) of title 11 of the Bankruptcy Code, filed its application for the authorization to employ and retain, *non pro tunc* to January 6, 2010 (the "Engagement Date"), Kasowitz, Benson, Torres & Friedman LLP as special counsel (the "Debtors' Application").

8.     On January 28, 2010, this Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kasowitz, Benson, Torres & Friedman LLP as Special Counsel, *Nunc Pro Tunc* to the Engagement Date (the "Retention Order").

9.     The Retention Order, as specified in the Debtors' Application, authorizes KBT&F to represent the Debtors in the investigation of "third parties who may have, prior to the Commencement Date, taken actions or made statements that interfered with, and damaged, the Debtors' business (the "Illegal Activity"); and (2) to commence litigation and prosecute, with the Debtors' authorization, third parties who have engaged in Illegal Activity."

## MONTHLY FEE STATEMENTS AND QUARTERLY APPLICATIONS

10.     KBT&F seeks allowance of interim compensation for professional services

6

rendered to the Debtors during the Second Interim Fee Period in the amount of $203,130.00 (including the 20% of such fees "held back"), and reasonable out-of-pocket expenses in the amount of $7,221.58. During the Second Interim Fee Period, KBT&F professionals and paraprofessionals expended a total of 504.80 hours for which compensation is requested.

11.    This Application has been prepared in accordance with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 20, 1991 and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (together, the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Compensation Order"), and together with the Local Guidelines and the UST Guidelines, the "Guidelines").

12.    Annexed hereto as "Exhibit A" is a certification regarding compliance with the Guidelines.

13.    The Compensation Order established a procedure for, *inter alia*, the payment of interim fees and expenses to professionals employed by the Debtors on a monthly basis. KBT&F, on a monthly basis, has been preparing and serving fee statements in accordance with the Compensation Order.[3]

14.    For the period June 1, 2010 through and including September 30, 2010, KBT&F

---

[3]    Pursuant to the Compensation Order, if no timely objections to KBT&F's monthly fee statements are filed, KBT&F is paid 80% of its fees and 100% of its expenses.

submitted four monthly fee statements (the "Monthly Fee Statements").  Through the Monthly

Fee Statements, KBT&F has requested interim fee compensation in the amount of $162,504.00

(representing 80% of the fees billed by KBT&F from June 1, 2010 through September 30, 2010),

and expenses incurred in the total amount of $7,221.58 (100% of the expenses billed by KBT&F

from June 1, 2010 through September 30, 2010).

15.    This Application is KBT&F's second interim fee application and seeks payment

of interim compensation and reimbursement of expenses for services rendered to the Debtors in

amounts that have been invoiced to the Debtors for the period from June 1, 2010 through

September 30, 2010.  Pursuant to the Fee Protocol, the KBT&F will provide a copy of this

Application to the Fee Committee.

16.    There is no agreement or understanding between KBT&F and any other person

for the sharing of compensation to be received for services rendered in these cases.

17.    KBT&F's fees in these cases are billed in accordance with its existing billing

rates and procedures. The rates KBT&F charges for the services rendered by its professionals

and paraprofessionals in these chapter 11 cases are the same rates KBT&F charges for

professional and paraprofessional services rendered in comparable bankruptcy and non-

bankruptcy matters.  Such fees are reasonable based on the customary compensation charged by

comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a

competitive legal market.

18.    Pursuant to the UST Guidelines, the Summary Sheet filed in connection with

this Application sets forth the number of hours expended by each attorney and paraprofessional

of KBT&F who rendered services to the Debtors, their respective hourly rates, and the year in

which each KBT&F attorney was first admitted to practice in New York.

8

19.    Annexed hereto as "Exhibit B" is a schedule specifying the categories of expenses for which KBT&F is seeking reimbursement and the total amount for each expense category.

20.    Annexed hereto as "Exhibit C", pursuant to the UST Guidelines, is a summary of KBT&F's time records billed during the Second Interim Fee Period using "project categories" hereinafter described.

21.    KBT&F maintains contemporaneously created computerized records of the time spent by all KBT&F attorneys and paraprofessionals in connections with the representation of the Debtors in these cases.[4]

## SUMMMARY OF SERVICES RENDERED BY KBT&F DURING THE SECOND INTERIM FEE PERIOD

22.    The professional services that KBT&F rendered during the Second Interim Fee Period are grouped into "project categories" that are described below.

