PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**FIFTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Role in Case: | Special Counsel to Debtors |
| Date of Retention: | February 25, 2009 |
| Period for which Compensation and Reimbursement is Sought: | June 1, 2010 to September 30, 2010 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 421,357.98 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 11,077.86 |
| Total Amount Sought: | $ 432,438.54 |

This is a/n: __X__ Interim _____ Final Application.

Prior Applications:                    First-Fourth Interim Applications

Total Amounts Received for the
Interim Period:                        $                215,656.36

**Total Compensation and Expenses**
**Previously Requested and Awarded:**

| Application | Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|---|
| First | 08/14/09 | February 2009 – May 2009 | $189,797.67 | $6,538.14 | $170,817.90 | $6,538.14 |
| Second | 12/14/09 | June 2009 – September 2009 | $432,763.22 | $13,510.21 | $430,099.27 | $12,858.05 |
| Third | 04/16/10 | October 2009 – January 2010 | $454,706.30 | $6,844.14 | $338,678.45 | $5,876.14 |
| Fourth | 08/17/10 | February 2010 – May 2010 | $469,354.86 | $3,843.96 | N/A | N/A |

## SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD FROM FEBRUARY 1, 2010 THROUGH MAY 30, 2010

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Richard M. Pachulski, Partner | 1979 | $925.00 | 223.20 | $215,710.00 |
| Richard M. Pachulski, Partner | 1979 | 462.50 | 1.00 | 462.50 |
| Dean A. Ziehl, Partner | 1978 | 855.00 | 113.95 | 97,427.25 |
| Robert B. Orgel, Partner | 1981 | 825.00 | 724.90 | 598,042.50 |
| Richard J. Gruber, Partner | 1982 | 795.00 | 1.00 | 795.00 |
| Andrew W. Caine, Partner | 1989 | 750.00 | 53.20 | 39,895.00 |
| Ian A.W. Nasatir, Partner | 1983 | 725.00 | .50 | 362.50 |
| James K.T. Hunter, Of Counsel | 1988 | 695.00 | 84.80 | 58,936.00 |
| Steven J. Kahn, Of Counsel | 1977 | 695.00 | .50 | 347.50 |
| Daryl G. Parker, Of Counsel | 1970 | 695.00 | 110.20 | 76,589.00 |
| Victoria Newmark, Of Counsel | 1996 | 625.00 | 5.70 | 3,562.50 |
| Shirley S. Cho, Of Counsel | 1997 | 625.00 | 12.00 | 7,500.00 |
| Harry Hochman, Of Counsel | 1987 | 625.00 | 71.00 | 44,375.00 |
| Malhar S. Pagay, Partner | 1997 | 575.00 | 44.60 | 25,645.00 |
| Gina Brandt, Of Counsel | 1976 | 575.00 | 23.20 | 13,340.00 |
| Jonathan J. Kim, Of Counsel | 1995 | 575.00 | 86.00 | 49,450.00 |
| Mary D. Lane, Of Counsel | 1976 | 550.00 | 7.40 | 4,070.00 |
| Robert M. Saunders, Of Counsel | 1984 | 550.00 | .40 | 220.00 |
| Maria A Bove, Of Counsel | 2001 | 550.00 | 156.00 | 85,800.00 |
| Maria A Bove, Of Counsel | 2001 | 275.00 | .80 | 220.00 |
| Celine Guillou, Of Counsel | 1998 | 450.00 | 13.50 | 6,075.00 |
| Leslie A. Forrester, Paralegal | N/A | 260.00 | 2.80 | 728.00 |
| Denise A. Harris, Paralegal | N/A | 235.00 | 25.50 | 5,992.50 |

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Thomas J. Brown, Paralegal | N/A | 205.00 | .80 | 164.00 |
| Mike A. Matteo, Paralegal | N/A | 205.00 | 13.40 | 2,747.00 |
| Kati L. Suk, Paralegal | N/A | 185.00 | 10.40 | 1,924.00 |
| Andrew Sahn, Paralegal | N/A | 160.00 | 3.30 | 528.00 |
| TIME CHARGES TOTAL: | | | 1,800.05 | $1,340,908.25* |

Total Hours:                                         1,800.05

Blended Hourly Rate:                        $744.92
(Attorneys and Paralegals)

Blended Hourly Rate:                        $762.00
(Attorneys)

* This amount represents all fees incurred by PSZJ during the Interim Period.  As set forth in the
Interim Application, PSZJ is seeking compensation from the Debtors' estates only for the portion
of such amount incurred in connection with services provided for the benefit of the Debtors, and
with the additional voluntary reductions set forth in the Interim Application.

