Hearing Date:  To Be Determined, 2011
Objection Deadline:  To Be Determined, 2011

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, NY  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi M. Eilbott
Email:   sreisman@curtis.com
            lharrison@curtis.com
            ceilbott@curtis.com

*Conflicts Counsel for the Debtors*
  *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
|  |  |  |
|---|---|---|
|  | : | **Chapter 11** |
| **In re:** | : |  |
|  | : | **Case No. 08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : |  |
|  | : | **(Jointly Administered)** |
| Debtors. | : |  |
|  | : |  |
----------------------------------------------------------------------x

**SIXTH INTERIM APPLICATION OF CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP, AS CONFLICTS COUNSEL, FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

**SUMMARY OF CURRENT FEE APPLICATION**

| Name of Applicant: | Curtis, Mallet-Prevost, Colt & Mosle LLP |
|---|---|
| Authorized to Provide Professional Services To: | Debtors and Debtors In Possession |
| Retention Date: | November 21, 2008 *nunc pro tunc* to September 26, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | June 1, 2010 through September 30, 2010 |

8656842

| | |
|---|---|
| Amount of Compensation Requested: | $ 4,727,258.00 |
| Amount of Expense Reimbursement Requested: | $ 198,520.63 |
| Total Compensation and Expense Reimbursement Requested: | $ 4,925,778.63 |
| Blended Rate for Attorneys: | $ $501.65 |
| Blended Rate for all Professionals and Paraprofessionals: | $ $460.83 |

### PRIOR FEE APPLICATION(S)

| Period Covered | Requested | | Awarded | |
|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses |
| First 09/15/08 – 01/31/09 | $4,611,589.50 | $151,402.02 | $4,605,112.00 | $151,402.02 |
| Second 02/01/09 – 05/31/09 | $4,230,132.50 | $164,681.90 | $4,216,398.50 | $132,363.87 |
| Third 06/01/09 – 09/30/09 | $4,664,248.00 | $188,127.18 | $4,551,471.48 | $151,898.05 |
| Fourth 10/01/09 – 01/31/10 | $3,396,981.50 | $87,448.45 | $3,237,003.32 | $60,332.68 |
| Fifth 02/01/10 – 05/31/10 | $3,546,135.00 | $135,181.82 | To Be Determined | To Be Determined |

### Exhibits to Current Fee Application

The following exhibits are attached hereto and incorporated herein by reference:

Exhibit "A"    Certification Under Guidelines for Fees and Disbursements for Professionals in Respect of Sixth Interim Application of Curtis, Mallet-Prevost, Colt & Mosle LLP for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses

Exhibit "B"    By-Timekeeper Summary of Hours Devoted and Compensation Sought (includes billing rate and year of admission to practice) for Sixth Interim Compensation Period

Exhibit "C"    Summary of Expenses for Sixth Interim Compensation Period

Exhibit "D"    Summary of Hours Devoted and Compensation Sought by Work Task Code for June 2010 through September 2010

8656842

Hearing Date: To Be Determined, 2011
Objection Deadline: To Be Determined, 2011

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi M. Eilbott
Email: sreisman@curtis.com
        lharrison@curtis.com
        ceilbott@curtis.com

*Conflicts Counsel for the Debtors*
 *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
|  |  |
|---|---|
| In re: | : |
|  | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : |
|  | : |
| **Debtors.** | : |
|  | : |

**Chapter 11**

**Case No. 08-13555 (JMP)**

**(Jointly Administered)**

------------------------------------------------------------------------x

**SIXTH INTERIM APPLICATION OF CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP, AS CONFLICTS COUNSEL, FOR THE DEBTORS AND
DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT
OF ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), as conflicts counsel for

Lehman Brothers Holdings Inc., and its direct and indirect debtor subsidiaries, as debtors and

debtors in possession (collectively, the "Debtors"), respectfully submits this application (the

"Application") for allowance of interim compensation for professional services rendered for the

period June 1, 2010 through and including September 30, 2010 (the "Compensation Period"),

and for reimbursement of its actual and necessary expenses incurred in connection with such

services.  In support of this Application, Curtis respectfully represents as follows:

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

1.      This Application has been prepared in accordance with the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the

"UST Guidelines"), and the Third Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals entered by the Court on June 25, 2009 (the "Administrative Order,"

collectively with the Local Guidelines and UST Guidelines, the "Guidelines").  Pursuant to the

Local Guidelines, a certification regarding compliance with the Guidelines is attached hereto as

"**Exhibit A**."[1]

2.      Curtis attorneys and paraprofessionals expended a total of 10,413.90 hours

representing the Debtors during the Compensation Period for which the firm requests

compensation.  Curtis seeks allowance of interim compensation for services rendered to the

Debtors in the amount of $4,727,258.00, representing 100% of fees incurred during the

Compensation Period, and for reimbursement of $198,520.63, representing 100% of the actual

and necessary expenses incurred during the Compensation Period.

---

[1] As to contested matters, existing litigation, or possible additional litigation to be brought by, or against, the Debtors, adversary proceedings, and other actions or threatened actions, this Fee Application shall not constitute or be construed as an admission of any fact or any issue of liability, nor shall it constitute a stipulation, or a waiver, but rather as statements made without prejudice to the Debtors' rights and interests in these chapter 11 cases.

