**Hearing Date: TBD**
**Objection Deadline: TBD**

Richard Sheldon
3-4 South Square
Gray's Inn
London, England
WC1R 5HP
Telephone: (020) 7696-9900

Special U.K. Counsel for Official Committee of
Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
                                                               :
In re:                                                         :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,                         :    08-13555 (JMP)
                                                               :
                    Debtors.                                   :    (Jointly Administered)
                                                               :
-------------------------------------------------------------- x

**COVER SHEET TO THIRD APPLICATION OF RICHARD SHELDON, QUEEN'S COUNSEL, SPECIAL U.K. COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM JUNE 1, 2010 THROUGH AND INCLUDING SEPTEMBER 30, 2010**

| | |
|---|---|
| Name of Applicant: | Richard Sheldon |
| Role in Case: | Special U.K. Counsel to Committee |
| Date of Retention: | June 23, 2009 |
| Period for Which Compensation and Reimbursement are Sought: | June 1, 2010 through and including September 30, 2010 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | £3,250.00 ($5,107.70) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | £0.00 ($0.00) |

Professionals Providing Services:

| Name | Year First Admitted to Practice | Hours Billed in Current Application | Hourly Rate | Total Fees Sought in Application (100%) |
|---|---|---|---|---|
| Richard Sheldon | 1979 | 5.0 | £650.00 | £3,250.00 ($5,107.70) |

Richard Sheldon
3-4 South Square
Gray's Inn
London, England
WC1R 5HP
Telephone: (020) 7696-9900

Special U.K. Counsel for Official Committee of
Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :    08-13555 (JMP)
                                                                 :
                    Debtors.                                     :    (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x

**THIRD APPLICATION OF RICHARD SHELDON, QUEEN'S COUNSEL,
SPECIAL U.K. COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING
PERIOD FROM JUNE 1, 2010 THROUGH AND INCLUDING SEPTEMBER 30, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Richard Sheldon, Queen's Counsel ("Sheldon"), Special U.K. Counsel to the

Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors and debtors in possession in the above-captioned cases

(collectively, the "Debtors"), pursuant to sections 328(a) and 1103 of chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rules 2014,

2016(a), and 5002 of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule

2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules"), the Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases adopted by the Court on June 24, 1991 (as amended April 21, 1995, the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation And Reimbursement Of Expenses of Professionals, dated June 25, 2009 (the "Interim Compensation Order"), and the guidelines (the "Fee Committee Guidelines") contained in the Fee Committee Report Pertaining to the Fourth Interim Fee Applications of All Retained Professionals, dated August 20, 2010 (the "Fee Committee Report" and, together with all of the foregoing, the "Applicable Rules and Guidelines"), hereby submits his application (the "Application") for the allowance of interim compensation for professional services rendered from June 1, 2010 through and including September 30, 2010 (the "Third Interim Compensation Period"), and for reimbursement of expenses incurred in connection with such services during the same period, and in support thereof respectfully represents as follows:

**I.**

**INTRODUCTION**

**A.    Background**

1.    Bankruptcy Filing.  On September 15, 2008 (the "Petition Date"), and periodically thereafter, the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for procedural purposes and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

1

2. <u>Creditors' Committee</u>.  On September 17, 2008, the United States Trustee appointed the Committee and authorized it to retain counsel.

3. <u>Fee Committee</u>.  On May 26, 2009, the Court appointed a fee committee (the "<u>Fee Committee</u>") and approved a fee protocol (the "<u>Fee Protocol</u>") in the Chapter 11 Cases.

4. <u>Jurisdiction</u>.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code.  Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit "<u>A</u>."

**B.    Retention of Sheldon and Billing History**

5. <u>Authorization for Sheldon's Retention</u>.  On August 11, 2009, by issuing the Order Pursuant To 11 U.S.C. §§ 328(a) And 1103, Fed. R. Bankr. P. 2014, 2016(a), And 5002, And Local Rule 2014-1 Authorizing Retention And Employment Of Richard Sheldon, Queen's Counsel, For Limited Purposes, By The Official Committee Of Unsecured Creditors, *Nunc Pro Tunc* To June 23, 2009 (the "<u>Retention Order</u>"), the Court authorized Sheldon's retention as Special U.K. Counsel for the Committee.  The Retention Order authorized Sheldon to receive compensation pursuant to the Applicable Rules and Guidelines.

