UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    08-13555 (JMP)
                                                :
                       Debtors.                 :    (Jointly Administered)
                                                :
-------------------------------------------------------------------x

ORDER PURSUANT TO
SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019 FOR APPROVAL OF SETTLEMENT AGREEMENT
BETWEEN LB SOMERSET LLC, LB PREFERRED SOMERSET LLC, KBIA SOMERSET
INVESTMENTS, LLC, KBIA PREFERRED, LLC, FALLS OF NEUSE INVESTMENTS, LLC,
SOMERSET PROPERTIES SPE, LLC, SOMERSET ASSOCIATES, LLC, AND KEVIN WILK

Upon the Motion,[1] dated October 28, 2010, of LB Somerset LLC and LB Preferred Somerset LLC (together, the "Lehman Somerset Debtors") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, pursuant to sections 105(a), 363 and 365 of title 11 of the Bankruptcy Code and rule 9019 of the Bankruptcy Rules for authorization to enter into the Settlement Agreement with the FNI Parties, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to them in the Motion.

the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have filed claims in the Somerset Debtors' chapter 11 cases; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and a hearing (the "Hearing") having been held on December 15, 2010 to consider the relief requested in the Motion and the Objection; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Lehman Somerset Debtors, their respective estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**FURTHER FOUND AND DETERMINED** that:

1.      **Consideration**. The consideration received by all parties to the Settlement Agreement constitutes reasonably equivalent value or fair consideration, as the case may be (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code), and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.  The transactions set forth in the Settlement Agreement also represent a fair and reasonable exchange under the circumstances of these chapter 11 cases.  Approval of the Motion and the Settlement Agreement and the consummation of the transactions contemplated

2

thereby is in the best interests of the Lehman Somerset Debtors, their creditors and all other parties in interest.

2. **No Fraudulent Transfer**. The Settlement Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors of either the Lehman Somerset Debtors or the FNI Parties under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither Lehman Somerset Debtors nor the FNI Parties entered into the transactions contemplated by the Settlement Agreement fraudulently for the purpose of such statutory and common law fraudulent conveyance and fraudulent transfer claims.

3. **Cure/Adequate Assurance**. The assumption and assignment of the LLC Agreement pursuant to the terms of this Order is integral to the Settlement Agreement and is in the best interests of the Lehman Somerset Debtors and their estates, creditors and all other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Lehman Somerset Debtors. The Lehman Somerset Debtors have: (i) to the extent necessary, cured or provided adequate assurance of cure, of any default existing prior to the date hereof with respect to the LLC Agreement, within the meaning of 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2)(A), and (ii) to the extent necessary, provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the LLC Agreement, within the meaning of 11 U.S.C. § 365(b)(1)(B) and 365(f)(2)(A). The FNI Parties' promise to resolve the Lehman Somerset Debtors' alleged defaults including through waiver or forbearance and to perform the Lehman Somerset Debtors' obligations under the LLC Agreement which shall

constitute adequate assurance of future performance within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).

**NOW, THEREFORE, IT IS**:

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rule 9019, the Lehman Somerset Debtors' entry into the Settlement Agreement is approved; and it is further

ORDERED that, pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, the Lehman Somerset Debtors are authorized, but not required, to sell, assume and assign their membership interests in Somerset Associates and the LLC Agreement to the Somerset Assignees pursuant to the Settlement Agreement; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the transfer of the Lehman Somerset Debtors' membership interests in Somerset Associates to the Somerset Assignees shall be free and clear of any and all liens, claims and encumbrances, with such timely asserted liens, claims and encumbrances (if any) to attach to the proceeds of such transfer with the same force, effect, and priority as such liens, claims and encumbrances have on such interests, as appropriate, subject to the rights and defenses of the Lehman Somerset Debtors and any party in interest with respect thereto; and it is further

ORDERED that the Lehman Somerset Debtors are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that any and all claims of the FNI Parties, including but not limited to the Somerset Claims, against LBHI, the Lehman Somerset Debtors, or any of their debtor or non-debtor affiliates, shall be waived and expunged from the claims register with prejudice; and it is further

ORDERED that, pursuant to Bankruptcy Rule 6004(h), the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:    New York, New York
          December 16, 2010

                                   *s/ James M. Peck*
                                   Honorable James M. Peck
                                   United States Bankruptcy Judge

5