UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                                :
In re                                                           :   Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                        :   08-13555 (JMP)
                                                                :
                        Debtors.                                :   (Jointly Administered)
                                                                :
                                                                :
----------------------------------------------------------------x

ORDER PURSUANT TO RULE 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL
OF A SETTLEMENT AMONG LEHMAN BROTHERS SPECIAL FINANCING INC.,
BNY CORPORATE TRUSTEE SERVICES LIMITED, PERPETUAL TRUSTEE
COMPANY LIMITED, AND OTHERS, RELATING TO CERTAIN SWAP
TRANSACTIONS WITH SAPHIR FINANCE PUBLIC LIMITED COMPANY

Upon the motion, dated November 24, 2010 (the "Motion"), of Lehman Brothers Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Brothers Holdings Inc. ("LBHI"), as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of a Settlement[1] among LBSF, LBHI, BNY Corporate Trustee Services Limited, Perpetual Trustee Company Limited, and others, relating to certain swap transactions with Saphir Finance Public Limited Company, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Debtors' execution and performance of the Termination and Settlement Agreement and the Settlement Payment Deed is approved; and it is further

ORDERED that LBSF and LBHI are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Termination and Settlement Agreement and the Settlement Payment Deed and perform any and all obligations contemplated therein; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  New York, New York
        December 16, 2010

                                              *s/ James M. Peck*
                                              Honorable James M. Peck
                                              United States Bankruptcy Judge