Presentment Date and Time: December 23, 2010 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: December 22, 2010 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): January 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                  :
**In re**                                         :    **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    **08-13555 (JMP)**
                                                  :
                     Debtors.                     :    **(Jointly Administered)**
                                                  :
-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER
BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND CITIBANK N.A.
PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY WITH
RESPECT TO CERTAIN FOREIGN EXCHANGE HEDGING TRANSACTIONS**

     **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order (the "Stipulation and Order") between Lehman Brothers Holdings Inc. and Citibank N.A. to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **December 23, 2010 at 12:00 noon (Prevailing Eastern Time).**

     **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **December 22, 2010 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

     **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on **January 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

     **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 16, 2010
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                              :    **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,           :    **08-13555 (JMP)**
                                                       :
                    **Debtors.**                       :    **(Jointly Administered)**
                                                       :
------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER**
**BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND CITIBANK N.A.**
**PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY WITH**
**RESPECT TO CERTAIN FOREIGN EXCHANGE HEDGING TRANSACTIONS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") as debtor and debtor-in-possession and Citibank N.A. ("Citi") hereby enter into this stipulation, agreement, and agreed order (the "Stipulation, Agreement, and Order") and agree, as follows:

**RECITALS**

A. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

US_ACTIVE:\43584277\01\58399.0003

B. On November 3, 2010, the Debtors filed a Motion, Pursuant to Sections 105 and 364 of the Bankruptcy Code, Authorizing the Debtors to Grant First Priority Liens in Collateral Posted in Connection with Foreign Exchange Hedging Transactions [Docket No. 12529] (the "Hedging Motion"). The Court granted the Hedging Motion by order dated November 18, 2010 [Docket No. 12891] (the "Hedging Order").

C. The Hedging Order authorizes the Debtors to grant first priority liens to third parties in cash, securities, and other collateral (the "Collateral") posted in connection with the hedging transactions (the "Hedging Transaction") the Debtors enter into for the purpose of reducing the risk associated with the market fluctuations that could cause the value in certain transactions denominated in foreign currency to deteriorate.

D. LBHI has negotiated an ISDA master agreement with Citi (such ISDA master agreement, as may be amended from time to time, (including the schedule and credit support annex thereto) together with any confirmations confirming transactions thereunder entered into from time to time, the "Agreement"), pursuant to which Hedging Transactions will occur from time to time. LBHI has agreed to post Collateral with Citi under the Agreement.

E. The Hedging Order authorized LBHI to grant first priority liens to counterparties in connection with Hedging Transactions. Citi has requested that the automatic stay extant pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") be modified, to the extent necessary, for the limited purpose of permitting Citi to exercise certain rights as set forth herein.

F. In light of the foregoing, LBHI and Citi (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to modify the Automatic Stay for the

limited purpose of permitting Citi to exercise its rights under the Agreement and with respect to the Collateral posted in connection with the Agreement, including, without limitation, if an "Event of Default" (as that term is defined in the Agreement) with respect to LBHI has occurred and is continuing or Citi otherwise has the contractual right under the Agreement to designate an early termination date thereunder, then, in each such case, the right to terminate the Agreement, liquidate all transactions thereunder, and foreclose upon Collateral posted in connection with the Agreement and to offset or net out any termination value, payment amount, or other transfer obligations owing or due to or from LBHI and Citi solely with respect to transactions that were executed between the Parties after the Commencement Date (collectively, the "Stipulated Rights").

**AGREEMENT:**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the LBHI and Citi, through their undersigned counsel, that:

1. Upon the execution of the Agreement, the Automatic Stay with respect to LBHI's chapter 11 case is hereby modified solely to the extent necessary to permit Citi to exercise its rights solely with respect to the Agreement and the Collateral posted in connection with the Agreement, including the Stipulated Rights; *provided*, *however*, that except as provided in the foregoing sentence all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the commencement of LBHI's chapter 11 case from LBHI's and the Debtors' estates and/or assets or property of LBHI or the Debtors (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

2. LBHI waives the right to seek to invalidate the Agreement pursuant to section 549 of the Bankruptcy Code or invoke section 362 of the Bankruptcy Code with respect to the Agreement.

3. Except as expressly provided in this Stipulation, Agreement, and Order, no claims, counterclaims, rights, defenses, objections, challenges, or any other rights of the parties under or in connection with the Agreement shall be affected by this Stipulation, Agreement, and Order.

4. LBHI and Citi agree that for so long as the Debtors' bankruptcy cases remain pending, this Court (and, upon the procedurally proper appeal of any final order entered by the Court with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement, and Order, any higher court with competent appellate jurisdiction over the Court's decisions and judgments) shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement, and Order.

5. The Agreement and this Stipulation, Agreement, and Order shall have no force or effect unless and until this Stipulation, Agreement, and Order is approved by this Court.

6. This Stipulation, Agreement, and Order can be amended, superseded, terminated, or otherwise modified only by a signed writing executed by the Parties.

7. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

8. This Stipulation, Agreement, and Order shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

9. This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: December 16, 2010
      New York, New York

/s/ Linda Cook
Linda Cook
Director
Capital Markets Documentation
CITIBANK N.A.
388 Greenwich, 17th Floor
New York, NY 10013
Telephone: (212) 816-1750
Facsimile: (646) 291-1411

Dated: December 16, 2010
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
WEIL GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: December __, 2010
      New York, New York

                                  UNITED STATES BANKRUPTCY JUDGE