UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                             :

In re                                                    :          Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :          08-13555 (JMP)

                    Debtors.               :          (Jointly Administered)

------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AUTHORIZING LBHI AND LCPI TO ENTER INTO SETTLEMENT
AGREEMENT RELATED TO HERITAGE FIELDS PROPERTY AND
TO CONSUMMATE TRANSACTIONS IN CONNECTION THEREWITH**

Upon the motion, dated November 23, 2010 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), as debtors in possession (together with their affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing LBHI and LCPI to enter into the Settlement Agreement related to the Heritage Fields Project and to consummate transactions in connection therewith, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] Capitalized terms used, but not defined herein shall have the meaning ascribed to such term in the Motion.

the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LCPI, their respective estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that all objections, if any, to the Motion and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are denied and overruled on the merits with prejudice; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019 LBHI and LCPI are authorized and empowered to enter into the Settlement Agreement, and are authorized, but not directed, to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take all corporate and other actions that may be necessary or appropriate to consummate all of the transactions contemplated by the Settlement Agreement without the necessity or requirement of further court proceedings or approval; and it is further

ORDERED that, pursuant to Bankruptcy Code section 363, LBHI and LCPI are authorized to receive a discounted payoff for and to transfer their interests in the Heritage Fields Project, as contemplated by the Settlement Agreement; and it is further

ORDERED that, pursuant to Bankruptcy Code section 363(f), the LBHI Corporate Loan Assignment and the Lehman Assignment (with respect to any portion being transferred by a Debtor) shall be a transfer to State Street free and clear of all liens, claims,

2

encumbrances and interests of any kind or nature whatsoever, with all such liens, claims, encumbrances and interests attaching to the proceeds ultimately attributable to the property against or in which such liens, claims, encumbrances and interests are asserted, subject to the terms of such liens, claims, encumbrances and interests, with the same validity, force and effect, and in the same order of priority, which such liens, claims, encumbrances and interests now have against such property or its proceeds, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that, except as expressly provided herein, in the Motion or in the Settlement Agreement, nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI or LCPI or that the Debtors may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each other or third parties, and the Debtors are herby authorized and directed to execute such further documents to evidence these reservations; and it is further

ORDERED that the Settlement Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
December 16, 2010

        *s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge