**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                :
                    Debtors.                    :    (Jointly Administered)
                                                :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING AND APPROVING THE SETTLEMENT BETWEEN LEHMAN BROTHERS FINANCIAL PRODUCTS INC., MADISON AVENUE STRUCTURED FINANCE CDO I, LTD., MADISON AVENUE STRUCTURED FINANCE CDO I, CORP., METLIFE INVESTMENT ADVISORS COMPANY LLC, AND U.S. BANK NATIONAL ASSOCIATION**

Upon the motion, dated November 23, 2010 (the "Motion"), of debtor Lehman Brothers Financial Products Inc. ("LBFP") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing and approving a settlement on the terms set forth in the Settlement Agreement,[1] as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Settlement having been negotiated pursuant to the Court's Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts [Docket No. 5207]; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi), the attorneys for US Bank; (vii) the attorneys for MetLife; and (viii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and no objections having been filed; and the Court having found that US Bank as Trustee provided reasonable notice to holders of Notes and a hearing (the "Hearing") having been held to consider the relief requested in the Motion and the Objection; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, holders of Notes, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement is approved; and it is further

ORDERED that LBFP is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any

and all actions reasonably necessary or appropriate to consummate the Settlement, including entering into the Settlement Agreement, and perform any and all obligations contemplated therein; and it is further

ORDERED that all holders of Notes issued by Madison Avenue Structured Finance CDO I Ltd., are bound by, and are deemed to have consented to, the terms of this Order and the Settlement Agreement and are deemed to have directed and instructed U.S. Bank as Trustee to execute and perform the Settlement Agreement. Having found the compromises set forth in the Settlement Agreement to be fair and reasonable, the Court finds no bona fide basis for any claims or actions against the Debtors, US Bank, as Trustee or in its individual capacity, MetLife or the Issuers of the Notes and neither the Debtors, US Bank as Trustee or in its individual capacity, MetLife nor the Issuers and their respective legal counsel and/or financial advisors shall have any liability for any claims, demands, suits, actions or causes of action arising out of the participation in the negotiation and implementation of the Settlement Agreement. Noteholders, shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing claims in any way related to the matters which are the subject of the Settlement Agreement against the Debtors, US Bank as Trustee or in any capacity, MetLife or the Issuers; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the notice of the Settlement Agreement and Motion to Noteholders, is good and sufficient notice; and it is further

ORDERED that this Court retains jurisdiction to enforce the Settlement and any disputes arising thereunder.

Dated: New York, New York
December 16, 2010

_s/ James M. Peck_
Honorable James M. Peck
United States Bankruptcy Judge