# EXHIBIT B

## (THE RELEASE AGREEMENT)

US_ACTIVE:\43552148\06\58399.0003

**Execution Version**

# AGREEMENT AND RELEASE

This Agreement and Release is made and entered into on this 16th day of December 2010, by and between Northgate Minerals Corporation ("Northgate") and Lehman Brothers Holdings Inc. ("LBHI"). Northgate and LBHI will be collectively referred to as the "Parties" in this Agreement and Release and each a "Party."

## Recitals

A. On September 15, 2008, LBHI commenced a voluntary case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").

C. On July 2, 2008, Northgate commenced an arbitration proceeding captioned *Northgate Minerals Corp. v. Lehman Brothers Inc., et. al.* (Case No. 08-02235), which arbitration proceeding is pending before the Financial Industry Regulatory Authority (the "Arbitration"). The Arbitration involves claims relating to alleged common law and securities violations by certain individual defendants and LBI relating to Northgate's investment in certain auction rate securities.

D. Northgate has entered into a settlement agreement with Roland Hansalik and Lars Jacobson in respect of the Arbitration (the "Settlement Agreement"). The Settlement Agreement provides, among other things, for the payment of $975,000 in insurance proceeds (the "Settlement Amount") by U.S. Specialty Insurance Company or Zurich American Insurance Company (the "Insurers") to Northgate, subject to the entry of a final order by the Bankruptcy Court authorizing relief from the automatic stay extant under section 362 of the Bankruptcy Code in the Chapter 11 Case to permit the Insurers to pay the Settlement Amount to Northgate.

E. LBHI is not named in the Arbitration and is not a party to the Settlement Agreement.

F. Northgate has filed a proof of claim against LBHI asserting $304,677,735.31 in amounts due from LBHI for claims asserted in or related to the Arbitration (Proof of Claim No. 30593) (the "LBHI Proof of Claim").

G. Northgate has also filed one or more proofs of claim against LBI in respect of the claims asserted in or related to the Arbitration (the "LBI Proof of Claim," together with the Arbitration, the "LBI Claims").

NOW, THEREFORE, in consideration of the recitals set forth above and promises made herein, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

1. LBHI agrees to seek, as soon as practicable, (i) relief from the automatic stay to allow the Insurers to make the Settlement Amount to Northgate in accordance with the

Settlement Agreement, and (ii) approval of its entry into and performance of this Agreement and Release.

2. Upon Northgate's receipt of the Settlement Amount from the Insurers, the LBHI Proof of Claim shall be disallowed with prejudice, and, promptly thereafter, Northgate shall file a notice on the docket of the Chapter 11 Case, substantially in the form annexed hereto as Exhibit A, confirming its receipt of the Settlement Amount and directing the claims agent appointed in the Chapter 11 Case to expunge the LBHI Proof of Claim from the claims register with prejudice. A form of the order modifying the automatic stay to allow the Insurers to pay the Settlement Amount to Northgate and, subject to Northgate's receipt of the Settlement Amount from the Insurers, expunging the LBHI Claim with prejudice, which has been agreed to by the Parties, is annexed hereto as Exhibit B.

3. Except as to LBHI's insurers as discussed in paragraph 4 below, the Parties, their agents, employees, principals, professionals, successors and assigns hereby waive and forever release any and all claims, rights, causes of action, right of payment and defenses they may have against each other solely in respect of the matters raised, or that could have been raised, in or related to the LBHI Proof of Claim and the Arbitration.

4. Northgate expressly reserves all its rights against LBI and nothing herein shall be construed to mean that Northgate has compromised, limited, released, waived and/or prejudiced in any way, any of its claims, rights, defenses and/or offsets against LBI. Furthermore, notwithstanding any other provision herein, in the event Northgate prevails on the LBI Claims, or in the event LBI and Northgate agree to otherwise resolve the LBI Claims, nothing herein shall limit or otherwise compromise Northgate's ability to collect or recover any award or settlement from the proceeds of any insurance policy issued to either (i) LBI or (ii) LBHI for the benefit of or covering LBI. For the avoidance of doubt, in no case shall Northgate be entitled to any direct recovery from LBHI in respect of the LBI Claims or the LBHI Claim.

5. Northgate represents and warrants to LBHI that it (i) has not transferred or assigned its interest in the LBHI Proof of Claim, (ii) has not asserted any other claims against LBHI, and (iii) does not hold any other claims against LBHI.

6. LBHI represents and warrants to Northgate that it (i) does not hold any claims against Northgate in respect of the matters involved in or related to the LBI Claims and (ii) has not transferred, assigned or acquired any claims against Northgate, including, without limitation, any claims purportedly held by LBI, in respect of the matters involved in or related to the LBI Claims.

