# **EXHIBIT F**

# **(TRANSCRIPT FROM BENCH RULING IN *ENRON*)**

US_ACTIVE:\43552148\06\58399.0003

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
In the Matter of:

ENRON CORP., ET AL.,

                                           Case No.
                                           01-16034

           Debtor.
------------------------------------------x

                     April 11, 2002
                     2:00 p.m.
                     United States Custom House
                     One Bowling Green
                     New York, New York

B E F O R E:
     HON. ARTHUR J. GONZALEZ, U.S. BANKRUPTCY JUDGE

Ruling in reference to: One, the schedules; two, exclusivity; and three, the D&O insurance issue

Reported by:
Linda D. Noto, RPR, CSR

2

ENRON CORP., ET AL.,

A p p e a r a n c e s:

    WEIL, GOTSHAL & MANGES, LLP
        Attorneys for Debtors
        767 Fifth Avenue
        New York, New York 10153-0119

BY:    MARTIN J. BIENENSTOCK, ESQ.
        - and -
    RICHARD L. LEVINE, ESQ.
        - and -
    HANS S. HWANG, ESQ.

    WEIL, GOTSHAL & MANGES, LLP
        Attorneys for Debtors
        1501 K Street, N.W., Suite 100
        Washington, D.C. 20005
BY:    DAVID R. BERZ, ESQ.

    WEIL, GOTSHAL & MANGES, LLP
        Attorneys for Debtors
        700 Louisiana, Suite 1600
        Houston, Texas 77002
BY:    STEPHEN T. LODEN, ESQ.

    OFFICE OF THE ATTORNEY GENERAL - STATE OF TEXAS
        JOHN CORNYN
        Post Office Box 12548
        Austin, Texas 78711-2548
BY:    JEFF BOYD, DEPUTY ATTORNEY
    GENERAL FOR LITIGATION
        - and -
    HAL F. MORRIS, ASSISTANT ATTORNEY
    GENERAL - SENIOR ATTORNEY
    BANKRUPTCY & COLLECTIONS DIVISION

3

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

THOMPSON & KNIGHT LLP
    Attorneys for Dunhill Group
    1700 Pacific Avenue, Suite 3300
    Dallas, Texas 75201
BY:   DAVID M. BENNETT, ESQ.

CARRINGTON COLEMAN SLOMAN & BLUMENTHAL L.L.P.
    Attorneys for Kenneth Lay
    200 Crescent Court, Suite 1500
    Dallas, Texas 75201-1848
BY:   RUSSELL F. NELMS, ESQ.

CADWALADER, WICKERSHAM & TAFT
    Attorneys for PG&E
    100 Maiden Lane
    New York, New York 10038
BY:   EDWARD A. SMITH, ESQ.

4

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

CLIFFORD CHANCE ROGERS & WELLS LLP
    Attorneys for PE&E, GTN
    200 Park Avenue
    New York, New York 10166-0153
BY:    WENDY ROSENTHAL, ESQ.

REED SMITH LLP
    Attorneys for The Wiser Oil Company
    375 Park Avenue, 17th Floor
    New York, New York 10152
BY:    DEBORAH A. REPEROWITZ, ESQ.

McCLAIN & SIEGEL, P.C.
    Attorneys for The Employment
    Related Issues Committee
    909 Fannin, Suite 4050
    Houston, Texas 77010

BY:    DAVID McCLAIN, ESQ.

ENRON CORP., ET AL.,
Appearances: (Continued)

KRONISH LIEB WEINER & HELLMAN, LLP
   Attorneys for The Employee
   Related Issues Committee
   1114 Avenue of the Americas
   New York, New York 10036-7798

BY:   RONALD R. SUSSMAN, ESQ.

BARRY A. BROWN, ESQ.
   Attorney for Upstream Energy Services
   as agent for the gas producers
   The Arena Tower, Suite 1100
   7322 Southwest Freeway
   Houston, Texas 77074

ARTER & HADDEN, LLP
   Attorneys for AEGIS Insurance
   101 West Broad Street, Suite 2100
   Columbus, Ohio  43215-3422

BY:   DAN A. BAILEY, ESQ.

