UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                   :     Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     08-13555 (JMP)
                                                        :
                    Debtors.                            :     (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)

Upon the sixty-fourth omnibus objection to claims, dated November 3, 2010 (the "Sixty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Supporting Documentation Claims on the grounds that such claims fail to comply with the Bar Date Order's specific direction that claims include supporting documentation or an explanation as to why such documentation is unavailable, and, therefore, do not constitute valid *prima facie* claims, all as more fully described in the Sixty-Fourth Omnibus Objection to Claims; and due and proper notice of the Sixty-Fourth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Sixty-Fourth

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Sixty-Fourth Omnibus Objection to Claims.

Omnibus Objection to Claims, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and a hearing having been held on the Sixty-Fourth Omnibus Objection to Claims on December 22, 2010; and the Court having found and determined that the relief sought in the Sixty-Fourth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Sixty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Sixty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Supporting Documentation Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that the Debtors have withdrawn without prejudice the Sixty-Fourth Omnibus Objection to Claims with respect to the claims listed on Exhibit 2 annexed hereto; and it is further

ORDERED that the Debtors have adjourned to March 3, 2011 (or as may be further adjourned by the Debtors) the Sixty-Fourth Omnibus Objection to Claims with respect to the claim listed on Exhibit 3 annexed hereto; and it is further

ORDERED that this Order supersedes all previous orders regarding the No Supporting Documentation Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the Sixty-Fourth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       December 22, 2010

                                        *s/ James M. Peck*
                                        Honorable James M. Peck
                                        United States Bankruptcy Judge