UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re:                                                          :     Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.                           :     08-13555 (JMP)
                                                                :
                  Debtors.                                      :     (Jointly Administered)
                                                                :
----------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER BETWEEN
## LEHMAN BROTHERS HOLDINGS INC. AND DR. PETER BERMAN

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and Dr. Peter Berman ("Claimant" and, together with LBHI, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order and represent and agree as follows:

### RECITALS

A. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. By order dated July 2, 2009 (the "Bar Date Order"), the Court established September 22, 2009 at 5:00 p.m. as the deadline (the "Bar Date") for filing proofs of claim against any of the Debtors in these chapter 11 cases. The Bar Date Order requires, among other

things, that each proof of claim must include supporting documentation or an explanation as to why documentation is not available. *See* Bar Date Order, at 6.

C.   On or before September 22, 2009, Claimant filed a proof of claim, claim number 31104 (the "Original Claim"), with Epiq Systems, Inc. ("Epiq"), the Debtors' court-appointed claims and noticing agent, asserting a claim against LBHI.

D.   On July 19, 2010, the Debtors filed their thirty-first omnibus objection to claims (the "Thirty-First Omnibus Objection") [Docket No. 10282] on the basis that the claims identified therein, including the Original Claim, were not submitted with supporting documentation or an explanation as to why documentation was not available and, therefore, failed to comply with the Bar Date Order.

E.   On August 18, 2010, Claimant filed a motion (the "Motion") [Docket No. 10852] for leave to file an amended proof of claim.

F.   On November 17, 2010, the Debtors filed a notice of withdrawal of the Thirty-First Omnibus Objection (the "Notice") [Docket No. 12831], pursuant to which the Debtors withdrew without prejudice the Thirty-First Omnibus Objection solely with respect the claims listed in the Notice, including the Original Claim.

G.   On November 17, 2010, Claimant filed with Epiq a proof of claim, claim number 67219 (the "Amended Claim"), as an amendment to the Original Claim (the "Amendment"). The Amended Claim, among other things, includes documentation that purports to support the Amended Claim.

H.   The Parties have agreed to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. Upon the Court's approval of this Stipulation, Agreement and Order, the Debtors agree not to object to the Amended Claim solely on the basis that the Amendment was improper.

2. Upon the Court's approval of this Stipulation, Agreement and Order, the Original Claim is disallowed and expunged with prejudice.

3. The rights of the Debtors and any other party in interest to object to the Amended Claim on any ground are expressly preserved and unaffected by this Stipulation, Agreement and Order other than as set forth herein.

4. Upon the Court's approval of this Stipulation, Agreement and Order, the Motion shall be deemed withdrawn with prejudice.

5. This Stipulation, Agreement and Order shall not become effective against the Debtors unless and until it is "so ordered" by the Court.

6. This Stipulation, Agreement and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7. Each person who executes this Stipulation, Agreement and Order represents that he or she has the authority to execute this document on behalf of his or her respective client(s).

8. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies or facsimiles signed by the party hereto to be charged.

9. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: December 10, 2010

| **WEIL, GOTSHAL & MANGES LLP** | **McCAUSLAND KEEN & BUCKMAN** |
|---|---|
| /s/ Shai Y. Waisman | /s/ Glenn S. Gitomer |
| Shai Y. Waisman | Glenn S. Gitomer |
| 767 Fifth Avenue | 11 Broadway, Suite 715 |
| New York, New York 10153 | New York, New York  10004 |
| Telephone: (212) 310-8000 | Telephone: (212) 401-0160 |
| Facsimile: (212) 310-8007 | |
| | |
| Attorneys for Debtors and Debtors in Possession | Attorneys for Claimant |

**SO ORDERED**:

Dated: New York, New York
       December 22, 2010

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge