UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                            :   Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :   08-13555 (JMP)
                                                                 :
                                   Debtors.             :   (Jointly Administered)
------------------------------------------------------------------x

**SECOND SUPPLEMENTAL ORDER
GRANTING DEBTORS' FORTY-NINTH OMNIBUS
OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

Upon the forty-ninth omnibus objection to claims, dated September 24, 2010 (the "Forty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], disallowing and expunging the Duplicative of Indenture Trustee Claims on the grounds that such claims are substantively duplicative of the corresponding Global Surviving Claims, all as more fully described in the Forty-Ninth Omnibus Objection to Claims; and due and proper notice of the Forty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and upon the record of the hearing held on December 22, 2010 regarding Kurt Wolf's Responses to Debtors' Forty-Ninth Omnibus Objection to Claims (the "Responses") [Docket Nos. 12505 & 12986]; and, to the extent that the Responses constitute objections to the Forty-Ninth Omnibus Objection to Claims, the Court

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Forty-Ninth Omnibus Objection to Claims.

having overruled such objections; and the Court having found and determined that the relief sought in the Forty-Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Forty-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Forty-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (the "Duplicative of Indenture Trustee Claim") are disallowed and expunged; and it is further

ORDERED that the claim listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (the "Global Surviving Claim") will remain on the claims register subject to the Debtors' right to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicative of Indenture Trustee Claim constitutes any admission or finding with respect to the Global Surviving Claim, and the Debtors' rights to object to the Global Surviving Claim on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Forty-Ninth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto, (ii) any claim listed on Exhibit A annexed to the Forty-Ninth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*"

that is not listed on Exhibit 1 to the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) [Docket No. 12893], (iii) any claim listed on Exhibit A annexed to the Forty-Ninth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 to the Supplemental Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) [Docket No. 13299], and (iv) the Global Surviving Claims;

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
December 22, 2010

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

# EXHIBIT 1

## IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 49: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 1 | WOLF, KURT 141-11 JEWEL AVE FLUSHING, NY 11367 | 07/30/2009 | 08-13555 (JMP) | 6770 | $55,193.60 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21805 | $314,207,499.10* | Duplicative of Indenture Trustee Claim |
| | | | TOTAL | | $55,193.60 | | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts