**Hearing Date and Time:  January 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  January 6, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULE 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR ENTRY
OF AN ORDER CLARIFYING THE SCOPE OF THE PROCEDURES
FOR THE SETTLEMENT OF PREPETITION DERIVATIVE CONTRACTS**

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors"), pursuant to section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for entry of an order clarifying the scope of the procedures for settling prepetition derivative contracts, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **January 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153, Attn: Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Elisabetta G. Gasparini, Esq., Andrea B. Schwartz, Esq., and Tracy Hope Davis, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases, so as to be so filed and received by no later than **January 6, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 22, 2010
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Hearing Date and Time:  January 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  January 6, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                          :        Chapter 11 Case No.
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        08-13555 (JMP)
                                               :
           Debtors.                            :        (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE,
FOR ENTRY OF AN ORDER CLARIFYING THE SCOPE OF THE PROCEDURES
FOR THE SETTLEMENT OF PREPETITION DERIVATIVE CONTRACTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), submit this motion (the "Motion"), pursuant to section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for entry of an order clarifying the scope of the procedures for settling prepetition derivative contracts, and respectfully represent:

**Preliminary Statement**

1.     As this Court is aware, the Debtors are parties to thousands of contracts in which the contractual obligations and values are keyed to one or more underlying assets or indices of asset values and subject to movements in the financial markets (the "Derivative Contracts"). On December 16, 2008, this Court entered an *Order Pursuant to Sections 105 and*

US_ACTIVE:\43589822\05\58399.0003

*365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* [Docket No. 2257] (the "First DPO"), which order was subsequently amended by (i) the *Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* [Docket No. 2557], (ii) the *Third Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* [Docket No. 5292], and (iii) the *Fourth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* [Docket No. 5544] (collectively, and together with the First DPO, the "Derivatives Procedures Order").

2.  The Derivatives Procedures Order approves procedures pursuant to which the Debtors may assume and assign "in the money" Derivative Contracts (the "Assumption and Assignment Procedures"), and enter into compromises and settlements with counterparties in connection with Derivative Contracts (the "Termination and Settlement Procedures"). The Termination and Settlement Procedures require the Debtors to obtain the written consent of the Creditors' Committee (defined below) prior to assuming and assigning or entering into a settlement agreement with respect to a Derivative Contract.

3.  As of September 30, 2010, the Debtors have entered into settlement agreements with respect to more than 2,900 Derivative Contracts, and collected an aggregate amount of approximately $11.3 billion in respect thereof. By all accounts, these figures indicate the extent to which the Termination and Settlement Procedures have benefited the Debtors' estates.

4.      Nevertheless, certain of the Debtors' counterparties have been reluctant to enter into settlements with the Debtors pursuant to the Derivatives Procedures Order because of concerns about the breadth of the authority provided to the Debtors under the Termination and Settlement Procedures. Typically, this counterparty uncertainty arises in circumstances where (i) an adversary proceeding is pending with respect to the relevant Derivative Contract, or (ii) the settlement requires that parties other than the counterparty (such as trustees, noteholders, certificate holders or other parties in related SPV structures) be party to a settlement agreement with one or more of the Debtors.[1]

5.      While the Debtors interpret the Derivatives Procedures Order to apply in the foregoing circumstances, some counterparties disagree and either have permanently stalled settlement negotiations or the Debtors have been required to file individual motions for approval under Bankruptcy Rule 9019, burdening the estates with additional professional fees and delaying the consummation of such settlements. For this reason, the Debtors respectfully request that this Court enter a supplemental order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Fifth Supplemental Order</u>"), clarifying that the Termination and Settlement Procedures of the Derivatives Procedures Order authorize the Debtors to (i) terminate and settle any agreements related to Derivatives Contracts, regardless of the identity of the signatories to such agreements, (ii) settle and dismiss any adversary proceeding or other plenary litigation related to the relevant Derivatives Contracts, and (iii) enter into any agreement ancillary to the foregoing.

---

[1]     The Debtors reserve their right to object to the standing of any such party in connection with an adversary proceeding or settlement that involves the Debtors' Derivative Contracts. By seeking the clarification described herein, the Debtors do not take the position that any parties other than their counterparties are "necessary parties" to any settlement or legal proceeding.

**Background**

6. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

8. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

9. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. On March 11, 2010, the Examiner filed its report with the Court [Docket No. 7531].

10. On March 15, 2010, the Debtors filed their joint chapter 11 plan pursuant to section 1121 of the Bankruptcy Code [Docket No. 7572]. On April 14, 2010, the Debtors filed their revised joint chapter 11 plan [Docket No. 8330] and disclosure statement for their revised joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No. 8332].

**Jurisdiction**

11. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

**Lehman's Business**

12. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

13. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**The Relief Requested is in the Best
Interests of the Debtors and their Estates and Creditors**

14. The Court has the authority under section 105 of the Bankruptcy Code to enter the Fifth Supplemental Order. Pursuant to section 105, this Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of…title [11]." 11 U.S.C. § 105(a). The Second Circuit has acknowledged that section 105 confers broad powers on bankruptcy courts:

> 11 U.S.C. § 105 'is an omnibus provision phrased in such general terms as to be the basis for a broad exercise of powers in the administration of a bankruptcy case. The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid at the exercise of their jurisdiction…."

*Casse v. Key Nat'l Bank Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) (citation omitted).

