# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: 212.326.3939 • FACSIMILE: 212.755.7306

Direct Number: (212) 326-3604
jtambe@jonesday.com

JP682423:lmp
089600-016075

December 23, 2010

**VIA HAND DELIVERY**

Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

      Re:    Lehman Brothers Holdings Inc. et al. v. Nomura
              Securities Co., Ltd. ("NSC"), 10-3228-jmp

Dear Judge Peck:

      We represent Lehman Brothers Holdings Inc., Lehman Brothers Special Financing Inc., and their affiliated debtors (collectively the "Debtors") in the above-referenced chapter 11 cases. We write to request an informal conference with the Court pursuant to Local Bankruptcy Rule 7007-1(b) in order to resolve a dispute between the Debtors and NSC regarding the location of depositions. NSC refuses to produce witnesses for depositions outside of Japan, and Debtors contend that such depositions should take place in New York. Debtors have attempted to resolve this dispute to no avail and are left with no choice but to seek relief from the Court.

      All of the factors for determining where depositions should be held: cost, convenience and litigation efficiency, favor holding these depositions in New York.[1] Japan forbids depositions by telephone or video conference.[2] Depositions of a willing Japanese national or resident for use in a United States court may be taken in Japan only: (1) if the deposition is presided over by a U.S. consular officer, (2) is conducted on U.S. consular premises, (3) is taken pursuant to an American court order or commission, and (4) if any non-Japanese participant traveling to Japan applies for and obtains a Japanese Special Deposition Visa.[3] The spaces available for taking depositions on consular premises in Japan are routinely booked six months in advance.[4] Only very limited electronic devices may be brought into such facilities and all networked devices must be disabled, severely hampering the Debtors' ability to conduct a full deposition in a complex a case such as this.[5] Finally, Japanese law places limitations on the application of the Federal Rules of Civil Procedure during the deposition process. American

---

[1] See New Medium Techs, 242 F.R.D. at 466.

[2] U.S. State Dept., Japan Judicial Assistance, http://travel.state.gov/law/judicial/judicial_678.html (last visited December 15, 2010).

[3] Id.

[4] Id.

[5] Id.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Honorable James M. Peck
December 23, 2010
Page 2

judicial personnel may not participate in depositions in Japan, and there are limits on what a deponent may be required to produce, even in response to a U.S. court order, in Japan.[6]

For all these reasons, on September 7, 2010 the Debtors asked NSC to agree that the depositions of NSC's witnesses under Federal Rule of Civil Procedure 30(b)(1) and 30 (b)(6) would take place in New York. On September 14, 2010 and again on September 22, 2010, NSC responded that it would not agree and insisted these depositions take place in Japan. On September 27, 2010, the Debtors sent a formal letter to NSC stating that depositions should take place in New York because of the extraordinary burden that Japanese law places on the taking of depositions and again emphasizing the need for a rapid response in order to avoid further delay.[7] On September 29, 2010, NSC told the Debtors that it needed time to respond to the Debtors arguments, but promised to respond promptly. It was not until November 1, 2010, at the Debtors prompting, that NSC stated that it would not respond to the Debtors' request unless and until the Debtors supplied the names of the individual witnesses that Debtors wanted to depose. The Debtors responded that they could not provide such a list, since the parties had not yet exchanged documents in response to the document requests propounded in this case, but that there would certainly be 30(b)(6) depositions requiring participation from NSC personnel. On December 2, 2010, the Debtors again raised the issue, noting that they were willing to keep the number of deponents relatively small, likely no more than five individuals, but reiterated the enormous burden of taking depositions, especially in a complex case like the present one, under the conditions required in Japan. NSC promised to provide an answer by early the following week. The Debtors have received no response.

If the Debtors are unable to determine now whether they will be required to depose NSC witnesses in Japan, it will soon be impossible to complete those depositions before the fact discovery deadline of May 18, 2011. As a result, the Debtors would appreciate an opportunity to address these issues at a conference with the Court.

Respectfully,

Jayant W. Tambe /xmp

Attachment

cc:    Brian H. Polovoy, Esq.
       David S. Cohen, Esq.

---

[6] Id. See also Custom Form Mfg. v. Omron Corp., 196 F.R.D. 333, 336 (N.D. Ind. 2000) ("in Japan a witness cannot be compelled to produce anything, and. . .Japanese laws forbid an employee, while on Japanese soil, from disclosing any information that its corporate employer may unilaterally label as a trade secrete [sic], even when the employee is under order of a United States Court to make such a disclosure.")

[7] A true and correct copy of the letter is attached as Exhibit A.