Exhibit A

## JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: 212.326.3939 • FACSIMILE: 212.755.7306

Direct Number: (212) 326-3604
jtambe@jonesday.com

JP682423
089600-016075

September 27, 2010

<u>VIA E-MAIL</u>

Brian H. Polovoy
Shearman & Sterling LLP
599 Lexington Ave
New York, New York 10022

Re: <u>Lehman Bros. Holdings Inc., et al. v. Nomura International plc et al.</u>

Dear Brian:

We previously informed you that LBSF will seek to depose in New York certain of Nomura International plc ("NIplc"), Nomura Securities Co., Ltd. ("NSC"), and Nomura Global Financial Products' ("NGFP" and, together with NIplc and NSC, "Nomura") employees who are residents of Japan. In response, on September 14, 2010 and again on September 22, 2010, you asserted that Nomura intended to object to producing its employees for deposition in New York and to insist that such depositions be held in Japan. As set forth below, we believe that Nomura's refusal to make its witnesses available in this forum flies in the face of well-settled case law, poses an extreme inconvenience to Debtors and the Court, and, in short, is unreasonable. While we are willing to work with your clients to reach a reasonable compromise concerning the scheduling and location of depositions, if Nomura refuses to make its witnesses available in New York, LBSF will need to raise this issue promptly with Judge Peck. Consequently, please let us know by close of business on September 29, 2010 whether your clients have reconsidered their position so that we may take appropriate and timely action in response.

The applicable case law is well settled that corporate defendants can be compelled to submit to depositions "in places other than the location of their principal place of business, especially in the forum, for the convenience of all parties and in the general interests of judicial economy." <u>Sugarhill Records Ltd. v. Motown Record Corp.</u>, 105 F.R.D. 166, 171 (S.D.N.Y. 1985). Indeed, "[w]hen a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made." <u>Delphi Auto. Sys. LLC v. Shinwa Intl. Holdings Ltd.</u>, No. 1:07-cv-00811, 2008 U.S. Dist. LEXIS 55929, at *5-*6 (S.D. Ind. July 23, 2008) (quoting <u>Custom Form Mfg. v. Omron Corp.</u>, 196 F.R.D. 333, 336 (N.D. Ind. 2000) (collecting cases)). "Factors to be considered include whether the time, expense, and inconvenience of travel present a hardship for the deponent, the ability of the Court to intervene in the event a dispute arises, the location of counsel for the parties, and whether the

JONES DAY

Brian H. Polovoy
September 27, 2010
Page 2

persons sought to be deposed engage in travel for business purposes." Delphi Auto. Sys. LLC, 2008 U.S. Dist. LEXIS 55929 at *5-*6 (internal citations omitted). Thus, although some courts speak of a "presumption" that a corporate defendant's witnesses be deposed at its principal place of business, most courts consider this merely a "decision rule that facilitates determination when other relevant factors do not favor one side over the other." Id. (internal quotation marks and citation omitted); see also New Medium Tech. LLC v. Barco N.V., 242 F.R.D. 460 (N.D. Ill. 2007) (collecting cases).

Here, all factors require that Nomura's Japan-based witnesses appear for their depositions in New York.

First, there can be no question that conducting depositions in Japan will be burdensome on Debtors, counsel and the remaining parties, will pose a severe logistical hardship, and will delay this litigation by months. In contrast, requiring travel to New York will pose little — if any — burden on Nomura's Japan-based employees.

For starters, other than the handful of Japan-based witnesses, Debtors, all counsel, the majority of witnesses, and the other parties to this action, including the Creditors Committee, are located in New York or in London. The burden and expense facing Debtors and the remaining parties in having to fly teams of lawyers to Japan for depositions is therefore great.

In contrast, any inconvenience that travel will bear on Nomura's witnesses — company executives in the direct control of Nomura — is negligible. Nomura regularly conducts business in New York. It holds itself out as "a truly international global finance house," and boasts that its recent restructuring established a "global presence" with a "web of offices in over 30 countries to ensure clients are offered a seamless service." See Nomura Holdings, Inc., About Nomura (2010), http://www.nomura.com/asia/about_nomura/index.shtml. Moreover, Nomura voluntarily availed itself of this forum by initiating the parties' dispute with the filing of a proof of claim in the Lehman Bankruptcy, and has taken full advantage of the discovery authorized by this Court. Under similar circumstances, a "foreign corporation's agents are frequently compelled for deposition on American soil." Custom Form, 196 F.R.D. at 336 (compelling deposition of Japanese corporate defendant's employees in the U.S.); see New Medium Tech. LLC, 242 F.R.D. at 466, 469 (compelling depositions in Chicago of "highly placed" Japanese executives, because the defendant was "an international colossus" that had "availed itself of the liberal discovery rules here in the United States"); In re Sportstuff, Inc., No. BK07-82643-TJM, 2009 Bankr. LEXIS 4381, at *7 (Bankr. D. Neb. Dec. 03, 2009) (ordering Hong Kong-based claimant in contested matter to submit to deposition in forum state because if the claimant "thinks it has a valid secured claim in this bankruptcy case, it should be prepared to fully explain and prove its claim"); In re Honda Am. Motor Co., Inc. Dealership Relations Litig., 168 F.R.D. 535, 541-42 (D. Md. 1996) (requiring agents of a Japanese corporate defendant to be deposed in Maryland, because it would be "patently unfair" to allow defendants to use American discovery rules while forcing plaintiffs to depose under constrained conditions in Japan); R.F. Barron Corp.

Brian H. Polovoy
September 27, 2010
Page 3

v. Nuclear Fields (Australia) Pty., Ltd., No. 91 C 7610, 1992 WL 212602, at *2 (N.D. Ill. Aug. 28, 1992) (requiring depositions of Dutch and Australian defendants in Chicago, because cost of travel of both plaintiff's and defendants' counsel was greater than cost of deponent's travel).

On a practical level, conducting depositions in Japan poses extreme logistical challenges and will inevitably delay the prosecution of this action. As you are aware, all depositions taken in Japan for use in the United States must be taken before a consular officer at the U.S. Embassy or Consulate in Tokyo. Rooms and slots for these depositions must generally be booked "six months in advance." U.S. Department of State, Japan Judicial Assistance, http://travel.state.gov/law/judicial/judicial_678.html (last visited Sept. 27, 2010). (A true and correct copy of the State Department's webpage is attached hereto as Exhibit A.) In fact, according to the U.S. Embassy's website, at the present time, there are no remaining available dates for the taking of depositions in 2010. See U.S. Embassy – Japan, Taking Depositions in Tokyo, http://tokyo.usembassy.gov/e/acs/tacs-7116.html (last visited Sept. 27, 2010). (A true and correct copy of the U.S. Embassy's webpage is attached hereto as Exhibit B.)

The complex and time consuming steps that Debtors will be forced to undertake do not end there. Debtors will be required to obtain an order or commission from the Bankruptcy Court at least one month in advance of the depositions. They will be required to procure, at least three weeks in advance of the depositions, Special Deposition Visas for all non-Japanese deposition participants (including stenographers and interpreters). And Debtors will have to pay, among other things, a reservation fee, a deposit, the prescribed statutory fees (based on hourly rates of Embassy or Consulate time), and a deposition closing certification fee. See id.

Finally, the deposition itself would be constrained by limitations on technology within the Embassy or Consulate. No electronic devices are allowed "into a U.S. diplomatic facility (Embassy or Consulate) except those pre-approved by Embassy officials for recording the deposition." Id. No cell phones are permitted inside the Embassy, nor will the Embassy take any phone messages or make calls or send or receive faxes for the participants. The wireless functionality of any computers must be removed, and no photocopier is available. Even within the Embassy rooms, "limited electrical power is available." Id.

Throughout this process, of course, the Bankruptcy Court would be completely powerless to expedite the depositions. The U.S. Embassy warns:

> Taking a deposition in Japan can be complex; depositions are controlled by detailed agreements between the United States and the Government of Japan, and procedures cannot be modified or circumvented. Orders by U.S. courts cannot compel the Government of Japan to amend or overlook its judicial regulations and procedures. In addition, the Embassy cannot compel the Government of Japan to act faster, or in a way more convenient or

Brian H. Polovoy
September 27, 2010
Page 4

>     beneficial to any party, even with a U.S. court order requesting
>     such action.

Id.

      Second, one of the "most significant factor[s] in making the determination as to where [a] deposition[ ] [ ] should take place ... is the ability of the Court to intervene should a dispute arise." Delphi Auto. Sys. LLC, 2008 U.S. Dist. LEXIS 55929, at *6. There is no question that if the depositions in this case are held in Japan, it will be extremely difficult for the Bankruptcy Court to intervene in any discovery dispute that may arise. As one Court put it, "[o]bviously, conducting depositions in Japan, over a dozen time zones away and on the other side of the International Dateline, would severely compromise — to put it mildly — the court's ability to intervene should problems arise." New Medium Tech. LLC, 242 F.R.D. at 467; Custom Form Mfg., Inc., 196 F.R.D. at 336 ("[I]n Japan a witness cannot be compelled to produce anything, and . . . Japanese laws forbid an employee, while on Japanese soil, from disclosing any information that its corporate employer may unilaterally label as a trade secret, even when the employee is under order of a United States Court to make such a disclosure . . . . [I]f the depositions do take place in Japan, this court's authority to intervene, if it should become necessary, is compromised whether there are stipulations or not."); see also In re Honda, 168 F.R.D. at 538 (compelling depositions of Japanese witnesses in the United States to preserve American judicial sovereignty).

      The inability of the Bankruptcy Court to intervene in discovery disputes in this action is particularly troubling given the extremely complex nature of Debtors' bankruptcy and the implications that discovery issues and disputes may well have on Debtors' overall claims resolution process. Consequently, we believe the Court's interests strongly favor conducting the depositions of Nomura's Japan-based employees in New York.

      *        *        *        *

      In sum, all of the relevant governing factors require that Nomura make its witnesses available for deposition in New York. This is particularly true in light of the already significant burdens facing Debtors in their attempt to resolve the claims asserted against them in the bankruptcy, and the minor burden travel to New York poses on Nomura. Nomura's refusal to make its Japan-based witnesses available for deposition in New York is unreasonable and contrary to well-settled authority.

      Please let us know, no later than close of business on September 29, 2010, whether your client has reconsidered its position and is willing to work with Debtors to reach a reasonable compromise on the issue.

      We look forward to hearing from you regarding these issues.

JONES DAY

Brian H. Polovoy
September 27, 2010
Page 5

      Please note that this letter is without prejudice to Debtors' rights, all of which are expressly reserved.

                                  Very truly yours,

                                  Jayant W. Tambe

cc:    Adrian Azer, Esq.