# EXHIBIT A

U.S. Department of State, Japan Judicial Assistance, http://travel.state.gov/law/judicial/judicial_678.html (last visited Sept. 27, 2010)

# Japan Judicial Assistance

**Disclaimer**: The information in this circular relating to the legal requirements of specific foreign countries is provided for general information only and may not be totally accurate in a particular case. Questions involving interpretation of specific foreign laws should be addressed to foreign counsel. This circular seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law. The U.S. Department of State does not intend by the contents of this circular to take a position on any aspect of any pending litigation.

- Summary
- Service of Process
- Service of Criminal Subpoenas
- Service on a member of the U.S. Military in Japan
- Service on a Foreign State
- Obtaining Evidence Overview Summary
- Japanese Sovereignty
- U.S. Diplomatic and Consular Premises and Extraterritoriality
- Special Japanese Deposition Visas
- U.S. Court Order for the Taking of the Depositions
- Participation of Judges From the United States
- Telephone or Videoteleconference Testimony
- Special Note Regarding American Attorneys Residing in Japan
- Voluntary Depositions on Written Questions
- How Consular Depositions Are Conducted
- Scheduling Depositions
- Consular Fees for Depositions
- Video Tape Equipment
- Signing, Certifying and Mailing Deposition Transcripts
- Travel to Japan For Judicial Assistance Activities
- Compulsion of Testimony – Letters Rogatory
- Compulsion of Documents and Other Physical Evidence
- Participation of American Attorneys in Japanese Court Proceedings Regarding Execution of Letters Rogatory
- Criminal Matters
- Defense Requests in Criminal Matters
- Conducting Informal Interviews
- Authentication of Documents
- Enforcement of Judgments
- Lists of Attorneys in Japan
- U.S. Embassy Address and Contact Information
- Links
- Selected References

**Summary** : Judicial assistance between the United States and Japan is governed by Article 5(f)

of the Vienna Convention on Consular Relations (VCCR), 21 UST 77, TIAS 6820, 596 U.N.T.S. 261, Article 17 of the of 1963 (15 UST 768), the U.S. – Japan bilateral Mutual Legal Assistance in Criminal Matters treaty (Treaty Doc. 108-12), the multilateral Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, 20 UST 361; to which the United States and Japan are parties, customary international law and the practice of nations, and applicable U.S. and local Japanese law and regulations.

**Service of Process** : The United States and Japan are a parties to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters.  Persons requesting service of process of U.S. documents in Japan in civil and commercial matters should execute the USM-94 form or the new interactive Service Convention form available from the Hague Conference on Private International Law web page.  The request form should be completed in duplicate and submitted with two sets of the documents to be served directly by the requesting attorney or clerk of court to the Japanese Central Authority.  The Japanese Central Authority is Ministry of Foreign Affairs, 2-2-1 Kasumigaseki Chiyoda-ku, Tokyo 100-8919 Japan.  The person executing the request form should be either an attorney or clerk of court.  The applicant should include attorney at law or clerk of court title on the identity and address of applicant and signature/stamp fields.  See the U.S. response to the 2003 Questionnaire in preparation for the Special Commission on the Practical Operation of the Convention.  Question 17.3 addressed the issue of who is authorized under U.S. law to execute a request under the Convention.  Attorneys should cite Rule 4 of the Federal Rules of Civil Procedure or comparable state statute permitting attorneys to execute service requests.  Proof of service is transmitted to the requester by the Japanese central authority through the Japanese embassy and consulates in the United States.  For general guidance about how to transmit requests for service of process, see our Hague Service Convention feature.  See also Japan's response to the 2003 Questionnaire in preparation for the Special Commission on the Practical Operation of the Hague Service Convention and the new edition of the Practical Handbook on the Operation of the Hague Service Convention.

**Service of Criminal Subpoenas** :  U.S. consular officers are permitted to serve criminal subpoenas on U.S. citizens and U.S. Lawful Permanent Residents abroad pursuant to 22 CFR 92.86, when specifically authorized by the Department of State.

**Service on a member of the U.S. Military in Japan:** It is possible to effect service on members of the U.S. Armed Forces in Japan through the Japanese central authority.  Service by mail may also be used if state law permits (APO and FPO are U.S. mail). Also, contact the Judge Advocate General's (JAG) Office at the Pentagon for the particular branch of the service (tel: 703-545-6700).

**Service on a Foreign State:**  See our Service Under the Foreign Sovereign Immunities Act (FSIA) feature and FSIA Checklist for questions about service on a foreign state, agency or instrumentality.

**Obtaining Evidence Overview Summary:  Japan is not a party** to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters.  Judicial assistance between the United States and Japan in obtaining evidence is governed by Article 17 of the U.S. - Japan

bilateral Consular Convention of 1963 (15 UST 768), customary international law and the practice of nations, and applicable U.S. and local Japanese law and regulations. Article 17(1) (e) of the U.S. - Japan Consular Convention provides that consular officers may ...

"(ii) take depositions, on behalf of the courts or other judicial tribunals or authorities of the sending state, voluntarily given.

(iii) administer oaths to any person in the receiving state in accordance with the laws of the sending state and in a manner not inconsistent with the laws of the receiving state."

This general reference to the authority of consular officers to take depositions has been interpreted by the Government of Japan very strictly. Japanese law and practice, and the mutually agreed upon interpretation of the U.S. - Japan bilateral Consular Convention concerning obtaining evidence in Japan permits the taking of a deposition of a willing witness for use in a court in the United States **only**

1. if the deposition is presided over by a U.S. consular officer;
2. is conducted on U.S. consular premises
3. is taken pursuant to an American court order or commission;
4. and if any non-Japanese participant travelling to Japan applies for and obtains a Japanese Special Deposition visa.

The Japanese Ministry of Foreign Affairs and Ministry of Justice have advised the United States that these requirements apply in civil, criminal and administrative cases. The Japanese requirement for a court order and special deposition visas would apply in all cases, even though the depositions began in the United States initially.

**Therefore, depositions may be taken in Japan:**

1. **On U.S. consular premises;**
2. pursuant to a commission (28 U.S.C. App. Fed. R. Civ. P. Rule 28(b)(2)) to take a deposition issued by a court to any Consul or Vice-Consul of the United States at (Tokyo, Naha, Osaka-Kobe, Sapporo, Fukuoka) or
3. on notice, provided an order issued by a court in the United States specifically authorizes an U.S. consular officer to take the deposition on notice.

**NOTE**: U.S. Government officials traveling to Japan to participate in the taking of depositions or informal interviews should see also Travel to Japan For Judicial Assistance Activities for guidance about obtaining the additional requisite host country clearance which requires a diplomatic note from the U.S. Embassy to the Ministry of Foreign Affairs. This is in addition to the Special Deposition Visa requirement. This additional requirement host country clearance does not pertain to private U.S. citizen attorneys, but as noted below the Special Deposition Visa requirement applies to **all** U.S. participants.

**Japanese Sovereignty**: The Government of Japan has advised the United States that it opposes deviations from these conditions, and that it would consider any action beyond the strictures of

the U.S.-Japan understanding to be a violation of its judicial sovereignty. The United States recognizes the right of judicial sovereignty of foreign governments based on customary international law and practice; See, e.g., the Restatement (Third) of Foreign Relations Law (1987); Cumulative Digest of United States Practice in International Law, 1981-1988, Office of the Legal Adviser, U.S. Department of State, Vol. II, 1430-1432, 1440 (1994).

**U.S. Diplomatic and Consular Premises and Extraterritoriality:** All depositions taken in Japan for use in the United States must take place on U.S. Embassy or consulate premises. Diplomatic and consular premises are **not extraterritorial**. The status of diplomatic and consular premises arises from the rules of law relating to immunity from the prescriptive and enforcement jurisdiction of the receiving state (Japan); the premises are not part of the territory of the sending state (the United States of America). See Restatement (Third) of Foreign Relations Law, Vol. 1, Sec. 466, Comment a and c (1987). See also, *Persinger v. Iran*, 729 F.2d 835, (D.C. Cir. 1984). **It should be noted that Japan has further advised that depositions may not take place on U.S. military bases in Japan as that is not sanctioned in the U.S. - Japan Status of Forces Agreement**.

**Special Japanese Deposition Visas**: Japan has instituted a requirement that persons from the United States wishing to participate in a deposition of a witness in Japan must apply for a Japanese "special deposition visa". As prerequisite to the issuance of the Japanese special deposition visa, Japan requires presentation of a U.S. court order, citing Article 17 of the U.S. - Japan bilateral Consular Convention. See suggested text for the court order below.

1. Apply for a "special deposition visa" at the Japanese Embassy or Consulate in the United States nearest you. The Consular Section of the Japanese Embassy is located at 2520 Massachusetts Avenue, N.W., Washington, D.C. 20008, tel: (202) 939-6700. Japanese consulates are also located in Anchorage, Atlanta, Boston, Chicago, Detroit, Guam, Honolulu, Houston, Kansas City, Los Angeles, Miami, New Orleans, New York, Portland, San Francisco and Seattle.
2. This special visa must be applied for at **least two weeks before departure for Japan**.
3. The request should be made on letterhead stationery and include the following information: (a) the name and location of the court; (b) name and occupation of each witness; and (c) a summary of the case. Travelers will also be required to present their U.S. passport, complete Japanese Embassy/consulate visa application forms and to provide the requisite photographs. A photocopy of the commission or court order for a U.S. consular officer to take the deposition must accompany the request. Special visas may also be required of deposition participants other than attorneys (stenographers, interpreters, parties, etc.). Inquiries should be made of the appropriate Japanese consular officer in the United States. For guidance about applying for a U.S. passport, see the Passports feature on the U.S. Department of State Bureau of Consular Affairs internet page.
4. The Japanese Embassy must seek concurrence from the Ministry of Foreign Affairs in every case. The Japanese Embassy or Consulate in the United States will contact the Japanese Foreign Ministry for permission to issue the "special deposition visa".
5. The Japanese Foreign Ministry will contact the U.S. Embassy or Consulate to confirm whether the U.S. consular officer has received a photocopy of the court order issued by a

court in the United States and whether the deposition has been scheduled. **See below for guidance on how to schedule a deposition at the U.S. Embassy or one of the U.S. Consulates in Japan.**

6. The Japanese Foreign Ministry will authorize the Japanese Embassy or Consulate in the United States to issue the "special deposition visa".

**U.S. Court Order for the Taking of the Depositions** : A certified copy of the court order must be provided to the U.S. Embassy in Tokyo before application is made for the special deposition visa so that the U.S. Embassy is in a position to respond to the requisite inquiry made by the Ministry of Foreign Affairs to the U.S. Embassy before the Ministry authorizes the Japanese Embassy or consulate in the United States to issue the special deposition visa. **Japan will not accept orders issued by administrative law judges.** Court orders may be obtained from U.S. courts under the All Writs Act, 28 U.S.C. 1651, by various administrative agencies for the taking of depositions in Japan. It is advisable that court orders include the language "on or about" concerning dates so as to afford maximum flexibility in scheduling.

### Sample Suggested Text for Court Order or Commission

Japanese authorities have requested that the court order or commission contain the following information:
NAME OF COURT
CAPTION           )
                          )
                          )
TO ANY CONSUL OR VICE CONSUL OF THE UNITED STATES
UNITED STATES (EMBASSY/CONSULATE) (NAME OF CITY)

Upon the application of (plaintiff, defendants), and pursuant to Article 17 of the United States - Japan consular convention,

You have been duly appointed and you are hereby authorized to take oral depositions at the United States (embassy/consulate) in (name of city), Japan, of the following witnesses who will appear voluntarily:

Or

It is ordered that the depositions on notice of the following witnesses be taken at the United States (embassy/consulate) in (name of city), Japan

(names, addresses, and employer of witnesses) commencing on or about (date), (time) and terminating on or about (date), (time), and to mark any documentary exhibits in connection therewith.

Counsel for defendants who will participate in said depositions are (names); and counsel for plaintiffs who will participate in said depositions are (names). The proceedings will be reported by (name of court reporter, if one is travelling to Japan). Please cause the testimony of said

witnesses to be reduced to writing and the depositions signed by said witnesses and annex said deposition testimony to your commission and close the same under your seal and make return thereof to this court with all convenient speed.

Date signature of judge
Name of judge
Seal

**Participation of Judges From the United States** : Japan has advised the United States that it will not permit the participation of foreign judges in the deposition of a witness located in Japan. For a general discussion of participation of judges in foreign depositions, see, Cumulative Digest of United States Practice in International Law, 1981-1988, Vol. II, 1400, 1402, Department of State (1994). See also, Administrative Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol. III, Judges' Manual, February 1988, trans. 2, vol. III, chap. XV, p. 3, Sec. B.1.c.

**Telephone or Videoteleconference testimony:** Japanese authorities have informed the United States that **Japan does not permit the taking of telephone or videoteleconference testimony**. In light of the U.S. treaty obligation pursuant to Article 17 of the U.S. - Japan Consular Convention, as interpreted by the U.S. and Japan, **absent specific authorization from the Japanese Ministry of Foreign Affairs**, the U.S. Embassy in Tokyo and U.S. consulates in Japan cannot participate in any way in a telephone or teleconference deposition. See, Restatement (Third) of Foreign Relations Law, 441-442. See also, interpretive notes, Rule 28(b), Federal Rules of Civil Procedure which provides "effectiveness and even availability, of one of the methods Rule 28(b) provides for taking of depositions in foreign countries depends largely upon law of foreign country in which deposition is to be taken." *Zassenhaus v. Evening Star Newspaper Co.*, 404 F2d 1361, (D.C. Cir. (1968), 131 App DC 384. The U.S. Department of State would again advise U.S. citizens contemplating participation in such a proceeding outside of U.S. consular premises to consider carefully the impact of such an action. In 1998, the Government of Japan permitted the taking of live videoteleconference testimony of a witness in Japan at the U.S. Embassy to a Federal courtroom in the United States. See *United States v. Nippon Paper Industries, Co., Ltd.*, Order (D. Mass., July 28, 1998); Order July 28, 1998. Permission must be obtained on a case by case basis by the U.S. Embassy in the form of a diplomatic note to the Ministry of Foreign Affairs which would consult with the Ministry of Justice. It should be noted that when the Government of Japan granted permission for the videteleconference testimony in 1998, **Japan specifically stated that this should not be considered a precedent**.

**Special Note Regarding American Attorneys Residing in Japan and Voluntary Depositions**: Japanese authorities have informed the United States that Articles 3 and 72 of the Japanese Lawyer Law may prohibit the taking of depositions in Japan outside the procedures established for taking consular depositions under Article 17 of the U.S. Japan bilateral Consular Convention by private attorneys not admitted to practice law in Japan. In Note Verbale Hokubei 1 No. 220 dated October 31, 1996, the Japanese Ministry of Foreign Affairs advised that private American attorneys residing in Japan who wish to participate in depositions at the U.S. Embassy or consulate in Japan. American lawyers residing in Japan under the status of "legal/accounting services" (as "gaikokuhu jimubengoshi"), permanent residents, or their spouses may participate in