depositions under their current visa status, that is, without the special deposition visa under certain circumstances. They must notify the Ministry of Foreign Affairs through the U.S. Embassy in Tokyo of their proposed participation. When submitting the note verbale notification to the Ministry, the Embassy will need to provide the names of such lawyers, their company affiliation in Japan, their address, telephone number, and the type and validity of their visa, in addition to a copy of the requisite commission or court order issued by the court in the United States for the taking of the deposition before the U.S. consular officer on U.S. consular premises. In order to facilitate the notification procedures, the Embassy has prepared a worksheet which each lawyer resident in Japan will need to fill out in order for the Embassy to submit the requisite note verbale.

**Voluntary Depositions on Written Questions**: Voluntary depositions on written questions may be taken in Japan (28 USC Fed. R. Civ. P., Rule 31, 22 C.F.R. 92.58). Requesting counsel should contact the U.S. Embassy or Consulate to arrange a mutually convenient day or days when the deposition may be conducted. The requirements for an American court order, consular fees and scheduling the Embassy special deposition room based on space availability still apply. Counsel must make all the arrangements for the witness to appear and for stenographic or video services and translators if necessary. The U.S. consular officer will administer the oath to the witness, and if necessary to the stenographer, video tape operator or interpreter/translator, and withdraw, subject to recall. If the witness does not speak or read English adequately, a Japanese translation of the English text should be provided. The questions should be sent directly to the U.S. consular officer at the U.S. Embassy or Consulate. If preferred, the witness may write down the answers to the questions, rather than dictate the answers to the stenographer or video tape operator. The U.S. consular officer will affix a closing certificate after the deposition is completed.

**How Consular Depositions Are Conducted:** When a deposition of a willing witness is taken before a U.S. consular officer in Japan on U.S. consular premises, the procedures set forth at 22 CFR 92:55-92.64 and 7 Foreign Affairs Manual (FAM) 920 . Generally, consular officers preside over the taking of the deposition, following special instructions of the requesting court or parties (22 CFR 92.56), consistent with Japanese requirements. Actual asking of the questions is usually done by requesting counsel after the consular officer administers oaths to the witnesses, stenographers, interpreters, video-tape operators, etc. The consular officer then withdraws, subject to recall.

**Scheduling Depositions:** Contact the U.S. Embassy or Consulate and make arrangements to schedule the availability of U.S. consular premises and a U.S. consular officer to conduct the deposition. **Note: The American Embassy in Tokyo is generally booked six months in advance. See** Taking Depositions in Tokyo – U.S. Embassy which includes an on-line tool for scheduling depositions; Taking Depositions in Osaka – U.S. Consulate General. Depositions are rarely taken at the U.S. Consulates in Fukuoka, Naha or Sapporo. Special arrangement must be made with the consular sections for depositions in these locations as there is no dedicated space in the consulates for depositions. Review the information on the U.S. Embassy Tokyo and U.S. Consulate General Osaka-Kobe web sites carefully as that information is subject to change. In general:

1. Please note that for administrative and security reasons, the embassy/consulate''s deposition room and consular staff are not available for deposition taking outside of working hours 8:30 a.m. to 5:00 p.m. or on weekends or holidays.
2. The Embassy/consulate can tentatively schedule a deposition, and hold the dates reserved for three weeks. If the non-refundable scheduling fee ($475.00) is not received at the Embassy/consulate within three weeks, the dates tentatively reserved will be released to others.
3. In addition, the Embassy/consulate cannot confirm a scheduled deposition until both the court order/commission and deposit for the prescribed deposition fee are received at the Embassy/consulate.
4. The embassy/consulate **does not** schedule the appearance of deponents or make arrangements for court reporters/stenographers or interpreters for private attorneys.

**Consular Fees for Depositions** :  Current consular judicial assistance services fees are set forth in 22 CFR 22.1.

No fees are normally charged for depositions at the request of U.S., state or local government officials (22 CFR 22.1 Schedule of Fees item 53(a)) or at the request of parties in criminal cases that have been found to be indigent by the court (22 CFR 22.1 Schedule of Fees item 53(b)).

**Video Tape Equipment** : The embassy/consulate does not provide tapes, taping equipment or equipment operators. The embassy/consulate also does not provide commercial rates for tapes, taping equipment or equipment operators. Participants must make all arrangements directly with the service providers. Participants are responsible for obtaining their own clearances from Japanese Customs authorities for bringing equipment into Japan. Check with the Consular Section of the Japanese Embassy or Consulate in the U.S. for details. If you intend to bring equipment to Japan for the deposition, it is advisable to provide the U.S. Embassy/Consulate with details via fax or phone regarding that equipment to ensure that it is compatible to the electrical equipment at the U.S. Embassy/Consulate. After the advance arrangements are completed, please so notify the U.S. Embassy a few days in advance of the actual deposition, so that the Embassy can obtain the necessary clearance from the Security Office for the entry of the equipment and the operators into the Embassy premises.

**Signing, Certifying and Mailing Deposition Transcripts**: Participants to a deposition may stipulate regarding the manner in which the transcript of the deposition (any exhibits) should be signed, certified and mailed. The transcript may be forwarded to counsel rather than to the clerk of court which requested the deposition. Moreover, participants may stipulate that after the deposing of witnesses is completed and the stenographer transcribes the testimony, the transcript may be sent directly to the witness for signature or to counsel for the participants who will make arrangements directly with the witness for signature of the transcript. If required by local or federal rules in the United States, the witness may bring the transcript to the American embassy or consulate for signature before a consular officer, making any necessary corrections in the presence of a consular officer. If required, a consular certification of the deposition may be made at this time.  If you plan to have the deposition taped without subsequent transcription, the embassy/consulate asks that the court order or commission specify whether audio or video tape is

to be used. Tapes may be sent directly by the video operator or by the embassy/consulate via registered air mail to either the person stipulated by the participants or directly to the court clerk immediately following completion of the deposition. Any change in the above procedures would have to be agreed to by both parties in the dispute and, if necessary, covered by an amended court order.  Completed transcripts and related documents are sent via registered mail to the court in which the action is pending, or to requesting counsel unless the action is a federal criminal case, in which case, the documents are returned to the Department of State for onward transmission.

**Compulsion of Testimony:** Japan is **not** a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. There is not in force between the United States and Japan any other treaty or international agreement on judicial assistance.  Compulsion of evidence in Japan from an unwilling witness can only be achieved on the basis of comity, pursuant to a letter rogatory. See Rule 28(b), Fed. R. Civ. P.; 4 Moore''s Federal Practice 28.05-28.8 (2d ed. 1950); Ristau, International Judicial Assistance (Civil and Commercial), Vol. I, 3-36 et seq., International Law Institute, 1984; Article 5(j) of the Vienna Convention on Consular Relations [1963], 21 UST 77 to which the United States and Japan are both parties.  For criminal matters see guidance below.  A letter rogatory is a request from a court in one country for assistance from a court in another country. Such requests are executed by Japanese district courts in accordance with the laws of Japan and generally take six months to a year to execute. The Japanese court will compel the witness to appear before a Japanese judge to respond to written questions annexed to the letter rogatory. All proceedings will be conducted in the Japanese language. The letter rogatory should be written in clear, simple language and should be written in the form of a request, not a demand for assistance. Japan requires that requests for international judicial assistance be processed through the diplomatic channel. This means that a request must be transmitted to the Department of State by the requesting court, or by counsel. See our general brochure on preparation of letters rogatory.  Moreover, the Department of State understands that the following Japanese conditions must be met before such a request will be honored:

1. The request must be made through diplomatic channels (as mentioned);
2. The letter rogatory should have attached documents showing parties to be examined, the type of evidence to be examined, the name, nationality and address of the persons to be examined and the items with respect to which they should testify [Japanese Law W relating to Reciprocal Judicial Aid to be Given at the Request of Foreign Courts - Law 63 of March 13, 1905, as amended];
3. The letter rogatory and all attachments must be translated into Japanese.  Japanese courts often reject a letter rogatory if the documents including all attachments are not completely translated into Japanese, or if the quality of the translation is poor;
4. The letter rogatory must assure the Japanese court that compensation for all expenses incurred by the Japanese court will be paid;
5. The letter rogatory must assure the Japanese court that the requesting court will honor similar requests from the Japanese court.
6. Moreover, Japan requires that any document annexed to the letter rogatory must bear the seal of the requesting court and the signature of the judge. Japan will reject a request if the letter rogatory or accompanying documents bear the signature of the clerk of the court.

Japanese authorities do not honor amendments to a letter rogatory which are not under the seal of the requesting court.

Letters rogatory for compulsion of evidence should be transmitted to the U.S. Department of State, Bureau of Consular Affairs, Overseas Citizens Services , Office of American Citizens Services and Crisis Management, East Asia Division, CA/OCS/ACS/EAP.  Mailing address:  SA-29, 4th Floor, 2201 C Street N.W., Washington, D.C.  20520.  Courier service address:  2100 Pennsylvania Avenue N.W., Washington, D.C. 20037.  **Fees**:  The consular fee for letters rogatory is set forth in 22 CFR 22.1 .   The current fee provided in 22 CFR 22.1 Schedule of Fees item 51 is $735.00 which should be furnished in the form of a certified or corporate check payable to the U.S. Embassy.  No fees are charged for letters rogatory at the request of U.S., state or local government officials or at the request of parties who have been found to be indigent by a court.

**Compulsion of Documents and Other Physical Evidence** : Japan has advised the United States that Japanese law **does not** include any provision for compulsion of documents or other physical evidence except in criminal cases. The Department of State continues to explore this issue with Japanese authorities. In the interim, while the Department is prepared to transmit such requests, be aware that attempts to compel such evidence by means of letters rogatory in civil cases have proven unsuccessful. However, production of documents and other physical evidence may be compelled through the Japanese courts by letters rogatory in criminal cases.

**Participation of American Attorneys in Japanese Court Proceedings Regarding Execution of Letters Rogatory**: Most American attorneys would prefer to participate in the proceeding before the Japanese court. This may well pose a problem in that it appears generally prohibited by Articles 3 and 72 of the Japanese Lawyer Law. The Japanese judge, however, may permit American counsel to participate on a case-by-case basis. For this reason, it may be preferable for you to prepare the letter rogatory in a way which offers the Japanese court alternative ways of executing the request. For example, the letter rogatory could request that:

1. American counsel be permitted to participate in the proceedings before the Japanese court;
2. If this is not possible, the letter rogatory could ask that local Japanese counsel representing the American client be permitted to participate in the proceedings;
3. Finally, if this alternative is not possible, the letter rogatory could enclose written questions to be put to the witness by the Japanese court.

**Travel to Japan For Judicial Assistance Activities**:  Before traveling to Japan for judicial assistance related activities, see the Country Specific Information and any applicable Travel Alerts or Travel Warnings.  It is also recommended that U.S. travelers register with the U.S. Embassy using our on-line registration system.  If a U.S. federal, state or local official will participate in the deposition, contact the Office of Policy Review and Inter-Agency Liaison (ASKPRI@state.gov; (202-736-9125; fax 202-736-9111) for assistance in obtaining host country clearance for the travel of U.S. officials to conduct judicial assistance activities abroad.

**Criminal Matters**:  U.S. federal or state prosecutors should also contact the Office of International Affairs, Criminal Division, Department of Justice at (202) 514-0015 for guidance

about the U.S. – Japan bilateral Mutual Legal Assistance in Criminal Matters treaty (Treaty Doc. 108-12). The treaty was signed August 5, 2003. See U.S. Department of Justice Press Release August 5, 2003; Japanese Ministry of Foreign Affairs signing of Mutual Legal Assistance Treaty with the United States; Transcript U.S. Embassy Statements at Exchange of Instruments of Ratification 2006.

**Defense Requests in Criminal Matters**: The U.S. Department of State expects criminal defendants, or their defense counsel, who wish to request judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters to make such requests pursuant to letters rogatory in accordance with Article 5(j) of the VCCR. Defense requests for compulsion of evidence in criminal matters may be prepared in the form of a letter rogatory transmitted via diplomatic channels from the U.S. Department of State, Bureau of Consular Affairs, Overseas Citizens Services, Office of American Citizens Services and Crisis Management, East Asia Division, 1-888-407-4747. See 22 CFR 22.1 regarding current consular fees. For general guidance about preparation and transmittal of such requests, see our Letters Rogatory feature. **Fees**: The consular fee for letters rogatory is set forth in 22 CFR 22.1. The current fee provided in 22 CFR 22.1 Schedule of Fees item 51 is $735.00 which should be furnished in the form of a certified or corporate check payable to the U.S. Embassy. No fees are charged for letters rogatory at the request of U.S., state or local government officials.

**Conducting Informal Interviews:** While the taking of depositions, under the conditions explained above, is a right secured under the U.S.-Japan Consular Convention, 15 U.S.T. 768, conducting interviews and other informal evidence gathering or investigation techniques are entirely subject to the discretion of the Japanese government. The Japanese Ministry of Foreign Affairs has advised the U.S. Embassy in Tokyo that it considers the conducting of information interviews by in Japan to constitute formal evidence gathering and therefore to be subject to the Japanese law on international investigative assistance. Private litigants may need to obtain a special visa for travel to Japan to conduct informal interviews, inspections or other investigations. Contact the Japanese Embassy or consulate in the U.S. for information. Japanese authorities may require that the request to conduct such interviews be made in the form of a letter rogatory, or in criminal cases, on behalf of the U.S. Government, a formal letter of request. Local, state and federal prosecutors/attorneys seeking to conduct such interviews/inspections should contact the Office of American Citizens Services for additional information.

**Authentication of Documents: Japan is a party** to the Hague Convention Abolishing the Requirement for Legalization of Foreign Public Documents. For information about authentication of documents see our web page notarial and authentication feature. See also the U.S. Department of State Authentications Office webpage. Additional guidance for consular officers about authentication of documents is available at 7 Foreign Affairs Manual 870.

**Enforcement of Judgments:** There is no treaty in force between the United States and any country on the reciprocal enforcement of judgments in general.

**Lists of Attorneys in Japan**: See the U.S. Embassy in Tokyo List of Attorneys in Japan by Prefecture. See also Retaining a Foreign Attorney.

**ADDRESS OF THE AMERICAN EMBASSY IN JAPAN:** See the Country Specific Information Japan.

**Links**

**U.S. Government Links**

Taking Depositions in Tokyo – U.S. Embassy
Taking Depositions in Osaka – U.S. Consulate General
Intercountry Adoption - Japan
International Child Abduction - Japan
Library of Congress Guide to Law Online – Japan
Japan Background Notes
World Fact Book - Japan

**NGO Links**

Columbia Law School Center for Japanese Studies

**Japan Links**

Japanese Ministry of Justice
The Japanese Judicial System
Japanese Law Links

**Selected References**

Bendix, Helen, Interaction of Business and Government in Japan: Lessons for the United States?, 15 Int'l Law. 571, (1981).

Britt, Robert, Japanese Legal System And International Trade: Up-To-Date Sources Of Information In English, 82 Law Libr. J. 313, Spring 1990.

Forstner, James A., Patent Litigation in Japan, China and Korea, 366 PLI/Pat 13, 15 (1993).

Hartmann, H. Michael, Discovery and Relation Motion Practice, 349 PLI/Pat 245, 250 (1992) (Comparing U.S. discovery procedures with those of England, Germany and Japan).

Hasebe, Yukiko, Shoko Shushutetsuzuki no Arikata (Existing Methods of Evidence Gathering), 1028 Juristo 103, 103 (1993).

Hattori, Takaaki and Henderson, Dan Fenno., Civil Procedure in Japan (1988).

Helm, Kenneth D., Enforcing Foreign Civil Judgments in Japan, 1 Willamette Bull. Int'l L. & Pol'Y 71 (1993).

Kenadjian, R. Wohl, S. Chemtob, & G. Fukushima, Practice By Foreign Lawyers in Japan, Fordham

International Law Journal, 1989-1990, Vol. 13, No. 3, pp. 390-404.

Koroyasu, Transnational Litigation - Part II: Perspectives from the U.S. and Abroad: Japan, 18 Int'l Law 785 (1984).

Mackey, Thomas S., Litigation Involving Damages to U.S. Plaintiffs Caused by Private Corporate Japanese Defendants, 5 Transnat'l Law. 131 (1992).

MacMullin, Foreign Attorneys in Japan: Past Policies, The New Special Measures Law and Future Expectations, Florida International Law Journal, Fall 1988, Vol. 4, No. 1, pp. 51-84.

Matsuo, Jurisdiction in Transnational Cases, 23 Int'l Law. 6 (1989).

Mochizuki, Toshiro M., Recent Development, Baby Step or Giant Leap?: Parties' Expanded Access to Documentary Evidence Under the New Japanese Code of Civil Procedure, 40 Harv. Int'l L.J. 285 (1999).

Mori, Discovery and Taking Evidence (in Japan): The Difference Between U.S. Discovery and Japanese Taking of Evidence, 23 Int'l Law. 3,3 (1989).

Ohara, Judicial Assistance to be Afforded by Japan for Proceedings in the United States, 23 Int'l Law. 10 (1989).

O'Keefe, Constance, Legal Education in Japan, 72 Or. L. Rev. 1009, (1993).

Peterson, Jurisdiction and the Japanese Defendant, 25 Santa Clara L. Rev. 555, 576-79 (1985).

Ramseyer, Lawyers, Foreign Lawyers, and Lawyer-Substitutes: The Market for Regulation in Japan, 27 40 Harv. Int'l L.J. 499 (1986).

Rovine, Arthur, Section Recommendation And Report: American Bar Association Section Of International Law And Practice Reports To The House Of Delegates: Report on Japanese Law Practice, 21 Int'l Law. 278, (1987).

Sawaki, Recognition and Enforcement of Foreign Judgments, 23 Int'l Law. 29 (1989).

Sheehey, Japan's New Foreign Lawyer Law, Law and Policy in International Business, Vol. 19, No. 2, 1987, pp. 361-383.

Tada, Role of Corporate Legal Departments in Japan, 22 Int'l Law. 1141 (1988).

Takaishi, Hirakawa and Tomatsu, International Civil Litigation Over Securities-Related Disputes in Japan, Hastings International and Comparative Law Review, Winter 1991, Vol. 14, No. 2, 423.

Taniguchi, Yasuhei, The 1996 Code of Civil Procedure of Japan - A Procedure for the Coming Century?, 45 Am. J. Comp. L. 767 (1997).

Tessensohn, John and Yamamoto, Shusaku, The BBS Supreme Court Case: A Cloth Too Short For