# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

bpolovoy@shearman.com
(212) 848-4703

December 28, 2010

**BY MESSENGER AND FILED ON CM/ECF SYSTEM**

The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

*Lehman Brothers Holdings Inc., et al. v. Nomura Securities Co., Ltd.*
Adv. Proc. No. 10-03229 (JMP)

Dear Judge Peck:

We represent defendant Nomura Securities Co., Ltd. ("Nomura Japan"). We write in response to the December 23 letter from plaintiffs' counsel seeking a pre-motion conference. Plaintiffs ask the Court to order all Nomura Japan employees that plaintiffs may seek to depose to travel from Japan to New York for their depositions. There is no basis in the law for this type of blanket order, particularly where plaintiffs have not noticed a single deposition or identified a single witness who they wish to depose. To the contrary, the general rule is that the location of a deposition of a defendant and its employees is their principal place of business or district of residence. This general rule applies equally to a defendant in Japan, and there is nothing in this proceeding that warrants a different result. Plaintiffs' suggestion that taking depositions in Japan is an "enormous burden" is simply wrong: U.S. lawyers depose Japanese businesses and residents in Japan all the time. Plaintiffs' counsel has taken depositions in Japan before, and can similarly take depositions in Japan in this case. The burden on a Jones Day lawyer having to travel to Tokyo is strongly outweighed by the burden on Nomura Japan if it unnecessarily loses the services of multiple traders and executives for extended periods of time.

1. Under settled law, "the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant." *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979), in turn quoting C. Wright and A. Miller, FED.

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MENLO PARK | MILAN | MUNICH
NEW YORK | PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

The Honorable James M. Peck                                                      December 28, 2010
Page 2

PRAC. & PROC. § 2112 at 410 (1970)).  Courts in this District have adhered to this presumption consistently.  *Zakre v. Norddeutsche Landesbank GI-Rozentrale*, No. 03 Civ. 257 (RWS), 2003 WL 22208364, *2 (S.D.N.Y. Sept. 23, 2003) ("There is a general presumption favoring deposition at a defendant's or third-party's residence or place of business"); *Dagen v. CFC Group Holdings Ltd.*, No. 00 Civ. 54682 (CBM), 2003 WL 21910861 (S.D.N.Y. Aug. 11, 2003) (same); *Devlin v. Transportation Commcn's Int'l Union*, No. 95 Civ. 0752 (JFK)(JCF), 2000 WL 28173, *3 (S.D.N.Y. Jan. 14, 2000) (same); *Fed. Deposit Ins. Co. v. La Antillana, S.A.*, No. 88 Civ. 2670 (JFK), 1990 WL 155727, *1 (S.D.N.Y. Oct. 5, 1990) ("Ordinarily, the proper place for taking an individual's deposition is at his or her place of residence").

2.  This presumption applies equally to depositions of witnesses located in Japan.  *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001) (holding that depositions of Japanese witnesses employed by Japanese defendant shall take place in Japan in accordance with "general presumption that a defendant's deposition will be held in the district of his residence").

3.  The burden of overcoming the presumption rests on the plaintiffs, and it can only be overcome with a specific factual showing.  "If a plaintiff notices an individual defendant's deposition with a location other than defendant's residence or place of business and defendant makes an objection, the plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the Court to suspend the general rule and to order that depositions be held in the other location." *La Antillana*, 1990 WL 155727, at *1 (citing *Salter*, 593 F.2d at 649); *Six West Retail*, 203 F.R.D. at 107 ("plaintiff may only overcome this presumption by showing 'peculiar' circumstances favoring depositions at a different location").  While the force of the presumption may be diminished if the plaintiff was "constrained" in choosing the forum, *Devlin*, 2000 WL 28173, at *3, the plaintiff seeking to overcome the presumption must make a showing that "factors of cost, convenience, and litigation efficiency militate in favor of holding the deposition" someplace other than where the witness lives.  *Id.*

4.  Here, of course, plaintiffs have not suggested *any* circumstances that would meet their "affirmative burden of demonstrating 'peculiar' circumstances which compel the Court to suspend the general rule." *La Antillana, supra*.  The "circumstances" set forth in plaintiffs' letter (and its attachments) are "circumstances" that would apply to *any* deposition in Japan.  As the presumption applies to depositions of witnesses who live in Japan, and U.S. depositions routinely take place in Japan, plaintiffs' current "showing" is plainly insufficient.

5. Plaintiffs' suggestion that depositions in Japan are a daunting and "enormous burden" is not well taken.  The logistics are straightforward:  (1) the required U.S. court order is a form order available on the internet that can be issued quickly on consent; (2) obtaining the "special deposition visa" is as easy as getting any other visa to travel abroad; it is automatically approved

The Honorable James M. Peck	December 28, 2010
Page 3

(*see* http://tokyo.usembassy.gov/e/acs/tacs-7108b.html#lawyer); (3) rooms in the U.S. consulate are readily available, and (4) other logistics are readily addressed. Indeed, given the frequency of U.S. depositions in Japan, Japan has a host of U.S. litigation-focused translators, videographers and court reporters, and services to handle deposition logistics: The U.S. embassy's web site contains links to several such services.[1]

6. Notably, neither plaintiffs' counsel nor the intervenor plaintiff's counsel suggest that their firms do not have experience with U.S. depositions in Japan. Jones Day is one of the largest U.S. law firms in Japan and, rather tellingly, Jones Day is listed as a "valued client" of American Realtime Court Reporters, a prominent court reporting firm in Japan whose web site notes "We can walk you through the process with ease!" *See* http://depositionsinjapan.com/clients.asp. (While it is unclear whether the Creditors Committee would seek to send a lawyer to the depositions, we note that Milbank similarly uses American Realtime Court Reporters for U.S. depositions in Japan of its clients. *See, e.g.*, *Advanced Tech. Incubator v. Sharp Corp.*, No. 07-CV-00468-DF-BB (E.D. Tex. May 19, 2009) (Dkt. No. 160) (order granting depositions in Japan of Milbank's Japanese clients).)

---

[1] Plaintiffs' letter states that the "spaces available for taking depositions on consular premises in Japan are routinely booked six months in advance." Letter at 1. In fact, while this may be what the Department of State's website says, had plaintiffs simply telephoned the consulate or embassy, they would have learned that rooms are, in fact, available at the U.S. consulate in April and May, all before the discovery cut off. (Telephone call between S&S Tokyo and U.S. Consulate Osaka Dec. 28, 2010.) Plaintiffs' counsel could have reserved earlier dates at the embassy or consulate months ago; there is no reason for them to delay further. At a minimum, rooms could be reserved now, affording time for plaintiffs to file a motion after they actually notice depositions.

In the same vein, plaintiffs' suggestion that Nomura Japan delayed stating its position on this issue is not well taken. On May 13, 2010, when discussing scheduling, we advised plaintiffs that Nomura Japan's depositions would be in Japan and through translators. It was not until four months later, during a "meet and confer" discussion on September 7, 2010, that plaintiffs' counsel stated for the first time that they intended to seek to take depositions in New York of witnesses who live in Japan. As plaintiffs' counsel acknowledge in their letter, we stated on September 14, 2010, and again on September 22, 2010, that Nomura Japan would not be amenable to depositions in New York, but that we would consider any authority supporting plaintiffs' belated position. Contrary to the claim in plaintiffs' letter to the Court, we responded to plaintiffs' September 27 letter on September 29, stating, "In the interim [*i.e.*, before we could respond substantively], please confirm whether your client is making the request to depose [Nomura Japan's] Rule 30(b)(6) witness(es) in New York (which is how the issue was framed during the meet and confer calls), or is now making a request to depose all [Nomura Japan] witnesses in New York. (And, if the latter, it would be helpful if you could identify those individuals as we would obviously want to obtain their view.)" We received no response to this request to identify the proposed deponents. In any event, Nomura Japan's position is unchanged, because plaintiffs' request is unwarranted, and it would impose a wholly unreasonable burden on Nomura Japan and its employees.

The Honorable James M. Peck                                                                December 28, 2010
Page 4

7. Plaintiffs' request is premature.  Here, plaintiffs have not noticed a single deposition or identified a single individual who they would seek to depose (despite having exchanged Rule 26 initial disclosures over six months ago).  The cases where courts determine whether the plaintiff has met its burden of overcoming the presumption are fact-specific cases that turn on factual showings of "cost, convenience, and litigation efficiency" specific to depositions of *particular* individuals.  That is the only way the Court can properly exercise its discretion: the parties provide affidavit evidence explaining why the facts with respect to a given individual deposition do or do not overcome the presumption (*e.g.*, does the individual travel regularly to New York? What is the cost to the corporate defendant of this employee being away from his position for three or more additional days?  What would be the costs to the parties?)  We are unaware of any decision in which a court entertained a request for a blanket order directing that depositions of an unspecified number of unnamed employees take place someplace other than the defendant's principal place of business.  This would be especially inappropriate where the employees live in a foreign country, and plaintiffs seek to hale them to the other side of the world.

8. We do not address here each of the arguments made in plaintiffs' September 27 letter to us, which they appended to their letter to the Court (although we will respond to those points if they persist with making a motion following the informal conference with the Court).  A few points, however, bear mention:

> First, contrary to their suggestion, Nomura Japan is not before the Court by choice and did not voluntarily avail itself of this forum by filing a proof of claim.  Plaintiffs chose this forum when they initially filed for bankruptcy in this Court, and claimants such as Nomura Japan were required to file proofs of claim in this Court.  Put another way, there is no merit to plaintiffs' suggestion that, having filed a proof of claim, Nomura Japan must submit to depositions in New York when plaintiffs sue it.  Indeed, Lehman sang a different tune when it was a creditor in a bankruptcy proceeding, seeking (and obtaining) a protective order that Lehman's 30(b)(6) witness be deposed in New York, instead of in the District in which the debtor's Chapter 11 case was filed.  *See Lehman Bros. Kuhn Loeb, Inc., v. Good Hope Indus., Inc.*, 14 B.R. 942 (Bankr. D. Mass. 1981).

> Second, plaintiffs' suggestion that the burden on Nomura Japan's (unnamed) witnesses is "negligible" is offensive.  Taking a trader away from his work for four days or more (instead of one) would cause a real loss to Nomura Japan; forcing five or more to leave their homeland to travel to the U.S. is wholly unwarranted.  *See Dagen*, 2003 WL 21910861, at *4 (explaining that "[the principal securities trader in the Hong Kong office's] absence from the workplace for a number of days, and perhaps an entire work-week, would have an adverse impact on [him] and the company.").  There is also the substantial problem of jet lag, which would require additional time for acclimation. Plaintiffs' letter seeks to confuse the matter by defining "Nomura" to include Nomura

The Honorable James M. Peck                                                     December 28, 2010
Page 5

        Japan and every company in the Nomura family – and then drawing the conclusion that "Nomura regularly conducts business in New York." Plaintiffs know perfectly well, however, that the companies are separate, and that Nomura Japan conducts its business in Japan. Of course, the Court is not able to exercise its discretion at this time because plaintiffs have not identified which individuals they seek to depose.

        Third, the convenience factor focuses on convenience to the *witness*, not counsel. *Morin*, 229 F.R.D. at 363 ("the convenience of counsel is less compelling than any hardship to the witnesses"); *Zakre*, 2003 WL 22208364, at *2 (same). With respect to convenience to the *witness*, the two relevant factors are (i) the residence of the witness, and (ii) the "extent of disruption to defendants' affairs during travel to and from depositions." *La Antillana, S.A.*, No. 88 Civ. 2670 (JFK), 1990 WL 155727, at *3. Moreover, while plaintiffs' September 27 letter says that they will face a great burden in "having to fly teams of lawyers to Japan," we would respectfully submit that "teams of lawyers" are not necessary: they should send the one lawyer who is taking the depositions.

        Last, it is true in any deposition several time zones away that, as plaintiffs state, "it will be extremely difficult for the Bankruptcy Court to intervene in any dispute that may arise." But if that were the test, then no U.S. court would agree to depositions in Asia or Europe. Plaintiffs' argument is especially unavailing where there is no showing that would suggest that any such disputes would arise here. *See Six West Acquisition Retail*, 203 F.R.D. at 108 (ordering depositions to be taken in Japan where "there is little indication that [judicial] supervision will be necessary" because the parties' disputes were not "characterized by any 'unusual degree of acrimony.'" (quoting *La Antillana*, 1990 WL 155727, at *3)); *Dagen*, 2003 WL 21910861, at *4 ("Plaintiff fails to make his case with respect to considerations of litigation efficiency. While it is true that the court would likely be unable to make rulings contemporaneous with the deposition, plaintiff does not explain why it is likely that the court will need to intervene during a deposition in this matter").

We are available to discuss this matter with the Court at the Court's convenience.

Respectfully submitted,

/s/ Brian H. Polovoy

Brian H. Polovoy

cc:    Jayant W. Tambe, Esq.
        David S. Cohen, Esq.