**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
In re:                                                         :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
:
    Debtors.                                                   :    (Jointly Administered)
:
-----------------------------------------------------------------x

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| SCOTTWOOD MASTER, LTD. | DEUTSCHE BANK AG, LONDON |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

  33 Benedict Place
  Greenwich, CT 06830
  Attn: Doug Stroup
  Tel: (203) 302-2458
  e-mail: ds@scottwoodcapital.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): **66108**
Amount of Claim Transferred: **$26,500,000.00**
Date Claim Filed: **January 12, 2010**

Name and Address of Transferor:

c/o Deutsche Bank Securities Inc.
60 Wall Street, 3rd Floor
New York, NY 10005
Attn:   Matthew Weinstein
Tel:    212-250-5760
e-mail:   Matthew.Weinstein@db.com

**\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____[signature]_____
     SCOTTWOOD MASTER LTD

Date: December 27, 2010

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

EVIDENCE OF TRANSFER OF CLAIM

TO: United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court")
Attn: Clerk

AND TO: Lehman Brothers Holdings Inc. ("Debtor")
Case No. 08-13555 (JMP) (Jointly Administered)

Claim #s: **66108**

**DEUTSCHE BANK AG, LONDON**, its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**Scottwood Master Ltd.**
33 Benedict Place
Greenwich, CT 06830
Attn: Doug Stroup

its successors and assigns ("Buyer"), all right, title and interest in and to **$26,500,000.00** (the "Claim") of Seller against **Lehman Brothers Holdings Inc.**, docketed as claim number **66108** (which amends Proof of Claim No. 33663) in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13555 (JMP) (Jointly Administered), or any other court with jurisdiction over the bankruptcy proceedings of the Debtor, including all rights of stoppage in transit, replevin and reclamation.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated December 21, 2010.

**DEUTSCHE BANK AG, LONDON**

By: _____
Name: Ross Miller
Title: Director

By: _____
Name: Michael Sutton
Title: Managing Director

**SCOTTWOOD MASTER LTD.**

By: _____
Name:
Title:

EVIDENCE OF TRANSFER OF CLAIM

TO: United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court")
Attn: Clerk

AND TO: Lehman Brothers Holdings Inc. ("Debtor")
Case No. 08-13555 (JMP) (Jointly Administered)

Claim #s: **66108**

**DEUTSCHE BANK AG, LONDON**, its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**Scottwood Master Ltd.**

its successors and assigns ("Buyer"), all right, title and interest in and to **$26,500,000.00** (the "Claim") of Seller against **Lehman Brothers Holdings Inc.**, docketed as claim number **66108** (which amends Proof of Claim No. 33663) in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13555 (JMP) (Jointly Administered), or any other court with jurisdiction over the bankruptcy proceedings of the Debtor, including all rights of stoppage in transit, replevin and reclamation.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated ~~October 21~~, December, 2010.

| DEUTSCHE BANK AG, LONDON | SCOTTWOOD MASTER LTD. |
|---|---|
| By: _____ | By: _Edward A. Perlman_ |
| Name: | Name: Edward Perlman |
| Title: | Title: Managing Director |
| | |
| By: _____ | |
| Name: | |
| Title: | |

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 || **PROOF OF CLAIM** ||
|---|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) | UNIQUE IDENTIFICATION NUMBER: 1000221571 ||
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 (JMP) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)   0000066108 ||

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

T

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

ZAIS Opportunity Master Fund, Ltd.

c/o Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004-1485
Attn: Justin L. Shearer, Esq.

☑ Check this box
this claim amends a previously filed claim.

Court Claim
Number: 33663
(*If known*)

Filed on: 9/22/09

Telephone number: (212) 574-1200    Email Address: shearer@sewkis.com

Name and address where payment should be sent (if different from above)
ZAIS Opportunity Master Fund, Ltd.
c/o ZAIS Group, LLC, Attn: Russell Prince
2 Bridge Avenue, Suite 322
Red Bank, New Jersey 07701
Telephone number: (732) 450-7459    Email Address: russ.prince@zaisgroup.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $60,880,651.69 + (See Attached Addendum)
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Guarantee
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.) See Attached Addendum
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:
$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY

[Filed stamp: 2010 JAN 12 3:09 S.D.N.Y. BANKRUPTCY COURT FILED]

Date: 1/11/10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. ZAIS Opportunity Master Fund, Ltd.
/s/ Russell C. Prince
By Russell C. Prince, its Authorized Signatory

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> LEHMAN BROTHERS HOLDINGS INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 08-13555 (JMP) |

**ADDENDUM TO AMENDED PROOF OF CLAIM OF
ZAIS OPPORTUNITY MASTER FUND, LTD.**

1. This proof of claim (the "Amended Claim") amends the proof of claim (the "Original Claim") filed on September 22, 2009 by ZAIS Opportunity Master Fund, Ltd., formerly known as ZAIS CDO Opportunity Master Fund, Ltd. ("Claimant") against Lehman Brothers Holdings Inc. ("LBHI or "Debtor"), the above-captioned debtor, in connection with guarantees of LBHI of the obligations of its affiliates, Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers International (Europe) ("LBIE").

2. The Original Claim has been assigned Claim Number 33663. The details of Claimant's claims against LBHI, LBSF and LBIE are described at greater length in the addendum to the Original Claim.

3. The Original Claim was based upon (a) the ISDA Master Agreement dated as of October 8, 2004 between Claimant and LBSF (together with the Schedules and Credit Support Annex part thereof, the "LBSF Master Agreement") and (b) the ISDA Master Agreement dated as of October 8, 2004 between Claimant and LBIE (together with the Schedules and Credit Support Annex part thereof, the "LBIE Master Agreement")[1]. The

---

[1] Claimant filed a separate proof of claim against LBSF arising under the LBSF Master Agreement. Claimant also has a separate claim against LBIE in the United Kingdom's administration proceeding of LBIE.

documents comprising the LBSF Master Agreement and the LBIE Master Agreement (collectively, the "Master Agreements"), and all other relevant documentation supporting the Original Claim were uploaded to the Debtor's supplemental questionnaire website, www.lehman-claims.com (the "Website"), in satisfaction of the "Derivative Questionnaire" and "Guarantee Questionnaire" requirements set forth in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form entered in this case on July 2, 2009 (the "Bar Date Order").[2]

4.  The Debtor unconditionally guaranteed the obligations of LBSF and LBIE under the Master Agreements pursuant to two separate guarantees, (a) the Guarantee of Lehman Brothers Holdings Inc. dated as of October 14, 2004 relating to the LBSF Master Agreement (the "LBSF Guarantee") and (b) the Guarantee of Lehman Brothers Holdings Inc. dated as of January 7, 2005 relating to the LBIE Master Agreement (the "LBIE Guarantee," and together with the LBSF Guarantee, the "Guarantees").

5.  In addition to other amounts arising in connection with the Master Agreements, Claimant asserted its Original Claim for the recovery of $80,590,294.22 with respect to the LBSF Master Agreement and $7,880,651.69 with respect to the LBIE Master Agreement.

6.  Claimant hereby amends its Original Claim to assert this Amended Claim for (a) recovery of $53,000,000 with respect to the LBSF Master Agreement, (b) recovery of $7,880,651.69 with respect to the LBIE Master Agreement, (b) an unliquidated amount of fees and expenses that continue to accrue in respect of the LBIE Master Agreement, (c) interest in

---

[2] Claimant will, as soon as practicable, amend the Derivative Questionnaire and Guarantee Questionnaire completed in connection with its claims against LBSF and LBHI to reflect the Amended Claim.

respect of the LBIE Master Agreement, at the default rate, to the extent permitted under applicable law, and (d) an unliquidated amount for the Debtor's potential breaches under the LBIE Master Agreement.

7. Claimant expressly reserves its right to replace, amend or supplement this Amended Claim to include any claim at law or in equity.

8. The filing of this Proof of Claim shall not be deemed a waiver of any claim in law or in equity that Claimant may currently have against the Debtor or LBIE, including, but not limited to, administrative or other priority claims, secured claims and constructive trust and equitable lien claims with respect to collateral held by LBIE, the right to seek adequate protection or the right to assert claims that are otherwise warranted in any related action. Furthermore, nothing contained herein shall be construed as a waiver of any rights or remedies of Claimant with respect to any other claims against any of the Debtor's affiliates.

9. Except as otherwise expressly agreed in writing by Claimant, the filing of this Proof of Claim is not intended to be and should not be construed as (a) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of this claim, any objection or other proceeding commenced in this case or otherwise involving Claimant; (b) a waiver of the rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate or guarantor of the Debtor or otherwise; (c) a waiver or release of Claimant's right to trial by jury, or a consent to trial by jury, in this or any other court; (d) a waiver of Claimant's right to have final orders in non-core matters entered only after *de novo* review by a United States District Court Judge; or (e) a waiver of any right to (i) move to withdraw the reference, or otherwise challenging the

jurisdiction of this Court, with respect to the subject matter of this claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant, or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Claimant.

10. Claimant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor, any of its successors and assigns or by any trustee for the Debtor's estate.

SK 02169 0072 1061944 v2

4