# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

Direct Number: (212) 326-3604
jtambe@jonesday.com

JP682423:lmp                         December 30, 2010
089600-016075

<u>VIA HAND DELIVERY</u>

Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

      Re:    Lehman Brothers Holdings Inc. et al. v. Nomura
               <u>Securities Co., Ltd. ("NSC"), 10-3229-jmp</u>

Dear Judge Peck:

      We represent Lehman Brothers Holdings Inc. and their affiliated debtors ("Debtors") and write to respond to one specific issue raised by NSC's December 28, 2010 letter—we are prepared to discuss the other issues raised by NSC's letter at the telephonic conference with the Court, which is scheduled for January 4, 2010 at 3:00 p.m. A central theme running through NSC's letter is its claim to have been haled into this Court as a defendant, its argument that, as a result, there is a "presumption" that NSC's employees must be deposed in Japan, and its position that it is the Debtors' obligation to overcome this "presumption." No part of this argument is supportable.

      NSC's claim to merely be a defendant in this action is disingenuous. NSC filed claims in the Debtors' bankruptcy demanding in excess of $40 million from the Debtors. The Debtors responded to NSC's claims by filing a claim objection and adversary complaint by way of a counterclaim. "In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint, a trustee's objection to an answer, and an adversarial proceeding to a counterclaim." <u>In re 20/20 Sport, Inc.</u>, 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996); <u>see also</u> <u>In re Dayton Seaside Assocs., L.P.</u>, 257 B.R. 123, 133 (Bankr. S.D.N.Y. 2000). Accordingly, having filed a claim in this action, the principles NSC recites as applicable to defendants, to the degree they apply at all, actually support the Debtors' position that these depositions should take place in New York. <u>Cf.</u> <u>In re Sportstuff, Inc.</u>, No. BK07-82643-TJM, 2009 Bankr. LEXIS 4381 (Bankr. D. Neb. Dec. 03, 2009) (ordering a Hong Kong-based claimant to submit to deposition in the forum state, because if the claimant "thinks it has a valid secured claim in this bankruptcy case, it should be prepared to fully explain and prove its claim"). Moreover NSC's argument that being the defendant shields it from its obligation to produce witnesses for depositions in this forum must fail.

      NSC states that it is entitled to a "presumption" that a corporate defendant should be deposed in its primary place of business, however, this presumption does not support NSC's argument that it is entitled to have its employees deposed in Japan. While there may be a

Honorable James M. Peck
December 30, 2010
Page 2

"general rule," regarding such depositions, that rule is applicable "only when other relevant factors do not favor one side over the other." New Medium Techs. LLC v. Barco N.V., 242 F.R.D. 460, 466 (S.D. Ill. 2007); see also Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 155 (S.D.N.Y. 1997). Moreover, this general rule "loses its force" where the choice of forum is effectively constrained for both parties. See Six West Retail Acquisition v. Sony Theatre Management Corp., 203 F.R.D. 98 (S.D.N.Y. 2001). As the court held in Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547 (S.D.N.Y. 1989), the general rule that people should be deposed where they live is at its weakest where a case is brought in the plaintiff's home jurisdiction against defendants who are geographically scattered, because the plaintiff's home is the only jurisdiction likely to have a connection with all of the defendants. Id. At 550. Similarly, there was no forum that would have been convenient for all potential claimants in the Debtors' bankruptcy, and New York, as the Debtors' primary place of business, was perhaps the only forum that had a nexus with all potential claims. Ultimately, "[w]hen a foreign corporation is doing business in the United States, is subject to the court's jurisdiction and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made." See Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336 (N.D. Ind. 2000). NSC consented to the jurisdiction of this court by filing its proof of claim, and has participated fully in discovery under the Federal Rules.[1] See Resolution Trust Co. v. Best Prods. Co. (In re Best Prods.), 68 F.3d 26, 32 (2d Cir. 1995). The several, substantial, factors that favor holding depositions in this case in New York were detailed in the Debtors' previous letter.[2] NSC cannot overcome the clear legal, factual and equitable reasons to hold the depositions of NSC's employees in New York.

Finally, it is NSC's obligation, as the party resisting discovery, to show why it should not be required to comply with its discovery obligations. "As a general rule, a party may unilaterally choose the place for deposing an opposing party." New Medium Techs., 242 F.R.D. at 466; see also 8A Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 2112 (3d ed. 1998). It is the party objecting to the deposing party's chosen location who must show good cause for its requested protective order. See New Medium Techs., 242 F.R.D. at 466 n. 6 ("Toshiba completely ignores the Federal Rules of Civil Procedure and the case law applicable to a motion for a protective order. Instead, it relies entirely on the so-called 'presumption' that corporate witnesses are to be deposed at the corporation's principle place of business, and argues it is plaintiff's burden to rebut this presumption. In fact, it is Toshiba's burden to show good cause for a protective order.") (citations omitted); see also Fed. R. Civ. P. 26(c) (a protective order may only be had on a motion and "for good cause"); Wright & Miller, § 2035.

---

[1] Under the ISDA Master Agreement between Lehman Brothers Special Financing and NSC, NSC also irrevocably consented to the jurisdiction of the courts of England, but has flatly refused Debtors' offer to compromise by holding the depositions NSC personnel in London.

[2] As described in the Debtors prior letter, it is because the process of taking depositions in Japan is so time consuming that this issue needs to be resolved now, despite the fact that the parties have not yet exchanged documents and therefore the Debtors have not yet been able to identify the specific individuals whose depositions they will notice.

Honorable James M. Peck
December 30, 2010
Page 3

     "The bottom line is that a foreign corporation, subject to the in personam jurisdiction of this court, can be ordered under Rule 30(b)(6) to produce its officers, directors or managing agents in the United States to give deposition testimony." <u>Custom Form</u>, 196 F.R.D. at 336. NSC has not, and cannot, point to law to the contrary.

                            Respectfully,

                            Jayant W. Tambe

Attachment

cc:    Brian H. Polovoy, Esq.
       David S. Cohen, Esq.