Page 1

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 08-13555(JMP)
 5   - - - - - - - - - - - - - - - - - - - - -x
 6
 7   In the Matter of:
 8
 9   LEHMAN BROTHERS HOLDINGS INC., et al.
10
11              Debtors.
12
13   - - - - - - - - - - - - - - - - - - - - -x
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              December 22, 2010
19              10:04 AM
20
21   B E F O R E:
22   HON. JAMES M. PECK
23   U.S. BANKRUPTCY JUDGE
24
25
```

Page 2

```
 1
 2    HEARING re Debtors' Thirty-First Omnibus Objection to Claims
 3     (Insufficient Documentation Claims)
 4
 5    HEARING re Debtors' Thirty-Fifth Omnibus Objection to Claims
 6     (Valued Derivative Claims)
 7
 8    HEARING re Debtors' Fifty-Third Omnibus Objection to Claims
 9     (Duplicative of Indenture Trustee Claims)
10
11    HEARING re Debtors' Fifty-Ninth Omnibus Objection to Claims
12     (Duplicative of Indenture Trustee Claims)
13
14    HEARING re Debtors' Sixty-Third Omnibus Objection to Claims
15     (Valued Derivative Claims)
16
17    HEARING re Debtors' Sixty-Fourth Omnibus Objection to Claims
18     (No Supporting Documentation Claims)
19
20    HEARING re Debtors' Sixty-Fifth Omnibus Objection to Claims
21     (Duplicative Claims)
22
23    HEARING re Debtors' Sixty-Sixth Omnibus Objection to Claims
24     (Duplicative of Indenture Trustee Claims)
25
```

```
 1

 2    HEARING re Debtors' Sixty-Seventh Omnibus Objection to Claims

 3    (Valued Derivative Claims)

 4

 5    HEARING re Debtors' Sixty-Eighth Omnibus Objection to Claims

 6    (Settled Derivative Claims)

 7

 8    HEARING re Motion of Dr. Peter Berman to Amend Proof of Claim

 9

10    HEARING re Motion of Joyce L. Rehorst to Amend Proof of Claim

11

12    HEARING re Motion of Jacqueline W. Edelmann, et al. to Amend

13    Proof of Claim

14

15    HEARING re Debtors' Forty-Ninth Omnibus Objection to Claims

16    (Duplicative of Indenture Trustee Claims)

17

18    HEARING re First Motion of Mark Glasser to Extend Time for

19    Claim

20

21

22

23

24

25    Transcribed by:  Lisa Bar-Leib
```

```
 1
 2   A P P E A R A N C E S :
 3   WEIL, GOTSHAL & MANGES LLP
 4        Attorneys for the Debtors and Debtors-in-Possession
 5        767 Fifth Avenue
 6        New York, NY 10153
 7
 8   BY:  SHAI Y. WAISMAN, ESQ.
 9        TERESA C. BRADY, ESQ.
10
11   WEIL, GOTSHAL & MANGES LLP
12        Attorneys for the Debtors and Debtors-in-Possession
13        200 Crescent Court
14        Suite 300
15        Dallas, TX 75201
16
17   BY:  ERIN D. ECKOLS, ESQ.
18
19   MILBANK, TWEED, HADLEY & MCCLOY LLP
20        Attorneys for the Official Committee of Unsecured
21         Creditors
22        One Chase Manhattan Plaza
23        New York, NY 10005
24
25   BY:  BRADLEY S. FRIEDMAN, ESQ.
```

```
 1
 2   BAKER & MCKENZIE LLP
 3        Attorneys for Carthay United Bank
 4        2300 Trammell Crow Center
 5        2001 Ross Avenue
 6        Dallas, Texas 75201
 7
 8   BY:  DAVID W. PARHAM, ESQ.
 9        (TELEPHONICALLY)
10
11   CHAPMAN & CUTLER LLP
12        Attorneys for U.S. Bank
13        111 West Monroe Street
14        Chicago, IL 60603
15
16   BY:  FRANKLIN H. TOP III, ESQ.
17        JAMES HEISER, ESQ.
18        (TELEPHONICALLY)
19
20
21
22
23
24
25
```

```
                                                        Page 6
 1
 2   STUTMAN TREISTER & GLATT PC
 3        Attorneys for Elliott Management Corporation
 4        1901 Avenue of the Stars
 5        12th Floor
 6        Los Angeles, CA 90067
 7
 8   BY:  MICHAEL NEUMEISTER, ESQ.
 9        (TELEPHONICALLY)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

08-13555-mg    Doc 13777    Filed 12/30/10    Entered 01/04/11 10:17:00    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 7 of 20

Page 7

1                P R O C E E D I N G S

2           THE CLERK:  All rise.

3           THE COURT:  Be seated, please.  Good morning.

4           MS. ECKOLS:  Good morning, Your Honor.

5           THE COURT:  Good morning.

6           MS. ECKOLS:  Erin Eckols for the debtors.  We did want

7   to alert you to a few changes to the agenda this morning.  As

8   far as agenda item number 1, that has been resolved entirely.

9   The debtors have withdrawn the objection with respect to the

10  remaining claims on that omni.  And so the debtors are not

11  seeking any relief today for that --

12          THE COURT:  Okay.

13          MS. ECKOLS:  -- objection.  Agenda item number 2 --

14  the parties are still actually trying to work a couple issues

15  out with that.  And so in order to give them sufficient time,

16  we have further adjourned that particular omni.

17          And then agenda item number 15, which was the motion

18  of Mark Glasser -- his counsel reached out to debtors last

19  night and requested a further adjournment, unfortunately, due

20  to health reasons with Mr. Glasser.

21          THE COURT:  So is that adjourned to a particular date?

22          MS. ECKOLS:  It is adjourned until January 20th.

23          THE COURT:  Okay.  I'm informed by my chambers staff

24  that there was a gentleman in court today from Japan who wanted

25  to see me.  And I deemed that to be inappropriate and so I'm

08-13555-mg    Doc 13777    Filed 12/30/10    Entered 01/04/11 10:17:00    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 8 of 20

Page 8

1   not going to be visiting with him.  I don't know to what extent
2   his being in New York is an opportunity for the debtors to
3   explore a possible consensual resolution of claim objections
4   affecting his claim.  I know nothing about his claim.  I don't
5   know if it's personal or if it's in a representative capacity,
6   if he's a representative of some business that may have a
7   claim.  But I'm wondering whether or not the fact that he was
8   here prompted any opportunity for dialogue with him either now
9   or in the future.
10            MS. ECKOLS:  We're certainly happy to reach out to
11  them.  We were having a little bit of a communication issue
12  with this particular claimant.  And we actually, of course,
13  realize that he was going to be attending today.  It seemed
14  like, when I was trying to communicate with him, that he was in
15  New York for other reasons not necessarily because of this
16  hearing and that he wanted to give the debtor some souvenirs.
17  And so, I got the feeling it's more of a coming in to visit but
18  not necessarily for the hearing.  But we are happy to reach out
19  with him, talk to him and try to resolve the claim objection.
20            THE COURT:  I gather he is no longer in the courtroom.
21            MS. ECKOLS:  No, Your Honor.  He asked to leave after
22  he provided us with his package.
23            THE COURT:  All right.  Enough about that.
24            MS. ECKOLS:  Your Honor, one thing we did want to
25  inform you.  You had asked at the last hearing about the status

1  of the supplemental order on omnibus objection 29.  And that is
2  in the package of orders to be presented today to hand it up
3  later.
4              THE COURT:  Fine.
5              MS. ECKOLS:  Your Honor, we did want to ask -- we've
6  got -- my colleague, Ms. Brady, is going to be handling a
7  couple agenda items.  In order to streamline and hopefully
8  reduce the movement and make things go a little more
9  efficiently, we were going to request that we take a few agenda
10 items out of order.
11             THE COURT:  That's perfectly fine.
12             MS. ECKOLS:  Okay.  Your Honor, we are proceeding
13 largely uncontested today.  Nearly all formal responses have
14 been adjourned or resolved.  The only contested matter that is
15 going to be going forward today is a carryover item for omnibus
16 objection 49.  Just to note that, as you are aware, the debtors
17 are continuing their efforts to process the claims, the tens of
18 thousands of claims, in these Chapter 11 cases and have made
19 significant progress.  In fact, through the omnibus objections
20 to date, nearly 13,000 claims have been disallowed and expunged
21 with an asserted value of approximately 119 billion dollars.
22 And the 308 claims have been reduced by approximately 290
23 million.
24             Unless Your Honor has any questions, I'm going to move
25 on to agenda item number 3.

08-13555-mg    Doc 13777    Filed 12/30/10    Entered 01/04/11 10:17:00    Main Document
Pg 10 of 20
LEHMAN BROTHERS HOLDINGS INC., et al.

Page 10

1  THE COURT: Please move on.

2  MS. ECKOLS: Okay. Your Honor, this is a carryover
3  item from the November 10th claims hearing at which you granted
4  debtors' omnibus objection 53. The debtors had adjourned their
5  objection as to the claim of Evelyn Wheeler and the response
6  filed by Mr. Duplain as the executor of Ms. Wheeler's estate so
7  that the parties could work on a resolution.

8  Those efforts were successful and Mr. Duplain withdrew
9  his opposition to debtors' 53rd omnibus objection.. The formal
10 notice of withdrawal is at docket entry 13562. Accordingly,
11 the debtors respectfully request that the Court grant debtors'
12 fifty-third omnibus objection as to Ms. Wheeler's claim.

13 THE COURT: The objection is granted.

14 MS. ECKOLS: Agenda item number 4, omnibus objection
15 59, Your Honor, this is another carryover item but it's from
16 the December 1st hearing at which you granted debtors' fifty-
17 ninth omnibus objection. The debtors had adjourned their
18 objection as to the claim of Mr. Brackett and his response
19 thereto so that the parties could work on a resolution. Mr.
20 Brackett has since withdrawn his opposition and the formal
21 notice of withdrawal is at docket entry 13563. Accordingly,
22 the debtors respectfully request that the Court grant the
23 debtors' fifty-ninth omnibus objection as to Mr. Brackett's
24 claim.

25 THE COURT: It's granted.

1          MS. ECKOLS: Moving on to agenda item number 6 which
2    is omnibus objection number 64, this objection seeks to
3    disallow and expunge claims that violated the bar date order's
4    requirement that claimants provide supporting documentation or
5    an explanation as to why said documentation was not available.
6    This affects approximately 130 claims.  It's proceeding
7    uncontested today and therefore the debtors respectfully
8    request that the Court grant omnibus objection number 64.
9          THE COURT:  Granted.
10         MS. ECKOLS:  Moving on to agenda item number 7,
11   omnibus objection 65, this objection seeks to disallow and
12   expunge claims that are either exactly or in substance
13   duplicates of other claims that were filed by the same claimant
14   for essentially the same claim.
15         There were two responses, one formal and one informal.
16   Both were resolved after speaking with the claimants.  And the
17   claimants confirmed the resolution via e-mail and writing to
18   the debtors.  This omni again is proceeding uncontested and
19   therefore the debtors respectfully request that the Court grant
20   the sixty-fifth omnibus objection.
21         THE COURT:  It's granted.
22         MS. ECKOLS:  Moving on to agenda item number 8, which
23   is the sixty-sixth omnibus objection to claims, this omni seeks
24   to disallow and expunge claims filed by individual holders of
25   securities that are in substance duplicative of the global

08-13555-mg    Doc 13777    Filed 12/30/10    Entered 01/04/11 10:17:00    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 12 of 20

Page 12

1    claims filed by the applicable indenture trustee -- that would
2    be Wilmington Trust and/or Bank of New York Mellon -- on behalf
3    of the holders of those same securities.  Again, we are
4    proceeding uncontested today and thus the debtors respectfully
5    request that the Court grant the sixty-sixth omnibus objection.
6              THE COURT:  It's granted.
7              MS. ECKOLS:  Your Honor, taking up -- now moving to
8    agenda item number 10, which is the sixty-eighth omnibus
9    objection, this objection is seeking to reduce fifty derivative
10   claims by approximately fifty-seven million dollars.  These are
11   claims where the parties have reached an agreement with respect
12   to the claim amount classification and debtor counterparty that
13   is not reflected on the claimant's proof of claim.  And this
14   objection is seeking to modify those claims to conform to the
15   parties' agreement.  Thus, the debtors respectfully request
16   that the Court grant omnibus objection number 68.
17             THE COURT:  It is granted.
18             MS. ECKOLS:  Thank you.  And, Your Honor, I am going
19   to now turn the podium over to Ms. Brady.
20             MS. BRADY:  Good morning, Your Honor.  Teresa Brady
21   from Weil Gotshal also on behalf of the debtors.  I'm going to
22   be addressing agenda item number 5 on the sixty-third omnibus
23   objection and also agenda item number 9, the sixty-seventh
24   omnibus objection.  Both of these are nonconsensual, reduce and
25   allow omnis and both are proceeding on an uncontested matter.

1          Relating to agenda item number 5, the sixty-third
2    omnibus objection, this is a carryover item.  At the hearing on
3    October 27th, we had adjourned all the unresolved responses
4    until January 20th.  The debtors have successfully settled with
5    one of the counterparties, Shannon Health Systems who holds two
6    different claims.  And therefore, we respectfully request that
7    this Court grant the supplemental order on the sixty-third
8    omnibus objection reducing and allowing those two claims
9    belonging to Shannon Health Systems to the settled amount.
10              THE COURT:  That's granted.
11              MS. BRADY:  Turning to agenda item number 9, the
12   sixty-seventh omnibus objection, there were 128 claims listed
13   in this omni.  Thirty-one counterparties holding fifty-two
14   claims did not respond at all to this omnibus objection.
15   Thirty of these counterparties we are seeking to reduce and
16   allow their forty-eight claims on an uncontested basis.  One
17   counterparty did successfully settle with the debtors.  They
18   hold four claims and the counterparty is named Clinton.  And
19   therefore we have a proposed order for this Court and we
20   respectfully respect that this Court reduce and allow those
21   fifty-two claims to the settled amount -- to the settled amount
22   as to Clinton and to the modified amounts in the omni as to the
23   remaining forty-eight claims.
24              THE COURT:  That's fine.  I'll grant that.
25              MS. BRADY:  Thank you.  There are seventy-six

1  remaining claims that relate to the sixty-seventh omnibus
2  objection.  They belong to thirty-three counterparties.  And
3  the counterparties either filed timely responses or they
4  requested an adjournment of the response deadline which the
5  debtors did grant.  And so, the debtors respectfully request
6  that this Court adjourn the hearing as to seventy-four of those
7  claims until January 20th, 2011.  There was one counterparty,
8  Aozora Bank, who has a conflict on that date and therefore
9  we're going to respectfully request that this Court adjourn the
10 hearing as to Aozora Bank until March 3rd.
11            THE COURT:  The requested adjournments are all fine.
12 I do have a question about this, though.  I noticed that most
13 of these responses are similar in nature and raise a common
14 legal question as to who has the burden of proof and whether or
15 not the prima facie validity of the claim has been put at issue
16 by this objection.  Is there a common approach to dealing with
17 all of these objections or are they being dealt with on a one-
18 off basis?
19            MS. BRADY:  They are being dealt with on an one-on
20 basis but in a common manner in that after a response is
21 received, generally the debtors and the counterparties have
22 been in discussions, settlement discussions, to try to resolve
23 these claims before proceeding to an ADR or proceeding to a
24 court hearing.  That's not the case with every but in the
25 majority of these nonconsensual and reduced and allowed,

1   settlement discussions have been taking place.
2           THE COURT:  Okay.  Fine.  Thank you.
3           MS. BRADY:  Thank you, Your Honor.
4           MS. ECKOLS:  Your Honor, I think we have four
5   remaining agenda items to take up.  That is agenda items 11, 12
6   and 13 and then agenda item 14 which is the one contested
7   matter.
8           Agenda items 11 through 13 -- they're actually all
9   three motions seeking to amend proofs of claim in response to
10  debtors' thirty-first omnibus objection which is an
11  insufficient documentation objection.  Those motions have been
12  resolved.  Debtors have agreed not to object to the amended
13  claims filed by these individuals solely on the basis that the
14  amendment was improper and thus these motions have been
15  resolved and the debtors are submitting a stipulation and
16  agreed order to the Court.
17          THE COURT:  Fine.
18          MS. ECKOLS:  Moving on to agenda item 14, this is
19  debtors' forty-ninth omnibus objection to claims.  This is a
20  carryover from the November 10th claims hearing at which Your
21  Honor granted omnibus objection 49.  Today we are proceeding
22  with respect to the claimant Kurt Wolf and his response in
23  opposition to that objection.
24          The debtors are seeking to disallow and expunge Mr.
25  Wolf's claim, 6770, as being duplicative of the global claim

```
 1   filed by Bank of New York Mellon as indenture trustee.  Despite
 2   several conversations with Mr. Wolf's counsel, the debtors have
 3   been unable to resolve his objection.  Your Honor, we believe
 4   that Mr. Wolf's opposition should be overruled and his claim
 5   disallowed and expunged.
 6             Mr. Wolf filed his claim, 6770, seeking to recover for
 7   securities with CUSIP number 52519Y209.  That CUSIP belongs to
 8   securities that Bank of New York Mellon is seeking to recover
 9   for as indenture trustee under claim 21805.  Accordingly, Mr.
10   Wolf's claim is duplicative of that Bank of New York Mellon
11   claim.  Mr. Wolf does not appear to dispute that his claim is
12   duplicative.  He instead in his opposition provides purchase
13   confirmations for a security and states he did not know that
14   his securities were unsecured.  Regardless, Mr. Wolf's note
15   claim is duplicate of the Bank of New York Mellon claim and
16   Bank of New York Mellon is the proper party to prosecute the
17   claim for that security.  Accordingly, the debtors respectfully
18   request that Your Honor overrule Mr. Wolf's response and grant
19   omnibus objection 49 as to his claim.
20             THE COURT:  Is Kurt Wolf or any attorney acting on his
21   behalf present in the courtroom or on the telephone?  I hear no
22   response.  The position of Mr. Wolf at docket 12505 is a
23   position I've reviewed and I've also considered the
24   presentation of debtors' counsel regarding this claim.  Mr.
25   Wolf's objection is overruled.  The claim, as a matter of fact,
```

08-13555-mg   Doc 13777   Filed 12/30/10   Entered 01/04/11 10:17:00   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 17 of 20

Page 17

1  is duplicative of the Bank of New York Mellon claim and the
2  objection is granted.
3          MS. ECKOLS:  Thank you, Your Honor.  And that
4  concludes the matters on the agenda today.
5          THE COURT:  In that case, everybody should have a
6  great holiday.  I hope to see you in the new year.
7          MS. ECKOLS:  Thank you, Your Honor.
8      (Whereupon these proceedings were concluded at 10:20 a.m.)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 18

I N D E X

R U L I N G S

| | DESCRIPTION | PAGE | LINE |
|---|---|---|---|
| 6 | Debtors' fifty-third omnibus objection to | 10 | 13 |
| 7 | claims granted as to Ms. Wheeler's claim | | |
| 8 | Debtors' fifty-ninth omnibus objection to | 10 | 25 |
| 9 | claims granted as to Mr. Brackett's claim | | |
| 10 | Debtors' sixty-fourth omnibus objection to | 11 | 9 |
| 11 | claims which seeks to disallow and expunge | | |
| 12 | claims that violated the bar date order's | | |
| 13 | requirement that claimants provide | | |
| 14 | supporting documentation granted | | |
| 15 | Debtors' sixty-fifth omnibus objection to | 11 | 21 |
| 16 | claims which seeks to disallow and expunge | | |
| 17 | duplicate claims filed by the same claimant | | |
| 18 | for the same claim granted | | |
| 19 | Debtors' sixty-sixth omnibus objection to | 12 | 6 |
| 20 | claims which seeks to disallow and expunge | | |
| 21 | claims of individual holders of securities which | | |
| 22 | are duplicative of indenture trustee claims | | |
| 23 | filed on behalf of those holders granted | | |

I N D E X, cont'd

R U L I N G S

| | DESCRIPTION | PAGE | LINE |
|---|---|---|---|
| | Debtors' sixty-eighth omnibus objection to claims which seeks to reduce fifty derivative claims by 57 million dollars granted | 12 | 17 |
| | Debtors' sixty-third omnibus objection to claims which seeks to reduce and allow to the settled amount two counterparty claims belonging to Shannon Health Systems granted | 13 | 10 |
| | Debtors' sixty-seventh omnibus objection to claims which seeks to reduce and allow 52 of 128 claims to a modified and settled amount granted; remaining 76 to be adjourned | 13 | 24 |
| | Debtors' forty-ninth omnibus objection to claims which seeks to disallow and expunge claim of Kurt Wolf as being duplicative of the global claim filed by Bank of New York Mellon as indenture trustee granted | 17 | 2 |

Page 20

C E R T I F I C A T I O N

I, Lisa Bar-Leib, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

LISA BAR-LEIB

AAERT Certified Electronic Transcriber (CET**D-486)

Veritext

200 Old Country Road

Suite 580

Mineola, NY 11501

Date:   December 30, 2010