# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>          Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Oaktree Opportunities Fund VIII (Parallel), L.P. | Morgan Stanley & Co. International plc |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Oaktree Opportunities Fund VIII (Parallel), L.P.
c/o Oaktree Capital Management, L.P.
333 South Grand Avenue, 28th Floor
Los Angeles, CA 90071
Attn: William Santangelo
Email : ocmwsonotices@oaktreecpaital.com
12012835980@tls.ldsprod.com
Copy : Jeff Arnold
Email : jarnold@oaktreecapital.com

Last Four Digits of Acct. #: _____

Court Claim # (if known): 56932

Amount of Claim:  The following amounts plus all accrued interest, fees and other recoveries due thereon:

(i) $445,694.00, with respect to ISIN/CUSIP XS0121110455;
(ii) $637,457.27, with respect to ISIN/CUSIP XS0122516296;
(iii) $869,232.07, with respect to ISIN/CUSIP XS0121503774;
(iv) $617,768.98, with respect to ISIN/CUSIP XS0123410838;
(v) $631,503.50, with respect to ISIN/CUSIP XS0124186981;
(vi) $1,974,830.54 , with respect to ISIN/CUSIP XS0125559111;
(vii) $360,454.27, with respect to ISIN/CUSIP XS0126892172;
(viii) $411,910.35, with respect to ISIN/CUSIP XS0122516379;
(ix) $738,678.74, with respect to ISIN/CUSIP XS0124187104; and
(x) $1,181,644.05, with respect to ISIN/CUSIP XS0125538974.

Date Claim Filed: October 29, 2009

Phone:
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Oaktree Opportunities Fund VIII (Parallel), L.P.

By: Oaktree Opportunities Fund VIII GP, L.P.
its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By: _____          Date: ___12/30/10_____
     Transferee/Transferee's Agent

By: _____          Date: ___12/30/10_____
     Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.
032-3570/COURT/2890031.1

## United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>   Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 56932 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor.  As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on        .

| | |
|---|---|
| Morgan Stanley & Co. International plc | Oaktree Opportunities Fund VIII (Parallel), L.P. |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Morgan Stanley & Co. International plc<br>25, Cabot Square<br>Canary Wharf<br>London E14 4QA<br>Email: lndistressed@morganstanley.com | Oaktree Opportunities Fund VIII (Parallel), L.P.<br>c/o Oaktree Capital Management, L.P.<br>333 South Grand Avenue, 28th Floor<br>Los Angeles, CA 90071<br>Attn: William Santangelo<br>Email : ocmwsonotices@oaktreecpaital.com<br>12012835980@tls.ldsprod.com<br>Copy : Jeff Arnold<br>Email : jarnold@oaktreecapital.com |
| | |

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:      THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Morgan Stanley & Co. International plc** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **purchasers** as set forth in Schedule I hereto (the "Purchaser" and individually, an "Individual Purchaser"),and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 56932 filed by or on behalf of **Mediolanum Vita S.p.A.** ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

The Transferred Claims were transferred from Predecessor to Seller as evidenced at docket No.12496 in the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities": (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8.      It is being understood among the Seller and each Individual Purchaser that each Individual Purchaser is executing this agreement solely in its individual capacity and that all obligations and/or liabilities of an Individual Purchaser hereunder are enforceable solely against such Individual Purchaser and such Individual Purchaser's assets. The agreements made by each Individual Purchaser hereunder and all obligations and liabilities of each Individual Purchaser shall be several (and not joint and several) in accordance with each Individual Purchaser's respective Purchased Claim.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **20** day of December, 2010

MORGAN          STANLEY          &          Oaktree Huntington Investment Fund, L.P.
CO. INTERNATIONAL PLC

By: _____                                By: Oaktree Huntington Investment Fund GP, L.P.
Name:                                          Its: General Partner
Title:    BRIAN CRIPPS                         By: Oaktree Huntington Investment Fund GP LTD
          Authorised Signatory                 Its: Managing Member
                                               By: Oaktree Capital Management, L.P.
25, Cabot Square                               its: Director
Canary Wharf
London E14 4QA                                 By: _____
E-mail: lndistressed@morganstanley.com         Name: _____                    William Melanson
                                               Title: _____                   Vice President
                                                      Scott L. Graves
                                                      Managing Director

                                               Address:
                                               Oaktree Huntington Investment Fund,
                                               L.P.
                                               C/O Oaktree Capital Management, L.P.
                                               333 South Grand Ave, 28th Floor
                                               Los Angeles, CA 90071

                                               Oaktree Opportunities Fund VIII (Parallel 2), L.P.
                                               By: Oaktree Capital Management, LLC
                                               its: General Partner
                                               By: Oaktree Fund GP, L.P.
                                               its: Managing Member

                                               By: _____
                                               Name: _____                    William Melanson
                                               Title: _____                   Authorized Signatory
                                                      Scott L. Graves
                                                      Authorized Signatory
                                               Address:
                                               Oaktree Opportunities Fund VIII (Parallel 2),
                                               L.P.
                                               C/O Oaktree Capital Management, L.P.
                                               333 South Grand Ave, 28th Floor
                                               Los Angeles, CA 90071

                                               Oaktree Opportunities Fund VIII, L.P.

                                               By: Oaktree Opportunities Fund VIII GP, L.P.
                                               its: General Partner

                                               By: Oaktree Opportunities Fund VIII GP Ltd.
                                               its: General Partner

By: Oaktree Capital Management, L.P.
its: Managing Member

By: _____

Name: _____ Scott L. Graves

Title: _____ Managing Director

William Melanson
Vice President

Address:

Oaktree Opportunities Fund VIII, L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**Oaktree Opportunities Fund VIII (Parallel), L.P.**

By: Oaktree Opportunities Fund VIII GP, L.P.
its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By: _____

Name: _____ Scott L. Graves

Title: _____ Managing Director

William Melanson
Vice President

Address:

Oaktree Opportunities Fund VIII (Parallel),
L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**OCM Opportunities Fund VIIb, LP**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: Managing Member

By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name: _____
       Scott L. Graves
Title: _____
       Managing Director

William Melanson
Vice President

Address:

OCM Opportunities Fund VIIb, LP
C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**OCM Opportunities Fund VIIb (Parallel), L.P.**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name: _____
       Scott L. Graves
Title: _____
       Managing Director

William Melanson
Vice President

Address:

OCM Opportunities Fund VIIb  (Parallel), L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

Schedule 1

Transferred Claims

99.88814318% of XS0121110455 = USD 6,633,412.37 of USD 6,640,840.60 (the outstanding amount of XS0121110455 as described in the Proof of Claim as of December 2b, 2010),

Original claim amount USD 133,916,578.63 – proof of claim number 56932

(the outstanding principal amount of the Proof of Claim as of December 2b, 2010).

Lehman Programs Securities to which Transfer Relates

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Total Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Oaktree Huntington Investment Fund, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121110455 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 11.98208287% of the ISIN/CUSIP XS0121110455 under the Proof of Claim, which is EUR 535,000.00 plus EUR 26,671.24 being all accrued interest, fees and other recoveries due (which is equivalent of $794,820.97). | EUR 561,671.24 which is the equivalent of $794,820.97 plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121110455 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 43.33706607% of the ISIN/CUSIP XS0121110455 under the Proof of Claim, which is EUR 1,935,000.00 plus EUR 96,465.13 being all accrued interest, fees and other recoveries due (which is equivalent of $2,874,726.30). | EUR 2,031,465.13 which is the equivalent of $2,874,726.30 plus all accrued interest, fees and other recoveries due. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Oaktree Opportunities Fund VIII (Parallel), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121110455 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 6.71892497% of the ISIN/CUSIP XS0121110455 under the Proof of Claim, which is EUR 300,000.00 plus EUR 14,955.83 being all accrued interest, fees and other recoveries due (which is equivalent of $445,694.00). | EUR 314,955.83 which is the equivalent of $445,694.00 plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII (Parallel 2), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121110455 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2.23964166% of the ISIN/CUSIP XS0121110455 under the Proof of Claim, which is EUR 100,000.00 plus EUR 4,985.28 being all accrued interest, fees and other recoveries due (which is equivalent of $148,564.67). | EUR 104,985.28 which is the equivalent of USD $148,564.67 plus all accrued interest, fees and other recoveries due. |
| OCM Opportunities Fund VIIb, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121110455 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 32.02687570% of the ISIN/CUSIP XS0121110455 under the Proof of Claim, which is EUR 1,430,000.00 plus EUR 71,289.47 being all accrued interest, fees and other recoveries due (which is equivalent of $2,124,474.73). | EUR 1,501,289.47 which is the equivalent of $2,124,474.73 plus all accrued interest, fees and other recoveries due. |

| OCM Opportunities Fund VIIb (Parallel), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121110455 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3.69540873% of the ISIN/CUSIP XS0121110455 under the Proof of Claim, which is EUR 165,000.00 plus EUR 8,225.71 being all accrued interest, fees and other recoveries due (which is equivalent of $245,131.70). | EUR 173,225.71 which is the equivalent of $245,131.70 plus all accrued interest, fees and other recoveries due. |

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Morgan Stanley & Co. International plc** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **purchasers** as set forth in Schedule I hereto (the "<u>Purchaser</u>" and individually, an "<u>Individual Purchaser</u>"),and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number **56932** filed by or on behalf of **Mediolanum Vita S.p.A.** ("<u>Predecessor</u>") (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

The Transferred Claims were transferred from Predecessor to Seller as evidenced at docket **No.12494** in the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8.      It is being understood among the Seller and each Individual Purchaser that each Individual Purchaser is executing this agreement solely in its individual capacity and that all obligations and/or liabilities of an Individual Purchaser hereunder are enforceable solely against such Individual Purchaser and such Individual Purchaser's assets. The agreements made by each Individual Purchaser hereunder and all obligations and liabilities of each Individual Purchaser shall be several (and not joint and several) in accordance with each Individual Purchaser's respective Purchased Claim.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **20** day of December, 2010

MORGAN          STANLEY          &          **Oaktree Huntington Investment Fund, L.P.**
CO. INTERNATIONAL PLC

By:

Name:

Title:

BRIAN CRIPPS

25, Cabot Square **Authorised Signatory**

Canary Wharf

London E14 4QA

E- mail: lndistressed@morganstanley.com

By: Oaktree Huntington Investment Fund GP, L.P.

Its: General Partner

By: Oaktree Huntington Investment Fund GP LTD

Its: Managing Member

By: Oaktree Capital Management, L.P.

its: Director

By:

Name:          Scott L. Graves

Title:          Managing Director

Address:

Oaktree Huntington Investment Fund, L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor

Los Angeles, CA 90071

William Melanson

Vice President

**Oaktree Opportunities Fund VIII (Parallel 2), L.P.**

By: Oaktree Capital Management, LLC

its: General Partner

By: Oaktree Fund GP, L.P.

its: Managing Member

By:

Name:          Scott L. Graves

Title:          Authorized Signatory

Address:

Oaktree Opportunities Fund VIII (Parallel 2), L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor

Los Angeles, CA 90071

William Melanson

Authorized Signatory

**Oaktree Opportunities Fund VIII, L.P.**

By: Oaktree Opportunities Fund VIII GP, L.P.

its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.

its: General Partner

By: Oaktree Capital Management, L.P.
its: Managing Member

By: _____
Name: _____ Scott L. Graves
Title: _____ Managing Director

William Melanson
Vice President

Address:
Oaktree Opportunities Fund VIII, L.P.
C/O Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**Oaktree Opportunities Fund VIII (Parallel), L.P.**

By: Oaktree Opportunities Fund VIII GP, L.P.
its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name: _____ Scott L. Graves
Title: _____ Managing Director

William Melanson
Vice President

Address:
Oaktree Opportunities Fund VIII (Parallel),
L.P.
C/O Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071 .

**OCM Opportunities Fund VIIb, LP**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: Managing Member

By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name:
Title: ~~Scott L. Graves~~
~~Managing Director~~

William Melanson
Vice President

Address:

OCM Opportunities Fund VIIb, LP
C/O Oaktree Capital Management,
L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**OCM Opportunities Fund VIIb (Parallel), L.P.**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name:
Title: ~~Scott L. Graves~~
~~Managing Director~~

William Melanson
Vice President

Address:

OCM Opportunities Fund VIIb  (Parallel), L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor

Los Angeles, CA 90071

**Schedule 1**

**Transferred Claims**

99.53271028% of XS0122516296 = USD 9,472,911.48 of USD 9,517,385.24 (the outstanding amount of XS0122516296 as described in the Proof of Claim as of December 20, 2010),

Original claim amount USD 133,916,578.63 – proof of claim number 56932

(the outstanding principal amount of the Proof of Claim as of December 20, 2010).

Lehman Programs Securities to which Transfer Relates

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Total Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Oaktree Huntington Investment Fund, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0122516296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 11.97183099% of the ISIN/CUSIP XS0122516296 under the Proof of Claim, which is EUR 765,000.00 plus EUR 36,414.00 being all accrued interest, fees and other recoveries due (which is equivalent of $1,134,080.95). | EUR 801,414.00 which is the equivalent of $1,134,080.95 plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0122516296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 43.27073552% of the ISIN/CUSIP XS0122516296 under the Proof of Claim, which is EUR 2,765,000.00 plus EUR 131,614.00 being all accrued interest, fees and other recoveries due (which is equivalent of $4,098,998.47). | EUR 2,896,614.00 which is the equivalent of $4,098,998.47 plus all accrued interest, fees and other recoveries due. |

| | | | | |
|---|---|---|---|---|
| Oaktree Opportunities Fund VIII (Parallel), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0122516296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 6.72926448% of the ISIN/CUSIP XS0122516296 under the Proof of Claim, which is EUR 430,000.00 plus EUR 20,468.00 being all accrued interest, fees and other recoveries due (which is equivalent of $637,457.27). | EUR 450,468.00 which is the equivalent of $637,457.27 plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII (Parallel 2), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0122516296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2.03442879% of the ISIN/CUSIP XS0122516296 under the Proof of Claim, which is EUR 130,000.00 plus EUR 6,188.00 being all accrued interest, fees and other recoveries due (which is equivalent of $192,719.64). | EUR 136,188.00 which is the equivalent of $192,719.64 plus all accrued interest, fees and other recoveries due. |
| OCM Opportunities Fund VIIb, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0122516296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 32.15962441% of the ISIN/CUSIP XS0122516296 under the Proof of Claim, which is EUR 2,055,000.00 plus EUR 97,818.00 being all accrued interest, fees and other recoveries due (which is equivalent of $3,046,452.75). | EUR 2,152,818.00 which is the equivalent of $3,046,452.75 plus all accrued interest, fees and other recoveries due. |

| OCM Opportunities Fund VIIb (Parallel), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0122516296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3.83411581% of the ISIN/CUSIP XS0122516296 under the Proof of Claim, which is EUR 245,000.00 plus EUR 11,662.00 being all accrued interest, fees and other recoveries due (which is equivalent of $363,202.40). | EUR 256,662.00 which is the equivalent of $363,202.40 plus all accrued interest, fees and other recoveries due. |

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Morgan Stanley & Co. International plc** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **purchasers** as set forth in Schedule I hereto (the "Purchaser" and individually, an "Individual Purchaser"),and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 56932 filed by or on behalf of **Mediolanum Vita S.p.A.** ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

The Transferred Claims were transferred from Predecessor to Seller as evidenced at docket **No.12495** in the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8.    It is being understood among the Seller and each Individual Purchaser that each Individual Purchaser is executing this agreement solely in its individual capacity and that all obligations and/or liabilities of an Individual Purchaser hereunder are enforceable solely against such Individual Purchaser and such Individual Purchaser's assets. The agreements made by each Individual Purchaser hereunder and all obligations and liabilities of each Individual Purchaser shall be several (and not joint and several) in accordance with each Individual Purchaser's respective Purchased Claim.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **2D** day of December, 2010

MORGAN          STANLEY     &          Oaktree Huntington Investment Fund, L.P.
CO. INTERNATIONAL PLC

By: _____          By: Oaktree Huntington Investment Fund GP, L.P.
Name:                                Its: General Partner
Title:                               By: Oaktree Huntington Investment Fund GP LTD
      BRIAN CRIPPS                   Its: Managing Member
      Authorised Signatory           By: Oaktree Capital Management, L.P.
25, Cabot Square                     its: Director
Canary Wharf
London E14 4QA                       By: _____
E-mail: lndistressed@morganstanley.com   Name: _____ Scott L. Graves
                                     Title: _____ Managing Director          William Melanson
                                                                             Vice President
                                     Address:
                                     Oaktree Huntington Investment Fund,
                                     L.P.
                                     C/O Oaktree Capital Management, L.P.
                                     333 South Grand Ave, 28th Floor
                                     Los Angeles, CA 90071

                                     Oaktree Opportunities Fund VIII (Parallel 2), L.P.
                                     By: Oaktree Capital Management, LLC
                                     its: General Partner
                                     By: Oaktree Fund GP, L.P.
                                     its: Managing Member

                                     By: _____
                                     Name: _____ Scott L. Graves
                                     Title: _____ Authorized Signatory
                                                                             William Melanson
                                     Address:                                Authorized Signatory
                                     Oaktree Opportunities Fund VIII (Parallel 2),
                                     L.P.
                                     C/O Oaktree Capital Management, L.P.
                                     333 South Grand Ave, 28th Floor
                                     Los Angeles, CA 90071

                                     Oaktree Opportunities Fund VIII, L.P.

                                     By: Oaktree Opportunities Fund VIII GP, L.P.
                                     its: General Partner

                                     By: Oaktree Opportunities Fund VIII GP Ltd.
                                     its: General Partner

By: Oaktree Capital Management, L.P.
its: Managing Member

By:
Name: Scott L. Graves
Title: Managing Director

Address:
Oaktree Opportunities Fund VIII, L.P.
C/O Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

William Melanson
Vice President

**Oaktree Opportunities Fund VIII (Parallel), L.P.**

By: Oaktree Opportunities Fund VIII GP, L.P.
its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By:
Name: Scott L. Graves
Title: Managing Director

Address:
Oaktree Opportunities Fund VIII (Parallel),
L.P.
C/O Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

William Melanson
Vice President

**OCM Opportunities Fund VIIb, LP**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: Managing Member

By: Oaktree Capital Management, L.P.
its: Director

By:
Name:    Scott L. Graves
Title:    Managing Director

Address:

OCM Opportunities Fund VIIb, LP
C/O Oaktree Capital Management,
L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

William Melanson
Vice President

**OCM Opportunities Fund VIIb (Parallel), L.P.**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By:
Name:    Scott L. Graves
Title:    Managing Director

Address:

OCM Opportunities Fund VIIb (Parallel), L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor

Los Angeles, CA 90071

William Melanson
Vice President

## Schedule 1

### Transferred Claims

99.6547756% of XS0121503774 = USD 12,867,606.43 of USD 12,912,182.43 (the outstanding amount of XS0121503774 as described in the Proof of Claim as of December **20**, 2010),

Original claim amount USD 133,916,578.63 – proof of claim number 56932

(the outstanding principal amount of the Proof of Claim as of December **20**, 2010).

Lehman Programs Securities to which Transfer Relates

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Total Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Oaktree Huntington Investment Fund, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121503774 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 12.00923788% of the ISIN/CUSIP XS0121503774 under the Proof of Claim, which is EUR 1,040,000.00 plus EUR 52,008.67 being all accrued interest, fees and other recoveries due (which is equivalent of $1,545,301.47). | EUR 1,092,008.67 which is the equivalent of $1,545,301.47 plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121503774 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 43.24480370% of the ISIN/CUSIP XS0121503774 under the Proof of Claim, which is EUR 3,745,000.00 plus EUR 187,281.21 being all accrued interest, fees and other recoveries due (which is equivalent of $5,564,571.14). | EUR 3,932,281.21 which is the equivalent of $5,564,571.14 plus all accrued interest, fees and other recoveries due. |

| | | | | |
|---|---|---|---|---|
| Oaktree Opportunities Fund VIII (Parallel), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121503774 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 6.755196300% of the ISIN/CUSIP XS0121503774 under the Proof of Claim, which is EUR 585,000.00 plus EUR 29,254.88 being all accrued interest, fees and other recoveries due (which is equivalent of $869,232.07). | EUR 614,254.88 which is the equivalent of $869,232.07 plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII (Parallel 2), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121503774 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2.020785220% of the ISIN/CUSIP XS0121503774 under the Proof of Claim, which is EUR 175,000.00 plus EUR 8,751.46 being all accrued interest, fees and other recoveries due (which is equivalent of $260,026.69). | EUR 183,751.46 which is the equivalent of $260,026.69 plus all accrued interest, fees and other recoveries due. |
| OCM Opportunities Fund VIIb, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121503774 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 32.101616630% of the ISIN/CUSIP XS0121503774 under the Proof of Claim, which is EUR 2,780,000.00 plus EUR 139,023.17 being all accrued interest, fees and other recoveries due (which is equivalent of $4,130,709.69). | EUR 2,919,023.17 which is the equivalent of $4,130,709.69 plus all accrued interest, fees and other recoveries due. |

| OCM Opportunities Fund VIIb (Parallel), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0121503774 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3.868360028% of the ISIN/CUSIP XS0121503774 under the Proof of Claim, which is EUR 335,000.00 plus EUR 16,752.79 being all accrued interest, fees and other recoveries due (which is equivalent of $497,765.38). | EUR 351,752.79 which is the equivalent of $497,765.38 plus all accrued interest, fees and other recoveries due. |
| --- | --- | --- | --- | --- | --- | --- |

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:      THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Morgan Stanley & Co. International plc** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **purchasers** as set forth in Schedule 1 hereto (the "<u>Purchaser</u>" and individually, an "<u>Individual Purchaser</u>"),and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number 56932 filed by or on behalf of **Mediolanum Vita S.p.A.** ("<u>Predecessor</u>") (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

The Transferred Claims were transferred from Predecessor to Seller as evidenced at docket **No.12492** in the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8.    It is being understood among the Seller and each Individual Purchaser that each Individual Purchaser is executing this agreement solely in its individual capacity and that all obligations and/or liabilities of an Individual Purchaser hereunder are enforceable solely against such Individual Purchaser and such Individual Purchaser's assets. The agreements made by each Individual Purchaser hereunder and all obligations and liabilities of each Individual Purchaser shall be several (and not joint and several) in accordance with each Individual Purchaser's respective Purchased Claim.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **20** day of December, 2010

| | |
|---|---|
| MORGAN        STANLEY    &<br>CO. INTERNATIONAL PLC | **Oaktree Huntington Investment Fund, L.P.** |

By:_____

Name:

Title:    BRIAN CRIPPS

    Authorised Signatory

25, Cabot Square

Canary Wharf

London E14 4QA

E- mail: lndistressed@morganstanley.com

**Oaktree Huntington Investment Fund, L.P.**

By: Oaktree Huntington Investment Fund GP, L.P.

Its: General Partner

By: Oaktree Huntington Investment Fund GP LTD

Its: Managing Member

By: Oaktree Capital Management, L.P.

its: Director

By:_____

Name:    Scott L. Graves

Title:    Managing Director

William Melanson

Vice President

Address:

Oaktree Huntington Investment Fund, L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor

Los Angeles, CA 90071

**Oaktree Opportunities Fund VIII (Parallel 2), L.P.**

By: Oaktree Capital Management, LLC

its: General Partner

By: Oaktree Fund GP, L.P.

its: Managing Member

By:_____

Name:

Title:    Scott L. Graves

    Authorized Signatory

William Melanson

Authorized Signatory

Address:

Oaktree Opportunities Fund VIII (Parallel 2), L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor

Los Angeles, CA 90071

**Oaktree Opportunities Fund VIII, L.P.**

By: Oaktree Opportunities Fund VIII GP, L.P.

its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.

its: General Partner

By: Oaktree Capital Management, L.P.
its: Managing Member

By: _____
Name: _____ Scott L. Graves
Title: _____ Managing Director

William Melanson
Vice President

Address:

Oaktree Opportunities Fund VIII, L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**Oaktree Opportunities Fund VIII (Parallel), L.P.**

By: Oaktree Opportunities Fund VIII GP, L.P.
its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name: _____
Title: _____ Scott L. Graves
_____ Managing Director

William Melanson
Vice President

Address:
Oaktree Opportunities Fund VIII (Parallel),
L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**OCM Opportunities Fund VIIb, LP**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: Managing Member

By: Oaktree Capital Management, L.P.
its: Director

By:
Name:
Title:                 Scott L. Graves
                       Managing Director

William Melanson
Vice President

Address:

OCM Opportunities Fund VIIb, LP
C/O Oaktree Capital Management,
L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**OCM Opportunities Fund VIIb (Parallel), L.P.**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By:
Name:             Scott L. Graves
Title:            Managing Director

William Melanson
Vice President

Address:

OCM Opportunities Fund VIIb  (Parallel), L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor

Los Angeles, CA 90071

Schedule 1

Transferred Claims

100% of XS0123410838 = USD 9,090,029.28 of USD 9,090,029.28 (the outstanding amount of XS0123410838 as described in the Proof of Claim as of December 20, 2010),

Original claim amount USD 133,916,578.63 – proof of claim number 56932

(the outstanding principal amount of the Proof of Claim as of December 20, 2010).

Lehman Programs Securities to which Transfer Relates

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Total Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Oaktree Huntington Investment Fund, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0123410838 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 11.9741003% of the ISIN/CUSIP XS0123410838 under the Proof of Claim, which is EUR 740,000.00 plus EUR 29,168.33 being all accrued interest, fees and other recoveries due (which is equivalent of $1,088,450.11). | EUR 769,168.33 which is the equivalent of $1,088,450.11 plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0123410838 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 43.2038350% of the ISIN/CUSIP XS0123410838 under the Proof of Claim, which is EUR 2,670,000.00 plus EUR 105,242.50 being all accrued interest, fees and other recoveries due (which is equivalent of $3,927,245.66). | EUR 2,775,242.50 which is the equivalent of $3,927,245.66 plus all accrued interest, fees and other recoveries due. |

| | | | | |
|---|---|---|---|---|
| Oaktree Opportunities Fund VIII (Parallel), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0123410838 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 6.95792880% of the ISIN/CUSIP XS0123410838 under the Proof of Claim, which is EUR 420,000.00 plus EUR 16,555.00 being all accrued interest, fees and other recoveries due (which is equivalent of $617,768.98). | EUR 436,555.00 which is the equivalent of $617,768.98 plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII (Parallel 2), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0123410838 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2.10355987% of the ISIN/CUSIP XS0123410838 under the Proof of Claim, which is EUR 130,000.00 plus EUR 5,124.17 being all accrued interest, fees and other recoveries due (which is equivalent of $191,214.21). | EUR 135,124.17 which is the equivalent of $191,214.21 plus all accrued interest, fees and other recoveries due. |
| OCM Opportunities Fund VIIb, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0123410838 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 32.03883495% of the ISIN/CUSIP XS0123410838 under the Proof of Claim, which is EUR 1,980,000.00 plus EUR 78,045.00 being all accrued interest, fees and other recoveries due (which is equivalent of $2,912,339.48). | EUR 2,058,045.00 which is the equivalent of $2,912,339.48 plus all accrued interest, fees and other recoveries due. |

| OCM Opportunities Fund VIIb (Parallel), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0123410838 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3.88349515% of the ISIN/CUSIP XS0123410838 under the Proof of Claim, which is EUR 240,000.00 plus EUR 9,460.00 being all accrued interest, fees and other recoveries due (which is equivalent of $353,010.85). | EUR 249,460.00 which is the equivalent of $353,010.85 plus all accrued interest, fees and other recoveries due. |

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Morgan Stanley & Co. International plc** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **purchasers** as set forth in Schedule I hereto (the "Purchaser" and individually, an "Individual Purchaser"),and Purchaser hereby agrees to purchase, as of the date hereof, **(a)** an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 56932 filed by or on behalf of **Mediolanum Vita S.p.A.** ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

The Transferred Claims were transferred from Predecessor to Seller as evidenced at docket **No.12491** in the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein..

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8.      It is being understood among the Seller and each Individual Purchaser that each Individual Purchaser is executing this agreement solely in its individual capacity and that all obligations and/or liabilities of an Individual Purchaser hereunder are enforceable solely against such Individual Purchaser and such Individual Purchaser's assets. The agreements made by each Individual Purchaser hereunder and all obligations and liabilities of each Individual Purchaser shall be several (and not joint and several) in accordance with each Individual Purchaser's respective Purchased Claim.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **20** day of December, 2010

| MORGAN STANLEY CO. INTERNATIONAL PLC | & | Oaktree Huntington Investment Fund, L.P. |

By:

Name:

Title:

BRIAN CRIPPS
25, Cabo Square **Authorised Signatory**
Canary Wharf
London E14 4QA
E-mail: lndistressed@morganstanley.com

Oaktree Huntington Investment Fund, L.P.

By: Oaktree Huntington Investment Fund GP, L.P.
Its: General Partner
By: Oaktree Huntington Investment Fund GP LTD
Its: Managing Member
By: Oaktree Capital Management, L.P.
its: Director

By:
Name:        Scott L. Graves
Title:        Managing Director

Address:
Oaktree Huntington Investment Fund, L.P.
C/O Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

William Melanson
Vice President

**Oaktree Opportunities Fund VIII (Parallel 2), L.P.**

By: Oaktree Capital Management, LLC
its: General Partner
By: Oaktree Fund GP, L.P.
its: Managing Member

By:
Name:        Scott L. Graves
Title:        Authorized Signatory

Address:
Oaktree Opportunities Fund VIII (Parallel 2), L.P.
C/O Oaktree Capital Management, L.P.
333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

William Melanson
Authorized Signatory

**Oaktree Opportunities Fund VIII, L.P.**

By: Oaktree Opportunities Fund VIII GP, L.P.
its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Managing Member

By: _____
Name: _____ Scott L. Graves
Title: _____ Managing Director

William Melanson
Vice President

Address:
Oaktree Opportunities Fund VIII, L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**Oaktree Opportunities Fund VIII (Parallel), L.P.**

By: Oaktree Opportunities Fund VIII GP, L.P.
its: General Partner

By: Oaktree Opportunities Fund VIII GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By: _____
Name: _____ Scott L. Graves
Title: _____ Managing Director

William Melanson
Vice President

Address:
Oaktree Opportunities Fund VIII (Parallel),
L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**OCM Opportunities Fund VIIb, LP**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: Managing Member

By: Oaktree Capital Management, L.P.
its: Director

By:
Name:          Scott L. Graves
Title:          Managing Director

William Melanson
Vice President

Address:

OCM Opportunities Fund VIIb, LP
C/O Oaktree Capital Management,
L.P.

333 South Grand Ave, 28th Floor
Los Angeles, CA 90071

**OCM Opportunities Fund VIIb (Parallel), L.P.**

By: OCM Opportunities Fund VIIb GP, L.P.
its: General Partner

By: OCM Opportunities Fund VIIb GP Ltd.
its: General Partner

By: Oaktree Capital Management, L.P.
its: Director

By:
Name:          Scott L. Graves
Title:          Managing Director

William Melanson
Vice President

Address:

OCM Opportunities Fund VIIb  (Parallel), L.P.

C/O Oaktree Capital Management, L.P.

333 South Grand Ave, 28th Floor

Los Angeles, CA 90071

## Schedule 1

### Transferred Claims

99.843505488% of XS0124186981 = USD 9,369,749.62 of USD 9,384,435.75 (the outstanding amount of XS0124186981 as described in the Proof of Claim as of December 20, 2010),

Original claim amount USD 133,916,578.63 – proof of claim number 56932

(the outstanding principal amount of the Proof of Claim as of December 20, 2010).

Lehman Programs Securities to which Transfer Relates

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Total Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Oaktree Huntington Investment Fund, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0124186981 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 11.99059561% of the ISIN/CUSIP XS0124186981 under the Proof of Claim, which is EUR 765,000.00 plus EUR 28,928.90 being all accrued interest, fees and other recoveries due (which is equivalent of $1,123,488.79). | EUR 793,928.90 which is the equivalent of $1,123,488.79 plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0124186981 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 43.26018809% of the ISIN/CUSIP XS0124186981 under the Proof of Claim, which is EUR 2,760,000.00 plus EUR 104,370.93 being all accrued interest, fees and other recoveries due (which is equivalent of $4,053,371.31). | EUR 2,864,370.93 which is the equivalent of $4,053,371.31 plus all accrued interest, fees and other recoveries due. |

| Oaktree Opportunities Fund VIII (Parallel), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0124186981 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 6.73981191% of the ISIN/CUSIP XS0124186981 under the Proof of Claim, which is EUR 430,000.00 plus EUR 16,260.69 being all accrued interest, fees and other recoveries due (which is equivalent of $631,503.50). | EUR 446,260.69 which is the equivalent of $631,503.50 plus all accrued interest, fees and other recoveries due. |
| Oaktree Opportunities Fund VIII (Parallel 2), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0124186981 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2.03761755% of the ISIN/CUSIP XS0124186981 under the Proof of Claim, which is EUR 130,000.00 plus EUR 4,916.02 being all accrued interest, fees and other recoveries due (which is equivalent of $190,919.66). | EUR 134,916.02 which is the equivalent of $190,919.66 plus all accrued interest, fees and other recoveries due. |
| OCM Opportunities Fund VIIb, L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0124186981 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 32.13166144% of the ISIN/CUSIP XS0124186981 under the Proof of Claim, which is EUR 2,050,000.00 plus EUR 77,521.89 being all accrued interest, fees and other recoveries due (which is equivalent of $3,010,656.23). | EUR 2,127,521.89 which is the equivalent of $3,010,656.23 plus all accrued interest, fees and other recoveries due. |

| OCM Opportunities Fund VIIb (Parallel), L.P. | Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0124186981 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3.8401253 9% of the ISIN/CUSIP XS0124186981 under the Proof of Claim, which is EUR 245,000.00 plus EUR 9,264.81 being all accrued interest, fees and other recoveries due (which is equivalent of $359,810.13). | EUR 254,264.81 which is the equivalent of $359,810.13 plus all accrued interest, fees and other recoveries due. |