RESPONSE DATE: 01/05/11 at 4:00 p.m.
HEARING DATE: 01/20/11 at 10:00 a.m.

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

ATTORNEYS FOR CLAIMANT
ICCREA BANCA S.p.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**RESPONSE OF ICCREA BANCA S.p.A. TO DEBTORS'**
**SEVENTY-FIRST OMNIBUS OBJECTION TO CLAIMS**
**(VALUED DERIVATIVE CLAIMS)**

ICCREA Banca S.p.A.– Istituto Centrale del Credito Cooperativo (formerly ICCREA S.p.A. – Instituto Centrale delle Banche di Credito Cooperativo, "ICCREA" or "Claimant"), by and through its undersigned counsel, hereby submits this response to the Debtors' Seventy-First Omnibus Objection To Claims (Valued Derivative Claims) (the "Objection") and in support thereof states as follows:

**BACKGROUND**

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") commenced this bankruptcy case by filing a voluntary Chapter 11 case. Thereafter, on or about October 3, 2008, Lehman Brothers Special Financing Inc. ("LBSF") itself commenced a voluntary Chapter 11 case. Prior to the Petition Date, LBSF and ICCREA

OHS East:160823850.2

were parties to (i) that certain ISDA Master Agreement dated May 20, 1997 between Claimant and LBSF (the "Master Agreement"); (ii) that certain ISDA Schedule to the Master Agreement dated November 1, 1996 between Claimant and LBSF (the "Schedule"); and (iii) a series of transactions governed by the Master Agreement and evidenced by one or more confirmations exchanged between the parties (each, a "Confirmation") confirming the transactions (the "Transactions," together with the Master Agreement, the Schedule and the Confirmations, the "Transaction Documents"). LBHI is the Credit Support Provider to LBSF and pursuant to the Guarantee of LBHI dated May 20, 1997 (the "Guarantee"), LBHI is the guarantor of all amounts due under the Transaction Documents, as amended, payable by Debtors to Claimant.

2. There is no question that ICCREA properly and timely exercised its rights under the Transaction Documents to terminate the Transactions or to file proofs of claims in this Chapter 11 case. As indicated in the Objection, ICCREA timely filed proofs of claim against the Debtors -- claim number 17172 against LBSF and claim number 17171 against LBHI, in both cases, asserting a claim in the amount of $11,744,450.25 (collectively, the "Claims"). These Claims arose in connection with various Transactions arising under Transaction Documents. Pursuant to Section 5(a)(vii) of the Master Agreement, the commencement of this Chapter 11 case by LBHI constituted an Event of Default. Accordingly, on **September 18, 2008**, as a result of the Event of Default, Claimant exercised its rights under Section 6(a) of the Master Agreement and notified Debtors that Claimant was designating **September 26, 2008** as the Early Termination Date in respect of all then outstanding transactions. Shortly thereafter, Claimant transmitted a Notification of Settlement Amount to LBSF stating that, pursuant to the Transaction Documents, the Settlement Amount owed by LBSF was USD11,744,450.25 in connection with the early termination of the outstanding transactions.

2

OHS East:160823850.2

3. By its Objection, the Debtors object to a number of claims, including ICCREA's, asserting that the claims should be reduced and allowed in amounts smaller than that which was asserted by the creditors. ICCREA disputes that its Claims do not reflect the fair, accurate and reasonable termination values of the Transactions, calculated in accordance with the Transaction Documents.

## ARGUMENT

4. Once filed, a proof of claim establishes *prima facie* evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f). Under Rule 3001(f), the allegations of a proof of claim are taken as true and the claim enjoys *prima facie* validity. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991); *Wilson v. Huffman (In re Missionary Baptist Found. of Am.)*, 818 F.2d 1135, 1143 (5th Cir. 1987). *See also Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 551-52 (5th Cir. 1985) ("a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim") (citing to FED. R. BANKR. P. 3001(f)); *Glinka v. Dartmouth Banking Co. (In re Kelton Motors, Inc.)*, 121 B.R. 166, 190 (Bankr. D. Vt. 1990) ("there is a presumption of the validity of the proof of claim" under Rule 3001(f)); *In re Windsor Commc'ns Group, Inc.*, 45 B.R. 770, 773 (Bankr. E.D. Pa. 1985) (holding that filing a proof of claim in accordance with the Bankruptcy Code and the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim).

5. Once a creditor files a *prima facie* valid proof of claim, the burden of proof shifts to the debtor "to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (citing *In re Holm*, 931 F.2d at 623). Specifically, the objecting party must come forward with substantial facts to

overcome the proof of claim's *prima facie* validity. *Webster v. Barbara (In re Otis & Edwards, P.C.)*, 115 B.R. 900, 914 (Bankr. E.D. Mich. 1990).

      6.      The Debtors do not contest that ICCREA's Proofs of Claim were filed in accordance with Rule 3001. Nor do the Debtors significantly challenge that ICCREA's Claims are fair, accurate and reasonable. The Debtors acknowledge in the Objection that ICCREA's Claim against each Debtor should be allowed in the amount of $11,360,461.07 (in respect of the Claim against LBHI) or $11,379,652.82 (in respect of the claim against LBSF). It is also undisputed that prior to the commencement of the bankruptcy petition by LBSF, ICCREA terminated the Transactions, calculated the settlement amount owed by both LBSF and LBHI arising from the Early Termination of the Transactions in accordance with the Transaction Documents in U.S. dollars, and transmitted to LBSF and LBHI the Notice of the Settlement Amount. (Of course, even by the Debtors' own assertions, because LBSF commenced bankruptcy two weeks after LBHI, LBHI, ICCREA is owed additional interest on its claim against LBSF). Other than cursory allegations, the Debtors have failed to provide any information regarding the basis on which it is seeking to reduce ICCREA's Claims, nor have they provided any evidence to support allowance of ICCREA's Claims in a reduced amount.

      7.      ICCREA requests that the amounts be allowed against LBHI and LBSF in the full amount asserted in its Proofs of Claim (namely, $11,744,450.25).

## CONCLUSION

8. Accordingly, and for the reasons set forth above, ICCREA requests the Court deny the Debtors' Objection to Claim 17171 and Claim 17172 and grant such other and further relief as is just and proper.

Dated: January 5, 2011　　　　　　　　**ORRICK, HERRINGTON & SUTCLIFFE LLP**
New York, New York

By: /s/ *Lorraine S. McGowen*
　　Lorraine S. McGowen, Esquire
　　51 West 52nd Street
　　New York, NY 10019-6142
　　Telephone: (212) 506-5000
　　Facsimile: (212) 506-5151

　　ATTORNEYS FOR CLAIMANT ICCREA
　　BANCA, S.p.A.