**HEARING DATE AND TIME: January 20, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: January 5, 2011 at 4:00 p.m. (Eastern Time)**

Jeff J. Friedman
Guy C. Dempsey, Jr.
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for Norddeutsche Landesbank Girozentrale*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS, INC., | : | (Jointly Administered) |
| et al., | | |
| | : | |
| Debtors. | | |

-----------------------------------------------------------x

### RESPONSE OF NORDDEUTSCHE LANDESBANK GIROZENTRALE TO DEBTORS' SEVENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Norddeutsche Landesbank Girozentrale ("NordLB"), through its undersigned counsel, hereby responds to the Debtors' Seventy-First Omnibus Objection to Claims (Valued Derivative Claims) (the "Objection") and respectfully states as follows:

### RESPONSE

1. On September 17, 2009, NordLB timely filed with Epiq Bankruptcy Solutions LLC, the Debtors' claims agent, (i) a proof of claim in the amount of $8,181,084.45 against Lehman Brothers Special Financing Inc. ("LBSF"), assigned claim number 15757, and (ii) a proof of claim in the amount of $8,181,084.45 against Lehman Brothers Holdings Inc. ("LBHI", with LBSF and LBHI collectively being referred to as the "Debtors"), assigned claim number 15758

1

84495858_2

(collectively, the "Claims"), pursuant to that certain Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated July 2, 2009 (the "Bar Date Order").  Both of the Claims were in connection with payments due NordLB under an ISDA Master Agreement between NordLB and LBSF.  On or before October 22, 2009, NordLB filed a Derivative Questionnaire and a Guaranty Questionnaire (collectively, the "Questionnaires") for each of the Claims as required pursuant to the Bar Order.

2.  The Debtors now propose, with no explanation, to reduce the Claims significantly.  Specifically, the Debtors propose that the claim against LBSF be reduced to $2,751,440.62 and that the claim against LBHI be reduced to $2,874,812.35.

A.  **There Is No Basis to Reduce the Claims**

3.  The Debtors fail to provide any detailed reasons for these reductions in the Objection.  The Debtors allege in the Objection that the Claims "should be reduced . . . because the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records."  See Objection at ¶ 13.  Instead of providing details of how their own value was determined, however, the Debtors merely go on to describe the generic elements of the "multi-step process" they use "to review claims filed against the Debtors and based on a Derivative Contract".  Id. at ¶ 14.  (This description is a standard provision that is found in other omnibus objections filed by the Debtors.)  This description is not a reasonable substitute for an explanation of the proposed partial denial of the Claims.  In the absence of any real information from the Debtors as to why they think the Claims here at issue are over-valued, it is impossible for NordLB to make sense of the proposed reductions or assess the validity of the Debtors'

position.

4. An executed proof of claim filed in accordance with the Bankruptcy Rules is <u>prima facie</u> evidence of the validity of the claim. Fed. R. Bankr. P. 3001(f). NordLB followed the requirements of the Bankruptcy Rules as well as the specific requirements of this Court in filing the Claims. In the Questionnaires, NordLB provided a detailed analysis to support the Claims and the values asserted therein. If the Debtors now, more than a year later, dispute NordLB's valuation of the Claims, NordLB is entitled to more than a mere conclusory objection with no support whatsoever before the Claims are reduced. NordLB is entitled to review the documents and information supporting the Debtors' analyses – if any analysis was actually performed – and to depose the individuals who developed these methodologies and arrived at the resulting conclusions.

5. The Objection states that the Debtors and NordLB "have reached an impasse" in negotiating the proposed Claim reduction. <u>See</u> Objection at ¶ 16. During the past year there indeed have been discussions between the Debtors and NordLB during which NordLB has provided the Debtors with detailed information and additional documents evidencing the Claims and describing the measures used to value the terminated derivative transactions. NordLB has never refused to discuss the Claims with the Debtors. Nevertheless, for reasons NordLB has been unable to determine, the Debtors have not communicated with NordLB about the Claims since October 19, 2010 other than by filing the Objection. .

**B.      If the Dispute Cannot be Resolved Through Negotiation, the Temporary Litigation Injunction Should be Lifted**

6. Pursuant to that certain Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors

3

(the "ADR Order"), upon the filing of the Objection, NordLB was enjoined from, among other things, engaging in any discovery seeking to establish or collect on the Claims (the "Temporary Litigation Injunction").

7. The ADR Order provides that the Temporary Litigation Injunction may be lifted only upon settlement reached through the alternative dispute resolution procedures set forth in the ADR Order, or upon mutual agreement or entry of a Court order, which either party may seek, on a Claims Litigation Schedule as that term is defined in the ADR Order. NordLB respectfully requests that this Court enter an order directing a Claims Litigation Schedule providing NordLB a period of not less than 120 days to conduct discovery into the bases of the Debtors' Objection to the Claims.

WHEREFORE, NordLB respectfully requests that the Court deny the Objection as it relates to the Claims and grant such other and further relief as is just and proper.

Dated: January 5, 2011

            KATTEN MUCHIN ROSENMAN LLP

            By:  /s/ Jeff J. Friedman
                 Jeff J. Friedman
                 Guy C. Dempsey, Jr.
            575 Madison Avenue
            New York, New York 10022
            Telephone: (212) 940-8800
            Facsimile: (212) 940-8776

            *Attorneys for Norddeutsche Landesbank Girozentrale*

84495858_2