ROBBINS GELLER RUDMAN & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  1177
Telephone:  631/367-7100
631/367-1173 (fax)

Attorneys for Intervening Class Members

[Additional counsel appear on signature page.]

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>       Debtor. | Case No. 08-13555-JMP<br><br>Chapter 11 |
| LEHMAN BROTHERS SPECIAL FINANCING INC.,<br><br>       Plaintiff,<br><br>vs.<br><br>BNY CORPORATE TRUSTEE SERVICES LIMITED,<br><br>       Defendant. | Adversary Proceeding<br>No. 09-01242-JMP<br><br>DATE:  January 13, 2011<br>TIME:  10:00 a.m.<br>COURTROOM: |

LIMITED OBJECTION OF THE MINIBOND NOTEHOLDERS TO DEBTORS' MOTION PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES

592204_1

TO: THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

KA KIN WONG, SIU LUI CHING, TIM CHOY FUNG, LIN TEI TSE, SAU KING TSE, LAI KUEN CHAN, FUK SHING WONG, SIU KWAN WONG, YEE MING SHEN, and YUEN FUN TANG, derivatively on behalf of a trust administered by HSBC Bank USA, N.A. and on behalf of themselves as well as all others similarly situated (hereinafter referred to collectively as the "Minibond Noteholders" or "Plaintiffs"), by and through their undersigned counsel, hereby file their Limited Objection to Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 For Authorization To Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Transactions with Special Purpose Vehicle Counterparties, and respectfully state in support thereof as follows:

1. On November 24, 2010, the Debtors filed their Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 For Authorization to Implement Alternative Dispute Resolution Procedures For Affirmative Claims of Debtors Under Derivative Transactions with Special Purpose Vehicle Counterparties [Dkt. No. 13009] (hereinafter the "Motion").

2. In the Motion, the Debtors make the factual assertion, with no support whatsoever, that they are "in the money" under several derivatives transactions with unidentified single purpose vehicles (hereinafter "Unidentified SPVs").

3. The Minibond Noteholders object to the Motion to the extent that it purports to affect, in any way, the Minibond Noteholders' claims or any of the entities involved in the Minibonds program, with respect to any of their roles in the Minibonds program, including (a) the Debtors; (b) Pacific International Finance Limited (the "Minibonds Issuer"); (c) the issuers of the notes that the Minibonds Issuer purchased with the Minibond Noteholders' capital (including, Dante Finance Public Limited Company, Saphir Finance Public Limited Company, Zircon Finance Limited, Beryl

592204_1

Finance Limited) (collectively, the "Minibond Collateral Issuers"); (d) HSBC Bank USA, National Association (or any of its affiliates); and (e) BNY Corporate Trustee Services Limited (or any of its affiliates).

4. Although Debtors identify no "SPVs" by name in their Motion, the Motion appears to be an effort to renege on an agreement between Debtors and Plaintiffs that excludes the Minibonds program from ADR procedures. This stipulation, which was approved by the Court on September 29, 2009, states:

> The terms of the Assumption and Assignment Procedures of the Derivatives Procedures Order shall not be applicable to any Derivatives Contracts related to the series transactions identified on Exhibit 1 attached hereto and described in the Wong Objection.

*See* Ex. A at ¶2.

5. The stipulation further states that it "may be amended, superseded, terminated or otherwise modified *only* by a signed writing executed by the Parties." *See* Ex. A at ¶6. Plaintiffs have not signed any such writing and have never agreed to alter this existing stipulation in any way.

6. On January 5, 2011, Debtors' counsel explained to Plaintiffs' counsel that their position is that the Motion would enable Debors to require the Minibonds Issuer and the Minibonds Collateral Issuers to participate in the ADR process without the Minibond Noteholders' involvement.

7. Debtors' attempt to institute a new ADR process impacting Plaintiffs' rights and claims cannot be squared with their prior agreement to exclude the transactions underlying the Minibonds from the ADR process. Nor can it be squared with Judge Pauley's August 10, 2010 rulings.

8. Specifically, on August 10, 2010, the District Court found that Plaintiffs must be permitted to amend their existing complaint to bring their claims derivatively on behalf of the trust administered by HSBC Bank USA, National Association ("HBUS") with respect to the property it

592204_1

holds for Plaintiffs' benefit in trust (the "<u>HBUS Trust</u>").  That property is the notes issued by the Minibonds Collateral Issuers.  The District Court found: "Through the prism of [the applicable] English law principles, this Court concludes the Bankruptcy Court erred in finding Plaintiffs cannot allege special circumstances."  *See* Ex. B. at *18.

9.      Consistent with the District Court's orders, Plaintiffs filed the Amended Class Action and Verified Derivative Complaint styled *Ka Kin Wong, et al. v. HSBC Bank USA, N.A.*, Case No. 09-01120-JMP (hereinafter the "Amended Complaint").  The Amended Complaint sets forth in detail the conflicts that allow the Minibonds Noteholders to litigate their claims derivatively.[1]

10.     As the owners and holders of the Minibonds as well as the beneficiaries of the HBUS Trust, the Minibond Noteholders are the actual economic stakeholders of the Minibond program, including the notes issued by the Minibonds Collateral Issuers.  HBUS holds these notes to collateralize the Minbonds and this property should have been distributed or paid to the Minibond Noteholders over two years ago for the reasons stated in the Amended Complaint.

11.     If the Motion is granted, the Debtors would be permitted to exclude economic stakeholders and indispensable parties in the Minibonds program from the ADR process, to invoke an ADR process with shell entity SPVs, and to obtain significant relief against the shell entity SPV by default and to the detriment of the economic stakeholders and indispensable parties.  Such a possibility should not be condoned.  The Debtors should not be permitted to bypass the real economic stakeholders in the Minibonds program, who provided the funds to finance all of the "SPVs" and purported "contracts", so that Debtors can negotiate a resolution of the Debtors' claims

---

[1]     In addition, as alleged in the Amended Complaint, the Minibonds Noteholders have standing to recover their investment as against Debtors' or any other parties' claims ***directly*** by way of their constructive trust claims.

with entities (such as certain of the Unidentified SPVs) that Debtors created and – in the case of the Minibonds program – *controlled* and entities with conflicting or no economic interest in the outcome of the "negotiations." In essence, Debtors would like to negotiate with themselves without facing the claims set forth in the Amended Complaint.

12. After litigating the adversary proceeding concerning the Minibonds for nearly two years, and *agreeing* to exclude all transactions underlying the Minibonds program from the ADR procedures, now the Debtors claim that they have encountered unanticipated "participation problems" in negotiating resolutions with Unidentified SPVs. For example, Debtors claim they have "come to the negotiating table only to find that there is no one with whom to negotiate." This assertion clearly cannot apply to the transactions underlying the Minibonds program. All of the parties necessary to resolve the Minibonds dispute are joined in the Amended Complaint.

13. The Minibond Noteholders respectfully submit that all claims pertaining to the Minibond program, including the Adversary Proceeding, should be exempt from the SPV Procedures because the Debtors' structured the program to be exempt from an ADR process under the auspices of the Bankruptcy Court and the SPV Procedures do not contain any meaningful procedural or substantive safeguards for the Minibond Noteholders.

**WHEREFORE**, the Minibond Noteholders respectfully request this Honorable Court to exclude all claims pertaining to the Minibond program, including the transactions described in the Amended Complaint, from the SPV Procedures and for such other and further relief as the Court may deem just and proper.

592204_1

DATED: August 25, 2010  ROBBINS GELLER RUDMAN
  & DOWD LLP
LUKE O. BROOKS
JASON C. DAVIS

s/ JASON C. DAVIS
JASON C. DAVIS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
lukeb@rgrdlaw.com
jdavis@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
CHRISTINA A. ROYCE
DARRYL J. ALVARADO
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
croyce@rgrdlaw.com
dalvarado@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

592204_1

GENOVESE JOBLOVE & BATTISTA, P.A.
JOHN H. GENOVESE
PAUL J. BATTISTA
DAVID C. CIMO
ROBERT F. ELGIDELY
Bank of America Tower, 44th Floor
100 Southeast Second Street
Miami, FL  33131
Telephone:  305/349-2300
305/349-2310 (fax)

Attorneys for Plaintiffs

592204_1