UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13555<br><br>(Jointly Administered) |
| In re:<br><br>LEHMAN BROTHERS INC.,<br><br>　　　　　　　　　　　　Debtor. | Case No. 08-01420 (JMP) SIPA |

### STIPULATION AND ORDER BETWEEN THE TRUSTEE AND BARCLAYS CONCERNING CERTAIN CLAIMS UNDER PARAGRAPH 8(ii) OF THE CLARIFICATION LETTER MADE IN THE MOTION AND ADVERSARY COMPLAINT FILED BY THE TRUSTEE AND THE MOTION TO ENFORCE THE SALE ORDER FILED BY BARCLAYS

WHEREAS, the following motions have been filed with the Court by Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor"); James W. Giddens (the "Trustee"), as Trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI"); and the Official Committee of Unsecured Creditors (the "Committee" and, collectively with LBHI and the Trustee, "Movants") seeking, *inter alia*, modifications of (i) the Court's Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 20, 2008, or (ii) the Court's Order Approving, and Incorporating by Reference for Purposes of this Proceeding, an Order Authorizing the Sale of Purchased Assets and Other Relief in the Lehman Brothers Holdings Inc. Chapter 11 Proceeding; or both such Orders (individually or collectively, the "Sale Order"):

(1) Debtor's Motion for An Order, Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. 9024, Modifying the September 20, 2008 Sale Order and Granting Other Relief, dated September 15, 2009 ("LBHI's Motion");

(2) The Trustee's Motion for Relief Pursuant to the Sale Order or, Alternatively, for Certain Limited Relief Under Rule 60(b), dated September 15, 2009 ("Trustee's Motion"); and

(3) Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., Pursuant to 11 U.S.C. §§ 105(a), Fed. R. Civ. P. 60(b), and Fed. R. Bankr. P. 9024, For Relief From Order Under 11 U.S.C. §§ 105(a), 363 and 365 and Federal Rule of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 20, 2008 (and Related SIPA Sale Order) and Joinder In Debtor's and SIPA Trustee's Motions for an Order Under Rule 60(b) to Modify Sale Order ("Committee's Motion");

(4) Motion of Lehman Brothers Holdings Inc., Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Modifying The SIPA Sale Order and Joinder in Official Committee of Unsecured Creditors' Motion for Relief From SIPA Sale Order ("LBHI's Joinder"); and

(5) The Trustee's Motion to Join in Debtors' Motion for an Order Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. 9024, Modifying the September 20, 2009 Sale Order and Granting Other Relief ("The Trustee's Joinder," and collectively with the above-referenced motions, the "Rule 60 Motions").

WHEREAS, pursuant to Paragraph 1 of the Scheduling Order concerning Certain Motions Filed by LBHI, the Trustee, and the Committee "so ordered" by the Court on October 27, 2009, the following adversary complaints have also been filed with the Court:

(A) Lehman Brothers Holdings Inc., v. Barclays Capital, Inc., Adv. Proc. No. 09-01731 (JMP) ("LBHI's Adversary Complaint");

(B) James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc., v. Barclays Capital Inc., Adv. Proc. No. 09-01732 (JMP) ("Trustee's Adversary Complaint"); and

(C) The Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. v. Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC, and Barclays Capital Inc., Adv. Proc. No. 09-01733 (JMP) ("Committee's Adversary Complaint" and collectively with the above-referenced adversary complaints, the "Rule 60 Movants' Adversary Complaints").

WHEREAS, Barclays Capital Inc. ("Barclays") also filed a Motion to Enforce the Sale Order and Secure Delivery of All Undelivered Assets, dated January 29, 2010 (LBHI Docket No. 6815, LBI Docket No. 2582);

WHEREAS, counsel for Barclays, LBHI, the Trustee, and the Committee have agreed that certain claims made in the Rule 60 Movants' Adversary Complaints shall necessarily be resolved through the resolution of the Rule 60 Motions, while certain other claims made in the Rule 60 Movants' Adversary Complaints may not be resolved through the resolution of the Rule 60 Motions, but may instead require further adjudication;

WHEREAS, Barclays asserts that the Trustee was authorized to transfer, and did in fact agree to transfer, $769 million in securities from LBI's Customer Reserve Accounts held pursuant to SEC Rule 15c3-3, and that such transfer was authorized and agreed to irrespective of whether there were assets held in "excess" of the Rule 15c3-3 reserve requirement as of September 19, 2008 or any other date;

WHEREAS, Barclays also asserts that Paragraph 8(ii) of the Clarification Letter provides that even if there were an obstacle to the transfer of the $769 million in securities from LBI's Customer Reserve Accounts, the Trustee agreed to transfer "securities of substantially the same nature and value" to Barclays;

WHEREAS, the Trustee disputes these interpretations of the Clarification Letter, and asserts that the transfer of the $769 million in securities referenced in Paragraph 8(ii) of the Clarification Letter is conditioned on, among other things, there being a sufficient excess in LBI's Customer Reserve Accounts as of September 19, 2008, and the Trustee asserts that there is no such excess;

3

WHEREAS, Barclays asserts that it does not have sufficient access to all the books and records needed to conduct a Rule 15c3-3 reserve calculation for LBI at any date;

WHEREAS, Barclays, in Request #5 of its Third Request for Production of Documents to the Trustee, served on November 12, 2009, requested that the Trustee produce "[a]ny analyses, reconciliations or communications concerning the amounts held or required to be held, including but not limited to any excess amounts, in LBI's Reserve Account";

WHEREAS the Trustee objected to this Request on December 2, 2009, on grounds including work product privilege;

WHEREAS, on September 21, 2010, Barclays filed a motion to compel the Trustee to produce work product relating to LBI's Rule 15c3-3 reserve calculation from the Trustee's financial advisors at Deloitte & Touche (LBHI Docket No. 11515);

WHEREAS, the parties wish to avoid a dispute regarding Barclays' motion to compel and to avoid committing resources, including judicial resources, to issues that may not be necessary to resolve;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. Barclays shall withdraw its motion to compel, filed on September 21, 2010, without prejudice to its ability to re-file such motion in the future.

2. Presentation of evidence relating solely to whether there was an excess in LBI's Customer Reserve Accounts on any date shall be deferred until such time as the Court determines whether Barclays' entitlement under Paragraph 8(ii) of the Clarification Letter is dependent on whether there was an excess in LBI's Customer Reserve Accounts as of any date. In the interim, the Trustee and Barclays agree that no party shall (i) present to the Court any additional evidence or testimony, either lay or expert, solely for the purpose of establishing or disproving the existence or non-existence of an excess in LBI's Customer Reserve Accounts on any date, including testimony from Daniel McIsaac or Peter Vinella, or (ii) ask the Court to enter any fact findings, and there shall be no fact findings, as to (a) the existence or non-existence of an "excess" in LBI's Customer Reserve Accounts as of any particular date, or (b) the ability of the Trustee to satisfy customer claims out of the property currently held by the Estate or the property that would be held if Barclays' demands for undelivered assets were satisfied. The Trustee and Barclays agree that in the event either of the other Rule 60 Movants seeks to present evidence or testimony or asks the Court to enter any fact findings contrary to the foregoing agreement between the Trustee and Barclays, Barclays reserves all its rights, including the right to declare this stipulation void and seek any and all appropriate relief.

3. In the event that the Court determines that Barclays' entitlement under Paragraph 8(ii) of the Clarification Letter is dependent on whether there was an excess in LBI's Customer Reserve Accounts as of any date, Barclays and the Trustee shall meet and confer in an

effort to agree upon a process for resolving that factual issue. That process may involve further party and non-party discovery, or further court proceedings.

4. After the completion of the evidentiary hearings, closing arguments, and filing of final briefs in the Rule 60 proceedings has been completed (currently scheduled to be completed on November 21, 2010), Barclays may (but shall not be required to) seek additional discovery from the Trustee or third parties in an effort to obtain sufficient data to conduct its own calculation of LBI's Rule 15c3-3 reserve requirement. Should Barclays choose not to take such discovery, that shall not prejudice Barclays' entitlement to seek additional discovery when and if the Court finds that Barclays' entitlement to the $769 million in securities referenced in Paragraph 8(ii) of the Clarification Letter depends upon the existence of an excess in LBI's Customer Reserve Accounts.

5. The agreements embodied in this stipulation shall govern to the extent they are in conflict with the agreements embodied in the Stipulations and Proposed Orders between the Debtors, the Trustee, the Committee, and Barclays Capital Inc. Concerning Certain Claims Made in Adversary Complaints Filed by LBHI, SIPA Trustee and Creditors Committee, each of which were so ordered on January 13, 2010.

6. This stipulation is not intended to impact the finality of any judgment by the Court or impact any party's right to seek an appeal of any such judgment.

Dated: October 4, 2010
New York, New York

| | |
|---|---|
| By:   /s/ Jonathan D. Schiller<br>    Jonathan D. Schiller<br>    Hamish P.M. Hume<br>    Jack G. Stern<br><br>    BOIES, SCHILLER & FLEXNER LLP<br>    575 Lexington Avenue<br>    New York, NY 10022<br>    (212) 446-2300<br><br>Attorneys for Barclays Capital Inc. | By:   /s/ Neil J. Oxford<br>    William R. Maguire<br>    Neil J. Oxford<br><br>    HUGHES HUBBARD & REED LLP<br>    One Battery Park Plaza<br>    New York, New York 10004<br>    (212) 837-6000<br><br>Attorneys for James W. Giddens,<br>Trustee for the SIPA Liquidation of<br>Lehman Brothers Inc. |

**SO ORDERED**:

Dated: New York, New York
       January 6, 2011

                              *s/ James M. Peck*
                              UNITED STATES BANKRUPTCY JUDGE