# Exhibit 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| In re | SIPA Proceeding Case No. |
| LEHMAN BROTHERS, INC., | 08-01420 (JMP) |
| Debtor. | |

## STIPULATIONS OF FACT

Barclays Capital, Inc. ("Barclays"), Lehman Brothers Holdings, Inc. ("LBHI"), the Trustee in the Securities Investor Protection Act proceedings (the "Trustee"), and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. (the "Creditors' Committee" or the "Committee") (collectively with LBHI and the Trustee, "Movants"), hereby stipulate that for the purposes of this matter only, the following statements may be taken as true, subject, however, to the right of any party to object to the admissibility, relevancy or materiality of any of the statements or any document or testimony referenced in any of the statements:

1.    Mr. Azerad testified that as Global Head of Asset and Liability Management for Lehman, he had a large number of people reporting to him from three groups, only one of which was liquidity management.

2.    At the time of the Sale Transaction, Azerad reported to Paolo Tonucci.

3.    Azerad was employed by Lehman from January 2000 through September 2008.

4.    Steven Berkenfeld ("Berkenfeld") worked at Lehman from January 1987 to September 2008.

5.    In September 2008, Berkenfeld was Managing Director and Chief Investment Officer of Lehman's Private Equity Division, and Head of the Legal, Compliance and Audit Division.

6.    Mr. Berkenfeld testified that he also was Chairman of the "Transaction Approval Committees."

7.    Mr. Berkenfeld "was not ... in the meetings that took place between [Shapiro], Mark Shafir, Archie and Michael Klein."

8.    Berkenfeld testified that he was not involved in negotiating the "business deal" embodied in the Sale Transaction.

9.    Berkenfeld testified that when he joined an existing drafting session between Lehman's and Barclays' attorneys on Tuesday, he was "playing catch-up in trying to understand what the business terms were."

10.    Berkenfeld signed the Asset Purchase Agreement, dated September 16, 2008, for LBHI and LBI.

11.    Mr. Berkenfeld initialed Exhibit A. 31.

12.    Mr. Berkenfeld's title at Barclays is Managing Director and his area of responsibility is "in the Investment Banking Division."

13.    Alastair Blackwell ("Blackwell") worked for Lehman from November 27, 2000 to September 22, 2008.

14.    Blackwell's last position at Lehman was Global Head of Operations for both Capital Markets and Investment Management.

15.    At the time of the Sale Transaction, Blackwell reported to Ian Lowitt.

16.    Mr. Blackwell testified that his title at Barclays is Managing Director and that he is "responsible for" the Americas Operations Department for Capital Markets.

17.    At the time of the Sale Transaction, Gerald Donini ("Donini") was Head of Equities at Lehman.

18.    After the Sale Transaction, Donini became Managing Director and Head of Equities at Barclays.

19.    Mr. Donini's employment agreement clearly was signed and "accepted" by Mr. Donini on September 25, 2008.

20.    At the time of the Sale Transaction, Eric Felder ("Felder") was Co-Head of Fixed Income at Lehman.

21.    Mr. Felder was appointed to Co-Head of Fixed Income of Lehman on September 8, 2008.

22.    Mr. Felder testified that prior to becoming Co-Head of Fixed Income at Lehman, he was Global Head of "global credit products."

23.    On the morning of September 16, 2008, Mr. Felder met with Robert Diamond and Jerry del Missier, both of Barclays, to discuss Felder's future role and compensation at Barclays.

24.    On September 21, 2008, Mr. Felder signed an employment agreement with Barclays.

25.    Mr. Felder is a Managing Director and Head of Global Credit Trading at Barclays.

26.    Prior to the closing of the Sale Transaction, Michael Gelband ("Gelband") was Head of Capital Markets at Lehman.

27.    After the Sale Transaction, Mr. Gelband joined Barclays. He then left Barclays in October 2008.

28.    Mr. Kelly testified that he was employed by Lehman from "approximately" August 2000 through May 2005 and from January 2006 through September 2008.

29.    At the time of the Sale Transaction, Kelly's position at Lehman was Global Financial Controller.

30.    At the time of the Sale Transaction, Kelly reported to Ian Lowitt.

31.    Mr. Kelly testified that he had a role in assembling information used for the negotiations.

32.    Mr. Kelly testified that he participated in a meeting in the early morning of September 16, 2008 to the extent of "assembling information that had been used as part of the negotiations."

33.    Mr. Kelly testified that he was assembling information around asset classes and values of those assets that had been "discussed between" Barclays and Lehman through Tuesday morning, September 16.

34.    Mr. Kelly testified that he became a Managing Director and Chief Financial Officer of Barclays, Americas.

35.    Alex Kirk ("Kirk") was Global Head of Principal Businesses at Lehman from July 2008 until September 2008.

36.    Mr. Kirk testified that he began to participate in discussions related to the Sale Transaction late on September 18 or early on September 19.

37.    Mr. McDade testified that Mr. Kirk was one of two executives who supervised a search for additional value starting on the 19th, and that Mr. Kirk was "directing traffic" in trying to ascertain the value of assets.

38.    Kirk worked for Barclays from after the closing in September 2008 until November 2008.

39.    In addition to being the Chief Financial Officer at LBHI at the time of the Sale Transaction, Mr. Lowitt was the Chief Financial Officer, Controller, and Executive Vice President of LBHI.

40.    Mr. Lowitt testified that he "didn't have a role in negotiating the transaction" but that he "played a role in providing information to those folks who were doing the negotiation."

41.    Mr. Lowitt testified that he was not kept informed of the "state of the negotiations" "in any formal way."

42.    Mr. Lowitt testified that he and Ricci discussed 2008 compensation and a retention payment.

43.    On September 18, 2008, Lowitt signed an employment agreement with Barclays.

44.    Mr. Lowitt joined Barclays in 2008 as Managing Director, Infrastructure Management.

45.    In April 2009, Lowitt was made Chief Operating Officer of Barclays Wealth, Americas.

46.    Mr. McDade was President and Chief Operating Officer of both LBI and LBHI at the time of the Sale Transaction.

47.    McDade was one of Lehman's primary negotiators in connection with the Sale Transaction.

48.    Mr. McDade testified that he worked at Barclays from "the end of" the week of September 22, 2008 through December 31, 2008.

49.    During the time period in which McDade was employed by Barclays, he received from Barclays compensation in an amount equal to his base "Lehman salary."

50.    McDade received no payment from Barclays other than his salary.

51.    From 2002 until September 2008, Hugh (Skip) McGee ("McGee") was Global Head of Investment Banking at Lehman.

52.    McGee participated in the negotiations regarding the Sale Transaction.

53.    Mr. McGee testified that he "was focused on trying to facilitate the transaction with the particular focus on trying to make sure that [Lehman] delivered the human capital side of the equation to that franchise that [Lehman] preserved it, able to then deliver it as part of the [transaction]."

54.    Mr. McGee testified that he was "focused on preserving the franchise. That involved keeping the people and making sure they were treated fairly. So the place where I was most directly involved was the provisions of the agreement dealing with comp and severance."

55.     On or about October 7, 2008, McGee signed an employment agreement with Barclays.

56.     Mr. McGee's 2008 title at Barclays was Managing Director, Head of Investment Banking.

57.     At the time of the Sale Transaction, Mr. Reilly was the Capital Markets and Investment Banking Chief Financial Officer of Lehman.

58.     Mr. Reilly reported to Lowitt.

59.     Mr. Reilly died in December 2008.

60.     At the time of the Sale Transaction, Mr. Shafir was Managing Director, Global Co-Head of Mergers and Acquisitions at Lehman.

61.     On September 17, 2008, Mr. Shafir left Lehman to join Citigroup.

62.     Mr. Shapiro was a Managing Director in addition to being the Head of Restructuring within Lehman's Investment Banking Division.

63.     At the time of the Sale Transaction, Mr. Shapiro reported to Mark Shafir and Paul Parker (Co-Heads of Mergers & Acquisitions).

64.     On the evening before Lehman filed for bankruptcy, September 14, 2008, Mr. Shapiro suggested to Mr. McDade that Lehman could sell itself to Barclays in a Section 363 sale under the Bankruptcy Code, and Shapiro was present in McDade's office when McDade called Robert Diamond at Barclays to discuss such a sale.

65.     Mr. Shapiro testified, that he, along with Mr. Shafir, Mr. McGee, and attorneys from Weil Gotshal were "in the trenches dealing with some specific issues as we negotiated this deal."

66.     Mr. Shapiro testified that "our lead negotiator, the lead overall negotiator was Bart McDade.

67.     Mr. Shapiro testified that during the negotiations of the Sale Transaction he looked at "key provisions" of the Asset Purchase Agreement and "made sure that what was in the contract was what had been agreed to."

68.     During the negotiations of the Sale Transaction, Mr. Shapiro focused on the section of the Asset Purchase Agreement describing "Purchased Assets."

69.     Shapiro testified that lawyers from Weil Gotshal and Cleary Gottlieb were "drafting, having things typed, and then reviewing them basically side-by-side together, and I at one point sat down next to them and started reading the provisions with them to make sure that I understood it, that I could report back to make sure that it was accurately reflecting what I was being told the basic business deal was."

70.     Mr. Shapiro testified that he stayed through the entire Sale Hearing, which began on Friday, September 19, 2008 and lasted until "about 1:00 am" on Saturday, September 20, 2008.

71.     Mr. Shapiro signed an employment agreement with Barclays on October 14, 2008.

72.     Mr. Shapiro is a Managing Director at Barclays in addition to being the Head of Restructuring and Finance.

73.     At the time of the Sale Transaction, Mr. Tonucci was the Global Treasurer at Lehman.

74.     At the time of the Sale Transaction, Mr. Tonucci reported to Mr.Lowitt.

75.    Mr. Tonucci was involved in due diligence discussions with Bank of America and Barclays on Friday, September 12, 2008.

76.    Mr. Tonucci testified that he was not involved in the negotiation of the Sale Transaction.

77.    Mr. Tonucci testified that he knew on September 19, 2008 that he would receive an offer of employment from Barclays.

78.    Mr. Tonucci testified that he "believe[s] that the offers went out over the weekend [of September 20-21, 2008]."

79.    On or about September 26, 2008, Mr. Tonucci signed an employment agreement with Barclays.

80.    After the Sale Transaction, Mr. Tonucci first joined Barclays with the title of U.S. Treasurer.

81.    In February 2009, Mr. Tonucci assumed the position of Head of Group Balance Sheet at Barclays.

82.    Mr. Shapiro testified that Archibald Cox "was, of anybody at Barclays, he was the face of Barclays that we saw the most of. He appeared to be the person who was, at least on its face, making the decisions. He might have been consulting with others, including Bob Diamond, for all I know, or Rich Ricci or other people."

83.    Mr. Diamond is President of Barclays PLC and CEO of Corporate and Investment Banking and Wealth Management. Mr. Diamond is also an Executive Director of the Boards of Barclays PLC and Barclays Bank PLC.

84.    Richard Ricci ("Ricci") was one of the primary negotiators of the Sale Transaction for Barclays.

85.     Mr. Ricci was formerly Barclays' Chief Operating Officer of the Investment Banking and Investment Management Division.

86.     Mr. Ricci is currently Co-Chief Executive of Corporate and Investment Banking.

87.     Mr. Ricci is also a member of the Barclays Group Executive Committee and the individual Executive Committees of Barclays Capital and Barclays Wealth.

88.     Michael Klein ("Klein") was one of the primary negotiators of the Sale Transaction for Barclays.

89.     Mr. Diamond testified that "Rich [Ricci] ran the deal. I didn't run it," and that he "asked Rich [Ricci] to take full responsibility for negotiating the agreement within the authority that we were given from the board." Mr. Diamond further testified that his involvement during the week of the transaction involved "very many discussions with the Barclays group, our CEO, the executive committee and the board to keep them abreast. And there were many internal meetings to review the results of different valuations."

90.     Gerard LaRocca is a Managing Director and Chief Administrative Officer, Americas, at Barclays. He is also the Chief Executive Officer of Barclays U.S. broker-dealer and the New York Branch Manager for Barclays Bank PLC; he also sits on the Board of its Mexican affiliate and is an officer of several of its companies.

91.     In addition to being the Chief Executive Officer of Barclays U. S. broker-dealer and the New York Branch Manager for Barclays Bank PLC, Mr. Larocca also sits on the Board of Barclays Bank PLC's Mexican affiliate and is an officer of several of its companies, as well as being a Managing Director and Chief Administrative Officer, Americas, at Barclays.

92.    Mr. LaRocca reports to Ricci.

93.    Mr. LaRocca signed the Asset Purchase Agreement for Barclays.

94.    Mr. LaRocca signed the Transfer and Assumption Agreement for Barclays.

95.    Mr. LaRocca signed the Clarification Letter for Barclays.

96.    Chris Lucas is the Group Finance Director of Barclays.

97.    Gary Romain is the Head of Technical Accounting and Private Equity Finance for Barclays Capital.

98.    John Varley is Group Chief Executive of Barclays.

99.    Mr. Varley testified that he "had the responsibility for taking the strategy of the acquisition of the Lehman North American business to the [Barclays] board, receiving their authority to implement, and I then delegated, subject to the strategic framework that we had set for the transaction."

100.    At the time of the Sale Transaction, Diamond reported to Varley.

101.    Michael Klein was an outside consultant to Barclays at the time of the Sale Transaction.

102.    Klein participated in the negotiations of the Sale Transaction on behalf of Barclays.

103.    Mr. Klein testified that he "was involved in the discussions on the elements of the building and elements of the cash paid for the rights to operate the business." He further testified that, although he was not involved in "pricing of specific assets," he was brought into "the concept of how the transaction changed in the later part

of the week and, in addition to those changes, the then resulting shifts of assets and the, what I'll call the weekend of the JPMorgan-related issues. . . ."

104.    Mr. Klein testified in response to a question regarding whether Mr. Klein was responsible for "the document itself," that he "didn't view the [APA] as being my document or in my, if you will, portfolio."

105.    In the weekend leading up to LBHI's bankruptcy filing, Barclays and Lehman discussed a possible acquisition.

106.    Discussions between Barclays and Lehman prior to LBHI's bankruptcy filing did not yield an agreement.

107.    Mr. McDade testified that on the evening of September 14, 2008, Mr. McDade "made a call to Bob Diamond to express interest in continuing a dialogue, despite the bankruptcy."

108.    Mr. McDade testified that discussions between representatives from Barclays and Lehman did not actually begin until 7:00 am on Monday, September 15, 2008.

109.    Negotiations between Barclays and Lehman concerning Barclays purchasing Lehman's North American broker-dealer business took place throughout the day of September 15, 2008 and into the early morning hours of September 16, 2008.

. 110.    Mr. Berkenfeld testified that he signed the APA "on or around the Tuesday," September 16, 2008.

111.    Mr. McDade testified that Mr. Gelband, Mr. Felder and Mr. Donini were involved in "discussions" relating to "asset values."

112.    Mr. Varley testified that the deal needed to have a "delta between asset valuation and liability valuation."

113.    Varley prepared a set of talking points for a September 17, 2008 analyst call in which he noted the "capital accretive" nature of the Sale Transaction as well as the "negative goodwill."

114.    In Varley's talking points for the September 17, 2008 analyst call, he noted:

- The transaction is capital ratio accretive without additional equity issuance.
- The source of that accretion is the negative goodwill from the transaction, which amounts to some US $2 billion, post tax.

* * *

- The transaction meets our financial tests with significant margin for error.
- We expect it to be immediately economic profit positive.

115.    Mr. Varley testified: "If on the other hand you acquire assets of 10 for a valuation of five, then there would be negative goodwill of five because of the discount at which you are buying the assets. So negative goodwill is a term of science describing in a scientific way what most people would refer to as a discount."

116.    The acquisition balance sheet sent to Barclays' auditors showed a gain on the transaction of approximately $4.7 billion pre-tax.

117.    Diamond testified:

The regulators that we are responsible to, the Financial Services Authority in the UK, holds us to specific capital standards, so for example, core equity, tier 1 equity, and it was becoming increasingly clear during this time that they were focusing more on core equity than tier 1 equity, and they were thinking the banks would potentially have to hold higher core equity. So when I say capital accretive, accretive to the capital ratios, which means that

the asset liability mismatch had to have a mismatch in favor of a positive capital accretion or we weren't authorized to do a deal.

118.    In February of 2009, Barclays announced: The excess of the fair value of net assets acquired [from Lehman] over consideration paid [to Lehman] resulted in £2,262 m[illion] of gains on acquisition.

119.    McDade testified at the Sale Hearing on September 19, 2008.

120.    Mr. Berkenfeld testified that, to his knowledge, none of the lawyers involved in the drafting were aware of any loss on assets.

121.    At approximately 6:00 a.m. on September 16, 2008, a proposed agreement between Lehman and Barclays was presented for approval at a meeting of the combined boards of directors of LBHI and LBI (the "Lehman Boards").

122.    Exhibit A. 39 is the minutes of the meeting of the Lehman Boards held on September 16, 2008.

123.    At their September 16, 2008 meeting, the Lehman Boards approved the deal between Lehman and Barclays as described to them and authorized the preparation of the documents necessary to effect the Sale Transaction.

124.    Kelly worked on the preparation of the 9/16/08 Financial Schedule.

125.    Kelly and Tonucci provided the 9/16/08 Financial Schedule to Berkenfeld.

126.    Berkenfeld initialed the 9/16/08 Financial Schedule.

127.    In connection with the Sale Transaction, McDade testified that he never saw any calculations concerning compensation from Barclays' "model."

128.    As of July 14, 2009, Barclays had paid approximately $238 million in contract cure liabilities.

129.   The Clarification Letter was not finalized before the Sale Hearing concluded.

130.   While the Asset Purchase Agreement was being negotiated, signed and first presented to the Court for approval, the New York Fed provided temporary financial support to LBI.

131.   As part of the Fed Repo, LBI had to post collateral to the New York Fed.

132.   As in repo transactions generally, New York Fed required LBI to post as collateral securities valued in excess of the principal amount of the cash the New York Fed advanced.

133.   The amount by which the value of securities transferred under a repurchase agreement exceeds the amount paid for those securities is often referred to as a "haircut."

134.   When the New York Fed learned that Barclays was to buy Lehman's broker-dealer operations, the New York Fed insisted that it be relieved of its short-term financing role for LBI and that Barclays instead provide such financing to LBI.

135.   Relieving the New York Fed of the short-term financing role it had been providing for LBI was accomplished through a Repurchase Agreement, dated September 17, 2008, between Lehman and Barclays (the "Repurchase Agreement").

136.   On September 18, 2008, pursuant to the Repurchase Agreement, Barclays forwarded to LBI approximately $45 billion in cash.

137.   Mr. Lowitt testified that he was asked by both Mr. McDade and Mr. Ricci to identify different sources of value.

138.    In connection with the Sale Transaction, the assets that Lowitt was instructed to identify beginning on September 19, 2008 were assets in addition to those included in the Repurchase Agreement.

139.    In connection with the Sale Transaction, the term "unencumbered assets" was sometimes used to designate assets identified as available to be transferred to Barclays as Purchased Assets.

140.    On Friday September 19, Lehman executives reported to Barclays that they had identified additional value in: (1) unencumbered collateral located in LBI's "clearance boxes" that was marked by Lehman at approximately $1.9 billion and (2) an excess amount of value held in LBI's customer reserve account, which was estimated by Lehman to be over $1 billion.

141.    Mr. Lowitt and his team identified "unencumbered assets" marked by Lehman as being worth approximately $1.9 billion.

142.    Some listings of the unencumbered "clearance box" assets identified over the weekend of September 19, 2008 through September 21, 2008 showed Lehman marks as high as $2.3 billion.

143.    The Clarification Letter, dated as of September 20, 2008, was finalized and executed on September 22, 2008.

144.    The Court did not review the Clarification Letter prior to or at the Sale Hearing on September 19, 2008.

145.    In the week before the Sale Hearing, the DTCC had concerns about LBI's ability to satisfy its liabilities to the DTCC in connection with its open trading positions.

146.    On early Monday morning, September 22, 2008, the DTCC, Barclays, and the Trustee executed the DTCC Letter.

147.    Barclays claims that it is entitled to $769 million of securities that LBI had maintained in a reserve account pursuant to SEC Rule 15c3-3 or securities of substantially the same nature and value.

148.    Approximately $1.3 billion in cash assets held at the OCC has already been transferred to Barclays.

149.    LBI included approximately $507 million of its deposits at the OCC as a debit item in computing its required reserve for the protection of customers under Rule 15c3-3.

150.    The Trustee signed the Transfer and Assumption Agreement ("TAA") late on September 19, 2008, or early on September 20, 2008.

151.    The OCC and Barclays executed the TAA over the weekend of September 20-21, 2008 and/or on the morning of September 22, 2008.

152.    In connection with the Sale Transaction, Barclays paid $238,200,978 in contract cure liabilities through July 14, 2009.

153.    Chase agreed to release a lien it held on LBI's account to effect the December 2008 Settlement.

154.    On or about February 9, 2009, Barclays announced its financial results for the year ending December 31, 2008.

155.    In February 2009, Barclays announced that it had secured a £2.262 billion gain from its acquisition of Lehman's North American business.

156.    Barclays paid the full $1.54 billion Cash Amount required under § 3.1 of the APA.

157.    The APA was executed shortly after midnight on September 17, 2008.

158.    The APA was executed by Steven Berkenfeld, as a representative of both LBHI and LBI.

159.    The First Amendment was executed as of September 19, 2008 and was submitted into evidence during the Sale Hearing.

160.    The First Amendment was executed by Steven Berkenfeld, as a representative of both LBHI and LBI.

161.    [Intentionally omitted.]

162.    Barclays paid a total of approximately $238 million in cure payments to vendors.

163.    On September 17, 2008, Barclays held a public conference call for analysts and investors to announce and describe the proposed Barclays/Lehman transaction (the "Investor Teleconference").

164.    The transcript of the September 17, 2008 Investor Teleconference, BCI Ex. 110 [Sept. 17, 2008 Investor Teleconference Tr.], accurately reflects the contents of that teleconference.

165.    As the parties negotiated the APA during the early part of the week of September 15, 2008, the Federal Reserve Bank of New York ("New York Fed") provided interday (i.e., overnight) financing to LBI through a series of short-term funding agreements (collectively, the "Fed Repo") so that LBI could continue to operate as a broker-dealer for a limited period of time.

166.    The Fed Repo comprised loans made through the following lending programs: the Primary Dealer Credit Facility ("PDCF"); the Term Securities Lending Facility ("TSLF"); and Open Market Operations ("OMO").

167.    The Sale Hearing commenced on September 19, 2008 at 4:36 p.m.

168.    At 4:47 p.m. on Wednesday, September 17, 2008, Lillian Rabin of Cleary, Gottlieb, Steen and Hamilton ("Cleary") circulated an initial draft of the Clarification Letter to recipients at Cleary, Barclays, Lehman and Weil. BCI Ex. 460 is a true copy of the email and draft.

169.    At 12:26 a.m. on Thursday, September 18, 2008, David Murgio of Weil circulated a revised draft of the Clarification Letter to Robert Messineo and Michael Lubowitz, also of Weil. BCI Ex. 461 is a true copy of the email and revised draft.

170.    At 2:39 p.m. on Thursday, September 18, 2008, David Leinwand of Cleary circulated a revised draft of the Clarification Letter to recipients at Cleary, Barclays, Weil and Simpson. BCI Ex. 462 is a true copy of the email and revised draft.

171.    At 3:36 a.m. on Friday, September 19, 2008, David Murgio of Weil circulated a revised draft of the Clarification Letter to recipients at Cleary, Weil and Simpson. BCI Ex. 463 is a true copy of the email and revised draft.

172.    At 12:08 p.m. on Friday, September 19, 2008, Robert Messineo of Weil circulated a revised draft of the Clarification Letter to recipients at Barclays, counsel to Barclays, Sullivan & Cromwell ("Sullivan"), Cleary, Simpson and Weil. BCI Ex. 464 is a true copy of the email and revised draft.

173.    At 5:15 p.m. on Friday, September 19, 2008, David Murgio of Weil circulated a revised draft of the Clarification Letter to recipients at Cleary, Sullivan, Barclays, Simpson and Weil. BCI Ex. 465 is a true copy of the email and revised draft.

174.    At 8:27 p.m. on Friday, September 19, 2008, David Murgio of Weil circulated a revised draft of the Clarification Letter to internal Weil recipients. BCI Ex. 228 is a true copy of the email and revised draft.

175.    At 9:39 a.m. on Saturday, 20, 2008, David Murgio of Weil emailed a draft of the Clarification Letter to Rocio Clausen, also of Weil. BCI Ex. 466 is a true copy of the email and revised draft.

176.    At 10:33 a.m. on Saturday, September 20, 2008, Robert Messineo of Weil Gotshal emailed a request for two printouts of two drafts of the Clarification Letter – one of which was a "marked copy". The document bearing Bates number WGM-LEHMAN-E 00013236 – WGM-LEHMAN-E 00013255 is a true copy of the email and drafts.

177.    At 2:38 p.m. on Saturday, September 20, 2008, Robert Messineo of Weil circulated a revised draft of the Clarification Letter to recipients at Cleary, Simpson and Weil. BCI Ex. 238 is a true copy of the email and revised draft.

178.    At 11:13 p.m. on Saturday, September 20, 2008, David Leinwand of Cleary circulated a revised draft of the Clarification Letter to recipients at Cleary, Weil, Sullivan and Barclays. BCI Ex. 249 is a true copy of the email and revised draft.

179.    At 12:35 p.m. on Sunday, September 21, 2008, Robert Messineo of Weil sent David Murgio, also of Weil, circulated a revised draft of the Clarification Letter. BCI Ex. 467 is a true copy of the email and revised draft.

180.    At 7:54 p.m. on Sunday, September 21, 2008, Robert Messineo of Weil circulated a revised draft of the Clarification Letter to the Trustee, Anson Frelinghuysen, Christopher Kiplok, James Kobak, and Jeffrey Margolin at Hughes Hubbard & Reed LLP ("Hughes"), counsel to the Trustee, David Murgio of Weil, and to Kenneth Caputo of SIPC. BCI Ex. 270 is a true copy of the email, and a copy, without color highlighting, of the revised draft.

181.    At 8:12 p.m. on September 19, 2008, Michael Lubowitz of Weil forwarded a draft of the Clarification Letter to Crayton Bell of Milbank, Tweed, Hadley & McCloy ("Milbank"), counsel for the Creditors' Committee. BCI Ex. 227 is a true copy of the email and revised draft.

182.    At 3:00 p.m. on September 20, 2008, David Murgio of Weil sent a copy of the 2:38 p.m. draft of the Clarification Letter to Crayton Bell of Milbank, Tweed, Hadley & McCloy ("Milbank"), counsel for the Creditors' Committee. BCI Ex. 240, which includes Sept. 20, 2008 3:00 p.m. email from D. Murgio to C. Bell with attachments, is a true copy of the email and revised draft.

183.    At 4:36 a.m. on Monday, September 22, 2008, Robert Messineo of Weil circulated a revised draft of the Clarification Letter to Anson Frelinghuysen and James Kobak of Hughes. BCI Ex. 505 is a true copy of the email and revised draft.

184.    At 5:58 a.m. on September 22, 2008, David Murgio of Weil sent a revised draft of the Clarification Letter to Michael Mazzuchi of Cleary. BCI Ex. 282 is a true copy of the email and revised draft.

185.    A potential transfer of certain assets from LBI's clearance boxes at the DTCC was discussed at weekend meetings at Weil.

186.    [Intentionally omitted.]

187.    On September 22, 2008 the DTCC, Barclays and the Trustee entered into a letter agreement under the subject line "Winding Down of Accounts and Guaranty" (the "DTCC Letter").

188.    Schedule B to the Clarification Letter listed assets by CUSIP.

189.    During the weekend before the Closing, Barclays conducted due diligence at the DTCC relating to the nature and value of Lehman's securities at DTCC, and the potential liabilities associated with Lehman's open trades.

190.    [Intentionally omitted.]

191.    On September 29, 2008 LBHI and Barclays jointly filed a motion with the Court to file Schedules A and B under seal.

192.    "Exchange-traded derivatives" include publicly traded options ("options") and publicly traded futures ("futures").

193.    Options are traded on SEC-regulated exchanges.

194.    Futures are traded on CFTC-regulated exchanges and foreign futures exchanges.

195.    The OCC is the dominant clearing corporation in the United States for exchange-traded options.

196.    The OCC is also one of several CFTC-approved clearinghouses for domestic futures contracts.

197.    LBI was a "clearing member" at the OCC and was therefore required to post "margin" in an amount determined by the OCC in its sole discretion.

198.    To trade ETD positions on a given exchange, whether directly through a clearing house or through a clearing broker, the party wishing to conduct such trading activity must post margin (i.e., collateral) with the clearing house and/or clearing broker.

199.    Individual exchanges, clearing houses and clearing brokers dictate the value, form and other terms governing the posting of margin necessary to trade in ETDs.

200.    LBI bought, sold, and cleared ETDs on behalf of customers, affiliates, and itself.

201.    On Friday, September 19, 2008, before the Sale Hearing began, counsel to the OCC sought to have the following language inserted into the finding at paragraph N of the Sale Order:

> Notwithstanding the foregoing, as of the Closing Date, all obligations to The Options Clearing Corporation ("OCC") with respect to Purchased Assets that are within the possession or control of OCC shall have been assigned to the Purchaser, and the Purchaser shall have assumed all of such obligations including, without limitation, all obligations with respect to short option positions, futures contracts, and stock loan or borrow positions that are transferred to the accounts of Purchaser at OCC as of the Closing Date in accordance with the Purchase Agreement. From and after the Closing Date, all securities, cash, collateral and other property transferred to accounts of the Purchaser at OCC shall be subject to all rights of OCC therein in accordance with the By-Laws and Rules of OCC including, without limitation, the security interests and setoff rights of OCC with respect thereto.

202.    LBHI agreed to the OCC's request that paragraph N of the Sale Order be modified.

203.    Paragraph N of the Sale Order includes the language proposed by the OCC prior to Sale Hearing on September 19, 2008.

204.    Barclays executed the TAA on the morning of Monday, September 22, 2008.

205.    During the weekend of September 20-21, 2008, Cleary and Weil attorneys, including Harvey Miller, Victor Lewkow, and Ed Rosen, participated in a hallway conversation at Weil's offices about the Reserve Account Assets.

206.    On September 26, 2008, the Trustee transferred over 72,000 customer accounts to Barclays, as provided for in Section 8 of the Clarification Letter.

207.    On September 19, 2008, LBHI creditor Bay Harbour Management L.C. ("Bay Harbour") filed a notice of appeal of the Sale Order.

208.    On December 12, 2008, LBHI and the Trustee filed briefs opposing Bay Harbour's appeal of the Sale Order.

209.    In June 2009, the Trustee's First Interim Report stated:

> Seamlessly, as far as virtually all PIM customers were concerned, the LBI account holders became Barclays account holders, and all assets from their PIM accounts appeared on their Barclays account statements. Again, consistent with the orders of the District Court and this Court, the Trustee's exercise of statutory authority provided immediate account access, avoided disruption of trading, preserved account value, and relieved the LBI Estate of the administrative burden of handling the possible tens of thousands of claims.

210.    In June 2009, the Trustee's First Interim Report stated: "The Trustee's significant and unprecedented efforts in executing the PIM account transfers pursuant to the sale of LBI's brokerage business to Barclays were instrumental in protecting customers and preserving customer value in uncertain times."

211.    On February 9, 2009, Barclays filed form 6-K with the Securities and Exchange Commission. On page 83 of that form, Barclays published an acquisition balance sheet for the Lehman transaction ("Acquisition Balance Sheet").

Dated: New York, New York
          April __, 2010

BOIES, SCHILLER & FLEXNER LLP

By:

Jonathan D. Schiller
Hamish P.M. Hume
Jack G. Stern

575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*


JONES DAY

By:

Robert W. Gaffey
Jayant W. Tambe
William J. Hine

222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Debtors and
Debtors in Possession*


HUGHES HUBBARD & REED LLP

By:

William R. Maguire
Seth D. Rothman
Neil J. Oxford

One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for James W. Giddens, as Trustee
for the SIPA Liquidation of Lehman
Brothers Inc.*


QUINN EMANUEL URQUHART &
SULLIVAN LLP

By:

James C. Tecce
Erica Taggart
Eric Kay

55 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Official Committee of
Unsecured Creditors*

# Exhibit 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    Case No. 08-13555 (JMP)
                                            :
             Debtors.                       :    (Jointly Administered)
                                            :
                                            :
                                            :
                                            :
--------------------------------------------------------x
                                            :
In re:                                      :    SIPA Proceeding
                                            :
LEHMAN BROTHERS INC.,                       :    Case No. 08-01420 (JMP)
                                            :
             Debtor.                        :
                                            :
--------------------------------------------------------x

<u>**STIPULATION TO ADMISSION OF MOVANTS' EXHIBITS**</u>

Barclays Capital, Inc. ("Barclays"), Lehman Brothers Holdings, Inc. ("LBHI"),
the Trustee in the Securities Investor Protection Act liquidation of Lehman Brothers Inc. (the
"Trustee"), and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings,
Inc. (the "Creditors' Committee", collectively with LBHI and the Trustee, the "Movants"),
hereby stipulate that the following movants' exhibits were admitted into evidence on April 26,
2010:

        1, 2, 3, 4, 6, 9, 10, 11, 14, 16, 18, 19, 20, 22, 23, 24, 26, 27, 30, 31, 32, 33, 34, 35,

        36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 57, 58, 59,

        60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81,

        82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 100, 101, 102, 103,

        104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119,

        120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135,

1

136, 137, 138, 139, 140, 141, 143, 144, 145, 146, 147, 148, 149, 157, 159, 160,

161, 162, 163, 164, 165, 166, 167, 169, 173, 174, 175, 176, 177, 178, 179, 180,

181, 182, 183, 184, 185, 186, 187, 189, 190, 191, 192, 193, 194, 196, 197, 198,

199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 215,

216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231,

232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247,

248, 249, 250, 251, 252, 253, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264,

265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280,

281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296,

297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312,

314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329,

330, 331, 332, 333, 334, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346,

347, 348, 350, 351, 352, 354, 355, 356, 357, 358, 362, 363, 365, 366, 367, 369,

371, 372, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387,

388, 389, 390, 391, 392, 393, 394, 395, 396, 398, 399, 400, 401, 402, 403, 404,

405, 406, 408, 409, 410, 411, 412, 413, 414, 415, 417, 418, 419, 420, 421, 422,

423, 424, 425, 426, 427, 428, 429, 430, 435, 436, 437, 438, 439, 443, 444, 445,

446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461,

462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477,

478, 480, 481, 482, 483, 484, 485, 487, 488, 489, 490, 491, 492, 493, 494, 495,

496, 497, 498, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512,

513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528,

529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544,

545, 546, 547, 548, 549, 550, 551, 552, 554, 556, 560, 561, 562, 563, 564, 565,

566, 567, 568, 569, 570, 571, 572, 573, 574, 575, 576, 577, 578, 579, 580, 581,

582, 583, 584, 585, 586, 587, 588, 589, 590, 591, 592, 593, 594, 595, 596, 597,

598, 599, 600, 601, 602, 603, 604, 605, 606, 607, 608, 609, 610, 611, 612, 613,

614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 625, 626, 627, 628, 629,

630, 631, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 642, 644, 646, 648,

657, 659, 660, 662, 663, 664, 665, 666, 667, 668, 669, 670, 677, 678, 679, 680,

681, 682, 683, 684, 685, 686, 687, 688, 689, 690, 691, 692.

Dated: New York, New York
April 30, 2010

BOIES SCHILLER & FLEXNER LLP

By: _____
    Jonathan D. Schiller
    Hamish M. Hume
    Jack G. Stern

575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*

HUGHES HUBBARD & REED LLP

By: _____
    William R. Maguire
    Seth D. Rothman
    Neil J. Oxford

One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for James W Giddens, as Trustee*
*for the SIPA Liquidation of Lehman*
*Brothers Inc.*

JONES DAY

By: _____
    Robert W. Gaffey
    Jayant W. Tambe
    William J. Hine
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Debtors and*
*Debtors in Possession*

QUINN EMANUEL URQUHART &
SULLIVAN LLP

By: _____
    James C. Tecce
    Erica Taggart
    Eric Kay

55 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Official Committee of*
*Unsecured Creditors*

3

# Exhibit 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                         :

In re:                             :       Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :       Case No. 08-13555 (JMP)

                     Debtors.     :       (Jointly Administered)

                                           :

                                         :

------------------------------------------------------------x
                                         :

In re:                             :       SIPA Proceeding

LEHMAN BROTHERS INC.,          :       Case No. 08-01420 (JMP)

                     Debtor.      :

                                         :

------------------------------------------------------------x

### STIPULATION TO ADMISSION OF BARCLAYS' EXHIBITS

      Barclays Capital, Inc. ("Barclays"), Lehman Brothers Holdings, Inc. ("LBHI"),

the Trustee in the Securities Investor Protection Act liquidation of Lehman Brothers Inc. (the

"Trustee"), and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings,

Inc. (the "Creditors' Committee", collectively with LBHI and the Trustee, the "Movants"),

hereby stipulate that the following Barclays' exhibits were admitted into evidence on April 26,

2010:

        1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26,

        29, 30, 31, 32, 36, 37, 38, 39, 41, 42, 43, 46, 47, 48, 49, 50, 52, 102, 103, 104, 106,

        107, 110, 112, 116, 117, 118, 119, 120, 121, 123, 124, 130, 131, 132, 133, 137,

1

138, 139, 140, 142, 143, 144, 145, 146, 147, 149, 150, 151, 152, 153, 154, 155,

156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171,

172, 173, 179, 180, 181, 182, 183, 187, 188, 189, 189a, 190, 191, 192, 193, 194,

196, 198, 199, 200, 201, 203, 204, 206, 207, 208, 209, 210, 211, 212, 213, 214,

215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230,

231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246,

247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262,

263, 264, 265, 266, 267, 268, 269, 270, 273, 274, 275, 276, 277, 278, 279, 280,

281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296,

297, 298, 299, 302, 303, 312, 313, 314, 316, 317, 318, 320, 321, 324, 326, 329,

330, 331, 332, 333, 334, 335, 336, 372, 375, 376, 377, 379, 380, 383, 385, 386,

387, 388, 389, 411, 413, 416, 417, 420, 421, 422, 423, 424, 425, 426, 427, 428,

429, 430, 431, 432, 433, 435, 436, 437, 438, 439, 440, 441, 442, 445, 446, 447,

448, 449, 450, 454, 455, 459, 460, 461, 462, 463, 464, 465, 466, 468, 470, 471,

474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 504, 505,

506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 528,

530, 531, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546,

547, 548, 549, 550, 567, 568, 570, 571, 572, 573, 576, 577, 578, 581, 582, 587,

590, 591, 592, 593, 625, 626, 627, 638, 639, 640, 641, 642, 643, 645, 646, 650,

653, 654, 655, 656, 658, 672, 674, 675, 676, 679, 693, 694, 695, 696, 697, 698,

699, 700, 701, 702, 703, 704, 705, 706, 707, 708, 709, 710, 711, 712, 713, 714,

715, 716, 728, 729, 730, 734, 735, 736, 737, 738, 739, 740, 741, 742, 743, 744,

745, 746, 748, 749, 750, 751, 752, 753, 754, 755, 756, 757, 758, 759, 760, 761,
762, 763, 764, 767, 768, 769, 772, 777, 778, 782, 784, 785, 786, 787, 788, 790,
791, 792, 793, 794, 795, 799, 800, 801, 802, 803, 807, 812, 812a, 812b, 813, 813a,
814, 816, 817, 818, 819.

Dated: New York, New York
May __, 2010

BOIES SCHILLER & FLEXNER LLP

By: _Jonathan Schiller /tjb_
      Jonathan D. Schiller
      Hamish M. Hume
      Jack G. Stern

575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*

HUGHES HUBBARD & REED LLP

By: _William Maguire /tjb_
      William R. Maguire
      Seth D. Rothman
      Neil J. Oxford

One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for James W Giddens, as Trustee*
*for the SIPA Liquidation of Lehman*
*Brothers Inc.*

JONES DAY

By: _Robert Gaffey /tjb_
      Robert W. Gaffey
      Jayant W. Tambe
      William J. Hine
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Debtors and*
*Debtors in Possession*

QUINN EMANUEL URQUHART &
SULLIVAN LLP

By: _James C Tecce /tjb_
      James C. Tecce
      Erica Taggart
      Eric Kay

55 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Official Committee of*
*Unsecured Creditors*

4

# Exhibit 4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------x
                                                 :
In re:                                           :   Chapter 11
                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,           :   Case No. 08-13555 (JMP)
                                                 :
                    Debtors.                     :   (Jointly Administered)
                                                 :
                                                 :
                                                 :
                                                 :
                                                 :
-------------------------------------------------x
                                                 :
In re:                                           :   SIPA Proceeding
                                                 :
LEHMAN BROTHERS INC.,                            :   Case No. 08-01420 (JMP)
                                                 :
                    Debtor.                      :
                                                 :
-------------------------------------------------x
```

## STIPULATION TO ADMISSION OF BARCLAYS' EXHIBITS

Barclays Capital, Inc. ("Barclays"), Lehman Brothers Holdings, Inc. ("LBHI"), the

Trustee in the Securities Investor Protection Act liquidation of Lehman Brothers Inc. (the

"Trustee"), and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings,

Inc. (the "Creditors' Committee", collectively with LBHI and the Trustee, the "Movants"),

hereby stipulate that the following Barclays' exhibits shall be admitted into evidence:

BCI Exhibits 11a, 40, 53, 131a, 134, 136, 143a, 189a, 231a, 309, 323, 390, 391,

393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 407, 408, 409,

410, 412, 414, 415, 419, 451, 452, 456, 457, 458, 469, 489, 490, 491, 492, 494,

495, 496, 497, 498, 499, 500, 524, 532, 569, 579, 585, 586, 588, 589, 678, 680,

681, 682, 683, 684, 685, 686, 687, 688, 689, 690, 691, 692, 747, 783, 813b, 816a,

1

820, 821, 822, 824, 825, 827, 829, 832, 833, 835, 836, 837, 846, 852, 853, 854,

855, 857, 861, 862, 866, 867, 868, 869 and 871.


Dated: New York, New York
      August 19, 2010

BOIES SCHILLER & FLEXNER LLP

By: _____
    Jonathan D. Schiller
    Hamish M. Hume
    Jack G. Stern

575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*

HUGHES HUBBARD & REED LLP

By: _____
    William R. Maguire
    Seth D. Rothman
    Neil J. Oxford

One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for James W Giddens, as Trustee
for the SIPA Liquidation of Lehman
Brothers Inc.*

JONES DAY

By: _____
    Robert W. Gaffey
    Jayant W. Tambe
    William J. Hine
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Debtors and
Debtors in Possession*

QUINN EMANUEL URQUHART &
SULLIVAN LLP

By: _____
    James C. Tecce
    Erica Taggart
    Eric Kay

55 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Official Committee of
Unsecured Creditors*

# Exhibit 5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>  LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>                              Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| In re<br><br>  LEHMAN BROTHERS INC.,<br><br>                              Debtor. | Case No. 08-01420 (JMP)<br>SIPA |

### STIPULATION TO ADMISSION OF MOVANTS' EXHIBITS

Lehman Brothers Holdings Inc., James W. Giddens, as Trustee for the SIPA liquidation of Lehman Brothers Inc., the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. (collectively, "Movants"), and Barclays Capital Inc. ("Barclays"), hereby stipulate that the following movants' exhibits shall be admitted into evidence:  442, 672, 695, 696, and 698.

Dated:  New York, New York
        August 30, 2010

JONES DAY

By:  /s/ Robert W. Gaffey
       Robert W. Gaffey
       Jayant W. Tambe
       William J. Hine

222 East 41st Street
New York, NY 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

*Attorneys for Debtors and
Debtors in Possession*

HUGHES HUBBARD & REED LLP

By:    /s/ William R. Maguire
       William R. Maguire
       Seth D. Rothman
       Neil J. Oxford

One Battery Park Plaza
New York, NY 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

*Attorneys for James W. Giddens, as Trustee
for the SIPA Liquidation of Lehman
Brothers Inc.*

QUINN EMANUEL URQUHART &
SULLIVAN LLP

By:  /s/ James C. Tecce
       James C. Tecce
       Erica Taggart
       Eric Kay

55 Madison Avenue
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

*Attorneys for Official Committee of
Unsecured Creditors*

BOIES, SCHILLER & FLEXNER LLP

By:    /s/ Jonathan D. Schiller
       Jonathan D. Schiller
       Hamish P.M. Hume
       Jack G. Stern

575 Lexington Avenue
New York, NY 10022
Telephone:  (212) 446-2300
Facsimile:  (212) 446-2350

*Attorneys for Barclays Capital Inc.*

# Exhibit 6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re:                                                    :    Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :    Case No. 08-13555 (JMP)

                              Debtors.                    :    (Jointly Administered)

                                                          :

                                                          :

                                                          :

                                                          :

----------------------------------------------------------x

                                                          :

In re:                                                    :    SIPA Proceeding

LEHMAN BROTHERS INC.,                                     :    Case No. 08-01420 (JMP)

                              Debtor.                     :

----------------------------------------------------------x

## STIPULATION TO ADMISSION OF BARCLAYS' EXHIBITS

Barclays Capital, Inc. ("Barclays"), Lehman Brothers Holdings, Inc. ("LBHI"), the

Trustee in the Securities Investor Protection Act liquidation of Lehman Brothers Inc. (the

"Trustee"), and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings,

Inc. (the "Creditors' Committee", collectively with LBHI and the Trustee, the "Movants"),

hereby stipulate that the following Barclays' exhibits shall be admitted into evidence:

BCI Exhibits 434, 453, 472, 529, 649, 652, 731a, 811, 813c, 830, 831, 834, 839,

847, 851, 860, 863, 874, 895, 911, 913, 935, 948, 949 and 962.

Dated: New York, New York
       September 29, 2010

BOIES SCHILLER & FLEXNER LLP

By: _____
       Jonathan D. Schiller
       Hamish M. Hume
       Jack G. Stern

575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*

JONES DAY

By:    /s/ Robert W. Gaffey
       Robert W. Gaffey
       Jayant W. Tambe
       William J. Hine

222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Debtors and
Debtors in Possession*

HUGHES HUBBARD & REED LLP

By:    /s/ William R. Maguire
       William R. Maguire
       Seth D. Rothman
       Neil J. Oxford

One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for James W Giddens, as Trustee
for the SIPA Liquidation of Lehman
Brothers Inc.*

QUINN EMANUEL URQUHART &
SULLIVAN LLP

By:    /s/ James C. Tecce
       James C. Tecce
       Erica Taggart
       Eric Kay

55 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Official Committee of
Unsecured Creditors*

2

# Exhibit 7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| In re | |
| LEHMAN BROTHERS INC., | Case No. 08-01420 (JMP) |
| Debtor. | SIPA |

## STIPULATION TO ADMISSION OF MOVANTS' EXHIBITS

Lehman Brothers Holdings Inc., James W. Giddens, as Trustee for the SIPA liquidation of Lehman Brothers Inc., the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. (collectively, "Movants"), and Barclays Capital Inc. ("Barclays"), hereby stipulate that the following movants' exhibits shall be admitted into evidence:  73N, 96N, 129N, 191N, 208N, 227N, 228N, 229N, 231N, 238N, 240N, 244N, 245N, 253N, 300N, 330N, 341N, 577N, 579N, 581N, 592N, 593N, 604N, 606N, 607N, 699, 700, 703, 704, 714, 716N, 717, 725, 727, 729, 730, 731, 735, 736, 741, 742, 743, 745, 746, 747, 748, 752, 753, 754, 768, 770, 771, 773, 774, 775, 778, 780, 784, 785, 787, 788, 790, 793, 797, 798, 799, 800, 804, 805, 806, 807, 808, 809, 810, 811, 812, 813, 814, 815, 816, 817, 818, and 819.

Dated:  New York, New York
        September 29, 2010

JONES DAY

By: ___/s/ Robert W. Gaffey_____
        Robert W. Gaffey
        Jayant W. Tambe
        William J. Hine

222 East 41st Street
New York, NY 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

*Attorneys for Debtors and
Debtors in Possession*


HUGHES HUBBARD & REED LLP

By: ___/s/ William R. Maguire_____
        William R. Maguire
        Seth D. Rothman
        Neil J. Oxford

One Battery Park Plaza
New York, NY 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

*Attorneys for James W. Giddens, as Trustee
for the SIPA Liquidation of Lehman
Brothers Inc.*


QUINN EMANUEL URQUHART &
SULLIVAN LLP

By: ___/s/ James C. Tecce_____
        James C. Tecce
        Erica Taggart
        Eric Kay

55 Madison Avenue
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

*Attorneys for Official Committee of
Unsecured Creditors*


BOIES, SCHILLER & FLEXNER LLP

By: ___/s/ Jonathan D. Schiller_____
        Jonathan D. Schiller
        Hamish P.M. Hume
        Jack G. Stern

575 Lexington Avenue
New York, NY 10022
Telephone:  (212) 446-2300
Facsimile:  (212) 446-2350

*Attorneys for Barclays Capital Inc.*

# Exhibit 8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                       :

In re:                                 :     Chapter 11
                                         :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :     Case No. 08-13555 (JMP)
                                         :

             Debtors.          :     (Jointly Administered)
                                         :

                                       :
                                       :
------------------------------------------------------------x
                                       :

In re:                                 :     SIPA Proceeding
                                       :

LEHMAN BROTHERS INC.,          :     Case No. 08-01420 (JMP)
                                       :

             Debtor.           :
                                       :
------------------------------------------------------------x

## STIPULATION TO ADMISSION OF EXHIBITS

      Barclays Capital, Inc. ("Barclays"), Lehman Brothers Holdings, Inc. ("LBHI"), the

Trustee in the Securities Investor Protection Act liquidation of Lehman Brothers Inc. (the

"Trustee"), and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings,

Inc. (the "Creditors' Committee", collectively with LBHI and the Trustee, the "Movants"),

hereby stipulate that the following trial exhibits shall be admitted into evidence:

      BCI Exhibits 48a, 49a, 50a, 51, 301, 301a, 325, 384, 583, 623, 624, 628, 629, 648,

      733a, 843, 848, 849, 850, 908, 920, 924, 925, 926, 927, 928, 929, 930, 931, 932,

      933, 934, 950, 952, 953, 954, 955, 956, 957, 958, 960, 962, 969, 971, 972, 973,

      982, 983, 984, 990, 991, 992, 993, 994, 999 and 1104.

1

Movants' Exhibits 142, 432, 434, 724, 726, 728, 732, 733, 738, 740, 873, 888, 889, 916 and 962.

Dated: New York, New York
       October 14, 2010

BOIES SCHILLER & FLEXNER LLP

By:    /s/ Jonathan D. Schiller
       Jonathan D. Schiller
       Hamish P. M. Hume
       Jack G. Stern

575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*

HUGHES HUBBARD & REED LLP

By:    /s/ William R. Maguire
       William R. Maguire
       Seth D. Rothman
       Neil J. Oxford

One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for James W Giddens, as Trustee*
*for the SIPA Liquidation of Lehman*
*Brothers Inc.*

JONES DAY

By:    /s/ Robert W. Gaffey
       Robert W. Gaffey
       Jayant W. Tambe
       William J. Hine

222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Debtors and*
*Debtors in Possession*

QUINN EMANUEL URQUHART &
SULLIVAN LLP

By:    /s/ James C. Tecce
       James C. Tecce
       Erica Taggart
       Eric Kay

55 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Official Committee of*
*Unsecured Creditors*

2

# Exhibit 9

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    Case No. 08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
                                              :
                                              :
                                              :
                                              :
-----------------------------------------------------------x
                                              :
In re:                                        :    SIPA Proceeding
                                              :
LEHMAN BROTHERS INC.,                         :    Case No. 08-01420 (JMP)
                                              :
                    Debtor.                   :
                                              :
-----------------------------------------------------------x

<u>STIPULATION TO ADMISSION OF EXHIBITS</u>

Barclays Capital, Inc. ("Barclays"), Lehman Brothers Holdings, Inc. ("LBHI"), the

Trustee in the Securities Investor Protection Act liquidation of Lehman Brothers Inc. (the

"Trustee"), and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings,

Inc. (the "Creditors' Committee", collectively with LBHI and the Trustee, the "Movants"),

hereby stipulate that the following trial exhibits shall be admitted into evidence for the purposes

indicated below:

BCI Exhibits 876, 877, 879, 880, 881, 882, 883, 884, 947, 1006, 1007, 1052,

1053, 1061, 1062, 1063, 1064, 1065, 1066, 1067, 1095 and 1097 shall be

admitted for all purposes.

Movants' Exhibits 656, 795 and 909 shall be admitted for all purposes.

BCI Exhibits 936, 937, 938, 939, 940, 941, 942, 943, 944, 945, 946, 1001, 1001a, 1072, 1073, 1074, 1075, 1076, 1077, 1078, 1079, 1080, 1081, 1082, 1083, 1084, 1085, 1088 and 1089 shall be admitted as demonstratives only.

BCI Exhibits 111, 113, 114, 115, 381, 382, 796, 797, 798, 896, 897, 906, 914, 915, 916, 917, 918 and 919 shall be admitted for the limited purpose of showing what was publicly reported about the Sale Transaction, and not as stand-alone evidence that any particular individuals read the press reports at any time.

Movants' Exhibit 720 shall be admitted for the limited purpose of showing what was publicly reported about the Sale Transaction, and not as stand-alone evidence that any particular individuals read the press reports at any time.

BCI Exhibit 838 shall be admitted for the limited purpose of showing what was publicly reported about the Sale Transaction and transmitted in an email exchange between Conor Tully and Jin Tae Kim of FTI.

BCI Exhibits 887, 888, 889, 890, 891, 892, 893, 894, 898, 899, 905, 921, 922, 923, 986 and 987 shall be admitted for the limited purpose of showing what was publicly reported about significant economic events and trends of 2008, and not as stand-alone evidence that any particular individuals read the press reports at any time.

Movants' Exhibit 214 shall be admitted for the limited purpose of providing the Court with context for David Petrie's deposition answers concerning his notes.

2

Movants' Exhibit 928 shall be admitted for the limited purpose of showing what Fannie Mae reported in the August – September 2009 issue of "Funding Notes for Fannie Mae's Investors and Dealers."

BCI Exhibit 823 shall be admitted for the limited purpose of showing what the European Central Bank reported in the Februalry 2010 issue of its Monthly Bulletin.

BCI Exhibit 844 shall be admitted for the limited purpose of showing what ISDA, MFA and SIFMA reported in their Release 2.0 titled "Independent Amounts," dated March 1, 2010.

BCI Exhibit 858 shall be admitted for the limited purpose of showing the amount and structure of Alvarez & Marsal's compensation arrangements with LBHI.

BCI Exhibit 951 shall be admitted for the limited purpose of showing that Barclays had multi-million dollar claims against Bear Stearns settled as referenced in the SSA with JPMC.

BCI Exhibit 975 shall be admitted for the limited purpose of showing the Federal Reserve's perspective (state of mind) on the Sale Transaction and surrounding events.

BCI Exhibit 977 shall be admitted for the limited purpose of showing that Weil Gotshal, lawyers for LBHI, filed the APA and Clarification Letter with a "Notice of Filing of Purchase Agreement Approved by Order Under 11 U.S.C. 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (a) the Sale of Purchased Assets Free and Clear of

3

Liens and Other Interests and (b) Assumption and Assignment of Executory Contracts and Unexpired Leases" on September 22, 2008 at 2:49 PM.

BCI Exhibit 985 shall be admitted for the limited purpose of showing the nature of Professor Zmijewski's work set forth in the exhibit.

BCI Exhibit 988 shall be admitted for the limited purpose of showing that congressional hearings were held to address problems caused by collateralized debt obligations, the practices of the ratings agencies, and to show the skepticism over how to value and assess mortgage backed securities.

BCI Exhibit 989 shall be admitted for the limited purpose of showing that the Federal Reserve periodically publishes margin tables.

BCI Exhibit 1002a shall be admitted for the limited purpose of showing the promulgation by FASB of level 1, 2 and 3 categories, the definition of those categories, and a discussion of the relationship between block discounts and accounting standards.

BCI Exhibit 1008 shall be admitted for the limited purpose of showing that Barclays provided notice of the assumption and assignment of any and all exchange traded derivatives in existence as of September 22, 2008 having LBI as a party.

BCI Exhibits 1011, 1012, 1014, 1015 and 1017 shall be admitted for the limited purpose of showing financial firms announced buyback programs with individual investors pursuant to agreements with regulatory authorities.

BCI Exhibit 1013 shall be admitted for the limited purpose of showing SIFMA's state of mind or perspective with respect to the state of the Auction Rate Securities market in 2008.

BCI Exhibit 1023 shall be admitted for the limited purpose of showing the Schwaba report's errata.

BCI Exhibits 1024, 1030, 1032, 1036, 1037, 1038, 1039, 1045, 1068 and 1069 shall be admitted for the limited purpose of showing the backup work of Movants' experts.

BCI Exhibit 1026 shall be admitted for the limited purpose of showing public reports on the pressure building on the United States' AAA rating.

BCI Exhibit 1027a shall be admitted for the limited purpose of showing a portion of Professor Pfleiderer's analysis of one of Mr. Slattery's work papers.

BCI Exhibit 1034 shall be admitted for the limited purpose of showing there were public reports that Fannie Mae and Freddie Mac posed a risk to the United States' credit rating.

BCI Exhibit 1035 shall be admitted for the limited purpose of showing that U.S. Bank National Association as trustee for Pine CCS, Ltd., issued a Notice of Default on October 2, 2008 for reasons set forth therein.

BCI Exhibit 1047 shall be admitted for the limited purpose of showing public reports questioning the financial viability and value of Archstone.

BCI Exhibit 1048 shall be admitted for the limited purpose of showing Barclays requested Movants' experts produce their reliance materials on March 2, 2010.

BCI Exhibit 1050 shall be admitted for the limited purpose of showing the volume of creditor claims against LCPI.

BCI Exhibit 1086 shall be admitted for the limited purpose of showing that Morgan Stanley was sued by investors in auction rate securities.

BCI Exhibit 1087 shall be admitted for the limited purpose of showing the New York Attorney General announced settlements with JP Morgan and Morgan Stanley to recover billions for investors in auction rate securities

BCI Exhibits 1090 and 1091 shall be admitted for the limited purpose of showing the backup work of Movants' expert Mr. Olvany.

BCI Exhibit 1093 shall be admitted for the limited purpose of showing financial institutions were sued for overvaluing securitized and mortgage-backed products.

BCI Exhibit 1096 shall be admitted for the limited purpose of showing what was publicly reported about the role of securitized products in the financial crisis.

BCI Exhibits 1098 and 1099 shall be admitted for the limited purpose of showing the backup for Barclays' expert Professor Pfleiderer.

Although Movants agree to the admission of the above exhibits for the limited purposes stated by Barclays, Movants do not agree that these exhibits support the limited purpose for which they are being offered or admitted.

Dated: New York, New York
       October 18, 2010

BOIES SCHILLER & FLEXNER LLP


By:  /s/ Jonathan D. Schiller
     Jonathan D. Schiller
     Hamish P. M. Hume
     Jack G. Stern

575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Barclays Capital Inc.*


HUGHES HUBBARD & REED LLP


By:  /s/ William R. Maguire
     William R. Maguire
     Seth D. Rothman
     Neil J. Oxford

One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for James W Giddens, as Trustee
for the SIPA Liquidation of Lehman
Brothers Inc.*

JONES DAY


By:  /s/ Robert W. Gaffey
     Robert W. Gaffey
     Jayant W. Tambe
     William J. Hine

222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Debtors and
Debtors in Possession*

QUINN EMANUEL URQUHART &
SULLIVAN LLP


By:  /s/ James C. Tecce
     James C. Tecce
     Erica Taggart
     Eric Kay

55 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Official Committee of
Unsecured Creditors*