# United States Bankruptcy Court

## Southern District of New York

In re **Lehman Brothers Holdings Inc., et al.,**    Case Nos. **08-13555**
Jointly Administered

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**York European Opportunities Master Fund, L.P.**        **JPMorgan Chase Bank, N.A.**
_____        _____
Name of Transferee                  Name of Transferor

Court Claim #: 50055

ISIN/CUSIP: DK0030072194

Purchased Claim: USD 7,578,127.79

Name and Address where notices to transferee should be sent:

York European Opportunities Master Fund, L.P.
767 Fifth Avenue, 17th Floor
New York, NY 10153
Attn: Margaret Mauro
Tel: (212) 710-6567
Email: MMauro@yorkcapital.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**YORK EUROPEAN OPPORTUNITIES MASTER FUND, L.P**

By: _/s/ Adam J. Semler_           Date: 1/7/11
Name: Adam J. Semler
Title: COO of its GP

KL2 2680901.1

YCM Legal APPROVED

DK0030072194

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM FOR LEHMAN BROTHERS TREASURY CO BV NOTES/ LEHMAN PROGRAM SECURITY GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC.

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **JPMorgan Chase Bank, N.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to each purchaser, severally, as set forth at schedule 1 hereto (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of 100% of the bonds in the aggregate amount as specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **50055 with regard to the Purchased Claim** filed by or on behalf of **Carnegie Bank A/S as agent for its customers** ("the Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

Predecessor transferred a claim that includes the Purchased Claim to SecondMarket, Inc. on February 25, 2010 as evidenced in the Agreement and Evidence of Transfer of Claim Lehman Program Securities between Predecesor and SecondMarket, Inc. as set forth in docket # 7270 in the Proceedings, and SecondMarket, Inc. transferred a claim that includes the Purchased Claim to Seller on February 25, 2010 as evidenced by the Agreement and Evidence of Transfer of Claim Lehman Program Securities set forth at docket # 7275 in the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local



Lehman Program Securities JPM to York DK0030072194 $15.1MM (4)

bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15 day of December, 2010.

JPMorgan Chase Bank, N.A.
By: _____
Name: David A. Martinez
Title: Authorized Signatory

Address:
Mail Code: NY1-A436
One Chase Manhattan Plaza – Floor 26
New York, New York 10005
ATTN: Susan McNamara

York Credit Opportunities Fund, L.P.
By: _____
Name: Adam Semler
Title: COO

Address:
767 Fifth Avenue – 17th Floor
New York, NY 10153

YCM Legal
APPROVED

2

Lehman Program Securities JPM to York DK0030072194 $15.1MM (4)

York Credit Opportunities Master Fund, L.P.

By: *Adam J. Semler*
Name: Adam J. Semler
Title: COO of its GP

Address:
767 Fifth Avenue – 17th Floor
New York, NY 10153

York European Opportunities Master Fund, L.P.

By: *Adam J. Semler*
Name: Adam J. Semler
Title: COO of Its GP

Address:
767 Fifth Avenue – 17th Floor
New York, NY 10153


YCM Legal
APPROVED

3

**SCHEDULE 1**

Transferred Claims

Purchased Claim

$15,158,370.01 of $37,087,154.00 (the outstanding amount of the Proof of Claim as of December 15, 2010) as set forth below:

Lehman Programs Securities to which Transfer Relates

| Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| York Credit Opportunities Fund, L.P. | DKK 108,530,000 Index-Linked Notes relating to the Dow Jones Eurostoxx 50 Index | DK0030072194 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,350563.59 / (DKK 12,387,000) | Index-linked Interest | December 17, 2009 | USD 268,584.54 / (DKK 1,415,386.81) |
| York Credit Opportunites Master Fund, L.P. | DKK 108,530,000 Index-Linked Notes relating to the Dow Jones Eurostoxx 50 Index | DK0030072194 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 4,452,351.13 / (DKK 23,463,000) | Index-linked Interest | December 17, 2009 | USD 508,742.96 / (DKK 2,680,973.65) |
| York European Opportunities Master Fund, L.P. | DKK 108,530,000 Index-Linked Notes relating to the Dow Jones Eurostoxx 50 Index | DK0030072194 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 6,801,017.12 / (DKK 35,840,000) | Index-linked Interest | December 17, 2009 | USD 777,110.67 / (DKK 4,095,217.82) |

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |
| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)  0000050055 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
CARNEGIE BANK A/S AS APPOINTED TO ACT ON BEHALF OF OUR CUSTOMERS SPECIFIED IN SCHEDULE 1.
OVERGADEN NEDEN VANDET 9B, DK·1414 COPENHAGEN, DENMARK
ATTN: JESPER V. FRANTZEN, TEL: +4532880200
WEBSITE: WWW.CARNEGIE.DK
Telephone number:          Email Address:

☒ Check this box to indicate that this claim amends a previously filed claim.
3798, 3799
Court Claim Number: 3800 (If known)
Filed on: 8TH APRIL 2009

**Name and address where payment should be sent (if different from above)**
DANSKE BANK A/S, HOLMENS KANAL 2112
DK·1092 COPENHAGEN, DENMARK
SWIFT CODE: DABADKKK, CLIENT ACCOUNT: DK8130003001104810
Telephone number:    Email Address: WEBSITE: WWW.DANSKEBANK.DK

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ SEE SCHEDULE 1 (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** SEE SCHEDULE 1 (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**
SEE SCHEDULE 1 (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
SEE SCHEDULE 1 (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date: 23/11·09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY FILED / RECEIVED OCT 27 2009 EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571
JESPER V. FRANTZEN