WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                          :

**In re**                          :     **Chapter 11 Case No.**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :     **08-13555 (JMP)**

            Debtors.         :     **(Jointly Administered)**
                          :
------------------------------------------------------------------x

**OMNIBUS CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON JANUARY 13, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

       1.     Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the following motions (collectively the "Motions") with this Court:

- Debtors' Motion, Pursuant to Section 1121(d) of the Bankruptcy Code, Requesting Second Extension of Exclusive Periods for the Filing of and Solicitation of Acceptances

US_ACTIVE:\43602928\01\58399.0003

  For Chapter 11 Plans of Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC (the "Exclusivity Motion")  **[Docket No. 11171]**

- Debtors' Motion, Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rules 9019 and 4001, for an Order (i) Modifying the Automatic Stay to Allow Settlement Payment Under Directors and Officers Insurance Policies and (ii) Approving an Agreement and Release (the "Northgate Settlement Motion")  **[Docket No. 13559]**

  2. In accordance with the Second Amended Case Management Order, September 15, 2010 at 4:00 p.m. (Prevailing Eastern Time) (the "Exclusivity Objection Deadline") and January 6, 2011 (the "Northgate Objection Deadline," and together with the Exclusivity Objection Deadline, the "Objection Deadlines"), respectively, were established as the deadlines for parties to object or file responses to the Motions.  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

  3. On September 15, 2010, an objection was filed to the Exclusivity Motion with respect to the relief requested by the LB Somerset LLC and LB Preferred Somerset LLC (together, the "Somerset Debtors") only (the "Somerset Exclusivity Objection") **[Docket No. 11333]**.  The Exclusivity Objection Deadline passed and, to the best of my knowledge, other than the Somerset Exclusivity Objection, no objection or other responsive pleading to the Exclusivity Motion was filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor was any objection or other responsive pleading with respect to the Exclusivity Motion served on Debtors' counsel.  On September 27, 2010, the Court entered an order approving the relief requested in the Exclusivity Motion by Merit, LLC only (the "Merit Order") and, on December 28, 2010, the Somerset Exclusivity Objection was withdrawn **[Docket No. 13678]**.

4.     Additionally, the Northgate Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Northgate Settlement Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Northgate Settlement Motion been served on Debtors' counsel.

5.     Accordingly, for the reasons set forth in the Motions, the Debtors respectfully request that the proposed Orders annexed hereto as Exhibits A and B, and unmodified[1] since the filing of the Motions, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: January 10, 2011
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

---

[1] Except for the removal of the references to a hearing having been held and the conformation of the order approving the relief requested in the Exclusivity Motion to the entry of the Merit Order.

# **EXHIBIT A**

**(Proposed Order – Docket No. 11171)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                            :    Chapter 11 Case No.
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                 :
                        Debtors.                          :    (Jointly Administered)
                                                                 :
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION,
PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE,
REQUESTING SECOND EXTENSION OF EXCLUSIVE PERIODS FOR THE
FILING OF AND SOLICITATION OF ACCEPTANCES FOR CHAPTER 11
PLANS OF LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

Upon the motion, dated September 2, 2010 (the "Motion"), of LB Somerset LLC and LB Preferred Somerset LLC (together, the "Lehman Somerset Entities"), together with their affiliated debtors in the above-referenced chapter 11 cases as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), for an order further extending the exclusive periods during which only the Lehman Somerset Entities may file chapter 11 plans (the "Plan Period") and solicit acceptances thereof (the "Solicitation Period," and together with the Plan Period, the "Exclusive Periods"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case

management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as it relates to the Lehman Somerset Entities only; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, each Lehman Somerset Entities' exclusive Plan Period is extended through and including February 15, 2011; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, each Lehman Somerset Entities' exclusive Solicitation Period is extended through and including April 15, 2011; and it is further

ORDERED that the extension of the Exclusive Periods granted herein is without prejudice to any party in interest's rights, pursuant to section 1121(d) of the Bankruptcy Code, to move to reduce or increase the Lehman Somerset Entities' Exclusive Periods; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: January __, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**(Proposed Order – Docket No. 13559)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re　　　　　　　　　　　　　　　　　　　: 　Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*,　: 　08-13555 (JMP)
: 
　　　　　　　Debtors.　　　　　　　　　　　: 　(Jointly Administered)
: 
---------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION, PURSUANT TO
SECTION 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES
9019 AND 4001, FOR AN ORDER (I) MODIFYING THE AUTOMATIC STAY
TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS
INSURANCE POLICIES AND (II) APPROVING AN AGREEMENT AND
RELEASE**

Upon the motion, dated December 17, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rules 9019 and 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order (i) modifying the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent applicable, to allow U.S. Specialty Insurance Company and Zurich American Insurance Company (together, the "Insurers") to make a settlement payment of $975,000 (the "Settlement Payment") in connection with the terms of a settlement agreement (the "Settlement Agreement") between Northgate Minerals Corporation ("Northgate") and the Individual Defendants,[2] a copy of which is annexed to the Motion as Exhibit A, and (ii) approving LBHI's entry into and

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

US_ACTIVE:\43602928\01\58399.0003

performance of an agreement and release (the "Agreement and Release") between LBHI and Northgate, a copy of which is annexed to the Motion as Exhibit B, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; (vii) U.S. Specialty Insurance Company; (viii) Zurich American Insurance Company; (ix) Northgate, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow the Insurers to make the Settlement Payment provided for in the Settlement Agreement on behalf of the Individual Defendants in accordance with the terms of the Policies; and it is further

ORDERED that the Debtors are authorized to execute all documentation necessary to allow the Insurers to fund the Settlement Payment on behalf of the Individual Defendants pursuant to the Settlement Agreement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Insurers, the Debtors or the Individual Defendants provided for under the terms and conditions of the Policies; and it is further

ORDERED that all parties to the Policies reserve all rights and defenses with respect to the Policies that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that the Agreement and Release is approved; and it is further

ORDERED that, subject to Northgate's receipt of the Settlement Payment, proof of claim number 30593 asserted by Northgate against LBHI (the "Proof of Claim") is disallowed with prejudice, and, after receipt of the Settlement Payment, Northgate shall

promptly file a notice on the docket instructing the claims agent to expunge the Proof of Claim from the claims register; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January __, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE