Form 210A (10/06)

# United States Bankruptcy Court

## Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al., Debtors,</u>     Case <u>No. 08-13555 (JMP)</u>

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence, attached hereto, and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Bank Julius Baer & Co. Ltd.
_____
Name of Transferee

Pictet & Cie
_____
Name of Transferor

Name and Address where notices
to transferee should be sent:

Patrik Roos / Michael Gerny
Bank Julius Baer & Co. Ltd.
P.O. Box
8010 Zurich
Switzerland

Phone: +41588877336
Last Four Digits of Acct #: _____

Court Claim # (if known): 64249
Date Claim Filed: 10/28/2009
Amount of Claim: USD 49,752,006.93
Portion of Claim Transferred (see
Schedule I): USD 200,000

Phone: +41583231326
Last Four Digits of Acct. #: EOC 93010

Name and Address where transferee
payments should be sent (if different
from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: 20 October 2010
Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
*LEHMAN BROTHERS PROGRAM SECURITY*

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **PICTET & CIE (the "Transferor")** hereby unconditionally and irrevocably transfers and assigns to *Bank Julius Baer+Co. Ltd.* (the "Transferee") and Transferee hereby agrees to receive, as of the 20 October 2010 (the "Effective Date"), (a) an undivided interest, to the extent of the Claim Amount specified in Schedule 1 attached hereto (the "Transferred Claim"), in Transferor's right, title and interest in and to Proof of **Claim Number 64249** filed by Transferor (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP), (b) all rights and benefits of Transferor relating to the Transferred Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Transferred Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Transferred Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title Il of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other part, arising out of or in connection with the Transferred Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Transferred Claim, and (iv) any and all of Transferor's right, title and interest in, to and under the transfer agreements, if any, under which Transferor or any prior Transferor acquired the rights and obligations underlying or constituting a part of the Transferred Claim, but only to the extent related to the Transferred Claim, and any and all of Transferor's right, title and interest in, to and under any right or remedy of Transferor or any prior Transferor against any prior Transferor in respect of the Transferred Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Transferred Security") relating to the Transferred Claim and specified in Schedule 1 attached hereto.

2. Transferor hereby represents and warrants to Transferee that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on htt://ww.lehman-docket.com as of July 17, 2009; (c) Transferor owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Transferor or against Transferor; (d) Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Transferred Claim specified in Schedule 1 attached hereto; and (f) Transferor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor

or its affiliates, that will give rise to any set off, defence or counterclaim or will result in Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favourable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated.

3. Transferor hereby waives any objection to the transfer of the Transferred Claims to Transferee on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Transferor transferring to Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Transferee.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Transferee shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor. Transferor hereby agrees to indemnify, defend and hold Transferee , its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Transferor' s breach of its representations and warranties made herein.

5. Transferor shall promptly (but in any event on no later than the second (2nd) business day (following receipt) remit any payments, distributions or proceeds received by Transferor in respect of the Transferred Claims to Transferee. Transferor shall transfer on the Effective Date to Transferee each Transferred Security to such account, via Euroclear or Clearstream (or similar transfer method), as Transferee may designate in writing to Transferor. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Transferred Security.

6. Each of Transferor and Transferee agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other part may reasonably request to effectuate the intent and purposes, and car out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Transferor and Transferee each submit to the jurisdiction of the courts located in the County of New York in the State of New York.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20 day of October 2010

**PICTET & CIE**

By: _____
Name: Antoine SALAMOLARD    Jean-Philippe NERFIN
Title: AVP    Officer

Bank Julius Baer + Co. AG

By: _____
Name: P. Roos    F. Burckhardt
Title: Executive Director    Director

Address:

Route des Acacias 60
1211 Geneva 73
Switzerland

Address:

Bahnhofstrasse 36
Postfach
8010 Zurich
Switzerland

Schedule 1

Purchased Claim

Transferred Claims

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Capital Protected Note by Lehman Treasury BV with commodity basket payout | XS0340756898 | Lehman Brothers Treasury BV Co | Lehman Brothers Holdings Inc | USD 200,000 | 0% | 28th July 2009 | USD 200,000 |

PICTET & C<sup>IE</sup>

Jean-Philippe NERFIN

Antoine SALAMOLARD

## TRANSFER TRADE CONFIRMATION

| | |
|---|---|
| Date: | October 20, 2010 |
| Attn: | Julius Baer & Co. Ltd |

We are pleased to confirm the following transaction:

| | |
|---|---|
| Trade Date: | October 20, 2010 |
| Issuer: | Lehman Brothers Treasury CO B.V. |
| Guarantor: | Lehman Brothers Holdings Inc |
| Guarantor Claim: | Any and all Transferor's rights, title and interest in and under that certain claim under **Claim Number 64249** which is filed with the United States Bankruptcy Court Southern District of New York under Case No. 08-13555 (JMP) in the amount of **US$ 200,000.00**. The Claim is derived from a bond issuance under ISIN XS0340756898 the Lehman Program Securities (the "Bonds"). |
| Transferor: | Pictet & Cie |
| Transferee : | Julius Baer & Co. Ltd |

Traded Amount of Bonds: Original Principal of USD 200,000.00

| | |
|---|---|
| Interest Treatment: | Interest treatment is flat (all unpaid interest, fees, payments or any distributions made on or after Transfer Date goes to buyer free of charge). |
| Transfer Date: | As soon as practicable |
| Documentation/ Transfer Method: | The Guarantor Claim will be transferred by an Agreement and Evidence of Transfer of Claim in the form of the attached document. The Bonds will be delivered Delivery free of payment ("DFP") on the Effective Date (as set out in the Agreement and Evidence of Transfer of Claim) in the Euroclear or Clearstream custodial system. The Transferor shall settle DFP through E/C 93010. The Transferee shall settle DFP through an account separately specified. |
| Confidentiality: | All parties shall maintain the confidentiality of the terms of the transaction unless otherwise required by law or regulation |
| Governing Law: | This Trade Confirmation shall be governed by Swiss law. |

# PICTET
**1805**

Pictet & Cie
Route des Acacias 60
1211 Genève 73
Suisse

tél. +41 (0)58 323 2323
fax +41 (0)58 323 2324

www.pictet.com

Pictet & Cie Banquiers

<u>By registered mail</u>
Lehman Brothers Holdings Claims
Processing Center
c/o EPIQ BANKRUPTCY SOLUTIONS, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076
USA

Geneva, 5 November 2010
Our ref: 1326/AS

<u>Re</u> :   Lehman Brothers Holding Inc., et al., Debtors
        Chapter 11, Case No. 08.13555 (JMP) (Jointly Administered)
        **TRANSFER OF CLAIM**

Dear Sirs,

Acting as authorised representatives of Pictet & Cie, we are pleased to request the transfer of a portion of the claim number **64249** filled in the name of Pictet & Cie (Transferor) to Julius Baer & Co. Ltd (Transferee).

In order to support our transfer request, please find enclosed herewith the following documents duly completed and signed by the Transferor and/or the Transferee :

- Form 210A ;
- Agreement and Evidence of Transfer of Claim ;
- Schedule 1 to the Agreement and Evidence of Transfer of Claim
- Copy of the Trade Confirmation

We would be much appreciative if you could acknowledge receipt of the present request and confirm the transfer, either by email (<u>asalamolard@pictet.com</u>), fax (+41583232950), telephone (+41583231326) or post mail to the attention of Mr. Antoine Salamolard, Legal Department.

1805

Should you need any further information, please do not hesitate to contact the above-named.

Yours sincerely,

PICTET & C<sup>IE</sup>

_____    _____
Antoine Salamolard            Jean-Philippe Nerfin



