Hearing Date and Time: January 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                    :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    08-13555 (JMP)
:
Debtors.                               :    (Jointly Administered)
:
:
---------------------------------------------------------------x

**NOTICE OF AMENDED FIFTH SUPPLEMENTAL ORDER
PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY
CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR
ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS**

PLEASE TAKE NOTICE that attached hereto as Exhibit A is the Debtors' revised proposed Fifth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement and Assumption and Assignment of Prepetition Derivative Contracts (the "Order").  Attached hereto as Exhibit B is a version of the revised proposed Order, marked to show changes from the version originally filed with the Court.

Dated: January 11, 2011
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

US_ACTIVE:\43600584\01\58399.0008

**Exhibit A**

**Revised Proposed Order**

US_ACTIVE:\43600584\01\58399.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
In re                                                                           :    Chapter 11 Case No.
                                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                  :
                              Debtors.                              :    (Jointly Administered)
                                                                                  :
-----------------------------------------------------------------x

### FIFTH SUPPLEMENTAL ORDER
### PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY
### CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR
### ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS

Upon the motion, dated November 13, 2008 (the "Original Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 365 of the Bankruptcy Code (the "Bankruptcy Code") and Rules 6006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order establishing procedures for the assumption and assignment (the "Assumption and Assignment Procedures") of derivative contracts (the "Derivative Contracts") the Debtors entered into with various counterparties (the "Counterparties") and the settlement of claims arising from the termination of Derivative Contracts (the "Termination and Settlement Procedures," together with the Assumption and Assignment Procedures, the "Procedures"), all as more fully described in the Motion; and consideration of the Original Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on December 16, 2008 to consider the relief requested in the Original Motion; and an order having been entered on December 16, 2008

[Docket No. 2257] granting the relief requested in the Original Motion (the "Derivatives Procedures Order") except as to the Derivative Contracts in respect of which the Remaining Objectors (as defined in the Derivatives Procedures Order) filed an objection; and, from time to time, the Court having entered supplemental orders to make the Procedures applicable to the Remaining Objectors on consent [Docket Nos. 2557, 5292 and 5544] (collectively, the "Supplemental Orders"); and by the Debtors' Motion Pursuant To Section 105(a) of The Bankruptcy Code And Rule 9019 of The Federal Rules of Bankruptcy Procedure, For Entry of An Order Clarifying The Scope of The Procedures For The Settlement of Prepetition Derivative Contracts, dated December 22, 2010 (the "Motion"), the Debtors have filed this fifth supplemental order to clarify the scope and application of the Termination and Settlement Procedures; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing having been held on January 13, 2011 to consider the clarification requested in the Motion; and the Court having previously found and determined at the Hearing that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and the Court having found and determined that the entry of this Order is in the best interest of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the avoidance of doubt, the Termination and Settlement Procedures authorize the Debtors to (i) enter into and consummate termination agreements with respect to any agreements related to Derivatives Contracts, regardless of the identity of the signatories to such agreements, (ii) settle and dismiss any adversary proceeding or other plenary litigation related to the relevant Derivatives Contracts, and (iii) enter into any agreement ancillary to the foregoing; and it is further

ORDERED that, for the avoidance of doubt, solely for purposes of the Termination and Settlement Procedures, the term Counterparty[1] shall include trustees, noteholders, certificate holders or any other parties having an interest in a transaction underlying or related to a particular Derivatives Contract; and it is further

ORDERED that, the Derivatives Procedures Order as supplemented herein shall be applicable to any settlements consummated by the Debtors prior to the entry of this Order in accordance with the Derivatives Procedures Order; and it is further

ORDERED that all terms of the Derivatives Procedures Order and the Supplemental Orders shall otherwise continue to apply and remain in full force and effect without modification; and it is further

ORDERED, for the avoidance of doubt, the Termination and Settlement Procedures shall be applicable to any termination agreement that is or has been entered into by the Debtors with respect to any January Remaining Derivative Contract (as defined in the Fourth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement of Assumption and Assignment of Prepetition Derivative Contracts, dated October 16, 2009) only if a January Remaining Objector (as defined in the

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Original Motion.

Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated January 15, 2009) that filed an objection as to such January Remaining Derivative Contract is either a party to or consents in writing to such termination agreement; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Derivative Contracts pursuant to, among other things, section 365 of the Bankruptcy Code.

Dated: January ___, 2011
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

# Blackline of Revised Proposed Order

US_ACTIVE:\43600584\01\58399.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re                                                                      :    Chapter 11 Case No.
                                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (JMP)
                                                                                 :
                          Debtors.                                 :    (Jointly Administered)
                                                                                 :
-----------------------------------------------------------------x

### FIFTH SUPPLEMENTAL ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE CONTRACTS

Upon the motion, dated November 13, 2008 (the "Original Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 365 of the Bankruptcy Code (the "Bankruptcy Code") and Rules 6006 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order establishing procedures for the assumption and assignment (the "Assumption and Assignment Procedures") of derivative contracts (the "Derivative Contracts") the Debtors entered into with various counterparties (the "Counterparties") and the settlement of claims arising from the termination of Derivative Contracts (the "Termination and Settlement Procedures," together with the Assumption and Assignment Procedures, the "Procedures"), all as more fully described in the Motion; and consideration of the Original Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on December 16, 2008 to consider the relief requested in the Original Motion; and an order having been entered on December 16, 2008

[Docket No. 2257] granting the relief requested in the Original Motion (the "<u>Derivatives Procedures Order</u>") except as to the Derivative Contracts in respect of which the Remaining Objectors (as defined in the Derivatives Procedures Order) filed an objection; and, from time to time, the Court having entered supplemental orders to make the Procedures applicable to the Remaining Objectors on consent [Docket Nos. 2557, 5292 and 5544] (collectively, the "<u>Supplemental Orders</u>"); and by the Debtors' Motion Pursuant To Section 105(a) of The Bankruptcy Code And Rule 9019 of The Federal Rules of Bankruptcy Procedure, For Entry of An Order Clarifying The Scope of The Procedures For The Settlement of Prepetition Derivative Contracts, dated December 22, 2010 (the "<u>Motion</u>"), the Debtors have filed this fifth supplemental order to clarify the scope and application of the Termination and Settlement Procedures; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing having been held on January 13, 2011 to consider the clarification requested in the Motion; and the Court having previously found and determined at the Hearing that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and the Court having found and determined that the entry of this Order is in the best interest of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the avoidance of doubt, the Termination and Settlement Procedures authorize the Debtors to (i) ~~terminate and settle~~ enter into and consummate termination agreements with respect to any agreements related to Derivatives Contracts, regardless of the identity of the signatories to such agreements, (ii) settle and dismiss any adversary proceeding or other plenary litigation related to the relevant Derivatives Contracts, and (iii) enter into any agreement ancillary to the foregoing; and it is further

ORDERED that, for the avoidance of doubt, solely for purposes of the Termination and Settlement Procedures, the term Counterparty[1] shall include trustees, noteholders, certificate holders or any other parties having an interest in a transaction underlying or related to a particular Derivatives Contract; and it is further

ORDERED that, the Derivatives Procedures Order as supplemented herein shall be applicable to any settlements consummated by the Debtors prior to the entry of this Order in accordance with the Derivatives Procedures Order; and it is further

ORDERED that all terms of the Derivatives Procedures Order and the Supplemental Orders shall otherwise continue to apply and remain in full force and effect without modification; and it is further

ORDERED, for the avoidance of doubt, the Termination and Settlement Procedures shall be applicable to any termination agreement that is or has been entered into by the Debtors with respect to any January Remaining Derivative Contract (as defined in the Fourth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement of Assumption and Assignment of Prepetition Derivative Contracts, dated October 16, 2009) only if a January Remaining Objector (as defined in the

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Original Motion.

Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated January 15, 2009) that filed an objection as to such January Remaining Derivative Contract is either a party to or consents in writing to such termination agreement; and it is further

        ORDERED that entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Derivative Contracts pursuant to, among other things, section 365 of the Bankruptcy Code.

Dated: January \_\_\_, 2011
      New York, New York

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE