HEARING DATE AND TIME: March 3, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: February 14, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CASEY BURTON, AT (214) 746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                     Debtors.                      :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on January 12, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their seventy-eighth omnibus objection to claims (the "Debtors' Seventy-Eighth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Seventy-Eighth Omnibus Objection to Claims will be held

US_ACTIVE:\43594885\08\58399.0008

before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 3, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Seventy-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **February 14, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Seventy-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Seventy-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 13, 2011
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: March 3, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: February 14, 2011 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                          :        Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :        08-13555 (JMP)
                                               :
                Debtors.                       :        (Jointly Administered)
---------------------------------------------------------------x

### DEBTORS' SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS)

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CASEY BURTON, AT (214) 746-7700.**

US_ACTIVE:\43594885\08\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Preliminary Statement**

1. The Duplicative of Trustee Claims[1] should be disallowed and expunged because they are (i) duplicative of the Trustee Claims[2] and (ii) the Debtors have no contractual relationship, privity, or other obligation to the noteholders and, therefore, are not liability on the claims.

2. BNY Corporate Trustee Services Limited ("BNY") and Dante Finance Public Limited Company entered into a Principal Trust Deed dated October 10, 2002 (the "Principal Trust Deed"), in connection with the Multi-Issuer Secured Obligation Programme (the "MISOP"). The MISOP and certain special purpose entities, including Topaz Finance Limited ("Topaz"), were created as vehicles for entering into synthetic collateralized debt obligation transactions.

3. Pursuant to the MISOP, Topaz issued the Topaz Finance Limited Series 2005-1 EUR 50,000,000 Tulip Lane CDO of CDO Variable Rate Credit-Linked Synthetic Portfolio Notes due 2015 (the "Notes") to, among others, the holders of the Duplicative of Trustee Claims (the "Noteholder Claimants"). Topaz and Lehman Brothers Special Financing

---

[1] The Duplicative of Trustee Claims are the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" on Exhibit A attached hereto.

[2] The Trustee claims are the proofs claim listed under the heading "*Surviving Claims*" on Exhibit A attached hereto.

Inc. ("LBSF") entered into a credit default swap agreement (the "Swap Agreement"), which was guaranteed by LBHI (the "Guarantee"). The Noteholder Claimants are not parties to the Swap Agreement or the Guarantee. The Debtors did not enter into a swap agreement or guarantee with the Noteholder Claimants. Accordingly, the Debtors do not have a contractual relationship with, and thus have no liability to, the Noteholder Claimants.

4. The Trustee Claims were filed by BNY, in its capacity as trustee, on behalf of Topaz, the issuer of the Notes, to protect the interests of the investors who are the holders of those notes (the "Noteholders"). The Trustee Claims are based on the Swap Agreement and the Guarantee. The Duplicative of Trustee Claims were filed by the Noteholder Claimants and are also based on the Swap Agreement and the Guarantee. Thus, the Duplicative of Trustee Claims are substantively duplicative, in whole or in part, of the Trustee Claims.

**Relief Requested**

5. The Debtors file this seventy-eighth omnibus objection to claims (the "Seventy-Eighth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking the disallowance and expungement of the Duplicative of Trustee Claims as substantively duplicative, in whole or in part, of the Trustee Claims and on the grounds that the Debtors have no liability for said claims.

6. This Seventy-Eighth Omnibus Objection to Claims does not affect the Trustee Claims and does not constitute any admission or finding with respect to the Trustee Claims, and the Debtors' right to later object to the Trustee Claims on any basis is preserved.

Further, the Debtors reserve all their rights to object on any basis to any Duplicative of Trustee Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

7.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

8.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

10.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

11.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## The Proofs of Claim

12. On or before September 22, 2009, BNY filed the Trustee Claims on behalf of Topaz to protect the interests of the Noteholders, and seeks to recover amounts under the Swap Agreement and the Guarantee. (*See* Trustee Claims at ¶ 3.) The Noteholder Claimants filed the Duplicative of Trustee Claims, seeking to recover on the Notes under the Swap Agreement and the Guarantee.

## The Duplicative of Trustee Claims Should Be Disallowed and Expunged

13. The Duplicative of Trustee Claims should be disallowed and expunged for two separate but related reasons. First, the Duplicative of Trustee Claims should be disallowed and expunged because they are substantively duplicative, in whole or in part, of the Trustee Claims. Second, the Duplicative of Trustee Claims should be disallowed and expunged because there is no contractual relationship between the Noteholder Claimants and the Debtors, and therefore the Debtors do not have liability to the Noteholder Claimants.

       *a.    The Duplicative of Trustee Claims are Duplicative of the Trustee Claims Filed On Behalf of the Noteholders.*

14. The Duplicative of Trustee Claims are substantively duplicative, in whole or in part, of the Trustee Claims. Each Duplicative of Trustee Claim was filed by a Noteholder Claimant and asserts a general unsecured claim relating to the Notes, the Swap Agreement, and the Guarantee. The Trustee Claims are general unsecured claims filed by BNY, as trustee under the Principal Trust Deed, on behalf of Topaz and to protect the interests of the Noteholders and seek to recover under the Swap Agreement and the Guarantee. Thus, each Duplicative of

Trustee Claim seeks to recover, in whole or in part, for the same alleged obligation and on behalf of the same claimants as the respective Trustee Claim.

15.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

16.  Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

17.  The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

18.  The Duplicative of Trustee Claims should be disallowed as substantively duplicative of the Trustee Claims. BNY, in its capacity as trustee under the Principal Trust Deed, is the proper party to prosecute claims related to the Notes and the MISOP, not the

Noteholder Claimants. The terms of the Principal Trust Deed permit BNY to act on behalf of Topaz for the benefit of the Noteholders. (*See* Principal Trust Deed at § 9.23, excerpt attached hereto as <u>Exhibit B</u> ("[i]n acting as Trustee under the Trust Deed in respect of Notes of any Series the Trustee shall not assume any duty or responsibility to any Swap Counterparty or any Credit Enhancement Provider . . . and shall *have regard solely to the interests of the Noteholders* of such Series . . . .") (emphasis added).) Moreover, the Bankruptcy Rules provide that "[a]n indenture trustee may file a claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is the trustee."[3] *See* Fed. R. Bankr. P. 3003(c)(5). Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge the Duplicative of Trustee Claims in their entirety. The Trustee Claims will remain on the claims register subject to further objections on any basis.

      *b. The Debtors Have No Liability for the Duplicative of Trustee Claims*.

   19. The Duplicative of Trustee Claims are also claims for which the Debtors have no liability. Each Duplicative of Trustee Claim was filed by a Noteholder Claimant with whom the Debtors have no contractual relationship.

   20. Section 502(b)(1) of the Bankruptcy Code provides that a claim is deemed allowed except to the extent that it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A claim is defined as a "right to payment." 11 U.S.C. § 101(5). The Noteholder Claimants have no contractual

---

[3] The Principal Trust Deed is essentially an indenture, and BNY is essentially an indenture trustee thereunder. *See* BARRON'S DICTIONARY OF FINANCE AND INVESTMENT TERMS 327-28 (7th ed. 2006) (listing "deed of trust" as a synonym used for "indenture").

relationship with, and thus no enforceable right to payment against, the Debtors. If the Debtors have any liability arising out of the Swap Agreement or the Guarantee, then that liability is only to Topaz, the party with whom the Swap Agreement and the Guarantee were made.

21. Unless the Duplicative of Trustee Claims are disallowed and expunged, the potential exists for recoveries by parties that do not hold valid claims against the Debtors' estates. Thus, the Debtors request that the Court enter an order disallowing and expunging the Duplicative of Trustee Claims listed on Exhibit A.

**Notice**

22. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Seventy-Eighth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

23. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: January 13, 2011
      New York, New York

                                        /s/ Shai Y. Waisman
                                        Shai Y. Waisman

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 78: EXHIBIT A – DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 1 | STAALBANKIERS N.V. LANGE HOUTSTRAAT 4-8 CW 'S-GRAVENHAGE, 2511 NETHERLANDS | 09/22/2009 | 08-13555 (JMP) | 27413 | Undetermined | TOPAZ FINANCE LIMITED SERIES 2005-1 C/O BANK OF NEW YORK MELLON-LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA-VICE PRESIDENT GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 09/21/2009 | 08-13555 (JMP) | 25833 | Undetermined | Duplicative of Trustee / No Liability Claim |
| 2 | STAALBANKIERS N.V. LANGE HOUTSTRAAT 4-8 CW 'S-GRAVENHAGE, 2511 NETHERLANDS | 09/22/2009 | 08-13888 (JMP) | 27414 | Undetermined | TOPAZ FINANCE LIMITED SERIES 2005-1 C/O BANK OF NEW YORK MELLON-LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA-VICE PRESIDENT GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 09/21/2009 | 08-13888 (JMP) | 25831 | Undetermined | Duplicative of Trustee / No Liability Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts     Page 1 of 2

IN RE: LEHMAN BROTHERS HOLDINGS, INC.   CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 78: EXHIBIT A – DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 3 | STAAL BEWAARBEDRIJF BV LANGE HOUTSTRAAT 8 2511 CW S-GRAVENHAGE PO BOX 327 2501 CH S-GRAVENHAGE NETHERLANDS | 09/22/2009 | 08-13888 (JMP) | 27441 | Undetermined | TOPAZ FINANCE LIMITED SERIES 2005-1 C/O BANK OF NEW YORK MELLON-LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA-VICE PRESIDENT GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 09/21/2009 | 08-13888 (JMP) | 25831 | Undetermined | Duplicative of Trustee / No Liability Claim |
| 4 | STAAL BEWAARBEDRIJF LANGE HOUTSTRAAT 8 2511 CW S-GRAVENHAGE PO BOX 327 2501 CH S-GRAVENHAGE NETHERLANDS | 09/22/2009 | 08-13555 (JMP) | 27442 | Undetermined | TOPAZ FINANCE LIMITED SERIES 2005-1 C/O BANK OF NEW YORK MELLON-LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA-VICE PRESIDENT GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 09/21/2009 | 08-13555 (JMP) | 25833 | Undetermined | Duplicative of Trustee / No Liability Claim |
| | | | | TOTAL | $0.00 | | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

# EXHIBIT B

Dated 10 October 2002
as Amended and Restated on 20 July 2007

**DANTE FINANCE PUBLIC LIMITED COMPANY**

an Issuer

and

**BNY CORPORATE TRUSTEE SERVICES LIMITED**

as Trustee

# PRINCIPAL TRUST DEED

relating to

Multi-Issuer Secured Obligation Programme

arranged by

**LEHMAN BROTHERS INTERNATIONAL (EUROPE)**

Linklaters

Ref: 01/200/MWAF/JZD

Linklaters LLP

Issuer nor is it obliged (unless indemnified to its satisfaction) to take any action which may involve the Trustee in any personal liability or expense.

**9.19** **Payment for and Delivery of Notes:** The Trustee shall not be responsible for the receipt or application by the Issuer of the proceeds of the issue of the Notes of any Series, any exchange of such Notes or the delivery of such Notes to the persons entitled to them.

**9.20** **Legal Opinions:** The Trustee shall not be responsible to any person for failing to request, require or receive any legal opinion relating to any Notes or for checking or commenting upon the content of any such legal opinion.

**9.21** **Exercise of Voting Rights:** The Trustee shall not be responsible for the exercise or non-exercise of any voting rights in respect of the Collateral.

**9.22** **Consents:** Any consent or approval given by the Trustee for the purposes of the Trust Deed may be given on such terms and subject to such conditions (if any) as the Trustee thinks fit.

**9.23** **Swap Counterparty:** In acting as Trustee under the Trust Deed in respect of Notes of any Series the Trustee shall not assume any duty or responsibility to any Swap Counterparty or any Credit Enhancement Provider (other than to pay to such Swap Counterparty any moneys received and payable to it for it and to act in accordance with the provisions of Conditions 4(b) and 4(f)) and shall have regard solely to the interests of the Noteholders of such Series and shall not be obliged to act on any directions of the Swap Counterparty if this would in the Trustee's opinion be contrary to the interests of the Noteholders of such Series.

**9.24** **Determination or Calculation by the Trustee:** For each Series, if the Issuing and Paying Agent does not at any time for any reason so determine the Interest Rate or calculate the Interest Amount for an Interest Accrual Period, the Trustee shall do so and such determination or calculation shall be deemed to have been made by the Issuing and Paying Agent. In doing so, the Trustee shall apply the provisions of Condition 5, with any necessary consequential amendments, to the extent that, in its opinion, it can do so, and, in all other respects it shall do so in such manner as it shall deem fair and reasonable in all the circumstances.

**9.25** **Rating and Rating Agencies:** The Trustee assumes no responsibility for the rating of the Notes of any Series or for providing information to, or soliciting information from, any rating agency.

**9.26** **Swap Counterparty Certificates:** The Trustee may call for (and the Issuer will use its best endeavours to procure the delivery of) and rely on certificates of any authorised person on behalf of the Swap Counterparty as to amounts owed to it.

**9.27** **Responsibility for agents etc.:** If the Trustee exercises reasonable care in selecting any custodian, agent, delegate or nominee appointed under this sub-Clause 9.28 (an "**Appointee**"), it will not have any obligation to supervise the Appointee or be responsible for any loss, liability, cost, claim, action, demand or expense incurred by reason of the Appointee's misconduct or default or the misconduct or default of any substitute appointed by the Appointee.

**9.28** **Conflict between Noteholders and Related Noteholders:** Where, in the opinion of the Trustee, there is a conflict between the interests of the holders of the Notes and those of