**HEARING DATE AND TIME: March 3, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 14, 2011 at 4:00 p.m. (Eastern Time)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :   Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :   08-13555 (JMP)
                                                   :
                           Debtors.                :   (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' SEVENTY-NINTH**
**OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)**

**PLEASE TAKE NOTICE** that on January 13, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their seventy-ninth omnibus objection to claims (the "Debtors' Seventy-Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Seventy-Ninth Omnibus Objection to Claims will be held before the

US_ACTIVE:\43598961\02\58399.0008

Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 3, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Seventy-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **February 14, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Seventy-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Seventy-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 13, 2011
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 3, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 14, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                               :     Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :     08-13555 (JMP)
                                                    :
                    Debtors.                        :     (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' SEVENTY-NINTH OMNIBUS**
**OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

---

US_ACTIVE:\43598961\02\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1.  The Debtors file this seventy-ninth omnibus objection to claims (the "Seventy-Ninth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking the reclassification of the claims listed on Exhibit A annexed hereto.

2.  The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "Misclassified Claims") and determined that they should be reclassified as general unsecured non-priority claims. The holders of the Misclassified Claims assert that their claims are entitled to treatment, in whole or in part, as administrative expense claims under section 503(b)(9) of the Bankruptcy Code.[1] However, the Misclassified Claims fail to meet section 503(b)(9)'s threshold requirement, as they are not seeking to recover for the sale of goods to the Debtors. The Misclassified Claims, therefore, are not entitled to treatment as administrative expense claims, and to the extent they seek such treatment, they should be reclassified as general unsecured non-priority claims.

---

[1] The "Asserted Amount" and "Asserted Class" columns on Exhibit A reflect the portion of the Misclassified Claim for which the claimant seeks treatment as an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code.

3. Accordingly, the Debtors request reclassification of the Misclassified Claims as indicated on <u>Exhibit A</u> to accurately reflect the nature and priority of the Misclassified Claims on the Court's claims register. This objection is solely to reclassify improperly asserted administrative expense claims, and the Debtors reserve their right to object to the Misclassified Claims on all other grounds.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "<u>Examiner</u>") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The Misclassified Claims Do Not Qualify as Administrative Expense Claims

9.      The Debtors have reviewed each of the Misclassified Claims and have determined that they do not articulate any valid basis for treatment, in whole or in part, as administrative expenses under section 503(b)(9) of the Bankruptcy Code.  The Misclassified Claims can be grouped into three categories:  (i) claims seeking to recover for services rendered, (ii) claims seeking to recover for damages allegedly arising from rejection of leases, and (iii) claims seeking to recover for ownership of the Debtors' securities.  These categories of claims fail to meet the most basic requirement of section 503(b)(9)—that a claim be for the sale of goods.  *See* 11 U.S.C. § 503(b)(9).

10.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, the claimant bears the burden of establishing that his claim qualifies as an administrative expense. *In re Old Carco LLC*, 424 B.R. 650, 655-57 (Bankr. S.D.N.Y. 2010) (claimant bears burden of establishing that claim qualifies as an administrative expense given priority treatment); *In re Goody's Family Clothing, Inc.*, 401 B.R. 131, 137 n.27 (Bankr. D. Del. 2009) ("An

administrative expense claimant bears the burden of establishing that its claim qualifies for priority status.") (quoting *In re Insilco Techs., Inc.*, 309 B.R. 111, 114 (Bankr. D. Del. 2004)).

11.    Under section 503(b)(9) of the Bankruptcy Code, claims for the "value of any goods received by the debtor within 20 days before the commencement of a case under [title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business" qualify for administrative expense treatment. *See id.* By its plain language, section 503(b)(9) only applies to claims for the sale of goods to a debtor. The term "goods" is not defined in the Bankruptcy Code, but courts generally apply the definition of the word "goods" contained in section 2-105(1) of the Uniform Commercial Code (the "UCC") when interpreting section 503(b)(9). *See In re Erving Indus., Inc.*, 432 B.R. 354, 365-66 (Bankr. D. Mass. 2010) (noting that several courts have applied the UCC's definition of "goods" when interpreting section 503(b)(9) and applying same); *In re Pilgrim's Pride Corp.*, 421 B.R. 231, 236-37 (Bankr. N.D. Tex. 2009) (same); *In re Goody's Family Clothing, Inc.*, 401 B.R. at 134 (same).

12.    Section 2-105(1) of the UCC defines "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action." Accordingly, claims seeking to recover for services rendered, securities issued by the Debtors, or other nontangible items, as the Misclassified Claims seek to do, do not meet the threshold requirement of section 503(b)(9). *See, e.g., In re Erving Indus., Inc.*, 432 B.R. at 357 ("[T]here is no doubt that § 503(b)(9) does not cover creditor claims arising from the provision of services to a debtor.")

13.    Claims for administrative expenses under section 503(b)(9) must be strictly construed to avoid depleting funds available for other creditors. *See In re Federated*

*Dep't Stores, Inc.*, 570 F.3d 994, 1000 (6th Cir. 2001) ("Claims for administrative expenses under § 503(b) are strictly construed because priority claims reduce the funds available for creditors and other claimants."); *In re Old Carco LLC*, 424 B.R. at 656 (strictly construing administrative expense claims preserves the estate for the benefit of all creditors). To preserve the Bankruptcy Code's intended order of priority and to prevent potentially improper recovery, the Debtors request reclassification of the Misclassified Claims on <u>Exhibit A</u> as general unsecured non-priority claims.

### Notice

14.     No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Seventy-Ninth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on <u>Exhibit A</u>; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: January 13, 2011
      New York, New York

          /s/ Shai Y. Waisman
          Shai Y. Waisman

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 79: EXHIBIT A – MISCLASSIFIED CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | 91 BEACON STREET TRUST HERITAGE LLC<br>C/O THOMAS W. DICKSON<br>TAYLOR ENGLISH DUMA LLP<br>1600 PARKWOOD CIRCLE, SUITE 400<br>ATLANTA, GA 30339 | 32287 | 09/22/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br>Subtotal | $2,391.18<br>$25,647.20<br>$28,038.38 | Unsecured | $28,038.38 |
| 2 | A.J. REALTY COMPANY HERITAGE LLC<br>C/O THOMAS W. DICKSON<br>TAYLOR ENGLISH DUMA LLP<br>1600 PARKWOOD CIRCLE, SUITE 400<br>ATLANTA, GA 30339 | 32288 | 09/22/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br>Subtotal | $5,180.88<br>$55,568.95<br>$60,749.83 | Unsecured | $60,749.83 |
| 3 | BARBARA S. BLACK, LLC AND JAMES W. BLACK, LLC, JOINTLY<br>C/O THOMAS W. DICKSON<br>TAYLOR ENGLISH DUMA LLP<br>1600 PARKWOOD CIRCLE, SUTIE 400<br>ATLANTA, GA 30339 | 32289 | 09/22/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br>Subtotal | $4,630.91<br>$49,670.10<br>$54,301.01 | Unsecured | $54,301.01 |
| 4 | BARNETT ASSOCIATES, INC<br>61 HILTON AVENUE<br>GARDEN CITY, NY 11530 | 5685 | 07/20/2009 | Lehman No Case Asserted/All Cases Asserted | Administrative | $30,000.00 | Unsecured | $30,000.00 |
| 5 | CITY OF OAKLAND AND OAKLAND REDEVELOPMENT AGENCY<br>ATTN: JOHN A RUSSO, CITY ATTORNEY- SBN 129729<br>BARBARA J. PARKER, CHIEF ASSIST. CITY ATTY- SBN 069722<br>SUSAN H. MOSK, DEPUTY CITY ATTORNEY- SBN 148410<br>ONE FRANK H. OGAWA PLAZA, 6TH FLOOR<br>OAKLAND, CA 94612 | 18674 | 09/18/2009 | Lehman No Case Asserted/All Cases Asserted | Administrative<br>Priority<br>Subtotal | $6,702,000.00*<br>$6,702,000.00*<br>$13,404,000.00 | Unsecured | $13,404,000.00* |

\* - Indicates claim contains unliquidated and/or undetermined amounts

† - Indicates that the Debtor on the filed proof of claim has been previously ordered modified to the Debtor listed on this exhibit

Page 1 of 3

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 79: EXHIBIT A – MISCLASSIFIED CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 6 | EXECUTIVE FLITEWAYS, INC.<br>ATTN: JOHN W. GRILLO<br>ONE CLARK DRIVE<br>RONKONKOMA, NY 11779 | 10665 | 09/08/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br><br>Subtotal | $585.14<br>$77.62<br><br>$662.76 | Unsecured | $662.76 |
| 7 | EXECUTIVE FLITEWAYS, INC.<br>ATTN: JOHN W. GRILLO<br>ONE CLARK DRIVE<br>RONKONKOMA, NY 11779 | 10666 | 09/08/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br><br>Subtotal | $33,089.41<br>$4,732.24<br><br>$37,821.65 | Unsecured | $37,821.65 |
| 8 | FORREST S. HIGGINBOTHAM, LLC<br>C/O THOMAS W. DICKSON<br>TAYLOR ENGLISH DUMA LLP<br>1600 PARKWOOD CIRCLE, SUTIE 400<br>ATLANTA, GA 30339 | 32290 | 09/22/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br><br>Subtotal | $5,179.55<br>$55,554.66<br><br>$60,734.21 | Unsecured | $60,734.21 |
| 9 | GENE YEANDLE, LLC<br>C/O THOMAS W. DICKSON<br>TAYLOR ENGLISH DUMA LLP<br>1600 PARKWOOD CIRCLE, STE 400<br>ATLANTA, GA 30339 | 32612 | 09/22/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br><br>Subtotal | $3,746.17<br>$40,180.62<br><br>$43,926.79 | Unsecured | $43,926.79 |
| 10 | GREENFIELD'S OTP LLC<br>15 PALATINE ROAD<br>CALIFON, NJ 07830 | 6550 | 07/28/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br><br>Subtotal | $800,000.00<br>$100,000.00<br><br>$900,000.00 | Unsecured | $900,000.00 |
| 11 | HOFFMAN, BLANCHE<br>4432 W. GREENLEAF AVE.<br>LINCOLNWOOD, IL 60712 | 6396 | 07/27/2009 | Lehman No Case Asserted/All Cases Asserted | Administrative | $7,615.00 | Unsecured | $7,615.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

† - Indicates that the Debtor on the filed proof of claim has been previously ordered modified to the Debtor listed on this exhibit

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 79: EXHIBIT A – MISCLASSIFIED CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 12 | JOHN J. TRABOSH TRUST, LLC AND VICTORIA H. TRABOSH TRUST, LLC, JOINTLY<br>C/O THOMAS W. DICKSON<br>TAYLOR ENGLISH DUMA LLP<br>1600 PARKWOOD CIRCLE, STE 400<br>ATLANTA, GA 30339 | 32613 | 09/22/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br><br>Subtotal | $1,713.67<br>$18,380.49<br><br>$20,094.16 | Unsecured | $20,094.16 |
| 13 | SETH E. WALKER HERITAGE, LLC<br>C/O THOMAS W. DICKSON<br>TAYLOR ENGLISH DUMA LLP<br>1600 PARKWOOD CIRCLE, STE 400<br>ATLANTA, GA 30339 | 32614 | 09/22/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br><br>Subtotal | $8,696.04<br>$93,271.79<br><br>$101,967.83 | Unsecured | $101,967.83 |
| 14 | SOURAPAS, K. JOAN<br>2038 W. CORTLAND STREET<br>CHICAGO, IL 60647 | 7140 | 08/03/2009 | Lehman No Case Asserted/All Cases Asserted | Administrative | $8,530.09 | Unsecured | $8,530.09 |
| 15 | STILLWELL FAMILY TRUST LLC, THE<br>C/O THOMAS W. DICKSON<br>TAYLOR ENGLISH DUMA LLP<br>1600 PARKWOOD CIRCLE, STE 400<br>ATLANTA, GA 30339 | 32615 | 09/22/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br><br>Subtotal | $2,072.35<br>$22,227.57<br><br>$24,299.92 | Unsecured | $24,299.92 |
| 16 | US BANK PORTFOLIO SERVICES<br>BANKRUPTCY DEPARTMENT<br>1310 MADRID STREET, SUITE 103<br>MARSHALL, MN 56258 | 8696 | 08/19/2009 | Lehman Brothers Holdings Inc. | Administrative | $8,119.19 | Unsecured | $8,119.19 |
| 17 | WEBSTAR, LLC<br>C/O THOMAS W. DICKSON<br>TAYLOR ENGLISH DUMA LLP<br>1600 PARKWOOD CIRCLE, STE 400<br>ATLANTA, GA 30339 | 32616 | 09/22/2009 | Lehman Brothers Holdings Inc. | Administrative<br>Unsecured<br><br>Subtotal | $4,383.82<br>$47,019.89<br><br>$51,403.71 | Unsecured | $51,403.71 |
| | | | | | TOTAL | $14,842,264.53 | TOTAL | $14,842,264.53 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

† - Indicates that the Debtor on the filed proof of claim has been previously ordered modified to the Debtor listed on this exhibit

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                              :     **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :     **08-13555 (JMP)**
                                                                   :
                                   Debtors.                :     **(Jointly Administered)**
-----------------------------------------------------------------x

**ORDER GRANTING DEBTORS' SEVENTY-NINTH OMNIBUS
OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)**

Upon the seventy-ninth omnibus objection to claims, dated January 13, 2011 (the "Seventy-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking reclassification of the Misclassified Claims to reflect their proper classification as general unsecured non-priority claims, all as more fully described in the Seventy-Ninth Omnibus Objection to Claims; and due and proper notice of the Seventy-Ninth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the Seventy-Ninth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Seventy-Ninth Omnibus Objection to Claims.

set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Seventy-Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Seventy-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Seventy-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Misclassified Claim listed on Exhibit 1 annexed hereto is hereby reclassified as a general unsecured non-priority claim as indicated on Exhibit 1; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and directed to reclassify the Misclassified Claims pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A to the Seventy-Ninth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto and (ii) the Misclassified Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3