HEARING DATE AND TIME: March 3, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: February 14, 2011 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF DEBTORS' EIGHTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                             :  Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :  08-13555 (JMP)
                                                  :
                       Debtors.                   :  (Jointly Administered)
---------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' EIGHTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**PLEASE TAKE NOTICE** that on January 13, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their eightieth omnibus objection to claims (the "Debtors' Eightieth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to

US_ACTIVE:\43599521\04\58399.0008

consider the Debtors' Eightieth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 3, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Eightieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **February 14, 2011 at 4:00 p.m.** (**Eastern**

**Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Eightieth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Eightieth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 13, 2011
       New York, New York

    /s/ Shai Y. Waisman
    Shai Y. Waisman
    Randi W. Singer

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

**HEARING DATE AND TIME: March 3, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 14, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Randi W. Singer

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

## DEBTORS' EIGHTIETH OMNIBUS
## OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS EIGHTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

US_ACTIVE:\43599521\04\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), respectfully represent as follows:

## Relief Requested

1. The Debtors file this eightieth omnibus objection to claims (the "<u>Eightieth Omnibus Objection to Claims</u>"), pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "<u>Procedures Order</u>") [Docket No. 6664], seeking disallowance and expungement of the claims listed on <u>Exhibit A</u> annexed hereto.

2. The Debtors have examined the proofs of claim identified on <u>Exhibit A</u> (collectively, the "<u>No Liability Claims</u>") and have determined that they assert claims against entities that are not debtors in these jointly administered chapter 11 cases. Therefore, the Debtors have no liability for the No Liability Claims, and the Debtors request they be disallowed and expunged in their entirety.

3. The Debtors reserve all their rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order identified the names and case number of each of the Debtors in these chapter 11 cases. (Bar Date Order at 1 n.2.) The Bar Date Order requires, among other things, that each proof of claim "state the name and case number of the specific Debtor against which it is filed . . . ." (Bar Date Order at 6.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9.      Claimants received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) The Bar Date Notice was also

published in <u>The New York Times</u> (International Edition), <u>The Wall Street Journal</u> (International Edition), and <u>The Financial Times</u>.  A list of the Debtors in these chapter 11 cases and their respective case numbers was included as part of the Bar Date Notice and the instructions to the Court-approved proof of claim form.  (Bar Date Notice at Schedule A.)  In accordance with the Bar Date Order's requirement that claims be filed against the proper Debtor, the Bar Date Notice stated, in bold-face type and in capital letters, that "**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**"  (*Id.* at 3 (emphasis in original).)

10. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The No Liability Claims Should Be Disallowed and Expunged**

11. In their review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on <u>Exhibit A</u> as claims against entities that are not debtors in these chapter 11 cases.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable

against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

12.     The No Liability Claims state on their face that they are against a non-Debtor entity and/or the supporting documentation establishes that they are claims against a non-Debtor entity. They include claims against foreign and domestic affiliates of the Debtors that are not Debtors in these jointly administered chapter 11 cases. The No Liability Claims do not set forth any legal justification for asserting a claim against a Debtor in these cases, and if the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against the Debtors' estates. Accordingly, the Debtors respectfully request the Court disallow and expunge in their entirety the No Liability Claims listed on <u>Exhibit A</u>.

### Notice

13.     No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Eightieth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on <u>Exhibit A</u>; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

14.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: January 13, 2011
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 80: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | A B WYAND<br>14 GROVE TERRACE<br>LONDON, NW5 1PH<br>UNITED KINGDOM | | 09/10/2009 | 11344 | $58,750.00 | No Liability Claim |
| 2 | ACCUITY, INC.<br>4709 WEST GOLF ROAD<br>SUITE 600<br>SKOKIE, IL 60076 | | 09/19/2009 | 19583 | $42,000.00 | No Liability Claim |
| 3 | ALIER,MAX<br>2119 BRANCROFT PL NW<br>WASHINGTON, DC | | 09/18/2009 | 16047 | $12,500.00 | No Liability Claim |
| 4 | AMERICAN RED CROSS MILLBURN<br>389 MILLBURN AVENUE<br>MILLBURN, NJ 07041 | | 07/20/2009 | 5603 | $160.00 | No Liability Claim |
| 5 | AMSTER ROTHSTEIN & EBENSTEIN LLP<br>90 PARK AVENUE<br>NEW YORK, NY 10016 | | 09/16/2009 | 14404 | $9,367.00 | No Liability Claim |
| 6 | ANOVA BUSINESS CENTER INC<br>2900 UNIVERSITY DRIVE<br>CORAL SPRINGS, FL 33065 | | 09/15/2009 | 12740 | $711.57 | No Liability Claim |
| 7 | ARCHON SOLICITORS<br>MARTIN HOUSE<br>5 MARTIN LANE<br>LONDON, EC4R 0DP<br>UNITED KINGDOM | | 08/27/2009 | 9497 | Undetermined | No Liability Claim |
| 8 | BELL NUNNALLY & MARTIN, LLP<br>3232 MCKINNEY AVE. SOUTH<br>DALLAS, TX 75204 | | 07/16/2009 | 5405 | $2,527.96 | No Liability Claim |
| 9 | BENNETT, CHARLES L<br>1606 SPENCER AVENUE<br>WILMETTE, IL 60091 | | 09/18/2009 | 18956 | $310.00 | No Liability Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts                                    Page 1 of 6

## IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 80: EXHIBIT A – NO LIABILITY CLAIMS

|    | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|----|------|-------------|------------|---------|---------------------|----------------------------------|
| 10 | BEZIRK UNTERFRANKEN BEZIRKSTAGSPRASIDENT HERRN ERWIN DOTZEL SILCHERSTR. 5 97074 WURZBURG, GERMANY | | 08/05/2009 | 7398 | $14,527,443.20* | No Liability Claim |
| 11 | BILLYBEY FERRY COMPANY, LLC 115 RIVER ROAD SUITE 120 EDGEWATER, NJ 07020 | | 08/03/2009 | 7171 | $3,965.25 | No Liability Claim |
| 12 | BOWNE INTERNATIONAL LTD ONE LONDON WALL LONDON, EC2Y 5AF UNITED KINGDOM | | 09/21/2009 | 33515 | $34,647.30 | No Liability Claim |
| 13 | BP ERGO LTD DGP HOUSE LTD, 3RD FLOOR, 88C OLD PRABHADEVI ROAD, MUMBAI, MH 400025 INDIA | | 09/03/2009 | 10171 | Undetermined | No Liability Claim |
| 14 | BREHENEY, MICHAEL J 3 MISSION WAY BARNEGAT, NJ 08005 | | 07/15/2009 | 5386 | $4,526.00 | No Liability Claim |
| 15 | BRITISH LIBRARY, THE ACCOUNTS RECEIVABLE BOSTON SPA WETHERBY, LS23 7BQ UNITED KINGDOM | | 07/20/2009 | 5766 | $1,081.00 | No Liability Claim |
| 16 | BROMLEY BY BOW CENTRE ST. LEONARD'S STREET BROMLEY BY BOW LONDON, E3 3BT UNITED KINGDOM | | 07/23/2009 | 6018 | $8,940.00 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 80: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 17 | CAPITAL CHASE<br>97 ELSPETH ROAD<br>LONDON, SW11 1DP<br>UNITED KINGDOM | | 09/18/2009 | 19186 | $60,000.00 | No Liability Claim |
| 18 | COMMONWEALTH OF PENNSYLVANIA TSY DEPT TUITION AC PROGRAM<br>C/O HYPERION BROOKFIELD ASSET MANAGEMENT, INC.<br>200 VESEY STREET<br>NEW YORK, NY 10281-1010 | | 09/22/2009 | 31834 | $195.93 | No Liability Claim |
| 19 | COMMONWELTH OF PA PUBLICA SCHOOLS RETIREMENT SYSTEM<br>C/O HYPERION BROOKFIELD ASSET MANAGEMENT, INC.<br>200 VESEY STREET<br>NEW YORK, NY 10281-1010 | | 09/22/2009 | 31833 | $979.66 | No Liability Claim |
| 20 | CRIM<br>PO BOX 195387<br>SAN JUAN, 00919-5387<br>PUERTO RICO | | 07/27/2009 | 6780 | $225,243.61 | No Liability Claim |
| 21 | E-FELLOWS.NET<br>SATTLERSTR. 1<br>MUNICH, 80331<br>GERMANY | | 08/19/2009 | 8741 | $8,400.00 | No Liability Claim |
| 22 | GENERAL MOTORS/GMIM-1<br>C/O HYPERION BROOKFIELD ASSET MANAGEMENT, INC.<br>200 VESEY STREET<br>NEW YORK, NY 10281-1010 | | 09/22/2009 | 31824 | $587.80 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 80: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 23 | GEORGIA FIREFIGHTERS PENSION FUND<br>C/O HYPERION BROOKFIELD ASSET MANAGEMENT, INC.<br>200 VESEY STREET<br>NEW YORK, NY 10281-1010 | | 09/22/2009 | 31822 | $195.93 | No Liability Claim |
| 24 | HERNREICH FAMILY LIMITED<br>P.O. BOX 1888<br>EDWARDS, CO 81632 | | 09/09/2009 | 11006 | $1,000,000.00 | No Liability Claim |
| 25 | HERNREICH, REBECCA<br>P.O. BOX 19000 #304<br>AVON, CO 81620 | | 09/09/2009 | 11005 | $250,000.00 | No Liability Claim |
| 26 | INFERENTIAL FOCUS, INC<br>200 MADISON AVENUE<br>NEW YORK, NY 10016 | | 07/21/2009 | 5838 | $300,000.00 | No Liability Claim |
| 27 | MEYER, PAUL H.<br>1990 K STREET NW<br>SUITE 400<br>WASHINGTON, DC 20006 | | 09/22/2009 | 33241 | $152,998.33 | No Liability Claim |
| 28 | MUSCHEL, LAURIE<br>2812 RUSSELL ST.<br>BERKELEY, CA 94705 | | 09/18/2009 | 19190 | $122,000.00 | No Liability Claim |
| 29 | NINEHAM, STEWART K.<br>THE DELL<br>PURLEY RISE<br>PURLEY, CROYDON<br>SURREY, CR8 3AW<br>UNITED KINGDOM | 08-13555 (JMP) | 03/17/2009 | 3376 | $303,000.00 | No Liability Claim |
| 30 | PALI INTERNATIONAL<br>6 DUKE STREET<br>ST JAMES<br>LONDON, SW1 6BN<br>UNITED KINGDOM | | 09/19/2009 | 19635 | $34,158.10 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 80: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 31 | PFA PENSION ALS<br>SUNDKROGSGAOE 4<br>2100 COPENHAGEN<br>DENMARK, | | 09/21/2009 | 25104 | $36,826,736.15 | No Liability Claim |
| 32 | RBC CEES LIMITED<br>19-21 BROAD STREET<br>ST. HELIER<br>JERSEY, CHANNEL ISLANDS<br>, JEI 3PB<br>UNITED KINGDOM | | 06/29/2009 | 5016 | $1,849,303.26 | No Liability Claim |
| 33 | SCOTT'S FLOWERS<br>ATTN:PAUL DIAZ<br>15 W 37TH STREET<br>NEW YORK, NY 10018 | | 07/16/2009 | 5415 | $4,495.39 | No Liability Claim |
| 34 | SCOTT'S FLOWERS<br>ATTN: PAUL DIAZ<br>15 W 37TH STREET<br>NEW YORK, NY 10018 | | 07/16/2009 | 5416 | $7,052.74 | No Liability Claim |
| 35 | SCOTT'S FLOWERS INC.<br>PAUL DIAZ<br>15 WEST 37TH ST<br>NEW YORK, NY 10158 | | 07/16/2009 | 5414 | $1,313.52 | No Liability Claim |
| 36 | SEI LIBOR PLUS PORTFOLIOS<br>C/O HYPERION BROOKFIELD ASSET MANAGEMENT, INC.<br>200 VESEY STREET<br>NEW YORK, NY 10281-1010 | | 09/22/2009 | 31820 | $587.80 | No Liability Claim |
| 37 | SERAYDAR, ROSE MRS.<br>525 NEPTUNE AVE. APT 22B<br>BROOKLYN, NY 11224-4020 | 08-13555 (JMP) | 02/20/2009 | 2926 | Undetermined | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 80: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 38 | SERER SANMARTIN, MARIA PILAR<br>TR DE GRACIA 48  3-4<br>BARCELONA, 08021<br>SPAIN | | 03/02/2009 | 3144 | Undetermined | No Liability Claim |
| 39 | SIGNAL KRANKENVERSICHERUNG A. G.<br>JOSEPH-SCHERET-STN. 3<br>DORTMUND, D-44139<br>GERMANY | | 06/23/2009 | 4968 | Undetermined | No Liability Claim |
| 40 | STANISLAO, SUZANNE D<br>10 RIDGEVIEW TERRACE<br>GOSHEN, NY 10924 | | 07/31/2009 | 6892 | $1,023.15 | No Liability Claim |
| 41 | STICHTING PENSIONFONDS ABP<br>C/O HYPERION BROOKFIELD ASSET MANAGEMENT, INC.<br>200 VESEY STREET<br>NEW YORK, NY 10281-1010 | | 09/22/2009 | 31819 | $881.70 | No Liability Claim |
| 42 | UT INVESTMENT MGMT CORP.<br>C/O HYPERION BROOKFIELD ASSET MANAGEMENT, INC.<br>200 VESEY STREET<br>NEW YORK, NY 10281-1010 | | 09/22/2009 | 31817 | $195.93 | No Liability Claim |
| | | | | TOTAL | $55,856,278.28 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              :     Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :     08-13555 (JMP)
                                                   :
                    Debtors.                       :     (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' EIGHTIETH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the eightieth objection to claims, dated January 13, 2011 (the "Eightieth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims on the grounds that they assert claims against entities that are not debtors in these jointly administered chapter 11 cases, all as more fully described in the Eightieth Omnibus Objection to Claims; and due and proper notice of the Eightieth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Eightieth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Eightieth Omnibus Objection to Claims.

governing case management and administrative procedures for these cases [Docket No. 9635]; and the Court having found and determined that the relief sought in the Eightieth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eightieth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Eightieth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the No Liability Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Eightieth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE