**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                          :
In re                                                     :     Chapter 11 Case No.
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,              :     08-13555 (JMP)
                                                          :
                    Debtors.                              :     (Jointly Administered)
                                                          :
-----------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 9019 AND 4001, FOR AN ORDER (I) MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES AND (II) APPROVING AN AGREEMENT AND RELEASE

Upon the motion, dated December 17, 2010 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rules 9019 and 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order (i) modifying the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent applicable, to allow U.S. Specialty Insurance Company and Zurich American Insurance Company (together, the "Insurers") to make a settlement payment of $975,000 (the "Settlement Payment") in connection with the terms of a settlement agreement (the "Settlement Agreement") between Northgate Minerals Corporation ("Northgate") and the Individual Defendants,[1] a copy of which is annexed to the Motion as Exhibit A, and (ii) approving LBHI's entry into and performance of an agreement and release (the "Agreement and Release") between LBHI

---
[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

and Northgate, a copy of which is annexed to the Motion as <u>Exhibit B</u>, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; (vii) U.S. Specialty Insurance Company; (viii) Zurich American Insurance Company; (ix) Northgate, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

    ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow the Insurers to make the Settlement Payment provided for in the Settlement Agreement on behalf of the Individual Defendants in accordance with the terms of the Policies; and it is further

ORDERED that the Debtors are authorized to execute all documentation necessary to allow the Insurers to fund the Settlement Payment on behalf of the Individual Defendants pursuant to the Settlement Agreement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Insurers, the Debtors or the Individual Defendants provided for under the terms and conditions of the Policies; and it is further

ORDERED that all parties to the Policies reserve all rights and defenses with respect to the Policies that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that the Agreement and Release is approved; and it is further

ORDERED that, subject to Northgate's receipt of the Settlement Payment, proof of claim number 30593 asserted by Northgate against LBHI (the "Proof of Claim") is disallowed with prejudice, and, after receipt of the Settlement Payment, Northgate shall

4

promptly file a notice on the docket instructing the claims agent to expunge the Proof of

Claim from the claims register; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters

arising from or related to the implementation of this Order.


Dated:  New York, New York
January 13, 2011

       *s/ James M. Peck*
       Honorable James M. Peck
       United States Bankruptcy Judge