**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
                                                          :
**In re**                                                 :    **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,              :    **08-13555 (JMP)**
                                                          :
                        **Debtors.**                      :    **(Jointly Administered)**
                                                          :
----------------------------------------------------------------------x

### FIFTH SUPPLEMENTAL ORDER
### PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY
### CODE TO ESTABLISH PROCEDURES FOR THE SETTLEMENT OR
### ASSUMPTION AND ASSIGNMENT OF PREPETITION DERIVATIVE
### CONTRACTS

Upon the motion, dated November 13, 2008 (the "Original Motion"), of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the

"Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections

105 and 365 of the Bankruptcy Code (the "Bankruptcy Code") and Rules 6006 and 9019

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an

order establishing procedures for the assumption and assignment (the "Assumption and

Assignment Procedures") of derivative contracts (the "Derivative Contracts") the Debtors

entered into with various counterparties (the "Counterparties") and the settlement of

claims arising from the termination of Derivative Contracts (the "Termination and

Settlement Procedures," together with the Assumption and Assignment Procedures, the

"Procedures"), all as more fully described in the Motion; and consideration of the

Original Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and a hearing having been held on December 16, 2008 to consider the relief

requested in the Original Motion; and an order having been entered on December 16,

2008 [Docket No. 2257] granting the relief requested in the Original Motion (the

"Derivatives Procedures Order") except as to the Derivative Contracts in respect of which

the Remaining Objectors (as defined in the Derivatives Procedures Order) filed an

objection; and, from time to time, the Court having entered supplemental orders to make

the Procedures applicable to the Remaining Objectors on consent [Docket Nos. 2557,

5292 and 5544] (collectively, the "Supplemental Orders"); and by the Debtors' Motion

Pursuant To Section 105(a) of The Bankruptcy Code And Rule 9019 of The Federal

Rules of Bankruptcy Procedure, For Entry of An Order Clarifying The Scope of The

Procedures For The Settlement of Prepetition Derivative Contracts, dated December 22,

2010 (the "Motion"), the Debtors have filed this fifth supplemental order to clarify the

scope and application of the Termination and Settlement Procedures; and due and proper

notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9635]; and a hearing having been

held on January 13, 2011 to consider the clarification requested in the Motion; and the

Court having previously found and determined at the Hearing that the relief sought in the

Motion is in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion establish just cause for

the relief granted therein; and the Court having found and determined that the entry of

this Order is in the best interest of the Debtors, their estates and creditors; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that, for the avoidance of doubt, the Termination and

Settlement Procedures authorize the Debtors to (i) enter into and consummate termination

agreements with respect to any agreements related to Derivatives Contracts, regardless of

the identity of the signatories to such agreements, (ii) settle and dismiss any adversary

proceeding or other plenary litigation related to the relevant Derivatives Contracts, and

(iii) enter into any agreement ancillary to the foregoing; and it is further

ORDERED that, for the avoidance of doubt, solely for purposes of the

Termination and Settlement Procedures, the term Counterparty[1] shall include trustees,

noteholders, certificate holders or any other parties having an interest in a transaction

underlying or related to a particular Derivatives Contract; and it is further

ORDERED that, the Derivatives Procedures Order as supplemented herein

shall be applicable to any settlements consummated by the Debtors prior to the entry of

this Order in accordance with the Derivatives Procedures Order; and it is further

ORDERED that all terms of the Derivatives Procedures Order and the

Supplemental Orders shall otherwise continue to apply and remain in full force and effect

without modification; and it is further

ORDERED, for the avoidance of doubt, the Termination and Settlement

Procedures shall be applicable to any termination agreement that is or has been entered

---

[1]    Terms not otherwise defined herein shall have the meaning ascribed to them in the Original
Motion.

into by the Debtors with respect to any January Remaining Derivative Contract (as defined in the Fourth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement of Assumption and Assignment of Prepetition Derivative Contracts, dated October 16, 2009) only if a January Remaining Objector (as defined in the Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, dated January 15, 2009) that filed an objection as to such January Remaining Derivative Contract is either a party to or consents in writing to such termination agreement; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Derivative Contracts pursuant to, among other things, section 365 of the Bankruptcy Code.

Dated: New York, New York
        January 13, 2011

_s/ James M. Peck_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE