**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MELISSA COLON-BOSOLET, AT 212-310-8841.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Penny P. Reid

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    08-13555 (JMP)
                                                         :
                            Debtors.                     :    (Jointly Administered)
-------------------------------------------------------------------x

## NOTICE OF HEARING ON DEBTORS' EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

**PLEASE TAKE NOTICE** that on January 14, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their Eighty-Fourth omnibus objection to claims (the "Debtors' Eighty-Fourth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Eighty-Fourth Omnibus Objection to Claims will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York,

New York 10004, on **March 3, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as

counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'

Eighty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq., and Penny

Reid, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York,

33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Elisabeth Gasparini, Esq.

and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors

appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza,

New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan

Fleck, Esq.); so as to be so filed and received by no later than **February 14, 2011 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Eighty-Fourth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Eighty-Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 14, 2011
    New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Penny P. Reid

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Penny P. Reid

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

**DEBTORS' EIGHTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MELISSA COLON-BOSOLET, AT 212-310-8841.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### **Relief Requested**

1.     The Debtors file this Eighty-Fourth omnibus objection to claims

(the "Eighty-Fourth Omnibus Objection to Claims") pursuant to section 502(b) of title 11

of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim filed in these chapter

11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order reducing,

reclassifying (in certain instances), and allowing the claims listed on Exhibit A annexed

hereto.

2.     The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively,

the "Valued Derivative Claims") should be reduced, reclassified (in certain instances),

and allowed on the basis that the amounts listed on the proofs of claim are greater than

the fair, accurate, and reasonable values determined by the Debtors after a review of the

claimant's supporting documentation and the Debtors' books and records; and that the

claim classifications, in certain instances, improperly assert secured, administrative

expenses or priority claims.  The Debtors, therefore, request that the Court reduce, as

appropriate, each such claim to the amount listed on Exhibit A under the column heading

"*Modified Claim Amount*"; reclassify, as appropriate, each claim to the classification listed under the column heading "*Modified Class*"; and allow each such claim only to the extent of such modified amount and classification.

3.      The Debtors reserve all their rights to object on any other basis to any Valued Derivative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order,

3

dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's

appointment of the Examiner.  The Examiner has filed his report pursuant to section

1106(b) of the Bankruptcy Code [Docket No. 7531].

   8. On July 2, 2009, this Court entered an order setting forth

procedures for filing proofs of claim in these chapter 11 cases, including procedures for

filing proofs of claim and supporting documentation for claims based on derivative

contracts (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that

"each holder of a claim against a Debtor based on amounts owed pursuant to any

Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and]

electronically upload supporting documentation on the website . . . ."  (Bar Date Ord. at

7.)  The Bar Date Order further provided that "each holder of a claim against a Debtor

based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a

Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and

electronically upload supporting documentation on the website . . . ."  (*Id.* at 8.)  A copy

of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

   9. Exhibit C to the Bar Date Order was a version of the Derivative

Questionnaire, which required that the claimant provide various information in support of

its claim, such as copies of relevant agreements; a copy of the termination notice; a

valuation statement; individual trade-level detail; trade value methodology and

quotations; and unpaid amounts, collateral, and other costs associated with the claim

pursuant to the derivative contract.  Also attached to the Bar Date Order was Exhibit D, a

version of the Guarantee Questionnaire setting forth the information forming the basis of

the claimant's assertions of a guarantee.

10.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## **The Valued Derivative Claims Should be Reduced, Reclassified and Allowed**

11.     In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as being claims that should be reduced, reclassified (in certain instances), and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records; and that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim.

12.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.     The Valued Derivative Claims listed on Exhibit A should be reduced and allowed in the amount listed on Exhibit A under the column heading "*Modified Claim Amount*" because the asserted claim amount is greater than the fair,

accurate, and reasonable value of the claim as determined by the Debtors after a review

of the supporting documentation provided by the claimants and the Debtors' books and

records.  In certain instances, the Valued Derivative Claims listed on Exhibit A should be

reclassified to the classifications listed under column heading "*Modified Class*" because

the classifications are improperly identified as secured, administrative expenses or

priority claims on claimants' proofs of claim.

14.    The Debtors have developed and currently utilize a thorough,

multi-step process to review claims filed against the Debtors and based on a Derivative

Contract[1] ("Derivative Claims") in order to determine the fair, accurate, and reasonable

value of such claims, and the proper classification of such claims, for purposes of

settlement (the "Proposed Settlement Amount and Classification").  In order to determine

the Proposed Settlement Amount and Classification, the Debtors:  (i) collect and review

documents related to the relevant Derivative Claim including, but not limited to, the

relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination

notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments

already received, made, or missed; and (iii) review the valuation methodology used by

the claimant to determine the value of the claim, including verifying the legitimacy of

quotes provided by the claimant in connection with their valuation statement, reviewing

claimant's "loss" calculation, and evaluating any set-off claims.[2]  In their efforts to

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Ord. at 6.)

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the

determine the Proposed Settlement Amount and Classification, the Debtors engage in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

15.    Once the Debtors have determined the Proposed Settlement Amount and Classification with respect to a particular Derivative Claim, it is presented to the Debtors' Settlement Adjudication Committee (the "Committee") for final approval. The Committee, comprised of senior management of the Debtors and Alvarez & Marsal, reviews the work done to arrive at the Proposed Settlement Amount and Classification and approves or disapproves the Proposed Settlement Amount and Classification.  If the Proposed Settlement Amount and Classification presented to the Committee is less than the amount included in the corresponding Derivative Claim, or different from the classification included in the corresponding Derivative Claim, the Debtors will seek approval to object to such claim.

16.    The Debtors have undertaken this lengthy process with respect to each of the Valued Derivative Claims listed on Exhibit A, and have concluded that a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant; and that the Valued Derivative Claim (in certain instances) should be reclassified from a secured, administrative expense or priority claim, to an unsecured claim.  Despite the Debtors' efforts at negotiating this Proposed Settlement Amount and Classification, the Debtors and the holders of the

---

Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

Valued Derivative Claims have reached an impasse.  Holders of the Valued Derivative

Claims should not be allowed to recover more than the true and proper value of their

claims, nor should the holders of the Valued Derivative Claims be allowed secured,

administrative expenses or priority claims when they hold general unsecured claims.

Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these

claims, the Debtors request that the Court reduce each Valued Derivative Claim to the

amount listed on <u>Exhibit A</u> under the column heading "*Modified Claim Amount*" and

allow each such claim only to the extent of such modified amount.  In addition, the

Debtors request that the Court reclassify the Valued Derivative Claims listed on <u>Exhibit
A</u> to the classifications listed under the column heading "*Modified Class*" to reflect that

the classifications in the specified claims are improperly identified as secured,

administrative expenses or priority claims on claimants' proofs of claim and such claims

are reclassified as general unsecured claims.

### <u>Notice</u>

17.    No trustee has been appointed in these chapter 11 cases.  The

Debtors have served notice of this Eighty-Fourth Omnibus Objection to Claims on:  (i)

the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney

for the Southern District of New York; (vi) the claimants listed on <u>Exhibit A</u> attached to

this Eighty-Fourth Omnibus Objection to Claims; and (vii) all other parties entitled to

notice in accordance with the procedures set forth in the second amended order entered

on June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9635].  The Debtors submit that no other or further notice need be

provided.

18.    No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated: January 14, 2011
        New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Penny P. Reid

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | CHINATRUST COMMERCIAL BANK ATTN: GRACE WU 16F., NO. 3, SUNG SHOU ROAD TAIPEI CITY, 110 TAIWAN, PROVINCE OF CHINA | 12872 | 09/15/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,552,145.30 | Lehman Brothers Special Financing Inc. | Unsecured | $1,490,857.97 |
| 2 | EASTON INVESTMENTS II, A CALIFORNIA L.P. C/O COSTELL & CORNELIUS LAW CORPORATION ATTN: ALEXANDER IAN CORNELIUS 1299 OCEAN AVENUE, SUITE 400 SANTA MONICA, CA 90401 | 10717 | 09/08/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $124,250.00 | Lehman Brothers Special Financing Inc. | Unsecured | $30,550.00 |
| 3 | ETON PARK FUND, LP C/O ETON PARK CAPITAL MANAGEMENT, LP ATTN: DAVID ZALTA 399 PARK AVENUE, 10TH FLOOR NEW YORK, NY 10022 | 20521 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Secured Unsecured<br><br>Subtotal | Undetermined $14,591,700.97*<br><br>$14,591,700.97 | Lehman Brothers Special Financing Inc. | Unsecured | $7,829,182.63 |

**IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | CLASS | AMOUNT | DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **ASSERTED** | | | **MODIFIED** | | |
| 4 | ETON PARK FUND, LP C/O ETON PARK CAPITAL MANAGEMENT, LP ATTN: DAVID ZALTA 399 PARK AVENUE, 10TH FLOOR NEW YORK, NY 10022 | 20522 | 09/21/2009 | Lehman Brothers Holdings Inc. | Secured Unsecured  Subtotal | Undetermined $14,591,700.97*  $14,591,700.97 | Lehman Brothers Holdings Inc. | Unsecured | $7,829,182.63 |
| 5 | ETON PARK MASTER FUND, LP C/O ETON PARK CAPITAL MANAGEMENT, LP ATTN: DAVID ZALTA 399 PARK AVENUE, 10TH FLOOR NEW YORK, NY 10022 | 20524 | 09/21/2009 | Lehman Brothers Holdings Inc. | Secured Unsecured  Subtotal | Undetermined $29,825,073.99*  $29,825,073.99 | Lehman Brothers Holdings Inc. | Unsecured | $16,016,470.59 |
| 6 | ETON PARK MASTER FUND, LP C/O ETON PARK CAPITAL MANAGEMENT, LP ATTN: DAVID ZALTA 399 PARK AVENUE, 10TH FLOOR NEW YORK, NY 10022 | 20525 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Secured Unsecured  Subtotal | Undetermined $29,825,073.99*  $29,825,073.99 | Lehman Brothers Special Financing Inc. | Unsecured | $16,016,470.59 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|------|---------|------------|-----------------|-------|--------|-----------------|-------|--------|
| 7 | LEHMAN BROTHERS DIVERSIFIED PRIVATE EQUITY FUND 2004 PARTNERS C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER 10 BROOK STREET LONDON, W1S 1BG UNITED KINGDOM | 23427 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $298,741.30 | Lehman Brothers Special Financing Inc. | Unsecured | $57,542.75 |
| 8 | LEHMAN BROTHERS EUROPEAN MEZZANINE CAPITAL PARTNERS-A, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER 10 BROOK ST. LONDON, W1S 1BG UNITED KINGDOM | 23418 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $43,532.80 | Lehman Brothers Special Financing Inc. | Unsecured | $4,027.10 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 9 | LEHMAN BROTHERS EUROPEAN MEZZANINE FUND 2003-B, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER ATTN: KATHLEEN GHIRARDI 10 BROOK ST. LONDON, W1S 1BG UNITED KINGDOM | 23415 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $9,424,068.10 | Lehman Brothers Holdings Inc. | Unsecured | $1,328,955.20 |
| 10 | LEHMAN BROTHERS EUROPEAN MEZZANINE FUND 2003-A, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER 10 BROOK STREET LONDON, W1S 1BG UNITED KINGDOM | 23420 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $83,492.50 | Lehman Brothers Special Financing Inc. | Unsecured | $2,950.10 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | DEBTOR | MODIFIED CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 11 | LEHMAN BROTHERS EUROPEAN MEZZANINE FUND 2003-A, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER ATTN: KATHLEEN GHIRARDI 10 BROOK STREET LONDON, W1S 1BG UNITED KINGDOM | 23423 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $83,492.50 | Lehman Brothers Holdings Inc. | Unsecured | $2,950.10 |
| 12 | LEHMAN BROTHERS EUROPEAN MEZZANINE FUND 2003-B, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER 10 BROOK STREET LONDON, W1S 1BG UNITED KINGDOM | 23431 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $9,424,068.10 | Lehman Brothers Special Financing Inc. | Unsecured | $1,328,955.20 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 13 | LEHMAN BROTHERS EUROPEAN MEZZANINE FUND CAPITAL PARTNERS-B, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER 10 BROOK ST. LONDON, W1S 1BG UNITED KINGDOM | 23417 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $846,392.60 | Lehman Brothers Special Financing Inc. | Unsecured | $124,089.30 |
| 14 | LEHMAN BROTHERS EUROPEAN MEZZANINE PARTNERS 2003-B, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER 10 BROOK ST. LONDON, W1S 1BG UNITED KINGDOM | 23416 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $9,779,193.40 | Lehman Brothers Special Financing Inc. | Unsecured | $1,366,001.90 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 15 | LEHMAN BROTHERS EUROPEAN MEZZANINE PARTNERS 2003-B, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER ATTN: KATHLEEN GHIRARDI 10 BROOK STREET LONDON, W1S 1BG UNITED KINGDOM | 23438 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $9,779,193.40 | Lehman Brothers Holdings Inc. | Unsecured | $1,366,001.90 |
| 16 | LEHMAN BROTHERS EUROPEAN MEZZANINE PARTNERS 2003-D, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER 10 BROOK STREET LONDON, W1S 1BG UNITED KINGDOM | 23422 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $10,421,253.80 | Lehman Brothers Special Financing Inc. | Unsecured | $1,455,346.40 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 17 | LEHMAN BROTHERS EUROPEAN MEZZANINE PARTNERS 2003-D, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE ATTN: ASHVIN RAO, DIRECTOR OF THE GENERAL PARTNER ATTN: KATHLEEN GHIRARDI 10 BROOK STREET LONDON, W1S 1BG UNITED KINGDOM | 23436 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $10,421,253.80 | Lehman Brothers Holdings Inc. | Unsecured | $1,455,346.40 |
| 18 | MAGNETAR CAPITAL MASTER FUND LTD C/O MAGNETAR FINANCIAL LLC 1603 ORRINGTON AVENUE, 13TH FLOOR ATTN: SUSAN FURMAN EVANSTON, IL 60201 | 12715 | 09/15/2009 | Lehman Brothers Special Financing Inc. | Secured | $44,737,961.34 | Lehman Brothers Special Financing Inc. | Unsecured | $18,969,120.91 |
| 19 | MAGNETAR CAPITAL MASTER FUND LTD C/O MAGNETAR FINANCIAL LLC 1603 ORRINGTON AVENUE, 13TH FLOOR ATTN: SUSAN FURMAN EVANSTON, IL 60201 | 12716 | 09/15/2009 | Lehman Brothers Holdings Inc. | Unsecured | $44,737,961.34 | Lehman Brothers Holdings Inc. | Unsecured | $18,969,120.91 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 20 | MAGNETAR CONSTELLATION FUND III, LTD C/O MAGNETAR FINANCIAL LLC 1603 ORRINGTON AVENUE, 13TH FLOOR ATTN: SUSAN FURMAN EVANSTON, IL 60201 | 12718 | 09/15/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $7,468,795.00 | Lehman Brothers Special Financing Inc. | Unsecured | $1,597,291.18 |
| 21 | MAGNETAR CONSTELLATION MASTER FUND II LTD C/O MAGNETAR FINANCIAL LLC 1603 ORRINGTON AVENUE, 13TH FLOOR ATTN: SUSAN FURMAN EVANSTON, IL 60201 | 12720 | 09/15/2009 | Lehman Brothers Special Financing Inc. | Secured | $5,264,648.00 | Lehman Brothers Special Financing Inc. | Unsecured | $2,245,356.36 |
| 22 | MAGNETAR CONSTELLATION MASTER FUND II, LTD C/O MAGNETAR FINANCIAL LLC 1603 ORRINGTON AVENUE, 13TH FLOOR ATTN: SUSAN FURMAN EVANSTON, IL 60201 | 12721 | 09/15/2009 | Lehman Brothers Holdings Inc. | Unsecured | $5,264,648.00 | Lehman Brothers Holdings Inc. | Unsecured | $2,245,356.36 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED | | | MODIFIED | | |
| | | | | DEBTOR | CLASS | AMOUNT | DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 23 | MAGNETAR CONSTELLATION MASTER FUND III LTD C/O MAGNETAR FINANCIAL LLC 1603 ORRINGTON AVENUE, 13TH FLOOR ATTN: SUSAN FURMAN EVANSTON, IL 60201 | 12719 | 09/15/2009 | Lehman Brothers Holdings Inc. | Unsecured | $7,468,795.00 | Lehman Brothers Holdings Inc. | Unsecured | $1,597,291.18 |
| 24 | MICROSOFT CORPORATION ATTN: BENJAMIN ORNDORFF ONE MICROSOFT WAY REDMOND, WA 98052-8300 | 44243 | 10/22/2009 | Lehman Brothers Special Financing Inc. | Secured Unsecured Subtotal | $876,661.54 $13,033,074.56 $13,909,736.10 | Lehman Brothers Special Financing Inc. | Unsecured | $13,033,074.56 |
| 25 | MICROSOFT CORPORATION ATTN: BENJAMIN ORNDORFF ONE MICROSOFT WAY REDMOND, WA 98052-8300 | 44244 | 10/22/2009 | Lehman Brothers Holdings Inc. | Secured Unsecured Subtotal | $876,661.54 $13,033,074.56 $13,909,736.10 | Lehman Brothers Holdings Inc. | Unsecured | $12,978,479.66 |
| 26 | OSCART INTERNATIONAL LIMITED C/O O'MELVENY & MYERS LLP TWO EMBARCADERO CENTER, 28TH FLOOR ATTN: TREVOR N. LAIN SAN FRANCISCO, CA 94111 | 10153 | 09/02/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $548,975.00 | Lehman Brothers Special Financing Inc. | Unsecured | $218,080.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 27 | PALMYRA CAPITAL FUND, L.P. RICHARD A. CHESLEY PAUL, HASTINGS, JANOFSKY & WALKER LLP 191 N. WACKER DR., 30TH FL. CHICAGO, IL 60606 | 3220 | 03/06/2009 | Lehman Brothers Special Financing Inc. | Secured Unsecured Subtotal | $329,136.00 $1,283,112.00 $1,612,248.00 | Lehman Brothers Special Financing Inc. | Unsecured | $1,530,905.64 |
| 28 | PALMYRA CAPITAL INSTITUTIONAL FUND, L.P. RICHARD A. CHESLEY PAUL, HASTINGS, JANOFSKY & WALKER LLP 191 N. WACKER DRIVE., 30TH FL. CHICAGO, IL 60606 | 3221 | 03/06/2009 | Lehman Brothers Special Financing Inc. | Secured Unsecured Subtotal | $951,300.00 $143,771.00 $1,095,071.00 | Lehman Brothers Special Financing Inc. | Unsecured | $909,391.55 |
| 29 | PALMYRA CAPITAL OFFSHORE FUND, L.P. RICHARD A. CHESLEY PAUL, HASTINGS, JANOFSKY & WALKER LLP 191 N. WACKER DR., 30TH FL. CHICAGO, IL 60606 | 3218 | 03/06/2009 | Lehman Brothers Special Financing Inc. | Secured Unsecured Subtotal | $403,666.00 $2,312,008.00 $2,715,674.00 | Lehman Brothers Special Financing Inc. | Unsecured | $2,604,445.43 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 30 | SBA COMMUNICATIONS CORPORATION C/O JOHN J. MONAGHAN, ESQ. HOLLAND & KNIGHT LLP 10 ST. JAMES AVENUE BOSTON, MA 02116 | 22613 | 09/21/2009 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $49,566,165.00 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $29,706,622.00 |
| 31 | SPCP GROUP L.L.C. TRANSFEROR: RATIA ENERGIE AG AGENT FOR SILVER POINT CAPITAL FUND LP ATTN: ADAM J. DEPANFILIS 660 STEAMBOAT ROAD GREENWICH, CT 06830 | 19305 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,375,351.34* | Lehman Brothers Holdings Inc. | Unsecured | $859,022.17 |
| 32 | SPCP GROUP L.L.C. TRANSFEROR: RATIA ENERGIE AG AGENT FOR SILVER POINT CAPITAL FUND LP ATTN: ADAM J. DEPANFILIS 660 STEAMBOAT ROAD GREENWICH, CT 06830 | 19306 | 09/18/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $1,375,351.34* | Lehman Brothers Commodity Services Inc. | Unsecured | $834,826.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|------|---------|------------|-----------------|-------|--------|-----------------|-------|--------|
| 33 | SPCP GROUP, L.L.C. TRANSFEROR: INTER-AMERICAN DEVELOPMENT BANK AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER CAPITAL OFFSHORE FUND, LTD TWO GREENWICH PLAZA, ATTN: BRIAN A. JARMAIN GREENWICH, CT 06830 | 12573 | 09/14/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,531,492.00* | Lehman Brothers Special Financing Inc. | Unsecured | $742,351.00 |
| 34 | SPCP GROUP, L.L.C. TRANSFEROR: INTER-AMERICAN DEVELOPMENT BANK AS AGENT FOR SILVER POINT CAPITAL FUND LP AND SILVER POINT CAPITAL OFFSHORE FUND, LTD ATTN: ADAM J. DEPANFILIS, SILVER POINT CAPITAL LP 660 STEAMBOAT ROAD GREENWICH, CT 06830 | 12576 | 09/14/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,531,492.00* | Lehman Brothers Holdings Inc. | Unsecured | $742,351.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 84: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | DEBTOR | MODIFIED CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 35 | SYDBANK LEGAL DEPARTMENT ATTN: HELLE MORTENSEN AND ANNE-BIRGITTE HEILESEN PEBERLYK 4- POSTBOKS 1038 AABENRAA, DK-6200 DENMARK | 19782 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,642,838.00 | Lehman Brothers Special Financing Inc. | Unsecured | $956,202.30 |
| | | | | | TOTAL | $357,871,566.08 | | TOTAL | $168,444,168.97 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the Eighty-Fourth omnibus objection to claims, dated January 14, 2011 (the "Eighty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimants' supporting documentation and the Debtors' books and records, and that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim, all as more fully described in the Eighty-Fourth Omnibus Objection to Claims; and due and proper notice of the Eighty-Fourth Omnibus Objection to Claims having been provided to (i) the U.S.

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Eighty-Fourth Omnibus Objection to Claims.

Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) the claimants listed on <u>Exhibit A</u> attached to the

Eighty-Fourth Omnibus Objection to Claims; and (vii) all other parties entitled to notice

in accordance with the procedures set forth in the second amended order entered on June

17, 2010 governing case management and administrative procedures for these cases

[Docket No. 9653]; and it appearing that no other or further notice need be provided; and

the Court having found and determined that the relief sought in the Eighty-Fourth

Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the

Eighty-Fourth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Eighty-Fourth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on <u>Exhibit 1</u>

annexed hereto is hereby modified and allowed in the amount set forth on <u>Exhibit 1</u> under

the column heading "Modified Claim Amount" and reclassified to the classification listed

under the column heading "Modified Class"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> to the Eighty-

Fourth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto;

and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                  _____
                                  UNITED STATES BANKRUPTCY JUDGE