Page 1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case Nos. 08-13555(JMP); 08-01420(JMP)(SIPA)

5  - - - - - - - - - - - - - - - - - - - - - -x

6  In the Matters of:

7

8  LEHMAN BROTHERS HOLDINGS INC., et al.

9

10           Debtors.

11  - - - - - - - - - - - - - - - - - - - - - -x

12  LEHMAN BROTHERS INC.,

13

14           Debtor.

15  - - - - - - - - - - - - - - - - - - - - - -x

16           United States Bankruptcy Court

17           One Bowling Green

18           New York, New York

19

20           December 15, 2010

21           10:02 AM

22

23  B E F O R E:

24  HON. JAMES M. PECK

25  U.S. BANKRUPTCY JUDGE

Page 2

1

2    HEARING re Motion for Approval of the Termination and

3    Settlement of Certain Prepetition Derivatives Contracts with

4    Trusts for which U.S. Bank National Association Serves as

5    Indenture Trustee and Related Relief

6

7    HEARING re Debtors' Motion for Authorization to Assume and

8    Assign Interest Rate Swap Agreements with Certain Trust

9    Counterparties, Including Deutsche Bank National Trust Company,

10   as Indenture Trustee, and to Enter into New Interest Rate Swap

11   Agreements

12

13   HEARING re Motion of the Debtors for Authorization and Approval

14   of the Settlement Between Lehman Brothers Financial Products

15   Inc., Madison Avenue Structured Finance CDO I, Ltd., Madison

16   Avenue Structured Finance CDO I, Corp., MetLife Investment

17   Advisors Company LLC, and U.S. Bank National Association

18

19   HEARING re Debtors' Motion for Approval of Settlement Agreement

20   between LB Somerset LLC, LB Preferred Somerset LLC, KBIA

21   Somerset Investments, LLC, KBIA Preferred, LLC, Falls Of Neuse

22   Investments, LLC, Somerset Properties SPE, LLC, Somerset

23   Associates, LLC and Kevin Wilk

24

25

Page 3

1

2   HEARING re Motion of Lehman Brothers Holdings Inc. and Lehman

3   Commercial Paper, Inc. for Authority to Enter into Settlement

4   Agreement with Respect to Heritage Fields Property and to

5   Consummate Transactions in Connection Therewith

6

7   HEARING re Debtors' Motion for Approval of a Settlement Among

8   Lehman Brothers Special Financing Inc., BNY Corporate Trustee

9   Services Limited, Perpetual Trustee Company Limited, and

10  Others, with Saphir Finance Public Limited Company

11

12  HEARING re Motion of Prudence M. Waltz for Relief from the

13  Automatic Stay

14

15

16

17

18

19

20

21

22

23

24

25  Transcribed by:  Lisa Bar-Leib

Page 4

1

2  A P P E A R A N C E S :

3  WEIL, GOTSHAL & MANGES LLP

4        Attorneys for Debtors and Debtors-in-Possession

5        767 Fifth Avenue

6        New York, NY 10153

7

8  BY:   LORI R. FIFE, ESQ.

9        JACQUELINE MARCUS, ESQ.

10       DAMON P. MEYER, ESQ.

11       MARK BERNSTEIN, ESQ.

12       ZAW WIN, ESQ.

13       PETER GRUENBERGER, ESQ.

14

15  WEIL, GOTSHAL & MANGES LLP

16       Attorneys for Debtors and Debtors-in-Possession

17       1300 Eye Street, NW

18       Suite 900

19       Washington, DC 20005

20

21  BY:   RALPH I. MILLER, ESQ.

22

23

24

25

Page 5

1

2    MILBANK, TWEED, HADLEY & MCCLOY LLP

3         Attorneys for the Official Committee of Unsecured

4          Creditors

5         One Chase Manhattan Plaza

6         New York, NY 10005

7

8    BY:   DENNIS C. O'DONNELL, ESQ.

9         DENNIS F. DUNNE, ESQ.

10        EVAN R. FLECK, ESQ.

11

12   HUGHES HUBBARD & REED LLP

13        Attorneys for the SIPA Trustee

14        One Battery Park Plaza

15        New York, NY 10004

16

17   BY:   JEFFREY S. MARGOLIN, ESQ..

18

19   CHAPMAN & CUTLER LLP

20        Attorneys for U.S. Bank, National Association, as Trustee

21        111 West Monroe Street

22        Chicago, IL 60603

23

24   BY:   FRANKLIN H. TOP III, ESQ.

25        JAMES HEISER, ESQ. (TELEPHONICALLY)

Page 6

1

2    NIXON PEABODY LLP

3         Counsel to Deutsche Bank Trust Company Americas and

4          Deutsche Bank National Trust Company, each in its role as

5          Trustee, Indenture Trustee, Supplemental Interest Trust

6          Trustee, or Cap Trustee

7          100 Summer Street

8          Boston, MA 02110

9

10   BY:   RICHARD C. PEDONE, ESQ.

11

12   RABINOWITZ, LUBETKIN & TULLY, L.L.C.

13         Attorneys for Somerset Associates, LLC and Somerset

14          Properties SPE, LLC

15         293 Eisenhower Parkway

16         Suite 100

17         Livingston, NJ 07039

18

19   BY:   JONATHAN I. RABINOWITZ, ESQ.

20

21

22

23

24

25

Page 7

1

2    REED SMITH LLP

3          Attorneys for BNY Corporate Trustee Services Limited, as

4           Trustee

5          599 Lexington Avenue

6          22nd Floor

7          New York, NY 10022

8

9    BY:   ERIC A. SCHAFFER, ESQ.

10         MICHAEL J. VENDITTO, ESQ.

11

12   ZAMOS LAW OFFICES

13         Attorney for Movant Prudence Waltz

14         5228 Campo Road

15         Woodland Hills, CA 91364

16

17   BY:   JEROME ZAMOS, ESQ.

18

19

20

21

22

23

24

25

Page 8

```
 1

 2   BROWN RUDNICK LLP

 3        Attorneys for the Ad Hoc Group of Creditors

 4        One Financial Center

 5        Boston, MA 02111

 6

 7   BY:   ANGELO THALASSINOS, ESQ.

 8         BUBEL ILYA, ESQ.

 9         (TELEPHONICALLY)

10

11   STUTMAN, TREISTER & BLATT

12        Attorneys for Lehman Brothers Holdings, Inc.

13        1901 Avenue of the Stars

14        12th Floor

15        Los Angeles, CA 90067

16

17   BY:   GABRIEL GLAZER, ESQ.

18         MICHAEL NEUMEISTER, ESQ.

19         MARINA FINEMAN, ESQ.

20         (TELEPHONICALLY)

21

22

23

24

25
```

08-13555-mg   Doc 13968   Filed 12/16/10   Entered 01/18/11 15:19:22   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 9 of 32

Page 9

```
 1                   P R O C E E D I N G S

 2           THE COURT:  Please be seated.  Good morning.

 3           MS. FIFE:  Good morning, Your Honor.

 4           THE COURT:  Good morning.

 5           MS. FIFE:  Lori Fife from Weil Gotshal & Manges on

 6   behalf of Lehman Brothers Holdings Inc. and its affiliated

 7   debtors.  We have on the calendar this morning a number of

 8   uncontested matters and I'm pleased to report even the

 9   contested matter is now uncontested.  So hopefully, we'll have

10   a short hearing today.

11           The first matter is a motion for approval of

12   termination settlement of certain pre-petition derivative

13   contracts with U.S. Bank.  And my colleague, Mark Bernstein,

14   will be handling that.

15           MR. BERNSTEIN:  Good morning, Your Honor.  Mark

16   Bernstein from Weil Gotshal & Manges on behalf of the Lehman

17   Chapter 11 debtors.  The first item on the agenda today is a

18   motion of the debtors pursuant to Bankruptcy Rule 9019 seeking

19   to terminate and settle certain pre-petition interest rate cap

20   and corridor agreements entered into by LBSF and LBFP with

21   certain securitization trusts for which U.S. Bank serves as the

22   indenture trustee.  Prior to the commencement date, the debtors

23   entered into the interest rate cap and corridor agreements to

24   provide protection to these trusts against movements in certain

25   interest rates.  In connection with these agreements, the trust
```

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 10

1    paid to LBSF and LBFP upon entering into the contract an

2    upfront payment in exchange for an agreement by the debtors to

3    make payments to the trust if interest rates moved above or

4    within certain ranges throughout the length of the contract.

5    As a result, by the nature of the contracts, there is no

6    possibility of these contracts moving in the money to the

7    debtors but rather this is just a matter of crystallizing and

8    determining what the claim is against the debtors based on

9    these contracts.  U.S. Bank did file claims in unliquidated

10   amounts based on these contracts.

11        The order seeks to settle these amounts in the amount

12   set forth in the motion.  Daniel Ehrmann, a managing director

13   of Alvarez & Marsal, has submitted a declaration stating that,

14   in his business judgment, this is a deal that is in the best

15   interest of the debtors.  A declaration was also submitted by a

16   third party valuation agent who reviewed these settlement

17   amounts and also determined this to be a fair and reasonable

18   settlement.  The committee's advisors have also reviewed this

19   deal and are in favor of the settlement amounts.

20        The debtors are authorized to settle derivative

21   contracts under prior procedures approved by this Court.

22   However, U.S. Bank had requested that the debtors file this

23   motion seeking these approvals in order to provide notice and

24   an opportunity to object to any noteholders in the trust for

25   which these matters are being settled.

Page 11

1          The motion was filed more than thirty days prior to

2     this hearing.  No objections have been received.  This matter

3     is uncontested.  I'm happy to answer any questions Your Honor

4     has.  Otherwise, we request that this motion be granted.

5          THE COURT:  I don't have any questions.  I've reviewed

6     the declarations and I approve the settlement.

7          MR. BERNSTEIN:  Thank you.  Your Honor, the next

8     motion on the agenda also relates to certain derivative

9     contracts that LBFP and LBSF are party to.  These contracts are

10    securitization trusts for which Deutsche Bank National Trust

11    Company or Deutsche Bank Trust Company Americas serves as the

12    indenture trustee.  Unlike the contracts in the prior motion,

13    these contracts are executory contracts where both parties have

14    ongoing obligations.  And these contracts are in the money to

15    the debtors and have been in the money since the commencement

16    date.  The debtors are owed as of today more than a hundred

17    million dollars on these contracts in the aggregate.

18    Notwithstanding such fact, the trusts have not made these

19    payments for a variety of reasons to the debtors since the

20    commencement date.  In an effort to resolve the disputes and

21    collect the money owed to them, the debtors propose to assume

22    and assign these particular derivative contracts and enter into

23    a transaction which will cure the defaults that currently exist

24    in the contracts and effectively replicate the economics that

25    the debtors currently enjoy under the contracts.

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 12

```
 1              Specifically, the debtors will assume and assign the

 2   contracts to an entity called 1271 SwapCo Ltd. which was an

 3   entity formed for this specific purpose of entering into these

 4   type transactions.  1271 SwapCo's obligations to the trust

 5   under the contracts will be guarantied by Deutsche Bank AG

 6   which provides the trust a creditworthy counterparty.

 7              Deutsche Bank will receive a market rate fee for

 8   entering into these transactions and serving in this role.

 9   LBSF and LBFP will then enter into new swap agreements which

10   have the net result of providing the same economics that they

11   currently have.  Their funds will be passed back through to

12   LBSF and LBFP and they'll remain on the hook for the -- depict

13   the floating rate payments under these swap agreements.

14              As a result of this transaction, the indenture trustee

15   has agreed that they will pay over to the debtors the due and

16   unpaid amounts which will result in the debtors collecting

17   approximately 107 million dollars from this transaction.

18              There are additional benefits to the debtors which

19   include the cure of defaults under the agreements which

20   mitigate certain risks that exist from the continued existing

21   defaults.  These maximize the value of the swap agreement for

22   the debtors and permit the debtors to fully hedge their

23   exposure under the interest rate swap agreements.

24              Prior to the assumption, the debtors will cure any

25   amounts that they have -- that they owe under these contracts.
```

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 13

1    There are certain payments that the debtors missed as well and

2    certain fees and expenses that the debtors will cure and will

3    be deducted from the amounts that will be paid to the debtors.

4    In addition, based on Deutsche Bank's credit ratings, which are

5    significantly higher than that of the debtors, the debtors have

6    provided adequate assurance of future performance under these

7    contracts.  And therefore, the debtors have satisfied the

8    requirements of Section 365 of the Bankruptcy Code.

9           Daniel Ehrmann submitted a declaration in support of

10   this motion as well indicating that, in his business judgment,

11   this is in the best interest of the debtors.  The debtors have

12   also worked closely on this transaction with the creditors'

13   committee and their advisors have reviewed and approved this

14   transaction as well.

15          In order to provide notice of this transaction to the

16   holders, this motion was filed more than thirty-five days

17   before -- thirty-four days before this hearing and Deutsche

18   Bank Trust Company provided notice of this motion to the

19   holders through the ordinary channels in which they communicate

20   with holders.

21          No objections have been filed to this motion and it is

22   uncontested.

23          On Monday, the debtors filed a revised form of order

24   in connection with this motion.  I have a copy of the blackline

25   if Your Honor doesn't have a copy if you'd like me to hand it

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 14

1    up.  Or --

2            THE COURT:  No.  I've looked at it online.

3            MR. BERNSTEIN:  Okay.  So just to run through the

4    material changes quickly, certain language was added to reflect

5    the mechanics and documentation that will be entered into to

6    effect this transaction.  An additional order paragraph was

7    included that provides the indenture trustee some additional

8    and added comfort and certain corrections were made to the

9    claims that are being resolved in connection with this

10   transaction.  It was just a typo in the motion.

11           At this time, I'm happy to answer any questions Your

12   Honor may have.  Otherwise, we request the order be entered.

13           THE COURT:  I don't have any questions and this motion

14   is approved.

15           MR. BERNSTEIN:  Great.  Thank you, Your Honor.  The

16   next motion will be handled by my colleague, Peter Gruenberger.

17           THE COURT:  Thank you very much.

18           MR. GRUENBERGER:  Good morning, Your Honor.  Peter

19   Gruenberger, Weil Gotshal & Manges, on behalf of the debtors.

20           THE COURT:  Good morning.

21           MR. GRUENBERGER:  We are here today on our motion for

22   authorization and approval of a settlement between LBFP, on the

23   one hand, Madison Avenue Structured Finance CDO I Ltd. and

24   related entities as issuer, U.S. Bank, National Association, as

25   trustee, and MetLife Investment Advisors as collateral manager.

Page 15

1          This settlement was reached after the ADR process and

2     a mediation and deals with notes issued under an SPV.  This is

3     the first SPV settlement that has arisen out of mediation, Your

4     Honor.

5          The motion was filed more than thirty days ago.  No

6     objections have been filed.  And we ask, as debtors, that Your

7     Honor enter the order.

8          Mr. Frank Top of Chapman & Cutler is in the courtroom

9     and will be happy to answer any questions you may have of the

10    trustee because of the procedures involved here.  But I'll

11    answer any questions Your Honor may have of me as well, of

12    course.

13         THE COURT:  I don't have any questions.  I requested

14    an unredacted copy of the settlement agreement which I've

15    reviewed and I'm satisfied with it.

16         MR. GRUENBERGER:  We will bring down or send down to

17    chambers a final revised order for Your Honor to sign today.

18         THE COURT:  Fine.  This motion is approved.

19         MR. GRUENBERGER:  Thank you.

20     (Pause)

21         MR. WIN:  Good morning, Your Honor.  Zaw Win, Weil

22    Gotshal & Manges, for LBHI and its affiliated debtors.  I

23    understand that the people in the back of the courtroom are

24    having a difficult time hearing so I'll try to speak up as much

25    as possible.

Page 16

1        The next motion on the agenda is the motion of LB --

2   Somerset LLC and LB Preferred Somerset LLC to enter -- for

3   authorization to enter into a settlement agreement with certain

4   of their joint venture partners and the joint venture partners'

5   affiliates.

6        The objection deadline to this motion was scheduled

7   for November 15th, 2010 and no objections have been filed or

8   served on the debtors.  The creditors' committee has also filed

9   a notice in support of this motion.  And the debtors have filed

10  the declaration of Jeffrey Fitts, managing director of Alvarez

11  & Marsal.  And Mr. Fitts is in the courtroom today in case any

12  parties have any questions.

13       As set forth in the motion and Mr. Fitts' declaration,

14  the Lehman Somerset debtors' sole asset is their interest in a

15  joint venture called Somerset Associates LLC.  Somerset

16  Associates LLC's sole asset is its interest in another entity

17  called Somerset Properties SPE LLC which owns six office

18  buildings in North Carolina.

19       To put it mildly, the debtors' investment in these

20  properties has not worked out as anticipated.  Almost since the

21  beginning of the joint venture, there have been difficulties

22  between the debtors and the joint venture partner with respect

23  to certain funding obligations and management responsibilities.

24  And those disagreements resulted in litigation in Delaware.

25       In addition, the properties are encumbered by a loan

Page 17

1    or by several loans, actually, and it is the debtors' opinion

2    that the value of the loans is either equal to or in excess of

3    the value of the properties.  So we see very little equity here

4    for the debtors to recover.

5            Further, following the submission of the motion, we

6    understand that the joint venture partner Somerset Properties

7    SPE for bankruptcy in North Carolina which would make it even

8    more difficult for the debtors ever to realize any value on

9    this asset.

10           Given those considerations, the debtors feel that the

11   settlement agreement's in their best interest.  While it only

12   provides a limited recovery for their creditors, it does result

13   in the withdrawal of all claims by the Somerset entities

14   against the debtors, the dismissal of the Delaware litigation

15   and the leases for the debtors going forward.

16           Are there any questions?

17           THE COURT:  My one question relates to the bankruptcy

18   in North Carolina for Somerset SPE and whether authority is to

19   be obtained from the bankruptcy court or has already been

20   obtained or may not be needed.

21           MR. WIN:  We looked into this issue and our opinion is

22   that it's not needed.  The obligations of the entity that filed

23   for bankruptcy under the settlement agreement were minimal.

24   And we believe that were all effective prior to the bankruptcy.

25   So we don't think that it's necessary to go to that bankruptcy

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 18

1    court and seek approval for this agreement.

2         THE COURT:  There's a gentleman standing behind you.

3    I don't know if he's going to say something that either is

4    consistent with or different from what you've just said.  But

5    let me find out.

6         MR. RABINOWITZ:  Your Honor, if I might be heard

7    briefly?

8         THE COURT:  Sure.

9         MR. RABINOWITZ:  Good morning, Your Honor.  John

10   Rabinowitz, Rabinowitz, Lubetkin & Tully.  I represent the

11   Somerset counterparties to the settlement agreement.  And that

12   was the very issue that I intended to raise with the Court this

13   morning.

14        We have disclosed, and it is set forth in the

15   supplemental pleadings that have been filed with the Court,

16   that Somerset SPE filed voluntary Chapter 11 in the North

17   Carolina bankruptcy court several weeks ago.  It is our

18   position that we intended to apply to approve -- once this

19   Court approves, intended to apply for approval in that

20   bankruptcy as well.  And we believe we've made a representation

21   in the settlement agreement with respect to authority.  And we

22   believe in order to fulfill that representation that we need to

23   bring it before the bankruptcy court in North Carolina for its

24   approval.  We expect that that will happen.  This case has just

25   been filed.  There's a lot going on unrelated to this in terms

Page 19

1    of cash collateral and things of that nature.

2          We would ask the Court, for the reasons that counsel

3    has indicated, to approve the settlement.  We will move

4    promptly to obtain approval.  We expect to get it.  If we do

5    not, I'm not asking the Court to make a ruling as to whether it

6    was necessary or not or what effect it has on the performance

7    obligations.  But I simply wanted to disclose to this Court

8    this morning that we intend to go ahead and do that.

9          THE COURT:  Let me just ask you this question.  Is it

10   your position as counsel for the Somerset counterparties that

11   bankruptcy court approval is a condition precedent to the

12   effectiveness of the settlement?

13          MR. RABINOWITZ:  I believe that is the case, Your

14   Honor.  But I'm not asking Your Honor to rule that because I

15   don't believe that the --

16          THE COURT:  I'm not planning to rule on it.  I'm --

17          MR. RABINOWITZ:  -- that the LB parties --

18          THE COURT:  I'm just asking for your position.

19          MR. RABINOWITZ:  That is my position, that in order

20   for it to be effective it would require bankruptcy court

21   approval.  But I don't know what the position of the LB parties

22   are with regard to that.  If I heard counsel this morning, he

23   believes that the approval itself is not necessary.  That's the

24   first time that I've learned of that fact.  And I think, Your

25   Honor, for the reasons set forth in the pleadings and this

Page 20

1    morning, can approve the settlement.  If we don't shortly

2    obtain the approval, we can come back and address the issue as

3    to whether the settlement is to go effective or not.  My client

4    may waive the condition and go forward and consummate in any

5    event.  We have posted the funds.  They are in an escrow

6    account.  That is the bulk of the performance.  The only other

7    thing is the execution of some remaining conveyance documents

8    as well as a review by the LB entities from a governance

9    standpoint with regard to the effectiveness of the governance

10   and encompassing materials that we've sent them.

11           THE COURT:  Okay.  Fine.  I understand.  I'm

12   considering all of that colloquy as just that:  colloquy, and

13   understand the position of the parties.  I approve the

14   settlement with the understanding that some effort will be made

15   in North Carolina to obtain approval of the same transaction

16   from the Somerset perspective.  But meanwhile, I endorse the

17   settlement from Lehman's perspective.

18           MR. WIN:  Thank you, Your Honor.  I understand that my

19   colleague, Damon Meyer, is handling the next one.

20           MR. MEYER:  Good morning, Your Honor.  For the record,

21   Damon Meyer from Weil Gotshal & Manges on behalf of LBHI and

22   its affiliated debtors.  Your Honor, on November 23rd, LBHI and

23   LCPI filed a motion to enter into a settlement agreement

24   regarding the Heritage Fields property.  On December 1st, LBHI

25   and LCPI filed a draft of the settlement agreement.  On

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 21

1   December 7th, a revised form of order and a draft of the waiver

2   and release with respect to the settlement agreement were

3   filed.  And finally, Your Honor, on December 13th, debtors

4   filed the declaration of Jeffrey Fitts in support of the

5   motion.  Mr. Fitts is in the courtroom today.

6          Your Honor, the motion seeks authorization for LBHI

7   and LCPI to enter into a settlement agreement regarding the

8   Heritage Fields project.  It's a master plan development in

9   Irvine, California.  As set forth in the motion, there are

10  disputes regarding the project some of which are the subject of

11  the pending adversary proceeding between the debtors and State

12  Street.

13         Further, Your Honor, the motion requests that certain

14  of the transfers made in the settlement agreement of LBHI's

15  interest in the project be free and clear of all liens and

16  interests pursuant to Section 365 of the Bankruptcy Code with

17  any interest attaching to proceeds of that transfer.

18         Your Honor, not only does the settlement regard -- I'm

19  sorry -- not only does the settlement agreement resolve the

20  disputes between State Street and the debtors as well as the

21  other parties to the settlement agreement, but also provides

22  the LBHI with a discounted payoff on account of its interest in

23  the project.  That payoff amounts to a significant recovery for

24  LBHI on account of its interest.

25         Further, it provides for the payment in full plus

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 22

1   interest of all amounts outstanding under a thirty-two million

2   dollar participation that LBHI has in the project.

3          Finally, it provides LBHI with a cash flow

4   participation in the project which will be LBHI's only

5   remaining interest in the project.  The debtors believe in

6   their business judgment that entering into the settlement

7   agreement is in the best interest of the estates and all

8   parties.

9          Your Honor, there have been no objections filed to the

10  motion and the committee supports the relief requested.  There

11  are a couple of points I'd like to make on the record and, of

12  course, answer any questions Your Honor may have.

13         First, Your Honor, the debtors filed a revised form of

14  order seeking a waiver of the stay provided in Rule 6004(h).

15  This is the only change to the form of order that was filed

16  with the motion.  The waiver of the stay is necessary, Your

17  Honor, because State Street needs to enter into a development

18  agreement with the city of Irvine.  They need the settlement

19  agreement to close prior to entering into that development

20  agreement and that must be done by December 27th.

21         Second, Your Honor, footnote 4 of the motion reads,

22  and I quote, "LBHI and LCPI assert that as a result of certain

23  intercompany repo transactions on or around April 24th, 2008,

24  LCPI became the holder of a portion of the original

25  participation which was later transferred to State Street as

08-13555-mg   Doc 13968   Filed 12/16/10   Entered 01/18/11 15:19:22   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 23 of 32

Page 23

1   set forth below."  I'd like to clarify on the record that

2   nothing contained in footnote 4 is intended to be an admission

3   or a waiver or relinquishment of any rights, claims or the like

4   as between LBHI and LCPI.

5          Unless Your Honor has any questions, the debtors would

6   request entry of the order approving the motion.

7          THE COURT:  I don't have any questions and the motion

8   is granted.

9          MR. MEYER:  Thank you very much, Your Honor.

10          MR. MILLER:  Good morning, Your Honor.  Ralph Miller

11   from Weil Gotshal & Manges here on behalf of LBHI and its

12   affiliated debtors including, specifically, Lehman Brothers

13   Special Financing Inc., known as LBSF, on docket number 13051.

14   Although this is listed as a contested matter, Your Honor, I'm

15   pleased to report that the sole remaining objection, which was

16   a limited objection by the Belmont noteholders, has been

17   withdrawn.  So it's now an uncontested matter.

18          This is debtors' motion under Rule 9019 for approval

19   of a settlement among Lehman Brothers Special Financing, BNY

20   Corporate Trustee Services Limited, Perpetual Trustee Company

21   Limited and others with Saphir Finance Public Limited Company.

22   The Court will recognize, I believe, that this settlement

23   resolves the adversary proceeding between LBSF and BNY

24   Corporate Trustee Services.  It was the subject of a January

25   25th summary judgment that this Court entered.

1          It is my understanding that the official committee of

2     unsecured creditors does support the settlement.  They may wish

3     to address that specifically in a moment, Your Honor.

4          There were some objections that were filed.  They have

5     now been resolved as, I think, is reflected by filings by the

6     Court.  There is a declaration of Robert Hershan in support.

7     Mr. Hershan is present if it were necessary to have him address

8     any questions, Your Honor.  We believe that the record

9     establishes clearly all of the requirements of Rule 9019 that

10    the settlement is in the best interest of the estate.  We're

11    available, of course, to answer any questions Your Honor may

12    have.

13         THE COURT:  I'm very familiar with this matter.  I've

14    reviewed the settlement agreement which was provided to me for

15    in camera review.  And I'm satisfied that this is a settlement

16    that should be approved.  But before I do that, I'd like to

17    give anybody, including the committee, who wishes to be heard

18    an opportunity to speak now.  Otherwise, I'll simply approve

19    it.

20         MR. MILLER:  Thank you, Your Honor.

21         MR. FLECK:  Your Honor, good morning.  Evan Fleck of

22    Milbank Tweed on behalf of the official committee.  Just to

23    reiterate, what Mr. Miller stated is accurate.  The committee

24    has worked diligently with the debtors in connection with this

25    matter throughout all the stages both here and in foreign court

Page 25

1    in connection with this matter.  And the committee is in

2    support of the settlement, believes it is in the best interest

3    of the estate and falls above the lowest point in the range of

4    reasonableness and, for those reasons, request that the Court

5    grant the debtors' motion.

6           THE COURT:  I'm pleased to grant the motion and

7    consider it a positive resolution of litigation which, if not

8    settled, could have been quite time consuming, expensive and

9    risky to all parties.  So it's approved.

10          MR. FLECK:  Thank you, Your Honor.

11          MR. WIN:  Good morning, Your Honor.  Zaw Win again,

12   Weil Gotshal & Manges, on behalf of LBHI and its affiliated

13   debtors.  The final matter on the agenda today is the motion of

14   Prudence Waltz for relief from stay.  Notwithstanding the fact

15   that the debtors have offered to grant limited relief from

16   stay, I believe that Prudence Waltz' counsel would like to move

17   forward with this matter.  I'm not familiar with Ms. Waltz'

18   counsel so I'm not sure if he's in the courtroom or not.

19          THE COURT:  Is counsel for the movant, Prudence Waltz,

20   present?  Is counsel for Prudence Waltz on the telephone?  Is

21   anyone here representing the interest of Prudence Waltz?  I

22   hear no response.

23          MR. WIN:  That puts the debtors in somewhat of an odd

24   situation.  On the one hand, we certainly seek to have the

25   motion of Prudence Waltz denied.  On the other hand, it may

Page 26

1    make sense from the estate perspective to grant limited relief

2    from the stay in order to allow the state court proceeding to

3    move forward.

4            THE COURT:  Is it the debtors' preference -- and I've

5    read your papers -- that even in the absence of a moving

6    plaintiff seeking relief from stay that you would nonetheless

7    voluntarily consent to permit the litigation in California to

8    proceed because you believe it to be in the debtors' best

9    interest that that litigation move forward inasmuch as the

10   title insurance company is covering the expenses of that

11   litigation?

12           MR. WIN:  That's correct, Your Honor.  The debtors

13   believe that this property has very little value.  And so

14   they'd like to minimize the cost and expense that they incur

15   defending this action both here and in the state court in

16   California.  Currently, the action in the state court in

17   California is being funded by our title insurance company.  So

18   to the extent that we can have these issues decided in that

19   proceeding, it's likely to be less expensive for the debtors.

20   And so that's correct.

21           THE COURT:  This is a procedurally unusual

22   circumstance.  Are you here on behalf of the movant?

23           MR. ZAMOS:  Yes, Your Honor.

24           THE COURT:  Is there some reason you didn't respond

25   when I called out earlier?

Page 27

1          MR. ZAMOS:  Because I didn't hear you.  I was sitting

2    in the back.  I apologize.

3          THE COURT:  All right.  Let's start over.

4          MR. ZAMOS:  Your Honor, the basic issue here is

5    obviously where this matter should be resolved.  Our position

6    is it should be resolved in whatever court it finds itself as

7    quickly as possible.  The initial issue is who -- does the

8    debtor or one of its affiliates have an interest in the

9    property.  If the debtor has no interest in the property then

10   this Court has the jurisdiction to make that determination.

11   And there's no reason it shouldn't make that determination.  We

12   initially started out in the state courts because initially

13   there is no evidence that the debtor had any interest in the

14   property.  We didn't choose to come into this particular

15   jurisdiction.  But having been drawn into this jurisdiction, we

16   believe that the appropriate first step is for a determination

17   to be made as to whether or not there is an interest in the

18   property.  And the answer is there is no evidence the debtor

19   has any interest in this property.

20         THE COURT:  I disagree.  I've read the papers that

21   have been filed by the debtors in opposition to your motion for

22   relief from the automatic stay.  And there appears to be

23   abundant proof -- I make no findings as to whether or not

24   another court would conclude that there's an interest.  But

25   there's clearly prima facie evidence of an ownership interest

08-13555-mg   Doc 13968   Filed 12/16/10   Entered 01/18/11 15:19:22   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 28 of 32

Page 28

1   in the debtors' estates.  The debtors have also made what I

2   consider to be a very fair proposal -- I don't know why we're

3   having an argument here at all -- to permit the California

4   courts to resolve matters that are properly to be resolved in

5   the California courts.  I'm prepared to grant limited relief

6   from the stay for the express purpose of permitting the

7   California state court to adjudicate the controversy.  And I

8   see no reason why you're opposing that.

9           MR. ZAMOS:  The only reason I'm opposing it, Your

10  Honor, is one of timing.  This matter has been delayed.  It has

11  been delayed -- every time we have been on the verge of having

12  the matter resolved, it has been delayed for one reason or

13  another.  I'm prepared to follow the direction of the Court.

14  If that's the direct -- and I believe the Court does have that

15  discretion.  I also believe that the Court has discretion to

16  make the determination that the debtor does not have an

17  interest in the property.

18          THE COURT:  I'm not making that determination today.

19  What I am determining is that the state court, consistent with

20  the debtors' consent, is the appropriate venue and forum for

21  resolving issues relating to the ownership of property located

22  in Los Angeles.  And so, you'll go back to California and

23  litigate it in the state court where I'm sure you're familiar.

24          MR. ZAMOS:  As I said, my objection is one of timing.

25  If that's the direction we must follow, we will follow it.

08-13555-mg    Doc 13968    Filed 12/16/10    Entered 01/18/11 15:19:22    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 29 of 32

Page 29

1    We're prepared to do that.

2         THE COURT:  Fine.  That's what we're going to do.  And

3    I'll grant stay relief consistent with the responsive papers

4    that were filed by the debtor which will consent to the

5    continuation of litigation which has already been filed and is

6    being prosecuted as a result of this relief from stay in the

7    California courts and suggest that that's the proper place for

8    this to be decided.

9         MR. ZAMOS:  Thank you, Your Honor.

10        THE COURT:  And I'll entertain an appropriate order

11   from the debtors.

12        MS. FIFE:  Your Honor, I believe this concludes the

13   hearing.  As I suspected, it would be short.  Thank you very

14   much.  And have a happy holiday and a happy new year.

15        THE COURT:  Happy holiday to everybody in the

16   courtroom and also on the telephone.  We're adjourned.

17        (Whereupon these proceedings were concluded at 10:32 a.m.)

18

19

20

21

22

23

24

25

1

2                          I N D E X

3

4                      R U L I N G S

5    DESCRIPTION                                    PAGE      LINE

6    Debtors' motion for approval of termination     11        6

7    settlement of certain pre-petition derivative

8    contracts with U.S. Bank granted

9    Debtors' motion for authorization to assume     14       14

10   and assign interest rate swap agreements with

11   Deutsche Bank National Trust company and to enter

12   into new interest rate swap agreements granted

13   Debtors' motion for authorization and approval   15       18

14   of a settlement between LBFP; Madison Avenue

15   Structured Finance CDO I Ltd. and related

16   entities as issuer; U.S. Bank, National

17   Association, as trustee; and MetLife Investment

18   Advisors as collateral manager granted

19   Motion of LB Somerset LLC and LB Preferred       20       13

20   Somerset LLC for authorization to enter into

21   settlement agreement with certain of their joint

22   venture partners and the joint venture partners'

23   affiliates granted

24

25

Page 31

I N D E X, cont'd

R U L I N G S

| DESCRIPTION | PAGE | LINE |
|---|---|---|
| Debtors' motion seeking authorization for | 23 | 8 |
| LBHI and LCPI to enter into a settlement | | |
| agreement regarding the Heritage Fields project | | |
| Debtors' motion under Rule 9019 for approval of | 25 | 9 |
| a settlement among Lehman Brothers Special | | |
| Financing, BNY Corporate Trustee Services | | |
| Limited, Perpetual Trustee Company Limited and | | |
| others with Saphir Finance Public Limited Company | | |
| granted | | |
| Motion of Prudence Waltz for relief from stay | 29 | 3 |
| granted as to limited relief to allow litigation | | |
| to continue in the California state court | | |

Page 32

1

2                        C E R T I F I C A T I O N

3

4    I, Lisa Bar-Leib, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6
     Lisa Bar-Leib   Digitally signed by Lisa Bar-Leib
                      DN: cn=Lisa Bar-Leib, c=US
                      Reason: I am the author of this document
7    _____   Date: 2010.12.16 15:31:50 -05'00'

8    LISA BAR-LEIB

9    AAERT Certified Electronic Transcriber (CET**D-486)

10

11

12   Veritext

13   200 Old Country Road

14   Suite 580

15   Mineola, NY 11501

16

17   Date:  December 16, 2010

18

19

20

21

22

23

24

25