### TRANSFER NOTICE

### EVIDENCE OF TRANSFER OF CLAIM TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, European Aeronautic Defence and Space Company EADS NV (the "**Assignor**") hereby unconditionally and irrevocably sells, transfers and assigns to Barclays Bank PLC (the "**Assignee**") all right, title, interest, claims and causes of action in and to, or arising under or in connection with, the Assignor's general unsecured claim (as such term is defined in Section 101(5) of the Bankruptcy Code) against Lehman Brothers Special Financing Inc (the "**Debtor**"), the debtor and debtor-in-possession in the chapter 11 reorganization case entitled, In re Lehman Brothers Holdings Inc, Chapter 11, Case No. 08-13555 (JMP) (Jointly administered), pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), in the amount of USD 54,790,554.29 (the "**Claim**") as modified by the Termination Agreement dated 2 December 2010 entered into between the Debtor and Assignor to the agreed amount of USD 45,500,000.00 and the relevant portion of any and all proofs of claim (No. 08-13888 (JMP)) filed by Assignor with the Bankruptcy Court in respect of the foregoing Claim a copy of which filed proofs of claim are attached.

The Assignor hereby waives any objection to the transfer of the Claim to the Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. The Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to the Assignor transferring to the Assignee the Claim and recognizing the Assignee as the sole owner and holder of the Claim. The Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 7 day of December 2010.

**BARCLAYS BANK PLC**

By: _/s/_

Name: DANIEL CLOULEY

Title: MANAGING DIRECTOR

Proof of Claim to be attached if filed.

**EUROPEAN AERONAUTIC DEFENCE AND SPACE COMPANY EADS NV**

By: _/s/_    _/s/_

Name:    European Aeronautic Defence    Jean-Baptiste Pons
         and Space Company EADS N.V.    Senior Vice President
Title:   Andreas Drabert                Head of Corporate Finance & Treasury
         Vice President Treasury Controller    EADS N.V.

OHS EUROPE:550281260.1

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10 150-5076

**PROOF OF CLAIM**

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000015365

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

European Aeronautic Defence and Space Company EADS N.V. c/o
EADS Deutschland GmbH, CF/FT/T, Willy Messerschmitt Str., 85521
Ottobrunn, Germany

Telephone number: +49 (0) 89 607 23255    Email Address: Bernd.Kreissle@eads.net

☐ Check this box to indicate that this claim amends a previously filed claim. Court Claim Number: _____
(If Known)
Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:                Email Address:

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** In excess of $54,790,554.29

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

   ☒ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☒ Check this box if all or part of your claim is based on a Guarantee.*

   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attached Annex A
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** None
   3a. Debtor may have scheduled account as:
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.) Not Applicable
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate _____  ☐
   Motor Vehicle                            ☐ Other
   Describe:
   Value of Property: $                     Annual Interest Rate    %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $                                        Basis for perfection:
   Amount of Secured Claim: $               Amount Unsecured: $

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
   **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
   If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(   ).

   Amount entitled to priority:

   $ None

| Date: 9/17/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Gérard Adsuar, Executive Vice President          Jean-Baptiste Pons, Senior Vice President |
|---|---|

**FILED / RECEIVED**
**FOR COURT USE ONLY**
SEP 17 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: 
In re:                                                      :
                                                            :  Chapter 11
LEHMAN BROTHERS HOLDINGS INC.,                              :
                                                            :  Case No. 08-13555 (JMP)
        Debtor.                                             :
                                                            :  (Jointly Administered)
                                                            :
------------------------------------------------------------ x

ANNEX A TO PROOF OF CLAIM OF EUROPEAN
AERONAUTIC DEFENCE AND SPACE COMPANY N.V.

1.  Claimant.  The undersigned, European Aeronautic Defence and Space Company N.V. ("**EADS**" or "**Claimant**"), whose business and mailing address is c/o EADS Deutschland GmbH, CF/FT/T, Willy Messerschmitt Str. 85521, Ottobrunn, Germany is a party with Lehman Brothers Special Financing Inc. ("**LBSF**") to (i) that certain ISDA Master Agreement dated August 22, 2002 between Claimant and LBSF (the "**Master Agreement**"); (ii) that certain ISDA Schedule to the Master Agreement dated August 22, 2002 between Claimant and LBSF (the "**Schedule**"); and (iii) a series of transactions governed by the Master Agreement and evidenced by one or more confirmations exchanged between the parties (each, a "**Confirmation**") confirming the transactions (the "**Transactions**", together with the Master Agreement, the Schedule and the Confirmations the "**Transaction Documents**").[1]

---

[1] Each of the Transaction Documents will be filed electronically in accordance with this Court's Order dated July 2, 2009 entered in the above-captioned bankruptcy cases establishing the deadline and procedures for filing proofs of claim based on derivative contracts.

2. *Guarantee*. Pursuant to the Schedule, Lehman Brothers Holdings Inc. ("**LBHI**" or "**Debtor**") is the Credit Support Provider[2] to LBSF. Pursuant to the Guarantee of Lehman Brothers Holdings Inc. attached as Exhibit A to the Schedule (the "**Guarantee**"), Debtor is the guarantor of all amounts due under the Transaction Documents payable by Debtor to Claimant.

3. *Event of Default*. Pursuant to Section 5(a)(vii) of the Master Agreement, an Event of Default occurred upon the filing of a voluntary petition for relief under title 11, chapter 11 of the United States Code by Debtor on September 15, 2008 (the "**Petition Date**"). Such Event of Default is continuing.

4. *Notice of Early Termination*. On the Petition Date, as a result of the Event of Default, Claimant exercised its rights under Section 6(a) of the Master Agreement and notified LBSF that Claimant was designating September 16, 2008 as the Early Termination Date in respect of all then outstanding transactions.

5. *Notification of Settlement Amount*. On September 17, 2008, Claimant transmitted a Notification of Settlement Amount to Debtor demanding payment from Debtor in the amount of USD 52,463,846.54 in connection with the early termination of the outstanding transactions.

6. *Claim*. As of September 16, 2008, Claimant has a liquidated claim ("**Liquidated Claim**") against Debtor as follows:

   a. approximately USD 52,463,846.54 in connection with the early termination of the outstanding transactions; plus

---

[2] All capitalized terms not otherwise defined herein shall have the meanings attributed to them in the Transaction Documents.

2

b.  interest at the Default Rate of 4.251% per annum from (and including) the Early Termination Date to (but excluding) September 22, 2009 (the "**Bar Date**") in the amount of USD 2,267,408.75; plus

c.  interest at the Default Rate of 4.251% per annum from (and including) the Bar Date to (but excluding) the date such amount is paid; plus

d.  an amount not less than approximately USD 59,299.00, representing all fees, costs, expenses, and indemnities (including legal fees and expenses, if any) payable under the Transaction Documents in connection with Debtor's default under or obligations arising from the Transaction Documents and the enforcement of the Claimant's rights thereunder; and

e.  subject in all cases to reduction for amounts already paid to Claimant under the Transaction Documents since the Early Termination Date.

7.  Unliquidated Claim. Debtor is or may be directly or indirectly indebted to Claimant for contingent or unliquidated amounts ("**Unliquidated Claim**," together with the Liquidated Claim, the "**Claim**") under the Transaction Documents in respect of, *inter alia*, other defaults by LBSF under the Transaction Documents.

8.  Judgments. No judgment has been rendered on the Claim.

9.  Credits and Set-Offs. The amount of all payments on the Claim since the Early Termination Date (as described in paragraph 6 hereof) have been credited and deducted for the purpose of making this proof of claim. The Claim is not subject to any setoffs, defenses or counterclaims by Debtor.

10. Reservation of Rights. The execution and filing of this proof of claim is not and shall not be deemed: (a) a waiver of any remedies set forth in Section 6 of the Master Agreement (including the right to terminate) or a waiver of any other rights or remedies of the Claimant

3

under the Master Agreement, the Schedule, the Confirmations, or any other Transaction Document; (b) a waiver of any right to assert that all or any portion of the Claim constitutes an administrative expense claim, an unsecured claim, or a priority claim in this case; (c) a waiver or release of Claimant's claims or rights against any other entity, person, or property liable for all or any part of the Claim asserted herein or any matters related to the Claim asserted herein; (d) a consent by Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving Claimant; (e) a waiver of the right to withdraw the reference, or otherwise to challenge the jurisdiction of this Court with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case against or otherwise involving Claimant; (f) a waiver or release by Claimant of Claimant's right to trial by jury, or a consent by Claimant to a trial by jury in this Court or any other court; (g) a waiver of any right to the subordination, in favor of Claimant, of indebtedness or liens held by any creditors of Debtor or any of its affiliates; or (h) an election of remedies which waives or otherwise affects any other remedy.

Claimant specifically reserves all of its defenses and rights, procedural and substantive, including, without limitation, its rights with respect to any claim that may be asserted against Claimant or any of its affiliates, by Debtor, any of its affiliates or any other party, including LBSF.

11. Amendments. Claimant expressly reserves its right to file any separate or additional proof of claim with respect to the Claim set forth herein or otherwise (which proof of claim, if so filed, shall not be deemed to supersede this proof of claim), to amend or supplement this proof of claim in any respect, including with respect to the filing of an additional or amended

4

claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional claims or for any other reason.

12.  Notice. All notices in respect of this claim should be forwarded to:

>   European Aeronautic Defense and Space Company N.V.
>   c/o EADS Deutschland GmbH,
>   CF/FT/T, Willy Messerschmitt Str. 85521,
>   Ottobrunn, Germany
>   Attn.: Bernd Kreissle
>   Tel: 49 89 607-23255
>   Fax: 49 89 607-34279
>
>   With a copy to:
>   Orrick, Herrington & Sutcliffe LLP
>   666 Fifth Avenue
>   New York, New York 10103
>   Attn: Alyssa D. Englund
>   Tel: (212) 506-5187
>   Fax: (212) 506-5151

HAND DELIVERY

_____  _____  _____
RECEIVED BY:                DATE       TIME