EXHIBIT B

## EVIDENCE OF TRANSFER OF CLAIM

TO: CLERK, UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

AND TO: LEHMAN BROTHERS HOLDINGS INC.

CC ARBITRAGE, LTD. ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to BARCLAYS BANK PLC ("Buyer"), all right, title and interest in and to the claims of Seller against LEHMAN BROTHERS HOLDINGS INC. in the amount of $11,256,426.00, docketed as Claim No. 66337 (the "Claim"), in the case entitled *In re Lehman Brothers Holdings Inc., et al.*, Chapter 11 Case No. 08-13555 (Jointly Administered) (JMP), pending in the United States Bankruptcy Court, Southern District of New York.

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure or otherwise, and stipulates that an order may be entered recognizing this Transfer of Claim as an unconditional assignment and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, dated as of the 14 day of June, 2010.

| CC ARBITRAGE, LTD. | BARCLAYS BANK PLC |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: Allan Weine | Name: |
| Title: Managing Member, Castle Creek Arbitrage LLC | Title: |
| Tel.: 312-692-7555 | Tel.: |

10

NY1 7296214v.4

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000066337

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Brothers Holdings Inc. | Case No. of Debtor: 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Luminus Energy Partners Master Fund Ltd.
c/o Luminus Management, LLC
1700 Broadway, 38th Floor
New York, NY 10019
Attn: Nicole Panebianco

☑ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 33127
(If known)

Filed on: September 22, 2009

Telephone number: (212) 615-3437    Email Address:

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. **Amount of Claim as of Date Case Filed:** $ 11,256,426.00
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☑ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Guarantee of Swap Damages - Allowed by Termination Agreement dated 9/14/09
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $ _____    Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____    Basis for perfection: _____
   Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   Amount entitled to priority:
   $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
MAR - 2 2010
EPIQ [illegible]

| Date: 3/2/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. /s/ Paul Segal, Paul Segal, Director |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## AMENDED PROOF OF CLAIM OF LUMINUS ENERGY PARTNERS MASTER FUND, LTD. AGAINST LEHMAN BROTHERS HOLDINGS INC.

### Case No. 08-13555

Luminus Energy Partners Master Fund, Ltd. ("Luminus") asserts this amended general unsecured claim against Lehman Brothers Holdings Inc. ("LBHI") in the amount of **$11,256,426.00**.

Luminus and Lehman Brothers Commodity Services Inc. ("LBCS") were parties to that certain ISDA Master Agreement (the "Agreement"), dated November 27, 2006. Copies of the Agreement and the relevant transaction confirmations are attached as Exhibit A to each of the Original Proof of Claim and First Amended Proof of Claim (each as defined below). The Agreement provided that LBHI was a Credit Support Provider, and accordingly, LBHI issued a parent company guarantee (the "Guarantee") of LBCS's obligations under the Agreement. A copy of the Guarantee is attached as Exhibit B to each of the Original Proof of Claim and First Amended Proof of Claim.

On September 15, 2008, LBHI filed a voluntary petition for protection under chapter 11 of title 11 of the United States Bankruptcy Code (the "LBHI Case"). On October 3, 2008, LBCS filed a voluntary petition for protection under chapter 11 of title 11 of the United States Bankruptcy Code (the "LBCS Case"; and together with the LBHI Case, the "Bankruptcy Cases"). The commencement of the Bankruptcy Cases constituted an Event of Default under the Agreement.

On September 15, 2008, Luminus sent to LBCS a notice (the "Termination Notice") of the termination of the Agreement based on the commencement of the LBHI Case. A copy of the Termination Notice is attached as Exhibit C to each of the Original Proof of Claim and First Amended Proof of Claim. In the Termination Notice, Luminus established September 15, 2008 as the Early Termination Date.

Pursuant to Section 6(e) of the Agreement, Luminus performed its calculations of the costs and losses associated with the terminated transactions. On September 17, 2008, Luminus provided to LBCS notice (the "Calculations Notice") of the total amount of its losses and costs in relation to the termination of the Agreement. That amount was $5,104,314.00 (the "Total Loss Amount"). A copy of the Calculations Notice is attached as Exhibit D to each of the Original Proof of Claim and First Amended Proof of Claim.

On May 5, 2009, Luminus filed a proof of claim in the LBHI Case (the "Original Proof of Claim"), which Original Proof of Claim was assigned Claim Number 4136 by Epiq Bankruptcy Solutions LLC, LBHI's court-appointed claims agent (the "Claims Agent"), in the amount of $5,104,314.00, plus applicable interest, for amounts due Luminus in respect of the Total Loss Amount.

On September 22, 2009, in response to that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form*, entered in the Bankruptcy Cases on July 2, 2009 (Docket No. 4271) (the "Bar Date Order"), Luminus duly and timely filed in the LBHI Case, among other things, an amended proof of claim (the "First Amended Proof

of Claim"), which First Amended Proof of Claim was assigned Claim Number 33127 by the Claims Agent, in the amount of $5,104,314.00, plus applicable interest.

Luminus, LBCS and LBHI are party to that certain Termination Agreement dated as of September 14, 2009 (the "Termination Agreement"), pursuant to which, among other things, Luminus was granted an allowed, general unsecured claim against LBHI in its chapter 11 case in the amount of $11,256,426.00 in full and complete satisfaction of all claims of Luminus against LBHI (as more fully described in such Termination Agreement.

**ACCORDINGLY, LUMINUS HEREBY FILES THIS AMENDED PROOF OF CLAIM TO CONFORM THE AMOUNT OF ITS CLAIM IN THE LBHI CASE TO THE $11,256,426.00 GENERAL UNSECURED CLAIM ALLOWED BY THE TERMINATION AGREEMENT.**

Nothing contained in this Amended Proof of Claim shall be deemed to supersede or waive any of Luminus' rights in, to, or under the First Amended Proof of Claim (and all such rights and any supporting documents attached thereto, or filed in accordance with the Bar Date Order, are hereby incorporated into this Amended Proof of Claim by reference) to the extent such rights are not inconsistent with the terms of the Termination Agreement, and Luminus hereby reserves the right to amend and/or modify this Amended Proof of Claim to the extent necessary to give effect to such rights.

**HAND DELIVERY**

RECEIVED BY: _[signature]_

FILED / RECEIVED
MAR - 2 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC
DATE

TIME: 3/2/09