CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, NW
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

**RESPONSE OF CAPSTONE VOLATILITY MASTER**
**(CAYMAN) LIMITED TO THE DEBTORS' SIXTY-SEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVES CLAIMS)**

Capstone Volatility Master (Cayman) Limited ("Capstone"), by its undersigned counsel, submits this response to the Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivatives Claims) (the "Objection"), filed by the debtors in the above-captioned cases (the "Debtors"), and states as follows:

**PRELIMINARY STATEMENT**

1. The Objection fails to set forth any factual or legal basis sufficient to overcome the prima facie validity of Capstone's claims filed in the Debtors' chapter 11 bankruptcy cases. Accordingly, the Debtors' motion to reduce and allow certain of Capstone's claims should be denied.

**BACKGROUND**

2. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On October 3, 2008, Lehman Brothers OTC Derivatives Inc. ("LB OTC") filed a petition for relief pursuant to chapter 11 of the Bankruptcy Code in this Court.

USActive 21228762.2

3. Prior to the commencement of the Debtors' bankruptcy cases, Capstone and LB OTC entered into several swap contracts (the "Transactions") under an ISDA master agreement dated February 7, 2008 (the "ISDA Agreement"). LBHI executed a guarantee of LB OTC's obligations to Capstone under the ISDA Agreement and all Transactions under it (the "Guarantee").

4. On September 15, 2008, after the commencement of LBHI's bankruptcy case, Capstone exercised its early termination rights under the ISDA Agreement by notice to LB OTC, designating September 15, 2008 as the Early Termination Date in respect of all Transactions outstanding on that date.

5. On November 10, 2008, Capstone submitted a loss claim to LB OTC, setting forth Capstone's calculation of the amount of LB OTC's obligation to Capstone under the Agreement and the Transactions (the "Obligation").

6. Capstone submitted two proofs of claim based on the Obligation: (i) a proof of claim against LB OTC in the amount of $2,746,427.84 (the "LB OTC Claim"); and (ii) a proof of claim against LBHI in the amount of $3,609,787.84 (the "LBHI Claim," and together with the LB OTC Claim, the "Claims"). The LBHI Claim is greater than the LB OTC Claim because it includes amounts owed under LBHI's guarantee of separate Debtor obligations not included in the LB OTC Claim.

7. In accordance with the bar date order entered in these cases on July 2, 2009 (the "Bar Date Order") (Docket No. 4271), Capstone submitted a derivative questionnaire corresponding to the LB OTC Claim and a guarantee questionnaire corresponding to the LBHI Claim.

8. On November 3, 2010, the Debtors filed the Objection, seeking to reduce each of the Claims to $1,726,767.69 and to allow each Claim in that amount. Initially, the response deadline was December 6, 2010.

9. Subsequently, representatives of Capstone and representatives of the Debtors have discussed the Objection and the parties' positions with respect to the Claim. To facilitate these discussions, the response deadline as to Capstone has been extended several times and is now January 20, 2011.

**ARGUMENT**

10. Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim.

11. The prima facie validity of a claim can be overcome "if the objector produces 'evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.'" In re Oneida, Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)). However, "the proof of claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more." Wright v. Holm (In re Holm), 931 F.2d 620, 637 (9th Cir. 1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502-22 (15th ed. 1991)). "The case law is clear. To prevail, the objector must affirmatively produce evidence to counter the creditor's claim." Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), 1999 WL 178788 at *4 (S.D.N.Y. 1999) (emphasis in original).

12. The Claims were properly executed and filed in accordance with the Bankruptcy Rules and the Bar Date Order, and the Objection includes no allegation to the contrary. In fact, the Objection adduces no facts or arguments specifically refuting the amounts asserted in the Claims. Instead, the Objection cursorily states that "the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records."

13. The Debtors have not produced sufficient evidence to overcome the prima facie validity of the Claims—indeed, the Debtors have not produced any evidence at all. Accordingly, the Claims remain prima facie valid and the Debtor's motion to reduce their amounts should be denied.

WHEREFORE, Capstone requests that this Court deny the Objection to the extent that it seeks to reduce the Claims.

Dated:   January 20, 2011

CADWALADER, WICKERSHAM & TAFT LLP

 /s/ Mark C. Ellenberg
Mark C. Ellenberg, Esq., Pro Hac Vice
700 Sixth Street, NW
Washington, DC  20001
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400
mark.ellenberg@cwt.com