**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                 :        **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                      :
                              **Debtors.**            :        **(Jointly Administered)**
--------------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING DEBTORS' THIRTY-FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

Upon the thirty-fifth omnibus objection to claims, dated September 10,

2010 (the "Thirty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11

of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"),

seeking to reduce, reclassify (in certain instances) and allow the Valued Derivative

Claims on the basis that the amounts listed on the proofs of claim are greater than the fair,

accurate, and reasonable values determined by the Debtors after a review of the

claimant's supporting documentation and the Debtors' books and records; and that the

classifications (in certain instances) are improperly identified as secured, administrative

expenses or priority claims on claimants' proofs of claim; all as more fully described in

the Thirty-Fifth Omnibus Objection to Claims; and due and proper notice of the Thirty-

Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Debtors' Thirty-Fifth Omnibus Objection to Claims.

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District

of New York; (vi) the claimants listed on Exhibit A attached to the Thirty-Fifth Omnibus

Objection to Claims; and (vii) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9653]; and

it appearing that no other or further notice need be provided; and upon the resolution of

the Response of Darby Financial Products to Debtors' Thirty-Fifth Omnibus Objection to

Claims [Docket No. 11930]; and the Court having found and determined that the relief

sought in the Thirty-Fifth Omnibus Objection to Claims is in the best interests of the

Debtors, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the Thirty-Fifth Omnibus Objection to Claims establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the relief requested in the Thirty-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Claim Amount", and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, any claim listed on Exhibit A to the Thirty-

Fifth Omnibus Objection to Claims that does not appear on Exhibit 1, annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: New York, New York
January 20, 2011

_____s/ James M. Peck_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 35: EXHIBIT 1 – VALUED DERIVATIVE CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | DARBY FINANCIAL PRODUCTS 101 CALIFORNIA STREET 3250 SAN FRANCISCO, CA 94111 | 19182 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $3,063,040.00* | Lehman Brothers Holdings Inc. | Unsecured | $2,475,000.00 |
| 2 | DARBY FINANCIAL PRODUCTS 101 CALIFORNIA STREET 3250 SAN FRANCISCO, CA 94111 | 19183 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $3,063,040.00* | Lehman Brothers Special Financing Inc. | Unsecured | $2,475,000.00 |
| | | | | | TOTAL | $6,126,080.00 | | TOTAL | $4,950,000.00 |