Linda Neufeld                                          Case No. 08-13555
1 – 5765 Turner Road                                   Chapter 11
Suite # 271
Nanaimo, BC
Canada   V9T 6M4


January 10, 2011


The Honorable James M. Peck
United States Bankruptcy Court
One Bowling Green
New York, NY   10004
Courtroom:  601


Dear Judge James M. Peck:


RE:                    LEHMAN BROTHERS HOLDINGS INC., et al., Debtors


PRELIMINARY OBJECTION OF LINDA NEUFELD TO THE PROPOSED

DISCLOSURE STATEMENT

OF THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS


I, Linda Neufeld, am a Class 5 Creditor of LBHI and I have a Claim Value of approximately

$ 1,300,500.00.  I hereby file my Preliminary Objection to the Ad Hoc Group of Lehman Brothers

Creditors' ("Ad Hoc Group") Disclosure Statement – filed December 15, 2010 – for the following

reasons:


I wish to preface my Preliminary Objection by stating that I am not a legal or

bankruptcy expert and that my Objection is based on my understanding of the

letter of the LBHI Agreements and the Doctrine of Substantive Consolidation.

- 2 -

1.    The Ad Hoc Group's Disclosure Statement – in my opinion – will breach the
contractual obligations of Class 5 – Subordinated Noteholders – to Class 3 –
Senior Noteholders.

Class 5's Contract is with LBHI and so I think that Class 5's contractual
obligation to Class 3 – Senior Noteholders – is only against the estate assets
of LBHI.  The Ad Hoc Group's Disclosure Statement consolidates the estate
assets of certain Affiliate Debtors into LBHI on paper only.

If the Ad Hoc Group's Disclosure Statement was based on a "true Substantive
Consolidation" which legally consolidated the Affiliate Debtors into LBHI then
I would not think that a Breach of Contract will occur.

Since both Classes 3 and 5 Noteholders could only have contractually filed
claims against LBHI then it is questionable – in my opinion – that Class 3 has
contractual right to the Pro Rata Share of Distributions made to Class 5 from
the estate assets of Affiliate Debtors who will not be legally consolidated into
LBHI, and will continue to exist as separate legal Entities.

On Page 10 of Exhibit 2 of the Ad Hoc Group's Disclosure Statement – Recovery
Analysis – it states the following:

Class 5 – Subordinated Unsecured Claims
Estimated Allowed Claims - $ 15,284,000,000.00

- 3 -

In Exhibit 2 of the Ad Hoc Group's Disclosure Statement there are no entries

that shows Class 5's Initial Recovery Amount or the Amount Allocated to Class 3

due to Subordination.  Since Class 5 is equal in rank with Class 4 – General

Unsecured Claims – then I am presuming that Class 5's Initial Recovery Amount

is the same at 20.7 %.

On Page 289 of the Debtors' Disclosure Statement – Exhibit 4:  Recovery Analysis

for LBHI – it states the following:

Class 5 – Subordinated Unsecured Claims

Plan Estimated Claims - $ 15,284,000,000.00

Initial Recovery Amount  -                                      $ 2,250,000,000.00

Amount Allocated to Class 3 due to Subordination  -     ($ 2,250,000,000.00)

Net Recovery  -                                               $ 0

The above Initial Recovery Amount of $ 2,250,000,000.00 is approximately 14.7 %

for Class 5.

The following comparison shows that Class 5 will receive an additional 6 %

Initial Recovery Amount under the Ad Hoc Group's Disclosure Statement.

20.7 %  -  Initial Recovery Amount – for Class 5 – under the Ad Hoc Group's

Disclosure Statement.

14.7 %  -  Initial Recovery Amount – for Class 5 – under the Debtors'

Disclosure Statement.

- 4 -

It is the above noted additional 6 %  – $ 917,000,000.00 – of Class 5's Initial

Recovery Amount that is Allocated to Class 3 due to Subordination – under a

"deemed Substantive Consolidation" – that I think is contractually questionable.


2.        On another note, I wish to point out that the Ad Hoc Group's Disclosure

Statement – based on a "deemed substantive consolidation" – provides for

the Creditors of Affiliate Debtors to make monetary compromises of Goodwill

to the benefit of Classes 3 & 4 and yet no monetary compromises of Goodwill

are made to Class 5 from Class 3.

On Page 32 of a Paper issued by the American Bankruptcy Institute – "Corporate

Restructuring Competition – November 2010" – it states the following:

"If the debtor does not have sufficient assets to pay a particular class in full,

to comply with the absolute priority rule, the creditors in the senior class must

divide the remaining assets equally amongst themselves and all junior classes

must receive nothing under the plan (unless the class of senior creditors votes

for a different treatment).  It is not uncommon, however, because of the

settlement and negotiation dynamic of chapter 11, that a plan successfully

solicit senior classes to accept a plan that pays something to junior classes, rather

than strictly following this absolute priority rule."

Even though  the above excerpt is referring to a solicitation of a plan – which does

not apply at this time – I think it is worth noting that it is not uncommon for a

Senior Class to make a monetary compromise of Goodwill to a Junior Class.

- 5 -

As an example I offer the following:

1.    Class 3 – Senior Noteholders – waive their questionable contractual

right to the additional 6 % – $ 917,000,000.00 – of Class 5's

Initial Recovery Amount – made to Class 5 from the estate assets of

Affiliate Debtors and allot such amount to Class 5.

If  Class 3 made such an allotment to Class 5 then the recovery amount for

Class 3 – under the Ad Hoc Group's Disclosure Statement – would be reduced

by 1.1 % – from 24.5 % to 23.4 %.

I am quite aware that a solicitation of a plan must not take place until a Disclosure

Statement has been approved by the Court , and I am only suggesting the foregoing

treatment of Class 5 for consideration by Class 3  in the spirit of the on going

negotiations presently occurring among Creditors of LBHI and Affiliate Debtors.

3.    On a final note I wish to express the following:

To the best of my knowledge, and based on information and belief,

The Bank of New York Mellon – Indenture Trustee for Class 5 –

Subordinated Noteholders – has not communicated with the said

Noteholders since the date of LBHI's bankruptcy.

Therefore, it is not clear if the Indenture Trustee/The Bank of New

York Mellon – who is also a member of the Official Creditors'

Committee – is carrying out its fiduciary duties and adequately

representing its constituency in good faith.

- 6 -

In view of the above, I think it is proper at this time to speak on

behalf of myself and other Class 5 Subordinated Noteholders who

lack confidence and trust in their Indenture Trustee – The Bank

of New York Mellon – and who also agree with the contents of my

Preliminary Objection.

I, Linda Neufeld, respectfully request that the Court (a) consider the fairness or merits – if any – of my

Preliminary Objection, and also (b) consider if a review of how the Indenture Trustee/The Bank of

New York Mellon is representing Class 5 – Subordinated Noteholders – is warranted at this time.

Respectfully,

Linda Neufeld

CERTIFICATE  OF  SERVICE

I, Linda Neufeld, hereby certify that service of the foregoing "Preliminary Objection of Linda Neufeld to the Proposed Disclosure Statement of the Ad Hoc Group of Lehman Brothers Creditors", was made on January 10, 2011 by First Class Canada Post Mail, upon  the following parties:

(i)     Office of the US Trustee         Attn:     Andy Velez-Rivera, Esq.

        33 Whitehall Street                        Brian Masumoto, Esq.

        21st Floor                           Linda Riffkin, Esq.

        New York, NY    10004                     Tracy Hope Davis, Esq.


(ii)    Milbank Tweed Hadley & McCloy LLP    Attn:     Dennis F. Dunne, Esq.

        1 Chase Manhattan Plaza                   Dennis O'Donnell, Esq.

        New York, NY    10005                     Evan R. Fleck, Esq.


(iii)   Weil Gotshal & Manges LLP         Attn:     Shai Y. Waisman, Esq.

        767 Fifth Avenue                          Lori R. Fife, Esq.

        New York, NY    10153                     Richard P. Krasnow, Esq.

                                                  Jacqueline Marcus, Esq.


Date _____January 10, 2011_____               _____Linda Neufeld_____