**Hearing Date and Time: February 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: February 9, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                       :
**In re**                                              :    **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,           :    **08-13555 (JMP)**
                                                       :
                            Debtors.                   :    **(Jointly Administered)**
                                                       :
-----------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION, PURSUANT TO SECTION
1121(d) OF THE BANKRUPTCY CODE, REQUESTING THIRD
EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF AND
SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS OF
MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Merit, LLC ("Merit"), LB Somerset LLC and LB Preferred Somerset LLC (together, the "Somerset Debtors"), and their affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors") for an extension of the exclusive periods during which only Merit and the Somerset Debtors may file chapter 11 plans and solicit acceptances thereof, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **February 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope-Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq., and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **February 9, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 26, 2011
      New York, New York

      /s/ Shai Y. Waisman
      Shai Y. Waisman

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

**Hearing Date and Time: February 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: February 9, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :
**In re**                                           :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :    **08-13555 (JMP)**
                                                    :
                    Debtors.                        :    **(Jointly Administered)**
                                                    :
------------------------------------------------------------------x

**DEBTORS' MOTION, PURSUANT TO SECTION
1121(d) OF THE BANKRUPTCY CODE, REQUESTING THIRD
EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF
AND SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS OF
MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

   Merit, LLC ("Merit"), LB Somerset LLC and LB Preferred Somerset LLC (together, the "Somerset Debtors"), together with their affiliated debtors in the above-referenced chapter 11 cases as debtors and debtors in possession (collectively, the "Debtors" and together with their non-debtor affiliates "Lehman"), file this Motion and respectfully represent:

**Preliminary Statement**

   1.   On April 15, 2010 [Docket No. 8348] the Court entered an order pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") extending the exclusive periods for the filing of and solicitation of acceptances for Merit's chapter 11 plan to

September 15, 2010 and November 15, 2010, respectively. On September 27, 2010 [Docket No. 11653], the Court further extended the exclusive periods for the filing of and solicitation of acceptances for Merit's chapter 11 plan to February 15, 2011 and April 15, 2011, respectively.

2. On September 14, 2010 [Docket No. 11311], the Court entered an order pursuant to section 1121(d) of the Bankruptcy Code extending the exclusive periods for the filing of and solicitation of acceptances for the Somerset Debtors' chapter 11 plans to September 15, 2010 and November 15, 2010, respectively. On January 13, 2011 [Docket No. 13928], the Court further extended the exclusive periods for the filing of and solicitation of acceptances for the Somerset Debtors' chapter 11 plans to February 15, 2011 and April 15, 2011, respectively.

3. By this Motion, Merit and the Somerset Debtors seek a four-month extension of their Exclusive Periods (as defined below). Merit and the Somerset Debtors have made substantial progress in the administration of their chapter 11 cases since the last time that they sought extensions of their Exclusive Periods, including (i) the approval of a global settlement between the Somerset Debtors and, *inter alia*, Somerset Associates, LLC, a joint venture in which the Somerset Debtors were members [Docket No. 13509], (ii) the filing of the Debtors First Amended Joint Chapter 11 Plan on January 25, 2011 [Docket No. 14150] (the "Plan"), and (iii) the filing of the Debtors' Disclosure Statement for First Amended Joint Chapter 11 Plan on January 25, 2011 [Docket No. 14151] (the "Disclosure Statement").

4. Notwithstanding this progress, Merit and the Somerset Debtors are still faced with certain issues that must be addressed including the evaluation and resolution of the many issues surrounding intercompany claims. The filing of competing individual plans would be disruptive not only to the chapter 11 cases of Merit and the Somerset Debtors, but to the Plan process in general, and the other Debtors' efforts to achieve a consensus in support of the Plan.

Accordingly, a further extension of the Exclusive Periods of Merit and the Somerset Debtors is warranted.

**Background**

5.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

8.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 [Docket No. 7531].

9.  Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Jurisdiction

10. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

11. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan (the "Plan Period"). *See* 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day Plan Period, it has a period of 180 days after the commencement of the case to obtain acceptance of such plan, during which time competing plans may not be filed (the "Solicitation Period" and together with the Plan Period, the "Exclusive Periods"). *See id.* at § 1121(c)(3). Pursuant to section 1121(d) of the Bankruptcy Code, where the initial 120-day and 180-day Exclusive Periods provided for in the Bankruptcy Code prove to be an unrealistic time frame for proposal and solicitation of a plan, the Court may extend a debtor's Exclusive Periods for cause. *See id.* at § 1121(d).

12. Pursuant to this Motion, Merit and the Somerset Debtors hereby request a third extension for an additional four months of their Exclusive Periods to file plans and solicit acceptances thereof to and including June 15, 2011 and August 15, 2011, respectively.

## The Controlling Legal Standard

13. The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension. The legislative history indicates,

however, that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.  *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

14. In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors to assess the totality of circumstances in each case.  *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).  Those factors include, without limitation:

- the size and complexity of the debtor's case;
- the existence of good-faith progress towards reorganization;
- a finding that the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;
- the existence of an unresolved contingency; and
- the fact that the debtor is paying its bills as they come due.

*See McLean Indus.*, 87 B.R. at 834 (citations omitted); *accord Express One*, 194 B.R. at 100 (identifying four of the five above-quoted factors, among others, as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Intern., Inc.*, 60 B.R. 265, 269 (Bankr. D. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon certain of the above-quoted factors).

15. The primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan.  The Exclusive Periods are

intended to afford a debtor a full and fair opportunity to propose a consensual plan and solicit acceptances of such plan without the disruption and confusion that is likely to be caused by the filing of competing plans by non-debtor parties.

### Cause Exists for an Extension of Exclusivity

16.  While Merit and the Somerset Debtors are not unusually large when considered separately, the chapter 11 cases of Merit and the Somerset Debtors pose many of the same complex issues as the chapter 11 cases of the other Debtors. For example, the chapter 11 cases of Merit and the Somerset Debtors involve complicated intercompany claims with certain of the other Debtors as well as foreign affiliates in administration. In fact, the majority of the known creditors of Merit and the Somerset Debtors are their domestic and foreign affiliates. Intercompany claims are a global issue and remain the subject of ongoing discussions.

17.  Many of these issues are referenced in the Plan and will need to be addressed as the Plan process continues to unfold. Allowing third parties to propose plans with respect to Merit or the Somerset Debtors would ignore the integrated nature of the Debtors' businesses and undermine the efforts of the Debtors to achieve a global resolution of all of the chapter 11 cases. Negotiations regarding, and confirmation of, the Plan could be delayed by the distractions created by the proposal of individual competing plans for Merit and the Somerset Debtors.

18.  During the requested extension of the Exclusive Periods, the Debtors expect to be engaged in discussions and negotiations with all of their creditors, including creditors of Merit or the Somerset Debtors, for the purpose of achieving a consensual resolution of all of the chapter 11 cases. Abandoning the consensual plan process that is already well under way in favor of a disjointed plan process that would result from the filing of competing plans for

Merit or the Somerset Debtors would be an inefficient use of the Debtors' resources and would unnecessarily complicate and forestall an efficient resolution to the Debtors' chapter 11 cases.

19. Affording Merit and the Somerset Debtors a full opportunity to complete an extensive review of their assets and of the claims that have been filed against their estates will enhance the administration of the chapter 11 cases of Merit and the Somerset Debtors and will not harm their creditors. The Debtors and their professionals have already spent a significant amount of time familiarizing themselves with the assets, liabilities, corporate structure and businesses of Merit and the Somerset Debtors. For another proponent to propose meaningful chapter 11 plans for Merit or the Somerset Debtors, such proponent would have to duplicate many of the extensive efforts already expended by the Debtors and their professionals, thereby imposing unnecessary delay and expense onto all of the Debtors' stakeholders.

20. Moreover, the requested extension is not an attempt to pressure creditors to accede to the Debtors' demands. Merit and the Somerset Debtors have held a section 341 meeting of creditors, filed their schedules and statements of financial affairs, are not deficient on their limited ordinary course postpetition obligations and have already proposed the Plan. This extension is sought out of an abundance of caution to permit the Debtors to further develop and analyze both the global and the particular issues posed by the chapter 11 cases of Merit and the Somerset Debtors. There is, therefore, no prejudice to creditors from granting the requested extensions.

21. For the reasons set forth herein, the requested extension of the Exclusive Periods for Merit and the Somerset Debtors is warranted and appropriate. The Motion should be granted.

**Notice**

22. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

23. No prior request for extensions of the (i) Plan Period from February 15, 2011 to June 15, 2011, and (ii) Solicitation Period from April 15, 2011 to August 15, 2011 for Merit and the Somerset Debtors has been made to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: January 26, 2011
  New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
                        Debtors.                :   (Jointly Administered)
                                                :
-------------------------------------------------------------------x
```

**ORDER GRANTING DEBTORS' MOTION, PURSUANT
TO SECTION 1121(d) OF THE BANKRUPTCY CODE, REQUESTING
THIRD EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING
OF AND SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS
OF MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

Upon the motion, dated January 26, 2011 (the "Motion"), of Merit, LLC ("Merit), LB Somerset LLC and LB Preferred Somerset LLC (together, the "Somerset Debtors"), together with their affiliated debtors in the above-referenced chapter 11 cases as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), for a further extension of the exclusive periods during which only the New Debtor's may file chapter 11 plans (the "Plan Period") and solicit acceptances thereof (the "Solicitation Period," and together with the Plan Period, the "Exclusive Periods"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the exclusive Plan Periods for Merit and the Somerset Debtors are extended through and including June 15, 2011; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the exclusive Solicitation Periods for Merit and the Somerset Debtors are extended through and including August 15, 2011; and it is further

ORDERED that the extension of the Exclusive Periods granted herein is without prejudice to any party in interest's rights, pursuant to section 1121(d) of the

Bankruptcy Code, to move to reduce Exclusive Periods for Merit and the Somerset Debtors; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: February __, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE