Hearing Date and Time: March 3, 2011 at 10:00 a.m. (Eastern Time)

STROOCK & STROOCK & LAVAN LLP
Claude G. Szyfer
Harold A. Olsen
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Magnetar Constellation Fund II, Ltd*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : |
| | : Case No. 08-13555 (JMP) |
| Debtors. | : |
| | : (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**RESPONSE OF MAGNETAR CONSTELLATION FUND II, LTD
TO DEBTORS' EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS
(VALUED DERIVATIVE CLAIMS)**

Magnetar Constellation Fund II, Ltd ("Magnetar"), by and through its undersigned counsel, hereby files its response (the "Response") to the *Debtors' Eighty-Fourth Omnibus Objection to Claims (Valued Derivative Claims)* (the "Objection") [Docket No. 13955] and respectfully represents as follows:

**BACKGROUND**

1.      On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On October 3, 2008, Lehman Brothers Special Financing Inc. ("LBSF") filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

2. LBHI, LBSF and their chapter 11 debtor-affiliates (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>") are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. On September 17, 2008, an Official Committee of Unsecured Creditors was appointed in the Debtors' cases.

3. Prior to the Debtors' commencement of these cases, Magnetar and LBSF were parties to certain swap transactions (the "<u>Transactions</u>") documented under an ISDA master agreement, dated December 21, 2006 (the "<u>ISDA Master Agreement</u>"). LBSF's obligations to Magnetar thereunder were guaranteed by LBHI. On September 16, 2008, Magnetar terminated the Transactions under the ISDA Master Agreement pursuant to the safe harbor provisions of the Bankruptcy Code.

4. On September 15, 2009, Magnetar timely filed proofs of claim against LBSF (Claim number 12720) and LBHI (Claim number 12721) (collectively, the "<u>Claims</u>").[1] On September 17, 2009 and October 1, 2009, respectively, Magnetar timely submitted Derivative and Guarantee Questionnaires (the "<u>Questionnaires</u>") and uploaded voluminous information and documents in support of its claims, as required under the Bar Date Order (as defined in the Objection) and in full compliance with the Questionnaires. Magnetar asserts claims of $5,264,648.00 plus interest, costs and fees resulting from early termination of the Transactions and LBHI's guarantee.

## RESPONSE

5. The Objection to Magnetar's Claims should be overruled. In the Objection, the Debtors assert that the Claims should be reduced to $2,245,356.36 to reflect their "fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting

---

[1] Magnetar is erroneously identified in the Claims (and consequently in the Objection) as "Magnetar Constellation Master Fund II, Ltd." Magnetar's correct name is "Magnetar Constellation Fund II, Ltd."

2

documentation and the Debtors' books and records." Objection, ¶11 at 5. The Debtors do not articulate any reason why they believe Magnetar's claim calculation is incorrect, nor do they offer a shred of evidence to support their purported valuation.

6. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Here, Magnetar timely filed its Claims, and provided voluminous information and documentary support for the validity and amount of its Claims, fully complying with the detailed Questionnaire process. Accordingly, Magnetar's Claims are *prima facie* valid in the asserted amounts. In order to overcome this *prima facie* validity, the Debtors must come forward with "evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (quoting In re Oneida, Ltd., 400 B.R. 384 (Bankr. S.D.N.Y. 2009); see In re Minbatiwalla, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). The Debtors have not offered any evidence in support of their assertion that the Claims should be reduced as set forth in the Objection. Especially in light of the vast amount of information Magnetar was required to provide in support of its Claims, it is inappropriate for the Debtors to file an Objection that lacks evidentiary support and fails to meet the basic requirements of the Bankruptcy Code and Bankruptcy Rules. Accordingly, the Objection should be denied.

7. Additionally, the Debtors seek to reclassify Claim 12720 against LBSF as an unsecured claim. Magnetar checked the secured claim box on the proof of claim form to reflect its setoff and netting rights; however, the asserted claim amount is a net unsecured claim after giving effect to the exercise of its setoff and netting rights pursuant to the safe harbor provisions

3

of the Bankruptcy Code.  Accordingly, Magnetar does not object to the reclassification of Claim 12720 as an unsecured claim in the amount of $5,264,648.00 plus additional amounts, <u>provided</u> that any order issued by this Court reclassifying Claim 12720 states explicitly that such reclassification has no res judicata, estopppel or other effect on any valid rights of setoff, netting and/or recoupment in connection with the Claims.

      8.      Magnetar reserves all of its rights, claims and defenses, including without limitation the right to discovery in connection with the Debtors' Objection.

      WHEREFORE, Magnetar respectfully requests that the Court (i) overrule the Objection and allow Claims 12720 and 12721 as set forth herein**,** and (ii) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: February 4, 2011　　　　　　　　　　　Respectfully submitted,
       New York, New York

                                              STROOCK & STROOCK & LAVAN LLP

                                              /s/ Claude G. Szyfer
                                              Claude G. Szyfer
                                              Harold A. Olsen
                                              180 Maiden Lane
                                              New York, New York 10038
                                              Telephone: (212) 806-5400
                                              Facsimile: (212) 806-6006

                                              *Attorneys for Magnetar Constellation Fund II, Ltd*