B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc. Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Citigroup Global Markets Inc.
Name of Transferee

Alpha Bank A.E.
Name of Transferor

Name and Address where notices to transferee should be sent:

Citigroup Global Markets Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Marc Heimowitz
Phone: 212-723-1058
Email: marc.heimowitz@citi.com

Court Claim # (if known): 56866
Amount of Claim: $11,557,572.83
Date Claim Filed: October 29, 2009

Phone: +011-30-210-3268260;
+ 011-30-210-3268200
Last Four Digits of Acct #: 0864

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

Name and address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ______________________ Date: 8/4/10
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc. Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 56866 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on February 7, 2011.

Alpha Bank A.E.
Name of Alleged Transferor

Address of Alleged Transferor:

Alpha Bank A.E.
Financial Markets - Planning & Trading Division
40, Stadiou Street
102 52 Athens
Greece
Attn: G.V. Michalopoulos, A.E. Niniou
Phone: +011-30-210-3268260; + 011-30-210-3268200
Email: capitalmarkets@alpha.gr; aniniou@alpha.gr; gmichalopoulos@alpha.gr

Citigroup Global Markets Inc.
Name of Transferee

Address of Transferee:

Citigroup Global Markets Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Marc Heimowitz
Phone: 212-723-1058
Email: marc.heimowitz@citi.com

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

**~ DEADLINE TO OBJECT TO TRANSFER ~**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: ____________________________

____________________________
**CLERK OF THE COURT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Alpha Bank A.E.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Citigroup Global Markets Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **56866** filed by or on behalf of **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the tenth (10th) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York with respect to proceedings arising under this agreement or related to its interpretation or enforcement. Each party hereto consents to service of process with respect to proceedings arising under this agreement or related to its interpretation or enforcement, by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 30th day of July 2010.

**Alpha Bank A.E.**

By: ______________________

Name: G.V. MICHALOPOULOS A.E. NINIOU
Title: MANAGER ASSISTANT MGR

40, Stadiou Street
102 52 Athens
Greece

**Citigroup Global Markets Inc.**

By: ______________________

Name: Rohit Bansal
Title: Managing Director

390 Greenwich Street, 4th Floor
New York, NY 10013

Schedule 1

Transferred Claims

Purchased Claim

100% , $11,557,572.83 (the outstanding amount of the Proof of Claim as of July 30th 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of July 30th 2010) |
|---|---|---|---|---|---|---|---|
| Fixed Rate to CMS-Linked Guaranteed | XS0215349357 | Lehman Brothers UK Capital Funding LP | Lehman Brothers Holdings Inc. | EUR 8,000,000 | Variable | Perpetual | N/A |

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000056866

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Alpha Bank A.E.
Financial Markets – Planning & Trading Division
40, Stadiou Street
102 52 Athens
GREECE

Telephone numbers: 011-30-210-3268200
011-30-210-3268260

Email Addresses: capitalmarkets@alpha.gr
aniniou@alpha.gr; gmichalopoulos@alpha.gr

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** ___________
*(If known)*

Filed on: ___________

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** See attached **(Required)**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See attached **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See attached **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

See attached **(Required)**

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

FILED / RECEIVED
OCT 29 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| **Date.** | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| Oct 26, 2009 | Name: G.V.MICHALOPOULOS / A.E.NINIOU Title: Manager / Assistant Manager |

*Penalty for presenting fraudulent claim*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., *et al.*, | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

**ANNEX TO PROOF OF CLAIM OF**
**ALPHA BANK A.E.**

1. Claimant. Alpha Bank A.E. (the "**Claimant**"), hereby files the accompanying proof of claim (the "**Proof of Claim**") against Lehman Brothers Holdings Inc. (the "**Debtor**"), a debtor and debtor in possession in the above-referenced chapter 11 cases. The Claimant holds claims against the Debtor arising from certain transactions that occurred prior to September 15, 2008 (the "**Petition Date**"), as described more fully below.

2. Transactions Between the Parties. The Claimant is the holder of a security issued by Lehman Brothers UK Capital Funding LP[1] (the "**Obligor**") and guaranteed by the Debtor (the "**Program Security**") identified on the list of Lehman Program Securities, which is available on the Debtor's website, http://www.lehman-docket.com under the heading "Key Documents." The International Securities Identification Number ("**ISIN**") identifying the Program Security, along with the respective Euroclear Bank electronic instruction reference number and Euroclear Bank account number relating to the Program Security, is detailed on Exhibit 1 attached hereto. Evidence of the ownership of the security described in Exhibit 1 is provided in Exhibit 3 attached hereto. The Program Security has the benefit of an express, unconditional and irrevocable

[1] Although the Offering Circular relating to this Program Security defines the Issuer as Lehman Brothers UK Capital Funding LP, we note that the Debtors' list of Lehman Program Securities, dated as of July 17, 2009 lists the ISIN for this Program Security twice; once as being issued by Lehman Brothers Holdings PLC, and second as being issued by Lehman Brothers UK Capital Funding IV.

guarantee of Lehman Brothers Holdings PLC ("**LBHPLC**"). The Debtor guaranteed the payment of all liabilities, obligations and commitments of the LBHPLC pursuant to those certain board resolutions adopted by the Executive Committee of the Debtor's Board of Directors attached hereto as Exhibit 4, including but not limited to those certain resolutions adopted by unanimous written consent on June 9, 2005 and certain other guarantees extended to affiliates of the Debtor and/or Lehman related entities.

3. Claim. The Claimant is the holder of the security described more fully in Exhibit 1 hereto and on account thereof and in accordance with the terms of the documentation relating thereto, hereby asserts a claim against the Debtor in the amount of $11,557,572.83, plus, to the extent provided pursuant to the underlying documents associated with the Program Security all other interest, costs, fees and expenses allowed under applicable law (the "**Claim**"). An itemization of certain amounts comprising the Claim is set forth on Exhibit 2 attached hereto.

4. Security Interests and Priority Status. The Claim is filed as a general unsecured claim, without any prejudice to any and all rights of the Claimant to assert that any portion of the Claim is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code.

5. Claims, Counterclaims, Setoffs and Defenses. The Claim is not subject to any known claims, counterclaims, setoffs or defenses by the Debtor. The Claimant also reserves any and all rights of setoff and recoupment that the Claimant or any of its affiliates may have against the Debtor or its related entities.

6. Reservation of Rights. The execution and filing of this Proof of Claim is not and shall not be deemed: (a) a waiver or release of the Claimant's rights against any other entity or person liable for all or any part of the Claim asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or

otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of its right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; (g) waiver of the Claimant's rights to assert that no claims hereunder have been or may be discharged and to file other claims which are not covered by this Proof of Claim; or (h) a waiver of the Claimant's rights, if any, of arbitration, to the extent provided by any applicable agreements with the Debtor or its affiliates.

7. Amendments. The Claimant expressly reserves its right to file any separate or additional proofs of claim with respect to the Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

**EXHIBIT 1**

| Issuer | ISIN number | Euroclear Reference # | Euroclear account # | Nominal Amount |
|---|---|---|---|---|
| Lehman Bros. UK Cap. Funding | XS0215349357 | 5981082 | 90864 | 8,000,000 EUR |

**EXHIBIT 2**

| ISIN number | Nominal Amount (EUR) | Interest (EUR) | Total (EUR) | Nominal Amount* (USD) | Interest (USD) * | Total (USD) * |
|---|---|---|---|---|---|---|
| XS0215349357 | 8,000,000.00 | 167,318.79 | 8,167,318.79 | $11,320,800.00 | $236,772.83 | $11,557,572.83 |

* *Amounts due in Euros have been converted to US Dollars using the spot exchange rate published by the European Central Bank for September 15, 2008*: 1 EURO =1.4151 USD.

Pg 12 of 19

**EXHIBIT 3**

NY:9114289.2



REPORT NR EC 0 PARTICIPANT QUERIES INFORMATIONS ( SEQ : PART )

PAGE 8957 OF 29 JUL 09
INDEX 90864 BONDS

90864 PART ALPHA BK AE,ATHENS PPP

BONDS SITUATION

(A: AVAILABLE X: BLOCKED)
(R: REAL B:BORROWED)
(L: LENT T: TRANSIT)
(CT: CEDEL TRANSIT )

| SECURITY | NOMINAL AMOUNT | | CUR | LAST DATE | STAT. | O |
|---|---|---|---|---|---|---|
| XS0247679573 | 4,228,000 | R | EUR | 24/10/08 | 211 | O |
| XS0252835110 | 5,000,000 | R | EUR | 24/10/08 | 211 | O |
| XS0254171191 | 2,300,000 | R | EUR | 07/11/08 | 221 | O |
| XS0300055547 | 4,050,000 | R | EUR | 18/02/09 | 34 | O |
| XS0247938938 | 10,000,000 | R | EUR | 24/10/08 | 211 | O |
| XS0249942870 | 30,000,000 | R | EUR | 27/10/08 | 212 | O |
| XS0282937985 | 9,000,000 | R | EUR | 24/10/08 | 211 | O |

omissis

omissis

omissis

| | | | | | | |
|---|---|---|---|---|---|---|
| XS0209457539 | 15,000,000 | R | EUR | 27/10/08 | 212 | O |
| XS0212990732 | 25,000,000 | R | EUR | 29/10/08 | 214 | O |
| XS0215349357 | 8,000,000 | R | EUR | 07/11/08 | 221 | O |
| XS0218027604 | 5,000,000 | R | EUR | 29/10/08 | 214 | O |

| | | | | | | |
|---|---|---|---|---|---|---|
| XS0193035358 | 13,000,000 | R | EUR | 07/11/08 | 221 | O |
| XS0205185456 | 26,750,000 | R | EUR | 27/10/08 | 212 | O |
| XS0211244941 | 10,000,000 | R | EUR | 27/10/08 | 212 | O |
| XS0224346592 | 5,000,000 | R | EUR | 07/11/08 | 221 | O |

Pg 15 of 19

**EXHIBIT 4**

NY:9114289.2

**UNANIMOUS WRITTEN CONSENT OF THE**

**EXECUTIVE COMMITTEE OF THE**

**BOARD OF DIRECTORS OF**

**LEHMAN BROTHERS HOLDINGS INC.**

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

**WHEREAS**, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

**WHEREAS**, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

**WHEREAS**, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

**WHEREAS**, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

**WHEREAS**, Management wishes to establish additional Guaranteed Subsidiaries,

**WHEREAS**, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

**WHEREAS**, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

**NOW THEREFORE BE IT,**

**RESOLVED**, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

**RESOLVED**, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

**RESOLVED**, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

**RESOLVED**, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

**FURTHER RESOLVED**, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

**Dated:** June 9, 2005

Richard S. Fuld, Jr.

John D. Macomber

**Schedule A**
**to LBHI Unanimous Written Consent**
**dated June 9 , 2005**

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| | | |
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

HAND DELIVERY

RiS
RECEIVED BY:

10/27/09
DATE

434p
TIME