# United States Bankruptcy Court
## For the Southern District of New York

In re <u>Lehman Brothers Holdings, Inc.</u>    Case No. <u>08-13555 (Jointly Administered)</u>

**PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED OR DEEMED FILED IN THIS CASE under 11 U.S.C. § 1111(a) against Lehman Brothers Holdings Inc. Transferee hereby gives evidence and notice pursuant to Rule 3001(e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice

<u>CVI GVF (Lux) Master S.a.r.l.</u>    <u>Credit Suisse International</u>
Name of Transferee    Name of Transferor

Name and Address where notices to transferee should be sent

Court Claim # (if known): 55398
Amount of Claim being transferred: $5,366,700.00
Full Claim amount (if Claim # is unknown):$20,379,210.00
Date Claim Filed: 29th October 2009

CVI GVF (Lux) Master S.a.r.l.
c/c Carval Investors UK Limited
Knowle Hill Park
Fairmile Lane
Cobham
Surrey
KT11-2PD
UK

<u>Phone: 00 44 1932 86 1594</u>    Phone:_____
Last Four Digits of Acct. #_____    Last Four Digits of Acct. #_____

Name and Address where transferee payments should be sent (if different from above):

Phone_____
Last Four Digits of Acct.

I declare under penalty of perjury that the information provided in this notice in true and correct to the best of my knowledge and belief.

By:_____    Date:_____
   Transferee/Transferee's Agent
   BY CARVAL INVESTORS UK LIMITED

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 Y.S.C. §§ 152 & 3571*

# United States Bankruptcy Court
## For the Southern District of New York

In re <u>Lehman Brothers Holdings, Inc.</u>          Case No. <u>08-13555 (Jointly Administered)</u>

### NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

CLAIM No. 55398 was filed or deemed filed under 11 U.S.C. § 111(a) in this case against Lehman Brothers Holdings Inc by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on 8th February 2011.

| | |
|---|---|
| <u>Credit Suisse International</u><br>Name of Alleged Transferor | <u>CVI GVF (Lux) Master S.a.r.l</u><br>Name of Transferee |
| | Address of Transferee |
| Address of Alleged Transferor<br>Credit Suisse International<br>One Cabot Square<br>London<br>E14 4QJ<br>UK | CVI GVF (Lux) Master S.a.r.l.<br>c/o Carval Investors UK Limited<br>Knowle Hill Park<br>Fairmile Lane<br>Cobham<br>Surrey<br>KT11 2PD |
| Phone:_____<br>Fax:_____<br>Email: stuart.firth@credit-suisse.com | Phone: 00 44 1932 86 1594<br>Email: Annemarie.jacobsen@carval.com |

AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, Credit Suisse International ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to CVI GVF (Lux) Master S.a r.l. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55398 filed by or on behalf of Citibank, N.A., Jersey Branch (the "Original Holder") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller in favor of the Original Holder (as defined below) as set forth in and pursuant to the Upstream Assignment Agreement (as defined below).

2.   Seller hereby represents and warrants, based solely on the representations of the Original Holder set forth in that certain Agreement and Evidence of Transfer of Claim (the "Upstream Assignment Agreement") dated December __, 2010, between Original Holder, as seller, and Seller as buyer to Purchaser, that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect tot the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure

3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller, (A) based on the representations of the Original Holder set forth in the Upstream Assignment Agreement and (B) to the extent of the indemnity provided to Seller by Original Holder in the Upstream Assignment Agreement, hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds actually received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York with respect to proceedings arising under this agreement or related to its interpretation or enforcement. Each party hereto consents to service of process with respect to proceedings arising under this agreement or related to its interpretations or enforcement by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of December 2010.

**CREDIT SUISSE INTERNATIONAL**

By: _____   _____
Name: STUART FIRTH    DAVIS MOLLEY
Title: MANAGING DIRECTOR . MANAGING DIRECTOR

One Cabot Square
London
E14 4QJ
GB

**CVI GVF (LUX) MASTER SARL**
BY CARVAL INVESTORS UK LIMITED

By: _____
Name: DAVID SHORT
Title: OPERATIONS MANAGER

c/o CarVal Investors UK Limited
Knowle Hill Park, Fairmile Lane,
Cobham, Surrey, KT11 2PD

Schedule 1

Transferred Claims

Purchased Claim

GBP3,000,000.00 (the outstanding amount of the Proof of Claim as of December _15_, 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Equity-Linked Notes Due March 2013 | XS0349279108 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | GBP 3,000,000 | 0% | 3 March 2013 | $5,366,700 |

Schedule 1-1