FINRA – DISPUTE RESOLUTION, INC.
----------------------------------------------------------X
LEHMAN BROTHERS HOLDINGS INC.,
as assignee of Lehman Brothers Inc.,

                        Claimant,

                -against-

JASON TAYLOR,

                      Respondent.
----------------------------------------------------------X

FINRA Arbitration No.

STATEMENT OF CLAIM

Claimant Lehman Brothers Holdings Inc., as assignee of Lehman Brothers Inc. (hereafter collectively "Lehman Brothers" and/or "Claimant"), by its attorneys, Sussman & Frankel, LLP, and for its Statement of Claim against Respondent Jason Taylor ("Respondent"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover the balance due to Claimant pursuant to a loan made to a former employee (the "Loan"). The Loan is evidenced by an unambiguous, written promissory note executed by Respondent before a Notary Public that specifically requires Respondent to repay the outstanding principal balance on the promissory note, and if a default occurs, in addition to the principal balance owed, to pay accrued and accruing interest, plus all costs of collection including attorney's fees, filing fees, and related costs and expenses.

2. Following Respondent's separation of employment from Lehman Brothers on September 19, 2008, demand was made for repayment of the Loan. Despite this demand, Respondent has failed and refused to honor the obligations pursuant to the promissory note and remains in default of same, necessitating the filing of this arbitration claim.

## PARTIES

3. Claimant Lehman Brothers Holdings Inc. ("LBHI") is a corporation organized pursuant to the laws of the state of Delaware with its principal place of business in New York, New York. LBHI is the assignee of certain claims from Lehman Brothers Inc., which is a "member" firm of FINRA, as defined in Section 13100(o) of the FINRA Code of Arbitration for Industry Disputes (the "Code").

4. Respondent Jason Taylor is a former employee of Lehman Brothers and an associated person, as defined in Section 13100(a) of the Code, whose last known address is 304 Stockton Drive, Southlake, Texas and was employed at Lehman Brothers' Houston, Texas office.

## JURISDICTION AND HEARING VENUE

5. FINRA has jurisdiction to hear and decide this controversy, and Respondent is bound to arbitrate in accordance with Rule 13200(a) of the Code.

6. Based on the residence of Respondent, Lehman Brothers requests that the hearing in this matter be scheduled in Houston, Texas.

## DISCUSSION

7. On or about August 5, 2005, Respondent accepted an offer of employment by Lehman Brothers for a position as an Investment Representative in the firm's Houston, Texas office.

8. In connection with Respondent's hire, Lehman Brothers offered and Respondent accepted a forgivable loan in the amount of $280,250. The terms of the forgivable loan are memorialized in a promissory note executed by Respondent on August 19, 2005 before a Notary

Public (the "Note"), and annexed hereto as Exhibit A. Respondent agreed to the terms of the Note when he executed it and accepted the loan proceeds.

9.   Pursuant to the terms of the Note, the outstanding principal was to be forgiven in seven equal installments of $40,035.71 on the first through seventh anniversaries of Respondent's start date (August 5, 2006, August 5, 2007, August 5, 2008, August 5, 2009, August 5, 2010, August 5, 2011, and August 5, 2012, respectively), so long as Respondent remained in the employ of Lehman Brothers on each such anniversary date. In the event Respondent's employment ended for *any* reason prior to the final event of forgiveness, Respondent agreed to repay Lehman Brothers the unforgiven principal loan amount with interest. The Note specifically states:

> In the event of a default in payment under the terms of this Note, for any reason whatsoever, or in the event that the Borrower separates from the employ of Lehman or any subsidiary or affiliate thereof for any reason (whether voluntarily or involuntarily) before the loan has been fully forgiven, the unforgiven balance hereunder will become immediately due and payable, together with the accrued interest owing pursuant to Paragraph 2 for the period prior to default or termination of employment. In addition, interest at the AFR rate will continue to accrue from the date of the Borrower's termination of employment or other default.

Exhibit A, pg. 1

10.   The Note further provided that the law governing it would be "the substantive laws of the State of New York without regard to conflicts principles." Exhibit A, pg. 2.

11.   On September 19, 2008, Claimant filed for bankruptcy protection and has been in the process of winding down all business[1]. On or about September 19, 2008, Respondent was

---

[1] On September 15, 2008, Lehman Brothers Holdings filed for bankruptcy in the United States Bankruptcy Court, Southern District of New York (*In re Lehman Brothers Holdings Inc., et al*, Case No. 08-13555 (JMP)) and on September 19, 2008, Lehman Brothers Inc. filed for bankruptcy in the same court (*In re SIPA Lehman Brothers Inc.*, Case No. 08-1420 (JMP)).

offered and accepted employment at Barclays Capital Inc. terminating his employment with Lehman Brothers.

12. Under the terms of the Note, on the date of Respondent's separation of employment from Lehman Brothers, the unforgiven balance, together with accrued interest, became immediately due and payable, leaving an unforgiven principal balance of $160,142.86 owing.

13. In addition to the outstanding principal amount of $160,142.86, Respondent owes Lehman Brothers accrued and annually compounded interest at the rate of 3.920% on this amount based on the Applicable Federal Rate ("AFR") set by the Internal Revenue Service for the period beginning on the date of execution of the Note.

14. On April 23, 2009, Lehman Brothers demanded payment of the then outstanding balance (including accrued interest) in the amount of $163,978.23. A copy of that demand is annexed hereto as Exhibit B. Respondent failed to respond to this demand and, thereafter, Lehman Brothers retained the undersigned to pursue the collection of the balance due pursuant to the terms of the Note.

15. Thereafter, on or about August 24, 2010, Sussman & Frankel, LLP demanded payment of the outstanding balance due, plus accrued interest. Exhibit C. As of March 19, 2010, accrued and annually compounded interest totaled $11,090.87 and continues to accrue.

16. Despite demand having been made, Respondent has failed and refused to repay Lehman Brothers any part of the balance due.

17. According to the terms of the Note, Respondent agreed and promised to

pay and indemnify Lehman for all expenses incurred, including attorneys' fees, in connection with the collection of any amount due under this Note. The amount the Borrower may be liable for under this paragraph shall be the greater of the actual expenses incurred by Lehman or 15% of the unpaid balance of the Note at the time any proceedings are instituted for collection.

Exhibit A, pg. 1

18. Respondent's failure and refusal to repay the debt has required Lehman Brothers to commence this arbitration to collect all amounts due and owing under the Note including the outstanding principal balance, accrued and annually compounded interest (which continues to accrue), costs and attorneys' fees.

## CAUSE OF ACTION FOR BREACH OF CONTRACT

19. Claimant repeats and realleges each and every allegation contained in paragraphs numbered 1 through 18 above with the same force and effect as though fully set forth herein.

20. On or about August 19, 2005, Respondent executed the Note whereby Respondent agreed, *inter alia*, to immediately repay the outstanding balance of the loan, plus interest, in the event he separated employment from Lehman Brothers. Respondent further agreed to indemnify Claimant for all expenses incurred, including attorneys' fees, in connection with the collection of any amount due under the Note.

21. On September 19, 2008, Respondent separated employment with Lehman Brothers.

22. Despite Claimant's demands for repayment, Respondent has failed and/or refused to make any payments pursuant to the Note and has refused to pay Claimant monies owed.

23. Lehman Brothers has performed all terms and conditions required of it under the Note.

24. As a result of the breach of contract, Respondent owes Claimant the principal amount of $160,142.86, plus accrued and annually compounded interest, and costs of collection, including attorneys' fees.

WHEREFORE, Lehman Brothers requests the entry of an award in its favor and against Respondent as follows:

(a) money damages in the principal amount of $160,142.86, plus accrued and annually compounded interest through payment of the award;

(b) costs, fees and disbursements of this action including any and all FINRA filing fees, hearing fees and attorneys' fees;

(c) costs, fees and disbursements (including attorneys' fees) for all post award collection efforts, including all costs and legal fees associated with confirmation in a court of law of the award, any post judgment discovery, and all other efforts to collect on the award; and

(d) such other and further relief as the Arbitration Panel may deem appropriate, just and equitable.

Dated: October 11, 2010

Respectfully submitted,

SUSSMAN & FRANKEL, LLP

Neil A. Sussman, Esq.
SUSSMAN & FRANKEL, LLP
805 Third Avenue, 12th Floor
New York, New York 10022
Tel: (212) 688-8895
Fax: (212) 588-0454
nas@sussman-frankel.com

*Attorneys for Claimant*

July 13, 2005
*Revised August 18, 2005*

## PROMISSORY NOTE

In consideration of a loan in the principal amount of $280,250 from Lehman Brothers Inc. ("Lehman"), receipt of which is hereby acknowledged, the undersigned Jason T. Taylor (the "Borrower"), hereby agrees as follows:

1. Payment: Provided the Borrower remains an employee of Lehman, the principal shall be forgiven as follows:

   Seven equal installments of $40,035.71 on the first through the seventh anniversaries of the commencement of employment.

2. Interest: The Borrower will be charged interest (compounded annually) on the loan at the "Applicable Federal Rate" (AFR) set by the Internal Revenue Service for the period beginning on the date of execution of this Note. At the time of principal forgiveness, as set forth in Paragraph 1, accrued interest owed to the Borrower will be forgiven. Should the Borrower default in payment under the terms of this Note for any reason whatsoever, or separate from the employ of Lehman or any subsidiary or affiliate thereof for any reason (whether voluntarily or involuntarily), interest will be charged to the Borrower as set forth in Paragraph 4 below.

3. Indemnification: The Borrower further promises to pay and indemnify Lehman for all expenses incurred, including attorneys' fees, in connection with the collection of any amount due under this Note. The amount the Borrower may be liable for under this paragraph shall be the greater of the actual expenses incurred by Lehman or 15% of the unpaid balance of the Note at the time any proceedings are instituted for collection.

4. Default: In the event of a default in payment under the terms of this Note, for any reason whatsoever, or in the event that the Borrower separates from the employ of Lehman or any subsidiary or affiliate thereof for any reason (whether voluntarily or involuntarily) before the loan has been fully forgiven, the unforgiven balance hereunder will become immediately due and payable, together with the accrued interest owing pursuant to Paragraph 2 for the period prior to default or termination of employment. In addition, interest at the AFR rate will continue to accrue from the date of the Borrower's termination of employment or other default. In addition, the Borrower will be deemed to be in default hereunder if he or she is adjudicated bankrupt, makes an assignment for the benefit of creditors or files a petition for relief under the Bankruptcy Act.

5. Waivers: The Borrower hereby waives presentment, demand for payment, notice of dishonor, protest and any and all other notices and demands in connection with the delivery, acceptance, performance, default or enforcement of this Note. No delay by the holder in exercising any power or right hereunder shall operate as a waiver of any

1

power or right; nor shall any single or partial exe... of any power or right. No waiver or modification of the terms hereof shall be ... unless in writing, signed by the holder of this Note and then only to the extent th... set forth.

6. **Reported Income:** Both the amount of the forgiven principal and forgiven interest will be reported to the Borrower as income and will be subject to all applicable taxes. Borrower will be required on each forgiveness date to pay Lehman an amount equal to the applicable withholding tax with respect to the amount being forgiven on that date.

7. **Transferability, Future Services:** The Borrower may not transfer any part of this loan to any other individual or entity. Borrower understands that neither this Note nor the loan that it reflects provide any assurance of Borrower's continued employment by Lehman. Borrower understands that, unless Lehman and Borrower have entered into a contrary written agreement, Borrower remains an at-will employee of Lehman.

8. **Deductions:** Lehman will have the right, without notice, to withhold any amounts payable by Lehman to the undersigned, as compensation, under the Equity Award Program or otherwise, or to deduct those monies from any security or commodity account the Borrower maintains with Lehman and to apply such withheld amounts to satisfy the indebtedness due under this Note. The Borrower hereby authorizes and consents to the aforementioned deductions.

9. **Arbitration:** The Borrower hereby agrees that any controversy arising out of or relating to this Note, or default on this Note, shall be submitted to and settled by arbitration pursuant to the constitution, by-laws, rules and regulations then in effect of the New York Stock Exchange, or the National Association of Securities Dealers.

10. **Governing Law:** This Note shall be governed by the substantive laws of the State of New York without regard to conflict principles.

8/19/2005
Date

Jason T. Taylor
445-84-93...
... 00508
... Investment Management

STATE OF _Texas_

COUNTY OF _____

SUBSCRIBED AND SWORN TO BEFORE ... ON ... 200_.

NOTARY PUBLIC

# LEHMAN BROTHERS

PAMELA TIBBETTS
VICE PRESIDENT
LEGAL DEPARTMENT

<u>Via Certified Mail</u>

April 23, 2009

Jason Taylor
6917 Casa Loma Ave
Dallas, TX 75214

Dear Mr. Taylor:

You have previously received a forgivable loan from Lehman Brothers on August 24, 2005 in the amount of $280,250.00, as described in the attached Promissory Note (the "Note"). This Note was assigned by Lehman Brothers Inc. to Lehman Brothers Holdings Inc. Your agreement with the Firm provided that you must repay the unforgiven balance in full upon your separation from the Firm, together with interest on such balance at the from your separation date.

This letter will confirm your debt obligations to Lehman Brothers Holdings Inc. following your separation from the Firm on September 19, 2008. As of your termination date, an unpaid principal balance of $160,142.87 remains. Accrued interest on this balance is $3,835.36 from the date of your separation to April 30, 2009. The attached summary sets forth the current total amount of your debt obligations (outstanding principal and interest) to the Firm under the Note which amounts to $163,978.23.

Please remit a check in the total amount of $163,978.23 payable to Lehman Brothers Holdings Inc., no later than April 30, 2009.

Please mail the check to:

> Lehman Brothers Holdings Inc.
> Attn: Suzette Scarborough
> 1271 Avenue of the Americas, 38th Floor
> New York, NY 10020

If you would prefer to send a wire, please contact Suzette at the number below for wire transfer instructions.

If we do not receive payment in full by the above date, this will immediately become a collection matter and will be referred to counsel. If you have any questions, please contact Suzette Scarborough at (646) 333-9358.

Sincerely,

*[signature]*

Pamela Tibbetts

Enclosures

## SUSSMAN & FRANKEL, LLP

ATTORNEYS AT LAW
805 THIRD AVENUE
CRYSTAL PAVILION, TWELFTH FLOOR
NEW YORK, NEW YORK 10022

TELEPHONE (212) 688-8895

FACSIMILE (212) 588-0454
law@sussman-frankel.com

NEIL A. SUSSMAN*
MITCHELL D. FRANKEL**

* ALSO ADMITTED IN NJ
** ALSO ADMITTED IN CT AND DC

August 24, 2010

*Via Overnight Mail and Regular Mail*

Mr. Jason Taylor
6917 Casa Loma Avenue
Dallas, TX 75214

Re: Promissory Note dated July 13, 2005 in the amount of $280,250
Outstanding Balance: $160,142.86 plus interest

Dear Mr. Taylor:

As authorized by the Stipulation and Order dated December 3, 2009 by the Honorable James Peck, United States Bankruptcy Judge for the United States Bankruptcy Court, Southern District of New York (Case Nos. 08-13555 and 08-1420), we have been retained by Lehman Brothers Holdings Inc. and Lehman Brothers Inc. (hereinafter "Lehman") to pursue a claim against you through arbitration to collect the above-referenced outstanding balance on your Promissory Note, a copy of which is enclosed. Accordingly, all future communications concerning this should be directed to the attention of Sussman & Frankel, LLP.

On August 19, 2005, you executed a Promissory Note in the original principal amount of two hundred eighty thousand two hundred fifty dollars ($280,250). Pursuant to the terms and conditions of said Promissory Note, you agreed that "in the event that the Borrower separates from the employ of Lehman or any subsidiary or affiliate thereof for any reason (whether voluntarily or involuntarily) before the loan has been fully forgiven, the unforgiven balance hereunder will become immediately due and payable, together with the accrued interest owing pursuant to Paragraph 2 for the period prior to default or termination of employment."

On September 19, 2008, you left the employment of Lehman. Pursuant to the terms of the Promissory Note, the unforgiven balance is $160,142.86 which became due and payable, together with annually compounded interest at the Applicable Federal Rate set by the Internal Revenue Service for the period beginning on the date of execution of this Note. As of March 19, 2010, interest has accrued on the Promissory Notes at the rate of 3.920% in the amount of $11,090.87 and continues to accrue on a daily basis. As the Maker, you are personally obligated to Lehman upon the Promissory Note and, accordingly, demand is hereby made for your immediate payment of the outstanding obligation.

Mr. Jason Taylor
August 24, 2010
Page 2

      To date, there has been no response to Lehman's letter to you dated April 23, 2009 and we are now preparing a Statement of Claim which will soon be filed with FINRA's Arbitration Division. If we do not hear from you within twenty (20) days from the date of this letter with a satisfactory proposal to resolve Lehman's claims, we will conclude that you do not wish to resolve the matter informally and we will pursue all legal remedies available to our client. We wish to further remind you that, according to the terms of the Promissory Note, in addition to obligating yourself for the outstanding and unforgiven balance under the Promissory Note, you agreed to pay and indemnify Lehman for all expenses incurred in connection with the collection of any amount due under the Promissory Note including: (a) the attorney's fees and expenses incurred in connection with the collection, or (b) 15% of the unpaid balance of the Note at the time any proceedings are instituted for collection, whichever is greater. Finally, according to the Promissory Note, the governing law agreed to by you was the laws of the State of New York

      This letter constitutes a Notice of Intention to Arbitrate pursuant to Section 7503(c) of the New York Civil Practice Law and Rules. Unless you apply to stay the arbitration within twenty (20) days after receipt of this letter, and serve notice of such application upon the undersigned within the same twenty (20) day period, you shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with, and from asserting in court the bar of a limitation of time.

      **PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

      Please feel free to contact the undersigned should you have any questions or wish to discuss this matter further.

                                                         Very truly yours,

                                                         Neil A. Sussman

cc:    Matthew Tronzano, Esq. (via email)
         Suzette Spann Scarborough, Esq. (via email)