Ronald S. Beacher  RESPONSE DEADLINE: Feb. 14, 2011, at 4:00 p.m. (Eastern Time)
Richard Levy, Jr.  HEARING DATE: Mar. 3, 2011, at 10:00 a.m. (Eastern Time)
PRYOR CASHMAN LLP
Seven Times Square
New York, NY 10036-6569
(212) 421-4100

*Attorneys for SPCP Group, LLC, as agent for
Silver Point Capital Fund, LP and Silver Point
Capital Offshore Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                          :
                                                :   **Chapter 11**
**LEHMAN BROTHERS HOLDINGS INC.,**              :   **Case No. 08-13555 (JMP)**
et al.,                                         :   **(Jointly Administered)**
                                                :
                      Debtors.                  :
---------------------------------------------------------------x

**RESPONSE OF SPCP GROUP, LLC, AS AGENT FOR
SILVER POINT CAPITAL FUND, LP AND SILVER POINT
CAPITAL OFFSHORE FUND, LTD., AS SUCCESSOR TO CERTAIN
CLAIMS OF RATIA ENERGIE AG, TO DEBTORS' EIGHTY-FOURTH
OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**
**(Re: Claim Nos. 19305 and 19306)**

TO THE HON. JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

SPCP Group, LLC, as agent for Silver Point Capital Fund, LP and Silver Point Capital Offshore Fund, Ltd. ("SPCP"), as successor to certain claims of Ratia Energie AG ("Ratia"), by and through its undersigned counsel, hereby submits this response ("Response") to the Debtors' Eighty-Fourth Omnibus Objection to Claims (Valued Derivative Claims), dated January 14, 2011 [Docket No. 13955] (the "Objection"). SPCP respectfully states:

1076300.1

## BACKGROUND

1.      On March 11, 2008, Ratia and Lehman Brothers Commodity Services, Inc. ("LBCS") entered into a European Federation of Energy Traders General Agreement Concerning the Delivery and Acceptance of Electricity (as amended, supplemented or otherwise modified from time to time, and including all schedules, annexes and exhibits thereto, and all confirmations exchanged pursuant to transactions entered in connection therewith) (the "EFET Agreement").  Lehman Brothers Holdings, Inc. ("LBHI") guaranteed the obligations of LBCS under the EFET Agreement ("Guarantee").

2.      Beginning on September 15, 2008 and periodically thereafter, LBHI and certain of its affiliates, including LBCS (collectively, the "Debtors") commenced voluntary cases under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  These Debtors' chapter 11 cases are consolidated for procedural purposes only and are jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3.      The LBCS chapter 11 filing constituted an event of default with respect to LBCS under the EFET Agreement.  Because LBHI guaranteed the EFET Agreement under the Guarantee, the LBHI chapter 11 filing constituted an additional event of default with respect to LBCS under the EFET Agreement and the Guarantee.

4.      In the exercise of its rights under Section 10.3 of the EFET Agreement, on or about October 16, 2008, Ratia sent LBCS a notice terminating the EFET Agreement.

### The Proofs of Claim

5.      On July 2, 2009, the Bankruptcy Court entered an Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and

Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

6. On or about September 18, 2009, Ratia filed: (i) a proof of claim against LBCS (registered as Claim No. 19306) seeking recovery under the EFET Agreement in the amount of not less than €966,108, plus applicable interest, or $1,375,351.34, based on the applicable currency exchange rate as of September 15, 2009, plus applicable interest (the "LBCS Proof of Claim"); and (ii) a proof of claim against LBHI (registered as Claim No. 19305) seeking recovery under the Guarantee in the amount of not less than €966,108, plus applicable interest, or $1,375,351.34, based on the applicable currency exchange rate as of September 15, 2009, plus applicable interest (the "LBHI Proof of Claim", together with the LBCS Proof of Claim, the "Claims").

7. Pursuant to the Bar Date Order, a derivative questionnaire was timely submitted with respect to each of the Claims (together, the "Questionnaires").

8. On or about February 1, 2010, Ratia assigned all of its right, title and interest in and to, or arising in connection with, the LBHI Proof of Claim to SPCP.

9. On or about February 6, 2010, Ratia assigned all of its right, title and interest in and to, or arising in connection with, the LBCS Proof of Claim to SPCP.

10. Notice and evidence of the assignment of the Claims from Ratia to SPCP was filed in the Bankruptcy Court and the assignment of the Claims from Ratia to SPCP was recorded in the register of claims.

**The Debtors' Objection to the Claims**

11. The Debtors state in the Objection that they examined the Claims and that such claims should be reduced on the basis that "the asserted claim amount is greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the supporting

3

documentation provided by the claimants and the Debtors' books and records...." (Objection ¶ 13.)

12. Based solely on the Debtors' assertion, and with no further evidence, the Debtors seek to reduce both the LBCS Claim and the LBHI Claim from $1,375,351.34 to $859,022.17 (the "Debtors' Modified Claim Amounts").

## ARGUMENT

13. The Debtors' Objection to the Claims is baseless and should be denied. The Debtors failed to satisfy their burden of proof to rebut the validity of the Claims. The Debtors have not offered any specific evidence whatsoever to refute the fact that the amount of each Claim is "fair, accurate, and reasonable." Accordingly, the Debtors' Objection should be denied, and the Claims should be allowed as filed in the amount of $1,375,351.34.

### A. Applicable Legal Standard

14. The Debtors misstate the applicable burden of proof. It is well-settled bankruptcy law that a properly filed proof of claim is *prima facie* evidence of that claim and its validity. *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). "If a proper objection is made, the objecting party has the burden of presenting evidence sufficient to overcome the *prima facie* validity of the claim." 4 COLLIER ON BANKRUPTCY ¶ 501.02[3][d] (Alan N. Resnick & Harry J. Sommer eds. 16th ed. 2010).

15. The Debtors argue that "[i]f an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim." (Objection ¶ 12, *citing* In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *and* In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr.

4

S.D.N.Y. 2000)).  To the contrary, "[a] proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion."  Oneida, 400 B.R. at 389 (emphasis added).  The burden would shift to SPCP *only* if the Debtors produce "evidence in equal force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."  *Id*.  In other words, to shift the burden of proof to SPCP, the Debtors must first produce sufficient evidence to overcome the "*prima faci*e validity" of the SPCP Claims.  Adelphia, 2007 Bankr. LEXIS 660 at *1546; Rockefeller, 272 B.R. at 539.

### B. The Debtors Failed to Rebut the Validity of the Claims

16. To overcome the *prima facie* validity of the Claims, the Debtors must come forward "with evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."  In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (*quoting* In re Oneida, Ltd., *supra*).  *Accord*, Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); In re Minbatiwalla, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010).

17. The Debtors have not produced information sufficient to shift the burden of proof to SPCP.  Indeed, the Debtors have not produced any specific information at all.  In the Objection, the Debtors object to the Claims on the basis that the amounts asserted therein are "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records."  (Objection ¶ 13.)  The Debtors' unsubstantiated and vague assertion that the Claims are not reasonable based on a review of supporting documentation and the Debtors' internal books and records is not evidence in equal force to the *prima facie* validity of the Claims.

5

In fact, in contrast to the documentation supporting the Claims, the Debtors' Objection provides no data whatsoever, numerical or otherwise, to support how or when the Debtors' Modified Claims Amounts were calculated. The Objection merely describes a general review that was purportedly done to determine the Debtors' Modified Claim Amounts without regard to the terms of the EFET Agreement that governs the determination of the value of the Claims. This general process has no basis in, and is wholly inconsistent with, the express terms of the EFET Agreement. For this reason alone, the Objection should be denied.

18. SPCP is unaware of any legitimate basis for the Objection, which on its face appears to be an unsubstantiated attempt by Debtors to extract wholly unjustified reductions to valid and properly filed proofs of claim.

19. In summary, the Claims and Questionnaires (complete with all relevant supporting documentation) constitute more than sufficient evidence of the amounts claimed thereunder, and the Debtors failed to satisfy their burden of proof in their attempt to object to and refute the validity of the Claims. Accordingly, the Objection should be denied in its entirety as it relates to the Claims.

## CONCLUSION

WHEREFORE, for the foregoing reasons, SPCP respectfully requests that this Court deny the Debtors' Objection as to the Claims, allow the Claims as filed in the amount of

$1,375,351.34 against each of LBCS and LBHI, and grant such other or further relief as this Court deems just and proper.

Dated: New York, New York
February 11, 2011

Respectfully submitted,

PRYOR CASHMAN LLP

By: /s/ Richard Levy, Jr.
    Ronald S. Beacher
    Richard Levy, Jr.
Seven Times Square
New York, NY 10036-6569
(212) 421-4100

*Attorneys for SPCP Group, LLC, as agent for Silver Point Capital Fund, LP and Silver Point Capital Offshore Fund, Ltd.*