HEARING DATE AND TIME: March 31, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 16, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' EIGHTY-FIFTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on February 11, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their eighty-fifth omnibus objection to claims (the "Debtors' Eighty-Fifth Omnibus Objection to Claims"), and that a hearing (the

US_ACTIVE:\43623291\03\58399.0008

"Hearing") to consider the Debtors' Eighty-Fifth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 31, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Eighty-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **March 16, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Eighty-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Eighty-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: February 11, 2011
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 31, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 16, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                         Debtors.                  :    (Jointly Administered)
----------------------------------------------------------------x

**DEBTORS' EIGHTY-FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

### Relief Requested

      1.      The Debtors file this eighty-fifth omnibus objection to claims (the "Eighty-Fifth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

      2.      The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "No Liability Claims") and have determined that they fail to articulate any factual or legal basis for a claim against the Debtors. Therefore, the Debtors have no liability for the No Liability Claims, and the Debtors request they be disallowed and expunged in their entirety.

      3.      The Debtors reserve all their rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

      4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.  On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order requires, among other things, that each proof of claim "set forth with specificity the legal and factual basis for the alleged claim . . . ." (Bar Date Order at 6.) Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or

filing a Proof of Claim with respect thereto) . . . ." (*Id.* at 9-10.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9. Claimants received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) In the Bar Date Notice, which also was published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, claimants were specifically instructed that "[i]f you file a Proof of Claim, your filed Proof of Claim must: . . . (v) set forth with specificity the legal and factual basis for the alleged claim . . . ." (Bar Date Notice at 4.)

10. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The No Liability Claims Should Be Disallowed and Expunged**

11. In their review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as claims for which the Debtors have no liability as the claims fail to articulate any basis for a claim against any of the Debtors. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be

allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

12. The holders of the No Liability Claims did not provide any explanation of the nature of, or the basis for, their asserted claims against the Debtors. For example, some of the holders of the No Liability Claims simply signed the claim form and submitted it; others only provided an asserted claim value with no description of the nature or basis of their claim. A few holders of the No Liability Claims admit that they have no claim against the Debtors or state that their claim is "unknown." Accordingly, the No Liability Claims do not provide the basic information required by the Bar Date Order and necessary for the Debtors to have adequate notice of the claims being asserted against their Estates.

13. The No Liability Claims fail to articulate any, much less a valid, factual or legal basis for asserting a claim against a Debtor in these cases. The Debtors have compared the information on the No Liability Claims with the Debtors' schedules and confirmed that the Debtors' schedules do not reflect claims or amounts for the holders of the No Liability Claims. If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against the Debtors' estates. Accordingly, the Debtors respectfully request the Court disallow and expunge in their entirety the No Liability Claims listed on <u>Exhibit A</u>.

## Notice

14. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Eighty-Fifth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on <u>Exhibit A</u>; and (vii) all other parties entitled to notice in

accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: February 11, 2011
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 85: EXHIBIT A – NO LIABILITY CLAIMS

|  | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BARTON, CAROL A<br>3 PARK AVENUE<br>ENGLISHTOWN, NJ 07726 |  | Lehman No Case Asserted/All Cases Asserted | 07/27/2009 | 6359 | Undetermined | No Liability Claim |
| 2 | BRAMSON, BRYANT<br>1 WOOD AVENUE, PH2<br>WESTMOUNT, QC H3Z 3C5<br>CANADA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/08/2009 | 10628 | $3,114.84 | No Liability Claim |
| 3 | DANIELSON, PAUL T REVOCABLE LIVING TRUST<br>1903 N VILLAGE AVE<br>TAMPA, FL 33612-3946 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/21/2009 | 5807 | $5,000.00 | No Liability Claim |
| 4 | DOYLE, ANTHONY<br>8 OAKENCLOUGH ROAD<br>BACUP<br>,LANCS, OL13 9ET<br>UNITED KINGDOM |  | Lehman No Case Asserted/All Cases Asserted | 07/21/2009 | 5791 | Undetermined | No Liability Claim |
| 5 | FICK, ROBERT OR JOYCE OR THOMAS<br>215 LUCILLE STREET<br>FORT ATKINSON, WI 53538 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/03/2009 | 7085 | Undetermined | No Liability Claim |
| 6 | KEELEY, PATRICK<br>122 S. COUNTY FARM ROAD<br>WHEATON, IL 60187 |  | Lehman No Case Asserted/All Cases Asserted | 07/27/2009 | 6291 | Undetermined | No Liability Claim |
| 7 | MANAGEMENT AND CAPITAL PARTNERS<br>C/O KLESTADT AND WINTERS LLP<br>292 MADISON AVE, 17TH FLOOR<br>NEW YORK, NY 10017 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30433 | $76,951.26 | No Liability Claim |
| 8 | MCLAREN, NATALIE B.<br>101 PARK BLVD S. APT. #107<br>VENICE, FL 34285 |  | Lehman No Case Asserted/All Cases Asserted | 09/08/2009 | 10786 | Undetermined | No Liability Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts                    Page 1 of 2

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 85: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 9 | VIRGIN EARTH(JAPAN)<br>61 ICHIGAYA-YAKUOIMACHI #505<br>SHINJUKU-KU<br>TOKYO, 13 162-0063<br>JAPAN | | Lehman No Case Asserted/All Cases Asserted | 07/28/2009 | 6511 | $0.00 | No Liability Claim |
| | | | | | TOTAL | $85,066.10 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :      Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :      08-13555 (JMP)
                                                   :
            Debtors.                               :      (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' EIGHTY-FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the eighty-fifth omnibus objection to claims, dated February 11, 2011 (the "Eighty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Liability Claims on the grounds that they fail to articulate any factual or legal basis for a claim against the Debtors, all as more fully described in the Eighty-Fifth Omnibus Objection to Claims; and due and proper notice of the Eighty-Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the Eighty-Fifth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Eighty-Fifth Omnibus Objection to Claims.

US_ACTIVE:\43624522\02\58399.0008

with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Eighty-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eighty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

        ORDERED that the relief requested in the Eighty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

        ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No Liability Claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

        ORDERED that this Order supersedes all previous orders regarding the No Liability Claims listed on Exhibit 1 annexed hereto; and it is further

        ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Eighty-Fifth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                                        _____
                                                        UNITED STATES BANKRUPTCY JUDGE