HEARING DATE AND TIME: March 31, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 16, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF DEBTORS' NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JOHN O'CONNOR, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| **In re** | : **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : **08-13555 (JMP)** |
| | : |
| **Debtors.** | : **(Jointly Administered)** |

------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'**
**NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS**
**(TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

**PLEASE TAKE NOTICE** that on February 14, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their ninety-first omnibus objection to

claims (the "Debtors' Ninety-First Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Ninety-First Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 31, 2011 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Ninety-First Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.);

so as to be so filed and received by no later than **March 16, 2011 at 4:00 p.m. (Eastern Time)**

(the "Response Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' Ninety-First Omnibus Objection to Claims or any claim set

forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy

Court an order substantially in the form of the proposed order annexed to the Debtors' Ninety-

First Omnibus Objection to Claims, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated: February 14, 2011
      New York, New York

                    /s/ Shai Y. Waisman
                    Shai Y. Waisman

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**DEBTORS' NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS**
**(TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

**THIS OBJECTION SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JOHN O'CONNOR, AT 214-746-7700.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## **Relief Requested**

1.    Each of the proofs of claim listed on Exhibit A annexed hereto (collectively, the "Stock Claims") was filed as a general unsecured, secured, priority, or administrative expense claim pursuant to section 507(a) of title 11 of the United States Code (the "Bankruptcy Code") based on the ownership of preferred stock, common stock, or other equity interest (collectively, "stock") in LBHI or alleged losses related thereto.  The Debtors file this omnibus objection (the "Ninety-First Omnibus Objection to Claims") to reclassify the Stock Claims as equity interests because the ownership of stock does not constitute a claim against a debtor's estate and alleged losses based on equity securities are subordinated to all claims senior or equal to such equity securities.

## **Jurisdiction**

2.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## **Background**

3.    Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

6.      On January 14, 2010, the Court entered an order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [Docket No. 6664], which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## The Stock Claims Should Be Reclassified as Interests

7.      Bankruptcy Rule 3007(d)(7) provides that a debtor may file an objection, and join one or more objections in an omnibus objection, if all of the claims "are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they are interests, rather than claims."  FED. R. BANKR. P. 3007(d).  The Procedures Order additionally permits the Debtors to object, on an omnibus basis, to claims that "were incorrectly classified." (Procedures Order at 2.)

A.      **Stock Is an Equity Security**

8.      Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest.  11 U.S.C. §510(a). The Bankruptcy Code defines a "claim" as a right to payment.  *Id.* at §101(5).  The Bankruptcy Code definition of an "equity security" includes a share in a corporation or similar "security," including "stock," "treasury stock," "other claim or interest commonly known as 'security'," "certificate of interest or participation in," and "warrant or right to subscribe to or purchase or sell, a security."  *Id.* §§ 101(16) and 101(49)(A).

9.      Courts have interpreted the definition of equity security to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments.  *E.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also Matter of Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to exercise stock option portion of plan were equity security interests for purposes of determining priority).

10.     As noted above, each of the Stock Claims is based on the ownership of preferred stock, common stock, or other equity interest in LBHI.  Certain Stock Claims include a CUSIP number or ticker symbol for LBHI stock; others describe the basis of the claims as "preferred stock," "common stock," "stock," "shares," "equity interests" or using similar terms. The holders of Stock Claims are equity security holders.  *See* 11 U.S.C. §§ 101(16) and (17). They have "interests" but not "claims" against the Debtors, and, accordingly, the Debtors hereby object to reclassify the Stock Claims as equity interests.

B. **Damages from the Purchase or Sale of an Equity Security Are Subordinated**

11.     Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.  11 U.S.C. § 510(b).

12.     Courts have generally applied section 510(b) liberally.  *In re Enron Corp.*, 341 B.R. at 162-63 ("[T]he broad applicat[ion] of section 510(b) is now quite settled.").  Courts have construed the language in section 510(b) as being broad enough to include fraud, violations of securities laws, breach of contract, and related causes of action against debtors.  *See, e.g., id.* at 141 (subordinating breach of contract, fraudulent inducement, and fraudulent retention claims); *In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006) (holding that claim based on debtor's failure to issue its common stock to employee in exchange for his stock in another company, allegedly in violation of the parties' termination agreement, was a claim arising from the purchase or sale of the debtor's stock).

13.     Certain Stock Claims assert claims arising from rescission of a purchase or sale of a security of a Debtor or its affiliate or damages arising from the purchase or sale of such security.  As set forth above, section 510(b) forecloses the possibility that such Stock Claims receive equal or better treatment than valid, general unsecured claims against the Debtors.  *See* 11 U.S.C. § 510(b); *In re Enron Corp.,* 341 B.R. at 158 ("Congress enacted § 510(b) to prevent disappointed shareholders from . . . bootstrap[ing] their way to parity with general unsecured creditors in a bankruptcy proceeding.") (internal quotations omitted).  Accordingly, to the extent

applicable, the Stock Claims should be subordinated pursuant to Bankruptcy Code section 510(b) and reclassified as equity interests.[1]

### Notice

14.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Ninety-First Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

---

[1] The Bankruptcy Code, Bankruptcy Rules and case law make clear that the Debtors do not need to commence an adversary proceeding to subordinate a Stock Claim pursuant to Bankruptcy Code section 510(b).  11 U.S.C. § 502(a); FED. R. BANKR. P. 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: February 14, 2011
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 91: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | CAGLIERO, ROBERT J. 5280 - 302 WEST HARBOR VILLAGE DR. VERO BEACH, FL 32967-7362 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 32535 | $25,000.00 |
| 2 | FRIEDMAN, SAMUEL JR. JEFFREY FREIEDMAN, ESQ. 100 OWINGS COURT SUITE 4 REISTERSTOWN, MD 21136 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/19/2009 | 4915 | $30,000.00 |
| 3 | HSBC BANK (URUGUAY) SA CALLE RINCON 422 ESQUINA SAVALA MONTEVIDEO, URUGUAY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31882 | Undetermined |
| 4 | KAZUMICHI NORIMATSU 14-10-306 SUZURANDAI-HIGASHIMACHI 9-CHOME, KITAKU KOBE-CITY HYOGO, 651-1112 JAPAN | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 10/26/2009 | 46347 | Undetermined |
| 5 | MAILLOT LIMITED II TRIDENT CHAMBERS, WICKHAMS CAY ROADTOWN, WICKHAMS CAY, VIRGIN ISLANDS (BRITISH) | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31897 | $297,675.00 |
| 6 | MEE, CATHERINE 42 HUTTLESTON AVEN FAIRHAVEN, MA 02719 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/25/2009 | 34972[1] | $9,990.80 |

---

[1] Claim 34972 is being reclassified as equity solely with respect to its asserted claim of $9,990.80 for the securities with CUSIP No. 52520W317. The portion of Claim 34972 that is asserting a claim of $24,850 for the securities with CUSIP Nos. 52520E200 and 52520X208 were previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) dated December 22, 2010 [Docket No. 13621].

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 91: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 7 | N.V.TRUSTMAATSCHAPPIJ VAN BANCO DI CARIBE SCHOTTEGATWEG OOST 205 WILLEMSTAD, CURACAO, NETHERLANDS ANTILLES | | Lehman No Case Asserted/All Cases Asserted | 08/18/2009 | 8656[2] | Undetermined |
| 8 | NEW YORK STATE COMPTROLLER THOMAS P. DINAPOLI AS TRUSTEE OF THE NEW YORK STATE COMMON RETIREMENT FUND C/O ENTWISTLE & CAPPUCCI LLP 280 PARK AVENUE, 26TH FLOOR WEST NEW YORK, NY 10017 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29068 | $216,281,686.01 |
| 9 | NORIEGA, PATRICIA A. NATACION NO.21 COLONIA RAQUET CLUB HERMOSILLO, SONORA, MEXICO | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 24121 | $23,058.57 |
| 10 | PERSICO, ALFONSO A 51 BEAR CREEK DRIVE HILTON HEAD PLANTATION HILTON HEAD ISLAND, SC 29926-1926 | | Lehman No Case Asserted/All Cases Asserted | 08/24/2009 | 9209[3] | Undetermined |
| 11 | PROTECTIVE LIFE INSURANCE COMPANY JAYNA LAMAR 1901 6TH AVENUE NO., STE 2400 BIRMINGHAM, AL 35203 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 19858 | $10,750,000.00 |

[2] Claim 24121 is being reclassified as equity solely with respect to its asserted claims for the securities identified with the symbol LEHMQ.  The portion of Claim 24121 that is asserting a claim for securities with CUSIP Nos. 52520E200, 52520B206 and 52520X208 were previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) dated December 22, 2010 [Docket No. 13621].

[3] Claim 9209 is being reclassified as equity solely with respect to its asserted claim for the securities with CUSIP No. 52520W317.  The portion of Claim 9209 that is asserting a claim for the securities with CUSIP No. 52519Y209 was previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) dated December 22, 2010 [Docket No. 13621].

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 91: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 12 | PROTECTIVE LIFE INSURANCE COMPANY JAYNA LAMAR 1901 6TH AVENUE NO. STE 2400 BIRMINGHAM, AL 35203 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/20/2010 | 67272 | $10,750,000.00 |
| 13 | REICHERT, FRANK A. REICHERT, DOROTHY G. 7032 BASSWOOD ROAD FREDERICK, MD 21703-7138 | | Lehman No Case Asserted/All Cases Asserted | 09/14/2009 | 12177 | $35,000.00 |
| 14 | SCHMIDT, JOSEPH W & BEATRICE 810 W. 12TH STREET RENO, NV 89503 | | Lehman No Case Asserted/All Cases Asserted | 08/25/2009 | 9395 | $24,549.82 |
| 15 | SCHMIDT, JOSEPH W & BEATRICE 810 W. 12TH STREET RENO, NV 89503 | | Lehman No Case Asserted/All Cases Asserted | 08/25/2009 | 9396 | $25,244.03 |
| 16 | SLOCUM, JEFFREY SHANNON 1029 B HERKIMER ST HOUSTON, TX 77008 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/25/2008 | 1096 | $21,400.00 |
| | | | | | TOTAL | $238,298,454.23 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
```
In re                                              :     **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*       :     **08-13555 (JMP)**
                                                   :
                         **Debtors.**              :     **(Jointly Administered)**
```
-------------------------------------------------------------------x
```

### ORDER GRANTING DEBTORS' NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY)

Upon the ninety-first omnibus objection to claims, dated February 14, 2011 (the "Ninety-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to reclassify Stock Claims as equity interests, all as more fully described in the Ninety-First Omnibus Objection to Claims; and due and proper notice of the Ninety-First Omnibus Objection to Claims having been provided to: (i) each claimant listed on Exhibit A attached thereto; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Ninety-First Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Ninety-First Omnibus Objection to Claims.

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Ninety-First Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Ninety-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to sections 502(b) and 510(b) of the Bankruptcy Code, the Stock Claims listed on Exhibit 1 annexed hereto are hereby reclassified as equity interests; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE