B 210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    Case No. **08-13555**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**ILLIQUIDX LTD**                              **BANK INSINGER DE BEAUFORT NV (ITALIA)**
Name of Transferee                             Name of Transferor


Name and Address where notices to transferee       Court Claim # (if known): **50549**
should be sent:                                    Total Amount of Claim Filed:
                                                   USD $ 15,693,591.84
                                                   Amount of Claim Transferred:
                                                   $ 2,617, 935.00 (equivalent to 1,850,000 EURO)
**Celestino Amore**                                ISIN/CUSIP: XS0294106405; XS0294106314
**Managing Director**                              Date Claim Filed: October 28, 2009
**Illiquidx Ltd**
**107-111 Fleet Street**
**London EC4A 2AB, UK**
**Phone: +44 207 936 9309**
**Email: amore@illiquidx.com**


Name and Address where transferee payments
should be sent (if different from above):


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: February 14, 2011
      Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    **Case No. 08-13555**

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. **50549** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the
alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim
Other than for Security in the clerk's office of this court on ..................

**BANK INSINGER DE BEAUFORT NV (ITALIA)**          **ILLIQUIDIX LTD**
Name of Alleged Transferor                          Name of Transferee

Address of Alleged Transferor:                       Address of Transferee:

**Via dei due Macelli**                              **Illiquidx Ltd**
**48**                                               **107-111 Fleet Street**
**00187 Roma**                                       **London EC4A 2AB**
**Italy**                                            **United Kingdom**

### ~~DEADLINE TO OBJECT TO TRANSFER~~
The alleged transferor of the claim is hereby notified that objections must be filed with the court
within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the
court, the transferee will be substituted as the original claimant without further order of the court.


Date:_____                    _____
                                   CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

**TO:**    THE DEBTOR AND THE BANKRUPTCY COURT

    1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Bank Insinger de Beaufort NV (Italia)** ("_Seller_") hereby unconditionally and irrevocably sells, transfers and assigns to **Illiquidx Ltd.** (the "_Purchaser_"), under the condition set out in clause 7 and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in _Schedule 1_ attached hereto (the "_Purchased Claim_"), in Seller's right, title and interest in and to Proof of Claim Number 50549 filed by or on behalf of Seller (the "_Proof of Claim_") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "_Proceedings_") in the United States Bankruptcy Court for the Southern District of New York (the "_Court_"), administered under Case No. 08-13555 (JMP) (the "_Debtor_"), (b) all rights and benefits of Seller relating to or evidencing the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "_Bankruptcy Code_")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "_Transferred Claims_"), and (d) the security or securities (any such security, a "_Purchased Security_") relating to the Purchased Claim and specified in _Schedule 1_ (as "_Lehman Programs Securities to which Transfer Relates_") attached hereto together with all rights and claims of the Seller against the issuer of each Purchased Security in respect thereof.

    2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in _Schedule 1_ attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated; and (g) Seller has not delivered any acceleration notices with respect to the Purchased Security to Lehman Brothers Treasury Co. B.V. and/or Lehman Brothers Holdings, Inc.

    3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller





transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      This Agreement and Evidence of Transfer of Claim is subject to successful completion by the Purchaser on the date hereof of an on-sale by the Purchaser of the Transferred Claims and the Purchased Securities (the "Subsequent Sale") to be executed with a third party purchaser ("Subsequent Purchaser"). In the event that such Subsequent Purchase is not successfully completed on the date hereof (including receipt by the Purchaser from the Subsequent Purchaser of the full purchase price for such Subsequent Purchase for value on the date hereof), the Transferred Claims and the Purchased Securities shall be returned to the Seller and the purchase obligations of the Purchaser (including, without limitation, any obligation to pay purchase price) under this Agreement and Evidence of Transfer of Claim shall be cancelled accordingly.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9th day of February, 2011.

Bank Insinger de Beaufort NV (Italia)          Illiquidx Ltd.
Via dei due Macelli, 48                        80 Fleet Street,
00187 Roma                                     London EC4Y 1EL
ITALY                                          UNITED KINGDOM

By:                                            By:
Name: VITO DONATONI/Patr. STEVAN MEUCHSE       Name: Celestino Amore
Title: LEGAL REPRESENTATIVES                   Title: *Managing Director*

2

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

1. 19.79167% of ISIN XS0294106405 which is US$ 1,344,345.00 of US$6,792,480.00 (the outstanding amount of ISIN XS0294106405 as described in the proof of Claim (n°50649) as of 9th February, 2011); plus all accrued interest, fees and other recoveries due.
2. 20.22472% of ISIN XS0294106314 which is US$ 1,273,590.00 of US$6,297,195.00 (the outstanding amount of ISIN XS0294106314 as described in the proof of Claim (n°50649) as of 9th February, 2011); plus all accrued interest, fees and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Claim Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Issue of EU5,000,000 COMPASS Notes due March 2017 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Program | XS0294106405 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 19.79167% of the ISIN/CUSIP XS0294106405 under the Proof of Claim, which is EUR950,000 (which is equivalent of US$1,344,345.00), plus all accrued interest, fees and recoveries due. | 30th of March 2017 | EUR950,000 (which is equivalent of US$1,344,345.00) (using an exchange rate of EUR/USD = 1.4151), plus all accrued interest, fees and recoveries due. |
| Issue of EUR4,500,000 IVTS Notes due March 2017 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Program | XS0294106314 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 20.22472% of the ISIN/CUSIP XS0294106314 under the Proof of Claim, which is EUR900,000.00 (which is equivalent of US$1,273,590.00), plus all accrued interest, fees and recoveries due. | 30th of March 2017 | EUR900,000 (which is equivalent of US$1,273,590.00) (using an exchange rate of EUR/USD = 1.4151), plus all accrued interest, fees and recoveries due. |



| United States Bankruptcy Court/Southern District of New York | **LEHMAN SECURITIES PROGRAMS** |
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000050549

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on** http://www.lehman-docket.com **as of July 17, 2009**

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)  **BANK INSINGER DE BEAUFORT NV (ITALIA)**

   Via dei due Macelli, 48

   00187 Roma (ITALY)
                    Rosalisa Lancia
Telephone number: +39/0669002217    Email Address: rlancia@insinger.it

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
      (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:            Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities.  Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008.  The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security to which this claim relates, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** 15,693,591.84 See attached no.1    **(Required)**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates.  If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See attached schedule no.2    **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim.  You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf).  If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

   See attached schedule no.3                 **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim.  You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf).  Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
   Clearstream Bank  a/c 73039 Depository Participant CIPBITMM
   Sub account Bank Insinger de Beaufort NV (Italia)    **(Required)**

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

**FILED / RECEIVED**

OCT 2 8 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date.<br>October 23,2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  Managing Director        Director Support & Operations Area<br>VITO DONAZONE        PATRICK VAN KERKHOF |

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Schedule no. 1 "Amount of Claim"**

| ISIN | Nominal Amount In US$ (exchanged in US$ - Exchange rate BCE 1,4151 on september 15, 2008) | Interest Accrued and not paid up to Sep. 14,2008 | TOTAL IN US$ |
|---|---|---|---|
| XS0202417050 | 195.283,80 | 5.176,22 | 200.460,02 |
| XS0179304869 | 1.436.326,50 | 8.617,48 | 1.444.943,98 |
| XS0195431613 | 120.283,50 | 1.016,08 | 121.299,58 |
| XS0200284247 | 203.774,40 | 6.079,35 | 209.853,75 |
| XS0208459023 | 16.981,20 | 379,60 | 17.360,80 |
| XS0211093041 | 179.717,70 | 2.072,15 | 181.789,85 |
| XS0211814123 | 70.755,00 | 1.700,62 | 72.455,62 |
| XS0213971210 | 292.925,70 | 2.889,13 | 295.814,83 |
| XS0220704109 | 31.132,20 | 364,73 | 31.496,93 |
| XS0294106405 | 6.792.480,00 | 0,00 | 6.792.480,00 |
| XS0294106314 | 6.297.195,00 | 0,00 | 6.297.195,00 |
| XS0205185456 | 28.302,00 | 139,48 | 28.441,48 |
| TOTAL AMOUNT OF CLAIM | | | 15.693.591,84 |

INSINGER BEAUFORT

**Bank Insinger de Beaufort N.V. (Italia)**
**Via del due Macelli, 48**
**00187 Roma**
**Italy**

**Schedule no. 2 "International Securities Identification Number (ISIN)"**

| ISIN |
|------|
| S0202417050 |
| S0179304869 |
| S0195431613 |
| S0200284247 |
| S0208459023 |
| S0211093041 |
| S0211814123 |
| S0213971210 |
| S0220704109 |
| S0294106405 |
| S0294106314 |
| S0205185456 |

INSINGER BEAUFORT

**Bank Insinger de Beaufort N.V. (Italia)**
**Via dei due Macelli, 48**
**00187 Roma**
**Italy**

**Schedule no.3 "Clearstream Bank Blocking Number Reference"**

| ISIN | CLEARSTREAM BANK BLOCKING NUMBER |
|---|---|
| S0202417050 | CA93229 |
| S0179304869 | CA93234 |
| S0195431613 | CA93173 |
| S0200284247 | CA93365 |
| S0208459023 | CA93181 |
| S0211093041 | CA93375 |
| S0211814123 | CA93189 |
| S0213971210 | CA93379 |
| S0220704109 | CA93393 |
| S0294106405 | CA93228 |
| S0294106314 | CA93221 |
| S0205185456 | CA93190 |

INSINGER BEAUFORT

**Bank insinger de Beaufort N.V. (Italia)**
**Via del due Macelli, 48**
**00187 Roma**
**Italy**

# KRANJAC MANUALI & VISKOVIC LLP

**ATTORNEYS AT LAW**

CORRADO MANUALI
PARTNER
(646) 216-2400
CMANUALI@KMVLLP.COM

**Via Federal Express**

October 27, 2009

Epiq Bankruptcy Solutions
Attn: Lehman Brothers Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

> Re:  **Bankruptcy Case of Lehman Brothers Holdings, Inc. et al.**
> **("Debtors") (Jointly Administered Case 08-13555)**

Dear Sir or Madam:

On behalf of Bank Insinger De Beaufort NV (ITALIA) ("Bank Insinger"), enclosed please find three (3) original proofs of claim (together with supporting documentation) against Lehman Brothers Holdings, Inc. (Case No. 08-13555), one of the debtors in the above-referenced proceedings.

In addition, I also enclose copies of Bank Insinger's proofs of claim and a self-addressed, stamped envelope. Kindly acknowledge Debtors' receipt of Bank Insinger's proofs of claim.

Please feel free to contact me if you have any questions or concerns.

Sincerely,

Corrado Manuali

Enclosures

