WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :   08-13555 (JMP)
                                          :
                   Debtors.               :   (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING DEBTORS' MOTION, PURSUANT TO SECTION 1121(d) OF THE
BANKRUPTCY CODE, REQUESTING THIRD EXTENSION OF EXCLUSIVE PERIODS
FOR THE FILING OF AND SOLICITATION OF ACCEPTANCES FOR CHAPTER 11
PLANS OF MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

        1.     On January 26, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed with this Court a motion (the "Motion") pursuant to section

1121(d) title 11 of the United States Code (the "Bankruptcy Code") requesting a third extension of the Exclusive Periods[1] for the filing of and solicitation of acceptances for the chapter 11 plans of Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC.

2. In accordance with the Second Amended Case Management Order, February 9, 2011 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on Debtors' counsel.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

4.      Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order annexed hereto as <u>Exhibit A</u>, and unmodified since the filing of the Motion, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: February 14, 2011
New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order – Docket No. 14164)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                    :
In re                                                               :   Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                            :   08-13555 (JMP)
                                                                    :
                    Debtors.                                        :   (Jointly Administered)
                                                                    :
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION, PURSUANT**
**TO SECTION 1121(d) OF THE BANKRUPTCY CODE, REQUESTING**
**THIRD EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING**
**OF AND SOLICITATION OF ACCEPTANCES FOR CHAPTER 11 PLANS**
**OF MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC**

Upon the motion, dated January 26, 2011 (the "Motion"), of Merit, LLC ("Merit), LB Somerset LLC and LB Preferred Somerset LLC (together, the "Somerset Debtors"), together with their affiliated debtors in the above-referenced chapter 11 cases as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), for a further extension of the exclusive periods during which only the New Debtor's may file chapter 11 plans (the "Plan Period") and solicit acceptances thereof (the "Solicitation Period," and together with the Plan Period, the "Exclusive Periods"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the exclusive Plan Periods for Merit and the Somerset Debtors are extended through and including June 15, 2011; and it is further

ORDERED that, pursuant to section 1121(d) of the Bankruptcy Code, the exclusive Solicitation Periods for Merit and the Somerset Debtors are extended through and including August 15, 2011; and it is further

ORDERED that the extension of the Exclusive Periods granted herein is without prejudice to any party in interest's rights, pursuant to section 1121(d) of the

Bankruptcy Code, to move to reduce Exclusive Periods for Merit and the Somerset Debtors; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: February __, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE