Hearing Date and Time: March 3, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: February 24, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Scarlett E. Collings

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION, PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1),
FOR AN EXTENSION OF DEADLINE FOR SERVICE OF
<u>AVOIDANCE ACTIONS TO JUNE 30, 2011</u>**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "<u>Motion</u>") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "<u>Debtors</u>") for an extension of the deadline to effect service of process of the avoidance actions to June 30, 2011, as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "Bankruptcy Court"), on **March 3, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorney for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope Davis, Esq., Elizabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **February 24 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 14, 2011
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Scarlett E. Collings
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: March 3, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: February 24, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Scarlett E. Collings

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
 : 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : **08-13555 (JMP)**
 : 
Debtors. : **(Jointly Administered)**
 : 
-------------------------------------------------------------------x

**DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), FOR AN EXTENSION
OF DEADLINE FOR SERVICE OF AVOIDANCE ACTIONS TO JUNE 30, 2011**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors," and collectively with their non-Debtor affiliates, "Lehman"), submit this motion (the "Motion"), and respectfully represent:

**Preliminary Statement**

1. On September 15, 2010, the Debtors filed a motion (the "Stay Motion")[1] seeking to stay (the "Stay") all actions that had been or would be commenced involving claims of the Debtors under sections 544, 545, 547, 548, 549, and/or 550 of the Bankruptcy Code (collectively the "Avoidance Actions"). To date, 50 Avoidance Actions with respect to over 230 transactions have been commenced by the Debtors. As the Debtors explained in the Stay Motion, the Avoidance Actions were commenced due to an impending statute of limitations deadline. Although the Debtors made every effort to minimize the number of adversary proceedings that had to be initiated by seeking tolling agreements, the number of parties and transactions involved presented enormous practical difficulties forcing the Debtors to file the Avoidance Action complaints.

2. In the Stay Motion, the Debtors also asked the Court to extend the service deadline for the Avoidance Actions from 120 days (as provided by Rule 4(m) of the Federal Rules of Civil Procedure) to 180 days (*i.e.* a 60-day extension). The Debtors explained that the Avoidance Actions include a number of transferees whose identities are not readily available to the Debtors. Moreover, even for those parties for whom identities are known, their locations are scattered around the globe, requiring that service be conducted in various foreign countries. The vast number of parties and the global extent of service, the Debtors asserted, warranted an extension of the typical deadline for effecting service of process.

3. On October 20, 2010, the Court granted the Stay Motion and extended the Debtors' service deadline to 180 days:

---

[1] *See* Debtors' Motion, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Stay Avoidance Actions and Grant Certain Related Relief [Docket No. 11398].

2

> ORDERED that the Debtors shall have until 180 days from the filing of each Avoidance Action complaint to complete service on each of the Avoidance Action Defendants to such Avoidance Action without prejudice to the Debtors' ability to request further extensions[.][2]

Because the vast majority of Avoidance Actions were filed in September and October 2010, the Court's 180 day deadline requires the Debtors to effect service on all defendants to the Avoidance Actions (collectively the "Avoidance Action Defendants") by March or April 2011, depending upon when the complaint was filed.

4.  Following the Court's October 2010 Order, the Debtors have made significant progress in effecting service on the multitude of global defendants. As explained in detail below, the Debtors have successfully effected service on many of the Avoidance Action Defendants. There are, however, a number of defendants, particularly those in foreign jurisdictions, for whom service is taking longer than anticipated. Moreover, since the time the Stay issued, the Debtors have engaged in expedited discovery to obtain information necessary to identifying parties and service information in certain of the Avoidance Actions. While the Debtors have obtained considerable information through these discovery efforts, certain critical information is still lacking. The extension Debtors seek will allow the Debtors to complete these discovery efforts.

5.  While the Debtors expect that they will have effected service on the vast majority of Avoidance Action Defendants by the Court's original 180-day deadline, the Debtors seek to extend the service deadline for all Avoidance Actions to June 30, 2011, approximately 90 additional days, to complete service on any remaining Avoidance Action Defendants.[3] Given the

---

[2] *See* Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) [Docket No. 12199].

[3] The Avoidance Actions were filed on various dates in September and October 2010. The requested extension would provide one uniform deadline for service (June 30, 2011) for all Avoidance Actions.

3

fact that all Avoidance Actions are currently stayed, this brief extension to the service deadline will effect no prejudice on any Avoidance Action Defendant.

## Jurisdiction

6. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

7. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

9. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

10. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. On March 11, 2010, the Examiner filed its report with the Court [Docket No. 7531].

4

11. On January 25, 2011, the Debtors filed their first amended joint chapter 11 plan [Docket No. 14150] and disclosure statement for their first amended joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No. 14151].

### Lehman's Business

12. Prior to the events leading up to these chapter 11 cases, the Debtors were the fourth largest investment bank in the United States. For more than 150 years, the Debtors have been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide

13. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Relief Requested

14. Pursuant to section 105(a) of the Bankruptcy Code and Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Bankruptcy Rule 7004(a)(1), the Debtors request that the deadline to effect service in the Avoidance Actions be extended to June 30, 2011, without prejudice to the Debtors ability to request further extensions. This relief will not alter the Stay issued by the Court's October 20, 2010 order, nor does it otherwise prejudice the Avoidance Action Defendants because even those parties who have been served are not required to answer or otherwise respond until the termination of the Stay.

**The Court Should Exercise its Discretion and Issue the Extension**

15.  The Federal Rules of Civil Procedure state that when a plaintiff shows good cause, "the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). "In determining whether good cause is shown, a court should consider (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *American Int'l Tel., Inc. v. Mony Travel Serv.*, 203 F.R.D. 95, 97 (S.D.N.Y. 2001). Furthermore, courts readily extend the service deadlines in cases, such as these, that involve service in foreign jurisdictions. Rule 4(m) expressly contemplates that the service deadline may be extended for service outside the United States. *Id.* ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(l)."); *In re South African Apartheid Litigation*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009) ("the 120-day time period for service can be extended for service outside of the United States.") (quotations and citations omitted)). In this case, a significant number of the defendants are located in foreign jurisdictions.

16.  The Debtors have demonstrated "reasonableness and diligence" in serving many of the foreign and domestic defendants to date. The Avoidance Actions are comprised of three broad categories: (i) derivatives litigation in which the underlying assets have not been distributed to noteholders ("Non-Distributed Actions"); (ii) derivatives litigation in which some or all of the proceeds of the transactions have been distributed to noteholders ("Distributed Actions"); and (iii) avoidance actions involving trade vendors and loan participants (the "Trades and Loan Actions").

*Non-Distributed Actions*

17.  The Non-Distributed Actions involve 233 defendants (89 domestic and 144 foreign). To date, the Debtors have successfully served 78 of the 89 domestic defendants

6

and anticipate serving the remaining domestic defendants within the current deadline.[4]  With regard to the 144 foreign defendants in the Non-Distributed Actions, the Debtors have retained a foreign service agent, Legal Language Services ("LLS") to effect service.  LLS is currently in the process of effecting service, either through a foreign solicitor or through a central authority, in various foreign jurisdictions.  The Debtors have been advised by LLS that these foreign defendants will be served within the current service deadline, but it is difficult to anticipate what problems or delays may be encountered in foreign jurisdictions.  Out of an abundance of caution, therefore, the Debtors seek an extension of the deadline to complete service on these foreign defendants.

*Distributed Action*

18.    In the Distributed Actions, Debtor Lehman Brothers Special Financing, Inc. ("LBSF"), seeks to recover billions of dollars of trust proceeds improperly distributed to large numbers of unidentified domestic and foreign noteholders in 48 collateralized debt obligation transactions (the "Distributed Transactions").  The notes at issue were issued over a period of years beginning in 2002 and were subsequently tradable (and traded) in the secondary market in transactions unknown to LBSF.  Due to the large number of noteholders receiving the challenged distributions, the impossibility of identifying all such noteholders, and the existence of common legal issues with respect to all distributions, LBSF asserted claims against such noteholders as a defendant class action.  LBSF named as class representatives 83 noteholder defendants (many of which are foreign entities) that LBSF believed in good faith and upon information and belief to have held the subject notes in 2008 at the time of the challenged

---

[4] The Debtors have filed service affidavits relating to these domestic defendants in the various Non-Distributed Actions.

7

collateral distributions. In addition to the noteholder defendants, LBSF has named 8 trustee defendants, 48 issuer defendants (43 of which are foreign entities) and 36 co-issuer defendants.

19. On October 25, 2010, the Court granted LBSF's motion for expedited discovery, which sought, among other things, authorization to commence expedited and narrowly-tailored discovery designed to obtain and verify the identities, addresses and noteholder status of the named and other, unknown noteholders, so that LBSF could (i) ascertain definitively the complete group of distributee noteholders to be named as class representatives; and (ii) serve the Complaint on all named class representatives and provide notice to as many class members as possible.

20. To date in the Distributed Actions, LBSF has served all 8 trustee defendants, 36 co-issuer defendants, and 48 issuer defendants (including, with the assistance of LLS, 43 issuer defendants located in the Cayman Islands and Ireland). With respect to the 83 noteholder defendants, LBSF determined that 50 of them may be served in the United States[5] and 33 require foreign service. As discussed below, however, LBSF is still engaged in the painstaking, multi-step discovery required to confirm the identities and addresses of all noteholders who received the challenged distributions. Accordingly, LBSF continues to seek more complete information before serving certain noteholder defendants located in the United States so as to avoid the expense to the Debtors (and burden on the defendants) of potentially pointless service on entities that no longer hold the notes at issue. Such service, however, could be completed before the current deadline if necessary.

21. Overseas service requirements take additional time. Accordingly, LBSF has commenced the process for effecting foreign service upon 25 of the 33 foreign noteholder

---

[5] The Debtors have filed service affidavits relating to these domestic defendants in the various Distributed Actions.

8

defendants.[6] LLS estimates that service will be completed upon 12 of the noteholder defendants located in Belgium, Canada, the United Kingdom, Ireland and the Netherlands (via Article 10(b) of the Hague Service Convention) by the end of February 2011. LLS has further advised, however, that service may not be completed upon certain defendants located in Germany, South Korea and Switzerland (which require service via Article 5 of the Hague Service Convention) until June 2011. LBSF has also begun the process of serving nine noteholder defendants located in Austria and Taiwan, jurisdictions that are not signatories to the Hague Service Convention. LLS has advised that service on certain of these defendants may not be completed until August 2011.[7]

22.  In addition, identifying the correct beneficial owner of the particular notes and service information for each noteholder has been difficult due to the manner in which the notes are purchased and held. Virtually all of these securities are held in "street name" form. LBSF initially served requests for production and Rule 30(b)(6) deposition notices on the trustee defendants, issuer defendants, and co-issuer defendants seeking, among other things, the names and addresses of noteholders (or any other party) that received funds in the challenged distributions.[8] However, the records of the trustee defendants (and, where such records are available, the other defendants) indicate that the "registered" holder of virtually all of these securities is The Depository Trust Company or its nominee, Cede & Co. (collectively "DTC").

---

[6] Commencement of this process could not begin until the Amended Summons (for the Amended Complaint, filed October 1, 2010) was issued by the Clerk of the Court, which occurred on November 17, 2010.

[7] Initially, LBSF did not have sufficient information to serve the remaining eight foreign noteholder defendants, which are located in Australia, the Cayman Islands, the United Kingdom, the Netherlands and Japan. LBSF believes it has now obtained that information through its own investigation as well as discovery, and the process for serving these entities is either underway or will commence shortly. LBSF will endeavor to complete service upon all remaining foreign defendants during the 90 day extension but, depending on the service requirements in certain jurisdictions, may need to seek a limited further extension to complete service upon particular defendants.

[8] LBSF has agreed to adjourn the depositions for all parties and non-parties pending review of the document discovery.

9

Discovery on the trustee, issuer and co-issuer defendants to date has confirmed that these defendants do not have complete information regarding the identities of the noteholders, although that discovery did yield the names of 35 new potential noteholders. Thus, LBSF also served a document and deposition subpoena on DTC. DTC, however, has no economic interest in these securities. Rather, DTC holds the securities on behalf of numerous participating financial institutions (the "DTC Participants"), which may be noteholders but more frequently are brokers, banks or other financial institutions that hold the securities for the benefit of other parties. Information produced by DTC revealed the name of 41 DTC Participants that received funds in the challenged distributions. LSBF subsequently served deposition and document subpoenas on all 41 DTC Participants and will begin receiving information in response to those subpoenas during the third week of February. LBSF expects that the DTC Participant discovery will confirm the identities of many of the distributee noteholders, but it is possible that further discovery may be required.

23. In short, identifying the actual noteholders at the time of the challenged distributions is a complicated process that requires multiple levels of party and non-party discovery. LBSF is still conducting discovery on parties and non-parties in the United States and abroad to identify the complete group of distribute noteholders to be named as class representatives. The discovery received to date, however, has already provided valuable information and assisted LBSF in completing service on the named defendants, and LBSF expects to receive further confirmatory information regarding named noteholder defendants in addition to the names and addresses of currently unknown noteholders.

*Trades and Loan Actions*

24. There are currently 15 complaints pending in the Trades and Loan Actions. Debtors currently are either engaged in, or are pursuing, settlement negotiations with

respect to each named defendant. As the Debtors believe these negotiations are likely to result in a resolution of the complaints, Debtors have elected to conserve resources of the estate by focusing on resolving those matters.

25. An extension of the service deadline will not prejudice any of the Avoidance Action Defendants. All of the Avoidance Actions are currently stayed pursuant to the Court's October 20, 2010 Order. Therefore, the defendants who are served following an extension of the service deadline will be in the same position as those parties who have already been served. Moreover, one of the central purposes of the Stay is to give the Debtors an opportunity to pursue amicable resolutions to the Avoidance Actions. The extension of the service deadline will further this purpose by giving the Debtors adequate time to contact each defendant and initiate discussions regarding resolution.

26. Finally, because a large number of the defendants in the Avoidance Actions are located in foreign jurisdictions, as explained above, an extension of the service deadline should be permitted, as contemplated by Rule 4(m). *See In re South African Apartheid Litigation*, 643 F. Supp. 2d at 433 ("the 120-day time period for service can be extended for service outside of the United States."). Service in foreign jurisdictions is a complicated and time consuming process which justifies the requested extension.

27. In short, there is good cause to grant the Debtors' request for short extension to the current service deadline. The Debtors have worked diligently to serve the Avoidance Action Defendants, none of whom will be prejudiced by the extension. Moreover, the extension is justified because a large number of the defendants are located in foreign jurisdictions, which has slowed and complicated the Debtors' efforts to effect service.

## Notice

28.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (viii) all known and identified Avoidance Action Defendants or their agents or representatives.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  February 14, 2011
        New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007


Scarlett E. Collings
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                  :
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                  :
                Debtors.                  :    (Jointly Administered)
                                                                  :
                                                                  :
-----------------------------------------------------------------x

### ORDER GRANTING EXTENSION OF DEADLINE FOR
### SERVICE OF AVOIDANCE ACTIONS TO JUNE 30, 2011

Upon the motion, dated February 14, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedures, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an extension of the deadline to effect service of process of the Avoidance Action complaints to June 30, 2011, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) each of the known and identified defendants to the Avoidance Actions or their agents or representatives (the "Avoidance Action Defendants"), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the deadline to effect service on each of the Avoidance Action Defendants is hereby extended through and including June 30, 2011 without prejudice to the Debtors' ability to request further extensions; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011

    New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

2