---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (JMP)
                                               :
                          Debtors.             :    (Jointly Administered)
------------------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTORS' NINETY-THIRD**
**OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

    **PLEASE TAKE NOTICE** that on February 14, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their ninety-third omnibus objection to

claims (the "Debtors' Ninety-Third Omnibus Objection to Claims"), and that a hearing (the

"Hearing") to consider the Debtors' Ninety-Third Omnibus Objection to Claims will be held

before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **March 31, 2011 at 10:00 a.m. (Eastern Time),** or as soon

thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'

Ninety-Third Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for the Southern District of New

York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis,

Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the

official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley &

McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne,

Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later

than **March 16, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

     **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' Ninety-Third Omnibus Objection to Claims or any claim set

forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy

Court an order substantially in the form of the proposed order annexed to the Debtors' Ninety-

Third Omnibus Objection to Claims, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated:  February 14, 2011
   New York, New York

         /s/ Shai Y. Waisman
         Shai Y. Waisman

         WEIL, GOTSHAL & MANGES LLP
         767 Fifth Avenue
         New York, New York 10153
         Telephone: (212) 310-8000
         Facsimile: (212) 310-8007

         Attorneys for Debtors
         and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

----------------------------------------------------------------------x

**DEBTORS' NINETY-THIRD OMNIBUS**
**OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

**Relief Requested**

1.      The Debtors file this ninety-third omnibus objection to claims (the

"Ninety-Third Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim filed in these chapter

11 cases (the "Procedures Order") [Docket No. 6664], seeking the disallowance and

expungement of the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed under the heading "*Claims

to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims")

have been amended and superseded by at least one subsequently filed, corresponding

claim identified under the heading "*Surviving Claims*" (collectively, the "Surviving

Claims").  The Debtors seek the disallowance and expungement from the Court's claims

register of the Amended and Superseded Claims and preservation of the Debtors' right to

later object to any Surviving Claim on any basis.

3.      This Ninety-Third Omnibus Objection to Claims does not affect

any of the Surviving Claims and does not constitute any admission or finding with

respect to any of the Surviving Claims.  Further, the Debtors reserve all their rights to object on any basis to any Amended and Superseded Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Amended and Superseded Claims Should Be Disallowed and Expunged**

9.      In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have determined that each Amended and Superseded Claim on Exhibit A has been amended and superseded by the corresponding Surviving Claim that was subsequently filed by or on behalf of the same creditor.

10.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Claims that are amended and superseded by subsequent claims filed by the same creditor are routinely disallowed and expunged.  *See, e.g.*, *In re Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct.

5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superceded by the Amended Claim, it was disallowed and expunged . . . ."); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

12.     The Debtors cannot be required to pay on the same claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

13.     Accordingly, to avoid the possibility of multiple recoveries by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Amended and Superseded Claims listed on Exhibit A.[1]  The Surviving Claims will remain on the claims register subject to further objections on any basis.

### Notice

14.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Ninety-Third Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A annexed hereto; and (vii) all other parties entitled to notice in accordance with the procedures set

---

[1]  Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

forth in the second amended order entered on June 17, 2010, governing case management

and administrative procedures for these cases [Docket No. 9635].  The Debtors submit

that no other or further notice need be provided.

15.    No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as is just.

Dated: February 14, 2011
       New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 93: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | ALLIANCEBERNSTEIN ST GEORGE ADVANCE ASSET MGT (GEORCAFI) ATTN MICHAEL SOHR, 38TH FL 1345 AVENUE OF THE AMERICAS NEW YORK, NY 10105 | 11/02/2009 | 08-13555 (JMP) | 63580 | $2,601,898.00 | AUSTRALIAN FIXED INTEREST MULTI-BLEND FUND BY ITS AGENT ADVANCED ASSET MANAGEMENT LIMITED CONTACT: PIA VELASQUEZ LEVEL 5 182 GEORGE STREET SYDNEY, NSW 2000 AUSTRALIA | 01/05/2011 | 08-13555 (JMP) | 67287 | $2,601,898.00 |
| 2 | BANK OF AMERICA, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO LASALLE BANK, NA HUNTON & WILLIAMS LLP ATTN: JR SMITH, ESQ RIVERFRONT PLAZA, EAST TOWER, 951 E BYRD STREET RICHMOND, VA 23219 | 09/18/2009 | 08-13555 (JMP) | 15991 | Undetermined | BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NA HUNTON & WILLIAMS LLP ATTENTION: J.R. SMITH, ESQ. RIVERFRONT PLAZA, EAST TOWER, 951 E. BYRD STREET RICHMOND, VA 23219 | 05/14/2010 | 08-13555 (JMP) | 66613 | Undetermined |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 93: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 3 | BANK OF AMERICA, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO LASALLE BANK, NA HUNTON & WILLIAMS LLP ATTN: JR SMITH, ESQ RIVERFRONT PLAZA, EAST TOWER, 951 E BYRD STREET RICHMOND, VA 23219 | 09/18/2009 | 08-13555 (JMP) | 16377 | Undetermined | BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NA HUNTON & WILLIAMS, LLP ATTENTION: J.R. SMITH, ESQ. RIVERFRONT PLAZA, EAST TOWER, 951 E. BYRD STREET RICHMOND, VA 23219 | 05/14/2010 | 08-13555 (JMP) | 66615 | Undetermined |
| 4 | BANK OF AMERICA, NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO LASALLE BANK, NA HUNTON & WILLIAMS LLP ATTN: JR SMITH, ESQ RIVERFRONT PLAZA, EAST TOWER, 951 E BYRD STREET RICHMOND, VA 23219 | 09/18/2009 | 08-13555 (JMP) | 16379 | Undetermined | BANK OF AMERICA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NA HUNTON & WILLIAMS, LLP ATTENTION: J.R. SMITH, ESQ. RIVERFRONT PLAZA, EAST TOWER, 951 E. BYRD STREET RICHMOND, VA 23219 | 05/14/2010 | 08-13555 (JMP) | 66614 | Undetermined |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 93: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 5 | BARCLAYS BANK PLC TRANSFEROR: LANDWIRTSCHAFTLICHE RENTENBANK ATTN: RICHARD KEARNEY 5 THE NORTH COLONNADE, CANARY WHARF LONDON, E14 4BB UNITED KINGDOM | 09/09/2009 | 08-13555 (JMP) | 11008 | $42,872,816.70 | BARCLAYS BANK PLC TRANSFEROR: LANDWIRTSCHAFTLICHE RENTENBANK ATTN: RICHARD KEARNEY 5 THE NORTH COLONNADE, CANARY WHARF LONDON, E14 4BB UNITED KINGDOM | 10/01/2010 | 08-13555 (JMP) | 67114 | $43,159,467.09 |
| 6 | CANDEL GRIFOL, MARIA PAZ PARQUE LIDON 3-7-A CASTELLON, 12003 SPAIN | 10/27/2009 | 08-13555 (JMP) | 48675 | Undetermined | MANIA PAZ CANDEL GRIFOL PANIEVE LIDON 3 7 A CASTELLON, 12003 SPAIN | 10/28/2009 | 08-13555 (JMP) | 50477 | Undetermined |
| 7 | CRE FIDUCIARY SERVICES INC TRUSTEE FOR CRE TRUST UAD 12/21/04 2120 CARREY AVE CHEYENNE, WY 82001 | 09/21/2009 | 08-13901 (JMP) | 23877 | $213,786.32 | CRE FIDUCIARY SERVICES INC TRUSTEE FOR CRE TRUST UAD 12/21/04 2120 CARREY AVE CHEYENNE, WY 82001 | 01/11/2011 | 08-13901 (JMP) | 67296 | $171,000.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 93: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 8 | DELTA PRIME EUROPEAN SPECIAL SITUATIONS FUND, ACTING THROUGH DELTA ALTERNATIVE MANAGEMENT 20, RUE CAMBON PARIS, 75001 FRANCE | 09/29/2010 | 08-13555 (JMP) | 67107 | $3,810,959.77* | DELTA PRIME EUROPEAN SPECIAL SITUATIONS FUND, ACTING THROUGH DELTA ALTERNATIVE MANAGEMENT 20, RUE CAMBON PARIS, 75001 FRANCE | 01/11/2011 | 08-13555 (JMP) | 67301 | $3,810,959.77* |
| 9 | FRALING, MRS. CORNELIA UHLANDSTRASSE 19 10623 BERLIN, GERMANY | 11/17/2008 | 08-13555 (JMP) | 763 | Undetermined | FRALING, MRS. CORNELIA UHLANDSTRASSE 19 10623 BERLIN, GERMANY | 01/06/2009 | 08-13555 (JMP) | 1603 | $14,249.00 |
| 10 | HSBC FRANCE ATTN: MARTIN HOLCOMBE 8 CANADA SQUARE LONDON, E14 5HQ UNITED KINGDOM | 09/18/2009 | 08-13555 (JMP) | 18859 | $305,892.03* | HSBC FRANCE ATTN: MARTIN HOLCOMBE 8 CANADA SQUARE LONDON, EI4 5HQ UNITED KINGDOM | 10/22/2009 | 08-13555 (JMP) | 43789 | $79,998,295.50* |
| 11 | LBVN HOLDINGS LLC TRANSFEROR: GOLDMAN, SACHS & CO. PO BOX 1641 NEW YORK, NY 10150 | 10/30/2009 | 08-13555 (JMP) | 59832 | Undetermined | LBVN HOLDINGS LLC TRANSFEROR: GOLDMAN, SACHS & CO. PO BOX 1641 NEW YORK, NY 10150 | 07/19/2010 | 08-13555 (JMP) | 66948 | $810,336.00* |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 93: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 12 | MIDTOWN ACQUISITIONS L.P. (F/K/A DK ACQUISITION PARTNERS, L.P.) C/O DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC ATTN: OLAITAN SENBANJO, LEGAL COUNSEL 65 EAST 55TH STREET, 19TH FLOOR NEW YORK, NY 10022 | 01/19/2010 | 08-13900 (JMP) | 66113 | $114,099.24* | DK ACQUISITION PARTNERS, L.P. C/O DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC ATTN: OLAITAN SENBANJO, 65 EAST 55TH STREET, 19TH FLOOR NEW YORK, NY 10022 | 01/20/2011 | 08-13900 (JMP) | 67303 | $119,677.99* |
| 13 | OHIO DEPARTMENT OF TAXATION 30 EAST BROAD STREET COLUMBUS, OH 43215 | 05/29/2009 | 08-13664 (JMP) | 4643 | $568,083.95 | OHIO DEPARTMENT OF TAXATION ATTN: REBECCA L. DAUM, ATTORNEY - BANKRUPTCY DIVISION P.O. BOX 530 COLUMBUS, OH 43215 | 01/14/2011 | 08-13664 (JMP) | 67302 | $25,204.16 |
| 14 | OREGON LABORER-EMPLOYERS PENSION TRUST FUND RYAN STEPHENS WILLIAM C. EARHART COMPANY, INC. P.O. BOX 4148 PORTLAND, OR 97208 | 08/31/2009 | 08-13888 (JMP) | 9906 | $107,374.48 | OREGON LABORER-EMPLOYERS PENSION TRUST FUND ATTN: RYAN STEPHENS, WILLIAM C. EARHART COMPANY, INC., P.O. BOX 4148 PORTLAND, OR 97208 | 01/14/2011 | 08-13888 (JMP) | 67305 | $170,621.58 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 93: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 15 | OREGON LABORER-EMPLOYERS PENSION TRUST FUND RYAN STEPHENS WILLIAM C. EARHART COMPANY, INC. P.O. BOX 4148 PORTLAND, OR 97208 | 08/31/2009 | 08-13555 (JMP) | 9910 | $107,374.48 | OREGON LABORER-EMPLOYERS PENSION TRUST FUND ATTN: RYAN STEPHENS, WILLIAM C. EARHART COMPANY, INC., P.O. BOX 4148 PORTLAND, OR 97208 | 01/14/2011 | 08-13555 (JMP) | 67304 | $0.00 |
| 16 | SAPHIR FINANCE PLC - SERIES 2007-4 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13888 (JMP) | 40707 | Undetermined | SAPHIR FINANCE PLC - SERIES 2007-4 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 01/11/2011 | 08-13888 (JMP) | 67300 | $2,598,284.44 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 93: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 17 | SAPHIR FINANCE PLC - SERIES 2007-4 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13555 (JMP) | 40708 | Undetermined | SAPHIR FINANCE PLC - SERIES 2007-4 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 01/11/2011 | 08-13555 (JMP) | 67299 | $2,598,284.44 |
| 18 | SAVANNAH ILA EMPLOYERS PENSION FUND ATTN: VIRGINIA PARHAM PO BOX 1280 SAVANNAH, GA 31498-1280 | 09/01/2009 | 08-13888 (JMP) | 10077 | $41,870.01 | SAVANNAH ILA EMPLOYERS PENSION FUND PRUDENCE W. GWYN PO BOX 1280 SAVANNAH, GA 31498-1280 | 01/11/2011 | 08-13888 (JMP) | 67297 | $46,047.42 |
| 19 | SAVANNAH ILA EMPLOYERS PENSION FUND ATTN: VIRGINIA PARHAM PO BOX 1280 SAVANNAH, GA 31498-1280 | 09/01/2009 | 08-13555 (JMP) | 10078 | $41,870.01 | SAVANNAH ILA EMPLOYERS PENSION FUND PRUDENCE W. GWYN PO BOX 1280 SAVANNAH, GA 31498-1280 | 01/11/2011 | 08-13555 (JMP) | 67298 | $0.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 93: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 20 | SYKKYLVEN GJENSIDIGE BRANNTRYGDELAG BOKS 147 SYKKYLVEN, 6239 NORWAY | 09/30/2009 | 08-13555 (JMP) | 35601 | $222,984.56 | SYKKYLVEN GJENSIDIGE BRANNTRYGDELAG BOKS 147 SYKKYLVEN, 6239 NORWAY | 11/02/2009 | 08-13555 (JMP) | 61274 | $222,984.56 |
| 21 | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS OFFICE OF THE ATTORNEY GENERAL COLLECTION DIVISION - BANKRUPTCY SECTION PO BOX 12548, CAPITOL STATION AUSTIN, TX 78711-2548 | 02/02/2009 | 08-13555 (JMP) | 2400 | $124,984.20 | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS OFFICE OF THE ATTORNEY GENERAL COLLECTION DIVISION - BANKRUPTCY SECTION PO BOX 12548 AUSTIN, TX 78711-2548 | 01/10/2011 | 08-13555 (JMP) | 67294 | $15,000.00 |
| | | | | TOTAL | $51,133,993.75 | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                                               :
                                **Debtors.**            :        **(Jointly Administered)**
--------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Upon the ninety-third omnibus objection to claims, dated February 14, 2011 (the "Ninety-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Amended and Superseded Claims on the basis that such claims have been amended and superseded by the corresponding Surviving Claims, all as more fully described in the Ninety-Third Omnibus Objection to Claims; and due and proper notice of the Ninety-Third Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Ninety-Third Omnibus Objection to Claims; and (vii) all other parties entitled to notice in

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Ninety-Third Omnibus Objection to Claims.

accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Ninety-Third Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Ninety-Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Ninety-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Debtors' right to further object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Amended and Superseded Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Amended and Superseded Claim, including, but not limited to, derivative

and guarantee questionnaires and supporting documentation, shall be treated as having

been filed in support of and included in the corresponding Surviving Claim; and it is

further

ORDERED that nothing in this Order or the disallowance and

expungement of the Amended and Superseded Claims constitutes any admission or

finding with respect to any of the Surviving Claims, and the Debtors' rights to object to

the Surviving Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to

the Ninety-Third Omnibus Objection to Claims under the heading "*Claims to be*

*Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any

Surviving Claim; *provided, however*, that if the Court subsequently orders that a

Surviving Claim did not appropriately amend and supersede the corresponding Amended

and Superseded Claim, then the claims agent shall be authorized and directed to

immediately reinstate such Amended and Superseded Claim in these chapter 11 cases

(the "Reinstated Claim") and the rights of all interested parties with respect to the

Reinstated Claim shall be expressly reserved; and it is further

ORDERED that notwithstanding any other provision of this Order, a

Surviving Claim and all documentation previously filed in support of the Surviving

Claim, including, but not limited to, amended derivative and guarantee questionnaires

and supporting documentation, shall be deemed timely filed to the extent it appropriately

amended and superseded, directly or indirectly, a claim that had been timely filed; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE