<div style="border:1px solid black; padding:1em;">

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MELISSA COLON-BOSOLET, AT 212-310-8841.**

</div>

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Penny P. Reid

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 Case No. |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' NINETY-FIFTH**
**OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that on February 14, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their Ninety-Fifth omnibus objection to

claims (the "Debtors' Ninety-Fifth Omnibus Objection to Claims"), and that a hearing (the

"Hearing") to consider the Debtors' Ninety-Fifth Omnibus Objection to Claims will be held

before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **March 31, 2011 at 10:00 a.m. (Eastern Time),** or as soon

thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'

Ninety-Ffith Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq., and Penny

Reid, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York,

33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Elisabeth Gasparini, Esq.

and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors

appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza,

New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan

Fleck, Esq.); so as to be so filed and received by no later than **March 16, 2011 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Ninety-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Ninety-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: February 14, 2011
      New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman
Penny P. Reid

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: March 31, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 16, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman
Penny P. Reid

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
                                                :
                              Debtors.          :    (Jointly Administered)
-------------------------------------------------------------------x
```

## DEBTORS' NINETY-FIFTH OMNIBUS
## OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, AND
ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES
RECEIVING THIS NINETY-FIFTH OMNIBUS OBJECTION TO
CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE
IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE
OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED
THERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, MELISSA COLON-BOSOLET, AT
212-310-8841.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### **Relief Requested**

1.      The Debtors file this Ninety-Fifth omnibus objection to claims (the "Ninety-Fifth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order reducing, reclassifying (in certain instances), and allowing the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively, the "Valued Derivative Claims") should be reduced, reclassified (in certain instances), and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records; and that the claim classifications, in certain instances, improperly assert secured, administrative expenses or priority claims.  The Debtors, therefore, request that the Court reduce, as appropriate, each such claim to the amount listed on Exhibit A under the column heading

US_ACTIVE:\43629047\01\58399.0008

"*Modified Claim Amount*"; reclassify, as appropriate, each claim to the classification listed under the column heading "*Modified Class*"; and allow each such claim only to the extent of such modified amount and classification.

3.      The Debtors reserve all their rights to object on any other basis to any Valued Derivative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order,

3

dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's

appointment of the Examiner.  The Examiner has filed his report pursuant to section

1106(b) of the Bankruptcy Code [Docket No. 7531].

        8.     On July 2, 2009, this Court entered an order setting forth

procedures for filing proofs of claim in these chapter 11 cases, including procedures for

filing proofs of claim and supporting documentation for claims based on derivative

contracts (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that

"each holder of a claim against a Debtor based on amounts owed pursuant to any

Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and]

electronically upload supporting documentation on the website . . . ."  (Bar Date Ord. at

7.)  The Bar Date Order further provided that "each holder of a claim against a Debtor

based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a

Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and

electronically upload supporting documentation on the website . . . ."  (*Id.* at 8.)  A copy

of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

        9.     Exhibit C to the Bar Date Order was a version of the Derivative

Questionnaire, which required that the claimant provide various information in support of

its claim, such as copies of relevant agreements; a copy of the termination notice; a

valuation statement; individual trade-level detail; trade value methodology and

quotations; and unpaid amounts, collateral, and other costs associated with the claim

pursuant to the derivative contract.  Also attached to the Bar Date Order was Exhibit D, a

version of the Guarantee Questionnaire setting forth the information forming the basis of

the claimant's assertions of a guarantee.

4

10.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The Valued Derivative Claims Should be Reduced, Reclassified and Allowed

11.    In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as being claims that should be reduced, reclassified (in certain instances), and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records; and that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim.

12.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.    The Valued Derivative Claims listed on Exhibit A should be reduced and allowed in the amount listed on Exhibit A under the column heading "*Modified Claim Amount*" because the asserted claim amount is greater than the fair,

US_ACTIVE:\43629047\01\58399.0008

accurate, and reasonable value of the claim as determined by the Debtors after a review

of the supporting documentation provided by the claimants and the Debtors' books and

records.  In certain instances, the Valued Derivative Claims listed on <u>Exhibit A</u> should be

reclassified to the classifications listed under column heading "*Modified Class*" because

the classifications are improperly identified as secured, administrative expenses or

priority claims on claimants' proofs of claim.

14.    The Debtors have developed and currently utilize a thorough,

multi-step process to review claims filed against the Debtors and based on a Derivative

Contract[1] ("<u>Derivative Claims</u>") in order to determine the fair, accurate, and reasonable

value of such claims, and the proper classification of such claims, for purposes of

settlement (the "<u>Proposed Settlement Amount and Classification</u>").  In order to determine

the Proposed Settlement Amount and Classification, the Debtors:  (i) collect and review

documents related to the relevant Derivative Claim including, but not limited to, the

relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination

notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments

already received, made, or missed; and (iii) review the valuation methodology used by

the claimant to determine the value of the claim, including verifying the legitimacy of

quotes provided by the claimant in connection with their valuation statement, reviewing

claimant's "loss" calculation, and evaluating any set-off claims.[2]  In their efforts to

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Ord. at 6.)

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the

US_ACTIVE:\43629047\01\58399.0008

determine the Proposed Settlement Amount and Classification, the Debtors engage in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

15.    Once the Debtors have determined the Proposed Settlement Amount and Classification with respect to a particular Derivative Claim, it is presented to the Debtors' Settlement Adjudication Committee (the "Committee") for final approval. The Committee, comprised of senior management of the Debtors and Alvarez & Marsal, reviews the work done to arrive at the Proposed Settlement Amount and Classification and approves or disapproves the Proposed Settlement Amount and Classification.  If the Proposed Settlement Amount and Classification presented to the Committee is less than the amount included in the corresponding Derivative Claim, or different from the classification included in the corresponding Derivative Claim, the Debtors will seek approval to object to such claim.

16.    The Debtors have undertaken this lengthy process with respect to each of the Valued Derivative Claims listed on Exhibit A, and have concluded that a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant; and that the Valued Derivative Claim (in certain instances) should be reclassified from a secured, administrative expense or priority claim, to an unsecured claim.  Despite the Debtors' efforts at negotiating this Proposed Settlement Amount and Classification, the Debtors and the holders of the

---

Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

US_ACTIVE:\43629047\01\58399.0008

Valued Derivative Claims have reached an impasse.  Holders of the Valued Derivative

Claims should not be allowed to recover more than the true and proper value of their

claims, nor should the holders of the Valued Derivative Claims be allowed secured,

administrative expenses or priority claims when they hold general unsecured claims.

Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these

claims, the Debtors request that the Court reduce each Valued Derivative Claim to the

amount listed on Exhibit A under the column heading "*Modified Claim Amount*" and

allow each such claim only to the extent of such modified amount.  In addition, the

Debtors request that the Court reclassify the Valued Derivative Claims listed on Exhibit

A to the classifications listed under the column heading "*Modified Class*" to reflect that

the classifications in the specified claims are improperly identified as secured,

administrative expenses or priority claims on claimants' proofs of claim and such claims

are reclassified as general unsecured claims.

### Notice

17.     No trustee has been appointed in these chapter 11 cases.  The

Debtors have served notice of this Ninety-Fifth Omnibus Objection to Claims on:  (i) the

U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney

for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to

this Ninety-Fifth Omnibus Objection to Claims; and (vii) all other parties entitled to

notice in accordance with the procedures set forth in the second amended order entered

on June 17, 2010 governing case management and administrative procedures for these

US_ACTIVE:\43629047\01\58399.0008

cases [Docket No. 9635]. The Debtors submit that no other or further notice need be

provided.

        18.     No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

        WHEREFORE the Debtors respectfully request entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated: February 14, 2011
      New York, New York

                          /s/ Shai Y. Waisman           
                          Shai Y. Waisman
                          Penny P. Reid

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Debtors
                          and Debtors in Possession

US_ACTIVE:\43629047\01\58399.0008

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | BANCA DI CREDITO COOPERATIVO DI ROMA SOCIETA COOPERATIVA ATTN: MR. ROBERT PALOMBO AND MR. ROSSANO GIUPPA VIALE OCEANO INDIANO 13C ROMA, 00144 ITALY | 20252 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $456,009.40* | Lehman Brothers Holdings Inc. | Unsecured | $394,344.25 |
| 2 | BANCA DI CREDITO COOPERATIVO DI ROMA SOCIETA COOPERATIVA ATTN: MR. ROBERT PALOMBO AND MR. ROSSANO GIUPPA VIALE OCEANO INDIANO 13C ROMA, 00144 ITALY | 20253 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $456,009.40* | Lehman Brothers Special Financing Inc. | Unsecured | $394,344.25 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|------|---------|-----------|--------|------|--------|--------|-------|--------|
| 3 | BANKINTER GESTION DE ACTIVOS, S.A. S.G.I.I.C. ACTING FOR AND ON BEHALF OF BK GARANTIA CUPON MEMORIA, II FI ATTN: MR. INIGO GUERRA / MR. JAVIER BOLLAIN / MS. ANA CASUSO P DE LA CASTELLANA, 29 MADRID, 28010 SPAIN | 28145 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $2,747,331.28* | Lehman Brothers Holdings Inc. | Unsecured | $2,615,128.80 |
| 4 | BANKINTER GESTION DE ACTIVOS, S.A. S.G.I.I.C. ACTING FOR AND ON BEHALF OF BK MEMORIA 6 POR 4 GARANTIZADO II, FI ATTN: MR. INIGO GUERRA / MR. JAVIER BOLLAIN / MS. ANA CASUSO P DE LA CASTELLANA, 29 MADRID, 28010 SPAIN | 28146 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,350,011.67* | Lehman Brothers Holdings Inc. | Unsecured | $1,335,957.30 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 5 | BANKINTER GESTION DE ACTIVOS, S.A. S.G.I.I.C. ACTING FOR AND ON BEHALF OF BK MEMORIA 6 POR 4 GARANTIZADO II, FI ATTN: MR. INIGO GUERRA / MR. JAVIER BOLLAIN / MS. ANA CASUSO P DE LA CASTELLANA, 29 MADRID, 28010 SPAIN | 28147 | 09/22/2009 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $1,350,011.67* | Lehman Brothers OTC Derivatives Inc. | Unsecured | $1,298,418.78 |
| 6 | BANKINTER GESTION DE ACTIVOS, S.A. S.G.I.I.C. ACTING FOR & ON BEHALF OF BANKINTER INCENTIVO EUROPA II GARANTIZADO FI ATTN: MR. INIGO GUERRA / MR. JAVIER BOLLAIN / MS. ANA CASUSO P DE LA CASTELLANA, 29 MADRID, 28010 SPAIN | 28148 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $344,878.21* | Lehman Brothers Holdings Inc. | Unsecured | $316,148.80 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 7 | BANKINTER GESTION DE ACTIVOS, S.A. S.G.I.I.C. ACTING FOR AND ON BEHALF OF BK MEMORIA 6X4 GARANTIZADO, FI ATTN: MR. INIGO GUERRA / MR. JAVIER BOLLAIN / MS. ANA CASUSO P DE LA CASTELLANA, 29 MADRID, 28010 SPAIN | 28149 | 09/22/2009 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $7,096,498.84* | Lehman Brothers OTC Derivatives Inc. | Unsecured | $6,513,437.15 |
| 8 | BANKINTER GESTION DE ACTIVOS, S.A. S.G.I.I.C. ACTING FOR AND ON BEHALF OF BK GARANTIA CUPON MEMORIA II, FI ATTN: MR. INIGO GUERRA / MR. JAVIER BOLLAIN / MS. ANA CASUSO P DE LA CASTELLANA, 29 MADRID, 28010 SPAIN | 28150 | 09/22/2009 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $2,747,331.28* | Lehman Brothers OTC Derivatives Inc. | Unsecured | $2,541,647.36 |

## IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|------|---------|-----------|--------|--------|--------|--------|-------|--------|
| 9 | BANKINTER GESTION DE ACTIVOS, S.A. S.G.I.I.C. ACTING FOR AND ON BEHALF OF BK MEMORIA 6X4 GARANTIZADO, FI ATTN: MR. INIGO GUERRA / MR. JAVIER BOLLAIN / MS. ANA CASUSO P DE LA CASTELLANA, 29 MADRID, 28010 SPAIN | 28151 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $7,096,498.84* | Lehman Brothers Holdings Inc. | Unsecured | $6,701,746.80 |
| 10 | BANKINTER GESTION DE ACTIVOS, S.A. S.G.I.I.C. ACTING FOR & ON BEHALF OF BANKINTER INCENTIVO EUROPA II GARANTIZADO FI ATTN: MR. INIGO GUERRA / MR. JAVIER BOLLAIN / MS. ANA CASUSO P DE LA CASTELLANA, 29 MADRID, 28010 SPAIN | 28152 | 09/22/2009 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $344,878.21* | Lehman Brothers OTC Derivatives Inc. | Unsecured | $307,265.46 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 11 | BANKINTER GESTION DE ACTIVOS, S.A. S.G.I.I.C. ACTING FOR AND ON BEHALF OF BK GARANTIA CUPON MEMORIA, FL ATTN: MR. INIGO GUERRA / MR. JAVIER BOLLAIN / MS. ANA CASUSO P DE LA CASTELLANA, 29 MADRID, 28010 SPAIN | 28153 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $4,895,412.46* | Lehman Brothers Holdings Inc. | Unsecured | $4,659,843.60 |
| 12 | BANKINTER GESTION DE ACTIVOS, S.A. S.G.I.I.C. ACTING FOR AND ON BEHALF OF BK GARANTIA CUPON MEMORIA, FL ATTN: MR. INIGO GUERRA / MR. JAVIER BOLLAIN / MS. ANA CASUSO P DE LA CASTELLANA, 29 MADRID, 28010 SPAIN | 28154 | 09/22/2009 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $4,895,412.46* | Lehman Brothers OTC Derivatives Inc. | Unsecured | $4,528,908.56 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | DEBTOR | MODIFIED CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 13 | BLACKSTONE PARTNERS NON-TAXABLE OFFSHORE OVERLAY FUND III LTD. C/O SEWARD & KISSELL LLP ATTN: ARLENE R. ALVES ONE BATTERY PARK PLAZA NEW YORK, NY 10004-1485 | 33296 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $6,350,585.00* | Lehman Brothers Special Financing Inc. | Unsecured | $6,370,584.73 |
| 14 | BLACKSTONE PARTNERS NON-TAXABLE OFFSHORE OVERLAY FUND III LTD. C/O SEWARD & KISSELL LLP ATTN: ARLENE R. ALVES ONE BATTERY PARK PLAZA NEW YORK, NY 10004-1485 | 33297 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $6,350,585.00* | Lehman Brothers Holdings Inc. | Unsecured | $6,370,584.73 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 15 | BREVAN HOWARD MASTER FUND LIMITED C/O BREAVAN HOWARD ASSET MANAGEMENT LLP ATTN: ALEX UNDERWOOD 55 BAKER STREET LONDON, W1U 8EW UNITED KINGDOM | 14684 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $32,235,070.00* | Lehman Brothers Holdings Inc. | Unsecured | $21,519,889.00 |
| 16 | BREVAN HOWARD MASTER FUND LIMITED C/O BREAVAN HOWARD ASSET MANAGEMENT LLP ATTN: ALEX UNDERWOOD 55 BAKER STREET LONDON, W1U 8EW UNITED KINGDOM | 14685 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $32,235,070.00* | Lehman Brothers Special Financing Inc. | Unsecured | $21,519,889.00 |
| 17 | GALLAHER COMMON INVESTMENT FUND ATTN: KEN FRY MEMBERS HILL BROOKLANDS ROAD WEYBRIDGE SURREY, KT13 0QU UNITED KINGDOM | 16656 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $51,333.43* | Lehman Brothers Holdings Inc. | Unsecured | $51,333.43 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 18 | GALLAHER COMMON INVESTMENT FUND ATTN: KEN FRY MEMBERS HILL BROOKLANDS ROAD WEYBRIDGE SURREY, KT13 0QU UNITED KINGDOM | 16662 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $51,333.43* | Lehman Brothers Special Financing Inc. | Unsecured | $50,842.54 |
| 19 | HJSI DEVONSHIRE, LLC C/O HJ SIMS INVESTMENTS, LLC JEFFREY SANDS, MANAGING MEMBER 3530 POST ROAD, SUITE 301 SOUTHPORT, CT 06890 | 28238 | 09/22/2009 | Lehman Brothers Derivative Products Inc. | Secured | Undetermined | Lehman Brothers Derivative Products Inc. | Unsecured | $38,114.00 |
| 20 | JPMC UK RETIREMENT FUND ATTN: KEN FRY FINSBURY DIALS 20 FINSBURY STREET LONDON, EC2Y 9AQ UNITED KINGDOM | 16647 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $105,537.57* | Lehman Brothers Holdings Inc. | Unsecured | $105,537.57 |
| 21 | JPMC UK RETIREMENT FUND ATTN: KEN FRY FINSBURY DIALS 20 FINSBURY STREET LONDON, EC2Y 9AQ UNITED KINGDOM | 16658 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $105,537.57* | Lehman Brothers Special Financing Inc. | Unsecured | $104,528.33 |

*  - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 22 | LINC-REDONDO BEACH SENIORS, INC. C/O PENELOPE PARMES, ESQ. RUTAN & TUCKER, LLP 611 ANTON BOULEVARD, FOURTEENTH FLOOR COSTA MESA, CA 92626 | 4651 | 05/29/2009 | Lehman Brothers Derivative Products Inc. | Unsecured | Undetermined | Lehman Brothers Derivative Products Inc. | Unsecured | $101,441.00 |
| 23 | LOUIS DREYFUS ENERGY SERVICES L.P. ATTN: KEVIN CAPONE, EXECUTIVE VICE-PRESIDENT ATTN: JOHN TESORIERO 20 WESTPORT ROAD WILTON, CT 06897-0843 | 13824 | 09/16/2009 | Lehman Brothers Commodity Services Inc. | Secured Unsecured Subtotal | $6,735,392.81 $0.00 $6,735,392.81 | Lehman Brothers Commodity Services Inc. | Unsecured | $6,770,641.52 |
| 24 | LOUIS DREYFUS ENERGY SERVICES L.P. ATTN: KEVIN CAPONE, EXECUTIVE VICE-PRESIDENT ATTN: JOHN TESORIERO 20 WESTPORT ROAD WILTON, CT 06897-0843 | 13825 | 09/16/2009 | Lehman Brothers Holdings Inc. | Unsecured | $6,735,392.81 | Lehman Brothers Holdings Inc. | Unsecured | $6,770,641.52 |
| 25 | M. STEVEN SEMBLER AND SANDRA C. SEMBLER, TENANTS BY ENTIRETY 1511 N. WESTSHORE BLVD., SUITE 300 TAMPA, FL 33615 | 33250 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $824,000.00 | Lehman Brothers Special Financing Inc. | Unsecured | $542,500.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 26 | MM ASSET MANAGEMENT LIMITED: MM INSTITUTIONAL FUNDS PLC MM UK BOND FUND ATTN: KEN FRY 77 QUEEN VICTORIA STREET ONE BOW CHURCHYARD LONDON, EC4A 4AY UNITED KINGDOM | 16646 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $21,868.00* | Lehman Brothers Holdings Inc. | Unsecured | $21,658.88 |
| 27 | MM ASSET MANAGEMENT LTD: MM INSTITUTIONAL FUNDS PLC MM UK BOND FUND ATTN: KEN FRY, C.O.O 77 QUEEN VICTORIA STREET ONE BOW CHURCHYARD LONDON, EC4A 4AY UNITED KINGDOM | 16665 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $21,868.00* | Lehman Brothers Special Financing Inc. | Unsecured | $21,658.88 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 28 | MNOPF TRUSTEES LIMITED AS TRUSTEE OF THE MERCHANT NAVY OFFICERS PENSION FUND ATTN: KEN FRY, C.O.O. ASHCOMBE HOUSE, THE CRESCENT LEATHERHEAD SURREY, KT22 8LQ UNITED KINGDOM | 16644 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $71,672.78* | Lehman Brothers Holdings Inc. | Unsecured | $71,672.78 |
| 29 | MNOPF TRUSTEES LIMITED AS TRUSTEE OF THE MERCHANT NAVY OFFICERS PENSION FUND ATTN: KEN FRY, C.O.O. ASHCOMBE HOUSE, THE CRESCENT LEATHERHEAD SURREY, KT22 8LQ UNITED KINGDOM | 16664 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $71,672.78* | Lehman Brothers Special Financing Inc. | Unsecured | $70,987.38 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 30 | PARKCENTRAL GLOBAL HUB LIMITED ATTN: CHARLES THRESH, JAMES BENNETT, PETER LOGIE C/O KPMG ADVISORY LIMITED CROWN HOUSE 4 PAR-LA-VILLE ROAD HAMILTON, HM 08 BERMUDA | 27584 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured[1] | $48,937,726.00* | Lehman Brothers Holdings Inc. | Unsecured | $5,998,296.80 |
| 31 | PARKCENTRAL GLOBAL HUB LIMITED LEH CRED NUM: 1000197052 C/O KPMG ADVISORY LIMITED ATTENTION: CHARLES THRESH CROWN HOUSE 4 PAR-LA-VILLE ROAD HAMILTON, HM 08 BERMUDA | 66382 | 03/10/2010 | Lehman Brothers Special Financing Inc. | Secured Unsecured<br><br>Subtotal | $32,657,000.00*<br>$16,280,726.00*<br><br>$48,937,726.00 | Lehman Brothers Special Financing Inc. | Unsecured | $5,998,296.80 |

---

[1] The counterparty originally asserted that this was a secured claim, however, the claim was reclassified to an unsecured claim by Order dated September 2, 2010.

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 32 | SPCP GROUP LLC, AS AGENT FOR SILVER POINT CAPITAL FUND, LP AND SILVER POINT CAPITAL OFFSHORE FUND, LTD AS SUCCESSOR TO TIFFANY & CO. C/O SILVER POINT CAPITAL, LP ATTN: ADAM J. DEPANFILIS 660 STEAMBOAT ROAD GREENWICH, CT 06830 | 20292 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Secured | $9,717,258.00 | Lehman Brothers Special Financing Inc. | Unsecured | $8,157,092.41 |
| 33 | SPCP GROUP LLC, AS AGENT FOR SILVER POINT CAPITAL FUND, LP AND SILVER POINT CAPITAL OFFSHORE FUND, LTD AS SUCCESSOR TO TIFFANY & CO C/O SILVER POINT CAPITAL, LP ATTN: ADAM J. DEPANFILIS 660 STEAMBOAT ROAD GREENWICH, CT 06830 | 20319 | 09/21/2009 | Lehman Brothers Holdings Inc. | Secured | $9,717,258.00 | Lehman Brothers Holdings Inc. | Unsecured | $8,157,092.41 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 95: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 34 | TURKIYE SINAI KALKINMA BANKASI AS ATTN: KORHAN AKLAR MECLISI MEBUSAN CAD. 81 FINDIKLI 34427 ISTANBUL, TURKEY | 15805 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,127,080.00* | Lehman Brothers Special Financing Inc. | Unsecured | $1,002,078.00 |
| 35 | WAVE MASTER FUND LP THE WAVE MANAGEMENT COMPANY, LLC ATTN: KELLY DOUGHERTY 4 QUEEN STREET CHARLESTON, SC 29401 | 37353 | 10/12/2009 | Lehman Brothers Holdings Inc. | Unsecured | $423,676.97 | Lehman Brothers Holdings Inc. | Unsecured | $409,127.61 |
| 36 | WAVE MASTER FUND LP THE WAVE MANAGEMENT COMPANY, LLC ATTN: KELLY DOUGHERTY 4 QUEEN STREET CHARLESTON, SC 29401 | 37354 | 10/12/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $423,676.97 | Lehman Brothers Special Financing Inc. | Unsecured | $409,127.61 |
| | | | | | TOTAL | $245,031,604.84 | | TOTAL | $132,240,808.04 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | |
|---|---|
| In re | : |

**In re**                                                         :         **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :         **08-13555 (JMP)**
                                                                  :
                              **Debtors.**                :         **(Jointly Administered)**

-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' NINETY-FIFTH OMNIBUS
### OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the Ninety-Fifth omnibus objection to claims, dated February 14,

2011 (the "Ninety-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11

of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"),

seeking to reduce, reclassify (in certain instances), and allow the Valued Derivative

Claims on the basis that the amounts listed on the proofs of claim are greater than the fair,

accurate, and reasonable values determined by the Debtors after a review of the

claimants' supporting documentation and the Debtors' books and records, and that the

classifications (in certain instances) are improperly identified as secured, administrative

expenses or priority claims on claimants' proofs of claim, all as more fully described in

the Ninety-Fifth Omnibus Objection to Claims; and due and proper notice of the Ninety-

Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the

---

[1]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Debtors' Ninety-Fifth Omnibus Objection to Claims.

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District

of New York; (vi) the claimants listed on Exhibit A attached to the Ninety-Fifth Omnibus

Objection to Claims; and (vii) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9653]; and

it appearing that no other or further notice need be provided; and the Court having found

and determined that the relief sought in the Ninety-Fifth Omnibus Objection to Claims is

in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Ninety-Fifth Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefore, it is

ORDERED that the relief requested in the Ninety-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Claim Amount" and reclassified to the classification listed

under the column heading "Modified Class"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the Ninety-

Fifth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and

it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: February 14, 2011
      New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE