WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Peter Gruenberger

WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W.
Suite 900
Washington, D.C. 20005
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
Ralph I. Miller

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

-----------------------------------------------------------------x

**NOTICE OF SECOND REVISED ORDER TO DEBTORS' MOTION
PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL
ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE
DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF THE
DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH
SPECIAL PURPOSE VEHICLE COUNTERPARTIES**

In connection with the hearing to be held on February 16, 2011 at 10:00 a.m. with

respect to the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General

Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for

Affirmative Claims of the Debtors Under Derivative Transactions with Special Purpose Vehicle

Counterparties **[Docket No. 13009]** (the "Motion"),[1] the Debtors hereby file a second revised order of SPV Derivatives ADR Procedures.  Attached hereto as Exhibit A is a clean copy of the second revised order.  Attached hereto as Exhibit B is a redline comparing the second revised order to the Revised Procedures attached to the Debtors' Response filed on January 11, 2011 **[Docket No. 13886]**.  Attached hereto as Exhibit C is a redline comparing the second revised order to the original Derivatives ADR Order.  No other changes have been made to the proposed order granting the Motion.

Dated:  February 15, 2011
       New York, New York

/s/ Richard W. Slack
Richard W. Slack
Peter Gruenberger

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Ralph I. Miller
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W.
Suite 900
Washington, D.C. 20005
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940

Attorneys for Debtors
and Debtors in Possession

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

## Exhibit A

(Second Revised Order of SPV Derivatives ADR Procedures – Clean)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :          **08-13555 (JMP)**
                                                    :
                        **Debtors.**                :          **(Jointly Administered)**
                                                    :
                                                    :
---------------------------------------------------------------------x

**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES
TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES**

The following alternative dispute resolution procedures for disputes involving the

Debtors' derivatives transactions that have an SPV (as defined in paragraph 1(a) below)

counterparty (the "SPV Derivatives ADR Procedures") are ORDERED to apply in the chapter 11

cases of Lehman Brothers Holdings, Inc. and certain of its affiliated debtors, as debtors and

debtors in possession in the above-captioned chapter 11 proceedings (collectively, the

"Debtors").  In connection with SPV Derivatives Transactions (as defined below), these SPV

Derivatives Procedures supersede in their entirety, except as specifically provided below, the

Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under

Derivatives Contracts (the "Derivatives ADR Order") [Docket No. 5207].

**FINDINGS**

On motion of the Debtors (the "Motion"), due and proper notice of which having

been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; (vi) all known Derivatives Counterparties and

Trustees, and (vii) all other parties entitled to notice in accordance with the procedures set forth

in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], the Court FINDS that numerous open and terminated SPV Derivatives Transactions (as defined below), including without limitation derivatives contracts that are "swap agreements" or "forward contracts," in each case, as such term is defined in section 101 of the Bankruptcy Code, exist under which the Debtors and the relevant counterparties and other parties in interest have disputes over their respective legal rights and obligations. The Court further FINDS that certain common issues exist regarding these contracts, including, among others, questions involving appropriateness of setoff, termination, valuation, computation of termination payments, and notice. The Court further FINDS that substantial value may be recovered for the Debtors' estates and judicial efficiency can be promoted if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation. The Court further FINDS that similar proceedings ordered in these and other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

Consistent with General Order #M-390, adopted December 1, 2009, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order"), the procedures described below are ORDERED to promote consensual resolution with respect to the SPV Derivatives Transactions (as defined below) between one or more of the Debtors and the SPV counterparty, and to encourage effective communication, consultation, negotiation, and, when necessary, mediation among the affected parties.

1.      <u>SPV Derivatives Transactions</u>.

a.      For the purposes of this Order, "SPV" means any special purpose vehicle or special investment vehicle, including but not limited to any structure, vehicle, trust or entity that issued notes or certificates of beneficial interest pursuant to an indenture or trust agreement and that, for purposes of these SPV Derivatives ADR Procedures, have entered into one or more derivatives contracts with one or more of the Debtors (each, the "<u>SPV Derivatives Transaction</u>" and, collectively, the "<u>SPV Derivatives Transactions</u>").  The SPV Derivatives ADR Procedures shall apply to all SPV Derivatives Transactions where one or more Debtors contend they have the potential for affirmative recovery.

b.      To date, the Debtors have identified several hundred SPV Derivatives Transactions with respect to which there are potential disputes over the amounts that may be owed to one or more Debtors (whether or not an actual lawsuit or adversary proceeding has commenced), and SPV Derivatives Transactions include, but are not limited to, swap agreements and forward contracts with such SPV that has entered into one or more SPV Derivatives Transactions with one or more of the Debtors (the "<u>SPV Derivatives Counterparty</u>"); *provided*, *however*, that the term SPV Derivatives Transactions shall not include any cash-market purchase or sale of a security or loan (*i.e.*, any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction or repurchase agreement in respect of securities or loans.

c.      The Debtors have filed motions, complaints (including adversary proceedings), and other papers commencing legal process, against, among others, SPV Derivatives Counterparties regarding SPV Derivatives Transactions (collectively, the "<u>Actions</u>") and anticipate initiating legal process against other SPV Derivatives Counterparties.

Specifically, the term "Actions" includes any such motions, complaints (including adversary proceedings), and other papers commencing legal process that already have been filed and those that are subsequently filed.

        2.    <u>SPV Derivatives ADR Disputes</u>.  Except to the extent expressly precluded herein, a Debtor may institute an ADR proceeding in connection with any Action that is pending before the Court, including a dispute involving such SPV already involved in alternative dispute resolution ("<u>ADR</u>") with a Debtor, by serving such SPV Derivatives Counterparty, and at such Debtor's election, SPV Trustee (as defined below), a Noteholder (as defined below), and/or any investment advisor, collateral manager, or other fiduciary (an "<u>Advisor</u>") with a copy of this Order and the SPV Derivatives ADR Notice (as defined below) (collectively, the "<u>SPV Derivatives ADR Package</u>"); *provided*, *however*, that a Debtor may not serve the SPV Derivatives ADR Package on such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor unless the Debtor has already commenced an Action or is already involved in ADR related to a particular SPV Derivatives Transaction.  The Debtor, the SPV Derivatives Counterparty, the SPV Trustee, and/or any Noteholder or Advisor served with the SPV Derivatives ADR Package are collectively referred to herein as the "<u>Parties</u>."

        a.    Any SPV Derivatives Counterparty or trustee with respect to the SPV Derivatives Transaction (the "<u>SPV Trustee</u>") served with such SPV Derivatives ADR Package may disclose the contents of such SPV Derivatives ADR Package to any person, entity, or special investment vehicle that holds a note or beneficial interest in the SPV Derivatives Counterparty or the SPV Derivatives Transaction generally (such persons or entities collectively referred to as "<u>Noteholders</u>," and each singly as a "<u>Noteholder</u>"); *provided*, *however*, that any such Noteholder not specified as a party to the SPV Derivatives ADR Dispute must, in advance

of receiving such SPV Derivatives ADR Package, agree in writing to abide by the confidentiality provisions in this Order, including paragraph 13, and must agree in writing to maintain the confidentiality of any such information received.

b.      For the purposes of the SPV Derivatives ADR Procedures, service on or notice to such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor, as the case may be, can be made by serving that Party and such Party's counsel who has appeared in these cases and/or an Action by (i) hand delivery, (ii) first class mail, (iii) overnight mail, or (iv) email upon consent.  Service made in accordance with this paragraph will be deemed adequate service.  This paragraph is not intended to limit other methods of proper service upon such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor.

c.      Notwithstanding any stay imposed by this Court, any defendant named in an Action must file a notice of appearance within thirty (30) calendar days of service of the SPV Derivatives ADR Package, within which time such defendant shall not file a responsive pleading.  Pursuant to Federal Rule of Civil Procedure 41 and Federal Rule of Bankruptcy Procedure 7041, a Debtor has the right to dismiss an Action against such SPV Derivatives Counterparty, SPV Trustee, Noteholder and/or Advisor without prejudice before a responsive pleading therein is filed.  Failure to file a notice of appearance within 30 calendar days of service of the SPV Derivatives ADR Package may result in this Court's entry of Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice or an order for a default judgment against the defaulting party; provided, however, that a defendant may alternatively file an appearance with reservation of the right to raise the defense of lack of personal jurisdiction within 30 calendar days of service of the SPV Derivatives ADR Package, consistent with paragraph 5(e) below.

d.      The first filing of a notice of appearance, or an appearance with reservation of the right to raise the defense of lack of personal jurisdiction, in an Action shall immediately and automatically stay such Action pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation.  In the case of an Action that was previously stayed, and where such stay was modified for the limited purpose of complying with this Order, such stay will continue in full force and effect upon the first filing of a notice of appearance or limited appearance.

3.      <u>Stay of Actions</u>.  A Debtor may serve the SPV Derivatives ADR Package regardless of whether an Action has been previously stayed by the Court, and any prior stay shall be deemed automatically lifted upon the service on the SPV Derivatives Counterparty of the SPV Derivatives ADR Package solely for the limited purpose of the relevant defendant making an appearance in compliance with paragraph 2 of this Order.  Moreover, nothing contained herein shall be construed as lifting any stay with respect to the Actions other than for the limited purpose of complying with this Order.  Upon service of the SPV Derivatives ADR Package, the corresponding Action (as defined herein), to the extent not previously stayed, will be immediately stayed such that (i) all applicable deadlines (other than those related to completion of service of process) will be indefinitely suspended, (ii) all discovery and pre-trial conferences will not be required or conducted, and (iii) all motion practice and contested hearings or trials will be prohibited; *provided*, *however*, that during such stay, the Debtors may (a) amend the Action complaint, (b) employ the SPV Derivatives ADR Procedures or other procedures to attempt to consensually resolve disputed matters, (c) enter into settlements of the Action, (d) complete service of the Action complaint, (e) seek discovery for the limited purpose of assisting

the Debtors in completing service of the Action complaint, and (f) dismiss an Action in accordance with Bankruptcy Rule 7041.

4.      Settlement of Disputes During the SPV Derivatives ADR Procedures. Nothing contained herein shall prevent the Parties from settling, and the Parties are encouraged to settle, the SPV Derivatives ADR Dispute at any time before, during, or following the designation of the SPV Derivatives ADR Dispute to the SPV Derivatives ADR Procedures by the mutual consent of the Parties; provided, that all SPV Derivatives ADR Disputes settled pursuant to this Order, including terminated, active, and matured SPV Derivatives Transactions and regardless of whether such settlement is reached with a Derivatives Counterparty, SPV Trustee, Noteholder and/or Advisor, shall be settled pursuant to the terms set forth in (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket No. 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667]; (iii) other orders in these bankruptcy cases permitting such settlement; (iv) in the case of settlements which have not been consented to by the applicable majority of Noteholders and upon the written request of any Party, by means of a Bankruptcy Rule 9019 Motion with notice to all Noteholders of the hearing date and objection deadline, provided that the economic terms of the resolution shall be redacted in any such motion and related order and an unredacted copy disclosing the economic terms of the resolution may only be provided to a Noteholder not previously served with the SPV Derivatives ADR Package after such Noteholder agrees in writing to maintain the confidentiality of any such information received and to abide by the confidentiality provisions in this Order; or (v) as otherwise permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

5.      <u>Participation Mandatory</u>.

a.      Unless otherwise provided in a specific order applicable to a particular SPV Derivatives ADR Dispute, after service of the SPV Derivatives ADR Package, compliance with the SPV Derivatives ADR Procedures in this Order is mandatory.  Although no party is required to settle or compromise the SPV Derivatives ADR Dispute, each Debtor serving the SPV Derivatives ADR Package and each SPV Derivatives Counterparty, the SPV Trustee with Authority (as defined below), and any Noteholder and/or Advisor on whom a Debtor elects to serve such SPV Derivatives ADR Package, must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the SPV Derivatives ADR Procedures specified below for all SPV Derivatives ADR Disputes covered by such SPV Derivatives ADR Package.

b.      With respect to any SPV Derivatives ADR Package served on the SPV Trustee, within the period provided in paragraph 8(b) for service of a response thereto by the SPV Trustee, Debtors and such SPV Trustee shall review the governing documents to determine whether the SPV Trustee has authority to participate and to settle the SPV Derivatives ADR Dispute covered by the SPV Derivatives ADR Notice on behalf of the Noteholders ("<u>Authority</u>").

i.      If the SPV Trustee has Authority, it shall participate in the SPV Derivatives ADR Procedures on behalf of the Noteholders to the extent authorized by such documents.

ii.      If the SPV Trustee lacks Authority via the governing documents, it shall contact the Noteholders for which it acts as SPV Trustee

through the clearing systems or when possible by a direct written communication that: (v) advises such Noteholders about the Debtors' claims; (w) transmits to them the applicable SPV Derivatives ADR Notice; (x) invites them to participate in the SPV Derivatives ADR Procedures as an alternative to litigation; (y) encourages them to communicate directly with the Debtors; and (z) offers to take the Noteholders' direction in accordance with the governing documents to participate in the SPV Derivatives ADR Procedures on behalf of such directing Noteholders.

iii.    In taking the steps outlined in this paragraph 5(b), SPV Trustees shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

iv.    Nothing contained in this paragraph 5(b) with respect to SPV Trustees shall relieve or be construed to relieve any SPV Derivatives Counterparty from compliance with this Order.

c.    The SPV Derivatives Counterparty shall, on or before sixty (60) calendar days of service of the SPV Derivatives ADR Package or, in the case of a pending ADR under the Derivatives ADR Order on or before sixty (60) calendar days of notice by the Debtor of an intent to proceed under this Order, identify and designate by written notice (the "Settlement Participation Designation") as provided below to the other Parties to the SPV Derivatives ADR Dispute, a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the "Authorized Designee").   The SPV Derivatives Counterparty may change the Authorized Designee from time to time during the

course of the SPV Derivatives ADR Dispute so long as there remains at all times during the dispute an Authorized Designee.

 i. The Settlement Participation Designation shall include the name and contact information of the person or entity with settlement authority, state that such person or entity has agreed to participate in the SPV Derivatives ADR Procedures, and state the relationship between the SPV Derivatives Counterparty and such person or entity with settlement authority.  Notwithstanding any other provisions regarding Sanctions contained in this Order, if the Debtor does not receive a Settlement Participation Designation from the SPV Derivatives Counterparty within sixty (60) calendar days of the service of the SPV Derivatives ADR Package, or notice of an intent to proceed under this Order in the case of a pending ADR, the Court may, upon motion of the Debtor, impose Sanctions (as defined below) on the SPV Derivatives Counterparty, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice.

 ii. The SPV Derivatives Counterparty shall send notice of the SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized Designee with settlement authority, and the related Action, to all Noteholders in accordance with both the requirements of paragraph 5(c)(iii) below.

 iii. In addition to any method of notice permitted by the relevant Indenture, including but not limited to service through the Depository Trust Company, notice of any SPV Derivatives ADR Dispute and the related Action given in accordance with the methods set forth below in subsections (a)-(b) to the Noteholders, parties to the Master Agreement, the Indenture, and/or the Trust Agreement, and any other persons entitled to such notice in the Bankruptcy Case, constitutes sufficient notice to such persons:

(a)  sending the papers commencing the relevant Action and the SPV Derivatives ADR Package (collectively, the "SPV Adversary Package") to each such person; provided, that in the case of the Noteholders, the SPV Adversary Package shall be sent:

(i)  directly to the original Noteholders (as of the issuance date thereof), as and to the extent listed in the records of the Debtors; and

(ii)  directly to any known current Noteholders; and

(b)  publication of the fact that there exists an ADR proceeding related to this SPV Derivatives Transaction in the Wall Street Journal and the Financial Times for three successive business days.

iv.  Within ten (10) business days of receiving written request by a Debtor, the SPV Derivatives Counterparty, and if served with the SPV Derivatives ADR Package, the SPV Trustee, shall provide information to such Debtor sufficient to identify and contact such Noteholders directly if known, and if such information is unknown to the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and SPV Trustee shall provide information sufficient to identify the clearing systems through which such Noteholders are communicated.

v.  If a Debtor has not timely received a Settlement Participation Designation, a Debtor may at its sole discretion continue its attempts at mediation, terminate the SPV Derivatives ADR Dispute and resume the Action, or stay or terminate the SPV Derivatives ADR Dispute and move for Sanctions, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice. No actions authorized by this paragraph 5(c)(v) shall be construed as automatically eliminating or modifying the stay of the Action without such Debtor's consent.

vi.    In taking the steps outlined in this paragraph 5, all Parties to the SPV Derivatives ADR Dispute shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

d.    Nothing contained in this paragraph 5 shall relieve or be construed to relieve any party to the SPV Derivatives ADR Dispute from compliance with this Order.

e.    No rights, remedies, claims or defenses of any SPV Derivatives Counterparty, SPV Trustee, Noteholder, Advisor, or Debtor, acting in good faith compliance with the SPV Derivatives ADR Procedures, shall be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these SPV Derivatives ADR Procedures.    Participation in the SPV Derivatives ADR Procedures by the SPV Derivatives Counterparty, Authorized Designee, SPV Trustee, Noteholder, or Advisor shall not waive the defense of lack of in personam jurisdiction, if any, which defense shall be preserved.

6.    Nothing contained herein shall prevent the SPV Derivatives Counterparty from asserting in any respect to the SPV Derivatives ADR Notice and elsewhere during the course of such SPV Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a SPV Derivatives Transaction or any other valid defense to a Debtor's demand thereunder.

7.    Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Derivatives Counterparties.  If the SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor previously has commenced any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of the SPV Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated

December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim, and to defend or take action in any such other court or proceeding to protect the estate of Debtors, and/or take action in respect of any violation of the automatic stay imposed by section 362 of the Bankruptcy Code, despite the incomplete status of the steps prescribed under the SPV Derivatives ADR Procedures.

### NOTICE/RESPONSE STAGE

8.    <u>Notice/Response</u>.    The initial stage of the SPV Derivatives ADR Procedures will be a notice/response stage, providing the Parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve the SPV Derivatives ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").    The Notice/Response Stage shall include:

a.    <u>SPV Derivatives ADR Notice</u>.    A Debtor shall serve upon the SPV Derivatives Counterparty and, at such Debtor's election, the SPV Trustee and/or Noteholder and/or Advisor (and any attorneys who have appeared in these cases or an Action) a notice containing sufficient information regarding the SPV Derivatives ADR Dispute including the nature of the Debtor's claim, a brief explanation setting forth the basis for the demand and the amount of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Official Unsecured Creditors' Committee (the "<u>Creditors' Committee</u>")), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise (the "<u>SPV Derivatives ADR Notice</u>").    Service of a completed SPV Derivatives ADR Notice in the form annexed to this

Order as Exhibit "A" shall presumptively be deemed to comply with this Order. Within 30 calendar days of entry of this Order, a Debtor participating in a pending ADR involving such SPV must elect in writing either to opt out of this Order and continue under the Derivatives ADR Order or to proceed under this Order. If the Debtor elects to proceed under this Order, the Debtor shall provide written notice of its election to all Parties to the pending ADR and simultaneously serve an SPV Derivatives ADR Package on the SPV Derivatives Counterparty and, at such Debtor's election, the related SPV Trustee and/or one or more Noteholders. All deadlines otherwise set forth in this Order will run from the date the Debtor delivers the SPV Derivatives ADR Package.

b.  <u>SPV Derivatives Counterparty's Response to Notice</u>. The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package at such Debtor's election, the SPV Trustee with Authority, and/or Noteholder and/or Advisor, as the case may be) must respond to the SPV Derivatives ADR Notice in writing within 75 calendar days from the date of the receipt of the SPV Derivatives ADR Notice, or in the case of a pending ADR receipt of the Debtor's election to proceed under this Order. The response options available are as follows (the "<u>Responses</u>"):

   i.  <u>Agreeing to Settle the Demand</u>. If the SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority and/or Noteholder and/or Advisor) agrees to settle the demand in the SPV Derivatives

ADR Notice, it shall state in writing that the offer of settlement in the SPV Derivatives ADR Notice is accepted. The Parties will then execute a settlement and general release (including a confidentiality provision) and the Debtor shall dismiss the corresponding Action with prejudice upon execution of the release; or

ii.    <u>Denying the Demand</u>.  The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority and/or Noteholder and/or Advisor) may decline to settle for the amount stated in the demand in the SPV Derivatives ADR Notice, in which case such party must include a brief explanation in the Response to the SPV Derivatives ADR Notice setting forth the reason(s) for such denial.  In addition, such party may provide a counteroffer to the demand in the SPV Derivatives ADR Notice.  Service of a completed Response to the SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "B" shall presumptively be deemed to comply with this Order.

c.    <u>Failure to Respond</u>.  Failure to provide a timely Response to the SPV Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court (with notice to any applicable SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor that was provided by the Debtor with the SPV

15

Derivatives ADR Package) for Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice, or immediate entry into the mediation stage.

d.    <u>Reply to Response</u>.  The Debtor shall have twenty (20) calendar days from the date of the receipt of the Response to serve a Reply to the Response to the SPV Derivatives ADR Notice (which Reply shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor shall (i) modify its demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demand in the SPV Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the SPV Derivatives ADR Dispute will automatically proceed to the Initial Settlement Conference or Mediation Stage.

9.    <u>Request for Initial Settlement Conference</u>.  At any time prior to the Mediation Stage but after the date upon which a Reply is due from the Debtor, either the Debtors or the SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority, and/or Noteholder and/or Advisor) may request an initial telephonic settlement conference by written request, to be held within ten (10) calendar days.  Within four (4) business days of a receipt of such a request, the other Parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the Parties shall immediately

proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement, and during the initial settlement conference a person with authority to negotiate and settle (including in the case of the SPV Derivatives Counterparty, the Authorized Designee) must participate on behalf of each party.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, and the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if all Parties agree in writing.

## MEDIATION STAGE

10.     <u>Mediation</u>.  SPV Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>").  The Debtors shall transmit on a rolling basis to the mediators appointed pursuant to paragraph 10(a) hereof sets of SPV Derivatives ADR Notices and any applicable Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to paragraph 10(b)(i) hereof.

a.     <u>Choice of Mediator</u>.  James Freund, David Geronemus, Ralph Mabey, and Jacob Esher are APPOINTED as the mediators for SPV Derivatives ADR Disputes reaching the Mediation Stage.  If any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to the Debtors, the Creditors' Committee, the Authorized Designee, and if served with the SPV ADR Derivatives Package, the SPV Trustee, Noteholders, and Advisor.

b.    <u>Powers of Mediator</u>.  The mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate mediations involving the same SPV Derivatives Transaction upon application by such SPV Derivatives Counterparty and consultation with the Debtors.

c.    <u>Mediator Contact</u>.  Once a specific mediator has been selected and notice of such selection has been conveyed to the Parties, the mediator or its designee shall contact the Parties to schedule the initial mediation date.

d.    <u>Mediation Sites</u>.  All mediation proceedings will take place in New York, New York, unless agreed to by the Parties and the mediator.

e.    <u>Mediation Briefs</u>.  Any party to a Mediation may submit a Mediation Brief, with service upon the other Parties to the Mediation and upon the Creditors' Committee unless the Mediator has affirmatively required the Parties to serve Mediation Briefs upon each other, the Mediator, and the Creditors' Committee.  Any such Mediation Brief shall be served and filed in accordance with the briefing schedule established by the Mediator.  No Mediation Brief shall be filed with the Court.

f.    <u>Appearance at Mediations</u>.  Pursuant to paragraph 3.2 of the Standing Order, all participants in the mediation for the applicable SPV Derivatives ADR Dispute, must appear in person with a person who has complete authority to negotiate all disputed amounts and issues such that its decisions bind that party.  The Authorized Designee of the SPV

Derivatives Counterparty must appear in person at the mediation.  Any willful failure to comply with this requirement in good faith may result in the imposition of Sanctions, as provided below.   The Creditors' Committee may attend and participate in all mediations hereunder. Counsel may also be present and participate.

g.    <u>End of Mediation</u>.  The mediation shall end upon request of a party and concurrence by the mediator.

## OTHER PROVISIONS

11.    Deadlines.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the Parties; or (ii) the Bankruptcy Court, for cause shown.

12.    Sanctions for Parties.  Each Debtor and SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package at such Debtor's election, the SPV Trustee, Noteholder, and Advisor) must participate in good faith with these SPV Derivatives ADR Procedures with regard to the SPV Derivatives ADR Disputes specified in the applicable SPV Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that a party has not complied with the SPV Derivatives ADR Procedures in good faith in connection with any SPV Derivatives ADR Dispute, such party may be subject to such Sanctions as the Court deems appropriate (the "Sanctions").  If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the SPV Derivatives ADR Procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions. In ordering Sanctions, the Court shall take into consideration, among other factors, whether for such SPV Derivatives Transaction the assets (or proceeds from the liquidation of such assets)

have been distributed, the existing assets of the SPV Derivatives Counterparty, and whether any

Noteholder is actively involved in the SPV Derivatives ADR Dispute.  Litigation with respect to

the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these

procedures upon completion of the Notice/Response Stage.  Sanctions may include, but are not

limited to:

a.    <u>Against Debtors</u>:  (i) attorneys' fees incurred with respect to the SPV
Derivatives ADR Procedures after the receipt of the SPV Derivatives
ADR Package; (ii) fees and costs of the Mediator; (iii) termination of the
SPV Derivatives ADR Procedures as to one or more SPV Derivatives
Transactions; and/or (iv) dismissing some or all claims asserted by
Debtors in the applicable SPV Derivatives ADR Dispute.

b.    <u>Against SPV Derivatives Counterparties, SPV Trustees, Noteholders, or
Advisors</u>:  (i) attorneys' fees incurred by the Debtors with respect to the
SPV Derivatives ADR Procedures after the sending of a Derivatives ADR
Package; (ii) fees and costs of the Mediator; (iii) an award in the SPV
Derivatives ADR Dispute in the amount specified in the SPV Derivatives
ADR Notice; and/or (iv) an entry of a judgment for the Debtor in the
related Action.

c.    <u>Confidentiality of Sanctions Process</u>:  Notwithstanding the confidentiality
provisions contained in paragraph 13 of this Order, a motion requesting
Sanctions made to the Court may identify the Parties to the subject SPV
Derivatives ADR Dispute and describe the conduct giving rise to the
request for Sanctions and entitling the moving party to relief, but shall not

include any description of any negotiations regarding the SPV Derivatives

ADR Dispute that are deemed confidential under the Standing Order, this

Order, or any other order of the Court.

13.    <u>Confidentiality</u>.    The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.  No oral or written

statements or arguments made or positions taken by the mediator, the applicable Debtors, SPV

Derivatives Counterparties, SPV Trustees, Noteholders, Authorized Designees, Advisors, or the

Creditors' Committee during any part of the alternative dispute resolution process, including

Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such

Parties or their attorneys and advisors to the Court or any third party; *provided, however*, that

SPV Trustees may disclose such statements, arguments and positions as may become necessary

with their respective Noteholders and advisors subject to these same confidentiality provisions,

provided that such Noteholders and their advisors agree to maintain the confidentiality of any

such information received.  Similarly, all briefs, records, reports, and other documents received

or made by the mediator while serving in such capacity shall remain confidential and not be

provided to the Court, unless they would be otherwise admissible.  In addition, the mediator shall

not be compelled to disclose such records, reports, and other documents in connection with any

hearing held by the Court; *provided*, *however*, that consistent with the Derivatives ADR Order,

the mediator or a designee shall continue on a monthly basis to report to the Court the status of

the mediation efforts but shall not disclose the content thereof, which report shall include the

number of SPV Derivatives ADR Notices served on Derivatives Counterparties (including SPV

Derivatives Counterparties), the number of settlements reached after mediation, the number of

mediations still pending, the number of mediations that have terminated without settlement, and

the cumulative dollar amount of settlements reached with Derivatives Counterparties following service of ADR Notices. Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR Procedures including Settlement Conferences and the Mediation Stage. Additionally, the economic terms, including any settlement amounts, of any particular settlement reached pursuant to the SPV Derivatives ADR Procedures shall be kept confidential, and such economic terms shall be redacted in any pleadings filed with the Court.

14.   <u>Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected</u>.  Unless affirmatively waived, participation in the SPV Derivatives ADR Procedures shall not waive or otherwise modify the right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist. All Parties' rights and defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully preserved.

15.   <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the SPV Derivatives ADR Procedures, including Mediation; *provided, however*, that (i) the Debtors shall pay the reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order, and (ii) nothing contained herein shall be deemed to vary the terms of any SPV Derivatives Transaction in respect of the reimbursement of fees and expenses.

16.   <u>Binding Effect of Settlement</u>.  In the case of all settlements approved hereunder, so long as the SPV Derivatives Counterparty provides appropriate notice (pursuant to paragraph 5(c)(iii) above) of the settlement to registered holders of the notes or certificates, those beneficial holders known to it, and the SPV Trustee, the Order approving the settlement shall be

binding upon all Noteholders and shall bar all Noteholders from taking any action against the Authorized Designee as a result of the settlement.

17. <u>Service of the Notice of the Motion</u>.  Service of notice of the Motion by e-mail or facsimile, where service by mail is not feasible, in accordance with the provisions of the Motion, is good and sufficient notice of the Motion.

**SO ORDERED:**

February ___, 2011
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit A</u>

**<u>Form of SPV Derivatives ADR Notice</u>**

SPV Derivatives ADR Notice No.: _____

<u>Debtor(s)</u>: _____          <u>SPV Derivatives Counterparty</u>: _____
                          Name(s)                                                                           Name(s)

                                                             or

                                                      <u>SPV Trustee</u>: _____
                                                                                         Name

<u>SPV Derivatives Transaction</u>: _____

_____

_____

_____

<u>Settlement Demand</u>:  $ _____

<u>Explanation of Basis for Settlement Demand</u>: _____

_____

_____

_____

_____

_____

_____

                                                      <u>Date of SPV Derivatives ADR Notice</u>: _____

                                                      <u>Date of Service</u>:                      _____

                                                      <u>Response Due Date</u>:                   _____

<u>Debtor Contact</u>:     [Name]
                          [Address]
                          Telephone Number: _____
                          Email: _____

<u>Exhibit B</u>

**<u>Form of Response to SPV Derivatives ADR Notice</u>**

<u>SPV Derivatives Counterparty</u>: _____
Name

or

<u>SPV Trustee with Authority</u>: _____
Name

<u>Response to SPV Derivatives ADR Notice No.</u>: _____

☐ Agree to Settlement Demand

☐ Denial of Settlement Demand          ☐ Counteroffer

<u>Counteroffer Amount</u>:  $_____

<u>Explanation of Basis for Counteroffer/Denial of Settlement Demand</u>: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

<u>Counterparty Contact</u>:  [Name]
Telephone Number:  _____
Email:  _____

**<u>Exhibit B</u>**

(Redline Comparing Second Revised Order to Revised Procedures attached to Debtors'
Response filed on January 11, 2011)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :        **08-13555 (JMP)**
                                              :
                            **Debtors.**      :        **(Jointly Administered)**
                                              :
                                              :
------------------------------------------------------------------x

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES

The following alternative dispute resolution procedures for disputes involving the Debtors' derivatives transactions that have an SPV (as defined in paragraph 1(a) below) counterparty (the "SPV Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its affiliated debtors, as debtors and debtors in possession in the above-captioned chapter 11 proceedings (collectively, the "Debtors"). In connection with SPV Derivatives Transactions (as defined below), these SPV Derivatives Procedures supersede in their entirety, except as specifically provided below, the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts (the "Derivatives ADR Order") [Docket No. 5207].

### FINDINGS

On motion of the Debtors (the "Motion") due and proper notice of which having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all known Derivatives Counterparties and Trustees, and (vii) all other parties entitled to notice in accordance with the procedures set forth

in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], the Court FINDS that numerous open and terminated SPV Derivatives Transactions (as defined below), including without limitation derivatives contracts that are "swap agreements" or "forward contracts," in each case, as such term is defined in section 101 of the Bankruptcy Code, exist under which the Debtors and the relevant counterparties and other parties in interest have disputes over their respective legal rights and obligations.   The Court further FINDS that certain common issues exist regarding these contracts, including, among others, questions involving appropriateness of setoff, termination, valuation, computation of termination payments, and notice.   The Court further FINDS that substantial value may be recovered for the Debtors' estates and judicial efficiency can be promoted if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation.   The Court further FINDS that similar proceedings ordered in these and other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

Consistent with General Order #M-390, adopted December 1, 2009, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order"), the procedures described below are ORDERED to promote consensual resolution with respect to the SPV Derivatives Transactions (as defined below) between one or more of the Debtors and the SPV counterparty, and to encourage effective communication, consultation, negotiation, and, when necessary, mediation among the affected parties.

1.      <u>SPV Derivatives Transactions</u>.

a.      For the purposes of this Order, "SPV" means any special purpose vehicle or special investment vehicle, including but not limited to any structure, vehicle, trust or entity that issued notes or certificates of beneficial interest pursuant to an indenture or trust agreement and that, for purposes of these SPV Derivatives ADR Procedures, have entered into one or more derivatives contracts with one or more of the Debtors (each, the "<u>SPV Derivatives Transaction</u>" and, collectively, the "<u>SPV Derivatives Transactions</u>").  The SPV Derivatives ADR Procedures shall apply to all SPV Derivatives Transactions where one or more Debtors contend they have the potential for affirmative recovery.

b.      To date, the Debtors have identified several hundred SPV Derivatives Transactions with respect to which there are potential disputes over the amounts that may be owed to one or more Debtors (whether or not an actual lawsuit or adversary proceeding has commenced), and SPV Derivatives Transactions include, but are not limited to, swap agreements and forward contracts with such SPV that has entered into one or more SPV Derivatives Transactions with one or more of the Debtors (the "<u>SPV Derivatives Counterparty</u>"); *provided*, *however*, that the term SPV Derivatives Transactions shall not include any cash-market purchase or sale of a security or loan (*i.e.*, any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction or repurchase agreement in respect of securities or loans.

c.      The Debtors have filed motions, complaints (including adversary proceedings), and other papers commencing legal process, against, among others, SPV Derivatives Counterparties regarding SPV Derivatives Transactions (collectively, the "<u>Actions</u>") and anticipate initiating legal process against other SPV Derivatives Counterparties.

Specifically, the term "Actions" includes any such motions, complaints (including adversary proceedings), and other papers commencing legal process that already have been filed and those that are subsequently filed.

2.     <u>SPV Derivatives ADR Disputes</u>.  Except to the extent expressly precluded herein, a Debtor may institute an ADR proceeding in connection with any Action that is pending before the Court, including a dispute involving such SPV already involved in alternative dispute resolution ("<u>ADR</u>") with a Debtor, by serving such SPV Derivatives Counterparty, <u>and at such Debtor's election,</u> SPV Trustee (as defined below), a Noteholder (as defined below), and/or any investment advisor, collateral manager, or other fiduciary (an "<u>Advisor</u>") with a copy of this Order and the SPV Derivatives ADR Notice (as defined below) (collectively, the "<u>SPV Derivatives ADR Package</u>"); *provided*, *however*, that a Debtor may not serve the SPV Derivatives ADR Package on such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor unless the Debtor has already commenced an Action or is already involved in ADR related to a particular SPV Derivatives Transaction.   The Debtor, the SPV Derivatives Counterparty, the SPV Trustee, and/or any Noteholder or Advisor served with the SPV Derivatives ADR Package are collectively referred to herein as the "<u>Parties</u>."

a.     Any SPV Derivatives Counterparty or trustee with respect to the SPV Derivatives Transaction (the "<u>SPV Trustee</u>") served with such SPV Derivatives ADR Package may disclose the contents of such SPV Derivatives ADR Package to any person, entity, or special investment vehicle that holds a note or beneficial interest in the SPV Derivatives Counterparty or the SPV Derivatives Transaction generally (such persons or entities collectively referred to as "<u>Noteholders</u>," and each singly as a "<u>Noteholder</u>"); *provided*, *however*, that any such Noteholder not specified as a party to the SPV Derivatives ADR Dispute must, in advance

4

of receiving such SPV Derivatives ADR Package, agree in writing to abide by the confidentiality provisions in this Order, including paragraph 13, and must agree in writing to maintain the confidentiality of any such information received.

        b.      For the purposes of the SPV Derivatives ADR Procedures, service on or notice to such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor, as the case may be, can be made by serving that Party and such Party's counsel who has appeared in these cases and/or an Action by (i) hand delivery, (ii) first class mail, (iii) overnight mail, or (iv) email upon consent.  Service made in accordance with this paragraph will be deemed adequate service.  This paragraph is not intended to limit other methods of proper service upon such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor.

        c.      Notwithstanding any stay imposed by this Court, any defendant named in an Action must file a notice of appearance within thirty (30) calendar days of service of the SPV Derivatives ADR Package, within which time such defendant shall not file a responsive pleading.  Pursuant to Federal Rule of Civil Procedure 41 and Federal Rule of Bankruptcy Procedure 7041, a Debtor has the right to dismiss an Action against such SPV Derivatives Counterparty, SPV Trustee, Noteholder and/or Advisor without prejudice before a responsive pleading therein is filed.  Failure to file a notice of appearance within 30 calendar days of service of the SPV Derivatives ADR Package may result in this Court's entry of Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice or an order for a default judgment against the defaulting party; provided, however, that a defendant may alternatively file an appearance with reservation of the right to raise the defense of lack of personal jurisdiction within 30 calendar days of service of the SPV Derivatives ADR Package, consistent with paragraph 5(de) below.

d.       The first filing of a notice of appearance, or an appearance with reservation of the right to raise the defense of lack of personal jurisdiction, in an Action shall immediately and automatically stay such Action pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation.  In the case of an Action that was previously stayed, and where such stay was modified for the limited purpose of complying with this Order, such stay will continue in full force and effect upon the first filing of a notice of appearance or limited appearance.

3.       Stay of Actions.  A Debtor may serve the SPV Derivatives ADR Package regardless of whether an Action has been previously stayed by the Court, and any prior stay shall be deemed automatically lifted upon the service on the SPV Derivatives Counterparty of the SPV Derivatives ADR Package solely for the limited purpose of the relevant defendant making an appearance in compliance with paragraph 2 of this Order.  Moreover, nothing contained herein shall be construed as lifting any stay with respect to the Actions other than for the limited purpose of complying with this Order.  Upon service of the SPV Derivatives ADR Package, the corresponding Action (as defined herein), to the extent not previously stayed, will be immediately stayed such that (i) all applicable deadlines (other than those related to completion of service of process) will be indefinitely suspended, (ii) all discovery and pre-trial conferences will not be required or conducted, and (iii) all motion practice and contested hearings or trials will be prohibited; provided, however, that during such stay, the Debtors may (a) amend the Action complaint, (b) employ the SPV Derivatives ADR Procedures or other procedures to attempt to consensually resolve disputed matters, (c) enter into settlements of the Action, (d) complete service of the Action complaint, (e) seek discovery for the limited purpose of assisting

6

the Debtors in completing service of the Action complaint, and (f) dismiss an Action in accordance with Bankruptcy Rule 7041.

4.     Settlement of Disputes During the SPV Derivatives ADR Procedures. Nothing contained herein shall prevent the Parties from settling, and the Parties are encouraged to settle, the SPV Derivatives ADR Dispute at any time before, during, or following the designation of the SPV Derivatives ADR Dispute to the SPV Derivatives ADR Procedures by the mutual consent of the Parties; provided, that all SPV Derivatives ADR Disputes settled pursuant to this Order, including terminated, active, and matured SPV Derivatives Transactions and regardless of whether such settlement is reached with a Derivatives Counterparty, SPV Trustee, Noteholder and/or Advisor, shall be settled pursuant to the terms set forth in (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket No. 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667]; (iii) other orders in these bankruptcy cases permitting such settlement; (iv) in the case of settlements which have not been consented to by the applicable majority of Noteholders and upon the written request of any Party, by means of a Bankruptcy Rule 9019 Motion with notice to all Noteholders of the hearing date and objection deadline, provided that the economic terms of the resolution shall be redacted in any such motion and related order and an unredacted copy disclosing the economic terms of the resolution may only be provided to a Noteholder not previously served with the SPV Derivatives ADR Package after such Noteholder agrees in writing to maintain the confidentiality of any such information received and to abide by the confidentiality provisions in this Order; or (v) as otherwise permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

5.    <u>Participation Mandatory</u>.

a.    Unless otherwise provided in a specific order applicable to a particular SPV Derivatives ADR Dispute, after service of the SPV Derivatives ADR Package, compliance with the SPV Derivatives ADR Procedures in this Order is mandatory.  Although no party is required to settle or compromise the SPV Derivatives ADR Dispute, each Debtor serving the SPV Derivatives ADR Package and each SPV Derivatives Counterparty, the SPV Trustee <u>with Authority (as defined below)</u>, and any Noteholder and/or Advisor on whom a Debtor elects to serve such SPV Derivatives ADR Package, must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the SPV Derivatives ADR Procedures specified below for all SPV Derivatives ADR Disputes covered by such SPV Derivatives ADR Package.

b.    <u>With respect to any SPV Derivatives ADR Package served on the SPV Trustee, within the period provided in paragraph 8(b) for service of a response thereto by the SPV Trustee, Debtors and such SPV Trustee shall review the governing documents to determine whether the SPV Trustee has authority to participate and to settle the SPV Derivatives ADR Dispute covered by the SPV Derivatives ADR Notice on behalf of the Noteholders ("Authority").</u>

i.    <u>If the SPV Trustee has Authority, it shall participate in the SPV Derivatives ADR Procedures on behalf of the Noteholders to the extent authorized by such documents.</u>

ii.    <u>If the SPV Trustee lacks Authority via the governing documents, it shall contact the Noteholders for which it acts as SPV Trustee</u>

through the clearing systems or when possible by a direct written communication that: (v) advises such Noteholders about the Debtors' claims; (w) transmits to them the applicable SPV Derivatives ADR Notice; (x) invites them to participate in the SPV Derivatives ADR Procedures as an alternative to litigation; (y) encourages them to communicate directly with the Debtors; and (z) offers to take the Noteholders' direction in accordance with the governing documents to participate in the SPV Derivatives ADR Procedures on behalf of such directing Noteholders.

iii.    In taking the steps outlined in this paragraph 5(b), SPV Trustees shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

iv.    Nothing contained in this paragraph 5(b) with respect to SPV Trustees shall relieve or be construed to relieve any SPV Derivatives Counterparty from compliance with this Order.

c.    The SPV Derivatives Counterparty shall, on or before sixty (60) calendar days of service of the SPV Derivatives ADR Package or, in the case of a pending ADR under the Derivatives ADR Order on or before sixty (60) calendar days of notice by the Debtor of an intent to proceed under this Order, identify and designate by written notice (the "Settlement Participation Designation") as provided below to the other Parties to the SPV Derivatives ADR Dispute, a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the "Authorized Designee").  The SPV Derivatives Counterparty may change the Authorized Designee from time to time during the

course of the SPV Derivatives ADR Dispute so long as there remains at all times during the dispute an Authorized Designee.

    i.  The Settlement Participation Designation shall include the name and contact information of the person or entity with settlement authority, state that such person or entity has agreed to participate in the SPV Derivatives ADR Procedures, and state the relationship between the SPV Derivatives Counterparty and such person or entity with settlement authority.  Notwithstanding any other provisions regarding Sanctions contained in this Order, if the Debtor does not receive a Settlement Participation Designation from the SPV Derivatives Counterparty within sixty (60) calendar days of the service of the SPV Derivatives ADR Package, or notice of an intent to proceed under this Order in the case of a pending ADR, the Court may, upon motion of the Debtor, impose Sanctions (as defined below) on the SPV Derivatives Counterparty, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice.

    ii.  The SPV Derivatives Counterparty shall send notice of the SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized Designee with settlement authority, and the related Action, to all Noteholders in accordance with both the requirements of paragraph 5(bc)(iii) below.

    iii.  In addition to any method of notice permitted by the relevant Indenture, including but not limited to service through the Depository Trust Company, notice of any SPV Derivatives ADR Dispute and the related Action given in accordance with the methods set forth below in subsections (a)-(b) to the Noteholders, parties to the Master Agreement, the Indenture, and/or the Trust Agreement, and any other persons entitled to such notice in the Bankruptcy Case, constitutes sufficient notice to such persons:

(a)     sending the papers commencing the relevant Action and the SPV Derivatives ADR Package (collectively, the "SPV Adversary Package") to each such person; provided, that in the case of the Noteholders, the SPV Adversary Package shall be sent:

(i)     directly to the original Noteholders (as of the issuance date thereof), as and to the extent listed in the records of the Debtors; and

(ii)    directly to any known current Noteholders; and

(b)     publication of the fact that there exists an ADR proceeding related to this SPV Derivatives Transaction in the Wall Street Journal and the Financial Times for three successive business days.

iv.     Within ten (10) business days of receiving written request by a Debtor, the SPV Derivatives Counterparty, and if served with the SPV Derivatives ADR Package, the SPV Trustee, shall provide information to such Debtor sufficient to identify and contact such Noteholders directly if known, and if such information is unknown to the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and SPV Trustee shall provide information sufficient to identify the clearing systems through which such Noteholders are communicated.

v.      If a Debtor has not timely received a Settlement Participation Designation, a Debtor may at its sole discretion continue its attempts at mediation, terminate the SPV Derivatives ADR Dispute and resume the Action, or stay or terminate the SPV Derivatives ADR Dispute and move for Sanctions, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice. No actions authorized by this paragraph 5(bc)(v) shall be construed as automatically eliminating or modifying the stay of the Action without such Debtor's consent.

vi.    In taking the steps outlined in this paragraph 5, all Parties to the SPV Derivatives ADR Dispute shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

~~c~~d.    Nothing contained in this paragraph 5 shall relieve or be construed to relieve any party to the SPV Derivatives ADR Dispute from compliance with this Order.

~~d~~e.    No rights, remedies, claims or defenses of any SPV Derivatives Counterparty, SPV Trustee, Noteholder, Advisor, or Debtor, acting in good faith compliance with the SPV Derivatives ADR Procedures, shall be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these SPV Derivatives ADR Procedures.    Participation in the SPV Derivatives ADR Procedures by the SPV Derivatives Counterparty, Authorized Designee, SPV Trustee, Noteholder, or Advisor shall not waive the defense of lack of in personam jurisdiction, if any, which defense shall be preserved.

6.    Nothing contained herein shall prevent the SPV Derivatives Counterparty from asserting in any respect to the SPV Derivatives ADR Notice and elsewhere during the course of such SPV Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a SPV Derivatives Transaction or any other valid defense to a Debtor's demand thereunder.

7.    Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Derivatives Counterparties.    If the SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor previously has commenced any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of the SPV Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated December

12

18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim, and

to defend or take action in any such other court or proceeding to protect the estate of Debtors,

and/or take action in respect of any violation of the automatic stay imposed by section 362 of the

Bankruptcy Code, despite the incomplete status of the steps prescribed under the SPV

Derivatives ADR Procedures.

### NOTICE/RESPONSE STAGE

8.      <u>Notice/Response</u>.      The initial stage of the SPV Derivatives ADR

Procedures will be a notice/response stage, providing the Parties with an opportunity to exchange

settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve the

SPV Derivatives ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").   The

Notice/Response Stage shall include:

> a.      <u>SPV Derivatives ADR Notice</u>.   A Debtor shall serve upon the SPV
>
> Derivatives Counterparty and, at such Debtor's election, the SPV Trustee
>
> and/or Noteholder and/or Advisor (and any attorneys who have appeared
>
> in these cases or an Action) a notice containing sufficient information
>
> regarding the SPV Derivatives ADR Dispute including the nature of the
>
> Debtor's claim, a brief explanation setting forth the basis for the demand
>
> and the amount of its demand for settlement (which demand shall have
>
> been determined with the benefit of consultation between Debtors and the
>
> Official Unsecured Creditors' Committee (the "<u>Creditors' Committee</u>")),
>
> including an amount of monetary recovery Debtor(s) would accept in full
>
> settlement and compromise (the "<u>SPV Derivatives ADR Notice</u>").   Service
>
> of a completed SPV Derivatives ADR Notice in the form annexed to this

Order as Exhibit "A" shall presumptively be deemed to comply with this Order.  Within 30 calendar days of entry of this Order, a Debtor participating in a pending ADR involving such SPV must elect in writing either to opt out of this Order and continue under the Derivatives ADR Order or to proceed under this Order.  If the Debtor elects to proceed under this Order, the Debtor shall provide written notice of its election to all Parties to the pending ADR and simultaneously serve an SPV Derivatives ADR Package on the SPV Derivatives Counterparty and, at such Debtor's election, the related SPV Trustee and/or one or more Noteholders.  All deadlines otherwise set forth in this Order will run from the date the Debtor delivers the SPV Derivatives ADR Package.

b.  <u>SPV Derivatives Counterparty's Response to Notice</u>.  The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package at such Debtor's election, the SPV Trustee with Authority, and/or Noteholder, and/or Advisor, as the case may be) must respond to the SPV Derivatives ADR Notice in writing within 75 calendar days from the date of the receipt of the SPV Derivatives ADR Notice, or in the case of a pending ADR receipt of the Debtor's election to proceed under this Order.  The response options available are as follows (the "<u>Responses</u>"):

i.  <u>Agreeing to Settle the Demand</u>.  If the SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority and/or Noteholder and/or Advisor) agrees to settle the demand in the SPV Derivatives

ADR Notice, it shall state in writing that the offer of settlement in the SPV Derivatives ADR Notice is accepted.  The Parties will then execute a settlement and general release (including a confidentiality provision) and the Debtor shall dismiss the corresponding Action with prejudice upon execution of the release; or

ii.    <u>Denying the Demand</u>.   The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee <u>or with Authority</u> and/or Noteholder and/or Advisor) may decline to settle for the amount stated in the demand in the SPV Derivatives ADR Notice, in which case such party must include a brief explanation in the Response to the SPV Derivatives ADR Notice setting forth the reason(s) for such denial.   In addition, such party may provide a counteroffer to the demand in the SPV Derivatives ADR Notice.   Service of a completed Response to the SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "B" shall presumptively be deemed to comply with this Order.

c.    <u>Failure to Respond</u>.   Failure to provide a timely Response to the SPV Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court (with notice to any applicable SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor that was provided by the Debtor with the SPV

Derivatives ADR Package) for Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice, or immediate entry into the mediation stage.

d.    <u>Reply to Response</u>.  The Debtor shall have twenty (20) calendar days from the date of the receipt of the Response to serve a Reply to the Response to the SPV Derivatives ADR Notice (which Reply shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor shall (i) modify its demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demand in the SPV Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the SPV Derivatives ADR Dispute will automatically proceed to the Initial Settlement Conference or Mediation Stage.

9.    <u>Request for Initial Settlement Conference</u>.   At any time prior to the Mediation Stage but after the date upon which a Reply is due from the Debtor, ~~any Party to~~<u>either the Debtors or the SPV Derivatives Counterparty (or, where also served with</u> the SPV Derivatives ADR ~~Dispute~~<u>Package, the SPV Trustee with Authority, and/or Noteholder and/or Advisor)</u> may request an initial telephonic settlement conference by written request, to be held within ten (10) calendar days.  Within four (4) business days of a receipt of such a request, the other Parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the Parties

shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement, and during the initial settlement conference a person with authority to negotiate and settle (including in the case of the SPV Derivatives Counterparty, the Authorized Designee) must participate on behalf of each party.  No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, and the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if all Parties agree in writing.

### MEDIATION STAGE

10.    Mediation.  SPV Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "Mediation Stage").  The Debtors shall transmit on a rolling basis to the mediators appointed pursuant to paragraph 10(a) hereof sets of SPV Derivatives ADR Notices and any applicable Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to paragraph 10(b)(i) hereof.

> a.    Choice of Mediator.  James Freund, David Geronemus, Ralph Mabey, and Jacob Esher are APPOINTED as the mediators for SPV Derivatives ADR Disputes reaching the Mediation Stage.  If any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to the Debtors, the Creditors' Committee, the

Authorized Designee, and if served with the SPV ADR Derivatives Package, the SPV Trustee, Noteholders, and Advisor.

b.   <u>Powers of Mediator</u>.   The mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate mediations involving the same SPV Derivatives Transaction upon application by such SPV Derivatives Counterparty and consultation with the Debtors.

c.   <u>Mediator Contact</u>.   Once a specific mediator has been selected and notice of such selection has been conveyed to the Parties, the mediator or its designee shall contact the Parties to schedule the initial mediation date.

d.   <u>Mediation Sites</u>.   All mediation proceedings will take place in New York, New York, unless agreed to by the Parties and the mediator.

e.   <u>Mediation Briefs</u>.   Any party to a Mediation may submit a Mediation Brief, with service upon the other Parties to the Mediation and upon the Creditors' Committee unless the Mediator has affirmatively required the Parties to serve Mediation Briefs upon each other, the Mediator, and the Creditors' Committee.   Any such Mediation Brief shall be served and filed in accordance with the briefing schedule established by the Mediator.   No Mediation Brief shall be filed with the Court.

f.   <u>Appearance at Mediations</u>.   Pursuant to paragraph 3.2 of the Standing Order, all participants in the mediation for the applicable SPV Derivatives ADR Dispute, must appear in person with a person who has complete

authority to negotiate all disputed amounts and issues such that its decisions bind that party. The Authorized Designee of the SPV Derivatives Counterparty must appear in person at the mediation. Any willful failure to comply with this requirement in good faith may result in the imposition of Sanctions, as provided below. The Creditors' Committee may attend and participate in all mediations hereunder. Counsel may also be present and participate.

g. <u>End of Mediation</u>. The mediation shall end upon request of a party and concurrence by the mediator.

## **<u>OTHER PROVISIONS</u>**

11. <u>Deadlines</u>. Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (i) the mutual consent of the Parties; or (ii) the Bankruptcy Court, for cause shown.

12. <u>Sanctions for Parties</u>. Each Debtor and SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package at such Debtor's election, the SPV Trustee, Noteholder, and Advisor) must participate in good faith with these SPV Derivatives ADR Procedures with regard to the SPV Derivatives ADR Disputes specified in the applicable SPV Derivatives ADR Notice. If, after notice and a hearing, the Court determines that a party has not complied with the SPV Derivatives ADR Procedures in good faith in connection with any SPV Derivatives ADR Dispute, such party may be subject to such Sanctions as the Court deems appropriate (the "<u>Sanctions</u>"). If a mediator reports to the Court that any party subject to this Order is not cooperating in good faith with the SPV Derivatives ADR Procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions.

In ordering Sanctions, the Court shall take into consideration, among other factors, whether for such SPV Derivatives Transaction the assets (or proceeds from the liquidation of such assets) have been distributed, the existing assets of the SPV Derivatives Counterparty, and whether any Noteholder is actively involved in the SPV Derivatives ADR Dispute.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions may include, but are not limited to:

a.   <u>Against Debtors</u>:  (i) attorneys' fees incurred with respect to the SPV Derivatives ADR Procedures after the receipt of the SPV Derivatives ADR Package; (ii) fees and costs of the Mediator; (iii) termination of the SPV Derivatives ADR Procedures as to one or more SPV Derivatives Transactions; and/or (iv) dismissing some or all claims asserted by Debtors in the applicable SPV Derivatives ADR Dispute.

b.   <u>Against SPV Derivatives Counterparties, SPV Trustees, Noteholders, or Advisors</u>:  (i) attorneys' fees incurred by the Debtors with respect to the SPV Derivatives ADR Procedures after the sending of a Derivatives ADR Package; (ii) fees and costs of the Mediator; (iii) an award in the SPV Derivatives ADR Dispute in the amount specified in the SPV Derivatives ADR Notice; and/or (iv) an entry of a judgment for the Debtor in the related Action.

c.   <u>Confidentiality of Sanctions Process</u>:  Notwithstanding the confidentiality provisions contained in paragraph ~~12~~13 of this Order, a motion requesting Sanctions made to the Court may identify the Parties to the subject SPV

Derivatives ADR Dispute and describe the conduct giving rise to the

request for Sanctions and entitling the moving party to relief, but shall not

include any description of any negotiations regarding the SPV Derivatives

ADR Dispute that are deemed confidential under the Standing Order, this

Order, or any other order of the Court.

13.    <u>Confidentiality</u>.    The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.    No oral or written

statements or arguments made or positions taken by the mediator, the applicable Debtors, SPV

Derivatives Counterparties, SPV Trustees, Noteholders, Authorized Designees, Advisors, or the

Creditors' Committee during any part of the alternative dispute resolution process, including

Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such

Parties or their attorneys and advisors to the Court or any third party; *provided, however*, that

SPV Trustees may disclose such statements, arguments and positions as may become necessary

with their respective Noteholders and advisors subject to these same confidentiality provisions,

provided that such Noteholders and their advisors agree to maintain the confidentiality of any

such information received.  Similarly, all briefs, records, reports, and other documents received

or made by the mediator while serving in such capacity shall remain confidential and not be

provided to the Court, unless they would be otherwise admissible.  In addition, the mediator shall

not be compelled to disclose such records, reports, and other documents in connection with any

hearing held by the Court; *provided*, *however*, that consistent with the Derivatives ADR Order,

the mediator or a designee shall continue on a monthly basis to report to the Court the status of

the mediation efforts but shall not disclose the content thereof, which report shall include the

number of SPV Derivatives ADR Notices served on Derivatives Counterparties (including SPV

Derivatives Counterparties), the number of settlements reached after mediation, the number of mediations still pending, the number of mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached with Derivatives Counterparties following service of ADR Notices. Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR Procedures including Settlement Conferences and the Mediation Stage. Additionally, the economic terms, including any settlement amounts, of any particular settlement reached pursuant to the SPV Derivatives ADR Procedures shall be kept confidential, and such economic terms shall be redacted in any pleadings filed with the Court.

14.    <u>Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected</u>. Unless affirmatively waived, participation in the SPV Derivatives ADR Procedures shall not waive or otherwise modify the right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist. All Parties' rights and defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully preserved.

15.    <u>Fees</u>. Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the SPV Derivatives ADR Procedures, including Mediation; *provided, however*, that (i) the Debtors shall pay the reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order, and (ii) nothing contained herein shall be deemed to vary the terms of any SPV Derivatives Transaction in respect of the reimbursement of fees and expenses.

16.    <u>Binding Effect of Settlement</u>. In the case of all settlements approved hereunder, so long as the SPV Derivatives Counterparty provides appropriate notice (pursuant to paragraph 5(~~b~~c)(iii) above) of the settlement to registered holders of the notes or certificates,

those beneficial holders known to it, and the SPV Trustee, the Order approving the settlement

shall be binding upon all Noteholders and shall bar all Noteholders from taking any action

against the Authorized Designee as a result of the settlement.

       17.    <u>Service of the Notice of the Motion</u>.  Service of notice of the Motion by e-

mail or facsimile, where service by mail is not feasible, in accordance with the provisions of the

Motion, is good and sufficient notice of the Motion.

**SO ORDERED:**

~~January~~February ___, 2011
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

<u>Exhibit A</u>

**<u>Form of SPV Derivatives ADR Notice</u>**

SPV Derivatives ADR Notice No.: _____

<u>Debtor(s):</u> _____          <u>SPV Derivatives Counterparty:</u> _____
                    Name(s)                                                          Name(s)

                                                    or

                                    <u>SPV Trustee:</u> _____
                                                                    Name

<u>SPV Derivatives Transaction:</u> _____

_____

_____

_____

<u>Settlement Demand:</u> <u>$ _____</u>

<u>Explanation of Basis for Settlement Demand:</u> _____

_____

_____

_____

_____

_____

_____

_____

                                    <u>Date of SPV Derivatives ADR Notice:</u> _____

                                    <u>Date of Service:</u>                _____

                                    <u>Response Due Date:</u>           _____

<u>Debtor Contact:</u>    [Name]
                         [Address]
                         Telephone Number: _____
                         Email: _____

<u>Exhibit B</u>

**<u>Form of Response to SPV Derivatives ADR Notice</u>**

<u>SPV Derivatives Counterparty</u>: _____
                                          Name

    or

<u>SPV Trustee with Authority</u>: _____
                                     Name

<u>Response to SPV Derivatives ADR Notice No.</u>: _____

☐ Agree to Settlement Demand

☐ Denial of Settlement Demand                ☐ Counteroffer

                                             <u>Counteroffer Amount</u>:  $_____

<u>Explanation of Basis for Counteroffer/Denial of Settlement Demand</u>: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

<u>Counterparty Contact</u>:  [Name]
                          Telephone Number:  _____
                          Email:  _____

**Exhibit C**

(Redline Comparing Second Revised Order to Derivatives ADR Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                        :
In re                                   :        **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                        :
                 **Debtors.**           :        **(Jointly Administered)**
                                        :
                                        :
---------------------------------------------------------------------x

### ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES ~~CONTRACTS~~TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES

The following alternative dispute resolution procedures ~~(the "~~for disputes involving the Debtors' derivatives transactions that have an SPV (as defined in paragraph 1(a) below) counterparty (the "SPV Derivatives ADR Procedures") are ORDERED to apply in the chapter 11 cases of Lehman Brothers Holdings, Inc. and certain of its ~~direct and indirect subsidiaries~~affiliated debtors, as debtors and debtors in possession in ~~various~~the above-captioned chapter 11 proceedings ~~consolidated for procedural purposes only (collectively, "the Debtors")~~(collectively, the "Debtors").  In connection with SPV Derivatives Transactions (as defined below), these SPV Derivatives Procedures supersede in their entirety, except as specifically provided below, the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts (the "Derivatives ADR Order") [Docket No. 5207].

### FINDINGS

~~On motion of Debtors~~On motion of the Debtors (the "Motion"), due and proper notice of which having been provided to (i) the U.S. Trustee; (ii) the attorneys for

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all known Derivatives Counterparties and Trustees, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], the Court FINDS that numerous open and terminated SPV Derivatives Transactions (as defined below), including without limitation derivatives contracts, including any derivative contract that is a are "swap agreement agreements" or "forward contract", contracts," in each case, as such term is defined in section 101 of the Bankruptcy Code, exist as to which one or more Debtors assert that monetary recovery is due to a Debtor from a counterparty, its affiliates, or related parties (the "Derivatives Contracts with Recovery Potential") under which the Debtors and the relevant counterparties and other parties in interest have disputes over their respective legal rights and obligations.  The Court further FINDS that certain common issues exist regarding these contracts, including, among others, questions involving appropriateness of setoff, termination, valuation and, computation of termination payments, and notice.  The Court further FINDS that substantial value may be recovered for the Debtors' estates of Debtors, and judicial efficiency can be promoted, if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation.  The Court further FINDS that similar proceedings ordered in these and other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

The procedures described below are ORDERED to promote consensual recovery with respect to the Derivatives Contracts with Recovery Potential, and to encourage effective

~~communication between the affected parties,~~ consultation, negotiation, and, when necessary, ~~mediation procedures.~~

~~1. Standing Mediation Order.~~ ~~All provisions of the~~ Consistent with General Order #M-~~143,~~390, adopted ~~January 17, 1995,~~ December 1, 2009, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order") ~~shall apply to the mediations to be conducted under this Order,~~ the procedures described below are ORDERED to promote consensual resolution with respect to the SPV Derivatives Transactions (as defined below) between one or more of the Debtors and the SPV counterparty, and to encourage effective communication, consultation, negotiation, and, when necessary, mediation among the affected parties.

1.    SPV Derivatives Transactions.

a.    For the purposes of this Order, "SPV" means any special purpose vehicle or special investment vehicle, including but not limited to any structure, vehicle, trust or entity that issued notes or certificates of beneficial interest pursuant to an indenture or trust agreement and that, for purposes of these SPV Derivatives ADR Procedures, have entered into one or more derivatives contracts with one or more of the Debtors (each, the "SPV Derivatives Transaction" and, collectively, the "SPV Derivatives Transactions"). The SPV Derivatives ADR Procedures shall apply to all SPV Derivatives Transactions where one or more Debtors contend they have the potential for affirmative recovery.

~~2. Derivatives ADR Counterparties.~~ b. To date, the Debtors have identified ~~approximately two hundred fifty (250) counterparties (which number will surely increase) to~~

3

~~Derivatives Contracts with Recovery Potential with whom there is reasonable cause for Debtors to believe that disagreement exists~~several hundred SPV Derivatives Transactions with respect to which there are potential disputes over the amounts that may be owed to one or more Debtors ~~under such contracts~~ (whether or not an actual lawsuit or adversary proceeding has ~~been commenced), whether from a counterparty to a Derivatives Contract with a Recovery Potential, an affiliate of such counterparty or a person or entity who exercised or failed to exercise duties in relation to such a contract (collectively,~~ commenced), and SPV Derivatives Transactions include, but are not limited to, swap agreements and forward contracts with such SPV that has entered into one or more SPV Derivatives Transactions with one or more of the Debtors (the "SPV Derivatives ~~Counterparties~~Counterparty"); *provided*, *however*, that the term SPV Derivatives ~~Contract with Recovery Potential~~Transactions shall not include any cash-market purchase or sale of a security or loan (*i.e.*, any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction or repurchase agreement in respect of securities or loans.

~~3.~~

c.    The Debtors have filed motions, complaints (including adversary proceedings), and other papers commencing legal process, against, among others, SPV Derivatives Counterparties regarding SPV Derivatives Transactions (collectively, the "Actions") and anticipate initiating legal process against other SPV Derivatives Counterparties. Specifically, the term "Actions" includes any such motions, complaints (including adversary proceedings), and other papers commencing legal process that already have been filed and those that are subsequently filed.

2.    SPV Derivatives ADR Disputes. ~~Any Debtor may designate any dispute regarding a Derivatives Contract with Recovery Potential to the Derivatives ADR Procedures by serving on a Derivatives Counterparty~~ Except to the extent expressly precluded herein, a Debtor may institute an ADR proceeding in connection with any Action that is pending before the Court, including a dispute involving such SPV already involved in alternative dispute resolution ("ADR") with a Debtor, by serving such SPV Derivatives Counterparty, and at such Debtor's election, SPV Trustee (as defined below), a Noteholder (as defined below), and/or any investment advisor, collateral manager, or other fiduciary (an "Advisor") with a copy of this Order and ~~a~~the SPV Derivatives ADR Notice (as defined below) (collectively, the "~~Derivatives ADR Package").~~

~~a.  Debtors shall not implement Derivatives ADR Procedures with respect to a Derivatives Contract with Recovery Potential that (i) has not been purportedly terminated and (ii) with respect to which a Derivatives Counterparty has not failed to make a payment, or perform any other obligation, due, if any, to the Debtor(s) (without regard to any provision in a Derivatives Contract with Recovery Potential that purports to permit a Derivatives Counterparty to withhold performance by reason of a default by a Debtor or its affiliates).~~

~~b. Debtors~~ shall make commercially reasonable efforts to ~~minimize the frequency of service of Derivatives ADR Notices on any one Derivatives Counterparty.~~

~~c. Any trustee, indenture trustee or party acting in a fiduciary capacity in connection with a trust or other financing arrangement that relates to the applicable Derivatives Contract with any of the Debtors (such persons or entities collectively referred to as "Indenture Trustees," and each singly as an "Indenture Trustee") shall be subject to this Order.~~SPV Derivatives ADR Package"); *provided, however,* that a Debtor may not serve the SPV

5

Derivatives ADR Package on such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor unless the Debtor has already commenced an Action or is already involved in ADR related to a particular SPV Derivatives Transaction.  The Debtor, the SPV Derivatives Counterparty, the SPV Trustee, and/or any Noteholder or Advisor served with the SPV Derivatives ADR Package are collectively referred to herein as the "Parties."

a.    Any SPV Derivatives Counterparty or trustee with respect to the SPV Derivatives Transaction (the "SPV Trustee") served with such SPV Derivatives ADR Package may disclose the contents of such SPV Derivatives ADR Package to any person, entity, or special investment vehicle that holds a note or beneficial interest in the SPV Derivatives Counterparty or the SPV Derivatives Transaction generally (such persons or entities collectively referred to as "Noteholders," and each singly as a "Noteholder"); *provided, however*, that any such Noteholder not specified as a party to the SPV Derivatives ADR Dispute must, in advance of receiving such SPV Derivatives ADR Package, agree in writing to abide by the confidentiality provisions in this Order, including paragraph 13, and must agree in writing to maintain the confidentiality of any such information received.

d̶b.    For t̶he̶ purposes of the SPV Derivatives ADR Procedures, service on or notice to a̶such SPV Derivatives Counterparty ̶or̶ ̶Indenture̶ ̶Trustee,̶ ̶as̶ ̶the̶ ̶case̶ ̶may̶ ̶be,̶ ̶shall̶ ̶be̶ ̶deemed̶ ̶adequate̶ ̶if̶ ̶such̶ ̶service̶ ̶or̶ ̶notice̶ ̶is̶ ̶provided̶ ̶to̶ ̶such̶ ̶Derivatives̶ ̶Counterparty,̶ ̶such̶ ̶Indenture̶ ̶Trustee,̶ ̶a̶ ̶legal̶ ̶guardian,̶ ̶estate̶ ̶representative,̶ ̶or̶ ̶other̶ ̶representative̶ ̶and̶ ̶such̶ ̶party's̶ ̶counsel̶ ̶who̶ ̶have̶, SPV Trustee, Noteholder, or Advisor, as the case may be, can be made by serving that Party and such Party's counsel who has appeared in these cases and/or an Action by (i)̶ ̶email̶ ̶and̶ ̶(ii)̶ ̶at̶ ̶the̶ ̶option̶ ̶of̶ ̶the̶ ̶Debtors̶ ̶either̶ ̶(x̶) hand delivery, o̶r̶ ̶(y̶(ii) first class mail, o̶r̶ ̶(z̶iii) overnight mail̶.̶, or (iv) email upon consent.  Service made in accordance

with this paragraph will be deemed adequate service. This paragraph is not intended to limit other methods of proper service upon such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor.

           c.     Notwithstanding any stay imposed by this Court, any defendant named in an Action must file a notice of appearance within thirty (30) calendar days of service of the SPV Derivatives ADR Package, within which time such defendant shall not file a responsive pleading. Pursuant to Federal Rule of Civil Procedure 41 and Federal Rule of Bankruptcy Procedure 7041, a Debtor has the right to dismiss an Action against such SPV Derivatives Counterparty, SPV Trustee, Noteholder and/or Advisor without prejudice before a responsive pleading therein is filed. Failure to file a notice of appearance within 30 calendar days of service of the SPV Derivatives ADR Package may result in this Court's entry of Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice or an order for a default judgment against the defaulting party; provided, however, that a defendant may alternatively file an appearance with reservation of the right to raise the defense of lack of personal jurisdiction within 30 calendar days of service of the SPV Derivatives ADR Package, consistent with paragraph 5(e) below.

           d.     The first filing of a notice of appearance, or an appearance with reservation of the right to raise the defense of lack of personal jurisdiction, in an Action shall immediately and automatically stay such Action pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation. In the case of an Action that was previously stayed, and where such stay was modified for the limited purpose of complying with this Order, such stay will continue in full force and effect upon the first filing of a notice of appearance or limited appearance.

3.      Stay of Actions.  A Debtor may serve the SPV Derivatives ADR Package regardless of whether an Action has been previously stayed by the Court, and any prior stay shall be deemed automatically lifted upon the service on the SPV Derivatives Counterparty of the SPV Derivatives ADR Package solely for the limited purpose of the relevant defendant making an appearance in compliance with paragraph 2 of this Order.  Moreover, nothing contained herein shall be construed as lifting any stay with respect to the Actions other than for the limited purpose of complying with this Order.  Upon service of the SPV Derivatives ADR Package, the corresponding Action (as defined herein), to the extent not previously stayed, will be immediately stayed such that (i) all applicable deadlines (other than those related to completion of service of process) will be indefinitely suspended, (ii) all discovery and pre-trial conferences will not be required or conducted, and (iii) all motion practice and contested hearings or trials will be prohibited; *provided, however*, that during such stay, the Debtors may (a) amend the Action complaint, (b) employ the SPV Derivatives ADR Procedures or other procedures to attempt to consensually resolve disputed matters, (c) enter into settlements of the Action, (d) complete service of the Action complaint, (e) seek discovery for the limited purpose of assisting the Debtors in completing service of the Action complaint, and (f) dismiss an Action in accordance with Bankruptcy Rule 7041.

4.      Settlement of Disputes During the SPV Derivatives ADR Procedures.  Nothing contained herein shall prevent the ~~parties~~Parties from settling, and the ~~parties~~Parties are encouraged to settle, ~~a~~the SPV Derivatives ADR Dispute at any time before, during, or following the designation of ~~a~~the SPV Derivatives ADR Dispute to the SPV Derivatives ADR Procedures by the mutual consent of the ~~parties, provided that such settlement~~a.   ~~complies with~~Parties; provided, that all SPV Derivatives ADR Disputes settled

8

pursuant to this Order, including terminated, active, and matured SPV Derivatives Transactions and regardless of whether such settlement is reached with a Derivatives Counterparty, SPV Trustee, Noteholder and/or Advisor, shall be settled pursuant to the terms set forth in (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket No. 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667], or; (iii) other orders in these bankruptcy cases permitting such settlement, or; (iv) in the case of settlements which have not been consented to by the applicable majority of Noteholders and upon the written request of any Party, by means of a Bankruptcy Rule 9019 Motion with notice to all Noteholders of the hearing date and objection deadline, provided that the economic terms of the resolution shall be redacted in any such motion and related order and an unredacted copy disclosing the economic terms of the resolution may only be provided to a Noteholder not previously served with the SPV Derivatives ADR Package after such Noteholder agrees in writing to maintain the confidentiality of any such information received and to abide by the confidentiality provisions in this Order; or (v) as otherwise permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

b.        is approved by specific order of the Court.

Any settlement discussions between any of the parties and the Official Unsecured Creditors' Committee (the "Creditors' Committee"), the contents of any papers submitted during the mediation stage described below, and all discussions in mediation shall remain confidential and privileged and shall not be discoverable or admissible as evidence in any subsequent litigation of the Derivatives ADR Dispute or elsewhere, except as provided by further order of this Court.

5.    Participation Mandatory.

       a.     Unless otherwise provided in a specific order applicable to a particular SPV Derivatives ADR Dispute ~~or a particular Derivatives Counterparty or Indenture Trustee with Authority (as defined below)~~, after service of ~~a~~the SPV Derivatives ADR Package ~~on a Derivatives Counterparty or Indenture Trustee with Authority (i)~~, compliance with the SPV Derivatives ADR Procedures in this Order is mandatory ~~in the specified Derivatives ADR Disputes for the applicable Debtor or Debtors, Derivatives Counterparty and Indenture Trustee with Authority; and (ii).~~  Although no party is required to settle or compromise ~~any dispute or enter into a particular settlement or compromise, but~~the SPV Derivatives ADR Dispute, each Debtor serving ~~a~~the SPV Derivatives ADR Package, and each SPV Derivatives Counterparty, ~~and each Indenture~~the SPV Trustee with Authority (as defined below), and any Noteholder and/or Advisor on whom a Debtor elects to serve such SPV Derivatives ADR Package, must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the SPV Derivatives ADR Procedures specified below for all SPV Derivatives ADR Disputes covered by such SPV Derivatives ADR Package.

       b.     With respect to any SPV Derivatives ADR Package served on ~~an Indenture~~the SPV Trustee, within the period provided in paragraph 8(b) for service of a response thereto by ~~an Indenture~~the SPV Trustee, Debtors and such ~~Indenture~~SPV Trustee shall review the governing documents to determine whether the ~~Indenture~~SPV Trustee has authority to participate and to settle the SPV Derivatives ADR Dispute covered by the SPV Derivatives ADR Notice on behalf of ~~holders~~the Noteholders ("Authority").

i.   If the ~~Indenture~~SPV Trustee has Authority, it shall participate in the SPV Derivatives ADR Procedures on behalf of ~~holders~~the Noteholders to the extent authorized by such documents.

ii.   If the ~~Indenture~~SPV Trustee lacks Authority via the governing documents, it shall contact the ~~holders~~Noteholders for which it acts as ~~Indenture~~SPV Trustee through the clearing systems or when possible by a direct written communication that: (v) advises such ~~holders that~~Noteholders about the Debtors~~ dispute holders~~' claims; (w) transmits to them the applicable SPV Derivatives ADR Notice; (x) invites them to participate in the SPV Derivatives ADR Procedures as an alternative to litigation; (y) encourages them to communicate directly with the Debtors; and (z) offers to take ~~holders~~the Noteholders' direction in accordance with the governing documents to participate in the SPV Derivatives ADR Procedures on behalf of such directing ~~holders~~Noteholders.

iii.   In taking the steps outlined in this paragraph 5(b), ~~Indenture~~SPV Trustees shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

~~e~~iv.   Nothing contained in this paragraph 5(b) with respect to ~~Indenture~~SPV Trustees shall relieve or be construed to relieve any SPV Derivatives Counterparty from compliance with this Order.

11

c.    The SPV Derivatives Counterparty shall, on or before sixty (60) calendar days of service of the SPV Derivatives ADR Package or, in the case of a pending ADR under the Derivatives ADR Order on or before sixty (60) calendar days of notice by the Debtor of an intent to proceed under this Order, identify and designate by written notice (the "Settlement Participation Designation") as provided below to the other Parties to the SPV Derivatives ADR Dispute, a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the "Authorized Designee").  The SPV Derivatives Counterparty may change the Authorized Designee from time to time during the course of the SPV Derivatives ADR Dispute so long as there remains at all times during the dispute an Authorized Designee.

i.    The Settlement Participation Designation shall include the name and contact information of the person or entity with settlement authority, state that such person or entity has agreed to participate in the SPV Derivatives ADR Procedures, and state the relationship between the SPV Derivatives Counterparty and such person or entity with settlement authority.  Notwithstanding any other provisions regarding Sanctions contained in this Order, if the Debtor does not receive a Settlement Participation Designation from the SPV Derivatives Counterparty within sixty (60) calendar days of the service of the SPV Derivatives ADR Package, or notice of an intent to proceed under this Order in the case of a pending ADR, the Court may, upon motion of the Debtor, impose Sanctions (as defined below) on the SPV Derivatives Counterparty, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice.

ii.    The SPV Derivatives Counterparty shall send notice of the SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized

Designee with settlement authority, and the related Action, to all Noteholders in accordance with both the requirements of paragraph 5(c)(iii) below.

iii.    In addition to any method of notice permitted by the relevant Indenture, including but not limited to service through the Depository Trust Company, notice of any SPV Derivatives ADR Dispute and the related Action given in accordance with the methods set forth below in subsections (a)-(b) to the Noteholders, parties to the Master Agreement, the Indenture, and/or the Trust Agreement, and any other persons entitled to such notice in the Bankruptcy Case, constitutes sufficient notice to such persons:

(a)    sending the papers commencing the relevant Action and the SPV Derivatives ADR Package (collectively, the "SPV Adversary Package") to each such person; provided, that in the case of the Noteholders, the SPV Adversary Package shall be sent:

(i)    directly to the original Noteholders (as of the issuance date thereof), as and to the extent listed in the records of the Debtors; and

(ii)    directly to any known current Noteholders; and

(b)    publication of the fact that there exists an ADR proceeding related to this SPV Derivatives Transaction in the Wall Street Journal and the Financial Times for three successive business days.

iv.    Within ten (10) business days of receiving written request by a Debtor, the SPV Derivatives Counterparty, and if served with the SPV Derivatives ADR Package, the SPV Trustee, shall provide information to such Debtor sufficient to identify and contact such Noteholders directly if known, and if such information is unknown to the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and SPV Trustee shall provide information sufficient to identify the clearing systems through which such Noteholders are communicated.

d.    Allv.    If a Debtor has not timely received a Settlement Participation Designation, a Debtor may at its sole discretion continue its attempts at mediation, terminate the SPV Derivatives ADR Dispute and resume the Action, or stay or terminate the SPV Derivatives ADR Dispute and move for Sanctions, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice. No actions authorized by this paragraph 5(c)(v) shall be construed as automatically eliminating or modifying the stay of the Action without such Debtor's consent.

vi.    In taking the steps outlined in this paragraph 5, all Parties to the SPV Derivatives ADR Dispute shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

d.    Nothing contained in this paragraph 5 shall relieve or be construed to relieve any party to the SPV Derivatives ADR Dispute from compliance with this Order.

e.    No rights, remedies, claims andor defenses of any SPV Derivatives Counterparty, Indenture Trustees, holders and DebtorSPV Trustee, Noteholder, Advisor, or Debtor, acting in good faith compliance with the SPV Derivatives ADR Procedures, shall notbe impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these SPV Derivatives ADR Procedures. Participation in the SPV Derivatives ADR Procedures by athe SPV Derivatives Counterparty, IndentureAuthorized Designee, SPV Trustee, Noteholder, or holderAdvisor shall not waive the defense of lack of in personam jurisdiction, if any, which defense shall be preserved.

6.    No Substitute For Claims Procedures. The Derivatives ADR Procedures are not intended and shall not be utilized as a substitute for chapter 11 claims procedures. 6. Nothing contained herein, however, shall (a) prevent athe SPV Derivatives

Counterparty from asserting in any respect to ~~a~~the SPV Derivatives ADR Notice and elsewhere during the course of ~~a~~such SPV Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a SPV Derivatives ~~Contract with Recovery Potential~~Transaction or any other valid defense to a Debtor's demand thereunder ~~or (b) be construed to abridge, enlarge, or otherwise modify the rights and obligations of Debtors or Derivatives Counterparties under a Derivatives Contract with Recovery Potential or applicable law or to provide a right or remedy under a Derivatives Contract with Recovery Potential to Debtors or Derivatives Counterparties that is not provided thereby or by applicable law~~.

7.    <u>Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Derivatives Counterparties</u>.  If ~~a~~the SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor previously has commenced~~,~~ any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of ~~a~~the SPV Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim~~,~~ and to defend or take action in any such other court or proceeding to protect the estate of Debtors, and/or take action in respect of any violation of the automatic stay imposed by section 362 of the Bankruptcy Code, despite the incomplete status of the steps prescribed under the SPV Derivatives ADR Procedures.

<u>**NOTICE/RESPONSE STAGE**</u>

8.    <u>Notice/Response</u>.  The initial stage of the SPV Derivatives ADR Procedures will be a notice/response stage, providing the ~~parties~~Parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible,

resolve ~~a~~the SPV Derivatives ADR Dispute on a consensual basis (the "Notice/Response Stage").  The Notice/Response Stage shall include:

    a.    SPV Derivatives ADR Notice. ~~Debtors~~ A Debtor shall serve upon ~~a~~the SPV Derivatives Counterparty ~~or Indenture~~and, at such Debtor's election, the SPV Trustee and/or Noteholder and/or Advisor (and ~~its~~any attorneys who have appeared in these cases or an Action) a notice containing sufficient information regarding the SPV Derivatives ADR Dispute ~~to make the Derivatives Counterparty or Indenture Trustee aware of~~including the nature of the Debtor's ~~affirmative~~ claim, a brief explanation setting forth the basis for the demand and the amount~~, and~~ of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the ~~Creditors' Committee~~Official Unsecured Creditors' Committee (the "Creditors' Committee")), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise (~~a~~the "SPV Derivatives ADR Notice").   Service of a completed SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "A" shall presumptively be deemed to comply with this Order. Within 30 calendar days of entry of this Order, a Debtor participating in a pending ADR involving such SPV must elect in writing either to opt out of this Order and continue under the Derivatives ADR Order or to proceed under this Order.  If the Debtor elects to proceed under this Order, the Debtor shall provide written notice of its election to all Parties to the pending ADR and simultaneously serve an SPV Derivatives ADR

Package on the SPV Derivatives Counterparty and, at such Debtor's election, the related SPV Trustee and/or one or more Noteholders. All deadlines otherwise set forth in this Order will run from the date the Debtor delivers the SPV Derivatives ADR Package.

b. SPV Derivatives Counterparty's Response to Notice. A The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package at such Debtor's election, the SPV Trustee with Authority, and/or Noteholder and/or Advisor, as the case may be) must respond to the SPV Derivatives ADR Notice in writing within thirty (30)75 calendar days from the date of the Derivatives Counterparty's receipt of the Notice. An Indenture Trustee with Authority contained in the governing documents must respond to the Derivatives ADR Notice in writing within forty-five (45) calendar days from the date of such Indenture Trustee's receipt of the Derivatives ADR Notice, and an Indenture Trustee with Authority obtained by way of direction from holders pursuant to paragraph 5(b) above, must respond to the Derivatives ADR Notice within thirty (30) days from the date of receipt of such direction from holders receipt of the SPV Derivatives ADR Notice, or in the case of a pending ADR receipt of the Debtor's election to proceed under this Order. The response options available to a Derivatives Counterparty or an Indenture Trustee with Authority are as follows (the "Responses"):

i. Agreeing to Settle the Demand. If a the SPV Derivatives Counterparty or an Indenture(or, where also served with the SPV

Derivatives ADR Package, the SPV Trustee with Authority and/or Noteholder and/or Advisor) agrees to settle the demand in the SPV Derivatives ADR Notice, ~~the Counterparty~~it shall state in writing that the offer of settlement in the SPV Derivatives ADR Notice is accepted.  The ~~parties~~Parties will then execute a settlement and general release (including a confidentiality provision) and~~, if the matter is in litigation,~~ the Debtor shall dismiss ~~any applicable claims in a lawsuit or adversary proceeding~~the corresponding Action with prejudice upon execution of the release; or

ii.   <u>Denying the Demand</u>. ~~A ~~The SPV Derivatives Counterparty ~~or Indenture~~(or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority and/or Noteholder and/or Advisor) may decline to settle for the amount stated in the demand in the SPV Derivatives ADR Notice, in which case ~~the Derivatives Counterparty or Indenture Trustee with Authority~~such party must include a brief explanation in the Response to the SPV Derivatives ADR Notice setting forth the reason(s) for such denial.   In addition, ~~the Derivatives Counterparty or Indenture Trustee with Authority~~such party may provide a counteroffer to the demand in the SPV Derivatives ADR Notice.   Service of a completed Response to ~~a~~the SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "B" shall presumptively be deemed to comply with this Order.

c.    <u>Failure to Respond</u>.   Failure to provide a timely Response to the SPV Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court (with notice to any applicable SPV Derivatives Counterparty ~~or Indenture Trustee~~, SPV Trustee, Noteholder, or Advisor that was provided by the Debtor with the SPV Derivatives ADR Package) for Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice, or immediate entry into the mediation stage.

d.    <u>Reply to Response</u>.   The Debtor shall have ~~fifteen (15)~~twenty (20) calendar days from the date of the receipt of the Response to serve a Reply to the Response to the SPV Derivatives ADR Notice (which ~~Response~~Reply shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor shall (i) modify its ~~Demand~~demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its ~~demands~~demand in the SPV Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the SPV Derivatives ADR Dispute will automatically proceed to the Initial Settlement Conference or Mediation Stage.

9.    <u>Request for Initial Settlement Conference</u>.  At any time ~~in the Notice/Response Stage, either a Debtor,~~prior to the Mediation Stage but after the date upon which a Reply is due from the Debtor, either the Debtors or the SPV Derivatives Counterparty ~~or~~

19

~~Indenture~~(or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority, and/or Noteholder and/or Advisor) may request an initial telephonic settlement conference by written request, to be held within ten (10) calendar days~~, and, in the case of Indenture Trustees with Authority, to be held within fifteen (15) business days~~.  Within four (4) business days of a receipt of such a request, the other ~~parties~~Parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request. ~~In the case of Indenture Trustees with Authority, within ten (10) business days of a receipt of such a request, the other parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than fifteen (15) business days from the earliest date set forth in the written request.~~ If an acceptable date cannot be achieved through this process, the ~~parties~~Parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement~~.~~, and during the initial settlement conference a person with authority to negotiate and settle (including in the case of the SPV Derivatives Counterparty, the Authorized Designee) must participate on behalf of each party. No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, and the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if ~~both parties~~all Parties agree in writing.

## **MEDIATION STAGE**

10.          Mediation.  SPV Derivatives ADR Disputes that are not

resolved through the Notice/Response Stage will proceed to mediation (the "Mediation Stage").

The Debtors shall transmit on a rolling basis as promptly as possible to the mediators appointed

pursuant to paragraph 10(a) hereof sets of SPV Derivatives ADR Notices and any applicable

Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to

paragraph 10(b)(i) hereof.

a.   Choice of Mediator.  James Freund, David Geronemus and, Ralph Mabey,
and Jacob Esher are APPOINTED as the mediators for SPV Derivatives
ADR Disputes reaching the Mediation Stage.  If any named mediator is
not available to serve as mediator, an alternate mediator shall be selected
by the Court upon notice to the Debtors, the Creditors' Committee, all
Derivatives Counterparties and Indenture Trustees the Authorized
Designee, and if served with the SPV ADR Derivatives Package, the SPV
Trustee, Noteholders, and Advisor.

b.   Powers of Mediator.   The mediators shall have the broadest possible
discretion consistent with the Standing Order, including (i) the manner of
allocating among themselves specific mediations on a fair and equitable
basis; and (ii) the ability to consolidate mediations involving the same
SPV Derivatives CounterpartyTransaction upon application by such SPV
Derivatives Counterparty and consultation with the Debtors.

c.   Mediator Contact.  Once a specific mediator has been selected and notice
of such selection has been conveyed to the parties, the Debtor and the

~~Derivatives Counterparty or Indenture Trustee with Authority together~~<u>Parties, the mediator or its designee</u> shall contact the ~~mediator~~<u>Parties</u> to schedule the initial mediation date.

d.   <u>Mediation Sites</u>.  All mediation proceedings will take place in New York, New York, unless agreed to by the ~~parties~~<u>Parties</u> and the mediator.

e.   <u>Mediation Briefs</u>.  Any party to a Mediation may submit a Mediation Brief, with service upon the other ~~parties~~<u>Parties</u> to the Mediation and upon the Creditors' Committee~~; provided, however,~~<u>, unless</u> the Mediator ~~may order that the parties~~<u>has affirmatively required the Parties</u> to serve <u>Mediation Briefs</u> upon each other, the Mediator, and the Creditors' Committee ~~a Mediation Brief. If a party to the Mediation opts to serve a Mediation Brief upon another party to the Mediation hereunder, such Mediation Brief shall also be filed with the Mediator and the Creditors' Committee.~~<u>.</u>  Any such Mediation Brief shall be served and filed ~~so as to be received no later than five (5) calendar days prior to the scheduled initial Mediation Date.~~<u>in accordance with the briefing schedule established by the Mediator.</u>  No Mediation Brief shall be filed with the Court.

f.   <u>Appearance at Mediations</u>.  ~~Unless otherwise ordered by the mediator~~<u>Pursuant to paragraph 3.2 of the Standing Order,</u> all participants in the mediation for the applicable <u>SPV</u> Derivatives ADR Dispute, must appear in person with a ~~business principal~~<u>person</u> who has ~~settlement authority; *provided, however*, that, to the extent acceptable to the mediator, the business principal with settlement authority on behalf of a~~<u>complete</u>

authority to negotiate all disputed amounts and issues such that its decisions bind that party.  The Authorized Designee of the SPV Derivatives Counterparty ~~may attend the mediation by video conference at the sole expense of the Derivatives Counterparty~~ must appear in person at the mediation.  Any willful failure to comply with this requirement in good faith may result in the imposition of Sanctions, as provided below. The Creditors' Committee may attend and participate in all mediations hereunder.  Counsel may also be present and participate.

g.    <u>End of Mediation</u>.  The mediation shall end upon request of a party and concurrence by the mediator.

**<u>OTHER PROVISIONS</u>**

11.    <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the ~~Debtors and the Derivatives Counterparty~~ Parties; or (ii) the Bankruptcy Court, for cause shown.

12.    <u>Sanctions for Parties</u>.  Each Debtor~~,~~ and SPV Derivatives Counterparty ~~and Indenture Trustee~~ (or, where also served with the SPV Derivatives ADR Package at such Debtor's election, the SPV Trustee, Noteholder, and Advisor) must participate in good faith with these SPV Derivatives ADR Procedures with regard to the SPV Derivatives ADR Disputes specified in the applicable SPV Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that a party has not complied with the SPV Derivatives ADR Procedures in good faith in connection with any SPV Derivatives ADR Dispute, ~~the Debtors, Derivatives Counterparty or Indenture Trustee, as the case may be,~~ such party may be subject to such ~~sanctions~~ Sanctions as the Court deems appropriate (the "<u>Sanctions</u>").  If a mediator reports

to the Court that any party subject to this Order is not cooperating in good faith with the SPV Derivatives ADR Procedures, the Court may, without the need for further motion by any party, schedule a hearing and order Sanctions.  In ordering Sanctions, the Court shall take into consideration, among other factors, whether for such SPV Derivatives Transaction the assets (or proceeds from the liquidation of such assets) have been distributed, the existing assets of the SPV Derivatives Counterparty, and whether any Noteholder is actively involved in the SPV Derivatives ADR Dispute.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions may include, but are not limited to:

a.    Against Debtors:    (i) attorneys' fees incurred by a Derivatives Counterparty (including an Indenture Trustee with Authority) with respect to the SPV Derivatives ADR Procedures after the receipt of anthe SPV Derivatives ADR Package; (ii) fees and costs of the Mediator; (iii) termination of the SPV Derivatives ADR Procedures as to one or more SPV Derivatives Contracts with Potential RecoveryTransactions; and/or (iii) rejection ofiv) dismissing some or all claims asserted by Debtors in the applicable SPV Derivatives ADR Dispute.

b.    Against SPV Derivatives Counterparties (including Indenture, SPV Trustees with Authority):, Noteholders, or Advisors: (i) attorneys' fees incurred by the Debtors with respect to the SPV Derivatives ADR Procedures after the sending of ana Derivatives ADR Package; (ii) fees and costs of the Mediator; (iii) an award ofin the SPV Derivatives ADR

Dispute ~~up to~~in the amount specified in the SPV Derivatives ADR Notice; and/or (iv) an entry of a judgment for the Debtor in the related Action.

c.    Confidentiality of Sanctions Process:  Notwithstanding the confidentiality provisions contained in paragraph 13 of this Order, a motion requesting Sanctions made to the Court may identify the Parties to the subject SPV Derivatives ADR Dispute and describe the conduct giving rise to the request for Sanctions and entitling the moving party to relief, but shall not include any description of any negotiations regarding the SPV Derivatives ADR Dispute that are deemed confidential under the Standing Order, this Order, or any other order of the Court.

13.    <u>Confidentiality</u>.  The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order.  No oral or written statements or arguments made or positions taken by the mediator, the applicable Debtors, SPV Derivatives Counterparties, ~~Indenture Trustee~~SPV Trustees, Noteholders, Authorized Designees, Advisors, or the Creditors' Committee during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such ~~parties~~Parties or their attorneys and advisors to the Court or any third party; *provided*, *however*, that ~~Indenture~~SPV Trustees may disclose such statements, arguments and positions as may become necessary with their respective ~~noteholders~~Noteholders and advisors subject to these same confidentiality provisions~~.~~, provided that such Noteholders and their advisors agree to maintain the confidentiality of any such information received. Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving ~~is~~in such capacity shall remain confidential and not be provided to the Court,

unless they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; *provided*, *however*, that consistent with the Derivatives ADR Order, the mediator or a designee shall continue on a monthly basis beginning 60 days following entry of this Order to report to the Court the status of the mediation efforts but shall not disclose the content thereof, which report shall include the number of SPV Derivatives ADR Notices served on Derivatives Counterparties (including SPV Derivatives Counterparties), the number of settlements reached after mediation, the number of mediations still pending, the number of mediations that have terminated without settlement, and the cumulative dollar amount of settlements reached with Derivatives Counterparties following service of ADR Notices.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR Procedures including Settlement Conferences and Mediation Stage the Mediation Stage.  Additionally, the economic terms, including any settlement amounts, of any particular settlement reached pursuant to the SPV Derivatives ADR Procedures shall be kept confidential, and such economic terms shall be redacted in any pleadings filed with the Court.

14.    Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected.  Unless a Derivatives Counterparty, Indenture Trustee or a Debtor affirmatively waives its affirmatively waived, participation in the SPV Derivatives ADR Procedures shall not waive or otherwise modify the right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist, participation in the Derivatives ADR Procedures shall not waive or otherwise modify such rights.  All parties Parties' rights and defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully preserved.

15.    <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the SPV Derivatives ADR Procedures, including Mediation; *provided, however*, that (i) the Debtors shall pay the reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order, and (ii) nothing contained herein shall be deemed to vary the terms of any ~~Derivative Contract with Recovery Potential~~<u>SPV Derivatives Transaction</u> in respect of the reimbursement of fees and expenses.

16.    Binding Effect of Settlement.  In the case of all settlements approved hereunder, so long as the SPV Derivatives Counterparty provides appropriate notice (pursuant to paragraph 5(c)(iii) above) of the settlement to registered holders of the notes or certificates, those beneficial holders known to it, and the SPV Trustee, the Order approving the settlement shall be binding upon all Noteholders and shall bar all Noteholders from taking any action against the Authorized Designee as a result of the settlement.

17.    Service of the Notice of the Motion.  Service of notice of the Motion by e-mail or facsimile, where service by mail is not feasible, in accordance with the provisions of the Motion, is good and sufficient notice of the Motion.

**SO ORDERED:**

February ____, 2011
~~Dated:~~ New York, New York
~~September 17, 2009~~

~~*s/ James M. Peck*~~

UNITED STATES BANKRUPTCY JUDGE

27

Exhibit A

**Form of SPV Derivatives ADR Notice**

SPV Derivatives ADR Notice No.: _____

Debtor(s): _____    SPV Derivatives Counterparty: _____

~~Name(s)~~    ~~Name(s)~~

Name(s) _____    Name(s) _____

_____or

~~Indenture~~SPV Trustee:

_____

Name

SPV Derivatives ~~Contract~~Transaction: _____

_____

_____

_____

Settlement Demand: $ _____

Explanation of Basis for Settlement Demand: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

~~Date of Derivatives ADR Notice:~~    _____

Date of SPV Derivatives ADR Notice: _____

Date of Service: _____

Response Due Date: _____

Debtor Contact:  [Name]
                [Address]
                Telephone Number: _____
                Email: _____

<u>Exhibit B</u>

**<u>Form of Response to SPV Derivatives ADR Notice</u>**

SPV Derivatives Counterparty: _____
_____ Name
_____ or

_____ ~~Name~~
_____ ~~or~~

~~Indenture~~
SPV Trustee with Authority: ~~_____~~

~~____ Name~~ _____
_____ Name
Response to SPV Derivatives ADR Notice No.: _____

☐ Agree to Settlement Demand

☐ Denial of Settlement Demand          ☐ Counteroffer

                                        Counteroffer Amount: $_____

Explanation of Basis for Counteroffer/Denial of Settlement Demand: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

<u>Counterparty Contact</u>:    [Name]
                                Telephone Number:  _____
                                Email:  _____