UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., et al., | Chapter 11 Case No. |
| Debtors | 08-13555 (JMP) |
| | (Jointly Administered) |

## HEARING ON DEBTORS' SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

| CLAIM TO BE RECLASSIFIED | |
|---|---|
| **Creditor Name and Address:**<br><br>Andrea M Penton<br>71, Sallows Shaw<br>Sole Street<br>Cobham<br>Kent<br>DA13 9BP | **Claim Number:** 12044<br>**Date Filed:** 14th September 2009<br><br>**Debtor:** Lehman Brothers Holdings Inc<br><br>**Classification and Amount:** PRIORITY: $349.00<br>UNSECURED: $4,184.00<br><br>TOTAL: $4,533.00 |

## NOTICE OF OBJECTION TO CREDITOR'S CLAIM BEING RECLASSIFIED AS EQUITY INTEREST

As per the notice received regarding my claim against Lehman Brothers Holdings Inc being reclassified, the following information is provided as a basis for my objection to the Seventy-third Omnibus Objection to claims (To Reclassify Proofs of Claims as Equity Interests):

1) The 2003 and 2004 Contingent Stock Award Letters state that in the event of a Bankruptcy Distribution Event the Participant becomes immediately entitled to receive all the Principal Award Shares and the Discount Award Shares. The Bankruptcy Distribution Event is defined as "the earlier to occur of (i) the date of, but immediately prior to, distribution to holders of claims and interests upon the substantial consummation of a confirmed plan or reorganization of [LBHI] in a Chapter 11 case under Title 11 of the United States Code, 11 U.S.C. § § 101 et seq (the "Bankruptcy Code"), or (ii) the date of, but immediately prior to, distributions to holders of claims and interests upon the liquidation of Holdings in a Chapter 7 case under the Bankruptcy Code." Contrary to the information provided by LBHI ("the Debtors) in their Seventy-Third Omnibus Objection to Claims, neither of the options stated in the definition of "Bankruptcy Distribution Event" have been triggered as the Debtors have not applied for a "plan of reorganisation of Lehman Brothers Holdings Inc.".

2) Under employment contracts in the UK employees were remunerated on the basis of an annual Total Compensation (base salary, bonus and other compensation). CSAs were included in "other compensation". Employee's year-end compensation statement always

included a cash value attributed to the value of the CSA element and would not unreasonably have understand that, subject to meeting certain conditions, they would receive the cash value of CSAs from LBHI if LBHI did not fulfil its commitment to deliver LBHI stock.

3) Under the terms of the CSA program, LBHI stock should have been delivered annually on 30 November, 5 years after the date of the grant of the awards. CSAs granted for 2003, 2004 and 2005 should therefore have converted to LBHI stock on 30 November 2008, 2009 and 2010 respectively. No such LBHI stock was delivered to employees on these dates so one could contest that the CSAs could therefore not represent equity in the context of the Chapter 11 of LBHI.

Yours Sincerely

Andrea M Penton

*[signature]*