UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                   :
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
            Debtors.                               :    (Jointly Administered)
                                                   :
-------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING AND APPROVING A SETTLEMENT AND COMPROMISE AMONG LEHMAN BROTHERS HOLDINGS INC., LEHMAN COMMERCIAL PAPER INC. AND SWEDBANK AB, NEW YORK BRANCH

Upon the motion (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), for an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving a settlement with Swedbank AB, New York Branch ("Swedbank") on the terms set forth in a Settlement Agreement,[1] as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to Swedbank; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and no objections to the Motion having been filed; and a hearing having been held on the Motion on February 16, 2011; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and LCPI, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement is approved, and LBHI and LCPI are each duly authorized to (i) consummate all of the transactions contemplated thereby and (ii) execute and deliver such documents and instruments and to take such other actions as may be reasonably necessary to consummate the transactions contemplated by the Settlement Agreement, it being understood that any actions described in this paragraph taken by LBHI, LCPI or any of the affiliates of LBHI or LCPI may be taken without the necessity of any further Court proceedings or approval and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that, upon and subject to the terms and conditions set forth in the Settlement Agreement, with respect to Claim No. 67080 filed by Swedbank against LCPI and Claim No. 67079 filed by Swedbank against LBHI (collectively, the "Allowed Repo Proofs of

2

Claim") from and after the Closing Date (as defined in the Settlement Agreement) in satisfaction in full of such proofs of claim, Swedbank will have an allowed, non-priority, non-subordinated unsecured claim against each of LCPI and LBHI in their respective chapter 11 cases in the amount of $325,000,000 (the "Settlement Amount"); provided, however, that the aggregate recovery of Swedbank in respect of the Allowed Repo Proofs of Claim shall not exceed the Settlement Amount and that, for the avoidance of doubt, the claim set forth in each of the Allowed Repo Proofs of Claim shall have the same treatment as other claims within its class under the plan confirmed by the Court in the chapter 11 cases of LCPI and LBHI, as applicable; and it is further;

ORDERED that the Settlement Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided* that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that any and all claims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs, and causes of action of whatever nature in connection with or relating to the Repurchase Agreement, the Mortgage Assets, the Settlement Agreement or any related transaction by and among the Debtors and their affiliates shall be expressly reserved and not affected by entry into the Settlement Agreement or consummation of the transactions contemplated thereunder pursuant to section 2.9(f) of the Settlement Agreement; and it is further

ORDERED (a), that solely as among the Debtors, nothing herein shall determine who is the owner of the proceeds of the Loans or who would otherwise be entitled to the economic benefit, if any, of the Loans and (b) that any and all pre- and post-petition claims,

rights and obligations that the Debtors (including but not limited to LCPI and LBHI) may have among themselves in connection with the subject matter of the Motion are hereby preserved, and that the entry of this Order shall not constitute a waiver or relinquishment of the rights of any Debtor or party in interest with respect to such claims, rights and obligations; and it is further

ORDERED that nothing in the Motion, Settlement Agreement or herein shall affect or be construed as affecting any rights, title, interests, claims or obligations of Lehman Re Ltd. arising from any of its direct or indirect investments or interests in any real property that is directly or indirectly the subject of the Motion, the Settlement Agreement or the transactions contemplated thereunder; and it is further

ORDERED that nothing in the Motion or Settlement Agreement or herein shall be construed as affecting any rights of Lehman Brothers Inc. ("LBI") arising from or relating to any transactions entered by it under the Repurchase Agreement or any rights that LBI may have to pursue claims or causes of action arising from or relating to the Repurchase Agreement; and it is further

ORDERED that the Mortgage Assets are not and were not property of LBHI's estate or LCPI's estate; and it is further

ORDERED that neither LBHI nor LCPI have assumed or assumed and assigned nor will assume or assume and assign the Repurchase Agreement pursuant to the Bankruptcy Code, including section 365 thereof, in connection herewith or with the Settlement Agreement or any of the transactions contemplated thereby; and it is further

ORDERED that, Swedbank is the owner of the Mortgage Assets, other than the Swedbank Loans upon the closing of the Settlement Agreement; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the Settlement Agreement and any disputes arising thereunder.

Dated: New York, New York
February 17, 2011

          *s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge