**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re : Chapter 11
: Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*, :
: Jointly Administered
Debtors. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATION AND ORDER GOVERNING THE PRODUCTION OF DISCOVERY MATERIALS

In connection with the Rule 2004 Subpoenas dated April 13, 2010 and April 28, 2010 (the "Subpoenas") issued by Lehman Brothers Holdings, Inc. and its affiliated debtors (collectively, "Debtors") to Goldman Sachs & Co. and The Goldman Sachs Group, Inc. (collectively, "Goldman Sachs," and with Debtors, the "Parties") and served pursuant to the November 23, 2009 Order of the United States Bankruptcy Court for the Southern District of New York (the "Court") granting the Debtors authority to issue subpoenas for the production of documents and authorizing the examination of persons and entities in the Chapter 11 proceeding captioned *In re Lehman Brothers Holdings Inc., et al.* (Case No. 08-13555) (the "Bankruptcy Case"), the Parties hereby stipulate and agree, through their undersigned counsel of record, to the entry of the following Stipulation and Order Governing the Production of Discovery Materials in response to Debtors' Subpoenas (the "Stipulation and Order"). This Stipulation and Order shall be binding on the Parties, their attorneys and representatives in the Bankruptcy Case, and any other person identified in paragraph seventeen herein with actual notice who receives Discovery Materials thereunder.

1. This Stipulation and Order shall govern the designation and handling of any document, deposition testimony, electronic data, expert report, or other information

disclosed or produced herein by or on behalf of Goldman Sachs to Debtors, and the copying, summarization, adaptation, or transcription of any such document or information (the "Discovery Materials"), as disclosed or produced in accordance with the Subpoenas or any additional subpoenas served by the Debtors upon Goldman Sachs pursuant to the November 23, 2009 Order.

      2.    "Confidential Discovery Material" shall mean any Discovery Material that is designated as Confidential in accordance with this Stipulation and Order.

      3.    "Document" or "Documents" shall have the meaning set forth in Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of New York.

      4.    "Person" or "Persons" shall have the meaning set forth in Rule 26(c)(6) of the Local Rules of the United States District Court for the Southern District of New York.

      5.    "Related Proceedings" shall mean any litigation, arbitration, mediation, or other legal proceedings arising from, or related to, the Bankruptcy Case, or any investigations of, proceedings arising out of, or defenses of (or preparation of potential defenses of) any claims asserted by either of the Parties in connection with the Debtor's bankruptcy.

      6.    Goldman Sachs may designate any Discovery Materials as "CONFIDENTIAL" pursuant to this Stipulation and Order by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent. Designation of Discovery Materials as "CONFIDENTIAL" shall be based on a good-faith belief by Goldman Sachs that such materials contain (a) confidential or proprietary commercial, financial, investment, trading, or business information, (b) information subject by law or by contract to a legally protected right of privacy, or (c) information which Goldman Sachs is legally obligated to keep confidential, as reasonably determined by Goldman Sachs. Without

limiting the foregoing, the Parties hereby agree that Goldman Sachs's trading records and trading strategies, Goldman Sachs's client or customer information, and information of a personal or intimate nature regarding an individual shall constitute Confidential Materials.

7. Except as set forth herein or in any subsequent order of the Court, Discovery Materials designated "CONFIDENTIAL" and any part of the information contained in those Confidential Discovery Materials, shall not be delivered, exhibited, or disclosed, directly or indirectly, to anyone other than:

(a) the Court and persons employed by it;

(b) court reporters, videographers or other qualified persons taking testimony in the Bankruptcy Case or Related Proceedings;

(c) the Parties, including such of their current employees, consultants, attorneys, and advisors as have a reasonable need to review the Confidential Discovery Materials;

(d) the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. (the "Committee"), including such of their current employees, consultants, and advisors as have a reasonable need to review the Confidential Discovery Materials, as well as the Committee's counsel;

(e) outside counsel retained by the Parties hereto, and the paralegal, clerical, and secretarial staff employed by such counsel;

(f) independent copying, computer services, and database hosting firms, or their employees, acting under the direction of outside counsel and retained to copy, index, or maintain a database containing any Discovery Materials;

(g) actual or potential party or non-party fact witnesses and their counsel, provided there is a reasonable basis to believe that the fact witness may give relevant testimony regarding the designated Discovery Materials;

(h) expert witnesses at or in preparation for deposition or trial, provided there is a reasonable basis to believe the witness may give relevant testimony regarding the designated Discovery Materials;

(i) persons identified on the face of the Discovery Materials as having authored or previously received the Discovery Materials; and

(j) such other persons as Goldman Sachs and Debtors may agree upon in writing or as ordered by the Court, and further provided that nothing herein shall prevent or prejudice a party from seeking to enlarge the recipients of Confidential information herein by making such a motion with the Court.

8.     Goldman Sachs may also designate as "CONFIDENTIAL" any Discovery Materials produced by any other non-party consultant or advisor to Goldman Sachs, to the extent that the Discovery Materials produced satisfy the standards set forth in paragraph 6 above as to Goldman Sachs.

9.     The Discovery Materials shall be used only by the Parties and their counsel for purposes related to the November 23, 2009 Order granting the Debtors authority to issue subpoenas for the production of documents and authorizing the examination of persons and entities, including, but not limited to, the investigation and prosecution of claims belonging to the Debtor, and shall not be used for any other purpose and, subject to the terms of paragraph 20, shall not be discussed with or summarized, shown, or provided to any person (including members of the media) for any other purpose or in any other proceeding.

10. All copies or reproductions of Discovery Material shall be subject to the terms of this Protective Order. If the duplication process by which copies or reproductions of Confidential Discovery Material are made does not preserve the confidentiality designations that appear on the original Documents, all such copies or reproductions shall be stamped with the same confidentiality designation as the original.

11. Any Party wishing to designate as "CONFIDENTIAL" portions or all of any deposition testimony may do so on the record during the deposition, or within five (5) business days after receipt of the final deposition transcript by providing written notice of the designation to the other party and any other affected person(s). All deposition transcripts shall automatically be treated as Confidential Discovery Material until the expiration of five (5) business days after receipt of the final deposition transcript. The Party making the designation shall be responsible for ensuring that those portions of the deposition transcript designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter. The Parties shall avoid designating entire transcripts as "CONFIDENTIAL" where only a portion thereof qualifies for such protection, and, to the extent reasonably practicable, only those portions that qualify for protection should be so designated.

12. Discovery Materials previously designated "CONFIDENTIAL" that are marked as exhibits during a deposition shall be treated by the Parties as "CONFIDENTIAL."

13. Whenever Discovery Materials designated as "CONFIDENTIAL" are to be discussed or disclosed in a deposition, any person discussing or disclosing such Discovery Materials must first exclude from the room any person who is not entitled to receive or review such material under this Stipulation and Order.

14. Any Discovery Materials that are inadvertently produced, after the entry of this Stipulation and Order, without a "CONFIDENTIAL" designation may be subsequently

redesignated by the producing Party as "CONFIDENTIAL" upon written notice making such designations by specific reference to the Discovery Materials previously produced (e.g., by Bates number, deposition transcript page, or other means sufficient to locate readily such materials). No person shall be liable for disclosing a document or deposition testimony later marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of the written notice described in the previous sentence.

15. To the extent that the Debtors file with the Court any document, deposition, or other Confidential Discovery Material, including any portions of pleadings, motions, or other papers that quote, paraphrase, or summarize such Confidential Discovery Material, it shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The Debtors shall inform Goldman Sachs, if possible, prior to any such filing or, in the alternative, within 24 hours after filing. If an application is required to file Confidential Discovery Material under seal, if the Court on its own motion unseals such Confidential Discovery Material, or if any third-party moves to unseal such Confidential Discovery Material, it shall be the obligation of Goldman Sachs to make such application or oppose such motion if it chooses to do so. If the Court on its own motion unseals such Confidential Discovery Material, or if any third-party moves to unseal such Confidential Discovery Material, Debtors shall provide notice to Goldman Sachs of any such motion received by Debtors as set forth in Paragraph 20 herein. Nothing herein shall prevent the Debtors from publicly filing any document in which all quoted, paraphrased, or summarized Confidential Discovery Material has been redacted.

16. In the event that any Confidential Discovery Material is expected to be used in open court or other public proceeding in this Bankruptcy Case or any Related Proceeding, or any appeal therefrom, counsel for the Parties shall confer on such procedures as

are necessary to protect the confidentiality of such documents or information.  If the Parties are unable to agree upon such procedures, the Parties shall request a ruling from the Court.

17. All persons employed by either Goldman Sachs or the Debtors who are given access to protected Discovery Materials will be instructed that such persons and the Parties are bound by the terms of this Stipulation.  All non-Parties who are given access by one of the Parties or its counsel to Discovery Materials pursuant to this Stipulation and Order shall be given a copy of this Stipulation and Order by such Party or its counsel prior to any access being provided, and will be instructed by such Party or its counsel that the Discovery Materials are protected by court order and that such persons and the Parties are bound by the terms of this Stipulation and Order.

18. Any member of the Committee and any expert witnesses engaged by the Parties must read this Stipulation and Order and execute an undertaking (attached hereto as Exhibit A) before they are given access to Discovery Materials.  Additionally, in the event that Confidential Discovery Materials are used at a deposition or Rule 2004 examination, portions of the transcript of such examination shall also be treated automatically as "CONFIDENTIAL" pursuant to this Stipulation, to the extent that said portions discuss the Confidential Discovery Materials.

19. The provisions of this Stipulation, insofar as they restrict the disclosure and use of Confidential Discovery Materials, shall continue to be binding on all parties and persons subject to the terms of this Stipulation and Order, as well as Undersigned Counsel, notwithstanding the final termination of the Rule 2004 Discovery or any Related Proceedings.

20. If any person receives a subpoena or other request seeking, or court order requiring, the production or disclosure of any Confidential Discovery Materials received from a Party, or a motion seeking to unseal Confidential Discovery Materials that have been filed with

the Court, that person shall give written notice to the producing Party within five (5) business days of receipt of such subpoena, request, court order, or motion, and at least five (5) business days prior to the time for production of such Discovery Materials pursuant to the subpoena, request, court order, or motion, if possible. If such written notice cannot be made, the person receiving the subpoena, request, court order, or motion must immediately give notice to counsel for the producing Party by telephone. In no event shall production or disclosure be made before notice is given, unless the person receiving the subpoena, request, court order, or motion is prohibited by law or regulatory order from providing such notice. The purpose of this paragraph is to provide the producing Party the opportunity to intervene at its own expense to object to the production, disclosure, or unsealing of such Discovery Materials.

21. Any party may object at any time to the designation of any document as "CONFIDENTIAL" made by the other party. Any such objection must be in writing to the designating party and shall identify with specificity the designated materials being challenged (e.g., by Bates numbers, deposition transcript page and line reference, or other means sufficient to locate easily such materials). The objecting party must request a meeting to attempt to resolve the dispute. If the dispute is not resolved through this meet-and-confer process, the objecting party may seek appropriate relief from the Court on an expedited basis. The designating party shall have the burden to demonstrate that the Discovery Materials that are the subject of any motion before the Court were properly designated pursuant to this Stipulation and Order and applicable law. In the event that a large number of such Discovery Materials are in dispute, the Parties shall use their best efforts to agree upon a reasonable amount of time during which any party may move the Court for appropriate relief. Any disputed Discovery Materials shall be treated in accordance with their designation under this Stipulation and Order until the Court rules otherwise.

22. The inadvertent production of any document or other disclosure of any document or information that the producing party contends is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or the information disclosed or as to any other document or information relating thereto. If any privileged documents or information ("Privileged Materials") are inadvertently produced or disclosed, the receiving Party agrees promptly to return such documents or information upon a written request by the producing Party. The receiving Party shall also take all necessary steps to prevent any further disclosure of such Privileged Materials. However, the Parties reserve the right to contest the designation of any such material as "privileged" by motion to the Court. No Party shall disclose or use materials subject to a claim of privilege unless and until the producing Party's claim is overruled by court order, provided, however, any such materials otherwise shall be maintained in accordance with the terms of this Stipulation and Order.

23. Upon the later of (a) the conclusion of the Bankruptcy Case; (b) the termination of any rights of the Debtors' estate or their successor to bring claims against any person or entity in connection with the subject matter of the Subpoenas; (c) the termination of all litigation or proceedings, including mediations, commenced in connection with the subject matter of the Subpoenas; (d) the resolution of all disputes between the Debtor and any person or entity relating to the subject matter of the Subpoenas; or (e) agreement of the Parties, all Confidential Material provided by Goldman Sachs in connection with the Bankruptcy Case or Rule 2004 Order, including all copies thereof, shall be either returned to Goldman Sachs or destroyed, and the Debtors shall provide Goldman Sachs within fourteen (14) days with an affidavit certifying in writing that such destruction (or return) has occurred. This obligation to

return or destroy Confidential Material shall extend and apply to any witness or other person given access to such Material as permitted under this Stipulation and Order. Nothing herein shall prevent the Parties from maintaining a set of documents and pleadings filed with any court, arbitrator or arbitration panel, even if those filed documents and pleadings were filed under seal and contain Confidential Material.

24. Nothing in this Stipulation and Order shall limit Goldman Sachs's use of its own documents or prevent it from disclosing its own "CONFIDENTIAL" information to any person. Such disclosures shall not affect any "CONFIDENTIAL" designations made pursuant to the terms of this Stipulation and Order, so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

25. The failure to designate Discovery Materials as "CONFIDENTIAL" shall not constitute a waiver of any claim outside of the Rule 2004 Discovery process or related litigation that such materials contain trade secrets or proprietary business information, or are otherwise confidential.

26. Nothing in this Stipulation and Order shall relieve a party of its obligations under the FRCP or under any future stipulations and orders, regarding the production of documents or the making of timely responses to discovery requests.

27. Goldman Sachs hereby fully reserves its rights to seek equitable relief, including injunctive relief and specific performance, for any alleged breach of this Stipulation.

28. This Stipulation and Order shall be without prejudice to and does not impair the ability or rights of: (a) Goldman Sachs to seek further limits on disclosure or protections for the confidentiality of any Discovery Materials designated as "CONFIDENTIAL" in addition to the limits and protections provided herein; or (b) Debtors to seek relief from any of the limits on disclosure or protections provided herein.

29. This Stipulation and Order may be signed by the Parties in counterparts.

30. The Parties agree to be bound by the terms of this Stipulation and Order upon the signing of the Stipulation and Order by their respective Undersigned Counsel.

IT IS HEREBY STIPULATED AND AGREED:

| KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|
| By: /s/ Michael J. Bowe | By: /s/ Carmine D. Boccuzzi Jr. |
| Michael J. Bowe, Esq.<br>Albert Shemmy Mishaan, Esq.<br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700 | Carmine D. Boccuzzi Jr., Esq.<br>Nancy I. Ruskin, Esq.<br>One Liberty Plaza<br>New York, New York<br>Telephone: (212) 225-2000 |
| *Counsel for Lehman Brothers Holdings, Inc.* | *Counsel for Goldman Sachs & Co. and The Goldman Sachs Group, Inc.* |

**SO ORDERED:**

Dated: New York, New York
        February 17, 2011

       *s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

**EXHIBIT A**

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the Stipulation and Order entered into between the Parties and endorsed by the Court dated _____, in the action entitled <u>In re Lehman Brothers Holdings, Inc. et. al. (Case No. 08-13555)</u> and understands and agrees to be bound by the terms thereof.

Date: _____, 2011

By: _____