WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :    **08-13555 (JMP)**
                                          :
         **Debtors.**                     :        **(Jointly Administered)**
                                          :
-------------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING BANK OF NOVA SCOTIA LIMITED RELIEF FROM THE
### AUTOMATIC STAY TO FORECLOSE AGAINST THE TOWN SQUARE MALL

Lehman Brothers Holdings Inc. ("LBHI") and Bank of Nova Scotia, New York

Agency, in its capacity as administrative agent (the "Administrative Agent," and together with

LBHI, the "Parties") by and through their respective counsel, hereby enter into this Stipulation,

Agreement and Order (this "Stipulation") and represent and agree as follows:

### RECITALS

A.    On September 15, 2008 and periodically thereafter (the "Petition Date"), LBHI

and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary

cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The

Debtors are authorized to continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**The Town Square Mall**

B. On October 25, 2006, Turnberry/Centra Sub, LLC ("Town Square Borrower")
entered into that certain Construction Loan Agreement (as amended, the "Construction Loan
Agreement" and, together with the Construction Loan Agreement and all other loan documents
executed in connection therewith, the "Construction Loan Documents") with the Administrative
Agent, as successor-in-interest to Deutsche Bank Trust Company Americas, and certain Lenders
(as defined in the Construction Loan Agreement). Pursuant to the Construction Loan
Agreement, the Lenders agreed to loan Town Square Borrower the maximum aggregate principal
amount of $470 million.

C. Town Square Borrower's obligations under the Construction Loan Agreement are
secured by, among other things, a perfected, first-priority lien in favor of the Administrative
Agent on certain portions of that certain shopping mall located in Las Vegas, Nevada generally
known as Town Square (the "Town Square Mall") and certain other collateral (collectively, the
"Construction Loan Collateral") pursuant to that certain Deed of Trust, Security Agreement,
Assignment of Rents and Leases and Fixture Filing, dated as of October 25, 2006 (the
"Construction Loan Deed of Trust").

**LBHI's Loan to the Soffers**

D. On July 25, 2007, Jeffrey and Jacquelyn Soffer (together, the "Soffers")
individually and collectively entered into that certain Loan Agreement (as amended, the
"Lehman Loan Agreement" and, together with all other loan documents executed in connection
therewith, the "Lehman Loan Documents") with LBHI, as lender. Pursuant to the Lehman Loan
Agreement, LBHI agreed to loan the Soffers the maximum aggregate principal amount of $95
million.

E. The Soffers' obligations under the Lehman Loan Agreement are secured by,
among other things, a perfected, first-priority lien on six metes and bounds parcels and
associated easement rights for access, utilities, parking and common area use, all located within
the Town Square Mall (the "Lehman Collateral"), comprising various floors and portions of

floors within the Town Square Mall owned by Turnberry/Centra Office Sub ("Turnberry Office"), pursuant to that certain Deed of Trust and Security Agreement, dated October 3, 2007.

F.    The Lehman Collateral does not secure the obligations under the Construction Loan Documents and Construction Loan Collateral does not secure the obligations under the Lehman Loan Documents.

**The Easements**

G.    The Town Square Mall is subject to a recorded Reciprocal Easement Agreement (Town Square Office Parcel), dated as of October 3, 2007 (the "REA"), by and between Town Square Borrower and Turnberry Office.  The REA grants certain easements for access, utilities, construction, and common area use rights over the Town Square Mall.  The Town Square Mall is subject to certain additional easements and/or instruments, including the easements and/or instruments (together with the REA, the "Instruments") listed on Schedule C of the Subordination Agreement, by and between the Administrative Agent and LBHI, attached hereto as Exhibit A (the "Subordination Agreement").

H.    Pursuant to that certain Consent of Retail Parcel Mortgagee, dated October 3, 2007, the Administrative Agent acknowledges and agrees that neither the REA nor the Records of Survey (as defined in the REA) shall be modified, disturbed or extinguished by any judicial foreclosure, trustee's sale, deed in lieu of foreclosure or the exercise of any of the other remedies provided for in the Construction Loan Deed of Trust or by law.

**The Maturity of the Lehman Loan Agreement and the Construction Loan Agreement**

I.    On February 27, 2009, the Lehman Loan Agreement matured pursuant to its terms.  On March 2, 2009, all of the Town Square Borrower's obligations under the Construction Loan Agreement, in the principal amount of approximately $449 million plus interest and fees, matured pursuant to their terms, and remain outstanding and unpaid.  Accordingly, the Administrative Agent asserts that it is entitled to and seeks to foreclose on the Construction Loan Collateral.

J.      On January 11, 2011, the Administrative Agent filed the Motion of the Bank of Nova Scotia for Relief from the Automatic Stay to Foreclose Against the Town Square Mall [Docket No. 13889] (the "Motion").  In an effort to consensually resolve the Motion and certain issues that have arisen in connection with the Administrative Agent's exercise of its rights and remedies with respect to the Construction Loan Documents, including foreclosure on the Construction Loan Collateral, the Parties have agreed that it is in their best interests to enter into this Stipulation upon the terms and conditions herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.      The Administrative Agent acknowledges and agrees that the Lehman Collateral is not part of the Construction Loan Collateral and that neither the Lehman Collateral nor the Instruments shall be modified, disturbed or extinguished by any judicial foreclosure, trustee's sale, deed in lieu of foreclosure or any other exercise of rights or other remedies provided for in the Construction Loan Documents or by law or in equity.

3.      LBHI acknowledges and agrees that the Construction Loan Collateral is not part of the Lehman Collateral and that neither the Construction Loan Collateral nor the Instruments shall be modified, disturbed or extinguished by any judicial foreclosure, trustee's sale, deed in lieu of foreclosure or any other exercise of rights or other remedies provided for in the Lehman Loan Documents or by law or in equity.

4.      Upon the Effective Date, the Administrative Agent shall promptly file the Subordination Agreement in the public records of Clark County, Nevada.

5.      Upon the Effective Date, and provided that the Administrative Agent has filed the Subordination Agreement in accordance with Paragraph 4 above, the automatic stay extant

4

pursuant to section 362(a) of the Bankruptcy Code in the Debtors' above-captioned cases (the "Automatic Stay") shall be modified solely to the extent necessary to permit the Administrative Agent to exercise its rights, with respect to the Construction Loan Collateral, under the Construction Loan Documents and applicable law, including foreclosure on the Construction Loan Collateral, solely as against parties other than the Debtors, including the Town Square Borrower and any guarantor of indebtedness under the Construction Loan Agreement; provided, however, in no event shall any such action in any manner disturb or extinguish the Lehman Collateral or the Instruments.

6.    Other than as set forth in Paragraph 5 above, the Automatic Stay remains in full force and effect including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date against the Debtors, the Debtors' estates and/or to exercise control over assets or property of the Debtors or the Debtors' estates (as defined in section 541 of the Bankruptcy Code).

7.    LBHI, through its officer(s), is hereby authorized to make, execute, file and deliver such statements, instruments, and other documents and to take all other and further actions that may be required or necessary for the performance by LBHI of the terms of this Stipulation, and each of the Parties are hereby authorized to file, register or otherwise record a copy of this Stipulation.

8.    This Stipulation shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, records of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Construction Loan Collateral and the transactions effectuated in connection therewith under this Stipulation.

9.      Except as expressly provided herein, nothing in this Stipulation shall constitute or be construed as (a) an amendment to the Lehman Loan Agreement, the Construction Loan Documents or the REA, (b) a waiver or forgiveness of Town Square Borrower's defaults in connection with the Construction Loan Agreement or the Soffers' defaults in connection with the Lehman Loan Agreement, (c) a waiver of any right or remedy available to the Administrative Agent under the Construction Loan Documents or pursuant to applicable law or in equity, all of which the Administrative Agent expressly reserves, (d) a waiver of any right or remedy available to LBHI under the Lehman Loan Documents or pursuant to applicable law or in equity, all of which LBHI expressly reserves or (e) an admission as to the validity of any claim of or against any Party, or as a waiver of the rights of any Party to dispute any claim.

10.      This Stipulation is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

11.      Each person who executes this Stipulation on behalf of a Party represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

12.      This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

13.      This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

14.      This Stipulation shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

15.      This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

*[The remainder of this page is intentionally blank.]*

Dated: February 15, 2011

**WEIL, GOTSHAL & MANGES LLP**          **KATTEN MUCHIN ROSENMAN LLP**


/s/ Shai Y. Waisman                              /s/ Matthew W. Olsen
Shai Y. Waisman                                  Kenneth E. Noble
767 Fifth Avenue                                 Matthew W. Olsen
New York, New York 10153                         575 Madison Avenue
Telephone: (212) 310-8000                        New York, New York 10022
Facsimile: (212) 310-8007                        Telephone: (212) 940-8800
                                                 Facsimile: (212) 940-8776


Attorneys for Debtors                            Attorneys for the Bank of Nova Scotia,
and Debtors in Possession                        New York Agency



**SO ORDERED:**


Dated: New York, New York
          February 17, 2011

                              _s/ James M. Peck_
                              Honorable James M. Peck
                              United States Bankruptcy Judge

## Exhibit A

**Subordination Agreement**

**APN**:  177-05-510-002

**RECORDING REQUESTED BY**
**AND WHEN RECORDED MAIL TO:**

Katten Muchin Rosenman LLP
575 Madison Avenue
New York, New York 10022
Attention: Sheri P. Chromow, Esq.

_____

## SUBORDINATION AGREEMENT

         This SUBORDINATION AGREEMENT is made as of the ____ day of _____, 2011 by and between the BANK OF NOVA SCOTIA, NEW YORK AGENCY, a Canadian chartered bank, in its capacity as administrative agent for the Lenders (as defined below), having an address at One Liberty Plaza, New York, New York 10006 (together with its successors and assigns, in such capacity, "<u>Agent</u>") and LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation ("<u>Lehman</u>").

1.       On October 25, 2006, Turnberry/Centra Sub, LLC, a Delaware limited liability company, having an address at 19501 Biscayne Boulevard, Suite 400, Aventura, Florida 33180 ("<u>Turnberry Sub</u>") entered into that certain Construction Loan Agreement (as amended, the "Construction Loan Agreement" and, together with all other loan documents executed in connection therewith, the "<u>Construction Loan Documents</u>") with Agent, as successor in interest to Deutsche Bank Trust Company Americas, and certain Lenders (as defined below).  Turnberry Sub's obligations under the Construction Loan Agreement are secured by, among other things, that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing, dated as of October 25, 2006, made by Turnberry/Centra Sub, LLC, a Delaware limited liability company, having an address at 19501 Biscayne Boulevard, Suite 400, Aventura, Florida 33180 ("<u>Turnberry Sub</u>") in favor of Agent, as successor-in-interest to Deutsche Bank Trust Company Americas, a New York banking corporation, as a lender and the administrative agent for the lenders party from time to time thereto (the "<u>Lenders</u>"), and recorded on October 26, 2006 in Book 20061026 as Instrument No. 0004346 of the Official Records of the Recorder of Clark County, Nevada (the "<u>Official Records</u>"), as amended by that certain Modification of Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing, dated as of January 24, 2007, made by Turnberry Sub in favor of Agent and the Lenders, and recorded on January 25, 2007 in Book 20070125 as Instrument No. 0004554 of the Official Records, as amended by that certain Second Modification of Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing, dated as of March 1, 2008, made by Turnberry Sub in favor of Agent and the Lenders, and recorded on March 7, 2008 in Book 20080307 as Instrument No. 0003320 of the Official Records, and as further amended by that certain Third Modification of Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing, dated as of September 1,

2008, made by Turnberry Sub in favor of Agent and the Lenders, and recorded on September 2, 2008 in Book 20080902 as Instrument No. 0003577 of the Official Records (as the same may be amended, supplemented and modified from time to time, the "Agent Deed of Trust") encumbering certain real property located in Clark County, Nevada and more particularly described on Schedule A attached hereto and made a party hereof (the "Agent's Property").

2.      On July 25, 2007, Jeffrey and Jacquelyn Soffer (together, the "Soffers") individually and collectively entered into that certain Loan Agreement (as amended, the "Lehman Loan Agreement" and, together with all other loan documents executed in connection therewith, the "Lehman Loan Documents") with Lehman, as lender.  The Soffers' obligations under the Lehman Loan Agreement are secured by, among other things, that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing, dated as of October 3, 2006 made by Turnberry/Centra Office Sub, LLC, a Delaware limited liability company ("Turnberry Office") in favor of Lehman, and recorded on October 5, 2007 in Book 20071005 as Instrument No. 02107 of the Official Records (the "Lehman Deed of Trust") encumbering certain real property located in Clark County, Nevada and more particularly described on Schedule B attached hereto and made a party hereof (the "Office Property" and together Agent's Property, collectively referred to herein as the "Town Square Mall").

3.      The Town Square Mall is subject to a recorded Reciprocal Easement Agreement (Town Square Office Parcel), dated as of October 3, 2007 and recorded October 5, 2007 in Book 20071005 as Instrument No. 01762 of the Official Records of the Recorder of Clark County, Nevada (the "REA") by and between Turnberry Sub and Turnberry Office.  The REA grants certain easements for access, utilities, constructions, and common area use rights over the Town Square Mall.  The Town Square Mall is subject to certain additional easements and/or instruments owned and held by Turnberry Sub and Turnberry Office, as applicable, as more particularly described on Schedule C attached hereto and made a part hereof (the "Easements").

4.      The liens of the Agent Deed of Trust and the Lehman Deed of Trust shall each be subordinate to the Easements and such priority shall be accorded said Easements notwithstanding that said Easements are dated and recorded subsequent to the date and recordation of the Agent Deed of Trust and the Lehman Deed of Trust.

5.      Agent  and Lehman hereby acknowledge and agree that the Easements shall not be modified, disturbed or extinguished by any judicial foreclosure, trustee's sale, deed in lieu of foreclosure or the exercise of any of the remedies provided for in the Agent Deed of Trust, the Lehman Deed of Trust or by law; and, any successor to or assignee of the interests of Lenders or Lehman as a result of such a judicial foreclosure, trustee's sale, deed in lieu of foreclosure or the exercise of any of the other remedies provided for in the Agent Deed of Trust, the Lehman Deed of Trust or by law shall take title to the property encumbered by the Agent Deed of Trust and the Lehman Deed of Trust, as applicable, subject to the Easements.

84502612

6.      This Subordination Agreement shall apply to any extension, renewal or modification of the Easements.

7.      The words "Turnberry Sub", "Turnberry Office", "Agent" and "Lehman" shall include their respective successors and assigns.  If there are more than one Turnberry Sub, Turnberry Office, Agent or Lehman, the words "Turnberry Sub", "Turnberry Office", "Agent" and "Lehman" used in this Agreement includes them.

8.      Nothing in this Subordination Agreement shall constitute or be construed as (a) an amendment to the Lehman Loan Documents, the Construction Loan Documents or the REA, (b) a waiver or forgiveness of Turnberry Sub's defaults in connection with the Construction Loan Agreement or the Soffers' defaults in connection with the Lehman Loan Agreement, (c) a waiver of any right or remedy available to Agent under the Construction Loan Documents or pursuant to applicable law or in equity, all of which Agent expressly reserves, or (d) a waiver of any right or remedy available to Lehman under the Lehman Loan Documents or pursuant to applicable law or in equity, all of which Lehman expressly reserves.


Agreed to this _____ day of _____, 2011.


"**AGENT**"

**BANK OF NOVA SCOTIA**, **NEW YORK AGENCY**,
a Canadian chartered bank


By:_____
    Name:
    Title:

84502612

3

"**LEHMAN**"

**LEHMAN BROTHERS HOLDINGS INC**.,
a Delaware corporation

By:_____
    Name:
    Title:

By:_____
    Name:
    Title:

STATE OF NEW YORK               )
                               ) ss.
COUNTY OF NEW YORK             )

On _____, 2011, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and by his/her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public


STATE OF                       )
                               ) ss.
COUNTY OF                      )

On _____, 2011, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and by his/her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public

SCHEDULE A

Legal Description of Agent's Property

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF CLARK, STATE OF NEVADA, AND IS DESCRIBED AS FOLLOWS:

Lot 1 as shown in that certain Final Map entitled "Town Square, A Commercial Subdivision", recorded in Book 135, Page 62 of Plats on file at the Clark County, Nevada recorder's office, lying within the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada.

**Excepting therefrom the following:**

Parcel I:

A portion of Lot 1 as shown on that certain Final Map entitled "Town Square, a Commercial Subdivision", recorded in Book 135, Page 62 of Plats in the Clark County, Nevada recorder's office, lying with the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, Range 61 East, M.D.M., described as follows:

The Vestibule for Floor One of Building "H" located in the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada, described as follows:

Vestibule #1:

Commencing at the Northeast corner of said Section 5, being at the centerline of intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19'25" East, 834.86 feet; thence departing said east section line and street centerline, South 89°45'06" West, 882.86 feet to the Point of Beginning; thence South 00°14'54" East, 25.96 feet; thence South 89°45'06" West, 35.26 feet; thence North 00°14'54" West, 3.36 feet to a point herein after described as Point "A"; thence South 89°45'06" West, 1.37 feet; thence North 00°14'54" West, 20.39 feet; thence North 89°45'06" East, 15.25 feet; thence North 00°14'54" West, 2.21 feet; thence North 89°45'06" East, 21.39 feet to the Point of Beginning.

Vestibule #2:

Commencing at the aforementioned Point "A"; thence South 89°45'06" West, 192.72 feet to a point herein after described as Point "B"; thence South 00°14'54" East, 76.42 feet; thence South 89°45'06" West, 2.88 feet to the Point of Beginning; thence continuing South 00°14'54" East, 23.99 feet; thence South 89°45'06" West, 7.79 feet; thence North 00°14'54" West, 5.00 feet; thence South 89°45'06" West, 1.73 feet; thence North 00°14'54" West, 2.49 feet; thence South 89°45'06" West, 17.77 feet; thence North 00°14'54" West, 23.43 feet; thence North 89°45'06" East, 16.43 feet; thence South 00°14'54" East, 6.94 feet; thence North 89°45'06" East, 10.86 feet to the Point of Beginning.

84502612

Vestibule #3:

Commencing at the aforementioned Point "B"; thence North 00°14'54" West, 56.96 feet to the Point of Beginning; thence South 89°45'06" West, 11.89 feet; thence North 00°14'54" West, 26.75 feet; thence North 89°45'06" East, 9.00 feet; thence South 00°14'54" East, 15.95 feet; thence North 89°45'06" East, 2.89 feet; thence South 00°14'54" East, 10.80 feet to the Point of Beginning.

The vertical limits of the above described vestibule's will extend from the upper surface of the finish floor of Floor One of Building "H", generally accepted to be at an elevation of 2223.00' AMSL, to the lower surface of the finished ceiling above, generally accepted to be at an elevation of 2243.00' AMSL.

The above described parcel is also shown on that certain Record of Survey recorded in File 168 of Surveys, Page 79, Official Records of Clark County, Nevada.

Parcel II:

Floor Two of Building "H" located in the Northeast Quarter (NE 1/4 ) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada, described as follows:

Commencing at the Northeast corner of said Section 5, being at the centerline intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19'25" East, 834.56 feet; thence departing said east section line and street centerline, South 89°45'06" West, 814.55 feet to the Point of Beginning; thence South 00°14'54" East, 28.06 feet; thence South 89°45'06" West, 13.17 feet; thence South 00°14'54" East, 51.65 feet; thence North 89°45'06" East, 2.96 feet; thence South 45°14'55" East, 15.38 feet; thence South 00°14'54" East, 15.38 feet; thence South 44°45'06" West, 15.38 feet; thence South 89°45'06" West 15.38 feet; thence North 45°14'54" West, 15.38 feet; thence North 00°14'54" West, 2.96 feet; thence South 89°45'06" West, 69.93 feet; thence South 00°14'54" East, 29.83 feet; thence South 89°45'06" West, 28.73 feet; thence North 00°14'54" West, 2.42 feet; thence South 89°45'06" West, 119.30 feet; thence North 00°14'54" West, 12.42 feet; thence South 89°45'06" West, 20.25 feet; thence South 00°14'54" East, 5.00 feet; thence South 89°45'06" West, 9.62 feet; thence North 00°14'54" West, 0.71 feet; thence South 89°45'06" West, 16.38 feet; thence North 00°14'54" East, 0.71 feet; thence South 89°45'06" West, 7.67 feet; thence North 00°14'54" West, 5.00 feet; thence South 89°45'06" West, 57.96 feet; thence South 00°14'54" East, 2.71 feet; thence South 44°45'06" West, 15.38 feet; thence South 89°45'06" West, 15.38 feet; thence North 45°14'54" West, 15.38 feet; thence North 00°14'54" West, 15.38 feet; thence North 44°45'06" East, 15.38 feet; thence North 89°45'06" East, 2.71 feet; thence North 00°14'54" West, 95.96 feet; thence South 89°45'06" West, 5.50 feet; thence North 00°14'54" West, 9.00 feet; thence North 89°45'06" East, 0.83 feet; thence North 00°14'54" West, 14.67 feet; thence South 89°45'06" West, 0.83 feet; thence North 00°14'54" West, 9.00 feet; thence North 89°45'06" East, 5.00 feet; thence North 00°14'54" West, 48.50 feet; thence North 89°45'06" East, 92.67 feet; thence South 00°14'54" East, 109.00 feet; thence North 89°45'06" East, 192.72 feet; thence North 00°14'54" West, 26.33 feet; thence North 89°45'06" East, 36.64 feet; thence South 00°14'54" East, 0.33 feet; thence North 89°45'06" East, 40.25 feet; thence North 00°14'54" West, 0.33 feet; thence North 89°45'06" East, 28.06 feet to the Point of Beginning.

The vertical limits of the above described will extend from the upper surface of the finish floor of Floor Two of Building "H" generally accepted to be at an elevation of 2243.00' AMSL, to the lower surface of the finished ceiling above, generally accepted to be at an elevation of 2258.00" AMSL.

The above described parcel is also shown on that certain Record of Survey recorded in File 168 of Surveys, page, 79 , Official Records of Clark County, Nevada.

Parcel III:

Floor Three of Building "H" located in the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada, described as follows:

Commencing at the Northeast corner of said Section 5, being at the centerline intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19'25" East, 834.56 feet; thence departing said east section line and street centerline, South 89°45'06" West, 814.55 feet to the Point of Beginning; thence South 00°14'54" East, 28.08 feet; thence South 89°45'06" West, 13.17 feet; thence South 00°14'54" East, 51.63 feet; thence North 89°45'06" East, 2.96 feet; thence South 45°14'54" East, 15.38 feet; thence South 00°14'54" East, 15.38 feet; thence South 44°45'06" West, 15.38 feet; thence South 89°45'06" West, 15.38 feet; thence North 45°14'54" West, 15.38 feet; thence North 00°14'54" West, 2.96 feet; thence South 89°45'06" West 69.93 feet; thence South 00°14'54" East, 15.58 feet; thence South 89°45'06" West, 0.50 feet; thence South 00°14'54" East, 10.77 feet; thence North 89°45'06" East, 0.50 feet; thence South 00°14'54" East, 3.48 feet; thence South 89°45'06" West, 8.98 feet; thence North 00°14'54" West, 0.50 feet; thence South 89°45'06" West, 10.77 feet; thence South 00°14'54" East, 0.50 feet; thence South 89°45'06" West 8.98 feet; thence North 00°14'54" West, 3.48 feet; thence North 89°45'06" East, 0.50 feet; thence North 00°14'54" West, 10.77 feet; thence South 89°45'06" West, 0.50 feet; thence North 00°14'54" West, 0.58 feet; thence South 89°45'06" West, 139.55 feet; thence South 00°14'54" East, 5.00 feet; thence South 89°45'06" West, 33.67 feet; thence North 00°14'54" West, 5.00 feet; thence South 89°45'06" West, 57.96 feet; thence South 00°14'54" East, 2.71 feet; thence South 44°45'06" West, 15.38 feet; thence South 89°45'06" West, 15.38 feet; thence North 45°14'54" West, 15.38 feet; thence North 00°14'54" West, 15.38 feet; thence North 44°45'06" East, 15.38 feet; thence North 89°45'06" East, 2.71 feet; thence North 00°14'54" West, 95.96 feet; thence South 89°45'06" West, 5.50 feet; thence North 00°14'54" West, 32.67 feet; thence North 89°45'06" East, 5.00 feet; thence North 00°14'54" West, 48.50 feet; thence North 89°45'06" East, 92.67 feet; thence South 00°14'54" East, 109.00 feet; thence North 89°45'06" East, 192.67 feet; thence North 00°14'54" West, 26.28 feet; thence North 89°45'06" East, 36.64 feet; thence South 00°14'54" East, 0.28 feet; thence North 89°45'06" East, 40.28 feet; thence North 00°14'54" West, 0.33 feet; thence North 89°45'06" East, 28.08 feet to the Point of Beginning.

The vertical limits of the above described will extend from the upper surface of the finish floor of Floor Three of Building "H", generally accepted to be at an elevation of 2258.00' AMSL, to the lower surface of the finished ceiling above, generally accepted to be at an elevation of no more than 2272.50' AMSL and no less than 2275.00' AMSL as the roof of Building "H" slopes from the front to the rear.

The above described parcel is also shown on that certain Record of Survey recorded in File 168 of Surveys, Page 79, Official Records of Clark County, Nevada.

84502612

8

Parcel IV:

The Vestibule for Floor One of Building "R" located in the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, range 61 East, M.D.M., Clark County, Nevada, described as follows:

Commencing at the Northeast corner of said Section 5, being at the centerline intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19'25" East, 512.32 feet; thence departing said east section line and street centerline, South 89°45'06" West, 1224.80 feet to the Point of Beginning; thence continuing South 89°45'06" West, 25.64 feet; thence North 00°14'54" West, 32.71 feet; thence North 89°45'06" East, 24.72 feet; thence South 00°14'54" East, 2.12 feet; thence North 89°45'06" East, 1.66 feet; thence South 00°14'54" East, 12.09 feet; thence South 89°45'06" West 1.66 feet; thence South 00°14'54" East, 3.40 feet; thence North 89°45'06" East, 0.91 feet; thence South 00°14'54" East, 15.09 feet to the Point of Beginning.

The vertical limits of the above described will extend from the upper surface of the finish floor of Floor One of Building "R", generally accepted to be at an elevation of 2224.33' AMSL, to the lower surface of the finished ceiling above, generally accepted to be at an elevation of 2243.00' AMSL.

The above described parcel is also shown on that certain Record of Survey recorded in File 168 of Surveys, Page 80 , Official Records of Clark County, Nevada.

Parcel V:

Floor Two of Building "R" located in the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada, described as follows:

Commencing at the Northeast corner of said Section 5, being at the centerline of intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19'25" East, 515.04 feet; thence departing said east section line and street centerline, South 89°45'06" West, 1223.90 feet to the Point of Beginning; thence South 00°14'54" East, 155.35 feet; thence North 89°45'06" East, 0.35 feet; thence South 00°14'54" East, 14.57 feet; thence South 89°45'06" West, 0.35 feet; thence South 00°14'54" East, 51.23 feet; thence South 89°45'06" West, 8.76 feet; thence South 00°14'54" East, 35.68 feet; thence South 89°45'06" West, 68.54 feet; thence South 00°14'54" East, 1.30 feet; thence South 89°45'06" West, 20.74 feet; thence North 00°14'54" West, 21.61 feet; thence North 89°45'06" East, 2.06 feet; thence North 00°14'54" West, 271.97 feet; thence North 89°45'06" East, 94.16 feet; thence South 00°14'54" East, 2.12 feet; thence North 89°45'06" East, 1.66 feet; thence South 00°14'54" East, 33.31 feet; thence North 89°45'06" East, 0.16 feet to the Point of Beginning.

The vertical limits of the above described will extend from the upper surface of the finish floor of Floor Two of Building "R", generally accepted to be at an elevation of 2243.00' AMSL, to the lower surface of the finished ceiling above, generally accepted to be at an elevation of no less than 2257.00' AMSL and no more than 2259.00' AMSL as the roof of Building "R" slopes from the front to the rear.

The above described parcel is also shown on that certain Record of Survey recorded in File 168 of Surveys, Page 80, Official Records of Clark County, Nevada.

84502612

Parcel VI:

Level Two and Level Three of the Parking Garage located in the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada, described as follows:

Commencing at the Northeast corner of said Section 5, being at the centerline intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19'25" East, 479.40 feet; thence departing said east section line and street centerline, South 89°45'06" West, 143.46 feet to the westerly line of said Las Vegas Boulevard South; thence continuing South 89°45'06" West, 784.63 feet to the Point of Beginning; thence South 00°14'54" East, 341.00 feet; thence South 89°45'06" West, 16.00 feet; thence South 00°14'54" East, 16.00 feet; thence South 89°45'06" West, 137.33 feet; thence North 00°14'54" West, 115.00 feet; thence South 89°45'06" West, 96.67 feet; thence North 00°14'54" West, 242.00 feet; thence North 89°45'06" East, 250.00 feet to the Point of Beginning.

The vertical limits of the above described will extend from the upper surface of the finish floor of Level Two of the "North Parking Garage", generally accepted to be at an elevation of 2232.67' AMSL, to the lower surface of the finished ceiling of Level Three of the "North Parking Garage," generally accepted to be at an elevation of 2248.33' AMSL.

The above described parcel is also shown on that certain Record of Survey recorded in File 168 of Surveys, Page 81, Official Records of Clark County, Nevada.

APN: 177-05-510-002

84502612

<u>SCHEDULE B</u>

Legal Description of Office Property

Parcel I:

A portion of Lot 1 as shown on that certain Final Map entitled .Town Square, a Commercial Subdivision., recorded in Book 135, Page 62 of Plats in the Clark County, Nevada recorder's office, lying with the Northeast Quarter (NE ¼) of Section 5, Township 22 South, Range 61 East, M.D.M., described as follows:

The Vestibule for Floor One of Building .H. located in the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada, described as follows:

Vestibule #1:

Commencing at the Northeast corner of said Section 5, being at the centerline of intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19.25. East, 834.86 feet; thence departing said east section line and street centerline, South 89°45.06. West, 882.86 feet to the Point of Beginning; thence South 00°14.54. East, 25.96 feet; thence South 89°45.06. West, 35.26 feet; thence North 00° 14.54. West, 3.36 feet to a point herein after described as Point .A.; thence South 89°45.06. West, 1.37 feet; thence North 00°14.54. West, 20.39 feet; thence North 89°45.06. East, 15.25 feet; thence North 00°14.54. West, 2.21 feet; thence North 89°45.06. East, 21.39 feet to the Point of Beginning.

Vestibule #2:

Commencing at the aforementioned Point .A.; thence South 89°45.06. West, 192.72 feet to a point herein after described as Point .B.; thence South 00°14.54. East, 76.42 feet; thence South 89°45.06. West, 2.88 feet to the Point of Beginning; thence continuing South 00°14.54. East, 23.99 feet; thence South 89°45.06. West, 7.79 feet; thence North 00°14.54. West, 5.00 feet; thence South 89°45.06. West, 1.73 feet; thence North 00°14.54" West, 2.49 feet; thence South 89°45.06. West, 17.77 feet; thence North 00°14.54. West, 23.43 feet; thence North 89°45.06. East, 16.43 feet; thence South 00°14.54. East, 6.94 feet; thence North 89°45.06. East, 10.86 feet to the Point of Beginning.

Vestibule #3:

Commencing at the aforementioned Point .B.; thence North 00°14.54. West, 56.96 feet to the Point of Beginning; thence South 89°45.06. West, 11.89 feet; thence North 00°14.54. West, 26.75 feet; thence North 89°45.06. East, 9.00 feet; thence South 00°14.54. East, 15.95 feet; thence North 89°45.06. East, 2.89 feet; thence South 00°14.54. East, 10.80 feet to the Point of Beginning.

The vertical limits of the above described vestibule's will extend from the upper surface of the finish floor of Floor One of Building .He, generally accepted to be at an elevation of 2223.00. AMSL, to the lower surface of the finished ceiling above, generally accepted to be at an elevation of 2243.00. AMSL.

Parcel II:

Floor Two of Building .H. located in the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada, described as follows:

Commencing at the Northeast corner of said Section 5, being at the centerline intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19'25" East, 834.56 feet; thence departing said east section line and street centerline, South 89°45.06. West, 814.55 feet to the Point of Beginning; thence South 00°14.54. East, 28.06 feet; thence South 89°45.06. West, 13.17 feet; thence South 00°14.54. East, 51.65 feet; thence North 89°45.06. East, 2.96 feet; thence South 45°14.55. East, 15.38 feet; thence South 00°14.54. East, 15.38 feet; thence South 44°45.06. West, 15.38 feet; thence South 89°45.06. West 15.38 feet; thence North 45°14.54. West, 15.38 feet; thence North 00°14.54. West, 2.96 feet; thence South 89°45.06. West, 69.93 feet; thence South 00°14.54. East, 29.83 feet; thence South 89°45'06" West, 28.73 feet; thence North 00°14.54. West, 2.42 feet; thence South 89°45.06. West, 119.30 feet; thence North 00°14'54' West, 12.42 feet; thence South 89°45.06. West, 20.25 feet; thence South 00°14.54. East, 5.00 feet; thence South 89°45.06. West, 9.62 feet; thence North 00°14'54" West, 0.71 feet; thence South 89°45.06. West, 16.38 feet; thence South 00°14.54. East, 0.71 feet; thence South 89°45.06. West, 7.67 feet; thence North 00°14.54. West, 5.00 feet; thence South 89°45.06 West, 57.96 feet; thence South 00°14'54" East, 2.71 feet; thence South 44°45.06. West, 15.38 feet; thence South 89°45.06. West, 15.38 feet; thence North 45°14.54. West, 15.38 feet; thence North 00°14.54. West, 15.38 feet; thence North 44°45.06. East, 15.38 feet; thence North 89°45.06. East, 2.71 feet; thence North 00°14.54. West, 95.96 feet; thence South 89°45.06. West, 5.50 feet; thence North 00°14'54" West, 9.00 feet; thence North 89°45.06. East, 0.83 feet; thence North 00°14.54. West, 14.67 feet; thence South 89°45.06. West, 0.83 feet; thence North 00°14.54. West, 9.00 feet; thence North 89°45.06. East, 5.00 feet; thence North 00°14.54. West, 48.50 feet; thence North 89°45.06. East, 92.67 feet; thence South 00°14.54. East, 109.00 feet; thence North 89°45.06. East, 192.72 feet; thence North 00°14.54. West, 26.33 feet; thence North 89°45.06. East, 36.64 feet; thence South 00°14.54. East, 0.33 feet; thence North 89°45.06. East, 40.25 feet; thence North 00°14.54. West, 0.33 feet; thence North 89°45.06. East, 28.06 feet to the Point of Beginning.

The vertical limits of the above described will extend from the upper surface of the finish floor of Floor Two of Building H generally accepted to be at an elevation of 2243.00. AMSL, to the lower surface of the finished ceiling above, generally accepted to be at an elevation of 2258.00 AMSL.

Parcel Three:

Floor Three of Building .H. located in the Northeast Quarter (NE ¼) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada, described as follows:

Commencing at the Northeast corner of said Section 5, being at the centerline intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 89°45.06. West, 814.55 feet to the Point of Beginning; thence South 00°14.54. East, 28.08 feet; thence South 89°45.06. West, 13.17 feet; thence South 00°14.54. East, 51.63 feet; thence North 89°45.06. East, 2.96 feet; thence South 45°14.54. East, 15.38 feet; thence South 00°14.54. East, 15.38 feet; thence South 44°45.06. West, 15.38 feet; thence South 89°45.06. West,

84502612

15.38 feet; thence North 45°14.54. West, 15.38 feet; thence North 00°14.54. West, 2.96 feet; thence South 89°45.06. West 69.93 feet; thence South 00°14.54. East, 15.58 feet; thence South 89°45.06. West, 0.50 feet; thence South 00°14.54. East, 10.77 feet; thence North 89°45.06. East, 0.50 feet; thence South 00°14.54. East, 3.48 feet; thence South 89°45.06. West, 8.98 feet; thence North 00°14.54. West, 0,50 feet; thence South 89°45.06. West, 10.77 feet; thence South 00°14.54. East, 0.50 feet; thence South 89°45.06. West 8.98 feet; thence North 00°14.54. West, 3.48 feet; thence North 89°45'06' East, 0.50 feet; thence North 00°14.54. West, 10.77 feet; thence South 89°45.06. West, 0.50 feet; thence North 00°14.54. West, 0.58 feet; thence South 89°45.06. West, 139.55 feet; thence South 00°14.54. East, 5.00 feet; thence South 89°45.06. West, 33.67 feet; thence North 00°14.54. West, 5.00 feet; thence South 89°45.06. West, 57.96 feet; thence South 00°14.54. East, 2.71 feet; thence South 44°45.06. West, 15.38 feet; thence South 89°45.06. West, 15.38 feet; thence North 45°14.54. West, 15.38 feet; thence North 00°14.54. West, 15.38 feet; thence North 44°45.06. East, 15.38 feet; thence North 89°45.06. East, 2.71 feet; thence North 00°14.54. West, 95.96 feet; thence South 89°45'06" West, 5.50 feet; thence North 00°14.54. West, 32.67 feet; thence North 89°45.06. East, 5.00 feet; thence North 00°14.54. West, 48.50 feet; thence North 89°45.06. East, 92.67 feet; thence South 00°14'54" East, 109.00 feet; thence North 89°45.06. East, 192.67 feet; thence North 00°14.54. West, 26.28 feet; thence North 89°45.06. East, 36.64 feet; thence South 00°14.54. East, 0.28 feet; thence North 89°45'06" East, 40.28 feet; thence North 00°14'54" West, 0.33 feet; thence North 89°45.06. East, 28.08 feet to the Point of Beginning.

The vertical limits of the above described will extend from the upper surface of the finish floor of Floor Three of Building .H., generally accepted to be at an elevation of 2258.00. AMSL, to the lower surface of the finished ceiling above, generally accepted to be at an elevation of no more than 2272.50. AMSL and no less than 2275,00. AMSL as the roof of Building .H. slopes from the front to the rear.

Parcel IV:

The Vestibule for Floor One of Building .R. located in the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, range 61 East, M.D.M., Clark County, Nevada, described as follows:

Commencing at the Northeast corner of said Section 5, being at the centerline intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19.25. East, 512.32 feet; thence departing said east section line and street centerline, South 89°45.06. West, 1224.80 feet to the Point of Beginning; thence continuing South 89°45.06. West, 25.64 feet; thence North 00°14.54. West, 32.71 feet; thence North 89°45.06. East, 24.72 feet; thence South 00°14.54. East, 2.12 feet; thence North 89°45.06. East, 1.66 feet; thence South 00°14.54. East, 12.09 feet; thence South 89°45.06. West 1.66 feet; thence South 00°14.54. East, 3.40 feet; thence North 89°45'06" East, 0.91 feet; thence South 00°14.54. East, 15.09 feet to the Point of Beginning.

The vertical Limits of the above described will extend from the upper surface of the finish floor of Floor One of Building .R., generally accepted to be at an elevation of 2224.33. AMSL, to the lower surface of the finished ceiling above, generally accepted to be at an elevation of 2243.00. AMSL.

Parcel V:

Floor Two of Building .R. located in the Northeast Quarter (NE 1/4) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada, described as follows:

Commencing at the Northeast corner of said Section 5, being at the centerline of Intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19'25. East, 515.04 feet; thence departing said east section line and Street centerline, South 89°45.06. West, 1223.90 feet to the Point of Beginning; thence South 00°14.54. East, 155.35 feet; thence North 89°45.06. East, 0.35 feet; thence South 00°14.54. East, 14.57 feet; thence South 89°45.06. West, 0.35 feet; thence South 00°14.54. East, 51.23 feet; thence South 89°45.06. West, 8.76 feet; thence South 00°14.54 East, 35.68 feet; thence South 89°45.06. West, 68.54 feet; thence South 00°14.54. East, 1.30 feet; thence South 89°45.06. West, 20.74 feet; thence North 00°14.54. West, 21.61; thence North 89°45.06. East, 2.06 feet; thence North 00°14.54. West, 271.97 feet; thence North 89°45.06. East, 94.16 feet; thence South 00°14'54" East, 2.12 feet; thence North 89°45.06. East, 1.66 feet; thence South 00°14.54. East, 33.31 feet; thence North 89°45.06. East, 0.16 feet to the Point of Beginning.

The vertical limits of the above described will extend from the upper surface of the finish floor of Floor Two of Building .R., generally accepted to be at an elevation of 2243.00. AMSL, to the lower surface of the finished ceiling above, generally accepted to be at an elevation of no less than 2257.00. AMSL and no more than 2259.00. AMSL as the roof of Building R. slopes from the front to the rear.

Parcel VI:

Level Two and Level Three of the Parking Garage located in the Northeast Quarter (NE ¼) of Section 5, Township 22 South, Range 61 East, M.D.M., Clark County, Nevada, described as follows:

Commencing at the Northeast corner of said Section 5, being at the centerline intersection of Sunset Road and Las Vegas Boulevard South; thence along the east line thereof and said centerline of Las Vegas Boulevard South, South 00°19'25. East, 479.40 feet; thence departing said east section line and Street centerline, South 89°45.06. West, 143.46 feet to the westerly line of said Las Vegas Boulevard South; thence continuing South 89°45.06. West, 784.63 feet to the Point of Beginning; thence South 00°14.54. East, 341.00 feet; thence South 89°45.06. West, 16.00 feet; thence South 00°14.54. East, 16.00 feet; thence South 89°45.06. West, 137.33 feet; thence North 00°14.54. West, 115.00 feet; thence South 89°45.06. West, 96.67 feet; thence North 00°14.54. West, 242.00 feet; thence North 89°45'06" East, 250.00 feet to the Point of Beginning.

The vertical limits of the above described will extend from the upper surface of the finish floor of Level Two of the .North Parking Garage., generally accepted to be at an elevation of 2232.67. AMSL, to the lower surface of the finished ceiling of Level Three of the .North Parking Garage, generally accepted to be at an elevation of 2248.33. AMSL.

84502612

14

<u>SCHEDULE C</u>

Easements

1.     Covenants, conditions, and restrictions in a Pedestrian Access Agreement and Covenant recorded November 8, 2006, in Book 20061108 as Instrument No. 04462 of the Official Records of the Recorder of Clark County, Nevada (the "<u>Official Records</u>").

2.     Easements as shown and/or dedicated upon the final map of Town Square, on file in Book 135 of plats, Page 62 , of Official Records.

3.     Reciprocal Easement Agreement dated October 3, 2007 and recorded October 5, 2007 in Book 20071005 as Instrument No. 01762 of Official Records.

4.     An easement for public utilities and incidental purposes in the document recorded November 8, 2007 in Book 20071108 as Instrument No. 03934 of Official Records.

5.     Covenants, conditions, easements and restrictions in a Revocable License Agreement and Grant of Easement recorded November 30, 2007, in Book 20071130 as Instrument No. 04230 and rerecorded September 15, 2010 in Book 20100915 as Document No. 03534 of Official Records.

6.     An Easement and right-of-way for the construction, operation, maintenance, repair, renewal, reconstruction, and removal of pipelines for conducting water with the right of ingress and egress, as conveyed to Las Vegas Valley Water District, a quasi-municipal corporation, by an instrument recorded February 01, 2008, in Book 20080201 as Instrument No. 02739 of Official Records, over a portion of the land.

7.     A document entitled "Revocable License and Maintenance Agreement" recorded March 07, 2008 in Book 20080307 as Instrument No. 04550 of Official Records.

8.     An easement for temporary construction purposes and incidental purposes in the document recorded May 21, 2009 in Book 20090521 as Instrument No. 01018 of Official Records.

9.     An easement for temporary construction and incidental purposes in the document recorded May 21, 2009 in Book 20090521 as Instrument No. 01018 of Official Records.

10.     An easement for public utilities and incidental purposes in the document recorded October 23, 2009 in Book 20091023 as Instrument No. 01458 of Official Records.

11.     A document entitled "Access to Equipment Easement Agreement" recorded March 19, 2010 in Book 20100319 as Instrument No. 03298 of Official Records.

12.     Covenants, conditions, easements and restrictions in a Grant of Easement - Memorandum of Agreement recorded May 03, 2010, in Book 20100503 as Instrument No. 02846 of Official Records.

13.     Covenants, conditions, easements and restrictions in a Permanent, Perpetual, and Irrevocable Easement from Turnberry/CentraSub, LLC, a Delaware limited liability company recorded June 16, 2010, in Book 20100616 as Instrument No. 01694 of Official Records.