AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, each entity listed as a seller on the signature page hereto (each, a "Seller"), for itself only, hereby unconditionally and irrevocably sells, transfers and assigns to **J.P. Morgan Chase Bank, N.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the Claim Amount specified in Schedule 1 attached hereto (with respect to a Seller, a "Purchased Claim"), in such Seller's right, title and interest in and to Proof of Claim as set forth on Schedule 1 hereto filed by or on behalf of the Original Claimant as set forth on Schedule 1 hereto (each, a "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of such Seller relating to the Purchased Claim with respect to such Seller, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to such Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way such Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with such Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to such Purchased Claim, and (iv) any and all of such Seller's right, title and interest in, to and under the transfer agreements, if any, under which such Seller or any prior seller acquired the rights and obligations underlying or constituting a part of such Purchased Claim, but only to the extent related to such Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), with respect to a Seller, the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to such Purchased Claim and specified in Schedule 1 attached hereto.

2.      Each Seller, for itself only, hereby represents and warrants to Purchaser that: (a) such Seller's Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) such Seller's Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) such Seller owns and has good and marketable title to such Seller's Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such Seller or against such Seller; (d) such Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) such Seller's Proof of Claim includes the Purchased Claim with respect to such Seller specified in Schedule 1 attached hereto; and (f) such Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of such Seller's Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Each Seller hereby waives any objection to the transfer of such Seller's Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law with respect to such Seller's Transferred Claims, and consents to the substitution of such Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to such Seller's Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Each Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to such Seller transferring to Purchaser such Seller's Transferred Claims, recognizing Purchaser as the sole owner and holder of such Seller's Transferred Claims, and directing that all payments or distributions of money or property in respect of such Seller's Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities of a Seller shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein with respect to such Seller. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of a Seller. Each Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors,

1

Aggregating Trust to JPM EOT XS0353157216.v4.docx

employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from such Seller's breach of such Seller's representations and warranties made herein solely with respect to such Seller's Transferred Claim. For the avoidance of doubt, the representations, warranties, covenants and indemnities of a Seller shall be solely with respect to such Seller and such Seller's Transferred Claim, and such Seller's obligations and liabilities hereunder shall be several with respect to such Seller and its assets (and not joint and several with respect to any other Seller).

5.      Each Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by such Seller in respect of such Seller's Transferred Claims to Purchaser. Each Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security with respect to such Seller's Transferred Claim to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to such Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of any Seller's Purchased Security.

6.      Each of each Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim with respect to such Seller.

7.      Each Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Each of each Seller and Purchaser submits to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this February 15, 2011.

SELLERS:

Aggregating Trust 1, L.L.C.
Aggregating Trust 2, L.L.C.
Aggregating Trust 3, L.L.C.
Aggregating Trust 4, L.L.C.
Aggregating Trust 5, L.L.C.
Aggregating Trust 6, L.L.C.
Aggregating Trust 7, L.L.C.
Aggregating Trust 8, L.L.C.
Aggregating Trust 9, L.L.C.
Aggregating Trust 10, L.L.C.

By: _____
Name: M. M. Sherwood
Title: Authorized Signatory

Baypost Group Securities, L.L.C.

By: _____
Name:   James F. Mooney
Title:    Managing Director

Address:
c/o Ropes and Gray, LLP
800 Boylston Street
Boston, MA 02199
Attn: Jeffrey R. Katz

J.P. Morgan Chase Bank, N.A.

By: _____
Name:   David A. Martinez
Title:    Authorized Signatory

Address:
Mail Code: NY1-A436
One Chase Manhattan Plaza – Floor 26
New York, New York 10005
ATTN: Susan McNamara

## SCHEDULE 1

### Transferred Claims

Purchased Claim

$16,172,667 of $16,172,667 (the outstanding amount of the Proof of Claims as set forth below as of Febuary 15, 2011) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Seller | Original Claimant | POC # | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Accrued Interest (USD) | Security Face Amount (USD) | Claim Amount (USD) |
|---|---|---|---|---|---|---|---|---|---|
| Aggregating Trust 1, L.L.C. | Aggregating Trust 1, L.L.C. | 29078 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $11,482 | $665,000 | $676,482 |
| Aggregating Trust 2, L.L.C. | Aggregating Trust 2, L.L.C. | 29077 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $4,748 | $275,000 | $279,748 |
| Aggregating Trust 3, L.L.C. | Aggregating Trust 3, L.L.C. | 29185 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $26,418 | $1,530,000 | $1,556,418 |

Aggregating Trust to JPM EOT XS0353157216.v4.docx

| Seller | Original Claimant | POC # | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Accrued Interest (USD) | Security Face Amount (USD) | Claim Amount (USD) |
|---|---|---|---|---|---|---|---|---|---|
| Aggregating Trust 4, L.L.C. | Aggregating Trust 4, L.L.C. | 29180 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $15,972 | $925,000 | $940,972 |
| Aggregating Trust 5, L.L.C. | Aggregating Trust 5, L.L.C. | 29179 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $6,043 | $350,000 | $356,043 |
| Aggregating Trust 6, L.L.C. | Aggregating Trust 6, L.L.C. | 29178 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $4,576 | $265,000 | $269,576 |
| Aggregating Trust 7, L.L.C. | Aggregating Trust 7, L.L.C. | 29184 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $10,878 | $630,000 | $640,878 |

| Seller | Original Claimant | POC # | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Accrued Interest (USD) | Security Face Amount (USD) | Claim Amount (USD) |
|---|---|---|---|---|---|---|---|---|---|
| Aggregating Trust 8, L.L.C. | Aggregating Trust 8, L.L.C. | 29183 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $15,195 | $880,000 | $895,195 |
| Aggregating Trust 9, L.L.C. | Aggregating Trust 9, L.L.C. | 29182 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $5,439 | $315,000 | $320,439 |
| Aggregating Trust 10, L.L.C. | Aggregating Trust 10, L.L.C. | 29181 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $71,916 | $4,165,000 | $4,236,916 |
| Baupost Group Securities, LLC | Goldman, Sachs & Co. | 58834 | Issue of USD 17,350,000 Index Linked Notes due April 3, 2018 unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0353157216 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | $6,000,000 | $6,000,000 |
| | | | | | | **Totals** | **$172,667** | **$16,000,000** | **$16,172,667** |