**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                                         : Chapter 11
:
**LEHMAN BROTHERS HOLDINGS, INC., et. al.**                    : Case No. 08-13555 (JMP)
                                                               : (Jointly Administered)
                           **Debtors.**                        :
:
---------------------------------------------------------------x

## ORDER GRANTING MOTION OF PHILLIP WALSH FOR A DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY OR, ALTERNATIVELY, FOR RELIEF FROM AUTOMATIC STAY

On March    , 2011, the Court conducted a hearing on Phillip Walsh's Motion for Determination that the Automatic Stay Does Not Apply or, in the Alternative, for Relief from the Automatic Stay (the "Motion").[1] After considering the Motion, any objections or responses to the Motion that were filed, and the arguments and representations set forth by counsel at the hearing, the Court finds that, (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is proper and should be granted; (iv) proper and adequate notice of the Motion and the hearing thereon has been given under the circumstances and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein,

---

[1] Capitalized terms used herein and not defined shall have the meanings ascribed to such terms in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The automatic stay does not apply to the arbitration of the Counterclaims in the FINRA Arbitration.

[or]

Pursuant to Section 362(d) of the Bankruptcy Code, the automatic stay in effect in the Debtors' bankruptcy cases is hereby modified to the extent necessary to permit Walsh to arbitrate the Counterclaims in the FINRA Arbitration.

3. The modification of the automatic stay granted by this Order shall take effect immediately upon entry of this Order and shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedures.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

SO ORDERED:

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE