FINANCIAL INDUSTRY REGULATORY AUTHORITY
DISPUTE RESOLUTION

---------------------------------------------------------X
In the Matter of the Arbitration of       :

LEHMAN BROTHERS HOLDINGS INC.,    :
as assignee of Lehman Brothers Inc.,      :

               Claimant,     :

        -against-             :
                            :
W. PHILLIP WALSH,           :
                            :
          Respondent.    :
                            :
---------------------------------------------------------X

**FINRA-DR Arbitration
Case No.**

## STATEMENT OF CLAIM
## OF LEHMAN BROTHERS HOLDINGS INC.

Claimant Lehman Brothers Holdings Inc. ("LBHI"), as assignee of Lehman
Brothers Inc. ("LBI") (collectively, "Lehman Brothers"), asserts the following Statement
of Claim for relief against former Lehman Brothers' employee, Respondent W. Phillip
Walsh ("Respondent"). This claim, for repayment of money owed on a promissory note,
is made pursuant to a written arbitration agreement and the Rules and Code of Arbitration
Procedure of FINRA ("FINRA Code").

### PRELIMINARY STATEMENT

LBHI brings this proceeding to recover damages in the principal amount of
$3,100,000, which represents the outstanding principal balance due on a loan made to
Respondent pursuant to a promissory note he executed. LBHI also seeks interest on the
principal balance due and owing from Respondent plus, as expressly provided for in the
promissory note, reimbursement of all expenses incurred by LBHI in enforcing the

promissory note, including attorneys' fees, forum fees and all other costs of collection.

## PARTIES

Claimant LBHI is a corporation formed under the laws of the State of Delaware with a principal place of business located at 1271 Avenue of the Americas, New York, NY 10020.[1]

LBI[2] is the holder of certain promissory notes evidencing loans made to certain employees of Lehman Brothers in connection with their employment. Pursuant to a Stipulation and Order between Lehman Brothers Holdings Inc. and James W. Giddens as Trustee for the SIPA Liquidation of Lehman Brothers Inc. with Respect to Promissory Notes Evidencing Loans to Certain Employees, signed by United States Bankruptcy Judge James Peck on December 3, 2009, LBHI is authorized to collect all amounts due under the promissory notes. The Stipulation and Order provides, among other things, that "the Trustee hereby assigns, transfers and conveys to LBHI all of LBI's rights to collect from the Subject Employees any and all amounts outstanding (together with any accrued interest) under the Promissory Notes." LBI was and is a member of FINRA as that term is defined in Rule 13100 of the FINRA Code.

Respondent, whose last known address is 20 Pine Street, Apt. 1906, New York, NY 10005, is a former employee of Lehman Brothers. Prior to Respondent's separation from Lehman Brothers, Respondent was employed at Lehman Brothers' branch office in

---

[1] Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (*In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555* (JMP)).

[2] On September 19, 2008, a liquidation proceeding was commenced against LBI under the Securities Investor Protection Act in the United States Bankruptcy Court for the Southern District of New York and James Giddens was appointed Trustee (*In re SIPA Lehman Brothers Inc., Case No. 08-1420* (JMP)).

New York City and was an "associated person" as that term is defined in Rule 13100 of the FINRA Code.

## ARBITRATION REQUIRED

Arbitration of this dispute at FINRA is required pursuant to the promissory note Respondent signed and pursuant to Rule 13200 of the FINRA Code. LBHI requests that the hearing be scheduled in New York City based on the fact that Respondent was last employed by Lehman Brothers in its New York City office.

## STATEMENT OF FACTS

LBI offered and Respondent accepted an interest bearing loan in the principal amount of $3,100,000, the terms of which are memorialized in a promissory note dated August 20, 2008 (the "Note"). (A copy of the Note signed by Respondent on August 20, 2008 is attached as Exhibit A.) Respondent accepted the terms of the Note when he executed it and accepted the loan proceeds.

Pursuant to the terms of the Note, the outstanding principal balance was to be repaid in accordance with the following schedule: $100,000 on or before December 15, 2010; $1,000,000 on or before December 15, 2011; $1,000,000 on or before December 15, 2012 and $1,000,000 on or before December 15, 2013. Interest was to be repaid through monthly payroll deductions. In the event Respondent defaulted or left the employ of Lehman Brothers for any reason whatsoever prior to full repayment of the loan, Respondent agreed to immediately repay any outstanding principal balance due together with accrued interest. Pursuant to Paragraph 5 of the Note, Respondent agreed to pay interest at the Firm's margin rate for the period prior to default or cessation of employment and at the rate of 7% thereafter until the debt is satisfied in full. Paragraph 5

of the Note provides in pertinent part as follows:

> 5.    Default:  In the event of a default in payment under the terms of this Note, for any reason whatsoever, or in the event the Borrower's employment with Lehman or any subsidiary or affiliate thereof ends for any reason whatsoever before the loan is repaid, the balance due hereunder will become immediately due and payable, together with the accrued interest owing pursuant at the Firm's margin rate for the period prior to default or cessation of employment.  In addition, interest at the rate of 7% from the date of Borrower's termination of employment or other default, shall continue to accrue until the debt is satisfied in full.

(Note, Exhibit A, ¶ 5.)

In executing the Note and accepting the proceeds of the loan, Respondent understood and expressly agreed that, in the event of default and non-payment, he would be obligated to pay attorneys' fees and all other costs of collection.  The Note specifically states:

> 4.    Indemnification:  The Borrower further promises to pay and indemnify Lehman for all expenses incurred, including attorneys' fees, in connection with the collection of any amount due under this Note.  The amount the Borrower may be liable for under this paragraph shall be the greater of the actual expenses incurred by Lehman or 15% of the unpaid balance of the Note at the time any proceedings are instituted for collection.

(Note, Exhibit A, ¶ 4.)

## CLAIMS

### I.
### (Breach of Contract)

### RESPONDENT BREACHED THE TERMS OF THE PROMISSORY NOTE HE SIGNED BY FAILING TO PAY ALL OUTSTANDING PRINCIPAL AND INTEREST

As of September 22, 2008, the date Respondent left the employ of Lehman Brothers (the "Separation Date"), there had been zero events of repayment, except that Respondent had paid $27,008.22 in interest.  Accordingly, the outstanding principal

amount of $3,100,000 became due and owing on the Separation Date. In addition, as of the date of this Statement of Claim set forth below, the total amount of interest due and owing is $470,095.89, and interest continues to accrue at the rate of $594.52 per day. *See* Interest Computation on Promissory Note, a copy of which is annexed as Exhibit B.

By letter dated June 17, 2010, LBHI demanded repayment of all outstanding principal and interest. (A copy of LBHI's demand letter is attached as Exhibit C.) Despite demand for repayment, Respondent has failed to honor his loan obligation and pay any portion of the outstanding principal and interest.

As the Note is a valid and enforceable agreement, and Respondent has failed to pay any portion of the outstanding principal and interest despite written demand by LBHI, Respondent has breached the Note. As a proximate result of Respondent's breach of the Note, Respondent is liable to repay LBHI $3,570,095.89, due as of the date of this Statement of Claim, plus additional interest, attorneys' fees, forum fees, and all other costs of collection.

## II.
### (Unjust Enrichment)

### RESPONDENT'S FAILURE TO PAY THE OUTSTANDING PRINCIPAL AND INTEREST HAS UNJUSTLY ENRICHED HIM

By not paying LBHI the outstanding principal and interest that is due and owing, Respondent has been unjustly enriched to Lehman Brothers' detriment. As a direct and proximate result of Respondent's conduct, Lehman Brothers has suffered money damages and Respondent should be required to disgorge to LBHI any and all amounts by which he has been unjustly enriched.

**WHEREFORE**, Claimant Lehman Brothers Holdings Inc. respectfully seeks an

Award (1) requiring Respondent Phillip Walsh to repay the outstanding principal and interest in the amount of $3,570,095.89 due and owing through the date of this Statement of Claim, plus interest accruing at the rate of $594.52 per day; (2) requiring Respondent to pay all costs of collection, including all expenses, disbursements, forum fees and attorneys' fees incurred in connection with this proceeding (including all costs and attorneys' fees associated with confirmation of the Award in a court of law, any post-judgment discovery, and all other efforts to collect on the Award pursuant to the terms of the Note); and (3) granting LBHI such other and further relief as the Panel deems just and equitable.

Dated: New York, New York
         December 15, 2010

                              Respectfully submitted,

                              KREBSBACH & SNYDER, P.C.


                              By: _____
                                        Barry S. Gold

                              One Exchange Plaza
                              55 Broadway, Suite 1600
                              New York, New York 10006
                              Tel: (212) 825-9811
                              Fax: (212) 825-9828
                              *Attorneys for Claimant*
                              *Lehman Brothers Holdings Inc.*

Page 1
$3,100,000                    PROMISSORY NOTE              August 20, 2008

In consideration of a loan from Lehman Brothers Inc. ("Lehman"), receipt of which is hereby acknowledged, the undersigned Phillip Walsh (the "Borrower"), hereby promises to pay Lehman the principal sum of $3,100,000, with interest at 7%, at its offices at 399 Park Avenue, New York, New York, or to the order of Lehman. The Borrower hereby agrees to the following terms and conditions:

1.    Payment.
      The principal shall be payable to Lehman through personal check or wire transfer in accordance with the following schedule:

            First Payment:      $100,000 on or before December 15, 2010
            Second Payment:     $1,000,000 on or before December 15, 2011
            Third Payment:      $1,000,000 on or before December 15, 2012
            Fourth Payment:     $1,000,000 on or before December 15, 2013

      The interest at the rate set forth below shall be payable through monthly payroll deductions. Borrower authorizes and consents to payroll deductions for such interest payments. Each monthly interest payment from the date of execution through the First Payment date set forth above shall equal $18,005.48. After any principal payment has been received, the monthly interest payment shall be recalculated.

2.    Prepayment. The Borrower shall have the right at any time to prepay part or all of the unpaid principal plus accrued interest through the date of payment without penalty or premium.

3.    Interest: The Borrower will be charged an annual interest rate of 7% (compounded monthly) for the period which includes the date of execution of this Note.

4.    Indemnification. The Borrower further promises to pay and indemnify Lehman for all expenses incurred, including attorneys' fees, in connection with the collection of any amount due under this Note. The amount the Borrower may be liable for under this paragraph shall be the greater of the actual expenses incurred by Lehman or 15% of the unpaid balance of the Note at the time any proceedings are instituted for collection.

5.    Default. In the event of a default in payment under the terms of this Note, for any reason whatsoever, or in the event the Borrower's employment with Lehman or any subsidiary or affiliate thereof ends for any reason whatsoever before the loan is repaid, the balance due hereunder will become immediately due and payable, together with the accrued interest owing pursuant at the Firm's margin rate for the period prior to default or cessation of employment. In addition, interest at the rate of 7% from the date of the Borrower's termination of employment or other default, shall continue to accrue until the debt is satisfied in full. In addition, the Borrower shall be deemed to be in default hereunder if he or she is adjudicated bankrupt, makes an assignment for the benefit of creditors or files a petition for relief under the Bankruptcy Act.

Page 2

6.    <u>Waivers</u>.  The Borrower hereby waives presentment, demand for payment, notice of dishonor, protest and any and all other notices and demands in connection with the delivery, acceptance, performance, default or enforcement of this Note.  No delay by the holder in exercising any power or right hereunder shall operate as a waiver of any power or right; nor shall any single or partial exercise of any power or right operate as such a waiver.  No waiver or modification of the terms hereof shall be valid unless writing, signed by the holder of this Note and then only to the extent therein set forth.

7.    <u>Deductions</u>.  Lehman shall have the right, without notice, to withhold from any amounts payable by Lehman to the undersigned, as salary, bonus, commissions, separation payments, severance or otherwise, or to deduct monies from any security or commodity account the Borrower maintains with Lehman or from any amounts payable under any non-qualified deferred compensation, stock award or similar program or arrangement sponsored by Lehman or any of its affiliated companies, and to apply such withheld or deducted amounts to satisfy the indebtedness due under this Note.  The Borrower hereby authorizes and consents to the aforementioned deductions.

8.    <u>At-Will Employment</u>.  The Borrower understands that neither this Note nor the loan that it reflects provide any assurance of the Borrower's continued employment by Lehman.  Borrower understands that Borrower remains an at-will employee of Lehman and either Borrower or Lehman may terminate the employment relationship at any time and for any reason.

9.    <u>Arbitration</u>.  The undersigned hereby agrees that any controversy arising out of or relating to this Note, or default on this Note, shall be submitted to and settled by arbitration pursuant to the constitution, by-laws, rules and regulations of the Financial Industry Regulatory Authority ("FINRA").

10.    <u>Transferability</u>.  This Note will be binding on the Firm and its successors and assigns.  The Borrower may not transfer any part of this loan to any other individual or entity.

11.    <u>Governing Law</u>.  This Note shall be governed by the substantive laws of the State of New York without regard to conflict of laws principles.

12.    <u>Entire Agreement</u>:  This Note constitutes the entire agreement between the parties and cannot be altered except in a writing signed by the Borrower and Lehman.  The unenforceability or invalidity of any provision or provisions of this Note shall not render any other provision or provisions hereof unenforceable or invalid.

Date

Phillip Walsh
SS# 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

STATE OF _New York_

COUNTY OF _New York_

SUBSCRIBED AND SWORN TO BEFORE ME ON _August 10,_ 2008.

_danielle Zuma_
NOTARY PUBLIC

DANIELLE K. ZUMA
Notary Public, State of New York
No. 01ZU6122923
Qualified in Queens County
Commission Expires _02·28·09_

## W. Phillip Walsh

### Interest Computation on Promissory Note

| # | | Date | Days | Rate | | |
|---|---|---|---|---|---|---|
| 1 | Date interest accrued to: | | | | | 12/15/2010 |
| 2 | | | | | | |
| 3 | Date of Hire | | | | | |
| 4 | Date of Promissory Note | | | | | 8/20/2008 |
| 5 | Date Note Signed | | | | | 8/20/2008 |
| 6 | Date Loan Paid | | | | | 08/22/08 |
| 7 | Date of termination | | | | | 09/22/08 |
| 8 | | | | | | |
| 9 | Principal Loan Amount | | | | $ | 3,100,000.00 |
| 10 | Amount of Principal Forgiven | | | | $ | - |
| 11 | Outstanding Principal Amount | | | | $ | 3,100,000.00 |
| 12 | | | | | | |
| 13 | Accrued Interest | Date | Days | Rate | | |
| 14 | | 8/22/2008 | | | | |
| 15 | Pre-term interest (1) | 9/22/2008 | 31 | 5.000% | | 13,164.38 |
| 16 | Post term interest (2) | 12/15/2010 | 814 | 7.000% | | 483,939.73 |
| 17 | **Total Accrued Interest** | | | | $ | **497,104.11** |
| 18 | Less interest paid | | | | $ | (27,008.22) |
| 19 | **Net interest payable** | | | | $ | **470,095.89** |
| 20 | **Outstanding Principal plus interest due (1)** | | 845 | | $ | **3,570,095.89** |
| 21 | | | | | | |
| 22 | Per diem interest | | | | $ | 594.52 |
| 23 | | | | | | |

24  (1) Interest rate applied per paragraph 5 of the Promissory Note dated August 20, 2008 is the Lehman Margin rate.

(2) Interest rate applied is 7% per paragraph 3 of the Promissory Note dated August 20, 2008.

Exhibit C

# KREBSBACH & SNYDER

A Professional Corporation

ATTORNEYS AT LAW

ONE EXCHANGE PLAZA
55 BROADWAY, SUITE 1600
NEW YORK, NEW YORK 10006

**www.krebsbach.com**

TEL: 212-825-9811                                                                                FAX: 212-825-9828

June 17, 2010

W. Phillip Walsh
20 Pine St
Apt 1906
New York, NY 10005

Re:    <u>Loan Obligation to Lehman Brothers</u>

Dear Mr. Walsh:

This firm has been retained by Lehman Brothers Holdings, Inc. ("LBHI") to enforce your loan obligation arising out of a Promissory Note dated August 20, 2008 you signed on or about August 20, 2008 (the "Note") in connection with the commencement of your employment at Lehman Brothers. Pursuant to a Stipulation and Order between Lehman Brothers Holdings Inc. and James W. Giddens as Trustee for the SIPA Liquidation of Lehman Brothers Inc. with Respect to Promissory Notes Evidencing Loans to Certain Employees, signed by United States Bankruptcy Judge James Peck on December 3, 2009, LBHI is authorized to collect all amounts due.

Paragraph 5 of the Note provides that "in the event the Borrower's employment with Lehman or any subsidiary or affiliate thereof ends for any reason whatsoever before the loan is repaid, the balance due hereunder will become immediately due and payable, together with the accrued interest owing pursuant at the Firm's margin rate for the period prior to default or cessation of employment. In addition, interest at the rate of 7% from the date of the Borrower's termination of employment or other default, shall continue to accrue until the debt is satisfied in full." A copy of the Note is enclosed herewith. Accordingly, on September 19, 2008, upon your separation from Lehman Brothers, the full amount of the unforgiven balance under the Note became due and owing, together with applicable interest.

W. Phillip Walsh
June 17, 2010
Page 2 of 2

Pursuant to the Note, you received a loan in the principal sum of $3,100,000, of which $0 has been forgiven, leaving an unpaid principal balance of $3,100,000. Enclosed is an interest computation showing total interest due of $361,298.63 as of June 15, 2010. Altogether, the total amount due to LBHI from you in connection with this Note through June 15, 2010 is $3,461,298.63.

A check for the full amount due, payable to "Lehman Brothers Holdings, Inc." should be sent so that I receive it by no later than July 8, 2010. You may send this check to my attention at: Krebsbach & Snyder, P.C., One Exchange Plaza, 55 Broadway, Suite 1600, New York, New York 10006.

If a check in the full amount due is not received by me by the aforementioned date, LBHI will pursue any and all legal remedies to obtain payment of your total outstanding debt to it, plus any interest, attorneys' fees and other costs to which LBHI may be entitled pursuant to the Note and under any applicable rules or laws. Please note that pursuant to Paragraph 4 of the Note, you promised "to pay and indemnify Lehman for all expenses incurred, including attorneys' fees, in connection with the collection of any amount due under this Note. The amount the Borrower may be liable for under this paragraph shall be the greater of the actual expenses incurred by Lehman or 15% of the unpaid balance of the Note at the time any proceedings are instituted for collection."

Nothing herein shall be construed as an admission of any fact or a waiver of any of our client's rights, all of which are hereby expressly reserved.

Very truly yours,

Victor A. Machcinski, Jr.

Enclosures