Page 1

1

2     UNITED STATES BANKRUPTCY COURT

3     SOUTHERN DISTRICT OF NEW YORK

4     Case No. 08-13555(JMP)

5

6     - - - - - - - - - - - - - - - - - - - - - -x

7

8     In the Matter of:

9

10    LEHMAN BROTHERS HOLDINGS, INC., et al.,

11

12            Debtors.

13

14    - - - - - - - - - - - - - - - - - - - - - -x

15

16                 United States Bankruptcy Court

17                 One Bowling Green

18                 New York, New York

19

20                 January 20, 2011

21                 10:08 AM

22

23    B E F O R E:

24    HON. JAMES M. PECK

25    U.S. BANKRUPTCY JUDGE

Page 2

1

2    Debtors' Tenth Omnibus Objection to Claims (Amended and

3    Superseded Claims) [Docket No. 9093]

4

5    Debtors' Thirty-Fifth Omnibus Objection to Claims (Valued

6    Derivative Claims) [Docket No. 11260]

7

8    Debtors' Thirty-Seventh Omnibus Objection to Claims (No

9    Liability Claims) [Docket No. 11302]

10

11    Debtors' Fifty-First Omnibus Objection to Claims (Duplicative

12    of Indenture Trustee Claims) [Docket No. 11608]

13

14    Debtors' Sixty-Third Omnibus Objection to Claims (Valued

15    Derivative Claims) [Docket No. 11978]

16

17    Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued

18    Derivative Claims) [Docket No. 12533]

19

20    Debtors' Sixty-Ninth Omnibus Objection to Claims (Settled

21    Derivative Claims) [Docket No. 13109]

22

23    Debtors' Seventieth Omnibus Objection to Claims (Settled

24    Derivative Claims) [Docket No. 13110]

25

Page 3

1   Debtors' Seventy-Second Omnibus Objection to Claims (Amended

2   and Superseded Claims) [Docket No. 13271]

3

4   Debtors' Seventy-Third Omnibus Objection to Claims (To

5   Reclassify Proofs of Claim as Equity Interests) [Docket No.

6   13295]

7

8   Debtors' Seventy-Fourth Omnibus Objection to Claims (To

9   Reclassify Proofs of Claim as Equity Interests) [Docket No.

10  13328]

11

12  Debtors' Seventy-Fifth Omnibus Objection to Claims (To

13  Reclassify Proofs of Claim as Equity Interests) [Docket No.

14  13329]

15

16  Motion of Lehman Brothers Finance Asia Pte Ltd. (In Creditors

17  Voluntary Liquidation) for Entry of an Order (I) That Its

18  Derivative Guarantee Questionnaires be Deemed Timely Filed

19  Proofs of Claim and (II) Permitting a Late Claim Filing

20  Pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1)

21  [Docket No. 11167]

22

23

24

25  Transcribed by:  Sharona Shapiro

Page 4

```
 1

 2    A P P E A R A N C E S :

 3    WEIL, GOTSHAL & MANGES LLP

 4         Attorneys for Debtors

 5         200 Crescent Court

 6         Suite 300

 7         Dallas, TX 75201

 8

 9    BY:   ERIN D. ECKOLS, ESQ.

10

11

12    WEIL, GOTSHAL & MANGES LLP

13         Attorneys for Debtors

14         767 Fifth Avenue

15         New York, NY 10153

16

17    BY:   GARRETT A. FAIL, ESQ.

18

19

20    KRAMER LEVIN NAFTALIS & FRANKEL LLP

21         Attorneys for Lehman Brothers Finance Asia Pte Ltd.

22         1177 Avenue of the Americas

23         New York, NY 10036

24

25    BY:  DANIEL M. EGGERMANN, ESQ.
```

Page 5

1

2

3    MILBANK, TWEED, HADLEY & MCCLOY, LLP

4         Attorneys for the Official Committee of

5          Unsecured Creditors

6         One Chase Manhattan Plaza

7         New York, NY 10005

8

9    BY:   DENNIS C. O'DONNELL, ESQ.

10        BRADLEY SCOTT FRIEDMAN, ESQ.

11

12

13   O'MELVENY & MYERS

14        7 Times Square

15        New York, NY 10036

16

17   BY:   DANIEL S. SHAMAH, ESQ.

18

19

20   STUTMAN, TREISTER & GLATT

21        Attorneys for Elliot

22        1901 Avenue of the Stars

23        12th Floor

24        Los Angeles, CA 90067

25

Page 6

1    BY:   MICHAEL NEUMEISTER, ESQ. (TELEPHONICALLY)

2

3    CHAPMAN & CUTLER LLP

4          Attorneys for U.S. Bank

5          111 West Monroe Street

6          Chicago, IL 60603

7

8    BY:   JAMES HEISER, ESQ. (TELEPHONICALLY)

9          FRANKLIN TOP, ESQ. (TELEPHONICALLY)

10

11

12   ALSO PRESENT: (TELEPHONICALLY)

13         ANATOLY BUSHLER, Farallon Capital Management, LLC

14

15

16

17

18

19

20

21

22

23

24

25

Page 7

1                      P R O C E E D I N G S

2              THE COURT:  Be seated, please.

3              Mr. Fail, that's a whole new look.

4              MR. FAIL:  New year, new look, Your Honor.

5              MS. ECKOLS:  Good morning, Your Honor.  Erin Eckols

6       with Weil Gotshal for the debtors.

7              I will be covering agenda items 1 through 12 which are

8       six carryover items from prior omnibus objections and then six

9       new omnibus objections.  The debtors are proceeding uncontested

10      today as all formal responses have been resolved or adjourned.

11             THE COURT:  Okay.

12             MS. ECKOLS:  Your Honor, starting with agenda item

13      number 1, which is a carryover item from the debtors' tenth

14      omnibus objection, the tenth omnibus objection sought to

15      disallow and expunge claims that had been admitted and

16      superseded by other filed claims.

17             Mr. Hoogstraten's claim 45259 was on that objection

18      and Mr. Hoogstraten filed a response which has since been

19      resolved.  Mr. Hoogstraten's concern was that the designated

20      surviving claim, claim 64598, had been reported on the claims

21      register as an undetermined amount instead of the 106,132

22      dollars that he was asserting.  The debtors worked with the

23      claims agent to address this issue and the claims register now

24      reflects the surviving claim as having an asserted value of

25      106,132 dollars which resolves Mr. Hoogstraten's concern.

Page 8

1         Accordingly, the debtors are seeking to disallow and

2    expunge Mr. Hoogstraten's claim 45259 on an uncontested basis

3    and respectfully request that the Court grant the debtors'

4    tenth omnibus objection as to his claim.

5         THE COURT:  It's granted.

6         MS. ECKOLS:  Your Honor, agenda item number 2 is also

7    a carryover item from the debtors' thirty-fifth omnibus

8    objection.  The thirty-fifth omnibus objection sought to reduce

9    and allow certain derivative claims filed against the debtors.

10   Today the debtors are proceeding as to the claims filed by

11   Darby Financial Products, claims 19182 and 19183.  The parties

12   have reached agreement that those claims should be reduced and

13   allowed at 2,475,000 dollars.

14        Accordingly, the debtors respectfully request that the

15   Court grant the thirty-fifth omnibus objection as to the Darby

16   Financial Products claims and reduce and allow them at

17   2,475,000 dollars.

18        THE COURT:  It's granted as to that claim.

19        MS. ECKOLS:  Your Honor, agenda item number 3 is a

20   carryover item from the debtors' thirty-seventh omnibus

21   objection.  The thirty-seventh omnibus objection sought to

22   disallow and expunge claims filed against entities that are not

23   jointly administered debtors in these Chapter 11 cases.

24        Today the debtors are proceeding as to claim 12708

25   filed by Anthracite Rated Investments against Lehman Brothers

Page 9

1   Finance AG.  Anthracite did not file a formal response to the

2   thirty-seventh omnibus objection but reached out to the debtors

3   informally.  While Anthracite acknowledged that its claim was

4   against an entity that is not a debtor in these cases, it was

5   concerned that having the claim disallowed and expunged in

6   these proceedings would affect Anthracite's claim that is

7   pending against Lehman Brothers Finance AG in another venue.

8        The parties consensually resolved these issues by

9   adding a paragraph to the proposed order stating that the

10  disallowance and expungement of a claim pursuant to the thirty-

11  seventh omnibus objection is not a substantive determination of

12  whether or not the claimant has a valid claim against the

13  nondebtor entity that it identified as the debtor on their

14  claim.

15       Accordingly, the debtors respectfully request that the

16  Court grant the thirty-seventh omnibus objection as to claim

17  12708 and enter the supplemental order with the modified

18  language agreed upon by the parties.

19       THE COURT:  It's granted in accordance with the

20  statements you've made in light of the agreed language of the

21  order.

22       MS. ECKOLS:  Thank you, Your Honor.

23       Agenda item number 4 is a carryover item from the

24  fifty-first omnibus objection to claims.  The fifty-first

25  omnibus objection sought to disallow and expunge certain claims

Page 10

1    filed by individual noteholders as duplicative of a global

2    claim filed by the Wilmington Trust Company in its capacity as

3    indenture trustee.

4         Today the debtors are proceeding with respect to the

5    claim of Kathryn Secrest which is claim 488.  The debtors had

6    several conversations with Ms. Secrest and were able to resolve

7    her objection.  Her formal notice of withdrawal of objection is

8    at docket entry 13774.

9         Accordingly, the debtors respectfully request that the

10   Court grant the debtors' fifty-first omnibus objection as to

11   the Secrest claim 488.

12        THE COURT:  It's granted.

13        MS. ECKOLS:  Your Honor, agenda item number 5 is a

14   carryover item from the debtors' sixty-third omnibus objection

15   to claims.  The sixty-third omnibus objection sought to reduce

16   and allow certain derivative claims filed against the debtors.

17        Today the debtors are proceeding as to claims 22021

18   and 22022 filed by EnergyCo Marketing and Trading LLC, also

19   known as Optim Energy Marketing.  The parties have reached

20   agreement that those claims should be reduced and allowed at a

21   million dollars.

22        Accordingly, the debtors respectfully request that the

23   Court grant the sixty-third omnibus objection as to EnergyCo

24   Marketing and Trading LLC's claims and reduce and allow them at

25   a million dollars.

08-13555-mg    Doc 14577    Filed 01/21/11    Entered 02/18/11 14:56:47    Main Document
LEHMAN BROTHERS HOLDINGS, INC.; ET AL.
Pg 11 of 26

Page 11

1          THE COURT:  It's granted.

2          MS. ECKOLS:  Your Honor, taking up agenda item number

3   6, which is a carryover item from the debtors' sixty-seventh

4   omnibus objection.  The sixty-seventh omnibus objection also

5   sought to reduce and allow certain derivative claims filed

6   against the debtors.

7          Today the debtors are proceeding as to claim 34197

8   filed by American International Group, Inc. Retirement Plan

9   Trust.  The parties have reached agreement that that claim

10  should be reduced and allowed at $6,126,900.14.

11         Accordingly, the debtors respectfully request that the

12  Court grant the sixty-seventh omnibus objection as to claim

13  34197 and reduce and allow it at $6,126,900.14.

14         THE COURT:  It's granted as to that claim.

15         MS. ECKOLS:  Thank you, Your Honor.

16         Taking up agenda item 7 which starts the new omnibus

17  objections.  Agenda item number 7 is the sixty-ninth omnibus

18  objection to claims.  And that omni is seeking the modification

19  and allowance of claims for which the parties had reached an

20  agreement with respect to the claim amount, classification

21  and/or debtor entity that is not reflected on the claimant's

22  proofs of claim.  The omnibus objection is seeking to modify

23  those claims to conform to the parties' agreement.

24         Thus the debtors respectfully request that the Court

25  grant the sixty-ninth omnibus objection to claims.

1           THE COURT:  The sixty-ninth omnibus objection is

2    granted.

3           MS. ECKOLS:  Thank you.

4           Your Honor, agenda item number 8 is the debtors'

5    seventieth omnibus objection to claims.  This omnibus objection

6    is seeking to disallow and expunge approximately 260 derivative

7    claims with an asserted value of over 460 million dollars.

8    These are claims that were settled with an agreement that

9    either the debtors were owed money under the relevant

10   transactions or that no amounts were due between the parties at

11   all.  The omnibus objection is seeking to disallow and expunge

12   the claims on the grounds that the debtors have no liability

13   pursuant to the parties' agreements.

14          Accordingly, the debtor respectfully request that the

15   Court grant the seventieth omnibus objection to claims.

16          THE COURT:  The seventieth omnibus objection to claims

17   is granted.

18          MS. ECKOLS:  Your Honor, taking up agenda item number

19   9 which is the seventy-second omnibus objection to claims.

20   This seeks to disallow and expunge approximately 200 claims

21   with an asserted value of over 16 billion dollars on the basis

22   that they were amended and superseded by a subsequently filed

23   claim by the same claimant.

24          There is one resolved response that we are going

25   forward with today.  That is the response of Tamotsu Aoyama.

Page 13

1    Ms. Aoyama submitted two claims, one on the general proof of

2    claim form and one on the Lehman Programs Securities form, as

3    Ms. Aoyama was not sure if her claim was for a Lehman program

4    security.  Because of her uncertainty, Ms. Aoyama wanted to

5    maintain both claims on the claims register.

6         The debtors have informed Ms. Aoyama that her claim is

7    not for a Lehman Programs Securities.  On that basis Ms. Aoyama

8    requested that the claims that were designated as claim to be

9    disallowed and expunged and surviving claim be switched.  The

10   debtors agreed to the switch which resolved Ms. Aoyama's

11   objection.

12        There was also a related document filed, the limited

13   response and reservation of rights of Olivant Investments

14   Switzerland S.A.  Again, this was simply a reservation of

15   rights and the debtors have communicated with Olivant's counsel

16   and confirmed that Olivant does not object to the seventy-

17   second omnibus objection to claims.

18        There was also an addition to the proposed language of

19   the order that was made at the request of counsel.  It's to

20   clarify the debtors' reservation of rights to object to the

21   surviving claims.  It does not extend to claims that have been

22   allowed by an order of the court or by a signed settlement or

23   termination agreement authorized by the court.

24        Your Honor, as it is uncontested, the debtors

25   respectfully request that the Court grant the seventy-second

LEHMAN BROTHERS HOLDINGS, INC., ET AL.

Page 14

1    omnibus objection to claims.

2            THE COURT:  It's granted.

3            MS. ECKOLS:  Thank you.

4            Your Honor, agenda item number 10 is the seventy-third

5    omnibus objection to claims.  It seeks to reclassify as equity

6    interest claims filed by current and/or former employees of the

7    debtors that are based on restricted stock units and/or

8    contingent stock awards.  The restricted stock units and

9    contingent stock awards provided employees with the right to

10   shares of LBHI common stock at a future date upon the

11   satisfaction of certain conditions precedent.

12           The restricted stock units and contingent stock awards

13   fall squarely within the Bankruptcy Code's definition of an

14   equity security which includes shares of a corporation as well

15   as a warrant or right to purchase or sell such shares.  Thus

16   the employee claimants are equity security holders that have

17   interests but not claims against the debtors.  Moreover,

18   Section 510(b) of the Bankruptcy Code requires that the

19   employee stock claims be treated as equity interests as said

20   claims arise from the purchase or sale of a security in the

21   debtors.

22           Your Honor, we are proceeding uncontested today as to

23   the seventy-third omnibus objection and respectfully request

24   that the Court grant said objection.

25           THE COURT:  It's granted.

08-13555-mg    Doc 14577    Filed 01/21/11    Entered 02/18/11 14:56:47    Main Document
LEHMAN BROTHERS HOLDINGS, INC., ET AL.
Pg 15 of 26

Page 15

1          MS. ECKOLS:  Thank you.

2          Your Honor, agenda items 11 and 12 are the same type

3    of omnibus objection.  Unless Your Honor objects I was going to

4    take them up together.

5          THE COURT:  That's fine.

6          MS. ECKOLS:  Agenda items 11 and 12 are the

7    seventy-fourth and seventy-fifth omnibus objection to claims.

8    This omnibus objection also seeks to reclassify certain claims

9    as equity interests.  These are claims that are based on the

10   ownership of stock in the debtors.

11         As discussed, stock is an equity security under the

12   Bankruptcy Code and the holders of the stock claims are equity

13   security holders with interests but not claims against the

14   debtors.  Moreover, to the extent that the holders of the stock

15   claims seek to recover damages arising from the purchase or

16   sale of their stock, Section 510(b) of the Bankruptcy Code

17   requires that those claims have the same priority as common

18   equity in LBHI.

19         The debtors are proceeding uncontested today and

20   respectfully request that the Court grant the debtors' seventy-

21   fourth and seventy-fifth omnibus objections.

22         THE COURT:  Both of them are granted.

23         MS. ECKOLS:  Thank you, Your Honor.

24         And now, Your Honor, I will turn the podium over to my

25   colleague Garrett Fail for agenda item number 13.

1          MR. FAIL:  Good morning, Your Honor.  Garrett Fail,

2    Weil Gotshal & Manges for Lehman Brothers Holdings, Inc. and

3    the affiliated debtors.

4          The next motion on the agenda is a motion of Lehman

5    Brothers Finance Asia Pte Ltd. which is one of the debtors'

6    affiliates that's a party to the court-approved global

7    protocol.  And the motion seeks to deem Lehman Brothers Finance

8    Asia's derivative and guarantee questionnaires to be timely

9    proofs of claims and to permit a late claim filing pursuant to

10   Bankruptcy Rule 9006(b)(1).

11         As indicated on the agenda, the debtors have entered

12   into a stipulation that, with the Court's permission, I would

13   present to the Court.  May I hand it up?

14         THE COURT:  Yes.

15         MR. FAIL:  Your Honor, after months of conversation,

16   sharing of information, and exchanging legal arguments with

17   Lehman Brothers Finance Asia, the debtors concluded that there

18   was sufficient justification not to object to the claims of

19   Lehman Brothers Finance Asia on the basis of their timeliness.

20         The proposed stipulation does reserve all parties'

21   rights to object to the claims of Lehman Brothers Finance Asia

22   on all other bases.

23         The stipulation has been shared with the creditors'

24   committee which we understand -- which the debtors understand

25   have no objection to the relief requested.

LEHMAN BROTHERS HOLDINGS, INC., ET AL.

Page 17

1          Accordingly, the debtors request that the Court

2     approve the stipulation.

3          THE COURT:  I'm prepared to do what you request but I

4     note that there is a -- what I'll call some tension in that in

5     other settings the debtor has objected to questionnaires being

6     the functional equivalent of a timely filed proof of claim and

7     the Court has issued a decision supporting the debtors' view,

8     at least in certain instances, that the filing of a

9     questionnaire is not equivalent to compliance with the proof of

10    claim bar date requirements.

11         So a question that I have, both for the debtor and the

12    committee as a supporter of this, is the potential impact of

13    this stipulation upon the so-called floodgates argument that

14    has been made on a number of occasions in these cases and the

15    degree to which this stipulation, no matter how it may be

16    worded, could be a source to potential future prejudice.

17         MR. FAIL:  Thank you, Your Honor.  Indeed, Your

18    Honor's decision -- memorandum decision of May 20, 2010 did

19    draw a distinction and point out, and that is the order I

20    believe Your Honor is referring to.

21         THE COURT:  Yes, it is.

22         MR. FAIL:  Lehman Brothers Finance Asia made two

23    arguments that it was prepared to vigorously prosecute.  The

24    debtors addressed the merits of both through frank discussions

25    with Lehman Brothers Finance Asia.  On the one hand, the

LEHMAN BROTHERS HOLDINGS, INC., ET AL.

Page 18

```
 1   debtors did not think that the argument on excusable neglect
 2   would carry the day based on the law of the case.  On the other
 3   hand, the debtors did think that the argument regarding
 4   informal proof of claim was a better argument and one that,
 5   after review of the claims registry and specific claims, the
 6   debtors believe is unique to LBFA.  That's due in part, Your
 7   Honor -- that is due, Your Honor, to the fact that LBFA is a
 8   party to the global protocol and as such its bar date for
 9   proofs of claim and guarantee questionnaires was November 2,
10   2009.  LBFA filed its questionnaires, the derivative and the
11   guarantee questionnaires prior to its bar date.  In  Your
12   Honor's -- the claims at issue and the questionnaires filed at
13   issue in the May 20, 2010 decision were filed after the bar
14   date and such -- and as there's a distinction here where in the
15   previous examples there was nothing timely filed.  Here in this
16   instance, however, there was timely filed with the Court and
17   part of the judicial record evidence of each of the claims
18   that's going to be allowed.
19            I would note that at the time the motion was filed
20   there was a chart, I believe, in the motion that listed a
21   number of claims.  It said seven proofs of claim had been
22   filed.  A questionnaire -- a guarantee questionnaire had not
23   been submitted with respect to one of those and so the debtors
24   did not agree to allow that claim to be filed.  A claim was
25   subsequently filed for the two listed at LBHI that were
```

Page 19

1   previously listed as no proof of claim having been submitted

2   yet but the questionnaires, the derivate questionnaires and the

3   guarantee questionnaires had been submitted prior to the bar

4   date and as such, to be consistent, those claims would be

5   allowed pursuant to the stipulation.

6           Going back to the informal claim standards that we

7   think were satisfied, the questionnaires did state the

8   existence and nature of the debt, they stated the amount of the

9   claim that was asserted against the estate and have evidenced

10  LBFA's intent to hold the various debtors liable for the debt.

11          Of course, as I stated before, the stipulation

12  provides the debtors reserve -- and all parties' rights are

13  reserved to dispute the actual amounts and liabilities, but we

14  agreed not to -- the debtors agreed not to object on the basis

15  of timeliness.

16          THE COURT:  All right.  And I take it that you're

17  satisfied that the situation presented by Lehman Brothers

18  Finance Asia is sufficiently unique and distinguishable that

19  allowing this as an informal proof of claim will not be used by

20  others in a manner that may be hostile to the integrity of the

21  proof of claim bar date.

22          MR. FAIL:  The debtors are analyzing and have analyzed

23  each instance on a standalone basis based on the facts and

24  circumstances.  We don't believe that there -- the debtors do

25  not believe that there are other situations like this.  The

Page 20

1   debtors are not aware of any situations where questionnaires

2   have been filed but no proofs of claim had been filed by the

3   bar date, and as such, the debtors do not believe that this

4   would open up the floodgates.  That said, Your Honor, the

5   debtors reserve all rights with respect to future motions

6   brought by any claimant.

7          THE COURT:  What does the committee say about this?

8          MR. FRIEDMAN:  For the record, Bradley Scott Friedman,

9   Milbank, Tweed, Hadley & Mccloy for the committee.

10         Your Honor, we're comfortable with the stipulation.

11   We've reviewed the initial motion.  And to the extent that the

12   facts here are distinguishable from the claimants who filed

13   similar motions that you handled in the May 20th decision,

14   we're comfortable with the stipulation.

15         We are also comforted by the fact that the debtors

16   have, at least recently, gone through the claims register -- or

17   at least told us they've gone through the claims register, and

18   as Mr. Fail just said, there does not appear to be similar

19   situations so we don't see this as an issue that might arise in

20   the future.

21         THE COURT:  Okay, thank you.  I'm going to approve it,

22   somewhat cautiously, however.  I accept the representations

23   that have been made by counsel for the debtors and the

24   committee that this is a unique situation.

25         It may also be that the involvement of this claimant

Page 21

```
 1    in the multilateral protocol may be a factor that was

 2    considered in deciding to allow the claim.  And while not

 3    highlighted in the presentation, it occurs to me that the

 4    maintenance of a positive working relationship within the

 5    committee members that participate in that protocol may itself

 6    be a factor that renders this a unique circumstance.  I don't

 7    want my speculation on that, however, to be cause unless some

 8    party in court today can confirm to me that I'm correct in my

 9    assumption.

10          MR. FAIL:  Your Honor, there was no quid pro -- there

11    is no quid pro quo, you know, for the debtors' allowance or

12    agreement not to object to this claim.  However, the debtors

13    have been working cooperatively with LBFA.  LBHI and the

14    debtors in these cases have provided LBFA's administrators with

15    all of the information required to submit the initial filing.

16    And I'm told by the debtors and counsel for LBFA, who's present

17    in the court, that the parties are working to reconcile those

18    claims amount which may in fact wind up being allowed one day

19    in a reduced amount, of course reserving the debtors' rights to

20    object on all bases to the claims.

21          THE COURT:  I understand.  What I was really seeking

22    to identify was whether the fact that LBFA is a signatory to

23    the multinational protocol may be one of the factors that the

24    parties recognize is a distinguishing factor in terms of the

25    stipulation such that it would not be used as precedent by a
```

08-13555-mg    Doc 14577    Filed 01/21/11    Entered 02/18/11 14:56:47    Main Document
LEHMAN BROTHERS HOLDINGS, INC., ET AL.
Pg 22 of 26

Page 22

1    third party as cause to breach the integrity of the bar date.

2            MR. FAIL:  Indeed, Your Honor, this is a unique

3    situation and in part due to the fact that LBFA is a member of

4    the global protocol.

5            THE COURT:  All right.

6            MR. FRIEDMAN:  Bradley Friedman for the committee.

7    Your Honor, just to confirm, what you said is not speculation,

8    that is correct.  Their entrance into the protocol is -- was a

9    factor in our distinguishing this from potential other

10   claimants that could possibly make -- or might try and use this

11   to argue the same legal factors later.

12           THE COURT:  All right.  Does counsel for LBFA have

13   anything to add?

14           MR. EGGERMANN:  Good morning, Your Honor.  Daniel

15   Eggermann from Kramer Levin on behalf of LBFA.

16           I have nothing additional to add.  I do think that the

17   stipulation was in the spirit of the protocol and consistent

18   with the back and forth sharing of information, reconciliation

19   of books and records between the various estates.  And as Your

20   Honor may have heard last week during the plan presentation,

21   the debtors are very close to a settlement with certain

22   affiliates and my recollection is that LBFA was identified as

23   one of the foreign affiliates that is further along than some

24   of the others.  And we expect to reach finality with respect to

25   the reconciliation of the various accounts back and forth in

Page 23

1    the very near term.

2         THE COURT:  All right.  Thank you.  I'll approve the

3    stipulation.

4         MR. FAIL:  Thank you, Your Honor.  I believe that

5    concludes today's agenda.

6         THE COURT:  Fine, we're adjourned.

7       (Whereupon these proceedings were concluded at 10:33 a.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 24

1

2                           I N D E X

3

4                           RULINGS

5                                              Page  Line

6    Debtors' tenth omnibus objection to Mr.      8      6

7    Hoogstraten's claim number 45259 granted

8

9    Debtors' thirty-fifth omnibus objection      8     19

10   granted as to the Darby Financial Products

11   claim to be reduced and allowed at $2,475,000

12

13   Debtors' thirty-seventh omnibus objection    9     20

14   to claim 12708 granted together with

15   supplemental order with modified language

16   agreed upon by the parties

17

18   Debtors' fifty-first omnibus objection      10     13

19   to Secrest claim 488 granted

20

21   Debtors' sixty-third omnibus objection      11      2

22   granted as to EnergyCo Marketing and

23   Trading LLC's claims which are reduced

24   and allowed at a million dollars

25

Page 25

```
1    Debtors' sixty-seventh omnibus objection      11    15

2    granted as to claim 34197 which is

3    reduced and allowed at $6,126,900.14

4

5    Debtors' sixty-ninth omnibus objection       12    2

6    granted

7

8    Debtors' seventieth omnibus objection        12    17

9    granted

10

11   Debtors' seventy-second omnibus objection    14    3

12   Granted

13

14   Debtors' seventy-third omnibus objection     15    1

15   Granted

16

17   Debtors' seventy-fourth and seventy-fifth     15    23

18   omnibus objections granted

19

20   Stipulation with LBFA that its derivative     23    1

21   guarantee questionnaires be deemed timely

22   filed proofs of claim and permitting a late

23   claim filing pursuant to Federal Rule of

24   Bankruptcy Procedure 9006(B)(1) - Approved

25
```

Page 26

1

2                    C E R T I F I C A T I O N

3

4      I, Sharona Shapiro, certify that the foregoing transcript is a

5      true and accurate record of the proceedings.

6

7

8

9      Sharona                    Digitally signed by Sharona Shapiro
                                  DN: cn=Sharona Shapiro, c=US
       Shapiro                    Reason: I am the author of this
                                  document
10     _____   Date: 2011.01.21 11:16:12 -05'00'

11     SHARONA SHAPIRO (CET**D-492)

12     AAERT Certified Electronic Transcriber

13

14     Veritext

15     200 Old Country Road

16     Suite 580

17     Mineola, NY 11501

18

19     Date:  January 21, 2011

20

21

22

23

24

25