Case No. 08-13555    Stephen C. Restelli
Chapter 11    26 Pond St.
    Barre, VT 05641
    **Claim No. 25478**

February 7, 2011



The Honorable James M. Peck
United States Bankruptcy Court
One Bowling Green
New York, NY 10004
Courtroom 601

Dear Judge James M. Peck:

Re: Lehman Brothers Holdings, Inc. et al., Debtors
**Response of Stephen C. Restelli to the Debtors Eighty-Second Omnibus Objection to claims (Duplicative of indenture trustee claims)**

I, Stephen C. Restelli, am a Creditor of LBHI and I have a Claim Value of $1,081,498.00, as a holder of LBHI Capital Trust Preferred Securities ("LBHI Capital Trusts"), which represents an undivided beneficial interest in the LBHI Subordinated Notes.
These Notes are being held in a Trust with the Indenture Trustee/The Bank of New York Mellon as Guardian and Successor Guarantee Trustee.

I hereby file my Response to the Debtors' Eighty-Second Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims)--filed January 13, 2011--For the following reasons:

1. I deny and disagree that my Claim is duplicative of the Indenture Trustee/The Bank of New York Mellon.

My Claim is based upon the Full and Unconditional Guarantee for the LBHI Capital Trusts while the Indenture Trustee's Claim is based solely upon the Indenture for the LBHI upon the Indenture for the LBHI Subordinated Notes held in the Trusts.

The Indenture Trustee has negligently waived in its Proofs of Claim, the Full and Unconditional Guarantee, the Guarantee Agreement and its duties as the Successor Guarantee Trustee.

On Page 7 of the Guarantee Agreement for the LBHI Capital Trusts it states the following:

"<u>Guarantee Trustee May File Proofs of Claim</u>. Upon the occurrence of a Guarantee Event of Default, the Guarantee Trustee is hereby authorized to (a) recover judgment, in its own name as trustee of an express trust, against the Guarantor for the whole amount of any Guarantee payments remain unpaid and

(b) file such proofs of claim and other papers or documents as may be necessary or advisable in order to have its claims and those of the Holders of the Securities allowed in any judicial proceedings relative to the Guarantor, its creditors or its property."

The Indenture Trustee did not acknowledge the Guarantee or the Guarantee Agreement. Nor did the Indenture Trustee even announce itself as a Successor Guarantee Trustee for the Holders of the LBHI Capital Trusts in its Proofs of Claim. How can my claim be considered a duplicate claim when I filed under the Full and Unconditional Guarantee and the Indenture Trustee did not?

2. According to Section 315 (b) of the Trust Indenture Act and the Guarantee Agreement for the LBHI Capital Trusts, the Indenture Trustee/Guarantee Trustee has a duty and responsibility to send out by mail - to the Holders it represents - notification of an Event of a Default within 90 days of the occurrence of a Default.

On page 6 of the Guarantee Agreement for the LBHI Capital Trusts states the following;

"<u>Guarantee Event of Default, Notice</u>.

(a) The Guarantee Trustee shall, within 90 days after the occurrence of a Guarantee Event of Default, Transmit by mail, first class postage prepaid to the Holders of the Securities, notices of all Guarantee Events of Default actually known to a Responsible Officer of the Guarantee Trustee, unless such defaults have been cured before the giving of such notice; provided that the Guarantee Trustee shall be protected in withholding such notice if and so long as a Responsible Officer of the Guarantee Trustee in good faith determines that the withholding of such notice is in the interests of the Holders of the Securities."

I have not received any notification or communication of any sort from the Indenture Trustee/Bank of New York Mellon from 2008 to the present date. In view of the Indenture Trustee's failure in carrying out its fiduciary duties, I should have the right to continue to represent myself in the Claim I have filed.
It was because I have had no contact from any representative, that I filed my own Claim.

I have also noticed in reviewing the Claims filed by the Indenture Trustee/The Bank of New York Mellon that it also represents LBI Senior Subordinated Note Holders in Claim no. 21807. In viewing Claim no. 21807 I noted that the Indenture Trustee filed a Proof of Claim based on a Full and Unconditional Guarantee.
Since the very same Indenture Trustee/The Bank of New York Mellon filed a Proof of Claim based on a Full and Unconditional Guarantee on behalf of the Senior Subordinated Note Holders, and yet failed to file similar Proofs of Claim to the benefit of the LBHI Capital Trusts, an issue of a conflict of interest may be in order.
   If the court agrees that there is a conflict of interest within the Bank of New York Mellon's fiduciary failure, I would request that all Claims filed by The Bank of New York Mellon on behalf of the interest of the LBHI Capital Trusts' Holders be transferred to a New Indenture Trustee/Successor Guarantee Trustee who will represent the Holders in good faith.
I pray the court will hear my voice, and allow my Claim no. 25478 to stand as being properly and lawfully submitted in good faith. And that my Claim Value of $1,081,498.00 - of the Indenture Trustee's Claim no.'s 22122 and 21803 be expunged.

Respectfully,

*[signature]*

Stephen C. Restelli

## CERTIFICATE OF SERVICE

I, Stephen C. Restelli, hereby certify that a true copy of the foregoing "Response of Stephen C. Restelli to the Debtors'

Eighty-Second Ominibus Objection to Claims (Duplicative of Indenture Trustee Claims)" was mailed out on February 7, 2011 by

First Class US Mail, to the following Parties:

(i)    WEIL GOTSHAL & MANGES LLP

767 Fifth Avenue

New York, New York    10153

ATTN:   Shai Waisman, Esq., Mark Bernstein, Esq.,

(ii)    OFFICE OF THE US TRUSTEE

33 Whitehall Street

21st Floor

New York, New York    10004

ATTN:    Elisabeth Gasparini, Esq., Andrea Schwartz, Esq.

(iii)    MILBANK TWEED HADLEY & MCCLOY LLP

1 Chase Manhattan Plaza

New York, New York,    10005

ATTN:    Dennis F. Dunne, Esq., Dennis O' Donnell, Esq., Evan Fleck, Esq.,

Date  2-7-2011

_____
STEPHEN C. RESTELLI