UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                  :
In re:                                                            :   Chapter 11
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*                          :   Case No. 08-13555 (JMP)
                                                                  :
                                    Debtors.                      :   (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 9019 APPROVING A SETTLEMENT
AGREEMENT AMONG LEHMAN COMMERCIAL PAPER INC., GREENBRIER
MINERALS HOLDINGS, LLC AND CERTAIN OF ITS AFFILIATES, MIDLAND
TRAIL RESOURCES, LLC AND DOLPHIN MINING, LLC**

This matter coming before the Court on the Motion (the "Motion") of Debtor Lehman Commercial Paper Inc. ("Lehman") for an Order Pursuant to Section 105(a) of the Bankruptcy Code[1] and Bankruptcy Rule 9019 Approving a Settlement Agreement Between Lehman, Greenbrier and Midland, filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iii) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having found and determined the relief sought in the Motion is in the best interests of the Debtor, its estates and creditors, and all parties in interest and that the legal and factual

---

[1] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ADJUDGED, FOUND AND DETERMINED:

(a)     This Court has jurisdiction over the Motion and the Settlement Agreement pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).  Venue of these chapter 11 cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

(b)     The statutory predicates for the relief sought in the Motion and granted in this Order include, without limitation, section 105(a) of the Bankruptcy Code, and Bankruptcy Rule 9019.

(c)     As evidenced by the affidavit and certificate of service filed with the Court, the Court finds that:  (1) proper, timely, adequate and sufficient notice of the Motion and the Settlement Agreement has been provided by the Debtor; (2) such notice, and the form and manner thereof, was good, sufficient, reasonable and appropriate under the circumstances prevailing in these chapter 11 cases; and (3) no other or further notice of the Motion or the Settlement Agreement is or shall be required.

(d)     A reasonable opportunity to object to and to be heard at the Hearing on the Motion and the relief requested therein has been given as required by the Bankruptcy Code and all Bankruptcy Rules to all persons entitled to notice.

(e)     Entry into the Settlement Agreement is in the best interests of the Debtor and its estate, creditors and other parties in interest, and represents the fair, reasonable and appropriate exercise of the Debtor's sound business judgment.

(f) The Settlement Agreement and each of the transactions contemplated therein were negotiated, proposed and entered into by the Debtor, Greenbrier and Midland in good faith, without collusion and from arm's length bargaining positions.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreement is approved in its entirety. The Debtor is authorized to enter into, and perform its obligations under, the Settlement Agreement pursuant to Bankruptcy Rule 9019. The Settlement Agreement is legal, valid and binding upon the Debtor.

3. The Debtor and its successors are authorized to take any and all actions necessary or appropriate to implement the terms of this Order and the Settlement Agreement.

4. Upon a Combined Sale (as defined in the Settlement Agreement), Greenbrier shall withdraw the Proof of Claim in its entirety.

5. To enable the parties to immediately take action under the Settlement Agreement, this Order shall become effective immediately upon its entry.

6. The Court shall retain jurisdiction to hear and determine all matters arising from, related to or in connection with the implementation, interpretation, enforcement or application of this Order.

Dated: New York, New York
      February 22, 2011

                                      *s/ James M. Peck*
                                      Honorable James M. Peck
                                      United States Bankruptcy Judge