B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.,      Case No. 08-13555 (JMP)
(Jointly Administered)

Debtors.

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Alden Global Distressed Opportunities Master Fund, LP
Name of Transferee

Illiquidx Ltd.
Name of Transferor

Name and Address where notices to transferee should be sent:

Mail Code:
885 Third Avenue
New York, New York 10022
USA

Phone: 212-418-6871
Last Four Digits of Acct #: _____

Court Claim # (if known): 50549 (16.6815540% of such claim)
Amount of Claim as Filed:$15,693,591.84
Amount of Claim Transferred:$2,617,935.00
Date Claim Filed:10/28/2009
Debtor: __Lehman Brothers Holdings Inc.__

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

648868.1/9999-00999

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Alden Global Distressed Opportunities Master Fund, LP

By: _____  Date: 2/22/11
Transferee/Transferee's Agent
Name: Jason Pecora
Title: Managing Director of Operations

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

648868.1/9999-00999

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, Illiquidx Ltd. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Alden Global Distressed Opportunities Master Fund, LP (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 50549 filed by or on behalf of Bank Insinger de Beaufort NV (Italia) ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which the Transfer Relates") attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated; and (g) as of the date hereof, to the best of its knowledge, amounts due and owing by Lehman Brothers Treasury Co. B.V. as issuer in respect of each Purchased Security have not been accelerated.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser

*G, A.*

the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from (a) Seller's breach of its representations and warranties made herein or (b) Seller or Predecessor seeking to enforce Section 7 of the predecessor transfer agreement between Predecessor and Seller.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  This Agreement and Evidence of Transfer of Claim is subject to successful completion of the purchase by the Seller of the Transferred Claims and the Purchased Securities on or about the date hereof (the "Prior Purchase") and, in the event that such Prior Purchase is not successfully completed, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

8.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15 day of February, 2011.

| Illiquidx Ltd. | Alden Global Distressed Opportunities Master Fund, LP |
|---|---|
| By: _[signature]_ (G.A.) | By: _[signature]_ |
| Name: Galina Alabatchka | Name: |
| Title: *Managing Director* | Title: |
| | |
| Address: | Address: |
| 80 Fleet Street | Mail Code: |
| London EC4Y 1EL | 885 Third Avenue |
| UNITED KINGDOM | New York, New York 10022 |
| | USA |

G.A.

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

1. 19.79167% of ISIN XS0294106405 which is US$ 1,344,345.00 of US$ 6,792,480.00 (the outstanding amount of ISIN XS0294106405 as described in the proof of Claim as of 15th February, 2011); plus all accrued interest, fees and other recoveries due.
2. 20.22472% of ISIN XS0294106314 which is US$ 1,273,590.00 of US$ 6,297,195.00 (the outstanding amount of ISIN XS0294106314 as described in the proof of Claim as of 15th February, 2011); plus all accrued interest, fees and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Claim Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Issue of EU5,000,000 COMPASS Notes due March 2017 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Program | XS0294106405 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 19.79167% of the ISIN/CUSIP XS0294106405 under the Proof of Claim, which is EUR 950,000 (which is equivalent of US$1,344,345.00), plus all accrued interest, fees and recoveries due. | 30th of March 2017 | EUR 950,000 (which is equivalent of US$1,344,345.00) (using an exchange rate of EUR/USD = 1.4151), plus all accrued interest, fees and recoveries due. |
| Issue of EUR4,500,000 iVTS Notes due March 2017 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Program | XS0294106314 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 20.22472% of the ISIN/CUSIP XS0294106314 under the Proof of Claim, which is EUR 900,000 (which is equivalent of US$1,273,590.00), plus all accrued interest, fees and recoveries due. | 30th of March 2017 | EUR 900,000 (which is equivalent of US$1,273,590.00) (using an exchange rate of EUR/USD = 1.4151), plus all accrued interest, fees and recoveries due. |

(p. A.)