9595 Red Bird Lane
Alpharetta, GA 30022
February 2, 2011



The Honorable James M. Peck
United States Bankruptcy Court
Southern District of New York
One Bowling Green
Courtroom 601
New York, New York 10004

Re: Lehman Brothers Holding, Inc. Chapter 11, Case No. 08-13555; (JMR) Eighty-Second Omnibus Objection to Claims (Duplicative of indenture trustee Claims). Claimant Names: William H. Smith, Claim No. 9187; basis for claim: 155 shares of Lehman Brothers Capital Trust VI purchased through UBS Financial Services, Inc. on March 9, 2006 in the amount of $3,932.95; and Francis J. Hill, IRA, Claim No. 9974; basis for claim: 866 shares of Lehman Brothers Capital Trust VI purchased through UBS Financial Services, In. on March 9, 2006 in the amount of $21,949.69.

Letters are being sent to The Honorable James M. Peck of the United States Bankruptcy Court and to the Debtors' Attorneys Weil, Botshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. And Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall St., 21st Floor, New York, New York (Attn: Elisabeth Gasparini, Esq. And Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunn, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.).

Dear Honorable Peck,

This is in response to Weil, Gotshal, and Manges LLP letter dated January 13, 2011 advising of claims to be disallowed and expunged on the grounds that it is substantively duplicative, in whole or in part, of the corresponding global claim(s) listed under "SURVIVING CLAIM(S)".

Please be advised that we, William H. Smith, Claim No. 9187 in the amount of $3,932.95 and Francis J. Hill, IRA, Claim No. 9974 in the amount of $21,949.69, DO HEREBY OBJECT AND/OR DISAGREE WITH THE DEBTORS' EIGHTY-SECOND OMNIBUE OBJECTION TO CLAIMS (Duplicative of Indenture Trustee Claims).

Inasmuch as this case is now in the third year since bankruptcy was filed, we also object to the Debtors continuing at this late date with objections, further delaying the closing of

The Honorable James M. Peck
Page 2.
February 2, 2011.

this case. We respectfully request the court to set an early deadline date after which time any and all objections will not be accepted or considered by the court.

We further object to the wording of this objection as it appears to be ambiguous and also appears to assume authority given only to the court. The second paragraph cites our claims as being Duplicative of Surviving Claims, which are generally unsecured claims which will not be entitled to distribution regardless of whether secured or unsecured. This wording is not clear as to whether "secured" is required for distribution. The letter does not explain what is required to secure a Capital Trust. Please pardon our ignorance of legal matters, but we do not know what "secured" means with reference to a Capital Trust. Since cash was paid for these Capital Trusts, we do not know how to secure cash. Since buying the Capital Trusts, we were never given an opportunity to secure the Trusts, whatever that entails. The name "Capital Trust" would seem to imply the highest level of security in and of itself.

The above referenced letter seems to assume the court's authority when it cites our claims as being part of the "NOTES", and gives no reasonable explanation as to why. Neither is the letter clear as to why global claims (the "notes") should be disallowed and expunged.

We would appreciate the Court's help in preventing any further correspondence from the "Debtor" that requires a response from the claimants in order to remain eligible for consideration in receiving distribution. Such correspondence is time consuming and expensive to respond to. These expenses should be reimbursed by the "Debtor". By making response demands of the claimant to avoid being expunged or disallowed does not take into consideration the possibility that claimants may never receive the threatening correspondence due to being lost in mailing or not being available to receive it in time to meet the response deadline.

For the reason stated above, we request that the Debtors Eighty-Second Omnibus Objection be rejected and/or disregarded in its entirety.

Sincerely,

William H. Smith                AND:    Francis J. Hill
9595 Redbird Lane                       9605 Buckingham Circle
Alpharetta, GA 30022                    Cumming, GA 30040


WHS & FJH/bas