UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re | Chapter 11 Case No. |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., et al., | 08-13555 (JMP) |
| Debtors | (Jointly Administered) |

## HEARING ON DEBTORS' SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

### CLAIM TO BE RECLASSIFIED

| Creditor Name and Address: | Claim Number: | 23900 |
|---|---|---|
| Michael Gran<br>45 Comely Lane<br>Latham, NY 12110 | Date Filed: | 9/21/2009 |
| | Debtor: | No Case |
| | Classification and Amount: | PRIORITY:<br>UNSECURED: $1,199,094.00<br>TOTAL: $1,199,094.00 |

## NOTICE OF OBJECTION TO CREDITOR'S CLAIM BEING RECLASSIFIED AS EQUITY INTEREST

I oppose any reduction or reclassification of my claim for the following reasons:

1. The 2003 and 2004 Contingent Stock Award Letters state that in the event of a Bankruptcy Distribution Event the Participant becomes immediately entitled to receive all the Principal Award Shares and the Discount Award Shares. The Bankruptcy Distribution Event is defined as "the earlier to occur of (i) the date of, but immediately prior to, distribution to holders of claims and interests upon the substantial consummation of a confirmed plan or reorganization of [LBHI] in a Chapter 11 case under Title 11 of the United States Code, 11 U.S.C. § § 101 et seq (the "Bankruptcy Code"), or (ii) the date of, but immediately prior to, distributions to holders of claims and interests upon the liquidation of Holdings in a Chapter 7 case under the Bankruptcy Code." Contrary to the information provided by LBHI ("the Debtors) in their Seventy-Third Omnibus Objection to Claims, neither of the options stated in the definition of "Bankruptcy Distribution Event" have been triggered as the Debtors have not applied for a "plan of reorganisation of Lehman Brothers Holdings Inc.".

2. Under employment contracts in the UK employees were remunerated on the basis of an annual Total Compensation (base salary, bonus and other compensation). CSAs

were included in "other compensation". Employee's year-end compensation statement always included a cash value attributed to the value of the CSA element and would not unreasonably have understand that, subject to meeting certain conditions, they would receive the cash value of CSAs from LBHI if LBHI did not fulfil its commitment to deliver LBHI stock. The cash value owed to employees should be the value as provided to the employees as the compensation amount listed as "Other Compensation" in their annual compensation award letter.

I have submitted all the supporting documents required in my original claim.


Sincerely Yours, Michael Gran