Presentment Date and Time: **March 10, 2011 at 12:00 p.m.** (Prevailing Eastern Time)
Objection Deadline: **March 10, 2011 at 11:00 a.m.** (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): **March 23, 2011 at 10:00 a.m.** (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

------------------------------------------------------------x
In re                                                        :   Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :   08-13555 (JMP)
                                                             :
                    Debtors.                                 :   (Jointly Administered)
                                                             :
------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF AMENDMENT TO THE SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO AMEND THE ENGAGEMENT LETTER BETWEEN THE DEBTORS AND LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER TO THE DEBTORS, *NUNC PRO TUNC* TO JUNE 1, 2010

**PLEASE TAKE NOTICE** that the undersigned will present the annexed amendment (the "Amendment") to the supplemental application, dated October 15, 2010 [Docket No. 12041] (the "Supplemental Application"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to amend the engagement letter between the Debtors and Lazard Frères & Co. LLC as investment banker to the Debtors, dated October 20, 2008, *nunc pro tunc* to June 1, 2010, all as more fully described in the Supplemental Application, and as modified by the Amendment, to

the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **March 10, 2011 at 12:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that objections to the Amendment and Supplemental Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Lazard Frères & Co. LLC, 30 Rockefeller Plaza New York, NY 10020, Attn: Bradley Dunn, **so as to be so filed and received by no later than March 10, 2011 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **March 23, 2011 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408. If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 24, 2011
      New York, New York

                                     /s/ Richard P. Krasnow
                                     Richard P. Krasnow
                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone: (212) 310-8000
                                     Facsimile: (212) 310-8007

                                     Attorneys for Debtors
                                     and Debtors in Possession

Presentment Date and Time: March 10, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: March 10, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): March 23, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :    08-13555 (JMP)
                                                            :
                            Debtors.                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

## AMENDMENT TO THE SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO AMEND THE ENGAGEMENT LETTER BETWEEN THE DEBTORS AND LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER TO THE DEBTORS, *NUNC PRO TUNC* TO JUNE 1, 2010

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, respectfully represent:

1. On October 15, 2010, the Debtors filed an application (the "Supplemental Application")[1] pursuant to sections 327(a) and 328(a) of title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for authorization to amend the engagement letter, dated October 20, 2008, between Lazard Frères & Co. LLC and LBHI and

---

[1] Capitalized terms used but not defined shall have the meanings ascribed to them in the Supplemental Application.

certain of its subsidiaries, as modified by the affidavit of Barry W. Ridings, dated February 3, 2010, and filed with the Court on February 5, 2010. The Supplemental Application sought to amend the terms of Lazard's engagement, *nunc pro tunc* to June 1, 2010, pursuant to that certain letter agreement (the "<u>Supplemental Engagement Letter</u>"), dated October 11, 2010, a copy of which was annexed to the Supplemental Application.

2. Subsequent to the filing of the Supplemental Application, the Debtors and Lazard engaged in substantive discussions with counsel of the Office of the United States Trustee, and representatives of the Creditors' Committee and certain individual creditors with respect to the terms and justifications for the Supplemental Application and Supplemental Engagement Letter. The Debtors adjourned both the deadline for certain parties to object to the Supplemental Application and the presentment date for a proposed order with respect thereto while discussions continued.

3. As a result of those discussions and subsequent discussions with the Debtors, Lazard agreed to modify the Supplemental Engagement Letter on terms favorable to the Debtors. Specifically, Lazard agreed to limit the increase in its Monthly Fee (from $200,000 to $350,000) to the six-month period from June 2010 through November 2010.

4. The terms of the agreement reached are memorialized in a letter agreement, dated December 21, 2010 (the "<u>Modified Engagement Letter</u>"), a copy of which is attached hereto as <u>Exhibit A</u>. The Modified Engagement Letter replaces the Supplemental Engagement Letter in its entirety. A comparison reflecting the changes from the Supplemental Engagement Letter to the Modified Engagement Letter is attached hereto as <u>Exhibit B</u>.

5. The Debtors have requested authorization to amend the terms of Lazard's engagement effective *nunc pro tunc* to June 1, 2010, to ensure that Lazard is compensated for

2

work performed on behalf of the Debtors on and after June 1, 2010, but prior to the submission of the Supplemental Application. As discussed more fully in the fourth supplemental declaration of Barry W. Ridings (the "Ridings Declaration"), contemporaneously filed herewith, during that period Lazard provided necessary services, exploring strategic relationships with third parties with respect to LAMCO (including the possibility of selling an equity stake in LAMCO to a potential partner or otherwise entering into mutually beneficial ventures and arrangements with third parties), that are of value to the Debtors estate and all parties in interest. Lazard performed such services at the request of the Debtors prior to final documentation of the agreed-upon terms of Lazard's engagement which was delayed, in majority part, by the Debtors, due to the complexities and sensitivities involved in the nature of the services rendered and ongoing discussions among the Debtors, Lazard and the Creditors' Committee. Moreover, although negotiations and discussions took place prior to the signing of the Supplemental Engagement Letter and filing of the Supplemental Application, as described above, the favorable terms of the Modified Engagement Letter were agreed to by Lazard, the Creditors' Committee and certain creditors only recently.

6.     The complex, global nature of these chapter 11 cases and the need for professionals often times to provide immediate services in exigent circumstances has warranted retroactive approval of professional retentions. Indeed, this Court has granted *nunc pro tunc* approval of the retention of at least twenty-nine other professionals in these cases.[2]

---

[2] [Docket No. 4711] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 4927] (approving *nunc pro tunc* appointment dating approximately 24 days prior), [Docket No. 1659] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 7824] (approving *nunc pro tunc* appointment dating approximately 1 year and 4 months prior), [Docket No. 9724] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 5305] (approving *nunc pro tunc* appointment dating approximately 11 months prior), [Docket No. 2547] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 9857] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 5037] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 3072] (approving *nunc pro tunc* appointment dating approximately 2 months), [Docket No. 2925] (approving *nunc pro*

7. Based on the foregoing, retroactive approval of the *modification* of Lazard's *existing* engagement is warranted in these circumstances. *See In re Anthony Stylianou*, 2010 Bankr. Lexis 3193 at *15 (Bankr. S.D.N.Y. 2010) (stating the "determination as to whether the *nunc pro tunc* appointment is appropriate is in essence an equitable one, taking into account all relevant circumstances surrounding the party's omission."); *In re Motors Liquidation Company*, 2010 Bankr. Lexis 2367 at *28 (Bankr. S.D.N.Y. 2010) (stating that in "exercising its discretion regarding the existence of 'extraordinary circumstances,' a bankruptcy court considers factors such as . . . whether the applicant was under time pressure to begin service without approval"); *see also In re Hasset, Ltd.*, 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002) (approving *nunc pro tunc* retention and recognizing that "*nunc pro tunc* applications are disfavored in this Circuit but have been permitted when the attorney performs services of 'value' to the estate" (internal citations omitted)).

8. Lazard has informed the Debtors that they have performed a conflicts check with respect to those potential third party purchasers and/or strategic partners that expressed interest in a LAMCO Sale as of the submission of the Supplemental Application. The

---

*tunc* appointment dating approximately 4 months prior), [Docket No. 6808] (approving *nunc pro tunc* appointment dating approximately 3 weeks prior), [Docket No. 7825] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 2275] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 2309] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 12204] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10647] (approving *nunc pro tunc* appointment dating approximately 6 months prior), [Docket No. 7044] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 4009] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10677] (approving *nunc pro tunc* appointment dating approximately 5 months prior), [Docket No. 11499] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 2680] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10949] (approving *nunc pro tunc* appointment dating approximately 7 months prior), [Docket No. 1658] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 8846] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 1660] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 4926] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 12406] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 12497] (approving *nunc pro tunc* appointment dating approximately 1 month prior).

4

Debtors have also been informed that Lazard will continue to update its conflicts disclosures in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules, any relevant orders of this Court, and Lazard's past practices and established conflicts procedures relating to chapter 11 proceedings.

9. The Debtors' knowledge, information and belief regarding the matters set forth in this amendment to the Supplemental Application are based on and made in reliance upon the Ridings Declaration, together with the previously-submitted Ridings Affidavit, Supplemental Affidavit, Second Supplemental Affidavit and Third Ridings Affidavit.

10. The Debtors have been advised that the United States Trustee, and the Creditors' Committee have no objection to the relief requested, in light of the terms of the Modified Engagement Letter and the disclosures set forth herein and in the Ridings Declaration.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested in the Supplemental Application, as amended herein, and authorize the Debtors to enter into the Modified Engagement Agreement and such other and further relief as is just.

Dated: February 24, 2011
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors
and Debtors in Possession

# EXHIBIT A
**(Modified Engagement Letter)**

# LAZARD

BARRY W. RIDINGS
VICE CHAIRMAN OF US
INVESTMENT BANKING

LAZARD FRÈRES & CO. LLC
30 ROCKEFELLER PLAZA
NEW YORK, NY 10020
PHONE 212-632-6896
FAX 212-332-1757
barry.ridings@lazard.com

December 21, 2010

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
45th Floor
New York, New York 10020

Attention:   Bryan Marsal
             **Chief Restructuring Officer**

Dear Ladies and Gentlemen:

Reference is made to the engagement letter between Lazard Frères & Co. LLC ("Lazard") and Lehman Brothers Holdings Inc. ("LBHI"), on behalf of itself and its controlled subsidiaries (collectively with LBHI, the "Company") dated as of October 20, 2008, as modified by that certain second supplemental affidavit of Barry W. Ridings sworn to on February 3, 2010 and filed with the Court on February 5, 2010 [Docket No. 6992] (the "Engagement Letter"), pursuant to which Lazard was engaged as investment banker to the Company, and that certain letter between Lazard and LBHI dated as of October 11, 2010 (the "Amended Engagement Letter").

This letter supersedes and replaces the Amended Letter in its entirety.

We hereby confirm that Lazard is assisting the Company with respect to a possible Sale Transaction (as that term is defined in the Engagement Letter) involving primarily all or a portion of LAMCO LLC or its assets, voting power, securities, or other interests or obligations (a "LAMCO Sale") and, in connection therewith, agree to the following amendments to the Engagement Letter:

(i)   The following shall be added to the end of clause 2(a) of the Engagement Letter:

      "provided, however, that the Monthly Fee shall be increased by $150,000 solely for the time period beginning on June 1, 2010 and ending on November 30, 2010, in which Lazard provides services in connection with a possible LAMCO Sale, and thereafter decrease to $200,000 per month thereafter;"

(ii)  The following shall be added as a new clause 2(b)(iv):

LAZARD

"(iv) Notwithstanding anything to the contrary in clause (b)(iii) above, and in lieu of any amount otherwise payable under clause (b)(iii) above in connection with the consummation of a LAMCO Sale, a fee, payable upon consummation of a LAMCO Sale, equal to $1,250,000."

Except to the extent provided above, the Engagement Letter and related indemnification letter, as modified by the order, dated December 17, 2008, authorizing the Company's employment and retention of Lazard as investment banker [Docket No. 2275], remain in full force and effect. If the foregoing correctly sets forth the understanding between us, please so indicate on the enclosed signed copy of this letter in the space provided therefor and return it to us, whereupon this letter shall constitute a binding agreement between us.

Very truly yours,

LAZARD FRERES & CO. LLC

By: _____
Barry Ridings
Vice Chairman of US Investment Banking

AGREED TO AND ACCEPTED
as of the date first above written:

LEHMAN BROTHERS HOLDINGS INC. on behalf of itself
and its controlled subsidiaries

By_____
William J. Fox
Executive Vice President

2

**EXHIBIT B**
**(Comparison)**

08-13555-mg    Doc 14652    Filed 02/24/11    Entered 02/24/11 16:40:50    Main Document
Pg 12 of 14

~~October~~December __, 2010

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
45th Floor
New York, New York 10020

Attention:     Bryan Marsal
               **Chief Restructuring Officer**

Dear Ladies and Gentlemen:

Reference is made to the engagement letter between Lazard Frères & Co. LLC ("Lazard") and Lehman Brothers Holdings Inc. ("LBHI"), on behalf of itself and its controlled subsidiaries (collectively with LBHI, the "Company") dated as of October 20, ~~2008~~2008, as modified by that certain second supplemental affidavit of Barry W. Ridings sworn to on February 3, 2010 and filed with the Court on February 5, 2010 [Docket No. 6992] (the "Engagement Letter"), pursuant to which Lazard was engaged as investment banker to the Company, and that certain letter between Lazard and LBHI dated as of October 11, 2010 (the "Amended Engagement Letter").

This letter supersedes and replaces the Amended Letter in its entirety.

We hereby confirm that Lazard is assisting the Company with respect to a possible Sale Transaction (as that term is defined in the Engagement Letter) involving primarily all or a portion of LAMCO LLC or its assets, voting power, securities, or other interests or obligations (a "LAMCO Sale") and, in connection therewith, agree to the following amendments to the Engagement Letter:

(i)     The following shall be added to the end of clause 2(a) of the Engagement Letter:

"provided, however, that the Monthly Fee shall be increased by $150,000 solely for the time period beginning on June 1, 2010 and ending on November 30, 2010, in which Lazard provides services in connection with a possible LAMCO Sale, and ~~then decreasing~~thereafter decrease to $200,000 per month thereafter;"

(ii)    The following shall be added as a new clause 2(b)(iv):

"(iv) Notwithstanding anything to the contrary in clause (b)(iii) above, and in lieu of any amount otherwise payable under clause (b)(iii) above in connection with the consummation of a LAMCO Sale, a fee, payable upon consummation of a LAMCO Sale, equal to $1,250,000."

Except to the extent provided above, the Engagement Letter and related indemnification letter, as modified by the order, dated December 17, 2008, authorizing the Company's employment and retention of Lazard as investment banker [Docket No. 2275], remain in full force and effect. If the foregoing correctly sets forth the understanding between us, please so indicate on the enclosed signed copy of this letter in the space provided therefor and return it to us, whereupon this letter shall constitute a binding agreement between us.

Very truly yours,

LAZARD FRERES & CO. LLC

By: _____
Barry Ridings
Vice Chairman of US Investment Banking

AGREED TO AND ACCEPTED
as of the date first above written:

LEHMAN BROTHERS HOLDINGS INC. on behalf of itself
and its controlled subsidiaries

By_____

2