# **EXHIBIT A**

**(AMERICAN EAGLE SETTLEMENT AGREEMENT)**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between American Eagle Outfitters, Inc. and AEO Management Co. ("collectively, "Claimants"), and Sanford A. Haber ("Respondent"), with the consent and agreement of Zurich American Insurance Company. Claimants and Respondent are collectively referred to herein as the "Parties."

WHEREAS, a dispute has arisen between Claimants and Respondent, and Claimants filed an arbitration before the Financial Industry Regulatory Authority ("FINRA") styled *American Eagle Outfitters, Inc. and AEO Management Co v. Sanford A. Haber, FINRA Dispute Resolution Arbitration Number 10-00615* (the "AEO Claim"). Thereafter, the Parties entered into settlement negotiations; and

WHEREAS, the Parties desire to settle the AEO Claim and all other controversies and differences between them, including, without limitation, those related to the Claimants' purchases of auction rate securities at Lehman Brothers, Inc. ("LBI");

WHEREAS, Respondent has sought coverage for the AEO Claim as an insured under certain primary and excess Directors and Officer's insurance coverage policies (the "Insurance Policies") that are assets of the estate of Lehman Brothers Holdings Inc. ("LBHI"); the proceeds of the Insurance Policies have been and are being exhausted in part by defense costs and settlements in other matters;

WHEREAS, Zurich American Insurance Company, through Financial Institutions Excess Insurance Policy No. DOC 7995104-09, is the insurance carrier with the currently operative layer of excess D&O coverage (the "Operative Insurer") and has consented to the amount of the settlement herein to avoid the payment of additional defense costs with respect to the AEO Claim; and it is understood that the settlement payment herein shall be paid by the Operative Insurer (or another excess D&O insurance carrier) subject to Final Approval (defined below) of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") the matter captioned *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555-jmp (the "LBHI Bankruptcy Case").

NOW, THEREFORE, in consideration of the premises and the mutual promises set forth herein and with the intent to be legally bound, the Parties and Zurich American Insurance Company agree as follows:

1. **Release of Respondent and Other Individuals Formerly Employed at LBI.** Subject to the specific exceptions and limitations set forth below and in this Agreement, Claimants hereby remise, release and forever discharge Respondent and all other former employees of LBI, their predecessors and successors, assigns, attorneys, trustees, representatives, employees and agents, and each of such persons' heirs, successors, assigns, executors, administrators, and beneficiaries, of and from any and all claims (including claims for costs and attorneys' fees), damages, demands, suits, debts, actions or causes of action of any kind, whether known or unknown, suspected or unsuspected (hereinafter referred to collectively as "Claims"), that Claimants or Claimants' executors, administrators, successors,

872485

beneficiaries or assigns, or any of them, ever had or may now or hereafter own, hold, have or claim to have by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Agreement, including, without limitation the AEO Claim and any other claims relating to transactions in LBI account number 831-16220 (the "Account"). Notwithstanding the foregoing: (a) the release set forth in this paragraph shall not be effective unless and until the Claimants receive the Settlement Amount as defined and set forth in paragraph six (6) below; and (b) this Agreement and/or release is not intended to and does not cover, apply to, or prejudice any claims or potential Claims that Claimants and/or any of their predecessors, subsidiaries, affiliates, parents, assigns, successors, related corporations or entities, shareholders, officers, directors, managers, employees, agents, attorneys or representatives (hereinafter collectively the "Claimants and Related Parties") have asserted, may have, or may seek to assert against LBI or its bankruptcy and/or insolvency estate in any SIPA proceeding or otherwise, including, but not limited to, the general creditor claims filed by Claimants and Related Parties in the Bankruptcy Court in the LBI case docketed 08-01420, which claims are numbered 3273 and 3274 ("AEO's General Creditor Claims"). Claimants and Related Parties expressly reserve all rights with respect to any and all Claims that any of them may have or seek to assert against LBI or its bankruptcy estate.

2. **Release of LBHI.** Subject to the specific exceptions and limitations set forth below and in this Agreement, Claimants hereby remise, release and forever discharge LBHI, its present and former predecessors, successors, and related entities, their present and former officers, directors, shareholders, employees, partners, attorneys, affiliates, representatives, spouses, trustees, and agents, and each of such persons' heirs, successors, assigns, executors, administrators, and beneficiaries, of and from any and all claims (including claims for costs and attorneys' fees), damages, demands, suits, debts, actions or causes of action of any kind, whether known or unknown, suspected or unsuspected, that Claimants or Claimants' executors, administrators, successors, beneficiaries or assigns, or any of them, ever had or may now or hereafter own, hold, have or claim to have by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Agreement, including, without limitation, the AEO Claim and any other claims relating to transactions in the Account. Notwithstanding the foregoing: (a) the release set forth in this paragraph shall not be effective unless and until the Claimants receive the Settlement Amount as defined and set forth in paragraph six (6) below; (b) this Agreement and/or release is not intended to and does not cover, apply to, or prejudice any Claims or potential Claims that Claimants and Related Parties have asserted or may have or seek to assert against LBI or its bankruptcy estate in any SIPA proceeding or otherwise. Claimants and Related Parties expressly reserve all rights with respect to any and all Claims that they have asserted, may have, or may seek to assert against LBI or its bankruptcy and/or insolvency estate, including, but not limited to, AEO's General Creditor Claims; and (c) this Agreement and/or release is not intended to cover, apply to, prejudice or in any way limit the Claimants and Related Parties' rights or abilities to pursue or recover any funds relating to the claim in the amount of $61,462.50 asserted by Claimants and Related Parties in the LBHI Bankruptcy Case and identified as claim number 28550. Claimants agree that LBHI's rights to dispute the allowance of claim number 28550 against LBHI in the LBHI Bankruptcy Case on any basis are fully preserved.

2

872485

3.  **Release of Operative Insurer.** Respondent, his predecessors and successors, assigns, attorneys, trustees, representatives, employees and agents, and each of such persons' heirs, successors, assigns, executors, administrators, and beneficiaries hereby remise, release and forever discharge the Operative Insurer, its predecessors and successors, assigns, attorneys, trustees, representatives, employees and agents, and each of such persons' heirs, successors, assigns, executors, administrators, and beneficiaries of and from any and all claims (including claims for costs and attorneys' fees), damages, demands, suits, debts, actions or causes of action of any kind, whether known or unknown, suspected or unsuspected, that Respondent his executors, administrators, successors, beneficiaries or assigns, or any of them, ever had or may now or hereafter own, hold, have or claim to have by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Agreement (a) based upon, arising from, in consequence of, or in any way connected to or relating to the AEO Claim and any other claims relating to the transactions in the Account, and (b) based upon, arising from, in consequence of, or in any way connected to or relating to claims for, or assertions of, extracontractual liability, "bad faith" or unfair claims handling practices, breach of the covenant of good faith and fair dealing or any violations of any similar, comparable or equivalent provision or principle of either statutory or common law of any jurisdiction relating to the AEO Claim and any other claims relating to transactions in the Account. Notwithstanding anything stated above in this paragraph three (3), this Release does not encompass or relate to any claims alleged by any clients or former clients of LBI and/or Respondent other than Claimants. In addition, the Release set forth in this paragraph three (3) shall take effect if and only after the Operative Insurer (or another excess D&O insurance carrier) fully pays the Settlement Amount as defined and set forth in paragraph (six) below and all reasonable attorneys' fees and costs incurred by Respondent in connection with the AEO Claim, including but not limited to attorneys' fees and costs (i) outstanding as of the date this Agreement is fully executed; (ii) incurred in connection with obtaining Final Approval of this Agreement as set forth below in paragraph ten (10) of this Agreement or otherwise incurred in connection with finalizing the settlement terms set forth in this Agreement; and (iii) incurred in connection with obtaining expungement of the AEO Claim from Respondents CRD records maintained by FINRA, including confirmation of any expungement award in a court of competent jurisdiction.

4.  **Unknown Claims.** It is possible that other injuries or damages not now known to Claimants based upon circumstances existing or events occurring prior to the date of this Agreement will develop or be discovered, and this Agreement, including, without limitation, the releases set forth in paragraphs one (1), two (2), and three (3) above, are expressly intended to cover and include all such injuries or damages, including all rights of action relating thereto. Notwithstanding the foregoing, nothing in this Agreement or in the releases set forth in paragraphs one (1), two (2), and three (3) above is intended to be or shall constitute a release of LBI by Claimants and Related Parties regarding any past, present, or future Claims, including, but not limited to, AEO's General Creditor Claims.

5.  **Entry of Dismissal.** Counsel for Claimants will contact FINRA and dismiss the FINRA action with prejudice in writing no later than ten (10) business days after the date of the Claimants' receipt of the Settlement Amount provided for in paragraph six (6) below.

3

6. **Payment**. For and in consideration of each of the terms set forth herein, the Operative Insurer (and/or another insurer that issued one of the excess D&O Insurance Policies) will pay to Claimants on behalf of Respondent the sum of Five Hundred and Sixty Thousand Dollars and Zero cents ($560,000.00) (the "Settlement Amount") within fourteen (14) days after Final Approval in the LBHI Bankruptcy Case as defined and described below in paragraph ten (10). Such payment shall be made by wire transfer in accordance with instructions provided to counsel for the Respondent by Claimants. Nothing herein shall create any obligation by Respondent to personally pay the Settlement Amount set forth above or any portion thereof. The releases set forth in this Agreement, including those set forth in paragraphs one (1), two (2), three (3), and four (4) above, shall not be effective unless and until Claimants receive payment of the Settlement Amount.

7. **Fees and Costs**. Subject to the provisions set forth in paragraph three (3) above, each Party will bear its own expenses, including any costs or attorneys' fees incurred in connection with the AEO Claim and the FINRA action, the controversy giving rise to it, and the negotiation and execution of this Agreement. Claimants are responsible for any tax liability to Claimants that may be created as a result of this Agreement.

8. **Consent to Expungement.** Claimants acknowledge that, after Final Approval and payment of the Settlement Amount as set forth in paragraph six (6) above, Respondent is entitled to expungement of the AEO Claim from the CRD records of Respondent maintained by FINRA pursuant to FINRA Rule 2080, and Claimants expressly consent to such expungement. Claimants agree to cooperate with Respondent with respect to any application made by Respondent for such expungement after receipt of the Settlement Amount.

9. **Applicable Law**. This Agreement shall be construed, interpreted, governed, and enforced in accordance with the laws of the State of New York.

10. **Bankruptcy Court Approval.** It is agreed and understood by the Parties that the payment of the Settlement Amount from the proceeds of the Insurance Policies is subject to entry of an order by the Bankruptcy Court modifying the automatic stay extant in the LBHI Bankruptcy Case pursuant to 11 U.S.C. § 362(a) to allow the Settlement Amount to be paid by the Operative Insurer from the insurance proceeds ("Stay Relief"). Upon receiving a fully executed version of this Agreement from Claimants, counsel for Respondent will forward the fully executed Agreement to Weil Gotshal & Manges, LLP, counsel for LBHI, with a request that, as promptly as possible, it make an application to the Bankruptcy Court for Stay Relief. This Agreement and the terms herein shall be deemed effective, and final and binding on the Parties only if and after: (i) the Bankruptcy Court issues an order granting Stay Relief; and (ii) that order is either finally affirmed on appeal, or is no longer subject to appeal and the time for any petition for re-argument, appeal or review, by leave, certiorari or otherwise, has expired (subparts (i) and (ii) are collectively referred to throughout this Agreement as "Final Approval").

11. **Entire Agreement**. This Agreement constitutes the only existing and binding agreement of settlement among the Parties, and the Parties acknowledge that there are no other warranties, promises, assurances or representations of any kind, express or implied, upon which the

Parties have relied in entering into this Agreement, unless expressly set forth herein. This Agreement shall not be modified except by written agreement signed by the party against whom modification is sought.

12. **Third-Party Beneficiary.** LBHI is an express third-party beneficiary under this Agreement for purposes of paragraph 2 hereof. Notwithstanding the foregoing, LBI and its bankruptcy and/or insolvency estate are not intended to be and are not, either expressly or by implication, third-party beneficiaries under this Agreement.

13. **Parties Affected**. Except as expressly set forth above, this Agreement shall be binding upon and inure to the benefit of the officers, directors, shareholders, employees, partners, attorneys, affiliates, representatives, spouses, trustees, heirs, successors, and assigns of the Parties.

14. **Warranty**. Each party warrants (a) that the person executing this Agreement on its behalf has the authority to do so; and (b) that the matters being released pursuant to this Agreement have not been assigned or otherwise transferred to any other person or entity.

15. **Acknowledgment of Terms**. The Parties have read and understand the terms of this Agreement, have consulted with their respective counsel, and understand and acknowledge the significance and consequence of each such term.

16. **Representation by Counsel**. The Parties hereto agree that they enter into this Agreement after having received full advice from counsel of their choice with respect to this Agreement and all other matters related thereto.

17. **Execution of Documents**. This Agreement may be executed in counterparts; that is, all signatures need not appear on the same copy. All such executed copies shall together constitute the complete Agreement.

*This space intentionally left blank.*

872485

18. **Confidentiality.** Claimants agree that, other than acknowledging in response to any inquiry the fact that the AEO Claim has been settled, and other than subject to an appropriate protective order in any proceeding adverse to LBI, including without limitation in connection with the General Creditor Claims described above, Claimants shall not disclose or discuss, or cause or permit his/her counsel or anyone in privity with counsel to disclose or discuss, directly or indirectly, to any person, entity or representative thereof, who is not a party or an agent of a party to the AEO Claim, any of the terms of the settlement of the AEO Claim, any documents received in connection with the AEO Claim and/or the facts regarding the underlying controversies and disputes; provided, however, that nothing contained herein shall preclude Claimants from complying with any lawful subpoena or court order, or any request for information or documents from any securities industry regulator or self-regulatory organization, from responding to any inquiry by or providing testimony to the United States Securities and Exchange Commission, any self-regulatory organization or any federal or state regulatory authority, from making disclosure of the fact and amount of this settlement to lawyers, accountants, tax advisors or to the Bankruptcy Court for purposes of obtaining Stay Relief in the LBHI Bankruptcy Case as described above.

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date of the last signature herein.

American Eagle Outfitters, Inc.

By: *Cornelius Burke*

Its: VP

COMMONWEALTH OF PENNSYLVANIA    )
                                ) ss:
COUNTY OF ALLEGHENY             )

I hereby certify that on this 28th day of February 2011, Cornelius Burke Jr., VP of American Eagle Outfitters, Inc. personally came before me and acknowledged under oath to my satisfaction that (a) s/he is the person named in and who personally signed this document and (b) s/he signed, sealed and delivered this document as his/her act and deed.

*Courtney D. Ballas*
NOTARY PUBLIC
My Commission Expires: 12/21/2011

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Courtney D. Ballas, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Dec. 21, 2011
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

6

US_ACTIVE:\43626242\04\58399.0003                                              6

872485

AEO Management Company

By: *Cornelius Brown* (signature)

Its: VP

COMMONWEALTH OF PENNSYLVANIA )
                              ) ss:
COUNTY OF ALLEGHENY           )

    I hereby certify that on this 28th day of February 2011, Cornelius Brown Jr., VP of American Eagle Outfitters, Inc. personally came before me and acknowledged under oath to my satisfaction that (a) s/he is the person named in and who personally signed this document and (b) s/he signed, sealed and delivered this document as his/her act and deed.

*Courtney D. Ballas* (signature)
NOTARY PUBLIC
My Commission Expires: 12/21/2011

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Courtney D. Ballas, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Dec. 21, 2011
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Dated: _____

_____
Sanford A. Haber

Zurich American Insurance Company

By: _____

Its: _____

7

US_ACTIVE:\43626242\04\58399.0003          7

872485

AEO Management Company

By: _____

Its: _____

COMMONWEALTH OF PENNSYLVANIA    )
                                                              ) ss:
COUNTY OF    )

    I hereby certify that on this ____ day of February 2011, _____, ____ of American Eagle Outfitters, Inc. personally came before me and acknowledged under oath to my satisfaction that (a) s/he is the person named in and who personally signed this document and (b) s/he signed, sealed and delivered this document as his/her act and deed.

                                                        NOTARY PUBLIC
                                                        My Commission Expires:

Dated: 2/25/11    _____
                                                     Sanford A. Haber

Zurich American Insurance Company

By: _____

Its: _____

872485

AEO Management Company

By:_____

Its: _____

COMMONWEALTH OF PENNSYLVANIA    )
                                )  ss:
COUNTY OF                       )

I hereby certify that on this \_\_\_\_ day of February 2011, _____, \_\_\_\_ of American Eagle Outfitters, Inc. personally came before me and acknowledged under oath to my satisfaction that (a) s/he is the person named in and who personally signed this document and (b) s/he signed, sealed and delivered this document as his/her act and deed.

_____
NOTARY PUBLIC
My Commission Expires:

Dated: _____

_____
Sanford A. Haber

Zurich American Insurance Company

By: *[signature]*

Its: V.P. Specialties Claims

7