# **EXHIBIT D**

## **(ZURICH POLICY)**

Excess  Retention Type: SIR



# EXTENSION OF BINDER PERIOD

**ZURICH**®

[ X ] Original  [   ] Revised

| | | | |
|---|---|---|---|
| Policy No.: | DOC-7995104-10 | Binder Endorsement No. | 1 |

Insurer:                ZURICH AMERICAN INSURANCE COMPANY

Name of Insured:        LEHMAN BROTHERS HOLDINGS INC.

Insured Address:        1271 AVENUE OF THE AMERICAS
                        NEW YORK

Mailing Address:
(if different from above)

JUL 1 4 2008

RECEIVED
Marsh
New York, New York

It is hereby agreed that the Binder Period is extended

**From:**  07/16/2008   **To:**  10/16/2008

(Standard Time at the address stated above.  This binder will be terminated and superseded upon delivery of formal policy(ies) or certificate(s) issued to replace it.)

Subject to:      The binding of this coverage is in reliance upon all the materials submitted to the Steadfast Insurance Company and any public documents filed by the Company with any federal, state, local, or foreign regulatory agency, including but not limited to the Securities and Exchange Commission (SEC).  **At Zurich American Insurance Company's sole discretion, a Prior Acts exclusion shall be applied as of the Policy Period effective date or this binder shall be void ab initio if we do not receive, review and accept, within 30 days of the date of this binder, the following information:**

This binder automatically terminates on the last date indicated above unless extended by endorsement.
Issuance of a policy Automatically replaces this binder.  The insurance under this binder cannot be cancelled flat.
Earned premium must be paid for the time insurance has been in force.

Producer Name:        MARSH - FINPRO

Producer Address:     1166 AVENUE OF THE AMERICAS
                      NEW YORK, NY 10036

                      Paul Huelbig
                      **Fax # (212) 345-3706**

BY:  Jaime D. Hecht
     (Authorized Representative)

Date of Issuance:     07/09/2008

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATE ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.   HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

*ZIGEX* 

# Financial Institutions Excess Insurance Policy
### Declarations


**ZURICH**

### Zurich American Insurance Company (ZAIC)

Policy Number:  DOC 7995104  09         Renewal of Number:  EOC 7995104  08

Item 1.  Named Insured and Mailing Address:      Producer:

        LEHMAN BROTHERS HOLDINGS INC.      MARSH USA, INC.
        1301 AVENUE OF THE AMERICAS       1166 AVENUE OF THE AMERICAS
        NEW YORK, NY 10019              NEW YORK, NY 10036

Item 2.  Limit of Liability:       $15,000,000 excess of $70,000,000 in the aggregate
        Note that the Limit of Liability is reduced or exhausted by Defense Costs.

Item 3.  "Underlying Insurance":

        (A) "Primary Policy":     Management Liability and Company Reimbursement
            Insurer:             XL Specialty Insurance Company
            Policy Number:      ELU097792-07
            Limit of Liability:    $20,000,000 with retention of $10,000,000

        (B) Other Policy(ies):    (See Endorsement number 1 as attached)
            Insurer:             _____
            Policy Number:      _____
            Limit of Liability:    _____

Item 4.  "Policy Period":  From 12:01 a.m. on  05/16/2007    To 12:01 a.m. on  05/16/2008.
        Local time at the address shown in Item 1.

Item 5.  Endorsement(s) Effective at Inception:     See Endorsement numbers 1 - 8 as attached.

Item 6.  Premium:     $574,957.00

In witness whereof, the "Insurer" issuing this policy has caused this policy to be signed by its authorized officers, but it shall not be valid unless also signed by the duly authorized representative of the "Insurer".

ZURICH AMERICAN INSURANCE COMPANY (ZAIC)

_____
Authorized Representative                  President                 Corporate Secretary

_____
Date

NYFTZ Class: 2   NYFTZ Code: 14176

NOTICE:  THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# Financial Institutions Excess Insurance Policy



In consideration of the payment of the premium and in reliance on all statements made and information furnished to the Company providing this insurance as indicated on the Declarations (hereinafter called the "Insurer"), and to the issuers of the "Underlying Insurance", all of which are made a part hereof, and subject to all of the provisions of this Policy, the "Insurer" and the "Insured(s)" agree as follows:

## I.  INSURING AGREEMENT

The "Insurer" shall provide the "Insured(s)" with excess insurance coverage over the "Underlying Insurance" as set forth in Item 3. of the Declarations during the "Policy Period" set forth in Item 4. of the Declarations.  Coverage hereunder shall attach only after all such "Underlying Insurance" has been reduced or exhausted by payments for losses and shall then apply in conformance with the same provisions, limitations, conditions and warranties of the "Primary Policy" at inception, except for premium, limit of liability and as otherwise specifically set forth in the provisions of this Policy.  In no event shall coverage under this Policy be broader than coverage under any "Underlying Insurance".

## II.  POLICY DEFINITIONS

**A.**  "Named Entity" means the organization named in Item 1. of the Declarations.

**B.**  "Insured(s)" means the "Named Entity" and those persons or organization(s) insured under the "Primary Policy", at its inception.

**C.**  "Policy Period" means the period from the effective date and hour of this Policy as set forth in Item 4. of the Declarations, to the Policy expiration date and hour set forth in Item 4. of the Declarations, or its earlier cancellation date or termination date, if any.

**D.**  "Primary Policy" means the policy scheduled in Item 3. (A) of the Declarations.

**E.**  "Pollutants" mean any substance located anywhere in the world exhibiting any hazardous characteristics as defined by, or identified on a list of hazardous substances issued by, the United States Environmental Protection Agency or a state, county, municipality or locality counterpart thereof.  Such substances shall include, without limitation, solids, liquids, gaseous or thermal irritants, contaminants or smoke, vapor, soot, fumes, acids, alkalis, chemicals or waste materials.  "Pollutants" shall also mean any other air emission, odor, waste water, oil or oil products, infectious or medical waste, asbestos or asbestos products and noise.

**F.**  "Underlying Insurance" means all those polices scheduled in Item 3. of the Declarations.  Such policies may include, but are not limited to, policies written on a claims made or reported basis or bonds written on a discovery basis.

## III.  MAINTENANCE OF "UNDERLYING INSURANCE"

All of the "Underlying Insurance" schedule in Item 3. of the Declarations shall be maintained during the "Policy Period" in full effect, except for any reduction of the aggregate limit(s) of liability available under the "Underlying Insurance" solely by reason of payment of loss thereunder.  Failure to comply with the foregoing shall not invalidate this Policy but the "Insurer" shall not be liable to a greater extent than if this condition had been complied with.  To the extent that any "Underlying Insurance" is not maintained in full effect during the currency of this "Policy Period", then the "Insured(s)" shall be deemed to have retained any loss for the amount of the limit of liability of any "Underlying Insurance" which is not maintained as set forth above.

In the event of a change to any "Underlying Insurance" by rewrite, endorsement or otherwise, coverage under this Policy shall become subject to such change only if and to the extent the "Insurer's" consent to such change is endorsed in writing on or to this Policy.  If such consent is not endorsed in writing on or to this Policy, the "Insurer" shall not be liable to a greater extent than it would have been in the absence of such change to the "Underlying Insurance".

It is further a condition of this Policy that the "Insurer" shall be notified in writing as soon as practicable of cancellation of any of the policies of "Underlying Insurance".

NOTICE:  THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

In the event of any actual or alleged (a) failure by the "Insured(s)" to give notice or to exercise any extensions under any "Underlying Insurance" or (b) misrepresentation or breach of warranties by any of the "Insured(s)" with respect to any "Underlying Insurance", the "Insurer" shall not be liable hereunder to a greater extent than it would have been in the absence of such actual or alleged failure, misrepresentation or breach.

## IV. LIMIT OF LIABILITY

The amount of set forth in Item 2. of the Declarations shall be the maximum aggregate Limit of Liability of the "Insurer" and, shall be the maximum amount payable under this Policy for all loss or damages resulting from all claims or losses discovered during the "Policy Period".

Costs of defense shall be part of and not in addition to the Limit of Liability in Item 2. of the Declarations, and such costs of defense shall reduce the Limit of Liability stated in Item 2. of the Declarations.

## V. DEPLETION OF UNDERLYING LIMIT(S)

In the event of the depletion of the limit(s) of liability of the "Underlying Insurance" solely as a result of actual payment of loss thereunder by the applicable insurers, this Policy shall, subject to the "Insurer's" Limit of Liability and to the other terms of this Policy, continue to apply to loss as excess insurance over the amount of insurance remaining under such "Underlying Insurance". In the event of the exhaustion of all of the limit(s) of liability of such "Underlying Insurance" solely as a result of payment of loss thereunder, the remaining limits available under this Policy shall, subject to the "Insurer's" Limit of Liability and to the other provisions of this Policy, continue for subsequent loss as primary insurance, and any retention specified in the "Primary Policy" shall be imposed under this Policy as to each claim made; otherwise no retention shall be imposed under this Policy.

This Policy only provides coverage excess of the "Underlying Insurance". This policy does not provide coverage for any loss not covered by the "Underlying Insurance" except and to the extent that such loss is not paid under the "Underlying Insurance" solely by reason of the reduction or exhaustion of the available "Underlying Insurance" through payments of loss thereunder. In the event the insurer of one or more of the "Underlying Insurance" polices fails to pay loss in connection with any claim covered under the "Underlying Insurance" as a result of the insolvency, bankruptcy, or liquidation or said insurer, then the "Insured(s)" hereunder shall be deemed to have retained any loss for the amount of the limit of liability of said insurer which is not paid as a result of such insolvency, bankruptcy or liquidation.

If any "Underlying Insurance" bears an effective date which is prior to the effective date of this Policy and if any such insurance becomes exhausted or impaired by payment of loss with respect to any claim which shall be deemed to be made prior to the effective date of this Policy, then with respect to any claim made after the effective date of this Policy, the "Insured(s)" hereunder shall be deemed to have retained any loss for the amount of any such "Underlying Insurance" which is exhausted or impaired by payment of loss with respect to such claim made prior to the effective date of this Policy.

## VI. CLAIM PARTICIPATION

The "Insured(s)" shall not admit liability, consent to any judgment, or agree to any settlement which is reasonably likely to involve the Limit of Liability of this Policy without the "Insurer's" consent, such consent not to be unreasonably withheld.

The "Insurer" may, at its sole discretion, elect to participate in the investigation, settlement or defense of any claim against any of the "Insured(s)" for matter covered by this Policy even if the "Underlying Insurance" has not been exhausted. If the "Insurer" elects to so participate, the "Insured" shall fully cooperate with the "Insurer".

All provisions of the "Underlying Insurance" are considered as part of this Policy except that it shall be the duty of the "Insured(s)" and not the duty of the "Insurer" to defend any claims against any of the "Insured(s)".

## VII. SUBROGATION - RECOVERIES

In that this Policy is excess insurance coverage over the "Underlying Insurance", the "Insured(s)" and the "Insurer's" right of recovery against any person or other entity may not be exclusively subrogated. Despite the foregoing, in the event of any payment under this Policy, the "Insurer" shall be subrogated to all the "Insured's(s')" rights of recovery against any person or organization, and the "Insured(s)" shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.

Any amounts recovered after payment of loss hereunder shall be apportioned in the inverse order of payment to the extent of actual payment. The expenses of all such recovery proceedings shall be apportioned in the ration of respective recoveries.

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

## VIII. NOTICE

The "Insurer" shall be given notice in writing as soon as is practicable in the event of (a) the cancellation of any "Underlying Insurance" and (b) any additional or return premiums charged or allowed in connection with any "Underlying Insurance". Notice regarding (a) and (b) above shall be given to: Zurich American Insurance Company, One Liberty Plaza, 30th Floor, New York, New York 10006, Attention: Diversified Financial Institutions Department.

The "Insurer" shall be given notice as soon as is practicable of any claim or any situation that could give rise to a claim under any "Underlying Insurance" when the "Insured" reasonably believes that such claim or situation is likely to result in loss or damages that exceed twenty-five percent (25%) of the sum of the "Underlying Limits" and any retention specified in the "Primary Policy". Notice of any claim to the "Insurer" shall be given in writing to: Zurich American Insurance Company, P.O. Box 307010, Jamaica, New York 11430-7010, Attention: Diversified Financial Institutions Claims Department.

## IX. COMPANY AUTHORIZATION CLAUSE

By acceptance of this Policy, the "Named Entity" agrees to act on behalf of all of the "Insured(s)" with respect to the giving and receiving of notice of claim or cancellations, the payment of premiums and receiving of any returned premiums that may become due under this Policy, and the "Insured(s)" agree that the "Named Entity" shall in all cases be authorized to act on their behalf.

## X. ALTERATION

No change in or modification of this Policy shall be effective except when made by endorsement signed by an authorized employee of the "Insurer" or any of its agents relating to this Policy.

## XI. EXCLUSIONS

Notwithstanding any provisions of the "Underlying Insurance", the "Insurer" shall not be liable to make payment for loss in connection with any claim based upon, arising out of, directly or indirectly resulting from, or in consequence of, or in any way involving:

1.  The actual, alleged or threatened discharge, release, escape, seepage, migration or disposal of "Pollutants" into or on real or personal property, water or the atmosphere, or

2.  Any direction or request that any "Insured(s)" test for, monitor, clean up, remove, contain, treat, detoxify or neutralize "Pollutants", or any voluntary decision to do so.

## XII. CONDITIONS

No action shall be taken against the "Insurer" unless, as a condition precedent, there shall have been full compliance with all the provisions of this Policy, nor until the amount of the "Insured's(s')" obligation to pay shall have been finally determined either by final and nonappealable judgment against the "Insured's(s')" after trial, or by written agreement of the "Insured(s)", the claimant and the "Insurer".

## XIII. POLICY TERMINATION

This Policy shall terminate at the earliest of the following times:

1.  The effective date of termination specified in written prior notice by the "Named Entity" to the "Insurer",

2.  Upon expiration of the "Policy Period" as set forth in Item 4. of the Declarations,

3.  Ten (10) days after receipt by the "Named Entity" of a written notice of termination from the "Insurer" for failure to pay a premium when due, or

4.  At such time as may be agreed upon by the "Insurer" and the "Named Entity".

The "Insurer" shall refund the unearned premium computed at customary short rate if the Policy is terminated by the "Named Entity". Under any other circumstances the refund shall be computed pro rata.

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# Important Notice – In Witness Clause



In return for the payment of premium and subject to all the terms of the policy, the Underwriter agrees with the "Insured Persons" to provide insurance as stated in this policy. This policy shall not be valid unless countersigned by the Underwriter's duly authorized Representative.

In Witness Whereof, the Underwriter has executed and attested these presents and, where required by law, has caused this policy to be countersigned by its duly authorized Representative.

President                                    Corporate Secretary

---

**QUESTIONS ABOUT YOUR INSURANCE?** Your agent or broker is best equipped to provide information about your insurance. Should you require additional information or assistance in resolving a complaint, call or write to the following (please have your policy or claim number ready):

Zurich North America
Customer Inquiry Center
1400 American Lane
Schaumburg, Illinois 60196-1056
**1-800-382-2150** (Business Hours: 8 a.m. - 4 p.m. [CT])

---

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# Other "Underlying Insurance" Endorsement



**ZURICH**

Named Insured: LEHMAN BROTHERS HOLDINGS INC.

Effective Date of Endorsement: 05/16/2007

To be attached to and form a part of
Policy Number: DOC 7995104 09

Endorsement Number: 1  revised

This endorsement modifies insurance provided under the:

**Financial Institutions Excess Insurance Policy**

It is hereby understood and agreed that Item 3. (B) of the Declarations is delted in its entirety and replaced with the following

(B) Other Policy(ies):
Insurer:                Federal Insurance Company
Policy Number:          7043-0876
Limit of Liability:     $15,000,000 excess of $20,000,000

(C) Other Policy(ies):
Insurer:                Continental Casualty Company
Policy Number:          DOX 267996454
Limit of Liability:     $10,000,000 excess of $35,000,000

(D) Other Policy(ies):
Insurer:                Lloyds
Policy Number:          509/QA016907
Limit of Liability:     $10,000,000 excess of $45,000,000

(E) Other Policy(ies):
Insurer:                US Specialty Insurance Company
Policy Number:          24-MGU-06-A12290
Limit of Liability:     $15,000,000 excess of $55,000,000

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _Peter B. Hodgson_ _____           _October 4, 2007_ _____
           Authorized Representative                Date

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT
FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT.   HOWEVER, SUCH FORMS AND RATES MUST MEET THE
MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# Other "Underlying Insurance" Endorsement



**ZURICH**

Named Insured: LEHMAN BROTHERS HOLDINGS INC.

Effective Date of Endorsement: 05/16/2007

To be attached to and form a part of
Policy Number: EOC 799514 09

Endorsement Number: 1

This endorsement modifies insurance provided under the:

**Financial Institutions Excess Insurance Policy**

It is hereby understood and agreed that Item 3. (B) of the Declarations is deleted in its entirety and replaced with the following

(B) Other Policy(ies):
  Insurer:             Federal Insurance Company
  Policy Number:       7043-0876
  Limit of Liability:  $15,000,000 excess of $20,000,000

(C) Other Policy(ies):
  Insurer:             Continental Casualty Company
  Policy Number:       DOX 267996454
  Limit of Liability:  $10,000,000 excess of $45,000,000

(D) Other Policy(ies):
  Insurer:             Lloyds
  Policy Number:       509/QA023407
  Limit of Liability:  $10,000,000 excess of $45,000,000

(E) Other Policy(ies):
  Insurer:             US Specialty Insurance Company
  Policy Number:       24-MGU-07-A14479
  Limit of Liability:  $15,000,000 excess of $55,000,000

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _Peter B. H_____   July 26, 2007_

  Authorized Representative                 Date

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT
FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE
MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

U-ES-100-A CW (4/02)
Page 1 of 1

| | | |
|---|---|---|
| **Endorsement #** | 2  revised | |
| **Named Insured:** | LEHMAN BROTHERS HOLDINGS INC. | |
| **Policy Number:** | DOC 7995104  09 | **INTERLINE** |
| **Effective Date:** | 05/16/2007 | **01 21 01 02** |

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (Broad Form)

This endorsement modifies insurance provided under the following:

**Financial Institutions Excess Insurance Policy**

1. The insurance does not apply:

   **A.** To liability:

   **(1)** With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   **(2)** Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   **B.** Under any Medical Payments coverage, to expenses incurred with respect to liability resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   **C.** To liability resulting from "hazardous properties" of "nuclear material", if:

   **(1)** The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

   **(2)** The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

   **(3)** The liability arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

   "Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

   "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

   "Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

© ISO Properties, Inc., 2000                    Page 1 of 2

"Nuclear facility" means:

**(a)**  Any "nuclear reactor";

**(b)**  Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)**  Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)**  Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

| | |
|---|---|
| **Endorsement #** | 2 |
| **Named Insured:** | LEHMAN BROTHERS HOLDINGS INC. |
| **Policy Number:** | EOC 7995104  09 |
| **Effective Date:** | 05/16/2007 |

**INTERLINE**
**01 21 01 02**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (Broad Form)

This endorsement modifies insurance provided under the following:

**Financial Institutions Excess Insurance Policy**

1. The insurance does not apply:

   A. To liability:

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to liability resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. To liability resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The liability arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property threat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

   "Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

   "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

© ISO Properties, Inc., 2000

Page 1 of 2

NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATE ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)**  Any "nuclear reactor";

**(b)**  Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)**  Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)**  Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2000

NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATE ARE EXEMPT
FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM
STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

# New York Amendatory Endorsement



**ZURICH**

| | | |
|---|---|---|
| Named Insured: | LEHMAN BROTHERS HOLDINGS INC. | Effective Date of Endorsement:   05/16/2007 |

To be attached to and form a part of
Policy Number:                          DOC 7995104 09

Endorsement Number:   3 revised

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

**Financial Institutions Excess Insurance Policy**

It is agreed that:

1.   XIII.   **POLICY TERMINATION**, is deleted in its entirety and replace with the following:

XIII.   **POLICY TERMINATION**

POLICIES IN EFFECT SIXTY (60) DAYS OR LESS

If this Policy has been in effect for less than sixty (60) days and if it is not a renewal policy, the "Insurer" may terminate it for any reason by mailing or delivering to the "Named Entity" and to the authorized agent or broker, if any, written notice of termination at least twenty (20) days before the effective date of termination.

POLICIES IN EFFECT MORE THAN SIXTY (60) DAYS

If this Policy has been in effect for sixty (60) days or more, or if it is a renewal of a Policy issued by the Company, it may be terminated by the Company by mailing or delivering to the Insured and to the authorized agent or broker, if any, written notice of termination at least fifteen (15) days before the effective date of termination.  Furthermore, when the policy is a renewal or has been in effect for sixty (60) days or more, the Underwriter may terminate only for one or more of the reasons stated in a.-g. below.

If the Policy has been in effect for more than sixty (60) days the "Insurer" may terminate this Policy by mailing or delivering to the Insured and to the authorized agent or broker, if any, written notice of termination at least fifteen (15) days before the effective date of termination and the termination must be for one or more of the following reasons:

a.     Nonpayment of premium;

b.     Conviction of a crime arising out of acts increasing the hazard insured against;

c.     Discovery of fraud or material misrepresentation in the obtaining of this Policy or in the presentation of a claim thereunder;

d.     Violation of any provision of this Policy that substantially and materially increases the hazard insured against, and which occurred subsequent to inception of the current "Policy Period";

e.     If applicable, material physical change in the property insured, occurring after issuance or last annual renewal anniversary date of this Policy, which results in the property becoming uninsurable in accordance with the Company's objective, uniformly applied underwriting standards in effect at the time this Policy

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

was issued or last renewed; or material change in the nature or extent of this Policy occurring after issuance or last annual renewal anniversary date of this Policy, which causes the risk of loss to be substantially and material increased beyond that contemplated at the time this Policy issued or last renewed;

f.  A determination by the Superintendent of Insurance that continuation of the present premium volume of the Insurer would jeopardize the Insurer's policyholders, creditors or the public, or continuing the Policy itself would place the Insurer in violation of any provision of the New York Insurance Code; or

g.  If applicable, where the Insurer has reason to believe, in good faith and with sufficient cause, that there is a probable risk or danger that the property will be destroyed by the "Insured" for the purpose of collecting the insurance proceeds.

### NOTICE OF TERMINATION

Notice of termination under this Section a. shall be mailed to the "Named Entity" and to the authorized agent or broker, if any, at the address shown on the Declarations of this Policy. The Insurer, however, may deliver any notice instead of mailing it.

### RETURN PREMIUM CALCULATIONS

The "Insurer" shall refund the unearned premium computed pro rata if this Policy is terminated by the "Insurer".

2.  By adding a new Section reading as follows:

**Section XIV.    Election To Conditionally Renew/Nonrenew This Policy**

A.  CONDITIONAL RENEWAL

If the "Insurer" conditionally renews this Policy subject to:

1.  Change of limits of liability;

2.  Change in type of coverage;

3.  Reduction of coverage;

4.  Increased deductible;

5.  Addition of exclusion; or

6.  Increased premiums in excess of 10%, exclusive of any premium increased due to and commensurate with insured value added; or as a result of experience rating, retrospective rating or audit; the Insurer shall send notice as provided in B. NOTICES OF NONRENEWAL AND CONDITIONAL RENEWAL immediately below.

B.  NOTICES OF NON RENEWAL AND CONDITIONAL RENEWAL

1.  If the "Insurer" elects not to renew this Policy, or to conditionally renew this policy as provided in Section A. herein, the Insurer shall mail or deliver written notice to the "Named Entity" at least sixty (60) but not more than one hundred twenty (120) days before:

a.  The expiration date; or

b.  The anniversary date if this Policy has been written for a term of more than one year.

NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

2.    Notice shall be mailed or delivered to the "Named Entity" at the address shown on the Declarations of this Policy and the authorized agent or broker, if any. If notice is mailed, proof of mailing shall be sufficient proof of notice.

3.    Paragraphs 1. and 2. Immediately above shall not apply when the "Named Entity", authorized agent or broker, or another insurer has mailed or delivered written notice to the "Insurer" that the Policy has been replaced or is no longer desired.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _Peter B. Holyer_    _October 4, 2007_
　　　　　　Authorized Representative    Date

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# New York Amendatory Endorsement



**ZURICH**

**Named Insured:**    LEHMAN BROTHERS HOLDINGS INC.          Effective Date of Endorsement:    05/16/2007

To be attached to and form a part of          Endorsement Number:    3
Policy Number:                    EOC 7995104 09

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

It is agreed that:

1.    XIII.    **POLICY TERMINATION**, is deleted in its entirety and replace with the following:

   XIII.    **POLICY TERMINATION**

   POLICIES IN EFFECT SIXTY (60) DAYS OR LESS

   If this Policy has been in effect for less than sixty (60) days and if it is not a renewal policy, the "Insurer" may terminate it for any reason by mailing or delivering to the "Named Entity" and to the authorized agent or broker, if any, written notice of termination at least twenty (20) days before the effective date of termination.

   POLICIES IN EFFECT MORE THAN SIXTY (60) DAYS

   If this Policy has been in effect for sixty (60) days or more, or if it is a renewal of a Policy issued by the Company, it may be terminated by the Company by mailing or delivering to the Insured and to the authorized agent or broker, if any, written notice of termination at least fifteen (15) days before the effective date of termination.  Furthermore, when the policy is a renewal or has been in effect for sixty (60) days or more, the Underwriter may terminate only for one or more of the reasons stated in a.-g. below.

   If the Policy has been in effect for more than sixty (60) days the "Insurer" may terminate this Policy by mailing or delivering to the Insured and to the authorized agent or broker, if any, written notice of termination at least fifteen (15) days before the effective date of termination and the termination must be for one or more of the following reasons:

   a.    Nonpayment of premium;

   b.    Conviction of a crime arising out of acts increasing the hazard insured against;

   c.    Discovery of fraud or material misrepresentation in the obtaining of this Policy or in the presentation of a claim thereunder;

   d.    Violation of any provision of this Policy that substantially and materially increases the hazard insured against, and which occurred subsequent to inception of the current "Policy Period";

   e.    If applicable, material physical change in the property insured, occurring after issuance or last annual renewal anniversary date of this Policy, which results in the property becoming uninsurable in accordance with the Company's objective, uniformly applied underwriting standards in effect at the time this Policy was issued or last renewed; or material change in the nature or extent of this Policy occurring after issuance or last annual renewal anniversary date of this Policy, which causes the risk of loss to be substantially and material increased beyond that contemplated at the time this Policy issued or last renewed;

**NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.    HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.**

f.    A determination by the Superintendent of Insurance that continuation of the present premium volume of the Insurer would jeopardize the Insurer's policyholders, creditors or the public, or continuing the Policy itself would place the Insurer in violation of any provision of the New York Insurance Code; or

g.    If applicable, where the Insurer has reason to believe, in good faith and with sufficient cause, that there is a probable risk or danger that the property will be destroyed by the "Insured" for the purpose of collecting the insurance proceeds.

NOTICE OF TERMINATION

Notice of termination under this Section a. shall be mailed to the "Named Entity" and to the authorized agent or broker, if any, at the address shown on the Declarations of this Policy.  The Insurer, however, may deliver any notice instead of mailing it.

RETURN PREMIUM CALCULATIONS

The "Insurer" shall refund the unearned premium computed pro rata if this Policy is terminated by the "Insurer".

2.    By adding a new Section reading as follows:

**Section XIV.    Election To Conditionally Renew/Nonrenew This Policy**

A.    CONDITIONAL RENEWAL

If the "Insurer" conditionally renews this Policy subject to:

1.    Change of limits of liability;

2.    Change in type of coverage;

3.    Reduction of coverage;

4.    Increased deductible;

5.    Addition of exclusion; or

6.    Increased premiums in excess of 10%, exclusive of any premium increased due to and commensurate with insured value added; or as a result of experience rating, retrospective rating or audit; the Insurer shall send notice as provided in B.  NOTICES OF NONRENEWAL AND CONDITIONAL RENEWAL immediately below.

B.    NOTICES OF NON RENEWAL AND CONDITIONAL RENEWAL

1.    If the "Insurer" elects not to renew this Policy, or to conditionally renew this policy as provided in Section A. herein, the Insurer shall mail or deliver written notice to the "Named Entity" at least sixty (60) but not more than one hundred twenty (120) days before:

a.    The expiration date; or

b.    The anniversary date if this Policy has been written for a term of more than one year.

NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.    HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

2. Notice shall be mailed or delivered to the "Named Entity" at the address shown on the Declarations of this Policy and the authorized agent or broker, if any. If notice is mailed, proof of mailing shall be sufficient proof of notice.

3. Paragraphs 1. and 2. Immediately above shall not apply when the "Named Entity", authorized agent or broker, or another insurer has mailed or delivered written notice to the "Insurer" that the Policy has been replaced or is no longer desired.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _____    _____
Authorized Representative                     Date

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.   HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# New York Amendatory Endorsement



**ZURICH**

| | |
|---|---|
| Named Insured: LEHMAN BROTHERS HOLDINGS INC. | Effective Date of Endorsement: 05/16/2007 |
| To be attached to and form a part of Policy Number: DOC 7995104 09 | Endorsement Number: 4 revised |

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

It is agreed that:

The Insured is aware that the Limits of Liability contained in this policy shall be reduced, and may be completely exhausted, by **Defense Costs** and, to the extent that the Limits of Liability are thereby exceeded, the Underwriter shall not be liable for defense costs or for any other portion of any loss.

All other terms and conditions remain unchanged.

Signed by: _Peter B. Algyn_                    Date _October 4, 2007_
Authorized Representative

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# New York Amendatory Endorsement



**ZURICH**

**Named Insured:**    LEHMAN BROTHERS HOLDINGS INC.

Effective Date of Endorsement:    05/16/2007

To be attached to and form a part of
Policy Number:                            EOC 7995104 09

Endorsement Number:    4

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

It is agreed that:

The Insured is aware that the Limits of Liability contained in this policy shall be reduced, and may be completely exhausted, by **Defense Costs** and, to the extent that the Limits of Liability are thereby exceeded, the Underwriter shall not be liable for defense costs or for any other portion of any loss.

All other terms and conditions remain unchanged.

Signed by: _Peter·3 Holym_ _____    Date _July 26, 2007_ _____
               Authorized Representative

NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.    HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# Manuscript Endorsement - Recognition of Cap



**ZURICH**

Named Insured: LEHMAN BROTHERS HOLDINGS INC.           Effective Date of Endorsement: 05/16/2007

To be attached to and form a part of
Policy Number: DOC 7995104 09                Endorsement Number: 5  revised

This endorsement modifies insurance provided under the:

**Financial Institutions Excess Insurance Policy**

It is agreed:

Zurich will recognize the $35,000,000 cap arising from a claim covered by any outside entity policy issued by XL and the primary policy issued for Lehman Brothers Holdings Inc. (ELU 097792-07).

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _____    Date _Octobber 4, 2007_____
          Authorized Representative

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# Manuscript Endorsement - Recognition of Cap



**ZURICH**

Named Insured: LEHMAN BROTHERS HOLDINGS INC.

Effective Date of Endorsement: 05/16/2007

To be attached to and form a part of
Policy Number: EOC 7995104 09

Endorsement Number: 5

This endorsement modifies insurance provided under the:

**Financial Institutions Excess Insurance Policy**

It is agreed:

> Zurich will recognize the $35,000,000 cap arising from a claim covered by any outside entity policy issued by XL and the
> primary policy issued for Lehman Brothers Holdings Inc. (ELU 097792-07).

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _Peter B. Hopkins_ _____   Date _July 26, 2007_
      Authorized Representative

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM
THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.
HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF
THE NEW YORK INSURANCE DEPARTMENT.

# Manuscript Endorsement



**ZURICH**

Named Insured: LEHMAN BROTHERS HOLDINGS INC.                Effective Date of Endorsement: 05/16/2007

To be attached to and form a part of
Policy Number: DOC 7995104 09                    Endorsement Number: 6 revised

This endorsement modifies insurance provided under the:

**Financial Institutions Excess Insurance Policy**

It is hereby understood and agreed:

1.  Section I, Insuring Clause, is amended to read in its entirety as follows:

    The "Insurer" shall provide the "Insured(s)" with excess insurance coverage over the "Underlying Insurance" as set forth in Item 3. of the Declarations during the "Policy Period" set forth in Item 4. Coverage hereunder shall attach only after:

    a.  all such "Underlying Insurance" shall have been reduced or exhausted by payments for losses in legal currency., and/or

    b.  the "Insureds", pursuant to a Limit Reduction Agreement (as defined below) with the insurer(s) of the "Underlying Insurance", shall have paid losses in legal currency equal to the liability limit of the "Underlying Insurance".

    Except as otherwise provided herein, coverage under this policy shall then apply in conformance with and subject to the warranties, limitations, conditions, provisions, and other terms of the "Primary Policy" as in effect the first day of the "Policy Period", together with the warranties and limitations of any other "Underlying Insurance". In no event shall coverage under this policy be broader than coverage under any "Underlying Insurance".

2.  Subsection V., Depletion of Underlying Limit(s), is deleted in its entirety and replaced with the following:

    **V.  DEPLETION OF UNDERLYING LIMIT(S)**

    In the event of the depletion of the limit(s) of liability of the "Underlying Insurance" solely as a result of actual payment of loss thereunder by the applicable insurers, this Policy shall, subject to the "Insurer's" Limit of Liability and to the other terms of this Policy, continue to apply to loss as excess insurance over the amount of insurance remaining under such "Underlying Insurance". In the event of the exhaustion of all of the limit(s) of liability of such "Underlying Insurance" solely as a result of payment of loss thereunder, the remaining limits available under this Policy shall, subject to the "Insurer's" Limit of Liability and to the other provisions of this Policy, continue for subsequent loss as primary insurance, and any retention specified in the "Primary Policy" shall be imposed under this Policy as to each claim made; otherwise no retention shall be imposed under this Policy.

    This Policy only provides coverage excess of the "Underlying Insurance". This policy does not provide coverage for any loss not covered by the "Underlying Insurance" except and to the extent that such loss is not paid under the "Underlying Insurance" solely by reason of the reduction or exhaustion of the available "Underlying Insurance" through payments of loss thereunder. In the event the insurer of one ore more of the "Underlying Insurance" polices fails to pay loss in connection with any claim covered under the "Underlying Insurance" as a result of the insolvency, bankruptcy, or liquidation of said insurer, then, solely with respect to Insuring Agreement I. (A) of the "Primary Policy", the Insurer shall follow form of the underlying difference in conditions provision of the "Underlying Insurance" issued by Federal Insurance Company Policy # 7043-0876.

If any "Underlying Insurance" bears an effective date which is prior to the effective date of this Policy and if any such insurance becomes exhausted or impaired by payment of loss with respect to any claim which shall be deemed to be made prior to the effective date of this Policy, then with respect to any claim made after the effective date of this Policy, the "Insured(s)" hereunder shall be deemed to have retained any loss for the amount of any such "Underlying Insurance" which is exhausted or impaired by payment of loss with respect to such claim made prior to the effective date of this Policy. Notwithstanding anything in this policy to the contrary, if with respect to any covered Claim the Limit(s) of Liability of the "Underlying Insurance" is reduced or exhausted by payments by the "Insureds" as provided in Section I (b) (i) above, then, subject to all other terms, conditions and exclusions under this policy, the unexhausted Limit of Liability under this policy applicable to such Claim shall be reduced by the largest percentage savings of the "Underlying Insurance's" Limit(s) of Liability as provided in the Limit Reduction Agreements applicable to such Claim.

3.  For purposes of this Endorsement, a Limit Reduction Agreement is an agreement between the "Insureds" and one or more insurer(s) of the "Underlying Insurance" pursuant to which such insurer(s) agrees to pay a portion of its unexhausted Limit of Liability in exchange for a release from the "Insureds", provided the sole basis for such agreement and release is the compromise of good faith coverage issues under the "Underlying Insurance" and such basis does not relate to coverage issues, terms, conditions or premiums under any other policy.

4.  Nothing in this Endorsement waives or amends the "Insureds" obligation to obtain the "Insurer's" consent with respect to incurring loss, as provided in the "Primary Policy".

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _____    _____
Authorized Representative               Date

NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# Manuscript Endorsement


**ZURICH**

Named Insured: LEHMAN BROTHERS, INC.

Effective Date of Endorsement: 05/16/2007

To be attached to and form a part of
Policy Number: EOC 7995104 09

Endorsement Number: 6

This endorsement modifies insurance provided under the:

**Financial Institutions Excess Insurance Policy**

It is hereby understood and agreed:

1.  Section I, Insuring Clause, is amended to read in its entirety as follows:

    The "Insurer" shall provide the "Insured(s)" with excess insurance coverage over the "Underlying Insurance" as set forth in Item 3. of the Declarations during the "Policy Period" set forth in Item 4. Coverage hereunder shall attach only after:

    a.  all such "Underlying Insurance" shall have been reduced or exhausted by payments for losses in legal currency., and/or

    b.  the "Insureds", pursuant to a Limit Reduction Agreement (as defined below) with the insurer(s) of the "Underlying Insurance", shall have paid losses in legal currency equal to the liability limit of the "Underlying Insurance".

    Except as otherwise provided herein, coverage under this policy shall then apply in conformance with and subject to the warranties, limitations, conditions, provisions, and other terms of the "Primary Policy" as in effect the first day of the "Policy Period", together with the warranties and limitations of any other "Underlying Insurance". In no event shall coverage under this policy be broader than coverage under any "Underlying Insurance".

2.  Subsection V., Depletion of Underlying Limit(s), is deleted in its entirety and replaced with the following:

    **V.  DEPLETION OF UNDERLYING LIMIT(S)**

    In the event of the depletion of the limit(s) of liability of the "Underlying Insurance" solely as a result of actual payment of loss thereunder by the applicable insurers, this Policy shall, subject to the "Insurer's" Limit of Liability and to the other terms of this Policy, continue to apply to loss as excess insurance over the amount of insurance remaining under such "Underlying Insurance". In the event of the exhaustion of all of the limit(s) of liability of such "Underlying Insurance" solely as a result of payment of loss thereunder, the remaining limits available under this Policy shall, subject to the "Insurer's" Limit of Liability and to the other provisions of this Policy, continue for subsequent loss as primary insurance, and any retention specified in the "Primary Policy" shall be imposed under this Policy as to each claim made; otherwise no retention shall be imposed under this Policy.

    This Policy only provides coverage excess of the "Underlying Insurance". This policy does not provide coverage for any loss not covered by the "Underlying Insurance" except and to the extent that such loss is not paid under the "Underlying Insurance" solely by reason of the reduction or exhaustion of the available "Underlying Insurance" through payments of loss thereunder. In the event the insurer of one ore more of the "Underlying Insurance" polices fails to pay loss in connection with any claim covered under the "Underlying Insurance" as a result of the insolvency, bankruptcy, or liquidation of said insurer, then, solely with respect to Insuring Agreement I. (A) of the "Primary Policy", the Insurer shall follow form of the underlying difference in conditions provision of the "Underlying Insurance" issued by Federal Insurance Company Policy # 7043-0876.

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM
THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.
HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF
THE NEW YORK INSURANCE DEPARTMENT.

If any "Underlying Insurance" bears an effective date which is prior to the effective date of this Policy and if any such insurance becomes exhausted or impaired by payment of loss with respect to any claim which shall be deemed to be made prior to the effective date of this Policy, then with respect to any claim made after the effective date of this Policy, the "Insured(s)" hereunder shall be deemed to have retained any loss for the amount of any such "Underlying Insurance" which is exhausted or impaired by payment of loss with respect to such claim made prior to the effective date of this Policy. Notwithstanding anything in this policy to the contrary, if with respect to any covered Claim the Limit(s) of Liability of the "Underlying Insurance" is reduced or exhausted by payments by the "Insureds" as provided in Section I (b) (i) above, then, subject to all other terms, conditions and exclusions under this policy, the unexhausted Limit of Liability under this policy applicable to such Claim shall be reduced by the largest percentage savings of the "Underlying Insurance's" Limit(s) of Liability as provided in the Limit Reduction Agreements applicable to such Claim.

3.  For purposes of this Endorsement, a Limit Reduction Agreement is an agreement between the "Insureds" and one or more insurer(s) of the "Underlying Insurance" pursuant to which such insurer(s) agrees to pay a portion of its unexhausted Limit of Liability in exchange for a release from the "Insureds", provided the sole basis for such agreement and release is the compromise of good faith coverage issues under the "Underlying Insurance" and such basis does not relate to coverage issues, terms, conditions or premiums under any other policy.

4.  Nothing in this Endorsement waives or amends the "Insureds" obligation to obtain the "Insurer's" consent with respect to incurring loss, as provided in the "Primary Policy".

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _____    _____
          Authorized Representative            Date

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM
THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.
HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF
THE NEW YORK INSURANCE DEPARTMENT.

# Manuscript Endorsement – Follow Form



**ZURICH**

Named Insured:  LEHMAN BROTHERS HOLDINGS INC.     Effective Date of Endorsement:  05/16/2007

To be attached to and form a part of
Policy Number:  DOC 7995104 09     Endorsement Number:  7 revised

This endorsement modifies insurance provided under the:

**Financial Institutions Excess Insurance Policy**

It is hereby understood and agreed that Sections VII. SUBROGATION, IX. COMPANY AUTHORIZATION CLAUSE, X. ALTERATION, XI. EXCLUSIONS, and XIII. POLICY TERMINATION, are deleted in their entirety and will follow form of the "Primary Policy" and the Underlying Chubb Policy #7043-0876.

It is hereby understood and agreed that Section VIII. Notice 2nd paragraph is deleted in its entirety to follow form of the "Primary Policy" and the Underlying Chubb Policy #7043-0876 and replaced with the following:

>    Notice of any **Claim** to the "Insurer" shall be given in writing to: Zurich American Insurance Company, P.O. Box 307010, Jamaica, New York 11430-7010, Attention: Diversified Financial Institutions Claims Department.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by:  _Peter B. Ahy_____     Date  _October 4, 2007_____
            Authorized Representative

NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# Manuscript Endorsement – Follow Form



**ZURICH**

Named Insured: LEHMAN BROTHERS HOLDINGS INC.

Effective Date of Endorsement: 05/16/2007

To be attached to and form a part of
Policy Number: EOC 7995104 09

Endorsement Number: 7

This endorsement modifies insurance provided under the:

**Financial Institutions Excess Insurance Policy**

It is hereby understood and agreed that Sections VII. SUBROGATION, IX. COMPANY AUTHORIZATION CLAUSE, X. ALTERATION, XI. EXCLUSIONS, and XIII. POLICY TERMINATION, are deleted in their entirety and will follow form of the "Primary Policy" and the Underlying Chubb Policy #7043-0876.

It is hereby understood and agreed that Section VIII. Notice 2nd paragraph is deleted in its entirety to follow form of the "Primary Policy" and the Underlying Chubb Policy #7043-0876 and replaced with the following:

> Notice of any **Claim** to the "Insurer" shall be given in writing to: Zurich American Insurance Company, P.O. Box 307010, Jamaica, New York 11430-7010, Attention: Diversified Financial Institutions Claims Department.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _____          _____
       Authorized Representative                              Date

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

U-ES-100-A CW  (4/02)
Page 1 of 1

# Prior and Pending Litigation Endorsement



ZURICH

Named Insured: LEHMAN BROTHERS HOLDINGS INC.          Effective Date of Endorsement: 05/16/2007

To be attached to and form a part of
Policy Number: DOC 7995104 09          Endorsement Number: 8 revised

This endorsement modifies insurance provided under the:

**Financial Institutions Excess Insurance Policy**

It is agreed that Section XI. EXCLUSIONS is amended to add the following:

3.      This Policy does not apply to any "Claim" made against any "Insured":
        Based upon, arising out of or attributable to any demand, suit or proceeding pending, or order, decree or
        judgment entered, on or prior to <u>March 31, 1989</u> or any "Wrongful Act" underlying of alleged therein,
        including any "Interrelated Wrongful Acts".

For the purposes of this endorsement:

"Wrongful Act" is as defined in the Definitions Section of the "Primary Policy."

"Interrelated Wrongful Acts" means all "Wrongful Acts" that have as a common nexus any fact, circumstance, situation, event,
transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _____          Date _____
          Authorized Representative

NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT
FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM
STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

# Prior and Pending Litigation Endorsement



**ZURICH**

Named Insured: LEHMAN BROTHERS HOLDINGS INC.              Effective Date of Endorsement: 05/16/2007

To be attached to and form a part of
Policy Number: EOC 7995104 09                              Endorsement Number: 8

This endorsement modifies insurance provided under the:

**Financial Institutions Excess Insurance Policy**

It is agreed that Section XI. EXCLUSIONS is amended to add the following:

    3.    This Policy does not apply to any "Claim" made against any "Insured":
        Based upon, arising out of or attributable to any demand, suit or proceeding pending, or order, decree or judgment entered, on or prior to <u>March 31, 1989</u> or any "Wrongful Act" underlying of alleged therein, including any "Interrelated Wrongful Acts".

For the purposes of this endorsement:

"Wrongful Act" is as defined in the Definitions Section of the "Primary Policy."

"Interrelated Wrongful Acts" means all "Wrongful Acts" that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Signed by: _____     _____
        Authorized Representative                          Date

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.   HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.

U-ES-100-A CW  (4/02)
Page 1 of 1



**ZURICH**

THIS ENDORSEMENT IS ATTACHED TO AND MADE PART OF YOUR POLICY.
THIS ENDORSEMENT DOES NOT GRANT ANY COVERAGE OR CHANGE THE TERMS AND CONDITIONS
OF ANY COVERAGE UNDER THE POLICY.

# DISCLOSURE OF PREMIUM
# (RELATING TO TERRORISM RISK INSURANCE ACT)

### SCHEDULE*

Premium attributable to risk of loss from certified acts of terrorism for lines subject to TRIA:

**$5,750**

*Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A.  Disclosure of Premium**

In accordance with the federal Terrorism Risk Insurance Act of 2002 ("TRIA"), we are required to provide you with a notice disclosing the portion of your premium, if any, attributable to the risk of loss from terrorist acts certified under that Act for lines subject to TRIA. That portion of your premium attributable is shown in the Schedule of this endorsement or in the Declarations.

**B.  Disclosure of Federal Participation in Payment of Terrorism Losses**

The United States Government, Department of the Treasury, will pay a share of terrorism losses insured under the federal program. The federal share equals 90% of that portion of the amount of such insured losses that exceeds the applicable insurer retention (85% for acts of terrorism in 2007).

**C.  Limitation of Liability and Termination of the Program**

The Act currently provides for no insurance industry or United States government participation in terrorism losses that exceed $100 billion in any one calendar year.  The federal program established by the Act is scheduled to terminate at the end of December 31, 2007 unless extended by the federal government.

**D.  Availability**

As required by TRIA, we have made available to you for lines subject to TRIA coverage for losses resulting from acts of terrorism certified under TRIA with terms, amounts and limitations that do not differ materially from those for losses arising from events other than acts of terrorism.

**E.  Definition of Act of Terrorism**

TRIA defines "act of terrorism" as any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States:

1.  to be an act of terrorism;
2.  to be a violent act or an act that is dangerous to human life, property or infrastructure;
3.  to have resulted in damage within the United States, or outside of the United States in the case of an air carrier (as defined in section 40102 of Title 49, United States Code) or a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), or the premises of a United States mission; and
4.  to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

But, no act shall be certified by the Secretary as an act of terrorism if the act is committed as part of the course of a war declared by Congress (except for workers' compensation) or property and casualty insurance losses resulting from the act, in the aggregate, do not exceed $5,000,000.

NOTICE:  THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE DEPARTMENT.