Presentment Date and Time:  March 16, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  March 16, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): March 23, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow
Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
-------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EXPAND THE SCOPE OF THEIR RETENTION OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 1, 2010

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

Application (the "Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated

debtors in the above-referenced chapter 11 cases (together, the "Debtors") pursuant to section

327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for

authorization to expand the scope of their existing retention of Latham & Watkins LLP as special

counsel, *nunc pro tunc* to September 1, 2010, all as more fully described in the Application, to

the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on

**March 16, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any,

shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall

set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004,

Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York,

10153, Attn: Richard P. Krasnow, Esq.; (iii) the Office of the United States Trustee for Region 2,

33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq.,

Elisabetta G. Gasparini, Esq.; Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq.,

Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured

Creditors appointed in these cases; and (v) Latham & Watkins LLP, 355 S. Grand Avenue, Los

Angeles, CA, 90071, Attn: Gregory O. Lunt, **so as to be so filed and received by no later than**

**March 16, 2011 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

      **PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely

filed and served, a hearing will be held on **March 23, 2011, at 10:00 a.m. (Prevailing Eastern**

**Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable

James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

10004-1408.  If an objection is filed the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  March 2, 2011
        New York, New York

                                /s/ Richard P. Krasnow
                                Richard P. Krasnow
                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                Attorneys for Debtors
                                and Debtors in Possession

**Presentment Date and Time: March 16, 2011 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: March 16, 2011 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): March 23, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : **08-13555 (JMP)**
: 
**Debtors.** : **(Jointly Administered)**
: 
: 
------------------------------------------------------------------x

## APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EXPAND THE SCOPE OF THEIR RETENTION OF LATHAM & WATKINS LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 1, 2010

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), submit this application to expand the

scope of their existing retention of Latham & Watkins LLP ("L&W") as special counsel, *nunc*

*pro tunc* to September 1, 2010, and respectfully represent:

\

## Background

1.        Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.        On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.        On January 25, 2011, the Debtors filed a first amended joint chapter 11 plan and disclosure statement [Docket Nos. 14150 and 14151].

## Jurisdiction

6.        This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

7.        Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

8.        Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

## Latham & Watkins' Retention

9.        L&W has previously been providing legal services with respect to the

Representative Matters (as defined below) on behalf of the Debtors, as a professional utilized in

the ordinary course ("Ordinary Course Professional") in these chapter 11 cases pursuant to this

Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code

Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business,

dated March 25, 2010 [Docket No. 7822] (the "Amended OCP Order").  Pursuant to the

procedures set forth in the Amended OCP Order, such retention became effective upon the filing

of the Affidavit and Disclosure Statement of Gregory O. Lunt on behalf of Latham & Watkins

LLP in accordance with the Amended OCP Order  [Docket No. 3667] (the "Lunt OCP Affidavit") and the expiration of the relevant objection period.

10.     The Amended OCP Order further provides that "payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation order in these chapter 11 cases (the "Chapter 11 Period") and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ."  L&W anticipated that its fees incurred during the pendency of these cases would exceed $1 million in the aggregate (the "OCP Cap").  In accordance with the Amended OCP Order, on May 5, 2010, the Debtors filed an application to retain L&W as special counsel (the "L&W Retention Application") [Docket No. 8793], and on May 20, 2010, this Court entered an order granting the L&W Retention Application (the "L&W Retention Order") [Docket No. 9140].

11.     Pursuant to the L&W Retention Order, the Debtors are authorized to retain L&W to continue representing the Debtors in the matters for which L&W has historically provided services (and continues to provide services) to the Debtors during the pendency of these cases (the "OCP Matters"), and to also represent the Debtors in (i) a workout of a number of loans made to entities controlled by Alan J. Worden (the "Scout Portfolio Matter"), and (ii) investigations and advice regarding appropriate courses of action with respect to the matters raised in proofs of claim against LBHI which were filed on September 22, 2009 by LBREM REIT Holdings LLC and El Toro LLC (the "Claims Matter," and together with the Scout Portfolio Matter and the OCP Matters, the "Representative Matters").

## Relief Requested

12.      The Debtors request entry of an order, pursuant to section 327(e) of the

Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing them

to expand the scope of L&W's retention to include the prosecution of significant claims that

have been asserted on the Debtors' behalf in the chapter 11 cases of Aegis Mortgage Corporation

and its affiliates (collectively, "Aegis") that currently are pending in the United States

Bankruptcy Court for the District of Delaware (Lead Case No. 07-11119 (BLS)) (the "Aegis

Matter").  Aegis was an originator of residential mortgage loans, interests in some of which were

ultimately conveyed to the Debtors.  Prior to the commencement of the Debtors' chapter 11

cases, L&W had filed a proof of claim relating to such mortgage loans in the amount of

approximately $34 million against Aegis on behalf of Aurora Loan Services LLC, a non-debtor

indirect subsidiary of LBHI.[1]  With L&W's assistance, the Debtors are pursuing, and addressing

the possible resolution of, the claim against Aegis.

## Basis for Relief

13.      The Debtors' knowledge, information, and belief regarding the matters set

forth in this Application are based on and made in reliance upon the (a) Declaration of Gregory

O. Lunt, dated May 4, 2010, that was filed with the L&W Retention Application and (b) the

Supplemental Declaration of Gregory O. Lunt that is annexed hereto as Exhibit A, (collectively

with the Lunt OCP Affidavit, the "Lunt Declarations").

14.      The expansion of the scope of the Debtors' retention of L&W to handle

the Aegis Matter is appropriate under Bankruptcy Code sections 327(e) and 1107(b).  Section

---

[1]  While the proof of claim was filed on behalf of Aurora Loan Services LLC (in its role as master servicer), the
interests in the majority of the affected mortgage loans are owned by one or more of the Debtors.

327(e) provides for the appointment of special counsel where the proposed counsel does not

possess any interest materially adverse to the debtor with regard to the matter(s) that will be

handled by counsel.  Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified
> special purpose, other than to represent the trustee in conducting
> the case, an attorney that has represented the debtor, if in the best
> interest of the estate, and if such attorney does not represent or
> hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Moreover, section 1107(b) provides that "a person is not disqualified for

employment under section 327 of this title by a debtor in possession solely because of such

person's employment by or representation of the debtor before the commencement of the case."

11 U.S.C. § 1107(b).

15.     Accordingly, section 327(e) of the Bankruptcy Code authorizes the

retention of counsel who previously represented a debtor prepetition provided that: (a) the

appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest

adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the

specified special purpose for which counsel is being retained does not rise to the level of

conducting the bankruptcy case for the debtor in possession.  *See, e.g.*, *In re DeVlieg, Inc.*, 174

B.R. 497 (N.D. Ill. 1994); *In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that

"where the interest of the special counsel and the interest of the estate are identical *with respect

to the matter for which special counsel is retained*, there is no conflict and the representation can

stand") (emphasis in original).  As explained more fully below, the Debtors submit that each of

these factors is satisfied with respect to L&W and, therefore, the expansion of the scope of its

retention should be approved under section 327(e) of the Bankruptcy Code.

9

**The Expansion of the Scope of the Debtors'**
**Retention of L&W is in the Best Interests of the Estates**

16.     The Debtors have decided to retain L&W as special counsel in the Aegis

Matter because (a) L&W had represented the Debtors in the Aegis Matter prior to the

Commencement Date and (b) L&W has substantial experience in the aspects of law that may be

implicated in the Aegis Matter, including bankruptcy and litigation issues.  For these reasons, the

Debtors submit that the expansion of the scope of their retention of L&W to include the Aegis

Matter is in the best interests of the Debtors, their estates and their creditors.

**L&W Holds No Interest Adverse to the Debtors or the**
**Debtors' Estates With Respect to the Representative Matters**

17.     To the best of the Debtors' knowledge, and as set forth in the Lunt

Declarations, L&W does not represent or hold any interest adverse to the Debtors or their estates

with respect to the matters as to which L&W is employed, including the Aegis Matter.  *See In re*

*AroChem*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code,

potential conflicts must be evaluated only with respect to the scope of the proposed retention).

The Debtors have been informed that L&W will conduct an ongoing review of its files to ensure

that no disqualifying circumstances arise and, if any new relevant facts or relationships are

discovered, L&W will supplement its disclosure to this Court.

18.     L&W has a comprehensive U.S. bankruptcy practice.  As such, L&W

represents certain clients in connection with the Debtors' chapter 11 cases (and will continue to

do so subject to certain restrictions).  L&W has set forth in the Lunt Declarations or schedules

thereto, a list of the engagements in which L&W advises other clients in connection with the

Debtors' chapter 11 cases is (collectively, the "L&W Clients").[2]  L&W has advised the Debtors

that these representations have been limited in scope and are unrelated to the Representative

Matters for which L&W has already been retained, and are also unrelated to the Aegis Matter.

19.       Furthermore, the Debtors hereby confirm that they have consented to and

have waived any actual or potential conflicts resulting from L&W's representation of the L&W

Clients on matters that may be adverse to the Debtors, so long as those engagements are not

related to and would not cause L&W to represent a party adverse to the Debtors in connection

with the Representative Matters and the Aegis Matter.  This waiver covers all L&W Client

matters as defined in the Lunt Declarations, including new issues that arise from or are directly

related to the L&W Client matters or new matters (including litigation) that arise in the course

and scope of the L&W Client Matters (together, the "Waived Matters"). The waiver will not

prospectively cover new future matters for existing clients that are not directly related to the

Waived Matters or matters for new clients that have not been disclosed in the Lunt Declarations

(together, the "New Matters").  L&W has agreed with the Debtors that if in the future it

determines that any of the engagements described in the Lunt Declarations directly conflict with

the Representative Matters (including the Aegis Matter), it will abstain from providing services

to that Debtor, seek a waiver or otherwise resolve the matter to the mutual satisfaction of L&W,

the applicable Debtor and the other client or clients involved in such matter.  L&W has advised

that if in the future it determines that there are New Matters not disclosed in the Lunt

Declarations, it will file a supplement thereto.

---

[2]  The Debtors have been advised by L&W that such lists include only clients whom L&W actually advises in
connection with the Debtors' chapter 11 cases.  The Debtors have been further advised by L&W that they do not
include L&W clients who may have an interest in the Debtors' cases, but who have not specifically requested that
L&W represent them in connection therewith.

20.     L&W has agreed with the Debtors that it will not represent any clients in bringing any claim or cause of action against any of the Debtors that is based on any allegation of fraud by any of the Debtors.

21.     Based on the foregoing and on the disclosures set forth in the Lunt Declarations that have already been filed with this Court, the Debtors believe that L&W does not hold or represent an interest adverse to the Debtors' estates that would impair L&W's ability to perform professional services for the Debtors, objectively and in accordance with section 327(e) of the Bankruptcy Code, regarding the Representative Matters (including the Aegis Matter).

### L&W Will Not Conduct the Debtors' Bankruptcy Cases

22.     By separate applications, the Debtors have sought and obtained the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel.  By contrast, L&W's postpetition work is comprised solely of the Representative Matters, and is intended to include the Aegis Matter.  None of these matters involve the conduct of the bankruptcy cases themselves. Additionally, because L&W is not serving as the Debtors' bankruptcy counsel, the Debtors believe that L&W has not rendered "services … in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by L&W will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors.  Furthermore, L&W will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

### Professional Compensation

23.     The Debtors understand that commencing with work performed in March 2010, L&W intends to apply separately to the Court for allowances of compensation and reimbursement of expenses in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and this Court's Order Appointing Fee Committee and Approving Fee Protocol [Docket No. 3651].  For work performed prior to March 2010, L&W has sought or will seek compensation pursuant to the terms of the Amended OCP Order.

24.     For services rendered by L&W in these cases, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all guidelines promulgated by the U.S. Trustee, and orders of the Court, propose to pay L&W its customary hourly rates that are in effect from time to time.

25.     Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### *Nunc Pro Tunc* Approval to September 1, 2010 is Appropriate

26.     The Debtors request that L&W's supplemental retention to include the Aegis Matter be made effective *nunc pro tunc* to September 1, 2010, to ensure that L&W may request compensation for all of its work on such matter, which provided value to the Debtors' estates.  As described in the Supplemental Declaration of Gregory O. Lunt, that is annexed hereto,

13

subsequent to the Debtors' request that L&W handle the Aegis Matter, L&W assessed whether

requesting payment from the Debtors for that matter through a supplemental retention application

would be worthwhile in light of the fees and expenses that had accrued with respect to the Aegis

Matter. The Debtors were recently informed that L&W determined that it would be worthwhile to

pursue payment of its fees and expenses with respect to the Aegis Matter, and L&W began to work

with the Debtors to prepare this application. Furthermore, the Debtors have been informed that

since September 1, 2010, L&W has incurred less than $30,000 of fees and expenses with respect to

the Aegis Matter. The Debtors, therefore, will not suffer prejudice as a result of the approval of

this Application *nunc pro tunc* to September 1, 2010.

27.    The complex, global nature of these chapter 11 cases and the need for

professionals often times to provide immediate services in exigent circumstances has warranted

retroactive approval of professional retentions. Indeed, this Court has granted *nunc pro tunc*

approval of the retention of at least twenty-nine other professionals in these cases. Based on the

foregoing, retroactive approval of L&W's retention is warranted in these circumstances.[3]  *See In re*

---

[3]    [Docket No. 4711] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 4927] (approving *nunc pro tunc* appointment dating approximately 24 days prior), [Docket No. 1659] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 7824] (approving *nunc pro tunc* appointment dating approximately 1 year and 4 months prior), [Docket No. 9724] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 5305] (approving *nunc pro tunc* appointment dating approximately 11 months prior), [Docket No. 2547] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 9857] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 5037] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 3072] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 2925] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 6808] (approving *nunc pro tunc* appointment dating approximately 3 weeks prior), [Docket No. 7825] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 2275] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 2309] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 12204] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10647] (approving *nunc pro tunc* appointment dating approximately 6 months prior), [Docket No. 7044] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 4009] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10677] (approving *nunc pro tunc* appointment dating approximately 5 months prior), [Docket No. 11499] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 2680] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10949] (approving *nunc pro tunc* appointment dating approximately 7 months prior),

*Anthony Stylianou*, 2010 Bankr. Lexis 3193 at *15 (Bankr. S.D.N.Y. 2010) (stating the

"determination as to whether the *nunc pro tunc* appointment is appropriate is in essence an

equitable one, taking into account all relevant circumstances surrounding the party's omission."); *In*

*re Motors Liquidation Company*¸ 2010 Bankr. Lexis 2367 at *28 (Bankr. S.D.N.Y. 2010) (stating

that in "exercising its discretion regarding the existence of 'extraordinary circumstances,' a

bankruptcy court considers factors such as . . . whether the applicant was under time pressure to

begin service without approval"); *see also In re Hasset, Ltd.*, 283 B.R. 376, 379 (Bankr. E.D.N.Y.

2002) (approving *nunc pro tunc* retention and recognizing that "*nunc pro tunc* applications are

disfavored in this Circuit but have been permitted when the attorney performs services of 'value' to

the estate" (internal citations omitted)); *In re Piecuil*, 145 B.R. 777, 779 (Bankr. W.D.N.Y. 1992)

(stating that "'it is not unreasonable . . . for the court, in its carefully exercised discretion, to utilize

*nunc pro tunc* orders' . . . where the failure to make timely application has been explained and no

violation of underlying policy has occurred." (internal citations omitted)).

## **Notice**

28.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Application in accordance with the procedures set forth in accordance

with the procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9635] on (i) the

U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

---

[Docket No. 1658] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 8846] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 1660] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 4926] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 12406] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 12497] (approving *nunc pro tunc* appointment dating approximately 1 month prior).

District of New York; (vi) Latham & Watkins LLP; and (vii) all parties who have requested

notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be

provided.

29.      No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: March 2, 2011
       New York, New York


/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**EXHIBIT A**

**Supplemental Declaration of Gregory O. Lunt**

LATHAM & WATKINS LLP
Gregory O. Lunt
355 South Grand Avenue
Los Angeles CA 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
*Special Counsel for Debtors
and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | **08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

### SUPPLEMENTAL DECLARATION OF GREGORY O. LUNT IN SUPPORT OF APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN LATHAM & WATKINS LLP AS SPECIAL COUNSEL TO THE DEBTORS

Gregory O. Lunt, being duly sworn, deposes and says:

1.        I am a partner of Latham & Watkins LLP  ("L&W"), located at 355 South Grand Avenue, Los Angeles CA, 90071-1560 and am duly authorized to make this declaration on L&W's behalf.  L&W also has numerous other offices both in the United States and abroad, including at 885 Third Avenue, Suite 1000, New York, New York 10022-4834.

2.        On May 5, 2010, the Debtors submitted to this Court the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Latham & Watkins LLP as Special Counsel to the Debtors (the "Application") [Docket No. 8793], pursuant to which the Debtors sought authority to retain L&W for certain discrete matters defined in the Application as the "Representative Matters".  Concurrently with the Application, L&W filed the Declaration of

Gregory O. Lunt in Support of the Application of the Debtors Pursuant to Section 327(e) of the

Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization

to Employ and Retain Latham & Watkins LLP as Special Counsel to the Debtors (the "Original

Declaration").   On May 18, 2010, this Court entered an order authorizing the retention of L&W

as special counsel to the Debtors, *nunc pro tunc* to March 1, 2010.

3.      This Supplemental Declaration supplements the Original Declaration.

Capitalized terms used in this Supplemental Declaration that are not defined in this Supplemental

Declaration shall have the meanings given to them in the Application.  Except as set forth below,

the Original Declaration continues to be true and accurate.

4.      I have personal knowledge[1] of each of the facts stated in this Supplemental

Declaration. If I obtain additional information that requires further disclosure or modification of

the Application, the Original Declaration, or this Supplemental Declaration, I will file a further

declaration with the Court.

**Additional Disclosures**

5.      The Original Declaration, including Schedule 2 thereto, describes L&W's

connections (or lack of connections, as the case may be) to *inter alia* the Debtors and these

chapter 11 cases, and set forth a list of clients (defined in the Original Declaration as the "L&W

Clients") for which L&W is handling matters that are or could be adverse to the Debtors or

related to these chapter 11 cases.   Since filing the Original Declaration and, in addition to the

matters described in the Original Declaration (including those set forth on Schedule 2 thereto),

---

[1]      Certain of the disclosures herein relate to matters within the knowledge of other attorneys at L&W and are based on information provided by them.

LA\2133983.5

L&W has undertaken the representation of the following clients on matters that are or may become adverse to the Debtors, but which are wholly unrelated to the Representative Matters:[2]

    (1)    Royal Bank of Scotland:  L&W is advising the Royal Bank of Scotland regarding structured notes issued by the Lehman Brothers Holdings, Inc.

    (2)    Benetton SpA: L&W is representing Benetton in a mediation relating to two swap claims with Lehman Brothers Holdings, Inc.

    (3)    Neovara LLP:  L&W is representing Neovara in connection with certain loan transfers from Lehman Brothers Commercial Paper, Inc.

    (4)    TriMont Real Estate Advisors:  L&W is representing the special servicer of first lien debt on a property where Lehman Brothers Holdings, Inc. holds a mezzanine loan secured by a pledge of interests in the entity which holds interest in the land owner.

    (5)    L&W is representing certain third parties in the acquisition or sale of claims against the Debtors.

    6.    L&W is also representing certain clients in matters adverse to Lehman Bankhaus AG, which filed for Chapter 15 bankruptcy protection in this Court on April 4, 2009, Case No. 09-12704.

    7.    The matters described in paragraphs 5 and 6 above, together with the matters for the L&W Clients set forth or listed in the Original Declaration (including <u>Schedule 2</u> thereto), are referred to herein as the "<u>L&W Client Matters</u>."  None of the L&W Client Matters is related to the specific transactions and matters that are the subject of the Representative Matters.

    8.    L&W continues to interview and, in certain cases, hire or admit to its partnership one or more attorneys (the "<u>Laterals</u>") who at previous law firms represented the Debtors or clients that were adverse to the Debtors in matters unrelated to the Representative Matters. L&W will establish ethical walls to ensure that Laterals who worked on matters for the Debtors during the pendency of these chapter 11 cases do not work on the L&W Client Matters.

---

[2]    <u>Schedule 2</u> is hereby modified to include these matters.

Moreover, L&W will supplement this declaration to the extent that (i) any Lateral hired by L&W continues to represent a client in any matter that is adverse to the Debtors and (ii) such matter has not been disclosed in the Original Declaration or this Supplemental Declaration.

9.  L&W has been asked to represent the Debtors in prosecuting a significant proof of claim that was filed in the Aegis Mortgage Corporation ("Aegis") chapter 11 case that is pending in the United States Bankruptcy Court for the District of Delaware (Case No. 07-11119 (BLS)) (the "Aegis Matter").  Contemporaneously with this Declaration, the Debtors have filed an application pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for authorization to expand the scope of L&W's retention to include the Aegis Matter, *nunc pro tunc* to September 1, 2010.  Aegis was an originator of residential mortgage loans, interests in some of which were ultimately conveyed to the Debtors. Prior to the commencement of the Debtors' chapter 11 cases, L&W had filed a proof of claim in the amount of approximately $34 million against Aegis, relating to such mortgage loans, on behalf of non-debtor subsidiary Aurora Loan Services LLC ("Aurora").  With L&W's assistance, the Debtors are pursuing, and addressing the possible resolution of, that claim against Aegis. While the proof of claim was filed on behalf of Aurora (in Aurora's role as master servicer), the interests in virtually all of the affected mortgage loans are owned by one or more the Debtors.

10.  I believe that the Debtors' supplemental retention of L&W to include the Aegis Matter *nunc pro tunc* to September 1, 2010 is appropriate to ensure that L&W may request compensation for all of its work on the Aegis Matter, which provided value to the Debtors' estates.  Moreover, L&W has already been retained in these cases as a section 327 professional, and before that it was retained as an ordinary course professional.  During the course of its retention by the Debtors, L&W has already submitted disclosure declarations to this Court (*i.e.*,

my previous declarations), and will continue to make disclosures as necessary and appropriate. Subsequent to the Debtors' request that L&W handle the Aegis Matter, L&W assessed whether requesting payment from the Debtors for that matter through a supplemental retention application would be worthwhile in light of the fees and expenses that had accrued with respect to the Aegis Matter. Recently, L&W determined that it would be worthwhile to pursue payment of its fees and expenses with respect to the Aegis Matter, and began to work with the Debtors to prepare the supplemental retention application. Furthermore, since September 1, 2010, L&W has incurred less than $30,000 of fees and expenses with respect to the Aegis Matter. Accordingly, I believe that the Debtors will not suffer prejudice as a result of the approval of the Debtors' supplemental retention of L&W to include the Aegis Matter, *nunc pro tunc* to September 1, 2010.

11.       Based on the foregoing, I believe that, notwithstanding the L&W Client Matters, L&W does not represent or hold any interest adverse to the Debtors or their estates with respect to the Representative Matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct to the best of my knowledge,

information and belief.

Dated: February 28, 2011

Gregory O. Lunt
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone:    (213) 485-1234
Facsimile:    (213) 891-8763
Email: Gregory.Lunt@lw.com

LA\2133983.5