UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                       :

In re                                              :        Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :        08-13555 (JMP)

                   Debtors.             :        (Jointly Administered)

------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 327(e)
OF THE BANKRUPTCY CODE AUTHORIZING THE EXPANSION
OF SCOPE OF THE DEBTORS' RETENTION OF LATHAM & WATKINS
LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 1, 2010**

Upon consideration of the application, dated March 2, 2011 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the scope of the Debtors' retention of Latham & Watkins LLP ("L&W") as special counsel to the Debtors *nunc pro tunc* to September 1, 2010; and upon the affidavit and the declarations of Gregory O. Lunt, a partner of L&W, that have been filed with this Court (collectively, the "Lunt Declarations"); and the Court being satisfied, based on the representations made in the Application and the Lunt Declarations, that L&W represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the United States Trustee for Region 2; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to expand the scope of their retention of L&W as special counsel to the Debtors to include the Aegis Matter, *nunc pro tunc* to September 1, 2010, in accordance with L&W's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that L&W shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by

order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651]; and it is further

ORDERED, that L&W shall be reimbursed only for reasonable and necessary expenses as provided by the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines; and it is further

ORDERED that the United States Trustee retains all rights to object to L&W's interim and final fee applications on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final applications pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  March [  ], 2011
         New York, New York

                                                    _____
                                                   UNITED STATES BANKRUPTCY JUDGE