**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO:

The Varde Fund IX, L.P. ("Transferor")
c/o Varde Management L.P.
8500 Normandale Lake Boulevard, Suite 1500
Minneapolis, MN 55437
Email: esteffer@varde.com

2. Please take notice that your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 67078 (attached as Exhibit A hereto), has been transferred to:

Barclays Bank PLC ("Transferee")
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 412-2865
Email: daniel.crowley@barclayscapital.com
jessica.fainman@barclayscapital.com

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the claim should be sent to the Transferee.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** ________ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on __________, 2009.

INTERNAL CONTROL NO.________

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

______________________
Deputy Clerk

**EXHIBIT A**

[Proof of Claim]

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000067078

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17. 2009**

Name and address of Creditor (and name and address where notices should be sent if different from Creditor)

Värde Management, L.P. (as agent for Värde Fund, L.P., Värde Fund V-B, L.P., Värde Fund VII-B, L.P., Värde Fund VIII, L.P., Värde Fund IX, L.P., Värde Fund IX-A, L.P., Värde Fund X (Master), L.P., Värde Investment Partners (Offshore) Master, L.P., Värde Investment Partners, L.P.)
c/o Brown Rudnick LLP
Seven Times Square
New York, NY 10036
Attn: Howard Steel, Esq.

Telephone number: 212.209.4800 Email Address: hsteel@brownrudnick.com

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 58240
*(If known)*

Filed on: 10/30/09

Name and address where payment should be sent (if different from above)

Värde Management, L.P.
8500 Normandale Lake Blvd, Suite 1500
Minneapolis, MN 55437
Attn: Liquid Operations / Operations@varde.com / 952.374.5122
Attn: Scott Hartman / shartman@varde.com / 952.820.1160

Telephone number: (provided above) Email Address: (provided above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** See Attached **(Required)**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** XS0187189104 **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See Attached **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

See Attached **(Required)**

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**Date.** 9/17/10

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Brad P. Bauer
Vice President

FOR COURT USE ONLY

FILED / RECEIVED
SEP 20 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## EXHIBIT A

## ADDENDUM TO AMENDED PROOF OF CLAIM OF VÄRDE MANAGEMENT, L.P.

1. Värde Management, L.P., as agent for Värde Fund, L.P., Värde Fund V-B, L.P., Värde Fund VII-B, L.P., Värde Fund VIII, L.P., Värde Fund IX, L.P., Värde Fund IX-A, L.P., Värde Fund X (Master), L.P., Värde Investment Partners (Offshore) Master, L.P., Värde Investment Partners, L.P. (collectively, "Värde") files this amended proof of claim (the "Amended Proof of Claim"), out of an abundance of caution, to amend the Proof of Claim (as defined below) to correct a typographical error in the Proof of Claim with respect to the International Securities Identification Number ("ISIN") identifying the Lehman Programs Security for the Claim.[1]

2. On October 30, 2009, Binder Trust Limited ("Binder") timely filed a proof of claim (the "Proof of Claim") against Lehman Brothers Holding Inc. ("LBHI"). The Proof of Claim was designated claim number 58240. A copy of the Proof of Claim is attached hereto as Exhibit B.

3. The Proof of Claim "expressly reserves the right to file any separate or additional proof of claim with respect to the Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason." See Proof of Claim ¶ 7 at 4.

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Proof of Claim.

4. The ISIN set forth on the Proof of Claim is listed as XS018718904 (providing LBHI adequate notice of the Lehman Programs Security for the Claim), but is missing one digit. Värde files this Amended Proof of Claim to clarify that the correct ISIN is XS0187189104. With the clarified ISIN, this Amended Proof of Claim hereby includes and incorporates the Proof of Claim in its entirety.

5. On September 7, 2010, pursuant to Bankruptcy Rule 3001(e)(3), Värde filed its notices of *Transfer of Claims Other Than For Security*, evidencing transfer of the Proof of Claim to Värde [Docket Nos. 11187, 11188, 11189, 11190, 11191, 11192, 11193, 11194, and 11195] (the "Notices of Transfers").

6. Värde reserves the right to amend or supplement this Amended Proof of Claim, and any attachment hereto, as it may deem necessary and proper. Värde reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted against Värde by LBHI, including, without limitation, any rights of setoff and/or recoupment. Värde reserves the right to file additional proofs of claim for additional claims which may be based on the same or additional documents. Värde reserves the right to file additional proofs of claim for administrative expenses or other claims entitled to priority. Värde further reserves all of its rights as against the other debtors in these Chapter 11 proceedings and against other Lehman entities in any other Lehman proceeding in the United States or overseas.

7. The filing of this Proof of Claim shall not constitute: (a) a waiver, release, or limitation of Värde's rights against any person, entity or property (including, without limitation, LBHI or any other person or entity that is or may become a debtor in a case pending in this Court) in which Värde has a security interest or lien, (b) a consent by Värde to the jurisdiction or

venue of this Court or any other court with respect to the proceedings, if any, commenced in any case against or otherwise involving Värde with respect to the subject matter of the claims set forth in this Proof of Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in these cases against or otherwise involving Värde, (c) a waiver, release, or limitation of the right of Värde to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution, (d) a consent by Värde to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (e) a waiver, release, or limitation of Värde's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a U.S. District Court Judge, (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Värde, (g) a consent to the termination of LBHI's liability to Värde by any particular court, including, without limitation, this Court, (h) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c), or (i) an election of remedies. No judgment has been rendered on this claim. This claim is not subject to any setoff or counterclaim rights by LBHI.

## EXHIBIT B

**[AVAILABLE UPON REQUEST]**

**EXHIBIT B**

[Executed Evidence of Transfer of Claim]

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **The Värde Fund IX, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **notional amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **67078** (which amended and superseded the previously filed Proof of Claim Number 58240, which was filed by or on behalf of **Binder Trust Limited** (the "Original Proof of Claim", and together with Proof of Claim 67078, the "Proof of Claim" )) against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Original Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Program Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of claims of a similar nature related to one or more securities expressly identified on the list designated as Lehman Program Securities.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery

and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 3 day of February 2011.

THE VÄRDE FUND IX, L.P.

BY: VÄRDE FUND IX GP, LLC,
ITS GENERAL PARTNER

BY: VÄRDE PARTNERS, L.P.,
ITS MANAGING MEMBER

BY: VÄRDE PARTNERS, INC.,
ITS GENERAL PARTNER

By: [signature]
Name: Brad P. Bauer
Title: Vice President

8500 Normandale Lake Boulevard
Suite 1500
Minneapolis, MN 55437
Attn: Edwina P.J. Steffer
e-mail: *esteffer@varde.com*

Barclays Bank PLC

By: [signature]
Name: Michael J Pedone
Title: Managing Director

745 7th Avenue
New York, NY 10019

Schedule 1

Transferred Claims

Purchased Claim

$2,285,004.58 of $7,172,533.00 (the outstanding amount of the Proof of Claim as of February 3, 2011).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 5,410,000 Notes Linked to the European Fundamental Values Portfolio Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$18,000,000,000 Euro Medium-Term Note Program | XS018718904 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,612,000.00 (which is the equivalent of USD 2,285,004.58) of EUR 5,060,000.00 (which is the equivalent of USD 7,172,533.00) | None | March 1, 2010 | EUR 1,612,000.00 (which is the equivalent of USD 2,285,004.58) of EUR 5,060,000.00 (which is the equivalent of USD 7,172,533.00) |



119-1109/AGR/2964024.1