B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re  Lehman Brothers Holdings Inc., et al.   ,     Case No.   08-13555 (JMP)
                                                                Jointly Administered

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Cyrus Opportunities Master Fund II, Ltd. | Sea Port Group Securities, LLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
  c/o Cyrus Capital Partners
  399 Park Avenue, 39th Floor
  New York, NY 10022

Phone: _____
Last Four Digits of Acct #:    n/a

Court Claim # (if known):   55725
Amount of Claim:   $1,693,431.36
Date Claim Filed:   10/29/2009

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

**Please note this is only a PARTIAL transfer of claim, as indicated in the Agreement attached hereto.  The amount transferred in this transaction is 47% of the total claim in respect of ISIN XS0220704109.  Additional transfers of the remainder of this claim are being filed contemporaneously herewith. See attached sheet for the additional transferees..

Phone: _____
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: David Milich                            Date:  03/03/2011
       Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Sea Port Group Securities, LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Cyrus Opportunities Master Fund II, Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55725** as it relates solely to ISIN XS0220704109 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and/or Prior Seller (as such term is defined herein) relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's and/or Prior Seller's right, title and interest in, to and under the transfer agreements (collectively, the "Prior Agreement"), under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Seller irrevocably sells, transfers and assigns and Purchaser shall purchase an undivided interest in the Purchased Claim that is 47% of the Proof of Claim, which together with all other simultaneous sales by Seller to Cyrus entities equals 100% of the Proof of Claim as it relates solely to ISIN XS0220704109 as of the date of this Agreement and Evidence of Partial Transfer of Claim.

2.    (a)    Seller hereby represents and warrants to Purchaser that: (i) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (ii) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (iii) annexed hereto is a true and correct copy of the Prior Agreement and that, without limiting the generality of clause 2(b) below, Prior Seller has not engaged in any acts, conduct or omissions which would give rise to any claim, counterclaim or defense thereunder.

(b)    Assuming the truth and accuracy of the representations made by Prior Seller to Seller in the Prior Agreement, Seller hereby represents and warrants to Purchaser that: (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (ii) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (iii) Seller will, on the settlement date, own and have good and marketable title to the Transferred Claims and the Purchased Security, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (iv) the Proof of Claim includes claims for multiple securities, including the Purchased Claim specified in Schedule 1 attached hereto; and (v) Prior Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Purchaser hereby represents and warrants to Seller that (a) Purchaser is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (b) Purchaser has satisfied itself as to the Transferred Claims and the Purchased Security as specified in Schedule 1; and (c)

Purchaser is purchasing the Transferred Claims and the Purchased Security on a non-recourse, as-is basis, and, for the avoidance of doubt, the sole recourse of the Purchaser shall be to the Purchased Claim and any deficiency or monetary judgment shall be satisfied solely against the Purchased Claim, _provided_ that, Seller shall be responsible for any breach of its representations or agreements expressly made by Seller in this Agreement.

4. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

5. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

6. Except as expressly stated in this Agreement and Evidence of Transfer, Seller makes no representations or warranties, express or implied, with respect to the Transferred Claims.

7. Purchaser acknowledges and agrees that Purchaser shall have no recourse to Seller, except for (i) Seller's breaches of its representations, warranties or covenants and (ii) Seller's indemnities, in each case as expressly stated in this Agreement and Evidence of Transfer.

8. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of each Purchased Security.

9. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

10. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 28 day of February 2011.

| SEA PORT GROUP SECURITIES, LLC | CYRUS OPPORTUNITIES MASTER FUND II, LTD. |
|---|---|
| By: _____ <br> Name: <br> Title: Jonathan Silverman <br> General Counsel | By: _____ <br> Name: David Milich <br> Title: Authorized Signatory |

Schedule 1

Purchased Claim

Purchaser hereunder takes 47% of the total €2,500,000.00 sold to Cyrus entities. 100% of €2,500,000.00 equates to US$3,603,045.46 (including the US dollar equivalent to €2,500,000 of US$3,560,750 plus accruals of US$ 42,295.46 (100% of the Proof of Claim as it relates solely with respect to ISIN/CUSIP XS0220704109 as of February 9, 2011, including all pre-petition accrued interest related thereto).

Lehman Programs Securities to which Transfer Relates (based upon 100% of the total €2,500,000.00 sold to Cyrus entities):

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 50,000,000 European Inflation Linked Notes due June 2017 under the U.S.$ 25,000,000,000 Euro Medium-Term Note Program | XS0220704109 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | $3,603,045.46 | n/a | 13 June 2017 | $42,295.46 |

Annex

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Fondiaria-sai S.p.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Sea Port Group Securities, LLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55725** as it relates solely to ISIN XS0220704109 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Seller irrevocably sells, transfers and assigns and Purchaser shall purchase an undivided interest in the Purchased Claim that is 100% of the Proof of Claim as it relates solely to ISIN XS0220704109 as of the date of this Agreement and Evidence of Partial Transfer of Claim.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes claims for multiple securities, including the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Purchaser hereby represents and warrants to Seller that (a) Purchaser is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (b) Purchaser has satisfied itself as to the Transferred Claims and the Purchased Security as specified in Schedule 1; and (c) Purchaser is purchasing the Transferred Claims and the Purchased Security on a non-recourse, as-is basis, and, for the avoidance of doubt, the sole recourse of the Purchaser shall be to the Purchased Claim and any deficiency or monetary judgment shall be satisfied solely against the Purchased Claim, provided that, Seller shall be responsible for any breach of its representations or agreements expressly made by Seller in this Agreement.

4. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect



to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

5.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

6.  Except as expressly stated in this Agreement and Evidence of Transfer, Seller makes no representations or warranties, express or implied, with respect to the Transferred Claims.

7.  Purchaser acknowledges and agrees that Purchaser shall have no recourse to Seller, except for (i) Seller's breaches of its representations, warranties or covenants and (ii) Seller's indemnities, in each case as expressly stated in this Agreement and Evidence of Transfer.

8.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of each Purchased Security.

9.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

10. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.



IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 25th day of February, 2011.

**FONDIARIA-SAI S.p.A.**

By: _____
Name:
Title: FONDIARIA - SAI S.p.A.
c/o Via Lorenteggio 155
20161 Milano
Direttore Generale Finanza e Vita
(Dr. Stefano Carlino)

**SEA PORT GROUP SECURITIES, LLC**

By: _____
Name: Jonathan Silverman
Title: General Counsel

Schedule 1

## Purchased Claim

100% of €2,500,000.00 equates to US$3,603,045.46 (including the US dollar equivalent to €2,500,000 of US$3,560,750 plus accruals of US$ 42,295.46 (100% of the Proof of Claim as it relates solely with respect to ISIN/CUSIP XS0220704109 as of February 9, 2011, including all pre-petition accrued interest related thereto).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 50,000,000 European Inflation Linked Notes due June 2017 under the U.S.$ 25,000,000,000 Euro Medium-Term Note Program | XS0220704109 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc | $3,603,045.46 | n/a | 13 June 2017 | $42,295.46 |

Schedule 1-1

