**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                :
In re                                           :        Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :        08-13555 (JMP)
                                                :
                        Debtors.                :        (Jointly Administered)
                                                :
                                                :
------------------------------------------------------------------x

**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES
TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES**

The following alternative dispute resolution procedures for disputes involving the

Debtors' derivatives transactions that have an SPV (as defined in paragraph 1(a) below)

counterparty (the "SPV Derivatives ADR Procedures") are ORDERED to apply in the chapter 11

cases of Lehman Brothers Holdings, Inc. and certain of its affiliated debtors, as debtors and

debtors in possession in the above-captioned chapter 11 proceedings (collectively, the

"Debtors"). In connection with SPV Derivatives Transactions (as defined below), these SPV

Derivatives Procedures supersede in their entirety, except as specifically provided below, the

Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under

Derivatives Contracts (the "Derivatives ADR Order") [Docket No. 5207].

**FINDINGS**

On motion of the Debtors (the "Motion"), due and proper notice of which having

been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; (vi) all known Derivatives Counterparties and

Trustees, and (vii) all other parties entitled to notice in accordance with the procedures set forth

in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], and a hearing held on the Motion on February 16, 2011, the Court FINDS that numerous open and terminated SPV Derivatives Transactions (as defined below), including without limitation derivatives contracts that are "swap agreements" or "forward contracts," in each case, as such term is defined in section 101 of the Bankruptcy Code, exist under which the Debtors and the relevant counterparties and other parties in interest have disputes over their respective legal rights and obligations. The Court further FINDS that certain common issues exist regarding these contracts, including, among others, questions involving appropriateness of setoff, termination, valuation, computation of termination payments, and notice. The Court further FINDS that substantial value may be recovered for the Debtors' estates and judicial efficiency can be promoted if expedient resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation. The Court further FINDS that similar proceedings ordered in these and other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

Consistent with General Order #M-390, adopted December 1, 2009, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order"), the procedures described below are ORDERED to promote consensual resolution with respect to the SPV Derivatives Transactions (as defined below) between one or more of the Debtors and the SPV counterparty, and to

encourage effective communication, consultation, negotiation, and, when necessary, mediation among the affected parties.

      1.     <u>SPV Derivatives Transactions</u>.

      a.     For the purposes of this Order, "SPV" means any special purpose vehicle or special investment vehicle, including but not limited to any structure, vehicle, trust or entity that issued notes or certificates of beneficial interest pursuant to an indenture or trust agreement and that, for purposes of these SPV Derivatives ADR Procedures, have entered into one or more derivatives contracts with one or more of the Debtors (each, the "<u>SPV Derivatives Transaction</u>" and, collectively, the "<u>SPV Derivatives Transactions</u>").  The SPV Derivatives ADR Procedures shall apply to all SPV Derivatives Transactions where one or more Debtors contend they have the potential for affirmative recovery.

      b.     To date, the Debtors have identified several hundred SPV Derivatives Transactions with respect to which there are potential disputes over the amounts that may be owed to one or more Debtors (whether or not an actual lawsuit or adversary proceeding has commenced), and SPV Derivatives Transactions include, but are not limited to, swap agreements and forward contracts with such SPV that has entered into one or more SPV Derivatives Transactions with one or more of the Debtors (the "<u>SPV Derivatives Counterparty</u>"); *provided*, *however*, that the term SPV Derivatives Transactions shall not include any cash-market purchase or sale of a security or loan (*i.e.*, any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction or repurchase agreement in respect of securities or loans.

      c.     The Debtors have filed motions, complaints (including adversary proceedings), and other papers commencing legal process, against, among others, SPV

Derivatives Counterparties regarding SPV Derivatives Transactions (collectively, the "Actions")
and anticipate initiating legal process against other SPV Derivatives Counterparties.
Specifically, the term "Actions" includes any such motions, complaints (including adversary
proceedings), and other papers commencing legal process that already have been filed and those
that are subsequently filed.

   2. SPV Derivatives ADR Disputes.  Except to the extent expressly precluded
herein, to the extent a Debtor seeks to institute an ADR proceeding in connection with any
Action that is pending before the Court, including a dispute involving such SPV already involved
in alternative dispute resolution ("ADR") with a Debtor, the Debtor will serve the SPV
Derivatives Counterparty with a copy of this Order and the SPV Derivatives ADR Notice (as
defined below) (collectively, the "SPV Derivatives ADR Package") and, in the Debtor's
discretion, after consultation with the Creditors' Committee, it may also serve the SPV Trustee
(as defined below), a Noteholder (as defined below), and/or any investment advisor, collateral
manager, or other fiduciary (an "Advisor") with the SPV Derivatives ADR Package; *provided*,
*however*, that a Debtor may not serve the SPV Derivatives ADR Package on such SPV
Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor, unless the Debtor has already
commenced an Action or is already involved in ADR related to a particular SPV Derivatives
Transaction.  The Debtor, the SPV Derivatives Counterparty, the SPV Trustee, and/or any
Noteholder or Advisor served with the SPV Derivatives ADR Package are collectively referred
to herein as the "Parties."

   a. When the SPV Derivatives Counterparty and, if applicable, the
trustee with respect to the SPV Derivatives Transaction (the "SPV Trustee") are served with the
SPV Derivatives ADR Package, the SPV Derivatives Counterparty and, if applicable, the SPV

Trustee may disclose the contents of such SPV Derivatives ADR Package to any person, entity, or special investment vehicle that holds a note or beneficial interest in the SPV Derivatives Counterparty or the SPV Derivatives Transaction generally (such persons or entities collectively referred to as "Noteholders," and each singly as a "Noteholder"); *provided*, *however*, that any such Noteholder not specified as a party to the SPV Derivatives ADR Dispute must, in advance of receiving such SPV Derivatives ADR Package, agree in writing to abide by the confidentiality provisions in this Order, including paragraph 13, and must agree in writing to maintain the confidentiality of any such information received.

b.      For the purposes of the SPV Derivatives ADR Procedures, service on or notice to such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor can be made by serving that Party and such Party's counsel who has appeared in these cases and/or an Action by (i) hand delivery, (ii) first class mail, (iii) overnight mail, or (iv) email upon consent. Service made in accordance with this paragraph will be deemed adequate service. This paragraph is not intended to limit other methods of proper service.

c.      Notwithstanding any stay imposed by this Court, any defendant named in an Action must file a notice of appearance within thirty (30) calendar days of service of the SPV Derivatives ADR Package, within which time such defendant shall not file a responsive pleading. Pursuant to Federal Rule of Civil Procedure 41 and Federal Rule of Bankruptcy Procedure 7041, a Debtor has the right to dismiss an Action against such SPV Derivatives Counterparty, SPV Trustee, Noteholder and/or Advisor without prejudice before a responsive pleading therein is filed. Failure to file a notice of appearance within 30 calendar days of service of the SPV Derivatives ADR Package may result in this Court's entry of Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by

Debtors in the SPV Derivatives ADR Notice or an order for a default judgment against the defaulting party; provided, however, that a defendant may alternatively file an appearance with reservation of the right to raise the defense of lack of personal jurisdiction within 30 calendar days of service of the SPV Derivatives ADR Package, consistent with paragraph 5(e) below.

d.      The first filing of a notice of appearance, or an appearance with reservation of the right to raise the defense of lack of personal jurisdiction, in an Action shall immediately and automatically stay such Action pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation.  In the case of an Action that was previously stayed, and where such stay was modified for the limited purpose of complying with this Order, such stay will continue in full force and effect upon the first filing of a notice of appearance or limited appearance.

3.      <u>Stay of Actions</u>.  A Debtor may serve the SPV Derivatives ADR Package regardless of whether an Action has been previously stayed by the Court, and any prior stay shall be deemed automatically lifted upon the service on the SPV Derivatives Counterparty of the SPV Derivatives ADR Package solely for the limited purpose of the relevant defendant making an appearance in compliance with paragraph 2 of this Order.  Moreover, nothing contained herein shall be construed as lifting any stay with respect to the Actions other than for the limited purpose of complying with this Order.  Upon service of the SPV Derivatives ADR Package, the corresponding Action (as defined herein), to the extent not previously stayed, will be immediately stayed such that (i) all applicable deadlines (other than those related to completion of service of process) will be indefinitely suspended, (ii) all discovery and pre-trial conferences will not be required or conducted, and (iii) all motion practice and contested hearings or trials will be prohibited; *provided*, *however*, that during such stay, the Debtors may (a) amend the

Action complaint, (b) employ the SPV Derivatives ADR Procedures or other procedures to attempt to consensually resolve disputed matters, (c) enter into settlements of the Action, (d) complete service of the Action complaint, (e) seek discovery for the limited purpose of assisting the Debtors in completing service of the Action complaint, and (f) dismiss an Action in accordance with Bankruptcy Rule 7041.

4.    <u>Settlement of Disputes During the SPV Derivatives ADR Procedures</u>. Nothing contained herein shall prevent the Parties from settling, and the Parties are encouraged to settle, the SPV Derivatives ADR Dispute at any time before, during, or following the designation of the SPV Derivatives ADR Dispute to the SPV Derivatives ADR Procedures by the mutual consent of the Parties; provided, that all SPV Derivatives ADR Disputes settled pursuant to this Order, including terminated, active, and matured SPV Derivatives Transactions and regardless of whether such settlement is reached with a Derivatives Counterparty, SPV Trustee, Noteholder and/or Advisor, shall be settled pursuant to the terms set forth in (i) the Order, dated December 16, 2008, authorizing the Debtors to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [Docket No. 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [Docket No. 2667]; (iii) other orders in these bankruptcy cases permitting such settlement; (iv) upon the written request of any party to a settlement, by means of a Bankruptcy Rule 9019 Motion with notice to all Noteholders of the hearing date and objection deadline, provided that the economic terms of the resolution shall be redacted in any such motion and related order and an unredacted copy disclosing the economic terms of the resolution may only be provided to a Noteholder not previously served with the SPV Derivatives ADR Package after such Noteholder agrees in writing to maintain the confidentiality of any such

information received and to abide by the confidentiality provisions in this Order; or (v) as otherwise permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

     5.    <u>Participation Mandatory</u>.

     a.    Unless otherwise provided in a specific order applicable to a particular SPV Derivatives ADR Dispute, after service of the SPV Derivatives ADR Package, compliance with the SPV Derivatives ADR Procedures in this Order is mandatory. Although no party is required to settle or compromise the SPV Derivatives ADR Dispute, each Debtor serving the SPV Derivatives ADR Package and each SPV Derivatives Counterparty, SPV Trustee with Authority (as defined below), any Noteholder, and/or Advisor on whom a Debtor elects to serve such SPV Derivatives ADR Package, must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the SPV Derivatives ADR Procedures specified below for all SPV Derivatives ADR Disputes covered by such SPV Derivatives ADR Package.

     b.    With respect to any SPV Derivatives ADR Package served on the SPV Derivatives Counterparty and the SPV Trustee, the SPV Trustee within the period provided in paragraph 8(b) for service of a response thereto by the SPV Trustee, will review the governing documents and make a reasonable determination whether the SPV Trustee has authority to participate and to settle the SPV Derivatives ADR Dispute covered by the SPV Derivatives ADR Notice on behalf of the Noteholders ("<u>Authority</u>"). If in the SPV Trustee's reasonable determination it does not have Authority, the SPV Trustee will provide the Debtor with a written statement detailing its analysis and reasons why the SPV Trustee believes it does not have Authority under the governing documents or otherwise.

8

i.   If the SPV Trustee has Authority, it will participate in the SPV Derivatives ADR Procedures on behalf of the Noteholders to the extent authorized by such documents, and it will contact the Noteholders for which it acts as SPV Trustee through the clearing systems or when possible by a direct written communication that advises such Noteholders about the initiation of the ADR.   In addition, with respect to each Noteholder not specified as a party to the SPV Derivatives ADR Dispute that agrees in writing to abide by the confidentiality provisions in this Order, including paragraph 13, and to maintain the confidentiality of any such information received, the SPV Trustee with Authority will transmit to each such Noteholder the applicable SPV Derivatives ADR Package.

ii.   If the SPV Trustee lacks Authority via the governing documents, it shall contact the Noteholders for which it acts as SPV Trustee through the clearing systems or when possible by a direct written communication that: (v) advises such Noteholders about the initiation of the ADR; (w) invites them to participate in the SPV Derivatives ADR Procedures as an alternative to litigation; (x) encourages them to communicate directly with the Debtors; and (y) offers to take the Noteholders' direction in accordance with the governing documents to participate in the SPV Derivatives ADR Procedures on behalf of such directing Noteholders.   In addition,

with respect to each Noteholder not specified as a party to the SPV Derivatives ADR Dispute that agrees in writing to abide by the confidentiality provisions in this Order, including paragraph 13, and to maintain the confidentiality of any such information received, the SPV Trustee without Authority will transmit to each such Noteholder the applicable SPV Derivatives ADR Package.

iii.    In taking the steps outlined in this paragraph 5(b), SPV Trustees shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

iv.    Nothing contained in this paragraph 5(b) with respect to SPV Trustees shall relieve or be construed to relieve any SPV Derivatives Counterparty from compliance with this Order.

c.    The SPV Derivatives Counterparty shall, on or before sixty (60) calendar days of service of the SPV Derivatives ADR Package or, in the case of a pending ADR under the Derivatives ADR Order on or before sixty (60) calendar days of notice by the Debtor of an intent to proceed under this Order, identify and designate by written notice (the "Settlement Participation Designation") as provided below to the other Parties to the SPV Derivatives ADR Dispute, a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the "Authorized Designee").    The SPV Derivatives Counterparty may change the Authorized Designee from time to time during the course of the SPV Derivatives ADR Dispute so long as there remains at all times during the dispute an Authorized Designee.

i.      The Settlement Participation Designation shall include the name and contact information of the person or entity with settlement authority, state that such person or entity has agreed to participate in the SPV Derivatives ADR Procedures, and state the relationship between the SPV Derivatives Counterparty and such person or entity with settlement authority.  Notwithstanding any other provisions regarding Sanctions contained in this Order, if the Debtor does not receive a Settlement Participation Designation from the SPV Derivatives Counterparty within sixty (60) calendar days of the service of the SPV Derivatives ADR Package, or notice of an intent to proceed under this Order in the case of a pending ADR, the Court may, upon motion of the Debtor, impose Sanctions (as defined below) on the SPV Derivatives Counterparty, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice.

ii.      The SPV Derivatives Counterparty shall send notice of the SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized Designee with settlement authority, and the related Action, to all Noteholders in accordance with both the requirements of paragraph 5(c)(iii) below.

iii.      In addition to any method of notice permitted by the relevant Indenture, including but not limited to service through the Depository Trust Company, notice of any SPV Derivatives ADR Dispute and the related Action given in accordance with the methods set forth below in subsections (a)-(b) to the Noteholders, parties to the Master Agreement, the Indenture, and/or the Trust Agreement, and any other persons entitled to such notice in the Bankruptcy Case, constitutes sufficient notice to such persons:

(a)      sending the papers commencing the relevant Action and the SPV Derivatives ADR Package (collectively, the "SPV Adversary Package") to each such person; provided, that in

the case of the Noteholders, the SPV Adversary Package shall be sent:

    (i)    directly to the original Noteholders (as of the issuance date thereof), as and to the extent listed in the records of the Debtors; and

    (ii)    directly to any known current Noteholders; and

    (b)    publication of the fact that there exists an ADR proceeding related to this SPV Derivatives Transaction in the Wall Street Journal and the Financial Times for three successive business days.

    iv.    Within ten (10) business days of receiving written request by a Debtor, the SPV Derivatives Counterparty, and if served with the SPV Derivatives ADR Package, the SPV Trustee, shall provide information to such Debtor sufficient to identify and contact such Noteholders directly if known, and if such information is unknown to the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and SPV Trustee shall provide information sufficient to identify the clearing systems through which such Noteholders are communicated.

    v.    If a Debtor has not timely received a Settlement Participation Designation, a Debtor may at its sole discretion continue its attempts at mediation, terminate the SPV Derivatives ADR Dispute and resume the Action, or stay or terminate the SPV Derivatives ADR Dispute and move for Sanctions, including but not limited to an order or judgment for recovery of amounts demanded by Debtors in the SPV Derivatives ADR Notice. No actions authorized by this paragraph 5(c)(v) shall be construed as automatically eliminating or modifying the stay of the Action without such Debtor's consent.

    vi.    In taking the steps outlined in this paragraph 5, all Parties to the SPV Derivatives ADR Dispute shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

d.      Nothing contained in this paragraph 5 shall relieve or be construed to relieve any party to the SPV Derivatives ADR Dispute from compliance with this Order.

e.      No rights, remedies, claims or defenses of any SPV Derivatives Counterparty, SPV Trustee, Noteholder, Advisor, or Debtor, acting in good faith compliance with the SPV Derivatives ADR Procedures, shall be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these SPV Derivatives ADR Procedures.   Participation in the SPV Derivatives ADR Procedures by the SPV Derivatives Counterparty, Authorized Designee, SPV Trustee, Noteholder, or Advisor shall not waive the defense of lack of in personam jurisdiction, if any, which defense shall be preserved.

6.      Nothing contained herein shall prevent the SPV Derivatives Counterparty from asserting in any respect to the SPV Derivatives ADR Notice and elsewhere during the course of such SPV Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Debtor's claim of a SPV Derivatives Transaction or any other valid defense to a Debtor's demand thereunder.

7.      <u>Debtor's Rights As to Proceedings Previously or Hereafter Commenced by Derivatives Counterparties</u>.  If the SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor previously has commenced any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of the SPV Derivatives ADR Package, the Debtors reserve their right, pursuant to the order dated December 18, 2008 [Docket No. 2306], to remove to this Court any such lawsuit, proceeding, or claim, and to defend or take action in any such other court or proceeding to protect the estate of Debtors, and/or take action in respect of any violation of the automatic stay imposed by section

362 of the Bankruptcy Code, despite the incomplete status of the steps prescribed under the SPV Derivatives ADR Procedures.

### NOTICE/RESPONSE STAGE

8.    <u>Notice/Response</u>.    The initial stage of the SPV Derivatives ADR Procedures will be a notice/response stage, providing the Parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve the SPV Derivatives ADR Dispute on a consensual basis (the "<u>Notice/Response Stage</u>").    The Notice/Response Stage shall include:

    a.    <u>SPV Derivatives ADR Notice</u>.    A Debtor shall serve upon the SPV Derivatives Counterparty and, at such Debtor's election, the SPV Trustee and/or Noteholder and/or Advisor (and any attorneys who have appeared in these cases or an Action) a notice containing sufficient information regarding the SPV Derivatives ADR Dispute including the nature of the Debtor's claim, a brief explanation setting forth the basis for the demand and the amount of its demand for settlement (which demand shall have been determined with the benefit of consultation between Debtors and the Official Unsecured Creditors' Committee (the "<u>Creditors' Committee</u>")), including an amount of monetary recovery Debtor(s) would accept in full settlement and compromise (the "<u>SPV Derivatives ADR Notice</u>").    Service of a completed SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "A" shall presumptively be deemed to comply with this Order.    Within 30 calendar days of entry of this Order, a Debtor participating in a pending ADR involving such SPV must elect in writing

either to opt out of this Order and continue under the Derivatives ADR Order or to proceed under this Order. If the Debtor elects to proceed under this Order, the Debtor shall provide written notice of its election to all Parties to the pending ADR and simultaneously serve the SPV Derivatives ADR Package on the SPV Derivatives Counterparty and, at such Debtor's election, the related SPV Trustee and/or one or more Noteholders. All deadlines otherwise set forth in this Order will run from the date the Debtor delivers the SPV Derivatives ADR Package.

b.    <u>SPV Derivatives Counterparty's Response to Notice</u>. The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package at such Debtor's election, the SPV Trustee with Authority, and/or Noteholder and/or Advisor, as the case may be) must respond to the SPV Derivatives ADR Notice in writing within 75 calendar days from the date of the receipt of the SPV Derivatives ADR Notice, or in the case of a pending ADR receipt of the Debtor's election to proceed under this Order. The response options available are as follows (the "<u>Responses</u>"):

i.    <u>Agreeing to Settle the Demand</u>. If the SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority and/or Noteholder and/or Advisor) agrees to settle the demand in the SPV Derivatives ADR Notice, it shall state in writing that the offer of settlement in the SPV Derivatives ADR Notice is accepted. The Parties will then execute a settlement and general release (including a

confidentiality provision) and the Debtor shall dismiss the corresponding Action with prejudice upon execution of the release; or

ii.    Denying the Demand.    The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority and/or Noteholder and/or Advisor) may decline to settle for the amount stated in the demand in the SPV Derivatives ADR Notice, in which case such party must include a brief explanation in the Response to the SPV Derivatives ADR Notice setting forth the reason(s) for such denial.    In addition, such party may provide a counteroffer to the demand in the SPV Derivatives ADR Notice.    Service of a completed Response to the SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "B" shall presumptively be deemed to comply with this Order.

c.    Failure to Respond.    Failure to provide a timely Response to the SPV Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the option of Debtors, either in an application to the Court (with notice to any applicable SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor that was provided by the Debtor with the SPV Derivatives ADR Package) for Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded

by Debtors in the SPV Derivatives ADR Notice, or immediate entry into the mediation stage.

d.   <u>Reply to Response</u>.  The Debtor shall have twenty (20) calendar days from the date of the receipt of the Response to serve a Reply to the Response to the SPV Derivatives ADR Notice (which Reply shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee), in which the Debtor shall (i) modify its demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demand in the SPV Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the SPV Derivatives ADR Dispute will automatically proceed to the Initial Settlement Conference or Mediation Stage.

9.   <u>Request for Initial Settlement Conference</u>.  At any time prior to the Mediation Stage but after the date upon which a Reply is due from the Debtor, either the Debtors or the SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority, and/or Noteholder and/or Advisor) may request an initial telephonic settlement conference by written request, to be held within ten (10) calendar days.  Within four (4) business days of a receipt of such a request, the other Parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the Parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement, and during the initial settlement conference a person with authority to

negotiate and settle (including in the case of the SPV Derivatives Counterparty, the Authorized Designee) must participate on behalf of each party. No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, and the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present. Settlement conferences during the Notice/Response Stage may be held in person if all Parties agree in writing.

### **MEDIATION STAGE**

10. <u>Mediation</u>. SPV Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "<u>Mediation Stage</u>"). The Debtors shall transmit on a rolling basis to the mediators appointed pursuant to paragraph 10(a) hereof sets of SPV Derivatives ADR Notices and any applicable Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to paragraph 10(b)(i) hereof.

a. <u>Choice of Mediator</u>. James Freund, David Geronemus, Ralph Mabey, and Jacob Esher are APPOINTED as the mediators for SPV Derivatives ADR Disputes reaching the Mediation Stage. If any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to the Debtors, the Creditors' Committee, the Authorized Designee, and if served with the SPV ADR Derivatives Package, the SPV Trustee, Noteholders, and Advisor.

b. <u>Powers of Mediator</u>. The mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of

allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate mediations involving the same SPV Derivatives Transaction upon application by such SPV Derivatives Counterparty and consultation with the Debtors.

c.    <u>Mediator Contact</u>.  Once a specific mediator has been selected and notice of such selection has been conveyed to the Parties, the mediator or its designee shall contact the Parties to schedule the initial mediation date.

d.    <u>Mediation Sites</u>.  All mediation proceedings will take place in New York, New York, unless agreed to by the Parties and the mediator.

e.    <u>Mediation Briefs</u>.  Any party to a Mediation may submit a Mediation Brief, with service upon the other Parties to the Mediation and upon the Creditors' Committee unless the Mediator has affirmatively required the Parties to serve Mediation Briefs upon each other, the Mediator, and the Creditors' Committee.  Any such Mediation Brief shall be served and filed in accordance with the briefing schedule established by the Mediator.  No Mediation Brief shall be filed with the Court.

f.    <u>Appearance at Mediations</u>.  Pursuant to paragraph 3.2 of the Standing Order, all participants in the mediation for the applicable SPV Derivatives ADR Dispute, must appear in person with a person who has complete authority to negotiate all disputed amounts and issues such that its decisions bind that party.  The Authorized Designee of the SPV Derivatives Counterparty must appear in person at the mediation.  Any willful failure to comply with this requirement in good faith may result in

the imposition of Sanctions, as provided below.    The Creditors'
Committee may attend and participate in all mediations hereunder.
Counsel may also be present and participate.

g.    End of Mediation.  The mediation shall end upon request of a party and
concurrence by the mediator.

## **OTHER PROVISIONS**

11.    Deadlines.  Notwithstanding any of the provisions set forth above, any of
the deadlines contained herein may be modified by:  (i) the mutual consent of the Parties; or
(ii) the Bankruptcy Court, for cause shown.

12.    Sanctions for Parties.  Each Debtor and SPV Derivatives Counterparty (or,
where also served with the SPV Derivatives ADR Package at such Debtor's election, the SPV
Trustee, Noteholder, and Advisor) must participate in good faith with these SPV Derivatives
ADR Procedures with regard to the SPV Derivatives ADR Disputes specified in the applicable
SPV Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that a party
has not complied with the SPV Derivatives ADR Procedures in good faith in connection with
any SPV Derivatives ADR Dispute, such party may be subject to such Sanctions as the Court
deems appropriate (the "Sanctions").  If a mediator reports to the Court that any party subject to
this Order is not cooperating in good faith with the SPV Derivatives ADR Procedures, the Court
may, without the need for further motion by any party, schedule a hearing and order Sanctions.
In ordering Sanctions, the Court shall take into consideration, among other factors, whether for
such SPV Derivatives Transaction the assets (or proceeds from the liquidation of such assets)
have been distributed, the existing assets of the SPV Derivatives Counterparty, and whether any
Noteholder is actively involved in the SPV Derivatives ADR Dispute.  Litigation with respect to

the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions may include, but are not limited to:

    a.    <u>Against Debtors</u>:  (i) attorneys' fees incurred with respect to the SPV Derivatives ADR Procedures after the receipt of the SPV Derivatives ADR Package; (ii) fees and costs of the Mediator; (iii) termination of the SPV Derivatives ADR Procedures as to one or more SPV Derivatives Transactions; and/or (iv) dismissing some or all claims asserted by Debtors in the applicable SPV Derivatives ADR Dispute.

    b.    <u>Against SPV Derivatives Counterparties, SPV Trustees, Noteholders, or Advisors</u>:  (i) attorneys' fees incurred by the Debtors with respect to the SPV Derivatives ADR Procedures after the sending of a Derivatives ADR Package; (ii) fees and costs of the Mediator; (iii) an award in the SPV Derivatives ADR Dispute in the amount specified in the SPV Derivatives ADR Notice; and/or (iv) an entry of a judgment for the Debtor in the related Action.

    c.    <u>Confidentiality of Sanctions Process</u>:  Notwithstanding the confidentiality provisions contained in paragraph 13 of this Order, a motion requesting Sanctions made to the Court may identify the Parties to the subject SPV Derivatives ADR Dispute and describe the conduct giving rise to the request for Sanctions and entitling the moving party to relief, but shall not include any description of any negotiations regarding the SPV Derivatives

ADR Dispute that are deemed confidential under the Standing Order, this

Order, or any other order of the Court.

13.    <u>Confidentiality</u>.    The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.    No oral or written

statements or arguments made or positions taken by the mediator, the applicable Debtors, SPV

Derivatives Counterparties, SPV Trustees, Noteholders, Authorized Designees, Advisors, or the

Creditors' Committee during any part of the alternative dispute resolution process, including

Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such

Parties or their attorneys and advisors to the Court or any third party; *provided, however*, that

SPV Trustees may disclose such statements, arguments and positions as may become necessary

with their respective Noteholders and advisors subject to these same confidentiality provisions,

provided that such Noteholders and their advisors agree to maintain the confidentiality of any

such information received.    Similarly, all briefs, records, reports, and other documents received

or made by the mediator while serving in such capacity shall remain confidential and not be

provided to the Court, unless they would be otherwise admissible.    In addition, the mediator shall

not be compelled to disclose such records, reports, and other documents in connection with any

hearing held by the Court; *provided*, *however*, that consistent with the Derivatives ADR Order,

the mediator or a designee shall continue on a monthly basis to report to the Court the status of

the mediation efforts but shall not disclose the content thereof, which report shall include the

number of SPV Derivatives ADR Notices served on Derivatives Counterparties (including SPV

Derivatives Counterparties), the number of settlements reached after mediation, the number of

mediations still pending, the number of mediations that have terminated without settlement, and

the cumulative dollar amount of settlements reached with Derivatives Counterparties following

service of ADR Notices.  Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR Procedures including Settlement Conferences and the Mediation Stage.  Additionally, the economic terms, including any settlement amounts, of any particular settlement reached pursuant to the SPV Derivatives ADR Procedures shall be kept confidential, and such economic terms shall be redacted in any pleadings filed with the Court.

14.     <u>Jury Trial, Arbitration and Exclusive Foreign Forum Selection Rights Unaffected</u>.  Unless affirmatively waived, participation in the SPV Derivatives ADR Procedures shall not waive or otherwise modify the right to a jury trial, arbitration or exclusive foreign forum selection that otherwise may exist.  All Parties' rights and defenses to contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully preserved.

15.     <u>Fees</u>.  Except as otherwise provided herein, each party to the Mediation shall bear its own counsel fees and other costs of the SPV Derivatives ADR Procedures, including Mediation; *provided, however*, that (i) the Debtors shall pay the reasonable fees and costs charged by the Mediator unless otherwise ordered by the Court pursuant to the terms of this Order, and (ii) nothing contained herein shall be deemed to vary the terms of any SPV Derivatives Transaction in respect of the reimbursement of fees and expenses.

16.     <u>Binding Effect of Settlement</u>.  In the case of all settlements approved hereunder, so long as the SPV Derivatives Counterparty provides appropriate notice (pursuant to paragraph 5(c)(iii) above) of the settlement to registered holders of the notes or certificates, those beneficial holders known to it, and the SPV Trustee, the Order approving the settlement shall be binding upon all Noteholders and shall bar all Noteholders from taking any action against the Authorized Designee as a result of the settlement.

17.    <u>Service of the Notice of the Motion</u>.  Service of notice of the Motion by e-mail or facsimile, where service by mail is not feasible, in accordance with the provisions of the Motion, is good and sufficient notice of the Motion.

**SO ORDERED:**

Dated:  New York, New York
          March 3, 2011

                                    <u>  *s/ James M. Peck*                    </u>
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge

<u>Exhibit A</u>

**<u>Form of SPV Derivatives ADR Notice</u>**

SPV Derivatives ADR Notice No.: _____

<u>Debtor(s)</u>: _____          <u>SPV Derivatives Counterparty</u>: _____
                   Name(s)                                                                          Name(s)

                                            or

                                       <u>SPV Trustee</u>: _____
                                                            Name

<u>SPV Derivatives Transaction</u>: _____
_____
_____
_____

<u>Settlement Demand</u>:  $ _____

<u>Explanation of Basis for Settlement Demand</u>: _____
_____
_____
_____
_____
_____
_____

                                          <u>Date of SPV Derivatives ADR Notice</u>: _____

                                          <u>Date of Service</u>:                  _____

                                          <u>Response Due Date</u>:            _____

<u>Debtor Contact</u>:    [Name]
                        [Address]
                        Telephone Number: _____
                        Email: _____

<u>Exhibit B</u>

**<u>Form of Response to SPV Derivatives ADR Notice</u>**

<u>SPV Derivatives Counterparty</u>: _____
Name

or

<u>SPV Trustee with Authority</u>: _____
Name

<u>Response to SPV Derivatives ADR Notice No.</u>: _____

☐ Agree to Settlement Demand

☐ Denial of Settlement Demand              ☐ Counteroffer

<u>Counteroffer Amount</u>:  $_____

<u>Explanation of Basis for Counteroffer/Denial of Settlement Demand</u>:  _____
_____
_____
_____
_____
_____
_____
_____
_____

<u>Counterparty Contact</u>:  [Name]
                              Telephone Number:  _____
                              Email:  _____