**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the eighty-second omnibus objection to claims, dated January 13, 2011 (the "Eighty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative of Indenture Trustee Claims on the grounds that such claims are substantively duplicative of the corresponding Indenture Trustee Claims, all as more fully described in the Eighty-Second Omnibus Objection to Claims; and due and proper notice of the Eighty-Second Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Eighty-Second Omnibus Objection to Claims.

claimants listed on Exhibit A attached to the Eighty-Second Omnibus Objection to

Claims; and (vii) all other parties entitled to notice in accordance with the procedures set

forth in the second amended order entered on June 17, 2010 governing case management

and administrative procedures for these cases [Docket No. 9635]; and it appearing that no

other or further notice need be provided; and the Court having found and determined that

the relief sought in the Eighty-Second Omnibus Objection to Claims is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal

and factual bases set forth in the Eighty-Second Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Eighty-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed*

*and Expunged*" (collectively, the "Duplicative of Indenture Trustee Claims") are

disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors have withdrawn without prejudice the

Eighty-Second Omnibus Objection to Claims with respect to the claims listed on

Exhibit 2 annexed hereto; and it is further

ORDERED that the Debtors have adjourned to March 31, 2011 (or as may

be further adjourned by the Debtors) the Eighty-Second Omnibus Objection to Claims

with respect to the claims listed on Exhibit 3 annexed hereto; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the

heading "*Surviving Claims*" (collectively, the "Indenture Trustee Claims") will remain on

the claims register subject to the Debtors' right to further object as set forth herein; and it

is further

ORDERED that nothing in this Order or disallowance and expungement

of the Duplicative of Indenture Trustee Claims constitutes any admission or finding with

respect to the Indenture Trustee Claims, and the Debtors' rights to object to the Indenture

Trustee Claims on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to

the Eighty-Second Omnibus Objection to Claims under the heading "*Claims to be*

*Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the

Indenture Trustee Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: New York, New York
    March 3, 2011

                       *s/ James M. Peck*
                       Honorable James M. Peck
                       United States Bankruptcy Judge