Presentment Date and Time:  March 18, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  March 18, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed):  March 23, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re**                                                         :        **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                                  :
                                            **Debtors.**          :        **(Jointly Administered)**
                                                                  :
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF APPLICATION**
**OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE**
**BANKRUPTCY CODE AND RULE 2014(a) OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION**
**TO EMPLOY AND RETAIN LOCKE, LORD, BISSELL & LIDDELL LLP,**
**AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO JULY 1, 2010**

        **PLEASE TAKE NOTICE** that the undersigned will present the annexed

Application (the "Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated

debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together,

the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Rules"), to employ and retain Locke, Lord, Bissell & Liddell LLP as special counsel to

the Debtors *nunc pro tunc* to July 1, 2010, all as more fully described in the Application, to the

Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on

**March 18, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

    **PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any,

shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P.

Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region

2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn:  Tracy Hope Davis, Esq.,

Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley &

McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne,

Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of

Unsecured Creditors appointed in these cases; (v) Locke, Lord, Bissell & Liddell LLP, 2200

Ross Avenue, Suite 2200, Dallas, Texas 75201, Attn: Robert T. Mowrey, Esq., **so as to be so**

**filed and received by no later than March 18, 2011 at 11:00 a.m. (Prevailing Eastern Time)**

(the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **March 23, 2011 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408.  If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  March 4, 2011
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile. (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Presentment Date and Time:  March 18, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  March 18, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed):  March 23, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                         :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

**APPLICATION OF THE DEBTORS PURSUANT TO SECTION**
**327(e) OF THE BANKRUPTCY CODE AND RULE 2014(a) OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION**
**TO EMPLOY AND RETAIN LOCKE, LORD, BISSELL & LIDDELL LLP, AS**
**SPECIAL COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO JULY 1, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), file this application (the "Application")

and respectfully represent:

**Background**

       1.      Commencing on September 15, 2008, and periodically thereafter (as applicable,

the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order dated January 20, 2009, [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.    On January 25, 2011, the Debtors filed the first amended joint chapter 11 plan and disclosure statement [Docket Nos. 14150 and 14151].

## Jurisdiction

6.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

7.    Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a

leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients, and individuals worldwide.

8.      Additional information regarding the Debtors' businesses, capital structures, and

the circumstances leading to the commencement of these chapter 11 cases is contained in the

Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the

Southern District of New York in Support of First-Day Motions and Applications, filed on

September 15, 2008 [Docket No. 2].

## Relief Requested

9.      The Debtors request authorization, pursuant to section 327(e) of the Bankruptcy

Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for

the Southern District of New York (the "Local Rules"), to employ Locke Lord Bissell & Liddell

LLP ("LLBL") as special counsel to the Debtors *nunc pro tunc* to July 1, 2010, in order to

provide those legal services it has heretofore been providing as an "Ordinary Course

Professional" (as hereinafter defined below).  Specifically, LLBL has been engaged to perform

legal services for the Debtors including, but not limited to, representing LBHI in the prosecution

of matters in which LBHI has sued correspondent lenders for selling defective mortgage loans to

an affiliate of LBHI (the "Representative Matters").  LLBL has already been retained as an

Ordinary Course Professional and this application is solely intended to put in place a different

payment mechanism with respect to LLBL's charges.

## LLBL as Ordinary Course Professionals

10.     LLBL had previously been performing legal services on behalf of the Debtors as a

professional utilized in the ordinary course of business ("Ordinary Course Professional") in these

chapter 11 cases pursuant to this Court's Amended Order Pursuant to Sections 105(a), 327, 328,

and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the

Ordinary Course of Business, dated March 25, 2010 [Docket No. 7822] (the "Amended OCP Order"). In support of such retention, the Debtors filed the affidavit of Robert T. Mowrey with the Court on February 13, 2009 [Docket No. 2836].

11.     The Amended OCP Order outlines the procedures that all Ordinary Course Professionals must follow in order receive compensation and reimbursement of expenses for services provided to the Debtors.  The Amended OCP Order provides that "payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the 'Chapter 11 Period')" and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ."

12.     On August 18, 2010, the Debtors informed LLBL that as of June 1, 2010, it had accrued over the course of these chapter 11 cases, and the Debtors have paid, a total amount of $935,000 in fees and expenses.  Both the Debtors and LLBL anticipated that LLBL's fees incurred during the pendency of these cases would exceed the $1 million compensation cap for Ordinary Course Professionals during the Chapter 11 Period (the "OCP Cap").  LLBL has since determined upon its review and reconciliation of fees and expenses accrued thus far, that its fees and expenses for services performed on or after July 1, 2010 has reached and exceeded the OCP Cap and in accordance with the Amended OCP Order, LLBL proceeded with preparing the requisite materials for the filing of this Application.  The Debtors submit that LLBL provided necessary services and that such services are of value to the estate and all parties in interest and as such LLBL should be compensated by the Debtors for such services.  Accordingly, the

Debtors now seek to retain LLBL as special counsel in accordance with the Amended OCP

Order and pursuant to section 327(e) of the Bankruptcy Code, the purpose of which is to simply

put in place a different mechanism for the processing of its charges.

### Scope of Services to be Provided

13.    Subject to further order of this Court, it is proposed that LLBL be employed to

continue to advise the Debtors in connection with the Representative Matters.

14.    Furthermore, the Debtors request that LLBL's retention be made effective *nunc

pro tunc* to July 1, 2010, to ensure that LLBL is compensated for all of its services to the Debtors

which provided value to the Debtors' estates.  Since July 1, 2010, LLBL has been actively

engaged in providing legal services to certain Debtor and non-Debtor affiliates, including

representing LBHI in approximately 15 litigations in connection with the Representative

Matters; lawsuits which were filed by LBHI in these matters to preserve the value of its assets

for the benefit of its creditors.  As described more fully in the Declaration of Robert T. Mowrey

in Support of the Application of the Debtors for Authorization to Employ and Retain Locke Lord

Bissell & Liddell LLP as Special Counsel to the Debtors (the "Mowrey Declaration"), sworn to

on March 3, 2011, a copy of which is attached hereto as Exhibit A, once LLBL was cognizant

that it's fees and expenses in these chapter 11 cases would exceed the OCP Cap, LLBL began

diligently preparing these application materials and performing the conflicts checks necessary to

make the disclosures required by the Bankruptcy Rules.  However, due to the extraordinary size

of the Debtors' cases, the vast number of potentially interested parties, and time taken to

reconcile and ensure the fees and expenses accrued thus far are appropriately allocated among

Debtor and non-Debtor entities, the Debtors have been informed that it has taken LLBL until the

date hereof to complete its conflicts checks and prepare these application materials.  *See Mowrey*

*Declaration* ¶ 10.  During this process LLBL has continued to provide valuable and uninterrupted services to the Debtors as court approved retained professionals and as set forth more fully in the Mowrey Declaration, LLBL has several unpaid invoices, totaling approximately $922,421.03 for the period commencing July 1, 2010 through January 2011.

15.    The complex, global nature of these chapter 11 cases and the need for professionals often times to provide immediate services in exigent circumstances has warranted retroactive approval of professional retentions.  Indeed, this Court has granted *nunc pro tunc* approval of the retention of at least twenty-nine other professionals in these cases.[1]  Based on the foregoing, retroactive approval of LLBL's retention is warranted in these circumstances, the purpose of which is to simply put in place a different mechanism for the processing of its charges.  *See In re Anthony Stylianou*, 2010 Bankr. Lexis 3193 at *15 (Bankr. S.D.N.Y. 2010) (stating the "determination as to whether the *nunc pro tunc* appointment is appropriate is in

---

[1] [Docket No. 4711] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 4927] (approving *nunc pro tunc* appointment dating approximately 24 days prior), [Docket No. 1659] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 7824] (approving *nunc pro tunc* appointment dating approximately 1 year and 4 months prior), [Docket No. 9724] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 5305] (approving *nunc pro tunc* appointment dating approximately 11 months prior), [Docket No. 2547] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 9857] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 5037] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 3072] (approving *nunc pro tunc* appointment dating approximately 2 months), [Docket No. 2925] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 6808] (approving *nunc pro tunc* appointment dating approximately 3 weeks prior), [Docket No. 7825] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 2275] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 2309] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 12204] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10647] (approving *nunc pro tunc* appointment dating approximately 6 months prior), [Docket No. 7044] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 4009] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10677] (approving *nunc pro tunc* appointment dating approximately 5 months prior), [Docket No. 11499] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 2680] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10949] (approving *nunc pro tunc* appointment dating approximately 7 months prior), [Docket No. 1658] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 8846] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 1660] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 4926] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 12406] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 12497] (approving *nunc pro tunc* appointment dating approximately 1 month prior).

essence an equitable one, taking into account all relevant circumstances surrounding the party's

omission."); *In re Motors Liquidation Company*¸ 2010 Bankr. Lexis 2367 at *28 (Bankr.

S.D.N.Y. 2010) (stating that in "exercising its discretion regarding the existence of

'extraordinary circumstances,' a bankruptcy court considers factors such as . . . whether the

applicant was under time pressure to begin service without approval"); *see also In re Hasset,

Ltd.*, 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002) (approving *nunc pro tunc* retention and

recognizing that "*nunc pro tunc* applications are disfavored in this Circuit but have been

permitted when the attorney performs services of 'value' to the estate" (internal citations

omitted)); *In re Piecuil*, 145 B.R. 777, 779 (Bankr. W.D.N.Y. 1992) (stating that "'it is not

unreasonable . . . for the court, in its carefully exercised discretion, to utilize *nunc pro tunc*

orders' . . . where the failure to make timely application has been explained and no violation of

underlying policy has occurred." (internal citations omitted)).

### Professional Compensation

16.    The Debtors propose to pay LLBL its customary hourly rates for services

rendered that are in effect from time to time, as set forth in the Mowrey Declaration, and to

reimburse LLBL for reasonable expenses according to its customary reimbursement policies, in

accordance with sections 330 and 331 of the Bankruptcy Code, and respectfully submit that such

rates are reasonable.

17.    LLBL has further informed the Debtors that the current hourly billing rates for

LLBL professionals expected to spend significant time on the Representative Matters range from

$425.00 to $705.00 for partners, $245.00 to $20.00 for associates, and $185.00 to $250.00 for other professionals.[2]

18.    All of LLBL's fees and expenses incurred during these chapter 11 cases on or after July 1, 2010, will be subject to approval of the Court upon proper application by LLBL in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgate by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and this Court's Order Appointing Fee Committee and Approving Fee Protocol dated May 26, 2009 [Docket No. 3651].

## Basis for Relief

19.    The Debtors' knowledge, information, and belief regarding the matters set forth in this Application are based on and made in reliance upon the Mowrey Declaration.

20.    The retention of LLBL under the terms described herein is appropriate under Bankruptcy Code sections 327(e) and 1107(b).  Section 327(e) provides for the appointment of special counsel where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matter(s) that will be handled by counsel.  Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

---

[2]  The Debtors have been informed that these are LLBL's standard hourly rates to which it gives LBHI a 7% discount.  LLBL has also informed the Debtors that such hourly rates may change from time to time in accordance with LLBL's established billing practices and procedures.

11 U.S.C. § 327(e). Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

21.     Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original); *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994). As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to LLBL, which has already been retained as an Ordinary Course Professional, and that, therefore, its retention, which is solely intended to put in place a different payment mechanism with respect to their charges, should be approved under section 327(e) of the Bankruptcy Code.

### The Employment and Retention of LLBL is in the Best Interests of the Estates

22.     As described more fully in the Mowrey Declaration, LLBL has represented LBHI or its affiliates for over five (5) years. As discussed above, the Debtors retained LLBL with respect to the Representative Matters as of August 2008 pursuant to the procedures set forth in the Amended OCP Order and LLBL continues to work on most of these matters. As a result, the

LLBL attorneys who have been engaged to represent Lehman are intimately familiar with, among other things, the following:

- Pertinent loan documents;

- The applicable loan purchase agreements and seller's guides;

- Pleadings, motions, discovery, and legal issues and analyses involved in this type of litigation;

- Defenses loan originators raise to defend this type of litigation; and

- Working with LBHI and its affiliates in litigation and settlement strategy.

23.    The Debtors believes that the continued employment of LLBL as special counsel for the Debtors will enable the Debtors to avoid the unnecessary expense otherwise attendant to having another law firm familiarize itself with the matters described above. To remove LLBL at this point would be disruptive to LBHI with respect to these matters. For these reasons, the Debtors submit that the continued employment of LLBL is in the best interests of LBHI, its estate, and its creditors.

**LLBL Holds No Interest Adverse to the Debtors or
Their Estates With Respect to the Representative Matters**

24.    To the best of the Debtor's knowledge, information and belief, and except as may be set forth in the Mowrey Declaration, LLBL does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters as to which LLBL is to be employed.

25.    As described in the Mowrey Declaration, LLBL is involved in certain matters involving certain creditors and other parties in interest; however, said matters are unrelated to the Representative Matters for which LLBL has been retained by the Debtors. *See In re AroChem*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention). The Debtors have been informed that LLBL will conduct an ongoing review of its files to ensure that

13

no disqualifying circumstances arise and, if any new relevant facts or relationships are

discovered, LLBL will supplement its disclosure to the Court.

26.     In LLBL's initial Ordinary Course Professional retention documents it

represented that the Debtors owe it approximately $40,000 in prepetition fees and expenses for

services LLBL rendered unrelated to these chapter 11 cases.  However, as discussed in the

Mowrey Declaration, LLBL has informed the Debtors that in preparation of this application it

has become aware that the Debtors owe it approximately $5,178.66[3] in unpaid fees and expenses

for prepetition services and the remaining balance of $29,036.29 was properly due and owing

and accordingly paid by Aurora Loan Services LLC, a non-Debtor, which first retained LLBL in

or around 2006 to recover losses incurred in mortgage loans that turned out to be defective.  *See*

*Mowrey Declaration* ¶ 28.

27.     As a result of the $5,178.66 the Debtors owe LLBL in prepetition fees and

expenses, LLBL is, a prepetition creditor of the Debtors.[4]  However, LLBL's status as a

prepetition creditor of the Debtors should not be an impediment to its retention by LBHI under

section 327(e) of the Bankruptcy Code.  *See* Collier on Bankruptcy, ¶ 327.04[9][d] at 327-63 -

327-64 (15th ed. 2008) ("the disinterested test of section 327(a) does not apply to section 327(e)

because the attorney may, in fact, be a creditor of the debtor for fees related to such prepetition

representation of the debtor"); *see also* 11 U.S.C. § 1107(b); *In re DeVlieg, Inc.,* 174 B.R. at 503

(holding that proposed attorney due outstanding prepetition fees did not hold interest adverse to

---

[3]   The Debtors inadvertently paid LLBL the prepetition amounts owed of $5,178.66.  Rather than refund that
amount to the Debtors, LLBL will apply it against the approximately $900,000 in post-petition fees and expenses
that are due and owing to it by the Debtors.

[4] LLBL has informed the Debtors that it is also owed amounts by certain non-debtor affiliates for services rendered
to those entities. LLBL anticipates that it will receive payment from those entities for such services.

the debtor or its estate for the matters for which it was to be retained under the "more relaxed

conflict-of-interest standard" of section 327(e)).

28.     Based on the foregoing and the disclosures set forth in the Mowrey Declaration,

the Debtors submit that LLBL does not hold or represent any interest adverse to the Debtors or

the Debtors' estates with respect to the matters for which LLBL is to be employed.

## LLBL Will Not Conduct the Debtors' Bankruptcy Case

29.     By separate applications, the Debtors have sought and obtained the Court's

approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy

counsel [Docket No. 1660], and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel

[Docket No. 1659].  By contrast, LLBL's post-petition work is comprised of, among other

things, the Representative Matters.  None of these matters involve the conduct of the bankruptcy

cases themselves.  Additionally, because LLBL is not serving as the Debtors' general bankruptcy

counsel, the Debtors believe that LLBL has not rendered "services . . . in contemplation of or in

connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.

Accordingly, the services rendered and functions to be performed by LLBL will not be

duplicative of any bankruptcy-related work performed by other law firms retained by the

Debtors.  Furthermore, LLBL will coordinate with the Debtors' other professionals to ensure that

its services are, to the maximum extent possible, complimentary to other professionals' services.

30.     As described above, the Debtors' proposed retention of LLBL as special counsel

to the Debtors falls squarely within the scope of and purpose for which Congress enacted section

327(e).  As stated above, the Debtors do not believe that LLBL holds or represents any interest

adverse to the Debtors or their estates with respect to the matters for which LLBL is proposed to

be retained.  Accordingly, the Debtors submit that the retention of LLBL with respect to the

Representative Matters is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

### **Notice**

31.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Application in accordance with the procedures set forth in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Locke Lord Bissell & Liddell LLP; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

32.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
      March 4, 2011

                     /s/ Richard P. Krasnow
                     Richard P. Krasnow
                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York 10153
                     Telephone: (212) 310-8000
                     Facsimile: (212) 310-8007

                     Attorneys for Debtors
                     and Debtors in Possession

**<u>EXHIBIT A</u>**

**Mowrey Declaration**

LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Ave., Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
                                               :
**In re**                                      :    **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :    **08-13555 (JMP)**
                                               :
                              **Debtors.**     :    **(Jointly Administered)**
                                               :
--------------------------------------------------------------x

## DECLARATION OF ROBERT T. MOWREY IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR AUTHORIZATION TO EMPLOY AND RETAIN LOCKE LORD BISSELL & LIDDELL LLP AS SPECIAL COUNSEL TO THE DEBTORS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Robert T. Mowrey hereby declares as follows:

1.       I am a member of the Bar of the State of Texas and the firm of Locke Lord Bissell

& Liddell LLP ("LLBL" or the "Firm").

2.       I submit this Declaration (the "Declaration") in support of the application, dated

March 4, 2011 (the "Application"),[1] filed by Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated Debtors (together, the "Debtors") in the above-referenced jointly administered chapter

11 cases. The Application seeks authorization *nunc pro tunc* to July 1, 2010 to employ LLBL as

special counsel for certain non-bankruptcy related postpetition matters and authorization *nunc*

---

[1] Any capitalized term not defined herein shall have the meaning given to it in the Application.

*pro tunc* to continue to pay the fees and expenses of LLBL in connection with related prepetition matters. All facts set forth in this Declaration are based upon information from, and discussions I or other LLBL personnel reporting to me have had with certain of my colleagues. The facts herein are also based on a review performed by the persons within LLBL responsible for maintaining records of our representations, with the assistance of attorneys at LLBL, of the list of major creditors involved with these proceedings that Weil, Gotshal & Manges LLP ("WGM") provided to LLBL, the Debtors' general bankruptcy counsel, on August 27, 2010, (the "Master Conflicts Checklist"), setting forth certain of the creditors and other parties in interest (collectively, the "Interested Parties") of the Debtors in the above-referenced chapter 11 cases. Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of LLBL.

### Services Performed by LLBL

3.      The Debtors seek to retain LLBL as special counsel pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to July 1, 2010, to perform legal services in connection with the matters set forth below.

4.      Aurora Loan Services LLC ("Aurora") first retained LLBL in or around 2006 to recover losses incurred in mortgage loans that turned out to be defective. By way of background, LBHI's subsidiary Lehman Brothers Bank, FSB ("LBB") purchased mortgage loans on the secondary mortgage market from loan originators and their affiliates who, in connection with those sales, made certain representations and warranties about the quality of the loans. LBB then sold the loans to LBHI. LBHI securitized many of the loans. Those that could not be securitized because, for example, the loan was already in default, were held in LBHI's inventory and, if possible, resold. Aurora was the servicer, master servicer, and/or loan administrator for many of the loans. When Aurora discovered that there was a breach of the representations and warranties

pursuant to which LBB purchased the loans, Aurora, either through in-house or outside counsel, demanded that the sellers repurchase the loans or, if the loans were already liquidated, that the sellers indemnify the loss holders. LLBL had served as Aurora's outside counsel for that purpose. LLBL has also represented LBB and Aurora in the aforementioned loss recovery actions when parties have filed claims against them.

5.    Before the Commencement Date, LBHI retained LLBL to represent it in similar loss recovery efforts. After the Commencement Date, LLBL filed an application to represent LBHI as Ordinary Course Professionals, which the Court approved. Pursuant to the Amended OCP Order, payment to Ordinary Course Professionals shall not exceed $1 million for the Chapter 11 Period and should an Ordinary Course Professional's fees and expenses incurred exceed the aforesaid cap, it shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. LLBL therefore requests approval of the Application for these matters.

6.    LLBL has extensive knowledge and experience in representing LBHI and other LBHI affiliates in various matters, primarily matters that are the subject of the Application as further described herein. The Firm has significant experience in the prosecution of loss recovery actions. LLBL currently or previously represented LBHI in some capacity in the following matters:

- *Lehman Brothers Holdings Inc. v. 1st New England Mortgage Corp. d/b/a Aberdeen Mortgage and FNE Mortgage*, Civil Action No. 09-cv-11082-GAO, In the U.S. District Court for the District of Massachusetts, Eastern Division;

- *Lehman Brothers Holdings Inc. v. AmericaHomeKey, Inc.*, Civil Action No. 3:09-cv-1961, In the U.S. District Court for the Northern District of Texas, Dallas Division;

- *Lehman Brothers Holdings Inc. v. AmTrust Mortgage Corp.*, Civil Action No. 09-cv-1597-CAP, In the U.S. District Court for the Northern District of Georgia, Atlanta Division;

- *Lehman Brothers Holdings Inc. v. BayRock Mortgage Corp.*, Civil Action No. 1:09-CV-2798, In the U.S. District Court for the Northern District of Georgia, Atlanta Division;

- *Lehman Brothers Holdings Inc. v. Cornerstone Mortgage Co.*, Civil Action No. 4:09-cv-672, In the U.S. District Court for the Southern District of Texas, Houston Division;

- *Aurora Loan Services LLC f/k/a Aurora Loan Services Inc.; Lehman Brothers Holdings, Inc. v. Dream House Mortgage*, Civil Action No. 1:07-cv-00441-ML-DLM, In the U.S. District Court for the District of Rhode Island.

- *Lehman Brothers Holdings Inc. v. Eagle Home Mortgage, LLC f/k/a Eagle Home Mortgage, Inc.*, Civil Action No. 2:09-cv-01564-PHX-ROS, In the U.S. District Court for the District of Arizona, Phoenix Division;

- *Lehman Brothers Holdings Inc. v. Evergreen Moneysource Mortgage Company.*, Civil Action No. 2:10-cv-00172-JLR, In the U.S. District Court for the Western District of Washington;

- *Lehman Brothers Holdings Inc. v. Fairmont Funding, Ltd.*, Index No. 10-600516, In the Supreme Court of the State of New York, County of New York;

- *In re First Financial Lender*, Civil Action No. 10-55096-SLJ-7, In the U.S. Bankruptcy Court for the Northern District of California, San Jose Division.

- *Lehman Brothers Holdings Inc. v. First Guaranty Financial Corp.*, Case No. SACV09-435 AG (MLGx), In the U.S. District Court for the Central District of California, Southern Division;

- *Lehman Brothers Holdings Inc. v. Gateway Mortgage Group, LLC*, Cause No. 2009-14621, In the 334th Judicial District Court of Harris County, Texas;

- *Lehman Brothers Holdings Inc. v. Griffin Mortgage Corp.* - LLBL had a very limited role with respect to this case.

- *Lehman Brothers Holdings Inc. v. Lincoln Mortgage Co.*, Case No. 1:09-cv-03254-JEI-JS, In the U.S. District Court for the District of New Jersey;

- *Lehman Brothers Holdings Inc. v. Loan Network, LLC*, Case No. 2:09-cv-01026-TSZ, In the U.S. District Court for the Western District of Washington;

- *Lehman Brothers Holdings Inc. v. Network Funding, LP*, Cause No. 2009-14363, In the U.S. 165th Judicial District Court of Harris County, Texas;

- *Lehman Brothers Holdings Inc. v. Pine State Mortgage Corp.*, Civil Action No. 1:09-CV-1596 RWS, In the U.S. District Court for the Northern District of Georgia, Atlanta Division;

- *Lehman Brothers Holdings Inc. v. Primary Capital Advisors, LC*, Civil Action No. 1:09-cv-03092-RLV, In the U.S. District Court for the Northern District of Georgia, Atlanta Division;

- *In re: Realty Mortgage Corp.*, Case No. 09-00544-NPO, In the U.S. Bankruptcy Court for the Southern District of Mississippi;

- *Lehman Brothers Holdings Inc. v. Residential Home Funding Corp.*, Index No. 09-602842, In the Supreme Court of the State of New York, County of New York;

- *Lehman Brothers Holdings Inc. v. Resource Mortgage Banking, Ltd. d/b/a Covino & Company and Luxmac Home Mortgage;*

- *Lehman Brothers Holdings Inc. v. Texas Capital Bank, NA*, Civil Action No. 3:09-cv-438, In the U.S. District Court for the Northern District of Texas, Dallas Division;

- *In re Triumph Lending, Inc.*, Civil Action No. 1:10-bk-14779-KT, In the U.S. District Court for the Central District of California, San Fernando Valley Division;

- *Lehman Brothers Holdings Inc. v. Wall Street Mortgage Bankers, Ltd. d/b/a Power Express*, Index No. 09-603021, In the Supreme Court of the State of New York, County of New York;

- *Lehman Brothers Holdings Inc. v. United Northern Mortgage Bankers Limited.*

(Collectively, the "Representative Matters").

7.    LLBL is qualified and well situated to litigate these loss recovery efforts. In its role representing Aurora, LBB, and LBHI over the years, LLBL has become intimately familiar with, among other things, the following:

- Pertinent loan documents;

- The applicable loan purchase agreements and seller's guides;

- Pleadings, motions, discovery, and legal issues and analyses involved in this type of litigation;

- Defenses loan originators raise to defend this type of litigation; and

- Working with LBHI and its affiliates in litigation and settlement strategy.

8.     By retaining LLBL, LLBL believes Debtors can recover significant sums of money for the estate in a cost-effective, efficient, and effective manner.

9.     In connection with certain of the Representative Matters, LLBL has represented, or may in the future represent, among others, the following non-debtor affiliates of the Debtors, in addition to other non-debtor entities that the Debtors may request services from time to time: Aurora Bank, FSB f/k/a Lehman Brothers Bank, FSB and Aurora Loan Services LLC.

10.     On or about July 1, 2010, LLBL represented LBHI in approximately fifteen or more Representative Matters and had previously represented LBHI on other Representative Matters.  LLBL continued to provide valuable services to the Debtors after July 1, 2010. Specifically, LLBL had to continue to litigate the pending lawsuits, serve and respond to discovery, file and respond to motions, take depositions, and attend to other daily issues related to managing the litigation associated with the Representative Matters.  Upon learning that its fees and expenses submitted to Debtors would exceed the OCP Cap, LLBL immediately began to reconcile all invoices concerning the Representative Matters to ensure that the fees and expenses had in fact exceeded the OCP Cap and to begin working on conflict related issues.  With so many lawsuits to account for, this process proved time consuming and delayed the Application's completion.  At the same time, LLBL began to prepare all materials, including this Declaration, necessary for the Application.  With the size of LLBL, the number of clients of LLBL, and the extraordinary number of parties potentially interested in the bankruptcy, an extensive and time consuming conflicts check further significantly delayed the Application's completion. LLBL began to conduct this conflicts check after learning that its total fees and expenses submitted to Debtors would exceed the OCP Cap.  This multi-step conflicts check first involved research of

LLBL's client database over the past two (2) years for any connection between LLBL and the Interested Parties. The large number of clients in LLBL's client database coupled with the large number of Interested Parties significantly prolonged this initial research. Upon completion of this first step, LLBL then identified the nature of the connection between LLBL and the Interested Parties, and the Interested Parties' corresponding relationship to the Debtors. This step involved discussions between myself and/or other LLBL personnel reporting to me and those attorneys and personnel involved in representing the Interested Parties to determine the exact nature of the connection between the Interested Parties and LLBL and the Interested Parties' relationship to the Debtors. The Interested Parties' relationship to the Debtors and connection to LLBL are set forth herein and/or in Schedules 1, 2, 3, and 4 attached hereto. Finally, I asked all LLBL personnel to identify, and provide detailed information concerning, any connections they had with the Interested Parties over the past two (2) years. Such a thorough conflicts check necessarily took many months and involved the coordination of, and communication among, a wide range of LLBL personnel. Based on the foregoing extraordinary circumstances and the need for continued services concerning the Representative Matters, LLBL requests that this Application be effective *nunc pro tunc* to July 1, 2010.

11.    WGM represents the Debtors in connection with the financial restructuring of the Debtors and bankruptcy-specific issues. Because LLBL is not serving as the Debtors' bankruptcy counsel, it is my view that LLBL has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code. LLBL's post-petition work has heretofore been and hereafter will be comprised of continuing to represent Debtors solely in connection with the Representative Matters. None of such matters involve the conduct of the bankruptcy cases themselves. Accordingly, the services rendered and

7

functions to be performed by LLBL will not be duplicative of any bankruptcy-related work performed by WGM or any of the other law firms retained by the Debtors. As a result of the foregoing, I believe that LLBL is qualified to represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code.

### "Connections" of LLBL

12.     To check and clear potential conflicts of interest in these cases, as well as to determine all "connections"[2] to the Debtors and their creditors, LLBL researched its client database for the past two (2) years to determine whether it had any relationships with the Interested Parties. To the extent that LLBL's research of its relationships with the Interested Parties indicates that LLBL has represented in the past two years, or currently represents, any of these entities, the identities of these entities and such entities' relationship to the Debtors and connection to LLBL are set forth herein and/or in Schedules 1, 2, 3, and 4 attached hereto. Attached hereto and incorporated by reference as Schedule 1 is a list of entities or individuals which are interested parties in the Debtors' bankruptcy and have currently or formerly employed LLBL, but not in matters related to Debtors in the bankruptcy. Attached hereto and incorporated by reference as Schedule 2 is a list of entities or individuals which currently or have formerly employed LLBL in matters related to Debtors. Attached hereto and incorporated by reference as Schedule 3 is a list of LBHI-related entities or individuals which currently or have formerly employed LLBL in matters unrelated to the Debtors' bankruptcy. Attached hereto and incorporated by reference as Schedule 4 is a list of entities or individuals which currently or have formerly employed LLBL in matters adverse to Debtors in the Debtors' bankruptcy. And to the

---

[2] To the best of my knowledge, neither the term "connection" as used in Bankruptcy Rule 2014 nor the proper scope of a professional's search for "connections" has been completely defined, and I am therefore required to exercise some degree of professional judgment in applying that term to the facts of which I am aware, as well as in defining the scope of how to search for such facts. Out of an abundance of caution, I may be disclosing items that are not, in my judgment, disqualifying or problematic under either the Bankruptcy Code or applicable standards of professional ethics.

best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor LLBL, nor any partner or associate thereof, **has any connection with the Debtors,** their creditors, the U.S. Trustee or any other parties with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth herein and/or in Schedules 1, 2, 3, and 4 attached hereto.

13.     LLBL currently represents LBHI, and certain non-debtor affiliates of LBHI in civil litigation matters that were pending at the Commencement Date and/or were or will be filed after the Commencement Date as set forth herein or in Schedule 3.

14.     LLBL currently represents clients that, according to the Debtors' Master Conflicts Checklist, have connections to the Debtors (the "Connected Entities"). LLBL does not, however, to the best of my knowledge, represent the Connected Entities in matters related to the Representative Matters. LLBL expects to continue to represent the Connected Entities set forth in Schedules 1, 2, 3, and 4 in their current matters within the limits of section 327(e) of the Bankruptcy Code.

15.     To ensure that all client confidences are protected, LLBL has set up and maintains a screening wall between those attorneys, such as myself, who are working on Representative Matters, and those attorneys who are working on the matters for the non-Debtor parties reflected in Schedules 2 and 4, respectively, which currently or have formerly employed LLBL in matters related to the Debtors, but unrelated to the jointly administered chapter 11 cases or which are currently working on matters adverse to Debtors in the Debtors' jointly administered chapter 11 cases. LLBL has established procedures to ensure that the attorneys working on the Representative Matters will not disclose to any clients listed in Schedules 2 and 4 any information concerning LBHI that has been identified to the Firm as confidential or proprietary

or that LLBL should reasonably believe to be confidential or proprietary. In addition, LLBL has implemented procedures to ensure that no information concerning LBHI will be used without LBHI's prior written consent. Lastly, LLBL has implemented procedures to ensure that all files (both physical and electronic) are kept separate. Notice of these screening procedures has been sent to all of LLBL's attorneys who are working on the Representative Matters and those attorneys who are working on matters for the non-Debtor parties reflected in Schedules 2 and 4, respectively.

16.    LLBL also may represent from time to time other clients that are co-defendants with one or more of the Debtors, but I do not believe that there is any adversity between such co-defendants and the Debtors.

17.    In addition, LLBL may have represented, may currently represent, or may in the future represent, a borrower, issuer of securities, financial advisor, underwriter of securities, banks in multibank transactions in which the Debtor is a lending bank or other client financing transactions, merger and acquisition transactions, litigation or arbitration matters, bankruptcy matters or other matters unrelated to Representative Matters in which one or more parties in interest (or an affiliate) or a professional involved in these cases, including, but not limited to those listed on the Master Conflicts Checklist, happens to be involved.

18.    LLBL may also represent, in matters unrelated to the Representative Matters, competitors of the Debtors.

19.    I do not understand Bankruptcy Rule 2014(a) or other applicable law to require disclosure of each present or future engagement LLBL receives from a party in interest as long as it is unrelated to the Representative Matters. LLBL intends to accept engagements from other parties in interest (whether existing or new clients). As described above, LLBL has undertaken a

detailed search to determine whether it represents, or has represented in the last two (2) years, any of the Interested Parties listed on the Master Conflicts Checklist, and the identities of such entities and such entities' relationship to the Debtors and connection to LLBL is set forth in the Schedules 1, 2, 3, and 4 attached hereto. LLBL, however, does not and will not represent any of the Interested Parties with respect to the matters for which LLBL is being retained hereunder.

20.     To the best of my knowledge, LLBL does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Representative Matters.

21.     The Debtors are a large global enterprise with thousands of parties in interest. LLBL (a) may from time to time have represented, (b) may currently represent, and (c) may in the future represent many entities that are parties in interest in these cases in matters unrelated to the Representative Matters.

22.     I understand that the Debtors will retain various professionals during the pendency of these cases to aid in the prosecution of the Debtors chapter 11 cases. I have been advised that the Debtors have retained, among others, the following professionals: WGM, as general bankruptcy counsel, Curtis, Mallet-Prevost, Colt & Mosle LLP, as conflicts counsel, and Alvarez & Marsal North America, LLC, as restructuring advisor. Over the past years, attorneys at LLBL may have worked with certain of these professionals on various matters, representing either the same parties, parties with similar interests or parties with adverse interests.

23.     In addition, during the course of the Debtors' chapter 11 cases, the Debtors may retain additional or different professionals, not all of which are or can currently be identified. Further, the Master Conflicts Checklist does not disclose the identities of all of the various professionals that have been retained, or are being considered for retention by the various parties in interest. Therefore, we are unable to determine if LLBL has a client or other relationship with

such unidentified advisors or their affiliates. However, we believe it likely that many of the professionals who may appear in these cases are trustees, witnesses, advisors or counsel, as the case may be, in transactions or cases in which LLBL also represents a client. LLBL may retain various such professionals or affiliates thereof to provide forensic, litigation support and financial advisory services to LLBL or LLBL's clients in a variety of past, present or future engagements. Current employees at LLBL may be former employees of, or related to employees of, one or more of the other professionals in this case. In addition, attorneys at LLBL belong to professional organizations to which other professionals who may appear in these cases may also belong.

24.     Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because the Debtors are a large enterprise with many creditors and other relationships, LLBL is unable to state with certainty that every client connection of LLBL has been disclosed. In this regard, if LLBL discovers additional information that requires disclosure, LLBL will file supplemental disclosures with the Court.

## Securities Ownership

25.     Certain individual attorneys at LLBL may own or have beneficial interests in trusts owning shares in the Debtors and securities of related entities, and may own shares in other parties in interest.

26.     LLBL notes, however, that a large number of the Debtors' debt and equity securities are held by various mutual funds, trusts and portfolios, and accounts that are managed by various advisors. LLBL does not know the ultimate beneficial owners of the funds, although it is believed they are widely held. Similarly, many of the Debtors' securities are registered in the name of Depository Trust Company or its nominee, and securities entitlements to such

securities are held through securities accounts maintained by brokers, investment advisors and other securities intermediaries. The ultimate owners of the securities entitlements are unknown to LLBL, except for those reported on the Master Conflicts Checklist. It is possible that some of such holders may be clients of LLBL.

### Various Commercial Relationships with Parties in Interest

27.     Some attorneys at or employees of LLBL may receive services from the Debtors, other parties in interest or professionals involved in these cases. Attorneys or other employees at LLBL or their spouses or relatives may have beneficial ownership of securities issued by banking, insurance, brokerage or money management relationships with other parties in interest. Attorneys at LLBL may have relatives or spouses who are members of professional firms involved in these cases or employed by parties in interest. We have conducted no investigation of our colleagues' banking, insurance, brokerage, or investment activities or familial connections in preparing this Declaration.

### Amounts Owed to LLBL as of Commencement Date

28.     As of the Commencement Date, LLBL was owed approximately $40,000 in unpaid fees and expenses incurred by the Debtors for prepetition services rendered by LLBL unrelated to this chapter 11 cases. Currently, the Debtors owe LLBL approximately $5,000[3] in unpaid fees and expenses for prepetition services and the remaining balance of $29,036.29 was properly due and owing and accordingly paid by Aurora Loan Services LLC, a non-Debtor, which first retained LLBL in or around 2006 to recover losses incurred in mortgage loans that turned out to be defective.

---

[3] Debtors actually paid the approximately $5,000 to LLBL, but this amount will be deducted, held back from, and not charged to Debtors when LLBL submits the over $900,000 in fees and expenses that LBHI currently owes LLBL. Thus, there is approximately $5,000 in unpaid fees and expenses for prepetition services due LLBL.

29.     LLBL is therefore a prepetition creditor of the Debtors.[4]  However, LLBL's status as a prepetition creditor of the Debtors should not be an impediment to its retention by the Debtors under section 327(e) of the Bankruptcy Code.  Additionally, because LLBL is not serving as Debtors' bankruptcy counsel, LLBL does not believe that it has rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.

## **Fees and Engagement**

30.     Pursuant to Bankruptcy Code section 329(a), LLBL discloses that since the Commencement Date, LLBL received as payment from the Debtors for services rendered and disbursements incurred a total of approximately $917,833.69.

31.     LLBL requests that this Application be effective *nunc pro tunc* to July 1, 2010 because there are several unpaid invoices that LLBL submitted to Debtors for services rendered and distributions beginning on or about July 1, 2010.  In total, LLBL has unpaid invoices for services rendered related to the Representative Matters totaling approximately $922,421.03.

32.     LLBL will submit bills for our time upon our retention as special counsel to the Debtors.

33.     Upon its retention as special counsel, LLBL intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of the Bankruptcy Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and guidelines promulgated by the U.S. Trustee, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by LLBL.

---

[4] LLBL is also owed amounts by certain non-debtor affiliates of the Debtor for services rendered to those entities. LLBL anticipates that it will receive payment from those entities for such services.

34.    Upon its retention as special counsel, LLBL will resubmit its unpaid invoices totaling approximately $922,421.03 in accordance with the format, holdback, manner and procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to this Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated June 25, 2009 [Docket No. 4165] and this Court's Order Appointing Fee Committee and Approving Fee Protocol, dated May 26, 2009 [Docket No. 3651].

35.    LLBL's hourly rates and billing policies are based on market conditions among certain firms of a size, location, and practice comparable to LLBL.  The current hourly billing rates for LLBL professionals expected to spend significant time on the Representative Matters range from $425.00 to $705.00 for partners, $245.00 to $420.00 for associates, and $185.00 to $250.00 for other professionals.[5]

36.    The hourly rates set forth above are LLBL's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate LLBL for the work of its attorneys and para-professionals and to cover fixed and routine overhead expenses.  It is LLBL's policy to charge its clients in all areas of practice for all identifiable non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also LLBL's policy to charge its clients only the amount actually incurred by LLBL in connection with such items.  LLBL has advised the

---

[5] These are LLBL's standard hourly rates to which it gives LBHI a 7% discount.  Such hourly rates may change from time to time in accordance with LLBL's established billing practices and procedures.

Debtors that, in connection with the reimbursement of reasonable and necessary expenses, LLBL bills for certain actual out of pocket expenses it incurs, such as, among other things, travel costs, expenses for "working means," filing fees, outside messengers, document reproduction, conference calls using third party providers, database research such as LEXIS or Westlaw, and certain other actual expenses incurred specifically on behalf of a particular client and for which LLBL is billed by an outside vendor. LLBL will charge Debtors for these expenses in a manner and at rates consistent with charges made generally to LLBL's other clients. LLBL believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

37.     LLBL maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in connection with providing services to its clients in accordance with the fee guidelines for this district.

38.     LLBL recognizes that it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of the Court. LLBL will comply with the fee application guidelines promulgated by the U.S. Trustee.

39.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor LLBL, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code.

40.     LLBL has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 20 16(b) in respect of the sharing of compensation among LLBL' s partners.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Dated: March **3** , 2011.

Robert T. Mowrey
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 711201
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

Proposed Special Counsel for Debtors and
Debtors-in-Possession

SCHEDULE OF INTERESTED PARTIES THAT CURRENTLY EMPLOY OR HAVE
FORMERLY EMPLOYED LOCKE LORD BISSELL & LIDDELL IN MATTERS
UNRELATED TO THE DEBTOR

| Searched Entity | Relationship to Lehman Bankruptcy | Current Status |
|---|---|---|
| AETNA Life Insurance Company | Major Bondholder | LLBL represents on various matters unrelated to the bankruptcy |
| American Family Life Assurance Co. | Major Bondholder | LLBL represents on various matters unrelated to the bankruptcy |
| AXA Equitable Life Insurance Company | Major Bondholder; Significant Stockholder | LLBL represents on various matters unrelated to the bankruptcy |
| Continental Casualty Company | Major Bondholder | LLBL represents on various matters unrelated to the bankruptcy |
| Fidelity Management and Research Company | Major Bondholder; Significant Stockholder | LLBL represents on matters unrelated to the bankruptcy |
| Hartford Life Insurance Company | Major Bondholder | LLBL represents on various matters unrelated to the bankruptcy |
| Guardian Life Insurance Company | Major Bondholder; Significant Stockholder | LLBL represents on various matters unrelated to the bankruptcy |
| Jackson National Life Insurance Company | Major Bondholder | LLBL represents on various matters unrelated to the bankruptcy |
| John Hancock Life Insurance Co. | Major Bondholder | LLBL represents on various matters unrelated to the bankruptcy |
| Northwest Mutual Life Insurance Co. | Major Bondholder | LLBL represents on various matters unrelated to the bankruptcy |

| Prudential Insurance Company of America | Major Bondholder | LLBL will represent on matters unrelated to the bankruptcy |
|---|---|---|
| Sun Life Assurance Co. of Canada | Major Bondholder | LLBL represents on matters unrelated to the bankruptcy |
| Teachers Insurance and Annuity Association | Major Bondholder; Significant Lease | LLBL represents on various matters unrelated to the bankruptcy |
| Thrivent Financial for Lutherans | Major Bondholder | LLBL represents on matters unrelated to the bankruptcy |
| Transamerica Life Insurance Company | Major Bondholder | LLBL represents on various matters unrelated to the bankruptcy |
| Zurich American Insurance Company | Major Bondholder | LLBL represents on various matters unrelated to the bankruptcy |
| BancTec, Inc. | Major Creditor; Holder of Trade Debt | LLBL represents on various matters unrelated to the bankruptcy |
| BNP Paribas | Major Creditor | LLBL represents on various matters unrelated to the bankruptcy |
| Citibank N.A. | Major Creditor | LLBL represents on various matters unrelated to the bankruptcy |
| DnB Nor Bank ASA | Major Creditor; Holder of Trade Debt | LLBL represents on matters unrelated to the bankruptcy |
| Ernst & Young | Major Creditor; Holder of Trade Debt; Retained Professionals | LLBL represents on various matters unrelated to the bankruptcy |
| HSBC Bank USA, N.A. | Major Creditor; Holder of Trade Debt | LLBL represents on various matters unrelated to the bankruptcy |
| IBM Corporation | Major Creditor; Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |

**Schedule 1 – Page 2**

| Standard Chartered Bank | Major Creditor | LLBL represents on matters unrelated to the bankruptcy |
|---|---|---|
| The Bank of New York | Major Creditor; Potential Party in Interest; Holder of Trade Debt | LLBL represents on various matters unrelated to the bankruptcy |
| Deutsche Bank Securities, Inc. | Significant Lease; Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Financial Solutions Partners, LLC | Significant Lease | LLBL represents on matters unrelated to the bankruptcy |
| Huron Consulting Group | Significant Lease; Retained Professionals | LLBL represents on matters unrelated to the bankruptcy |
| Pricewaterhouse Coopers, LLP | Significant Lease; Retained Professionals | LLBL represents on various matters unrelated to the bankruptcy |
| JPMorgan Chase | Major Creditor | LLBL represents on various matters unrelated to the bankruptcy |
| JPMorgan Chase Bank, N.A. | Major Creditor | LLBL represents on various matters unrelated to the bankruptcy |
| JPMorgan Chase Bank – Legal Support | Major Creditor | LLBL represents on various matters unrelated to the bankruptcy |
| JPMorgan Chase Bank, N.A. fka Bank One, NA fka First | Major Creditor | LLBL represents on various matters unrelated to the bankruptcy |
| Abm Industries, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| AboveNet Communications, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Accenture, LLP | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| AES Corporation | Potential Party in Interest | LLBL represents on matters |

| | | |
|---|---|---|
| | | unrelated to the bankruptcy |
| Akin, Gump, Strauss, Hauer & Feld, LLP | Potential Party in Interest; Professionals Retained by Creditor Group | LLBL represents on matters unrelated to the bankruptcy |
| Allianz (UK) | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Allied Waste Industries, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Allied World Assurance Company | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Altova, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| American Airlines, Inc. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| American Electric Power Company, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| American International Group, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Amgen, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Arab Bank | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Aramark Corporation | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Assurant, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| AT&T Services, Inc. | Potential Party in Interest; Utility | LLBL represents on various matters unrelated to the bankruptcy |
| Atmos Energy Corporation | Potential Party in Interest | LLBL represents on various matters unrelated to the |

| | | bankruptcy |
|---|---|---|
| BAC Home Loans Servicing, LP | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Bank of New York Mellon Trust Company, N.A. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Burger King Corporation | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Cadwalader, Wickersham & Taft LLP | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Canadian Imperial Bank of Commerce | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Capital One, N.A. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| CB Richard Ellis, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Centerpoint Energy Resource | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Century Tel, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Charter Communications, LLC | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Chinatrust Commercial Bank | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| CIT Group, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Citi Bank, N.A. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Citigroup, Inc. | Potential Party in Interest | LLBL represents on matters |

| | | unrelated to the bankruptcy |
|---|---|---|
| City of Chicago (ACE USA Aerospace) | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Community Health System | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Compass Bank | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Conocophillips | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Consolidated Container Company, LLC | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Continental Airlines, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Core Laboratories, LP | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Credit Suisse | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Credit Suisse Securities (USA), LLC | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Crossroads Investment Advisors | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Crown Castle International | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| David Lerner | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Delphi Affordable Housing | Potential Party in Interest | LLBL represents on matters |

| Group | | unrelated to the bankruptcy |
|---|---|---|
| Delphi International | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Direct Energy, LP | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Dovenmuehle Mortgage, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Dresser, Inc. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Duff & Phelps | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Dun & Bradstreet | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Dynegy, Inc. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| El Paso Corporation | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Entergy Corp. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Fairfax Financial Holdings, LTd. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Fifth Third Bank, N.A. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Financial Security Assurance, | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Frontier Drilling USA, Inc. | Potential Party in Interest; Principal Investment | LLBL represents on matters unrelated to the bankruptcy |
| Georgia Pacific Corporation | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |

**Schedule 1 – Page 7**

| | | |
|---|---|---|
| GMAC Mortgage, LLC | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Goldman Sachs & Co. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Greenwich Insurance Company | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| HBK Investments LP | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| HCA, Inc. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Henry Schein, Inc. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Highland Capital Management, LP | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Highland Crusader Offshore Partners, L.P. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| HSBC Bank USA, N.A. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| ICAP North America Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| ING bank, FSB | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Intersil Corporation | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| iStar Financial Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Key Energy Services, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |

**Schedule 1 – Page 8**

| Kimberly-Clark Corporation | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Kinder Morgan Energy Partners, LP | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| KPMG | Potential Party in Interest; Holder of Trade Debt | LLBL represents on various matters unrelated to the bankruptcy |
| Kroger Co. (The) | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| LaSalle Bank National Association | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Liberty Mutual Group Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Linn Energy, LLC | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Massachusetts Mutual Life Insurance | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Merrill Lynch & Co. | Potential Party in Interest; Underwriting Investment Banker | LLBL represents on various matters unrelated to the bankruptcy |
| Medco Health Solutions Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Microsoft Corporation | Potential Party in Interest; Holder of Trade Debt | LLBL represents on matters unrelated to the bankruptcy |
| MidCountry Bank | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| MidFirst Bank | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Moody's Investors Service | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |

| Morgan Stanley & Co. Incorporated | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| --- | --- | --- |
| Neuberger Berman LLC | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| New York Life Insurance Co. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Newell Rubbermaid Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Nokia Corporation | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Oaktree Capital | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Och-Ziff Real Estate Acquisitions, LLC | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Open Solutions Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Pacific Coast Capital Partners, LLC | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Parker Drilling Company | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Pepsi Bottling Group, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Piper Jaffray & Co. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Regions Bank | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Reliant Energy, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Reynolds American, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |

| River Capital Advisors, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Royal Bank of Canada | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Royal Bank of Scotland | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Sabre Holdings Corporation | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Sandridge Energy, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| SBA Comm | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Service Corp Int'l | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Silver Point Capital, LP | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Societe Generale | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Sourcecorp., Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Southern Community Bank and Trust | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Spanish Broadcasting Systems, Inc. | Potential Party in Interest; Principal Investment | LLBL represents on various matters unrelated to the bankruptcy |
| Stephen N. Hurley | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Stroock & Stroock & Lavan, LLP | Potential Party in Interest; Retained Professionals | LLBL represents on various matters unrelated to the bankruptcy |

| | | |
|---|---|---|
| Sun Trust Banks, Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Sutherland Asbill & Brennan | Potential Party in Interest; Retained Professionals | LLBL represents on various matters unrelated to the bankruptcy |
| Swiss Reinsurance Company | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Targa Resources, Inc. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| The Blackstone Group | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| The Carlyle Group | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| The Walt Disney Company/Disney | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| The Williams Companies | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Thomson Reuters Plc & Thomson Reuters Corp. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Transocean Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| United Health Group, Inc. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| U.S. Bank National Association | Potential Party in Interest; Committee Member | LLBL represents on various matters unrelated to the bankruptcy |
| UBS Financial Services | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Univision Communications Inc. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |

| | | |
|---|---|---|
| Vitol S.A. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Vought Aircraft Company | Potential Party in Interest; Principal Investment | LLBL represents on matters unrelated to the bankruptcy |
| Wells Fargo Bank, NA | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| Wells Fargo & Co. | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| WestLB AG, New York Branch | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Xerox Corporation | Potential Party in Interest | LLBL represents on various matters unrelated to the bankruptcy |
| XL Specialty Insurance, Co. | Potential Party in Interest | LLBL represents on matters unrelated to the bankruptcy |
| Bank of New York | Holder of Trade Debt | LLBL represents on various matters unrelated to the bankruptcy |
| Aurora Bank, FSB | Litigation Claimant | LLBL represents on various matters unrelated to the bankruptcy |
| Bank of America, N.A. | Litigation Claimant | LLBL represents on various matters unrelated to the bankruptcy |
| Advanced Micro Devices, Inc. | Derivative Counterparty | LLBL represents on matters unrelated to the bankruptcy |
| Bayview Financial, LP | Derivative Counterparty | LLBL represents on matters unrelated to the bankruptcy |
| Chevron U.S.A., Inc. | Derivative Counterparty | LLBL represents on various matters unrelated to the bankruptcy |
| Intel Corporation | Derivative Counterparty | LLBL represents on matters |

**Schedule 1 – Page 13**

|  |  | unrelated to the bankruptcy |
|---|---|---|
| Linn Energy, LLC | Derivative Counterparty | LLBL represents on matters unrelated to the bankruptcy |
| New York Life Ins. Co. | Derivative Counterparty | LLBL represents on various matters unrelated to the bankruptcy |
| ReliaStar Life Insurance Co. | Derivative Counterparty | LLBL represents on matters unrelated to the bankruptcy |
| Reynolds American, Inc. | Derivative Counterparty | LLBL represents on matters unrelated to the bankruptcy |
| West Corporation | Derivative Counterparty | LLBL represents on matters unrelated to the bankruptcy |
| Aegon U.S.A., Inc. | Former Committee Member | LLBL represents on matters unrelated to the bankruptcy |
| Royal Bank of Scotland, PLC | Former Committee Member | LLBL represents on matters unrelated to the bankruptcy |
| Andrews Kurth LLP | Retained Professionals | LLBL represents on matters unrelated to the bankruptcy |
| Blake, Cassels & Graydon LLP | Retained Professionals | LLBL represents on matters unrelated to the bankruptcy |
| CB Richard Ellis Group, Inc. | Retained Professionals | LLBL represents on various matters unrelated to the bankruptcy |
| Cox Castle & Nicholson | Retained Professionals | LLBL represents on matters unrelated to the bankruptcy |
| Deloitte & Touche USA LLP | Retained Professionals | LLBL represents on various matters unrelated to the bankruptcy |
| Duff and Phelps | Retained Professionals | LLBL represents on matters unrelated to the bankruptcy |
| Jackson Lewis LLP | Retained Professionals | LLBL represents on matters unrelated to the bankruptcy |

Schedule 1 – Page **14**

| Sonnenschein Nath & Rosenthal LLP | Retained Professionals | LLBL represents on matters unrelated to the bankruptcy |
| --- | --- | --- |

SCHEDULE OF CLIENTS LLBL CURRENTLY REPRESENTS OR HAS FORMERLY
REPRESENTED IN MATTERS, UNRELATED TO THE REPRESENTATIVE MATTERS
AND UNRELATED TO THE BANKRUPTCY, INVOLVING PARTIES RELATED TO THE
DEBTORS

| Client | Nature of Representation |
|---|---|
| KPMG | LLBL represented KPMG in a lawsuit in which Ballybunion, a Lehman Brothers subsidiary, was a co-defendant along with KPMG. |
| Carlson Hotels, Inc. | LLBL represented Carlson Hotels in preliminary exploratory considerations of purchases of properties. LBHI had investment interests in some of the properties Carlson considered purchasing. This matter never progressed beyond exploratory considerations. |
| Millennium Midstream | LLBL represented Millennium Midstream Partners in the sale of the partnership. Lehman Brothers served as Millennium Midstream's investment bankers for the transaction. |
| Frost National Bank | LLBL represented Frost National Bank on a land loan made to AL Senior Housing Property Owner I, L.L.C. Lehman Brothers did not have a direct role in the transaction. |
| Gables Residential | LLBL represented Gables Residential as a borrower on a loan for which Lehman Brothers, Inc. served as the lead. Lehman Brothers, Inc. is no longer the lead on this particular loan. |
| Richard L. Zulick | LLBL provided Richard L. Zulick with advice and counsel regarding a new employment contract and compensation matters. Mr. Zulick left Lehman Brothers, Inc. and joined Barclays after Barclays purchased the Lehman Brothers, Inc. advisory group of which Zulick was a member. Upon his move to Barclays, Mr. Zulick required a new employment contract. |
| TPG Capital | LLBL represents TPG Capital and negotiates with Lehman Brothers, Inc. in connection with various financial advisor agreements. |

## SCHEDULE OF LBHI-RELATED ENTITIES, WHICH LLBL REPRESENTS OR FORMERLY REPRESENTED, APPEARING ON THE MASTER CONFLICTS LIST

| Client | Nature of Representation |
| --- | --- |
| Neuberger & Berman Agency | LLBL represents Neuberger & Berman Agency in various matters unrelated to the bankruptcy. |
| Lehman Brothers Holdings, Inc. ("LBHI") | LLBL represents LBHI in loss recovery litigation related to the purchase of mortgage loans on the secondary market. |
| Aurora Bank FSB, f/k/a Lehman Brothers Bank, FSB | LLBL represents Aurora Bank FSB, f/k/a Lehman Brothers Bank, FSB in matters unrelated to the bankruptcy. |
| Lehman Brothers Inc. | LLBL represented Lehman Brothers Inc. in matters unrelated to the bankruptcy. |
| TX 77 Boot Ranch Circle, LLC | LLBL represents TX 77 Boot Ranch Circle, LLC in an insurance matter unrelated to the bankruptcy. |
| Aurora Loan Services, Inc. ("ALS") | LLBL represents Aurora Loan Services as agent for LBHI and Lehman Brothers Bank, FSB, and in ALS's capacity as master servicer and loan administrator in loss recovery litigation related to the purchase of mortgage loans on the secondary market. |

## SCHEDULE OF LEHMAN BROTHERS HOLDINGS INC.-RELATED ENTITIES ADVERSE IN BANKRUPTCY-RELATED MATTERS

(i)  LLBL represented Dynegy, Inc. in Dynegy's attempt to recover a net obligation owed under an energy commodities swap contract, which Dynegy entered into with Lehman Brothers Commodities Services, Inc.  Lehman Brothers Holdings Inc. guaranteed this swap.  This matter is now closed.

(ii)  LLBL, serving as local counsel for Womble Carlyle Sandridge & Rice, represented Southern Community Bank and Trust ("SCBT"), seeking recovery of collateral through the bankruptcy.  SCBT posted collateral as part of a mortgage-backed security swap with Lehman Brothers Special Financing, Inc.  SCBT terminated the swap and seeks to recover the collateral from Lehman Brothers Special Financing, Inc.

(iii)  LLBL, serving as local counsel for Womble Carlyle Sandridge & Rice, represented ("Carolina First Bank"), seeking recovery of collateral through the bankruptcy.  CFB posted collateral as part of a mortgage-backed security swap with Lehman Brothers Special Financing, Inc.  CFB terminated the swap and seeks to recover the collateral from Lehman Brothers Special Financing, Inc.

(iv)  LLBL represented Stephen N. Hurley who posted shares of stock as collateral as part of a swap deal with Lehman Brothers OTC.  Mr. Hurley filed a proof of claim for return of the stock.  LLBL no longer represents Mr. Hurley.

(v)  LLBL represents Simmons & Co. International in connection with claims by the Trustee for the Liquidation of Lehman Brothers, Inc. ("LBI") for preference payments; offset claims against preference payments and claims for commissions owed directly to Simmons & Co., which LBI received as a conduit.

(vi)  LLBL, representing American Fuji Fire & Marine Insurance Company ("American Fuji"), filed a $406,000 claim in the Lehman Brothers Holdings Inc. bankruptcy on behalf of American Fuji.  The claim relates to debt held by American Fuji.

(vii)  LLBL advised the American Heart Association concerning claim deadlines and the treatment of a settlement between PIMCO and Lehman Brothers Holdings Inc.

(viii)  LLBL represents Bank of New York Mellon Trust Company, NA ("BNYM") in its capacity as Indenture Trustee in the following matters for credit default swaps and interest rate swaps, involving collateralized debt obligation issuers and Lehman Brothers Special Financing, Inc., which Lehman Brothers Holdings Inc. guaranteed:

   a)  LLBL represents BNYM, which is the Indenture Trustee, with respect to swaps involving MKP VELA CBO, LTD. and MKP VELA CBO, LLC and Lehman Brothers Special Financing, Inc.  On behalf of BNYM, the law firm Mayer Brown prepared and filed proof of claims as to both LBSF and LBHI.  The law firm Reed Smith negotiated a tolling agreement BNYM entered into with LBSF and LBHI.

b) LLBL represents BNYM, which is the Indenture Trustee, with respect to swaps involving TIAA Structured Finance CDO I, Limited and TIAA Structured Finance CDO I, LLC and Lehman Brothers Special Financing, Inc. The law firm Reed Smith prepared and filed proof of claims on behalf of BNYM as to both LBSF and LBHI. Case No. 10-03544.

c) LLBL represents BNYM, which is the Indenture Trustee, with respect to swaps involving AMMC CDO III, Limited and AMMC III CDO III, Corp. and Lehman Brothers Special Financing, Inc.

d) LLBL represents BNYM, which is the Indenture Trustee, with respect to swaps involving Liberty Square CDO I Limited and Limited Square CDO I, Corp. and Lehman Brothers Special Financing. Case No. 10-03544.

e) LLBL represents BNYM, which is the Indenture Trustee, with respect to swaps involving Liberty Square CDO II Limited and Liberty Square CDO II, Corp. and Lehman Brothers Special Financing. Case No. 10-03544.

f) LLBL represents BNYM, which is the Trustee for the noteholders, with respect to transactions involving Zais Investment Grade Limited VII ("Zais") and Lehman Brothers Special Financing, Inc., in which Zais owns collateral assets in a swap.

g) LLBL represents BNYM, which is the Trustee for the noteholders, with respect to transactions involving Coast Investment Grade CDO 2002-1, Limited and Coast Investment Grade CDO 2002-1, Corp. (collectively "Coast Investment") and Lehman Brothers Special Financing, Inc., in which Coast Investment owns collateral assets in a swap.

(ix) LLBL represents Wells Fargo Bank, N.A., in its capacity as Indenture Trustee in the following matters for credit default swaps and interest rate swaps, involving collateralized debt obligation issuers and Lehman Brothers Special Financing, Inc., which Lehman Brothers Holdings Inc. guaranteed:

a) LLBL represents Wells Fargo, which is the Indenture Trustee, with respect to swaps involving Crown City CDO 2005-2 Ltd. and Crown City CDO 2005-2 LLC (collectively "Crown City") and Lehman Brothers Special Financing, Inc. Wells Fargo filed a proof of claim on behalf of Crown City and any noteholders as to Lehman Brothers Special Financing, Inc. and Lehman Brothers Holdings Inc. Case No. 10-03544.

b) LLBL represents Wells Fargo, which is the Indenture Trustee, with respect to swaps involving Crown City CDO 2005-1 Ltd. and Crown City CDO 2005-1 LLC and Lehman Brothers Special Financing, Inc.

c) LLBL represents Wells Fargo, which is the Indenture Trustee, with respect to swaps involving Belle Haven ABS CDO 2005-1 ("Belle Haven") and Lehman Brothers Special Financing, Inc. Wells Fargo filed a proof of claim on behalf of

Belle Haven and any noteholders as to Lehman Brothers Special Financing, Inc. and Lehman Brothers Holdings Inc.  Case No. 10-03544.

d) LLBL represents Wells Fargo, which is the Indenture Trustee, with respect to swaps involving Belle Haven ABS CDO 2006-1 ("Belle Haven 2006-1") and Lehman Brothers Special Financing, Inc. or any noteholders may have against both Lehman Brothers Special Financing, Inc. Wells Fargo filed a proof of claim on behalf of Belle Haven 2006-1 and any noteholders as to Lehman Brothers Special Financing, Inc. and Lehman Brothers Holdings Inc.  Case No. 10-03544.

e)  LLBL represents Wells Fargo, which is the Indenture Trustee, with respect to a swap involving SASCO.  Lehman Brothers Inc. was the Administrative Agent. As part of this transaction, Wells Fargo negotiated a tolling agreement with Lehman Brothers Special Financing, Inc. and Lehman Brothers Holdings Inc., where Wells Fargo agreed to toll the statute of limitations with respect to certain avoidance claims by Lehman Brothers Special Financing, Inc. and Lehman Brothers Holdings Inc.

f)  In connection with *Lehman Brothers Special Financing Inc. v. Ballyrock ABS CDO 2007-1 Ltd. and Wells Fargo Bank, N.A., as Trustee*, AP No. 09-01032, Wells Fargo as Indenture Trustee answered the lawsuit by interpleading the funds in dispute.  As an interpleader plaintiff, Wells Fargo has remained neutral with respect to the dispute between Lehman Brothers Special Financing Inc. and the noteholders who claim an interest in the disputed funds.