Page 1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 08-13555-jmp

5  - - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  LEHMAN BROTHERS HOLDINGS INC., ET AL.,

9

10         Debtors.

11

12  - - - - - - - - - - - - - - - - - - - - -x

13

14              U.S. Bankruptcy Court

15              One Bowling Green

16              New York, New York

17

18              March 3, 2011

19              11:03 AM

20

21  B E F O R E:

22  HON. JAMES M. PECK

23  U.S. BANKRUPTCY JUDGE

24

25

Page 2

1

2   Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative

3   of Indenture Trustee Claims)

4

5   Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative

6   of Indenture Trustee Claims)

7

8   Debtors' Fifty-Fifth Omnibus Objection to Claims (Duplicative

9   of Indenture Trustee Claims)

10

11  Debtors' Sixty-Third Omnibus Objection to Claims (Valued

12  Derivative Claims)

13

14  Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued

15  Derivative Claims)

16

17  Debtors' Seventy-Third Omnibus Objection to Claims (To

18  Reclassify Proofs of Claim as Equity Interests)

19

20  Debtors' Seventy-Sixth Omnibus Objection to Claims (No

21  Supporting Documentation Claims)

22

23  Debtors' Seventy-Seventh Omnibus Objection to Claims (Amended

24  and Superseded Claims)

25

Page 3

1    Debtors' Seventy-Eighth Omnibus Objection to Claims

2    (Duplicative of Trustee / No Liability Claims)

3

4    Debtors' Seventy-Ninth Omnibus Objection to Claims

5    (Misclassified Claims)

6

7    Debtors' Eightieth Omnibus Objection to Claims (No Liability

8    Claims)

9

10   Debtors' Eighty-First Omnibus Objection to Claims (Duplicative

11   Claims)

12

13   Debtors' Eighty-Second Omnibus Objection to Claims (Duplicative

14   of Indenture Trustee Claims)

15

16   Debtors' Eighty-Third Omnibus Objection to Claims (Settled

17   Derivative Claims)

18

19   Debtors' Eighty-Fourth Omnibus Objection to Claims (Valued

20   Derivative Claims)

21

22   Debtors' Sixty-Fourth Omnibus Objection to Claims (No

23   Supporting Documentation Claims)

24

25   Transcribed by:  Dena Page

Page 4

```
 1
 2    A P P E A R A N C E S :
 3    WEIL, GOTSHAL & MANGES LLP
 4           Attorneys for Debtors
 5           767 Fifth Avenue
 6           New York, NY 10153
 7
 8    BY:   MARK BERNSTEIN, ESQ.
 9           MELISSA COLON-BOSOLET, ESQ.
10
11
12    WEIL, GOTSHAL & MANGES LLP
13           Attorneys for Debtors
14           200 Crescent Court
15           Suite 300
16           Dallas, TX 75201
17
18    BY:   ERIN D. ECKOLS, ESQ.
19
20
21
22
23
24
25
```

Page 5

1

2   MILBANK, TWEED, HADLEY & MCCLOY LLP

3          Attorneys for UCC

4          One Chase Manhattan Plaza

5          New York, NY 10005

6

7   BY:   DENNIS O'DONNELL, ESQ.

8          BRADLEY SCOTT FRIEDMAN, ESQ.

9

10

11   ALSO PRESENT:

12          FLORIA YIM-SHEUNG FOK, In Propria Persona

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 6

1                    P R O C E E D I N G S

2         THE COURT:  Be seated, please.  Good morning.

3         MR. BERNSTEIN:  Good morning, Your Honor.  Mark

4  Bernstein from Weil, Gotshal & Manges on behalf of the Lehman

5  Chapter 11 debtors.

6         We have for you, today, what should be a relatively

7  short hearing.  We have fifteen uncontested omnibus objections.

8  Certain of these have been heard at prior hearings, and these

9  are relating to responses that were adjourned at that time and

10  that have now been resolved.  And then there are various ones

11  that are new and this is the first hearing they're being heard

12  at.

13         We have one contested matter which relates to an

14  omnibus objection that was heard at a prior hearing as well,

15  and after further review and discussions with claimant, the

16  debtors have determined it's in everyone's interest to move

17  forward and prosecute this at this point.

18         There was one other contested matter initially on the

19  agenda, and that was the evidentiary hearing of Mark Glasser.

20  We heard from Mr. Glasser's counsel earlier this week that he

21  had a conflict today and would not be able to make the hearing.

22  We've rescheduled that for the April claims hearing.

23         THE COURT:  Without focusing on that one in

24  particular, I do note that this matter has been scheduled and

25  adjourned on countless occasions, and it's not clear to me that

Page 7

1   the claimant seriously intends to move forward with this.  It

2   may be that he does, it may be that he doesn't.  But I'm

3   becoming somewhat impatient with this particular claim

4   objection.  And at some point, it's time to fish or cut bait,

5   as they say.  And I would ask you to convey to Mr. Glasser's

6   counsel that at some point, if not prosecuted, the claim

7   objection is simply going to be granted.

8        MR. BERNSTEIN:  Understood, and I will certainly

9   convey that to him.  I would note that at least -- there were

10  two occasions where the debtors had scheduling conflicts and it

11  was adjourned at the debtors' request.  However, most of the

12  other circumstances, the other times it was scheduled and

13  adjourned --

14       THE COURT:  I'm not -- I'm not picking on him.  I'm

15  simply noting that for case administration purposes, when a

16  matter such as this is adjourned what, to me, seems like about

17  six months, it raises some questions as to the seriousness with

18  which this matter is actually being prosecuted by the claimant.

19       MR. BERNSTEIN:  Understood.

20       The last point I'd like to make before I turn it over

21  to my colleagues is, as you may have noticed, there are a

22  number of adjourned items from previous omnibus objections that

23  have been filed.  The debtors are in the process of creating a

24  strategy to address those and prosecute those where necessary,

25  or address them as otherwise appropriate in accordance with the

Page 8

1    rulings of this Court and the laws of this jurisdiction.

2            THE COURT:  I'm not sure what that means, but okay.

3    We'll move on to the item.

4            MR. BERNSTEIN:  I'll turn the podium over to my

5    colleague, Melissa Colon to address certain of the omnibus

6    objections.

7            THE COURT:  Okay.

8            MS. COLON-BOSOLET:  Good morning, Your Honor.  My

9    name's Melissa Colon-Bosolet with Weil, Gotshal, here, also, on

10   behalf of the debtors.  I'm going to be addressing three items

11   today:  agenda item number 4, debtors' sixty-third omnibus

12   objection, agenda item number 5, debtors' sixty-seventh omnibus

13   objection, and agenda item number 15, which is debtors' eighty-

14   fourth omnibus objection.

15           With respect to the sixty-third omnibus objection,

16   since the original claims hearing on December 1st, debtors have

17   successfully settled with two additional counterparties:

18   Ferrero S.P.A. and Ferrero Trading Lux SA, and we have a

19   proposed supplemental order reducing these claims to the

20   settled amount.  We therefore respectfully request that Your

21   Honor grant the supplemental order on debtors' sixty-third

22   omnibus objection reducing and allowing these claims.

23           THE COURT:  That will be granted.

24           MS. COLON-BOSOLET:  Thank you, Your Honor.  With

25   respect to the sixty-seventh omnibus objection, since the

Page 9

1    original claims hearing on December 22nd, debtors have

2    successfully settled with one additional counterparty, Ore Hill

3    Concentrated Credit Hub Fund, and we have a proposed

4    supplemental order reducing these claims to the settled amount.

5    We also respectfully request that Your Honor grant a

6    supplemental order on debtors' sixty-seventh reducing and

7    allowing these claims.

8            THE COURT:  That will be granted, as well.

9            MS. COLON-BOSOLET:  Thank you, Your Honor.

10           Turning now to the eighty-fourth omnibus objection,

11   the debtors are seeking to reduce and allow eighteen claims

12   relating to eleven counterparties.  These eleven counterparties

13   failed to file any response to the eighty-fourth omnibus

14   objection, and debtors seek to reduce and allow these eighteen

15   claims on an uncontested basis.

16           There are also seventeen remaining claims in the

17   eighty-fourth omnibus which belong to ten counterparties.

18   These counterparties either filed timely responses to the

19   objection or were granted extensions to the response deadline

20   by debtors.  I'm happy to report that settlement discussions

21   have begun with a number of these counterparties.  Debtors

22   respectfully request that this Court adjourn the hearing as to

23   those seventeen claims until March 31st to allow for further

24   settlement discussions.

25           We have an order for both the reduction and the

1    adjournments, and respectfully request that Your Honor grant

2    debtors' eighty-fourth omnibus objection reducing and allowing

3    the eighteen claims and adjourning the seventeen claims on our

4    proposed order.

5              THE COURT:  That will be granted, as well.

6              MS. COLON-BOSOLET:  Thank you, Your Honor.  If there

7    are no questions, I'll turn the podium over to my colleague,

8    Erin Eckols.

9              THE COURT:  Fine, thank you.

10             MS. ECKOLS:  Good morning, Your Honor.  Erin Eckols

11   for the debtors.  I will be covering the remaining agenda items

12   this morning.  There are four carryover items from prior

13   omnibus objections and eight new omnibus objections.

14             Just taking up agenda item number 1, that is a

15   carryover item from the debtors' forty-ninth omnibus objection

16   which Your Honor previously granted.  The forty-ninth omnibus

17   objection seeks to disallow and expunge individual noteholder

18   claims that were duplicative of the claims filed by the

19   Wilmington Trust Company and/or the Bank of New York Mellon as

20   indenture trustees.

21             Bouef Limited filed a response which has since been

22   resolved, and Bouef Limited's counsel confirmed its agreement

23   with the objection being entered via e-mail.  Accordingly, the

24   debtors are seeking to disallow and expunge Bouef Limited's

25   claim 2061 on an uncontested basis and respectfully request

Page 11

1    that the Court grant the debtors' forty-ninth omnibus objection

2    as to Bouef Limited's claim.

3              THE COURT:  It's granted.

4              MS. ECKOLS:  Thank you, Your Honor.

5              Agenda item number 2 is a carryover item from the

6    debtors' fifty-fourth omnibus objection which Your Honor

7    previously granted.  The fifty-fourth omnibus objection also

8    seeks to expunge individual noteholder claims that were

9    duplicative of those filed by the respective indenture

10   trustees.

11             Today, we are proceeding as to claim 22926, filed by

12   the John Narel Trust.  The debtors had several calls and e-

13   mails with the Narel Trust and were able to resolve its

14   objection to the fifty-fourth omnibus objection.  The John

15   Narel Trust has withdrawn its opposition, and its notice of

16   withdrawal is reflected on the docket at entry 14673.

17   Accordingly, the debtors respectfully request that the Court

18   grant the fifty-fourth omnibus objection as to the John Narel

19   Trust claim 22926.

20             THE COURT:  It's granted as to that claim.

21             MS. ECKOLS:  Thank you, Your Honor.

22             Agenda item number 3 is a carryover item from the

23   debtors' fifty-fifth omnibus objection which Your Honor

24   previously granted.  The fifty-fifth omnibus objection also

25   seeks to disallow and expunge individual noteholder claims that

08-13555-mg    Doc 14803    Filed 03/04/11    Entered 03/04/11 15:12:28    Main Document
LEHMAN BROTHERS HOLDINGS INC., ET AL.
Pg 12 of 24

Page 12

1    were duplicative of claims filed by the respective indenture

2    trustees.  Lilith Ventures filed a response which has been

3    resolved.  Lilith Ventures' counsel confirmed its agreement

4    with the objection being entered via e-mail to the debtors.

5    Accordingly, the debtors are seeking to disallow and expunge

6    Lilith Ventures' claim 2060 on an uncontested basis and

7    respectfully request that the Court grant the debtors' fifty-

8    fifth omnibus objection as to Lilith Ventures' claim.

9            THE COURT:  It is granted as to Lilith Ventures.

10            MS. ECKOLS:  Thank you, Your Honor.

11            Your Honor, agenda item number 6 is the carryover item

12    from the January 20th hearing.  It is the debtors' seventy-

13    third omnibus objection.  The seventy-third omnibus objection

14    seeks to reclassify as equity interests claim filed by current

15    and/or former employees of the debtors that are based on

16    restricted stock units and/or contingent stock awards.

17            The debtors are proceeding today as to twenty-seven of

18    the claims that were previously adjourned.  Those claims are

19    listed on Exhibit B to the agenda.  Prior to the January 20th

20    hearing, the holders of those twenty-seven claims had requested

21    additional time to review the seventy-third omni and determine

22    if they wanted to oppose it.  The debtors granted those

23    extensions, and the claimants ultimately did not file any

24    opposition.  Accordingly, the debtors are proceeding

25    uncontested as to those twenty-seven claims and respectfully

LEHMAN BROTHERS HOLDINGS INC., ET AL.

Page 13

1    request that the Court grant the seventy-third omnibus

2    objection as to those claims.

3          THE COURT:  That objection is granted as to the claims

4    identified on Exhibit B.

5          MS. ECKOLS:  Thank you, Your Honor.

6          Your Honor, starting with agenda item number 7, this

7    is where the new omnibus objections begin and continue until we

8    reach the one contested matter on the agenda for today.

9          The seventy-sixth omnibus objection seeks to disallow

10   and expunge claims that violated this Court's bar date order as

11   they were submitted without any supporting documentation.  The

12   debtors resolved all the informal and formal responses that

13   were received, and is thus proceeding uncontested.

14         The one formal response, that of Tsang Man Chiu, was

15   resolved by the debtors agreeing to withdraw the objection as

16   to that claim, and the debtors notified the claimant that they

17   were doing so.

18         Accordingly, the debtors respectfully request that the

19   Court grant the seventy-sixth omnibus objection.

20         THE COURT:  The seventy-sixth omnibus objection is

21   granted.

22         MS. ECKOLS:  Thank you, Your Honor.

23         Your Honor, taking up agenda item number 8, that is

24   the seventy-seventh omnibus objection, it seeks to disallow and

25   expunge claims that were amended and superseded by subsequently

LEHMAN BROTHERS HOLDINGS INC., ET AL.

Page 14

```
 1    filed claims.  All formal responses have been adjourned while

 2    the debtors work on a resolution, and the debtors are

 3    proceeding on an uncontested basis.

 4           The debtors did enter into a stipulation with one of

 5    the claimants whose claims were subject to that objection, that

 6    being Mason Capital.  Mason Capital submitted certain notices

 7    of default that were posted on the claims register although

 8    they were not intended to be claims.  These notices are on the

 9    seventy-seventh omnibus objection, and the stip says -- the

10    stipulation that the parties agreed to says that those claims

11    will be removed from the claims register.  They were letters,

12    essentially, notifying notices of default.

13           Your Honor, I do have a copy of that stipulation, if

14    you would like me to hand it up at this time, or I can submit

15    it after.

16           THE COURT:  Why don't you hand it up?

17           MS. ECKOLS:  Okay, thank you, Your Honor.  May I

18    approach?

19           THE COURT:  Please.

20           Thank you.

21           MS. ECKOLS:  Your Honor, the debtors are requesting

22    respectfully that you approve the stipulation with Mason

23    Capital and grant the debtors' seventy-seventh omnibus

24    objection.

25           THE COURT:  Seventy-seventh omnibus objection is
```

Page 15

1    granted and the stipulation with Mason Capital Management is

2    approved.

3         MS. ECKOLS:  Thank you, Your Honor.

4         Agenda item number 9 is the seventy-eighth omnibus

5    objection to claims.  This is a new type of omnibus objection

6    filed by the debtors.  It seeks to disallow and expunge claims

7    for two separate but related reasons, claims filed by

8    individual holders of certain notes, first because the claims

9    are duplicative of the claim filed by Bank of New York

10   Corporate Trust Services as trustee under a certain principal

11   trust deed seeking to recover on those notes, second because

12   the debtors do not have a contractual relationship with the

13   individual noteholders.

14        Bank of New York entered into a principal trust deed

15   in connection with the multi-issuer secured obligation program.

16   Under that program, special purpose entities like Topaz Finance

17   Limited were created as vehicles for entering into synthetic

18   collateralized debt obligation transactions.  Topaz and Lehman

19   Brothers Special Finance entered into a swap agreement that was

20   guaranteed by Lehman Brothers Holdings Inc.  The individual

21   noteholders were not party to the swap agreement or to the

22   guarantee.

23        The claims the debtors are seeking to expunge were

24   filed by individual holders of notes issued by Topaz.  Bank of

25   New York filed its claim as trustee on behalf of Topaz and to

08-13555-mg    Doc 14803    Filed 03/04/11    Entered 03/04/11 15:12:28    Main Document
LEHMAN BROTHERS HOLDINGS INC., ET AL.
Pg 16 of 24

Page 16

1    protect the interest of the noteholders to recover for those

2    same notes.  Under the principal trust deed, Bank of New York

3    is permitted to act on behalf of Topaz for the benefit of the

4    individual noteholders and is the proper party to prosecute

5    claims related to those particular notes.  Thus the individual

6    noteholder claims are substantively duplicative of the Bank of

7    New York claim.

8        In addition, because the noteholders are not parties

9    to the swap agreement or guarantee between the applicable

10   debtor and Topaz, they do not have a contractual relationship

11   with the debtors.  To the extent that the debtors have

12   liability for the swap agreement or the guarantee, that

13   liability would be to Topaz, not to the individual noteholders.

14   Lacking a contractual relationship with the debtors, the

15   individual noteholders do not have an enforceable right to

16   payment against the debtors, and thus the debtors have no

17   liability on those individual noteholder claims.

18       Accordingly, for the two reasons discussed, the

19   individual noteholder claims should be disallowed and expunged,

20   and the debtors respectfully request that the Court grant the

21   seventy-eighth omnibus objection.

22       THE COURT:  That objection is granted.

23       MS. ECKOLS:  Thank you, Your Honor.

24       Agenda item number 10 is the seventy-ninth omnibus

25   objection to claims.  This omnibus objection seeks to

1    reclassify as general unsecured claims claims that improperly

2    assert entitlement to treatment as administrative expense

3    claims under Section 503(b)(9) of the Bankruptcy Code.  To

4    qualify for administrative expense treatment under 503(b)(9),

5    claims must be seeking to recover for the value of goods sold

6    to the debtor in the ordinary course of business and received

7    by the debtor within twenty days of the petition date.

8         The claims at issue failed to meet the most basic

9    requirement of Section 503(b)(9) because they are not claims

10   seeking to recover for the sale of goods to the debtors.

11   Specifically, the claims are seeking to recover for services

12   rendered to the debtors, lease rejection damages, and ownership

13   of the debtors' securities.

14        Because the claims do not qualify for administrative

15   expense treatment under Section 503(b)(9), the debtors

16   respectfully request that the Court reclassify those claims as

17   general unsecured claims and grant the seventy-ninth omnibus

18   objection.

19        THE COURT:  The seventy-ninth omnibus objection is

20   granted.

21        MS. ECKOLS:  Your Honor, taking up agenda item number

22   11, which is the eightieth omnibus objection to claims, this

23   omnibus objection seeks to disallow and expunge claims for

24   which the debtors have no liability.  These claims either state

25   on their face that they are against an entity that is not a

Page 18

1    debtor in these Chapter 11 proceedings, and/or the supporting

2    documentation establishes that the claim is against a nondebtor

3    entity.

4           The debtors did not receive any formal or informal

5    responses and are proceeding uncontested today.  Accordingly,

6    the debtors respectfully request that the Court grant the

7    eightieth omnibus objection.

8           THE COURT:  The eightieth omnibus objection is

9    granted.

10          MS. ECKOLS:  Thank you, Your Honor.

11          Agenda item number 12 is the eighty-first omnibus

12   objection.  This omnibus objection seeks to disallow and

13   expunge claims that are duplicative, either exactly or in

14   substance, of other claims filed by the same claimant on the

15   claims register.

16          All formal responses have been adjourned while the

17   parties work on a resolution, and all informal responses have

18   been resolved.  Accordingly, the debtors respectfully request

19   that the Court grant the eighty-first omnibus objection.

20          THE COURT:  The eighty-first omnibus objection is

21   granted.

22          MS. ECKOLS:  Your Honor, agenda item number 13, which

23   is the eighty-second omnibus objection, it seeks to disallow

24   and expunge individual noteholder claims that are duplicative

25   of the claims filed by Wilmington Trust and/or Bank of New York

08-13555-mg    Doc 14803    Filed 03/04/11    Entered 03/04/11 15:12:28    Main Document
LEHMAN BROTHERS HOLDINGS INC., ET AL.
Pg 19 of 24

Page 19

1     Mellon as indenture trustee.

2           The debtors are proceeding uncontested as all informal

3     responses have been resolved and all formal responses have been

4     adjourned.  In connection with this objection, the debtors

5     entered into a stipulation with JPMorgan Chase that the debtors

6     are requesting the Court approve today.  And Your Honor, I have

7     a copy of that stipulation, if I may approach?

8           THE COURT:  Please.

9           Thank you.

10          MS. ECKOLS:  Your Honor, the JPMorgan Chase claims

11    that are subject to the eighty-second omnibus objection purport

12    to assert direct claims related to the notes, as well as

13    guarantee claims.  The stipulation sets forth the parties'

14    agreement and clarification that only the direct claims related

15    to the notes are expunged by the eighty-second omnibus

16    objection and that the guarantee claims will survive active on

17    the claims register subject to reservation of rights by all

18    parties.

19          Accordingly, the debtors respectfully request that the

20    Court grant the eighty-second omnibus objection and approve the

21    stipulation with JPMorgan Chase.

22          THE COURT:  The eighty-second omnibus objection is

23    granted, and the stipulation with JPMorgan Chase is granted, as

24    well.

25          MS. ECKOLS:  Thank you, Your Honor.

LEHMAN BROTHERS HOLDINGS INC., ET AL.

Page 20

1    Agenda item number 14 is the eighty-third omnibus

2    objection to claims.  It is seeking the modification and

3    allowance of certain claims for which the parties reached an

4    agreement with respect to the claim amount, classification,

5    and/or debtor entity that is not reflected on the claimant's

6    proof of claim.  The omnibus objection is seeking to modify

7    those claims to conform to the parties' agreement.

8    There were no formal or informal responses received,

9    Your Honor.  Thus the debtors respectfully request that the

10   Court grant the eighty-third omnibus objection to claims.

11   THE COURT:  It's granted.

12   MS. ECKOLS:  Thank you, Your Honor.

13   Your Honor, moving on to agenda item 16 which is the

14   one contested item going forward today, it is a carryover item

15   from the sixty-fourth omnibus objection which the Court

16   previously granted.  The sixty-fourth omnibus objection sought

17   to disallow and expunge that (sic) violated this Court's bar

18   date order as they failed to include any supporting

19   documentation.

20   Today, the debtors are proceeding as to claim 5458,

21   filed by DuWarn Porter.  Contrary to the requirements of the

22   bar date order, Mr. Porter's claim was submitted without any

23   require -- without any supporting documentation.  Mr. Porter

24   filed an informal response stating that he opposed the

25   objection, but he did not provide any supporting documentation.

Page 21

1          The debtors reached out to Mr. Porter several times,

2     requesting the supporting documentation, but he has not

3     provided it.  The debtors notified Mr. Porter that as a result,

4     they would be proceeding on his claim at today's hearing, but

5     we did not receive any response from Mr. Porter.

6          Accordingly, the debtors respectfully request that the

7     Court grant the sixty-fourth omnibus objection as to Mr.

8     Porter's claim 5458.

9          THE COURT:  Before doing that, let me simply ask if

10    there's anyone present in court or on the telephone who

11    represents Mr. Porter in this matter.

12         I hear no response.  This objection to the claim of

13    DuWarn Porter is granted because Mr. Porter has failed to

14    prosecute his objection to disallowance of the claim.

15         MS. ECKOLS:  Thank you, Your Honor.

16         And that concludes the items on the agenda for today.

17         THE COURT:  Fine.  If there's nothing further, we're

18    adjourned.

19         MS. ECKOLS:  Thank you.

20         THE COURT:  Thank you.

21      (Whereupon these proceedings were concluded at 11:24 AM)

22

23

24

25

Page 22

1

2                                   I N D E X

3

4                                   RULINGS

5                                                        Page      Line

6     Debtors' Sixty-Third Omnibus Objection            8         23

7     Granted

8     Debtors' Sixty-Seventh Omnibus Objection          9         8

9     Granted

10    Debtors' Eighty-Fourth Omnibus Objection          10        5

11    Granted

12    Debtors' Forty-Ninth Omnibus Objection Granted    11        3

13    with Respect to Bouef Limited's Claim

14    Debtors' Fifty-Fourth Omnibus Objection as to     11        20

15    the John Narel Trust Claim Granted

16    Debtors' Fifty-Fifth Omnibus Objection as to      12        9

17    Lilith Ventures' Claim Granted

18    Debtors' Seventy-Third Omnibus Objection          13        4

19    Granted as to the Twenty-Seven Claims

20    Identified on Exhibit B

21    Debtors' Seventy-Sixth Omnibus Objection          13        21

22    Granted

23    Debtors' Seventy-Seventh Omnibus Objection        15        2

24    Granted

25    Stipulation with Mason Capital Management          15        2

Page 23

1  Approved

2  Debtors' Seventy-Eighth Omnibus Objection      16      22

3  Granted

4  Debtors' Seventy-Ninth Omnibus Objection       17      20

5  Granted

6  Debtors' Eightieth Omnibus Objection Granted   18      9

7  Debtors' Eighty-First Omnibus Objection        18      20

8  Granted

9  Debtors' Eighty-Second Omnibus Objection       19      22

10  Granted

11  Stipulation with JPMorgan Chase Granted        19      23

12  Debtors' Eighty-Third Omnibus Objection        20      11

13  Granted

14  Debtors' Sixty-Fourth Omnibus Objection as     21      12

15  to the Claim of DuWarn Porter Granted

16

17

18

19

20

21

22

23

24

25

Page 24

1

2                              C E R T I F I C A T I O N

3

4       I, Dena Page, certify that the foregoing transcript is a true

5       and accurate record of the proceedings.

6

7       Dena Page    Digitally signed by Dena Page
                      DN: cn=Dena Page, c=US
                      Reason: I am the author of this document
8       _____    Date: 2011.03.04 14:04:42 -05'00'

9       DENA PAGE

10

11      Veritext

12      200 Old Country Road

13      Suite 580

14      Mineola, NY 11501

15

16      Date:  March 4, 2011

17

18

19

20

21

22

23

24

25