UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
:
Debtors.                                 :    (Jointly Administered)
:
---------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP, AS SPECIAL COUNSEL TO THE DEBTORS IN CONNECTION WITH CERTAIN TAX RELATED MATTERS

Upon consideration of the application, dated March 4, 2011 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 327(e) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to employ and retain Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP ("Milbank") as special counsel to the Debtors, pursuant to the terms and conditions of the engagement letter, dated as of December 10, 2010, a copy of which is attached as Exhibit A to the Application (the "Engagement Letter"), and as more fully described in the Application; and upon the affidavit of Glenn S. Gerstell (the "Gerstell Affidavit"), filed in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Gerstell Affidavit,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

that, except as provided therein, Milbank represents no interest adverse to the Debtors or the estates with respect to the matters upon which it is to be engaged, under section 327(e) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Milbank; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

       ORDERED that the Application is approved as set forth herein; and it is further

       ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Milbank as special counsel to the Debtors, on the terms set forth in the Application, the Engagement Letter, and this order for the

services identified in the Application and the Engagement Letter and in accordance with the contingent fee arrangement set forth in the Application and the Engagement Letter; and it is further

ORDERED that the contingency fee arrangement is hereby approved and Milbank shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code, and not subject to any other standard of review under section 330 of the Bankruptcy Code; and it is further

ORDERED that (i) none of the fees hereunder shall constitute a "bonus" under applicable law; (ii) Milbank shall be required to maintain time records in one-quarter of an hour increments; and (iii) Milbank shall be entitled to any Payment in accordance with the terms set forth in the Application and without further application to the Court; and it is further

ORDERED that except as otherwise provided for in the Application, Milbank shall apply to the Court for interim and final payment of compensation in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines promulgated by the United States Trustee, and pursuant to any additional procedures that may be or have already been established by the Court in these cases; and it is further

ORDERED that to the extent this order is inconsistent with the Engagement Letter or the Application, this order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: March [  ], 2011
      New York, New York

                                                        _____
                                                        UNITED STATES BANKRUPTCY JUDGE