**RBC Wealth Management**™

February 17, 2011

United States Bankruptcy Court
Southern District of New York
Alexander Custom House
One Bowling Green
New York
New York 10004

**Royal Bank of Canada
(Channel Islands) Limited**
19 – 21 Broad Street, St Helier,
Jersey, Channel Islands, JE1 8PB

Tel.: +44 (0) 1534 283 000
Fax: +44(0)1534 283936
Direct: +44(0)1534 283013
darren.south@rbc.com
www.rbcwminternational.com

Dear Sirs,

**Re. Lehman Brothers Holdings Inc.
Case No. 08-13555
Court Claim No. 55849**

Please find attached documentation to effect a partial transfer of claim in the above, due to a transfer of securities in respect of a change in custodian of the beneficial owner.

Should you have any further requirements from Royal Bank of Canada (Channel Islands) Limited as transferee, please contact us on the above details.

Yours faithfully,

*[signature]*

Royal Bank of Canada (Channel Islands) Ltd

Encl.



Royal Bank of Canada (Channel Islands) Limited ("the Bank") is regulated by the Guernsey Financial Services Commission in the conduct of deposit taking and investment business and to act as a custodian/trustee of collective investment schemes in Guernsey and is also regulated by the Jersey Financial Services

B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

Royal Bank of Canada (Channel Islands) Limited          Citibank Singapore Limited
    Name of Transferee                                      Name of Transferor

Name and Address where notices to transferee       Court Claim # (if known): 55849
should be sent:

Royal Bank of Canada (Channel Islands)             Total Amount of Claim Filed: $27,912,010
Limited                                            Amount of Claim Transferred: $ 190,000
Attn: Corporate Actions                            ISIN/CUSIP: XS0301813522
19-21 Broad Street                                 Date Claim Filed: October 29, 2009
St Helier
Jersey                                             Phone:
Channel Islands                                    Last Four Digits of Acct #:   1105
JE1 8PB


Name and address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ____[signature]____                            Date:  31 January 2011
    Transferee/Transferee's Agent
    Hugh Waller
    Authorised Signatory

Form 210B (12/09)

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.
18 U.S.C. §§ 152 & 3571.

RECEIVED
FEB 2 3 2011

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 55849 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Partial Transfer of Claim Other than for Security in the clerk's office of this court on November __, 2010.

| | |
|---|---|
| <u>CITIBANK SINGAPORE LIMITED</u><br>Name of Alleged Transferor | <u>Royal Bank of Canada (Channel Islands) Limited</u><br>Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| 40A Orchard Road, 4th Floor<br>Macdonald house, NRI Business Center<br>Singapore 238838 | Royal Bank of Canada (Channel Islands) Limited<br>19-21 Broad Street<br>St Helier<br>Jersey<br>Channel Islands<br>JE1 8PB |
| With a copy to: | |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Attn: Douglas R. Davis<br>Phone: 212-373-3000<br>Email: ddavis@paulweiss.com | |

**~ DEADLINE TO OBJECT TO TRANSFER ~**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____          _____
                                                                  **CLERK OF THE COURT**

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Citibank Singapore Limited ("Transferor"), acting on behalf of one or more of its customers (the "Customer"), hereby unconditionally and irrevocably sells, transfers and assigns to Royal Bank of Canada (Channel Islands) Limited (the "Transferee"), and Transferee hereby agrees to transfer, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Transferred Claim"), in Transferor's right, title and interest in and to Proof of Claim Number 55849 filed by or on behalf of Transferor (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Transferor or its Customer relating to the Transferred Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Transferred Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Transferred Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Transferred Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Transferred Claim, and (iv) any and all of Transferor's or Customer's right, title and interest in, to and under the transfer agreements, if any, under which Transferor, Customer or any prior Transferor acquired the rights and obligations underlying or constituting a part of the Transferred Claim, but only to the extent related to the Transferred Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Transferred Security") relating to the Transferred Claim and specified in Schedule 1 attached hereto.

2. Transferor hereby represents and warrants to Transferee that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Transferor's Customer is the beneficial owner of the Transferred Securities relating to the Transferred Claim and specified in Schedule 1 attached hereto; (d) Transferor or its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Transferor or against Transferor; (e) Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (f) the Proof of Claim includes the Transferred Claim specified in Schedule 1 attached hereto; and (g) neither Transferor nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Transferor hereby waives any objection to the transfer of the Transferred Claims to Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Transferor transferring to Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Transferee.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Transferee shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor. Transferor hereby agrees to indemnify, defend and hold Transferee, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Transferor's breach of its representations and warranties made herein.

5. Transferor shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Transferor in respect of the Transferred Claims to Transferee. Transferor has transferred, or shall transfer as soon as practicable after the date hereof, to Transferee each Transferred Security to such account, via Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both Transferee and Transferor), as Transferee may designate in writing to Transferor. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to transfer of the Transferred Security.

6. Each of Transferor and Transferee agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Transferor and Transferee each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 31 day of January, 2011.

Citibank Singapore Limited

By: _____

[Insert Name of Signatory]
K.H. SUBRAMANIAM
40A Orchard Road, 4th Floor Macdonald house,
NRI Business Center
Singapore 238838

Royal Bank of Canada (Channel Islands) Limited

By: _____

Narhugh Waller
Authorised Signatory
19-21 Broad Street,
St Helier, Jersey,
Channel Islands JE1 8PB

2

Schedule 1

Transferred Claims

Transferred Claim

$190,000 of $27,912,010 (the outstanding amount of the Proof of Claim as of November [ ], 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Interest |
|---|---|---|---|---|---|---|---|
| 6.9% USD LEHMAN CAP FUND PERPETUALU | XS0301813522 | LEHMAN BROTHERS UK CAPITAL FUND | LEHMAN BROTHERS HOLDINGS INC. | 190,000 | [6.9%] | 01-JUN-2049 | N/A |