Page 1

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case No. 08-13555 (JMP)

5   - - - - - - - - - - - - - - - - - - - - - - -x

6   In the Matter of:

7

8   LEHMAN BROTHERS HOLDINGS INC., et al.,

9

10                  Debtors.

11

12   - - - - - - - - - - - - - - - - - - - - - - -x

13

14                  U.S. Bankruptcy Court

15                  One Bowling Green

16                  New York, New York

17

18                  November 10, 2010

19                  10:12 AM

20

21

22   B E F O R E:

23   HON. JAMES M. PECK

24   U.S. BANKRUPTCY JUDGE

25

Page 2

1

2   HEARING re Debtors' Twenty-Eighth Omnibus Objection to Claims

3   (Value Derivative Claims) [Docket No. 9983]

4

5   HEARING re Debtors' Forty-Fifth Omnibus Objection to Claims

6   (Settled Derivative Claims) [Docket No. 11582]

7

8   HEARING re Debtors' Forty-Sixth Omnibus Objection to Claims (No

9   Debtor Claims) [Docket No. 11584]

10

11   HEARING re Debtors' Forty-Seventh Omnibus Objection to Claims

12   (Duplicative of Broker Claims) [Docket No. 11586]

13

14   HEARING re Debtors' Forty-Eighth Omnibus Objection to Claims

15   (Duplicative of Indenture Trustee Claims) [Docket No. 11587]

16

17   HEARING re Debtors' Fiftieth Omnibus Objection to Claims

18   (Duplicative of Indenture Trustee Claims) [Docket No. 11596]

19

20   HEARING re Debtors' Fifty-Second Omnibus Objection to Claims

21   (Duplicative of Indenture Trustee Claims) [Docket No. 11609]

22

23   HEARING re Debtors' Fifty-Third Omnibus Objection to Claims

24   (Duplicative of Indenture Trustee Claims) [Docket No. 11610]

25

Page 3

1    HEARING re Debtors' Fifty-Fourth Omnibus Objection to Claims

2    (Duplicative of Indenture Trustee Claims) [Docket No. 11611]

3

4    HEARING re Debtors' Fifty-Fifth Omnibus Objection to Claims

5    (Duplicative of Indenture Trustee Claims) [Docket No. 11612]

6

7    HEARING re Debtors' Fifty-Sixth Omnibus Objection to Claims

8    (Valued Derivative Claims) [Docket No. 11613]

9

10   HEARING re Debtors' Forty-Ninth Omnibus Objection to Claims

11   (Duplicative of Indenture Trustee Claims) [Docket No. 11594]

12

13   HEARING re Debtors' Fifty-First Omnibus Objection to Claims

14   (Duplicative of Indenture Trustee Claims) [Docket No. 11608]

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sharona Shapiro

Page 4

```
 1

 2   A P P E A R A N C E S:

 3   WEIL, GOTSHAL & MANGES LLP

 4        Attorneys for Lehman Brothers Holdings, Inc.

 5        767 Fifth Avenue

 6        New York, NY  10153

 7

 8   BY:   SHAI WAISMAN, ESQ.

 9        TERESA C. BRADY, ESQ.

10

11   WEIL, GOTSHAL & MANGES LLP

12        Attorneys for Lehman Brothers Holdings, Inc.

13        200 Crescent Court, Suite 300

14        Dallas, TX 75201

15

16   BY:   ERIN D. ECKOLS, ESQ.

17

18

19   MILBANK, TWEED, HADLEY & MCCLOY LLP

20        Attorneys for Official Committee

21        One Chase Manhattan Plaza

22        New York, NY 10005

23

24   BY:   BRADLEY SCOTT FRIEDMAN, ESQ.

25
```

Page 5

1    STUTMAN, TREISTER & GLATT

2          Attorneys for Perry Capital

3          1901 Avenue of the Stars

4          12th Floor

5          Los Angeles, CA 90067

6

7    BY:   MARINA FINEMAN, ESQ.

8          (TELEPHONICALLY)

9

10   CHAPMAN AND CUTLER LLP

11         Attorneys for U.S. Bank

12         111 West Monroe Street

13         Chicago, IL 60603

14

15   BY:   FRANKLIN H. TOP, III, ESQ.

16         (TELEPHONICALLY)

17

18   BROWN RUDNICK LLP

19         Attorneys for Ad Hoc Committee Of Treasury Bondholders

20         One Financial Center

21         Boston, MA 02111

22

23   BY:   BENJAMIN R. CHAPMAN, ESQ.

24         (TELEPHONICALLY)

25

Page 6

1

2   TELEPHONIC APPEARANCES:

3   ANATOLY BUSHLER, Farralon Capital Management

4   AARON H. SHER, HLH Partnership

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 7

1                    P R O C E E D I N G S

2          THE CLERK:  All rise.

3          THE COURT:  Be seated, please.

4          MR. WAISMAN:  Good morning, Your Honor.  Shai Waisman,

5    Weil, Gotshal & Manges on behalf of Lehman Brothers Holdings,

6    Inc. and its affiliated debtors.

7          We're here this morning for our omnibus claims

8    objection calendar.  There are approximately eleven omnibus

9    objections going forward on an uncontested basis and then two

10   omnis going forward on a contested basis.  We filed an agenda

11   letter yesterday and a revised agenda letter last night to

12   reflect the adjournment of what has been on the calendar before

13   and was possibly to be an evidentiary hearing, but that's not

14   going forward today and has been adjourned to the next hearing

15   date.  With that I would turn --

16          THE COURT:  Just one question about the evidentiary

17   hearing.  Do you have some sense as to what will be involved in

18   that evidentiary hearing?  I'm familiar with the matter and

19   reminded myself of the issues about the address and notice of

20   the bar date.  But do you have any indication as to the number

21   of witnesses, the type of evidence, the amount of time that

22   will be required?  If you don't that's okay but I'm interested

23   in knowing for calendar purposes.

24          MR. WAISMAN:  I do, Your Honor.  In terms of the

25   magnitude of the evidentiary hearing, we would envision it and

LEHMAN BROTHERS HOLDINGS, INC.

Page 8

1    we would like to believe that it would simply be the claimant

2    taking the stand under oath, offering evidence.  The debtors

3    have no intent of calling any witnesses.  And if there's any

4    cross-examination it would be just a few minutes long.

5           THE COURT:  Okay.

6           MR. WAISMAN:  We would --

7           THE COURT:  And was discovery taken?

8           MR. WAISMAN:  No discovery has been taken.  We have --

9    and the reason for the adjournment is simply the fact that we

10   have repeatedly advised the claimant that whether or not the

11   claim is successful on the merits of that hearing and that

12   motion, there are other deficiencies that we've explicitly laid

13   out -- you know, in the debtors' eyes, deficiencies to the

14   claim, and perhaps not a useful expenditure of the claimant's

15   resources.  And in addition we actually believe that the claim

16   is not properly asserted against this estate but rather the

17   Lehman Brothers, Inc. estate where most of the employees

18   resided at the time of the filing.  Based upon that ongoing

19   conversation it's not clear that we will ever get to an

20   evidentiary hearing.

21          THE COURT:  All right, fine.

22          MR. WAISMAN:  The claimant is considering his options.

23          THE COURT:  I'm just going to mention, because we're

24   talking about evidentiary hearings, that relatively promptly

25   I'm going to be issuing a decision in reference to the Kuntz

Page 9

1    claims and the objection to the Kuntz claims which will address

2    some questions relating to the right to an evidentiary hearing

3    in respect of claims objections and that should be out probably

4    by the end of the week.

5            MS. WAISMAN:  We'll look for that, Your Honor.  Thank

6    you.

7            THE COURT:  Okay.

8            MR. WAISMAN:  With that, unless Your Honor wants to

9    proceed in any other fashion, we would simply take the calendar

10   as filed in the agenda letter last night.

11           THE COURT:  Fine.

12           MR. WAISMAN:  Thank you, Your Honor.

13           THE COURT:  Good morning.

14           MS. BRADY:  Good morning, Your Honor.  My name is

15   Teresa Brady.  I'm here with the firm Weil, Gotshal & Manges on

16   behalf of the debtors.

17           I'm going to address agenda item number 1 relating to

18   the twenty-eighth omnibus objection, and later I will address

19   agenda item number 11, the fifty-sixth omnibus objection.  And

20   both of these are uncontested matters.

21           With respect to the twenty-eight omnibus objection, at

22   the last claims hearing on October 27th we adjourned to today's

23   hearing two counterparties so that the debtors could have some

24   more time to try and settle those claims, and the debtors have

25   successfully settled one of those claims relating to the

Page 10

1   response of the Rutland Hospital, Incorporated, and so this

2   morning we have a proposed order for Your Honor.  It's a

3   supplemental order reducing this claim to the settled amount.

4        With respect to the one other matter that was

5   previously adjourned from the twenty-eighth omnibus objection,

6   this counterparty is Investcorp Interlachen Multi-Strategy

7   Master Fund, and this is actually the only remaining matter

8   that is outstanding as to the twenty-eighth omnibus objection.

9   The parties are still negotiating in good faith and therefore

10  we're going to respectfully respect that we adjourn Investcorp

11  until the claims hearing that is scheduled toward December 22nd

12  just to give them a little bit more time to try to resolve the

13  matter.

14        We therefore respectfully request that Your Honor

15  grant a second supplemental order on the twenty-eighth omnibus

16  objection which would reduce and allow the Rutland claim and

17  also adjourn the Investcorp claim.

18        THE COURT:  The relief requested is granted.

19        MS. BRADY:  Thank you, Your Honor.

20        If there are no questions I'm going to go ahead and

21  turn the podium over to my colleague Erin Eckols.  She's going

22  to be addressing agenda items 2 through 10.

23        THE COURT:  Okay.

24        MS. ECKOLS:  Good morning, Your Honor.  Erin Eckols

25  with Weil, Gotshal for the debtors.

Page 11

1          As Ms. Brady said, I will be covering agenda items 2

2    through 10 which are eight uncontested omnibus objections.  I'm

3    then going to turn it over to Ms. Brady for agenda item number

4    11 and then we'll handle agenda items 12 through 13 which are

5    the two omnibus objections that are contested.

6          Your Honor, as you're aware, the debtors are

7    continuing to process the 65,000 plus claims that have been

8    filed against the estate.  The omnis represented by agenda

9    items 2 through 10 seek to disallow and expunge approximately

10   2,200 claims and seek to reduce and reclassify approximately

11   146 claims.

12         For each of these omnis the debtors continue their

13   practice of prominently identifying a specific debtors' counsel

14   that claimants could call with any questions they may have.

15   And the debtors have spent hours talking with claimants and

16   their counsel regarding these omnibus objections which resulted

17   in there being few formal responses filed.  Unless Your Honor

18   has any questions I'm going to move to the specific discussion

19   of the omnibus objections.

20         THE COURT:  I have no questions.

21         MS. ECKOLS:  Okay.  Agenda item number 2 is omnibus

22   objection number forty-five for settled derivative claims.

23   These were claims that the parties had reached an agreement

24   with respect to the claim amount, classification, and/or debtor

25   entity that is not reflected on the claimant's proof of claim.

Page 12

1    The omnibus objection is seeking to modify those claims to

2    conform to the parties' agreement.  Thus the debtors

3    respectfully request that the Court grant omnibus objection

4    number forty-five.

5            THE COURT:  It's granted.

6            MS. ECKOLS:  Agenda item number 30 is omnibus

7    objection forty-six, no debtor claims.  This omnibus objection

8    seeks to disallow and expunge claims that fail to identify the

9    debtor entity against which the claim was asserted as required

10   by the bar date order.  This omni is proceeding uncontested

11   today and thus the debtors respectfully request that the Court

12   grant omnibus objection forty-six.

13           THE COURT:  Omnibus objection forty-six is granted as

14   to those that are unresponded to and not being adjourned.

15           MS. ECKOLS:  Moving on to agenda item number 4,

16   omnibus objection forty-seven which is duplicative of broker

17   claims.  These are similar to the omnibus objection seeking to

18   expunge claims on the basis that they are duplicative of the

19   indenture trustee claims.  Specifically, objection number

20   forty-seven seeks to disallow and expunge claims filed by

21   certain individuals that are duplicative of a global claim

22   filed by Wing Hang Bank on behalf of itself and its customers.

23           The debtors identified the duplication using blocking

24   numbers, the blocking number listed on the individual claims

25   matched to blocking numbers that Wing Hang is identified as

LEHMAN BROTHERS HOLDINGS, INC.

Page 13

1    being the beneficiary for.  And nearly all of the claimants

2    checked the box on their proofs of claim saying that someone

3    was filing a proof of claim on their behalf and referenced Wing

4    Hang Bank in some way.  Thus both the individuals and Wing Hang

5    Bank are seeking to recover from LBHI for amounts allegedly due

6    under certain notes issued by Lehman Brothers treasury.

7            Again, the debtors received zero inquiries and zero

8    responses to this omnibus objection and respectfully request

9    that the Court grant omnibus objection forty-seven.

10           THE COURT:  Omnibus objection forty-seven is granted.

11           MS. ECKOLS:  Because agenda items 5 through 10 are all

12   the same type of omnibus objection.  I'm going to discuss them

13   all together unless Your Honor has an objection to me doing so.

14           THE COURT:  No objection.

15           MS. ECKOLS:  Agenda items 5 through 10 cover omnibus

16   objections forty-eight, fifty, fifty-two through fifty-five.

17   These omnibus objections seek to expunge claims filed by

18   individual holders of securities that are in substance

19   duplicative of the global claims filed by the applicable

20   indenture trustee, the Wilmington Trust or Bank of New York

21   Mellon.  That was filed on behalf of the holders of those same

22   securities.  As they have done in the past, the debtors

23   coordinated with the indenture trustees and the indenture

24   trustees each appointed specific attorneys that the debtors

25   could refer claimants that had additional questions that we

Page 14

1    could send them to them.

2            These six omnibus objections have over 1,850 claims

3    with an asserted value of approximately 1.1 billion dollars.

4    To the extent that responses were received to these omnibus

5    objections, they were either resolved or adjourned.

6    Accordingly, the debtors respectfully request that the Court

7    grant omnibus objections forty-eight, fifty, fifty-two through

8    fifty-five.

9            THE COURT:  They're all granted.

10           MS. ECKOLS:  Thank you.

11           Now I'm going to turn over the podium to Ms. Brady for

12   agenda item number 11.

13           MS. BRADY:  Teresa Brady, Your Honor.  I'm now going

14   to speak to agenda item number 11, the fifty-sixth omnibus

15   objection.  Relating to this omnibus objection the debtors are

16   seeking to reduce and allow fifteen claims that were named in

17   that objection.  They all relate to the same counterparty, ING

18   and ING did not file a response to that omnibus objection.

19           There are two other remaining claims with respect to

20   the fifty-sixth omnibus objection and they all relate to the

21   same counterparty, Astrea LLC.  The debtors and Astrea have

22   recently begun discussions to try to amicably resolve the

23   claims, and therefore we're respectfully requesting an

24   adjournment as to Astrea LLC until the January 20, 2011 claims

25   hearing.

1          Therefore we have an order for both reductions and the

2     adjournments for Your Honor and we respectfully request that

3     Your Honor grant the fifty-sixth omnibus objection reducing and

4     allowing the fifteen ING claims and adjourning the Astrea LLC

5     claims.

6          THE COURT:  That relief is granted.

7          MS. BRADY:  Thank you, Your Honor.

8          Now my colleague Erin Eckols will address the balance

9     of the agenda this morning.

10         THE COURT:  Okay.

11         MS. ECKOLS:  Your Honor, I will be now taking up the

12    contested matters, agenda items 12 and 13.  Agenda item number

13    12 is omnibus objection forty-nine which is an omnibus

14    objection seeking to disallow and expunge claims on the basis

15    that they are duplicative of those filed by the indenture

16    trustee, in this case Bank of New York Mellon.

17         There are two contested responses going forward today:

18    one submitted by Sumner Mudge and one submitted by Patricia

19    Mudge.  These two responses are virtually identical and I was

20    going to discuss them together.

21         The Mudges each filed a proof of claim seeking to

22    recover for a security with the CUSIP 52520B206.  That CUSIP

23    belongs to a security that Bank of New York Mellon is seeking

24    to recover for as indenture trustee under claim 22122.

25    Accordingly the Mudges' claims are duplicative of the indenture

 1   trustee's claims.

 2         In their responses the Mudges do not dispute that

 3   their claims are duplicative of the Bank of New York Mellon

 4   claim.  Instead, their responses assert that they are holders

 5   of preferred stock and should be paid prior to holders of

 6   common stock.  They further contend that should be paid outside

 7   of the general claims process.

 8         The Mudges' objections are not well taken.  Regardless

 9   of how the Mudges characterize the security that they own as

10   preferred stock, Bank of New York Mellon is claiming for the

11   same security and should be the party that proceeds.  Moreover,

12   the Mudges do not provide any support for their assertion that

13   they should be paid outside of the general claims process.

14   There is no legitimate reason to treat the Mudges differently

15   from all the other creditors that must go through the claims

16   process to receive distributions.  Accordingly, the debtors

17   respectfully request that the Court overrule the Mudges'

18   responses and grant omnibus objection forty-nine.

19         THE COURT:  Are the Mudges present or is anyone here

20   representing their interests?

21         MS. ECKOLS:  I do not believe so ,Your Honor.

22         THE COURT:  Is there anyone on the telephone

23   representing the Mudges' interests?

24     (No response)

25         THE COURT:  The responses of Summer Mudge and his wife

Page 17

1    Patricia Mudge which I have read fail to state good cause why

2    these claims should not be disallowed as duplicative of the

3    indenture trustee claims.  And as a result, to the extent that

4    these responses constitute objections these objections are

5    overruled.

6              MS. ECKOLS:  Thank you, Your Honor.  Moving on to

7    agenda item number 13, omnibus objection number fifty-one,

8    which is again an omnibus objection that seeks to disallow and

9    expunge claims on the basis that they are duplicative of those

10   filed by the indenture trustee, in this instance, Wilmington

11   Trust.

12             There were five responses received, three which are

13   going forward today:  the objections by Chris Stovic, Daniel

14   Ebbert and the Senior Civil Liberties Association.  These

15   respondents' claims were previously objected to on debtors'

16   eighteenth omnibus objection which was also an objection for

17   claims duplicative of the indenture trustee.  Each of these

18   claimants responded to the eighteenth omnibus objection.

19   Accordingly, these are claimants that the debtors had

20   previously spoken to at length and explained the rationale for

21   the debtors objecting to claims as duplicative of the indenture

22   trustee claims.

23             One of those responses to the eighteenth omnibus

24   objection, that of Mr. Stovic, was resolved prior to the

25   hearing, but the responses of Mr. Ebbert and the SCLA were

1    overruled by the Court at that hearing.  However, these

2    claimants were part of the group that the debtors agreed to

3    renotice at the request of the Court and the indenture

4    trustees.

5         As Your Honor may recall, at the hearing on debtors'

6    initial set of duplicative indenture trustee omnibus objections

7    in June, the debtors agreed to renotice claimants that had

8    asserted entitlement to treatment as a secured administrative

9    expense or priority claim.  The debtors renoticed these

10   claimants in the context of a new omnibus objection, number

11   fifty-one, and these three claimants objected again.

12        Taking them in order of the agenda, the objection of

13   Chris Stovic.  Mr. Stovic filed a proof of claim seeking to

14   recover for a note identified with the CUSIP 524908BQ2.  That

15   CUSIP belongs to a note that is listed on Wilmington Trust

16   proof of claim filed in its capacity as indenture trustee.  Mr.

17   Stovic does not dispute that his claim is duplicative of the

18   Wilmington Trust claim.  His objection is based on his alleged

19   entitlement to a secured as opposed to general unsecured claim.

20   However, Mr. Stovic does not and cannot set forth any basis for

21   why his note claim should be treated as a secured claim.  The

22   notes that Wilmington Trust seeks to recover for are unsecured

23   and thus Wilmington Trust properly filed its claim as general

24   unsecured.  Accordingly, Mr. Stovic's objection should be

25   overruled.

1           THE COURT:  Is there anyone here on Mr. Stovic's

2      behalf?

3           (No response)

4           THE COURT:  Is Mr. Stovic here?

5           (No response)

6           MS. ECKOLS:  Your Honor, he informed debtors' counsel

7      that he would not be attending the hearing today.

8           THE COURT:  I believe that I read in his written

9      submission that Mr. Stovic, both for financial reasons and

10     health reasons, would be unable to appear personally.  But it

11     occurred to me that he might be available by phone.  Is Mr.

12     Stovic on the phone?

13          (No response)

14          THE COURT:  All right, Mr. Stovic is neither

15     represented nor appearing in person or by telephone.  I've read

16     his response.  I agree with the debtors' position and to the

17     extent that Mr. Stovic's response is deemed to be an objection

18     that objection is overruled.

19          MS. ECKOLS:  Thank you, Your Honor.

20          Moving on to the objection of Senior Civil Liberties

21     Association, Inc. -- I'm going to refer to this claimant as

22     SCLA for short.  SCLA filed a claim seeking to recover for a

23     note identified with the CUSIP 52519FCB5.  That CUSIP number is

24     also listed on the Wilmington Trust claim.  Accordingly, the

25     SCLA claim is duplicative of the Wilmington Trust claim.  In

Page 20

1  SCLA's response it does not dispute or even make any mention of

2  whether its claim is duplicative of the indenture trustee

3  claim.

4       The crux of SCLA's response is that as a tax-exempt

5  charity the SCLA believes that its claim should be paid in

6  full.  This is irrelevant to the question of whether the SCLA

7  claim is duplicative of the Wilmington Trust claim.  Because

8  SCLA is seeking to recover for the same note that Wilmington

9  Trust is seeking to recover for the debtors respectfully

10  request that the Court overrule SCLA's objection to the

11  debtors' fifty-first omnibus objection.

12       THE COURT:  Is SCLA represented?  Anyone here on their

13  behalf in person or on the phone?

14     (No response)

15       THE COURT:  I hear no response.  There's no one

16  representing the Senior Civil Liberties Association,

17  Incorporated.  I've read their submission.  It does not really

18  address the question of the duplicative nature of this claim,

19  and to the extent this is an objection it's overruled.

20       MS. ECKOLS:  Your Honor, moving on to the objection of

21  Daniel J. Ebbert.  Mr. Ebbert filed a claim for a note with a

22  CUSIP number 52517PK59.  That CUSIP number is listed on the

23  Wilmington Trust claim.  Accordingly, Mr. Ebbert's claim is

24  duplicative of the Wilmington Trust claim.

25       In our prior communications with Mr. Ebbert he

Page 21

1    acknowledged that the note he was seeking to recover for was in

2    fact on the Wilmington Trust claim.  Regardless, in his

3    response, Mr. Ebbert asserts that his claim is not duplicative

4    of the Wilmington Trust claim.  He further states that claims

5    for losses from individual retirement accounts should be given

6    priority treatment over other claims.

7          Mr. Ebbert's response should be overruled.  The CUSIP

8    number of his note is in fact on the indenture trustee claim.

9    Moreover, Mr. Ebbert does not provide any support, nor can he,

10   for his assertion that claims for losses from individual

11   retirement accounts should be given priority over other claims.

12   Moreover, whether a separate class of claims should be created

13   for ones arising from IRAs is irrelevant to the question of

14   whether Mr. Ebbert's claim is seeking to recover for the same

15   note as the Wilmington Trust claim.

16          Accordingly, the debtors respectfully request that the

17   Court overrule Mr. Ebbert's objection to the debtors' fifty-

18   first omnibus objection.

19          THE COURT:  Is Mr. Ebbert present in person or by

20   counsel, either here or by telephone?

21      (No response)

22          MS. ECKOLS:  Your Honor, he informed debtors that he

23   would not be participating either in person or telephonically

24   at this hearing.

25          THE COURT:  All right.  Mr. Ebbert is not prosecuting

LEHMAN BROTHERS HOLDINGS, INC.

Page 22

```
 1   his response as seems to be the case with everybody else that's

 2   in this category of objectors.  I've read Mr. Ebbert's

 3   submission.   I agree with the debtors that IRA status accords

 4   no special benefits to a claimant, and the objection of Mr.

 5   Ebbert is overruled.

 6         MS. ECKOLS:  Thank you, Your Honor.  And then

 7   therefore the debtors respectfully request that you grant,

 8   overall, debtors' fifty-first omnibus objection.

 9         THE COURT:  That objection is granted.

10         MS. ECKOLS:  Thank you.  And I'm not sure that I asked

11   you to do that for omni forty-nine, so if you'd indulge me,

12   respectfully --

13         THE COURT:  To the extent that that didn't happen

14   already, it's happening now.

15         MS. ECKOLS:  Thank you so much.  And Your Honor, that

16   wraps up the matters on today's claims agenda unless Your Honor

17   has any questions.

18         THE COURT:  I don't have any other questions, and if

19   there's nothing else we're adjourned.

20         MS. ECKOLS:  Thank you.

21         THE COURT:  Thank you.

22         (Whereupon, the proceedings were concluded at 10:34 a.m.)

23

24

25
```

Page 23

```
 1

 2                    I N D E X

 3                  R U L I N G S

 4                                          PAGE LINE

 5   Omnibus objection forty-five granted     12    4

 6   Omnibus objection forty-six granted as   12    12

 7   to those that are unresponded to and

 8   not being adjourned

 9   Omnibus objection forty-seven granted    13    9

10   Omnibus objections forty-eight, fifty,   14    8

11   fifty-two through fifty-five granted

12   Fifty-sixth omnibus objection, reducing  15    4

13   and allowing the fifteen ING claims and

14   adjourning the Astrea LLC claims, granted

15   Mudges' responses to omnibus objection   17    3

16   forty-nine are overruled

17   Chris Stovic's objection to fifty-first  19    16

18   omnibus objection overruled

19   SCLA's objection to fifty-first          20    16

20   omnibus objection overruled

21   Daniel Ebbert's objection to fifty-first 21    24

22   omnibus objection overruled

23   Omnibus objection fifty-one granted      22    5

24   Omnibus objection forty-nine granted     22    9

25
```

Page 24

1

2                        C E R T I F I C A T I O N

3

4    I, Sharona Shapiro, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6    **Sharona**         Digitally signed by Sharona Shapiro
                          DN: cn=Sharona Shapiro, o, ou,
                          email=digital1@veritext.com, c=US
7    **Shapiro**         Date: 2010.11.11 16:32:12 -05'00'
     _____

8    SHARONA SHAPIRO

9    AAERT Certified Electronic Transcriber (CET**D-492)

10

11   Veritext

12   200 Old Country Road

13   Suite 580

14   Mineola, NY 11501

15

16   Date: November 11, 2010

17

18

19

20

21

22

23

24

25