**Presentment Date and Time: March 16, 2011 at 12:00 noon (Prevailing Eastern Time)**
**Objection Deadline: March 16, 2011 at 11:30 a.m. (Prevailing Eastern Time)**

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Jayant W. Tambe
Aviva Warter Sisitsky
Benjamin Rosenblum

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :   Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :   Case No. 08-13555 (JMP)
                                                               :
                                        Debtors.               :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x
                                                               :
LEHMAN BROTHERS HOLDINGS INC. and                              :
LEHMAN BROTHERS SPECIAL                                        :   Adv. Proc. No. 10-03228-jmp
FINANCING, INC. and OFFICIAL COMMITTEE                         :
OF UNSECURED CREDITORS OF LEHMAN                               :
BROTHERS HOLDINGS INC., *et al*.                               :
                                 Plaintiffs and                :
                                 Intervenor,                   :
                                                               :
    -against-                                                  :
                                                               :
NOMURA INTERNATIONAL PLC,                                      :
                                                               :
                                        Defendant.             :
---------------------------------------------------------------x
                                                               :
LEHMAN BROTHERS HOLDINGS INC. and                              :
LEHMAN BROTHERS SPECIAL                                        :   Adv. Proc. No. 10-03229-jmp
FINANCING, INC. and OFFICIAL COMMITTEE                         :
OF UNSECURED CREDITORS OF LEHMAN                               :
BROTHERS HOLDINGS INC., *et al*.                               :
                                                               :
                                 Plaintiffs and                :
                                 Intervenor,                   :
                                                               :
    -against-                                                  :

| | |
|---|---|
| NOMURA SECURITIES CO., LTD. | : |
| | : |
| Defendant. | : |

-----------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF STIPULATED PROTECTIVE ORDER

**PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed Stipulated Protective Order (the "Stipulated Protective Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **March 16, 2011 at 12:00 noon (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulated Scheduling Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **March 16, 2011 at 11:30 a.m. (Prevailing Eastern Time)**, the Stipulated Scheduling Order may be signed.

Dated: March 10, 2011        Respectfully submitted,
       New York, New York

                             /s/ Benjamin Rosenblum
                             Jayant W. Tambe
                             Aviva Warter Sisitsky
                             Benjamin Rosenblum
                             JONES DAY
                             222 East 41st Street
                             New York, New York  10017
                             Telephone:  (212) 326-3939
                             Facsimile:  (212) 755-7306

**STIPULATED PROTECTIVE ORDER**

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball
Jayant W. Tambe
Aviva Warter Sisitsky
Sarah E. Lieber

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
-------------------------------------------------------------x
:
LEHMAN BROTHERS HOLDINGS INC. and :
LEHMAN BROTHERS SPECIAL : Adv. Proc. No. 10-03228-jmp
FINANCING, INC. and OFFICIAL COMMITTEE :
OF UNSECURED CREDITORS OF LEHMAN :
BROTHERS HOLDINGS INC., *et al*. :
Plaintiffs and :
Intervenor, :
:
-against- :
:
NOMURA INTERNATIONAL PLC, :
:
Defendant. :
-------------------------------------------------------------x
:
LEHMAN BROTHERS HOLDINGS INC. and :
LEHMAN BROTHERS SPECIAL : Adv. Proc. No. 10-03229-jmp
FINANCING, INC. and OFFICIAL COMMITTEE :
OF UNSECURED CREDITORS OF LEHMAN :
BROTHERS HOLDINGS INC., *et al*. :
:
Plaintiffs and :
Intervenor, :

|                                       | : |
|---------------------------------------|---|
| -against-                             | : |
|                                       | : |
| NOMURA SECURITIES CO., LTD.           | : |
|                                       | : |
|         Defendant.                    | : x |

-----------------------------------------------------------------

## STIPULATED PROTECTIVE ORDER

WHEREAS, on April 23, 2010, Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing, Inc. (and together with LBHI's affiliated debtors in the above-referenced chapter 11 cases, the "Plaintiffs") filed an *Objection of Debtors and Debtors In Possession to Claims of Nomura Global Financial Products, Inc.*, Case No. 08-13555 (JMP) (Docket No. 8612) (the "NGFP Proceeding");

WHEREAS, pursuant to the Federal Rules of Bankruptcy Procedure, the Plaintiffs and Nomura Global Financial Products, Inc. ("NGFP") anticipate the need for requesting that the other produce certain documents and provide information in connection with the NGFP Proceeding (the "Discovery Materials");

WHEREAS, the Parties have agreed that certain Discovery Materials be subject to a protective order, pursuant to Fed. R. Bankr. P. 7026 and 9014, to protect the confidentiality of sensitive information; and

WHEREAS, NGFP, the Plaintiffs and the Official Committee of Unsecured Creditors (each a "Party" and together the "Parties"), have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. This Protective Order governs the production and/or provision of Discovery Materials.

-2-

2. A Party that is required to produce or provide Discovery Materials (a "Producing Party") to another Party (the "Receiving Party") may designate as "Confidential" that portion of any Discovery Materials provided by the Producing Party that such Producing Party in good faith believes meets any of the following criteria in subparagraphs (a) - (d) below, provided that "Confidential" information shall not include: information that is at any time independently developed by a Receiving Party without use of or reliance upon any of the Discovery Materials provided by the Producing Party; information rightfully acquired by a Receiving Party from an independent source without restrictions as to use; information that was, prior to disclosure, rightfully in the possession or knowledge of such Receiving Party; information that is publicly available in substantially the same form in which it was provided by the Producing Party; or information that is voluntarily de-designated by the Producing Party. Subject to these conditions and limitations, the Producing Party may designate the following as "Confidential":

(a) information that the Producing Party is required by law or regulation to protect from disclosure;

(b) information that reveals the Producing Party's methodology in regard to risk-rating, valuation or other forms of financial or credit analysis or that is otherwise of a proprietary and competitively-sensitive nature;

(c) information that is of a personal or intimate nature regarding any individual that could cause harm to the reputation of or embarrassment to the individual; and

(d) any other category of information hereinafter given "Confidential" status by agreement of the Parties or further Order of the Court.

3. Any Producing Party may designate Discovery Materials as Confidential by affixing to them the legend: "CONFIDENTIAL" in a size and location that makes the

designation readily apparent. In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic data is stored.

4.      Discovery Materials that have been designated Confidential shall be maintained in confidence and they shall not be shared with any person other than: (i) the Parties, their parents, subsidiaries, affiliates and employees; (ii) persons who have lawfully already seen or received the Discovery Materials at issue; (iii) Jones Day, in its capacity as counsel to the Debtors, including Jones Day attorneys, legal assistants, paralegals, secretaries, and other staff; (iv) Shearman & Sterling, in its capacity as counsel to NGFP, including Shearman & Sterling attorneys, legal assistants, paralegals, secretaries, and other staff; (v) the Official Committee of Unsecured Creditors of Lehman, as well as its consultants, advisors and counsel; (vi) attorneys, staff, consultants and advisors employed by the Parties, including legal assistants, paralegals, secretaries, and other staff; (vii) professional firms or persons as are retained by the Parties to provide specialized advice in connection with these proceedings, including their staff; (viii) outside vendors such as copy services or document management vendors used by the Parties; (viii) the Bankruptcy Court (in accordance with paragraph 10); (ix) a witness or other person providing information to a Party; and (x) other persons upon further order of the Court or the mutual consent of the Parties.

5.      Discovery Materials that have been designated as Confidential shall be maintained in confidence, and they shall not be shared by any Party other than as set forth herein. Discovery Materials that have been designated as Confidential may be shared with any person or entity identified in paragraph 4 without providing notice to the Producing Party, provided that counsel for such Receiving Party has advised any person or entity with whom or with which it

-4-

shares Discovery Materials that have been designated Confidential of the confidentiality of such Discovery Materials and existence of this Protective Order, and provided, further, that no other parties are present at the disclosure of Confidential information who are not entitled to see Confidential information.

6.  If Confidential materials are utilized in a deposition or other recorded interview, then it shall be indicated on the record by counsel for the Receiving Party (or, if counsel for the Producing Party is present, by counsel for the Producing Party) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

7.  In the event that a Receiving Party is required, by interrogatories, subpoena, civil investigative demand or similar legal process or applicable law or regulation, to disclose any of the Discovery Materials provided by the Producing Party that are designated as Confidential, it is agreed that the Receiving Party will provide the Producing Party with written notice as soon as reasonably practicable, and in no event more than five (5) business days after such event so that the Producing Party may seek a protective order or other appropriate remedy or waive compliance with the applicable provisions of this Protective Order. In the event that the Producing Party determines to seek such protective order or other remedy, the Receiving Party will not oppose the Producing Party seeking such protective order or other remedy, provided that the terms of the protective order the Producing Party seeks will not narrow the scope of this Protective Order. In the event that such protective order or other remedy is not obtained and disclosure of the Discovery Materials designated as Confidential is required under law, or the Producing Party grants a waiver hereunder, the Receiving Party (i) may, without liability

-5-

hereunder, furnish that portion (and only that portion) of the Discovery Materials which the Receiving Party is legally required to disclose, and (ii) will exercise its commercially reasonable efforts to have confidential treatment accorded the Discovery Materials so furnished.

8.  If at any time the Producing Party determines that certain testimony or some portion(s) of Discovery Materials that it previously produced should be designated as Confidential, the Producing Party shall apprise the Receiving Party in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be treated as Confidential under the terms of this Protective Order, provided, however, that the Producing Party shall, at their cost, provide the Receiving Party with substitute copies, bearing the appropriate legend, of any such Discovery Materials.

9.  All Confidential information filed with the Bankruptcy Court, and all portions of pleadings, motions or other papers filed with the Bankruptcy Court that disclose such Confidential Discovery Materials, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Bankruptcy Court.

10.  No party is obliged to object to the designation of any Discovery Materials as Confidential at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent objection thereto.  In the event the Receiving Party objects to any designation of testimony or Discovery Materials as Confidential, the Receiving Party shall so inform the Producing Party, stating the grounds of the objection, and the Parties shall have seven (7) business days to attempt to resolve the objection, at the end of which the Receiving Party may seek a ruling from the Bankruptcy Court that such information should not be treated as Confidential, provided that no Confidential information shall be filed in the public record prior to

such a determination by the Court, and provided further that the burden shall be on the Producing Party to justify the claim that disputed material has been properly designated.

11. Nothing in this Protective Order shall limit the rights of the United States trustee, bankruptcy administrator, trustee, or any auditor serving under section 586(f) of title 28 from full access to all information contained in any paper filed or submitted in the above-referenced cases in accordance with section 107(c)(3) of the Bankruptcy Code, provided, however, such entity shall not disclose information specifically protected by the Court under this Protective Order.

12. Notwithstanding a Producing Party's designation of Discovery Materials as Confidential, nothing in this Protective Order shall limit any third party's right to challenge such designation in the Bankruptcy Court or any other court of competent jurisdiction.

13. This Protective Order shall survive the termination of these proceedings.

Dated: August 19, 2010
    New York, New York

       Sarah E. Lieber
Corinne Ball
Jayant W. Tambe
Aviva Warter Sisitsky
Sarah E. Lieber
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
*Attorneys for the Debtors and Debtors in Possession*

Dated: August 18, 2010
    New York, New York

       Brian H. Polovoy
Douglas P. Bartner
Henry Weisburg
Brian H. Polovoy
SHEARMAN & STERLING
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179
*Attorneys for the Nomura Global Financial Products, Inc.*

Dated: August 19, 2010
    New York, New York

       David S. Cohen
Dennis F. Dunne
Evan R. Fleck
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

David S. Cohen
Adrian C. Azer (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
*Attorneys for the Official Committee of Unsecured Creditors*

SO ORDERED
Dated: March __, 2011
    New York, New York

_____
U.S. BANKRUPTCY JUDGE