**Presentment Date and Time:  March 29, 2011 at 12:00 Noon (Prevailing Eastern Time)**
**Objection Date and Time:  March 28, 2011 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (if an Objection is Filed):  TBD**

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone:  (414) 273-3500
Facsimile:  (414) 273-5198

Timothy F. Nixon
Brady C. Williamson (*Pro Hac Vice* Pending)
Katherine Stadler (*Pro Hac Vice* Pending)

*Proposed Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------
|  | x |  |
| **In re** | : | **Chapter 11** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | **Case No. 08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
-----------------------------------------------------------

## NOTICE OF PRESENTMENT OF APPLICATION OF THE FEE COMMITTEE FOR AUTHORIZATION TO EMPLOY AND RETAIN GODFREY & KAHN, S.C., AS COUNSEL TO THE FEE COMMITTEE, *NUNC PRO TUNC* TO JANUARY 24, 2011

**PLEASE TAKE NOTICE** that the undersigned will present the annexed application

(the "**Application**") of the Fee Committee appointed in Lehman Brothers Holdings, Inc.

("**LBHI**") with its affiliated debtors in possession (together, the "**Debtors**" and, collectively with

their non-debtor affiliates, "**Lehman**") pursuant to the *Order Appointing Fee Committee and*

*Approving Fee Protocol* (the "**Fee Committee Order**") [Docket No. 3651] to employ and retain

Godfrey & Kahn, S.C. ("**G&K**" or the "**Firm**") as its counsel *nunc pro tunc* to January 24, 2011,

all as more fully described in the Application, to the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Hamilton Customs House, Courtroom

601, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") on

**March 29, 2011 at 12:00 Noon (Prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy

Rules**") and the Local Rules of the Bankruptcy Court for the Southern District of New York (the

"**Local Rules**"), shall set forth the name of the objecting party, the basis for the objection and

specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance

with General Order M-399 (which can be found at www.nysb.uscourts.gov ) by registered users

of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch

disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format (with two hard copies delivered directly to Chambers), and shall be

served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York,

New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New

York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini,

Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase

Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured

Creditors appointed in these cases; and (v) Godfrey & Kahn, S.C., One East Main Street, Suite

500, Madison, WI 53703, Attn:  Brady C. Williamson, Esq., Katherine Stadler, Esq. and

Timothy F. Nixon, Esq. proposed attorneys for the Fee Committee **so as to be so filed and**

**received by no later than March 28, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the

"**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if a timely objection is filed and served, or

if the Court so directs, a hearing will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at a date to be scheduled by the Court, upon such additional notice as the

Court may direct.

      Dated: Green Bay, Wisconsin
          March 11, 2011.

               GODFREY & KAHN, S.C.

            By:        */s/ Timothy F. Nixon*
               Timothy F. Nixon (TN 2644)
               Brady C. Williamson (BW 2549)
               Katherine Stadler (KS 6831)

               GODFREY & KAHN, S.C.
               780 North Water Street
               Milwaukee, Wisconsin 53202
               Telephone: (414) 273-3500
               Facsimile: (414) 273-5198
               E-mail: tnixon@gklaw.com
                       bwilliam@gklaw.com
                       kstadler@gklaw.com

               *Proposed Attorneys for the Fee Committee*

5974171_2

3

**Presentment Date and Time:  March 29, 2011 at 12:00 Noon (Prevailing Eastern Time)**
**Objection Date and Time:  March 28, 2011 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (if an Objection is Filed):  TBD**

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone:  (414) 273-3500
Facsimile:  (414) 273-5198

Timothy F. Nixon
Brady C. Williamson (*Pro Hac Vice* Pending)
Katherine Stadler (*Pro Hac Vice* Pending)

*Proposed Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------

| | | |
|---|---|---|
| | x | |
| **In re** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | **Case No. 08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | x | |

----------------------------------------------------

### APPLICATION OF THE FEE COMMITTEE FOR AUTHORIZATION TO EMPLOY AND RETAIN GODFREY & KAHN, S.C., AS COUNSEL TO THE FEE COMMITTEE, *NUNC PRO TUNC* TO JANUARY 24, 2011

TO:    THE HONORABLE JAMES M. PECK
         UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in Lehman Brothers Holdings, Inc. ("**LBHI**") with its affiliated debtors in possession (together, the "**Debtors**" and, collectively with their non-debtor affiliates, "**Lehman**") pursuant to the *Order Appointing Fee Committee and Approving Fee Protocol* (the "**Fee Committee Order**") [Docket No. 3651] hereby submits this application (the "**Application**") for Authorization to Employ, *Nunc Pro Tunc* to January 24, 2011, Godfrey & Kahn, S.C. ("**G&K**" or the "**Firm**") as its counsel.  In support of the application, the Fee Committee represents that:

## PRELIMINARY STATEMENT

1.        The Court appointed a Fee Committee on May 26, 2009 to carry out the duties set

forth in the Fee Committee Order, as it may be amended from time to time, including, among

other things, monitoring the fees and expenses incurred by professionals ("**Retained**

**Professionals**") in these chapter 11 cases.[1]  On January 24, 2011, the Court approved the Fee

Committee's recommendation to appoint Richard A. Gitlin as the successor (to Kenneth

Feinberg) Independent Member on the Fee Committee.  With this Application, the Fee

Committee unanimously seeks entry of an order authorizing the employment of G&K to

represent the Fee Committee in these cases, effective as of January 24, 2011, and to assist the

Fee Committee in fulfilling the duties set forth in the Fee Protocol.  The scope and costs of the

engagement of G&K (and the Independent Member) are outlined in this Application.

2.        In support of this Application, the Fee Committee relies on the Affidavit of

Brady C. Williamson, a G&K shareholder (the "**Williamson Affidavit**"), attached as **Exhibit A**.

## BACKGROUND

3.        Commencing on September 15, 2008, and periodically thereafter (as applicable,

the "**Commencement Date**"), LBHI and certain of its subsidiaries filed voluntary cases under

chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors'

chapter 11 cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**").  The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

---

[1] Terms not defined in this pleading have the meaning ascribed to them in the initial fee protocol approved by the
Court in the Fee Committee Order [Docket No. 3651], as may be amended from time to time (the "Fee Protocol").

4.      On September 17, 2008, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "**Creditors' Committee**").

5.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("**SIPA**") with respect to Lehman Brothers, Inc. ("**LBI**").  A trustee appointed under SIPA (the "**SIPC Trustee**") is administering the LBI estate.

6.      On January 24, 2011, the Fee Committee recommended the appointment of Richard A. Gitlin as the successor (to Kenneth Feinberg) Independent Member on the Fee Committee [Docket No. 14112] and, by the Order of the same date, the Court approved the recommendation [Docket No. 14117].

## JURISDICTION

7.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## LEHMAN'S BUSINESS

8.      Prior to these chapter 11 cases, Lehman had been the fourth largest investment bank in the United States.  For more than 150 years, it was a leader in the global financial markets—serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide.  Its headquarters in New York—and regional headquarters in London and Tokyo—were complemented by a global network of offices.

9.      A more detailed description of the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 cases appears in the *Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, filed on September 15, 2008 [Docket No. 2], and the *Debtors' Disclosure Statement for First Amended Joint Chapter 11 Plan* [Docket No. 14151], filed on January 25, 2011.

## BASIS FOR RELIEF REQUESTED

10.     The Fee Committee has determined that the volume and nature of the fee and

expense applications submitted by Retained Professionals warrant assistance from counsel that

can provide support for the Fee Committee's analysis of applications and, when necessary,

appear before the Court for or with Fee Committee members.  Accordingly, by the unanimous

vote of its members, the Fee Committee has selected G&K as a qualified and cost-effective

professional to represent the Fee Committee and assist in its review of fee and expense

applications, including the monthly statements filed by the Retained Professionals, and in

preparing and pursuing any appropriate responses or objections to those requests.

## QUALIFICATIONS

11.     G&K's Bankruptcy and Restructuring Practice Group represents clients in matters

ranging from informal workouts to sophisticated corporate reorganizations.  It has represented

clients in bankruptcy cases before the U.S. Supreme Court and before the U.S. Courts of Appeal

as well as appearing in bankruptcy courts throughout the United States.  G&K has been involved

in some of the country's largest bankruptcies, among them: Motors Liquidation Company,

Lillian Vernon, Saint Vincent's Catholic Medical Centers, Tower Automotive, Calpine, Dana

Corporation, Delphi Corporation, Northwestern Corporation and Global Crossing, Ltd.  It has

specifically been involved in fee analysis and fee litigation in *Motors Liquidation Company*,

No. 09-50026 (Bankr. S.D.N.Y.) [*See Motors Liquidation* Docket No. 4833].  In that capacity,

G&K assists the Fee Examiner, Brady Williamson, a G&K shareholder, in his analysis of fees

and expenses for the retained professionals in that case.

12.     The Fee Committee seeks to retain G&K as its counsel because, among other

things, G&K has demonstrated it can provide quality services in a specific area of the law in a

4

timely and cost-effective manner, beginning immediately with the January 24, 2011 appointment

of the new Independent Member and Chair of the Fee Committee.

## SERVICES TO BE PROVIDED BY G&K

13.    The Fee Committee has engaged G&K to provide a broad range of legal and

administrative support services, including representing the Fee Committee in connection with:

A.    Monitoring, reviewing and, where appropriate, objecting to applications

for fees and expenses filed by Retained Professionals;

B.    Establishing measures to help the Court ensure that compensation and

expenses paid by the Estate are reasonable, actual, and necessary under the Bankruptcy

Code and (i) 11 U.S.C. §§ 328, 329, 330, and 331 as applicable; (ii) Rule 2016 of the

Federal Rules of Bankruptcy Procedure; (iii) the Guidelines for Fees and Disbursements

for Professionals in Southern District of New York Bankruptcy Cases, the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

§ 330 (the "**Guidelines**"); and (iv) the Third Amended Order Pursuant to Sections 105(a)

and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures

For Interim Monthly Compensation And Reimbursement Of Expenses Of Professionals

[Docket No. 4165] (as further revised and amended from time to time, the "**Interim**

**Compensation Order**");

C.    Reviewing all monthly statements, interim and final fee applications,

whenever filed, submitted by Retained Professionals, since the inception of the

Chapter 11 Cases and until otherwise ordered by the Court;

D.      Interposing objections to, and being heard in any hearing or other proceedings to consider interim and final applications for fees and reimbursement of expenses filed by Retained Professionals to the extent permitted by the Bankruptcy Code;

E.      Serving objections to monthly statements, in whole or in part, precluding the payment of the amount questioned;

F.      Preparing applications in connection with the Fee Committee's retention of other professionals and consultants, including but not limited to fee auditors, to assist the Fee Committee in discharging its duties;

G.      Conducting discovery in the event of a contested matter between the Fee Committee and any Retained Professional;

H.      Negotiating with the Retained Professionals regarding objections to interim and final fee applications and monthly statements and consensually resolving such objections where possible;

I.      Presenting reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to applications for compensation;

J.      Periodically, in the Fee Committee's discretion and at the Fee Committee's direction, filing summary reports with the Court on the Retained Professionals' applications;

K.      Establishing guidelines and requirements for the preparation and submission to the Fee Committee of non-binding budgets by Retained Professionals;

L.      Where necessary, attending meetings between the Fee Committee or its chairman and the Retained Professionals; and

M.      Such other services as the Fee Committee may request.

14.      Other than in connection with legal advice to the Fee Committee and assisting in its analysis, including work with the Fee Committee's auditor and any other professionals, G&K will not duplicate the work performed by members of the Fee Committee.

15.      The employment of G&K is in the best interest of the Debtors' estates and of these cases as a whole because it will assist the Fee Committee with its analysis of fees and expenses, provide another point of contact for the Retained Professionals, augment the Fee Committee's ability to properly and efficiently analyze a large volume of fee and expense requests within appropriate time frames, and support the presentation of the Fee Committee's recommendations.

16.      The Fee Committee believes that G&K will materially aid in reviewing past, pending and future fee and expense applications, subject to the terms of any governing agreements, fee protocols and orders, and that G&K's experience in this area will help enable the Debtors to achieve substantial benefits through cost control and efficiency.

## COMPENSATION

17.      The Fee Committee, subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Protocol and orders of the Court, proposes to have the Debtors compensate G&K with a flat fee of $250,000.00 in the aggregate each month (subject to amendment by further order of the Court), a designated portion of which also will provide compensation for the Independent Member for his services.  Debtors shall pay G&K prospectively on the first day of each calendar month (pro-rated for any partial month's retention).

A.      This $250,000 amount will not include the reasonable expenses of G&K or the Independent Member or the fees and expenses of any other consultants or auditors

7

already retained by the Fee Committee or subsequently retained.  This fixed amount will compensate G&K and the Independent Member only for the review and analysis of applications for fees and expenses for services rendered by the Retained Professionals not previously reviewed by Feinberg Rozen.  To the extent G&K or the Independent Member provides any other work, including that work as set forth below in subparagraph B, such work shall be subject to a separate agreement and separate compensation to be negotiated with the Fee Committee, subject to Court approval.

B.      This $250,000 monthly amount will not include the reasonable, actual and necessary fees and expenses: (i) incurred in connection with the appointment of the new Independent Member and the Fee Committee's Counsel that may have been incurred by the new Independent Member or the Fee Committee's professionals, (ii) resolution of unresolved issues related to the applications for interim compensation and reimbursement of expenses filed subsequent to the Commencement Date that were resolved or rejected prior to the entry of the Fourth Amended Interim Compensation Order, (iii) time related to meetings with the former Independent Member and his staff, and (iv) time related to a review of prior work by the Fee Committee and its professionals prior to January 24, 2011.

C.      The Independent Member will be compensated, under terms already approved by the Fee Committee, from the payment made to G&K.  The compensation paid to the Independent Member does not represent "shared" compensation under 11 U.S.C. § 504 because the Independent Member and G&K are being compensated, separately, for their separate services actually rendered.  The single payment is an administrative convenience, disclosed here under Bankruptcy Rule 2016.

18.     Notwithstanding the payment arrangements outlined in paragraph 17 above, both G&K and the Independent Member will apply, retrospectively and no less often than every four months, to the Court for the interim and final allowance of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any otherwise applicable administrative orders and guidelines.

19.     According to G&K's books and records, after a comprehensive review, it has not received any compensation for services in connection with the Debtors' chapter 11 cases except as otherwise disclosed in the Williamson Affidavit, ¶ 6, and Appendix D.

## G&K'S CONNECTIONS WITH PARTIES IN INTEREST
## AND POSSIBLE CONFLICTS OF INTEREST

20.     To the best of the Fee Committee's knowledge, information, and belief, other than as set forth in the Williamson Affidavit, G&K has not represented and has no relationship with: (i) the Debtors; (ii) their creditors or equity security holders; (iii) any other parties-in-interest in these cases; (iv) the respective attorneys and accountants of any of the foregoing; or (v) the United States Trustee or any person employed in the Office of the United States Trustee in any matter related to these cases.

## APPLICABLE LEGAL AUTHORITY

21.     11 U.S.C. § 105 provides: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

22.     The Fee Protocol, in relevant part, provides that "[t]he Chairperson may, with the Fee Committee's consent and Court approval, retain additional professionals to assist the Fee Committee Members in the fulfillment of their duties [under the Fee Protocol]." *See* Fee Protocol at p. 3.

23.    The Fee Committee has determined that it requires qualified counsel to assist it

and to provide legal counsel in the course of its work and has selected G&K to fulfill this role.

### *NUNC PRO TUNC*

24.    G&K has performed work in good faith, beginning on January 24, 2011 (and,

without compensation, earlier), to assist the Fee Committee in the preparation of the Amended

Fee Protocol and to prepare for the analysis of fees and costs submitted by the Retained

Professionals, including the transition to the new Independent Member.  G&K performed all of

this work at the direction of the Fee Committee.  Accordingly, it is appropriate that G&K be

retained *nunc pro tunc* to January 24, 2011.  *See* Williamson Affidavit at ¶ 10.

### CONCLUSION

**WHEREFORE**, the Fee Committee respectfully requests the entry of an order,

substantially in the form annexed hereto as **<u>Exhibit B</u>**, granting the relief requested and such

other and further relief as the Court may deem just and proper.

Dated:  March 11, 2011.

### FEE COMMITTEE

By:    _____/s/ *Richard A. Gitlin*_____
       Richard A. Gitlin, Chairperson

5971212_8

# EXHIBIT A
## (Affidavit of Brady C. Williamson)

Presentment Date and Time:  March 29, 2011 at 12:00 Noon (Prevailing Eastern Time)
Objection Date and Time:  March 28, 2011 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (if an Objection is Filed):  TBD

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone:  (414) 273-3500
Facsimile:  (414) 273-5198

Timothy F. Nixon
Brady C. Williamson (*Pro Hac Vice* Pending)
Katherine Stadler (*Pro Hac Vice* Pending)

*Proposed Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

| | | |
|---|---|---|
| | x | |
| **In re** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | **Case No. 08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | x | |

-------------------------------------------------------------

## AFFIDAVIT OF BRADY C. WILLIAMSON

STATE OF WISCONSIN    )
                                       ) SS.
COUNTY OF DANE          )


Brady C. Williamson, being duly sworn and on oath, states that:

1.        I am a shareholder and member of the board of directors of Godfrey &

Kahn, S.C. ("**Godfrey & Kahn**"), a law firm with its principal offices at 780 North

Water Street in Milwaukee, Wisconsin, and One East Main Street in Madison,

Wisconsin, and other offices in Wisconsin and in Washington, D.C.  I am authorized to

make this Affidavit on behalf of Godfrey & Kahn and in support of the *Application of*

*The Fee Committee For Authorization to Employ and Retain Godfrey & Kahn, S.C. as Counsel to The Fee Committee, Nunc Pro Tunc to January 24, 2011* (the "**Application**"). The Affidavit is based on my personal knowledge and if called to testify, I could and would testify competently to its contents.

2.      I am licensed to practice law in Wisconsin, and I am a member in good standing of the Bar of the State of Wisconsin.  I am admitted to practice before the United States Supreme Court, United States Courts of Appeal for the Seventh and District of Columbia Circuits, and the United States District Courts for the Eastern and Western Districts of Wisconsin.

3.      Godfrey & Kahn, which employs 180 attorneys, has a large and diverse legal practice that primarily, though not exclusively, represents corporate and association clients based in Wisconsin.  Among these clients are financial institutions, insurance companies, automobile dealerships, parts manufacturers, business and industry groups, and others that may have a direct or indirect interest in these proceedings.  However, except as otherwise noted in Appendix D and as further discussed below, Godfrey & Kahn does not represent any entity in connection with these proceedings or hold any interest adverse to the Debtors or their estates.

4.      Godfrey & Kahn has established procedures for reviewing possible conflicts and for determining connections between Godfrey & Kahn, or Godfrey & Kahn attorneys, and outside entities.  Pursuant to those procedures, I performed, or caused to be performed, the following actions to identify for disclosure any parties relevant to this Affidavit and to determine Godfrey & Kahn's connection to each such party:

A.      The Debtors (collectively, "**Lehman Brothers**") provided Godfrey & Kahn with a 103-page list of the names of individuals and entities (collectively, the "**Interested Parties**"), organized by category, of individuals and entities that may have an interest in these cases.  *See* Appendix A (identifying the categories of Interested Parties).

B.      Godfrey & Kahn entered the names of the Interested Parties into its conflicts check database, which contains the names of all of its clients and conflict information concerning each such client, as well as the names of entities with which Godfrey & Kahn attorneys have formal relationships, such as a position on a board of directors.  As a result, Godfrey & Kahn obtained a list of names ("**Possible Parties in Interest**") from the conflicts check database that matched or that appeared similar to the name of an Interested Party.  That list has been reviewed by Godfrey & Kahn attorneys.

C.      Godfrey & Kahn additionally sent an inquiry to all Godfrey & Kahn attorneys to determine whether any such attorney (a) owns any interest in Lehman Brothers stock or debt instruments; (b) has any pending claims against Lehman Brothers; (c) is, or has a relative who is, a current officer or director of Lehman Brothers; (d) has any immediate family member who has been employed by, or has been an officer or director of, Lehman Brothers; or (e) has any other significant connections with Lehman Brothers.

D.      Godfrey & Kahn also has inquired within the firm about connections with the United States Trustee program or any person employed in the office of the U.S. Trustee.

5.      Based on the procedures described above, Godfrey & Kahn determined that the Debtors and certain affiliates (a complete list of which appears as Appendix B to this Affidavit) have previously retained Godfrey & Kahn in matters unrelated to these Chapter 11 cases.  *See* Appendix C.  All of the representations listed in Appendix C have concluded.  None of the Debtors or their affiliates owe fees or other remuneration to Godfrey & Kahn, and Godfrey & Kahn does not currently represent any of the Debtors or their affiliates.  Godfrey & Kahn has not represented any of the Debtors or their affiliates in the last two years.

6.      Based on its procedure described above, Godfrey & Kahn has also determined that it has represented two Godfrey & Kahn clients, and has responded to at least one claim objection, in these proceedings.  A list of those claims appears as Appendix D to this affidavit.

A.      Godfrey & Kahn represented Marshall & Ilsley Trust Company ("M&I Trust") in connection with 19 proofs of claim filed in this proceeding or in the parallel proceeding brought under the Securities Investors Protection Act of 1970.

1.      Since September 2008, Godfrey & Kahn has billed M&I Trust just under $200,000, and it is owed only $1,934.67 in fees, for its work on these claims.

2.      Godfrey & Kahn will provide no additional legal services in connection with these matters, other than work required to conclude the firm's representation with respect to these claims consistent with the firm's ethical duties and obligations.

B.      Godfrey & Kahn represented the Estate of Peter H. VandenBerg in connection with the filing of a proof of claim in this proceeding.

1.      Godfrey & Kahn received a total payment of just over $10,000.00 for all its work in the matter, which includes a minimal amount of work performed in connection with the proof of claim.  Godfrey & Kahn's representation of the Estate of Peter H. VandenBerg concluded on December 23, 2010.

2.      Godfrey & Kahn will provide no additional legal services in connection with this matter, other than work required to conclude the firm's representation, if any, with respect to this specific claim consistent with the firm's ethical duties and obligations.

7.      A list of Interested Parties with which Godfrey & Kahn has a current relationship or has had a recent relationship (within the last two years)—unrelated to these cases—is attached to this Affidavit as Exhibit E.  Despite co-counsel relationships with various Retained Professionals, Godfrey & Kahn's approach to and review of  the applications of such Retained Professionals will be consistent with and subject to the same standards—including the standards for the filing of objections—applicable to all other Retained Professionals.

8.      Additionally, I am the Fee Examiner in *In re Motors Liquidation Company*, No. 09-50026 (Bankr. S.D.N.Y.) (Gerber, J.), and Godfrey & Kahn is my counsel in those cases.  In that capacity, we have submitted reports and recommendations with respect to applications for compensation filed by some of the Retained Professionals in these proceedings, including recommendations adverse to Retained Professionals listed in Appendix E.

5

9.    To the best of my knowledge, this Affidavit discloses all connections between Godfrey & Kahn with the Interested Parties known to Godfrey & Kahn as of today's date.  Due to the size of the Debtors and the complexity of these cases, Godfrey & Kahn cannot state with absolute certainty that, at this time, it has identified and disclosed every single connection it has with each Interested Party.  However, Godfrey & Kahn will promptly file supplemental disclosures of any such connections if any additional relevant information comes to my or Godfrey & Kahn's attention.

10.    To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry of the information contained in Godfrey & Kahn's conflicts check database and direct inquiry of Godfrey & Kahn attorneys and except as otherwise disclosed herein:

A.    Godfrey & Kahn does not hold or represent an interest adverse to the Debtors or their respective estates.

B.    Neither Godfrey & Kahn nor its attorneys are connected with the United States Trustee for Region 2, any persons employed by the United States Trustee's office for Region 2, or any Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York.

11.    Godfrey & Kahn has performed work in good faith, beginning on January 24, 2011 (and earlier), to assist the Fee Committee in the preparation of the Amended Fee Protocol and in preparation for the continuation of the Fee Committee's work.  Godfrey & Kahn performed all of this work at the direction of the Fee Committee. Accordingly, it is appropriate that Godfrey & Kahn be retained *nunc pro tunc* to January 24, 2011.

6

Dated this 11th day of March, 2011.

_____/s/ *Brady C. Williamson*_____

Brady C. Williamson
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609
E-mail:  bwilliam@gklaw.com

Subscribed and sworn to before me
this 11th day of March, 2011.

_____/s/ *Ann E. Grote*_____

Ann E. Grote
Notary Public, State of Wisconsin
My Commission Expires:  August 7, 2011

**Presentment Date and Time:  March 29, 2011 at 12:00 Noon (Prevailing Eastern Time)**
**Objection Date and Time:  March 28, 2011 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (if an Objection is Filed):  TBD**

# APPENDIX A

## Categories of Interested Parties, as provided by the Debtors

- 50 Largest Bond Holders
- Largest Unsecured Creditors other than Bondholders
- Significant Leases
- Secured Creditors
- Government and States Regulatory Agencies
- Members of Ad Hoc or Unofficial Creditors' Committees
  - The Ad Hoc Committee of Bondholders of the Main Street Natural Gas, Inc. Gas Project Revenue Bonds
  - Informal LBHI Bondholder Group
- Significant Stockholders
- Directors and Officers (LBHI) -- current and former members (up to three years)
  - Board of Directors
  - Officers
- Underwriting Investment Bankers for Debtor's Securities
- Related Entities
- Potential Parties in Interest
- Affiliations of Outside Directors
  - Michael L. Ainslie
  - John F. Akers
  - Roger S. Berlind
  - Thomas H. Cruikshanks
  - Marsha Johnson Evans
  - Sir Christopher Gent
  - Roland A. Hernandez
  - Henry Kaufman
  - John D. Macomber
- Professionals Retained by the Company
- Litigation Claimants
- Largest Holders of Trade Debt
- Professionals Retained by Significant Creditor Groups
- Utilities
- Committee Members
- Selected Derivative Counterparties
- Principal Investments
- Selected Claimants

**APPENDIX B**

**List of Debtor Entities, as provided by the Debtors**

# Related Entities

1. 737 Portfolio Services LLC
2. 737 Portfolio Trust
3. Area Assignor Corp. (dissolved)
4. Area Depository Corporation (dissolved)
5. Area GP Corporation
6. Aristos LLC
7. ASB L.L.C.
8. Ballybunion Investments No. 2 Ltd.
9. Ballybunion Investments No. 3 Ltd
10. Ballybunion Investments No. Ltd.
11. Banque Lehman Brothers S.A.
12. Bixen Limited
13. BK I Realty Inc. (dissolved)
14. BK II Properties Inc.
15. BK III Properties Inc.
16. Blue Jay Realty Corporation
17. BNC Holdings Inc.
18. Bromley LLC
19. Brookson Corp.
20. Brookwood Energy & Properties Inc.
21. Canope Credit Corp.
22. Capital Analytics II, LP
23. Central Funding (Concord) Corporation (dissolved)
24. Clarks Summit I, LLC
25. Clarks Summit II, LLC
26. CP1 Real Estate Services Inc.
27. CP4 Real Estate Services Inc. (dissolved)
28. Dimont Corporation
29. DL Mortgage Corp.
30. DRA Management, Inc. (dissolved)
31. Eagle Energy Management, LLC
32. Eagle Energy Partners I, L.P.
33. East Dover Limited
34. Edibrook Corp.
35. EHP/GP Inc. (dissolved)
36. Eldon Street Holdings Limited
37. ELQ Holdings B.V.
38. ELQ Hypothekan N.V.
39. Equipment Management Inc.
40. Equity Strategies Loans LLC
41. Equity Strategy Loans LLC
42. e-Valuate, LP
43. Executive Monetary Management, Inc.
44. Falcon Holdings I LLC

45. First Ward Properties Inc.
46. Flight Sim I LLC
47. Flight Sim II LLC
48. Flight Sim III LLC
49. Flight Sim IV LLC
50. Flight Sim V Inc.
51. FRAH Special Services Inc.
52. Fundo De Investimento Multimercado Credito Privado Navigator Investmento
53. Furno & Del Castano CapitalPartners LLP
54. GA Dekalb Inc.
55. GKI Korea Development Limited
56. Global Principal Strategies Loans Inc.
57. GmbH
58. GRA Finance Corporation Ltd.
59. GRA Finance Corporation Ltd.
60. Growth Partners Inc. (dissolved)
61. Hills Funding One, Ltd.
62. Hydrocarbon Capital II LLC
63. IL Lombard Inc. (dissolved)
64. Ivanhoe Lan Pty Limited
65. Jet Aircraft Leasing Inc. (dissolved)
66. Jet Partners, LLC
67. JFM Aviation Once LLC
68. KM-I Real Estate Company VII (sold)
69. Laminar Holdings LLC
70. LB 3 GmbH
71. LB Alberta Holdings Inc.
72. LB Beta Finance Cayman Limited
73. LB GPS Lightfoot L.L.C.
74. LB Holdings Intermediate 1 Ltd
75. LB Holdings Intermediate 2 Ltd
76. LB I Group Inc
77. LB India Holdings Cayman I Limited
78. LB India Holdings Cayman II Limited
79. LB India Holdings Mauritius I Limited
80. LB India Holdings Mauritius II Limited
81. LB India Holdings Mauritius III Limited
82. LB Investment Corp. Inc.
83. LB Investment Holding Company Limited (dissolved)
84. LB Investments (UK) Limited
85. LB Leasing Inc.
86. LB Lomond Investments Limited
87. LB Maritim Investor
88. LB Memphis Brownestone LLC
89. LB Military Housing LLC
90. LB Note Corp.
91. LB Ohana, LLC
92. LB Skypower Inc.
93. LB Trade Corp.

94. LB UK Financing Limited
95. LB UK RE Holdings Ltd.
96. LBCCA Holdings I LLC
97. LBCCA Holdings II LLC
98. LB-NL Holdings (Cayman) Limited
99. LB-NL Holdings I Inc.
100. LB-NL Holdings L.P.
101. LB-NL U.S. Investor Inc.
102. LBO Investments Limited
103. LBQ Funding (UK)
104. LBQ Hong Kong Funding Ltd
105. LBQ Hong Kong Services Limited
106. LCP LTU LLC
107. LCPI Properties Inc.
108. LCPI Properties Inv.
109. Leesburg ACG LLC
110. Lehman ABS Corporation
111. Lehman Aircraft Securitization Holdings LLC
112. Lehman Asset Backed Caps Inc.
113. Lehman Brother Venture Capital 2003 Partnership
114. Lehman Brothers (Israel) Inc.
115. Lehman Brothers (PTG) Limited
116. Lehman Brothers (Spain) S.A.
117. Lehman Brothers 1999 Venture Managers' Partnership L.P.
118. Lehman Brothers 1999 Vernture GP Partnership L.P.
119. Lehman Brothers AIM Holding II LLC
120. Lehman Brothers Alternative Investment Management LLC
121. Lehman Brothers Argentina S.A.
122. Lehman Brothers Asset Management (Europe) Ltd
123. Lehman Brothers Asset Management Asia, Inc. (dissolved)
124. Lehman Brothers Asset Management France
125. Lehman Brothers Asset Securitization LLC
126. Lehman Brothers Capital GmbH, Co
127. Lehman Brothers Capital Partners I, L.P.
128. Lehman Brothers Capital Partners II, L.P.
129. Lehman Brothers Capital Partners IV, L.P.
130. Lehman Brothers CDO 2003 L.P.
131. Lehman Brothers CDO Associates (Cayman), Ltd.
132. Lehman Brothers CDO Associates 2003 L.P.
133. Lehman Brothers CDO Associates 2004 L.P.
134. Lehman Brothers CDO Opportunity Partners 2004-2, L.P.
135. Lehman Brothers Commercial Corporation Asia Limited
136. Lehman Brothers Commercial Mortgage K.K.
137. Lehman Brothers Commodity Service Inc.
138. Lehman Brothers Communications Partnership
139. Lehman Brothers de Chile, S.A. (dissolved)
140. Lehman Brothers de Venezuela C.A. (inactive)
141. Lehman Brothers Derivative Finance LLC
142. Lehman Brothers Derivative Products Inc.

143. Lehman Brothers Diversified Private Equity Fund 2004, L.P.
144. Lehman Brothers do Brasil Ltda
145. Lehman Brothers Energy Canada, ULC
146. Lehman Brothers Europe Inc.
147. Lehman Brothers Europe Limited
148. Lehman Brothers European Mezzanine 2002 Associates L.P.
149. Lehman Brothers European Mezzanine 2002 L.P.
150. Lehman Brothers European Venture Capital Associates L.P.
151. Lehman Brothers European Venture Capital L.P.
152. Lehman Brothers Finance (Japan) Inc.
153. Lehman Brothers Financial Products Inc.
154. Lehman Brothers Fund of Funds Associates L.P.
155. Lehman Brothers Fund of Funds L.P.
156. Lehman Brothers Global Asset Management K.K. (liquidated)
157. Lehman Brothers Healthcare Venture Capital Associates L.P.
158. Lehman Brothers Healthcare Venture Capital L.P.
159. Lehman Brothers Holdings Inc.
160. Lehman Brothers Holdings International Inc.
161. Lehman Brothers Holdings Japan Inc.
162. Lehman Brothers Holdings Plc
163. Lehman Brothers Holdings Scottish LP
164. Lehman Brothers Inc.
165. Lehman Brothers Insurance Agency L.L.C
166. Lehman Brothers International (Europe)
167. Lehman Brothers International Services, Inc.
168. Lehman Brothers Investment Holding Company Inc.
169. Lehman Brothers Investment Management Asia Limited
170. Lehman Brothers Investments PTE Ltd.
171. Lehman Brothers Japan Inc
172. Lehman Brothers LBO Inc.
173. Lehman Brothers Limited
174. Lehman Brothers Luxembourg Investments Sari
175. Lehman Brothers MBG Associates III L.L.C.
176. Lehman Brothers MBG Associates L.P.
177. Lehman Brothers MBG Capital Partners 1998 (C) LP
178. Lehman Brothers MBG Finders 1999 (A) L.P.
179. Lehman Brothers MBG Finders 1999 (B) L.P.
180. Lehman Brothers MBG Finders 2000 (B) L.P.
181. Lehman Brothers MBG Partners 1997 (A) L.P. (dissolved)
182. Lehman Brothers MBG Partners 1997 (B) L.P. (dissolved)
183. Lehman Brothers MBG Partners 1998 (A) L.P.
184. Lehman Brothers MBG Partners 1998 (B) L.P.
185. Lehman Brothers MBG Partners 1998 (C) L.P.
186. Lehman Brothers MBG Partners 1999 (A) L.P.
187. Lehman Brothers MBG Partners 1999 (B) L.P.
188. Lehman Brothers MBG Partners 1999 (C) L.P.
189. Lehman Brothers MBG Partners L.P.
190. Lehman Brothers MBG Venture Capital Partners 1997
191. Lehman Brothers MBG Venture Capital Partners 1998 (A) L.P.

192. Lehman Brothers MBG Venture Capital Partners 1998 (B) L.P.
193. Lehman Brothers MBG Venture Capital Partners 1998 (C) L.P.
194. Lehman Brothers MBG Venture Capital Partners 1998 (D) L.P.
195. Lehman Brothers MLP Associates, L.P.
196. Lehman Brothers MLP Partners, L.P.
197. Lehman Brothers Offshore Diversified Arbitrage Fund, Ltd.
198. Lehman Brothers Offshore Diversified Arbitrage Master Fund Ltd.
199. Lehman Brothers Offshore Diversified Private Equity Fund 2004, L.P.
200. Lehman Brothers Offshore Investment Partnership L.P.
201. Lehman Brothers Offshore Investment Partnership-Japan L.P.
202. Lehman Brothers Offshore long/short fund, ltd
203. Lehman Brothers Offshore Long/Short Master Fund Ltd.
204. Lehman Brothers Offshore Partners Ltd.
205. Lehman Brothers Offshore Partnership Account 2000/2001, L.P.
206. Lehman Brothers Offshore Partnership GP 2000/2001 L.P.
207. Lehman Brothers Offshore Real Estate Associates, Ltd
208. Lehman Brothers OTC Derivatives Inc.
209. Lehman Brothers Overseas Inc.
210. Lehman Brothers Pacific Holdings Pte. Ltd.
211. Lehman Brothers Participation Fund Associates, L.P.
212. Lehman Brothers Partnership GP 2000/2001 L.P. (dissolved)
213. Lehman Brothers Private Equity Advisers L.L.C
214. Lehman Brothers Private Fund Advisers LP
215. Lehman Brothers Private Fund Management LP
216. Lehman Brothers Private Funds Investment Company GP, LLC
217. Lehman Brothers Private Funds Investment Company LP, LLC
218. Lehman Brothers Secondary Fund of Funds Associates L.P.
219. Lehman Brothers Secondary Fund of Funds L.P.
220. Lehman Brothers Securities Taiwan Limited
221. Lehman Brothers Services India Private Limited
222. Lehman Brothers Singapore PTE Ltd.
223. Lehman Brothers South Asia Limited (Inactive)
224. Lehman Brothers South East Asia Investments PTE Limited
225. Lehman Brothers Spain Holdings Limited
226. Lehman Brothers Special Financing Inc.
227. Lehman Brothers Sudamerica S.A.
228. Lehman Brothers U.K. Holdings (Delaware) Inc.
229. Lehman Brothers Uruguay S.A.
230. Lehman Brothers VC Partners L.P.
231. Lehman Brothers Venture Associates Inc.
232. Lehman Brothers Venture Bankers' Partnership L.P.
233. Lehman Brothers Venture Capital Partners I, L.P.
234. Lehman Brothers Venture GP Partnership L.P.
235. Lehman Brothers Venture Partners L.P.
236. Lehman Brothers Verwaltungs-und Beteiligungsgesellschaft mbH
237. Lehman CMO Inc.
238. Lehman Commercial Paper Inc.
239. Lehman Crossroads Corporate Investors II, LP
240. Lehman Insurance Company

241. Lehman Loan Funding I LLC
242. Lehman Mortgage Company of Canada (surrendered)
243. Lehman Mortgage Holdings Canada I Inc. (inactive)
244. Lehman Mortgage Holdings Canada II Inc. (inactive)
245. Lehman Municipal ABS Corp. Lehman OPC LLC
246. Lehman Pass-Through Securities Inc.
247. Lehman Queens Center Inc. (inactive)
248. Lehman Queens Limited Inc. (inactive)
249. Lehman Re Ltd.
250. Lehman Realty & Development Corp.
251. Lehman Receivables Corp. (dissolved)
252. Lehman Risk Advisors Inc.
253. Lehman Risk Management, Inc. (dissolved)
254. Lehman Structured Assets Inc.
255. Lehman Structured Securities Corp.
256. Lehman Syndicated Loan Inc.
257. Lehman VIP Holdings Inc.
258. Lehman VIP Investment LDC
259. Liberty Corner Inc. (sold)
260. Liberty GP II Inc. (sold)
261. Libro Companhia Securitizadora de Creditos
262. LIBRO Holdings I Inc.
263. Long Point Funding Pty Ltd.
264. Louise Y.K.
265. LPTG Inc.
266. LPTG Intermediate LLC
267. LPTG LLC
268. LW-LP Inc.
269. LW-LP Properties Inc.
270. M&L Debt Investments Holdings Pty Limited
271. M&L Debt Investments Pty Limited
272. Mast Depositor Corp
273. MBAM Investor Limited
274. MBR/GP Corp.
275. Merit, LLC
276. Metro Realty Corporation (dissolved)
277. MMP Funding Corp.
278. Morganberry Corporation
279. Nai Ham Hotel 1 Company Limited
280. Neuberger & Berman Agency, Inc.
281. Neuberger Berman Asset Management, LLC
282. Neuberger Berman Inc.
283. Neuberger Berman Investment Services, LLC
284. Neuberger Berman Pty Ltd.
285. Neuberger Berman, LLC
286. Newark Properties One Inc.
287. Nexity Investment Partnership L.P.
288. NL Funding, L.P.
289. NL GP Inc.

290. Northstar Equipment Leasing Income Inc. (dissolved)
291. NPC Inc. (dissolved)
292. O.M.B. Limited Partner Ltd.
293. OCI Holdings Limited
294. OSD Corp.
295. PAC Aircraft Management Inc.
296. Pentaring, Inc.
297. Phuket Hotel 1 Holdings Company Limited.
298. Pike International Y.K.Pindar Pty Ltd.
299. Preferred Group Limited
300. Preferred Holdings Limited
301. Preferred Mortgages Limited
302. Principal Transactions Inc.
303. QP80 Real Estate Services Inc.
304. Quality Pork Partners, Inc.
305. Real Estate Investors Inc. (dissolved)
306. Real Estate Private Equity Inc.
307. Real Estate Services I Inc. (dissolved)
308. Real Estate Services VII Inc. (dissolved)
309. Reliance Energy E&P, LLC
310. REPE LBREP III LLC
311. Revival Holdings Limited
312. RIBCO LLC
313. RIBCO SPC, Inc.
314. Rock Hill Real Estate, Inc.
315. Sage Partners, LLC
316. SAIL Investor Pte Ltd.
317. Sambar Properties Inc.
318. SASCO ARC Corporation
319. Scranzay, Inc.
320. Security Assurance Advisers, LP
321. Select Asset Inc.
322. Senior Income Fund Inc. (dissolved)
323. Serafino Investments Pty Limited
324. Shearson Lehman Brothers Capital Partners II, L.P.
325. Shearson Lehman Hutton Capital Partners II
326. Skratook LLC
327. Small Business Assets I LLC
328. Southern Pacific Funding 5 Ltd
329. Stamford Investment Realty Inc.
330. STRATUS I Inc.
331. Structure Asset Securities Corporation II
332. Structured Asset Securities Corporation
333. Structured Options Inc.
334. STUIE CORP.
335. Sunrise Finance Co., Ltd.
336. TAL Europe, LLC
337. Tallus
338. Thayer Group Limited

339. Thayer Properties (Jersey) Ltd.
340. Thayer Properties Limited
341. Townsend Analytics Japan Ltd.
342. Townsend Analytics, Ltd.
343. TX Tower Inc. (sold)
344. West Dover, LLC
345. Wharf Reinsurance Inc.
346. Woori-LB First Asset Securitization Specialty Co., Ltd.
347. Woori-LB Fourth Asset Securitization Specialty Co., Ltd.
348. Y.K Tower Funding
349. Y.K. Park Funding

## APPENDIX C

### LIST OF ENTITIES RELATED TO THE DEBTORS
### WITH WHICH GODFREY & KAHN HAS HAD A RELATIONSHIP

| RELATED ENTITY | RELATIONSHIP TO GODFREY & KAHN |
|---|---|
| Lehman Brothers Holding, Inc. | Prior to the Debtors' petitions for reorganization, Godfrey & Kahn represented Lehman Brothers Holding, Inc. in two matters. In one, LBHI sought to compel arbitration of securities fraud claims. That matter concluded in 2006. In the second unrelated matter, also concluded before the petition for reorganization was filed, LBHI at one point asserted an interest in a $20,000 deposit related to a possible sale of property, which is still held in the firm's escrow account. LBHI no longer asserts that it is entitled to the funds. |
| Lehman Brothers, Inc. | Former client on financing matter unrelated to these cases.

Underwriter for debt and/or equity programs issued by Godfrey & Kahn financial institution clients.

Party in arbitration disputes, unrelated to these cases and now concluded, in which a Godfrey & Kahn attorney chaired the arbitration panel.

Adverse to Godfrey & Kahn financial institution clients in debt, financial, and financing matters now concluded and unrelated to these cases. |
| Shearson Lehman Brothers | Former client on unrelated matters that concluded approximately in 1992. |
| Lehman Brothers Bank, fsb | Adverse to Godfrey & Kahn financial institution clients in financing matters (now concluded) and real estate matters unrelated to these cases.

Adverse to a Godfrey & Kahn client in a corporate acquisition matter (now concluded) unrelated to these cases.

Underwriter for debt and/or equity programs issued by Godfrey & Kahn financial institution clients. |

| RELATED ENTITY | RELATIONSHIP TO GODFREY & KAHN |
|---|---|
| Lehman Commercial Paper, Inc. | Adverse to Godfrey & Kahn financial institution clients in financing matters now closed and unrelated to these cases. |
| Shearson, Lehman, Hutton Capital Partners II | Former client on an unrelated matter; the matter was opened in 1985 and was apparently administratively closed in 1994.  Godfrey & Kahn has no record of ever having received any compensation for any work performed for this client and is not owed any money by the entity. |

**APPENDIX D**

**PROOFS OF CLAIM IN WHICH GODFREY & KAHN
REPRESENTED A CLIENT IN THESE CHAPTER 11 CASES**

| Case & Claim Numbers | Creditor | Claim Amount |
|---|---|---|
| 08-01420 SIPA | Harry C. Moore Trust dated May 19, 1986 | $54,892.80 |
| 08-13555 Claim No. 32081 | Harry C. Moore Trust dated May 19, 1986 | $1,878,037.14 |
| 08-13893 Claim No. 32098 | Harry C. Moore Trust dated May 19, 1986 | $1,878,037.14 |
| 08-01420 SIPA Customer Claim | Marshall & Ilsley Trust Company, N.A. | $8,372,661.70 |
| 08-01420 SIPA | M&I Securities Lending LLC | $8,372,661.70 |
| 08-01420 SIPA Claim No. 900003540 Customer Claim | Marshall & Ilsley Investment Management | $29,981.83 |
| 08-01420 SIPA | Marshall & Ilsley Investment Management | $30,181.83 |
| 08-13555 Claim No. 32522 | Marshall & Ilsley Trust Company, N.A. | Undetermined amount |
| 08-01420 SIPA | Marshall & Ilsley Trust Company N.A. | $385,000.00 |
| 08-01420 SIPA | Marshall & Ilsley Trust Company N.A. | $1,500,000.00 |
| 08-01420 SIPA Customer Claim | Marshall & Ilsley Investments | $172,409.03 |
| 08-01420 SIPA | Marshall & Ilsley Trust Company N.A. | $174,756.53 |
| 08-13555 Claim No. 32080 | Marshall & Ilsley Trust Company N.A. | Undetermined amount |
| 08-13555 Claim No. 32096 | Marshall & Ilsley Trust Company N.A. | $1,500,000.00 |
| 08-01420 SIPA Claim No. 900005331 Customer Claim | Harry C. Moore Trust Derivative Collateral Account date May 19, 1986 | $54,892.80 -Withdrawn- |
| 08-01420 SIPA Claim No. 900004660 Customer Claim | M&I Marshall & Ilsley Trust Company, N.A. | $60,000,000.00 -Withdrawn- |
| 08-13555 Claim No. 32097 | M&I Securities Lending LLC | $60,000,000.00 -Disallowed as Duplicative- |

12

| Case & Claim Numbers | Creditor | Claim Amount |
|---|---|---|
| 08-01420 SIPA<br>Claim No.  900005149<br>Customer Claim | Marshall & Ilsley Trust Company N.A. | Undetermined amount<br>-Withdrawn- |
| 08-01420 SIPA<br>Claim No.  900003391<br>Customer Claim | Marshall & Ilsley Trust Company, N.A. | $1,885,000.00<br>-Withdrawn- |
| 08-01420 SIPA | Estate of Peter H. VandenBerg | $2,998,352.00 |
| 08-13555<br>Claim No. 31915 | Estate of Peter H. VandenBerg | $2,998,352.00 |

## APPENDIX E

### Relationships with Interested Parties

### LIST OF INTERESTED PARTIES THAT CURRENTLY EMPLOY OR HAVE FORMERLY EMPLOYED[1] GODFREY & KAHN, S.C. IN MATTERS UNRELATED TO THE DEBTORS OR THESE CHAPTER 11 CASES

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Alcoa Inc. | Potential Parties in Interest | Former client on unrelated matters. |
| Alliant Energy Corporation | Potential Parties in Interest | Current client on unrelated matters. |
| Allianz Life Ins Co of NA | 50 Largest Bondholders | Former client on unrelated matters. |
| American Express AT&T, Inc. Citibank, N.A. Discover Financial Services Regions Bank Wells Fargo Bank, N.A.<br><br>Bank of America<br><br><br>PNC Bank, National Association<br><br>JP Morgan Chase & Co. | Potential Parties in Interest<br><br><br><br><br><br>Potential Parties in Interest Litigation Claimants<br><br>Litigation Claimants<br><br>Secured Creditors | Co-defendants to a Godfrey & Kahn client on a patent suit unrelated to these cases. |
| American International Group Inc. | 50 Largest Bond Holders<br><br>Potential Parties in Interest #151 | Former client on unrelated matters. |
| American Transmission Company | Potential Parties in Interest | Current client on unrelated matters. |
| Assurant, Inc. | Potential Parties in Interest | Current client on unrelated matters. |

---

[1] Only client relationships for which there has been any billing since 2008 are included in this Appendix.

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| AT&T | Utilities | Affiliate of former client; please see entry for AT&T Services, Inc. |
| Baker & McKenzie | Professionals Retained by the Company | Former client on unrelated matters. |
| Bank of America, NA | Litigation Claimants<br><br>Potential Parties in Interest | Former client on unrelated matters.<br><br>Co-plaintiff of a Godfrey & Kahn client in several individual foreclosure matters unrelated to these cases. |
| Blackstone Group, L.P.<br>CBS Corporation<br>Dresser, Inc.<br>Eaton Corporation<br>Ford Motor Company<br>Georgia Pacific Corp.<br>Owens Illinois, Inc.<br>United States Steel Corp.<br>Xerox Corporation<br><br>Metropolitan Life Ins. Co. | Potential Parties in Interest<br><br><br><br><br><br><br><br><br><br>Potential Parties in Interest 50 Largest Bondholders | Non-adverse co-defendants to a Godfrey & Kahn client on multiple asbestos and other products liability cases that have no relation to these cases. |
| BNP Paribas | 50 largest bondholders | Current client on unrelated matters. |
| CBS Corporation<br>Dresser Industries<br>Eaton Corporation<br>Ford Motor Company<br>Georgia Pacific Corp.<br>Halliburton Company<br>Owens Illinois, Inc.<br>Rexnord Corporation<br><br>Metropolitan Life<br>    Insurance Co. | Potential Parties in Interest<br><br><br><br><br><br><br><br><br>Potential Parties in Interest 50 Largest Bondholders | Co-defendants to a Godfrey & Kahn client on asbestos-related matters that have no relation to these cases. |

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| CBS Corporation Dresser, Inc. Ford Motor Company Georgia Pacific Corp. John Deere Company (*affiliate of Deere & Company*) Owens Illinois, Inc. | Potential Parties in Interest | Non-adverse co-defendants to a Godfrey & Kahn client on multiple asbestos and other products liability cases that have no relation to these cases. |
| Metropolitan Life Insurance Co. | Potential Parties in Interest 50 Largest Bondholders | |
| Cessna Aircraft | Potential Parties in Interest | Co-defendants with Godfrey & Kahn client on an asbestos suit unrelated to these cases. |
| Metropolitan Life Ins. Co. | Potential Parties in Interest 50 Largest Bondholders | |
| Citigroup Inc | Potential Parties in Interest | Former client on unrelated matters. |
| City of Milwaukee | Selected Derivative Counterparties | Former client on unrelated matters. |
| Continental Airlines, Inc. | Potential Parties in Interest | Former client on unrelated matters. |
| CT Corporation Corporation Trust Co. | Potential Parties in Interest | Co-defendant with Godfrey & Kahn client on an asbestos suit unrelated to these cases. |
| Davis, Polk & Wardwell | Largest Unsecured Creditors Other Than Bondholders | Co-counsel on a merger review unrelated to these cases. |
| Deere & Co. | Potential Parties in Interest | Former client and current member of joint defense group on unrelated matters. |
| Deloitte & Touch USA LLP | Professionals Retained by the Company | Former client on unrelated matters. |
| Deutsche Bank Trust Company Americas | Selected Derivative Counterparties  Potential Parties in Interest | Former client on unrelated matters. |
| DLA Piper | Professionals Retained By Company | Co-counsel in multidistrict litigation in which Godfrey & Kahn's client is a joint defense group unrelated to theses cases. |

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Extendicare Health Services Inc | Potential Parties in Interest | Current client on unrelated matters. |
| Federal Deposit Insurance Corporation | Government and State Regulatory Agencies | Current client on unrelated matters. |
| Fifth Third Bank, N.A. | Potential Parties in Interest | Current client on unrelated matters. |
| First Data Corporation | Potential Parties in Interest | Current client on unrelated matters. |
| Freshfields Bruckhaus Deringer LLP | Potential Parties in Interest | Co-counsel on a several matters unrelated to theses cases. |
| GMAC LLC | Potential Parties in Interest | This entity, now known as Ally Bank, is a current client on unrelated matters. |
| Hawker Beechcraft Corp. | Potential Parties in Interest | Co-defendant to a Godfrey & Kahn client in an asbestos matter unrelated to theses cases. |
| Hewlet Packard Company | Largest Holders of Trade Debt | Former client on unrelated matters. |
| Holland & Knight LLP | Potential Parties in Interest | Co-counsel to Godfrey & Kahn on unrelated matters. |
| Howard Terry | Potential Parties in Interest | Former client on unrelated matters. |
| HSBC Bank USA, N.A. | Potential Parties in Interest | Co-defendant to Godfrey & Kahn client in mortgage lending compliance matters unrelated to these cases. |
| Hunton & Williams LLP | Professionals Retained by Company | Co-counsel in patent infringement dispute and unfair competition dispute unrelated to these cases. |
| ING North America | 50 Largest Bondholders | Affiliate of ING Investment LLC, an entity previously represented on matters unrelated to these cases by a Godfrey & Kahn associate while employed as a junior associate at a different law firm |

17

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Jenner & Block LLP | Professionals Retained by the Company | Former client on unrelated matters.<br><br>Godfrey & Kahn has been retained in a breach of contract and qui tam matter, in which Jenner & Block, LLP is the lead counsel. *United States of America ex. rel. First Am. Eng. Solutions, LLC v. Olin Corporation.* Case No. 08-C-141 (E.D. Wis.). The firm's client is Olin Corporation and the matter is ongoing.<br><br>Godfrey & Kahn has been retained in the defense of a patent infringement suit, in which Jenner & Block, LLP is the lead counsel. *Patriot Universal Holdings, LLC et al. v. Formax, Inc. et al.*, Case No. 10-CV-355 (E.D. Wis.). The firm's client is Formax, Inc. and the matter is ongoing.<br><br>Godfrey & Kahn has also been appointed by the court as liaison counsel for a group of defendants, one of which has retained Jenner & Block LLP as its primary outside counsel. *In re Lawnmower Engine Horsepower Marketing and Sales Practices Litigation,* Case No. 08-MD-1999 (E.D. Wis.). |

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Jenner & Block LLP (Continued) | | General Motors retained Godfrey & Kahn to defend a Wisconsin products liability case in which Jenner & Block, LLP was lead counsel for General Motors. *Jerry S. Waltersdorf et al. v. General Motors et al.*, Case No. 2007-CV-298 (Rock County Circuit Court). The matter and the representation have now concluded. |
| JP Morgan Chase | Secured Creditors | Current client on unrelated matters. |
| JP Morgan Chase Bank, N.A. | Potential Parties in Interest | Affiliate of current client on unrelated matters; see listings for JP Morgan Chase |
| Katten Muchin Rosenman LLP | Potential Parties in Interest | Underwriter's counsel in a debt financing unrelated to these cases where Godfrey & Kahn represented the borrower. |
| KeyBank National Association | Potential Parties in Interest | Current client on unrelated matters. |
| Kimberly Clark Corporation | Potential Parties in Interest | Current client on unrelated matters. |
| Landamerica Financial Group, Inc. | Potential Parties in Interest | Former client of a Godfrey & Kahn associate previously represented on an antitrust matter unrelated to these cases while employed as a junior associate at a different law firm. |
| Latham & Watkins LLP | Professionals Retained by Company | Godfrey & Kahn was retained by Ticketmaster, Inc. to assist in a corporate merger with Live Nation, Inc. Latham & Watkins was the lead counsel in that case, which has now concluded. |
| Lexington Insurance Company | Selected Derivative Counterparties | Former client on unrelated matters. |

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Liberty Mutual Group Inc. | Potential Parties in Interest | Current client on unrelated matters. |
| Marshall & Ilsley Trust Company, N.A. | Potential Parties in Interest | Current client on numerous unrelated matters.  Please see also ¶ 6 of Affidavit of Brady C. Williamson and Appendix D. |
| Marshall Funds, Inc. | Potential Parties in Interest | Current client on unrelated matters. |

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| McDermott Will & Emery LLP | Professionals Retained by Company | Godfrey & Kahn was retained as local counsel by Extreme Networks, Inc. in the prosecution of a patent infringement suit. *Extreme Networks, Inc. v. Enterasys Networks, Inc.*, Case NO. 08-CV-229 (W.D. Wis.). McDermott, Will & Emery was lead counsel in the matter, now returned to the District Court after remand.<br><br>Godfrey & Kahn has also been retained by Spansion LLC in the prosecution of two patent infringement suits. *Spansion LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 10-CV-453 (W.D. Wis.); *Spansion LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 10-CV-685 (W.D. Wis.). McDermott, Will & Emery is lead counsel in the matters, which are ongoing.<br><br>Godfrey & Kahn has been retained by Hitachi Ltd and Hitachi Koki USA, Ltd in the defense of a patent infringement suit. *Milwaukee Electric Tool Corp. et al., v. Hitachi Ltd. et al.*, Case No. 09-CV-948 (E.D. Wis.). McDermott Will & Emery LLP is lead counsel in the matter, which is ongoing.<br><br>Co-counsel in a real estate lease matter unrelated to these cases. |

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Metavante Corporation | Selected Derivative Counterparties<br><br>Potential Parties in Interest | Current client on unrelated matters. |
| Metropolitan Life Insurance Company | Potential Parties in Interest<br><br>50 Largest Bondholders<br><br>Secured Creditor | Previously represented in a life insurance products class action and in multiple ERISA cases by a Godfrey & Kahn associate while employed at a different law firm as a junior associate. |
| Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. | Potential Parties in Interest | Co-counsel in a matter to domesticate a judgment and in transactional matters unrelated to these cases. |
| Morgan Stanley & Co., Inc. | Potential Parties in Interest | Affiliate of current client, Morgan Stanley Capital Services, Inc., on unrelated matters; also previously represented on an energy project unrelated to these cases by a Godfrey & Kahn associate while employed as a junior associate at a different law firm. |
| Morgan Stanley Capital Services, Inc. | Potential Parties in Interest | Former client on unrelated matters. |
| New York Life Insurance | Potential Parties in Interest | Previously represented in a life insurance products suit by a Godfrey & Kahn associate while employed as a junior associate at a different law firm. |
| Northwest Airlines, Inc | Potential Parties in Interest | Former client on unrelated matters. |
| Plainfield Special Situations Master Fund Limited | Potential Parties in Interest | Current client on unrelated matters. |
| PNC Bank National Association | Litigation Claimants | Co-defendant in a foreclosure action unrelated to these cases. |

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| Quinn Emmanuel Urquhart Oliver & Hedges, LLP | Professionals Retained by Company | Godfrey & Kahn was retained by Sony Corporation of America in the defense of a patent infringement case. *AmTran Tech. Co., Ltd v. Funai Electric Co., Ltd, et al.*, Case No. 08-CV-740 (W.D. Wis.). Quinn Emmanuel Urquhart Oliver & Hedges, LLP was the lead counsel in that case, which has now concluded. |
| RBC Dain Rauscher Inc | Potential Parties in Interest | Former client on unrelated matters. |
| Right Management, Inc. | Potential Parties in Interest | Subsidiary of current Godfrey & Kahn client, Manpower, Inc., on matters unrelated to these cases. |
| RJ Reynolds Tobacco Holdings Inc | Potential Parties in Interest | Former client on unrelated matters. |
| Sidley Austin Brown & Wood | Largest Unsecured Creditors Other Than Bondholders | Co-counsel on several putative class actions that are unrelated to these cases. |
| Sony Corporation | Affiliations of Outside Directors (Roland A. Hernandez) | Former client on unrelated matters. |
| Sun Trust Banks, Inc. | Potential Parties in Interest | Former client on unrelated matters. |
| Sutherland, Asbill & Brennan, LLP | Professionals Retained by Company | A Godfrey & Kahn associate was previously employed by this law firm. He provided no services related to these cases and will not provide any services in this case related to reviewing this Retained Professional's requests for compensation. |
| Target Corporation | Potential Parties in Interest | Former client in a trademark infringement lawsuit unrelated to these cases. |
| Time Warner | Utilities<br><br>Potential Parties in Interest | Affiliate of former client on unrelated matters. |

| INTERESTED PARTY | RELATIONSHIP TO DEBTORS | RELATIONSHIP TO GODFREY & KAHN |
|---|---|---|
| U.S. Bank N.A. | Committee Members | Current client on unrelated matters. |
| U.S. Bank National Association | Potential Parties in Interest | Current client on unrelated matters. |
| UBS Securities LLC | Potential Parties in Interest | Current client on unrelated matters. |
| Vertrue Incorporated | Potential Parties in Interest | Current client on unrelated matters. |
| Walmart Stores | Potential Parties in Interest | Godfrey & Kahn was local counsel in a case in which this entity is a co-defendant in a trademark, privacy and unfair competition matter unrelated to these cases. |
| Weil, Gotshal & Manges LLP | Debtors' counsel[2] | Godfrey & Kahn has been retained by Apple, Inc. to serve as local counsel in the prosecution of two patent infringement cases. *Apple, Inc. v. Motorola, Inc., et al.*, Case No. 10-CV-662 (W.D. Wis.); *Apple, Inc. v. Motorola, Inc, et al.*, Case No. 10-CV-661 (W.D. Wis.). Weil, Gotshal & Manges, LLP is the lead counsel in those cases. |
| Wells Fargo Bank, NA | Potential Parties in Interest | Current client on unrelated matters. |
| Wilmington Trust Company | Committee Members<br><br>Potential Parties in Interest | Former client on unrelated matters. |
| Wisconsin Electric Power Company ("WE Energies") | Potential Parties in Interest | Current client on unrelated matters. |
| Wisconsin Power and Light Company | Potential Parties in Interest | Current client on unrelated matters. |

5972189_7

---

[2] Weil, Gotshal & Manges is not identified in the Interested Parties list but is known to Godfrey & Kahn to have been retained by the Debtors in these cases.

# EXHIBIT B
# (Proposed Order)

Presentment Date and Time:  March 29, 2011 at 12:00 Noon (Prevailing Eastern Time)
Objection Date and Time:  March 28, 2011 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (if an Objection is Filed):  TBD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

In re                                    :              **Chapter 11 Case No.**
                                         :
**LEHMAN BROTHERS HOLDINGS, INC.** *et al.,*   :              **08-13555 (JMP)**
                                         :
             Debtors.                    :              **(Jointly Administered)**

-------------------------------------------------------- x

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE COMMITTEE**
**_NUNC PRO TUNC_ AS OF JANUARY 24, 2011**

Upon the application (the "**Application**") of the Fee Committee, unanimously approved

and submitted by its Chairman,[1] for an order pursuant to 11 U.S.C. § 105 and pursuant to the

*Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651] (as may be

amended from time to time, the "**Fee Protocol**"), authorizing the Fee Committee to retain

Godfrey & Kahn, S.C. ("**G&K**") as counsel to provide services as set forth in the Application

and herein; and upon the Affidavit of Brady C. Williamson (the "**Williamson Affidavit**"),

annexed to the Application as Exhibit A; and notice of the Application having been given as set

forth in the Notice of Presentment; and it appearing that such notice is due and sufficient and that

no further or other notice is required; and the Court being satisfied that G&K does not hold or

represent an interest adverse (except as otherwise noted) to the Debtors' estates and that G&K is

a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code,

and that the employment of G&K is necessary and in the best interests of the Fee Committee and

these cases; and the Court having determined that the legal and factual basis set forth in the

---

[1] Terms not otherwise defined here shall have the meaning ascribed to them in the Application.

Application establishes just cause for the relief granted in this order; and after due deliberation

and sufficient cause appearing therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

1.      Subject to the terms and conditions of this Order, the Application is granted as set

forth herein.

2.      The Fee Committee is authorized to employ, retain, compensate, and reimburse

G&K as its counsel on the terms and conditions set forth in the Application and this Order,

effective *nunc pro tunc* to January 24, 2011.

3.      The services G&K is to provide the Fee Committee include representing it in

connection with:

A.      Monitoring, reviewing and, where appropriate, objecting to applications

for fees and expenses filed by Retained Professionals;

B.      Establishing measures to help the Court ensure that compensation and

expenses paid by the Estate are reasonable, actual, and necessary under the Bankruptcy

Code and (i) 11 U.S.C. §§ 328, 329, 330, and 331 as applicable; (ii) Rule 2016 of the

Federal Rules of Bankruptcy Procedure; (iii) the Guidelines for Fees and Disbursements

for Professionals in Southern District of New York Bankruptcy Cases, the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases, and the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C.

§ 330 (the "**Guidelines**"); and (iv) the Third Amended Order Pursuant to Sections 105(a)

and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures

For Interim Monthly Compensation And Reimbursement Of Expenses Of Professionals

[Docket No. 4165] (as further revised and amended from time to time, the "**Interim Compensation Order**");

C.        Reviewing all monthly statements, interim and final fee applications, whenever filed, submitted by Retained Professionals, since the inception of the Chapter 11 Cases and until otherwise ordered by the Court;

D.        Interposing objections to, and being heard in any hearing or other proceedings to consider interim and final applications for fees and reimbursement of expenses filed by Retained Professionals to the extent permitted by the Bankruptcy Court;

E.        Serving objections to monthly statements, in whole or in part, precluding the payment of the amount questioned;

F.        Preparing applications in connection with the Fee Committee's retention of other professionals and consultants, including but not limited to fee auditors, to assist the Fee Committee in discharging its duties;

G.        Conducting discovery in the event of a contested matter between the Fee Committee and any Retained Professional;

H.        Negotiating with the Retained Professionals regarding objections to interim and final fee applications and monthly statements and consensually resolving such objections where possible;

I.        Presenting reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to applications for compensation;

3

J.      Periodically, in the Fee Committee's discretion and at the Fee

Committee's direction, filing summary reports with the Court on the Retained

Professionals' applications;

K.      Establishing guidelines and requirements for the preparation and

submission to the Fee Committee of non-binding budgets by Retained Professionals;

L.      Where necessary, attending meetings between the Fee Committee or its

chairman and the Retained Professionals; and

M.      Such other services as the Fee Committee may request.

4.      G&K shall be compensated and reimbursed for its expenses consistent with the

Application and the Fee Protocol, as may be amended from time to time.

5.      To the extent of any inconsistency between the terms of the Application, the

Williamson Affidavit and this Order, the terms of this Order shall control.

6.      The compensation structure and/or payment arrangements set forth in the

Application may not be modified or amended without further order of the Court.

7.      Notwithstanding the payment arrangements outlined in the Application, G&K and

the Independent Member shall apply, retrospectively and no less often than every four months to

the Court for the interim and final allowance of compensation and reimbursement of expenses in

accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, the Guidelines, and any otherwise applicable administrative orders and guidelines.

8.      G&K's engagement may not be terminated without further order of the Court.

4

9.      This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order, including any motions or applications to amend the

Order.

Dated:  New York, New York
        March _____, 2011.


_____
HONORABLE  JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE


5971777_5