CT Corporation

1209 Orange Street
Wilmington, DE 19801

302 777 0220 tel
800 677 3394 toll free
www.ctlegalsolutions.com

February 25, 2011

Shai Y. Waisman
Weil, Gotshal & Manges LLP
767 Fifth Avenue,
New York, NY 10153

Re: In Re: Lehman Brothers Holdings Inc., et al., Debtors // To: Liberty Square CDO II, Corp.

Case No. 08-13555

Dear Sir/Madam:

After checking our records and the records of the State of DE, it has been determined that The Corporation Trust Company is not the registered agent for an entity by the name of Liberty Square CDO II, Corp..

Accordingly, we are returning the documents received from you.

Very truly yours,

Chris Moseder
Process Specialist

Log# 518076852

FedEx Tracking# 796806727939



RECEIVED
MAR - 1 2011
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

cc: United States Bankruptcy Court - Southern District
One Bowling Green,
New York, NY 10004-1408

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Scarlett E. Collings

Attorneys for Debtors
and Debtors in Possession



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                              :          Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :          08-13555 (JMP)
                                                   :
                              Debtors.             :          (Jointly Administered)
                                                   :
-------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION, PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1),
FOR AN EXTENSION OF DEADLINE FOR SERVICE OF
AVOIDANCE ACTIONS TO JUNE 30, 2011**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases (together, the "Debtors") for an extension of the deadline to effect service of process of the

avoidance actions to June 30, 2011, as more fully described in the Motion, will be held before

the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "Bankruptcy Court"), on **March 3, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

    PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Shai Y. Waisman, Esq., attorney for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope Davis, Esq., Elizabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **February 24 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 14, 2011
     New York, New York

          /s/ Shai Y. Waisman
          Shai Y. Waisman
          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Scarlett E. Collings
          WEIL, GOTSHAL & MANGES LLP
          700 Louisiana, Suite 1600
          Houston, TX 77002
          Telephone: (713) 546-5000
          Facsimile: (713) 224-9511

          Attorneys for Debtors
          and Debtors in Possession

Hearing Date and Time: March 3, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: February 24, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Scarlett E. Collings

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
-------------------------------------------------------------------x

### DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), FOR AN EXTENSION OF DEADLINE FOR SERVICE OF AVOIDANCE ACTIONS TO JUNE 30, 2011

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors in possession (together, the "Debtors," and collectively

with their non-Debtor affiliates, "Lehman"), submit this motion (the "Motion"), and respectfully

represent:

## Preliminary Statement

1.    On September 15, 2010, the Debtors filed a motion (the "Stay Motion")[1]

seeking to stay (the "Stay") all actions that had been or would be commenced involving claims

of the Debtors under sections 544, 545, 547, 548, 549, and/or 550 of the Bankruptcy Code

(collectively the "Avoidance Actions"). To date, 50 Avoidance Actions with respect to over 230

transactions have been commenced by the Debtors. As the Debtors explained in the Stay

Motion, the Avoidance Actions were commenced due to an impending statute of limitations

deadline. Although the Debtors made every effort to minimize the number of adversary

proceedings that had to be initiated by seeking tolling agreements, the number of parties and

transactions involved presented enormous practical difficulties forcing the Debtors to file the

Avoidance Action complaints.

2.    In the Stay Motion, the Debtors also asked the Court to extend the service

deadline for the Avoidance Actions from 120 days (as provided by Rule 4(m) of the Federal

Rules of Civil Procedure) to 180 days (*i.e.* a 60-day extension). The Debtors explained that the

Avoidance Actions include a number of transferees whose identities are not readily available to

the Debtors. Moreover, even for those parties for whom identities are known, their locations are

scattered around the globe, requiring that service be conducted in various foreign countries. The

vast number of parties and the global extent of service, the Debtors asserted, warranted an

extension of the typical deadline for effecting service of process.

3.    On October 20, 2010, the Court granted the Stay Motion and extended the

Debtors' service deadline to 180 days:

---

[1] *See* Debtors' Motion, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Stay
Avoidance Actions and Grant Certain Related Relief [Docket No. 11398].

> ORDERED that the Debtors shall have until 180 days from the filing of
> each Avoidance Action complaint to complete service on each of the
> Avoidance Action Defendants to such Avoidance Action without
> prejudice to the Debtors' ability to request further extensions[.][2]

Because the vast majority of Avoidance Actions were filed in September and October 2010, the

Court's 180 day deadline requires the Debtors to effect service on all defendants to the

Avoidance Actions (collectively the "Avoidance Action Defendants") by March or April 2011,

depending upon when the complaint was filed.

      4.     Following the Court's October 2010 Order, the Debtors have made

significant progress in effecting service on the multitude of global defendants. As explained in

detail below, the Debtors have successfully effected service on many of the Avoidance Action

Defendants. There are, however, a number of defendants, particularly those in foreign

jurisdictions, for whom service is taking longer than anticipated. Moreover, since the time the

Stay issued, the Debtors have engaged in expedited discovery to obtain information necessary to

identifying parties and service information in certain of the Avoidance Actions. While the

Debtors have obtained considerable information through these discovery efforts, certain critical

information is still lacking. The extension Debtors seek will allow the Debtors to complete these

discovery efforts.

      5.     While the Debtors expect that they will have effected service on the vast

majority of Avoidance Action Defendants by the Court's original 180-day deadline, the Debtors

seek to extend the service deadline for all Avoidance Actions to June 30, 2011, approximately 90

additional days, to complete service on any remaining Avoidance Action Defendants.[3] Given the

---

[2] *See* Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the
Bankruptcy Code and Bankruptcy Rule 7004(a)(1) [Docket No. 12199].

[3] The Avoidance Actions were filed on various dates in September and October 2010. The requested extension
would provide one uniform deadline for service (June 30, 2011) for all Avoidance Actions.

fact that all Avoidance Actions are currently stayed, this brief extension to the service deadline will effect no prejudice on any Avoidance Action Defendant.

### Jurisdiction

6.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

7.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

9.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

10.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. On March 11, 2010, the Examiner filed its report with the Court [Docket No. 7531].

4

11.    On January 25, 2011, the Debtors filed their first amended joint chapter 11 plan [Docket No. 14150] and disclosure statement for their first amended joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No. 14151].

### Lehman's Business

12.    Prior to the events leading up to these chapter 11 cases, the Debtors were the fourth largest investment bank in the United States. For more than 150 years, the Debtors have been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide

13.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Relief Requested

14.    Pursuant to section 105(a) of the Bankruptcy Code and Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Bankruptcy Rule 7004(a)(1), the Debtors request that the deadline to effect service in the Avoidance Actions be extended to June 30, 2011, without prejudice to the Debtors ability to request further extensions. This relief will not alter the Stay issued by the Court's October 20, 2010 order, nor does it otherwise prejudice the Avoidance Action Defendants because even those parties who have been served are not required to answer or otherwise respond until the termination of the Stay.

5

## The Court Should Exercise its Discretion and Issue the Extension

15.    The Federal Rules of Civil Procedure state that when a plaintiff shows good cause, "the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). "In determining whether good cause is shown, a court should consider (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *American Int'l Tel., Inc. v. Mony Travel Serv.*, 203 F.R.D. 95, 97 (S.D.N.Y. 2001). Furthermore, courts readily extend the service deadlines in cases, such as these, that involve service in foreign jurisdictions. Rule 4(m) expressly contemplates that the service deadline may be extended for service outside the United States. *Id.* ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(l)."); *In re South African Apartheid Litigation*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009) ("the 120-day time period for service can be extended for service outside of the United States.") (quotations and citations omitted)). In this case, a significant number of the defendants are located in foreign jurisdictions.

16.    The Debtors have demonstrated "reasonableness and diligence" in serving many of the foreign and domestic defendants to date. The Avoidance Actions are comprised of three broad categories: (i) derivatives litigation in which the underlying assets have not been distributed to noteholders ("Non-Distributed Actions"); (ii) derivatives litigation in which some or all of the proceeds of the transactions have been distributed to noteholders ("Distributed Actions"); and (iii) avoidance actions involving trade vendors and loan participants (the "Trades and Loan Actions").

### *Non-Distributed Actions*

17.    The Non-Distributed Actions involve 233 defendants (89 domestic and 144 foreign). To date, the Debtors have successfully served 78 of the 89 domestic defendants

6

and anticipate serving the remaining domestic defendants within the current deadline.[4]  With

regard to the 144 foreign defendants in the Non-Distributed Actions, the Debtors have retained a

foreign service agent, Legal Language Services ("LLS") to effect service.  LLS is currently in

the process of effecting service, either through a foreign solicitor or through a central authority,

in various foreign jurisdictions.  The Debtors have been advised by LLS that these foreign

defendants will be served within the current service deadline, but it is difficult to anticipate what

problems or delays may be encountered in foreign jurisdictions.  Out of an abundance of caution,

therefore, the Debtors seek an extension of the deadline to complete service on these foreign

defendants.

### *Distributed Action*

18.    In the Distributed Actions, Debtor Lehman Brothers Special Financing,

Inc. ("LBSF"), seeks to recover billions of dollars of trust proceeds improperly distributed to

large numbers of unidentified domestic and foreign noteholders in 48 collateralized debt

obligation transactions (the "Distributed Transactions").  The notes at issue were issued over a

period of years beginning in 2002 and were subsequently tradable (and traded) in the secondary

market in transactions unknown to LBSF.  Due to the large number of noteholders receiving the

challenged distributions, the impossibility of identifying all such noteholders, and the existence

of common legal issues with respect to all distributions, LBSF asserted claims against such

noteholders as a defendant class action.  LBSF named as class representatives 83 noteholder

defendants (many of which are foreign entities) that LBSF believed in good faith and upon

information and belief to have held the subject notes in 2008 at the time of the challenged

---

[4] The Debtors have filed service affidavits relating to these domestic defendants in the various Non-Distributed
Actions.

7

collateral distributions. In addition to the noteholder defendants, LBSF has named 8 trustee

defendants, 48 issuer defendants (43 of which are foreign entities) and 36 co-issuer defendants.

19.    On October 25, 2010, the Court granted LBSF's motion for expedited

discovery, which sought, among other things, authorization to commence expedited and

narrowly-tailored discovery designed to obtain and verify the identities, addresses and

noteholder status of the named and other, unknown noteholders, so that LBSF could (i) ascertain

definitively the complete group of distributee noteholders to be named as class representatives;

and (ii) serve the Complaint on all named class representatives and provide notice to as many

class members as possible.

20.    To date in the Distributed Actions, LBSF has served all 8 trustee

defendants, 36 co-issuer defendants, and 48 issuer defendants (including, with the assistance of

LLS, 43 issuer defendants located in the Cayman Islands and Ireland). With respect to the 83

noteholder defendants, LBSF determined that 50 of them may be served in the United States[5] and

33 require foreign service. As discussed below, however, LBSF is still engaged in the

painstaking, multi-step discovery required to confirm the identities and addresses of all

noteholders who received the challenged distributions. Accordingly, LBSF continues to seek

more complete information before serving certain noteholder defendants located in the United

States so as to avoid the expense to the Debtors (and burden on the defendants) of potentially

pointless service on entities that no longer hold the notes at issue. Such service, however, could

be completed before the current deadline if necessary.

21.    Overseas service requirements take additional time. Accordingly, LBSF

has commenced the process for effecting foreign service upon 25 of the 33 foreign noteholder

---

[5] The Debtors have filed service affidavits relating to these domestic defendants in the various Distributed Actions.

8

defendants.[6] LLS estimates that service will be completed upon 12 of the noteholder defendants

located in Belgium, Canada, the United Kingdom, Ireland and the Netherlands (via Article 10(b)

of the Hague Service Convention) by the end of February 2011. LLS has further advised,

however, that service may not be completed upon certain defendants located in Germany, South

Korea and Switzerland (which require service via Article 5 of the Hague Service Convention)

until June 2011. LBSF has also begun the process of serving nine noteholder defendants located

in Austria and Taiwan, jurisdictions that are not signatories to the Hague Service Convention.

LLS has advised that service on certain of these defendants may not be completed until August

2011.[7]

22.    In addition, identifying the correct beneficial owner of the particular notes

and service information for each noteholder has been difficult due to the manner in which the

notes are purchased and held. Virtually all of these securities are held in "street name" form.

LBSF initially served requests for production and Rule 30(b)(6) deposition notices on the trustee

defendants, issuer defendants, and co-issuer defendants seeking, among other things, the names

and addresses of noteholders (or any other party) that received funds in the challenged

distributions.[8] However, the records of the trustee defendants (and, where such records are

available, the other defendants) indicate that the "registered" holder of virtually all of these

securities is The Depository Trust Company or its nominee, Cede & Co. (collectively "DTC").

---

[6] Commencement of this process could not begin until the Amended Summons (for the Amended Complaint, filed October 1, 2010) was issued by the Clerk of the Court, which occurred on November 17, 2010.

[7] Initially, LBSF did not have sufficient information to serve the remaining eight foreign noteholder defendants, which are located in Australia, the Cayman Islands, the United Kingdom, the Netherlands and Japan. LBSF believes it has now obtained that information through its own investigation as well as discovery, and the process for serving these entities is either underway or will commence shortly. LBSF will endeavor to complete service upon all remaining foreign defendants during the 90 day extension but, depending on the service requirements in certain jurisdictions, may need to seek a limited further extension to complete service upon particular defendants.

[8] LBSF has agreed to adjourn the depositions for all parties and non-parties pending review of the document discovery.

Discovery on the trustee, issuer and co-issuer defendants to date has confirmed that these

defendants do not have complete information regarding the identities of the noteholders,

although that discovery did yield the names of 35 new potential noteholders. Thus, LBSF also

served a document and deposition subpoena on DTC. DTC, however, has no economic interest

in these securities. Rather, DTC holds the securities on behalf of numerous participating

financial institutions (the "DTC Participants"), which may be noteholders but more frequently

are brokers, banks or other financial institutions that hold the securities for the benefit of other

parties. Information produced by DTC revealed the name of 41 DTC Participants that received

funds in the challenged distributions. LSBF subsequently served deposition and document

subpoenas on all 41 DTC Participants and will begin receiving information in response to those

subpoenas during the third week of February. LBSF expects that the DTC Participant discovery

will confirm the identities of many of the distributee noteholders, but it is possible that further

discovery may be required.

23.    In short, identifying the actual noteholders at the time of the challenged

distributions is a complicated process that requires multiple levels of party and non-party

discovery. LBSF is still conducting discovery on parties and non-parties in the United States and

abroad to identify the complete group of distribute noteholders to be named as class

representatives. The discovery received to date, however, has already provided valuable

information and assisted LBSF in completing service on the named defendants, and LBSF

expects to receive further confirmatory information regarding named noteholder defendants in

addition to the names and addresses of currently unknown noteholders.

### Trades and Loan Actions

24.    There are currently 15 complaints pending in the Trades and Loan

Actions. Debtors currently are either engaged in, or are pursuing, settlement negotiations with

10

respect to each named defendant. As the Debtors believe these negotiations are likely to result in a resolution of the complaints, Debtors have elected to conserve resources of the estate by focusing on resolving those matters.

25. An extension of the service deadline will not prejudice any of the Avoidance Action Defendants. All of the Avoidance Actions are currently stayed pursuant to the Court's October 20, 2010 Order. Therefore, the defendants who are served following an extension of the service deadline will be in the same position as those parties who have already been served. Moreover, one of the central purposes of the Stay is to give the Debtors an opportunity to pursue amicable resolutions to the Avoidance Actions. The extension of the service deadline will further this purpose by giving the Debtors adequate time to contact each defendant and initiate discussions regarding resolution.

26. Finally, because a large number of the defendants in the Avoidance Actions are located in foreign jurisdictions, as explained above, an extension of the service deadline should be permitted, as contemplated by Rule 4(m). *See In re South African Apartheid Litigation,* 643 F. Supp. 2d at 433 ("the 120-day time period for service can be extended for service outside of the United States."). Service in foreign jurisdictions is a complicated and time consuming process which justifies the requested extension.

27. In short, there is good cause to grant the Debtors' request for short extension to the current service deadline. The Debtors have worked diligently to serve the Avoidance Action Defendants, none of whom will be prejudiced by the extension. Moreover, the extension is justified because a large number of the defendants are located in foreign jurisdictions, which has slowed and complicated the Debtors' efforts to effect service.

11

## Notice

28.    No trustee has been appointed in these chapter 11 cases. The Debtors

have served notice of this Motion in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties

who have requested notice in these chapter 11 cases; and (viii) all known and identified

Avoidance Action Defendants or their agents or representatives.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated: February 14, 2011
       New York, New York

                                   /s/ Shai Y. Waisman
                                   Shai Y. Waisman
                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York 10153
                                   Telephone: (212) 310-8000
                                   Facsimile: (212) 310-8007


                                   Scarlett E. Collings
                                   WEIL, GOTSHAL & MANGES LLP
                                   700 Louisiana, Suite 1600
                                   Houston, TX 77002
                                   Telephone: (713) 546-5000
                                   Facsimile: (713) 224-9511

                                   Attorneys for Debtors
                                   and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
                                              :
--------------------------------------------------------------x

## ORDER GRANTING EXTENSION OF DEADLINE FOR
## SERVICE OF AVOIDANCE ACTIONS TO JUNE 30, 2011

Upon the motion, dated February 14, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together, the "Debtors"), pursuant to section 105(a) of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil

Procedures, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), for an extension of the deadline to effect

service of process of the Avoidance Action complaints to June 30, 2011, all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) each of the known and identified defendants to the Avoidance Actions or their agents or representatives (the "Avoidance Action Defendants"), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the deadline to effect service on each of the Avoidance Action Defendants is hereby extended through and including June 30, 2011 without prejudice to the Debtors' ability to request further extensions; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2011
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2