GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone:  (414) 273-3500
Facsimile:  (414) 273-5198

Timothy F. Nixon
Brady C. Williamson (*Pro Hac Vice* Pending)
Katherine Stadler (*Pro Hac Vice* Pending)

*Proposed Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | | |
|---|---|---|
| | x | |
| **In re** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.*, | : | **Case No. 08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | x | |

---------------------------------------------------------------

<u>**NOTICE OF FEE COMMITTEE'S MOTION TO AMEND FEE PROTOCOL**</u>

   **PLEASE TAKE NOTICE** that a hearing on the annexed motion of the Fee Committee

appointed in Lehman Brothers Holdings, Inc. ("**LBHI**") with its affiliated debtors in possession

(together, the "**Debtors**" and, collectively with their non-debtor affiliates, "**Lehman**") pursuant

to the *Order Appointing Fee Committee and Approving Fee Protocol* (the "**Fee Committee**

**Order**") [Docket No. 3651] for an order to amend the Fee Committee Order, all as more fully

described in the *Fee Committee's Motion to Amend Fee Protocol* (the "**Motion**"), will be held

before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States

Bankruptcy Court, Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "**Bankruptcy Court**") on **April 13, 2011 at 10:00 a.m. (Prevailing**

**Eastern Time)** (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of the Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), shall set forth the name of the objecting party, the basis for the objection and specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov ) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn:  Brady C. Williamson, Esq., Katherine Stadler, Esq. and Timothy F. Nixon, Esq. proposed attorneys for the Fee Committee **so as to be so filed and received by no later than April 5, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if a timely objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: Green Bay, Wisconsin
       March 11, 2011.

GODFREY & KAHN, S.C.

By:     /s/ *Timothy F. Nixon*
        Timothy F. Nixon (TN 2644)
        Brady C. Williamson (BW 2549)
        Katherine Stadler (KS 6831)

        780 North Water Street
        Milwaukee, Wisconsin 53202
        Telephone: (414) 273-3500
        Facsimile: (414) 273-5198
        E-mail: tnixon@gklaw.com
                bwilliam@gklaw.com
                kstadler@gklaw.com

        *Proposed Attorneys for the Fee Committee*

6105337_1

**Hearing Date and Time:  April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  April 5, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, Wisconsin 53202
Telephone:  (414) 273-3500
Facsimile:  (414) 273-5198

Timothy F. Nixon
Brady C. Williamson (*Pro Hac Vice* Pending)
Katherine Stadler (*Pro Hac Vice* Pending)

*Proposed Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- x
In re                                            :          Chapter 11
                                                 :
LEHMAN BROTHERS HOLDINGS, INC. *et al.,*          :          Case No. 08-13555 (JMP)
                                                 :
                              Debtors.           :          (Jointly Administered)
-------------------------------------------------- x

<u>**FEE COMMITTEE'S MOTION TO AMEND FEE PROTOCOL**</u>

The Fee Committee appointed in Lehman Brothers Holdings, Inc. ("**LBHI**") with its

affiliated debtors in possession (together, the "**Debtors**" and, collectively with their non-debtor

affiliates, "**Lehman**") pursuant to the *Order Appointing Fee Committee and Approving Fee*

*Protocol* (the "**Fee Committee Order**") [Docket No. 3651] hereby submits this motion (the

"**Motion**") to amend the Fee Committee Order.  In support of the Motion, the Fee Committee

represents that:

## PRELIMINARY STATEMENT

1.      On May 26, 2009, the Court entered the Fee Committee Order appointing the Fee

Committee and approving a protocol that set forth the Fee Committee's purposes, mandate and

limitations (attached as <u>Exhibit A</u> to the initial Fee Committee Order, the "Fee Protocol." [1]

2.      On January 24, 2011, the Court approved the Fee Committee's recommendation

to appoint Richard A. Gitlin as the successor (to Kenneth Feinberg) Independent Member on the

Fee Committee.

3.      With this Motion, the Fee Committee unanimously seeks entry of an order

authorizing the amendment of the Fee Protocol (the "**Amended Fee Protocol**") in the form

attached to this motion as **<u>Exhibit A</u>**.

4.      In support of this Motion, the Fee Committee states:

## JURISDICTION

5.      This Court has subject matter jurisdiction to consider and determine this matter

pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## GROUNDS FOR THE MOTION

6.      The Fee Committee Order states: "The Fee Committee or any member thereof

may, upon notice and application, seek modifications to the Fee Protocol and the Interim

Compensation Order to assist the Fee Committee in discharging its duties."  *Fee Committee*

*Order* at ¶ 5.

7.      The Fee Committee has concluded, in light of the appointment of a new

Independent Member and Chair, that the amendments to the Fee Protocol set forth in the attached

**<u>Exhibit B</u>** (redline showing changes from Fee Protocol) will facilitate the discharge of the Fee

---

[1] Terms not defined in this pleading have the meaning ascribed to them in the Fee Committee Order [Docket No. 3651] and the Fee Protocol.

Committee's duties and allow for more efficient and timely resolution of disputes and issues the

Fee Committee identifies related to interim and final applications for compensation.

8.      The Fee Committee has consulted with counsel for the U.S. Trustee, the Debtors

and the Official Committee of Unsecured Creditors and reached consensus on most, but as of the

filing of this motion,  not all, of the provisions in the attached Amended Fee Protocol.

**CONCLUSION**

**WHEREFORE**, the Fee Committee respectfully requests the entry of an order,

substantially in the form annexed hereto as **Exhibit C**, granting the relief requested and such

other and further relief as the Court may deem just and proper.

        Dated: Green Bay, Wisconsin
               March 11, 2011.

                                        GODFREY & KAHN, S.C.


                                By:     _____/s/ *Timothy F. Nixon*_____
                                        Timothy F. Nixon (TN 2644)
                                        Brady C. Williamson (BW 2549)
                                        Katherine Stadler (KS 6831)

                                        780 North Water Street
                                        Milwaukee, Wisconsin 53202
                                        Telephone: (414) 273-3500
                                        Facsimile: (414) 273-5198
                                        E-mail: tnixon@gklaw.com
                                                bwilliam@gklaw.com
                                                kstadler@gklaw.com

                                        *Proposed Attorneys for the Fee Committee*

6104372_1

3

# EXHIBIT A
# (Proposed Amended Fee Protocol)

**Amended Fee Protocol**

**Fee Committee**

By order, dated May 26, 2009 (the "Fee Committee Order"), the United States Bankruptcy Court for the Southern District of New York (the "Court") appointed a fee committee (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and its affiliated debtors in possession (the "Debtors"). The Fee Committee was authorized to perform the duties described in the Fee Protocol. By order dated _____, the Court approved this Amended Fee Protocol (the "Amended Fee Protocol"), which supersedes the Fee Protocol in its entirety.

All capitalized terms not defined herein shall have the meanings ascribed to them in the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures For Interim Monthly Compensation And Reimbursement Of Expenses Of Professionals (Docket No. 4165) (as further revised and amended from time to time, the "Interim Compensation Order").

**Purposes of the Fee Committee**

The Fee Committee shall have the following purposes:

1.     Monitoring, reviewing and, where appropriate, objecting to applications for fees and expenses filed by professionals retained (whether pursuant to sections 105, 327, 328 or 363 of the Bankruptcy Code) by the Court in the Chapter 11 Cases (the "Retained Professionals").

2.     Establishing measures to help the Court ensure that compensation and expenses paid by the Estate are reasonable, actual, and necessary under the Bankruptcy Code and the related precedent described in paragraph 3 below.

3.     Reviewing all Monthly Statements, interim, and final fee applications, whenever filed, submitted by Retained Professionals, since the inception of the Chapter 11 Cases and until otherwise ordered by the Court. The purpose of the Fee Committee's review is to help the Court ensure compliance with (i) 11 U.S.C. §§ 328, 330, and 331 as applicable (the "Code"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Rules"); and (iii) the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 and the Interim Compensation Order (the "Guidelines"). Notwithstanding this paragraph, the Fee Committee shall not seek to amend or vacate any negotiated quantitative adjustments or agreements made by the Committee with any Retained Professionals prior to the execution of this Amended Fee Protocol related to applications for compensation for the first through fourth interim fee periods that were previously approved and allowed as interim

compensation and reimbursement of expenses by orders of the Bankruptcy Court.  This provision does not apply to issues on which the Fee Committee has reserved the right to object, if any.

## Authority of the Fee Committee

The Fee Protocol supplements and does not supersede the Interim Compensation Order. The Fee Committee shall have standing to participate in any proceeding involving the fees and expenses of Retained Professionals, including any applications to authorize new Retained Professionals.

In addition to any authority the Fee Committee has under the Interim Compensation Order, the Fee Committee shall have the following authority:

1.    Interpose objections to, and be heard in any hearing or other proceedings to consider, interim and final applications for fees and reimbursement of expenses that may be filed by Retained Professionals to the extent permitted by the Bankruptcy Court.

2.    Serve objections to Monthly Statements, in whole or in part, precluding the payment of the amount questioned.

3.    Subject to Court approval, retain attorneys ("Fee Committee Counsel"), other professionals, and consultants, including but not limited to fee auditors, to assist the Fee Committee in discharging its duties.  Such professionals and consultants retained by the Fee Committee shall be entitled to be compensated by the Debtors for actual, reasonable, and necessary services and for expenses, subject to Court approval and compliance with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof.[1]  The Independent Member (as defined below) and the Fee Committee Counsel shall, whether or not paid prospectively as a flat fee, file interim and final fee applications pursuant to 11 U.S.C. §§ 330 and 331 requiring U.S. Bankruptcy Court approval; provided, however, that their fees shall be, in the aggregate, $250,000 per month (subject to amendment by further order of the Court), to be paid on the first day of each calendar month (pro-rated for any partial month's services).  This amount shall not include:

A.    The reasonable, actual and necessary expenses incurred by the Fee Committee Counsel or the Independent Member or any other consultants or auditors retained by the Fee Committee, the payment of which shall be subject to Court approval;

B.    The reasonable, actual and necessary fees and expenses incurred in connection with:

i.    the appointment of the new Independent Member and the Fee Committee's Counsel that may have been incurred by the new Independent Member or the Fee

---

[1] [1] In the event of any conflict between the requirements of the Interim Compensation Order and the express terms of the Order Approving Fee Committee's Recommendation of Appointment of Successor Independent Member [Docket No. 14117] ("Order Appointing Independent Member") or the order approving the employment and retention of Fee Committee Counsel ("Fee Committee Counsel Retention Order"), the Order Appointing Independent Member and the Fee Committee Counsel Retention Order shall govern.

Committee's professionals, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof;

ii.    resolution of unresolved issues related to the applications for interim compensation and reimbursement of expenses filed subsequent to the Petition Date that were resolved or rejected, in whole or in part, prior to the entry of the Fourth Amended Interim Compensation Order, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof; and

iii.    time related to meetings with the former Independent Member and his staff, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof;

iv.    time related to a review of the prior work generated by the Fee Committee and its professionals prior to January 24, 2011, to the extent reasonable, actual and necessary and subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof.

4.    Conduct discovery in the event of a contested matter between the Fee Committee and any Retained Professional.

5.    Negotiate with the Retained Professionals regarding objections to interim and final fee applications and Monthly Statements and consensually resolve such objections where possible.

6.    Present reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to applications for compensation.

7.    Periodically, in the Fee Committee's discretion, file summary reports with the Court on the Retained Professionals' applications.

8.    Establish guidelines and requirements for the preparation and submission to the Fee Committee of non-binding budgets for Retained Professionals.

9.    Other than as specified in this Amended Fee Protocol, the Fee Committee shall not have the purpose or authorization to direct the activities of any Retained Professional (other than directing the Debtors' attorneys to disseminate materials as specified herein), which shall remain the prerogative of the Retained Professionals' clients.

**<u>Composition of the Fee Committee</u>**

The Fee Committee will consist of four members (the "<u>Fee Committee members</u>"): (i) one member appointed by and representative of the Debtors; (ii) one member appointed by and representative of the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "<u>Committee</u>"); (iii) one member appointed by and representative of the Office of the United States Trustee for Region 2 (the "<u>United States Trustee</u>"); and (iv) one member that is an independent party, otherwise unaffiliated with the parties to the Chapter 11 Cases, and approved

by the Court (the "<u>Independent Member</u>") upon the recommendation of a designated successor Independent Member by majority vote of the three other Fee Committee Members.

Each Fee Committee Member will have one vote on all Fee Committee matters. In the event of a tie, the vote of the Independent Member controls, and the Fee Committee shall act in accordance with the Independent Member's vote.

No Retained Professional, other than any employee of Alvarez & Marsal North America, LLC serving as the Fee Committee Member appointed by and representative of the Debtors, shall serve on or advise the Fee Committee in any capacity; <u>provided</u>, <u>however</u>, that any Fee Committee Member shall be free to consult, in connection with his or her service on the Fee Committee, with either attorneys to the constituent group that he or she represents or his or her own attorneys; <u>provided, further, however</u>, that the Debtors and their estates shall reimburse a Fee Committee Member for reasonable fees and expenses incurred as a result of consultation with his or her own (as opposed to his or her own constituent group's) attorneys, subject to approval by the Court upon application.

Fee Committee Members will make every effort, absent extraordinary circumstances, to attend meetings or teleconferences. In the event a Member cannot attend a meeting or teleconference, he or she may designate another person, other than an attorney from or for his or her entity or constituency, to represent that constituency. The United States Trustee, however, may designate an attorney as her designee. Three members are required for a quorum, one of whom must be the Independent Member; <u>provided</u>, <u>however</u>, that if the Independent Member becomes unable to perform his duties, a quorum may be found without the chair.

The Independent Member shall serve as chairperson of the Fee Committee (the "<u>Chairperson</u>") and shall be responsible for, among other things, scheduling meetings, and overseeing collection, distribution, and review of Monthly Statements, applications for compensation, and other information needed by the Fee Committee, as well as serving objections to Monthly Statements and filing and serving objections to applications for compensation. The Independent Member, with or without counsel, shall represent the Fee Committee's interests in any Court proceeding.

In the event that a Fee Committee Member resigns, (i) the constituent group represented by that resigning Member may designate a successor Member, or (ii) in the case of the Independent Member, the remaining Fee Committee Members may, by majority vote, recommend the Court approve a designated successor member. Each constituent group may at any time name an individual other than its initial appointee as its designee to the Fee Committee and/or rotate the individuals that serve in this role on a periodic basis. The Chairperson will be responsible for distributing contact information for the successor Member.

## <u>Compensation of Fee Committee Members</u>

The Fee Committee Member appointed by the United States Trustee or the U.S. Trustee's designee will receive no compensation for service on the Fee Committee or time expended on Fee Committee matters. All other Fee Committee Members, the Fee Committee Counsel, and any other consultants, shall receive such reasonable hourly compensation, or in the alternative, a

flat monthly amount pursuant to 11 U.S.C. § 328(a), for their services as shall be mutually agreed upon by the Fee Committee Members and approved by the Court.  All Fee Committee Members (other than the Fee Committee Member appointed by the United States Trustee) and the Fee Committee Counsel also shall be entitled to reimbursement from the Debtors' estates for their reasonable, documented out-of-pocket costs and expenses in connection with the Fee Committee, which may include travel and lodging expenses for attendance at Fee Committee meetings, also subject to Court approval upon application. Service on the Fee Committee will not entitle any member thereof to compensation under section 503(b) of the Bankruptcy Code, and any right to such claim is expressly waived.

Work performed by Retained Professionals to assist the Fee Committee in the performance of its duties, such as assembling information provided by Retained Professionals and preparing it for review, shall be compensable in accordance with the standards of 11 U.S.C. § 330.

All Fee Committee Members, the Fee Committee's Counsel, and any other consultants, shall submit detailed fee statements and requests for reimbursement of reasonable, actual, and necessary expenses, which shall be reviewed by the other Fee Committee Members; provided, however, that each Fee Committee Member shall recuse himself or herself from review of his or her own fee statements and requests for reimbursement of reasonable, actual, and necessary expenses.  In addition, any such statements and requests for reimbursement of reasonable, actual, and necessary expenses shall be subject to application, review and payment under Section 330 of the Bankruptcy Code.

**Fee Disputes**

If the Fee Committee has any concerns or objections (as determined by a vote of the Fee Committee Members) with respect to any interim or final fee application of a Retained Professional, it shall prepare and distribute a confidential letter or written report ("Fee Committee Report") to that Retained Professional, with a copy to the Debtors, the Committee, and the United States Trustee, describing such concerns or objections in accordance with the schedule set forth below.  If the Fee Committee Report is not unanimously approved by the Fee Committee, any Fee Committee Member who wishes to do so may prepare a written dissent, which shall be transmitted along with the Fee Committee Report.  The Fee Committee and the Retained Professional served with such Fee Committee Report shall thereafter endeavor to reach a mutually acceptable resolution of the issues raised by the Fee Committee Report.  In the event that the Fee Committee and the Retained Professional cannot reach a resolution with respect to any issue(s) raised by the Fee Committee Report (a "Fee Dispute") within 30 days after transmittal, the Fee Committee may publicly file its objection in accordance with the schedule below.  Pending resolution of any Fee Dispute, the Debtors shall compensate such Retained Professional for any amount otherwise due and payable under the Interim Compensation Order that is not the subject of the Fee Dispute or an unresolved objection to a Monthly Statement. Resolution of disputes related to interim or final applications for compensation remain subject to Court approval.

Nothing contained herein shall affect the right of any party in interest, including Members of the Fee Committee, to object to any Monthly Statement or interim or final fee

application.   Likewise, nothing contained herein shall affect the right of any Retained
Professional to respond to any objection to its Monthly Statement or interim or final fee
application.   Similarly, nothing herein shall affect the rights or obligations of any party in
interest, including the Fee Committee, under the Interim Compensation Order.

Schedule on Fee Applications

| EVENT | DEADLINE |
|---|---|
| End of 120 day interim compensation period | Day 0 |
| Interim Fee Applications Due | Day 75 |
| Fee Committee Report to Retained Professionals | Day 135 |
| End of Negotiation Period between Retained Professionals and Fee Committee on Report | Day 165 |
| Objection Deadline for Fee Committee or any member thereof | Day 180 |
| Hearing on Objections | Scheduled by the Court |

        10.     A separate schedule shall be established for the filing and adjudication of final fee
applications.  In addition, the Fee Committee shall have the right to review and, if appropriate,
object to any fee application submitted before the date of this Amended Fee Protocol, subject to
the limitation in paragraph 3 on page one above.  Notwithstanding this paragraph, the Fee
Committee shall not seek to amend or vacate any negotiated quantitative adjustments or
agreements made by the Committee with any Retained Professionals prior to the execution of
this Amended Fee Protocol related to applications for compensation for the first through fourth
interim fee periods that were previously approved and allowed as interim compensation and
reimbursement of expenses by orders of the Bankruptcy Court. This provision does not apply to
issues on which the Fee Committee has reserved the right to object, if any.

**Subsequent Retentions**

        Any professional retained by order of the Court in these Chapter 11 cases subsequent to
the date of the Fee Committee Order shall be bound by the Fee Committee Order and shall
immediately contact the Independent Member of the Fee Committee to discuss the procedures
the professional must follow under the Amended Fee Protocol and Interim Compensation Order.

**Committee Exculpation And Indemnification**

        The Fee Committee and each Fee Committee Member are hereby appointed officers of
the Court with respect to the performance of their duties on the Fee Committee and provided the
maximum immunity permitted by law from civil actions for all acts taken or omitted in the
performance of their duties and powers on the Fee Committee.  No person or entity shall
commence an action against the Fee Committee or any Member thereof in connection with Fee
Committee matters except in this Court.

        The Fee Committee and each member thereof are hereby indemnified by the Debtors for
losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith,
in the performance of their duties as a member of the Fee Committee.  Nothing herein shall be
deemed to limit the application of any immunities to which any party is entitled under statute or

other law, including but not limited to any sovereign immunity and quasi-judicial immunity such parties may have.

Any and all claims or causes of action not instituted against the Fee Committee or any Fee Committee Member thereof (solely in its capacity as a member of the Fee Committee) prior to the tenth calendar day after entry of an order determining the fee application as to which such claims or causes of action relate shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

Any Retained Professional may seek an Order on appropriate notice seeking relief from any of the provisions of the Fee Committee Order.

6105006_1

# EXHIBIT B

# (*Redline* Comparing May 26, 2009 Fee Protocol with Proposed Amended Fee Protocol)

~~EXHIBIT A~~

**Amended Fee Protocol**

<u>**Fee Committee**</u>

By order, dated May ~~—~~26, 2009 (the "<u>Fee Committee Order</u>"), the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") appointed a fee committee (the "<u>Fee Committee</u>") and approved ~~this~~a fee protocol (the "<u>Fee Protocol</u>") in the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of Lehman Brothers Holdings Inc. and its affiliated debtors in possession (the "<u>Debtors</u>").  The Fee Committee ~~is~~was authorized to perform the duties described in ~~this~~the Fee Protocol.  By order dated _____, the Court approved this Amended Fee Protocol (the "Amended Fee Protocol"), which supersedes the Fee Protocol in its entirety.

All capitalized terms not defined herein shall have the meanings ascribed to them in the Court's ~~Second~~Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures For Interim Monthly Compensation And Reimbursement Of Expenses Of Professionals (Docket No. ~~3012)~~ (4165) (as further revised and amended from time to time, the "<u>Interim Compensation Order</u>").

<u>**Purposes of the Fee Committee**</u>

The Fee Committee shall have the following purposes:

1.	~~Implementing procedures to effectively monitor the fees of~~Monitoring, reviewing and, where appropriate, objecting to applications for fees and expenses filed by professionals ~~approved~~retained (whether pursuant to sections 105, 327, 328 or 363 of the Bankruptcy Code) by the Court in the Chapter 11 Cases (the "<u>Retained Professionals</u>").

2.	~~Reduce inefficiency by establishing measures to avoid duplication of effort, overstaffing, the rendering of unnecessary services, and the incurrence of excessive or inappropriate expenses by Retained Professionals.~~Establishing measures to help the Court ensure that compensation and expenses paid by the Estate are reasonable, actual, and necessary under the Bankruptcy Code and the related precedent described in paragraph 3 below.

3.	~~Review~~Reviewing all ~~fee statements and~~Monthly Statements, interim, and final fee applications, whenever filed, submitted by Retained Professionals, since the inception of the Chapter 11 Cases and until otherwise ordered by the Court, ~~for conformity.~~  The purpose of the Fee Committee's review is to help the Court ensure compliance with (i) 11 U.S.C. §§ ~~328 and~~328, 330, and 331 as applicable (the "<u>Code</u>"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Rules</u>"); and (iii) the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, and the United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 and the Interim Compensation Order (the "Guidelines").  Notwithstanding this paragraph, the Fee Committee shall not seek to amend or vacate any negotiated quantitative adjustments or agreements made by the Committee with any Retained Professionals prior to the execution of this Amended Fee Protocol related to applications for compensation for the first through fourth interim fee periods that were previously approved and allowed as interim compensation and reimbursement of expenses by orders of the Bankruptcy Court.  This provision does not apply to issues on which the Fee Committee has reserved the right to object, if any.

**Authority of the Fee Committee**

The Fee Protocol supplements and does not supersede the Interim Compensation Order. The Fee Committee shall have standing to participate in any proceeding involving the fees and expenses of Retained Professionals, including any applications to authorize new Retained Professionals.

In addition to any authority the Fee Committee has under the Interim Compensation Order, the Fee Committee shall have the following authority:

4.    Interpose objections to, and be heard in any hearing or other proceedings to consider, interim and final applications for fees and reimbursement of expenses that may be filed by Retained Professionals to the extent permitted by the Bankruptcy Court.

5.    Serve objections to Monthly Statements, in whole or in part, precluding the payment of the amount questioned.

6.    Subject to Court approval, retain attorneys ("Fee Committee Counsel"), other professionals, and consultants, including but not limited to fee auditors, to assist the Fee Committee in discharging its duties.  Such professionals and consultants retained by the Fee Committee shall be entitled to be compensated by the Debtors for actual, reasonable, and necessary services and for expenses, subject to Court approval and compliance with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof.[1]  The Independent Member (as defined below) and the Fee Committee Counsel shall, whether or not paid prospectively as a flat fee, file interim and final fee applications pursuant to 11 U.S.C. §§ 330 and 331 requiring U.S. Bankruptcy Court approval; provided, however, that their fees shall be, in the aggregate, $250,000 per month (subject to amendment by further order of the Court), to be paid on the first day of each calendar month (pro-rated for any partial month's services).  This amount shall not include:

A.    The reasonable, actual and necessary expenses incurred by the Fee Committee Counsel or the Independent Member or any other consultants or auditors retained by the Fee Committee, the payment of which shall be subject to Court approval;

---

[1] In the event of any conflict between the requirements of the Interim Compensation Order and the express terms of the Order Approving Fee Committee's Recommendation of Appointment of Successor Independent Member [Docket No. 14117] ("Order Appointing Independent Member") or the order approving the employment and retention of Fee Committee Counsel ("Fee Committee Counsel Retention Order"), the Order Appointing Independent Member and the Fee Committee Counsel Retention Order shall govern.

    B. The reasonable, actual and necessary fees and expenses incurred in connection with:

      i. the appointment of the new Independent Member and the Fee Committee's Counsel that may have been incurred by the new Independent Member or the Fee Committee's professionals, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof;

      ii. resolution of unresolved issues related to the applications for interim compensation and reimbursement of expenses filed subsequent to the Petition Date that were resolved or rejected, in whole or in part, prior to the entry of the Fourth Amended Interim Compensation Order, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof; and

      iii. time related to meetings with the former Independent Member and his staff, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof;

      iv. time related to a review of the prior work generated by the Fee Committee and its professionals prior to January 24, 2011, to the extent reasonable, actual and necessary and subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof.

    7. Conduct discovery in the event of a contested matter between the Fee Committee and any Retained Professional.

    8. 4. Question discrepancies from the Code, Rules and Guidelines and, where appropriate, Negotiate with the Retained Professionals regarding objections to interim and final fee applications and Monthly Statements and consensually resolve such discrepancies objections where possible.

    9. 5. Present reports, on a timely basis, to the Court Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to applications for compensation.

    10. Periodically, in the Fee Committee's discretion, file summary reports with the Court on the Retained Professionals' applications.

    11. Establish guidelines and requirements for the preparation and submission to the Fee Committee of non-binding budgets for Retained Professionals.

    12. 6. Other than as specified in the Fee Dispute section of this Amended Fee Protocol, the Fee Committee shall not have the purpose or authorization to (i) formally object to any fees or expenses; (ii) appear in Court with respect to fee applications, or (iii) direct the activities of any Retained Professional (other than directing the Debtors' attorneys to disseminate materials as specified herein), which shall remain the prerogative of the Retained Professionals' clients.

**Composition of the Fee Committee**

The Fee Committee will consist of four members (the "Fee Committee members"): (i) one member appointed by and representative of the Debtors; (ii) one member appointed by and representative of the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "Committee"); (iii) one member appointed by and representative of the Office of the United States Trustee for ~~the Southern District of New York~~Region 2 (the "United States Trustee"); and (iv) one member that is an independent party~~, acceptable to the Debtors, the Committee, the United States Trustee and the examiner appointed in the Chapter 11 Cases~~, otherwise unaffiliated with the parties to the Chapter 11 Cases, and ~~appointed~~approved by the Court (the "Independent Member") upon the recommendation of a designated successor Independent Member by majority vote of the three other Fee Committee Members.

Each Fee Committee Member will have one vote on all Fee Committee matters. In the event of a tie, the vote of the Independent Member controls, and the Fee Committee shall act in accordance with the Independent Member's vote.

No Retained Professional, other than any employee of Alvarez & Marsal North America, LLC serving as the Fee Committee Member appointed by and representative of the Debtors, shall serve on or advise the Fee Committee in any capacity; provided, however, that any Fee Committee Member shall be free to consult, in connection with his or her service on the Fee Committee, with either attorneys to the constituent group that he or she represents or his or her own attorneys; provided, further, however, that the Debtors and their estates ~~may~~shall reimburse a Fee Committee Member for reasonable fees and expenses incurred as a result of consultation with his or her own (as opposed to his or her own constituent group's) attorneys, ~~for good cause shown~~subject to approval by the Court upon application.

Fee Committee Members will make every effort, absent extraordinary circumstances, to attend meetings ~~in person.~~or teleconferences. In the event a Member cannot attend a meeting ~~(in person~~or ~~by~~ teleconference), he or she may designate another person, other than an attorney from or for his or her entity or constituency, to represent that constituency. ~~A quorum of three (3) Fee Committee Members (present either in person or by teleconference) is necessary to conduct a meeting of the Fee Committee~~ The United States Trustee, however, may designate an attorney as her designee. Three members are required for a quorum, one of whom must be the Independent Member; provided, however, that if the Independent Member becomes unable to perform his duties, a quorum may be found without the chair.

~~Within seven (7) calendar days of entry of the Fee Committee Order, each constituent group identified above shall advise the Debtors' attorneys, Weil Gotshal & Manges LLP ("WGM"), of the identity of and contact information for its appointee to the Fee Committee and the designated contact person for each of such constituent group's Retained Professionals. Not later than fourteen (14) calendar days after entry of the Fee Committee Order, the Debtors' attorneys will provide each Fee Committee Member with: (i) a list of all appointees to the Fee Committee, including their contact information; (ii) a list of all designated contact persons for each of the Retained Professionals, including their contact information, (iii) a copy of each~~

~~Retained Professional's retention application and Court order approving same; and (iv) fee statements and interim fee applications filed by each Retained Professional, as applicable.~~

The Independent Member shall serve as chairperson of the Fee Committee (the "Chairperson") and shall be responsible for, among other things, scheduling meetings, and overseeing collection ~~and~~, distribution, and review of ~~fee statements~~Monthly Statements, applications for compensation, and other information needed by the Fee Committee. ~~The Chairperson may~~, as well as serving objections to Monthly Statements and filing and serving objections to applications for compensation. The Independent Member, with or without counsel, shall represent the Fee Committee's ~~consent and Court approval, retain additional professionals to assist the Fee Committee Members in the fulfillment of their duties hereunder~~interests in any Court proceeding.

In the event that a Fee Committee Member resigns, (i) the constituent group represented by that resigning Member may designate a successor Member, or (ii) in the case of the Independent Member, the remaining Fee Committee Members may, by majority vote, recommend the Court ~~appoint~~approve a designated successor member. Each constituent group may at any time name an individual other than its initial appointee as its designee to the Fee Committee and/or rotate the individuals that serve in this role on a periodic basis. The Chairperson will be responsible for distributing contact information for the successor ~~member~~Member.

## Compensation of Fee Committee Members

The Fee Committee Member appointed by the United States Trustee or the U.S. Trustee's designee will receive no compensation for ~~its~~ service on the Fee Committee or time expended on Fee Committee matters. All other Fee Committee Members, the Fee Committee Counsel, and any other consultants, shall receive such reasonable hourly ~~or other form of~~ compensation, or in the alternative, a flat monthly amount pursuant to 11 U.S.C. § 328(a), for their services as shall be mutually agreed upon by the Fee Committee Members ~~or, if there is no such agreement, as determined~~and approved by the Court. All Fee Committee Members (other than the Fee Committee Member appointed by the United States Trustee) and the Fee Committee Counsel also shall be entitled to reimbursement from the Debtors' estates for their reasonable, documented out-~~-~~of-pocket costs and expenses in connection with the Fee Committee, which may include travel and lodging expenses for attendance at Fee Committee meetings, also subject to Court approval upon application. Service on the Fee Committee will not entitle any member thereof to compensation under section 503(b) of the Bankruptcy Code, and any right to such claim is expressly waived.

Work performed by Retained Professionals to assist the Fee Committee in the performance of its duties, such as assembling information provided by Retained Professionals and preparing it for review, shall be compensable~~.~~ in accordance with the standards of 11 U.S.C. § 330.

All Fee Committee Members, the Fee Committee's Counsel, and any other consultants, shall submit detailed fee statements and requests for reimbursement of reasonable, actual, and necessary expenses, which shall be reviewed by the other Fee Committee Members; provided, however, that each Fee Committee Member shall recuse himself or herself from review of his or

her own fee statements and requests for reimbursement. of reasonable, actual, and necessary expenses.  In addition, any such statements and requests for reimbursement of reasonable, actual, and necessary expenses shall be subject to application, review and payment under Section 330 of the Bankruptcy Code.

**Budgets**

The Fee Protocol may be amended at the discretion of the Fee Committee to establish appropriate guidelines and requirements for the preparation and submission to the Fee Committee of budgets for Retained Professionals.

**Fee Disputes**

If the Fee Committee has any concerns or objections (as determined by a majority vote of the Fee Committee Members) with respect to any interim or final fee application of a Retained Professional, it shall, prior to the applicable objection deadlines for interim and final fee applications pursuant to the Interim Compensation Order, prepare and distribute a confidential letter or written report ("Fee Committee Report") to that Retained Professional, with a copy to the Debtors, the Committee, and the United States Trustee, describing such concerns. or objections in accordance with the schedule set forth below.  If the Fee Committee Report is not unanimously approved by the Fee Committee, any Fee Committee Member who wishes to do so may prepare a written dissent, which shall be transmitted along with the Fee Committee Report.  The Fee Committee and the Retained Professional served with such Fee Committee Report shall thereafter endeavor to reach a mutually acceptable resolution of the issues raised by the Fee Committee Report.  In the event that the Fee Committee and the Retained Professional cannot reach a resolution with respect to any issue(s) raised by the Fee Committee Report (a "Fee Dispute") prior to the hearing on the relevant fee application, (i) the Fee Committee may file with the Court and serve (through the claims agent appointed in the Chapter 11 Cases) on the relevant Retained Professional and those parties on a shortened service list approved by the Court for this purpose the Fee Committee Report (and any dissent thereto), as modified to reflect any discussions with the Retained Professional and to redact any references to previously identified privileged, confidential, or sensitive materials; and (ii) the Retained Professional may file a response to the Fee Committee Report and request that the Court resolve the Fee Dispute at such hearing; provided, however, that, to the extent that the Fee Committee and a relevant Retained Professional desire to continue to seek a mutually acceptable resolution of a Fee Dispute, they may do so for a period of up to 120 days, but, to the extent that such Fee Dispute remains unresolved at the end of the next succeeding Interim Fee Period, it shall be submitted to the Court for resolution.within 30 days after transmittal, the Fee Committee may publicly file its objection in accordance with the schedule below.  Pending resolution of any Fee Dispute, the Debtors shall compensate such Retained Professional for any amount otherwise due and payable under the Interim Compensation Order that is not the subject of the Fee Committee ReportDispute or an unresolved objection to a Monthly Statement.  Resolution of disputes related to interim or final applications for compensation remain subject to Court approval.

Upon request of the Court, the Fee Committee or a designated Fee Committee Member shall appear in Court and be heard with respect to (i) any Fee Committee Report issued in

relation to the Fee Dispute; (ii) any objection to such Fee Committee Report; (iii) the fee applications or statements implicated thereby; and (iv) any questions propounded by the Court and parties in interest. If there is no Fee Dispute, the Chairperson, on behalf of the Fee Committee, shall authorize the Retained Professional to so state in its Fee Application.

Nothing contained herein shall affect the right of any party in interest, including Members of the Fee Committee, to object or otherwise respond to any monthly statementto any Monthly Statement or interim or final fee application. Likewise, nothing contained herein shall affect the right of any Retained Professional to respond to any objection to its Monthly Statement or interim or final fee application. Similarly, nothing herein shall affect the rights or obligations of any party in interest, including the Fee Committee, under the Interim Compensation Order.

Schedule on Fee Applications

| EVENT | DEADLINE |
|---|---|
| End of 120 day interim compensation period | Day 0 |
| Interim Fee Applications Due | Day 75 |
| Fee Committee Report to Retained Professionals | Day 135 |
| End of Negotiation Period between Retained Professionals and Fee Committee on Report | Day 165 |
| Objection Deadline for Fee Committee or any member thereof | Day 180 |
| Hearing on Objections | Scheduled by the Court |

13.    A separate schedule shall be established for the filing and adjudication of final fee applications. In addition, the Fee Committee shall have the right to review and, if appropriate, object to any fee application submitted before the date of this Amended Fee Protocol, subject to the limitation in paragraph 3 on page one above. Notwithstanding this paragraph, the Fee Committee shall not seek to amend or vacate any negotiated quantitative adjustments or agreements made by the Committee with any Retained Professionals prior to the execution of this Amended Fee Protocol related to applications for compensation for the first through fourth interim fee periods that were previously approved and allowed as interim compensation and reimbursement of expenses by orders of the Bankruptcy Court. This provision does not apply to issues on which the Fee Committee has reserved the right to object, if any.

**Subsequent Retentions**

Any professional retained by order of the Court in these Chapter 11 cases subsequent to the date of the Fee Committee Order shall be bound by the Fee Committee Order and shall immediately contact the Independent Member of the Fee Committee to establishdiscuss the procedures for submission of fee statements or fee applicationsthe professional must follow under the Amended Fee Protocol and Interim Compensation Order.

**Committee Exculpation And Indemnification**

The Fee Committee and each Fee Committee Member are hereby appointed officers of the Court with respect to the performance of their duties on the Fee Committee and provided the maximum immunity permitted by law from civil actions for all acts taken or

omitted in the performance of their duties and powers on the Fee Committee.  No person or entity shall commence an action against the Fee Committee or any ~~member~~Member thereof in connection with Fee Committee matters except in this Court.

The Fee Committee and each member thereof are hereby indemnified by the Debtors~~' estates~~ for losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith, in the performance of their duties as a member of the Fee Committee. Nothing herein shall be deemed to limit the application of any immunities to which any party ~~are~~is entitled ~~to~~ under statute or other law, including but not limited to any sovereign immunity and quasi-judicial immunity such parties may have.

Any and all claims or causes of action not instituted against the Fee Committee or any Fee Committee Member thereof (solely in its capacity as a member of the Fee Committee) prior to the tenth calendar day after entry of an order determining the fee application as to which such claims or causes of action relate shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

~~Each~~Any Retained Professional may seek an Order on appropriate notice seeking relief from any of the provisions of the Fee Committee Order.

6105006_1

Document comparison by Workshare Compare on Friday, March 11, 2011 3:35:18 PM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Documents and Settings\Agrote\Desktop\Fee Protocol Original May 2009.doc |
| Description | Fee Protocol Original May 2009 |
| Document 2 ID | interwovenSite://GKDMS/Active/6105006/1 |
| Description | #6105006v1<Active> - 2011-3-11 FINAL Amended Fee Protocol |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 129 |
| Deletions | 62 |
| Moved from | 4 |
| Moved to | 4 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 199 |

# EXHIBIT C
# (Proposed Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
In re                                                             :          Chapter 11
                                                                  :
LEHMAN BROTHERS HOLDINGS, INC. *et al.*,                          :          Case No. 08-13555 (JMP)
                                                                  :
                                        Debtors.                  :          (Jointly Administered)
----------------------------------------------------------------- x

## ORDER AMENDING THE FEE PROTOCOL

Upon the motion, dated March 11, 2011 of the Fee Committee appointed in Lehman
Brothers Holdings, Inc. ("**LBHI**") with its affiliated debtors in possession (together, the
"**Debtors**" and, collectively with their non-debtor affiliates, "**Lehman**") pursuant to the *Order
Appointing Fee Committee and Approving Fee Protocol* (the "**Fee Committee Order**") [Docket
No. 3651] to amend the Fee Committee Order (the "**Motion**"); and the Court having jurisdiction
to consider the motion and the relief requested; and consideration of the Motion and the relief
requested therein being a core proceeding; and venue being proper before this court and due and
proper notice of the Motion having been provided in accordance with the procedures set forth in
the *Second Amended Case Management Order* [Docket No. 9635]; and the Court having found
and determined that the relief sought in the Motion is in the best interests of the Debtors, their
estates and creditors, and all parties in interest and that the legal and factual bases set forth in the
Motion and at the hearing establish just cause for the relief granted herein; and after due
deliberation and sufficient cause appearing therefore,

**IT IS ORDERED:**

1.      The May 26, 2009 *Order Appointing Fee Committee and Approving Fee Protocol*
("**Fee Committee Order**") [Docket No. 3651] is hereby amended such that the Amended Fee
Protocol attached to this order as **Exhibit A** shall replace and supersede the Fee Protocol
attached as Exhibit A to the Fee Committee Order.

2.       Except as modified herein, the terms and provisions of the *Order Appointing Fee*

*Committee and Approving Fee Protocol* shall remain in full force and effect.  Nothing in this

order or in any subsequent order should be construed as waiving any substantive right, duty, or

obligation of the Fee Committee or of the U.S. Trustee.

3.       Furthermore, nothing in this order shall be construed as waiving any right of any

professional to maintain or assert any response or defense to any objection or observation raised

by the Fee Committee or the U.S. Trustee.

Dated:  New York, New York
        April _____, 2011.


_____
UNITED STATES BANKRUPTCY JUDGE

6106146_1

2

# EXHIBIT A
## (Amended Fee Protocol)

## Amended Fee Protocol

### Fee Committee

By order, dated May 26, 2009 (the "<u>Fee Committee Order</u>"), the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") appointed a fee committee (the "<u>Fee Committee</u>") and approved a fee protocol (the "<u>Fee Protocol</u>") in the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of Lehman Brothers Holdings Inc. and its affiliated debtors in possession (the "<u>Debtors</u>"). The Fee Committee was authorized to perform the duties described in the Fee Protocol. By order dated _____, the Court approved this Amended Fee Protocol (the "<u>Amended Fee Protocol</u>"), which supersedes the Fee Protocol in its entirety.

All capitalized terms not defined herein shall have the meanings ascribed to them in the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures For Interim Monthly Compensation And Reimbursement Of Expenses Of Professionals (Docket No. 4165) (as further revised and amended from time to time, the "<u>Interim Compensation Order</u>").

### Purposes of the Fee Committee

The Fee Committee shall have the following purposes:

1.      Monitoring, reviewing and, where appropriate, objecting to applications for fees and expenses filed by professionals retained (whether pursuant to sections 105, 327, 328 or 363 of the Bankruptcy Code) by the Court in the Chapter 11 Cases (the "<u>Retained Professionals</u>").

2.      Establishing measures to help the Court ensure that compensation and expenses paid by the Estate are reasonable, actual, and necessary under the Bankruptcy Code and the related precedent described in paragraph 3 below.

3.      Reviewing all Monthly Statements, interim, and final fee applications, whenever filed, submitted by Retained Professionals, since the inception of the Chapter 11 Cases and until otherwise ordered by the Court. The purpose of the Fee Committee's review is to help the Court ensure compliance with (i) 11 U.S.C. §§ 328, 330, and 331 as applicable (the "<u>Code</u>"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Rules</u>"); and (iii) the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 and the Interim Compensation Order (the "<u>Guidelines</u>"). Notwithstanding this paragraph, the Fee Committee shall not seek to amend or vacate any negotiated quantitative adjustments or agreements made by the Committee with any Retained Professionals prior to the execution of this Amended Fee Protocol related to applications for compensation for the first through fourth interim fee periods that were previously approved and allowed as interim

compensation and reimbursement of expenses by orders of the Bankruptcy Court.  This provision does not apply to issues on which the Fee Committee has reserved the right to object, if any.

### Authority of the Fee Committee

The Fee Protocol supplements and does not supersede the Interim Compensation Order. The Fee Committee shall have standing to participate in any proceeding involving the fees and expenses of Retained Professionals, including any applications to authorize new Retained Professionals.

In addition to any authority the Fee Committee has under the Interim Compensation Order, the Fee Committee shall have the following authority:

1.     Interpose objections to, and be heard in any hearing or other proceedings to consider, interim and final applications for fees and reimbursement of expenses that may be filed by Retained Professionals to the extent permitted by the Bankruptcy Court.

2.     Serve objections to Monthly Statements, in whole or in part, precluding the payment of the amount questioned.

3.     Subject to Court approval, retain attorneys ("Fee Committee Counsel"), other professionals, and consultants, including but not limited to fee auditors, to assist the Fee Committee in discharging its duties.  Such professionals and consultants retained by the Fee Committee shall be entitled to be compensated by the Debtors for actual, reasonable, and necessary services and for expenses, subject to Court approval and compliance with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof.[1]  The Independent Member (as defined below) and the Fee Committee Counsel shall, whether or not paid prospectively as a flat fee, file interim and final fee applications pursuant to 11 U.S.C. §§ 330 and 331 requiring U.S. Bankruptcy Court approval; provided, however, that their fees shall be, in the aggregate, $250,000 per month (subject to amendment by further order of the Court), to be paid on the first day of each calendar month (pro-rated for any partial month's services).  This amount shall not include:

A.     The reasonable, actual and necessary expenses incurred by the Fee Committee Counsel or the Independent Member or any other consultants or auditors retained by the Fee Committee, the payment of which shall be subject to Court approval;

B.     The reasonable, actual and necessary fees and expenses incurred in connection with:

i.     the appointment of the new Independent Member and the Fee Committee's Counsel that may have been incurred by the new Independent Member or the Fee

---

[1] In the event of any conflict between the requirements of the Interim Compensation Order and the express terms of the Order Approving Fee Committee's Recommendation of Appointment of Successor Independent Member [Docket No. 14117] ("Order Appointing Independent Member") or the order approving the employment and retention of Fee Committee Counsel ("Fee Committee Counsel Retention Order"), the Order Appointing Independent Member and the Fee Committee Counsel Retention Order shall govern.

Committee's professionals, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof;

        ii.     resolution of unresolved issues related to the applications for interim compensation and reimbursement of expenses filed subsequent to the Petition Date that were resolved or rejected, in whole or in part, prior to the entry of the Fourth Amended Interim Compensation Order, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof; and

        iii.     time related to meetings with the former Independent Member and his staff, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof;

        iv.     time related to a review of the prior work generated by the Fee Committee and its professionals prior to January 24, 2011, to the extent reasonable, actual and necessary and subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof.

4.     Conduct discovery in the event of a contested matter between the Fee Committee and any Retained Professional.

5.     Negotiate with the Retained Professionals regarding objections to interim and final fee applications and Monthly Statements and consensually resolve such objections where possible.

6.     Present reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to applications for compensation.

7.     Periodically, in the Fee Committee's discretion, file summary reports with the Court on the Retained Professionals' applications.

8.     Establish guidelines and requirements for the preparation and submission to the Fee Committee of non-binding budgets for Retained Professionals.

9.     Other than as specified in this Amended Fee Protocol, the Fee Committee shall not have the purpose or authorization to direct the activities of any Retained Professional (other than directing the Debtors' attorneys to disseminate materials as specified herein), which shall remain the prerogative of the Retained Professionals' clients.

## Composition of the Fee Committee

The Fee Committee will consist of four members (the "Fee Committee members"): (i) one member appointed by and representative of the Debtors; (ii) one member appointed by and representative of the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "Committee"); (iii) one member appointed by and representative of the Office of the United States Trustee for Region 2 (the "United States Trustee"); and (iv) one member that is an independent party, otherwise unaffiliated with the parties to the Chapter 11 Cases, and approved

by the Court (the "<u>Independent Member</u>") upon the recommendation of a designated successor Independent Member by majority vote of the three other Fee Committee Members.

Each Fee Committee Member will have one vote on all Fee Committee matters.  In the event of a tie, the vote of the Independent Member controls, and the Fee Committee shall act in accordance with the Independent Member's vote.

No Retained Professional, other than any employee of Alvarez & Marsal North America, LLC serving as the Fee Committee Member appointed by and representative of the Debtors, shall serve on or advise the Fee Committee in any capacity; <u>provided</u>, <u>however</u>, that any Fee Committee Member shall be free to consult, in connection with his or her service on the Fee Committee, with either attorneys to the constituent group that he or she represents or his or her own attorneys; <u>provided</u>, <u>further</u>, <u>however</u>, that the Debtors and their estates shall reimburse a Fee Committee Member for reasonable fees and expenses incurred as a result of consultation with his or her own (as opposed to his or her own constituent group's) attorneys, subject to approval by the Court upon application.

Fee Committee Members will make every effort, absent extraordinary circumstances, to attend meetings or teleconferences.  In the event a Member cannot attend a meeting or teleconference, he or she may designate another person, other than an attorney from or for his or her entity or constituency, to represent that constituency.  The United States Trustee, however, may designate an attorney as her designee.  Three members are required for a quorum, one of whom must be the Independent Member; <u>provided</u>, <u>however</u>, that if the Independent Member becomes unable to perform his duties, a quorum may be found without the chair.

The Independent Member shall serve as chairperson of the Fee Committee (the "<u>Chairperson</u>") and shall be responsible for, among other things, scheduling meetings, and overseeing collection, distribution, and review of Monthly Statements, applications for compensation, and other information needed by the Fee Committee, as well as serving objections to Monthly Statements and filing and serving objections to applications for compensation.  The Independent Member, with or without counsel, shall represent the Fee Committee's interests in any Court proceeding.

In the event that a Fee Committee Member resigns, (i) the constituent group represented by that resigning Member may designate a successor Member, or (ii) in the case of the Independent Member, the remaining Fee Committee Members may, by majority vote, recommend the Court approve a designated successor member.  Each constituent group may at any time name an individual other than its initial appointee as its designee to the Fee Committee and/or rotate the individuals that serve in this role on a periodic basis.  The Chairperson will be responsible for distributing contact information for the successor Member.

### <u>Compensation of Fee Committee Members</u>

The Fee Committee Member appointed by the United States Trustee or the U.S. Trustee's designee will receive no compensation for service on the Fee Committee or time expended on Fee Committee matters.  All other Fee Committee Members, the Fee Committee Counsel, and any other consultants, shall receive such reasonable hourly compensation, or in the alternative, a

flat monthly amount pursuant to 11 U.S.C. § 328(a), for their services as shall be mutually agreed upon by the Fee Committee Members and approved by the Court. All Fee Committee Members (other than the Fee Committee Member appointed by the United States Trustee) and the Fee Committee Counsel also shall be entitled to reimbursement from the Debtors' estates for their reasonable, documented out-of-pocket costs and expenses in connection with the Fee Committee, which may include travel and lodging expenses for attendance at Fee Committee meetings, also subject to Court approval upon application. Service on the Fee Committee will not entitle any member thereof to compensation under section 503(b) of the Bankruptcy Code, and any right to such claim is expressly waived.

Work performed by Retained Professionals to assist the Fee Committee in the performance of its duties, such as assembling information provided by Retained Professionals and preparing it for review, shall be compensable in accordance with the standards of 11 U.S.C. § 330.

All Fee Committee Members, the Fee Committee's Counsel, and any other consultants, shall submit detailed fee statements and requests for reimbursement of reasonable, actual, and necessary expenses, which shall be reviewed by the other Fee Committee Members; provided, however, that each Fee Committee Member shall recuse himself or herself from review of his or her own fee statements and requests for reimbursement of reasonable, actual, and necessary expenses. In addition, any such statements and requests for reimbursement of reasonable, actual, and necessary expenses shall be subject to application, review and payment under Section 330 of the Bankruptcy Code.

**Fee Disputes**

If the Fee Committee has any concerns or objections (as determined by a vote of the Fee Committee Members) with respect to any interim or final fee application of a Retained Professional, it shall prepare and distribute a confidential letter or written report ("Fee Committee Report") to that Retained Professional, with a copy to the Debtors, the Committee, and the United States Trustee, describing such concerns or objections in accordance with the schedule set forth below. If the Fee Committee Report is not unanimously approved by the Fee Committee, any Fee Committee Member who wishes to do so may prepare a written dissent, which shall be transmitted along with the Fee Committee Report. The Fee Committee and the Retained Professional served with such Fee Committee Report shall thereafter endeavor to reach a mutually acceptable resolution of the issues raised by the Fee Committee Report. In the event that the Fee Committee and the Retained Professional cannot reach a resolution with respect to any issue(s) raised by the Fee Committee Report (a "Fee Dispute") within 30 days after transmittal, the Fee Committee may publicly file its objection in accordance with the schedule below. Pending resolution of any Fee Dispute, the Debtors shall compensate such Retained Professional for any amount otherwise due and payable under the Interim Compensation Order that is not the subject of the Fee Dispute or an unresolved objection to a Monthly Statement. Resolution of disputes related to interim or final applications for compensation remain subject to Court approval.

Nothing contained herein shall affect the right of any party in interest, including Members of the Fee Committee, to object to any Monthly Statement or interim or final fee

application.   Likewise, nothing contained herein shall affect the right of any Retained
Professional to respond to any objection to its Monthly Statement or interim or final fee
application.   Similarly, nothing herein shall affect the rights or obligations of any party in
interest, including the Fee Committee, under the Interim Compensation Order.

Schedule on Fee Applications

| EVENT | DEADLINE |
|---|---|
| End of 120 day interim compensation period | Day 0 |
| Interim Fee Applications Due | Day 75 |
| Fee Committee Report to Retained Professionals | Day 135 |
| End of Negotiation Period between Retained Professionals and Fee Committee on Report | Day 165 |
| Objection Deadline for Fee Committee or any member thereof | Day 180 |
| Hearing on Objections | Scheduled by the Court |

10.    A separate schedule shall be established for the filing and adjudication of final fee
applications.   In addition, the Fee Committee shall have the right to review and, if appropriate,
object to any fee application submitted before the date of this Amended Fee Protocol, subject to
the limitation in paragraph 3 on page one above.   Notwithstanding this paragraph, the Fee
Committee shall not seek to amend or vacate any negotiated quantitative adjustments or
agreements made by the Committee with any Retained Professionals prior to the execution of
this Amended Fee Protocol related to applications for compensation for the first through fourth
interim fee periods that were previously approved and allowed as interim compensation and
reimbursement of expenses by orders of the Bankruptcy Court. This provision does not apply to
issues on which the Fee Committee has reserved the right to object, if any.

**Subsequent Retentions**

Any professional retained by order of the Court in these Chapter 11 cases subsequent to
the date of the Fee Committee Order shall be bound by the Fee Committee Order and shall
immediately contact the Independent Member of the Fee Committee to discuss the procedures
the professional must follow under the Amended Fee Protocol and Interim Compensation Order.

**Committee Exculpation And Indemnification**

The Fee Committee and each Fee Committee Member are hereby appointed officers of
the Court with respect to the performance of their duties on the Fee Committee and provided the
maximum immunity permitted by law from civil actions for all acts taken or omitted in the
performance of their duties and powers on the Fee Committee.   No person or entity shall
commence an action against the Fee Committee or any Member thereof in connection with Fee
Committee matters except in this Court.

The Fee Committee and each member thereof are hereby indemnified by the Debtors for
losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith,
in the performance of their duties as a member of the Fee Committee.   Nothing herein shall be
deemed to limit the application of any immunities to which any party is entitled under statute or

other law, including but not limited to any sovereign immunity and quasi-judicial immunity such parties may have.

Any and all claims or causes of action not instituted against the Fee Committee or any Fee Committee Member thereof (solely in its capacity as a member of the Fee Committee) prior to the tenth calendar day after entry of an order determining the fee application as to which such claims or causes of action relate shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

Any Retained Professional may seek an Order on appropriate notice seeking relief from any of the provisions of the Fee Committee Order.

6105006_1