Ronald S. Beacher  **RESPONSE DEADLINE:**  Mar. 16, 2011, at 4:00 p.m. (Eastern Time)
Richard Levy, Jr.  **HEARING DATE:**  Mar. 31, 2011, at 10:00 a.m. (Eastern Time)
PRYOR CASHMAN LLP
Seven Times Square
New York, NY 10036-6569
(212) 421-4100

*Attorneys for SPCP Group, LLC, as agent for
Silver Point Capital Fund, LP and Silver Point
Capital Offshore Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:                                            :
                                                  :     **Chapter 11**
**LEHMAN BROTHERS HOLDINGS INC.,**                :     **Case No. 08-13555 (JMP)**
et al.,                                           :     **(Jointly Administered)**
                                                  :
                    Debtors.                      :
-----------------------------------------------------------x


**RESPONSE OF SPCP GROUP, LLC, AS AGENT FOR
SILVER POINT CAPITAL FUND, LP AND SILVER POINT
CAPITAL OFFSHORE FUND, LTD., AS SUCCESSOR TO CERTAIN
CLAIMS OF TIFFANY & CO. TO DEBTORS' NINETY-FIFTH OMNIBUS
<u>OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)</u>
(Re:  Claim Nos. 20292 and 20319)**

TO THE HON. JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

SPCP Group, LLC, as agent for Silver Point Capital Fund, LP and Silver Point Capital Offshore Fund, Ltd. ("<u>SPCP</u>"), as successor to certain claims of Tiffany & Co. ("<u>Tiffany</u>"), by and through its undersigned counsel, hereby submits this response ("<u>Response</u>") to the Debtors' Ninety-Fifth Omnibus Objection to Claims (Valued Derivative Claims), dated February 14, 2011 [Docket No. 14490] (the "<u>Objection</u>").  SPCP respectfully states:

1086043.1

## BACKGROUND

1. On or about July 18, 2002, Tiffany and Lehman Brothers Special Financing Inc. ("LBSF") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border) dated as of that date, including the Schedule thereto dated as of the same date, all as amended, supplemented or otherwise modified from time to time, and including all schedules, annexes and exhibits thereto, and all confirmations exchanged pursuant to transactions entered in connection therewith (collectively, the "Master Agreement"). Lehman Brothers Holdings, Inc. ("LBHI") guaranteed the obligations of LBSF under the Master Agreement pursuant to a guarantee dated as of July 19, 2002 ("Guarantee"). Capitalized terms used herein and not otherwise defined have the meanings given in the Master Agreement.

2. Beginning on September 15, 2008 and periodically thereafter, LBHI and certain of its affiliates, including LBSF (collectively, the "Debtors") commenced voluntary cases under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. These Debtors' chapter 11 cases are consolidated for procedural purposes only and are jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. The LBSF chapter 11 filing constituted an event of default with respect to LBSF under the Master Agreement. Because LBHI guaranteed the Master Agreement under the Guarantee, the LBHI chapter 11 filing constituted an additional event of default with respect to LBSF under the Master Agreement and the Guarantee.

4. In the exercise of its rights under the Master Agreement, on April 17, 2009, Tiffany issued a notice of default and early termination to LBSF of all transactions under the Master Agreement and designated April 17, 2009 as the Early Termination Date under the

Master Agreement.

### The Proofs of Claim

5.  On July 2, 2009, the Bankruptcy Court entered an Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

6.  On or about September 19, 2009, Tiffany filed a proof of claim against LBSF (registered as Claim No. 19551) seeking recovery under the Master Agreement in the amount of not less than $9,717,258.00 (the "LBSF Proof of Claim").

7.  On or about September 19, 2009, Tiffany filed a proof of claim against LBHI (registered as Claim No. 19550) seeking recovery under the Guarantee in the amount of not less than $9,717,258.00 (the "LBHI Proof of Claim").

8.  Pursuant to the Bar Date Order, a derivative questionnaire was timely submitted with respect to each of the Claims (together, the "Questionnaires").

9.  On or about September 21, 2009, Tiffany assigned to SPCP all of its right, title and interest in and to all claims and causes of action in, arising under or in connection with the claims set forth in the LBSF Proof of Claim and the LBHI Proof of Claim (together, the "Claims").

10. On or about September 21, 2009, SPCP filed a proof of claim in its own name against LBSF on account of the claim under the Master Agreement in the amount of not less than $9,717,258.00 (registered as Claim No. 20292), and a proof of claim in its own name against LBHI on account of the claim under the Guarantee in the amount of not less than $9,717,258.00 (registered as Claim No. 20319).

11. Notices of transfer and evidence of the assignments of the Claims from Tiffany to

3

SPCP were filed in the Bankruptcy Court, and the assignments of the Claims from Tiffany to SPCP were recorded in the register of claims.[1]

### The Debtors' Objection to the Claims

12. The Debtors state in the Objection that they examined the Claims and that such claims should be reduced on the basis that "the asserted claim amount is greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records...." (Objection ¶ 13.)

13. Based solely on the Debtors' assertion, and with no further evidence, the Debtors seek to reduce both the LBSF Claim and the LBHI Claim from $9,717,258.00 to $8,157,092.41 (the "Debtors' Modified Claim Amounts").

### ARGUMENT

14. The Debtors' Objection to the Claims is baseless and should be denied. The Debtors failed to satisfy their burden of proof to rebut the validity of the Claims. The Debtors have not offered any specific evidence whatsoever to refute the fact that the amount of each Claim is "fair, accurate, and reasonable." Accordingly, the Debtors' Objection should be denied, and the Claims should be allowed as filed in the amount of $1,531,492.00.

A. **Applicable Legal Standard**

15. The Debtors misstate the applicable burden of proof. It is well-settled bankruptcy law that a properly filed proof of claim is *prima facie* evidence of that claim and its validity. *See* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). "If a proper objection is made, the objecting party has the burden of presenting evidence sufficient to overcome the *prima facie* validity of the claim." 4 COLLIER ON BANKRUPTCY ¶ 501.02[3][d] (Alan N. Resnick & Harry J. Sommer eds.

---

[1] Amended notices of transfer were subsequently filed to reflect changes in certain address information.

16th ed. 2010).

16. The Debtors argue that "[i]f an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim." (Objection ¶ 12, *citing* In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *and* In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000)). To the contrary, "[a] proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion." Oneida, 400 B.R. at 389 (emphasis added). The burden would shift to SPCP *only* if the Debtors produce "evidence in equal force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id*. In other words, to shift the burden of proof to SPCP, the Debtors must first produce sufficient evidence to overcome the "*prima facie* validity" of the SPCP Claims. Adelphia, 2007 Bankr. LEXIS 660 at *1546; Rockefeller, 272 B.R. at 539.

**B. The Debtors Failed to Rebut the Validity of the Claims**

17. To overcome the *prima facie* validity of the Claims, the Debtors must come forward "with evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (*quoting* In re Oneida, Ltd., *supra*). *Accord*, Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); In re Minbatiwalla, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010).

18. The Debtors have not produced information sufficient to shift the burden of proof to SPCP. Indeed, the Debtors have not produced any specific information at all. In the

5

Objection, the Debtors object to the Claims on the basis that the amounts asserted therein are "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records." (Objection ¶ 13.) The Debtors' unsubstantiated and vague assertion that the Claims are not reasonable based on a review of supporting documentation and the Debtors' internal books and records is not evidence in equal force to the *prima facie* validity of the Claims. In fact, in contrast to the documentation supporting the Claims, the Debtors' Objection provides no data whatsoever, numerical or otherwise, to support how or when the Debtors' Modified Claims Amounts were calculated. The Objection merely describes a general review that was purportedly done to determine the Debtors' Modified Claim Amounts without regard to the terms of the Master Agreement that governs the determination of the value of the Claims. This general process has no basis in, and is wholly inconsistent with, the express terms of the Master Agreement. For this reason alone, the Objection should be denied.

19. SPCP is unaware of any legitimate basis for the Objection, which on its face appears to be an unsubstantiated attempt by Debtors to extract wholly unjustified reductions to valid and properly filed proofs of claim.

20. In summary, the Claims and Questionnaires (complete with all relevant supporting documentation) constitute more than sufficient evidence of the amounts claimed thereunder, and the Debtors failed to satisfy their burden of proof in their attempt to object to and refute the validity of the Claims. Accordingly, the Objection should be denied in its entirety as it relates to the Claims.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, SPCP respectfully requests that this Court

deny the Debtors' Objection as to the Claims, allow the Claims as filed in the amount of $9,717,258.00 against each of LBSF and LBHI, and grant such other or further relief as this Court deems just and proper.

Dated:   New York, New York
         March 14, 2011

                        Respectfully submitted,

                        PRYOR CASHMAN LLP

                        By: /s/ Richard Levy, Jr.
                            Ronald S. Beacher
                            Richard Levy, Jr.
                        Seven Times Square
                        New York, NY 10036-6569
                        (212) 421-4100

                        *Attorneys for SPCP Group, LLC, as agent for Silver Point Capital Fund, LP and Silver Point Capital Offshore Fund, Ltd.*