Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,                    Case No. 08-13555 (JMP)
                                                               (**Jointly Administered**)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other
than for security, of the claim referenced in this evidence and notice.

Name of Transferee                                 Name of Transferor

Deutsche Bank AG, London Branch                    Anchorage Capital Master Offshore, Ltd.

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch             Court Claim # (if known):  22217
Winchester House, 1 Great Winchester Street  Amount of Claim: $191,938,575.86
London EC2N 2DB                              Date Claim Filed: September 21, 2009
Tel: +44 20 7547 2400
Fax: +44 113 336 2010                        Tel: N/A
Attention: Philipp Roever
E-mail:  philipp.roever@db.com

Last Four Digits of Acct. #:  N/A           Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 0062
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best
of my knowledge and belief.

By: _____              Date:   February 25ᵗʰ , 2011
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210A/B – Transfer of LBHI Claim # **22217** (in part)

## EVIDENCE OF TRANSFER OF CLAIM

TO:             United States Bankruptcy Court for the
                Southern District of New York (the "<u>Bankruptcy Court</u>")
                Attn: Clerk

AND TO:         Lehman Brothers Holdings Inc. (the "<u>Debtor</u>")

CASE NAME:      In re Lehman Brothers Holdings Inc., *et al.*,

CASE NO.        Chapter 11, Case No. 08-13555 (JMP) (Jointly administered)

CLAIM NO.       **22217 (In Part – See Below)**

DESCRIPTION     This Evidence of Transfer of Claim relates to the transfer of a 59.396365%
OF CLAIM        or $43,754,540.61 portion of that claim in the amount of $73,665,350.39
SUBJECT TO      referred to (and highlighted) in line item 9a+b of Exhibit A: Bankhaus
TRANSFER:       Loans to the proof of claim attached hereto as Schedule, or a 22.796116%
                or $43,754,540.61 portion (the "<u>Transferred Portion</u>") of the claim which
                has been filed against the Debtor in the Bankruptcy Court in the amount of
                $191,938,575.86 (the "<u>Claim</u>").

It is hereby certified that **Anchorage Capital Master Offshore, Ltd.** ("Seller") has, for good
and valuable consideration (the receipt and sufficiency of which are hereby acknowledged),
unconditionally and irrevocably sold, transferred and assigned unto:

**DEUTSCHE BANK AG, LONDON BRANCH**
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Michael Sutton / Philipp Roever
E-mail:  michael.sutton@db.com / philipp.roever@db.com

its successors and assigns ("<u>Buyer</u>") by assignment agreement dated 25 February 2011, all
rights, title, interest, claims and causes of action in and to, or arising under or in connection
with, the Claim to the extent of the Transferred Portion.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and
records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent
permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the
Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules
or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of
the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the
Claim and recognizing Buyer as the sole owner and holder of the Claim. Seller further directs
the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating
to the Claim, and all payments or distributions of money or property in respect of the Claim,
shall be delivered or made to Buyer.

90050886v42

Form 210A/B – Transfer of LBHI Claim # **22217** (in part)

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED
THIS 25ᵗʰ day of February 2011.

**Anchorage Capital Master Offshore, Ltd.**          **Deutsche Bank AG, London Branch**

**By: Anchorage Capital Group, L.L.C.,**
**its Investment Manager**

..............................................                    ..............................................
Name: MICHAEL AGLIALORO                    Name:
Title: Executive Vice President                    Title:

                                       Michael Sutton                    Anil Das
                                     Managing Director                    Director

| United States Bankruptcy Court/Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

ORIGINAL

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000022217

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors | (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings Inc. | 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Anchorage Capital Master Offshore, Ltd.
c/o Anchorage Advisors, L.L.C.
610 Broadway
6th Floor
New York, NY 10012
Attn: Kathryn A. Pruess

Telephone number: 212-432-4600    Email Address: kpruess@anchoragecap.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

Name and address where payment should be sent (if different from above)

Telephone number:        Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.    Amount of Claim as of Date Case Filed:** See attached schedule.
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*
**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

**2.    Basis for Claim:** See attached schedule.
(See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** N/A
    **3a.  Debtor may have scheduled account as:** N/A
(See instruction #3a on reverse side.)

**4.    Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$_____   Basis for perfection: _____

**Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7)

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

**Amount entitled to priority:**

$_____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C §503(b)(9): $** _____
(See instruction #6 on reverse side.)

**7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.    Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain: See Guarantee Questionnaire.

**FILED / RECEIVED**

SEP 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br><br>9/17/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Natalee Birrell* NATALIE A. BIRRELL<br>CHIEF OPERATING OFFICER |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 11 |
|  | ) |  |
| LEHMAN BROTHERS HOLDINGS INC. | ) | Case No. 08-13555 (JMP) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
| _____ | ) |  |

**SCHEDULE TO PROOF OF CLAIM OF**
**ANCHORAGE CAPITAL MASTER OFFSHORE, LTD**

1.      This Schedule to the proof of claim of Anchorage Capital Master

Offshore, Ltd ("ACMO") shall be deemed a part of, and incorporated by reference in, the

attached proof of claim (together with this Schedule, the "Proof of Claim") filed by ACMO.  The

Proof of Claim arises out of that certain guarantees issued by Lehman Brothers Holdings Inc.

("LBHI") as described further in Section I of this Schedule.

**I.    BASIS OF CLAIM**

2.      Lehman Brothers Bankhaus Aktiengesellschaft (AG) ("Lehman

Bankhaus") is the borrower with regard to various bank loans (the "Bankhaus Loans") from

various lenders (the "Bankhaus Lenders").  On various dates, ACMO purchased all or a portion

of each of the Bankhaus Loans from assignees of the Bankhaus Lenders pursuant to certain

confirmations, agreements and other documents.[1]  As the result of such purchase, ACMO is

entitled to all of the rights to which the Bankhaus Lenders would be entitled in connection with

---

[1]  As required by that Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") entered on July 2, 2009 [Docket No. 4271], copies of the relevant supporting documentation for this Proof of Claim will be uploaded as part of the Guarantee Questionnaire relating to this Proof of Claim.

the Bankhaus Loans. A chart setting forth the amount and nature of each of the Bankhaus Loans

is attached hereto as **Exhibit A**.

3.      This Proof of Claim arises out of (1) that certain guarantee, dated

November 21, 2002, issued by LBHI in favor of Lehman Bankhaus pursuant to which LBHI

unconditionally guarantees the obligations of Lehman Bankhaus to its counterparties (the "2002

Guarantee"), and (2) that certain guarantee by LBHI pursuant to the unanimous consent of the

executive committee of the board of directors through that certain board resolution dated June 9,

2005 (the "Board Resolution Guarantee" and, together with the 2002 Guarantee, the

"Guarantees"), pursuant to which LBHI guarantees the obligations of certain of its subsidiaries

(each a "Guaranteed Subsidiary"), including Lehman Bankhaus. Accordingly, ACMO hereby

asserts a claim  (the "Guarantee Claim") against LBHI in an amount no less than

$191,938,575.86 (the "Claim Amount") in connection with LBHI's guarantee, pursuant to the

Guarantees of Lehman Bankhaus' obligations to Anchorage under the Bank Loans. The Claim

Amount includes $186,030,000.00 in principal, $5,908,575.86 in interest accrued up to

November 13, 2008 on the Bankhaus Loans (the "Prepetition Interest."). As set forth more fully

below, ACMO reserves its rights to amend this Proof of Claim on account of, among other

things, interest and legal fees not yet ascertainable at this time and/or have not yet been incurred

as of this time.

4.      On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

with the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On November 13, 2008, Lehman Bankhaus filed an application for the opening of insolvency

proceedings with the insolvency court at the Frankfurt Lower District Court (Amtsgericht

2

Frankfurtam Main) (the "German Court"). Following such application, insolvency proceedings were opened by the German Court on November 13, 2008.

## II.   AMOUNT AND NATURE OF CLAIM

     5.    Subject to the reservation of rights outlined below, ACMO hereby asserts against LBHI under the Guarantees an unsecured liquidated claim of no less than $191,938,575.86 in connection with the Bank Loans, plus additional amounts for applicable accrued interest and fees and expenses, and plus contingent and unliquidated claims, including but not limited to all costs, fees and expenses (including legal and other professional expenses) not presently ascertainable in connection with and provided for under the Indemnity (together, the "Claim").

     6.    To the extent necessary, this Proof of Claim shall serve as notice and a demand of the amounts owing by LBHI to ACMO, and no further notice or demand shall be required.

     7.    Without limiting any of the foregoing, ACMO reserves all of its rights to assert claims for interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent and/or as may be permitted, provided and/or contemplated in the supporting documentation and under applicable law.

### III.  COURT JUDGMENT, SECURED CLAIM AND CREDITS

8.    As of the date hereof, no judgment has been rendered on the claims asserted herein.

9.    ACMO hereby asserts any and all rights of setoff, recoupment and/or netting it may have in respect of the claims asserted herein, including, without limitation, the right to setoff, recoup and/or net its claims against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against it.  The claims asserted herein are filed as secured claims to the extent of the value of the rights of setoff securing the claims and as general unsecured claims to the extent that the amount of the claims exceeds the value of such setoff rights.

10.    The amount of all payments on the claims asserted herein has been credited and deducted for purposes of making this Proof of Claim.

### IV.  RESERVATION OF RIGHTS

11.    In filing this Proof of Claim, ACMO expressly reserves all of its rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor.  The description of the claims and the classification thereof herein by ACMO is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of ACMO.  Furthermore, ACMO expressly reserves all rights to amend, clarify, modify and/or supplement the Proof of Claim at any time and for any reason, in any respect, including, without limitation to: (a) correct, increase or amend the amounts referred to herein; (b) add or amend documents and other information, or to describe further, the claims asserted herein; (c) file proofs of claim that may be duplicative in respect of the relevant and applicable documents or any other indebtedness, obligations or liability of any of the Debtors to

4

ACMO; (d) add or include any other Debtor or any other entity, including but not limited to any entity which may become a debtor or debtor in possession in the Debtor's jointly administered chapter 11 case(s) and add or amend categories of payments or liabilities; (e) assert a further priority, security interest or similar right with respect to the claims asserted herein; (f) file an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein; (g) file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses that are not ascertainable at this time, or to file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507, including, without limitation, for expenses included in this claim; or (h) file additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligations whatsoever of the Debtor to ACMO.

12.    In executing and filing this claim, ACMO does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this claim against the Debtor and does not waive or release: (a) its rights, claims, defenses and remedies, whether under applicable law, the relevant and applicable documents, or otherwise, against the Debtor or any other person or entity that may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor, or otherwise, including any rights that ACMO may have with respect to any property held by any Debtor or other entity in an actual, constructive, or other trust or similar relationship for the benefit of ACMO; (b) any obligation owed to it, or any right to any security in connection with the claims; (c) any past, present or future defaults (or events of default) by the Debtor or others in connection with the relevant and applicable documents or otherwise; or (d) any right to the subordination, in favor of ACMO, of indebtedness or liens held by other creditors of the Debtors.

5

13.    Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be: (a) a consent to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto pursuant to 28 U.S.C. § 157(e) or otherwise; (b) an election of remedies or limitation of rights or remedies; or (c) an admission that any property received by ACMO under the relevant and applicable documents or held by the Debtor or other entity constitutes property of any Debtor's estate.

14.    Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (a) the right of ACMO to have final orders in non-core matters entered only after de novo review by a district court judge; (b) the right of ACMO to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto, notwithstanding any designation of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (c) the right of ACMO to seek to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or otherwise to challenge the jurisdiction of the Bankruptcy Court, with respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving ACMO, or to assert that the reference has already been withdrawn with respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving ACMO; (d) the right of ACMO to have any unliquidated portions of its Proof of Claim determined by applicable state courts; or (e) any ownership, lien, or other property rights, any rights to setoff, recoupment, or counterclaim, or any other right, rights of action, causes of action, claims, or defenses, whether existing now or

6

hereinafter arising to which ACMO is or may be entitled under agreements, documents, or

instruments, in law or equity, against the Debtor or any other person or persons (including any

affiliate of the Debtor).

15.    Nothing herein shall be deemed to waive, estop or derogate from any

rights of ACMO, including, without limitation, ACMO' rights under the relevant and applicable

documents, or otherwise.  The Proof of Claim also is without prejudice to any and all of ACMO'

rights, claims and defenses in conjunction with the relevant and applicable documents, the

Bankruptcy Code, and otherwise, including, but not limited to the right to vote on any plan(s) in

the Debtor's chapter 11 case(s).

16.    The descriptions in the Proof of Claim of the relevant and applicable

documents are qualified in their entirety by reference to the applicable provisions of such

documents, and such documents are incorporated herein by reference.  Each reference to any

Debtor as obligor, guarantor, or pledgor, or any other signatory or party to the relevant and

applicable documents or any other document is qualified in its entirety by reference to the

applicable provisions of such documents.  In the event of any inconsistency between the Proof of

Claim and such documents, the documents shall control.

17.    ACMO expressly reserves all procedural and substantive rights, claims

and defenses with respect to any claim that has been or may be asserted against ACMO by the

Debtor, any trustee for its estate, any other party in interest in the chapter 11 case(s), or any other

person or entity whatsoever.

## V.    NAME AND ADDRESS OF WHERE NOTICES SHOULD BE SENT

18.    All communications in connection with this Proof of Claim should be sent

to:

Anchorage Capital Master Offshore, Ltd
c/o Anchorage Advisors, L.L.C.
610 Broadway
6th Floor
New York, NY 10012
Attn:  Kathryn A. Pruess

Facsimile: (212) 432-4601
Email: kpruess@anchoragecap.com

with copies to:

Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Attn:   Lee S. Attanasio
        Alex R. Rovira

Facsimile: (212) 839-5599
Email: lattanasio@sidley.com
        arovira@sidley.com

8

**Exhibit A: Bankhaus Loans**

| Name/Nature of Bankhaus Loan | Original Facility Amount (Euro) | Principal Amount Held by ACMO (Euro) | Principal Amount Held By ACMO (US Dollars)* | Prepetition Interest (Euro) | Prepetition Interest (US Dollars)* | Amount (Euro) as of November 13, 2008 | Amount (US Dollars)* | Name of Bankhaus Lender |
|---|---|---|---|---|---|---|---|---|
| 1 Schuldschein 009908 with maturity date of 06/06/2011 and interest rate of 5.51% p.a. | 5,000,000.00 | 5,000,000.00 | 7,155,000.00 | 122,444.44 | 175,217.99 | 5,122,444.44 | 7,330,217.99 | Stadtsparkasse Cuxhaven |
| 2 Schuldschein 002806 with maturity date of 9/16/2016 and interest rate of 4.185% p.a. | 6,000,000.00 | 6,000,000.00 | 8,586,000.00 | 325,710.47 | 466,091.68 | 6,325,710.47 | 9,052,091.68 | Sparkasse Meissen |
| 3 Schuldschein 007207 with maturity date of 6/18/2010 and interest rate 4.60% p.a. | 10,000,000.00 | 10,000,000.00 | 14,310,000.00 | 193,315.07 | 276,633.87 | 10,193,315.07 | 14,586,633.87 | Sparkasse Hanover |
| 4a (A) €5 mil. for Termingeld Geschaeftsnummer 243811 with maturity date of 10/27/2008 and interest rate of 4.77 p.a.; and (B) €5 mil. for Schuldschein 001304 4b with maturity date of 4/13/2011 and interest rate 3.97% p.a. | 10,000,000.00 | 10,000,000.00 | 14,310,000.00 | 325,662.13 | 466,022.51 | 10,325,662.13 | 14,776,022.51 | Sparkasse Mittleres Erzgebirge |
| 5 Schuldschein 001104 with maturity date of 03/30/2010 and interest rate 3.52% p.a. | 4,000,000.00 | 4,000,000.00 | 5,724,000.00 | 115,496.56 | 165,275.58 | 4,115,496.56 | 5,889,275.58 | Sparkasse Mittleres Erzgebirge |
| 6 Schuldschein 000905 with maturity date of 10/18/2010 and interest rate of 3.385% p.a. | 10,000,000.00 | 7,500,000.00 | 10,732,500.00 | 271,504.50 | 388,522.94 | 7,771,504.50 | 11,121,022.94 | Sparkasse Schwarzwald-Baar |
| 7 Termingeld (Eurobond Sale Ref. No. 244175) with maturity date of 10/2/2008 and interest rate of 4.88% p.a. | 5,000,000.00 | 5,000,000.00 | 7,155,000.00 | 110,667.67 | 158,365.44 | 5,110,667.67 | 7,313,365.44 | Kreissparkasse Kaiserslautern |
| 8 Schuldschein 000505 with maturity date of 10/18/2010 and interest rate of 3.385% p.a. | 10,000,000.00 | 2,500,000.00 | 3,577,500.00 | 90,501.50 | 129,507.65 | 2,590,501.50 | 3,707,007.65 | Sparkasse Schwarzwald-Baar |
| 8a (A) €30 mil. for Namensschuldverschreibung 007307, dated 6/25/2007, with maturity date of 6/26/2014 and interest rate of 4.9725% p.a.; and (B) €20 mil. for 9a Schuldschein 003406 with maturity date of 10/17/2016 and interest rate of 4.20% p.a. | 70,000,000.00** | 50,000,000.00 | 71,550,000.00 | 1,478,232.28 | 2,115,350.39 | 51,478,232.28 | 73,665,350.39 | Debeka Bausparkasse AG |
| 10 Schuldschein 002004 with maturity date of 9/17/2014 and interest rate 4.37% p.a. | 15,000,000.00 | 15,000,000.00 | 21,465,000.00 | 757,865.75 | 1,084,505.89 | 15,757,865.75 | 22,549,505.89 | Erste Europäische Pfand- und Kreditbank |
| 11 Termingeld Geschaeftsnummer 248340 dated 2/27/08 with maturity date of 9/17/2014 and interest rate of 4.20% p.a. | 10,000,000.00 | 10,000,000.00 | 14,310,000.00 | 317,994.42 | 455,050.02 | 10,317,994.42 | 14,765,050.02 | Sparkasse Schwarzwald-Baar |
| 12 Schuldschein 000605 with maturity date of 06/23/2017 and interest rate of 4.60% p.a. | 5,000,000.00 | 5,000,000.00 | 7,155,000.00 | 19,589.04 | 28,031.92 | 5,019,589.04 | 7,183,031.92 | Volksbank Paderborn-Höxter oG |
| Total | | 130,000,000.00 | 186,030,000.00 | 4,128,983.83 | 5,908,575.86 | 134,128,983.83 | 191,938,575.86 | |

* This calculation is based on the exchange rate between U.S. Dollars and Euros of 1.4310 for September 15, 2008 (LBHI's Petition Date) as published in the Wall Street Journal.
** €40 mil. under Namensschuldverschreibung 007307 and €30 mil. under Schuldschein 003406

9004352n5

Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,

Case No. 08-13555 (JMP)
(**Jointly Administered**)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

Name of Transferor

Deutsche Bank AG, London Branch

Anchorage Capital Master Offshore, Ltd.

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Philipp Roever
E-mail:  philipp.roever@db.com

Court Claim # (if known):  22217
Amount of Claim: $191,938,575.86
Date Claim Filed: September 21, 2009

Tel: N/A

Last Four Digits of Acct. #:  N/A

Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 0062
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
Transferee/Transferee's Agent

Date:   February 25th , 2011

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210A/B -- Transfer of LBHI Claim # **22217** (in part)

## EVIDENCE OF TRANSFER OF CLAIM

| | |
|---|---|
| TO: | United States Bankruptcy Court for the<br>Southern District of New York (the "<u>Bankruptcy Court</u>")<br>Attn: Clerk |
| AND TO: | Lehman Brothers Holdings Inc. (the "<u>Debtor</u>") |
| CASE NAME: | In re Lehman Brothers Holdings Inc., *et al.,* |
| CASE NO. | Chapter 11, Case No. 08-13555 (JMP) (Jointly administered) |
| CLAIM NO. | **22217 (In Part – See Below)** |
| DESCRIPTION OF CLAIM SUBJECT TO TRANSFER: | This Evidence of Transfer of Claim relates to the transfer of a 40.603635% or $29,910,809.78 portion of that claim in the amount of $73,665,350.39 referred to (and highlighted) in line item 9a+b of Exhibit A: Bankhaus Loans to the proof of claim attached hereto as Schedule, or a 15.583532% or $29,910,809.78 portion (the "<u>Transferred Portion</u>") of the claim which has been filed against the Debtor in the Bankruptcy Court in the amount of $191,938,575.86 (the "<u>Claim</u>"). |

It is hereby certified that **Anchorage Capital Master Offshore, Ltd.** ("Seller") has, for good and valuable consideration (the receipt and sufficiency of which are hereby acknowledged), unconditionally and irrevocably sold, transferred and assigned unto:

**DEUTSCHE BANK AG, LONDON BRANCH**
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Michael Sutton / Philipp Roever
E-mail: michael.sutton@db.com / philipp.roever@db.com

its successors and assigns ("<u>Buyer</u>") by assignment agreement dated **15** February 2011, all rights, title, interest, claims and causes of action in and to, or arising under or in connection with, the Claim to the extent of the Transferred Portion.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing Buyer as the sole owner and holder of the Claim. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to Buyer.

Form 210A/B – Transfer of LBHI Claim # **22217** (in part)

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED
THIS 25ᵗʰ day of February 2011.

**Anchorage Capital Master Offshore, Ltd.**     **Deutsche Bank AG, London Branch**

**By: Anchorage Capital Group, L.L.C.,
its Investment Manager**

................................................                ................................................
Name: MICHAEL AGLIALORO                    Name:
Title: Executive Vice President                 Title:

Michael Sutton
Managing Director

United States Bankruptcy Court/Southern District of New York

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

ORIGINAL

**PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)                0000022217

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors | (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Anchorage Capital Master Offshore, Ltd.
c/o Anchorage Advisors, L.L.C.
610 Broadway
6th Floor
New York, NY 10012
Attn: Kathryn A. Pruess

Telephone number: 212-432-4600    Email Address: kpruess@anchoragecap.com

Name and address where payment should be sent (if different from above)

Telephone number:                    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

**1.    Amount of Claim as of Date Case Filed:** See attached schedule.

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

**2.    Basis for Claim:** See attached schedule.
(See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** N/A
**3a.    Debtor may have scheduled account as:** N/A
(See instruction #3a on reverse side.)

**4.    Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other

Describe: _____

Value of Property: $ _____    Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$ _____    Basis for perfection: _____

Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $** _____
(See instruction #6 on reverse side.)

**7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8.    Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain: See Guarantee Questionnaire.

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7)

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(___).

**Amount entitled to priority:**

$ _____

| Date: 9/17/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*[signature]* Natalie Birrell

NATALIE A. BIRRELL
CHIEF OPERATING OFFICER

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**FILED / RECEIVED**
SEP 2 1 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC. | ) | Case No. 08-13555 (JMP) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## SCHEDULE TO PROOF OF CLAIM OF
## ANCHORAGE CAPITAL MASTER OFFSHORE, LTD

1.      This Schedule to the proof of claim of Anchorage Capital Master Offshore, Ltd ("ACMO") shall be deemed a part of, and incorporated by reference in, the attached proof of claim (together with this Schedule, the "Proof of Claim") filed by ACMO. The Proof of Claim arises out of that certain guarantees issued by Lehman Brothers Holdings Inc. ("LBHI") as described further in Section I of this Schedule.

## I.    BASIS OF CLAIM

2.      Lehman Brothers Bankhaus Aktiengesellschaft (AG) ("Lehman Bankhaus") is the borrower with regard to various bank loans (the "Bankhaus Loans") from various lenders (the "Bankhaus Lenders"). On various dates, ACMO purchased all or a portion of each of the Bankhaus Loans from assignees of the Bankhaus Lenders pursuant to certain confirmations, agreements and other documents.[1] As the result of such purchase, ACMO is entitled to all of the rights to which the Bankhaus Lenders would be entitled in connection with

---

[1] As required by that Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") entered on July 2, 2009 [Docket No. 4271], copies of the relevant supporting documentation for this Proof of Claim will be uploaded as part of the Guarantee Questionnaire relating to this Proof of Claim.

the Bankhaus Loans. A chart setting forth the amount and nature of each of the Bankhaus Loans

is attached hereto as **Exhibit A.**

3.      This Proof of Claim arises out of (1) that certain guarantee, dated

November 21, 2002, issued by LBHI in favor of Lehman Bankhaus pursuant to which LBHI

unconditionally guarantees the obligations of Lehman Bankhaus to its counterparties (the "2002

Guarantee"), and (2) that certain guarantee by LBHI pursuant to the unanimous consent of the

executive committee of the board of directors through that certain board resolution dated June 9,

2005 (the "Board Resolution Guarantee" and, together with the 2002 Guarantee, the

"Guarantees"), pursuant to which LBHI guarantees the obligations of certain of its subsidiaries

(each a "Guaranteed Subsidiary"), including Lehman Bankhaus.  Accordingly, ACMO hereby

asserts a claim  (the "Guarantee Claim") against LBHI in an amount no less than

$191,938,575.86 (the "Claim Amount") in connection with LBHI's guarantee, pursuant to the

Guarantees of Lehman Bankhaus' obligations to Anchorage under the Bank Loans.  The Claim

Amount includes $186,030,000.00 in principal, $5,908,575.86 in interest accrued up to

November 13, 2008 on the Bankhaus Loans (the "Prepetition Interest.").  As set forth more fully

below, ACMO reserves its rights to amend this Proof of Claim on account of, among other

things, interest and legal fees not yet ascertainable at this time and/or have not yet been incurred

as of this time.

4.      On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

with the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On November 13, 2008, Lehman Bankhaus filed an application for the opening of insolvency

proceedings with the insolvency court at the Frankfurt Lower District Court (Amtsgericht

2

Frankfurtam Main) (the "German Court"). Following such application, insolvency proceedings were opened by the German Court on November 13, 2008.

## II.    AMOUNT AND NATURE OF CLAIM

5.    Subject to the reservation of rights outlined below, ACMO hereby asserts against LBHI under the Guarantees an unsecured liquidated claim of no less than $191,938,575.86 in connection with the Bank Loans, plus additional amounts for applicable accrued interest and fees and expenses, and plus contingent and unliquidated claims, including but not limited to all costs, fees and expenses (including legal and other professional expenses) not presently ascertainable in connection with and provided for under the Indemnity (together, the "Claim").

6.    To the extent necessary, this Proof of Claim shall serve as notice and a demand of the amounts owing by LBHI to ACMO, and no further notice or demand shall be required.

7.    Without limiting any of the foregoing, ACMO reserves all of its rights to assert claims for interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent and/or as may be permitted, provided and/or contemplated in the supporting documentation and under applicable law.

3

### III.  COURT JUDGMENT, SECURED CLAIM AND CREDITS

8.      As of the date hereof, no judgment has been rendered on the claims asserted herein.

9.      ACMO hereby asserts any and all rights of setoff, recoupment and/or netting it may have in respect of the claims asserted herein, including, without limitation, the right to setoff, recoup and/or net its claims against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against it.  The claims asserted herein are filed as secured claims to the extent of the value of the rights of setoff securing the claims and as general unsecured claims to the extent that the amount of the claims exceeds the value of such setoff rights.

10.     The amount of all payments on the claims asserted herein has been credited and deducted for purposes of making this Proof of Claim.

### IV.  RESERVATION OF RIGHTS

11.     In filing this Proof of Claim, ACMO expressly reserves all of its rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor.  The description of the claims and the classification thereof herein by ACMO is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of ACMO.  Furthermore, ACMO expressly reserves all rights to amend, clarify, modify and/or supplement the Proof of Claim at any time and for any reason, in any respect, including, without limitation to: (a) correct, increase or amend the amounts referred to herein; (b) add or amend documents and other information, or to describe further, the claims asserted herein; (c) file proofs of claim that may be duplicative in respect of the relevant and applicable documents or any other indebtedness, obligations or liability of any of the Debtors to

4

ACMO; (d) add or include any other Debtor or any other entity, including but not limited to any entity which may become a debtor or debtor in possession in the Debtor's jointly administered chapter 11 case(s) and add or amend categories of payments or liabilities; (e) assert a further priority, security interest or similar right with respect to the claims asserted herein; (f) file an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein; (g) file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses that are not ascertainable at this time, or to file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507, including, without limitation, for expenses included in this claim; or (h) file additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligations whatsoever of the Debtor to ACMO.

12.     In executing and filing this claim, ACMO does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this claim against the Debtor and does not waive or release: (a) its rights, claims, defenses and remedies, whether under applicable law, the relevant and applicable documents, or otherwise, against the Debtor or any other person or entity that may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor, or otherwise, including any rights that ACMO may have with respect to any property held by any Debtor or other entity in an actual, constructive, or other trust or similar relationship for the benefit of ACMO; (b) any obligation owed to it, or any right to any security in connection with the claims; (c) any past, present or future defaults (or events of default) by the Debtor or others in connection with the relevant and applicable documents or otherwise; or (d) any right to the subordination, in favor of ACMO, of indebtedness or liens held by other creditors of the Debtors.

5

13.     Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be:  (a) a consent to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto pursuant to 28 U.S.C. § 157(e) or otherwise; (b) an election of remedies or limitation of rights or remedies; or (c) an admission that any property received by ACMO under the relevant and applicable documents or held by the Debtor or other entity constitutes property of any Debtor's estate.

14.     Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be a waiver or release of:  (a) the right of ACMO to have final orders in non-core matters entered only after de novo review by a district court judge; (b) the right of ACMO to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto, notwithstanding any designation of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (c) the right of ACMO to seek to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or otherwise to challenge the jurisdiction of the Bankruptcy Court, with respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving ACMO, or to assert that the reference has already been withdrawn with respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving ACMO; (d) the right of ACMO to have any unliquidated portions of its Proof of Claim determined by applicable state courts; or (e) any ownership, lien, or other property rights, any rights to setoff, recoupment, or counterclaim, or any other right, rights of action, causes of action, claims, or defenses, whether existing now or

6

hereinafter arising to which ACMO is or may be entitled under agreements, documents, or instruments, in law or equity, against the Debtor or any other person or persons (including any affiliate of the Debtor).

15.    Nothing herein shall be deemed to waive, estop or derogate from any rights of ACMO, including, without limitation, ACMO' rights under the relevant and applicable documents, or otherwise.  The Proof of Claim also is without prejudice to any and all of ACMO' rights, claims and defenses in conjunction with the relevant and applicable documents, the Bankruptcy Code, and otherwise, including, but not limited to the right to vote on any plan(s) in the Debtor's chapter 11 case(s).

16.    The descriptions in the Proof of Claim of the relevant and applicable documents are qualified in their entirety by reference to the applicable provisions of such documents, and such documents are incorporated herein by reference.  Each reference to any Debtor as obligor, guarantor, or pledgor, or any other signatory or party to the relevant and applicable documents or any other document is qualified in its entirety by reference to the applicable provisions of such documents.  In the event of any inconsistency between the Proof of Claim and such documents, the documents shall control.

17.    ACMO expressly reserves all procedural and substantive rights, claims and defenses with respect to any claim that has been or may be asserted against ACMO by the Debtor, any trustee for its estate, any other party in interest in the chapter 11 case(s), or any other person or entity whatsoever.

7

## V.    NAME AND ADDRESS OF WHERE NOTICES SHOULD BE SENT

18.    All communications in connection with this Proof of Claim should be sent

to:

Anchorage Capital Master Offshore, Ltd
c/o Anchorage Advisors, L.L.C.
610 Broadway
6th Floor
New York, NY 10012
Attn: Kathryn A. Pruess

Facsimile: (212) 432-4601
Email: kpruess@anchoragecap.com

with copies to:

Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Attn:    Lee S. Attanasio
         Alex R. Rovira

Facsimile: (212) 839-5599
Email: lattanasio@sidley.com
        arovira@sidley.com

8

**Exhibit A: Bankhaus Loans**

| # | Name/Nature of Bankhaus Loan | Original Facility Amount (Euro) | Principal Amount Held by ACMO (Euro) | Principal Amount Held By ACMO (US Dollars)* | Prepetition Interest (Euro) | Prepetition Interest (US Dollars)* | Amount (Euro) as of November 13, 2008 | Amount (US Dollars)* | Name of Bankhaus Lender |
|---|------------------------------|-------------------------------|--------------------------------------|---------------------------------------------|-----------------------------|------------------------------------|---------------------------------------|----------------------|-------------------------|
| 1 | Schuldschein 009909 with maturity date of 06/06/2011 and interest rate of 5.51% p.a. | 5,000,000.00 | 5,000,000.00 | 7,155,000.00 | 122,444.44 | 175,217.99 | 5,122,444.44 | 7,330,217.99 | Stadtsparkasse Cuxhaven |
| 2 | Schuldschein 002806 with maturity date of 9/16/2016 and interest rate of 4.185% p.a. | 6,000,000.00 | 6,000,000.00 | 8,586,000.00 | 325,710.47 | 466,091.68 | 6,325,710.47 | 9,052,091.68 | Sparkasse Meissen |
| 3 | Schuldschein 007207 with maturity date of 6/18/2010 and interest rate 4.90% p.a. | 10,000,000.00 | 10,000,000.00 | 14,310,000.00 | 193,315.07 | 276,633.87 | 10,193,315.07 | 14,586,633.87 | Sparkasse Hanover |
| 4a / 4b | (A) €5 mil. for Termingeld Geschaeftsnummer 243811 with maturity date of 10/27/2008 and interest rate of 4.77 p.a.; and (B) €5 mil. for Schuldschein 001304 with maturity date of 4/13/2011 and interest rate 3.97% p.a. | 10,000,000.00 | 10,000,000.00 | 14,310,000.00 | 325,662.13 | 466,022.51 | 10,325,662.13 | 14,776,022.51 | Sparkasse Mittleres Erzgebirge |
| 5 | Schuldschein 001104 with maturity date of 03/30/2010 and interest rate 3.52% p.a. | 4,000,000.00 | 4,000,000.00 | 5,724,000.00 | 115,496.56 | 165,275.58 | 4,115,496.56 | 5,889,275.58 | Sparkasse Mittleres Erzgebirge |
| 6 | Termingeld (Eurobond Sale Ref. No. 244175) with maturity date of 10/2/2008 and interest rate of 4.88% p.a. | 10,000,000.00 | 7,500,000.00 | 10,732,500.00 | 271,504.50 | 388,522.94 | 7,771,504.50 | 11,121,022.94 | Sparkasse Schwarzwald-Baar |
| 7 | Schuldschein 000505 with maturity date of 10/18/2010 and interest rate of 3.385% p.a. | 5,000,000.00 | 5,000,000.00 | 7,155,000.00 | 110,667.67 | 158,365.44 | 5,110,667.67 | 7,313,365.44 | Kreissparkasse Kaiserstautern |
| 8 | Schuldschein 000905 with maturity date of 10/18/2010 and interest rate of 3.385% p.a. | 10,000,000.00 | 2,500,000.00 | 3,577,500.00 | 90,501.50 | 129,507.65 | 2,590,501.50 | 3,707,007.65 | Sparkasse Schwarzwald-Baar |
| 9a / 9b | (A) €30 mil. for Namensschuldverschreibung 007307, dated 6/25/2007, with maturity date of 6/28/2014 and interest rate of 4.9725% p.a.; and (B) €20 mil. for Schuldschein 003406 with maturity date of 10/17/2016 and interest rate of 4.20% p.a. | 70,000,000.00** | 50,000,000.00 | 71,550,000.00 | 1,479,232.28 | 2,115,350.39 | 51,479,232.28 | 73,665,350.39 | Debeka Bausparkasse AG |
| 10 | Schuldschein 002004 with maturity date of 9/17/2014 and interest rate 4.37% p.a. | 15,000,000.00 | 15,000,000.00 | 21,465,000.00 | 757,865.75 | 1,084,505.89 | 15,757,865.75 | 22,549,505.89 | Erste Europäische Pfandbrief- und Kreditbank |
| 11 | Termingeld Geschaeftsnummer 240340 dated 2/27/08 and interest rate of 4.60% p.a. | 10,000,000.00 | 10,000,000.00 | 14,310,000.00 | 317,994.42 | 455,050.02 | 10,317,994.42 | 14,765,050.02 | Sparkasse Schwarzwald-Baar |
| 12 | Schuldschein 000605 with maturity date of 06/23/2017 and interest rate of 4.60% p.a. | 5,000,000.00 | 5,000,000.00 | 7,155,000.00 | 19,589.04 | 28,031.92 | 5,019,589.04 | 7,183,031.92 | Volksbank Paderborn-Höxter eG |
| Total | | 130,000,000.00 | 130,000,000.00 | 186,030,000.00 | 4,129,983.83 | 5,908,575.86 | 134,128,983.83 | 191,938,575.86 | |

\* This calculation is based on the exchange rate between U.S. Dollars and Euros of 1.4310 for September 15, 2008 (LBHI's Petition Date) as published in the Wall Street Journal.

\*\* €40 mil. under Namensschuldverschreibung 007307 and €30 mil. under Schuldschein 003406

9004352Dv5