> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CASEY BURTON, AT (214) 746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED EIGHTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS)

PLEASE TAKE NOTICE that on March 14, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred eighth omnibus objection to claims (the "Debtors' One Hundred Eighth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred Eighth Omnibus Objection to Claims will

be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601

of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, on **April 28, 2011 at 10:00 a.m. (Eastern Time),** or as

soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **April 13, 2011 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Eighth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  March 14, 2011
        New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED EIGHTH OMNIBUS OBJECTION**
**TO CLAIMS (DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CASEY BURTON, AT (214) 746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Preliminary Statement**

1.      The Duplicative of Trustee Claims[1] should be disallowed and expunged because (i) they are duplicative of the Trustee Claims[2] and (ii) the Debtors have no contractual relationship, privity, or other obligation to the Noteholder Claimants (as defined below) and, therefore, are not liable on the claims.

2.      BNY Corporate Trustee Services Limited ("BNY") and Dante Finance Public Limited Company entered into a Principal Trust Deed dated October 10, 2002 (the "Principal Trust Deed"), in connection with the Multi-Issuer Secured Obligation Programme (the "MISOP").  The MISOP and certain special purpose entities, including Saphir Finance plc ("Saphir"), were created as vehicles for entering into synthetic collateralized debt obligation transactions.

3.      Pursuant to the MISOP, Saphir issued the Saphir Finance plc Series 2007-7 EUR 50,000,000 Ellis Managed Capital Protected CPPI Notes due 2017 (the "Notes") to, among others, the holders of the Duplicative of Trustee Claims (the "Noteholder Claimants"). Saphir and Lehman Brothers Special Financing Inc. ("LBSF") entered into a credit default swap

---

[1] The Duplicative of Trustee Claims are the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" on Exhibit A attached hereto.

[2] The Trustee Claims are the proofs claim listed under the heading "*Surviving Claims*" on Exhibit A attached hereto.

agreement (the "Swap Agreement"), which was guaranteed by LBHI (the "Guarantee").  The

Noteholder Claimants are not parties to the Swap Agreement or the Guarantee.  The Debtors did

not enter into a swap agreement or guarantee with the Noteholder Claimants.  Accordingly, the

Debtors do not have a contractual relationship with, and thus have no liability to, the Noteholder

Claimants.

4.       The Trustee Claims were filed by BNY, in its capacity as trustee, on

behalf of Saphir, the issuer of the Notes, to protect the interests of the investors who are the

holders of those notes (the "Noteholders").  The Trustee Claims are based on the Swap

Agreement and the Guarantee.  The Duplicative of Trustee Claims were filed by the Noteholder

Claimants and are also based on the Swap Agreement and the Guarantee.  Thus, the Duplicative

of Trustee Claims are substantively duplicative, in whole or in part, of the Trustee Claims.

### Relief Requested

5.       The Debtors file this one hundred eighth omnibus objection to claims (the

"One Hundred Eighth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures

for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the

"Procedures Order") [Docket No. 6664], seeking the disallowance and expungement of the

Duplicative of Trustee Claims as substantively duplicative, in whole or in part, of the Trustee

Claims and on the grounds that the Debtors have no liability for said claims.

6.       This One Hundred Eighth Omnibus Objection to Claims does not affect

the Trustee Claims and does not constitute any admission or finding with respect to the Trustee

Claims, and the Debtors' right to later object to the Trustee Claims on any basis is preserved.

Further, the Debtors reserve all their rights to object on any basis to any Duplicative of Trustee Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

8.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

10.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

11.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.

## The Proofs of Claim

12.     On or before September 22, 2009, BNY filed the Trustee Claims on behalf

of Saphir to protect the interests of the Noteholders, and seeks to recover amounts under the

Swap Agreement and the Guarantee.  (*See* Trustee Claims at ¶ 3.)  The Noteholder Claimants

filed the Duplicative of Trustee Claims, also seeking to recover on the Notes under the Swap

Agreement and the Guarantee.

## The Duplicative of Trustee Claims Should Be Disallowed and Expunged

13.     The Duplicative of Trustee Claims should be disallowed and expunged for

two separate but related reasons.  First, the Duplicative of Trustee Claims should be disallowed

and expunged because they are substantively duplicative, in whole or in part, of the Trustee

Claims.  Second, the Duplicative of Trustee Claims should be disallowed and expunged because

there is no contractual relationship between the Noteholder Claimants and the Debtors, and

therefore, the Debtors do not have liability to the Noteholder Claimants.

      a.     *The Duplicative of Trustee Claims are Duplicative of the Trustee*
          *Claims Filed on Behalf of the Noteholders*.

14.     The Duplicative of Trustee Claims are substantively duplicative, in whole

or in part, of the Trustee Claims.  Each Duplicative of Trustee Claim was filed by a Noteholder

Claimant and asserts a general unsecured claim relating to the Notes, the Swap Agreement, and

the Guarantee.  The Trustee Claims are general unsecured claims filed by BNY, as trustee under

the Principal Trust Deed, on behalf of Saphir and to protect the interests of the Noteholders and

seek to recover under the Swap Agreement and the Guarantee.  Thus, each Duplicative of

Trustee Claim seeks to recover, in whole or in part, for the same alleged obligation and on behalf of the same claimants as the respective Trustee Claim.

15.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

16.     Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor.  *See, e.g.*, *In re Worldcom, Inc.*, No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

17.     The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

18.     The Duplicative of Trustee Claims should be disallowed as substantively duplicative of the Trustee Claims.  BNY, in its capacity as trustee under the Principal Trust Deed, is the proper party to prosecute claims related to the Notes and the MISOP, not the

Noteholder Claimants.  The terms of the Principal Trust Deed permit BNY to act on behalf of Saphir for the benefit of the Noteholders.  (*See* Principal Trust Deed at § 9.23, excerpt attached hereto as <u>Exhibit B</u> ("In acting as Trustee under the Trust Deed in respect of Notes of any Series the Trustee shall not assume any duty or responsibility to any Swap Counterparty or any Credit Enhancement Provider . . . and shall *have regard solely to the interests of the Noteholders* of such Series . . . .") (emphasis added).)  Moreover, the Bankruptcy Rules provide that "[a]n indenture trustee may file a claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is the trustee."[3]  *See* Fed. R. Bankr. P. 3003(c)(5). Finally, the Noteholder Claimants state in the Duplicative of Trustee Claims that they understand that BNY, as Trustee, would be filing a global proof of claim on their behalf, and that they filed the Duplicative of Trustee claims "in an abundance of caution."  (*See, e.g.*, Claim No. 27750 at ¶ 4, attached hereto as <u>Exhibit C</u>.)  Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge the Duplicative of Trustee Claims in their entirety.  The Trustee Claims will remain on the claims register subject to further objections on any basis.

> b.    *The Debtors Have No Liability*
> *for the Duplicative of Trustee Claims*.

19.    The Duplicative of Trustee Claims are also claims for which the Debtors have no liability.  Each Duplicative of Trustee Claim was filed by a Noteholder Claimant with whom the Debtors have no contractual relationship.

---

[3] The Principal Trust Deed is essentially an indenture, and BNY is essentially an indenture trustee thereunder.  *See* BARRON'S DICTIONARY OF FINANCE AND INVESTMENT TERMS 327-28 (7th ed. 2006) (listing "deed of trust" as a synonym used for "indenture").

20.    Section 502(b)(1) of the Bankruptcy Code provides that a claim is deemed allowed except to the extent that it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  A claim is defined as a "right to payment."  11 U.S.C. § 101(5).  The Noteholder Claimants have no contractual relationship with, and thus no enforceable right to payment against, the Debtors.  If the Debtors have any liability arising out of the Swap Agreement or the Guarantee, then that liability is only to Saphir, the party with whom the Swap Agreement and the Guarantee were made.

21.    Unless the Duplicative of Trustee Claims are disallowed and expunged, the potential exists for recoveries by parties that do not hold valid claims against the Debtors' estates.  Thus, the Debtors request that the Court enter an order disallowing and expunging the Duplicative of Trustee Claims listed on Exhibit A.

### Notice

22.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this One Hundred Eighth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

23.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  March 14, 2011
       New York, New York

                      /s/ Shai Y. Waisman
                      Shai Y. Waisman

                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Facsimile: (212) 310-8007

                      Attorneys for Debtors
                      and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 108: EXHIBIT A – DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 1 | PIONEER FUNDS - EURO BOND C/O LOWENSTEIN SANDLER PC ATTN: JASON TEELE, ESQ 65 LIVINGSTON AVENUE ROSELAND, NJ 07068 | 09/22/2009 | 08-13555 (JMP) | 34241 | $21,294,719.91* | SAPHIR FINANCE PLC - SERIES 2007-7 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13555 (JMP) | 40692 | Undetermined | Duplicative of Trustee / No Liability Claim |
| 2 | PIONEER FUNDS - EURO CASH C/O LOWENSTEIN SANDLER PC ATTN: JASON TEELE, ESQ 65 LIVINGSTON AVENUE ROSELAND, NJ 07068 | 09/22/2009 | 08-13555 (JMP) | 34240 | $7,098,239.64* | SAPHIR FINANCE PLC - SERIES 2007-7 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13555 (JMP) | 40692 | Undetermined | Duplicative of Trustee / No Liability Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 108: EXHIBIT A – DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS

| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | **SURVIVING CLAIMS** | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 3 | PIONEER FUNDS - EURO CASH PLUS C/O LOWENSTEIN SANDLER PC ATTN: S. JASON TEELE 65 LIVINGSTON AVENUE ROSELAND, NJ 07068 | 09/22/2009 | 08-13888 (JMP) | 27756 | $7,098,239.64* | SAPHIR FINANCE PLC - SERIES 2007-7 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13888 (JMP) | 40691 | Undetermined | Duplicative of Trustee / No Liability Claim |
| 4 | PIONEER FUNDS - EURO CORPORATE BOND C/O LOWENSTEIN SANDLER PC ATTN: S. JASON TEELE 65 LIVINGSTON AVENUE ROSELAND, NJ 07068 | 09/22/2009 | 08-13555 (JMP) | 27757 | $28,392,958.55* | SAPHIR FINANCE PLC - SERIES 2007-7 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13555 (JMP) | 40692 | Undetermined | Duplicative of Trustee / No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 108: EXHIBIT A – DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | | **SURVIVING CLAIMS** | | | | |
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 5 PIONEER FUNDS - EURO CORPORATE BOND C/O LOWENSTEIN SANDLER PC ATTN: S. JASON TEELE 65 LIVINGSTON AVENUE ROSELAND, NJ 07068 | 09/22/2009 | 08-13888 (JMP) | 27752 | $28,392,958.55* | SAPHIR FINANCE PLC - SERIES 2007-7 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13888 (JMP) | 40691 | Undetermined | Duplicative of Trustee / No Liability Claim |
| 6 PIONEER FUNDS - EURO CORPORATE SHORT TERM C/O LOWENSTEIN SANDLER PC ATTN: S. JASON TEELE 65 LIVINGSTON AVENUE ROSELAND, NJ 07068 | 09/22/2009 | 08-13888 (JMP) | 27751 | $14,196,479.27* | SAPHIR FINANCE PLC - SERIES 2007-7 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13888 (JMP) | 40691 | Undetermined | Duplicative of Trustee / No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 108: EXHIBIT A – DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 7 | PIONEER FUNDS - EURO CORPORATE SHORT TERM C/O LOWENSTEIN SANDLER PC ATTN: S. JASON TEELE 65 LIVINGSTON AVENUE ROSELAND, NJ 07068 | 09/22/2009 | 08-13555 (JMP) | 27758 | $14,196,479.27* | SAPHIR FINANCE PLC - SERIES 2007-7 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13555 (JMP) | 40692 | Undetermined | Duplicative of Trustee / No Liability Claim |
| 8 | PIONEER FUNDS, EURO BOND C/O LOWENSTEIN SANDLER PC ATTN: S. JASON TEELE, ESQ. 65 LIVINGSTON AVENUE ROSELAND, NJ 07068 | 09/22/2009 | 08-13888 (JMP) | 27750 | $21,294,719.91* | SAPHIR FINANCE PLC - SERIES 2007-7 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13888 (JMP) | 40691 | Undetermined | Duplicative of Trustee / No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 108: EXHIBIT A – DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 9 | PIONEER INVESTMENT MANAGEMENT LIMITED C/O LOWENSTEIN SANDLER PC ATTN: JASON TEELE, ESQ 65 LIVINGSTON AVENUE ROSELAND, NJ 07068 | 09/22/2009 | 08-13555 (JMP) | 34239 | $70,982,397.37* | SAPHIR FINANCE PLC - SERIES 2007-7 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13555 (JMP) | 40692 | Undetermined | Duplicative of Trustee / No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 108: EXHIBIT A – DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 10 | PIONEER INVESTMENT MANAGEMENT LIMITED, SOLELY IN ITS CAPACITY AS INVESTMENT MANAGER TO THE FUNDS C/O LOWENSTEIN SANDLER PC ATTN: S. JASON TEELE, ESQ. 65 LIVINGSTON AVENUE ROSELAND, NJ 07068 | 09/22/2009 | 08-13888 (JMP) | 27755 | $70,982,397.37* | SAPHIR FINANCE PLC - SERIES 2007-7 C/O BANK OF NEW YORK MELLON - LONDON BRANCH, THE ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/16/2009 | 08-13888 (JMP) | 40691 | Undetermined | Duplicate of Trustee Claim |

|  | TOTAL | $283,929,589.48 |
|---|---|---|

# EXHIBIT B

Dated 10 October 2002
as Amended and Restated on 20 July 2007

# DANTE FINANCE PUBLIC LIMITED COMPANY
an Issuer

and

# BNY CORPORATE TRUSTEE SERVICES LIMITED
as Trustee

# PRINCIPAL TRUST DEED

relating to
Multi-Issuer Secured Obligation Programme
arranged by
**LEHMAN BROTHERS INTERNATIONAL (EUROPE)**

Linklaters

Ref: 01/200/MWAF/JZD

Linklaters LLP

Issuer nor is it obliged (unless indemnified to its satisfaction) to take any action which may involve the Trustee in any personal liability or expense.

**9.19   Payment for and Delivery of Notes:** The Trustee shall not be responsible for the receipt or application by the Issuer of the proceeds of the issue of the Notes of any Series, any exchange of such Notes or the delivery of such Notes to the persons entitled to them.

**9.20   Legal Opinions:** The Trustee shall not be responsible to any person for failing to request, require or receive any legal opinion relating to any Notes or for checking or commenting upon the content of any such legal opinion.

**9.21   Exercise of Voting Rights:** The Trustee shall not be responsible for the exercise or non-exercise of any voting rights in respect of the Collateral.

**9.22   Consents:** Any consent or approval given by the Trustee for the purposes of the Trust Deed may be given on such terms and subject to such conditions (if any) as the Trustee thinks fit.

**9.23   Swap Counterparty:** In acting as Trustee under the Trust Deed in respect of Notes of any Series the Trustee shall not assume any duty or responsibility to any Swap Counterparty or any Credit Enhancement Provider (other than to pay to such Swap Counterparty any moneys received and payable to it for it and to act in accordance with the provisions of Conditions 4(b) and 4(f)) and shall have regard solely to the interests of the Noteholders of such Series and shall not be obliged to act on any directions of the Swap Counterparty if this would in the Trustee's opinion be contrary to the interests of the Noteholders of such Series.

**9.24   Determination or Calculation by the Trustee:** For each Series, if the Issuing and Paying Agent does not at any time for any reason so determine the Interest Rate or calculate the Interest Amount for an Interest Accrual Period, the Trustee shall do so and such determination or calculation shall be deemed to have been made by the Issuing and Paying Agent. In doing so, the Trustee shall apply the provisions of Condition 5, with any necessary consequential amendments, to the extent that, in its opinion, it can do so, and, in all other respects it shall do so in such manner as it shall deem fair and reasonable in all the circumstances.

**9.25   Rating and Rating Agencies:** The Trustee assumes no responsibility for the rating of the Notes of any Series or for providing information to, or soliciting information from, any rating agency.

**9.26   Swap Counterparty Certificates:** The Trustee may call for (and the Issuer will use its best endeavours to procure the delivery of) and rely on certificates of any authorised person on behalf of the Swap Counterparty as to amounts owed to it.

**9.27   Responsibility for agents etc.:** If the Trustee exercises reasonable care in selecting any custodian, agent, delegate or nominee appointed under this sub-Clause 9.28 (an "**Appointee**"), it will not have any obligation to supervise the Appointee or be responsible for any loss, liability, cost, claim, action, demand or expense incurred by reason of the Appointee's misconduct or default or the misconduct or default of any substitute appointed by the Appointee.

**9.28   Conflict between Noteholders and Related Noteholders:** Where, in the opinion of the Trustee, there is a conflict between the interests of the holders of the Notes and those of

# EXHIBIT C

| United States Bankruptcy Court for the Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY  10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In re:<br>Lehman Brothers Holdings Inc., *et al.*<br>Debtors. | Chapter 11<br>Case Number: 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000027750 |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>**Lehman Brothers Special Financing Inc.** | Case No. of Debtor<br>**08-13888 (JMP)** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

| Name and address of Creditor (and name and address where notices should be sent if different from Creditor):<br><br>**Pioneer Funds - Euro Bond**<br>**c/o Lowenstein Sandler PC**<br>**65 Livingston Avenue**<br>**Roseland, NJ 07068**<br>**Attn: S. Jason Teele, Esq.**<br><br>Telephone number 973.597.2500      Email Address: steele@lowenstein.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:_____**<br>*(If known)*<br><br>Filed on:_____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br>**Pioneer Funds - Euro Bond**<br>**c/o Pioneer Investment Management Limited**<br>**1 George's Quay Plaza**<br>**George's Quay, Dublin 2, Ireland**<br>**Attn: Brendan O'Kelly**<br><br>Telephone number: 353.1.480.2000      Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | | |
|---|---|---|
| 1.   **Amount of Claim as of Date Case Filed:    $ 21,294,719.91 (plus interest, fees and costs) (see Addendum)**<br>If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.<br>If all or part of your claim is entitled to priority, complete Item 5.<br>If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.<br>☐   Check this box if all or part of your claim is based on a Derivative Contract.*<br>☐   Check this box if all or part of your claim is based on a Guarantee.*<br>**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ONTO TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**<br>☐   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to the form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee. | 5.   **Amount of Claim Entitled to priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐   Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2.   **Basis for Claim:    Total Return Swap Transaction (see Addendum)**<br>(See instruction #2 on reverse side.) | ☐   Wages, salaries, or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507(a)(4). |
| 3.   **Last four digits of any number by which creditor identifies debtor:** _____<br>   **3a. Debtor may have scheduled account as:** _____<br>      (See instruction #3a on reverse side.) | ☐   Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5). |
| 4.   Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br>Nature of property or right of setoff:   ☐   Real Estate   ☐ Motor Vehicle   ☐ Other<br><br>Describe: _____<br><br>Value of Property: $_____   Annual Interest Rate _____%<br>Amount of arrearage and other charges as of time case filed included in secured claim, if any:<br>$_____   Basis for perfection: _____<br><br>Amount of Secured Claim:   $_____   Amount Unsecured:   $_____ | ☐   Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).<br><br>☐   Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).<br><br>☐   Other -Specify applicable paragraph of 11 U.S.C. §507(a)(___). |
| 6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____<br>(See instruction #6 on reverse side) | Amount entitled to priority:<br><br>$_____ |
| 7.   **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **FOR COURT USE ONLY** |
| 8.   **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Attach redacted copies of documents providing evidence of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary. **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**<br>If the documents are not available, please explain: | **FILED / RECEIVED**<br><br>**SEP 2 2 2009**<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
| Date:<br><br>September 2 [ 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*S. Jason Teele*<br>**S. Jason Teele, Attorney in Fact** | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.

22215/2
09/21/2009 12591753.1

## ADDENDUM TO PROOF OF CLAIM

1.      The undersigned attorneys are authorized agents for Pioneer Funds - Euro Bond (the "Claimant").

2.      Claimant's claim[1] is based upon the purchase, in May 2007, of certain notes  denoted as Saphir Finance plc Series 2007-7 €50,000,OOO collateralized Notes due 2048 (ISIN XS0301929153) (the "Notes") issued in connection with the Dante Finance PLC Multi-Issuer Secured Obligation Program (the "Dante MISOP Program").

3.      Lehman Brothers Special Financing Inc. ("LBSF") acted as swap counterparty under a Total Return Swap transaction (the "TRS") in connection with the issuance of the Notes.  Lehman Brothers Holdings Inc. ("LBHI") guaranteed LBSF's swap obligations under the TRS.  Storm Funding Limited, an affiliate of LBHI, acted as a repo counterparty to Saphir Finance plc under an amendment to the original Global Master Repurchase Agreement with LBSF acting as Repo Agent.

4.      The Notes and all security therefore are held on behalf of the Claimant by BNY Corporate Trustee Services Limited (the "Trustee") in its capacity as trustee under a Principal Trust Deed dated October 10, 2002, as amended and restated from time to time, between, among others, Dante Finance PLC and BNY Corporate Trustee Services Limited as trustee.  Claimant is informed and believes that the Trustee will file a global proof of claim asserting amounts due under, *inter alia*, the Notes pursuant to the Bankruptcy Court's order, dated July 2, 2009, establishing a bar date for filing claims against LBHI, LBSF and the other debtors in these chapter 11 cases.  Claimant files this Proof of Claim in an abundance of caution and to the extent (a) the Trustee fails to timely file a global proof of claim asserting amounts due under the Notes, (b) any global proof of claim filed by the Trustee fails to assert amounts due under the Notes, and (c) for all other amounts due and payable to Claimant in connection with the Notes or otherwise.

---

[1]      The amount of the claim asserted herein is based on the exchange rate on September 15, 2008.

5.     Claimant reserves the right to supplement, amend or revise this Proof of Claim as necessary and appropriate.

**LOWENSTEIN SANDLER PC**

By: _S. Jason Teele_

Michael S. Etkin, Esq.
S. Jason Teele, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10022

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)
*Counsel for Pioneer Funds - Euro Bond*

Dated: September 21, 2009
     New York, New York

**H
A
N
D

D
E
L
I
V
E
R
Y**

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

_____
RECEIVED BY:

_____
DATE

_____
TIME

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                :        **Chapter 11 Case No.**
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         :        **08-13555 (JMP)**
                                                     :
                                **Debtors.**         :        **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'**
**ONE HUNDRED EIGHTH OMNIBUS OBJECTION TO**
**CLAIMS (DUPLICATIVE OF TRUSTEE / NO LIABILITY CLAIMS)**

Upon the one hundred eighth omnibus objection to claims, dated March

14, 2011 (the "Onе Hundred Eighth Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases,

as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking

disallowance and expungement of the Duplicative of Trustee Claims on the grounds that

such claims are substantively duplicative of the corresponding Trustee Claims and are

claims for which the Debtors have no liability, all as more fully described in the One

Hundred Eighth Omnibus Objection to Claims; and due and proper notice of the One

Hundred Eighth Omnibus Objection to Claims having been provided to (i) the U.S.

Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Debtors' One Hundred Eighth Omnibus Objection to Claims.

Southern District of New York; (vi) the claimants listed on Exhibit A attached to the One

Hundred Eighth Omnibus Objection to Claims; and (vii) all other parties entitled to

notice in accordance with the procedures set forth in the second amended order entered

on June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9635]; and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the One

Hundred Eighth Omnibus Objection to Claims is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in

the One Hundred Eighth Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed

and Expunged*" (collectively, the "Duplicative of Trustee Claims") are disallowed and

expunged; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the

heading "*Surviving Claims*" (collectively, the "Trustee Claims") will remain on the

claims register subject to the Debtors' right to further object as set forth herein; and it is

further

ORDERED that nothing in this Order or disallowance and expungement

of the Duplicative of Trustee Claims constitutes any admission or finding with respect to

the Trustee Claims, and the Debtors' rights to object to the Trustee Claims on any basis

are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the One Hundred Eighth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the Trustee Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE