HEARING DATE AND TIME: April 28, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: April 13, 2011 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED SIXTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, LEE GOLDBERG, AT 212-310-8928.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVE CLAIMS)

**PLEASE TAKE NOTICE** that on March 14, 2011, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their one hundred sixteenth omnibus objection to

claims (the "Debtors' One Hundred Sixteenth Omnibus Objection to Claims"), and that a hearing

(the "Hearing") to consider the Debtors' One Hundred Sixteenth Omnibus Objection to Claims

will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **April 28, 2011 at 10:00 a.m. (Eastern**

**Time),** or as soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Sixteenth Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Lee

Goldberg, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **April 13, 2011 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

           **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' One Hundred Sixteenth Omnibus Objection to Claims or any

claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' One Hundred Sixteenth Omnibus Objection to Claims, which order may be entered

with no further notice or opportunity to be heard offered to any party.

Dated: March 14, 2011
      New York, New York

                              /s/ Shai Y. Waisman
                              Shai Y. Waisman

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**DEBTORS' ONE HUNDRED SIXTEENTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED SIXTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, LEE GOLDBERG, AT 212-310-8928.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## Relief Requested

1.      The Debtors file this one hundred sixteenth omnibus objection to claims (the "One Hundred Sixteenth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order disallowing and expunging the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "No Liability Derivative Claims") and have determined that the No Liability Derivative Claims should be disallowed and expunged on the basis that they provide no basis of liability as to the Debtors.  After a review of the claimant's supporting documentation and the Debtors' books and records, the Debtors have determined that, based on the fair, accurate, and reasonable values of the subject Derivative Contracts (as defined herein) and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants but rather, in most cases, the respective claimants actually owe money to the Debtors based on such Derivative Contracts.  Therefore, the No Liability Derivative Claims do not constitute valid *prima facie* claims, and the Debtors request they be disallowed and expunged in their entirety.

3.      The Debtors reserve all their rights to object on any basis to any No Liability Derivative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on Derivative Contracts[1] (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ."  (*See* Bar Date Order at 6).

website . . . ." (Bar Date Order at 7)  The Bar Date Order further provided that "each holder of a

claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor

entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee

Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id.* at

8.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-

docket.com.

       9.     Exhibit C to the Bar Date Order was a version of the Derivative

Questionnaire, which required that the claimant provide various information in support of its

claim, such as copies of relevant agreements; a copy of the termination notice; a valuation

statement; individual trade-level detail; trade value methodology and quotations; and unpaid

amounts, collateral, and other costs associated with the claim pursuant to the Derivative

Contract.  Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee

Questionnaire setting forth the information forming the basis of the claimant's assertions of a

guarantee.

      10.    On January 14, 2010, the Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file omnibus objections to no more than 500

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.

**The No Liability Derivative Claims Should Be Disallowed and Expunged**

      11.    In reviewing the claims filed on the claims register in these cases and

maintained by the Court-appointed claims agent, the Debtors have identified the claims on No

Liability Derivative Claims as claims that should be disallowed and expunged on the basis that

they provide no basis of liability as to the Debtors.  The Derivative Contracts that underlie the

No Liability Derivative Claims have either been terminated or matured pursuant to the terms

thereof.  After a review of the claimant's supporting documentation and the Debtors' books and records, the Debtors have determined that, based on the fair, accurate, and reasonable values of the subject Derivative Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants but rather either no amounts are owed under the Derivatives Contracts to either party or the respective claimants actually owe money to the Debtors based on such Derivative Contracts, and, therefore, the No Liability Derivative Claims do not constitute valid *prima facie* claims.

12.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.     The Debtors have developed and currently utilize a thorough, multi-step process to review claims filed against the Debtors and based on a Derivative Contract ("Derivative Claims") in order to determine the fair, accurate, and reasonable value, if any, of such claims or, alternatively, the monetary recovery due to the Debtors with respect to the subject Derivative Contract.  In order to determine the amounts due under a Derivative Contract, the Debtors:  (i) collect and review documents related to the relevant Derivative Claim including, but not limited to, the relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments already received, made, or missed; and (iii) review the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes

provided by the claimant in connection with their valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2]  Furthermore, the Debtors engage in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

14.    The Debtors have undertaken this lengthy process with respect to each of the No Liability Derivative Claims and concluded that a fair, accurate, and reasonable valuation of the No Liability Derivative Claims demonstrates that the Debtors do not owe any of the claimants money and that, either no amounts are owed to either party or the claimant in fact owes the Debtors money.  Accordingly, the Debtors request that the Court disallow and expunge in their entirety the No Liability Derivative Claims listed on Exhibit A.

15.    In an effort to resolve differences between the Debtors and claimants asserting No Liability Derivative Claims and because the subject Derivative Contracts mostly constitute Derivatives Contracts for which the Debtors are owed money, the Debtors intend to commence against such claimants the alternative dispute resolution procedures ordered by this Court in the *Affirmative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*, dated September 17, 2009 [Docket No. 5207].

---

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

### Notice

16.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this One Hundred Sixteenth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

17.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  March 14, 2011
         New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 116: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ALLERGAN, INC. PENSION PLAN C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W- 1452 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20923 | $106,920.79 | No Liability Claim |
| 2 | ALLERGAN, INC. PENSION PLAN C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W- 1452 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 21057 | $106,920.79 | No Liability Claim |
| 3 | CLEVELAND CLINIC FOUNDATION (NON-ERISA) C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT W-1412 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20913 | $241,094.18 | No Liability Claim |
| 4 | CLEVELAND CLINIC FOUNDATION (NON-ERISA) C/O WESTERN ASSET MANAGEMENT COMPANY ATT: LEGAL DEPT W-1412 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 20997 | $241,094.18 | No Liability Claim |
| 5 | EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF HAWAII CITY FINANCIAL TOWER ATTN:  DAVID SHIMABUKURO, ADMINISTRATOR 201 MERCHANT STREET, SUITE 1400 HONOLULU, HI 96813-2980 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17980 | $92,522.09 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 116: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF HAWAII CITY FINANCIAL TOWER ATTN: DAVID SHIMABUKURO, ADMINISTRATOR 201 MERCHANT STREET, SUITE 1400 HONOLULU, HI 96813-2980 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 17981 | $92,522.09 | No Liability Claim |
| 7 | FORD MASTER TRUST LONG DURATION C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT W-1558 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20931 | $602,535.19 | No Liability Claim |
| 8 | FORD MASTER TRUST LONG DURATION C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT W-1558 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 21208 | $602,535.19 | No Liability Claim |
| 9 | FORD MOTOR COMPANY DEFINED BENEFIT MASTER TRUST ATTN: VIDYA KRISHNAMACHER FORD MOTOR COMPANY ONE AMERICAN ROAD DEARBORN, MI 48126-2701 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 02/25/2010 | 66325 | $902,386.51 | No Liability Claim |
| 10 | FORD MOTOR COMPANY DEFINED BENEFIT MASTER TRUST ATTN: VIDYA KRISHNAMACHER FORD MOTOR COMPANY ONE AMERICAN ROAD DEARBORN, MI 48126-2701 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/25/2010 | 66326 | $902,386.51 | No Liability Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 116: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 11 | HALLIBURTON COMPANY C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-1143 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20883 | $120,896.98 | No Liability Claim |
| 12 | HALLIBURTON COMPANY C/O WESTERN ASSET MANAGEMENT COMP. ATTN: LEGAL DEPT W-1143 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 21031 | $120,896.98 | No Liability Claim |
| 13 | INVESCO VAN KAMPEN EQUITY AND INCOME FUND TRANSFEROR: VAN KAMPEN EQUITY AND INCOME FUND C/O INVESCO, LTD; STRADLEY RONON STEVENS & YOUNG, LLP PAUL A. PATTERSON, ESQ. & JULIE M. MURPHY, ESQ. 2600 ONE COMMERCE SQUARE PHILADELPHIA, PA 19103 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27105 | $810,393.00* | No Liability Claim |
| 14 | IOWA PERS C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-1059 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20876 | $5,013,960.15 | No Liability Claim |
| 15 | IOWA PERS C/O WESTERN ASSET MANAGEMENT COMPANY ATT: LEGAL DEPT W-1059 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 20952 | $5,013,960.15 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 116: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 16 | MIP FIXED INCOME ACCOUNT C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT W-1332 385 E. COLORADO BLD PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20904 | $161,250.44 | No Liability Claim |
| 17 | MIP FIXED INCOME ACCOUNT C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT W-1332 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 21003 | $161,250.44 | No Liability Claim |
| 18 | MMC UK PENSION FUND LIMITED AS TRUSTEES OF THE MMC UK PENSION FUND TOWER PLACE WEST BUILDING LONDON, EC3R 5BU UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16645 | $179,030.21* | No Liability Claim |
| 19 | MMC UK PENSION FUND LIMITED AS TRUSTEES OF THE MMC UK PENSION FUND TOWER PLACE WEST BUILDING LONDON, EC3R 5BU UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 16661 | $179,030.21* | No Liability Claim |
| 20 | NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA PRODUCERS PENSION PLAN C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT W-1862 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20979 | $78,139.21 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 116: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 21 | NATIONWIDE LIFE INSURANCE COMPANY OF AMERICA PRODUCERS PENSION PLAN C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W- 1862 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 21066 | $78,139.21 | No Liability Claim |
| 22 | NESTLE IN THE USA SAVINGS TRUST C/O NESTLE RETIREMENT INVESTMENTS ATTN: KARIN BRODBECK 777 W. PUTNAM AVENUE GREENWICH, CT 06830 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 15175 | Undetermined | No Liability Claim |
| 23 | NESTLE USA, INC. MASTER RETIREMENT TRUST C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-1278 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20894 | $117,034.32 | No Liability Claim |
| 24 | NESTLE USA, INC. MASTER RETIREMENT TRUST C/O WESTERN ASSET MANAGEMENT COMPANY ATT: LEGAL DEPT W-1278 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 21046 | $117,034.32 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 116: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 25 | NORTEL NETWORKS INC. RETIREMENT INCOME PLAN C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT W-1699 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20947 | $301,267.56 | No Liability Claim |
| 26 | NORTEL NETWORKS INC. RETIREMENT INCOME PLAN C/O WESTERN ASSET MANAGEMENT COMPANY ATT: LEGAL DEPT W-1699 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 20961 | $301,267.56 | No Liability Claim |
| 27 | PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO TRANSFEROR: DENVER PUBLIC SCHOOLS RETIREMENT SYSTEM PERA LEGAL DEPARTMENT ATTN: GREG SMITH AND JENNIFER KABAT 1300 LOGAN STREET DENVER, CO 80203-2386 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20886 | $523,500.08 | No Liability Claim |
| 28 | PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO TRANSFEROR: DENVER PUBLIC SCHOOLS RETIREMENT SYSTEM PERA LEGAL DEPARTMENT ATTN: GREG SMITH, JENNIFER KABAT 1300 LOGAN STREET DENVER, CO 80203-2386 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 21026 | $523,500.08 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 116: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 29 | SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSOCIATION BEN T. CAUGHEY, ICE MILLER LLP ONE AMERICAN SQUARE, SUITE 3100 INDIANAPOLIS, IN 46282 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 32530 | $250,000.00 | No Liability Claim |
| 30 | SEARS 401 (K) SAVINGS PLAN C/O WESTERN ASSET MANAGEMENT COMPANY ATT: LEGAL DEPT W-1948 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20985 | $219,290.65 | No Liability Claim |
| 31 | SEARS 401 (K) SAVINGS PLAN C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W- 1948 358 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 21072 | $219,290.65 | No Liability Claim |
| 32 | ST JOSEPH HEALTH SYSTEM - OPERATING ACCOUNT C/O WESTERN ASSET MANAGEMENT COMPANY ATT: LEGAL DEPT W-1647 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 20965 | $602,582.32 | No Liability Claim |
| 33 | ST. JOSEPH HEALTH SYSTEM WESTERN ASSET MANAGEMENT CO. ATTN: LEGAL DEPT W-1647 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20943 | $602,582.32 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 116: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 34 | STANDARD LIFE AND ACCIDENT INSURANCE COMPANY C/O FREDERICK BLACK/TARA B. ANNWEILER GREE, HERZ & ADAMS, LLP ONE MOODY PLAZA, 18TH FLOOR GALVESTON, TX 77550 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31992 | $219,753.81 | No Liability Claim |
| 35 | STANDARD LIFE AND ACCIDENT INSURANCE COMPANY C/O FREDERICK BLACK/TARA B. ANNWEILER GREER HERTZ & ADAMS, LLP ONE MOODY PLAZA, 18TH FLOOR GALVESTON, TX 77550 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/22/2009 | 32178 | $219,753.81 | No Liability Claim |
| 36 | SUNOCO, INC. MASTER RETIREMENT TRUST C/O SUNOCO, INC. 1735 MARKET STREET, SUITE LL ATTN: ANDREW KE PHILADELPHIA, PA 19103 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 17214 | $216,551.52* | No Liability Claim |
| 37 | SUNOCO, INC. MASTER RETIREMENT TRUST C/O SUNOCO, INC. 1735 MARKET STREET, SUITE LL ATTN: ANDREW KE PHILADELPHIA, PA 19103 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17215 | $216,551.52* | No Liability Claim |
| 38 | SUNOCO, INC. MASTER RETIREMENT TRUST C/O WESTERN ASSET MANAGEMENT COMP. ATTN: LEGAL DEPT W-1151 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 21029 | $399,499.71 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 116: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 39 | SUNOCO, INC. MASTER RETIREMENT TRUST C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPARTMENT, W-1151 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/21/2009 | 22148 | $399,499.71 | No Liability Claim |
| 40 | UNITED TECHNOLOGIES CORPORATION C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT. W-993 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/21/2009 | 20857 | $401,008.64 | No Liability Claim |
| 41 | UNITED TECHNOLOGIES CORPORATION C/O WESTERN ASSET MANAGEMENT COMPANY ATT: LEGAL DEPT W-993 385 E. COLORADO BLVD PASADENA, CA 91101 | 08-13888 (JMP) | **Lehman Brothers Special Financing Inc.** | 09/21/2009 | 20954 | $401,008.64 | No Liability Claim |
| 42 | VANGUARD U.S. FUTURES FUND, A SUB-FUND OF VANGUARD INVESTMENT SERIES PLC ATTN: MICHAEL DRAYO PO BOX 2600 VALLEY FORGE, PA 19482 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/18/2009 | 16709 | $302,960.74 | No Liability Claim |
| 43 | WATSON, WYATT & COMPANY PENSION PLAN FOR U. S. EMPLOYEES C/O WESTERN ASSET MANGEMENT COMPANY ATTN: LEGAL DEPT. W- 2551 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13888 (JMP) | **Lehman Brothers Special Financing Inc.** | 09/21/2009 | 21083 | $4,160.00 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 116: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 44 | WATSON, WYATT & COMPANY PENSION PLAN FOR US EMPLOYEES C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT W-2551 385 COLORADO BLVD PASADENA, CA 91101 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/21/2009 | 20838 | $4,160.00 | No Liability Claim |
| 45 | WELLS FARGO BANK, NA AS TRUSTEE OF THE SUPPLEMENTAL INTEREST TRUST FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERT. SER. 2007-OSI C/O MARY SOHLBERG MAC N9311-161 MINNEAPOLIS, MN 55479 | 08-13888 (JMP) | **Lehman Brothers Special Financing Inc.** | 09/21/2009 | 24859 | Undetermined | No Liability Claim |
| 46 | WELLS FARGO BANK, NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY IN CAPACITY AS TRUSTEE FOR THE SUPPLEMENTAL INTEREST TRSUT FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTS, SER 2007-OS1 C/O MARY SOHLBERG MAC N9311-161 MINNEAPOLIS, MN 55479 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/21/2009 | 24763 | Undetermined | No Liability Claim |
| | | | | | TOTAL | $22,370,122.46 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                  :    **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,           :    **08-13555 (JMP)**
                                                       :
                              **Debtors.**             :    **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LPS CLAIMS)

Upon the one hundred sixteenth omnibus objection to claims, dated March 14, 2011 (the "One Hundred Sixteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Derivative Claims on the grounds that they assert claims for which the Debtors have no liability, all as more fully described in the One Hundred Sixteenth Omnibus Objection to Claims; and due and proper notice of the One Hundred Sixteenth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the One Hundred Sixteenth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Sixteenth Omnibus Objection to Claims.

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9635]; and the Court having found and

determined that the relief sought in the One Hundred Sixteenth Omnibus Objection to Claims is

in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

legal and factual bases set forth in the One Hundred Sixteenth Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the One Hundred Sixteenth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order supersedes all previous orders regarding the No

Liability Derivative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE