UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK



Sandra Kern

v

In re

LEHMAN BROTHERS HOLDINGS, INC. ,*et.al.*,

Debtors

File No: 08-13555(JM)

Claim Number: 8218

_____/

| | |
|---|---|
| Sandra Kern | Shai Waisman |
| | Weil, Gosthal & Manages |
| **5333 Adams Road** | **Attorney for Debtors** |
| Delray Beach, FL | 767 Fifth Avenue |
| 33484 | New York, New York 10153 |
| (954) 401-8671 | (212) 310-8000 |

_____/

Sandra Kern, objects to the claims to be disallowed and expunged by Lehman Brothers holdings, Inc. The basis for the objection is based on bad faith by Lehman Brothers Holdings, Inc  The amount of the claim is $23,003.00. Lehman Brother Holdings (Lehman Brothers) has a fiduciary duty to act in the best interest of its shareholders and did not which the resulting action arises from. Lehman borrowed significant amounts to fund its investing in the years leading to its bankruptcy in 2008, a process known as leveraging or gearing. A significant portion of this investing was in housing-related assets, making it vulnerable to a downturn in that market. One measure of this risk-taking was its leverage ratio, a measure of the ratio of assets to owner's equity, which increased from approximately 24:1 in 2003 to 31:1 by 2007. While generating tremendous profits during the boom, this vulnerable position meant that just a 3-4% decline in the value of its assets would entirely eliminate its book value or equity. While risk is inherent in the stock market, it is the fiduciary duty of both the SEC and the Company to acted in the best interest of their shareholder's; this includes but is not limited to sound investment and business activities with the effects on both the company and on shareholder's such decisions will have

immediately and in alternative market conditions. Lehman Brother's being a major player in the stock market knew or should have known that an economic downturn would have catastrophic effects on its shareholders and its financial stability resulting in bankruptcy and the loss of its shareholders investments. Such evidence lends itself to the reality that Lehman both breached its fiduciary duty to investors.

In 2008, Lehman faced an unprecedented loss due to the continuing subprime mortgage crisis. Lehman's loss was apparently a result of having held on to large positions in subprime and other lower-rated mortgage tranches when securitizing the underlying mortgages. Whether Lehman did this because it was simply unable to sell the lower-rated bonds, or made a conscious decision to hold them, is unclear. In any event, huge losses accrued in lower-rated mortgage-backed securities throughout 2008. In the second fiscal quarter, Lehman reported losses of $2.8 billion and was forced to sell off $6 billion in assets. In the first half of 2008 alone, Lehman stock lost 73% of its value as the credit market continued to tighten. In August 2008, Lehman reported that it intended to release 6% of its work force, 1,500 people, just ahead of its third-quarter-reporting deadline in September. Lehman Brothers filed for Chapter 11 bankruptcy protection on September 15, 2008. While Chapter 11 bankruptcy filing may be considered necessary to ensure the continuation of business activities post bankruptcy such protection should be disallowed when the behavior resulting in Chapter 11 protection was willful, negligent and due to a breach of fiduciary duty. It is up to the Bankruptcy Court to set the precedent to hold accountable the firms which have abused the trust of investors such as Lehman Brothers, and hold them accountable. The effects will be far reaching and I urge the Court to find in favor of those investors who have lost a significant portion of their investments.

Sincerely,

Sandra L Kern

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x

LBH OMNI94 02-14-2011 (MERGE2.TXNUM2) 4000054718 BAR(23) MAIL ID *** 000041739340 *** BSIUSE: 46

KERN, SANDRA
5333 ADAMS ROAD
DELRAY BEACH, FL 33484

### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

### IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, JOHN O'CONNOR, ESQ., AT 214-746-7700.

### NOTICE OF HEARING ON DEBTORS' NINETY-FOURTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

| Creditor Name and Address: KERN, SANDRA 5333 ADAMS ROAD DELRAY BEACH, FL 33484 | | Claim Number | Date Filed | Case Number | Classification and Amount |
|---|---|---|---|---|---|
| | Claim to be Disallowed and Expunged | 8218 | 8/13/2009 | No Case | UNSECURED: $ 23,003.00 |
| | Surviving Claim(s) | 21803 | 9/21/2009 | 08-13555 | UNSECURED: $ 233,469,683.43 UNLIQUIDATED |

     PLEASE TAKE NOTICE that, on February 14, 2011, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their Ninety-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

     The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that it is substantively duplicative, in whole or in part, of the corresponding global claim(s) listed above under SURVIVING CLAIM(S). The global claims are general unsecured claims filed by the Wilmington Trust Company and/or the Bank of New York Mellon, in their capacity as indenture trustees, on behalf of themselves and the holders of certain unsecured notes (the "Notes"). Your claim has been identified as also relating, in whole or in part, to the Notes. **If the Objection is granted, your claim will be disallowed and expunged to the extent that it asserts claims related to the Notes, regardless of whether your claim asserts entitlement to treatment as a general unsecured, secured, administrative, and/or priority claim. If your claim wholly relates to the Notes and the Objection is granted, then your claim will be disallowed and expunged in its entirety. If only a portion of your claim relates to the Notes and the Objection is granted, then only that portion of your claim will be disallowed and expunged. Any claim or portion of a claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

     If you do NOT oppose the disallowance, expungement, reduction or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

If you DO oppose the disallowance, expungement, reduction or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on March 16, 2011 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on March 31, 2011 to consider the Objection. The hearing will be held at 10:00 a.m. Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce or reclassify your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

**If you have any questions about this notice or the Objection, please contact Debtors' counsel, John O'Connor, Esq., at 214-746-7700.** CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: February 14, 2011
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION