Hearing Date: March 31, 2011 at 10:00 a.m.
Objection Deadline: March 16, 2011 at 4:00 p.m.

Aaron R. Cahn
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232

Attorneys for Punjab National Bank (International) Limited

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et. al., | Case No. 08-13555 (JMP) (Jointly Administered) |
| Debtors. | |

### RESPONSE TO CLAIM OBJECTION

**PUNJAB NATIONAL BANK (INTERNATIONAL) LIMITED** ("Punjab"), by its undersigned counsel, responds to Debtors' Ninety-Second Omnibus Objection to Claims (No Blocking Number LPS) (Doc. No. 14472) (the "Objection") as follows:

### INTRODUCTION

1. The Objection challenges claim no. 63860 in the amount of $5,044,967.85 filed by Punjab. Punjab's original claim no. 34488 was filed on September 23, 2009, and that claim was amended by claim no. 63860, filed November 2, 2009. A copy of the

1218831.1
6754288.2

original proof of claim and the amended claim is annexed hereto as Exhibit A.[1] The Debtors seek to disallow Punjab's amended claim solely because Punjab failed to obtain a blocking number for the securities it holds.

2. Punjab's claim was timely filed proof of claim and accordingly is *prima facie* evidence of the validity of its claim. A timely filed proof of claim constitutes *prima facie* evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); *Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004); *In re 183 Lorraine St. Assoc.*, 198 B.R. 16, 26 (Bankr. E.D.N.Y. 1996); FED. R. BANKR. P. 3001(f).

3. Punjab's proof of claim, except for the failure to obtain a blocking number, complies in every respect with the requirements of the Bankruptcy Code, Bankruptcy Rules and this court's bar order concerning proofs of claim. Non-compliance with the blocking number aspect of the bar order should be excused because Punjab has not disposed of the securities it holds, nor has it taken any steps which would have permitted any other party to file a proof of claim for the same securities. Furthermore, as shown below, the penalty of disallowance is an disproportionately harsh sanction for a claimant which has otherwise fully complied with its obligation under the Bankruptcy Code and Rules.

**ARGUMENT**

4. Not surprisingly, most of the reported cases dealing with claims objections involve claims filed out of time. As to such claims, the bankruptcy code and rules emphasize the importance of filing claims in a timely fashion, so that the debtor or trustee

---

[1] Claim no. 34488 was previously objected to as a duplicate claim and disallowed, without challenge by Punjab.

1218831.1
6754288.2

will be in a position to evaluate the full universe of claims. The rules make specific provision for a bankruptcy court to allow the filing of late-filed claims upon a showing of excusable neglect. Fed. R. Bank. P. 3003(c); *see, Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 382 (1993) but also provide that claims not timely filed will be disallowed. 11 U.S.C. 502(b)(9).

5.  Here, Punjab's proof of claim was concededly filed timely, as noted above, and the Debtors' only objection is that Punjab failed to obtain a blocking number by October 23, 2009, the deadline specified in the bar order.[2]

6.  The purpose of the blocking number, as explained in the Objection, was twofold: to prevent holders of securities from trading them in the four-month period between the approval of the Bar Order (July 2, 2009) and the Bar Date of November 2, 2009, and simultaneously confirming ownership of securities by the claimant. the effect of this provision was to eliminate, so far as practicable, any risk that the Debtors would make multiple distributions on the same obligation. The Debtors reasoned that inasmuch as the Lehman Program Securities had no indenture trustee which could file a claim on behalf of all the holders of a particular issue and identify through its own records the various holders of the securities, requiring holders to obtain a blocking number would accomplish the same purpose. However, by adopting this stratagem, the Debtors added an additional element to the required documentation of the claim, and imposed a potential sanction on holders (disallowance of their claim) that would not exist in a traditional trust indenture structure.

---

[2] Punjab did attempt to obtain a blocking number within a week after the deadline had expired, but its attempt was refused on the ground that the deadline had passed.

1218831.1
6754288.2

7.      The use of the blocking number device is highly unusual and research has disclosed no case in which the effect of failure to obtain a blocking number or similar device has been considered by a court.[3] As noted just above, the objection here is based on failure to properly document a claim. However, as Judge Glenn noted in *In re Minbatiwalla*, 424 B.R. 104 (Bankr. S.D.N.Y. 2010), failure to properly document a claim is not a statutory ground for disallowance, 424 B.R. at 118. As he further noted in his review of the case law, while some courts do disallow claims based on insufficient documentation, it is clear that insufficient documentation objections do not implicate the same concerns at do late-filed claims. Accordingly, the court in *Minbatiwalla* refused to disallow outright the claim filed by a mortgage assignee which failed to properly document its claim to have taken an assignment of the mortgage concededly executed and delivered by the Debtor. Instead, the court, stressing that the Debtor acknowledged that a lien existed on his property and that was no danger that an unanticipated claim would be made, gave the creditor an additional opportunity to submit proper documentation of its claim.

8.      A similar result should obtain here. Punjab, which in fact has not sold or otherwise disposed of the securities which are the subject of its claim, should be given an opportunity to demonstrate that assertion to the Debtors, either through the Debtors' claims agent appointed in this case or through the agencies originally designated to issue blocking numbers. The Debtors acknowledge the existence of the particular securities program of which Punjab's holding forms a part. Reopening the process to holders such as Punjab who timely filed a proof of claim and otherwise properly documented their

---

[3] Indeed, the fact that the Debtors have objected to more than 300 claims that failed to obtain a blocking number lends some credence to the thought that many securities holders were confused by the insertion of what amounted to a second layer of proof of claim into the normal claims process.

1218831.1
6754288.2

holdings would not impose an undue burden on the Debtors, and would strike an appropriate balance between the ability of the Debtors to properly identify the universe of holders of their program securities and the right of investors in the Lehman Securities Programs to obtain whatever their eventual distribution will be.

9. Punjab is familiar with this court's opinion in *In re Lehman Brothers Holdings, Inc.*, 433 B.R. 113 (Bankr. S.D.N.Y. 2010), dealing with claims that had not been timely filed. With all due respect to this court's comments concerning the need to uniformly enforce the Bar Date Order (433 B.R. at 127), we suggest that because Punjab's claim was timely filed, the *Pioneer* standard does not apply here. As previously noted, failure to comply with applicable time requirements is, both by statute and by custom, of a different character and quality than failure to supply sufficient documentation of a claim.

WHEREFORE, Punjab respectfully requests that the Debtor's objections to its claim be overruled, and that its claim be allowed in full, or alternatively, that Punjab be permitted to satisfy the Debtors that it has not sold or otherwise disposed of the holdings which form the basis for its claim.

Dated:  New York, New York
        March 16, 2011

                                                    CARTER LEDYARD & MILBURN LLP

                                                    By:_____/s/ Aaron R. Cahn_____
                                                            Aaron R. Cahn
                                                  Carter, Ledyard & Milburn LLP
                                                  2 Wall Street
                                                  New York, New York 10005
                                                  Telephone: (212) 732-3200
                                                  Facsimile:  (212) 732-3232

1218831.1
6754288.2

To: Clerk, United States Bankruptcy Court
Alexander Hamilton Custom House
1 Bowling Green
New York, New York 10004

Office of the United States Trustee
Att: Tracy Hope Davis, Elisabetta Gasparini and Andrea B. Schwartz
33 Whitehall Street, 21st Floor
New York, New York 10004

Weil Gotshal & Manges LLP
Att: Shai Waisman and Mark Bernstein
Attorneys for the Debtors and Debtors-in-Possession
767 Fifth Avenue
New York, New York 10153

Milbank Tweed, Hadley & McCloy LLP
Att: Dennis F. Dunne, Dennis O'Connell and Evan Fleck
Attorneys for the Official Committee of Unsecured Creditors
1 Chase Manhattan Plaza
New York, New York 10005

1218831.1
6754288.2