HEARING DATE AND TIME: March 31, 2011 at 2:00 p.m. (Eastern Time)
RESPONSE DEADLINE: March 16, 2011 at 4:00 p.m. (Eastern Time)

MAYER BROWN LLP
Brian Trust
Jeffrey G. Tougas
Christine A. Walsh
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Fax: (212) 262-1910

*Attorneys for SOGECAP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                        :
In re                                   :   Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.* :   08-13555 (JMP)
                                        :
                      Debtors.          :   (Jointly Administered)
_____:

**RESPONSE OF SOGECAP TO DEBTORS' NINETY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)**

SOGECAP (Life Insurance Company of Société Générale) ("**SOGECAP**") by and through its undersigned counsel, Mayer Brown LLP, hereby submits this response (the "**Response**") in opposition to the Debtors' Ninety-Second Omnibus Objection to Claims (No Blocking Number LPS Claims) [docket no. 14472], dated February 14, 2011 (the "**Objection**"). In support of its Response, SOGECAP respectfully states as follows:

**BACKGROUND**

1.  On August 21, 2007, SOGECAP purchased EUR 200,000 principal amount of the Lehman Brothers Treasury Co. B.V. ("**LBT**") issued Airbag Note on EUROSTOXX 50 Index, identified by ISIN code XS0316372522 (as described in the LPS List, defined below) (the

"**Airbag Note**"). SOGECAP's interest in the Airbag Note was guaranteed by Lehman Brothers Holdings, Inc. (the "**LBHI Guarantee**").

2. Beginning on September 15, 2008 and periodically thereafter, LBHI and certain of its affiliates (collectively, the "**Debtors**") commenced voluntary cases under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the Southern District of New York. These Chapter 11 cases have been consolidated, for procedural purposes only, and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. On December 1, 2008, on account of the LBHI Guarantee of LBT's obligations under the Airbag Note, SOGECAP filed a proof of claim, on United States Bankruptcy Court Official Form B-10, with EPIQ Bankruptcy Solutions, LLC [EPIQ Claim No. 1168] (the "**SOGECAP Proof of Claim**").

4. On June 30, 2009, SOGECAP received from the Debtors an "Acknowledgement of Receipt of Proof of Claim" letter indicating that "the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the Lehman Brothers Holdings Inc. case."

5. *Thereafter*, on July 2, 2009, this Court entered its Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [docket no. 4271] (the "**Bar Date Order**").

6. On or about July 17, 2009, the list of Lehman Program Securities issued by the Debtors was made final ("**LPS List**"). The Airbag Note and related ISIN code was listed on the Debtors' LPS List.

7. On February 14, 2011, the Debtors filed the Objection seeking to disallow SOGECAP's Proof of Claim, solely on the basis that it "do[es] not include an electronic instruction reference number or a blocking reference number as required by the Bar Date Order." Objection, at ¶ 2.

## ARGUMENT

### THE SOGECAP PROOF OF CLAIM IS IN FULL COMPLIANCE WITH THE BAR DATE ORDER

8. SOGECAP does not dispute that the Bar Date Order created required procedures for filing claims based on Lehman Program Securities, of which, obtaining a blocking number was one of many. *See* Objection ¶ 16. SOGECAP, however, does dispute the applicability of these unique procedures to the SOGECAP Proof of Claim, in which a proof of claim, compliant in all respects with the Bar Date Order is of record well in advance of the bar date set forth therein.

9. Based on the explicit language of the Bar Date Order, the SOGECAP Proof of Claim falls into an enumerated exception that applies to those who had, prior to the entry of the Bar Date Order, filed a proof of claim.

10. The Bar Date Order states, in pertinent part, that it is:

ORDERED that the following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date:

(f) any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract or a Guarantee on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;

Bar Date Order at p. 4(f) (emphasis in original).

11. Therefore, SOGECAP, a holder of a claim that had already filed a proof of claim with Epiq, was, unlike Derivative Contracts claimants, *not required* to file an additional proof of claim on account of the LBHI Guarantee of LBT's obligations under the Airbag Note having timely and correctly filed a conforming "Proof of Claim" (as that term is defined in the Bar Date Order).

## THE DEBTORS DO NOT PROVIDE ANY EVIDENCE TO SUPPORT THEIR OBJECTION

12. The Debtors have not carried their burden of proof in objecting to SOGECAP's Proof of Claim. It is well recognized that "[a] proof of claim is *prima facie* evidence of the validity and amount of a claim." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Comms. Corp.*, 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 2007); F.R.Bankr.P. 3001(e) (providing that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Furthermore, the Debtors "bear[] the initial burden of persuasion" and must produce "evidence equal in force to the *prima facie* case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). *Id.* (citation omitted). Other than its unsupported statement of noncompliance, no evidence accompanies, or supports, the Objection.

13. SOGECAP reserves the right to seek discovery and to request a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Rules of Bankruptcy Procedure, if necessary, to determine the allowance of SOGECAP's conforming Proof of Claim.

14. SOGECAP further reserves all of its rights under the Bankruptcy Code, other applicable law and all Orders issued by this Court in these cases including, without limitation,

the right to designate additional bases, documentation or other evidence of the claim upon which SOGECAP will rely in opposing the Objection.

## CONCLUSION

WHEREFORE, SOGECAP respectfully requests that the Court (i) overrule the Objection as it pertains to SOGECAP's Proof of Claim, (ii) enter an Order allowing the Proof of Claim in an amount not less than $260,000.00 (plus any accrued but unpaid interest, legal fees and other items payable under applicable law) and (iii) grant SOGECAP such further relief as the Court deems just.

Dated: New York, New York
March 16, 2011

/s/ Brian Trust
MAYER BROWN LLP
Brian Trust
Jeffrey G. Tougas
Christine A. Walsh
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Fax: (212) 262-1910

*Attorneys for SOGECAP*