Penelope Parmes (CA State Bar No. 104774)
pparmes@rutan.com
Caroline R. Djang (CA State Bar No. 216313)
cdjang@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Creditor, LINC – REDONDO BEACH SENIORS, INC.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>Debtors. | Case No. 08-13555 (JMP)<br>(Jointly Administered)<br><br>Chapter 11<br><br>RESPONSE OF LINC – REDONDO BEACH SENIORS, INC. TO DEBTORS' NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)<br><br>**Hearing:** March 31, 2011 at 10:00 a.m. (Eastern Time) |

## I. INTRODUCTION

LINC – Redondo Beach Seniors, Inc. ("LINC") hereby responds (the "Response") to the Omnibus Objection (the "Objection") to Claims (Valued Derivative Claims), filed on February 14, 2011 [Docket No. 14490] by Lehman Brothers Holding Inc., *et al.* (the "Debtors"). By the Objection, the Debtors seek to allow Claimant's Claim (defined below) in the amount $101,441.00, which would result in a reduction of the Claim by at least $153,059.00. The Objection should be overruled for the reasons set forth herein.

## II. FACTUAL BACKGROUND

On or about May 29, 2009, Claimant filed a proof of claim in Debtors' jointly administered cases (the "Claim"). A true and correct copy of the Claim is attached hereto as Exhibit "1." Prior to the petition date, Claimant and Lehman Brothers Derivative Products Inc. ("Lehman") previously entered into a ten-year Rate Cap Agreement, a copy of which is attached to the Claim as Exhibit A and incorporated herein by this reference. By letter dated September 19, 2008, Lehman provided notice to Claimant of a Trigger Event and terminated the Rate Cap Agreement. A copy of the termination letter is attached to the Claim as Exhibit B and incorporated herein by this reference. On or about December 11, 2008, Claimant entered into a new, five-year rate cap agreement with SMBC Capital Markets, Inc., as agent for SMBC Derivative Products Limited. A copy of the SMBC rate cap agreement is attached to the Claim as Exhibit C and incorporated herein by this reference.

As a result of Lehman's early termination of the Exhibit A agreement, Claimant was forced to obtain a new agreement. In addition, Claimant incurred $2,500 in costs to obtain the new agreement (*see* Exhibit D to the Claim, incorporated herein by this reference) and has incurred and will continue to incur legal fees and other costs.

By the Objection, the Debtors seek to reduce Claimant's Claim by over $153,059.00, for no specific reason, other than that the amount listed on Claimant's proof of claim is "greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records." Objection at 2. No evidence of any kind has been submitted in support of the Objection.

## III. ARGUMENT

### A. Applicable Law

A proof of claim filed pursuant to § 501 of the Bankruptcy Code is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Pursuant to Fed. R. Bankr. P.

3001(f), a claim properly documented, executed and filed shall constitute *prima facie* evidence of the validity and amount of the claim. To overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim. *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000). In addition, the objecting party's initial burden of overcoming a claim's presumptive validity includes the burden of placing the claimant on notice as to what aspects of its claim the objecting party finds objectionable. *Smith v. Sprayberry Square Holdings, Inc. (In re Smith)*, 249 B.R. 328, 333 (Bankr. S.D. Ga. 2000).

### B. The Objection Should Be Overruled Because Debtors Have Failed to Meet Their Evidentiary Burden for Disallowance of the Claim

In support of its Claim, Claimant has submitted unrefuted evidence that, as a result of Lehman's early termination of the Rate Cap Agreement between Claimant and Lehman, Claimant was compelled to obtain a replacement agreement for the remaining term. At the time of Lehman's early termination, the market value for the remaining term of the agreement (9.2 years) was $250,000.00 (*see* Exhibit D to Claim). Additionally, Claimant has presented unrefuted evidence that it incurred $2,500 in costs to obtain to the new agreement (*see Id.*). Moreover, Claimant reserved its right to amend its Claim. As stated in the Claim, Claimant has incurred and will continue to incur legal fees and other costs. Attached to this Response as Exhibit "2" is an itemization of legal fees and costs incurred as a result of Lehman's early termination of the Rate Cap Agreement, including the filing of the Claim. Additionally, Claimant expects to incur at least $1,500.00 in legal fees in connection with its response to the Objection. Thus, Claimant's Claim currently totals at least $254,500.00.

Debtors' proposal to reduce the Claim to $101,441.00 is not supported by any

evidence whatsoever. The legal standard set forth in Debtors' Objection seemingly omits the requirement that *evidence* be submitted in refuting allegations in a claim: "If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim." Objection at 5, ¶ 12. This is simply an incorrect reading of the law. The mere denial of a claim's validity or amount is not sufficient to rebut the *prima facie* effect of a properly filed proof of claim. Not until that obligation is met does the burden of production shift to the Claimant. *In re Narragansett Clothing Co.*, 143 B.R. 582, 583 (Bankr. D.R.I. 1992). *See also, In re Callery*, 274 B.R. 51 (Bankr. D. Mass. 2002) (Chapter 11 debtor could not rebut presumptive validity of properly filed proof of claim merely filing objection to claim, with nothing more).

In support of the Objection, Debtors describe the "lengthy process" undertaken by the Debtors in arriving at the conclusion that the "fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant." Objection at 7, ¶ 16. Yet, as to the claims objected to in the Objection, including Claimant's, Debtors have failed to produce any evidence uncovered during that process, *e.g.* copies of Debtors' books and records, ledgers, etc., showing that the Claim is overstated. Similar to the *Smith* case cited above, Debtors' Objection fails to put Claimant on notice as to what is Claimant finds objectionable about the Claim.

Debtors' Objection provides nothing more than a mere denial of the amount of Claimant's Claim, and does not place Claimant on notice as to what aspects of the Claim are objectionable to the Debtors. As such, the burden of production does not shift to Claimant, and the Objection must be overruled.

Rutan & Tucker, LLP
attorneys at law

2562/024332-0002
1161220.02 a03/16/11

-4-

## IV. CONCLUSION

Based on the relevant legal standards cited herein, the Debtors have not met their burden to overcome the *prima facie* validity of the Claim. Therefore, the Objection should be overruled, and the Claim should be allowed as amended herein.

Dated: March 16, 2011

Respectfully submitted

RUTAN & TUCKER, LLP
PENELOPE PARMES
CAROLINE R. DJANG

By:    /s/ Caroline R. Djang
    Penelope Parmes
    Caroline R. Djang
    Attorneys for Claimant
    LINC-Redondo Beach Seniors, Inc.

## PROOF OF SERVICE BY MAIL AND FACSIMILE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 611 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-1931.

On March 16, 2011, I served on the interested parties in said action the within:

**RESPONSE OF LINC-REDONDO BEACH SENIORS, INC. TO DEBTORS' NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

by placing a true copy thereof in sealed envelope(s) addressed as stated below:

WEIL, GOTSHAL & MANGES LLP
Shai Y. Waisman
Penny P. Reid
767 Fifth Avenue
New York, NEW York 10153

Facsimile No.: 212-310-8007

In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business. If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at Costa Mesa, California, that same date. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown as stated above.

Executed on March 16, 2011, at Costa Mesa, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Marie Lee
(Type or print name)

_____
(Signature)

962/ -
0.0 a00/00/00