Hearing Date: March 23, 2011 at 10:00 a.m. (ET)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
:
In re:                                              :    Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,              :    Case No. 08-13555 (JMP)
                                                    :
                          Debtors.                  :    (Jointly Administered)
                                                    :
------------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN
SUPPORT OF MOTION OF DEBTORS AND DEBTORS IN POSSESSION,
PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 9014, FOR AN
ORDER APPROVING THE SALE OF SHARES OF QUADRANT STRUCTURED
PRODUCTS COMPANY, LTD. AND GRANTING CERTAIN RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors"), hereby files this statement in support of the Debtors' motion, dated February 28, 2011 [Docket No. 14708] (the "Motion"), pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), seeking entry of an order approving the sale of shares of Quadrant Structured Products Company, Ltd. ("Quadrant"). In support of the Motion, the Committee respectfully states as follows:

**BACKGROUND**

1. In October 2007, LBHI partnered with Magnetar MQ Ltd. ("Magnetar") to form Quadrant, a Cayman Islands exempted company, for the purpose of selling credit default swaps. In return for an investment of $80 million, LBHI received 80,000 Class A Shares of Quadrant, representing an equity stake of approximately 20% (the "Shares"). Thereafter (and prior to its petition date), LBHI transferred the beneficial interest in the Shares to Lehman Commercial Paper Inc. ("LCPI"), while retaining record ownership.

2. Quadrant's Shareholders' Agreement, dated October 3, 2007, provides (i) a consent right to LBHI with respect to certain changes in Quadrant's business, and (ii) a right of first refusal to Magnetar and Quadrant with respect to any effort by LBHI to sell the Shares.

3. As a consequence of the credit crisis, writing credit protection through credit default swaps has ceased to be a viable business. Quadrant subsequently acquired another credit derivatives product company with an existing $25.5 billion portfolio. Presently, Quadrant is considering refocusing its business to purchase additional credit protection portfolios.

4. Following more than two years of negotiations between the Debtors and Magnetar regarding a potential sale of the Shares, the Debtors have arrived at a proposed settlement for a cash sale of the Shares to Magnetar for $90.0 million (the "Sale"), and now seek approval thereof.

**STATEMENT**

5. The Committee recommends that the Court approve the Sale, as the Sale will maximize recoveries to the unsecured creditors of LBHI and LCPI. As set forth in the Motion, given, among other things, the changing nature of Quadrant's business and its existing credit risk exposure and leverage (approximately 59 times total capital), which is compounded

by the Debtors' position as a minority investor in a closely-held corporation, the Debtors concluded that it was in their best interest to dispose of the Shares. Additionally, the Sale is in line with the Debtors' continuing efforts to liquidate and monetize estate assets at the best possible price.

6. As set forth in the Motion, the Debtors conducted "no-name" marketing checks with various independent parties familiar with the class of assets held by Quadrant and concluded that the discount rate such third parties would apply would likely yield less consideration than the currently negotiated purchase price. The Debtors further note that they believe they have obtained the maximum purchase price from Magnetar, such that any auction's "floor" price would likely be lower than the purchase price currently on the table. As such, the Debtors state that the Sale is in the best interests of their estates and creditors.

7. The Committee and its advisors have expended considerable time and effort working with the Debtors to value the Shares and negotiate the terms of the Sale. The Committee supports the conclusions of the Debtors' analyses. The Debtors' marketing checks, substantive evaluation of the particular circumstances and extensive negotiations further support the conclusion that they have satisfied their fiduciary duty to ensure the greatest possible return on the Shares. The Committee's financial advisors have conducted independent valuations of the Shares and concur that the proposed consideration is fair and reasonable. The Committee also agrees that marketing the Shares and conducting an auction would not produce a better result. Moreover, the Sale will resolve concerns relating to the impact of market volatility and proposed legislation on the existing portfolio. Finally, the Sale will alleviate any potential problems in connection with Quadrant's purchase of additional assets or the Debtors' exercise of consent rights with respect thereto.

8. In light of the foregoing, the Committee agrees with the Debtors that consummation of the Sale is in the best interests of the estates and represents the sound exercise of the Debtors' business judgment. The Sale will enable the Debtors to realize substantial value to their estates and creditors and will eliminate the estates' exposure to market risks attendant to Quadrant's portfolio. As such, the Sale will provide the Debtors with a timely exit from a non-liquid position in a fashion that will inure to the maximum benefit of their estates and creditors.

## CONCLUSION

9. For the foregoing reasons, the Committee respectfully requests that the Court grant the Motion and such other relief as the Court deems just.

Dated:   New York, New York
         March 18, 2011

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.