Hearing Date and Time: March 23, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                            :
In re                                       :    **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    **08-13555 (JMP)**
                                            :
             Debtors.                       :    **(Jointly Administered)**
                                            :
                                            :
------------------------------------------------------------------x

**NOTICE OF (I) AMENDMENT TO LBHI'S MOTION
PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY
CODE FOR APPROVAL OF TWO NOTE PURCHASE AGREEMENTS WITH
THE INSOLVENCY ADMINISTRATOR OF LEHMAN BROTHERS
BANKHAUS AG (IN INSOLVENZ), AND (II) AMENDMENT TO AMENDED AND
RESTATED SETTLEMENT AGREEMENT WITH THE INSOLVENCY
ADMINISTRATOR OF LEHMAN BROTHERS BANKHAUS AG (IN INSOLVENZ)**

PLEASE TAKE NOTICE that, on March 2, 2011, Lehman Brothers Holdings Inc. ("LBHI") filed a motion for approval of two note purchase agreements (the "Note Purchase Agreements") with the Insolvency Administrator of Lehman Brothers Bankhaus Aktiengesellschaft (in Insolvenz) (the "Motion") [Docket No. 14743].

PLEASE TAKE FURTHER NOTICE that, paragraph 2 of the Motion is hereby amended by deleting the words "SASCO 2008-C2 Ltd." and substituting SASCO 2008-C2 LLC therefore.

PLEASE TAKE FURTHER NOTICE that, annexed hereto are (i) that certain amendment to the SASCO Agreement[1] entered into as of March 17, 2011 between LBHI and the LBB InsAdmin, attached as "Exhibit A" hereto (the "SASCO Amendment"), and (ii) that certain amendment to the Plan Settlement Agreement entered into as of March 17, 2011 among the Debtors and certain of their non-debtor affiliates on the one hand, and the LBB InsAdmin on the other (the "PSA Amendment" and, together with the SASCO Amendment, the "Amendments"), attached as "Exhibit B" hereto.

The SASCO Amendment and PSA Amendment clarify certain circumstances under which the Purchase Price Adjustment may be payable to the LBB InsAdmin. In addition, the PSA Amendment substitutes a revised section 11.3 that provides for certain additional termination rights of the LBB InsAdmin that are consistent with the SASCO Amendment. Attached hereto as "Exhibit C" is a blackline that indicates the differences between the revised section 11.3, as set forth in the PSA Amendment, and the original section 11.3 set forth in the Plan Settlement Agreement. The foregoing is a summary of certain provisions of the Amendments, and reference is made to the Amendments in their entirety as to the provisions thereof. To the extent that there is any inconsistency between this summary and the terms of the Amendments, the Amendments control.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

PLEASE TAKE FURTHER NOTICE that a hearing (the "Hearing") to consider the Motion (as amended and supplemented) shall be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004, on **March 23, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

Dated: March 18, 2011
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# Exhibit A

**(SASCO Amendment)**

**Execution Copy**

# AMENDMENT NO. 1 TO THE NOTE SALE AGREEMENT

This Amendment No. 1 to the Note Sale Agreement dated as of March 18, 2011 (the "Amendment"), between LEHMAN BROTHERS HOLDINGS INC., ("LBHI" or "Purchaser") and Dr. Michael C. Frege, in his capacity as insolvency administrator (*Insolvenzverwalter*) (the "LBB InsAdmin" or "Seller") over the assets of LEHMAN BROTHERS BANKHAUS AG (*i. Ins.*) ("Bankhaus")

WHEREAS, the Purchaser and the Seller have entered into that certain Note Sale Agreement dated as of March 1, 2011 (the "Note Sale Agreement"); and

WHEREAS, the Purchaser and the Seller now desire to amend the Note Sale Agreement in certain respects;

NOW, THEREFORE, in consideration of the recitals stated above, the agreements set forth below and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. ***Definitions.*** Initially capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed thereto in the Note Sale Agreement.

2. ***Amendment to Note Sale Agreement.***

Section 2(a)(ii) of the Note Sale Agreement is deleted and replaced with the following:

"(ii) In the event that the Confirmation Order (as defined in the Settlement Agreement) is not entered on or before December 31, 2012, Purchaser shall be required to remit the Purchase Price Adjustment to Seller in accordance with Section 2(b)(i) herein; provided, however, that Purchaser shall not be required to remit the Purchase Price Adjustment to Seller (x) if, on or before December 31, 2012, the Settlement Agreement is not terminated pursuant to Section 11 of the Settlement Agreement, (y) in the event that the LBB InsAdmin terminates the Settlement Agreement pursuant to Sections 11.3(a) or 11.3(d) thereof, or (z) in the event that Lehman US terminates the Settlement Agreement pursuant to Section 11.2(c) thereof; provided, further that in the event that Lehman US terminates the Settlement Agreement pursuant to section 11.2(d) thereof, the Purchase Price Adjustment shall be reduced by an amount equal to the difference between the actual recoveries realized in the Bankhaus Proceeding in respect of the Allowed US Claims (as defined in the Settlement Agreement) and the recoveries that would have been realized in the Bankhaus Proceeding in respect of the Allowed US Claims if the LBB InsAdmin did not allow and provide for materially different treatment of claims held by other creditors of Bankhaus that are factually and legally similar to the Allowed US Claims that results in such other creditors having a recovery entitlement in respect of said claims that is materially higher than the recovery entitlement in respect of the Allowed US Claims. The additional payment of the Purchase Price Adjustment shall be an administrative expense of the Purchaser's Chapter 11 Case."

3. ***Effect of Amendment.*** Except as expressly amended hereby, the Settlement Agreement shall remain unmodified and in full force and effect. To the extent of any inconsistency between the terms of the Note Sale Agreement and this Amendment, this Amendment shall govern and control.

US_ACTIVE:\43655641\03\58399.0008
US_ACTIVE:\43658202\03\58399.0003

4.    ***Further Amendments.*** Any waiver, alteration, supplement, amendment or modification of this Amendment shall be valid only if made in writing and signed by each of the parties hereto.

5.    ***Choice of Law.*** This Amendment and all claims and disputes arising out of or in connection with this Amendment shall be governed by and construed in accordance with the laws of the State of New York and the Bankruptcy Code, without regard to choice of law principles to the extent such principles would apply a law other than that of the State of New York or the Bankruptcy code; <u>provided, however,</u> that any claims and disputes arising out of the Liquidation Claims (as defined in the Settlement Agreement) and the German Avoidance Actions (as defined in the Settlement Agreement) shall be governed by and construed in accordance with German law except as otherwise provided in the underlying agreement.

6.    ***Successors.*** The provisions of Section 13 of the Note Sale Agreement are incorporated herein as if fully sent forth in this Amendment and are made applicable to this Amendment.

7.    ***Counterparts.*** This Amendment may be executed in counterparts, each of which constitutes an original, and all of which, collectively, constitute only one agreement. The signatures of all of the Parties hereto need not appear on the same counterpart.

8.    ***Execution.*** Signatures to this Amendment may be exchanged by facsimile transmission and/or electronic mail and shall constitute originals for all purposes.

IN WITNESS WHEREOF, Seller and Purchaser have caused this Agreement to be duly executed and delivered as of the day and year first above written.

Dr. Michael C. Frege, in his capacity as insolvency administrator over the assets of LEHMAN BROTHERS BANKHAUS AG (*i. Ins.*), Seller

By: ___*/s/ M. Frege*___  667
Name: Dr. Michael C. Frege
Title: Insolvency Administrator
(*Insolvenzverwalter*)

LEHMAN BROTHERS HOLDINGS INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____

Name: Daniel J. Ehrmann
Title: Vice President

IN WITNESS WHEREOF, Seller and Purchaser have caused this Agreement to be duly executed and delivered as of the day and year first above written.

Dr. Michael C. Frege, in his capacity as insolvency administrator over the assets of LEHMAN BROTHERS BANKHAUS AG (*i. Ins.*), Seller

By: _____
Name: Dr. Michael C. Frege
Title: Insolvency Administrator
(*Insolvenzverwalter*)

LEHMAN BROTHERS HOLDINGS INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____

Name: Daniel J. Ehrmann
Title: Vice President

**Exhibit B**

**(PSA Amendment)**

# AMENDMENT #1 TO AMENDED AND RESTATED SETTLEMENT AGREEMENT

This Amendment #1 to the Amended and Restated Settlement Agreement dated as of March 1, 2011 (the "Settlement Agreement") is made and entered into as of March 18, 2011 (the "Amendment"), by and among the Debtors[1] and certain of their Non-Debtor Affiliates[2] (collectively, "Lehman US"), and Dr. Michael C. Frege in his capacity as Insolvency Administrator (*Insolvenzerwalter*) (the "LBB InsAdmin") of Lehman Brothers Bankhaus AG (*in Insolvenz*) ("Bankhaus"). Lehman US and Bankhaus, acting through the LBB InsAdmin, shall each be referred to individually as a "Party" and collectively as the "Parties."

WHEREAS, the Parties entered into the Settlement Agreement on January 14, 2011 in order to resolve outstanding disputes and other issues between them; and

WHEREAS, the Parties now desire to amend the Settlement Agreement in certain respects;

NOW, THEREFORE, in consideration of the recitals stated above, the agreements set forth below and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Definitions.** Initially capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed thereto in the Settlement Agreement.

2. **Amendments to Settlement Agreement.**

2.1. The Recitals are amended by deleting the following tenth "WHEREAS" clauses thereof, and substituting the following "WHEREAS" clauses thereafter.

> WHEREAS, each of the Debtors, either individually or jointly, will file an amended chapter 11 plan that will incorporate the terms and conditions of this Agreement (said individual or joint plan and any amendments, modifications and supplements thereto, collectively, the "Amended Plan");

2.2 Section 1 is amended by adding the following definition: "Non-Conforming Plan" shall mean any chapter 11 plan that is not an Amended Plan or Other Plan.

---

[1] As used herein, "Debtors" means Lehman Brothers Holdings Inc. ("LBHI"); Lehman Brothers Special Financing Inc. ("LBSF"); Lehman Commercial Paper Inc. ("LCPI"); Lehman Brothers Commercial Corporation ("LBCC"); Lehman Brothers Financial Products Inc.; Lehman Brothers OTC Derivatives Inc.; Lehman Brothers Derivative Products Inc.; Lehman Brothers Commodity Services Inc. ("LBCS"); Lehman Scottish Finance L.P.; CES Aviation LLC; CES Aviation V LLC; CES Aviation IX LLC; East Dover Limited; Luxembourg Residential Properties Loan Finance S.à.r.l; BNC Mortgage LLC; Structured Asset Securities Corporation; LB Rose Ranch LLC; LB 2080 Kalakaua Owners LLC; Merit LLC; LB Somerset LLC; LB Preferred Somerset LLC; LB 745 LLC; PAMI Statler Arms LLC.

[2] As used herein, "Non-Debtor Affiliates" means LB3 GmbH. Lehman Brothers Europe Inc., Lehman Brothers I Group Inc., Lehman Brothers International Services Inc., Lehman Brothers Offshore Partners Ltd., Luxembourg Finance S.à.r.l., PAMI Harbour Park and Property Asset Management Inc.

2.3. The definition of "Other Plan" is deleted and the following is substituted therefore: "Other Plan" means a chapter 11 plan or plans proposed by parties other than the Debtors that incorporates all of the provisions of the Agreement other than section 2.3 hereof."

2.4. The definition of "SASCO Purchase Price" is amended by adding the following sentence at the end thereof: "For the avoidance of doubt, no additional payment shall be due if, on or before December 31, 2012, the Agreement has not been terminated pursuant to Section 11; provided, however, that nothing contained herein shall limit or restrict the LBB InsAdmin's termination rights under the Agreement with respect to the Amended Plan, an Other Plan or a Non-Conforming Plan."

2.5 Section 11.1 (iii) is deleted and the following is substituted therefore: "(iii) the Bankruptcy Court does not enter an order confirming the Amended Plan, an Other Plan or a Non-Conforming Plan on or before December 31, 2012;"

2.6 Section 11.3 is deleted in its entirety and the following is substituted therefore:

> 11.3 *The LBB InsAdmin's Right to Terminate.* The LBB InsAdmin shall have the right, at his election, to terminate this Agreement by written notice to Lehman US if (a) there is a breach, in any material respect, of the representations, warranties and/or covenants of Lehman US hereunder, taken as a whole, and Lehman US shall fail to cure such breach within ten (10) days following written notice of such breach from the LBB InsAdmin; (b) the Debtors make a material modification to the structure, classification or distribution scheme under the Amended Plan that would materially reduce the recovery estimates set forth in the Disclosure Statement with respect to classes that include the Allowed Bankhaus Claims or any Other Plan or Non-Conforming Plan is confirmed that would materially reduce the recovery estimates set forth in the Disclosure Statement with respect to classes that include the Allowed Bankhaus Claims; (c) the Amended Plan provides for materially different treatment of claims held by other creditors that are factually and legally similar to the claims of the LBB InsAdmin allowed hereunder that results in such other creditors having a recovery entitlement in respect of said claims that is materially higher than the recovery entitlement provided for in the Amended Plan in respect of the LBB InsAdmin's allowed claims or any Other Plan or Non-Conforming Plan is confirmed that provides for materially different treatment of claims held by other creditors that are factually and legally similar to the claims of the LBB InsAdmin allowed hereunder that results in such other creditors having a recovery entitlement in respect of said claims that is materially higher than the recovery entitlement provided for in the Amended Plan in respect of the LBB InsAdmin's allowed claims; provided, however, that with respect to sections 11.3(b) and 11.3(c), (i) the Debtors are not guaranteeing or committing to any specific recovery amount under the Amended Plan, and (ii) modifications to the projected recovery amounts set forth in the disclosure statement approved by the Bankruptcy Court

with respect to the Amended Plan that are based upon revised projections of asset values shall not constitute material modifications to the Amended Plan; (d) any Debtor terminates the Tolling Agreement; provided, further, that the termination right in section 11.3(d) must be exercised no later than ten (10) business days prior the hearing for approval of the disclosure statement with respect to the Amended Plan; or (e) a Non-Conforming Plan is confirmed which does not incorporate all of the provisions of the Agreement other than Section 2.3.

3.  **Effect of Amendment.** Except as expressly amended hereby, the Settlement Agreement shall remain unmodified and in full force and effect. To the extent of any inconsistency between the terms of the Settlement Agreement and this Amendment, this Amendment shall govern and control.

4.  **Further Amendments.** Any waiver, alteration, supplement, amendment or modification of this Amendment shall be valid only if made in writing and signed by each of the parties hereto.

5.  **Choice of Law.** This Amendment and all claims and disputes arising out of or in connection with this Amendment shall be governed by and construed in accordance with the laws of the State of New York and the Bankruptcy Code, without regard to choice of law principles to the extent such principles would apply a law other than that of the State of New York or the Bankruptcy code; provided, however, that any claims and disputes arising out of the Liquidation Claims and the German Avoidance Actions shall be governed by and construed in accordance with German law except as otherwise provided in the underlying agreement.

6.  **Binding Effect; Successors and Assigns.** The provisions of Section 22 of the Settlement Agreement are incorporated herein as if fully sent forth in this Amendment and are made applicable to this Amendment.

7.  **Counterparts.** This Amendment may be executed in counterparts, each of which constitutes an original, and all of which, collectively, constitute only one agreement. The signatures of all of the Parties hereto need not appear on the same counterpart.

8.  **Execution.** Signatures to this Amendment may be exchanged by facsimile transmission and/or electronic mail and shall constitute originals for all purposes.

**EXECUTION VERSION**

IN WITNESS WHEREOF, each Party by his or its duly authorized representative has executed this Agreement as of the date hereof:

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP) | Dr. Michael C. Frege in his capacity as Insolvency Administrator (*Insolvenzverwalter*) of Lehman Brothers Bankhaus AG *(in Insolvenz)* |
| By:_____<br>Name: Daniel J. Ehrmann<br>Title: Vice President | By:____*/s/ M. Frege*_____ 669<br>Name: Dr. Michael C. Frege<br>Title: Insolvency Administrator (*Insolvenzverwalter*) |
| LEHMAN BROTHERS SPECIAL FINANCING INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP) | LEHMAN COMMERCIAL PAPER INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York. Case No. 08-13555 (JMP) |
| By:_____<br>Name: Daniel J. Ehrmann<br>Title: Vice President | By:_____<br>Name: Daniel J. Ehrmann<br>Title: Vice President |
| LEHMAN BROTHERS COMMERCIAL CORPORATION, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP) | LEHMAN BROTHERS FINANCIAL PRODUCTS INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP) |
| By:_____<br>Name: Daniel J. Ehrmann<br>Title: Vice President | By:_____<br>Name: Daniel J. Ehrmann<br>Title: Vice President |

IN WITNESS WHEREOF, each Party by his or its duly authorized representative has executed this Agreement as of the date hereof:

LEHMAN BROTHERS HOLDINGS INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____

Name: Daniel J. Ehrmann
Title: Vice President

Dr. Michael C. Frege in his capacity as Insolvency Administrator (*Insolvenzverwalter*) of Lehman Brothers Bankhaus AG *(in Insolvenz)*

By: _____

Name: Dr. Michael C. Frege
Title: Insolvency Administrator (*Insolvenzerwalter*)

LEHMAN BROTHERS SPECIAL FINANCING INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LEHMAN COMMERCIAL PAPER INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LEHMAN BROTHERS COMMERCIAL CORPORATION, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LEHMAN BROTHERS FINANCIAL PRODUCTS INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LEMAN BROTHERS OTC DERIVATIVES INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08- 13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LEHMAN BROTHERS DERIVATE PRODUCTS INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LEHMAN BROTHERS COMMODITY SERVICES INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LEHMAN SCOTTISH FINANCE L.P. as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

CES AVIATION LLC, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

CES AVIATION V LLC, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

CES AVIATION IX LLC, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name:  Daniel J. Ehrmann
Title:   Vice President

EAST DOVER LIMITED, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name:  Daniel J. Ehrmann
Title:   Vice President

LUXEMBOURG RESIDENTIAL PROPERTIES LOAN FINANCE S.A.R.L., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name:  Daniel J. Ehrmann
Title:   Manager

BNC MORTGAGE LLC, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name:  William J. Fox
Title:   Authorized Signatory

STRUCTURED ASSET SECURITIES CORPORATION, as Debtor arid Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name:  Daniel J. Ehrmann
Title:   Vice President

LB ROSE RANCH LLC, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name:  Daniel J. Ehrmann
Title:   Authorized Signatory

LB 2080 KALAKAUA OWNERS LLC, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

MERIT LLC, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LB SOMERSET LLC, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LB PREFERRED SOMERSET LLC, as Debtor and Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LB 745 LLC, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

PAMI STATLER ARMS LLC, as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Authorized Signatory

LB 3 GMBH

By: _____
Name: Daniel J. Ehrmann
Title: Director

LEHMAN BROTHERS EUROPE INC

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

LB 1 GROUP INC.

By: _____
Name:  Daniel J. Ehrmann
Title:   Vice President

LEHMAN BROTHERS INTERNATIONAL
SERVICES INC.

By: _____
Name:  Daniel J. Ehrmann
Title:   Vice President

LEHMAN BROTHERS OFFSHORE
PARTNERS LTD.

By: _____
Name:  William J. Fox
Title:   Director

LUXEMBOURG FINANCE S.A.R.L.

By: _____
Name:  Daniel J. Ehrmann
Title:   Manager

PAMI HARBOUR PARK

By: _____
Name:  Daniel J. Ehrmann
Title:   Vice President

PROPERTY ASSET MANAGEMENT INC.

By: _____
Name:  Daniel J. Ehrmann
Title:   Vice President

**Exhibit C**

**(Blackline of PSA Amendment Section 11.3)**

11.3     *The LBB InsAdmin's Right to Terminate.*  The LBB InsAdmin shall have the right, at his election, to terminate this Agreement by written notice to Lehman US if (a) there is a breach, in any material respect, of the representations, warranties and/or covenants of Lehman US hereunder, taken as a whole, and Lehman US shall fail to cure such breach within ten (10) days following written notice of such breach from the LBB InsAdmin; (b) the Debtors make a material modification to the structure, classification or distribution scheme under the Amended Plan that would materially reduce the recovery estimates set forth in the Disclosure Statement with respect to classes that include the Allowed Bankhaus Claims~~; (c) the Amended Plan~~ **or any Other Plan or Non-Conforming Plan is confirmed that would materially reduce the recovery estimates set forth in the Disclosure Statement with respect to classes that include the Allowed Bankhaus Claims; (c) the Amended Plan provides for materially different treatment of claims held by other creditors that are factually and legally similar to the claims of the LBB InsAdmin allowed hereunder that results in such other creditors having a recovery entitlement in respect of said claims that is materially higher than the recovery entitlement provided for in the Amended Plan in respect of the LBB InsAdmin's allowed claims or any Other Plan or Non-Conforming Plan is confirmed that** provides for materially different treatment of claims held by other creditors that are factually and legally similar to the claims of the LBB InsAdmin allowed hereunder that results in such other creditors having a recovery entitlement in respect of said claims that is materially higher than the recovery entitlement provided for in the Amended Plan in respect of the LBB InsAdmin's allowed claims; provided, however, that with respect to sections 11.3(b) and 11.3(c), (i) the Debtors are not guaranteeing or committing to any specific recovery amount under the Amended Plan, and (ii) modifications to the projected recovery amounts set forth in the disclosure statement approved by the Bankruptcy Court with respect to the Amended Plan that are based upon revised projections of asset values shall not constitute material modifications to the Amended Plan; ~~or~~  (d) any Debtor terminates the Tolling Agreement; provided, further, that the termination right in section 11.3(d) must be exercised no later than ten (10) business days prior the hearing for approval of the disclosure statement with respect to the Amended Plan~~.  The Parties have agreed to amend section 11.3(b) of this Agreement to replace the Contemplated Recoveries with the recovery estimates in the proposed disclosure statement with respect to the Amended Plan provided such recovery estimates are consistent with the Contemplated Recoveries.~~**; or (e) a Non-Conforming Plan is confirmed which does not incorporate all of the provisions of the Agreement other than Section 2.3.**