Schuyler G. Carroll
Jeffrey D. Vanacore
PERKINS COIE LLP
30 Rockefeller Center, 25th Floor
New York, NY 10112-0085
212.262.6900
212.977.1649 (Facsimile)
scarroll@perkinscoie.com
jvanacore@perkinscoie.com

David M. Miller (*Pro Hac Vice Motion Pending*)
303 E. 17th Avenue, Suite 500
Denver, CO 80203
303.832.2400
303.832.15110 (Facsimile)
dmm@kutnerlaw.com

Attorneys for Movants

Presentment Date:
April 1, 2011, 12:00 Noon

Hearing Date and Time:
April 13, 2011, 10:00 A.M.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X
:
In re: :
:
LEHMAN BROTHERS HOLDINGS INC.; LB : Chapter 11
ROSE RANCH LLC and PAMI STATLER :
ARMS LLC, : Case No.: 08-13555 (JMP)
: (Jointly Administered)
Debtors. :
:
------------------------------------- X

**MOTION FOR AN ORDER AUTHORIZING**
**EXAMINATION OF DEBTORS PURSUANT TO BANKRUPTCY RULE 2004**

The Movants,[1] by and through their attorneys Perkins Coie LLP and Kutner

Miller Brinen, P.C., hereby file this motion for entry of an order authorizing and directing

---

[1] The "Movants" or "Homeowners" are Jamin Cook, Tiffany Cook, Vaughan Counts, Suzanne Counts, Kevin Craig, Thisha Craig, Charlie Lawson, Sarahliz Lawson, Stephanie Mosher, Steve New, Kori New, Craig Willis, Pamela Willis, Kurt Kornreich, Helen Kornreich, Sohrab Amini, M.D., J. Christine Amini, Neil Ross, Gary Gray, Michael Cryan, Brian Alonge, Daniel Hock, Toni Hock, David Ice, Lisa Ice, Richard Moore, Patrick Nesbitt, Andre Pontin, Julie Pontin, James Vidakovich, The James Vidakovich Revocable Trust, Craig Willis, Pamela Willis, Kristin F. Davis, Joseph S. Davis, Chadwick Mickschl, Sarah Mickschl, Tina Rochowiak, Jamie Prough, Michael Rochwiak, and Martin Rochowiak.

discovery from Debtors (i) Lehman Brothers Holdings, Inc., (ii) LB Rose Ranch, LLC and (iii) PAMI Statler Arms, LLC (collectively, the "Debtors") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rule 2004 Motion") with respect to any insurance policies of the Debtors which relate to Movants' claims arising from Debtors' involvement in the construction and development of a golf course adjacent to a single-family housing project in Glenwood Springs, Colorado. In support of their Rule 2004 Motion, Movants respectfully represent as follows:

## PRELIMINARY STATEMENT

1. The relief sought by the Movants is simple and straightforward. Movants request copies of the Debtors' insurance policies so that they can determine whether to proceed solely against the Debtor's insurance policies or if, in conjunction with such action, pursue claims against the estate. For some unknown reason, the Debtors' are unwilling to provide the policies, even with a confidentiality agreement. As a result, this Rule 2004 Motion has been filed.[2]

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Rule 2004 Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate underlying the relief requested in this Rule 2004 Motion is Bankruptcy Rule 2004.

## BACKGROUND

4. Movants are owners of single-family homes in a development in Glenwood Springs, Colorado known as Ironbridge Homes (the "Ironbridge Development"). After Movants purchased their homes, they discovered numerous defects in the foundations, floors, walls, and

---

[2] A Motion to Lift the Automatic Stay has simultaneously been filed with this Rule 2004 Motion to permit the Movants to proceed against the insurance policies, presuming the coverage is adequate

drainage systems. These defects resulted in progressive, continuing, and worsening damages to foundations, physical structures, porches, patios, and driveways, as well as diminution in value and loss of use of these homes.

**The Colorado Litigation**

5. On or about May 14, 2010, Movants commenced an action in the District Court for Garfield County, State of Colorado, captioned Jamin Cook, et al. v. Ironbridge Homes, LLC, et al., Case No. 10-CV-142 (the "Colorado Action"), alleging claims for negligence, breach of warranty, and breach of Colorado consumer protection laws against the owners, developers, and certain soils engineers involved in the Ironbridge Development. The Complaint was amended on or about September 16, 2010.

6. The Debtors at all relevant times were involved with the design and construction of a golf course within the Ironbridge Development. Movants have discovered that Debtors' design,[3] development and construction of the golf course contributed to the damages to Movants' homes.

7. Contemporaneously herewith, Movants have filed a Motion for Relief from Stay seeking permission to add the Debtors as Defendants in the Colorado Action, which will allow Movants to liquidate their claims against the Debtors and collect upon any judgment obtained against applicable insurance policies.

**Movants Request for Insurance Policies**

8. Movants have determined that, during the relevant time periods, Debtors had in place an insurance policy (or policies) covering some or all of Debtors' liability to the Movants. However, Movants are unsure whether the insurance polices which the Debtors had in place will

---

[3] It appears to the Movants that LB Rose Ranch LLC and PAMI Statler Arms LLC are the Debtors directly involved with the Ironbridge development.

be sufficient to compensate them for the damages they allege have been caused to their homes by the Debtors.

9. Movants have sought the Debtors' cooperation in providing them with copies of the Debtors' relevant insurance policies related to the Ironbridge Development and adjacent golf course ("Policies"), but have been stonewalled by the Debtors. Prior to filing this Rule 2004 Motion, Counsel for Movants repeatedly contacted counsel for the Debtors, requesting that the Debtors provide copies of all Polices which were in effect during the past eight (8) years, so as to determine the scope of the Debtors' insurance coverage and the potential need to assert claims against the Debtors' general estates, as opposed to seeking compensation from the policies alone.

10. Unfortunately, the Debtors have steadfastly refused this request (even though Movants agreed to sign a confidentiality agreement). At one point, the Debtors offered to represent to Movants that its insurance was "adequate" to pay any claims possessed by the Movants, but would not allow Movants to review those Policies to verify the accuracy of this representation. Movants cannot reasonably rely upon this representation, which appears to have been intended to dissuade Movants from seeking the Policies or asserting general unsecured claims in the Debtors' respective cases. As a result of the Debtors' position and refusal to allow Movants to review the Policies, Movants are unable to determine whether the Policies which could provide coverage and payment would be sufficient to, inter alia, cover Debtors' liability to Movants.

11. The discovery sought by the Rule 2004 Motion is both reasonable and necessary under these facts. The Movants have been steadfastly and wrongfully denied the opportunity to review the Policies to determine whether the scope of available coverage, despite reasonable and repeated requests for access to these non-privileged documents. It is in the Debtors' best interest

to provide the Policies which, presuming there is adequate coverage, may reduce the Debtors' liability to the Movants as unsecured creditors of the estate.

12. Movants seek information and documents from Debtors concerning the following subject matters related to the Policies:

(a) All general liability and excess insurance policies of the Debtors for the period 2000 through the present, including information and documents relating to the limits of each policy;

(b) Debtors' per occurrence and aggregate limits for PCOH coverage for the period 2000 through the present;

(c) The gross applicable deductible for each policy;

(d) The self-insured retention ("SIR") for each policy year;

(e) Whether any policy has "soils movement" exclusions;

(f) Whether any policy has "anti-stacking" provisions; and

(g) Whether any policy contains exclusions relating to maintenance by the Debtors of the golf course at the Ironbridge Development.

13. As set forth below, Movants' request for the above-referenced insurance information is both reasonable and necessary, and under the present circumstances, any burden Debtors may incur in producing this information is substantially outweighed by the need for Movants to ascertain the extent of Debtors' liability for the damages suffered and the availability of resources to compensate them for their losses.

## LEGAL ARGUMENT

14. Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Discovery under Rule 2004 includes both document discovery and depositions. Fed. R. Bankr. P. 2004(c). Rule 2004 has

been termed the "basic discovery device used [in] bankruptcy cases." In re French, 145 B.R. 991, 992 (Bankr. D. S.D. 1992). The purpose of Rule 2004 is to permit a broad investigation into the financial affairs of the debtors to assure the proper administration of bankruptcy estates. See In re Symington, 209 B.R. 678, 683 (Bankr. D. Md.1997) (citations omitted). The goal of the investigation is to discover assets and expose any fraudulent conduct. See In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); see also In re Symington, 209 B.R. at 683; In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (E.D. Pa.1990).

15. Rule 2004(b) provides that the scope of the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. Bankr. R. 2004(b). There are two critical differences between discovery under Rule 2004 and discovery under the Federal Rules of Civil Procedure. First, Rule 2004 discovery is an investigatory tool in that it is undertaken pre-litigation, that is, before the filing of a lawsuit or motion. In contrast, discovery under the Federal Rules of Civil Procedure is pretrial, that is, after the filing of a complaint. As such, a Rule 2004 motion need not be tied to specific factual allegations at issue between parties to a complaint or contested matter. See In re Symington, 209 B.R. at 683. Rule 2004 discovery is subject to fewer objections on grounds of relevance than discovery issued in connection with a contested matter or adversary proceeding. Id.

16. Second, the scope of a Rule 2004 examination is much broader than discovery under the Federal Rules of Civil Procedure. See In re Ecam Publications, Inc., 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) (noting that the scope of Rule 2004 questioning was extremely broad); see also In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991)(same); In re Corso, 328 B.R. 375, 383 (Bankr. E.D.N.Y. 2005) (same). Indeed, courts

have recognized that the scope of Rule 2004 examinations is broad, unfettered, and can legitimately be in the nature of a "fishing expedition." In re Countrywide Home Loans, Inc., 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); see also In re Lev, 2008 WL 207523, at *3 (Bankr. D.N.J. 2008) (unpublished); In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); In re Valley Forge Plaza Assocs., 109 B.R. at 674.

17. "The purpose of Rule 2004 examination is 'to show the condition of the estate and to enable the court to discover its extent and whereabouts and to come into possession of it that the rights of creditors may be preserved.'" In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing Cameron v. United States, 231 U.S. 710, 717 (1914)). A Rule 2004 examination is "designed to bring the Debtor's affairs to light, not to hide them." In re PRS Ins. Group., Inc., 274 B.R. 381, 385 (Bankr. D. Del. 2001). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994). The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can "legitimately be in the nature of a fishing expedition." In re Wilcher, 56 B.R. 428, 433 (Bankr.N.D. Ill. 1985); see also In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (same); In re Johns-Manville Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984) (same).

18. Examinations under Bankruptcy Rules 2004(a) and (c) may include within their scope, among many other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of a debtors' estate; and, in a Chapter 11 case, any matter relevant to the case or to the formulation of a plan. Fed. Bankr. R. 2004.

19. Here, Movants' request for information and documents relating to the Policies that cover or may cover the damages Movants have suffered falls well within the purpose and scope of Rule 2004. The Debtors' Policies constitute property of their bankruptcy estates. Production of the Policies will enable Movants to ascertain the availability of resources to compensate them for their losses. Given the low burden Debtors will incur to produce the requested Policies and insurance information, weighed against the benefits such information will provide to Movants, the Court should compel the production of the requested Policies and insurance information pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

## NOTICE

20. Notice of this Rule 2004 Motion will be provided in accordance with the Second Amended Case Management Order.

## NO PRIOR REQUEST

21. No prior application for the relief requested in this Rule 2004 Motion has been made to this or any other court.

## CONCLUSION

22. For the reasons set forth above, Movants respectfully request that Court grant their Rule 2004 Motion and enter such further relief as this Court deems appropriate.

Dated: New York, New York.
March 18, 2011

Respectfully submitted,

PERKINS COIE LLP
By: __/s/ Jeffrey D. Vanacore_
Schuyler G. Carroll
Jeffrey D. Vanacore
JVanacore@perkinscoie.com
30 Rockefeller Center, 25th Floor
New York, NY  10112-0085
212.262.6900
212.977.1649 (facsimile)
jvanacore@perkinscoie.com
scarroll@perkinscoie.com
Attorneys for Movants

- and -

David M. Miller (*Pro Hac Vice Motion Pending*)
303 E. 17th Avenue, Suite 500
Denver, CO 80203
303.832.2400
303.832.15110 (Facsimile)
dmm@kutnerlaw.com