**GIBSON, DUNN & CRUTCHER LLP**
Wayne P.J. McArdle
Telephone House
2-4 Temple Avenue
London EC4Y 0HB
Telephone: +44 (0)20 7071-4000
Facsimile: +44 (0)20 7070-4244

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
                 :

**In re**                       :      **Chapter 11 Case No.**
                 :

**LEHMAN BROTHERS HOLDINGS INC., et al.**   :      **08-13555 (JMP)**
                 :

            **Debtors.**     :      **(Jointly Administered)**
                 :
                 :

-----------------------------------------------------------------------x

**THIS SUMMARY SHEET APPLIES TO:**

  **X**   All Debtors

## SUMMARY SHEET PURSUANT TO THE UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330

Name of Applicant:                  GIBSON, DUNN & CRUTCHER, LLP

Date of Retention:                  September 15, 2008 (as ordinary course professional); September 1, 2009 (as 327(e) professional)[1]

---

[1] Gibson, Dunn & Crutcher, LLP was retained in these cases *nunc pro tunc* to September 15, 2008 as an ordinary course professional pursuant to this Court's *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business*, dated November 5, 2008 [Docket No. 1394]. Subsequently, Gibson, Dunn & Crutcher, LLP was retained as special counsel pursuant to section 327(e) of the Bankruptcy Code *nunc pro tunc* to September 1, 2009 pursuant to this Court's *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of*

[Footnote continued on next page]

| | |
|---|---|
| Date of Entry of Order Authorizing Employment: | November 5, 2008 *nunc pro tunc* to September 15, 2008 (ordinary course professional); June 25, 2010 *nunc pro tunc* to September 1, 2009 (327(e) professional) |
| Period for Which Compensation and Reimbursement is Sought: | February 1, 2010 through May 31, 2010 |
| Amount of Compensation Sought As Actual, Necessary and Reasonable: | $52,938.78 |
| Amount of Expense Reimbursement Sought as Actual, Necessary, and Reasonable | $0.00 |
| This is: | The Supplemental Second Interim Application as a 327(e) Professional |
| Previously Entered Orders Approving Fees: | Docket No. 11,237, signed on September 1, 2009, approving fees in the amount of $877,382.11 ($934,933.93 requested) and expenses in the amount of $11,534.25 ($11,724.66 requested). |
| Blended Rate of Professionals (Including Paraprofessionals): | $703.04 |
| Blended Rate of Professionals (Excluding Paraprofessionals): | $703.04 |

---

[Footnote continued from previous page]

*Gibson, Dunn & Crutcher LLP, As Special Counsel to the Debtors,* Nunc Pro Tunc *to September 1, 2009* [Docket No. 9857].

## PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES IN GBP

### From February 1, 2010 through May 31, 2010

| NAME | POSITION | YEAR ADMITTED TO BAR | DATE OF EMPLOYMENT | HOURS | RATE | RATE IN USD[1] | AMOUNT IN USD |
|------|----------|----------------------|--------------------|-------|------|----------------|---------------|
| Wayne P. McArdle | Partner—Corporate | 1995 UK | 6/16/2001 | 20.80 | £626 | $908 | $18,875.38 |
| Edward A. Tran | Associate—Corporate | 2001 NY 2007 CA 2010 UK | 1/4/2010 | 37.30 | £465 | $674 | $25,155.33 |
| Milena Radoycheva | Associate—Corporate | 2006 UK | 10/9/2006 | 198.8 | £357 | $518 | $8,908.08 |
| TOTAL: | | | | 75.30 | | | $52,938.78 |

Total Professional Hours:........................75.30
Total Paraprofessional Hours:..................0.00
Total Hours: .............................................75.30
Total Fee Amount:.......................... $52,938.78
Blended Rate: ......................................$703.04
Excluding Paraprofessional Hours: .. $703.04

---

[1] All amounts have been converted into U.S. Dollars using the exchange rate that was in effect as of May 31, 2010 of USD 1.45 per GBP 1.00.

**GIBSON, DUNN & CRUTCHER LLP**
Wayne P.J. McArdle
Telephone House
2-4 Temple Avenue
London EC4Y 0HB
Telephone: +44 (0)20 7071-4000
Facsimile: +44 (0)20 7070-4244

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
|  |  :  |  |
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC., et al.** | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors** | : | **(Jointly Administered)** |
|  | : |  |
|  | : |  |

------------------------------------------------------------------------x

**THIS APPLICATION APPLIES TO:**

 **X**   All Debtors

### SUPPLEMENTAL SECOND APPLICATION OF GIBSON, DUNN & CRUTCHER LLP, AS A 327(e) PROFESSIONAL, FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010

Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), a professional providing services to

Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), files pursuant

to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this

supplemental application (the "Application") for interim allowance of compensation for

professional services performed by Gibson Dunn for the period from February 1, 2010 through

May 31, 2010 (the "Compensation Period"), and for reimbursement of its actual and necessary

expenses incurred during the Compensation Period.  Gibson Dunn respectfully represents:

## JURISDICTION

1.       This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§

157 and 1334.  Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §

157(b)(2).  Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409,

respectively.  The statutory predicates for the relief requested herein are sections 330 and 331 of

the Bankruptcy Code.

## GENERAL BACKGROUND

2.       Commencing on September 15, 2008 and periodically thereafter (as applicable,

the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have

been consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

3.       On September 17, 2008, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.       On September 19, 2008, a proceeding was commenced under the Securities

Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A

trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

5.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

6.      On January 25, 2011, the Debtors filed a revised joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [Docket Nos. 14150 and 14151].

7.      Gibson Dunn began performing legal services on behalf of the Debtors as an Ordinary Course Professional pursuant to this Court's *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business*, dated November 5, 2008 [Docket No. 1394] (the "OCP Order").  In accordance with the procedures set forth in the OCP Order, such retention became effective *nunc pro tunc* to September 15, 2008 upon the filing of the affidavit of Jesse Sharf [Docket No. 2444] and the expiration of the relevant objection period.  Subsequently, Gibson Dunn was retained as special counsel pursuant to section 327(e) of the Bankruptcy Code *nunc pro tunc* to September 1, 2009 pursuant to this Court's *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of Gibson, Dunn & Crutcher LLP, As Special Counsel to the Debtors,* Nunc Pro Tunc *to September 1, 2009* [Docket No. 9857].

8.      On August 16, 2010, Gibson Dunn filed its Second Application of Gibson, Dunn & Crutcher LLP, As A 327(e) Professional, For Allowance of Interim Compensation For Services Rendered and For Reimbursement of Actual and Necessary Expenses Incurred From February 1, 2010 Through May 31, 2010 [Docket No. 10776] (the "Prior Application") seeking interim allowance of compensation for professional services performed by Gibson Dunn during the Compensation Period.  This supplemental Application relates to work performed during the Compensation Period in connection with Lower Thames Sarl ("Lower Thames"), a joint venture

between LBHI, Resolution Properties and Connah Limited (the "Joint Venture"). Gibson Dunn advised the Debtors on all matters related to the Joint Venture. This advice included (i) the preparation and negotiation of the joint venture agreement, (ii) advice on the acquisition of a loan by Lower Thames, (iii) advice on the steps needed to be taken to enforce the security under the loan, and (iv) advice on related matters. The shareholders of Lower Thames had initially agreed that the legal fees and expenses incurred by Gibson Dunn in connection with the preparation of the joint venture agreement and other matters, such as enforcement, would be billed to Lower Thames, and the Debtors instructed Gibson Dunn to bill Lower Thames for all of its legal fees incurred in connection with the preparation and negotiation of the Joint Venture Agreement and related matters such as enforcement. Subsequent to the filing of the Prior Application, the Debtors and the other shareholders of Lower Thames agreed that only a portion of Gibson Dunn's fees incurred in connection with the preparation and negotiation of the Joint Venture Agreement and related matters such as enforcement should in fact be borne by Lower Thames. Accordingly, Gibson Dunn was instructed to reverse the bill previously sent to Lower Thames, to allocate some of the time to the Debtors, and to bill the remainder to Lower Thames. The amount requested herein represents the portion of Gibson Dunn's fees incurred during the Compensation Period that the Debtors and the other shareholders of Lower Thames have agreed should be paid by LBHI.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

9.      This Application is Gibson Dunn's supplemental second application for interim compensation and reimbursement of expenses as a 327(e) professional in these chapter 11 cases.

10.     Gibson Dunn prepared this Application in accordance with the *Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on April 19, 1995 (the "Local Guidelines"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996 (the "UST Guidelines"), this Court's *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Docket No. 4165] (the "Interim Compensation Order"), and this Court's *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651] (the "Fee Protocol Order," and together with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines").  Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is annexed hereto as Exhibit A.

11.     Gibson Dunn seeks allowance of interim compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $52,938.78.  During the Compensation Period, Gibson Dunn attorneys expended a total of 75.30 hours for which compensation is requested.

12.     There is no agreement or understanding between Gibson Dunn and any other person for the sharing of compensation to be received for services rendered in these cases.

13.     Gibson Dunn's fees in these cases are billed in accordance with its existing billing rates and procedures.  The rates Gibson Dunn charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates Gibson Dunn charges for professional and paraprofessional services rendered in comparable non-bankruptcy

6

matters.  Such fees are reasonable based on the customary compensation charged by comparably

skilled practitioners in comparable non-bankruptcy cases in a competitive international legal

market.

14.    Pursuant to the UST Guidelines, annexed hereto as Exhibit B is a schedule setting

forth:  (a) all Gibson Dunn professionals and paraprofessionals who have performed services in

these chapter 11 cases during the Compensation Period for which compensation is requested

herein; (b) the capacities in which each such individual is employed by Gibson Dunn; (c) the

department in which each such individual practices; (d) the hourly rate charged by Gibson Dunn

for services performed by each such individual; (e) the aggregate number of hours expended by

each such individual on behalf of the Debtors during the Compensation Period and (f) the year in

which each professional was first licensed to practice law.

15.    Pursuant to the UST Guidelines, annexed hereto as Exhibit C is a summary by

project category of the services performed by Gibson Dunn during the Compensation Period for

which compensation is requested.

16.    Gibson Dunn has attempted to include in this Application all relevant time and

expenses relating to the Compensation Period.  However, delays in processing such time and

receiving invoices for certain expenses may occur.  Accordingly, Gibson Dunn reserves the right

to supplement this Application prior to the date set by this Court for hearing this Application to

request additional compensation for professional services rendered and reimbursement of

expenses incurred during the Compensation Period.

17.    Gibson Dunn maintains computerized records of the time spent by all Gibson

Dunn attorneys and paraprofessionals in connection with its representation of the Debtors.

Subject to redaction for attorney-client privilege where necessary to protect the Debtors and their

estates, copies of such computerized records for the relevant services rendered during the

Compensation Period are attached hereto as Exhibit D.

## SERVICES RENDERED BY GIBSON DUNN

18.      The time for which Gibson Dunn seeks compensation in this Application

represents work performed in connection with drafting and negotiation of the joint venture

agreement between the shareholders of Lower Thames Sarl, a joint venture between LBHI and

Resolution Properties, and in connection with the enforcement of the security for the loan

acquired by Lower Thames.

## ALLOWANCE OF COMPENSATION

19.      Section 331 of the Bankruptcy Code allows a bankruptcy court to authorize

interim compensation for "[a] trustee, an examiner, a debtor's attorney, or any professional

person employed under section 327 or 1103 of this title . . . not more than once every 120 days

after an order for relief in a case under this title…."

20.      Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award a

trustee, examiner, ombudsman or professional employed pursuant to 11 U.S.C. § 327 reasonable

compensation for services and reimbursement of expenses.  Specifically, section 330 of the

Bankruptcy Code provides as follows:

> (a)(1) After notice to the parties in interest and to the United States Trustee and a
> hearing, and subject to sections 326, 328, and 329, the court may award to a
> trustee . . . or a professional person employed under section 327 or 1103 —
>
> > (A)      reasonable compensation for actual, necessary services rendered by
> > the trustee, examiner, ombudsman, professional person, or attorney and by
> > any paraprofessional person employed by any such person; and
> >
> > (B)      reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

21.     Section 330(a)(3) of the Bankruptcy Code provides that in determining the

amount of reasonable compensation to be awarded, the Court should consider the nature, extent,

and value of the services rendered to the estate, taking into account all relevant factors,

including:

> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount
> of time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board
> certified or otherwise has demonstrated skill and experience in the
> bankruptcy field; and
>
> (F)     whether the compensation is reasonable, based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

22.     As analyzed below, Gibson Dunn submits that the elements governing awards of

compensation justify the allowance requested.

**(1)     The Time and Labor Required**

23.     During the Compensation Period, 75.30 recorded hours have been expended by

Gibson Dunn's partners, counsel, associates and paraprofessionals in providing the requested

professional services.  Exhibits B, C, and D attached hereto detail the time and labor expended

by Gibson Dunn on behalf of the Debtors.  Gibson Dunn has made every effort to coordinate its

efforts with those of the Debtors' bankruptcy counsel so as to avoid any duplication of efforts.

The number of hours spent by Gibson Dunn is commensurate with the defined tasks Gibson

Dunn has performed and continues to perform in these chapter 11 cases.

**(2)     The Rates Charged for Such Services**

24.     During the Compensation Period, Gibson Dunn's hourly billing rates for the

relevant services were $908 for partners and $518 to $674 for staff attorneys, of counsels and

associates.  Based on the recorded hours expended by Gibson Dunn's attorneys and

paraprofessionals, the average hourly billing rate for Gibson Dunn's services was $703.04.

25.     The amounts charged to the Debtors for the particular services rendered

approximate the rates charged other clients of Gibson Dunn for such services.  Indeed, if the

firm's retention in these matters were not pursuant to the Bankruptcy Code, Gibson Dunn would

charge the Debtors and expect to receive, on a current basis, an amount at least equal to the

amounts requested herein for the professional services rendered.

26.     In connection with the provision of its legal services, Gibson Dunn has sought,

within the parameters required for effective legal representation, to minimize legal expenses.

Moreover, consistent with its belief that strict fee management inures to the benefit of the

Debtors, their creditors, the Court, and ultimately the public, Gibson Dunn diligently monitored

the integrity of its bills.  Gibson Dunn carefully reviewed the entries of all professionals and

paraprofessionals who worked on these cases to determine the reasonableness of the monthly

totals for services rendered.

**(3)      The Necessity of the Services and the Benefit to the Estate**

27.      As detailed above, the services Gibson Dunn provided to the Debtors have conferred substantial benefit on the Debtors' estates.  Gibson Dunn's services to the Debtors have also served the desired goal of allowing for continuity of service in these non-bankruptcy matters.  This has allowed Debtors' bankruptcy counsel to focus on issues more closely related to the reorganization of Debtors' operations.

**(4)      Customary Compensation**

28.      Gibson Dunn relies on the Court's experience and knowledge with respect to the compensation awards in similar cases.  Given that frame of reference, Gibson Dunn submits that, in light of the circumstances of the case and the substantial benefits derived from Gibson Dunn's assistance, compensation in the amount requested is fair and reasonable.

**(5)      Whether Services Were Performed In a Reasonable Amount of Time**

29.      Gibson Dunn represents and can demonstrate to this Court that the services were performed in a reasonable amount of time, given the complexity of the issues involved and the many and varied legal issues facing the Debtors.  Gibson Dunn's detailed and thorough contemporaneous time records demonstrate that the time expended on various tasks was necessary and appropriate to the vigorous representation of the Debtors.  From the earliest stages of Gibson Dunn's involvement, every attempt was made to limit the hours worked to the lowest amount feasible, and to avoid duplication of effort and other unnecessary costs.  On occasion, Gibson Dunn attorneys rendered services on behalf of the Debtors under time constraints. Moreover, during the Compensation Period, Gibson Dunn attorneys were required to perform services on behalf of the Debtors to the preclusion of other firm matters and clients.

11

**(6)      Board Certification**

30.      Because the services provided by Gibson Dunn were, by design, primarily non-bankruptcy in nature, Gibson Dunn submits that board certification in bankruptcy law is not a particularly relevant factor.  In preparing this fee application and when otherwise appropriate, however, the Gibson Dunn attorneys performing services for the Debtors did employ the assistance of experienced attorneys in Gibson Dunn's bankruptcy department.

**(7)      Whether Compensation is Reasonable**

31.      Gibson Dunn's services have been rendered in a highly efficient manner by attorneys who have achieved a high degree of expertise in their respective fields.  The skill and competency of the Gibson Dunn attorneys who have represented the Debtors are amply demonstrated by the results achieved in these cases.  Gibson Dunn's highly professional and expert group of attorneys has ensured that the representation of the Debtors has progressed in an efficient and expeditious manner.

32.      Gibson Dunn thus represents and can demonstrate that the compensation sought for the services rendered and expenses incurred in connection with these chapter 11 cases is reasonable and commensurate with those rates charged by comparably skilled practitioners.

33.      Gibson Dunn's fee request is based upon the normal hourly rates that Gibson Dunn charges its non-bankruptcy clients.  Taking into consideration the time and labor spent, the nature and extent of the representation, and the nature of these proceedings, Gibson Dunn believes the allowance asked is reasonable.  Gibson Dunn further submits that its rates are comparable to those prevailing in the relevant international market.  Therefore, Gibson Dunn's fees are fair and reasonable.

34.    Based on the factors to be considered under sections 330 and 331 of the Bankruptcy Code, the results Gibson Dunn has achieved to date more than justify allowance in full of Gibson Dunn's compensation and reimbursement request.

WHEREFORE, Gibson Dunn requests that allowance be made to it in the sum of $52,938.78 as compensation for necessary professional services rendered to the Debtors for the Compensation Period, and further requests such other and further relief as this Court may deem just and proper.


Dated:    March 21, 2011              **GIBSON, DUNN & CRUTCHER LLP**
          London, England

                                       /s/ Wayne P.J. McArdle
                                       By:  Wayne P.J. McArdle
                                       Telephone House
                                       2-4 Temple Avenue
                                       London EC4Y 0HB
                                       Telephone: +44 (0)20 7071-4000
                                       Facsimile: +44 (0)20 7070-4244

                                       Special Counsel to the Debtors
                                       and Debtors in Possession

101034186_2.DOC

## **EXHIBIT A**

### **CERTIFICATION OF WAYNE P.J. McARDLE**

**GIBSON, DUNN & CRUTCHER LLP**
Wayne P.J. McArdle
Telephone House
2-4 Temple Avenue
London EC4Y 0HB
Telephone: +44 (0)20 7071-4000
Facsimile: +44 (0)20 7070-4244

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.**           :        **08-13555 (JMP)**
                                                    :
                                   **Debtors**      :        **(Jointly Administered)**
                                                    :
                                                    :
------------------------------------------------------------------x

**THIS CERTIFICATION APPLIES TO:**

 **X**   All Debtors

**CERTIFICATION UNDER GUIDELINES IN RESPECT OF SUPPLEMENTAL
APPLICATION OF GIBSON, DUNN & CRUTCHER LLP, AS 327(e) PROFESSIONALS,
FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

I, Wayne P.J. McArdle, hereby certify that:

1.        I am a partner with the applicant firm, Gibson, Dunn & Crutcher LLP ("Gibson

Dunn").  I submit this certification in accordance with the *Amended Guidelines for Fees and*

*Disbursements of Professionals in Southern District of New York Bankruptcy Cases*, adopted by

the Court on April 19, 1995 (the "Local Guidelines"), the *United States Trustee Guidelines for*

*Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11*

*U.S.C. § 330*, adopted on January 30, 1996 (the "UST Guidelines"), this Court's *Third Amended*

*Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule*

*2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of*

*Expenses of Professionals* [Docket No. 4165] (the "Interim Compensation Order"), and this

Court's *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651] (the

"Fee Protocol Order," and together with the Local Guidelines, the UST Guidelines, and the

Interim Compensation Order, the "Guidelines").

      2.      This certification is made in respect to Gibson Dunn's supplemental application,

dated March 21, 2011 (the "Application"),[1] for interim compensation for the period from

February 1, 2010 through May 31, 2010 (the "Compensation Period"), in accordance with the

Guidelines.

      3.      In respect of Section A.1 of the Local Guidelines, I certify that:

      a.      I have read the Application;

      b.      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

      c.      the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Gibson Dunn and generally accepted by Gibson Dunn's clients; and

      d.      in providing a reimbursable service, Gibson Dunn does not make a profit on that service, whether the service is performed by Gibson Dunn in-house or through a third party.

      4.      In respect of Section A.2 of the Local Guidelines, as stated in paragraph 8 of the

Application, the shareholders of Lower Thames had initially agreed that the legal fees and

expenses incurred by Gibson Dunn in connection with the preparation of the joint venture

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

agreement and other matters, such as enforcement, would be billed to Lower Thames, and the

Debtors instructed Gibson Dunn to bill Lower Thames for all of its legal fees incurred in

connection with the preparation and negotiation of the Joint Venture Agreement and related

matters such as enforcement.  Subsequent to the filing of the Prior Application, the Debtors and

the other shareholders of Lower Thames agreed that only a portion of Gibson Dunn's fees

incurred in connection with the preparation and negotiation of the Joint Venture Agreement and

related matters such as enforcement should in fact be borne by Lower Thames.  Accordingly,

Gibson Dunn was instructed to reverse the bill previously sent to Lower Thames, to allocate

some of the time to the Debtors, and to bill the remainder to Lower Thames.  Because Gibson

Dunn received this instruction several months after the fees were incurred, the official committee

of unsecured creditors did not receive monthly statements with respect to the fees now being

sought from the Debtors with respect to Lower Thames.  However, the Debtors did receive such

monthly statements as a result of their ownership stake in Lower Thames.

5.    In respect of Section A.3 of the Local Guidelines, I certify that the Debtors, the

Creditors' Committee, the chairman of the Fee Committee (as defined in the Fee Protocol Order),

and the United States Trustee for the Southern District of New York will receive a copy of this

Application.

Dated:  March 21, 2011                    **GIBSON, DUNN & CRUTCHER LLP**
        London, England

                                          /s/ Wayne P.J. McArdle
                                          By:  Wayne P.J. McArdle
                                          Telephone House
                                          2-4 Temple Avenue
                                          London EC4Y 0HB
                                          Telephone: +44 (0)20 7071-4000
                                          Facsimile: +44 (0)20 7070-4244

                                          Special Counsel to the Debtors
                                          and Debtors in Possession

## <u>EXHIBIT B</u>

**SUMMARY OF PROFESSIONAL COMPENSATION SOUGHT (BY TIMEKEEPER)**

**PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES IN GBP**

**From February 1, 2010 through May 31, 2010**

| NAME | POSITION | YEAR ADMITTED TO BAR | DATE OF EMPLOYMENT | HOURS | RATE | RATE IN USD[1] | AMOUNT IN USD |
|------|----------|----------------------|---------------------|-------|------|--------|---------------|
| Wayne P. McArdle | Partner—Corporate | 1995 UK | 6/16/2001 | 20.80 | £626 | $908 | $18,875.38 |
| Edward A. Tran | Associate—Corporate | 2001 NY<br>2007 CA<br>2010 UK | 1/4/2010 | 37.30 | £465 | $674 | $25,155.33 |
| Milena Radoycheva | Associate—Corporate | 2006 UK | 10/9/2006 | 198.8 | £357 | $518 | $8,908.08 |
| **TOTAL:** | | | | **75.30** | | | **$52,938.78** |

---

[1] All amounts have been converted into U.S. Dollars using the exchange rate that was in effect as of May 31, 2010 of USD 1.45 per GBP 1.00.

## EXHIBIT C

**SUMMARY OF PROFESSIONAL COMPENSATION SOUGHT (BY MATTER)**

**SUMMARY OF RELEVANT SERVICES BY TASK CODE FOR SERVICES
RENDERED IN GBP FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

| TASK CODE | DESCRIPTION | HOURS | AMOUNT[1] |
|---|---|---|---|
| 52279-00341 | Excalibur – General Matters | 75.30 | $55,938.78 |
| **TOTAL** | | **75.30** | **$55,938.78** |

---

[1] All amounts have been converted into U.S. Dollars using the exchange rate that was in effect as of May 31, 2010 of USD 1.45 per GBP 1.00.

## **EXHIBIT D**

### **CONTEMPORANEOUS TIME RECORDS**

| Client # | Matter # | Date | Timekeeper | Currency | Amount (Currency) | Amount (USD) | Hours | Task Code | Narrative |
|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/09/10 | McArdle, Wayne PJ | GBP | £ 625.00 | $ 906.25 | 1.00 | G23 | Prepare for call with P. Coles (0.3) and attend call on enforcement issues on QBH (0.7). |
| 52279 | 00341 | 04/09/10 | McArdle, Wayne PJ | GBP | £ 812.50 | $ 1,178.13 | 1.30 | G23 | Prepare note of issues arising on enforcement of QBH loan for all parties call (0.5); attend call with P. Coles (LBHI), Herbert Smith and E. Tran (GDC) to discuss enforcement (0.6); office conference with E. Tran on preparation of Enforcement Principles (Schedule 12 to JVA) (0.2). |
| 52279 | 00341 | 04/09/10 | McArdle, Wayne PJ | GBP | £ 312.50 | $ 453.13 | 0.50 | G23 | Discuss with E. Tran (GDC) outcome of call with Jersey counsel on enforcement of QBH loan. |
| 52279 | 00341 | 04/09/10 | McArdle, Wayne PJ | GBP | £ 812.50 | $ 1,178.13 | 1.30 | G23 | Revise deed of undertaking for QBH (0.3); prepare further deed of undertaking for general partner of Borrower entity (0.5); revise JVA for QBH (0.5). |
| 52279 | 00341 | 04/09/10 | McArdle, Wayne PJ | GBP | £ 437.50 | $ 634.38 | 0.70 | G23 | Conference call with all parties on QBH to discuss JVA and enforcement issues. |
| 52279 | 00341 | 04/09/10 | McArdle, Wayne PJ | GBP | £ 625.00 | $ 906.25 | 1.00 | G23 | Engaged revising JVA for QBH. |
| 52279 | 00341 | 04/09/10 | McArdle, Wayne PJ | GBP | £ 625.00 | $ 906.25 | 1.00 | G23 | Engaged revising Schedule 12 Enforcement Principles for QBH. |

| 52279 | 00341 | 04/10/10 | McArdle, Wayne PJ | GBP | £ | 437.50 | $ | 634.38 | 0.70 | G23 | Engaged in connection with the structure and parties on QBH JVA and related emails to/from P. Coles. |
| 52279 | 00341 | 04/11/10 | McArdle, Wayne PJ | GBP | £ | 437.50 | $ | 634.38 | 0.70 | G23 | Revise Schedule 12 and amend (for QBH). |
| 52279 | 00341 | 04/11/10 | McArdle, Wayne PJ | GBP | £ | 187.50 | $ | 271.88 | 0.30 | G23 | Emails to E. Tran on Schedule 12 and related enforcement matters for QBH. |
| 52279 | 00341 | 04/11/10 | McArdle, Wayne PJ | GBP | £ | 187.50 | $ | 271.88 | 0.30 | G23 | Telephone conversation with E. Tran on enforcement matters on QBH. |
| 52279 | 00341 | 04/11/10 | McArdle, Wayne PJ | GBP | £ | 625.00 | $ | 906.25 | 1.00 | G23 | Engaged reviewing letter from BLP to PwC (0.5) and prepare draft reply (0.5). |
| 52279 | 00341 | 04/11/10 | McArdle, Wayne PJ | GBP | £ | 187.50 | $ | 271.88 | 0.30 | G23 | Review email from R. Hacker Q.C. on proceedings to compel transfer of B Note. |
| 52279 | 00341 | 04/12/10 | McArdle, Wayne PJ | GBP | £ | 625.00 | $ | 906.25 | 1.00 | G23 | Review emails on JVA for QBH (0.3); review transfer deed for Resolution SH loans (0.3); office conference with M. Radoycheva and E. Tran (GDC) to discuss signing steps and outstanding issues (0.4). |
| 52279 | 00341 | 04/12/10 | McArdle, Wayne PJ | GBP | £ | 937.50 | $ | 1,359.38 | 1.50 | G23 | Review Deeds of Undertaking for Landmark; provide comments (0.3); revise QBH JVA (0.7); engaged on emails with LBHI on outstanding points for QBH (0.5). |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/12/10 | McArdle, Wayne PJ | GBP | £ | 625.00 | $ | 906.25 | 1.00 | G23 | Attend conference call with all parties on QBH JVA and related documents (0.5); meeting with M. Radoycheva and E. Tran (GDC) to review outstanding matters and discuss signing (0.5). |
| 52279 | 00341 | 04/12/10 | McArdle, Wayne PJ | GBP | £ | 625.00 | $ | 906.25 | 1.00 | G23 | Office conference with E. Tran and M. Radoycheva on various open issues on QBH deal (0.5). |
| 52279 | 00341 | 04/08/10 | Tran, Edward A. | GBP | £ | 139.50 | $ | 202.28 | 0.30 | G23 | Review and respond to correspondence regard payment of expenses in connection with the new joint venture agreement. |
| 52279 | 00341 | 04/08/10 | Tran, Edward A. | GBP | £ | 372.00 | $ | 539.40 | 0.80 | G23 | Review enforcement notes provided by Herbert Smith regarding means of enforcing against the shares and/or the property of the Queensbridge partnership. |
| 52279 | 00341 | 04/08/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Conference call with P. Cole (Lehman) regarding potential response to letter from the Issuer regarding transfer of B Note. |
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 232.50 | $ | 337.13 | 0.50 | G23 | Review note of Herbert Smith regarding enforcement issues relating to the Senior Loan under English law. |
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 186.00 | $ | 269.70 | 0.40 | G23 | Review note of Jersey Counsel regarding enforcement issues relating to the Senior Loan under Jersey law. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 186.00 | $ | 269.70 | 0.40 | G23 | Review comments of Herbert Smith regarding Joint Venture Agreement, Deed of Undertaking and Deed of Termination. |
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 279.00 | $ | 404.55 | 0.60 | G23 | Attend conference call with W. McArdle (GDC), S. Price and O. Sinclair (Herbert Smith), and P. Coles (Lehman) regarding loan enforcement issues under Jersey and English law. |
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Conference call with W. McArdle (GDC) and P. Coles (Lehman) regarding Queensbridge loan enforcement options. |
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Confer with W. McArdle (GDC) Queensbridge loan enforcement options related to drafting Schedule 12 of the joint venture agreement. |
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 558.00 | $ | 809.10 | 1.20 | G23 | Confer with S. Price (Herbert Smith) and Nathalie Sullivan (Noirmont) regarding Jersey law issues relating to loan enforcement and the joint venture agreement. |
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 232.50 | $ | 337.13 | 0.50 | G23 | Office conference with W. McArdle regarding outcome of call relating to Jersey law issues related to enforcement of Senior Loan. |
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 1,116.00 | $ | 1,618.20 | 2.40 | G23 | Revise Schedule 12 to the Joint Venture Agreement. |

| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 232.50 | $ | 337.13 | 0.50 | G23 | Review the Shareholders' Agreement of the General Partner in connection with voting rights and control mechanisms. |
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 279.00 | $ | 404.55 | 0.60 | G23 | Review issues under governing documents relating to power to control the actions of the Limited Partner. |
| 52279 | 00341 | 04/09/10 | Tran, Edward A. | GBP | £ | 139.50 | $ | 202.28 | 0.30 | G23 | Conference call with Paul Coles (Lehman) regarding enforcement issues relating to GP/LP enforcement under Senior Loan. |
| 52279 | 00341 | 04/10/10 | Tran, Edward A. | GBP | £ | 558.00 | $ | 809.10 | 1.20 | G23 | Review comments to Schedule 12 relating to enforcement options under the joint venture agreement (0.7) and draft and revise the same (0.5). |
| 52279 | 00341 | 04/10/10 | Tran, Edward A. | GBP | £ | 418.50 | $ | 606.83 | 0.90 | G23 | Draft and revise Deeds of Undertaking to be provided by Landmark in connection with the Joint Venture Agreement. |
| 52279 | 00341 | 04/11/10 | Tran, Edward A. | GBP | £ | 186.00 | $ | 269.70 | 0.40 | G23 | Review shareholder's agreement of the general partner in connection with power to replace directors and voting rights. |
| 52279 | 00341 | 04/11/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Draft correspondence regarding Deed of Termination. |
| 52279 | 00341 | 04/11/10 | Tran, Edward A. | GBP | £ | 186.00 | $ | 269.70 | 0.40 | G23 | Review emails from P. Coles (Lehman) regarding comments to Schedule 12 to the joint venture agreement. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/11/10 | Tran, Edward A. | GBP | £ | 232.50 | $ | 337.13 | 0.50 | G23 | Revise Schedule 12 to the joint venture agreement in light of comments of P. Coles (Lehman). |
| 52279 | 00341 | 04/11/10 | Tran, Edward A. | GBP | £ | 139.50 | $ | 202.28 | 0.30 | G23 | Review issues relating to deeds of undertakings to be provided by Landmark entities (0.1) and draft correspondence relating to the same (0.2). |
| 52279 | 00341 | 04/13/10 | McArdle, Wayne PJ | GBP | £ | 1,562.50 | $ | 2,265.63 | 2.50 | G23 | Engaged throughout morning on various calls and emails with all parties to finalise all documents for QBH signing. |
| 52279 | 00341 | 04/13/10 | McArdle, Wayne PJ | GBP | £ | 312.50 | $ | 453.13 | 0.50 | G23 | Attend signing call to review KYC issues and signing issues. |
| 52279 | 00341 | 04/13/10 | McArdle, Wayne PJ | GBP | £ | 312.50 | $ | 453.13 | 0.50 | G23 | Attend further signing/exchange call to discuss final points and path to completion. |
| 52279 | 00341 | 04/13/10 | McArdle, Wayne PJ | GBP | £ | 312.50 | $ | 453.13 | 0.50 | G23 | Further conference call on closing of QBH. |
| 52279 | 00341 | 04/13/10 | McArdle, Wayne PJ | GBP | £ | 312.50 | $ | 453.13 | 0.50 | G23 | Attend final completion call on QBH. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 186.00 | $ | 269.70 | 0.40 | G23 | Office conference with W. McArdle and M. Radoycheva regarding outstanding pre-completion items, including revised undertakings and modifications to the Joint Venture Agreement. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Review draft deed of assignment regarding Senior Loan. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 186.00 | $ | 269.70 | 0.40 | G23 | Draft correspondence to Herbert Smith regarding treatment of shares in the general partner and limited partner held by Clifford Chance. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 139.50 | $ | 202.28 | 0.30 | G23 | Revise deeds of undertaking for Landmark in connection with undertakings relating to the development agreement. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Draft correspondence regarding deeds of undertaking for Landmark in connection with undertakings relating to the development agreement. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Draft correspondence regarding extension of conditions precedent under the Joint Venture Agreement. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 325.50 | $ | 471.98 | 0.70 | G23 | Review revised joint venture agreement in connection with undertakings to be provided by JPCo. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 232.50 | $ | 337.13 | 0.50 | G23 | Conference call with R. Tyler, J. Young (Mischon), S. Price (Herbert Smith), W. McArdle and M. Radoycheva (GDC) regarding completion issues and status of Landmark entity. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 232.50 | $ | 337.13 | 0.50 | G23 | Office conference with W. McArdle and M. Radoycheva regarding completion issues and status of Landmark entity. |

| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 558.00 | $ | 809.10 | 1.20 | G23 | Revise joint venture agreement in connection with undertakings of shareholders. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 279.00 | $ | 404.55 | 0.60 | G23 | Prepare correspondence regarding know your client issues in connection with Landmark, Resolution and Lower Thames. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 511.50 | $ | 741.68 | 1.10 | G23 | Revise Deeds of Undertaking for Landmark entities. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 232.50 | $ | 337.13 | 0.50 | G23 | Office conference with W. McArdle and M. Radoycheva regarding outstanding issues on QBH deal. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 325.50 | $ | 471.98 | 0.70 | G23 | Attend to correspondence from Herbert Smith regarding status of various closing items. |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 1,162.50 | $ | 1,685.63 | 2.50 | G23 | Revise Schedule 12 relating to enforcement principles in connection with enforcement against the GP and LP shares (1.5) conference call with N. Sullivan (Noirmont) regarding Jersey law issues relating to enforcement covenant (0.6) correspond with W.McArdle regarding draft of Schedule 12 (0.4). |
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 744.00 | $ | 1,078.80 | 1.60 | G23 | Review comments from Mischon regarding the joint venture agreement (0.8), Landmark deeds of undertaking (0.6), and deed of termination (0.2). |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/12/10 | Tran, Edward A. | GBP | £ | 604.50 | $ | 876.53 | 1.30 | G23 | Draft correspondence regarding the joint venture agreement and issues relating to dissolution of Landmark QBH Limited (0.3) and analyze issues relating to the same (0.7). |
| 52279 | 00341 | 04/13/10 | Tran, Edward A. | GBP | £ | 558.00 | $ | 809.10 | 1.20 | G23 | Review comments of Mischon's regarding joint venture agreement (0.8) and Landmark Deeds of Undertaking (0.4). |
| 52279 | 00341 | 04/13/10 | Tran, Edward A. | GBP | £ | 279.00 | $ | 404.55 | 0.60 | G23 | Conference calls with O. Sinclair of Herbert Smith regarding outstanding issues relating to Joint Venture Agreement. |
| 52279 | 00341 | 04/13/10 | Tran, Edward A. | GBP | £ | 186.00 | $ | 269.70 | 0.40 | G23 | Conference with W. McArdle regarding outstanding comments on joint venture agreement and Landmark Deeds of Undertaking. |
| 52279 | 00341 | 04/13/10 | Tran, Edward A. | GBP | £ | 1,023.00 | $ | 1,483.35 | 2.20 | G23 | Draft and revise joint venture agreement (1.3) and Landmark Deeds of Undertaking (0.9). |
| 52279 | 00341 | 04/13/10 | Tran, Edward A. | GBP | £ | 372.00 | $ | 539.40 | 0.80 | G23 | Conference call with R. Tyler, J. Young (Mischon), S. Price and O. Sinclair (Herbert Smith), W. McArdle and M. Radoycheva (GDC) regarding outstanding joint venture completion issues and authorize exchange of signature for Joint Venture Agreement andDeed of Termination. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/13/10 | Tran, Edward A. | GBP | £ | 232.50 | $ | 337.13 | 0.50 | G23 | Draft correspondence regarding revised joint venture agreement and attend to distribution of the same. |
| 52279 | 00341 | 04/13/10 | Tran, Edward A. | GBP | £ | 325.50 | $ | 471.98 | 0.70 | G23 | Review joint venture agreement in order to ensure satisfaction of conditions precedent for completion. |
| 52279 | 00341 | 04/13/10 | Tran, Edward A. | GBP | £ | 186.00 | $ | 269.70 | 0.40 | G23 | Review final version of Development Management Agreement. |
| 52279 | 00341 | 04/13/10 | Tran, Edward A. | GBP | £ | 232.50 | $ | 337.13 | 0.50 | G23 | Conference call with R. Tyler (Mischon), S. Price and O. Sinclair (Herbert Smith), W. McArdle and M. Radoycheva (GDC) regarding completion of joint venture transaction and exchange of all signature pages. |
| 52279 | 00341 | 04/13/10 | Tran, Edward A. | GBP | £ | 186.00 | $ | 269.70 | 0.40 | G23 | Draft correspondence regarding revised Landmark Deeds of Termination and attend to distribution of same. |
| 52279 | 00341 | 04/14/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Revise post-closing actions to-do list. |
| 52279 | 00341 | 04/14/10 | Tran, Edward A. | GBP | £ | 139.50 | $ | 202.28 | 0.30 | G23 | Review correspondence from Noirmont relating to enforcement against the LP securities under Jersey law. |
| 52279 | 00341 | 04/14/10 | Tran, Edward A. | GBP | £ | 186.00 | $ | 269.70 | 0.40 | G23 | Review post-closing obligations of the parties under the joint venture agreement. |
| 52279 | 00341 | 04/19/10 | McArdle, Wayne PJ | GBP | £ | 312.50 | $ | 453.13 | 0.50 | G23 | Attend post-completion call on QBH with all parties. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/12/10 | Radoycheva, Milena | GBP | £ | 923.00 | $ | 1,338.35 | 2.60 | G23 | Preparing execution copies of termination deed and deeds of undertaking for the Queensbridge House joint venture and organising for LBHI to sign documents (1.00). Call with P Coles of LBHI and emails in connection with outstanding commercial points on the joint venture agreement (0.50). Attended conference call with all parties on the Queensbridge House joint venture and related documents (0.50). Drafting a signing and completion checklist (0.60). |
| 52279 | 00341 | 04/12/10 | Radoycheva, Milena | GBP | £ | 177.50 | $ | 257.38 | 0.50 | G23 | Office conference with W McArdle and E Tran on various open issues on the Queensbridge House joint venture and signing. |
| 52279 | 00341 | 04/12/10 | Radoycheva, Milena | GBP | £ | 177.50 | $ | 257.38 | 0.50 | G23 | Liaising with J Burel of KCKG (Luxembourg counsel) in connection with review of share purchase agreement for the acquisition by LBHI of shares in Lower Thames Sarl. |
| 52279 | 00341 | 04/12/10 | Radoycheva, Milena | GBP | £ | 177.50 | $ | 257.38 | 0.50 | G23 | Office conference with W McArdle and E Tran on various open issues on the Queensbridge House joint venture. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/13/10 | Radoycheva, Milena | GBP | £ | 887.50 | $ | 1,286.88 | 2.50 | G23 | Engaged with J Young of Mishcon de Reya Solicitors, O Sinclair of Herbert Smith, W McArdle of GDC and E Tran of GDC in connection with signing of the joint venture agreement and related documents. |
| 52279 | 00341 | 04/13/10 | Radoycheva, Milena | GBP | £ | 177.50 | $ | 257.38 | 0.50 | G23 | Attended a signing conference call to discuss signing formalities and KYC issues. |
| 52279 | 00341 | 04/13/10 | Radoycheva, Milena | GBP | £ | 177.50 | $ | 257.38 | 0.50 | G23 | Attended a further conference call to exchange signature pages and discuss steps to completion and outstanding KYC documents. |
| 52279 | 00341 | 04/13/10 | Radoycheva, Milena | GBP | £ | 355.00 | $ | 514.75 | 1.00 | G23 | Attended further conference calls to complete the joint venture. |
| 52279 | 00341 | 04/13/10 | Radoycheva, Milena | GBP | £ | 603.50 | $ | 875.08 | 1.70 | G23 | Prepared an execution copy of the Queensbridge House joint venture agreement and related undertakings (1.10). Reviewed documents signed by the other parties to ensure that these have been duly signed (0.60). |
| 52279 | 00341 | 04/13/10 | Radoycheva, Milena | GBP | £ | 177.50 | $ | 257.38 | 0.50 | G23 | Emails in connection with KYC requirements. |
| 52279 | 00341 | 04/12/10 | Radoycheva, Milena | GBP | £ | 177.50 | $ | 257.38 | 0.50 | G23 | Liaising with J Young of Mishcon de Reya Solicitors and O Sinclair of Herbert Smith regarding KYC documents requested by LBHI. |

| 52279 | 00341 | 04/12/10 | Radoycheva, Milena | GBP | £ | 177.50 | $ | 257.38 | 0.50 | G23 | Office conference with W McArdle and E Tran on open issues on the Queensbridge House joint venture (0.40). |
| 52279 | 00341 | 04/12/10 | Radoycheva, Milena | GBP | £ | 390.50 | $ | 566.23 | 1.10 | G23 | Reviewing comments on the Queensbridge House joint venture agreement and ancillary documents as circulated by J Young of Mischon de Reya Solicitors. |
| 52279 | 00341 | 04/19/10 | Tran, Edward A. | GBP | £ | 465.00 | $ | 674.25 | 1.00 | G23 | Participate in telephone conference call regarding post-closing actions with M. Radochyeva and W. McArdle (GDC), S. Price (Herbert Smith), and R. Tyler (Mischons) (0.5) and review outstanding issues in connection with the same (0.3). |
| 52279 | 00341 | 04/22/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Office conference with Radochyeva regarding enforcement action necessary as precondition of appointment of directors of the GP. |
| 52279 | 00341 | 04/22/10 | Tran, Edward A. | GBP | £ | 139.50 | $ | 202.28 | 0.30 | G23 | Review joint venture agreement regarding enforcement action necessary as precondition of appointment of directors of the GP. |
| 52279 | 00341 | 04/22/10 | Tran, Edward A. | GBP | £ | 232.50 | $ | 337.13 | 0.50 | G23 | Office conference with W. McArdle and M. Radochyeva regarding next steps in QBH transaction and enforcement against Senior Loan in order to appoint directors of the GP. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/27/10 | McArdle, Wayne PJ | GBP | £ | 312.50 | $ | 453.13 | 0.50 | G23 | Telephone call with M. Radoycheva to review position regarding appointment of directors of Lower Thames. |
| 52279 | 00341 | 04/19/10 | Radoycheva, Milena | GBP | £ | 461.50 | $ | 669.18 | 1.30 | G23 | Attended post-completion call with counsel for all parties to the Queensbridge House joint venture (0.5); internal call with W. McArdle on post-completion matters on the Queensbridge House joint venture (0.5); emails with P. Coles regarding appointment of an LBHI manager to the board of Lower Thames and related post-completion matters (0.3). |
| 52279 | 00341 | 04/22/10 | Radoycheva, Milena | GBP | £ | 355.00 | $ | 514.75 | 1.00 | G23 | Discuss with W. McArdle and E. Tran issues related to enforcement action on the senior loan in the Queensbridge House joint venture (0.5); email to Herbert Smith regarding taking certain enforcement actions under the senior loan (0.5). |
| 52279 | 00341 | 04/26/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Office conference with M. Radochyeva regarding status of outstanding items relating to enforcement against the shares in the GP. |
| 52279 | 00341 | 04/27/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Attend to emails regarding status of post-closing items. |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52279 | 00341 | 04/29/10 | Tran, Edward A. | GBP | £ | 93.00 | $ | 134.85 | 0.20 | G23 | Review status of outstanding post-closing items (0.1), follow-up regarding the same with M. Radochyeva (0.1). |
| 52279 | 00341 | 04/29/10 | Radoycheva, Milena | GBP | £ | 177.50 | $ | 257.38 | 0.50 | | Call with O. Sinclair of Herbert Smith regarding post-completion matters, emails. |
| 52279 | 00341 | 05/04/10 | McArdle, Wayne PJ | GBP | £ | 325.00 | $ | 471.25 | 0.50 | G23 | Review QBH closing bible index and documents. |
| 52279 | 00341 | 05/04/10 | McArdle, Wayne PJ | GBP | £ | 130.00 | $ | 188.50 | 0.20 | G23 | Office conference with M. Radoycheva on post-closing matters. |
| 52279 | 00341 | 05/04/10 | Radoycheva, Milena | GBP | £ | 76.00 | $ | 110.20 | 0.20 | G23 | Office conference with W McArdle regarding post-closing matters on the Queensbridge House joint venture. |
| 52279 | 00341 | 05/11/10 | Radoycheva, Milena | GBP | £ | 114.00 | $ | 165.30 | 0.30 | G23 | Call with P Coles re directors, signatories. |
| 52279 | 00341 | 05/12/10 | Radoycheva, Milena | GBP | £ | 380.00 | $ | 551.00 | 1.00 | G23 | Reviewing revised consent request letters for Landmark (0.7), call with P Coles, emails (0.3). |
| 52279 | 00341 | 05/11/10 | Tran, Edward A. | GBP | £ | 97.00 | $ | 140.65 | 0.20 | G23 | Review correspondence regarding engagement of counsel. |
| **00341 Total** | | | | | **£** | **36,509.50** | **$** | **52,938.78** | **75.30** | | |