Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| DEUTSCHE BANK AG, LONDON BRANCH | MIZUHO SECURITIES CO, LTD. |
|---|---|
| Name of Transferee | Name of Transferor |

| Name and Address where notices to transferee should be sent: | Court Claim # 44616 |
|---|---|
| Deutsche Bank AG, Hong Kong Branch | Amount of Claim: USD303,017.68 |
| 55/F Cheung Kong Center | (converted from AUD375,021.88) |
| 2 Queen's Road Central | ISIN: XS0253740889 |
| Hong Kong | Item 69 on Schedule 1 of Proof of Claim |
| Attention: Jack Tsai | Date Claim Filed: 23/10/2009 |
| Email: jack.tsai@db.com | Phone: +813 5208 3778 |
| dpg.execution@db.com | Attn: Mr. Katsunori Tanaka |
| | Email: katsunori.tanaka@mizuho-sc.com |
| | Last Four Digits of Acct. #:44616 |
| Phone: +852 2203 8660 | |
| Last Four Digits of Acct #: 44616 | |

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Deutsche Bank
Aktiengesellschaft
London Branch

By:_____ Date:_18_ March, 2011
Transferee/Transferee's Agent

Johan Sudiman
Director

Christopher Wong
Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No.44616 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on ___ March, 2011 (date).

Name of Transferor:
Mizuho Securities Co., Ltd.

Name of Transferee:
Deutsche Bank AG, London Branch

Address of Alleged Transferor:
Otemachi First Square 1-5-1 Otemachi
Chiyoda-ku
Tokyo 100-0004
Japan

Address of Transferee:
Deutsche Bank AG, Hong Kong Branch
Level 60 International Commerce Centre
1 Austin Road West, Kowloon
Hong Kong

Attention: Katsunori Tanaka
Tel: +813 5208 3778
Email: katsunori.tanaka@mizuho-sc.com

Attention:  Jack Tsai
Tel: +852 2203 8660
Email: jack.tsai@db.com
Dpg.execution@db.com

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

    1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, Mizuho Securities Co., Ltd. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Deutsche Bank AG, London Branch (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of AUD375,021.88 specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Item 69 listed in Schedule 1 to the Seller's Proof of Claim Number 44616 filed by or on behalf of Mizuho Securities Co., Ltd. (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

    2.     Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

    3.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

    4.     All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to

indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. Each of the Seller and the Purchaser shall be solely responsible for all costs and expenses (including legal expenses) incurred by it with respect to the negotiation, preparation, execution and filing of this Agreement and Evidence of Transfer.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 18th day of March, 2011.

MIZUHO SECURITIES CO., LTD.

By:_____

Name: Kikuo Watanabe
Title: Head of Foreign Securities Operations Office

Otemachi First Square 1-5-1 Otemachi
Chiyoda-ku
Tokyo 100-0004
Japan

DEUTSCHE BANK AG, LONDON BRANCH

By:_____

Name:    Johan Sudiman            Christopher Wong
Title:      Director                      Director

c/o Deutsche Bank AG, Hong Kong Branch
Level 60 International Commerce Centre
1 Austin Road West, Kowloon
Hong Kong

Schedule 1

Transferred Claims

Purchased Claim

100% of AUD375,021.88 (the outstanding amount under item 69 of Schedule 1 of the Proof of Claim as of 18th March, 2011) (converted into USD303,017.68 at the rate of AUD1=USD0.808being the FRB Exchange Rate prevailing on 15th September, 2008)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal / Notional Amount | Coupon | Maturity | Clearstream Blocking Number | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| MTN 04317 AUD375,000 Notes linked to Nikkei 225 | XS0253740889 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD375,000.00 | 14.60% | 24th May, 2013 | CA35791 | AUD21.88 |

Schedule 1–1

Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **DEUTSCHE BANK AG, LONDON BRANCH**<br>Name of Transferee | **MIZUHO SECURITIES CO, LTD.**<br>Name of Transferor |
|---|---|
| Name and Address where notices to transferee should be sent:<br>Deutsche Bank AG, Hong Kong Branch<br>55/F Cheung Kong Center<br>2 Queen's Road Central<br>Hong Kong<br>Attention: Jack Tsai<br>Email: jack.tsai@db.com<br>dpg.execution@db.com<br><br>Phone: +852 2203 8660<br>Last Four Digits of Acct #: 44616 | Court Claim # 44616<br>Amount of Claim: USD290,388.44<br>(converted from JPY30,685,346)<br>ISIN: XS0296787236<br>Item 222 on Schedule 1 of Proof of Claim<br>Date Claim Filed: 23/10/2009<br>Phone:  +813 5208 3778<br>Attn:  Mr. Katsunori Tanaka<br>Email: katsunori.tanaka@mizuho-sc.com<br>Last Four Digits of Acct. #:44616 |

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**Deutsche Bank**
Aktiengesellschaft
London Branch

By:_____   Date:____ March, 2011
Transferee/Transferee's Agent

Johan Sudiman        Christopher Wong
Director                 Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc., et al. , Chapter 11 Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No.44616 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on ___ March, 2011 (date).

Name of Transferor:
Mizuho Securities Co., Ltd.

Name of Transferee:
Deutsche Bank AG, London Branch

Address of Alleged Transferor:
Otemachi First Square 1-5-1 Otemachi
Chiyoda-ku
Tokyo 100-0004
Japan

Address of Transferee:
Deutsche Bank AG, Hong Kong Branch
Level 60 International Commerce Centre
1 Austin Road West, Kowloon
Hong Kong

Attention: Katsunori Tanaka
Tel: +813 5208 3778
Email: katsunori.tanaka@mizuho-sc.com

Attention:  Jack Tsai
Tel: +852 2203 8660
Email: jack.tsai@db.com
Dpg.execution@db.com

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Mizuho Securities Co., Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of JPY30,685,346 specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Item 222 listed in Schedule 1 to the Seller's Proof of Claim Number **44616** filed by or on behalf of **Mizuho Securities Co., Ltd.** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to

indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. Each of the Seller and the Purchaser shall be solely responsible for all costs and expenses (including legal expenses) incurred by it with respect to the negotiation, preparation, execution and filing of this Agreement and Evidence of Transfer.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 18th day of March, 2011.

MIZUHO SECURITIES CO., LTD.

By:
Name: Kikuo Watanabe
Title: Head of Foreign Securities Operations Office

Otemachi First Square 1-5-1 Otemachi
Chiyoda-ku
Tokyo 100-0004
Japan

DEUTSCHE BANK AG, LONDON BRANCH

By:
Name:
Title: Johan Sudiman
        Director
c/o Deutsche Bank AG, Hong Kong Branch
Level 60 International Commerce Centre
1 Austin Road West, Kowloon
Hong Kong

Christopher Wong
Director

Schedule 1

Transferred Claims

Purchased Claim

100% of JPY30,685,346 (the outstanding amount under item 222 of Schedule 1 of the Proof of Claim as of 18th March, 2011) (converted into USD290,388.44 at the rate of USD1=JPY105.67, being the FRB Exchange Rate prevailing on 15th September, 2008)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal /Notional Amount | Coupon | Maturity | Clearstream Blocking Number | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| MTN 06935 JPY30,681,000 Notes linked to IHI Corp | XS0296787236 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY30,681,000 | 5.50% | 24th April, 2012 | CA36092 | JPY4,346 |

Schedule 1-1