UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                     :

In re                                      :          Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          08-13555 (JMP)

                        Debtors.          :          (Jointly Administered)

------------------------------------------------------------------x

**ORDER GRANTING SUPPLEMENTAL
APPLICATION OF THE DEBTORS PURSUANT
TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY
CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE TO AMEND THE ENGAGEMENT LETTER BETWEEN
THE DEBTORS AND LAZARD FRÈRES & CO. LLC AS INVESTMENT
BANKER TO THE DEBTORS, *NUNC PRO TUNC* TO JUNE 1, 2010**

Upon the supplemental application, dated October 15, 2010 [Docket No. 12041] (the "Supplemental Application"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to amend the engagement letter between the Debtors and Lazard Frères & Co. LLC ("Lazard"), *nunc pro tunc* to June 1, 2010, all as more fully described therein, and as modified by the amendment thereto, dated February 24, 2011 [Docket No. 14652] (the "Amendment"), and the third supplemental affidavit of Barry W. Ridings [Docket No. 12041] and the fourth supplemental declaration of Barry W. Ridings [Docket No. 14653] (collectively,

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Supplemental Application.

the "Affidavits"), in support thereof; and the Court being satisfied, based on the representations made in the Supplemental Application, the Amendment and the Affidavits that (a) Lazard does not hold or represent an interest adverse to the Debtors' estates, and (b) Lazard is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction to consider the Supplemental Application and Amendment and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Supplemental Application and Amendment and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application and Amendment having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Supplemental Application, as modified by the Amendment, is approved as set forth herein; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to enter into the Modified Engagement Letter to amend the Engagement Letter effective *nunc pro tunc* to June 1, 2010; and it is further

ORDERED, that Lazard shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"), and the Third Amended Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165]; and it is further

ORDERED, that Lazard shall be reimbursed only for reasonable and necessary expenses as provided by the Fee Guidelines; and it is further

ORDERED, that Lazard is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category (if applicable), of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested; and it is further

ORDERED that the United States Trustee retains all rights to object to Lazard's interim and final fee applications (including without limitation any Monthly

3

Fees and any fees paid in connection with a LAMCO Sale) on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final applications pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Supplemental Application or Amendment, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
       March 22, 2011

                                                  *s/ James M. Peck*
                                                Honorable James M. Peck
                                                United States Bankruptcy Judge