**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re                                                        :        **Chapter 11**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **Case No. 08-13555 (JMP)**
                                                             :
            **Debtors.**                                     :        **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x
                                                             :
In re                                                        :
                                                             :
**LEHMAN BROTHERS INC.**                                     :        **Case No. 08-01420 (JMP) SIPA**
                                                             :
            **Debtor.**                                      :
                                                             :
-------------------------------------------------------------x

**SECOND STIPULATION AND AGREED ORDER WITH RESPECT TO**
**PRESERVATION OF CERTAIN RECORDS RELATING TO THE**
**INVESTMENT MANAGEMENT DIVISION**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in

possession (each a "Debtor," and collectively, the "Debtors"), Neuberger Berman Group LLC

("NB"), James W. Giddens (the "SIPA Trustee"), the appointed trustee under the Securities

Investor Protection Act of 1970, as amended, for the administration of Lehman Brothers Inc.

("LBI"), and Barclays Capital Inc. ("Barclays" and together with the Debtors, the SIPA Trustee

and NB, the "Parties" and each a "Party"), by and through their respective attorneys, hereby

enter into this Second Stipulation and Agreed Order and represent and agree as follows:

**RECITALS**

WHEREAS, commencing on September 15, 2008 and periodically thereafter, the

Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on September 16, 2008, LBHI, LB 745 LLC, LBI, and Barclays entered into an asset purchase agreement for the purchase and sale of certain assets used in connection with the United States and Canadian investment banking and capital markets businesses of LBI and LBHI and matters related thereto (such agreement, as clarified and/or amended, the "Asset Purchase Agreement", and such assets, as described therein, the "Barclays Business").  On September 17, 2008, the Debtors filed a motion seeking, among other things, approval of the Asset Purchase Agreement;

WHEREAS, on September 19, 2008, a proceeding (the "SIPA Proceeding") was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa et seq., with respect to LBI and James W. Giddens was appointed as Trustee under the SIPA to administer LBI's estate;

WHEREAS, on September 20, 2008, the Court entered a sale order (the "Barclays Sale Order") approving the Asset Purchase Agreement.[1]  On September 20, 2008, the Court also entered a concurrent order thereby authorizing the Trustee to consummate the sale transaction on behalf of LBI pursuant to the Asset Purchase Agreement;[2]

WHEREAS, the Barclays Sale Order provides at paragraph 31, that

> Subject to further order of the Court, the Seller and [Barclays] are hereby ordered to take appropriate measures to maintain and preserve, until the consummation of any chapter 11 plan for the Debtors, the books and records and any other documentation, including tapes or other audio or digital recordings and data in or retrievable from computers or servers, relating to or reflecting the records held by it or its Affiliates relating to

---

[1]     Case No. 08-13555 (JMP) [Docket No. 258].

[2]     Case No. 08-1420 (JMP) [Docket No. 3].

the [Barclays] Business, including the accounts, property and trading records of the customers of the Seller.  In addition, the Debtors and Committee shall promptly identify reasonable procedures for preserving information in the Seller or [Barclay's] possession related to potential tax or financial audits of, government investigations of, or claims against Seller, as well as any claims that Debtors may have against third parties, and the Seller and [Barclays] shall maintain and reserve such information, subject to further order of the Court until the consummation of any chapter 11 plan for the Debtors;[3]

WHEREAS, on December 22, 2008, the Court entered an order (the "<u>NB Sale Order</u>") approving, *inter alia*, the sale of the Lehman investment management business (the "<u>NB Business</u>") from LBHI to NBSH Acquisition, LLC, a Delaware limited liability company formed by certain senior managers (other than portfolio managers) of NB ("<u>NBSH</u>");[4]

WHEREAS the NB Sale Order provides in Paragraph 26 that

[T]he Debtors and the [NBSH] are hereby ordered to take appropriate measures to maintain and preserve, until the consummation of any chapter 11 plan for the Debtors, the books and records and any other documentation, including tapes or other audio or digital recordings and data in or retrievable from computers or servers, relating to or reflecting the records held by it or its Affiliates relating to the [NB] Business, including the accounts, property and trading records of the customers of the Sellers.  In addition, the Debtors and Creditors' Committee shall promptly identify reasonable procedures for preserving information in the Debtors' or [NBSH's] possession related to potential tax or financial audits of, government investigations of, or claims against the Debtors, as well as any claims that the Debtors may have against third parties, and the Sellers and [NBSH] shall maintain and reserve such information, subject to further order of the Court until consummation of any chapter 11 plan for the Debtors;[5]

---

[3]    Case No. 08-13555 (JMP) [Docket No. 258].

[4]    Case No. 08-13555 (JMP) [Docket No. 2350].

[5]    <u>Id</u>.

WHEREAS, on May 18, 2010, the Bankruptcy Court approved the So Ordered Stipulation and Agreed Order With Respect to Certain Records Relating to the Investment Management Division ("First Stipulation and Order") [*Docket No. 9253*];

WHEREAS, pursuant to the First Stipulation and Order, certain hard-copy documents that had been maintained by Iron Mountain Intellectual Property Management, Inc. ("Iron Mountain") pursuant to the Iron Mountain contract that was assumed and assigned to Barclays pursuant to the Asset Purchase Agreement (the "Iron Mountain Contract") under customer identification numbers C2200, J4376, LBPFA, PF036, and SF336 have been transmitted by Barclays to NB;

WHEREAS, certain additional hard-copy documents still maintained by Iron Mountain pursuant to the Iron Mountain Contract appear to relate solely to the NB Business, namely (i) approximately 1,672 cartons stored under customer identification numbers LBLP and G6728; (ii) approximately 17 cartons bearing bar codes 26081244, 260812445, 260812446, 260812447, 260812448, 260812449, 260812450, 260812451, 260813600, 297721428, 562189833, 562189834, 562189835, 562189836, 562189837, 562189838, 562189839 stored under customer identification number JR101; and (iii) approximately 5 cartons bearing bar codes 450882026, 450882027, 450882028, 450882029, 450882030 stored under customer identification number B196 (collectively, the "Additional Neuberger Documents");

WHEREAS, NB currently does not have direct access to the Additional Neuberger Documents, and prefers to have direct access and control over the Additional Neuberger Documents for the operation of the NB Business;

WHEREAS, the Parties have reached an agreement with respect to the possession and preservation of the Additional Neuberger Documents.

**IT IS HEREBY STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.       Barclays will transmit the Additional Neuberger Documents to NB, which documents NB will thereafter preserve and maintain in accordance with the NB Sale Order. Following such transmittal, Barclays shall have no further obligations with respect to the Additional Neuberger Documents, whether under the Barclays Sale Order or otherwise. Following such transmittal, to the extent that Barclays reasonably believes that any documents relating to the Barclays Business have been commingled with the Additional Neuberger Documents, or the Trustee reasonably believes that any documents relating to the LBI business have been commingled with the Additional Neuberger Documents, or the Debtors reasonably believe that any documents relating to the Debtors have been commingled with the Additional Neuberger Documents, NB shall provide the Trustee, Barclays or the Debtors reasonable access to such documents upon request.

2.       For the avoidance of doubt, nothing herein constitutes or shall be construed as any modification or amendment to the Barclays Sale Order.  For the further avoidance of doubt, and notwithstanding anything else contained herein to the contrary, each of the Parties' rights and defenses with respect to any other claims each might have against the other are fully preserved, including without limitation, any rights, defenses and/or counterclaims asserted in connection with or related to the following shall be fully preserved: (i) the Motion of Debtor to Modify the September 20, 2008 Sale Order and Granting Other Relief (Case No. 08-13555, Docket No. 5148); (ii) the Motion of the Trustee for Relief Pursuant to the Sale Orders or, Alternatively, for Certain Limited Relief Under Rule 60(b) (Case No. 08-01420, Docket No. 1682); (iii) the Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., Authorizing and Approving (A) Sale of Purchased Assets Free and Clear of Liens and Other

5

Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases,

Dated September 20, 2008 (and Related SIPA Sale Order) and Joinder in Debtors and SIPA

Trustees' Motions for an Order Under Rule 60(B) to Modify Sale Order (Case No. 08-13555,

Docket No. 5169; Case No. 08-01420, Docket No. 1686); (iv) all joinders thereto and the related

adversary proceedings;[6] and (v) the Motion of Barclays Capital Inc. to Enforce the Sale Order

and Secure Delivery of All Undelivered Assets (Case No. 08-13555, Docket No. 6814; Case No.

08-1420, Docket No. 2581).

3.      Each person who executes this Stipulation and Agreed Order on behalf of a Party

hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order

on behalf of such Party.

4.      This Second Stipulation and Agreed Order may be executed with counterparty

signature pages in multiple counterparts, each of which shall be deemed an original but all of

which together shall constitute one and the same instrument.  The Parties agree that this

Stipulation and Agreed Order may be executed via facsimile or e-mail transmission and that this

Stipulation and Agreed Order executed in such manner shall have full legal force.

5.      This Second Stipulation and Agreed Order may only be amended or otherwise

modified by a signed writing executed by the Parties.

6.      This Second Stipulation and Agreed Order shall be interpreted, construed and

enforced exclusively in accordance with the laws of the State of New York, except to the extent

that the Bankruptcy Code or SIPA applies.

7.      The Court shall retain jurisdiction to resolve any disputes or controversies arising

from or related to this Second Stipulation and Agreed Order.

---

[6] The adversary proceedings are: Adv. Pro. 09-01732 (JMP), Adv. Pro. 09-01731 (JMP) and Adv. Pro. 09-01733
(JMP), respectively.

6

**AGREED TO:**

Dated: March 3, 2011
    New York, New York

/s/ Shai Y. Waisman                            /s/ Lindsee P. Granfield
Shai Y. Waisman                                 Lindsee. P. Granfield, Esq.
                                               Lisa M. Schweitzer, Esq.

WEIL, GOTSHAL & MANGES LLP         CLEARY GOTTLIEB STEEN &
767 Fifth Avenue                               HAMILTON LLP
New York, New York 10153              One Liberty Plaza
Telephone:  (212) 310-8000             New York, NY 10006
Facsimile:  (212) 310-8007               Telephone:  (212) 225-2000
                                               Facsimile:  (212) 225-3999

*Attorneys for the Debtors and*          *Attorneys for Barclays Capital Inc.*
*Debtors in Possession*


/s/ Jeffrey S. Margolin                       /s/ Jeffrey W. Levitan
James B. Kobak, Jr., Esq.              Jeffrey W. Levitan, Esq.
Jeffrey S. Margolin, Esq.

HUGHES HUBBARD & REED LLP        PROSKAUER ROSE LLP
One Battery Park Plaza                 Eleven Times Square
New York, New York 10004            New York, NY 10036
Telephone: (212) 837-6000             Telephone: (212) 969-3000
Facsimile: (212) 422-4726              Facsimile: (212) 969-2900

*Attorneys for James W. Giddens, Trustee*  *Attorneys for Neuberger Berman Group*
*for SIPA Liquidation of Lehman*         *LLC*
*Brothers Inc.*


**SO ORDERED:**

Dated:  New York, New York
       March 22, 2011

                              *s/ James M. Peck*
                              Honorable James M. Peck
                              United States Bankruptcy Judge