**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                 :
In re                                            :   Chapter 11
                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,           :   Case No. 08-13555 (JMP)
                                                 :
                     Debtors.                    :   (Jointly Administered)
                                                 :
-----------------------------------------------------------------x
```

**STIPULATION, AGREEMENT AND ORDER**
**RESOLVING MOTION OF EDGEWOOD MANAGEMENT LLC**

Edgewood Management LLC ("Edgewood"), on behalf of itself and its client, Edgewood Growth Fund ("EGF"), and Lehman Brothers Holdings Inc. ("LBHI", and together with Edgewood and EGF, the "Parties"), by and through their respective attorneys, hereby stipulate as follows:

**RECITALS**

A. On September 15, 2008 (the "Commencement Date"), LBHI commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and has continued in the operation of its business and management of its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On August 5, 2008, LBHI wired $505,936.13 (the "Funds") from its account at Bank of America ("BofA") to EGF's account at UMB Bank ("UMB") pursuant to instructions provided by Edgewood (the "Initial Wire").

C. On August 7, 2008, UMB rejected the Initial Wire and sent it back to LBHI's account at BofA. On August 13, 2008, LBHI again wired the Funds to EGF's account at UMB. UMB retained the Funds.

   D. Subsequently, Edgewood determined that it provided LBHI with incorrect wire instructions.  Edgewood determined that LBHI should have been instructed to wire the Funds to EGF's account at U.S. Bank National Association ("U.S. Bank").

   E. Between August 18, 2008 and August 27, 2008, Edgewood requested that LBHI recall the Funds from UMB and wire the Funds to EGF's account at U.S. Bank.  LBHI agreed to do so, and, during the same time period, U.S. Bank provided LBHI with the proper wire instructions.

   F. On September 12, 2008, UMB wired the Funds to LBHI's account at BofA.  LBHI did not wire the Funds to EGF's account at U.S. Bank prior to the Commencement Date.

   G. On March 26, 2009, Edgewood filed a proof of claim (claim number 3533) (the "Claim") against LBHI on account of the Funds.

   H. On November 29, 2010, Edgewood, on behalf of its client, EGF, filed the Motion of Edgewood Management LLC Pursuant to 11 U.S.C. §§ 105 and 541 for an Order Directing Lehman Brothers Holdings Inc. to Release and Return Non-Estate Property [Docket No. 13063] (the "Motion") in the above-captioned case.

   I. The Parties desire to avoid costly litigation with respect to the Claim and the Motion and, following arms-length negotiation, have entered into this Stipulation, Agreement and Order.

IT IS HEREBY STIPULATED, AGREED AND ORDERED by and between the Parties, through their undersigned attorneys, that:

1. The Parties incorporate the Recitals herein as part of their agreement.

2. The terms and conditions of this Stipulation, Agreement and Order, and the Parties' respective obligations hereunder, shall be effective immediately upon the entry of a an order by the Court approving this Stipulation, Agreement and Order (the "Effective Date").

3. Within three (3) business days of the Effective Date, LBHI shall wire $400,000 (the "Settlement Payment") to Edgewood pursuant to the following instructions:

> USBank NA (USBKUS44)
> ABA: 042000013
> A/C: 112-950-027
> Attn: Global Operations

4. Upon Edgewood's receipt of the Settlement Payment, the Motion shall be deemed withdrawn.

5. Upon Edgewood's receipt of the Settlement Payment, the Claim shall be disallowed and expunged, and the LBHI shall be authorized to direct its claims agent to reflect such disallowance and expungement on the claims register in the above-captioned case.

6. Upon Edgewood's receipt of the Settlement Payment, Edgewood and EGF, and their agents, employees, principals, professionals, successors, and assigns shall be deemed to have waived and released any and all claims they may have against LBHI, its estate, and affiliates, and their successors and assigns with respect to the Funds, the Initial Wire, or the matters described in the Motion, the Claim, or herein.

7. Upon Edgewood's receipt of the Settlement Payment, LBHI, its estate, and affiliates, and their successors and assigns shall be deemed to have waived and released any

and all claims they may have against Edgewood and EGF, and their agents, employees, principals, professionals, successors, and assigns with respect to the Funds, the Initial Wire, or the matters described in the Motion, the Claim, or herein.

8. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

9. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

10. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

11. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

12. This Stipulation, Agreement and Order shall be governed by and interpreted in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflict of laws that would require the application of laws of another jurisdiction.

13. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: March 22, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Attorneys for Lehman Brothers Holdings Inc.

Dated: March 22, 2011
      New York, New York

/s/ Shaya M. Berger
Arnold Gulkowitz
Shaya M. Berger

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
(212) 277-6500

Attorneys for Edgewood Management LLC, on behalf of itself and its client, Edgewood Growth Fund

**SO ORDERED:**

Dated: New York, New York
     March 23, 2011

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge