**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
                                                                      :
**In re**                                                             :    **Chapter 11 Case No.**
                                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                          :    **08-13555 (JMP)**
                                                                      :
                          **Debtors.**                                :    **(Jointly Administered)**
                                                                      :
                                                                      :
----------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105
AND 363 OF THE BANKRUPTCY CODE FOR APPROVAL OF TWO
NOTE PURCHASE AGREEMENTS WITH THE INSOLVENCY
ADMINISTRATOR OF LEHMAN BROTHERS BANKHAUS AG (IN
INSOLVENZ)**

Upon the motion, dated March 2, 2011 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman") pursuant to sections 105 and 363 of the Bankruptcy Code, for approval of two note purchase agreements with the Insolvency Administrator of Lehman Brothers Bankhaus Aktiengesellschaft (*in Insolvenz*) [Docket No. 14743], all as more fully described in the Motion; and upon the Declaration of Daniel J. Ehrmann in support of the Motion, dated March 1, 2011 and attached as Exhibit E to the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and LBHI having filed on March 18, 2011 (i) that certain amendment to the SASCO Agreement[1] entered into as of March 17, 2011 between LBHI and the LBB InsAdmin (the "<u>SASCO Amendment</u>"), and (ii) that certain amendment to the Plan Settlement Agreement entered into as of March 17, 2011 among the Debtors and certain of their non-debtor affiliates on the one hand, and the LBB InsAdmin on the other [Docket No. 15181]; and a hearing having been held to consider the relief requested in the Motion on March 23, 2011 (the "<u>Hearing</u>"); and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, all as set forth in the record of the Hearing; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that objections, if any, to the Motion, that have not been resolved or withdrawn, are overruled; and it is further

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

ORDERED that, the Court having determined and found that the proposed transactions set forth in the Note Purchase Agreements and the SASCO Amendment are reasonable and appropriate, and consummation of the transactions contemplated by the Note Purchase Agreements and the SASCO Amendment are in the best interests of LBHI and its estate, the Motion is granted; and it is further

ORDERED that pursuant to sections 105 and 363(b) of the Bankruptcy Code, the Note Purchase Agreements and the SASCO Amendment are approved and LBHI is duly authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Note Purchase Agreements and the SASCO Amendment and perform any and all obligations contemplated therein; and it is further

ORDERED that (1) nothing contained in the Motion or this Order shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of any of LBHI, Lehman Commercial Paper Inc. ("LCPI") or its or their parties in interest may have or choose to assert on behalf of their respective estates solely with respect to the acquisition or ownership of the Purchased Notes as between LBHI and LCPI, and the allocation of the costs, claims and obligations relating thereto, under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each other, and in the event an estate or its parties in interest assert any such right, claim, interest, obligation, benefit or obligation, any and all rights, remedies, defenses and claims of the other estate and its parties in interest shall be available without limitation; (2) the parties are authorized to execute such further documentation, if any, that may be necessary to reflect said reservation of rights; and (3) the rights of said

Debtors or their parties in interest to seek to resolve, pursuant to a chapter 11 plan or plans in these cases or in connection with a contested matter or an adversary proceeding, any disputes among said Debtors or their parties in interest relating to the foregoing matters are fully reserved; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Agreement.

Dated: New York, New York
       March 23, 2011

                                              *s/ James M. Peck*
                                              Honorable James M. Peck
                                              United States Bankruptcy Judge

4