Linda Neufeld                                                                                      Case No. 08-13555
1 – 5765 Turner Road                                                                               Chapter 11
Suite # 271
Nanaimo, BC
Canada    V9T 6M4


March 10, 2011


The Honorable James M. Peck
United States Bankruptcy Court
One Bowling Green
New York, NY   10004
Courtroom:   601


Dear Judge James M. Peck:


RE:             LEHMAN BROTHERS HOLDINGS INC., et al., Debtors


JOINDER OF LINDA NEUFELD IN THE RESPONSE OF

STEPHEN C. RESTELLI

TO THE DEBTORS EIGHTY-SECOND OMNIBUS OBJECTION

TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)


I, Linda Neufeld, am a Holder of LBHI Capital Trust Preferred Securities ("LBHI Capital Trusts") and

I have a Claim Value of approximately $ 1,300,500.00.

I hereby join in the "Response of Stephen C. Restelli to the Debtors Eighty-Second Omnibus Objection

to Claims (Duplicative of Indenture Trustee Claims)" [Docket No. 14608], and in support thereof I

respectfully state the following reasons:

- 2 -

1. I also agree that the Proof of Claim filed by Mr. Restelli is not duplicative of the Claim Nos. 21803 and 22122 filed by The Bank of New York Mellon in its capacity as Successor Indenture Trustee.

   Since Mr. Restelli's Proof of Claim No. 25478 is based upon the Guarantee and the Guarantee Agreement for the LBHI Capital Trusts – which The Bank Of New York Mellon waived in its Proof of Claim filings – then Mr. Restelli's Proof of Claim can only be duplicative of a Guarantee Trustee's Claim.

   I have reviewed another Chapter 11 Case – Washington Mutual Inc. – and I found that the Successor Indenture/Guarantee Trustee – in that Case – for WMI Capital Trust Holders states clearly in the Attachment to its Proof of Claim that its Proof of Claim was made in its capacity as Successor Indenture Trustee and Successor Guarantee Trustee.  And that its Proof of Claim is based upon (i)  the Indenture, (ii)  the Guaranty, (iii)  the Trust Agreement, (iv)  the Succession Agreements, …..................... and a few other Agreements.

   In contrast, the Successor Trustee/BNYM for the LBHI Capital Trust Holders makes no mention of the Guarantee, the Guarantee Agreement, the Trust Agreement, the Succession Agreement or its capacity as Successor Guarantee Trustee in the Attachment to its Proof of Claims.

- 3 -

On Page 11 of the Guarantee Agreement it states the following: "There shall be at all times a Guarantee Trustee ..........................".

I think it is quite dismaying for the Successor Trustee/BNYM to waive the Guarantee, the Guarantee Agreement and itself as Successor Guarantee Trustee and in this respect I think it is prudent for Mr. Restelli to oppose having his Proof of Claim No. 25478 expunged. And to pray the Court will allow his Proof of Claim to stand as properly and lawfully submitted in good faith.

2. I also agree with Mr. Restelli that since the Successor Trustee/BNYM failed to mail out Notices of a Guarantee/Indenture Event of Default within 90 days after the occurrence – to the Holders it represents – and in compliance with Page 6 of the Guarantee Agreement and Section 315 (b) of the Trust Indenture Act – Mr. Restelli should have the right to represent himself in good faith.

3. I also agree with Mr. Restelli that a Conflict of Interest may be an issue with the Indenture/Guarantee Trustee – The Bank of New York Mellon – as a member of the Official Creditors' Committee and serving at least 3 masters.

In addition to representing the LBHI Subordinated/Junior Subordinated Note Holders, the BNYM is also the Indenture Trustee for LBI Senior Subordinated Note Holders and it is my understanding that the same Trustee has filed a Third-Party Guarantee Claim against LBHI on behalf of the LBI Note Holders.

- 4 -

In review of the Debtors' initial Disclosure Statement – filed April 14, 2010 – and the Debtors' new Revised Disclosure Statement – filed January 25, 2011 – I noticed there are significant changes in the treatment of the Claims of the LBHI Subordinated/Junior Subordinated Note Holders.

In the initial Disclosure Statement – filed April 14, 2010 – the Claims of LBHI Subordinated/Junior Subordinated Note Holders were placed in Class 5 and subordinated only to Class 3 – LBHI Senior Note Holders – and of which Class 3 had a Plan Estimated Claim Amount of $ 83,723,000,000.00.

Also in the initial Disclosure Statement the Claims of LBI Senior Subordinated Note Holders were placed in Class 7Q – "Third-Party Guarantee Claims for which LBI is the Primary Obligor on the corresponding Primary Claims" – and did not rank Senior to Class 5 Note Holders.

In the Debtors' new Revised Disclosure Statement the Claims for the LBHI Subordinated/Junior Subordinated Note Holders have been divided into 3 Classes – 10A, 10B and 10C. And are now subordinated to additional Senior Classes that did not exist in the Debtors' initial Disclosure Statement.

Class 10A comprises of Claims of both LBHI Subordinated Note Holders and LBHI Junior Subordinated Note Holders, and ranks Senior to the Claims of

- 5 -

LBHI Subordinated Note Holders in Class 10B and are now subordinated to an additional 1 Senior Class and an additional $ 12,689,000,000.00 in Claims.

On the other hand the Claims for the LBHI Subordinated Notes – which the LBHI Capital Trusts Holders have a beneficial ownership interest in – are now in Class 10 B and are now subordinated to an additional 4 Senior Classes and an additional whopping $ 75,589,000,000.00.

One of the new Senior Classes which the Claims of Class 10B are now newly subordinated to is Class 5A – Senior Third-Party Guarantee Claims – which includes the Claims of LBI Senior Subordinated Note Holders – filed by the same Indenture Trustee/BNYM representing Class 10B.

What this means is that a portion of Class 10B's pro rata share of distributions will now be reallocated to LBI Senior Subordinated Note Holders under the care of the same Indenture Trustee/BNYM.

If this is not a clear Conflict of Interest then certainly it has a clear appearance of a Conflict of Interest – especially in light of the fact the Debtors have stated that their new Revised Plan/Disclosure Statement has the support of the Official Creditors' Committee – of which the Indenture Trustee/BNYM is a member.

Has the BNYM had any communication with the LBI Senior Subordinated Note Holders that it has not had with the Classes 10A, 10B and 10C Note Holders?

- 6 -

In summary – the Successor Indenture/Guarantee Trustee/BNYM has failed in the following ways:

1. To comply with the Guarantee Agreement and Trust Indenture Act and to mail out to the LBHI Capital Trust Holders it represents a Notice of an Indenture/Guarantee Event of Default within 90 days after the occurrence.

2. To file Proofs of Claims for the LBHI Capital Trust Holders based on the Full and Unconditional Guarantee and in its capacity as Successor Guarantee Trustee.

3. Has agreed to – I am presuming – a new Revised Disclosure Statement that subordinates the Claims of Class 10B to LBI Senior Subordinated Note Holders and to an additional 4 Senior Classes and to an additional whopping $ 75,589,000,000.00 in Claims.

I, Linda Neufeld, therefore respectfully request that the Court consider the merits of the Response of Stephen C. Restelli and determine if there is a Conflict of Interest with the Indenture Trustee/BNYM serving at least 3 masters as a member of the Official Creditors' Committee.

Respectfully,

Linda Neufeld

## CERTIFICATE OF SERVICE

I, Linda Neufeld, hereby certify that service of the foregoing "Joinder of Linda Neufeld in the Response of Stephen C. Restelli to the Debtors Eighty-Second Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims)" was made on March 10, 2011 by First Class Canada Post Mail, upon the following parties:

(i) Office of the US Trustee  
33 Whitehall Street  
21st Floor  
New York, NY  10004  

Attn: Elisabeth Gasparni, Esq.  
Andrea Schwartz, Esq.

(ii) Milbank Tweed Hadley & McCloy LLP  
1 Chase Manhattan Plazza  
New York, NY  10005  

Attn: Dennis F. Dunne, Esq.  
Dennis O'Donnell, Esq.  
Evan R. Fleck, Esq.

(iii) Weil Gotshal & Manges LLP  
767 Fifth Avenue  
New York, NY  10153  

Attn: Shai Waisman, Esq.  
Mark Bernstein, Esq.

Date _____March 10, 2011_____            _____Linda Neufeld_____