**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
In re                                                              :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :   08-13555 (JMP)
                                                                   :
                  Debtors.                                         :   (Jointly Administered)
                                                                   :
-------------------------------------------------------------------x

**STIPULATION,**
**AGREEMENT AND ORDER BETWEEN BNC MORTGAGE**
**LLC AND HSBC BANK USA, N.A., AS TRUSTEE, PROVIDING FOR**
**LIMITED RELIEF FROM THE AUTOMATIC STAY WITH REGARD TO REAL**
**PROPERTY LOCATED AT 499 EAST 29TH STREET, BROOKLYN, NEW YORK**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by and between BNC Mortgage LLC ("BNC") and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), and HSBC Bank USA, N.A., as trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2005-HE3, Asset Backed Pass-Through Certificates with respect to the real property located at 499 East 29th Street, Brooklyn, New York only ("HSBC").

**RECITALS**

      A.    On September 15, 2008 and periodically thereafter Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

      B.     BNC, an indirect subsidiary of LBHI, commenced its chapter 11 case on January 9, 2009 (the "Commencement Date").

      C.     On or about November 25, 2005, Lucienne Lombard (the "Plaintiff") commenced an action (the "Action") in the Supreme Court of the State of New York, County of Kings [Index No. 36016/05] by filing a complaint (the "Complaint").[1] The Complaint names Farhaad Yacoob ("Yacoob"), Nadia Yacoob, Guaranteed Home Mortgage Company Inc., Berkshire Financial Group, Inc., First National Bank Of Nevada, Residential Funding Corporation, Benjamin Jacob Turner, Atara Hirsch-Twersky, Jonathan G. Mason-Kinsey, Chicago Title Insurance Company, Decision 2000 Real Estate Services, Inc., Augusta Uwechue, Spaulding Properties, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"), HSBC (collectively, the "Non-Lehman Defendants") and Finance America, LLC ("Finance America") as defendants.

      D.     Finance America was merged into BNC on or about December 31, 2005.

      E.     The Complaint asserts that, on February 15, 2005, Yacoob and MERS, as nominee for Finance America, entered into an agreement pursuant to which Finance America granted Yacoob a mortgage secured by certain real property located at 499 East 29th Street, Brooklyn, New York (the "Property") in the original principal amount of $450,000 (the "Mortgage"). The Complaint further asserts that on July 30, 2005, MERS, as nominee for Finance America, assigned the Mortgage to HSBC.

---

[1] The Complaint is captioned Lucienne Lombard v. Farhaad Yacoob, Nadia Yacoob, Guaranteed Home Mortgage Company Inc., Berkshire Financial Group, Inc., First National Bank of Nevada, Residential Funding Corporation, Benjamin Jacob Turner, Atara Hirsch-Twersky, Jonathan J. Mason-Kinsey, Chicago Title Insurance Company, Decision 2000 Real Estate Services, Inc., Augusta Uwechue, Spaulding Properties, Inc., Finance America, LLC and Mortgage Electronic Registration Systems, Inc., as Nominee for Finance America, HSBC Bank USA, N.A., as Trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2005-HE3, Asset Backed Pass-Through Certificates.

F.  With respect to Finance America, the Complaint seeks a declaration that the Mortgage and the assignment of the Mortgage from Finance America to HSBC are null and void *ab initio*.

G.  On July 2, 2009, this Court entered an order (the "Bar Date Order") establishing September 22, 2009 as the deadline for parties to file proofs of claim against BNC and many of the other Debtors [Docket No. 4271].

H.  The Debtors have conducted a diligent search of the claims registry maintained by Epiq Bankruptcy Solutions, LLC, the Debtors' court-approved claims and noticing agent, and did not locate any proofs of claim filed by or on behalf of the Plaintiff or the Non-Lehman Defendants against BNC, nor are the Plaintiff or the Non-Lehman Defendants listed on BNC's schedules of assets and liabilities [Docket No. 3054].[2]

I.  The Debtors have conducted a diligent search of their records and have been unable to locate a record of any of the Debtors or their non-Debtor affiliates holding an interest in the Mortgage or the Property. The Debtors do not, however, have complete records for Finance America.

J.  While HSBC did not initiate the Action, it has nevertheless requested relief from the automatic stay to resume the Action and, as appropriate, exercise its rights under state law with respect to the Property.

---

[2] HSBC Mortgage Services Inc., f/k/a Household Financial Services, Inc. ("HSBC Mortgage Services"), an affiliate of HSBC, filed a claim against BNC arising out of (i) a Flow Loan Purchase Agreement between BNC and HSBC Mortgage Services, and (ii) a Bulk Continuing Loan Purchase Agreement between HSBC Mortgage Services and Finance America (the "Claim") [Claim No. 4521]. The Mortgage is not among the enumerated mortgage loans that are the subject of the Claim.

K.  In light of the foregoing, and to assure HSBC that it may exercise its rights with respect to the Property, BNC and HSBC (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, on the terms set forth below.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** by and between BNC and HSBC through their undersigned attorneys, that:

1.  This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.  2.  Upon the Effective Date, relief from the automatic stay is granted to allow the Action to proceed against all parties, including Finance America; provided however, that the automatic stay shall not be modified with respect to any claims, cross-claims, interests, benefits or remedies of any kind whatsoever, whether known or unknown, that the HSBC now has, may have had, or may in the future have against BNC, its affiliates, successors and assigns, including, without limitation, those arising out of or otherwise related to the Property. The Parties expressly reserve any and all claims, cross-claims, interests, benefits or remedies of any kind whatsoever, whether known or unknown, that each Party may have against the other, including BNC's right to argue that any claim by HSBC is barred by the Bar Date Order.

3.  Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4.  This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

4

5. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

6. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

7. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: March 10, 2011
      Melville, New York

/s/ Kevin Balfe
Kevin Balfe

BALFE & HOLLAND, P.C.
135 Pinelawn Road
Suite 125 North
Melville, New York 11747

Attorneys for HSBC Bank USA, N.A., as Trustee for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2005-HE3, Asset Back Passed-Through Certificates

Dated: March 11, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
March 24, 2011

    *s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge