Hearing Date and Time:  March 31, 2011 at 10:00 a.m. (prevailing Eastern Time)

James C. Moore, Esq.
Law Office of James Moore
1600 Bausch & Lomb Place
Rochester, NY 14604-2711
Tel:  (585) 231-1124
Fax:  (585) 232-2152
E-Mail: **JCMOORE1939@GMAIL.COM**
*Attorney for the Van der Hart Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>LEHMAN BROTHERS HOLDINGS, INC., ET AL<br><br>DEBTORS. | CHAPTER 11<br><br>CASE NO. 08-13555 (JMP)<br><br>(JOINTLY ADMINISTERED) |

**RESPONSE OF THE VAN DER HART CREDITORS**
**TO DEBTORS' EIGHTY-SIXTH AND EIGHTY-NINTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Maria Clara Xavier Rocha Gomes Van der Hart, Rui Manuel Dias Moura Teixeira, Antonio Manuel Coelho Affonso de Barros, Fundación Rafael del Pino, Miguel Lopes de Sousa and Antonio Manuel Coutinhas Da Silva Ferreira (collectively, the "Van der Hart Creditors"), by and through their undersigned attorney, hereby file this response (the "Response") to the eighty-sixth [Docket No. 14440] and eighty-ninth [Docket No. 14452] omnibus objection to claims, each dated February 11, 2011 (together, the "Objections"), filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned case (together with LBHI, the "Debtors") and respectfully represent as follows:

**Background**

1. The Van der Hart creditors timely filed proofs of claim related to the Preferred Securities (as defined below) as follows:

| CREDITORS | CLAIM NUMBERS | DATE OF FILING | AMOUNT CLAIMED |
|---|---|---|---|
| Maria Clara Xavier Rocha Gomes Van der Hart | 44654 | 10-23-09 | $70,755.00 |
| Rui Manuel Dias Moura Teixeira | 44686 | 10-23-09 | $137,234.32 |
| Antonio Manuel Coelho Affonso de Barros | 49837 | 10-27-09 | $44,754.00 |
| Fundación Rafael del Pino | 57540 | 10-30-09 | $2,762,457.39 |
| Miguel Lopes de Sousa | 41969 | 10-19-09 | $71,931.00 |
| Antonio Manuel Coutinhas Da Silva Ferreira | 55255 | 10-29-09 | $92,000.00 |
| Antonio Manuel Coutinhas Da Silva Ferreira | 55254 | 10-29-09 | $58,444.00 |

2. Specifically, the Van der Hart Creditors filed proofs of claim related to certain Fixed Rate to CMS-Linked Guaranteed Non-Voting Non-Cumulative Perpetual Preferred Securities (the "CMS-Linked Securities"), issued by Lehman Brothers UK Capital Funding LP and guaranteed by Lehman Brothers Holdings plc ("LBH plc"), with ISIN XS0215349357.  A copy of the prospectus for the CMS-Linked Securities is attached hereto as Exhibit A.

3. In addition, Antonio Manuel Coutinhas Da Silva Ferreira ("Antonio") also filed one proof of claim related to certain Fixed Rate Guaranteed Non-Voting Non-Cumulative Perpetual Preferred Securities, issued by Lehman Brothers UK Capital Funding II L.P. and guaranteed by LBH plc, with ISIN XS0229269856 (the "Fixed Rate Securities" and together with the Fixed Rate Securities, the "Preferred Securities") held by Antonio.  A copy of the prospectus for the Fixed Rate Securities is attached hereto as Exhibit B.  The proof of claim filed by Antonio with respect to the Fixed Rate Securities was assigned claim number 55254.

4. The Preferred Securities match the description of securities included in the list of Lehman Program Securities (as defined in the Bar Date Order) which the Debtors published on

805938_1

_____"), pursuant to this Court's order setting forth procedures and deadlines for filing proofs of claim in these chapter 11 cases, dated July 2, 2009 [Docket No. 4271](the "Bar Date Order").  A copy of the LPS List is attached hereto as Exhibit C.  With respect to both the Fixed Rate Securities and CMS-Linked Securities, the LPS List makes reference to a "Company Guaranty" in the "Description" column.  *See* LPS List, 74. The ISIN numbers for the Fixed Rate Securities and CMS-Linked Securities are also listed separately on the LPS List without further description.  *Id.*

5. On February 11, 2011, the Debtors filed the Objections.  The Objections acknowledge that the Preferred Securities are guaranteed by LBH plc.  *See* Objections, ¶11. Nevertheless, the Debtors seek entry of orders expunging the Van der Hart Creditors' claims on account of the fact that "the Debtors have no liability because Van der Hart Creditors' claims seek to recover for Preferred Securities that were neither issued nor guaranteed by the Debtors." *Id.* at ¶¶11-13.

### Argument

6. Contrary to the Debtors' assertions in the Objections, there does exist a board resolution guarantee issued by LBHI which supports the Van der Hart Creditors' claims.  On June 9, 2005, LBHI adopted certain resolutions, a copy of which is attached hereto as Exhibit D (the "LBHI Resolutions"), by the unanimous written consent of the Executive Committee of the Board of Directors of LBHI.  The LBHI Resolutions provide, among other things, that "[LBHI] hereby *fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto*, each of which shall be a Guaranteed Subsidiary for purposes of [LBHI's Code of Authorities]."  LBH plc is a LBHI subsidiary identified on Schedule A to the LBHI Resolutions.  *See* Exhibit A to the LBHI Resolutions.

7. In addition, the recitals to the LBHI Resolutions indicate that holders of claims against the entities set forth on Schedule A to such resolutions are intended third-party beneficiaries. The recitals specify that one of the purposes of the LBHI Resolutions is "to clarify that [LBHI's] guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction." Pursuant to the LBHI Resolutions, LBH plc is a Guaranteed Subsidiary for the purposes of LBHI's Code of Authorities.

8. The Van der Hart Creditors respectfully submit that the recitals were intended to represent and clarify to counterparties to transactions with the LBHI affiliates specified on Schedule A to the LBHI Resolutions, and to holders of securities issued by such affiliates, that a transaction-specific or security-specific guarantee by LBHI is not necessary because such transaction counterparties or security holders are the intended beneficiaries of the LBHI Resolutions.

9. The Debtors have not asserted in their Objections that holders of claims based on the Preferred Securities are not third-part beneficiaries of the LBHI Resolutions or otherwise not entitled to assert claims based upon the LBHI Resolutions. Moreover, by including the Preferred Securities in the LPS List and including descriptions which specify that the Preferred Securities have been included in the LPS List because of a guarantee, the Debtors have acknowledged that holders of such securities possess valid guarantee claims against LBHI. Therefore, the Objections should be overruled with respect Van der Hart Creditors' claims.

10. Alternatively, the Van der Hart Creditors should be given the opportunity to conduct discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to obtain other

-4-

805938_1

WHEREFORE, the Van der Hart Creditors respectfully request that the Court deny the Objections with respect to the Van der Hart Creditors' claims and grant the Van der Hart Creditors such other and further relief as the Court deems just and proper.

Dated: March 25, 2011
       Rochester, NY

Respectfully submitted,

/s/ James C. Moore
James C. Moore, Esq.
Law Office of James Moore
1600 Bausch & Lomb Place
Rochester, NY 14604-2711
Tel: (585) 231-1124
Fax: (585) 232-2152
E-Mail: **JCMOORE1939@GMAIL.COM**

*Attorney for the Van der Hart Creditors*