UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                             :   Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :   08-13555 (JMP)
                                                  :
            Debtors.                              :   (Jointly Administered)
                                                  :
                                                  :
---------------------------------------------------------------x

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.   TO:         Appaloosa Management L.P. ("Transferor")
                 51 JFK Parkway, 2nd Floor
                 Short Hills, NJ 07078
                 email: r.moore@amlp.com

2.   Please take notice that a portion of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 58881 (attached as Exhibit A hereto), has been transferred to:

                 Barclays Bank PLC ("Transferee")
                 745 Seventh Avenue
                 New York, NY 10019
                 Telephone: (212) 412-2865
                 Email: daniel.crowley@barclayscapital.com
                        jessica.fainman@barclayscapital.com

     An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee.

3.   No action is required *if you do not object* to the transfer of your claim. However, **IF YOU OBJECT TO THE PARTIAL TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--   **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

     United States Bankruptcy Court
     Southern District of New York
     Attn: Clerk of Court
     Alexander Hamilton Custom House
     One Bowling Green
     New York, NY 10004-1408

--   **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

------------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2009.

INTERNAL CONTROL NO._____

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

_____<br>Deputy Clerk

# EXHIBIT A

[Proof of Claim]

08-13555-mg    Doc 15369    Filed 03/25/11    Entered 03/25/11 17:11:30    Main Document
Pg 3 of 19

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No 08-13555 (JMP) (Jointly Administered) |
|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000058881



**Note:** This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBVN Holdings, L.L.C.
c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attention: Andrew N. Rosenberg and Brian S. Hermann
1285 Avenue of the Americas
New York, New York 10019-6064

Telephone number: (212) 373-3000     Email Address: lbvn@lbvn.myhostedsolution.net

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

(same as above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number: _____     Email Address: _____

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ __In an amount no less than $30,000,000 (see attachment)__     (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): __XS0356065994__     (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

__6053411__     (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
__90014__     (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

Date: 10/30/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

LBVN Holdings, L.L.C.
By: Andrew N. Rosenberg as Agent

FILED / RECEIVED
OCT 3 0 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

### ATTACHMENT TO PROOF OF CLAIM OF LBVN HOLDINGS, L.L.C. AGAINST LEHMAN BROTHERS HOLDINGS INC.

1. Commencing on September 15, 2008 (the "Petition Date") and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI"), and certain of its subsidiaries (LBHI, together with such subsidiaries, the "Debtors"), filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

2. On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order") which, among other things, establishes November 2, 2009 at 5:00 pm (ET) as the deadline for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on any Lehman Program Security, as defined in the Bar Date Order and identified on the Debtors' website, against the Debtors (the "Securities Programs Bar Date").

3. LBVN Holdings, L.L.C. (the "Claimant") accordingly files this Lehman Securities Programs Proof of Claim (the "Proof of Claim") for various amounts owing to Claimant by LBHI in respect of Lehman Program Securities held by Claimant.[1] Specifically, as

---

[1] The Bar Date Order provides "claims based on any Lehman Program Security shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)." Bar Date Order at p. 14.

Doc#: US1:5798703v3

of the filing of this Proof of Claim, Claimant is the beneficial owner of the following Lehman Program Securities (the "LPS"):[2]

| International Securities Identification Number (ISIN) | Depository and Depository Blocking Reference Number | Accountholder and Depository Participant Account Number | Notional Amount of LPS in Issuing Currency as of September 15, 2008 | Notional Amount of LPS in U.S. Dollars as of September 15, 2008[3] |
|---|---|---|---|---|
| XS0356065994 | Clearstream Lux 6053411 | JP Morgan Account 90014 | $30,000,000 | $30,000,000 |

4. Lehman Brothers Treasury Co. B.V. ("LBT BV") issued the LPS. The LPS are in default and as of the filing of this Proof of Claim, Claimant has not received any payment from LBT BV on account thereof. A notice of acceleration with respect to the LPS has been delivered. LBHI has unconditionally guaranteed the full and punctual payment of all obligations related to the LPS. Accordingly, LBHI remains liable to Claimant for no less than USD 30,000,000 together with all accrued and unpaid interest and any other return due (the "Lehman Programs Securities Claim").

5. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time to restate the amount of the Lehman Programs Securities Claim based on the method ultimately used to value the Lehman Programs Securities referenced herein, including, without limitation, the ultimate determination of the applicable interest or coupon rate, and other return, on any Lehman Program Security. Additionally, nothing contained in this Proof of Claim shall prejudice or limit Claimant's right to receive any distribution with respect to the Lehman Programs Securities Claim based on the valuation methodology ultimately used to value any Lehman Program Security. Claimant reserves all of its rights with respect to the

---

[2] The Bar Date Order provides "persons or entities that file claims based on any Lehman Program Security are not required to attach or submit any documentation supporting any claim based on such Lehman Program Security." Bar Date Order at p. 14.

[3] The Bar Date Order provides that claims based on Lehman Program Securities be denominated in lawful currency of the United States using the exchange rate as applicable as of September 15, 2008. Bar Date Order at p. 13. The LPS were issued in U.S. Dollars.

2

calculation of and valuation methodology used to determine the amount of its Lehman Programs Securities Claim.

6. Claimant has filed this Proof of Claim under compulsion of the Bar Date Order and to protect the Claimant from forfeiture of Claimant's claims against the Debtors by reason of the Securities Programs Bar Date. Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional securities and transactions or grounds of liability.

7. The filing of this Proof of Claim is without prejudice to any previous, contemporaneous or future claims made by or on behalf of Claimant or any of its affiliates against LBHI or any of its affiliates in this or any other proceeding, including, without limitation, any proofs of claim that may be filed against LBT BV, Lehman Brothers Security Co. NV, or any other entity which issued Lehman Program Securities.

8. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, including without limitation to assert: (a) claims for interest, fees, penalties, charges, attorneys' fees and expenses accrued before or after the Petition Date; (b) claims for any distributions or rights to distributions arising from any of the securities identified herein (*e.g.*, dividends, coupons, warrants, etc.); and (c) any claims arising from the successful prosecution or settlement (if any) of any avoidance causes of action (or any other cause of action seeking recovery of payments made to, or setoffs or nettings effectuated by, Claimant) against Claimant whether or not related to or arising from the transactions and agreements set forth herein. Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any

other proceeding arising from or related to the claims described herein, including for treatment as provided in section 503(b) of the Bankruptcy Code.

9. Without limiting the rights otherwise asserted in this Proof of Claim, Claimant hereby preserves and reserves all rights of setoff against LBHI whether in respect of claims directly between Claimant and LBHI, claims between affiliates of Claimant and LBHI or claims between Claimant, or its affiliates, and affiliates of LBHI, including, without limitation, under sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 553, 555, 556, 559, 560 and 561 of the Bankruptcy Code, under any agreement or other instrument, under applicable non-bankruptcy law or otherwise.

10. In executing and filing this Proof of Claim, Claimant does not waive: (a) any obligation owed to Claimant under the securities and transactions identified herein; or (b) any past, present or future defaults and breaches related thereto by the Debtors or any of their affiliates with respect thereto. Claimant further does not waive (and this Proof of Claim shall not be deemed or construed to waive) any claims or right to assert any claims, or preserve any remedies, including setoff and recoupment, that Claimant has against any of the Debtors, Lehman Brothers Inc., Lehman Brothers International (Europe), LBT BV, or any other affiliates of the Debtors, whether arising from or related to transactions described herein or otherwise.

11. The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any

4

proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

12. All notices regarding this Proof of Claim should be sent to: LBVN Holdings, L.L.C., c/o Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Telephone number: (212) 373-3000, Attention: Andrew N. Rosenberg and Brian S. Hermann.

5

## POWER OF ATTORNEY

This Power of Attorney is being granted in connection with the filing of proofs of claim on behalf of the undersigned limited liability company (the "LLC") pursuant to that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order") entered in the bankruptcy cases of Lehman Brothers Holdings Inc. ("LBHI"), and certain of its subsidiaries (LBHI, together with such subsidiaries, the "Debtors") that filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Bar Date Order establishes November 2, 2009 at 5:00 pm (ET) as the deadline for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on any Lehman Program Security, as defined in the Bar Date Order and identified on the Debtors' website, against the Debtors (the "Securities Programs Bar Date"). Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Bar Date Order.

By its execution of this Power of Attorney, the undersigned irrevocably makes, constitutes and appoints Paul, Weiss, Rifkind, Wharton & Garrison, LLP ("Paul Weiss"), through its members Andrew N. Rosenberg and Brian S. Hermann, as its true and lawful agent and attorney in fact, with full power of substitution to the undersigned and full power and authority in its name, place and stead, to make, execute, sign, acknowledge, swear to, record and file proofs of claim (the "Proofs of Claim") on behalf of the LLC as required by the Bar Date Order and take any necessary actions incidental thereto including: (i) filing Proofs of Claim based on any Lehman Program Security owned by the LLC by completing, executing and filing any Securities Programs Proof of Claim Form on behalf of the LLC and in general to perform any act or to sign any instruments or documents for the undersigned in all matters arising in the Chapter 11 Cases with respect to the Proofs of Claim; (ii) executing and submitting all forms and other instruments deemed advisable by the undersigned to comply with the Bar Date Order, the Securities Programs Bar Date, and any other orders in the Chapter 11 Cases with respect to the Proofs of Claim; (iii) to receive any and all notices and other written communications with respect to the Proofs of Claim, including by electronic mail; and (iv) to receive any and all distributions and other payments made with respect to the Proofs of Claim on behalf of the LLC.

The foregoing power of attorney:

(i)  is coupled with an interest, shall be irrevocable and shall survive the incapacity or bankruptcy of the undersigned; and

Doc#: US1:5798072v4

(ii)    may be exercised by Paul Weiss solely by its members Andrew N. Rosenberg and Brian S. Hermann by signing separately as attorney in fact for the undersigned.

This Power of Attorney shall not revoke any power of attorney that has been previously granted by the undersigned to any other Person.

For clarity, this Power of Attorney shall not be deemed to be revoked by any power of attorney that may be granted by the undersigned to any other Person after the date hereof, unless any such subsequent power of attorney specifically refers to this Power of Attorney by the date of execution of this Power of Attorney by the undersigned.

**CAUTION TO THE PRINCIPAL:** Your Power of Attorney is an important document. As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney by executing this Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

[remainder of page left intentionally blank]

IN WITNESS WHEREOF, the undersigned has executed this Power of Attorney as of October 28, 2009.

LBVN Holdings, L.L.C.

By: _____
Name: Jonathan Smith
Title: Authorized Signatory

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF New York   )

On the 29th day of October, in the year 2009, before me, the undersigned, a Notary Public in and for said state, personally appeared Jonathan Smith, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

AUSTIN KWAME WILKINSON
Notary Public, State of New York
No. 01WI5051848
Qualified in New York County
Commission Expires Nov. 13, 2013

Doc#: US1:5798072v4

3

IMPORTANT INFORMATION FOR THE AGENT:

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal. This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked. You must:

(1) act according to any instructions from the principal, or, where there are no instructions, in the principal's best interest;

(2) avoid conflicts that would impair your ability to act in the principal's best interest;

(3) keep the principal's property separate and distinct from any assets you own or control, unless otherwise permitted by law;

(4) keep a record or all receipts, payments, and transactions conducted for the principal; and

(5) disclose your identity as an agent whenever you act for the principal by writing or printing the principal's name and signing your own name as "agent" in either of the following manner: (Principal's Name) by (Your Signature) as Agent, or (your signature) as Agent for (Principal's Name).

You may not use the principal's assets to benefit yourself or give major **gifts to yourself or anyone else unless the principal has specifically granted you that** authority in this Power of Attorney or in a Statutory Major Gifts Rider attached to this Power of Attorney. If you have that authority, you must act according to any instructions of the principal or, where there are no such instructions, in the principal's best interest. You may resign by giving written notice to the principal and to any co-agent, successor agent, monitor if one has been named in this document, or the principal's guardian if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advice.

**Liability of agent:**

The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

I have read the foregoing Power of Attorney and acknowledge its legal responsibilities with respect thereto.

Paul, Weiss, Rifkind, Wharton & Garrison LLP

By: _____
Name: Andrew N. Rosenberg
Title: Member

STATE OF New York  )
                   ) ss.:
COUNTY OF New York )

On the 29th day of October, in the year 2009, before me, the undersigned, a Notary Public in and for said state, personally appeared Andrew N. Rosenberg, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

MAURICE M. TATTNALL
Notary Public, State of New York
No. 01TA6018000
Qualified in Kings County
Certificate Filed in New York County
Commission Expires Dec. 21, 2010

Doc#: US1:5798072v4

5

HAND DELIVERY

_____  _____  _____
 RECEIVED BY      DATE             TIME

## EXHIBIT B

[Executed Evidence of Transfer of Claim]

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Appaloosa Investment L.P.1** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **58881** filed by or on behalf of **LBVN Holdings, L.L.C.** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"),. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 2ND day of March 2011.

**Barclays Bank PLC**

By: _____
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

**Appaloosa Investment L.P.1**

By: _____
Name:
Title:

[address]
[city, state, zip]

Schedule 1

Transferred Claims

Purchased Claim

$5,000,000.00 of $30,000,000.00 (the outstanding amount of the Proof of Claim as of March 2, 2011).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of USD 30,000,000 Macro Quantitative Currency Strategies Notes due April 2010 Guaranteed by Lehman Brothers holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0356065994 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 5,000,000 of USD 30,000,000.00 | N/A | April 4, 2010 | All accrued interest, fees and other recoveries due. |

Schedule 1-1