Shai Y. Waisman
Mindy J. Spector
Kevin F. Meade
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                        :   Chapter 11 Case No.
                                                             :   08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :   (Jointly Administered)
                                                             :
                    Debtors.                                 :
                                                             :
------------------------------------------------------------x
                                                             :
LEHMAN COMMERCIAL PAPER INC.,                                :
                                                             :   Adv. Pro. No. 11-___
                    Plaintiff,                               :
                                                             :
         v.                                                  :   **COMPLAINT**
                                                             :
SARK MASTER FUND LIMITED,                                    :
                                                             :
                    Defendant.                               :
------------------------------------------------------------x

Lehman Commercial Paper Inc. ("LCPI"), as debtor and debtor in possession, by its undersigned attorneys, alleges as follows:

### NATURE OF THE ACTION

1.     LCPI brings this adversary proceeding under 11 U.S.C. §§ 549(a) and 550(a) to avoid as unauthorized postpetition transactions certain transfers that it made to Sark Master Fund Limited (the "Defendant") after commencement of LCPI's bankruptcy case. Specifically, LCPI

seeks entry of a judgment against the Defendant (i) pursuant to 11 U.S.C. § 549(a), avoiding the Avoidable Transfers (defined below), (ii) pursuant to 11 U.S.C. § 550(a), directing the Defendant to return the debt in question to LCPI or, in the alternative, to pay to LCPI the value of the Avoidable Transfers (defined below) plus interest, and (iii) pursuant to 11 U.S.C. § 550(a), directing the Defendant to pay to LCPI the amount of principal, interest, and fees the Defendant has received since the Elevation Dates (defined below) as a result of Avoidable Transfers (defined below).

## JURISDICTION AND VENUE

2.  This adversary proceeding is commenced pursuant to Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as well as sections 549(a) and 550(a) of the Bankruptcy Code.

3.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4.  This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

5.  Venue is proper in this Court under 28 U.S.C. § 1409(a) because LCPI's bankruptcy case is pending in this district.

## THE PARTIES

6.  At the times of the Avoidable Transfers (defined below), LCPI was a corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New York.

7.  LCPI is a wholly-owned subsidiary of Lehman ALI Inc., which itself is a direct subsidiary of Lehman Brothers Holdings Inc. ("LBHI").

8.  On September 15, 2008, LBHI commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On October 5, 2008, LCPI also commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Commencement Date"). These chapter 11 cases have been consolidated with the chapter 11 cases of certain of LCPI's and LBHI's affiliates for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). LCPI is authorized to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and, accordingly, is authorized to prosecute avoidance actions.

9.  On information and belief, Sark Master Fund Limited is a corporation existing under the laws of the United Kingdom that does and transacts business within the United States, including the State of New York, and which has filed claims in the LBHI chapter 11 case.

## BACKGROUND

10. Prior to the Commencement Date, LCPI, among other things, originated and bought and sold interests in commercial loans. As lender, LCPI would, from time to time, sell interests in certain loans to third parties, without such third parties becoming creditors of the borrower. Such arrangements are referred to as loan participations.

11. Participations are a commonly used device for financing lenders' investments in commercial loans. By selling a participation, LCPI would receive a loan from the participant, and, in return, would grant to the participant the right to receive from LCPI: (i) a specified percentage of the principal and interest payments received by LCPI from the borrower on the underlying loan and (ii) the same percentage of any proceeds realized by LCPI from the disposition of any collateral pledged by the borrower to secure the underlying loan.

12. A number of the participations LCPI sold were governed by Loan Market Association ("LMA") Terms and Conditions. In an LMA-governed participation, the participant has no contractual relationship with the borrower. The participant also has no ownership interest in the underlying loan and has no legal right to pursue the borrower for principal and interest payments due on the loan. Rather, the participant only has a creditor relationship with the grantor that sold the participation, in this case, LCPI.

13. In contrast, under participations governed by the Loan Syndications and Trading Association ("LSTA"), the participant receives a beneficial or equitable ownership in the underlying loan. In an LSTA-governed participation there is a "true sale" of an interest in the proceeds of the underlying loan, giving the participant the legal right to pursue the borrower for principal and interest payments due on the loan.

14. Under the terms of the documents governing a participation, the participant will often have the right to request that the grantor "elevate" the participant's status to that of lender by novation or reassignment of the underlying ownership interest in the loan itself pursuant to the applicable credit agreement, including, where required, by obtaining the consent of the underlying borrower or the agent. If the elevation request is granted, the original lender transfers its interest in all future principal and interest payments and its right to recovery on any collateral to the participant. Any future funding obligations the original lender had to the borrower also are eliminated and become the obligations of the participant as the lender of record. The participant becomes entitled thereafter to receive its share of principal and interest payments directly from the borrower, and to vote its interest in the loan under the terms of the credit agreement.

15. The Defendant purchased loan participation interests set forth on Exhibit "A" (the "Participations") from LCPI. All of the Participations were governed by the LMA Terms and Conditions.

16. Following LBHI's bankruptcy filing on September 15, 2008, the number of elevation requests LCPI received increased substantially compared to the period before LBHI's filing. On or about September 15, 2008, the Defendant sought to be elevated to lender of record status with respect to the Participations.

17. Upon information and belief, the Defendant sought to elevate these participations shortly after LBHI's bankruptcy filing in an attempt to ensure that the Defendant would be a creditor of, and recover loan payments directly from, the applicable loan borrowers, rather than holding unsecured claims against LCPI in the event that LCPI filed for bankruptcy.

18. On September 24, 2008, LCPI approved the Defendant's elevation request and signed a Transfer Certificate and Lender Accession Undertaking (the "First Transfer Certificate"). The First Transfer Certificate required the approval of Lehman Brothers International (Europe) ("LBIE"), the security agent for the Participation. By September 24, 2008, however, LBIE was subject to its own insolvency proceedings in the United Kingdom and was under the administration of PricewaterhouseCooper ("PwC"). LBIE had no independent authority to approve transactions.

19. On the Commencement Date, LCPI filed a motion (the "Elevations Motion") seeking authority to, among other things, elevate certain loan participations. In approving this motion on October 6, 2008, the Bankruptcy Court authorized LCPI to elevate those participations that LCPI considered as true participations (*i.e.* LSTA participations) and preserved LCPI's right to object to the transfer of property interests that belonged to LCPI (*i.e.*

LMA participations) (the "October 6 Order"). The Avoidable Transfers (defined below) were not authorized by the October 6 Order.

20. The Defendant took an unusual step and sought help from Linklaters LLP, LBIE's or PwC's counsel, and LCPI, in order to obtain LBIE's approval, which was subsequently ultimately granted. This unusual step by the Defendant to effectuate this elevation was outside the ordinary course of LCPI's business.

21. On October 27, 2008, more than one month after the First Transfer Certification was signed and after LCPI filed its chapter 11 case, LCPI, the Defendant, and LBIE signed another Transfer Certificate and Lender Accession Undertaking (the "Second Transfer Certificate").

22. On November 11, 2008, more than a month after the Defendant requested elevation and after LCPI's Commencement Date, the Defendant's elevation to lender of record status became effective (the "Elevation Date").

23. Upon information and belief, following the elevation, the Defendant received payments of principal, interest, and fees directly from the borrowers of the loans subject to the Participation. Absent the elevation, such payments would have been provided to LCPI, and the Defendant would have held unsecured claims against LCPI in the amount of the payments received by LCPI.

### COUNT I – TO AVOID UNAUTHORIZED POSTPETITION TRANSFERS PURSUANT TO SECTION 549(a) OF THE BANKRUPTCY CODE AND RECOVER SUCH TRANSFERS PURSUANT TO SECTION 550(a)

24. LCPI repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25. Sections 549(a) and 550(a) of the Bankruptcy Code empower a debtor in possession, for the benefit of its estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

26. Pursuant to section 549(a) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest of the debtor in property "(1) that occurs after the commencement of the case; and (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court."

27. After the Commencement Date, LCPI elevated the Defendant's positions with respect to the Participations on the dates (the "Elevation Dates") specified in Exhibit "A" (the "Avoidable Transfers").

28. The Avoidable Transfers constituted a transfer of LCPI's interest in property.

29. The Avoidable Transfers were not authorized by the Bankruptcy Code.

30. The Avoidable Transfers were not authorized by the Court.

31. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as unauthorized. LCPI is entitled to be restored to lender of record status.

32. In the alternative, if Defendant no longer holds the Avoidable Transfers, LCPI is entitled to recover from Defendant the value of the Avoidable Transfers, in an amount to be determined, plus interest thereon to the date of payment.

33. LCPI is also entitled to recover from Defendant any principal, interest, or fee payments that Defendant received from the borrowers subsequent to the Avoidable Transfers as a result of the Avoidable Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE LCPI respectfully requests that this Court enter judgment as follows:

(i) Ordering that LCPI may avoid the Defendant's elevation from participant to lender of record, pursuant to 11 U.S.C. § 549(a);

(ii) If Defendant no longer hold the relevant loan positions, ordering Defendant to pay to LCPI's estate the value of the Avoidable Transfers in an amount to be determined, plus interest, pursuant to 11 U.S.C. § 550(a);

(iii) Ordering Defendant to pay to LCPI's estate the amount of principal, interest, and fees it has received since the Elevation Date as a result of its position as lender of record following the Avoidable Transfers, pursuant to 11 U.S.C. § 550(a); and

(iv) Granting to LCPI such other and further relief as may appear just and proper.

Dated: New York, New York
March 25, 2011

/s Shai Y. Waisman
Shai Y. Waisman
Mindy J. Spector
Kevin F. Meade
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Debtors and Debtors in Possession*

## Exhibit A

| Participant | Deal Name | Request Date | Elevation Date |
|---|---|---|---|
| SARK MASTER FUND LTD. | LIBERATOR MEZZ (OCT. 2006) | 9/15/2008 | 11/11/2008 |