WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                           :
In re                                      :   Chapter 11 Case No.
                                           :
LEHMAN BROTHERS HOLDINGS INC., et al       :   08-13555 (JMP)
                                           :
                       Debtors.            :   (Jointly Administered)
                                           :
------------------------------------------------------------x
```

**STIPULATION, AGREEMENT AND ORDER**
**BY AND BETWEEN LB 2080 KALAKAUA OWNERS LLC**
**AND KALAIMOKU-KUHIO DEVELOPMENT CORP.**
**REGARDING AMENDMENTS TO PREVIOUSLY ENTERED ORDERS**

LB 2080 Kalakaua Owners LLC ("LB 2080") and Kalaimoku-Kuhio Development Corp. (the "Landlord" and together with LB 2080, the "Parties") hereby enter into this stipulation (the "Stipulation") regarding certain clerical amendments to two orders previously entered by the Court.

**RECITALS**

A. On September 15, 2008 and periodically thereafter (the "Petition Date"), Lehman Brothers Holdings Inc. and certain of its subsidiaries, including LB 2080, (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On April 23, 2009, LB 2080 commenced its voluntary case under chapter 11 of the Bankruptcy Code.

B.     Pursuant to that certain Commissioner's Quitclaim Assignment of Lease and Sublease dated as of November 8, 2006, LB 2080 obtained its right, title and interest in and to the right, title and interest of King Kalakaua Owners ("KKO") in, among other things, the leasehold estate created by that certain Amended and Restated Ground Lease, dated as of July 1, 2003, by and between the Landlord and KKO, a short form of which was filed with the Office of the Assistant Registrar of the Land Court of the State of Hawaii (the "Land Court") as Document No. 2980702, and the subleasehold estate created by that certain Amended and Restated Sublease, dated as of July 1, 2003, a short form of which was filed with the Land Court as Document No. 2980701 (together, the "Ground Leases").

C.     On June 4, 2009, the Landlord filed the motion for an order (a) compelling payment of postpetition rent and charges relating to the Ground Leases; (b) granting relief from the automatic stay to allow the Landlord to exercise its rights and remedies under the Ground Leases and under applicable law; and (c) compelling assumption or rejection of the Ground Leases [Docket No. 3768] (the "Stay Relief Motion").  On June 20, 2009, LB 2080 filed an objection to the Stay Relief Motion [Docket No. 4061].

D.     On July 23, 2009, the Court entered the *Order Pursuant To Sections 362 And 365 Of The Bankruptcy Code Granting Kalaimoku-Kuhio Development Corp. Relief From The Automatic Stay* [Docket No. 4477] (the "Stay Relief Order").  Pursuant to the Stay Relief Order, the automatic stay extant in LB 2080's chapter 11 case pursuant to section 362 of the Bankruptcy Code was modified solely to allow the Landlord to exercise its rights and remedies under the Leases and under applicable law, as further provided therein.

E.     On August 26, 2009, LB 2080 filed the motion pursuant to sections 365(a) and 554(a) of title 11 of the United States Code and Rule 6006 of the Federal Rules Of Bankruptcy Procedure for authorization to (i) reject, among other things, that certain lease, dated as of August 7, 1995, between Nike Retail Services Inc. and LB 2080, as successor in interest to Kalakaua Associates International, Inc., a memorandum of which was filed with the Land Court as Document No. 2419039 (the "Nike Lease" and, together with the Ground Leases, the

2

"Leases") and (ii) abandon certain miscellaneous assets (the "Abandonment"), including fixtures, furniture, and other office equipment of LB 2080 located on the premises of the Ground Leases, without further authorization from the Court (the "Rejection Motion") [Docket No. 4953].

  F. On September 9, 2009, the Court approved the Rejection Motion pursuant to the *Order Pursuant To Sections 365(a) and 554(a) Of The Bankruptcy Code And Rule 6006 Of The Federal Rules Of Bankruptcy Procedure Authorizing (I) The Rejection Of Certain Executory Contracts And A Lease Of Nonresidential Real Property And (II) The Abandonment Of Certain Personal Property* [Docket No. 5091] (the "Rejection Order", and collectively with the Stay Relief Order, the "Orders").

  G. The Orders refer to each Lease by its formal title, the date of its execution, and the names of the parties thereto but do not refer to the Land Court Document Number of each Lease. The Landlord asserts that, in order to enforce its rights and remedies with respect to the Ground Leases pursuant to the Stay Relief Order and demonstrate the rejection of the Nike Lease and the Abandonment pursuant to the Rejection Order, the Landlord must provide the Orders to the Land Court; however, the Land Court has indicated that the Orders are not sufficient to expunge the Leases from Transfer Certificates of Title Nos. 493.843 and 509.502 unless the Orders include the Land Court Document Numbers of the Leases.

  H. In an effort to consensually allow for clerical modifications to the Orders to reflect the Land Court Document Numbers of the Leases, the Parties have agreed that it is in their best interests to enter into this Stipulation upon the terms and conditions herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The Stay Relief Order shall be amended solely to incorporate the changes reflected in the blackline comparison attached hereto as Exhibit "1". Such amendment shall be effective as of July 23, 2009, the date that the Stay Relief Order was originally entered.

2. The Rejection Order shall be amended solely to incorporate the changes reflected in the blackline comparison attached hereto as Exhibit "2". Such amendment shall be effective as of September 9, 2009, the date that the Rejection Order was originally entered.

3. The Landlord submits that, pursuant to the foregoing Recitals, good cause exists to enter the Amended Orders.

4. LB 2080 does not oppose the amendments to the Orders set forth in Paragraphs 1 and 2.

5. This Stipulation is subject to approval of the Court and shall be of no force and effect unless and until it is approved.

6. Each person who executes this Stipulation on behalf of a Party represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

7. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

8. This Stipulation can only be amended or otherwise modified by a signed writing executed by the Parties.

9. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

[*The remainder of this page is intentionally blank.*]

Dated: March 1, 2011

| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP** | **LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.** |
| /s/ Shai Y. Waisman | /s/ Krikor J. Meshefejian |
| Shai Y. Waisman | Krikor J. Meshefejian |
| 767 Fifth Avenue | 10250 Constellation Blvd., Suite 1700 |
| New York, New York 10153 | Los Angeles, CA 90067 |
| Telephone: 212-310-8000 | Telephone: 310-229-1234 |
| Facsimile: 212-310-8007 | Facsimile: 310-229-1244 |
| *Attorneys for Debtors and Debtors in Possession* | *Attorneys for Kalaimoku-Kuhio Development Corp.* |

SO ORDERED this 28th day of March, 2011

   *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

**Exhibit "1"**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., et al                       :    08-13555 (JMP)
                                                           :
                    Debtors.                               :    (Jointly Administered)
                                                           :
                                                           :
-----------------------------------------------------------x
```

**AMENDED ORDER PURSUANT TO SECTIONS
362 AND 365 OF THE BANKRUPTCY CODE GRANTING KALAIMOKU-
KUHIO DEVELOPMENT CORP. RELIEF FROM THE AUTOMATIC STAY**

Upon the motion, dated June 4, 2009 (the "Motion"), of Kalaimoku-Kuhio Development Corp. (the "Landlord") (A) compelling payment of post-petition rent and charges; (B) granting relief from the automatic stay; and (C) compelling assumption or rejection of that certain Amended and Restated Ground Lease, dated as of July 1, 2003, a short form of which was filed with the Land Court of the State of Hawaii (the "Land Court") as Document No. 2980702, and that certain Amended and Restated Sublease, dated as of July 1, 2003, a short form of which was filed with the Land Court as Document No. 2980701, (together, the "Leases"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need by provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that, unless LB 2080 Kalakaua Owners LLC ("LB 2080") pays the Landlord, by no later than 5:00 p.m. (prevailing Eastern time) on August 1, 2009, all post-petition rent and other charges due under the Leases through such date and thereafter timely performs other post-petition obligations under the Leases as required pursuant to section 365(d)(3) of title 11 of the United States Code (the "Bankruptcy Code"); the automatic stay extant in LB 2080's chapter 11 case pursuant to section 362 of the Bankruptcy Code shall be modified solely to allow the Landlord to exercise its rights and remedies under the Leases and under applicable Hawaii law, effective ~~immediately~~as of July 23, 2009, which is the date of entry of that certain "Order Pursuant To Sections 362 And 365 Of The Bankruptcy Code Granting Kalaimoku-Kuhio Development Corp. Relief From The Automatic Stay" [Docket No. 4477] without the need for any further order of the Court; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:  March __, 2011

                                                                                                  _____
                                                                                                  Honorable James M. Peck
                                                                                                  United States Bankrkuptcy Judge

**Exhibit "2"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
: 
In re                                                                          :  Chapter 11 Case No.
                                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :  08-13555 (JMP)
                                                                                    :
Debtors.                                                        :  (Jointly Administered)
                                                                                    :
-------------------------------------------------------------------x

### AMENDED ORDER PURSUANT TO SECTIONS 365(a) AND 554(a) OF THE BANKRUPTCY CODE AND RULE 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING (I) THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND A LEASE OF NONRESIDENTIAL REAL PROPERTY AND (II) THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY

Upon the motion, dated August 26, 2009 (the "Motion"), of LB 2080 Kalakaua Owners LLC ("LB 2080"), as debtor and debtor in possession, pursuant to sections 365(a) and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to (i) reject (a) that certain Lease, dated as of August 7, 1995, between Nike Retail Services Inc. ("Nike") and LB 2080, as successor-in-interest to Kalakaua Associates International, Inc., a memorandum of which, dated June 18, 1997, was filed with the Land Court of the State of Hawaii (the "Land Court") as Document No. 2419039 (as amended, the "Nike Lease") and (b) the executory contracts set forth on Exhibit A annexed hereto (the "Contracts") and (ii) abandon certain miscellaneous assets, including fixtures, furniture, and other office equipment of LB 2080 (the "Personal Property") located on the premises of (y) the leasehold estate created by that certain Ground Lease and Sublease, dated October 6, 1995, by and between the predecessor-in-interest of Kalaimoku-Kuhio Development Corp. (the "Landlord") and LB 2080, as successor-in-interest to King Kalakaua Owners, a short form of which was filed with the Land Court as Document

US_ACTIVE:\43636468\0102\58399.0003

No. 2323307, as amended, and (z) the subleasehold estate created by that certain Ground Lease and Sublease, dated October 6, 1995, by and between the predecessor-in-interest of the Landlord and LB 2080, as successor-in-interest to King Kalakaua Owners, as amended, without further authorization of the Court, all as more fully described in the Motion; and the stipulation between LB 2080 and the Landlord, dated March 1, 2011; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket No. 285] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the counterparties to the Contracts set forth in Exhibit A annexed to the Motion; (vii) Nike and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LB 2080, its estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is hereby granted; and it is further

ORDERED that pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the rejection of the Contracts and Nike Lease, is hereby approved, effective as of August 26, 2009; and it is further

ORDERED that any rejection damage claim asserted by Nike or the counterparties to the Contracts shall be filed (subject to all of the LB 2080's rights, claims and defenses, including rights of setoff with respect to any such claims) on or before the final date for filing proofs of claim in LB 2080's chapter 11 case established by the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271], which proofs of claim shall be filed in accordance with the procedures set forth in such order; and it is further

ORDERED that LB 2080 is authorized, but not directed, in its sole discretion to abandon any Personal Property pursuant to section 554(a) of the Bankruptcy Code; and it further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that the stay pursuant to Bankruptcy Rules 6006(d) is hereby waived and this Order shall be effective ~~immediately upon its entry~~ <ins>as of September 9, 2009, which is the date of entry of that certain "Order Pursuant To Sections 365(a) and 554(a) Of The Bankruptcy Code And Rule 6006 Of The Federal Rules Of Bankruptcy Procedure Authorizing (I) The Rejection Of Certain Executory Contracts And A Lease Of Nonresidential Real Property And (II) The Abandonment Of Certain Personal Property" [Docket No. 5091]</ins>.

Dated: ~~September~~March __, ~~2009~~2011
      New York, New York

                                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

## Schedule of Contracts to be Rejected

| Counterparty and Notice Address | Description of Contract or Lease | Contract Date |
|---|---|---|
| CB Richard Ellis Hawaii, Inc.<br>1001 Bishop Street, ASB Tower<br>Honolulu, HI 96813-3429<br>Attn: Marlene DeCosta<br><br>CB Richard Ellis<br>2222 Kalakaua Avenue, Suite 1003<br>Honolulu, HI 96815-2524<br>Attn: Troy H. Fujino | Service Contract for Property Management | 11/1/2004 |
| CB Richard Ellis, Inc.<br>3501 Jamboree Road<br>Suite 100<br>Newport Beach, CA 92660 | Listing Agreement for Brokerage of Real Property | 2/5/2009 |
| Chem Systems, Inc.<br>PO BOX 17716<br>Honolulu, HI 96817 | Service Contract for A/C Water Treatment | 9/10/2001 |
| Elite Mechanical<br>98-055 Kamehameha Hwy Ste C-6<br>Aiea, HI 96701 | Service Contract for Common Area, A/C, Parking Garage Fan and Pump Equipment Maintenance | 11/10/1998 |
| Hawaiian Building Maintenance<br>Pauahi Tower<br>1003 BISHOP ST<br>STE 2020<br>Honolulu, Ill 96813 | Service Contract for Janitorial and Maintenance | 8/19/2002 |
| Mitsubishi Elevators and Escalators, Inc.<br>ELEVATORS & ESCALATORS DIVISION<br>PO BOX 100403<br>Pasadena, CA 91189 | Service Contract for Common Area Elevator Maintenance | 10/26/98 |
| Oceanfront Hawaii, Inc.<br>1888 Kalakaua Avenue,<br>Suite #2502<br>Honolulu, HI 96815 | Supplemental Payment Agreement for Ground Sublease | 7/1/2003 |
| SimplexGrinnell<br>DEPT CH 10320<br>Palatine, IL 60055-0320 | Service Contract for Fire Alarm System Maintenance | 1/1/2006 |
| Standard Parking<br>1001 BISHOP ST<br>PAUAHI TOWER STE 600<br>Honolulu, HI 96813 | Service Contract for Parking Management | 11/17/1997 |
| Tenance Co LLC<br>PO Box 66<br>Waialua, HI 96791 | Service Contract for Landscaping Maintenance | 8/21/2000 |
| World Wide Window Cleaning<br>PO BOX 17400<br>Honolulu, HI 96817 | Service Contract for Exterior Building and Window Cleaning | 9/7/2005 |