Richard F. Hahn
Derek P. Alexander
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 521-7603
rfhahn@debevoise.com
dalexander@debevoise.com

*Attorneys for The Minami-Nippon Bank Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 Case No. |
|---|---|
| **Lehman Brothers Holdings Inc.**, *et al.*, | **08-13555 (JMP)** |
| **Debtors.** | **Jointly Administered** |

**RESPONSE OF THE MINAMI-NIPPON BANK LIMITED
TO DEBTORS' OBJECTION TO CLAIM NUMBER 59150
IN THEIR NINETY-SECOND OMNIBUS OBJECTION
TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)**

The Minami-Nippon Bank Limited ("**MNB**"), by and through its counsel, hereby responds to the Debtors' *Ninety-Second Omnibus Objection to Claims (No Blocking Number LPS Claims)* [docket no. 14472] (the "**Objection**")[1] as it relates to MNB's Securities Programs Proof of Claim [claim no. 59150] (the "**Claim**"), attached hereto as **Exhibit A**, in support of which MNB submits the Declaration of Mr. Hiroshi Sato, Deputy General Manager of the Securities and International Department of MNB, attached hereto as **Exhibit B**, and respectfully states the following:

---

[1] Each capitalized term used herein without definition has the meaning ascribed to it in the Objection.

**Preliminary Statement**

1. The Debtors instructed MNB to obtain blocking numbers from Lehman Brothers Inc. ("**LBI**"), the broker that held the Lehman Program Securities on MNB's behalf. But LBI was unresponsive to the repeated and timely requests of MNB for blocking numbers. As a result of LBI's unresponsiveness, it was impossible for MNB to include blocking numbers in its Claim.

2. MNB's Claim is otherwise sufficient and contains all the information actually needed for the Debtors to determine its validity. The Debtors have objected solely to its lack of blocking numbers. The particular basis of MNB's Claim, its ownership of certain Lehman Program Securities, has been confirmed by the Trustee appointed to supervise the liquidation of LBI (the "**LBI Trustee**") and is undisputed. Even without the blocking numbers, MNB's Claim is legally sufficient.

3. Therefore, MNB's Claim should not be disallowed, notwithstanding the blocking number requirement.

**Background**

4. MNB is a Japanese regional bank headquartered in Kagoshima, Japan. The Lehman Program Securities specified in MNB's Claim (the "**Securities**") have an aggregate par value of $9 million and were purchased in 2006 and 2007 by MNB through its broker, LBI. Since being purchased, the Securities have been held for MNB by LBI.

5. The Debtors' Securities Program Bar Date Notice, dated July 27, 2009, attached hereto as **Exhibit C**, gave holders of Lehman Program Securities instructions for

2

23395130v6

submission of their claims. In particular, the notice contained a "Special Note Regarding Blocking Numbers" that stated the following:

> **Beneficial holders (which includes most individuals) of Lehman Programs Securities that are not Euroclear Bank ("Euroclear"), Clearstream Bank ("Clearstream") or other depository account holders <u>may not</u> contact Euroclear, Clearstream or such other depository directly. Such holders <u>must</u> direct their accountholder (i.e. the bank, broker or other entity that holds such securities on behalf of such beneficial holder) to contact Euroclear, Clearstream or other relevant depository to obtain the Blocking Number.**
>
> Parties that are accountholders with Euroclear, Clearstream or other relevant depository can obtain a Blocking Number for Lehman Programs Securities by following the directions that will be provided by Euroclear, Clearstream or other relevant depository. Accountholders may send a single request for each Lehman Programs Security with the same ISIN, but must send separate requests for Lehman Programs Securities with different ISINs.

Securities Program Bar Date Notice, Ex. C, p. 3 (boldfacing original, underlining added). MNB has no account with Euroclear Bank or Clearstream Bank.

6. On October 9, 2009, MNB received a notice, attached hereto as **Exhibit D**, from the LBI Trustee of his determination to allow MNB's SIPA claims for the Securities [SIPA claim no. 800003873, as amended by SIPA claim no. 900007450].

7. On the same day, October 9, 2009, MNB sent an email to LBI, attached hereto as **Exhibit E**, through Hughes Hubbard & Reed LLP, LBI's counsel, requesting that LBI enable MNB to meet the requirements of the Debtor's Securities Program Bar Date Notice. MNB attached the Securities Program Bar Date Notice and the Lehman Program Securities list to its email to LBI.

3

8. MNB sent this email to *LBIprime@hugheshubbard.com*, an address specified by the LBI Trustee for correspondence with LBI from its prime brokerage customers during the SIPA proceeding.[2] However, MNB received an automated delivery error message, attached hereto as **Exhibit G**, stating that *LBIprime@hugheshubbard.com* was an "invalid recipient."

9. Between October 9, 2009 and October 23, 2009, MNB made additional efforts to contact LBI. MNB located additional LBI contact information for the LBI Trustee and Hughes Hubbard & Reed LLP in the description of "Information Regarding Entities of Lehman Brothers Outside Japan" posted on the website of Oh-Ebashi LPC & Partners (counsel to Lehman Brothers Holdings Japan Inc. in connection with its Japanese civil rehabilitation proceedings in Tokyo District Court).[3]

10. On October 16, 2009, MNB sent an email to LBI, attached hereto as **Exhibit K**, both directly and through LBI's counsel. This email again requested that LBI, as MNB's broker and custodian for the Lehman Program Securities, handle the requirements of the Securities Program Bar Date Notice (including the blocking number requirement). MNB again attached the Securities Program Bar Date Notice and the Lehman Program Securities list.

---

[2] See, for example, the *Protocol of the Lehman Brothers Inc. Trustee Regarding Prime Brokerage Arrangements*, attached hereto as **Exhibit F**, and the LBI Trustee's *First Interim Report for the Period September 19, 2009 through May 29, 2009*, filed in the LBI SIPA proceeding before this court (case no. 08-01420) [docket no. 1151], Ex. 4.

[3] This information is available at *http://lehman.ohebashi.com* and is attached hereto as **Exhibit H**. An English translation is attached as **Exhibit I**. A declaration of the translator is attached as **Exhibit J**.

23395130v6

11. Based on the information found on Oh-Ebashi LPC & Partners website, MNB sent this second email to *misdirectedwires@lbitrustee.com*, *LBIprime@hugheshubbard.com*, *okamoto@hugheshubbard.com* and *steinj@hugheshubbard.com*. Other than the automated receipt from *misdirectedwires@lbitrustee.com*, attached hereto as **Exhibit L**, MNB received no reply.

12. In addition, between October 16, 2009 and October 23, 2009, MNB repeatedly telephoned the Tokyo offices of Hughes Hubbard & Reed LLP using the numbers listed as LBI contacts on the Oh-Ebashi LPC & Partners website. However, MNB's calls were placed into voice mail each time and MNB received no return call.

13. On October 28, 2009, MNB filed its Claim in order to ensure its receipt before the November 2, 2009 Lehman Program Securities Bar Date, even though MNB had not received blocking numbers from LBI.

### The Securities Program Bar Date Notice

14. As described above, the Debtor's own Securities Program Bar Date Notice instructed MNB to seek the required blocking numbers from only one source: its broker, LBI. But LBI was unresponsive to the repeated, timely requests of MNB for blocking numbers. Under such circumstances, MNB's Claim should not be disallowed solely because blocking numbers were not provided.

### Prior Treatment of Lehman Program Securities Claims Without Blocking Numbers

15. This Court has already heard and ruled on several Lehman Program Securities claims objected to by the Debtors for lack of blocking numbers in connection

23395130v6

with the Debtors' *Twenty-Ninth Omnibus Objection to Claims (No Blocking Number LPS Claims)*, filed on July 19, 2010 [docket no. 10280]. The relevant portion of the transcript of the hearing with respect to this objection [docket no. 12552] is attached hereto as **Exhibit M**.

16. As counsel for the Debtors explained at that hearing, the blocking number system was created to ensure that no distribution on Lehman Program Securities claims was excessive or duplicative. Ex. M pp. 15–16. As stated above, the Debtors do not face those risks with respect to MNB's Claim: the Securities have been held continuously by MNB and MNB's right to the Securities has been verified by the LBI Trustee. Ex. A ¶ 3; Ex. D.

17. Moreover, in response to the explanation of the blocking number system by Debtors' counsel in that hearing, this Court recognized that, even though the unusual blocking number system was important to the Debtors, nevertheless, the absence of a blocking number on a claim is a minor form of technical noncompliance:

> THE COURT: I hear you [Mr. Shai Waisman, representing the Debtors] although I must say that this adds strength to the argument made by Mr. Friedman [representing a claimant] that on a scale of one to ten, this is a one. This isn't a ten in terms of technical noncompliance because the blocking number is, in effect, an extra protection designed to make sure that the party who filed the claim with respect to these freely tradable instruments in fact was the owner of the claim at a particular point in time that is relevant for bankruptcy purposes but for no other purpose because the instruments may have traded multiple times already, in some instances, and may continue to trade in the future.

Ex. M p. 34–35.

23395130v6

18. Even though the blocking number system has been important and useful to the Debtors, it is not appropriate for the blocking number requirement to be mechanically enforced with no regard to exceptional circumstances. *See* Objection ¶ 13, *see also* Ex. M p. 17. As described, MNB's circumstances are exceptional. In view of LBI's unresponsiveness despite MNB's efforts, the Debtors' Objection, as it applies to MNB's Claim, is unduly harsh in seeking to expunge the legitimate claims of MNB. There is neither need nor justification for such a result.

**Alternatively, the Claim Qualifies as an Informal Proof of Claim**

19. Alternatively, the Claim is a legally sufficient informal proof of claim. It is undisputed that the only deficiency of MNB's Claim is the absence of blocking numbers, and although blocking numbers are required by this Court's order, blocking numbers are not essential to the legal sufficiency of the Claim, taken as an informal claim. *See, e.g.*, *In re Enron Creditors Recovery Corp.* 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007) (requiring nothing more of an informal proof of claim than that it be timely filed, stating the nature of the claim, the amount of the claim and evidencing an intent to hold the debtor liable), *In re Houbigant, Inc.*, 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995), *In re Drexel Burnham Lambert Group, Inc.*, 129 B.R. 22, 26 (Bankr. S.D.N.Y. 1991); *see also In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (citing numerous cases for the proposition that a merely formal objection cannot overcome an otherwise valid proof of claim); *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (same).

7

20. The Debtors do not dispute that MNB has submitted a claim that complies in all respects with the ordinary requirements of case law, the Bankruptcy Code, and the Bankruptcy Rules, so as to constitute, under Rule 3001(f), "prima facie evidence of the validity and amount of the claim."

21. Having made out its claim, even if treated as informal due to the absence of blocking numbers, through no fault of its own, MNB should not have its claim disallowed or expunged, particularly where there has been no rebuttal or even dispute, by the Debtors, of the prima facie evidence of the Claim. *See, e.g.*, *In re Jacobsen,* 362 Fed. App'x 413, 415, (5th Cir. 2010); *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992); *In re Feinberg*, 442 B.R. 215, 220 (Bankr. S.D.N.Y. 2010). Notwithstanding the contrary suggestion in the Debtors' Objection, Obj. ¶ 15, blocking numbers are not essential to MNB's Claim, at least if taken as an informal proof of claim. MNB's Claim thus stands, despite the Objection, as unrebutted prima facie evidence of MNB's holdings of Lehman Program Securities.

*[The remainder of this page is intentionally blank.]*

WHEREFORE, MNB respectfully requests that the Court deny the Objection with respect to MNB's Claim and grant MNB such other and further relief as the court deems just and proper.

Dated: New York, New York
March 28, 2011

>Respectfully submitted,
>
>DEBEVOISE & PLIMPTON LLP
>
>By: /s/ Richard F. Hahn
>    Richard F. Hahn
>    Derek P. Alexander
>    919 Third Avenue
>    New York, New York 10022
>    Telephone: (212) 909-6000
>    Facsimile: (212) 521-7603
>    rfhahn@debevoise.com
>    dalexander@debevoise.com
>
>*Attorneys for The Minami-Nippon Bank Limited*