**Exhibit D – LBI Trustee's Notice Allowing MNB's SIPA Claim**

James W. Giddens
Trustee for the SIPA Liquidation of Lehman Brothers Inc.
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

*In re* Lehman Brothers Inc.

Case No. 08-01420 (JMP) SIPA

NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 9, 2009

**VIA UPS OVERNIGHT**

MINAMI NIPPON BANK LTD
KEIICHI NOMOTO
1-1 YAMASHITA-CHO
KAGOSHIMA CITY
KAGOSHIMA 892-8611
JAPAN

    Re:  Claim Number(s):  800003873
                                    900007450 (Amendment of claim 800003873.)
      Account Number(s):  93510236

Dear Claimant:

**PLEASE READ THIS NOTICE CAREFULLY**

      The liquidation of the business of Lehman Brothers Inc. is being conducted by James W. Giddens (the "Trustee") under the Securities Investor Protection Act of 1970, as amended ("SIPA"), pursuant to an order entered on September 19, 2008 by the United States District Court for the Southern District of New York. You have submitted the above-referenced claim(s) (the "Claim") as a customer claim in this proceeding. This Notice is applicable only to the claim(s) and/or accounts identified above. If you filed other claims, additional notices will be issued.

      The Trustee has made the following determination regarding your Claim:

      Your Claim is ALLOWED as a net equity claim for securities in the following amount:

| Name of Security | CUSIP # | Number of Shares |
|---|---|---|
| Lehman Brothers TRE Euro Medium Term Note Due 19 May 2021 | XS0255101353 | 3,000,000 |

| Lehman Brothers TRE Euro Meduim Term Note Due 11/21/2022 | XS00331488014 | 3,000,000 |
|---|---|---|
| Lehman Brothers Treasury Euro Medium Term Note Due 02 Mar 2022 | XS0289151879 | 3,000,000 |

Your Claim for cash is DENIED because your claim for cash included the value of the above listed securities, which are being allowed as a claim for securities pursuant to SIPA.

**RECEIPT BY THE TRUSTEE OF A DULY EXECUTED <u>DECLARATION, RELEASE AND ASSIGNMENT</u> IN THE FORM ATTACHED HERETO (the "Release") IS REQUIRED FOR RECEIVING DISTRIBUTIONS OF ALLOWED CLAIMS WHEN THEY BEGIN.** Distributions will be made in proportion to a claimant's share of available customer property and will be made based on the Trustee's best estimate of available customer property at the time of distribution, and may in some instances include cash in lieu of securities in accordance with SIPA. Distribution may take place in multiple installments over time and will require coordination with and cooperation from various third party custodians, which may delay some or all transfers. Distribution of customer name securities will be made in accordance with SIPA. Please note, no determination is being made as to the validity or allowed amount of any amounts you may have claimed for cash and/or securities, if any, received by the Trustee after September 19, 2008. Such property is not part of the net equity calculation, and the determination of any such claim will be dealt with separately in the Trustee's continuing administration of the estate.

If you accept the Trustee's determination, please sign, date, and have notarized the enclosed Release, and return it to us at your earliest convenience. We recommend that you retain a copy for your records. **PLEASE NOTE THAT THE RELEASE REQUIRES YOU TO CONFIRM TO THE TRUSTEE, UNDER PENALTY OF PERJURY, THAT YOU HAVE NOT RECEIVED ANY PAYMENTS OR TRANSFERS OF THE ALLOWED SECURITIES AND/OR THE ALLOWED CASH THROUGH THE DATE OF THE RELEASE.** Kindly provide instructions for the transfer of securities and cash on the form provided. To expedite the distribution process, we recommend that you provide email addresses for you and your broker dealer. Upon receipt of the duly executed Release, a Trustee representative will contact you and your new broker to facilitate the transfer of the Allowed Securities and the Allowed Cash to your new brokerage account. Completed releases must be sent to the following address:

> Epiq Bankruptcy Solutions LLC
> 757 Third Avenue, Ste. 302
> New York, New York 10017-2063

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge James M. Peck, you MUST file your written opposition, setting forth (i) the claim number; (ii) a detailed statement of the reasons for your objection to the Trustee's

2

determination; (iii) copies of any document or other writing upon which you rely; and (iv) mailing, phone, and email contact information, with the United States Bankruptcy Court and the Trustee within THIRTY DAYS of the date of this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must file your opposition in accordance with the above procedure electronically with the Court on the docket of *In re* Lehman Brothers Inc., Case No. 08-01420 (JMP) SIPA in accordance with General Order M-242 (available at www.nysb.uscourts.gov/orders/orders2.html) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format.

If you do not have means to file your opposition electronically, you may mail your opposition to:

>  Clerk of the United States Bankruptcy Court
>  Southern District of New York
>  One Bowling Green
>  New York, New York 10004

**PLEASE TAKE FURTHER NOTICE:** You must serve your opposition upon the Trustee's counsel by mailing a copy to:

>  Hughes Hubbard & Reed LLP
>  One Battery Park Plaza
>  New York, NY 10004
>  Attn: LBI Hearing Request
>
>  Attorneys for James W. Giddens, Trustee for
>  the SIPA Liquidation of Lehman Brothers Inc.

>  Very Truly Yours,
>
>
>  James W. Giddens
>  Trustee for the SIPA Liquidation of
>  Lehman Brothers Inc.

3

*In re* **Lehman Brothers Inc.**

**Case No. 08-01420 (JMP) SIPA**

**DECLARATION, RELEASE AND ASSIGNMENT**

**CLAIMANT:**     MINAMI NIPPON BANK LTD

**CLAIM NO.**     800003873
                  900007450 (Amendment of claim 800003873.)

**ACCOUNT NO.**   93510236

The above-named claimant ("Claimant"), having submitted the above-referenced claim(s) (the "Claim") to James W. Giddens (the "Trustee"), as Trustee for the Liquidation of Lehman Brothers Inc. ("LBI"), hereby declares to the Trustee, under penalty of perjury, that Claimant did not receive any payment or other transfer of the Allowed Cash and/or Securities as described in the NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM dated October 9, 2009 for the above-referenced claim(s) and account number(s) (the "Notice") from LBI, or any entity or other person affiliated with LBI through the date of this declaration.

Claimant, on behalf of Claimant and his, her or their heirs, successors and assigns, contingent only upon receipt of the Allowed Cash and/or Securities as described in and pursuant to the terms of the Notice (the "Consideration") from the Trustee after receipt by the Trustee of this signed Declaration, Release and Assignment, hereby remises, releases, and forever discharges the Trustee and his agents, employees, professionals, successors and assigns, the Securities Investor Protection Corporation ("SIPC") and its agents, employees, officers, directors, professionals, successors and assigns, and the LBI estate (all of the foregoing, collectively, the "Released Persons") of and from any and all claims or causes of action arising out of or relating to the Claim, the circumstances that gave rise to the Claim, any account(s) Claimant had with LBI, and any other transactions or dealings with LBI or any entity or other person affiliated with LBI relating to the Claim, which the Claimant now has, or hereafter can, shall, or may have, for or by any reason of any cause, matter, or thing whatsoever, prior to and including the date of execution hereof. Claimant represents and warrants that it is aware of no liens or claims against the above-referenced account(s) (the "Account") or its contents, and acknowledges and agrees that, to the extent the Account or property contained therein may be subject to any liens or claim, delivery of the Consideration will be subject to any such liens or claims.

Notwithstanding any rights or remedies available to Claimant under applicable law, Claimant acknowledges and agrees to return immediately any property to the LBI estate that is later found by the Trustee or determined by a court (i) to have been distributed in error, (ii) to exceed claimant's proportional share of customer property, or (iii) to be subject to liens or claims of the LBI estate or any other entity or other person and will indemnify and hold harmless the

Released Persons from and against any damages, costs or losses that may result from any assertion by any such other entity or other person of any such liens or claims.

       Further, Claimant hereby assigns and transfers to the Trustee and SIPC all rights, including any and all claims and causes of action, and any proceeds derived therefrom, that Claimant may have against any party, arising out of or relating to the Claim, the circumstances that gave rise to the Claim and any account(s) Claimant had with LBI, to the extent of the Consideration.

       Notwithstanding anything else herein to the contrary, claims for cash and/or securities, if any, received by the Trustee after September 19, 2008 are not deemed released hereby and the determination of any such claim will be dealt with separately in the Trustee's continuing administration of the estate .

       Claimant further acknowledges the sufficiency of the Consideration and that Trustee may deliver such Consideration in multiple installments. Notwithstanding anything to the contrary herein, to the extent the Consideration is delivered in multiple installments, the releases set forth herein shall take effect only with respect to the portion of the Claim which has been satisfied by such portion of the Consideration.

       WITNESS the due execution hereof, intending to be legally bound hereby, this ____ day of _____ 2009.

By: _____

Title: _____

Sworn to before me this
____ day of _____, 2009.

_____
Notary Public
My commission expires:

2

Instructions for the transfer of securities for:

MINAMI NIPPON BANK LTD
KEIICHI NOMOTO
1-1 YAMASHITA-CHO
KAGOSHIMA CITY
KAGOSHIMA 892-8611
JAPAN

     Re:  Claim Number(s):  800003873
                                    900007450 (Amendment of claim 800003873.)
        Account Number(s): 93510236

To:    The Trustee for the SIPA Liquidation of Lehman Brothers Inc.

     Please deliver the securities to satisfy my claim to:

Name of brokerage firm: _____

Address: _____

City/State/ZIP: _____

For my account (number): _____

Account executive (name): _____

Account executive telephone number: _____

Account executive fax (or e-mail): _____

     Signature(s) _____

                      _____

Please complete and return this form with the Release.