Initial Hearing Date and Time: April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)

Initial Objection Date and Time: April 6, 2011 at 4:00 p.m. (Prevailing Eastern Time)

Disclosure Statement Proposed Hearing Date and Time: June 28, 2011 at 10:00 a.m. (Prevailing Eastern Time)

Disclosure Statement Proposed Objection Date and Time: May 27, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WHITE & CASE LLP

1155 Avenue of the Americas

New York, New York 10036-2787

Telephone: (212) 819-8200

Facsimile: (212) 354-8113

Gerard Uzzi (GU – 2297)

J. Christopher Shore (JCS – 6031)

Attorneys for the Ad Hoc Group
of Lehman Brothers Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**NOTICE OF MOTION OF THE AD HOC GROUP OF LEHMAN
BROTHERS CREDITORS FOR ENTRY OF (I) AN ORDER SCHEDULING A
DISCLOSURE STATEMENT HEARING AND APPROVING THE FORM AND
MANNER OF NOTICE THEREOF AND (II) AN ORDER APPROVING THE
DISCLOSURE STATEMENT FOR THE JOINT SUBSTANTIVELY
CONSOLIDATING CHAPTER 11 PLAN FOR LEHMAN BROTHERS
HOLDINGS INC. AND CERTAIN OF ITS AFFILIATED DEBTORS OTHER THAN
MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC, FILED
BY THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS**

        **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion")

of the Ad Hoc Group of Lehman Brothers Creditors (the "Group") for entry of (i) an order

scheduling a disclosure statement hearing and approving the form and manner of notice thereof

and (ii) an order approving the disclosure statement for the Joint Substantively Consolidating

Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of Its Affiliated Debtors Other

Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC, filed by the Ad Hoc

Group of Lehman Brothers Creditors will be held before the Honorable James M. Peck, United

States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **April 13, 2011 at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing") with respect to the Group's request for an order scheduling a disclosure statement hearing and approving the form and manner of notice thereof.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested by the Motion with respect to scheduling a disclosure statement hearing and approving the form and manner of notice thereof shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, Attn: Gerard Uzzi, Esq. and J. Christopher Shore, Esq., attorneys for the Group; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys to the official committee of unsecured creditors appointed in these cases; (v)

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller, Esq., Lori R. Fife, Esq., and Alfredo R. Pérez, Esq., attorneys for the Debtors; and (vi) all parties who have requested notice in these chapter 11 cases, so as to be so filed and received by no later than April 6, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested with respect to scheduling a disclosure statement hearing and approving the form and manner of notice thereof shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  March 29, 2011
        New York, New York

/s/ Gerard Uzzi
Gerard Uzzi
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113

Attorneys for the Ad Hoc Group of
Lehman Brother Creditors

Initial Hearing Date and Time:  April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Initial Objection Date and Time:  April 6, 2011 at 4:00 p.m. (Prevailing Eastern Time)
Disclosure Statement Proposed Hearing Date and Time: June 28, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Disclosure Statement Proposed Objection Date and Time: May 27, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Gerard Uzzi (GU – 2297)
J. Christopher Shore (JCS – 6031)

Attorneys for the Ad Hoc Group
of Lehman Brothers Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**MOTION OF THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS
FOR ENTRY OF (I) AN ORDER SCHEDULING A DISCLOSURE STATEMENT
HEARING AND APPROVING THE FORM AND MANNER OF NOTICE
THEREOF AND (II) AN ORDER APPROVING THE DISCLOSURE
STATEMENT FOR THE JOINT SUBSTANTIVELY CONSOLIDATING
CHAPTER 11 PLAN FOR LEHMAN BROTHERS HOLDINGS INC. AND
CERTAIN OF ITS AFFILIATED DEBTORS OTHER THAN MERIT, LLC,
LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC, FILED
BY THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Group of Lehman Brothers Creditors (the "Group"), by and through its

undersigned counsel, hereby files this motion (the "Motion") for entry of (i) an order scheduling

a disclosure statement hearing and approving the form and manner of notice thereof and (ii) an

order approving the Disclosure Statement for the Joint Substantively Consolidating Plan for

Lehman Brothers Holdings Inc. and Certain of Its Affiliated Debtors Other Than Merit, LLC, LB

Somerset LLC and LB Preferred Somerset LLC dated December 15, 2010 (as may be amended,

modified and/or supplemented from time to time, the "Group's Disclosure Statement").  In

support thereof, the Group respectfully represents as follows:

## RELIEF REQUESTED

1.      Pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United

States Code (the "Bankruptcy Code"), Rules 2002, 3017, 3018, 3020, 9013, 9014 and 9021 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1,

3018-1, 3020-1, 9013-1 and 9021-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Southern District of New York (the "Local Rules"), the Group seeks

entry of an order (the "Proposed Scheduling and Notice Order"), attached hereto as Annex A:

a)      scheduling a hearing to consider approval of the Group's Disclosure Statement
(the "Group's Disclosure Statement Hearing") for June 28, 2011 at 10:00 a.m.
(Eastern Time);

b)      establishing an objection deadline of May 27, 2011 at 4:00 p.m. (Eastern Time) in
respect of the Group's Disclosure Statement Hearing (the "Group's Disclosure
Statement Objection Deadline") with replies or an omnibus reply to such
objections to be filed and served no later than June 21, 2011 at 4:00 p.m. (Eastern
Time); and

c)      approving the form and manner of notice of the Group's Disclosure Statement
Hearing and corresponding objection and response deadlines.

2.      The Group also seeks an order approving the Group's Disclosure Statement (the

"Proposed Group's Disclosure Statement Order"), attached hereto as Annex B.  At this time, the

Group is not proposing its own solicitation procedures and intends to consult with the Debtors to

determine if an agreement can be reached regarding solicitation, presuming, of course that the

Court is inclined to approve at least one of the proposed disclosure statements filed.  In the event

such agreement can not be reached, the Group will seek approval of solicitation procedures by

separate motion.

## BACKGROUND

3.      Commencing on September 15, 2008 and periodically thereafter (as applicable,

the "Commencement Date"), LBHI and certain of its subsidiaries (together with LBHI, the

"Debtors") commenced with this Court voluntary cases under the Bankruptcy Code.  The

Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being

jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

4.      On September 17, 2008, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant

to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.      On September 19, 2008, a proceeding was commenced under the Securities

Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A

trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.      On March 15, 2010, the Debtors filed the Joint Chapter 11 Plan for LBHI and its

Affiliated Debtors [Docket No. 7572].  On April 14, 2010, the Debtors filed a revised proposed

chapter 11 plan [Docket No. 8330].  On January 25, 2011, the Debtors filed the First Amended

Joint Chapter 11 Plan (as it may be further amended or modified, the "Debtors' Plan") and a

disclosure statement related thereto (the "Debtors' Disclosure Statement") [Docket Nos. 14150;

14151].

7.      On December 15, 2010, the Group filed the Joint Substantively Consolidating

Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of Its Affiliated Debtors Other

Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC (as amended, revised or

otherwise modified, the "Group's Plan") [Docket No. 13504].  Also on December 15, 2010, the

Group filed the Group's Disclosure Statement related to the Group's Plan [Docket No. 13505].

8.     On March 14, 2011, the Debtors filed a Motion (i) for approval of the Debtors'

Disclosure Statement and the form and manner of notice of the Debtors' Disclosure Statement

hearing, (ii) establishing solicitation and voting procedures, (iii) scheduling a confirmation

hearing, and (iv) establishing notice and objection procedures for confirmation of the Debtors'

Plan [Docket No. 15078].  By Order to Show Cause, dated March 16, 2011, the Court scheduled

a hearing for June 28, 2011 at 10:00 a.m. and an objection deadline of May 27, 2011 at 4:00 p.m.

to consider approval of the Debtors' Disclosure Statement.

## JURISDICTION

9.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is

a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409.

## THE MOTION

### I.     Approval of the Group's Disclosure Statement Should Be Considered Concurrently with the Debtors' Disclosure Statement and Any Other Disclosure Statement Timely Filed

10.     At the time of the filing of the Group's Disclosure Statement, the Group was

aware that the Debtors were preparing substantial revisions to their existing proposed plan of

reorganization and intending on proposing a discovery protocol that would result in confirmation

of a plan, at the earliest, in late 2011.  Since that time, the Debtors have in fact filed an amended

plan and proposed a discovery protocol that extends into late 2011.  Rather than seeking approval

of the Group's Disclosure Statement prior to consideration of the Debtors' Disclosure Statement,

in the interest of efficiency, as well as frankly fundamental fairness, and to provide an

opportunity for plan negotiations to ensue, the Group determined to wait to seek approval of the

Group's Disclosure Statement until the Debtors were ready to move forward.

11.    In fact, in the Group's Disclosure Statement, the Group stated:

As of the date hereof, the Plan Proponents do not anticipate seeking approval of
this Disclosure Statement in advance of the Court's consideration of the Debtors'
Disclosure Statement.  Instead the Plan Proponents intend to request that the
Court consider approval of the Disclosure Statement and solicit the Plan
concurrently with that of the Debtors.

Group's Disclosure Statement at 2, n. 1.

12.    Despite such courtesies and efforts to limit what will otherwise undoubtedly be a

substantial burden on this Court if it must address, on different tracks, approval of multiple

disclosure statements and plans largely based on similar underlying facts, the Debtors

unfortunately failed to coordinate their own efforts with those of the Group regarding scheduling

and noticing of a disclosure statement hearing.[1]  In fact, the Debtors have indicated that they will

object to concurrent consideration of the Debtors' Disclosure Statement with that of the Group.

Nevertheless, now that the Debtors have moved the Court for approval of the Debtors'

Disclosure Statement and the Court has scheduled a hearing to consider such motion, the Group

believes it is appropriate to move forward with the Group's Disclosure Statement and requests

that the Court consider approval of the Group's Disclosure Statement concurrently with that of

the Debtors, including establishing consistent objection and response deadlines.

13.    Coordinating the approval process for the competing disclosure statements will

promote efficiency and fairness.  First, the Group's Disclosure Statement contains much of the

same information as the Debtors' Disclosure Statement concerning, for example, the

interrelationships of the Debtors' businesses and relevant financial information.  It would be

---

[1] The inefficiencies extend not only to the burdens on this Court, but also to the Debtors' estates, as they will have to
pay for professional fees that may be largely duplicative of the fees that would be incurred in a single unified
process.

wasteful of the Debtors' assets, the resources of the parties in interests and the time of this Court

to consider substantially similar information separately. Second, fairness dictates that the

competing disclosure statements and plans are presented to the Court and parties in interest

concurrently. Indeed, what is most important is that all timely filed plans be solicited and

considered simultaneously. This will prevent any party from claiming an advantage through

procedure over substance.

14.    The Group understands that other parties in interest may be considering proposing

alternative plans of reorganization. To the extent any additional competing plans are filed, the

Court may wish to consider establishing a process similar to that employed in the *Tribune* cases.

Specifically, in *Tribune*, Judge Carey established consistent deadlines for the filing of disclosure

statements and the solicitation and voting on competing plans.[2]

15.    Indeed, the Group supports full creditor participation in the process and believes

that all views should be considered. That said, the Group also believes that the time is now to

make those views known, at least to the extent parties wish to have alternative plans considered

concurrently with those of the Debtors and the Group. According to the Group's analysis, any

such alternative plan or plans would need to be on file and notice of the disclosure statement

hearing served by April 29, 2011, if consistent objection deadlines are to be used.

---

[2] See Order Scheduling a Hearing and Establishing Certain Deadlines to Consider Approval of Certain Disclosure Document(s) filed in *In re Tribune Co., et al.*, Case No. 08-13141 (KJC) [Docket No. 6022, Oct. 18, 2010]; Order (I) Approving General Disclosure Statement and Specific Disclosure Statements; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (III) Approving Forms of Ballots, Master Ballots and Related Instructions; (IV) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (V) Fixing Voting Record Date; (VI) Establishing Notice and Objection Procedures in Respect of Confirmation; (VII) Setting Confirmation Schedule and Establishing Parameters on Confirmation-Related Discovery; (VIII) Establishing New Deadline For Return of Media Ownership Certifications; (IX) Authorizing Expansion of Balloting and Tabulation Agent's Retention and Allocation of Costs of Same; and (X) Granting Related Relief filed in *In re Tribune Co., et al.*, Case No. 08-13141 (KJC) [Docket No. 7126, Dec. 9, 2010].

16.     The Group has consulted with the Debtors and the Creditors' Committee regarding concurrent consideration of disclosure statements.  While the Group would be happy to work with the Debtors and other parties in interest regarding the particulars of any joint hearing, unfortunately and somewhat inexplicably, as stated, the Debtors have objected to such concurrent consideration.  The Group understands that the Creditors' Committee has taken the Group's request under advisement.  Notwithstanding the Debtors' opposition, the Group respectfully represents that the relief sought herein is proper and requests that the Court schedule the Group's Disclosure Statement Hearing for the same date and time as the Debtors.

## II.     <u>Approval of the Notice of Group's Disclosure Statement Hearing</u>

17.     Rule 3017(a) of the Bankruptcy Rules provides as follows:

[A]fter a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

18.     Bankruptcy Rule 2002(b) and (d) requires notice to all creditors, indenture trustees, and shareholders of the time established for filing objections to, and the hearing to consider the approval of, a disclosure statement.  The Group proposes to serve the notices relating to the Group's Disclosure Statement Hearing (the "<u>Group's Disclosure Statement Notice</u>") substantially in the form of notice attached to the Proposed Scheduling and Notice Order as Exhibit 1.  Such notice is in substantially the same form as the notice related to the Debtors' Disclosure Statement and the hearing seeking approval thereof.  The Group proposes to serve the Group's Disclosure Statement Notice at least twenty-eight (28) calendar days prior to the Group's Disclosure Statement Objection Deadline by electronic and/or first class mail on: (i)

7

the U.S. Trustee; (ii) all parties entitled to notice pursuant to the order of the court implementing

notice procedures (the "Case Management Order")[3]; (iii) the Securities and Exchange

Commission (the "SEC"); (iv) the District Director of the Internal Revenue Service for the

Southern District of New York (the "IRS"); (v) the United States Attorney for the Southern

District of New York (the "DOJ"), and (vi) any other known holders of claims against or equity

interests in the Debtors.

19.    Epiq Bankruptcy Solutions, LLC ("Epiq") has been retained to act as claims and

noticing agent for the Debtors.[4]  In addition, pursuant to 28 U.S.C. § 156(c) and Local Rule

5075-1(a), Epiq has been appointed as agent for the Clerk of the Court and custodian of court

records.[5]  Because Epiq maintains the current list of creditors and equity security holders, the

Group intends to utilize Epiq to facilitate notice of the Group's Disclosure Statement Hearing.

The Group has contacted Epiq and the Debtors in this regard and both have indicated that they

have no objection.

20.    In accordance with Bankruptcy Rule 3017(a), the Group will provide, by

electronic or first class mail, a copy of the Group's Disclosure Statement and the Group's Plan to

(i) the U.S. Trustee; (ii) the SEC; (iii) attorneys for the Debtors; (iv) attorneys for the Creditors'

Committee; and (iv) all parties on the Master Service List in the Debtors' chapter 11 cases.

21.    The Group will provide copies of the Group's Disclosure Statement and the

Group's Plan to any party in interest who specifically requests such documents in the manner

specified in the Group's Disclosure Statement Notice and Bankruptcy Rule 3017(a).  Consistent

---

[3] Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated June 17, 2010 [Docket No. 9635].

[4] See Order Pursuant to 28 U.S.C. § 156(c) and Local Rule 5075-1(a) (i) Authorizing the Employment of Epiq Bankruptcy Solutions, LLC as Claims and Noticing Agent for the Debtor, and (ii) Appointing Epiq Bankruptcy Solutions, LLC as Agent of the Bankruptcy Court, dated September 16, 2008 [Docket No. 50].

[5] Id.

with the Debtors' stated intent, unless a specific request is made for printed hard copies, all such

documents will be provided in CD-ROM format.

## III.   **Approval of Disclosure Statement**

22.    Section 1125(b) of the Bankruptcy Code requires that a plan proponent provide

"adequate information" regarding the proposed plan of reorganization prior to soliciting votes for

such plan.  In particular, section 1125(a)(1) of the Bankruptcy Code states as follows:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonable practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential material
> Federal tax, consequences of the plan to the debtor, any successor
> to the debtor, and a hypothetical investor typical of the holders of
> claims or interests in the case, that would enable a hypothetical
> reasonable investor typical of holders of claims or interests of the
> relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

23.    The primary purpose of a disclosure statement is to provide all material

information that creditors and interest holders affected by a proposed plan need in order to make

an informed decision whether to vote for or against a chapter 11 plan.  See In re Momentum

Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir. 1994); In re Ionosphere Clubs, Inc., 179 B.R. 24, 29

(Bankr. S.D.N.Y. 1995).

24.    In examining the adequacy of the information contained in a disclosure statement,

the Court has broad discretion.  See Kirk v. Texaco, Inc., 82 B.R. 678, 682 (S.D.N.Y. 1988); In

re Oxford Homes, 204 B.R. 264, 267 (Bankr. D. Me. 1997).  This broad discretion provides a

bankruptcy court with flexibility and facilitates the effective resolution of chapter 11 cases by

accommodating the varying circumstances accompanying such cases.  See H.R. Rep. No. 595,

95th Cong., 1st Sess. 408-09 (1977).

25.     Courts evaluate whether a disclosure statement contains adequate information on a case-by-case basis, based on the facts and circumstances of each case.  See In re Phoenix Petroleum Co., 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001); In re Tex. Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir. 1988).

26.     The Group's Disclosure Statement is a product of the Group's extensive review and analysis of the circumstances leading to the Debtors' chapter 11 cases, the cases themselves, the Debtors' Disclosure Statement and a thorough analysis of the Group's Plan in light thereof. In drafting the Group's Disclosure Statement, the Group sought the assistance and input of their financial and legal advisors.

27.     The Group's Disclosure Statement contains, or will contain prior to solicitation, the pertinent information necessary for holders of impaired claims to make an informed decision about whether to vote to accept or reject the Group's Plan, including, but not limited to, a discussion of:

a)      an overview of the Group's Plan (Art. III);

b)      the basis for substantive consolidation (Art. II.B);

c)      the means for implementation of the Group's Plan (Art. V.C);

d)      the requirements for confirmation of the Group's Plan (Arts. V.F and VI);

e)      the Debtors' post-confirmation governance and management (Art. VII);

f)      risk factors relating to the Debtors and the Group's Plan (Art. IX);

g)      information regarding tax consequences potentially resulting from consummation of the Group's Plan (Art. X);

h)      a liquidation analysis under Chapter 7 (Exhibit 3); and

i)      the alternatives to the confirmation and consummation of the Group's Plan (Art. XI).

28.     The Group respectfully submits that the Group's Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code.  The Group will demonstrate at the Group's Disclosure Statement Hearing that the Group's Disclosure Statement addresses the information set forth above in a manner that provides holders of impaired Claims that are entitled to vote to accept or reject the Group's Plan with adequate information and should therefore be approved.

## NOTICE

29.     The Group has served notice of this Motion as it relates to the request for entry of the Proposed Scheduling and Notice Order in accordance with the procedures set forth in the Case Management Order on (i) the U.S. Trustee; (ii) the attorneys for the Debtors; (iii) the attorneys for the Creditors' Committee; (iv) the SEC; (v) the IRS; (vi) the DOJ; and (vii) all parties who have requested notice in these chapter 11 cases.  The Group submits that no other or further notice need be provided.

30.     No previous request for the relief sought herein has been made by the Group to this or any other court.

WHEREFORE, the Group respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  March 29, 2011
      New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Gerard Uzzi (GU – 2297)
J. Christopher Shore (JS – 6031)

By:  /s/ Gerard Uzzi
      Gerard Uzzi

ATTORNEYS FOR THE AD HOC GROUP
OF LEHMAN BROTHERS CREDITORS