**Hearing Date and Time: April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  April 6, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                                             :     **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :     **08-13555 (JMP)**
                                                                  :
                                       Debtors.         :     **(Jointly Administered)**
                                                                  :
------------------------------------------------------------------x

### NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC.
### TO COMPEL THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS
### TO COMPLY WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019

PLEASE TAKE NOTICE that on **April 13, 2011 at 10:00 a.m. (prevailing**

**Eastern Time)** a hearing will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"),

upon the annexed Motion of Lehman Brothers Holdings Inc. and its affiliated debtors

(collectively, the "Debtors") to compel the Ad Hoc Group of Lehman Brothers Creditors (the

"Ad Hoc Group") to comply with the requirements of Rule 2019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), all as more fully described in the Motion.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the

US_ACTIVE:\43657767\09\58399.0008

objecting party, the basis for the objection and the specific grounds thereof, shall be filed with

the Bankruptcy Court electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system

and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format

(PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Harvey R.

Miller, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2,

33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Tracy Hope Davis, Esq.,

Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.; and (iv) Milbank, Tweed, Hadley &

McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne,

Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of

Unsecured Creditors appointed in these cases, so as to be so filed and received by no later than

**April 6, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested in the Motion shall be deemed

unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a

hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 30, 2011
          New York, New York

/s/ Harvey R. Miller
Harvey R. Miller

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
In re                                                    :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    **08-13555 (JMP)**
:
Debtors.                       :    **(Jointly Administered)**
:
-----------------------------------------------------------------x

**MOTION OF LEHMAN BROTHERS HOLDINGS INC.**
**TO COMPEL THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS**
**TO COMPLY WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and

debtors in possession (together, the "Debtors"), move to compel compliance with Federal Rule

of Bankruptcy Procedure 2019 ("Rule 2019") by the so-called "Ad Hoc Group of Lehman

Brothers Creditors" (the "Ad Hoc Group"), and respectfully represent:

**Preliminary Statement**

1.        Pursuant to Rule 2019, entities and committees that represent more than

one creditor are required to file a verified statement (a "Rule 2019 Statement") with the court

that discloses, among other things, the names and addresses of the committee's members, the

nature and amounts of claims or interests they hold, when such claims or interests were acquired,

amounts paid for such claims or interests, any disposition of such claims or interests, details

regarding the formation of the committee, and a copy of the documents governing the committee.

FED. R. BANKR. P. 2019(a).[1]  Rule 2019 further provides that "the court may refuse to permit that

entity, [or] committee. . . to be heard further or to intervene in the case" and "hold invalid any

authority, acceptance, rejection, or objection given, procured, or received by an entity or

committee who has not complied with [the] rule."  FED. R. BANKR. P. 2019(b).

         2.      Sometime in or around May 2009, three entities asserting to hold claims

against LBHI totaling approximately $12.5 billion as well as other claims against LBHI affiliates

elected to organize and conferred upon themselves the title "Ad Hoc Group."  The Ad Hoc

Group engaged as its attorneys White & Case LLP ("White & Case") and upon information and

belief, adopted an agreement to govern its activities.  White & Case first appeared in these cases

on behalf of the Ad Hoc Group on May 12, 2009.  Thereafter, White & Case filed a Rule 2019

Statement pursuant to Rule 2019, dated June 15, 2009.  The Ad Hoc Group did not file any Rule

2019 Statements.  Subsequently, as the membership of the Ad Hoc Group changed, White &

Case filed two supplemental Rule 2019 Statements, dated respectively, June 22, 2010 and March

---

[1] Rule 2019 requires that:

    (a)  In a . . . chapter 11 reorganization case . . . every entity or committee representing more than one creditor or equity security holder . . . shall file a verified statement setting forth

        (1) the name and address of the creditor or equity security holder;

        (2) the nature and amount of the claim or interest and the time of acquisition thereof unless it is alleged to have been acquired more than one year prior to the filing of the petition;

        (3). . . in the case of a committee, the name or names of the entity or entities at whose instance, directly or indirectly, the employment was arranged or the committee was organized or agreed to act; and

        (4) with reference to the time of . . . the organization or formation of the committee, . . . the amounts of claims or interests owned by . . . the members of the committee . . . , the times when acquired, the amounts paid therefor, and any sales or other disposition thereof.

    The statement shall include a copy of the instrument, if any, whereby  the . . . committee . . . is empowered to act on behalf of creditors or equity security holders.  A supplemental statement shall be filed promptly, setting forth any material changes in the facts contained in the statement filed pursuant to this subdivision.

Fed. R. Bankr. P. 2019(a).

21, 2011. None of the Rule 2019 Statements filed by White & Case is compliant with Rule

2019. More significantly, the Ad Hoc Group, which White & Case now asserts consists of

thirteen members allegedly holding claims against LBHI and its affiliates totaling approximately

$20.2 billion, has never complied with Rule 2019, purportedly on the ground that it does not

deem itself a committee subject to Rule 2019.

3.     Notwithstanding its denomination as a "group," the Ad Hoc Group

functions as an entity or a *de facto* committee that represents more than one creditor. The Ad

Hoc Group has actively participated through White & Case in the chapter 11 cases and a

multitude of proceedings in this Court. The Ad Hoc Group has approved and filed numerous

pleadings in these chapter 11 cases. Indeed, the Ad Hoc Group has proposed and filed a chapter

11 plan for LBHI and certain of its affiliates.

4.     Compliance with Rule 2019 is mandatory. The Ad Hoc Group should be

directed to fully comply with Rule 2019 or otherwise be denied further participation in these

chapter 11 cases.

### Background

5.     Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of

title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b). The Debtors are authorized to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On January 25, 2011, the Debtors filed their first amended joint chapter 11 plan [Docket No. 14150] and a related disclosure statement pursuant to section 1125 of the Bankruptcy Code [Docket No. 14151].

7.      On December 15, 2010, the Ad Hoc Group filed their proposed joint chapter 11 plan for LBHI and certain of its affiliated Debtors [Docket No. 13504] predicated upon substantively consolidating the chapter 11 cases of the Debtors with minor exceptions.  The Ad Hoc Group also filed a related disclosure statement pursuant to section 1125 of the Bankruptcy Code [Docket No. 13505].

### Jurisdiction

8.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

### Lehman's Business

9.      Information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Relief Requested

10.      The Debtors seek to compel full compliance with Rule 2019 by the Ad Hoc Group.  The Ad Hoc Group has not publicly provided even minimal information required under Rule 2019, and absent compliance, should be barred from participation in these chapter 11 cases.

## The Ad Hoc Group

11.    The Ad Hoc Group first appeared in these cases on May 12, 2009.[1]  One

month later, on June 15, 2009, White & Case, as attorneys subject to Rule 2019, filed a statement

(the "Initial Statement") [Docket No. 3953], identifying that there were three members of the Ad

Hoc Group.  More than a year later, White & Case, again as attorneys, filed a supplemental Rule

2019 Statement, dated June 22, 2010 (the "Supplemental Statement") [Docket No. 9718], listing

eleven entities as members of the Ad Hoc Group.  Nine months later, after numerous requests by

the Debtors that the Ad Hoc group comply with Rule 2019, White & Case filed a third

supplemental statement dated March 21, 2011 [Docket No. 15216] (the "Third Statement" and,

together with the Initial Statement and the Supplemental Statement, the "Statements"), in which

it listed thirteen entities as members of the Ad Hoc Group.  No statement pursuant to Rule 2019

has ever been filed by the Ad Hoc Group.  In addition, the Statements filed by White & Case are

not compliant with Rule 2019 because they do not disclose the nature and amount of the claims

or interests held by the members of the Ad Hoc Group, the time of acquisition and a recital of the

pertinent facts and circumstances in connection with White & Case's retention as attorneys for

the Ad Hoc Group; or a copy of the instrument whereby White & Case is empowered to act on

behalf of the Ad Hoc Group.

12.    The Ad Hoc Group has filed approximately 30 pleadings, including

responses to the Debtors' motions, an objection to the Debtors' proposed chapter 11 plan, and its

own competing chapter 11 plan for certain of the Debtors (the "Ad Hoc Plan").[2]  As a plan

---

[1] White & Case, together with Dewey & LeBoeuf LLP ("Dewey & LeBoeuf"), filed a Notice of Appearance and
Request for Service of Papers on May 12, 2009 [Docket No. 3552], which indicated that White & Case and Dewey
& LeBoeuf LLP were appearing on behalf of the Ad Hoc Group.

[2] *See* Docket Nos. 3552, 3557, 3744, 3914, 3953, 4079, 4318, 4326, 4393, 4625, 5122, 5357, 5864, 6208, 6612,
7527, 8300, 9718, 9905, 10752, 10753, 11048, 11487, 13504, 13505, 13614, 15216, 15217 for examples of the Ad
Hoc Group's involvement in these cases.

proponent and as a group allegedly holding substantial claims against the Debtors, in the

interests of full transparency, it is incumbent upon and essential that the Ad Hoc Group comply

with Rule 2019.

## The Ad Hoc Group Must Comply with the Requirements of Rule 2019

13.    Compliance with the requirements of Rule 2019 have been rigorously

enforced in this District.  In *In re Northwest Airlines Corp. et al.*, the Court held that Rule 2019,

on its face, required an ad hoc committee of equity security holders to supplement its statement

to comply with Rule 2019.  The *Northwest* Court ordered that the ad hoc committee comply with

the requirements of Rule 2019 within three business days.  363 B.R. 701, 701 (Bankr. S.D.N.Y.

2007) (ALG).  In that case, Judge Gropper stated:

> By its plain terms, [Bankruptcy Rule 2019] requires disclosure of
> "the amounts of claims or interests owned by the members of the
> committee, the times when acquired, the amounts paid therefor,
> and any sales or other disposition thereof."

*Id.* at 702.

14.    In *Northwest*, Judge Gropper explicitly rejected the argument posited that

the ad hoc committee was not an "entity or committee representing more than one creditor or

equity security holder" because, allegedly, no member of the ad hoc committee represented any

party other than itself and only counsel to that ad hoc committee represented "more than one

creditor or equity security holder."  *Id.* at 703.  In response, the Court stated that "Rule [2019]

cannot be so blithely avoided" and explained that the ad hoc committee's *own actions* supported

its treatment as a "committee":

> Ad hoc or unofficial committees play an important role in
> reorganization cases.  By appearing as a "committee" of
> shareholders, the members purport to speak for a group and
> implicitly ask the court and other parties to give their positions a
> degree of credibility appropriate to a unified group with large
> holdings.

*Northwest*, 363 B.R. at 703.

15.    Judge Gropper set forth the certain characteristics of an ad hoc committee

that led the Court to conclude that Rule 2019 was applicable to the members of the ad hoc

committee in that case, and not only to the ad hoc committee's attorneys:

> [Counsel to the ad hoc committee's] clients appeared in these
> Chapter 11 cases as a "Committee."  Their notice of appearance
> was as a committee, and it is the "Ad Hoc Committee" that has
> moved for the appointment of an official shareholders' committee
> and has been actively litigating discovery issues in numerous
> hearings and conferences before the Court.  Counsel was retained
> by the "Committee" and is compensated by the "Committee" on
> the basis of work performed for the Committee (and not each
> individual member).  The law firm does not purport to represent
> the separate interests of any Committee member; it takes its
> instructions from the Committee as a whole and represents one
> entity for purposes of the Rule.

*Northwest*, 363 B.R. at 703.

16.    The Bankruptcy Court for the District of Delaware, in *In re Washington

Mutual, Inc., et al.*, agreed with the "well-reasoned decision of Judge Gropper in *Northwest . . .*

and conclude[d] that Rule 2019 requires disclosure from the members of [an ad hoc group of

noteholders]."  419 B.R. 271, 276-77 (Bankr. D. Del. 2009) (MFW).  In *Washington Mutual*, the

Court was not persuaded by an ad hoc group's argument that the group was not a committee but

merely a "loose affiliation" of creditors because, according to the court, "[t]he at-will nature of

committee membership is one of the defining characteristics of ad hoc committees."  *Id*. at 274.

The Delaware court held that a group of noteholders is required to comply with the requirements

of Rule 2019, even though it referred to itself as a "group" and not a "committee," because, in

that case, the group of noteholders "possesse[d] virtually all the characteristics typically found in an ad hoc committee, save the name." *Id*. at 275.[1]

17.     *Washington Mutual* dealt with the precise situation presented by the Ad Hoc Group in the case at bar, and the characteristics cited by *Washington Mutual* were similar to those cited in *Northwest*, namely:

> The [noteholders group] consists of multiple creditors holding similar claims. The members of the [noteholders group] filed pleadings and appeared in these chapter 11 cases collectively, not individually. The [noteholders group] retained counsel, which takes its instructions from the Group as a whole. While counsel contends that it speaks only for the members of the [noteholders group] that agree with the filing of each pleading or position taken in each appearance, counsel for the Group has never advised this Court that it is representing less than all the Group. Rather the pleadings and appearances by counsel demonstrate that the Group and counsel represent not each individual member in its individual capacity, but rather the Group as a whole.

*Id.*

18.     Rule 2019 was recently addressed in *In re Motors Liquidation Co. et al., f/k/a General Motors Corp., et al.*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y.).  In that case, a group of noteholders had filed, on February 11, 2011, a joinder to an objection to the chapter 11 plan proposed by the debtors [Docket No. 9207].  On February 23, 2011, the Court ordered that "if the Group [of noteholders] does not timely comply, in full, with the requirements of [Rule 2019], the Group's submission will not be considered" [Docket No. 9403].  As a result, the noteholders group subsequently filed a Rule 2019 Statement (the "GM Noteholders Rule 2019 Statement") setting forth, among other things, the names and addresses of the members of the

---

[1] In *In re Premier Int'l Holdings, Inc.*, 423 B.R. 58, 65 (Bankr. D. Del. 2010) (CSS), the Delaware Bankruptcy Court denied a motion to compel disclosure by noteholder group, reasoning that the group did not constitute a "committee" under Rule 2019.  The *Premier* decision is inconsistent with the *Washington Mutual* decision within the same District.

group, the amount of notes held by each party, the dates the notes were acquired or sold, the

circumstances of the group's formation, and trading information associated with the notes,

including when notes were bought and sold, the quantity bought and sold, and the price paid for

such notes.  *See* GM Noteholders Rule 2019 Statement, filed March 8, 2011 [Docket No. 9673].

19.    "While an opinion of one bankruptcy judge in this District is not, strictly

speaking, binding on another [sic], it is the practice of this Court to grant great respect to the

earlier bankruptcy court precedents in this District, particularly since they frequently address

issues that have not been addressed at the Circuit level."  *In re General Motors Corp.*, 407 B.R.

463, 487 & n.19 (Bankr. S.D.N.Y. 2009) (citing *In re Adelphia Commc'n Corp.*, 359 B.R. 65, 72

n.13 (Bankr. S.D.N.Y. 2007) ("This Court has been on record for many years as having held that

the interests of predictability in this District are of great importance, and that where there is no

controlling Second Circuit authority, it follows the decisions of other bankruptcy judges in this

district in the absence of clear error.")).

20.    The reasoning and decision in *Northwest* supports requiring the Ad Hoc

Group to fully comply with the requirements of Rule 2019.  The Ad Hoc Group has "actively

litigated" in these cases as a single represented entity.  The attorneys for the Ad Hoc Group have

appeared as the attorneys for the group and never advised the Court that they represented less

than the full group.  Similarly, White & Case was engaged to represent the Ad Hoc Group and is

compensated by the Ad Hoc Group according to its governmental documents.  Such attorneys do

not purport to represent the separate interests of any Ad Hoc Group member.  The Ad Hoc Group

falls squarely within the legal principle enunciated in *Northwest*.

21.    The Debtors, creditors and parties in interest should have available to them

knowledge as to the status, claims and governance of the Ad Hoc Group.  Transparency is the

essence of the bankruptcy process.  The Ad Hoc Group should not be allowed to evade the

responsibilities of compliance with Rule 2019 by adopting a self-serving label of a "group."

22.     Full compliance with Rule 2019 is mandatory and should be directed as

necessary to uphold the integrity of the Debtors' cases and their administration.  The Debtors'

efforts to have the Ad Hoc Group voluntarily comply with Rule 2019, which resulted in the

Third Supplemental Statement of March 21, 2011, have not been successful.  Participation in

these chapter 11 cases by the Ad Hoc Group and its attorneys should be proscribed unless and

until all the requirements of Rule 2019 are satisfied.

## Notice

23.     No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Motion in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures [Docket No. 9635], on (i) attorneys for the Ad Hoc Group; (ii) the United States

Trustee for Region 2; (iii) the attorneys for the statutory committee of unsecured creditors; (iv)

the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United

States Attorney for the Southern District of New York; and (vii) all parties who have requested

notice in these chapter 11 cases.  No other or further notice need be provided.

24.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Motion be granted and

the Debtors granted such relief as is just.

Dated:  March 30, 2011
        New York, New York

                                        /s/ Harvey R. Miller
                                        Harvey R. Miller

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                           :

In re                                         :        Chapter 11 Case No.
                                                             :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :        08-13555 (JMP)
                                                             :

                              Debtors.        :        (Jointly Administered)
                                                             :

---------------------------------------------------------------x

### ORDER COMPELLING THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS TO COMPLY WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019 AND RELATED RELIEF

Upon the motion, dated March 30, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), to compel full compliance of the Ad Hoc

Group of Lehman Brothers Creditors (the "Ad Hoc Group") with to Rule 2019 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures [Docket No. 9635] to (i) the United States Trustee for Region 2; (ii) the attorneys for

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; and (vi) all parties who have requested notice in these chapter 11 cases; and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Ad Hoc Group must comply with the requirements of

Bankruptcy Rule 2019 within three business days and file with the Court, at a minimum, the

following information: (1) the names and addresses of the members of the Ad Hoc Group; (2) the

nature of the claims and interests held by the members of the Ad Hoc Group; (3) the amounts

paid for the claims and interests held by the members of the Ad Hoc Group; (4) the date of

acquisition of the claims and interests held by the members of the Ad Hoc Group; (5) the details

of any disposition of the claims and interests held by the members of the Ad Hoc Group; (6) a

recital of the pertinent facts and circumstances in connection with the formation of the Ad Hoc

Group and the name or names of the entity or entities at whose instance, directly or indirectly,

the Ad Hoc Group was formed; and (7) a copy of the instrument whereby the Ad Hoc Group is

empowered to act; and it further

ORDERED that the participation in the Debtors' cases of the Ad Hoc Group and

its counsel is barred unless and until all such disclosure deficiencies are fully cured; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE