UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**APPELLANT U. S. BANK NATIONAL ASSOCIATION'S DESIGNATION OF RECORD ON APPEAL AND STATEMENT OF ISSUES**

On March 17, 2011, Appellant U.S. Bank National Association, as Owner Trustee and/or Indenture Trustee (the "*Appellant*"), filed its Notice of Appeal with respect to the Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Vehicle Counterparties (the "*Order*"), entered in the above captioned proceeding on March 3, 2011 [Docket No. 14789]. Pursuant to Fed. R. Bankr. P. 8006, the Appellant, through its undersigned counsel, hereby timely submits its Designation of Record on Appeal and Statement of Issues.

Appellant designates the following orders, judgments, pleadings, exhibits, declarations and other written documents:

| DOCKET NO. | DESCRIPTION |
|---|---|
| 13009 | Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties |
| 13305 | Objection of Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute |

| DOCKET NO. | DESCRIPTION |
|---|---|
| | Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties |
| 13306 | Ballyrock ABS CDO 2007-1 Limited's Limited Objections To Debtors Motion And Proposed Order To Implement ADR Procedures Concerning Special Purpose Vehicle Counterparties |
| 13307 | Objection of U.S. Bank National Association as Trustee to the Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims of Debtors Under Derivative Contracts With Special Purpose Counterparties with exhibits attached thereto |
| 13886 | Debtors' Omnibus Response to Objections to Motion of the Debtors Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties |
| 14508 | Notice of Succession of U.S. Bank to the Objection of Bank of America National Association as Trustee to the Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts with Special Purpose Counterparties |
| 14789 | Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Vehicle Counterparties |
| 14803 | Transcript regarding hearing held on 03/03/2011 |

## STATEMENT OF ISSUES

This appeal presents the following issues:

1. Did the Bankruptcy Court err by requiring a SPV Derivatives Counterparty (as defined in the Order) to "identify and designate by written notice . . . a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty" and allow for the imposition of sanctions by the Bankruptcy Court for the failure to designate an Authorized Designee (as defined in the Order).

2. Did the Bankruptcy Court err by requiring a SPV Derivatives Counterparty and/or a SPV Trustee (as defined in the Order) to incur costs, including but not limited to the following costs: (a) the costs of a financial advisor, (b) publishing the required notices in the Wall Street Journal and Financial Times over three consecutive business days, and (c) the legal fees and expenses associated with the mediation process, where the applicable governing documents both: (i) contain limitations on the Appellant's ability to incur extraordinary expenses, and (ii) provide that the Appellant is not required to risk or expend its own funds.

3. Did the Bankruptcy Court err by requiring a SPV Derivatives Counterparty and/or a SPV Trustee to provide notice to holders of notes or certificates using methods not required or contemplated by the relevant governing documents, including, but not limited to, requiring notice by publication.

4. Did the Bankruptcy Court err by conditioning: (i) the transmission of the SPV Derivatives ADR Package by the SPV Trustees to noteholders, certificateholders or other parties with an economic interest in the affected transaction, and (ii) the transmission to noteholders, certificateholders and other parties with an economic interest in the negotiations at the mediation, both upon the receipt of a writing from such noteholder, certificateholder or other interested party that such person or entity will maintain the confidentiality of the SPV Derivatives ADR

Package and any other related information received by such person and otherwise abide by the confidentiality provisions of the Order.

5. Did the Bankruptcy Court err by failing to require the Debtors to provide any information the Debtors have or may acquire with respect to the identities of the beneficial holders of notes, certificates or other economic interests in the affected transaction to the SPV Derivatives Counterparty and the SPV Trustees.

Dated: March 31, 2011
Chicago, Illinois

/s/ Franklin H. Top
James E. Spiotto
Ann Acker
Franklin H. Top, III
Chapman and Cutler LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone (312) 845-3000
Facsimile (312) 70102361

Craig Price
Chapman and Cutler LLP
330 Madison Avenue, 34th Floor
New York, New York 10017
Telephone (212) 655-6000

## CERTIFICATE OF SERVICE

On March 31, 2011, the undersigned, attorney for Appellant, hereby certifies that a true and accurate copy of the foregoing **Appellant U.S. Bank National Association's Designation of Record on Appeal and Statement of Issues** was filed electronically through the Court's ECF system on parties requesting electronic service and by U.S. Mail, First Class, Postage Prepaid to the following persons:

>Honorable James M. Peck
>United States Bankruptcy Court
>Southern District of New York
>Alexander Hamilton Custom House
>One Bowling Green, Room 601
>New York, NY 10004-2870
>
>Mr. Andrew D. Velez-Rivera
>Office of United States Trustee
>33 Whitehall Street, 21st Street
>New York, NY 10004
>
>Richard P. Krasnow, Esq.
>Weil Gotshal & Manges LLP
>767 Fifth Avenue
>New York, NY 10153
>
>Dennis F. Dunne, Esq.
>Milbank, Tweed, Hadley & McCloy LLP
>1 Chase Manhattan Plaza
>New York, NY 10005

_____
Craig M. Price