ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Co-Counsel for Plaintiffs-Appellants

[Additional counsel appear on signature page.]

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :   Case No. 08-13555-JMP
    :
    :   Chapter 11
           Debtor.   :
    :
———————————————————— :
KA KIN WONG, *et al.*,    :
    :
          Plaintiffs,   :   Adversary Proceeding
    :   No. 09-01120-JMP
    vs.    :
    :
HSBC BANK USA, NATIONAL
ASSOCIATION, *et al.*,    :
    :
         Defendants.   :
    :
———————————————————— x

PLAINTIFFS-APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL
AND DESIGNATION OF CONTENTS OF THE RECORD

615963_2

Plaintiffs KA KIN WONG, SIU LUI CHING, TIM CHOY FUNG, LIN TEI TSE, SAU

KING TSE, LAI KUEN CHAN, FUK SHING WONG, SIU KWAN WONG, YEE MING SHEN

and YUEN FUN TANG, derivatively on behalf of a trust administered by HSBC Bank USA, N.A.,

and on behalf of themselves as well as all others similarly situated (collectively, "Plaintiffs-

Appellants" or "Plaintiffs"), in the matter *Ka King Wong v. HSBC Bank USA, Nat'l Ass'n*, No. 09-

01120-JMP (S.D.N.Y. Bankr. Mar. 12, 2009) (the "Adversary Proceeding"), filed a Notice of Appeal

on March 17, 2011, in the matter *In re: Lehman Brothers Holdings Inc., et al.*, No. 08-13555-JMP

(Dkt. No. 15143) (the "Notice"), pursuant to 28 U.S.C. §158 and Rule 8001 of the Federal Rules of

Bankruptcy Procedure, to appeal from the Bankruptcy Court's Alternative Dispute Resolution

Procedures Order for Affirmative Claims of the Debtors Under Derivatives Transactions with

Special Purpose Vehicle Counterparties (the "Bankruptcy Order") (Dkt. No. 14789), and from the

Bankruptcy Court's overruling Plaintiffs' objection to such procedures (Dkt. Nos. 13823, 13827)

("Plaintiffs' Objection").

### THIS APPEAL IS RELATED TO OTHER APPELLATE PROCEEDINGS

The Bankruptcy Order and Plaintiffs' Objection are related to the Adversary Proceeding

currently pending before the Bankruptcy Court, and to the following Appellate Proceedings: (1) *Ka*

*Kin Wong v. HSBC USA, Inc.*, No. 1:10-cv-00017-WHP (S.D.N.Y. Jan. 4, 2010); and (2) *Ka Kin*

*Wong v. HSBC USA, Inc.*, No. 1:10-cv-00096-WHP (S.D.N.Y. Jan. 7, 2010), The Honorable

William H. Pauley III, presiding.  In those Appellate Proceedings, the District Court reversed the

Bankruptcy Court's dismissal of the initial complaint filed in the Adversary Proceeding.  *See Ka Kin*

*Wong v. HSBC USA, Inc.*, No. 1:10-cv-00017-WHP, Memorandum & Order (S.D.N.Y. Aug. 9,

2010); *Ka Kin Wong v. HSBC USA, Inc.*, No. 1:10-cv-00096-WHP, Memorandum & Order

- 1 -

(S.D.N.Y. Aug. 9, 2010) (together, the "District Court Orders").  Copies of the District Court Orders are attached hereto as Exhibit A and Exhibit B.

Plaintiffs hereby submit their statement of issues to be presented on appeal and designation of record on appeal.

## STATEMENT OF ISSUES

Plaintiffs intend to present the following issues on appeal:

1.       Whether the Bankruptcy Court erred as a matter of fact or law in failing to amend the Bankruptcy Order to comply with the District Court Orders?

2.       Whether the Bankruptcy Court erred as a matter of fact or law in permitting debtor Lehman Brothers Special Financing Inc. ("LBSF") to negotiate with HSBC Bank USA, National Association (defendants in the Adversary Proceeding) ("HSBC Bank"), and/or their agents or entities under their separate or common control, to settle claims concerning the Adversary Proceeding, when the District Court Orders reversed and remanded the Bankruptcy Court's dismissal of the initial Adversary Proceeding complaint, and in so reversing, the District Court found:

> Despite representations in the Minibonds prospectuses that neither Lehman Brothers nor any of its subsidiaries exercised control over the Issuer, Lehman Brothers designed the Minibonds program and directed the Issuer's activities.  As a party to the trust deeds, LBSF was substantially involved in that process.  The Issuer then created a trust that, in certain circumstances, distributes its only collateral to a Lehman entity, rather than the trust's sole beneficiary.  Juxtaposed against the promise that the Minibonds would be secured by highly-rated collateral, this is an odd result. . . .  ***Furthermore, the recently released Examiner's report reveals cooperation between HSBC and Lehman Brothers at the highest levels during Lehman Brothers' collapse***.

*See* District Court Orders at 12-13.

3.       Whether the Bankruptcy Court erred as a matter of fact or law in overruling HSBC Bank's objection and joinder (Dkt. No. 13315), in which HSBC Bank admitted that it "ha[d] no

economic interest" in the subject transactions, and erred in requiring HSBC Bank to negotiate with

debtors to settle claims in which HSBC Bank had no economic interest?

    4.    Whether the Bankruptcy Court erred as a matter of fact or law in holding that

Plaintiffs' Objection to the Bankruptcy Order was untimely?

    5.    Whether the Bankruptcy Court erred as a matter of fact or law for any other reason or

reasons?

## DESIGNATION OF CONTENTS OF RECORD

Plaintiffs designate the following items for inclusion in the record on appeal:

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 1 | 03/12/2009 | 1 | Adversary case 09-01120. Complaint against HSBC USA, INC., HSBC Bank PLC, Pacific International Finance Limited, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) Ltd.), HSBC Holdings PLC, Scott Aitken, Cereita Lawrence, Sarah Coombs, Janet Crawshaw, Sylvia Lewis, The Bank of New York Mellon Corporation, Lehman Brothers Special Financing Inc. |
| 2 | 04/13/2009 | 6 | So Ordered Stipulation and Order Signed on 4/13/2009 Extending the Time for the Defendants to Move, Answer or Otherwise Respond to the Complaint to May 13, 2009. (Nulty, Lynda) (Entered: 04/13/2009) |
| 3 | 05/27/2009 | 11 | Answer to Complaint (Related Doc #1 ) filed by Eric A. Schaffer on behalf of The Bank of New York Mellon. (Attachments: #1 Certificate of Service) (Schaffer, Eric) (Entered: 05/27/2009) |
| 4 | 05/27/2009 | 12 | Corporate Ownership Statement filed by David G. Januszewski on behalf of HSBC USA, INC. (Januszewski, David) (Entered: 05/27/2009) |

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 5 | 05/27/2009 | 13 | Motion to Dismiss Case *//Notice of HSBC USA, Inc's Motion to Dismiss the Class Action Complaint, Abstain or Stay the Adversary Proceeding* filed by David G. Januszewski on behalf of HSBC USA, INC. with hearing to be held on 7/15/2009 at 10:00 AM at Courtroom 601 (JMP) Responses due by 7/10/2009, (Januszewski, David) (Entered: 05/27/2009) |
| 6 | 05/27/2009 | 14 | Affidavit *of Song Qun in Support of Motion to Dismiss* filed by David G. Januszewski on behalf of HSBC USA, INC. (Attachments: #1 Exhibit B #2 Exhibit C #3 Exhibit D-F #4 Exhibit G-J) (Januszewski, David) (Entered: 05/27/2009) |
| 7 | 05/27/2009 | 15 | Matrix *//Appendix of Unreported Authorities* filed by David G. Januszewski on behalf of HSBC USA, INC. (Attachments: #1 Appendix Part 2) (Januszewski, David) (Entered: 05/27/2009) |
| 8 | 05/27/2009 | 16 | Memorandum of Law *in Support of Motion to Dismiss, Abstain or Stay Action* filed by David G. Januszewski on behalf of HSBC USA, INC. (Januszewski, David) (Entered: 05/27/2009) |
| 9 | 05/27/2009 | 17 | Motion to Dismiss Adversary Proceeding: *Defendant Lehman Brothers Special Financing Inc.'s Motion to Dismiss the Complaint* filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. with hearing to be held on 7/15/2009 at 10:00 AM at Courtroom 601 (JMP) Responses due by 6/23/2009, (Attachments: #1 Exhibit 1 #2 Exhibit 2) (Slack, Richard) (Entered: 05/27/2009) |
| 10 | 05/28/2009 | 18 | Affidavit of Service *of Herb Baer of Epiq Bankruptcy Solutions, LLC* (related document(s) 17) filed by Shai Waisman on behalf of Lehman Brothers Special Financing Inc. (Waisman, Shai) (Entered: 05/28/2009) |
| 11 | 05/28/2009 | 19 | Corporate Ownership Statement filed by Eric A Schaffer on behalf of The Bank of New York Mellon. (Schaffer, Eric) (Entered: 05/28/2009) |
| 12 | 05/28/2009 | 20 | Statement *Plaintiffs' Report Pursuant to Fed. R. Civ. P. 26(f)* filed by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Attachments: #1 Exhibit A #2 Exhibit B) (Mandlekar, Ray) (Entered: 05/28/2009) |

| Designation Number | Filing Date or Document Date | Docket No. | Description |
|---|---|---|---|
| | Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | |
| 13 | 06/04/2009 | *1174 | Transcript regarding Hearing Held on 6/3/09 at 10:04 AM. (Richards, Beverly) Modified on 6/10/2009 (Richards, Beverly). (Entered: 06/05/2009) (*Docket Number in Case No. 08-01420-JMP) |
| 14 | 06/15/2009 | 31 | Motion to Stay // *Defendant Lehman Brothers Special Financing Inc.'s Notice of Motion and Motion to Stay Discovery Pending Determination of Its Motion to Dismiss the Complaint* filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. (Attachments: #1 Declaration of Richard W. Slack #2 Proposed Order) (Slack, Richard) (Entered: 06/15/2009) |
| 15 | 06/17/2009 | 33 | So Ordered Stipulation and Consent Order Signed on 6/17/2009 Permitting Intervention of Official Committee of Unsecured Creditors in Adversary Proceeding. (Nulty, Lynda) (Entered: 06/17/2009) |
| 16 | 07/08/2009 | 36 | So Ordered Stipulation signed on 7/8/2009 Between Plaintiffs and Defendants Establishing Uniform Schedule for Answers or Motion Practice and Setting Return Date. (Bush, Brent) (Entered: 07/08/2009) |
| 17 | 07/09/2009 | 37 | Motion to Dismiss Adversary Proceeding, *Abstain, or Stay the Adversary Proceeding* filed by David G. Januszewski on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Januszewski, David) (Entered: 07/09/2009) |
| 18 | 07/09/2009 | 38 | Declaration *of Patricia Farren in Support of the Motion to Dismiss the Class Action Complaint, Abstain, or Stay the Adversary Proceeding* filed by David G. Januszewski on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Januszewski, David) (Entered: 07/09/2009) |

615963_2

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 19 | 07/09/2009 | 39 | Memorandum of Law *in Support of the Motion to Dismiss the Class Action Complaint, Abstain, or Stay the Adversary Proceeding* filed by David G. Januszewski on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, Cereita Lawrence, Sylvia Lewis, Pacific International Finance Limited. (Januszewski, David) (Entered: 07/09/2009) |
| 20 | 07/09/2009 | 40 | Corporate Ownership Statement filed by David G. Januszewski on behalf of HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, Pacific international Finance Limited. (Januszewski, David) (Entered: 07/09/2009) |
| 21 | 07/09/2009 | 42 | Opposition *Plaintiffs' Opposition to Defendant Lehman Brothers Special Financing Inc.'s Motion to Stay Discovery Pending Determination of Its Motion to Dismiss the Complaint* (related document(s) 31) filed by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Attachments: #1 Exhibit A #2 Exhibit B #3 Exhibit C #4 Exhibit D #5 Exhibit E #6 Exhibit F #7 Exhibit G #8 Certificate of Service) (Mandlekar, Ray) (Entered: 07/09/2009) |
| 22 | 07/10/2009 | 43 | Statement *Of Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al. In Support Of Debtors' Motion To Stay Discovery Pending Determination Of Debtors' Motion To Dismiss The Complaint* (related document(s) 31) filed by Dennis F. Dunne on behalf of Official Committee Of Unsecured Creditors. (Dunne, Dennis) (Entered: 07/10/2009) |
| 23 | 07/14/2009 | 44 | Reply to Motion: *Reply Brief In Support of Defendant Lehman Brothers Special Financing Inc.'s Motion to Stay Discovery Pending Determination of its Motion to Dismiss the Complaint* (related document(s) 31) filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. (Slack, Richard) (Entered: 07/14/2009) |

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 24 | 07/17/2009 | *4440 | Transcript regarding Hearing Held on 7/15/09 10:03 AM. (Richards, Beverly) (Entered: 07/17/2009) (*Docket Number in Case No. 08-13555-JMP) |
| 25 | 07/30/2009 | 54 | Order Signed on 7/30/2009 Granting the Defendant Lehman Brothers Special Financing Inc.'s Motion to Stay Discovery Pending Determination of Its Motion to Dismiss the Complaint. (Related Doc #31) (Nulty, Lynda) (Entered: 07/30/2009) |
| 26 | 07/31/2009 | 55 | Motion to Withdraw the Reference (related document(s) 1) filed by Robert F. Elgidely on behalf of Lai Mei Chan, Siu Lui Ching, Chun Ip, Sing Heung, Jin Liu, Ka Kin Wong, Yin Ying Leung. Responses due by 8/14/2009, (Elgidely, Robert) (Entered: 07/31/2009) |
| 27 | 07/31/2009 | 56 | Memorandum of Law *In Support Of Plaintiffs' Motion To Withdraw Reference Of Adversary Proceeding* (related document(s) 55) filed by Robert F. Elgidely on behalf of Lai Mei Chan, Siu Lui Ching, Chun Ip, Sing Heung, Jin Liu, Ka Kin Wong, Yin Ying Leung. Objections due by 8/14/2009, Reply due by 8/21/2009, (Elgidely, Robert) (Entered: 07/31/2009) |
| 28 | 07/31/2009 | 57 | Declaration *in Support of Plaintiffs' Motion to Withdraw Reference of Adversary Proceeding* (related document(s) 55) filed by Robert F. Elgidely on behalf of Lai Mei Chan, Siu Lui Ching, Chun Ip, Sing Heung, Jin Liu, Ka Kin Wong, Yin Ying Leung. Objections due by 8/14/2009, Reply due by 8/21/2009, (Attachments: #1 Exhibit Exhibit A – Complaint #2 Exhibit Exhibit B – BNY Answer #3 Exhibit Exhibit C – HSBC USA Memorandum of Law in Support of Motion to Dismiss #4 Exhibit Exhibit D, Part 1 – HSBC Supporting Affidavit #5 Exhibit Exhibit D, Part 2 – HSBC Supporting Affidavit #6 Exhibit Exhibit D, Part 3 – HSBC Supporting Affidavit #7 Exhibit Exhibit D, Part 4 – HSBC Supporting Affidavit #8 Exhibit Exhibit D, Part 5 – HSBC Supporting Affidavit #9 Exhibit Exhibit E – LBSF Motion to Dismiss #10 Exhibit Exhibit F – LBSF Supporting Declaration 1 #11 Exhibit Exhibit G – LBSF Supporting Declaration 2 #12 Exhibit Exhibit H – Remaining Defendants Memorandum of Law in Support of Motion to Dismiss #13 Exhibit Exhibit I – Remaining Defendants Supporting Declaration) |

- 7 -

| **Adversary Proceeding Case No. 09-01120(JMP) and** | | | |
| **Related Hearing Transcripts from Other Proceedings as Indicated** | | | |
| **Designation Number** | **Filing Date or Document Date** | **Docket No.** | **Description** |
| --- | --- | --- | --- |
|  |  |  | (Elgidely, Robert) (Entered: 07/31/2009) |
| 29 | 08/03/2009 | 59 | Civil Cover Sheet from U.S. District Court, Case Number: 0906841 Judge Laura Taylor Swain (related document(s) 55) filed by Clerk's Office of the U.S. Bankruptcy Court, S.D.N.Y. (Rouzeau, Anatin) (Entered: 08/03/2009) |
| 30 | 08/10/2009 | 60 | Opposition *Plaintiffs' Opposition to Defendant Lehman Brothers Special Financing Inc.'s Motion to Dismiss the Complaint* (related document(s) 17) filed by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Attachments: #1 Exhibit 1 #2 Exhibit 2 #3 Exhibit 3 #4 Exhibit 4 #5 Exhibit 5 #6 Exhibit 6 #7 Exhibit 7) (Mandlekar, Ray) (Entered: 08/10/2009) |
| 31 | 08/10/2009 | 61 | Declaration *Opinion of Fidelis Oditah QC* filed by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Mandlekar, Ray) (Entered: 08/10/2009) |
| 32 | 08/10/2009 | 62 | Declaration *Appendix of Foreign Authorities Cited in Opinion of Fidelis Oditah QC* filed by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Attachments: #1 Tab 1 #2 Tab 2 #3 Tab 3 #4 Tab 4 #5 Tab 5 #6 Tab 6 #7 Tab 7 #8 Tab 8 #9 Tab 9 #10 Tab 10 #11 Tab 11 #12 Tab 12 #13 Tab 13) (Mandlekar, Ray) (Entered: 08/10/2009) |
| 33 | 08/10/2009 | 64 | Opposition *PLAINTIFFS' CONSOLIDATED OPPOSITION TO (1) DEFENDANT HSBC USA INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DIMISS THE CLASS ACTION COMPLAINT, ABSTAIN OR STAY THE ACTION, DKT. NO. 16, AND (2) MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS HSBC BANK PLC, HSBC BANK (CAYMAN) LIMITED, HSBC HOLDINGS PLC, PACIFIC INTERNATIONAL FINANCE LIMITED, SCOTT AITKEN, CEREITA LAWRENCE, SARAH CRAVEN, JANET CRAWSHAW, AND SYLVIA LEWIS TO DISMISS THE CLASS ACTION COMPLAINT, ABSTAIN, OR STAY THE ADVERSARY PROCEEDING, DKT. NO. 39* filed by Jason C. Davis on behalf of Lai Mei Chan, Siu Lui |

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
|  |  |  | Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. with hearing to be held on 9/24/2009 (check with court for location) (Attachments: #1 Exhibit 1 #2 Exhibit 2 #3 Exhibit 3) (Davis, Jason) (Entered: 08/10/2009) |
| 34 | 08/28/2009 | 66 | Response to Motion: *Lehman Brothers Special Financing Inc.'s Response to Motion to Withdraw Reference of Adversary Proceeding to Bankruptcy Court* (related document(s) 5) filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. (Attachments: #1 Exhibit 1 #2 Exhibit 2 #3 Exhibit 3 #4 Exhibit 4 #5 Exhibit 5 #6 Exhibit 6) (Slack, Richard) (Entered: 08/28/2009) |
| 35 | 08/28/2009 | 67 | Memorandum of Law *in Opposition to Plaintiffs' Motion to Withdraw the Reference of the Adversary Proceeding to the Bankruptcy Court* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Attachments: #1 Appendix Unreported Authorites) (Sloane, Howard) (Entered: 08/28/2009) |
| 36 | 08/28/2009 | 68 | Declaration *of Howard G. Sloane in Opposition to Plaintiffs' Motion to Withdraw the Reference of the Adversary Proceeding to the Bankruptcy Court* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Sloane, Howard) (Entered: 08/28/2009) |
| 37 | 08/28/2009 | 69 | Motion to Join */ Joinder Of Official Committee Of Unsecured Creditors In Defendant Lehman Brothers Special Financing Inc.'s Response To Motion To Withdraw Reference Of Adversary Proceeding To The Bankruptcy Court* (related document(s) 66) filed by Stacey Rappaport on behalf of Official Committee Of Unsecured Creditors. (Attachments: #1 Exhibit Stipulation) (Rappaport, Stacey) (Entered: 08/28/2009) |

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 38 | 09/15/2009 | 72 | Memorandum of Law *in Further Support of the Motion of Defendants HSBC USA Inc., HSBC Bank PLC, HSBC Bank (Cayman) Limited, HSBC Holdings PLC, Pacific International Finance Limited, Scott Aitken, Cereita Lawrence, Sarah Craven, Janet Crawshaw, and Sylvia Lewis to Dismiss the Class Action Complaint, Abstain, or Stay the Adversary Proceeding* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Sloane, Howard) (Entered: 09/15/2009) |
| 39 | 09/15/2009 | 73 | Supplemental Affidavit *of Song Qun* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Sloane, Howard) (Entered: 09/15/2009) |
| 40 | 09/15/2009 | 74 | Matrix *//Appendix of Unreported Authorities* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Entered: 09/15/2009) |
| 41 | 09/15/2009 | 75 | Reply to Motion: *Reply Memorandum of Law in Further Support of Defendant Lehman Brothers Special Financing Inc.'s Motion to Dismiss the Complaint* (related document(s) 17) filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. (Attachments: #1 Exhibit 1 #2 Exhibit 2 #3 Exhibit 3) (Slack, Richard) (Entered: 09/15/2009) |
| 42 | 10/15/2009 | 82 | Order of U.S. District Court Judge Laura Taylor Swain signed on 10/14/2009. Plaintiffs' 55 Motion to Withdraw the Reference of the Adversary Proceeding to the Bankruptcy Court is denied without prejudice to renewal. (Cheng, Ka Kin) (Entered: 10/15/2009) |

615963_2

| Designation Number | Filing Date or Document Date | Docket No. | Description |
|---|---|---|---|
| | Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | |
| 43 | 10/28/2009 | *23 | Transcript of proceedings held on 10/14/09 before Judge Laura Taylor Swain. (ldi) (Entered: 11/02/2009) (*Docket Number in Case No. 09-cv-06841-LTS (S.D.N.Y.)) |
| 44 | 11/03/2009 | 88 | Transcript regarding Hearing Held on 10/28/09 2:16 pm RE: Motion Filed by HSBC USA, Inc. to Dismiss the Class Action Complaint, Abstain or Stay the Adversary Proceeding; Motion Filed by Lehman Brothers Special Financings Inc. to Dismiss the Complaint; Motion Filed by HSBC Bank (Cayman) Limited, et al., to Dismiss, Abstain or Stay the Adversary Proceeding. (Richards, Beverly) (Entered: 11/04/2009) |
| 45 | 11/09/2009 | 89 | Letter *to Judge Peck* filed by Jason C. Davis on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Davis, Jason) (Entered: 11/09/2009) |
| 46 | 11/19/2009 | *2091 | Transcript regarding Hearing Held on 11/18/09 2:03 PM. (Richards, Beverly) (Entered: 11/20/2009) (*Docket Number in Case No. 08-01420-JMP) |
| 47 | 11/23/2009 | 90 | Order Signed on 11/23/2009 Granting Lehman Brothers Special Financing Inc.'s Motion to Dismiss the Complaint with Prejudice. (Related Doc #17) (Nulty, Lynda) (Entered: 11/23/2009) |
| 48 | 12/02/2009 | 91 | Notice of Appeal (related document(s) 90) filed by Jason C. Davis on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Davis, Jason) (Entered: 12/02/2009) |
| 49 | 12/03/2009 | 92 | Order Signed on 12/3/2009 Granting the Motions of HSBC USA Inc., HSBC Bank plc, HSBC Bank (Cayman) Limited, HSBC Holdings plc, Pacific international Finance Limited, Scott Aitken, Cereita Lawrence, Sarah Crave, Janet Crawshaw and Sylvia Lewis to Dismiss the Complaint with Prejudice. (Related Doc #37) (Nulty, Lynda) (Entered: 12/03/2009) |
| 50 | 12/07/2009 | 93 | Notice of Appeal (related document(s) 92) filed by Jason C. Davis on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Davis, Jason) (Entered: 12/07/2009) |

- 11 -

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 51 | 12/16/2009 | 94 | Statement of Issues *Appellants' Statement of Issues to Be Presented on Appeal and Designation of Contents of the Record* filed by Jason C. Davis on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong.  (Davis, Jason) (Entered: 12/16/2009) |
| 52 | 12/24/2009 | 96 | Counter Designation (appellee) *of Items to be Included in Record on Appeal* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Sloane, Howard) (Entered: 12/24/2009) |
| 53 | 01/04/2010 | 98 | Civil Cover Sheet from U.S. District Court, Case Number: 1000017 Judge William H. Pauley III (related document(s) 91) filed by Clerk's Office of the U.S. Bankruptcy Court, S.D.N.Y.. (Rouzeau, Anantin) (Entered 01/04/2010) |
| 54 | 01/07/2010 | 99 | Civil Cover Sheet from U.S. District Court, Case Number: 1000096 (related document(s) 93) filed by Clerk's Office of the U.S. Bankruptcy Court, S.D.N.Y.. (Rouzeau, Anantin) (Entered: 01/07/2010) |
| 55 | 03/19/2010 | 101 | Order Signed on 3/19/2010 Admitting Scarlett E. Collings to Practice Pro Hac Vice in this Court. (Related Doc #100) (Nulty, Lynda) (Entered: 03/19/2010) |
| 56 | 08/10/2010 | 103 | Memorandum & Order of U.S. District Court Judge William H. Pauley, III signed on 8/9/2010.  The Bankruptcy Court's dismissal of Counts One and Two against LBSF is affirmed, and its denial of leave to replead those claims derivatively against LBSF is reversed.  The Bankruptcy Court's denial of leave to replead Counts One and Two against the Trustee is reversed.  The Bankruptcy Court's dismissal of Count Three is vacated.  This action is remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum and Order. (related document(s) 93, 91) (Cheng, Ka Kin) (Entered: 08/10/2010) |

615963_2

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 57 | 11/29/2010 | 104 | Amended Complaint against Lehman Brothers Holdings Inc., BNY Corp. Trustee Services Limited, HSBC USA, INC., Lehman Brothers Special Financing Inc.  Filed by Samuel H. Rudman on behalf of Tim Choy Fung, Siu Lui Ching, Ka Kin Wong.  (Rudman, Samuel) (Entered: 11/29/2010) |
| 58 | 12/09/2010 | 105 | Stipulation *and Proposed Order* filed by David G. Januszewski on behalf of HSBC BANK USA. (Januszewski, David) (Entered: 12/09/2010) |
| 59 | 01/05/2011 | 106 | So Ordered Stipulation and Order Signed on 1/5/2011 Between the Plaintiffs and Defendants.  (related document(s) 105) (Nulty, Lynda) (Entered: 01/05/2011) |
| 60 | 01/21/2011 | 107 | Stipulation *and Proposed Order* filed by David G. Januszewski on behalf of HSBC BANK USA. (Januszewski, David) (Entered: 01/21/2011) |
| 61 | 01/25/2011 | 108 | So Ordered Stipulation and Order Signed on 1/25/2011 Regarding Extensions of Time.  (Nulty, Lynda) (Entered: 01/25/2011) |
| 62 | 01/31/2011 | 109 | Answer to Amended Complaint (Related Doc #104) filed by Eric A Schaffer on behalf of BNY Corp. Trustee Services Limited.  (Attachments: #1 Certificate of Service) (Schaffer, Eric) (Entered: 01/31/2011) |
| 63 | 01/31/2011 | 110 | Motion to Dismiss Adversary Proceeding *:/ Defendants Lehman Brothers Special Financing Inc.'s and Lehman Brother Holdings Inc.'s Motion to Dismiss the Amended Class Action and Verified Derivative Complaint* (related document(s) 104) filed by Richard W. Slack on behalf of Lehman Brothers Holdings Inc., Lehman Brothers Special Financing Inc.  Responses due by 3/17/2011, (Attachments: #1 Exhibit A; Part 1#2 Exhibit A; Part 2 #3 Exhibit A; Part 3 #4 Exhibit B #5 Exhibit C #6 Exhibit D) (Slack, Richard) (Entered: 01/31/2011) |

- 13 -

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 64 | 01/31/2011 | 111 | Motion to Join *Joinder of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. in Defendants Lehman Brothers Special Financing Inc.'s and Lehman Brothers Holdings Inc.'s Motion to Dismiss the Amended Class Action and Verified Derivative Complaint* (related document(s) 110) filed by Dennis F. Dunne on behalf of Official Committee Of Unsecured Creditors.  (Dunne, Dennis) (Entered: 01/31/2011) |
| 65 | 01/31/2011 | 112 | Motion to Dismiss Adversary Proceeding *//Motion to Dismiss the Amended Class Action and Derivative Complaint* filed by David G. Januszewski on behalf of HSBC Bank USA, National Association. (Attachments: #1 Declaration of David Januszewski #2 Memorandum of Law in Support #3 Appendix of Unreported Cases) (Januszewski, David) (Entered: 01/31/2011) |
| 66 | 01/31/2011 | 113 | Corporate Ownership Statement . filed by David G. Januszewski on behalf of HSBC Bank USA, National Association.  (Januszewski, David) (Entered: 01/31/2011) |
| 67 | 02/01/2011 | 114 | Corporate Ownership Statement filed by Eric A Schaffer on behalf of BNY Corp. Trustee Services Limited.  (Attachments: #1 Certificate of Service) (Schaffer, Eric) (Entered: 02/01/2011) |
| 68 | 03/17/2011 | 117 | Opposition *Plaintiffs' Opposition to Lehman and HSBC Defendants' Motions to Dismiss the Amended Class Action and Derivative Complaint* (related document(s) 112, 110) filed by Jason C. Davis on behalf of Ka Kin Wong.  (Davis, Jason) (Entered: 03/17/2011) |
| 69 | 03/17/2011 | 118 | Declaration *of Jason C. Davis in Support of Plaintiffs' Opposition to Lehman and HSBC Defendants' Motions to Dismiss the Amended Class Action and Derivative Complaint* filed by Jason C. Davis on behalf of Ka Kin Wong.  (Attachments: #1 Exhibit A#2 Exhibit B#3 Exhibit C#4 Exhibit D#5 Exhibit E#6 Exhibit F#7 Exhibit G) (Davis, Jason) (Entered: 03/17/2011) |

615963_2

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 70 | 03/17/2011 | 119 | Declaration *Appendix of Foreign Authorities Cited in Plaintiffs' Opposition to Lehman and HSBC Defendants' Motions to Dismiss the Amended Class Action and Derivative Complaint* filed by Jason C. Davis on behalf of Ka Kin Wong. (Attachments: #1 Tab 1#2, Tab 2#3, Tab 3#4, Tab 4#5, Tab 5#6, Tab 6#7, Tab 7#8, Tab 8#9, Tab 9#10, Tab 10#11, Tab 11#12, Tab 12#13, Tab 13#14, Tab 14#15, Tab 15#16, Tab 16#17, Tab 17#18, Tab 18#19, Tab 19#20, Tab 20#21, Tab 21#22, Tab 22#23, Tab 23#24, Tab 24#25, Tab 25#26, Tab 26#27, Tab 27) (Davis, Jason) (Entered: 03/17/2011) |

| Adversary Proceeding Case No. 09-01242(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 71 | 05/20/2009 | 1 | Adversary case 09-01242. Complaint against BNY Corporate Trustee Services Limited. Nature(s) of Suit: (91 (Declaratory judgment)) Filed by Lehman Brothers Special Financing Inc. (Miller, Ralph) (Entered: 05/20/2009) |
| 72 | 06/01/2009 | 5 | Letter *to the Honorable James M. Peck* filed by Ralph I. Miller on behalf of Lehman Brothers Special Financing Inc. (Miller, Ralph) (Entered: 06/01/2009) |
| 73 | 06/04/2009 | *1174 | Transcript regarding Hearing Held on 6/3/09 at 10:04 AM. (Richards, Beverly) Modified on 6/10/2009 (Richards, Beverly). (Entered: 06/05/2009) (*Docket Number in Case No. 08-01420-JMP) |
| 74 | 06/10/2009 | 7 | Motion to Intervene filed by Robert F. Elgidely on behalf of Ka Kin Wong, Yin Ying Leung, Jin Liu, Chun Ip, Sing Heung, Siu Lui Ching, Lai Mei Chan with hearing to be held on 7/15/2009 at 10:00 AM at Courtroom 601 (JMP) Responses due by 7/10/2009, (Attachments: #1 Exhibit LBHI Voluntary Petition; #2 Exhibit Proposed Answer; #3 Exhibit Lehman Brothers Asia Release) (Elgidely, Robert) (Entered: 06/10/2009) |

- 15 -

| Adversary Proceeding Case No. 09-01242(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 75 | 07/10/2009 | 22 | Omnibus Response to Motion *to Intervene in Adversary Proceeding* (related document(s) 8, 7, 19) filed by Eric A Schaffer on behalf of BNY Corporate Trustee Services Limited with hearing to be held on 7/15/2009 at 10:00 AM at Courtroom 601 (JMP) (Schaffer, Eric) (Entered: 07/10/2009) |
| 76 | 07/14/2009 | 27 | Memorandum of Law: *Corrected Plaintiff Lehman Brothers Special Financing Inc.'s Memorandum of Law In Opposition to Class Movants' Intervention Motion* (related document(s) 7) filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. (Slack, Richard) (Entered: 07/14/2009) |
| 77 | 07/14/2009 | 28 | Reply to Motion *Movants' Reply to Plaintiff's Opposition to Class Movants' Motion to Intervene* (related document(s) 7) filed by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun Ip, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Attachments: #1 Certificate of Service) (Mandlekar, Ray) (Entered: 07/14/2009) |
| 78 | 07/17/2009 | *4440 | Transcript regarding Hearing Held on 7/15/09 10:03 AM. (Richards, Beverly) (Entered: 07/17/2009) (*Docket Number in Case No. 08-13555-JMP) |
| 79 | 07/22/2009 | 33 | Order Signed on 7/22/2009 Denying Motion to Intervene Filed by Ka Kin Wong, Yin Ying Leung, Jin Liu, Chun Ip, Sing Heung, Siu Lui Ching, and Lai Mei Chan. (Related Doc #7) (Nulty, Lynda) (Entered: 07/22/2009 |
| 80 | 08/12/2009 | *4929 | Transcript regarding Hearing Held on 8/11/09 10:02 AM. (Richards, Beverly) (Entered: 08/25/2009) (*Docket Number in Case No. 08-13555-JMP) |
| 81 | 09/17/2009 | *5261 | Transcript regarding Hearing Held on 9/15/09 10:03 AM. (Richards, Beverly) (Entered: 09/23/2009) (*Docket Number in Case No. 08-13555-JMP) |
| 82 | 01/25/2010 | 86 | Memorandum Decision Signed on 1/25/2010 Granting Motion for Summary Judgment and Declaring Applicable Payment Priorities. (related document(s)[60], [6]) (Nulty, Lynda). |

- 16 -

| Adversary Proceeding Case No. 09-01242(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 83 | 09/23/2010 | 117 | Copy of Order of U.S. District Court Judge Colleen McMahon signed on 9/20/2010 in an M-47 Proceeding. (related document(s)[102]) (Rouzeau, Anatin). |
| 84 | 12/31/2010 | 118 | Stipulation *of Dismissal of All Claims* filed by Lori R. Fife on behalf of Lehman Brothers Special Financing Inc. |

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 85 | 06/17/2010 | 9635 | Second Amended Order Signed on 6/17/2010 Implementing Certain Notice and Case Management Procedures. |
| 86 | 11/24/2010 | 13009 | Motion to Authorize : Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties filed by Richard W. Slack on behalf of Lehman Brothers Holdings Inc. with hearing to be held on 12/15/2010 at 10:00 AM at Courtroom 601 (JMP) Responses due by 12/8/2010, (Slack, Richard). |
| 87 | 12/02/2010 | 13172 | Affidavit of Service of Eleni Manners of Epiq Bankruptcy Solutions, LLC (related document(s)[13009]) filed by Shai Waisman on behalf of Lehman Brothers Holdings Inc. (Attachments: # (1) Part 2) (Waisman, Shai). |

- 17 -

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 88 | 12/8/2010 | 13300 | Objection to Motion / Limited Objection of Aviva S.p.A., Aviva Italia Holding S.p.A., Aviva Vita S.p.A., Aviva Life S.p.A., Aviva Italia S.p.A., Aviva Assicurazioni S.p.A. and Aviva Previdenza S.p.A. to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Mark Sherrill on behalf of Aviva Previdenza S.p.A., Aviva Assicurazioni S.p.A., Aviva Italia S.p.A., Aviva Life S.p.A., Aviva Vita S.p.A., Aviva S.p.A., Aviva Italia Holding S.p.A.. (Sherrill, Mark). |
| 89 | 12/8/2010 | 13305 | Objection to Motion Objection of Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Christopher M. Desiderio on behalf of DEUTSCHE BANK TRUST COMPANY AMERICAS.  (Desiderio, Christopher). |
| 90 | 12/8/2010 | 13306 | Objection to Motion /Ballyrock ABS CDO 2007-1 Limiteds Limited Objections To Debtors Motion And Proposed Order To Implement ADR Procedures Concerning Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Steven J. Fink on behalf of Ballyrock ABS CDO 2007-1 Limited. (Fink, Steven). |

- 18 -

615963_2

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 91 | 12/8/2010 | 13307 | Objection to Motion Objection of U.S. Bank National Association as Trustee to the Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims of Debtors Under Derivative Contracts With Special Purpose Counterparties (related document(s)[13009]) filed by Ann E. Acker on behalf of U.S. Bank National Association. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) EXHIBIT C# (4) EXHIBIT D# (5) EXHIBIT E# (6) EXHIBIT F# (7) EXHIBIT G) (Acker, Ann). |
| 92 | 12/08/2010 | 13308 | Objection to Motion /OBJECTION OF THE BANK OF NEW YORK MELLON, THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AND BNY CORPORATE TRUSTEE SERVICES LIMITED TO DEBTORS MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES filed by Eric A Schaffer on behalf of The Bank of New York Mellon. with hearing to be held on 12/15/2010 (check with court for location) (Attachments: # (1) Exhibit A) (Schaffer, Eric). |
| 93 | 12/8/2010 | 13311 | Objection to Motion Limited Objection of Wellington Management Company, LLP to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims of Debtors Under Derivative Contracts With Special Purpose Counterparties (related document(s)[13009]) filed by Mark N. Berman on behalf of Wellington Management Company, LLP. (Berman, Mark). |

- 19 -

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 94 | 12/08/2010 | 13315 | Objection to Motion Joinder Of HSBC Bank USA, National Association, As Trustee, In Objection Of The Bank Of New York Mellon, The Bank Of New York Mellon Trust Company, N.A. And BNY Corporate Trustee Services Limited To Debtors Motion Pursuant To Section 105(a) Of The Bankruptcy Code And General Order M-390 For Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims Of Debtors Under Derivative Contracts With Special Purpose Vehicle Counterparties (related document 13308) (related document(s)[13009]) filed by Tina N. Moss on behalf of HSBC Bank USA, National Association. (Moss, Tina). |
| 95 | 12/08/2010 | 13323 | Objection Joinder of HSBC Bank USA, National Association, as Trustee in Objection of The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. and BNY Corporate Trustee Services Limited to the Debtors Motion Pursuant to Section 105(A) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties filed by David M. LeMay on behalf of HSBC Bank USA, National Association. (LeMay, David). |
| 96 | 12/08/2010 | 13326 | Objection of Credit Agricole Corporate and Investment Bank to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions With Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Andrew P. Brozman on behalf of Credit Agricole Corporate and Investment Bank.  (Brozman, Andrew). |

- 20 -

| Case No. 08-13555(JMP) |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 97 | 12/09/2010 | 13343 | Objection /Limited Objection of Bank of America, National Association Successor by Merger to LaSalle Bank National Association, Solely in its Capacity as Trustee under Certain Pooling and Servicing Agreements to the Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Michael E. Johnson on behalf of Bank of America, National Association successor by merger to LaSalle Bank National Association, in its capacity as the Libra Trustee. (Johnson, Michael). |
| 98 | 12/13/2010 | 13400 | Notice of Adjournment of Hearing on Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Richard W. Slack on behalf of Lehman Brothers Holdings Inc.. with hearing to be held on 1/13/2011 at 10:00 AM at Courtroom 601 (JMP) (Slack, Richard). |
| 99 | 1/06/2011 | 13822 | Objection to Motion /Objection of The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. and BNY Corporate Trustee Services Limited to Debtors Motion Pursuant to Section 105(A) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for Entry of an Order Clarifying the Scope of the Procedures for the Settlement of Prepetition Derivative Contracts (related document(s)[13638]) filed by Michael J. Venditto on behalf of The Bank of New York Corporate Trustee Services Limited, The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. with hearing to be held on 1/13/2011 (check with court for location) (Attachments: # (1) Certificate of Service) (Venditto, Michael). |

- 21 -

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 100 | 1/06/2011 | 13823 | Objection to Motion Limited Objection Of The Minibond Noteholders To Debtors Motion Pursuant To Section 105(A) Of The Bankruptcy Code And General Order M-390 For Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims Of Debtors Under Derivatives Transactions With Special Purpose Vehicle Counterparties filed by Jason C. Davis on behalf of SIU LING CHING. (Davis, Jason). |
| 101 | 1/06/2011 | 13827 | Declaration of Jason C. Davis in Support of Limited Objection of the Minibond Noteholders to Debtors Motion Pursuant to Section 105(A) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties filed by Jason C. Davis on behalf of KA KIN WONG. with hearing to be held on 1/13/2011 (check with court for location) (Attachments: # (1) Exhibit A# (2) Exhibit B) (Davis, Jason). |
| 102 | 1/11/2011 | 13886 | Response : Debtors Omnibus Response to Objections to Motion of the Debtors Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Richard W. Slack on behalf of Lehman Brothers Holdings Inc. (Slack, Richard). |
| 103 | 2/15/2011 | 14508 | Objection to Motion /Notice of Succession of U.S. Bank to the Objection of Bank of America National Association as Trustee to the Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts with Special Purpose Counterparties (related document(s)[13009]) filed by Ann E. Acker on behalf of U.S. Bank National Association. (Acker, Ann). |

- 22 -

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 104 | 2/15/2011 | 14517 | Notice of Proposed Order : Notice of Second Revised Order to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Richard W. Slack on behalf of Lehman Brothers Holdings Inc. (Slack, Richard). |
| 105 | 02//17/2011 | 14851 | Transcript regarding Hearing Held on 02/16/2011 10:05AM RE: Debtor's Motion of the Bank of Nova Scotia for Relief from the Automatic Stay; Debtor's Motion for Authorization and approval of a Settlement and Compromise Among Lehman Brothers Holding Inc., Lehman Commercial Paper Inc. and Swedbank AB, New York Branch; Debtor Lehman Commercial Paper Inc. and Swedbank AB, New York Barnch...et...al.  Remote electronic access to the transcript is restricted until 5/18/2011.  The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Reporting Company.].  (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 2/24/2011.  Statement of Redaction Request Due By 3/10/2011.  Redacted Transcript Submission Due By 3/21/2011.  Transcript access will be restricted through 5/18/2011.  (Villegas, Carmen) (Entered: 03/08/2011). |
| 106 | 03/03/2011 | 14789 | Order Signed on 3/3/2011 Regarding Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties. |

- 23 -

| Appellate Case No. 1:10-cv-00017-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 107 | 01/04/2010 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge James M. Peck dated November 23, 2009. Bankruptcy Court Case Numbers: 09-1120A, 08-B-13555 (JMP). Certified copies of file received.Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. Appellant Brief due by 1/22/2010.(bkar) (Entered: 01/04/2010) |
| 108 | 01/04/2010 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellants Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. (bkar) (Entered: 01/04/2010) |
| 109 | 01/04/2010 | 3 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL Document filed by Appellees HSBC USA, Inc., HSBC Holdings plc, HSBC Bank PLC, HSBC Bank (Cayman) Limited, Pacific International Finance Limited, Scott Aitken, Cereita Lawrence, Sarah Coombs, Janet Crawshaw, Sylvia Lewis. (bkar) (Entered: 01/04/2010) |
| 110 | 01/14/2010 | 4 | STIPULATION AND ORDER, that 1. Plaintiffs-Appellants shall file their opening appellate brief(s) on or by February 3, 2010; 2. Defendants-Appellees shall file their oppositions on or by March 5, 2010; 3. Plaintiffs-Appellants shall file their reply(ies) by April 6, 2010; and, 4. The notice of appeal that is the subject of docket number 10-CV-00096 shall be deemed related to this matter, and the foregoing schedule applies to both 10-CV-00017 and 10-CV-00096. This Court will hear oral argument on April 23, 2010, at 12:00 p.m. (Signed by Judge William H. Pauley, III on 1/14/10) (pl) (Entered: 01/15/2010) |
| 111 | 02/03/2010 | 6 | Appellant's BRIEF. Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu.  Appellee Brief due by 2/22/2010.  (Attachments: #1 Appendix Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #2 Exhibit SA-1 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss |

- 24 -

| Appellate Case No. 1:10-cv-00017-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| | | | Complaint, #3 Exhibit SA-2 Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #4 Exhibit SA-3_Part 1 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #5 Exhibit SA-3_Part 2 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #6 Exhibit SA-4 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #7 Exhibit SA-5 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #8 Appendix Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #9 Tab 1 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #10 Tab 2 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #11 Tab 3 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #12 Tab 4 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #13 Tab 5 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting |

- 25 -

| Appellate Case No. 1:10-cv-00017-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| | | | HSBC Defendants' Motion to Dismiss Complaint, #14 Tab 6 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, # 15 Tab 7 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #16 Tab 8 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #17 Tab 9 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #18 Tab 10 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #19 Tab 11 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #20 Tab 12 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #21 Tab 13 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #22 Tab 14 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #23 Tab 15 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from |

- 26 -

| Designation No. | Filing Date or Document Date | Docket No. | Description |
|---|---|---|---|
| | | | Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #24 Tab 16 Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #25 Tab 17 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint) (Davis, Jason) (Entered: 02/03/2010) |
| 112 | 03/05/2010 | 8 | MEMORANDUM OF LAW in Opposition *to Appeal from Bankruptcy Court*. Document filed by HSBC USA, Inc., HSBC Holdings plc, HSBC Bank PLC, HSBC Bank (Cayman) Limited, Scott Aitken, Cereita Lawrence, Sarah Coombs, Janet Crawshaw, Sylvia Lewis. (Attachments: #1 Appendix Special Appendix to Memo in Opposition, #2 Appendix of Unreported Authorities) (Sloane, Howard) (Entered: 03/05/2010) |
| 113 | 04/06/2010 | 10 | Appellant's REPLY BRIEF. Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. (Attachments: #1 Appendix of Exhibits in Support of Plaintiffs-Appellants' Reply in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #2 Exhibit 1, #3 Exhibit 2) (Davis, Jason) (Entered: 04/06/2010) |
| 114 | 04/19/2010 | 12 | SCHEDULING ORDER: that the oral argument scheduled for April 23, 2010 at 12:00 p.m. is rescheduled for April 23, 2010 at 2:45 p.m. (Signed by Judge William H. Pauley, III on 4/19/10) (pl) (Entered: 04/20/2010) |
| 115 | 05/06/2010 | 13 | TRANSCRIPT of proceedings held on 4/23/10 before Judge William H. Pauley, III. (pl) (Entered: 05/07/2010) |

| Appellate Case No. 1:10-cv-00017-WHP |
|---|

- 27 -

| Appellate Case No. 1:10-cv-00017-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 116 | 08/09/2010 | 14 | MEMORANDUM & ORDER: For the reasons set forth in this Memorandum & Order, the Bankruptcy Court's dismissal of Counts One and Two against LBSF is affirmed, and its denial of leave to replead those claims derivatively against LBSF is reversed.  The Bankruptcy Court's denial of leave to replead Counts One and Two against the Trustee is reversed.  The Bankruptcy Court's dismissal of Count Three is vacated.  This action is remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum and Order.  (Signed by Judge William H. Pauley, III on 8/9/2010) (tro) (Entered: 08/09/2010) |

| Appellate Case No.: 1:10-cv-00096-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 117 | 01/07/2010 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge James M. Peck dated December 3, 2009.  Bankruptcy Court Case Numbers: 09-1120A, 08-B-13555 (JMP). Certified copies of file received.  Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. Appellant Brief due by 1/25/2010. (bkar) (Entered: 01/07/2010) |
| 118 | 01/07/2010 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellants Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. (bkar) (Entered: 01/07/2010) |
| 119 | 01/07/2010 | 3 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL Document filed by Appellees HSBC USA, Inc., HSBC Holdings plc, HSBC Bank PLC, HSBC Bank (Cayman) Limited, Pacific International Finance Limited, Scott Aitken, Cereita Lawrence, Sarah Coombs, Janet Crawshaw, Sylvia Lewis. (bkar) (Entered: 01/07/2010) |

615963_2

| Appellate Case No.: 1:10-cv-00096-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 120 | 01/14/2010 | 5 | STIPULATION AND ORDER, that 1. Plaintiffs-Appellants shall file their opening appellate brief(s) on or by February 3, 2010; 2. Defendants-Appellees shall file their oppositions on or by March 5, 2010; 3. Plaintiffs-Appellants shall file their reply(ies) by April 6, 2010; and, 4.  The notice of appeal that is the subject of docket number 10-CV-00096 shall be deemed related to this matter, and the foregoing schedule applies to both 10-CV-00017 and 10-CV-00096.  This Court will hear oral argument on April 23, 2010, at 12:00 p.m. (Signed by Judge William H. Pauley, III on 1/14/10) (pl) (Entered: 01/15/2010) |
| 121 | 02/03/2010 | 7 | Appellant's BRIEF.  Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu.  Appellee Brief due by 2/22/2010.  (Attachments: #1 Appendix Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #2 Exhibit SA-1 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #3 Exhibit SA-2 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #4 Exhibit SA-3_Part 1 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #5 Exhibit SA-3_Part 2 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #6 Exhibit SA-4 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #7 Exhibit SA-5 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #8 Exhibit SA-6 to Special Appendix to Plaintiffs-Appellants' Brief in |

615963_2

| Appellate Case No.: 1:10-cv-00096-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
|  |  |  | Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #9 Appendix Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #10 Tab 1 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #11 Tab 2 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #12 Tab 3 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #13 Tab 4 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #14 Tab 5 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #15 Tab 6 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #16 Tab 7 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #17 Tab 8 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #18 Tab 9 to Appendix of Unreported Authorities, Statutes and Opinion Cited |

- 30 -

| Designation No. | Filing Date or Document Date | Docket No. | Description |
|---|---|---|---|
| | | | in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #19 Tab 10 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #20 Tab 11 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #21 Tab 12 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #22 Tab 13 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #23 Tab 14 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint) (Davis, Jason) (Entered: 02/03/2010) |
| 122 | 03/05/2010 | 9 | Appellee's BRIEF. Document filed by Lehman Brothers Special Financing Inc.. Appellant Reply Brief due by 3/18/2010. (Attachments: #1 Appendix A, #2 Exhibit 1 to Appendix A, #3 Appendix B, #4 Exhibit to Appendix B, #5 Appendix of Cited Authorities, #6 Exhibit to Case Appendix, #7 Exhibit to Case Appendix) (Slack, Richard) (Entered: 03/05/2010) |
| 123 | 03/05/2010 | 11 | JOINDER to join re: 9 Appellee's Brief, *Joinder of Intervenor Official Committee of Unsecured Creditors to Appellee Lehman Brothers Special Financing Inc.'s Brief on Appeal*. Document filed by Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. (Liubicic, Robert) (Entered: 03/05/2010) |

- 31 -

| Appellate Case No.: 1:10-cv-00096-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 124 | 04/06/2010 | 19 | Appellant's REPLY BRIEF. Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu.  (Attachments: #1 Appendix of Exhibits in Support of Plaintiffs-Appellants' Reply in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #2 Exhibit 1, #3 Exhibit 2, #4 Appendix Supplemental Appendix of Foreign Authorities in Support of Plaintiffs-Appellants' Reply in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #5 Tab 1, #6 Tab 2, #7 Tab 3) (Davis, Jason) (Entered: 04/06/2010) |
| 125 | 04/19/2010 | 21 | SCHEDULING ORDER: that the oral argument scheduled for April 23, 2010 at 12:00 p.m. is rescheduled for April 23, 2010 at 2:45 p.m.  (Signed by Judge William H. Pauley, III on 4/19/10) (pl) (Entered: 04/20/2010) |
| 126 | 09/09/2010 | 22 | MEMORANDUM & ORDER: For the reasons set forth in this Memorandum & Order, the Bankruptcy Court's dismissal of Counts One and Two against LBSF is affirmed, and its denial of leave to replead those claims derivatively against LBSF is reversed.  The Bankruptcy Court's denial of leave to replead Counts One and Two against the Trustee is reversed.  The Bankruptcy Court's dismissal of Count Three is vacated.  This action is remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum and Order.  (Signed by Judge William H. Pauley, III on 8/9/2010) (tro) (Entered: 08/09/2010) |

DATED:  March 31, 2011                 ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                        LUKE O. BROOKS
                                        JASON C. DAVIS
                                        MATTHEW S. MELAMED


                                              s/ Jason C. Davis
                                        _____
                                              JASON C. DAVIS

- 32 -

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
lukeb@rgrdlaw.com
jdavis@rgrdlaw.com
mmelamed@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
DARRYL J. ALVARADO
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
dalvarado@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

GENOVESE JOBLOVE & BATTISTA, P.A.
JOHN H. GENOVESE
PAUL J. BATTISTA
DAVID C. CIMO
ROBERT F. ELGIDELY
Bank of America Tower, 44th Floor
100 Southeast Second Street
Miami, FL  33131
Telephone:  305/349-2300
305/349-2310 (fax)

Attorneys for Plaintiffs

- 33 -

# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

KA KIN WONG, et al.,                    :          10 Civ. 0017 (WHP)
                                                   Appeal from Bankruptcy
            Plaintiffs/Appellants,      :          Case No. 08-13555 (JMP)

                                        :
            -against-                              MEMORANDUM & ORDER
                                        :
HSBC USA, INC., et al.,
                                        :
            Defendants/Appellees.
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                        :
KA KIN WONG, et al.,                               10 Civ. 0096 (WHP)
                                        :          Appeal from Bankruptcy
            Plaintiffs/Appellants,                 Case No. 08-13555 (JMP)
                                        :
            -against-
                                        :
HSBC USA, INC., et al.,
                                        :
            Defendants/Appellees.
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

            Plaintiffs/Appellants Ka Kin Wong and six other noteholders appeal from two

orders of the United States Bankruptcy Court for the Southern District of New York (Peck,

Bankr. J.) (the "Bankruptcy Court") dated November 23, 2009 and December 3, 2009 dismissing

their Class Action Complaint (the "Complaint") with prejudice. While the events giving rise to

this adversary proceeding are complicated, two discrete issues are presented on appeal: (1)

whether Plaintiffs have standing to sue, and (2) whether amendment of the Complaint would be

futile. For the following reasons, this Court affirms in part, reverses in part, and vacates in part

-1-

the Bankruptcy Court's orders.

## BACKGROUND

### I.  Parties on Appeal

Plaintiffs seek to represent a class of purchasers of structured finance notes—also known as "Minibonds"—between June 16, 2003 and September 15, 2008. (Appellants' Designation of Contents of the Record Designation Number ("DN") 1: Complaint against HSBC, USA, et al. dated Mar. 12, 2009 ("Compl.") ¶ 1.)  Plaintiffs brought claims against Pacific International Finance Limited ("Pacific Finance" or the "Issuer"), the issuer of the Minibonds, as well as several other entities and individuals. (Compl. ¶¶ 27-38.)  The underlying transactions and relationships among the various entities are opaque.

On appeal, Plaintiffs pursue their claims against only two entities: HSBC Bank USA, N.A. ("HSBC Bank" or the "Trustee"), and Lehman Brothers Special Financing, Inc. ("LBSF").  HSBC Bank is the trustee of collateral securing Pacific Finance's payment obligations to the Minibonds holders and LBSF.  In the Complaint, Plaintiffs mistakenly named HSBC Bank's predecessor as trustee, (DN 6 Ex. 2: Affidavit of Song Qun Sworn, Programme Prospectus dated Mar. 12, 2007 at 7), and now appeal the Bankruptcy Court's denial of leave to amend the Complaint to name HSBC Bank.  Defendant LSBF is a bankrupt Delaware corporation and a debtor in the underlying bankruptcy proceedings, which involve several Lehman entities (the "Lehman Bankruptcy"). (Compl. ¶¶ 38, 67.)

### II.  The Minibonds Program

Plaintiffs seek damages and injunctive relief relating to $1.6 billion in Minibonds

-2-

issued by Pacific Finance in separate, but virtually identical, series. (Compl. ¶ 45.) Pacific Finance sold the Minibonds to retail investors located primarily in Hong Kong, and marketed them as "credit-linked" to financially stable companies and backed by AAA-rated collateral. (Compl. ¶¶ 45, 47, 51.) As a consequence of Lehman Brothers Holdings, Inc.'s ("Lehman Brothers") collapse, the Minibonds are now worthless. (Compl. ¶¶ 67-69, 101-04.)

While the Minibonds were issued by Pacific Finance, Lehman Brothers and other Lehman entities designed the Minibonds program. (Compl. ¶¶ 46, 48, 50, 82.) The details of Lehman Brothers' involvement emerged during an inquiry conducted by Hong Kong regulatory authorities. In that proceeding, officers of HSBC Holdings Plc ("HSBC Holdings"), the company at the top of the HSBC pyramid, testified that Lehman Brothers appointed HSBC Bank as trustee of the Minibonds collateral.[1] (Compl. ¶ 82.) Lehman Brothers also compiled the prospectus for each Minibonds series. (Compl. ¶ 82.) Pacific Finance existed only "to issue the [Minibonds]. It [was for] all intents and purposes a creature of Lehman's design . . . . [Pacific Finance was] not an active company . . . and HSBC's role as a Director [was] not an active role . . . ." (Compl. ¶ 82.) Indeed, the Complaint alleges that Lehman Brothers and LBSF, not the Issuer, "selected the collateral" for the Minibonds. (Compl. ¶ 50.)

Pacific Finance secured its obligation to pay interest to the Minibonds holders through two related transactions.[2] First, Pacific Finance purchased notes from Saphir Finance Public Limited Company (the "Saphir Notes"). (DN 9 Ex.1, Ex. B: Tenth Supplemental Trust

---

[1] The Hong Kong testimony in the Complaint does not distinguish among the various HSBC and Lehman entities. At times, it is difficult to discern the specific entity referenced in the testimony.

-3-

Deed ("Tenth Deed") at 1.) The Saphir Notes were placed in trust with HSBC Bank as Trustee. (Tenth Deed at 1.) Pacific Finance also executed a credit default swap agreement with LBSF. (Tenth Deed at 1; Compl. ¶ 54.) Under the credit default swap, LBSF agreed to pay Pacific Finance a sum equal to what Pacific Finance owed the Minibonds holders in exchange for the interest earned by Pacific Finance on the Saphir Notes. (Tenth Deed at 15-16.) Because Lehman Brothers and LBSF exercised control over the Minibonds program, Plaintiffs assert that LBSF "negotiate[d] with itself over the essential terms of the swap agreements." (Compl. ¶ 50.)

The Saphir Notes are governed by a principal trust deed and a supplemental trust deed issued for each series of Minibonds. (Compl. ¶¶ 84-85.) These trust deeds and the prospectuses advertising the Minibonds sale set forth the "duties and obligations" of the Trustee and the Issuer. (Compl. ¶¶ 84-87.) The trust deeds contain, inter alia, provisions governing the priority of payment in the event the Saphir Notes are liquidated. (Compl. ¶¶ 84, 90.) The parties disagree about the operation of these provisions and who has priority to the Saphir Notes. Choice of law provisions in the trust deeds provide that they are to be construed under English law. (DN 9 Ex. 1: Principal Trust Deed ("Principal Trust Deed"), Sec. 17(a).) The prospectuses represented that "neither Lehman Brothers Holdings, Inc. nor any of its subsidiaries or affiliates has any equity interest in, or any control over, us [Pacific Finance/HSBC]." (Compl. ¶¶ 84, 87.)

According to the Complaint, Pacific Finance is controlled by HSBC Bank (Cayman) Limited ("HSBC Cayman"). (Compl. ¶ 29.) In turn, HSBC Cayman is controlled by HSBC Holdings. (Compl. ¶ 31.) HSBC Holdings also controls the Trustee's predecessor,

---

[2] Plaintiffs brought claims against other entities and individuals alleging rights to collateral purchased as part of additional transactions. (Compl. ¶¶ 8, 32-37, 110, 118.) Because Plaintiffs do not appeal the Bankruptcy Court's dismissal of these claims, that collateral is not at issue.

-4-

HSBC Bank USA.[3]  (Compl. ¶ 31.)

Another HSBC entity—HSBC Bank Plc—filed a claim for $234 million in the

Lehman Bankruptcy.  (DN 30 Ex. 6: Amended Schedule of Assets and Liabilities for Lehman

Brothers at 3.)  In addition, a Lehman Bankruptcy Examiner's report published after the orders

on appeal discloses that HSBC Holdings and Lehman Brothers cooperated extensively during

Lehman's collapse to ensure that Lehman Brothers satisfied its obligations to HSBC Holdings.

(Report of Anton R. Valukas, Examiner, dated Mar. 11, 2010 at 1321-26.)


III.  Procedural History

On October 3, 2008, LBSF filed for bankruptcy.  (Counter-Designation of Items

To Be Included In Record On Appeal ("C-DN") 10: Supplement to Proof of Claim in Chapter 11

Case of LBSF ¶ 10; Compl. ¶ 67.)  Thereafter, LBSF's counsel informed HSBC Bank that any

attempt to liquidate the Saphir Notes may be subject to the automatic stay provisions of the

United States Bankruptcy Code and demanded the Trustee cease all further action.  (DN 30 Ex.

5: Pls.' Opp'n to Def. [LBSF's] Mot. to Dismiss the Compl., Letter dated Nov. 25, 2008.)

HSBC Bank complied.

On March 12, 2009, Plaintiffs filed an adversary proceeding in the Bankruptcy

Court.  Count One of the Complaint seeks a declaratory judgment that the Minibonds collateral is

the property of the Minibonds holders, not the bankruptcy estate, based on breaches of contract

and fiduciary duty by the Issuer and Trustee.  (Compl. ¶¶ 97-108.)  Count Two seeks to enjoin

LBSF and the Trustee from impairing the Minibonds collateral and requests transfer of the

---

[3] This Court presumes that an amended complaint would include the same allegation.

-5-

collateral to the Minibonds holders. (Compl. ¶¶ 109-13.) Count Three seeks a resulting or

constructive trust on the Minibonds collateral for the benefit of the Minibonds purchasers.

(Compl. ¶¶ 114-21.) Finally, the remaining counts of the Complaint—Counts Four through

Thirteen—assert damages claims for breach of contract, breach of fiduciary duty, negligence,

unjust enrichment, and aiding and abetting against the Trustee, the Issuer, and the Issuer's

directors and parent company. (Compl. ¶¶ 122-89.)

　　　　On May 27, 2009, LBSF and HSBC Bank USA each moved to dismiss the

Complaint. (DN 5: Notice of HSBC USA, Inc.'s Mot. to Dismiss the [Complaint], Abstain or

Stay the Adversary Proceeding; DN 9: Notice of Mot. of [LBSF] for an Order Dismissing the

Adversary Compl.)

　　　　In a ruling from the bench, Bankruptcy Judge Peck dismissed the Complaint. The

Bankruptcy Court dismissed Counts One through Three for lack of standing on three principal

grounds. First, relying on the trust deeds and English law, the Bankruptcy Court held that

Plaintiffs lack standing to bring a direct claim against Defendants. The relevant provisions of the

trust deeds state that "[a] person who is not a party to [the deed] has no right under the Contracts

(Rights of Third Parties) Act 1999 [("Contracts Act of 1999")] to enforce any term of [the deed]

except and to the extent (if any) that [the deed] expressly provides for such Act to apply to any of

its terms." (Principal Trust Deed at 3; Tenth Deed at 3). The Bankruptcy Court held that

"[t]hese provisions fit squarely within the tenets of governing English law," which "provides that

it is a trustee and not a beneficiary of a trust that is the appropriate party to bring an action on

behalf of the trust beneficiaries." (Tr. of Nov. 18, 2009 Hr'g (the "Bankr. Ct. Ruling") at 25.)

　　　　Second, the Bankruptcy Court held that it would be futile to allow Plaintiffs to

-6-

amend the Complaint to bring a derivative claim on behalf of the Trustee. (Bankr. Ct. Ruling at 26.) Construing English law, the Bankruptcy Court concluded that a trust beneficiary may step into the shoes of the Trustee and sue on its behalf only in special circumstances. (Bankr. Ct. Ruling at 26.) Applying this standard, the Bankruptcy Court reasoned that (i) the "mere fact that the trustee has not filed a lawsuit [seeking to enforce Plaintiffs' right to the Minibonds collateral] is not a sufficient 'special circumstance;'" and (ii) the fact that an HSBC affiliate filed a proof of claim in the Lehman Bankruptcy does not establish that the Trustee is conflicted because "there is no allegation of any actual conflict." (Bankr. Ct. Ruling at 26.)

        Third, the Bankruptcy Court concluded that it would be futile to allow amendment of the Complaint to name the proper trustee—HSBC Bank—"for the reasons set forth in this ruling." (Bankr. Ct. Ruling at 22.) However, it is not apparent from the transcript of the ruling what those reasons were.

        The Bankruptcy Court also dismissed Counts Four through Thirteen because they were "not related to the debtors' proceedings." (Bankr. Ct. Ruling at 29.) The Bankruptcy Court stated that an adversary proceeding is considered related to a bankruptcy case "if the outcome might have a conceivable [e]ffect on the estate." (Bankr. Ct. Ruling at 28.) After noting that Counts Four through Thirteen "involve tort, breach of contract and breach of fiduciary duty claims against various defendants, none of whom are debtors" in the Lehman Bankruptcy, (Bankr. Ct. Ruling at 27), the Bankruptcy Court held that "[i]nasmuch as Counts [Four] through [Thirteen] comprise actions governed by foreign law between two or more non-debtors, such claims, regardless of the outcome, will not affect the debtor's bankruptcy cases. . . . Resolution of these claims will have no [e]ffect on the rights of debtors or creditors in the debtors'

-7-

bankruptcy cases, nor will it have any [e]ffect on the debtors' estates." (Bankr. Ct. Ruling at 29.)

## DISCUSSION

### I. Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error and its

legal conclusions de novo. Fed. R. Bankr. P. 8013; In re Vouzianas, 259 F.3d 103, 107 (2d Cir.

2001); In re Bennett Funding Grp., Inc., 146 F.3d 136, 138 (2d Cir. 1998). The dismissal of a

complaint is a legal conclusion which is subject to de novo review. Selevan v. N.Y. Thruway

Auth., 584 F.3d 82, 88 (2d Cir. 2009) ("We review de novo a district court's dismissal of a

complaint for lack of standing."); see also Raine v. Lorimar Prods., Inc., 71 B.R. 450, 452

(S.D.N.Y. 1987) ("Because this is an appeal from [a Bankruptcy Court's] decision on a motion

to dismiss for failure to state a claim, purely legal considerations are involved, and thus this

court's review must be de novo."). When reviewing such a dismissal, a court "accept[s] all

factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor."

ATSI Commc'n's, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Generally, "[a] bankruptcy court's denial of a request to amend [the complaint] is

reviewed for abuse of discretion." In re Calpine Corp., 406 B.R. 463, 472 (S.D.N.Y. 2009)

(citing In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005)). However, "[i]f that denial was

based on an interpretation of law," such as the determination that an amendment would be futile,

a court employs de novo review. See Dougherty v. Town of N. Hempstead Bd. of Zoning

Appeals, 282 F.3d 83, 87 (2d Cir. 2002); see also Ricciuti v. N.Y. City Transit Auth., 941 F.2d

119, 122-24 (2d Cir. 1991) (reviewing de novo the lower court's determination that amendment

-8-

would be futile).

A court "should freely give leave [to amend the Complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Particularly where a court grants a motion to dismiss, "the usual practice is to grant leave to amend." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999). A court may deny leave to amend as futile only "if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002). Indeed, futility means that it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (quotations and citations omitted).

## II. Claims Against LBSF: Counts One & Two

Plaintiffs appeal the dismissal of their direct claims against LBSF and the denial of leave to replead those claims derivatively. This Court addresses Count Three of the Complaint separately for the reasons articulated in Section IV, infra.

### a. Direct Claim Against LBSF

Plaintiffs appeal the Bankruptcy Court's dismissal of their direct claims against LBSF on two principal grounds: (1) Plaintiffs have standing under English law to sue LBSF directly because LBSF is a co-beneficiary under the trust; and (2) the Bankruptcy Court's reliance on the provisions of the trust deeds prohibiting non-parties from enforcing the deeds' terms was misplaced. Because Plaintiffs lack standing under English law to bring a direct claim against LBSF, this Court need not address Plaintiffs' second contention.

Under English law, a trustee generally has "a duty to protect and preserve the trust

-9-

estate for the benefit of the beneficiaries . . . ." Alsop Wilkinson v. Neary, [1996] 1 W.L.R.

1220, 1224 (Ch.). As such, "[n]ormally [it is] the trustee who has a right of action [and] is the

proper person to enforce [the trust]." Hayim v. Citibank NA, [1987] A.C. 730, 733 (P.C.); see

also Alsop, 1 W.L.R. at 1224 ("Trustees have a duty to . . . represent the trust in a third party

dispute."). Plaintiffs seek to circumvent this general principle by invoking the so-called

"beneficiaries dispute" theory. Under that theory, "where the dispute is between rival claimants

to a beneficial interest in the subject matter of the trust, . . . the duty of the trustee is to remain

neutral and . . . leav[e] it to the rivals to fight their battles." Alsop, 1 W.L.R. at 1225. Plaintiffs

argue this theory applies here because LBSF persuaded the Bankruptcy Court that it is a

beneficiary rather than a third party under the trust.

          As a threshold matter, Plaintiffs mischaracterize the Bankruptcy Court's ruling.

The Bankruptcy Court did not describe LBSF as a trust beneficiary. Instead, relying on Gregson

v. HAE Trs. Ltd., [2008] EWHC 1006 (Ch.), the Bankruptcy Court found that the Trustee was

the appropriate party to bring an action on behalf of the trust beneficiaries. In Gregson, a trust

beneficiary brought suit against the director of a corporate trustee for impairment of trust

property. The beneficiary argued that a corporate trustee's claims against its directors are held

for the trust's beneficiaries, thereby empowering them to sue directly. Gregson, EWHC 1006 at

¶¶ 9, 22. The Gregson court rejected this notion and described the general rule that "a director of

a trustee company does not owe a fiduciary duty to the beneficiary of the trust," and absent that

duty, a trust beneficiary has no direct claim against the director. Gregson, EWHC 1006 at ¶¶ 44,

56, 69.

          As the Gregson analysis illustrates, the core inquiry is whether the potentially

-10-

liable third party owed a duty to the trust's beneficiaries. See Gregson, EWHC 1006 at ¶¶ 44,
46, 57-58 (stating that if a direct claim against the directors was valid, it would "circumvent the
clear and established principle that no direct duty is owed by the directors to the beneficiaries");
see also Roberts v. Gill & Co, [2010] UKSC 22, ¶¶ 46, 110 (S.C.) (beneficiary sought to amend
to bring a derivative claim where it was "accepted that a claim that the [third parties] owed a
duty of care to the beneficiaries would be difficult to sustain"). While LBSF is a party to the
trust deeds, Plaintiffs do not allege the existence of any fiduciary relationship between
themselves and LBSF. Accordingly, the Bankruptcy Court properly held that Plaintiffs lack
standing under English law to sue LBSF directly.

   b. Derivative Claims Against LBSF

         The Bankruptcy Court also concluded that re-pleading derivative claims against
LBSF would be futile because Plaintiffs cannot allege the existence of special circumstances. In
making this determination, the Bankruptcy Court considered Plaintiffs' allegations that the
Trustee failed to bring suit against LBSF and that an HSBC entity filed a proof of claim in the
Lehman Bankruptcy.

         Under English law, a trust beneficiary may bring a derivative suit against a third
party when "special circumstances" are present. The "special circumstances" rule, articulated in
Hayim v. Citibank NA, provides:

> [A] beneficiary has no cause of action against a third party save in
> special circumstances which embrace a failure, excusable or
> inexcusable, by the trustees to the beneficiary to protect the trust
> estate or to protect the interests of the beneficiary in the trust
> estate.

Hayim, A.C. 730 at 748. The Supreme Court of the United Kingdom recently addressed the

-11-

"special circumstances" rule and summarized the relevant authorities as follows:

> The special circumstances which were identified in the earliest
> authorities as justifying a beneficiary's action were fraud on the
> part of the trustee, or collusion between the trustee and the third
> party, or the insolvency of the trustee, but it has always been clear
> that these are merely examples of special circumstances, and that
> the underlying question is whether the circumstances are
> sufficiently special to make it just for the beneficiary to have the
> remedy.

Roberts, UKSC 22 at ¶¶ 46, 110 (emphasis added).  The Supreme Court of the United Kingdom

noted that a court has "wide latitude in evaluating . . . special circumstances," taking into account

"all [of] the relevant circumstances."  Roberts, UKSC 22 at ¶¶ 76, 78, 114.

Through the prism of these English law principles, this Court concludes that the

Bankruptcy Court erred in finding that Plaintiffs cannot allege special circumstances.  Despite

representations in the Minibonds prospectuses that neither Lehman Brothers nor any of its

subsidiaries exercised control over the Issuer, Lehman Brothers designed the Minibonds program

and directed the Issuer's activities.  As a party to the trust deeds, LSBF was substantially

involved in that process.  The Issuer then created a trust that, in certain circumstances, distributes

its only collateral to a Lehman entity, rather than the trust's sole beneficiary.  Juxtaposed against

the promise that the Minibonds would be secured by highly-rated collateral, this is an odd result.

See Royal Brunei Airlines Sdn Bhd v. Tan, [1995] 2 A.C. 378, 386-87 (P.C.) ("If, for his own

purposes, a third party deliberately interferes in that relationship by assisting the trustee in

depriving the beneficiary of the property held for him by the trustee, the beneficiary should be

able to look for recompense to the third party as well as the trustee."); see also Roberts, UKSC

22 at ¶¶ 46, 110 ("[T]he underlying question is whether the circumstances are sufficiently special

to make it just for the beneficiary to have the remedy."); In re Field, [1971] 1 W.L.R. 555, 561

-12-

(Ch.) (holding that special circumstances existed and "justice require[d] that the plaintiff, who is

the only other person interested [in the property], should be allowed to have [his claim] properly

tried before a court"). Furthermore, the recently released Examiner's report reveals cooperation

between HSBC and Lehman Brothers at the highest levels during Lehman Brothers' collapse.

Given the totality of these circumstances, this Court cannot find that it is "beyond doubt that the

plaintiff[s] can prove no set of facts in support of [their] amended claims." Pangburn v.

Culbertson, 200 F.3d 65, 70 (2d Cir. 1999).

On appeal, the parties advance arguments concerning the operation of the trust

deeds' payment priority provisions and potential class certification problems caused by a

settlement arranged by Hong Kong regulatory authorities. While interesting, these arguments are

extraneous to the issue of standing; they concern the merits of Plaintiffs' claims and are not

before this Court on appeal. At this stage of the litigation, Plaintiffs should be permitted to

replead Counts One and Two as derivative claims against LBSF. The Bankruptcy Court's denial

of leave to replead is reversed.

## III. Claims Against the Trustee: Counts One & Two

Plaintiffs also contend that the Bankruptcy Court erred in denying leave to amend

the Complaint to name HSBC Bank as the Trustee. The Bankruptcy Court held that amending

the Complaint would be futile for the reasons set forth in its ruling, but did not articulate those

reasons.

As an initial matter, the Bankruptcy Court's analysis of English case law ignored

the differences between Plaintiffs' relationship with the Trustee and Plaintiffs' relationship with

-13-

LBSF and the other dismissed entities. Under English law, "the basic right of a beneficiary is to have the trust duly administered in accordance with the provisions of the trust instrument . . . and the general law." Target Holdings Ltd. v. Redferns, [1996] 1 AC 421, 434 (H.L.). When a trustee unlawfully administers the trust, a trust beneficiary may sue the trustee directly. See Hayim, A.C. at 735 ("The beneficiaries have a right to enforce the trust directly against the . . . trustee."); Bartlett v. Barclays Bank Trust Co. Ltd., [1980] 2 W.L.R. 430, 444, 452 (Ch.) (holding a trustee liable to the trust beneficiaries for willful "breach of trust"); see also Target Holdings, 1 AC at 437 ("A trustee who wrongly pays away trust money . . . commits a breach of trust and comes under an immediate duty to remedy such breach."). The Bankruptcy Court held that the trustee is the proper party to bring suit on behalf of a trust beneficiary. While that may explain Plaintiffs' lack of standing to sue LBSF directly, it does not resolve the issue of whether a beneficiary has standing to sue his trustee. Indeed, Counts One and Two are premised on alleged breaches of contract and fiduciary duty by the Trustee for failing to distribute the Saphir Notes to Plaintiffs.

The standing provisions of the trust deeds provide that a non-party to the trust has no right under the Contracts Act of 1999 to enforce any of the deeds' terms. While the Bankruptcy Court held that these provisions fit squarely within English law, it merely quoted the provisions without analyzing their language or the statute on which they rely. Notably, the Contracts Act of 1999 allows a non-party to a contract to enforce the contract's terms if they "purport[] to confer a benefit on him," Contracts Act of 1999, c. 31, § 1 (U.K.), but expressly states that it does not "affect any right or remedy of a third party that exists or is available apart from th[e] Act." Contracts Act of 1999, c. 31, § 7. Thus, while the trust deeds deprive Plaintiffs

-14-

of rights derived from the Contracts Act of 1999, Plaintiffs may hold rights outside of the Act, an issue the Bankruptcy Court did not consider.

Finally, the Bankruptcy Court's rationale for dismissing Counts Four through Thirteen fails to render futile an amended complaint naming the correct trustee. The Bankruptcy Court reasoned that these counts involve questions of foreign law which will have no effect on the rights of debtors or creditors in the underlying bankruptcy. The applicable rule is that "[a] proceeding is 'related to' a [bankruptcy] case . . . if the outcome might have a 'conceivable effect' on the estate." In re New 118th LLC, 396 B.R. 885, 890 (Bankr. S.D.N.Y. 2008) (citing In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992)). A conceivable effect is one which "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." In re New 118th LLC, 396 B.R. at 890 (citing In re Pacor, Inc., 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35 (1995)). In this case, Plaintiffs seek to prevent the transfer of the Saphir Notes—worth $1.6 billion—to the bankruptcy estate. The effect of $1.6 billion on the bankruptcy estate is self-evident. Moreover, by instructing the Trustee to postpone distribution of the Saphir Notes, LBSF—not Plaintiffs—tethered the Saphir Notes to the Lehman Bankruptcy. Accordingly, the Bankruptcy Court's denial of leave to replead Counts One and Two against the Trustee is reversed.

## IV. Constructive & Resulting Trust Claims: Count Three

In Count Three of the Complaint, Plaintiffs seek to impose a constructive or

-15-

.

resulting trust on the Minibonds collateral. While the Bankruptcy Court made a passing

reference to these claims, it provided no analysis in its ruling. Understandably, the Bankruptcy

Judge was juggling a host of complex and urgent issues. Nonetheless, this Court cannot discern

why the constructive and resulting trust claims were dismissed. See In re Gucci, 309 B.R. 679,

685 (S.D.N.Y. 2004) ("This Court . . . has no way of knowing whether and to what extent the

defense or elements thereof were rejected as a matter of law, [and] the reasons for any such

rejection . . . ."). A constructive trust relies on equitable, as opposed to contractual and formal

trust, principles. See, e.g., Counihan v. Allstate Ins. Co., 194 F.3d 357, 361 (2d Cir. 1999) ("A

constructive trust is an equitable remedy . . . [whose] purpose is to prevent unjust enrichment.").

Without some analysis of why standing principles derived from the trust deeds' and English law

apply to claims for a constructive or resulting trust, denial of leave to replead Count Three

against both the Trustee and LBSF was inappropriate. See Pangburn, 200 F.3d at 70 (denial of

leave to replead is warranted only when it is "beyond doubt that the plaintiff can prove no set of

facts in support of [the] amended claims"). Moreover, it is not evident whether these claims are

governed by English law, an issue the Bankruptcy Court did not address. Accordingly, the

Bankruptcy Court's dismissal of Count Three is vacated and remanded for further consideration.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's dismissal of Counts One and

Two against LBSF is affirmed, and its denial of leave to replead those claims derivatively against

LBSF is reversed. The Bankruptcy Court's denial of leave to replead Counts One and Two

against the Trustee is reversed. The Bankruptcy Court's dismissal of Count Three is vacated.

This action is remanded to the Bankruptcy Court for further proceedings consistent with this

Memorandum and Order.

Dated: August 9, 2010
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Jason C. Davis, Esq.
Robbins Geller Rudman & Dowd LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
*Counsel for Appellants*

Howard Grant Sloane, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
*Counsel for the HSBC Appellees*

-17-

Richard W. Slack, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
*Counsel for Appellee Lehman Brothers Special Financing, Inc.*

David S. Cohen, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1850 K Street, NW
Washington, DC 20006
*Counsel for Intervenor Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. et al.*

# EXHIBIT B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  8/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                :

KA KIN WONG, et al.,                          10 Civ. 0017 (WHP)
                                :       Appeal from Bankruptcy
        Plaintiffs/Appellants,          Case No. 08-13555 (JMP)
                                :

        -against-                    MEMORANDUM & ORDER
                                :

HSBC USA, INC., et al.,
                                :

        Defendants/Appellees.
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                :

KA KIN WONG, et al.,                          10 Civ. 0096 (WHP)
                                  :       Appeal from Bankruptcy
        Plaintiffs/Appellants,          Case No. 08-13555 (JMP)
                                :

        -against-                    :

HSBC USA, INC., et al.,
                                  :

        Defendants/Appellees.
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs/Appellants Ka Kin Wong and six other noteholders appeal from two

orders of the United States Bankruptcy Court for the Southern District of New York (Peck,

Bankr. J.) (the "Bankruptcy Court") dated November 23, 2009 and December 3, 2009 dismissing

their Class Action Complaint (the "Complaint") with prejudice.  While the events giving rise to

this adversary proceeding are complicated, two discrete issues are presented on appeal: (1)

whether Plaintiffs have standing to sue, and (2) whether amendment of the Complaint would be

futile.  For the following reasons, this Court affirms in part, reverses in part, and vacates in part

the Bankruptcy Court's orders.

## BACKGROUND

### I. Parties on Appeal

Plaintiffs seek to represent a class of purchasers of structured finance notes—also known as "Minibonds"—between June 16, 2003 and September 15, 2008. (Appellants' Designation of Contents of the Record Designation Number ("DN") 1: Complaint against HSBC, USA, et al. dated Mar. 12, 2009 ("Compl.") ¶ 1.) Plaintiffs brought claims against Pacific International Finance Limited ("Pacific Finance" or the "Issuer"), the issuer of the Minibonds, as well as several other entities and individuals. (Compl. ¶¶ 27-38.) The underlying transactions and relationships among the various entities are opaque.

On appeal, Plaintiffs pursue their claims against only two entities: HSBC Bank USA, N.A. ("HSBC Bank" or the "Trustee"), and Lehman Brothers Special Financing, Inc. ("LBSF"). HSBC Bank is the trustee of collateral securing Pacific Finance's payment obligations to the Minibonds holders and LBSF. In the Complaint, Plaintiffs mistakenly named HSBC Bank's predecessor as trustee, (DN 6 Ex. 2: Affidavit of Song Qun Sworn, Programme Prospectus dated Mar. 12, 2007 at 7), and now appeal the Bankruptcy Court's denial of leave to amend the Complaint to name HSBC Bank. Defendant LSBF is a bankrupt Delaware corporation and a debtor in the underlying bankruptcy proceedings, which involve several Lehman entities (the "Lehman Bankruptcy"). (Compl. ¶¶ 38, 67.)

### II. The Minibonds Program

Plaintiffs seek damages and injunctive relief relating to $1.6 billion in Minibonds

-2-

issued by Pacific Finance in separate, but virtually identical, series. (Compl. ¶ 45.) Pacific

Finance sold the Minibonds to retail investors located primarily in Hong Kong, and marketed

them as "credit-linked" to financially stable companies and backed by AAA-rated collateral.

(Compl. ¶¶ 45, 47, 51.) As a consequence of Lehman Brothers Holdings, Inc.'s ("Lehman

Brothers") collapse, the Minibonds are now worthless. (Compl. ¶¶ 67-69, 101-04.)

   While the Minibonds were issued by Pacific Finance, Lehman Brothers and other

Lehman entities designed the Minibonds program. (Compl. ¶¶ 46, 48, 50, 82.) The details of

Lehman Brothers' involvement emerged during an inquiry conducted by Hong Kong regulatory

authorities. In that proceeding, officers of HSBC Holdings Plc ("HSBC Holdings"), the

company at the top of the HSBC pyramid, testified that Lehman Brothers appointed HSBC Bank

as trustee of the Minibonds collateral.[1]  (Compl. ¶ 82.) Lehman Brothers also compiled the

prospectus for each Minibonds series. (Compl. ¶ 82.) Pacific Finance existed only "to issue the

[Minibonds]. It [was for] all intents and purposes a creature of Lehman's design . . . . [Pacific

Finance was] not an active company . . . and HSBC's role as a Director [was] not an active role .

. . ." (Compl. ¶ 82.) Indeed, the Complaint alleges that Lehman Brothers and LBSF, not the

Issuer, "selected the collateral" for the Minibonds. (Compl. ¶ 50.)

   Pacific Finance secured its obligation to pay interest to the Minibonds holders

through two related transactions.[2] First, Pacific Finance purchased notes from Saphir Finance

Public Limited Company (the "Saphir Notes"). (DN 9 Ex.1, Ex. B: Tenth Supplemental Trust

---

[1]  The Hong Kong testimony in the Complaint does not distinguish among the various HSBC and
Lehman entities. At times, it is difficult to discern the specific entity referenced in the testimony.

Deed ("Tenth Deed") at 1.) The Saphir Notes were placed in trust with HSBC Bank as Trustee.
(Tenth Deed at 1.) Pacific Finance also executed a credit default swap agreement with LBSF.
(Tenth Deed at 1; Compl. ¶ 54.) Under the credit default swap, LBSF agreed to pay Pacific
Finance a sum equal to what Pacific Finance owed the Minibonds holders in exchange for the
interest earned by Pacific Finance on the Saphir Notes. (Tenth Deed at 15-16.) Because Lehman
Brothers and LBSF exercised control over the Minibonds program, Plaintiffs assert that LBSF
"negotiate[d] with itself over the essential terms of the swap agreements." (Compl. ¶ 50.)

The Saphir Notes are governed by a principal trust deed and a supplemental trust
deed issued for each series of Minibonds. (Compl. ¶¶ 84-85.) These trust deeds and the
prospectuses advertising the Minibonds sale set forth the "duties and obligations" of the Trustee
and the Issuer. (Compl. ¶¶ 84-87.) The trust deeds contain, inter alia, provisions governing the
priority of payment in the event the Saphir Notes are liquidated. (Compl. ¶¶ 84, 90.) The parties
disagree about the operation of these provisions and who has priority to the Saphir Notes.
Choice of law provisions in the trust deeds provide that they are to be construed under English
law. (DN 9 Ex. 1: Principal Trust Deed ("Principal Trust Deed"), Sec. 17(a).) The prospectuses
represented that "neither Lehman Brothers Holdings, Inc. nor any of its subsidiaries or affiliates
has any equity interest in, or any control over, us [Pacific Finance/HSBC]." (Compl. ¶¶ 84, 87.)

According to the Complaint, Pacific Finance is controlled by HSBC Bank
(Cayman) Limited ("HSBC Cayman"). (Compl. ¶ 29.) In turn, HSBC Cayman is controlled by
HSBC Holdings. (Compl. ¶ 31.) HSBC Holdings also controls the Trustee's predecessor,

---

[2] Plaintiffs brought claims against other entities and individuals alleging rights to collateral
purchased as part of additional transactions. (Compl. ¶¶ 8, 32-37, 110, 118.) Because Plaintiffs
do not appeal the Bankruptcy Court's dismissal of these claims, that collateral is not at issue.

-4-

HSBC Bank USA.[3]  (Compl. ¶ 31.)

Another HSBC entity—HSBC Bank Plc—filed a claim for $234 million in the

Lehman Bankruptcy.  (DN 30 Ex. 6: Amended Schedule of Assets and Liabilities for Lehman

Brothers at 3.)  In addition, a Lehman Bankruptcy Examiner's report published after the orders

on appeal discloses that HSBC Holdings and Lehman Brothers cooperated extensively during

Lehman's collapse to ensure that Lehman Brothers satisfied its obligations to HSBC Holdings.

(Report of Anton R. Valukas, Examiner, dated Mar. 11, 2010 at 1321-26.)


III.  Procedural History

On October 3, 2008, LBSF filed for bankruptcy.  (Counter-Designation of Items

To Be Included In Record On Appeal ("C-DN") 10: Supplement to Proof of Claim in Chapter 11

Case of LBSF ¶ 10; Compl. ¶ 67.)  Thereafter, LBSF's counsel informed HSBC Bank that any

attempt to liquidate the Saphir Notes may be subject to the automatic stay provisions of the

United States Bankruptcy Code and demanded the Trustee cease all further action.  (DN 30 Ex.

5: Pls.' Opp'n to Def. [LBSF's] Mot. to Dismiss the Compl., Letter dated Nov. 25, 2008.)

HSBC Bank complied.

On March 12, 2009, Plaintiffs filed an adversary proceeding in the Bankruptcy

Court.  Count One of the Complaint seeks a declaratory judgment that the Minibonds collateral is

the property of the Minibonds holders, not the bankruptcy estate, based on breaches of contract

and fiduciary duty by the Issuer and Trustee.  (Compl. ¶¶ 97-108.)  Count Two seeks to enjoin

LBSF and the Trustee from impairing the Minibonds collateral and requests transfer of the

---

[3] This Court presumes that an amended complaint would include the same allegation.

-5-

collateral to the Minibonds holders. (Compl. ¶¶ 109-13.) Count Three seeks a resulting or

constructive trust on the Minibonds collateral for the benefit of the Minibonds purchasers.

(Compl. ¶¶ 114-21.) Finally, the remaining counts of the Complaint—Counts Four through

Thirteen—assert damages claims for breach of contract, breach of fiduciary duty, negligence,

unjust enrichment, and aiding and abetting against the Trustee, the Issuer, and the Issuer's

directors and parent company. (Compl. ¶¶ 122-89.)

On May 27, 2009, LBSF and HSBC Bank USA each moved to dismiss the

Complaint. (DN 5: Notice of HSBC USA, Inc.'s Mot. to Dismiss the [Complaint], Abstain or

Stay the Adversary Proceeding; DN 9: Notice of Mot. of [LBSF] for an Order Dismissing the

Adversary Compl.)

In a ruling from the bench, Bankruptcy Judge Peck dismissed the Complaint. The

Bankruptcy Court dismissed Counts One through Three for lack of standing on three principal

grounds. First, relying on the trust deeds and English law, the Bankruptcy Court held that

Plaintiffs lack standing to bring a direct claim against Defendants. The relevant provisions of the

trust deeds state that "[a] person who is not a party to [the deed] has no right under the Contracts

(Rights of Third Parties) Act 1999 [("Contracts Act of 1999")] to enforce any term of [the deed]

except and to the extent (if any) that [the deed] expressly provides for such Act to apply to any of

its terms." (Principal Trust Deed at 3; Tenth Deed at 3). The Bankruptcy Court held that

"[t]hese provisions fit squarely within the tenets of governing English law," which "provides that

it is a trustee and not a beneficiary of a trust that is the appropriate party to bring an action on

behalf of the trust beneficiaries." (Tr. of Nov. 18, 2009 Hr'g (the "Bankr. Ct. Ruling") at 25.)

Second, the Bankruptcy Court held that it would be futile to allow Plaintiffs to

-6-

amend the Complaint to bring a derivative claim on behalf of the Trustee. (Bankr. Ct. Ruling at 26.) Construing English law, the Bankruptcy Court concluded that a trust beneficiary may step into the shoes of the Trustee and sue on its behalf only in special circumstances. (Bankr. Ct. Ruling at 26.) Applying this standard, the Bankruptcy Court reasoned that (i) the "mere fact that the trustee has not filed a lawsuit [seeking to enforce Plaintiffs' right to the Minibonds collateral] is not a sufficient 'special circumstance;'" and (ii) the fact that an HSBC affiliate filed a proof of claim in the Lehman Bankruptcy does not establish that the Trustee is conflicted because "there is no allegation of any actual conflict." (Bankr. Ct. Ruling at 26.)

Third, the Bankruptcy Court concluded that it would be futile to allow amendment of the Complaint to name the proper trustee—HSBC Bank—"for the reasons set forth in this ruling." (Bankr. Ct. Ruling at 22.) However, it is not apparent from the transcript of the ruling what those reasons were.

The Bankruptcy Court also dismissed Counts Four through Thirteen because they were "not related to the debtors' proceedings." (Bankr. Ct. Ruling at 29.) The Bankruptcy Court stated that an adversary proceeding is considered related to a bankruptcy case "if the outcome might have a conceivable [e]ffect on the estate." (Bankr. Ct. Ruling at 28.) After noting that Counts Four through Thirteen "involve tort, breach of contract and breach of fiduciary duty claims against various defendants, none of whom are debtors" in the Lehman Bankruptcy, (Bankr. Ct. Ruling at 27), the Bankruptcy Court held that "[i]nasmuch as Counts [Four] through [Thirteen] comprise actions governed by foreign law between two or more non-debtors, such claims, regardless of the outcome, will not affect the debtor's bankruptcy cases. . . . Resolution of these claims will have no [e]ffect on the rights of debtors or creditors in the debtors'

-7-

bankruptcy cases, nor will it have any [e]ffect on the debtors' estates." (Bankr. Ct. Ruling at 29.)

## DISCUSSION

### I.   Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error and its

legal conclusions de novo. Fed. R. Bankr. P. 8013; In re Vouzianas, 259 F.3d 103, 107 (2d Cir.

2001); In re Bennett Funding Grp., Inc., 146 F.3d 136, 138 (2d Cir. 1998). The dismissal of a

complaint is a legal conclusion which is subject to de novo review. Selevan v. N.Y. Thruway

Auth., 584 F.3d 82, 88 (2d Cir. 2009) ("We review de novo a district court's dismissal of a

complaint for lack of standing."); see also Raine v. Lorimar Prods., Inc., 71 B.R. 450, 452

(S.D.N.Y. 1987) ("Because this is an appeal from [a Bankruptcy Court's] decision on a motion

to dismiss for failure to state a claim, purely legal considerations are involved, and thus this

court's review must be de novo."). When reviewing such a dismissal, a court "accept[s] all

factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor."

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Generally, "[a] bankruptcy court's denial of a request to amend [the complaint] is

reviewed for abuse of discretion." In re Calpine Corp., 406 B.R. 463, 472 (S.D.N.Y. 2009)

(citing In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005)). However, "[i]f that denial was

based on an interpretation of law," such as the determination that an amendment would be futile,

a court employs de novo review. See Dougherty v. Town of N. Hempstead Bd. of Zoning

Appeals, 282 F.3d 83, 87 (2d Cir. 2002); see also Ricciuti v. N.Y. City Transit Auth., 941 F.2d

119, 122-24 (2d Cir. 1991) (reviewing de novo the lower court's determination that amendment

-8-

would be futile).

A court "should freely give leave [to amend the Complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Particularly where a court grants a motion to dismiss, "the usual practice is to grant leave to amend." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999). A court may deny leave to amend as futile only "if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002). Indeed, futility means that it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (quotations and citations omitted).


II. Claims Against LBSF: Counts One & Two

Plaintiffs appeal the dismissal of their direct claims against LBSF and the denial of leave to replead those claims derivatively. This Court addresses Count Three of the Complaint separately for the reasons articulated in Section IV, infra.

a. Direct Claim Against LBSF

Plaintiffs appeal the Bankruptcy Court's dismissal of their direct claims against LBSF on two principal grounds: (1) Plaintiffs have standing under English law to sue LBSF directly because LBSF is a co-beneficiary under the trust; and (2) the Bankruptcy Court's reliance on the provisions of the trust deeds prohibiting non-parties from enforcing the deeds' terms was misplaced. Because Plaintiffs lack standing under English law to bring a direct claim against LBSF, this Court need not address Plaintiffs' second contention.

Under English law, a trustee generally has "a duty to protect and preserve the trust

-9-

estate for the benefit of the beneficiaries . . . ."  Alsop Wilkinson v. Neary, [1996] 1 W.L.R.

1220, 1224 (Ch.).  As such, "[n]ormally [it is] the trustee who has a right of action [and] is the

proper person to enforce [the trust]."  Hayim v. Citibank NA, [1987] A.C. 730, 733 (P.C.); see

also Alsop, 1 W.L.R. at 1224 ("Trustees have a duty to . . . represent the trust in a third party

dispute.").  Plaintiffs seek to circumvent this general principle by invoking the so-called

"beneficiaries dispute" theory.  Under that theory, "where the dispute is between rival claimants

to a beneficial interest in the subject matter of the trust, . . . the duty of the trustee is to remain

neutral and . . . leav[e] it to the rivals to fight their battles."  Alsop, 1 W.L.R. at 1225.  Plaintiffs

argue this theory applies here because LBSF persuaded the Bankruptcy Court that it is a

beneficiary rather than a third party under the trust.

As a threshold matter, Plaintiffs mischaracterize the Bankruptcy Court's ruling.

The Bankruptcy Court did not describe LBSF as a trust beneficiary.  Instead, relying on Gregson

v. HAE Trs. Ltd., [2008] EWHC 1006 (Ch.), the Bankruptcy Court found that the Trustee was

the appropriate party to bring an action on behalf of the trust beneficiaries.  In Gregson, a trust

beneficiary brought suit against the director of a corporate trustee for impairment of trust

property.  The beneficiary argued that a corporate trustee's claims against its directors are held

for the trust's beneficiaries, thereby empowering them to sue directly.  Gregson, EWHC 1006 at

¶¶ 9, 22.  The Gregson court rejected this notion and described the general rule that "a director of

a trustee company does not owe a fiduciary duty to the beneficiary of the trust," and absent that

duty, a trust beneficiary has no direct claim against the director.  Gregson, EWHC 1006 at ¶¶ 44,

56, 69.

As the Gregson analysis illustrates, the core inquiry is whether the potentially

-10-

liable third party owed a duty to the trust's beneficiaries.  See Gregson, EWHC 1006 at ¶¶ 44,

46, 57-58 (stating that if a direct claim against the directors was valid, it would "circumvent the

clear and established principle that no direct duty is owed by the directors to the beneficiaries");

see also Roberts v. Gill & Co, [2010] UKSC 22, ¶¶ 46, 110 (S.C.) (beneficiary sought to amend

to bring a derivative claim where it was "accepted that a claim that the [third parties] owed a

duty of care to the beneficiaries would be difficult to sustain").  While LBSF is a party to the

trust deeds, Plaintiffs do not allege the existence of any fiduciary relationship between

themselves and LBSF.  Accordingly, the Bankruptcy Court properly held that Plaintiffs lack

standing under English law to sue LBSF directly.

      b.  Derivative Claims Against LBSF

          The Bankruptcy Court also concluded that re-pleading derivative claims against

LBSF would be futile because Plaintiffs cannot allege the existence of special circumstances.  In

making this determination, the Bankruptcy Court considered Plaintiffs' allegations that the

Trustee failed to bring suit against LBSF and that an HSBC entity filed a proof of claim in the

Lehman Bankruptcy.

          Under English law, a trust beneficiary may bring a derivative suit against a third

party when "special circumstances" are present.  The "special circumstances" rule, articulated in

Hayim v. Citibank NA, provides:

> [A] beneficiary has no cause of action against a third party save in
> special circumstances which embrace a failure, excusable or
> inexcusable, by the trustees to the beneficiary to protect the trust
> estate or to protect the interests of the beneficiary in the trust
> estate.

Hayim, A.C. 730 at 748.  The Supreme Court of the United Kingdom recently addressed the

"special circumstances" rule and summarized the relevant authorities as follows:

> The special circumstances which were identified in the earliest
> authorities as justifying a beneficiary's action were fraud on the
> part of the trustee, or collusion between the trustee and the third
> party, or the insolvency of the trustee, but it has always been clear
> that these are merely examples of special circumstances, and that
> the underlying question is whether the circumstances are
> sufficiently special to make it just for the beneficiary to have the
> remedy.

Roberts, UKSC 22 at ¶¶ 46, 110 (emphasis added). The Supreme Court of the United Kingdom

noted that a court has "wide latitude in evaluating . . . special circumstances," taking into account

"all [of] the relevant circumstances." Roberts, UKSC 22 at ¶¶ 76, 78, 114.

Through the prism of these English law principles, this Court concludes that the

Bankruptcy Court erred in finding that Plaintiffs cannot allege special circumstances. Despite

representations in the Minibonds prospectuses that neither Lehman Brothers nor any of its

subsidiaries exercised control over the Issuer, Lehman Brothers designed the Minibonds program

and directed the Issuer's activities. As a party to the trust deeds, LSBF was substantially

involved in that process. The Issuer then created a trust that, in certain circumstances, distributes

its only collateral to a Lehman entity, rather than the trust's sole beneficiary. Juxtaposed against

the promise that the Minibonds would be secured by highly-rated collateral, this is an odd result.

See Royal Brunei Airlines Sdn Bhd v. Tan, [1995] 2 A.C. 378, 386-87 (P.C.) ("If, for his own

purposes, a third party deliberately interferes in that relationship by assisting the trustee in

depriving the beneficiary of the property held for him by the trustee, the beneficiary should be

able to look for recompense to the third party as well as the trustee."); see also Roberts, UKSC

22 at ¶¶ 46, 110 ("[T]he underlying question is whether the circumstances are sufficiently special

to make it just for the beneficiary to have the remedy."); In re Field, [1971] 1 W.L.R. 555, 561

-12-

(Ch.) (holding that special circumstances existed and "justice require[d] that the plaintiff, who is the only other person interested [in the property], should be allowed to have [his claim] properly tried before a court"). Furthermore, the recently released Examiner's report reveals cooperation between HSBC and Lehman Brothers at the highest levels during Lehman Brothers' collapse. Given the totality of these circumstances, this Court cannot find that it is "beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999).

On appeal, the parties advance arguments concerning the operation of the trust deeds' payment priority provisions and potential class certification problems caused by a settlement arranged by Hong Kong regulatory authorities. While interesting, these arguments are extraneous to the issue of standing; they concern the merits of Plaintiffs' claims and are not before this Court on appeal. At this stage of the litigation, Plaintiffs should be permitted to replead Counts One and Two as derivative claims against LBSF. The Bankruptcy Court's denial of leave to replead is reversed.

III. Claims Against the Trustee: Counts One & Two

Plaintiffs also contend that the Bankruptcy Court erred in denying leave to amend the Complaint to name HSBC Bank as the Trustee. The Bankruptcy Court held that amending the Complaint would be futile for the reasons set forth in its ruling, but did not articulate those reasons.

As an initial matter, the Bankruptcy Court's analysis of English case law ignored the differences between Plaintiffs' relationship with the Trustee and Plaintiffs' relationship with

-13-

LBSF and the other dismissed entities. Under English law, "the basic right of a beneficiary is to have the trust duly administered in accordance with the provisions of the trust instrument . . . and the general law." Target Holdings Ltd. v. Redferns, [1996] 1 AC 421, 434 (H.L.). When a trustee unlawfully administers the trust, a trust beneficiary may sue the trustee directly. See Hayim, A.C. at 735 ("The beneficiaries have a right to enforce the trust directly against the . . . trustee."); Bartlett v. Barclays Bank Trust Co. Ltd., [1980] 2 W.L.R. 430, 444, 452 (Ch.) (holding a trustee liable to the trust beneficiaries for willful "breach of trust"); see also Target Holdings, 1 AC at 437 ("A trustee who wrongly pays away trust money . . . commits a breach of trust and comes under an immediate duty to remedy such breach."). The Bankruptcy Court held that the trustee is the proper party to bring suit on behalf of a trust beneficiary. While that may explain Plaintiffs' lack of standing to sue LBSF directly, it does not resolve the issue of whether a beneficiary has standing to sue his trustee. Indeed, Counts One and Two are premised on alleged breaches of contract and fiduciary duty by the Trustee for failing to distribute the Saphir Notes to Plaintiffs.

The standing provisions of the trust deeds provide that a non-party to the trust has no right under the Contracts Act of 1999 to enforce any of the deeds' terms. While the Bankruptcy Court held that these provisions fit squarely within English law, it merely quoted the provisions without analyzing their language or the statute on which they rely. Notably, the Contracts Act of 1999 allows a non-party to a contract to enforce the contract's terms if they "purport[] to confer a benefit on him," Contracts Act of 1999, c. 31, § 1 (U.K.), but expressly states that it does not "affect any right or remedy of a third party that exists or is available apart from th[e] Act." Contracts Act of 1999, c. 31, § 7. Thus, while the trust deeds deprive Plaintiffs

-14-

of rights derived from the Contracts Act of 1999, Plaintiffs may hold rights outside of the Act, an
issue the Bankruptcy Court did not consider.

   Finally, the Bankruptcy Court's rationale for dismissing Counts Four through
Thirteen fails to render futile an amended complaint naming the correct trustee.  The Bankruptcy
Court reasoned that these counts involve questions of foreign law which will have no effect on
the rights of debtors or creditors in the underlying bankruptcy.  The applicable rule is that "[a]
proceeding is 'related to' a [bankruptcy] case . . . if the outcome might have a 'conceivable
effect' on the estate."  In re New 118th LLC, 396 B.R. 885, 890 (Bankr. S.D.N.Y. 2008) (citing
In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992)).  A conceivable effect is one
which "could alter the debtor's rights, liabilities, options, or freedom of action (either positively
or negatively) and which in any way impacts upon the handling and administration of the
bankrupt estate."  In re New 118th LLC, 396 B.R. at 890 (citing In re Pacor, Inc., 743 F.2d 984,
994 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516
U.S. 124, 134-35 (1995)).  In this case, Plaintiffs seek to prevent the transfer of the Saphir
Notes—worth $1.6 billion—to the bankruptcy estate.  The effect of $1.6 billion on the
bankruptcy estate is self-evident.  Moreover, by instructing the Trustee to postpone distribution
of the Saphir Notes, LBSF—not Plaintiffs—tethered the Saphir Notes to the Lehman
Bankruptcy.  Accordingly, the Bankruptcy Court's denial of leave to replead Counts One and
Two against the Trustee is reversed.


IV.  Constructive & Resulting Trust Claims:  Count Three

   In Count Three of the Complaint, Plaintiffs seek to impose a constructive or

-15-

.

resulting trust on the Minibonds collateral. While the Bankruptcy Court made a passing

reference to these claims, it provided no analysis in its ruling. Understandably, the Bankruptcy

Judge was juggling a host of complex and urgent issues. Nonetheless, this Court cannot discern

why the constructive and resulting trust claims were dismissed. See In re Gucci, 309 B.R. 679,

685 (S.D.N.Y. 2004) ("This Court . . . has no way of knowing whether and to what extent the

defense or elements thereof were rejected as a matter of law, [and] the reasons for any such

rejection . . . ."). A constructive trust relies on equitable, as opposed to contractual and formal

trust, principles. See, e.g., Counihan v. Allstate Ins. Co., 194 F.3d 357, 361 (2d Cir. 1999) ("A

constructive trust is an equitable remedy . . . [whose] purpose is to prevent unjust enrichment.").

Without some analysis of why standing principles derived from the trust deeds' and English law

apply to claims for a constructive or resulting trust, denial of leave to replead Count Three

against both the Trustee and LBSF was inappropriate. See Pangburn, 200 F.3d at 70 (denial of

leave to replead is warranted only when it is "beyond doubt that the plaintiff can prove no set of

facts in support of [the] amended claims"). Moreover, it is not evident whether these claims are

governed by English law, an issue the Bankruptcy Court did not address. Accordingly, the

Bankruptcy Court's dismissal of Count Three is vacated and remanded for further consideration.

-16-

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's dismissal of Counts One and

Two against LBSF is affirmed, and its denial of leave to replead those claims derivatively against

LBSF is reversed. The Bankruptcy Court's denial of leave to replead Counts One and Two

against the Trustee is reversed. The Bankruptcy Court's dismissal of Count Three is vacated.

This action is remanded to the Bankruptcy Court for further proceedings consistent with this

Memorandum and Order.

Dated: August 9, 2010
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Jason C. Davis, Esq.
Robbins Geller Rudman & Dowd LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
*Counsel for Appellants*

Howard Grant Sloane, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
*Counsel for the HSBC Appellees*

-17-

Richard W. Slack, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
*Counsel for Appellee Lehman Brothers Special Financing, Inc.*

David S. Cohen, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1850 K Street, NW
Washington, DC 20006
*Counsel for Intervenor Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. et al.*