**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                                 :    Chapter 11 Case No.
                                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                      :
                                            Debtors.           :    (Jointly Administered)
-----------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' EIGHTY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the eighty-ninth omnibus objection to claims, dated February 11, 2011 (the "Eighty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Liability Claims on the grounds that they seek to recover for securities that were neither issued nor guaranteed by the Debtors, all as more fully described in the Eighty-Ninth Omnibus Objection to Claims; and due and proper notice of the Eighty-Ninth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the Eighty-Ninth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Eighty-Ninth Omnibus Objection to Claims.

accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Eighty-Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eighty-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Eighty-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No Liability Claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors have withdrawn without prejudice the Eighty-Ninth Omnibus Objection to Claims with respect to the claims listed on Exhibit 2 annexed hereto; and it is further

ORDERED that the Debtors have adjourned to April 28, 2011 (or as may be further adjourned by the Debtors) the Eighty-Ninth Omnibus Objection to Claims with respect to the claims listed on Exhibit 3 annexed hereto; and it is further

ORDERED that this Order supersedes all previous orders regarding the No Liability Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the Eighty-Ninth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       March 31, 2011

                                      *s/ James M. Peck*
                                      UNITED STATES BANKRUPTCY JUDGE