WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                     :    **Chapter 11**
:
**LEHMAN BROTHERS HOLDINGS INC., et al.,**    :    Case No. 08-13555 (JMP)
:
Debtors.                            :    (Jointly Administered)
:
------------------------------------------------------------------x

**LEHMAN BROTHERS HOLDINGS INC.'S PRELIMINARY RESPONSE**
**TO MOTION OF COLORADO PLAINTIFFS FOR ORDER AUTHORIZING**
**EXAMINATION OF DEBTORS PURSUANT TO BANKRUPTCY RULE 2004**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), submit this response to the motion (the "Motion") filed by certain plaintiffs (the "Colorado Plaintiffs") in a litigation captioned *Jamin Cook, et al. v. Ironbridge Homes, LLC, et al.*, (Case No. 2010CV142) (the "Colorado Litigation") seeking an order authorizing an examination of the Debtors pursuant to rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion") [Docket No. 15200].

**Background**

1. Beginning in November of 2010, the Colorado Plaintiffs and the Debtors engaged in an extended dialogue regarding the Colorado Plaintiffs' demand for certain of the Debtors' insurance policies. Throughout that discussion, the Colorado Plaintiffs were unwilling to articulate the basis for any alleged claims against the Debtors leaving the Debtors unable to ascertain which, if any, of their insurance policies are potentially implicated. Accordingly, the Debtors informed the Colorado Plaintiffs that they would not provide their insurance policies to the Colorado Plaintiffs until the Colorado Plaintiffs provided the Debtors with a description of their claims sufficient to allow the Debtors to determine which of their insurance policies, if any, potentially provided coverage.

2. On or about March 18, 2011, the Colorado Plaintiffs filed the Motion. Contemporaneously therewith, the Colorado Plaintiffs filed a notice of presentment of proposed order authorizing an examination of the Debtors pursuant to Bankruptcy Rule 2004 (the "Notice of Presentment") [Docket No. 15201]. The Notice of Presentment purports to establish March 31, 2011 as the date by which objections to the Motion must be served and filed, and April 1, 2011 at 12:00 p.m. as the presentment date.

**The Notice of Presentment is Procedurally Deficient**

3. Rule 9074-1 of the local rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), as adopted by this Court's Second Amended Order, dated June 17, 2010, adopting certain Notice and Case Management Procedures (the "Case Management Order"), only permits applications for examination pursuant to Bankruptcy Rule 2004 to be filed on presentment if they are

expected to be uncontested.[1] Given the prior communications between the Colorado Plaintiffs and the Debtors, there is no scenario under which the Colorado Plaintiffs could have expected, in good faith, that the Motion would be uncontested. Filing the Motion on presentment, therefore, was in violation of the Local Rules and the Case Management Order and should not be permitted.

4. The policy behind the limitations on a party's ability to file pleadings on presentment is obvious. Since presentment is an expedited procedure that significantly limits the time available for the Court and parties in interest to consider a matter, presentment is only appropriate for matters that are uncontroversial. For all other matters, the Court and parties in interest are entitled to the full notice period called for in the Bankruptcy Rules, the Local Rules, and the Case Management Order, as applicable.

5. The Debtors and the Colorado Plaintiffs spent several months engaged in discussions regarding the Debtors' insurance policies. On numerous occasions, the Debtors indicated to the Colorado Plaintiffs that they would not provide the insurance policies to the Colorado Plaintiffs until the Colorado Plaintiffs articulated the basis for their claims. As the Colorado Plaintiffs remain unwilling to provide such information – from which inference can be drawn – they cannot, in good faith, have believed that the Motion would be uncontested. Accordingly, the Motion is not eligible

---

[1] Local Rule 9074-1 provides:

(1) Use. Where it is anticipated that a motion, application, or objection of a type set forth below will be uncontested, the motion, application, or objection may be made upon notice of presentment.
    (F) Application for an examination pursuant to Bankruptcy Rule 2004 to the extent that the application is not granted *ex parte*.

for consideration pursuant to Local Rule 9074-1 and must be re-noticed in compliance with the Case Management Order.

6. The Debtors have contacted the Colorado Plaintiffs and reiterated their willingness to provide them with the Debtors' relevant insurance polices. In order to identify which of their insurance policies are relevant to the Colorado Plaintiffs' claims, however, the Debtors must have a better understanding of the basis for such claims. Assuming that the Colorado Plaintiffs are willing to provide the Debtors with a reasonably detailed description of their claims, the Debtors believe that they will be able to resolve this matter consensually. In the event that the Colorado Plaintiffs are unwilling to cooperate, the Debtors reserve their right to object to the substance of the Motion at such time as the Motion has been properly filed and noticed.

## Conclusion

7.      For the reasons described above, the Debtors respectfully request that the Court decline to schedule the Motion for hearing until it has been filed and noticed in accordance with the Local Rules and the Case Management Order.

Dated:   March 31, 2011
         New York, New York

/s/ Shai Y. Waisman
Shai Y. Waisman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession