WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Irwin H. Warren
Randi W. Singer

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | |
|---|---|
| | : |
| In re | :     Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | :     **08-13555 (JMP)** |
| | : |
| Debtors. | :     **(Jointly Administered)** |
| | : |
| | : |

-------------------------------------------------------------------x

### NOTICE OF AMENDED ORDER ESTABLISHING SCHEDULE IN CONNECTION WITH DISCOVERY RELATED TO PLAN CONFIRMATION AND OTHER ISSUES

PLEASE TAKE NOTICE that, based on comments received from parties in interest  in accordance with the previous notice filed by the Debtors on March 11, 2011, the Debtors have filed a revised proposed order (the "Revised Order") as to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal Rules of Bankruptcy Procedure for Authorization to Establish and Implement Procedures in Connection with Discovery Related to Plan Confirmation, dated March 8, 2011 [Docket No. 14867] (the "Motion")[1].  A copy of the Revised Order is attached hereto as "Exhibit A" and a comparison reflecting the changes made is attached here to as "Exhibit B."

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

PLEASE TAKE FURTHER NOTICE that all objections to the Motion or the Revised Order must be filed and served so as to be received by the attorneys for the Debtors, the Court and other parties in interest as provided for in prior notices by no later than April 5, 2011, at 4:00 p.m. (Prevailing Eastern Time).

PLEASE TAKE FURTHER NOTICE that the hearing to consider the Motion will be held on April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable James M. Peck, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, Room 601, and such hearing may be further adjourned from time to time without further notice other than an announcement at the hearing.

Dated: March 31, 2011
     New York, New York

/s/ Irwin H. Warren
Irwin H. Warren
Randi W. Singer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Exhibit A**

**(Revised Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                        :
In re                                                   :    **Chapter 11 Case No.**
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,            :    **08-13555 (JMP)**
                                                        :
                    **Debtors.**                        :    **(Jointly Administered)**
-----------------------------------------------------------------------x

**ORDER ESTABLISHING**
**SCHEDULE AND PROCEDURES IN CONNECTION WITH DISCOVERY**
**RELATED TO PLAN CONFIRMATION AND OTHER ISSUES**

Lehman Brothers Holdings Inc. and certain of its affiliated debtors (collectively the
"Debtors") filed the First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and
its Affiliated Debtors, dated January 25, 2011 [Docket No. 14150] (as it may be further amended
or modified, the "Plan").  The Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc
Group") filed a Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers
Holdings Inc. and Certain of its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC
and LB Preferred Somerset LLC, dated December 15, 2010 [Docket No. 13504], as may be
amended (the "Ad Hoc Plan").  The Plan, the Ad Hoc Plan and any other plan or plans of
reorganization (each such Ad Hoc Plan or other plan being an "Alternative Plan") filed in the
above-captioned chapter 11 cases (the "Chapter 11 Cases") may present contested issues of fact
and law ("Plan Issues").

The Court has previously noted, and hereby finds, that it would be in the best interests of
the Debtors and all interested parties that discovery in connection with Plan Issues arising out of
objections to and/or the prosecution of the Plan, or any Alternative Plan filed in the Chapter 11
Cases ("Plan Discovery") be conducted in an efficient, expeditious and orderly manner.
Accordingly, it is hereby

ORDERED:

1.    **Scope of Order:**  Except as otherwise ordered by the Court, this Order shall control any and all discovery by any Debtor, committee, the United States Trustee (the "UST"), creditor, party in interest, or group of creditors or parties in interest in connection with Plan Issues arising in connection with the prosecution of or objections to any Plan or Alternative Plan, but shall not affect the rights of any Debtor, committee, UST, creditor or party in interest, or group of creditors or parties in interest to seek discovery in connection with any other contested matters or adversary proceedings (even if related to, or to be heard contemporaneously with, Plan confirmation).

a)    All discovery sought must be sought in connection with the Plan Issues only, and no discovery nor any information contained therein may be used in connection with any other matter or proceeding.

b)    The deadlines set forth in this Order shall not apply to any discovery in connection with the Motion (i) for Approval of the Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan, dated March 14, 2011 [Docket No. 15078].

c)    Nothing in this Order shall be construed to apply to the separate SIPA Proceeding or to in any way limit the SIPA Trustee's rights or authority to investigate the affairs of Lehman Brothers Inc. ("LBI") pursuant to the full extent of his powers.

2.    **Participation in Plan Discovery**

a)    Any creditor, party in interest, or group of creditors or parties in interest seeking to participate in Plan Discovery shall file with the Court and serve on the attorneys for the

2

Debtors and for the statutory committee of unsecured creditors appointed in the Chapter

11 Cases (the "Creditors' Committee") a completed "Notice of Intent," the form of which

is attached hereto as Exhibit A.  Each Notice of Intent must contain: (i) the name and

address of the creditor or party in interest (or in the case of a group, the names and

addresses of each of its members) and the name of the law firm(s) and individual

attorneys representing such creditor or party in interest or group of creditors or parties in

interest; and (ii) an aggregate amount of each creditor's or party in interest's claims

against each of the Debtors (a proof of claim may be submitted to satisfy this provision,

provided there has not been a material change since its filing).[1]  Any Notice of Intent

must be filed no later than fourteen (14) days following the entry of this Order (the

"Notice of Intent Deadline"), unless upon application to the Court, good cause is shown

that, notwithstanding reasonable best efforts to comply herewith, additional time is

needed (e.g., the need to obtain government approval to file a Notice of Intent and

become a Participant).  Participants shall promptly file an amended Notice of Intent to

reflect any material changes to the amount of individual or aggregate claims reported in

the initial Notice of Intent.  In the absence of an order of the Court sustaining an

objection to a Notice of Intent (as described in Paragraph 2(e) of this Order), a creditor,

party in interest, or group timely filing a Notice of Intent shall be deemed a "Participant."

For purposes of participation in Plan Discovery, "Participant" shall include the attorneys

and any advisors for any Participant identified on the Notice of Intent filed by the

Participant.

---

[1] No disclosures made under this provision shall be construed as a disclosure for the purposes of Bankruptcy Rule 2019.

b)      The Debtors, Creditors' Committee, and the UST shall each be deemed a Participant in Plan Discovery without the need to file and serve a Notice of Intent.

c)      Subject to Paragraph 2(g) below, any creditor, party in interest, or group of creditors or parties in interest that has filed or hereinafter files an Alternative Plan, including the Ad Hoc Group (an "Alternative Plan Proponent"), shall be entitled to file a Notice of Intent on or prior to the later of the Notice of Intent Deadline and the date of the filing of such plan, and shall be deemed a Participant as of the date of filing such Notice of Intent.

d)      Subject to Paragraph 2(g) below, any creditor, party in interest, or group of creditors or parties in interest that has filed or hereinafter files an objection to the Plan or an Alternative Plan (each, a "Plan Objector") shall be entitled to file a Notice of Intent on or prior to the later of the Notice of Intent Deadline and the date of the filing of such objection, and shall be deemed a Participant as of the earlier date of filing or serving such Notice of Intent.

e)      The Debtors and the Creditors' Committee shall have the right to object to Notices of Intent on any and all grounds, including but not limited to those that are, *inter alia*, duplicative, harassing, or served by persons that are not parties in interest or do not comply with the requirements hereof or do not demonstrate a legally cognizable interest in participating in Plan Discovery.

f)      Within three (3) days following the Notice of Intent Deadline, the Debtors shall file with the Court a list of all Participants and their attorneys, which as it may be amended (as hereafter provided) will be the official service list for Plan Discovery (the "Official Service List").  The Debtors shall amend the Official Service List, as necessary, from

time to time and will file such amended service lists with the Court. Service in

connection with Plan Discovery may be by electronic mail.

g)    Except as provided in Paragraphs 2(a) and (b), any creditor, party in interest, or group of

creditors or parties in interest that does not timely file and serve a Notice of Intent, or that

files and serves a Notice of Intent to which the Debtors or the Creditors' Committee

successfully object, shall not be permitted to participate in Plan Discovery absent leave of

the Court. All Participants, including those who become Participants after the Notice of

Intent Deadline has passed, must comply with all discovery deadlines set forth in this

Order and shall not be allowed to reopen any discovery deadlines that have already

passed, except as set forth in Paragraph 15 of this Order.

h)    All Plan Discovery shall be subject to and shall be conducted in accordance with the

terms of the Protective Order, attached hereto as <u>Exhibit B</u>, and approved by the Court in

its entirety. In order to be eligible to participate in Plan Discovery, each Participant and

each Participant's attorneys and advisors must read and agree to abide by the Protective

Order. Each Participant, and a representative of each Participant's attorneys and advisors

must sign the Agreement to Abide By the Protective Order, attached hereto as <u>Exhibit C</u>,

and serve a copy upon attorneys for the Debtors. Such representative must provide the

Protective Order to any person that it employs or engages who is given access to Plan

Discovery. Any Participant (or the attorneys or advisors for any Participant that are

involved in the Chapter 11 Cases) that does not sign the Agreement to Abide by the

Protective Order shall not be permitted to participate in Plan Discovery.

3.    **Document Discovery from the Debtors**

a)    No later than fourteen (14) days following the Notice of Intent Deadline, the Participants

other than the Debtors shall designate one Participant as the "<u>Designated Party</u>" to act as

a facilitator and intermediary for Discovery Requests.  The Designated Party shall make

available to Participants a preliminary suggested set of Document Requests pursuant to

Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014

of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), directed to the

Debtors, that includes those requests that the Designated Party reasonably and in good

faith believes relate to Plan Issues (the "<u>Preliminary Requests</u>").  The Designated Party

shall simultaneously provide Participants with a preliminary suggested list of proposed

search terms and strings that, in the reasonable estimation of the Designated Party, is

reasonably calculated to yield electronically stored information, including without

limitation e-mails and e-mail attachments, (hereinafter collectively referred to as "<u>ESI</u>")

responsive to the Preliminary Requests without being overbroad or unduly burdensome to

the Debtors.  The Designated Party may consult with the Debtors in formulating such

preliminary list of requests and terms.

b)    No later than ten (10) days following service by the Designated Party of the Preliminary

Requests, Participants other than the Creditors' Committee and the UST who wish to

serve Document Requests upon the Debtors shall review the Preliminary Requests and

propose any additional requests relating to Plan Issues (the "<u>Group Requests</u>") to the

Designated Party as part of one of the following groups: (i) the direct creditors of

Lehman Brothers Holdings Inc. ("<u>LBHI</u>"); (ii) the guarantee creditors of LBHI for which

a Debtor or U.S. affiliate is the primary obligor; (iii) the guarantee creditors of LBHI for

6

which a non-U.S. affiliate is the primary obligor (other than holders of Lehman Programs

Securities (as defined in the Disclosure Statement)); (iv) the guarantee creditors of LBHI

that are holders of Lehman Programs Securities; (v) the creditors of the derivative entity

debtors, including Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers

OTC Derivatives Inc. ("LOTC"), Lehman Brothers Derivative Products Inc. ("LBDP"),

Lehman Brothers Financial Products Inc. ("LBFP"), Lehman Brothers Commodities

Services Inc. ("LBCS"), and Lehman Brothers Commercial Corp. ("LBCC"), in each

case, other than the LBSF Public Side Working Group;[2] (vi) the LBSF Public Side

Working Group; (vii) the creditors of Lehman Commercial Paper Inc. ("LCPI"); (viii)

non-U.S. affiliates of the Debtors; and (ix) the creditors of other Debtors (each of the

foregoing enumerated groups, a "Group" and together, the "Groups").[3]  The Creditors'

Committee and the UST may submit separate requests to the Designated Party.  A

Participant that would otherwise be a member of more than one of the foregoing groups

shall select one Group in which to participate, but such selection and participation in a

single group shall not constrain or in any way limit a Participant's ability to include

---

[2] The members of the LBSF Public Side Working Group are Bank of America, N.A.,
Centerbridge Credit Advisors, LLC (solely on behalf of funds managed by itself and affiliates),
Crédit Agricole Corporate and Investment Bank, Credit Suisse International, D. E. Shaw
Composite Portfolios, L.L.C., D. E. Shaw Oculus Portfolios, L.L.C., Deutsche Bank AG, Eton
Park Capital Management, L.P. (solely on behalf of funds for which it serves as investment
manager), Goldman Sachs Bank USA (successor by merger to Goldman Sachs Capital Markets,
L.P.), Goldman Sachs International, Merrill Lynch International, Morgan Stanley Capital
Services Inc., Morgan Stanley & Co. International plc, certain funds advised by Oaktree Capital
Management, L.P. or their respective subsidiaries, Silver Point Finance, LLC (an affiliate of
certain claim holders), and The Royal Bank of Scotland plc.

[3] The Groups are solely for the purpose of facilitating Plan Discovery as set forth in this Order
(and for no other purpose, including, without limitation, for purposes of Bankruptcy Rule 2019).

requests relating to any Plan Issues.[4]  Each of the foregoing groups may collectively serve one proposed consolidated Document Request upon the Designated Party.  The Participants in each of the Groups shall confer among themselves solely in order to eliminate duplicate requests and develop a single list of Group Requests to be sent to the Designated Party.  The purpose of compiling consolidated document requests is solely to avoid duplication, and no proposed document request may be altered or excluded from a consolidated document request for any reason other than to avoid duplication.  Each Group Request shall identify the Participant(s) seeking each request therein, in order to facilitate meet and confer communications among Participants.  No Participant shall waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining Group Requests as prescribed in this Paragraph.  Any Participant who, after the meet and confer process, will not agree to join in a single list of Group Requests may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Document Request under terms and conditions that the Court deems appropriate.

c)     Each Participant or Group providing Group Requests to the Designated Party shall simultaneously provide a list of additional proposed search terms and strings that, in the reasonable estimation of such Participant or Group, is reasonably calculated to yield ESI responsive to the Group Requests without being overbroad or unduly burdensome to the Debtors.  Such list shall identify the Participant(s) seeking each search term and string.

d)     The Designated Party shall create a single Document Request that includes the Preliminary Requests and non-duplicative Group Requests (the "Consolidated

---

[4] No provision herein shall be construed to preclude any Participant from joining or forming other groups under Bankruptcy Rule 2019.

Requests"). The Designated Party shall also create a single list (the "Designated Party's Search Term List") of combined search terms and strings that includes the search terms and strings the Designated Party identified and non-duplicative search terms and strings provided by Participants contemporaneously with the Group Requests. The Consolidated Requests and the Designated Party's Search Term List shall identify the Participant(s) seeking each request, search term and string. In creating the Consolidated Requests and Designated Party's Search Term List, the Designated Party shall reasonably and in good faith eliminate only duplicate requests and/or duplicate search terms and strings. The Designated Party shall not delete non-duplicative requests or non-duplicative search terms, and it shall not alter any Group Requests or search terms and strings. Nothing in this Paragraph is intended to or shall limit any Participant's right to so request non-duplicative documents relating to Plan Issues from the Debtors. The Designated Party shall provide the Consolidated Requests and the Designated Party's Search Term List to Participants within seven (7) days following service by Participants of the Group Requests.

e)     Participants shall meet and confer with the Designated Party promptly, but in no event later than seven (7) days following service by the Designated Party of the Consolidated Requests and the Designated Party's Search Term List if they believe that the Designated Party eliminated or altered non-duplicative requests or search terms and strings or otherwise improperly transcribed Group Requests, in order to resolve disputes, if any, relating to the contents of the Consolidated Requests or Designated Party's Search Term List. Any disputes not resolved through the meet and confer process shall promptly be

brought to the Court's attention within seven (7) days after the final meet and confer, in

accordance with the procedures set forth in Paragraph 17 of this Order.

f)      Within two (2) days after the expiration of the meet and confer period set forth in

Paragraph 3(e), and regardless of whether any dispute relating to the content of

Consolidated Requests has been brought to the Court's attention in accordance with

Paragraphs 3(e) and 17 of this Order, the Designated Party shall serve the Consolidated

Requests and the Designated Party's Search Term List upon the Debtors. The

Consolidated Requests shall identify the Participant(s) seeking each Request, search term,

and string and parameter in the Designated Party's Search Term List.

g)      Notwithstanding the process outlined in the foregoing Paragraphs (3)(a) – 3(f), nothing in

this Order shall be construed to imply that the Designated Party approves, agrees with,

has joined in or has otherwise adopted any Group Requests and the Designated Party

reserves all of its rights with respect to such requests.

h)      Within twenty-one (21) days following service of the Consolidated Requests upon the

Debtors, the Debtors shall serve written responses and objections ("Debtors' Responses

and Objections"). The Debtors shall review the Consolidated Requests and Designated

Party's Search Term List and will, reasonably and in good faith, generate a master list of

search terms, strings and parameters (the "Debtors' Search Term List") reasonably

calculated to lead to the production of responsive ESI. The custodians identified on the

Debtors' Search Term List shall include, but not be limited to, every individual employed

or retained by the Debtors that the Debtors expect to call as a witness at any hearing

concerning any Plan Issues; provided, however, that the Debtors are not limited to such

witnesses at any hearing and may thereafter supplement such list, including as provided

10

hereinafter.  The Debtors shall serve the Debtors' Search Term List, along with a statement of the reason(s) for rejecting any proposed search terms and strings contemporaneously with the Debtors' Responses and Objections.

i) The Debtors shall meet and confer with applicable Participants as identified in the Consolidated Requests, concerning the Debtors' Responses and Objections and the Debtors' Search Term List during the fourteen (14) day period following the service of the Debtors' Responses and Objections.  Any disputes concerning the Debtors' Responses and Objections or the Debtors' Search Term List that are not resolved shall be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.

j) The Debtors shall not search or produce, or identify on any log documents from the following categories of privileged documents, regardless of when the documents were created:

   i) Hard copy files of in-house and outside counsel;

   ii) Documents and communications solely between in-house counsel and outside counsel;

   iii) Internal documents and communications solely within an outside counsel's law firm;

   iv) Documents and communications solely between or among outside counsel law firms for a single client;

   v) Documents and communications solely between or among client and inside counsel or outside counsel;

11

vi) To the extent a request seeks documents prepared or dated after the date of filing of the Debtors' chapter 11 petitions, internal documents and communications solely within an advisor.

k)   The Debtors shall begin searching for and producing documents as expeditiously as is reasonably practical after the Search Term List and Consolidated Requests are finalized. The Debtors shall produce bates-stamped and/or otherwise uniquely identified documents on a rolling basis, inform Participants from time to time regarding the production and availability of documents, and make reasonable efforts to identify the source of the documents they produce.  The Debtors shall inform Participants when document production is substantially complete by serving a notice ("Notice of Substantial Completion").  The Debtors' document production shall be substantially complete when the Debtors believe in good faith that all material documents requested have been produced, but for limited categories of documents that need to be located, obtained, and/or reviewed.  The Notice of Substantial Completion will also identify with reasonable specificity any categories of documents that remain to be produced.

l)   Notwithstanding anything in this Order to the contrary, the procedures set forth herein shall not be used by Participants (other than the Debtors) to seek discovery of documents, records or ESI directly from Barclays Capital Inc. or any of its affiliates (together, "Barclays") of which Barclays may have custody, possession, or control solely by virtue of its purchase of certain assets from LBHI, LBI, and LB 745 LLC (such documents, records or ESI, "Legacy Lehman Records").

i)    All document requests of any Participant (other than the Debtors) concerning Legacy Lehman Records (a) shall first be directed at the

12

Debtors, but (b) shall be separate from the Consolidated Requests and

Search Term List and procedures described above.

ii)    The Debtors and Barclays shall cooperate in good faith to seek to satisfy

requests made to Barclays by the Debtors.

iii)    Notwithstanding anything in this Order to the contrary, to the extent the

Debtors make such requests of Barclays pursuant to that certain

Stipulation and Agreed Order with Respect to Access Amendment to

Transition Services Agreements, dated March 2, 2011 (D.I. 14750, the

"Access Amendment"), nothing herein shall modify or amend the

provisions of the Access Amendment.

iv)    The provision of Access (as defined in the Access Amendment) shall not

waive any attorney work product protection or any privilege with respect

to Legacy Lehman Records.

v)    The Debtors shall also undertake commercially reasonable efforts not to

produce any Barclays documents, records, or ESI that they possess and

that may be commingled with Legacy Lehman Records.

## 4.    **Data Repository**

a)    The Debtors shall, to the extent reasonably practical, upload non-privileged responsive

documents to an online data repository (the "Data Repository") on a rolling basis.  The

Data Repository review tool shall provide basic functions and features such as searching,

tagging, printing, and downloading.  No later than fourteen (14) days following the

Notice of Intent Deadline, the Debtors will meet and confer with Participants regarding

13

the Data Repository, including with respect to the protection of work product created in

the process of reviewing produced documents.

b)      After signing, and providing to the Debtors, the Agreement to Abide by the Protective

Order, a Participant will be granted access to the Data Repository.  Each Participant shall,

upon request, be given up to five (5) separate login credentials for the Data Repository.

Any Participant that wants additional login credentials for the Data Repository will be

provided with such login credentials at the Participant's own expense, at a cost of $100

per additional login per month.  Upon issuing a request for additional logins, the

Participant shall provide the Debtors with the amount payable (per login) for the first

month of use.

c)      The Debtors shall have the right to produce documents that are not reasonably conducive

to being cost-efficiently uploaded into the Data Repository by other means, including but

not limited to supervised review of hard copy documents.  The Debtors will notify all

Participants if any documents will be made available by such other means, and will

provide reasonable advance notice of the terms and conditions under which such

documents will be made available.

5.      **Document Discovery from Alternative Plan Proponents**

a)      No later than fourteen (14) days following the Notice of Intent Deadline, the Debtors

shall make available to Participants a preliminary suggested set of Document Requests

pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by

Bankruptcy Rules 7034 and 9014, directed to each Alternative Plan Proponent that

includes those requests that the Debtors reasonably and in good faith believe relate to

Plan Issues (the "Preliminary APP Requests").  The Debtors shall simultaneously provide

Participants with a preliminary suggested list of proposed search terms and strings that, in

the reasonable estimation of the Debtors, is reasonably calculated to yield ESI responsive to each of the Preliminary APP Requests without being overbroad or unduly burdensome to the respective Alternative Plan Proponents.

b)    No later than ten (10) days following service by the Debtors of the Preliminary APP Requests, Participants who wish to serve Document Requests upon Alternative Plan Proponents shall review the Preliminary APP Requests and, as part of one of the Groups identified in Paragraph 3(b), propose to the Debtors any additional requests directed to each Alternative Plan Proponent relating to Plan Issues ("the Group APP Requests"). The Participants in each of the Groups shall confer among themselves solely in order to eliminate duplicate requests and develop a single list of Group APP Requests directed to each Alternative Plan Proponent to be sent to the Debtors. The purpose of compiling consolidated document requests is solely to avoid duplication, and no proposed document request may be altered or excluded from a consolidated document request for any reason other than to avoid duplication. Each Group APP Request shall identify the Participant(s) seeking each request therein, in order to facilitate the meet and confer communications among Participants. No Participant shall waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining any Group APP Requests as prescribed in this Paragraph. Any Participant who, after the meet and confer process, will not agree to join in a single list of Group APP Requests may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Document Request under terms and conditions that the Court deems appropriate.

c)    Each Participant or Group providing Group APP Requests to the Debtors shall simultaneously provide a list of proposed search terms and strings that, in the reasonable

estimation of such Participant or Group, is reasonably calculated to yield ESI responsive to each of the Group APP Requests without being overbroad or unduly burdensome to the respective Alternative Plan Proponents.  Such lists shall identify the Participant(s) seeking each Request and each search term and string.

d)    The Debtors shall create a single Document Request directed to each Alternative Plan Proponent that includes the Preliminary APP Requests and non-duplicative Group APP Requests (the "Consolidated APP Requests").  For each of the Consolidated APP Requests, the Debtors shall also create a single list (the "Consolidated APP Search Term List") of combined search terms and strings that includes the search terms and strings the Debtors identified and non-duplicative search terms and strings provided by Participants contemporaneously with the Group APP Requests.  The Consolidated APP Requests and the APP Search Term List shall identify the Participant(s) seeking each request, search term, and string.  In creating the Consolidated APP Requests and Consolidated APP Search Term List, the Debtors shall reasonably and in good faith eliminate only duplicate requests and/or duplicate search terms and strings.  The Debtors shall not delete non-duplicative requests or non-duplicative search terms, and it shall not alter any Group APP Requests or search terms and strings.  Nothing in this Paragraph is intended to or shall limit any Participant's right to request non-duplicative documents relating to Plan Issues from any Alternative Plan Proponent.  The Debtors shall provide the Consolidated APP Requests and the Consolidated APP Search Term Lists to Participants within seven (7) days following service by Participants of the Group APP Requests.

e)    Participants shall meet and confer with the Debtors promptly, but in no event later than seven (7) days following service by the Debtors of the Consolidated APP Requests and

16

the Consolidated APP Search Term Lists if they believe that the Debtors eliminated or altered non-duplicative requests or search terms and strings, or otherwise improperly transcribed Group APP Requests, in order to resolve disputes, if any, relating to the contents of the Consolidated APP Requests or the Consolidated APP Search Term List. Any disputes not resolved through the meet and confer process shall be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.

f)    Within two (2) days after the expiration of the meet and confer period set forth in Paragraph 5(e), and regardless of whether any dispute relating to the content of Consolidated APP Requests or Consolidated APP Search Term List has been brought to the Court's attention in accordance with Paragraphs 5(e) and 17 of this Order, the Debtors shall serve the relevant Consolidated APP Requests and Consolidated APP Search Term List upon each Alternative Plan Proponent.  The Consolidated APP Requests and Consolidated APP Search Term List shall identify the Participant(s) seeking each Request and each search term, string and parameter.

g)    Notwithstanding the process outlined in the foregoing paragraphs 5(a) – 5(f), nothing in this Order shall be construed to imply that the Debtors approve, agree with, have joined in or have otherwise adopted any Group APP Requests and the Debtors reserve all of their rights with respect to such requests.

h)    Within twenty-one (21) days following service of the Consolidated APP Requests upon the Alternative Plan Proponents, each Alternative Plan Proponent shall serve written responses and objections (collectively, "APP Responses and Objections").  Each Alternative Plan Proponent shall review the relevant Consolidated APP Requests and

17

APP Search Term List and will, reasonably and in good faith, generate a master list of

search terms, strings and parameters reasonably calculated to lead to the production of

responsive ESI (collectively, the "APP Search Term Lists").  The custodians shall

include, but not be limited to, every individual employed or retained by the Alternative

Plan Proponent that the Alternative Plan Proponent expects to call as a witness at any

hearing and may thereafter supplement such list, including as provided herein after.

concerning any Plan Issues.  Each set of APP Responses and Objections shall be served

contemporaneously with a corresponding APP Search Term List, along with a statement

of the reason(s) for rejecting any proposed search terms or strings.

i)    Alternative Plan Proponents as identified in the Consolidated APP Requests and the

Proposed APP Search Term List shall meet and confer with applicable Participants

regarding any disputes concerning the APP Responses and Objections and APP Search

Term Lists during the fourteen (14)-day period following the service of the APP

Responses and Objections and APP Search Term Lists.  Any disputes concerning the

APP Responses and Objections and APP Search Term Lists not resolved by the end of

the fourteen (14)-day meet and confer period shall be brought to the Court's attention

within seven (7) days after the final meet and confer, in accordance with the procedures

set forth in Paragraph 17 of this Order.

j)    Alternative Plan Proponents shall begin searching for and producing documents as

expeditiously as reasonably practical after being served a Consolidated APP Request.

Alternative Plan Proponents shall produce bates-stamped documents on a rolling basis,

inform Participants from time to time regarding the production and availability of

documents, and make reasonable efforts to identify the source of the documents they

produce.  Alternative Plan Proponents shall provide a copy of all responsive document

productions to the Debtors in accordance with the specifications set forth in Exhibit D,

and, if reasonably practical, the Debtors shall upload them to the Data Repository.

k)      The Alternative Plan Proponents shall produce documents in electronic form.  Upon a

showing of good cause, Alternative Plan Proponents shall have the right to produce

documents that are not reasonably conducive to being cost-efficiently produced in

electronic format by other means, including but not limited to supervised review of hard

copy documents.

**6.      Document Discovery from Other Participants**

a)      No later than fourteen (14) days following the Notice of Intent Deadline, the Debtors

shall make available to Participants a preliminary suggested set of Document Requests

pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by

Bankruptcy Rules 7034 and 9014, directed to each Participant (other than Alternative

Plan Proponents) from which the Debtors intend to seek document discovery

("Responding Participant") that includes those requests that the Debtors reasonably and

in good faith believe relate to Plan Issues (the "Preliminary Participant Requests").  The

Debtors shall simultaneously provide Participants with a preliminary suggested list of

proposed search terms and strings and that, in the reasonable estimation of the Debtors, is

reasonably calculated to yield ESI responsive to each of the Preliminary Participant

Requests without being overbroad or unduly burdensome to the Responding Participant.

b)      No later than ten (10) days following service by the Debtors of the Preliminary

Participant Requests, Participants who wish to serve Document Requests upon any of the

Responding Participants shall review each of the Preliminary Participant Requests and as

19

part of one of the Groups identified in Paragraph 3(b) (excluding, as necessary the

Participant or Participants from which documents are sought), propose to the Debtors any

additional requests directed to such Responding Participant(s) concerning Plan Issues

("the Group Participant Requests").  The Participants in each of the Groups shall confer

among themselves solely in order to eliminate duplicate requests and develop a single list

of Group Participant Requests directed to each Responding Participant to be sent to the

Debtors.  The purpose of compiling consolidated document requests is solely to avoid

duplication, and no proposed document request may be altered or excluded from a

consolidated document request for any reason other than to avoid duplication.  Each

Group Participant Request shall identify the Participant(s) seeking each request therein,

in order to facilitate meet and confer communications among Participants.  No Participant

shall waive, or be deemed to have prejudiced in any way, any of its rights or legal

positions by joining any Group Participant Request as prescribed in this Paragraph.  Any

Participant who, after the meet and confer process, will not agree to join in a single list of

Group Participant Requests may, in accordance with the procedure set out in Paragraph

17 of this Order, seek leave of the Court to serve a separate Document Request under

terms and conditions that the Court deems appropriate.

c)   Each Participant or Group providing Group Participant Requests to the Debtors shall

simultaneously provide a list of proposed search terms and strings that, in the reasonable

estimation of such Participant or Group, is reasonably calculated to yield ESI responsive

to each of the Group Participant Requests without being overbroad or unduly burdensome

to the respective Responding Participants.  Such lists shall identify the Participant(s)

seeking each Request and each search term, string and parameter.

d)      Within ten (10) days following the Debtors' service of the Preliminary Participant
Requests, any Participant that seeks to serve Document Requests relating to Plan Issues
upon Participants (other than the Debtors or Alternative Plan Proponents) to which the
Debtors have not prepared a Preliminary Participant Request shall make available to the
Debtors a set of Document Requests ("Additional Responding Participant Requests")
pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by
Bankruptcy Rules 7034 and 9014, directed to each such Participant.   The Additional
Responding Participant Request should be accompanied by a list of suggested search
terms and strings that, in the reasonable estimation of the Participant drafting the
Additional Responding Participant Requests, is reasonably calculated to yield ESI
responsive to the Additional Responding Participant Requests.  Any subject of an
Additional Responding Participant Request shall be considered a Responding Participant.

e)      The Debtors shall then review any Group Participant Requests and Additional
Responding Participant Requests and create a single Document Request directed to each
Participant from which discovery is sought (the "Consolidated Participant Requests").
For each of the Consolidated Participant Requests, the Debtors shall also create a single
list (the "Participant Search Term List") of combined search terms and strings that
includes the search terms and strings the Debtors identified and non-duplicative search
terms and strings provided by Participants contemporaneously with the Group Participant
Requests and the Additional Responding Participant Requests.  The Consolidated
Participant Requests and the Participant Search Term List shall identify the Participant(s)
seeking each request, search term, string and parameter.  In creating the Consolidated
Participant Requests and Participant Search Term List, the Debtors shall reasonably and

21

in good faith eliminate only duplicate requests and/or duplicate search terms and strings. The Debtors shall not delete non-duplicative requests or non-duplicative search terms, and they shall not alter any Group Participant Requests, Additional Responding Participant Request, or corresponding search terms and strings. Nothing in this Paragraph is intended to or shall limit any Participant's right to request non-duplicative documents relating to Plan Issues from any Responding Participant. The Debtors shall provide the Consolidated Participant Requests and the Participant Search Term Lists to Participants within seven (7) days following the later of (i) service by Participants of the Group Participant Requests, or (ii) service by the Participants of the Additional Responding Participant Requests.

f)      Participants shall meet and confer promptly with the Participants, including the Debtors and Creditors' Committee, but in no event later than seven (7) days following service by the Debtors of the Consolidated Participant Requests and the Participant Search Term Lists if they believe that the Debtors eliminated or altered non-duplicative requests or search terms and strings, or otherwise improperly transcribed Group Participant Requests or Additional Responding Participant Requests, in order to resolve disputes, if any, relating to the contents of the Consolidated Participant Requests or the Participant Search Term List. Any disputes not resolved through the meet and confer process shall promptly be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.

g)      Within two (2) days after the expiration of the meet and confer period set forth in Paragraph 6(f), and regardless of whether any dispute relating to the content of Consolidated Participant Requests has been brought to the Court's attention in

accordance with Paragraphs 6(f) and 17 of this Order, the Debtors shall serve the

Consolidated Participant Requests and Participant Search Term List upon the Responding

Participants.  The Consolidated Participant Requests shall identify the Participant(s)

seeking each request, search term and string.

h)     Notwithstanding the process outlined in the foregoing Paragraphs 6(a) – 6(g), nothing in

this Order shall be construed to imply that the Debtors, Creditors' Committee, or a

Coordinating Participant have joined in or have otherwise adopted any Group Participant

Request and the Debtors and each Participant reserve all rights with respect to such

requests.

i)     Within twenty-one (21) days following service of the Consolidated Participant Requests,

each Responding Participant shall serve written responses and objections.  Each

Responding Participant shall review the relevant Consolidated Participant Requests and

Participant Search Term List and will, reasonably and in good faith, generate a master list

of search terms, strings and parameters reasonably calculated to lead to the production of

responsive ESI.  The custodians shall include, but not be limited to, every individual

employed or retained by the Responding Participant that such Participant expects to call

as a witness at any hearing and may thereafter supplement such list, including as

provided herein after.  Each Responding Participant shall serve its search term list and

search parameters, along with a statement of the reason(s) for rejecting any proposed

search terms and strings, contemporaneously with its responses and objections.

j)     Each Responding Participant that has been served with a Consolidated Participant

Request and Participant Search Term List shall meet and confer with applicable

Participants, including the Debtors and Creditors' Committee, regarding any disputes

23

concerning the responses and objections to the Consolidated Participant Requests, search terms, strings and parameters to be used by such Participant during the fourteen (14)-day period following the service of its responses and objections.  Any disputes concerning a Responding Participant's responses and objections, search terms and strings not resolved by the end of the fourteen (14)-day meet and confer period shall be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.

k)      Responding Participants shall begin searching for and producing bates-stamped documents as expeditiously as reasonably practical after being served a Consolidated Participant Request.  Responding Participants shall produce bates-stamped documents on a rolling basis, inform Participants from time to time regarding the production and availability of documents, and make reasonable efforts to identify the source  of the documents they produce.  Responding Participants shall provide a copy of all responsive document productions to the Debtors in accordance with the specifications set forth in Exhibit D, and, if reasonably practical, the Debtors shall upload them to the Data Repository.

l)      Responding Participants shall produce documents in electronic form.  Upon a showing of good cause, Responding Participants shall have the right to produce documents that are not reasonably conducive to being cost-efficiently produced in electronic format by other means, including but not limited to supervised review of hard copy documents.  The Responding Participants will notify other Participants if any documents will be made available by such other means, and will provide reasonable advance notice of the terms and conditions under which such documents will be made available.

m)      Notwithstanding anything in this Order to the contrary, to the extent Participants seek

discovery of documents that are simultaneously in the possession, custody, or control of

the Debtors and the SIPA Trustee, the Participants shall first direct such Documents

Requests to the Debtors.

**7.      <u>Document Discovery From Non-Participants</u>**

a)      Participants that seek to obtain documents from U.S. Non-Participants pursuant to Rule

45 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 9014

and 9016, or from foreign Non-Participants pursuant to Rule 28 of the Federal Rules of

Civil Procedure and via such other process, shall do so within a timely manner.  Nothing

in this Order shall excuse compliance with any foreign or international law that may be

applicable.  In order to avoid the service upon Non-Participants of multiple, duplicative

document requests, subpoenas, letters of requests or commissions ("<u>Non-Participant</u>

<u>Requests</u>") and the attendant burdens on Non-Participants of responding to them, no later

than fourteen (14) days after a Participant serves a Non-Participant Request upon a Non-

Participant, Participants shall, as part of one of the Groups identified in Paragraph 3(b)

or, in the case of the Debtors and the Creditors' Committee, separately, reasonably and in

good faith meet and confer to develop and serve a single Non-Participant Request

directed at each Non-Participant from which discovery is sought, together with a list of

proposed search terms and strings that, in the reasonable estimation of such Participant or

Group, is reasonably calculated to yield ESI responsive to Non-Participant Request

without being overbroad or unduly burdensome to the Non-Participant from which

discovery is sought.

b)      A copy of this Order and the Protective Order also shall be provided to Non-Participants as part of any Non-Participant Request.  However, nothing in this Paragraph is intended to or shall require any Participant to join in any Non-Participant Request or subpoena that it reasonably and in good faith believes would be inconsistent with Rule 45(c)(1) of the Federal Rules of Civil Procedure, as incorporated by the Bankruptcy Rules, or any other rule or law; nothing in this Paragraph is intended to or shall limit any Participant's right to request, after good faith review of the Non-Participant Requests, non-duplicative documents relating to Plan issues from any Non-Participant; and the meet and confer process described in this Paragraph is intended only to eliminate duplicative document requests and search terms.

c)      No later than the thirty (30) days following service of any Non-Participant Request, the Non-Participant shall serve written responses and objections.  In addition, the Non-Participant shall review the Non-Participant Request and search terms, and strings and will, in good faith, generate a master list of search terms, strings and parameters reasonably calculated to lead to the production of responsive ESI.  The Non-Participant shall make the search terms, strings and parameters, along with a statement of the reason(s) for rejecting any proposed search terms and strings available to Participants contemporaneously with its responses and objections.

d)      If necessary, Non-Participants that have been served with a Non-Participant Request shall meet and confer with applicable Participants regarding any disputes concerning served search terms, strings or parameters to be used by such Non-Participant, as well as responses to the Non-Participant Request, during the fourteen (14)-day period following the service of responses and objections.  Any disputes concerning a Non-Participant's

26

responses and objections or search terms, strings or parameters not resolved by the end of

the fourteen (14)-day meet and confer period shall be brought to the Court's attention

within seven (7) days after the final meet and confer, in accordance with the procedures

set forth in Paragraph 17 of this Order.

e)    Non-Participants shall begin searching for and producing documents as expeditiously as

reasonably practical after being served a Non-Participant Request.  Non-Participants shall

produce bates-stamped documents on a rolling basis, inform Participants from time to

time regarding the production and availability of documents, and make reasonable efforts

to identify the source of the documents they produce.  Non-Participants shall provide a

copy of all responsive document productions to the Debtors in accordance with the

specifications set forth in Exhibit D, and, if reasonably practical, the Debtors shall upload

them to the Data Repository.

f)    Non-Participants shall produce documents in electronic form.  Upon a showing of good

cause, Non-Participants shall have the right to produce documents that are not reasonably

conducive to being cost-efficiently produced in electronic format by other means,

including but not limited to supervised review of hard copy documents.  Non-Participants

will notify all Participants if any documents will be made available by such other means,

and will provide reasonable advance notice of the terms and conditions under which such

documents will be made available.

g)    Nothing in this Order prevents Non-Participants from objecting to Plan Discovery on the

ground, among others, that a request (i) does not comply with, conflicts with or may

cause a violation of any foreign law, including without limitation any foreign privacy

law, or (ii) seeks documents, materials or information concerning a foreign bankruptcy proceeding or estate administration.

**8.** **Supplemental Document Discovery**

a)      Participants may serve other Participants and/or Non-Participants with one or more targeted supplemental Document Requests or document subpoenas, letters of request or commissions ("Supplemental Requests") relating to Plan Issues limited to documents or categories of documents that the Participant reasonably and in good faith believes should be produced based on a review of existing discovery, including document discovery and deposition testimony.

b)      Participants or Non-Participants shall serve responses and objections ("Supplemental Responses and Objections") to Supplemental Requests within fourteen (14) days of service of the Supplemental Requests and shall, at the same time they serve Supplemental Responses and Objections, serve any responses and objections to the additional search terms. The Participant serving the Supplemental Request shall raise any objections regarding the Supplemental Responses and Objections or responses and objections to additional search terms no later than seven (7) days after the Supplemental Responses and Objections are served. The Participant serving Supplemental Responses and Objections shall meet and confer with applicable Participants concerning such objections during the seven (7)-day period following the service of such objections. Any disputes concerning the Supplemental Responses and Objections and/or responses and objections to the additional search terms that are not resolved by the end of the seven (7)-day meet and confer period shall be brought to the Court's attention within seven (7) days after the

final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this

Order.

9.      **Procedures Governing Amendments to Search Term Lists:**  Any Participant seeking

an amendment to a Search Term List after the Search Term List has been finalized must

seek leave from the Court, in accordance with the procedures set forth in Paragraph 17 of

this Order, but may do so only after first meeting and conferring with the Debtors and as

applicable, the other Participants.

10.     **Initial Disclosures and Witness Lists:**

a)      No Participant shall be required to make initial disclosures pursuant to Federal Rule of

Civil Procedure 26(a)(1), as incorporated by Bankruptcy Rules 7026 and 9014.

b)      Within seven (7) days of service of the Notice of Substantial Completion, the Debtors,

each Alternative Plan Proponent, and each Participant shall serve Participants with a list

(the "Initial Witness List"), which shall be amended and supplemented as needed, of the

individuals the Debtors, each Alternative Plan Proponent and each Participant

respectively expects to call as witnesses at any plan confirmation hearing.

11.     **Privileged Documents and Privilege Logs**

a)      Any person or entity other than the Debtors that receives a Document Request or

document subpoena, letter of request or commission and withholds any documents on the

grounds of privilege, work product, or any other type of protection or immunity from

disclosure shall produce a privilege log consistent with Federal Rules of Civil Procedure

26(b)(5), as incorporated by Bankruptcy Rules 7026 and 9014, except for good cause

show upon application to the Court.

b)      If only part of a document is withheld on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, the remainder of the document shall be produced.

c)      Notwithstanding Paragraphs 3 and 11(a) of this Order, the Debtors and all other Participants and Non-Participants that are in bankruptcy, administration, liquidation or other insolvency proceedings (whether in the United States or abroad) shall not be required to search for, produce or identify on any privilege log the following categories of documents to the extent such documents were created on or after the date such Participant or Non-Participant entered such bankruptcy, administration, liquidation or other insolvency proceedings:

      (i)      Hard copy files of outside counsel;

      (ii)     Communications solely within an outside counsel's law firm;

      (iii)    Communications solely between the Participant or Non-Participant and such Participant's or Non-Participant's outside counsel.

**12.    <u>Interrogatories</u>**

a)      **Interrogatories Served Upon the Debtors:**  Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, Participants may collectively serve upon the Debtors no more than twenty-five (25) written interrogatories, including all subparts, relating to Plan Issues ("<u>Interrogatories</u>"), no later than twenty-eight (28) days after the Notice of Intent Deadline.  Interrogatories to the Debtors shall be limited to identification and authentication and shall not include contention interrogatories.  If necessary, Participants shall meet and confer among themselves to determine the content and scope of the Interrogatories to the Debtors, and

priority shall be given to the Creditors' Committee and Alternative Plan Proponents.  Any

Participant that, after the meet and confer process, will not agree to serve Interrogatories

consistent with this Paragraph may, in accordance with the procedure set out in Paragraph

17 of this Order, may seek leave of the Court to serve separate Interrogatories under

terms and conditions that the Court deems appropriate.

b)        **Interrogatories Served Upon Alternative Plan Proponents:**  Pursuant to Rule 33(a)(1)

of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and

9014, Participants, including the Debtors and the Creditors' Committee, may collectively

serve upon each Alternative Plan Proponent no more than twenty-five (25) written

Interrogatories, including all subparts, relating to Plan Issues, no later than twenty-eight

(28) days after the Notice of Intent Deadline.  Interrogatories to Alternative Plan

Proponents shall be limited to identification and authentication and shall not include

contention interrogatories.  If necessary, Participants shall meet and confer among

themselves to determine the content and scope of the Interrogatories to Alternative Plan

Proponents and priority shall be given to the Debtors and the Creditors' Committee.  Any

Participant that, after the meet and confer process, will not agree to serve Interrogatories

consistent with this Paragraph may, in accordance with the procedure set out in Paragraph

17 of this Order, seek leave of the Court to serve separate Interrogatories under terms and

conditions that the Court deems appropriate.

c)        **Interrogatories Served Upon Participants Other Than the Debtors or Alternative**

**Plan Proponents:**  Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, as

incorporated by Bankruptcy Rules 7033 and 9014, Participants may collectively serve no

more than twenty-five (25) written Interrogatories relating to Plan Issues upon any

Participant other than the Debtors or Alternative Plan Proponents; provided, however, that all such Interrogatories must be served in a timely manner such that they permit a reasonable amount of time for served Participants to respond thereto no later than seventy-five (75) days prior to the Confirmation Hearing (as defined in Paragraph 21).

i)      Interrogatories to Participants shall be limited to identification and authentication and shall not include contention interrogatories.

ii)     If necessary, Participants shall meet and confer among themselves to determine the content and scope of the Interrogatories to Participants and priority shall be given to the Debtors, the Creditors' Committee and Alternative Plan Proponents.

iii)    Notwithstanding anything in this Order to the contrary, the procedures set forth herein shall not be used by Participants (other than the Debtors) to request answers to Interrogatories directly from Barclays concerning Legacy Lehman Records.  All Interrogatories from any Participant (other than the Debtors) concerning Legacy Lehman Records (a) shall first be directed at the Debtors, but (b) shall be separate from the Interrogatories issued to the Debtors.  To the extent a Participant serves Interrogatories upon the Debtors concerning Legacy Lehman Records, such Interrogatories shall count toward the twenty-five (25) Interrogatories referenced in Paragraph 12(a).

**13.    Depositions**

a)      **Notice Period for Depositions of the Debtors:**  No later than fourteen (14) days after the Debtors serve the Notice of Substantial Completion, Participants shall meet and

confer as part of one of the Groups identified in Paragraph 3(b) to draft a consolidated list

of preliminary suggested topics (the "Preliminary Topics") for a Notice of Deposition of

the Debtors pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as

incorporated by Bankruptcy Rules 7030 and 9014.  Any Participant that, after the meet

and confer process, will not agree to join in a list of Preliminary Topics may, in

accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the

Court to serve a separate Rule 30(b)(6) upon the Debtors.

    i)        No later than twenty-one (21) days after the Debtors serve the Notice of
Substantial Completion, the Groups shall provide the Preliminary Topics
to the Designating Party.

    ii)       The Designating Party shall consolidate the Preliminary Topics, along
with any additional topics that it reasonably and in good faith believes are
appropriate topics for a Rule 30(b)(6) deposition of the Debtors relating to
Plan Issues (the "Joint Notice").  In creating the Joint Notice the
Designating Party shall reasonably and in good faith eliminate only
duplicate topics.  The Designating Party shall neither delete non-
duplicative topics nor alter any Preliminary Topics.  Nothing in this
Paragraph is intended to or shall limit any Participant's right to seek
deposition testimony from the Debtors on any topic relating to Plan Issues.
Within seven (7) days of its receipt of the Preliminary Topics, the
Designating Party shall serve the Joint Notice upon the Debtors.
Notwithstanding the foregoing, nothing in this Order shall be construed to
imply that the Designating Party approves, agrees with, or has joined in or

has otherwise adopted or approved of any Preliminary Topics and the

Designating Party reserves all of its rights with respect to the inclusion of

such topics in the Joint Notice.

iii)     Upon issuance of the Joint Notice, no Participant that participated in the

creation of the Preliminary Topics shall be deemed to have joined all

individual topics listed in the Joint Notice, nor shall any Participant waive,

or be deemed to have prejudiced in any way, any of its rights or legal

positions by joining the Joint Notice.

iv)     Within fourteen (14) days of receiving the Joint Notice, the Debtors shall

prepare a list of designated witnesses for each of the noticed Rule 30(b)(6)

topics and the dates and locations when such witnesses will be made

available to be deposed.

v)     The Rule 30(b)(6) deposition of the Debtors must be completed no later

than forty-five (45) days after Debtors serve a list of designated witnesses.

vi)     Representatives of the various Groups identified in Paragraph 3(b) shall

meet and confer to reasonably and in good faith identify a list of current

employees of the Debtors whose depositions, pursuant to Rule 30(b)(1) of

the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules

7030 and 9014, Participants reasonably believe they require.  The Groups

shall collectively serve one list identifying the employees of the Debtors

whose depositions Participants reasonably believe they require (the

"Group Deposition List") within ten (10) days following completion of the

Rule 30(b)(6) deposition of the Debtors,

vii)     Within seven (7) days after service of the Group Deposition List, Debtors

will serve any responses and objections to the Group Deposition List as

well as a proposed schedule for depositions to which they do not object.

Within seven (7) days of the Debtors' service of the responses and

objections to the Group Deposition List and the proposed schedule for

such depositions, Participants and Debtors will meet and confer to resolve

any disputes regarding depositions and scheduling thereof.

viii)    Any disputes regarding the number of depositions, identity of witnesses,

or the deposition schedule that are not resolved during the foregoing meet

and confer process may be brought to the Court's attention no later than

seven (7) days after the final meet and confer in accordance with the

procedure set out in Paragraph 17 of this Order.

ix)      To the extent that former employees of the Debtors or their current or

former affiliates now employed by Barclays are interviewed or prepared

for deposition by the Debtors, any attorney work product protection or

other privilege shall not be waived to the extent that employees or counsel

of Barclays are present at such interviews or deposition preparations.

b)     **Notice Period for Depositions of Alternative Plan Proponents:**   No later than fourteen

(14) days after the Debtors serve the Notice of Substantial Completion, Participants shall

meet and confer as part of one of the Groups identified in Paragraph 3(b), and in the case

of the Debtors and the Creditors' Committee, separately, to draft a consolidated list of

preliminary suggested topics (the "Preliminary APP Topics") for a Notice of Deposition

of each Alternative Plan Proponent pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014. Any Participant that, after the meet and confer process, will not agree to join in a list of Preliminary APP Topics may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Rule 30(b)(6) upon the Debtors.

  i)  Not later than twenty-one (21) days after the Debtors serve the Notice of Substantial Completion, the Groups and the Creditors' Committee shall provide the Preliminary APP Topics to the Debtors.

  ii)  The Debtors shall consolidate the Preliminary APP Topics, along with any additional topics that they reasonably and in good faith believe are appropriate topics for a Rule 30(b)(6) deposition of the respective Alternative Plan Proponents relating to Plan Issues (the "Joint APP Notice"). In creating the Joint Notice the Debtors shall reasonably and in good faith eliminate only duplicate topics. The Debtors shall neither delete non-duplicative topics nor alter any Preliminary Topics. Nothing in this Paragraph is intended to or shall limit any Participant's right to seek deposition testimony from any Alternative Plan Proponent on any topic relating to Plan Issues. Within seven (7) days of their receipt of the Preliminary Topics, the Debtors shall serve the relevant Joint Notice upon each Alternative Plan Proponent. Notwithstanding the foregoing, nothing in this Order shall be construed to imply that the Debtors approve, agree with, or have joined in or have otherwise adopted or approved of any Preliminary APP Topics and the Debtors reserve all of their rights with respect to the inclusion of such topics in the Joint APP Notice.

iii)     Upon issuance of the Joint APP Notice, no Participant that participated in the creation of the Preliminary APP Topics shall be deemed to have joined all individual topics listed in the Joint APP Notice, nor shall any Participant waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining the Joint APP Notice.

iv)     Within fourteen (14) days of receiving the Joint APP Notice, the Alternative Plan Proponent shall prepare a list of designated witnesses for each of the noticed Rule 30(b)(6) topics and the dates and locations when such witnesses will be made available to be deposed.

v)      Rule 30(b)(6) depositions of the Alternative Plan Proponents must be completed no later than thirty (30) days after the Alternative Plan Proponent serves a list of designated witnesses.

vi)     The Debtors shall reasonably and in good faith identify a preliminary list of current employees of such Alternative Plan Proponent whose depositions, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, Debtors reasonably believe they require, and serve the preliminary list upon the Participants within seven (7) days following completion of the Rule 30(b)(6) deposition of each Alternative Plan Proponent.

vii)    Within seven (7) days following the Debtors' service of the preliminary list, Participants, including the Debtors and the Creditors' Committee, will meet and confer to discuss the preliminary list and make any necessary additions or deletions.

viii)    Within seven (7) days after the Participants' meet and confer, the Debtors, if applicable, shall serve one list upon the Alternative Plan Proponents identifying the employees of each Alternative Plan Proponent whose depositions Participants reasonably believe they require (the "APP Deposition List").

ix)    Within ten (10) days after service of the APP Deposition List, each Alternative Plan Proponent will serve any responses and objections to the APP Deposition List as well as a proposed schedule for the depositions of their employees.  Within seven (7) days after the expiration of the time period for the Alternative Plan Proponents to serve responses and objections to the APP Deposition List, Participants will meet and confer to resolve any disputes regarding depositions and scheduling thereof.

x)    Any disputes regarding the number of depositions, identity of witnesses, or the deposition schedule that are not resolved during the foregoing meet and confer process may be brought to the Court's attention no later than seven (7) days after the final meet and confer in accordance with the procedure set out in Paragraph 17 of this Order.

c)    **Notice Periods for Depositions of Participants Other Than the Debtors or Alternative Plan Proponents:**

i)    Not later than twenty-one (21) days after the Debtors serve the Notice of Substantial Completion, the Debtors shall make available to Participants a list of those Participants, other than the Debtors and Alternative Plan Proponents, which the Debtors intend to depose pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy

Rules 7030 and 9014, (the "<u>Debtors' Participant Witness List</u>").  The

Debtors shall provide contemporaneously with the Debtors' Participant

Witness List a preliminary suggested list of topics ("<u>Preliminary

Participant Topics</u>") that they reasonably and in good faith believe are

appropriate topics for a Rule 30(b)(6) Deposition Notice for each such

Participant.  Participants shall meet and confer as part of one of the

Groups identified in Paragraph 3(b) (excluding, as necessary, the

Participant(s) from which testimony is sought) to draft consolidated lists

of additional witnesses and topics for each such Rule 30(b)(6) deposition

notice ("<u>Group Witness and Topics List</u>").  The Groups shall then provide

the Group Witness and Topics List to the Debtors within ten (10) days

after the Debtors' Participant Witness List and the Preliminary Participant

Topics list.  Any Participant that, after the meet and confer process, will

not agree to join in a list of Group Topics may, in accordance with the

procedure set out in Paragraph 17 of this Order, seek leave of the Court to

serve a separate Rule 30(b)(6) upon the Debtors.

ii)     Within ten (10) days of receipt of the Debtors' Participant Witness List,

any Participant ("<u>Noticing Participant</u>") that seeks testimony pursuant to

Rule 30(b)(6) from any Participant that is not identified on the Debtors'

Participant Witness List, shall provide the Debtors with a list of topics that

such Noticing Participant reasonably and in good faith believes are

appropriate topics for a Rule 30(b)(6) Deposition Notice for each

additional Participant from which it seeks testimony ("<u>Noticing Participant Witness and Topic Lists</u>").

iii)    The Debtors shall then consolidate the Preliminary Participant Topics, the Group Witness and Topics Lists, and the Noticing Participant Witness and Topic List to create one list for each Participant on the Debtors' Participant Witness List or the Noticing Participant Witness and Topic List (the "<u>Joint Participant Notices</u>").  In creating the Joint Participant Notices the Debtors shall reasonably and in good faith eliminate only duplicate topics.  The Debtors shall neither delete nor alter any non-duplicative topics.  Nothing in this Paragraph is intended to or shall limit any Participant's right to seek deposition testimony from any Participant on any topic relating to Plan Issues.  The Debtors shall serve the Joint Participant Notices on the relevant Participants within seven (7) days of the later of: (i) service of the Group Witness and Topic List, or (ii) service of the Noticing Participant Witness and Topic List.

iv)    Upon issuance of the Joint Participant Notices, no Participant that participated in the creation of Group Witness and Topic Lists or Noticing Participant Witness and Topic Lists shall be deemed to have joined all individual topics listed in the Joint Participant Notices, nor shall any Participant waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining the Joint Participant Notices.

v)    Within fourteen (14) days of receiving a Joint Participant Notice, the Participant upon which a Joint Participant Notice is served shall prepare a

list of designated witnesses for each of the noticed Rule 30(b)(6) topics

and the dates and locations when such witnesses will be made available to

be deposed.

vi)     A Rule 30(b)(6) deposition of a Participant must be completed no later

than thirty (30) days after a Participant upon which a Joint Participant

Notice is served serves a list of designated witnesses.

vii)    The Participants shall meet and confer as part of one of the Groups

identified in Paragraph 3(b) to draft and a list of current employees of such

Participant whose depositions, pursuant to Rule 30(b)(1) of the Federal

Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and

9014, the other Participants reasonably believe they require ("Group

30(b)(1) Deposition Lists").  The Groups shall serve the Group 30(b)(1)

Deposition Lists on the Debtors within ten (10) days following completion

of the Rule 30(b)(6) deposition of each Participant.  Any Participant that,

after the meet and confer process, will not agree to join a Group 30(b)(1)

Deposition List, may, in accordance with the procedure set out in

Paragraph 17 of this Order, seek leave of the Court to serve a separate

Rule 30(b)(6) upon the Debtors.

viii)   The Debtors shall then create one list identifying the employees of each

Participant (other than the Debtors and Alternative Plan Participants)

whose depositions other Participants reasonably believe they require (the

"Consolidated 30(b)(1) Deposition List").  No later than seven (7) days

after service of the Group 30(b)(1) Deposition Lists, the Debtors will serve

the Consolidated 30(b)(1) Deposition List upon Participants.

ix)    Upon issuance of the Consolidated 30(b)(1) Deposition List, no

Participant that participated in the creation of Group 30(b)(1) Deposition

Lists shall be deemed to have joined all individual topics listed in the

Consolidated 30(b)(1) Deposition List, nor shall any Participant waive, or

be deemed to have prejudiced in any way, any of its rights or legal

positions by joining the Consolidated 30(b)(1) Deposition List.

x)    Within ten (10) days after the Debtors' service of the Consolidated

30(b)(1) Deposition List, each Participant will serve any responses and

objections to the Consolidated 30(b)(1) Deposition List as well as

proposed schedules for the deposition of their employees.  Within seven

(7) days of the Debtors' service of the responses and objections to the

Consolidated 30(b)(1) Deposition List and the proposed schedule for such

depositions, Participants will meet and confer to resolve any disputes

regarding depositions and scheduling thereof.

xi)    Any disputes regarding the number of depositions, identity of witnesses,

or the deposition schedule that are not resolved during the foregoing meet

and confer process may be brought to the Court's attention no later than

seven (7) days after the final meet and confer in accordance with the

procedure set out in Paragraph 17 of this Order.

d)  **Notice Periods for Depositions of Non-Participants:**

    i)  No later than twenty-one (21) days after the Debtors serve the Notice of Substantial Completion, Participants (including the Debtors and Alternative Plan Proponents) may serve deposition subpoenas under Rule 45 or letters of request or commissions under Rule 28 with respect to Non-Participants.

    ii)  Notwithstanding anything to the contrary in this Order, all requests for depositions of foreign Non-Participants shall be subject to the requirements of any applicable foreign or international laws,.

    iii)  Participants shall, as part of one of the Groups identified in Paragraph 3(b) or, in the case of the Debtors and the Creditors' Committee, separately, reasonably and in good faith meet and confer regarding deposition subpoenas, letters of request or commissions to Non-Participants.

    iv)  Upon request, and where such information is available, the Debtors shall provide the last known address or the name(s) of the attorney(s) representing former employees of the Debtors.  The fact-witness deposition of any former employee of the Debtors who is a current employee of another Participant shall in no way limit the right of other Participants to such Participant's Rule 30(b)(6) deposition.

e)  **Participation in Depositions:**  Except as to depositions of Non-Participants (which may appear and be represented by counsel), only Participants may attend and participate in depositions, either in person or, at the option and expense of the Participant, by telephone or video link.  Participants, and in the case of a Non-Participant deposition, the relevant

Non-Participant(s), shall reasonably and in good faith confer in advance of each

deposition regarding attendance at such deposition, the length of such deposition, the

order of examination of the deponent, and allocations of time for questioning the

deponent.  To the extent that any dispute relating to a deposition is not resolved during

the meet and confer period, such dispute may be brought to the Court's attention in

accordance with Paragraph 17 of this Order.  Every effort should be made to avoid

duplicative questioning.  Participants must act only in good faith in deposing witnesses,

and may not depose witnesses for any improper purpose, including solely to limit or

prevent another Group or Participant from deposing the witness.

14. **Requests for Admission:**  No Participant, including but not limited to the Debtors, the

Creditors' Committee and Alternative Plan Proponents, shall be required to respond to

any Request for Admission under Rule 36 of the Federal Rules of Civil Procedure, as

incorporated by Bankruptcy Rule 7036.

15. **Discovery in Connection with Subsequent Filings:**

a) In the event that the Debtors or Alternative Plan Proponents materially amend any

provision in a plan of reorganization filed in the Chapter 11 Cases after the Notice of

Intent Deadline and such amendment has a material affect on any Participant,

Participants, including the Debtors, the Creditors' Committee and Alternative Plan

Proponents, may serve supplemental Document Requests on the party filing such

amendment, solely limited to issues raised by the amendment, no later than fourteen (14)

days following such filing.

b) In the event that, after the Notice of Intent Deadline, any creditor, party in interest, or

group of creditors or parties in interest (i) files an objection to the Plan or an Alternative

Plan or (ii) files a new Alternative Plan, such filing party may serve Document Requests on any Participant and any Participant may serve Document Requests upon such filing party, provided that any such requests by or directed to such filing party are solely limited to issues raised by such new filings, no later than twenty-one (21) days following the filing of such objection or Alternative Plan.

c)    Deadlines for the production of documents in response to Document Requests served pursuant to Paragraphs 15(a) and (b) above, as well as deadlines for depositions and interrogatories, if any, concerning the filings and/or filing parties referenced in Paragraphs 15(a) and (b) above, shall be set by the Court, in the absence of an agreement between interested Participants.

d)    The filing of an Alternative Plan or an objection to the Plan or an Alternative Plan after the Notice of Intent Deadline shall not provide a basis for anyone to seek discovery from Participants concerning issues that were fairly raised in documents concerning Plan Issues filed prior to the Notice of Intent Deadline.  The filing of an Alternative Plan or an objection to the Plan or an Alternative Plan after the Notice of Intent Deadline shall not provide a basis for anyone to seek additional discovery from Debtors outside the deadlines set forth in this Order.

e)    The date that all fact discovery from the Debtors and Alternative Plan Proponents, including but not limited to depositions of the Debtors and Alternative Plan Proponents, is complete shall be the "Fact Discovery Cutoff."  The Debtors shall file with the Court a "Notice of Fact Discovery Cutoff" within five (5) days of the completion of such fact discovery.

16.   **Expert Discovery**:

a)      **Expert Disclosures:** Participants shall identify all proposed testifying experts and serve

all disclosures required by Federal Rule of Civil Procedure 26(a)(2), as incorporated by

Bankruptcy Rules 7026 and 9014, including full expert reports, no later than thirty (30)

days after the Notice of Fact Discovery Cutoff is filed.  All experts that will receive Plan

Discovery must sign the Agreement to Abide by the Protective Order, and testifying

experts must serve a copy of the signature page upon attorneys for the Debtors and the

Creditors' Committee.

b)      **Rebuttal Experts:** Participants shall identify and serve all disclosures regarding rebuttal

experts, including rebuttal expert reports, no later than thirty (30) days after the service of

initial expert disclosures pursuant to Paragraph 16(a).

c)      **Expert Depositions:** All depositions of experts (including rebuttal experts) shall be

completed no later than thirty (30) days after the service of the rebuttal expert disclosures

pursuant to Paragraph 16(b).  Only Participants may attend and participate in depositions

of experts, either in person or, at the option and expense of the Participant, by telephone

or video link.  Participants shall reasonably and in good faith confer in advance of each

expert deposition regarding attendance at such deposition, the length of such deposition,

the order of examination of the deponent, and allocations of time for questioning the

deponent.  To the extent that any dispute relating to an expert deposition is not resolved

during the meet and confer period, such dispute may be brought to the Court's attention

in accordance with Paragraph 17 of this Order.  Every effort should be made to avoid

duplicative questioning.  Participants must act only in good faith in deposing expert

witnesses, and may not depose expert witnesses for any improper purpose, including solely to limit or prevent another Group or Participant from deposing the expert.

17.   **Discovery Disputes:**   Any dispute with respect to Plan Discovery that Participants or non-Participants cannot resolve after good faith consultation may be presented to the Court by a letter from the attorney for the Participant or non-Participant seeking relief, with a copy to the attorneys for the Debtors, the Creditors' Committee, the Participant or non-Participant opposing relief, and all Participants on the Official Service List.  Any response thereto will be made by letter to the Court delivered within five (5) days after service of the initial letter submission on the applicable Participant or non-Participant and a copy provided to all Participants on the Official Service List.  Except with prior leave of Court, no letter will exceed three (3) pages in length, and no additional submissions will be permitted.  The Debtors and the Creditors' Committee will communicate with the Court to schedule status conferences/hearings during which such discovery disputes will be heard.

18.   **Status and Discovery Conferences:**

a)   The Court shall hold status conferences concerning Plan Discovery: (a) after the meet and confer referenced in Paragraph 3(e) of this Order, if any, is completed; (b) after the Notice of Substantial Completion is issued; (c) after the Notice of Fact Discovery Cutoff is filed.  The Debtors and the Creditors' Committee will communicate with the Court to schedule the status conferences described in this Paragraph.

b)   Upon application by a Participant or Non-Participant to hear a discovery dispute, the Court shall schedule such further conferences or hearings as the Court deems appropriate.

19.    **Non-Waiver of Privilege**:  The inadvertent production by any Participant or Non-Participant of any privileged document or information, or any other document or information otherwise precluded or protected from disclosure, in response to any discovery requests shall not be deemed a waiver of any applicable privilege or immunity with respect to such document or information (or the contents or subject matter thereof) or with respect to any other document or discovery.  Any such produced privileged or protected document must immediately be destroyed or returned (whether or not the receiving Participant disputes the claim of privilege or protection) to the producing Participant or Non-Participant or its attorneys on request or upon discovery of such inadvertent production by the receiving Participant, and the receiving Participant shall certify that all copies of such produced privileged or protected document have been or destroyed or returned.

20.    **Use of Materials Produced**:  Participants shall have the right to object to any request for documents on the ground that such request appears to be calculated to lead to discovery for use in proceedings other than those related to Plan Issues.  In addition, absent further order of the Court, no discovery or information obtained pursuant to this Order may be introduced in evidence or otherwise disclosed in any other matter or proceeding unless properly obtained through discovery or otherwise in such other matter or proceeding.

21.    **Hearing Dates and Pre-trial Conference**:  The Court will set dates for hearings related to confirmation of a plan of reorganization in the Chapter 11 Cases ("<u>Plan Confirmation</u>").  No later than forty-five (45) days prior to the first date set by the Court to consider Plan Confirmation (the "<u>Confirmation Hearing</u>") and no earlier than seventy-five (75) days after the Notice of Fact Discovery Cutoff is filed, the Court will schedule a

pre-trial conference to discuss, *inter alia*, briefing, exhibit lists, witnesses, and motions *in limine*.

22.  **Miscellaneous:**  Nothing in this Order shall prevent any Participant from objecting to discovery in any manner, including by producing documents on the ground that it would cause such Participant or Non-Participant to violate any statute, regulation, or rule, including, without limitation, any foreign data privacy laws, to which such Participant or Non-Participant is subject. Notwithstanding Paragraph 11, documents withheld under this subsection shall be logged with reasonable specificity.

23.  **Jurisdiction:** The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: April __, 2011
New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :        **08-13555 (JMP)**
                                                  :
                              **Debtors.**        :        **(Jointly Administered)**
-------------------------------------------------------------------x

## NOTICE OF INTENT TO PARTICIPATE IN
## <u>DISCOVERY RELATED TO PLAN CONFIRMATION</u>

NOTICE IS HEREBY GIVEN that _____, represented by
_____, has filed Claim(s) Number(s) _____
against _____ in the amount of _____ and/or is a party of interest in the
confirmation of a plan in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") on the
basis that _____.

ACCORDINGLY, PLEASE TAKE FURTHER NOTICE that, subject to any objections by the
Debtors or the Statutory Committee of Unsecured Creditors appointed in the Chapter 11 Cases
and/or any limitations imposed by the Court, the above-named party in interest and its counsel
intends to participate as follows in Plan Discovery, as defined in the Order Establishing
Procedures in Connection with Discovery Related to Plan Confirmation and Other Issues,
entered by the Court on _____ [Docket No. ____]:
_____.


Dated:  _____                    _____


**Contact Information for Party in Interest (address, phone and email):**
_____
_____
_____
_____

**Contact Information for Attorneys for Party in Interest (address, phone and email):**
_____
_____
_____
_____

**Contact Information for Advisors for Party in Interest (address, phone and email):**
_____
_____
_____
_____

**Designation of Contact(s) to Receive Any Notice(s) Required Under the Order (address, phone and email):**

_____

_____

_____

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :        **08-13555 (JMP)**
                                                   :
                               **Debtors.**        :        **(Jointly Administered)**
-------------------------------------------------------------------x

## PROTECTIVE ORDER

In conjunction with the Order,[1] it is ORDERED by the Court that Plan Discovery

conducted in accordance with the Order shall be conducted subject to the following terms and

provisions set forth in this Protective Order; that all documents, deposition testimony,

interrogatory answers, and other information produced, given, provided or exchanged in

connection with Plan Discovery (the "Discovery Materials") by the Debtors, Participants, and/or

non-Participants (collectively, "Producing Parties") shall be and are subject to this Protective

Order in accordance with the following procedures, pursuant to sections 105(a) and 107(b) of

title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 9018, to protect

the confidentiality of sensitive information; and that, by signing the Agreement to Abide by the

Protective Order, signatories (each a "Signatory") have consented to this Protective Order and

agree to be bound by its terms:

1.     Any Producing Party or Receiving Party (defined below) may, as reasonably

appropriate, designate any Discovery Material as "Confidential" or "Attorneys' Eyes Only" in

accordance with the terms below.  A party that designates Discovery Material as "Confidential"

or "Attorneys' Eyes Only" is a "Designating Party."

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the
order entered by the Court (the "Order") to which this Protective Order (the "Protective Order") is
annexed.

**Confidential Information**

2.      As used in this Protective Order, "<u>Confidential Information</u>" refers to all

Discovery Material revealed or produced by a Producing Party (whether in response to a

Document Request, Interrogatory, Deposition, or other discovery device) that is designated as

"Confidential."  This designation will, without more, subject the designated material or

information to the provisions of this Protective Order; and such Confidential Information will be

protected by, and may be used, disclosed, and disposed of only in accordance with, the

provisions of this Protective Order.

3.      Any Producing Party may designate any Discovery Material as "Confidential"

under the terms of this Protective Order if the Producing Party in good faith reasonably believes

that the Discovery Material contains confidential, proprietary or commercially sensitive non-

public information that requires the protections provided in this Protective Order.  For purposes

of this Protective Order, Confidential Information includes, but is not limited to, all non-public

materials containing information related to:  (i) financial or business plans, projections or

valuations; (ii) proposed strategic transactions and other business combinations, negotiations,

inquiries or agreements, including, but not limited to, joint ventures, mergers, material asset

sales, purchases, buy-outs, consolidations, transfers of interests and partnerships; (iii) studies or

analyses by internal or outside experts or consultants; (iv) financial or accounting results or data;

(v) business, management and marketing plans and strategies; (vi) acquisition offers and

expressions of interest; and (vii) contracts or agreements with or among affiliates, partners or

Producing Parties.

**Attorneys' Eyes Only Information**

4.      As used in this Protective Order, "<u>Attorneys' Eyes Only Information</u>" refers to all

Discovery Material revealed or produced by a Producing Party (whether in response to a

Document Request, Interrogatory, Deposition, other discovery device or otherwise) that is designated as "Attorneys' Eyes Only." This designation will, without more, subject the designated material or information to the provisions of this Protective Order; and such Attorneys' Eyes Only Information will be protected by, and may be used and disposed of only in accordance with, the provisions of this Protective Order.

5.    A Producing Party may designate Discovery Material as "Attorneys' Eyes Only" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that the Discovery Material contains non-public, highly confidential, highly sensitive proprietary or commercial information that requires the highest level of protections provided in this Protective Order. For purposes of this Protective Order, Attorneys' Eyes Only Information includes all non-public materials containing information related, but not limited, to: (i) trade secrets; (ii) special formulas; (iii) proprietary software and/or computer programs; (iv) internal financial reports or plans; (v) sensitive financial data; and (vii) other highly sensitive non-public commercial, financial, research or technical information.

6.    <u>Counter-Designation</u>:  Any party receiving Discovery Material (hereinafter, a "<u>Receiving Party</u>") (whether or not that party demanded the documents) may designate, or counter-designate with a higher designation, information produced by any Producing Party that contains or is derived from information that the Receiving Party could have so designated had it produced the material, subject to the same requirements and limitations as would have applied to the original Producing Party.

**<u>Designation of Deposition and Hearing Testimony</u>**

7.    Any Producing Party may designate a document as "Confidential" or "Attorneys' Eyes Only" by affixing the legend "Confidential" or "Attorneys' Eyes Only," as appropriate, to

each page requiring the protections provided in this Protective Order in addition to an

appropriate bates-stamp designation indicating the Producing Party.

8.      For transcripts of depositions or other testimony given in pretrial proceedings, any

Producing Party may designate the specific testimony as "Confidential" or "Attorneys' Eyes

Only" either on the record at the deposition or other proceeding, or in writing served on all

Participants no later than seven (7) days following the date on which attorneys for the Producing

Parties have received the final version of the transcript of the deposition or other proceeding.  If

information designated as Confidential or Attorneys' Eyes Only will be disclosed or discussed at

a deposition or other proceeding, the Designating Party shall have the right to seek to exclude

any person not entitled to have access to such information, other than the deponent or witness,

the attorney(s) of record (including their staff and associates), official court personnel, and

stenographer and/or videographer.

9.      All documents, including pleadings, motions and other papers, containing,

identifying, or referencing Confidential or Attorneys' Eyes Only Information filed with the Court

shall be filed under seal, simultaneously with a redacted public copy of any such pleadings,

motions and/or other papers, redacting only that information that is designated "Confidential" or

"Attorneys' Eyes Only."   Any Receiving Party intending to use Confidential or Attorneys' Eyes

Only Information in connection with Plan Discovery agrees to meet and confer in good faith

with the Designating Party about appropriate steps that may be taken to protect the

confidentiality of such material, including, but not limited to, agreeing to redact such

Confidential or Attorneys' Eyes Only Information.  Such meeting shall take place as soon as

reasonably practicable, but no later than the date of the hearing at which the document will be

used.

10.     All transcripts not previously designated as either "Confidential" or "Attorneys' Eyes Only" shall be treated as "Attorneys' Eyes Only" under this Protective Order for the seven (7)-day period following receipt of the final version of the transcript and exhibits by attorneys for the Producing Parties, after which time only the portions of the testimony specifically designated as "Confidential" or "Attorneys' Eyes Only" pursuant to Paragraph 7 of this Protective Order shall be so treated.

11.     The court reporter shall bind transcript pages containing Confidential Information or Attorneys' Eyes Only Information separately and shall prominently affix the legend "Confidential" or "Attorneys' Eyes Only" to each appropriate page, as instructed by the Designating Party.

**Prohibited Information**

12.     In no event shall the Debtors produce or otherwise disclose the following information with respect to the Debtors: (a) any counterparty level information or (b) any asset level or valuation details (the "Prohibited Information").  In addition, Participants shall not solicit Prohibited Information from any other Participant or non-Participant, including any advisors to the Creditors' Committee.

**Access to Confidential and Attorneys' Eyes Only Information**

13.     Receiving Parties shall permit access to Confidential or Attorneys' Eyes Only Information only to persons specified in this Protective Order.  For purposes of this Protective Order, the term "Receiving Party" shall include any persons identified below in Paragraphs 14 and 15 of this Protective Order that receive Confidential Information or Attorneys' Eyes Only Information from a Receiving Party as permitted by this Protective Order.

B5

14.     Confidential Information may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by a Receiving Party only to the following persons:

a.   Outside attorneys of record, attorneys or accountants serving as a trustee, curator or other fiduciary of an affiliate of a Debtor in a foreign proceeding, and those in-house attorneys who represent the Receiving Party in matters related to Plan Discovery, as well as attorneys, clerical, paralegal, other staff and agents of those employed by or working with such attorneys or accountants whose functions require access to Confidential Information.  For purposes of the UST, this includes all attorneys and staff of the UST Program involved in the Chapter 11 Cases, including members of the Executive Office of the UST involved in the Chapter 11 Cases;

b.   Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

c.   Outside experts or consultants for the Receiving Party whose advice and consultation are being or will be used by the Receiving Party in connection with Plan Discovery, as well as stenographic and clerical employees and agents of those experts or consultants whose function require access to Confidential Information; provided that counsel desiring to disclose Confidential Information to such experts or consultants and their employees or agents shall first obtain a signed Agreement to Abide by the Protective Order from each such expert or consultant and each of his/her personnel who would require access to Confidential Information, and counsel shall retain in his/her file an original or copy of each such signed Agreement to Abide by the Protective Order;

d. The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by the Receiving Party;

e. Officers, directors or employees of the Receiving Party who are assisting the Receiving Party's attorneys with matters related to Plan Discovery;

f. To the extent not otherwise covered by this Section, any potential witness or deponent (and counsel for such witness or deponent), during the course of, and to the extent necessary for, preparation for deposition or testimony relating to Plan Discovery. Except when the Confidential Information is first exhibited at a deposition or trial to such person, counsel desiring to disclose Confidential Information to such persons shall first obtain a signed Agreement to Abide by the Protective Order, and counsel for the Receiving Party shall retain a copy of each executed Agreement to Abide by the Protective Order;

g. Professional vendors to whom disclosure is reasonably necessary for Plan Discovery, provided they are informed that the material is Confidential Information;

h. Any other person upon agreement among the Debtors, the Participants, the Designating Party, and the Receiving Party, provided that such person shall first execute the Agreement to Abide by the Protective Order, a copy of which shall be retained by counsel for the Designating Party; and

i. Any other person, only upon order of the Court.

15.     Attorneys' Eyes Only Information may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by a Receiving Party only to the following persons:

a.  Outside attorneys of record, attorneys or accountants serving as trustee, curator or other fiduciary of an affiliate of a Debtor in a foreign proceeding, and those in-house attorneys who represent the Receiving Party in matters related to Plan Discovery, as well as attorneys, clerical, paralegal, other staff and agents employed by or working with such attorneys or accountants whose functions require access to Attorneys' Eyes Only Information.  For purposes of the UST, this includes all attorneys and staff of the UST Program involved in the Chapter 11 Cases, including members of the Executive Office of the UST involved in the Chapter 11 Cases;

b.  Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

c.  Outside experts or consultants for the Receiving Party whose advice and consultation are being or will be used by the Receiving Party in connection with Plan Discovery, as well as stenographic and clerical employees and agents of those experts or consultants whose functions require access to Attorneys' Eyes Only Information; provided that counsel desiring to disclose Attorneys' Eyes Only Information to such experts and their employees or agents shall (i) serve notice on the applicable Designating Party prior to disclosure and allow the Designating Party to object to such disclosure (objections that cannot be resolved by the parties shall be raised with the Court in accordance with Paragraph 15 of the Order); and (ii) obtain a signed Agreement to Abide by the Protective Order from each such expert or consultant and each of his/her employees or agents who would require access to Attorneys' Eyes Only Information, and counsel for the

B8

Receiving Party shall retain in his/her file an original or copy of each such signed Agreement to Abide by the Protective Order;

d.  Professional vendors to whom disclosure is reasonably necessary for Plan Discovery, provided they are informed that the material is Attorneys' Eyes Only Information;

e.  The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by the Receiving Party;

f.  To the extent not otherwise covered by this Section, any potential witness or deponent and counsel for such witness or deponent, during the course of, and to the extent necessary for, preparation for deposition or testimony, including at trial, relating to Plan Discovery.  Except when the Attorneys' Eyes Only Information is first exhibited at a deposition or trial to such person, counsel desiring to disclose Attorneys' Eyes Only Information to such persons shall first (i) serve notice on the applicable Producing Party two (2) business days prior to the deposition or trial and prior to disclosure and allow the Producing Party to object to such disclosure (objections that cannot be resolved by the parties shall be raised with the court in accordance with Paragraph 15 of the Order) and (ii) represent to the Court on record that such person has read and agreed to abide by the Agreement to Abide by the Protective Order provided, however, if disclosure is being made to a witness or deponent (and counsel for such witness or deponent) for the first time at deposition or trial, they need not comply with Paragraph 15(f)(ii) until that deposition or hearing;

g.  Any other person upon agreement among the Debtors, the Participants, the

Designating Party, and the Receiving Party, provided that such person shall first

execute the Agreement to Abide by the Protective Order, a copy of which shall be

retained by counsel for the Designating Party; and

h.  Any other person, only upon order of the Court.

16.    <u>Access to Protected Material</u>:  Only persons authorized to receive Confidential

Information or Attorneys' Eyes Only Information under this Protective Order shall have access

to such material.  Receiving Parties shall not provide access to or disclose Confidential

Information or Attorneys' Eyes Only Information to any person not authorized to access such

material under this Protective Order.  Receiving Parties shall store all Confidential Information

or Attorneys' Eyes Only Information that they receive in a secure manner.  Receiving Parties are

barred from using Confidential Information or Attorneys' Eyes Only Information except in Plan

Discovery and only for the purposes permitted by the Protective Order and the Order.   If

Confidential or Attorneys' Eyes Only Information is disclosed to any person other than in a

manner authorized by this Protective Order, the disclosing party shall, immediately upon

learning of such disclosure, inform the Producing Party of all pertinent facts relating to such

disclosure and shall make reasonable good faith effort to retrieve the Confidential or Attorneys'

Eyes Only Information and to prevent disclosure by each unauthorized person who received such

information.

17.    <u>No Restrictions on Use of Public or Own Information</u>:  Notwithstanding any other

provision of this Protective Order, this Protective Order does not restrict in any way a

Participant's or non-Participant's use of:

a.  Its own information or its right to provide such information to any other person,

even if others have designated similar or identical information as Confidential

Information or Attorneys' Eyes Only Information.  A person's use or disclosure

of its own information shall not waive the protections of this Protective Order,

and shall not entitle any Participant or non-Participant to use or disclose such

Discovery Materials, or the contents thereof, in violation of this Protective Order;

b. Information that is in the public domain or becomes public without violation of

this Protective Order; and

c. Information that a Participant or non-Participant develops or obtains through

proper means without violation of this Protective Order.

## Use of Discovery Materials

18.    Receiving Parties shall use Confidential or Attorneys' Eyes Only Information

produced during Plan Discovery only for matters related to Plan Discovery.  Confidential or

Attorneys' Eyes Only Information shall not be made public by any Receiving Party, shall be

used only by persons permitted access to it as provided for in this Protective Order, and shall be

disclosed only to persons specified herein.

19.    Nothing herein shall prevent disclosure beyond the terms of this Protective Order

if the Designating Party designating the material as "Confidential" or "Attorneys' Eyes Only"

specifically consents in advance in writing to such disclosure, or if the Court, after notice to all

Participants and the Designating Party, orders such disclosure.

## Inadvertent Failure to Designate

20.    An inadvertent failure to designate qualified information as "Confidential" or

"Attorneys' Eyes Only" that a Producing Party discloses or otherwise produces or generates does

not waive the Producing Party's right thereafter to designate Discovery Material as Confidential

or Attorneys' Eyes Only Information under this Protective Order unless (i) with respect to any

information newly-designated as "Confidential," such information has become available to the

public or (ii) with respect to any information newly-designated as "Attorneys' Eyes Only," such

information has been shared with individuals who are not listed in Paragraph 17.    Upon receipt

of such designation, each Receiving Party must make reasonable efforts to assure that the

material is treated in accordance with the provisions of this Protective Order.  The Designating

Party shall promptly produce new copies of the material at issue, with the proper designation,

after which Receiving Parties shall promptly destroy the copies with the improper designation

and shall request that all persons to whom the Receiving Party has provided copies do likewise.

The Receiving Party shall inform the Designating Party when destruction of such copies has

been completed.

**Non-Waiver of Privilege and Other Protections**

21.    Nothing in this Protective Order shall preclude any objection to disclosure of

information by a Producing Party on the ground that counsel such information is protected or

prohibited from disclosure by the attorney-client privilege, the work-product immunity, or any

other legally cognizable privilege, immunity or other protection, including without limitation any

applicable U.S. or foreign data privacy laws.  If information protected or prohibited from

disclosure is inadvertently or mistakenly produced, such production shall in no way prejudice or

otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product

immunity for such information or any other information that may be protected from disclosure

by the attorney-client privilege, the work-product or other immunity, or any other legally

cognizable privilege or other protection.  If a Producing Party has inadvertently or mistakenly

produced Discovery Material that contains information protected or prohibited from disclosure,

then upon written request by the Producing Party after the discovery of such inadvertent or

mistaken production, the Receiving Party shall use all commercially reasonable efforts to return

or destroy the Discovery Material for which a claim of inadvertent production is made and all

copies of it, including any work product containing, identifying, or referencing such Discovery

Material within seven (7) days of such request, and the Receiving Party shall not use such

Discovery Material for any purpose other than in connection with a motion to compel production

of the Discovery Material.  The Receiving Party returning such Discovery Material may then

move the Court for an order compelling production of the Discovery Material, but that motion

shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent

production of the Discovery Material.

**Relief**

22.    This Protective Order shall not prevent any party from applying to the Court for

relief therefrom, or from applying to the Court for further or additional protective orders.

23.    Nothing in this Protective Order shall prevent any Signatory from producing

documents received subject to this Protective Order and that are in his, her or its possession, in

response to a subpoena or other compulsory legal process.  Unless prohibited from doing so by

applicable law, prompt written notice as soon as practicable under the circumstances shall be

given to the Designating Party before such production or other disclosure is to be made.   The

party producing the documents subject to this Protective Order shall reasonably cooperate with

the Designating Party to obtain an appropriate protective order or other reliable assurance that

confidential treatment will be accorded to the Confidential or Attorneys' Eyes Only Information

being produced.    Nothing herein shall prevent the UST from disclosing information designated

as Confidential or Attorneys' Eyes Only for civil and criminal law enforcement purposes or in

compliance with a subpoena or court order.  To the extent Confidential Information is sought

pursuant to any request made under the Freedom of Information Act, or other applicable law requiring disclosure, prior to the disclosure of any documents or information deemed as Confidential or Attorneys' Eyes Only, the UST shall provide the Designating Party with prompt written notice to give the Designating Party an opportunity to object to the disclosure of any specific portion of the document or information.

**Objections to Designations**

24.     If any Receiving Party objects to the designation of any Discovery Material as "Confidential," or "Attorneys' Eyes Only," the Receiving Party shall first identify the specific material as to which it objects as well as the basis for its objection in writing to the Designating Party.  Such parties shall confer in good faith to attempt to resolve any dispute regarding any such designation.  If such parties are unable to resolve such dispute, the objecting party may seek appropriate relief from the Court, in accordance with Paragraph 17 of the Order; provided, however, that all Discovery Material to which the objection applies shall continue to be treated by Receiving Parties as Confidential Information or Attorneys' Eyes Only Information, as designated by the Designating Party, in accordance with this Protective Order, until such objection is resolved.  No Signatory shall contest an objecting party's request for reasonably expedited consideration for such relief.

25.     No party shall be obligated to challenge the propriety of a confidentiality designation, and failure to do so shall not preclude a subsequent challenge to such designation.

**Appeal**

26.     In the event that any Signatory appeals from any decision of the Court relating to Plan Discovery, such Signatory shall file an application to the appropriate appellate court, within seven (7) days of the filing of the notice of appeal, to maintain under seal any Discovery Material

filed with the appellate court that contains or discloses Confidential Information and/or

Attorneys' Eyes Only Information.  The provisions of this Paragraph may be waived only with

the written consent of the Designating Party.

**Scope of Protective Order**

27.     In the event that any Confidential or Attorneys' Eyes Only Information is used in

any court proceeding relating to Plan Discovery, that material shall not lose its status as

Confidential or Attorneys' Eyes Only Information through such use and such use shall remain

subject to the terms of this Protective Order.

28.     This Protective Order shall survive the termination of the Plan Confirmation

process, whether by order, final judgment, settlement or otherwise, and shall thereafter continue

in full force and effect.

29.     Nothing in this Protective Order shall require any Producing Party to respond to

discovery in any manner, including by producing documents, that would cause such Producing

Party to violate any statute, regulation, or rule, including, without limitation, any international or

foreign privacy laws, to which such Producing Party is subject.

30.     This Protective Order does not alter, modify, or expand any obligation or duty of

any party to produce any Confidential or Attorneys' Eyes Only Information.

31.     Nothing herein shall be construed to affect in any way the admissibility of any

document, testimony, or other evidence at the trial of any action relating to Plan Discovery.

**Procedures After Plan Confirmation**

32.     After Plan Confirmation, counsel for the Receiving Parties may retain archival

copies of deposition exhibits, Court exhibits, documents and other materials submitted to the

Court, deposition transcripts and transcripts of court proceedings, one copy or sample of

Confidential or Attorneys' Eyes Only Information produced by a Producing Party, and any summaries, notes, abstracts or compilations of Confidential or Attorneys' Eyes Only Information, solely for reference in the event of a dispute over the use or dissemination of information. Such material shall continue to be treated as Confidential or Attorneys' Eyes Only Information, as applicable, in accordance with this Protective Order. After Plan Confirmation, counsel for Receiving Parties promptly either shall return all additional Confidential or Attorneys' Eyes Only Information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the Receiving Party to counsel for the Producing Party who has produced such Confidential or Attorneys' Eyes Only Information, respectively, in Plan Discovery, or shall certify destruction thereof to such counsel. As to Confidential or Attorneys' Eyes Only Information reflected in computer databases or backup tapes, the Receiving Party promptly shall delete all such Confidential or Attorneys' Eyes Only Information or shall impose reasonable safeguards and procedures to prevent unauthorized access to such Confidential or Attorneys' Eyes Only Information.

**Modification**

33.    No modification of this Protective Order shall be binding or enforceable unless in writing and signed by the Debtors and each Participant adversely affected by such modification, or by further order of the Court.

**Choice of Law**

34.    This Protective Order shall be governed and construed in accordance with the laws of the State of New York.

**<ins>Jurisdiction</ins>**

36.     The Court shall retain jurisdiction over any matters related to or arising from the

implementation of the Protective Order.

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,             :        **08-13555 (JMP)**
                                                         :
                          **Debtors.**                   :        **(Jointly Administered)**
-------------------------------------------------------------------x

## AGREEMENT TO ABIDE BY THE PROTECTIVE ORDER

I hereby certify that I have read the Protective Order[1] SO ORDERED by the Court

in the above-captioned chapter 11 cases (the "Chapter 11 Cases") on April __, 2011 [Docket No.

___]. I further certify that I understand the terms and provisions of the Protective Order and agree

to be fully bound by them, and hereby submit to the jurisdiction of the United States Bankruptcy

Court for the Southern District of New York for purposes of the Protective Order's enforcement. I

understand and agree, in particular, that I may not use any Confidential or Attorneys' Eyes Only

Information, or any copies, excerpts or summaries thereof, or materials containing Confidential or

Attorneys' Eyes Only Information derived therefrom, as well as any knowledge or information

derived from any of these items, for any purpose other than matters related to Plan Discovery, in

accordance with the provisions of the Protective Order, including, without limitation, any business

or commercial purpose.

I further understand that failure to abide fully by the terms of the Protective Order

may result in legal action against me, such as for contempt of court and liability for monetary

damages.

Dated: _____        Agreed: _____

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the
Protective Order.

C1

# EXHIBIT D

**Technical Specifications for Documents to be Produced to the Debtor to Be Uploaded to the Data Repository**

Participants and non-Participants producing documents to the Debtors must produce electronically stored documents in the following electronic format:

1.  *Emails*.  E-mails shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Meta data fields included with the load file should be provided in accordance with *Appendix 1*.  E-mail attachments shall be handled according to the provisions below applicable to loose electronic documents and shall not be separated from the emails to which they are attached.  Native files for e-mails shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

2.  *Electronic Documents*.  Word and other electronic documents shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Meta data fields included with the load file should be provided in accordance with *Appendix 1*.  For Excel or other spreadsheet files, the native file or a pdf version of the file shall be produced.  Native files for all other electronic documents shall be maintained, and such files shall be produced, with appropriate redactions, if the receiving party can demonstrate a particularized need for such native files.

3.  *Hard copy documents*.  Hard copy documents shall be produced as single-page TIFF images with accompanying full OCR text and load file (DAT).

4.  *TIFF Images Generally*.  Any TIFF images produced by Participants or non-Participants shall consist of (a) single-page, black and white, 300dpi group IV TIFF images with extension ".tif"" and (b) text files, named after the bates number of the document, with extension ".txt".  TIFF images may not be compressed using JPEG

D1

compression.  For instances in which the original file is in color and the color is

necessary for interpretation of the document (charts, pictures, etc.), produce

medium quality JPEG in place of single page tiff file.  Metadata shall be provided

in a delimited file with a ".dat" file extension and ASCII 020 and 254 delimiters for

column break and text qualifier.  The first line shall be the header with field names,

and each subsequent line shall contain the fielded data for each document.

5.    *Shipment of electronic data*.  Electronic data productions may be transmitted

electronically via Secure File Transfer Protocol (SFTP), FTP over SSH or

physically transported using electronic storage media such as, CDs, DVDs or hard

drives.  The physical media label should contain the case name and number,

production date, and bates range being produced.  Each transmission of data should

include a collection "manifest" report which provides a list of files collected, their

location, and their MD5 hash values.

**Appendix 1**

| Field | Description |
| --- | --- |
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail_Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title field value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension or other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-bit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |

**Exhibit B**

**(Redline Comparison)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
                                 :
In re                             :   **Chapter 11 Case No.**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :   **08-13555 (JMP)**
                                 :
            **Debtors.**      :   **(Jointly Administered)**
            ————————————————:
----------------------------------------------------------------------x

**ORDER ESTABLISHING
<u>SCHEDULE AND PROCEDURES</u> IN CONNECTION WITH DISCOVERY
<u>RELATED TO PLAN CONFIRMATION AND OTHER ISSUES</u>**

       Lehman Brothers Holdings Inc. and certain of its affiliated debtors (collectively the

"<u>Debtors</u>")~~,~~ filed a~~the~~ **First Amended** Joint Chapter 11 Plan of Lehman Brothers Holdings Inc.

and ~~Its~~**its** Affiliated Debtors, dated ~~March 15, 2010 [Docket No. 7572], as amended on~~ January

25, 2011 [Docket No. 14150]~~, and~~ **(**as **it** may be further amended ~~(hereinafter~~**or modified**, the

"<u>Plan</u>").  ~~An~~**The** Ad Hoc Group of Lehman Brothers Creditors (the "<u>Ad Hoc Group</u>") filed a

Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and

Certain of its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred

Somerset LLC, dated December 15, 2010 [Docket No. 13504], as may be amended (the "<u>Ad Hoc

Plan</u>").  The Plan, the Ad Hoc Plan and any other plan or plans of reorganization **(each such Ad**

**Hoc Plan or other plan being an "Alternative Plan")** filed in the above-captioned chapter 11

cases (the "<u>Chapter 11 Cases</u>") ~~will~~**may** present contested issues of fact and law ("<u>Plan Issues</u>").

       The Court has previously noted, and hereby finds, that it would be in the best interests of

the Debtors and all interested parties that discovery in connection with Plan Issues arising out of

objections to and/or the prosecution of the Plan, ~~the Ad Hoc Plan and any other plan or plans of~~

~~reorganization~~**or any Alternative Plan** filed in the Chapter 11 Cases ("<u>Plan Discovery</u>") be

conducted in an efficient, expeditious and orderly manner.  Accordingly, it is hereby

1

ORDERED:

1.    ~~No Other Plan Discovery~~**Scope of Order**:  Except as otherwise ordered by the Court, this Order shall control any and all discovery by any Debtor, committee, **the United States Trustee (the "UST"),** creditor ~~or,~~ **,** party in interest**, or group of creditors or parties in interest** in connection with Plan Issues **arising in connection with the prosecution of or objections to any Plan or Alternative Plan**, but shall not affect the rights of any Debtor, committee, **UST,** creditor or party in interest**, or group of creditors or parties in interest** to seek discovery in connection with any other contested matters or adversary proceedings. **(even if related to, or to be heard contemporaneously with, Plan confirmation).**

a)    **All discovery sought must be sought in connection with the Plan Issues only, and no discovery nor any information contained therein may be used in connection with any other matter or proceeding.**

b)    **The deadlines set forth in this Order shall not apply to any discovery in connection with the Motion (i) for Approval of the Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan, dated March 14, 2011 [Docket No. 15078].**

c)    **Nothing in this Order shall be construed to apply to the separate SIPA Proceeding or to in any way limit the SIPA Trustee's rights or authority to investigate the affairs of Lehman Brothers Inc. ("LBI") pursuant to the full extent of his powers.**

2.    **Participation in Plan Discovery**

a)    Any creditor, party in interest, or group of creditors or parties in interest seeking to

participate in Plan Discovery shall file with the Court and serve on the attorneys for the

Debtors and for the statutory committee of unsecured creditors appointed in the Chapter

11 Cases (the "Creditors' Committee") a completed "Notice of Intent," the form of which

is attached hereto as Exhibit A.  Each Notice of Intent must contain: (i) the name and

address of the creditor or party in interest (or in the case of a group, the names and

addresses of each of its members) and ~~its or their attorneys; (ii) the amount and nature of~~

~~the aggregate claims or interests held either individually or by the group; and (iii) a~~

~~concise statement of the interest asserted by~~**the name of the law firm(s) and individual**

**attorneys representing** such creditor or party in interest ~~in the outcome of issues related~~

~~to Plan Discovery.~~**or group of creditors or parties in interest; and (ii) an aggregate**

**amount of each creditor's or party in interest's claims against each of the Debtors (a**

**proof of claim may be submitted to satisfy this provision, provided there has not**

**been a material change since its filing).**[1]  Any Notice of Intent must be filed no later

than fourteen (14) days following the entry of this Order (the "Notice of Intent

Deadline")**, unless upon application to the Court, good cause is shown that,**

**notwithstanding reasonable best efforts to comply herewith, additional time is**

**needed (e.g., the need to obtain government approval to file a Notice of Intent and**

**become a Participant).  Participants shall promptly file an amended Notice of Intent**

**to reflect any material changes to the amount of individual or aggregate claims**

**reported in the initial Notice of Intent**.  In the absence of an order of the Court

sustaining an objection to a Notice of Intent (as described in Paragraph 2(e) of this Order), a creditor, party in interest, or group timely filing a Notice of Intent shall be deemed a "Participant."  For purposes of participation in Plan Discovery, "Participant" shall include the attorneys and any advisors for any Participant identified on the Notice of Intent filed by the Participant.

b) The Debtors ~~and the~~**,** Creditors' Committee**, and the UST** shall each be deemed a Participant in Plan Discovery without the need to file **and serve** a Notice of Intent.

c) Subject to Paragraph 2(g) below, any creditor, party in interest, or group of creditors or parties in interest that has filed or hereinafter files an ~~alternative chapter 11 plan of reorganization in the Chapter 11 Cases (each, an "~~Alternative Plan~~"~~), including the Ad Hoc Group (~~each,~~ an "Alternative Plan Proponent"), shall ~~each~~**be entitled** to file a **Notice of Intent on or prior to the later of the Notice of Intent Deadline and the date of the filing of such plan, and shall** be deemed a Participant as of the date of ~~the~~ filing ~~of~~ such ~~plan, without the need to file a~~ Notice of Intent.

d) Subject to Paragraph 2(g) below, any creditor, party in interest, or group of creditors or parties in interest that has filed or hereinafter files an objection to the Plan or an Alternative Plan (each, a "Plan Objector") shall be ~~deemed a Participant as of~~**entitled to** file **a Notice of Intent on or prior to the later of the Notice of Intent Deadline and** the date of the filing of such objection, ~~without the need to file a~~**and shall be** deemed a Participant as of **the earlier date of filing or serving such** Notice of Intent.

e) The Debtors and the Creditors' Committee shall have the right to object to Notices of Intent on any and all grounds, including but not limited to those that are, *inter alia*,

---

**[1] No disclosures made under this provision shall be construed as a disclosure for the**

duplicative, harassing, or served by persons that are not parties in interest or do not

comply with the requirements hereof or do not demonstrate a legally cognizable interest

in participating in Plan Discovery.

f)      Within three (3) days following the Notice of Intent Deadline, the Debtors shall file with

the Court a list of all Participants **and their attorneys**, which **as it may be amended (as**

**hereafter provided)** will be the official service list for Plan Discovery (the "Official

Service List").  The Debtors shall amend the Official Service List, as necessary, from

time to time and will file such amended service lists with the Court.  Service in

connection with Plan Discovery may be by electronic mail.

g)      Except as provided in Paragraphs 2(b), (c**a**) and (d**b**), any creditor, party in interest, or

group of creditors or parties in interest ~~who~~**that** does not timely file **and serve** a Notice

of Intent, or ~~who~~**that** files **and serves** a Notice of Intent to which the Debtors or the

Creditors' Committee successfully object, shall not be permitted to participate in Plan

Discovery absent leave of the Court.  ~~Any party who becomes a Participant~~**All**

**Participants, including those who become Participants** after the Notice of Intent

Deadline has passed~~,~~ must comply with all discovery deadlines set forth in this Order and

shall not be allowed to reopen any discovery deadlines that have already passed, except

as set forth in Paragraph ~~13~~**15** of this Order.

h)      All Plan Discovery **shall be subject to and** shall be conducted in accordance with the

terms of the Protective Order, attached hereto as Exhibit B, and approved by the Court in

its entirety.  In order to be eligible to ~~receive~~**participate in** Plan Discovery, each

Participant ~~must~~**and each Participant's attorneys and advisors must read and** agree to

**purposes of Bankruptcy Rule 2019.**

abide by the Protective Order.  Each Participant, ~~including its~~**and a representative of each Participant's** attorneys and advisors ~~who are involved in the Chapter 11 Cases,~~ must sign the Agreement to Abide By the Protective Order, attached hereto as <u>Exhibit C</u>, and serve a copy upon attorneys for the Debtors.  **<u>Such representative must provide the Protective Order to any person that it employs or engages who is given access to Plan Discovery.</u>**  Any Participant (or the attorneys or advisors for any Participant ~~who~~**that** are involved in the Chapter 11 Cases) ~~who~~**that** does not sign the Agreement to Abide by the Protective Order shall not be permitted to participate in Plan Discovery.

3.    **<u>Document Discovery from the Debtors</u>**~~<u>: Document Requests and Search Terms</u>~~

a)    **<u>No later than fourteen (14</u>**) days following the Notice of Intent Deadline, **the Participants other than the Debtors shall designate one Participant as the "Designated Party" to act as a facilitator and intermediary for Discovery Requests. The Designated Party shall make available to Participants a preliminary suggested set of Document Requests** pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")**, directed to the Debtors, that includes those requests that the Designated Party reasonably and in good faith believes relate to Plan Issues (the "Preliminary Requests").  The Designated Party shall simultaneously provide Participants with a preliminary suggested list of proposed search terms and strings that, in the reasonable estimation of the Designated Party, is reasonably calculated to yield electronically stored information, including without limitation e-mails and e-mail attachments, (hereinafter collectively referred to as "ESI") responsive to the Preliminary Requests without being overbroad or unduly burdensome to the**

**Debtors.  The Designated Party may consult with the Debtors in formulating such preliminary list of requests and terms.**

**b)** a) No later than ~~twenty-one (21) days following the Notice of Intent Deadline, Participants who wish to serve Document Requests shall collectively serve consolidated Document Requests relating to Plan Issues upon the Debtors pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),~~ **ten (10) days following service by the Designated Party of the Preliminary Requests, Participants other than the Creditors' Committee and the UST** who wish to serve Document Requests **upon the Debtors shall review the Preliminary Requests and propose any additional requests** relating to Plan Issues **(the "Group Requests") to the Designated Party** as part of one of the following groups: (i) the **direct** creditors of Lehman Brothers Holdings Inc. ("LBHI"); (ii) **the guarantee creditors of LBHI for which a Debtor or U.S. affiliate is the primary obligor; (iii) the guarantee creditors of LBHI for which a non-U.S. affiliate is the primary obligor (other than holders of Lehman Programs Securities (as defined in the Disclosure Statement)); (iv) the guarantee creditors of LBHI that are holders of Lehman Programs Securities; (v)** the creditors of the derivative entity debtors, including Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers OTC Derivatives Inc. ("LOTC"), Lehman Brothers Derivative Products Inc. ("LBDP"), Lehman Brothers Financial Products Inc. ("LBFP"), ~~Lehman Brothers Commercial Corp. ("LBCC"), and~~ Lehman Brothers Commodities Services Inc. ("LBCS")~~; (iii~~**, and** Lehman Brothers Commercial Corp. ("LBCC"), **in each case, other**

7

than the LBSF Public Side Working Group;[2] **(vi) the LBSF Public Side Working Group; (vii)** the creditors of Lehman Commercial Paper Inc. ("LCPI"); ~~(iv) creditors of the Debtors' affiliates that are in foreign insolvency proceedings and who are actively involved in discussions with~~**viii) non-U.S. affiliates of** the Debtors; and ~~(v)~~**ix) the** creditors of other Debtors~~.~~ **(each of the foregoing enumerated groups, a "Group" and together, the "Groups").[3] The Creditors' Committee and the UST may submit separate requests to the Designated Party. A Participant that would otherwise be a member of more than one of the foregoing groups shall select one Group in which to participate, but such selection and participation in a single group shall not constrain or in any way limit a Participant's ability to include requests relating to any Plan Issues.[4]** Each of the foregoing groups may collectively serve one **proposed** consolidated Document Request~~. A Participant who is a creditor of more than one Debtor may elect to participate in the group or groups of its choosing~~ **upon the Designated Party**. The Participants in each of the ~~foregoing groups will meet and~~**Groups shall** confer among

---

[2] **The members of the LBSF Public Side Working Group are Bank of America, N.A., Centerbridge Credit Advisors, LLC (solely on behalf of funds managed by itself and affiliates), Crédit Agricole Corporate and Investment Bank, Credit Suisse International, D. E. Shaw Composite Portfolios, L.L.C., D. E. Shaw Oculus Portfolios, L.L.C., Deutsche Bank AG, Eton Park Capital Management, L.P. (solely on behalf of funds for which it serves as investment manager), Goldman Sachs Bank USA (successor by merger to Goldman Sachs Capital Markets, L.P.), Goldman Sachs International, Merrill Lynch International, Morgan Stanley Capital Services Inc., Morgan Stanley & Co. International plc, certain funds advised by Oaktree Capital Management, L.P. or their respective subsidiaries, Silver Point Finance, LLC (an affiliate of certain claim holders), and The Royal Bank of Scotland plc.**

[3] **The Groups are solely for the purpose of facilitating Plan Discovery as set forth in this Order (and for no other purpose, including, without limitation, for purposes of Bankruptcy Rule 2019).**

[4] **No provision herein shall be construed to preclude any Participant from joining or forming other groups under Bankruptcy Rule 2019.**

themselves ~~and develop each group's consolidated Document Requests in order to avoid the service of multiple, duplicative Document Requests and the attendant costs and other burdens imposed on the Debtors to respond to such requests~~**solely in order to eliminate duplicate requests and develop a single list of Group Requests to be sent to the Designated Party.  The purpose of compiling consolidated document requests is solely to avoid duplication, and no proposed document request may be altered or excluded from a consolidated document request for any reason other than to avoid duplication.  Each Group Request shall identify the Participant(s) seeking each request therein, in order to facilitate meet and confer communications among Participants**.  No Participant shall waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining ~~a Document Request~~**Group Requests** as prescribed in this Paragraph.  Any Participant who, after the meet and confer process, will not agree to ~~serve consolidated Document~~**join in a single list of Group** Requests may, in accordance with the procedure set out in Paragraph ~~15~~**17** of this Order, seek leave of the Court to serve a separate Document Request under terms and conditions that the Court deems appropriate.

**c)**  ~~b)~~ Each Participant or ~~group of Participants serving Document~~**Group providing Group** Requests ~~upon~~**to** the ~~Debtors~~**Designated Party** shall simultaneously ~~serve~~**provide** a list of **additional** proposed search terms **and strings** that, in the reasonable estimation of such Participant or ~~group~~**Group**, ~~are~~**is** reasonably calculated to yield ~~e-mails and e-mail attachments~~**ESI** responsive to the ~~Document~~**Group** Requests without being overbroad or unduly burdensome to the Debtors.  **Such list shall identify the Participant(s) seeking each search term and string.**

d)      **The Designated Party shall create a single Document Request that includes the Preliminary Requests and non-duplicative Group Requests (the "Consolidated Requests").  The Designated Party shall also create a single list (the "Designated Party's Search Term List") of combined search terms and strings that includes the search terms and strings the Designated Party identified and non-duplicative search terms and strings provided by Participants contemporaneously with the Group Requests.  The Consolidated Requests and the Designated Party's Search Term List shall identify the Participant(s) seeking each request, search term and string.  In creating the Consolidated Requests and Designated Party's Search Term List, the Designated Party shall reasonably and in good faith eliminate only duplicate requests and/or duplicate search terms and strings.  The Designated Party shall not delete non-duplicative requests or non-duplicative search terms, and it shall not alter any Group Requests or search terms and strings.  Nothing in this Paragraph is intended to or shall limit any Participant's right to so request non-duplicative documents relating to Plan Issues from the Debtors. The Designated Party shall provide the Consolidated Requests and the Designated Party's Search Term List to Participants within seven (7) days following service by Participants of the Group Requests.**

e)      **Participants shall meet and confer with the Designated Party promptly, but in no event later than seven (7) days following service by the Designated Party of the Consolidated Requests and the Designated Party's Search Term List if they believe that the Designated Party eliminated or altered non-duplicative requests or search terms and strings or otherwise improperly transcribed Group Requests, in order to**

10

**resolve disputes, if any, relating to the contents of the Consolidated Requests or Designated Party's Search Term List.  Any disputes not resolved through the meet and confer process shall promptly be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.**

**f)** **Within two (2) days after the expiration of the meet and confer period set forth in Paragraph 3(e), and regardless of whether any dispute relating to the content of Consolidated Requests has been brought to the Court's attention in accordance with Paragraphs 3(e) and 17 of this Order, the Designated Party shall serve the Consolidated Requests and the Designated Party's Search Term List upon the Debtors.  The Consolidated Requests shall identify the Participant(s) seeking each Request, search term, and string and parameter in the Designated Party's Search Term List.**

**g)** **Notwithstanding the process outlined in the foregoing Paragraphs (3)(a) – 3(f), nothing in this Order shall be construed to imply that the Designated Party approves, agrees with, has joined in or has otherwise adopted any Group Requests and the Designated Party reserves all of its rights with respect to such requests.**

**h)** ~~c) The Debtors shall consider all Document Requests and search terms that are timely served on them and will,~~**Within twenty-one (21) days following service of the Consolidated Requests upon the Debtors, the Debtors shall serve written responses and objections ("Debtors' Responses and Objections").  The Debtors shall review the Consolidated Requests and Designated Party's Search Term List and will, reasonably and** in good faith, generate a master list of search terms ~~("~~**, strings and**

**parameters (the "Debtors'** Search Term List") reasonably calculated to lead to the

production of responsive ~~e-mails and e-mail attachments. The Debtors shall make the~~

~~Search Term List available to Participants no later than fourteen (14) days after the~~

~~deadline for serving Document Requests and~~**ESI. The custodians identified on the**

**Debtors' Search Term List shall include, but not be limited to, every individual**

**employed or retained by the Debtors that the Debtors expect to call as a witness at**

**any hearing concerning any Plan Issues; provided, however, that the Debtors are**

**not limited to such witnesses at any hearing and may thereafter supplement such**

**list, including as provided hereinafter. The Debtors shall serve the Debtors' Search**

**Term List, along with a statement of the reason(s) for rejecting any** proposed search

terms ~~set forth in Paragraphs 3(a) and 3(b).~~ **and strings contemporaneously with the**

**Debtors' Responses and Objections.**

d)      ~~The Debtors shall consider all Document Requests that are timely served and will, in~~

~~good faith, generate a master list of custodians, time periods and other parameters~~

~~("Search Parameters") that will govern the universe of documents to be searched and~~

~~produced by the Debtors. The Search Parameters will be made available to Participants~~

~~together with the Search Term List.~~

i)      **The Debtors shall meet and confer with applicable Participants as identified in the**

**Consolidated Requests, concerning the Debtors' Responses and Objections and the**

**Debtors' Search Term List during the fourteen (14) day period following the service**

**of the Debtors' Responses and Objections. Any disputes concerning the Debtors'**

**Responses and Objections or the Debtors' Search Term List that are not resolved**

**shall be brought to the Court's attention within seven (7) days after the final meet**

**and confer, in accordance with the procedures set forth in Paragraph 17 of this**

**Order.**

**j)**    ~~e)~~ The Debtors shall not search ~~for~~ or produce ~~to~~**, or identify on any log documents**

**from** the following categories of privileged documents**, regardless of when the**

**documents were created**:

    i)    Hard copy files of in-house and outside counsel;

    ii)    Documents and communications solely between in-house counsel and outside

        counsel;

    iii) Internal documents and communications solely within an outside counsel's

        law firm;

    iv) Documents and communications solely between or among outside counsel

        law firms for a single client;

    v)    Documents and communications solely between or among client and inside

        counsel **or outside counsel**; ~~and~~

    vi) ~~Internal~~**To the extent a request seeks documents prepared or dated after**

        **the date of filing of the Debtors' chapter 11 petitions, internal** documents

        and communications solely within an advisor.

**k)**    ~~f)~~ The Debtors ~~will not serve formal written responses to the specific Document~~

~~Requests, but will serve general objections, if any, at the same time the Search~~

~~Parameters are made available; and the absence of specific written objections will not~~

~~constitute a waiver of any of the Debtors' rights, objections or positions with respect to~~

~~any specific request in a Document Request.  In addition, notwithstanding the foregoing,~~

~~the Debtors will set forth, simultaneously with providing the Search Parameters (i) a list~~

of requests for which they assert no documents exist within the Debtors' possession, custody or control matching the document described in the request, (ii) a list of requests which are unduly burdensome or not reasonably calculated to lead to admissible evidence and the bases for such objections; and (iii) a list of requests that are unclear and require further clarification and the bases for such objections.  The Debtors shall meet and confer with applicable Participants within seven (7) days of the Debtors providing such list with respect to any unclear requests.

g)    If necessary, Participants who have served Document Requests, individually or as part of a Participant group, on the Debtors shall raise any objections regarding the Search Term List and/or the Search Parameters no later than seven (7) days after the Search Term List and Search Parameters are served.  The Debtors and applicable Participants shall meet and confer concerning such objections during the fourteen (14)-day period following the service of such objections.  Any disputes concerning the Search Term List, the Search Parameters, and/or the Debtors' responses to Document Requests that are not resolved by the end of the fourteen (14)-day meet and confer period shall be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 15 of this Order.

h)    Any Participant seeking an amendment to the Search Term List or Search Parameters after the Search Term Lists and Search Parameters have been finalized must seek leave from the Court, in accordance with the procedures set forth in Paragraph 15 of this Order, but may do so only after first meeting and conferring with the Debtors and the other Participants, as applicable.

14

i)      The Debtors shall search for and produce**shall begin searching for and producing** documents as expeditiously as is reasonably practical after the Search Term ~~Lists and Search Parameters are finalized and will~~**List and Consolidated Requests are finalized. The Debtors shall produce bates-stamped and/or otherwise uniquely identified documents on a rolling basis, inform Participants from time to time regarding the production and availability of documents, and make reasonable efforts to identify the source of the documents they produce.  The Debtors shall** inform Participants when document production is substantially complete by serving a notice ("Notice of Substantial Completion").  The Debtors' document production shall be substantially complete when the Debtors believe in good faith that all material documents requested have been produced, but for limited categories ~~or~~**of** documents that need to be located, obtained, and/or reviewed.  The Notice of Substantial Completion will also identify with reasonable specificity any categories of documents that remain to be produced.

l)      **Notwithstanding anything in this Order to the contrary, the procedures set forth herein shall not be used by Participants (other than the Debtors) to seek discovery of documents, records or ESI directly from Barclays Capital Inc. or any of its affiliates (together, "Barclays") of which Barclays may have custody, possession, or control solely by virtue of its purchase of certain assets from LBHI, LBI, and LB 745 LLC (such documents, records or ESI, "Legacy Lehman Records").**

        i)      **All document requests of any Participant (other than the Debtors) concerning Legacy Lehman Records (a) shall first be directed at the Debtors, but (b) shall be separate from the Consolidated Requests and Search Term List and procedures described above.**

ii) **The Debtors and Barclays shall cooperate in good faith to seek to satisfy requests made to Barclays by the Debtors.**

iii) **Notwithstanding anything in this Order to the contrary, to the extent the Debtors make such requests of Barclays pursuant to that certain Stipulation and Agreed Order with Respect to Access Amendment to Transition Services Agreements, dated March 2, 2011 (D.I. 14750, the "Access Amendment"), nothing herein shall modify or amend the provisions of the Access Amendment.**

iv) **The provision of Access (as defined in the Access Amendment) shall not waive any attorney work product protection or any privilege with respect to Legacy Lehman Records.**

v) **The Debtors shall also undertake commercially reasonable efforts not to produce any Barclays documents, records, or ESI that they possess and that may be commingled with Legacy Lehman Records.**

4. **Data Repository**

a) The Debtors shall, ~~if~~**to the extent** reasonably practical, upload non-privileged responsive documents to an online data repository (the "Data Repository") on a rolling basis. The Data Repository review tool shall provide basic functions and features such as searching, tagging, printing, and downloading**. No later than fourteen (14) days following the Notice of Intent Deadline, the Debtors will meet and confer with Participants regarding the Data Repository, including with respect to the protection of work product created in the process of reviewing produced documents**.

b)      After signing, and providing to the Debtors' attorneys, the Agreement to Abide by the Protective Order, a Participant will be granted access to the Data Repository.  Each Participant shall, upon request, be given up to five (5) separate login credentials for the Data Repository.  Any Participant who**that** wants additional login credentials for the Data Repository will be provided with such login credentials at the Participant's own expense, at a cost of $100 per additional login per month**.  Upon issuing a request for additional logins, the Participant shall provide the Debtors with the amount payable (per login) for the first month of use**.

c)      The Debtors shall have the right to produce documents that are not reasonably conducive to being **cost-efficiently** uploaded into the Data Repository by other means, including but not limited to supervised review of hard copy documents.  The Debtors will notify all Participants if any documents will be made available by such other means, and will provide reasonable advance notice of the terms and conditions under which such documents will be made available.

**5.      Document Discovery from Alternative Plan Proponents**

a)      ~~Participants, including the Debtors and the Creditors' Committee, who seek to serve~~**No later than fourteen (14) days following** the Notice of Intent Deadline**, the Debtors shall make available to Participants a preliminary suggested set of** Document Requests ~~relating to Plan Issues upon Alternative Plan Proponents~~ pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, ~~shall do so no later than twenty-one (21) days after the Notice of Intent Deadline.~~ ~~Participants other than the Debtors and the Creditors' Committee wishing to serve such~~ ~~requests shall meet and confer among themselves and develop consolidated Document~~ ~~Requests if reasonably practical.  All Participants, in order to avoid the service of~~

17

~~multiple, duplicative document requests and the attendant burdens on Alternative Plan~~

~~Proponents of responding to them, shall first review any Document Requests that have~~

~~already been served on an~~**directed to each** Alternative Plan Proponent ~~and avoid serving~~

~~new duplicative Document Requests.~~**that includes those requests that the Debtors**

**reasonably and in good faith believe relate to Plan Issues (the "Preliminary APP**

**Requests").  The Debtors shall simultaneously provide Participants with a**

**preliminary suggested list of proposed search terms and strings that, in the**

**reasonable estimation of the Debtors, is reasonably calculated to yield ESI**

**responsive to each of the Preliminary APP Requests without being overbroad or**

**unduly burdensome to the respective** Alternative Plan Proponents**.**

b)   ~~Each Participant serving Document Requests upon an Alternative Plan Proponent shall~~

~~simultaneously serve a list of proposed search terms that, in the reasonable estimation of~~

~~such Participant, are reasonably calculated to yield e-mails and e-mail attachments~~

~~responsive to the Document Requests without being overbroad or unduly burdensome to~~

~~the Alternative Plan Proponent served.~~ **No later than ten (10) days following service**

**by the Debtors of the Preliminary APP Requests, Participants who wish to serve**

**Document Requests upon Alternative Plan Proponents shall review the Preliminary**

**APP Requests and, as part of one of the Groups identified in Paragraph 3(b),**

**propose to the Debtors any additional requests directed to each Alternative Plan**

**Proponent relating to Plan Issues ("the Group APP Requests").  The Participants in**

**each of the Groups shall** confer among themselves **solely in order to eliminate**

**duplicate requests and develop a single list of Group APP Requests directed to each**

**Alternative Plan Proponent to be sent to the Debtors.  The purpose of compiling**

**consolidated document requests is solely to avoid duplication, and no proposed document request may be altered or excluded from a consolidated document request for any reason other than to avoid duplication. Each Group APP Request shall identify the Participant(s) seeking each request therein, in order to facilitate the meet and confer communications among Participants. No Participant shall waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining any Group APP Requests as prescribed in this Paragraph. Any Participant who, after the meet and confer process, will not agree to join in a single list of Group APP Requests may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Document Request under terms and conditions that the Court deems appropriate.**

c)    **Each Participant or Group providing Group APP Requests to the Debtors shall simultaneously provide a list of proposed search terms and strings that, in the reasonable estimation of such Participant or Group, is reasonably calculated to yield ESI responsive to each of the Group APP Requests without being overbroad or unduly burdensome to the respective Alternative Plan Proponents. Such lists shall identify the Participant(s) seeking each Request and each search term and string.**

d)    **The Debtors shall create a single Document Request directed to each Alternative Plan Proponent that includes the Preliminary APP Requests and non-duplicative Group APP Requests (the "Consolidated APP Requests"). For each of the Consolidated APP Requests, the Debtors shall also create a single list (the "Consolidated APP Search Term List") of combined search terms and strings that includes the search terms and strings the Debtors identified and non-duplicative**

**search terms and strings provided by Participants contemporaneously with the Group APP Requests. The Consolidated APP Requests and the APP Search Term List shall identify the Participant(s) seeking each request, search term, and string. In creating the Consolidated APP Requests and Consolidated APP Search Term List, the Debtors shall reasonably and in good faith eliminate only duplicate requests and/or duplicate search terms and strings. The Debtors shall not delete non-duplicative requests or non-duplicative search terms, and it shall not alter any Group APP Requests or search terms and strings. Nothing in this Paragraph is intended to or shall limit any Participant's right to request non-duplicative documents relating to Plan Issues from any Alternative Plan Proponent. The Debtors shall provide the Consolidated APP Requests and the Consolidated APP Search Term Lists to Participants within seven (7) days following service by Participants of the Group APP Requests.**

e)    **Participants shall meet and confer with the Debtors promptly, but in no event later than seven (7) days following service by the Debtors of the Consolidated APP Requests and the Consolidated APP Search Term Lists if they believe that the Debtors eliminated or altered non-duplicative requests or search terms and strings, or otherwise improperly transcribed Group APP Requests, in order to resolve disputes, if any, relating to the contents of the Consolidated APP Requests or the Consolidated APP Search Term List. Any disputes not resolved through the meet and confer process shall be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.**

f)  **Within two (2) days after the expiration of the meet and confer period set forth in Paragraph 5(e), and regardless of whether any dispute relating to the content of Consolidated APP Requests or Consolidated APP Search Term List has been brought to the Court's attention in accordance with Paragraphs 5(e) and 17 of this Order, the Debtors shall serve the relevant Consolidated APP Requests and Consolidated APP Search Term List upon each Alternative Plan Proponent.  The Consolidated APP Requests and Consolidated APP Search Term List shall identify the Participant(s) seeking each Request and each search term, string and parameter.**

g)  **Notwithstanding the process outlined in the foregoing paragraphs 5(a) – 5(f), nothing in this Order shall be construed to imply that the Debtors approve, agree with, have joined in or have otherwise adopted any Group APP Requests and the Debtors reserve all of their rights with respect to such requests.**

h)  ~~e)~~ **Within twenty-one (21) days following service of the Consolidated APP Requests upon the** Alternative Plan Proponents**, each Alternative Plan Proponent** shall serve written responses and objections ~~to any Document Requests timely served on them no later than twenty-one (21) days following the deadline for serving such requests.  In addition, the Alternative Plan Proponents shall consider all Document Requests and search terms that are timely served on them and will.~~**(collectively, "APP Responses and Objections").  Each Alternative Plan Proponent shall review the relevant Consolidated APP Requests and APP Search Term List and will, reasonably and** in good faith, generate ~~both~~ a master list of search terms**, strings and parameters** reasonably calculated to lead to the production of responsive ~~e-mails and e-mail~~

attachments, and a master list of custodians, time periods and other parameters that will govern the universe of documents to be searched and produced by the Alternative Plan Proponents.  The custodians in the search parameters**ESI (collectively, the "APP Search Term Lists").  The custodians** shall include**, but not be limited to,** every individual employed or retained by the applicable Alternative Plan Proponent that the Alternative Plan Proponent reasonably expects will be called**to call** as a witness at any hearing **and may thereafter supplement such list, including as provided herein after.**  concerning any Plan Issues.  **Each set of APP Responses and Objections shall be served contemporaneously with a corresponding APP Search Term List, along with a statement of the reason(s) for rejecting any proposed search terms or strings.**

d)    The Alternative Plan Proponents shall make the search term list and search parameters available to Participants no later than twenty-one (21) days after the deadline for serving Document Requests and proposed search terms.

**i)**    e) If necessary, Alternative Plan Proponents who have been served with search term lists**as identified in the Consolidated APP Requests and the Proposed APP Search Term List** shall meet and confer with applicable Participants regarding any disputes concerning served search terms, and other search parameters to be used by such Alternative Plan Proponent, as well as responses to Document Requests,**the APP Responses and Objections and APP Search Term Lists** during the fourteen (14)-day period following the service of such search term lists and parameters**the APP Responses and Objections and APP Search Term Lists**.  Any disputes concerning an Alternative Plan Proponents' search terms or other search parameters**the APP Responses and Objections and APP Search Term Lists** not resolved by the end of the fourteen (14)-

day meet and confer period shall be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph ~~15~~**17** of this Order.

**j)**   ~~f)~~ Alternative Plan Proponents shall ~~search~~**begin searching** for and ~~produce~~**producing** documents as expeditiously as reasonably practical after being served a ~~Document Request.~~ **Consolidated APP Request.  Alternative Plan Proponents shall produce bates-stamped documents on a rolling basis, inform Participants from time to time regarding the production and availability of documents, and make reasonable efforts to identify the source of the documents they produce.** Alternative Plan Proponents shall provide a copy of all responsive document productions to the Debtors in accordance with the specifications set forth in Exhibit D, and, if reasonably practical, the Debtors shall upload them to the Data Repository.

**k)**   **The Alternative Plan Proponents shall produce documents in electronic form.  Upon a showing of good cause, Alternative Plan Proponents shall have the right to produce documents that are not reasonably conducive to being cost-efficiently produced in electronic format by other means, including but not limited to supervised review of hard copy documents.**

**6.**   **Document Discovery from Other Participants**

~~a)   Participants, including the Debtors, the Creditors' Committee and Alternative Plan Proponents, may serve Document Requests relating to Plan Issues upon Participants other than the Debtors or Alternative Plan Proponents pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014; provided, however, that all such requests must be served in a timely manner such that they permit a~~

~~reasonable amount of time for served Participants to produce in response thereto no later than 75 days prior to the Confirmation Hearing (defined below).~~

**a)** ~~b) Each Participant serving Document Requests (the "Requesting Participant") upon a Participant other than the Debtors or~~**No later than fourteen (14) days following the Notice of Intent Deadline, the Debtors shall make available to Participants a preliminary suggested set of Document Requests** pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and **9014, directed to each Participant (other than** Alternative Plan Proponents ~~(the "Producing Participant") shall simultaneously serve a)~~ **from which the Debtors intend to seek document discovery ("Responding Participant") that includes those requests that the Debtors reasonably and in good faith believe relate to Plan Issues (the "Preliminary Participant Requests").  The Debtors shall simultaneously provide Participants with a preliminary suggested** list of proposed search terms **and strings and** that, in the reasonable estimation of ~~such Requesting Participant, are~~**the Debtors, is** reasonably calculated to yield ~~e-mails and e-mail attachments~~**ESI** responsive to **each of** the ~~Document~~**Preliminary Participant** Requests without being overbroad or unduly burdensome to the ~~Producing~~**Responding** Participant.

**b)** **No later than ten (10) days following service by the Debtors of the Preliminary Participant Requests, Participants who wish to serve Document Requests upon any of the Responding Participants shall review each of the Preliminary Participant Requests and as part of one of the Groups identified in Paragraph 3(b) (excluding, as necessary the Participant or Participants from which documents are sought), propose to the Debtors any additional requests directed to such Responding**

**Participant(s) concerning Plan Issues ("the Group Participant Requests"). The Participants in each of the Groups shall confer among themselves solely in order to eliminate duplicate requests and develop a single list of Group Participant Requests directed to each Responding Participant to be sent to the Debtors. The purpose of compiling consolidated document requests is solely to avoid duplication, and no proposed document request may be altered or excluded from a consolidated document request for any reason other than to avoid duplication. Each Group Participant Request shall identify the Participant(s) seeking each request therein, in order to facilitate meet and confer communications among Participants. No Participant shall waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining any Group Participant Request as prescribed in this Paragraph. Any Participant who, after the meet and confer process, will not agree to join in a single list of Group Participant Requests may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Document Request under terms and conditions that the Court deems appropriate.**

**c)**     **Each Participant or Group providing Group Participant Requests to the Debtors shall simultaneously provide a list of proposed search terms and strings that, in the reasonable estimation of such Participant or Group, is reasonably calculated to yield ESI responsive to each of the Group Participant Requests without being overbroad or unduly burdensome to the respective Responding Participants. Such lists shall identify the Participant(s) seeking each Request and each search term, string and parameter.**

d)    **Within ten (10) days following the Debtors' service of the Preliminary Participant Requests, any Participant that seeks to serve Document Requests relating to Plan Issues upon Participants (other than the Debtors or Alternative Plan Proponents) to which the Debtors have not prepared a Preliminary Participant Request shall make available to the Debtors a set of Document Requests ("Additional Responding Participant Requests") pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, directed to each such Participant. The Additional Responding Participant Request should be accompanied by a list of suggested search terms and strings that, in the reasonable estimation of the Participant drafting the Additional Responding Participant Requests, is reasonably calculated to yield ESI responsive to the Additional Responding Participant Requests. Any subject of an Additional Responding Participant Request shall be considered a Responding Participant.**

e)    **The Debtors shall then review any Group Participant Requests and Additional Responding Participant Requests and create a single Document Request directed to each Participant from which discovery is sought (the "Consolidated Participant Requests"). For each of the Consolidated Participant Requests, the Debtors shall also create a single list (the "Participant Search Term List") of combined search terms and strings that includes the search terms and strings the Debtors identified and non-duplicative search terms and strings provided by Participants contemporaneously with the Group Participant Requests and the Additional Responding Participant Requests. The Consolidated Participant Requests and the Participant Search Term List shall identify the Participant(s) seeking each request,**

**search term, string and parameter.  In creating the Consolidated Participant Requests and Participant Search Term List, the Debtors shall reasonably and in good faith eliminate only duplicate requests and/or duplicate search terms and strings.   The Debtors shall not delete non-duplicative requests or non-duplicative search terms, and they shall not alter any Group Participant Requests, Additional Responding Participant Request, or corresponding search terms and strings. Nothing in this Paragraph is intended to or shall limit any Participant's right to request non-duplicative documents relating to Plan Issues from any Responding Participant.  The Debtors shall provide the Consolidated Participant Requests and the Participant Search Term Lists to Participants within seven (7) days following the later of (i) service by Participants of the Group Participant Requests, or (ii) service by the Participants of the Additional Responding Participant Requests.**

**f)**      **Participants shall meet and confer promptly with the Participants, including the Debtors and Creditors' Committee, but in no event later than seven (7) days following service by the Debtors of the Consolidated Participant Requests and the Participant Search Term Lists if they believe that the Debtors eliminated or altered non-duplicative requests or search terms and strings, or otherwise improperly transcribed Group Participant Requests or Additional Responding Participant Requests, in order to resolve disputes, if any, relating to the contents of the Consolidated Participant Requests or the Participant Search Term List.  Any disputes not resolved through the meet and confer process shall promptly be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.**

g)      **Within two (2) days after the expiration of the meet and confer period set forth in Paragraph 6(f), and regardless of whether any dispute relating to the content of Consolidated Participant Requests has been brought to the Court's attention in accordance with Paragraphs 6(f) and 17 of this Order, the Debtors shall serve the Consolidated Participant Requests and Participant Search Term List upon the Responding Participants.  The Consolidated Participant Requests shall identify the Participant(s) seeking each request, search term and string.**

h)      **Notwithstanding the process outlined in the foregoing Paragraphs 6(a) – 6(g), nothing in this Order shall be construed to imply that the Debtors, Creditors' Committee, or a Coordinating Participant have joined in or have otherwise adopted any Group Participant Request and the Debtors and each Participant reserve all rights with respect to such requests.**

i)      ~~c) Producing Participants~~**Within** twenty-one (21) days following **service of the Consolidated Participant Requests, each Responding Participant** shall serve written responses and objections ~~to any Document Requests timely served on them no later than twenty-one (21) days following the deadline for serving such requests.  In addition, the Producing Participant shall consider all Document Requests and search terms that are timely served on it and will,~~,  **Each Responding Participant shall review the relevant Consolidated Participant Requests and Participant Search Term List and will,** **reasonably and** in good faith, generate ~~both~~ a master list of search terms**, strings and parameters** reasonably calculated to lead to the production of responsive ~~e-mails and e-mail attachments, and a master list of custodians, time periods and other parameters that will govern the universe of documents to be searched and produced.  The Producing~~

~~Participant shall make the~~**ESI.  The custodians shall include, but not be limited to, every individual employed or retained by the Responding Participant that such Participant expects to call as a witness at any hearing and may thereafter supplement such list, including as provided herein after.  Each Responding Participant shall serve its** search term list and search parameters ~~available to Participants no later than twenty-one (21) days after the deadline for serving Document Requests and~~**, along with a statement of the reason(s) for rejecting any** proposed search terms.~~  ~~ **and strings, contemporaneously with its responses and objections.**

**j)** ~~d) If necessary, Producing Participants who have~~**Each Responding Participant that has** been served with ~~search term lists~~**a Consolidated Participant Request and Participant Search Term List** shall meet and confer with applicable Participants**, including the Debtors and Creditors' Committee,** regarding any disputes concerning ~~served~~**the responses and objections to the Consolidated Participant Requests,** search terms, **strings** and ~~other search~~ parameters to be used by such ~~Producing~~ Participant~~, as well as responses to Document Requests,~~ during the fourteen (14)-day period following the service of ~~such search term lists and parameters~~**its responses and objections**.  Any disputes concerning a ~~Producing~~**Responding** Participant's **responses and objections,** search terms ~~or other search parameters~~**and strings** not resolved by the end of the fourteen (14)-day meet and confer period shall be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph ~~15~~**17** of this Order.

**k)** ~~e) Producing~~**Responding** Participants shall ~~search~~**begin searching** for and ~~produce~~**producing bates-stamped** documents as expeditiously as reasonably practical

after being served a ~~Document Request.  Producing~~**Consolidated Participant Request. Responding Participants shall produce bates-stamped documents on a rolling basis, inform Participants from time to time regarding the production and availability of documents, and make reasonable efforts to identify the source  of the documents they produce.  Responding** Participants shall provide a copy of all responsive document productions to the Debtors in accordance with the specifications set forth in <u>Exhibit D</u>, and, if reasonably practical, the Debtors shall upload them to the Data Repository.

f)    ~~All Participants, in order to avoid the service of multiple, duplicative document requests and the attendant burdens on Producing Participants of responding to them, shall first review any Document Requests that have already been served on a Participant and avoid serving new duplicative Document Requests.~~

<u>l)</u>    **Responding Participants shall produce documents in electronic form.  Upon a showing of good cause, Responding Participants shall have the right to produce documents that are not reasonably conducive to being cost-efficiently produced in electronic format by other means, including but not limited to supervised review of hard copy documents.  The Responding Participants will notify other Participants if any documents will be made available by such other means, and will provide reasonable advance notice of the terms and conditions under which such documents will be made available.**

<u>m)</u>    **Notwithstanding anything in this Order to the contrary, to the extent Participants seek discovery of documents that are simultaneously in the possession, custody, or control of the Debtors and the SIPA Trustee, the Participants shall first direct such Documents Requests to the Debtors.**

7.        **Document Discovery From Non-Participants**

a)        Participants~~, including the Debtors, the Creditors' Committee and Alternative Plan Proponents, may serve Document Requests and/or document subpoenas relating to Plan Issues upon non-Participants pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 9014 and 9016; provided, however, that all such requests for document discovery must be served in a timely manner such that they permit a reasonable amount of time for production no later than 75 days prior to the Confirmation Hearing (defined below).~~

b)        ~~Each Participant serving subpoenas or Document Requests upon a non-Participant shall simultaneously serve~~ **that seek to obtain documents from U.S. Non**-Participants pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 9014 and **9016, or from foreign Non-Participants pursuant to Rule 28 of the Federal Rules of Civil Procedure and via such other process, shall do so within a timely manner.  Nothing in this Order shall excuse compliance with any foreign or international law that may be applicable.  In order to avoid the service upon Non-Participants of multiple, duplicative document requests, subpoenas, letters of requests or commissions ("Non-Participant Requests") and the attendant burdens on Non-Participants of responding to them, no later than fourteen (14) days after a Participant serves a Non-Participant Request upon a Non-Participant, Participants shall, as part of one of the Groups identified in Paragraph 3(b) or, in the case of the Debtors and** the Creditors' Committee**, separately, reasonably and in good faith meet and confer to develop and serve a single Non-Participant Request directed at each Non-Participant from which discovery is sought, together with** a list

of proposed search terms **and strings** that, in the reasonable estimation of such

Participant **or Group**, ~~are~~**is** reasonably calculated to yield ~~e-mails and e-mail~~

~~attachments~~**ESI** responsive to ~~the subpoenas or Document Requests~~**Non-Participant**

**Request** without being overbroad or unduly burdensome to the ~~non~~**Non**-Participant **from**

**which discovery is sought**.

**b)**     **A copy of this Order and the Protective Order also shall be provided to Non-**

**Participants as part of any Non-Participant Request.  However, nothing in this**

**Paragraph is intended to or shall require any Participant to join in any Non-**

**Participant Request or subpoena that it reasonably and in good faith believes would**

**be inconsistent with Rule 45(c)(1) of the Federal Rules of Civil Procedure, as**

**incorporated by the Bankruptcy Rules, or any other rule or law; nothing in this**

**Paragraph is intended to or shall limit any Participant's right to request, after good**

**faith review of the Non-Participant Requests, non-duplicative documents relating to**

**Plan issues from any Non-Participant; and the meet and confer process described in**

**this Paragraph is intended only to eliminate duplicative document requests and**

**search terms.**

c)     ~~Non-Participants~~**No later than the thirty (30) days following service of any Non-**

**Participant Request, the Non-Participant** shall serve written responses and objections

~~to any subpoenas or Document Requests timely served on them no later than twenty-one~~

~~(21) days following the deadline for serving such requests.  In addition, non-Participants~~

~~shall consider all subpoenas or Document Requests and search terms that are timely~~

~~served on them~~**.  In addition, the Non-Participant shall review the Non-Participant**

**Request and search terms, and strings** and will, in good faith, generate ~~both~~ a master

list of search terms**, strings and parameters** reasonably calculated to lead to the production of responsive ~~e-mails and e-mail attachments, and a master list of custodians, time periods and other parameters that will govern the universe of documents to be searched and produced.  The non~~**ESL.  The Non**-Participant shall make the search ~~term list~~**terms, strings** and ~~search parameters available to Participants no later than twenty-one (21) days after the deadline for serving subpoenas or Document Requests and~~**parameters, along with a statement of the reason(s) for rejecting any** proposed search terms **and strings** available to Participants **contemporaneously with its responses and objections**.

d)      If necessary, ~~non~~**Non**-Participants ~~who~~**that** have been served with ~~search term lists~~**a Non-Participant Request** shall meet and confer with applicable Participants regarding any disputes concerning served search terms, ~~and other search~~**strings or** parameters to be used by such ~~non-Participants~~**Non-Participant**, as well as responses to ~~subpoenas or Document Requests~~**the Non-Participant Request**, during the fourteen (14)-day period following the service of ~~such search term lists and parameters~~**responses and objections**. Any disputes concerning a ~~non~~**Non**-Participant's **responses and objections or** search terms**, strings** or ~~other search~~ parameters not resolved by the end of the fourteen (14)-day meet and confer period shall be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph ~~15~~**17** of this Order.

e)      Non-Participants ~~responding to subpoenas or Document Requests shall search~~**shall begin searching** for and ~~produce~~**producing** documents as expeditiously as reasonably practical after being served a ~~subpoena or Document Request~~**Non-Participant Request.**

**Non-Participants shall produce bates-stamped documents on a rolling basis, inform Participants from time to time regarding the production and availability of documents, and make reasonable efforts to identify the source of the documents they produce**.  Non-Participants shall provide a copy of ~~their~~**all responsive** document productions to the Debtors in accordance with the specifications set forth in Exhibit D, and, if reasonably practical, the Debtors shall upload them to the Data Repository.

f) ~~If reasonably necessary, documents produced by non-Participants in response to subpoenas or Document Requests shall be afforded confidential treatment in accordance with the terms set forth in the Protective Order even if such non-Participants have not signed the Agreement to Abide by the Protective Order.~~  **Non-Participants shall produce documents in electronic form.  Upon a showing of good cause, Non-Participants shall have the right to produce documents that are not reasonably conducive to being cost-efficiently produced in electronic format by other means, including but not limited to supervised review of hard copy documents.  Non-Participants will notify all Participants if any documents will be made available by such other means, and will provide reasonable advance notice of the terms and conditions under which such documents will be made available.**

g) ~~All Participants, in order to avoid the service of multiple, duplicative subpoenas or Document Requests and the attendant burdens on non-Participants of responding to them, shall first review any subpoenas and Document Requests that have already been served on a non-Participant and avoid serving new duplicative subpoenas or Document Requests.~~  **Nothing in this Order prevents Non-Participants from objecting to Plan Discovery on the ground, among others, that a request (i) does not comply with,**

34

**conflicts with or may cause a violation of any foreign law, including without limitation any foreign privacy law, or (ii) seeks documents, materials or information concerning a foreign bankruptcy proceeding or estate administration.**

**8.**        **Supplemental Document Discovery**

**a)**    **Participants may serve other Participants and/or Non-Participants with one or more targeted supplemental Document Requests or document subpoenas, letters of request or commissions ("Supplemental Requests") relating to Plan Issues limited to documents or categories of documents that the Participant reasonably and in good faith believes should be produced based on a review of existing discovery, including document discovery and deposition testimony.**

**b)**    **Participants or Non-Participants shall serve responses and objections ("Supplemental Responses and Objections") to Supplemental Requests within fourteen (14) days of service of the Supplemental Requests and shall, at the same time they serve Supplemental Responses and Objections, serve any responses and objections to the additional search terms.  The Participant serving the Supplemental Request** shall raise any objections regarding the **Supplemental Responses and Objections or responses and objections to additional search terms no later than seven (7) days after the Supplemental Responses and Objections are served.  The Participant serving Supplemental Responses and Objections shall meet and confer with applicable Participants concerning such objections during the seven (7)-day period following the service of such objections.  Any disputes concerning the Supplemental Responses and Objections and/or responses and objections to the additional search terms** that are not resolved by the end of the **seven (7)-day meet and**

**confer period shall be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.**

**9.** **Procedures Governing Amendments to Search Term Lists:  Any Participant seeking an amendment to a Search Term List after the Search Term List has** been finalized must seek leave from the Court, in accordance with the procedures set forth in Paragraph **17** of this Order, but may do so only after first meeting and conferring with the Debtors and **as applicable, the other Participants.**

**10.** **Initial Disclosures and Witness Lists:**

**a)** 8. ~~**Initial Disclosures:**~~ No Participant~~, including but not limited to the Debtors, the Creditors' Committee and Alternative Plan Proponents,~~ shall be required to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), as incorporated by Bankruptcy Rules 7026 and 9014.

~~9.    **Privilege Log**~~

~~a)    Subject to Section 3(e) above, if the Debtors withhold any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, the Debtors shall produce a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5), as incorporated by Bankruptcy Rules 7026 and 9014.~~

**b)** **Within seven (7) days of service of the Notice of Substantial Completion, the Debtors, each Alternative Plan Proponent, and each Participant shall serve Participants with a list (the "Initial Witness List"), which shall be amended and supplemented as needed, of the individuals the Debtors, each Alternative Plan**

**Proponent and each Participant respectively expects to call as witnesses at any plan confirmation hearing.**

**11.** **Privileged Documents and Privilege Logs**

**a)**  ~~b)~~ Any person or entity other than the Debtors that receives a Document Request or document subpoena**, letter of request or commission** and ~~that~~ withholds any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure shall produce a privilege log consistent with Federal Rules of Civil Procedure 26(b)(5), as incorporated by Bankruptcy Rules 7026 and ~~9014.~~ **9014, except for good cause show upon application to the Court.**

**b)**  ~~c)~~ If only part of a document is withheld on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, the remainder of the document shall be produced.

**c)** **Notwithstanding Paragraphs 3 and 11(a) of this Order, the Debtors and all other Participants and Non-Participants that are in bankruptcy, administration, liquidation or other insolvency proceedings (whether in the United States or abroad) shall not be required to search for, produce or identify on any privilege log the following categories of documents to the extent such documents were created on or after the date such Participant or Non-Participant entered such bankruptcy, administration, liquidation or other insolvency proceedings:**

**(i)** **Hard copy files of outside counsel;**

**(ii)** **Communications solely within an outside counsel's law firm;**

**(iii)** **Communications solely between the Participant or Non-Participant and such Participant's or Non-Participant's outside counsel.**

37

**12.** ~~10.~~    **Interrogatories**

a)    **Interrogatories Served Upon the Debtors:**  Pursuant to Rule 33(a)(1) of the Federal

Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014,

Participants may collectively serve upon the Debtors no more than twenty-five (25)

written interrogatories, including all subparts, relating to Plan Issues ("Interrogatories"),

no later than twenty-eight (28) days after the Notice of Intent Deadline.  Interrogatories to

the Debtors shall be limited to identification and authentication and shall not include

contention interrogatories.  If necessary, Participants shall meet and confer among

themselves to determine the content and scope of the Interrogatories to the Debtors, and

priority shall be given to the Creditors' Committee and Alternative Plan Proponents.  Any

Participant ~~who~~**that**, after the meet and confer process, will not agree to serve

Interrogatories consistent with this ~~paragraph~~**Paragraph** may, in accordance with the

procedure set out in Paragraph ~~15~~**17** of this Order, **may** seek leave of the Court to serve ~~a~~

separate ~~Interrogatory~~**Interrogatories** under terms and conditions that the Court deems

appropriate.

b)    **Interrogatories Served Upon Alternative Plan Proponents:**  Pursuant to Rule

33(a)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules

7033 and 9014, Participants, including the Debtors and the Creditors' Committee, may

collectively serve upon each Alternative Plan Proponent no more than twenty-five (25)

written ~~interrogatories~~**Interrogatories**, including all subparts, relating to Plan Issues, no

later than twenty-eight (28) days after the Notice of Intent Deadline.  Interrogatories to

Alternative Plan Proponents shall be limited to identification and authentication and shall

not include contention interrogatories.  If necessary, Participants shall meet and confer

among themselves to determine the content and scope of the Interrogatories to

Alternative Plan Proponents and priority shall be given to the Debtors and the Creditors'

Committee.  Any Participant ~~who~~**that**, after the meet and confer process, will not agree to

serve Interrogatories consistent with this ~~paragraph~~**Paragraph** may, in accordance with

the procedure set out in Paragraph ~~15~~**17** of this Order, seek leave of the Court to serve ~~a~~

separate ~~Interrogatory~~**Interrogatories** under terms and conditions that the Court deems

appropriate.

c)      **Interrogatories Served Upon Participants Other Than the Debtors or Alternative**

**Plan Proponents:**  Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, as

incorporated by Bankruptcy Rules 7033 and 9014, Participants~~, including the Debtors~~

~~and the Creditors' Committee,~~ may **collectively** serve no more than twenty-five (25)

written Interrogatories relating to Plan Issues upon any Participant other than the Debtors

or Alternative Plan Proponents; provided, however, that all such

~~interrogatories~~**Interrogatories** must be served in a timely manner such that they permit a

reasonable amount of time for served Participants to respond thereto no later than

seventy-five (75) days prior to the Confirmation Hearing (**as** defined ~~below).~~

~~Interrogatories to Participants shall be limited to identification and authentication and~~

~~shall not include contention interrogatories.  If necessary, Participants shall meet and~~

~~confer among themselves to determine the content and scope of the Interrogatories to~~

~~Participants and priority shall be given to the Debtors, the Creditors' Committee and~~

~~Alternative Plan Proponents.~~**in Paragraph 21).**

> **i)**      Interrogatories to Participants shall be limited to identification and
>
> authentication and shall not include contention interrogatories.

**ii)**    If necessary, Participants shall meet and confer among themselves to determine the content and scope of the Interrogatories to Participants and priority shall be given to the Debtors, the Creditors' Committee and Alternative Plan Proponents.

**iii)**    **Notwithstanding anything in this Order to the contrary, the procedures set forth herein shall not be used by Participants (other than the Debtors) to request answers to Interrogatories directly from Barclays concerning Legacy Lehman Records. All Interrogatories from any Participant (other than the Debtors) concerning Legacy Lehman Records (a) shall first be directed at the Debtors, but (b) shall be separate from the Interrogatories issued to the Debtors. To the extent a Participant serves Interrogatories upon the Debtors concerning Legacy Lehman Records, such Interrogatories shall count toward the twenty-five (25) Interrogatories referenced in Paragraph 12(a).**

**13.** ~~11.~~    **Depositions**

a)   **Notice Period for Depositions of the Debtors:** No later than ~~thirty~~**fourteen** (~~30~~**14**) days after the Debtors serve the Notice of Substantial Completion, Participants ~~may collectively serve one (1) Notice for Deposition upon~~shall meet and confer **as part of one of the Groups identified in Paragraph 3(b) to draft a consolidated list of preliminary suggested topics (the "Preliminary Topics") for a Notice of Deposition of** the Debtors pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ~~as incorporated by Bankruptcy Rules 7030 and 9014, plus ten (10) deposition notices directed to current~~

~~employees of the Debtors, pursuant to Rule 30(b)(1) of the Federal Rules of Civil~~

~~Procedure,~~ as incorporated by Bankruptcy Rules 7030 and 9014.  ~~If necessary,~~

~~Participants shall meet and confer regarding these deposition notices no later than twenty-~~

~~one (21) days after the Debtors serve the Notice of Substantial Completion.~~  **Any**

**Participant that**, after the meet and confer process, will not agree to **join in a list of**

**Preliminary Topics may, in accordance with the procedure set out in Paragraph 17**

**of this Order, seek leave of the Court to serve a separate Rule 30(b)(6) upon the**

**Debtors.**

**i)**    **No** later than twenty-one (21) days after the Debtors serve the Notice of

Substantial Completion**, the Groups shall provide the Preliminary**

**Topics to the Designating Party.**

**ii)**    **The Designating Party shall consolidate the Preliminary Topics, along**

**with any additional topics that it reasonably and in good faith believes**

**are appropriate topics for a Rule 30(b)(6) deposition of the Debtors**

**relating to Plan Issues (the "Joint Notice").  In creating the Joint**

**Notice the Designating Party shall reasonably and in good faith**

**eliminate only duplicate topics.  The Designating Party shall neither**

**delete non-duplicative topics nor alter any Preliminary Topics.**

**Nothing in this Paragraph is intended to or shall limit any**

**Participant's right to seek deposition testimony from the Debtors on**

**any topic relating to Plan Issues.  Within seven (7) days of its receipt**

**of the Preliminary Topics, the Designating Party shall serve the Joint**

**Notice upon the Debtors.  Notwithstanding the foregoing, nothing in**

**this Order shall be construed to imply that the Designating Party approves, agrees with, or has joined in or has otherwise adopted or approved of any Preliminary Topics and the Designating Party reserves all of its rights with respect to the inclusion of such topics in the Joint Notice.**

iii)    b) No Participant who joins a consolidated Rule 30(b)(6) notice prescribed by paragraphs 11(a), (e) and (f) will**Upon issuance of the Joint Notice, no Participant that participated in the creation of the Preliminary Topics shall** be deemed to have joined all individual topics listed therein**in the Joint Notice**, nor shall any Participant waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining a consolidated Rule 30(b)(6) notice as prescribed in this Paragraph.  Any Participant who, after the meet and confer process, will not agree to serve a consolidated Rule 30(b)(6) notice may, in accordance with the procedure set out in Paragraph 15 of this Order, seek leave of the Court to serve a separate Rule 30(b)(6) notice.**the Joint Notice.**

iv)    c) **The Debtors' Designation of Witnesses:**  In response to any Notice for Deposition served upon the Debtors**Within fourteen (14) days of receiving the Joint Notice**, the Debtors shall prepare a list of designated witnesses for each of the noticed Rule 30(b)(6) topics and the dates and locations when such witnesses will be made available to be deposed.  Such list shall also include the names and titles of witnesses employed or retained by the Debtors who have been individually named in Notices for

42

~~Deposition and the dates and locations designated when such individuals~~

~~will be made available to be deposed.~~

~~d)~~    ~~**Participation in Depositions of the Debtors:**  Only Participants, including the~~

~~Creditors' Committee, may attend and participate in depositions of the Debtors'~~

~~witnesses either in person or, at the option and expense of the Participant, by telephone or~~

~~video link. Though the number of in-person attendees will be limited to the space~~

~~available, the Creditors' Committee and Alternative Plan Proponents shall be entitled to~~

~~attend in person. The length of time allotted for depositions will be governed by Rule~~

~~30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules~~

~~7030 and 9014.  Participants wishing to ask questions at any such depositions shall be~~

~~required to allocate such time among themselves in a fair and reasonable manner, with~~

~~priority given to the Creditors' Committee and Alternative Plan Proponents.  Every effort~~

~~should be made to avoid duplicative questioning.~~

~~e)~~

**v)**    **The Rule 30(b)(6) deposition of the Debtors must be completed no**
later than forty-five (45) days after **Debtors serve a list of designated**
**witnesses.**

**vi)**    **Representatives of the various Groups identified in Paragraph 3(b)**
**shall meet and confer to reasonably and in good faith identify a list of**
**current employees of the Debtors whose depositions**, pursuant to Rule
30(b)(1) of the Federal Rules of Civil Procedure, as incorporated by
Bankruptcy Rules 7030 and 9014, **Participants reasonably believe they**
**require.  The Groups shall collectively serve one list identifying the**

43

**employees of the Debtors whose depositions Participants reasonably**

**believe they require (the "Group Deposition List") within ten (10)**

**days following completion of the Rule 30(b)(6) deposition of the**

**Debtors,**

vii)    **Within seven (7) days after service of the Group Deposition List,**

**Debtors will serve any responses and objections to the Group**

**Deposition List as well as a proposed schedule for depositions to**

**which they do not object.  Within seven (7) days of the Debtors'**

**service of the responses and objections to the Group Deposition List**

**and the proposed schedule for such depositions, Participants and**

**Debtors will meet and confer to resolve any disputes regarding**

**depositions and scheduling thereof.**

viii)   **Any disputes regarding the number of depositions, identity of**

**witnesses, or the deposition schedule that are not resolved during the**

**foregoing meet and confer process may be brought to the Court's**

**attention no later than seven (7) days after the final meet and confer**

in accordance with the procedure set out in Paragraph **17 of this Order.**

ix)    **To the extent that former employees of the Debtors or their current or**

**former affiliates now employed by Barclays are interviewed or**

**prepared for deposition by the Debtors, any attorney work product**

**protection or other privilege shall not be waived to the extent that**

**employees or counsel of Barclays are present at such interviews or**

**deposition preparations.**

**b)**        **Notice Period for Depositions of Alternative Plan Proponents:**  ~~No later than thirty (30~~ **No later than fourteen (14**) days after the Debtors serve the Notice of Substantial Completion, Participants ~~(including the Debtors and the Creditors' Committee)~~ may ~~collectively serve one (1) Notice for Deposition upon the Alternative Plan Proponents pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, and may serve deposition notices pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, upon Alternative Plan Proponents.~~  **shall meet and confer as part of one of the Groups identified in Paragraph 3(b), and in the case of the Debtors and the Creditors' Committee, separately, to draft a consolidated list of preliminary suggested topics (the "Preliminary APP Topics") for a Notice of Deposition of each Alternative Plan Proponent pursuant to Rule 30(b)(6** of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014.  **Any Participant that, after the meet and confer process, will not agree to join in a list of Preliminary APP Topics may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Rule 30(b)(6) upon the Debtors.**

        **i)**        **Not later than twenty-one (21) days after the Debtors serve the Notice of Substantial Completion, the Groups and the Creditors' Committee shall provide the Preliminary APP Topics to the Debtors.**

        **ii)**        **The Debtors shall consolidate the Preliminary APP Topics, along with any additional topics that they reasonably and in good faith believe are appropriate topics for a Rule 30(b)(6) deposition of the respective Alternative Plan Proponents relating to Plan Issues (the "Joint APP**

**Notice"). In creating the Joint Notice the Debtors shall reasonably and in good faith eliminate only duplicate topics. The Debtors shall neither delete non-duplicative topics nor alter any Preliminary Topics. Nothing in this Paragraph is intended to or shall limit any Participant's right to seek deposition testimony from any Alternative Plan Proponent on any topic relating to Plan Issues. Within seven (7) days of their receipt of the Preliminary Topics, the Debtors shall serve the relevant Joint Notice upon each Alternative Plan Proponent. Notwithstanding the foregoing, nothing in this Order shall be construed to imply that the Debtors approve, agree with, or have joined in or have otherwise adopted or approved of any Preliminary APP Topics and the Debtors reserve all of their rights with respect to the inclusion of such topics in the Joint APP Notice.**

iii) **Upon issuance of the Joint APP Notice, no Participant that participated in the creation of the Preliminary APP Topics shall be deemed to have joined all individual topics listed in the Joint APP Notice, nor shall any Participant waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining the Joint APP Notice.**

iv) **Within fourteen (14) days of receiving the Joint APP Notice, the Alternative Plan Proponent shall prepare a list of designated witnesses for each of the noticed Rule 30(b)(6) topics and the dates**

**and locations when such witnesses will be made available to be deposed.**

v)  **Rule 30(b)(6) depositions of the Alternative Plan Proponents must be completed no** later than thirty (30) **days after the Alternative Plan Proponent serves a list of designated witnesses.**

vi)  **The Debtors shall reasonably and in good faith identify a preliminary list of current employees of such Alternative Plan Proponent whose depositions, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, Debtors reasonably believe they require, and serve the preliminary list upon the Participants within seven (7) days following completion of the Rule 30(b)(6) deposition of each Alternative Plan Proponent.**

vii)  **Within seven (7) days following the Debtors' service of the preliminary list, Participants,** including the Debtors and the Creditors' Committee**, will meet and confer to discuss the preliminary list and make any necessary additions or deletions.**

viii)  **Within seven (7) days after the Participants' meet and confer, the Debtors, if applicable, shall serve one list** upon the Alternative Plan Proponents **identifying the employees of each Alternative Plan Proponent whose depositions Participants reasonably believe they require (the "APP Deposition List").**

ix)  **Within ten (10) days after service of the APP Deposition List, each Alternative Plan Proponent will serve any responses and objections to**

**the APP Deposition List as well as a proposed schedule for the**

**depositions of their employees.  Within seven (7) days after the**

**expiration of the time period for the Alternative Plan Proponents to**

**serve responses and objections to the APP Deposition List,**

**Participants will meet and confer to resolve any disputes regarding**

**depositions and scheduling thereof.**

**x)**      **Any disputes regarding the number of depositions, identity of**

**witnesses, or the deposition schedule that are not resolved during the**

**foregoing meet and confer process may be brought to the Court's**

**attention no later than seven (7) days after the final meet and confer**

**in accordance with the procedure set out in Paragraph 17 of this**

**Order.**

**c)**      ~~i)~~ **Notice** ~~Period~~**Periods for Depositions of** ~~(i)~~ **Participants Other Than the Debtors or Alternative Plan Proponents** ~~and (ii) Non-Participants~~**:**

**i)**      **Not later than twenty-one (21) days after** the Debtors serve the Notice

of Substantial Completion, **the Debtors shall make available to**

**Participants a list of those Participants, other than the Debtors and**

**Alternative Plan Proponents, which the Debtors intend to depose**

**pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as**

**incorporated by Bankruptcy Rules 7030 and 9014, (the "Debtors'**

**Participant Witness List").  The Debtors shall provide**

**contemporaneously with the Debtors' Participant Witness List a**

**preliminary suggested list of topics ("Preliminary Participant**

**Topics") that they reasonably and in good faith believe are**

48

appropriate topics for a Rule 30(b)(6) Deposition Notice for each such Participant.  Participants shall meet and confer as part of one of the Groups identified in Paragraph 3(b) (excluding, as necessary, the Participant(s) from which testimony is sought) to draft consolidated lists of additional witnesses and topics for each such Rule 30(b)(6) deposition notice ("Group Witness and Topics List").  The Groups shall then provide the Group Witness and Topics List to the Debtors within ten (10) days after the Debtors' Participant Witness List and the Preliminary Participant Topics list.  Any Participant that, after the meet and confer process, will not agree to join in a list of Group Topics may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Rule 30(b)(6) upon the Debtors.

ii)  **Within ten (10) days of receipt of the Debtors' Participant Witness List, any Participant ("Noticing Participant") that seeks testimony pursuant to Rule 30(b)(6) from any Participant that is not identified on the Debtors' Participant Witness List, shall provide the Debtors with a list of topics that such Noticing Participant reasonably and in good faith believes are appropriate topics for a Rule 30(b)(6) Deposition Notice for each additional Participant from which it seeks testimony ("Noticing Participant Witness and Topic Lists").**

iii)  **The Debtors shall then consolidate the Preliminary Participant Topics, the Group Witness and Topics Lists, and the Noticing**

**Participant Witness and Topic List to create one list for each Participant on the Debtors' Participant Witness List or the Noticing Participant Witness and Topic List (the "Joint Participant Notices"). In creating the Joint Participant Notices the Debtors shall reasonably and in good faith eliminate only duplicate topics.  The Debtors shall neither delete nor alter any non-duplicative topics.  Nothing in this Paragraph is intended to or shall limit any Participant's right to seek deposition testimony from any Participant on any topic relating to Plan Issues.  The Debtors shall serve the Joint Participant Notices on the relevant Participants within seven (7) days of the later of: (i) service of the Group Witness and Topic List, or (ii) service of the Noticing Participant Witness and Topic List.**

iv)  **Upon issuance of the Joint Participant Notices, no Participant that participated in the creation of Group Witness and Topic Lists or Noticing Participant Witness and Topic Lists shall be deemed to have joined all individual topics listed in the Joint Participant Notices, nor shall any Participant waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining the Joint Participant Notices.**

v)  **Within fourteen (14) days of receiving a Joint Participant Notice, the Participant upon which a Joint Participant Notice is served shall prepare a list of designated witnesses for each of the noticed Rule**

**30(b)(6) topics and the dates and locations when such witnesses will be made available to be deposed.**

vi)    **A Rule 30(b)(6) deposition of a Participant must be completed no later than thirty (30) days after a Participant upon which a Joint Participant Notice is served serves a list of designated witnesses.**

vii)    **The Participants shall meet and confer as part of one of the Groups identified in Paragraph 3(b) to draft and a list of current employees of such Participant whose depositions, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, the other Participants reasonably believe they require ("Group 30(b)(1) Deposition Lists").  The Groups shall serve the Group 30(b)(1) Deposition Lists on the Debtors within ten (10) days following completion of the Rule 30(b)(6) deposition of each Participant.  Any Participant that, after the meet and confer process, will not agree to join a Group 30(b)(1) Deposition List, may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Rule 30(b)(6) upon the Debtors.**

viii)    **The Debtors shall then create one list identifying the employees of each Participant (other than the Debtors and Alternative Plan Participants) whose depositions other Participants reasonably believe they require (the "Consolidated 30(b)(1) Deposition List").  No later than seven (7) days after service of the Group 30(b)(1) Deposition**

**Lists, the Debtors will serve the Consolidated 30(b)(1) Deposition List upon Participants.**

ix) **Upon issuance of the Consolidated 30(b)(1) Deposition List, no Participant that participated in the creation of Group 30(b)(1) Deposition Lists shall be deemed to have joined all individual topics listed in the Consolidated 30(b)(1) Deposition List, nor shall any Participant waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining the Consolidated 30(b)(1) Deposition List.**

x) **Within ten (10) days after the Debtors' service of the Consolidated 30(b)(1) Deposition List, each Participant will serve any responses and objections to the Consolidated 30(b)(1) Deposition List as well as proposed schedules for the deposition of their employees.  Within seven (7) days of the Debtors' service of the responses and objections to the Consolidated 30(b)(1) Deposition List and the proposed schedule for such depositions, Participants will meet and confer to resolve any disputes regarding depositions and scheduling thereof.**

xi) **Any disputes regarding the number of depositions, identity of witnesses, or the deposition schedule that are not resolved during the foregoing meet and confer process may be brought to the Court's attention no later than seven (7) days after the final meet and confer in accordance with the procedure set out in Paragraph 17 of this Order.**

**d)**      **Notice Periods for Depositions of Non-Participants:**

    **i)**      **No later than twenty-one (21) days after the Debtors serve the Notice of Substantial Completion, Participants (including the Debtors and Alternative Plan Proponents) may serve deposition subpoenas under Rule 45 or letters of request or commissions under Rule 28 with respect to Non-Participants.**

    **ii)**      **Notwithstanding anything to the contrary in this Order, all requests for depositions of foreign Non-Participants shall be subject to the requirements of any applicable foreign or international laws..**

    **iii)**      **Participants shall, as part of one of the Groups identified in Paragraph 3(b) or, in the case of the Debtors and the Creditors' Committee, separately, reasonably and in good faith meet and confer regarding deposition subpoenas, letters of request or commissions to Non-Participants.**

    **iv)**      ~~No later than forty-five (45) days after the Debtors serve the Notice of Substantial Completion, Participants may serve (i) Notices for Deposition upon Participants other than the Debtors or Alternative Plan Proponents pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, and (ii) deposition subpoenas upon non-Participants pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 9014 and 9016.~~ Upon request, and where such information is available, the Debtors ~~will~~**shall** provide the last known address or the name(s) of the attorney(s)

representing former employees of the Debtors.  **The fact-witness deposition of any former employee of the Debtors who is a current employee of another Participant shall in no way limit the right of other Participants to such Participant's Rule 30(b)(6) deposition.**

g) ——

e) **Participation in Depositions** ~~of (i) Participants Other Than the Debtors and (ii) Non-Participants~~:

~~The duration of depositions shall be governed by Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014.  Participants wishing to ask questions at any such depositions shall be required to allocate time among parties in good faith and in a fair and reasonable manner, with priority given to (in order of priority) the Debtors, the Creditors' Committee and Alternative Plan Proponents, and every effort should be made to avoid duplicative questioning.~~  **.  Except as to depositions of Non-Participants (which may appear and be represented by counsel), only Participants may attend and participate in depositions, either in person or, at the option and expense of the Participant, by telephone or video link.  Participants, and in the case of a Non-Participant deposition, the relevant Non-Participant(s), shall reasonably and in good faith confer in advance of each deposition regarding attendance at such deposition, the length of such deposition, the order of examination of the deponent, and allocations of time for questioning the deponent. To the extent that any dispute relating to a deposition is not resolved during the meet and confer period, such dispute may be brought to the Court's attention in accordance with Paragraph 17 of this Order.  Every effort should be made to avoid duplicative questioning.  Participants must act only in good faith in deposing**

**witnesses, and may not depose witnesses for any improper purpose, including solely to limit or prevent another Group or Participant from deposing the witness.**

**14.**    ~~12.~~    **Requests for Admission:**  No Participant, including but not limited to the Debtors, the Creditors' Committee and Alternative Plan Proponents, shall be required to respond to any Request for Admission under Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7036.

**15.**    ~~13.~~    **Discovery in Connection with Subsequent Filings:**

a)    In the event that the Debtors or Alternative Plan Proponents materially amend any ~~provisions~~**provision** in a plan of reorganization filed in the Chapter 11 Cases after the Notice of Intent Deadline **and such amendment has a material affect on any Participant**, Participants, including the Debtors, the Creditors' Committee and Alternative Plan Proponents, may serve supplemental Document Requests on ~~such~~**the party** filing ~~party~~**such amendment**, solely limited to issues raised by ~~such amendments~~**the amendment**, no later than fourteen (14) days following such filing.

b)    In the event that, after the Notice of Intent Deadline, any creditor, party in interest, or group of creditors or parties in interest (i) files an objection to the Plan or an Alternative Plan or (ii) files ~~an~~**a new** Alternative Plan, such filing party may serve Document Requests on any Participant and any Participant may serve Document Requests upon such filing party, **provided that any such requests by or directed to such filing party are** solely limited to issues raised by such new filings, no later than twenty-one (21) days following the filing of such objection or Alternative Plan.

c)    Deadlines for the production of documents in response to Document Requests served pursuant to Paragraphs ~~13~~**15**(a) and (b) above, as well as deadlines for depositions and

interrogatories, if any, concerning the filings and/or filing parties referenced in

Paragraphs ~~13~~**15**(a) and (b) above, shall be set by the Court, in the absence of an

agreement between interested Participants.

d)      The filing of an Alternative Plan or an objection to the Plan or an Alternative Plan after

the Notice of Intent Deadline shall not provide a basis for anyone to seek discovery from

Participants concerning issues that were fairly raised in documents **concerning Plan**

**Issues** filed prior to the Notice of Intent Deadline.  **The filing of an Alternative Plan or**

**an objection to the Plan or an Alternative Plan after the Notice of Intent Deadline**

**shall not provide a basis for anyone to seek additional discovery from Debtors**

**outside the deadlines set forth in this Order.**

e)      The date that all fact discovery from the Debtors and Alternative Plan Proponents,

including but not limited to depositions of the Debtors and Alternative Plan Proponents,

is complete shall be the "Fact Discovery Cutoff."  The Debtors shall file with the Court a

"Notice of Fact Discovery Cutoff" within five (5) days of the completion of such fact

discovery.

**16.**      ~~14.~~      **Expert Discovery:**

a)      **Expert Disclosures:**  Participants~~, including the Debtors, the Creditors' Committee,~~

~~Alternative Plan Proponents and Plan Objectors,~~ shall identify all proposed testifying

experts and serve all disclosures required by Federal Rule of Civil Procedure 26(a)(2), as

incorporated by Bankruptcy Rules 7026 and 9014, including full expert reports, no later

than thirty (30) days after the Notice of Fact Discovery Cutoff is filed.  All experts

~~who~~**that** will receive Plan Discovery must sign the Agreement to Abide ~~By~~**by** the

Protective Order**,** and testifying experts must serve a copy of the signature page upon attorneys for the Debtors **and** ~~t~~he Creditors' Committee.

b)    **Rebuttal Experts:** Participants shall identify and serve all disclosures regarding rebuttal experts, including rebuttal expert reports, no later than ~~sixty~~**thirty** (~~60~~**30**) days after the ~~Notice of Fact Discovery Cutoff is filed.~~**service of initial expert disclosures pursuant to Paragraph 16(a).**

c)    **Expert Depositions:**  All depositions of experts (including rebuttal experts) shall be completed no later than ~~ninety~~**thirty** (~~90~~**30**) days after the ~~Notice of Fact Discovery Cutoff is filed.  Participants wishing to ask questions at any such depositions shall be required to allocate such time among Participants in a fair and reasonable manner, with priority given to (in order of priority) the Debtors, the Creditors' Committee and Alternative Plan Proponents, and every~~**service of the rebuttal expert disclosures pursuant to Paragraph 16(b).  Only Participants may attend and participate in depositions of experts, either in person or, at the option and expense of the Participant, by telephone or video link.  Participants shall reasonably and in good faith confer in advance of each expert deposition regarding attendance at such deposition, the length of such deposition, the order of examination of the deponent, and allocations of time for questioning the deponent.  To the extent that any dispute relating to an expert deposition is not resolved during the meet and confer period, such dispute may be brought to the Court's attention in accordance with Paragraph 17 of this Order.  Every** effort should be made to avoid duplicative questioning. **Participants must act only in good faith in deposing expert witnesses, and may not**

**depose expert witnesses for any improper purpose, including solely to limit or prevent another Group or Participant from deposing the expert.**

**17.** ~~15.~~    **Discovery Disputes:**  Any dispute with respect to Plan Discovery that Participants or non-Participants cannot resolve after good faith consultation may be presented to the Court by a letter from the attorney for the Participant or non-Participant seeking relief, with a copy to the attorneys for the Debtors, the Creditors' Committee, the Participant or non-Participant opposing relief, and all Participants on the Official Service List.  Any response thereto will be made by letter to the Court delivered within five (5) days after service ~~to~~**of the initial letter submission on** the applicable Participant or non-Participant and a copy provided to all Participants on the Official Service List.  Except with prior leave of Court, no letter will exceed three (3) pages in length, and no additional submissions will be permitted.  The Debtors and the Creditors' Committee will communicate with the Court to schedule status conferences/hearings during which such discovery disputes will be heard.

**18.**        **Status and Discovery Conferences:**

**a)**    ~~16.~~ **Status Conferences:**  The Court shall hold status conferences concerning Plan Discovery: (a) after the meet and confer referenced in Paragraph 3(~~ee~~**gg**) of this Order, if any, is completed; (b) after the Notice of Substantial Completion is issued; ~~and~~ (c) after the Notice of Fact Discovery Cutoff is filed.  The Debtors and the Creditors' Committee will communicate with the Court to schedule ~~such~~**the** status conferences **described in this Paragraph**.

58

**b)** **Upon application by a Participant or Non-Participant to hear a discovery dispute, the Court shall schedule such further conferences or hearings as the Court deems appropriate.**

**19.** ~~17.~~ **Non-Waiver of Privilege**: The inadvertent production by any Participant or ~~non~~**Non**-Participant of any privileged document or information, or any other document or information otherwise precluded or protected from disclosure, in response to any discovery requests shall not be deemed a waiver of any applicable privilege or immunity with respect to such document or information (or the contents or subject matter thereof) or with respect to any other document or discovery. Any such produced privileged or protected document must immediately be **destroyed or** returned (whether or not the receiving Participant disputes the claim of privilege or protection) to the producing Participant or ~~non~~**Non**-Participant or its attorneys on request or upon discovery of such inadvertent production by the receiving Participant, and the receiving Participant shall certify that all copies of such produced privileged or protected document have been **or destroyed or** returned ~~or destroyed~~.

**20.** ~~18.~~ **Use of Materials Produced**: Participants shall have the right to object to ~~the use by any other Participant of materials produced through Plan Discovery in any matter or proceeding outside of the Chapter 11 Cases on evidentiary or any other grounds.~~ **any request for documents on the ground that such request appears to be calculated to lead to discovery for use in proceedings other than those related to Plan Issues. In addition, absent further order of the Court, no discovery or information obtained pursuant to this Order may be introduced in evidence or otherwise disclosed in any**

**other matter or proceeding unless properly obtained through discovery or otherwise in such other matter or proceeding.**

**21.**    ~~19.~~    **Hearing Dates and Pre-trial Conference:**  The Court will set dates for hearings related to confirmation of a plan of reorganization in the Chapter 11 Cases ("Plan Confirmation").  No later than forty-five (45) days prior to the first date set by the Court to consider Plan Confirmation (the "Confirmation Hearing") and no earlier than seventy-five (75) days after the Notice of Fact Discovery Cutoff is filed, the Court will schedule a pre-trial conference to discuss, *inter alia*, briefing, exhibit lists, witnesses, and motions *in limine*.

**22.**         **Miscellaneous:  Nothing in this Order shall prevent any Participant from objecting to discovery in any manner, including by producing documents on the ground that it would cause such Participant or Non-Participant to violate any statute, regulation, or rule, including, without limitation, any foreign data privacy laws, to which such Participant or Non-Participant is subject. Notwithstanding Paragraph 11, documents withheld under this subsection shall be logged with reasonable specificity.**

**23.**    ~~20.~~    **Jurisdiction:** The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.


Dated: ~~March~~**April** __, 2011
New York, New York

                                    _____
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

In re                                                      :        Chapter 11 Case No.
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                           :
                              **Debtors.**           :        **(Jointly Administered)**

---------------------------------------------------------------------x

### NOTICE OF INTENT TO PARTICIPATE IN
### DISCOVERY RELATED TO PLAN CONFIRMATION

NOTICE IS HEREBY GIVEN that _____, represented by _____, has filed Claim(s) Number(s) _____ against _____ in the amount of _____ and/or is a party of interest in the confirmation of a plan in the above-captioned chapter 11 cases (the "Chapter 11 Cases") on the basis that _____.

ACCORDINGLY, PLEASE TAKE FURTHER NOTICE that, subject to any objections by the Debtors or the Statutory Committee of Unsecured Creditors appointed in the Chapter 11 Cases and/or any limitations imposed by the Court, the above-named party in interest and its counsel intends to participate as follows in Plan Discovery, as defined in the Order Establishing Procedures in Connection with Discovery Related to Plan Confirmation and Other Issues, entered by the Court on _____ [Docket No. ____]: _____.


Dated: _____            _____


**Contact Information for Party in Interest (address, phone and email):**
_____
_____
_____
_____
**Contact Information for Attorneys for Party in Interest (address, phone and email):**
_____
_____
_____
_____
**Contact Information for Advisors for Party in Interest (address, phone and email):**
_____
_____
_____
_____

A2

**Designation of Contact(s) to Receive Any Notice(s) Required Under the Order <u>(address, phone and email)</u>:**

_____

_____

_____

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                              :    **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :    **08-13555 (JMP)**
                                                   :
                          **Debtors.**             :    **(Jointly Administered)**
------------------------------------------------------------------x

### PROTECTIVE ORDER

In conjunction with the Order[4],[5] it is ORDERED by the Court that Plan Discovery

conducted in accordance with the Order shall be conducted subject to the following terms and

provisions set forth in this Protective Order; that all documents, deposition testimony,

interrogatory answers, and other information produced, given, provided or exchanged in

connection with Plan Discovery (the "Discovery Materials") by the Debtors, Participants, and/or

non-Participants (collectively, "Producing Parties") shall be and are subject to this Protective

Order in accordance with the following procedures, pursuant to sections 105(a) and 107(b) of

title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 9018, to protect

the confidentiality of sensitive information; and that, by signing the Agreement to Abide by the

Protective Order, signatories (each a "Signatory") have consented to this Protective Order and

agree to be bound by its terms:

　　　　　1.　　　　　　　　　Any Producing Party or Receiving Party (defined below) may, as

reasonably appropriate, designate any Discovery Material as "Confidential" or "Attorneys' Eyes

---

[4] ~~All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the order entered by the Court (the "Order") to which this Protective Order (the "Protective Order") is annexed.~~

**[5] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the order entered by the Court (the "Order") to which this Protective Order (the "Protective Order") is annexed.**

Only" in accordance with the terms below.  A party ~~who~~**that** designates Discovery Material as

"Confidential" or "Attorneys' Eyes Only" is a "<u>Designating Party</u>."

**<u>Confidential Information</u>**

2.        As used in this Protective Order, "<u>Confidential Information</u>" refers to

all Discovery Material revealed or produced by a Producing Party (whether in response to a

Document Request, Interrogatory, Deposition, **or** other discovery device ~~or otherwise~~) that is

designated as "Confidential."  This designation will, without more, subject the designated

material or information to the provisions of this Protective Order; and such Confidential

Information will be protected by, and may be used**, disclosed,** and disposed of only in

accordance with, the provisions of this Protective Order.

3.        Any Producing Party may designate any Discovery Material as

"Confidential" under the terms of this Protective Order if the Producing Party in good faith

reasonably believes that the Discovery Material contains ~~non-public,~~ confidential, proprietary or

commercially sensitive **non-public** information that requires the protections provided in this

Protective Order.  For purposes of this Protective Order, Confidential Information includes, but

is not limited to**,** all non-public materials containing information related ~~, but not limited,~~ to:  (i)

financial or business plans ~~or,~~ projections **or valuations**; (ii) proposed strategic transactions and

other business combinations, negotiations, inquiries or agreements, including, but not limited to,

joint ventures, mergers, material asset sales, purchases, buy-outs, consolidations, transfers of

interests and partnerships; (iii) studies or analyses by internal or outside experts or consultants;

(iv) financial or accounting results or data; (v) business, management and marketing plans and

strategies; (vi) acquisition offers and expressions of interest; and (vii) contracts or agreements

with or among affiliates, partners or Producing Parties.

**Attorneys' Eyes Only Information**

4.              As used in this Protective Order, "Attorneys' Eyes Only Information" refers to all Discovery Material revealed or produced by a Producing Party (whether in response to a Document Request, Interrogatory, Deposition, other discovery device or otherwise) that is designated as "Attorneys' Eyes Only." This designation will, without more, subject the designated material or information to the provisions of this Protective Order; and such Attorneys' Eyes Only Information will be protected by, and may be used and disposed of only in accordance with, the provisions of this Protective Order.

5.              A Producing Party may designate Discovery Material as "Attorneys' Eyes Only" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that the Discovery Material contains non-public, highly confidential, highly sensitive proprietary or commercial information that requires the highest level of protections provided in this Protective Order. For purposes of this Protective Order, Attorneys' Eyes Only Information includes all non-public materials containing information related, but not limited, to: (i) trade secrets; (ii) special formulas; (iii) proprietary software and/or computer programs; (iv) internal financial reports or plans; (v) sensitive financial ~~data; (vi) internal notes, memoranda, logs or other~~ data; and (vii) other highly sensitive non-public commercial, financial, research or technical information.

6.              Counter-Designation: Any party receiving Discovery Material (hereinafter, a "Receiving Party") (whether or not that party demanded the documents) may designate, or counter-designate with a higher designation, information produced by any Producing Party that contains or is derived from information that the Receiving Party could have so designated had it produced the material**, subject to the same requirements and limitations as would have applied to the original Producing Party**.

**Designation of Deposition and Hearing Testimony**

**7.**          **Any Producing Party may designate a document as "Confidential" or "Attorneys' Eyes Only" by affixing the legend "Confidential" or "Attorneys' Eyes Only," as appropriate, to each page requiring the protections provided in this Protective Order in addition to an appropriate bates-stamp designation indicating the Producing Party.**

**8.**          ~~7.~~ For transcripts of depositions or other testimony given in pretrial proceedings, any Producing Party may designate the specific testimony as "Confidential" or "Attorneys' Eyes Only" either on the record at the deposition or other proceeding, or in writing served on all Participants no later than seven (7) days following the date on which attorneys for the Producing Parties have received the **final version of the** transcript of the deposition or other proceeding.  If information designated as Confidential or Attorneys' Eyes Only will be disclosed or discussed at a deposition **or other proceeding**, the Designating Party shall have the right **to seek** to exclude any person not entitled to have access to such information, other than the deponent or witness, the attorney**(s)** of record (including their staff and associates), ~~the~~ official court ~~reporter~~**personnel**, and stenographer and/or videographer.

~~8.          If information designated as Confidential or Attorneys' Eyes Only will be disclosed or discussed in a filing with the Court, the filing will be made under seal, so long as a redacted public version is filed simultaneously.~~

**9.**          **All documents, including pleadings, motions and other papers, containing, identifying, or referencing Confidential or Attorneys' Eyes Only Information filed with the Court shall be filed under seal, simultaneously with a redacted public copy of any such pleadings, motions and/or other papers, redacting only that information that is**

**designated "Confidential" or "Attorneys' Eyes Only."   Any Receiving Party intending to use Confidential or Attorneys' Eyes Only Information in connection with Plan Discovery agrees to meet and confer in good faith with the Designating Party about appropriate steps that may be taken to protect the confidentiality of such material, including, but not limited to, agreeing to redact such Confidential or Attorneys' Eyes Only Information.  Such meeting shall take place as soon as reasonably practicable, but no later than the date of the hearing at which the document will be used.**

**10.**            9. All transcripts not previously designated as either "Confidential" or "Attorneys' Eyes Only" shall be treated as "Attorneys' Eyes Only" under this Protective Order for the seven (7)-day period following receipt of the **final version of the** transcript and exhibits by attorneys for the Producing Parties, after which time only the portions **of the testimony** specifically designated as "Confidential" or "Attorneys' Eyes Only" pursuant to Paragraph 7 of this Protective Order shall be so treated.

**11.**            10. The court reporter shall bind transcript pages containing Confidential Information or Attorneys' Eyes Only Information separately and shall prominently affix the legend "Confidential" or "Attorneys' Eyes Only" to each appropriate page, as instructed by the Designating Party.

**Prohibited Information**

**12.**            11. In no event shall the Debtors produce or otherwise disclose the following information with respect to the Debtors: (a) any counterparty level information or (b) any asset level or valuation details (the "Prohibited Information").  In addition, Participants shall not solicit Prohibited Information from any other Participant or non-Participant, including any advisors to the Creditors' Committee.

**Access to Confidential and Attorneys' Eyes Only Information**

**13.**            ~~12.~~ Receiving Parties shall permit access to Confidential or Attorneys'

Eyes Only Information only to persons specified in this Protective Order.  For purposes of this

Protective Order, the term "Receiving Party" shall include any persons identified below in

Paragraphs ~~13~~**14** and ~~14~~**15** of this Protective Order ~~who~~**that** receive Confidential Information or

Attorneys' Eyes Only Information from a Receiving Party as permitted by this Protective Order.

**14.**            ~~13.~~ Confidential Information may be disclosed, summarized,

described, characterized or otherwise communicated or made available in whole or in part by a

Receiving Party only to the following persons:

a.  Outside attorneys of record ~~or~~**, attorneys or accountants serving as a trustee,**

**curator or other fiduciary of an affiliate of a Debtor in a foreign proceeding, and**

those in-house attorneys who represent the Receiving Party in matters related to ~~the~~

~~Chapter 11 Cases~~**Plan Discovery**, as well as ~~stenographic~~**attorneys**, clerical, ~~and~~

~~legal assistant employees,~~**paralegal, other staff** and agents of those **employed by or**

**working with such** attorneys **or accountants** whose functions require access to

Confidential Information**.  For purposes of the UST, this includes all attorneys and**

**staff of the UST Program involved in the Chapter 11 Cases, including members**

**of the Executive Office of the UST involved in the Chapter 11 Cases**;

b.  Any person indicated on the face of a document to be the author, addressee, or an

actual or intended recipient of the document;

c.  Outside experts or consultants for the Receiving Party whose advice and consultation

are being or will be used by the Receiving Party in connection with ~~the Chapter 11~~

~~Cases, including their clerical personnel~~**Plan Discovery, as well as stenographic**

**and clerical employees and agents of those experts or consultants whose function**

**require access to Confidential Information**; provided that counsel desiring to disclose Confidential Information to such experts or consultants and their ~~clerical personnel~~**employees or agents** shall first obtain a signed Agreement to Abide by the Protective Order from each such expert or consultant and each of his/her personnel who would require access to Confidential Information, and counsel shall retain in his/her file an original or copy of each such signed Agreement to Abide by the Protective Order;

d.  The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by the Receiving Party;

e.  Officers, directors or employees of the Receiving Party who are assisting the Receiving Party's attorneys with matters related to ~~the Chapter 11 Cases~~**Plan Discovery**;

f.  To the extent not otherwise covered by this Section, any potential witness or deponent (and counsel for such witness or deponent), during the course of, ~~or~~**and** to the extent necessary for, preparation for deposition or testimony relating to ~~the Chapter 11 Cases~~**Plan Discovery**.  Except when the Confidential Information is first exhibited at a deposition or trial to such person, counsel desiring to disclose Confidential Information to such persons shall first obtain a signed Agreement to Abide by the Protective Order, and counsel for the Receiving Party shall retain a copy of each executed Agreement to Abide by the Protective Order;

g.  Professional vendors to whom disclosure is reasonably necessary for Plan Discovery, provided they are informed that the material is Confidential Information;

B8

h. Any other person upon agreement among the Debtors, the Participants, the
Designating Party, and the Receiving Party, provided that such person shall first
execute the Agreement to Abide by the Protective Order, a copy of which shall be
retained by counsel for the ~~Receiving~~**Designating** Party; and

i. Any other person, only upon order of the Court.

**15.**    ~~14.~~ Attorneys' Eyes Only Information may be disclosed, summarized,
described, characterized or otherwise communicated or made available in whole or in part by a
Receiving Party only to the following persons:

a. Outside attorneys of record ~~and~~**, attorneys or accountants serving as trustee,
curator or other fiduciary of an affiliate of a Debtor in a foreign proceeding,
and those** in-house attorneys who represent the Receiving Party in matters related
to ~~the Chapter 11 Cases~~**Plan Discovery**, as well as ~~stenographic~~**attorneys**,
clerical, ~~and legal assistant employees,~~**paralegal, other staff** and agents ~~of
those~~**employed by or working with such** attorneys **or accountants** whose
functions require access to Attorneys' Eyes Only Information**.  For purposes of
the UST, this includes all attorneys and staff of the UST Program involved in
the Chapter 11 Cases, including members of the Executive Office of the UST
involved in the Chapter 11 Cases**;

b. Any person indicated on the face of a document to be the author, addressee, or an
actual or intended recipient of the document;

c. Outside experts **or consultants** for the Receiving Party whose advice and
consultation are being or will be used by the Receiving Party in connection with
~~the Chapter 11 Cases, including their clerical personnel~~**Plan Discovery, as well**

**as stenographic and clerical employees and agents of those experts or consultants whose functions require access to Attorneys' Eyes Only Information**; provided that counsel desiring to disclose Attorneys' Eyes Only Information to such experts and their ~~clerical personnel~~**employees or agents** shall (i) serve notice ~~to~~**on** the applicable ~~Producing~~**Designating** Party prior to disclosure and allow the ~~Producing~~**Designating** Party to object to such disclosure (objections that cannot be resolved by the parties shall be raised with the ~~court~~**Court** in accordance with Paragraph 15 of the Order); and (ii) obtain a signed Agreement to Abide by the Protective Order from each such expert **or consultant** and each of his/her ~~personnel~~**employees or agents** who would require access to Attorneys' Eyes Only Information, and counsel **for the Receiving Party** shall retain in his/her file an original or copy of each such signed Agreement to Abide by the Protective Order;

d.  Professional vendors to whom disclosure is reasonably necessary for Plan Discovery, provided they are informed that the material is Attorneys' Eyes Only Information; ~~and~~

e.  The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by the Receiving Party**;**

**f.**  **To the extent not otherwise covered by this Section, any potential witness or deponent and counsel for such witness or deponent, during the course of, and to the extent necessary for, preparation for deposition or testimony, including at trial, relating to Plan Discovery.  Except when the Attorneys' Eyes Only Information is first exhibited at a deposition or trial to such**

**person, counsel desiring to disclose Attorneys' Eyes Only Information to such persons shall first (i) serve notice on the applicable Producing Party two (2) business days prior to the deposition or trial and prior to disclosure and allow the Producing Party to object to such disclosure (objections that cannot be resolved by the parties shall be raised with the court in accordance with Paragraph 15 of the Order) and (ii) represent to the Court on record that such person has read and agreed to abide by the Agreement to Abide by the Protective Order provided, however, if disclosure is being made to a witness or deponent (and counsel for such witness or deponent) for the first time at deposition or trial, they need not comply with Paragraph 15(f)(ii) until that deposition or hearing;**

**g.    Any other person upon agreement among the Debtors, the Participants, the Designating Party, and the Receiving Party, provided that such person shall first execute the Agreement to Abide by the Protective Order, a copy of which shall be retained by counsel for the Designating Party; and**

**h.    Any other person, only upon order of the Court.**

**16.**            ~~15.~~ Access to Protected Material:  Only persons authorized to receive Confidential Information or Attorneys' Eyes Only Information under this Protective Order shall have access to such material.  Receiving Parties shall not provide access to or disclose Confidential Information or Attorneys' Eyes Only Information to any person not authorized to access such material under this Protective Order.  Receiving Parties shall store all Confidential Information or Attorneys' Eyes Only Information that they receive in a secure manner. Receiving Parties are barred from using Confidential Information or Attorneys' Eyes Only

Information except in ~~the Chapter 11 Cases~~**Plan Discovery** and only for the purposes permitted

by the Protective Order and the Order.  **If Confidential or Attorneys' Eyes Only Information**

**is disclosed to any person other than in a manner authorized by this Protective Order, the**

**disclosing party shall, immediately upon learning of such disclosure, inform the Producing**

**Party of all pertinent facts relating to such disclosure and shall make reasonable good faith**

**effort to retrieve the Confidential or Attorneys' Eyes Only Information and to prevent**

**disclosure by each unauthorized person who received such information.**

      **17.**          ~~16.~~ No Restrictions on Use of Public or Own Information:

Notwithstanding any other provision of this Protective Order, this Protective Order does not

restrict in any way a Participant's or non-Participant's use of:

      a.  Its own information or its right to provide such information to any other person,

          even if others have designated similar or identical information as Confidential

          Information or Attorneys' Eyes Only Information.  A person's use or disclosure

          of its own information shall not waive the protections of this Protective Order,

          and shall not entitle any Participant or non-Participant to use or disclose such

          Discovery Materials, or the contents thereof, in violation of this Protective Order;

      b.  Information that is in the public domain or becomes public without violation of

          this Protective Order; and

      c.  Information that a Participant or non-Participant develops or obtains through

          proper means without violation of this Protective Order.

**Use of Discovery Materials**

      **18.**          ~~17.~~ Receiving Parties shall use Confidential or Attorneys' Eyes Only

Information produced during Plan Discovery only for matters related to ~~the Chapter 11~~

~~Cases~~**Plan Discovery**.  Confidential or Attorneys' Eyes Only Information shall not be made

public by any Receiving Party, shall be used only by persons permitted access to it as provided for in this Protective Order, and shall be disclosed only to persons specified herein.

**19.** ~~18.~~ Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Designating Party designating the material as "Confidential" or "Attorneys' Eyes Only" specifically consents in advance in writing to such disclosure, or if the Court, after notice to all Participants and the Designating Party, orders such disclosure.

**Inadvertent Failure to Designate**

**20.** ~~19.~~ An inadvertent failure to designate qualified information as "Confidential" or "Attorneys' Eyes Only" that a Producing Party discloses or otherwise produces or generates does not waive the Producing Party's right thereafter to designate Discovery Material as Confidential or Attorneys' Eyes Only Information under this Protective Order~~.~~ **unless (i) with respect to any information newly-designated as "Confidential," such information has become available to the public or (ii) with respect to any information newly-designated as "Attorneys' Eyes Only," such information has been shared with individuals who are not listed in Paragraph 17.** Upon receipt of such designation, each Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. The Designating Party shall promptly produce new copies of the material at issue, with the proper designation, after which Receiving Parties shall promptly destroy the copies with the improper designation and shall request that all persons to whom the Receiving Party has provided copies do likewise. The Receiving Party shall inform the Designating Party when destruction of such copies has been completed.

## Non-Waiver of Privilege and Other Protections

**21.** ~~20.~~ Nothing in this Protective Order shall ~~require~~**preclude any objection to** disclosure of information by a Producing Party **on the ground** that counsel ~~for~~ such ~~party contends~~**information** is protected **or prohibited** from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege. ~~If information subject to a claim of attorney-client privilege, work product~~**,** immunity~~,~~ or ~~any other applicable privilege~~**other protection, including without limitation any applicable U.S. or foreign data privacy laws.  If information protected or prohibited from disclosure** is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product **or other** immunity, or any other ~~applicable~~**legally cognizable** privilege **or other protection**.  If a Producing Party has inadvertently or mistakenly produced Discovery Material that ~~is subject to a claim of immunity or privilege,~~**contains information protected or prohibited from disclosure, then** upon **written** request by the Producing Party after the discovery of such inadvertent or mistaken production, the Receiving Party shall **use all commercially reasonable efforts to** return or destroy the Discovery Material for which a claim of inadvertent production is made **and all copies of it, including any work product containing, identifying, or referencing such Discovery Material** within seven (7) days of such request, and the Receiving Party shall not use such Discovery Material for any purpose other than in connection with a motion to compel production of the Discovery Material.  The Receiving Party returning such Discovery Material may then move the Court for an order compelling production

of the Discovery Material, but that motion shall not assert as a ground for entering such an order

the fact or circumstance of the inadvertent production of the Discovery Material.

**Relief**

**22.** ~~21.~~ This Protective Order shall not prevent any party from applying to

the Court for relief therefrom, or from applying to the Court for further or additional protective

orders.

**23.** ~~22.~~ Nothing in this Protective Order shall prevent any Signatory from

producing documents received subject to this Protective Order and that are in his, her or its

possession, ~~to another person~~ in response to a subpoena or other compulsory **legal** process.

~~However, when possible, at least ten (10) days~~**Unless prohibited from doing so by applicable

law, prompt** written notice **as soon as practicable under the circumstances** shall be given to

the Designating Party before **such** production or other disclosure is to be made. ~~In no event shall

production or other disclosure be made before reasonable notice is given~~  **The party producing

the documents subject to this Protective Order shall reasonably cooperate with the

Designating Party to obtain an appropriate protective order or other reliable assurance

that confidential treatment will be accorded to the Confidential or Attorneys' Eyes Only

Information being produced.   Nothing herein shall prevent the UST from disclosing

information designated as Confidential or Attorneys' Eyes Only for civil and criminal law

enforcement purposes or in compliance with a subpoena or court order.  To the extent

Confidential Information is sought pursuant to any request made under the Freedom of

Information Act, or other applicable law requiring disclosure, prior to the disclosure of any

documents or information deemed as Confidential or Attorneys' Eyes Only, the UST shall

provide the Designating Party with prompt written notice to give the Designating Party an**

**opportunity to object to the disclosure of any specific portion of the document or information**.

**Objections to Designations**

    **24.** ~~23.~~ If any Receiving Party objects to the designation of any Discovery Material as "Confidential," or "Attorneys' Eyes Only," the Receiving Party shall first ~~state the~~ **identify the specific material as to which it objects as well as the basis for its** objection in writing to the Designating Party. Such parties shall confer in good faith to attempt to resolve any dispute regarding any such designation. If such parties are unable to resolve such dispute, the objecting party may seek appropriate relief from the Court, in accordance with Paragraph ~~15~~**17** of the Order; provided, however, that all Discovery Material to which the objection applies shall continue to be treated by Receiving Parties as Confidential Information or Attorneys' Eyes Only Information, as designated by the Designating Party, in accordance with this Protective Order, until such objection is resolved. No Signatory shall contest an objecting party's request for reasonably expedited consideration for such relief.

    **25.** **No party shall be obligated to challenge the propriety of a confidentiality designation, and failure to do so shall not preclude a subsequent challenge to such designation.**

**Appeal**

    **26.** ~~24.~~ In the event that any Signatory appeals from any decision of the Court relating to Plan Discovery, such Signatory shall file an application to the appropriate appellate court, within seven (7) days of the filing of the notice of appeal, to maintain under seal any Discovery Material filed with the appellate court that contains or discloses Confidential

Information and/or Attorneys' Eyes Only Information.  The provisions of this

~~paragraph~~**Paragraph** may be waived only with the written consent of the Designating Party.

**Scope of Protective Order**

**27.**            ~~25.~~ In the event that any Confidential or Attorneys' Eyes Only

Information is used in any court proceeding relating to ~~the Chapter 11 Cases~~**Plan Discovery**, that

material shall not lose its status as Confidential or Attorneys' Eyes Only Information through

such use and such use shall remain subject to the terms of this Protective Order.

**28.**            ~~26.~~ This Protective Order shall survive the termination of the Plan

Confirmation process, whether by order, final judgment, settlement or otherwise, and shall

thereafter continue in full force and effect.

**29.            Nothing in this Protective Order shall require any Producing**

**Party to respond to discovery in any manner, including by producing documents, that**

**would cause such Producing Party to violate any statute, regulation, or rule, including,**

**without limitation, any international or foreign privacy laws, to which such Producing**

**Party is subject.**

**30.            This Protective Order does not alter, modify, or expand any**

**obligation or duty of any party to produce any Confidential or Attorneys' Eyes Only**

**Information.**

**31.    Nothing herein shall be construed to affect in any way the admissibility of**

**any document, testimony, or other evidence at the trial of any action relating to Plan**

**Discovery.**

**Procedures After Plan Confirmation**

**32.** ~~27.~~ After Plan Confirmation, counsel for the Receiving Parties may retain archival copies of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, one copy or sample of Confidential or Attorneys' Eyes Only Information produced by a Producing Party, and any summaries, notes, abstracts or compilations of Confidential or Attorneys' Eyes Only Information, solely for reference in the event of a dispute over the use or dissemination of information.  Such material shall continue to be treated as Confidential or Attorneys' Eyes Only Information, as applicable, in accordance with this Protective Order.  After Plan Confirmation, counsel for Receiving Parties promptly either shall return all additional Confidential or Attorneys' Eyes Only Information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the Receiving Party to counsel for the Producing Party who has produced such Confidential or Attorneys' Eyes Only Information, respectively, in ~~the Chapter 11 Cases~~**Plan Discovery**, or shall certify destruction thereof to such counsel.  As to Confidential or Attorneys' Eyes Only Information reflected in computer databases or backup tapes, the Receiving Party promptly shall delete all such Confidential or Attorneys' Eyes Only Information or shall impose ~~passwords or designate the information in a manner reasonably calculated~~**reasonable safeguards and procedures** to prevent unauthorized access to such Confidential or Attorneys' Eyes Only Information.

**Modification**

**33.**         ~~28.~~ No modification of this Protective Order shall be binding or enforceable unless in writing and signed by the Debtors and ~~the Participants~~**each Participant adversely affected by such modification**, or by further order of the Court.

**Choice of Law**

**34.     This Protective Order shall be governed and construed in accordance with the laws of the State of New York.**

**Jurisdiction**

**36.     The Court shall retain jurisdiction over any matters related to or arising from the implementation of the Protective Order.**

~~29.~~

B19

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                     :        Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :        08-13555 (JMP)
                                          :
                    Debtors.        :        (Jointly Administered)
----------------------------------------------------------------x

## AGREEMENT TO ABIDE BY THE PROTECTIVE ORDER

      I hereby certify that I have read the Protective Order[26] SO ORDERED by the Court

in the above-captioned chapter 11 cases (the "Chapter 11 Cases") on ~~March~~**April** __, 2011

[Docket No. ___].  I further certify that I understand the terms and provisions of the Protective

Order and agree to be fully bound by them, and hereby submit to the jurisdiction of the United

States Bankruptcy Court for the Southern District of New York for purposes of the Protective

Order's enforcement.  I understand and agree, in particular, that I may not use any Confidential or

Attorneys' Eyes Only Information, or any copies, excerpts or summaries thereof, or materials

containing Confidential or Attorneys' Eyes Only Information derived therefrom, as well as any

knowledge or information derived from any of these items, for any purpose other than matters

related to ~~the Chapter 11 Cases~~**Plan Discovery**, in accordance with the provisions of the

Protective Order, including, without limitation, any business or commercial purpose.

      I further understand that failure to abide fully by the terms of the Protective Order

may result in legal action against me, such as for contempt of court and liability for monetary

damages.

Dated: _____          Agreed: _____

---

[26] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Protective Order.

# EXHIBIT D

**Technical Specifications for Documents to be <u>Produced to the Debtor to Be</u> Uploaded to <u>the</u> Data Repository**

Participants and non-Participants producing documents to the Debtors must produce electronically stored documents in the following electronic format:

1.  *Emails*.  E-mails shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Meta data fields included with the load file should be provided in accordance with *Appendix 1*.  E-mail attachments shall be handled according to the provisions below applicable to loose electronic documents and shall not be separated from the emails to which they are attached.  Native files for e-mails shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

2.  *Electronic Documents*.  Word and other electronic documents shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Meta data fields included with the load file should be provided in accordance with *Appendix 1*.  For Excel or other spreadsheet files, the native file or a pdf version of the file shall be produced.  Native files for all other electronic documents shall be maintained, and such files shall be produced, with appropriate redactions, if the receiving party can demonstrate a <u>**particularized**</u> need for such native files.

3.  *Hard copy documents*.  Hard copy documents shall be produced as single-page TIFF images with accompanying full OCR text and load file (DAT).

4.  *TIFF Images Generally*.  Any TIFF images produced by Participants or non-Participants shall consist of (a) single-page, black and white, 300dpi group IV TIFF images with extension ".tif"" and (b) text files, named after the bates number of the document, with extension ".txt".  TIFF images may not be compressed using JPEG

compression.  For instances in which the original file is in color and the color is

necessary for interpretation of the document (charts, pictures, etc.), produce

medium quality JPEG in place of single page tiff file.  Metadata shall be provided

in a delimited file with a ".dat" file extension and ASCII 020 and 254 delimiters for

column break and text qualifier.  The first line shall be the header with field names,

and each subsequent line shall contain the fielded data for each document.

5.    *Shipment of electronic data*.  Electronic data productions may be transmitted

electronically via Secure File Transfer Protocol (SFTP), FTP over SSH or

physically transported using electronic storage media such as, CDs, DVDs or hard

drives.  The physical media label should contain the case name and number,

production date, and bates range being produced.  Each transmission of data should

include a collection "manifest" report which provides a list of files collected, their

location, and their MD5 hash values.

**Appendix 1**

| Field | Description |
|---|---|
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e‐mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail_Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title field value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension or other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-bit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |