WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard A. Rothman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
-------------------------------------------------------------------x
```

**NOTICE OF DEBTORS' MOTION, PURSUANT TO FRBP 9019, FOR APPROVAL**
**OF (I) A COMPROMISE AND SETTLEMENT AMONG LEHMAN BROTHERS**
**HOLDINGS INC. , LEHMAN BROTHERS SPECIAL FINANCING, INC.,**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**AND BANK OF AMERICA, N.A., AND (II) CERTAIN RELATED RELIEF**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing, Inc. (each as a debtor

in possession, and collectively, the "Debtors") for approval of (i) a compromise and settlement

among the Debtors, the Official Committee of Unsecured Creditors appointed in these cases (the

"Creditors' Committee"), and Bank of America, N.A. ("BOA"), and (ii) certain related relief, all

as more fully described in the Motion, will be held before the Honorable James M. Peck, United

States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs

House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy

Court"), on **May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, (c) set forth the name of the objecting party, the specific factual and legal basis, if any, for the objection, (d) be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard A. Rothman, attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Tracy Hope Davis, Esq., Elizabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq., (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., attorneys for the Creditors' Committee; (v) Quinn Emanuel Urquhart Sullivan, LLP, 51 Madison Avenue New York, New York 10010, Attn: James Tecce, Esq. and Eric Kay, Esq., special counsel to the Creditors' Committee; and (vi) Bingham McCutchen LLP 399 Park Avenue New York, New York 10022, Attn: Jeffrey S. Sabin, Esq., attorneys for BOA, so as to be so filed and received by no later than **April 15, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the Motion and the relief requested shall be deemed

unopposed, and the Bankruptcy Court may enter an order granting the requested relief without a

hearing.

> PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  April 1, 2011
        New York, New York

> /s/ Richard A. Rothman
> Richard A. Rothman
>
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, New York 10153
> Telephone: (212) 310-8000
> Facsimile: (212) 310-8007
>
> Attorneys for Debtors
> and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard A. Rothman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                        :
**In re**                               :    **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                        :
                       **Debtors.**     :    **(Jointly Administered)**
                                        :
------------------------------------------------------------------x

**DEBTORS' MOTION, PURSUANT TO FRBP 9019, FOR APPROVAL**
**OF (I) A COMPROMISE AND SETTLEMENT AMONG LEHMAN BROTHERS**
**HOLDINGS INC. , LEHMAN BROTHERS SPECIAL FINANCING, INC.,**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**AND BANK OF AMERICA, N.A., AND (II) CERTAIN RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing, Inc.

(each as a debtor in possession, and collectively, the "Debtors"), pursuant to Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), request approval of the below

described compromise and settlement and respectfully represent:

**Preliminary Statement**

1.      The Debtors seek authorization to compromise and settle a particular

controversy with Bank of America, N.A. ("BOA") and approval of the settlement agreement (the

"Settlement Agreement") among the Debtors, the Creditors' Committee (defined below) and

BOA (collectively with Debtors and the Creditors' Committee, the "Parties"), relating to a pending adversary proceeding involving the Parties (Adv. Pro. No. 08-1753 (JMP)) (the "Adversary Proceeding").  A copy of the Settlement Agreement is attached hereto as Exhibit A.

2.      In November 2008, subsequent to the commencement of the Debtors' chapter 11 cases, BOA notified LBHI that BOA was setting off $509,304,584.29 from seven LBHI accounts maintained with BOA.  The Debtors objected to setoff on the grounds that, *inter alia*, setoff violated the automatic stay extant pursuant to 11 U.S.C. § 362(a).  Thereafter, on November 26, 2008, BOA commenced an adversary proceeding seeking a declaratory judgment that (a) it properly exercised its right of setoff; (b) the setoff did not violate the automatic stay; and (c) in the alternative, BOA was entitled to retroactive relief from the automatic stay validating the setoff.  The Parties joined issue and filed opposing motions for summary judgment on September 14, 2009.  On November 16, 2010, the Court issued its decision (the "Decision") in which the Court denied BOA's motion for summary judgment and granted the Debtors' motion for summary judgment.

3.      Subsequently, the Parties disputed (a) whether the scope of the Decision applied to all of the funds BOA had set off (as opposed to only the two accounts that contained approximately $501.8 million), and (b) whether sanctions, including attorneys fees and costs, should be imposed on BOA for its violation of the automatic stay.  To avoid the costs, time, and distractions associated with pursuing litigation over these ancillary disputes, the Parties have reached an agreement of compromise and settlement that disposes of such issues and preserves the Parties' rights as to the remaining issues raised by the Adversary Proceeding, including, without limitation, the respective Parties' rights as to any appeals from the Decision.  The Debtors have determined, in the exercise of their sound business judgment, that the Settlement

Agreement is in the best interests of their chapter 11 cases.  It enables Debtors to avoid the

additional time and expense attendant to continued litigation of particular issues.  If the

Settlement Agreement is approved and a judgment in favor of the Debtors is entered with respect

to the Decision, there will be no issues remaining for adjudication by the Bankruptcy Court in

the Adversary Proceeding.  The Motion should be granted.

### Background

4.　　Commencing on September 15, 2008, and periodically thereafter (as

applicable, the "Commencement Date"), the Debtors and certain of their affiliates commenced

with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The

Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.　　On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

### Jurisdiction

6.　　This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

7.　　The Debtors seek, pursuant to Bankruptcy Rule 9019, seek approval of the

compromise and settlement and authorization to execute the Settlement Agreement.

## The BOA Setoff and Subsequent Litigation

8.      Prior to the Commencement Date, LBHI established various accounts with BOA including accounts numbered 6550xxx465 and 40xxx1 (the "Overdraft Accounts"), and accounts numbered 6550xxx536, 7009xxx536, 6014xxx58013 and 6064xxx05010 (the "Four Accounts").  As of November 10, 2008, the Overdraft Accounts combined held approximately $501.8 million (the "Overdraft Collateral") and the Four Accounts combined held approximately $7 million.  On November 10, 2008, without seeking relief from the automatic stay, BOA notified the Debtors and set off an aggregate $509,304,584.29, representing the balance in these accounts and one other account,[1] against LBHI's alleged indebtedness to BOA.

9.      After being notified of the setoff, the Debtors objected, stating that setoff was in violation of the automatic stay and demanded a return of funds.  BOA then commenced the Adversary Proceeding on November 26, 2008, seeking a declaratory judgment that (a) it properly exercised its right of setoff; (b) the setoff did not violate the automatic stay; and (c) in the alternative, that BOA was entitled to retroactive relief from the automatic stay to validate setoff.  The Debtors denied that BOA was entitled to such declaratory relief and asserted that BOA (a) had improperly and illegally set off the Debtors' funds; (b) violated the automatic stay; and (c) was not entitled to retroactive relief.  The Debtors also asserted counterclaims for (i) breach of contract; (ii) declaratory judgment that BOA was legally obligated to return the Overdraft Account funds to LBHI; (iii) constructive trust; (iv) willful violation of the automatic stay; (v) damages for BOA's willful violation of the automatic stay; and (vi) turnover of funds that had been set off.

---

[1] The $509,304,584.29 setoff included $496,000 from Account No. 1233xxx459, which did not belong to LBHI. BOA subsequently reversed this setoff of $496,000.

10.     The Parties proceeded with discovery and filed opposing motions for summary judgment on September 14, 2009.  The Debtors' motion requested (i) dismissal of BOA's advesary complaint in its entirety, and (ii) summary judgment on Debtors' counterclaims. The Court ordered oral argument, which was held on December 10, 2009.  At the close of the argument, the Court scheduled an evidentiary hearing, which was held January 29-February 2, 2010.  On November 16, 2010, the Court issued the Decision granting the Debtors' motion and denying BOA's motion.  The Decision reserved for further proceedings the questions of damages, attorneys fees, and costs relating to the decided stay violation by BOA.

11.     After entry of the Decision, disputes arose among the Parties as to whether (a) the Debtors had pleaded for relief as to the Four Accounts, (b) the Decision applied to the Four Accounts, and (c) sanctions, including attorneys fees and costs, should be imposed on BOA for its violation of the automatic stay.

### The Compromise and Settlement and the Settlement Agreement

12.     The Debtors have carefully reviewed the facts and circumstances relating to the funds in the Four Accounts and the potential award of attorney fees and costs.  In the exercise of their sound business judgment, the Debtors have determined that pursuing further litigation as to these disputed issues is not in the best interests of the Debtors' chapter 11 cases. The amount at issue, between $7 and $10 million, is a small fraction of the total amount set off by BOA approximating $509 million.  Although the Debtors are of the opinion that the Court's Decision as to the violation of the automatic stay and the inapplicability of the 362(b)(17) exception does apply to the Four Accounts, the further litigation of these issues would delay a final resolution of the merits of this Adversary Proceeding and require an investment of substantial resources counterbalanced by potentially diminishing returns.

13.     The Debtors, in consultation with the Creditors' Committee determined that the best course of action was a negotiated settlement with respect to the setoff of the Four Accounts, and attorneys' fees and costs incurred to date in litigating the specific issue of whether the 362(b)(17) exception applied to BOA's setoff.  The Parties have agreed on the terms of the Settlement Agreement.  The Settlement Agreement falls well within the range of reasonableness. It is in the best interests of the Debtors and should be approved.

14.     The Settlement Agreement includes the following material terms (as collectively set forth in the Settlement Agreement, the "Settlement"):[2]

| | |
|---|---|
| ***Settled Claims*** | In exchange for the Settlement Payment (defined below), the Debtors and the Creditors' Committee release all claims against BOA for damages, sanctions, costs, or attorneys fees related to BOA's setoff as to the Four Accounts and further release all claims for damages, sanctions, costs incurred to date or attorneys fees related to BOA's setoff against the Overdraft Accounts, except that the Parties expressly reserve all arguments in the summary judgment proceedings for or against recovery, in whole or in part, of the funds held in the Overdraft Accounts.  Collectively, these released claims are defined as the "<u>Settled Claims</u>."  *See* Settlement Agreement ¶ 1 (a) and (b).<br><br>In addition, in connection with the Adversary Proceeding, the Debtors will not seek the return of the funds set off from the Four Accounts on November 10, 2008, against the alleged liabilities of LBHI to BOA.  *Id.* at ¶ 5. |
| ***Reservation of Certain Issues*** | This Court's ruling as to the Overdraft Accounts themselves and all other issues other than the Settled Claims have not been compromised.  Final judgment will be entered pursuant to the Decision, with all Parties retaining their respective rights as to that judgment and all positions taken as to the propriety of the setoff of the Overdraft Accounts for appeal purposes.  *Id.* at ¶ 2 |
| ***Payment of a Non-Recourse Amount*** | In exchange, BOA will pay to LBHI $1.5 million (the "<u>Settlement Payment</u>") to LBHI within seven business days following the Effective Date, as defined in the Settlement Agreement. The Settlement Payment, |

---

[2] The terms listed below are provided as a summary of the terms of the Settlement Agreement.  In the case of an inconsistency between the terms set forth in the summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

| | |
|---|---|
| | when made, will be a final payment with respect to the Settled Claims. It will not thereafter be subject to disgorgement, repayment, or reconsideration, regardless of the outcome of any appeals on the balance of the Adversary Proceeding. *Id.* at ¶ 4, 8, 9. |
| ***Releases*** | Each of the Debtors, on behalf of itself and its estate, and the Creditors' Committee absolutely and unconditionally releases and discharges BOA, and its agents, servants, employees, attorneys, shareholders, members, directors, officers, affiliates, successors and assigns from any and all liability in connection with the Settled Claims. |
| | BOA absolutely and unconditionally releases and discharges the Debtors, the Creditors' Committee, and each of their respective agents, servants, employees, attorneys, shareholders, members, directors, officers, affiliates, successors and assigns from any and all liability in connection with the Settled Claims. *Id.* at ¶ 6(a) and (b). |

**The Settlement Agreement Meets the Legal Standard Established
Under Rule 9019 and Is in the Best Interests of the Estate**

15.    Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). This rule empowers bankruptcy courts to approve compromises "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fischer v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). Indeed, courts have long considered compromises to be "a normal part of the process of reorganization." *TMT Trailer Ferry*, 390 U.S. at 424 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). In granting a motion pursuant to Rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interests of the

estate. *Trailer Ferry*, 390 U.S. at 424; *47-49 Charles St.*, 209 B.R. at 620; *Ionosphere Clubs, Inc.*, 156 B.R. at 426.

16.     The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994). It is the responsibility of a court to examine a settlement and determine whether it "fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997). Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

17.     While a court must evaluate "all . . . factors relevant to a full and fair assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424, a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *Drexel*, 134 B.R. at 496. "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact. . . . The court need only canvass the settlement to determine whether it is within the acceptable range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

18.     The Court may give weight to the informed judgment of the debtor that a compromise is fair and equitable. *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness. . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

19.     Significantly, there is no requirement that "the value of the compromise . . . be dollar-for-dollar the equivalent of the claim." *Ionosphere Clubs, Inc.*, 156 B.R. at 427. Instead, "there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." *Id.* at 427-28 (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)).

20.     The compromise and settlement as incorporated into the Settlement Agreement  is fair, reasonable, and in the best interests of the Debtors and each of their estates and creditors.  From the perspective of the Debtors, the Settlement Agreement  benefits the Debtors by avoiding the costs, delay, and distraction that could otherwise be associated with challenging the validity of the setoff of the Four Accounts, the issue of retroactive relief from the Automatic Stay, and determination of the amount of attorneys fees and costs recovered.  The Settlement Agreement will result in a payment of $1.5 million to LBHI and will allow the Debtors to continue to focus their efforts on collecting a judgment in the Adversary Proceeding and defending any appeals.  All remaining claims and rights of the Debtors (other than the Settled Claims) are fully reserved.

21.     The only prospective claims the Debtors are aware of  that they will be releasing in return for the Settlement Payment are potential claims based upon the setoff of the Four Accounts and costs to date and attorneys fees related to litigating the violation of the automatic stay.  Any judicial resolution of these issues in the Bankruptcy Court would entail additional litigation that would be costly, time consuming, and a distraction for the Debtors.  In light of the applicable legal principles and the facts, the compromise and settlement is fair and reasonable and well above the lowest point in the range of reasonableness and should be approved.

## **Notice**

22.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) attorneys for BOA.  No other or further notice need be provided.

23.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  April 1, 2011
          New York, New York

/s/ Richard A. Rothman
Richard A. Rothman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**( The Settlement Agreement)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br>　　　　　　　　　　　Debtors. | Case No. 08-13555 (JMP)<br>Chapter 11<br>(Jointly Administered) |
| In re<br>LEHMAN BROTHERS SPECIAL FINANCING INC.,<br>　　　　　　　　　　　Debtor. | Case No. 08-13888 (JMP)<br>Chapter 11 |
| BANK OF AMERICA, N.A.<br>　　　Plaintiff and Counterclaim-Defendant,<br>　　　v.<br>LEHMAN BROTHERS HOLDINGS INC.,<br>　　　Defendant and Counterclaim-Plaintiff, and<br>LEHMAN BROTHERS SPECIAL FINANCING INC.,<br>　　　Defendant. | Adv. Pro. No. 08-01753 (JMP) |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Settlement") is made this twenty-ninth day of March, 2011, among Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers Special Financing Inc. ("LBSF," together with LBHI, the "Debtors,"), Bank of America, N.A. ("BOA"), and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. et al. (the "Creditors' Committee") (collectively, the "Parties").

## RECITALS

A.　　Prior to November 10, 2008, LBHI established various accounts with BOA including accounts numbered 6550xxx465 and 40xxx1 (the "Overdraft Accounts"), and accounts numbered 6550xxx536, 7009xxx536, 6014xxx58013 and 6064xxx05010 (the "Four Accounts").

B.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code, before the Bankruptcy Court for the Southern District of New York (the "Court").

C.      On November 10, 2008, without first seeking relief from the automatic stay extant in LBHI's chapter 11 case pursuant to 11 U.S.C. § 362, BOA set off $509,304,584.29 against LBHI's alleged indebtedness to BOA under a guarantee.

D.      The $509,304,584.29 setoff included $496,000 held in Account No. 1233xxx459, which did not constitute property of LBHI.  BOA subsequently and voluntarily reversed this setoff and credited $496,000 to such account.

E.      On November 21, 2008, the Debtors responded to BOA's letter notifying Debtors of the setoff.

F.      On November 26, 2008, BOA commenced an adversary proceeding (Adv. Pro. No. 08-01753 (JMP)) (the "Adversary Proceeding") against LBHI.  BOA requested a declaration in the Adversary Proceeding that (a) it properly exercised a right of setoff; (b) the executed setoffs did not violate the automatic stay; and (c) alternatively, BOA was entitled to retroactive relief modifying the automatic stay and validating the setoffs.

G.      On January 2, 2009, the Debtors filed responsive pleadings in the Adversary Proceeding, including the Answer and Affirmative Defenses of Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc. and Counterclaims and Third-Party Complaint of Lehman Brothers Holdings Inc.

H.      On February 4, 2009, the Court entered a Stipulation and Consent Order, permitting the Committee to intervene in the Adversary Proceeding.

2

I.      The Parties thereafter conducted discovery in the Adversary Proceeding.  On September 14, 2009, the parties each filed cross-motions for summary judgment in the Adversary Proceeding.

J.      On November 16, 2010 the Court issued and filed its decision on the cross motions for summary judgment (the "Decision").  The Court granted the Debtors' motion for summary judgment, denied BOA's motion for summary judgment, and directed the return to LBHI of the amount set off from the Overdraft Accounts, plus interest (the "Turnover Sum"). The Court reserved decision as to the issue of any costs, damages or sanctions to be awarded.

K.      Following filing of the Decision, the Debtors and BOA disagreed as to: (a) whether sanctions, monetary awards, or other remedies were appropriate for the adjudicated violation of the automatic stay; and (b) if so, the amount of such sanctions, awards, or remedies.

L.      After the Decision was issued, the Parties also disputed whether the Decision applied to the funds BOA had set off in the Four Accounts.

M.      The Parties agree that a fair approximation of the amount of the Debtors' and the Committee's combined attorneys' fees attributable to litigating the consequences of BOA's exercise of setoff without first seeking relief from the automatic stay is $1,250,000.

N.      In the interest of resolving certain of the remaining areas of disagreement, and to avoid or limit further litigation in connection with such disagreements, the Debtors and BOA undertook good faith negotiations to compromise on certain of the issues in dispute and to reduce the remaining issues that may have to be litigated, and as a consequence, have reached an agreement of compromise and settlement.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## SETTLEMENT

1.    *Settled Claims.*  Upon final approval of this Settlement by the Bankruptcy Court and receipt by LBHI of the Settlement Payment (as defined below), this Settlement fully and finally settles and disposes of the following claims, which are referred to hereinafter, collectively, as the "Settled Claims":

(a)    With respect to the Four Accounts, all rights, claims, suits, or actions of the Debtors and the Committee for relief of any kind, including without limitation damages, sanctions, costs, or attorneys' fees for any alleged violation of the automatic stay in respect of BOA's November 10, 2008 setoffs against any or all of the Four Accounts, and all rights, claims, suits, actions for damages, sanctions, or other legal or equitable remedies that were or could have been asserted in the Adversary Proceeding with respect to the Four Accounts; and

(b)    With respect to the Overdraft Accounts, except as expressly provided below in paragraph 2(b), all claims of the Debtors and the Committee for costs, attorneys fees, sanctions, damages or other remedies arising from or related to any violation of the automatic stay.

2.    *Other Claims and Positions Preserved.*

(a)    This Settlement does not compromise, waive, release, or settle any right, claim, suit, action for damage, or legal or equitable right, claim or defense of any of the Parties that is not a Settled Claim.

(b)    Notwithstanding paragraph 1(b), no theory, claim, or defense that any Party might raise on appeal to justify or oppose the Debtors' recovery, in whole or in part, of the Turnover Sum (including, by way of example, characterization of the same as a sanction or remedy for violation of the automatic stay) shall be deemed a Settled Claim.

3.    *No Admission of Wrongdoing or Liability.*    This Settlement Agreement is a compromise of disputed claims.  None of the Parties admits any liability or wrongdoing in connection with this Settlement Agreement.

4.    *Settlement Payment.*    Within seven business days following the Effective Date, BOA will pay to LBHI, to and for the benefit of its estate and creditors, in cash, the non-refundable sum of $1.5 million (the "Settlement Payment").

5.    *Four Accounts.*    The Bank will retain, and shall have rightful title to and possession of, the funds set off from the Four Accounts as a dollar-for-dollar reduction, as of November 10, 2008, of the alleged liabilities of LBHI to the Bank with respect to BOA's proof of claim #20105 (the "Proof of Claim").  This Settlement Agreement shall be deemed an amendment of BOA's Proof of Claim to reflect the reduced amount.  Debtors and the Committee agree not to seek return of the funds in the Four Accounts or to object to BOA's Proof of Claim, as amended, on the grounds that BOA's setoff of the funds in the Four Accounts was in any way improper.

6.    *Releases.*  On the Effective Date:

(a)    Each of the Debtors, on behalf of itself and its Estate, and the Committee absolutely and unconditionally releases and discharges BOA, and its agents, servants, employees, attorneys, shareholders, members, directors, officers, affiliates, successors and assigns solely with respect to any and all liability in connection with the Settled Claims.

(b)    BOA absolutely and unconditionally releases and discharges the Debtors, the Committee, and each of their respective agents, servants, employees, attorneys, shareholders, members, directors, officers, affiliates, successors and assigns solely with respect to any and all liability in connection with the Settled Claims.

7.    *Rule 9019 Approval*. The Debtors will promptly move the Bankruptcy Court for an order pursuant to Bankruptcy Rule 9019 approving this Settlement Agreement ("9019 Motion"). Prior to entry of the final order, the Parties will take no action inconsistent with this Settlement Agreement.

8.    *Conditions to Effectiveness*. Except as provided in section 7, this Settlement Agreement will be become effective on the date (the "Effective Date") of the last of the following to occur:

(a)    An order, in the form submitted with the 9019 Motion being contemporaneously filed herewith, or such order as is otherwise satisfactory to the Parties, approving this Settlement Agreement having been entered by the Court, and having become a final order;

(b)    Expression, in the order approving this Settlement Agreement, of the Court's consent that, upon performance by BOA of the terms of this Settlement

6

Agreement, the Court will not independently impose any further sanction, penalty or cost upon BOA in respect of the Settled Claims.

9.     *Settlement Payment Final*.    The outcome of the continued prosecution of the Adversary Proceeding or appeal of the Decision shall not affect the Settlement Payment in any manner, including but not limited to, disgorgement, repayment, or reconsideration.

10.     *Resolution of Adversary Proceeding*.    Upon the occurrence of the Effective Date, the Parties shall jointly submit to the Court a proposed final judgment to be entered in the Adversary Proceeding, attached hereto as Exhibit 1.

11.     *Limited Representations and Warranties*.    Each Party has had the full benefit of legal counsel and representation in the negotiation, preparation, drafting and execution of this Settlement Agreement.    Each Party represents to the others that it is fully authorized to enter into this Settlement Agreement.    No Party makes any representation or warranty to any other Party, except as expressly set forth in this Settlement Agreement.

12.     *Effect*.    This Settlement Agreement:

(a)     Binds and inures to the benefit of each Party's respective successors and assigns.

(b)     May not be amended or terminated without each party's prior written consent.

(c)     Except as provided in paragraph 6, is neither made nor intended for the benefit of any third party and does not create or give to any third party any right, claim, benefit, defense, or cause of action against any of the Parties.

7

(d)    May be executed in multiple counterparts on separate signature pages, each of which constitutes an original and all of which together constitute one and the same interest.

(e)    Is governed by and construed, interpreted, and enforced in accordance with the laws of the State of New York without reference to any choice or conflict of law provisions, except to the extent that the issues arise under or are related to the Bankruptcy Code and Bankruptcy Rules, in which case the Bankruptcy Code and Bankruptcy Rules shall apply.

(f)    Except as otherwise stated herein, constitutes the entire agreement between the parties with respect to its subject matter.

13.    *Notices.*  Any notices given for the purposes of this Settlement must be in writing, addressed and delivered as follows:

(a)    If to the Debtors:

> Richard A. Rothman, Esq.
> Peter D. Isakoff, Esq.
> **Weil, Gotshal & Manges LLP**
> 767 Fifth Avenue
> New York, NY  10153
> Telephone:  (212) 310-8000
> Facsimile:  (212) 310-8007
> richard.rothman@weil.com

(b)     If to BOA:

Jeffrey S. Sabin, Esq.
Sabin Willett, Esq.
**Bingham McCutchen LLP**
399 Park Avenue
New York, NY 10022
Telephone:  (212) 705-7000
Facsimile:  (212) 752-5378
jeffrey.sabin@bingham.com

(c)     If to the Committee:

James Tecce, Esq.
Eric Kay, Esq.
**Quinn Emanuel Urquhart & Sullivan, LLP**
51 Madison Avenue
New York, NY 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
jamestecce@quinnemanuel.com

IN WITNESS WHEREOF, the Parties have caused their duly authorized officers, agents or

authorized attorneys to execute this Settlement Agreement as of the date set forth above.

Lehman Brothers Holdings Inc., debtor and
debtor in possession

By: _____

Lehman Brothers Special Financing,
debtor and debtor in possession

By: _____

Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc.

By: _____

Bank of America, N.A.

By: _____

10

IN WITNESS WHEREOF, the Parties have caused their duly authorized officers, agents or

authorized attorneys to execute this Settlement Agreement as of the date set forth above.

Lehman Brothers Holdings Inc., debtor and
debtor in possession

By:_____

Lehman Brothers Special Financing,
debtor and debtor in possession

By:_____

Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc.

By:_____
James C. Tecce, Esq.
Quinn Emanuel Urquhart & Sullivan LLP.
Counsel to the Committee

Bank of America, N.A.

By:_____

IN WITNESS WHEREOF, the Parties have caused their duly authorized officers, agents or

authorized attorneys to execute this Settlement Agreement as of the date set forth above.

Lehman Brothers Holdings Inc., debtor and
debtor in possession

By:_____

Lehman Brothers Special Financing,
debtor and debtor in possession

By:_____

Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc.

By:_____

Bank of America, N.A.

By:_____

Kevin M. Behan
Senior Vice President

10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                       :
In re                                                  :    **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,           :    **08-13555 (JMP)**
                                                       :
                              **Debtors.**             :    **(Jointly Administered)**
                                                       :
--------------------------------------------------------------------x

<u>**ORDER, PURSUANT TO FRBP 9019, FOR APPROVAL**
**OF (I) A COMPROMISE AND SETTLEMENT AMONG LEHMAN BROTHERS**
**HOLDINGS INC. , LEHMAN BROTHERS SPECIAL FINANCING, INC.,**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**AND BANK OF AMERICA, N.A., AND (II) CERTAIN RELATED RELIEF**</u>

Upon the motion, dated April 1, 2011 (the "<u>Motion</u>")[1], of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and Lehman Brother Special Financing, Inc. (each as a debtor in

possession and collectively, the "<u>Debtors</u>"), pursuant to Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for approval of a compromise and settlement

with Bank of America, N.A. ("BOA") and authorization to execute a settlement agreement (the

"<u>Settlement Agreement</u>"), a copy of which is annexed as <u>Exhibit A</u> to the Motion, among the

Debtors, the Creditors' Committee and BOA, as more fully described in the Motion; and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---
[1] Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Motion.

provided in accordance with the procedures set forth in the amended order entered February 13,

2009 governing case management and administrative procedures [Docket No. 2837]; and the

Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtors and their estates and creditors, and all parties in interest and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the compromise and

settlement incorporated into the Settlement Agreement is approved; and it is further

ORDERED that the Debtors are authorized to enter into and perform the terms of

the Settlement Agreement; and it is further

ORDERED that no further sanctions, penalty or costs shall be imposed upon

BOA in respect of the Settled Claims; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: May __, 2011
New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE