# United States Bankruptcy Court
# Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>     Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| LMA SPC for and on behalf of Map 84 Segregated Portfolio | Barclays Bank PLC |
|---|---|
| Name of Transferee | Name of Transferor |
| | Court Claim # (if known): 55744 |
| Name and Address where notices to transferee should be sent: | Amount of Claim: $2,136,450.00 all accrued interest, expenses and other charges. |
| Knighthead Capital Management<br>623 Fifth Avenue, 29th Floor<br>New York, NY 10022<br>Attn: Laura Torrado | Date Claim Filed: October 29, 2009 |
| Last Four Digits of Acct. #: _____ | Phone:<br>Last Four Digits of Acct. #: _____ |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

LMA SPC for and on behalf of Map 84 Segregated Portfolio
By: Knighthead Capital Management, LLC., its
Investment Advisor

By: ___/s/ Laura Torrado___     Date: 3/31/2011
Authorized Signatory
Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

463-1000/COURT/3028985.1

# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>    Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 50307 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on          .

| Barclays Bank PLC | LMA SPC for and on behalf of Map 84 Segregated Portfolio |
|---|---|
| Name of Alleged Transferor | |
| Address of Alleged Transferor: | Name of Transferee |
| 745 Seventh Avenue<br>New York, NY 10019<br>Attn: Daniel Crowley | Address of Transferee:<br><br>Knighthead Master Fund, L.P.<br>c/o Knighthead Capital Management<br>623 Fifth Avenue, 29th Floor<br>New York, NY 10022<br>Attn: Laura Torrado |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
CLERK OF THE COURT

463-1000/COURT/3028985.1

Execution Copy

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, Barclays Bank PLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to LMA SPC for and on behalf of the MAP84 Segregated Portfolio (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) the portion specified in Schedule 1 attached hereto (the "Purchased Claim") of Seller's right, title and interest in and to Proof of Claim Number 55744 filed by or on behalf of UGF Banca S.p.A. on behalf of its clients (the "Proof of Claim") against Lehman Brothers Holdings, Inc. ("LBHI"), debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims").

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

84513027

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. (a) Except as specifically set forth herein, each of Seller and Purchaser agrees to (i) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (ii) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer.

(b) Purchaser agrees that it will promptly after the filing of a 3001 transfer notice with respect to this Agreement, file a new proof of claim to attempt to establish the Transferred Claims as a separate claim in the Proceedings from the Proof of Claim. Seller agrees to cooperate in the filing of the new proof of claim and to procure the cooperation of UFS Banca S.p.A. If Debtor raises an objection to the new proof of claim, Purchaser shall have no obligation to respond to the objection, but Purchaser agrees to allow Seller (at its own expense) to respond to Debtor in the name of Purchaser if Seller so desires provided, however, that Purchaser shall have the right to prevent Seller from taking any action in Purchaser's name if Purchaser shall determine in its reasonable discretion that such action would cause any damages or harm to Purchaser for which Purchaser has not been indemnified, and provided further that Purchaser shall be notified and consulted by Seller before Seller makes any filing or delivers any document or writing in Purchaser's name. .

(c) To the extent that Purchaser receives less in payments or less favorable distributions (including with respect to the timing of payments or distributions) from LBHI as a result of claims relating to ISIN numbers XS0342412284 and XS0356376300 (the "Purchased ISINs") being included in the Proof of Claim together with claims relating to other ISINs or other Lehman Program Securities ("Non-Purchased Claims"), than Purchaser would have received if the Purchased ISINs had not been the subject of a proof of claim that included other claims (including the Non-Purchased Claims), Seller agrees to pay any such shortfall in payments and distributions to Purchaser promptly on demand (but in no event less than 5 business days after demand); provided, however, that Seller shall have no liability under this provision if the Transferred Claims have been allowed as a separate claim in the Proceedings.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[signatures appear on following page]

84513027

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of March 2011.

Barclays Bank PLC

By: _____
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

LMA SPC for and on behalf of the MAP84 Segregated Portfolio

By: _____
Name:
Title: Laura L. Torrado
       Authorized Signatory

c/o Knighthead Capital Management
623 Fifth Avenue, 29th Floor
New York, NY 10023

84513027

Schedule 1

Transferred Claims

Purchased Claim

The claims against LBHI associated with the Purchased Securities listed below in the principal amounts listed below, which together represent $2,136,450.00 of the $552,607,016.67 outstanding amount of the Proof of Claim as of March ___, 2011.

Purchased Securities (which are Lehman Programs Securities)

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 20,000,000 Notes due April 2014 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium – Term Note Program | XS0356376300 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,500,000 of EUR 20,000,000  Equivalent to USD 2,136,450.00 | Zero Coupon | April 25, 2014 | N/A |

Schedule 1-1

84513027