B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Lehman Brothers Holdings Inc., et al.            ,

Case No.  08-13555 (JMP)
Jointly Administered

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Tejas Securities Group, Inc. | Sunrise Partners Limited Partnership |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
  Tejas Securities Group, Inc.
  8226 Bee Caves Road
  Austin, TX 78746

Phone: 512-306-8222
Last Four Digits of Acct #: _____

Court Claim # (if known):  47714
Amount of Claim:  $1,500,000.00
Date Claim Filed:  10/27/2009

Phone: 201-573-7527
Last Four Digits of Acct. #:  2892

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 4-1-11
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM FOR LEHMAN BROTHERS TREASURY CO BV NOTES/ LEHMAN PROGRAM SECURITY GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC.

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Sunrise Partners Limited Partnership** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Tejas Securities Group Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of 100% of the bonds in the aggregate amount as specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **47714** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller against any prior seller in respect of the Purchased Claim,(c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    In consideration of the mutual covenants and agreements contained herein (this "Agreement"), the Parties agree that the consideration in respect of the Purchased Claim and corresponding rights shall be payable by Purchaser to Seller upon the Purchaser's receipt of a duly executed copy of this Agreement, with all exhibits attached hereto to be paid on the settlement date (the "Settlement Date"). On the Settlement Date Purchaser shall pay to Seller the amount as agreed to by the parties and as set forth in a separate purchase price letter (the "Purchase Price Letter") signed on the same date herewith..

3.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Proof of Claim has not been and is not currently the subject of an objection by the Debtor; and (g) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors generally.

4.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local

bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

5.  Each of the Seller and the Purchaser represent, warrant, agree and acknowledge to and with the other that: (i) the consideration being paid by Purchaser hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Purchased Claim and corresponding rights pursuant to any plan of reorganization which is confirmed for the Debtor; (ii) each has adequate information concerning the financial condition of the Debtor and the Proceedings to make an informed decision regarding the sale/purchase of the Purchased Claim and that each has independently and without reliance on the other, and based on such information as each deems appropriate, made its own decision to enter into this Agreement; (iii) each is aware that the other party may be in possession of material non-public information not known to it ("Nonpublic Information") and agrees that neither party shall be obligated to disclose any Nonpublic Information or shall have any liability to the other party with respect to the non-disclosure of the Nonpublic Information, whether before or after the date of this Agreement; (iv) each is aware that information which may be pertinent to its decision to sell/purchase the Purchased Claim is available and can be obtained from, among other public sources, the Bankruptcy Court's files; and (v) each is a sophisticated Seller or Purchaser, as applicable, with respect to the transaction described herein with sufficient knowledge and experience in investing in claims of this type to properly evaluate the merits of this transaction and it is able to bear the substantial risk associated in connection therewith. Each of Purchaser and Seller expressly releases the other, its affiliates and its officers, employees, agents and controlling persons from any and all liabilities arising from the failure to disclose Nonpublic Information with respect to the Debtor or the Purchased Claim or corresponding rights and agrees to make no claim against the other, its affiliates and its respective officers, employees, agents and controlling persons in respect of the sale, transfer or assignment of the Transferred Claims and corresponding rights relating to any failure to disclose such Nonpublic Information.

6.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

7.  Purchaser agrees to indemnify Seller and Seller agrees to indemnify Purchaser from all losses, damages and liabilities, including attorneys' fees and expenses, which result from or arise out of Purchaser's or Seller's breach of any representation, warranty or covenant set forth herein. Neither party hereto assumes or shall be responsible for any obligations or liabilities of the other party related to or in connection with this transfer of Purchased Claims and corresponding rights unless such obligation or liability arose from or was in connection with such party's breach of the representations or warranties set forth herein.

8.  Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

9.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

00097405.000.DOC                                   2

10. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 28 day of March, 2011.

**Sunrise Partners Limited Partnership**

By: _____
Name: Michael J. Berner
Title: Vice President

Address:
c/o Par-Four Investment Management LLC
50 Tice Blvd., 3rd Floor
Woodcliff Lake, NJ 07677

**Tejas Securities Group Inc.**

By: _____
Name: Greg Weaghy
Title: CEO

Address:
8226 Bee Caves Road
Austin Texas 78746

3

## SCHEDULE 1

Transferred Claims

Purchased Claim

100% of $1,500,000.00 (the outstanding amount of the Proof of Claim as of March 11, 2011) plus all accrued interest, fees and other recoveries.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Principal Protected Wght Wld Bkt of DJ Euro 50 | XS0280527408 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,500,000 | 0% | 12/29/2010 | Plus all accrued interest, fees and other recoveries due. |

4

00097405.000.DOC