**Hearing Date and Time: April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: April 7, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark

*Attorney for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

**LIMITED OBJECTION OF GIANTS STADIUM LLC TO THE DEBTORS' MOTION FOR AUTHORIZATION TO ESTABLISH AND IMPLEMENT PROCEDURES IN CONNECTION WITH DISCOVERY RELATED TO PLAN CONFIRMATION**

　　　　　Giants Stadium LLC ("Giants Stadium"), by and through its undersigned counsel, submits this Limited Objection (the "Limited Objection") to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal Rules of Bankruptcy Procedure for Authorization to Establish and Implement Procedures in Connection with Discovery Related to Plan Confirmation [Docket No. 14867], dated March 8, 2011 (the "Debtors' Discovery Motion"). Giants Stadium acknowledges that an organized plan of discovery will make sense at some future point in time. Nevertheless, until the Debtors reveal their proposed plan's approach to the valuation of certain types of claims, including derivative claims such as the claims held by Giants Stadium, the

holders of such claims can neither reasonably anticipate the scope of discovery that will be needed nor evaluate whether the proposed discovery plan improperly affects their rights.

Accordingly, the Court should delay approval of the Debtors' Discovery Motion until after the Debtors, at a minimum, have publicly filed their proposed framework for estimating derivative claims.

## BACKGROUND

1. On July 27, 2007, Giants Stadium and Lehman Brothers Special Financing Inc. ("LBSF") entered into (i) an ISDA Master Agreement (Local Currency-Single Jurisdiction) in which the Financial Guaranty Insurance Company was the insurer (together with the schedule and exhibits thereto and each confirmation exchanged with regard to a transaction thereunder, the "ISDA Master Agreement (FGIC-Insured)"), and (ii) an ISDA Master Agreement (Local Currency-Single Jurisdiction) in which Financial Security Assurance Inc. was the insurer (together with the schedule and exhibits thereto and each confirmation exchanged with regard to a transaction thereunder, the "ISDA Master Agreement (FSA-Insured)" and collectively with the ISDA Master Agreement (FGIC-Insured), the "ISDA Master Agreements"). Lehman Brothers Holdings Inc. ("LBHI") guaranteed the obligations of LBSF and served as the Credit Support Provider of LBSF under the ISDA Master Agreements.[1]

2. On September 15, 2008 and periodically thereafter, LBHI and certain of its affiliates (the "Debtors") commenced voluntary proceedings under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of

---

[1] Capitalized terms not defined in this Limited Objection have the meaning ascribed to them in the ISDA Master Agreements.

New York (the "Court"). The Court has consolidated these cases for procedural purposes and is jointly administering them pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. As LBHI served as the Credit Support Provider of LBSF under the ISDA Master Agreements, its bankruptcy filing constituted an Event of Default under Section 5(a)(vii) of the ISDA Master Agreements.

4. Exercising its rights under § 560 of the Bankruptcy Code and Section 6(a) of the ISDA Master Agreements, Giants Stadium provided LBSF with notices that terminated the ISDA Master Agreements and designated September 18, 2008 as the Early Termination Date.

5. Pursuant to Section 6(d) of the ISDA Master Agreements, Giants Stadium provided LBSF on October 2, 2008 with statements of the termination amounts that LBSF owed Giants Stadium according to the calculations in Section 6(e) of the ISDA Master Agreements.

6. On July 2, 2009, the Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

7. On October 29, 2009, Giants Stadium filed a proof of claim against LBSF (the "Standing LBSF Claim") and a proof of claim against LBHI (the "Standing LBHI Claim" and together with the Standing LBSF Claim, the "Standing Claims") that both stated an unsecured claim amount of $301,804,617.14.[2]

---

[2] The Standing Claims amended prior sets of proofs of claim that Giants Stadium filed against LBSF and LBHI on October 17, 2008 and September 22, 2009 (collectively, the "Prior Claims"). The Prior Claims have either been withdrawn by Giants Stadium as duplicative or expunged and disallowed by the Court in light of the Standing Claims. The Standing Claims are associated with a

-3-

8.      On March 15, 2010, the Debtors filed the Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [Docket No. 7572]. On April 14, 2010, the Debtors filed a revised Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [Docket No. 8330] and the Debtors' Disclosure Statement for Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code [Docket No. 8332].

9.      On December 15, 2010, an informal group of certain holders of claims against the Debtors (the "Ad Hoc Group of Lehman Brothers Creditors") filed the Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of Its Affiliated Debtors Other than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC Proposed by the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Plan") [Docket No. 13504] and the Disclosure Statement for the Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of Its Affiliated Debtors Other than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC Proposed by the Ad Hoc Group of Lehman Brothers Creditors [Docket No. 13505].

10.     On January 25, 2011, the Debtors filed the First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [Docket No. 14150] (the "Debtors' Plan") and the Debtors' Disclosure Statement for First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [Docket No. 14151].

11.     On March 8, 2011, the Debtors filed the Debtors' Discovery Motion.

---

derivative questionnaire and a guarantee questionnaire that Giants Stadium filed on October 22, 2009, both of which state a claim amount of $301,804,617.14.

12. On March 31, 2011, the Debtors filed the Notice of Amended Order Establishing Schedule in Connection with Discovery Related to Plan Confirmation and Other Issues [Docket No. 15539], in which they set out a proposed Order Establishing Schedule and Procedures in Connection with Discovery Related to Plan Confirmation and Other Issues (the "Revised Proposed Order").

**LIMITED OBJECTION**

13. The Debtors' Discovery Motion and Revised Proposed Order seek to place constraints on discovery in relation to contested issues of fact and law that the Revised Proposed Order anticipates may be presented by the Debtors' Plan, the Ad Hoc Plan, and any other plans of reorganization filed in these jointly administered Chapter 11 cases. (*See* Revised Proposed Order 1.)

14. By its own terms, the Revised Proposed Order "shall not affect the rights of any . . . creditor . . . to seek discovery in connection with any other contested matters or adversary proceedings (even if related to, or to be heard contemporaneously with, Plan confirmation)." (Revised Proposed Order ¶ 1.) On the understanding, therefore, that the Revised Proposed Order would not impact the rights of Giants Stadium to seek discovery relating to the Debtors' valuation of the Standing Claims, Giants Stadium does not object to that aspect of the Debtors' Discovery Motion and the Revised Proposed Order.

15. Nevertheless, Giants Stadium submits this Limited Objection because any constraints on discovery in relation to contested issues of fact and law in connection with the Debtors' Plan in these jointly administered Chapter 11 cases appears premature. The Debtors have yet to reveal any meaningful information regarding a critical element of the Debtors' Plan, namely its proposed treatment of derivative claims such as those of Giants Stadium. Debtors have previewed that they expect to establish a Derivative Claims Framework (*see* Debtors' Plan § 6.6.), but there has been no

meaningful disclosure regarding any aspect of the "framework." The lack of disclosure regarding the Derivative Claims Framework mirrors the conspicuous refusal of the Debtors to disclose any information on their approach to valuing claims against them that arise from terminated derivative contracts. (*See, e.g.*, Response of ICM Business Trust to the Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims) [Docket No. 13226], dated Dec. 6, 2010 ¶ 15 (asserting that "the Debtors . . . failed to offer any support for their valuation methods during their numerous negotiations with ICM. During those discussions, the Debtors simply proposed settlement amounts without ever explaining their assertions or providing any formula, calculations or supporting documentation").) Similar observations have been typical in numerous responses to the Debtors' objections to derivative claims.

16. Until the Debtors make transparent their proposed plan's approach to valuing claims against them that arise from terminated derivative contracts, the holders of such claims cannot reasonably anticipate the scope of discovery that will prove necessary to pursue. Nor can Giants Stadium or other creditors whose claims are based on terminated derivative contracts know whether it would be reasonable to follow the discovery plan outlined in Debtors' Discovery Motion, which would limit substantially the discovery opportunities of creditors.

17. Giants Stadium accordingly objects to Debtors' Discovery Motion because it is premature, and reserves its right to seek all appropriate discovery in the future that is permitted pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Procedure, and any other applicable provisions of law.

Dated: New York, New York
      April 5, 2011

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:   /s/
     Bruce E. Clark
     SULLIVAN & CROMWELL LLP
     125 Broad Street
     New York, New York 10004
     Telephone: (212) 558-4000
     Facsimile: (212) 558-3588

*Attorney for Giants Stadium LLC*