UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re :                                                                              Chapter 11

**LEHMAN BROTHERS HOLDINGS, INC.** *et al.,*        Case No. 08-13555 (JMP)

                                Debtors.                             (Jointly Administered)
-----------------------------------------------------------------x

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE COMMITTEE *NUNC PRO TUNC* AS OF JANUARY 24, 2011

Upon the application (the "**Application**") of the Fee Committee, unanimously approved and submitted by its Chairman[1], for an order pursuant to 11 U.S.C. § 105 and pursuant to the *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651] (as may be amended from time to time, the "**Fee Protocol**"), authorizing the Fee Committee to retain Godfrey & Kahn, S.C. ("**G&K**") as counsel to provide services as set forth in the Application and herein; and upon the Affidavit of Brady C. Williamson (the "**Williamson Affidavit**"), annexed to the Application as Exhibit A; and notice of the Application having been given as set forth in the Notice of Presentment; and it appearing that such notice is due and sufficient and that no further or other notice is required; and the Court being satisfied that G&K does not hold or represent an interest adverse (except as otherwise noted) to the Debtors' estates and that G&K is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, and that the employment of G&K is necessary and in the best interests of the Fee Committee and these cases; and the Court having determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted in this order; and after due deliberation and sufficient cause appearing therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

1.     Subject to the terms and conditions of this Order, the Application is granted as set

---

[1] Terms not otherwise defined here shall have the meaning ascribed to them in the Application.

forth herein.

2. The Fee Committee is authorized to employ, retain, compensate, and reimburse G&K as its counsel on the terms and conditions set forth in the Application and this Order, effective *nunc pro tunc* to January 24, 2011.

3. The services G&K is to provide the Fee Committee include representing it in connection with:

  A. Monitoring, reviewing and, where appropriate, objecting to applications for fees and expenses filed by Retained Professionals;

  B. Establishing measures to help the Court ensure that compensation and expenses paid by the Estate are reasonable, actual, and necessary under the Bankruptcy Code and (i) 11 U.S.C. §§ 328, 329, 330, and 331 as applicable; (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure; (iii) the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**"); and (iv) the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures For Interim Monthly Compensation And Reimbursement Of Expenses Of Professionals [Docket No. 4165] (as further revised and amended from time to time, the "**Interim Compensation Order**");

  C. Reviewing all monthly statements, interim and final fee applications, whenever filed, submitted by Retained Professionals, since the inception of the Chapter 11 Cases and until otherwise ordered by the Court;

  D. Interposing objections to, and being heard in any hearing or other

proceedings to consider interim and final applications for fees and reimbursement of expenses filed by Retained Professionals to the extent permitted by the Bankruptcy Court;

  E. Serving objections to monthly statements, in whole or in part, precluding the payment of the amount questioned;

  F. Preparing applications in connection with the Fee Committee's retention of other professionals and consultants, including but not limited to fee auditors, to assist the Fee Committee in discharging its duties;

  G. Conducting discovery in the event of a contested matter between the Fee Committee and any Retained Professional;

  H. Negotiating with the Retained Professionals regarding objections to interim and final fee applications and monthly statements and consensually resolving such objections where possible;

  I. Presenting reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to applications for compensation;

  J. Periodically, in the Fee Committee's discretion and at the Fee Committee's direction, filing summary reports with the Court on the Retained Professionals' applications;

  K. Establishing guidelines and requirements for the preparation and submission to the Fee Committee of non-binding budgets by Retained Professionals;

  L. Where necessary, attending meetings between the Fee Committee or its chairman and the Retained Professionals; and

  M. Such other services as the Fee Committee may request.

 4. G&K shall be compensated and reimbursed for its expenses consistent with the

Application and the Fee Protocol, as may be amended from time to time.

5. To the extent of any inconsistency between the terms of the Application, the Williamson Affidavit and this Order, the terms of this Order shall control.

6. The compensation structure and/or payment arrangements set forth in the Application may not be modified or amended without further order of the Court.

7. Notwithstanding the payment arrangements outlined in the Application, G&K and the Independent Member shall apply, retrospectively and no less often than every four months to the Court for the interim and final allowance of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any otherwise applicable administrative orders and guidelines.

8. G&K's engagement may not be terminated without further order of the Court.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order, including any motions or applications to amend the Order.

Dated: New York, New York
April 6, 2011

                                     *s/ James M. Peck*
                                     Honorable James M. Peck
                                     United States Bankruptcy Judge