Initial Hearing Date and Time: April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Initial Objection Date and Time: April 6, 2011 at 4:00 p.m. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
In re                                               : Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**          : 08-13555 (JMP)
                                                    :
                            Debtors.                : (Jointly Administered)
                                                    :
------------------------------------------------------------------- x

**RESPONSE OF THE OPERATING COMPANY CREDITORS
TO THE MOTION OF THE AD HOC GROUP OF LEHMAN
BROTHERS CREDITORS SEEKING, AMONG OTHER THINGS, AN
ORDER SCHEDULING A DISCLOSURE STATEMENT HEARING AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The undersigned operating company creditors (the "Operating Company Creditors"), by and through their individual attorneys, hereby file this response (the "Response") to the Motion of the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group") for entry of (i) an order scheduling a disclosure statement hearing and approving the form and manner of notice thereof and (ii) an order approving the disclosure statement for the Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of Its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC [Docket No. 15431] (the "Motion").

1.      The Operating Company Creditors support the relief requested in the Motion as it relates to the scheduling of a hearing to consider approval of any disclosure statement relating to an alternative plan and respectfully request that any plan and disclosure statement proposed by the Operating Company Creditors be subject to the same hearing schedule as the Debtors'

currently proposed plan and related disclosure statement. Considering alternative disclosure statements and plans concurrently with those of the Debtors will promote fairness and judicial economy, and minimize expenses for the Debtors' estates as well as potential plan proponents.

2.  The Operating Company Creditors have been engaged in good faith discussions with the Debtors and the Official Committee of Unsecured Creditors concerning potential revisions to the Debtors' plan. In particular, the Operating Company Creditors have expressed their views regarding, among other things, the Debtors' proposed reallocation of substantial value from creditors of operating companies to creditors of the holding company through the settlement of unfounded arguments for substantive consolidation, impermissible class gifts, unfairly inflated intercompany claims, and a conflict-ridden intercompany claims resolution process that puts the same party on both sides of any dispute. The Operating Company Creditors have not filed a plan, but reserve the right to do so.

3.  On March 30, 2011, certain of the Operating Company Creditors requested that the Debtors agree that any disclosure statement relating to a plan filed by the Operating Company Creditors be subject to the same schedule as the Debtors' plan and disclosure statement, provided that any such plan and disclosure statement are filed, and a motion to approve such disclosure statement is served, sufficiently in advance of the hearing to consider approval of the Debtors' disclosure statement. By e-mail dated March 31, 2011, counsel to the Debtors agreed to this request. A copy of the e-mail exchange is attached as <u>Exhibit B</u> hereto. To date, the Operating Company Creditors have not reached agreement with the Debtors as to the form of order implementing the e-mail agreement.

4.  If timely filed alternative plans are not permitted to proceed on the same schedule as the Debtors' plan, the Debtors would achieve a back-door extension of plan exclusivity,

beyond the limitations imposed by section 1121 of the Bankruptcy Code.  Under section 1121(d)(2), the Debtors' exclusive right to file and solicit a plan may not be extended beyond 18 months or 20 months, respectively, after the petition date.  There is no exception to this bright-line rule.  Any delay in the schedule for the hearing to consider approval of a timely filed disclosure statement relating to an alternative plan would be contrary to the statutory construct.

     5.     The Operating Company Creditors respectfully request that the Court enter an order, substantially in the form attached as Exhibit A hereto, providing that the hearing on any disclosure statement relating to a plan filed by any party in interest be held on June 28, 2011 (or a later date in the event that the hearing on the Debtors' disclosure statement is adjourned to such later date), provided that such party in interest files and serves a plan and disclosure statement on or before April 29, 2011 (or, if later, at least 28 days prior to the objection deadline for the disclosure statement hearing on the Debtors' plan).

Dated:  April 6, 2011
       New York, New York

                          Respectfully submitted,

                          BINGHAM MCCUTCHEN LLP
                          399 Park Avenue
                          New York, New York 10019
                          Telephone:  (212) 705-7000
                          Facsimile:  (212) 702-3667
                          Joshua Dorchak
                          Joshua.dorchak@bingham.com

                          By:  /s/ Joshua Dorchak
                              Joshua Dorchak
                              A Member of the Firm

                          (*Attorneys for Deutsche Bank AG*)

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666
Howard R. Hawkins, Jr.
Howard.Hawkins@cwt.com

- and -

700 Sixth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400
Mark C. Ellenberg
Mark.Ellenberg@cwt.com
Peter Friedman
Peter.Friedman@cwt.com


By:  /s/ Mark C. Ellenberg
     Mark C. Ellenberg
     A Member of the Firm

(*Attorneys for Morgan Stanley Capital Services Inc. and Morgan Stanley & Co. International plc*)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Thomas J. Moloney
tmoloney@cgsh.com
Seth Grosshandler
sgrosshandler@cgsh.com
Sean A. O'Neal
soneal@cgsh.com

By:   /s/ Thomas J. Moloney
    Thomas J. Moloney
    A Member of the Firm

(*Attorneys for D. E. Shaw Composite Portfolios L.L.C., D. E. Shaw Oculus Portfolios, L.L.C., Goldman Sachs Bank USA (successor by merger to Goldman Sachs Capital Markets, L.P), and Goldman Sachs International*)

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Andrew Brozman
Andrew.Brozman@CliffordChance.com

By: /s/ Andrew Brozman
    Andrew Brozman
    A Member of the Firm

(*Attorneys for Crédit Agricole CIB*)

CRAVATH SWAINE & MOORE
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Richard Levin
RLevin@cravath.com

By: /s/ Richard Levin
    Richard Levin
    A Member of the Firm

(*Attorneys for Credit Suisse International*)

DEWEY LEBOEUF LLP  
1301 Avenue of the Americas  
New York, New York 10019  
Telephone: (212) 259-8000  
Facsimile: (212) 259-6333  
Irena M. Goldstein  
igoldstein@DeweyLeBoeuf.com  

By: /s/ Irena M. Goldstein  
    Irena M. Goldstein  
    A Member of the Firm  

(*Attorneys for The Royal Bank of Scotland plc*)

        PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
        1285 Avenue of the Americas
        New York, New York 10019
        Telephone: (212) 373-3000
        Facsimile: (212) 757-3990
        Alan W. Kornberg
        akornberg@paulweiss.com
        Jeffrey D. Saferstein
        jsaferstein@paulweiss.com

        By: /s/ Jeffrey D. Saferstein
            Jeffrey D. Saferstein
            A Member of the Firm

        (*Attorneys for Oaktree Capital Management, L.P., solely in its capacity as agent on behalf of certain funds advised by it or their respective subsidiaries, and Silver Point Capital, L.P. on behalf of its affiliated investment funds*)

9