Hearing Date: April 13, 2011 at 10:00 a.m. (ET)

Richard M. Goldman
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

James A. Stempel (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Counsel for FCPLP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : |
| | : Case No. 08-13555 (JMP) |
| Debtors. | : |
| | : (Jointly Administered) |
| | : |

**STATEMENT OF FARALLON CAPITAL PARTNERS, L.P. IN SUPPORT OF MOTION OF THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS FOR ENTRY OF (I) AN ORDER SCHEDULING A DISCLOSURE STATEMENT HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (II) AN ORDER APPROVING THE DISCLOSURE STATEMENT FOR THE JOINT SUBSTANTIVELY CONSOLIDATING CHAPTER 11 PLAN FOR LEHMAN BROTHERS HOLDINGS INC. AND CERTAIN OF ITS AFFILIATED DEBTORS OTHER THAN MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED SOMERSET LLC, FILED BY THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS**

Farallon Capital Partners, L.P. ("FCPLP"), a creditor in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated chapter 11 debtors in possession (collectively, the "Debtors"), hereby file this statement in support of the motion of the Ad

Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group"), dated March 29, 2011 [Docket No. 15431] (the "Motion"), seeking entry of an order, *inter alia*, scheduling a hearing to consider approval of the Ad Hoc Group's disclosure statement at the same time as the hearing on the Debtors' disclosure statement.[1] In support of the Motion, FCPLP respectfully states as follows:

## BACKGROUND

1. On January 25, 2011, the Debtors filed the First Amended Joint Chapter 11 Plan (as it may be further amended or modified, the "Debtors' Plan") [Docket No. 14150] and a disclosure statement related thereto (the "Debtors' Disclosure Statement") [Docket No. 14151].

2. On December 15, 2010, the Ad Hoc Group filed the Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of Its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC (as it may be amended, revised or otherwise modified, the "Ad Hoc Group's Plan") [Docket No. 13504]. Also on December 15, 2010, the Ad Hoc Group filed the Ad Hoc Group's Disclosure Statement related to the Ad Hoc Group's Plan [Docket No. 13505].

3. On March 14, 2011, the Debtors filed a Motion (i) for approval of the Debtors' Disclosure Statement and the form and manner of notice of the Debtors' Disclosure Statement hearing, (ii) establishing solicitation and voting procedures, (iii) scheduling a confirmation hearing, and (iv) establishing notice and objection procedures for confirmation of the Debtors' Plan [Docket No. 15078]. By Order to Show Cause, dated March 16, 2011, the Court scheduled a hearing for June 28, 2011 at 10:00 a.m. and an objection deadline of May 27, 2011 at 4:00 p.m. to consider approval of the Debtors' Disclosure Statement [Docket No. 15082].

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

2

K&E 18704803

4. FCPLP holds claims against LBHI based on its beneficial ownership of securities issued or guaranteed by LBHI, and together with its affiliates holds in the aggregate hundreds of millions of dollars in principal value of such securities.

## STATEMENT

5. FCPLP supports the relief requested in the Motion that would set the hearing date for consideration of the Ad Hoc Group's Disclosure Statement at the same June 28, 2011 hearing at which the Debtors' Disclosure Statement will be considered by the Court.

6. At this time, FCPLP does not take a position as to the relative merits of either the Ad Hoc Group's or the Debtors' plans and disclosure statements, other than to note that (a) both plans appear to be well-intentioned and thoughtfully presented, and (b) both plans are being advanced and either explicitly supported or deemed to be supported by large and broadly-representative groups of creditors—the Creditors' Committee in the case of the Debtors' Plan and creditors holding more than $20 billion of claims against various Lehman entities, including more than $16 billion of claims against LBHI, in the case of the Ad Hoc Group's Plan.

7. Given the complexities of these Chapter 11 Cases, both plans could have potential advantages, disadvantages and both economic and execution risks for voting creditors such as FCPLP. However, FCPLP believes that it, and other creditors who will be evaluating and voting on these plans, will be best served in weighing these considerations by having several broadly-supported competing plans and disclosure statements presented and solicited on a "parallel track." This approach will promote transparency by helping to bring into focus and expose to public scrutiny the demands, arguments and strengths/weaknesses in negotiating positions of the various competing constituencies. Having multiple plan choices will also help creditors evaluate trade-offs and compromises required for an expedient and consensual confirmation of a plan, and should ultimately benefit the plan that is most fair (or least offensive) to the required critical mass of creditors.

K&E 18704803

8. Other courts have set schedules to accommodate the concurrent consideration of competing plans and disclosure statements. See, e.g., Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem. Hosp. (In re Henry Mayo Newhall Mem. Hosp.), 282 B.R. 444, 453 (9th Cir. B.A.P. 2002) ("It is . . . common for competing plans to be placed on the same schedule so that they can be considered in tandem."); see also, WCI Steel, Inc. v. Wilmington Trust Co., 338 B.R. 1, 4 (N.D. Ohio 2005) (noting that disclosure statements for competing plans were considered and approved on same day and that "the solicitation and confirmation of the two Chapter 11 plans were aligned [by the bankruptcy court] so that the competing plans moved forward on the same timetable"); In re Sugarhouse Realty, Inc., No. 92-23024 SR, 1995 WL 114151, at *4 (Bankr. E.D. Pa. 1995) (noting that disclosure statement for competing plan had had to be approved on an "extraordinary" "fast-track timetable" to ensure plans would be considered on same track); In re Applegate Prop., Ltd., 133 B.R. 827, 828 (Bankr. W.D. Tex. 1991) (noting that competing plans were considered at same confirmation hearing); In re First Humanics Corp., 124 B.R. 87, 89 n.3 (Bankr. W.D. Mo. 1991) (noting that court had previously reset disclosure statement hearing to place competing plans on "same timetable").

## CONCLUSION

9. For the foregoing reasons, FCPLP respectfully requests that the Court (a) grant the Motion and (b) grant such other and further relief as the Court deems just.

K&E 18704803

Dated: April 6, 2011  /s/ Richard M. Goldman
      New York, New York  Richard M. Goldman
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

and

James A. Stempel (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654-3406
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Counsel for FCPLP