| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **Hearing Date and Time:**<br>April 13, 2011, at 10:00 a.m.<br><u>**Objection Deadline:**</u><br>April 7, 2011, at 4:00 p.m. |

-------------------------------------------------------x
:
In re                                                                       :        Chapter 11
:
LEHMAN BROTHERS HOLDINGS,              :        Case No. 08-13555 (JMP)
  INC., <u>et</u> <u>al</u>.,                                       :
:        (Jointly Administered)
                                            Debtors.    :
:
-------------------------------------------------------x

## RESPONSE OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ESTABLISH AND IMPLEMENT PROCEDURES IN CONNECTION WITH DISCOVERY RELATED TO PLAN CONFIRMATION

TO:   THE HONORABLE JAMES M. PECK,
       UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), by and through her counsel, hereby submits this response (the "Response") to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal Rules of Bankruptcy Procedure for Authorization to Establish and Implement Procedures in Connection with Discovery Related to Plan Confirmation (the "Discovery Procedures Motion").  (ECF Dkt. No. 14867).  In support thereof, the United States Trustee respectfully states:

### I.  INTRODUCTION

The United States Trustee favors the establishment and implementation of discovery procedures relating to plan confirmation in these cases that will effect an efficient, expeditious and orderly process by which the parties may conduct necessary

discovery. The proposed Amended Discovery Procedures and proposed Amended Protective Order (each defined below), however, do not appear to completely adhere to the requirements of the Bankruptcy Code, Bankruptcy Rules and other applicable non-bankruptcy law. For these reasons, the Amended Discovery Procedures and Amended Protective Order should be modified to:

(i) Provide that the United States Trustee may, in accordance with her duties and responsibilities set forth in Section 586 of title 28, United States Code ("Title 28"), fully participate in plan confirmation discovery as she deems necessary and appropriate;

(ii) Provide that the United States Trustee may comply with her disclosure obligations under Section 586 of Title 28, the Freedom of Information Act, codified at Section 552 of Title 5 ("FOIA"), United States Code and other applicable law, and that information obtained through discovery and disclosed by the United States Trustee may be used by in connection with civil or criminal law enforcement matters; and

(iii) Delete the "automatic sealing" provision included in paragraph 9 of the Amended Protective Order to comply with the requirements under Section 107(b) of title 11, United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In the alternative, incorporate a mechanism by which the United States Trustee may review and object to a pleading or other document proposed to be filed with Court under seal to consider (and object to if necessary) compliance or lack thereof with Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

## II. FACTUAL BACKGROUND

**General Background**

1. On September 15, 2008, and periodically thereafter (collectively, the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2

2.   Prior to the Petition Date, Lehman Brothers, Inc. ("LBI"), was the fourth largest investment bank in the United States, and, for more than 150 years, had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide. Affidavit of Ian T. Lowitt, Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, sworn to on September 14, 2008, at ¶ 5. (ECF Dkt. No. 2).

3.   By Order dated September 17, 2008, the Debtors' cases are being administered jointly. (ECF Dkt. No. 86).

4.   On September 17, 2008, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee"). (ECF Dkt. No. 62). The constitution of the Creditors' Committee has been amended subsequently from time to time. See ECF Dkt. Nos. 592, 6217, 7034.

5.   On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI. A trustee appointed under SIPA is administering LBI's estate.

6.   No trustee has been appointed in these cases.

7.   A recitation of additional facts underlying the general background of these cases is set forth in the objection (the "Special Counsel Objection") of the United States Trustee to the application of the Debtors, pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), to employ and to retain Milbank, Tweed, Hadley & McCloy, LLP, as special counsel to the Debtors in connection with certain tax-related matters. (ECF Dkt. No. 15192). The Court respectfully is referred to

the Special Counsel Objection for this additional factual background underlying this Response.

**The Debtors' Disclosure Statement and Plan**

8. On March 15, 2010, the Debtors filed the Joint Chapter 11 Plan of Lehman Brothers Inc. and its Affiliated Debtors, dated March 15, 2010. (ECF Dkt. No. 7572).

9. On April 14, 2010, the Debtors filed a revised plan (the "Revised Initial Plan"), together with the Debtors' Disclosure Statement for Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (the "Initial Disclosure Statement"), each dated April 14, 2010. (ECF Dkt. Nos. 8330 and 8332).

10. A review of the Court's docket reveals that the Debtors did not seek Court approval either of the Initial Disclosure Statement or the Revised Initial Plan.

11. On January 25, 2011, the Debtors filed (i) the Debtors' First Amended Disclosure Statement for First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (the "Amended Disclosure Statement") and (ii) the Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Amended Plan"). (ECF Dkt. Nos. 14150 and 14151).

12. On March 14, 2011, the Debtors filed a motion (the "Amended Disclosure Statement Motion") for, among other things, approval of the Amended Disclosure Statement. (ECF Dkt. No. 15078). A hearing to consider the Disclosure Statement Motion is scheduled for June 28, 2011, at 10:00 a.m. Id.

4

**The Ad Hoc Group's Disclosure Statement and Plan**

13.     On December 15, 2010, an ad hoc group of LBHI creditors (the "Ad Hoc Group") filed the Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of its Affiliated Debtors Other than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC (the "Ad Hoc Plan"), dated December 15, 2010, together with a related disclosure statement, also dated December 15, 2010 (the "Ad Hoc Disclosure Statement").  (ECF Dkt. Nos. 13504 and 13505).

14.     On March 29, 2011, the Ad Hoc Group filed a motion (the "Ad Hoc Scheduling Motion") seeking, among other things, an order (the "Scheduling Order") scheduling a hearing to consider the adequacy of the Ad Hoc Disclosure Statement on June 28, 2011.  (ECF Dkt. No. 15431).  A hearing to consider the Ad Hoc Scheduling Motion is scheduled for April 13, 2011, at 10:00 a.m.

**The Discovery Procedures Motion**

15.     On March 8, 2011, the Debtors filed the Discovery Procedures Motion (ECF Dkt. No. 14867).  By the Discovery Procedures Motion, the Debtors sought (i) entry of an order (the "Discovery Procedures Order") setting forth a schedule and procedures (the "Discovery Procedures") pursuant to which interested parties may conduct discovery in connection with plan confirmation and (ii) entry of a protective order (the "Protective Order") relating to the Discovery Procedures.  Although a hearing on the Discovery Procedures Motion initially was scheduled for March 23, 2011, the Debtors have adjourned the hearing to April 13, 2011, at 10:00 a.m.

5

16. On March 11, 2011, and again on March 22, 2011, the United States Trustee, by counsel, provided the Debtors with various comments regarding the Discovery Procedures and the Protective Order.

17. On March 26, 2011, the Debtors filed a Notice of Extension of Time to Object to Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal Rules of Bankruptcy Procedure for Authorization to Establish and Implement Procedures in Connection with Discovery Related to Plan Confirmation (the "Discovery Procedures Notice"). (ECF Dkt. No. 15392). The Discovery Procedures Notice provides that the deadline for parties to object to the Discovery Procedures Motion is extended from April 1, 2011, to April 5, 2011, at 4:00 p.m.

18. On March 31, 2011, the Debtors filed a proposed amended discovery procedures order (the "Amended Discovery Procedures Order") and a proposed amended protective order (the "Amended Protective Order"), together with notice thereof. (ECF Dkt. No. 15539). The Amended Discovery Procedures Order represents a substantial revision to the Discovery Procedures, as evidenced by the fact that the Amended Discovery Procedures are 25 pages longer than the procedures initially proposed. Although the Amended Discovery Procedures and the Amended Protective Order incorporate some of the comments that the United States Trustee provided to the Debtors, these documents do not contain all of the United States Trustee's requested modifications.

19. On April 4, 2011, the Debtors filed a second notice extending the period of time within which to object to the Amended Discovery Procedures and Amended

Protective Order from April 5, 2011, at 4:00 p.m. to April 7, 2011, at 4:00 p.m.  (ECF Dkt. No. 15607).

*The Amended Discovery Procedures*

20. Among the many provisions that form the 49-page proposed Discovery Procedures Order, the Amended Discovery Procedures provide at paragraph 1(a) that "[a]ll discovery sought must be sought in connection with the Plan Issues only, and no discovery or information contained therein may be used in connection with any other matter or proceeding." Amended Discovery Procedures, ¶ 1(a).  Similarly, the Amended Discovery Procedures provide at paragraph 2(h) that all Plan Discovery (as defined therein) "shall be conducted in accordance with the terms of the Protective Order."  Amended Discovery Procedures, ¶ 2(h).  As discussed below at paragraphs 22 and 23, the Amended Protective Order also prohibits the use of any information obtained through discovery in any other matters or proceedings, irrespective of whether the use would be in connection with civil or criminal law enforcement matters.

21. In addition, the Amended Discovery Procedures provide at paragraph 20 that "absent further order of the Court, no discovery or information obtained pursuant to this Order may be introduced in evidence or otherwise disclosed in any other matter or proceeding unless properly obtained through discovery or otherwise in such other matter or proceeding."  Amended Discovery Procedures, ¶ 20.

*The Amended Protective Order*

22. Similar provisions are included in the Amended Protective Order. Specifically, paragraph 16 of the Amended Protective Order provides that Receiving Parties (as defined therein) are barred from using Confidential Information or Attorneys'

7

Eyes Only Information except in Plan Discovery and only for the purposes permitted by the Protective Order and the Amended Discovery Procedures Order. Amended Protective Order, ¶ 16; see also, Amended Protective Order, ¶ 18.

23.  The Amended Protective Order also provides that:

> Nothing herein shall prevent the UST from disclosing information designated as Confidential or Attorneys' Eyes Only for civil and criminal law enforcement purposes or in compliance with a subpoena or court order. To the extent Confidential Information is sought pursuant to any request made under the Freedom of Information Act or other applicable law requiring disclosure, prior to the disclosure of any documents or information deemed as Confidential or Attorneys' Eyes Only, the UST shall provide the Designating Party with prompt written notice to give the Designating Party an opportunity to object to the disclosure of any specific portion of the document or information.

Amended Protective Order, ¶ 23.

24.  In addition, the Amended Protective Order provides that documents containing information that has been designated as "Confidential" or "Attorneys' Eyes Only" that are sought to be filed with the Court, shall automatically be accepted under seal. Specifically, paragraph 9 of the Amended Protective Order provides:

> All documents, including pleadings, motions and other papers, containing, identifying, or referencing Confidential or Attorneys' Eyes Only Information filed with the Court shall be filed under seal, simultaneously with a redacted public copy of any such pleadings, motions and/or other papers, redacting only that information designated as "Confidential" or "Attorneys' Eyes Only." Any Receiving Party intending to use Confidential or Attorneys' Eyes Only Information in connection with Plan Discovery agrees to meet and confer in good faith with the Designating Party about appropriate steps that may be taken to protect the confidentiality of such material, including, but not limited to, agreeing to redact such Confidential or Attorneys' Eyes Only Information. Such meeting shall take place as soon as reasonably practicable, but no later than the date of the hearing at which the document will be used.

Amended Protective Order, ¶ 9.

25. Under the Amended Protective Order, "Confidential" means that the producing or receiving party in good faith reasonably believes that the Discovery Material (as defined therein) contains "non-public, confidential, proprietary or commercially sensitive non-public information that requires the protections of this Protective Order."  Amended Protective Order, ¶ 3.  The Amended Protective Order further provides that Confidential Information includes, but is not limited to:

> … all non-public materials containing information related to: (i) financial or business plans, projections or valuations, (ii) proposed strategic transactions and other business combinations, negotiations, inquiries or agreements, including but not limited to, joint ventures, mergers, material asset sales, purchases, buy-outs, consolidations, transfers of interests and partnerships; (iii) studies or analyses by internal or outside experts or consultants; (iv) financial or accounting results or data; (v) business, management and marketing plans and strategies; and (vi) acquisition offers and expressions of interest; and (vii) contracts or agreements with or among affiliates, partners or Producing Parties.

Amended Protective Order, ¶ 3.

26. "Attorneys' Eyes Only Information" refers to information that the producing or receiving party in good faith reasonably believes that the Discovery Material contains non-public, highly confidential, highly sensitive proprietary or commercial information that requires the highest level of protections provided under the Amended Protective Order.  Amended Protective Order, ¶ 4.  The Amended Protective Order further provides that Attorneys' Eyes Only Information includes all non-public materials containing information related, but not limited, to:

> (i) trade secrets; (ii) special formulas; (iii) proprietary software and/or computer programs; (iv) internal financial reports or plans; (v) sensitive financial data; and (vii) other highly sensitive non-public commercial, financial, research or technical information.

Amended Protective Order, ¶ 5.

9

### III. RESPONSE

**A.    The Amended Discovery Procedures Should Be Modified to Permit The United States Trustee to Participate Fully in Plan Discovery.**

27.    There is no dispute that the Court has the authority, and should, implement and establish discovery procedures in connection with plan confirmation in these cases. Indeed, Section 105(a) of the Bankruptcy Code codifies the Court's general equitable powers to "… issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title…." 11 U.S.C. § 105(a).  With specific regard to the Debtors' proposed Amended Disclosure Procedures and Amended Protective Order, Bankruptcy Rule 7026 makes Rule 26 of the Federal Rules of Civil Procedure applicable in adversary proceedings, and Bankruptcy Rule 9014(c) makes Bankruptcy Rule 7026 applicable in contested matters.  See In re Quigley Co., Inc., 437 B.R. 102, 149 (Bankr. S.D.N.Y. 2010).

28.    The United States Trustee is authorized to participate fully in the process by which this Court establishes any discovery procedures and approves any protective orders, and the United States Trustee may participate fully in the plan discovery. Specifically, Section 586(a) of Title 28 includes among the duties of the United States Trustee, the duty to supervise the administration of cases, and as may be appropriate, (i) monitor plans and disclosure statements and file with the court in connection with hearings under Sections 1125 and 1128 of the Bankruptcy Code, comments with respect to such plans and disclosure statements, 11 U.S.C. § 586(a)(3)(B), (ii) notify the appropriate United States Attorney of matters which relate to the occurrence of any action which may constitute a crime under the laws of the United States, 11 U.S.C. § 586(3)(F), (iii) monitor the progress of cases under title 11 and take such actions as the

10

United States Trustee deems to be appropriate to prevent undue delay in such progress, 11 U.S.C. § 586(3)(G) and (iv) perform the duties prescribed for the United States Trustee under the Bankruptcy Code and such duties consistent with the Bankruptcy Code and Title 28 as the Attorney General may prescribe, 11 U.S.C. § 586(5).

29. Notwithstanding these authorities, the Amended Discovery Procedures appear to provide that the United States Trustee may only participate generally in plan discovery. Although it is not certain at this point the level of involvement that the United States Trustee will seek in connection with this discovery process, it is clear that the Amended Discovery Procedures and Amended Protective Order should provide for her full participation now, or at any later time through plan confirmation.

30. A review of the Amended Discovery Procedures reveals that Debtors have made some efforts to include the United States Trustee in the discovery process. Despite these efforts, however, there are still areas in the Amended Discovery Procedures where it appears that the United States Trustee is not included. For example, in connection with document discovery from the Debtors, the Amended Discovery Procedures provide at paragraph 3(b), that the United States Trustee may submit document requests, separate from the Group Requests (as defined therein), to the Designated Party (as defined therein). Amended Discovery Procedures, ¶ 3(b). A review of paragraph 3 in its entirety, however, reveals that any separate document requests made by the United States Trustee are not included in the Consolidated Requests (as defined therein) that ultimately are intended to be served upon the Debtors. See Amended Discovery Procedures, ¶ 3(d).

31. Another example concerns document discovery to be propounded upon the Ad Hoc Group. Unlike the provisions relating to document discovery from the

11

Debtors, there is no provision whereby the United States Trustee may, separate from the Groups (as defined therein), provide the Debtors with separate document requests to be propounded upon the Ad Hoc Group. See Amended Discovery Procedures, ¶¶ 5(b) and 5(d). Further, the United States Trustee's ability to provide the Debtors with proposed document requests to Other Participants (as defined therein) also appears to be permissible only if the United States Trustee prepares a formal document request, as opposed to simply submitting proposed document requests to the Debtors. See Amended Discovery Procedures, ¶¶ 6(b) and 6(d).

32.     Other examples where the United States Trustee appears to have not been included in the Amended Discovery Procedures, and should have been, include: (i) paragraph 7(a) (UST not provided for with respect to document discovery from Non-participants (as defined therein)), (ii) paragraph 12(c)(i) (UST should be accorded priority with the Creditors' Committee and the Ad Hoc Group with respect to scope and content of interrogatories), (iii) paragraph 13(a)(i) (UST should be included with the Groups to provide deposition topics to the Designated Party), (iv) paragraph 13(a)(vi) (UST should be included in "meet and confer" with respect to identifying current employees to be deposed), (v) paragraph 13(b) (UST should, together with the Creditors' Committee, be permitted to provide topics for the depositions of the Ad Hoc Group and participate in any "meet and confer") and (vi) paragraph 13(c) (UST should be permitted to provide topics for depositions of Other Participants (as defined therein) and participate in any "meet and confer").

33.     The United States Trustee may not have been included in the above-referenced provisions due to oversight or scrivener's errors in the preparation of these

12

detailed procedures; however, for the reasons set forth above, the United States Trustee requests that the Court direct the Debtors to modify the Amended Discovery Procedures to include the United States Trustee as a full participant and to provide that the United States Trustee may participate fully in plan discovery.

**B.    The Amended Discovery Procedures and the Amended Protective Order Should Be Modified to Clarify that the United States Trustee May Disclose Information Obtained Through Discovery Under Applicable Law and That This Information May Be Used In Connection with Civil or Criminal Law Enforcement Matters.**

34.    As discussed above at paragraph 27, the Court has inherent authority under Section 105(a) of the Bankruptcy Code to enter an order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Simply because the Court has general equity powers, and the stated goal of the Amended Discovery Procedures is to effect an efficient, non-duplicative and expedient process, see Amended Discovery Procedures Order, at 1, does not require that the Court find that all of the provisions in the Amended Discovery Procedures are necessary and appropriate. Indeed, the leading treatise on bankruptcy law provides that Section 105(a) of the Bankruptcy Code "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code …." COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

35.    The Amended Protective Order appropriately provides at paragraph 23, that the United States Trustee may disclose Confidential or Attorneys' Eyes Only information for civil and criminal law enforcement purposes. Amended Protective Order, ¶ 23. The Amended Discovery Procedures, at paragraph 20, however, appear to conflict with this provision. Specifically, paragraph 20 of the Amended Discovery Procedures,

13

provides that "absent further order of the Court," no information "may be introduced in evidence or otherwise disclosed in any other matter or proceeding unless properly obtained through discovery or otherwise in such other matter or proceeding." Amended Discovery Procedures, ¶ 20. At a minimum, paragraph 23 of the Amended Protective Order also should be included expressly in the Amended Discovery Procedures and paragraph 20 of the Amended Discovery Procedures should be modified to eliminate this conflict. Moreover, the Debtors have not shown why it is either necessary or appropriate that information that the United States Trustee is obligated to disclose under Section 586 of Title 28, FOIA or other applicable law which for purposes of civil or criminal law enforcement should enjoy a confidentiality privilege or that law enforcement or other government authorities should be made to separately obtain this information through use of their own discovery devices to use it. Absent explanation, the United States Trustee proposes that this limitation be eliminated (or expressly carved out) from all related provisions of the Amended Discovery Procedures and the Amended Protective Order.

**C.  The Amended Protective Order Should Be Modified to Incorporate a Mechanism By Which Documents and Other Pleadings Containing Information Designated as Confidential or Attorneys' Eyes Only May Not Automatically Be Filed With the Court Under Seal.**

36. Section 107(a) of the Bankruptcy Code provides that all papers "filed in a case under this title … are public records and open to examination" by the public. 11 U.S.C. § 107(a). "This policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 26 (2d Cir. 1994); accord In re Silicon Graphics, Inc., Case No. 06-10977, 2009 Lexis 1350, at *6 (Bankr.

14

S.D.N.Y. Apr. 24, 2009); In re Chase v. Chase (In re Chase), No. 05-45706 (AJG), 2008 WL 2945997 at *7 (Bankr. S.D.N.Y. July 25, 2008) ("There is a strong presumption and public policy in favor of public access to court records."); In re Food Mgmt. Group, LLC, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).

      37.    Nevertheless, a limited exception to public disclosure may be invoked to protect "an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b); accord Fed. R. Bankr. P. 9018. Specifically, Bankruptcy Rule 9018 provides in pertinent part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

      38.    The "commercial information" exception protects parties from the release of information that could cause them harm or give competitors an unfair advantage. Orion, 21 F.3d at 27; see also, In re Global Crossing Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

      39.    The moving party bears the burden of showing that the information is confidential. Food Mgmt. Group, 359 B.R. at 561; see also, In re Fibermark, Inc., 330 B.R. 480 (Bankr. D. Vt. 2005). To meet this burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection." Food Mgmt. Group, 359 B.R. at 561 (citing Orion, 21 F.3d at 27); see also, Publicker Indus., Inc. v. Cohen, 733 F.2d 1059 (3d Cir. 1984) (The party seeking to seal any part of a judicial

15

record bears the heavy burden of showing (1) that the material is the kind of information that courts will protect and (2) that disclosure will work a clearly defined and serious injury to the party seeking closure.). Before sealing the record, the court must be able to articulate the compelling countervailing interests to be protected, make specific findings on the record concerning the effects of the disclosure, and provide an opportunity for interested third parties to be heard. Id. at 1072.

40. In addition, in order to establish that the documents should be sealed and, thus, shielded from public view, the moving party must "clearly define []" the "serious injury" that would ensue from public disclosure of the documents. In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). Vague allegations that public access to documents would cause hardship are not sufficient to defeat the clear public policy embodied in Section 107(a). Id. "In the Second Circuit, documents which are part of the court record should not remain under seal absent the most compelling reasons." Fibermark, 330 B.R. at 503-04 (citing In re Ionosphere Clubs, Inc., 156 B.R. 414, 434 (S.D.N.Y. 1993)).

41. As stated above at paragraph 24, by the Amended Protective Order, the Debtors request that this Court approve discovery procedures that provide for the automatic sealing, without review, of any document that contains information designated by a producing or receiving party during discovery as Confidential or Attorneys' Eyes Only. Amended Protective Order, ¶ 9. Although the United States Trustee understands that the Amended Discovery Procedures are intended to streamline the process and render the discovery process efficient, the Court should not, under its general equity powers,

approve procedures that require the Court to override the provisions of the Bankruptcy Code and the law of this Circuit.

42.  As noted above at paragraphs 39 and 40, it is the burden of the party seeking to file documents under seal to establish that the information to be redacted falls within the narrow exception of Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Food Mgmt. Group, 359 B.R. at 561. Here, the Debtors propose procedures that completely eviscerate this burden.

43.  Moreover, an examination of the definitions of "Confidential Information" and "Attorneys' Eyes Only Information" provided in the Amended Protective Order demonstrates that much of the information sought to be filed under seal automatically likely would not qualify for the limited exception to the policy in favor of public access to documents. Specifically, under the Amended Protective Order, Confidential Information includes, among other things, all non-public materials containing information related to: (i) financial or business plans, projections or valuations, (ii) proposed strategic transactions and other business combinations, negotiations, inquiries or agreements, including but not limited to, joint ventures, mergers, material asset sales, purchases, buy-outs, consolidations, transfers of interests and partnerships; (iii) studies or analyses by internal or outside experts or consultants; (iv) financial or accounting results or data; (v) business, management and marketing plans and strategies; and (vi) acquisition offers and expressions of interest; and (vii) contracts or agreements with or among affiliates, partners or Producing Parties. It appears that the majority of this information would not qualify as a "trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

17

44. In addition, although some of the types of information included in the definition of "Attorneys' Eyes Only" information appear may fall within the exception, for example, trade secrets, other information sought to be filed automatically would not. See, e.g., Amended Protective Order, ¶ 5 ("sensitive financial reports or plans" is too vague a category to determine what type of information would fall within this group).

45. The Debtors have expressed the positive goal of efficiency and expediency with respect to this process. Although this is a common goal of the United States Trustee, the Court should not approve the Amended Discovery Procedures as proposed so long as they contain the "automatic sealing" provisions. These procedures do not comply with the Bankruptcy Code, Bankruptcy Rules or the burden of proof articulated by several courts in this Circuit.

46. In the alternative, the United States Trustee proposes that the Amended Protective Order be modified to provide for a mechanism by which the United States Trustee is provided with five (5) business days to review documents proposed to be filed under seal. If at the expiration of five (5) business days the United States Trustee has not objected or otherwise responded to the sealing of the proposed document, then the document may be filed under seal. If, on the other hand, the United States Trustee objects to a document proposed to be filed under seal, then the party seeking to file the document may file an application with the Court to request authorization to file the document under seal, on notice to the United States Trustee. With this type of mechanism in place, it appears that the Amended Protective Order may not violate the Bankruptcy Code or the long history and presumption in favor of transparency and the public's access to court documents.

## IV.  CONCLUSION

WHEREFORE, the United States Trustee respectfully submits that the Court (i) direct the Debtors to modify the Amended Discovery Procedures and Amended Protective Order consistent with the United States Trustee's proposals and (ii) grant such other relief as is just.

Dated: New York, New York
April 6, 2011

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By  */s/ Andrea B. Schwartz*
Andrea B. Schwartz, Trial Attorney
33 Whitehall Street, 21st Floor
New York, New York 10004
Tel. No. (212) 510-0500
Fax No. (212) 668-2255