Hearing Date:   May 18, 2011
Objections Deadline: May 11, 2011

LAW OFFICES OF JEROME ZAMOS
Jerome Zamos (Cal. State Bar No. 36246)
    Admitted Pro Hac Vice
5228 Campo Road
Woodland Hills, California 91364-1927
Telephone: 818-348-6095
Facsimile:  818-348-6095
email:  zamoslaw @ aol.com

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>    LEHMAN BROTHERS' HOLDING,<br>    INC., a Delaware Corporation<br><br>                                Debtor | Case No. 08-13555 JMP<br><br>Chapter 11<br><br>[jointly administered] |

**PRUDENCE WALTZ'S NOTICE OF MOTION AND MOTION PURSUANT TO 28 U.S.C. § 1334(c)(2) FOR AN ORDER ABSTAINING FROM ANY FURTHER ACTIONS OR PROCEEDING IN THIS COURT WHICH INTERFERES WITH THE PENDING STATE COURT ACTION  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES [BC 374163] AND  CLARIFYING THE ORDER ENTERED HEREIN ON DECEMBER 22, 2010 MODIFYING THE AUTOMATIC STAY IN THIS CASE WITH REFERENCE TO THE REAL PROPERTY COMMONLY KNOWN AS  844-846 WEST 57TH STREET, LOS ANGELES, CALIFORNIA**

TO THE HONORABLE JAMES M. PECK

UNITED STATES BANKRUPTCY JUDGE:

      PLEASE TAKE NOTICE that, on May 18, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York, 10004 PRUDENCE WALTZ, a real party in interest [hereinafter referred to as "WALTZ"] will move the court for an order pursuant to 28 U.S.C. § 1334(c)(2) and Bankruptcy Code §§ 362(d) and 362(e):

(1)    Abstaining from any further action in this Case which interferes with or delays in any manner the jurisdiction of the Superior Court of the State of California for the County of Los Angeles  in Action BC 374163 [hereinafter referred to as "THE PENDING STATE ACTION"] to adjudicate all issues:

1

(a) Raised in action BC374163 concerning and possession of the real property commonly known as 844-846 West 57th Street, Los Angeles, California [hereinafter referred to as "THE SUBJECT PROPERTY free and clear of any claims by either LEHMAN BROTHERS HOLDINGS INC., Structured Asset Security Company, Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC4 or any other entity which is a debtor in this Case; and

(b) Related to WALTZ'S right to recover monetary damages or any other form or relief authorized under the laws of the State of California from either AURORA LOAN SERVICES or any other person, firm or entity that is not a debtor in this Case.

(2) Clarifying the order entered herein on December 22, 2010 ("THE ORDER REQUIRING CLARIFICATION") modifying the automatic stay in this case to clearly reflect the extent of the Superior Court of the State of California for the County of Los Angeles in Case No. BC 374163 jurisdiction to enter an order or judgment:

(a) Directing the return of possession of THE SUBJECT PROPERTY to whatever party it determines is the rightful owner and entitled to possession of property under the laws of the State of California;

(b) Determining whether the Trustee which executed a trustees deed to AURORA LOAN SERVICES on June 29, 2007 [recorded as instrument No. 20071599432 in the official records of Los Angeles County, California on July 7, 2007] had the authority to execute the deed;

2

(c) Determining whether the trustee's deed recorded as instrument No. 20071599432 in the official records of Los Angeles County, California on July 7, 2007 was void under the laws of the State of California;

(d) Determining whether the deed of trust recorded as instrument No. 06-1878371 in the official records of Los Angeles County, California on August 23, 2006 was executed by a trustor who had the authority to encumber THE SUBJECT PROPERTY;

(e) Determining whether the deed of trust recorded as instrument No. 06-1878371 in the official records of Los Angeles County, California on August 23, 2006 was void under the laws of the State of California; and

(f) Assessing monetary relief against DEFENDANT AURORA LOAN SERVICES and any other party other than a debtor named in this Case.

**PLEASE TAKE FURTHER NOTICE** that any objection or response to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and (I) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399, (which can be found at http://www.nysb. uscourts.gov the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with two hard copies delivered to chambers) and (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and

Hope Davis); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, (Attn: Dennis F. Dune, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the official committee of unsecured creditors appointed in these cases; (v) the attorneys for any other official committee(s) appointed in these cases ; (vi) THE LAW OFFICES OF JEROME ZAMOS [Attention: JEROME ZAMOS] 5228 Campo Road, Woodland Hills, California 91364-1927 and any person or entity with a particularized interest in the Motion, so as to be so filed and received no later than December 8, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: Woodland Hills, California
    April 6, 2011

    LAW OFFICES OF JEROME ZAMOS
    By: _____
    Jerome Zamos, Attorneys for
    Real Party in Interest PRUDENCE WALTZ
    5228 Campo Road
    Woodland Hills, California 91364-1927
    Telephone: 818-348-7151
    Facsimile: 818-348-6095
    email: zamoslaw@aol.com

**PRELIMINARY STATEMENT**

REAL PARTY in interest PRUDENCE WALTZ [hereinafter referred to as "WALTZ"] previously appeared before this Court in order to obtain an order which would facilitate her recovery of THE SUBJECT PROPERTY.

Although this Court denied WALTZ'S request to obtain a definitive ruling  addressing the basis for her claims to THE SUBJECT PROPERTY in THE PENDING STATE COURT ACTION, on December 22, 2010 this Court entered an order modifying  the stay in the case "to permit the State Court Litigation[1] [ Case No. BC 374163 hereinafter referred to as "THE PENDING STATE ACTION"] to continue".

While AURORA LOAN SERVICES has appeared and claims the right to represent the interests of  LEHMAN BROTHERS' HOLDING, INC.  and its co-debtors in this Case [hereinafter referred to as "THE DEBTORS IN THIS CASE"] in THE PENDING STATE ACTION, none of THE DEBTORS IN THIS CASE are named as parties in that proceeding or appear willing to voluntarily appear or become parties.  As a result of the foregoing a question has arisen as to what jurisdiction the State Court in California has to fully adjudicate the claims before it  based on the modifications to the automatic stay as a result of the order entered herein on December 22, 2011.

This motion has been brought to clarify and resolve those issues and allow THE PENDING STATE COURT PROCEEDING to proceed in an orderly fashion without further delay on its currently scheduled trial date**.**

**THE DECEMBER 22, 2010 ORDER AUTHORIZING THE LIFTING OF THE AUTOMATIC STAY IN ORDER TO ALLOW ACTION BC374163 TO PROCEED IN THE STATE COURT IN CALIFORNIA**

The automatic stay which restrains the prosecution of proceedings affecting claims relating to claims against property in which a Debtor claims an interest does not "operate in perpetuity"   once relief from the stay is granted, an "action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case" may go forward.

See:    *Sunshine Development, Inc. v. FDIC* [1st Cir. 1994] 33 F3d 106, 114

On December 22, 2010 this Court entered an order modifying the automatic stay in this Case "to permit the State Court Litigation₁ [Case No. BC 374163] to continue". As the Court of Appeals for the First Circuit held in *Sunshine Development, Inc. v. FDIC* supra "by granting relief from the automatic stay the bankruptcy court effectively yields the exclusive control" over the issues covered by its order.

As the First Circuit also held in *Sunshine Development, Inc. v. FDIC* supra, the automatic stay under Bankruptcy Code § 362(a) works "in tandem" with other statutes which define the scope and authority of a Bankruptcy Court to deal with claims against property in which a debtor over whom it has jurisdiction may have an interest.

Thus, while a Bankruptcy Court may have the initial jurisdiction to determine whether judicial proceedings may be brought against a debtor in another Court, after determining that a proceeding in another court may proceed, the bankruptcy court's continuing jurisdiction over the other proceedings is subject to the additional restrictions found in other federal statutes, including 28 U.S.C. § 1334(c)(2).

**THE ISSUES IN PENDING STATE COURT ACTION ARISE UNDER STATE LAW WHICH REQUIRE THIS COURT'S DEFERENCE TO THE STATE COURTS OF CALIFORNIA**

Bankruptcy courts typically look to state law in ascertaining the existence and scope of the "legal or equitable interests" of the debtor that comprise property of the estate under § 541(a)(1). "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." State law governs whether a debtor has an interest in the particular property.

See: *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L. Ed. 2d 136 (1979); *Pioneer Commercial Funding Corp. v. United Airlines, Inc.*, [U.S. Bk. S. Dist. N.Y. 1991] 122 B.R. 871, 877

To the extent the issues raised by the pleadings in THE PENDING STATE COURT ACTION involve the rights of any debtor who is a party to the pending bankruptcy proceeding in the Southern District of New York, they must be determined under state law in the State Court in California before this Court can assert any jurisdiction over THE SUBJECT PROPERTY. That is required because if a Court in California [applying California law] determines that no interest in THE SUBJECT PROPERTY ever passed to a DEBTOR in this case, THE SUBJECT PROP-ERTY is not subject to administration by this Court under Bankruptcy Code § 541.

In addition to the foregoing the defense in THE PENDING STATE COURT ACTION is being provided AURORA LOAN SERVICES [a non-debtor affiliate of THE DEBTOR IN THIS CASE] by counsel designated by its title insurer FIRST AMERICAN TITLE INSURANCE COMPANY.

As a result of financial stature of AURORA LOAN SERVICES and the insurance coverage provided by title insurer FIRST AMERICAN TITLE INSURANCE COMPANY WALTZ is willing to limit her monetary recovery [if any] in THE PENDING STATE COURT ACTION to whatever is recoverable from those two [2] entities [neither of which is a debtor in this case].

## THE ISSUES RAISED IN THE PENDING STATE COURT ACTION ARE SUBJECT TO THE MANDATORY ABSTENTION PROVISIONS IN 28 U.S.C. § 1334(c)(2)

Under 28 U.S.C. § 1334(c)(2) this court's jurisdiction over the claims raised in THE PENDING STATE COURT ACTION are subject to abstention based upon the fact that her claims are based upon:

[A] State law claim or State law cause of action, related to [this case] but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section [where the State law claim] . . . can be timely adjudicated, in a State forum of appropriate jurisdiction.

In *In Re Allied Mechanical & Plumbing Corp.* [Bkrtcy.S.D.N.Y.1986] 62 B.R. 873, 877-878 this Court held that the criteria for issuing an order under 28 U.S.C. § 1334(c)(2) are as follows:

(1) A party who seeks a Bankruptcy Court's abstention must make a timely motion for abstention [the pending request is being made after this Court has already ruled that the issue upon which abstention is sought should be tried in the State Courts of California which has now scheduled a trial for June 7, 2011 in response to this Court's December 22, 2010 order][1];

(2) The proceeding in which abstention is sought must be 'based upon a state law claim or state law cause of action.' [cf *Butner v. United States* supra];

(3) The proceeding in which abstention is sought must be 'related to' the title 11 case but it must not 'arise under' the title 11 or 'arise in' the title 11 case [see Order entered on December 22, 2010].

(4) The proceeding in which abstention is sought must be one which could not have been commenced 'in a court of the United States absent jurisdiction under this section [13345. An action must have been commenced and is pending in a state forum of appropriate jurisdiction.

---

1.    cf *Gassman v. Gassman, Griper & Golodny* [U.S.Bk. S.Dist. N.Y. 1997] 1997 U.S. Dist. LEXIS 14850 footnote 5 "a motion to abstain is timely if it does not prejudice or delay the rights of others".

8

- (5) An action must have been commenced and pending in a state forum of appropriate jurisdiction [THE PENDING STATE ACTION (Case No. 374163)].
- [6]. The pending state court action must be one that 'can be timely adjudicated' [The matter is pending in the State Court and will proceed to trial on June 7, 2010 in the absence of a request from DEBTORS in this case that the matter be delayed based on this Court's continuing jurisdiction]

See also: *In re Consulting Actuarial Partners, Ltd. Partnership* [U.S.Bk. S.Dist. N.Y. 1987] 72 B.R. 821, 827-829

Because the automatic stay was modified to allow THE PENDING STATE COURT ACTION to proceed by this Court's order entered on December 22, 2011 and the issues related to the DEBTORS IN THIS CASE'S claims over THE SUBJECT PROPERTY satisfy all of the criteria for mandatory abstention under 28 U.S.C. § 1334(c)(2) this court is obligated to relinquish all further jurisdiction over WALTZ'S claims in THE PENDING STATE COURT ACTION.

## WALTZ IS ENTITLED TO AN ORDER CLARIFYING HER RIGHT TO PROCEED WITH THE SCHEDULED JUNE 7, 2011 TRIAL WITHOUT FURTHER RESTRAINT FROM THIS COURT

Although an order deferring all issues relating to the ownership and right to possession of THE SUBJECT PROPERTY in THE PENDING STATE ACTION by an abstention order entered in compliance with the mandatory provisions of 28 U.S.C. § 1334(c)(2) should be sufficient to allow the trial currently scheduled to commence in the Superior Court of the State of California for the County of Los Angeles on June 7, 2011, WALTZ is entitled to an order clarifying the modifying order entered herein on December 22, 2010 which leaves unresolved the impact of a final judgment on claims against the property which have now been made by the debtors who are parties who have not been joined in THE PENDING STATE ACTION.

A clarification is appropriate to prevent any further delays in the adjudication of WALTZ'S property rights under state law which this Court is obligated under the decision of the United States Supreme Court in *Butner v. United States* and limitations on its jurisdiction imposed under 28 U.S.C. § 1334(c)(2) to allow the Courts of California to decide in THE PENDING STATE COURT ACTION.

Dated: Woodland Hills, California

April 7, 2011

LAW OFFICES OF JEROME ZAMOS

By: _____
Jerome Zamos, Attorneys for
Real Part in Interest PRUDENCE WALTZ
5228 Campo Road
Woodland Hills, California 91364-1927
Telephone: 818-348-7151
Facsimile: 818-348-6095
email: zamoslaw@aol.com

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to the within action; my business address is 5228 Campo Road, Woodland Hills, California 91364-1927.

On April 7, 2011 I served the following document(s) described as PRUDENCE WALTZ'S NOTICE OF MOTION AND MOTION PURSUANT TO 28 U.S.C. § 1334(c)(2) FOR AN ORDER ABSTAINING FROM ANY FURTHER ACTIONS OR PROCEEDING IN THIS COURT WHICH INTERFERES WITH THE PENDING STATE COURT ACTION IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES [BC 374163] AND CLARIFYING THE ORDER ENTERED HEREIN ON DECEMBER 22, 2010 MODIFYING THE AUTOMATIC STAY IN THIS CASE WITH REFERENCE TO THE REAL PROPERTY COMMONLY KNOWN AS 844-846 WEST 57TH STREET, LOS ANGELES, CALIFORNIA on the interested parties by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid addressed to:

Shai Y. Waisman, Esq.
Jacqueline Marcus, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Andrew D. Velez-Rivera, Esq.
Office of the U.S. Trustee
33 Whitehall Street
21st. Floor
New York, NY 10004

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

[Counsel for AURORA LOAN SERVICES]
GARRETT & TULLEY, P.C.
CANDIE Y. CHANG, Esquire
STEPHANIE S. BANG, Esquire
225 South Lake Avenue, Suite 1400
Pasadena, California 91101-4869

[COUNSEL FOR REAL PARTY LEHMAN BROTHER'S HOLDING, INC.]
Justin D. Balser, Esquire
Donald M. Scotten, Esquire
Bryan M. Leifer, Esquire
AKERMAN SENTERFITT LLP
725 S. Figueroa St., Suite 3800
Los Angeles, CA 90071

CHAMBERS OF THE HON. JAMES M. PECK
THE UNITED STATES BANKRUPTCY COURT
Southern District of New York
Courtroom 601
One Bowling Green
New York, New York 10004-1408

MOHAMED FOUZI HAFFER, Esquire
Haffar Law Firm
555 W Beech St Ste 503
San Diego, CA 92101

BLUE OCEAN MORTGAGE, INC.
c/o MATTHEW P KAY
[its agent for service]
4347 McCONNELL
LOS ANGELES, CA 90066

JANELLE M. BAIRD
P.O. Box 1812
Hawaiian Gardens Ca, 90716

Samantha Hill
1201 N. Orange Grove Ave., #106
West Hollywood, CA 90046

MATTHEW P KAY
4347 McCONNELL
LOS ANGELES, CA 90066

LATOSHIA C. KELLER
4515 Don Ricardo Drive
Los Angeles, California 90008

I am "readily familiar" with the firms practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in set forth in this affidavit.

I am employed inTHE LAW OFFICES OF JEROME ZAMOS in Woodland Hills, California at whose direction service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 7, 2011 at Woodland Hills, California.

*Judith F. Kaplan*
Judith F. Kaplan