Hearing Date: April 13, 2011 at 10:00 a.m. (Eastern)
Objection Deadline: April 7, 2011 at 4:00 p.m. (Eastern)

David J. Molton
Andrew S. Dash
Howard S. Steel
**BROWN RUDNICK LLP**
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Counsel to Newport Global Advisors LP,*
*Newport Global Opportunities*
*Fund LP, Newport Global Credit Fund*
*(Master) L.P., PEP Credit Investor L.P.,*
*Providence Equity Partners VI L.P.,*
*Providence Equity Partners VI-A L.P., and*
*Providence TMT Special Situations Fund L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                    :    Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    Case No. 08-13555 (JMP)
:
                             Debtors.    :    (Jointly Administered)
------------------------------------------------------------x

**OBJECTION TO DEBTORS' MOTION PURSUANT TO**
**SECTION 105 OF THE BANKRUPTCY CODE AND RULE 7026**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR**
**AUTHORIZATION TO ESTABLISH AND IMPLEMENT PROCEDURES IN**
**CONNECTION WITH DISCOVERY RELATED TO PLAN CONFIRMATION**

Newport Global Advisors LP ("NGA"),[1] Newport Global Opportunities Fund LP

("NGOF"), Newport Global Credit Fund (Master) L.P. ("NGCF"), PEP Credit Investor L.P.

("PEP"), Providence Equity Partners VI L.P. ("PEPVI"), Providence Equity Partners VI-A L.P.

---

[1] NGA manages investment funds NGOF and NGCF.

("PEPVIA"), and Providence TMT Special Situations Fund L.P. ("TMT" and, together with NGOF, NGCF, PEP, PEPVI and PEPVIA, the "Funds"), by and through their undersigned counsel, hereby file this objection (the "Objection") to the *Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal Rules of Bankruptcy Procedure for Authorization to Establish and Implement Procedures in Connection with Discovery Related to Plan Confirmation* [Docket No. 14867] (the "Motion"). In support of this Objection, NGA and the Funds respectfully state as follows:

## OBJECTION[2]

1.    Prior to the commencement of these chapter 11 proceedings, the Funds each entered into a Customer Account Prime Brokerage Agreement (each such agreement, a "Prime Brokerage Agreement") with Lehman Brothers Inc. ("LBI") and other Lehman Brothers Entities, (as defined in the Prime Brokerage Agreement) (all such Lehman Entities named as parties to such Prime Brokerage Agreement and Debtors in these jointly administered chapter 11 cases shall be referred to herein as "Lehman").[3] Pursuant to the Prime Brokerage Agreements, a prime broker account (the "Account") was opened at LBI for each of the Funds. Each of the Prime Brokerage Agreements was in effect as of the commencement of these chapter 11 proceedings, and remains in effect as of the date hereof.

---

[2]    Capitalized terms not otherwise defined herein, shall have the meanings ascribed to them in the revised form of order, proposed by the Debtors on March 31, 2011 (the "Proposed Order").

[3]    The Prime Brokerage Agreement provides that the parties to the agreement "shall consist of [each Fund] and Lehman Brothers Inc., Lehman Brothers International (Europe), Lehman Brothers Finance S.A., Lehman Brothers Special Financing Inc., Lehman Brothers Holdings Inc. and any of their subsidiaries, parents, affiliates, divisions, officers, directors, agents and employees now existing or hereafter created, including successors and assigns . . . all such entities being collectively referred to hereafter as 'Lehman Brothers'[]." Prime Brokerage Agreement ¶ 1(a) at 1.

- 2 -

2. Also prior to the commencement of these chapter 11 proceedings, the Funds each entered into a Margin Lending Agreement (each such agreement, a "Margin Lending Agreement," and together with the Prime Brokerage Agreement, the "Agreements") with Lehman Brothers International (Europe) as Lender, and LBI, as Agent, pursuant to which LBIE agreed to make loans to the Funds in connection with transactions entered into by the Funds under the Prime Brokerage Agreement. The Margin Lending Agreement was in effect as of the commencement of these chapter 11 proceedings and remains in effect as of the date hereof.

3. Pursuant to that Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI, dated June 9, 2005 (the "2005 LBHI Guarantee"), and that Guarantee of LBHI, dated January 4, 2008 (the "2008 LBHI Guarantee," and together with the 2005 LBHI Guarantee, the "LBHI Guarantee"), LBHI guaranteed LBIE's obligations, and those obligations of other chapter 11 Debtors pursuant to the 2005 LBHI Guarantee, under both the Agreements.

4. The Funds hold claims against Lehman pursuant to Lehman's obligations under the Prime Brokerage Agreement for the value of the Funds' assets held pursuant to the Agreements in the Account and that have not been otherwise returned to the Funds. The Funds also assert a claim against Lehman Brothers Holding Inc. ("LBHI") pursuant to the LBHI Guarantee for this same right to payment.

5. The Funds also hold claims against Lehman pursuant to Lehman's obligations under the Prime Brokerage Agreement for all damages and losses resulting from Lehman's failure to comply with the Funds' instruction on September 10, 2008 to transfer securities held under the Agreements to Credit Suisse. The Funds also assert a claim against LBHI pursuant to the LBHI Guarantee for this same right to payment.

6. Further, the Funds hold claims against Lehman pursuant to Lehman's obligations under the Prime Brokerage Agreement for the value of all post-commencement date dividends and interest in respect of their securities held in the Account, and any such future dividend and interest distributions received on account of the Funds' assets held pursuant to the Agreements in the Account. The Funds also assert a claim against LBHI pursuant to the LBHI Guarantee for this same right to payment.

7. Moreover, the Funds hold claims against Lehman in an amount presently unknown for the loss of their ability to participate in certain corporate events as a direct result of Lehman's breach of the Agreements. The Funds also hold claims against LBHI pursuant to the LBHI Guarantee for this same right to payment.

8. The Funds also hold claims against Lehman for its failure to properly capitalize the Customer Asset Protection Company, the issuer of certain surety bonds as protection for Lehman's prime brokerage customers. The Funds also hold claims against LBHI pursuant to the LBHI Guarantee for this same right to payment.

9. Additionally, NGA holds claims against Lehman for the reduction of its management fee due to Lehman's actions described herein.

10. The Funds and NGA object to the Proposed Order for the following reasons:

- Creditors of the Debtors who entered into Prime Brokerage Agreements should be recognized as an additional and separate "Group" for the plan discovery process. See Proposed Order ¶ 3(b).

- The commencement of plan discovery and the deadline for filing a "Notice of Intent" to participate in plan discovery should be extended until after the Debtors obtain an order approving their disclosure statement.

- It is unclear how Participants are to determine which other Participants are in the same Group. See Proposed Order ¶¶ 2(f), 3(b).

- Providing that participation is subject to the Debtors' or the official committee of unsecured creditors' (the "Committee") "successful"

objection is unwarranted.  Rather, opposition to participation should be by a motion for protective order under Bankruptcy Rule 7026.

- The Debtors should be required to search for and produce from categories of documents that the proposed procedures would entirely exclude from plan discovery, including internal documents and communications solely within an advisor of the Debtors and hard copy files of the Debtors' in-house and outside counsel.

- Any limitation on the scope of the Debtors' search for and production of documents should be applied mutually among all parties producing documents.

- A number of the deadlines for propounding and complying with discovery requests should be extended.

- Neither the Proposed Order nor the Federal Rules of Bankruptcy Procedure provide rules regarding formation, governance or centralized representation of a Group, nor regarding appointment, election or voting for the Designated Party.

- The Proposed Order is silent as to the duties of the Designated Party, Coordinating Participant or Group "representative."

- In is inappropriate for the Debtors to serve any coordinating function for creditors.

- The Proposed Order's limitation on interrogatories to 25 (including all subparts) and exclusion of contention interrogatories is unwarranted.  See Proposed Order ¶ 12.

- The Proposed Order's elimination of requests for admission is equally unwarranted.  See Proposed Order ¶ 14.

- Priority to the Debtors, the Committee and the Alternative Plan Proponents with respect to document requests, interrogatories and participation at depositions should be stricken.

- The requirement that Participants who seek discovery of documents that are simultaneously in the possession, custody or control of the Debtors and the SIPA Trustee shall first direct such Document Requests to the Debtors should be stricken as unclear and an unjustified prohibition on discovery of LBI and the SIPA Trustee.  See Proposed Order ¶ 6(m).

**CONCLUSION**

11. Unless modified to address the concerns set forth herein, NGA and the Funds respectfully request that the Court enter an order denying the Motion.

Dated: April 7, 2011
  New York, New York

        **BROWN RUDNICK LLP**

        By: /s/ *David J. Molton*
        David J. Molton
        Andrew S. Dash
        Howard S. Steel
        Seven Times Square
        New York, NY 10036
        Telephone: (212) 209-4800
        Facsimile: (212) 209-4801

        Counsel to Newport Global Advisors LP, Newport Global Opportunities Fund LP, Newport Global Credit Fund (Master) L.P., PEP Credit Investor L.P., Providence Equity Partners VI L.P., Providence Equity Partners VI-A L.P., and Providence TMT Special Situations Fund L.P.