# **EXHIBIT I**

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

APR 2 4 2007

Michael N. Milby, Clerk of Court

CASE NO.: 07-20027

STYLE: Scotia Development, LLC

HEARD ON: 04/17/07

FILED ON: 04/24/07

NO. OF PAGES: 9

JUDGE: Richard S. Schmidt

COURT REPORTER: Sharon Russell

```
                UNITED STATES BANKRUPTCY COURT

                 SOUTHERN DISTRICT OF TEXAS

                    CORPUS CHRISTI DIVISION



IN RE: SCOTIA DEVELOPMENT LLC,.    CASE NO. 07-20027
                               .
                               .   CORPUS CHRISTI, TEXAS
              DEBTOR.          .   TUESDAY, APRIL 17, 2007
                               .   10:57 A.M. TO 11:05 A.M.
. . . . . . . . . . . . . . . .


                         MOTION HEARING

             SOME PARTIES APPEARING TELEPHONICALLY

              BEFORE THE HONORABLE RICHARD SCHMIDT
                  UNITED STATES BANKRUPTCY JUDGE
```

Appearances:

| | |
|---|---|
| For Scotia Pacific Company: | Kathryn A. Coleman, Esq.<br>Eric J. Fromme, Esq.<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166-0193 |
| Official Committee of | Maxim B. Litvak, Esq.<br>Pachulski Stang Ziehl Young<br>  Jones & Weintraub<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500 |
| Timber Noteholders: | Gregory W. Nye, Esq.<br>Kurt Mayr, Esq.<br>Bracewell & Giuliani<br>No Address Provided |
| For Pacific Lumber Company: | Peter Holzer, Esq.<br>No Address Provided |
| Bank of America: | Ana Acevedo, Esq.<br>O'Melveny & Myers<br>No Address Provided |

**TRINITY TRANSCRIPTION SERVICES**

Appearances (continued):

| | |
|---|---|
| Marathon Structured Finance Fund: | John Penn, Esq.<br>Haynes & Boone<br>No Address Provided |
| CSG Investments: | Roberto Kampfner, Esq.<br>Alan Gover, Esq.<br>CSG Investments<br>No Address Provided |
| Houlihan Lokey Howard & Zukin: | Todd Hanson, Esq.<br>Houlihan Lokey Howard & Zukin<br>No Address Provided |
| Maxxam, Inc. | Joli Pecht, Esq.<br>Maxxam, Inc.<br>No Address Provided |
| | John Melko, Esq.<br>No Address Provided |
| | Mark Wege, Esq.<br>No Address Provided |
| | Matt Reed, Esq.<br>No Address Provided |
| Court Recorder: | Sharon Russell |
| Transcriber: | Cheryl Hendershot<br>Trinity Transcription Services<br>122 Trinity Oaks Circle<br>The Woodlands, TX 77381<br>281-296-2290 |

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

1

| | |
|---|---|
| 1 | <u>Corpus Christi, Texas; Tuesday, April 17, 2007; 10:57 a.m.</u> |
| 2 | **(Some parties appearing telephonically)** |
| 3 | **THE COURT:** Send in the call. |
| 4 | **(Pause)** |
| 5 | **THE COURT:** Good morning. |
| 6 | **SOME COUNSEL:** Good morning, your Honor. |
| 7 | **THE COURT:** John Penn? |
| 8 | **MR. PENN:** Present, your Honor. |
| 9 | **THE COURT:** Kathryn Coleman? |
| 10 | **MS. COLEMAN:** Present, your Honor. |
| 11 | **THE COURT:** Eric Fromme? |
| 12 | **MR. FROMME:** Present, your Honor. |
| 13 | **THE COURT:** Mark Wege? |
| 14 | **MR. WEGE:** Present, your Honor. |
| 15 | **THE COURT:** Maxim Litvak? |
| 16 | **(No audible response)** |
| 17 | **THE COURT:** No. |
| 18 | Evan Flaschen? |
| 19 | **MR. MAYR:** Mr. Flaschen's not here, your Honor. But |
| 20 | Kurt Mayr and Greg Nye are. |
| 21 | **THE COURT:** All right. Brian Lennon? |
| 22 | **(No audible response)** |
| 23 | **THE COURT:** Matt Reed? |
| 24 | **MR. REED:** Present, your Honor. |
| 25 | **THE COURT:** Todd Hanson? |

**TRINITY TRANSCRIPTION SERVICES**

08-13555-mg Doc 15746-9 Filed 04/08/11 Entered 04/08/11 10:21:48 Exhibit I
Pg 6 of 12
Case 07-20027 Document 696-1 Filed in TXSB on 04/24/07 Page 4 of 10

2

```
 1          MR. HANSON:  Present, your Honor.
 2          THE COURT:  Francine Brodowicz?
 3     (No audible response)
 4          THE COURT:  Joli Pecht?
 5          MS. PECHT:  Present, your Honor.
 6          THE COURT:  Ann [sic] Acevedo?
 7          MS. ACEVEDO:  Present, your Honor.
 8          THE COURT:  Alan Gover?
 9          MR. GOVER:  Present, your Honor.
10          THE COURT:  Roberto Kampfner.
11          MR. KAMPFNER:  Present, your Honor.
12          THE COURT:  Daniel Zazove, or Zazove of whatever,
13   Z-a-z-o-v-e.
14     (No audible response)
15          THE COURT:  Anyone else on the phone call?
16          MR. MELKO:  John Melko.
17          THE COURT:  Mr. Melko.
18          And Mr. Holzer's in the courtroom.
19          MR. HOLZER:  Yes, your Honor.  For --
20          THE COURT:  What do we have scheduled today?
21          MR. HOLZER:  We have several matters on.  I was
22   wondering if -- if Mr. Litvak is not on, I wonder if anyone
23   else from the committee is on the call, 'cause we were
24   expecting the committee.  Well --
25          THE COURT:  Pachulski, Stang, Ziehl, and Young.
```

1    **(No audible response)**

2           **MR. HOLZER:** Well I guess I'll proceed, then, Judge.

3    The committee did consent to the only matter that

4    we're actually going to do today. We have four matters

5    appearing on the docket. The first is Docket Number 247, which

6    we refer to as the netting motion. And we're going to ask the

7    Court to push that to May the 1 -- May 1 at 11 o'clock.

8           **THE COURT:** All right.

9           **MR. HOLZER:** The next two items, 531 and 532, are

10   applications and a motion to seal with respect to the retention

11   of Morrison and Forester. And we'd like to push that to next

12   Tuesday's docket. That's April the 24th at 11 o'clock.

13          **THE COURT:** Okay.

14          **MR. HOLZER:** That leaves us, then, with docket number

15   632. That's the emergency application of Brit Lumber for

16   authority to pay some specified severance benefits to 27

17   employees who were terminated post-petition.

18          Your Honor, we're asking for approval to do this

19   It's a modest, fairly modest severance benefits. Brit believes

20   that it's decent to do this for laid off employees to help tide

21   them over, and also believes that doing so will help with

22   respect to Palco and Scopac, the other -- the larger employers,

23   to help foster loyalty, good will, and so forth, all the things

24   you'd expect them --

25          **THE COURT:** What is the total amount?

1          **MR. HOLZER:**  -- to do.

2          Total amount, Judge is $25,732 spread among the 27

3   employees.  They have to sign a release to get it.  The form of

4   release was filed with the pleading.  And it's based on --

5          **THE COURT:**  What's the largest amount?

6          **MR. HOLZER:**  Largest amount, Judge, is $3,420 to an

7   employee for over 20 years.  And it's based on length of

8   service.  One to five year gets one week base pay.  Six to

9   ten --

10         **THE COURT:**  Has the committee approved --

11         **MR. HOLZER:**  -- years --

12         **THE COURT:**  -- the -- committee approved the pay?

13         **MR. HOLZER:**  Committee has approved this, your Honor.

14  And we've asked the bank's approval.  And we believe they also

15  agree.  There have been no objections.

16         **THE COURT:**  Anyone on the phone objecting?

17      **(No audible response)**

18         **THE COURT:**  Okay.  I'm prepared to rule on the 2019

19  Motion.  After reviewing carefully all of the pleadings that

20  have been filed, I've decided in this case, because of the -- a

21  number of reasons, but primarily because this is primarily it

22  appears to me to be a financial reorganization that, in this

23  particular case, while I suspect that my ruling will be

24  contrary to the recent decision that was cited, I'm going to

25  take an approach, a practical approach, and find that this is

08-13555-mg Doc 15746-9 Filed 04/08/11 Entered 04/08/11 10:21:48 Exhibit I
Pg 9 of 12
Case 07-20027 Document 690-1 Filed in TXSB on 04/24/07 Page 7 of 10

5

```
 1  not a committee, that this is -- at this point that this is

 2  just one law firm representing a bunch of creditors.

 3          And I am not going to require at this time any

 4  filings.  I do -- I am aware that Mr. Flaschen has indicated he

 5  has previously filed on his own behalf a filing that sets out

 6  who he represents.  And I -- I will continue to require that he

 7  keep that updated in the event that there is any significant to

 8  the change -- change to the parties that he represents.

 9          In addition to that, I think that he needs to be also

10  careful that his, and this is just, this is not a ruling, but I

11  suspect that there could well be situations where his

12  representation of this group of people could have some

13  conflicts of interest.

14          And thereby, it would be important that all of the

15  parties that he represents understands those conflicts in order

16  to waive them.  So that's his responsibility with respect to

17  the conflicts that might well exist by virtue of his

18  representation.

19          I'm not suggesting there are any at the present time.

20  I'm just saying, obviously, if one of the claimants happen to

21  have a large unsecured claim as well as a secured claim, there

22  could be a conflict in the position taken with respect to -- to

23  all of his representation.

24          But I'm not addressing that at this time.  All I'm

25  doing is -- is denying the motion to file the 2019 information
```

08-13555-mg Doc 15746-9 Filed 04/08/11 Entered 04/08/11 10:21:48 Exhibit I
Pg 10 of 12
Case 07-20027 Document 696-1 Filed in TXSB on 04/24/07 Page 8 of 10

6

```
 1  as requested.
 2              So if Mr. Flaschen's on line, but if you would have
 3  him submit an order to that effect.
 4              Thank you.
 5              MR. MELKO:  Your Honor?
 6              THE COURT:  Yes.
 7              MR. MELKO:  John Melko.
 8              THE COURT:  Well Mr. Melko, you can submit the order.
 9              MR. MELKO:  Well and also two of the members -- two
10  of Mr. Flaschen's partners are on line.  So we're -- we're
11  mindful and appreciative of the Court's ruling.
12              With respect to the motion we filed about eight days
13  ago with respect to the appeal of the SARE Motion --
14              THE COURT:  Right.
15              MR. MELKO:  Yeah.  I don't know if the Court's aware,
16  but there's been some recent activity.  We had another late
17  night pleading by Scopac last night, where essentially they're
18  asking the District Court to dismiss the -- dismiss the Notice
19  of Appeal.
20              The appeal has not yet formally been docketed,
21  although, of course there is a filing file number assigned to
22  it at the District Court.  Your Honor mentioned when we talked
23  about the -- when we had the SARE hearing, that the notice
24  appeal filed, that you understood that it was a new procedure,
25  that it was time sensitive.
```

08-13555-mg Doc 15746-9 Filed 04/08/11 Entered 04/08/11 10:21:48 Exhibit I
Pg 11 of 12
Case 07-20027 Document 696-1 Filed in TXSB on 04/24/07 Page 9 of 10

7

```
 1              That you were trying to rule promptly, given the
 2   recent -- particularly by the recent acts by Scopac.  We would
 3   ask that your Honor issue a ruling --
 4              THE COURT:  All right.  All right.  I appreciate
 5   that.
 6              And I -- as far as those of you on the line, you can
 7   tell your compatriots, too, I don't -- I have no problem with
 8   people hounding me for opinions.
 9              So that's not what you're doing, Mr. Melko.  But just
10   bringing it up is not a faux paux.  That's helpful.
11              MR. MELKO:  I've been called a hound before, your
12   Honor.
13              THE COURT:  We got plenty of things that we're
14   working on in this case.  But -- and that one is one of them.
15              So that one has got a priority as well as the vending
16   motion.
17              Thank you very much.  You all are excused.
18              MR. HOLZER:  Thank you, Judge.
19              UNITED STATES MARSHAL:  All rise.
20         (This proceeding was adjourned at 11:05 a.m.)
```

```
 1                          CERTIFICATION
 2
 3   I certify that the foregoing is a correct transcript from the
 4   electronic sound recording of the proceedings in the above-
 5   entitled matter.
 6
 7
 8   _____        April 20, 2007
 9            Transcriber                     Date
10   07-20027
11   04/17/07 - 04/20/07
```