# <u>EXHIBIT J</u>

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

CASE NO.:          07-20027

United States Courts
Southern District of Texas
FILED

JUN − 7 2007

Michael N. Milby, Clerk of Court

STYLE:             Scotia Development, LLC

HEARD ON:          5/22/07

FILED ON:          6/7/07

NO. OF PAGES:      26

JUDGE:             Richard S. Schmidt

COURT REPORTER:  Sharon Russell

**ORIGINAL**

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

JUN – 7 2007

Michael N. Milby, Clerk of Court

IN RE: SCOTIA DEVELOPMENT LLC,.      CASE NO. 07-20027
.
.      CORPUS CHRISTI, TEXAS
DEBTOR.      .      TUESDAY, MAY 22, 2007
.      2:01 P.M. TO 2:25 P.M.

. . . . . . . . . . . . . . .

MOTION HEARING

**SOME PARTIES APPEARING TELEPHONICALLY**

BEFORE THE HONORABLE RICHARD SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

Trinity Transcription Services
122 Trinity Oaks Circle
The Woodlands, TX 77381
281-296-2290

**TRINITY TRANSCRIPTION SERVICES**

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION


IN RE: SCOTIA DEVELOPMENT LLC,.   CASE NO. 07-20027
.
.   CORPUS CHRISTI, TEXAS
        DEBTOR.   .   TUESDAY, MAY 22, 2007
.   2:01 P.M. TO 2:25 P.M.
. . . . . . . . . . . . . .


MOTION HEARING

**SOME PARTIES APPEARING TELEPHONICALLY**

BEFORE THE HONORABLE RICHARD SCHMIDT
UNITED STATES BANKRUPTCY JUDGE



Appearances:

| | |
|---|---|
| Aurelius Capital Management: | Wei Wang, Esq.<br>Aurelius Capital Management<br>No Address Provided |
| Bank of America: | Evan Jones, Esq.<br>O'Melveny & Myers<br>400 South Hope Street<br>Los Angeles, CA 90071-2899 |
| Bank of America Securities: | Molly Bogdan, Esq.<br>Bank of America Securities<br>No Address Provided |
| Bank of New York Trust Co.: | Matt Reed, Esq.<br>Thompson & Knight LLP<br>333 Clay Street, Suite 3300<br>Houston, TX 77002 |
| Bank of New York Indentured<br>  Trustee: | Mark Worden, Esq.<br>Fulbright & Jaworski<br>No Address Provided |

**TRINITY TRANSCRIPTION SERVICES**

| | |
|---|---|
| California State Agencies: | Paul Pascuzzi, Esq.<br>Felderstein Fitzgerald & Pascuzzi<br>No Address Provided |
| CSG Investments: | Jacob Cherner, Esq.<br>CSG Investments<br>No Address Provided |
| Deutsche Bank: | Matt Doheney, Esq.<br>No Address Provided |
| Houlihan Lokey Howard & Zukin: | Todd Hanson, Esq.<br>Houlihan Lokey Howard & Zukin<br>No Address Provided |
| LaSalle Bank: | Mark W. Wege, Partner<br>Bracewell & Giuliani, LLP<br>711 Louisiana Street, Suite 2300<br>Houston, TX 77002-2770 |
| Marathon Structured Finance Fund: | John Penn, Esq.<br>Haynes & Boone<br>201 Main Street, Suite 2200<br>Fort Worth, TX 76102-3126 |
| Marathon Structured Finance Fund: | David Neier, Esq.<br>Winston & Strauser<br>No Address Provided |
| Maxxam, Inc. | Roberto Kampfner, Esq.<br>Matt Garofalo, Esq.<br>Alan Gover, Esq.<br>White & Case LLP<br>No Address Provided |
| Maxxam, Inc. | Joli Pecht, Esq.<br>Maxxam, Inc.<br>No Address Provided |
| Murray Capital Management: | Francine Brodowicz, Esq.<br>Murray Capital Management, Inc.<br>No Address Provided |
| Official Committee of Unsecured Creditors: | Maxim B. Litvak, Esq.<br>Pachulski Stang Ziehl Young<br>    Jones & Weintraub<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500 |

```
Appearances (continued):

For Pacific Lumber Company:     Peter Holzer, Esq.
                                Gary Clark, Esq.
                                Kevin Franta, Esq.
                                No Address Provided

                                Frank Bacik, Esq.
                                The Pacific Lumber Company
                                No Address Provided

                                C. Luckey McDowell, Esq.
                                Baker Botts
                                No Address Provided

Scotia Development, LLC:        Gary M. Kaplan, Esq.
                                Howard, Rice, Nemerovski, Canady
                                No Address Provided

For Scotia Pacific Company:     Kathryn A. Coleman, Esq.
                                Eric J. Fromme, Esq.
                                Robert Davis, Esq.
                                Gibson, Dunn & Crutcher LLP
                                200 Park Avenue
                                New York, NY 10166-0193

For Scotia Pacific Company:     John F. Higgins, Esq.
                                Porter & Hedges LLP
                                Reliant Energy Plaza
                                1000 Main Street, 36th Floor
                                Houston, TX 77002

T&C                             Susan Fennessey, Esq.
                                Shearman & Sterling
                                No Address Provided

Ad Hoc Committee of             Evan D. Flaschen, Esq.
  Timber Noteholders:           Kurt Mayr, Esq.
                                Bracewell & Giuliani, LLP
                                711 Louisiana Street, Suite 2300
                                Houston, TX 77002-2270

Ad Hoc Noteholders:             John P. Melko, Esq.
                                Gardere Wynne Sewell LLP
                                1000 Louisiana, Suite 3400
                                Houston, TX 77002-5007

Court Recorder:                 Sharon Russell
```

**TRINITY TRANSCRIPTION SERVICES**

Appearances (continued):

Transcriber:                    Cheryl Hendershot
                                Trinity Transcription Services
                                122 Trinity Oaks Circle
                                The Woodlands, TX 77381
                                281-296-2290

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

**TRINITY TRANSCRIPTION SERVICES**

1

1    <u>Corpus Christi, Texas; Tuesday, May 22, 2007; 2:01 p.m.</u>

2        **(Some Parties Appearing Telephonically)**

3            **THE COURT:**  Be seated.

4    **(Pause)**

5            **THE COURT:**  Send in the call.  All right.

6        Paul Pascuzzi?

7            **MR. PASCUZZI:**  Present, your Honor.

8            **THE COURT:**  Kurt Mayr, Mayr.

9            **MR. MAYR:**  -- your Honor.

10            **THE COURT:**  Evan Flaschen?

11            **MR. FLASCHEN:**  Present, your Honor.

12            **THE COURT:**  John Higgins.

13            **MR. HIGGINS:**  Present, your Honor.

14            **THE COURT:**  Maxim Litvak?

15            **MR. LITVAK:**  I'm here, your Honor, along with John

16    Fiero from my firm for the Committee.

17            **THE COURT:**  All right.  Gary Kaplan?

18            **MR. KAPLAN:**  Present, your Honor.

19            **THE COURT:**  Evan Jones?

20            **MR. JONES:**  Present, your Honor.

21            **THE COURT:**  Mark Wege?

22            **MR. WEGE:**  Present, your Honor.

23            **THE COURT:**  Mark Worden?

24            **MR. WORDEN:**  Present, your Honor.

25            **THE COURT:**  And then another Mark Worden, probably

**TRINITY TRANSCRIPTION SERVICES**

2

1    the same guy.

2              Alan Gover?

3              **MR. GARAFALO:**  Matt Garafalo standing in for Alan

4    Gover, your Honor.

5              **THE COURT:**  And Roberto Kampfner?

6              **MR. GARAFALO:**  He won't be calling in, your Honor.

7              **THE COURT:**  All right.  Todd Hanson?

8              **MR. HANSON:**  Present, your Honor.

9              **THE COURT:**  Joli Pecht?

10             **MS. PECHT:**  Present, your Honor.

11             **THE COURT:**  David Zazove or Zazove?

12      **(No audible response)**

13             **THE COURT:**  Daniel, pardon me, Zazove, Z-a-z-o-v-e,

14    Perkins Cole?

15      **(No audible response)**

16             **THE COURT:**  All right.  Susan Fennessey?

17             **MS. FENNESSEY:**  Present, your Honor.

18             **THE COURT:**  Francine Brodowicz?

19             **MR. BRODOWICZ:**  Present, your Honor.

20             **THE COURT:**  Jacob Cherner?

21             **MR. CHERNER:**  Present, your Honor.

22             **THE COURT:**  Luckey McDowell?

23             **MR. MCDOWELL:**  Present, your Honor.

24             **THE COURT:**  Molly Bogdan?

25             **MS. BOGDAN:**  Present, your Honor.

**TRINITY TRANSCRIPTION SERVICES**

3

| | |
|---|---|
| 1 | **THE COURT:** Matt Doheny? |
| 2 | **MR. DOHENY:** Present. |
| 3 | **THE COURT:** Wei Wang? |
| 4 | **MR. WANG:** Present, your Honor. |
| 5 | **THE COURT:** And Matt Reed? |
| 6 | **MR. REED:** Present, your Honor. |
| 7 | **THE COURT:** Anyone else on the call? |
| 8 | **MR. MELKO:** John Melko here, your Honor. |
| 9 | **THE COURT:** All right. |
| 10 | **MR. BACIK:** Frank Bacik here with Gary Clark, your |
| 11 | Honor. |
| 12 | **THE COURT:** All right. |
| 13 | **MR. NEIER:** David Neier on behalf of Marathon, your |
| 14 | Honor. |
| 15 | **THE COURT:** Thank you. Anyone else? |
| 16 | **(No audible response)** |
| 17 | **THE COURT:** All right. In the courtroom? |
| 18 | Mr. Holzer? |
| 19 | **MR. HOLZER:** For Pacific Lumber and its subsidiaries, |
| 20 | except Scotia Pacific. |
| 21 | **MS. COLEMAN:** Good afternoon, your Honor. Kathryn |
| 22 | Coleman, Eric Fromme of Gibson, Dunn, & Crutcher for Scotia |
| 23 | Pacific. |
| 24 | **MR. PENN:** And John Penn on behalf of Marathon. |
| 25 | **THE COURT:** All right. |

4

1          **MR. HOLZER:**  Couple of matters up, your Honor.  One I

2   think will take some argument.  That's the Motion to Reconsider

3   Docket Number 717, dropped to the end.  Docket Number 766 is

4   the Motion of LaSalle Bank to Approve Transfer of Claim.

5          LaSalle Bank filed a notice of withdrawal of that

6   motion already.  That's at Docket Number 807.  So I don't think

7   this one --

8          **THE COURT:**  They're not transferring their claim?

9          **MR. HOLZER:**  I think their claim is transferred, your

10  Honor.  I don't know -- I don't have any first-hand personal

11  knowledge.  But they -- they withdrew their motion to transfer

12  the claim.  And they've dismissed their lawsuit with respect to

13  that.  We haven't heard from Mr. Kaim since.

14         **MR. WEGE:**  Your Honor, Mark Wege here on behalf of

15  LaSalle.

16         We have received the consent by Marathon with respect

17  to the transfer of the claim.  As we sit here right now, I

18  don't know if that has been closed, but that is pending.

19         **THE COURT:**  Okay.  Thank you.

20         **MR. HOLZER:**  Your Honor, Docket Number 5, 9, 1 is the

21  Motion to Assume or Reject a contract with NEC.

22         There is a -- and we'd like to pass that for, I

23  believe about 30 days.  There's a pending motion for a

24  settlement at Docket Number 732 that --

25         **THE COURT:**  Okay.

5

1          MR. HOLZER:  -- if that is approved then this motion

2    will become moot.

3          THE COURT:  All right.

4          MR. HOLZER:  So if we can set that 30 days off, I

5    think that'll be enough time.

6          THE COURT:  Whatever the day is 30 days from now

7    then, probably just -- do you have -- do you know the 30 day

8    date?

9          MR. HOLZER:  I don't offhand, Judge.

10          THE COURT:  Today is the -- that would be about the

11    26th?

12          THE CLERK:  We have Scotia on the --

13          THE COURT:  Yeah.

14          THE CLERK:  -- 22nd at 2.

15          MR. HOLZER:  That would be --

16          THE COURT:  Twenty-second?  Okay.  Then --

17          THE CLERK:  At two.

18          THE COURT:  Then let's go to the 22nd, June 22nd.

19          THE CLERK:  Yes, sir.

20          MR. HOLZER:  June.

21          THE COURT:  All right.

22          MR. HOLZER:  Thank you, Judge.

23          So that leaves Docket Number 589, is the Pacific

24    Lumber's application to approve a compromise and settlement

25    with Northern California Riverwatch.  This motion's been on for

6

1  30 days.  There have been no objections.

2  Basically, this is settlement of some pre-petition

3  litigation on which a settlement agreement had actually been

4  signed prior to the bankruptcy.  And we're asking the Court to

5  approve --

6  **THE COURT:**  Okay.  The Committee?

7  **MR. LITVAK:**  Your Honor, no objection.

8  **THE COURT:**  All right.  Anyone else have an

9  objection?

10  **(No audible response)**

11  **THE COURT:**  All right.  Submit the order.

12  **MR. HOLZER:**  It's submitted, your Honor.

13  That leaves Docket Number 7, 1, 7, Scopac's Motion to

14  Reconsider on the 2019 ruling.

15  **THE COURT:**  Okay.

16  **MS. COLEMAN:**  Good afternoon, your Honor.  Your

17  Honor, very briefly, we filed the 2019 Motion, as well as the

18  Motion for Reconsideration, in an attempt to create a level

19  playing field for everybody.

20  Really all we want is the noteholder group to comply

21  with the statutory obligation to disclose some basic

22  information.  Now the price of participation, your Honor, is

23  disclosure.

24  And when you denied the 2019, you really decided two

25  things.  You decided, first, the noteholder group is not a

1   committee.  And then you also decided that Bracewell, the

2   noteholder group's counsel is an entity representing more than

3   one creditor and, therefore, subject to the disclosure

4   requirements of 2019.

5           So what we're asking for today is first for the Court

6   to reexamine the initial factual finding about whether the Ad

7   Hoc Group is a committee.  Second, we're asking your Honor to

8   clarify your bench ruling that Bracewell is an entity

9   representing more than one creditor and, therefore, requires to

10  make continuing disclosure under 2019.

11          So let's go for the first thing first, the

12  reconsidering the factual findings.  You found this is not a

13  committee.  Quote, you said, "At this point, this is just one

14  law firm representing a bunch of creditors."

15          Your Honor, during the hearing, we presented fairly

16  considerable evidence that the noteholder group was formed back

17  in 2005, over two years ago, as an ad hoc committee.  It held

18  itself out to Scopac and to the world as an ad hoc committee.

19  It appeared before this Court as an ad hoc committee.

20          Specifically, we presented copies of the ad hoc

21  committee's engagement letter with counsel, the engagement

22  letter with their financial advisor, a copy of their non-

23  disclosure agreement between Scopac and counsel for the

24  committee, as well as the listing of every pleading filed by

25  the ad hoc committee stating that they are an ad hoc committee.

8

1          Each of those documents clearly -- clearly shows you

2    that the noteholder group organized itself as a committee,

3    retained counsel at Scopac's request as a committee, retained a

4    financial advisor as a committee, entered into a

5    confidentiality agreement with Scopac as a committee, and

6    appeared, I think some 17 times in this case, as a committee.

7          What do we have on the other side?  The noteholder

8    group didn't present any evidence to the contrary showing that

9    they were not a committee.  They just said they weren't.

10         Your Honor, we would submit that the clear weight of

11   evidence before the Court demonstrates this group --

12         **THE COURT:**  Then they changed their name to group.

13         **MS. COLEMAN:**  And they changed their name to group.

14   That's true, your Honor.  That's the change they made.

15         And that's kind of the point, your Honor.  They are a

16   committee.  They've held themselves out to the Court and the

17   world as a committee.  And they shouldn't be able to avoid the

18   requirements of 2019, which are not onerous by simply changing

19   their name or changing the heading on their pleadings.  So

20   that's the first thing you were asking for, your Honor.

21         And we're respectfully asking that you reconsider

22   your decision and find that they are, in fact a committee.

23         Now second, and kind of separate from the first --

24   the first request that we have.  We would ask the Court to

25   clarify its bench ruling that Bracewell is subject to 2019, and

1   therefore subject to continuing disclosure.

2          And in their response to the 2019 motion, your Honor,

3   Bracewell said we're not an entity representing a bunch of

4   creditors, because we only have one client, the noteholder

5   group.  And therefore, we don't really have to disclose, even

6   though we did file a cursory statement voluntarily, we didn't

7   really have to.

8          And you rejected that position, your Honor.  You

9   said, during the April 17th hearing, you said that, no, I don't

10  accept the one client theory.  I think that Bracewell is a law

11  firm representing a bunch of creditors.

12         You clearly directed Bracewell in that hearing, or at

13  that -- at the time of that ruling, to update its 2019

14  statement.

15         Before we filed this motion, we sent a letter asking

16  Bracewell to update its 2019 statement and provide the

17  information.  They've still not answered our letter.

18         And, your Honor, it's very clear.  Rule 2019 applies

19  to any "entity representing more than one creditor."  And

20  that's what you found here.

21         So what do they have to file?  What do we want?  Well

22  they've got to file a few things, not very much, but a few.

23         The name and address of each of the creditors that

24  the entity represents, the nature and amount of the claim, and

25  then a recital of the pertinent facts and circumstances in

1    connection with the entity's employment.

2         So that's what we're asking for, your Honor.  Now

3    what does Bracewell say?  Well they make two arguments against

4    our motion.

5         First they said, well because Scopac participated in

6    drafting the form of order, somehow it's precluded from asking

7    for a clarification.  Your Honor, Rule 60 was designed for

8    precisely this situation.

9         And second of all, the Court clearly directed

10   Bracewell in your oral ruling to update its statement.  We

11   didn't think we had to put it in the order, because we thought

12   your direction was apparent.  But since we've received no

13   response to our request for updated information under 2019, we

14   felt we needed to file a motion.

15        The next thing that Bracewell argues is that they

16   were not a party to the motion and therefore no relief can be

17   entered against them.  You can't order them to file any more --

18   any more disclosure.

19        And that's not right, because in their response to

20   the motion, Bracewell brought itself into play by arguing it

21   only had one client, the group, although that group was not a

22   committee.

23        But you rejected that, your Honor, and your found

24   that Bracewell was a law firm representing a number of

25   creditors, not just one.

1          So now, they're saying, well notwithstanding the

2    Court's clear holding, it still doesn't have to require -- it

3    still isn't required to comply with 2019.

4          Your Honor, final point, they can't have it both

5    ways.  Either the noteholder group is a committee and they have

6    to make that disclosure under 2019, or Bracewell is an entity

7    representing multiple creditors, and they have to make the

8    disclosure required by 2019.

9          The Rule clearly applies to the group.  The group

10   knows the rule applies.  And they're tap dancing around the

11   fringes of the rule in an attempt to show it doesn't apply.

12         And, your Honor, respectively -- respectfully, we

13   would like to require all parties to comply with their

14   statutory obligations to provide some very basic information.

15   Thank you.

16         **THE COURT:**  All right.  Thank you.

17         **MR. FLASCHEN:**  Your Honor, Evan Flaschen of Bracewell

18   & Giuliani for the noteholder group.

19         This is a Motion for Reconsideration.  Your Honor

20   entered an order.  And using your words, "After reviewing

21   carefully all of the pleadings."

22         The form of order was the form submitted by Scotia

23   Pacific.  Quoting from their pleading objecting to the

24   noteholder form of order,

25         "Scopac respectfully requests that this Court reject

12

1          the noteholder proposed order and, instead, enters

2          Scopac's proposed form of order."

3          Noteholders consented to Scopac's form, and that's

4    what your Honor entered.

5          There are only two grounds for reopening that order

6    which Scopac conceived in its pleading.

7          The first ground is manifest error of law or fact.

8    Manifest error is defined as an error that is plain

9    indisputable that amounts to a complete disregard of the

10   controlling law, or the credible evidence in the record.

11         No one here has argued that there is any controlling

12   law on this issue that is adverse to the noteholders.

13   Therefore, your Honor will need to tell us whether you

14   completely disregarded the credible evidence in the record.

15         There was, in fact, no evidence in the record --

16         **THE COURT:**  Do you know the docket number on the

17   order?

18         **MR. HOLZER:**  I have a copy for you.

19         **MR. FLASCHEN:**  Six fifty-nine, your Honor.

20         And the actual order as entered also has at the top

21   of it a second docket number 658-4, which shows you just signed

22   the form of order they submitted to you.

23         **THE COURT:**  Okay.

24         **MR. FLASCHEN:**  So even though the order itself says

25   submitted by Evan Flaschen and Gregory Nye, it's, in fact, the

1   order that they submitted.

2           So there's no controlling law you disregarded.

3   There's no credible evidence in the record at all.  But even if

4   there is evidence, we believe it was countered by the documents

5   attached to our pleadings, showing repeated statements by

6   Scopac expressing frustration that our group was only, in their

7   view, 15 or 20 percent of the notes.  And, therefore, could not

8   represent the noteholders.

9           We also had oral argument.  And again, unless your

10  Honor believes you completely disregarded the pleadings, the

11  arguments, the documents, then there is no ground for reopening

12  this under Rule 9023.

13          Rule 9024 is even more basic.  Was there a clerical

14  error?  Did you intend one thing, but by mere clerical mistake

15  or oversight do another?  I was paraphrasing from a Fifth

16  Circuit decision.

17      **(Pause)**

18      **MR. FLASCHEN:**  It seems to us you did exactly what

19  you intended to do, which was enter an order finding that the

20  committee did not -- was not a committee within the meaning of

21  the specific rule, and that the noteholder group did not need

22  to comply with the rule.

23          For the first time in their Motion for

24  Reconsideration, Scopac now raises arguments about Bracewell.

25  Their original motion did not seek relief against Bracewell.

14

1   It was a Motion to Compel the noteholder group.

2           At no time did any of their pleadings seek relief

3   against Bracewell.  This was an argument they could have made

4   in their original motion, and they did not.  And I will now

5   quote from *In re: Kellogg*.  It's an Eleventh Circuit decision.

6   It is cited in our brief of pleading, which says that, in that

7   case,

8           "Kellogg may not use a Rule 5019 Motion to raise

9           argument available but not advanced at the hearing."

10          They did not advance any arguments about Bracewell.

11  They cannot do so now on a Motion for Reconsideration.

12          Finally, repeating Ms. Coleman's words about what

13  they want Bracewell to disclose, the names and addresses of its

14  clients.  Well we disclosed the names.  The addresses you can

15  find on the internet.  But we're happy to send along the

16  addresses of the clients if they would find that helpful, on a

17  voluntary basis.

18          We disclose that in footnote one of every single

19  pleading we have filed in this case, including long before they

20  filed their 2019 motion.

21          Second, the amount of the claim.  We have repeatedly

22  disclosed the amount of the aggregate claim of the noteholder

23  group.  Sometimes more than 90 percent, sometimes more than 95

24  percent.  To be precise for this hearing, based on the most

25  recent information reported to me, the noteholder group holds

15

1  98.06 percent of the notes in the Timber Noteholder Indenture.

2          Three, are the circumstances of engagement. We have

3  repeatedly stated the circumstances of engagement in our own

4  pleadings. Scopac contacted noteholders in March, 2005 and

5  said, would you please form a group to have discussions with

6  us.

7          In March, 2005, that group retained Bingham

8  McCutcheon, which then became, because of the lawyers

9  transferred to Bracewell, became Bracewell. So we have

10  repeatedly disclosed those circumstances. And we're repeatedly

11  said we do not have an engagement letter.

12          Well starting over, it would take remarkable

13  circumstances to change an order. The proper vehicle for

14  Scopac, if they disagree with, your Honor's decision, is to

15  file an appeal.

16          Second, they can't now seek relief against Bracewell

17  when they didn't, in their pleadings, to begin with. Three,

18  even if Bracewell were subject to 2019, which we dispute, and

19  if they ever file a motion, which we will dispute in writing,

20  we believe we have complied with what the order would require.

21          So why they even filed this motion, I don't know.

22  But unless your Honor says it completely disregarded everything

23  that's been filed to date, your Honor cannot, as a matter of

24  law, alter or amend the order that you've already entered.

25          Thank you.

16

1          **MS. COLEMAN:**  Your Honor, very, very briefly in

2    response.

3          The evidence point, your Honor.  At trial we

4    presented all the documents I described to you and gave copies

5    to the other parties in the courtroom.  They were handed up to

6    you and accepted into the record.

7          No objection was made to their admission into

8    evidence at that time.  So I don't think that -- that Bracewell

9    can now raise that -- raise that point.

10          Second, your Honor, the issue with respect to

11    including Bracewell in the order, you said it on the record,

12    your Honor.  And you ordered Bracewell to do something.

13          The fact that it wasn't in the order was because we

14    didn't think we needed to have it in the order, because we

15    thought it was so self-evident.  Clearly, it wasn't, because we

16    have still not received a response.  Although, Mr. Flaschen now

17    says that he will send along some things.

18          And finally, your Honor, the disclosure of the

19    aggregate claim is not response to what's required by 2019.

20    Twenty nineteen clearly requires an entity representing more

21    than one creditor to disclose the amount of the claim, not what

22    it paid, that's only if it's a -- it's only if it's a

23    committee.  You don't have to disclose the amount you paid if

24    you're an entity representing more than one creditor.  But you

25    do have to disclose the amount of each creditor's claim, not

08-13555-mg    Doc 15746-10    Filed 04/08/11    Entered 04/08/11 10:21:48    Exhibit J
Case 09-20027    Document 688    Filed in TXSB on 06/09/07    Page 22 of 28
Pg 24 of 30

17

1    simply the aggregate amount.

2         And finally, your Honor, with respect to the -- the

3    question of whether Bracewell was or was not a party to the

4    original motion, the fact remains that your Honor told

5    Bracewell it had to do something in your oral ruling.  And I

6    don't think that they can now say that they are not required to

7    do so simply because the original motion was seeking relief

8    against the committee.

9         Thank you, your Honor.

10        **MR. FLASCHEN:**  And then, your Honor, an even briefer

11   response.

12        Your oral ruling, and I quote, "All I'm doing is

13   denying the Motion to File the 2019 Information as requested."

14   Your order, "The noteholder group is not a committee.  The

15   noteholder group is not subject to disclosure."

16        There is no order here that Bracewell need to do

17   anything.  And if they want Bracewell to do something, they

18   should file a motion against Bracewell, which we will

19   vigorously defend, because that motion will also be in error.

20        Thank you, your Honor.

21        THE COURT:  Okay.  Okay.  I agree that the original

22   motion did not request that Bracewell do anything.  It was a

23   request that -- that the committee or slash group comply with

24   2019.  And I think I ruled consistent with the -- with the

25   order.

18

1          I suspect if I wanted to change the order, I probably

2    would change it to say that I -- the motion's denied, that

3    they're not a committee.  But to the extent that they are, then

4    I grant them permission not to file the stuff.

5          But I did.  And second, I think I can probably

6    reconsider any of my orders and redraw them any way I want.

7    I'm not going to reconsider this one.

8          And then further, I think I did point out that I

9    thought that Bracewell & Giuliani, although it's not before me,

10   and I reserve the right to change my mind if it's brought

11   before me, because I'm not prejudging the issue, but that --

12   that reading 2019, which, you know, it's one of those

13   provisions in the Code that, you know, you guys probably read

14   these things all the time, has never, ever came before me.  I

15   forgot it was even there.

16         And if from time to time when I read through the Code

17   I find new things again that I probably knew at one time that I

18   don't remember.

19         And now this seems to be on -- I mean, since -- well

20   probably since the airline case, this is now on everybody's

21   radar as a current topic to discuss.

22         In any event, I personally think that -- that you

23   should comply with the provisions of 2019 with respect to your

24   representation.  I thought to the extent that, I mean, you

25   know, I said that from the bench.  I don't think it needs to be

1  in the order either, because that was not the relief that was

2  requested.

3          I think you need to comply.  However that takes form,

4  or if you want to, you know, using the sporting theory or

5  jurisprudence, wait till they file a motion, and then -- then

6  we argue about it.  I don't know what the remedy is if you

7  don't comply.  But I -- you know, you have pretty much complied

8  with it.

9          I suspect technically you should file the specific

10 amounts of the claims of each of the -- of your people you

11 represent.  But I think this is -- I know that this is one of

12 those things that everybody finds important.

13         I think it's far more important in the sense of the

14 impact it might have on the trading of claims and the

15 distressed claims market.  And that's the reason I -- I made

16 sort of a practical decision when I made the decision.

17         In any event, I also understand that -- that this is

18 one of those things that -- that, I mean, you can't fault the

19 reasoning of the New York Court.  I just don't think that was

20 what was intended by the statute originally.  I think the

21 statute went back to the old Douglass group and whatever

22 that -- those -- that group, the study of -- of committees as

23 they existed back then, and not committee in the sense that we

24 talk about them now.  And so what's why I sort of drew that

25 line.

20

1    In short, I'm denying the Motion to Reconsider.

2    Anything further?

3    **MR. FLASCHEN:**  Judge, yes, your Honor.  Evan Flaschen

4    of Bracewell.

5    My understanding of what you said is somewhere

6    between you think we should comply, or you're asking us to

7    comply.  Bracewell as a law firm respectfully, we would request

8    Scopac to file a motion, because we would be the Defendant on

9    several grounds, both that it does not apply to us.  And even

10   if it does, they're not interpreting it --

11   **THE COURT:**  So you're going to argue about all this

12   over whether or not you have to file a list of the -- the

13   claims that -- of the people that you -- that you represent

14   when you're already doing everything else?  In fact, you're

15   doing more.

16   **MR. FLASCHEN:**  The amount of their individual

17   holdings, absolutely, your Honor.  We do not believe the rule

18   requires that disclosure.

19   **THE COURT:**  Well --

20   **MR. FLASCHEN:**  And we welcome --

21   **THE COURT:**  -- don't they all have to file claims

22   anyway?

23   **MR. FLASCHEN:**  And we welcome the opportunity to

24   brief it, your Honor.

25   No the indenture trustee files a single claim on

**TRINITY TRANSCRIPTION SERVICES**

```
 1    behalf of all of them.

 2            THE COURT:  All of them.  Okay.

 3            Well maybe then it's an issue worth arguing about it.

 4    It doesn't seem like it to me, but we'll argue about it when it

 5    finally gets in front of me.

 6            MR. FLASCHEN:  Thank you.

 7            THE COURT:  Great.  Thank you very much.

 8            Anything further?  Yes, sir.

 9            MR. PENN:  Your Honor, John Penn on behalf of

10    Marathon.  Just wanted to give you a heads up that next week on

11    the hearings on the 31st, we may be bringing before you an

12    issue dealing with the order last week on exclusivity and

13    document availability and access.

14            THE COURT:  Okay.  So --

15            MR. PENN:  Just a heads up that --

16            THE COURT:  -- there seems to be a --

17            MR. PENN:  -- that might be coming.

18            THE COURT:  -- slip up on the access to documents?

19            MR. PENN:  There's a disagreement that we're still

20    trying to work through.

21            THE COURT:  Okay.

22            MR. PENN:  And if we're not able to work through it,

23    we'll be in front on you next Thursday to argue about it.

24            THE COURT: And that hearing's in Houston.

25            MR. PENN:  Correct.
```

Case 09-20027   Document 688-10   Filed in TXSB on 06/09/07   Page 27 of 28

22

1          **THE COURT:** All right. Good. Anything else?

2     **(No audible response)**

3          **THE COURT:** Thank you. You're all excused.

4          **MR. FLASCHEN:** Thank you, your Honor,

5          **MS. COLEMAN:** Thank you, your Honor.

6     **(This proceeding was adjourned at 2:25 p.m.)**

1                             <u>CERTIFICATION</u>

2

3 I certify that the foregoing is a correct transcript from the

4 electronic sound recording of the proceedings in the above-

5 entitled matter.

6

7

8 _____       _____

9              Transcriber                     Date

10 07-20027

11 05/22/07 - 06/04/07

**TRINITY TRANSCRIPTION SERVICES**