Hearing Date and Time:  April 13, 2011 at 10:00 a.m. (E.S.T.)
Objection Deadline:  April 8, 2011 at 4:00 p.m. (E.S.T.)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Thomas Moers Mayer
Jeffrey S. Trachtman
Craig L. Siegel
Daniel M. Eggermann

*Counsel to the Lehman Singapore Liquidators*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
In re:                                                       :   Chapter 11:
                                                             :
Lehman Brothers Holdings Inc., *et al*                       :   Case Nos. 08-13555 (JMP)
                                                             :
                                        Debtors.             :   (Jointly Administered)
                                                             :
------------------------------------------------------------ X

**LIMITED OBJECTION OF LEHMAN SINGAPORE LIQUIDATORS TO DEBTORS'
MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE
7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
AUTHORIZATION TO ESTABLISH AND IMPLEMENT PROCEDURES IN
CONNECTION WITH DISCOVERY RELATED TO PLAN CONFIRMATION**

TO:    THE HONORABLE JAMES M. PECK,
       UNITED STATES BANKRUPTCY JUDGE

Messrs. Chay Fook Yuen, Bob Yap Cheng Ghee and Tay Puay Cheng (the "Lehman Singapore Liquidators") as liquidators for Lehman Brothers Asia Pacific (Singapore) Pte. Ltd. (In Creditors' Voluntary Liquidation) and certain of its affiliates ("Lehman Singapore"), hereby file this limited objection (the "Limited Objection") to the Debtors' motion (the "Motion") (Docket No. 14867) pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal Rules of Bankruptcy Procedure for authorization to establish and implement procedures (as amended, the "Discovery Procedures" (Docket No. 15682)) in connection with discovery

related to plan confirmation. In support of this Limited Objection, the Lehman Singapore Liquidators respectfully states as follows:

### GENERAL BACKGROUND

1. In the months following the commencement of these cases, the Lehman Singapore Liquidators were appointed as liquidators of six Lehman entities that became subject to creditors' voluntary liquidation proceedings in Singapore. Through those Lehman Singapore entities, the Lehman Singapore Liquidators have undertaken administrative control of more than forty (40) downstream Lehman-related entities and assets located in nine different jurisdictions, namely, Singapore, Malaysia, Thailand, India, China, Korea, Taiwan, Japan and Australia.

2. On June 17, 2009, the Court approved a cross-border insolvency protocol among certain worldwide affiliates of LBHI, including Lehman Singapore, regarding the framework for coordinating and conducting the various worldwide bankruptcy proceedings related to LBHI's bankruptcy (the "Cross-Border Protocol") (Docket No. 4020). For the Court's convenience, a copy of the Cross-Border Protocol is attached as Exhibit A.

3. The Debtors are now seeking approval of the Discovery Procedures that are intended to govern discovery related to confirmation of the Debtors' proposed chapter 11 Plan and any subsequent or competing Alternative Plans.[1]

### LIMITED OBJECTION

4. The Lehman Singapore Liquidators understand and appreciate the challenges and difficulties facing the Debtors and their professionals in what may aptly be described as one of the most complex bankruptcy proceedings in history. Indeed, as liquidators

---

[1] Capitalized terms not defined herein have the meaning set forth in the Discovery Procedures.

2

of certain of the Debtors' foreign affiliates, the Lehman Singapore Liquidators face similar challenges.

5. As a result, the Lehman Singapore Liquidators do not object to the concept of the Discovery Procedures. However, the Lehman Singapore Liquidators assert that the Discovery Procedures should not be approved unless modified as follows:

*The Discovery Procedures Should Not Apply to Claim Objection Disputes*

6. The Discovery Procedures are impermissibly overbroad and, on their face, could be interpreted to apply to disputes that have a very limited connection to any traditional plan confirmation dispute. Paragraph 1 of the Discovery Procedures provides that the procedures "shall control any and all discovery . . . in connection with 'Plan Issues' arising in connection with the prosecution of or objection to any Plan or Alternative Plan." (Discovery Procedures ¶ 1.) The definition of "Plan Issues" is exceptionally broad and includes any "contested issues of fact and law" in connection with the Plan or any Alternative Plan.

7. Of particular concern to the Lehman Singapore Liquidators is Section 6.5(b) of the Plan. That provision provides that, unless a foreign affiliate agrees to the allowed amount of its claim with the Debtors, the Plan and Disclosure Statement shall constitute a motion pursuant to Section 502(c) of the Bankruptcy Code to estimate the foreign affiliate's claim at $1.00 for voting, distribution and reserve purposes.[2]

8. As a result, many foreign affiliates, including those under the control of the Lehman Singapore Liquidators, may be required to litigate the amount and validity of their intercompany claims as part of the plan confirmation process. Many of those foreign affiliates,

---

[2] As an initial matter, Section 6.5(b) of the Plan is not only procedurally and substantively defective as a matter of U.S. bankruptcy law, it is inconsistent with Section 9 of the Cross-Border Protocol, which specifically provides for the various estates to allow intercompany claims as shown on their respective books and records, with differences to be settled through an informal process with resort to judicial process as a last resort. But that is a matter for another day.

3

including those under the control of the Lehman Singapore Liquidators, may have no desire to participate in plan-related discovery on issues other than those narrowly tailored to the allowance of their particular intercompany claims.

9. It would be unduly burdensome to require such foreign affiliates to become "Participants" in global plan discovery simply to obtain discovery for what may be nothing more than typical claims objection discovery. *First*, it will unnecessarily require the foreign affiliate to coordinate with numerous other parties in formulating consolidated Group Requests – parties who presumably will have no interest in discovery related to the allowance of a particular claim. (Discovery Procedures ¶ 3(b).)

10. *Second*, documents requested by a foreign affiliate in connection with an intercompany claim dispute will most certainly be a tiny fraction of the volume of documents requested of the Debtors in connection with global plan discovery. As a result, a foreign affiliate may be required to sift through potentially millions of pages of documents simply to find the narrow universe of documents responsive to a foreign affiliate's particular claims-specific document requests.

11. *Third*, a foreign affiliate whose sole objection to the Plan relates to a claim dispute under Section 6.5(b) will have no ability to serve requests for admissions (Discovery Procedures ¶ 14) and will be virtually guaranteed to have no ability to propound interrogatories or meaningfully participate in depositions (*see id.* ¶ 12(a) (prohibiting contention interrogatories and limiting total number of interrogatories by all Participants to twenty-five (25) including subparts) and ¶ 13(e) (requiring all Participants to meet and confer amongst themselves on attendance at and length of depositions). While the Lehman Singapore Liquidators understand the wisdom of these limitations where there are potentially hundreds of creditors seeking largely

4

duplicative and sweeping plan confirmation discovery, that is not the case with respect to claims objection discovery, which is often nothing more than a narrow two-party targeted dispute.

12. *Fourth*, the time constraints imposed by the Discovery Procedures further amplify this unfair burden. The Notice of Intent Deadline by which creditors must decide whether to "participate" in plan discovery could be as soon as April 27, 2011 (assuming the Court enters an approval order on April 13, 2011). However, whether or not a foreign affiliate will have a claims dispute under Section 6.5(b) of the Plan may not be known for some time and in no event sooner than approval of the Disclosure Statement, which is currently scheduled to be heard on June 28, 2011. Indeed, the foreign affiliate may reach an agreement with the Debtors by then on the amount of its intercompany claim. Alternatively, the Court may determine (as it should) that Section 6.5(b) of the Plan is patently impermissible and must be excised from the Plan prior to solicitation. It would be overly burdensome to require these foreign affiliates to begin taking discovery on narrow issues that may well prove not to be issues at all.

13. Moreover, requiring foreign affiliates to participate in global plan discovery for purposes of intercompany claim allowance is also patently unfair to the foreign affiliates. Indeed, no other creditor whose claim is subject to an objection is being forced to litigate that objection through plan discovery. It is fundamentally unfair to require foreign affiliates to do so simply because the claim objection is contained in a plan provision as opposed to being the subject of a separate claims objection.

14. While the Discovery Procedures do provide that they do not "affect the rights of any . . . creditor . . . to seek discovery in connection with any other contested matters or adversary proceedings (even if related to, or to be heard contemporaneously with, Plan confirmation)" (Discovery Procedures ¶ 1), the Debtors have refused to clarify or provide

comfort to the Lehman Singapore Liquidators that the Discovery Procedures will not apply to individual claims objections. Accordingly, unless the Discovery Procedures are amended to clarify that such procedures will not govern discovery related to the valuation, estimation or allowance of claims, the Court should deny the Motion.

WHEREFORE, the Lehman Singapore Liquidators respectfully requests that the Court (i) deny the Motion unless the Debtors make the modifications requested herein and (ii) grant such other and further relief as the Court may deem proper.

Dated:    April 8, 2011

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/Daniel M. Eggermann
Thomas Moers Mayer
Jeffrey S. Trachtman
Craig L. Siegel
Daniel M. Eggermann
1177 Avenue of the Americas
New York, New York 10036
Phone: (212) 715-9100
Fax: (212) 715-8000

Counsel to the Lehman Singapore Liquidators