Hearing Date and Time: April 13, 2011 at 10:00 a.m. EDT
Objection Deadline: April 8, 2011 at 4:00 p.m. EDT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.* | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**DEUTSCHE BUNDESBANK'S LIMITED OBJECTION TO DEBTORS'
MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND
RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
AUTHORIZATION TO ESTABLISH AND IMPLEMENT PROCEDURES IN
CONNECTION WITH DISCOVERY RELATED TO PLAN CONFIRMATION**

Deutsche Bundesbank hereby files this limited objection (this "Objection")[1] to

*Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal*

*Rules of Bankruptcy Procedure for Authorization to Establish and Implement Procedures in*

*Connection with Discovery Related to Plan Confirmation* (the "Plan Discovery Procedures

Motion") [Docket No. 14867].

## INTRODUCTION

1.      Deutsche Bundesbank does not oppose, as a general matter, the establishment and

implementation of unified procedures governing discovery related to plan confirmation in the

Debtors'[2] chapter 11 cases.   However, Deutsche Bundesbank objects to the Plan Discovery

Procedures Motion because the revised proposed order (the "Second Revised Order"), made

available on April 6, 2011 with the Debtors' *Notice of Second Amended Proposed Order*

*Establishing a Discovery Protocol and Extension of Time for Filing of Objections to Proposed*

---

[1] In light of, among other things, the complexity of the revised procedures, which the Debtors only circulated the evening of April 6, 2011, Deutsche Bundesbank reserves the right to make additional objections at the hearing on April 13, 2011, including but not limited to objections with respect to any forthcoming additional revisions to the procedures by the Debtors.

*Discovery Protocol* [Docket No. 15682], improperly treats Participants disparately and creates confusion that may result in prejudicial delay to Participants.

2.    The Second Revised Order provides the Debtors and their affiliates under administration unfair advantages over other parties in interest that participate in the plan discovery process.  The Second Revised Order should be further revised so that it treats all Participants equally.  For example, any limitation on the scope of the Debtors' search for and production of documents should be applied reciprocally to all potentially producing parties.

3.    In addition, certain of the procedures in the Second Revised Order lack clarity and thus have the potential to cause confusion and prejudicial delay to Participants.  These procedures should be clarified to ameliorate these problems.  For example, the Second Revised Order should provide either for the Court to appoint the Designated Party or to spell out procedures for Participants to determine the Designated Party.

### BACKGROUND OF DEUTSCHE BUNDESBANK'S CLAIM AGAINST LBHI

4.    Deutsche Bundesbank is the national central bank of Germany.  As such, Deutsche Bundesbank is a member of the European System of Central Banks ("ESCB", also known as the "Eurosystem"), consisting of the national central banks of the member states of the European Union which have adopted the single currency in accordance with the Treaty establishing the European Community (the "Member States"), and the European Central Bank ("ECB").  To achieve the objectives of the ESCB and to carry out its tasks, the ECB, Deutsche Bundesbank, and the other national central bank members may carry out open market operations (*e.g.*, on the basis of collateralized loans) which are intended to provide liquidity to financially sound institutions which are subject to the Eurosystem's minimum reserve system and are

---

[2] Terms not defined herein shall have the meanings ascribed to them in the Plan Discovery Procedures Motion or Second Revised Order, as applicable.

2

located in a Member State. Deutsche Bundesbank's US$12 billion claim against Lehman Brothers Holdings Inc. arises from a guaranty in connection with the obligations of its German affiliate under such open market operations.

5.     Although Deutsche Bundesbank has begun discussing its claim and related issues with the Debtors, and is hopeful of reaching a consensual resolution, it anticipates that it will participate in the plan confirmation process.

## LIMITED OBJECTION

A.     <u>The Plan Discovery Procedures Should Apply Indiscriminately To All Participants</u>

6.     The Second Revised Order details procedures for the conduct of discovery relating to Plan Issues which apply to all parties that may seek or be asked to produce discovery (the "<u>Plan Discovery Procedures</u>"). However, contrary to established principles of law, the Debtors' Plan Discovery Procedures Motion improperly creates an uneven playing field by providing Plan Discovery Procedures which apply inequitably among the parties. For that reason, Deutsche Bundesbank objects to the Plan Discovery Procedures Motion.

7.     For example, the Second Revised Order frees the Debtors and their affiliates under administration from having to search for, produce or identify various categories of documents under any circumstances. *See* Second Revised Order § 11(c) ("the Debtors and all other Participants and Non-Participants that are in bankruptcy, administration, liquidation or other insolvency proceedings (whether in the United States or abroad) shall not be required to search for, produce or identify on any privilege log the following categories of documents …."). However, the Second Revised Order inexplicably treats other Participants disparately, requiring such Participants to search, produce and identify documents within the same categories "in response to reasonably limited, targeted search requests agreed to by a Participant or ordered by

3

the Court". *See id.* § 3(j). The Debtors provide no justification or explanation for this unequal treatment of non-debtor Participants.

8.      The cases and other authorities cited by the Debtors in their papers do not support their position that a court may order discovery procedures that apply disparately among the parties. To the contrary, it is well-established in this Circuit that equal access to discovery is a matter of fundamental justice as enshrined in the Federal Rules of Civil Procedure. *See In re Union Carbide Corp.*, 809 F.2d 195, 205 (2d Cir. 1987) (reversing lower court and holding that "[b]asic justice dictates that both sides be treated equally, with each having equal access to the evidence in the possession or under the control of the other."); *In re Initial Pub. Offering Sec. Litig.*, 220 F.R.D. 30, 37 (S.D.N.Y. 2003) (denying plaintiffs' motion for protective order because "it is [] important ... to allow all parties an equal opportunity to engage in the robust discovery permitted by the Federal Rules.").

9.      To that extent, the Court should not approve the Debtors' unprecedented Plan Discovery Procedures Motion.

B.      Certain Procedures Should Be Clarified to Avoid Confusion And Prejudicial Delay

10.     Deutsche Bundesbank further objects to the Plan Discovery Procedures Motion on the basis that several of its key provisions are likely to cause prejudicial delay to Participants because its terms are vague and ambiguous.

11.     For example, the Plan Discovery Procedures limit Participants' ability to interpose document requests and deposition topics on the Debtors to submission via a "Designated Party". *See* Second Revised Order §§ 3, 13(a). While the Second Revised Order provides that the Participants will select the Designated Party, it does not provide any mechanism for the Participants to choose the Designated Party. Further, the Second Revised Order does not set forth any procedures for Participants to identify the Participant Group through

4

which they are participating, or a mechanism for Participant Groups to coordinate the requests to be submitted to the Designated Party. In the absence of detailed procedural provisions on these points and others, confusion will ensue and Participants will be prejudiced by the delay given the short discovery deadlines requested by the Debtors.

12.     To alleviate these problems, the Plan Discovery Procedures should incorporate a structured process for notifying Participants of which other Participants are in their respective Participant Group and selecting a Designated Party. Deutsche Bundesbank proposes that such process first require each Participant to identify on the Notice of Intent which Participant Group it wishes to join. Following the Notice of Intent Deadline, the Debtors should then be required to serve each Participant a notice, identifying which Participant Group it has joined and including a list of other Participants that have joined its Group. Participants that are interested in serving as the Designated Party should then be required to notify the Debtors of their interest. After receiving such notices of interest, the Debtors should serve a voting ballot, including a list of Participants that wish to serve as the Designated Party and disclosing all of such Participants' holdings in broad terms, to each Participant. The deadline to select a Designated Party should then run from the date the Debtors serve such voting ballots on the Participants rather than the Notice of Intent Deadline. In the event the foregoing process is unsuccessful in selecting a Designated Party by such deadline, the Debtors should be required to return to the Court and request that either the Court or the U.S. Trustee appoint a disinterested party to serve as the Designated Party.

13.     The Second Revised Order also provides little guidance regarding how the "content and scope" of interrogatories will be determined in light of the numerical limits allotted. *See id.* §§ 12(a), (b), (c). Under the terms of the Second Revised Order, Participants,

collectively, may serve only twenty-five (25) total interrogatories on (i) the Debtors, collectively, (ii) each of the Alternative Plan Proponents, and (iii) each Participant (other than the Debtors and Alternative Plan Proponents).  Given the thousands of creditors in this case, it is evident that the numerical limits will cause confusion and conflict among Participants as to the "content and scope" of interrogatories and, further, will have the practical effect of shutting out some Participants from any opportunity to interpose interrogatories.  To mitigate this problem, Deutsche Bundesbank proposes that each Participant Group be designated at least one of the twenty-five written interrogatories that Participants, collectively, may serve on (i) the Debtors, (ii) each of the Alternative Plan Proponents, and (iii) each Participant (other than the Debtors and Alternative Plan Proponents), subject to voluntary forfeiture by a Group.

14.    The Court should further require the Debtors to clarify the procedure for designating ESI custodians and the availability of metadata in the Document Repository.[3]

15.    Finally, given their complexity, the Plan Discovery Procedures may fail in certain respects in fulfilling their intended purpose of allowing Plan Discovery to be conducted in "an efficient, expeditious and orderly manner."  *Id.* at 1.  The Second Revised Order should explicitly recognize the right of any interested party to raise such issues with the Court, when they arise, and to seek modification of the Plan Discovery Procedures upon Court approval. While the Second Revised Order provides for the submission of "discovery disputes" to the Court for resolution (*see id.* § 17), it should also explicitly provide for recourse to the Court for other potential issues affecting Plan Discovery Procedures, including those of efficiency or efficacy.

---

[3] Deutsche Bundesbank reserves its right to object to the definition of "Prohibited Information" in paragraph 12 of the Protective Order because it is unclear what information is covered by this paragraph and whether it includes any information that is relevant to Plan Issues.  Deutsche Bundesbank's counsel will endeavor to contact Debtors' counsel before the hearing for clarification on this issue.

16.     Thus, the Court should require the Debtors to clarify the aforementioned provisions as a pre-condition to approval of the Plan Discovery Procedures Motion.

## CONCLUSION

17.     Deutsche Bundesbank respectfully submits the above objections to the Debtors' Plan Discovery Procedures Motion and requests that it be further revised to reflect that: (a) all parties be treated equally and indiscriminately; and (b) all procedures be set forth clearly and completely to avoid confusion and prejudicial delay.

Dated:  New York, New York
       April 8, 2011

Respectfully submitted,

*/s/ Walter Stuart*

Walter B. Stuart
Patrick D. Oh
FRESHFIELDS BRUCKHAUS DERINGER US LLP
520 Madison Ave, 34th Floor
New York, New York 10022
Tel:  212.277.4000
Fax:  212.277.4001
walter.stuart@freshfields.com
patrick.oh@freshfields.com

and

Jane L. Vris
Steven Abramowitz
VINSON & ELKINS LLP
666 Fifth Avenue, 26th Floor
New York, New York 10103
Tel:  212.237.0000
Fax:  212.237.0100
jvris@velaw.com
sabramowitz@velaw.com

*Attorneys for Deutsche Bundesbank*