## Exhibit A

**Proposed Procedures Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
**In re**                                                       :    **Chapter 11 Case No.**
**LEHMAN BROTHERS HOLDINGS INC.,**                              :    **08-13555 (JMP)**
*et al.,*                                                       :
                                                                :    **(Jointly Administered)**
                                     **Debtors.**               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER ESTABLISHING
### SCHEDULE AND PROCEDURES IN CONNECTION WITH DISCOVERY
### <u>RELATED TO PLAN CONFIRMATION AND OTHER ISSUES</u>

Lehman Brothers Holdings Inc. and certain of its affiliated debtors (collectively the "<u>Debtors</u>") filed the First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated January 25, 2011 [Docket No. 14150] (as it may be further amended or modified, the "<u>Plan</u>"). The Ad Hoc Group of Lehman Brothers Creditors (the "<u>Ad Hoc Group</u>") filed a Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC, dated December 15, 2010 [Docket No. 13504], as may be amended (the "<u>Ad Hoc Plan</u>"). The Plan, the Ad Hoc Plan and any other plan or plans of reorganization (each such Ad Hoc Plan or other plan being an "<u>Alternative Plan</u>") filed in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") may present contested issues of fact and law ("<u>Plan Issues</u>").

The Court has previously noted, and hereby finds, that it would be in the best interests of the Debtors and all interested parties that discovery in connection with Plan Issues arising out of objections to and/or the prosecution of the Plan, or any Alternative

Plan filed in the Chapter 11 Cases ("<u>Plan Discovery</u>"), be conducted in an efficient, expeditious and orderly manner. Accordingly, it is hereby

ORDERED:

1.      **<u>Scope of Order</u>:** Except as otherwise ordered by the Court, this Order shall control any and all discovery by any Debtor, committee, the United States Trustee (the "UST"), creditor, party in interest, or group of creditors or parties in interest in connection with Plan Issues arising in connection with the prosecution of or objections to any Plan or Alternative Plan, but shall not affect the rights of any Debtor, committee, UST, creditor or party in interest, or group of creditors or parties in interest to seek discovery in connection with any other contested matters or adversary proceedings (even if related to, or to be heard contemporaneously with, Plan confirmation).

a)      All Plan Discovery sought must be sought in connection with the Plan Issues only, and no discovery nor any information contained therein may be used in connection with any other matter or proceeding.

b)      This Order shall not apply to any discovery in connection with the Motion (i) for Approval of the Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan, dated March 14, 2011 [Docket No. 15078].

c)      Nothing in this Order shall be construed to apply to the separate SIPA proceeding

or to in any way limit the SIPA Trustee's rights or authority to investigate the

affairs of Lehman Brothers Inc. ("LBI") pursuant to the full extent of his powers.

**2.      Participation in Plan Discovery**

a)      Any creditor, party in interest, or group of creditors or parties in interest seeking to

participate in Plan Discovery ("Proposed Participant") shall serve on the attorneys

for the Debtors and for the statutory committee of unsecured creditors appointed in

the Chapter 11 Cases (the "Creditors' Committee") a completed "Notice of Intent,"

the form of which is attached hereto as Exhibit A. Each Notice of Intent must

contain: (i) the name and address of the creditor or party in interest (or in the case of

a group, the names and addresses of each of its members) and the name of the law

firm(s) and individual attorneys representing such creditor or party in interest or

group of creditors or parties in interest; and (ii) at the option of the Proposed

Participant, either, (A) a list of all proof(s) of claim filed either individually or by

the group provided there have not been any material changes to such proof(s) of

claim since their filing, or (B) a statement setting forth the types and aggregate

amount(s) of claim(s) currently held by such Proposed Participant as against each

of the Debtors.[1] Any Notice of Intent must be served no later than fourteen (14)

days following the entry of this Order (the "Notice of Intent Deadline") unless,

upon application to the Court, good cause is shown that, notwithstanding

---

[1] No disclosures made under this provision shall be construed as a disclosure for the purposes of
Bankruptcy Rule 2019.

3

reasonable best efforts to comply herewith, additional time is needed (e.g., the need to obtain government approval to file a Notice of Intent and become a Participant). Participants shall promptly serve an amended Notice of Intent to reflect any material changes to the amount of individual or aggregate claims reported in the initial Notice of Intent. In the absence of an order of the Court sustaining an objection to a Notice of Intent (as described in Paragraph 2(e) of this Order), a Proposed Participant timely serving a Notice of Intent shall be deemed a "Participant." For purposes of participation in Plan Discovery, "Participant" shall include the attorneys and any advisors for any Participant identified on the Notice of Intent served by the Participant, and "Debtor" shall include the attorneys and any advisors and other professionals for the Debtors. The Debtors shall make available to counsel for all Participants copies of all Notices of Intent served upon them.

b)      The Debtors, Creditors' Committee, and the UST shall each be deemed a Participant in Plan Discovery without the need to serve a Notice of Intent.

c)      Subject to Paragraph 2(g) below, any creditor, party in interest, or group of creditors or parties in interest that has filed or hereinafter files an Alternative Plan, including the Ad Hoc Group (an "Alternative Plan Proponent"), shall be entitled to serve a Notice of Intent on or prior to the later of the Notice of Intent Deadline and the date of the filing of such plan, and shall be deemed a Participant as of the date of serving such Notice of Intent.

d)      Subject to Paragraph 2(g) below, any creditor, party in interest, or group of creditors or parties in interest that has filed or hereinafter files an objection to the

4

Plan or an Alternative Plan (each, a "Plan Objector") shall be entitled to serve a Notice of Intent on or prior to the later of the Notice of Intent Deadline and the date of the filing of such objection, and shall be deemed a Participant as of the earlier date of such filing or the serving of such Notice of Intent.

e) The Debtors and the Creditors' Committee shall have the right to object to Notices of Intent on any and all grounds, including but not limited to those that are, *inter alia*, harassing, or served by persons that are not parties in interest or do not comply with the requirements hereof or do not demonstrate a legally cognizable interest in participating in Plan Discovery.

f) Within three (3) days following the Notice of Intent Deadline, the Debtors shall file with the Court a list of all Participants and their attorneys (including e-mail addresses), which as it may be amended (as hereafter provided) will be the official service list for Plan Discovery (the "Official Service List"). The Debtors shall amend the Official Service List, as necessary, from time to time and will file such amended service lists with the Court. Service in connection with Plan Discovery may be by electronic mail.

g) Except as provided in Paragraphs 2(a) and (b), any creditor, party in interest, or group of creditors or parties in interest that does not timely serve a Notice of Intent, or that serves a Notice of Intent to which the Debtors or the Creditors' Committee successfully object, shall not be permitted to participate in Plan Discovery absent leave of the Court. Also absent leave of the Court, all Participants, including those who become Participants after the Notice of Intent Deadline has passed, must

5

comply with all discovery deadlines set forth in this Order and shall not be allowed
to reopen any discovery deadlines that have already passed, except as set forth in
Paragraph 15 of this Order.

h)      All Plan Discovery shall be subject to and shall be conducted in accordance with
the terms of the Protective Order, attached hereto as <u>Exhibit B</u>, and approved by the
Court in its entirety. In order to be eligible to participate in Plan Discovery, each
Participant and each Participant's attorneys and advisors must read and agree to
abide by the Protective Order. Each Participant, and a representative of each
Participant's attorneys and advisors must sign the Agreement to Abide By the
Protective Order, attached hereto as <u>Exhibit C</u>, and serve a copy upon attorneys for
the Debtors. Such representative must provide the Protective Order to any person
that it employs or engages who is given access to Plan Discovery. Any Participant
(or the attorneys or advisors for any Participant that are involved in the Chapter 11
Cases) that does not sign the Agreement to Abide by the Protective Order shall not
be permitted to participate in Plan Discovery.

**3.      Document Discovery from the Debtors**

a)      No later than fourteen (14) days following the Notice of Intent Deadline, the
~~Participants other than the Debtors shall designate one Participant as the~~
~~"Designated Party" to act as a facilitator and intermediary for Discovery Requests.~~
~~The Designated Party~~<u>Creditors' Committee</u> shall make available to Participants a
preliminary suggested set of Document Requests pursuant to Rule 34 of the Federal
Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal

6

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directed to the Debtors, that includes those requests that the ~~Designated Party~~Creditors' Committee reasonably and in good faith believes relate to Plan Issues (the "Preliminary Requests"). The ~~Designated Party~~Creditors' Committee shall simultaneously provide Participants with a preliminary suggested list of proposed search terms and strings that, in the reasonable estimation of the ~~Designated Party~~Creditors' Committee, is reasonably calculated to yield electronically stored information, including without limitation e-mails and e-mail attachments (hereinafter collectively referred to as "ESI") responsive to the Preliminary Requests without being overbroad or unduly burdensome to the Debtors. The ~~Designated Party~~Creditors' Committee shall consult with the Debtors in formulating such Preliminary Requests and search terms and strings.

b)   No later than ten (10) days following service by the ~~Designated Party~~Creditors' Committee of the Preliminary Requests, Participants other than the Creditors' Committee and the UST who wish to serve Document Requests upon the Debtors shall review the Preliminary Requests and propose any additional requests relating to Plan Issues (the "Group Requests") to the ~~Designated Party~~Creditors' Committee as part of one of the following groups: (i) the direct creditors of Lehman Brothers Holdings Inc. ("LBHI"); (ii) the guarantee creditors of LBHI for which a Debtor or U.S. affiliate is the primary obligor; (iii) the guarantee creditors of LBHI for which a non-U.S. affiliate is the primary obligor (other than holders of Lehman Programs Securities (as defined in the Disclosure Statement)); (iv) the guarantee

7

creditors of LBHI that are holders of Lehman Programs Securities; (v) the creditors

of the derivative entity debtors, including Lehman Brothers Special Financing Inc.

("LBSF"), Lehman Brothers OTC Derivatives Inc. ("LOTC"), Lehman Brothers

Derivative Products Inc. ("LBDP"), Lehman Brothers Financial Products Inc.

("LBFP"), and Lehman Brothers Commercial Corp. ("LBCC"), in each case, other

than the LBSF Public Side Working Group;[2] (vi) the LBSF Public Side Working

Group; (vii) the creditors of Lehman Brothers Commodities Services Inc.

("LBCS"); (viii) the creditors of Lehman Commercial Paper Inc. ("LCPI"); (ix)

non-U.S. affiliates of the Debtors; and (x) the creditors of other Debtors (each of

the foregoing enumerated groups, a "Group" and together, the "Groups").[3] The

~~Creditors' Committee and the~~ UST may submit separate requests to the ~~Designated
Party~~Creditors' Committee. A Participant that would otherwise be a member of

more than one of the foregoing groups shall select one Group in which to

participate, but such selection and participation in a single group shall not constrain

or in any way limit a Participant's ability to include requests relating to any Plan

---

[2] The members of the LBSF Public Side Working Group shall consist of the following to the extent they become Participants: Bank of America, N.A., Centerbridge Credit Advisors, LLC (solely on behalf of funds managed by itself and affiliates), Crédit Agricole Corporate and Investment Bank, Credit Suisse International, D. E. Shaw Composite Portfolios, L.L.C., D. E. Shaw Oculus Portfolios, L.L.C., Deutsche Bank AG, Eton Park Capital Management, L.P. (solely on behalf of funds for which it serves as investment manager), Goldman Sachs Bank USA (successor by merger to Goldman Sachs Capital Markets, L.P.), Goldman Sachs International, Merrill Lynch International, Morgan Stanley Capital Services Inc., Morgan Stanley & Co. International plc, certain funds advised by Oaktree Capital Management, L.P. or their respective subsidiaries, Silver Point Finance, LLC (an affiliate of certain claim holders), and The Royal Bank of Scotland plc.

[3] The Groups are solely for the purpose of facilitating Plan Discovery as set forth in this Order (and for no other purpose, including, without limitation, for purposes of Bankruptcy Rule 2019).

Issues.[4] The Participants in each of the Groups shall confer among themselves solely in order to eliminate duplicate requests and each Group shall develop a single list of Group Requests to be sent to the ~~Designated Party~~Creditors' Committee. The purpose of compiling consolidated document requests is solely to avoid duplication, and no proposed document request may be altered or excluded from a consolidated document request for any reason other than to avoid duplication. Each Group Request shall identify the Participant(s) seeking each request therein, in order to facilitate meet and confer communications among Participants. No Participant shall waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining Group Requests as prescribed in this Paragraph. Any Participant who, after the meet and confer process, will not agree to join in a single list of Group Requests may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Document Request under terms and conditions that the Court deems appropriate.

c)     Each Participant or Group providing Group Requests to the ~~Designated Party~~Creditors' Committee shall simultaneously provide a list of additional proposed search terms and strings that, in the reasonable estimation of such Participant or Group, is reasonably calculated to yield ESI responsive to the Group

---

[4] No provision herein shall be construed to preclude any Participant from joining or forming other groups under Bankruptcy Rule 2019 or for any other purpose outside the scope of this Order.

9

Requests without being overbroad or unduly burdensome to the Debtors. Such list shall identify the Participant(s) seeking each search term and string.

d) The ~~Designated Party~~Creditors' Committee shall create a single Document Request that includes the Preliminary Requests and non-duplicative Group Requests (the "Consolidated Requests"). The ~~Designated Party~~Creditors' Committee shall also create a single list (the "~~Designated Party~~Committee's Search Term List") of combined search terms and strings that includes the search terms and strings the ~~Designated Party~~Creditors' Committee identified and non-duplicative search terms and strings provided by Participants contemporaneously with the Group Requests. The Consolidated Requests and the ~~Designated Party~~Committee's Search Term List shall identify the Participant(s) seeking each request, search term and string. In creating the Consolidated Requests and ~~Designated Party~~Committee's Search Term List, the ~~Designated Party~~Creditors' Committee shall reasonably and in good faith eliminate only duplicate requests and/or duplicate search terms and strings. The ~~Designated Party~~Creditors' Committee shall not delete non-duplicative requests or non-duplicative search terms, and it shall not alter any Group Requests or search terms and strings. Nothing in this Paragraph is intended to or shall limit any Participant's right to request non-duplicative documents relating to Plan Issues from the Debtors. The ~~Designated Party~~Creditors' Committee shall provide the Consolidated Requests and the ~~Designated Party~~Committee's Search Term List to Participants within seven (7) days following service by Participants of the Group Requests.

10

e)   Participants shall meet and confer with the ~~Designated Party~~Creditors' Committee promptly, but in no event later than seven (7) days following service by the ~~Designated Party~~Creditors' Committee of the Consolidated Requests and the ~~Designated Party~~Committee's Search Term List if they believe that the ~~Designated Party~~Creditors' Committee eliminated or altered non-duplicative requests or search terms and strings or otherwise improperly transcribed Group Requests, in order to resolve disputes, if any, relating to the contents of the Consolidated Requests or ~~Designated Party~~Committee's Search Term List. Any disputes not resolved through the meet and confer process shall promptly be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.

f)   Within two (2) days after the expiration of the meet and confer period set forth in Paragraph 3(e), and regardless of whether any dispute relating to the content of Consolidated Requests has been brought to the Court's attention in accordance with Paragraphs 3(e) and 17 of this Order, the ~~Designated Party~~Creditors' Committee shall serve the Consolidated Requests and the ~~Designated Party~~Committee's Search Term List upon the Debtors. The Consolidated Requests shall identify the Participant(s) seeking each Request, search term, and string and parameter in the ~~Designated Party~~Committee's Search Term List.

g)   Notwithstanding the process outlined in the foregoing Paragraphs (3)(a) – 3(f), nothing in this Order shall be construed to imply that the ~~Designated Party~~Creditors' Committee approves, agrees with, has joined in or has otherwise

11

adopted any Group Requests and the ~~Designated Party~~Creditors' Committee

reserves all of its rights with respect to such requests.

h)    Within twenty-one (21) days following service of the Consolidated Requests upon

the Debtors, the Debtors shall serve written responses and objections ("Debtors'

Responses and Objections"). The Debtors shall review the Consolidated Requests

and ~~Designated Party~~Committee's Search Term List and will, reasonably and in

good faith, generate a master list of search terms, strings and parameters (the

"Debtors' Search Term List") reasonably calculated to lead to the production of

responsive ESI. The custodians identified on the Debtors' Search Term List shall

include, but not be limited to, every individual employed or retained by the Debtors

that the Debtors expect to call as a witness at any hearing concerning any Plan

Issues; provided, however, that the Debtors are not limited to such witnesses at any

hearing and may thereafter supplement such list, including as provided hereinafter.

The Debtors shall serve the Debtors' Search Term List, along with a statement of

the reason(s) for rejecting any proposed search terms and strings

contemporaneously with the Debtors' Responses and Objections.

i)    The Debtors shall meet and confer with applicable Participants as identified in the

Consolidated Requests, concerning the Debtors' Responses and Objections and the

Debtors' Search Term List during the fourteen (14) day period following the

service of the Debtors' Responses and Objections. Any disputes concerning the

Debtors' Responses and Objections or the Debtors' Search Term List that are not

resolved shall be brought to the Court's attention within seven (7) days after the

final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.

j)      Other than in response to reasonably limited, targeted search requests agreed to by a Participant or ordered by the Court, Participants shall not be required to search, produce, or identify on any log (unless the document was called for under such limited, targeted requests), documents from the following categories of privileged documents, regardless of when the documents were created:

   i)     Hard copy files of in-house and outside counsel;

   ii)    Documents and communications solely between in-house counsel and outside counsel;

   iii)   Internal documents and communications solely within an outside counsel's law firm;

   iv)    Documents and communications solely between or among outside counsel law firms for a single client;

   v)     Documents and communications solely between or among client and inside counsel or outside counsel;

   vi)    To the extent a request seeks documents prepared or dated after the date of filing of the Debtors' chapter 11 petitions, internal documents and communications solely within an advisor;

provided, however, in the event that a representative of any advisor is disclosed to be an anticipated witness at the Plan Confirmation hearing, such individual's documents shall be subject to discovery, and the advisory firm shall also be subject

13

to reasonably limited, targeted document requests relating to the subjects of the

proposed witness's expected testimony, subject to whatever privilege or other

protection may apply. Nothing in this Paragraph shall modify or expand a

Participant's rights or obligations under Federal Rule of Civil Procedure

26(b)(4)(B).

k)      The Debtors shall begin searching for and producing documents as expeditiously as

is reasonably practical after the Debtors' Search Term List and Consolidated

Requests are finalized. The Debtors shall produce bates-stamped and/or otherwise

uniquely identified documents on a rolling basis, inform Participants from time to

time regarding the production and availability of documents, and make reasonable

efforts to identify the source of the documents they produce. The Debtors shall

inform Participants when document production is substantially complete by

serving a notice ("Notice of Substantial Completion"). The Debtors' document

production shall be substantially complete when the Debtors believe in good faith

that all material documents requested have been produced, but for limited

categories of documents that need to be located, obtained, and/or reviewed. The

Notice of Substantial Completion will also identify with reasonable specificity any

categories of documents that remain to be produced.

l)      Notwithstanding anything in this Order to the contrary, the procedures set forth

herein shall not be used by Participants (other than the Debtors) to seek discovery

of documents, records or ESI directly from Barclays Capital Inc. or any of its

affiliates (together, "Barclays") of which Barclays may have custody, possession,

or control solely by virtue of its purchase of certain assets from LBHI, LBI, and LB

745 LLC (such documents, records or ESI, "Legacy Lehman Records").

    i)    All document requests of any Participant (other than the Debtors)

    concerning Legacy Lehman Records shall be directed at the Debtors

    ii)    The Debtors and Barclays shall cooperate in good faith to seek to satisfy

    requests made to Barclays by the Debtors.

    iii)    Notwithstanding anything in this Order to the contrary, to the extent the

    Debtors make such requests of Barclays pursuant to that certain

    Stipulation and Agreed Order with Respect to Access Amendment to

    Transition Services Agreements, dated March 2, 2011 (D.I. 14750, the

    "Access Amendment"), nothing herein shall modify or amend the

    provisions of the Access Amendment.

    iv)    The provision of Access (as defined in the Access Amendment) shall not

    waive any attorney work product protection or any privilege with respect

    to Legacy Lehman Records.

    v)    The Debtors shall also undertake commercially reasonable efforts not to

    produce any Barclays documents, records, or ESI that they possess and

    that may be commingled with Legacy Lehman Records. Any

    inadvertently produced Barclays documents, records, or ESI must

    immediately be destroyed or returned to the Debtors on request of

    Barclays or the Debtors, or upon discovery of such inadvertent production

    by the receiving Participant, after which the receiving Participant shall

15

certify that all copies of such documents, records, or ESI have been destroyed or returned.

**4.**     **Data Repository**

a)     The Debtors shall, to the extent reasonably practical, upload non-privileged responsive documents to an online data repository (the "Data Repository") on a rolling basis. The Data Repository review tool shall provide basic functions and features such as searching, tagging, printing, and downloading. No later than fourteen (14) days following the Notice of Intent Deadline, the Debtors will meet and confer with Participants regarding the Data Repository, including with respect to the protection of work product created in the process of reviewing produced documents.

b)     After signing, and providing to the Debtors, the Agreement to Abide by the Protective Order, a Participant will be granted access to the Data Repository. Each Participant shall, upon request, be given up to five (5) separate login credentials for the Data Repository. Any Participant that wants additional login credentials for the Data Repository will be provided with such login credentials at the Participant's own expense, at a cost of $100 per additional login per month. Upon issuing a request for additional logins, the Participant shall provide the Debtors with the amount payable (per login) for the first month of use.

c)     The Debtors shall have the right to produce documents that are not reasonably conducive to being cost-efficiently uploaded into the Data Repository by other means, including but not limited to supervised review of hard copy documents. The

Debtors will notify all Participants if any documents will be made available by such other means, and will provide reasonable advance notice of the terms and conditions under which such documents will be made available. Upon good cause shown, any Participant may request that any documents or data, including but not limited to Microsoft Excel files, that are otherwise responsive to discovery requests be produced in native format, and any dispute concerning the production of such documents that is not resolved by a meet and confer process may be brought to the Court's attention in accordance with Paragraph 17 of this Order.

5.  **Document Discovery from Alternative Plan Proponents**

a)  No later than fourteen (14) days following the Notice of Intent Deadline, the Debtors shall make available to Participants a preliminary suggested set of Document Requests pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, directed to each Alternative Plan Proponent that includes those requests that the Debtors reasonably and in good faith believe relate to Plan Issues (the "Preliminary APP Requests"). The Debtors shall simultaneously provide Participants with a preliminary suggested list of proposed search terms and strings that, in the reasonable estimation of the Debtors, is reasonably calculated to yield ESI responsive to each of the Preliminary APP Requests without being overbroad or unduly burdensome to the respective Alternative Plan Proponents.

b)  No later than ten (10) days following service by the Debtors of the Preliminary APP Requests, Participants who wish to serve Document Requests upon Alternative

17

Plan Proponents shall review the Preliminary APP Requests and, as part of one of the Groups identified in Paragraph 3(b), propose to the Debtors any additional requests directed to each Alternative Plan Proponent relating to Plan Issues ("the Group APP Requests"). The Participants in each of the Groups shall confer among themselves solely in order to eliminate duplicate requests and develop a single list of Group APP Requests directed to each Alternative Plan Proponent to be sent to the Debtors. The purpose of compiling consolidated document requests is solely to avoid duplication, and no proposed document request may be altered or excluded from a consolidated document request for any reason other than to avoid duplication. Each Group APP Request shall identify the Participant(s) seeking each request therein, in order to facilitate the meet and confer communications among Participants. No Participant shall waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining any Group APP Requests as prescribed in this Paragraph. Any Participant who, after the meet and confer process, will not agree to join in a single list of Group APP Requests may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Document Request under terms and conditions that the Court deems appropriate.

c)    Each Participant or Group providing Group APP Requests to the Debtors shall simultaneously provide a list of proposed search terms and strings that, in the reasonable estimation of such Participant or Group, is reasonably calculated to yield ESI responsive to each of the Group APP Requests without being overbroad

or unduly burdensome to the respective Alternative Plan Proponents. Such lists shall identify the Participant(s) seeking each Request and each search term and string.

d)      The Debtors shall create a single Document Request directed to each Alternative Plan Proponent that includes the Preliminary APP Requests and non-duplicative Group APP Requests (the "Consolidated APP Requests"). For each of the Consolidated APP Requests, the Debtors shall also create a single list (the "Consolidated APP Search Term List") of combined search terms and strings that includes the search terms and strings the Debtors identified and non-duplicative search terms and strings provided by Participants contemporaneously with the Group APP Requests. The Consolidated APP Requests and the APP Search Term List shall identify the Participant(s) seeking each request, search term, and string. In creating the Consolidated APP Requests and Consolidated APP Search Term List, the Debtors shall reasonably and in good faith eliminate only duplicate requests and/or duplicate search terms and strings. The Debtors shall not delete non-duplicative requests or non-duplicative search terms, and it shall not alter any Group APP Requests or search terms and strings. Nothing in this Paragraph is intended to or shall limit any Participant's right to request non-duplicative documents relating to Plan Issues from any Alternative Plan Proponent. The Debtors shall provide the Consolidated APP Requests and the Consolidated APP Search Term Lists to Participants within seven (7) days following service by Participants of the Group APP Requests.

e)    Participants shall meet and confer with the Debtors promptly, but in no event later than seven (7) days following service by the Debtors of the Consolidated APP Requests and the Consolidated APP Search Term Lists if they believe that the Debtors eliminated or altered non-duplicative requests or search terms and strings, or otherwise improperly transcribed Group APP Requests, in order to resolve disputes, if any, relating to the contents of the Consolidated APP Requests or the Consolidated APP Search Term List. Any disputes not resolved through the meet and confer process shall be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.

f)    Within two (2) days after the expiration of the meet and confer period set forth in Paragraph 5(e), and regardless of whether any dispute relating to the content of Consolidated APP Requests or Consolidated APP Search Term List has been brought to the Court's attention in accordance with Paragraphs 5(e) and 17 of this Order, the Debtors shall serve the relevant Consolidated APP Requests and Consolidated APP Search Term List upon each Alternative Plan Proponent. The Consolidated APP Requests and Consolidated APP Search Term List shall identify the Participant(s) seeking each Request and each search term, string and parameter.

g)    Notwithstanding the process outlined in the foregoing paragraphs 5(a) – 5(f), nothing in this Order shall be construed to imply that the Debtors approve, agree with, have joined in or have otherwise adopted any Group APP Requests and the Debtors reserve all of their rights with respect to such requests.

20

h)      Within twenty-one (21) days following service of the Consolidated APP Requests upon the Alternative Plan Proponents, each Alternative Plan Proponent shall serve written responses and objections (collectively, "APP Responses and Objections"). Each Alternative Plan Proponent shall review the relevant Consolidated APP Requests and APP Search Term List and will, reasonably and in good faith, generate a master list of search terms, strings and parameters reasonably calculated to lead to the production of responsive ESI (collectively, the "APP Search Term Lists"). The custodians shall include, but not be limited to, every individual employed or retained by the Alternative Plan Proponent that the Alternative Plan Proponent expects to call as a witness at any hearing concerning any Plan Issues; provided, however, that the Alternative Plan Proponent is not limited to such witnesses at any hearing and may thereafter supplement such list, including as provided hereinafter. Each set of APP Responses and Objections shall be served contemporaneously with a corresponding APP Search Term List, along with a statement of the reason(s) for rejecting any proposed search terms or strings.

i)      Alternative Plan Proponents as identified in the Consolidated APP Requests and the Proposed APP Search Term List shall meet and confer with applicable Participants regarding any disputes concerning the APP Responses and Objections and APP Search Term Lists during the fourteen (14)-day period following the service of the APP Responses and Objections and APP Search Term Lists. Any disputes concerning the APP Responses and Objections and APP Search Term Lists not resolved by the end of the fourteen (14)-day meet and confer period shall

21

be brought to the Court's attention within seven (7) days after the final meet and confer, in accordance with the procedures set forth in Paragraph 17 of this Order.

j)    Alternative Plan Proponents shall begin searching for and producing documents as expeditiously as reasonably practical after being served a Consolidated APP Request. Alternative Plan Proponents shall produce bates-stamped documents on a rolling basis, inform Participants from time to time regarding the production and availability of documents, and make reasonable efforts to identify the source of the documents they produce. Alternative Plan Proponents shall provide a copy of all responsive document productions to the Debtors in accordance with the specifications set forth in <u>Exhibit D</u>, and, if reasonably practical, the Debtors shall upload them to the Data Repository.

k)    The Alternative Plan Proponents shall produce documents in electronic form. Upon a showing of good cause, Alternative Plan Proponents shall have the right to produce documents that are not reasonably conducive to being cost-efficiently produced in electronic format by other means, including but not limited to supervised review of hard copy documents. The Alternative Plan Proponents will notify all Participants if any documents will be made available by such other means, and will provide reasonable advance notice of the reasonable terms and conditions under which such documents will be made available.

**6.**    **<u>Document Discovery from Other Participants</u>**

a)    No later than fourteen (14) days following the Notice of Intent Deadline, the Debtors shall make available to Participants a preliminary suggested set of

22

Document Requests pursuant to Rule 34 of the Federal Rules of Civil Procedure, as

incorporated by Bankruptcy Rules 7034 and 9014, directed to each Participant

(other than Alternative Plan Proponents) from which the Debtors intend to seek

document discovery ("Responding Participant") that includes those requests that

the Debtors reasonably and in good faith believe relate to Plan Issues (the

"Preliminary Participant Requests"). The Debtors shall simultaneously provide

Participants with a preliminary suggested list of proposed search terms and strings

and that, in the reasonable estimation of the Debtors, is reasonably calculated to

yield ESI responsive to each of the Preliminary Participant Requests without being

overbroad or unduly burdensome to the Responding Participant.

b)    No later than ten (10) days following service by the Debtors of the Preliminary

Participant Requests, Participants who wish to serve Document Requests upon any

of the Responding Participants shall review each of the Preliminary Participant

Requests and as part of one of the Groups identified in Paragraph 3(b) (excluding,

as necessary the Participant or Participants from which documents are sought),

propose to the Debtors any additional requests directed to such Responding

Participant(s) concerning Plan Issues ("the Group Participant Requests"). The

Participants in each of the Groups shall confer among themselves solely in order to

eliminate duplicate requests and develop a single list of Group Participant Requests

directed to each Responding Participant to be sent to the Debtors. The purpose of

compiling consolidated document requests is solely to avoid duplication, and no

proposed document request may be altered or excluded from a consolidated

23

document request for any reason other than to avoid duplication. Each Group

Participant Request shall identify the Participant(s) seeking each request therein, in

order to facilitate meet and confer communications among Participants. No

Participant shall waive, or be deemed to have prejudiced in any way, any of its

rights or legal positions by joining any Group Participant Request as prescribed in

this Paragraph. Any Participant who, after the meet and confer process, will not

agree to join in a single list of Group Participant Requests may, in accordance with

the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve

a separate Document Request under terms and conditions that the Court deems

appropriate.

c)      Each Participant or Group providing Group Participant Requests to the Debtors

shall simultaneously provide a list of proposed search terms and strings that, in the

reasonable estimation of such Participant or Group, is reasonably calculated to

yield ESI responsive to each of the Group Participant Requests without being

overbroad or unduly burdensome to the respective Responding Participants. Such

lists shall identify the Participant(s) seeking each Request and each search term,

string and parameter.

d)      Within ten (10) days following the Debtors' service of the Preliminary Participant

Requests, any Participant that seeks to serve Document Requests relating to Plan

Issues upon Participants (other than the Debtors or Alternative Plan Proponents)

with respect to which the Debtors have not prepared a Preliminary Participant

Request shall make available to the Debtors a set of Document Requests

24

("<u>Additional Responding Participant Requests</u>") pursuant to Rule 34 of the Federal

Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014,

directed to each such Participant. The Additional Responding Participant Request

shall be accompanied by a list of suggested search terms and strings that, in the

reasonable estimation of the Participant drafting the Additional Responding

Participant Requests, is reasonably calculated to yield ESI responsive to the

Additional Responding Participant Requests. Any subject of an Additional

Responding Participant Request shall be considered a Responding Participant.

e)    The Debtors shall then review any Group Participant Requests and Additional

Responding Participant Requests and create a single Document Request directed to

each Participant from which discovery is sought (the "<u>Consolidated Participant</u>

<u>Requests</u>"). For each of the Consolidated Participant Requests, the Debtors shall

also create a single list (the "<u>Participant Search Term List</u>") of combined search

terms and strings that includes the search terms and strings the Debtors identified

and non-duplicative search terms and strings provided by Participants

contemporaneously with the Group Participant Requests and the Additional

Responding Participant Requests. The Consolidated Participant Requests and the

Participant Search Term List shall identify the Participant(s) seeking each request,

search term, string and parameter. In creating the Consolidated Participant

Requests and Participant Search Term List, the Debtors shall reasonably and in

good faith eliminate only duplicate requests and/or duplicate search terms and

strings. The Debtors shall not delete non-duplicative requests or non-duplicative

25

search terms, and they shall not alter any Group Participant Requests, Additional

Responding Participant Request, or corresponding search terms and strings.

Nothing in this Paragraph is intended to or shall limit any Participant's right to

request non-duplicative documents relating to Plan Issues from any Responding

Participant. The Debtors shall provide the Consolidated Participant Requests and

the Participant Search Term Lists to Participants within seven (7) days following

the later of (i) service by Participants of the Group Participant Requests, or (ii)

service by the Participants of the Additional Responding Participant Requests.

f)     Participants shall meet and confer promptly with the Participants, including the

Debtors and Creditors' Committee, but in no event later than seven (7) days

following service by the Debtors of the Consolidated Participant Requests and the

Participant Search Term Lists if they believe that the Debtors eliminated or altered

non-duplicative requests or search terms and strings, or otherwise improperly

transcribed Group Participant Requests or Additional Responding Participant

Requests, in order to resolve disputes, if any, relating to the contents of the

Consolidated Participant Requests or the Participant Search Term List. Any

disputes not resolved through the meet and confer process shall promptly be

brought to the Court's attention within seven (7) days after the final meet and

confer, in accordance with the procedures set forth in Paragraph 17 of this Order.

g)     Within two (2) days after the expiration of the meet and confer period set forth in

Paragraph 6(f), and regardless of whether any dispute relating to the content of

Consolidated Participant Requests has been brought to the Court's attention in

accordance with Paragraphs 6(f) and 17 of this Order, the Debtors shall serve the Consolidated Participant Requests and Participant Search Term List upon the Responding Participants. The Consolidated Participant Requests shall identify the Participant(s) seeking each request, search term and string.

h)      Notwithstanding the process outlined in the foregoing Paragraphs 6(a) – 6(g), nothing in this Order shall be construed to imply that the Debtors, Creditors' Committee, or a Participant have joined in or have otherwise adopted any Group Participant Request and the Debtors and each Participant reserve all rights with respect to such requests.

i)      Within twenty-one (21) days following service of the Consolidated Participant Requests, each Responding Participant shall serve written responses and objections. Each Responding Participant shall review the relevant Consolidated Participant Requests and Participant Search Term List and will, reasonably and in good faith, generate a master list of search terms, strings and parameters reasonably calculated to lead to the production of responsive ESI. The custodians shall include, but not be limited to, every individual employed or retained by the Responding Participant that such Responding Participant expects to call as a witness at any hearing concerning any Plan Issues; provided, however, that the Responding Participant is not limited to such witnesses at any hearing and may thereafter supplement such list, including as provided hereinafter. Each Responding Participant shall serve its search term list and search parameters, along with a

27

statement of the reason(s) for rejecting any proposed search terms and strings,
contemporaneously with its responses and objections.

j)      Each Responding Participant that has been served with a Consolidated Participant
Request and Participant Search Term List shall meet and confer with applicable
Participants, including the Debtors and Creditors' Committee, regarding any
disputes concerning the responses and objections to the Consolidated Participant
Requests, search terms, strings and parameters to be used by such Responding
Participant during the fourteen (14)-day period following the service of its
responses and objections. Any disputes concerning a Responding Participant's
responses and objections, search terms and strings not resolved by the end of the
fourteen (14)-day meet and confer period shall be brought to the Court's attention
within seven (7) days after the final meet and confer, in accordance with the
procedures set forth in Paragraph 17 of this Order.

k)      Responding Participants shall begin searching for and producing bates-stamped
documents as expeditiously as reasonably practical after being served a
Consolidated Participant Request. Responding Participants shall produce
bates-stamped documents on a rolling basis, inform Participants from time to time
regarding the production and availability of documents, and make reasonable
efforts to identify the source of the documents they produce. Responding
Participants shall provide a copy of all responsive document productions to the
Debtors in accordance with the specifications set forth in <u>Exhibit D</u>, and, if
reasonably practical, the Debtors shall upload them to the Data Repository.

28

l)      Responding Participants shall produce documents in electronic form. Upon a showing of good cause, Responding Participants shall have the right to produce documents that are not reasonably conducive to being cost-efficiently produced in electronic format by other means, including but not limited to supervised review of hard copy documents. The Responding Participants will notify other Participants if any documents will be made available by such other means, and will provide reasonable advance notice of the terms and conditions under which such documents will be made available.

m)      Notwithstanding anything in this Order to the contrary, to the extent Participants seek discovery of documents that are in the possession, custody, or control of the Debtors and the SIPA Trustee, the Participants shall direct such Documents Requests to the Debtors.

**7.     Document Discovery From Non-Participants**

a)      Participants that seek to obtain documents from U.S. Non-Participants pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 9014 and 9016, or from foreign Non-Participants pursuant to Rule 28 of the Federal Rules of Civil Procedure or via other process, shall do so in a timely manner. Nothing in this Order shall excuse compliance with any applicable, governing foreign or international law, including any foreign or international law concerning the service of discovery requests. In order to avoid the service upon Non-Participants of multiple, duplicative document requests, subpoenas, letters of requests or commissions ("Non-Participant Requests") and the attendant burdens

29

on Non-Participants of responding to them, any Participant wishing to serve a

Non-Participant Request shall make available to Participants a preliminary

suggested Non-Participant Request directed to each Non-Participant from which

such Participant intends to seek document discovery, and a preliminary suggested

list of proposed search terms and strings and that, in the reasonable estimation of

the Participant is reasonably calculated to yield ESI responsive to each of the

Non-Participant Requests without being overbroad or unduly burdensome to the

Non-Participant. Within fourteen (14) days after a Participant provides to the other

Participant a preliminary suggested Non-Participant Request, Participants shall, as

part of one of the Groups identified in Paragraph 3(b) or, in the case of the Debtors

and the Creditors' Committee, separately, reasonably and in good faith meet and

confer and propose any additional Non-Participant Request directed at each

Non-Participant from which discovery is sought, together with a list of additional

proposed search terms and strings that, in the reasonable estimation of such

Participant or Group, is reasonably calculated to yield ESI responsive to

Non-Participant Request without being overbroad or unduly burdensome to the

Non-Participant from which discovery is sought.

b)     A copy of this Order and the Protective Order also shall be provided to

Non-Participants as part of any Non-Participant Request. However, nothing in this

Paragraph 7 is intended to or shall require any Participant to join in any

Non-Participant Request or subpoena that it reasonably and in good faith believes

would be inconsistent with Rule 45(c)(1) of the Federal Rules of Civil Procedure,

as incorporated by the Bankruptcy Rules, or any other rule or law; nothing in this Paragraph is intended to or shall limit any Participant's right to request, after good faith review of the Non-Participant Requests, non-duplicative documents relating to Plan issues from any Non-Participant; and the meet and confer process described in this Paragraph is intended only to eliminate duplicative document requests and search terms.

c)    No later than thirty (30) days following service of any Non-Participant Request, the Non-Participant shall serve written responses and objections. In addition, the Non-Participant shall review the Non-Participant Request and search terms, and strings and will, in good faith, generate a master list of search terms, strings and parameters reasonably calculated to lead to the production of responsive ESI. The Non-Participant shall make the search terms, strings and parameters, along with a statement of the reason(s) for rejecting any proposed search terms and strings available to Participants contemporaneously with its responses and objections.

d)    If necessary, Non-Participants that have been served with a Non-Participant Request shall meet and confer with applicable Participants regarding any disputes concerning served search terms, strings or parameters to be used by such Non-Participant, as well as responses to the Non-Participant Request, during the fourteen (14)-day period following the service of responses and objections. Any disputes concerning a Non-Participant's responses and objections or search terms, strings or parameters not resolved by the end of the fourteen (14)-day meet and confer period shall be brought to the Court's attention within seven (7) days after

31

the final meet and confer, in accordance with the procedures set forth in Paragraph

17 of this Order.

e)      Non-Participants shall begin searching for and producing documents as

expeditiously as reasonably practical after being served a Non-Participant Request.

Non-Participants shall produce bates-stamped documents on a rolling basis, inform

Participants from time to time regarding the production and availability of

documents, and make reasonable efforts to identify the source of the documents

they produce. Non-Participants shall provide a copy of all responsive document

productions to the Debtors in accordance with the specifications set forth in <u>Exhibit

D</u>, and, if reasonably practical, the Debtors shall upload them to the Data

Repository.

f)      Non-Participants shall produce documents in electronic form. Upon a showing of

good cause, Non-Participants shall have the right to produce documents that are not

reasonably conducive to being cost-efficiently produced in electronic format by

other means, including but not limited to supervised review of hard copy

documents. Non-Participants will notify all Participants if any documents will be

made available by such other means, and will provide reasonable advance notice of

the terms and conditions under which such documents will be made available.

g)      Nothing in this Order prevents Non-Participants from objecting to Plan Discovery

on the ground, among others, that a request (i) does not comply with, conflicts with

or may cause a violation of any foreign law, including without limitation any

foreign privacy law, or (ii) seeks documents, materials or information concerning a

foreign bankruptcy proceeding or estate administration.

**8.**    **Supplemental Document Discovery**

a)    Participants wishing to serve other Participants and/or Non-Participants with one or

more targeted supplemental Document Requests or document subpoenas, letters of

request or commissions ("Supplemental Requests") relating to Plan Issues limited

to specific documents that the Participant reasonably and in good faith believes

should be produced based on a review of existing discovery, including document

discovery and deposition testimony, shall first meet and confer with such

Participant or Non-Participant. If within seven (7) days of the meet and confer

Participants have not resolved the issue, a Supplemental Request may be served.

b)    Participants or Non-Participants shall serve responses and objections

("Supplemental Responses and Objections") to Supplemental Requests within

fourteen (14) days of service of the Supplemental Requests. The Participant serving

the Supplemental Request shall raise any objections regarding the Supplemental

Responses and Objections no later than seven (7) days after the Supplemental

Responses and Objections are served. The Participant serving Supplemental

Responses and Objections shall meet and confer with applicable Participants

concerning such objections during the seven (7)-day period following the service of

such objections. Any disputes concerning the Supplemental Responses and

Objections that are not resolved by the end of the seven (7)-day meet and confer

period shall be brought to the Court's attention within seven (7) days after the final

33

meet and confer, in accordance with the procedures set forth in Paragraph 17 of this

Order.

9.    **Procedures Governing Amendments to Search Term Lists:** Any Participant

seeking an amendment to a Search Term List after the Search Term List has been finalized

must seek leave from the Court, in accordance with the procedures set forth in Paragraph

17 of this Order, but may do so only after first meeting and conferring with the Debtors and

as applicable, the other Participants.

10.    **Initial Disclosures and Witness Lists**

a)    No Participant shall be required to make initial disclosures pursuant to Federal Rule

of Civil Procedure 26(a)(1), as incorporated by Bankruptcy Rules 7026 and 9014.

b)    Within seven (7) days of service of the Notice of Substantial Completion, the

Debtors, each Alternative Plan Proponent, and each Participant shall serve

Participants with a list (the "Initial Witness List"), which shall be amended and

supplemented as needed, of the individuals the Debtors, each Alternative Plan

Proponent and each Participant respectively expects to call as witnesses at any plan

confirmation hearing.

11.    Privileged Documents and Privilege Logs

a)    Subject to Paragraph 3(j), any person or entity other than the Debtors that receives a

Document Request or document subpoena, letter of request or commission and

withholds any documents on the grounds of privilege, work product, or any other

type of protection or immunity from disclosure shall produce a privilege log

consistent with Federal Rules of Civil Procedure 26(b)(5), as incorporated by

34

Bankruptcy Rules 7026 and 9014, except for good cause show upon application to the Court.

b)     If only part of a document is withheld on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, the remainder of the document shall be produced.

c)     Notwithstanding Paragraphs 3(j) and 11(a) of this Order, the Debtors and all other Participants and Non-Participants that are in bankruptcy, administration, liquidation or other insolvency proceedings (whether in the United States or abroad) shall not be required to search for, produce or identify on any privilege log the following categories of documents to the extent such documents were created on or after the date such Participant or Non-Participant entered such bankruptcy, administration, liquidation or other insolvency proceedings:

    i)    Hard copy files of in house and outside counsel;

    ii)   Documents and communications solely between in-house counsel and outside counsel;

    iii)  Internal documents and communications solely within an outside counsel's law firm;

    iv)   Documents and communications solely between or among outside counsel law firms for a single client;

    v)    Documents and communications solely between or among client and inside counsel or outside counsel;

    vi)   internal documents and communications solely within an advisor.

35

**11.**    ~~12.~~ **Interrogatories**

a)    **Interrogatories Served Upon the Debtors**

    i)    Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, Participants may collectively serve upon the Debtors no more than twenty-five (25) written interrogatories, including all subparts, relating to Plan Issues ("Interrogatories"), no later than twenty-eight (28) days after the service of the Notice of Substantial Completion. Interrogatories to the Debtors shall be limited to identification of witnesses and authentication of documents and shall not include contention interrogatories. Participants shall meet and confer in good faith to determine the content and scope of the Interrogatories to the Debtors. Any Participant that, after the meet and confer process, will not agree to serve Interrogatories consistent with this Paragraph may, in accordance with the procedure set out in Paragraph 17 of this Order, may seek leave of the Court to serve separate Interrogatories under terms and conditions that the Court deems appropriate.

    ii)    Notwithstanding anything in this Order to the contrary, the procedures set forth herein shall not be used by Participants (other than the Debtors) to request answers to Interrogatories directly from Barclays concerning Legacy Lehman Records. All Interrogatories from any Participant (other than the Debtors) concerning Legacy Lehman Records shall be directed at the Debtors and shall be included among the twenty-five Interrogatories

36

referenced in Paragraph 12(a)(i). The Debtors will not object to
interrogatories concerning Lehman Legacy Records that are directed to
them on the ground that the information sought is not within the Debtors'
possession, custody or control.

b)      **Interrogatories Served Upon Alternative Plan Proponents:** Pursuant to Rule
33(a)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy
Rules 7033 and 9014, Participants, including the Debtors and the Creditors'
Committee, may collectively serve upon each Alternative Plan Proponent no more
than twenty-five (25) written Interrogatories, including all subparts, relating to Plan
Issues, no later than twenty-eight (28) days after service of the Notice of
Substantial Completion. Interrogatories to Alternative Plan Proponents shall be
limited to identification of witnesses and authentication of documents and shall not
include contention interrogatories. Participants shall meet and confer in good faith
to determine the content and scope of the Interrogatories to Alternative Plan
Proponents. Any Participant that, after the meet and confer process, will not agree
to serve Interrogatories consistent with this Paragraph may, in accordance with the
procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve
separate Interrogatories under terms and conditions that the Court deems
appropriate.

c)      **Interrogatories Served Upon Participants Other Than the Debtors or
Alternative Plan Proponents:** Pursuant to Rule 33(a)(1) of the Federal Rules of
Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, Participants

may collectively serve no more than twenty-five (25) written Interrogatories

relating to Plan Issues upon any Participant other than the Debtors or Alternative

Plan Proponent no later than twenty-eight (28) days after service of the Notice of

Substantial Completion. Interrogatories to Participants shall be limited to

identification of witnesses and authentication of documents and shall not include

contention interrogatories. Participants shall meet and confer in good faith to

determine the content and scope of the Interrogatories to Participants. Any

Participant that, after the meet and confer process, will not agree to serve

Interrogatories consistent with this Paragraph may, in accordance with the

procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve

separate Interrogatories under terms and conditions that the Court deems

appropriate.

**12.**    ~~**13.**~~ **Depositions**

a)    **Notice Period for Depositions of the Debtors:** No later than fourteen (14) days

after the Debtors serve the Notice of Substantial Completion, Participants shall

meet and confer as part of one of the Groups identified in Paragraph 3(b) to draft a

consolidated list of preliminary suggested topics (the "Preliminary Topics") for a

Notice of Deposition of the Debtors pursuant to Rule 30(b)(6) of the Federal Rules

of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014. Any

Participant that, after the meet and confer process, will not agree to join in a list of

Preliminary Topics may, in accordance with the procedure set out in Paragraph 17

of this Order, seek leave of the Court to serve a separate Rule 30(b)(6) notice upon the Debtors.

i)    No later than twenty-one (21) days after the Debtors serve the Notice of Substantial Completion, the Groups shall provide the Preliminary Topics to the ~~Designated Party~~Creditors' Committee.

ii)    The ~~Designated Party~~Creditors' Committee shall consolidate the Preliminary Topics, along with any additional topics that it reasonably and in good faith believes are appropriate topics for a Rule 30(b)(6) deposition of the Debtors relating to Plan Issues (the "Joint Notice"). In creating the Joint Notice the ~~Designated Party~~Creditors' Committee shall reasonably and in good faith eliminate only duplicate topics. The ~~Designated Party~~Creditors' Committee shall neither delete non-duplicative topics nor alter any Preliminary Topics. Nothing in this Paragraph is intended to or shall limit any Participant's right to seek deposition testimony from the Debtors on any topic relating to Plan Issues, subject to the provisions set forth in this Order. Within seven (7) days of its receipt of the Preliminary Topics, the ~~Designated Party~~Creditors' Committee shall serve the Joint Notice upon the Debtors. Notwithstanding the foregoing, nothing in this Order shall be construed to imply that the ~~Designated Party~~Creditors' Committee approves, agrees with, or has joined in or has otherwise adopted or approved of any Preliminary Topics and the ~~Designated~~

39

~~Party~~Creditors' Committee reserves all of its rights with respect to the inclusion of such topics in the Joint Notice.

iii)   Upon service of the Joint Notice, no Participant that participated in the creation of the Preliminary Topics shall be deemed to have joined all individual topics listed in the Joint Notice, nor shall any Participant waive, or be deemed to have prejudiced in any way, any of its rights or legal positions by joining the Joint Notice.

iv)   Within fourteen (14) days of receiving the Joint Notice, the Debtors shall serve any responses and objections to the Joint Notice, together with a list of designated witnesses for each of the noticed Rule 30(b)(6) topics to which Debtors do not object and the dates and locations when such witnesses will be made available to be deposed. Participants and the Debtors will meet and confer to resolve any disputes regarding topics in the Joint Notice. Any disputes regarding the Joint Notice that are not resolved during the foregoing meet and confer process may be brought to the Court's attention no later than seven (7) days after the final meet and confer in accordance with the procedure set out in Paragraph 17 of this Order.

v)   The Rule 30(b)(6) deposition of the Debtors must be completed no later than forty-five (45) days after Debtors serve a list of designated witnesses.

vi)   Representatives of the various Groups identified in Paragraph 3(b) shall meet and confer to reasonably and in good faith identify a list of current

40

employees of the Debtors, including employees of LAMCO LLC and Alvarez & Marsal, whose depositions, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, Participants reasonably believe they require. The Groups shall collectively serve one list identifying the employees of the Debtors whose depositions Participants reasonably believe they require (the "Group Deposition List") within ten (10) days following completion of the Rule 30(b)(6) deposition of the Debtors. Any Participant that, after the meet and confer process, will not agree to join a Group Deposition List, may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve separate Rule 30(b)(1) deposition notices.

vii) Within seven (7) days after service of the Group Deposition List, Debtors will serve any responses and objections to the Group Deposition List as well as a proposed schedule for depositions to which they do not object. Within seven (7) days of the Debtors' service of the responses and objections to the Group Deposition List and the proposed schedule for such depositions, Participants and Debtors will meet and confer to resolve any disputes regarding depositions and scheduling thereof.

viii) Any disputes regarding the number of depositions, identity of witnesses, or the deposition schedule that are not resolved during the foregoing meet and confer process may be brought to the Court's attention no later than

41

seven (7) days after the final meet and confer in accordance with the procedure set out in Paragraph 17 of this Order.

ix)    Any deposition requests relating to Legacy Lehman Records or information relating thereto shall be directed at the Debtors. To the extent that former employees of the Debtors or their current or former affiliates now employed by Barclays or any other company are interviewed or prepared for deposition by the Debtors, any attorney work product protection or other privilege shall not be waived to the extent that employees or counsel of Barclays or of the current employer are present at such interviews or deposition preparations.

b)    **Notice Period for Depositions of Alternative Plan Proponents:** No later than fourteen (14) days after the Debtors serve the Notice of Substantial Completion, Participants shall meet and confer as part of one of the Groups identified in Paragraph 3(b), and in the case of the Debtors and the Creditors' Committee, separately, to draft a consolidated list of preliminary suggested topics (the "Preliminary APP Topics") for a Notice of Deposition of each Alternative Plan Proponent pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014. Any Participant that, after the meet and confer process, will not agree to join in a list of Preliminary APP Topics may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Rule 30(b)(6) notice upon each Alternative Plan Proponent.

42

i)  No later than twenty-one (21) days after the Debtors serve the Notice of

Substantial Completion, the Groups and the Creditors' Committee shall

provide the Preliminary APP Topics to the Debtors.

ii)  The Debtors shall consolidate the Preliminary APP Topics, along with any

additional topics that they reasonably and in good faith believe are

appropriate topics for a Rule 30(b)(6) deposition of the respective

Alternative Plan Proponents relating to Plan Issues (the "<u>Joint APP</u>

<u>Notice</u>"). In creating the Joint Notice the Debtors shall reasonably and in

good faith eliminate only duplicate topics. The Debtors shall neither

delete non-duplicative topics nor alter any Preliminary Topics. Nothing in

this Paragraph is intended to or shall limit any Participant's right to seek

deposition testimony from any Alternative Plan Proponent on any topic

relating to Plan Issues, subject to the procedures set forth this Order.

Within seven (7) days of their receipt of the Preliminary Topics, the

Debtors shall serve the relevant Joint Notice upon each Alternative Plan

Proponent. Notwithstanding the foregoing, nothing in this Order shall be

construed to imply that the Debtors approve, agree with, or have joined in

or have otherwise adopted or approved of any Preliminary APP Topics

and the Debtors reserve all of their rights with respect to the inclusion of

such topics in the Joint APP Notice.

iii)  Upon issuance of the Joint APP Notice, no Participant that participated in

the creation of the Preliminary APP Topics shall be deemed to have joined

43

all individual topics listed in the Joint APP Notice, nor shall any

Participant waive, or be deemed to have prejudiced in any way, any of its

rights or legal positions by joining the Joint APP Notice.

iv)   Within fourteen (14) days of receiving the Joint APP Notice, the

Alternative Plan Proponent shall serve any responses and objections to the

Joint APP Notice together with a list of designated witnesses for each of

the noticed Rule 30(b)(6) topics to which the Alternative Plan Proponent

does not object and the dates and locations when such witnesses will be

made available to be deposed. Participants and the Alternative Plan

Proponent will meet and confer to resolve any disputes regarding topics in

the Joint APP Notice. Any disputes regarding the Joint APP Notice that

are not resolved during the foregoing meet and confer process may be

brought to the Court's attention no later than seven (7) days after the final

meet and confer in accordance with the procedure set out in Paragraph 17

of this Order.

v)   Rule 30(b)(6) depositions of the Alternative Plan Proponents must be

completed no later than thirty (30) days after the Alternative Plan

Proponent serves a list of designated witnesses.

vi)   The Debtors shall reasonably and in good faith identify a preliminary list

of current employees of such Alternative Plan Proponent whose

depositions, pursuant to Rule 30(b)(1) of the Federal Rules of Civil

Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, Debtors

reasonably believe they require, and serve the preliminary list upon the
Participants within seven (7) days following completion of the Rule
30(b)(6) deposition of each Alternative Plan Proponent.

vii) Within seven (7) days following the Debtors' service of the preliminary
list, Participants, including the Debtors and the Creditors' Committee, will
meet and confer to discuss the preliminary list and make any necessary
additions or deletions.

viii) Within seven (7) days after the Participants' meet and confer, the Debtors,
if applicable, shall serve one list upon the Alternative Plan Proponents
identifying the employees of each Alternative Plan Proponent whose
depositions Participants reasonably believe they require (the "<u>APP
Deposition List</u>"). Any Participant that, after the meet and confer process,
will not agree to join an APP Deposition List, may, in accordance with the
procedure set out in Paragraph 17 of this Order, seek leave of the Court to
serve separate Rule 30(b)(1) deposition notices.

ix) Within ten (10) days after service of the APP Deposition List, each
Alternative Plan Proponent will serve any responses and objections to the
APP Deposition List as well as a proposed schedule for the depositions of
their employees. Within seven (7) days after the expiration of the time
period for the Alternative Plan Proponents to serve responses and
objections to the APP Deposition List, Participants will meet and confer to
resolve any disputes regarding depositions and scheduling thereof.

45

x)    Any disputes regarding the number of depositions, identity of witnesses,
or the deposition schedule that are not resolved during the foregoing meet
and confer process may be brought to the Court's attention no later than
seven (7) days after the final meet and confer in accordance with the
procedure set out in Paragraph 17 of this Order.

c)    **Notice Periods for Depositions of Participants Other Than the Debtors or
Alternative Plan Proponents:**

i)    No later than twenty-one (21) days after the Debtors serve the Notice of
Substantial Completion, the Debtors shall make available to Participants a
list of those Participants, other than the Debtors and Alternative Plan
Proponents, which the Debtors intend to depose pursuant to Rule 30(b)(6)
of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy
Rules 7030 and 9014, (the "Debtors' Participant Witness List"). The
Debtors shall provide contemporaneously with the Debtors' Participant
Witness List a preliminary suggested list of topics ("Preliminary
Participant Topics") that they reasonably and in good faith believe are
appropriate topics for a Rule 30(b)(6) Deposition Notice for each such
Participant. Participants shall meet and confer as part of one of the Groups
identified in Paragraph 3(b) (excluding, as necessary, the Participant(s)
from which testimony is sought) to draft consolidated lists of additional
witnesses and topics for each such Rule 30(b)(6) deposition notice
("Group Witness and Topics List"). The Groups shall then provide the
Group Witness and Topics List to the Debtors within ten (10) days after

46

service of the Debtors' Participant Witness List and the Preliminary

Participant Topics list. Any Participant that, after the meet and confer

process, will not agree to join in a list of Group Topics may, in accordance

with the procedure set out in Paragraph 17 of this Order, seek leave of the

Court to serve a separate Rule 30(b)(6) notice upon the relevant

Participant(s).

ii)   Within ten (10) days of receipt of the Debtors' Participant Witness List,

any Participant ("Noticing Participant") that seeks testimony pursuant to

Rule 30(b)(6) from any Participant that is not identified on the Debtors'

Participant Witness List, shall provide the Debtors with a list of topics that

such Noticing Participant reasonably and in good faith believes are

appropriate topics for a Rule 30(b)(6) Deposition Notice for each

additional Participant from which it seeks testimony ("Noticing

Participant Witness and Topic Lists").

iii)  The Debtors shall then consolidate the Preliminary Participant Topics, the

Group Witness and Topics Lists, and the Noticing Participant Witness and

Topic List to create one list for each Participant on the Debtors'

Participant Witness List or the Noticing Participant Witness and Topic

List (the "Joint Participant Notices"). In creating the Joint Participant

Notices the Debtors shall reasonably and in good faith eliminate only

duplicate topics. The Debtors shall neither delete nor alter any

non-duplicative topics. Nothing in this Paragraph is intended to or shall

47

limit any Participant's right to seek deposition testimony from any
Participant on any topic relating to Plan Issues, subject to the procedures
set forth in this Order. The Debtors shall serve the Joint Participant
Notices on the relevant Participants within seven (7) days of the later of:
(i) service of the Group Witness and Topic List, or (ii) service of the
Noticing Participant Witness and Topic List.

iv)    Upon service of the Joint Participant Notices, no Participant that
participated in the creation of Group Witness and Topic Lists or Noticing
Participant Witness and Topic Lists shall be deemed to have joined all
individual topics listed in the Joint Participant Notices, nor shall any
Participant waive, or be deemed to have prejudiced in any way, any of its
rights or legal positions by joining the Joint Participant Notices.

v)    Within fourteen (14) days of receiving a Joint Participant Notice, the
Participant upon which a Joint Participant Notice is served shall serve any
responses and objections to the Joint Participant Notice together with a list
of designated witnesses for each of the noticed Rule 30(b)(6) topics to
which the Participant does not object and the dates and locations when
such witnesses will be made available to be deposed. Participants will
meet and confer to resolve any disputes regarding topics in the Joint
Participant Notice. Any disputes regarding the Joint Participant Notice
that are not resolved during the foregoing meet and confer process may be
brought to the Court's attention no later than seven (7) days after the final

48

meet and confer in accordance with the procedure set out in Paragraph 17 of this Order.

vi)     A Rule 30(b)(6) deposition of a Participant must be completed no later than thirty (30) days after a Participant upon which a Joint Participant Notice is served serves a list of designated witnesses.

vii)    The Participants shall meet and confer as part of one of the Groups identified in Paragraph 3(b) to draft a list of current employees of such Participant whose depositions, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, the other Participants reasonably believe they require ("Group 30(b)(1) Deposition Lists"). The Groups shall serve the Group 30(b)(1) Deposition Lists on the Debtors within ten (10) days following completion of the Rule 30(b)(6) deposition of each Participant. Any Participant that, after the meet and confer process, will not agree to join a Group 30(b)(1) Deposition List, may, in accordance with the procedure set out in Paragraph 17 of this Order, seek leave of the Court to serve a separate Rule 30(b)(6) deposition notice.

viii)   The Debtors shall then create one list identifying the employees of each Participant (other than the Debtors and Alternative Plan Participants) whose depositions other Participants reasonably believe they require (the "Consolidated 30(b)(1) Deposition List"). No later than seven (7) days

49

after service of the Group 30(b)(1) Deposition Lists, the Debtors will

serve the Consolidated 30(b)(1) Deposition List upon Participants.

ix)   Upon service of the Consolidated 30(b)(1) Deposition List, no Participant

that participated in the creation of Group 30(b)(1) Deposition Lists shall

be deemed to have joined all individual topics listed in the Consolidated

30(b)(1) Deposition List, nor shall any Participant waive, or be deemed to

have prejudiced in any way, any of its rights or legal positions by joining

the Consolidated 30(b)(1) Deposition List.

x)   Within ten (10) days after the Debtors' service of the Consolidated

30(b)(1) Deposition List, each Participant will serve any responses and

objections to the Consolidated 30(b)(1) Deposition List as well as

proposed schedules for the depositions of their employees. Within seven

(7) days of the Debtors' service of the responses and objections to the

Consolidated 30(b)(1) Deposition List and the proposed schedule for such

depositions, Participants will meet and confer to resolve any disputes

regarding depositions and scheduling thereof.

xi)   Any disputes regarding the number of depositions, identity of witnesses,

or the deposition schedule that are not resolved during the foregoing meet

and confer process may be brought to the Court's attention no later than

seven (7) days after the final meet and confer in accordance with the

procedure set out in Paragraph 17 of this Order.

d)   **Notice Periods for Depositions of Non-Participants:**

50

i) No later than twenty-one (21) days after the Debtors serve the Notice of Substantial Completion, Participants (including the Debtors and Alternative Plan Proponents) may serve deposition subpoenas under Rule 45 or letters of request or commissions under Rule 28 with respect to Non-Participants.

ii) Notwithstanding anything to the contrary in this Order, all requests for depositions of foreign Non-Participants shall be subject to the requirements of any applicable, governing foreign or international laws.

iii) Participants shall, as part of one of the Groups identified in Paragraph 3(b) or, in the case of the Debtors and the Creditors' Committee, separately, reasonably and in good faith meet and confer regarding deposition subpoenas, letters of request or commissions to Non-Participants.

iv) Upon request, and where such information is available, the Debtors shall provide the last known address of former employees of the Debtors or the name(s) of the attorney(s) representing such former employees of the Debtors. The fact-witness deposition of any former employee of the Debtors who is a current employee of another Participant shall in no way limit the right of other Participants to such Participant's Rule 30(b)(6) deposition.

v) If Barclays is a Non-Participant, Participants may not serve deposition subpoenas under Rule 45 or letters of request or commissions under Rule 28 with respect to former employees of the Debtors or their current or

51

former affiliates currently employed by Barclays until ten (10) days after

the completion of all Rule 30(b) depositions of the Debtors pursuant to

paragraph 13(a).

e)    **Participation in Depositions:** Except as to depositions of Non-Participants (which

may appear and be represented by counsel), only Participants may attend and

participate in depositions, either in person or, at the option and expense of the

Participant, by telephone or video link. Participants, and in the case of a

Non-Participant deposition, the relevant Non-Participant(s), shall reasonably and in

good faith confer in advance of each deposition regarding attendance at such

deposition, the length of such deposition, the order of examination of the deponent,

and allocations of time for questioning the deponent. To the extent that any dispute

relating to a deposition is not resolved during the meet and confer period, such

dispute may be brought to the Court's attention in accordance with Paragraph 17 of

this Order. Every effort should be made to avoid duplicative questioning.

Participants must act only in good faith in deposing witnesses, and may not depose

witnesses for any improper purpose, including solely to limit or prevent another

Group or Participant from deposing the witness. All transcripts of the deposition of

any witness taken pursuant to this Order, and all exhibits used during such

deposition, shall, to the extent consistent with the terms of the Protective Order, be

uploaded to the Data Repository.

**13.**    ~~14.~~ **Requests for Admission:** No Participant, including but not limited to the

Debtors, the Creditors' Committee and Alternative Plan Proponents, shall be required to

respond to any Request for Admission under Rule 36 of the Federal Rules of Civil

Procedure, as incorporated by Bankruptcy Rule 7036.

**14.**    **15.** **Discovery in Connection with Subsequent Filings**

a)    In the event that the Debtors or Alternative Plan Proponents materially amend any

provision in a plan of reorganization filed in the Chapter 11 Cases after the Notice

of Intent Deadline and such amendment has a material effect on any Participant,

Participants, including the Debtors, the Creditors' Committee and Alternative Plan

Proponents, may serve supplemental Document Requests on the party filing such

amendment, solely limited to issues raised by the amendment, no later than

fourteen (14) days following such filing.

b)    In the event that, after the Notice of Intent Deadline, any creditor, party in interest,

or group of creditors or parties in interest (i) files an objection to the Plan or an

Alternative Plan or (ii) files a new Alternative Plan, such filing party may serve

Document Requests on any Participant and any Participant may serve Document

Requests upon such filing party, provided that any such requests by or directed to

such filing party are solely limited to issues newly raised by such filings, no later

than twenty-one (21) days following the filing of such objection or Alternative

Plan.

c)    Deadlines for the production of documents in response to Document Requests

served pursuant to Paragraphs 15(a) and (b) above, as well as deadlines for

depositions and interrogatories, if any, concerning the filings and/or filing parties

referenced in Paragraphs 15(a) and (b) above, shall be set by the Court, in the absence of an agreement between interested Participants.

d)    Absent other agreement among Participants or order of the Court, the filing of an Alternative Plan or an objection to the Plan or an Alternative Plan after the Notice of Intent Deadline shall not provide a basis for anyone to seek additional discovery from any Participant outside the deadlines set forth in this Order.

e)    The date that all fact discovery from the Debtors and Alternative Plan Proponents, including but not limited to depositions of the Debtors and Alternative Plan Proponents, is complete shall be the "Fact Discovery Cutoff." The Debtors shall file with the Court a "Notice of Fact Discovery Cutoff" within five (5) days of the completion of such fact discovery.

**15.**    ~~16.~~ **Expert Discovery**

a)    **Expert Disclosures:** Participants shall identify all proposed testifying experts and serve all disclosures required by Federal Rule of Civil Procedure 26(a)(2), as incorporated by Bankruptcy Rules 7026 and 9014, including full expert reports, no later than thirty (30) days after the Notice of Fact Discovery Cutoff is filed. All experts that will receive Plan Discovery must sign the Agreement to Abide by the Protective Order, and testifying experts must serve a copy of the signature page upon attorneys for the Debtors and the Creditors' Committee.

b)    **Rebuttal Experts:** Participants shall identify and serve all disclosures regarding rebuttal experts, including rebuttal expert reports, no later than thirty (30) days after the service of initial expert disclosures pursuant to Paragraph 16(a).

c)   **Expert Depositions:** All depositions of experts (including rebuttal experts) shall

be completed no later than thirty (30) days after the service of the rebuttal expert

disclosures pursuant to Paragraph 16(b). Only Participants may attend and

participate in depositions of experts, either in person or, at the option and expense

of the Participant, by telephone or video link. Participants shall reasonably and in

good faith confer in advance of each expert deposition regarding attendance at such

deposition, the length of such deposition, the order of examination of the deponent,

and allocations of time for questioning the deponent. To the extent that any dispute

relating to an expert deposition is not resolved during the meet and confer period,

such dispute may be brought to the Court's attention in accordance with Paragraph

17 of this Order. Every effort should be made to avoid duplicative questioning.

Participants must act only in good faith in deposing expert witnesses, and may not

depose expert witnesses for any improper purpose, including solely to limit or

prevent another Group or Participant from deposing the expert.

**16.**    ~~17.~~**Discovery Disputes:** Any dispute with respect to Plan Discovery that

Participants or non-Participants cannot resolve after good faith consultation may be

presented to the Court by a letter from the attorney for the Participant or non-Participant

seeking relief, with a copy to the attorneys for the Debtors, the Creditors' Committee, the

Participant or non-Participant opposing relief, and all Participants on the Official Service

List. Any response thereto will be made by letter to the Court delivered within five (5) days

after service of the initial letter submission on the applicable Participant or non-Participant

and a copy provided to all Participants on the Official Service List. Except with prior leave

55

of Court, no letter will exceed three (3) pages in length, and no additional submissions will be permitted. The Debtors and the Creditors' Committee will communicate with the Court to schedule status conferences/hearings during which such discovery disputes will be heard.

**17.**    ~~18.~~ **Status and Discovery Conferences:**

a)    The Court shall hold status conferences concerning Plan Discovery: (i) after the meet and confer referenced in Paragraph 3(e) of this Order, if any, is completed; (ii) 30 to 60 days following the status conference in Paragraph 18(a)(i); (iii) after the Notice of Substantial Completion is issued; and (iv) after the Notice of Fact Discovery Cutoff is filed. The Court may, at any status conference or otherwise upon proper application and notice by any Participant, enter a scheduling order consistent with this Order establishing deadlines, including for the production of documents. The Debtors and the Creditors' Committee will communicate with the Court to schedule the status conferences described in this Paragraph.

b)    Upon application by a Participant or Non-Participant to hear a discovery dispute, the Court shall schedule such further conferences or hearings as the Court deems appropriate.

**18.**    ~~19.~~ **Non-Waiver of Privilege:** The inadvertent production by any Participant or Non-Participant of any privileged document or information, or any other document or information otherwise precluded or protected from disclosure, in response to any discovery requests shall not be deemed a waiver of any applicable privilege or immunity with respect to such document or information (or the contents or subject matter thereof) or with respect

to any other document or discovery. Any such produced privileged or protected document must immediately be destroyed or returned (whether or not the receiving Participant disputes the claim of privilege or protection) to the producing Participant or Non-Participant or its attorneys on request or upon discovery of such inadvertent production by the receiving Participant, and the receiving Participant shall certify that all copies of such produced privileged or protected document have been or destroyed or returned.

**19.** ~~20.~~ **Use of Materials Produced:** Participants and Non-Participants shall have the right to object to any request for documents on the ground that such request appears to be calculated to lead to discovery for use in proceedings other than those related to Plan Issues. In addition, absent further order of the Court, no discovery or information obtained pursuant to this Order may be introduced in evidence or otherwise disclosed in any other matter or proceeding unless properly obtained through discovery or otherwise in such other matter or proceeding.

**20.** ~~21.~~ **Hearing Dates and Pre-trial Conference:** The Court will set dates for hearings related to confirmation of a plan of reorganization in the Chapter 11 Cases ("Plan Confirmation"). No later than forty-five (45) days prior to the first date set by the Court to consider Plan Confirmation (the "Confirmation Hearing") and no earlier than seventy-five (75) days after the Notice of Fact Discovery Cutoff is filed, the Court will schedule a pre-trial conference to discuss, *inter alia*, briefing, exhibit lists, witnesses, and motions *in limine*.

**21.** ~~22.~~ **Miscellaneous:** Nothing in this Order shall prevent any Participant from objecting to discovery and withholding documents from production pending resolution of the propriety of such objection on the ground that it would cause such Participant or Non-Participant to violate any statute, regulation, or rule, including, without limitation, any foreign data privacy laws, to which such Participant or Non-Participant is subject, or on the ground that it seeks documents, materials or information concerning a foreign bankruptcy proceeding or estate administration. Notwithstanding Paragraph 11, documents withheld under this subsection shall be logged with reasonable specificity.

**22.** ~~23.~~ **Jurisdiction:** The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated:   April __, 2011
          New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE