**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369
Thomas J. Hall

Counsel for the Objecting Parties

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., *et al*.** | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---

**LIMITED OBJECTION TO THE DEBTORS' REVISED ORDER AS TO THE DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ESTABLISH AND IMPLEMENT PROCEDURES IN CONNECTION WITH DISCOVERY RELATED TO PLAN CONFIRMATION**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Objecting Parties,[1] by and through their counsel, hereby submit this limited objection (the "Objection") to the Debtors' second amended proposed order (the "Revised Order") as to the Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Rule

---

[1] The Objecting Parties are:  ABC Assicura Società per Azioni, Amber Capital Investment Management, Avignon Capital Ltd., Banco Canarias de Venezuela C.A. Banco Universal, Banesco Holding C.A., Bellair Development Group S.A., BlueBay Asset Management plc, Blue Bridge Holdings Limited, Bridgepont International Inc., Chadbourne & Parke LLP, Clayton Commercial Corporation, Compagnia Italiana Rischi Aziendali Società per Azioni, Credican, C.A., Duomo Unione Assicurazioni Società per Azioni, Girobank N.V., GLG Partners LP and certain of its funds, Grayson Ventures Limited, HSBC Bank USA, N.A., as Trustee, Lorimor Corporation, Lombarda Vita Società per Azioni, Portafolio de Inversiones C2-34 C.A., Risparmio & Previdenza Società per Azioni, San Miniato Previdenza Società per Azioni, Società Cattolica di Assicurazione - Società Cooperativa, Spring Star Corp., and TUA Assicurazioni Società per Azioni.

CPAM: 3846576.5

7026 of the Federal Rules of Bankruptcy Procedure for Authorization to Establish and Implement Procedures in Connection with Discovery Related to Plan Confirmation, (the "Motion"),[2] and in support thereof represent as follows:

## BACKGROUND

1. On September 15, 2008, and periodically thereafter (as applicable, the "Petition Date"), Lehman Brothers Holdings Inc. ("Holdings") and certain of its subsidiaries (together with Holdings, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On March 15, 2010, the Debtors filed their proposed Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [Docket No. 7572]. On April 14, 2010, the Debtors filed a revised Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [Docket No. 8330] and the Debtors' Disclosure Statement for Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code [Docket No. 8332].

3. On December 15, 2010, an Ad Hoc Group of Lehman Brothers Creditors filed a Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC.

4. On January 25, 2011, the Debtors filed their First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [Docket No. 14150] (as it may

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Revised Order.

be further amended or modified, the "<u>Plan</u>") and the Debtors' Disclosure Statement for First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code [Docket No. 14151] (as it may be amended or modified, the "<u>Disclosure Statement</u>").

## **OBJECTION**

5.     Given what is expected to be a contentious plan confirmation in the Debtors' chapter 11 cases, the Objecting Parties understand the Debtors' desire to establish procedures which will allow for an orderly and efficient Plan Discovery and confirmation process. However, the Plan Confirmation Discovery Procedures proposed by the Debtors are vague with respect to a few key components, including: (i) the selection process and role of the Designated Party; (ii) the creation of the Groups; and (iii) the scope of Plan Issues.  The Plan Confirmation Discovery Procedures are also too restrictive with respect to interrogatories to be served on all Participants.  As such, the Objecting Parties file this limited Objection seeking clarification and modification of the Revised Order with respect to these issues.

### A.     The Revised Order Should Be Modified to Clarify the Selection Process and the Role of the Designated Party

6.     The Revised Order provides that the Participants other than the Debtors are required to designate no later than fourteen days after the Notice of Intent Deadline one Participant to serve as the "Designated Party." However, there is no guidance as to how the Designated Party will be chosen. Without guidance or proposed procedures as to the appointment of the Designated Party, such appointment may become a chaotic situation - as opposed to the orderly Plan Discovery process sought by the Debtors. As a result, the Objecting Parties request that the Debtors provide guidance within the Revised Order on how the Designated Party will be chosen by the required Participants.

7.  Further, the Debtors propose that the Designated Party will act as a facilitator and intermediary for discovery requests. While it seems that the Debtors contemplate that the Designated Party's roll will be logistical in nature to coordinate and consolidate discovery requests, given the Designated Party's large role, the Objecting Parties request that the Debtors confirm that the creation of the Designated Party, as well as the Groups, does not have the effect of impairing the substantive rights of the Participants with respect to Plan Discovery.

8.  Given the complexity of the Plan Confirmation Discovery Procedures, the Objecting Parties agree and join in the objection filed by certain other parties in interest and request that the Debtors reevaluate and potentially extend certain deadlines to ensure that the substantive rights of the Participants are not impaired. Pursuant to the Plan Confirmation Discovery Procedures, the Participants are not only responsible for choosing a Designated Party, but are responsible for coordinating discovery requests with the Participant's Group which may be directed at the Debtors, Alternative Plan Proponents, Responding Participants, and Non-Participants on a very limited timeline. The Debtors should take into account the number of steps that the Participants must undertake in this process and provide the Participants with sufficient time.

**B.  The Revised Order Should be Modified to Clarify the Scope
of Plan Issues as They Relate to Claim Valuation Issues**

9.  The Revised Order purports to govern all discovery in connection with the Plan Issues only. "Plan Issues" are any present contested issues of fact and law in connection with any plan filed in the Debtors' chapter 11 cases. The Objecting Parties believe that the valuation of creditors' claims does not fall within the scope of Plan Issues, but given the broad

scope of "Plan Issues," request that the Debtors modify the Revised Order to clarify that issues arising from the valuation of claims, including the valuation of Structured Securities[3] claims, do not fall within the meaning of Plan Issues and, as a result, the Plan Confirmation Discovery Procedures do not pertain to claim valuation issues.

### C. Certain Plan Confirmation Discovery Procedures are Overly Restrictive

10.     Additionally, certain of the Plan Confirmation Discovery Procedures are unfairly burdensome and act to limit creditor participation. For example, the Revised Order limits not only the number of interrogatories that may be served by all Participants on the Debtors, Alternative Plan Proponents, and Participants other than the Debtors or Alternative Plan Proponents - a limit of 25 interrogatories (including all subparts) - but also limits the interrogatories to identification and authentication interrogatories, excluding contention and other information gathering interrogatories. As such, the Objecting Parties object to the limitations on the number and type of interrogatories as unduly restrictive.

11.     The Revised Order also prohibits the use of Request for Admissions by providing that no Participant will be required to respond to any Request for Admission. (Revised Order ¶ 14) The Objecting Parties request that Debtors modify the Revised Order to reflect that this limitation applies only to any Request for Admission <u>relating to Plan Issues</u>.

---

[3]   As defined in the Debtors' Disclosure Statement.

## **CONCLUSION**

WHEREFORE, the Objecting Parties respectfully request that this Court (i) deny the Motion unless the order entered approving the Motion is modified to address the defects described herein, and (ii) grant such other and further relief as this Court deems just and proper.

Date:  New York, New York
       April 8, 2011

                                         **CHADBOURNE & PARKE LLP**

By:  */s/ Thomas J. Hall*
      Thomas J. Hall
      A Member of the Firm
      30 Rockefeller Plaza
      New York, New York 10112
      Telephone:  (212) 408-5100
      Facsimile:   (212) 541-5369

Counsel for the Objecting Parties