Hearing Date and Time:  April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                :
In re:                                          :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    Case No. 08-13555 (JMP)
                                                :
                    Debtors.                    :    (Jointly Administered)
                                                :
------------------------------------------------------------------ x

**RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
MOTION OF THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS FOR
ENTRY OF (I) AN ORDER SCHEDULING A DISCLOSURE STATEMENT
HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF
AND (II) AN ORDER APPROVING THE DISCLOSURE STATEMENT FOR THE
JOINT SUBSTANTIVELY CONSOLIDATING CHAPTER 11 PLAN FOR LEHMAN
BROTHERS HOLDINGS INC. AND CERTAIN OF ITS AFFILIATED DEBTORS**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman

Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the

"Debtors"), as fiduciary for the unsecured creditors of each of the Debtors' estates, hereby files

this response to the Motion, dated March 29, 2011 [Docket No. 15431] (the "Motion"),[1] of the

Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group") for Entry of (i) an Order

Scheduling a Disclosure Statement Hearing and Approving the Form and Manner of Notice

Thereof and (ii) an Order Approving the Disclosure Statement for the Joint Substantively

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of Its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC (the "AHG Disclosure Statement").

**RESPONSE**

1.     The Debtors' Plan represents a fair and reasonable compromise of the issues relevant to the resolution of these cases, including the propriety of substantive consolidation, the validity and enforceability of guarantee claims, the appropriate methodologies for valuing guarantee and derivatives claims, the respective rights of the Debtors to certain assets, and the allowed amounts and appropriate treatment of intercompany claims. The Debtors' Plan also provides a springboard for continued dialogue with various creditor constituencies. The Committee believes that the resolution of the complex issues proposed by the Debtors' Plan appropriately balances the interests of all parties in interest in these cases, will expedite distributions to creditors, and will avoid the delays and expenses of protracted litigation. Accordingly, the Committee currently supports the Debtors' Plan.

2.     Nonetheless, because the Debtors' exclusive periods to file a plan and solicit acceptances thereof have expired, and because there is ample time for proper notice of the June 28, 2011 hearing, the Committee does not object to the narrow relief sought by the Motion, that is, concurrent consideration of the AHG Disclosure Statement and the Debtors' Disclosure Statement. Nor would the Committee object to the scheduling of concurrent hearings on any other disclosure statements that are filed with respect to any other plans, so long as creditors are given sufficient time to consider such disclosure statements.

3.     If other disclosure statements are to be considered concurrently with the Debtors' Disclosure Statement, to ensure consistent objection deadlines and adequate notice to

creditors, all such disclosure statements should be filed, and notice of the hearings thereon be served, at least twenty-eight (28) days prior to the deadline for objections to the approval of the Debtors' Disclosure Statement. Furthermore, the Committee respectfully submits that, if the Court decides to schedule concurrent disclosure statement hearings, it would be useful for all parties in interest if the Court conducted a status conference in advance of such hearings to discuss coordination of the disclosure statement approval process and plan solicitation.

4. At the same time, it may prove appropriate for the Court, following the consideration of multiple disclosure statements, to authorize the solicitation with respect to the Debtors' Plan to proceed before the solicitations with respect to any competing plans. Notwithstanding the expiration of the Debtors' exclusivity periods, the Court retains the inherent authority to control its docket and the discretion to sequence the solicitation process when appropriate. The Committee does not believe that this issue is ripe for determination at this time, but expects that it may become ripe in connection with the disclosure statement approval hearing, based on the extent of creditor support for the Debtors' Plan, the number and nature of competing plans, as well as the potential for confusion, expense and delay that could be caused by simultaneous solicitation of multiple plans. Accordingly, in the event the AHG Disclosure Statement and/or any other disclosure statement is approved by the Court, the Committee reserves its right to take the position, at a hearing on notice to all parties, that the solicitation of votes with respect to the Debtors' Plan should proceed before the solicitation with respect to any alternative plans.

WHEREFORE, the Committee respectfully requests that the Court (i) permit the hearing on the AHG Disclosure Statement (and any other disclosure statements filed and served at least twenty-eight (28) days prior to the deadline for objections to the Debtors' Disclosure Statement) to proceed concurrently with the hearing on the Debtors' Disclosure Statement; (ii) schedule a status conference to discuss coordinating the approval process for all disclosure statements that are filed and noticed for hearing on June 28, 2011; and (iii) grant such other and further relief as is just.

Dated:  New York, New York
        April 8, 2011

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By:  /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.