Hearing Date and Time: April 13, 2011 at 10:00 a.m. (Eastern Time)
Objection Deadline: April 8, 2011 at 4:00 p.m. (Eastern Time)

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Gregory M. Petrick
Ingrid Bagby
David E. Kronenberg

Attorneys for the Provisional Liquidator of Lehman Re Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| In re: | : | Chapter 11 Case No. |
| --- | --- | --- |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | (Jointly Administered) |
| Debtors | : | |

-------------------------------------------------------------------x

**LIMITED OBJECTION OF LEHMAN RE LTD. TO DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ESTABLISH AND IMPLEMENT PROCEDURES IN CONNECTION WITH DISCOVERY RELATED TO PLAN CONFIRMATION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Dan Schwarzmann, in his capacity as the duly authorized provisional liquidator (the "PL") of Lehman Re Ltd. ("Lehman Re"), by his U.S. counsel, Cadwalader, Wickersham & Taft LLP, respectfully submits this limited objection (the "Objection") to the motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together with LBHI, the "Debtors"), dated March 8, 2011, as amended on March 31, 2011 (the "Motion"), requesting authorization to establish and implement procedures in connection with discovery related to plan confirmation in the Debtors' chapter 11 cases (the "Discovery

Procedures"), as articulated in that certain proposed discovery procedures order (the "Procedures Order") and that certain proposed protective order (the "Protective Order", and together with the Procedures Order, the "Orders").

## BACKGROUND

1.  On September 23, 2008, Lehman Re filed a petition with the Supreme Court of Bermuda (the "Bermuda Court") to be provisionally liquidated pursuant to the Bermuda Companies Act 1981.

2.  The PL was appointed by the Bermuda Court as a liquidator of Lehman Re on April 8, 2010. On July 15, 2010, this Court issued an order recognizing the PL as a foreign representative of Lehman Re.

3.  Lehman Re has filed four proofs of claim against certain of the Debtors, which assert claims in excess of $1 billion.

## LIMITED OBJECTION

4.  By this Objection, the PL requests this Court to limit the scope of the proposed Discovery Procedures to discovery in connection with the confirmation of the Debtors' first amended joint chapter 11 plan (the "Plan") or any alternative plan filed by any party, and to clarify that the Discovery Procedures do not govern any discovery in connection with the valuation, estimation, or allowance of any claim against the Debtors. The Orders currently state that the Discovery Procedures shall govern all discovery with respect to "Plan Issues" – which are defined as "contested issues of fact and law" . . . "arising in connection with the prosecution of or objections to the Plan or any [a]lternative [p]lan." Procedures Order pp. 1-2. However, this definition is problematic because Section 6.5(b) of the Plan states that the Plan shall constitute a motion to estimate the claims of a foreign affiliate of any Debtor at $1.00 if a settlement between the applicable foreign affiliate and the applicable Debtor or Debtors is not

-2-

reached by the Plan voting deadline (tentatively scheduled for October 14, 2011).[1] Because Section 6.5(b) purports to convert the Plan into a claim estimation motion once the voting deadline has passed, at that time the Debtors may argue that any dispute with respect to such motion involves a "Plan Issue" that falls within the ambit of the Orders. Accordingly, even though the estimation dispute between the applicable Debtor and the applicable foreign affiliate would involve narrow claim allowance and valuation issues solely applicable to that affiliate, the foreign affiliate could only obtain discovery against the Debtor as part of the Discovery Procedures process, which will be focused on global issues affecting plan confirmation. This will impinge substantially on the foreign affiliate's rights to obtain meaningful discovery on its specific claim issues. For example, the Discovery Procedures would require foreign affiliates to coordinate with numerous other parties to constrain their requests within a total of 25 permitted interrogatories to the Debtors (excluding contention interrogatories), though these other parties presumably will have no interest in using the limited amount of interrogatories on issues related to the allowance or valuation of a particular claim. Further, the foreign affiliate would be forced to participate in the Discovery Procedures process and incur expenses attendant thereto, months before it is clear if the Debtors will attempt to subject the foreign affiliate's claim or claims to the estimation mechanism in Section 6.5(b) of the Plan. Due to the considerable impairment of foreign affiliate rights potentially posed by the Orders, several foreign affiliates, including

---

[1] Section 6.5(b) of the Plan states that the legal predicate for estimation of a foreign affiliate's claim at $1.00 is Section 502(c) of Title 11 of the U.S. Code (the "<u>Bankruptcy Code</u>"). However, neither Section 502(c) nor any case law interpreting this section supports the Debtors' contention that foreign affiliates' claims may be estimated at $1.00, without reserve, simply because a settlement with respect to the value of such claims has not been reached between the Debtors and the applicable foreign affiliate. There is no indication that the foreign affiliates' claims would be so difficult to value that such valuation "would unduly delay the administration of the case" – as required by Section 502(c). <u>See</u> 11 U.S.C. § 502(c). Numerous third-party creditors have claims obligations similar to those of many foreign affiliates, and the Plan and the associated disclosure statement do not invoke Section 502(c) with respect to such claims. Section 6.5(b) of the Plan unfairly prejudices foreign affiliates without legal justification.

Lehman Re, have requested the Debtors to clarify the scope of the Orders. To date, no clear answer has been forthcoming from the Debtors.

5. According to the Debtors, the Plan Procedures will promote an orderly and efficient discovery process consistent with Bankruptcy Code Section 105. See Motion, at ¶ 8. Although Section 105(a) allows a bankruptcy court to issue an order "to ensure that the [bankruptcy] case is handled *expeditiously and economically* . . .", it will hardly be expeditious and economic if foreign affiliates are compelled to incur the time and expense associated with participation in the Plan Procedures process in order to protect their specific interests and claims, which indeed, ultimately may be resolved consensually and may never be estimated under the Debtors' Plan.

6. Further adding to the confusion regarding the scope of the Orders is that even though Section 6.5(b) of the Plan provides that the Plan shall constitute a motion under Bankruptcy Code Section 502(c), and the Procedures Order provides that it governs discovery with respect to any contested issue with respect to the prosecution of the Plan, Section 12 of the Protective Order provides that in no event shall the Debtors be required to produce or otherwise disclose "any counterparty level information or . . . any asset level or valuation details". Protective Order § 12. Discovery regarding the value of assets and similar information on specific transactions would be essential to any dispute regarding the valuation or estimation of any foreign affiliate's claim. It would be inherently unfair to allow the Debtors to seek to estimate a foreign affiliate's claim at $1.00 because the affiliate was unwilling to accept the Debtors' view regarding the valuation or legitimacy of its claim, and then also prohibit the applicable foreign affiliate from seeking discovery of "counterparty level information" or "asset level or valuation details" on that claim.

7. If the Orders are determined to govern discovery with respect to the estimation of a foreign affiliates' claim, the likely result is that discovery on that particular foreign affiliate's claims will be severely, perhaps completely, limited, while other similarly situated third-party creditors would not be so constrained. The Debtors' disparate treatment of similarly situated creditors is unjustified and this Court should not permit the Debtors to use the Orders' lack of clarity as a tool to gain leverage over foreign affiliates.

## CONCLUSION

For the foregoing reasons, the PL respectfully requests that this Court determine that the Orders shall not govern any discovery in connection with the valuation, estimation, or allowance of any claim asserted by a foreign affiliate of the Debtors.

Dated:   April 8, 2011
         New York, New York

                                        CADWALADER, WICKERSHAM & TAFT LLP


                                        By: /s/ Ingrid Bagby
                                            Gregory M. Petrick
                                            Ingrid Bagby
                                            David E. Kronenberg
                                            One World Financial Center
                                            New York, New York  10281
                                            (212) 504-6000

                                            Attorneys for the Provisional Liquidator
                                            of Lehman Re Ltd.