Hearing Date and Time:  April 13, 2011 at 10:00 a.m. (E.S.T.)
Objection Deadline:  April 7, 2011 at 4:00 p.m. (E.S.T.)

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal (MR-7006)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 715-8000

Robert B. Krakow (*pro hac vice* pending)
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75209
Telephone: (214) 698-3100
Facsimile:   (214) 571-2934

*Attorneys for PricewaterhouseCoopers AG,*
*Zurich, as Bankruptcy Liquidator of Lehman*
*Brothers Finance AG, in Liquidation, a/k/a*
*Lehman Brothers Finance SA, in Liquidation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X
                                                              :
In re:                                                        :   Chapter 11:
                                                              :
Lehman Brothers Holdings Inc., *et al*                        :   Case Nos. 08-13555 (JMP)
                                                              :
                    Debtors.                                  :   (Jointly Administered)
                                                              :
------------------------------------------------------------- X

**LIMITED OBJECTION OF LEHMAN BROTHERS FINANCE LIQUIDATOR TO**
**DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE**
**AND RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR**
**AUTHORIZATION TO ESTABLISH AND IMPLEMENT PROCEDURES IN**
**CONNECTION WITH DISCOVERY RELATED TO PLAN CONFIRMATION**

TO:    THE HONORABLE JAMES M. PECK,
       UNITED STATES BANKRUPTCY JUDGE

        PricewaterhouseCoopers AG, Zurich ("PwC" or the "Lehman Brothers Finance

Liquidator") as bankruptcy liquidator and foreign representative of Lehman Brothers Finance

AG, in Liquidation, also known as Lehman Brothers Finance SA, in Liquidation, a Swiss

corporation. ("LBF") hereby files this limited objection (the "Limited Objection") to the

Debtors' motion (the "Motion") (Docket No. 14867) pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal Rules of Bankruptcy Procedure for authorization to establish and implement procedures (as amended, the "Discovery Procedures" (Docket No. 15682)) in connection with discovery related to plan confirmation. In support of this Limited Objection, the Lehman Brothers Finance Liquidator respectfully states as follows:

## GENERAL BACKGROUND

1. In the months following the commencement of these cases, PwC was appointed as bankruptcy liquidator of LBF in its liquidation proceeding in Switzerland. On behalf of LBF, PwC has filed several proofs of claim in this proceeding. Some of the LBF claims arise out of two separate guarantees entered into by LBHI for the benefit of LBF. Others are direct intercompany claims. Together, the claims as filed total close to $60 billion.

2. On June 17, 2009, the Court approved a cross-border insolvency protocol among certain worldwide affiliates of LBHI, including LBF, regarding the framework for coordinating and conducting the various worldwide bankruptcy proceedings related to LBHI's bankruptcy (the "Cross-Border Protocol") (Docket No. 4020).

3. The Debtors are now seeking approval of the Discovery Procedures that are intended to govern discovery related to confirmation of the Debtors' proposed chapter 11 Plan and any subsequent or competing Alternative Plans.[1]

## LIMITED OBJECTION

4. The Lehman Brothers Finance Liquidator does not take issue with the Discovery Procedures as applied generally to plan confirmation issues. We recognize the great complexity of this case and the need for a workable framework to govern the litigation of plan

---

[1] Capitalized terms not defined herein have the meaning set forth in the Discovery Procedures.

confirmation challenges. But we take strong exception to the Debtors' transparent effort to transform its objections to the LBF guarantee and intercompany claims into plan confirmation issues, and to then use the Discovery Procedures (and, we presume, the confirmation hearing itself) to limit our due process rights to a full and fair consideration of those claims.

***The Discovery Procedures Should Not Apply to Claim Objection Disputes***

5.   The Discovery Procedures are impermissibly overbroad and, on their face, could be interpreted to apply to disputes that have a very limited connection to any traditional plan confirmation dispute. Paragraph 1 of the Discovery Procedures provides that the procedures "shall control any and all discovery . . . in connection with 'Plan Issues' arising in connection with the prosecution of or objection to any Plan or Alternative Plan." (Discovery Procedures ¶ 1.) The definition of "Plan Issues" is exceptionally broad and includes any "contested issues of fact and law" in connection with the Plan or any Alternative Plan.

6.   Of particular concern to the Lehman Brothers Finance Liquidator is Section 6.5(b) of the Plan. That provision provides that, unless a foreign affiliate agrees to the allowed amount of its claim with the Debtors, the Plan and Disclosure Statement shall constitute a motion pursuant to Section 502(c) of the Bankruptcy Code to estimate the foreign affiliate's claim at $1.00 "for all purposes under the Plan, including, without limitation voting and *Distributions*" (emphasis added). Section 6.5(b) further provides that no reserve shall be required for any portion of the claim in excess of the estimated claim.

7.   Thus, for all practical purposes, Debtors seek to avoid their burden under 11 U.S.C. § 502 (a) and Bankruptcy Rule 3007 to object to LBF's substantial guarantee and intercompany claims (and similar claims of other affiliates) and to overcome the presumed validity of the claims. Instead, through an estimation proceeding that is part of the plan confirmation process, Debtors seek to preclude any recovery on the claims, even if valid.

3

Making matters even worse, by then subjecting the LBF claim issues to the proposed Discovery Procedures, Debtors seek to limit PwC's right to take proper discovery prior to the estimation proceeding.

8. A foreign affiliate such as the Lehman Brothers Finance Liquidator will have no ability to serve requests for admissions (Discovery Procedures ¶ 14) and will be virtually guaranteed to have no ability to propound interrogatories or meaningfully participate in depositions on issues relating to its specific claims (*see id.* ¶ 12(a) (prohibiting contention interrogatories and limiting total number of interrogatories by all Participants to twenty-five (25) including subparts) and ¶ 13(e) (requiring all Participants to meet and confer amongst themselves on attendance at and length of depositions). While there is some logic to these limitations where there are potentially hundreds of creditors seeking largely duplicative and sweeping plan confirmation discovery, that is not true with respect to claims objection discovery, which is fundamentally a narrow two-party targeted dispute.[2]

9. The time constraints imposed by the Discovery Procedures also place unfair burdens on foreign affiliates. The Notice of Intent Deadline by which creditors must decide whether to "participate" in plan discovery could be as soon as April 27, 2011 (assuming the Court enters an approval order on April 13, 2011). However, whether or not a foreign affiliate will have a claims dispute under Section 6.5(b) of the Plan may not be known for some time. Indeed, the foreign affiliate may reach an agreement with the Debtors on the amount of its

---

[2] As one appellate court has noted: "Significantly, there is no rule that authorizes an objection to claim to be litigated in chapter 11 plan confirmation proceedings without complying with Rule 3007. Nor would it make sense to do so in light of the fact that a plan confirmation is a collective proceeding while a claim objection is typically a two-party dispute. Not only is it more difficult for a creditor to litigate against the entire collective body of other creditors and owners in a plan confirmation proceeding, but the evidence relevant to a plan confirmation is so different from the evidence relevant to a claim objection that the two proceedings simply do not form a convenient trial unit. " *In Re Dynamic Brokers, Inc.*, 293 B.R. 489, 496 (B.A.P. 9th Cir. 2003)

4

intercompany claim. Alternatively, the Court may determine (as it should) that Section 6.5(b) of the Plan is patently impermissible and must be excised from the Plan prior to solicitation.

10. It should also be noted that, assuming there are no undisclosed confirmation-related deals with other creditors, there is no confirmation purpose to determining the claims of the foreign affiliates. As in any case, this Court can establish proper reserves for the claims and then hold subsequent claims allowance hearings. Indeed, other creditors whose claims may be subject to an objection are not being forced to litigate those objections as part of the plan confirmation process.

11. While the Discovery Procedures do provide that they do not "affect the rights of any . . . creditor . . . to seek discovery in connection with any other contested matters or adversary proceedings (even if related to, or to be heard contemporaneously with, Plan confirmation)," the Debtors have effectively, through Section 6.5(b), attempted to render moot any such proceedings for foreign affiliates. Accordingly, unless the Discovery Procedures are amended to clarify that discovery related to claims objections is excluded from the Procedures, the Court should deny the Motion.

WHEREFORE, the Lehman Brothers Finance Liquidator respectfully requests that the Court (i) deny the Motion unless the Debtors make the modifications requested herein and (ii) grant such other and further relief as the Court may deem proper.

Dated:   April 8, 2011

**GIBSON, DUNN & CRUTCHER LLP**

By:  /s/ Michael A. Rosenthal
Michael A. Rosenthal (MR-7006)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 351-4000
Facsimile:  (212) 715-8000

Robert B. Krakow (*pro hac vice* pending)
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75209
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2934

*Attorneys for PricewaterhouseCoopers AG, Zurich, as Bankruptcy Liquidator of Lehman Brothers Finance AG, in Liquidation, a/k/a Lehman Brothers Finance SA, in Liquidation*