Presentment Date and Time: April 22, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: April 21, 2011 at 12:00 noon. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                   :
In re                                                              :    **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                       :    **08-13555 (JMP)**
                                                                   :
                         Debtors.                                  :    **(Jointly Administered)**
-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION,
AGREEMENT AND ORDER BETWEEN LEHMAN COMMERCIAL PAPER
INC. AND GCM LITTLE ARBOR PARTNERS, L.P., GCM LITTLE ARBOR
INSTITUTIONAL PARTNERS, L.P., GLENVIEW CAPITAL PARTNERS, LP,
GCM LITTLE ARBOR MASTER FUND, LTD., GLENVIEW INSTITUTIONAL
PARTNERS, L.P., AND GLENVIEW CAPITAL MASTER FUND, LTD. REGARDING
SETTLEMENT OF CLAIMS AND TURNOVER OF CERTAIN FUTURE PAYMENTS**

     **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order between Lehman Commercial Paper Inc. ("LCPI") as debtor and debtor-in-possession and GCM Little Arbor Partners, L.P., GCM Little Arbor Institutional Partners, L.P., Glenview Capital Partners, LP, GCM Little Arbor Master Fund, Ltd., Glenview Institutional Partners, L.P., and Glenview Capital Master Fund, Ltd. (collectively, the "Glenview Entities") regarding settlement of claims (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **April 22, 2011 at 12:00 noon (Prevailing Eastern Time).**

     **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **April 21, 2011 at 12:00 noon (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

     **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck,

US_ACTIVE:\43661834\08\58399.0008

United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 8, 2011
 New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**Presentment Date and Time: April 22, 2011 at 12:00 noon (Prevailing Eastern Time)**
**Objection Deadline: April 21, 2011 at 12:00 noon. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re**                                             :    **Chapter 11 Case No.**
　　　　　　　　　　　　　　　　　　　　　　　　:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Debtors.              :    **(Jointly Administered)**
---------------------------------------------------------------x

# STIPULATION, AGREEMENT AND
# ORDER BETWEEN LEHMAN COMMERCIAL PAPER INC.
# AND GCM LITTLE ARBOR PARTNERS, L.P., GCM LITTLE ARBOR
# INSTITUTIONAL PARTNERS, L.P., GLENVIEW CAPITAL PARTNERS, LP,
# GCM LITTLE ARBOR MASTER FUND, LTD., GLENVIEW INSTITUTIONAL
# PARTNERS, L.P., AND GLENVIEW CAPITAL MASTER FUND, LTD. REGARDING
# SETTLEMENT OF CLAIMS AND TURNOVER OF CERTAIN FUTURE PAYMENTS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

　　　　　Lehman Commercial Paper Inc. ("LCPI"), as debtor and debtor in possession, and

GCM Little Arbor Partners, L.P., GCM Little Arbor Institutional Partners, L.P., Glenview

Capital Partners, LP, GCM Little Arbor Master Fund, Ltd., Glenview Institutional Partners, L.P.,

and Glenview Capital Master Fund, Ltd. (collectively, the "Glenview Entities," and together with

LCPI, the "Parties"), by and through their respective attorneys, hereby stipulate and agree as

follows:

US_ACTIVE:\43661834\08\58399.0008

**RECITALS:**

      A.    On October 5, 2008 (the "Commencement Date"), LCPI commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). LCPI's chapter 11 case has been consolidated with the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its debtor affiliates (collectively, the "Debtors"). LCPI continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      B.    Prior to the Commencement Date, a substantial portion of LCPI's business involved providing loans to third parties either directly or by acquiring loans or participation interests in loans originated by other financial institutions. LCPI's business also involved buying and selling loans or participation interests in loans originated by other financial institutions.

      C.    On March 14, 2008, LCPI entered into several trades with the Glenview Entities, as evidenced by certain Par/Near Par Trade Confirmation Letters confirming such trades between LCPI, as seller, and the Glenview Entities, as buyers (the "Trade Confirmations"). Pursuant to the Trade Confirmations, the Glenview Entities purchased from LCPI portions of the Term B-1 Loan (the "Bridge Loan Participation Interests") under that certain Senior Bridge Loan Agreement, dated as of October 12, 2007 (as amended and restated as of March 12, 2008), among CDW Corporation, as borrower, VH Holdings, Inc., the subsidiary guarantors party thereto, the lenders party thereto and J.P. Morgan Chase Bank, N.A., as administrative agent (the "Bridge Loan Agreement").

      D.    Pursuant to the Trade Confirmations, LCPI agreed to make periodic make-whole payments (the "Make-Whole Payments") to the Glenview Entities under certain circumstances, in an amount equal to the product of (x) the Bridge Loan Participation Interests,

and (y) the difference between the stated interest rate applicable to the Bridge Loan Participation

Interests under the Bridge Loan Agreement and 11.00%. Pursuant to the terms of the Bridge

Loan Agreement, the stated interest payable on the Bridge Loan Participation Interests

periodically increased, reaching 11.00% on July 15, 2010 (the "Make-Whole Payment

Termination Date.")

        E.    At the time it entered into the Trade Confirmations, LCPI did not own a

sufficient dollar amount of the Bridge Loan Participation Interests to satisfy its obligations to the

Glenview Entities under the Trade Confirmations. Consequently, LCPI purchased the necessary

amount of the Bridge Loan Participation Interests from Deutsche Bank AG Cayman Island

Branch ("Deutsche Bank") and Morgan Stanley Bank ("Morgan Stanley"). Deutsche Bank and

Morgan Stanley agreed to make periodic make-whole payments (the "Bank Payments") to LCPI

under the same terms as those set forth in the Trade Confirmations.

        F.    On April 11, 2008, pursuant to certain assignment and assumption

agreements (the "Assignment and Assumption Agreements") among LCPI, the Glenview

Entities and the aforementioned administrative agent, LCPI and the Glenview Entities

consummated the Glenview Entities' purchase of the Bridge Loan Participation Interests from

LCPI.

        G.    Since the Commencement Date, Deutsche Bank and Morgan Stanley have

made Bank Payments owed to LCPI directly to the Glenview Entities. The aggregate amount of

the Bank Payments made by Deutsche Bank and Morgan Stanley to the Glenview Entities

subsequent to the Commencement Date is $2,595,920.06.

        H.    On September 22, 2009, the Glenview Entities filed proofs of claim

against LCPI, which were assigned claim numbers 33651, 33653, 33558, 33652, 33650, and

33609 by the Debtors' court-approved claims and noticing agent (the "Claims Agent"), asserting claims in the aggregate liquidated amount of $5,694,132.36 and other unliquidated amounts for amounts allegedly owed by LCPI in respect of damages arising from LCPI's nonpayment of Make-Whole Payments (collectively, the "Glenview Claims").

I. LCPI has advised the Glenview Entities that the Bank Payments paid by Morgan Stanley and Deutsche Bank to the Glenview Entities constitute property of LCPI's estate and should be returned to LCPI. In addition, LCPI has informally challenged the Glenview Claims on other grounds. LCPI estimates that the correct amount of the Glenview Claims, without taking into account the Bank Payments, is $4,544,453.11.

J. The Glenview Entities dispute that the Bank Payments constitute property of LCPI's estate and contend that they should be permitted to retain the Bank Payments.

K. After good-faith, arms'-length negotiations, the Parties, each having recognized the benefits of avoiding litigation with respect to the issues set forth herein, have agreed to resolve the disputes concerning the Glenview Claims and the Bank Payments pursuant to the terms and conditions set forth in this stipulation, agreement and order (the "Stipulation, Agreement and Order").

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** by and between LCPI and the Glenwood Entities, through their undersigned attorneys, that:

1. The Recitals set forth above shall form an integral part of this Stipulation, Agreement and Order and are incorporated fully herein.

2. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

3. Upon the Effective Date, the Glenview Claims shall be disallowed and expunged, and the Glenview Entities shall be deemed to authorize LCPI to provide a copy of this Stipulation, Agreement and Order to the Claims Agent and direct the Claims Agent to update the claims registry accordingly.

4. Upon the Effective Date, the Glenview Entities are authorized to retain the Bank Payments received prior to the Effective Date from Deutsche Bank and Morgan Stanley in full settlement, satisfaction, release and discharge of the Glenview Claims. The effect of this Stipulation, Agreement and Order is that the Glenview Entities shall receive a distribution equal to between 45.59% and 57.12% in respect of the Glenview Claims depending on the estimated amount of the Glenview Claims used for purposes of the calculation.

5. The Glenview Entities agree to remit to LCPI any Bank Payments that they may receive after the Effective Date with respect to the Bridge Loan Participation Interests.

6. Upon the Effective Date, the Glenview Entities and their affiliates, successors and assigns, and their past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "Glenview Parties"), shall have no further right to payment from the Debtors, their affiliates, their estates or their respective successors or assigns (collectively, the "Debtor Parties") on account of the Glenview Claims. Except as set forth in this Stipulation, Agreement and Order, the Glenview Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action of whatever nature (collectively, the "Glenview Released Claims") against any of the Debtor Parties relating to the Glenview Claims, and are hereby barred from asserting any and all Glenview Released Claims

whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation, Agreement and Order.

7. Upon the Effective Date, the Debtors, the affiliates controlled by the Debtors, and their respective successors and assigns, and their past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "LCPI Parties"), shall have no further right to payment from the Glenview Entities on account of the Bank Payments.  Except as set forth in this Stipulation, Agreement and Order, the LCPI Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action of whatever nature (collectively, the "LCPI Released Claims") against the Glenview Entities relating to the Bank Payments, and are hereby barred from asserting any and all LCPI Released Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation, Agreement and Order.

8. This Stipulation, Agreement and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

9. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

10. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns.  Nothing

contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

11. Each person who executes this Stipulation, Agreement and Order represents that he or she is duly authorized to do so on behalf of the respective Party or Parties hereto and that each such party has full knowledge and has consented to this Stipulation, Agreement and Order.

12. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties hereto to be charged.

13. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the releases in Paragraphs 6 and 7.  Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

14. This Stipulation, Agreement and Order shall be governed by and interpreted in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflict of laws that would require the application of laws of another jurisdiction.

15. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: April 8, 2011
      New York, New York

/s/ Abbey Walsh
Abbey Walsh

Kleinberg, Kaplan, Wolff & Cohen
551 Fifth Avenue
New York, New York 10176
Telephone: (212) 986-6000
Facsimile: (212) 986-8866

Attorneys for the Glenview Entities

Dated: April 8, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED, this
___ day of April, 2011 in New York

_____
United States Bankruptcy Judge