Hearing Date and Time: April 13, 2011 at 10:00 a.m. (Eastern Time)
Objection Deadline: April 8, 2011 at 4:00 p.m. (Eastern Time)

Luc A. Despins
Bryan R. Kaplan
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile:  (212) 319-4090

*Counsel to CarVal Investors UK Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**CARVAL INVESTORS UK LIMITED'S (I) LIMITED OBJECTION
TO DEBTORS' MOTION PURSUANT TO SECTION 105 OF
BANKRUPTCY CODE AND RULE 7026 OF FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO
ESTABLISH AND IMPLEMENT PROCEDURES IN CONNECTION WITH
DISCOVERY RELATED TO PLAN CONFIRMATION AND (II) JOINDER TO
LIMITED OBJECTION OF CERTAIN OPERATING COMPANY CREDITORS**

CarVal Investors UK Limited ("CarVal"), by and through its undersigned counsel, hereby files this (i) limited objection to the *Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal Rules of Bankruptcy Procedure for Authorization to Establish and Implement Procedures in Connection with Discovery Related to Plan Confirmation* [Docket No. 14867] and (ii) joinder to the *Limited Objection of Certain Operating Company Creditors to Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal Rules of Bankruptcy Procedure for Authorization to Establish and Implement Procedures in Connection with Discovery Related to Plan Confirmation* [Docket No.

15769] (the "Operating Company Creditors Limited Objection"), and respectfully represents as follows:

1.  Through the Discovery Motion, the Debtors are seeking to implement proposed discovery procedures that would impose a significant burden on parties seeking discovery while severely restricting access to documents and communications that are integral to understanding any plan proposed in these Chapter 11 cases.  CarVal has worked diligently over the past several weeks with the Debtors and other parties in interest to try and negotiate a more equitable approach to discovery.  Notwithstanding these efforts, the *Second Amended Order Establishing Schedule and Procedures in Connection with Discovery Related to Plan Confirmation and Other Issues* [Docket No. 15682] (the "Proposed Procedures Order") still contains several troubling provisions.

a.  *Paragraph 3(j) of the Proposed Procedures Order Should be Modified to Ensure that Only Privileged Documents are Subject to the Broad Exceptions Created Thereby*

2.  Paragraph 3(j) of the Revised Proposed Order provides that the Debtors do not have to "**search, produce, or identify on any log** . . . [d]ocuments and communications between or among client and inside counsel . . . " (emphasis added).  Without further clarification, this provision may result in the Debtors simply ignoring for production purposes non-privileged documents and communications between, on the one hand, persons and inside counsel working for LBHI and, on the other hand, persons and inside counsel working for debtors other than LBHI and non-debtor entities, including foreign affiliates.  Such documents and communications are central to disputed plan confirmation issues, such as whether the Debtors' estates should be substantively consolidated.  Whenever affiliated debtor and non-debtor entities were engaged in arms' length transactions or were otherwise adverse to one another, neither the joint-client privilege nor the common-interest privileges would apply.  Thus, any communications

2

concerning those transactions would be non-privileged and subject to production, and should be searched for and produced by the Debtors regardless of whether a "counsel" was included. Moreover, any privileged documents that such searches yield should be included on the Debtors' privilege log so that participants in discovery can assess the validity of the privilege.

3. In order to remedy this omission, CarVal respectfully requests that paragraph 3(j)(v) be deleted and replaced by the following paragraph: "Documents and communications solely between or among client and inside counsel or outside counsel; *provided*, *that*, documents and communications between, on the one hand, persons and inside counsel working for LBHI and, on the other hand, persons and inside counsel working for debtors other than LBHI and non-debtor entities, including foreign affiliates, shall not be subject to this paragraph 3(j)."

b. *The Debtors Should Provide a Privilege Log*

4. Paragraph 11(a) of the Proposed Procedures Order provides that "any person or entity **other than the Debtors** that receives a Document Request or document subpoena . . . and withholds any documents on the grounds of privilege . . . shall produce a privilege log . . . ." (emphasis added). Beyond the threshold issue of it being fundamentally unfair for all parties receiving document requests or subpoenas to be required to produce a privilege log except for the Debtors, there also is no legitimate reason for the Debtors not to produce a privilege log. The Debtors have enumerated in paragraph 3(j) of the Proposed Procedures Order broad categories of documents that would not have to be recorded in a privilege log, which would significantly reduce any burden on the Debtors. In addition, the production of a privilege log would lend credibility and transparency to the discovery process. The Debtors therefore should not be exempt from producing a privilege log.

3

*c.*     *Joinder to Operating Company Creditors Limited Objection*

5.     In addition, CarVal hereby joins in paragraphs 2, 4 and 7 of the Operating Company Creditors Limited Objection.

*[remainder of the page left blank by intention]*

4

WHEREFORE, CarVal respectfully requests that this Court (i) modify paragraph 3(j) of the Proposed Procedures Order so that documents and communications between, on the one hand, persons and inside counsel working for LBHI and, on the other hand, persons and inside counsel working for debtors other than LBHI and non-debtor entities, including foreign affiliates, will be searched for, produced and logged by the Debtors, (ii) modify paragraph 11(a) of the Proposed Procedures Order to provide that the Debtors shall provide a privilege log, (iii) grant the relief requested in paragraphs 2, 4 and 7 of the Operating Company Creditors Limited Objection and (iv) grant such other and further relief as this Court deems just and appropriate.

Dated: April 8, 2011
    New York, New York

/s/ Luc A. Despins
Luc A. Despins
Bryan R. Kaplan
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Counsel to CarVal Investors UK Limited*