UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :    08-13555 (JMP)
                                                                 :
                                    Debtors.                     :    (Jointly Administered)
                                                                 :
                                                                 :
-----------------------------------------------------------------x

## SEVENTH INTERIM APPLICATION OF REILLY POZNER LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Reilly Pozner LLP |
| Authorized to Provide Professional Services to: | Lehman Brothers Holdings Inc. |
| Date of Retention: | August 2006 |
| Period for which compensation and reimbursement are sought: | October 1, 2010 through January 31, 2011 |
| Amount of compensation sought as Actual, reasonable and necessary: | $1,419,957.50 |
| Amount of expenses sought as Actual, reasonable and necessary: | $128,810.00 |

This is a(n):    ___ Monthly    _X_ Interim    ___ Final Application

523106

First Interim Application

| Monthly Fee Statement Period | Total Fees / Expenses Requested | Fees Paid | Expenses Paid | Holdback Amount |
|---|---|---|---|---|
| September 15, 2008 through January 31, 2009 | 464,631.00/ 33,888.11 | 461,667.56 | 33,888.11 | 2,963.44 |
| Totals | $464,631.00/ 33,888.11 | $461,667.56 | $33,888.11 | $2,963.44 |

Second Interim Application

| Monthly Fee Statement Period | Total Fees / Expenses Requested | Fees Paid | Expenses Paid | Holdback Amount |
|---|---|---|---|---|
| Second Monthly 02/01/09-02/28/09 | 100,388.00 / 28,986.85 | 99,026.59 | 28,986.85 | 10,038.80 |
| Third Monthly 03/01/09-03/31/09 | 110,628.50 / 21,007.20 | 109,128.19 | 21,007.20 | 11,062.85 |
| Fourth Monthly 04/01/09-04/30/09 | 128,939.50 / 5,144.13 | 127,190.80 | 5,144.13 | 12,893.95 |
| Fifth Monthly 05/01/09-05/31/09 | 107,846.00 / 19,761.64 | 106,383.43 | 19,761.64 | 10,784.60 |
| Totals | $447,802.00 / 74,899.82 | 441,729.01 | 74,899.82 | 6,072.99 |

Third Interim Application

| Monthly Fee Statement Period | Total Fees / Expenses Requested | Fees Paid | Expenses Paid | Holdback Amount |
|---|---|---|---|---|
| Sixth Monthly 06/01/09-06/30/09 | 150,395.50 / 28,637.53 | 150,395.50 | 28,637.53 | 0.00 |
| Seventh Monthly 07/01/09-07/31/09 | 113,806.50 / 34,394.73 | 106,970.40 | 34,394.73 | 6,836.10 |
| Eighth Monthly 08/01/09-08/31/09 | 159,213.00 / 12,022.25 | 127,370.40 | 12,022.25 | 31,842.60 |
| Ninth Monthly 09/01/09-09/31/09 | 192,871.00 / 10,954.86 | 154,296.80 | 10,954.86 | 38,574.20 |
| Totals | $616,286.00 / 86,009.37 | 539,033.10 | 86,009.37 | 77,252.90 |

2

523106

### Fourth Interim Application

| Monthly Fee Statement Period | Total Fees / Expenses Requested | Fees Paid | Expenses Paid | Holdback Amount |
|---|---|---|---|---|
| Tenth Monthly 10/01/09-10/31/09 | 203,886.50/ 9,035.17 | 203,886.50 | 9,035.17 | 0.00 |
| Eleventh Monthly 11/01/09-11/31/09 | 145,508.00/ 9,451.32 | 145,508.00 | 9,451.32 | 0.00 |
| Twelfth Monthly 12/01/09-12/31/09 | 184,008.00/ 18,763.38 | 184,008.00 | 18,763.38 | 0.00 |
| Thirteenth Monthly 01/01/10-01/31/10 | 177,125.50/ 24,773.27 | 144,708.92 | 24,773.27 | 32,416.58 |
| Totals | $710,528.00/ 62,023.14 | 678,111.42 | 62,023.14 | 32,416.58 |

### Fifth Interim Application

| Monthly Fee Statement Period | Total Fees / Expenses Requested | Fees Paid | Expenses Paid | Holdback Amount |
|---|---|---|---|---|
| Fourteenth Monthly 02/01/10-02/28/10 | 194,640.00/ 20,760.42 | 155,712.00 | 20,760.42 | 38,928.00 |
| Fifteenth Monthly 03/01/10-03/31/10 | 308,919.50/ 40,840.97 | 247,135.60 | 40,840.97 | 61,783.90 |
| Sixteenth Monthly 04/01/10-04/30/10 | 289,065.00/ 28,739.09 | 231,252.00 | 28,739.09 | 57,813.00 |
| Seventeenth Monthly 05/01/10-05/31/10 | 276,233.00/ 22,787.12 | 220,986.40 | 22,787.12 | 55,246.60 |
| Totals | 1,068,857.50/ 113,127.60 | 855,086.00 | 113,127.60 | 213,771.50 |

523106

### Sixth Interim Application

| Monthly Fee Statement Period | Total Fees / Expenses Requested | Fees Paid | Expenses Paid | Holdback Amount |
|---|---|---|---|---|
| 18th Monthly 06/01/10-06/30/10 | Fees: 331,732.00 Exp: 35,646.73 | 266,385.60 | 35,646.73 | 65,346.40 |
| 19th Monthly 07/01/10-07/31/10 | Fees: 373,759.50 Exp:23,240.61 | 299,007.60 | 23,240.61 | 74,751.90 |
| 20th Monthly 08/01/10-08/31/10 | Fees: 361,127.00 Exp: 24,880.79 | 288,901.60 | 24,880.79 | 72,225.40 |
| 21st Monthly 09/01/10-09/31/10 | Fees: 342,233.50 Exp:19,087.23 | 273,786.80 | 19,087.23 | 68,446.70 |
| **Totals** | **Fees: 1,408,852.00 Exp: 102,855.36** | **1,128,081.60** | **102,855.36** | **280,770.40** |

### Seventh Interim Application

| Monthly Fee Statement Period | Total Fees / Expenses Requested | Fees Paid | Expenses Paid | Holdback Amount |
|---|---|---|---|---|
| 22nd Monthly 10/01/10-10/31/10 | Fees: 377,248.00 Exp: 39,563.03 | 270,509.98 | 39,563.03 | 66,738.02 |
| 23rd Monthly 11/01/10-11/30/10 | Fees: 391,043.00 Exp: 27,893.07 | 312,834.40 | 27,893.07 | 78,208.60 |
| 24th Monthly 12/1/10-12/31/10 | Fees: 256,668.50 Exp: 30,229.84 | 205,334.80 | 30,229.84 | 51,333.70 |
| 25th Monthly 1/01/11-01/31/11 | Fees: 434,998.00 Exp: 31,124.06 | 347,998.40 | 31,124.06 | 86,999.60 |
| **Totals** | **Fees: 1,419,957.50 Exp: 128,810.00** | **1,136,677.58** | **128,810.00** | **283,279.92** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :   08-13555 (JMP)
                                            :
                        Debtors.            :   (Jointly Administered)
                                            :
                                            :
------------------------------------------------------------x

## SEVENTH INTERIM APPLICATION OF REILLY POZNER LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Reilly Pozner LLP ("RP"), special counsel for Lehman Brothers Holdings Inc. ("LBHI") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession here (collectively, the "Debtors"), submits this fourth interim application for compensation and reimbursement of expenses (the "Application") seeking the entry of an Order pursuant to 11 U.S.C. §330 AND 331 awarding interim compensation to RP for the period of October 1, 2010 through and including January 31, 2011 (the "Seventh Interim Application Period") of $1,419,957.50 for fees incurred by the Debtor for services totaling 6,945 hours (resulting in a blended hourly rate of $204.45) and $128,810.00 for expenses, in accordance with the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals dated June 25, 2009 (Docket No. 4165) (the "Monthly Compensation Order"), and granting related relief, and respectfully sets forth and represents as follows:

1.     This Application is made in accordance with the Monthly Compensation Order. RP has incurred fees of $1,419,957.50 during the Seventh Interim Application Period. Summaries reflecting the incurrence of fees and expenses are annexed hereto as follows:

523106

08-13555-mg    Doc 15797    Filed 04/08/11    Entered 04/08/11 16:31:50    Main Document
Pg 6 of 14

  **Exhibit A** is a summary of the total fees and expenses for October 1, 2010 through January 31, 2011;

  **Exhibit B** is the detail of time and expense for October 1, 2010 through October 31, 2010;

  **Exhibit C** is the detail of time and expense for November 1, 2010 through November 30, 2010;

  **Exhibit D** is the detail of time and expense for December 1, 2010 through December 31, 2010;

  **Exhibit E** is the detail of time and expense for January 1, 2011 through January 31, 2011; and

  **Exhibit F** are true and correct copies of invoices of amounts over $1,000 for services rendered on behalf of the Estate during the period October 1, 2010 through January 31, 2011.

  2. Assuming no objections are interposed to RP's monthly fee statements, it would be entitled to be paid $1,135,966.00 in fees, and $128,810.00 in expenses under the Monthly Compensation Order. Assuming RP is paid 80% of all fees and 100% of all expenses incurred during the Seventh Interim Application Period through the monthly compensation procedure, the outstanding balance due to RP on account of the monthly invoices for that period will be $283,991.50 (the "Seventh Interim Holdback").

## Background

  3. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

523106

being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors Committee").

5. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

6. By order dated January 28, 2009 (Docket No. 2680), RP was retained by the Debtors as special counsel, effective *nunc pro tunc*, effective as of the Commencement Date, to (i) prosecute loss recovery litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits; (ii) act as national coordinating counsel in nationwide loss recovery litigation; and (iii) representing the Debtors in connection with proofs of claims relating to the purchase, sale, or other transfer of mortgage loans. A copy of the Order Authorizing Employment and Retention of RP as Special Counsel is annexed hereto as **Exhibit G**.

7. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334, and the Order of Reference of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1409.

**The Application**

8.   This Application is made pursuant to 11 U.S.C. §105, 330 and 331 and the Third Amended Monthly Compensation Order, a copy of which is annexed hereto as **Exhibit H**.

9.   RP is a litigation firm of 21 attorneys, that, in this matter:

(i) prosecutes loss recovery litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits; (ii) acts as national coordinating counsel in nationwide loss recovery litigation; and (iii) represents Debtors in connection with proofs of claims relating to the purchase, sale, or other transfer of mortgage loans. As described in the Rollin Affidavit, RP has extensive knowledge and experience with these kinds of matters. RP is a leading trial firm which has represented Debtors and their affiliates in these types of matters. The firm has significant experience in the coordination and prosecution of national litigation strategies, including for Debtors and their affiliates. In addition, RP's litigation professionals frequently represent individuals and business entities in a wide range of litigation matters, including government investigations and proceedings.

RP has also been retained to review, analyze, respond to, including filing and litigating objections to, claims filed against Debtors relating to Debtors sale and/or securitization of residential mortgage loans. This body of work comprises of 1,046 claims, filed by 68 claimants.

10.   RP has represented LBHI, directly or through its subsidiary Aurora Loan Services, LLC, since 2006 in loss recovery litigation. During that time, RP has represented LBHI and its affiliates in state and federal court litigation in several states and has overseen and coordinated the efforts of local and regional counsel. Over the course of its representation of the

8

523106

Debtors and their affiliates, RP has become familiar with the relevant business personnel and operations, as well as the legal matters described in this Application.

11. RP has annexed to this Application, as incorporated in Exhibits B-E, the actual time recorded, the services rendered, the date the services were rendered and the names of the individuals performing the services by RP during the Seventh Interim Application Period on behalf of Debtors. The rate for each of the individuals referred to above is equal to the billing rate for such individual's time for similar services rendered to clients in connection with bankruptcy and non-bankruptcy matters. RP believes that these rates constitute market rates and are equal to or less than the rates charged by professionals with similar experience. RP has also annexed to this Application, as incorporated in Exhibits B-E, a print-out of the disbursements Applicant has necessarily incurred on behalf of the Debtors during the Sixth Interim Application Period.

## Professional Services Rendered

12. To date in this case, RP has been asked to assist the Debtors in mortgage loan-related litigation. Specifically, RP has researched, prepared, filed, litigated, and/or settled cases on behalf of Debtors against counterparties to sales of mortgage loans on the secondary mortgage market; coordinated and supervised such litigation prosecuted by local and regional counsel; and administered the overall litigation effort. To date, RP has approximately 550 open matters.

13. In addition to the services rendered above, RP also prepared monthly fee statements, and kept itself appraised of general issues in the case through review of the case docket and pleadings filed, and communications with Weil Gotshal & Manges LLP ("WGM"), as needed for the effective and administration of the secondary market litigation.

523106

14. The foregoing services performed by RP were necessary and appropriate to the effective and efficient administration of the secondary market litigation. The professional services performed by RP were in the best interests of Debtors, their creditors, and other parties in interest and were provided without unnecessary duplication of effort or expense. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

15. The professional services performed by RP on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 6,945 recorded hours by RP's partners, associates, and paraprofessionals. Of the aggregate time expended, 344.70 recorded hours were expended by partners, 3,677.20 recorded hours were expended by associates and contract attorneys, and 2,923.10 recorded hours were expended by paraprofessionals.

16. During the Compensation Period, RP's hourly billing rates for attorneys ranged from $30.00 to $550 per hour. Allowance of compensation in the amount requested would result in a blended hourly rate for attorneys of approximately $204.45 based on recorded hours at RP's regular billing rates in effect at the time of the performance of services. As noted, annexed hereto as "Exhibit A" is a schedule listing each RP professional and paraprofessional who performed services in these cases during the billing period, the hourly rate charged by RP for services performed by each individual, and the aggregate number of hours and charges by each such individual.

### Actual and Necessary Disbursements of RP

17. As stated, annexed hereto as "Exhibit A" is a schedule of the actual and necessary expenses incurred by RP in connection with its representation of the Debtors. As set forth in

523106

Exhibit A, RP requests allowance of actual and necessary expenses incurred by RP during the Compensation Period in the aggregate amount of $128,810.00.

## The Requested Compensation Should Be Allowed

18. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including ---
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

19. In the instant cases, RP respectfully submits that the professional services and the expenditures for which it seeks reimbursement in this Application were, at the time rendered, believed to be necessary for and beneficial to the Debtors and their chapter 11 estates. Accordingly,

11

523106

RP further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

### Notice

20. Pursuant to the Compensation & Reimbursement Order, notice of this Application will be served upon (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York 10020 (Attn: John Suckow and William Fox) (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCoy LLP 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.) attorneys for the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Elisabetta G. Gasparini and Andrea B. Schwartz; (v) Richard Gitlin, Godfrey & Kahn, 780 North Water Street, Milwaukee, WI 53202.

21. All services for which compensation and reimbursement of expenses are requested by RP were performed for and on behalf of the Debtors. No agreement or understanding exists between RP and any other person for the sharing of compensation to be received for the services rendered in connection with RP's representation of the Debtors, and no action prohibited by §504 of the Bankruptcy Code has been, or will be, made by RP.

22. No previous application or motion for the relief requested herein has been made to this or any other Court.

### Conclusion

23. Based on the foregoing, RP respectfully submits that the services rendered in the instant case during the Seventh Interim Application Period have been efficient and effective. RP will continue to (i) represent the Debtors in prosecuting loss recovery litigation and/or pre-filing

523106

settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits; (ii) act as national coordinating counsel in nationwide loss recovery litigation; and (iii) represent the Debtors in connection with proofs of claims relating to the purchase, sale, or other transfer of mortgage loans. As previously stated, RP seeks (i) an award of fees in the amount of $1,419,957.50 and expenses of $128,810.00, all incurred between October 1, 2010 and January 31, 2011; (ii) authorization for the Debtors to pay those amounts.

WHEREFORE, RP respectfully requests that this Court enter an Order consistent with the relief requested herein for such other and further relief as the Court deems just and proper.

DATED: April 8, 2011

Respectfully submitted,

_____
Michael A. Rollin
REILLY POZNER LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
mrollin@rplaw.com

523106

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
 :
In re : Chapter 11 Case No.
 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
 :
Debtors. : (Jointly Administered)
 :
 :
-------------------------------------------------------------------x

## CERTIFICATION OF MICHAEL A. ROLLIN

Michael A. Rollin, a member of the firm of Reilly Pozner LLP, ("Applicant"), attorneys authorized to provide legal services as Special Counsel to Lehman Brothers Holdings, Inc. ("LBHI"), and its affiliated debtors in the above referenced chapter 11 cases pursuant to an order of this Court. This certification is made in support of the Seventh Interim Application of Reilly Pozner LLP (the "Application") and in compliance with Rule 2016(a) and with the United States Trustee's Guidelines for Review Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330.

I have read the Application and I certify that the Application substantially complies with the Rule and the Guidelines.

DATED: April 8, 2011

/s/ Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
mrollin@rplaw.com

14

523106