WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                          :  **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :  **08-13555 (JMP)**
:
Debtors.                      :  **(Jointly Administered)**
:
:
------------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF DAVID WALSH IN**
**SUPPORT OF MOTION PURSUANT TO SECTIONS 105**
**AND 363 OF THE BANKRUPTCY CODE FOR APPROVAL OF THE**
**PURCHASE OF NOTES ISSUED BY PINE CCS, LTD. FROM BARCLAYS**
**BANK PLC AND THE TERMINATION OF THE PINE SECURITIZATION**

Pursuant to 28 U.S.C. § 1746, I, David Walsh, declare:

1. I submit this supplement to my previously filed Declaration [Docket No. 15284] in support of the *Motion Pursuant To Sections 105 and 363 of The Bankruptcy Code For Approval of the Purchase of Notes Issued by Pine CCS, Ltd. From Barclays Bank PLC and the Termination of the Pine Securitization* [Docket No. 15283] (the "Motion").[1]

2. The Motion seeks approval of the purchase of the Barclays Notes from Barclays for $805 million. On behalf of LCPI, I participated in arms-length negotiations with representatives of Barclays for approximately two years regarding the purchase of the Barclays

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Notes. One complicating factor in the negotiation of the purchase price was the ongoing litigation between LBHI and Barclays regarding the Asset Purchase Agreement and the related Clarification Letter. It was only after the Court issued its *Opinion on Motions Seeking Modification of the Sale Order Pursuant to Rule 60(b), the Trustee's Motion for Relief Under the SIPA Sale Order, Barclays' Cross-Motion to Enforce the Sale Orders and Adjudication of Related Adversary Proceedings*, on February 22, 2011 that the negotiations began to move forward and the parties agreed on a purchase price.

3. Negotiations surrounding the purchase price took into account, among other things, (i) the fair market value of the loans participated to Pine, (ii) the interest rate on the Barclays Notes in comparison to current interest rates for similar notes, (iii) the maturity dates of the Barclays Notes as well as the maturity dates of the loans comprising the Underlying Assets, (iv) the liquidity of the Barclays Notes and (v) the timing of future distributions on the Barclays Notes.

4. Inasmuch as the Pine structure was holding a significant amount of cash in reserve in the event there were funding obligations on any of the Underlying Assets, and LCPI was holding cash collected on the Underlying Assets as restricted cash, Pine has not made a distribution to Barclays in more than a year. As a result, Barclays had an incentive to monetize its holdings of the Barclays Notes.

5. As indicated in the Declaration, the Purchase Price represents a discount of 13.2% to the outstanding amount of the Barclays Notes (including accrued interest thereon) and 12.1% to the estimated fair market value of the Underlying Assets, determined as of February 28, 2011. Loans similar to the Underlying Assets actively trade on a daily basis; therefore, I determined the fair market value of the Underlying Assets based on then-current market data. LCPI regularly

utilizes market data and ensures that loans as recorded on LCPI's books are marked-to-market monthly.

6.      In order to facilitate the termination of the Pine Securitization, LCPI will also purchase the LBHI Notes from LBHI. LCPI will pay LBHI par plus accrued interest for the LBHI Notes. LBHI does not have an immediate need for liquidity and therefore does not have an incentive to sell the LBHI Notes at a discount. The purchase price also takes into account LBHI's release of its security interest in the Class A-2 Notes, Class B Notes and Subordinated Notes held by LCPI. The purchase price to be paid for the LBHI Notes is modest in relation to the benefits that LCPI will obtain from the consummation of the transactions described in the Motion. In addition, the purchase of the LBHI Notes at par plus accrued interest eliminated the need for the affiliated Debtors and their respective creditors to address complicated valuation and intercompany issues.

7.      In my judgment, it is appropriate for LCPI rather than LBHI to purchase the Barclays Notes because LCPI is the owner of the Subordinated Notes issued by Pine, which effectively represent the equity in Pine. Consequently, any recoveries on the Underlying Assets in excess of the amounts due on the Class A-1 Notes would be distributed to LCPI. The acquisition of the Barclays Notes is a means for LCPI to preserve and maximize the value of the Subordinated Notes. In addition, LCPI remains the lender of record for all but two of the loans that are participated to Pine. Therefore, the borrowers on the loans have been making payments and interacting with LCPI and, therefore, the termination of the Pine Securitization will not occasion any disruption in the stream of payments. Moreover, essentially all of the claims filed based on the loans participated to Pine were filed against LCPI. As a result, if LBHI purchased

the Barclays Notes, there would be a significant amount of complicated intercompany transactions that would need to be resolved.

8.  I have concluded, in my business judgment and in consultation with the Lehman commercial loan team, that the purchase price of the Barclays Notes and the LBHI Notes is fair and reasonable, and affords LCPI the opportunity for substantial profit from the cash flows generated by the Underlying Assets.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 8th day of April, 2011.

/s/ David Walsh
David Walsh