Hearing Date: April 13, 2011 at 10:00 a.m. (ET)

QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
Susheel Kirpalani
James C. Tecce
Eric M. Kay
Robert K. Dakis
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Special Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
:
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., et al., : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF DEBTORS' MOTION, PURSUANT TO SECTIONS 105
AND 363 OF THE BANKRUPTCY CODE, FOR AN ORDER APPROVING THE
PURCHASE OF NOTES ISSUED BY PINE CCS, LTD. FROM BARCLAYS BANK PLC
AND THE TERMINATION OF THE PINE SECURITIZATION**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors"), hereby files this statement in support of the Debtors' motion, dated March 23, 2011 [Docket No. 15283] (the "Motion"), pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), seeking entry of an order approving the purchase of notes issued by Pine CCS, Ltd. ("Pine"). In support of the Motion, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Committee has analyzed independently Lehman Commercial Paper Inc.'s ("LCPI") proposed acquisition of the Pine Notes[1] for approximately $809 million (the "Proposed Transaction"). Appreciating the sheer size and significance of the transaction, the Committee concurs with the Debtors that the Proposed Transaction is economically favorable to the estates. The Committee also agrees with LCPI's decision to maximize value by acquiring 100% control of Pine through an acquisition of all of the Pine Notes owned both by Barclays and LBHI followed by an unwind of the Pine securitization. Accordingly, the Committee supports the relief requested in the Motion, considers the Proposed Transaction to be in the best interests of the estates and creditors of LBHI and LCPI, and respectfully requests that the Court approve the Proposed Transaction.

**BACKGROUND**

2. Before commencing its chapter 11 case, LCPI sold participations (the "Participations") in commercial loans (the "Underlying Assets") to Pine, remaining the lender of record. Pine, in turn, issued securities (comprised of both debt instruments and equity interests in Pine) in various classes and priorities secured by those assets and their cash flow (the "Pine Notes").

3. As of the petition date, (i) LBHI (a) owned the Pine Class A-1 Notes in the outstanding amount of $4,089,615.90, including accrued interest (the "LBHI Notes") and (b) had transferred, pursuant to a repurchase agreement, the Pine Class A-1 Notes in the outstanding amount of $927,434,005.19, including accrued interest (the "Barclays Notes"), to Lehman Brothers Inc. ("LBI") and (ii) LCPI owned the Pine Class A-2 Notes, Pine Class B Notes and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

Pine Subordinated Notes.[2] The Barclays Notes ultimately were sold to Barclays Capital Inc. (with its affiliates, "Barclays") in connection with the September 2008 sale of certain assets used in connection with the North American broker-dealer business (the "Barclays Sale Transaction"). The Motion notes that as a result of the foregoing transactions, ownership of the Pine Notes is spread out among LBHI, LCPI and Barclays.

          4.      The Motion seeks (i) approval of LCPI's purchase of the Barclays Notes[3] for a purchase price of $805 million;[4] (ii) approval of LCPI's purchase of the LBHI Notes at par plus accrued interest (i.e., $4,089,615.90); (iii) a release from LBHI of its security interest in the Pine Class A-2 Notes, Pine Class B Notes and Pine Subordinated Notes that LBHI acquired pursuant to the CDA; (iv) the termination of the Pine securitization; and (v) an indemnification of U.S. Bank and the Co-Issuers against any and all liability incurred in connection with the termination of the Pine securitization.

---

[2] Prior to the Commencement Date, LBHI pledged the LBHI Notes to JPMorgan Chase Bank, N.A. ("JPMorgan") to secure certain purported obligations of the Debtors. Pursuant to the Collateral Disposition Agreement ("CDA") entered into with JPMorgan, and approved by the Court on March 24, 2010 [Docket No. 7785], (i) the LBHI Notes were returned to LBHI, and (ii) LBHI acquired a security interest in the Class A-2 Notes, Class B Notes and Subordinated Notes issued by Pine in its capacity as a subrogee to JPMorgan's rights with respect to those notes.

[3] LCPI seeks to purchase the Barclays Notes, from Barclays pursuant to a Note Sale and Termination Agreement (the "Note Sale and Termination Agreement"), among LCPI, LBHI, Barclays, Pine, Pine CCS, Corp. (together with Pine, the "Co-Issuers") and U.S. Bank National Association, as trustee and collateral administrator ("U.S. Bank").

[4] The Motion states that LCPI is presently holding $303 million in respect of payments from the Underlying Assets that it holds on account of the Pine Notes, and Pine (through the collateral trustee) is holding an additional $261 million cash also generated by the Underlying Assets (together, the "Existing Pine Cash"). LCPI will use the Existing Pine Cash to offset the purchase price. The Motion notes that as a result, LCPI will only need to make a cash payment of $241 million (i.e., $805 million in total consideration less $564 million of Existing Pine Cash).

**STATEMENT**

5. The Committee agrees with LBHI and LCPI that consummation of the Purchase Transaction is in the best interests of LBHI and LCPI's estates and represents the sound exercise of their business judgment. The Committee has reached this conclusion for a number of reasons, some of which are identified below.

6. *First*, the Committee, having reviewed the economic aspects of the Proposed Transaction with its financial advisors, has concluded that the transaction is economically advantageous to the estates. As represented in the Motion, LCPI closely analyzed the Barclays Notes and the Underlying Assets and determined that the purchase price for the Barclays Notes, i.e., $805 million, represents a discount of 13.2% to the outstanding amount of the notes (including accrued interest thereon) and 12.1% to the estimated fair market value of the Underlying Assets, determined as of February 28, 2011. (See Declaration of David Walsh in support of this Motion, dated March 23, 2011, ¶ 8). The Committee's financial advisors, having conducted their own analysis of these discounts, agree that the proposed total consideration, approximately $809 million, is fair and reasonable.

7. *Second*, the transaction makes use of the considerable Existing Pine Cash within the structure. After crediting the Existing Pine Cash -- currently held either by LCPI as the lender of record, or by U.S. Bank, as trustee and collateral administrator -- toward the purchase price, LCPI will only have to pay a fraction (approximately $241 million as described in the Motion) of the $809 million purchase price out of its unrestricted cash to acquire all the Barclays Notes.

8.  *Third*, the Committee agrees with LCPI's determination that terminating the Pine securitization is the best means of maximizing the value of the Underlying Assets. With LCPI as the only remaining noteholder, LCPI will be able to more easily manage, administer and maximize the value of the Underlying Assets through any restructuring or sale of those assets.

9.  *Fourth*, in connection with the effectuation of the termination of the Pine securitization, the Debtors seek authority to indemnify U.S. Bank and the Co-Issuers against any liability incurred in connection with the termination of the Pine securitization. After reviewing the Motion, the Committee concurs with the Debtors that the potential obligations assumed in providing the indemnification to U.S. Bank and the Co-Issuers (if any) has been reduced substantially by virtue of LCPI becoming the sole stakeholder and the only party with the right, or the interest to pursue a claim arising out of the Pine securitization.

10. *Fifth*, the Committee notes the proposed order approving the Motion (which has been reviewed by the Committee) contains detailed reservations of rights. The proposed order preserves claims between and among the Lehman estates regarding the ownership of the Pine Notes or otherwise. It also contains reservations of rights relating to the Rule 60(b) litigation concerning the Barclays Sale Transaction.

**CONCLUSION**

11.  In light of the foregoing, the Committee agrees with the Debtors that the Proposed Transaction is in the best interests of the LBHI and LCPI estates and represents the sound exercise of the Debtors' business judgment.  Accordingly, the Committee supports approval of the Motion.


Dated:   New York, New York
         April 8, 2011

                          **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

                          By:   /s James C. Tecce
                          Susheel Kirpalani
                          James C. Tecce
                          Eric M. Kay
                          Robert K. Dakis

                          QUINN EMANUEL URQUHART
                            & SULLIVAN, LLP
                          51 Madison Avenue, 22nd Floor
                          New York, New York 10010

                          *Special Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.*