Hearing Date and Time: April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
:
In re: : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., et al., : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF MOTION OF LEHMAN COMMERCIAL PAPER INC. PURSUANT
TO SECTION 363 OF THE BANKRUPTCY CODE FOR AUTHORITY TO CONSENT
TO ITS NON-DEBTOR AFFILIATE LEHMAN ALI INC. (I) ENTERING INTO
COMMITMENT LETTER WITH INNKEEPERS USA TRUST; (II) SUPPORTING
THE CHAPTER 11 PLAN OF CERTAIN AFFILIATES OF INNKEEPERS USA
TRUST; AND (III) PARTICIPATING IN THE AUCTION FOR
CERTAIN OF THE ASSETS OF INNKEEPERS USA TRUST**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement in support of the Motion of Lehman Commercial Paper Inc. Pursuant to Section 363 of the Bankruptcy Code for Authority to Consent to Its Non-Debtor Affiliate Lehman ALI Inc. (i) Entering into Commitment Letter with Innkeepers USA Trust; (ii) Supporting the Chapter 11 Plan of Certain Affiliates of Innkeepers USA Trust; and (iii) Participating in the Auction for Certain of the Assets of

Innkeepers USA Trust [Docket No. 15259] (the "Motion").[1] In support of the Motion, the Committee respectfully states as follows:

**STATEMENT**

1. After Innkeepers filed for chapter 11 protection on July 19, 2010 (the "Innkeepers Chapter 11 Cases"), Innkeepers and ALI negotiated a Plan Support Agreement, which set forth the terms of a proposed restructuring of Innkeepers. The Committee filed a statement in this Court indicating its lack of objection to such agreement [Docket No. 10771]. Although this Court authorized LCPI to consent to ALI's entry into the Plan Support Agreement, the Plan Support Agreement was ultimately rejected by the judge presiding over the Innkeepers Chapter 11 Cases.

2. Thereafter, the Committee continued to monitor the Debtors' negotiations with Innkeepers and the other major constituencies in the Innkeepers Chapter 11 Cases with respect to a new agreement for a restructuring of Innkeepers, evaluating several iterations of the Commitment Letter prior to its execution. After several months, these negotiations culminated in the Stalking Horse Bid.

3. Having devoted significant resources to monitoring the negotiations that culminated in the deal memorialized in the Commitment Letter, participating in the related proceedings in the Innkeepers Chapter 11 Cases, and evaluating the economics of the proposed transaction, the Committee concurs in the Debtors' view that the Stalking Horse Bid (and the possibility of receiving higher or better competing bids at the auction) represents the best opportunity for maximizing the value of the ALI Mortgage Loan under the circumstances.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4. The Stalking Horse Bid will provide ALI with a substantial amount of New Equity in reorganized Innkeepers and an up-front cash payment. Furthermore, in the event that Innkeepers accepts a higher and better offer, ALI will be paid $200.3 million in cash − the full current value of the ALI Mortgage Loan. Thus, from the Committee's perspective, the Stalking Horse Bid entails a "win-win" proposition. Either the Stalking Horse Bid will prevail, in which event ALI will receive 50% of the New Equity and any accompanying long-term upside potential, or another bid will be deemed to be the highest and best, in which event ALI will receive not less than the current cash value of the ALI Mortgage Loan.

5. The Committee also agrees, for many of the same reasons, that, if an auction takes place, ALI should be allowed to participate in the bidding above the value of the Stalking Horse Bid (including with respect to the seven hotel properties that are not covered by the ALI Mortgage Loan or Five Mile's mortgages) up to a level that is mutually acceptable to the Debtors and the Committee. No publicly stated cap should be imposed on the amount that ALI may bid for the Innkeepers' assets because forcing ALI to publicly acknowledge a cap or limiting ALI to bidding on certain assets would put ALI and the Debtors' estates at a strategic disadvantage in the auction process. Thus, ALI should be able to fully participate in the auction, subject only to the business judgment of LCPI's Board of Directors and the consent of the Committee.

6. Finally, the Committee believes that the reservation of rights with respect to inter-Debtor entitlements contained in the proposed final form of order approving the Motion appropriately protects the interests (if any) of all Debtors with respect to the ALI Mortgage Loan and the Mezzanine Loan. As with all transactions involving the potential interests of more than one Debtor, the Committee has evaluated the Commitment Letter and the Stalking Horse Bid

3

with a view to the best interests of <u>all</u> Debtors. Viewed from this perspective, and taking into account the competing interests of the various third parties with a stake in Innkeepers, the Committee has determined that the Stalking Horse Bid represents the best deal currently available for both LCPI (and its non-Debtor affiliate ALI) and LBHI (as the beneficial owner of the SASCO entity that is the lender under the Mezzanine Loan). In the event this proves not to be the case, the reservation of rights requested by the Ad Hoc Group of Lehman Brothers Creditors, and agreed to by the Debtors and the Committee, will protect whatever rights, if any, LBHI might have with respect to the Loans.

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court grant (i) the relief requested in the Motion; and (ii) such other relief as is just.

Dated: New York, New York
April 10, 2011

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., <u>et al.</u>

4