**Hearing Date and Time: April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                                    :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
:
                                   **Debtors.**              :    **(Jointly Administered)**
:
------------------------------------------------------------------x

### DEBTORS' REPLY IN FURTHER SUPPORT OF THE MOTION TO COMPEL THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS TO COMPLY WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and debtors in possession (together, the "Debtors"), hereby submit their reply to the Limited Objection [Docket No. 15746] (the "Objection") of the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group") and in further support of their Motion to Compel the Ad Hoc Group to Comply with Federal Rule of Bankruptcy Procedure 2019 [Docket No. 15461] (the "Motion") and respectfully represent:

### Preliminary Statement

1.      The Debtors fully support transparency and disclosure. Patently, every plan proponent must be required to fully comply with Rule 2019 and the requirements of section

1125 of the Bankruptcy Code that will enable parties in interest to know and be aware of the economic interests and positions of any plan proponent.  The broad proposal of the Ad Hoc Group that if it is required to comply with Rule 2019 all parties in interest, as identified by it, likewise must comply, while perhaps good policy, is not a defense to the Ad Hoc Group's obligation to meet the requirements of Rule 2019.

2.      Compliance with the disclosure requirements of Rule 2019 by the Ad Hoc Group is mandatory.  The law in this District is clear.  As the Ad Hoc Group itself notes, the primary factor requiring compliance with Rule 2019 is the taking of "collective action" by the creditors, which thereby asks "the court and other parties to give their positions a degree of credibility appropriate to a unified group with large holdings."  *In re Northwest Airlines Corp. et al.*, 363 B.R. 701, 703 (Bankr. S.D.N.Y. 2007) (ALG).  The Ad Hoc Group easily satisfies this standard.  The Ad Hoc Group is a plan proponent.  The Ad Hoc Group has requested approval of its proposed disclosure statement filed in connection with its proposed plan (the "Ad Hoc Plan").[1]  As such, like any plan proponent, the Ad Hoc Group should be held to the highest and broadest level of disclosure so that impaired claimants may make informed judgments as to the Ad Hoc Plan and the actions undertaken by the Ad Hoc Group.

### The Ad Hoc Group Should Be Directed To Comply With Rule 2019

3.      The decisions within this District have construed Rule 2019 and correctly compelled disclosure from ad hoc committees similar to the Ad Hoc Group in circumstances remarkably like those at bar.  *See Northwest*, 363 B.R. at 703 (requiring an ad hoc committee of approximately a dozen equity security holders that "actively litigated" in the case and reported

---

[1] *See* Joint Substantively Consolidating Chapter 11 Plan Proposed by the Ad Hoc Group, filed Dec. 15, 2010 [Docket No. 13504] and related disclosure statement [Docket No. 14151]; Motion of the Ad Hoc Group to Schedule a Disclosure Statement Hearing and for Approval of the Disclosure Statement to the Ad Hoc Plan, filed Mar. 29, 2011 [Docket No. 15431].

holding 16,195,200 shares of common stock in the debtors and aggregate claims against the debtors of $164.7 million, some of which were acquired postpetition, to comply with the requirements of Rule 2019); *In re Motors Liquidation Co. et al., f/k/a General Motors Corp., et al.*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y.) [Docket No. 9403, filed Feb. 23, 2011; Docket No. 9673, filed Mar. 8, 2011] (requiring an ad hoc group of a dozen noteholders holding approximately £87 million of notes in principal amount, which were traded postpetition, to comply with the requirements of Rule 2019, after such group joined an objection to a proposed chapter 11 plan); *In re Chrysler, LLC, et al.*, Case No. 09-50002 (AJG) (Bankr. S.D.N.Y.) [Docket No. 379, filed May 6, 2009] (requiring a group of nine lenders holding approximately $295 million in claims and interests to comply with the requirements of Rule 2019).  Indeed, the Ad Hoc Group itself recognizes—as it must—the law of this District is clear.  *See* Objection ¶ 20.  In a vain attempt to avoid its responsibilities as a plan proponent and a de facto committee, the Ad Hoc Group seeks to rely on highly technical distinctions and decisions outside this District.  Its reasoning elevates form over substance and should be rejected.

4.    The Ad Hoc Group cannot seriously contend that it does not purport to convey the "credibility appropriate to a unified group with large holdings" by its joint action and participation in these cases.  The Ad Hoc Group has filed an alternative chapter 11 plan.  By the very terms of its proposed plan, the Ad Hoc Group seeks to exercise duties on behalf of all parties in interest, including election of the board of directors of the Debtors following the effective date of the plan, administration of the claims process, and negotiation and other responsibilities for the resolution of disputes with the Debtors' foreign affiliates.  Specifically, the Ad Hoc Plan provides the following:

> ▪ "As of the Effective Date, the existing Board of Directors shall be terminated and a new Board of Directors shall be selected consisting of 7

members, at least 3 of which shall be appointed by the <u>Plan Proponents</u> [the members of the Ad Hoc Group]." Ad Hoc Plan at § 10.3(a).

- "[A]ll Third-Party Guarantee Claims . . . shall be deemed Disputed Claims and not entitled to Distributions under the Plan unless and until (a) each Debtor and Debtor-Controlled Entity with a Claim against the applicable Primary Obligor has received all distributions on account of such Claim to the extent enforceable as determined by the Bankruptcy Court without subordination, reduction or offset of any kind unless otherwise agreed to by the <u>Plan Proponents</u>. . ." Ad Hoc Plan at § 4.8(c).

- "[T]he Designated Non-Debtor Affiliate Intercompany Claims in such Class and the Debtor Consolidated Claims against such holder shall be Allowed in an aggregate amount as agreed to by the <u>Plan Proponents</u> and the holder of the Allowed Designated Non-Debtor Affiliate Intercompany Claim. . ." Ad Hoc Plan at § 4.12(b).

Under such circumstances, it is critical that the Ad Hoc Group comply with the requirements of Rule 2019 and the requirements of section 1125 of the Bankruptcy Code.

5.      Full compliance with the requirements of Rule 2019 is mandatory and should be compelled as integral to the necessary transparency and integrity of the Debtors' cases and their administration. While the Ad Hoc Group has shared some information with the Debtors on a confidential basis, that does not inform the Court and other parties in interest of the Ad Hoc Group's economic interests that illuminate the bases for positions taken or to be taken by the Ad Hoc Group and so inform parties in interest to act accordingly. The active participation by the Ad Hoc Group in these cases mandates that the Motion should be granted.

6.      It is necessary that the Ad Hoc Group disclose other material information required by Rule 2019. The Ad Hoc Group's piecemeal and inadequate disclosure does not satisfy the requirements of Rule 2019. The Ad Hoc Group must be directed to comply with Rule 2019 or be barred from further participation in these cases.

WHEREFORE the Debtors respectfully request that the Motion be granted and the Debtors be granted such other relief as is just.

Dated: April 11, 2011
New York, New York

/s/ Harvey R. Miller
Harvey R. Miller

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession