WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
: 
**In re**                                                          :    Chapter 11
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**                         :    Case No. 08-13555 (JMP)
                                                                   :
                        **Debtors.**                               :    (Jointly Administered)
                                                                   :
-------------------------------------------------------------------x

## DECLARATION OF JEFFREY FITTS IN SUPPORT OF MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 FOR AUTHORIZATION TO MAKE ADDITIONAL INVESTMENTS WITH RESPECT TO 25 AND 45 BROAD STREET

Pursuant to 28 U.S.C. § 1746, I, Jeffrey Fitts, declare:

1. I am a Managing Director with Alvarez & Marsal Real Estate Advisory Services ("A&M"). I submit this declaration (the "Declaration") in support of the *Motion of Lehman Brothers Holdings Inc. Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 for Authorization to Make Additional Investments With Respect to 25 and 45 Broad Street* [Docket No. 15257] (the "Motion")[1] filed in the above-referenced chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors in possession (together, the "Debtors" and collectively with their non-debtor affiliates, "Lehman").

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2.      I have more than 19 years of experience in assisting insolvent and troubled companies, with a focus on operational and financial restructuring efforts.  Prior to joining A&M, I was a Managing Director with GE Commercial Finance ("GE"), where I led GE's Distressed Debt and Alternative Investment Group and managed complex distressed credits.  Before joining GE, I was with the Corporate Workout Division (IRM) of Citicorp, where I spent three years managing investment grade and middle market corporate workouts.  I began my career in 1990 as a workout officer and, later, an asset manager with Citicorp Real Estate, where I managed more than $1 billion of office, retail, and industrial projects.  I received a bachelor's degree from the University of Delaware in 1988.

3.      I was assigned to the representation of Lehman in September 2008.  I currently serve as the Co-Head of Lehman's real estate group (the "Real Estate Group").  My primary responsibility as Co-Head of the Real Estate Group is day-to-day management and oversight of Lehman's real estate portfolio, including management and oversight of the real estate, real estate finance and related activities that are the subject of the Motion and this Declaration.  As Co-Head of the Real Estate Group, I oversee a number of Lehman employees who have been actively involved in finalizing the terms of the transactions described in this Declaration and in the Motion.

4.      It is my business judgment that the Additional Investments in 25 Broad Street and 45 Broad Street of up to $25.1 million in the aggregate are in the best interests of LBHI and its estate.  The Additional Investments are necessary (i) to complete construction at 25 Broad Street, including completion of the demolition of a deteriorating portion of the existing structure to ensure safe conditions at the premises; (ii) to cover the operating expenses of the 25 Broad Street and 45 Broad Street; and (iii) to transfer related development rights from 25 Broad Street to 45 Broad Street, which, without such transfer, cannot be developed in an economically efficient manner.  The Additional Investments will help enable LBHI to maximize the value of its existing investment in 25

Broad Street and 45 Broad Street and, concomitantly, recoveries for its estate by enhancing the recovery on the financings provided to the properties.

**The Loans and Other Prior Advances**

5.  Beginning in 2006, LBHI originated a series of senior and mezzanine loans with respect to 25 Broad Street and 45 Broad Street having an aggregate outstanding balance of approximately $472.3 million. To protect this investment and enhance the value of the collateral securing LBHI's loans with respect to the properties, as of March 22, 2011, LBHI made prior advances in the aggregate amount of approximately $39.9 million in addition to the amounts funded under the loans since January 2009. These amounts have been used to finance, among other things, repairs to ensure safety at 25 Broad Street, the partial façade restoration of the property, and replacement of its cooling tower and heat pumps. Specifically, between January 1, 2009 through and including November 20, 2009, LBHI made protective advances with respect to the properties in the aggregate amount of approximately $4.2 million. From November 20, 2009 through and including December 31, 2010, LBHI made advances in the aggregate amount of approximately $21.4 million. Between January 1, 2011 through and including March 22, 2011, LBHI made advances in the aggregate amount of approximately $12.4 million, in each case, upon obtaining consent from the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases. The advances made during 2011 include approximately $9.9 million transferred by LBHI to an escrow account to provide Thomas Gagliano, the state court appointed receiver for 25 Broad Street, with assurance that adequate funds are available to ensure the continued safety of conditions at 25 Broad Street.

**The Need for Additional Investments in 25 Broad Street**

6.  LBHI has identified several crucial projects requiring additional capital to prepare 25 Broad Street for occupancy and thereby maximize the value of its existing investment. To that end, 25 Broad Street requires, among other things, (i) the completion of apartment unit renovations, (ii) the completion of demolition of its south wing, (iii) a re-design of certain outdoor

tenant amenity space to comply with the regulations of the Department of Buildings, and (iv) the payment of operating expenses until the project is able to generate sufficient revenue to cover costs. Central to maximizing the value of 25 Broad Street and allowing the property to generate sufficient cash to cover its operating costs is the completion of renovation of apartment units to prepare them for occupancy. LBHI expects that the direct construction cost of completing apartment unit renovations will be approximately $5.3 million.

7. Of primary importance to protecting and maximizing the value of the properties is the completion of the demolition of 25 Broad Street's south wing. The existing south wing structure was substantially demolished prior to the default under the loans provided by LBHI with respect to the property. However, the demolition is not complete, leaving a structure that is beyond restoration and, currently, is deteriorating. These conditions must be addressed by LBHI to ensure the continued safety of the premises at 25 Broad Street. The 25 Broad Receiver, who is party to all work contracts relating to 25 Broad Street, has demanded that LBHI provide assurances that adequate funds be available to complete the demolition of the South Wing prior to his execution of any work contract. On February 4, 2011, Thomas Gagliano, the state court appointed receiver for 25 Broad Street, sent a letter to LBHI in which he threatens to request that the City of New York effectuate repairs to the south wing if LBHI does not provide assurances that funding available to ameliorate hazardous conditions at the premises. Repairs by the City of New York may cost significantly more than what a private owner would pay through its own contractor. In order to provide Mr. Gagliano with assurance that funds were available to address the concerns expressed in his letter to LBHI, on February 24, 2011, LBHI transferred approximately $9.9 million into an escrow account. LBHI and Mr. Gagliano are currently receiving bids for the work from the various contractors, and portions of the escrowed funds will be released as necessary upon Mr. Gagliano's execution of a work contract and paid to the applicable contract counterparty or counterparties in accordance with the terms thereunder. Absent immediate amelioration of the hazards posed by the

south wing, there is a risk that the Department of Buildings would take action, causing LBHI to face further costs and delays in connection with construction at the properties. Accordingly, LBHI seeks to finance the completion of the demolition to remediate the current state of 25 Broad Street and allow for the efficient completion of construction. The demolition of the south wing is also necessary to complete a transfer of development rights from 25 Broad Street to 45 Broad Street, which, without the transfer, cannot be developed in an economically efficient manner given that the transferred development rights are currently beneath the South Wing. LBHI estimates that the total direct demolition costs for the South Wing will cost an additional approximately $10.2 million, including the $9.9 million of funds escrowed by LBHI on February 24, 2011.

8. Additionally, in order to ultimately receive a certificate of occupancy from the Department of Buildings for 25 Broad Street, the building's rooftop amenity space, which is currently located on the substantially demolished south wing, must be relocated to a location within the remaining portion of 25 Broad Street. LBHI estimates that the total direct construction costs for the relocation will be approximately $1.9 million.

9. LBHI expects that the completion of the restoration of 25 Broad Street's façade, a mandatory component of the renovation of the building, will cost approximately $1.5 million. The restoration of the façade of 25 Broad Street is expected to cause the building to become compliant with the requirements of the New York City Landmarks Preservation Commission and certain additional requirements of the New York City Building Code. LBHI estimates that the <u>total</u> cost of completing construction of 25 Broad Street, including renovation of apartment units, relocation of the Amenity Space, completion of the restoration of the façade, the $1.3 million in unfunded costs to complete of the demolition of the South Wing, and certain additional costs, such as architectural and engineering expenses, overhead, insurance and other fees, will be approximately $15.5 million. Pending the occupancy and leasing of 25 Broad Street to the point sufficient to

provide cash flow to cover operation of the building, LBHI estimates operating costs will amount to an additional $6.2 million.

**The Need for Additional Investments in 45 Broad Street**

10. With respect to 45 Broad Street, the current lot does not allow for an economically efficient building to be constructed due to its current size and density. To maximize the value of 45 Broad Street, LBHI wishes to complete the development rights transfer, which will allow for a more feasible development of 45 Broad Street as a result of the transfer of development rights from the south wing. Pursuant to the construction application filed with the Department of Buildings, in order to allow for the development rights transfer, there must be simultaneous filings of plans to demolish the south wing, to construct a new building at 45 Broad Street, and to subdivide and transfer the portion of the 25 Broad Street parcel underlying the South Wing to the parcel of 45 Broad Street. To meet the requirement that a new building be constructed at 45 Broad Street in a cost-effective, efficient manner, LBHI may need to construct a one-story structure at 45 Broad Street. LBHI expects that the cost of constructing the one-story structure is approximately $2.5 million; however, such costs may not need to be fully expended, depending on the specific construction requirements imposed by the Department of Buildings.

**Other Additional Investments**

11. In addition, LBHI expects to contribute approximately $226,000 as part of a proposed agreement with the owner of a property located between 25 Broad Street and 45 Broad Street. Pursuant to such agreement, the adjacent landowner would grant the receiver for each of the properties necessary access to complete the required demolition of the South Wing and construction at each of the Properties. Given the expected cost of construction at 45 Broad Street of $2.5 million, the $15.5 million estimated cost of construction at 25 Broad Street, and the $6.2 million cost of projected operating shortfalls at 25 Broad Street, taking into account potential cost overruns and

certain additional costs, LBHI expects to provide Additional Investments of no greater than an additional $25.1 million in the aggregate with respect to the Properties.

**Internal Approval**

12. After analyzing various alternatives with the help of the Real Estate Group, I have determined that the Additional Investments provide the best framework for continuing to protect and maximize the value of 25 Broad Street and 45 Broad Street, thereby preserving and increasing the prospects of a recovery with respect to LBHI's existing loans and investments in the properties. In connection with obtaining the requisite internal approvals at Lehman, as is customary, employees of LAMCO prepared an extensive memorandum outlining the Additional Investments in 25 Broad Street and 45 Broad Street, their terms, and the Real Estate Group's recommendation for approval thereof. Following an extensive review and comment period, the Additional Investments were approved by the Real Estate Group's Investment Committee.

13. As Co-Head of the Real Estate Group, I have concluded, in my considered business judgment and based on my review of pertinent documents and discussions with my colleagues involved with the operation of 25 Broad Street and 45 Broad Street, that the New Investments are in the best interests of LBHI and its estate.

[*The remainder of this page is intentionally left blank*]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 11th day of April, 2011.

/s/ Jeffrey Fitts
Jeffrey Fitts