## Exhibit A

**Transcript of Ruling in *In re New World Pasta***

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
. . . . . . . . . . . . . . . .
IN RE:                           . Joint Administration
                                 . Requested
NEW WORLD PASTA COMPANY,         .
PASTA ACQUISITION CORP.,         . Chapter 11
THE PRINCE COMPANY, INC.,        .
RONZONI FOODS INTERNATIONAL,     . Case No. 1-04-02817
CORPORATION and NWP DELAWARE,    .
LLC,                             .
         Debtors                 .
. . . . . . . . . . . . . . . .
```

## TRANSCRIPT OF RULING

```
    Before:  HON. MARY D. FRANCE

    Date  :  October 1, 2004, 10:00 a.m.

    Place :  Federal Building
             Third Floor,
             Harrisburg, Pennsylvania

    By    :  Susan L. Petrilla, Notary Public
             Registered Professional Reporter
```

APPEARANCES:

```
    KIRKLAND & ELLIS, LLP
    By:  MATTHEW N. KLEIMAN, ESQ.
         YOSEF J. RIEMER, ESQ.
         - and -
    SAUL EWING, LLP
    By:  ROBERT J. BEIN, ESQ.
         - and -
    NEW WORLD PASTA
    By:  CARY ALAN METZ, VICE-PRESIDENT and
                         GENERAL COUNSEL
         For - Debtors
```

2

APPEARANCES:    (Continued)

    FRIED, FRANK, HARRIS, SHRIVER & JACOBSON
    By:   BONNIE STEINGART, ESQ.

        For - Unofficial Committee of Unsecured
            Creditors

    BLANK ROME, LLP
    By:   MARK J. PACKEL, ESQ.

        For - Unofficial Committee of Unsesured
            Creditors

    UNITED STATES TRUSTEE'S OFFICE
    By:   GREGORY LYONS, ESQ.

        For - U.S. Trustee

    SIDLEY AUSTIN BROWN & WOOD, LLP
    By:   LARRY J. NYHAN, ESQ.
        - and -
    WOLF BLOCK
    By:   DINO A. ROSS, ESQ.

        For - Prepetition Senior Agent

    SIMPSON THACHER & BARTLETT, LLP
    By:   PETER V. PANTALEO, ESQ.
        ROBERT TRUST, ESQ.

        For - JLL

    MCNEES WALLACE & NURICK, LLC
    By:   CLAYTON W. DAVIDSON, ESQ.

        For - Miller Milling Company

3

1       THE COURT: Okay, thank you. This is a
2  difficult issue, because I know there's certainly
3  other statutory deadlines that are, I wouldn't say
4  routinely ignored, but have been ignored. One that
5  comes to mind for me under 521, the deadlines that are
6  set when a consumer debtor files, their intention to
7  redeem or reaffirm property. And I know that as a
8  matter of fact, we routinely get those beyond that
9  time period. I guess the problem is that if the
10 parties don't object to the late filing, that never
11 comes to the court's attention, and so there becomes a
12 practice that develops that that is an acceptable way
13 to manage a practice and that the other parties will
14 not be objecting, so it never comes to the court.
15      But, unfortunately, I am dealing with a
16 situation here where now I have three objections to
17 the extension of exclusivity. And as I read 1121 and
18 9006, I am compelled to agree with the objectants that
19 I do not have the authority to extend that time
20 period. I think it's fairly clear and I think
21 Crescent is wrongly decided. I don't know if it was
22 this squarely before the court, as the debtor
23 believes. So I must deny the motion.
24      On the other hand, I share many of the
25 concerns that the debtor has articulated about what

4

1  the expiration of exclusivity might do to the
2  management of this case going forward.  And I do
3  believe that I have the ability to control my calendar
4  and the ability to set time parameters in which
5  matters will be heard, not only that will facilitate
6  the administration of this case, but will ensure that
7  I am able to adequately address the various plans that
8  come before the court.
9            So I realize that this suggestion that's
10 been offered by the debtors is one that would not
11 necessarily have been anticipated -- I did not
12 anticipate it -- and I'm not really prepared to rule
13 on it, because I have to balance this suggested
14 procedure with the rights of other parties to file
15 competing plans.  In my consideration of the
16 suggestion that we set up sort of a scheduling
17 procedure, and my understanding is that before a plan
18 could be filed, you're suggesting, Mr. Riemer, that
19 the party would first have to file a motion to
20 indicate that they're going to file a plan, I'd have
21 to say at this point I have some reservations about
22 that per se, because then do I have to pre-judge the
23 plan and its merits?  So I guess what would that mean,
24 what would a hearing on that motion requesting a
25 filing of a plan mean?  What would I be looking at?

5

1   Am I judging this as basically harassment?  Does it
2   have to rise to something more as a bona fide plan?
3   How do I evaluate that?
4           I'm willing to consider a process, but I
5   refuse to make this a de facto extension of
6   exclusivity.  There has to be more of an equal playing
7   field for all of the parties.  My suggestion -- I
8   don't know that and I would hope that none of the
9   objectants or other parties are going to run out
10  within the next two weeks, three weeks, and file a
11  plan.  I would propose that the debtor file a more
12  formal motion on this and that it be heard on the
13  22nd, and that the other parties be given an
14  opportunity to respond to that before that date so
15  that I can hear it on October 22nd.
16          Since this is not an issue I expect to
17  necessarily set a deadline on, if there are concerns
18  about that from either side, I'm willing to listen to
19  those now.
20          MR. RIEMER:  Your Honor, we have no problem
21  with that.  I guess the only thing I'd ask -- and this
22  is more in an abundance of caution -- in the interim,
23  if somebody does intend to file a plan, we would like
24  to have some notice before they would do it, just so
25  we would have some notice.  I can't imagine that's

6

1   going to happen in the next three weeks, but I would
2   just ask that as a courtesy of the other parties and
3   hope that they would do it. And I think briefing at
4   this time for the 22nd makes a lot of sense.
5               THE COURT: Do any of the other parties
6   intend to file a plan within the next three weeks?
7               MR. NYHAN: I can assure the court that the
8   senior prepetition lenders do not.
9               MS. STEINGART: The question that I have,
10  your Honor, really is, given the scheduling order
11  that's been entered in this case, there's not enough
12  time for this motion to be made and for us to respond.
13  If I had some sense of when we would be getting the
14  motion by the debtor, considering now because we're
15  scheduled for the 22nd. Today's the 1st, so, you
16  know, I think that we're going to have to agree on a
17  schedule to be sure that your Honor gets it for next
18  time, if it's going to be for next time, and that all
19  parties have an opportunity to evaluate the proposal
20  being made by the debtor.
21              THE COURT: Well, if this isn't done
22  promptly, there's going to be no point to it. So
23  that's why I think I need to get this on as quickly as
24  possible and resolve that and get it behind us. We'll
25  either be going forward with parties filing plans at

7

1   any particular time that they decide or we'll have a
2   process in place by which we'll have a preliminary
3   examination of the plans before they are scheduled for
4   hearing.  So it seems to me that this motion, you
5   should be able to get that filed next week sometime
6   and served by fax.
7           MR. RIEMER:  I was going to suggest next
8   Friday and they would have until the week of the
9   hearing to file something.  We'd like to have it a
10  little before the hearing -- I'm sure the court would,
11  too -- but we can do that by next Friday, fax it.
12          THE COURT:  Well, I suggest that you have
13  the motion filed -- and I'm going to put some pressure
14  on you to get this done -- but have the motion filed
15  by the 6th.  And then I would expect response to be
16  filed by the 20th.
17          MS. STEINGART:  By the 20th, yes, your
18  Honor.
19          THE COURT:  The 20th.  In addition to
20  whatever motion -- I think if you have any supporting
21  authority, you normally seem to submit those in your
22  motion anyway -- I would appreciate that.  Okay?  And
23  then I'll expect to decide that then so we can move
24  forward.  Thank you.
25          (The proceedings adjourned at 11:09 a.m.)

*FILIUS & McLUCAS REPORTING SERVICE, INC.*
*Harrisburg 717-236-0623  York 717-845-6418  PA 1-800-233-9327*

8

C E R T I F I C A T I O N

I hereby certify that the proceedings and evidence are contained fully and accurately in the notes taken by me on the within proceedings, and that this copy is a correct transcript of the same.

Dated in New Cumberland, Pennsylvania this 4th day of October, 2004.

*[Signature]*
Susan L. Petrilla, Notary Public
Registered Professional Reporter

(The foregoing certification of this
transcript does not apply to any reproduction
of the same by any means unless under the
direct control and/or supervision of the
certifying control and/or supervision of the
certifying reporter.)

# LAWYER'S NOTES

| PAGE | LINE | |
|------|------|--|
|      |      |  |