B 210A (Form 210A) (12/09)

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    Case No. **08-13555**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**ILLIQUIDX LTD**                          **Itas Assicurazioni SpA**
Name of Transferee                         Name of Transferor


Name and Address where notices to transferee      Court Claim # (if known): **35551**
should be sent:                                    Total Amount of Claim Filed:
                                                   USD $ 1,458,688.55
                                                   Amount of Claim Transferred:
                                                   USD $ 1,458,688.55 (100% of claim amount)
**Celestino Amore**                                ISIN/CUSIP: 100% of XS0163559841
**Managing Director**                              Date Claim Filed: September 30, 2009
**Illiquidx Ltd**
**80 Fleet Street**
**London EC4Y 1EL, UK**
**Phone: +44 207 832 0181**
**Email: amore@illiquidx.com**


Name and Address where transferee payments
should be sent (if different from above):

 


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date:  April 11, 2011
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    **Case No. 08-13555**

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. **35551** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on ..................

**Itas Assicurazioni SpA**                    **ILLIQUIDX LTD**
Name of Alleged Transferor                    Name of Transferee

Address of Alleged Transferor:                Address of Transferee:

**Itas Assicurazioni SpA**                    **Illiquidx Ltd**
**Via Mantova, 67**                           **80 Fleet Street**
**38122 Trento**                              **London EC4Y 1EL**
**Italy**                                     **United Kingdom**

~~DEADLINE TO OBJECT TO TRANSFER~~
The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:      **THE DEBTOR AND THE BANKRUPTCY COURT**

1.       For value received, the adequacy and sufficiency of which are hereby acknowledged, Itas Assicurazioni SpA ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Illiquidx Ltd. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 35551 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which the Transfer Relates") attached hereto.

2.       Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) up to the execution date of the present Agreement and Evidence of Transfer of Claim there have been no objections filed or threatened against Seller in respect of the Transferred Claim; and (h) up to the execution date of the present Agreement and Evidence of Transfer of Claim neither the Transferred Claim nor any portion thereof is subject to any claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance, or subordination and up to the execution date of the present Agreement and Evidence of Transfer of Claim Seller has not received any notice that the Transferred Claim is void or voidable or subject to any disallowance, reduction, impairment or objection of any kind.

3.       Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claim, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim.

Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      This Agreement and Evidence of Transfer of Claim is subject to successful completion by the Purchaser on the date hereof of an on-sale by the Purchaser of the Transferred Claims and the Purchased Securities (the "Subsequent Sale") to be executed with a third party purchaser ("Subsequent Purchaser"). In the event that such Subsequent Purchase is not successfully completed on the date hereof (including receipt by the Purchaser from the Subsequent Purchaser of the full purchase price for such Subsequent Purchase for value on the date hereof), the Transferred Claims and the Purchased Securities shall be returned to the Seller and the purchase obligations of the Purchaser (including, without limitation, any obligation to pay purchase price) under this Agreement and Evidence of Transfer of Claim shall be cancelled accordingly.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 7th day of April 2011.

Itas Assicurazioni SpA                          Illiquidx Ltd
Via Mantova, 67                                 80 Fleet Street
38122 Trento                                    London, EC4Y 1EL
ITALY                                           UNITED KINGDOM
By:                                             By:
Name:                                           Name: Celestino Amore
Title:     C.F.O                                Title: Managing Director

Schedule 1

Transferred Claim

**Purchased Claim**

100% of US$ 1,458,688.55 (the outstanding amount of ISIN/CUSIP XS0163559841 as described in the Proof of Claim as of 7th April, 2011) which is the equivalent of US$ 1,458,688.55, plus all accrued interest, fees and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| Description of Securities | ISIN | Issuer | Guarantor | Maturity | Nominal Amount Being Transferred to Purchaser | Currency | U.S. $ amount claimed in Proof of Claim 35551 with respect to Lehman Programs Securities to which Transfer Relates |
|---|---|---|---|---|---|---|---|
| Issue of EUR37,842,000 Inflation-Linked Notes due March 2011 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $15,000,000,000 Euro Medium-Term Note Program | XS0163559841 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 14th of March 2011 | 100% of the ISIN/CUSIP XS0163559841 under the Proof of Claim 35551, which is EUR1,000,000 plus all accrued interest, fees and recoveries due. | EUR | EUR1,000,000 Notional Amount plus EUR19,349.09 of Accrued Interest = EUR1,019,349.09 (US$ 1,458,688.55 using an exchange rate of EUR/USD = 1.431), plus all accrued interest, fees and recoveries due. |

*United States Bankruptcy Court/Southern District of New York*

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**LEHMAN SECURITIES PROGRAMS
PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000035551

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

Note: This form may not be used to file claims other than those based on
Lehman Programs Securities as listed on http://www.lehman-docket.com
as of July 17, 2009

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Itas Assicurazioni SpA            Simmons & Simmons<br>Via Mantova, 67               Via di San Basilio 72<br>38100 Trento Italy             00187 Rome Italy<br>Attn: Mr. Alessandro Tedoldi     Attn: Mr. Andrea Suriano<br><br>Tel. No. +39 06 80 955 925       Email Address: andrea.suriano@simmons-simmons.com | Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above)<br>Itas Assicurazioni SpA<br>Via Mantova, 67<br>38100 Trento Italy<br>Attn: Mr. Alessandro Tedoldi | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $1,458,688.55    See Attached Rider

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0163559841    See Attached Rider

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and/or other depository blocking reference number: CA86018    See Attached Rider

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholder's Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: 11037    See Attached Rider

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>Trento,<br>21 ott 2009 | Signature: ITAS ASSICURAZIONI SPA<br>IL PRESIDENTE - DR. PAOLO MAREGA | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br>SEP 30 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                                              :

In re:                                       :           Chapter 11
                                                  :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :           Case No. 08-01355 (JMP)
                                                  :

                    Debtors.               :           (Jointly Administered)

------------------------------------------------------ x

### RIDER TO PROOF OF CLAIM OF
### ITAS ASSICURAZIONI SPA

         Itas Assicurazioni SpA (the "Claimant") files this proof of claim (the "Proof of Claim") against Lehman Brothers Holdings Inc. (the "Debtor" or "LBHI") in connection with the following:

            1.       On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

            2.       Claimant holds the following notes issued by Lehman Brothers Treasury Co. B.V. and guaranteed by LBHI: Eur 50,000,000 Euro Inflation Linked Notes due March 2011 Under the U.S. $15,000,000,000 Euro Medium-Term Note Program (ISIN XS0163559841) (the "Notes"). The Notes are held in book entry form.

            3.       As of the Petition Date, the Debtor is indebted to the Claimant in the aggregate amount of $1,458,688.55 for amounts[1] due and owing under the Notes, as follows:

| ISIN | Blocking # | Clearstream Bank Acct. # | Principal Due | Interest Due | Total Due |
|------|-----------|--------------------------|---------------|--------------|-----------|
| XS0163559841 | CA86018 | 11037 | $1,431,000.00 | $27,688.55 | $1,458,688.55 |

---

[1] The US Dollar amounts were determined using the exchange rate on the Petition Date of Euro 1 = $1.431.

4.    In addition, the Claimant asserts a claim for all other amounts payable under the Notes, including, but not limited to, fees and expenses of counsel; indemnification costs; other costs; contract damages arising from misrepresentations, defaults, and breaches of representations, warranties, and covenants; default rate interest; plus any and all other fees, expenses, charges, or amounts whether arising under federal or state law or under principles of equity or otherwise.

5.    Claimant reserves the right to amend this Proof of Claim or this Rider as necessary or appropriate to amend, revise, increase, correct or state with greater specificity the amount, priority and/or details of the claims set forth herein and/or to include any and all other claims that Claimant may now have or may have in the future against the Debtor arising under, related to or in connection with the matters referred to herein, including without limitation the right: (i) to seek allowance of post-Petition Date interest; (ii) to supplement this Proof of Claim with additional information or supporting documentation and (iii) to seek such appropriate relief as may be required in connection with any of the claims described herein.  Nothing contained herein shall be deemed a waiver of any rights, claims or defenses that Claimant has or may have.

6.    The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2),

2

and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in these cases against or otherwise involving Claimant; (g) an admission that any property received by the Claimant, or held by the Debtor or any person or entity, constitutes property of the Debtor's estate; (h) an election of remedies; or (i) a waiver of any past, present, or future defaults (or events of default) by the Debtor in connection with the Notes or otherwise.  This Proof of Claim is made without prejudice to the filing by the Claimant of proofs of claim in respect of any other indebtedness, obligations, or liability whatsoever of the Debtor to the Claimant.

3

