Hearing Date: April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)

James B. Kobak, Jr.
David W. Wiltenburg
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>                  Debtors. | Case No. 08-13555 (JMP)<br>(Jointly Administered) |

**STATEMENT OF THE SIPA TRUSTEE REGARDING DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ESTABLISH AND IMPLEMENT PROCEDURES IN CONNECTION WITH <u>DISCOVERY RELATED TO PLAN CONFIRMATION</u>**

James W. Giddens (the "Trustee"), as Trustee for the SIPA liquidation of Lehman

Brothers Inc. ("LBI"), by and through his undersigned counsel, respectfully submits this

statement regarding the Motion Pursuant to Section 105 of the Bankruptcy Code and Rule 7026

of the Federal Rules of Bankruptcy Procedure for Authorization to Establish and Implement

Procedures in Connection with Discovery Related to Plan Confirmation, dated March 8, 2011

(Docket No. 14867, the "<u>Original Filing</u>"), as revised by the Debtors' proposed Amended Order

Establishing Schedule and Procedures in Connection with Discovery Related to Plan

Confirmation and Other Issues, dated March 31, 2011 (Docket No. 15539, the "<u>Interim Order</u>")

and the Debtors' proposed Second Amended Order Establishing Schedule and Procedures in Connection with Discovery Related to Plan Confirmation and Other Issues, dated April 6, 2011 (Docket No. 15682, the "Modified Order", and together with the Original Filing, and the Interim Order, the "Motion").[1]  In support of his Statement, the Trustee respectfully states as follows:

1. The Trustee does not object to entry of the Modified Order in its current form.

2. This Statement is to address one of the objections to the Modified Order asserted by the Newport Funds (collectively, "Newport") in its Objection dated April 7, 2011 (the "Newport Objection," Docket No. 15731).  Newport is a frequent source of both formal and informal discovery requests and other motion practice in the SIPA Proceeding, and the Newport Objection consists of fourteen bullet points which object to a broad spectrum of provisions in the Modified Order (see Newport Objection at 4-5).  We understand that the Debtors will be responding to issues raised in the first thirteen of these points.

3. However, Newport's fourteenth bullet point takes issue with paragraph 6(m) of the Modified Order, which aims to prevent duplicative discovery where information is technically in the "possession, custody or control" both of the Debtors and of the LBI Estate.[2] This situation is common, as the Debtors and LBI shared information systems and document repositories, and these parties have incurred significant challenges and administrative costs to

---

1. Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

2. Paragraph 6(m) of the Modified Order provides that "[N]otwithstanding anything in this Order to the contrary, to the extent Participants seek discovery of documents that are in the possession, custody, or control of the Debtors and the SIPA Trustee, the Participants shall direct such Documents Requests to the Debtors."

obtain continuing access (albeit imperfect) to these documents and information.[3] To avoid the risk that the Trustee will be required to search for and produce documents related to Plan Issues that are equally available to the Debtors, and in keeping with the spirit of the Modified Order to encourage coordination of discovery and avoid duplication, Paragraph 6(m) sensibly provides that "Participants shall direct such Document Requests to the Debtors." Paragraph 6(m) also serves as a further safeguard against using discovery ostensibly directed to Plan Issues as a back door method for obtaining discovery for different purposes for the separate SIPA proceeding.

        4.      Indeed, even without the unusual burdens and costs that continue to affect the Trustee's access to information, no purpose would served by Newport's current request that it be permitted to propound discovery on the Trustee as to documents that are also in the possession, custody, or control of the Debtors. This request would only add to the burdens on both the Debtors and the LBI Estate with no discernable benefit. Discovery of information in the possession or control of the Debtors relevant to Plan Issues and intended to be used to support or oppose the Debtors' Plan or Alternative Plans ought to be sought once, and sought from the Debtors, not from the Trustee administering a separate liquidation. Accordingly, Newport's proposal to strike Paragraph 6(m) of the Modified Order should be rejected.

---

3. As the Court is aware, upon the transaction with Barclays at the outset of the SIPA proceeding, the LBI information systems passed to Barclays as did all LBI employees having knowledge of its operation. Although substantial and continuing efforts have been made to alleviate this situation, the fact remains that the Trustee's costs associated with information access, whether involving Barclays or the Estate's professionals, continues to represent a significant administrative cost of the LBI Estate. *See e.g.*, Stipulation and Agreed Order with Respect to Access Amendment to Transition Services Agreements (LBI Docket No. 4130).

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that this Court: (i) deny the relief requested in the Newport Objection; and (ii) grant such other and further relief as this Court may deem just or proper.

Dated:  New York, New York
        April 11, 2011                            Respectfully submitted,

                                             HUGHES HUBBARD & REED LLP

                                             By:  /s/ James B. Kobak, Jr.
                                                    James B. Kobak, Jr.
                                                    David W. Wiltenburg
                                                    Jeffrey S. Margolin
                                                    One Battery Park Plaza
                                                    New York, New York 10004
                                                    Telephone:  (212) 837-6000
                                                    Facsimile:  (212) 422-4726
                                                    Email:  kobak@hugheshubbard.com

                                                    Attorneys for James W. Giddens,
                                                    Trustee for the SIPA Liquidation of
                                                    Lehman Brothers Inc.