**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                :

                                :

In re:                         :         Chapter 11

                                :

LEHMAN BROTHERS HOLDINGS INC., et al.,  :        Case No. 08-13555 (JMP)

                                :

               Debtors.      :         (Jointly Administered)

                                :

-------------------------------------------------------------x

**SEVENTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF
EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD
OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Professional Services to: | THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS, INC., et al. |
| Date of Retention: | September 17, 2008 |
| Period for which compensation and reimbursement is sought: | October 1, 2010 to January 31, 2011 |

Amount requested in this fee app
    Compensation requested:    $12,727,735.75
    Expense reimbursement requested:    $186,351.60

Amount previously requested
    Compensation requested:    $52,184,660.51
    Expense reimbursement requested:    $946,267.71

This is an (a): __X__ Interim ____Final Application

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                              :

                              :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------x

## SEVENTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011

         FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. ("LBHI"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or the "Company") and, together with their non-debtor affiliates, ("Lehman"), hereby submits its seventh application pursuant to 11 U.S.C. §§330 and 331 for an interim allowance of compensation for services rendered and for reimbursement of expenses incurred in these cases.

## INTRODUCTION

         1.      By this application, FTI seeks a seventh interim allowance of compensation for professional services rendered as financial advisors to the Committee for the period October 1, 2010 through and including January 31, 2011 (the "Seventh Interim Period")

in the amount of $12,727,735.75, representing 25,784.5 hours in professional services, and actual

and necessary expenses of $186,351.60. In support of this application, the Applicant represents

as follows:

2.    This application is submitted pursuant to the terms of the Administrative

Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for

Professionals and Committee Members dated November 5, 2008 (the "Administrative Fee

Order"). FTI is seeking the interim award and the full payment, without any holdback of fees, of

$12,727,735.75 in fees and $186,351.60 for reimbursement of its expenses relating to services

rendered on behalf of the Committee during the Seventh Interim Period. Included in the

$12,727,735.75 fee amount is $2,545,547.15 that represents the 20% professional fee holdback

as required in the Administrative Fee Order for the period of October 1, 2010 through January

31, 2011.

## **BACKGROUND**

3.    On September 15, 2008 and periodically thereafter (as applicable, the

"Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors have continued in the management and operation of their businesses and properties

as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.    On September 17, 2008, the United States Trustee for the Southern

District of New York appointed the statutory committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code.

5.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.      By an Order dated November 21, 2008, the United States Bankruptcy Court for the Southern District of New York authorized and approved the Committee's retention of FTI *nunc pro tunc* to September 17, 2008. FTI also filed its First Supplemental Affidavit of Michael Eisenband in Support of Application for an Order for Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors on January 23, 2009, a Second Supplemental Affidavit on April 6, 2009, a Third Supplemental Affidavit on June 19, 2009, a Fourth Supplemental Affidavit on April 15, 2010, and a Fifth Supplemental Affidavit on November 23, 2010.

## SUMMARY OF SERVICES RENDERED

7.      The Debtors' chapter 11 cases have presented numerous complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors.  The Retention Order authorizes FTI to render essential financial advisory services to the Official Committee of Unsecured Creditors, which included, but were not limited to the following services during the Seventh Interim Period:

### PCD 0800 Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee

FTI's role included coordinating and fulfilling numerous requests from the Committee for financial and operational data pertaining to the Debtors.  FTI worked with Committee counsel in the preparation and presentation of extensive materials for two weekly calls with both

the full Committee and one with the Committee co-chairs to discuss, among other things, updates

on derivative positions, real estate positions, cash balances, monthly operating reports,

intercompany balances, substantive consolidation, LAMCO, the POR ("Plan of

Reorganization"), claims analysis, and other key issues. FTI also attended one in person meeting

with the Debtor and the Committee on November 22, 2010.

## PCD 1100 LBI/SIPC Coordination and Issues

FTI analyzed the customer and general estate claims filed by the Debtors with the LBI

administration to determine what customer claims may provide substantial recoveries to the

estates, whether certain customer claims should be categorized as general estate claims, what

claims may be subject to subordination, and what claims may have to be netted. FTI also

analyzed LBI's claims filed with the Debtors to determine whether there were duplicates,

erroneous filings, and whether amounts should be netted down. Further, FTI analyzed various

scenarios for valuation of the ALI PIK note to determine arguments for valuation offsets and

potential asset impacts to the Debtor estates. FTI has calculated various potential recovery

scenarios for LBI creditors for inclusion in the UCC recovery model and for considerations when

negotiating with the LBI administration. FTI also reviewed the Fourth Interim Trustee report

and provided an update to the Committee.

## PCD 1200 Cash Management

FTI reviewed the Company's cash and short-term investment position on a weekly and

monthly basis. FTI attended regular meetings with Alvarez & Marsal ("A&M") to discuss the

actual weekly cash flow results and prepared reports to the Committee with details of the

Debtors' current cash and short-term investment position. FTI also reviewed and analyzed the

actual Q2 and Q3 2010 cash results vs. the Q2 and Q3 2010 cash budget. These services aided

the Committee in obtaining a complete understanding of the Company's complex cash flows,

key settlements that impacted cash flow, financial performance, key business drivers, and areas

that needed to be evaluated further (e.g., potential capital calls, hedging opportunities, etc.) in

order to ensure that sufficient liquidity was maintained.

**PCD 1400 Employee/ERISA/Benefits/Pension Issues**

FTI provided support to the Debtors by assisting in the development and review of the

employee retention and recruiting plan. Specifically, FTI reviewed updated versions of the

employee retention and recruiting plan to analyze employee headcount and related compensation

(base, bonus, and severance pay). FTI also spent time reviewing the current headcount and need

for extensions of employee contracts for the various asset groups, and the resulting impact on the

overall cost to the estate.  Time was also spent reviewing proposed 2011 employee compensation

increases.

**PCD 1800 Tax Issues**

FTI spent time reviewing the Debtor's overall tax strategy, which included attending

weekly meetings and the review of POR tax consequences. FTI recommended a strategy

pursuant to which Lehman could claim an approximate $12 billion ordinary worthless stock

deduction for 2008 with respect to the stock of certain of its foreign subsidiaries. Lehman's

internal tax team, along with Counsel and FTI continue to further develop this strategy and

position. FTI recommended that potential claims by the IRS or state tax authorities be separated

into specific subsidiary-by-subsidiary liabilities and be reflected before the use of consolidated

tax attributes to enable intercompany claims to be calculated. FTI is working with Lehman's
internal tax team and Alvarez and Marsal to complete this exercise.

## PCD 2100 Intercompany Issues

During this time period, FTI had two individuals working with the Debtor specifically on
intercompany accounts and intercompany guarantee claims. FTI spent time analyzing
intercompany trading activity, including derivatives and structured notes transactions. FTI
worked with Debtor personnel to roll forward intercompany non-trading balances for Debtor and
non-Debtor entities through their respective filing dates. FTI also worked with Debtor personnel
to analyze certain intercompany general ledger accounts in an attempt to identify and quantify
pre-petition accrued interest.

Time was also spent participating in meetings and calls with Debtor personnel in order to
analyze affiliate guarantee claims.  FTI updated the intercompany matrix for balances between
Lehman entities to feed into the Committee's recovery model. FTI also analyzed the
intercompany concepts of setoff, subrogation, and debt re-characterization to assess the impact
on recoveries to creditors.  FTI performed sample testing on pre-petition intercompany
transactions in order to assess the characterization of claims between Debtor affiliates, and
presented a report summarizing the results of this review to the UCC.

## PCD 2300 Real Estate Matters

The Lehman real estate portfolio includes positions in hundreds of properties and
development projects, which span the world with assets in the Americas, Asia, and Europe. The
portfolio, which has invested capital in the tens of billions, has many significant and complex
projects, some of which have more than a billion invested in them individually. The investment

positions that the Debtors maintain in these projects are extremely varied and include all levels of the projects' capital structure. FTI met on a regular basis with A&M and legacy Lehman real estate employees retained by Lehman to deal with current pressing real estate issues. Many of these issues pertained to various motions filed in the case that required positions to be taken by the Committee with others pertaining to certain funding requirements.  Also during this period FTI undertook a full and detailed review of Lehman's re-underwriting of the Real Estate Portfolio as of June 30, 2010, presenting their analysis and findings to the Subcommittee within the period.

On an individual asset basis, FTI undertook numerous detailed reviews of relevant assets in the portfolio to assess the reasonableness and accuracy of the Debtors' analysis and to suggest alternative approaches to maximizing the value of the Estate's investments. FTI and its real estate specialists met with various Lehman Asset Managers to review their assumptions in regard to all aspects of the properties including projected cash flows, future funding requirements, and potential recoveries.  FTI has presented its findings on a regular basis to both the Committee's Real Estate Sub-Committee and, where appropriate, the full Committee.

### PCD 2500 Derivatives/SWAP Agreement Issues

FTI attended and participated in regular settlement adjudication meetings with the A&M and Lehman Derivative teams to discuss proposed derivatives settlements, and met regularly with Derivatives Co-Heads, counterparty teams and front office valuation employees to discuss strategies in connection with managing the wind-down of the derivatives portfolio. FTI worked with the applicable transactors and traders before and after the settlement adjudication meetings to discuss relevant settlement issues, provide strategic guidance in negotiations with

counterparties and independently assess the value of the derivative products and appropriate settlement amounts for certain transactions. FTI also reviewed numerous derivatives portfolios of derivative counterparties that have been designated for Alternative Dispute Resolution.  This review entails analysis of the disputed issues, valuation, and providing feedback to Committee counsel and the derivatives sub-committee, as necessary.  In connection with derivative claim objections, FTI has reviewed the valuation of the underlying derivatives portfolio and appropriateness of closeout process.  In addition, FTI has been involved in reviewing valuations of numerous intercompany and "big bank" derivative relationships.

**PCD 2800 International Insolvency Issues**

FTI reviewed the reports issued by PwC on the progress of the first twenty-four months of the Lehman entities in the U.K. Administration process, and prepared and presented an update report to the UCC. FTI monitored the developments with respect to the Financial Support Direction issued against certain Lehman entities by the U.K. Pension Regulator, and the subsequent appeal process. FTI also worked alongside Milbank U.K. and Alvarez & Marsal U.K. in relation to the RASCALs outcome and understanding the impact and next steps in relation to the outcome of this court case. FTI monitored legal updates in relation to developments generally on the Lehman estate in the UK, and their implications for the U.S. estate.

**PCD 3500 Plan of Reorganization/Plan Confirmation/Plan Implementation**

FTI was also actively involved in the Plan of Reorganization ("POR") discussions and development process during this fee period.  In this role, FTI participated in numerous strategic meetings with counsel and management regarding the Plan of Reorganization, prepared comments and Committee feedback to the POR, and reviewed numerous POR alternative

scenarios.  This included a review of recovery analyses under different scenarios and the review of other "ad hoc" group proposals, including the ad hoc plan and disclosure statement that was filed.  FTI reviewed drafts of the Debtors POR term sheet as well as drafts of the Second Amended POR and Disclosure Statement which was filed by the Debtors during this period.  FTI was involved in discussions regarding the economic and non economic terms of the proposed POR, including corporate governance issues, reallocation of recoveries and other key issues.  FTI also reviewed drafts of the Disclosure Statement exhibits.  FTI participated in developing portions of the business continuity plan, and advised on various functional requirements needed for LAMCO, including meetings with the Debtor to discuss LAMCO.

**PCD 3700 Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues**

FTI worked with the Debtors' Claims Resolution Team to understand their efforts to reconcile, object to, estimate values, and resolve proofs of claims filed against the Debtors in these Chapter 11 proceedings.  To-date, creditors have filed over 65,000 proofs of claim in these cases, each requiring reconciliation, and analysis.  FTI has reviewed summaries of the filed claims by category as well as individual claims filed to determine their validity. The Debtor has filed over 90 omnibus objections to date which FTI has reviewed in advance of their filing with the Court.  FTI has also spent time reviewing claim settlements, including the Canary Wharf claim and the Bankhaus claim, and provided feedback/information to the Debtor in relation to these claim settlements. FTI continued its review and analysis of the affiliate guarantee claims during this period.  As part of this analysis, FTI continued to engage in meetings and calls with the Debtors to understand the claims and the estimates set forth in the Amended Plan of

Reorganization and Disclosure Statement.   During this period, the Debtors updated their

analysis of the affiliate guarantee claims.  FTI spent time reviewing the updated claim estimates

and understanding the differences between prior estimates and FTI's own analysis. FTI prepared

a presentation to the Committee regarding the updated affiliate guarantee claim estimates.

FTI also reviewed and analyzed claim settlement proposals with numerous foreign

affiliates regarding their affiliate guarantee claims, provided feedback to the Debtor and made

presentations to the Committee regarding these proposals.

In regards to the guarantee claims by investors in European Medium Term Notes and

other structured notes, FTI performed due diligence on Debtors' proposed procedures, including

due diligence on Debtors' proposed procedures for valuation of the guarantee claims to investors

in European Medium Term Notes and other structured notes, including (i) review and analysis of

the Debtors' proposed methodology, revised plans and presentations; (ii) review and analysis of

ad hoc groups' proposed revisions to the Debtors' methodology; (iii) review and revaluation of

the LBT ad hoc group's specific medium term note valuation errors identified; (iv) valuation of a

non-statistical sample of medium term notes and analysis of the differences from the Lehman

valuations.

## PCD 3900 Non-Derivative Adversary Proceedings Preparation and Litigation

In connection with forensic projects requested by counsel, FTI continued its review of

relevant documents produced pursuant to Rule 2004 that were maintained in two document

repositories (Relativity and Stratify) with a combined population of approximately 4.5 million

documents.  FTI performed additional keyword searches and reviewed approximately 98,000

documents deemed responsive to specific searches.  Other tasks included additional financial

analyses using the Debtor's financial records of relevant transactions, researching relevant

accounting, and auditing literature, drafting memos for counsel summarizing the findings of

forensic projects, document searches, financial analysis, and accounting and auditing research, and

the preparation of materials for presentations to the Committee.

**PCD 4600 Firms Own Billing/Fee Application**

FTI expended necessary resources to ensure the timely filing of monthly fee statements in

accordance with the Administrative Order Pursuant to 11 U.S.C. Sections 105(a) and 331

Establishing Procedures For Interim Compensation and Reimbursement of Expenses of

Professionals dated November 5, 2008. Time in this category includes preparing the Monthly Fee

Statements for the fee periods of September 2010 through December 2010, as well as the time spent

preparing the Sixths Interim Application of FTI Consulting, Inc. for Allowance of Compensation

and for Reimbursement of Expenses.

**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

8.      All of the services for which interim compensation is sought herein were

rendered for and on behalf of the Committee, and not on behalf of any other entity.  FTI

respectfully submits that the professional services rendered were necessary, appropriate and have

contributed to the effective administration of the Debtors' chapter 11 cases and maximization of

value.  It is respectfully submitted that the services rendered to the Committee were performed

efficiently, effectively and economically.

9.      During the Seventh Interim Period, FTI professionals expended an

aggregate of 25,784.5 hours in rendering services on behalf of the Committee for a total fee of

$12,727,735.75. FTI submits that its fee is reasonable for the work performed in these cases and the results obtained.

10.    FTI incurred out-of-pocket expenses of $186,351.60 in connection with the rendition of the professional services described above during this Seventh Interim Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases. All air travel to and from the Debtors' location was necessary and billed at actual coach airfare. Additionally, FTI voluntarily reduced all travel time by 50% during the Seventh Interim Period.

## **APPLICATION**

11.    This Application is made by FTI in accordance with the Guidelines adopted by the Executive Office for the United States Trustees and the Administrative Order. Pursuant to this application, FTI has attached the following exhibits:

A.    Exhibit A -- – Certification Under Guidelines for Fees and Disbursements for Professionals in Respect of Seventh Application of FTI Consulting, Inc;

B.    Exhibit B -- Retention Order dated November 21, 2008 authorizing the employment and retention of FTI Consulting, Inc. effective as of September 17, 2008 to provide professional services as Financial Advisors to the Official Committee of Unsecured Creditors;

C.    Exhibit C -- Summary of billings and collections for the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Interim Periods;

D.    Exhibit D -- Summary of time and fees by professional;

E.        <u>Exhibit E</u> -- Summary of time by task code;

F.        <u>Exhibit F</u> -- Summary of out of pocket expenses by category incurred during the Seventh Interim Period;

G.        <u>Exhibit G</u>[1] -- Detail of time by task codes, including detailed time entry by professional with description of task performed;

H.        <u>Exhibit H</u>[1] – Detail of expenses by category and professional incurred during the Seventh Interim Period.

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

**CONCLUSION**

12.    No agreement or understanding exists between FTI and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with these cases.

13.    No prior application has been made to this or any other Court for the relief requested herein for the Seventh Interim Period.

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

a.    approving the allowance of $12,727,735.75 for compensation for services rendered during the Seventh Interim Period, and reimbursement of $186,351.60 for out of pocket expenses,

b.    directing the payment of such fees by the Debtors, and

c.    granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 1, 2011

FTI Consulting, Inc.
Financial Advisors to the Official Committee of
Unsecured Creditors

By: _____

Michael Eisenband
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 499-3647

# EXHIBIT

## "A"
**Certification**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                         :
In re:                                :             Chapter 11 Case No.
                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :             08-13555 (JMP)
                         :
                Debtors.          :             (Jointly Administered)
                         :
---------------------------------------------------------------- x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF SEVENTH APPLICATION OF FTI
CONSULTING, INC., FINANCIAL ADVISOR TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM
OCTOBER 1, 2010 THROUGH AND INCLUDING JANUARY 31, 2011**

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's seventh application for allowance of compensation for services rendered

and for reimbursement of expenses, dated April 10, 2011 (the "Application"), for the period of

October 1, 2010 through and including January 31, 2011 (the "<u>Seventh Interim Period</u>") as follows:

    1.    I am the professional designated by FTI in respect of compliance with the Guidelines.

    2.    I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the Seventh Interim Period, in accordance with the Local Guidelines.

    3.    In respect of section B.1 of the Local Guidelines, I certify that:

    a.    I have read the Application.

    b.    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

    c.    Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by FTI and generally accepted by FTI's clients.

    d.    In providing a reimbursable service, FTI does not make a profit on that service, whether the service is performed by FTI in-house or through a third party.

    4.    In respect of section B.2 of the Local Guidelines, I certify that FTI has provided statements of FTI's fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Administrative Fee Order (as defined in the Application).

    5.    In respect of section B.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Court, (b) the Debtors, (c) counsel for the Debtors, (d) counsel for the Committee (e) the Office of the United States Trustee and the (f) the Fee Committee.

Dated:        New York, New York
              April 1, 2011

                          FTI Consulting, Inc.
                          Financial Advisors to the Official Committee
                          Of Unsecured Creditors

                          By:_____


                          Michael Eisenband
                          Senior Managing Director
                          Three Times Square
                          New York, NY  10036
                          (212) 499-3647

# EXHIBIT

## "B"
## Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

In re:                                                    :    Chapter 11
                                                          :
LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                                          :
                              Debtors.         :    (Jointly Administered)

--------------------------------------------------------------x

### FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING INC., AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 17, 2008

Upon the application, dated October 21, 2008 (the "Application"), of the

Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the

above-captioned jointly administered chapter 11 cases of Lehman Brothers Holdings Inc., and

its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order

authorizing the Creditors' Committee to retain and employ FTI Consulting Inc. ("FTI"),

effective as of September 17, 2008, as financial advisor for the Creditors' Committee in the

above-captioned cases, pursuant to sections 328(a) and 1103(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local

Bankruptcy Rules for the District of New York (the "Local Rules"); and the Court having

considered the Affidavit of Michael Eisenband, sworn to October 21, 2008 (the "Eisenband

Affidavit"), in connection with the Application; and the Court being satisfied based on the

representations in the Application and the Eisenband Affidavit, that FTI does not represent any

other entity having an adverse interest in connection with the case within the meaning of

section 1103(b) of the Bankruptcy Code and is "disinterested" as defined in section 101(14) of

the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of

Cases to Bankruptcy Judges of the United States District Court for the Southern District of

New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for

objections to the Application having expired on October 31, 2008, except for the United States

Trustee and the Debtors, whose respective time to object was extended on consent until

November 13, 2008; and, with no objections having been timely filed by any party; and the

Court having entered an Interim Order (the "Interim Order") dated November 5, 2008 (Docket

No. 1405), approving the Application on an interim basis without objection; and no objection

having been timely made or filed by either the Debtors, the United States Trustee, or any other

party; and due and proper notice of the Application, the Interim Order, and the hearing to

consider entry of a final order approving the Application having been provided as approved in

the Interim Order; and it appearing that no other or further notice need be provided; and the

Court having reviewed the Application; and the Court having determined that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and

upon all of the proceedings had before the Court, and after due deliberation and sufficient

cause appearing therefor, it is hereby

        ORDERED that the Application is granted to the extent provided herein; and it

is further

        ORDERED, that all compensation and reimbursement of expenses to be paid to

FTI, shall be subject to prior approval of this Court in accordance with the requirements under

§§ 330 and 331 of the Bankruptcy Code and the order of this Court which establishes

procedures for monthly compensation and reimbursement of expenses; and it is further

ORDERED, that without limiting the rights of the United States Trustee to

object to FTI's interim or final fee applications and without limiting the requirement that all

compensation and reimbursement of expenses to be paid to FTI shall be subject to prior

approval of this Court, in each instance as set forth in this Order, the Completion Fee (as

defined in the Application), to the extent approved by the Court, shall be an expense of the

administration of the above-captioned chapter 11 cases, payable, following conversion of such

cases to a case under Chapter 7 of Title 11 of the United States Code, in the same order of

priority as other allowed chapter 11 administrative expenses; and it is further

ORDERED, that all requests of FTI for payment of indemnity pursuant to the

Engagement shall be made by means of an application (interim or final as the case may be) and

shall be subject to review by the Court to ensure that payment of such indemnity conforms to

the terms of the Engagement and is reasonable based upon the circumstances of the litigation

or settlement in respect of which indemnity is sought, provided, however, that in no event shall

FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if

any), gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a

representative of the estate, asserts a claim for, and a court determines by final order that such

claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees

pursuant to the terms of the Engagement, the invoices and supporting time records from such

3

attorneys shall be included in FTI's own application and such invoices and time records shall

be subject to the United States Trustee's guidelines for compensation and reimbursement of

expenses and the approval of the Bankruptcy Court under the standards of sections 330 and

331 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement or

the Application, this Order shall govern; and it is further

ORDERED that this court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

Dated: New York, New York
       November 21, 2008

_s/ James M. Peck_____
UNITED STATES BANKRUPTCY JUDGE

4

# EXHIBIT

## "C"
## Monthly Billing and Collection Summary

**EXHIBIT C**

**LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555**

**SUMMARY OF FEES & EXPENSES BY MONTH**

*FOR THE SEVENTH INTERIM PERIOD OCTOBER 1, 2010 TO JANUARY 31, 2011*

| | October 1, 2010 - October 31, 2010 | November 1, 2010 - November 30, 2010 | December 1, 2010 - December 31, 2010 | January 1, 2011 - January 31, 2011 | Total |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| Incurred | $ 3,299,392.44 | $ 3,087,795.70 | $ 3,000,305.70 | $ 3,370,087.91 | $ 12,757,581.75 |
| Travel Reduction (50%) | (10,497.50) | (7,631.00) | (6,210.00) | (5,507.50) | (29,846.00) |
| Billed | $ 3,288,894.94 | $ 3,080,164.70 | $ 2,994,095.70 | $ 3,364,580.41 | $ 12,727,735.75 |
| Paid | (2,631,115.95) | (2,464,131.76) | (2,395,276.56) | - | (7,490,524.27) |
| Unpaid | $ 657,778.99 | $ 616,032.94 | $ 598,819.14 | $ 3,364,580.41 | $ 5,237,211.48 |
| | | | | | |
| **EXPENSES** | | | | | |
| Incurred & Billed | $ 25,798.57 | $ 96,008.57 | $ 31,790.08 | $ 32,754.38 | $ 186,351.60 |
| Paid | (25,798.57) | (96,008.57) | (31,790.08) | - | (153,597.22) |
| Unpaid | $ - | $ - | $ - | $ 32,754.38 | $ 32,754.38 |
| | | | | | |
| **TOTAL** | | | | | |
| Incurred | $ 3,325,191.01 | $ 3,183,804.27 | $ 3,032,095.78 | $ 3,402,842.29 | $ 12,943,933.35 |
| Total Travel Reduction | (10,497.50) | (7,631.00) | (6,210.00) | (5,507.50) | (29,846.00) |
| Billed | $ 3,314,693.51 | $ 3,176,173.27 | $ 3,025,885.78 | $ 3,397,334.79 | $ 12,914,087.35 |
| Paid | (2,656,914.52) | (2,560,140.33) | (2,427,066.64) | - | (7,644,121.49) |
| Unpaid | $ 657,778.99 | $ 616,032.94 | $ 598,819.14 | $ 3,397,334.79 | $ 5,269,965.86 |
| Total Unpaid | $ 657,778.99 | $ 616,032.94 | $ 598,819.14 | $ 3,397,334.79 | $ 5,269,965.86 |

**EXHIBIT C**
**LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555**
**SUMMARY OF FEES & EXPENSES**

*FOR THE FIRST INTERIM PERIOD SEPTEMBER 17, 2008 TO JANUARY 31, 2009*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| First Interim Period | $ 5,261,715.61 | $ 148,515.81 | $ 5,218,571.36 | $ 148,329.28 | $ 5,410,231.42 | $ 5,366,900.64 |

*FOR THE SECOND INTERIM PERIOD FEBRUARY 1, 2009 TO MAY 31, 2009*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Second Interim Period | $ 6,690,011.59 | $ 231,881.68 | $ 6,654,303.20 | $ 231,539.58 | $ 6,921,893.27 | $ 6,885,842.78 |

*FOR THE THIRD INTERIM PERIOD JUNE 1, 2009 TO SEPTEMBER 30, 2009*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Third Interim Period | $ 7,684,069.40 | $ 211,418.60 | $ 7,673,489.59 | $ 210,974.27 | $ 7,895,488.00 | $ 7,884,463.86 |

*FOR THE FOURTH INTERIM PERIOD OCTOBER 1, 2009 TO JANUARY 31, 2010*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Fourth Interim Period | $ 9,500,022.29 | $ 199,398.23 | $ 9,456,017.76 | $ 147,441.07 | $ 9,699,420.52 | $ 9,603,458.83 |

*FOR THE FIFTH INTERIM PERIOD FEBRUARY 1, 2010 TO MAY 31, 2010*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded[1] | Total Expenses Awarded[2] | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Fifth Interim Period | $ 9,684,055.45 | $ 89,869.95 | $ 7,747,244.36 | $ 89,869.95 | $ 9,773,925.40 | $ 7,837,114.31 |

(1) This figure excludes the 20% holdback and the recommended deductions by the Fee Committee for the Fifth interim period which are still pending.
(2) This figure excludes the recommended deductions by the Fee Committee for the Fifth interim period which are still pending.

*FOR THE SIXTH INTERIM PERIOD JUNE 1, 2010 TO SEPTEMBER 30, 2010*

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded[1] | Total Expenses Awarded[2] | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Sixth Interim Period | $ 13,364,786.17 | $ 65,183.44 | $ 10,691,823.94 | $ 65,183.44 | $ 13,429,969.61 | $ 10,757,012.38 |

(1) This figure excludes the 20% holdback and the recommended deductions by the Fee Committee for the Sixth interim period which are still pending.
(2) This figure excludes the recommended deductions by the Fee Committee for the Sixth interim period which are still pending.

# EXHIBIT

## "D"
### Summary of Time and Fees by Professional

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| (4) Appell, Wesley | Senior Consultant | $530.00 | 4.3 | $2,279.00 |
| Atran, Irina | Director | $350.00 | 4.1 | $1,435.00 |
| Bajracharya, Ranjit | Consultant | $450.00 | 1.8 | $810.00 |
| Baker, Eliana | Consultant | $250.00 | 31.3 | $7,825.00 |
| Barrett, James | Director | $275.00 | 17.5 | $4,812.50 |
| Bauer, Michael | Director | $425.00 | 100.3 | $42,627.50 |
| Baumkirchner, Michael | Director | $620.00 | 598.8 | $371,256.00 |
| (4) Baumkirchner, Michael | Director | $675.00 | 189.3 | $127,777.50 |
| (4) Beloreshki, Tsvetan | Senior Managing Director | $600.00 | 5.1 | $3,060.00 |
| Bergin, Richard | Managing Director | $575.00 | 331.8 | $190,785.00 |
| Bernsohn, Sean | Senior Consultant | $515.00 | 44.9 | $23,123.50 |
| Blum, Steven | Managing Director | $540.00 | 6.0 | $3,240.00 |
| Bossard, Kelly | Managing Director | $550.00 | 373.3 | $205,315.00 |
| Briggi, Lawrence | Managing Director | $450.00 | 43.8 | $19,710.00 |
| Brodwin, Jahn | Senior Managing Director | $750.00 | 36.4 | $27,300.00 |
| Castellano, Joseph | Senior Managing Director | $640.00 | 3.5 | $2,240.00 |
| Chan, Stanley | Director | $465.00 | 663.4 | $308,481.00 |
| (4) Chen, Iris | Consultant | $380.00 | 4.1 | $1,558.00 |
| Chin, Clara | Director | $500.00 | 282.8 | $141,400.00 |
| Cohen, Benjamin | Director | $470.00 | 34.5 | $16,215.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011*

| | Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| | Costanzo, Thomas | Consultant | $290.00 | 746.4 | $216,456.00 |
| | Cozier, Keith | Director | $350.00 | 19.8 | $6,930.00 |
| | Darefsky, Robert J | Senior Managing Director | $885.00 | 181.9 | $160,981.50 |
| (4) | Darefsky, Robert J | Senior Managing Director | $895.00 | 51.1 | $45,734.50 |
| | Dave, Meghna | Consultant | $270.00 | 664.2 | $179,334.00 |
| | Davidoff, Eliot | Senior Consultant | $300.00 | 3.2 | $960.00 |
| | de Lastic, Christopher | Senior Consultant | $350.00 | 177.3 | $62,055.00 |
| | Dean, Christopher | Director | $655.00 | 494.7 | $324,028.50 |
| (4) | Dean, Christopher | Director | $675.00 | 136.3 | $92,002.50 |
| (1) | Denyer, Emma | Consultant | $536.26 | 27.5 | $14,747.26 |
| | Der Garry, Carol | Managing Director | $540.00 | 1.5 | $810.00 |
| (2) | Dewar, Mark | Senior Managing Director | $1,018.31 | 51.5 | $52,442.93 |
| | Diaz, Matthew | Managing Director | $725.00 | 60.0 | $43,500.00 |
| (4) | Diaz, Matthew | Managing Director | $745.00 | 1.7 | $1,266.50 |
| | Djordjevic, Nikola | Director | $465.00 | 616.2 | $286,533.00 |
| | Eisenband, Michael | Senior Managing Director | $885.00 | 312.8 | $276,828.00 |
| (4) | Eisenband, Michael | Senior Managing Director | $895.00 | 87.1 | $77,954.50 |
| | Ennis, John | Director | $425.00 | 2.0 | $850.00 |
| | Falconer, Susan | Senior Consultant | $300.00 | 1.3 | $390.00 |
| | Feldman, Andrew | Consultant | $290.00 | 146.0 | $42,340.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011*

| | Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| | Flores-Hernandez, Luis | Consultant | $225.00 | 7.0 | $1,575.00 |
| | Fontana, Andrew | Consultant | $270.00 | 93.8 | $25,326.00 |
| | Foo, Sandy | Senior Consultant | $480.00 | 692.7 | $332,496.00 |
| (4) | Foo, Sandy | Senior Consultant | $530.00 | 215.1 | $114,003.00 |
| | French, Jennifer | Director | $655.00 | 430.3 | $281,846.50 |
| (4) | French, Jennifer | Director | $675.00 | 138.9 | $93,757.50 |
| | Friedland, Scott D. | Senior Managing Director | $660.00 | 436.9 | $288,354.00 |
| | Friedler, Andrew | Director | $500.00 | 38.0 | $19,000.00 |
| | Gaida, Dean | Director | $440.00 | 39.6 | $17,424.00 |
| | Glaser, Justin | Senior Consultant | $375.00 | 7.0 | $2,625.00 |
| | Goad, David | Consultant | $305.00 | 18.6 | $5,673.00 |
| | Greenberg, Mark | Managing Director | $695.00 | 507.8 | $352,921.00 |
| (4) | Greenberg, Mark | Managing Director | $745.00 | 169.3 | $126,128.50 |
| | Gregory, Lauren | Managing Director | $315.00 | 108.5 | $34,177.50 |
| | Haase, James | Senior Consultant | $250.00 | 1.1 | $275.00 |
| | Hain, Danielle | Managing Director | $725.00 | 283.2 | $205,320.00 |
| (4) | Hain, Danielle | Managing Director | $745.00 | 108.6 | $80,907.00 |
| | Harrison, Jay | Consultant | $225.00 | 5.5 | $1,237.50 |
| | Harvey, Bonnie | Consultant | $365.00 | 0.5 | $182.50 |
| | Heinz, Peter | Consultant | $455.00 | 24.6 | $11,193.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011*

| | Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| | Heller, Justin | Senior Consultant | $445.00 | 1.2 | $534.00 |
| | Hellmund-Mora, Marili | Associate | $250.00 | 8.9 | $2,225.00 |
| | Henn, Timothy | Consultant | $355.00 | 562.2 | $199,581.00 |
| (4) | Henn, Timothy | Consultant | $380.00 | 171.7 | $65,246.00 |
| | Hofstad, Ivo J | Director | $450.00 | 1.1 | $495.00 |
| | Hutchinson, Zachary | Consultant | $275.00 | 0.4 | $110.00 |
| | Imhoff, Dewey | Senior Managing Director | $885.00 | 4.0 | $3,540.00 |
| | James, Benjamin | Consultant | $370.00 | 78.9 | $29,193.00 |
| (4) | James, Benjamin | Consultant | $380.00 | 18.7 | $7,106.00 |
| | Joffe, Steven | Senior Managing Director | $885.00 | 35.5 | $31,417.50 |
| | Joffe, Steven | Senior Managing Director | $895.00 | 23.5 | $21,032.50 |
| | Johnston, Bonnie | Paraprofessional | $210.00 | 366.0 | $76,860.00 |
| | Kennedy, G. William | Managing Director | $575.00 | 1.0 | $575.00 |
| | Kim, Hansol | Managing Director | $695.00 | 91.6 | $63,662.00 |
| | Kim, Jae | Senior Consultant | $425.00 | 521.4 | $221,595.00 |
| | Koch, Rachel | Director | $465.00 | 443.0 | $205,995.00 |
| | Korsman, Lynn | Senior Consultant | $515.00 | 352.5 | $181,537.50 |
| (4) | Korsman, Lynn | Senior Consultant | $530.00 | 87.7 | $46,481.00 |
| | Lau, King | Director | $500.00 | 194.6 | $97,300.00 |
| | Lazzara, Frank | Managing Director | $575.00 | 1.0 | $575.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011*

| | Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| | Leka, Florian | Director | $465.00 | 381.6 | $177,444.00 |
| (4) | Leo, Brian | Consultant | $270.00 | 5.9 | $1,593.00 |
| | Leung, Ka | Senior Consultant | $325.00 | 6.0 | $1,950.00 |
| | Lyman, Scott | Director | $585.00 | 734.0 | $429,390.00 |
| (4) | Lyman, Scott | Director | $640.00 | 213.7 | $136,768.00 |
| | Mackie, Kristen | Director | $350.00 | 64.0 | $22,400.00 |
| | Majerle, Robin | Senior Consultant | $400.00 | 465.6 | $186,240.00 |
| (4) | Majerle, Robin | Senior Consultant | $455.00 | 184.8 | $84,084.00 |
| | Mercer, Gregory | Senior Consultant | $290.00 | 34.5 | $10,005.00 |
| | Meyers, Glenn | Managing Director | $575.00 | 5.9 | $3,392.50 |
| | Mikulka, Gregory | Consultant | $250.00 | 748.0 | $187,000.00 |
| | McGannon, Jeremy | Director | $435.00 | 95.3 | $41,455.50 |
| | Muth, Ryan | Consultant | $190.00 | 6.8 | $1,292.00 |
| | Ng, William | Senior Consultant | $515.00 | 595.8 | $306,837.00 |
| (4) | Ng, William | Senior Consultant | $530.00 | 227.5 | $120,575.00 |
| | Nitz, Scott | Senior Consultant | $445.00 | 544.8 | $242,436.00 |
| (4) | Nitz, Scott | Senior Consultant | $495.00 | 209.1 | $103,504.50 |
| | Omeljanivk, Robert | Director | $400.00 | 6.4 | $2,560.00 |
| | Patel, Nimisha | Director | $375.00 | 1.3 | $487.50 |
| | Pegnia, Joseph | Managing Director | $675.00 | 4.6 | $3,105.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011*

| | Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| (4) | Pegnia, Joseph | Managing Director | $730.00 | 1.7 | $1,241.00 |
| | Picarello, Jonathan | Senior Consultant | $275.00 | 5.5 | $1,512.50 |
| | Rauch, Adam | Consultant | $305.00 | 584.9 | $178,394.50 |
| (4) | Rauch, Adam | Consultant | $315.00 | 198.7 | $62,590.50 |
| | Rees, Thomas | Managing Director | $540.00 | 411.6 | $222,264.00 |
| | Rega, Antonio | Director | $440.00 | 33.6 | $14,784.00 |
| | Reilly, Christopher | Consultant | $355.00 | 569.0 | $201,995.00 |
| (4) | Reilly, Christopher | Consultant | $380.00 | 49.7 | $18,886.00 |
| (3) | Rickelton, Lisa | Director | $753.37 | 36.8 | $27,724.07 |
| | Rizvi, Tabish | Managing Director | $675.00 | 376.8 | $254,340.00 |
| | Ruta, Dustin | Director | $470.00 | 358.1 | $168,307.00 |
| | Ryan, Benjamin | Senior Consultant | $480.00 | 143.5 | $68,880.00 |
| | Saitta JR, George | Director | $500.00 | 400.6 | $200,300.00 |
| | Sampath, Vijay | Managing Dir | $575.00 | 235.0 | $135,125.00 |
| | Sawyer, Alison | Director | $465.00 | 126.0 | $58,590.00 |
| | Shah, Mili | Consultant | $250.00 | 788.2 | $197,050.00 |
| | Simpson, Chaz | Director | $470.00 | 285.5 | $134,185.00 |
| | Sims, Jason | Director | $325.00 | 2.3 | $747.50 |
| | Siris, John | Managing Director | $725.00 | 529.6 | $383,960.00 |
| (4) | Siris, John | Managing Director | $745.00 | 134.5 | $100,202.50 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011*

| | Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| | Sloane, Raymond | Senior Managing Director | $660.00 | 184.5 | $121,770.00 |
| | Spinella, Joseph | Managing Director | $575.00 | 365.2 | $209,990.00 |
| | Star, Samuel | Senior Managing Director | $885.00 | 194.2 | $171,867.00 |
| (4) | Star, Samuel | Senior Managing Director | $895.00 | 61.5 | $55,042.50 |
| | Sullivan, Colleen | Director | $385.00 | 48.4 | $18,634.00 |
| | Szymik, Filip | Consultant | $370.00 | 577.6 | $213,712.00 |
| (4) | Szymik, Filip | Consultant | $380.00 | 202.1 | $76,798.00 |
| | Tantleff, Alan | Managing Director | $725.00 | 67.7 | $49,082.50 |
| (4) | Tantleff, Alan | Managing Director | $745.00 | 20.6 | $15,347.00 |
| | Ten Eyck, Ernest | Senior Managing Director | $750.00 | 1.6 | $1,200.00 |
| | Terry, Adam | Senior Consultant | $485.00 | 96.0 | $46,560.00 |
| | Thomas, Monique | Senior Consultant | $400.00 | 0.7 | $280.00 |
| | Tso, Glenn | Consultant | $775.00 | 1.0 | $775.00 |
| | Tully, Conor | Senior Managing Director | $775.00 | 152.2 | $117,955.00 |
| (4) | Tully, Conor | Senior Managing Director | $800.00 | 27.6 | $22,080.00 |
| | Turner, David | Managing Director | $595.00 | 1.5 | $892.50 |
| | Ulin, Karl | Director | $585.00 | 434.9 | $254,416.50 |
| (4) | Ulin, Karl | Director | $640.00 | 137.3 | $87,872.00 |
| | Vadhirajan, Vinay | Consultant | $275.00 | 2.4 | $660.00 |
| | Walker JR, Donald | Senior Managing Director | $660.00 | 2.5 | $1,650.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Walsh, Timothy | Senior Consultant | $400.00 | 0.8 | $320.00 |
| Wang, Jennifer | Senior Consultant | $290.00 | 534.2 | $154,918.00 |
| Yang, Victor | Consultant | $370.00 | 5.3 | $1,961.00 |
| Yozzo, John | Managing Director | $545.00 | 6.1 | $3,324.50 |
| | | **Grand Total** | **25,784.5** | **$ 12,757,581.75** |
| | | *Less: 50% Travel Reduction* | | **($    29,846.00)** |
| | | **Net Grand Total** | | **$ 12,727,735.75** |

(1)
    Bill rate reflects blended bill rate due to currency conversion for October 1, 2010 through January 31, 2011. For calculation purposes, fees were calculated using the bill rate 536.264.

(2)
    Bill rate reflects blended bill rate due to currency conversion for October 1, 2010 through January 31, 2011. For calculation purposes, fees were calculated using the bill rate 1,018.3093.

(3)
    Bill rate reflects blended bill rate due to currency conversion for October 1, 2010 through January 31, 2011. For calculation purposes, fees were calculated using the bill rate 753.3715.

(4)
    Professional's bill rate increased effective January 1, 2011.

# "E"
## Summary of Time by Task Code

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 0100 | General Case Administration | 27.5 | $20,092.50 |
| 0300 | Project Monitoring/Court Calendar & Docket Maintenance | 12.5 | $9,805.00 |
| 0400 | Hearings and Court Communications | 2.0 | $1,030.00 |
| 0500 | Non-Working Travel | 137.6 | $59,692.00 |
| 0700 | Communications with Debtors | 11.4 | $9,781.00 |
| 0800 | Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee | 334.5 | $267,798.50 |
| 1100 | LBI/SIPC Coordination and Issues | 115.9 | $76,059.00 |
| 1200 | Cash Management | 417.3 | $256,197.00 |
| 1400 | Employee/ERISA/Benefits/Pension Issues | 161.8 | $126,513.50 |
| 1800 | Tax Issues | 64.0 | $56,896.00 |
| 2100 | Intercompany Issues | 1,876.4 | $1,124,266.00 |
| 2300 | Real Estate Matters | 2,900.2 | $1,476,700.50 |
| 2400 | Private Equity | 1.7 | $1,416.50 |
| 2500 | Derivatives/SWAP Agreement Issues (Including Derivatives-Related Adversary Proceedings, Alternative Dispute Resolution, and Claims Reconciliation and Litigation) | 9,564.5 | $4,436,972.50 |
| 2600 | Loans/Investments | 30.4 | $19,245.00 |
| 2800 | International Insolvency Issues | 140.1 | $112,216.14 |
| 2900 | Schedules/Statement of Financial Affairs/Other Reporting Issues | 78.3 | $48,150.00 |
| 3400 | Exit Financing | 0.8 | $620.00 |
| 3500 | Plan of Reorganization/Plan Confirmation/Plan Implementation | 527.5 | $384,186.62 |
| 3700 | Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues | 4,444.3 | $1,796,397.50 |
| 3900 | Non-Derivative Adversary Proceedings Preparation and Litigation | 4,277.0 | $2,233,265.00 |
| 4600 | Firm's Own Billing/Fee Applications | 533.1 | $177,433.00 |
| 4700 | Firm's Own Retention Issues | 125.7 | $62,848.50 |
| | **Grand Total** | 25,784.5 | $ 12,757,581.75 |
| | *Less: 50% Travel Reduction* | | ($ 29,846.00) |
| | **Net Grand Total** | | $ 12,727,735.75 |

# EXHIBIT

## "F"
## Expenses by Category

**EXHIBIT F**
**LEHMAN BROTHRS HOLDING, INC. CASE NO. 08-13555**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011*

| *Expense Category* | *Total Expenses* |
| --- | --- |
| Airfare | $14,959.82 |
| Lodging | $32,437.85 |
| Meals | $8,483.73 |
| Transportation | $13,492.06 |
| Other | $116,978.14 |
| **Total** | **$186,351.60** |

*Page 1 of 1*

# EXHIBIT

## "G"
## Time Detail[1]

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

# EXHIBIT

## "H"
### Expense Detail[1]

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.