HEARING DATE AND TIME: April 28, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: April 13, 2011 at 4:00 p.m. (Eastern Time)

DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6708
Shaya M. Berger

1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-3616
Facsimile: (202) 420-2201
Sam J. Alberts

Attorneys for Great Bay Condominium Owners Association, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,:    08-13555 (JMP)
                                                         :
          Debtors.                                       :    (Jointly Administered)
---------------------------------------------------------x

### OPPOSITION BY GREAT BAY CONDOMINIUM OWNERS ASSOCIATION, INC. TO THE DEBTORS' ONE HUNDRED SIXTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Great Bay Condominium Owners Association, Inc. ("Great Bay"), by and through its counsel of record, hereby files this opposition (the "Opposition") to the Debtors' One Hundred Sixth Omnibus Objection (the "Omnibus Objection") to the extent that it seeks to disallow and expunge claim number 31955 of Great Bay, as more fully described below.

Pursuant to Court order, several bar dates were established in these cases, including (1) a September 22, 2009 bar date for filing unsecured claims (the "General Claims Bar Date") and (2) a November 2, 2009 bar date for filing claims arising out of amorphously described "program

securities" (the "Program Securities Bar Date"). *See* Notice of Deadlines For Filing Proofs of Claim, Notice Deadlines for Filing Proofs of Claims Based upon Lehman Program Securities, attached hereto as **Exhibits 1** and **2**, respectively.

As the Debtors' Notice of Objection acknowledges, Great Bay filed timely claims by the General Claims Bar Date (Claim 31955, the "General Claim") and by the Program Securities Bar Date (Claim 62855, "the Program Security Claim"). *See* Notice of Hearing on Objection, attached hereto as **Exhibit 3**. The Subject Claims seek a minimum of $2 million dollars from activities and obligations arising out of certain "Principal Protected Suns" brokered and guaranteed by LBHI. As explained in the Subject Claims themselves, priority treatment is sought for both claims under bankruptcy Code Section 507(a). Copies of these proofs of claims are attached hereto as **Exhibits 4** and **5** (collectively, the "Subject Claims").

The Debtors' objection to the General Claim is without merit because the Program Securities Claim was not intended and does not in fact supersede the General Claim. The Program Securities Claim was filed as a complimentary claim to the General Claim to the extent that all or any part of the obligations owed to Great Bay falls within the meaning of "program securities." Further, the Debtor's description of the "surviving" Program Security Claim as "unsecured" but not "priority" appears to be an impermissible attempt to recharacterize and alter the priority of such claim.

Great Bay recognizes that it may be entitled to a recovery that may only fall under the General Claim or a Program Security Claim. However, the obligations to Great Bay may fall (at least in part) under both claims. As such, while Great Bay may ultimately be willing to consensually withdraw a particular claim, that should only occur after it has been appropriately determined whether or not Great Bay's right to payment falls within only one of the Subject

2

Claims, and, if so, which one. That issue, however, goes beyond the scope of the Omnibus Objection, which is based only upon an argument of "superseding."

WHEREFORE, for the reasons stated herein, Great Bay requests that the Court deny the Omnibus Objection with respect to the subject General Priority Claim and provide Great Bay with all further relief as is just and proper.

Dated: April 11, 2011
      New York, New York

Dickstein Shapiro LLP

By: /s/ Shaya Berger
Shaya Berger
1633 Broadway
New York, NY 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6708
Shaya M. Berger

1825 Eye Street, NW
Washington, DC 20006
Telephone: (202) 420-3616
Facsimile: (202) 420-2201
Sam J. Alberts

Attorneys for Great Bay Condominium Owners Association, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of April, 2011, a copy of the foregoing Opposition by Great Bay Condominium Owners Association, Inc. To The Debtors' One Hundred Sixth Omnibus Objection To Claims (Amended and Superseded Claims) was mailed via first-class, postage prepaid to all parties of record:

Attorneys for the Debtors:
Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.
The Office of the United States Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, New York 10004

Attorneys for the Official Committee of Unsecured Creditors
Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

By: /s/ Shaya Berger
Shaya Berger

DSMDB-2916465v1