DLA PIPER LLP (US)
1251 Avenue of the Americas, 25th Flr.
New York, New York  10020
Telephone:  212.335.4500
Facsimile:  212.335.4501
Timothy W. Walsh

*Attorneys for Rakepoll Finance N.V.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re                                                            :
                                                                 :        **Chapter 11**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,**              :
**et al.,**                                                   :        **Case No. 08-13555 (JMP)**
                                                                 :
                                                                 :        **Jointly Administered**
                                                                 :
                       **Debtors.**                    :
                                                                 :
------------------------------------------------------------x

**RESPONSE OF RAKEPOLL FINANCE N.V. TO DEBTORS' NINETY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)**

        Rakepoll Finance N.V. ("Rakepoll"), by and through its undersigned counsel, hereby

files this response to the Debtors' Ninety-Second Omnibus Objection to Claims (No Blocking

Number LPS Claims) (the "Objection"),[1] and respectfully states as follows:

**BACKGROUND**

        1.        On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a

voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101, *et seq.* (the "Bankruptcy Code").  Subsequently, twenty-two (22) additional affiliates of

LBHI (together with LBHI, the "Debtors") filed voluntary petitions for relief under chapter 11 of

---

[1]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the
        Objection.

the Bankruptcy Code.  These Debtors' bankruptcy cases have been consolidated for procedural purposes only and are being jointly administered pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

2.      On January 9, 2009, Rakepoll timely filed with Epiq Bankruptcy Solutions, the Debtors' claims agent, a proof of claim (the "<u>Proof of Claim</u>") in the amount of $10,910,000 in connection with a certain Guarantee, dated August 8, 2007 (the "<u>Guarantee</u>") executed by LBHI in favor of Rakepoll with respect to the obligations of Lehman Brothers Securities N.V. (the "<u>Issuer</u>") under certain structured convertible securities (the "<u>Securities</u>") issued by the Issuer to Rakepoll (ISIN XS0353212177).  The Proof of Claim was assigned claim number 1638.

3.      The Proof of Claim included an addendum describing the basis for Rakepoll's claim and the following three exhibits as supporting documentation for the claim:  (i) the transaction receipt with respect to Rakepoll's purchase of the Securities from the Issuer, (ii) the Guarantee issued by LBHI in favor of Rakepoll in connection with the Securities, and (iii) the Offering Circular, dated August 8, 2008 (which replaced a prior amended and restated Offering Circular dated August 8, 2007), with respect to the Securities.  The Proof of Claim and the exhibits thereto fully described and provided evidence in support of Rakepoll's claim against LBHI based on the Guarantee.

4.      Thereafter, on July 2, 2009, this Court entered its Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "<u>Bar Date Order</u>").

5.      The Debtors now seek to expunge the Proof of Claim in its entirety solely because the blocking number for the Securities was not specifically set forth in the Proof of Claim.  Such relief is inequitable and not warranted under the circumstances.

## **RESPONSE**

6.      The Bar Date Order provides, in relevant part, that it is:

ORDERED that the following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date:

(f) any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract or Guarantee on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivatives and Guarantees;

Bar Date Order at p. 4(f) (emphasis in original).

7.      Although Rakepoll's claim is based on a guarantee issued by LBHI with respect to certain securities issued to Rakepoll by the Issuer, the securities constitute Lehman Programs Securities, and the Bar Date Order expressly provides that claimants with claims based on Lehman Programs Securities need not comply with the additional requirements set forth in the Bar Date Order for filing claims based on guarantees—namely, the completion of the Guarantee Questionnaire.  The Bar Date Order provides, in relevant part, that "any person or entity that files a claim based on both (i) a Lehman Program Security and (ii) any other claim, is not required to complete the Guarantee Questionnaire or Derivative Questionnaire in respect of the portion of the claim that relates to such Lehman Program Security . . . ."  Bar Date Order at p. 14(h). Therefore, Rakepoll, having properly filed a proof of claim prior to entry of the Bar Date Order and not being required to satisfy any additional requirements for filing claims based on a guarantee, was not required to file any amended proof of claim.

8.      In addition, Bankruptcy Rule 3001(f) makes clear that an executed proof of claim filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim.  <u>See</u> Fed. R. Bankr. P. 3001(f).

9.      The Debtors bear the initial burden of persuasion and must produce "evidence equal in force to the *prima facie* case . . . which, if believed, would refute at lease one of the allegations that is essential to the claim's legal sufficiency."  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. Aug. 22, 2007) (citing <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173–74 (3d Cir. 1992); <u>see</u> <u>also</u> <u>In re Cluff</u>, 313 B.R. 323, 337 (Bankr. D. Utah 2004) (to negate the *prima facie* validity of a claim, an objection must (i) assert in a writing filed with the court that there is some reason the claimant does not have a right to payment, (ii) be signed, (iii) assert, if appropriate, that the claim is in fact based on a writing and that the documentation attached to the claim is insufficient, and (iv) come forward with some legal reason or some factual evidence to defeat the claim).

10.      There is little doubt that the Proof of Claim satisfies the requirements of the Bankruptcy Rules as it is signed, was timely-filed, and details the nature of the claim and the amount sought.  The only piece of information alleged to be missing from the Proof of Claim is the blocking number.  The Objection makes clear that the purpose of requiring claimants to obtain a blocking number is to confirm the ownership and amount of a particular security.  <u>See</u> Objection at ¶ 10.  The Proof of Claim and supporting documentation submitted by Rakepoll satisfy these goals by clearly setting forth both ownership and amount of the securities at issue. The Objection is solely technical in nature.  Rakepoll's proof of claim constitutes *prima facie* evidence of the validity and amount of its claim, and the Debtor has failed to satisfy its burden in

refuting the validity of the claim.  Expungement of the Proof of Claim is therefore inappropriate under the circumstances.

11.     Neither the Debtors nor any other party has been (or will be) harmed or prejudiced by the allowance of the Proof of Claim.  On the other hand, Rakepoll will be significantly prejudiced if the Objection is sustained and the Debtor will receive a windfall at the expense of a legitimate creditor of the estate.  The Proof of Claim was timely filed and clearly asserts the basis and amount of the claim against LBHI.  The Proof of Claim is listed on a publicly-accessible claims register maintained on the Debtors' website, www.lehman-docket.com.  Accordingly, expunging the Proof of Claim solely because a blocking number was not included is not warranted under the circumstances and the balance of the harms tips clearly in Rakepoll's favor.

12.     Even assuming, *arguendo*, that a blocking number was required, the Proof of Claim should still survive as an informal proof of claim because sufficient information was timely provided to the Debtors to put them on notice of Rakepoll's claim.  See, e.g., In re Drexel Burnham Lambert Group, Inc., 129 B.R. 22, 26 (Bankr. S.D.N.Y. 1991) (informal proof of claim "must state an explicit demand showing: 1) the nature of the claim; 2) the amount of the claim against the estate; and 3) evidence of an intent to hold the debtor liable.").  The fundamental requirement of a proof of claim is to put a debtor on notice by a certain date that a particular claimant has a claim against it and to provide general information about that claim.  See In re Hanscom Retail Foods, Inc., 96 B.R. 33, 36 (Bankr. E.D. Pa. 1988) ("Since the purpose of a proof of claim is for the creditor to put the estate on notice of its demand against the estate and its intention to hold the estate liable [citation omitted], this purpose is met so long as the nature of the claim . . . is clearly and timely announced."); see also In re American Classic Voyages

Co., 405 F.3d 127, 132 (3d Cir. 2005) ("In order to constitute an informal proof of claim, the alleged demand must be sufficient to put the debtor and/or the court on notice as to 'the existence, nature and amount of the claim (if ascertainable).'") (citing In re Charter Co., 876 F.2d 861, 863 (11th Cir. 1989)); In re Anderson-Walker Indus., Inc., 798 F.2d 1285, 1288 (9th Cir. 1986) (allowing informal proof of claim where letter "unambiguously states the existence and amount of the debt, that the Debtor owed this sum to [the creditor], and that it had not been paid.").

13.     Here, the Proof of Claim clearly satisfies the requirements for an informal proof of claim.  Rakepoll has provided the Debtors with an explicit demand setting forth the nature of the claim, the amount of the claim, and Rakepoll's intent to hold LBHI liable.   LBHI was clearly aware of its obligation to Rakepoll as a guarantor and, accordingly, the claim set forth in the Proof of Claim should be allowed.  Considerations of equity clearly weigh in Rakepoll's favor and expungement is not warranted under the circumstances.

WHEREFORE, Rakepoll respectfully requests that the Court deny the Objection as it relates to the Proof of Claim and grant such other and further relief as the Court deems just and proper.

Dated:  April 11, 2011
         New York, New York

Respectfully submitted,


_____/s/Timothy W. Walsh_____
DLA PIPER LLP (US)
1251 Avenue of the Americas, 25th Flr.
New York, New York  10020
Telephone:  212.335.4500
Facsimile:  212.335.4501
Timothy W. Walsh

*Attorneys for Rakepoll Finance N.V.*