**Hearing Date and Time: April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James H.R. Windels
Brian M. Resnick

LINKLATERS LLP
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Martin Flics
Paul S. Hessler

*Attorneys for the Joint Administrators of the UK Administration Companies*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|   |   |
|---|---|
| In Re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
|   | (Jointly Administered) |
| Debtors. |   |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE OF THE JOINT ADMINISTRATORS OF THE UK
ADMINISTRATION COMPANIES TO THE MOTION OF THE AD HOC
GROUP OF LEHMAN BROTHERS CREDITORS FOR ENTRY OF (I) AN
ORDER SCHEDULING A DISCLOSURE STATEMENT HEARING AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (II) AN
ORDER APPROVING THE DISCLOSURE STATEMENT FOR THE JOINT
SUBSTANTIVELY CONSOLIDATING CHAPTER 11 PLAN FOR LEHMAN
BROTHERS HOLDINGS INC. AND CERTAIN OF ITS AFFILIATED DEBTORS**

TO:   THE HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers International (Europe) (in administration) ("LBIE"), Lehman

Brothers Limited, Lehman Brothers Holdings PLC, LB UK Re Holdings Limited, Storm

Funding Limited, Mable Commercial Funding Limited, Lehman Brothers Europe

Limited, Lehman Brothers UK Holdings Ltd, LB UK Financing Ltd, LB SF No. 1,

Cherry Tree Mortgages Limited, Lehman Brothers Lease and Financing (No. 1) Limited,

Zestdew Limited, Monaco NPL (No. 1) Limited, Lehman Commercial Mortgage Conduit

Limited, LB RE Financing No. 3 Limited, Lehman Brothers (PTG) Limited, Eldon Street

Holdings Limited, LB Holdings Intermediate 2 Limited, and Thayer Properties Limited

(each in administration and together with LBIE, the "UK Administration Companies"),

acting by and through their Joint Administrators[1] and their undersigned counsel, submit

this response ("Response") to the Motion, dated March 29, 2011 [Docket No. 15431] (the

"Motion"),[2] of the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group")

for Entry of (i) an Order Scheduling a Disclosure Statement Hearing and Approving the

Form and Manner of Notice Thereof and (ii) an Order Approving the Disclosure

Statement for the Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers

Holdings Inc. and Certain of Its Affiliated Debtors Other Than Merit, LLC, LB Somerset

LLC and LB Preferred Somerset LLC (the "AHG Disclosure Statement").

---

[1] At various times between September 15, 2008 and July 20, 2010, the UK Administration
Companies entered English administration proceedings pursuant to the English Insolvency Act of 1986.  By
orders of the English High Court of Justice, Anthony Victor Lomas, Steven Anthony Pearson, Dan Yoram
Schwarzmann, Michael John Andrew Jervis, and Derek Anthony Howell were appointed as the Joint
Administrators of the UK Administration Companies.

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

**BACKGROUND**

1.    On March 29, 2011 the Ad Hoc Group filed the Motion, seeking entry of an order, <u>inter alia</u>, scheduling a hearing for June 28, 2011 to consider approval of the AHG Disclosure Statement concurrently with the Debtors' proposed disclosure statement, dated January 25, 2011 [Docket No. 14151] (the "<u>Debtors' Disclosure Statement</u>"), and setting the time for any objections and responses to the AHG Disclosure Statement, and any replies thereto, on the same schedule as briefing for the Debtors' Disclosure Statement.

2.    On April 6, 2011 certain operating company creditors (the "<u>Operating Company Creditors</u>") filed a Response of the Operating Company Creditors to the Motion of the Ad Hoc Group of Lehman Brothers Creditors Seeking Among Other Things, An Order Scheduling a Disclosure Statement Hearing and Approving the Form and Manner of Notice Thereof (the "<u>Op Co Response</u>"), <u>inter alia</u>, supporting the relief requested in the Motion as it relates to scheduling a hearing to consider approval of any disclosure statement relating to any alternative plan concurrently with the hearing on the Debtors' Disclosure Statement.

3.    On April 8, 2011 the Debtors filed an Opposition and Objection to Motion of the Ad Hoc Group of Lehman Brothers Creditors Dated March 29, 2011 (the "<u>Debtors' Objection</u>").  The Debtors urge the Court to exercise its discretion to preclude creditors from considering any alternative to the First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated January 25, 201 [Docket No. 14150] (the "<u>Debtors' Plan</u>"), unless and until the Debtors' Plan fails.

4.    Subsequently, on April 8, 2011 the Official Committee of Unsecured

Creditors (the "Official Committee"), filed a Response of the Official Committee of

Unsecured Creditors to Motion of the Ad Hoc Group of Lehman Brothers Creditors for

Entry of (I) an Order Scheduling a Disclosure Statement Hearing and Approving the

Form and Manner of Notice Thereof and (II) an Order Approving the Disclosure

Statement for the Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers

Holdings Inc. and Certain of Its Affiliated Debtors (the "Committee's Response").  The

Official Committee supports concurrent consideration of the AHG Disclosure Statement

(and any other disclosure statements filed and served at least twenty-eight (28) days prior

to the deadline for objections to the Debtors Disclosure Statement) and the Debtors'

Disclosure Statement.  The Official Committee notes that "the Debtors' exclusive periods

to file a plan and solicit acceptances thereof have expired, and . . . there is ample time for

proper notice of the June 28, 2011 hearing."  (Committee's Response at 2)  The Official

Committee therefore supports consideration of alternate disclosure statements

concurrently with the Debtors' Disclosure Statement, and it argues that any request to

sequence the solicitation process with respect to such disclosure statements is premature.

(Committee's Response at 2, 3)

## RESPONSE

5.    While styled an "opposition and objection," the Debtors' Objection, filed

on only three business days' notice, is a request by the Debtors for sweeping relief that

will substantially affect the rights and interests of the UK Administration Companies and

the Debtors' other creditors.  The Debtors urge the Court to preclude creditors from

considering *any* plan other than the Debtors' Plan unless and until the Debtors' Plan fails.

As set forth below, the relief requested by the Debtors is premature (it is neither

necessary nor appropriate to resolve the Ad Hoc Motion), and the Debtors should not, in

any event, be permitted to raise the request in a manner that impairs the creditors' due

process rights by including it in a response to the Motion a mere three business days prior

to the hearing.

      6.   As recognized by the Official Committee, the Debtors' argument that

consideration of *all* plans should be deferred until after theirs is premature, as it is based

on a value judgment of the inadequacy of the Ad Hoc Plan.  The Debtors argue:

> The Ad Hoc Plan is not representative of the interests of creditors
> or the Debtors.  Rather it is an attempt to apply leverage with the
> objective of materially increasing recoveries to the Ad Hoc
> Group's members.  In such circumstances, it is prudent and proper
> to sequence the processing of proposed plans and grant primacy to
> the Debtors and best serve the interests of all stakeholders and
> parties in interest.

(Debtors' Objection at 7).  The relief the Debtors seek, however, is not limited to the Ad

Hoc Group or its proposed plan.  Rather, the Debtors seek to sequence consideration of

*any* proposed disclosure statements and plans to enable the Debtors to proceed first.  (See

Debtors' Objection at 9)

      7.   Additional alternative plans and disclosure statements may be filed

between now and the May 27, 2011 deadline for responses and objections to the Debtors'

Disclosure Statement.  Plans that have been or may be filed may later be amended or

withdrawn.  Parties may reach settlements which may affect decisions on whether or not

to file and/or support alternative plans.  In short, the facts and circumstances that

underpin the Debtors' request are extremely fluid and will almost surely change

substantially before any issues of sequencing ever need to be resolved.  The UK

Administration Companies thus agree with the Official Committee that alternative

disclosure statements should be considered concurrently with the Debtors' Disclosure

Statement. (Committee Response at 2-3)  The UK Administration Companies further

agree with the Official Committee that the issue of sequencing the solicitation process

with respect to competing disclosure statements is not currently ripe and should be raised

(if at all) in connection with the June 28 disclosure statement hearing (or such date

thereafter as may be appropriate). (Committee's Response at 3)

8.    The UK Administration Companies accordingly support the Ad Hoc

Motion, the Op Co Response, and the Committee' Response to the extent they seek entry

of an order or otherwise ask the Court to allow a hearing on any disclosure statement

relating to a plan filed by any party in interest filed at least twenty-eight (28) days prior to

the deadline for objections to the Debtors' Disclosure Statement to be heard on June 28,

2011 (or a later date in the event that the hearing on the Debtors' Disclosure Statement is

adjourned to such later date).

<strong><u>CONCLUSION</u></strong>

WHEREFORE, the UK Administration Companies respectfully request that the

Court (i) refuse the Debtors' request to sequence consideration of proposed disclosure

statements and plans to enable the Debtors to proceed first, (ii) permit the hearing on the

AHG Disclosure Statement (and any other disclosure statements filed and served at least

twenty-eight (28) days prior to the deadline for objections to the Debtors' Disclosure

Statement) to proceed concurrently with the hearing on the Debtors' Disclosure

Statement, and (iii) grant such other and further relief as is just and proper.

6

Dated:    New York, New York
          April 11, 2011

                        DAVIS POLK & WARDWELL LLP


                        By:    /s/ Marshall S. Huebner
                               Marshall S. Huebner
                               James H.R. Windels
                               Brian M. Resnick
                        450 Lexington Avenue
                        New York, New York 10017
                        (212) 450-4000


                        LINKLATERS LLP
                        1345 Avenue of the Americas
                        New York, New York 10105
                        Telephone: (212) 903-9000
                        Facsimile: (212) 903-9100
                        Martin Flics
                        Paul S. Hessler

                        *Attorneys for the UK Administration
                        Companies*