WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
 :
Debtors. : (Jointly Administered)
 :
----------------------------------------------------------------x

**NOTICE OF FILING OF REVISED ORDER
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE GRANTING
AUTHORITY TO LCPI TO CONSENT TO ITS NON-DEBTOR AFFILIATE LEHMAN
ALI, INC. (I) ENTRING INTO COMMITMENT LETTER WITH INNKEEPERS USA
TRUST (II) SUPPORTING THE CHAPTER 11 PLAN OF CERTAIN AFFILIATES OF
INNKEEPERS USA TRUST; AND (III) PARTICIPATING IN THE AUCTION FOR
CERTAIN OF THE ASSETS OR EQUITY OF INNKEEPERS USA TRUST**

In connection with the hearing to be held on April 13, 2011 at 10:00 a.m. with

respect *to Motion of Lehman Commercial Paper Inc. Pursuant to Section 363 of the Bankruptcy*

*Code for Authority to Consent to its Non-Debtor Affiliate Lehman ALI Inc. (I) Entering into*

*Commitment Letter with Innkeepers USA Trust; (II) Supporting the Chapter 11 Plan Of Certain*

*Affiliates of Innkeepers USA Trust; and (III) Participating in the Auction for Certain of the*

*Assets or Equity of Innkeepers USA Trust* [Docket No. 15259] (the "Innkeepers Motion"),[1]

---

[1] Any capitalized term used, but not defined herein shall have the meaning ascribed to such term in the Innkeepers Motion.

Lehman Commercial Paper Inc., as debtors and debtors in possession in the above-referenced chapter 11 cases, hereby file a revised form or order approving the Innkeepers Motion (the "Revised Innkeepers Order").

Attached hereto as Exhibit A is a clean copy of the proposed Revised Innkeepers Order and attached hereto as Exhibit B is a blacklined copy of the proposed Revised Innkeepers Order, marked against the version filed with the Innkeepers Motion.

Dated: April 11, 2011
      New York, New York

    /s/ Alfredo R. Pérez
    Alfredo R. Pérez

    WEIL, GOTSHAL & MANGES LLP
    700 Louisiana Street, Suite 1600
    Houston, Texas 77027
    Telephone: (713) 546-5000
    Facsimile: (713) 224-9511

    Attorneys for Debtors
    and Debtors in Possession

# **EXHIBIT A**

US_ACTIVE:\43680647\01\58399.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                   :

In re                                              :         Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         08-13555 (JMP)

                        Debtors.               :         (Jointly Administered)
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE GRANTING AUTHORITY TO LCPI TO CONSENT TO ITS NON-DEBTOR AFFILIATE LEHMAN ALI, INC. (I) ENTRING INTO COMMITMENT LETTER WITH INNKEEPERS USA TRUST (II) SUPPORTING THE CHAPTER 11 PLAN OF CERTAIN AFFILIATES OF INNKEEPERS USA TRUST; AND (III) PARTICIPATING IN THE AUCTION FOR CERTAIN OF THE ASSETS OR EQUITY OF INNKEEPERS USA TRUST**

Upon the motion, dated March 22, 2011 (the "Motion"),[1] of Lehman Commercial Paper Inc. ("LCPI"), as debtor in possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing LCPI to consent to Lehman ALI, Inc. ("ALI"), a non-Debtor affiliate of LCPI, (i) entering into a commitment letter related to the proposed restructuring of certain affiliates of Innkeepers USA Trust ("Innkeepers"), (ii) supporting the chapter 11 plan of Innkeepers, and (iii) if necessary, participating in the auction for certain of the assets of Innkeepers USA Trust, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

---

[1] Any capitalized term used but not defined herein shall have the meaning ascribed to such term in the Motion.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI's entry into the Commitment Letter, the ALI/Five Mile Commitment, the Stalking Horse Bid and ancillary and related documents and agreements and consummation of the transactions contemplated thereby; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI executing, delivering, implementing, and performing any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to enter into the Commitment Letter, the Stalking Horse Bid, the ALI/Five Mile Commitment, and all other related documents and agreements; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI (or its affiliate designee) executing, delivering, implementing, and performing of any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to consummate the transactions set forth in the Commitment Letter, the ALI/Five Mile Commitment, the Stalking Horse Bid and all other

2

related documents or agreements, which include the conversion of the ALI Mortgage Loan into up to 50% of the new equity in Innkeepers (the "New Equity"), and to take any and all appropriate actions to enforce the provisions of the Commitment Letter, the Stalking Horse Bid and all other related documents and agreements; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI entering into the Escrow Agreement and to funding the Deposit as contemplated thereby; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI selling or causing the sale of up to 20% of the New Equity, and entering into any documents and agreements necessary to effectuate such sale, and consummating any transactions set forth therein, but that such sale shall not be necessary for ALI to consummate the transaction set forth in the Commitment Letter or the Stalking Horse Bid; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI participating, if necessary, in the Auction for certain of the assets of Innkeepers USA Trust, submitting an overbid for any or all of such assets, and modifying the terms of the Commitment Letter, the ALI/Five Mile Commitment, the Stalking Horse Bid and any related documents or agreements as necessary for ALI to participate in the Auction, subject to the authority granted by the Lehman Board of Directors and the Official Committee of Unsecured Creditors, without further approval from this Court; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI supporting and voting in favor of the Innkeepers' chapter 11 plan that incorporates the transactions set forth in the Commitment Letter, the ALI/Five Mile Commitment, and the Stalking Horse Bid, or such documents as modified as a result of the Auction; or to take any and all appropriate actions with respect to a plan that does not incorporate such a transaction; and it is further

3

ORDERED that if there is an Auction and the winning bidder is not ALI and Five Mile, LCPI is authorized and empowered to consent to ALI, in accordance with the Commitment Letter, supporting and voting in favor of any Innkeepers' chapter 11 plan that incorporates the winning bid; and it is further

ORDERED that the automatic stay in LCPI's chapter 11 case is modified to the extent necessary to permit Innkeepers, ALI (or its affiliate designee), and LCPI to take any or all of the actions permitted by the terms and conditions of the Commitment Letter, the ALI/Five Mile Commitment, the Stalking Horse Bid and all related documents and agreements; and it is further

ORDERED that nothing in the Motion or in this Order shall modify or amend any terms and conditions of the Commitment Letter, the ALI/Five Mile Commitment, the Stalking Horse Bid, or any related documents or agreements; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that Debtors are authorized to comply with each provision of the Commitment Letter, the ALI/Five Mile Commitment, and the Stalking Horse Bid; and it is further

ORDERED that notwithstanding entry of this Order, all other rights, claims and defenses of LBHI and LCPI or any of the Debtors or their non-debtor affiliates with respect to the ownership of the ALI Mortgage Loan and the Mezzanine Loan (including without limitation rights, claims and defenses arising with respect to ownership from the Met Life Transaction) shall be reserved and not affected by this Order;

4

ORDERED that nothing contained in the Motion or this Order shall be deemed to be a waiver or the relinquishment of any other rights, claims, interests, obligations, benefits, or remedies of LCPI, LBHI or any of the Debtors or their non-debtor affiliates, that any of the Debtors or their non-debtor affiliates may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each other or third parties and that such reservations will be preserved as between the Debtors or their non-debtor affiliates notwithstanding any relief granted or order entered in the Innkeepers USA Trust chapter 11 bankruptcy case pending under case number 10-13800.  It is further ordered that the parties are authorized to execute such further documentation necessary to reflect this reservation of rights;

ORDERED, to the extent that the cash consideration received by Lehman Ali on account of its ALI Mortgage Loan Claims (including any cash consideration received from the sale of New Equity within 60 days following the closing date of any transaction authorized by this Order) exceeds the amount due and owing on the ALI Mortgage Loan Claims as a result of the ALI/Five Mile Transaction or any transaction in the Innkeepers bankruptcy authorized by this Order, Lehman Ali will be required to pay over immediately any such excess amounts to the beneficial owners of SASCO.

Dated: April __, 2011
       New York, New York

                                                                _____
                                                                HONORABLE JAMES M. PECK
                                                                UNITED STATES BANKRUPTCY JUDGE

5

# **EXHIBIT B**

US_ACTIVE:\43680647\01\58399.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE GRANTING AUTHORITY TO LCPI TO CONSENT TO ITS NON-DEBTOR AFFILIATE LEHMAN ALI, INC. (I) ENTRING INTO COMMITMENT LETTER WITH INNKEEPERS USA TRUST (II) SUPPORTING THE CHAPTER 11 PLAN OF CERTAIN AFFILIATES OF INNKEEPERS USA TRUST; AND (III) PARTICIPATING IN THE AUCTION FOR CERTAIN OF THE ASSETS OR EQUITY OF INNKEEPERS USA TRUST**

Upon the motion, dated March 22, 2011 (the "Motion"),[1] of Lehman Commercial Paper Inc. ("LCPI"), as debtor in possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing LCPI to consent to Lehman ALI, Inc. ("ALI"), a non-Debtor affiliate of LCPI, (i) entering into a commitment letter related to the proposed restructuring of certain affiliates of Innkeepers USA Trust ("Innkeepers"), (ii) supporting the chapter 11 plan of Innkeepers, and (iii) if necessary, participating in the auction for certain of the assets of Innkeepers USA Trust, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

---

[1] Any capitalized term used but not defined herein shall have the meaning ascribed to such term in the Motion.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI's entry into the Commitment Letter, the ALI/Five Mile Commitment, the Stalking Horse Bid and ancillary and related documents and agreements and consummation of the transactions contemplated thereby; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI executing, delivering, implementing, and performing any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to enter into the Commitment Letter, the Stalking Horse Bid, the ALI/Five Mile Commitment, and all other related documents and agreements; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI (or its affiliate designee) executing, delivering, implementing, and performing of any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to consummate the transactions set forth in the Commitment Letter, the ALI/Five Mile Commitment, the Stalking Horse Bid and all other

related documents or agreements, which include the conversion of the ALI Mortgage Loan into up to 50% of the new equity in Innkeepers (the "New Equity"), and to take any and all appropriate actions to enforce the provisions of the Commitment Letter, the Stalking Horse Bid and all other related documents and agreements; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI entering into the Escrow Agreement and to funding the Deposit as contemplated thereby; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI selling or causing the sale of up to 20% of the New Equity, and entering into any documents and agreements necessary to effectuate such sale, and consummating any transactions set forth therein, but that such sale shall not be necessary for ALI to consummate the transaction set forth in the Commitment Letter or the Stalking Horse Bid; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI participating, if necessary, in the Auction for certain of the assets of Innkeepers USA Trust, submitting an overbid for any or all of such assets, and modifying the terms of the Commitment Letter, the ALI/Five Mile Commitment, the Stalking Horse Bid and any related documents or agreements as necessary for ALI to participate in the Auction, subject to the authority granted by the Lehman Board of Directors and the Official Committee of Unsecured Creditors, without further approval from this Court; and it is further

ORDERED that LCPI is authorized and empowered to consent to ALI supporting and voting in favor of the Innkeepers' chapter 11 plan that incorporates the transactions set forth in the Commitment Letter, the ALI/Five Mile Commitment, and the Stalking Horse Bid, or such documents as modified as a result of the Auction; or to take any and all appropriate actions with respect to a plan that does not incorporate such a transaction; and it is further

ORDERED that if there is an Auction and the winning bidder is not ALI and Five Mile, LCPI is authorized and empowered to consent to ALI, in accordance with the Commitment Letter, supporting and voting in favor of any Innkeepers' chapter 11 plan that incorporates the winning bid; and it is further

ORDERED that the automatic stay in LCPI's chapter 11 case is modified to the extent necessary to permit Innkeepers, ALI (or its affiliate designee), and LCPI to take any or all of the actions permitted by the terms and conditions of the Commitment Letter, the ALI/Five Mile Commitment, the Stalking Horse Bid and all related documents and agreements; and it is further

ORDERED that nothing in the Motion or in this Order shall modify or amend any terms and conditions of the Commitment Letter, the ALI/Five Mile Commitment, the Stalking Horse Bid, or any related documents or agreements; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that Debtors are authorized to comply with each provision of the Commitment Letter, the ALI/Five Mile Commitment, and the Stalking Horse Bid; and it is further

ORDERED that notwithstanding entry of this Order, all other rights, claims and defenses of LBHI and LCPI or any of the Debtors or their non-debtor affiliates with respect to the ownership of the ALI Mortgage Loan and the Mezzanine Loan (including without limitation rights, claims and defenses arising with respect to ownership from the Met Life Transaction) shall be reserved and not affected by this Order;

ORDERED that nothing contained in the Motion or this Order shall be deemed to be a waiver or the relinquishment of any other rights, claims, interests, obligations, benefits, or remedies of LCPI, LBHI or any of the Debtors or their non-debtor affiliates, that any of the Debtors or their non-debtor affiliates may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each other or third parties, and that such reservations will be preserved as between the Debtors or their non-debtor affiliates notwithstanding any relief granted or order entered in the Innkeepers USA Trust chapter 11 bankruptcy case pending under case number 10-13800. It is further ordered that the parties are authorized to execute such further documentation necessary to reflect this reservation of rights; ~~and it is further~~

ORDERED, to the extent that the cash consideration received by Lehman Ali on account of its ALI Mortgage Loan Claims (including any cash consideration received from the sale of New Equity within 60 days following the closing date of any transaction authorized by this Order) exceeds the amount due and owing on the ALI Mortgage Loan Claims as a result of the ALI/Five Mile Transaction or any transaction in the Innkeepers bankruptcy authorized by this Order, Lehman Ali will be required to pay over immediately any such excess amounts to the beneficial owners of SASCO.

Dated: April __, 2011
       New York, New York

                                        _____
                                        HONORABLE JAMES M. PECK
                                        UNITED STATES BANKRUPTCY JUDGE