Hearing Date: April 13, 2011 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
Stacey J. Rappaport
MILBANK, TWEED, HADLEY & M$^{c}$CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

David S. Cohen
MILBANK, TWEED, HADLEY & M$^{c}$CLOY LLP
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 835-7586

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | : | Case No. 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTION 105 OF
THE BANKRUPTCY CODE AND RULE 7026 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ESTABLISH
AND IMPLEMENT PROCEDURES IN CONNECTION WITH
<u>DISCOVERY RELATED TO PLAN CONFIRMATION</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and each of its affiliated chapter 11 debtors in possession (collectively, the "<u>Debtors</u>"), hereby files this statement (the "<u>Statement</u>") in support of the Debtors' motion, dated March 8, 2011 [Docket No. 14867] (the "<u>Motion</u>"), pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

(as amended, the "Bankruptcy Code") and Rule 7026 of the Federal Rules of Bankruptcy Procedure, seeking authorization to establish and implement procedures in connection with discovery related to plan confirmation (as amended on April 11, 2011, the "Plan Discovery Procedures"). In support of the Motion, the Committee respectfully states as follows:

## STATEMENT

1. The Committee supports the Court's approval of the Plan Discovery Procedures, as they establish a fair and efficient means for all parties in interest to obtain information necessary to meaningfully evaluate the Debtors' Plan, the Ad Hoc Group Plan, and any other chapter 11 plans that may be filed in these cases.[1] Importantly, the Committee has worked closely with the Debtors in establishing the Plan Discovery Procedures and has made diligent efforts to obtain and provide input from creditors. The Committee acknowledges that certain parties have objected to the Plan Discovery Procedures and have expressed dissatisfaction with certain provisions. Given the unprecedented size and complexity of the Chapter 11 Cases, however, it is simply not practical for all parties in interest to agree on all aspects of the discovery procedures. In the Committee's view, the current draft of the Plan Discovery Procedures strikes an appropriate compromise that is both functional and efficient and will allow a hearing on plan confirmation to take place in a reasonably timely manner.

### A. The Plan Discovery Procedures Reflect Extensive Creditor Input

2. The Committee has worked closely and diligently with counsel for the Debtors since November 2010 to establish an appropriate set of discovery procedures in connection with plan confirmation in these Chapter 11 Cases. In doing so, the Committee has consistently emphasized that the procedures must provide adequate access to information while at the same time expedite the discovery process and maximize efficiency (so as to manage

2

potentially significant costs to the estates). Specifically, the Committee stressed that the Plan Discovery Procedures (i) permit a hearing on plan confirmation to take place in a reasonably timely manner; (ii) provide a structured, orderly process for all parties to participate in discovery without giving them unfettered discretion to serve their own, separate and duplicative discovery requests; and (iii) appropriately protect the confidentiality of information disclosed by producing parties.

3.   While working with the Debtors to establish the Plan Discovery Procedures, the Committee solicited feedback from its constituents and relayed such views to the Debtors. After extensive consultation, the Debtors formulated an initial draft of the discovery procedures that reflected considerable input from the Committee. This draft was then shared with certain creditor groups. These groups provided additional comments, which the Debtors considered and incorporated in part prior to filing the Motion on March 8, 2011. After filing the Motion, the Debtors and the Committee continued to field and discuss additional comments from creditors. On March 31, 2011, April 6, 2011, and April 11, 2011, the Debtors filed amended versions of the Plan Discovery Procedures, which reflected a substantial number of these additional comments.

4.   The Committee acknowledges that not all potentially interested parties provided individualized input on the Plan Discovery Procedures and also that not all differences between diverging views were able to be reconciled. Nevertheless, the Committee believes that the Plan Discovery Procedures currently before the Court are the product of an open and collaborative effort and, for the reasons set forth herein, their approval is in the best interests of the Debtors' unsecured creditors.

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**B.    The Plan Discovery Procedures Appropriately Balance Discovery Needs With the Time, Costs, and Administrative Burdens Associated with Discovery in the Chapter 11 Cases**

5.    The main objective of the Plan Discovery Procedures is to develop a discovery process that is open and thorough but does not inappropriately burden the Court or cause the Debtors' estates (and, as a result, unsecured creditors for whom the Committee acts as fiduciary) to incur unreasonable costs.  One way in which the Plan Discovery Procedures accomplish this objective is by creating a two-step process for generating discovery requests.  This process requires that (i) similarly-situated creditors of the various Debtors are grouped into ten individual categories, and (ii) each group provides one set of discovery requests to an appointed "Designated Party,"[2] which is charged with consolidating all such requests into one master set of requests for service upon the Debtors, the Ad Hoc Group, or other applicable party.  (See Plan Discovery Procedures, ¶¶ 3(a)-(d), 5(a)-(d), 6(a)-(e).)[3]

6.    By assembling creditors into groups and consolidating discovery requests, the discovery procedures avoid the alternative "free for all" scenario, in which all parties in interest would be able to serve separate, individualized discovery requests, limited only by the applicable rules of procedure.  Such a scenario would be completely unworkable under the facts and circumstances of these cases, as it would be exorbitantly expensive and would not allow a hearing on plan confirmation to occur within any reasonable timeframe.

7.    Importantly, in addition to alleviating unnecessary cost and delay, the grouping process contemplated by the Plan Discovery Procedures also preserves the ability of

---

[2]    In the case of discovery requests served upon the Ad Hoc Group or other non-debtor participants, the Debtors will be the Designated Party.  See id., ¶¶ 5(a)-(d), 6(a)-(e).

[3]    The Committee understands that a number of creditors would prefer that the Committee serve as the party that consolidates discovery requests from the creditor groups and as the Designated Party with respect to discovery sought from the Debtors.  The Committee stands ready, willing and able to perform this role if called upon to do so.

4

individual creditors to raise within their creditor groups any discovery requests they deem necessary and appropriate in connection with plan confirmation.[4]  To the extent an interested party feels that it has been unfairly represented in this process, that party may ultimately seek relief from the Court.  (Id., ¶¶ 3(e), 5(e), 6(f), 17.)

8.    In addition to grouping creditors and utilizing Designated Parties for serving discovery requests, the Plan Discovery Procedures include other important provisions that provide structure and order without unnecessarily compromising parties' rights.  For example, the Plan Discovery Procedures (i) address privilege issues in a practical and efficient manner by not requiring participants to bear the unnecessary burden and expense of searching and reviewing certain categories of documents that are likely to be privileged (id, ¶ 3(j)); (ii) provide for the creation of a readily-accessible online repository of documents (id., ¶ 4); (iii) prohibit direct service of discovery requests upon Barclays Capital Inc. ("Barclays") and instead require such requests to flow through the Debtors in an orderly fashion (id., ¶ 3(l)); (iv) curtail certain burdensome and normally unproductive discovery devices, including contention interrogatories and requests for admission (id., ¶¶ 12, 14); and (v) set aggressive but workable deadlines for completion of each phase of the discovery process.

9.    Finally, the Plan Discovery Procedures also incorporate the Protective Order, which seeks to provide adequate confidentiality protections for information designated by disclosing parties as either "confidential" or "attorneys' eyes only."  At the same time, the Protective Order permits other parties to challenge such confidentiality designations, thus ensuring that public disclosure is only limited when appropriate.

---

[4]    The Plan Discovery Procedures also ensure that, once each group of creditors has submitted its set of requests to the Designated Party, the Designated Party has no discretion to modify or remove such requests, other than to avoid duplication.  See, e.g., id., ¶ 3(d).

10. Overall, the Committee believes that the Plan Discovery Procedures establish a framework for a workable and efficient process that adequately preserves the discovery rights of all parties in interest. The Committee feels particularly comfortable supporting the Plan Discovery Procedures given that the Committee and its constituents have provided detailed and significant input in their formulation. Finally, the Committee believes that it is important that the Court consider and approve the Plan Discovery Procedures now, rather than waiting to do so until some point in the future, so that the discovery process can be initiated as soon as possible and these cases can begin moving toward plan confirmation.

## CONCLUSION

11. For the foregoing reasons, the Committee respectfully requests that the Court grant (a) the Motion, and (b) such other relief as the Court deems just.

Dated:   New York, New York
         April 11, 2011

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Stacey J. Rappaport
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

David S. Cohen
1850 K Street N.W., Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.