Hearing Date and Time: April 28, 2011 at 11:00 a.m.
Objection Date: April 13, 2011 at 4:00 p.m.

Jeff J. Friedman
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorney for Geroa Pentsioak EPSV*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS, INC., | : | (Jointly Administered) |
| et al., | | |
| | : | |
| Debtors. | | |

------------------------------------------------------------x

## RESPONSE OF GEROA PENTSIOAK EPSV TO DEBTORS' ONE HUNDRED SECOND OMNIBUS OBJECTION TO CLAIMS (FOREIGN CURRENCY CLAIMS)

Geroa Pentsioak EPSV ("Geroa"), through its undersigned counsel, hereby responds to the Debtors' One Hundred Second Objection to Claims (Foreign Currency Claims) [Docket no. 14950] seeking entry of an order disallowing and expunging certain specified claims, including Claim Nos. 12395 and 12396 asserted by Geroa (the "Geroa Claims"), and respectfully states as follows:

### Background

1. On September 15, 2008 (the "Petition Date"), and at subsequent dates thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries and affiliates (the "Debtors") filed in this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

2. On July 2, 2009, the Court entered an Order Pursuant To Section 502(b)(9) Of The

Bankruptcy Code And Bankruptcy Rule 3003(c)(3) Establishing The Deadline For Filing Proofs of Claim, Approving The Form And Manner Of Notice Thereof And Approving The Proof of Claim Form (the "<u>Bar Date Order</u>") [Docket No. 4271], setting forth, *inter alia*, requirements for the filing of a proof of claim arising from Lehman Program Securities (as defined therein), including a requirement that "claims submitted in respect of any Lehman Program Security must: . . . (ii) to the extent a claim amount is reflected thereon, be denominated in lawful currency of the United States, using the exchange rate as applicable as of September 15, 2008." Bar Date Order at ¶ 13.

      3. On September 14, 2009, Geroa, an insurance company operating in Spain, timely filed the Geroa Claims against LBHI in connection with bonds held by Geroa and included among the Lehman Program Securities (ISIN XS0285422597 and ISIN XS0323312974). Proof of claim number 12395 asserted a claim against the Debtors of €2,000,000.00, and proof of claim number 12396 asserted a claim against LBHI of €1,000,000.00. In entering the amounts of the Geroa Claims, Geroa listed the value of the bonds in the applicable currency – euros – under which the securities were issued, inadvertently failing convert the foreign currency securities into U.S. currency using applicable exchange rates as of the Petition Date.

      4. On March 11, 2011, the Debtors filed their One Hundred Second Omnibus Objection (the "<u>Omnibus Objection</u>")[Docket no. 14950], seeking an order, *inter alia*, disallowing and expunging the Geroa Claims on the grounds that the Geroa Claims were filed "in denominations other than the lawful currency of the United States." Omnibus Objection at ¶ 5. Geroa has since filed amendments to the Geroa Claims to state them in US dollars.

**Response**

A. **Geroa's Mistake Was Harmless Error**

5. Geroa has filed amended claims converting the amount it is owed from euros to US dollars. The assertion of its claims in euros rather than U.S. currency, has not resulted in any harm to the Debtors or to other parties. Geroa, like thousands of other bondholders, held bonds issued by the Debtors or their affiliates in euro denominations. The value of these bonds, and of the resultant claims asserted by Geroa, are not controversial, nor would it be difficult for the Debtors to ascertain the value of Geroa claims, given the prevalence of a multitude of similar and identical claims arising from the Lehman Securities Program. Moreover, the very conversion requirements advanced by the Debtors inevitably require the Debtors to review each converted claim to ensure that claimants (i) relied upon the correct, Debtor-approved exchange rates as of the petition date; and (ii) properly calculated the conversion of the applicable foreign currency claim to the U.S. currency.

6. Thus, not only are the Geroa Claim amounts easily ascertainable, but the failure of Geroa to convert the claims amounts to US dollars has no effect on the Debtors' ultimate need to perform their own conversions of claims based on a foreign currency. The Debtors undoubtedly will be required by the Court to treat identically all holders of LBHI obligations denominated in euros as of the petition date – that is converting their claims to US dollars using an identical exchange rate. It is not clear, for example, whether LBHI intends to use an exchange rate determined at the close of business on Friday, September 12, 2008 as its chapter 11 case was filed before the opening of business on September 15, 2008, or an exchange rate in effect during the day on September 15, 2008. Will LBHI rely on an exchange rate reported on Bloomberg, the Wall Street Journal or a rate derived from some other source? These rates frequently vary from

3

one source to another by small amounts. But when magnified by the substantial claims against LBHI, those minor rate differences will be material.

7. Indeed, the Debtors implicitly admit that the procedural mistake made by Geroa has not harmed the Debtors. In contrast to other omnibus objections of the Debtors,[1] the sole justification here for expunging the Geroa Claims appears to stem from the procedural violation in Geroa's inadvertent failure to follow the currency conversion requirements. Thus, the Court is faced with a technical objection where the remedy sought – expungement of otherwise undisputable bond claims well in excess of $4 million – is utterly disproportional to the harm. There have been no distributions in these cases and LBHI will have to review every such claim stated in dollars claim to determine whether it should object to the claim because the conversion rate used by the claimant differs from the rate LBHI believes to be appropriate. Geroa's mistake in inadvertently failing to convert bond amounts issued in round euro increments – a mistake corrected by filed amendments to the Geroa Claims – should not be fatal to its claims.

8. The Bankruptcy Rules make clear that an executed proof of claim filed in accordance with the Bankruptcy Rules is <u>prima facie</u> evidence of the validity of the claim. Fed. R. Bankr. P. 3001(f). There can be little doubt that Geroa otherwise satisfied the requirements of the Bankruptcy Rules as the Geroa Claims are signed, timely-filed and included the nature of each claim and the amount sought. At the very least, Geroa's inclusion of an amount listed in the wrong currency is analogous to a proof of claim that contains insufficient documentation or lacks some other piece of information. As stated by one court:

> If the documentation is missing, the creditor cannot rest on the proof of claim. It does not follow that he is forever barred from establishing the claim. Nothing in the principles or practicalities of bankruptcy or in the language of any rule or

---

[1] *See e.g.,* Debtors Twenty-Ninth Omnibus Objection to Claims [Docket no. 10280], stating that the Debtors were seeking to avoid the harm of duplicate distributions to creditors. ¶ at 7.

4

> statute justifies so disproportionate a sanction for a harmless error. . . . A creditor
> should therefore be allowed to amend his incomplete proof of claim . . . to comply
> with the requirements of Rule 3001, provided that other creditors are not harmed
> by the belated completion of the filing.

In re Stoecker, 5 F.3d 1022, 1028 (7th Cir. 1993) (citations omitted). As stated above, neither the Debtors nor any other party has been (or will be) harmed or prejudiced here. Completely expunging the Proofs of Claim is simply not warranted here. Geroa has filed amended proofs of claim in which it has stated the claims in lawful United States currency.

### B.    Alternatively, The Geroa Claims Qualify as Informal Proofs of Claim

9.    Even absent this harmless error, however, the Geroa Claims should still survive as cognizable informal proofs of claim because sufficient information was timely provided to the Debtors to put them on notice as to Geroa's claim. See, e.g., In re Drexel Burnham Lambert Group, Inc., 129 B.R. 22, 26 (Bankr. S.D.N.Y. 1991) (informal proof of claim "must state an explicit demand showing: 1) the nature of the claim; 2) the amount of the claim against the estate; and 3) evidence of an intent to hold the debtor liable."). The fundamental requirement of a proof of claim is to put a debtor on notice by a certain date that a particular claimant has a claim against it and to provide general information about that claim. In re Hanscom Retail Foods, Inc., 96 B.R. 33, 36 (Bankr. E.D. Pa.1988) ("Since the purpose of a proof of claim is for the creditor to put the estate on notice of its demand against the estate and its intention to hold the estate liable [citation omitted], this purpose is met so long as the nature of the claim . . . is clearly and timely announced."); In re Guidry, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005) (stating that "a proof of claim . . . is simply 'a written statement setting forth a creditor's claim,' conforming substantially to the appropriate Official Form."). See also, In re American Classic Voyages Co., 405 F.3d 127, 132 (3d Cir. 2005) ("In order to constitute an informal proof of

5

claim, the alleged demand must be sufficient to put the debtor and/or the court on notice as to 'the existence, nature and amount of the claim (if ascertainable).'") <u>citing</u> <u>In re Charter Co.</u>, 876 F.2d 861, 863 (11th Cir.1989); <u>In re Anderson-Walker Indus., Inc.</u>, 798 F.2d 1285, 1288 (9th Cir. 1986) (allowing informal proof of claim where letter "unambiguously states the existence and amount of the debt, that the Debtor owed this sum to [the creditor], and that it had not been paid.").

10. Here, the Geroa Claims clearly satisfy the requirements for informal proofs of claim. Even without the currency conversion, the Debtors have been provided with an explicit demand placing them on notice and detailing for them the nature of the claims (i.e., a claim for an LBHI guaranteed bond and the specific ISIN related to the securities issue), straight-forward, common, and easily understood claims amounts, and Geroa's intent to hold the Debtors liable. Moreover, the Debtors cannot contend that they were unaware of the basis and amount of the claim. The Debtors are fully aware of the extent of the Lehman Program Securities (having created the detailed list on the Epiq website). Geroa's bonds were two of thousands of identical Lehman securities, issued in million euro increments, of which the Debtors were also fully aware. The Debtors' only concern seems to be the procedural issue of conversion.

11. Geroa has filed amended proofs of claim setting forth the claims amounts in lawful United States currency, and believes that amendment should be treated as any minor amendment to a timely filed proof of claim. Even if the amendment is considered a late-filed proof of claim, however, the minor errors due to confusion on the part of this Spanish company, unfamiliar with the US bankruptcy system, should constitute excusable neglect under Rule 9006(b)(1) of the Bankruptcy Rules in light of the lack of any prejudice or harm whatsoever to the Debtors' estates

6

or their creditors.  See, e.g., Pioneer Investment Services Co. v. Brunswick Associates LP, 507 U.S. 380, 395 (1993) (holding that determination of whether neglect is excusable for purposes of allowing a late-filed claim is an equitable one taking into account all relevant factors including danger of prejudice to the debtor, length of the delay and impact on judicial proceedings, the reason for the delay including whether it was in the control of the claimant, and whether the claimant acted in good faith).  Here, Geroa attempted in good faith to comply with the proof of claim requirements but simply made an error in using the amounts of the Lehman bonds rather than the converted values of these bonds.  Upon learning of its error by the filing of the Objection by LBHI, Geroa promptly amended its claims.  There has been no prejudice to the Debtors or other parties.  Geroa's error was inadvertent and lacks any element of bad faith.  Considerations of equity clearly favor Geroa and do not warrant a remedy as harsh as expungement of the Geroa Claims, as amended.

      WHEREFORE, Geroa respectfully requests that the Court deny the Objection as it relates to the Proofs of Claim and grant such other and further relief as is just and proper.

Dated: April 12, 2011

                                        KATTEN MUCHIN ROSENMAN LLP

                                        By:   */s/ Jeff J. Friedman*

                                        Jeff J. Friedman
                                        575 Madison Avenue
                                        New York, New York 10022
                                        Telephone: (212) 940-8800
                                        Facsimile: (212) 940-8776

                                        *Attorneys for Geroa Pentsioak EPSV*