B 210A (Form 210A) (12/09)

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    Case No. **08-13555**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**NEWFINANCE ALDEN SPV**                    **METHOD INVESTMENT AND ADVISORY**

Name of Transferee                          Name of Transferor

Name and Address where notices to transferee      Court Claim # (if known): 50472
should be sent:                             Total Amount of Claim Filed:
                                            USD $ 2,848,600.00 (equivalent to 2,000,000.00
                                            EURO at exchange rate of 1.4243)
                                            Amount of Claim Transferred:
                                            USD $ 35,607.50 (equivalent to 25,000.00
                                            EURO at exchange rate of 1.4243)
                                            ISIN/CUSIP: XS0306226696
**Chris Scholfield**                        Date Claim Filed: 28 October, 2009
**Alden Global Capital**
**885 Third Avenue**
**New York, New York 10022**
**Phone: 212-418-6862**
**Email:** CScholfield@smithnyc.com

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.

By:_____        Date: 4/5/11
       Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. **50472** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the
alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim
Other than for Security in the clerk's office of this court on ..................

**METHOD INVESTMENT AND ADVISORY**          **NEWFINANCE ALDEN SPV**

Name of Alleged Transferor                      Name of Transferee

Address of Alleged Transferor:                  Address of Transferee:
**Illiquidx Ltd**                               **Alden Global Capital**
**107-111 Fleet Street**                        **885 Third Avenue**
**London EC4A 2AB**                             **New York, New York 10022**
**United Kingdom**                              **United States of America**

### ~~DEADLINE TO OBJECT TO TRANSFER~~
The alleged transferor of the claim is hereby notified that objections must be filed with the court
within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the
court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                    _____
                                   CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY ("AGREEMENT")

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Method Investment and Advisory ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to NewFinance Alden SPV (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 50472 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor") and acquired by Seller from Nenigoen, S.L. ("Prior Seller") on behalf of Purchaser under that certain Agreement and Evidence of Transfer of Claim Lehman Program Security between Seller and Prior Seller as of the same date herewith ("Predecessor Transfer Agreement") , (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements (including, without limitation, the Predecessor Transfer Agreement), under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's rights, titles and interests in, to and under any rights or remedies of Seller or any prior seller against any other prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim and (v) any and all voting and other rights and benefits arising from or under the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claim), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and shall convey good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances of any kind or nature whatsoever; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will reduce or impair or otherwise adversely affect the Transferred Claim or result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor; (g) there have been no objections filed or threatened against Seller in respect of the Transferred Claim; (h) neither the Transferred Claim nor any portion thereof is subject to any claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance, or subordination and Seller has not received any notice that the Transferred Claim are void or voidable or subject to any disallowance, reduction, impairment or objection of any kind; (i) this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (j) neither the execution, delivery or performance of this Agreement nor the consummation of the transactions contemplated hereby will violate any law, rule, regulation, order, agreement or instrument affecting the Seller or the Transferred Claim; (k) there has not been any notice of acceleration with respect to the Purchased Security issues by Lehman Brothers Treasury Co. V.B. (the "Issuer"); and (l) no filing



before the Dutch bankruptcy court in respect of the Purchased Security is required to be filed in order for this transfer to be effective.

3.      Purchaser represents and warrants that (a) this Agreement constitutes the valid, legal and binding agreement of Purchaser, enforceable against Purchaser in accordance with its terms and (b) neither the execution, delivery or performance of this Agreement nor the consummation of the transactions contemplated hereby will violate any law, rule, regulation, order agreement or instrument affecting Purchaser.

4.      Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Right be delivered or made to Purchaser. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser.

5.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

6.      Subject to paragraph 8 below, Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.      Each of Seller and Purchaser agrees that the delivery obligations of the Seller under this Agreement and Evidence of Transfer are subject to receipt by the Seller of the relevant purchase price, provided however that delivery of the Purchased Security and payment of the relevant purchased price shall occur on the same date.

9.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of ____ 2011.



NewFinance Alden SPV

By: _____
Name:
Title:

885 Third Avenue
New York NY 100022
United States

Method Investment And Advisory

By: _____
Name: Marco Borsa
Title: Director

16 Berkley Street
London W1J 8DZ
United Kingdom



Schedule 1

Purchased Claim

1.25% of U.S. $2,848,600.00 (U.S. $2,848,600.00 being the outstanding amount of the Proof of Claim as of 24th of March, 2011) equivalent to U.S. $35,607.50

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY CO. B.V. Series 7536 - Issue of EUR 2,800,000 Notes Linked to the Lehman Brothers AREVO Strategy, due June 2010 | XS0306226696 | Lehman Brothers Treasury BV | Lehman Brothers Holding Inc | Euro 25,000.00 . Which is 1.25% of the outstanding claim amount | AREVO Strategy Linked | 30/06/2010 | U.S. $35,607.50 (@ Euro 1.4243 being Euro 25,000.00 |