| | |
|---|---|
| **ROBINSON BROG LEINWAND GREENE** | Hearing Date: April 28, 2011 |
| **GENOVESE & GLUCK P.C.** | at 10:00 A.M. |

875 Third Avenue
New York, New York 10022-0123
Tel. No.: (212) 603-6300
**Robert M. Sasloff, Esq.**

*Counsel for Richard S. Locke*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-13555 (JMP) |
| **LEHMAN BROTHERS HOLDINGS, INC.** | (Jointly Administered) |
| *et. al.* | |
| Debtors. | |

-------------------------------------------------------x

### RICHARD S. LOCKE'S OPPOSITION TO DEBTORS' ONE HUNDRED TENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY PENSION CLAIMS)

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

**Richard S. Locke**, by his attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, as and for his opposition ("Opposition") to the motion ("Motion") of **Lehman Brothers Holdings Inc.** ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows[1]:

1.    The Debtors submit that its liability for any of its pension related obligations have been assumed by the PGBC. However, in addition to the pension plan that was covered by PGBC Settlement, Mr. Locke received payments under a supplemental retirement benefit

---
[1] The Opposition assumes the definitions of the Motion

526620

plan that was non-qualified by the Internal Revenue Code ("IRC") or ERISA. Accordingly, those obligations are still claims against the Debtors and were not assumed by the PGBC pursuant to the PGBC Settlement. Mr. Locke's proof of claim (Proof of Claim Number 9581, annexed hereto as Exhibit A) addresses his claim for amounts owed under the supplemental retirement benefit plan. Accordingly, the Motion seeking to expunge Mr. Locke's claim should be denied.

## Background

2.      Through the 1980s, Mr. Locke was a member of the Executive Committee of E.F. Hutton & Co., which was acquired in December 1987 by Shearson Lehman, a predecessor-in-interest of the Debtors. As a member of the Executive Committee, Mr. Locke was entitled to retirement benefits under their qualified pension plan as well as under a supplemental pension plan.

3.      On May 26 1992, when he was 55, Mr. Locke elected to begin withdrawing from his pension benefits.

4.      Mr. Locke was granted a pension benefit under the Shearson Lehman Brothers Inc. Retirement Plan, which later became the Lehman Brothers Inc. Retirement Plan (the "Plan"), and which is covered by the PGBC Settlement.

5.      Mr. Locke also received a retirement benefit from the supplemental retirement plan benefit from E.F. Hutton, which was assumed by the Debtors when they acquired E.F. Hutton and, upon information and belief, was called the Shearson/American Express Inc. Supplemental Retirement Plan (the "Supplemental Retirement Benefit"). The Supplemental Retirement Benefit was established to provide additional benefits in addition to the Plan, which is limited by 26 IRC §415. (*See* Correspondence between the Debtors and Mr. Locke

526620

regarding Mr. Locke's retirement benefits, annexed hereto as Exhibit B). The Supplemental Retirement Benefit is a non-qualified pension plan, which was not guaranteed by the PGBC. The Supplemental Retirement Benefit was paid directly by the Debtors' payroll department, and not through the Plan. (A letter from the Shearson Lehman Brothers describing Mr. Locke's retirement benefits is annexed hereto as Exhibit C). Accordingly, at 55 when Mr. Locke retired, from May 1992 through the Petition Date, Mr. Locke received two (2) payments each month; one from the Plan and the other from the payroll department of the Debtors for the Supplemental Retirement Benefit.

6. After the Petition Date, the Debtors stopped sending payments to Mr. Locke on account of the Supplemental Retirement Benefit, but continued to send payments on account of the Plan. (*See* Letter from Lehman Brothers, Inc. describing the Supplemental Retirement Benefit as a non-qualified plan, annexed hereto as Exhibit D). Subsequent to the PGBC Settlement, Mr. Locke has received payments on account of the Plan from the PGBC, but is still not receiving anything on account of the Supplemental Retirement Benefit.

7. On or about August 26, 2009, Mr. Locke filed a claim in the Debtors' case in the amount of $550,000 representing amounts due him and his wife under the Supplemental Retirement Benefit only and not amounts covered by the Plan.

**Objection**

8. On or about March 14, 2011, the Debtors filed the Motion seeking to disallow and expunge certain filed proofs of claim covering pension claims.

9. In the Motion, the Debtors describe the PGBC Settlement as "The PBGC assumed full responsibility to pay pension benefits in accordance with ERISA. The amount of pension benefits payable by the PBGC is subject to the limits set forth in ERISA. (Motion,

526620

3

¶9)." However, as described above, since the claim filed by Mr. Locke represent monies due him under the Supplemental Retirement Benefit and not the Plan and since the Supplemental Retirement Benefit was a non-qualified plan under ERISA and the IRC, it was not covered by the PBGC Settlement and it remains an obligation of the Debtors. Therefore, Mr. Locke's claim should not be disallowed and/or expunged.

**WHEREFORE,** for all the reasons set forth herein, with respect to Mr. Locke's Claim, the Motion should be denied.

**Dated:** New York, New York
April 12, 2011

**ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
Counsel to Richard S. Locke**

By: /s/ *Robert M. Sasloff*
 **Robert M. Sasloff**
 875 Third Avenue, 9th Floor
 New York, New York 10022
 Tel. No.: (212) 603-6300

526620

4