

B 210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                                    Case No. **08-13555**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **ILLIQUIDX LTD** | **Mega International Asset Management Co., Ltd.** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**Galina Alabatchka**
**Managing Director**
**Illiquidx Ltd**
**80 Fleet Street**
**London EC4Y 1EL, UK**
**Phone: +44 207 832 0181**
**Email: amore@illiquidx.com**

Court Claim # (if known): **44980**
Total Amount of Claim Filed:
USD $ 2,032,250.00
Amount of Claim Transferred:
USD $ 2,032,250.00 (100% of claim amount)
ISIN/CUSIP: XS0336248322
Date Claim Filed: October 23, 2009

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____(signature)_____                                    Date: April 4, 2011
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.    Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **44980** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **4th of April 2011.**

**Mega International Asset Management Co., Ltd.**    **ILLIQUIDIX LTD**
Name of Alleged Transferor    Name of Transferee

Address of Alleged Transferor:    Address of Transferee:

**Mega International Asset Management Co., Ltd.**    **Illiquidx Ltd**
**Suite 2202, 22/F, Cosco Tower,**    **80 Fleet Street**
**183 Queen's Road Central**    **London EC4Y 1EL**
**Sheung Wan, Hong Kong**    **United Kingdom**

~~DEADLINE TO OBJECT TO TRANSFER~~
The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____    _____
CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Mega International Asset Management Co., Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Illiquidx Ltd. (the "Purchaser"), under the condition set out in clause 7 and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 44980 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) as of the date hereof, to the best of its knowledge, amounts due and owing by Lehman Brothers Treasury Co. B.V. as issuer in respect of each Purchased Security have not been accelerated ; ( h ) No Call Option in respect of the Purchased Securities has been called by the Issuer as of the date of this Agreement; ( i ) Seller has not received a Credit Event Notice and no Credit Event Redemption Date has been determined by Lehman Brothers International (Europe) as Calculation Agent; (j) no filing before the Dutch bankruptcy court in respect of the Purchased Security is necessary at today's date in order for this transfer to be effective; and (k) it has not received any objections from the US Bankruptcy Trustee in respect of the Purchased Claim. For the purpose of the above representations, capitalised terms not otherwise defined in this Agreement shall have the meanings assigned to them in the Final Terms dated December 12, 2007.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by

Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Each of Seller and Purchaser agrees that the delivery obligations of the Seller under this Agreement and Evidence of Transfer are subject to receipt by the Seller of the relevant purchase price, provided however that delivery of the Purchased Security and payment of the relevant purchased price shall occur on the same date.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 4th day of April, 2011.

| | |
|---|---|
| Mega International Asset Management Co., Ltd.<br>Suite 2202, 22/F, Cosco Tower, 183 Queen's Road<br>Central, Sheung Wan, Hong Kong.<br>For and on behalf of<br>MEGA INTERNATIONAL ASSET MANAGEMENT COMPANY LIMITED<br>兆豐國際資產管理有限公司<br><br>By: /s/ _____<br>      Director/Authorised Signature(s)<br>Name: Fang Kuan Jui<br>Title: Director | Illiquidx Ltd.<br>80 Fleet Street<br>London EC4Y 1EL<br>UNITED KINGDOM<br><br>By: /s/ _____<br>Name: Galina Alabatchka<br>Title: *Managing Director* |

2

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

100% of US$ 2,032,250.00 which is the equivalent of US$ 2,032,250.00 (the outstanding amount of ISIN/CUSIP XS0336248322 as described in the Proof of Claim as of 4 April, 2011), plus all accrued interest, fees and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | U.S. $ Amount claimed in Proof of Claim with respect to Lehman Programs Securities to which Transfer relates |
|---|---|---|---|---|---|---|---|
| Issue of USD2,400,000 Index-Linked Notes due December 2017 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Program | XS0336248322 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 100.00% of the ISIN/CUSIP XS0336248322 under the Proof of Claim, which is US$ 2,000,000.00. | Index-Linked interest | 14th of December 2017 | US$ 2,032,250.00, plus all accrued interest, fees and recoveries due. |

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)      0000044980 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
Mega International Asset Management Co., Ltd.
Units 2201-07 22/F Cosco Tower,
Nos. 181-3 Queen's Road Central, Hong Kong

Telephone number: +852 2295 5629    Email Address: alice@megasec.com.hk

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: 8 June 2009

**Name and address where payment should be sent** (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ 2,032,250** (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** XS0336248322 (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:** 6011394 (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:** 22549 (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date.<br>25 Sept 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. /s/ Tommy | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br>OCT 2 3 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

**Name of Creditor: Mega International Asset Management Co., Ltd.**
**ISIN Code: XS0336248322**
**Blocking Number: 6011394**

| Principal | US$2,000,000.00 |
|---|---|
| Interest | 8.45% p.a. |
| Payment of Interest | Quarterly |
| Amount of Interest (quarterly) | US$42,250.00 |
| Interest due to be paid (but unpaid) | 14 September 2008 |
| Amount of claim as of 15 September 2008 | US$1,990,000.00 + US$42,250.00 = US$2,032,250.00 |

```
SETTLEMENT
DEC  11 2007
WE HAVE PLEASURE IN CONFIRMING THE FOLLOWING BUSINESS WITH YOU.
ON DEC   5 WITH SETTLEMENT DEC 14 WE EXECUTED THE FOLLOWING
FOR THE ACCOUNT OF: MEGA SECURITIES(HONG KONG)
                    CO LTD
C.O.D. ACCOUNT:           53-00688
FAX NUMBER   : 85221690811
YOU BOUGHT   :           2,000,000.00
SECURITY     : ISIN  XS0336248322
DESCRIPTION  : LEHMAN BROS TREASURY
             : CO BV FRN 20171214
             : SERIES  9245 EMTN
PRICED AT    : 99.5000000
SETTLES IN US DOLLARS
IN RETURN CORRESPONDENCE PLEASE QUOTE  ITSESIL5
& REF  V4X2JY-1  AS OF
PRINCIPAL:                         1,990,000.00
INTEREST:                                  0.00    DAYS:       0
NET AMOUNT TO BE PAID:             1,990,000.00
SPECIAL INSTRUCTIONS:
14751673
ORIG14743944
DELIVERY-INSTRUCTIONS:
WE WILL DELIVER, VERSUS PAYMENT,
FROM: EUROCLEAR A/C 92904
      A/C LEHMAN BROS INT'L EUR, LDN
TO:   EUROCLEAR 22549
THE DETAILS OF ANY CHARGES SHARED WITH ANOTHER PERSON OR ANY
REMUNERATION BEING PASSED TO THIRD PARTIES FOR INTRODUCING
BUSINESS WILL BE MADE AVAILABLE ON REQUEST
PLEASE ADVISE ANY DISAGREEMENT WITHIN 24 HOURS
QUOTING REF NOS.
THANKS AND REGARDS
LEHMAN BROTHERS INTERNATIONAL (EUROPE)
REGULATED BY FSA
```

## MEGA INTERNATIONAL COMMERCIAL BANK CO., LTD.
### HEAD OFFICE - TRUST DEPARTMENT

TO: Mega Securities (Hong Kong) Co. Ltd.

ATTN: Mr. Ken Kwok  
FAX NO.: 002-852-2525-2586/2169-0811

CC: Ms. Carey Chuang  
FAX NO.: 33227297

RE: Cash Movement Statement (A/C 22549) -- Dec. 2007

| Date | Amount (in USD) | Description |
|---|---|---|
| Opening | ██████ | |
| 12/4 | ██████ | ██████ |
| 12/4 | ██████ | ██████ |
| 12/5 | ██████ | ██████ |
| 12/6 | ██████ | ██████ |
| 12/7 | ██████ | ██████ |
| 12/7 | ██████ | ██████ |
| 12/10 | ██████ | ██████ |
| 12/12 | ██████ | ██████ |
| 12/13 | ██████ | ██████ |
| 12/13 | ██████ | ██████ |
| 12/13 | ██████ | ██████ |
| 12/13 | ██████ | ██████ |
| 12/14 | (1,990,000.00) | settlement-LEHMAN BROTHERS TREASU 8.45000 14/12/1 |
| 12/14 | ██████ | ██████ |
| 12/14 | ██████ | ██████ |
| 12/14 | ██████ | ██████ |
| 12/14 | ██████ | ██████ |
| 12/14 | ██████ | ██████ |
| 12/17 | ██████ | ██████ |
| 12/17 | ██████ | ██████ |
| 12/17 | ██████ | ██████ |

Huang Chin Sheng

Closing USD ██████

Authorized Signature  
Manager/ Trust Dept.

☆ XS0336748522



