Alan J. Lipkin  
Elizabeth Horowitz  
Marina I. Zelinsky  
WILLKIE FARR & GALLAGHER LLP  
787 Seventh Avenue  
New York, NY 10019-6099  
(212) 728-8000  

Hearing Date: June 2, 2011 at 10:00 a.m.

*Attorneys for Royal Charter Properties - East, Inc.*

UNITED STATES BANKRUPTCY COURT  
FOR THE SOUTHERN DISTRICT OF NEW YORK  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | Case No. 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## OPPOSITION OF ROYAL CHARTER PROPERTIES - EAST, INC. TO DEBTORS' SIXTY-SEVENTH OMNIBUS CLAIMS OBJECTION AS IT APPLIES TO PROOF OF CLAIM NO. 10220

Royal Charter Properties - East, Inc. ("RCPE"), by and through its undersigned attorneys, hereby submits this Opposition (the "Opposition") to the Debtors' Sixty-Seventh Omnibus Claims Objection to Proofs of Claim, dated November 3, 2010 [Docket No. 12533] (the "Objection"), as it concerns RCPE's claim, and in support thereof, respectfully represents as follows:

### RELEVANT BACKGROUND

1. On September 3, 2009, RCPE timely filed a proof of claim, which was assigned the claim number 10220 (the "Claim"), against Lehman Brothers Derivative Products, Inc. ("LBDP"), one of the above-captioned debtors (collectively, the "Debtors").

6100925.7

2. The Claim relates to: (i) a rate cap agreement, dated as of June 20, 2005 between LBDP and RCPE, maturing on November 15, 2036; and (ii) a rate cap agreement, dated as of November 15, 2006, between LBDP and RCPE, maturing on May 15, 2020 (collectively, the "Rate Cap Agreements," copies of which are attached to the Claim).

3. Following, inter alia, the occurrence of a "Termination Event" under the Rate Cap Agreements, RCPE gave notice of termination of the Rate Cap Agreements to LBDP by letters, dated September 18, 2008 and September 23, 2008 (collectively, the "Termination Notices"). The termination became effective on September 23, 2008. Consistent with the Rate Cap Agreements, RCPE entered into certain replacement rate cap agreements with JPMorgan Chase Bank, N.A.

4. Upon notice of termination, LBDP became obligated to pay damages to RCPE as determined pursuant to section 13 of the Rate Cap Agreements. Accordingly, RCPE filed the Claim, in an amount of not less than $8,911,102.24, plus additional amounts including, but not limited to, interest, costs, expenses and legal fees. All such amounts are calculated and due pursuant to the Rate Cap Agreements, including, without limitation, sections 14 and 15 thereof.

5. On November 3, 2010, the Debtors filed the Objection, pursuant to which LBDP seeks to reduce the Claim to $7,085,655.00. The Objection does not specify how LBDP determined such amount and provides only a vague overview of LBDP's general claims review process. Consequently, RCPE interprets the Objection as a "books and records" objection and responds accordingly. RCPE reserves all rights to the extent, if any, LBDP has any specific objection to the Claim.

6100925.7

**OPPOSITION**

6. LDBP does not dispute the validity of the Rate Cap Agreements or that at least $8,911,102.24 is owed to RCPE pursuant to the terms of the Rate Cap Agreements. Indeed, the Objection provides no insight as to how or why the Debtors arrived at a reduced claim amount other than that "the asserted claim amount is greater than the fair, accurate and reasonable value of the claim." Objection ¶ 13.

7. Meanwhile, RCPE calculated the amount of the termination payment through use of the Market Quotation process specified in section 14 of the Rate Cap Agreements. Additionally, at the appropriate time, RCPE should be entitled to liquidate and assert claims for pospetition interest and costs of collection in accordance with section 15 of the Rate Cap Agreements.

8. Respecting the interest portion of the claim, postpetition interest is paid to general unsecured creditors when the debtor is solvent. See Kitrosser v. CIT Group/Factoring, Inc., 177 B.R. 458, 469 (S.D.N.Y. 1995 ) ("One situation in which the debtor is required to pay postpetition interest on unsecured or undersecured debt is when the debtor in a bankruptcy reorganization is found to be solvent."). Here, LBDP is solvent and, therefore, must pay postpetition interest on the Claim.

9. Further, there is ample authority supporting the inclusion of amounts for attorneys' costs and liquidated damages in a proof of claim. The Second Circuit Court of Appeals has held that under title 11 of the United Stated Code (the "Bankruptcy Code"), prepetition claims based on amounts owing for attorneys' fees and liquidated damages should be allowed so long as the underlying contractual provisions are valid and enforceable. See Ogle v. Fidelity & Deposit Co. of Md., 586 F.3d 143, 146 (2nd Cir. 2009) (holding that creditors are

entitled, under the Bankruptcy Code, to recover attorneys' fees that were authorized by otherwise enforceable prepetition contracts); United Merchants & Manuf., Inc., 674 F.2d 134, 139-41 (2nd Cir. 1982) (holding that claims for attorneys' fees and liquidated damages that are based on enforceable contract provisions negotiated by equally sophisticated parties bargaining at arm's length are enforceable in bankruptcy proceedings). See also, In re Saint Vincent's Catholic Medical Centers of New York, 440 B.R. 587 (Bankr. S.D.N.Y. 2010) (citing Ogle and United Merchants & Manuf., Inc., and holding that claims based on valid contractual clauses providing for, inter alia, payment of attorneys' fees and liquidated damages, are allowable).

10. Further, the Rate Cap Agreements are governed by New York State law and the provisions addressing attorneys' fees and liquidated damages are fully enforceable thereunder. As to attorneys' fees, the right to collect attorneys' fees and related costs expended for enforcing an agreement is a standard provision in contracts of this nature. Respecting liquidated damages, under New York law a contractually agreed upon sum for liquidated damages is enforceable when: (a) actual damages may be difficult to determine; and (b) the sum stipulated is not "plainly disproportionate" to the potential loss. See United Merchants & Manuf., Inc., 674 F.2d at 142; Walter E. Heller & Co., Inc. v. American Flyers Airline Corp., 459 F.2d 896, 899 (2nd Cir. 1972) (same). That standard is met here. Accordingly, the liquidated damages clause is enforceable and, therefore, RCPE's Claim properly includes the amount arising from such provision.

11. Based on the foregoing, the Claim is valid in its entirety and should be allowed in full, together with additional amounts for interest and costs of collection.

6100925.7

## CONCLUSION

WHEREFORE, RCPE respectfully requests that this Court overrule the Objection respecting RCPE's Claim, allow the Claim in full, and grant RCPE such other relief as is just and proper.

Dated: April 13, 2011

                                              Respectfully submitted,

                                              WILLKIE FARR & GALLAGHER LLP

                                              By:  /s/ Alan J. Lipkin
                                                   Alan J. Lipkin
                                                   Elizabeth Horowitz
                                                   Marina I. Zelinsky
                                              787 Seventh Avenue
                                              New York, NY 10019-6099
                                              (212) 728-8000

                                              *Counsel to Royal Charter Properties - East, Inc.*