Response Deadline: April 13, 2011 at 4 p.m.<br>Hearing Date: April 28, 2011 at 10:00 a.m.

FRESHFIELDS BRUCKHAUS DERINGER US LLP
Walter B. Stuart
Jessica R. Simonoff
520 Madison Avenue, 34th Floor
New York, NY 10022
(212) 277-4000

*Counsel for Bayerische Landesbank*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

**RESPONSE OF BAYERISCHE LANDESBANK TO DEBTORS'
ONE HUNDRED AND THIRD OMNIBUS OBJECTION TO CLAIMS
(VALUED DERIVATIVE CLAIMS)**

Bayerische Landesbank ("**BayernLB**"), by its undersigned counsel, submits this response (the "**Response**") to the Debtors' One Hundred and Third Omnibus Objection to Claims (Value Derivative Claims) [docket no. 15003] (the "**Objection**") and respectfully states as follows:

**FACTUAL BACKGROUND**

A.   *BayernLB's Relationship with LBSF and Lehman Holdings*

1.   BayernLB and Lehman Brothers Special Finance, Inc. ("**LBSF**") entered into a 1992 ISDA Master Agreement and Schedule dated October 18, 2002, a Credit

US946906

Support Annex (by virtue of an Amendment Agreement dated January 27, 2005), and various confirmations (collectively, the "**ISDA**").

2.      Lehman Brothers Holdings, Inc. ("**Lehman Holdings**") served as a Credit Support Provider and unconditionally guaranteed LBSF's obligations under the ISDA pursuant to a written guarantee dated October 17, 2002 (the "**Lehman Holdings Guarantee**").  BayernLB is also the beneficiary of a written consent passed unanimously by the Executive Committee of the Lehman Holdings Board of Directors on June 9, 2005, evidencing their intention to fully guarantee the payment of all liabilities, obligations, and commitments of LBSF and various other subsidiaries (the "**Written Consent**" and, together with the Lehman Holdings Guarantee, the "**Guarantee**").

3.      The ISDA and the Guarantee created a framework through which BayernLB and LBSF entered into hundreds of transactions, including credit default swaps, interest rate swaps, cross currency swaps, swaption contracts, interest rate caps and interest rate floors.

4.      On September 15, 2008, and periodically thereafter, Lehman Holdings and certain of its affiliates, including LBSF (collectively, the "**Debtors**"), commenced a voluntary bankruptcy case under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  Commencement of the proceedings constituted an Event of Default under the ISDA.

5.      On September 18, 2008, BayernLB delivered a notice of early termination to LBSF designating September 19, 2008 as the Early Termination Date for all of its

outstanding transactions with LBSF under the ISDA. Shortly thereafter, on October 17, 2008, BayernLB delivered a statement of amounts payable as a result of the termination to LBSF, claiming EUR 35,747,985.06 . On November 3, 2008, BayernLB further sent LBSF an amended and restated statement of amounts payable, claiming the same amount but adding BayernLB's account details.

B.   *BayernLB's Claims Against the Debtors*

6.   On September 21, 2009, BayernLB filed Proof of Claim No. 19949 against LBSF (the "**ISDA Claim**"), referencing its obligations under the ISDA and claiming no less than EUR 35,855,356.34, which using the exchange rate applicable on the Early Termination Date is equal to approximately $51,043,685.29, and Proof of Claim No. 19950 against Lehman Holdings (the "**Guarantee Claim**"), referencing its obligations under the Guarantee and claiming no less than EUR 35,855,356.34, which using the exchange rate applicable on the Early Termination Date is equal to approximately $51,043,685.29. The claimed amounts include the amounts payable as a result of the termination, interest that continues to accrue under the ISDA, and certain legal fees. BayernLB has reserved the right to amend the ISDA Claim and the Guarantee Claim to reflect the ongoing interest accrual.

7.   On July 2, 2009, this Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "**Bar Date Order**") [docket no. 4271]. The Bar Date Order required parties filing claims based on derivatives contracts to "complete

the electronic Derivative Questionnaire…[and] electronically upload supporting documentation on the website….." Bar Date Order at 7. The Bar Date Order further required parties filing claims based on guarantees to "complete the electronic Guarantee Questionnaire…[and] electronically upload supporting documentation and evidence of the underlying claim amount on the website…." *Id*. at 7-8. In compliance with the Bar Date Order, BayernLB responded to the electronic questionnaires and uploaded extensive documentation concerning its valuations to the Debtors' website.

8.  Over the several months that followed, representatives of the Debtors repeatedly contacted BayernLB to request further details concerning BayernLB's valuation of the terminated transactions, which BayernLB provided.

9.  On March 14, 2011, the Debtors filed the Objection, seeking the reduction of both claims from $51,043,685.29 to $24,612,681.94. The Debtors have offered no support or justification for the proposed reduction in the claimed amounts, beyond stating that "the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records." Objection at ¶ 13.

### ARGUMENT

I.  **THE CLAIMS SHOULD BE ALLOWED BECAUSE THE DEBTORS HAVE FAILED TO PRODUCE ANY EVIDENCE IN SUPPORT OF THEIR OBJECTION**

10.  Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") provides that "a proof of claim executed and filed in accordance

with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See In re Enron Creditors' Recovery Corp.*, No. 01-16034, 2007 WL 2480532, at *3 (Bankr. S.D.N.Y. Aug. 28, 2007). This Court has recognized that Debtors must "provide 'substantial evidence' to rebut a prima facie presumption of validity of a proof of claim." *Id*. Merely stating that Debtors' books and records do not reflect a Claimant's claimed amounts "does not constitute 'substantial evidence' sufficient to rebut the prima facie validity of [the claim]." *Id*. at *4.

11.     Although BayernLB timely filed the ISDA Claim, the Guarantee Claim, the accompanying questionnaires, and extensive supporting documentation, the Debtors have failed to provide any evidence whatsoever to support the Objection. To the contrary, Debtors have simply disagreed with the claimed amounts and requested that this Court disallow approximately 50% of BayernLB's claims. Debtors have neglected to provide any information concerning their alternative valuation of BayernLB's claims, leaving BayernLB to guess the basis of their Objection. The Objection, therefore, does not meet the standard set by this Court and should be denied.

## II.     THE CLAIMS SHOULD BE ALLOWED BECAUSE BAYERNLB HAS CARRIED ITS BURDEN OF PROOF TO SUPPORT ITS CLAIMS

12.     BayernLB is entitled to full allowance of either the ISDA Claim or the Guarantee Claim. BayernLB believes that it has carried any evidentiary burden associated with these claims through its filing of the ISDA Claim, the Guarantee Claim, and the various supporting documentation referenced herein.

**13.** In the event that this Court finds that BayernLB has not yet met its burden of proof, if any, then BayernLB requests discovery from the Debtors concerning their valuation of the ISDA and Guarantee Claims and reserves the right to amend and supplement this Response. BayernLB also reserves the right to request an evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amounts of the ISDA and Guarantee Claims.

## CONCLUSION

BayernLB respectfully requests that this Court deny the Objection to the extent that Debtors seek any reduction to BayernLB's claims; allow Proof of Claim No. 19949 and Proof of Claim No. 19950 each in the amount of $51,043,685.29; and grant such other, further relief as this Court may deem to be just and proper.

Dated: April 13, 2011                    Respectfully Submitted,

                                                                /s/ Walter B. Stuart
                                                                Walter B. Stuart
                                                                 Jessica R. Simonoff
                                                                 FRESHFIELDS BRUCKHAUS
                                                                 DERINGER US LLP
                                                                 520 Madison Avenue, 34th Floor
                                                                 New York, NY 10022
                                                                 Telephone: (212) 277-4000

                                                                 *Counsel for Bayerische Landesbank*