Carmine D. Boccuzzi
Paul R. St. Lawrence
David Y. Livshiz
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Nordic Investment Bank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc., et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**VERIFIED RESPONSE OF NORDIC INVESTMENT BANK
TO THE DEBTORS' ONE HUNDRED AND THIRD OMNIBUS
OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Nordic Investment Bank (a.k.a. Nordiska Investeringsbanken) ("NIB") hereby files its response in opposition to the Debtors' One Hundred and Third Omnibus Objection to Claims (Valued Derivative Claims) (the "Objection") to the extent that the Objection pertains to Claims No. 14272 and 14273 (the "NIB Claims," attached as Exhibit A) filed by NIB against Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. (including all predecessors in interest, "LBHI"), respectively, two of the Debtors in the above-captioned Chapter 11 cases.

**Preliminary Statement**

1.      NIB filed Claim No. 14272 against LBSF in the amount of $2,611,947.96, and Claim No. 14273 against LBHI in the amount of $2,608,049. The claim against LBSF for $2,611,942.96 arises out of two derivative transactions with LBSF that were terminated as a result of LBHI's filing of a petition for bankruptcy protection under Chapter 11 of Title 11. The claim against LBHI for $2,608,049 is based on LBHI's guarantee of the obligations of LBSF with respect to those transactions (but does not include the interest claimed against LBSF, which accrued following LBHI's filing of a petition for bankruptcy protection).

2.      NIB's claim against LBSF was properly calculated in accordance with the parties' agreement. NIB's claim against LBHI is based on the same calculation as it arises from LBHI's unconditional guarantee of LBSF's obligations. The Debtors proffer no evidence to suggest that this calculation of the claim amounts is in error, not in accordance with the parties' agreement, or otherwise incorrect. Nevertheless, the Objection asks this Court to reduce the amount of the NIB Claims by almost 60%, and to allow the claims only in this dramatically reduced amount. Because the Objection offers no supporting evidence, the Debtors have not, and cannot, overcome the *prima facie* validity that attached to the NIB Claims. Accordingly, the Objection must be overruled as it applies to the NIB Claims.

**Background**

3.      The Nordic Investment Bank is an international financial institution owned by the five Nordic countries, Denmark, Finland, Iceland, Norway and Sweden, and by the three Baltic countries, Estonia, Latvia and Lithuania. NIB provides long-term financing to projects that strengthen competitiveness and enhance the environment. NIB finances its lending activity by issuing bonds in the international capital markets, and for hedging purposes enters into swap transactions.

4. NIB and LBSF were parties to an ISDA Interest Rate and Currency Exchange Agreement dated as of May 27, 1987 (together with the Schedule to the Master Agreement, the Credit Support Annex to the Schedule, and all confirmations of transactions entered pursuant to the agreement, the "Master Agreement"). Pursuant to a Guarantee dated as of the date of the Master Agreement, LBHI unconditionally guaranteed LBSF's obligations under the Master Agreement.

5. LBHI's filing of a voluntary petition for relief under Chapter 11 on September 15, 2008 constituted an Event of Default under Section 5(a)(vii) of the Master Agreement, resulting in the automatic termination of all transactions entered into under the Master Agreement on September 15, 2008 pursuant to Section 6(a) of the Master Agreement. On September 17, 2008, NIB delivered a notice to LBSF, with a copy to LBHI, stating that, in accordance with the Master Agreement, it had obtained Market Quotations (as defined in the Master Agreement) with respect to the terminated transactions and determined the amount owed by LBSF in connection with the termination of such transactions to be $ 2,608,049 (subject to interest until paid).

6. On September 16, 2009, NIB timely filed the NIB Claims against LBSF and LBHI.

7. On October 20, 2009, NIB completed and filed the Derivative Questionnaire and Guarantee Questionnaire with respect to its claims against LBSF and LBHI, respectively. NIB uploaded copies of the pertinent documentation, including documentation supporting its calculation of the amounts owed by LBSF and LBHI. Since filing the NIB Claims, NIB has cooperated with the Debtors' requests for additional information.

8. By the Objection, the Debtors seek to reduce the NIB Claims by almost 60%. Their sole purported justification for this demand is an unsupported and unexplained statement that the Claims are "greater than the fair, accurate, and reasonable values determined by the

Debtors." Objection ¶ 11. The Debtors have not provided any justification supporting their valuation of the NIB Claims, nor have they asserted that NIB improperly calculated the NIB Claims under the methodology provided for in the Master Agreement. The Debtors' Objection, as it applies to the NIB Claims must therefore be overruled.

**Argument**

9. A proof of claim, timely and properly filed, is *prima facie* evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f); see also In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Hess, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009). "To overcome this prima facie evidence, the [Debtors] must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); In re Alper Holdings USA, No. 07-12148 (BRL), 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. Jan. 15, 2008) (a party filing an objection to a properly filed proof of claim, bears the burden of producing "evidence sufficient to negate the *prima facie* validity of the filed claim."); see also Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), No. 98 Civ. 4990 (HB), 1999 WL 178788, at *3 (S.D.N.Y. Mar. 31, 1999) ("[o]nce the claimant has established its prima facie case, the burden of going forward then shifts to the debtor to produce evidence sufficient to negate the prima facie validity of the filed claim"); In re Woodmere Investors Ltd. P'ship, 178 B.R. 346, 354-55 (Bankr. S.D.N.Y. 1995) (overruling debtor's objection to claim where debtor failed to offer any evidence to support its contention that the claim was unreasonable).

10. To overcome the *prima facie* effect of a properly filed proof of claim, the objecting party must "affirmatively produce evidence." In re Make Meat Corp., 1999 WL 178788, at *4 (emphasis in original). That evidence must "refute at least one of the allegations that is essential to the claim's legal sufficiency." In re Oneida Ltd., 400 B.R. 384, 389 (Bankr.

4

S.D.N.Y. 2009). Thus, the burden shifts back to the claimant if, and only if, the objecting party meets the burden. In re Reilly, 245 B.R. at 773; In re Martinez, 409 B.R. 35, 38 (Bankr. S.D.N.Y. 2009).

11.     Here, the Debtors have produced no evidence whatsoever to support their demand that the timely filed NIB Claims be slashed by almost 60%. Merely stating that the NIB Claims are "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records," Objection at ¶ 13 – the sole purported justification proffered by the Debtors – does not come close to satisfying their burden. This solitary unsupported statement does not constitute evidence at all, much less "evidence which, if believed, would refute at least one of the allegations essential to the claim." See In re Reilly, 245 B.R. at 773. Moreover, the notion that "the value of the claim as determined by the Debtors'" has any relevance at all is in contradiction with the plain language of Section 6(e) of the Master Agreement. See Master Agreement § 6(e) ("[I]f an Early Termination Date is deemed to occur and there is a Defaulting Party . . . the *other party* will determine the Settlement Amount in respect of the Terminated Transactions.") (emphasis added). The Debtors have failed to provide this Court with any insight into its rationale for requesting the reduction of the NIB Claims. Accordingly, the Objection, as it applies to the NIB Claims, must be overruled.

## Conclusion

WHEREFORE, for the foregoing reasons, NIB respectfully requests that this Court deny the Objection as to the NIB Claims, allow the NIB Claims in the amount of $2,611,947.96 against LBSF and $2,608,049 against LBHI, and grant such other relief as this Court deems just and proper.

Dated: New York, New York
April 13, 2011

Respectfully submitted,

 /s/ Carmine D. Boccuzzi

Carmine D. Boccuzzi
cboccuzzi@cgsh.com
David Y. Livshiz
dlivshiz@cgsh.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Nordic Investment Bank*

Of Counsel:
 Paul R. St. Lawrence

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Lars Eibeholm, Vice-President, deposes and says:

I am Chief Financial Officer and Head of Treasury at the Nordic Investment Bank. I acknowledge that I have read the foregoing Verified Response to the Debtors' One Hundred and Third Omnibus Objection to Claims (Valued Derivative Claims). I have personal knowledge of the facts and matters therein set forth in paragraphs 3 through 7, and declare under penalty of perjury of the laws of the United States of America that each of these facts and matters is true and correct to the best of my present knowledge, information and belief.

Dated:  April 8, 2011
        Helsinki, Finland

        _____
        Lars Eibeholm

# EXHIBIT A

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000014272 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 888031250*****
NORDIC INVESTMENT BANK
FABIANINKATU 34
P.O. BOX 249
HELSINKI FI -00171
FINLAND

Telephone number: +358-10-618001    Email Address: sten.holmberg@nib.int

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 2,608,049
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Lehman Brothers Holdings Inc. guarantee
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____**
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

**FILED / RECEIVED**

**SEP 16 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date:<br>Sep-15<br>2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Lars Eldenholm    Heikki Cantell<br>Vice-President    General Counsel<br>/s/ Head of Treasury    Head of Legal Department | |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**NIB  NORDIC INVESTMENT BANK**

Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017
U.S.A.

Attention: Lehman Brothers Holdings Claims Processing

                                                            Helsinki, 15 September 2009

Dear Sirs,

**Lehman Brothers Holdings Inc et al., Chapter 11 case No. 08-13555 (JMP)**

Attached please find a completed and signed proof of claim form in relation to each of the following two debtors in the above captioned bankruptcy proceeding:

- Lehman Brothers Special Financing Inc. (08-13888 (JMP))

- Lehman Brothers Holdings Inc (08-13555 (JMP))

Yours sincerely,

Marina Nyberg

Enclosures: 2

BY COURIER

| MAILING ADDRESS | OFFICE | TELEPHONE | FAX | INTERNET |



# PROOF OF CLAIM

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>LEHMAN BROTHERS SPECIAL FINANCING INC. | Case No. of Debtor<br>08-13888 (JMP) |

UNIQUE IDENTIFICATION NUMBER: 888031250

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)     0000014273

LY

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 888031250*****
NORDIC INVESTMENT BANK
FABIANINKATU 34
P.O. BOX 249
HELSINKI FI-00171
FINLAND

+358-10-618001     sten.holmberg@nib.int
Telephone number:     Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
DERIVATIVE MASTER ACCOUNT NUMBER 70647NORD

Name and address where payment should be sent (if different from above)

Telephone number:     Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 2,611,947.96

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Swap transactions
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
        (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

EPIQ BANKRUPTCY SOLUTIONS, LLC

SEP 16 2009

FILED / RECEIVED

Date:
Sep. 15
2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Lars Eldenholm            Heikki Cantell
Vice President            General Counsel
Head of Treasury          Head of Legal Department

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

