**Hearing Date: April 28, 2011 at 10:00 a.m.**
**Objections Due: April 13, 2011 at 4:00 p.m.**

Alex R. Rovira
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019
Tel: (212)839-5300
Fax: (212)839-5599

*Counsel For Deutsche Bank Securities Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re:                                                           : Chapter 11
                                                                 :
Lehman Brothers Holdings Inc., *et al.*,                         : Case No. 08-13555 (JMP)
                                                                 :
                    Debtors,                                     : (Jointly Administered)
                                                                 :
                                                                 :
-----------------------------------------------------------------X

# RESPONSE AND RESERVATION OF RIGHTS OF DEUTSCHE BANK SECURITIES INC. TO THE DEBTORS' ONE HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS

TO:   THE HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE:

Deutsche Bank Securities Inc. ("DBSI"), by and through its undersigned counsel, hereby submits this response (the "Response") to the Debtors' One Hundred Eleventh Omnibus Objection to Claims (No Liability Claims) [Dkt. No. 15012], dated March 14, 2011 (the "Omnibus Objection"). In support of the Response, DBSI respectfully states as follows:

## RELEVANT BACKGROUND

I. <u>**Causes of Action**</u>

    A.     <u>**In re Initial Public Offering Securities Litigation**</u>**, 21 MC 92 (SAS) (S.D.N.Y.) and the Constituent Cases of that Coordinated Proceeding**

        1.     As more fully laid out in its Proof of Claim, DBSI and over 50 other securities firms, including LBHI, are defendants in a coordinated class action litigation entitled <u>In re Initial Public Offering Securities Litigation</u>, 21 MC 92 (SAS) (S.D.N.Y.) in the United States District Court for the Southern District of New York and which arises out of the securities firms' involvement as underwriters of certain public offerings of securities.

        2.     This coordinated class action involves a consolidation of over 1,000 lawsuits into a set of 310 related cases, each concerning a specific initial public offering ("<u>IPO</u>") and, in some cases, one or more follow-on offerings. DBSI is named as a defendant in 81 of those 310 actions. A list of these 81 actions is attached to DBSI's Proof of Claim as <u>Attachment A</u>.

        3.     The operative complaints and master allegations against DBSI allege, among other things, violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder and misrepresentations and omissions under Section 11 and 12(a)(2) of the Securities Act of 1933 in connection with the respective offerings.

        4.     DBSI served as lead underwriter, co-lead underwriter, or a member of the underwriting syndicate in each of the offerings that are the subject of the 81 actions in which it is named as a defendant, as well as in certain of the remaining offerings that are subjects of the other coordinated actions. Likewise, LBHI served as lead underwriter, co-lead underwriter, or a member of the underwriting syndicate in certain of the offerings that are the subject of the 81

actions in which DBSI is named as a defendant as well as in certain of the other offerings in which DBSI served as lead underwriter, co-lead underwriter, or a member of the underwriting syndicate but with respect to which DBSI was not sued.

5.   DBSI[1] and LBHI were named as codefendants in at least four of these cases: <u>MCK Communicat. IPO, et al.</u> v. MCK Communications, et al, Case No. 01-11230 (SAS) (S.D.N.Y.); <u>Paradyne Network IPO, et al.</u> v. Paradyne Networks, et al., No. 01-10797 (SAS) (S.D.N.Y.); <u>Via Net.Works IPO, et al.</u> v. Via Net Works, Inc., et al., Case No. 01-09720 (SAS) (S.D.N.Y.); <u>Mucci, et al.</u> v. Autobytel.com, Inc., et al., Case No. 01-07937 (SAS) (S.D.N.Y.).

6.   Although each of the cases comprising the coordinated litigation was settled and the district court entered a final order and judgment in each, certain objectors filed appeals of the court's final decision approving the settlement and certifying a settlement class. Two appeals remain pending before the Second Circuit Court of Appeals.

B.   **In re Section 16(b) Litigation, No. C07-1549 JLR (W.D. Wash) and the Constituent Cases of that Coordinated Proceeding**

7.   As more fully laid out in DBSI's Proof of Claim, On or about October 3, 2007, Plaintiff Vanessa Simmonds filed 56 actions against 10 underwriters, including DBSI and LBHI, and 56 issuers (as nominal defendants) pertaining to many of the same public offerings at issue in the <u>In re Initial Public Offering Securities Litigation</u>. The complaints assert violations of Section 16(b) of the Securities Exchange Act of 1934. Specifically the Plaintiff alleges that DBSI and the other underwriters shared in the profits of customers to whom they made IPO

---

[1] DBSI, formerly known as Deutsche Bank Alex. Brown and BT Alex. Brown, filed the Proof of Claim on behalf of itself and as successor-in-interest to Deutsche Bank Alex. Brown and BT Alex. Brown. It may have been a defendant in these cases under any one or more of these names.

allocations and that these profits should be disgorged to the issuers. The court consolidated these actions under the caption In re Section 16(b) Litigation, No. C07-1549 JLR, in the United States District Court for the Western District of Washington.

8. DBSI is named as a defendant in 7 actions and is a member of the underwriting syndicate in certain other actions. DBSI served as lead underwriter, co-lead underwriter, or a member of the underwriting syndicate in each of the offerings that are the subject of the 7 actions in which it is named as a defendant. A list of these 7 actions is attached to DBSI's Proof of Claim as Attachment C. Likewise, LBHI served as lead underwriter, co-lead underwriter, or a member of the underwriting syndicate in certain of the offerings that are the subject of the 7 actions in which DBSI is named as a defendant as well as in certain of the other offerings in which DBSI served as lead underwriter, co-lead underwriter, or a member of the underwriting syndicate but with respect to which DBSI was not sued.

9. DBSI and LBHI were named as co-defendants in at least one of these cases: Simmonds v. Credit Suisse Group, *et al.*, Case No. 07-01638 JLR (W.D. Wash.).

10. The district court dismissed the Plaintiff's actions on March 12, 2009, but the Plaintiff appealed to the United States Circuit Court of Appeals for the Ninth Circuit. On January 18, 2011, the Ninth Circuit affirmed the dismissal in part, remanding 30 cases (involving the defendant issuers which had moved for dismissal) for dismissal with prejudice, as well as remanding 24 cases to the District Court for further proceedings. Simmonds v. Credit Suisse Securities, Case No. 09-35262, 2011 WL 135693 (9th Cir. Jan. 18, 2011). Subsequently, however, the Ninth Circuit stayed issuance of the mandate to the District Court in order to give the parties time to decide whether to file petitions for certiorari to the United States Supreme Court. On April 5, 2011, Plaintiff filed a petition for Certiorari to the United States Supreme

Court. Underwriter Defendants have not yet determined whether to also file a petition for certiorari.

### C. Rights of Indemnity, Contribution and/or Reimbursement and Rights under the Agreements Among Underwriters

11. As described in DBSI's Proof of Claim, DBSI has, and may in the future have, various contractual, statutory, common law and/or other rights of indemnity, contribution, and reimbursement against LBHI in relation to the actions described above and in relation to any other civil actions that may be commenced in the future arising out of or related to the Offerings. The sources of such rights include, without limitation, the various Agreements Among Underwriters relating to the respective offerings and Section 11(f)(1) of the Securities Act of 1933, which provides for joint and several liability among underwriters with respect to any particular security for certain of the causes of action alleged in these cases.

12. In addition, DBSI's claim includes direct claims against LBHI under applicable state and federal laws.

### II. LBHI Chapter 11 Filing and the Claim

13. On September 15, 2008 (the "Petition Date"), LBHI and others (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Bankruptcy Court.

14. Pursuant to the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated July 2, 2009 [Dkt. No. 4271] (the "Bar Date Order"), on September 9, 2009, DBSI timely filed its Proof of Claim ("Claim"), Claim # 23528. In the Claim, DBSI asserted an unsecured liquidated and/or contingent claim for damages and costs, on account of the lawsuits

5

described above and on the basis of DBSI's various contractual, statutory, common law, and/or other rights of indemnity, contribution and/or reimbursement against LBHI in relation to those lawsuits.

15. On March 14, 2011, the Debtors filed the Omnibus Objection, objecting to 20 proofs of claim, including DBSI's, and asserted that these proofs of claim were filed against the Debtors on the basis of alleged wrongdoing of non-Debtors and that the Debtors have no liability for any such claim (a "No Liability Claim"). The Debtors seek that these proofs of claim be disallowed and expunged in their entirety.

16. No supporting information has been provided to justify this disallowance. In the Omnibus Objection, the Debtors claim that many of these claims are actually claims against Lehman Brothers, Inc. ("LBI") or pertain to pending litigations in which the Debtors are not defendants. On this basis, and without any further support, the Debtors state that there is no possibility of any liability arising on the part of the Debtors. The Debtors provide no contractual provisions, statutory provisions, or any other legal authority or facts that would shield the Debtors from any such liability.

**RESPONSE**

**I.    The Applicable Legal Standard**

17. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, a properly filed proof of claim constitutes prima facie evidence as to the validity and amount of the claim, and the allegations set forth therein are taken as true: "a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim." Simmons v. Savell (In re Simmons), 765 F.2d 547, 551 (5th Cir. 1985); see also In re Hess, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009); Glinka v. Dartmouth Banking

Co. (In re Kelton Motors Inc.), 121 B.R. 166, 190 (Bankr. D. Vt. 1990); In re Windsor Commc'ns Group Inc., 45 B.R. 770, 773 (Bankr. E.D. Pa. 1985).

   18. Once a proof of claim has been properly filed, thereby establishing its prima facie validity, the burden rests on any objectors to that claim to demonstrate "sufficient evidence" to overcome such prima facie validity. In re Adelphia Comm's Corp., 2007 Bankr. LEXIS 660 * 15 (Bankr. S.D.N.Y., Feb. 20, 2007); J.P. Morgan Sec's., Inc. v. Spiegel Creditor Trust (In re Spiegel, Inc.), 2007 WL 2456626 at * 15 n.6 (S.D.N.Y. Aug. 22, 2007). To meet this burden, an objection's "sufficient evidence" must be of equal force to that of the filed proof of claim, such that it can refute allegations essential to the proof of claim's legitimacy. In re DJK Residential LLC, 416 B.R. 100, 105 (Bankr. S.D.N.Y. 2009); see also In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting In re Allegheny Intern., Inc., 954 F.2d 167, 173-74 (3d Cir. 1992), quoting In re Holm, 931 F.2d 620, 623 (9th Cir. 1991)). An objection lacking such sufficient evidence is insufficient to negate a claim's prima facie validity. "The case law is clear. To prevail, an objector must affirmatively produce evidence to counter [a] creditor's claim." Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), 1999 WL 178788 at * 3 (S.D.N.Y. Mar. 31, 1999).

   19. In the Omnibus Objection, the Debtors misstate the law, arguing that the burden of persuasion shifts back to the claimants as soon as an objection is made. See Omnibus Objection, ¶ 9. In fact, only once an objector has overcome its own burden by providing "evidence equal in force to the prima facie case" does the burden then shift back to the claimant. In re Oneida Ltd., 400 B.R. at 389, quoting Allegheny, 954 F.2d at 173-74. The Debtors have failed to overcome their burden.

## II.  The Debtors Have Failed To Meet Their Burden

20. The Debtors have not carried their burden in their Omnibus Objection to the DBSI Claim. That burden rests squarely on the Debtors to provide "sufficient evidence" to overcome the prima facie validity of the DBSI Claim. However, rather than provide any evidence that challenges the claims asserted in the DBSI Claim, the Debtors merely provide cursory conclusions as to the 20 proofs of claim included in the Omnibus Objection, stating that the claims are "based on the alleged wrongdoing of non-Debtor parties and for which the Debtors are not liable. Many of the No Liability Claims assert a claim against the Debtors related to pending litigations in which the Debtors are not defendants. As such, no liability of the Debtors could possibly arise from such proceedings." See Omnibus Objection, ¶ 10. The method by which these claims were "identified" as No Liability Claims is never disclosed, and in fact, no analysis is shown for denying any of the avenues by which DBSI has, and may in the future have, rights of indemnity, contribution and/or reimbursement, nor do the Debtors even address those avenues. The Debtors simply announce that they have undertaken a "review of the claims" and have concluded that they have no liability on the DBSI Claim or any of the other 19 claims. See Omnibus Objection, ¶ 10. These repetitive declaratory assertions are not "evidence" by any standard, and are certainly not sufficient to overcome the prima facie validity of the DBSI Claim and shift the burden of persuasion back to DBSI.

21. In stark contrast to Debtors' lack of transparency with regard to their disagreement with the DBSI Claim, DBSI has provided the Debtors with a detailed explanation of the basis of its claim, the amount of which is still undetermined, submitting its Proof of Claim along with a detailed description of the underlying litigation, LBHI's involvement in that litigation, and the actual and possible sources of liability of LBHI to DBSI, pursuant to the Bar

8

Date Order. If the Debtors seek to disallow and expunge the DBSI Claim, DBSI is entitled to a full explanation of how such a decision was reached, and, if necessary, to review the documents and information supporting the Debtors' analysis. Instead, the Debtors have left DBSI guessing in the dark as to the analysis employed in determining to disallow and expunge its Claim. The Debtors have not provided any insight as to the reasoning behind their proposed disallowance of the DBSI Claim, let alone any legal or documentary support for such disallowance.

22. Further, the Debtors do not address the substance of the DBSI Claim at all, nor do they address the terms of the Agreements Among Underwriters or the various securities laws which govern the liability under an offering. The Agreements Among Underwriters are clear that LBHI, with respect to any shares underwritten, shall reimburse DBSI and the other underwriters against any losses, claims, damages or liabilities arising out of certain allegations, such as those alleged in these cases, as well as against any fees incurred in defending against those allegations. The Agreements Among Underwriters also provide for indemnification under certain circumstances. Further, Section 11(f)(1) of the Securities Act of 1933 provides for joint and several liability, and contribution to such liability, by the underwriters of any security. The Debtors are not entitled to perform their own (undisclosed) legal analysis, and then unilaterally declare themselves to be free of any liability without any supporting evidence.

23. The Debtors may be of the position that DBSI's claim is contingent and therefore not a valid claim. However, a contingent claim whether based on contract or statute is a valid claim. See 11 U.S.C. § 502(b)(1) (a claim is allowable "except to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured"); Ogle v. Fidelity & Deposit Co. of Maryland, 586 F.3d 143, 147 (2d Cir. 2009) (an unsecured and

9

contingent claim "for post-petition fees, authorized by a valid pre-petition contract, is allowable under section 502(b) and is deemed to have arisen pre-petition").

24. Because the Debtors have neglected to provide any evidence in support of the Omnibus Objection, and have therefore failed to meet their burden of persuasion, the DBSI Claim remains prima facie valid, and the Omnibus Objection should be overruled.

## **RESERVATION OF RIGHTS**

25. To the extent that the Court does not overrule the Omnibus Objection, DBSI reserves all of its rights, privileges, remedies and benefits with respect to any claims asserted herein, including all rights to amend, clarify, modify and/or supplement the claims asserted in this Response. Indeed, nothing asserted in this Response shall be construed as a waiver of any rights, privileges or remedies available under applicable law.

26. Given the Omnibus Objection's lack of any substantive information concerning the Debtors' liability under the DBSI Claim, DBSI further reserves its right to seek discovery and a full evidentiary hearing pursuant to the applicable Bankruptcy Rules, and to further reply to any additional arguments raised by the Debtors regarding the DBSI Claim. Further, DBSI hereby reserves the right to amend, alter, revise or supplement this Response in light of any other information provided by the Debtors.

WHEREFORE, DBSI respectfully requests that the Court (i) overrule the Omnibus Objection as it pertains to the DBSI Claim, and (ii) grant DBSI such further relief as the Court deems just.

Dated: April 13, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Alex R. Rovira
Alex R. Rovira
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019
Tel: (212)839-5300
Fax: (212)839-5599

*Counsel for Deutsche Bank Securities Inc.*