**Hearing Date and Time: April 28, 2011 at 10:00 a.m. (prevailing Eastern Time)**

James M. Sullivan
MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174-1299
Tel. (212) 554-7800
Fax (212) 554-7700

*Attorneys for Dotson Investments Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case** |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | **No. 08-13555 (JMP)** |
| Debtors. | : | **(Jointly Administered)** |

------------------------------------------------------------------ x

### RESPONSE OF DOTSON INVESTMENTS LIMITED
### TO DEBTORS' EIGHTY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Dotson Investments Limited ("Dotson"), by and through its undersigned attorneys, hereby files this response (the "Response") to the eighty-ninth [Docket No. 14452] omnibus objection to claims dated February 11, 2011 (the "Objection"), filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned case (together with LBHI, the "Debtors") and respectfully represents:

### BACKGROUND

1. On October 26, 2009, Dotson timely filed a proof of claim in respect of certain Preferred Securities (as defined below). Specifically, Dotson filed a proof of claim in respect of

868627v1  013258.0101

€225,000,000 Fixed Rate to CMS-Linked Guaranteed Non-voting Non-cumulative Perpetual Preferred Securities, issued by Lehman Brothers UK Capital Funding LP and guaranteed by Lehman Brothers Holdings plc ("LBH plc"), with ISIN XS0215349357. These securities are hereinafter collectively referred to as the "Preferred Securities."  The proof of claim filed by Dotson in respect of these securities was assigned claim no. 0000047171 (the "LPS Claim"), and is attached hereto as Exhibit A.

2. The Preferred Securities were included on the list of Lehman Program Securities (as defined in the Bar Date Order (defined below)) which the Debtors published on their restructuring website on July 17, 2009 (the "LPS List") pursuant to this Court's order setting forth procedures and deadlines for filing proofs of claim in these chapter 11 cases, dated July 2, 2009 [Docket No. 4271] (the "Bar Date Order"). In the "Description" column, the LPS List states "Company Guaranty" with respect to the €225,000,000 Fixed Rate to CMS-Linked Guaranteed Non-Voting Non-cumulative Perpetual Preferred Securities with ISIN XS0215349357. A copy of the relevant portion of the LPS List is attached hereto as Exhibit B.

3. On February 11, 2011, the Debtors filed the Objection. The Debtors seek entry of an order expunging the LPS Claim on account of the fact that "the Debtors have no liability because [the LPS Claim] seeks to recover for Preferred Securities that were neither issued nor guaranteed by the Debtors." See Objection at ¶¶1 1-13.

## ARGUMENT

4. Contrary to the Debtors' assertions in the Objection, a board resolution guarantee issued by LBHI supports Dotson's LPS Claim. On June 9, 2005, LBHI adopted certain resolutions, a copy of which is attached hereto as Exhibit C (the "LBHI Resolutions"), by the unanimous written consent of the Executive Committee of the Board of Directors of LBHI. The LBHI Resolutions provide, among other things, that "[LBHI] hereby fully guarantees the

payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of [LBHI's Code of Authorities]." Pursuant to the LBHI Resolutions, LBH plc is a Guaranteed Subsidiary for the purposes of LBHI's Code of Authorities.

5. In addition, the recitals in the LBHI Resolutions indicate that holders of claims against the entities set forth on Schedule A to such resolutions are intended third party beneficiaries. The recitals specify that one of the purposes of the LBHI Resolutions is "to clarify that [LBHI's] guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction." This recital clarifies that a transaction-specific or security-specific guarantee by LBHI is not necessary because such transaction counterparties or security holders are the intended beneficiaries of the LBHI Resolutions.

6. The Debtors have not asserted in their Objection that holders of claims in respect of the Preferred Securities are not beneficiaries of the LBHI Resolutions or otherwise not entitled to assert claims based upon the LBHI Resolutions. Moreover, by including the Preferred Securities in the LPS List and including descriptions which specify that the Preferred Securities have been included in the LPS List because of a guarantee, the Debtors acknowledged that holders of such securities have valid guarantee claims against LBHI. Therefore, the Objection should be overruled. At the very least, Dotson should be given the opportunity to conduct discovery to obtain additional evidence with respect to the purpose and effect of the LBHI Resolutions or that it is otherwise entitled to assert its LPS Claim based upon such resolutions.

WHEREFORE, Dotson respectfully requests that the Court deny the Objection with respect to Dotson's LPS Claim and grant Dotson such other and further relief as the Court deems just and proper.

Dated: April 14, 2011
      New York, New York

                              Respectfully Submitted,

                              /s/ James M. Sullivan
                              James M. Sullivan
                              MOSES & SINGER LLP
                              405 Lexington Avenue
                              New York, New York 10174-1299
                              Tel. (212) 554-7800
                              Fax (212) 554-7700

                              *Attorneys for Dotson Investments Limited*