WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard L. Levine
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
: 
------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING**
**DISPUTE REGARDING OPEN TRADE CONFIRMATION WITH**
**AXA MEZZANINE II SA, SICAR AND MD MEZZANINE SA, SICAR**
**PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation and Agreed Order (this "Stipulation") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"), and Axa Mezzanine II SA, Sicar and MD Mezzanine SA, Sicar (collectively, "AXA"), subject to the approval of this Court.

**RECITALS**

A. On September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter

11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

        B.      Prior to the Commencement Date, the Debtors were active in the secondary loan market.  In this capacity, the Debtors purchased and sold both par and distressed commercial loans.

        C.      The Debtors' prepetition trades were reflected in various oral and written confirmations (the "Trade Confirmations").  Generally, each Trade Confirmation represented a binding agreement to purchase or sell a position in par or distressed loans at an agreed price. However, the transaction was not consummated and settled until, among other things, both counterparties executed formal transfer documentation and the purchaser tendered payment.

        D.      As of the Commencement Date, the Debtors had entered into, but had not yet consummated and settled, hundreds of Trade Confirmations (the "Open Trade Confirmations").

        E.      On November 14, 2008, the Debtors filed a Motion for an Order Pursuant to Section 365 of the Bankruptcy Code Approving the Assumption or Rejection of Open Trade Confirmations [Docket No. 1541] (the "Open Trades Motion"), in which the Debtors designated most Open Trade Confirmations for assumption, rejection or modification.

        F.      In the Open Trades Motion, the Debtors designated for assumption, among others, the Open Trade Confirmations for the sale by LCPI to AXA of €37,500,000 of debt of Edam Acquisition Holding IV BV (Endemol), dated August 20, 2008 (with a trade date of August 12, 2008) (collectively, the "AXA Trades").  *See* Exhibit A to the Open Trades Motion, page 5.

2

G. On December 23, 2008, AXA filed an objection to LCPI's assumption of the AXA Trades based upon AXA's contention that AXA terminated the AXA Trades or, alternatively, the AXA Trades were repudiated, as a result of the Debtors' pre-petition breach of the terms of the trade confirmations (the "AXA Objection") [Docket No. 2367]. The Debtors' position is that the AXA Trades had not been effectively terminated prepetition because there had been no breach by LCPI and that LCPI did not repudiate the AXA Trades.

H. On March 11, 2009, the Debtors advised the Court that they were likely to have to litigate with AXA regarding the dispute in a court of appropriate jurisdiction. On September 18, 2009, LCPI filed an action in the Commercial Court in the United Kingdom (2009 Folio No. 1224) against AXA regarding the AXA trades. AXA defended this action and continues to claim that the AXA Trades were terminated, or alternatively, repudiated pre-petition.

I. The Debtors and AXA have agreed to resolve this dispute pursuant to the terms set forth in that certain Release Agreement between LCPI and AXA dated April 5, 2011 (the "Settlement Agreement"), a copy of which is annexed hereto as Exhibit "A."

J. The Debtors and AXA (each a "Party," and collectively, the "Parties"), therefore agree to resolve the Open Trades Motion and the AXA Objection as follows:

**AGREED ORDER**

IT IS HEREBY AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. The Open Trades shall be assumed pursuant to section 365 of the Bankruptcy Code and AXA shall pay LCPI the amount set forth in the Settlement Agreement.

3

2. The Debtors are not required to pay any cure costs to AXA in connection with the AXA Trades.

3. The Debtors have demonstrated adequate assurance of future performance of the AXA Trades and no further showing of adequate assurance is necessary pursuant to the Bankruptcy Code.

4. Upon court approval hereof, the AXA Objection shall be deemed withdrawn, with prejudice.

5. The terms of the Settlement Agreement are hereby approved and binding on each of the parties thereto.

6. Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

7. The Debtors are authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the assumption of the AXA Trades as provided in this Stipulation and the Settlement Agreement.

8. This Stipulation and the Settlement Agreement together constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersede all prior agreements and understandings relating to the subject matter hereof.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. As set forth in the Settlement Agreement, this Stipulation settles and resolves all claims by and among the Parties relating to the subject matter set forth in the Settlement Agreement.

11. This Stipulation and the Settlement Agreement shall be of no force or effect and shall not be used by any Party for any purpose until it is approved by the Court. If this Stipulation is not approved by the Court on or before July 1, 2011, it and the Settlement Agreement shall each be deemed null and void and shall not be referred to or used for any purpose by any of the Parties hereto or any of the other parties in the Debtors' chapter 11 cases. In such event, the Parties shall retain their respective rights regarding the AXA Trades.

Dated: April 5, 2011

| **ASHURST LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Jack Rose | /s/ Jacqueline Marcus |
| Jack Rose | Jacqueline Marcus |
| 7 Times Square | 767 Fifth Avenue |
| New York, New York 10036 | New York, New York 10153 |
| Telephone: (212) 205-7000 | Telephone: (212) 310-8000 |
| Facsimile: (212) 205-7020 | Facsimile: (212) 310-8007 |
| Attorneys for Axa Mezzanine II SA, Sicar and MD Mezzanine SA, Sicar | Attorneys for Debtors and Debtors in Possession |

**IT IS SO ORDERED:**

Dated: New York, New York
April 14, 2011

　　　　　　　　　　　　　　　　_s/ James M. Peck_
　　　　　　　　　　　　　　　　Honorable James M. Peck
　　　　　　　　　　　　　　　　United States Bankruptcy Judge