UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS, INC. *et al.*, | : | Case No. 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

# ORDER AMENDING THE FEE PROTOCOL

Upon the motion, dated March 11, 2011 of the Fee Committee appointed in Lehman Brothers Holdings, Inc. ("**LBHI**") with its affiliated debtors in possession (together, the "**Debtors**" and, collectively with their non-debtor affiliates, "**Lehman**") pursuant to the *Order Appointing Fee Committee and Approving Fee Protocol* (the "**Fee Committee Order**") [Docket No. 3651] to amend the Fee Committee Order and the notice of revised proposed order filed on April 6, 2011 (the "**Motion**"); and the Court having jurisdiction to consider the motion and the relief requested; and consideration of the Motion and the relief requested therein being a core proceeding; and venue being proper before this court and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the *Second Amended Case Management Order* [Docket No. 9635]; and the relief sought in the Motion being in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS ORDERED:**

1. The May 26, 2009 *Order Appointing Fee Committee and Approving Fee Protocol* ("**Fee Committee Order**") [Docket No. 3651] is hereby amended such that the Amended Fee Protocol attached to this order as **Exhibit A** shall replace and supersede the Fee Protocol attached as Exhibit A to the Fee Committee Order.

2. Except as modified herein, the terms and provisions of the *Order Appointing Fee Committee and Approving Fee Protocol* shall remain in full force and effect. Nothing in this order or in any subsequent order should be construed as waiving any substantive right, duty, or obligation of the Fee Committee or of the U.S. Trustee.

3. Furthermore, nothing in this order shall be construed as waiving any right of any professional to maintain or assert any response or defense to any objection or observation raised by the Fee Committee or the U.S. Trustee.

Dated: New York, New York
April 14, 2011

    *s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

# EXHIBIT A

**Amended Fee Protocol**

**Fee Committee**

By order, dated May 26, 2009 (the "Fee Committee Order"), the United States Bankruptcy Court for the Southern District of New York (the "Court") appointed a fee committee (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and its affiliated debtors in possession (the "Debtors"). The Fee Committee was authorized to perform the duties described in the Fee Protocol. By order dated _____, the Court approved this Amended Fee Protocol (the "Amended Fee Protocol"), which supersedes the Fee Protocol in its entirety.

All capitalized terms not defined herein shall have the meanings ascribed to them in the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures For Interim Monthly Compensation And Reimbursement Of Expenses Of Professionals (Docket No. _____) (as further revised and amended from time to time, the "Interim Compensation Order").

**Purposes of the Fee Committee**

The Fee Committee shall have the following purposes:

B.     Monitoring, reviewing and, where appropriate, objecting to applications for fees and expenses filed by professionals retained (whether pursuant to sections 105, 327, 328 or 363 of the Bankruptcy Code) by the Court in the Chapter 11 Cases (the "Retained Professionals").

C.     Establishing measures to help the Court ensure that compensation and expenses paid by the Estate are reasonable, actual, and necessary under the Bankruptcy Code and the related precedent described in paragraph 3 below.

D.     Reviewing all Monthly Statements, interim, and final fee applications, whenever filed, submitted by Retained Professionals, since the inception of the Chapter 11 Cases and until otherwise ordered by the Court. The purpose of the Fee Committee's review is to help the Court ensure compliance with (i) 11 U.S.C. §§ 328, 330, and 331 as applicable (the "Code"); (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Rules"); and (iii) the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 and the Interim Compensation Order (the "Guidelines"). Notwithstanding this paragraph, the Fee Committee shall not seek to amend or vacate any negotiated quantitative adjustments or agreements made by the Committee with any Retained Professionals prior to the execution of this Amended Fee Protocol related to applications for compensation for the first through fourth interim fee periods that were previously approved and allowed as interim

1

compensation and reimbursement of expenses by orders of the Bankruptcy Court. This provision does not apply to issues on which the Fee Committee has reserved the right to object, if any.

**Authority of the Fee Committee**

The Fee Protocol supplements and does not supersede the Interim Compensation Order. The Fee Committee shall have standing to participate in any proceeding involving the fees and expenses of Retained Professionals.

In addition to any authority the Fee Committee has under the Interim Compensation Order, the Fee Committee shall have the following authority:

Interpose objections to, and be heard in any hearing or other proceedings to consider, interim and final applications for fees and reimbursement of expenses that may be filed by Retained Professionals to the extent permitted by the Bankruptcy Court.

Serve objections to Monthly Statements, in whole or in part, precluding the payment of the amount questioned.

E. Subject to Court approval, retain attorneys ("Fee Committee Counsel"), other professionals, and consultants, including but not limited to fee auditors, to assist the Fee Committee in discharging its duties. Such professionals and consultants retained by the Fee Committee shall be entitled to be compensated by the Debtors for actual, reasonable, and necessary services and for expenses, subject to Court approval and compliance with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof.[1] The Independent Member (as defined below) and the Fee Committee Counsel shall, whether or not paid prospectively as a flat fee, file interim and final fee applications pursuant to 11 U.S.C. §§ 330 and 331 requiring U.S. Bankruptcy Court approval; provided, however, that their fees shall be, in the aggregate, $250,000 per month (subject to amendment by further order of the Court), to be paid on the first day of each calendar month (pro-rated for any partial month's services). This amount shall not include:

1. The reasonable, actual and necessary expenses incurred by the Fee Committee Counsel or the Independent Member or any other consultants or auditors retained by the Fee Committee, the payment of which shall be subject to Court approval;

2. The reasonable, actual and necessary fees and expenses incurred in connection with:

A. the appointment of the new Independent Member and the Fee Committee's Counsel that may have been incurred by the new Independent Member or the Fee

---

[1] In the event of any conflict between the requirements of the Interim Compensation Order and the express terms of the Order Approving Fee Committee's Recommendation of Appointment of Successor Independent Member [Docket No. 14117] ("Order Appointing Independent Member") or the order approving the employment and retention of Fee Committee Counsel ("Fee Committee Counsel Retention Order"), the Order Appointing Independent Member and the Fee Committee Counsel Retention Order shall govern.

2

Committee's professionals, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof;

    B. resolution of unresolved issues related to the applications for interim compensation and reimbursement of expenses filed subsequent to the Petition Date that were resolved or rejected, in whole or in part, prior to the entry of the Fourth Amended Interim Compensation Order, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof;

    C. time related to meetings with the former Independent Member and his staff, subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof; and

    D. time related to a review of the prior work generated by the Fee Committee and its professionals prior to January 24, 2011, to the extent reasonable, actual and necessary and subject to application therefor compliant with the statutory provisions, rules and guidelines set forth at page 1, ¶ 3 hereof. (¶¶3(B)(i)-(iv), collectively, the "Transition Work").[2]

  F. Conduct discovery in the event of a contested matter between the Fee Committee and any Retained Professional.

  G. Negotiate with the Retained Professionals regarding objections to interim and final fee applications and Monthly Statements and consensually resolve such objections where possible.

  H. Present reports, on a timely basis, to the Retained Professionals with respect to the Fee Committee's review of interim and final fee applications before filing an objection to applications for compensation.

  I. Periodically, in the Fee Committee's discretion, file summary reports with the Court on the Retained Professionals' applications.

  J. Establish guidelines and requirements for the preparation and submission to the Fee Committee of non-binding budgets for Retained Professionals.

  K. Other than as specified in this Amended Fee Protocol, the Fee Committee shall not have the purpose or authorization to direct the activities of any Retained Professional (other than directing the Debtors' attorneys to disseminate materials as specified herein), which shall remain the prerogative of the Retained Professionals' clients.

---

[2] The flat fee set forth herein shall compensate the Independent Member and Fee Committee Counsel for their work, commencing January 24, 2011, and until further order of the court, for the review and analysis of applications for fees and expenses for services rendered by the Retained Professionals not previously reviewed by Feinberg Rozen. All Transition Work will be performed contemporaneously with and in addition to the services set forth in this Amended Fee Protocol. However, such Transition Work and any review and analysis of applications reviewed by the Fee Committee prior to January 24, 2011 shall be subject to separate compensation arrangements to be separately negotiated with the Fee Committee and approved by the Court, with notice and an opportunity for objecting parties to be heard, at such time as the full scope and magnitude of the Transition Work can be ascertained.

3

**Composition of the Fee Committee**

The Fee Committee will consist of four members (the "Fee Committee members"): (i) one member appointed by and representative of the Debtors; (ii) one member appointed by and representative of the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "Committee"); (iii) one member appointed by and representative of the Office of the United States Trustee for Region 2 (the "United States Trustee"); and (iv) one member that is an independent party, otherwise unaffiliated with the parties to the Chapter 11 Cases, and approved by the Court (the "Independent Member") upon the recommendation of a designated successor Independent Member by majority vote of the three other Fee Committee Members.

Each Fee Committee Member will have one vote on all Fee Committee matters. In the event of a tie, the vote of the Independent Member controls, and the Fee Committee shall act in accordance with the Independent Member's vote.

No Retained Professional, other than any employee of Alvarez & Marsal North America, LLC serving as the Fee Committee Member appointed by and representative of the Debtors, shall serve on or advise the Fee Committee in any capacity; provided, however, that any Fee Committee Member shall be free to consult, in connection with his or her service on the Fee Committee, with either attorneys to the constituent group that he or she represents or his or her own attorneys; provided, further, however, that the Debtors and their estates shall reimburse a Fee Committee Member for reasonable fees and expenses incurred as a result of consultation with his or her own (as opposed to his or her own constituent group's) attorneys, subject to approval by the Court upon application.

Fee Committee Members will make every effort, absent extraordinary circumstances, to attend meetings or teleconferences. In the event a Member cannot attend a meeting or teleconference, he or she may designate another person, other than an attorney from or for his or her entity or constituency, to represent that constituency. The United States Trustee, however, may designate an attorney as her designee. Three members are required for a quorum, one of whom must be the Independent Member; provided, however, that if the Independent Member becomes unable to perform his duties, a quorum may be found without the chair.

The Independent Member shall serve as chairperson of the Fee Committee (the "Chairperson") and shall be responsible for, among other things, scheduling meetings, and overseeing collection, distribution, and review of Monthly Statements, applications for compensation, and other information needed by the Fee Committee, as well as serving objections to Monthly Statements and filing and serving objections to applications for compensation. The Independent Member, with or without counsel, shall represent the Fee Committee's interests in any Court proceeding.

In the event that a Fee Committee Member resigns, (i) the constituent group represented by that resigning Member may designate a successor Member, or (ii) in the case of the Independent Member, the remaining Fee Committee Members may, by majority vote, recommend the Court approve a designated successor member. Each constituent group may at any time name an individual other than its initial appointee as its designee to the Fee Committee

4

and/or rotate the individuals that serve in this role on a periodic basis. The Chairperson will be responsible for distributing contact information for the successor Member.

**Compensation of Fee Committee Members**

The Fee Committee Member appointed by the United States Trustee or the U.S. Trustee's designee will receive no compensation for service on the Fee Committee or time expended on Fee Committee matters. All other Fee Committee Members, the Fee Committee Counsel, and any other consultants, shall receive such reasonable hourly compensation, or in the alternative, a flat monthly amount pursuant to 11 U.S.C. § 328(a), for their services as shall be mutually agreed upon by the Fee Committee Members and approved by the Court. All Fee Committee Members (other than the Fee Committee Member appointed by the United States Trustee) and the Fee Committee Counsel also shall be entitled to reimbursement from the Debtors' estates for their reasonable, documented out-of-pocket costs and expenses in connection with the Fee Committee, which may include travel and lodging expenses for attendance at Fee Committee meetings, also subject to Court approval upon application. Service on the Fee Committee will not entitle any member thereof to compensation under section 503(b) of the Bankruptcy Code, and any right to such claim is expressly waived.

Work performed by Retained Professionals to assist the Fee Committee in the performance of its duties, such as assembling information provided by Retained Professionals and preparing it for review, shall be compensable in accordance with the standards of 11 U.S.C. § 330.

All Fee Committee Members, the Fee Committee's Counsel, and any other consultants, shall submit detailed fee statements and requests for reimbursement of reasonable, actual, and necessary expenses, which shall be reviewed by the other Fee Committee Members; provided, however, that each Fee Committee Member shall recuse himself or herself from review of his or her own fee statements and requests for reimbursement of reasonable, actual, and necessary expenses. In addition, any such statements and requests for reimbursement of reasonable, actual, and necessary expenses shall be subject to application, review and payment under Section 330 of the Bankruptcy Code.

**Fee Disputes**

If the Fee Committee has any concerns or objections (as determined by a vote of the Fee Committee Members) with respect to any interim or final fee application of a Retained Professional, it shall prepare and distribute a confidential letter or written report ("Fee Committee Report") to that Retained Professional, with a copy to the Debtors, the Committee, and the United States Trustee, describing such concerns or objections in accordance with the schedule set forth below. If the Fee Committee Report is not unanimously approved by the Fee Committee, any Fee Committee Member who wishes to do so may prepare a written dissent, which shall be transmitted along with the Fee Committee Report. The Fee Committee and the Retained Professional served with such Fee Committee Report shall thereafter endeavor to reach a mutually acceptable resolution of the issues raised by the Fee Committee Report. In the event that the Fee Committee and the Retained Professional cannot reach a resolution with respect to any issue(s) raised by the Fee Committee Report (a "Fee Dispute") within 30 days after

5

transmittal, the Fee Committee may publicly file its objection in accordance with the schedule below.  Pending resolution of any Fee Dispute, the Debtors shall compensate such Retained Professional for any amount otherwise due and payable under the Interim Compensation Order that is not the subject of the Fee Dispute or an unresolved objection to a Monthly Statement.

Nothing contained herein shall affect the right of any party in interest, including Members of the Fee Committee, to object to any Monthly Statement or interim or final fee application.  Likewise, nothing contained herein shall affect the right of any Retained Professional to respond to any objection to its Monthly Statement or interim or final fee application.  Similarly, nothing herein shall affect the rights or obligations of any party in interest, including the Fee Committee, under the Interim Compensation Order.

Schedule on Fee Applications

| EVENT | DEADLINE |
| --- | --- |
| End of 120 day interim compensation period | Day 0 |
| Interim Fee Applications Due | Day 75 |
| Fee Committee Report to Retained Professionals | Day 135 |
| End of Negotiation Period between Retained Professionals and Fee Committee on Report | Day 165 |
| Objection Deadline for Fee Committee or any member thereof | Day 180 |
| Hearing on Objections | Scheduled by the Court |

A separate schedule shall be established for the filing and adjudication of final fee applications.  In addition, the Fee Committee shall have the right to review and, if appropriate, object to any fee application submitted before the date of this Amended Fee Protocol, subject to the limitation in paragraph 3 on page one above.  Notwithstanding this paragraph, the Fee Committee shall not seek to amend or vacate any negotiated quantitative adjustments or agreements made by the Committee with any Retained Professionals prior to the execution of this Amended Fee Protocol related to applications for compensation for the first through fourth interim fee periods that were previously approved and allowed as interim compensation and reimbursement of expenses by orders of the Bankruptcy Court.  This provision does not apply to issues on which the Fee Committee has reserved the right to object, if any.

**Subsequent Retentions**

Any professional retained by order of the Court in these Chapter 11 cases subsequent to the date of the Fee Committee Order shall be bound by the Fee Committee Order and shall immediately contact the Independent Member of the Fee Committee to discuss the procedures the professional must follow under the Amended Fee Protocol and Interim Compensation Order.

**Committee Exculpation And Indemnification**

The Fee Committee and each Fee Committee Member are hereby appointed officers of the Court with respect to the performance of their duties on the Fee Committee and provided the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of their duties and powers on the Fee Committee.  No person or entity shall

6

commence an action against the Fee Committee or any Member thereof in connection with Fee Committee matters except in this Court.

The Fee Committee and each member thereof are hereby indemnified by the Debtors for losses or costs of defense incurred as a result of acts taken or omitted, in each case in good faith, in the performance of their duties as a member of the Fee Committee. Nothing herein shall be deemed to limit the application of any immunities to which any party is entitled under statute or other law, including but not limited to any sovereign immunity and quasi-judicial immunity such parties may have.

Any and all claims or causes of action not instituted against the Fee Committee or any Fee Committee Member thereof (solely in its capacity as a member of the Fee Committee) prior to the tenth calendar day after entry of an order determining the fee application as to which such claims or causes of action relate shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

Any Retained Professional may seek an Order on appropriate notice seeking relief from any of the provisions of the Fee Committee Order.

6106146_1

7