UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                 :

In re                                                     :        Chapter 11 Case No.
                                                                 :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :        08-13555 (JMP)
                                                                 :

                                          Debtors.              :        (Jointly Administered)
                                                                 :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004 AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO MAKE ADDITIONAL INVESTMENTS WITH RESPECT TO 25 AND 45 BROAD STREET

        Upon the motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to make certain additional investments (the "Additional Investments") with respect to the properties located at 25 Broad Street and 45 Broad Street, New York, New York (the "Properties"), as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv)

the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 363(b)(1) of the Bankruptcy Code, LBHI is authorized to make the Additional Investments and consummate all of the transactions contemplated thereby, including the advance of funds with respect to the Properties and execution and delivery of such documents and instruments of transfer necessary to consummate such transactions, and to take such other actions as may be reasonably necessary to consummate such transactions, it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of any further court proceedings or approval; and it is further

ORDERED that the transactions contemplated with respect to the Additional Investments may be further modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, *provided* that, in each case, any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that nothing contained herein be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits, or remedies of LBHI or any of the Debtors or their non-debtor affiliates that any of the Debtors or non-debtor affiliates may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including against each other or third parties; and the Debtors are authorized to execute such further documentation necessary to reflect this reservation of rights; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004(h); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
April 14, 2011

    *s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge