UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE APPROVING THE PURCHASE OF NOTES ISSUED BY PINE CCS, LTD. FROM BARCLAYS BANK PLC AND THE TERMINATION OF THE PINE SECURITIZATION

Upon the motion, dated March 23, 2011 (the "Motion"), of Lehman Commercial Paper Inc. ("LCPI") and Lehman Brothers Holdings Inc. ("LBHI") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman") pursuant to sections 105 and 363 of the Bankruptcy Code, for approval of the purchase of notes issued by Pine[1] from Barclays Bank PLC and LBHI and the termination of the Pine securitization, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] All capitalized terms used but not defined in this Order shall have the meanings ascribed to such terms in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Barclays; (vii) the attorneys for U.S. Bank; (viii) the attorneys for Pine; and (ix) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI and LBHI, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that objections, if any, to the Motion, that have not been resolved or withdrawn, are overruled; and it is further

ORDERED that, the Court having determined and found that the proposed transactions set forth in the Note Sale and Termination Agreement are reasonable and appropriate, and consummation of the transactions contemplated by the Note Sale and Termination Agreement are in the best interests of LCPI, LBHI and their estates, the Motion is granted; and it is further

ORDERED that pursuant to sections 105 and 363(b) of the Bankruptcy Code, (i) the Note Sale and Termination Agreement, (ii) the purchase by LCPI and the sale by LBHI of the LBHI Notes, and (iii) the release by LBHI of its security interest in

2

the Class A-2, Class B and Subordinated Notes issued by Pine, are approved, and LCPI and LBHI are duly authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate (a) the Note Sale and Termination Agreement and all obligations contemplated therein, (b) the purchase of the LBHI Notes, and (c) the release by LBHI of its security interest in the other Pine Notes as described in the Motion; and it is further

ORDERED that, notwithstanding the entry of this Order, all rights, claims and defenses of LBHI and LCPI with respect to (i) the ownership of the Pine Notes and (ii) any transfer by LBHI and LCPI of the Pine Notes prior to the Commencement Date shall be reserved and not affected by the transactions contemplated by the Note Sale and Termination Agreement and the Motion; and it is further

ORDERED that, notwithstanding the entry of this Order, any and all pre- and post-petition claims, rights, obligations and defenses of the Debtors that they may have against each other in connection with the subject matter of the Motion are hereby reserved and not waived, relinquished or otherwise prejudiced by the transactions contemplated in the Motion; and it is further

ORDERED that nothing in the Motion, this Order, or the Note Sale and Termination Agreement shall (a) bind, be collateral estoppel, res judicata, constitute an admission of the parties in, or otherwise prejudice any other matter (other than approval of the matters and the Note Sale and Termination Agreement herein, and the performance thereof) in this case or in the Chapter 11 Cases (collectively, the "Cases") with respect to

the legal or factual assertions set forth in the Note Sale and Termination Agreement and the Motion; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Agreement.

Dated: New York, New York
      April 14, 2011

                      *s/ James M. Peck*
                      Honorable James M. Peck
                      United States Bankruptcy Judge