**Hearing Date and Time: May 18, 2011, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: April 28, 2011, at 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark

*Attorney for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

_____

**NOTICE OF MOTION OF GIANTS STADIUM LLC FOR LEAVE
TO CONDUCT DISCOVERY OF THE DEBTORS PURSUANT TO
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004</u>**

**PLEASE TAKE NOTICE** that, on May 18, 2011, at 10:00 a.m. (prevailing Eastern Time), or as soon thereafter as the matter may be heard, before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York, 10004, Giants Stadium LLC ("Giants Stadium") will move for entry of an order granting leave to conduct discovery of Lehman Brothers Holding Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF") (collectively, the "Debtors") pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objection or response to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and (i) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format ("PDF"), WordPerfect, or any other Windows-based word processing format; and (ii) a hardcopy of such objection or response shall be served in accordance with General Order M-242, upon (A) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (B) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard W. Slack, Esq., Michael J. Firestone, Esq., Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (C) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); (D) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dune, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq.), attorneys for the official committee of unsecured creditors appointed in these cases; (E) the attorneys for any other official committee(s) appointed in these cases, and (F) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York (Attn: Bruce

E. Clark, Esq.), attorneys for Giants Stadium, so as to be actually filed and received no later than April 28, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
April 14, 2011

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By: /s/
Bruce E. Clark
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Attorney for Giants Stadium LLC*

**Hearing Date and Time: May 18, 2011, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: April 28, 2011, at 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark

*Attorney for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

_____

**MOTION OF GIANTS STADIUM LLC FOR LEAVE
TO CONDUCT DISCOVERY OF THE DEBTORS PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

Giants Stadium LLC ("Giants Stadium") hereby moves this Court for an order pursuant to Federal Rule of Bankruptcy Procedure 2004 directing that Lehman Brothers Holding Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF") (collectively, the "Debtors") respond to the document requests contained in Schedule 1 attached hereto, and provide for examination of the Debtors' representative who is most knowledgeable about the matters set forth herein (the "Motion").

INTRODUCTION

1.  On July 27, 2007, Giants Stadium and LBSF entered into two auction-rate securities swap transactions (collectively, the "Transactions") as described in two ISDA

Master Agreements. One agreement was insured by Financial Security Assurance Inc. ("FSA"), and one was insured by Financial Guaranty Insurance Company ("FGIC") (collectively and together with the schedules and exhibits thereto and each confirmation exchanged with regard to the transactions thereunder, the "ISDA Master Agreements"). LBSF's obligations under the ISDA Master Agreements were guaranteed by LBHI. True and correct copies of the ISDA Master Agreements are attached hereto as Exhibit A. All capitalized terms not defined herein shall have the meanings assigned to such terms in the ISDA Master Agreements.

2. On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On October 3, 2008, LBSF also filed a voluntary chapter 11 petition under the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and this Court's order dated and entered on October 16, 2008.

3. Prior to the Petition Date, the Debtors, along with various other subsidiaries and affiliates of the Debtors (collectively, "Lehman Brothers"), were the fourth largest investment bank in the United States. Lehman Brothers offered a wide range of financial services, including sales of debt and equities, trading and research, and investment banking, among other business lines. Pertinently, LBSF was in the business of entering into derivative contracts with various counterparties. In the course of entering into these derivative contracts, it would be common in the financial industry for LBSF to offset transaction risk through a process known as "hedging."

4.      LBHI's bankruptcy filing was an Event of Default under the ISDA Master Agreements. On September 18, 2008, Giants Stadium sent two letters to LBSF (collectively, the "Termination Letters") (i) notifying LBSF that an Event of Default pursuant to Section 5(a)(vii) of the ISDA Master Agreements had occurred; and (ii) designating September 18, 2008, as the Early Termination Date with respect to the Transactions. True and correct copies of the Termination Letters are attached hereto as Exhibit B.

5.      LBSF failed to fulfill its obligations under Section 6(e) of the ISDA Master Agreements to solicit quotations from Designated Dealers for the purpose of using the Market Quotation payment measure. Debtors have not provided Giants Stadium with information regarding any efforts LBSF may have undertaken in an attempt to fulfill its obligations under this section.

6.      Giants Stadium filed Proofs of Claim against LBSF and LBHI, in the amount of $301,804,617.14, arising from Giants Stadium's September 18, 2008 termination of the Transactions. Accompanying each Proof of Claim was a statement pursuant to Section 6(d) of the ISDA Master Agreements, dated October 2, 2008 (collectively, the "Section 6(d) Statements"). True and correct copies of the Section 6(d) Statements are attached hereto as Exhibit C.

7.      Because LBSF failed to fulfill its obligations under Section 6(e) of the ISDA Master Agreements to solicit quotations from Designated Dealers for the purpose of using the Market Quotation payment measure, Giants Stadium used the Loss payment measure with respect to the Transactions in accordance with Section 6(e) of the ISDA

Master Agreements to calculate its claim. Detailed explanations of the basis for these Loss calculations were provided with the Section 6(d) Statements.

8. Debtors have not provided Giants Stadium with any alternative calculation of Loss with respect to the Transactions. Nor have they provided information regarding any valuation methodologies Debtors have employed in relation to any other derivative transactions.

9. It is a common practice in the financial industry for entities in Debtors' position to "hedge" derivative transactions such as the Transactions entered into by and between Giants Stadium and Debtors on July 27, 2007, by entering into a second set of transactions with one or more third parties, which serve to offset risk, in whole or in part. Debtors have not provided any information to Giants Stadium concerning any "hedging" transactions Debtors may have entered into with regard to the Transactions.

10. Giants Stadium is entitled to information concerning the Debtors' derivative valuation methodology as well as information concerning any and all transactions Debtors may have entered into in order to offset the risk of the Transactions.

11. Therefore, pursuant to Rule 2004, Giants Stadium requests that the Court enter an order granting Giants Stadium leave to take discovery of the Debtors concerning these matters.

## JURISDICTION AND VENUE

12. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

predicate for the relief requested in this Motion is Rule 2004 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

13.  Giants Stadium requests the entry of an order pursuant to Rule 2004 authorizing and directing (i) the production of documents by the Debtors in response to the document requests attached hereto as Schedule 1; (ii) the deposition of a representative of the Debtors who is most knowledgeable about the subject matters set forth in this Motion; (iii) the issuance of one or more subpoenas compelling such document production and attendance at such deposition in the manner provided in Federal Rule of Bankruptcy Procedure 9016; and (iv) granting such other and further relief as the Court deems just and proper.

## ARGUMENT

14.  Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The scope of discovery under Rule 2004 relates to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Under Rule 2004, a moving party is entitled to both the examination of a witness and the production of requested documents. Fed. R. Bankr. P. 2004(c).

15.  By this Motion, Giants Stadium is seeking information from the Debtors relating to their efforts to solicit quotations from Designated Dealers, as required under the ISDA Master Agreements, and to the valuation methodologies Debtors have employed in relation to other derivative transactions as well as information relating to

any "hedge" transactions Debtors may have entered into in order to offset Debtors' risk of loss under the Transactions with Giants Stadium.

16.     Giants Stadium is seeking the information at this time because information regarding the valuation methodology Debtors have employed when valuing other derivative transactions, and information relating to any "hedging" transactions Debtors entered into in relation to the Transactions, may relate to the calculation of Loss resulting from the Termination of the Transactions, and also to the property, liabilities, financial condition, and administration of the Debtors' estate, and thus to Giants Stadium's claims against the estate. This request, therefore, is well within the scope of Rule 2004.

## NO PRIOR REQUEST

18.     No prior Motion for the relief requested herein has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

19.     As there are no novel issues of law relating to the Motion, Giants Stadium requests that the Court waive the requirement that Giants Stadium file a separate memorandum of law in support of the Motion.

## CONCLUSION

**WHEREFORE**, for the reasons stated herein, Giants Stadium respectfully requests that the Court enter an Order, pursuant to Rule 2004, in the form attached hereto as Exhibit D: (i) requiring the production of documents from the Debtors responsive to the document requests; (ii) requiring the Debtors to produce their representative for examination who is most knowledgeable about the subject matters set forth in this Motion; (iii) authorizing the issuance of one or more subpoenas compelling such

document production and appearance for examination; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 14, 2011

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:  /s/ 
Bruce E. Clark
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Attorney for Giants Stadium LLC*

# SCHEDULE 1

# REQUEST FOR PRODUCTION OF DOCUMENTS

## DEFINITIONS

A. The term "COMPUTER" as used herein includes, but is not limited to, all mainframe computers, personal computers, microcomputers, desktop and portable, laptop or notebook computers, and personal digital assistants ("PDAs").

B. The term "DEBTORS" as used herein shall mean and refer to Lehman Brothers Holdings Inc. and/or Lehman Brothers Special Financing Inc. and any of their respective affiliates, officers, directors, employees, associates, consultants, attorneys, representatives, agents, or any other person working on their behalf, including their predecessors and successors in interest, and bankruptcy estates.

C. The term "DOCUMENT" or "DOCUMENTS" as used herein shall have the meaning given to "document" in Local Civil Rule 26.3(c)(2) of the United States District Court for the Southern District of New York.

D. The term "ELECTRONIC DATA" as used herein shall mean and refer to the original and any non-identical copies of any COMPUTER program, software, database, file, email, source code, or operating system, including ASCII files, word processing documents, spreadsheets, charts, and graphs, whether active, deleted, or fragmented.

E. The term "ELECTRONIC MEDIA" as used herein shall mean and refer to any magnetic or other storage device used to record, store, or maintain ELECTRONIC DATA, including, but not limited to, any disk, minidisk, floppy disk, hard drive, disk drive, CD ROM, optical disk, memory card, personal computer, network, magnetic tape,

microfiche, punch card, computer chip, back up, or any other means of storing, recording or retaining information generated by or input to or on a COMPUTER.

F.  The term "GIANTS STADIUM" as used herein shall mean and refer to Giants Stadium LLC and any of the respective officers, directors, employees, associates, consultants, attorneys, representatives, agents, or other any person working on its behalf, including its predecessors and successors in interest.

G.  The term "HEDGING TRANSACTION(S)" as used herein shall mean and refer to any and all transactions and positions, including, but not limited to, short positions and credit default swaps, entered into by DEBTORS at any time prior to, simultaneous with, or after entering into the TERMINATED TRANSACTIONS with GIANTS STADIUM, the purpose of which was to hedge DEBTORS' risk under the TERMINATED TRANSACTIONS, in whole or in part, including any transactions and positions under which DEBTORS would benefit from a decline in value, decline in rating, or any increase in the cost of insuring against such decline of either Financial Security Assurance Inc. ("FSA") or Financial Guaranty Insurance Company ("FGIC").

H.  The term "ISDA MASTER AGREEMENTS" as used herein shall mean and refer to the two ISDA Master Agreements, together with the schedules and exhibits thereto and each confirmation exchanged with regard to transactions thereunder, entered into by and between Giants Stadium and LBSF as of July 27, 2007 and insured by FSA and FGIC, respectively, and guaranteed by LBHI.

I.  The term "LBHI" as used herein shall mean and refer to Lehman Brothers Holdings Inc., and any of its respective officers, directors, employees, associates,

consultants, attorneys, representatives, agents, or any other person working on its behalf, including its predecessors and successors in interest.

J.   The term "LBSF" as used herein shall mean and refer to Lehman Brothers Special Financing Inc. and any of its respective officers, directors, employees, associates, consultants, attorneys, representatives, agents, or other any person working on its behalf, including its predecessors and successors in interest.

K.   The term "RELATE TO" or "REFER TO" or the like as used herein shall mean and refer to all documents that in any manner or form are relevant in any way to the subject matter in question.

L.   The term "TERMINATED TRANSACTIONS" as used herein shall mean and refer to transactions entered into pursuant to the ISDA MASTER AGREEMENTS and terminated by GIANTS STADIUM in the TERMINATION LETTERS.

M.   The term "TERMINATION LETTERS" as used herein shall mean and refer to the letters from GIANTS STADIUM to LBSF dated September 18, 2008.

N.   The terms "YOU" and "YOUR" as used herein shall mean the DEBTORS, as defined herein.

O.   For the purposes hereof, the reference to any entity shall include any and all officers, directors, employees, associates, consultants, attorneys, representatives, and agents or any other person or entity representing such entity or acting on its behalf as well as any and all affiliate entities, predecessors and successors in interest, and their respective officers, directors, employees, associates, consultants, attorneys, representatives, and agents.

-3-

## INSTRUCTIONS

A. In responding to these requests for production, YOU are requested to furnish all DOCUMENTS that are in YOUR actual or constructive possession, custody, or control or in the possession, custody, or control of any of YOUR representatives, agents, or attorneys. In responding to these requests for production, YOU may elect to produce the original or, if the original is not available, a legible copy, of each requested document.

B. In responding to these requests for production, YOU are requested to produce all DOCUMENTS either as they are kept in the usual course of YOUR business affairs or they shall be organized and labeled to correspond with the requests herein. If a DOCUMENT is responsive to more than one request, only one exemplar of the DOCUMENT needs to be produced. Similarly, if YOU have more than one copy of the same DOCUMENT, the additional copies need not be produced. A version of a DOCUMENT that differs in any way from the original of such DOCUMENT because it constitutes a prior draft or subsequent version, because it contains any interlineations or marginalia, or because it differed in any other respect from the original, is not an exact duplicate of such DOCUMENT. Each different version of such DOCUMENT is required to be produced.

C. If YOU cannot respond to any of the following requests in full after exercising reasonable diligence to secure the information requested therein, please so state and respond to the extent possible, specifying the reasons for any inability to respond and stating whatever information YOU do have concerning such request.

D.  If a responsive DOCUMENT consists of ELECTRONIC DATA, is stored on ELECTRONIC MEDIA or a COMPUTER, or is otherwise unreadable in its ordinary state, the responding party shall take reasonable steps to produce and translate all such responsive items into a useable or readable form.

E.  If any privilege is claimed or if any objection is made regarding the production of any DOCUMENTS, with respect to each such DOCUMENT: (1) identify the privilege or objection involved; (2) state the basis for claiming the privilege or making the objection; (3) describe the type of DOCUMENT and the date of its creation; (4) identify each person who (a) has knowledge of the DOCUMENT or the information that the DOCUMENT contains, (b) prepared or made the DOCUMENT, (c) signed the DOCUMENT, and/or (d) now possesses the DOCUMENT or a copy, summary, or digest thereof; and (5) identify each person to whom the DOCUMENT or a copy, summary, or digest thereof was directed, circulated, distributed, or shown.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that RELATE TO any efforts by DEBTORS to solicit quotations from Designated Dealers for the purpose of using the Market Quotation payment measure, or any efforts by DEBTORS to otherwise fulfill any of its obligations under Section 6(e) of the ISDA MASTER AGREEMENTS.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that RELATE TO (i) any valuation methodologies that the DEBTORS have employed to value "Loss," as defined in the ISDA MASTER

AGREEMENTS and covering the TERMINATED TRANSACTIONS, and (ii) any valuation methodologies that the DEBTORS have employed to value "Loss", as defined in an ISDA master agreement and covering an interest rate swap to which DEBTORS are or were a party.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that RELATE TO any and all HEDGING TRANSACTION(S) (as defined herein), including, without limitation, (i) DOCUMENTS sufficient to show the terms of any and all HEDGING TRANSACTION(S), including the date(s) entered into, the parties thereto, and the meaning and/or interpretation thereof; (ii) DOCUMENTS sufficient to show the status, ownership, terms, and control of any and all HEDGING TRANSACTIONS, at all times from the date first entered into until the present; (iii) DOCUMENTS that RELATE TO any case, controversy, claim, or dispute regarding any and all HEDGING TRANSACTIONS, including, without limitation, those which are intended to be or were resolved, in whole or in part, through negotiation, settlement, judicial order, or alternative dispute resolution procedures; and (iv) DOCUMENTS sufficient to show the relationship(s) between any and all HEDGING TRANSACTIONS and the TERMINATED TRANSACTIONS.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS generated, sent, or received by DEBTORS' Credit Valuation Adjustment desk that RELATE TO (i) the TERMINATED TRANSACTIONS, and (ii) any and all HEDGING TRANSACTIONS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that RELATE TO any valuation methodologies DEBTORS employed to value the TERMINATED TRANSACTIONS.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that RELATE TO any capital allocated by DEBTORS to satisfy any requirements to maintain capital in relation to the TERMINATED TRANSACTIONS before they were terminated, including, but not limited to, DOCUMENTS sufficient to show the rate charged by DEBTORS on capital lent internally within DEBTORS.