

April 8, 2011

Honorable James M. Peck
One Bowling Green, Courtroom 601
New York NY 10004

United States Bankruptcy Court Southern District of New York
Debtors: Lehman Brothers Holdings Inc, et al
Chapter 11 Case No. 08-13555 (JMP) Jointly Administered
Seventy-Third Omnibus Objection
to Claims To Reclassify Proofs of Claims as Equity Interests
Creditor: JAO, Andrea T
Address: 77 Seventh Ave, Apt 10-S, New York NY 10011
Tel: (917) 209-4497
Claim Number: 5340
Date Filed: 7/15/2009
Debtor: 08-13555
Classification and Amount: $107,253.00 unvested restricted stock units

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Dear Sir:

I respectfully ask that you allow me to reply to the representations made by Lehman Brothers Holdings Inc in a letter dated March 25, 2011 as submitted to you by Weil Gotshal & Manges.

At the root of their argument is the assertion that the awards of unvested restricted stock units are equity securities – even if they are not.

If these awards were equity securities the value of the award would have increased and decreased in value commensurate to the increase or decrease in stock price, which it did not. Furthermore, we would have been entitled to and would have received dividends like other equity shareholders. Again, we did not receive dividends on unvested restricted stock units.

I reiterate that may claim should not be reduced or reclassified as equity because the above amount was awarded for past service and is thus deferred compensation. The award had not yet vested, given the five year vesting period for employees of Lehman Brothers. **This means that at the time of bankruptcy the Debtor had an outstanding promise to pay compensation to the employee for past services rendered.** Because these services were valuable to the Debtor, it imposed a vesting period to ensure that the

employee continued to work for the Debtor and create value for the Debtor on an on-going basis.

The Debtor does not address this issue in its letter to you dated March 25, 2011, in which it mentions the rulings from the Enron bankruptcy. The Debtor is mistaken to assert that "unvested" is equivalent to "not entitled to get paid for past services rendered." I assert that unvested means that the Debtor's obligation is still outstanding.

Furthermore, in Guiry v. Goldman, Sachs & Co., 2006 N.Y. App. Div. LEXIS 6630 (1st Dept. May 18, 2006), the New York Appellate Division, First Department, held that unvested, contingent rights to restricted stock and options to purchase such stock are "incentive compensation." That is deferred compensation so that the employee had the incentive to stay.

Please also let me repeat that I had submitted a list of unvested options obtained from Lehman Brother's Human Resources website and provided the Debtor a copy with my letter dated January 3, 2011. It is unfair and incomprehensible that the Debtors assert that no amounts were deducted from employees' compensation, for purposes to be classified as deferred compensation. One has only to refer to its Human Resources records to find policies and practices that a portion of employees' compensation be paid on a deferred basis.

Lehman Brothers decided on a year-by-year basis how much compensation to defer. Contrary to the assertions made by the Debtor in its letter dated March 25, 2011, employees such as myself were not given a choice. We simply did not know ahead of time what Lehman Brothers as an employer would decide to do.

In conclusion, I respectfully request that your Honor denies the Debtor's request to reduce and/or reclassify my claim.

Thank you very much,

Andrea T. Jao
April 8, 2011