# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings, Inc., et al.          Case No. 08-13555 (JMP) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Jade Tree I, L.L.C. | JPMorgan Chase Bank, N.A. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Jade Tree I, L.L.C.
PO Box 6463
New York, New York 10150
loans@jadetree.net

with a copy to:

Scott L. Esbin
Esbin & Alter, LLP
497 South Main Street
New City, New York 10956
Telephone: (845) 634-7909
Facsimile: (845) 634-4160
Email: sesbin@esbinalter.com

Last Four Digits of Acct. #: _____

Court Claim # (if known): 30669

Amount of Claim Transferred: $73,766,014.25

Date Claim Filed: September 22, 2009

Phone:
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Jade Tree I, L.L.C.

By: _____[signature]_____          Date: 4/15/2011
Name: Scott L. Esbin
Title: Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings, Inc. et al.    Case No. 08-13555 (JMP) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 30669 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on        .

| JPMorgan Chase Bank, N.A. | Jade Tree I, L.L.C. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| JPMorgan Chase Bank, N.A.<br>Mail Code: NY1-A436<br>One Chase Manhattan Plaza<br>Floor 26<br>New York, New York 10005<br>Attn: Susan McNamara | Jade Tree I, L.L.C.<br>PO Box 6463<br>New York, New York 10150<br>loans@jadetree.net<br><br>with a copy to:<br><br>Scott L. Esbin<br>Esbin & Alter, LLP<br>497 South Main Street<br>New City, New York 10956<br>Telephone: (845) 634-7909<br>Facsimile: (845) 634-4160<br>Email: sesbin@esbinalter.com |

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____        _____
                                     CLERK OF THE COURT

452-417/COURT/3047482.1

EVIDENCE OF TRANSFER OF CLAIM

TO: Clerk, United States Bankruptcy Court, Southern District of New York

AND TO: JPMorgan Chase Bank, N.A.

**JPMorgan Chase Bank, N.A.**, a national banking association, having offices located at Mail Code: NY1-A436, One Chase Manhattan Plaza, Floor 26, New York, New York 10005, ATTN: Susan McNamara ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of an Assignment of Claim agreement dated as of the date hereof, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to **Jade Tree I, L.L.C.**, with offices located at P.O. Box 6463, New York, New York 10150, loans@jadetree.net ("Buyer"), all right, title and interest in and to the claims of Seller against LEHMAN BROTHERS HOLDINGS INC. (and its affiliates) to the extent of $73,766,014.25 of the claim docketed as Claim No. 30669 (the "Claim") in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13555 (JMP) (jointly administered).

Drake Global Opportunities Master Fund Ltd. transferred the Claim to Seller as evidenced at docket number _____ in the above Case.

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this transfer and sale of the Claim as an unconditional assignment and sale and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, dated as of the 23 day of December, 2010.

WITNESS:

_____
(Signature)

Name: Alexander Wilk
Title: Associate
(Print name and title of witness)

JPMorgan Chase Bank, N.A.

By: _____
(Signature of authorized corporate officer)

Name: Michael _____
Title: Authorized _____
Tel.: _____

Jade Tree I, L.L.C.

WITNESS:

_____
(Signature)

Name: _____
Title: _____
(Print name and title of witness)

By: _____
Name: Scott L. Esbin
Title: Authorized Signatory
Tel.: _____

12

Drake Global Op JPM Flip to Jade Tree AOC TD 12-10-10 $73.7MM (3).doc

EVIDENCE OF TRANSFER OF CLAIM

TO: Clerk, United States Bankruptcy Court, Southern District of New York

AND TO: JPMorgan Chase Bank, N.A.

JPMorgan Chase Bank, N.A., a national banking association, having offices located at Mail Code: NY1-A436, One Chase Manhattan Plaza, Floor 26, New York, New York 10005, ATTN: Susan McNamara ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of an Assignment of Claim agreement dated as of the date hereof, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to **Jade Tree I, L.L.C.**, with offices located at P.O. Box 6463, New York, New York 10150, loans@jadetree.net ("Buyer"), all right, title and interest in and to the claims of Seller against LEHMAN BROTHERS HOLDINGS INC. (and its affiliates) to the extent of $73,766,014.25 of the claim docketed as Claim No. 30669 (the "Claim") in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13555 (JMP) (jointly administered).

Drake Global Opportunities Master Fund Ltd. transferred the Claim to Seller as evidenced at docket number _____ in the above Case.

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this transfer and sale of the Claim as an unconditional assignment and sale and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, dated as of the 23 day of December, 2010.

| | |
|---|---|
| WITNESS: | JPMorgan Chase Bank, N.A. |
| | By:_____ |
| _____ | (Signature of authorized corporate officer) |
| (Signature) | |
| Name:_____ | Name:_____ |
| Title:_____ | Title:_____ |
| (Print name and title of witness) | Tel.:_____ |
| | |
| | Jade Tree I, L.L.C. |
| WITNESS: | |
| _____ | By: /s/ Scott L. Esbin |
| (Signature) | Name: Scott L. Esbin |
| | Title: Authorized Signatory |
| Name:_____ | Tel.:_____ |
| Title:_____ | |
| (Print name and title of witness) | |

12

Drake Global Op JPM Flip to Jade Tree AOC TD 12-10-10 $73.7MM (3).doc

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000030669 |
| Name of Debtor Against Which Claim is Held<br>**Lehman Brothers Holdings Inc** | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim action for Lehman Program Securities. See definition on reverse side 1.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

The Drake Global Opportunities (Master) Fund, Ltd.
c/o Drake Management LLC
660 Madison Avenue, 16th Floor
New York, New York 10065
Attn: Steven Luttrell

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 4981
(If known)

Filed on: 6/23/2009

Telephone number: (212) 756-1250    Email Address: luttrell@drakemanagment.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. Amount of Claim as of Date Case Filed: $ **at least $102,045,018.35**
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: **see attached**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____  Basis for perfection: _____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9-21-09
Signature: [signature] The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

FOR COURT USE ONLY

FILED / RECEIVED

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |

### ATTACHMENT TO AMENDED PROOF OF CLAIM OF THE DRAKE GLOBAL OPPORTUNITIES (MASTER) FUND, LTD. AGAINST LEHMAN BROTHERS HOLDINGS INC.

The undersigned, having an office at 660 Madison Avenue, 16th Floor, New York, New York 10065, is an authorized signatory of The Drake Global Opportunities (Master) Fund, Ltd. ("Drake") and is duly authorized to execute and submit this amended claim (the "Claim")[1] on Drake's behalf. In support of the Claim, Drake represents as follows:

### Background

ISDA Agreement

1.  Drake and Lehman Brothers Special Financing, Inc. ("LBSF") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border), dated as of August 5, 2004 (the "Master Agreement"), as amended and supplemented by (i) a schedule (the "Schedule"), and (ii) a credit support annex to the Schedule (the "Credit Support Annex," and collectively with the Master Agreement and the Schedule, the "ISDA Agreement").

2.  Under Paragraph 2 of the Credit Support Annex, each of LBSF and Drake pledged to the other counterparty, as security for all of its present and future obligations under the ISDA Agreement, a first priority continuing security interest in, lien on and right of Set-off

---

[1] Drake previously filed a proof of claim in this case against LBHI (as defined below) on June 23, 2009, Claim Number 4981 (the "Prior Claim"). This Claim amends and supersedes the Prior Claim.

(as defined in the ISDA Agreement) against all Posted Collateral (as such term is defined in the ISDA Agreement) transferred to or received from the other.

3. Lehman Brothers Holdings Inc. ("LBHI") executed a guarantee (the "Guarantee") in favor of Drake as additional credit support in connection with the ISDA Agreement. Under the Guarantee, LBHI unconditionally guaranteed to Drake "the due and punctual payment of all amounts payable by [LBSF] under each Transaction [as defined in the Guarantee] when and as [LBSF's] obligations thereunder shall become due and payable in accordance with the terms of the ISDA Agreement." Guarantee, ¶ (a). LBHI further agreed to pay or cause to be paid any amount owed to Drake under the Guarantee upon written demand when and as it becomes due and payable. Id. The Guarantee is a guarantee of payment, not a guarantee of collection. Id. at ¶ (b).

Bankruptcy Cases

4. LBHI filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 15, 2008 (the "Petition Date"). LBSF filed a petition for relief under chapter 11 of the Bankruptcy Code on October 3, 2008.

5. On July 2, 2009, the Bankruptcy Court entered an order (the "Bar Date Order"), setting September 22, 2009 at 5:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the last date and time for filing proofs of claim in LBSF's or LBHI's bankruptcy cases. Drake asserts this Claim pursuant to the Bar Date Order.

### Basis of Claim

6. Part 4(g) of the Schedule defines the "Credit Support Provider" under the ISDA Agreement as LBHI. Section 5(a)(vii)(4) of the Master Agreement, in turn, provides that the bankruptcy of the Credit Support Provider is an event of default under the ISDA Agreement.

2

An event of default thus occurred under the ISDA Agreement when LBHI filed a bankruptcy petition on the Petition Date.

7.  Section 6(a) of the Master Agreement provides that if an event of default occurs, the non-defaulting party may notify the defaulting party that it is terminating all outstanding Transactions. After the Petition Date, Drake delivered to LBSF, in accordance with the ISDA Agreement, a notice of early termination designating September 16, 2008, as the "Early Termination Date" in respect of all outstanding Transactions and terminating the ISDA Agreement (the "Early Termination Notice"). Drake accordingly terminated all outstanding Transactions and the ISDA Agreement as of the Early Termination Date.

8.  Drake delivered to LBSF a Statement of Calculations (the "Calculation Statement") on June 18, 2009, notifying LBSF of the amount due to Drake under the ISDA Agreement. As described in the Calculation Statement, LBSF was and remains indebted to Drake under the ISDA Agreement in the amount of $102,043,941.35 (the "Early Termination Amount") based on the Market Quotation Methodology and Second Method, as specified in the ISDA Agreement, $97,771,574.76 of which is on account of certain collateral Drake previously had transferred to LBSF in connection with the transactions.

9.  Section 11 of the Master Agreement provides that the defaulting party "will, on demand, indemnify and hold harmless the other party for and against all reasonable out-of-pocket expenses, including legal fees and Stamp Tax (as defined in the Master Agreement), incurred by such other party by reason of the enforcement and protection of its rights under this Agreement or any Credit Support Document to which the Defaulting Party is a party or by reason of the early termination of any Transaction, including, but not limited to, costs of collection." Drake has incurred $1,077.00 in legal fees and expenses to date in connection with the early

3

termination of the Transactions and preparation of this Claim (the "Legal Expenses," and together with the Early Termination Amount, the "Claim Amount"). The total Claim Amount is $102,045,018.35.

10. As of the date of the filing of this Claim, Drake has received no payment on account of any portion of the Claim Amount and related costs from LBSF. Drake accordingly asserts this Claim against LBHI under the Guarantee for the full Claim Amount (in addition to asserting a similar claim under the ISDA Agreement against LBSF, which claim is the subject of a separate proof of claim). LBHI is indebted to Drake for the entire Claim Amount pursuant to LBHI's unconditional guarantee to Drake of "the due and punctual payment of all amounts payable by LBSF in connection with each Transaction when and as LBSF's obligations thereunder shall become due and payable in accordance with the terms of the Master Agreement." Guarantee, ¶ (a). Further, because the Guarantee is a guarantee of payment, not a guarantee of collection, Drake is not required to take any action with respect to LBSF as a condition precedent to LBHI's obligation to pay the Claim Amount and related costs, including any as yet unliquidated legal fees and expenses incurred by Drake in excess of the Legal Expenses.

11. The Claim is evidenced by various documents and instruments, including (without limitation) the ISDA Agreement, the Guarantee, the Early Termination Notice, the Calculation Statement, and all other information and documents, which Drake will electronically upload upon online completion of the Guarantee Questionnaire in accordance with the Bar Date Order. Drake reserves the right to attach, produce, and/or rely upon additional documents supporting its Claim or additional documents that may become available after further investigation or discovery.

4

12. No judgment has been rendered on account of the Claim.

13. The amounts of any payment on the Claim has been credited and deducted for the purpose of making this Claim.

14. The Claim is filed as an unsecured claim.

15. All notices and distributions in respect of the Claim should be forwarded to:

> The Drake Global Opportunities (Master) Fund, Ltd.
> c/o Drake Management LLC
> 660 Madison Avenue, 16th Floor
> New York, New York 10065
> Attn:   Steven Luttrell

16. This proof of claim is filed to protect Drake from forfeiture of its claims by reason of the Bar Date. The filing of this proof of claim is not and should not be construed to be: (a) a waiver or release of the rights of Drake against any other entity or person liable for all or part of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn or contest the Court's jurisdiction with respect to the subject matter of these claims, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving Drake; (c) a waiver of any right to the subordination, in favor of Drake, of indebtedness or liens held by creditors of LBSF, LBHI, or any affiliated debtor; or (d) an election of choice of law or remedy that waives or otherwise affects any other remedy of Drake.

17. Drake reserves the right, in accordance with Court orders and procedures to amend, modify and/or supplement this Claim, and/or file additional claims from time to time as may be necessary or appropriate.

18. The filing of this Claim shall not constitute a concession or admission by Drake of any liability or the existence or veracity of any facts with respect to any claim that has been or may be asserted against Drake by third parties.

19. Nothing contained herein shall limit the rights of Drake from commencing any proceeding or taking any action concerning its claims or any lien or security interest to the extent permitted by the Bankruptcy Code or applicable non-bankruptcy law.

Dated: New York, New York
September 21, 2009

THE DRAKE GLOBAL OPPORTUNITIES
(MASTER) FUND, LTD.

_____
By: STEVEN J. LUTTRELL
Title: DIRECTOR

Drake Management LLC  
660 Madison Avenue  
New York, NY 10021

TEL (212) 756-1200  
FAX (212) 756-1202  
WWW.DRAKEMANAGEMENT.COM

September 21, 2009

**VIA OVERNIGHT MAIL**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

        Re:  *In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)*

Dear Sir or Madam:

    Enclosed is a proof of claim to be filed on behalf of The Drake Global Opportunities (Master) Fund, Ltd. in the above-referenced bankruptcy case.

    We have included two original executed copies of the proof of claim and its attachments.

    Please file one original claim and return the other, date stamped, to us for our records in the attached self-addressed, postage pre-paid Fed Ex envelope.

    Please call me at (212) 756-1200 if you have any questions.

                          Very truly yours,

                          Steven J. Luttrell

