# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings, Inc., et al.          Case No. 08-13555 (JMP) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Jade Tree I, L.L.C. | JPMorgan Chase Bank, N.A. |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Jade Tree I, L.L.C.
PO Box 6463
New York, New York 10150
loans@jadetree.net

with a copy to:

Scott L. Esbin
Esbin & Alter, LLP
497 South Main Street
New City, New York 10956
Telephone: (845) 634-7909
Facsimile: (845) 634-4160
Email: sesbin@esbinalter.com

Last Four Digits of Acct. #: _____

Court Claim # (if known): 32025

Amount of Claim Transferred: $1,082,421.44

Date Claim Filed: September 22, 2009

Phone:
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Jade Tree I, L.L.C.

By: _____           Date: 4/15/2011
Name: Scott L. Esbin
Title: Authorized Signatory

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

452-417/COURT/3047480.1

# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings, Inc. et al.       Case No. 08-13555 (JMP) (Jointly Administered)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 32025 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on      .

| JPMorgan Chase Bank, N.A. | Jade Tree I, L.L.C. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| JPMorgan Chase Bank, N.A.<br>Mail Code: NY1-A436<br>One Chase Manhattan Plaza<br>Floor 26<br>New York, New York 10005<br>Attn: Susan McNamara | Jade Tree I, L.L.C.<br>PO Box 6463<br>New York, New York 10150<br>loans@jadetree.net<br><br>with a copy to:<br><br>Scott L. Esbin<br>Esbin & Alter, LLP<br>497 South Main Street<br>New City, New York 10956<br>Telephone: (845) 634-7909<br>Facsimile: (845) 634-4160<br>Email: sesbin@esbinalter.com |

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____     _____
                                                                                 CLERK OF THE COURT

452-417/COURT/3047480.1

## EVIDENCE OF TRANSFER OF CLAIM

TO: Clerk, United States Bankruptcy Court, Southern District of New York

AND TO: JPMorgan Chase Bank, N.A.

**JPMorgan Chase Bank, N.A.**, a national banking association, having offices located at Mail Code: NY1-A436, One Chase Manhattan Plaza, Floor 26, New York, New York 10005, ATTN: Susan McNamara ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of an Assignment of Claim agreement dated as of the date hereof, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to **Jade Tree I, L.L.C.**, with offices located at P.O. Box 6463, New York, New York 10150, loans@jadetree.net ("Buyer"), all right, title and interest in and to the claims of Seller against LEHMAN BROTHERS HOLDINGS INC. (and its affiliates) to the extent of $1,082,421.44 of the claim docketed as Claim No. 32025 (the "Claim") in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13555 (JMP) (jointly administered).

Commonfund Credit Opportunities Company transferred the Claim to Seller as evidenced at docket number _____ in the above Case.

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this transfer and sale of the Claim as an unconditional assignment and sale and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, dated as of the __23__ day of December, 2010.

WITNESS:
_____
(Signature)

Name: Alexander Wilk
Title: Associate
(Print name and title of witness)

JPMorgan Chase Bank, N.A.

By: _____
(Signature of authorized corporate officer)

Name: Michael Economos
Title: Authorized Signatory
Tel.: _____

Jade Tree I, L.L.C.

WITNESS:

_____
(Signature)

Name: _____
Title: _____
(Print name and title of witness)

By: _____
Name: Scott L. Esbin
Title: Authorized Signatory
Tel.: _____

12

Commonfund Credit JPM Flip to Jade Tree AOC FD 12-10-10 SIMM.doc

## EVIDENCE OF TRANSFER OF CLAIM

TO: Clerk, United States Bankruptcy Court, Southern District of New York

AND TO: JPMorgan Chase Bank, N.A.

JPMorgan Chase Bank, N.A., a national banking association, having offices located at Mail Code: NY1-A436, One Chase Manhattan Plaza, Floor 26, New York, New York 10005, ATTN: Susan McNamara ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of an Assignment of Claim agreement dated as of the date hereof, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to Jade Tree I, L.L.C., with offices located at P.O. Box 6463, New York, New York 10150, loans@jadetree.net ("Buyer"), all right, title and interest in and to the claims of Seller against LEHMAN BROTHERS HOLDINGS INC. (and its affiliates) to the extent of $1,082,421.44 of the claim docketed as Claim No. 32025 (the "Claim") in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13555 (JMP) (jointly administered).

Commonfund Credit Opportunities Company transferred the Claim to Seller as evidenced at docket number _____ in the above Case.

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this transfer and sale of the Claim as an unconditional assignment and sale and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, dated as of the _23_ day of December, 2010.

| | |
|---|---|
| WITNESS: | JPMorgan Chase Bank, N.A. |
| _____ | By:_____ |
| (Signature) | (Signature of authorized corporate officer) |
| Name:_____ | Name:_____ |
| Title:_____ | Title:_____ |
| (Print name and title of witness) | Tel.:_____ |
| | |
| WITNESS: | Jade Tree I, L.L.C. |
| | By: /s/ Scott L. Esbin |
| _____ | Name: Scott L. Esbin |
| (Signature) | Title: Authorized Signatory |
| Name:_____ | Tel.:_____ |
| Title:_____ | |
| (Print name and title of witness) | |

12

Commonfund Credit JPM Flip to Jade Tree AOC TD 12-10-10 SIMM.doc

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000032025

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Program Securities (See definition on reverse side.)

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

UNIQUE ID #: 1000194563
COMMONFUND CREDIT OPPORTUNITIES COMPANY
c/o COMMONFUND OPERATIONS
15 OLD DANBURY ROAD, P.O. BOX 812
WILTON, CT 06897
ATTN: MANAGING DIRECTOR

Telephone number: 203-563-5224    Email Address: pkirby@cfund.org

**Name and address where payment should be sent (if different from above):**

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (if known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**FOR COURT USE ONLY**

1. **Amount of Claim as of Date Case Filed:** $ at least $1,492,193.30

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** see attached
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 9/21/09 | Signature: [signed] MaryEllen Beaudreault, Director |
|---|---|

The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| Case No. | Debtor | Case No. | Debtor |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |

### ATTACHMENT TO PROOF OF CLAIM OF COMMONFUND CREDIT OPPORTUNITIES COMPANY AGAINST LEHMAN BROTHERS HOLDINGS INC.

The undersigned, having an office at 15 Old Danbury Road, P.O. Box 812, Wilton, CT 06897, is an authorized signatory of Commonfund Credit Opportunities Company ("Commonfund") and is duly authorized to execute and submit this claim (the "Claim") on Commonfund's behalf. In support of the Claim, Commonfund represents as follows:

#### Background

ISDA Agreement

1. Commonfund and Lehman Brothers Special Financing Inc. ("LBSF") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border), dated as of August 30, 2006 (the "Master Agreement"), as amended and supplemented by (i) a schedule (the "Schedule"), and (ii) a credit support annex to the Schedule (the "Credit Support Annex," and collectively with the Master Agreement and the Schedule, the "ISDA Agreement").

2. Under Paragraph 2 of the Credit Support Annex, each of LBSF and Commonfund pledged to the other counterparty, as security for all of its present and future obligations under the ISDA Agreement, a first priority continuing security interest in, lien on and right of Set-off (as defined in the ISDA Agreement) against all Posted Collateral (as such term is defined in the ISDA Agreement) transferred to or received from the other.

Pg 8 of 13

3. Lehman Brothers Holdings Inc. ("LBHI") executed a guarantee (the "Guarantee") in favor of Commonfund as additional credit support in connection with the ISDA Agreement. Under the Guarantee, LBHI unconditionally guaranteed to Commonfund "the due and punctual payment of all amounts payable by [LBSF] under each Transaction [as defined in the Guarantee] when and as [LBSF]'s obligations thereunder shall become due and payable in accordance with the terms of the [ISDA] Agreement." Guarantee, ¶ (a). LBHI further agreed to pay or cause to be paid any amount owed to Commonfund under the Guarantee upon written demand when and as it becomes due and payable. Id. The Guarantee is a guarantee of payment, not a guarantee of collection. Id. at ¶ (b).

Bankruptcy Cases

4. LBHI filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 15, 2008 (the "Petition Date"). LBSF filed a petition for relief under chapter 11 of the Bankruptcy Code on October 3, 2008.

5. On July 2, 2009, the Bankruptcy Court entered an order (the "Bar Date Order"), setting September 22, 2009 at 5:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the last date and time for filing proofs of claim in LBSF's or LBHI's bankruptcy cases. Commonfund asserts this Claim pursuant to the Bar Date Order.

## Basis of Claim

6. Part 4(g) of the Schedule defines the "Credit Support Provider" under the ISDA Agreement as LBHI. Section 5(a)(vii)(4) of the Master Agreement, in turn, provides that the bankruptcy of the Credit Support Provider is an event of default under the ISDA Agreement. An event of default thus occurred under the ISDA Agreement when LBHI filed a bankruptcy petition on the Petition Date.

2

7. Section 6(a) of the Master Agreement provides that if an event of default occurs, the non-defaulting party may notify the defaulting party that it is terminating all outstanding Transactions. After the Petition Date, Commonfund delivered to LBSF in accordance with the ISDA Agreement a notice of early termination designating September 16, 2008 as the "Early Termination Date" in respect of all outstanding Transactions and terminating the ISDA Agreement (the "Early Termination Notice"). Commonfund accordingly terminated all outstanding Transactions and the ISDA Agreement as of the Early Termination Date.

8. Commonfund delivered to LBSF a Statement of Calculations (the "Calculation Statement") on July 13, 2009, notifying LBSF of the amount due to Commonfund under the ISDA Agreement. As described in the Calculation Statement, LBSF was and remains indebted to Commonfund under the ISDA Agreement in the amount of $1,491,435.80 (the "Early Termination Amount") based on the Loss Methodology and Second Method, as specified in the ISDA Agreement.

9. Section 11 of the Master Agreement provides that the defaulting party "will, on demand, indemnify and hold harmless the other party for and against all reasonable out-of-pocket expenses, including legal fees and Stamp Tax (as defined in the Master Agreement), incurred by such other party by reason of the enforcement and protection of its rights under this Agreement or any Credit Support Document to which the Defaulting Party is a party or by reason of the early termination of any Transaction, including, but not limited to, costs of collection." Commonfund has incurred $787.50 in legal fees and expenses to date in connection with the early termination of the Transactions and preparation of this Claim (the "Legal Expenses," and together with the Early Termination Amount, the "Claim Amount"). The total Claim Amount is $1,492,193.30.

3

10. As of the date of the filing of this Claim, Commonfund has received no payment on account of any portion of the Claim Amount and related costs from LBSF. Commonfund accordingly asserts this Claim against LBHI under the Guarantee for the full Claim Amount (in addition to asserting a similar claim under the ISDA Agreement against LBSF, which claim is the subject of a separate proof of claim, as amended concurrently with the filing of this Claim), LBHI is indebted to Commonfund for the entire Claim Amount pursuant to LBHI's unconditional guarantee to Commonfund of "the due and punctual payment of all amounts payable by [LBSF] under each Transaction when and as [LBSF]'s obligations thereunder shall become due and payable in accordance with the terms of the [ISDA] Agreement." Guarantee, ¶ (a). Further, because the Guarantee is a guarantee of payment, not a guarantee of collection, Commonfund is not required to take any action with respect to LBSF as a condition precedent to LBHI's obligation to pay the Claim Amount and related costs, including any as yet unliquidated legal fees and expenses incurred by Commonfund in excess of the Legal Expenses.

11. The Claim is evidenced by various documents and instruments, including (without limitation) the ISDA Agreement, the Guarantee, the Early Termination Notice, the Calculation Statement, and all other information and documents, which Commonfund will electronically upload upon online completion of the Guarantee Questionnaire in accordance with the Bar Date Order. Commonfund reserves the right to attach, produce, and/or rely upon additional documents supporting its Claim or additional documents that may become available after further investigation or discovery.

12. No judgment has been rendered on account of the Claim.

4

13. The amounts of any payment on the Claim has been credited and deducted for the purpose of making this Claim.

14. The Claim is filed as an unsecured claim.

15. All notices and distributions in respect of the Claim should be forwarded to:

> Commonfund Credit Opportunities Company
> c/o Commonfund Operations
> 15 Old Danbury Road
> P.O. Box 812
> Wilton, CT 06897-0812
> Attn: Managing Director

16. This proof of claim is filed to protect Commonfund from forfeiture of its claims by reason of the Bar Date. The filing of this proof of claim is not and should not be construed to be: (a) a waiver or release of the rights of Commonfund against any other entity or person liable for all or part of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn or contest the Court's jurisdiction with respect to the subject matter of these claims, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving Commonfund; (c) a waiver of any right to the subordination, in favor of Commonfund, of indebtedness or liens held by creditors of LBSF, LBHI, or any affiliated debtor; or (d) an election of choice of law or remedy that waives or otherwise affects any other remedy of Commonfund.

17. Commonfund reserves the right, in accordance with Court orders and procedures to amend, modify and/or supplement this Claim, and/or file additional claims from time to time as may be necessary or appropriate.

18.    The filing of this Claim shall not constitute a concession or admission by Commonfund of any liability or the existence or veracity of any facts with respect to any claim that has been or may be asserted against Commonfund by third parties.

19.    Nothing contained herein shall limit the rights of Commonfund from commencing any proceeding or taking any action concerning its claims or any lien or security interest to the extent permitted by the Bankruptcy Code or applicable non-bankruptcy law.

Dated: Wilton, Connecticut
       September 21, 2009

                                      COMMONFUND CREDIT OPPORTUNITIES
                                      COMPANY

                                      By: _____
                                          MaryEllen Beaudreault
                                      Title: Director

6

UPS CampusShip: View/Print Label

1. Print the label(s): Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. Fold the printed label at the solid line below. Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. GETTING YOUR SHIPMENT TO UPS
Customers without a Daily Pickup
   o Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   o Hand the package to any UPS driver in your area.
   o Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are also accepted at Drop Boxes.
   o To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

Customers with a Daily Pickup
   o Your driver will pickup your shipment(s) as usual.

---

LINDA KISSELL
212-476-5849
NEUBERGER BERMAN
605 3RD AVENUE
NEW YORK NY 10158

LTR    1 OF 1

SHIP TO:
LEHMAN BROS HOLDINGS CLAIMS PROCESS
212-476-5848
EPIQ BANKRUPTCY SOLUTIONS, LLC
3RD FLOOR
757 THIRD AVENUE
NEW YORK NY 10017-2071

NY 100 7-02

UPS NEXT DAY AIR    1
TRACKING #: 1Z 142 0E9 01 9979 8361

BILLING: P/P

Reference # 1: 30260

RECEIVED
SEP 22 2009
By_____

Accounts that don't own a security

Page 1 of 1