Presentment Date and Time: April 26, 2011 at 12:00 p.m. noon (Prevailing Eastern Time)
Objection Deadline: April 25, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
In re                                    :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :    08-13555 (JMP)
:
Debtors.                  :    (Jointly Administered)
---------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION,
AGREEMENT AND ORDER BETWEEN LEHMAN COMMERCIAL PAPER INC.
AND CITICORP NORTH AMERICA, INC. REGARDING TURNOVER OF FUNDS**

     **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order between Lehman Commercial Paper Inc. ("LCPI") as debtor and debtor-in-possession and Citicorp North America, Inc. ("Citi") regarding turnover of funds (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **April 26, 2011 at 12:00 noon (Prevailing Eastern Time).**

     **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **April 25, 2011 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

     **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 15, 2011
      New York, New York

                                      /s/ Jacqueline Marcus
                                      Jacqueline Marcus
                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Debtors
                                      and Debtors in Possession

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                    Debtors.              :    (Jointly Administered)
------------------------------------------------------------------x
```

**STIPULATION, AGREEMENT
AND ORDER BETWEEN LEHMAN COMMERCIAL PAPER INC.
AND CITICORP NORTH AMERICA, INC. REGARDING TURNOVER OF FUNDS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper Inc. ("LCPI") and Citicorp North America, Inc.

("Citi," and together with LCPI, the "Parties"), by and through their respective attorneys, hereby

stipulate as follows:

**RECITALS**

A. On October 5, 2008 (the "Commencement Date"), LCPI commenced with

this Court a voluntary case under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"). LCPI continues to operate its businesses and manage its properties as

debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.   Prior to the Commencement Date, a substantial portion of LCPI's business involved providing loans to third parties either directly or by acquiring loans or participation interests in loans originated by other financial institutions.

C.   On October 30, 2007, LCPI entered into a participation agreement with Citi (the "Colonial Participation Agreement"), pursuant to which LCPI acquired a participation interest from Citi in a credit agreement, dated as of March 22, 2005 (the "Colonial Credit Agreement"), between and among Colonial Realty Limited Partnership and certain of its affiliates (collectively, "Colonial") as borrowers, Citi and certain other financial institutions as lenders, and Wachovia Bank, N.A. as administrative agent.  The Colonial Credit Agreement provided for a total commitment of $500,000,000 from various banks, of which Citi was obligated to fund up to $39,000,000 (such portion, the "Citi-Colonial Commitment").

D.   Pursuant to the Colonial Participation Agreement, LCPI became obligated to fund up to $30,000,000 of the Citi-Colonial Commitment.  In exchange, LCPI was to receive a percentage of Colonial's payments on account of principal, interest, and certain other fees (each as expressly provided for in Section 1 of the Colonial Participation Agreement) that Citi received from the administrative agent under the Colonial Credit Agreement.

E.   On July, 24, 2008, LCPI sold $20,000,000 of its participation interest back to Citi, reducing LCPI's total funding commitment to $10,000,000 (the "Colonial Participation").

F.   As of the Commencement Date, LCPI had funded $2,992,592.59 of the Colonial Participation and retained $7,007,407.41 in contingent future funding obligations. Subsequent to the Commencement Date, LCPI has not provided further funding in connection with the Colonial Participation Agreement.  In order to avoid a default under the Colonial Credit Agreement by failing to fund the Citi-Colonial Commitment, Citi may have advanced, or may in

the future advance, amounts to Colonial that LCPI, pursuant to the Colonial Participation Agreement, would have funded (the "Substitution Advance").[1] Citi's obligations under the Colonial Credit Agreement expire on June 21, 2012 (the "Colonial Expiration Date").

G. On November 21, 2007, LCPI entered into another participation agreement with Citi (the "Starwood Participation Agreement"), pursuant to which LCPI acquired a participation interest from Citi in a credit agreement, dated as of February 10, 2006 (the "Starwood Credit Agreement"), between and among Starwood Hotels & Resorts Worldwide, Inc. and certain of its affiliates (collectively, "Starwood") as borrowers, Citi and certain other financial institutions as lenders, and Deutsche Bank AG, New York Branch as administrative agent. The Starwood Credit Agreement provided for a total commitment of $2,230,000,000 from various banks, of which Citi was obligated to fund up to $145,000,000 (such portion, the "Citi-Starwood Commitment").

H. Pursuant to the Starwood Participation Agreement, LCPI became obligated to fund up to $20,000,000 of the Citi-Starwood Commitment (the "Starwood Participation"). In exchange, LCPI was to receive a percentage of Starwood's payments on account of principal, interest, and certain other fees (each as expressly provided for in Section 1 of the Starwood Participation Agreement) that Citi received from the administrative agent under the Starwood Credit Agreement.

I. As of the Commencement Date, LCPI had funded $2,778,711.49 of the Starwood Participation, and retained approximately $17,221,288.51 in contingent future funding obligations. Subsequent to the Commencement Date, LCPI has not provided additional funding

---

[1] For the avoidance of doubt, the Parties do not intend this Stipulation, Agreement and Order to be determinative of either Party's rights under the Colonial Participation Agreement, or to waive or release either Party's obligations, rights, remedies or defenses thereunder.

in connection with the Starwood Participation Agreement. Citi represents that, due to LCPI's failure to comply with its funding obligations following the Commencement Date, it funded $11,204.48 on LCPI's behalf pursuant to the Starwood Credit Agreement.

        J.      Starwood has repaid the amounts due to Citi under the Starwood Credit Agreement in full and, pursuant to the Starwood Participation Agreement, Citi is obligated to pay to LCPI interest, principal and fees in an aggregate amount of $2,999,636.49 (the "Turnover Amount").

        K.      Citi claims certain rights of netting and/or offset (collectively, "Setoff Rights") against the Turnover Amount potentially arising from LCPI's remaining contingent unfunded commitments under the Colonial Participation. LCPI does not concede that Citi has any Setoff Rights arising from or related to the Starwood Participation, the Colonial Participation, or otherwise.

       L.      As discussed above, the Colonial Credit Agreement matures on June 21, 2012. To the extent that Colonial repays the amounts that are owed to Citi thereunder in full, the dispute between the Parties over Citi's purported Setoff Rights may be moot. Accordingly, Citi has agreed to release the Turnover Amount to LCPI on the terms and conditions set forth herein.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** by and between LCPI and Citi, through their undersigned attorneys, that:

        1.      The Parties incorporate the Recitals herein as part of their agreement.

        2.      The terms and conditions of this Stipulation, Agreement and Order, and the Parties' respective obligations hereunder, shall become effective only upon the entry of an order of the Court approving this Stipulation, Agreement and Order (the "Approval Order"). If the Approval Order is not entered on or before May 31, 2011, (i) nothing contained in this

Stipulation, Agreement and Order shall be deemed to be a waiver of any claims or an admission of liability by any Party hereto, and (ii) this Stipulation, Agreement and Order shall be null and void and all rights of the Parties prior to this Stipulation, Agreement and Order shall be preserved.

3.  Not later than the close of business on the fifth (5th) business day following the entry of the Approval Order, Citi shall transfer an amount equal to the Turnover Amount to LCPI (the "<u>Wired Funds</u>") pursuant to the following wiring instructions:

| Bank Name | Citibank NYC |
|---|---|
| ABA# | 021-000-089 |
| Account Name | LCPI Bank Loans |
| Account Number | 30434133 |
| Reference | Starwood |

4.  The Parties agree that the Turnover Amount represents all amounts owing by Citi to LCPI under the Starwood Participation Agreement.

5.  Following the Colonial Expiration Date, and to the extent that Colonial fails to repay Citi amounts funded on account of the Substitution Advance (if any) in full, Citi shall be entitled to seek a determination from the Court, after notice and a hearing with an opportunity to respond by LCPI, as to whether Citi has valid Setoff Rights, whether arising under the Colonial Participation Agreement, the Starwood Participation Agreement, applicable non-bankruptcy law or otherwise that would have allowed it to set off its claims against LCPI arising from Colonial's failure to repay the Substitution Advance against the Turnover Amount.  For the avoidance of doubt, any amounts received by Citi from Colonial shall, pursuant to Section 1 of the Colonial Participation Agreement, be applied pro rata to (i) amounts funded by LCPI under the Colonial Participation Agreement, (ii) amounts funded by Citi as a Substitution Advance, and (iii) amounts funded by Citi or other third parties pursuant to Section 1 of the Colonial Credit Agreement.

6. If the Court finds that, but for Citi's delivery of the Wired Funds to LCPI pursuant to this Stipulation, Agreement and Order, Citi possessed valid and enforceable Setoff Rights, then as adequate protection for Citi's Setoff Rights, Citi shall be entitled to priority as an administrative expense claim under sections 503(b) and 507(b) of the Bankruptcy Code in the amount by which the Wired Funds caused the diminution or elimination of Citi's otherwise enforceable Setoff Rights against the Turnover Amount.

7. Nothing contained herein shall constitute an agreement by LCPI as to the existence of any Setoff Right in favor of Citi of any kind whatsoever, or constitute a finding by this Court of the existence of any Setoff Right. Except as expressly provided herein, LCPI retains all rights to dispute or object to any claim asserted by Citi for adequate protection or administrative priority with respect to the Setoff Rights, if any.

8. Nothing contained herein shall constitute or be deemed a waiver of each of the Parties' rights, claims and defenses with respect to any claims each Party might have against the other, including, without limitation, any proofs of claim filed by Citi against LCPI and LCPI's right to object to, oppose or otherwise dispute such claims. Each of the Parties' rights with respect thereto are fully preserved.

9. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

10. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

11. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

12. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

13. This Stipulation, Agreement and Order shall be governed by and interpreted in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflict of laws that would require the application of laws of another jurisdiction.

14. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: April 15, 2011
      New York, New York

/s/ Douglas R. Davis
Stephen J. Shimshak
Douglas R. Davis
Claudia L. Hammerman

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Attorneys for Citicorp North America, Inc.

Dated: April 15, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED, this
___ day of _____, 2011 in New York

_____
United States Bankruptcy Judge