Hearing Date: April 28, 2011 at 10:00 a.m.
Objection Deadline: April 13, 2011 at 4:00 p.m.

Douglas R. Schwartz, Esq.
Petra M. Reinecke, Esq.
Robert L. Elam, Esq.
Schwartz & Cera LLP
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
Telephone: (415) 956-2600
Facsimile:  (415 438-2655

Attorneys for Charles E. Moore

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In Re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et. al. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Debtors. |  |

**DECLARATION OF DOUGLAS R. SCHWARTZ IN SUPPORT OF
RESPONSE TO CLAIM OBJECTION**

1. I am an attorney at law duly licensed to practice before all of the courts of the State of California and a partner in the firm of Schwartz & Cera LLP, attorneys of record for Charles E. Moore ("Moore") in this action. I make this declaration in support of Moore's Response to Claim Objection. I have personal knowledge of the facts stated herein, or have gained such knowledge from my review of the records and documents maintained in our file in the regular course of business. If called as a witness in this matter, I could and would testify competently to the matters set forth herein.

-1-

2. Moore's proof of claim was timely filed on February 10, 2009, against LB DeSilva LLC ("DeSilva") c/o Lehman Brothers Holding Inc. ("LBHI"). Attached hereto as **Exhibit A** is a true and correct copy of Moore's Proof of Claim.

3. Moore's claim is based on a judgment in the amount of $300,000 he obtained in a California action, *Moore v. LB DeSilva, LLC, et al* (Marin County Superior Court Case No. CIV 071224) (the "Moore Action.")

4. On March 16, 2007, Moore filed a complaint in the Moore Action against LB DeSilva and two other defendants for strict liability, breach of express and implied warranties, negligence, fraud, negligent misrepresentation, concealment and rescission, seeking damages relating to deficiencies in the construction of his home. Attached hereto as **Exhibit B** is a true and correct copy of Moore's Complaint.

5. The Moore Action was mediated on June 18, 2008, at JAMS in San Francisco, California. Present at the June 18, 2008 mediation was Deborah Spencer of Trimont Real Estate Advisors who informed me that she represented the interests of Lehman Brothers.

6. On June 19, 2008, the mediator presented his proposal to the parties. The mediator's proposal provided that the Moore Action be settled by payment from defendant LB DeSilva to plaintiff Moore of $300,000.

7. On or before June 25, 2008, all parties acknowledged acceptance of and agreed to accept the mediator's proposal. Accordingly, the Moore Action was settled in accordance with the terms of the mediator's proposal, and the parties entered into a binding settlement agreement, which was subsequently enforced and entered as a judgment by the California court.

8. On July 7, 2008, I requested a draft settlement agreement and release from LB De Silva's counsel. Attached hereto as **Exhibit C** is a true and correct copy of emails dated July 2008 between counsel for LB DeSilva and me. In an email dated July 8, 2008, LB DeSilva's counsel acknowledged that he would be "discussing" the matter "with clients," using the plural for clients. See Exhibit C, at pp. 1-2.

9. On July 14, 2008, I again requested a draft settlement agreement from counsel for LB DeSilva, stating that it was already three weeks after the settlement was agreed upon and only required a "simple and straightforward release" and the issuance of a check. *See* Exhibit C, at p. 2.

10. In an email dated July 23, 2008, counsel for LB DeSilva responded that the Action was "now being reviewed by an in-house counsel with client and will be returned within a couple of days, possibly sooner." *See* Exhibit C, at p. 3.

11. On July 31, 2008, I requested the mediator's intervention to finalize the settlement agreement in light of LB DeSilva's failure to submit a first draft of the proposed agreement in over six weeks. Attached hereto as **Exhibit D** is a true and correct copy of a letter dated July 31, 2008, from me to the mediator.

12. On August 18, 2008, counsel for LB DeSilva confirmed to the Court in the Moore Action that the matter had been settled and represented that he anticipated the agreement being finalized within thirty days. Attached hereto as **Exhibit E** is a true and correct copy of the August 18, 2008 transcript regarding the Marin County Superior Court hearing; the representations are at page 2, lines 23-end.

13. On October 10, 2008, counsel for LB De Silva filed a motion to be relieved as counsel to DeSilva. Attached hereto as **Exhibit F** is a true and correct copy of counsel for DeSilva's Motion to be Relieved as Counsel dated October 10, 2008.

14. In the motion, counsel listed its client as LB DeSilva c/o LBHI, 745 Seventh Avenue, 13th Floor, New York, New York 10019. *See* Exhibit F, at p. 1. The motion was served on Joelle Halperin at that address. *See* Exhibit F, at p. 4.

15. The supporting declaration filed with the motion to withdraw invoked the attorney-client privilege, and failed to disclose the circumstances on which the motion was based. Attached hereto as **Exhibit G** is a true and correct copy of counsel for LB DeSilva's Declaration in Support of its Motion to be Relieved as Counsel dated October 10, 2008. The

declaration acknowledged that LB DeSilva would not engage new counsel even though it was impossible for DeSilva to appear *in pro per*. See Exhibit G, at p. 4.

16. The declaration further disclosed that, on September 17, 2008, counsel for LB De Silva had spoken with Joelle Halperin, Esq. of LBHI . Ms. Halperin instructed LB De Silva's counsel to perform no further work in connection with the Moore Action. She further requested that counsel withdraw as counsel of record for LB De Silva in the Moore Action. *See* Exhibit G, at p. 3.

17. The declaration further stated that, on September 25, 2008, counsel for LB DeSilva confirmed in a telephone conversation with LBHI that the current mailing address of LB DeSilva was c/o LBHI, 745 Seventh Avenue, 13th Floor, New York, New York 10019. *See* Exhibit G, at p. 4.

18. On October 27, 2008, the court granted counsel's motion to be relieved as counsel to LB DeSilva. Attached hereto as **Exhibit H** is a true and correct copy of the Order Granting the Motion to be Relieved as Counsel dated October 27, 2008. The court clerk sent copies to Ms. Halperin and LB DeSilva c/o LBHI, both at 745 Seventh Avenue, 13th Floor, New York, New York 10019.

19. On November 7, 2008, Ms. Halperin of LBHI spoke with my legal assistant, Du'Ana McGee. In the conversation, Ms. Halperin stated that (i) Lehman Brothers or LBHI owns LB DeSilva, (ii) LB DeSilva was not paying Moore, and (iii) attorneys were trying to figure out whether LB DeSilva should declare bankruptcy. In addition, Ms. Halperin stated that, if Moore sought a default judgment against DeSilva, "nothing will be paid," "not a dime." Ms. McGee confirmed that conversation in an email to me on the same date, a true and correct copy of which is attached hereto as **Exhibit I**. Soon thereafter learning of this conversation I personally called Ms. Halperin of LBHI to confirm the same. Ms. Halperin reiterated to me in a somewhat arrogant and unprofessional tone that my client would never see a dime of his judgment.

20. LBHI and 22 additional affiliates filed a voluntary petition for relief pursuant

-4-

to Chapter 11 of the United States Code in this Court on September 15, 2008. However, Moore did not receive the Notice of Chapter 11 Bankruptcy Filings, filed on December 16, 2008, until December 22, 2008.

21. Moore obtained Judgment against LB DeSilva on November 26, 2008 in Marin County Superior Court in the sum of $300,000. Attached hereto as **Exhibit J** is a true and correct copy of the Notice of Entry of Order Granting Motion to Enforce Settlement dated November 26, 2008.

22. The Notice of Entry of Order Granting Motion to Enforce Settlement was sent to Ms. Halperin at LB DeSilva c/o Lehman Brothers Holdings, Inc., 745 Seventh Avenue, 13th Floor, New York, New York 10019. *See* Exhibit J, at p. 7.

23. At that time, Moore could not amend the Judgment to add LBHI as the alter ego of DeSilva because LBHI had already declared bankruptcy and all lawsuits against it were stayed.

24. Moore's notice of appearance and request for service was filed on February 5, 2009.

25. On February 9, 2009, Moore perfected a Judgment Lien against LB DeSilva c/o Lehman Brothers, Inc. along with a UCC Filing Acknowledgement with the California Secretary of State and directed that the notice be served on Lehman Brothers, Inc. at 745 Seventh Avenue, 15th Floor, New York, New York. Attached hereto as **Exhibit K** is a true and correct copy of Moore's perfected judgment lien dated February 9, 2009, along with a UCC Filing Acknowledgement with the California Secretary of State.

26. On February 9, 2009, Moore's counsel confirmed that LB DeSilva had canceled its business registration at some time earlier with the California Secretary of State. Attached hereto as **Exhibit L** is a true and correct copy of DeSilva's canceled business registration as listed on the California Secretary of State website on February 9, 2009.

27. On February 18, 2009, Moore hired the Sankey Firm ("Sankey") to conduct an asset search of LB DeSilva to satisfy the judgment. Attached hereto as **Exhibit M** is a true

and correct copy of a March 10, 2009 report drafted by the Sankey Firm. Sankey discovered that LB DeSilva, Inc. was listed as an officer for LB DeSilva. *See* Exhibit M, at p. 2. LB DeSilva, Inc. is located at 745 7th Avenue, New York, New York 10019. *See* Exhibit M, at pp. 2-3. Attached hereto as **Exhibit N** is a true and correct copy of a website page discovered on the World Wide Web at www.corporationswiki.com/ on April 8, 2011, listing the current address of LB DeSilva, Inc. as 745 7th Avenue, New York, New York 10019. No assets were identified but Sankey found a public filing wherein Redwood Capital Finance Company had secured a lien or judgment as well against LB DeSilva c/o LBHI. *See* Exhibit M, at p. 6.

28.     On April 8, 2011, in preparation of this response, Moore's counsel discovered that in a requested Freedom of Information Act report, LB DeSilva was listed as an asset of LBHI. Attached hereto as **Exhibit O** is a true and correct copy of a Freedom of Information Act Report listing LBHI's assets and discovered on the World Wide Web at http://lehmanreport.jenner.com/docs/DEBTORS/LBEX-DOCID%20587401.pdf on April 8, 2011.

29.     Articles in the Wall Street Journal on September 22, 2008, and in the New York Times on April 12, 2010 reported that LBHI shifted assets and liabilities among other subsidiaries and affiliates without strict accountability a short time before its bankruptcy was declared. Attached hereto as **Exhibit P** are true and correct copy of such articles.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on this 12th day of April, 2011, at San Francisco, California.

_____
Douglas R. Schwartz