# EXHIBIT A

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>LB DeSilva, LLC c/o Lehman Brothers Holdings | Case Number:<br>08-13555 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Charles E. Moore

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Scott R. Lovernick, Esq.
Schwartz & Cera, LLP, 44 Montgomery Street, Suite 3850, San Francisco, CA 94104

Telephone number:
(415) 956-2600

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $    300,000.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**    Civil Judgment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

FOR COURT USE ONLY

RECEIVED
FEB 20 ___
CLAIMS PROCESSING CENTER

| Date: 2/10/0_ | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

4

| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 4000003000 |
|---|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Program Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,Txnum2) Txnum2 #: 4000003000*****
MOORE, CHARLES E.
SCOTT R. LOVERNICK, ESQ.
SCHWARTZ & CERA, LLP
44 MONTGOMERY STREET, SUITE 3850
SAN FRANCISCO, CA 94104

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
   (If known)

Filed on: _____

Telephone number: _____   Email Address: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____   Email Address: _____

1.  Amount of Claim as of Date Case Filed:  $ _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2.  Basis for Claim: _____
     (See instruction #2 on reverse side.)

3.  Last four digits of any number by which creditor identifies debtor: _____
     3a. Debtor may have scheduled account as: _____
          (See instruction #3a on reverse side.)

4.  Secured Claim (See instruction #4 on reverse side.)
     Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
     Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other . . .
     Describe: _____
     Value of Property: $ _____   Annual Interest Rate _____%
     Amount of arrearage and other charges as of time case filed included in secured claim, if any:
     $ _____   Basis for perfection: _____
     Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

6.  Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ _____
     (See instruction #6 on reverse side.)

7.  Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.  Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT B

1  DOUGLAS R. SCHWARTZ (State Bar No. 98666)
   ROBERT J. SCOTT, Jr. (State Bar No. 151775)
2  SCHWARTZ & CERA LLP
   44 Montgomery Street, Suite 3850
3  San Francisco, California 94104
   Telephone:  (415) 956-2600
4  Facsimile:  (415) 438-2655

5  Attorneys for Plaintiff
   CHARLES E. MOORE

**FILED**

MAR 1 6 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Lucchesi, Deputy

6

7                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     IN AND FOR THE COUNTY OF MARIN

9                          UNLIMITED JURISDICTION

10

11  CHARLES E. MOORE, an individual,        ) CASE NO. IV071224
                                            )
12              Plaintiff,                   ) **COMPLAINT FOR: (1) STRICT**
                                            ) **LIABILITY (CONSTRUCTION**
13      vs.                                  ) **DEFECTS); (2) BREACH OF EXPRESS**
                                            ) **AND IMPLIED WARRANTIES; (3)**
14                                           ) **NEGLIGENCE; (4)  FRAUD;**
    LB DeSILVA, LLC, a Delaware Limited     ) **(5)NEGLIGENT**
15  Liability Company,                      ) **MISREPRESENTATION (6)**
    PETER WAIS, an Individual,              ) **CONCEALMENT; (7) RESCISSION;**
16  ARCHITECTUAL INSPECTION                 )
    SERVICES, INC., a California Corporation; )
17  and DOES 1-20, inclusive,               )
                                            )              **BY FAX**
18              Defendants.                  )
                                            )
19  ─────────────────────────────────────────)

20

21      COMES NOW PLAINTIFF CHARLES E. MOORE and alleges against defendants

22  LB DeSILVA, PETER WAIS, and ARCHITECTUAL INSPECTION SERVICES as

23  follows:

24      1.      Plaintiff Charles Moore is an individual presently residing in the city of Mill

25  Valley in Marin County.

26      2.      Defendant LB DeSilva, LLC ("LBD") is a Delaware limited liability company

27  that was at all relevant times conducting the business of residential real property

28  development in the State of California, including Marin County.

1
COMPLAINT

1        3.     Defendant Peter Wais ("Wais") an individual whom plaintiff is informed and

2  believes was at all relevant times a resident of Ross, Marin County, California.

3        4.     Defendant Architectural Inspection Services, Inc. ("AIS") is a California

4  Corporation with its principal place of business in Marin County, California.

5        5.     The true names and capacities of those sued as Does 1 through 20 inclusive,

6  are unknown to plaintiff, who sues these defendants by fictitious names. Plaintiff will seek

7  leave to amend this complaint to show their true names and capacities when they have been

8  ascertained. Plaintiff is informed and believes and thereon alleges that each of the

9  defendants designated as a Doe was in some manner responsible for the occurrences alleged

10  in this complaint and proximately caused damage to plaintiff.

11       6.     The real property that is the subject of this action is located at 2 DeSilva Island

12  Court, Mill Valley, California ("2 DeSilva").

13       8.     2 DeSilva is a single family home located in the DeSilva Island community, a

14  planned unit development that consists of approximately 60 town homes and two single

15  family residences. DeSilva Island, and specifically 2 DeSilva, were designed, developed and

16  constructed by defendants LBD, AIS, and Does 1 through 10. LBD and AIS, at all relevant

17  times, knew that 2 DeSilva was not constructed in a watertight manner and that it suffered

18  from, among other things, leaking roofs.

19       9.     On information and belief, Moore alleges that on or about February 10, 2004,

20  Defendant Peter Wais entered into a purchase agreement with LBD for 2 DeSilva. Prior to

21  the close of escrow on Wais' purchase, he identified and notified LBD of certain defects in

22  the property. LBD repaired some of these defects.

23      10.    On information and belief, Moore alleges that after Wais took title to 2

24  DeSilva, he discovered a number of additional defects that arose from the construction of the

25  home. Damages that resulted from these defects included, but were not limited to, warping

26  and cupping of the hardwood flooring, water intrusion into parapet walls, defects in

27  landscape and irrigation, water penetration through sliding glass doors, defectively installed

28  hot tub ventilation, defective sill flashing installation, defective weeps at windows and doors,

1    and various other defects in the home that materially affected its value and which made

2    inhabiting the home unreasonably difficult and hazardous. Wais undertook to investigate

3    and determine the cause of certain defects and damages and presented damages claims to

4    LBD.

5        11.    In 2005, Wais told LBD that he did not want LBD to repair additional defects,

6    but that Wais wanted to perform the repairs and he demanded that LBD pay for them. Wais

7    and LBD subsequently entered settlement negotiations concerning Wais' claims of

8    construction defects inherent in 2 DeSilva.

9        12.    Wais and LBD continued their settlement negotiations concerning Wais'

10    claims. On or about June 13, 2005, Wais and LBD entered into a Settlement Agreement and

11    Release ("Settlement Agreement"). The release was limited to certain items specified

12    defects and damages set forth in "Exhibit A" to the settlement agreement.

13        13.    Immediately following his settlement with LBD, Wais decided to sell 2

14    DeSilva. On or about July 11, 2005, Wais executed a California Association of Realtors

15    "Seller Property Questionnaire" ("SPQ"). In relevant part, the SPQ asks the seller if he is

16    aware of any:

17            "[w]ater intrusion into any part of any physical structure on the Property;
             leaks from or in any appliance, pipe, slab or roof; standing water,
18           drainage, flooding, underground water, moisture, water-related soil
             settling or slippage on or affecting the property.
19

20    Wais answered "yes" to that question and, for an explanation, he stated: "**All repaired – see**

21    **note re 2004 repairs by general contractor.**"

22        14.    On information and belief, Wais listed the property for sale with Pacific

23    Union and agent Marilyn Rich.

24        15.    On September 11, 2005, Wais signed a supplemental disclosure regarding 2

25    DeSilva. The supplemental disclosure stated, in relevant part:

26            During the inspection period prior to closing the purchase of the
             property, we identified several issues related to the integrity of the roof
27           and window systems, as well as the drainage system surrounding the
             foundation of the home. **These problems were subsequently**
28           **investigated and repaired by the developer and general contractor.**

**Over the ensuing year, the repairs made by the general contractor
proved to be entirely satisfactory: there have been no leaks.**

. . . .

The entire foundation drainage network was inspected by video camera
and flushed out with a hydro-mechanical system. Three new drainage
dissipaters were installed. **Subsequent infrared examination of the
main floor slab has found that there is no water intrusion now
flowing onto the structural slab.**

Additional tests and repairs were carried out on the warm floor
system, as well as the central HVAC. All systems work
properly today.

16.    On October 20, 2005, Moore signed an offer to buy 2 DeSilva from Wais.
Following an exchange of counter-offers, Wais accepted counter-offer number six from
Moore on November 5, 2006. Counter-offer number six provides an express warranty that
"to seller's actual knowledge, there were no leaks from the roof or walls of the house, or
into the structured (sic) slab during the most recent rainy season . . ."

17.    Addendum Number 1 to the California Residential Purchase Agreement and
Joint Escrow Instructions ("Purchase Agreement") provides, in relevant part, that "All
warranties and rights regarding construction and repairs to property, including all
appliances, shall be passed to Buyer and remain in force."

18.    On October 24, 2005, Marilyn Rich, in her capacity as an agent and employee
of Pacific Union, sent a letter to Moore on behalf of Wais. Rich wrote that "Peter [Wais]
understands that it is essential that Charles have the same confidence that he has in his
property." Rich stated that Wais was prepared to pay for ten hours of meeting time with
Ken Howard, Wais' general contractor, and for two hours with Harvey Abernathy, with
whom LBD had consulted as a leak specialist. Rich also wrote that is was "not known
whether the interior hardwood floor buckling was caused by water coming from above
[parapet caps on masonry veneered walls] or whether the floor condition was exacerbated
by water accumulating next to the foundation."

4
COMPLAINT

19.    Rich also claimed that Harvey Abernathy had tested the moisture content of the interior floors after the 2005 winter rains had passed and that Abernathy had concluded that "the moisture content was the same or dropping. Therefore, Peter is confident that no new leakage is occurring."

20.    On October 27, 2005, Wais sent a letter to Moore offering "a brief explanation of the record" prior to completing the purchase agreement. Wais stated that according to the "terms of both my original purchase agreement and subsequent settlement agreement with the developer, they [LBD] remain liable under all of the conditions of what I understand is termed SB 800 for the integrity of the structure."

21.    Wais also wrote in his October 27 letter that:

The only limitations I accepted on that warranty are for the specific repairs which I completed, the most significant of which include:

the HVAC system, the appearance of the glazing, replacement of a door, the appearance of the patio, the appearance of the hardwood floors and the bathroom ventilation.
The developer is specifically responsible for any future leaks from the roof/walls or into the structural slab. Notably, last winter we had no leaks.

**The items from which I released their liability were all, as I said above, cosmetic and completely resolved under the supervision of Ken Howard.**

22.    Prior to the close of escrow, Wais provided Moore a copy of what Wais represented was a copy of his Settlement Agreement with LBD. Certain portions of the Settlement Agreement provided to Moore were redacted. With respect to the hardwood flooring, the Settlement Agreement given to Moore provided that the following was a "released matter:"

First floor wood flooring, provided that the same shall not constitute a released matter if future damage to the first floor wood flooring (i) is caused by defects in the concrete floor slab that could have been prevented by proper installation in accordance with manufacturers specifications of the wood flooring, any sub flooring, water proofing membrane, concrete sealant or other similar materials ("Flooring Materials"), or (ii) results directly or indirectly from defects in any of the Flooring Materials installed by Buyer.

23.    On November 23, 2005, Moore cancelled the agreement based on conditions that he and certain of his expert consultants had observed on the property. In particular, Moore was concerned that, despite Wais' many reassurances, there was a problem with saturation of the structural slab. Moore also told Wais that he would be interested in re-entering the transaction if the developer would remediate the slab condition.

24.    On December 2, 2005, Wais sent an e-mail to Moore noting that Moore had been talking to Wais' general contractor, Ken Howard, about Moore's concern regarding the moisture readings in the hardwood floors. Wais represented that he had a longstanding working relationship with Ken Howard and that is why Wais had asked Howard to oversee the 2 DeSilva work. Wais also wrote that: "I understand that you do not share my comfort with the conclusion that the floors are drying out at a workable rate." Wais also represented that "the developer remains fully liable for the statutory term for the pre-existing condition and continuing performance of everything below the sub flooring."

25.    On December 3, 2005, Wais sent Moore an e-mail stating, in relevant part, that:

> Ken, Marilyn and I did come up with a plan last evening . . . Although Ken, Harvey Abernathy and the floor installer all urged patience to let the floor settle out naturally, as I had been doing when I lived at DeSilva, I opted for a more aggressive approach. I agreed with Marilyn that the best response that I can make to the sustained interest we have received in the property would be to remove the floor dampness question from buyers' minds.

26.    On December 4, 2005, Moore responded to Wais by confirming that the "main obstacle preventing progress towards the successful close of a deal are 'the water issues.'" Moore also observed that the only solution appeared to be "a complete removal of the entire flooring."

27.    Wais continued his efforts to convince Moore that there was no problem with the slab, assuring Moore that all relevant data pointed to the conclusion that no new water was being introduced to the slab. This contention of Wais' was repeated by Ken Howard, Wais' general contractor. Moore even asked Terry Keane of LBD if he would let his

1    mother buy 2 DeSilva, to which Keane replied affirmatively.  Moore, in reliance on all of

2    the foregoing representations and assurances, agreed to purchase 2 DeSilva.

3    28.    Contrary to the representations of Wais and Howard, 2 DeSilva was not

4    watertight and continues to suffer water infiltration through walls, roofs and the slab floor.

5    Tests on the hardwood flooring conducted since the closing of escrow have shown that the

6    moisture level in the floors is increasing.  On information and belief, Moore alleges that the

7    concrete slab underlying the hardwood floors is taking up water and transmitting it through

8    a wicking process to the hardwood floors.

9    30.    In May, 2005, Moore took up a portion of the hardwood flooring and sub

10    flooring to aid in his investigation of the ongoing water intrusion through the slab.  Through

11    this investigation, Moore learned that the sub flooring was not constructed in accordance

12    with the architect's design.  In particular, the plans for the sub flooring required a "vapor

13    barrier" consisting of two (2) layers of 6 mil or thicker polyethylene with the edges

14    overlapping a minimum of four inches.  Moore's investigation of the sub flooring showed

15    that the required vapor barrier was absent.

16    31.    2 De Silva is designed with six separate and distinct roofs.  These roofs were

17    designed to be framed out with wood and then overlaid with light-weight concrete.  In

18    approximately November, 2005, before the purchase of the home was completed, Patrick

19    Burger of AIS showed Moore the architectural plans for the roof and stated that the roofs

20    had been built according to the design (i.e., with light-weight concrete).  This fact was very

21    significant because several of the roofs were designed to be, and in fact were, covered with

22    sod to better help the home meld into the surrounding landscape and development.  Thus,

23    the roofs had to be built to withstand the weight of the wet sod and the constant presence of

24    water on the roof from both the weather and the irrigation systems.

25    32.    The true facts were that the roofs, which were installed by a subcontractor

26    working under the supervision of AIS, were constructed of plywood lying over a wooden

27    frame with an elastomeric or similar water barrier laid on top of the plywood.  These roofs

28    were not designed and/or built properly and developed problems with ponding near the roof

7
COMPLAINT

1    drains.  At least five of the six roofs are leaking, allowing water into the house, and causing

2    property damage to framing members, drywall, interior finishes, floors and other

3    components of the home.

4        33.    2 De Silva sufferers from other significant defects that significantly detract

5    from the quality of life for Moore and his family including, but not limited to:

6        •   Significant water intrusion occurs beneath the master bedroom sliding glass

7            door, a condition known to the both Wais and AIS that was neither corrected

8            nor disclosed.

9        •   The hot tub is illegally vented below the elevation of the tub itself, creating a

10           safety hazard to potential users and rendering the tub unusable.

11       •   Damage to interior drywall and finishes caused by roof leaks and/or defective

12           and faulty water testing on the roofs.

13       •   The central vacuum cannot operate in approximately one-half of the house.

14       •   Separation of the stainless steel kitchen counter top.

15       •   Window controls do not function.

16       •   The footprint of the home does not follow the design of the architects and, as

17           a result, the west side walkway was constructed abutting and intruding on a

18           large eucalyptus tree.  The presence of the walkway on top of the tree is

19           killing it, requiring Moore to incur costs for an arborist and eventual removal

20           of the tree, which will substantially degrade the views from the house.

21       •   Front sod roof landscaping irrigation system does not function.

22       •   Efflorescence is present on bathroom floors, caused by water wicking up

23           through the concrete slab foundation and through the stone flooring tiles and

24           evaporating, leaving salt and other mineral compounds on the surface of the

25           floor.

26                       **FIRST CAUSE OF ACTION**

27       (STRICT LIABILITY -- DEFECTIVE CONSTRUCTION AGAINST LBD)

28       29.    Moore incorporates each of the allegations set forth in paragraph 1 through 28,

1  above, as though fully set forth herein.

2      30.    As a developer and builder of residential construction in California, LBD is

3  strictly liable for defective construction and components in the home.

4      31.    2 DeSilva suffers from a variety of construction defects, including but not

5  limited to those enumerated herein.

6      32.    As a result of the foregoing deficiencies, Moore has suffered property

7  damages, including but not limited to, damage to wall coverings, floor coverings, framing

8  members, sub-floors, interior finishes, personal property and landscaping, and has been

9  unable to use the hot tub because the placement of the hot tub exhaust constitutes a health

10  hazard.

11      33.    The extensive defects, the existences of which were unknown to Moore at the

12  time he purchased 2 DeSilva, are so pervasive that the home is both difficult and hazardous

13  to inhabit.

14      34.    On information and belief, the water infiltration has led to unsanitary

15  conditions in some or all rooms of the home as mold and fungus have begun to grow in the

16  home. Mold and fungus spores present a threat to the health of Moore and his family and the

17  conditions must be remediated to alleviate the health threat.

18      35.    As a consequence of the defects in the construction of 2 DeSilva, Moore has

19  suffered general and special damages according to proof.

20      **SECOND CAUSE OF ACTION**

21      (BREACH OF EXPRESS AND IMPLIED WARANTIES AGAINST LBD)

22      36.    Moore incorporates each of the allegations set forth in paragraph 1 through 35,

23  above, as though fully set forth herein.

24      37.    On information and belief, LBD made express warranties to Wais, the initial

25  purchaser of 2 DeSilva, that 2 DeSilva was constructed in a good and workmanlike manner,

26  that it was constructed in accordance with the architects plans and specifications, and that the

27  property was free from construction defects. As part of the sale of the property from Wais to

28  Moore, Wais expressly assigned all warranty rights against LBD to Moore.

38.    As a developer of residential real estate, LBD impliedly warranted that 2 DeSilva was constructed in a good and workmanlike manner, that it was constructed in accordance with the architects plans and specifications, that the property was free from construction defects, and that the property was fit for its intended purpose, i.e., human habitation.

39.    LBD breached foregoing warranties by incorporating defective work and components into the home leading to water intrusion from multiple sources that renders the habitation of the home unreasonably difficult and hazardous.

40.    As a consequence of LBD's breaches of its express and implied warranties, Moore has suffered general and special damages according to proof.

## THIRD CAUSE OF ACTION

### (NEGLIGENCE – AGAINST LBD AND AIS)

41.    Moore incorporates each of the allegations set forth in paragraph 1 through 40, above, as though fully set forth herein.

42.    LBD and AIS owed purchasers of 2 DeSilva a duty of care in the construction of the home. LBD's and AIS' duty of care obligated them to, among other things, construct the home free of defects, build the home according to the plans and specifications, and construct the home in a reasonably workmanlike manner.

43.    LBD breached its duty of care by incorporating into 2 DeSilva all of the defects noted above, by failing to build the home according to the plans and specifications, and by failing to construct the home in a reasonably workmanlike manner.

44.    As a consequence of LBD's breaches of its duty of care, Moore has suffered general and special damages according to proof.

## FOURTH CAUSE OF ACTION

### (FRAUD AGAINST WAIS AND AIS)

45.    Moore incorporates each of the allegations set forth in paragraph 1 through 44, above, as though fully set forth herein.

46.    As is set forth in detail above, intending to induce Moore to purchase 2

DeSilva, Wais made at least the following untrue representations:

- all water intrusion problems with the home had been repaired;
- there had been no leaks into the home in the year prior to September, 2005;
- "to seller's actual knowledge, there were no leaks from the roof or walls of the house or into the structured (sic) slab during the most recent rainy season;"
- the moisture content in the concrete slab foundation is dropping and no new leaking was occurring;
- the items that Wais released in his settlement with LBD were "cosmetic and completely resolved"

Additionally, Patrick Burger of AIS, intending to induce Moore to purchase 2 DeSilva, falsely represented that the roofs were built as designed, i.e., lightweight concrete over wood framing.

47.    Wais also gave Moore a copy of what Wais represented was the final Settlement Agreement with LBD, including the release language relating to the hardwood floors as set forth above at paragraph 20. In April, 2006, Moore learned that the release language provided to him by Wais was not the actual language in the release signed by LBD. The actual release provided to LBD by Wais was materially different and broader than the version provided to Moore.

48.    In reliance upon all of the foregoing representations, Moore agreed to purchase 2 DeSilva. Moore's reliance on Wais' and AIS' representations was reasonable under all of the facts and circumstances existing at the time.

49.    Wais' and AIS' representations as set forth above were false and known to be false when made.   Wais' and AIS' acts and omissions constitute actual fraud as set forth in Civil Code section 1572 and/or constructive fraud as set forth in Civil Code section 1573.

50.    As a result of Wais' fraud, Moore has suffered general and special damages in an amount according to proof.

51.    The conduct of Wais and AIS was malicious, fraudulent and oppressive and Moore is entitled to an award of punitive damages to make an example of Wais and AIS.

## FIFTH CAUSE OF ACTION

### (NEGLIGENT MISREPRESENTATION AGAINST WAIS AND AIS)

52.    Moore incorporates each of the allegations set forth in paragraph 1 through 51 above, as though fully set forth herein.

53.    In order to induce Moore to purchase 2 DeSilva, as is set forth above, Wais and his agents, AIS and Pacific Union, repeatedly assured Moore, *inter alia,* that there was no additional moisture getting into the concrete slab, and that therefore, the slab was gradually drying out and would not present further problems to the flooring. Additionally, also with the intent of inducing Moore to purchase 2 DeSilva, Wais represented that he had repaired all water intrusion problems with the house. Additionally, Patrick Burger of AIS falsely stated to Moore that the roofs were constructed in accordance with the plans and specification (i.e., that they were built of lightweight concrete over wood framing).

54.    Wais also gave Moore a copy of what Wais represented was the final Settlement Agreement with LBD, including the release language relating to the hardwood floors as set forth above at paragraph 20. In April, 2006, Moore learned that the release language provided to him by Wais was not the actual language in the release signed by LBD. The actual release provided to LBD by Wais was materially different in that it was broader than the version provided to Moore.

55.    In reliance upon all of the foregoing representations, Moore agreed to purchase 2 DeSilva. Moore's reliance on Wais' and Burger's representations was reasonable under all of the facts and circumstances existing at the time.

56.    Wais' and Burger's representations as set forth above were false. At the time they made these representations to Moore, neither Wais nor Burger had a reasonable basis for believing that his representations were true.

57.    As a result of Wais' misrepresentations, Moore has suffered general and special damages according to proof.

/ / /

/ / /

## SIXTH CAUSE OF ACTION

### (Rescission)

58.    Moore incorporates each of the allegations set forth in paragraph 1 through 57 above, as though fully set forth herein.

59.    On or about November 4, 2005, Moore and Wais, entered into a California Residential Purchase Agreement, as amended by "Addendum A" on or about December 5, 2005, wherein Moore agreed to buy and Wais agreed to sell 2 DeSilva for $3,125,000.

60.    The consent of Moore to the contract was given by mistake or obtained by fraud on the part of Wais in that Wais represented, orally and in writing, that problems with water intrusion into the home had been addressed and repaired. Wais and his agents further represented that the problems with moisture damaging the hardwood floors was being steadily alleviated as the concrete slab foundation was gradually drying out. These representations were made to Moore for the purpose of inducing Moore to enter into the California Residential Purchase Agreement, and Moore actually relied on these representations and believed them to be true when he agreed to purchase 2 DeSilva.

61.    The true facts were that 2 DeSilva had significant water intrusion problems, including leaking through at least five out of six architecturally distinct roofs, and leaking through the master bedroom sliding glass door. Also, the concrete slab floor was not "drying out," as Wais and his agents represented. Instead, the floor was not constructed in accordance with the plans and specifications and the concrete slab floor wicks up water and transmits it to floor coverings, resulting in warping of hardwood floors and efflorescence on stone or tile floor coverings. Additionally, the home was defective in other ways as set forth herein.

62.    Moore hereby notifies Wais that Moore elects to rescind the California Residential Purchase Agreement on the grounds stated herein, and Moore offers to restore to Wais all consideration given to Moore on the condition that Wais restore to Moore the consideration advanced by Moore to Wais.

WHEREFORE, Moore pleads for relief as set forth below.

1

## **PRAYER**

2     Wherefore, plaintiff Charles E. Moore prays for judgment against all defendants as

3 follows:

4     (1)     For general damages, plus interest, in an amount to be proven at trial;

5     (2)     For special damages according to proof;

6     (3)     For punitive and exemplary damages against Wais and AIS;

7     (4)     For a judicial determination that the California Residential Purchase

8 Agreement shall be and is rescinded and for an order that defendant Peter Wais restore to

9 Moore all consideration paid by Moore to Wais; and

10     (5)     For such other and further relief as the court may deem just and proper.

11

12 Dated: March 16, 2007                              SCHWARTZ & CERA LLP

13

14

15                                                   Robert J. Scott, Jr.

16                                                   Attorneys for Plaintiff
                                                     CHARLES E. MOORE

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

**To:** Douglas Schwartz
**Cc:** Scott Lovernick
**Subject:** RE: Moore release

Doug,
I am working on putting that together. Will be discussing with clients and then forwarding along. I hope to have a better idea on when that will be in a day or so. Separately, I will check with the client tomorrow regarding the check.
Thanks,
John

-----Original Message-----
**From:** Douglas Schwartz [mailto:doug@schwartz-cera.com]
**Sent:** Monday, July 07, 2008 10:16 AM
**To:** Musitano, John R.
**Cc:** Scott Lovernick
**Subject:** Moore release

Good morning John:
I was told you were the one working on the settlement agreement and release for the Moore case. Can you please tell me when we can expect your draft, along with the check for $300,000? Thank you.

Douglas R. Schwartz
*SCHWARTZ & CERA LLP*
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
(415) 956-2600
(415) 438-2655 - fax
email: doug@schwartz-cera.com

___

*This message contains confidential information intended only for the use of the intended recipient(s) and may contain information that is privileged. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter. Thank you.*

No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 270.4.6/1538 - Release Date: 7/7/2008 7:40 AM

No virus found in this incoming message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 270.4.6/1540 - Release Date: 7/8/2008 6:33 AM

**Scott Lovernick**

| | |
|---|---|
| **From:** | Douglas Schwartz |
| **Sent:** | Tuesday, July 15, 2008 2:22 PM |
| **To:** | 'Musitano, John R.' |
| **Cc:** | Scott Lovernick |
| **Subject:** | RE: Moore release |

I appreciate the quick response, John, but must wonder why a simple and straightforward release should take so much time and effort? Anyway, I certainly hope and trust you will be able to circulate your draft by the end of the week. Thanks.

**From:** Musitano, John R. [mailto:JMusitano@coxcastle.com]
**Sent:** Tuesday, July 15, 2008 1:51 PM
**To:** Douglas Schwartz
**Cc:** Scott Lovernick
**Subject:** RE: Moore release

Doug,
We and the client are still working on this and doing best to get it to you as soon as possible.
Thanks,
John

-----Original Message-----
**From:** Douglas Schwartz [mailto:doug@schwartz-cera.com]
**Sent:** Monday, July 14, 2008 4:43 PM
**To:** Musitano, John R.
**Cc:** Scott Lovernick
**Subject:** RE: Moore release

John:
Where are we in getting you draft settlement agreement? We are now almost 3 weeks post settlement, and this is taking far far too long to get accomplished and funded. I really hope we don't have to go back to Judge Bettinelli for intervention.

Douglas R. Schwartz
*SCHWARTZ & CERA LLP*
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
(415) 956-2600
(415) 438-2655 - fax
email: doug@schwartz-cera.com

*This message contains confidential information intended only for the use of the intended recipient(s) and may contain information that is privileged. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter. Thank you.*

**From:** Musitano, John R. [mailto:JMusitano@coxcastle.com]
**Sent:** Tuesday, July 08, 2008 3:42 PM

## Scott Lovernick

**From:** Douglas Schwartz
**Sent:** Wednesday, July 23, 2008 12:36 PM
**To:** Musitano, John R.; Scott Lovernick
**Subject:** RE: Moore release

John:

As I said, I leave the country for 2 weeks starting this weekend, and will not have access to a computer in the jungle, so " a couple of days" just doesn't cut it!  Thanks for expediting, which I am sure you can do.

Douglas R. Schwartz
*SCHWARTZ & CERA LLP*
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
(415) 956-2600
(415) 438-2655 - fax
email: doug@schwartz-cera.com

---

*This message contains confidential information intended only for the use of the intended recipient(s) and may contain information that is privileged.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited.  If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter.  Thank you.*

**From:** Musitano, John R. [mailto:JMusitano@coxcastle.com]
**Sent:** Wednesday, July 23, 2008 11:46 AM
**To:** Douglas Schwartz; Scott Lovernick
**Subject:** RE: Moore release

Was advised today that it is now being reviewed by an in-house counsel with client and will be returned within a couple days, possibly sooner.  Sorry about the timing, but doing our best to get you the document as soon as we can.
In the meantime, can you let me know whether Mr. Moore bought and thereafter held title to the house in his name only?

Thanks,
John

No virus found in this incoming message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 270.5.5/1569 - Release Date: 7/23/2008 1:31 PM

No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 270.5.5/1569 - Release Date: 7/23/2008 1:31 PM

1

# EXHIBIT D



## SCHWARTZ & CERA LLP
44 Montgomery Suite 3850 • San Francisco, CA 94104
Tel 415.956.2600 Fax 415.438.2655
www.schwartz-cera.com

July 31, 2008

***VIA FACSIMILE AND U.S. MAIL***

Honorable William L. Bettinelli
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

> **Re:** ***Charles E. Moore v. LB DeSilva, LLC, et al.***
> **Marin County Superior Court Case Number:  CV071224**
> **JAMS Reference Number:  1100053683**

Dear Judge Bettinelli:

The parties mediated this matter before your honor on June 18, 2008.  While the parties were unable to resolve the matter at that time, the mediator's proposal presented the following day was ultimately accepted by the parties on June 25, 2008.  Mr. Moore then assumed that this matter would be timely resolved, once and for all.  Counsel for Defendant LB DeSilva, John R. Musitano, was to draft and circulate the settlement agreement.

Six weeks later, and despite numerous representations to the contrary, we have yet to see even a first draft of the proposed agreement.  Nearly two months of interest on $300,000 is not insignificant.  Reluctantly, we now seek your intervention. We are faced with an OSC hearing on August 18, 2008.  Without your intervention, we are not confident that the settlement agreement will be finalized, let alone presented to Mr. Moore by that time.

Your assistance is appreciated.

Very truly yours,

Scott R. Lovernick

SRL/dkm

cc:    John R. Musitano, Esq.
       Robert N. Weaver, Esq.
       John T. Bullock, Esq.
       Douglas R. Schwartz, Esq.

# EXHIBIT E

MooreVDeSilva081808

1

1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              IN AND FOR THE COUNTY OF MARIN

3                        ---oOo---

4   HON. TERRENCE R. BOREN, JUDGE          DEPARTMENT NO. B

5

6   CHARLES MOORE,                    ]
                                      ]
7                    Plaintiff,       ]
                                      ]
8   versus                           ]   No. CV071224
                                      ]
9   LB DESILVA, LLC.,                 ]
                                      ]
10                   Defendant.       ]
                                      ]
11  _____  ]

12

13

14         REPORTER'S TRANSCRIPT OF PROCEEDINGS

15              MONDAY, AUGUST 18, 2008

16

17  A P P E A R A N C E S:

18  FOR THE PLAINTIFF:         SCOTT LOVERNICK
    (on court call)            Attorney at Law
19                             SCHWARTZ & CERA
                               44 Montgomery Street, Suite 3850
20                             San Francisco, California

21  FOR THE DEFENDANT          ROBERT NEWL WEAVER
    ARCHITECTURAL INSPECTION   Attorney at Law
22  SERVICES:                  LESS & WEAVER
    (on court call)            1388 Sutter Street, #800
23                             San Francisco, California

24  FOR THE DEFENDANT          JOHN MUSITANO, JR.
    LB DESILVA, LLC:           Attorney at Law
25  (on court call)            COX, CASTLE & NICHOLSON
                               2049 Century Park E 28 Floor
26                             Los Angeles, California

27

28  REPORTED BY:  SUSAN J. KLOTZ, CSR No. 8300

                                                          2
1   MONDAY, AUGUST 18, 2008              9:20 O'CLOCK A.M.

2                        ---oOo---

3            (Whereupon, unrelated calendar matters were

Page 1

MooreVDeSilva081808

4      heard and reported but not transcribed

5      herein.)

6          THE COURT:  Any other appearances on OSCs?

7          MR. WEAVER:  We have appearance by telephone on the

8   Moore case.

9          THE COURT:  Moore versus DeSilva?

10         MR. WEAVER:  Yes, sir.

11         THE COURT:  All right.  Go ahead and state your

12  appearance, please?

13         MR. WEAVER:  This is Rob Weaver appearing for

14  Architectural Inspection Services.

15         THE COURT:  Yes.

16         MR. LOVERNICK:  Good morning, Your Honor, Scott

17  Lovernick appearing on behalf of Plaintiff Charlie Moore.

18         THE COURT:  Good morning.

19         MR. LUSITANO:  Good morning, Your Honor, John

20  Musitano on behalf of Defendant LB DeSilva.

21         THE COURT:  Good morning.  Counsel, what do you want

22  to do today?

23         MR. MUSITANO:  Your Honor, this is John Musitano on

24  behalf of DeSilva.  We were able to reach a settlement

25  following a mediation with Judge Bettinelli at JAMS.

26  Apologize to the Court we're not quite at the point where

27  dismissal can be filed; took a little longer on our end

28  schedules and dealing with corporate client.  The settlement      3

1   documents are out, ran into some of the other party's vacation

2   schedules.  Now, the parties have the documents.  We received

3   some initial comments to the documents last week.  I have

4   spoken with the other parties, and we feel that putting this

5   hearing over 30 days or so should do it, give us enough time

6   to finalize those, get signatures to fund the settlement, and

7   have a dismissal filed.

Page 2

MooreVDeSilva081808

8          THE COURT:  Any objection to that?

9          MR. WEAVER:  Not from me, Your Honor.

10         MR. LOVERNICK:  Not from the Plaintiff, Your Honor.

11         THE COURT:  I'll put this over, how about

12   September 22?  That's about 30 days out.  It will be on at

13   9:00 o'clock on that date.  Would that work?

14         MR. MUSITANO:  That will be fine, Your Honor.

15         MR. LOVERNICK:  That's fine, Your Honor.

16         THE COURT:  That is the date then.  Thank you.

17         MR. WEAVER:  Thank you, Your Honor.

18         (Whereupon, at 9:22 a.m, this matter was

19         concluded.)

20                        ---oOo---

21

22

23

24

25

26

27

28

1                    REPORTER'S CERTIFICATE

2

3    STATE OF CALIFORNIA        ]
                                 ]     ss.
4    COUNTY OF MARIN            ]

5

6          I, SUSAN J. KLOTZ, do hereby certify that I am an

7    official shorthand reporter of the Superior Court of the

8    State of California, in and for the County of Marin, and that

9    as such I reported in stenotype the proceedings had in the

10   within-entitled matter at the time and place therein set

MooreVDeSilva081808

11  forth; and that the same is a full, true and correct

12  transcription of said stenotype notes as taken by me in said

13  matter.

14          DATED:  San Rafael, California, this 21st day of

15  October, 2008.

16

17

18

19

20

21

22                    SUSAN J. KLOTZ, CSR NO. 8300
                      OFFICIAL COURT REPORTER

23

24

25

26

27

28

1  DOUGLAS R. SCHWARTZ (State Bar No. 98666)
   SCOTT R. LOVERNICK (State Bar No. 233755)
2  SCHWARTZ & CERA LLP
   44 Montgomery Street, Suite 3850
3  San Francisco, California 94104
   Telephone:  (415) 956-2600
4  Facsimile:  (415) 438-2655

5  Attorneys for Plaintiff
   CHARLES E. MOORE

6

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF MARIN

10                      UNLIMITED JURISDICTION

11  CHARLES E. MOORE, an individual,       ) CASE NO.  CV071224
                                           )
12                                         ) **DECLARATION OF SCOTT R.**
              Plaintiff,                    ) **LOVERNICK IN SUPPORT OF**
13                                         ) **PLAINTIFF'S OPPOSITION TO COX ,**
         vs.                               ) **CASTLE & NICHOLSON, LLP'S**
14                                         ) **MOTION TO BE RELIEVED AS**
    LB DeSILVA, LLC, a Delaware Limited    ) **COUNSEL**
15  Liability Company,                      )
    PETER WAIS, an Individual,             )
16  ARCHITECTUAL INSPECTION                ) **Date:  October 27, 2008**
    SERVICES, INC., a California Corporation; ) **Time:  9:00 a.m.**
17  and DOES 1-20, inclusive,              ) **Place:  Dept. B**
                                           )
18                                         )
              Defendants.                   )
19                                         )

20

21

22        I, Scott R. Lovernick declare as follows:

23        1.     I am an attorney at law duly licensed to practice for all courts of the State of

24  California.  I am associated with the law firm of Schwartz & Cera LLP, attorneys of record

25  for Charles E. Moore.  The following matters are true to my own knowledge and if called as

26  a witness I could and would competently testify thereto.

27        2.  On March 16, 2007, Moore filed a complaint for negligence, breach of implied

28

1  and express warranties, negligent misrepresentation, fraud, rescission and violation of

2  California Civil Code § 896, as a result of the construction and/or defects discovered

3  following the purchase of his home.

4

5      3.  On July 7, 2007, the parties agreed to stay the action pending informal discovery,

6  inspection, expert reports and then mediation.

7      4.  On June 18, 2008, the parties mediated this matter before the Honorable William

8  L. Bettinelli (Ret.) at JAMS.

9

10     5.  On June 19, 2008, Judge Bettinelli presented a "mediator's proposal" to the

11  parties.  Attached hereto as Exhibit A is a true and correct copy of the proposal.  On June 25,

12  2008, all parties accepted the terms of the proposal and agreed to settle this matter.  In

13  pertinent part, the agreement provided that DeSilva would fund the settlement in its entirety.

14     6.  On July 31, 2008 the proposed settlement agreement was prepared by DeSilva and

15  presented to the parties.

16

17     7.  On August 18, 2008, counsel for LB DeSilva (John Musitano) represented to this

18  Court that the matter had been settled and that he anticipated the agreement being finalized

19  shortly.  The civil minute order from the August 18, 2008 hearing is attached hereto as

20  Exhibit B.

21

22     8.  As recently as September 8, 2008, counsel for DeSilva assured the parties that the

23  agreement would be presented no later than September 9, 2008.  Attached hereto as Exhibit

24  C is a true and correct copy of Mr. Musitano's September 8, 2008 email.

25     9.  On October 16, 2008, I informed Mr. Musitano of Moore's intention to file a

26  motion to enforce the settlement.   Moore expects to file a motion to enforce the settlement

27  no later than October 24, 2008

28

1

2      10. As CCN admits in the Musitano declaration, because DeSilva is a limited liability

3   company, they cannot appear in *pro per* in this action.

4

5

6      I declare under penalty of perjury that the foregoing is true and correct and that this

7   declaration is executed on October 21, 2008 San Francisco, California.

8

9

10   _____

11      Scott R. Lovernick

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE
*Charles E. Moore v. LB DeSilva, LLC, et al.*
## Marin Superior Court No. CV 071224

3

I am a resident of the State of California, over the age of eighteen years, and not a party to this action. My business address is Schwartz & Cera LLP, 44 Montgomery Street, Suite 3850, San Francisco, California 94104.    On the below stated date, I served the following documents:

**(1) PLAINTIFF'S OPPOSITION TO COX , CASTLE & NICHOLSON, LLP'S MOTION TO BE RELIEVED AS COUNSEL;  and (2) DECLARATION OF SCOTT R. LOVERNICK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO COX, CASTLE & NICHOLSON, LLPS MOTION TO BE RELIEVED AS COUNSEL**

on the below-named parties and/or counsel of record, by the manner indicated:

| | |
|---|---|
| John R. Musitano, Jr., Esq.<br>Cox Castle & Nicholson, LLP<br>2049 Century Park East, 28th Floor<br>Los Angeles, CA 90067<br>Telephone:  310/277-4222<br>Facsimile:  310/277-7889 | *Attorneys for Defendant*<br>*LB DESILVA, LLC* |
| Robert N. Weaver, Esq.<br>Less & Weaver<br>1388 Sutter Street, Suite 800<br>San Francisco, CA 94109<br>Telephone: 415/398-9800<br>Facsimile:  415/989-0841 | *Attorneys for Defendant*<br>*ARCHITECTURAL L INSPECTION SERVICES, INC.* |
| William H. Orrick, III, Esq.<br>Coblentz, Patch, Duffy & Bass, LLP<br>One Ferry Building, Suite 200<br>San Francisco, CA 94111<br>Telephone: 415/772-5712<br>Facsimile:  415/989-1663 | *Attorneys for Defendant*<br>*Peter Wais* |

**XX**          (BY FAX) I caused a true copy of each document(s) to be transmitted by fax to the addressee(s) at the fax number(s) noted above. The fax machine used complied with California Rules of Court §2003(3) and no error was reported.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 21, 2008 at San Francisco, California.

Shari L. Hiibel

PROOF OF SERVICE
CASE NO. CV071224

# EXHIBIT F

MC–051

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address)*:<br>Sandra C. Stewart (SBN 113650)<br>John R. Musitano, Jr. (SBN 192947)<br>Cox, Castle & Nicholson LLP<br>2049 Century Park East, Suite 2800<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 277-4222    FAX NO.: (310) 277-7889<br>ATTORNEY FOR *(Name)*: Defendant LB DeSilva, LLC | **FOR COURT USE ONLY** |

NAME OF COURT: Marin County Superior Court
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME:

| | |
|---|---|
| CASE NAME: Moore v. LB DeSilva, LLC, et al. | CASE NUMBER:<br>CIV071224 |
| **NOTICE OF MOTION AND MOTION<br>TO BE RELIEVED AS<br>COUNSEL—CIVIL** | HEARING DATE: December 10, 2008<br>DEPT.: B    TIME: 9:00 a.m.<br>BEFORE HON.: Terence R. Boren<br>DATE ACTION FILED: March 16, 2007<br>TRIAL DATE: None Set |

TO *(name and address of client)*:  LB DeSilva, LLC, c/o Lehman Brothers Holdings, Inc. 745 Seventh Avenue, 13th Floor, New York, NY 10019.

1. PLEASE TAKE NOTICE that *(name of withdrawing attorney)*:  Cox, Castle & Nicholson, LLP
moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting the attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

| | | | | |
|---|---|---|---|---|
| a. | Date: December 10, 2008 | Time: 9:.00 a.m. | Dept.: B | Room: |

b. The address of the court: [x] same as noted above    [ ] other *(specify)*:

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and the following additional documents or evidence *(specify)*:    None.

*(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is
a. [ ] an individual.
b. [ ] a corporation.
c. [ ] a partnership.
d. [ ] an unincorporated association.
e. [ ] a guardian.
f. [ ] a conservator.
g. [ ] a trustee.
h. [ ] a personal representative.
i. [ ] a probate fiduciary.
j. [ ] a guardian ad litem.
k. [x] other *(specify)*: limited liability company

*(Continued on reverse)*

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL—CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure , § 284;
Cal. Rules of Court, rule 3.1362

Page 1 of 2

MC–051

| CASE NAME: Moore v. LB DeSilva, LLC, et al. | CASE NUMBER: CIV071224 |
|---|---|

---

### NOTICE TO CLIENT

If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:

- A guardian
- A conservator
- A trustee

- A personal representative
- A probate fiduciary
- A corporation

- A guardian ad litem
- An unincorporated association

If you are one of these parties, **YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

---

5. If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.

---

6. If this motion is granted, the client must keep the court informed of the client's current address.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.

---

Date: October 10, 2008

John R. Musitano, Jr.
(TYPE OR PRINT NAME)

(SIGNATURE OF ATTORNEY)

Attorney for (name): Defendant LB DeSilva, LLC

---

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL—CIVIL**

## PROOF OF SERVICE AND CERTIFICATION

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, 28th Floor, Los Angeles, California  90067-3284.

☐ (For messenger) my business address is 1533 Wilshire Boulevard, Los Angeles, CA  90017-2210.

On October 10, 2008, I served the foregoing document(s) described as **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL-CIVIL** on ALL INTERESTED PARTIES in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

On the above date:

☒ (BY ☒ U.S. MAIL/BY ☐ EXPRESS MAIL) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices.  I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration.  I am readily familiar with Cox, Castle & Nicholson LLP's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

☐ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

☐ (BY FACSIMILE TRANSMISSION) On _____, 2008, at _____ a.m./p.m. at Los Angeles, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was (___) ___-____, and the telephone number of the receiving facsimile number was (___) ___-____.  A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.  Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

☐ (BY PERSONAL DELIVERY) By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth above, on the date set forth above.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I hereby certify that the above document was printed on recycled paper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2008, at Los Angeles, California.

_____
Antoinette Samardzic

CHARLES E. MOORE V. LB DESILVA, LLC, ET AL.
MARIN SUPERIOR COURT NO. CV 071224

Douglas R. Schwartz, Esq.
Robert S. Scott, Esq.
Schwartz & Cera LLP
44 Montgomery Street
Suite 3850
San Francisco, CA 94104
Telephone: (415) 956-2600
Facsimile: (45) 438-2655
*Attorneys for Plaintiff*
*CHARLES E. MOORE*

William H. Orrick, III, Esq.
John T. Bullock, Esq.
Coblentz, Patch, Duffy & Bass, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
Telephone: (415) 772-5712
Facsimile: (415) 989-1663
*Attorneys for Defendant*
*PETER WAIS*

Robert N. Weaver, Esq.
Less & Weaver
1388 Sutter Street, Suite 800
San Francisco, CA 94109
Telephone: (415) 398-9800
Facsimile: (415) 989-0841
*Attorneys for Defendant*
*ARCHITECTURAL L. INSPECTION*
*SERVICES, INC.*

Joelle Halperin, Esq.
LB De Silva
c/o Lehman Brothers
745 Seventh Avenue, 13th Floor
New York, NY 10019

**VIA OVERNIGHT DELIVERY**

# EXHIBIT G

MC-052

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sandra C. Stewart (SBN 113650) John Musitano, Jr. (SBN 192947) Cox, Castle & Nicholson LLP 2049 Century Park East, Suite 2800 Los Angeles, CA 90067 | |

TELEPHONE NO.: (310) 277-4222    FAX NO.: (310) 277-7889
ATTORNEY FOR *(Name):* Defendant, LB DeSilva, LLC

NAME OF COURT: Marin County Superior Court
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME:

| CASE NAME: Moore v. LB DeSilva, LLC, et al. | |
|---|---|

| DECLARATION IN SUPPORT OF ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL | CASE NUMBER: CIV071224 |
|---|---|
| | HEARING DATE: December 10, 2008 DEPT.: B    TIME: 9:00 a.m. BEFORE HON.: Terrence R. Boren DATE ACTION FILED: March 16, 2007 TRIAL DATE: None Set |

1. **Attorney and Represented Party.** Attorney *(name):* Cox, Castle & Nicholson, LLP
   is presently counsel of record for *(name of party):* LB DeSilva, LLC
   in the above-captioned action or proceeding.

2. **Reasons for Motion.** Attorney makes this motion to be relieved as counsel under Code of Civil Procedure section 284(2) instead
   of filing a consent under section 284(1) for the following reasons *(describe):*  See Attachment 2.

[x] Continued on Attachment 2.

3. **Service**
   a. **Attorney has**
      (1) [ ] personally served the client with copies of the motion papers filed with this declaration. A copy of the proof of service
         will be filed with the court at least 5 days before the hearing.
      (2) [x] served the client by mail at the client's last known address with copies of the motion papers served with this declaration.
   b. If the client has been served by mail at the client's last known address, attorney has
      (1) [x] confirmed within the past 30 days that the address is current
         (a) [ ] by mail, return receipt requested.
         (b) [x] by telephone.
         (c) [ ] by conversation.
         (d) [ ] by other means *(specify):*

Form Adopted for Mandatory Use
Judicial Council of California
MC-052 [Rev. January 1, 2007]
**DECLARATION IN SUPPORT OF ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL**
Legal
Solutions
Plus
Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362

MC-052

| CASE NAME: Moore v. LB DeSilva, LLC, et al. | CASE NUMBER: CIV071224 |
|---|---|

3. b. (2) ☐ been unable to confirm that the address is current or to locate a more current address for the client after making the following efforts:

  (a) ☐ mailing the motion papers to the client's last known address, return receipt requested.

  (b) ☐ calling the client's last known telephone number or numbers.

  (c) ☐ contacting persons familiar with the client *(specify):*

  (d) ☐ conducting a search *(describe):*

  (e) ☐ other *(specify):*

  c. Even if attorney has been unable to serve the client with the moving papers, the court should grant attorney's motion to be relieved as counsel of record *(explain):*

4. The next hearing scheduled in this action or proceeding

  a. ☐ is not yet set.

  b. ☒ is set as follows *(specify the date, time, and place):*   October 27, 2008, 9 a.m., Department B.

  c. ☒ concerns *(describe the subject matter of the hearing):*   Case Management Conference

  ☐ Continued on Attachment 4.

5. The following additional hearings and other proceedings (including discovery matters) are presently scheduled in this case *(for each, describe the date, time, place, and subject matter):*   None.

  ☐ Continued on Attachment 5.

6. Trial in this action or proceeding

  a. ☒ is not yet set.

  b. ☐ is set as follows *(specify the date, time, and place):*

7. **Other.** Other matters that the court should consider in determining whether to grant this motion are the following *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: October 2 , 2008

John R. Musitano, Jr.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

8. Number of pages attached: 2

MC-052 [Rev. January 1, 2007]

**DECLARATION IN SUPPORT OF ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

Page 2 of 2

1        <u>**ATTACHMENT 2**</u>

2    <u>**DECLARATION OF JOHN R. MUSITANO, JR., ESQ.**</u>

3

4      I, John R. Musitano, Jr., declare as follows:

5      1.  I am an attorney at law, licensed to practice in this and all courts in the State of

6 California. I am an associate in the law firm of Cox, Castle & Nicholson LLP ("CCN"), counsel of

7 record for Defendant LB DESILVA, LLC ("LB DeSilva") in the underlying action entitled *Moore v.*

8 *LB DeSilva, LLC, et al.*, Marin County Superior Court Case No. CIV 071224 (the "Action").

9      2.  This declaration is submitted in support of CCN's Motion To Be Relieved As

10 Counsel. The facts set forth in this declaration are known to me personally, and I have first-hand

11 knowledge of these facts. If called upon to testify to the truth of the facts set forth in this declaration, I

12 could and would do so competently from my own personal knowledge.

13      3.  On March 16, 2007, Plaintiff Charles Moore ("Moore") commenced the Action

14 by filing a complaint for damages, which alleged against Defendants Peter Wais ("Wais"),

15 Architectural Inspection Services, Inc. ("AIS") and LB DeSilva causes of action for strict liability,

16 breach of express and implied warranties, negligence, fraud, negligent misrepresentation, concealment

17 and rescission relating to Moore's home (the "Property").

18      4.  In order to allow the parties to focus their efforts on preparation for mediation,

19 the parties entered into a stipulation to stay the Action. Accordingly, LB DeSilva and the other

20 defendants have not yet filed responsive pleadings to Moore's Complaint.

21      5.  No trial date has been set in the Action.

22      6.  On Monday, September 15, 2008, I was informed by Ms. Deborah Spencer, a

23 representative of LB DeSilva, that CCN was to perform no further work in on behalf of LB DeSilva

24 connection with the Action.

25      7.  On September 17, 2008, I spoke by telephone with Joelle Halperin, Esq. of

26 Lehman Brothers Holdings, Inc. On behalf of LW-LP, Inc., a managing member of LB DeSilva, Ms.

27 Halperin instructed CCN to perform no further work in connection with the Action. In addition, she

28 requested that CCN withdraw as counsel of record in the Action for LB De Silva.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

40023\1364138v5

DECLARATION OF JOHN R. MUSITANO, JR., ESQ.

1          8.     Because LB DeSilva is a limited liability company, it cannot appear in *pro per*

2  in the Action.  Accordingly, withdrawal of CCN by the filing and service of a substitution of attorney

3  form is impossible unless LB DeSilva engages other counsel.  LB DeSilva has informed me, however,

4  that at this time, it will not engage new counsel in the Action.  (In light of the attorney-client privilege,

5  I cannot disclose these circumstances in this declaration, but would be willing to provide the Court

6  with more details *in camera* consistent, of course, with my duty of confidentiality.)  Consequently,

7  CCN is requesting a court order to relieve CCN as counsel of record for LB DeSilva.

8          9.     The current mailing address of LB DeSilva is c/o Lehman Brothers Holdings,

9  Inc., 745 Seventh Avenue, 13th Floor, New York, NY 10019.  I confirmed this address with Lehman

10  Brothers Holdings, Inc., in a telephone call on September 25, 2008.

11

12  I declare under penalty of perjury under the laws of the State of California that the foregoing is true

13  and correct.  Executed on October *10*, 2008, at Los Angeles, California.

14

15

16  John R. Musitano, Jr., Esq.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA
40023\1364138v5
- 2 -
DECLARATION OF JOHN R. MUSITANO, JR., ESQ.

## PROOF OF SERVICE AND CERTIFICATION

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, 28th Floor, Los Angeles, California 90067-3284.

☐ (For messenger) my business address is 1533 Wilshire Boulevard, Los Angeles, CA 90017-2210.

On October 10, 2008, I served the foregoing document(s) described as **DECLARATION IN SUPPORT OF ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL-CIVIL** on ALL INTERESTED PARTIES in this action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

On the above date:

☒ (BY ☒ U.S. MAIL/BY ☐ EXPRESS MAIL) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with Cox, Castle & Nicholson LLP's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

☐ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

☐ (BY FACSIMILE TRANSMISSION) On _____, 2008, at _____ a.m./p.m. at Los Angeles, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (___) ___-____, and the telephone number of the receiving facsimile number was (___) ___-____. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

☐ (BY PERSONAL DELIVERY) By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth above, on the date set forth above.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I hereby certify that the above document was printed on recycled paper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2008, at Los Angeles, California.

_____
Antoinette Samardzic

## CHARLES E. MOORE V. LB DESILVA, LLC, ET AL.
### MARIN SUPERIOR COURT NO. CV 071224

Douglas R. Schwartz, Esq.
Robert S. Scott, Esq.
Schwartz & Cera LLP
44 Montgomery Street
Suite 3850
San Francisco, CA 94104
Telephone: (415) 956-2600
Facsimile: (45) 438-2655
*Attorneys for Plaintiff*
*CHARLES E. MOORE*

William H. Orrick, III, Esq.
John T. Bullock, Esq.
Coblentz, Patch, Duffy & Bass, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
Telephone: (415) 772-5712
Facsimile: (415) 989-1663
*Attorneys for Defendant*
*PETER WAIS*

Robert N. Weaver, Esq.
Less & Weaver
1388 Sutter Street, Suite 800
San Francisco, CA 94109
Telephone: (415) 398-9800
Facsimile: (415) 989-0841
*Attorneys for Defendant*
*ARCHITECTURAL L. INSPECTION*
*SERVICES, INC.*

Joelle Halperin, Esq.
LB De Silva
c/o Lehman Brothers
745 Seventh Avenue, 13th Floor
New York, NY 10019

**VIA OVERNIGHT DELIVERY**