# EXHIBIT H

FILED

OCT 27 2008

KIM TURNER,
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: L. Morris, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MARIN

CHARLES E. MOORE, an individual,

                  Plaintiff

vs.

LB DeSILVA, LLC, a Delaware Limited
Liability Company, *et al.*,

                  Defendants

Case No.: CV071224

**ORDER GRANTING COX, CASTLE &
NICHOLSON, LLP'S MOTION TO BE
RELIEVED AS COUNSEL**

This matter came on for hearing on October 27, 2008, and the matter having been submitted by the parties, the court adopted its tentative ruling, as follows:

Counsel John Musitano's Motion to be Relieved as attorney for defendant LB DeSilva, LLC, with the consent of his client, is granted. (CCP §284(2).)

An attorney may be allowed to withdraw without offending the rule against corporate self-representation, since the effect of the withdrawal would be to force the corporation, which previously may have been unwilling to bring in new counsel, to obtain new counsel or forfeit its rights through nonrepresentation. (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284, n.5, citing *Ferruzo v. Superior Court* (1980) 104 Cal.App.3rd 501, 504.)

-1-

LB DeSilva is advised it must promptly hire counsel to defend this action or otherwise appear in this proceeding. Failing to do so may result in a default or other adverse consequences.

Dated: October 27, 2008

TERRENCE R. BOREN
Judge of the Superior Court

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MARIN

**Case Name: CHARLES MOORE VS. LB DESILVA, LLC**
**Action No .CV 071224    PROOF OF SERVICE BY MAIL – 1013A, 2015.5 CCP)**

I am a citizen of the United States; I am over the age of eighteen years; my

address is Marin Superior Court, P.O. Box 4988, San Rafael, Calif. 94913-4988.

On  October 27 , 2008 , I served the Order Granting Cox, Castle & Nicholson, llps'

motion to be Relieved as Counsel on the  parties listed below by placing a true copy

thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United

States Post Office mail box  at San Rafael, California.

| | |
|---|---|
| John Musitano<br>2049 Century Park East # 2800<br>Los Angeles, CA 90067 | LB DeSilva<br>c/o Lehman Brothers Holdings, Inc.<br>745 Seventh Ave., 13th Floor<br>New York, New York 10019 |
| Robert Scott<br>Schwartz & Cera LLP<br>44 Montgomery St. # 3850<br>San Francisco, CA  94101 | William Orrick 111<br>Coblentz, Patch, Duffy<br>1 Ferry Building #200<br>San Francisco, CA  94111 |
| Robert Weaver<br>Less & Weaver<br>1388 Sutter ST. #800<br>San Francisco, CA  94109 | Joelle Halperin, esq<br>LB DE Silva<br>c/o Lehman Brothers<br>745 Seventh Ave., 13th Floor<br>New York, New York 10019 |

I certify (or declare), under the penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date:October 27,  2008

*Louise Morris*

Louise Morris, Court Clerk

# EXHIBIT I

## Douglas Schwartz

**From:** Du'Ana McGee
**Sent:** Friday, November 07, 2008 5:34 PM
**To:** Douglas Schwartz
**Cc:** Scott Lovernick
**Subject:** RE: Moore Matter....T/C w/Joelle Halperin

DRS,

Scott wanted me to send the below message to you regarding my telephone conversation with Joelle Halperin (counsel for LB DeSilva) today, please see below. Thanks.

-Du'Ana-


-----Original Message-----
From: Scott Lovernick
Sent: Friday, November 07, 2008 5:31 PM
To: Du'Ana McGee
Subject: Re: do you have a cell number for Captain Sun???


Send to Doug please
--------------------------
Sent using BlackBerry


-----Original Message-----
From: Du'Ana McGee <dmcgee@schwartz-cera.com>
To: Scott Lovernick <scott@schwartz-cera.com>
Sent: Fri Nov 07 17:05:30 2008
Subject: RE: do you have a cell number for Captain Sun???

So she (Joelle) stated that Lehman owns LB DeSilva and that LB DeSilva is "not paying" our client " anything....not a dime" and that "interest on the house has been sold." She said that the attys are trying to decide what to do concerning this matter (i.e., file bankruptcy, etc.) She said either way, if bankruptcy is filed or if we decide to file a default against them that "nothing will be paid." She stated that she just wanted to "caution" us.

I faxed over the letter to her. Listed below is her contact information if you would like to contact her.

Joelle Leslie Halperin
Lehman Brothers
399 Park Ave., Fl 8 H
New York, NY 10022-4614
212/526-0170 - Direct
646-834-0847 - Fax

Thanks.

-Du'Ana-

1

# EXHIBIT J

1  WILLIAM H. ORRICK, III (State Bar No. 113252)
   JOHN T. BULLOCK (State Bar No. 196809)
2  COBLENTZ, PATCH, DUFFY & BASS LLP
   One Ferry Building, Suite 200
3  San Francisco, California 94111-4213
   Telephone: 415.391.4800
4  Facsimile: 415.989.1663
   Email: ef-who@cpdb.com,
5         ef-jtb@cpdb.com

6  Attorneys for Defendant
   PETER WAIS

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF MARIN

10

11 CHARLES E. MOORE, an individual,          Case No. CV 071224

12            Plaintiff,                      NOTICE OF ENTRY OF ORDER
                                             GRANTING MOTION TO ENFORCE
13     v.                                    SETTLEMENT

14 LB DeSILVA, LLC, a Delaware Limited       Date:      November 26, 2008
   Liability Company, PETER WAIS, an         Time:      9:00 a.m.
15 Individual, ARCHITECTUAL INSPECTION       Dept.:     B
   SERVICES, INC., a California Corporation;
16 and DOES 1-20, inclusive,                 Action Filed:  March 16, 2007

17            Defendants.

18

19

20 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21        PLEASE TAKE NOTICE that on the date indicated thereon, the Court entered the Order

22 attached hereto as Exhibit A.

23 DATED: December 2, 2008          COBLENTZ, PATCH, DUFFY & BASS LLP

24

25                                 By: _____
                                       John T. Bullock
26                                     Attorneys for Defendant
                                       PETER WAIS
27

28

06544.001.1001214v1                      1                    Case No. CV 071224

NOTICE OF ENTRY OF ORDER GRANTING MOTION TO ENFORCE SETTLEMENT

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

# Exhibit A

1  DOUGLAS R. SCHWARTZ (State Bar No. 98666)
   SCOTT R. LOVERNICK (State Bar No. 233755)
2  SCHWARTZ & CERA LLP
   44 Montgomery Street, Suite 3850
3  San Francisco, California 94104
   Telephone: (415) 956-2600
4  Facsimile: (415) 438-2655

5  Attorneys for Plaintiff
   CHARLES E. MOORE

**FILED**

**NOV 2 6 2008**

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: S. Bond, Deputy*

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF MARIN

UNLIMITED JURISDICTION

| | |
|---|---|
| CHARLES E. MOORE, an individual, | CASE NO. CV071224 |
| Plaintiff, | |
| vs. | [PROPOSED] ORDER GRANTING MOTION TO ENFORCE SETTLEMENT |
| LB DeSILVA, LLC, a Delaware Limited Liability Company, PETER WAIS, an Individual, ARCHITECTUAL INSPECTION SERVICES, INC., a California Corporation; and DOES 1-20, inclusive, | DATE: November 26, 2008 TIME: 9:00 a.m. DEPT: B |
| Defendants. | |

Plaintiff Charles E. Moore's Motion for Order to Enforce Settlement came on for hearing on the date and time set forth above.

After consideration of all the evidence submitted by each party, as well as the argument of counsel, the Court finds as follows:

1.    This action was mediated on June 18, 2008, before the Hon. William R. Bettinelli (Ret.) at JAMS in San Francisco, California.

2.    Although the parties were unable to resolve the matter during the mediation session on June 18, 2008, Judge Bettinelli presented a mediator's proposal to the parties on June 19, 2008.

3.    The mediator's proposal provided that the action be settled by payment from defendant LB De Silva, LLC ("DeSilva") to plaintiff of $300,000. The proposal further provided that plaintiff dismiss and waive his claims against defendant Peter E. Wais, with each party waiving attorneys' fees and costs, and with Wais waiving any potential malicious prosecution claims. The mediator's proposal further provided that the settlement would include mutual dismissals and releases of claims of and against all parties and their affiliates, whether such claims are known or unknown, and would include the specific language of Civil Code Section 1542. The parties were given until 4:00 p.m. on June 25, 2008, to indicate whether they agreed to the mediator's proposal. The mediator's proposal stated that if all parties acknowledged acceptance of the mediator's proposal, the matter would be settled on those terms.

4.    On or before June 25, 2008, all parties, by and through their counsel of record in this action, acknowledged acceptance of and agreed to the mediator's proposal. Accordingly, the matter was settled according to the terms of the mediator's proposal and there now exists a valid, binding and enforceable settlement agreement by and among all the parties to this action.

Now, therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's motion is GRANTED and the settlement agreed to by all parties to this action shall be enforced as follows:

(1)    Judgment is hereby entered in the amount of $300,000.00 in favor of plaintiff Moore ("Moore") and against defendant DeSilva. The claims of Moore against defendants Wais and Architectural Inspection Services ("AIS") are dismissed with prejudice and plaintiff shall take nothing by those claims.

(2)    Moore, on behalf of himself and the Restated Charles E. Moore Living Trust dated June 8, 2005, and on behalf of any other person or entity claiming by or through Moore or the

06544.001.991548V2                                    -2-

[PROPOSED] ORDER GRANTING MOTION TO ENFORCE SETTLEMENT
CASE NUMBER CV071224

referenced Trust (herein, collectively, "Moore"), releases all claims, known and unknown,

against Defendant AIS ("AIS"), including but not limited to all latent and all patent

construction and design defects;

(3) Moore and defendant Wais, on behalf of themselves and their respective agents,

representatives, servants, attorneys, executors, heirs, administrators, successors,

predecessors, partners and assigns, do hereby release and forever discharge each other,

and their respective agents, representatives, servants, attorneys, executors, heirs,

administrators, successors, predecessors, partners and assigns, and each of them, of and

from any and all claims, demands for sums of money, accounts, actions, causes of action,

suits, debts, damages, judgments, liabilities, charges, obligations, losses, costs, expenses,

and demands of every kind and nature, past, present or future, whether matured or

unmatured, whether known or unknown, whether at law or in equity, and whether before a

local, state, or federal court, administrative agency, arbitrator, tribunal or commission

regardless of location, that they, or any of them, have or may have against each other, or

any of them, including but not limited to those that arise out of relate in any way to the

subject matter of this action, and including but not limited to any claims or allegations that

were made, or could have been made, in this action.

(4) AIS and DeSilva, on behalf of themselves and their respective agents, representatives,

servants, attorneys, successors, predecessors, partners, assigns, parents, subsidiaries,

affiliated entities, officers, directors, members, and employees, fully and forever release

and discharge each other, Moore and WAIS, and their respective agents, representatives,

servants, attorneys, executors, heirs, administrators, successors, predecessors, partners and

assigns, and each and all of them, from any and all claims, demands for sums of money,

[PROPOSED] ORDER GRANTING MOTION TO ENFORCE SETTLEMENT
CASE NUMBER CV071224

accounts, actions, causes of action, suits, debts, damages, judgments, liabilities, charges, obligations, losses, costs, expenses, and demands of every kind and nature, past, present or future, whether matured or unmatured, whether known or unknown, whether at law or in equity, and whether before a local, state, or federal court, administrative agency, arbitrator, tribunal or commission regardless of location, that they, or any of them, have or may have against the other, or any of them, including but not limited to those that arise out of relate in any way to the subject matter of this action, and including but not limited to any claims or allegations that were made, or could have been made in this action, and specifically including but not limited to any claims against Wais for indemnity or contribution.

(5) The parties waive the provisions of Civil Code Section 1542.

(6) Each party is to bear its own expenses of litigation, including but not limited to attorneys' fees, costs, expert consultant and witness fees, and mediation fees.

IT IS SO ORDERED.

Dated: 11/26/08

_____
Judge of Superior Court of Marin County

06544.001.991548V2                              -4-

[PROPOSED] ORDER GRANTING MOTION TO ENFORCE SETTLEMENT
CASE NUMBER CV071224

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is One Ferry Building, Suite 200, San Francisco, California 94111-4213.

On December 2, 2008, I served true copies of the following document(s) described as

**NOTICE OF ENTRY OF ORDER GRANTING MOTION TO ENFORCE SETTLEMENT**

on the interested parties in this action as follows:

| | |
|---|---|
| Douglas R. Schwartz, Esq. | Joelle Halperin, Esq. |
| Scott Lovernick, Esq. | LB De Silva |
| Schwartz & Cera LLP | c/o Lehman Brothers Holdings, Inc. |
| 44 Montgomery Street, Suite 3850 | 745 Seventh Avenue, 13th Floor |
| San Francisco, CA 94104 | New York, NY 10019 |
| FAX: 415-438-2655 | FAX: 646-834-0874 |

Attorneys for Plaintiff
Charles E. Moore

Robert N. Weaver, Esq.
Less & Weaver
1388 Sutter Street, Suite 800
San Francisco, CA 94109
FAX: 415-989-0841

Attorneys for Defendant
Architectural Inspection Services, Inc.

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Coblentz, Patch, Duffy & Bass LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 2, 2008, at San Francisco, California.

_____
Mark Allen

06544.001.1001214v1                         1                         Case No. CV 071224

Proof of Service - NOTICE OF ENTRY OF ORDER GRANTING MOTION TO ENFORCE SETTLEMENT

ADR-100

| MEDIATOR (Name and Address): | FOR COURT USE ONLY |
|---|---|

**MEDIATOR** (Name and Address):
HONORABLE WILLIAM L. BETTINELLI (RET.)
JAMS
Two Embarcadero Center, Suite 1500, San Francisco, CA 94111
TELEPHONE NO: (415) 982-5267      FAX NO. (Optional): (415) 982-5287
E-MAIL ADDRESS (Optional):

**FILED**

**NOV 1 8 2008**

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Bond, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS: 3501 Civic Center Drive
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME:

CASE NAME:
   CHARLES E. MOORE v. LB DESILVA, LLC, ET AL.

STATEMENT OF AGREEMENT OR NONAGREEMENT
   [X] First    [ ] Supplemental

CASE NUMBER:
   CV071224

NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).

1.  This case was filed on *(date if known)*: March 16, 2007

2.  I was selected as the mediator in this matter on *(date)*: January 29, 2008

3.  Mediation *(check one)*:
    a. [ ] did not take place.
       (1) [ ] A party who was ordered to appear at the mediation did not appear.
       (2) [ ] Other reason *(please specify without disclosing any confidential information)*:

    b. [X] took place on *(date or dates)*: June 18, 2008
       and lasted a total of ____10____ hours.

BY FAX

4.  [ ] The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5.  The mediation ended *(check one)*:
    a. [X] In full agreement by all parties on *(date)*: June 25, 2008
    b. [ ] In partial agreement
       (1) [ ] In full agreement as to the following parties:
          on *(date)*:
       (2) [ ] In full agreement as to limited issues on *(date)*:
    c. [ ] In nonagreement.

Date:  11/13/08

_____
HONORABLE WILLIAM L. BETTINELLI (RET.)
(TYPE OR PRINT NAME)

►  _____
(SIGNATURE OF MEDIATOR)

NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. January 1, 2003]

STATEMENT OF AGREEMENT OR NONAGREEMENT

Code of Civil Procedure, §§ 1730, 1775.8

LexisNexis® Automated California Judicial Council Forms

1

## PROOF OF SERVICE
2         *Charles E. Moore v. LB DeSilva, LLC, et al.*
Marin Superior Court No. CV 071224

3

4      I am a resident of the State of California, over the age of eighteen years, and not a party to this action.  My business address is Schwartz & Cera LLP, 44 Montgomery Street, Suite 3850, San

5 Francisco, California 94104.  On the below stated date, I served the following documents:

6                  STATEMENT OF AGREEMENT OR NONAGREEMENT

7 on the below-named parties and/or counsel of record, by the manner indicated:

8 Joelle Halperin, Esq.                  *Attorneys for Defendant*
LB De Silva, LLC                  *LB DESILVA, LLLC*
9 c/o Lehman Brothers
399 Park Avenue, Floor 8 H
10 New York, NY 10022-4614
Telephone:  212/526-0170
11 Facsimile:  646/834-0847

12
Robert N. Weaver, Esq.                *Attorneys for Defendant*
13 Less & Weaver                    *ARCHITECTURAL L INSPECTION*
1388 Sutter Street, Suite 800       *SERVICES, INC.*
14 San Francisco, CA 94109
Telephone:  415/398-9800
15 Facsimile:  415/989-0841

16 William H. Orrick, III, Esq.          *Attorneys for Defendant*
Coblentz, Patch, Duffy & Bass, LLP    *Peter Wais*
17 One Ferry Building, Suite 200
San Francisco, CA 94111
18 Telephone:  415/772-5712
Facsimile:  415/989-1663
19

20 **XXX**  MAIL – By placing the document(s) listed above in a sealed envelope with postage thereon
21 fully prepaid, in the United States mail at San Francisco, California, addressed as set forth above.

22      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 18, 2008 at San Francisco,
23 California.

24

25

26                          Du'Ana K. McGee

27

28

# EXHIBIT K



**NOTICE OF JUDGMENT LIEN**
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form)

A. NAME & PHONE OF FILER'S CONTACT (optional)
Scott R. Lovernick, Esq. (415) 956-2600

B. SEND ACKNOWLEDGMENT TO: (NAME AND ADDRESS)

Schwartz & Cera LLP
44 Montgomery Street, Suite 3850
San Francisco, CA 94104

**09-7187266975**
**02/09/2009 17:00**



**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS



20023840002   UCC 1 FILING

THIS SPACE FOR FILING OFFICE USE ONLY

**1. JUDGMENT DEBTOR'S EXACT LEGAL NAME** –Insert only one name, either 1a or 1b. Do not abbreviate or combine names.

1a. ORGANIZATION'S NAME
LB De Silva, LLC, c/o Lehman Brothers, Inc.

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 745 Seventh Avenue, 16th Floor | New York | NY | 10019 | |

**2. JUDGMENT CREDITOR'S NAME**– Do not abbreviate or combine names.

2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE | SUFFIX |
|---|---|---|---|
| Moore | Charles | E | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| c/o Schwartz & Cera LLP | San Francisco | CA | 94104 | |

**3. ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.**

A.  Title of court where judgment was entered:  Marin County Superior Court

B.  Title of the action:  Charles E. Moore v. LB De Silva, LLC

C.  Number of this action:  CV 071224

D.  Date judgment was entered:  11/26/08

E.  Date of subsequent renewals of judgment (if any):

F.  Amount required to satisfy judgment at date of this notice:  $ 300,000.00

G.  Date of this notice:  02/04/2009

**4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

Dated:  02/14/09
(If not indicated, use same as date in item 3G.)

SIGNATURE - SEE INSTRUCTION NO. 4
Schwartz-Cera LLP
FOR:  Charles E. Moore

FILING OFFICE COPY

NOTICE OF JUDGMENT LIEN (FORM JL1) (Rev. 6/01)
Approved by the Secretary of State



SECRETARY OF STATE

STATE OF CALIFORNIA

## UCC Filing Acknowledgement

02/10/2009

Page 1 of 1

SCHWARTZ & CERA LLP
44 MONTGOMER ST., SUITE 3850
SAN FRANCISCO CA 94104

Filing Fee:      $10.00

Total Fee:       $10.00

The California Secretary of State's Office has received and filed your document. The information below reflects the data that was indexed in our system. Please review the information for accuracy. Included is an image of the filed document to assist you in your review. If you find a potential error, please notify the UCC Section at the number listed below at your earliest convenience.

Filing Type: **Judgement Lien**          File Date: 02/09/2009          File Time: 17:00

Filing Number: 09-7187266975            Lapse Date: 02/09/2014

Debtor(s):
ORGANIZATION               **LB DE SILVA, LLC, C/O LEHMAN BROTHERS, INC.**

                           **745 SEVENTH AVENUE, 15TH FLOOR NEW YORK NY USA 10019**

Secured Party(ies):
INDIVIDUAL                 **MOORE, CHARLES, E,**

                           **C/O SCHWARTZ & CERA LLP SAN FRANCISCO CA USA 94104**

Filing by the Secretary of State is not conclusive proof that all conditions for securing priority have been met. Ensuring that accurate information is on the document to be filed is the responsibility of the filing party. If this filing is challenged, the Secretary of State does not guarantee that the filing is legally sufficient to secure priority under UCC Article 9 and expressly disclaims any liability for failure of the filing party to secure priority resulting from the information contained in the filed document, or the lack of information on the filed document.

UNIFORM COMMERCIAL CODE 1500 11TH STREET, 3RD FL · SACRAMENTO, CA 95814 · PO BOX 942835 · SACRAMENTO, CA 94235-0001 · (916) 653-3516    HTTP://WWW.SOS.CA.GOV

PROGRAMS: ARCHIVES, BUSINESS PROGRAMS, ELECTIONS, INFORMATION TECHNOLOGY, CALIFORNIA STATE HISTORY MUSEUM, MANAGEMENT SERVICES, SAFE AT HOME, DOMESTIC PARTNERS REGISTRY, NOTARY PUBLIC, POLITICAL REFORM

# EXHIBIT L

# California Business Portal

## Secretary of State DEBRA BOWEN

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES |

**Business Search
LP/LLC**

- New Search
- Search Tips
- Field Definitions
- Status Definitions
- LLC Name Availability
- LP Name Availability
- **Business Entities
  Records Order Form**
  - Certificates
  - Copies
  - Status Reports
- LLC FAQS
- LP FAQS
- LLC Main Page
- LP Main Page
- Site Search

## LP/LLC

Limited Partnerships/Limited Liability Companies

The information displayed here is current as of "Feb 6, 2009" and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

If you are unable to locate a record, you may request a more extensive search by ordering a status report. Fees and instructions for ordering a status report are included on the **Business Entities Records Order Form**. Certificates and/or certified copies can also be requested using the order form.

### Results of search for " LB De Silva "

*Click on the name of the Limited Partnership or
Limited Liability Company for additional information.*

| LP/LLC Number | Date Filed | Status | LP/LLC Name | Agent for Service of Process |
|---|---|---|---|---|
| 199809310002 | 4/3/1998 | canceled | LB DE SILVA LLC | CORPORATION SERVICE COMPANY WHICH WILL |

Copyright ©2001 California Secretary of State. **Privacy Statement.**

# California Business Portal

Secretary of State DEBRA BOWEN

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES |

**Business Search LP/LLC**

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- LLC Name Availability
- LP Name Availability
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- LLC FAQS
- LP FAQS
- LLC Main Page
- LP Main Page
- Site Search

Limited Partnerships/Limited Liability Companies   LP/LLC

The information displayed here is current as of "Feb 6, 2009" and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| LB DE SILVA LLC | | |
| Number: 199809310002 | Date Filed: 4/3/1998 | Status: canceled |
| Jurisdiction: DELAWARE | | |
| **Address** | | |
| 1201 ELM ST #5400 | | |
| DALLAS, TX 75270 | | |
| **Agent for Service of Process** | | |
| CORPORATION SERVICE COMPANY WHICH WILL | | |

Printer Friendly

**New Search**

- Fees and instructions for requesting certification of limited partnership and/or limited liability company records are included on the **Business Entities Records Order Form**.
- Blank fields indicate the information is not contained in the computer file.
- If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the **Business Entities Records Order Form**.

Copyright ©2001 California Secretary of State. **Privacy Statement**.

# EXHIBIT M



an Investigation corporation license number 17582

2470 Stearns Street, #162
Simi Valley, California 93063
(805) 520 3151
FAX (805) 520 5804

March 10, 2009

## REPORT #1
## STATUS REPORT / INTERIM BILL

Scott Lovernick, Esquire
**SCHWARTZ & CERA LLP**
44 Montgomery, Suite 3850
San Francisco, California 94104

<u>RE:</u>    **CHARLES E. MOORE / LB DESILVA, LLC**

Sankey File Number:        4266.09-5

Dear Mr. Lovernick,

This report will acknowledge and thank you for this assignment received in this office February 19, 2009.

We were asked to perform an asset investigation on company LB DeSilva, LLC.

## INVESTIGATION

### Identifying Information

LB DeSilva, LLC is a Delaware Limited Liability Company, file number 2879469, originally filed April 1, 1998. The registered agent is The Prentice Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, (302) 636 5400. LB DeSilva, LLC was previously registered with the California Secretary of State; however, the status is now listed as "cancelled".

| LP/LLC Number | Date Filed | Status | LP/LLC Name | Agent for Service of Process |
|---|---|---|---|---|
| 199809310002 | 4/3/1998 | canceled | LB DE SILVA LLC | CORPORATION SERVICE COMPANY WHICH WILL |

www.thesankeyfirm.com

It should be noted that there are numerous entities with similar names as the subject company including:

LB DeSilva, Inc.                  Corporation # 2755472
LB DeSilva II, Inc.               Corporation # 2827612
LB DeSilva III, Inc.              Corporation # 2827615
LB DeSilva Managers, Inc.         Corporation # 2924990

These are all Delaware Corporations. For the purposes of this asset investigation, we have concentrated our efforts on LB DeSilva, LLC, the judgment debtor.

The following corporate information for LB DeSilva, LLC was revealed:

```
      Record Type:   LIMITED LIABILITY COMPANY
    Business Name:   LB DE SILVA LLC
   Filing Number:   199809310002
       File Date:   04/03/1998
          Status:   ACTIVE
        LLC Type:   REAL ESTATE INVESTMENTS
 Formation State:   DE
    Process Date:   08/11/1999
           Agent:   CORPORATION SERVICE COMPANY WHICH WILL
      Officer #1:   LB DE SILVA INC
                    1201 ELM ST STE 5400, DALLAS, TX  75270-0000
```

The following corporate information was revealed for LB DeSilva, Inc. (listed as officer for LB DeSilva, LLC).

```
        Record Type:   CORPORATIONS
      Business Name:   LB DE SILVA INC.
     Filing Number:   02475178
         File Date:   11/14/2002
     Foreign State:   DELAWARE
  Corporation Type:   STATEMENT & DESIGNATION BY FOREIGN CORPORATION -
                      STOCK
```

_Most Recent Statement of Officers_

```
          Statement #:   0673865
       Statement Date:   05/05/2008
               Status:   FORFEITED
           FTB Status:   FORFEITED
  FTB Suspension Date:   08/01/2006
      Mailing Address:   745 SEVENTH AVE, NEW YORK, NY  10019
            President:   BARRY O'BRIEN
                         70 HUDSON ST, JERSEY CITY, NJ  07302
                Agent:   THE PRENTICE-HALL CORPORATION SYSTEM, INC.
                         2730 GATEWAY OAKS DR STE 100, SACRAMENTO, CA
                         95833
```

*Previous Statement of Officers*
                        *Statement #:*   *0682118*
                  *Statement Date:*   *08/25/2003*
                          *Status:*   *FORFEITED*
                      *FTB Status:*   *FORFEITED*
        *FTB Suspension Date:*   *08/01/2006*
              *Mailing Address:*   *745 7TH AVE, NEW YORK, NY   10019*
                      *President:*   *XAVIER SHEID*
                                        *745 7TH AVE, NEW YORK, NY   10019*
                          *Agent:*   *CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS
                                        IN CALIFORNIA AS CSC - LAWYERS INC SERVICE
                                        2730 GATEWAY OAKS DR STE 100, SACRAMENTO, CA
                                        95833*

*Amendment History*

                    *History Date:*   *01/26/2006*
          *History Record Type:*   *SECRETARY OF STATE FORFEITURE*


                    *History Date:*   *08/01/2006*
          *History Record Type:*   *FRANCHISE TAX BOARD FORFEITURE*

---

Further documentation can be obtained from the Delaware Secretary of State as needed.

LB DeSilva, LLC is associated with the following addresses:

- *1 De Silva Island Dr., Mill Valley, California 94941*
- *1201 Elm Street, #500, Dallas, Texas 75270 (apparent headquarters)*
- *459 Bryant Street, San Francisco, California 94107*
- *399 Park Ave., #8, New York, New York 10022*
- *5400 Renaissance Tower, Dallas, Texas 75270*


### Real Estate

We researched real estate records throughout California and Texas. We found no record of any current property ownership for LB DeSilva, LLC.

LB DeSilva appears to have held title to numerous properties in the Mill Valley, California area; however, these properties now all appear to have been transferred, most in 2003 through 2007.


### Civil Suits

Research with the Marin County Superior Court in California revealed the following cases.

| CIV071224 | CHARLES E. MOORE VS LB DESILVA, LLC | Fraud | CHARLES E MOORE | Plaintiff | 3/16/2007 | 11/26/2008 |
|---|---|---|---|---|---|---|

| CIV083844 | DSI HOMEOWNERS ASSOCIATION, ET AL VS LB DE SILVA, LLC, ET AL | Contract/ Money/ Damages | NORTH BAY CONSTRUCTION, INC. (4) | Cross Complainant | | 8/7/2008 |

Research with the United States District Court in California revealed the following case.

**Civil Cases**

| Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|
| LB DESILVA, LLC | candce | 3:1999cv04216 | 09/14/1999 | 893 | 03/06/2000 |

S.F. Baykeeper, et al v. LB Desilva, LLC, et al

### Public Filings

Research was completed on our numerous databases for any public record filings. The databases include Bankruptcies, Tax Liens, Judgments, Notice of Defaults and UCC Financing Statements. The following records were found.

```
    Record Type:   CALIFORNIA UCC INDEX
   Data Through:   02/16/2009
    File Number:   9935860270
      File Date:   12/13/1999
Expiration Date:   12/13/2004

     Debtor #1:    LB DE SILVA LLC, A DELAWARE LIMITED LIABILITY
                   COMPANY
                   FEDERAL ID: 94250XXXX
                   1201 ELM ST STE 5400
                   DALLAS, TX 75270

Secured Party #1:  IMPERIAL BANK, A CALIFORNIA CORPORATION
                   1331 N CALIFORNIA BLVD STE 400
                   WALNUT CREEK, CA 94596
```

```
    Record Type:   CALIFORNIA UCC INDEX
   Data Through:   02/16/2009
    File Number:   097187266975
      File Date:   02/09/2009
```

Debtor #1:    LB DE SILVA, LLC, C/O LEHMAN BROTHERS, INC.
              745 SEVENTH AVENUE, 15TH FLOOR
              NEW YORK, NY 10019

Secured Party #1:    CHARLES E MOORE
                     C/O SCHWARTZ & CERA LLP
                     SAN FRANCISCO, CA 94104

---

Record Type:    CALIFORNIA UCC INDEX
Data Through:    02/16/2009
File Number:    9935860270
File Date:    12/13/1999

Debtor #1:    LB DE SILVA LLC, A DELAWARE LIMITED LIABILITY
              COMPANY
              1201 ELM ST STE 5400
              DALLAS, TX 75270

Secured Party #1:    IMPERIAL BANK, A CALIFORNIA CORPORATION
                     1331 N CALIFORNIA BLVD STE 400
                     WALNUT CREEK, CA 94596

---

Filing Number: 3082269 5
Filing Date: 3/31/2003
Filing Agency: SECRETARY OF STATE/UCC DIVISION
Filing Agency Address: DOVER, DE 19901

Debtor Party(s):
    Debtor: LB DE SILVA LLC C/O LEHMAN BROTHERS HOLDINGS, INC.
    Debtor Address: 399 PARK AVE FL 8TH, NEW YORK NY 10022-4614

Secured Party(s):
    Debtor: REDWOOD CAPITAL FINANCE COMPANY, LLC
    Debtor Address: 150 CALIFORNIA ST FL 22, SAN FRANCISCO CA 94111-4547

Collateral(s):
    Description: EQUIPMENT AND PROCEEDS;CONTRACT RIGHTS AND
PROCEEDS;CHATTEL PAPER AND PROCEEDS;FIXTURES AND PROCEEDS;ACCOUNTS RECEIVABLE
AND PROCEEDS;COMPUTER EQUIPMENT AND PROCEEDS;ACCOUNT(S) AND PROCEEDS;GENERAL
INTANGIBLE(S) AND PROCEEDS;BUILDING(S) AND PROCEEDS;NEGOTIABLE INSTRUMENTS AND
PROCEEDS;MACHINERY AND PROCEEDS;INVENTORY AND PROCEEDS

Filing(s):
    Filing: INITIAL FILING
    Filing Number: 3082269 5
    Filing Date: 3/31/2003

---

Record Type:    STATE TAX LIEN
File Number:    200409231093
File Date:    9/23/2004

Debtor #1:    LB DE SILVA LLC
              1201 ELM ST STE 5
              DALLAS, TX 75270

REPORT #1
LB DESILVA, LLC.

*Creditor:    STATE OF CALIFORNIA*

A brief review of available documents online, from the bankruptcy filing of Lehman Brothers Holdings, Inc., filed on September 15, 2008, case number 08-13555, did not reveal any mention on LB DeSilva, LLC. I should mention that there are hundreds if not thousands of filings in this matter and a detailed review would be very time consuming.

### Dunn & Bradstreet

The following information was revealed from Dunn & Bradstreet.

*Business Name: L B Desilva*
*Duns Number: 166321104*
*Address: 1 DE SILVA ISLAND DR, Mill Valley CA 94941-3004*
*Year Started: 2004*
*Annual Sales: $710,000*
*Sales Revision Date: 1/16/2009*
*Employees Total: 3*
*Employees Here: 3*
*Line of Business: Subdivider/Developer*
*Primary SIC: Subdividers and developers, nec*
*Establishment Type: Single Location*
*Small Business Flag: Yes*
*Minority Owned: No*
*Foreign Owned: No*
*Public: No*

### Vehicles

A search, for automobiles, aircraft, watercraft, recreational vehicles, motorcycles, etc., was performed for any ownership by LB DeSilva, LLC. Research with the California Department of Motor Vehicles revealed no vehicles registered under LB DeSilva, LLC.

### Bank Accounts

Bank account locates are conducted using up to nine different methods that are lawful under all Federal laws. Account numbers are not given due to the Gramm Leach Bliley Act. Bank accounts are considered hits on any open cash account regardless of balance including checking, savings, IRA's, safety deposit boxes, trust accounts & business accounts located under subject's SSN or FEIN. The rate of successful location is directly related to the accuracy of information used to conduct the search. Other accounts may be held by subject under different information than used to conduct this search.

Detailed, diligent Statewide Bank Account searches were conducted for any and all cash banking accounts that match LB DeSilva, LLC in California and Texas. No open accounts were located.

## COMMENTS

This report updates you on our investigation to date. If you would like us to research any of the above information further please do not hesitate to contact us. Please find enclosed our invoice for services rendered to date. If we can be of any further assistance in this or any other matter please do not hesitate to contact the undersigned.

Very truly yours,

**THE SANKEY FIRM, INC.**

*Todd Sankey*

---

Todd Sankey, Investigator

Enclosure:      Service Invoice

We guarantee our information to be as accurate as REASONABLE CARE can make it. However, the ultimate responsibility for maintaining the files rests with the filing officer and we will accept NO LIABILITY beyond the exercise of reasonable care. All information can be subject to human and/or computer entry and retrieval error. The information contained in this report is deemed reliable, from reliable sources, but cannot be guaranteed.

# EXHIBIT N



Source: U.S. Census Bureau - A.C.S 2007

**New York, NY Diversity**

| Total population | 8,246,310 | (100%) |
|---|---|---|
| White | 3,737,161 | (45%) |
| Black | 2,161,787 | (26%) |
| Other | 1,457,088 | (18%) |
| Asian | 994,704 | (12%) |
| Native American | 56,579 | (1%) |
| Hawaiian & Pacific Islander | 5,852 | (0%) |



Source: U.S. Census Bureau - A.C.S 2007

> New York > New York > Lb De Silva Inc.

# Lb De Silva Inc.

**Recover Your Losses** Lehman Principle Protected Notes Lehman Structured P

**Lehman Structured Notes** Lehman Principal Protected Notes (212) 696 - 19

Lb De Silva Inc. is located at 745 7th Ave New York, NY 10019. The officers include Barry J O'Brien. Lb
Thursday, November 14, 2002 in the State of CA and is currently not active. The Prentice-Hall Corporati
as their registered agent.
Source: Public Record data - Department of State - Division of Corporations

### Relationship Visualizer

View Full Screen



**Seeking Injury Help?** Connect With An Injury Attorney Free Evaluation By Lo

**Debt Consolidation** Consolidate Your Business Debts. $0 Upfront Fee. Low Pa

| Company Summary | Reports | Addresses | Points of Interest | Web |
|---|---|---|---|---|

Officers:

- Barry J O'Brien

# EXHIBIT O

| REL # | MTS | Asset Name | Lien | REO Date |
|-------|-----|-----------|------|----------|
| | TY35 | ELGIN SENIOR CITIZENS APTS | First | |
| REO7 | RB16 | Bannister House | REO | 9/5/04 |
| | TN42 | Groton Health Care | First | |
| | TN28 | Beechwood Terrrace Apts | Second | |
| | QB21C | Sunwest Apartments | Second | |
| | TN32 | Vadehra I | Second | |
| | SU02 | Breakers @ Edgewater | Second | |
| | ST98 | Country Club Estates | Second | |
| | TY40 | CONQUISTADOR APARTMENTS | Second | |
| REO110 | TP55 | LB WINCHESTER OPERATOR LLC | REO | 1/31/03 |
| | VC83 | Gwinnett Prado LP | First | |
| | TY33 | HERMITAGE ON HURON | Second | |
| RELP141 | RU15 | CHS LW-LP | EQUITY | |
| RELP2 | QP19 | RAM I Apartments | EQUITY | |
| | SN75 | KOJAIAN MOWG | First | |
| | SD48 | 415 Hamburg | Other | |
| | TY59 | CARAVILLA RESIDENTIAL CTR | First | |
| REL7 | QQ95 | Memphis (Direct) | EQUITY | |
| REL10 | QY18 | KKP-LB Pacific II | EQUITY | |
| REO125 | WE283 | LB 2080 Kalakaua LLC | REO | |
| | TN18 | Clocktower Place II | Second | |
| | TY57 | CARBONDALE NURSING HOME | First | |
| | QY89 | Wilton Partners | REO | 12/22/00 |
| | QY89W | Wilton Partners Credit Facility | REO | 12/22/00 |
| REL19 | RG19 | LB Westbury I Inc | EQUITY | |
| REL17 | QY82 | LB Exchange Park II | EQUITY | |
| | TN25 | Jeffrey Apts | Second | |
| REL22 | RA06 | Tulsa - LW LP (Direct) | EQUITY | |
| | SR97 | LB GWINNETT LLC | REO | 12/5/00 |
| REL24 | RT99 | Sarasota LW-LP (Direct) | EQUITY | |
| | RE85 | Inn at Lost Creek | First | |
| RELP9 | RF86 | PAMI Newark Inc (744 Broad) | EQUITY | |
| | TP67 | LB 1200 MAIN PARTNER LLC | REO | 2/25/03 |
| | RG11 | W/J RANCH | First | |
| | RH00 | Park Central | First | |
| REL52 | RI01, RP49, RI | Park Avenue | EQUITY | |
| | TI94 | LB West Bay Development LLC | REO | 8/2/02 |
| | TB85 | Pikes Peak Speedway | REO | 11/21/01 |
| | RH92 | King Kalakaua Owners | First | |
| RELP380 | TK26 | West Michigan Industrial Investors LLC | EQUITY | |
| RELP15 | RK06 | PAMI Raymond Inc(1180 Raymond) | EQUITY | |
| | TB92 | LB Raleigh Hotel LLC | REO | 2/28/03 |
| | QY47 | WESTBURY | Second | |
| | RN99 | Perry Brooks Office Building | First | |
| RELP23 | RP56 | PAMI East 9th St (Equity) | EQUITY | |
| | TC75 | LB CHAPEL SQUARE LLC | REO | 12/7/01 |
| | RP80 | One Main Place | First | |
| | RP80B | One Main Place - B | Second | |
| | SL68 | PAMI FL3 Inc. | REO | 7/30/04 |
| | SL72 | PAMI FL7 Inc. | REO | 7/30/04 |
| REL50 | RQ37 | LB Desjardins II | EQUITY | |
| | TW25 | LB Dulles Acquisition LLC | REO | 11/12/03 |
| REL56 | RS69 | LB Hayward II Inc | EQUITY | |
| | TA20 | LB BELL ATLANTIC LLC | REO | 11/19/01 |

FOIA CONFIDENTIAL TREATMENT REQUESTED
BY LEHMAN BROTHERS HOLDINGS INC.

LBEX-DOCID 587401

| | | | | |
|---|---|---|---|---|
| REL55A | SM04 | LB/L - Lakeside Capital Partners | EQUITY | |
| | RS05 | Banker's Building | First | |
| | TD99 | RADISSON HOTEL-ACAPULCO | First | |
| RELP26 | RR92 | LB Acapulco Inc | EQUITY | |
| RELP014 | TH03 | Orchard Corporate Ctr LLC | EQUITY | |
| RELP179 | TF04 | Victor Parkway Associates | EQUITY | |
| RELP35 | RU87 | PAMI 5-7 EAST 17TH STREET INC | EQUITY | |
| RELP34 | RW17 | PAMI Tower Clubs Inc | EQUITY | |
| | RW24 | TROON/LEGACY GOLF CLUB | Second | |
| | TI95 | LB Chenoa Development LLC | REO | 8/2/02 |
| | RW97 | The Martha Washington | First | |
| | TF94 | LB HILLS GOLF LLC | REO | 4/26/02 |
| | RX32 | Kojaian - Shelby | First | |
| | TD83 | River Sound Development LLC | REO | 1/25/02 |
| | TY56 | JED PROUTY HEALTH CENTER | First | |
| | TE47 | LB Silver Creek LLC | REO | 2/22/02 |
| RELP381 | TK25 | New West Michigan Industrial Investors LLC | EQUITY | |
| RELP382 | TK24 | Southwest Michigan Industrial Investors LLC | EQUITY | |
| RELP46 | RZ86 | PAMI PCC I/Belmont Equity | EQUITY | |
| | TN26 | Michigan Beach Apts | Second | |
| | SW97 | LB Eastwood Mall | REO | 3/22/01 |
| REL55H | SL99 | LB/L - RBF Master LLC | EQUITY | |
| RELP049 | RZ43 | 271 Church Street | EQUITY | |
| | SA00 | Grumman/Great River | First | |
| RELP32 | RV65 | PAMI NEW YORK I INC(Rosie LLC) | EQUITY | |
| RELP52 | TI43 | PAMI Eastland Inc | EQUITY | |
| | VC78 | Fairfield Inn Piedmont | First | |
| RELP39 | RZ06 | PAMI OTAY 6 Inc. | EQUITY | |
| | SM08 | Wilton Harrisburg LLC | REO | 12/22/00 |
| REL55F | SM00 | LB/L - EPAC Master LLC | EQUITY | |
| | TN19 | Cigar Factory Apts | Second | |
| RELP83 | SB02 | PAMI Worldport Inc. | EQUITY | |
| | TP68 | LB FALL CREEK PARTNER LLC | REO | 2/25/03 |
| | TJ44 | LB Flamingo Island LLC | REO | 8/7/02 |
| RELP85 | SB17 | PAMI BNT Inc. | EQUITY | |
| REL55C | SM03 | LB/L - DS Ventures Master LLC | EQUITY | |
| | TM42 | LB Astrodomain LLC | REO | 11/5/02 |
| REL47 | RG85 | LB DESILVA | EQUITY | |
| | TI71 | Memphis Mall Holdings LLC | REO | 8/6/02 |
| RELP98 | SE04 | LB PAC Plaza Inc | EQUITY | |
| | SR43 | LB Rose Ranch LLC | REO | 10/13/00 |
| RELP95 | SD66 | LB Aviation Inc. | EQUITY | |
| REL55L | SL94 | LB/L - Suncal II Master LLC | EQUITY | |
| | TJ94 | LB LINCOLN MALL HOLDINGS LLC | REO | 9/3/02 |
| RELP097 | SD69 | LB Bascom Portfolio II LLC | EQUITY | |
| | SD42 | Laval Land | First | |
| | TR16 | LB Town Center LLC | REO | 5/28/03 |
| RELP101 | SE97 | LB Renar LPGA Inc | EQUITY | |
| REL55G | SL98 | LB/L - Pacer Master LLC | EQUITY | |
| RELP121 | SF35 | PCCP-ROSEVILLE/FIDDYMENT | EQUITY | |
| RELP112 | SF09 | LB Bahamas Inc. | EQUITY | |
| | SF77 | Holiday Inn - Sunspree (Fun Club) | First | |
| | SF78 | Holiday Inn - Nassau | First | |
| RELP119 | SJ12 | LB Vendome Inc. & LP Inc. | EQUITY | |
| RELP115 | SG61 | LB Autumnwood Inc. & Direct | EQUITY | |

FOIA CONFIDENTIAL TREATMENT REQUESTED
BY LEHMAN BROTHERS HOLDINGS INC.

LBEX-DOCID 587401

# EXHIBIT P

HOME PAGE | TODAY'S PAPER | VIDEO | MOST POPULAR | TIMES TOPICS    Get Home Delivery-Bay Area    Log In    Register Now    TimesPeople

The New York Times    **Business**    Search All NYTimes.com [Go]    ING DIRECT

WORLD    U.S.    N.Y. / REGION    BUSINESS    TECHNOLOGY    SCIENCE    HEALTH    SPORTS    OPINION    ARTS    STYLE    TRAVEL    JOBS    REAL ESTATE
AUTOS

Search    Global    DealBook    Markets    Economy    Energy    Media    Personal Tech    Small Business    Your Money

Awesome Penny Stocks.com
Where We Send You The Best Picks!
CLICK HERE TO LEARN MORE

1000% PENNY STOCKS?
Join Our Free Newsletter & Get
The Best Penny Stock Picks!

# Lehman Channeled Risks Through 'Alter Ego' Firm

By LOUISE STORY and ERIC DASH
Published: April 12, 2010

It was like a hidden passage on Wall Street, a secret channel that enabled billions of dollars to flow through Lehman Brothers.

RECOMMEND

TWITTER

SIGN IN TO
E-MAIL

PRINT

SINGLE PAGE

REPRINTS

SHARE



Enlarge This Image

Patrick Andrade for The New York Times
Lehman Brothers' headquarters in Midtown Manhattan in 2008. It is now the offices of Barclays Capital.

**Multimedia**



Graphic
Playing Many Sides of a Deal

🔊 The Takeaway With Louise Story

**Related**

Lehman Brothers Memo (pdf)
Times Topic: Lehman Brothers Holdings Inc.

In the years before its collapse, Lehman used a small company — its "alter ego," in the words of a former Lehman trader — to shift investments off its books.

The firm, called Hudson Castle, played a crucial, behind-the-scenes role at Lehman, according to an internal Lehman document and interviews with former employees. The relationship raises new questions about the extent to which Lehman obscured its financial condition before it plunged into bankruptcy.

While Hudson Castle appeared to be an independent business, it was deeply entwined with Lehman. For years, its board was controlled by Lehman, which owned a quarter of the firm. It was also stocked with former Lehman employees.

None of this was disclosed by Lehman, however.

Entities like Hudson Castle are part of a vast financial system that operates in the shadows of Wall Street, largely beyond the reach of banking regulators. These entities enable banks to exchange investments for cash to finance their operations and, at times, make their finances look stronger than they are.


127 HOURS
NOW PLAYING

Critics say that such deals helped Lehman and other banks temporarily transfer their exposure to the risky investments tied to subprime mortgages and commercial real estate. Even now, a year and a half after Lehman's collapse, major banks still undertake such transactions with businesses whose names, like Hudson Castle's, are rarely mentioned outside of footnotes in financial statements, if at all.

The Securities and Exchange Commission is examining various creative borrowing tactics used by some 20 financial companies. A Congressional panel investigating the financial crisis also plans to examine such deals at a hearing in May to focus on Lehman and Bear Stearns, according to two people knowledgeable about the panel's plans.

Most of these deals are legal. But certain Lehman transactions crossed the line, according

Log in to see what your friends    Log In With Facebook

to the account of the bank's demise prepared by an examiner of the bank. Hudson Castle was not mentioned in that report, released last month, which concluded that some of Lehman's bookkeeping was "materially misleading." The report did not say that Hudson was involved in the misleading accounting.

At several points, Lehman did transactions greater than $1 billion with Hudson vehicles, but it is unclear how much money was involved since 2001.

Still, accounting experts say the shadow financial system needs some sunlight.

"How can anyone — regulators, investors or anyone — understand what's in these financial statements if they have to dig 15 layers deep to find these kinds of interlocking relationships and these kinds of transactions?" said Francine McKenna, an accounting consultant who has examined the financial crisis on her blog, re: The Auditors. "Everybody's talking about preventing the next crisis, but they can't prevent the next crisis if they don't understand all these incestuous relationships."

The story of Lehman and Hudson Castle begins in 2001, when the housing bubble was just starting to inflate. That year, Lehman spent $7 million to buy into a small financial company, IBEX Capital Markets, which later became Hudson Castle.

From the start, Hudson Castle lived in Lehman's shadow. According to a 2001 memorandum given to The New York Times, as well as interviews with seven former employees at Lehman and Hudson Castle, Lehman exerted an unusual level of control over the firm. Lehman, the memorandum said, would serve "as the internal and external 'gatekeeper' for all business activities conducted by the firm."

The deal was proposed by Kyle Miller, who worked at Lehman. In the memorandum, Mr. Miller wrote that Lehman's investment in Hudson Castle would give the bank and its clients access to financing while preventing "headline risk" if any of its deals went south. It would also reduce Lehman's "moral obligation" to support its off-balance sheet vehicles, he wrote. The arrangement would maximize Lehman's control over Hudson Castle "without jeopardizing the off-balance sheet accounting treatment."

Mr. Miller became president of Hudson Castle and brought several Lehman employees with him. Through a Hudson Castle spokesman, Mr. Miller declined a request for an interview.

The spokesman did not dispute the 2001 memorandum but said the relationship with Lehman had evolved. After 2004, "all funding decisions at Hudson Castle were solely made by the management team and neither the board of directors nor Lehman Brothers participated in or influenced those decisions in any way," he said, adding that Lehman was only a tenth of Hudson's revenue.

Still, Lehman never told its shareholders about the arrangement. Nor did Moody's choose to mention it in its credit ratings reports on Hudson Castle's vehicles. Former Lehman workers, who spoke on the condition that they not be named because of confidentiality agreements with the bank, offered conflicting accounts of the bank's relationship with Hudson Castle.

One said Lehman bought into Hudson Castle to compete with the big commercial banks like Citigroup, which had a greater ability to lend to corporate clients. "There were no bad intentions around any of this stuff," this person said.

1    2    [ NEXT PAGE » ]

*This article has been revised to reflect the following correction:*

*Correction: April 14, 2010*

*An article on Tuesday about Lehman Brothers' relationship with a smaller company, Hudson Castle, referred incorrectly to the status of a California property developer, SunCal, which had joint investments with Lehman. SunCal's and Lehman's investments*

HOME PAGE | TODAY'S PAPER | VIDEO | MOST POPULAR | TIMES TOPICS

Get Home Delivery-Bay Area | Log In | Register Now | TimesPeople

Search All NYTimes.com    ING DIRECT

The New York Times

# Business

WORLD   U.S.   N.Y. / REGION   BUSINESS   TECHNOLOGY   SCIENCE   HEALTH   SPORTS   OPINION   ARTS   STYLE   TRAVEL   JOBS   REAL ESTATE
AUTOS

Search   Global   DealBook   Markets   Economy   Energy   Media   Personal Tech   Small Business   Your Money


Awesome Penny Stocks.com
Where We Send You The Best Picks!
CLICK HERE TO LEARN MORE

1000% PENNY STOCKS!
Join Our Free Newsletter & Get
The Best Penny Stock Picks!

## Lehman Channeled Risks Through 'Alter Ego' Firm

Published: April 12, 2010

(Page 2 of 2)

RECOMMEND
TWITTER
SIGN IN TO
E-MAIL
PRINT
SINGLE PAGE
REPRINTS
SHARE

But another former employee said he was leery of the arrangement from the start. "Lehman wanted to have a company it controlled, but to the outside world be able to act like it was arm's length," this person said.

Typically, companies are required to disclose only material investments or purchases of public companies. Hudson Castle was neither.

Nonetheless, Hudson Castle was central to some Lehman deals up until the bank collapsed.

**Multimedia**



COMMERCIAL PAPER
Lehman Brothers
CASH
Graphic
Playing Many Sides of a Deal

◀ The Takeaway With Louise Story

**Related**

Lehman Brothers Memo (pdf)

Times Topic: Lehman Brothers Holdings Inc.

"This should have been disclosed, given how critical this relationship was," said Elizabeth Nowicki, a professor at Boston University and a former lawyer at the S.E.C. "Part of the problems with all these bank failures is there were a lot of secondary actors — there were lawyers, accountants, and here you have a secondary company that was helping conceal the true state of Lehman."

Until 2004, Hudson had an agreement with Lehman that blocked it from working with the investment bank's competitors, but in 2004, that deal ended, and Lehman reduced its number of board seats to one, from five, according to two people with direct knowledge of the situation and an internal Hudson Castle document. Lehman remained Hudson's largest shareholder, and its management remained close to important Lehman officials.

Hudson Castle created at least four separate legal entities to borrow money in the markets by issuing short-term i.o.u.'s to investors. It then used that money to make loans to Lehman and other financial companies, often via repurchase agreements, or repos. In repos, banks typically sell assets and promise to buy them back at a set price in the future.

One of the vehicles that Hudson Castle created was called Fenway, which was often used to lend to Lehman, including in the summer of 2008, as the investment bank foundered. Because of that relationship, Hudson Castle is now the second-largest creditor in the Lehman Estate, after JPMorgan Chase. Hudson Castle, which is still in business, doing

Log in to see what your friends are sharing on nytimes.com. Privacy Policy | What's This?

Log In With Facebook

**What's Popular Now**


From WikiChina


Freezing Out Hope

similar work for other banks, bought out Lehman's stake last year. The firm's spokesman
said Hudson operated independently in the Fenway deal in the summer of 2008.

Hudson Castle might have walked away earlier if not for Fenway's ties to Lehman. Lehman
itself bought $3 billion of Fenway notes just before its bankruptcy that, in turn, were used
to back a loan from Fenway to a Lehman subsidiary. The loan was secured by part of
Lehman's investments with a California property developer, SunCal, and those
investments also collapsed. At the time, other lenders were already growing uneasy about
dealing with Lehman.

Further complicating the arrangement, Lehman later pledged those Fenway notes to
JPMorgan as collateral for still other loans as Lehman began to founder. When JPMorgan
realized the circular relationship, "JPMorgan concluded that Fenway was worth practically
nothing," according the report prepared by the court examiner of Lehman.

« PREVIOUS PAGE    1 | 2

*This article has been revised to reflect the following correction:*

*Correction: April 14, 2010*

*An article on Tuesday about Lehman Brothers' relationship with a smaller company,
Hudson Castle, referred incorrectly to the status of a California property developer,
SunCal, which had joint investments with Lehman. SunCal's and Lehman's investments
collapsed; SunCal itself did not.*

A version of this article appeared in print on April 13, 2010, on page A1
of the New York edition.

 The Times & the Bay Area - now at 50% off when you
subscribe for the convenience of home delivery.

SIGN IN TO
E-MAIL

PRINT

SINGLE PAGE

REPRINTS

what's this?

Ads by Google

**Investment Bank Bootcamp**
4-Wk San Fran I-Bank & PE Valuation
Training by Sr Bankers $217 Billion
www.ibtraining.com

**Past Coverage**

Judge Rules for Lehman in Sale Case (April 9, 2010)
HIGH & LOW FINANCE; Demystify The Lehman Shell Game (April 2, 2010)
BREAKING VIEWS; Hiding Money With Global Rules (March 17, 2010)
DEALBOOK COLUMN; At Lehman, Watchdogs Saw It All (March 16, 2010)

**Related Searches**

| | |
|---|---|
| Lehman Brothers Holdings Inc | Get E-Mail Alerts |
| Subprime Mortgage Crisis | Get E-Mail Alerts |
| Banks and Banking | Get E-Mail Alerts |
| Regulation and Deregulation of Industry | Get E-Mail Alerts |

1. The New Poor: Unemployed, and Likely to Stay That Way
2. Your Money: A Dying Banker's Last Instructions
3. Obesity Surgery May Become Option for Many More
4. F.T.C. Backs Plan to Honor Privacy of Online Users
5. Cross Section of Rich Invested With the Fed
6. A Bully Finds a Pulpit on the Web
7. Fed Documents Breadth of Emergency Measures
8. DealBook: Managing Risk for JPMorgan, and Blindness
9. Disappointing Job Growth in U.S. as Jobless Rate Hits 9.8%
10. Economix: Delayed Childrearing, More Stressful Lives

Go to Complete List »

12/3/2010 11:28 A

Dow Jones Reprints: This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers, use the Order Reprints tool at the bottom of any article or visit www.djreprints.com

See a sample reprint in PDF format.        Order a reprint of this article now

Need a Real Sponsor here

BUSINESS  |  SEPTEMBER 22, 2008

# Outcry Grows Over Transfer of U.K. Funds by Lehman

By CARRICK MOLLENKAMP, JEFFREY MCCRACKEN and JOELLEN PERRY

The fate of Lehman Brothers Holdings Inc.'s operations remains clouded by controversy despite the approval by a U.S. bankruptcy judge of the sale of the securities firm's U.S. operations to Britain's Barclays PLC.

Even as the Barclays sale was approved Saturday, more Lehman clients, employees and others have objected, claiming they are owed money or assets.

At issue is how Lehman transferred corporate funds and client assets from its European operations when the parent firm in New York filed for bankruptcy and later agreed to sell its U.S. brokerage and investment-banking operations to Barclays.

### The Fall of Lehman

Lehman Brothers promoted its 'one firm' culture but the parent firm's bankruptcy proceedings have turned the company into a house divided.

Lehman Brothers Holdings Inc.

U.S.                    Europe

 

Headquarters in New York City    Canary Wharf offices in London

■ **Lehman Brothers Holdings Inc.,** parent firm
**Current status:** Chapter 11 bankruptcy proceedings.

■ **Lehman Brothers Inc.,** main U.S. broker-dealer
**Current status:** Pending sale of assets to Barclays PLC.

■ **Lehman Brothers International (Europe),** London-based main European broker-dealer
**Current status:** Filed for insolvency proceedings, seeking repayment of $8 billion from U.S. operations, pursuing sale to save jobs.

Sources: the company; court documents

Meantime, Lehman bankers in London late Sunday were considering selling all or parts of the European operations to Nomura Holdings Inc., the Japanese investment bank, or Barclays. A sale to Nomura was a leading option Sunday but any deal could come undone.

One goal in finding a buyer was preserving thousands of jobs that appeared to be in jeopardy after the European unit filed for insolvency proceedings a week ago.

In a packed courtroom Saturday, a U.S. bankruptcy judge in New York approved the U.S. sale to Barclays following an eight-hour hearing where creditors and others opposed the sale. One of their objections was Lehman's internal transfer of funding out of London.

Lehman moved more than $8 billion between Lehman's European headquarters in London and New York, where Lehman collects money from its global units and then disperses it daily.



GORDON BROWN

On the Friday before Lehman filed for bankruptcy, Lehman's London office was surprised to find that billions of dollars it expected in its accounts weren't there, according to a person familiar with the situation. Lehman's London insolvency administrator PricewaterhouseCoopers is seeking to have it repaid.

The issue took on political momentum over the weekend when U.K. Prime Minister Gordon Brown said he is working with U.S. authorities to get billions of dollars returned to the London unit.

"We are asking and working with the American government to get that money back to pay salaries, not of highflying financiers, but of cleaners and people who are computer operators who would otherwise be denied their money," Mr. Brown said while attending his Labour Party's annual conference in Manchester.

### Broad Problems

Problems could extend throughout Europe. Among other fund-raising efforts, Lehman's German unit, Lehman Brothers Bankhaus AG, swapped assets for funding from the European Central Bank. That could leave the central bank holding assets and unable to obtain money from the Lehman unit to cover a decline in the value of the assets, people familiar with the matter said.

That could pose a problem for the ECB, which might need to take a loss on its books at year end if the assets' values were marked down. Lehman assets are also no longer eligible as collateral for the ECB's funding operations since the bank filed for bankruptcy.

While a large bank with offices around the world would be expected to transfer money among its operations, Lehman's moves appear to go beyond that, people familiar with the matter said.

The bankruptcy judge hearing Lehman's case in New York decided Saturday that questions about the transfer of funds shouldn't delay the sale to Barclays. Judge James Peck said that rejecting the sale "could prove to be truly disastrous" because of the jobs and customer accounts at stake.

The events inside his packed courtroom on the sixth floor of the federal courthouse in Manhattan -- with the crowd spilling into the hallway -- were "significant to the markets, to the U.S. economy and to the global economy," Judge Peck said.

## 'We Should Be Safe'

Since money isn't being transferred to Barclays, if any transfers were inappropriate, they could be addressed later, he ruled. "In practical terms, we should be safe."

In a sign of how quickly Lehman's business was changing, Lehman operating chief Herbert "Bart" H. McDade III said in court that at the time the deal was reached with Barclays, Lehman's broker-dealer business had $1.3 billion in cash, $700 million of which would have gone to Barclays. Now, there is virtually no cash left, Lehman lawyers said, after the Chicago Mercantile Exchange Thursday unilaterally closed Lehman's trading positions on the exchange.

The retirement fund for Lehman's employees in the U.K. also is lining up to object. Lehman's administrators in London have applied to the U.K.'s Pension Protection Fund. That fund will examine the pension plan and see if it is eligible for compensation. The filing is typical, and the protection fund is expected to analyze whether there are insufficient amounts to cover the pension plan's liabilities.

## GLG's Claims

Among clients claiming in court filings that cash may have been improperly moved between the London and U.S. units is London hedge fund GLG Partners LP, which alleged in court papers that assets "may have been misappropriated."

In its filing, GLG, one of Europe's biggest hedge funds, said Lehman's London unit has been its prime broker in recent years and that GLG holds significant claims against Lehman's European operations. Lehman also owns a stake in GLG.

## 'May Require Investigation'

PricewaterhouseCoopers LLP, which is overseeing the insolvency proceedings of Lehman's main European unit -- Lehman Brothers International (Europe), or LBIE -- says in court filings that an early inquiry into Lehman's operations has revealed "substantial transfers of securities out of LBIE which merit close investigation."

The firm said it has "identified more than $8 billion in such funds that are due to LBIE but that
LBIE does not hold. As the investigation progresses, it is quite possible the joint administrators will
discover further transfers that may require investigation," according to the
PricewaterhouseCoopers court filing.

Lehman's Mr. McDade said he had seen internal Lehman financial documents regarding
intercompany transfers from Europe of $8 billion.

Mr. McDade declined to comment during a break from the hearings.

PricewaterhouseCoopers is looking at whether Lehman's movement of hedge-fund-client money
owed to Lehman's London unit was proper.

Typically, Lehman would transfer hedge-fund clients' securities out of its main European unit,
LBIE, to its U.S. broker-dealer, then to a Lehman unit in Luxembourg, and then to a new prime
broker. Then, Lehman U.S. would send funds tied to the original securities back to London.

Just before Lehman filed for bankruptcy, however, securities left London but the money tied to
them was never returned to the London office, says PricewaterhouseCoopers.

—Dana Cimilluca and David Crawford contributed to this article.

**Write to** Carrick Mollenkamp at carrick.mollenkamp@wsj.com, Jeffrey McCracken at
jeff.mccracken@wsj.com and Joellen Perry at joellen.perry@wsj.com

Copyright 2008 Dow Jones & Company, Inc. All Rights Reserved
This copy is for your personal, non-commercial use only. Distribution and use of this material are governed by our Subscriber
Agreement and by copyright law. For non-personal use or to order multiple copies, please contact Dow Jones Reprints at
1-800-843-0008 or visit
www.djreprints.com