HEARING DATE AND TIME: June 2, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: May 18, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF DEBTORS' ONE HUNDRED TWENTY FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MICHAEL A. ROLLIN, AT (303) 893-6100.**

---

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue

New York, New York 10153

Telephone: (212) 310-8000

Facsimile: (212) 310-8007

Robert J. Lemons

REILLY POZNER LLP

1900 16th Street, Suite 1700

Denver, Colorado 80202

Telephone: (303) 893-6100

Facsimile: (303) 893-6110

Michael A. Rollin

Attorneys for Debtors

and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED TWENTY FIFTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION)

   **PLEASE TAKE NOTICE** that on April 15, 2011, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their one hundred twenty fifth omnibus objection to claims (the "Debtors' One Hundred Twenty Fifth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred Twenty Fifth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on June 2, 2011, at 10:00 a.m. (**Eastern Time**), or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses to the Debtors' One Hundred Twenty Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.) and Reilly Pozner LLP, 1900 16th Street, Suite 1700, Denver, Colorado 80202 (Attn: Michael Rollin, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for

the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **May 18, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and served with respect to the Debtors' One Hundred Twenty Fifth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Twenty Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: April 15, 2011
     New York, New York

<div style="margin-left:40%">

/s/ Robert J. Lemons
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

/s/ Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Debtors
and Debtors in Possession
</div>

**HEARING DATE AND TIME: June 2, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: May 18, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Shai Y. Waisman

REILLY POZNER LLP

1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | |
|---|---|
| **In re** | : **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : **08-13555 (JMP)** |
| | : |
| **Debtors.** | : **(Jointly Administered)** |

----------------------------------------------------------------x

**DEBTORS' ONE HUNDRED TWENTY FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF DEBTORS' ONE HUNDRED TWENTY FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MICHAEL A. ROLLIN, AT (303) 893-6100.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### Preliminary Statement

1.    The Debtors file this one hundred twenty fifth omnibus objection to claims (the "One Hundred Twenty Fifth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's Order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2.    The claims subject to this objection generally assert claims for damages sustained by claimant due to defects in residential mortgage loans acquired by the claimant from a Debtor. Evaluation of these types of claims is document intensive and requires a detailed review of among other things, documentation identifying each of the subject loans and the alleged defect, the relevant agreements pursuant to which each loan was sold by a Debtor, and calculations of the damages sustained by the claimant.  The claims subject to this One Hundred Twenty Fifth Omnibus Objection to Claims do not include documentation that enables the Debtors to evaluate the claims.  The Debtors have contacted the claimant and requested specific information.  To date, the claimant has not provided sufficient information or documentation that support its claims, thus Debtors are not able to assess the validity of its claims.

3.      The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "Insufficient Documentation Claims") and have determined that the Insufficient Documentation Claims violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as they were submitted without sufficient supporting documentation or an explanation as to why such documentation was unavailable.  Therefore, the Insufficient Documentation Claims do not constitute valid *prima facie* claims, and the Debtors request they be disallowed and expunged in their entirety.

4.      The Debtors reserve all their rights to object on any other basis to any of the Insufficient Documentation Claims as to which the Court does not grant the relief requested herein.

## Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

6.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On September 17, 2008, the United States Trustee for Region 2 (the

"U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

8.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

9.     On July 2, 2009, this Court entered the Bar Date Order, which requires, among other things, that "each Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available . . . ."  (Bar Date Ord. at 6.) Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ."  (Id. at 9-10.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

10.     Claimants received notice of the Bar Date Order via mail and as posted on the docket.  (See Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").)  In the Bar Date Notice, which was also published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, claimants were specifically instructed that, "[i]f you file a Proof of Claim, your filed Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available . . . ."  (Bar Date Notice at 4.)  The Bar Date Notice also prominently stated in bold-

face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date

Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set

forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the

Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from

filing a Proof of Claim with respect to such claim) . . . ."  (Id. at 6.)

11.     On January 14, 2010, the Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file omnibus objections to no more than 500

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.

### The Insufficient Documentation Claims Should Be Disallowed and Expunged

12.     In reviewing the claims filed on the claims register in these cases and

maintained by the Court-appointed claims agent, the Debtors have identified the claims on

Exhibit A as claims that should be disallowed and expunged on the basis that they do not

include sufficient documentation supporting the existence of a debt or an explanation as to

why such documentation is unavailable and, therefore, do not constitute valid *prima facie*

claims.

13.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.     The Bar Date Order specifically requires that "each Proof of Claim must:

. . . (vi) include supporting documentation or an explanation as to why documentation is not available . . . ."  (Bar Date Ord. at 6 (emphasis added).)  This requirement for proofs of claim is not a unique one.  Indeed, this Court and others in the Southern District of New York have entered similar orders requiring that proofs of claim include supporting documentation or an explanation as to why documentation is unavailable.  (See Oct. 20, 2009 Ord. [Dkt. No. 316] at 6, *In re Finlay Enterprises, Inc.*, No. 09-14873 (JMP) (Peck, J.); see also Oct. 14, 2009 Ord. at 2-3, *In re AGT Crunch Acquisition LLC, et al*., No. 09-12889 (REG) (Gerber, J.).)

15.    The claimant subject to this objection was specifically provided notice of these requirements in the Bar Date Notice, which included instructions on how to complete their proof of claim forms and a warning that failure to comply with those instructions would result in their claims being barred.  (See Bar Date Notice at 4, 6.)  Nevertheless, the claimant failed to attach documentation supporting the validity of its claims or an explanation as to why such documentation is unavailable.

16.    For a proof of claim to be legally sufficient, it must:  (a) "be in writing;" (b) "make a demand upon the debtor's estate;" (c) "express the intent to hold the debtor liable for the debt;" (d) "be properly filed;" and (e) "be based upon facts [that] would allow, as a matter of equity . . . the document [to be] accepted as a proof of claim."  *First Nat'l Bank of Fayetteville, Ark. v. Circle J. Dairy, Inc. (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 299-300 (Bankr. W.D. Ark. 1990).  The burden of persuasion is on the holder of the Insufficient Documentation Claims to establish a valid claim against the Debtors, and it has not, and cannot, meet that burden.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 174 (3d Cir. 1992).  If a claim fails to comply with each of the foregoing requirements, it is not entitled to prima facie validity under Bankruptcy Rule 3001. *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R.

222, 226 (9th Cir. BAP 1995), aff'd, 91 F.3d 151 (9th Cir. 1996).

17.    The Insufficient Documentation Claims contain insufficient factual support on which this Court could reasonably rely to accept the proof of claim as *prima facie* valid.  Furthermore, by comparing the information contained on the Insufficient Documentation Claims with the Debtors' schedules (including using combinations of the creditor's name and address, common abbreviations, and d/b/a and f/k/a information), the Debtors have confirmed that the Debtors' schedules do not reflect claims or amounts for the claimant holding Insufficient Documentation Claims.  Because the Insufficient Documentation Claims are not sufficiently substantiated, no *prima facie* validity attaches to such claims.

### The Insufficient Documentation Claims

18.    The Insufficient Documentation Claims allegedly arise from the Debtors' participation in the secondary residential mortgage market and securitization of pools of residential mortgage loans. The gravamen of those claims is that certain mortgage loans were defective in some respect, for example, they allegedly did not satisfy underwriting guidelines, were procured as a result of borrower misrepresentations, or were in default because of non-payment by borrowers, and that the Debtors are allegedly obligated to indemnify such claimants for losses resulting from such mortgage loans.

19.    Determining the validity of these claims requires, at a minimum: (i) the identification of each of the subject loans, (ii) an analysis of the alleged defect for each loan, (iii) a review of the relevant agreement pursuant to which each loan was sold by a Debtor and a determination whether the alleged defect is actionable under the applicable agreement or other law, (iv) the identification and quantification of the harm that resulted from the alleged defect and (v) a review of the efforts of a claimant has made to mitigate its damages.  The

requirements of Bankruptcy Rule 3001(c) and the Bar Date Order to provide supporting documentation is particularly important in connection with residential mortgage loan-related claims, as the evaluation of such claims necessarily involves scrutiny of the loan files, underwriting guidelines, and other records bearing on the validity of the claim.  Even assuming that the alleged loan defects exist in certain loans, the Debtors may not be liable for damages incurred by the claimant because with respect to many of the transactions referenced in the Insufficient Documentation Claims, the Debtors made only limited representations and warranties.  Consequently, in order to determine the extent of the Debtors' liability arising from a particular transaction, the claimant must at least supply the Debtors with sufficient loan-level information to identify the party that made the representations and warranties upon which the related claims are based.

20.    Notwithstanding the claimant's broad assertions that the Debtors are liable for their damages resulting from selling or securitizing certain defective mortgage loans, the proofs of claim at issue here contain little if any information and/or documentation indicating that they have performed analyses sufficient to reach such a conclusion or to give the Debtors any opportunity to do so themselves.

21.    The Debtors have, on more than one occasion, contacted the claimants that filed the Insufficient Documentation Claims at the address included on the proof of claim and requested specific information that is necessary to begin to evaluate the validity of such claims. See *Declaration of Keri Reed in Support of Debtors' One Hundred Ninth Omnibus Objections to Claims (Insufficient Documentation)*.  Despite the Debtor's requests for information supporting the Insufficient Documentation Claims, to date, the claimant has not provided sufficient information to the Debtors to enable the Debtors to determine the validity of its claims.

22.     Because the Insufficient Documentation Claims fail to comply with the Bar Date Order's specific direction that claims include supporting documentation or an explanation as to why such documentation is unavailable, and they do not provide enough information to permit Debtors to determine the validity of the claims, the Insufficient Documentation Claims do not constitute valid *prima facie* claim.  Therefore, the Debtors request that the Court disallow and expunge in their entirety the Insufficient Documentation Claims listed on Exhibit A.

### Notice

23.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for Region 2; (vi) attorneys for claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Lehman Parties submit that no other or further notice need be provided.

24. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 15, 2011
     New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

/s/ Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Debtors
and Debtors in Possession

EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 125: EXHIBIT A – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | WILMINGTON TRUST COMPANY AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, 2005-4XS C/O ERWIN M. SORIANO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19890-0001 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20420 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 2 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, 2005-4XS C/O ERWIN M. SORIANO., RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21103 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 3 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-14 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21104 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 125: EXHIBIT A – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 4 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-14 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21105 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 5 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-6 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21106 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 6 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2005-6 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21107 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 125: EXHIBIT A – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 7 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2004-20 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21108 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 8 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, SERIES 2004-20 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21109 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 9 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, 2004-19XS C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21110 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 125: EXHIBIT A – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, 2004-19XS C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21111 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 11 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, 2004-11XS C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21112 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 12 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, 2004-11XS C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21113 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 125: EXHIBIT A – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 13 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, 2004-9XS C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21114 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 14 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, 2004-9XS C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21115 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 15 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, 2004-7 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21116 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 125: EXHIBIT A – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 16 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET SECURITIES CORPORATION, 2004-7 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21117 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 17 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET INVESTMENT LOAN TRUST, SERIES 2005-1 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21118 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 18 | WILMINGTON TRUST COMPANY, AS TRUSTEE STRUCTURED ASSET INVESTMENT LOAN TRUST, SERIES 2005-1 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21119 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 125: EXHIBIT A – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 19 | WILMINGTON TRUST COMPANY, AS TRUSTEE LEHMAN XS TRUST, SERIES 2005-3 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21132 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 20 | WILMINGTON TRUST COMPANY, AS TRUSTEE LEHMAN XS TRUST, SERIES 2005-3 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21133 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 21 | WILMINGTON TRUST COMPANY, AS TRUSTEE LEHMAN XS TRUST, SERIES 2003-1 C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21134 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| 22 | WILMINGTON TRUST COMPANY, AS TRUSTEE C/O DORRI COSTELLO RODNEY SQ. NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21135 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |

**IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 125: EXHIBIT A – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 23 | WILMINGTON TRUST COMPANY, AS TRUSTEE C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/21/2009 | 21136 | Undetermined | INSUFFICIENT DOCUMENTATION CLAIM |
| | | | | | TOTAL | Undetermined | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                         :
                      **Debtors.**                       :        **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED TWENTY FIFTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the one hundred twenty fifth omnibus objection to claims, dated April 15, 2011 (the "One Hundred Twenty Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), to disallow and expunge the Insufficient Documentation Claims on the grounds that such claims failed to comply with the Bar Date Order's specific direction that claims include supporting documentation or an explanation as to why such documentation is unavailable, and, therefore, do not constitute valid *prima facie* claims, all as more fully described in the One Hundred Twenty Fifth Omnibus Objection to Claims; and due and proper notice of the One Hundred Twenty Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Twenty Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Twenty Fifth Omnibus Objection to Claims.

Twenty Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Twenty Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

Insufficient Documentation Claims are disallowed and expunged with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the

Insufficient Documentation Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE