# EXHIBIT B

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000066462 |
| Name of Debtor Against Which Claim is Held<br>**Lehman Brothers Holdings Inc.** | Case No. of Debtor<br>**08-13555** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Program Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

| | |
|---|---|
| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>JPMorgan Chase Bank, N.A.<br>245 Park Avenue, 12th Floor<br>New York, NY  10167<br>Attention:  Kevin C. Kelley, Esq.<br><br>Telephone number: 212-648-0427    Email Address: kevin.c.kelley@chase.com | ☑ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** 27198<br>*(If known)*<br><br>Filed on: 9/22/09 |
| Name and address where payment should be sent (if different from above)<br><br>N/A<br><br><br>Telephone number:            Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $ <u>See attached Annex.</u><br>If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br>If all or part of your claim is entitled to priority, complete Item 5.<br>If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.<br>☐ Check this box if all or part of your claim is based on a Derivative Contract.*<br>☑ Check this box if all or part of your claim is based on a Guarantee.*<br>***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**<br>☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim:<br><br>☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).<br><br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).<br><br>☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).<br><br>**Amount entitled to priority:**<br><br>$ See attached Annex. |
| **2. Basis for Claim:** <u>See attached Annex.</u><br>(See instruction #2 on reverse side.) | |
| **3. Last four digits of any number by which creditor identifies debtor:** <u>See attached Annex.</u><br>**3a. Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side.) | |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br>Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other<br>Describe: <u>See attached Annex.</u><br>Value of Property: $_____ Annual Interest Rate _____%<br>Amount of arrearage and other charges as of time case filed included in secured claim, if any:<br>$_____ Basis for perfection: _____<br>**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | |
| **6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ See attached Annex.<br>(See instruction #6 on reverse side.) | |
| **7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.<br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br>If the documents are not available, please explain:<br>See attached Annex. | **FILED / RECEIVED**<br>FOR COURT USE ONLY<br><br>APR 0 1 2010<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
| Date:<br>3/31/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>ANN KURINSKAS<br>MANAGING DIRECTOR |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

**AMENDED AND RESTATED
ANNEX TO PROOFS OF CLAIM OF:**

**JPMORGAN CHASE BANK, N.A. ("JPMCB"),
J.P. MORGAN BANK DUBLIN PLC ("JPMBD"),
JPMORGAN CHASE FUNDING INC. ("JPMCFI"),
J.P. MORGAN CLEARING CORP. ("JPM Clearing"),
J.P. MORGAN INTERNATIONAL BANK LIMITED ("JPMIBL"),
J.P. MORGAN MARKETS LIMITED ("JPMM")
J.P. MORGAN SECURITIES INC. ("JPMSI"),
JPMORGAN SECURITIES JAPAN CO., LTD. ("JPMSJC"),
J.P. MORGAN SECURITIES LTD. ("JPMSL"),
J.P. MORGAN (SUISSE) SA ("JPM Suisse") AND
J.P. MORGAN VENTURES ENERGY CORPORATION ("JPMVEC")**

**(ALL OF THE FOREGOING CLAIMANTS, THE "CLAIMANTS")**

1.      **Name of Claimants**.  This is the Amended and Restated Annex (the

"Annex") to the amended Proofs of Claim (the "Proofs of Claim") submitted by the above-

named Claimants, each having an address at 245 Park Avenue, New York, New York 10167,

against debtor Lehman Brothers Holdings Inc. ("LBHI") and the other debtors with which it is

being jointly administered (together with LBHI, the "Debtors").  The Claimants are parties to the

Collateral Disposition Agreement, dated as of March 16, 2010 (the "CDA"), among the Debtors,

the Claimants and certain of the Claimants' Affiliates (as defined below), which was approved

by the Court (as defined below) by an order dated March 24, 2010.  This Annex shall be deemed

incorporated into and made a part of each Proof of Claim.  The signatory of each Proof of Claim

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

is authorized to make such claim on behalf of the Claimant named therein and, to the extent

applicable, the following persons (collectively, such Claimant's "Affiliates"):  such Claimant's

successors, predecessors, assigns, parents, subsidiaries, affiliates, directors, officers, consultants,

agents, representatives, advisors and employees, and each other person or entity who, within the

meaning of section 15 of the Securities Act of 1933, or section 20 of the Securities Exchange Act

of 1934, each as amended, "controls" such Claimant.  The amended Proof of Claim to which this

Annex is attached supersedes the original proof of claim filed by the Claimant named in such

amended Proof of Claim with respect to the Claims described herein.

      2.      **Basis for Claims**.  On September 15, 2008, LBHI, and at several times

thereafter, the other Debtors (each of which is a direct or indirect subsidiary of LBHI), filed with

the United States Bankruptcy Court for the Southern District of New York (the "Court")

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The date on which each Debtor filed its chapter 11 petition with the Court is hereinafter referred

to as such Debtor's "Commencement Date."

      On and prior to their respective Commencement Dates, certain of the Debtors

were parties with the Claimants to, among other things, certain commercial and financial

relationships and agreements, which gave rise to the claims set forth in the Proofs of Claim as

further described below (such claims, collectively with the Non-Debtor Claims referred to below,

the "Claims").  In addition, LBHI guaranteed all obligations owing to the Claimants by Lehman

Brothers Inc. ("LBI") and all other non-Debtor subsidiaries of LBHI (in addition to the Debtors).

Therefore, this Annex contains descriptions of the Claimants' claims (collectively, the "Non-

Debtor Claims") against LBI and such other non-Debtor subsidiaries of LBHI (collectively, the

"Other Lehman Obligors").

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

Unless otherwise specified, the descriptions below of all of the Claims against each Debtor are as of such Debtor's Commencement Date. The dates of the Claims described in the Derivative Contract Claims Descriptions (as defined below) are as of the relevant date or dates specified in the applicable Calculation Statement.

### Claims against Debtor LBHI

**All Claimants/LBHI -- Second LBHI Guaranty Claims**. LBHI owes each Claimant the amount of (a) all of the Claims of such Claimant against all of the Debtors and (b) all of the Non-Debtor Claims of such Claimant against all of the Other Lehman Obligors. Pursuant to the Guaranty dated as of September 9, 2008 (the "Second LBHI Guaranty") made by LBHI, LBHI guaranteed all of the obligations of itself and all of its direct and indirect subsidiaries and their respective successors to JPMCB and all of its affiliates, subsidiaries, successors and assigns. All of the Debtors (other than LBHI) and all of the Other Lehman Obligors are subsidiaries of LBHI, and all of the Claimants are subsidiaries or affiliates of JPMCB. The amount of LBHI's liability under the Second LBHI Guaranty is limited as set forth therein. LBHI's obligations under the Second LBHI Guaranty are secured pursuant to the Security Agreement dated as of September 9, 2008 (the "Second LBHI Security Agreement") executed by LBHI. Certain Claimants have heretofore made demands against the Second LBHI Guaranty and enforced their rights against collateral provided by LBHI under the Second LBHI Security Agreement, all as described in the discussion of the relevant Claims below. In addition, LBHI is contingently obligated to each Claimant to the extent that any payment to or for the benefit of such Claimant of any Claims is rescinded, returned, recovered, avoided, reversed or otherwise invalidated. Any such rescission, return, recovery, avoidance, reversal or invalidation

will give rise to a reinstatement of the paid Claim and LBHI will be obligated to the Claimant

with respect to the reinstated Claim pursuant to the Second LBHI Guaranty.

**Multiple Claimants/LBHI -- Derivative Contract Guarantee Claims**.

Reference is made to the descriptions (including the related definitions, the "Derivative Contract

Claims Descriptions") set forth below in this Annex of the several ISDA Master Agreements (the

"Derivative Contracts") between certain Claimants and certain of the Debtors and Other Lehman

Obligors, as well as the Claims arising under such Derivative Contracts.

LBHI owes to each Claimant that is a party to a Derivative Contract listed on

Exhibit A to this Annex the Claims stated in the Derivative Contract Claims Description as

owing to such Claimant under such Derivative Contract.  In addition, LBHI is contingently

obligated to each Claimant that is a party to a Derivative Contract listed on Exhibit A to the

extent that any payment to or for the benefit of such Claimant of the Claims arising under such

Derivative Contract is rescinded, returned, recovered, avoided, reversed or otherwise invalidated.

Any such rescission, return, recovery, avoidance, reversal or invalidation will give rise to a

reinstatement of the paid Claim and LBHI will be obligated to the Claimant with respect to the

reinstated Claim.  The guaranty that serves as the contractual source of LBHI's obligations

described in this paragraph with respect to the Claims arising under each such Derivative

Contract is listed next to the name of such Derivative Contract on Exhibit A.

**JPMCB/LBHI -- First LBHI Guaranty Claims**.  LBHI owes JPMCB the

amount of all of the Claims owing by LBI under the Clearance Agreement referred to below, all

as described in the JPMCB/LBI Proof of Claim referred to below.  Pursuant to the Guaranty

dated as of August 26, 2008 (the "First LBHI Guaranty") made by LBHI, LBHI guaranteed all of

the obligations of LBI and other named subsidiaries of LBHI to JPMCB under the Clearance

-4-

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

Agreement referred to in the Proof of Claim filed by JPMCB against LBI attached to this Annex as Exhibit B (the "JPMCB/LBI Proof of Claim"). The amount of LBHI's liability under the First LBHI Guaranty is limited as set forth therein. LBHI's obligations under the First LBHI Guaranty are secured pursuant to the Security Agreement dated as of August 26, 2008 (the "First LBHI Security Agreement") executed by LBHI. In addition, LBHI is contingently obligated to JPMCB to the extent that any payment to or for the benefit of JPMCB of any Claims arising under the Clearance Agreement is rescinded, returned, recovered, avoided, reversed or otherwise invalidated. Any such rescission, return, recovery, avoidance, reversal or invalidation will give rise to a reinstatement of the paid Claim and LBHI will be obligated to JPMCB with respect to the reinstated Claim pursuant to the First LBHI Guaranty.

**JPMCB, JPMCFI, JPMIBL, JPMM and JPM Suisse -- LBIE Guarantee Claims**. LBHI owes JPMCB, JPMIBL and JPM Suisse the amount of all of the Claims owed by LBIE to each of them described below. Pursuant to the Guarantee of LBHI dated as of January 4, 2008 (the "LBIE Guarantee"), LBHI guaranteed the payment by Lehman Brothers International (Europe) ("LBIE") of all of its liabilities, obligations and commitments to any counterparty of LBIE. In addition, LBHI is contingently obligated to each such Claimant, JPMCFI and JPMM (collectively, the "LBIE Claimants") to the extent that any payment to or for the benefit of a LBIE Claimant of any Claims owed to it by LBIE is rescinded, returned, recovered, avoided, reversed or otherwise invalidated. Any such rescission, return, recovery, avoidance, reversal or invalidation will give rise to a reinstatement of the paid Claim, and LBHI will be obligated to such LBIE Claimant with respect to the reinstated Claim pursuant to the LBIE Guarantee.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

**JPMCB/LBHI -- Account Overdraft Claims**. JPMCB was owed $23,500,000 by LBHI arising from an overdraft of such amount incurred by LBHI in its demand deposit account, account number 066141605, with JPMCB on or about September 14, 2008. JPMCB was also owed an additional $235,754 (EUR172,619.40 at the prevailing exchange rate on March 15, 2010) arising from an overdraft of such amount incurred by LBHI in its demand deposit account, account number 32500619, with JPMCB on or about September 12, 2008.

**JPMCB/LBHI -- Contingent Letter of Credit Claims**. LBHI is contingently obligated to JPMCB in an amount up to (a) $1,905,316 with respect to letters of credit issued by JPMCB pursuant to two credit facilities, and (b) an additional $1,718,017 with respect to letters of credit that may be issued by JPMCB. Pursuant to the provisions of two credit agreements to which LBHI is a party, LBHI is obligated to reimburse JPMCB for LBHI's pro rata share of draws under letters of credit issued by JPMCB if the co-issuers fail to pay the amount of the draw to JPMCB. The amount in clause (a) of the first sentence of this paragraph is LCPI's pro rata share of such letters of credit issued by JPMCB as of March 6, 2010. The amount in clause (b) of the first sentence of this paragraph is LBHI's pro rata share of the additional letters of credit that JPMCB may be obligated to issue pursuant to commitments existing as of LBHI's Commencement Date.

**JPMCB/LBHI – Misdirected Wire Transfers**. JPMCB is owed $4,519,978 by LBHI in respect of three misdirected wire transfers, all of which are post-petition Claims:

(a)    JPMCB is owed $2,959,719 by LBHI with respect to a duplicate payment made to London Diversified Fund Limited ("LDFL") on November 17, 2008. On September 3, 2008, a payment for the same amount had been made to LDFL's account at LBHI (UK Branch), and LBHI did not comply with the recall instructions for its return.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

(b)     JPMCB is owed $1,383,259 (DKK8,000,000 at the prevailing exchange

rates on February 11, 2009 and February 12, 2009) by LBHI.  On February 11, 2009 and

February 12, 2009, JPMCB wired this amount in total for the account of Tudor Investment

Corporation ("Tudor") to the account of LBHI at Skandinaviska Enskilda Banken AB ("SEB

Bank"), which was inconsistent with Tudor's instructions.  JPMCB subsequently paid Tudor this

amount.  A stipulation to recover the payments from SEB Bank has been drafted but not yet

submitted for approval to the Court.

(c)     JPMCB is owed approximately $177,000 by LBHI with respect to a

payment for Drawbridge Global Macro Master Fund Ltd. ("Drawbridge").  On October 29, 2008,

JPMCB delivered a payment to an LBHI account for further credit to Drawbridge, inconsistent

with instructions provided by Drawbridge.  Upon being made aware of the error, JPMCB

attempted to recall the funds but was unable to do so.  On November 17, 2009, JPMCB

submitted a claim with LBHI for the return of the erroneous payment.

**JPMCB/LBHI -- Legal Expenses**.  JPMCB is owed $3,426,131 by LBHI with

respect to post-petition legal expenses incurred in connection with the Claims.

**JPMCB/LBHI -- Securities Contract Service Fees and Account Charges**.

JPMCB was owed a pre-petition accrued amount of $1,335.42 and a post-petition accrued

amount of $539,645 for outstanding service fees on LBHI business accounts numbers

066141605, 66650682, 230293263, 230293298 and 230314422 governed by the Treasury

Services General Service Terms and Conditions Service Guide between JPMCB and LBHI.

**JPMCB/LBHI -- Lehman Brothers Holdings Japan Inc. ("Lehman Japan")**

**Loans Guarantee**.  JPMCB was owed $113,056,229 (¥10,474,659,591 at the prevailing

exchange rate on March 29, 2010) by LBHI with respect to Yen drawings (the "Lehman Japan

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

Loans") made by Lehman Japan under the Committed Revolving Credit Facility Agreement

between JPMCB (Tokyo Branch) and Lehman Japan dated as of November 27, 2007 (the "Japan

Loan Agreement"). The contractual source of LBHI's obligation is the Guarantee dated as of

August 22, 2007 (the "Japan Loan Guarantee") made by LBHI in favor of JPMCB with respect

to the Obligations (as such term is defined in the Guarantee) of Lehman Japan to JPMCB. Of

this amount, $107,933,081 (¥10,000,000,000) was owed to JPMCB by Lehman Japan in respect

of principal, $62,196 (¥5,762,500) was owed to JPMCB by Lehman Japan in respect of accrued

and unpaid interest through September 15, 2008, $5,055,087 (¥468,353,791) was owed to

JPMCB by Lehman Japan in respect of accrued and unpaid interest from September 16, 2008

through March 31, 2010, and $5,864 (¥543,300) was owed to JPMCB by Lehman Japan in

respect of legal fees incurred in connection with the Civil Rehabilitation proceeding in the Tokyo

District Court. Such Guarantee is secured pursuant to the Cash Collateral Agreement dated as of

March 14, 2008 between LBHI and JPMCB (the "Lehman Japan Loans Security Agreement").

In addition, JPMCB is owed pursuant to the Japan Loan Agreement and the Japan Loan

Guarantee currency conversion costs incurred by JPMCB if the Lehman Japan Loans are repaid

in a currency other than Japanese Yen. Proofs of Claim dated October 16, 2008 related to the

Lehman Japan Loans have been asserted against Lehman Japan in a Civil Rehabilitation

proceeding in the Tokyo District Court.

**JPMSI/LBHI -- Securities Law Claims**. JPMSI and its Affiliates have

contingent contractual and non-contractual indemnity, contribution, equitable and other claims

against LBHI for any losses, claims, damages or other liabilities (or actions in respect thereof),

joint or several, to which JPMSI and its Affiliates may become subject under securities law or

otherwise, including, without limitation, settlement costs, investigation costs and the fees and

expenses of counsel arising from, based on or relating to the underwriting, placement and/or sale

by JPMSI or its Affiliates of securities issued or guaranteed by LBHI.  In circumstances where

JPMSI or an Affiliate was the lead managing underwriter, placement agent or the equivalent with

respect to an offering of such securities, JPMSI and the Affiliate also assert claims of the kind

described in the preceding sentence against LBHI on behalf of all underwriters or placement

agents in the underwriting or placement syndicate (and their affiliates) with respect to such offer.

In addition, JPMSI and its Affiliates, each as an entity that may be liable with LBHI to a creditor

that has not filed a proof of claim, hereby files pursuant to Bankruptcy Rule 3005(a) a proof of

claim on behalf of each such creditor covering claims with respect to which JPMSI and the

Affiliate of JPMSI, as applicable, is a codebtor with LBHI.  The name of each such creditor is

not currently known.

This filing is intended to include, without limitation, all Claims of the types

described above in the preceding paragraph, including, but not limited to, all such Claims related

to the offerings described in Exhibit C.

**JPMM/LBHI -- LBREM Master Repurchase Agreement Guaranty**.  JPMM

was owed $18,907,988.55 by LBHI with respect to amounts owed to JPMM by LBREM II BS

Financing Mezz Holdings LLC ("LBREM") pursuant to the Master Repurchase Agreement

dated as of December 27, 2007, among JPMM (f/k/a Bear, Stearns International Limited

("BSIL")), LBREM and Hilton Mezz Holdings LLC, as set forth in the letter from JPMM to

LBREM and Hilton Mezz Holdings LLC dated November 18, 2008 (including all accompanying

attachments and related detail).  This amount was paid by application of cash collateral posted by

LBHI under the Second LBHI Guaranty and Second LBHI Security Agreement.[1]  LBHI is

contingently obligated to JPMM to the extent that this payment is rescinded, returned, recovered,

avoided, reversed or otherwise invalidated.  The contractual source of LBHI's obligation is the

Guaranty dated as of August 27, 2008 made by LBHI in favor of JPMM (as well as the Second

LBHI Guaranty as described above).

### Claims against Debtor Lehman Brothers Special Financing Inc. ("LBSF")

**JPMCB/LBSF -- Derivative Contract Claims**.  *JPMCB/LBSF Agreement.*  As

of the date hereof and giving effect to setoffs and application of collateral to be effected pursuant

to the CDA, JPMCB is owed by LBSF $42,607,145 plus interest under the ISDA Master

Agreement dated as of December 20, 1995 (as amended and including all annexes thereto, the

"JPMCB/LBSF Agreement") between JPMCB (as successor to Morgan Guaranty Trust

Company of New York) and LBSF.  As set forth in the Calculation Statement dated October 17,

2008 from JPMCB to LBSF (including all accompanying appendices, attachments and media

containing related detail, the "JPMCB/LBSF Calculation Statement"),[2] JPMCB was owed by

LBSF with respect to swap agreements under the JPMCB/LBSF Agreement (a) $1,909,901,999,

which was a net amount comprised of a Close-out Amount and Unpaid Amounts (as such terms

are defined in the JPMCB/LBSF Agreement) *plus* (b) $254,503,233, which was the amount of

JPMorgan Posted Collateral (as defined in the JPMCB/LBSF Agreement) that LBSF failed to

return to JPMCB, all as described in further detail in the JPMCB/LBSF Calculation Statement.

---

[1] Demand for Payment under Guaranty dated as of November 19, 2008 from JPMCB to LBHI and Notice of Enforcement of Security in respect of Guaranty dated as of November 21, 2008.

[2] For the convenience of the Debtors and their official creditors committee, this Annex will show the Bates numbers of certain of the Calculation Statements (excluding accompanying CDs), Demands and Notices delivered to the Debtors and the committee in connection with Rule 2004 document production.  The Bates number of the JPMCB/LBSF Calculation Statement is JPM-2004 0000048-50.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

The Claims described in the JPMCB/LBSF Calculation Statement were paid as

follows, all as further described in the JPMCB/LBSF Calculation Statement and in accordance

with contractual rights contained in the JPMCB/LBSF Agreement and the other agreements

referred to in this Annex:

(i)    $416,130,873.50 was paid through setoff of funds (the "LBSF Account

Setoff") in LBSF account number 066143543 at JPMCB;

(ii)    $95,500,000 was set off (the "JPM&CO Setoff") against amounts owed by

JPMorgan Chase & Co. ("JPM&CO") to LBSF under the ISDA Master Agreement dated as of

February 14, 2003 (as amended and including all annexes thereto, the "JPM&CO/LBSF

Agreement") between JPM&CO and LBSF,[3] $38,498,221 was set off (the "JPMBD Setoff")

against amounts owed by JPMBD (f/k/a Bear Stearns Bank plc ("BSB")) to LBSF under the

ISDA Master Agreement dated as of January 6, 1993 (as amended and including all annexes

thereto, the "JPMBD/LBSF Agreement") between JPMBD and LBSF,[4] and $2,683,199 was set

off (the "BSCP Setoff") against amounts owed by Bear Stearns Credit Products Inc. ("BSCP") to

LBSF under the ISDA Master Agreement dated as of July 1, 2003 (as amended, and including all

annexes thereto, the "BSCP/LBSF Agreement") between BSCP and LBSF;[5]

(iii)    $37,117,173 was paid through application of collateral posted pursuant to

the JPMCB/LBCS Agreement (as defined below) in accordance with contractual and secured

creditor rights contained in the Cross-Affiliate Agreement dated as of August 1, 2008 (the

---

[3] As described in Calculation Statement dated as of October 17, 2008 from JPM&CO to LBSF, including all
accompanying appendices, attachments and media containing related detail (JPM-2004 0000118-120).

[4] As described in Calculation Statement dated October 17, 2008 from JPMBD (f/k/a BSB) to LBSF, including all
accompanying appendices, attachments and media containing related detail (JPM-2004 0000056-117).

[5] As described in Calculation Statement dated October 17, 2008 from BSCP to LBSF, including all accompanying
appendices, attachments and media containing related detail (JPM-2004 0000051-55).

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

"CAA") among JPMCB, Lehman Brothers Commercial Corporation ("LBCC"), Lehman

Brothers Commodity Services Inc. ("LBCS") and LBSF; and

(iv)     $1,574,475,765.50 was paid by application of cash collateral posted by

LBHI under the Second LBHI Guaranty and Second LBHI Security Agreement.[6]

The Claims stated in the JPMCB/LBSF Calculation Statement have changed as

described below as a result of events after the date of such statement, as well as corrections

identified by the Claimants in the reconciliation of their Claims:

(1)     $7,000,000 of the LBSF Account Setoff was subsequently reversed,

thereby reinstating $7,000,000 of the amount owed to JPMCB by LBSF, by virtue of

JPMCB's return of (a) $4,000,000 to MKP Opportunity Master Fund, Ltd. ("MKP")

pursuant to the Stipulation and Order with Respect to Return of Funds of MKP, dated as

of January 8, 2009, among MKP, JPMCB and LBSF and (b) $3,000,000 to Sola Ltd.

("Sola") pursuant to the Stipulation and Order with Respect to Return of Funds of Sola,

dated as of January 21, 2009, among Sola, JPMCB and LBSF;

(2)     $859,378.63, consisting of setoffs of the following amounts in the

following accounts maintained by JPMCB in London for LBSF, which were applied on

July 15, 2009 against the Claims owing by LBSF to JPMCB:

- $759,608.17 (CHF845,595.82) in account number 25048103;
- $74,331.83 (EUR53,937.91) in account number 25048105;
- $17,860.24 (£11,035.74) in account number 25048106; and
- $7,578.39 (SEK61,453.92) in account number 25048111;

---

[6] As described in Demand for Payment under Guaranty dated October 24, 2008 from JPMCB to LBHI (JPM-2004 0000001-3) and Notice of Enforcement of Security in respect of Guaranty dated October 28, 2008 from JPMCB to LBHI (JPM-2004 0000009-10).

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

(3)    The amount of the Claims of JPMCB against LBSF under the

JPMCB/LBSF Agreement was determined to have been understated in the JPMCB/LBSF

Calculation Statement by $33,141,926, which is the net result of an understatement of the

Close-out Amount owed by LBSF to JPMCB of $47,188,370, an understatement of the

Unpaid Amount owed by JPMCB to LBSF of $15,963,588, and interest accrued on

unreturned collateral posted by JPMCB owed by LBSF to JPMCB of $1,917,144;

(4)    The amount owed by JPMBD to LBSF under the JPMBD/LBSF

Agreement was determined to have been overstated by $3,855,479, and therefore the

JPMBD Setoff was overstated by a like amount, as the result of an overstatement of the

Close-out Amount owed by JPMBD to LBSF of $2,328,221 and interest accrued on

unreturned collateral posted by JPMBD owed by LBSF to JPMBD of $1,527,258;

(5)    The amount owed by BSCP to LBSF under the BSCP/LBSF

Agreement was determined to have been understated by $359,324, and therefore the

BSCP Setoff was understated by a like amount, as the net result of an overstatement of

the Close-out Amount owed by BSCP to LBSF of $32,278 and interest accrued on

unreturned collateral posted by LBSF owed by BSCP to LBSF of $391,602;

(6)    The amount owed by JPM&CO to LBSF under the JPM&CO/LBSF

Agreement was determined to have been understated by $130,552, and therefore the

JPM&CO Setoff was understated by a like amount, as the result of interest accrued on

unreturned collateral posted by LBSF owed by JPM&CO to LBSF; and

(7)    The amount applied pursuant to the CAA to the amount owing by

LBSF to JPMCB was overstated by $41,006, which is the result of an understatement of

the claim owing by JPMCB to LBCS under the JPMCB/LBCS Agreement (after taking

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

into consideration netting with claims owing by LBCS to JPMSL and JPMVEC as described below).

As a result of the foregoing changes, the net unpaid amount that JPMCB is owed by LBSF under the JPMCB/LBSF Agreement (after giving effect to the setoffs and application of collateral pursuant to the CDA) is $42,607,145, plus interest thereon. Please refer to Section 3 of this Annex for additional related Claims.

*WMB/LBSF Agreement.* As of the date hereof, the Claims under the ISDA Master Agreement dated as of May 28, 1998 (as amended and including all annexes thereto, the "WMB/LBSF Agreement") between Washington Mutual Bank (f/k/a Washington Mutual Bank, FA) ("WMB") and LBSF have been paid. As set forth in the Calculation Statement dated as of October 17, 2008 from JPMCB, as assignee of WMB, to LBSF (including all accompanying appendices, attachments and media containing related detail, the "WMB/LBSF Calculation Statement"),[7] JPMCB was owed by LBSF with respect to swap agreements under the WMB/LBSF Agreement (a) $222,326,721, which was the Settlement Amount (as defined in the WMB/LBSF Agreement), *plus* (b) $1,208,594, which were the Unpaid Amounts (as defined in the WMB/LBSF Agreement), all as described in further detail in the WMB/LBSF Calculation Statement.

The Claims under the WMB/LBSF Agreement were paid as follows, all as further described in the WMB/LBSF Calculation Statement and in accordance with contractual rights contained in the WMB/LBSF Agreement and the other agreements referred to in this Annex:

(i)      $143,221,880 was paid by application of Posted Collateral (as defined in the WMB/LBSF Agreement) held by JPMCB; and

---

[7] JPM-2004 0000121-123.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

(ii)    $80,313,435 was paid by application of cash collateral posted by LBHI

under the Second LBHI Guaranty and Second LBHI Security Agreement.[8]

**JPMCB/LBSF -- Account Overdraft Claims**.  JPMCB was owed $3,361.89 by

LBSF arising from an overdraft of such amount incurred by LBSF in its demand deposit account

number 25048112 on or about September 12, 2008 pursuant to the Global Account Terms

between JPMCB and LBSF.

**JPMCB/LBSF -- Service Fees and Account Charges**.  JPMCB is owed a pre-

petition accrued amount of $931,881.84 and a post-petition accrued amount of $125,030 by

LBSF in outstanding service fees on accounts 0278012600, 66143543 and 66625998 pursuant to

the Treasury Services General Service Terms and Conditions Service Guide between JPMCB

and LBSF and the Swap Collateral Agreement dated June 14, 2004, between LBSF, the GMAM

Group Pension I, State Street Bank and Trust Company and JPMCB as custodian.

**JPMCB/LBSF -- Letters of Credit Claims**.  *Fixed Claims.*  JPMCB is owed

$142,108 plus interest, which is comprised of $145,326 net of payments applied to date of

$3,218, by LBSF with respect to drawings made by (a) Ace Property & Casualty for $23,035,000

under standby Letter of Credit number TPTS-379958, (b) SunTrust Merchant Services for

$4,000,000 under standby Letter of Credit number TPTS-265279 and (c) Suez Energy Resources

NA Inc. for $548,880 under standby Letter of Credit number TPTS-690253, each issued by

JPMCB for the account of Six Flags Theme Parks Inc. ("Six Flags") pursuant to the Second

Amended and Restated Credit Agreement, dated as of May 25, 2007 (as amended, the "Six Flags

Agreement"), among Six Flags, as Borrower, the additional borrowers and guarantors party

---

[8] As described in Demand for Payment under Guaranty dated October 24, 2008 from JPMCB to LBHI (JPM-2004 0000001-3) and Notice of Enforcement of Security in respect of Guaranty dated October 28, 2008 from JPMCB to LBHI (JPM-2004 0000009-10).

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

thereto, JPMCB, as Administrative Agent, and the lenders party thereto from time to time.

Pursuant to such credit agreement, LBSF, as a lender, agreed to pay to JPMCB its pro rata share

of each drawing made under such Letters of Credit that is not reimbursed by Six Flags (such pro

rata shares being $121,358, $21,074 and $2,894, respectively, under the three drawn Letters of

Credit).

  *Contingent Claims.* In addition to the fixed claims described above, LBSF is

contingently obligated to JPMCB in an amount up to $11,386 with respect to undrawn letters of

credit issued by JPMCB pursuant to the Six Flags Agreement, which amount is LBSF's *pro rata*

share of such letters of credit issued by JPMCB as of March 6, 2010.

  **JPMCB/LBSF -- Legal Expenses**. JPMCB is owed $1,270,086 by LBSF for

post-petition legal and consulting expenses incurred in connection with the Claims.

  **JPMM/LBSF -- Derivative Contract Claims**. As of the date hereof, the Claims

under the ISDA Master Agreement dated as of July 11, 2001 (as amended and including all

annexes thereto, the "JPMM/LBSF Agreement") between JPMM and LBSF have been paid. As

set forth in the Calculation Statement dated October 17, 2008 from JPMM to LBSF (including all

accompanying appendices, attachments and media containing related detail, the "JPMM/LBSF

Calculation Statement"),[9] JPMM was owed by LBSF with respect to swap agreements under the

JPMM/LBSF Agreement $19,659,834, which was comprised of a Close-out Amount and Unpaid

Amounts (as such terms are defined in the JPMM/LBSF Agreement).

  The Claims under the JPMM/LBSF Agreement were paid as follows, all as

further described in the JPMM/LBSF Calculation Statement and in accordance with contractual

---

[9] JPM-2004 0000043-47.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

rights contained in the JPMM/LBSF Agreement and the other agreements referred to in this Annex:

(i)    $2,012,723 was paid by application of Posted Collateral (as defined in such JPMM/LBSF Agreement) held by JPMM; and

(ii)    $17,647,111 was paid by application of cash collateral posted by LBHI under the Second LBHI Guaranty and Second LBHI Security Agreement.[10]

**Claims against Debtor Lehman Brothers Commodity Services Inc. ("LBCS")**

**JPMCB/LBCS -- Derivative Contract Claims**. As of the date hereof, the Claims under the ISDA Master Agreement dated as of February 2, 2006 (as amended and including all annexes thereto, the "JPMCB/LBCS Agreement") between JPMCB and LBCS have been paid. As set forth in the Calculation Statement dated October 17, 2008 from JPMCB to LBCS (including all accompanying appendices, attachments and media containing related detail, the "JPMCB/LBCS Calculation Statement"),[11] JPMCB was owed by LBCS with respect to swap agreements under the JPMCB/LBCS Agreement $74,972,443, which was the Loss (as defined in the JPMCB/LBCS Agreement).

The Claims under the JPMCB/LBCS Agreement were paid as follows, all as further described in the JPMCB/LBCS Calculation Statement and in accordance with contractual rights contained in the JPMCB/LBCS Agreement and the other agreements referred to in this Annex:

---

[10] As described in Demand for Payment under Guaranty dated October 24, 2008 from JPMCB to LBHI (JPM-2004 0000001-3) and Notice of Enforcement of Security in respect of Guaranty dated October 28, 2008 from JPMCB to LBHI (JPM-2004 0000009).

[11] JPM-2004 0000140-160.

(i)       $66,304,633 was paid through setoff of funds in LBCS account number 066647517 at JPMCB; and

(ii)      $8,667,810 was paid by application of Posted Collateral (as defined in the JPMCB/LBCS Agreement) held by JPMCB.

The remainder of the Posted Collateral was applied as described elsewhere in this Annex.

The Claims stated in the JPMCB/LBCS Calculation Statement have changed as described below as a result of events after the date of such statement, as well as corrections identified by the Claimants in the reconciliation of their Claims:

(1)      The Close-out Amount owed by JPMCB to LBCS under the JPMCB/LBCS Agreement was determined to have been overstated in the JPMCB/LBCS Calculation Statement by $731,546; and

(2)      Interest accrued on unreturned collateral posted by LBCS owed by JPMCB to LBCS of $90,271.

**JPMCB/LBCS -- Service Fees and Account Charges**.  JPMCB was owed $50,583.00 for outstanding service fees on LBCS business account number 66647517 pursuant to the Treasury Services General Service Terms and Conditions Service Guide between JPMCB and LBCS.

**JPMSL/LBCS -- Derivative Contract Claims**.  As of the date hereof, the Claims under the ISDA Master Agreement (as amended, the "JPMSL/LBCS Agreement") created pursuant to section 2 of the Transfer Agreement dated as of September 26, 2007 (as amended and including all annexes thereto, the "Transfer Agreement") among JPMSL, JPMVEC and LBCS, pursuant to which certain of the transactions under the ISDA Master Agreement

dated as of August 8, 2006 (as amended and including all annexes thereto, the "JPMVEC/LBCS

Agreement") between JPMVEC and LBCS were transferred from JPMVEC to JPMSL, have

been paid.  As set forth in the Calculation Statement dated October 17, 2008 from JPMSL to

LBCS (including all accompanying appendices, attachments and media containing related detail,

the "JPMSL/LBCS Calculation Statement"),[12] JPMSL was owed by LBCS, with respect to swap

agreements under the JPMSL/LBCS Agreement $28,878,014, which was the Loss (as defined in

the JPMSL/LBCS Agreement).

The Claims under the JPMSL/LBCS Agreement were paid as follows, all as

further described in the JPMSL/LBCS Calculation Statement and in accordance with contractual

rights contained in the Transfer Agreement and the other agreements referred to in this Annex:

(i)    $18,015,000 was paid through application of Posted Collateral (as defined

in the JPMSL/LBCS Agreement); and

(ii)    $10,863,014 was paid through application of Posted Collateral as

described in the JPMCB/LBCS Calculation Statement, in accordance with contractual rights

contained in the JPMCB/LBCS Agreement.

The Claims stated in the JPMSL/LBCS Calculation Statement have changed as a

result of interest accrued on unreturned collateral posted by LBCS owed by JPMSL to LBCS of

$24,877.

**JPMVEC/LBCS -- Derivative Contract Claims**.  As of the date hereof, the

Claims under the JPMVEC/LBCS Agreement have been paid.  As set forth in the Calculation

Statement dated October 17, 2008 from JPMVEC to LBCS (including all accompanying

appendices, attachments and media containing related detail, the "JPMVEC/LBCS Calculation

---

[12] JPM-2004 0000161-168.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

Statement"),[13] JPMVEC was owed by LBCS with respect to swap agreements under the JPMVEC/LBCS Agreement $8,466,360, which was the net amount of the Loss (as defined in the JPMVEC/LBCS Agreement) owed by JPMVEC and the Posted Collateral (as defined in the JPMVEC/LBCS Agreement) that LBCS failed to return to JPMVEC.

The Claims under the JPMVEC/LBCS Agreement were paid through application of Posted Collateral under the JPMCB/LBCS Agreement in accordance with contractual rights contained in the CAA, all as further described in the JPMVEC/LBCS Calculation Statement and the JPMCB/LBCS Calculation Statement.

The Claims stated in the JPMVEC/LBCS Calculation Statement have changed as described below as a result of events after the date of such statement, as well as corrections identified by the Claimants in the reconciliation of their Claims:

(1)    The Close-out Amount owed by JPMVEC to LBCS under the JPMCB/LBCS Agreement was determined to have been understated in the JPMVEC/LBCS Calculation Statement by $731,546; and

(2)    Interest accrued on unreturned collateral posted by JPMVEC owed by LBCS to JPMVEC of $74,142.

**Claims against Debtor Lehman Brothers Commercial Corporation ("LBCC")**

**JPMCB/LBCC -- Derivative Contract Claims**. As of the date hereof, the Claims under the ISDA Master Agreement dated as of November 15, 1993 (as amended and including all annexes thereto, the "JPMCB/LBCC Agreement") between JPMCB (as successor to Morgan Guaranty Trust Company of New York) and LBCC have been paid. As set forth in the

---

[13] JPM-2004 0000124-139.

Calculation Statement dated October 17, 2008 from JPMCB to LBCC (including all accompanying appendices, attachments and media containing related detail, the "JPMCB/LBCC Calculation Statement"),[14] JPMCB was owed by LBCC with respect to swap agreements under the JPMCB/LBCC Agreement $229,437,765, which was the net amount of the Close-out Amount and Unpaid Amounts (as such terms are defined in the JPMCB/LBCC Agreement).

The Claims described in the JPMCB/LBCC Calculation Statement were paid as follows, all as further described in the JPMCB/LBCC Calculation Statement and in accordance with contractual rights contained in the JPMCB/LBCC Agreement and the other agreements referred to in this Annex:

(i)      $41,483,000 was paid by application of Posted Collateral (as defined in the JPMCB/LBCC Agreement) held by JPMCB;

(ii)     $138,486,687 was paid by application of cash collateral posted by LBHI under the Second LBHI Guaranty and Second LBHI Security Agreement;[15] and

(iii)    $49,468,078 was paid by setoff (the "BSFX Setoff") of amounts owing by Bear Stearns Forex Inc. ("BSFX") to LBCC under the ISDA Master Agreement dated as of March 9, 1995 (as amended, including all annexes thereto, the "BSFX/LBCC Agreement") between BSFX and LBCC.[16]

---

[14] JPM-2004 0000235-327.

[15] As described in Demand for Payment under Guaranty dated October 24, 2008 from JPMCB to LBHI (JPM-2004 0000001-3) and Notice of Enforcement of Security in respect of Guaranty dated October 28, 2008 from JPMCB to LBHI (JPM-2004 0000009).

[16] As described in Calculation Statement dated October 17, 2008 from BSFX to LBCC, including all accompanying appendices, attachments and media containing related detail (JPM-2004 0000328-333).

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

The Claims stated in the JPMCB/LBCC Calculation Statement have changed as described below as a result of events after the date of such statement, as well as corrections identified by the Claimants in the reconciliation of their Claims:

(1)      The amount of the Claims of JPMCB against LBCC under the JPMCB/LBCC Agreement was determined to have been overstated in the JPMCB/LBCC Calculation Statement by $14,224,048, which is the net result of an overstatement of the Close-out Amount owed by LBCC to JPMCB of $17,849,773, an overstatement of the Unpaid Amount owed by JPMCB to LBCC of $3,706,940 and interest accrued on unreturned collateral posted by LBCC owed by JPMCB to LBCC of $81,215; and

(2)      The amount owed by BSFX to LBCC under the BSFX/LBCC Agreement was determined to have been overstated by $524,584, and therefore the BSFX Setoff was overstated by a like amount, which is a result of an overstatement of the Close-out Amount owed by BSFX to LBCC.

As a result of the foregoing changes, JPMCB was owed by LBCC under the JPMCB/LBCC Agreement a net amount of $13,699,464 less than the amount set forth in the JPMCB/LBCC Calculation Statement. JPMCB holds the corresponding cash collateral originally applied against such amount as available for application to other Claims. Please refer to Section 3 of this Annex for additional related Claims.

### Claims against Debtor Lehman Commercial Paper Inc. ("LCPI")

**JPMCB/LCPI -- Contingent Letter of Credit Claims**. LCPI is contingently obligated to JPMCB in an amount up to (a) $37,296,747 with respect to letters of credit issued by JPMCB and (b) an additional $620,779,702 with respect to letters of credit that may be issued by JPMCB. Pursuant to the provisions of approximately 33 credit agreements to which LCPI is a

party, LCPI is obligated to reimburse JPMCB for LCPI's pro rata share of draws under letters of

credit issued by JPMCB if the borrower fails to pay the amount of the draw to JPMCB. The

amount in clause (a) of the first sentence of this paragraph is LCPI's pro rata share of such letters

of credit issued by JPMCB as of March 6, 2010. The amount in clause (b) of the first sentence of

this paragraph is LCPI's pro rata share of the additional letters of credit that JPMCB may be

obligated to issue pursuant to commitments existing as of LCPI's Commencement Date. JPMCB

is providing to LCPI's counsel a confidential schedule listing, among other things, the relevant

borrowers, credit agreements, commitment amounts and issued letters of credit. All Claims of

the Claimants against LCPI are secured by the securities and securities accounts posted as

collateral by LCPI under the Clearance Agreement (as defined below).

**JPMCB/LCPI -- American Axle Participation Claims**. *Fixed Claims.* As of

March 6, 2010, JPMCB is owed $1,685,000 by LCPI with respect to advances made by JPMCB

following the Commencement Date to American Axle & Manufacturing, Inc. ("AAM").

JPMCB made such advances pursuant to AAM's Senior Unsecured Revolving Credit Facility,

dated as of January 9, 2004, as amended, among AAM, as Borrower, American Axle &

Manufacturing Holdings, Inc., JPMCB, as Administrative Agent, and the lenders party thereto

from time to time (the "AAM Loan Agreement"). Pursuant to the Consent and Partial

Assignment of Participation dated as of April 28, 2008 among JPMCB, Grand Central Asset

Trust, PFV Series and LCPI, LCPI purchased a participation (the "Participation") in JPMCB's

loans under the AAM Loan Agreement. Pursuant to the terms of the Participation, LCPI is

obligated to reimburse JPMCB for JPMCB's advances to AAM under the AAM Loan

Agreement, and LCPI has failed to reimburse JPMCB for the advances described above. As of

March 29, 2010, JPMCB held approximately $1,361,602 in cash consisting of principal, interest

and fees received by JPMCB from AAM with respect to advances funded by LCPI under the

Participation prior to the Commencement Date.  JPMCB is asserting secured creditor, setoff and

recoupment rights with respect to such amounts.  The remaining unpaid amount will be satisfied

with principal and interest received by JPMCB in respect of securities posted as collateral by

LCPI.

   *Contingent Claims.*  In addition, as of September 11, 2009, LCPI was

contingently obligated to JPMCB in an amount up to (a) $283,548.49 with respect to existing

undrawn letters of credit issued by JPMCB under the AAM Loan Agreement and (b) an

additional $17,212.93 which was available to be borrowed by AAM under the AAM Loan

Agreement.  Pursuant to the Participation, LCPI is obligated to reimburse JPMCB for LCPI's pro

rata share of such letters of credit issued by JPMCB to AAM if and when drawn.  The amount in

clause (a) of the first sentence of this paragraph is LCPI's pro rata share of such letters of credit

issued by JPMCB as of September 11, 2009.  The amount in clause (b) of the first sentence of

this paragraph is LCPI's pro rata share of the additional borrowing availability under the AAM

Loan Agreement.  To the extent that additional amounts under the AAM Loan Agreement are

funded by JPMCB in respect of LCPI's Participation and not repaid by AAM, LCPI is also

contingently obligated with respect to such amounts.

   **JPMCB/LCPI -- Misdirected Wire Transfers.**  JPMCB is owed $867,750 from

LCPI in respect of two misdirected wire transfers:

   (1) As of March 29, 2010, JPMCB was owed $220,692 (EUR154,947.53

at the prevailing exchange rate on September 15, 2008) with respect to pre-petition

misdirected wire transfers for letter of credit fees owed to JPMCB.  JPMCB was owed this

amount in respect of its pro-rata share of letter of credit fees under the Bucyrus International

Inc. credit facility dated May 25, 2007, but due to misdirected wire transfers between

JPMCB and LCPI, the fees were not paid. On December 19, 2008, LPCI acknowledged that

the fees were not effectively transferred by LCPI to JPMCB. The remaining unpaid amount

will be satisfied pursuant to the CDA with principal and interest received by JPMCB in

respect of securities posted as collateral by LCPI.

(2)     As of March 6, 2010, JPMCB was owed a total of $647,059 by LCPI

with respect to Lear Corporation revolving credit principal payments due to Goldman Sachs

& Co. that were mistakenly wired to LCPI in the amounts of $588,235 and $58,824 on July

17, 2006 and August 5, 2008 respectively. The remaining unpaid amount will be satisfied

pursuant to the CDA with principal and interest received by JPMCB in respect of securities

posted as collateral by LCPI.

**JPMCB/LCPI -- Service Fees and Account Charges**. JPMCB was owed a pre-

petition accrued amount of $6,946.96 and a post-petition accrued amount of $6,037 for

outstanding service fees on LCPI business account number 66210860 pursuant to the Treasury

Services General Service Terms and Conditions Service Guide between JPMCB and LCPI. The

remaining unpaid amounts will be satisfied pursuant to the CDA with principal and interest

received by JPMCB in respect of securities posted as collateral by LCPI.

## Claims against Other Debtors

**JPMCB/Lehman Brothers Derivatives Products Inc. ("Lehman**

**Derivatives")**. JPMCB was owed a pre-petition accrued amount of $11,272.14 and a post-

petition accrued amount of $17,343 for outstanding service fees on Lehman Derivatives business

accounts numbers 66902622, 66902630, 66902649 and 66902673 pursuant to the Treasury

Services General Service Terms and Conditions Service Guide between JPMCB and Lehman Derivatives.

**JPMCB/Lehman Brothers Financial Products Inc. ("Lehman Financial").** JPMCB was owed a pre-petition accrued amount of $5,544.60 and a post-petition accrued amount of $5,501 for outstanding service fees on Lehman Financial business accounts numbers 66289009, 66289181 and 66289203 pursuant to the Treasury Services General Service Terms and Conditions Service Guide between JPMCB and Lehman Financial.

**JPMCB/Lehman Brothers OTC Derivatives Inc. ("Lehman OTC").** JPMCB was owed a pre-petition accrued amount of $31,664.10 and a post-petition accrued amount of $5,336 for outstanding service fees on Lehman OTC business accounts numbers 66624770, 66626277, and 66626412 pursuant to the Treasury Services General Service Terms and Conditions Service Guide between JPMCB and Lehman OTC.

**<u>Non-Debtor Claims against Other Lehman Obligors</u>**

As noted above, the Non-Debtor Claims are described below to assist in the quantification of the Claims made hereunder by the Claimants against LBHI pursuant to its above-described guaranties of the Non-Debtor Claims.

**JPMCB/Aristos.** JPMCB was owed a pre-petition accrued amount of $458.33 and a post-petition accrued amount of $584 for outstanding service fees on Aristos business account number 66644895 pursuant to the Treasury Services General Service Terms and Conditions Service Guide between JPMCB and Aristos.

**JPMCB/Aurora Bank, FSB (f/k/a Lehman Brothers Bank, FSB ("Aurora")).** Aurora is contingently obligated to JPMCB in an amount up to (a) $83,332,797 with respect to letters of credit issued by JPMCB and (b) an additional $511,801,756 with respect to letters of

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

credit that may be issued by JPMCB.  Pursuant to the provisions of approximately 17 credit

agreements to which Aurora is a party, Aurora is obligated to reimburse JPMCB for Aurora's pro

rata share of draws under letters of credit issued by JPMCB if the borrower fails to pay the

amount of the draw to JPMCB.  The amount in clause (a) of the first sentence of this paragraph is

Aurora's pro rata share of such letters of credit issued by JPMCB as of March 6, 2010.  The

amount in clause (b) of the first sentence of this paragraph is Aurora's pro rata share of the

additional letters of credit that JPMCB may be obligated to issue pursuant to existing

commitments.  JPMCB is providing to LBHI's counsel a confidential schedule listing, among

other things, the relevant borrowers, credit agreements, commitment amounts and issued letters

of credit.

      **JPMCB/Bromley LLC**.  JPMCB was owed a pre-petition accrued amount of

$458.33 and a post-petition accrued amount of $531 for outstanding service fees on Bromley

LLC business account number 66653703 pursuant to the Treasury Services General Service

Terms and Conditions Service Guide between JPMCB and Bromley LLC.

      **JPMCB/LB Investments Inc.**  JPMCB was owed a pre-petition accrued amount

of $3,456.77 and a post-petition accrued amount of $4,573 for outstanding service fees on LB

Investments Inc. business account number 66210879 pursuant to the Treasury Services General

Service Terms and Conditions Service Guide between JPMCB and LB Investments Inc.

      **JPMCB/Lehman Brothers Bankhaus AG ("LBB")**.  *Fixed Claims.*  JPMCB is

owed the following amounts in service fees for LBB, Invoice Group 4338A pursuant to the

Domestic Custody Agreement dated September 22, 2003, between LBB and JPMCB:

- $2,444.45     August 1, 2008 to September 14, 2008;
- $3,222.23     September 15, 2008 to November 12, 2008; and
- $17,666.77   November 13, 2008 to August 31, 2009.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

JPMCB was also owed a pre-petition accrued amount of $549.73 and a post-petition accrued amount of $3,722 for outstanding service fees on LBB business account number 66912857 pursuant to the Treasury Services General Service Terms and Conditions Service Guide between JPMCB and LBB.

In addition, JPMCB is owed $134,789 with respect to fees for clearance advances provided to LBB which accrued following the Commencement Date.

*Contingent Claims.* In addition to the fixed claims described above, LBB is contingently obligated to JPMCB in an amount up to $127,000,000 with respect to letters of credit that may be issued by JPMCB. Pursuant to the provisions of a credit agreement to which LBB is a party, LBB is obligated to reimburse JPMCB for LBB's *pro rata* share of draws under letters of credit issued by JPMCB if the borrower fails to pay the amount of the draw to JPMCB. The amount in the first sentence of this paragraph is LBB's *pro rata* share of the letters of credit that JPMCB may be obligated to issue pursuant to existing commitments.

**JPMCB/Lehman Brothers Equity Finance (Cayman) Limited ("Lehman Cayman").** JPMCB is owed $2,875.84 by Lehman Cayman in borrowing fees for a non-cash collateral loan for loan number 294343 (Issue "Marathon Oil Corp") for the period August 1, 2008 to September 15, 2008, pursuant to the Overseas Securities Lender's Agreement dated June 19, 2003, between JPMCB (London branch) and Lehman Cayman.

JPMCB is also owed $7,221 in post-petition fees related to securities contract loans provided to Lehman Cayman. In addition, JPMCB is owed $9,245 by Lehman Cayman with respect to post-petition legal and consulting expenses incurred with respect to the Claims.

**JPMCB, JPMSI and JPM Clearing/Lehman Brothers Inc. ("LBI").** On September 19, 2008 (the "Petition Date"), the United States District Court for the Southern

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

District of New York entered an Order granting the application of the Securities Investor

Protection Corporation for issuance of a protective decree adjudicating that the customers of LBI

are in need of the protection afforded by the Securities Investor Protection Act of 1970, as

amended.  On May 29, 2009, each of JPMCB, JPMSI and JPM Clearing filed proofs of claim

with the Court (the "Initial LBI Proofs of Claim").  On the date hereof, each of JPMCB, JPMSI

and JPM Clearing filed amended proofs of claim with the Court (together with the Annexes to

such proofs of claim, the "LBI Proofs of Claim").  The LBI Proofs of Claim, copies of which are

attached hereto as Exhibit B, are hereby incorporated by reference herein.  As described in

greater detail in the LBI Proofs of Claim, the Claims of JPMCB against LBI under the Clearance

Agreement as defined in the JPMCB/LBI Proof of Claim (the "Clearance Agreement") are

guaranteed by the First LBHI Guaranty and secured pursuant to the First LBHI Security

Agreement; all of the Claims of each of JPMCB, JPMSI and JPM Clearing against LBI are

guaranteed by the Second LBHI Guaranty and secured pursuant to the Second LBHI Security

Agreement.  As described in greater detail in the LBI Proofs of Claim and the Calculation

Statements described therein, the following amounts were unpaid as of the dates specified in the

LBI Proofs of Claim:

| LBI Proofs of Claim Section | Claimant | Claim | Unpaid Amount |
|---|---|---|---|
| 2.A.I. | JPMCB | Clearance and Settlement Claims (Clearance Agreement) | $6,333,781,099 (pre-petition) $280,224,670 (post-petition) |
| 2.A.II. | JPMCB | Swap Agreement Claims (ISDA Master Agreement) | $35,487,773 (pre-petition) |
| 2.A.III. | JPMCB | Securities Contract Claims for Securities Loans (Master Securities Lending Agreement):  Out-of-pocket expenses and transaction costs | $15,806,901 (pre-petition) |

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM

JPMorgan Chase Bank, N.A. et al.

| LBI Proofs of Claim Section | Claimant | Claim | Unpaid Amount |
|---|---|---|---|
| 2.A.III. | JPMCB | Securities Contract Claims for Securities Loans (Master Securities Lending Agreement): Fees, account balances and other amounts | $8,565,357 (pre-petition) $25,302 (post-petition) |
| 2.A.IV. | JPMCB | Securities Contract Claims for Failed Transactions (Global Custody and Clearing Agreement) | $2,450,272 (pre-petition) |
| 2.A.V. | JPMCB | BGI-Related Securities Lending Claim (Custodial Undertaking) | $8,024,375 (pre-petition) |
| 2.A.VI. | JPMCB | Securities Option Claims (Washington Mutual Bank) | $2,179,688 (pre-petition) |
| 2.A.VII. | JPMCB | Securities Contract Service Fees and Account Charges | $3,008,872 (pre-petition) $14,582,913 (post-petition) |
| 2.A.VIII. | JPMCB | Misdirected Payments | $7,004,433.89 (post-petition) |
| 2.B.II. | JPMSI | Underwriting and Placement Fees | $9,554,671 (pre-petition) |

Certain of the JPMCB Claims in the foregoing table have been partially paid, and may from time to time hereafter be paid, from the proceeds of collateral posted by LBI. As of March 15, 2010, the unpaid amount of Clearance and Settlement Claims (2.A.I.) was $6,333,781,099.

As set forth in greater detail in the LBI Proofs of Claim and the Calculation Statements described therein, in addition to the Claims against LBI set forth above, the Claimants assert additional Claims held by such Claimant against LBI, some of which accrued after the Petition Date, including, but not limited to, post-petition interest, costs and expenses, contingent claims not currently liquidated, misdirected payments, out-of-pocket expenses and transaction costs, and securities law claims.

The Claims stated in the Initial JPMCB/LBI Proof of Claim arising under the ISDA Master Agreement (as defined in the JPMCB/LBI Proof of Claim) and the Calculation

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

Statement (as so defined) changed as described below as a result of corrections identified by the

Claimants in the reconciliation of their Claims:

(1)    The amount of the Claims of JPMCB against LBI under the ISDA

Master Agreement was determined to have been understated in the Calculation Statement by

$35,487,773, which is the result of an overstatement of the Close-out Amount owed by

JPMCB to LBI of $6,692,220, an overstatement of the Unpaid Amount owed by JPMCB to

LBI of $28,686,285 and interest accrued on unreturned collateral posted by JPMCB owed by

LBI to JPMCB of $109,268; and

(2)    The $45,567,129 Claim balance stated in the original JPMCB/LBI

Proof of Claim was an estimate of such understatement and should be deemed superseded by

the results of the reconciliation.

As a result of the foregoing changes, JPMCB is owed by LBI under the ISDA Master Agreement

$35,487,773 more than the amount set forth in the Calculation Statement.  All of such amount,

plus interest thereon, remains unpaid.  Please refer to Section 3 of this Annex for additional

related Claims.

The foregoing description of Claims against LBI is qualified in its entirety by the

LBI Proofs of Claim, and shall be deemed amended contemporaneously with any amendments of

the LBI Proofs of Claim to conform to such amendments.

**JPMCB, JPMIBL, JPM Suisse, JPMCFI, JPMM and JPMBD/Lehman**

**Brothers International (Europe) ("LBIE").**  *Distribution Agreement Claims.*  Claims of

JPMCB, JPMIBL and JPM Suisse against LBIE with respect to distribution agreements and

unwound failed redemption transactions have been included in letters from JPMIBL dated

December 15, 2008 and from JPM Suisse dated December 19, 2008 to PricewaterhouseCoopers

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

LLP, as Joint Administrators of LBIE (collectively, the "PwC Claim Letters"). The PwC Claim

Letters, copies of which are attached hereto as Exhibit D, are hereby incorporated herein by

reference herein. As described in the PwC Claim Letters, the following amounts are unpaid as of

the dates specified in the LBIE Claim Letters:

| Claimant | Claim | Unpaid Amount |
|----------|-------|---------------|
| JPMIBL | Distribution Agreement Share of Revenues | $689,057.00 |
| JPM Suisse | Distribution Agreement Share of Revenues | $280,879.00 |

*Repurchase Agreement Claims.* In addition, Claims of JPMCB, JPMCFI (f/k/a

J.P. Morgan Ventures Corporation) and JPMM (f/k/a BSIL) against LBIE with respect to

repurchase agreements have been included in letters from each of JPMCB, JPMCFI and JPMM

dated November 7, 2008 to LBIE (the "LBIE Claim Letters"), copies of which are attached

hereto as Exhibit E. The following amounts, described in the LBIE Claim Letters, were paid, in

the case of JPMCB, with application of LBIE collateral and in the case of JPMM and JPMCFI,

with application of cash collateral posted by LBHI under the Second LBHI Guaranty and Second

LBHI Security Agreement:[17]

---

[17] Demand for Payment under Guaranty dated as of October 24, 2008 from JPMCB to LBHI (JPM-2004 0000004-000006); Notice of Enforcement of Security in respect of Guaranty dated as of October 29, 2008 (JPM-2004 0000007-000008); Restated Demand for Payment under Guaranty dated as of November 14, 2008 from JPMCB to LBHI and Notice of Enforcement of Security in Respect of Guaranty dated as of November 14, 2008 from JPMCB to LBHI.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

| Claimant | Claim | Paid Amount |
|----------|-------|-------------|
| JPMCB | Global Master Repurchase Agreement | $13,029,269.02 |
| JPMCFI | Reverse Repurchase Transactions | $3,889,936.81 |
| JPMM | Global Master Repurchase Agreement | $1,876,971.00 |

*Derivative Contract Claims.* Calculation Statements, Demands under the Second LBHI Guaranty and Notices of Enforcement of Security sent by JPMCB, and JPMCFI and JPMM to LBIE which reflect the assertion and payment of additional Claims with respect to swap agreements against LBIE are listed on Exhibit F.

The amount of the Claims of JPMCB against LBIE described in the relevant Calculation Statement was determined, as a result of corrections identified by the Claimants in the reconciliation of their Claims, to have been overstated by $13,229,683, which is the net result of an overstatement of the Close-out Amount owed by LBIE to JPMCB of $13,156,949, an understatement of the Unpaid Amount owed by LBIE to JPMCB of $31,849 and interest accrued on unreturned collateral posted by LBIE owed by JPMCB to LBIE of $104,583. Please refer to Section 3 of this Annex for additional related Claims.

*Other Claims.* JPMCB is owed $5,000,000 from LBIE in respect of a post-petition misdirected wire transfer. On September 17, 2008, JPMCB transferred in error $5,000,000 to LBIE's account 30635285 held with Citibank pursuant to a standing instruction given to JPMCB by Goldman Sachs Asset Management. LBIE failed to return such transfer and owes such amount to JPMCB. JPMCB is asserting this claim pursuant to the Clearance Agreement and the Custodial Undertaking in Connection with Master Repurchase Agreement between Merrill Lynch Government Securities Inc. and/or Merrill Lynch, Pierce, Fenner & Smith Incorporated, Liberty Harbor Master Fund I, L.P. and JPMCB dated November 8, 2007. This is a post-petition Claim.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

JPMCB was also owed $1,910 by LBIE for outstanding pre-petition service fees on LBIE business accounts numbers 66211832, 66292336, 66709423, 66709806, 66710154 and 66710170 pursuant to the Treasury Services General Service Terms and Conditions Service Guide between JPMCB and LBIE.  JPMCB was also owed $5,834 for post-petition fees accrued with respect to the same accounts.

JPMCB is also owed the following post-petition amounts:  (a) $181,942 by LBIE for securities lending related fees ($156,942) and operations and business expenses ($25,000) and (b) $286,043 for fees relating to physical settlements.  In addition, JPMCB is owed $285,396 by LBIE for post-petition legal expenses incurred in the United Kingdom in respect of the Claims.

In addition to the LBIE Claims set forth above, the Claimants assert Claims held by such Claimant against LBIE, including, but not limited to, post-petition interest, costs and expenses, contingent claims not currently liquidated, out-of-pocket expenses and transaction costs.

**JPMCB, JPMIBL and JPMM/Lehman Brothers Finance S.A. ("LBFSA").**
As set forth in the letter dated February 25, 2009 (including all accompanying appendices, attachments and media containing related detail, the "Swiss Claim Letter") from JPMCB, BSIL and JPMIBL to LBFSA regarding the insolvency proceeding of LBFSA – Claim Submission, the following amounts were unpaid as of the dates specified in the Swiss Claim Letter:

| Claimant | Claim | Unpaid Amount |
|----------|-------|---------------|
| JPMCB | JPMCB Agreement | $2,485,013 |
| JPMM | JPMM Agreement | $835,018 |

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

The Swiss Claim Letter, a copy of which is attached hereto as Exhibit G, is hereby incorporated

by reference herein.  The Claims against LBFSA were guaranteed pursuant to the Morgan

Agreements (as defined in the Swiss Claim Letter) and pursuant to the Second LBHI Guaranty

and secured pursuant to the Second LBHI Security Agreement.  Calculation Statements and a

Demand under the Second LBHI Guaranty sent by JPMCB, JPMIBL and JPMM to LBFSA,

which reflect the assertion and payment of these Claims, are listed on Exhibit H.  The amounts of

the Claims of JPMCB and JPMM against LBFSA described in the relevant Calculation

Statements were determined, as a result of corrections identified by the Claimants in the

reconciliation of their Claims, to have been understated as follows:

(1)    The amount of the Claims of JPMCB against LBFSA under the ISDA

Master Agreement referred to in the relevant Calculation Statement was determined to have

been understated in such Calculation Statement by $4,525,112, which is the result of an

understatement of the Close-out Amount owed by LBFSA to JPMCB of $886,386, and

understatement of the Unpaid Amount owed by LBFSA to JPMCB of $2,485,013 and

interest accrued on unreturned collateral posted by JPMCB owed by LBFSA to JPMCB of

$1,153,713; and

(2)    The amount of the Claims of JPMM against LBFSA under the ISDA

Master Agreement referred to in the relevant Calculation Statement was determined to have

been understated in such Calculation Statement by $937,655, which is the result of an

understatement of the Unpaid Amount owed by LBFSA to JPMM of $835,018 and interest

accrued on unreturned collateral posted by JPMM owed by LBFSA to JPMM of $102,637.

These Claims are reflected in the Swiss Claim Letter.  All of such Claims, plus interest thereon,

remain unpaid.  Please refer to Section 3 of this Annex for additional related Claims.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

In addition to the Claims against LBFSA set forth above, the Claimants assert

additional Claims held by such Claimant against LBFSA, including, but not limited to, post-

petition interest, costs and expenses, contingent claims not currently liquidated, out-of-pocket

expenses and transaction costs.

**JPMCB/Lehman Brothers Holdings Japan Inc. ("Lehman Japan").** As

described above, JPMCB is owed $113,056,229 (¥10,474,659,951 at the prevailing exchange

rate on March 29, 2010) by LBHI with respect to the Lehman Japan Loans. Proofs of Claim

dated October 16, 2008 related to this amount have been asserted against Lehman Japan in a

Civil Rehabilitation proceeding in the Tokyo District Court.

**JPMCB/Lehman Brothers Japan Inc.** JPMCB was owed a pre-petition accrued

amount of $579.28 and a post-petition accrued amount of $1,131 for outstanding service fees on

Lehman Brothers Japan Inc. business account number 66635713 pursuant to the Treasury

Services General Service Terms and Conditions Service Guide between JPMCB and Lehman

Brothers Japan Inc.

**JPMSJC/Lehman Brothers Japan Securities Co. Ltd. ("LBJS").** JPMSJC

was owed $6,893,551 (¥638,687,465 at the prevailing exchange rate on March 29, 2010) as of

September 19, 2008 arising from securities loans under the JSDA Basic Agreement Concerning

Bond Lending Transactions, dated as of May 12, 2008, as amended, between LBJS and JPMSJC.

Of this amount, (a) $5,666,105 (¥524,964,586) related to outstanding balances that LBJS failed

to remit to JPMSJC remaining after the close-out of outstanding securities loans, $1,217,564

(¥112,807,270) related to accrued and unpaid interest and $9,882 (¥915,609) related to legal fees

incurred in connection with the Civil Rehabilitation proceeding in the Tokyo District Court. A

-36-

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

Proof of Claims dated October 16, 2008 related to this amount have been asserted against LBJS
in a Civil Rehabilitation proceeding in the Tokyo District Court.

**JPMCB/Lehman Brothers Securities Asia Limited ("LBSAL").** *Fixed Claim.*
JPMCB is owed $644,507 (HK$5,000,000 at the prevailing exchange rate on April 1, 2010) plus
interest by LBSAL pursuant to the Guarantee, dated July 15, 1996, as amended on November 24,
1998 (reference number NLC9 6/049301), by JPMCB (f/k/a The Chase Manhattan Bank) for
HK$5,000,000 for the benefit of Hong Kong Securities Clearing Company Ltd. ("HKSCC") on
behalf of LBSAL, which was drawn upon in full by HKSCC on September 17, 2008.

*Contingent Claim.* JPMCB also issued on behalf of LBSAL a Guarantee
(reference number G9550713), dated October 18, 1995, with periodic maturity extensions
through October 17, 2008, in the amount of $515,606 (HK$4,000,000) for the benefit of The
Stock Exchange of Hong Kong Limited at the prevailing exchange rate on March 29, 2010.
LBSAL will owe such amount plus interest to JPMCB if such Guarantee is drawn.

Proofs of Debt related to these amounts, copies of which are attached hereto as
Exhibit I and are hereby incorporated by reference herein, have been asserted against LBSAL on
February 10, 2009 in the High Court of the Hong Kong Special Administrative Region, Court of
First Instance.

**JPMCB/Lehman Investments Inc.** JPMCB is owed $351,594.42 by Lehman
Investments Inc. arising from an overdraft in account 66210879 of $343,744.67 as of September
11, 2008, plus charges on the overdraft of $7,849.75, pursuant to the LBHI's Secretary's
Certificate for Bank Accounts dated October 7, 1996, for JPMCB (f/k/a The Chase Manhattan
Bank).

**JPMCB/Woodlands Commercial Bank (f/k/a Lehman Brothers Commercial Bank ("LBCB"))**. LBCB is contingently obligated to JPMCB in an amount up to (a) $10,073,905 with respect to letters of credit issued by JPMCB and (b) an additional $257,216,415 with respect to letters of credit that may be issued by JPMCB. Pursuant to the provisions of approximately 15 credit agreements to which LBCB is a party, LBCB is obligated to reimburse JPMCB for LBCB's pro rata share of draws under letters of credit issued by JPMCB if the borrower fails to pay the amount of the draw to JPMCB. The amount in clause (a) of the first sentence of this paragraph is LBCB's pro rata share of such letters of credit issued by JPMCB as of March 6, 2010. The amount in clause (b) of the first sentence of this paragraph is LBCB's pro rata share of the additional letters of credit that JPMCB may be obligated to issue pursuant to existing commitments. JPMCB is providing to LBHI's counsel a confidential schedule listing, among other things, the relevant borrowers, credit agreements, commitment amounts and issued letters of credit.

**JPMCB/Lehman Brothers Asset Management (Ireland) Limited**. JPMCB is owed $5,717 for post-petition accrued service fees and account charges related to invoicing group LBAF_PA.

**JPMCB/Lehman Re Ltd.** JPMCB is owed $12,500 for post-petition accrued service fees and account charges related to business account 2210009877.

**Additional Claims Applicable to All Claimants**. In addition to the Claims set forth above, each Claimant may hold additional Claims, some of which may have accrued after the relevant Debtor's Commencement Date or may accrue after the date hereof. Such Claims include, but are not limited to, (a) Claims for post-petition interest and currency conversion costs accrued under applicable agreements or law, including interest computed at default rates; (b)

Claims for pre-petition and post-petition costs and expenses, including transaction and legal fees and expenses, payable under applicable agreements or law; (c) increases to Claim amounts stated above in this Annex that may be determined upon final reconciliation of the relevant transactions and amounts payable; (d) contingent Claims not currently liquidated, including, but not limited to, contingent claims of the Claimants arising from unresolved disputes relating to alleged misdirected payments, including processing errors, unreturned collateral and other matters; (e) Claims for pre-petition and post-petition misdirected payments to the Debtors, including, but not limited to, amounts paid or payable by or to customers of the Claimant, amounts held in accounts for a Debtor by a Claimant, and amounts paid to a Debtor that should have been paid or remitted to the Claimant; and (f) Claims arising from out-of-pocket expenses and transaction costs incurred by or on behalf of Claimant in connection with the exercise of default remedies, enforcement of rights, and the liquidation of collateral.

Each Claimant asserts all rights, entitlements, claims and remedies with respect to such Claims as a matter of general law, equity or otherwise, and reserves the right to assert any and all rights, entitlements, claims and remedies as a creditor for such Claims. The Claimant, on behalf of itself and its Affiliates, also asserts a claim against the Debtors for all amounts owed to the Claimant and/or its Affiliates by the Debtors that are not yet absolutely due or owing or are otherwise contingent or unliquidated, including any amount that may be due to the Claimant and/or its Affiliates from the Debtors in respect of representations, warranties, reimbursement obligations, agreements, covenants or indemnities made by the Debtors or implied at law or in equity.

3.     **Secured Claim**. In addition to the collateral applied against Claims as described above, JPMCB currently holds (a) unliquidated securities collateral posted by LBHI

under the First LBHI Security Agreement, the details of which have been provided to LBHI and the value of which is not currently determinable, *plus* (b) approximately $6,885,706,290 as of March 15, 2010 of unapplied cash and money market fund collateral (including amounts posted by LBHI under the Second LBHI Security Agreement and interest thereon, and principal and interest on securities posted by LBHI under the First LBHI Security Agreement), *plus* (c) approximately $60,131,813.83 as of March 15, 2010 of cash collateral posted by LBHI under the Lehman Japan Loans Security Agreement, *plus* (d) unliquidated securities collateral posted by LCPI under the Clearance Agreement, the details of which have been provided to LBHI and LCPI and the value of which is not currently determinable, *plus* (e) collateral posted by LBI described in the LBI Proofs of Claim, *plus* (f) approximately $1,361,602 in cash consisting of principal, interest and fees received by JPMCB from AAM with respect to advances funded by LCPI under the Participation prior to the Commencement Date, *plus* (g) approximately $29,844,008 in cash collateral consisting of principal and interest received from JPMCB in respect of the securities posted by LCPI as collateral.  In accordance with the CDA, each Claimant has applied or will apply the Collateral (as defined in the CDA) to the non-contingent Claims set forth herein.

The Claimants reserve all of their rights and remedies with respect to the First LBHI Guaranty and Second LBHI Guaranty, including, without limitation, their right to realize on collateral posted by LBHI to secure its obligations thereunder and to make further demands under the guaranties with respect to (i) amounts owing to any of the Claimants; (ii) amounts paid or otherwise transferred to or for the benefit of any Claimant in connection with any setoff or secured creditor right arising under the guaranties or any other document; (iii) interest accruing in relation to amounts that remain unpaid; and (iv) out-of-pocket expenses, including legal fees,

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

incurred by any Claimant by reason of the enforcement and protection of their respective rights under applicable documents.

      4.    **Amount of Claim Entitled to Priority**.  Each Claim is a secured claim to the extent of the value of the collateral securing such Claim, is entitled to priority as an administrative expense to the extent it arose on or after the Commencement Date and is a general unsecured claim to the extent that it is not secured and not entitled to such priority, without prejudice to any and all of the rights of each Claimant (i) under Section 1111(b) of the Bankruptcy Code and (ii) to assert that all or a portion of the Claims is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code.  These Proofs of Claim are filed without prejudice to the right of any Claimant to request payment of any administrative expense claims that it may have against any of the Debtors (including, without limitation, administrative expenses not described in this Proof of Claim and administrative expense claims arising from the use of Claimants' cash collateral by the debtors in these chapter 11 cases), and each Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Court, the Bankruptcy Code, or other applicable law.

      5.    **Credits**.  The amount of all payments on the Claims has been credited and deducted for the purpose of making this Proof of Claim, or such payments have been described above.  Each Claimant reserves all rights of setoff.

      6.    **Supporting Documentation**.  Pursuant to the Stipulation, Agreement and Order Exempting JPMorgan From the Obligation to Comply with Certain Requirements of the Bar Date Order Related to Derivative Contracts, approved by the Court on July 2, 2009 (the "JPM Claim Stipulation"), the Claimants are exempt from any requirement to provide information and documentation pursuant to the Derivative Questionnaire and Guarantee

Questionnaire with respect to JPM Derivative Contracts and guaranties of JPM Derivative

Contracts (as such terms are defined in the JPM Claim Stipulation).

The Claimants have heretofore provided to the Debtors and their official creditors

committee (the "Committee") hundreds of thousands of pages of documents requested by the

Debtors and the Committee, including copies of the agreements referred to herein and

information relevant to the Claims described herein. Consequently, additional copies of such

voluminous documents are not included with this Annex. The Claimants will furnish the

Debtors with copies of any additional pertinent documentation upon request.

7.    **Reservation of Rights/Amendments**. The assertion of Claims by each

Claimant herein is not a concession or admission as to the correct characterization or treatment

of any such claims, nor a waiver of any rights of such Claimant. The execution and filing of the

Proofs of Claim does not constitute: (a) a waiver or release of such Claimant's rights against any

other entity or person liable for all or part of the Claims; (b) a consent by such Claimant to the

jurisdiction of this Court with respect to any proceeding commenced against or otherwise

involving such Claimant; (c) a consent by such Claimant to the treatment of any non-core claim

against it as a core claim; (d) a waiver of the right to move to withdraw the reference with

respect to the subject matter of the Claims or otherwise, including without limitation any

objection or other proceedings commenced with respect thereto, or any other proceedings

commenced against or otherwise involving such Claimant; (e) a waiver of any right to the

subordination, in favor of such Claimant, of indebtedness or liens held by other creditors of the

relevant Debtor; (f) an election of remedies that waives or otherwise affects any other remedies;

(g) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is

otherwise applicable or (h) a waiver of any right with respect to property of a Claimant held by a

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

Debtor or Other Lehman Obligor.  Each Claimant expressly reserves its right to amend and

supplement this Proof of Claim to the full extent permitted by law to specify (and quantify)

damages, costs, expenses and other charges or claims incurred by the Claimant and to file

additional proofs of claim for additional claims, including without limitation (i) claims for post-

petition interest, legal fees and related expenses that are not ascertainable at this time and (ii)

claims arising from or relating to the avoidance of transfers made to the Claimant or any other

entity, including without limitation any payments of Claims described herein.  In addition, the

assertion of Claims by the Claimant set forth herein is in addition to, not in place of, and does not

amend, alter or affect in any way, the assertion of the Claims made in other jurisdictions.  The

Claimants' reconciliation process is ongoing, and the Claimants therefore reserve the right to

amend the Proofs of Claim and this Annex consistent with the results of such reconciliation.

This Annex and the Proofs of Claim are without prejudice to, and are not intended to supersede,

any and all additional claims that may be filed by a Claimant.  Pursuant to Bankruptcy Rule

3001(e)(3), JPMCB hereby adopts and incorporates in its Proofs of Claim by reference any and

all proofs of claim filed by trustees, issuers or similar persons against a Debtor with respect to

securities that have been pledged to JPMCB as collateral pursuant to the Clearance Agreement,

the First LBHI Security Agreement or otherwise (the "Trustee Proofs of Claim").  JPMCB's

Proofs of Claim are not intended to duplicate or supersede the Trustee Proofs of Claim, but shall

not be affected by any withdrawal or other impairment of any Trustee Proof of Claim prior to its

allowance or disallowance by the Court on the merits.

       8.     **Notices**.  ALL NOTICES WITH RESPECT TO THE CLAIMS SHOULD

BE SENT TO:

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

> JPMorgan Chase Bank, N.A.
> 245 Park Avenue, 12th Floor
> New York, New York  10167
> Attention:      Kevin C. Kelley, Esq.
> Fax:             646-534-6400

with a copy to:

> Wachtell, Lipton, Rosen & Katz
> 51 West 52nd Street
> New York, New York  10019
> Attention:      Harold S. Novikoff, Esq.
>                 Kathryn Gettles-Atwa, Esq.
> Fax:             212-403-2249

Penalty for Presenting Fraudulent Claim.  Fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 and 3571.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

# EXHIBITS

EXHIBIT A:   Guaranties of Derivative Contracts
EXHIBIT B:   LBI Proofs of Claim
EXHIBIT C:   JPMSI/LBHI Securities Law Claims
EXHIBIT D:   PWC Claim Letters
EXHIBIT E:   LBIE Claim Letters
EXHIBIT F:   LBIE Calculation Statements and Demands
EXHIBIT G:   Swiss Claim Letter
EXHIBIT H:   LBFSA Calculation Statements and Demands
EXHIBIT I:   Proofs of Debt

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

## EXHIBIT A:

## GUARANTIES OF DERIVATIVE CONTRACTS

*JPMCB/LBSF Agreement.*    Guarantee of LBHI dated as of December 20, 1995 made by LBHI in favor of JPMCB (successor to Morgan Guaranty Trust Company of New York) in respect of the JPMCB/LBSF Agreement.

*JPMCB/LBCC Agreement.*  Guarantee of LBHI dated as of November 15, 1993 made by LBCC in favor of JPMCB (successor to Morgan Guaranty Trust Company of New York) with respect to the JPMCB/LBCC Agreement.

*JPMBD/LBSF Agreement.*  Guarantee as of January 6, 1993 made by LBHI in favor of JPMBD (f/k/a BSB), as assignee of Bear Stearns Capital Markets Inc. with respect to the JPMBD/LBSF Agreement.

*JPMCB/LBIE Agreement.*  Guarantee of LBHI dated as of February 26, 1996 made by LBHI in favor of JPMCB (successor to Morgan Guaranty Trust Company of New York) with respect to the ISDA Master Agreement dated as of February 26, 1996 between JPMCB (successor to Morgan Guaranty Trust Company of New York) and LBIE.

*JPMCB/LBFSA Agreement.*  Guarantee of LBHI dated as of November 15, 1993 made by LBHI in favor of JPMCB (successor to Morgan Guaranty Trust Company of New York) with respect to the ISDA Master Agreement dated as of November 15, 1993 between JPMCB (successor to Morgan Guaranty Trust Company of New York) and LBFSA.

*JPMIBL/LBFSA Agreement.*  Guarantee of LBHI dated as of July 19, 2007 made by LBHI in favor of JPMIBL with respect to the ISDA Master Agreement dated as of July 19, 2007 between JPMIBL and LBFSA.

*JPMBD/LBIE Agreement.*  Guarantee of LBHI dated as of June 18, 1997 made by LBHI in favor of JPMBD, as assignee of Bear Stearns Capital Markets Inc. ("BSCM"), with respect to the ISDA Master Agreement dated as of June 18, 1997 between JPMBD, as assignee of BSCM, and LBIE.

*JPMM/LBIE Agreement.*  Guarantee of LBHI dated as of August 26, 1997 made by LBHI in favor of JPMM (f/k/a BSIL) with respect to the ISDA Master Agreement dated as of August 26, 1997 between JPMM and LBIE.

*JPMM/LBFSA Agreement.*  Guarantee of LBHI dated as of January 14, 1994 made by LBHI in favor of JPMM (f/k/a BSIL) with respect to the ISDA Master Agreement dated as of January 14, 1994 between JPMM and LBFSA.

*JPMCB/LBCS Agreement.*  Guarantee of LBHI as of February 2, 2006 made by LBHI in favor of JPMCB with respect to the JPMCB/LBCS Agreement.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

*JPMSL/LBCS Agreement.*  Guarantee of LBHI as of August 8, 2006 made by LBHI in favor of JPMSL, as assignee of JPMVEC, with respect to the JPMSL/LBCS Agreement.

*JPMVEC/LBCS Agreement.*  Guarantee of LBHI as of August 8, 2006 made by LBHI in favor of JPMVEC with respect to the JPMVEC/LBCS Agreement.

*WMB/LBSF Agreement.*  Guarantee of LBHI as of May 28, 1998 made by LBHI in favor of WMB with respect to the WMB/LBSF Agreement.

*JPMM/LBSF Agreement.*  Guarantee of LBHI as of July 11, 2001 made by LBHI in favor of JPMM (f/k/a BSIL) with respect to the BSIL/LBSF Agreement.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

## EXHIBIT B:

## LBI PROOFS OF CLAIM

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers Inc. | Case Number:<br>08-01420 (JMP) SIPA |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>JPMorgan Chase Bank, N.A. | ☑ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>245 Park Avenue, 12th Floor<br>New York, NY  10167<br>Attention:  Kevin Kelley, Esq.<br>Telephone number:<br>212-648-0427 | Court Claim Number: **4939**<br>*(If known)*<br><br>Filed on: **5/29/09** |
| Name and address where payment should be sent (if different from above):<br><br>N/A<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. **Amount of Claim as of Date Case Filed:**    $ See attached Annex.<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
|---|---|
| 2. **Basis for Claim:** See attached Annex.<br>(See instruction #2 on reverse side.) | |
| 3. **Last four digits of any number by which creditor identifies debtor:** See attached Annex.<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a)(4). |
| 4. **Secured Claim (See instruction #4 on reverse side.)** See attached Annex.<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe:<br><br>**Value of Property:**$_____ **Annual Interest Rate**___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>if any: $_____ **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>See attached Annex.<br>7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.<br>You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)<br>See attached Annex.<br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).<br><br>**Amount entitled to priority:**<br><br>$See attached Annex.<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>3/31/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>[signature]    ANN KURINSKAS<br>MANAGING DIRECTOR | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                         :
                                               :
Lehman Brothers Inc.,                          :        Case No. 08-01420 (JMP) SIPA
                                               :
                              Debtor.          :

AMENDED AND RESTATED
ANNEX TO PROOFS OF CLAIM OF

JPMORGAN CHASE BANK, N.A.,
J.P. MORGAN SECURITIES INC. AND
J.P. MORGAN CLEARING CORP.

1.      **Name of Claimants**.  This is the Amended and Restated Annex (the

"Annex") to the amended Proofs of Claim (the "Proofs of Claim") submitted by JPMorgan

Chase Bank, N.A. ("JPMCB"), J.P. Morgan Securities Inc. ("JPMSI") and J.P. Morgan Clearing

Corp. (f/k/a Bear, Stearns Securities Corp.) ("JPM Clearing," and each of JPMCB, JPMSI and

JPM Clearing, a "Claimant"), each having an address at 245 Park Avenue, New York, New York

10167, against debtor Lehman Brothers Inc. (the "Debtor").  The Claimants are parties to the

Collateral Disposition Agreement, dated as of March 16, 2010 (the "CDA"), among Lehman

Brothers Holdings Inc. ("LBHI"), certain subsidiaries of LBHI (excluding the Debtor), the

Claimants and certain of the Claimant's Affiliates (as defined below), which was approved by

the Bankruptcy Court presiding over LBHI's chapter 11 case by an order dated March 24, 2010.

The signatory of each Proof of Claim to which this Annex is attached is authorized to make such

claim on behalf of the Claimant named therein and, to the extent applicable, the following

persons (collectively, such Claimant's "Affiliates"):  such Claimant's successors, predecessors,

assigns, parents, subsidiaries, affiliates, directors, officers, consultants, agents, representatives,

advisors and employees, and each other person or entity who, within the meaning of section 15

-1-

of the Securities Act of 1933, or section 20 of the Securities Exchange Act of 1934 (the

"Exchange Act"), each as amended, "controls" such Claimant. The amended Proof of Claim to

which this Annex is attached supersedes the original proof of claim filed by the Claimant named

in such amended Proof of Claim with respect to the Claims described herein.

2.      **Basis for Claims**. On September 19, 2008 (the "Petition Date"), the

United States District Court for the Southern District of New York (the "Court") entered an

Order granting the application of Securities Investor Protection Corporation for issuance of a

protective decree adjudicating that the customers of the Debtor are in need of the protection

afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA"). On and prior

to the Petition Date, the Debtor and the Claimants were parties to, among other things, certain

commercial and financial relationships and agreements, which gave rise to the claims set forth in

the Proofs of Claim and further described below (collectively, the "Claims"). As of the Petition

Date, unless otherwise specified:

A.      JPMCB Claims.

I.      *Clearance and Settlement Claims (Clearance Agreement)*. As of October

1, 2008, JPMCB was owed $25,279,675,964 for extensions of credit for the clearance and

settlement of securities transactions under the Clearance Agreement signed by the Debtor on

June 7, 2000, as amended, to which JPMCB and the Debtor are party together with certain of the

Debtor's affiliates (the "Clearance Agreement"). As of March 15, 2010, such amount had been

reduced to $6,333,781,099, principally by application of the sale proceeds of securities collateral

(the "Clearance Agreement Securities Collateral") pledged by the Debtor pursuant to the

Clearance Agreement to secure such claims, application of distributions received on the

Clearance Agreement Securities Collateral, application of cash repo adjustments received with respect to the Clearance Agreement Securities Collateral, the exercise of setoff rights against certain of the Debtor's demand deposit accounts, application of collateral pledged by the Debtor in connection with the Agency MSLA (as defined below) and other account activity.

In addition, as of March 31, 2010, JPMCB was owed $280,224,670 for interest accrued on and after the Petition Date on the Claims under the Clearance Agreement.

II.     *Swap Agreement Claims (ISDA Master Agreement)*.  JPMCB was owed $49,243,907 arising from swap agreements under the ISDA Master Agreement dated as of September 8, 2004, as amended, between JPMCB and the Debtor (the "ISDA Master Agreement").  This is a net Claim comprised of Unpaid Amounts, Loss, amounts owing for failure to return Posted Collateral (as such terms are defined in such ISDA Master Agreement) and other amounts arising under swap agreements, including terminated swap agreements. JPMCB sent the Debtor a Calculation Statement dated October 17, 2008, together with appendices and attachments containing related detail (together, the "Calculation Statement"), requesting payment of $13,756,134 of such net Claim.  As described in the Calculation Statement, such $13,756,134 was repaid by application of proceeds of the liquidation of securities collateral posted by the Debtor under the Clearance Agreement.

The Claims arising under the ISDA Master Agreement and the Calculation Statement have changed as described below as a result of corrections identified by JPMCB in the reconciliation of the Claims:

08-13555-mg    Doc 16083-1    Filed 04/15/11    Entered 04/15/11 16:57:26    Exhibit B    Pg 55 of 110

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

(1)    The amount of the Claims of JPMCB against the Debtor under the ISDA Master Agreement was determined to have been understated in the Calculation Statement by $35,487,773, which is the result of an overstatement of the Close-out Amount (as such term is defined in the ISDA Master Agreement) owed by JPMCB to the Debtor of $6,692,220, an overstatement of the Unpaid Amount owed by JPMCB to the Debtor of $28,686,285 and interest accrued on unreturned collateral posted by JPMCB owed by the Debtor to JPMCB of $109,268; and

(2)    The $45,567,129 Claim balance stated in the original Proof of Claim filed by JPMCB against the Debtor was an estimate of such understatement and should be deemed superseded by the results of the reconciliation.

As a result of the foregoing changes, JPMCB is owed by the Debtor under the ISDA Master Agreement $35,487,773 more than the amount set forth in the Calculation Statement. All of such amount, plus interest thereon, remains unpaid.

III.    _Securities Contract Claims for Securities Loans (Master Securities Lending Agreement)._ JPMCB was owed $23,817,391 arising from securities loans under the Master Securities Lending Agreement dated as of March 9, 1983, as amended, between JPMCB (f/k/a The Chase Manhattan Bank (National Association)), as trustee or managing agent, and the Debtor (f/k/a Shearson/American Express Inc.) (the "Agency MSLA"). Of this amount, (a) $8,010,490 related to income, dividends and other distributions on securities borrowed by the Debtor under the Agency MSLA which the Debtor failed to remit to JPMCB as required by the Agency MSLA, fees and other charges owing under the Agency MSLA, and indemnification

claims, and (b) $15,806,901 related to out-of-pocket expenses and transaction costs incurred by

JPMCB in connection with the exercise of remedies with respect to the outstanding securities

loans under the Agency MSLA and the liquidation of collateral held thereunder. JPMCB was

also owed an additional $8,565,357 by the Debtor in fees, account balances and other amounts

under the Agency MSLA.

JPMCB recovered $8,010,490 of the non-estimated portion of the Claim

described in the preceding paragraph through the application of the proceeds of collateral posted

by the Debtor under the Agency MSLA.

In addition, JPMCB is owed $25,302 by LBI for other post-petition expenses

incurred as a result of the closing of the securities lending portfolio.

The reconciliation process with respect to the Claims under the Agency MSLA is ongoing, and

JPMCB therefore reserves the right to amend its Proof of Claim (including this Annex)

consistent with the results of such reconciliation.

IV.    _Securities Contract Claims for Failed Transactions (Global Custody and_

_Clearing Agreement)_.  JPMCB was owed $2,450,272 arising from breaches of securities

contracts under the Global Custody and Clearance Agreement dated as of March 14, 2001, as

amended, between JPMCB (f/k/a The Chase Manhattan Bank) and the Debtor. This Claim arises

from the failure of the Debtor to repay funds advanced by JPMCB, as collateral agent, to the

Debtor and to settle a portion of certain securities contracts because the Debtor did not pay U.K.

stamp taxes applicable to the transactions and payable by the Debtor. This Claim represents the

amount payable by the Debtor under the relevant securities contracts (including the stamp tax), and may be subject to reduction by the amount of any net proceeds realized by JPMCB from the sale of the relevant securities.

V.    *BGI-Related Securities Lending Claim (Custodial Undertaking)*.  JPMCB was owed $8,024,375 arising from the exercise of remedies with respect to the Debtor's defaults under securities loans with Barclays Global Investors Limited, as agent for Stichting Pensioenfonds voor de Gezondheid, Geestelijke en Maatschappelijke Belangen ("BGI"), under the Custodial Undertaking in Connection with Global Master Repurchase Agreement and Global Master Securities Lending Agreement among the Claimant, as custodian, the Debtor and BGI dated as of January 18, 2006.

VI.    *Securities Options Claims*.  JPMCB, as assignee from Washington Mutual Bank (Account No. G54440), was owed $2,179,688 arising from put options on three forward settling trades for FNMA securities, on which the Debtor defaulted.  These trades are evidenced by two Option Confirmations and Agreements dated September 3, 2008 and one such agreement dated September 9, 2008.

VII.    *Securities Contract Service Fees, Account Charges and Other Amounts*.  JPMCB was owed $2,910,494 for various fees and charges relating to accounts and services provided to or for the benefit of the Debtor.  The fees and charges consist of:  $2,803,620 of service fees and other fees and charges under the Master Implementation Form for Treasury Services General Service Terms and Conditions and Controlled Disbursement Services dated as of February 8, 2005, as amended, between JPMCB and the Debtor; $41,949 of physical

securities fees and other fees and charges under the Domestic Custody Agreement dated as of February 28, 2007, as amended, between JPMCB and the Debtor; and $64,925 relating to U.K. Accounts and other fees and charges under the Global Custody and Clearance Agreement dated as of March 14, 2001, as amended, between JPMCB (f/k/a The Chase Manhattan Bank) and the Debtor. In addition, JPMCB was owed $97,578 arising from an overdraft in account 66020751 resulting from returned checks dated prior to the Petition Date. In addition, JPMCB is owed the following amounts arising after the Petition Date: (a) $491,692 for post-petition broker-dealer fees ($483,974) and fees on physical settlements ($7,718); (b) $75,473 for principal and interest payments in relation to two physical securities purchased by JPMSI; (c) $12,102,386 for legal expenses; and (d) $1,913,362 for consulting expenses incurred by JPMCB with respect to its Claims against the Debtor.

> VIII.    *Misdirected Payments*.

A.    JPMCB is owed $7,000,000 for the return of misdirected payments with respect to its client Bridgewater. On September 17 and 18, 2008, JPMCB made erroneous payments totaling $7,000,000 from JPMCB custodial accounts to accounts of the Debtor maintained with Citibank (London) accounts (account - 66427 and account - GB23CITI18500810640409). Bridgewater issued cancellation instructions that were not executed before the payments. JPMCB made payment recall requests to Citibank, but Citibank rejected the recall of the funds. JPMCB paid Bridgewater $7,000,000 and subsequently filed a claim with the Debtor for the return of the payments. This Claim arose after the Petition Date.

B.    JPMCB is owed $4,433.89 for the return of misdirected payments with respect to its client Fidelity Central Investment Portfolios, LLC; fbo Fidelity Mortgage Backed

Securities Central Fund ("Fidelity").  On September 16, 2008, the Debtor wired $4,433.89

through Citibank to JPMCB for further credit to Fidelity.  In October 2008, JPMCB, which had

been unable to confirm with Fidelity the instructions regarding the Funds, returned the funds to

the Debtor and subsequently received instructions from Fidelity to execute the cash payment.

This Claim arose after the Petition Date.

 

        B.      <u>JPMSI Claims</u>.

        I.      <u>*Securities Contracts Claims for Defaulted Securities Loans*</u>.  JPMSI was

owed $10,097,117 arising from securities loans under the Master Securities Loan Agreement

dated as of April 23, 1993, as amended, between JPMSI (f/k/a Chemical Securities Inc.) and the

Debtor (f/k/a Shearson Lehman Brothers Inc.) (the "<u>JPMSI MSLA</u>").  This is a net Claim

remaining after the close-out of outstanding securities loans and application of collateral posted

under the JPMSI MSLA.  Such $10,097,117 has been paid by application of cash collateral

posted by LBHI to secure its Guaranty dated as of September 9, 2008 (the "<u>Second LBHI</u>

<u>Guaranty</u>") of all obligations of LBHI and all of its subsidiaries to JPMCB and all of its

affiliates, subsidiaries, successors and assigns as indicated in the following documents sent by

JPMCB to LBHI (collectively, the "<u>LBHI Demand Documents</u>"):  Demand for Payment under

Guaranty dated October 24, 2008; Notice of Enforcement of Security in respect of Guaranty

dated October 29, 2008; Restated Demand for Payment under Guaranty dated November 14,

2008; and Restated Notice of Enforcement of Security in Respect of Guaranty dated November

14, 2008.

 

        II.      <u>*Underwriting or Placement Fees*</u>.  JPMSI was owed $9,554,671 for net

underwriting fees payable to JPMSI pursuant to certain underwriting arrangements where the

Debtor, as lead or managing underwriter (or equivalent), failed to pay JPMSI fees owed for its participation as joint book-running manager, co-manager or underwriter (or equivalent) in debt, equity and asset-backed securities offerings which took place in June, July, August and September of 2008. $7,314,913 is attributable to fees or interests arising from equity offerings, and $2,807,714 is attributable to fees owing to JPMSI from the Debtor arising from debt and asset-backed securities originations, net of fees of $567,956 arising from debt and asset-backed securities originations which are owing to the Debtor from JPMSI.

C.    <u>JPM Clearing Claims</u>.  JPM Clearing was owed $525,266 arising from securities loans under the Master Securities Loan Agreement dated as of January 18, 2002, as amended, between JPM Clearing and the Debtor (the "<u>JPM Clearing MSLA</u>").  This is a net Claim remaining after the close-out of outstanding securities loans and application of collateral posted under the JPM Clearing MSLA.  Such $525,266 has been paid by application of cash collateral posted by LBHI to secure the Second LBHI Guaranty, as indicated in the LBHI Demand Documents.

D.    <u>Additional Claims Applicable to All Claimants</u>.  In addition to the Claims set forth above, each Claimant may hold additional Claims, some of which may have accrued after the Petition Date or may accrue after the date hereof.  Such Claims include, but are not limited to, (a) Claims for post-petition interest accrued under applicable agreements or law; (b) Claims for prepetition and post-petition costs and expenses, including transaction and legal fees and expenses, payable under applicable agreements or law; (c) increases to Claim amounts stated above in this Annex that may be determined upon final reconciliation of the relevant transactions and amounts payable; (d) contingent Claims not currently liquidated; (e) Claims for prepetition

and post-petition misdirected payments to the Debtor, including, but not limited to, amounts paid or payable by or to customers of the Claimant, amounts held in accounts for the Debtor by a Claimant, and amounts paid to the Debtor that should have been paid or remitted to the Claimant; and (f) Claims arising from out-of-pocket expenses and transaction costs incurred by or on behalf of Claimant in connection with the exercise of default remedies, enforcement of rights, and the liquidation of collateral.

Each Claimant asserts all rights, entitlements, claims and remedies with respect to such Claims as a matter of general law, equity or otherwise, and reserves the right to assert any and all rights, entitlements, claims and remedies as a creditor for such Claims. The Claimant, on behalf of itself and its Affiliates, also asserts a claim against the Debtor for all amounts owed to the Claimant and/or its Affiliates by the Debtor that are not yet absolutely due or owing or are otherwise contingent or unliquidated, including any amount that may be due to the Claimant and/or its Affiliates from the Debtor in respect of representations, warranties, reimbursement obligations, agreements, covenants or indemnities made by the Debtor or implied at law or in equity.

E.    Securities Law Claims; Claims Filed by Codebtor. Each Claimant or its Affiliates may have contingent contractual and non-contractual indemnity, contribution, equitable and other claims against the Debtor for any losses, claims, damages or other liabilities (or actions in respect thereof), joint or several, to which such Claimant may become subject under securities law or otherwise, including, without limitation, settlement costs, investigation costs and the fees and expenses of counsel (collectively, "Actions") arising from, based on or relating to the underwriting, placement and/or sale of securities by such Claimant. In

circumstances where a Claimant or an Affiliate of a Claimant is the lead managing underwriter with respect to an offer of securities, such Claimant or Affiliate also asserts claims of the kind described in the preceding sentence against the Debtor on behalf of all underwriters in the underwriting syndicate (and their affiliates) with respect to such offer.  In addition, each Claimant and its Affiliates, as an entity that is or may be liable with the Debtor to a creditor that has not filed a proof of claim, hereby files pursuant to Bankruptcy Rule 3005(a) a proof of claim on behalf of each such creditor covering claims in which such Claimant or Affiliate, as applicable, is a codebtor with the Debtor.  The name of each such creditor is not currently known.

This filing is intended to include, without limitation, all Claims of the types described above in the preceding paragraph arising from the facts and circumstances which allegedly gave rise to the claims asserted against Claimant, any of its Affiliates and/or the Debtor in the following cases:  *In re Ambac Fin. Group, Inc. Sec. Litig.* (S.D.N.Y.); *In re American Int'l Group Inc. Sec. Litig.* (S.D.N.Y.); *American Nat'l Ins. Co. v. Fuld, et al.* (S.D. Tex; S.D.N.Y.); *City of Cleveland v. Deutsche Bank Trust Co., et al.* (Ohio Ct. Com. Pl., Cuyahoga County; N.D. Ohio); *City of Cleveland v. JPMorgan Chase Bank, N.A., et al.* (Ohio Ct. Com. Pl., Cuyahoga County); *In re Fannie Mae 2008 Sec. Litig.* (S.D.N.Y.); *Freidus, et al. v. ING Groep N.V., et al.* (S.D.N.Y.); *Genesee County Employees' Ret. System v. Thornburg Mortgage, Inc., et al.* (Santa Fe County, New Mexico); *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing and Securitization LLC* (S.D.N.Y.); *Jacoby v. Syron, et al.* (S.D.N.Y.); *Luther v. Countrywide Home Loans Servicing LP, et al.* (County of Los Angeles); *New York City Employees' Ret. System v. Countrywide Fin. Corp.* (C.D.N.Y.); *Orange County Employees' Ret.*

*System, et al. v. Carlson, et al.* (N.D. Cal); *Phynice Kelley v. ShoreTel, Inc., et al.* (San Francisco

County; N.D. Cal); *Rubin v. MF Global, Ltd., et al.* (S.D.N.Y.); *In re U.S. Interactive, Inc. Sec.*

*Litig.* (E.D. Pa); *In re SemGroup Energy Partners, L.P. Sec. Litig.* (N.D. Okla.); *In re Virgin*

*Mobile USA IPO Litig.* (D.N.J.); *In re Washington Mutual, Inc. Sec. Litig.* (W.D. Wash.); and

*Watkins v. ShoreTel, Inc., et al.* (N.D. Cal.), as well as (a) all cases or Actions relating to the

restoration, retrieval or clean up of Claimant's, its Affiliates' and/or the Debtor's properties

affected by September 11, 2001 terrorist actions; and (b) all cases or Actions relating to

allocation, compensation and analyst recommendation matters involving initial public offerings,

including, but not limited to, *In re Initial Pub. Offering Sec. Litig.* (S.D.N.Y.) and actions filed

by Vanessa Simmonds seeking relief under Section 16(b) of the Exchange Act (W.D. Wash; 9th

Cir.). The Claimants further reserve all rights to assert all claims, under contract, federal

securities law and common law, including but not limited to indemnification and contribution,

against the Debtor with respect to all similar actions brought against Claimant, whether the

actions currently are pending or are filed at a future date.


3.    **Secured Claim**. In addition to the collateral applied against Claims as

described above, JPMCB currently holds (a) cash and securities collateral (including cash,

principal and interest payments and other proceeds thereof) posted by the Debtor under the

Clearance Agreement, which secures all claims of JPMCB against the Debtor, the aggregate

value of which collateral is not currently determinable, (b) approximately $8,565,357 of the cash

proceeds of collateral posted by the Debtor under the Agency MSLA to secure the Claims under

the Agency MSLA and all other JPMCB Claims against the Debtor, and (c) at least

$142,476,437 of cash in accounts of the Debtor against which JPMCB has collateral and/or setoff rights.

In addition, the Claims of JPMCB against the Debtor under the Clearance Agreement are guaranteed by the Guaranty of LBHI dated as of August 26, 2008 (the "First LBHI Guaranty"), and secured by the cash and securities collateral posted therefor pursuant to the Security Agreement relating to the First LBHI Guaranty dated as of August 26, 2008 between JPMCB and LBHI. The Claims of all of the Claimants against the Debtor are guaranteed by the Second LBHI Guaranty, and secured by additional collateral posted therefor pursuant to the Security Agreement relating to the Second LBHI Guaranty dated as of September 9, 2008 between JPMCB and LBHI. The aggregate value of the collateral posted by LBHI is not currently determinable.

In accordance with the CDA, the Claimant has applied or will apply the Collateral (as defined in the CDA) to the non-contingent Claims set forth herein.

4.      **Amount of Claim Entitled Priority**. Each Claim is a secured claim to the extent of the value of the collateral securing such Claim, is entitled to priority as an administrative expense to the extent it arose on or after the Petition Date, and is a general unsecured claim to the extent that it is not secured and not entitled to such priority, without prejudice to any and all of the rights of the Claimant (i) under Section 1111(b) of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and (ii) to assert that all or a portion of the Claims is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code. These Proofs of Claim are filed without prejudice to the right

of any Claimant to request payment of any administrative expense claims that it may have against any of the Debtors (including, without limitation, administrative expenses not described in this Proof of Claim and administrative expense claims arising from the use of Claimants' cash collateral by the debtors in these Chapter 11 cases), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Court, the Bankruptcy Code, or other applicable law.

5.    **Credits**. The amount of all payments on the Claims has been credited and deducted for the purpose of making this Proof of Claim, or such payments have been described above. The Claimant reserves the right to set off against any amount, securities or positions owed by it to the Debtor, all obligations of the Debtor to the Claimant and any obligations that the Debtor or any affiliate owes to the Claimant or any affiliate, in each case to the extent allowed by applicable law or any agreement or instrument.

6.    **Supporting Documentation**. The Claimants have heretofore provided to the Trustee (the "SIPA Trustee") appointed by the Court under SIPA, tens of thousands of pages of documents requested by the SIPA Trustee, including copies of the agreements referred to herein and information relevant to the Claims described herein. Consequently, additional copies of such voluminous documents are not included with this Annex to the Proofs of Claim. The Claimant will furnish the Debtor and the Trustee, as applicable, with copies of any additional pertinent documentation upon request.

7.    **Reservation of Rights/Amendments**. The assertion of Claims by each Claimant herein is not a concession or admission as to the correct characterization or treatment

of any such claims, nor a waiver of any rights of such Claimant. The execution and filing of the this Proof of Claim does not constitute: (a) a waiver or release of such Claimant's rights against any other entity or person liable for all or part of the Claims; (b) a consent by such Claimant to the jurisdiction of this Court with respect to any proceeding commenced against or otherwise involving such Claimant; (c) a consent by such Claimant to the treatment of any non-core claim against it as a core claim; (d) a waiver of the right to move to withdraw the reference with respect to the subject matter of the Claims or otherwise, including without limitation any objection or other proceedings commenced with respect thereto, or any other proceedings commenced against or otherwise involving such Claimant; (e) a waiver of any right to the subordination, in favor of such Claimant, of indebtedness or liens held by other creditors of the Debtor; (f) an election of remedies that waives or otherwise affects any other remedies; or (g) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is otherwise applicable. Each Claimant expressly reserves its right to amend and supplement this Proof of Claim to the fullest extent permitted by law to specify (and quantify) damages, costs, expenses and other charges or claims incurred by the Claimant and to file additional proofs of claim for additional claims, including without limitation (i) claims for post-petition interest, legal fees and related expenses that are not ascertainable at this time and (ii) claims arising from or relating to the avoidance of transfers made to the Claimant or any other entity. The Claimants' reconciliation process is ongoing, and the Claimants therefore reserve the right to amend the Proofs of Claim and this Annex consistent with the results of such reconciliation.

8.    **Notices**. ALL NOTICES WITH RESPECT TO THE CLAIMS SHOULD BE SENT TO:

JPMorgan Chase Bank, N.A.
245 Park Avenue, 12th Floor
New York, New York  10167
Attention:      Kevin C. Kelley, Esq.
Fax:              646-534-6400

with a copy to:

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York  10019
Attention:      Harold S. Novikoff, Esq.
                     Kathryn Gettles-Atwa, Esq.
Fax:              212-403-2249


<u>Penalty for Presenting Fraudulent Claim</u>.  Fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers Inc. | Case Number:<br>08-01420 (JMP) SIPA |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>J.P. Morgan Clearing Corp. | ☑ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>245 Park Avenue, 12th Floor<br>New York, NY 10167<br>Attention: Kevin Kelley, Esq.<br><br>Telephone number:<br>212-648-0427 | Court Claim Number: 4940<br>*(If known)*<br><br>Filed on: 5/29/09 |
| Name and address where payment should be sent (if different from above):<br><br>N/A<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:        $ See attached Annex.<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 2. Basis for Claim: See attached Annex.<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor: See attached Annex.<br><br>   3a. Debtor may have scheduled account as: _____<br>         (See instruction #3a on reverse side.) | |
| 4. Secured Claim (See instruction #4 on reverse side.) See attached Annex.<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe:<br><br>Value of Property:$_____ Annual Interest Rate____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____    Basis for perfection: _____<br><br>Amount of Secured Claim: $_____    Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>   See attached Annex.<br>7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)<br>   See attached Annex.<br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).<br><br>Amount entitled to priority:<br><br>$ See attached Annex.<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |
| Date:<br>3/31/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   MICHAEL MINIKES<br>MANAGING DIRECTOR | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                    :
                                          :
Lehman Brothers Inc.,                     :        Case No. 08-01420 (JMP) SIPA
                                          :
                          Debtor.         :

AMENDED AND RESTATED
ANNEX TO PROOFS OF CLAIM OF

JPMORGAN CHASE BANK, N.A.,
J.P. MORGAN SECURITIES INC. AND
J.P. MORGAN CLEARING CORP.

1.       **Name of Claimants**.  This is the Amended and Restated Annex (the

"Annex") to the amended Proofs of Claim (the "Proofs of Claim") submitted by JPMorgan

Chase Bank, N.A. ("JPMCB"), J.P. Morgan Securities Inc. ("JPMSI") and J.P. Morgan Clearing

Corp. (f/k/a Bear, Stearns Securities Corp.) ("JPM Clearing," and each of JPMCB, JPMSI and

JPM Clearing, a "Claimant"), each having an address at 245 Park Avenue, New York, New York

10167, against debtor Lehman Brothers Inc. (the "Debtor").  The Claimants are parties to the

Collateral Disposition Agreement, dated as of March 16, 2010 (the "CDA"), among Lehman

Brothers Holdings Inc. ("LBHI"), certain subsidiaries of LBHI (excluding the Debtor), the

Claimants and certain of the Claimant's Affiliates (as defined below), which was approved by

the Bankruptcy Court presiding over LBHI's chapter 11 case by an order dated March 24, 2010.

The signatory of each Proof of Claim to which this Annex is attached is authorized to make such

claim on behalf of the Claimant named therein and, to the extent applicable, the following

persons (collectively, such Claimant's "Affiliates"):  such Claimant's successors, predecessors,

assigns, parents, subsidiaries, affiliates, directors, officers, consultants, agents, representatives,

advisors and employees, and each other person or entity who, within the meaning of section 15

-1-

of the Securities Act of 1933, or section 20 of the Securities Exchange Act of 1934 (the "Exchange Act"), each as amended, "controls" such Claimant. The amended Proof of Claim to which this Annex is attached supersedes the original proof of claim filed by the Claimant named in such amended Proof of Claim with respect to the Claims described herein.

2. **Basis for Claims**. On September 19, 2008 (the "Petition Date"), the United States District Court for the Southern District of New York (the "Court") entered an Order granting the application of Securities Investor Protection Corporation for issuance of a protective decree adjudicating that the customers of the Debtor are in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA"). On and prior to the Petition Date, the Debtor and the Claimants were parties to, among other things, certain commercial and financial relationships and agreements, which gave rise to the claims set forth in the Proofs of Claim and further described below (collectively, the "Claims"). As of the Petition Date, unless otherwise specified:

A. JPMCB Claims.

I. *Clearance and Settlement Claims (Clearance Agreement).* As of October 1, 2008, JPMCB was owed $25,279,675,964 for extensions of credit for the clearance and settlement of securities transactions under the Clearance Agreement signed by the Debtor on June 7, 2000, as amended, to which JPMCB and the Debtor are party together with certain of the Debtor's affiliates (the "Clearance Agreement"). As of March 15, 2010, such amount had been reduced to $6,333,781,099, principally by application of the sale proceeds of securities collateral (the "Clearance Agreement Securities Collateral") pledged by the Debtor pursuant to the Clearance Agreement to secure such claims, application of distributions received on the

Clearance Agreement Securities Collateral, application of cash repo adjustments received with respect to the Clearance Agreement Securities Collateral, the exercise of setoff rights against certain of the Debtor's demand deposit accounts, application of collateral pledged by the Debtor in connection with the Agency MSLA (as defined below) and other account activity.

In addition, as of March 31, 2010, JPMCB was owed $280,224,670 for interest accrued on and after the Petition Date on the Claims under the Clearance Agreement.

II.    _Swap Agreement Claims (ISDA Master Agreement)_.  JPMCB was owed $49,243,907 arising from swap agreements under the ISDA Master Agreement dated as of September 8, 2004, as amended, between JPMCB and the Debtor (the "ISDA Master Agreement").  This is a net Claim comprised of Unpaid Amounts, Loss, amounts owing for failure to return Posted Collateral (as such terms are defined in such ISDA Master Agreement) and other amounts arising under swap agreements, including terminated swap agreements. JPMCB sent the Debtor a Calculation Statement dated October 17, 2008, together with appendices and attachments containing related detail (together, the "Calculation Statement"), requesting payment of $13,756,134 of such net Claim.  As described in the Calculation Statement, such $13,756,134 was repaid by application of proceeds of the liquidation of securities collateral posted by the Debtor under the Clearance Agreement.

The Claims arising under the ISDA Master Agreement and the Calculation Statement have changed as described below as a result of corrections identified by JPMCB in the reconciliation of the Claims:

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

(1)      The amount of the Claims of JPMCB against the Debtor under the ISDA Master

Agreement was determined to have been understated in the Calculation Statement by

$35,487,773, which is the result of an overstatement of the Close-out Amount (as such

term is defined in the ISDA Master Agreement) owed by JPMCB to the Debtor of

$6,692,220, an overstatement of the Unpaid Amount owed by JPMCB to the Debtor of

$28,686,285 and interest accrued on unreturned collateral posted by JPMCB owed by the

Debtor to JPMCB of $109,268; and

(2)      The $45,567,129 Claim balance stated in the original Proof of Claim filed by

JPMCB against the Debtor was an estimate of such understatement and should be

deemed superseded by the results of the reconciliation.

As a result of the foregoing changes, JPMCB is owed by the Debtor under the ISDA Master

Agreement $35,487,773 more than the amount set forth in the Calculation Statement.  All of

such amount, plus interest thereon, remains unpaid.

III.      *Securities Contract Claims for Securities Loans (Master Securities*

*Lending Agreement)*.  JPMCB was owed $23,817,391 arising from securities loans under the

Master Securities Lending Agreement dated as of March 9, 1983, as amended, between JPMCB

(f/k/a The Chase Manhattan Bank (National Association)), as trustee or managing agent, and the

Debtor (f/k/a Shearson/American Express Inc.) (the "Agency MSLA").  Of this amount, (a)

$8,010,490 related to income, dividends and other distributions on securities borrowed by the

Debtor under the Agency MSLA which the Debtor failed to remit to JPMCB as required by the

Agency MSLA, fees and other charges owing under the Agency MSLA, and indemnification

claims, and (b) $15,806,901 related to out-of-pocket expenses and transaction costs incurred by JPMCB in connection with the exercise of remedies with respect to the outstanding securities loans under the Agency MSLA and the liquidation of collateral held thereunder. JPMCB was also owed an additional $8,565,357 by the Debtor in fees, account balances and other amounts under the Agency MSLA.

JPMCB recovered $8,010,490 of the non-estimated portion of the Claim described in the preceding paragraph through the application of the proceeds of collateral posted by the Debtor under the Agency MSLA.

In addition, JPMCB is owed $25,302 by LBI for other post-petition expenses incurred as a result of the closing of the securities lending portfolio.

The reconciliation process with respect to the Claims under the Agency MSLA is ongoing, and JPMCB therefore reserves the right to amend its Proof of Claim (including this Annex) consistent with the results of such reconciliation.

IV.    *Securities Contract Claims for Failed Transactions (Global Custody and Clearing Agreement)*. JPMCB was owed $2,450,272 arising from breaches of securities contracts under the Global Custody and Clearance Agreement dated as of March 14, 2001, as amended, between JPMCB (f/k/a The Chase Manhattan Bank) and the Debtor. This Claim arises from the failure of the Debtor to repay funds advanced by JPMCB, as collateral agent, to the Debtor and to settle a portion of certain securities contracts because the Debtor did not pay U.K. stamp taxes applicable to the transactions and payable by the Debtor. This Claim represents the

amount payable by the Debtor under the relevant securities contracts (including the stamp tax), and may be subject to reduction by the amount of any net proceeds realized by JPMCB from the sale of the relevant securities.

V.    *BGI-Related Securities Lending Claim (Custodial Undertaking)*.    JPMCB was owed $8,024,375 arising from the exercise of remedies with respect to the Debtor's defaults under securities loans with Barclays Global Investors Limited, as agent for Stichting Pensioenfonds voor de Gezondheid, Geestelijke en Maatschappelijke Belangen ("BGI"), under the Custodial Undertaking in Connection with Global Master Repurchase Agreement and Global Master Securities Lending Agreement among the Claimant, as custodian, the Debtor and BGI dated as of January 18, 2006.

VI.    *Securities Options Claims*.    JPMCB, as assignee from Washington Mutual Bank (Account No. G54440), was owed $2,179,688 arising from put options on three forward settling trades for FNMA securities, on which the Debtor defaulted.  These trades are evidenced by two Option Confirmations and Agreements dated September 3, 2008 and one such agreement dated September 9, 2008.

VII.    *Securities Contract Service Fees, Account Charges and Other Amounts*. JPMCB was owed $2,910,494 for various fees and charges relating to accounts and services provided to or for the benefit of the Debtor.  The fees and charges consist of:  $2,803,620 of service fees and other fees and charges under the Master Implementation Form for Treasury Services General Service Terms and Conditions and Controlled Disbursement Services dated as of February 8, 2005, as amended, between JPMCB and the Debtor; $41,949 of physical

securities fees and other fees and charges under the Domestic Custody Agreement dated as of February 28, 2007, as amended, between JPMCB and the Debtor; and $64,925 relating to U.K. Accounts and other fees and charges under the Global Custody and Clearance Agreement dated as of March 14, 2001, as amended, between JPMCB (f/k/a The Chase Manhattan Bank) and the Debtor. In addition, JPMCB was owed $97,578 arising from an overdraft in account 66020751 resulting from returned checks dated prior to the Petition Date. In addition, JPMCB is owed the following amounts arising after the Petition Date:  (a) $491,692 for post-petition broker-dealer fees ($483,974) and fees on physical settlements ($7,718); (b) $75,473 for principal and interest payments in relation to two physical securities purchased by JPMSI; (c) $12,102,386 for legal expenses; and (d) $1,913,362 for consulting expenses incurred by JPMCB with respect to its Claims against the Debtor.

VIII.   *Misdirected Payments*.

A.      JPMCB is owed $7,000,000 for the return of misdirected payments with respect to its client Bridgewater. On September 17 and 18, 2008, JPMCB made erroneous payments totaling $7,000,000 from JPMCB custodial accounts to accounts of the Debtor maintained with Citibank (London) accounts (account - 66427 and account - GB23CITI18500810640409).  Bridgewater issued cancellation instructions that were not executed before the payments. JPMCB made payment recall requests to Citibank, but Citibank rejected the recall of the funds. JPMCB paid Bridgewater $7,000,000 and subsequently filed a claim with the Debtor for the return of the payments. This Claim arose after the Petition Date.

B.      JPMCB is owed $4,433.89 for the return of misdirected payments with respect to its client Fidelity Central Investment Portfolios, LLC; fbo Fidelity Mortgage Backed

Securities Central Fund ("Fidelity"). On September 16, 2008, the Debtor wired $4,433.89

through Citibank to JPMCB for further credit to Fidelity. In October 2008, JPMCB, which had

been unable to confirm with Fidelity the instructions regarding the Funds, returned the funds to

the Debtor and subsequently received instructions from Fidelity to execute the cash payment.

This Claim arose after the Petition Date.

B.    JPMSI Claims.

I.    *Securities Contracts Claims for Defaulted Securities Loans.* JPMSI was

owed $10,097,117 arising from securities loans under the Master Securities Loan Agreement

dated as of April 23, 1993, as amended, between JPMSI (f/k/a Chemical Securities Inc.) and the

Debtor (f/k/a Shearson Lehman Brothers Inc.) (the "JPMSI MSLA"). This is a net Claim

remaining after the close-out of outstanding securities loans and application of collateral posted

under the JPMSI MSLA. Such $10,097,117 has been paid by application of cash collateral

posted by LBHI to secure its Guaranty dated as of September 9, 2008 (the "Second LBHI

Guaranty") of all obligations of LBHI and all of its subsidiaries to JPMCB and all of its

affiliates, subsidiaries, successors and assigns as indicated in the following documents sent by

JPMCB to LBHI (collectively, the "LBHI Demand Documents"): Demand for Payment under

Guaranty dated October 24, 2008; Notice of Enforcement of Security in respect of Guaranty

dated October 29, 2008; Restated Demand for Payment under Guaranty dated November 14,

2008; and Restated Notice of Enforcement of Security in Respect of Guaranty dated November

14, 2008.

II.    *Underwriting or Placement Fees.* JPMSI was owed $9,554,671 for net

underwriting fees payable to JPMSI pursuant to certain underwriting arrangements where the

Debtor, as lead or managing underwriter (or equivalent), failed to pay JPMSI fees owed for its

participation as joint book-running manager, co-manager or underwriter (or equivalent) in debt,

equity and asset-backed securities offerings which took place in June, July, August and

September of 2008. $7,314,913 is attributable to fees or interests arising from equity offerings,

and $2,807,714 is attributable to fees owing to JPMSI from the Debtor arising from debt and

asset-backed securities originations, net of fees of $567,956 arising from debt and asset-backed

securities originations which are owing to the Debtor from JPMSI.

        C.     <u>JPM Clearing Claims</u>.  JPM Clearing was owed $525,266 arising from

securities loans under the Master Securities Loan Agreement dated as of January 18, 2002, as

amended, between JPM Clearing and the Debtor (the "<u>JPM Clearing MSLA</u>").  This is a net

Claim remaining after the close-out of outstanding securities loans and application of collateral

posted under the JPM Clearing MSLA.  Such $525,266 has been paid by application of cash

collateral posted by LBHI to secure the Second LBHI Guaranty, as indicated in the LBHI

Demand Documents.

        D.     <u>Additional Claims Applicable to All Claimants</u>.  In addition to the Claims

set forth above, each Claimant may hold additional Claims, some of which may have accrued

after the Petition Date or may accrue after the date hereof.  Such Claims include, but are not

limited to, (a) Claims for post-petition interest accrued under applicable agreements or law; (b)

Claims for prepetition and post-petition costs and expenses, including transaction and legal fees

and expenses, payable under applicable agreements or law; (c) increases to Claim amounts stated

above in this Annex that may be determined upon final reconciliation of the relevant transactions

and amounts payable; (d) contingent Claims not currently liquidated; (e) Claims for prepetition

and post-petition misdirected payments to the Debtor, including, but not limited to, amounts paid or payable by or to customers of the Claimant, amounts held in accounts for the Debtor by a Claimant, and amounts paid to the Debtor that should have been paid or remitted to the Claimant; and (f) Claims arising from out-of-pocket expenses and transaction costs incurred by or on behalf of Claimant in connection with the exercise of default remedies, enforcement of rights, and the liquidation of collateral.

Each Claimant asserts all rights, entitlements, claims and remedies with respect to such Claims as a matter of general law, equity or otherwise, and reserves the right to assert any and all rights, entitlements, claims and remedies as a creditor for such Claims. The Claimant, on behalf of itself and its Affiliates, also asserts a claim against the Debtor for all amounts owed to the Claimant and/or its Affiliates by the Debtor that are not yet absolutely due or owing or are otherwise contingent or unliquidated, including any amount that may be due to the Claimant and/or its Affiliates from the Debtor in respect of representations, warranties, reimbursement obligations, agreements, covenants or indemnities made by the Debtor or implied at law or in equity.

E.    Securities Law Claims; Claims Filed by Codebtor. Each Claimant or its Affiliates may have contingent contractual and non-contractual indemnity, contribution, equitable and other claims against the Debtor for any losses, claims, damages or other liabilities (or actions in respect thereof), joint or several, to which such Claimant may become subject under securities law or otherwise, including, without limitation, settlement costs, investigation costs and the fees and expenses of counsel (collectively, "Actions") arising from, based on or relating to the underwriting, placement and/or sale of securities by such Claimant. In

circumstances where a Claimant or an Affiliate of a Claimant is the lead managing underwriter with respect to an offer of securities, such Claimant or Affiliate also asserts claims of the kind described in the preceding sentence against the Debtor on behalf of all underwriters in the underwriting syndicate (and their affiliates) with respect to such offer. In addition, each Claimant and its Affiliates, as an entity that is or may be liable with the Debtor to a creditor that has not filed a proof of claim, hereby files pursuant to Bankruptcy Rule 3005(a) a proof of claim on behalf of each such creditor covering claims in which such Claimant or Affiliate, as applicable, is a codebtor with the Debtor. The name of each such creditor is not currently known.

This filing is intended to include, without limitation, all Claims of the types described above in the preceding paragraph arising from the facts and circumstances which allegedly gave rise to the claims asserted against Claimant, any of its Affiliates and/or the Debtor in the following cases: *In re Ambac Fin. Group, Inc. Sec. Litig.* (S.D.N.Y.); *In re American Int'l Group Inc. Sec. Litig.* (S.D.N.Y.); *American Nat'l Ins. Co. v. Fuld, et al.* (S.D. Tex; S.D.N.Y.); *City of Cleveland v. Deutsche Bank Trust Co., et al.* (Ohio Ct. Com. Pl., Cuyahoga County; N.D. Ohio); *City of Cleveland v. JPMorgan Chase Bank, N.A., et al.* (Ohio Ct. Com. Pl., Cuyahoga County); *In re Fannie Mae 2008 Sec. Litig.* (S.D.N.Y.); *Freidus, et al. v. ING Groep N.V., et al.* (S.D.N.Y.); *Genesee County Employees' Ret. System v. Thornburg Mortgage, Inc., et al.* (Santa Fe County, New Mexico); *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing and Securitization LLC* (S.D.N.Y.); *Jacoby v. Syron, et al.* (S.D.N.Y.); *Luther v. Countrywide Home Loans Servicing LP, et al.* (County of Los Angeles); *New York City Employees' Ret. System v. Countrywide Fin. Corp.* (C.D.N.Y.); *Orange County Employees' Ret.*

*System, et al. v. Carlson, et al.* (N.D. Cal); *Phynice Kelley v. ShoreTel, Inc., et al.* (San Francisco

County; N.D. Cal); *Rubin v. MF Global, Ltd., et al.* (S.D.N.Y.); *In re U.S. Interactive, Inc. Sec.

Litig.* (E.D. Pa); *In re SemGroup Energy Partners, L.P. Sec. Litig.* (N.D. Okla.); *In re Virgin

Mobile USA IPO Litig.* (D.N.J.); *In re Washington Mutual, Inc. Sec. Litig.* (W.D. Wash.); and

*Watkins v. ShoreTel, Inc., et al.* (N.D. Cal.), as well as (a) all cases or Actions relating to the

restoration, retrieval or clean up of Claimant's, its Affiliates' and/or the Debtor's properties

affected by September 11, 2001 terrorist actions; and (b) all cases or Actions relating to

allocation, compensation and analyst recommendation matters involving initial public offerings,

including, but not limited to, *In re Initial Pub. Offering Sec. Litig.* (S.D.N.Y.) and actions filed

by Vanessa Simmonds seeking relief under Section 16(b) of the Exchange Act (W.D. Wash; 9th

Cir.).  The Claimants further reserve all rights to assert all claims, under contract, federal

securities law and common law, including but not limited to indemnification and contribution,

against the Debtor with respect to all similar actions brought against Claimant, whether the

actions currently are pending or are filed at a future date.

3.      **Secured Claim**.  In addition to the collateral applied against Claims as

described above, JPMCB currently holds (a) cash and securities collateral (including cash,

principal and interest payments and other proceeds thereof) posted by the Debtor under the

Clearance Agreement, which secures all claims of JPMCB against the Debtor, the aggregate

value of which collateral is not currently determinable, (b) approximately $8,565,357 of the cash

proceeds of collateral posted by the Debtor under the Agency MSLA to secure the Claims under

the Agency MSLA and all other JPMCB Claims against the Debtor, and (c) at least

$142,476,437 of cash in accounts of the Debtor against which JPMCB has collateral and/or setoff rights.

In addition, the Claims of JPMCB against the Debtor under the Clearance Agreement are guaranteed by the Guaranty of LBHI dated as of August 26, 2008 (the "First LBHI Guaranty"), and secured by the cash and securities collateral posted therefor pursuant to the Security Agreement relating to the First LBHI Guaranty dated as of August 26, 2008 between JPMCB and LBHI. The Claims of all of the Claimants against the Debtor are guaranteed by the Second LBHI Guaranty, and secured by additional collateral posted therefor pursuant to the Security Agreement relating to the Second LBHI Guaranty dated as of September 9, 2008 between JPMCB and LBHI. The aggregate value of the collateral posted by LBHI is not currently determinable.

In accordance with the CDA, the Claimant has applied or will apply the Collateral (as defined in the CDA) to the non-contingent Claims set forth herein.

4.    **Amount of Claim Entitled Priority**. Each Claim is a secured claim to the extent of the value of the collateral securing such Claim, is entitled to priority as an administrative expense to the extent it arose on or after the Petition Date, and is a general unsecured claim to the extent that it is not secured and not entitled to such priority, without prejudice to any and all of the rights of the Claimant (i) under Section 1111(b) of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and (ii) to assert that all or a portion of the Claims is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code. These Proofs of Claim are filed without prejudice to the right

of any Claimant to request payment of any administrative expense claims that it may have against any of the Debtors (including, without limitation, administrative expenses not described in this Proof of Claim and administrative expense claims arising from the use of Claimants' cash collateral by the debtors in these Chapter 11 cases), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Court, the Bankruptcy Code, or other applicable law.

5.      **Credits**.  The amount of all payments on the Claims has been credited and deducted for the purpose of making this Proof of Claim, or such payments have been described above.  The Claimant reserves the right to set off against any amount, securities or positions owed by it to the Debtor, all obligations of the Debtor to the Claimant and any obligations that the Debtor or any affiliate owes to the Claimant or any affiliate, in each case to the extent allowed by applicable law or any agreement or instrument.

6.      **Supporting Documentation**.  The Claimants have heretofore provided to the Trustee (the "SIPA Trustee") appointed by the Court under SIPA, tens of thousands of pages of documents requested by the SIPA Trustee, including copies of the agreements referred to herein and information relevant to the Claims described herein.  Consequently, additional copies of such voluminous documents are not included with this Annex to the Proofs of Claim.  The Claimant will furnish the Debtor and the Trustee, as applicable, with copies of any additional pertinent documentation upon request.

7.      **Reservation of Rights/Amendments**.  The assertion of Claims by each Claimant herein is not a concession or admission as to the correct characterization or treatment

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

of any such claims, nor a waiver of any rights of such Claimant.  The execution and filing of the this Proof of Claim does not constitute:  (a) a waiver or release of such Claimant's rights against any other entity or person liable for all or part of the Claims; (b) a consent by such Claimant to the jurisdiction of this Court with respect to any proceeding commenced against or otherwise involving such Claimant; (c) a consent by such Claimant to the treatment of any non-core claim against it as a core claim; (d) a waiver of the right to move to withdraw the reference with respect to the subject matter of the Claims or otherwise, including without limitation any objection or other proceedings commenced with respect thereto, or any other proceedings commenced against or otherwise involving such Claimant; (e) a waiver of any right to the subordination, in favor of such Claimant, of indebtedness or liens held by other creditors of the Debtor; (f) an election of remedies that waives or otherwise affects any other remedies; or (g) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is otherwise applicable.  Each Claimant expressly reserves its right to amend and supplement this Proof of Claim to the fullest extent permitted by law to specify (and quantify) damages, costs, expenses and other charges or claims incurred by the Claimant and to file additional proofs of claim for additional claims, including without limitation (i) claims for post-petition interest, legal fees and related expenses that are not ascertainable at this time and (ii) claims arising from or relating to the avoidance of transfers made to the Claimant or any other entity.  The Claimants' reconciliation process is ongoing, and the Claimants therefore reserve the right to amend the Proofs of Claim and this Annex consistent with the results of such reconciliation.

8.    **Notices**.  ALL NOTICES WITH RESPECT TO THE CLAIMS SHOULD BE SENT TO:

JPMorgan Chase Bank, N.A.
245 Park Avenue, 12th Floor
New York, New York  10167
Attention:      Kevin C. Kelley, Esq.
Fax:            646-534-6400

with a copy to:

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York  10019
Attention:      Harold S. Novikoff, Esq.
                Kathryn Gettles-Atwa, Esq.
Fax:            212-403-2249

Penalty for Presenting Fraudulent Claim.  Fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT   Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers Inc. | Case Number:<br>08-01420 (JMP) SIPA |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>J.P. Morgan Securities Inc. | ☑ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>245 Park Avenue, 12th Floor<br>New York, NY 10167<br>Attention: Kevin Kelley, Esq.<br>Telephone number:<br>212-648-0427 | Court Claim Number: 4941<br>*(If known)*<br><br>Filed on: 5/29/09 |
| Name and address where payment should be sent (if different from above):<br><br>N/A<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**   $ See attached Annex.<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** See attached Annex.<br>(See instruction #2 on reverse side.) | |
| **3. Last four digits of any number by which creditor identifies debtor:** See attached Annex.<br><br>    **3a. Debtor may have scheduled account as:** _____<br>       (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)** See attached Annex.<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe:<br><br>Value of Property:$_____   Annual Interest Rate___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____   Basis for perfection: _____<br><br>Amount of Secured Claim: $_____   Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br>See attached Annex.<br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*<br>See attached Annex.<br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).<br><br>**Amount entitled to priority:**<br><br>$See attached Annex.<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | | |
|---|---|---|
| Date:<br>3/31/10 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]*   WILLIAM P. MARCOUILLIER<br>EXECUTIVE DIRECTOR | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **In re:** | : | |
| | : | |
| **Lehman Brothers Inc.,** | : | **Case No. 08-01420 (JMP) SIPA** |
| | : | |
| Debtor. | : | |

**AMENDED AND RESTATED
ANNEX TO PROOFS OF CLAIM OF**

**JPMORGAN CHASE BANK, N.A.,
J.P. MORGAN SECURITIES INC. AND
J.P. MORGAN CLEARING CORP.**

1.      <u>Name of Claimants</u>.  This is the Amended and Restated Annex (the

"<u>Annex</u>") to the amended Proofs of Claim (the "<u>Proofs of Claim</u>") submitted by JPMorgan

Chase Bank, N.A. ("<u>JPMCB</u>"), J.P. Morgan Securities Inc. ("<u>JPMSI</u>") and J.P. Morgan Clearing

Corp. (f/k/a Bear, Stearns Securities Corp.) ("<u>JPM Clearing</u>," and each of JPMCB, JPMSI and

JPM Clearing, a "<u>Claimant</u>"), each having an address at 245 Park Avenue, New York, New York

10167, against debtor Lehman Brothers Inc. (the "<u>Debtor</u>").  The Claimants are parties to the

Collateral Disposition Agreement, dated as of March 16, 2010 (the "<u>CDA</u>"), among Lehman

Brothers Holdings Inc. ("<u>LBHI</u>"), certain subsidiaries of LBHI (excluding the Debtor), the

Claimants and certain of the Claimant's Affiliates (as defined below), which was approved by

the Bankruptcy Court presiding over LBHI's chapter 11 case by an order dated March 24, 2010.

The signatory of each Proof of Claim to which this Annex is attached is authorized to make such

claim on behalf of the Claimant named therein and, to the extent applicable, the following

persons (collectively, such Claimant's "<u>Affiliates</u>"):  such Claimant's successors, predecessors,

assigns, parents, subsidiaries, affiliates, directors, officers, consultants, agents, representatives,

advisors and employees, and each other person or entity who, within the meaning of section 15

of the Securities Act of 1933, or section 20 of the Securities Exchange Act of 1934 (the "Exchange Act"), each as amended, "controls" such Claimant.  The amended Proof of Claim to which this Annex is attached supersedes the original proof of claim filed by the Claimant named in such amended Proof of Claim with respect to the Claims described herein.

2.    **Basis for Claims**.  On September 19, 2008 (the "Petition Date"), the United States District Court for the Southern District of New York (the "Court") entered an Order granting the application of Securities Investor Protection Corporation for issuance of a protective decree adjudicating that the customers of the Debtor are in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA").  On and prior to the Petition Date, the Debtor and the Claimants were parties to, among other things, certain commercial and financial relationships and agreements, which gave rise to the claims set forth in the Proofs of Claim and further described below (collectively, the "Claims").  As of the Petition Date, unless otherwise specified:

A.    JPMCB Claims.

I.    *Clearance and Settlement Claims (Clearance Agreement)*.  As of October 1, 2008, JPMCB was owed $25,279,675,964 for extensions of credit for the clearance and settlement of securities transactions under the Clearance Agreement signed by the Debtor on June 7, 2000, as amended, to which JPMCB and the Debtor are party together with certain of the Debtor's affiliates (the "Clearance Agreement").  As of March 15, 2010, such amount had been reduced to $6,333,781,099, principally by application of the sale proceeds of securities collateral (the "Clearance Agreement Securities Collateral") pledged by the Debtor pursuant to the Clearance Agreement to secure such claims, application of distributions received on the

Clearance Agreement Securities Collateral, application of cash repo adjustments received with respect to the Clearance Agreement Securities Collateral, the exercise of setoff rights against certain of the Debtor's demand deposit accounts, application of collateral pledged by the Debtor in connection with the Agency MSLA (as defined below) and other account activity.

In addition, as of March 31, 2010, JPMCB was owed $280,224,670 for interest accrued on and after the Petition Date on the Claims under the Clearance Agreement.

II.    _Swap Agreement Claims (ISDA Master Agreement)_.  JPMCB was owed $49,243,907 arising from swap agreements under the ISDA Master Agreement dated as of September 8, 2004, as amended, between JPMCB and the Debtor (the "ISDA Master Agreement").  This is a net Claim comprised of Unpaid Amounts, Loss, amounts owing for failure to return Posted Collateral (as such terms are defined in such ISDA Master Agreement) and other amounts arising under swap agreements, including terminated swap agreements. JPMCB sent the Debtor a Calculation Statement dated October 17, 2008, together with appendices and attachments containing related detail (together, the "Calculation Statement"), requesting payment of $13,756,134 of such net Claim.  As described in the Calculation Statement, such $13,756,134 was repaid by application of proceeds of the liquidation of securities collateral posted by the Debtor under the Clearance Agreement.

The Claims arising under the ISDA Master Agreement and the Calculation Statement have changed as described below as a result of corrections identified by JPMCB in the reconciliation of the Claims:

(1)    The amount of the Claims of JPMCB against the Debtor under the ISDA Master

Agreement was determined to have been understated in the Calculation Statement by

$35,487,773, which is the result of an overstatement of the Close-out Amount (as such

term is defined in the ISDA Master Agreement) owed by JPMCB to the Debtor of

$6,692,220, an overstatement of the Unpaid Amount owed by JPMCB to the Debtor of

$28,686,285 and interest accrued on unreturned collateral posted by JPMCB owed by the

Debtor to JPMCB of $109,268; and

(2)    The $45,567,129 Claim balance stated in the original Proof of Claim filed by

JPMCB against the Debtor was an estimate of such understatement and should be

deemed superseded by the results of the reconciliation.

As a result of the foregoing changes, JPMCB is owed by the Debtor under the ISDA Master

Agreement $35,487,773 more than the amount set forth in the Calculation Statement.  All of

such amount, plus interest thereon, remains unpaid.

III.    _Securities Contract Claims for Securities Loans (Master Securities
Lending Agreement)_.  JPMCB was owed $23,817,391 arising from securities loans under the

Master Securities Lending Agreement dated as of March 9, 1983, as amended, between JPMCB

(f/k/a The Chase Manhattan Bank (National Association)), as trustee or managing agent, and the

Debtor (f/k/a Shearson/American Express Inc.) (the "Agency MSLA").  Of this amount, (a)

$8,010,490 related to income, dividends and other distributions on securities borrowed by the

Debtor under the Agency MSLA which the Debtor failed to remit to JPMCB as required by the

Agency MSLA, fees and other charges owing under the Agency MSLA, and indemnification

claims, and (b) $15,806,901 related to out-of-pocket expenses and transaction costs incurred by

JPMCB in connection with the exercise of remedies with respect to the outstanding securities

loans under the Agency MSLA and the liquidation of collateral held thereunder.  JPMCB was

also owed an additional $8,565,357 by the Debtor in fees, account balances and other amounts

under the Agency MSLA.


JPMCB recovered $8,010,490 of the non-estimated portion of the Claim

described in the preceding paragraph through the application of the proceeds of collateral posted

by the Debtor under the Agency MSLA.


In addition, JPMCB is owed $25,302 by LBI for other post-petition expenses

incurred as a result of the closing of the securities lending portfolio.


The reconciliation process with respect to the Claims under the Agency MSLA is ongoing, and

JPMCB therefore reserves the right to amend its Proof of Claim (including this Annex)

consistent with the results of such reconciliation.


IV.    _Securities Contract Claims for Failed Transactions (Global Custody and_

_Clearing Agreement)_.  JPMCB was owed $2,450,272 arising from breaches of securities

contracts under the Global Custody and Clearance Agreement dated as of March 14, 2001, as

amended, between JPMCB (f/k/a The Chase Manhattan Bank) and the Debtor.  This Claim arises

from the failure of the Debtor to repay funds advanced by JPMCB, as collateral agent, to the

Debtor and to settle a portion of certain securities contracts because the Debtor did not pay U.K.

stamp taxes applicable to the transactions and payable by the Debtor.  This Claim represents the

amount payable by the Debtor under the relevant securities contracts (including the stamp tax), and may be subject to reduction by the amount of any net proceeds realized by JPMCB from the sale of the relevant securities.

V.    _BGI-Related Securities Lending Claim (Custodial Undertaking)_.  JPMCB was owed $8,024,375 arising from the exercise of remedies with respect to the Debtor's defaults under securities loans with Barclays Global Investors Limited, as agent for Stichting Pensioenfonds voor de Gezondheid, Geestelijke en Maatschappelijke Belangen ("BGI"), under the Custodial Undertaking in Connection with Global Master Repurchase Agreement and Global Master Securities Lending Agreement among the Claimant, as custodian, the Debtor and BGI dated as of January 18, 2006.

VI.    _Securities Options Claims_.  JPMCB, as assignee from Washington Mutual Bank (Account No. G54440), was owed $2,179,688 arising from put options on three forward settling trades for FNMA securities, on which the Debtor defaulted.  These trades are evidenced by two Option Confirmations and Agreements dated September 3, 2008 and one such agreement dated September 9, 2008.

VII.    _Securities Contract Service Fees, Account Charges and Other Amounts_.  JPMCB was owed $2,910,494 for various fees and charges relating to accounts and services provided to or for the benefit of the Debtor.  The fees and charges consist of:  $2,803,620 of service fees and other fees and charges under the Master Implementation Form for Treasury Services General Service Terms and Conditions and Controlled Disbursement Services dated as of February 8, 2005, as amended, between JPMCB and the Debtor; $41,949 of physical

securities fees and other fees and charges under the Domestic Custody Agreement dated as of

February 28, 2007, as amended, between JPMCB and the Debtor; and $64,925 relating to U.K.

Accounts and other fees and charges under the Global Custody and Clearance Agreement dated

as of March 14, 2001, as amended, between JPMCB (f/k/a The Chase Manhattan Bank) and the

Debtor.  In addition, JPMCB was owed $97,578 arising from an overdraft in account 66020751

resulting from returned checks dated prior to the Petition Date.  In addition, JPMCB is owed the

following amounts arising after the Petition Date:  (a) $491,692 for post-petition broker-dealer

fees ($483,974) and fees on physical settlements ($7,718); (b) $75,473 for principal and interest

payments in relation to two physical securities purchased by JPMSI; (c) $12,102,386 for legal

expenses; and (d) $1,913,362 for consulting expenses incurred by JPMCB with respect to its

Claims against the Debtor.

## VIII. *Misdirected Payments*.

A.     JPMCB is owed $7,000,000 for the return of misdirected payments with

respect to its client Bridgewater.  On September 17 and 18, 2008, JPMCB made erroneous

payments totaling $7,000,000 from JPMCB custodial accounts to accounts of the Debtor

maintained with Citibank (London) accounts (account - 66427 and account -

GB23CITI18500810640409).  Bridgewater issued cancellation instructions that were not

executed before the payments.  JPMCB made payment recall requests to Citibank, but Citibank

rejected the recall of the funds.  JPMCB paid Bridgewater $7,000,000 and subsequently filed a

claim with the Debtor for the return of the payments.  This Claim arose after the Petition Date.

B.     JPMCB is owed $4,433.89 for the return of misdirected payments with

respect to its client Fidelity Central Investment Portfolios, LLC; fbo Fidelity Mortgage Backed

Securities Central Fund ("Fidelity").  On September 16, 2008, the Debtor wired $4,433.89

through Citibank to JPMCB for further credit to Fidelity.  In October 2008, JPMCB, which had

been unable to confirm with Fidelity the instructions regarding the Funds, returned the funds to

the Debtor and subsequently received instructions from Fidelity to execute the cash payment.

This Claim arose after the Petition Date.

   B.   JPMSI Claims.

   I.   *Securities Contracts Claims for Defaulted Securities Loans*.  JPMSI was

owed $10,097,117 arising from securities loans under the Master Securities Loan Agreement

dated as of April 23, 1993, as amended, between JPMSI (f/k/a Chemical Securities Inc.) and the

Debtor (f/k/a Shearson Lehman Brothers Inc.) (the "JPMSI MSLA").  This is a net Claim

remaining after the close-out of outstanding securities loans and application of collateral posted

under the JPMSI MSLA.  Such $10,097,117 has been paid by application of cash collateral

posted by LBHI to secure its Guaranty dated as of September 9, 2008 (the "Second LBHI

Guaranty") of all obligations of LBHI and all of its subsidiaries to JPMCB and all of its

affiliates, subsidiaries, successors and assigns as indicated in the following documents sent by

JPMCB to LBHI (collectively, the "LBHI Demand Documents"):  Demand for Payment under

Guaranty dated October 24, 2008; Notice of Enforcement of Security in respect of Guaranty

dated October 29, 2008; Restated Demand for Payment under Guaranty dated November 14,

2008; and Restated Notice of Enforcement of Security in Respect of Guaranty dated November

14, 2008.

   II.   *Underwriting or Placement Fees*.  JPMSI was owed $9,554,671 for net

underwriting fees payable to JPMSI pursuant to certain underwriting arrangements where the

Debtor, as lead or managing underwriter (or equivalent), failed to pay JPMSI fees owed for its participation as joint book-running manager, co-manager or underwriter (or equivalent) in debt, equity and asset-backed securities offerings which took place in June, July, August and September of 2008. $7,314,913 is attributable to fees or interests arising from equity offerings, and $2,807,714 is attributable to fees owing to JPMSI from the Debtor arising from debt and asset-backed securities originations, net of fees of $567,956 arising from debt and asset-backed securities originations which are owing to the Debtor from JPMSI.

C.    JPM Clearing Claims.  JPM Clearing was owed $525,266 arising from securities loans under the Master Securities Loan Agreement dated as of January 18, 2002, as amended, between JPM Clearing and the Debtor (the "JPM Clearing MSLA").  This is a net Claim remaining after the close-out of outstanding securities loans and application of collateral posted under the JPM Clearing MSLA.  Such $525,266 has been paid by application of cash collateral posted by LBHI to secure the Second LBHI Guaranty, as indicated in the LBHI Demand Documents.

D.    Additional Claims Applicable to All Claimants.  In addition to the Claims set forth above, each Claimant may hold additional Claims, some of which may have accrued after the Petition Date or may accrue after the date hereof.  Such Claims include, but are not limited to, (a) Claims for post-petition interest accrued under applicable agreements or law; (b) Claims for prepetition and post-petition costs and expenses, including transaction and legal fees and expenses, payable under applicable agreements or law; (c) increases to Claim amounts stated above in this Annex that may be determined upon final reconciliation of the relevant transactions and amounts payable; (d) contingent Claims not currently liquidated; (e) Claims for prepetition

and post-petition misdirected payments to the Debtor, including, but not limited to, amounts paid or payable by or to customers of the Claimant, amounts held in accounts for the Debtor by a Claimant, and amounts paid to the Debtor that should have been paid or remitted to the Claimant; and (f) Claims arising from out-of-pocket expenses and transaction costs incurred by or on behalf of Claimant in connection with the exercise of default remedies, enforcement of rights, and the liquidation of collateral.

Each Claimant asserts all rights, entitlements, claims and remedies with respect to such Claims as a matter of general law, equity or otherwise, and reserves the right to assert any and all rights, entitlements, claims and remedies as a creditor for such Claims. The Claimant, on behalf of itself and its Affiliates, also asserts a claim against the Debtor for all amounts owed to the Claimant and/or its Affiliates by the Debtor that are not yet absolutely due or owing or are otherwise contingent or unliquidated, including any amount that may be due to the Claimant and/or its Affiliates from the Debtor in respect of representations, warranties, reimbursement obligations, agreements, covenants or indemnities made by the Debtor or implied at law or in equity.

E.    Securities Law Claims; Claims Filed by Codebtor. Each Claimant or its Affiliates may have contingent contractual and non-contractual indemnity, contribution, equitable and other claims against the Debtor for any losses, claims, damages or other liabilities (or actions in respect thereof), joint or several, to which such Claimant may become subject under securities law or otherwise, including, without limitation, settlement costs, investigation costs and the fees and expenses of counsel (collectively, "Actions") arising from, based on or relating to the underwriting, placement and/or sale of securities by such Claimant. In

08-13555-mg    Doc 16083-1    Filed 04/15/11    Entered 04/15/11 16:57:26    Exhibit B

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM

JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

Pg 96 of 110

circumstances where a Claimant or an Affiliate of a Claimant is the lead managing underwriter with respect to an offer of securities, such Claimant or Affiliate also asserts claims of the kind described in the preceding sentence against the Debtor on behalf of all underwriters in the underwriting syndicate (and their affiliates) with respect to such offer. In addition, each Claimant and its Affiliates, as an entity that is or may be liable with the Debtor to a creditor that has not filed a proof of claim, hereby files pursuant to Bankruptcy Rule 3005(a) a proof of claim on behalf of each such creditor covering claims in which such Claimant or Affiliate, as applicable, is a codebtor with the Debtor. The name of each such creditor is not currently known.

This filing is intended to include, without limitation, all Claims of the types described above in the preceding paragraph arising from the facts and circumstances which allegedly gave rise to the claims asserted against Claimant, any of its Affiliates and/or the Debtor in the following cases: *In re Ambac Fin. Group, Inc. Sec. Litig.* (S.D.N.Y.); *In re American Int'l Group Inc. Sec. Litig.* (S.D.N.Y.); *American Nat'l Ins. Co. v. Fuld, et al.* (S.D. Tex; S.D.N.Y.); *City of Cleveland v. Deutsche Bank Trust Co., et al.* (Ohio Ct. Com. Pl., Cuyahoga County; N.D. Ohio); *City of Cleveland v. JPMorgan Chase Bank, N.A., et al.* (Ohio Ct. Com. Pl., Cuyahoga County); *In re Fannie Mae 2008 Sec. Litig.* (S.D.N.Y.); *Freidus, et al. v. ING Groep N.V., et al.* (S.D.N.Y.); *Genesee County Employees' Ret. System v. Thornburg Mortgage, Inc., et al.* (Santa Fe County, New Mexico); *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing and Securitization LLC* (S.D.N.Y.); *Jacoby v. Syron, et al.* (S.D.N.Y.); *Luther v. Countrywide Home Loans Servicing LP, et al.* (County of Los Angeles); *New York City Employees' Ret. System v. Countrywide Fin. Corp.* (C.D.N.Y.); *Orange County Employees' Ret.*

*System, et al. v. Carlson, et al.* (N.D. Cal); *Phynice Kelley v. ShoreTel, Inc., et al.* (San Francisco

County; N.D. Cal); *Rubin v. MF Global, Ltd., et al.* (S.D.N.Y.); *In re U.S. Interactive, Inc. Sec.*

*Litig.* (E.D. Pa); *In re SemGroup Energy Partners, L.P. Sec. Litig.* (N.D. Okla.); *In re Virgin*

*Mobile USA IPO Litig.* (D.N.J.); *In re Washington Mutual, Inc. Sec. Litig.* (W.D. Wash.); and

*Watkins v. ShoreTel, Inc., et al.* (N.D. Cal.), as well as (a) all cases or Actions relating to the

restoration, retrieval or clean up of Claimant's, its Affiliates' and/or the Debtor's properties

affected by September 11, 2001 terrorist actions; and (b) all cases or Actions relating to

allocation, compensation and analyst recommendation matters involving initial public offerings,

including, but not limited to, *In re Initial Pub. Offering Sec. Litig.* (S.D.N.Y.) and actions filed

by Vanessa Simmonds seeking relief under Section 16(b) of the Exchange Act (W.D. Wash; 9th

Cir.). The Claimants further reserve all rights to assert all claims, under contract, federal

securities law and common law, including but not limited to indemnification and contribution,

against the Debtor with respect to all similar actions brought against Claimant, whether the

actions currently are pending or are filed at a future date.


       3.     **Secured Claim**. In addition to the collateral applied against Claims as

described above, JPMCB currently holds (a) cash and securities collateral (including cash,

principal and interest payments and other proceeds thereof) posted by the Debtor under the

Clearance Agreement, which secures all claims of JPMCB against the Debtor, the aggregate

value of which collateral is not currently determinable, (b) approximately $8,565,357 of the cash

proceeds of collateral posted by the Debtor under the Agency MSLA to secure the Claims under

the Agency MSLA and all other JPMCB Claims against the Debtor, and (c) at least

$142,476,437 of cash in accounts of the Debtor against which JPMCB has collateral and/or setoff rights.

In addition, the Claims of JPMCB against the Debtor under the Clearance Agreement are guaranteed by the Guaranty of LBHI dated as of August 26, 2008 (the "First LBHI Guaranty"), and secured by the cash and securities collateral posted therefor pursuant to the Security Agreement relating to the First LBHI Guaranty dated as of August 26, 2008 between JPMCB and LBHI. The Claims of all of the Claimants against the Debtor are guaranteed by the Second LBHI Guaranty, and secured by additional collateral posted therefor pursuant to the Security Agreement relating to the Second LBHI Guaranty dated as of September 9, 2008 between JPMCB and LBHI. The aggregate value of the collateral posted by LBHI is not currently determinable.

In accordance with the CDA, the Claimant has applied or will apply the Collateral (as defined in the CDA) to the non-contingent Claims set forth herein.

4.      **Amount of Claim Entitled Priority**. Each Claim is a secured claim to the extent of the value of the collateral securing such Claim, is entitled to priority as an administrative expense to the extent it arose on or after the Petition Date, and is a general unsecured claim to the extent that it is not secured and not entitled to such priority, without prejudice to any and all of the rights of the Claimant (i) under Section 1111(b) of chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and (ii) to assert that all or a portion of the Claims is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code. These Proofs of Claim are filed without prejudice to the right

of any Claimant to request payment of any administrative expense claims that it may have against any of the Debtors (including, without limitation, administrative expenses not described in this Proof of Claim and administrative expense claims arising from the use of Claimants' cash collateral by the debtors in these Chapter 11 cases), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Court, the Bankruptcy Code, or other applicable law.

5.    **Credits**.  The amount of all payments on the Claims has been credited and deducted for the purpose of making this Proof of Claim, or such payments have been described above.  The Claimant reserves the right to set off against any amount, securities or positions owed by it to the Debtor, all obligations of the Debtor to the Claimant and any obligations that the Debtor or any affiliate owes to the Claimant or any affiliate, in each case to the extent allowed by applicable law or any agreement or instrument.

6.    **Supporting Documentation**.  The Claimants have heretofore provided to the Trustee (the "SIPA Trustee") appointed by the Court under SIPA, tens of thousands of pages of documents requested by the SIPA Trustee, including copies of the agreements referred to herein and information relevant to the Claims described herein.  Consequently, additional copies of such voluminous documents are not included with this Annex to the Proofs of Claim.  The Claimant will furnish the Debtor and the Trustee, as applicable, with copies of any additional pertinent documentation upon request.

7.    **Reservation of Rights/Amendments**.  The assertion of Claims by each Claimant herein is not a concession or admission as to the correct characterization or treatment

of any such claims, nor a waiver of any rights of such Claimant. The execution and filing of the this Proof of Claim does not constitute: (a) a waiver or release of such Claimant's rights against any other entity or person liable for all or part of the Claims; (b) a consent by such Claimant to the jurisdiction of this Court with respect to any proceeding commenced against or otherwise involving such Claimant; (c) a consent by such Claimant to the treatment of any non-core claim against it as a core claim; (d) a waiver of the right to move to withdraw the reference with respect to the subject matter of the Claims or otherwise, including without limitation any objection or other proceedings commenced with respect thereto, or any other proceedings commenced against or otherwise involving such Claimant; (e) a waiver of any right to the subordination, in favor of such Claimant, of indebtedness or liens held by other creditors of the Debtor; (f) an election of remedies that waives or otherwise affects any other remedies; or (g) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is otherwise applicable. Each Claimant expressly reserves its right to amend and supplement this Proof of Claim to the fullest extent permitted by law to specify (and quantify) damages, costs, expenses and other charges or claims incurred by the Claimant and to file additional proofs of claim for additional claims, including without limitation (i) claims for post-petition interest, legal fees and related expenses that are not ascertainable at this time and (ii) claims arising from or relating to the avoidance of transfers made to the Claimant or any other entity. The Claimants' reconciliation process is ongoing, and the Claimants therefore reserve the right to amend the Proofs of Claim and this Annex consistent with the results of such reconciliation.

8.    **Notices**. ALL NOTICES WITH RESPECT TO THE CLAIMS SHOULD BE SENT TO:

JPMorgan Chase Bank, N.A.
245 Park Avenue, 12th Floor
New York, New York  10167
Attention:    Kevin C. Kelley, Esq.
Fax:            646-534-6400

with a copy to:

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York  10019
Attention:    Harold S. Novikoff, Esq.
              Kathryn Gettles-Atwa, Esq.
Fax:            212-403-2249

Penalty for Presenting Fraudulent Claim.  Fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 and 3571.

**EXHIBIT C:**

**JPMSI/LBHI SECURITIES LAW CLAIMS**

January 3, 2002 offering of $1,000,000,000 principal amount of 6.625% Notes due 2012 issued by LBHI pursuant to an Underwriting Agreement dated as of January 3, 2002 among LBHI, as issuer, and JPMSI, LBI, ABN AMRO Incorporated, Banc of America Securities LLC, BNP Paribas Securities Corp., Danske Bank, Dresdner Kleinwort Wasserstein Securities LLC, HSBC Securities (USA) Inc., Hypo Vereinsbank, The Royal Bank of Scotland plc, Salomon Smith Barney Inc., SG Cowen Securities Corporation, SunTrust Capital Markets Inc., UBS Warburg LLC, U.S. Bancorp Piper Jaffray Inc., and Westdeutsche Landesbank Gironzentrale as underwriters;

November 6, 2002 offering of $250,000,000 principal amount of Medium Term Notes, Series G issued by LBHI with a maturity date of November 15, 2017 pursuant to the Purchase Agreement dated November 6, 2002 among LBHI, as issuer, and JPMSI, LBI, ABN AMRO Incorporated, Banc of America Securities LLC, Credit Lyonnais Securities (USA) Inc., Fleet Securities, Inc., HSBC Securities (USA) Inc., Mellon Financial Markets, LLC, Salomon Smith Barney Inc., and U.S. Bancorp Piper Jaffray, Inc. as underwriters, incorporating by reference the provisions of the Amended and Restated Distribution Agreement dated as of July 26, 2001;

March 12, 2003 offering by Lehman Brothers Holdings Capital Trust III ("Trust III"), a Delaware statutory trust, guaranteed by LBHI of $300,000,000 aggregate liquidation amount of its Preferred Securities, Series K pursuant to the Underwriting Agreement dated as of March 12, 2003 among Trust III, as issuer, LBHI, as guarantor, and JPMSI and its predecessor Bear Stearns & Co. Inc. ("BSC") and the other underwriters named on Schedule II thereto;

August 20, 2003 offering by LBHI of 120,000 shares of its Cumulative Preferred Stock, Series F pursuant to the Underwriting Agreement dated as of August 20, 2003 among LBHI, as issuer, JPMSI and its predecessor BSC and the other underwriters named on Schedule II thereto;

October 9, 2003 offering by Lehman Brothers Holdings Capital Trust IV ("Trust IV"), a Delaware statutory trust, guaranteed by LBHI of $300,000,000 aggregate liquidation amount of its Preferred Securities, Series L pursuant to the Underwriting Agreement dated October 9, 2003 among Trust IV, as issuer, LBHI, as guarantor, and JPMSI and its predecessor BSC and the other underwriters named on Schedule II thereto;

February 14, 2004 offering by LBHI of $750,000,000 principal amount of Medium Term Notes, Series G with a maturity date of March 13, 2014 and $500,000,000 principal amount of Medium Term Notes, Series G with a maturity date of March 13, 2009 pursuant to the Purchase Agreement dated February 14, 2004 among LBHI, as issuer, and JPMSI, LBI, ABN AMRO Incorporated, Banc of America Securities LLC, Citigroup, Credit Lyonnais Securities (USA) Inc., HSBC Securities (USA) Inc., Santander Central Hispano Investment Securities Inc., SunTrust Robinson Humphrey, The Royal Bank of Scotland, The Williams Capital Group L.P., as underwriters, incorporating by reference all of the provisions of the Amended and Restated Distribution Agreement dated July 26, 2001;

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

April 1, 2004 offering by Lehman Brothers Holdings Capital Trust V ("Trust V"), a Delaware statutory trust, guaranteed by LBHI of $400,000,000 aggregate liquidation amount of its Preferred Securities, Series M pursuant to the Underwriting Agreement dated April 1, 2004 among Trust V, as issuer, LBHI as guarantor and JPMSI and its predecessor BSC and the other underwriters named on Schedule II thereto; and

January 5, 2005 offering by Lehman Brothers Holdings Capital Trust VI ("Trust VI"), a Delaware statutory trust, guaranteed by LBHI of $200,000,000 aggregate liquidation amount of its Preferred Securities, Series N pursuant the Underwriting Agreement dated January 5, 2005 among Trust VI, as issuer, LBHI, as guarantor, and JPMSI and its predecessor BSC and the other underwriters named on Schedule II thereto.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

## EXHIBIT D:

## PWC CLAIM LETTERS

[Previously supplied]

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

**EXHIBIT E:**

**LBIE CLAIM LETTERS**

[Previously supplied]

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

## EXHIBIT F:

## LBIE CALCULATION STATEMENTS AND DEMANDS

Calculation Statement dated as of October 12, 2008 from JPMBD (f/k/a BSB) to LBIE, including all accompanying appendices, attachments and media containing related detail (JPM-2004 0000339-0000342).

Calculation Statement dated as of October 17, 2008 from JPMM (f/k/a BSIL) to LBIE, including all accompanying appendices, attachments and media containing related detail (JPM-2004 0000334-0000338).

Calculation Statement dated as of October 27, 2008 from JPMCB to LBIE, including all accompanying appendices, attachments and media containing related detail (JPM-2004 0000011-0000042).

Demand for Payment under Guaranty dated as of October 24, 2008 from JPMCB to LBHI (JPM-2004 0000001-0000003).

Notice of Enforcement of Security in respect of Guaranty dated as of October 29, 2008 (JPM-2004 0000008-0000009).

Note:  The foregoing Bates numbers exclude any accompanying CDs.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

## EXHIBIT G:

## SWISS CLAIM LETTER

[Previously supplied]

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

## EXHIBIT H:

## LBFSA CALCULATION STATEMENTS AND DEMANDS

Calculation Statement dated as of October 17, 2008 from JPMCB to LBFSA, including all accompanying appendices, attachments and media containing related detail (JPM-2004 0000176-0000204); Supplementary Calculation Statement dated as of February 24, 2009 from JPMCB to LBFSA.

Calculation Statement dated as of October 17, 2008 from JPMIBL to LBFSA, including all accompanying appendices, attachments and media containing related detail (JPM-2004 0000169-0000175).

Calculation Statement dated as of October 17, 2008 from JPMM (f/k/a BSIL) to LBFSA, including all accompanying appendices, attachments and media containing related detail (JPM-2004 0000205-0000211); Supplementary Calculation Statement dated as of February 24, 2009 from JPMM to LBFSA.

Supplementary Calculation Statement dated as of February 24, 2009 from JPMM (f/k/a BSIL) to LBFSA, including all accompanying appendices, attachments and media containing related detail.

Supplementary Calculation Statement dated as of February 24, 2009 from JPMCB to LBFSA, including all accompanying appendices, attachments and media containing related detail.

Supplementary Calculation Statement dated as of February 24, 2009 from JPMIBL to LBFSA, including all accompanying appendices, attachments and media containing related detail.

Demand for Payment under Guaranty dated as of October 24, 2008 (JPM-2004 0000001-0000003).

Note:  The foregoing Bates numbers exclude any accompanying CDs.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

## EXHIBIT I:

## PROOFS OF DEBT

[Previously supplied]

# ORiginal Claims

**H
A
N
D**

**D
E
L
I
V
E
R
Y**



RECEIVED

APR - 1 2010

EPIQ BANKRUPTCY SOLUTIONS, LLC



_____
RECEIVED BY:

_____
DATE

**4:38**
_____
TIME