B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                     Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| CITIGROUP FINANCIAL PRODUCTS INC. | SCOTTWOOD MASTER, LTD |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

390 Greenwich Street, Fourth Floor
New York, New York, 10013
Attn: Marc Heimowitz
Phone: 212-723-1058
Email: marc.j.heimowitz@citi.com

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

Court Claim # (if known): 66097 (which amends Proof of Claim Number 19143)

Total Amount of Claim Filed: $ 5,460,726.95
Amount of Claim Transferred: $ 5,460,726.95
Date Claim Filed: January 13, 2010

Name and address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ illegible signature_____   Date: _4/14/11_
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

**NOTICE OF TRANSFER OF CLAIM
OTHER THAN FOR SECURITY**

Claim No. 66097 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on _____, 2011.

<u>SCOTTWOOD MASTER, LTD.</u>
Name of Alleged Transferor

<u>CITIGROUP FINANCIAL PRODUCTS INC.</u>
Name of Transferee

Address of Alleged Transferor:

33 Benedict Place
Greenwich, CT 06830
Attn: Doug Stroup
Phone: 203-302-2458
Email: ds@scottwoodcapital.com

Address of Transferee:

390 Greenwich Street, Fourth Floor
New York, New York, 10013
Attn: Marc Heimowitz
Phone: 212-723-6419
Email: marc.j.heimowitz@citi.com

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

~ **DEADLINE TO OBJECT TO TRANSFER** ~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____          _____
                                                            **CLERK OF THE COURT**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

**EXHIBIT B**

## EVIDENCE OF TRANSFER OF CLAIM

TO:    United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court")
Attn: Clerk

AND TO:    **Lehman Brothers Special Financing Inc.** ("Debtor")
Case No. 08-13555 (JMP) (Jointly Administered)

Claim #: **66097**

**SCOTTWOOD MASTER LTD.**, its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**CITIGROUP FINANCIAL PRODUCTS INC.**
its successors and assigns ("Buyer"), all right, title and interest in and to $5,460,726.95 (the "Claim") of Seller against **Lehman Brothers Special Financing Inc.**, docketed as claim number **66097** (which amends Proof of Claim No. 19143) in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13888 (JMP), or any other court with jurisdiction over the bankruptcy proceedings of the Debtor, including all rights of stoppage in transit, replevin and reclamation.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated April 7, 2011.

| SCOTTWOOD MASTER LTD. | CITIGROUP FINANCIAL PRODUCTS INC. |
|---|---|
| By: *[signature]* | By: _____ |
| Name: Edward Perlman | Name: |
| Title: Director | Title: |

**EXHIBIT B**

### EVIDENCE OF TRANSFER OF CLAIM

TO: United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court")
Attn: Clerk

AND TO: Lehman Brothers Special Financing Inc. ("Debtor")
Case No. 08-13555 (JMP) (Jointly Administered)

Claim #: 66097

SCOTTWOOD MASTER LTD., its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**CITIGROUP FINANCIAL PRODUCTS INC.**
its successors and assigns ("Buyer"), all right, title and interest in and to $5,460,726.95 (the "Claim") of Seller against Lehman Brothers Special Financing Inc., docketed as claim number 66097 (which amends Proof of Claim No. 19143) in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13888 (JMP), or any other court with jurisdiction over the bankruptcy proceedings of the Debtor, including all rights of stoppage in transit, replevin and reclamation.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated April 7, 2011.

SCOTTWOOD MASTER LTD.

By: _____
Name:
Title:

CITIGROUP FINANCIAL PRODUCTS INC.

By: _____
Name: MARC HEIMOWITZ
Title: MANAGING DIRECTOR

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000066097 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing, Inc. | Case No. of Debtor<br>08-13888 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Gulf Stream – Sextant CLO 2007-1, Ltd.         Mayer Brown LLP<br>Gulf Stream Asset Management LLC              1675 Broadway<br>The Rotunda Building                                     New York, NY 10019-5820<br>4201 Congress Street, Suite 475                    Telephone: (212) 506-2128<br>Charlotte, NC 28209                                        Attn: Andrew Shaffer<br>Attn: Barry K. Love                                         Telephone: (212) 506-2128<br><br>Telephone number: (704) 552-5042    Email Address: blove@gulfstreammgmt.com | ☑ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** 19143<br>(*If known*)<br><br>Filed on: 9/18/2008 | **NOTICE OF SCHEDULED CLAIM:**<br>Your Claim is scheduled by the indicated Debtor as:<br><br>**FILED / RECEIVED**<br>**JAN 1 3 2010**<br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
| Name and address where payment should be sent (if different from above)<br><br>Telephone number:    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. | |

1. **Amount of Claim as of Date Case Filed:** $ 5,460,726.95
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** see attachment
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
         (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)( asdf ).

   Amount entitled to priority:

   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

**FOR COURT USE ONLY**

~~FILED / RECEIVED~~
~~JAN 1 1 2010~~
~~EPIQ BANKRUPTCY SOLUTIONS, LLC~~

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. [signature] |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC.                               :    08-13555 (JMP)
                                                            :
          Debtor.                                           :
                                                            :
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS SPECIAL                                     :
       FINANCING, INC.                                      :    08-13888 (JMP)
                                                            :
          Debtor.                                           :
                                                            :
------------------------------------------------------------x

## ADDENDUM TO AMENDED PROOF OF CLAIM OF
## GULF STREAM – SEXTANT CLO 2007-1, LTD.

This Amended Proof of Claim is submitted by Gulf Stream Asset Management LLC ("Gulf Stream AM"), as attorney-in-fact for Gulf Stream – Sextant CLO 2007-1, Ltd. ("CLO", and together with Gulfstream AM, "Claimant"), against Lehman Brothers Special Financing Inc. ("LBSFI") and Lehman Brothers Holdings Inc. ("LBHI"), with respect to that certain ISDA Master Agreement dated as of May 24, 2007 (as amended, supplemented and modified from time to time, the "Master Agreement"), between LBSFI and CLO, as Issuer,[1] and a guarantee dated May 24, 2007 (the "Guarantee"), pursuant to which LBHI unconditionally guaranteed payment of LBSFI's obligations to CLO under the Master Agreement.

On September 15, 2008 (the "LBHI Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief under Chapter 11 of the Title 11 of the United

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning given to them in the Master Agreement.

17605571

States Code (the "Bankruptcy Code").  Subsequently, on October 3, 2008 (the "LBSFI Petition Date"), LBSFI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to this Court's order dated October 16, 2008, LBSFI's bankruptcy case is being jointly administered with LBHI and certain other of their affiliates (LBSFI and LBHI, together with their affiliated debtors, the "Debtors").  The Debtors are currently operating as debtors in possession pursuant to Section 1107 of the Bankruptcy Code.

On July 2, 2009, this Court entered an Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claims, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form establishing September 22, 2009 (the "Bar Date"), as the deadline for filing proofs of claim against the Debtors.

**Claim Arising Under the Agreement.**  As of the LBSFI Petition Date, one or more Events of Default had occurred under the Master Agreement entitling CLO, as non-defaulting party, to exercise its remedies under the Master Agreement.  By notice dated December 9, 2008 (the "Early Termination Date"), CLO, by and through its attorney-in-fact Gulf Stream AM, properly terminated all outstanding Transactions under the Master Agreement.

On October 26, 2009 (the "Termination Date"), CLO, LBSFI and LBHI entered into that certain Termination Agreement (the "Termination Agreement").  Pursuant to the Termination Agreement, CLO, LBSFI and LBHI acknowledged and agreed that (i) each Transaction under the Master Agreement was terminated as of the Termination Date; (ii) the Settlement Amount (as defined in the Termination Agreement) of $5,460,726.95 is owed to Claimant; and (iii) Claimant shall file an amended proof of claim against each of LBSFI and LBHI asserting an unsecured claim for the Settlement Amount, and each such claim shall constitute an allowed claim.

2

17605571

**Prior Credits.** The amount of all payments on the claims set forth in this Amended Proof of Claim has been credited and deducted for the purpose of making this Amended Proof of Claim.

**No Judgment.** No judgment has been rendered on the claims set forth in this Amended Proof of Claim.

**Right to Amend.** Claimant reserves the right to: (i) amend and/or supplement this Amended Proof of Claim from time to time hereafter as it may deem necessary and proper, including, but not limited to, for purposes of fixing, increasing or amending in any respect the amounts referred to herein, and adding or amending documents and other information and further describing this Amended Proof of Claim; (ii) file additional proofs of claim for additional claims which may be based upon the same or additional documents, and/or (iii) file a request for payment of administrative expenses in accordance with Sections 503 and 507 of the Bankruptcy Code with respect to claims covered by this Amended Proof of Claim or any other claims. This Amended Proof of Claim is filed without prejudice to the filing by Claimant or any of its affiliates of additional proofs of claim with respect to any other liability or indebtedness of the Debtors.

**Reservation of Rights.** Filing of this Amended Proof of Claim is not and should not be construed to be: (i) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of the claims set forth in this Amended Proof of Claim (except to the extent necessary to the allowance of this Amended Proof of Claim), any objection or other proceeding commenced with respect thereto or any other proceeding commenced in these cases against, or otherwise involving, Claimant; (ii) a waiver of the right of Claimant to trial by jury in any proceedings so triable in these cases or any controversy or proceedings related to these cases;

3

17605571

(iii) a waiver of any procedural or substantive defenses or rights with respect to any claim that may be asserted against Claimant by any Debtor, any trustee for a Debtors' estate, any other party-in-interest in this bankruptcy case, or any other person or entity whatsoever; (iv) a waiver of any past, present, or future defaults or events of default; (v) a waiver or release of any right of Claimant or any of its affiliates against any non-debtor, or other entity or person liable for all or part of any claim described herein; (vi) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case against or otherwise involving Claimant or its affiliates; (vii) a waiver of any right of subordination in favor of Claimant of indebtedness or liens held by a creditor of any Debtor; (viii) an election of remedies; (ix) a waiver of any right Claimant may have pursuant to Sections 506(b), 1111(b), or 363(k) of the Bankruptcy Code; (x) a waiver or limitation on the right of Claimant to vote on any plan or plans of reorganization or liquidation proposed in the above-captioned case; or (xi) a waiver of any additional claims or other rights Claimant or any of its affiliates may have.

4

**Notices.** All notices and distributions in respect of this Amended Proof of Claim should be sent to:

Gulf Stream Asset Management LLC
Attn: Barry K. Love
The Rotunda Building
4201 Congress Street
Suite 475
Charlotte, NC 28209
Telephone: (704) 552-5042

with a copy to:

Mayer Brown LLP
Attn: Andrew Shaffer
1675 Broadway
New York, NY 10019-5820
Telephone: (212) 506-2128

\*    \*    \*

5

17605571

**HAND DELIVERY**

L. Rodriguez
RECEIVED BY:

FILED / RECEIVED
JAN 13 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC
DATE

2:13pm
TIME