WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746**
**REGARDING MOTION OF THE DEBTORS PURSUANT TO SECTION**
**105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**
**FOR AUTHORIZATION AND APPROVAL OF A SETTLEMENT BETWEEN**
**LEHMAN BROTHERS HOLDINGS INC. AND AEGIS MORTGAGE CORP.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice

and Case Management Procedures [Docket No. 9635] (the "Second Amended Case

Management Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Holdings Inc. ("LBHI," and together with its

affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession, the "Debtors"), filed the Motion of the Debtors Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rule 9019 for Authorization and Approval of a Settlement Between Lehman Brothers Holdings Inc. and Aegis Mortgage Corp. [Docket No. 15282] (the "Motion") with this Court on March 23, 2011.

2.      In accordance with the Second Amended Case Management Order, April 6, 2011 at 4:00 p.m. (Prevailing Eastern Time), was established as the deadline for parties to object or file a response to the Motion (the "Objection Deadline").  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on Debtors' counsel.

4.      Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order annexed hereto as Exhibit A, and

unmodified since the filing of the Motion, be entered in accordance with the procedures

described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: April 18, 2011
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# <u>EXHIBIT A</u>

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                             :
In re                                        :        **Chapter 11 Case No.**
                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :        **08-13555 (JMP)**
                                             :
                        **Debtors.**         :        **(Jointly Administered)**
                                             :
--------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION**
**105(a) OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULE 9019(b) AUTHORIZING**
**AND APPROVING THE SETTLEMENT BETWEEN**
**LEHMAN BROTHERS HOLDINGS INC. AND AEGIS MORTGAGE CORP.**

Upon the motion, dated March 23, 2011 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (collectively, the "Debtors" and, together with their non-debtor affiliates,

"Lehman"), pursuant to section 105 of chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for authorization and approval of the settlement between LBHI and Aegis

Mortgage Corporation ("Aegis") on the terms set forth in the Settlement Agreement,[1] as more

fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

proper notice of the Motion having been provided in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9635]; and the Court having found and

determined that the relief sought in the Motion is in the best interests of LBHI, its estate and

creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 105 of the Bankruptcy Code and Bankruptcy

Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that upon Aurora Loan Services' receipt of distributions from Aegis'

bankruptcy estate on account of the $25,000,000 Allowed Claim, Aurora Loan Services and

LBHI shall jointly determine the amount of such distributions that is attributable to the portion of

the Allowed Claim that relates to loans held by LBHI (such amount, the "LBHI Distribution");

and it is further

ORDERED that Aurora Loan Services shall distribute the LBHI Distribution to

LBHI, without the need for request, and without any right of setoff; and it is further

ORDERED that LBHI is authorized to execute, deliver, implement and fully

perform any and all obligations, instruments, documents and papers and to take any and all

actions reasonably necessary or appropriate to consummate the settlement, including entering

into the Settlement Agreement, and perform any and all obligations contemplated therein; and it

is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the

Settlement Agreement and any disputes arising thereunder.

Dated:  April__, 2011
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE