UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
         Debtors.                             :    (Jointly Administered)
                                              :
-------------------------------------------------------------x
                                              :
In re                                         :
                                              :
LEHMAN BROTHERS INC.,                         :    Case No. 08-01420 (JMP) SIPA
                                              :
         Debtor.                              :
                                              :
-------------------------------------------------------------x
```

### STIPULATION, AGREEMENT AND ORDER GRANTING MERRILL LYNCH PORTFOLIO MANAGEMENT, INC. AND MERRILL LYNCH CAPITAL SERVICES, INC. RELIEF FROM THE AUTOMATIC STAY

Merrill Lynch Portfolio Management, Inc. ("MLPM"), Merrill Lynch Capital Services, Inc. ("MLCS," together with MLPM, "Merrill"), Lehman Brothers Holdings Inc. ("LBHI,"), Lehman Brothers Special Financing Inc. ("LBSF," together with LBHI, the "Lehman Debtors,"), and James W. Giddens, as Trustee (the "SIPA Trustee," and collectively with Merrill and the Lehman Debtors, the "Parties") for the liquidation of the assets of Lehman Brothers Inc. ("LBI"), under the Securities Investor Protection Act of 1970, as amended ("SIPA"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") and represent and agree as follows:

### RECITALS

A.    On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced in this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On or about September 19, 2008, the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "LBI Liquidation Order") pursuant to the provisions of SIPA in the case captioned Securities Investor Protection Corporation v. Lehman Brothers Inc., Case No. 08-CIV-8119 (GEL).

C. The LBI Liquidation Order (i) appointed the SIPA Trustee for the liquidation of the business of LBI pursuant to section 78eee(b)(3) of SIPA, (ii) appointed counsel for the SIPA Trustee pursuant to section 78eee(b)(3) of SIPA and (iii) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA (such above-captioned case, the "SIPA Proceeding").

D. On March 8, 2011, Merrill filed a motion against the Lehman Debtors in the Chapter 11 Cases (the "Stay Relief Motion") for entry of an order modifying the automatic stay pursuant to Section 362(d) of the Bankruptcy Code and permitting Merrill to exercise its rights under state law and with respect to various agreements relating to certain real property located in Broward County, Florida.

E. The Stay Relief Motion contains the following factual assertions which the Lehman Debtors and the SIPA Trustee dispute in many respects:[1]

      i. Pursuant to that certain Indenture of Trust, dated as of November 1, 2005 (the "Indenture"), between Capital Trust Agency (the "Issuer") and U.S. Bank National Association (the "Trustee"), the Issuer issued the following Multifamily Housing Revenue Bonds: $62,030,000 Series A Bonds (the

---

[1] For the avoidance of doubt, the Parties do not intend this Stipulation, Agreement and Order to be determinative of any Party's rights under any of the agreements described herein, or to amend, limit, waive or release any Party's obligations, rights, remedies or defenses thereunder.

2

"Series A Bonds"), $20,680,000 Subordinate Series B Bonds (the "Series B Bonds"), $20,680,000 Subordinate Series C Bonds (the "Series C Bonds") and $1,915,000 Subordinate Series D Bonds (the "Series D Bonds" and, together with the Series A Bonds, Series B Bonds and Series C Bonds, the "Bonds").

ii. Merrill Lynch, Pierce, Fenner & Smith Inc. ("MLPFS") was the initial purchaser, and MLPM is the current beneficial owner, of the Series A Bonds.

iii. LBI was the initial purchaser and LBHI, as successor in interest to LBI, is the current owner of the Series B Bonds.

iv. NAHTEF Bond Fund I – 2005, L.P. ("NAHTEF Bond") is the owner of the Series C Bonds and NAHTEF Acquisitions, LLC ("NAHTEF Acquisitions" and, together with NAHTEF Bond, "NAHTEF") is the owner of the Series D Bonds.

v. The proceeds of the Bonds were loaned (the "Loan") to an entity called AHF-Bay Fund, LLC ("AHF") by the Issuer pursuant to that certain Loan Agreement, dated as of November 1, 2005 (the "Loan Agreement"), and were used for the acquisition and rehabilitation of certain multifamily housing projects including the Brampton Court Apartments, which are located in Broward County, Florida (the "Brampton Project").[2]

vi. The Loan is evidenced by a senior promissory note (the "Merrill Note") by AHF in the amount of the Series A Bonds, a junior promissory note (the "Lehman Note") by AHF in the amount of the Series B Bonds and certain other subordinate promissory notes by AHF in the amounts of the Series C Bonds and Series D Bonds.

vii. In connection with the Loan, AHF entered into the following additional agreements:

- That certain ISDA Master Agreement and related documents, under the terms of which MLCS and AHF agreed to make certain payments to one another relating to the Series A Bonds (collectively, the "Merrill TRS").

- That certain ISDA Master Agreement and related documents, under the terms of which LBSF and AHF agreed to make certain

---

[2] AHF also acquired (i) the Brittany Bay Apartments located in Pinellas County, Florida; (ii) the Mariners Pointe Apartments located in Pinellas County, Florida; (iii) the Village Lakes Apartments located in Seminole County, Florida; and (iv) the Waterman's Crossing Apartments located in Hillsborough County, Florida (collectively with the Brampton Project, the "Projects") pursuant to the same transaction.

3

        payments to one another relating to the Series B Bonds (collectively, the "<u>Lehman TRS</u>" and, together with the Merrill TRS, the "<u>Swaps</u>").

viii.    In order to secure AHF's various obligations under the Bonds and the Swaps, AHF granted the following mortgages:

- A first mortgage and related documents, executed by AHF in favor of the Issuer and assigned to the Trustee to secure the Series A Bonds held by MLPM (the "<u>First Mortgage</u>").

- A second mortgage and related documents, executed by AHF in favor of MLCS to secure the obligations of AHF under the Merrill TRS (the "<u>Second Mortgage</u>," and together with the First Mortgage, the "<u>Merrill Mortgages</u>").

- A third mortgage and related documents, executed by AHF in favor of the Issuer and assigned to the Trustee to secure the Series B Bonds held by LBI or LBHI (the "<u>LBHI Mortgage</u>").

- A fourth mortgage and related documents, executed by AHF in favor of LBSF and LBHI to secure the obligations of AHF under the Lehman TRS (the "<u>LBSF Mortgage</u>").

- A fifth mortgage and related documents, executed by AHF in favor of the Issuer and assigned to the Trustee to secure the Series C Bonds and Series D Bonds held by NAHTEF (the "<u>NAHTEF Mortgage</u>" and, together with the LBHI Mortgage and the LBSF Mortgage, the "<u>Subordinate Mortgages</u>").

ix.    In connection with the Projects, MLPFS, MLCS, LBI, LBSF and NAHTEF Bond also entered into that certain Subordination Agreement, dated as of November 10, 2005 (the "<u>Subordination Agreement</u>"). Merrill asserts that, under the terms of the Subordination Agreement, upon the occurrence of an event of default with respect to the Series A Bonds or the Merrill TRS, LBI, LBSF and NAHTEF granted Merrill certain rights and remedies, including, without limitation, the ability to release or cause the release of certain mortgages held by or for the benefit of LBI, LBSF and NAHTEF.

x.    Shortly after the Commencement Date, AHF defaulted under the Merrill TRS and AHF continues to be in default, subject to the forbearance of MLCS. By notice dated October 8, 2008 from MLCS to AHF, MLCS notified AHF that an event of default had occurred under the Merrill TRS (the "<u>Merrill TRS Default</u>") as a result of the failure of AHF to post collateral with MLCS required pursuant to the Merrill TRS. By notice

4

        dated October 8, 2008 from MLCS to the Lehman Debtors, MLCS notified the Lehman Debtors of the Merrill TRS Default.

    xi.    AHF has proposed to sell the Brampton Project to an unrelated third party purchaser (the "<u>Proposed Brampton Project Sale</u>") free and clear of the Merrill Mortgage and the Subordinate Mortgages. The proceeds from the Proposed Brampton Project Sale will be less than the amounts currently owed with respect to the Series A Bonds and the Merrill TRS.

    F.    In an effort to consensually resolve certain issues that have arisen in connection with Merrill's exercise of its rights and remedies with respect to AHF's alleged default in connection with the Merrill TRS, the Parties have agreed that it is in their best interests to enter into this Stipulation, Agreement and Order upon the terms and conditions set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

    1.    This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "<u>Effective Date</u>").

    2.    Upon the Effective Date, to the extent that the automatic stay extant pursuant to section 362(a) of the Bankruptcy Code and, as to LBI, the stay contained in SIPA and the LBI Liquidation Order (collectively, the "<u>Automatic Stay</u>") are applicable, they shall be modified solely to the extent necessary to allow Merrill (a) to exercise any rights that Merrill may have (including any right Merrill may have to direct the Trustee to exercise any rights and remedies the Trustee may have and any such exercise by the Trustee pursuant to the direction of Merrill shall also be authorized) under the Merrill TRS and pursuant to the Subordination Agreement and applicable law with respect to Brampton Project solely in connection with the Proposed Brampton Project Sale (including, without limitation, any rights Merrill may have to require the release or cancellation of the Merrill Mortgages and Subordinate Mortgages (and related security interests) for the Brampton Project); and (b) to apply the proceeds of the Proposed Brampton Project Sale in accordance with the Loan Agreement, the Merrill Note, the Lehman Note, the

5

Merrill Mortgages, the Subordinate Mortgages and all other promissory notes, mortgages, guarantees, documents, instruments and agreement evidencing, securing or otherwise relating to the Loan, (collectively, the "Loan Documents") subject, however, to the terms, provisions and conditions of the Subordination Agreement. The Lehman Debtors are authorized, but not directed, to execute and deliver releases or cancellations of the LBHI Mortgage and LBSF Mortgage (and related security interests) for the Brampton Project without further Court approval.

3. The Lehman Debtors and the SIPA Trustee, through their officer(s) and any other duly designated person, are hereby authorized, but not directed, to make, execute, file and deliver such statements, instruments, and other documents and to take all other and further actions that may be required or necessary for the performance by the Lehman Debtors or the SIPA Trustee of the terms of this Stipulation, Agreement and Order and to effectuate any agreements entered into by the Lehman Debtors or the SIPA Trustee in connection with the Proposed Brampton Project Sale, including, without limitation, the release or cancellation of the LBHI Mortgage and the LBSF Mortgage with respect to the Brampton Project only, and each of the Parties are hereby authorized to file, register or otherwise record a copy of this Stipulation, Agreement and Order.

4. Other than as set forth in Paragraph 2 above, the Automatic Stay remains in full force and effect including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the relevant Commencement Date with respect to the Lehman Debtors or the commencement of the SIPA Proceeding with respect to LBI, the Lehman Debtors' or LBI's respective estates and/or to exercise control over assets or property of the Lehman Debtors or LBI or the estates of the Lehman Debtors or LBI (as defined in section 541 of the Bankruptcy Code).

5. This Stipulation, Agreement and Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, records of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other

6

persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Proposed Brampton Project Sale and the transactions effectuated in compliance with this Stipulation, Agreement and Order and otherwise in accordance with the terms of the Loan Documents.

6. Except as expressly provided herein, nothing in this Stipulation, Agreement and Order shall constitute or be construed as (a) an amendment, waiver, limitation or modification of any terms, provisions, conditions or covenants of, any of (i) the Loan Documents, or (ii) the Subordination Agreement, or any of the rights or remedies of the Parties under such documents; or (b) an admission as to the validity of any claim of or against any Party, or as a waiver of the rights of any Party to dispute any claim.

7. Upon the Effective Date, the Stay Relief Motion shall be deemed resolved.

8. Each person who executes this Stipulation, Agreement and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party.

9. This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

11. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a) (3).

12. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

[Signature Page Follows]

Dated: April 11, 2011

| **WEIL, GOTSHAL & MANGES LLP** | **KUTAK ROCK LLP** |
|---|---|
| /s/ Jacqueline Marcus<br>Jacqueline Marcus<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>Attorneys for Debtors<br>and Debtors in Possession | /s/ Peter J. Barrett<br>Peter J. Barrett<br>1111 East Main Street, Suite 800<br>Richmond, Virginia 23219<br>Telephone: (804) 644-1700<br>Facsimile: (804) 783-6192<br><br>Attorneys for Merrill Lynch Portfolio<br>Management, Inc. and Merrill Lynch Capital<br>Services, Inc. |

**HUGHES HUBBARD & REED LLP**

/s/ Jeffrey S. Margolin
James B. Kobak, Jr.
Jeffrey S. Margolin

One Battery Park Plaza
New York, N.Y.  10004
Telephone: (212) 837-6000
Facsimile: (212) 299-6879

Counsel to James W. Giddens, Trustee for the SIPA liquidation of the Business of Lehman Brothers Inc.

SO ORDERED this 26th day of April, 2011

   *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE