WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT TO SECTION 105**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**
**AUTHORIZING THE DEBTORS TO IMPLEMENT**
**PROCEDURES FOR THE SETTLEMENT OF AVOIDANCE CLAIMS**

PLEASE TAKE NOTICE that a hearing on the annexed motion, dated as of April 27, 2011 (the "Motion"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") authorizing the Debtors to implement procedures for settlement of avoidance claims, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Court"), on **May 18, 2011, at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the

objecting party, the basis for the objection and the specific grounds thereof, and shall be filed

with the Bankruptcy Court electronically in accordance with General Order M-242 (which can

be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing

system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with two

hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the

Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601;

(ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:

Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee

for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Tracy Hope

Davis, Esq., Elisabetta Gasparini, Esq., and Andrea Schwartz, Esq.; and (iv) Milbank, Tweed,

Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis

F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official

Committee of Unsecured Creditors appointed in these cases, and (v) all parties who have

requested notice in these chapter 11 cases, so as to be so filed and received by no later than **May

11, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.


Dated:  April 27, 2011
        New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                          :
**In re**                                 :          **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :          **08-13555 (JMP)**
                                          :
                        **Debtors.**      :          **(Jointly Administered)**
                                          :
                                          :
----------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 9019 AUTHORIZING THE DEBTORS TO**
**IMPLEMENT PROCEDURES FOR THE SETTLEMENT OF AVOIDANCE CLAIMS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

            Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), file this Motion

and respectfully represent:

**Preliminary Statement**

            1.      On September 15, 2010 and on certain dates thereafter, the Debtors filed

numerous adversary proceedings on account of claims (collectively, the "Avoidance Adversary

Proceedings") under chapter 5 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors also entered into agreements (each, an "Avoidance Tolling Agreement") with

numerous counterparties tolling the applicable statute of limitations for, and providing for

forbearance from, among other things, assertion and prosecution of, avoidance claims

(collectively, the "Tolled Avoidance Claims" and together with the Avoidance Adversary

Proceedings, the "Avoidance Claims"[1]) under chapter 5 of the Bankruptcy Code.  On October

20, 2010, the Court stayed the Avoidance Adversary Proceedings[2] so that the Debtors could

conduct further due diligence and actively pursue consensual resolutions of the Avoidance

Claims instead of diverting their resources to respond to discovery demands, engage in motion

practice, and prepare for contested proceedings and trials, and to avoid monopolizing the Court's

docket.

2.        In order to attempt to resolve the Avoidance Claims efficiently and

economically and, thus, maximize recovery to the Debtors' estates and creditors on account of

such claims while easing the burden on the Court, the Debtors propose, by this Motion, to

implement certain procedures (the "Avoidance Settlement Procedures") to settle Avoidance

Claims (each, a "Settlement") without the need to obtain Court approval on a case-by-case basis.

3.        The Debtors believe that the Avoidance Settlement Procedures will enable

them to significantly reduce the costs incurred in resolving such claims, with corresponding

benefits to their estates and creditors.  In negotiating and achieving Settlements, the Debtors will

be guided by several factors, including the likelihood of the Debtors' success in their prosecution

---

[1] The term "Avoidance Claim" means any avoidance claim under chapter 5 of the Bankruptcy Code that has been or hereafter is filed or identified by the Debtors. Each defendant in an Avoidance Adversary Proceeding is hereinafter referred to as an "Avoidance Adversary Proceeding Defendant" and each counterparty to an Avoidance Tolling Agreement is hereinafter referred to as a "Tolled Avoidance Claim Counterparty."  For the purposes of this Motion and the Avoidance Settlement Procedures set forth herein, the term "Avoidance Claim" shall not include any claim subject to the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Contracts with Special Purpose Vehicle Counterparties*, dated March 3, 2011 [Docket No. 14789].

[2] *See Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [Docket No. 12199] (the "Avoidance Stay Order").

of the claims or their defenses against counterclaims and the estimated costs they would incur in litigating such claims.  Furthermore, the Debtors will confer with the statutory committee of unsecured creditors appointed in these cases (the "Creditors' Committee") and the trustee (the "SIPA Trustee") administering the estate of Lehman Brothers Inc. ("LBI") regarding proposed Settlements as provided for in the Avoidance Settlement Procedures.

### Relief Requested

4.       The Debtors request that, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Court approve and authorize the Debtors to implement the Avoidance Settlement Procedures.

### Background

5.       On September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.       On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

7.       On September 19, 2008, the Honorable Gerard E. Lynch of the United States District Court for the Southern District of New York, entered the *Order Commencing Liquidation of the Debtor, LBI* (the "LBI Liquidation Order"), pursuant to the provisions of the

Securities Investor Protection Act of 1970 ("SIPA") in the case captioned Securities Investor

Protection Corporation v. Lehman Brothers Inc., No. 08-CIV-8119 (GEL) (S.D.N.Y. Sept. 19,

2008).  The LBI Liquidation Order, inter alia, appointed James W. Giddens as SIPA Trustee and

removed the proceeding to this Court.

   8. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner"), and by order dated January

20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the

Examiner.  On March 11, 2010, the Examiner filed its report with the Court (the "Examiner's

Report") [Docket No. 7531].

   9. On March 15, 2010, the Debtors filed their joint chapter 11 plan pursuant

to section 1121 of the Bankruptcy Code [Docket No. 7572].  On April 14, 2010, the Debtors

filed their revised joint chapter 11 plan [Docket No. 8330] and disclosure statement for their

revised joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No.

8332].  On January 25, 2011, the Debtors filed their First Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and its Affiliated Debtors [Docket No. 14150] and the Debtors'

Disclosure Statement for First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings

Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code [Docket No.

14151].

   10. Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

## Jurisdiction

11.    This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Avoidance Settlement Procedures

12.    The Debtors have initiated the process of contacting certain Avoidance

Adversary Proceeding Defendants and Tolled Avoidance Claim Counterparties in an effort to

consensually and amicably resolve the Avoidance Claims, if possible, prior to the

commencement or continuation of further litigation, as applicable.  Given the costs and expenses

that would be incurred in prosecuting motions to approve each Settlement of an Avoidance

Claim on a one-off basis, it would be far more efficient and cost-effective for the Debtors'

estates and creditors, and less burdensome for the Court, if the Debtors were authorized to settle

Avoidance Claims under the following terms and conditions:

a.    For any Avoidance Claim in the amount of up to and including $500,000, the Debtors may enter into a Settlement without further order of the Court or notice to or approval of any party in interest.

b.    For any Avoidance Claim that is greater than $500,000 but less than or equal to $2 million, the Debtors may enter into a Settlement without further order of the Court or notice to or approval of any party in interest; provided, however, that (i) the Debtors shall provide notice to counsel to the Creditors' Committee and the SIPA Trustee of such Settlement as soon as reasonably practicable, but in no event later than promptly following the consummation of such Settlement, and (ii) if (x) the proposed Settlement amount to be received by the Debtors in satisfaction of the Avoidance Claim is less than 40% of the asserted amount of the Avoidance Claim, or (y) the proposed Settlement involves a person that the Debtors discover, after a good faith review, was employed by the Debtors at any time on or after September 15, 2007 or an entity unaffiliated with the Debtors for which a person that the Debtors discover, after a good faith review, was employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Settlement amount, the Debtors will submit the proposed Settlement to the Creditors' Committee in accordance with clause (c) of these procedures.

c.    (i) For (x) any Avoidance Claim that is greater than $2 million but less than or equal to $50 million and (y) any proposed Settlement that must be

submitted to the Creditors' Committee in accordance with clause (b)(ii) above, the Debtors shall submit the proposed Settlement to the Creditors' Committee, together with the following (together, the "Avoidance Claim Settlement Summary"): (a) the name of the parties to the proposed Settlement, (b) a summary of the Avoidance Claim and the proposed Settlement amount, (c) an explanation of why the Settlement of such Avoidance Claim is favorable to the applicable Debtor(s) and its/their estate(s), (d) a copy of any proposed Settlement agreement, and (e) to the extent a proposed Settlement involves the settlement of claims asserted by that entity against the Debtor(s) (each, a "Prepetition Claim") pursuant to the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures*, entered on March 31, 2010 [Docket No. 7936] (the "Prepetition Claims Settlement Order"), the relevant proof(s) of claim number(s), the types of claims asserted against the Debtors, and the amount for which such claims have been settled.

(ii) The Creditors' Committee shall be required to submit, in writing, any objections to a proposed Settlement on or before five (5) business days after service of an Avoidance Claim Settlement Summary or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee; provided, however, that if the Creditors' Committee makes a reasonable request for additional information regarding a proposed Settlement, the Creditors' Committee's objection period shall be suspended until the requested information has been provided.  In the event that the Creditors' Committee objects to a proposed Settlement, the Debtors may (a) seek to renegotiate the proposed Settlement and may submit to the Creditors' Committee a revised Avoidance Claim Settlement Summary in connection therewith or (b) file a motion with the Court requesting approval of the proposed Settlement under Bankruptcy Rule 9019 on no less than ten (10) business days' notice.

(iii) If there is no timely objection made by the Creditors' Committee to a proposed Settlement, or if the Debtors receive written approval from the Creditors' Committee of the proposed Settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the Settlement without further order of the Court or notice to any party in interest, except as to the SIPA Trustee as provided in paragraph (b) above.

d.    The Debtors must file a motion with the Court under Bankruptcy Rule 9019 requesting approval of a proposed Settlement of any Avoidance Claim that is greater than $50 million.

e.    Beginning 25 days after the end of the first calendar quarter following approval of these Avoidance Settlement Procedures, and quarterly thereafter not later than 25 days after the end of each subsequent calendar quarter, the Debtors shall file with the Court reports identifying all Settlements that the Debtors have entered into during the previous quarterly period in accordance with the Avoidance Settlement Procedures.  Such reports will set forth (i) the number of

Settlements entered into during the previous quarterly period, and (ii) the aggregate Settlement amount of all Avoidance Claims settled during the previous quarterly period.

f.    Under the Avoidance Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

g.    Nothing in these Avoidance Settlement Procedures shall affect or impair any notice, consent, and/or approval rights set forth in the Prepetition Claims Settlement Order; provided, however, that, to the extent a Settlement also involves the settlement of Prepetition Claims pursuant to the Prepetition Claims Settlement Order, such Settlement shall be subject to the notice, consent, and/or approval rights contained in the Prepetition Claims Settlement Order or these Avoidance Settlement Procedures according to the higher aggregate claim amount of the Avoidance Claims or Prepetition Claims.

h.    Nothing in these Avoidance Settlement Procedures shall affect or impair any notice and/or consent rights agreed to between and among the Debtors, the Creditors' Committee, and the SIPA Trustee in the *Stipulation and Order Between Lehman Brothers Holdings Inc. and James W. Giddens as Trustee for the SIPA Liquidation of Lehman Brothers Inc. with Respect to Claims Asserted and Adversary Proceedings Commenced Pursuant to Bankruptcy Code Sections 544, 547, 548 and 550*, so ordered on September 10, 2010 [Docket No. 11252 in Case No. 08-13555 and Docket No. 3664 in Case No. 08-01420] (the "So Ordered Stipulation").

### Basis for Relief

**A.    The Court Has Authority to
Implement the Avoidance Settlement Procedures**

13.    The Avoidance Settlement Procedures will facilitate resolutions of Avoidance Claims in an efficient and cost-effective fashion, easing the burden on the Court and the Debtors, and preserving the rights of all parties in interest in these chapter 11 cases.  This Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [debtor in possession] and

after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a).  This rule empowers bankruptcy courts to approve compromises "if they are in the best interest of the estate."  *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). Indeed, courts have long considered compromises to be "a normal part of the process of reorganization."  *TMT Trailer Ferry,* 390 U.S. at 424 (quoting *Case v. Los Angelas Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

14.     The decision to approve a particular compromise lies within the sound discretion of the bankruptcy court.  *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).  The settlement need not result in the best possible outcome for the debtor but must not fall beneath the lowest point in the range of reasonableness."  *Drexel Burnham Lambert Group*, 134 B.R. at 505; *see also Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).  Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements."  *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).  However, the analysis must focus on the question of whether a particular compromise is "fair and equitable, and in the best interest of the estate."  *In re Best Products*, 165 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (internal citations omitted).

15.     While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court

need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699

F.2d at 608, or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134

B.R. at 496. "[T]he bankruptcy judge does not have to decide the numerous questions of law and

fact…. The court need only canvass the settlement to determine whether it is within the accepted

range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

16.     The court may give weight to the "informed judgments of the … debtor-

in-possession and their counsel that a compromise is fair and equitable, and consider the

competency and experience of counsel who support the compromise." *Drexel Burnham Lambert

Group*, 134 B.R. at 505 (internal citations omitted); *see also In re Purofied Down Prods. Corp.*,

150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr.

S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for

the Trustee's, but only that I test his choice for reasonableness…. If the Trustee chooses one of

two reasonable choices, I must approve that choice, even if, all things being equal, I would have

selected the other."). Notably, there is no requirement that "the value of the compromise … be

dollar-for-dollar the equivalent of the claim." *Ionosphere Clubs, Inc.*, 156 B.R. at 427. Instead,

"there is no reason, at least in theory, why a satisfactory settlement could not amount to a

hundredth or even a thousandth part of a single percent of the potential recovery." *Id*. at 427-28

(quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)).

**B.      The Avoidance Settlement Procedures
         Are Appropriate and Should Be Approved**

17.     The Debtors seek authority to implement procedures pre-authorizing them

to settle Avoidance Claims in accordance with the Debtors' reasonable business judgment.

Providing the Debtors with the authority to settle their Avoidance Claims efficiently and

economically in accordance with streamlined procedures that provide the Creditors' Committee,

the SIPA Trustee, and the Court with sufficient oversight of the settlement process is clearly beneficial to the Debtors' estates and creditors while reducing the burden on the Court.  Absent the relief requested in this Motion, the Debtors would be required to seek specific Court approval for each individual Settlement.  In light of the number of Avoidance Claims that have been asserted for relatively modest amounts, the Debtors believe holding individual hearings, filing individual pleadings with respect to each proposed Settlement, and sending notice of each Settlement to every party entitled to receive notice would be an expensive, cumbersome, and highly inefficient way to resolve many of the disputed Avoidance Claims.

18.    This Court and other courts have granted authority to debtors in possession to settle various types of claims in other large chapter 11 cases.  *See, e.g., In re Old Carco LLC, f/k/a/ Chrysler LLC, et al.*, Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. 2009) (establishing settlement procedures for resolution and payment of disputed prepetition tax claims); *In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2004) (approving settlement procedures utilized by official employment-related issues committee regarding settlement of certain avoidance actions); *In re Footstar, Inc. et al.*, Case No. 04-22350 (Bankr. S.D.N.Y. 2004) (approving procedures for settlement of litigation claims and prepetition leases and contracts); *In re NRG Energy, Inc., et al.*, Case No. 03-13024 (Bankr. S.D.N.Y. 2003) (approving procedures for settlement of terminated derivative contracts); *In re Mirant Corporation, et al.*, Case No. 03-46590 (Bankr. N.D. Tex. 2003) (approving procedures for settlement of terminated derivative contracts); *In re Enron Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001) (approving procedures for estimation and settlement of unliquidated and contingent claims); *In re Armstrong World Industries, Inc., et al.*, Case No. 00-

4471 (Bankr. D. Del. 2000) (approving procedures for settlement of personal injury claims, employee litigation claims, and tax claims against the debtor).

19.    Moreover, this Court has previously granted the Debtors authority, in the Other Settlement Procedures Orders,[3] to settle certain types of disputes in these chapter 11 cases through the use of streamlined procedures which limit the number and type of settlements that must be adjudicated by the Court.  The Other Settlement Procedures Orders have saved the Debtors considerable time and resources, thereby maximizing value for the benefit of the estates and easing the burden on this Court of needing to approve each settlement, no matter how small the dollar amount.  The Avoidance Settlement Procedures will similarly benefit the Debtors' estates, their creditors, and all parties in interest, as well as this Court, by streamlining the process of settling Avoidance Claims and sparing the Debtors' estates of the expense, delay, and uncertainty that otherwise may be associated with resolving such claims, while, at the same time, providing the Creditors' Committee with substantial and appropriate oversight over the

---

[3] *See Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures*, dated March 31, 2010 [Docket No. 7936]; *Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) Establishing Procedures to (i) Restructure, (ii) Make New or Additional Debt or Equity Investments in, and/or (iii) Enter Into Settlements and Compromises in Connection with Existing Real Estate Investments*, dated November 23, 2009 [Docket No. 5912]; *Sixth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts*, dated April 14, 2011 [Docket No. 15999]; *Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Establishing Procedures for the Debtors to Transfer Their Interests in Respect of Residential and Commercial Loans Subject to Foreclosure to Wholly-Owned Non-Debtor Subsidiaries*, dated September 24, 2009 [Docket No. 5272]; *Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures for the Debtors to Compromise Claims of the Debtors in Respect of Real Estate Loans*, dated September 16, 2009 [Docket No. 5187]; *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures for the Debtors to Compromise and Settle Claims in Respect of the Origination or Purchase of Residential Mortgage Loans*, dated August 5, 2009 [Docket No. 4706]; *Order Granting Debtors' Motion Pursuant to Sections 105, 363, and 554(a) of the Bankruptcy Code for Authority to Establish Procedures to Sell or Abandon De Minimis Assets*, dated June 17, 2009 [Docket No. 4021]; *Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures to Terminate Unfunded Commitments and Restructure Corporate Loan Agreements*, dated June 3, 2009 [Docket. No 3753]; any other such orders providing for procedures as the Court may issue (together, the "Other Settlement Procedures Orders").  The Avoidance Settlement Procedures do not apply to the various claims that may be asserted by the Debtors, such as claims based on derivatives transactions or related to the Debtors' real estate investments, that are already covered by the Other Settlement Procedures Orders.

settlement of Avoidance Claims.  Based on the foregoing, the Debtors request that the Court

exercise its authority under the Bankruptcy Code and the Bankruptcy Rules to implement the

Avoidance Settlement Procedures.

20.    The Avoidance Settlement Procedures are separate and distinct from and

do not replace the procedures provided for in the Other Settlement Procedures Orders.  Except as

provided for herein and therein, nothing in this Motion shall (i) affect, impair, impede, or

otherwise alter the procedures or rights set forth in or established pursuant to the Other

Settlement Procedures Orders or (ii) expand or create additional rights for the Debtors to settle or

pursue settlement of Avoidance Claims pursuant to the Other Settlement Procedures Orders.

## Notice

21.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

(v) the United States Attorney for the Southern District of New York; and (vi) all other parties

entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

22.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.


DATED: April 27, 2011
        New York, New York

                                    /s/ Jacqueline Marcus
                                    Jacqueline Marcus

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                         :

In re                                  :        **Chapter 11 Case No.**
                                           :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :        **08-13555 (JMP)**
                                           :

                         **Debtors.**        :        **(Jointly Administered)**
                                           :

                                           :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105 OF**
**THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 9019 AUTHORIZING THE DEBTORS TO IMPLEMENT**
**PROCEDURES FOR THE SETTLEMENT OF AVOIDANCE CLAIMS**

Upon the Motion, dated April 27, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together, the "Debtors"), pursuant to section 105 of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), authorizing the Debtors to implement procedures for the

settlement of Avoidance Claims, all as more fully set forth in the Motion; and due and proper

notice of the Motion having been provided in accordance with the procedures set forth in the

second amended order entered on June 17, 2010 governing case management and administrative

procedures [Docket No. 9635], and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Avoidance Settlement Procedures; and it is further

ORDERED that the Avoidance Settlement Procedures approved herein apply to any Avoidance Claim that has been or hereafter is filed or identified by the Debtors; and it is further

ORDERED that Debtors shall be, and hereby are, authorized to compromise and settle Avoidance Claims in accordance with the following Avoidance Settlement Procedures:

a.      For any Avoidance Claim in the amount of up to and including $500,000, the Debtors may enter into a Settlement without further order of the Court or notice to or approval of any party in interest.

b.      For any Avoidance Claim that is greater than $500,000 but less than or equal to $2 million, the Debtors may enter into a Settlement without further order of the Court or notice to or approval of any party in interest; provided, however, that (i) the Debtors shall provide notice to counsel to the Creditors' Committee and the SIPA Trustee of such Settlement as soon as reasonably practicable, but in no event later than promptly following the consummation of such Settlement, and (ii) if (x) the proposed Settlement amount to be received by the Debtors in satisfaction of the Avoidance Claim is less than 40% of the asserted amount of the Avoidance Claim, or (y) the proposed Settlement involves a person that the Debtors discover, after a good faith review, was employed by the Debtors at any time on or after September 15, 2007 or an entity unaffiliated with the Debtors for which a person that the Debtors discover, after a good faith review, was employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Settlement amount, the Debtors will submit the proposed Settlement to the Creditors' Committee in accordance with clause (c) of these procedures.

c.      (i) For (x) any Avoidance Claim that is greater than $2 million but less than or equal to $50 million and (y) any proposed Settlement that must be submitted to the Creditors' Committee in accordance with clause (b)(ii) above, the Debtors shall submit the proposed Settlement to the Creditors' Committee, together with the following (together, the "Avoidance Claim Settlement Summary"): (a) the name of the parties to the proposed Settlement, (b) a summary

of the Avoidance Claim and the proposed Settlement amount, (c) an explanation of why the Settlement of such Avoidance Claim is favorable to the applicable Debtor(s) and its/their estate(s), (d) a copy of any proposed Settlement agreement, and (e) to the extent a proposed Settlement involves the settlement of claims asserted by that entity against the Debtor(s) (each, a "Prepetition Claim") pursuant to the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures*, entered on March 31, 2010 [Docket No. 7936] (the "Prepetition Claims Settlement Order"), the relevant proof(s) of claim number(s), the types of claims asserted against the Debtors, and the amount for which such claims have been settled.

(ii) The Creditors' Committee shall be required to submit, in writing, any objections to a proposed Settlement on or before five (5) business days after service of an Avoidance Claim Settlement Summary or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee; provided, however, that if the Creditors' Committee makes a reasonable request for additional information regarding a proposed Settlement, the Creditors' Committee's objection period shall be suspended until the requested information has been provided.  In the event that the Creditors' Committee objects to a proposed Settlement, the Debtors may (a) seek to renegotiate the proposed Settlement and may submit to the Creditors' Committee a revised Avoidance Claim Settlement Summary in connection therewith or (b) file a motion with the Court requesting approval of the proposed Settlement under Bankruptcy Rule 9019 on no less than ten (10) business days' notice.

(iii) If there is no timely objection made by the Creditors' Committee to a proposed Settlement, or if the Debtors receive written approval from the Creditors' Committee of the proposed Settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the Settlement without further order of the Court or notice to any party in interest, except as to the SIPA Trustee as provided in paragraph (b) above.

d.       The Debtors must file a motion with the Court under Bankruptcy Rule 9019 requesting approval of a proposed Settlement of any Avoidance Claim that is greater than $50 million.

e.       Beginning 25 days after the end of the first calendar quarter following approval of these Avoidance Settlement Procedures, and quarterly thereafter not later than 25 days after the end of each subsequent calendar quarter, the Debtors shall file with the Court reports identifying all Settlements that the Debtors have entered into during the previous quarterly period in accordance with the Avoidance Settlement Procedures.  Such reports will set forth (i) the number of Settlements entered into during the previous quarterly period, and (ii) the aggregate Settlement amount of all Avoidance Claims settled during the previous quarterly period.

f.      Under the Avoidance Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

g.      Nothing in these Avoidance Settlement Procedures shall affect or impair any notice, consent, and/or approval rights set forth in the Prepetition Claims Settlement Order; provided, however, that, to the extent a Settlement also involves the settlement of Prepetition Claims pursuant to the Prepetition Claims Settlement Order, such Settlement shall be subject to the notice, consent, and/or approval rights contained in the Prepetition Claims Settlement Order or these Avoidance Settlement Procedures according to the higher aggregate claim amount of the Avoidance Claims or Prepetition Claims.

h.      Nothing in these Avoidance Settlement Procedures shall affect or impair any notice and/or consent rights agreed to between and among the Debtors, the Creditors' Committee, and the SIPA Trustee in the *Stipulation and Order Between Lehman Brothers Holdings Inc. and James W. Giddens as Trustee for the SIPA Liquidation of Lehman Brothers Inc. with Respect to Claims Asserted and Adversary Proceedings Commenced Pursuant to Bankruptcy Code Sections 544, 547, 548 and 550*, so ordered on September 10, 2010 [Docket No. 11252 in Case No. 08-13555 and Docket No. 3664 in Case No. 08-01420] (the "So Ordered Stipulation").

and it is further

ORDERED that the Debtors are authorized to execute such documents or other instruments as may be necessary to settle and compromise Avoidance Claims in accordance with this Order and the Avoidance Settlement Procedures set forth herein; and it is further

ORDERED that this Order shall not obligate or require Debtors to compromise and settle any Avoidance Claims they may have, nor shall this Order preclude the Debtors from settling and compromising any Avoidance Claim upon further application to the Court; and it is further

ORDERED that all Settlements of Avoidance Claims may be negotiated and compromised by the Debtors, using their reasonable business judgment, within their sole discretion; and it is further

ORDERED that nothing in this Order shall authorize the Debtors to compromise and settle any Avoidance Claims that the Debtors have assigned or conveyed to any non-Debtor entity, unless such non-Debtor entity has delegated to the Debtors the right to compromise or settle such Avoidance Claim or such non-Debtor entity has re-assigned or re-conveyed to the Debtors such Avoidance Claim; and it is further

ORDERED that the Avoidance Settlement Procedures are separate and distinct from and do not replace the procedures provided for in the Other Settlement Procedures Orders, and except as provided for therein, nothing in the Avoidance Settlement Procedures shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (ii) expand or create additional rights for the Debtors to settle and compromise or pursue settlement of Avoidance Claims pursuant to the Other Settlement Procedures Orders, the So Ordered Stipulation, or any other order of the Court; and it is further

ORDERED that the Avoidance Settlement Procedures shall not apply to the various claims that may be asserted by the Debtors, such as claims based on derivatives transactions or related to the Debtors' real estate investments, that are already covered by the Other Settlement Procedures Orders; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order and the Avoidance Settlement Procedures.

Dated: May __, 2011
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE