## **Exhibit B**

**(Engagement Letter)**

US_ACTIVE:\43655673\13\58399.0003                                            1

# AMENDED & RESTATED ENGAGEMENT LETTER

April 25, 2011

Marc Packles
LAMCO LLC
1271 Sixth Avenue
New York, NY 10019

Marc:

Pursuant to our recent discussions, we are pleased to propose an amended structured solution to monetize the value of the prepaid CDS contract between 1271 LLC (the "**Issuer**") and BH Finance Limited ("**BH**"). This solution will involve the creation of one or more classes of securities (the "**Securities**") to be issued by the Issuer and the auction of certain Securities, all as further described herein (collectively, the "**Transaction**").

The parties hereto are entering into this amended and restated letter agreement (the "**Amended and Restated Engagement Letter**") in order to amend and restate the terms and conditions of the Engagement Letter, dated as of April 1, 2011, between you and us. This Amended and Restated Engagement Letter supersedes the Engagement Letter and upon your execution hereof the Engagement Letter shall be of no further force and effect.

## SCOPE OF PROFESSIONAL SERVICES

In accordance with the terms and conditions described herein, Morgan Stanley & Co. Incorporated and certain of its affiliates ("**Morgan Stanley**") will present the Issuer with the proposed solution and a document outlining the key aspects of the Transaction. If the Issuer chooses to proceed with the proposed solution, Morgan Stanley expects to first assist in the reorganization of the Issuer and the creation of the Securities required for the Transaction. This will involve preparing required documentation to give effect to the Transaction and selecting any necessary third party service providers. Secondly, Morgan Stanley expects to collaborate with (i) a broker dealer of national repute reasonably acceptable to Morgan Stanley and the Issuer or (ii) the Issuer or designee thereof (such party to collaborate with Morgan Stanley, the "**Collaborating Party**") to conduct an auction of the Municipal Linked Certificates (defined below). Morgan Stanley hereby agrees and acknowledges that the Issuer (or any affiliate of the Issuer so designated by the Issuer) shall be an acceptable Collaborating Party; provided that, nothing in this Amended and Restated Engagement Letter shall obligate the Issuer (or designee thereof) to act as the Collaborating Party.

## TERMS OF THE PROPOSED TRANSACTION

The material terms of the proposed Transaction and Morgan Stanley's conditions of involvement are summarized below.

*Key Structural Terms:*
- The Securities: The Securities will be issued in a number of classes (each a "**Class**") and each Class of Securities will reference a municipal credit, a corporate credit or a tranche of a standardized portfolio of corporate credits (each a "**Reference Entity**", together the "**Reference Entities**"). The Securities referencing a municipal credit are referred to herein as the "**Municipal Linked Certificates**". Each Class of Securities will be linked to the credit default swap between the Issuer and BH and will provide for payment to the purchaser of such Class of Security only following the occurrence of a Credit Event (as defined in the CDS (defined below)) with respect to the related Reference Entity or following an Early Termination Date (as defined in the CDS).
- The Credit Default Swap: On or about July 23, 2007, the Issuer and BH entered into a credit default swap (the "**CDS**") pursuant to which BH agreed to make payment to the Issuer, subject to certain conditions precedent, following a Credit Event with respect to a Reference Entity or following an Early Termination Date.
- The Issuer: The Issuer is currently structured as a Delaware limited liability company. The corporate form of the Issuer may be changed subject to discussions and agreement among the Parties.
- Transaction Documents: It is expected that the documents required to give effect to the Transaction will include a private placement memorandum, revised constitutive documents for the Issuer, subscription agreements, agreements with any necessary service providers (including any administration or servicing agreement), any required certificates and customary legal opinions, which will be provided by Deal Counsel (defined below).

## *Auction of the Municipal Linked Certificates*

Following the execution of this Amended and Restated Engagement Letter, Morgan Stanley will begin marketing the Municipal Linked Certificates with the goal of identifying investors that will purchase the Municipal Linked Certificates. For the avoidance of doubt, Morgan Stanley will only assist in the marketing and auction of the Municipal Linked Certificates. It is expected that the non-Municipal Linked Certificates will be delivered to an entity selected by the Issuer.

Morgan Stanley acknowledges that the Collaborating Party will also have the opportunity to market the Securities and attempt to place the Securities being auctioned.

Notwithstanding the foregoing, nothing in this Amended and Restated Engagement Letter constitutes a binding commitment on the part of Morgan Stanley to purchase, underwrite or place or endeavor to place any Class of Securities.

## *Conditions Precedent*

Morgan Stanley's and the Issuer's obligations hereunder are contingent upon the following conditions being satisfied prior to or at the issuance of the Securities:

- The Issuer is structured in a manner satisfactory to Morgan Stanley and the Issuer and all filings with or approvals or consents of governmental authorities and third parties required in connection with any change in the corporate form of the Issuer are completed or obtained.
- The structure of the Transaction is satisfactory to each of Morgan Stanley and complies with all applicable laws to the satisfaction of Morgan Stanley and its counsel.
- Neither Morgan Stanley nor the Issuer is in breach of any of the provisions of this Amended and Restated Engagement Letter or any other Transaction documents.
- The entry of an order by the United States Bankruptcy Court for the Southern District of New York in the case of Lehman Brothers Special Financing Inc. ("**LBSF**") under chapter 11 of title 11 of the United States Code, which is being jointly administered and is styled as *In re Lehman Brothers Holdings Inc., et al.*, Chapter 11 Case No. 08-13555 (JMP) (the "**Chapter 11 Case**"), that authorizes LBSF (i) to make a capital contribution to the Issuer in an amount equal to the Minimum Service Fee, (ii) to amend the constitutive documents and the capital structure of the Issuer to the extent necessary to effect the transactions contemplated hereunder and (iii) to periodically sell or to cause the Issuer to periodically sell the Securities.
- There has not been any (x) material disruption of or material adverse change in financial, banking or capital markets, (y) outbreak of hostilities or escalation thereof or any calamity or crisis or any change or development involving a prospective change in national or international political, financial or economic conditions, or (z) banking moratorium declared by either Federal or New York authorities, in each case since the date of this Amended and Restated Engagement Letter, which in the judgment of Morgan Stanley would be likely to materially prejudice the success of the Transaction.
- The Issuer will provide evidence reasonably acceptable to Morgan Stanley that demonstrates that the Official Committee of Unsecured Creditors appointed in the Chapter 11 Case (the "**Creditors' Committee**") has been notified of this Amended and Restated Engagement Letter and its terms, including the payment of fees contemplated herein, and has no objections thereto.

*Fees and Expenses*
Fees

In consideration for services provided, Morgan Stanley will be entitled to receive fees based on the schedule set forth below.

| Fee Category | Fee as % of proceeds received from the issuance of Municipal Linked Certificates (bps) | Fee Floor (USD) |
|---|---|---|
| Structuring Fee | 50 | 1,800,000 |
| Marketing Fee | 38 | 1,400,000 |
| Placement Fee | 131 | n/a |
| | | |
| Minimum Service Fee | n/a | 2,500,000 |

The Structuring Fee (if applicable), Marketing Fee (if applicable), Placement Fee (if applicable), Structuring Fee Gross-Up Amount (if applicable) and Marketing Fee Gross-Up Amount (if applicable) will be payable by the Issuer to Morgan Stanley on the date that the Municipal Linked Certificates are auctioned and will be determined as a percentage of the proceeds of issuance. The Marketing Fee shall be allocated evenly between Morgan Stanley and the Collaborating Party, such that each such party shall receive fifty percent of the total Marketing Fee, if any (or Marketing Fee Gross-Up Amount (if applicable)), paid by the Issuer. Any Placement Fee payable to Morgan Stanley shall be determined as a percentage of the proceeds of issuance in respect of Municipal Linked Certificates sold by Morgan Stanley. For the avoidance of doubt, any Placement Fee payable by the Issuer shall be allocated pro rata between Morgan Stanley and the Collaborating Party based on the proceeds of issuance of the Municipal Linked Certificates placed by each such party. Any Municipal Linked Certificates placed to a purchaser identified and selected by the Collaborating Party shall be deemed "placed" by such Collaborating Party for the purposes of this Amended and Restated Engagement Letter.

Gross-Ups
If by the Interim Termination Date, the aggregate Structuring Fee or the aggregate Marketing Fee paid by the Issuer has not totaled the Structuring Fee Floor or the Marketing Fee Floor, as applicable, the Issuer will pay to Morgan Stanley, on the Interim Termination Date, an amount in USD equal to the sum of (a) the difference between the Structuring Fee Floor and the aggregate Structuring Fee actually paid by the Issuer to Morgan Stanley on or prior to the Interim Termination Date (the "**Structuring Fee Gross-Up Amount**") and (b) the difference between the Marketing Fee Floor and the aggregate Marketing Fee actually paid by the Issuer to Morgan Stanley on or prior to the Interim Termination Date (the "**Marketing Fee Gross-Up Amount**").

If it is agreed that any additional auction(s) should occur after the Interim Termination Date, the Issuer shall be entitled to deduct from the Structuring Fee and Marketing Fee payable with respect to such additional auction an amount up to the Structuring Fee Gross-Up Amount and Marketing Fee Gross-Up Amount, as applicable, previously paid by the Issuer and not previously deducted pursuant to this provision.

Minimum Service Fee
Subject to the Issuer's right to designate an Early Termination of this Amended and Restated Engagement Letter as set forth below, in the event that (x) no Municipal Linked

Certificates are auctioned and sold on or prior to the Interim Termination Date or (y) at any time during the Optional Termination Period the Issuer notifies Morgan Stanley, in writing, that the Issuer has elected to terminate this transaction by designating an "**Optional Termination**", (i) the Issuer shall be required to pay Morgan Stanley an amount equal to the Minimum Service Fee on the Interim Termination Date and (ii) neither party hereto shall have any continuing obligations (including, but not limited to, the payment of any Marketing Fee Gross-Up Amount or Structuring Fee Gross-Up Amount) under this Amended and Restated Engagement Letter after the Interim Termination Date or, if earlier, the date on which the Issuer designates an Optional Termination; provided that, if the Issuer terminates this Amended and Restated Engagement Letter due to the gross negligence or willful misconduct (including bad faith) of Morgan Stanley (including any affiliate thereof) in connection with the matters contemplated under this Amended and Restated Engagement Letter, then no fees of any kind shall be owed by the Issuer under this Amended and Restated Engagement Letter.

"**Interim Termination Date**" shall mean the date that is 4 months following the date hereof.

"**Optional Termination Period**" shall mean the period commencing immediately after the 4 business day period during which the Issuer can designate an Early Termination and terminating immediately prior to the Interim Termination Date; provided that, if any Municipal Linked Certificates have been sold during such time, the Optional Termination Period shall be deemed ineffective.

Expenses
Morgan Stanley will be entitled to retain legal counsel reasonably acceptable to the Issuer ("**Deal Counsel**") to assist in the completion of the Transaction and will be responsible for the first USD 100,000 of legal expenses invoiced by Deal Counsel in connection with the Transaction; provided that, Morgan Stanley shall be solely responsible for any fees, costs and expenses of Deal Counsel accrued as of the date hereof, regardless of whether such amounts have been invoiced as of the date hereof. Thereafter, Morgan Stanley and the Issuer will individually be responsible for 50% of each invoice submitted by Deal Counsel in connection with the Transaction. Notwithstanding the foregoing, under no circumstances shall the Issuer consider Deal Counsel to be the Issuer's counsel and any questions to or requests of Deal Counsel shall only originate from Morgan Stanley. For the avoidance of doubt, Morgan Stanley shall not be responsible for any fees (legal or otherwise) incurred directly by the Issuer or its advisors.

In the event that it is determined that additional service providers are required, the Issuer shall be responsible for any reasonable fees, expenses and indemnities charged by such service providers.

## EXCLUSIVE AGENT

The Issuer agrees that it will not negotiate, market or consummate this Transaction, or any similar transaction with other advisors or agents, without Morgan Stanley's consent

prior to the termination of this Amended and Restated Engagement Letter; <u>provided that</u>, this provision shall not limit the Issuer's ability to select a Collaborating Party reasonably acceptable to Morgan Stanley and the Issuer.

## CONFIDENTIALITY

Morgan Stanley and the Issuer agree that this Amended and Restated Engagement Letter and the terms of the Transaction shall constitute Confidential Information and the Transaction shall constitute a "Transaction" under the terms of the Confidentiality Agreement, as defined in the Confidentiality Agreement, dated as of February 9, 2010, between Lehman Brothers Holdings Inc. and Morgan Stanley (as amended as of the date hereof, the "**Confidentiality Agreement**"), and Morgan Stanley and the Issuer will treat all such information in accordance with the terms of the Confidentiality Agreement; <u>provided that</u>, either party or any of their affiliates may disclose any and all aspects of the tax structure and the tax treatment of the transactions contemplated hereunder, and all materials of any kind (including tax opinions and other tax analyses) related to such tax structure and tax treatment, without the other party imposing any limitation of any kind; <u>provided further that</u>, the Issuer or LBSF (including advisors, attorneys and other professionals or agents thereof) may disclose this Amended and Restated Engagement Letter, any offering document, transaction document or similar document or instrument, or the terms of any of the foregoing, furnished by Morgan Stanley or any agent thereof in connection therewith, to its agents, the Creditors' Committee (including advisors, attorneys and other professionals or agents thereof), the Bankruptcy Court for the Southern District of New York and any other party reasonably necessary to enable the Issuer to satisfy the conditions precedent set forth in this Amended and Restated Engagement Letter.

In addition, no advertisements of or general solicitation relating to the Transaction, which would be in violation of any laws applicable to the private offering of the Securities will be permitted prior to the completion of the primary placement of all of the Municipal Linked Certificates.

## TERMINATION

Within 4 business days of the date hereof, the Issuer shall have the right to terminate this Amended and Restated Engagement Letter by notifying Morgan Stanley, in writing, of an "**Early Termination**". Following any such notification, each party hereto shall be released from any obligations created hereunder including, without limitation, the Issuer's obligation to pay the Minimum Service Fee.

If an Early Termination is not designated in accordance with the terms hereof, this Amended and Restated Engagement Letter and all obligations described herein will terminate on the earliest of (i) in the event that no Securities are auctioned and sold prior to the Interim Termination Date, the Interim Termination Date, (ii) the date on which the primary placement of all the Municipal Linked Certificates is completed and (iii) the date that is 5 business days following the day that Morgan Stanley notifies the Issuer that it

has reasonably determined that the scope of its engagement has deviated materially from the terms set forth in this Amended and Restated Engagement Letter.

Notwithstanding the foregoing, the confidentiality provisions of this Amended and Restated Engagement Letter will remain operative in accordance with the terms of the Confidentiality Agreement.

## CONFLICTS OF INTEREST

Morgan Stanley is a securities broker-dealer registered with and subject to regulation by the U.S. Securities and Exchange Commission. Morgan Stanley is a member of various self-regulatory organizations, including the New York Stock Exchange, Inc. and the National Association of Securities Dealers, Inc. Morgan Stanley is engaged in securities trading and brokerage activities, as well as providing investment banking and financial advisory services. In the ordinary course of its business, Morgan Stanley or its affiliates may from time to time (i) be in possession of non-public information that will not be disclosed to the Issuer, LAMCO LLC or the purchasers of the Securities, and (ii) hold long or short positions in, and may trade or otherwise effect transactions in, for its own account or the account of customers, debt or equity securities of any other company that may be involved in the Transaction or of any Reference Entity.

The information contained herein is not intended to be, and does not constitute, advice from Morgan Stanley. Morgan Stanley is not your advisor (municipal, financial or any other kind of advisor) and is not acting in a fiduciary capacity.

## GOVERNING LAW & JURISDICTION

This Amended and Restated Engagement Letter, and all claims or causes of action (whether in contract or tort) that may be based upon, arise out of or relate to the Amended and Restated Engagement Letter, or the negotiation, execution or performance of this Amended and Restated Engagement Letter (including any claim or cause of action based upon, arising out of or related to any representation or warranty made in or in connection with the Amended and Restated Engagement Letter or an inducement to enter into this Amended and Restated Engagement Letter), shall be governed by the internal laws of New York. With respect to any suit, action or proceeding relating to this Amended and Restated Engagement Letter (each, a "**Proceeding**"), Morgan Stanley and the Issuer each irrevocably (i) waive any and all right to trial by jury, (ii) submit to the exclusive jurisdiction of the courts of the State of New York and the United States District Court located in the borough of Manhattan in the City of New York and (iii) waive any objections which it may have at any time to the laying of venue of any such Proceedings brought in any such court, waive any claim that such Proceedings have been brought in an inconvenient forum and further waive the right to object, with respect to such Proceedings, that such court does not have any jurisdiction over such party.

If the terms of our engagement as set forth in this letter Amended and Restated Engagement Letter and attached exhibits are satisfactory, kindly sign a copy of this Amended and Restated Engagement Letter and return it to us.

Sincerely,

Morgan Stanley & Co. Incorporated

By: /s/
Name: BRIAN NEEVR
Title: MANAGING DIRECTOR
Date: 4/25/11


AGREED AND ACKNOWLEDGED:


1271 LLC

By:
Name:
Title:
Date:

If the terms of our engagement as set forth in this letter Amended and Restated Engagement Letter and attached exhibits are satisfactory, kindly sign a copy of this Amended and Restated Engagement Letter and return it to us.

Sincerely,

Morgan Stanley & Co. Incorporated

By:
Name:
Title:
Date:


AGREED AND ACKNOWLEDGED:

1271 LLC

By: *Daniel Ehrmann*
Name:
Title: Vice President
Date: 4/25/11