B 210A (Form 210A) (12/09)



# UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re: **Lehman Brothers Holdings Inc.**     Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Stichting Waardepot Finvestor** | **Mercurius Beleggingmaatschappij B.V.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Finvestor BV
Maliebaan 70
3581 CV UTRECHT
The Netherlands

Atn: Mr. Arco Krijgsman
Email: krijgsman@finvestor.nl
Phone: +31 30 2316298

Court Claim #: 53964
Total Amount of Claim Filed: USD $ 1,415,100
Amount of Claim Transferred: USD $ 1,415,100
(equivalent to EUR 1,000,000)

ISIN/CUSIP: XS0210433206
Date Claim Filed: 10/28/2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____      Date: March 30, 2011
   Transferee/Transferee's Agent

Name:   Mr. J.T. Krijgsman
Title:    Managing Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District Of New York

In re: **Lehman Brothers Holdings Inc.**　　　　　　　　　　　　　　　　　Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 53964 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on March 30, 2011.

| **Mercurius Beleggingmaatschappij B.V.** | **Stichting Waardepot Finvestor** |
|---|---|
| Name of Alleged Transferor | Name of Transferor |
| | |
| Akerstraat 126 | Maliebaan 70 |
| 6417BR Heerlen | 3581 CV UTRECHT |
| The Netherlands | The Netherlands |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　CLERK OF THE COURT

# AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

**TO:** **THE DEBTOR AND THE BANKRUPTCY COURT**

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Mercurius Beleggingmaatschappij B.V.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Stichting Waardedepot Finvestor** (the "Purchaser"), under the condition set out in clause 7 and Purchaser hereby agrees to purchase, as of the date hereof,

    a. an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 53964 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"),

    b. all rights and benefits of Seller relating to or evidencing the Purchased Claim, including without limitation

        i. any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise,

        ii. any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim,

        iii. any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and

        iv. any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim,

    c. any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and

    d. the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto.

2. Seller hereby represents and warrants to Purchaser that:

   a. the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities";

   b. the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009;

   c. Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller;

   d. Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim;

   e. the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto;

   f. Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are nor entitled to priority under the Bankruptcy Code and are not subordinated; and

   g. Seller has not delivered any acceleration notices with respect to the Purchased Security to Lehman Brothers Treasury Co. B.V. and/or Lehman Brothers Holdings, Inc.;

   h. up to the execution date of the present agreement there have been no objections filed or threatened against Seller in respect of the Transferred Claim; and

   i. up to the execution date of the present agreement neither the Transferred Claim nor any portion thereof is subject to any claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance, or subordination and up to the execution date of the present agreement Seller has not received any notice that the Transferred Claim is void or voidable or subject to any disallowance, reduction, impairment or objection of any kind.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to

   a. execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and

   b. take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. The Parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Purchased Security versus payment basis. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 30th day of March, 2011.

On behalf of: **Mercurius Beleggingsmaatschappij B.V.**    **Stichting Waardedepot Finvestor**
**Stichting Waardedepot Finvestor**

By:_____              By:_____
Name: J.T. Krijgsman                             Name: J.T. Krijgsman
Title: *Managing Director*                       Title: *Managing Director*

Maliebaan 70                                     Maliebaan 70
3581 CV Utrecht                                  3581 CV Utrecht
The Netherlands                                  The Netherlands

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

100% of US$1,415,100 which is the equivalent of US$1,415,100 (the full outstanding amount of ISIN/CUSIP XS0210433206 as described in the Proof of Claim as of 30th March, 2011), plus all accrued interest, fees and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | U.S. $ Amount claimed in Proof of Claim with respect to Lehman Programs Securities to which Transfer relates |
|---|---|---|---|---|---|---|---|
| Issue of EUR225,000,000 Fixed Rate / CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 100.00% of the ISIN/CUSIP XS0210433206 under the Proof of Claim, which is 1,000,000 (which is equivalent of USD $1,415,100), plus all accrued interest, fees and recoveries due. | Index-rate interest | 15th of February 2035 | 1,000,000 (which is equivalent of USD $1,415,100) (using an exchange rate of EUR/USD = 1.4151), plus all accrued interest, fees and recoveries due. |

stichting waardedepot **finvestor.**

# Power of Attorney

☐ Mr.   ☐ Mrs.
Residing at:

**OR**

The company:        Coriomos Maastricht B.V. / Mercurius Beleggingsmaatschappij B.V.
Duly represented by: de heer H.H. F. Stienstra
In its capacity of:    Directeur

Herinafter referred to as the **"Noteholder"**,

Expressly declares to be a holder of Notes issued by Lehman Brothers Treasury Co. BV, company incorporated pursuant to the laws of the Netherlands, now in bankruptcy, with its registered office at Strawinskylaan 3105 Atrium Building (7th floor), 1077 ZX Amsterdam, the Netherlands, or issued by any other entity that is in the Lehman Brothers Group and/or possibly guaranteed by Lehman Brothers Holdings Inc., a company incorporated pursuant to the laws of Delaware (U.S.A.), with registered office at 745 Seventh Avenue, 10019 New-York (USA).

The Noteholder has entered into a contract of sale with Stichting Waardedepot Finvestor (herinafter **"SWF"**), with registered office at Maliebaan 70-II in (3581CV) Utrecht, the Netherlands.

In that context, the Noteholder hereby irrevocably and unconditionally authorises SWF, to the extent necessary, with power of substitution, to do whatever is necessary, in the name of the Noteholder or SWF, to enforce the rights attached to the Notes and/or the guarantees associated with the Notes, including presentation of the Claims arising from the Notes and the associated guarantees in the bankruptcies.

The authorisation includes the right to notify any party relevant to the bankruptcies of the Lehman companies and/or the custody of the Notes and/or the registration of the ownership of the Notes and the claims arising from them, in particular the liquidators, the claims administrators and the depository companies, that the ownership of the Notes and the claims have been sold by the Noteholder and have passed or should pass to SWF and that all registrations should be adjusted accordingly and put in the name of Stichting Waardedepot Finvestor.

The authorisation also includes the right to perform any other (legal) act, sign any document and perform any other formality useful or necessary for performance of the contract of sale and the authorisation.

If one or more other parties have been authorised by the Noteholder in respect of these issues in the past, then those authorisations shall be deemed revoked, if and to the extent that the present agreement and authorisation overlaps such previous authorisation(s). This Power of Attorney is subject to the laws of The Netherlands.

*Nederlandse vertaling (ter toelichting)*

*De Notehouder verklaart dat hij houder is van één of meer Notes, uitgegeven door Lehman Brothers Treasury Co B.V. te Amsterdam (Nederland) en (mogelijk) gegarandeerd door Lehman Brothers Holdings Inc. te New York (USA).*

*De Notehouder heeft een verkoopovereenkomst gesloten met Stichting Waardedepot Finvestor, hierna te noemen SWF, gevestigd aan de Maliebaan 70-II te (3581CV) Utrecht, Nederland.*

*In dat kader verleent de Notehouder hierbij voor zoveel nodig onherroepelijk en onvoorwaardelijk volmacht aan SWF, met de mogelijkheid van substitutie, om op naam van de Notehouder of SWF alles te doen wat nodig is voor het innen van de rechten zoals die verbonden zijn aan de Notes en/of de aan Notes verbonden garanties, waaronder het indienen van de met de Notes en de garanties verband houdende Vorderingen in de faillissementen.*

*De volmacht omvat ook het recht om mededeling te doen aan iedere partij die van belang is inzake de faillissementen van de Lehman vennootschappen en/of de bewaring van de Notes en/of de registratie van de eigendom de Notes en de daaraan verbonden claims, in het bijzonder de curatoren, de claimadministratoren en de bewaarbedrijven, dat de eigendom van de Notes en de claims door Notehouder is verkocht en is overgegaan c.q. dient over te gaan naar SWF en dat alle registraties dienovereenkomstig dienen te worden aangepast en op naam van SWF dienen te worden gezet.*

*De volmacht omvat ook het recht om iedere andere (rechts) handeling uit te voeren, elk document te ondertekenen en iedere andere formaliteit te verrichten, die nuttig of noodzakelijk is voor de uitvoering van de verkoopovereenkomst en de volmacht.*

*Indien met betrekking tot deze onderwerpen door Notehouder eerder een volmacht is afgegeven aan één of meer derden, dan dient die volmacht als ingetrokken te worden aangemerkt, indien en voorzover de onderhavige volmacht die eerdere volmacht overlapt. Op deze overeenkomst is Nederlands recht van toepassing.*

This Power of Attorney is signed on: 2 februari 2011   [date]
in: Heerlen   [city]

**Signature**

H.H. F. Stienstra

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000053964 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br>Mercurius Beleggingsmaatschappij B.V.<br>Akerstraat 126<br>6417 BR Heerlen    Coriomos<br>The Netherlands<br>0031455718877<br>Info@Mercurius-Investments.com<br>Telephone number:    Email Address: | ☒ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: 12/01/2009 |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ 1,415,100** _____ (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): XS0210433206** _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

9514821 _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

28332 _____ (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br><br>OCT 2 8 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|
| Date.<br>09/23/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | |

Rabobank Nederland
Directoraat Private Banking



**Rabobank**

Postal address   PO Box 17100, 3500 HG Utrecht, The Netherlands

BY COURIER
Lehman Brothers Holdings Claims
Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

Visiting address   Eendrachtlaan 10, 3526 LB Utrecht
Telephone   (030) 216 00 00
Telefax   +31 30 21 68168
E-mail   j.v.m.verschuuren@rn.rabobank.nl

Your reference   Lehman Brothers Holdings Inc
Our reference   JVMV/shipment letter lehman
Extension   +31 30 21 62284
Date   20 oktober 2009
Enclosures   1101 forms

Subject   Proof of claim forms

Dear Sir, Madam,

This shipment contains 1101 Lehman Securities Program Proof of Claim Forms which we have collected from Rabobank's securities account holders.

Would you be so kind to confirm by e-mail (j.v.m.verschuuren@rn.rabobank.nl) the receipt of this shipment.

Yours faithfully,
Rabobank Nederland

J.V.M. Verschuuren

Assistent General Manager