**a. Project Monitoring/Court Calendar & Docket Maintenance
(Task Code- 0300)
(Fees: $4,567.50; Hours: 27.50; Expenses: $780.36)**

23.    Time billed to this matter during the Second Interim Fee Period reflects time spent by KBT&F in connection with submission of a letter brief.  This category includes reviewing pleadings and documents filed on the docket in connection with KBT&F's ongoing investigation of possible claims by the Debtors against third parties.  Furthermore, this category includes time spent in connection with the organization and maintenance of files and evidence related to KBT&F's ongoing investigation of possible claims by the Debtors against third parties and the monitoring of the Court's calendar and docket.

---

[4]    Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for Debtors; and (iv) the Fee Committee.

**b. Rule 2004 Issues**
**(Task Code- 4100)**
**(Fees: $172,463.00; Hours: 413.70; Expenses: $6,280.19)**

24.     Time billed to this matter during the Second Interim Fee Period reflects work done in furtherance of the investigation commenced by KBT&F on behalf of the Debtors into whether the Debtors have pre-petition claims against third parties arising from wrongful interference with and damage to the Debtors' business.  In furtherance of this investigation, KBT&F, among other things, objected and responded to discovery requests from third parties. KBT&F also performed research, and drafted a brief in response to Och-Ziff's motion to quash and drafted a declaration in support of same, as well as prepared for and attended the hearing on the motion to quash.  Subsequent to the hearing on the motion to quash, KBT&F spent time finalizing a stipulation regarding the production of documents with Och-Ziff and negotiating a confidentiality stipulation.  KBT&F also spent time reviewing and responding to Och-Ziff's notice of deposition.

25.     KBT&F also engaged in numerous communications with several other parties served by KBT&F with Bankruptcy Rule 2004 subpoenas *duces tecum*, in furtherance of KBT&F's document requests.  Such communications included discussions regarding the scope of the discovery requested and negotiation of confidentiality stipulations.

26.     This category also includes time KBT&F spent conferring with Debtors regarding preparation for any Rule 2004 document production received by KBT&F, as well as background research in connection with Lehman's collapse.

27.     Expenses billed to this matter during the Second Interim Fee Period include professional investigative services ($5,142.08) provided by the affiliated KBTF Group, LLC ("KBTF Group").  The KBTF Group investigators conducted an investigation into facts

10

supporting possible causes of action by Lehman against third parties. The investigative services

provided by the KBTF Group included attending conferences, meeting with subjects, conducting

background checks, and researching books, periodicals, news stories, blogs and other internet

sources for material information related to possible claims.

### c. Firm's Own Billing/Fee Applications
### (Task Code-4600)
### (Fees: $26,099.50; Hours: 63.60; Expenses: $161.03)

28.   Time billed to this matter during the Second Interim Fee Period reflects

KBT&F's work drafting four Monthly Fee Statements. In addition, this category includes time

spent in preparation for and drafting KBT&F's First Interim Fee Statement

### DISBURSEMENTS

29.   In connection with the provision of the legal services detailed in the Exhibits

hereto and summarized above, KBT&F has incurred out-of-pocket disbursements during the

Second Interim Fee Period in the amount of $7,221.58. This amount is broken down into

categories of charges, as set forth in Exhibit B, which summarizes the expenses incurred for the

Second Interim Fee Period.

30.   KBT&F only seeks reimbursement at actual cost for disbursements incurred

both in-house and from third party vendors. KBT&F charges $.10 per page for photocpying.

KBT&F excludes charges for incoming facsimiles and includes charges for outgoing facsimiles

at applicable toll charge rates only. These charges are intended to cover KBT&F's direct

operating costs for photocopying and facsimile facilities, which costs are not incorporated into

KBT&F hourly billing rates. Only clients who actually use photocopying, facsimile, and other

office services of the types set forth in Exhibit B are separately charged for such services.

31.   Expenses for automated legal research and the searching of official records were

also incurred. On several occasions, mailing charges were incurred. The actual expenses

incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors.

### INTERIM COMPENSATION AND REIMBURSEMENT IS WARRANTED

32.    The professional services performed by KBT&F were actual, necessary and appropriate to the administration of the Debtors' chapter 11 cases and were in the best interests of the Debtors and their stakeholders.

33.    Section 331 of the Bankruptcy Code allows a bankruptcy court to authorize interim compensation for "[a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title . . . not more than once every 120 days after an order for relief in a case under this title . . . ."

34.    Section 330(a)(1)(A) and (B) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." Section 330(a)(3)(A), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
>  (A) the time spent on such services;
>  (B) the rates charged for such services;
>  (C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>  (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>  (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3)(A).

35.    KBT&F respectfully submits that the elements governing awards of compensation justify the allowance request.

### a. The Time and Labor Required

36.   The professional services rendered by KBT&F have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends and holidays.  The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.  During the Second Interim Fee Period, 504.80 recorded hours were expended by KBT&F's attorneys and paraprofessionals in providing the requested professional services. KBT&F's hourly billing rates, as set out in Application Summary, are computed at the rates KBT&F regularly charges its hourly clients.

### b. The Necessity of the Services and the Benefit to the Estate

37.   KBT&F's services are essential to the investigation, and possible prosecution, of potentially valuable pre-petition claims against third parties who may have sought to wrongfully exploit the Debtors and profit from the resultant harm.  Any such claims would constitute valuable assets of the Debtors' estate, and KBT&F's services are vital to the identification and preservation of these assets.

### c. The Novelty and Difficulty of the Issues Presented in this Case

38.   KBT&F's services of necessity involve the investigation of sophisticated and well-represented third parties and intricate fact patterns.  Among the difficulties posed by this investigation is the fact that any wrongdoers will have a strong incentive to conceal their malfeasance, and the development of claims against them will necessarily pose an array of complex and novel legal issues.

### d. The Experience, Reputation and Ability of the Attorneys

39.   KBT&F has extensive experience in the areas of insolvency and complex commercial litigation.  KBT&F's services on behalf of the Debtors have been rendered in a

highly efficient manner by attorneys who have achieved a high degree of expertise in these areas. The skill and competency of the KBT&F attorneys who have represented the Debtors have ensured that these cases have been administered in the most efficient and expeditious manner.

## **NOTICE**

40.    Notice of this Application, as set forth in the Compensation Order, has been given to (a) the Debtors, (b) counsel for the Debtors, (c) the Office of the United States Trustee, (d) Counsel for the Official Committee of Unsecured Creditors and (e) the chairperson of the fee committee.

41.    No other or prior application or motion for the relief requested herein has been made to this or any other Court.

**CONCLUSION**

42.    For the foregoing reasons, KBT&F respectfully requests that this Court issue an order substantially in the form of the proposed order attached hereto as Exhibit D: (i) allowing compensation for professional legal services rendered as Special Counsel for the Debtors in the amount of $203,130.00 for the Second Interim Fee Period; (ii) allowing reimbursement for actual and necessary expenses incurred in the amount of $7,221.58 for the Second Interim Fee Period; and (iii) granting such other and further relief as this Court may deem necessary and appropriate.

Dated: December 14, 2010
      New York, New York

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP

By:    /s/ Robert M. Novick_____
      Marc E. Kasowitz
      (mkasowitz@kasowitz.com)
      Michael J. Bowe
      (mbowe@kasowitz.com)
      Robert M. Novick
      (rnovick@kasowitz.com)
      Albert S. Mishaan
      (amishaan@kasowitz.com)
      1633 Broadway
      New York, New York 10019
      (212) 506-1700

      *Special Counsel for the Debtors*
      *and Debtors-in-Possession*

**EXHIBIT A**

Hearing Date: TBD

**EXHIBIT A**

**CERTIFICATION OF MICHELLE VLADIMIRSKY**

Hearing Date: TBD

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)
Michelle Vladimirsky (mvladimirsky@kasowitz.com)

*Special Counsel for Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                              : Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.               : No. 08-13555 (JMP)
                                                    :
                                  Debtors.           : (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF SECOND INTERIM APPLICATION OF
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, AS SPECIAL COUNSEL
FOR THE DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT
OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

I, Michelle Vladimirsky, hereby certify that:

1.    I am an attorney admitted to practice before the courts of the State of New York and

the United States District Court for the Southern District of New York. I am an associate of the

law firm of Kasowitz, Benson, Torres & Friedman LLP ("KBT&F"), special counsel to Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their

non-debtor affiliates, "Lehman").[1]

2.   I submit this certification in accordance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* adopted by the Court on April 19, 1995, and the *Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* adopted by the Court on June 20, 1991 (collectively, the "Local Guidelines"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* adopted on January 30, 1996 (the "UST Guidelines"), this Court's *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order"), and this Court's *Order Appointing Fee Committee and Approving Fee Protocol* (the "Fee Protocol Order," and together with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines").

3.   This certification is made in respect to the *Second Interim Application of Kasowitz, Benson, Torres & Friedman LLP, Special Counsel to the Debtors and Debtors in Possession in the Above Captioned Case, For Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred From June 1, 2010 Through September 30, 2010* (the "Second Interim Application").

4.   All of the services for which compensation is sought by KBT&F were performed for and on behalf of the Debtors and not on behalf of any other person.

5.   No agreement exists between KBT&F and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the

---

[1]      Defined terms used herein, but not defined, shall have the meaning ascribed to them in the Second Interim Application.

above-captioned cases.

6.  In accordance with the Local Guidelines, I hereby certify that:

  a.  I have read the Second Interim Application;

  b.  To the best of my knowledge, information and belief, formed after
  reasonable inquiry, the fees and disbursements sought fall within the
  Guidelines;

  c.  To the best of my knowledge, information and belief, the fees and
  disbursements sought fall within the Guidelines, are billed at rates, and in
  accordance with practices customarily employed by KBT&F and generally
  accepted by KBT&F's clients;

  d.  In providing a reimbursable service, KBT&F does not make a profit on
  that service, whether the service is performed by KBT&F in-house or
  through a third party; and

  e.  For the period of time from June 1, 2010 through September 30, 2010,
  KBT&F has been providing statements of KBT&F's fees and
  disbursements accrued during each month in accordance with the
  procedures approved by this Court in the Interim Compensation Order.

7.  In respect of A.2 of the Local Guidelines, I certify to the best of my knowledge,
information and belief, formed after reasonable inquiry, that KBT&F has provided, on a
monthly basis, statements of its fees and disbursements accrued during the previous month, by
serving monthly statements in accordance with the Interim Compensation Order.

8.  In respect of A.3 of the Local Guidelines, I certify that copies of the Application are
being provided to (a) the Debtors, (b) counsel for the Debtors, (c) counsel for the Committee,
(d) the Office of the United States Trustee and (e) the chairperson of the fee committee in
accordance with the Interim Compensation Order.

Dated: December 14, 2010
       New York, New York

/s/ Michelle Vladimirsky
Michelle Vladimirsky

# EXHIBIT B

## Summary of Expenses

| DESCRIPTION | AMOUNT |
|---|---:|
| Officials Records Search | 120.62 |
| Professional Investigative Services (KBTF Group, LLC) | 5142.08 |
| Automated Research | 544.04 |
| Local Transportation | 242.41 |
| Business Meals | 224.59 |
| Document Reproduction | 610.05 |
| Document Delivery | 319.86 |
| Telephone | 1.71 |
| Facsimile | 16.22 |
| **TOTAL** | $7,221.58 |

Hearing Date: TBD

# EXHIBIT C

## Hours and Fees for Services Rendered for the Second Interim Fee Period By Category

| TASK CODE (Matter Number) | MATTER | HOURS | FEE |
|---|---|---|---|
| 0300 (09114001) | Project Monitoring/Court Calendar/Docket Maintenance | 27.50 | 4,567.50 |
| 4100 (09114014) | 2004 Issues | 413.70 | 172,463.00 |
| 4600 (09114019) | Firm's Own Billing/Fee Applications | 63.60 | 26,099.50 |
| **TOTAL** | | 504.80 | $203,130.00 |

Hearing Date: TBD

# EXHIBIT D

Hearing Date: TBD

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                  : Chapter 11
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  : No. 08-13555 (JMP)
                                        :
                    Debtors.            : (Jointly Administered)
                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING APPLICATION FOR ALLOWANCE OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Upon consideration of the Application for Allowance of Interim Compensation and

Reimbursement of Expenses (the "Application") for professional services rendered and expenses

incurred during the period commencing June 1, 2010 through September 30, 2010; and a hearing

having been held before this Court to consider the Application on _____;

and notice appearing to have been given pursuant to Federal Rules of Bankruptcy Procedure

2002(a)(7) and (c)(2); and due consideration having been given to any responses thereto; and

sufficient cause having been shown therefore, it is hereby

ORDERED that the Application is granted to the extent set forth in Schedule "A."

Date:  New York, New York
       _____, 2011


                              _____
                              United States Bankruptcy Judge
                              Southern District of New York

Case No.:     08-13555 (JMP)
Case Name:    In Re Lehman Brothers Holdings, Inc., et al.

CURRENT FEE PERIOD:
June 1, 2010 through September 30, 2010

| APPLICANT | DATE AND DOCUMENT NO. OF APPLICATION | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|---|---|---|---|---|---|
| Kasowitz, Benson, Torres & Friedman LLP | December 14, 2010 Docket No. | $203,130.00 | | $7,221.58 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

SCHEDULE:  A              DATE:_____         INITIALS:  _____ USBJ