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**FIFTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM
JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

TO:    THE HONORABLE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE:

Pachulski Stang Ziehl & Jones LLP ("PSZJ"), special counsel for Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases

(collectively, the "Debtors"), submits this fifth interim application (the "Interim Application")

seeking allowance of (a) compensation for professional services rendered by PSZJ to the Debtors

in the amount of $421,357.98, and (b) reimbursement of actual and necessary charges and

disbursements incurred by PSZJ in the rendition of required professional services on behalf of

the Debtors in the amount of $11,077.86, in each case for the period from June 1, 2010 through

September 30, 2010 (the "Interim Period") pursuant to section 330(a) of title 11 of the United

DOCS_NY:22777.4

States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), General Order M-389, Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the

"Local Guidelines"), the Third Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly

Compensation of Professionals, entered in these cases on June 25, 2009 (the "Interim

Compensation Order"), and the Fee Committee Guidelines (as defined below and, collectively

with the UST Guidelines, the Local Guidelines and the Interim Compensation Order, the

"Guidelines").  In support of this Interim Application, PSZJ respectfully represents as follows:

## Background

1.    Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the other

Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

2.    On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI"). A trustee appointed under SIPA is administering LBI's estate. On January 19, 2009, the

U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court

approved the U.S. Trustee's appointment of the Examiner.

4.      On May 26, 2009, the Court entered an order appointing a fee committee

(the "Fee Committee") and approving a fee protocol (the "Fee Protocol").  Pursuant to the Fee

Protocol, the Fee Committee subsequently has submitted additional reports, which provide, *inter*

*alia*, additional guidelines regarding compensation procedures for professionals retained in these

cases (the "Fee Committee Guidelines").

### Jurisdiction and Venue

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Retention of PSZJ

6.      On June 3, 2009, the Debtors filed their Application Pursuant to Sections

327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for

Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to

LBHI and Lehman Commercial Paper, Inc. ("LCPI"), effective *nunc pro tunc* to February 25,

2009 (the "Engagement Date") with respect to the matters arising in the chapter 11 cases (the

"SunCal Chapter 11 Cases") of Palmdale Hills Property, LLC, *et al*. (collectively, the "SunCal

Debtors"), which are pending in the Bankruptcy Court for the Central District of California (the "California Bankruptcy Court") under jointly administered Case No. 08-17206.[1]

7.    On June 17, 2009, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Special Counsel to the Debtors, *nunc pro tunc* to the Engagement Date (the "Retention Order").

8.    Pursuant to the Retention Order, PSZJ has been retained with respect to the following matters (collectively, the "Representative Matters"): (i) representing the Lehman Entities (defined below) in relation to any issues arising with respect to any disclosure statement(s) and plan(s) of reorganization filed by the SunCal Debtors and the Lehman Entities in the SunCal Chapter 11 Cases, including pending and anticipated litigation with respect thereto; (ii) representing the Lehman Entities in relation to prosecuting or defending various other motions, appeals, and other matters arising in the SunCal Chapter 11 Cases to protect the Lehman Entities' rights; and (iii) representing the Lehman Entities in litigation pending against

---

[1] The SunCal Debtors consist of (i) the following 17 debtors (collectively, the "SunCal Voluntary Debtors"): Palmdale Hills Property, LLC (Main Case No. 08-17206-ES) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES); and (ii) the following 9 debtors (collectively, the "SunCal Trustee Debtors"): SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).  On or about January 15, 2009, the California Bankruptcy Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases.  Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the chapter 11 trustee for the Trustee Debtors (the "SunCal Chapter 11 Trustee")

them in the California Bankruptcy Court, entitled *Palmdale Hills Property, LLC v. Lehman ALI,*

*Inc., et al.*, Adv. P. 09-01005 (the "Equitable Subordination Action"). PSZJ's services are

limited to matters in the California Bankruptcy Court and any appellate courts with respect to

appeals arising in connection with the Representative Matters, and PSZJ will not represent the

Lehman Entities with respect to matters pending or that may arise in this Court, other than

matters pertaining to PSZJ's employment and matters arising in connection with the SunCal

Chapter 11 Cases.

9.      In connection with certain of the Representative Matters, PSZJ is also

representing the following non-debtor affiliates of LBHI and LCPI: Lehman ALI, Inc.;

Northlake Holdings LLC; OVC Holdings LLC; LV Pacific Point LLC; LBREP II/Suncal Land

Fund Member, LLC; Oak Valley, LLC; SCLV Northlake, LLC; and LB/L DUC III Master LLC

(collectively with LCPI, the "Lehman Entities"). *See* Declaration of Dean A. Ziehl in Support of

Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of

the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Pachulski

Stang Ziehl & Jones LLP as Special Counsel to the Debtors at ¶5. As described fully below,

PSZJ is seeking compensation separately from the foregoing non-debtor affiliates for services

provided on their behalf in connection with certain of the Representative Matters during the

Interim Period. *See id.*

### Relief Requested

10.      Prefixed to this Interim Application is the cover sheet required by the UST

Guidelines, which includes a schedule setting forth the names of all PSZJ professionals and

paraprofessionals who have performed services for which compensation is sought, the person's

position in the firm, and the year each attorney was first admitted to practice law.  In addition,

the schedule sets forth for each person (a) the hourly rate(s) during the Interim Period, (b) the

total hours billed during the Interim Period, and (c) the total compensation for such hours.

11.    Pre-petition certain Lehman Entities made various loans to certain SunCal

Debtors and certain of their non-debtor affiliates pursuant to various separate loan agreements

(collectively, the "Lehman Loans").  Over $2.0 billion, including accrued interest, is owed on the

Lehman Loans.

12.    PSZJ previously requested compensation from the Court for professional

services and reimbursement of expenses in its first interim application dated August 14, 2009

(the "First Interim Fee Application").  On September 25, 2009, the Court entered an order

approving PSZJ's First Interim Fee Application, and on April 9, 2010 entered an amended order

with respect to such application.

13.    In addition, PSZJ previously requested compensation from the Court for

professional services and reimbursement of expenses in its second interim application dated

December 14, 2009 (the "Second Interim Fee Application").  On April 9, 2010, the Court entered

an order approving the Second Interim Fee Application, subject to certain reductions requested

by the Fee Committee.

14.    On April 16, 2010, PSZJ filed its third interim application (the "Third

Interim Application").  On September 7, 2010, the Court entered an order approving the Third

Interim Application, subject to certain reductions requested by the Fee Committee.

15.    On August 17, 2010, PSZJ filed its fourth interim application (the "Fourth Interim Application"). As of the date of the filing of this Interim Application, the Court has not ruled on the Fourth Interim Application.

16.    By this Interim Application, PSZJ seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Interim Period in the aggregate amount of $421,357.98, and for reimbursement of actual, necessary expenses incurred during the Interim Period in connection with such services in the aggregate amount of $11,077.86.

17.    In accordance with the Interim Compensation Order, PSZJ has received payments totaling $215,665.36 ($209,102.99 of which is for services rendered and $6,562.37 of which is for reimbursement of expenses) for the Interim Period. By this Interim Application, PSZJ seeks payment of the remaining $186,642.39, which amount represents the Court-ordered 20% holdback of PSZJ requested fees during the Interim Period, plus any remaining unpaid amounts for the Interim Period,[2] less an additional voluntary reduction taken pursuant to this Interim Application for expenses in the total amount of $130.30.[3]

18.    During the Interim Period, PSZJ attorneys and paraprofessionals expended a total of 1,800.05 hours for services provided in connection with the Representative Matters, and incurred fees in the total amount of $1,340,908.25 and expenses in the total amount of $36,795.92 in connection with such services.

---

[2] As of the date of the filing of this Application, PSZJ has not been paid any amount in connection with fees and expenses requested for the month of September 2010 or for a portion of its fees requested for the month of July 2010.

[3] Pursuant to this Interim Application, PSZJ is deducting $130.30 for expenses incurred for secretarial overtime.

19.    Certain of the services performed by PSZJ during the Interim Period were provided on behalf of and rendered a benefit only to LCPI.  In particular, these services consist of those performed in connection with certain appeals as described below and other matters arising in the SunCal Chapter 11 Cases affecting the automatic stay as it applies to LCPI. Annexed hereto as Exhibit A is a summary of the services by project category rendered by PSZJ for the benefit of LCPI only and for which compensation is sought from the Debtors' estates. PSZJ is seeking compensation from the Debtors' estates for services performed during the Interim Period solely on behalf of and for the benefit of LCPI in the total amount of $27,265.00, as set forth in Exhibit A.

20.    In addition, due to the nature of the matters pending in the SunCal Debtors' Chapter 11 Cases, certain of the services performed and expenses incurred by PSZJ during the Interim Period were provided on behalf of and rendered a benefit to all of the Lehman Entities, including LCPI.  PSZJ has allocated the fees and expenses for such services between the Debtors' estates, on the one hand, and the nondebtor affiliates on the other hand, in accordance with the applicable loan balances attributed to the loans extended by each respective Lehman Entity to each respective SunCal Debtor.  Pursuant to such allocation, 30% of fees and expenses incurred by PSZJ are attributable to the Debtors' estates and 70% of fees and expenses incurred by PSZJ are attributable to the nondebtor Lehman Entities.

21.    Accordingly, during the Interim Period, (a) of the total fees in the amount of $1,313,643.25 incurred for the benefit of all the Lehman Entities (including LCPI), PSZJ is seeking compensation in the amount of $394,092.98 from the Debtors' estates, and (b) of the total expenses in the amount of $36,795.92 incurred for the benefit of all Lehman Entities

08-13555-mg    Doc 13485    Filed 12/14/10    Entered 12/14/10 18:37:34    Main Document
Pg 12 of 25

(including LCPI), PSZJ is seeking compensation in the amount of $11,077.86 from the Debtors'

estates.[4]

22.    In sum, pursuant to this Interim Application, PSZJ hereby seeks allowance

and compensation from the Debtors' estates of the following: (a) compensation for professional

services rendered during the Interim Period in the aggregate amount of $432,435.84 (*i.e.*,

$27,265.00 plus $394,092.98); and (b) reimbursement of expenses incurred during the Interim

Period in connection with such services in the aggregate amount of $11,077.86.

23.    Annexed hereto as <u>Exhibit B</u> is a summary of all services rendered by

PSZJ during the Interim Period by project category.  Annexed hereto as <u>Exhibit C</u> is a summary

of time charges and hourly rates by professional.  Annexed hereto as <u>Exhibit D</u> is a summary of

the types of expenses for which reimbursement is sought. Annexed hereto as <u>Exhibit E</u> is a

listing of the detailed time entries of PSZJ professionals and paraprofessionals, by project

category, with respect to the compensation requested as well as a detailed itemization of

expenses for which reimbursement is sought.  Annexed hereto as <u>Exhibit F</u> is the certification of

Dean A. Ziehl with respect to the Interim Application pursuant to the Local Guidelines.

## Summary of Services Rendered

24.    The names of the partners and associates of PSZJ who have rendered

professional services in this case during the Interim Period, and the paralegals who provided

services to these attorneys during the Interim Period, are set forth in the attached <u>Exhibit C</u>.

---

[4]  PSZJ has sought or will seek payment from the nondebtor Lehman Entities for the remaining fees and expenses it incurred during the Interim Period.

25.    PSZJ, by and through the above-named persons, has prepared and assisted

in the preparation of various pending motions and orders submitted to the California Bankruptcy

Court and the Ninth Circuit Bankruptcy Appellate Panel for consideration, advised the Debtors

on a regular basis with respect to various matters in connection with the SunCal Chapter 11

Cases, and performed all necessary professional services which are described and narrated in

detail below.

## Summary of Services by Categories

26.    The services rendered by PSZJ during the Interim Period can be grouped

into the categories set forth below.  PSZJ attempted to place the services provided in the category

that best relates to such services.  However, because certain services may relate to one or more

categories, services pertaining to one category may in fact be included in another category.

These services performed, by categories, are generally described below, with a more detailed

identification of the actual services provided set forth on the attached Exhibit E.  Exhibit E

identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

## A.    General Case Administration [Code 0100]

27.    Time billed in this category relates to reviewing the dockets for filings and

the status of various matters in the SunCal Chapter 11 Cases, reviewing pleadings, proofs of

claim and various other documents in connection with such cases, and participating in meetings

and weekly conference calls regarding the status of such matters.

Fees:   $2,974.50          Total hours:   3.50

**B.**    **General Case Strategy Meetings [Code 0200]**

28.    Time billed in this category relates to the preparation for and participation

in meetings with the Lehman Entities, Lehman Entities' professionals, and counsel for other

constituencies in the SunCal Chapter 11 Cases regarding various pending matters in the SunCal

Chapter 11 Cases.

Fees:  $68,484.00         Total hours:    77.60

**C.**    **Calendar and Docket Maintenance [Code 0300]**

29.    Time billed in this category relates to correspondence with the California

Bankruptcy Court and WL Homes' court regarding hearing dates and scheduling matters.

Fees:  $340.50         Total hours:    0.50

**D.**    **Hearings and Court Communications [Code 0400]**

30.    Time billed in this category relates to (a) communications with the

California Bankruptcy Court regarding scheduled matters in the SunCal Chapter 11 Cases, (b)

appearing at various hearings in the California Bankruptcy Court, and (c) appearing at hearings

in this Court regarding matters implicating LCPI's automatic stay and the SunCal Chapter 11

Cases.

Fees:  $8,770.50         Total hours:    10.30

**E.**    **Non-working Travel [Code 0500]**

31.    Time billed in this category relates to travel to this Court for conferences

with the Fee Committee and professionals and travel to the California Bankruptcy Court for a

status conference.  All non-working travel is billed at 1/2 the attorney's regular rate.

Fees:  $682.50         Total hours:    1.80

**F.**  **Cash Management [Code 1200] and Other General Business Operations [Code 2000]**

32.    Time billed in this category relates to reviewing the SunCal Debtors'

operating reports.

Fees:  $1,121.50          Total hours:    2.30

**G.**  **Real Estate Matters [Code 2300]**

33.    Time billed in this category relates to analyzing issues related to the

Lehman Entities' collateral owned by the SunCal Debtors.

Fees:  $1,181.00          Total hours:    1.60

**H.**  **Loans/Investments [Code 2600]**

34.    Time billed in this category relates to (i) the preparation of transfer

agreements and notices of transfers of claims arising from prepetition loan agreements among

certain Lehman Entities and the SunCal Debtors related to the prepetition loan repurchase

agreement (the "Loan Repurchase Agreement") between Fenway Capital LLC ("Fenway") and

certain Lehman Entities, (ii) the review and analysis of the termination of the Loan Repurchase

Agreement, (iii) the review and revisions to documentation related to the termination of the Loan

Repurchase Agreement, (iv) the review and revision of the Bankruptcy Rule 9019 approval

motion and reply to oppositions thereto filed in the above-captioned cases with respect to

termination of the Loan Repurchase Agreement, (v) correspondence with respect to and

amendments to the stipulation among certain Lehman Entities and the SunCal Voluntary Debtors

with respect to the valuation of such Lehman Entities' collateral pursuant to section 506(d) of the

Bankruptcy Code filed in the SunCal Chapter 11 Cases, and (vi) research for, correspondence in

connection with and preparation of response to motion by the appointed receiver in the WL

Homes case to sell property subject to certain Lehman Entities' loans.

Fees:   $75,831.00          Total hours:   97.00

## I.    Non-Derivative Stay/Safe Harbor [Code 3000]

Time billed in this category relates to analysis of issues impacting LCPI's

automatic stay in the SunCal Chapter 11 Cases and research for, correspondence related to, and

preparation of pleadings regarding the implication of LCPI's automatic stay to matters pending

in the SunCal Chapter 11 Cases, including the SunCal Debtors' motion for relief from the

automatic stay filed in the above-captioned cases.

Fees:   $8,078.00          Total hours:   9.40

## J.    DIP Financing [Code 3300]

35.    Time billed in this category relates to negotiations concerning debtor-in-

possession financing provided by the Lehman Entities to the SunCal Trustee Debtors and the

Lehman Entities' authorization regarding the SunCal Voluntary Debtors' use of cash collateral,

and the preparation of motions, stipulations and orders in connection therewith.

Fees:   $16,240.00          Total hours:   24.80

## K.    Plan of Reorganization [Code 3500]

36.    Time billed in this category relates to (a) research for, meetings in

connection with, correspondence related to, and the preparation of the (i) amended Lehman

Entities' competing plan of reorganization with respect to eight of the SunCal Trustee Debtors

filed in the SunCal Chapter 11 Cases and (ii) the Lehman Entities' competing plan with respect

to the SunCal Voluntary Debtors filed in the SunCal Chapter 11 Cases, and (b) review and

analysis of plans of reorganization and amendments thereto filed by the SunCal Voluntary

Debtors.

Fees:  $509,544.25          Total hours:    631.05

**L.      Disclosure Statement/Voting [Code 3600]**

        37.      Time billed in this category relates to (a) research for, meetings in

connection with, correspondence related to, and the preparation of the (i) amended Lehman

Entities' disclosure statement with respect to the Lehman Entities' competing plan of

reorganization for eight of the SunCal Trustee Debtors filed in the SunCal Chapter 11 Cases and

(ii) the Lehman Entities' disclosure statement with respect to the Lehman Entities' competing

plan for the SunCal Voluntary Debtors filed in the SunCal Chapter 11 Cases, (b) research with

respect to solicitation procedures with respect to the Lehman Entities' competing plans of

reorganization, and (c) review and analysis of disclosure statements and amendments thereto

filed by the SunCal Voluntary Debtors.

Fees:  $136,009.50          Total hours:    172.90

**M.      Non-Derivative Claims Issues [Code 3700]**

        38.      Time billed in this category relates to (a) the extensive analysis of proofs

of claim filed against each of the 26 SunCal Debtors, including claims filed by vendors and

sureties in connection with prepetition performance and payment bonds issued to the SunCal

Debtors, (b) attendance to issues with respect to the SunCal Voluntary Debtors' opposition to the

stipulation by and among the Lehman Entities and the SunCal Chapter 11 Trustee with respect to

the joint filing of objections to claims by the Lehman Entities and the SunCal Chapter 11

Trustee, (c) research for and the preparation of omnibus objections to claims filed against the

SunCal Trustee Debtors, including omnibus objection nos. 1-6 to duplicate claims, amended

claims, and untimely claims, (d) analysis of and research with respect to the largest twenty

disputed claims filed against the SunCal Trustee Debtors, (e) analysis of and preparation of

objections to claims filed by insiders of the SunCal Debtors, including claims filed by SunCal

Management, LLC and SCC Acquisitions, Inc., (f) research for and preparation of oppositions to

motions by Bond Safeguard Insurance Co. (and its affiliate, Lexon Insurance Co.) and LB-L

Duc/Bethel Island Master Fund for authority to file late claims against the SunCal Debtors, (g)

the preparation of documentation necessary for the transfer of claims related to the Loan

Repurchase Agreement between Fenway and certain Lehman Entities regarding loans between

certain Lehman Entities and the SunCal Debtors, and (h) correspondence with Weil Gotshal &

Manges LLP ("WGM"), the SunCal Chapter 11 Trustee and the Lehman Entities with respect to

the foregoing.

Fees:   $281,794.50        Total hours:    409.70

**N.    Other Motions and Matters [Code 3800]**

         39.    Time billed in this category relates to services provided in connection with

opposing various motions filed by the SunCal Debtors in the SunCal Chapter 11 Cases, including

the motion filed by the SunCal Voluntary Debtors requesting a discretionary stay of all

proceedings in the SunCal Chapter 11 Cases, and opposing the motion by the SunCal Debtors for

a stay pending appeal of decisions of this Court with respect to motions filed by the SunCal

Debtors in the above-captioned cases. In connection with the foregoing, PSZJ, among other

things, (a) prepared for and participated in various meetings with professionals, (b) prepared for

and appeared at hearings in the California Bankruptcy Court, and (c) performed research for and

prepared objections and supporting documents in response to various motions filed by the

SunCal Debtors.

40.    In addition, PSZJ prepared for and participated in discovery conferences

and conducted extensive discovery in connection with the Equitable Subordination Action, the

SunCal Debtors' motion to substantively consolidate their estates (the "Substantive

Consolidation Motion") and other pending contested matters described above.  For further

clarification, the Lehman Entities dispute the claims set forth in the Equitable Subordination

Action and served discovery requests to the SunCal Debtors.  The SunCal Debtors also served

discovery requests upon the Lehman Entities demanding the production of a multitude of

categories of documents.  Pursuant to California Bankruptcy Court-mandated deadlines

regarding the coordinated discovery schedule for both the Substantive Consolidation Motion and

the Equitable Subordination Action, the Lehman Entities were required to produce such

documents prior to mid-January 2010, and thereafter on a rolling basis.  Given the complex

nature of the litigation, the numerous plaintiffs and defendants, as well as the short time frame

involved, PSZJ attorneys and WGM attorneys worked substantial hours to complete the

discovery within the California Bankruptcy Court-mandated time frames.  This document review

required processing over 476,000 electronic documents from the numerous Lehman Entities with

the assistance of an e-discovery document review platform called Stratify.  PSZJ and WGM

attorneys then reviewed and analyzed for responsiveness over 160,000 documents, most of

which were multiple page documents.  This review included a substantial privilege analysis and

redaction process since the Lehman Entities had over 1900 individual attorneys and nearly 90

law firms.  PSZJ attorneys, along with WGM attorneys, also reviewed nearly 115,000 documents

produced by the SunCal Debtors, most of which also were multi-page documents requiring detailed analysis.

Fees:   $129,694.00          Total hours:   187.70

### O.    Non-Derivative Litigation [Code 3900]

41.    Time billed in this category relates to the services performed by PSZJ in connection with various litigation issues arising in the SunCal Debtors' cases.  During the Interim Period, PSZJ, among other things, (a) prepared for and participated in various meetings with professionals, (b) performed research for and prepared pleadings and status reports filed in the Equitable Subordination Action, and (c) prepared for and participated in settlement negotiations with all professionals in the SunCal Debtors' cases, including the preparation of settlement term sheets and joint defense agreements in connection therewith.

Fees:   $39,952.00          Total hours:   51.20

### P.    Appeals [Code 4200]

42.    Time billed in this category relates to the preparation of pleadings, correspondence with WGM, preparation for hearings and related services in connection with the appeals (the "Appeals") of various orders of the California Bankruptcy Court and the Bankruptcy Appellate Panel for the Ninth Circuit (the "9th Cir. BAP") as follows:

(a)    BAP Nos. 09-1100 through 09-1107 relate to appeals to the Bankruptcy Appellate Panel for the Ninth Circuit of several orders entered by the California Bankruptcy Court denying various motions for relief from the automatic stay filed by LCPI and Lehman ALI in the SunCal Chapter 11 Cases.  LCPI and Lehman ALI appealed aspects of the orders impacting the automatic stay applicable to LCPI.

(b)     Case No. 10-6004 pending in the Court of Appeals for the Ninth Circuit relates to

the appeal by the SunCal Debtors of the decision by the 9th Cir. BAP in the 9th

Cir. BAP appeals set forth above in subsection (a), which decision reversed the

California Bankruptcy Court.

(c)     BAP No. 10-1007 relates to the consolidated cross-appeals of the Lehman Entities

and the SunCal Debtors of the California Bankruptcy Court's order providing,

among other things, that the Lehman Entities were authorized to file proofs of

claim in the SunCal Chapter 11 Cases as agents of Fenway.

(d)     BAP No. 09-1121 relates to the appeal to the 9th Cir. BAP of an order entered by

the California Bankruptcy Court granting the SunCal Debtors' motion for leave to

file a second amended complaint to, among other things, name LCPI as a

defendant in the Equitable Subordination Action.

Fees:  $29,514.50          Total hours:    42.60

## Q.     PSZJ Fees [Code 4600]

43.     Time billed in this category relates to the preparation of monthly fee

statements, interim fee applications and responses to Fee Committee reports.

Fees:  $32,037.00          Total hours:    73.10

## R.     Third Party Retention [Code 4800]

44.     Time billed in this category relates to reviewing professional employment

issues, including the request by the SunCal Debtors to modify the terms of retention by the

SunCal Debtors of Miller Barondess LLP as special counsel.

Fees:  $2,659.00          Total hours:    3.00

### Expenses Incurred by PSZJ

45.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy Code. The total amount of the expenses is $36,795.92 for the Interim Period, as detailed in the attached Exhibit D. As set forth above, PSZJ seeks reimbursement for expenses incurred in rendering services to the Debtors during the Interim Period in the amount of $11,077.86.

46.     In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, PSZJ maintains the following policies with respect to expenses for which reimbursement is sought herein:

(a)     No amortization of the cost of any investment, equipment, or capital outlay is included in the expenses. In addition, for those items or services that PSZJ purchased or contracted from a third party (such as outside copy services), PSZJ seeks reimbursement only for the exact amount billed to PSZJ by the third party vendor and paid by PSZJ to the third party vendor.

(b)     Photocopying by PSZJ was charged at 10 cents per page. To the extent practicable, PSZJ utilized less expensive outside copying services.

(c)     Telecopying by PSZJ was charged to its clients at the cost of the long distance call required to send the facsimile. The firm did not impose any charge to its clients for local facsimiles, inbound facsimiles, interoffice facsimiles or facsimiles costing less than $1.00.

(d)     Meals charged to the Debtors for PSZJ personnel were associated with out of town travel, meetings with the Debtors or other parties in these chapter 11 cases, or dinner for PSZJ professionals working past 8:00 p.m.

(e)     The time pressures associated with the services rendered by PSZJ frequently required PSZJ's professionals and paraprofessionals to devote substantial amounts of time during the evenings and on weekends. PSZJ has charged the Debtors for secretarial and other staff overtime expense that is directly associated with such after-hours work and is absolutely necessary. PSZJ does not consider these to be part of its ongoing overhead expenses because they are special incremental expenses arising from the specific services being provided to the Debtors.

## The Requested Compensation Should Be Allowed

47.    Section 330 of the Bankruptcy Code provides that the Court may award a

professional person employed under section 327 or 1103 of the Bankruptcy Code:

    (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

    (B)    reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1).

11 U.S.C. § 330(a)(1).

48.    In determining the amount of reasonable compensation to be awarded, the

court shall consider the nature, the extent, and the value of such services, taking into account all

relevant factors, including—

    (A)    the time spent on such services;

    (B)    the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

49.    PSZJ respectfully submits that it has satisfied the requirements for the

allowance of the compensation and reimbursement of expenses sought herein.  The services

described above, at the time they were provided, were necessary and beneficial to the

administration of the Debtors' chapter 11 cases. PSZJ's services were consistently performed in

a timely manner, commensurate with the complexity of the issues facing the Debtors and the

nature and importance of the problems, issues, and tasks. Furthermore, the compensation sought

by PSZJ is reasonable because it is based on the customary compensation charged by

comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the

compensation sought herein is warranted.

### Statements of PSZJ Pursuant to Bankruptcy Rule 2016(a)

50.    PSZJ has submitted monthly statements during the Interim Period and has

received a total of $215,665.36 from the Debtors relating to fees and expenses on account of

services provided by PSZJ for the benefit of the Debtors during the Interim Period.

51.    No agreement or understanding exists between PSZJ and any third person

for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code

and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among

partners of PSZJ. All of the services for which compensation is sought in this Interim

Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the

request of, or on behalf of, any other person or entity.

### Notice

52.    Notice of this Interim Application and its exhibits will be given to (a) the

Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Creditors'

Committee; and (e) the Fee Committee. PSZJ respectfully submits that no other or further notice

is required.

WHEREFORE, PSZJ respectfully requests that the Court enter an order:

(a) allowing interim compensation of $421,357.98 to PSZJ for professional services rendered as special counsel for the Debtors during the Interim Period, plus reimbursement of actual and necessary charges and disbursements incurred in the sum of $11,077.86 in connection with PSZJ's services during the Interim Period; (b) authorizing and directing the Debtors to pay to PSZJ any and all unpaid amounts held back for the Interim Period in the amount of $191,157.88; and (c) granting to PSZJ such other and further relief as the Court may deem proper.

Dated:    December 14, 2010          PACHULSKI STANG ZIEHL & JONES LLP

                                     By    /s/ Dean A. Ziehl
                                           Richard M. Pachulski
                                           Dean A. Ziehl
                                           Maria A. Bove
                                           780 Third Avenue, 36th Floor
                                           New York, NY 10017
                                           Telephone: 212.561.7700
                                           Facsimile:  212.561.777