8656842

3.      During the Compensation Period, other than pursuant to the Administrative Order, Curtis has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered in this Application.  There is no agreement or understanding between Curtis and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

4.      In accordance with the Administrative Order, Curtis has received payments totaling $3,980,327.03  for the Compensation Period, which consists of $3,781,806.40 representing 80% of the fees incurred from June 1, 2010 through September 30, 2010, and $198,520.63  representing 100% of the expenses incurred during such period.

5.      The fees charged by Curtis in these cases are billed in accordance with Curtis' existing billing rates and procedures in effect during the Compensation Period.[2]  The rates Curtis charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates Curtis charges for professional and paraprofessional services rendered in non-bankruptcy-related matters.[3]  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

6.      Pursuant to the UST Guidelines, annexed hereto as "**Exhibit B**" is a schedule setting forth all Curtis professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacity in which each such individual is employed by Curtis, the hourly billing rate charged by Curtis for services

---

[2] In accordance with the Firm's ordinary practice, certain professionals' and paraprofessionals' rates were increased in September 2010.
[3] In instances where professionals spent less than one hour working on the Debtors' cases during a month, Curtis has written off the time as a courtesy to the Debtors.

8656842

performed by such individual, the aggregate number of hours expended in these proceedings and

fees billed therefor, and, if applicable, the year in which each professional was first licensed to

practice law.

7.        Annexed hereto as "**Exhibit C**" is a schedule specifying the categories of

expenses for which Curtis is seeking reimbursement, and the total amount for each such expense

category.

8.        Pursuant to Section II.D of the UST Guidelines, annexed hereto as

"**Exhibit D**" are summaries of Curtis' time records billed during the Compensation Period by

project categories.

9.        Curtis maintains computerized records of the time spent by all Curtis

attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11

cases.  Subject to redaction for the attorney-client privilege where necessary to protect the

Debtors' estates, copies of these computerized records have been furnished to the Court, the

attorneys for the official committee of unsecured creditors (the "Creditors' Committee"), the

Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"),

and the committee appointed pursuant to the Order Appointing Fee Committee and Approving

Fee Protocol, dated May 27, 2009 [Docket No. 3651] (the "Fee Committee"), in the format

specified by the UST Guidelines.

10.       To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Compensation Period, but were not processed prior to the

preparation of this Application, Curtis reserves the right to request compensation for such

services and reimbursement of such expenses in a future application.

11.       Curtis has provided the Debtors, the U.S. Trustee, lead counsel to the

Debtors, the Creditors' Committee and the Fee Committee with monthly fee statements for

8656842

professional services rendered and expenses incurred on behalf of the Debtors, along with

detailed reports of time entries and expenses.[4]  Pursuant to such statements, and in accordance

with the Administrative Order, Curtis has requested that the Debtors pay Curtis 80% of its fees

for professional services and 100% of the expenses.  By this Application, Curtis requests the

release of the 20% "holdback" of fees for professional services rendered during the

Compensation Period.[5]

## BACKGROUND

12.    Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), the Debtors and certain of its direct and indirect

subsidiaries commenced with this Court voluntary cases for relief under chapter 11 of title 11 of

the United States Code, as amended (the "Bankruptcy Code").  The Debtors are continuing to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

13.    On September 17, 2008, pursuant to section 1102 of the Bankruptcy Code,

the U.S. Trustee appointed the Creditors' Committee.

14.    On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

## RETENTION OF CURTIS

15.    Curtis was retained by the Debtors as of September 26, 2008 to serve as

conflicts counsel for the Debtors.  Among other matters, Curtis is responsible for handling all

---

[4] In connection with this Application, Curtis updated certain of its time records and expenses consistent with certain
recommendations and guidelines recently implemented by the Fee Committee.
[5]  The requested release of the holdback for the Compensation Period will not affect the holdback for any subsequent
periods.

bankruptcy-, corporate- and litigation-related matters where lead counsel for the Debtors, Weil, Gotshal & Manges LLP ("WGM"), or other counsel for the Debtors, has an actual or perceived conflict of interest, and to perform discrete duties as assigned by WGM and other Debtors' counsel that could be handled more efficiently by Curtis.

16.     Pursuant to the Order of the Court, dated November 21, 2008, the Debtors were authorized to retain Curtis as their conflicts counsel to render legal services in the prosecution of their chapter 11 cases.

17.     Since its retention, Curtis has coordinated its efforts with WGM so that their work is complementary and not duplicative.  WGM and Curtis have experience working as debtors' general bankruptcy counsel and conflicts counsel, respectively, for large bankruptcy cases previously pending before this Court.  *See In re Silicon Graphics, Inc., et al.*, Case No. 06-10977 (ALG) (Bankr. S.D.N.Y. 2006) and *In re Parmalat Finanziaria S.p.A., et al.*, Case No. 04-14268 (RDD) (Bankr. S.D.N.Y. 2004).  As a result of these experiences and the continued efforts of WGM and Curtis, the assignment of tasks is being maintained efficiently and with a clear delineation of duties.

18.     In addition, Curtis is presently acting or has recently acted as conflicts counsel in *In re CIT Group Inc., et al.*, Case No. 09-16565 (ALG) (Bankr. S.D.N.Y. 2009), *In re The Reader's Digest, Inc., et al.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. 2009), *In re Lear Corporation*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. 2009), *In re Charter Communications, Inc., et al.*, Case No. 09-11435 (JMP) (Bankr. S.D.N.Y. 2009), *In re Star Tribune Holdings Corporation*, Case No. 09-10244 (RDD) (Bankr. S.D.N.Y. 2009) and *In re Bally Total Fitness of Greater New York, Inc.*, Case No. 08-14818 (BRL) (Bankr. S.D.N.Y. 2008).

8656842

19.     The work encompassed by this Application for which Curtis seeks compensation was performed efficiently and at a reasonable cost to the estates.  All of the work summarized in this Application was performed in a manner to ensure minimal duplication of services and an effort to keep the administration expenses to a minimum.

## SUMMARY OF SERVICES RENDERED BY CURTIS DURING THE COMPENSATION PERIOD

20.     During the Compensation Period, Curtis performed substantial services for the Debtors.  These services were necessary to effectively administer the chapter 11 cases.

21.     In accordance with the Guidelines and Curtis' internal billing procedures, Curtis has established separate matter numbers and matter names for distinct project categories in these chapter 11 cases.  Listed below is a summary, by matter name, of services provided by Curtis during the Compensation Period:

22.     **General Case Administration.**  A total of 135.80 hours of services was performed and Curtis is seeking allowance of $29,494.50 in fees.  This matter covers a variety of tasks performed by Curtis professionals that relate to the smooth and efficient administration of the chapter 11 cases.  Among other things, during the Compensation Period, Curtis professionals reviewed pleadings and other documents applicable to the chapter 11 cases, liaised with WGM regarding coordination among counsel going forward and created and maintained a comprehensive calendar of pertinent deadlines, hearings and meetings.

23.     **General Case Strategy Meetings.**  A total of 109.40 hours of services was performed and Curtis is seeking allowance of $62,723.00 in fees.  This matter covers time spent by professionals at a weekly meeting where attorneys working on various Lehman matters provide status updates to the larger group and developments in the bankruptcy cases are discussed.  Such meetings are critical to the smooth operation and prosecution of the Debtors' chapter 11 cases.

8656842

24.     **Project Monitoring/Court Calendar & Docket Maintenance.**  A total of 125.10 hours of services was performed and Curtis is seeking allowance of $39,787.00 in fees. With respect to this matter, Curtis professionals monitored the docket for pleadings filed in the chapter 11 cases, the SIPA Proceeding and various adversary proceedings.  The purpose of monitoring these dockets is to stay apprised of the happenings in the cases and proceedings involving the Debtors, especially with respect to pleadings filed by potential conflict parties.

25.     **Hearings and Court Communications.**  A total of 132.80 hours of services was performed and Curtis is seeking allowance of $45,486.50 in fees.  With respect to this matter, Curtis professionals prepared for and attended all hearings in the chapter 11 cases, including the monthly omnibus hearings and hearings with respect to the Rule 60(b) motions in connection with Barclays Capital Inc.

26.     **LBI/SIPC Coordination and Issues.**  A total of 26.80 hours of services was performed and Curtis is seeking allowance of $14,111.00 in fees.  During the Compensation Period, Curtis professionals liaised with LBI on various issues, including, but not limited to, the treatment and ongoing administration of certain assets that LBHI received as a subrogee of JPMorgan Chase Bank, N.A.'s ("JPMC") claims under the Collateral Disposition Agreement ("CDA").

27.     **Derivatives/Swap Agreement Issues.**  A total of 1,021.90 hours of services was provided and Curtis is seeking allowance of $600,978.00 in fees.  During the Compensation Period, Curtis continued to address various activities and conduct analyses of the legal documentation related to Pyxis, Pebble Creek, CEAGO and Syncora.  Curtis advised the Debtors regarding strategy and potential litigation involving certain of these CDO transactions. Additionally, Curtis reviewed and analyzed numerous derivatives contracts with JPMC and its affiliates and subsidiaries.

8656842

28.    **Loans/Investments.**  A total of 938.80 hours of services was provided and Curtis is seeking allowance of $400,720.00 in fees.  With respect to this matter, Curtis professionals continued to analyze and review numerous structured finance vehicles, including RACERS, Fenway, Pine, Spruce and Verano (collectively, the "Structures").  Additionally, Curtis worked closely with co-counsel, WGM, to draft motion papers related to certain of the Structures.

29.    **Domestic Bank and Related Regulatory Issues.**  A total of 392.70 hours of services was provided and Curtis is seeking allowance of $200,336.00 in fees.  During the Compensation Period, Curtis continued its extensive review of the events and interactions between the Debtors and the New York Federal Reserve Bank.  Curtis also prepared a comprehensive legal analysis of such events and transactions.

30.    **Non-Derivative Automatic Stay/Safe Harbor Issues.**  A total of 25.10 hours of services was provided and Curtis is seeking allowance of $11,610.00 in fees.  During the Compensation Period, Curtis professionals continued to analyze the impact of the safe harbors on various causes of action that the Debtors are pursuing.  In that regard, attorneys extensively reviewed all recent case law addressing the safe harbor provisions.

31.    **Non-Derivative Executory Contracts/365 Issues.**  A total of 1.50 hours of services was performed and Curtis is seeking allowance of $881.50 in fees.  During the Compensation Period, Curtis professionals provided follow up advice to the Debtors in connection with the rejection of a co-location license agreement.

32.    **Plan of Reorganization/Plan Confirmation/Plan Implementation.**  A total of 3.10 hours of services was performed and Curtis is seeking allowance of $1,286.50 in fees.  During the Compensation Period, Curtis briefly reviewed certain aspects of the Debtors'

proposed plan of reorganization to assess the impact of such plan on specific matters Curtis is

handling on behalf of the Debtors.

33.    **Disclosure Statement/Solicitation/Voting.**  A total of 1.10 hours of

services was performed and Curtis is seeking allowance of $752.50 in fees.  During the

Compensation Period, Curtis professionals prepared a summary describing the JPMC litigation

for the Debtors' Disclosure Statement.

34.    **Non-Derivative Claims Reconciliation, Estimation, Litigation and

Alternative Dispute Resolution, and Bar Date Issues.**  A total of 128.40 hours of services was

performed and Curtis is seeking allowance of $53,856.00 in fees.  During the Compensation

Period, Curtis professionals extensively analyzed claims filed by JPMC and its affiliates and

Citibank and its affiliates.  Additionally, Curtis professionals prepared transfer notices related to

the subrogated claims assigned to LBHI pursuant to the CDA with JPMC.

35.    **Other Bankruptcy Motions and Matters.**  A total of 172.50 hours of

services was performed and Curtis is seeking allowance of $85,470.50 in fees.  During the

Compensation Period, with respect to this matter, tasks focused on various follow up issues in

connection with the CDA, including the application and analysis of Article 9 of the Uniform

Commercial Code.  Curtis professionals also reviewed pleadings filed in appeals involving

derivatives and safe harbor issues.

36.    **Non-Derivative Adversary Proceedings Preparation and Litigation.**  A

total of 5,866.90 hours of services was performed and Curtis is seeking allowance of

$2,806,960.00 in fees.  With respect to this matter, the primary tasks performed by Curtis

professionals relate to the litigation commenced against JPMC.  In that regard, on May 26, 2010,

Curtis filed the adversary proceeding styled *Lehman Brothers Holdings Inc. v. JPMorgan Chase

Bank, N.A.*, Case No. 10-03266, in which LBHI is seeking a judgment that LBHI is entitled to

void certain agreements entered into between LBHI and JPMC prior to LBHI's Commencement

Date on the grounds that such agreements were fraudulent transfers and/or unenforceable under

state law.  LBHI further seeks to recover billions in cash collateral, certain securities collateral

posted to JPMC, and all other damages occasioned by JPMC's wrongful conduct under

bankruptcy and state law theories.  During the Compensation Period, Curtis addressed a variety

of issues arising in connection with adversary proceeding, including but not limited to discovery

and the review and analysis of JPMC's motion to dismiss the adversary proceeding.  This matter

is currently pending before the Bankruptcy Court.

      37.    In addition, Curtis professionals commenced a number of adversary

proceedings and negotiated and executed various tolling agreements on behalf of the Debtors

prior to the running of the statute of limitations in connection with potential avoidance actions.

Moreover, Curtis continued investigating Lehman's prepetition relationship with Citibank and

performed research in connection with potential vendor preferences.

      38.    **Non-Bankruptcy Litigation.**  A total of 265.60 hours of services was

performed and Curtis is seeking allowance of $119,037.00.  In connection with this matter,

Curtis professionals have prepared responsive pleadings and engaged in various discovery

related activities on behalf of Executive Monetary Management, Inc. ("EMM"), a non-debtor

affiliate of the Debtors, as a defendant in connection with a state court matter brought by

Stowaways, LLC and certain of its affiliates ("Stowaways") asserting civil claims including,

*inter alia*, breach of fiduciary duty, breach of contract and negligence.

      39.    **2004 Issues.**  A total of 54.00 hours of services was performed and Curtis

is seeking allowance of $27,266.50.  In connection with this matter, Curtis attorneys continued to

review certain documentation produced by JPMC as the result of a 2004 examination of JPMC

commenced by the Creditors' Committee early in the Debtors' chapter 11 cases.  Additionally,

Curtis professionals engaged in a 2004 examination of Canadian Imperial Bank of Commerce in connection with a Master ISDA Agreement.

40.    **Examiner Issues.**  A total of 297.50 hours of services was performed and Curtis is seeking allowance of $97,020.00 in fees.  In connection with this matter, Curtis professionals extensively reviewed the Examiner's Report and interfaced with the Examiner's counsel with a focus on matters that Curtis is handling on behalf of the Debtors.  Curtis professionals also produced memoranda discussing certain findings and conclusions made by the Examiner and addressed issues related to the order discharging the Examiner.  Curtis also continued review of the Examiner's Report with particular attention to various issues in connection with the pending adversary proceeding involving JPMC.

41.    **Proprietary Retention/Billing/Fee Applications.**  A total of 714.90 hours of services was performed and Curtis is seeking allowance of $201,256.50 in fees.  As described more fully above, in connection with this matter, Curtis professionals prepared and served Fee Statements in accordance with the Guidelines, prepared budgets and responded to inquiries from the Fee Committee.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

42.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  *See* 11 U.S.C. § 331.  The awarding of interim compensation should be based on the circumstances of the particular case.  *In re Nana Daly's Pub., Ltd.*, 67 B.R. 782, 787 (Bankr. E.D.N.Y. 1986).

43.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11

U.S.C. § 330(a)(1).  The Court has broad discretion in determining whether to allow

compensation and determining the amount of compensation.  *In re Nine Assocs., Inc.*, 76 B.R.

943, 944 (Bankr. S.D.N.Y. 1987).

        44.      Section 330 of the Bankruptcy Code also sets forth the criteria for the

award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration
> of, or beneficial at the time at which the service was
> rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task
> addressed; and
>
> (E)    whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

        45.      Courts within the Second Circuit have employed the "lodestar approach"

for calculating judicial awards of compensation to attorneys.  The lodestar approach was

articulated by the Second Circuit in *New York State Ass'n for Retarded Children, Inc. v. Carey*,

711 F.2d 1136 (2d Cir. 1983).  The lodestar method of determining reasonable compensation

involves multiplying the hours spent on a case, based on attorney time records, by a reasonable

hourly rate of compensation for each attorney based on prevailing market rates for private law

firms performing services for non-governmental clients.  *In re McLean Industries, Inc.*, 88 B.R.

36, 39 (Bankr. S.D.N.Y. 1988).  Once calculated, this lodestar figure may be adjusted upward or

downward to take into account the facts of the particular case.  *In re Baldwin United Corp.*, 79

B.R. 321, 347 (Bankr. S.D. Ohio 1987).  Factors regarding the difficulty, complexity and

contingent nature of the case may thereafter be employed to arrive at a reasonable and just

compensation in excess of the lodestar figure.  *In re Stable Mews Assocs.*, 49 B.R. 395, 398

(Bankr. S.D.N.Y. 1985); *In re Chriss*, 38 B.R. 655, 657 (Bankr. S.D.N.Y. 1984).

      46.     In the instant case, Curtis respectfully submits that the services for which

it seeks compensation in this Application meet or exceed the standards set forth in section 330 of

the Bankruptcy Code as applied by bankruptcy courts in this Circuit to determine the

reasonableness of professional fees sought from a debtor's estate.  Curtis also respectfully

submits that the services provided to the Debtors during the Compensation Period were

necessary and beneficial to the Debtors' efforts to maximize the value of their estates.  The

professional services that Curtis rendered were focused on pursuing an efficient reorganization

and/or liquidation of the Debtors' businesses that maximizes the value of the estates and

recovery to creditors.  Except as otherwise set forth herein, Curtis' rates charged to the Debtors

are identical to the rates charged by Curtis for comparable services in a non-chapter 11 context.

Such services were not only necessary to benefit the Debtors' estates, but also to enhance

potential recovery to creditors.  Accordingly, Curtis further submits that the compensation

requested herein is reasonable and warranted in light of the nature, extent and value of such

services to the Debtors, their estates and all parties in interest.

### FEES AND ACTUAL AND NECESSARY DISBURSEMENTS OF CURTIS

      47.     Curtis devoted 10,413.90 hours of actual recorded time during the

Compensation Period resulting in time charges of $4,727,258.00.  The amount of $945,451.60[6]

---

[6] This amount reflects the 20% holdback from June 2010, July 2010, August 2010, and September 2010.

8656842

remains unpaid as of the date of this Application.  By this Application, Curtis also requests

release of the 20% holdback from the Fifth Interim Compensation Period.

48.    Throughout the Compensation Period, Curtis sought to assign projects in

this case to partners, associates and paraprofessionals who could most efficiently and

expeditiously handle the tasks at hand.  Curtis respectfully submits that the legal services

reflected in this Application are fair and reasonable and are commensurate with the quality of

services provided herein.  The blended rate for services performed by Curtis during the

Compensation Period is $460.83.

49.    In addition to the fees sought for legal services, Curtis has incurred

$198,520.63 in out-of-pocket expenses and disbursements during the Compensation Period

directly attributable to the representation of the Debtors.

50.    No part of the compensation to be received pursuant to this Application

will be shared with any other person or firm, and no other agreements, either express or implied,

to share any compensation received as attorneys for the Debtors has been, or will be, made by

Curtis.

### NOTICE

51.    A copy of this Application has been submitted to:  (i) the Debtors; (ii) lead

bankruptcy counsel for the Debtors; (iii) counsel for the Creditors' Committee; (iv) the U.S.

Trustee; and (v) the Fee Committee.

8656842

## CONCLUSION

**WHEREFORE**, Curtis respectfully requests that this Application be granted and

that it be awarded an allowance of $4,727,258.00 for legal services rendered to the Debtors

during the Compensation Period, and $198,520.63 for reimbursement of expenses, and that the

Debtors be allowed to pay such amounts to the extent not previously paid, together with such

other and further relief be granted as may be just and proper.

Dated:  December 14, 2010          Respectfully submitted,
        New York, New York

                                   **CURTIS, MALLET-PREVOST,
                                    COLT & MOSLE LLP**

                                   By:/s/ *Steven J. Reisman*
                                        Steven J. Reisman
                                        L. P. Harrison 3rd
                                        Cindi M. Eilbott
                                   101 Park Avenue
                                   New York, NY  10178-0061
                                   Telephone:  (212) 696-6000
                                   Facsimile:  (212) 697-1559
                                   Email:   sreisman@curtis.com
                                            lharrison@curtis.com
                                            ceilbott@curtis.com

                                   *Conflicts Counsel for the Debtors and
                                    Debtors in Possession*

8656842

<u>**EXHIBIT A**</u>

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi M. Eilbott

*Conflicts Counsel for the Debtors*
  *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
|   |   |   |
|---|---|---|
|   | : | **Chapter 11** |
| **In re:** | : |  |
|   | : | **Case No. 08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : |  |
|   | : | **(Jointly Administered)** |
| **Debtors.** | : |  |
|   | : |  |
-----------------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR**
**PROFESSIONALS IN RESPECT OF SIXTH INTERIM APPLICATION OF CURTIS,**
**MALLET-PREVOST, COLT & MOSLE LLP FOR ALLOWANCE OF**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR**
<u>**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**</u>

      I, L. P. Harrison 3rd, hereby certify that:

      1.  I am a partner with the applicant firm, Curtis, Mallet-Prevost, Colt & Mosle

LLP ("<u>Curtis</u>"), with primary responsibility for the chapter 11 cases of Lehman Brothers

Holdings Inc., and its direct and indirect subsidiaries, as debtors and debtors in possession

(collectively, the "<u>Debtors</u>"), in respect of compliance with the Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on November 25, 2009 (the "<u>Local Guidelines</u>"), the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Third

Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the

"Administrative Order," collectively with the Local Guidelines and UST Guidelines, the

"Guidelines").

> 2.    This certification is made in respect of Curtis' application, dated December

14, 2010 (the "Application"), for interim compensation and reimbursement of expenses for the

period commencing June 1, 2010, through and including September 30, 2010 (the

"Compensation Period") in accordance with the Guidelines.

> 3.    In respect of section A.1 of the Local Guidelines, I certify that:

- I have read the Application;

- to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

- the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Curtis and generally accepted by Curtis' clients; and

- in providing a reimbursable service, Curtis does not make a profit on that service, whether the service is performed by Curtis in house or through a third party.

> 4.    In respect of section A.2 of the Local Guidelines, I certify that Curtis has

provided the Debtors, counsel for the statutory committee of unsecured creditors appointed in

these cases (the "Creditors' Committee"), the United States Trustee for the Southern District of

New York (the "U.S. Trustee") and the Committee appointed pursuant to the Order Appointing

Fee Committee and Approving Fee Protocol, dated May 27, 2009 [Docket No. 3651] (the "Fee

Committee"), with a statement of Curtis' fees and disbursements on a monthly basis.

8656842

5.    In respect of section A.3 of the Local Guidelines, I certify that the Debtors,

counsel for the Creditors' Committee, lead bankruptcy counsel for the Debtors, the Fee

Committee and the U.S. Trustee are each being provided with a copy of the Application more

than 14 days before the hearing on the Application.


Dated:    New York, New York
          December 14, 2010


                                                    /s/ *L. P. Harrison 3rd*
                                                _____
                                                    L. P. Harrison 3rd

8656842

## EXHIBIT B

### SUMMARY OF SIXTH INTERIM FEE APPLICATION OF CURTIS, MALLET-PREVOST, COLT & MOSLE LLP FOR SERVICES RENDERED FOR THE PERIOD JUNE 1, 2010 TO SEPTEMBER 30, 2010[1]

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED[2] | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| | | | | |
| **PARTNERS** | | | | |
| L. P. Harrison 3rd | RIG – 1984 | $785 | 902.50 | $708,462.50 |
| T. Barry Kingham | L – 1969 | $785 | 11.80 | $9,263.00 |
| Daniel R. Lenihan | C – 1982 | $785 | 84.70 | $66,489.50 |
| | | $730 | 18.20 | $13,286.00 |
| Joseph D. Pizzurro | L – 1977 | $785 | 210.40 | $165,164.00 |
| Steven J. Reisman | RIG – 1991 | $785 | 12.50 | $9,812.50 |
| Turner P. Smith | L – 1980 | $785 | 58.80 | $46,158.00 |
| | | $730 | 86.90 | $63,437.00 |
| Nancy E. Delaney | L – 1989 | $730 | 227.80 | $166,294.00 |
| Michael J. Moscato | L – 1982 | $730 | 503.50 | $367,555.00 |
| Andrew H. Seiden | C – 1993 | $730 | 348.50 | $254,405.00 |
| Jerrold Bregman | RIG – 2003 | $675 | 8.80 | $5,940.00 |
| **TOTAL PARTNERS** | | | **2,474.40** | **$1,876,266.50** |
| | | | | |
| **COUNSEL** | | | | |
| Myles K. Bartley | L – 1999 | $595 | 137.20 | $81,634.00 |
| Susan F. Pollack | C – 1967 | $595 | 302.40 | $179,928.00 |
| **TOTAL COUNSEL** | | | **439.60** | **$261,562.00** |
| | | | | |
| **ASSOCIATES** | | | | |
| Timothy N. McCabe | L – 2002 | $575 | 76.30 | $43,872.50 |
| Susana M. Namnum | C – 1996 | $575 | 71.00 | $40,825.00 |
| Peter J. Behmke | L – 2005 | $535 | 182.20 | $97,477.00 |
| | | $495 | 376.50 | $186,367.50 |
| Andrew Zinman | L – 1996 | $535 | 64.30 | $34,400.50 |
| | | $495 | 14.50 | $7,177.50 |
| Benjamin Lowin | C – 2006 | $495 | 1.70 | $841.50 |
| Danny Phillips | C – 2006 | $495 | 18.70 | $9,256.50 |
| | | $455 | 8.90 | $4,049.50 |
| Priya Swaminathan | L – 2007 | $495 | 76.60 | $37,917.00 |
| | | $455 | 565.10 | $257,120.50 |
| Oreste Cipolla | C – 2007 | $455 | 77.90 | $35,444.50 |
| Cindi M. Eilbott | RIG – 2007 | $455 | 233.50 | $106,242.50 |
| | | $415 | 470.90 | $195,423.50 |
| Joseph Clyne | L – 1984 | $425 | 5.50 | $2,337.50 |
| | | $415 | 4.90 | $2,033.50 |
| Julie W. Arkush | L – 2008 | $415 | 152.70 | $63,370.50 |
| | | $375 | 121.30 | $45,487.50 |

---

[1] In instances where professionals spent less than one hour working on the Debtors' cases during a month, Curtis has written off the time as a courtesy to the Debtors.

[2] C – Corporate; L – Litigation; RE – Real Estate; RIG – Restructuring and Insolvency Group; T – Tax.

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED[2] | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Bradley Doline | C – 2007 | $415 | 37.60 | $15,604.00 |
| Louisa A. Fennell | L – 2008 | $415 | 95.40 | $39,591.00 |
|  |  | $375 | 110.00 | $41,250.00 |
| Veronique Hodeau | RIG – 2007 | $415 | 3.50 | $1,452.50 |
| Stefano de Stefano | C – 2008 | $415 | 92.80 | $38,512.00 |
|  |  | $375 | 130.30 | $48,862.50 |
| Peter Joseph Buenger | RIG - 2010 | $375 | 187.10 | $70,162.50 |
|  |  | $335 | 110.70 | $37,084.50 |
| Dienna Ching | RIG – 2009 | $375 | 228.70 | $85,762.50 |
|  |  | $335 | 149.00 | $49,915.00 |
|  |  | $290 | 363.40 | $105,386.00 |
| Chelsea R. McLean | L – 2009 | $375 | 20.00 | $7,500.00 |
|  |  | $335 | 25.70 | $8,609.50 |
| Shafiq Perry | C – 2009 | $375 | 181.00 | $67,875.00 |
|  |  | $335 | 353.00 | $118,255.00 |
| Andrew M. Smith | C - 2008 | $375 | 23.40 | $8,775.00 |
| Massimo Giugliano | RIG – 2009 | $335 | 5.50 | $1,842.50 |
| Joshua Holt | C – 2010 | $335 | 1.40 | $469.00 |
|  |  | $290 | 210.50 | $61,045.00 |
| Josh Joyce | L – 2010 | $335 | 24.30 | $8,140.50 |
| Andrew Kaspersen | L – 2010 | $335 | 85.30 | $28,575.50 |
|  |  | $290 | 58.90 | $17,081.00 |
| Matthew Lischin | RIG – 2010 | $335 | 200.00 | $67,000.00 |
|  |  | $290 | 494.20 | $143,318.00 |
| Jennifer Ryan | L – 2010 | $335 | 10.90 | $3,651.50 |
|  |  | $290 | 19.80 | $5,742.00 |
| Chang Jung | C – 2010 | $290 | 52.70 | $15,283.00 |
| Nicole Mazanitis | L – * | $290 | 18.30 | $5,307.00 |
| Morgan Nighan | L – * | $290 | 35.40 | $10,266.00 |
| Sara Sherrod | C – 2010 | $290 | 40.40 | $11,716.00 |
| Alex Siegal | C – 2010 | $290 | 25.60 | $7,424.00 |
| Brendan Snowden | C – 2010 | $290 | 41.10 | $11,919.00 |
| **TOTAL ASSOCIATES** |  |  | **5,958.40** | **$2,313,021.50** |
|  |  |  |  |  |
| **SUMMER ASSOCIATES** |  |  |  |  |
| Ada Victoria Anon | L | $290 | 94.40 | $27,376.00 |
| Robert Dawes | RIG | $290 | 50.10 | $14,529.00 |
| Francesca Erts | L | $290 | 32.10 | $9,309.00 |
| Kelly Geoghegan | L | $290 | 70.90 | $20,561.00 |
| **TOTAL SUMMER ASSOCIATES** |  |  | **247.50** | **$71,775.00** |
|  |  |  |  |  |
| **PARAPROFESSIONALS** |  |  |  |  |
| Neal Goodman | L | $250 | 46.20 | $11,550.00 |
| Alina Khankin | L | $250 | 17.00 | $4,250.00 |
| Georgia Faust | RIG | $220 | 135.90 | $29,898.00 |
|  |  | $210 | 430.50 | $90,405.00 |
| Katerina Mantell | RIG | $220 | 15.00 | $3,300.00 |
|  |  | $210 | 43.10 | $9,051.00 |
| Alejandro Montenegro | RIG | $220 | 8.00 | $1,760.00 |
|  |  | $210 | 36.80 | $7,728.00 |
| Nicole Perkins | L | $220 | 143.20 | $31,504.00 |

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED[2] | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
|  |  | $210 | 193.00 | $40,530.00 |
| Martine Read | RIG | $220 | 52.20 | $11,484.00 |
|  |  | $210 | 100.80 | $21,168.00 |
| Oleg Bitman | RIG | $210 | 9.50 | $1,995.00 |
| Laura Raposo | RIG | $210 | 3.60 | $756.00 |
| Jerome Tufte | RIG | $210 | 2.80 | $588.00 |
| Susan Kindya-Culley | L | $200 | 1.00 | $200.00 |
| Michael Malavarca | L | $190 | 44.00 | $8,360.00 |
| Patrick Romero | L | $165 | 11.40 | $1,881.00 |
| **TOTAL PARAPROFESSIONALS** |  |  | **1,294.00** | **$276,408.00** |

**TOTALS**

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners | $758.27 | 2,474.40 | $1,876,266.50 |
| Counsel | $595.00 | 439.60 | $261,562.00 |
| Associates | $388.20 | 5,958.40 | $2,313,021.50 |
| Summer Associates | $290.00 | 247.50 | $71,775.00 |
| Paraprofessionals | $213.61 | 1,294.00 | $276,408.00 |
|  |  |  |  |
| **SUBTOTAL** |  | **10,413.90** | **$4,799,033.00** |
| Less discount on Summer Associate fees[3] |  |  | [71,775.00] |
| **TOTAL FEES REQUESTED** |  | **10,413.90** | **$4,727,258.00** |

---

[3] With respect to time billed during the Compensation Period by Summer Associates, while the Firm typically bills all clients for Summer Associate time at the full hourly rate, as an accommodation to the Debtors, but in no means reflective of the professional level of the work performed, Curtis has voluntarily reduced the amount of fees billed to the Debtors' estate by 100 percent (100%) for all Summer Associates' time for this Compensation Period.

8656842

## EXHIBIT C

**EXPENSE SUMMARY FOR CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
FOR THE SIXTH INTERIM COMPENSATION PERIOD FROM
JUNE 1, 2010 TO SEPTEMBER 30, 2010**

| DESCRIPTION | AMOUNT |
|---|---|
| Color Copies | $    5,058.40 |
| Courier | 896.59 |
| Deposition/Transcripts | 262.50 |
| Duplicating | 7,866.30 |
| Filing Fees | 250.00 |
| Lexis/Westlaw | 133,765.44 |
| Litigation Printing | 1,020.30 |
| Long Distance Telephone | 176.47 |
| Meals Expense | 7,183.07 |
| Pacer | 801.44 |
| Postage | 40.03 |
| Search Fees | 890.18 |
| Telephone Audio Conference | 1,243.99 |
| Telephone Expense | 4.05 |
| Transportation Expense | 4,958.27 |
| Word Processing | 34,103.60 |
| **TOTAL:** | **$    198,520.63** |

8656842

## EXHIBIT D

## COMPENSATION BY WORK TASK CODE FOR SERVICES RENDERED BY CURTIS, MALLET-PREVOST, COLT & MOSLE LLP FOR THE SIXTH INTERIM COMPENSATION PERIOD JUNE 1, 2010 TO SEPTEMBER 30, 2010

| WORK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| Matter No. 100 | General Case Administration | 135.80 | $29,494.50 |
| Matter No. 200 | General Case Strategy Meetings | 109.40 | $62,723.00 |
| Matter No. 300 | Project Monitoring/Court Calendar & Docket Maintenance | 125.10 | $39,787.00 |
| Matter No. 400 | Hearings and Court Communications | 132.80 | $45,486.50 |
| Matter No. 1100 | LBI/SIPC Coordination and Issues | 26.80 | $14,111.00 |
| Matter No. 2400 | Derivatives/Swap Agreement Issues | 1,021.90 | $600,978.00 |
| Matter No. 2500 | Loans/Investments | 938.80 | $400,720.00 |
| Matter No. 2600 | Domestic Bank and Related Regulatory Issues | 392.70 | $200,336.00 |
| Matter No. 2900 | Non-Derivative Automatic Stay/Safe Harbor Issues | 25.10 | $11,610.00 |
| Matter No. 3100 | Non-Derivative Executory Contracts/365 Issues | 1.50 | $881.50 |
| Matter No. 3400 | Plan of Reorganization/Plan Confirmation/Plan Implementation | 3.10 | $1,286.50 |
| Matter No. 3500 | Disclosure Statement/Solicitation/Voting | 1.10 | $752.50 |
| Matter No. 3600 | Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues | 128.40 | $53,856.00 |
| Matter No. 3700 | Other Bankruptcy Motions and Matters | 172.50 | $85,470.50 |
| Matter No. 3800 | Non-Derivative Adversary Proceedings Preparation and Litigation | 5,866.90 | $2,806,960.00 |
| Matter No. 3900 | Non-Bankruptcy Litigation | 265.60 | $119,037.00 |
| Matter No. 4000 | 2004 Issues | 54.00 | $27,266.50 |

8656842

| | | | |
|---|---|---|---|
| Matter No. 4400 | Examiner Issues | 297.50 | $97,020.00 |
| Matter No. 4500 | Proprietary Retention/Billing/Fee Applications | 714.90 | $201,256.50 |
| **SUBTOTAL** | | **10,413.90** | **$4,799,033.00** |
| Less 100% discount on Summer Associate fees | | | [71,775.00] |
| | | **10,413.90** | **$4,727,258.00** |

8656842