6. <u>First Interim Fee Application</u>.  On April 14, 2010, Sheldon filed his First Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation For Services Rendered And For Reimbursement Of Expenses During Period From June 1, 2009

2

Through And Including January 31, 2010 [Docket No. 8327] (the "First Interim Fee Application"). In the First Interim Fee Application, Sheldon requested (i) allowance of compensation for professional services rendered during the period from June 1, 2009 through and including January 31, 2010 (the "First Interim Compensation Period") in the total amount of £84,435.00 ($134,985.04), and (ii) reimbursement of his actual and necessary expenses incurred during the First Interim Compensation Period in the amount of £12.03 ($19.83). Pursuant to the Interim Compensation Order, Sheldon has received payment in the amount of £75,880.03 ($120,535.28) in respect of fees and expenses incurred under the First Interim Fee Application, which payment applies in part to fees and expenses incurred during the First Interim Compensation Period and in part to fees and expenses incurred during the Second Interim Compensation Period (defined below).[1] The First Interim Fee Application was scheduled for hearing on August 25, 2010. An order has not yet been filed in respect of Sheldon's fees and expenses incurred during the First Interim Compensation Period.

7.  Second Interim Fee Application. On August 16, 2010, Sheldon filed his Second Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation For Services Rendered And For Reimbursement Of Expenses During Period From February 1, 2010 Through And Including May 31, 2010 [Docket No. 10800] (the "Second Interim Fee Application"). In the Second Interim Fee Application, Sheldon requested (i) allowance of compensation for professional services rendered during the period from February 1, 2010 through and including May 31, 2010 (the "Second Interim Compensation Period") in the total

---

[1] Sheldon seeks to apply £4,680.00 ($7,046.68) (the "Applied Fees") to payment in respect of fees and expenses incurred during the Second Interim Compensation Period, which amount represents 80% of fees incurred (£5,850.00) and 100% of expenses (£0.00) for the period from February 1, 2010 through and including February 19, 2010, which amounts were requested pursuant to the third fee statement for the period from October 6, 2009 through and including February 19, 2010 (the "Third Fee Statement").

3

amount of £10,725.00 ($16,442.11).[2]  Pursuant to the Interim Compensation Order, Sheldon has received payment in the amount of £8,211.33 ($13,153.69) (including the Applied Fees) in respect of fees and expenses incurred during the Second Interim Compensation Period.  Due to recent developments relating to and ongoing discussions with the Fee Committee, no hearing has yet been scheduled with respect to Sheldon's Second Interim Fee Application.

8.  <u>Application</u>.  This Application is Sheldon's third interim application for approval and allowance of compensation and reimbursement of expenses.  As authorized by the Interim Compensation Order, during the Third Interim Compensation Period, Sheldon submitted monthly fee statements to the Debtors and the other requisite notice parties, as follows:

(a)  On September 30, 2010, Sheldon served his fifth fee statement for the period from July 8, 2010 through and including September 14, 2010 (the "<u>Fifth Fee Statement</u>").  The Fifth Fee Statement sought[3] (i) interim allowance of £3,250.00 ($5,107.70) (100%) as compensation for services rendered, (ii) payment of 80% of compensation and reimbursement of 100% of expenses requested, according to the procedures set forth in the Interim Compensation Order.  As of the date hereof, Sheldon has received a total of £2,600.00 ($4,086.16), which represents payment for approximately 80% of the fees and 100% of the expenses incurred pursuant to the Fifth Fee Statement.

## II.

## **APPLICATION**

9.  By this Application, in accordance with the Retention Order, Sheldon submits the Application for approval and interim allowance of (a) £3,250.00 ($5,107.70) (100%) as compensation for the professional services rendered by him, as Special U.K. Counsel for the Committee, during the Third Interim Compensation Period, and (b) reimbursement of

---

[2]  This figure includes compensation requested pursuant to the Third Fee Statement and incurred during the Second Interim Compensation Period, in the amount of £5,850 ($8,805.35).  Sheldon did not incur any expenses during the Second Interim Compensation Period.

[3]  The September 30, 2010 5:00 p.m. (ET) fixed rate of exchange published by Bloomberg in New York (the "<u>Exchange Rate</u>") was 1.5716 U.S. dollars per British pound.

4

£0.00 ($0.00) (100%) of expenses incurred by him in connection with such services during the Third Interim Compensation Period—for a total award of £3,250.00 ($5,107.70).[4]

10.    Sheldon rendered to the Committee all services for which compensation is sought solely in connection with the Chapter 11 Cases, in furtherance of the duties and functions of the Committee.

11.    As described above, Sheldon has received partial payment (80%) in respect of fees incurred during the Third Interim Compensation Period.  Therefore, in addition to seeking interim allowance of the amounts already paid, he seeks authorization for the Debtors to make a total payment of £3,250.00 ($5,107.70) pursuant to this Application, which amount represents the portion of Sheldon's fees for legal services rendered and expenses incurred during the Third Interim Compensation Period that were not previously paid to him pursuant to the Fee Statements.

12.    The fees sought by this Application reflect an aggregate of 5.0 hours of attorney time spent and recorded in performing services for the Committee during the Third Interim Compensation Period, at an hourly rate of £650.[5]

13.    Sheldon maintains computerized records of the time expended in the rendering of the professional services required by the Committee.  These records are maintained in the ordinary course of Sheldon's practice.  The compensation requested by Sheldon is based

---

[4]    Sheldon reserves the right to apply for approval and allowance of additional compensation for services rendered, and reimbursement of expenses incurred but not billed during the Third Interim Compensation Period.  Pursuant to the Bankruptcy Court's November 25, 2009 Order Establishing Procedures For Monthly Compensation And Reimbursement Of Expenses Of Professionals (amending General Order M-348) ("General Order M-388"), all fee amounts for which approval is sought herein are set out in U.S. dollars, calculated as of the dates of their respective fee statements; accordingly, we have not re-calculated such amounts as of the date of this Application.

[5]    As only one attorney has performed all services for which compensation is sought, blended rates are inapplicable and not provided herein.

5

on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

14. Attached hereto as Exhibit "B" are time entry records broken down in tenths of an hour, based on the U.S. Trustee Guidelines, setting forth a detailed description of services performed by Sheldon on behalf of the Committee.[6] For the convenience of the Court and the parties in interest, these services are also summarized below.

15. Sheldon also maintains computerized records of all expenses incurred in connection with the performance of professional services. A summary of the expenses for which reimbursement is sought, including a detailed description of these expenses, is typically attached hereto as Exhibit "C;" however, as no expenses were incurred during the Third Interim Compensation Period, no summary of expenses is provided.

### III.

### SUMMARY OF PROFESSIONAL SERVICES RENDERED

16. As Sheldon was retained for a limited purpose, specifically, in connection with certain matters pending before the U.K. courts, his services have reasonably been allocated to a single billing category. The following summary is intended only to highlight key services rendered by him during the Third Interim Compensation Period on behalf of the Committee, and is not meant to be a detailed description of all of the work performed. Detailed descriptions of the services provided by Sheldon and the time expended performing such services are set forth in Exhibit "B" hereto.

17. During the Third Compensation Period, Sheldon advised the Committee

---

[6] Consistent with the Interim Compensation Order, these materials (and the records of expenses typically attached as Exhibit "C" hereto) are not being filed with the Court, but copies thereof have been delivered (as applicable) to (i) the Court; (ii) the U.S. Trustee; (iii) the Debtors; (iv) counsel for the Debtors; and (v) the members of the Fee Committee.

6

with respect to English law, including potential claims and defenses relevant to the following proceedings (the "UK Proceedings") in the U.K. High Court of Justice, Chancery Division (the "High Court") and negotiations: (i) regarding a default under a series of transactions known as the Dante Programme, Perpetual Trustee Company Ltd. v. BNYT (Claim No. HC 09 C 01612), concerning notes issued by the special purpose vehicle Saphir Finance plc; and (ii) regarding cross-affiliate netting issues involving Lehman Brothers International (Europe). Sheldon monitored developments in the UK Proceedings and coordinated with and advised other Committee professionals with respect to issues arising in these proceedings. Additionally, Sheldon reviewed and analyzed related documents related to these proceedings, including correspondence and pleadings.

18. The professional services rendered by Sheldon have required a high degree of professional competence and expertise to address, with skill and dispatch, the complex issues requiring evaluation and action during the pendency of the UK Proceedings. Sheldon respectfully submits that the services rendered by him to the Committee were necessary and appropriate in connection with the administration of the Chapter 11 Cases, were performed efficiently, effectively, and economically, and that the results obtained to date have benefited the unsecured creditors of the Debtors' estates. Compensation for the services performed, as requested, is commensurate with the complexity, importance and nature of the problems, issues, or tasks involved.

## IV.

## **ALLOWANCE OF COMPENSATION**

19. The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:[7]

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

20. With respect to the level of compensation, section 330(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered." Section 330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

---

[7] While Sheldon was retained pursuant to Bankruptcy Code sections 328(a) and 1103, the Retention Order provides that he is to be compensated in accordance with Bankruptcy Code sections 330 and 331.

8

  (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

  (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

  21.  In the instant case, Sheldon respectfully submits that the services for which he seeks compensation in this Application were necessary for, and beneficial to, the functioning of the Committee and the unsecured creditors of the Debtors' estates, and were consistently performed in a timely manner, commensurate with the complexity, importance, and nature of the issues involved. The total time spent by Sheldon during the Third Interim Compensation Period was 5.0 hours, which has a fair market value of £3,250.00 ($5,107.70). Whenever possible, Sheldon sought to minimize the costs of his services to the Committee by performing the work more efficiently and by minimizing disbursements.

## V.

## EXPENSES

  22.  Sheldon has incurred a total of £0.00 ($0.00) in expenses in connection with representing the Committee during the Third Interim Compensation Period. As no expenses were incurred, no summary or detailed description thereof is provided. Throughout the Third Interim Compensation Period, Richard Sheldon has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VI.

## NOTICE

  23.  Notice of this Application has been given to (a) the Court, (b) counsel for the Debtors, and (c) the members of the Fee Committee.

## VII.

## **CONCLUSION**

WHEREFORE, Sheldon respectfully requests the Court enter an order conforming to the amounts set forth in Fee Schedule A(1), attached hereto as Exhibit "D," (i) allowing him (a) interim compensation for 100% of professional services rendered as Special U.K. Counsel to the Committee during the Third Interim Compensation Period in the amount of £3,250.00 ($5,107.70) and (b) reimbursement of 100% of expenses incurred in connection with rendering such services in the amount of £0.00 ($0.00), for a total award of £3,250.00 ($5,107.70); (ii) authorizing and directing the Debtors to pay to Sheldon £3,250.00 ($5,107.70); and (iii) granting such further relief as is just.

Dated:  London, England
        December 14, 2010

By: /s/ Richard Sheldon
Richard Sheldon
3-4 South Square
Gray's Inn
London, England
WC1R 5HP
Telephone:  (020) 7696-9900

Special U.K. Counsel for Official Committee
of Unsecured Creditors of Lehman Brothers
Holdings Inc., et al.

**EXHIBIT A**

**Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                       :

In re:                                         :          Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.,  :          08-13555 (JMP)

                     Debtors.           :          (Jointly Administered)

---------------------------------------------------------------- x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF THIRD APPLICATION OF
RICHARD SHELDON, QUEEN'S COUNSEL, SPECIAL U.K. COUNSEL TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD
FROM JUNE 1, 2010 THROUGH AND INCLUDING SEPTEMBER 30, 2010**

      Pursuant to the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Guidelines"), the undersigned, Richard Sheldon, Queen's Counsel ("Richard Sheldon"), special U.K. counsel to the Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies with respect to his third application for allowance of compensation for services rendered and for reimbursement of expenses, dated December 14, 2010 (the "Third Interim Fee Application"), for the period of June 1, 2010 through and including September 30, 2010 (the "Third Interim Compensation Period") as follows:

12

1. I am the designated professional in respect of compliance with the Guidelines.

2. I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the Third Interim Compensation Period, in accordance with the Local Guidelines.

3. In respect of section B.1 of the Local Guidelines, I certify that:

   a. I have read the Application.

   b. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

   c. Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by me and generally accepted by my clients.

   d. In providing a reimbursable service, I do not make a profit on that service, whether the service is performed by me in-house or through a third party.

4. In respect of section B.2 of the Local Guidelines, I certify that I have provided statements of fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Interim Compensation Order (as defined in the Third Interim Fee Application), except that the intermittent nature of requested services has at times precluded filing fee statements within the time periods established in the Interim Compensation Order.

5. In respect of section B.3 of the Local Guidelines, I certify that copies of the Third Interim Fee Application are being provided to (a) the Court, (b) the Debtors, (c)

counsel for the Debtors, (d) the Office of the United States Trustee, and (e) the members of the Fee Committee.

      6.    I certify that the Third Interim Fee Application for interim compensation and reimbursement of expenses for the Third Interim Compensation Period has been prepared in accordance with the Applicable Rules and Guidelines (as defined in the Third Interim Fee Application).

Dated:    London, England
             December 14, 2010

                                          By: /s/ Richard Sheldon
                                          Richard Sheldon

## EXHIBIT B

**Time Entries**[*]

---

[*] Consistent with the Interim Compensation Order, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the U.S. Trustee; (iii) the Debtors; (iv) counsel for the Debtors; and (v) the members of the Fee Committee.

# EXHIBIT C

**Expenses**[*]

---

[*]    Consistent with the Interim Compensation Order, as no expenses were incurred during the Third Interim Compensation Period, no summary of expenses has been provided.

## **EXHIBIT D**

Fee Schedule A(1)

CASE NO.: 08-13555 (JMP) (Jointly Administered)

CASE NAME: SPECIAL U.K. COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., et al.

| | | **FIRST INTERIM FEE PERIOD*** | | | | | |
|---|---|---|---|---|---|---|---|
| | | **JUNE 1, 2009 – JANUARY 31, 2010** | | | | | |
| **APPLICANT** | **DATE/DOCKET NO. OF APPLICATION** | **FEES REQUESTED** | **FEES ALLOWED (INCLUDING FEES HELD BACK)** | **FEES HELD BACK** | **FEES PAYABLE BY DEBTOR** | **EXPENSES REQUESTED** | **EXPENSES ALLOWED** |
| Richard Sheldon | 4/14/2010 Docket No. 8327 | £84,435.00 ($134,985.04) | £84,435.00 ($134,985.04) | £16,887.00 ($26,997.01) | £16,887.00 ($26,997.01) | £12.03 ($19.83) | £12.03 ($19.83) |

| | | **SECOND INTERIM FEE PERIOD*** | | | | | |
|---|---|---|---|---|---|---|---|
| | | **FEBRUARY 1, 2010 – MAY 31, 2010** | | | | | |
| **APPLICANT** | **DATE/DOCKET NO. OF APPLICATION** | **FEES REQUESTED** | **FEES ALLOWED (INCLUDING FEES HELD BACK)** | **FEES HELD BACK** | **FEES PAYABLE BY DEBTOR** | **EXPENSES REQUESTED** | **EXPENSES ALLOWED** |
| Richard Sheldon | 8/16/2010 Docket No. 10800 | £10,725.00 ($16,442.11) | £10,725.00 ($16,442.11) | £2,145.00 ($3,288.41) | £2,145.00 ($3,288.41) | £0.00 ($0.00) | £0.00 ($0.00) |

---

\* The U.S. dollar figures herein reflect, in aggregate, conversion based upon the applicable Exchange Rate in the Fee Statements, which is consistent with the Interim Compensation Order and its requirement that amounts requested in a monthly fee statement be paid following a fifteen-day period.