7. The Parties further warrant and represent to each other: (i) that after consulting with their attorneys, they have read and fully understand the terms, conditions and effects of this Agreement and Release; (ii) that no promises or inducement for this Agreement and Release have been offered or made except as expressly stated in this Agreement and Release; (iii) that they understand the terms of the Agreement and Release; (iv) that they have executed this Agreement and Release voluntarily; (v) that they have full authority to execute this Agreement and Release; (vi) that, subject to Bankruptcy Court approval of this Agreement and Release for LBHI's entry into and performance of this Agreement and Release, they have taken all necessary

acts to ensure that they may lawfully enter into the Agreement and Release and perform the obligations under this Agreement; and (vii) that, upon Bankruptcy Court approval of this Agreement and Release, this Agreement and Release is legal, valid and binding on the Parties.

8. Each Party agrees to pay its own costs and expenses (including legal fees) incurred in connection with the negotiation, execution and delivery of this Agreement and Release.

9. This Agreement and Release is solely for the benefit of the Parties and not for any other person or entity and no such person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Agreement and Release.

10. The terms of this Agreement and Release shall be effective upon approval thereof by the Bankruptcy Court. In the event that the Bankruptcy Court does not approve this Agreement and Release, it shall be null and void and of no force and effect.

11. This Agreement and Release may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. The Parties agree that this Agreement and Release may be executed via facsimile or email, and that this Agreement and Release executed in such manner shall have full legal force.

12. This Agreement and Release can only be amended or otherwise modified by a signed writing executed by the Parties.

13. This Agreement and Release shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York.

NORTHGATE MINERALS CORPORATION

By: *M. Howorth*

Title: VP, General Counsel & Corporate Secretary

LEHMAN BROTHERS HOLDINGS INC.

By: *Thomas E. Hommel*

Title: Senior Vice President

## Exhibit A

### Notice of Withdrawal

US_ACTIVE:\43571156\05\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (JMP)
                                                     :
                       Debtors.                      : (Jointly Administered)
----------------------------------------------------------------x

## NOTICE OF WITHDRAWAL OF PROOF OF CLAIM
## OF NORTHGATE MINERALS CORPORATION

PLEASE TAKE NOTICE THAT, pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure and in accordance with the *Order Granting Debtors' motion, Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 9019 and 4001, for an Order (I) Modifying the Automatic Stay to Allow Settlement Payment Under Directors and Officers Insurance Policies and (II) Approving an Agreement and Release*, dated _____ [Docket No. _____] (the "Order"), Northgate Minerals Corporation hereby gives notice that it has received the Settlement Payment (as such term is defined in the Order), and, therefore, hereby withdraws, with prejudice, Proof of Claim Number 30593 (the "Proof of Claim"). Accordingly, pursuant to the Order, the Proof of Claim shall be expunged from the official claims registry for the above-captioned Debtors.

Dated: _____, 2010

                                        _____
                                        EISEMAN LEVINE LEHRHAUPT
                                        & KAKOYIANNIS, P.C.
                                        Eric R. Levine
                                        805 Third Avenue
                                        New York, NY 10022
                                        212-752-1000

                                        *Attorneys for Northgate Minerals Corporation*

# Exhibit B

## Order

US_ACTIVE:\43571156\05\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                        :
In re                                                   :    Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :    08-13555 (JMP)
                                                        :
                    Debtors.                            :    (Jointly Administered)
                                                        :
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 9019 AND 4001, FOR AN ORDER (I) MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES AND (II) APPROVING AN AGREEMENT AND RELEASE

Upon the motion, dated December __, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rules 9019 and 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order (i) modifying the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent applicable, to allow U.S. Specialty Insurance Company and Zurich American Insurance Company (together, the "Insurers") to make a settlement payment of $975,000 (the "Settlement Payment") in connection with the terms of a settlement agreement (the "Settlement Agreement") between Northgate Minerals Corporation ("Northgate") and the Individual Defendants,[1] a copy of which is annexed to the Motion as Exhibit A, and (ii) approving LBHI's entry into and performance of an agreement and release (the "Agreement and Release") between LBHI and Northgate, a copy of which is annexed to the Motion as Exhibit B, all as more fully described in the Motion; and

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; (vii) U.S. Specialty Insurance Company; (viii) Zurich American Insurance Company; (ix) Northgate, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

    ORDERED that the Motion is granted; and it is further

    ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow the Insurers to make the Settlement Payment provided for in the Settlement

Agreement on behalf of the Individual Defendants in accordance with the terms of the Policies; and it is further

ORDERED that the Debtors are authorized to execute all documentation necessary to allow the Insurers to fund the Settlement Payment on behalf of the Individual Defendants pursuant to the Settlement Agreement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Insurers, the Debtors or the Individual Defendants provided for under the terms and conditions of the Policies; and it is further

ORDERED that all parties to the Policies reserve all rights and defenses with respect to the Policies that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that the Agreement and Release is approved; and it is further

ORDERED that, subject to Northgate's receipt of the Settlement Payment, proof of claim number 30593 asserted by Northgate against LBHI (the "Proof of Claim") is disallowed with prejudice, and, after receipt of the Settlement Payment, Northgate shall promptly file a notice on the docket instructing the claims agent to expunge the Proof of Claim from the claims register; and it is further

    ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December __, 2010
   New York, New York

                   _____
                   UNITED STATES BANKRUPTCY JUDGE