6

ENRON CORP., ET AL.,
A p p e a r a n c e s:   (Continued)

PHILLIPS NIZER, LLP
    Attorneys for AEGIS
    600 Old Country Road
    Garden City, New York  11530-2011
BY:    LOUIS A. SCARCELLA, ESQ.

TOGUT, SEGAL & SEGAL LLP
    Attorneys for Enron et al
    One Penn Plaza
    New York, New York  10119
BY:    FRANK A. OSWALD, ESQ.
        -and-
    SCOTT RATNER, ESQ.

NICKENS, LAWLESS & FLACK, L.L.P.
    Attorneys for Officers Regarding
    Insurance Carriers
    1000 Louisiana Street, Suite 5360
    Houston, Texas 77002

BY:    JACK C. NICKENS, ESQ.

ENRON CORP., ET AL.,
A p p e a r a n c e s:  (Continued)

    KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
        Attorneys for Appaloosa Management L.P.,
        Oaktree Capital Management, LLC,
        Angelo Gordon & Co., L.P.,
        Elliott Associates, L.P.
        1633 Broadway
        New York, New York  10019-6799

    BY:   RICHARD F. CASHER, ESQ.

    GOLUB & GOLUB, LLP
        Attorneys for Rio Piedras
        225 Broadway, Suite 1515
        New York, New York  10007

    BY:   CHRISTOPHER P. BRUNDAGE, ESQ.
        - and -
    FRANK JAKLITSCH, ESQ.

    MILBANK, TWEED, HADLEY & MCCLOY LLP
        Attorneys for Official Comm. of the
        Unsecured Creditors Committee
        1 Chase Manhattan Plaza
        New York, New York  10005-1413
    BY:   LUC A. DESPINS, ESQ.
        - and -
    MATTHEW BARR, ESQ.

8

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

DALTON GOTTO SAMSON & KILGARD
    Attorneys for Tittle
    Suite 900, National Bank Plaza
    3101 N. Central Avenue
    Phoenix, Arizona  85012

BY:   GARY A. GOTTO, ESQ.


ENTWISTLE & CAPPUCCI LLP
    Attorneys for Florida State Board
    of Administration
    200 Park Avenue
    New York, New York  10171-1499
BY:   ANDREW J. ENTWISTLE, ESQ.


GIBBS & BRUNS, L.L.P.
    Attorneys for Enron Outside Directors
    1100 Louisiana, Suite 5300
    Houston, Texas  77002
BY:   ROBERT MADDEN, ESQ.

9

ENRON CORP., ET AL.,
A p p e a r a n c e s:    (Continued)

GENOVESE JOBLOVE & BATTISTA, P.A.
    Attorneys for Class Claimants
    in Houston Action
    Bank of America Tower
    100 Southeast Second Street, 36th Floor
    Miami, Florida  33131
BY:   CRAIG P. RIEDERS, ESQ.
      - and -
    JOHN GENOVESE, ESQ.

TONKON TORP LLP
    Attorneys for Ken L. Harrison
    1600 Pioneer Tower
    888 SW Fifth Avenue
    Portland, Oregon  97204

BY:   ZACHARY W.L. WRIGHT, ESQ.

SHEARMAN & STERLING
    Attorneys for Citigroup
    599 Lexington Avenue
    New York, New York  10022-6069

BY:   FREDRIC SOSNICK, ESQ.

10

ENRON CORP., ET AL.,
A p p e a r a n c e s:  (Continued)

DAVIS POLK & WARDWELL
    Attorneys for JP Morgan Chase Bank
    450 Lexington Avenue
    New York, New York  10017
BY:    MARSHALL SCOTT HUEBNER, ESQ.

ROPES & GRAY
    Attorneys for Present and Former
    Outside Directors
    One International Place
    Boston, Massachusetts  02110-2624

BY:    WILLIAM F. MCCARTHY, ESQ.

APPEARING TELEPHONICALLY
    NEBENZAHL KOHN DAVIS & LEFF LLP
        ALBERT DAVIES, ESQ.
        MERTON RANDEL DAVIES, ESQ.
    WOLLMUTH, MAHER & DEUTSCH LLP
        KIRSTIN PETERSON, ESQ.

    VORYS, SATER, SEYMOUR & PEASE
        JONATHAN AIREY, ESQ.
    WEIL, GOTSHAL & MANGES LLP
        MARGARITA COALE, ESQ.

    ROPES, GRAY
        GREG KADEN, ESQ.

11

```
 1                    ENRON CORP., ET AL.,
 2                    THE COURT:  Please be seated.
 3                    All right.  My recollection, if I
 4   left something out I'll have to go back in and get
 5   some more papers, but my recollection is that
 6   there are three decisions I have to read into the
 7   record:  One, the schedules; two, exclusivity; and
 8   three, the D&O insurance issue.
 9                    Was there anything else that I
10   reserved on this morning?
11                    All right.  I'll deal first with
12   exclusivity and then I'll read a decision with
13   respect to the D&O.  And when I deal with
14   exclusivity, I'll deal as well with the schedules.
15                    Cause exists to extend the Debtors
16   exclusive periods as to all the Debtors.
17                    With respect to ENA, the Court will
18   do the following:  One, extend ENA's exclusive
19   period to August 31st, 2002; two, sua sponte
20   expand the ENA Examiner's role to that of the
21   facilitator of a plan in the ENA case and direct
22   him to file a report regarding the status of those
23   efforts including a recommendation as to any
24   further extension of ENA's exclusivity; three,
25   such report shall be filed on or before July 26,
```

1              ENRON CORP., ET AL.,

2    2002.

3              With respect to the other Enron

4    Debtors, the exclusive period is extended as

5    requested by the Debtor and the Committee for the

6    six-month period sought.

7              With respect to the schedules, the

8    Court grants the Debtors' request for the

9    additional 60 days and the related relief sought.

10   And the Debtor is to serve an order with respect

11   to both of those issues, and obviously settle it

12   upon the ENA Examiner with respect to the

13   exclusivity issue.

14             Regarding the AEGIS motion and the

15   outside directors.  Concerning the motions filed

16   by AEGIS and the outside directors to lift the

17   automatic stay to allow AEGIS to pay amounts under

18   the AEGIS D&O Policy and the AEGIS Fiduciary and

19   Employee Benefit Liability Policy, first, as set

20   forth by the Movants, their motion to lift the

21   stay is the procedurally correct method to have

22   this matter presented to the Court.

23             Therefore, currently at issue is

24   the payment of the defense costs incurred by the

25   officers and directors.

13

1      ENRON CORP., ET AL.,

2      The D&O Policy provides for

3 coverage of the directors and officers,

4 indemnification coverage for the Debtor, and

5 entity coverage for the Debtor.

6      Pursuant to the terms of the D&O

7 Policy, the directors have a right to advancement

8 of defense costs under a priority of payments

9 endorsement.

10      The Debtors' entity coverage and

11 its indemnification coverage are expressly

12 subordinated to the rights of the directors and

13 officers under the AEGIS D&O policy.

14      As the Debtors' property rights are

15 defined by state law, it is that law that governs

16 the contractual obligation; thus, any directors

17 and officers currently due defense costs covered

18 by the policy must be paid from the proceeds of

19 the policy first.  The Debtors are then entitled

20 to have their own claims for defense costs paid.

21      The Debtors note the importance of

22 providing the officers and directors with this

23 type of coverage.  The Debtors assert that the

24 Debtor, itself, is entitled to currently-due

25 defense costs and will seek payment once the

14

1        ENRON CORP., ET AL.,
2   directors and officers receive payments for the
3   amounts currently due them.
4              With respect to the payment of
5   officers and directors' defense costs, to the
6   extent that any such payments would negatively
7   impact the Debtors' interest in the proceeds of
8   the D&O policy, that result is dictated by the
9   negotiated terms of the policy.
10             As certain officers and directors
11  may have present rights to payment of defense
12  costs, the fact that certain parties may in the
13  future assert claims and potentially become
14  entitled to payment from the insurance policies
15  does not preclude those who are currently entitled
16  to payment from receiving it.
17             In any case, the parties are bound
18  by the contractual provisions of the policy.  The
19  Debtors' interest in the policy is limited by its
20  contractual provisions including a priority
21  advancement and payment obligations contained in
22  those policies.  The Court cannot rewrite the
23  provisions of the contract.
24             The Objectants acknowledge the
25  terms of the contract.  Some of the Objectants

```
 1                    ENRON CORP., ET AL.,
 2     argue that because AEGIS and the outside directors
 3     are seeking to invoke this Court's jurisdiction
 4     concerning the lifting of the stay, that gives
 5     this Court leeway to set conditions upon which the
 6     stay would be lifted.  However, in this case, any
 7     such action would result in changing the terms of
 8     the contract.
 9                    The Court finds that, while
10     exercising jurisdiction concerning the issue of
11     lifting the stay, it should not exercise
12     jurisdiction over the terms of the contract and
13     will not interfere with those terms.
14                    Under the AEGIS Fiduciary Policy,
15     the coverage afforded the relevant Debtors is
16     co-extensive with the coverage afforded the
17     individual insureds.  However, that policy
18     provides a special $10 million fund earmarked for
19     defense costs.
20                    Payment from that fund will protect
21     the coverage that is available for payment of
22     settlements and judgements.  Moreover, payment
23     from the special funds requires written approval
24     from the Debtor.  These two aspects protect the
25     Debtors' interest.
```

```
 1                    ENRON CORP., ET AL.,
 2                    In addition, the Debtors have
 3    referenced the estates' interest in having
 4    individual defendants vigorously defend themselves
 5    in light of the potential for vicarious liability.
 6                    The Debtors also have asserted that
 7    the payment of the individual claimants' defense
 8    cost from the special $10 million fund should not
 9    limit the availability of proceeds that may be
10    required by the Debtor.
11                    Based upon the pleadings filed and
12    the record of this hearing, the Court finds that
13    because of the entity coverage, the stay is
14    implicated.  However, the Debtors' interest appear
15    minimal.
16                    Moreover, the Debtors' interest
17    should not be expanded by this Court.  They should
18    receive no greater protection than their contract
19    rights afford them.
20                    The Court finds cause to lift the
21    stay and grant the motion to permit the parties to
22    exercise their contractual rights under the D&O
23    Policy.
24                    In addition, the Court grants the
25    motion to lift the automatic stay to the extent
```

```
 1                    ENRON CORP., ET AL.,
 2   that the individual insureds and the Debtors may
 3   exercise their contractual rights against the
 4   $10 million special fund portion of the Fiduciary
 5   Policy.
 6                    The Movants shall settle an order
 7   upon the appropriate parties.
 8                    We will begin again, I think, at
 9   2:30.  Thank you.
10
11                    (Time noted:  2:05 p.m.)
12                           oOo
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

STATE OF NEW YORK     )
                     )SS.:
COUNTY OF NEW YORK    )

    I, LINDA D. NOTO, a Certified Shorthand Reporter, Registered Professional Reporter and Notary Public within and for the State of New York, do hereby certify:

    I reported the proceedings in the within entitled matter, and that the within transcript is a true record of such proceedings.

    I further certify that I am not related, by blood or marriage, to any of the parties in this matter and that I am in no way interested in the outcome of this matter.

    IN WITNESS WHEREOF, I have hereunto set my hand this 11th day of April, 2002.

*Linda D. Noto*

LINDA D. NOTO, C.S.R., R.P.R.
License Number XI 01887 - N.J.
License Number 001002 - N.Y.

212-867-8220    Doyle Reporting, Inc.    Doylerpt1@aol.com

2ace9960-508a-11d6-bfa1-0050da59f9be