15.     The clarification that the Debtors seek of this Court's prior order will allow the Debtors to realize the full benefit that the Derivatives Procedures Order was intended to provide to the Debtors' estates, and is therefore an appropriate use of this Court's powers under section 105 of the Bankruptcy Code. The Derivatives Procedures Order already grants the Debtors the authority to enter into any settlement agreement that relates to the termination and settlement of any prepetition Derivative Contract (provided that the Creditors' Committee consents to the terms of the settlement). Specifically, the twelfth decretal paragraph of the First DPO provides that it is

> ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate assumptions and assignments and/or termination agreements pursuant to the Assumption and Assignment Procedures and/or Termination and Settlement Procedures…

16.     In most instances, reference to this paragraph of the First DPO has satisfied those settlement parties who initially expressed concerns about the applicability of the Derivatives Procedures Order to their particular circumstances. Recently, however, the number of settlements that have become stalled on account of certain parties expressing uncertainty over the applicability of the Derivatives Procedures Order, and the number of counterparties that have required separate Rule 9019 motions to be filed,[2] has prompted the Debtors to seek clarification from this Court.

---

[2]    *See Debtors' Motion Pursuant To Rule 9019 of The Federal Rules of Bankruptcy Procedure For Approval of A Settlement Agreement Among Lehman Brothers Special Financing Inc., American Family Life Assurance Company of Columbus, And Others, Relating To Certain Swap Transactions With Beryl Finance Limited* [Docket No. 5955]; *Debtors' Motion Pursuant To Rule 9019 of The Federal Rules of Bankruptcy Procedure For Approval of A Settlement Agreement Among Lehman Brothers Special Financing Inc., BNY Corporate Trustee Services Limited, Perpetual Trustee Company Limited, And Others, Relating To Certain Swap Transactions With Saphir Finance Public Limited Company* [Docket No. 13051].

17. The Debtors are not seeking any further relief or authority other than that which this Court has already granted pursuant to the Derivatives Procedures Order. Rather, the Debtors are merely seeking a clarification of the relief already provided by the Derivatives Procedures Order in order to enable the Debtors to take full advantage of the expedited procedure afforded by the Derivatives Procedures Order. Out of an abundance of caution, the Debtors have filed the instant Motion, in order dispel any doubt that settlements entered into with the Debtors in respect of Derivative Contracts, will be enforceable settlements fully authorized by this Court, provided that they are entered into pursuant to the Derivatives Procedures Order, as supplemented by the Fifth Supplemental Order.

18. Given the immense benefit that the Debtors' estates have derived on account of the Derivatives Procedures Order, the Debtors submit that the clarification herein is reasonable and in the best interests of the Debtors, their estates and creditors.

## Notice

19. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

20.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court enter the Fifth Supplemental Order and grant the Debtors such other and further relief as it deems just and proper.

Dated:  December 22, 2010
        New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
In re                                                              :     Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :     08-13555 (JMP)
                                                                   :
                       Debtors.                                   :     (Jointly Administered)
                                                                   :
-------------------------------------------------------------------x

### FIFTH SUPPLEMENTAL ORDER
### PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY
### CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR
### ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS

Upon the motion, dated November 13, 2008 (the "Original Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 365 of the Bankruptcy Code (the "Bankruptcy Code") and Rules 6006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order establishing procedures for the assumption and assignment (the "Assumption and Assignment Procedures") of derivative contracts (the "Derivative Contracts") the Debtors entered into with various counterparties (the "Counterparties") and the settlement of claims arising from the termination of Derivative Contracts (the "Termination and Settlement Procedures," together with the Assumption and Assignment Procedures, the "Procedures"), all as more fully described in the Motion; and consideration of the Original Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on December 16, 2008 to consider the relief

requested in the Original Motion; and an order having been entered on December 16, 2008 [Docket No. 2257] granting the relief requested in the Original Motion (the "Derivatives Procedures Order") except as to the Derivative Contracts in respect of which the Remaining Objectors (as defined in the Derivatives Procedures Order) filed an objection; and, from time to time, the Court having entered supplemental orders to make the Procedures applicable to the Remaining Objectors on consent [Docket Nos. 2557, 5292 and 5544] (collectively, the "Supplemental Orders"); and by the Debtors' Motion Pursuant To Section 105(a) of The Bankruptcy Code And Rule 9019 of The Federal Rules of Bankruptcy Procedure, For Entry of An Order Clarifying The Scope of The Procedures For The Settlement of Prepetition Derivative Contracts, dated December 22, 2010 (the "Motion"), the Debtors have filed this fifth supplemental order to clarify the scope and application of the Termination and Settlement Procedures; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing having been held on January 13, 2011 to consider the clarification requested in the Motion; and the Court having previously found and determined at the Hearing that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and the Court having found and determined that the entry of this Order is in the

best interest of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the avoidance of doubt, the Termination and Settlement Procedures authorize the Debtors to (i) terminate and settle any agreements related to Derivatives Contracts, regardless of the identity of the signatories to such agreements, (ii) settle and dismiss any adversary proceeding or other plenary litigation related to the relevant Derivatives Contracts, and (iii) enter into any agreement ancillary to the foregoing; and it is further

ORDERED that, for the avoidance of doubt, solely for purposes of the Termination and Settlement Procedures, the term Counterparty[3] shall include trustees, noteholders, certificate holders or any other parties having an interest in a transaction underlying or related to a particular Derivatives Contract; and it is further

ORDERED that, the Derivatives Procedures Order as supplemented herein shall be applicable to any settlements consummated by the Debtors prior to the entry of this Order in accordance with the Derivatives Procedures Order; and it is further

ORDERED that all terms of the Derivatives Procedures Order and the Supplemental Orders shall otherwise continue to apply and remain in full force and effect without modification; and it is further

---

[3] Terms not otherwise defined herein shall have the meaning ascribed to them in the Original Motion.

ORDERED that entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Derivative Contracts pursuant to, among other things, section 365 of the Bankruptcy Code.

Dated: January ___, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE