UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re:                                                           :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :    08-13555 (JMP)
                                                                 :
                                              Debtors.           :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Monarch Master Funding Ltd | Deutsche Bank AG, London Branch |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Monarch Master Funding Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, 26th Floor
New York NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email:
Michael.gillin@monarchlp.com;
fundops@monarchlp.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 21443
Amount of Claim Transferred: $727,241.52
Amount of Claim: $14,544,830.33
Date Claim Filed: _____

Name and Address of Transferor:

Deutsche Bank AG, London
Winchester House
1 Great Winchester Street
London EC2N 2DB
Attn: Philipp Roever
Telephone: +44 20 7547 2400
Facsimile: +44 113 336 2010

**PLEASE SEE ATTACHED DOCUMENTS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Monarch Master Funding Ltd
By: Monarch Alternative Capital LP
Its: Advisor

By: _____

Christopher Santana
Managing Principal
Date: April 28, 2011

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

## **EXHIBIT A**

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000021443 |
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Debeka Krankenversicherungsverein a.G.
c/o Patterson Belknap Webb & Tyler LLP
Mr. Daniel A. Lowenthal
1133 Avenue of the Americas
New York, NY 10036

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: 212-336-2720    Email Address: dalowenthal@pbwt.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____    Email Address: _____

1. Amount of Claim as of Date Case Filed: $ 14,544,830.33
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: Guarantee for Lehman Brothers Bankhaus AG's Loan No. 007608
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 9541
3a. Debtor may have scheduled account as: Sparkasse Koblenz (assigned claims)
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority:

$_____

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br>SEP 2 1 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|
| 14/9/09 | [signature] | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Exhibit A to Proof of Claim ("Claim") of Debeka Krankenversicherungsverein a.G. ("Debeka") against Lehman Brothers Holdings, Inc. ("Debtor")**

**Item 1.** As of the date of the Debtor's bankruptcy filing, the value of the Claim was $14,544,830.33, plus any costs, expenses and other amounts that may be due in connection with the Transaction Documents (as defined below). The amount due on account of the Loan (as defined below) was calculated at a rate of 1 EUR (Euro) = $1.42940 USD (US Dollar)

**Item 2.** Lehman Brothers Bankhaus A.G. ("LBBA"), a foreign affiliate of the Debtor, received a loan from Sparkasse Koblenz ("Assignor") bearing loan numbers 007608 (the "Loan"). Assignor assigned all claims related to the Loan to Debeka. Debtor guaranteed LBBA's performance under the Loan.

This Claim is a protective claim and is filed to protect Debeka from potential forfeiture of any rights or remedies against the Debtor. The filing of this Claim shall not constitute (a) a waiver or release of any rights or remedies of Debeka against the Debtor or any other person or property; (b) consent by Debeka to the jurisdiction of this Court with respect to the subject matter of the claims set forth herein or the waiver of any objection thereto; (c) an election of remedies, choice of law or submission to jurisdiction, or (d) a waiver of any rights under any of the Transaction Documents. Debeka reserves the right to amend, supplement, modify, or withdraw this Claim at any time and in any manner, and to file additional proofs of claim for additional claims.

**Item 5.** Debeka reserves all rights with respect to any priority afforded to the Claim under the Bankruptcy Code.

**Item 8.** The documents governing the Loan and pertaining to the Claim (collectively, the "Transaction Documents") are voluminous and, on information and belief, are in the possession of the Debtor. Attached hereto are copies of:

- Loan Agreement 007608 between LBBA and Assignor;
- Assignment of claims from Assignor to Debeka;
- Guaranty of LBBA's obligations under the Loan by Debtor; and
- Conversion calculation.

Debeka reserves the right to attach or bring forth additional documents that may become available after further investigation and discovery.

**Note.** All pleadings and other notices delivered in respect of this Proof of Claim should be sent to each of the following:

Patterson Belknap Webb & Tyler LLP  
1133 Avenue of Americas  
New York, New York 10036-6710  
Attention: Daniel A. Lowenthal

GÖRG Partnerschaft von Rechtsanwälten  
Sachsenring 81, D-50677 Köln  
COLOGNE, GERMANY  
Attention: Daniel Vos

3501552v.1

Darlehen KV 009541

LEHMAN BROTHERS

# LEHMAN BROTHERS BANKHAUS AG
## SCHULDSCHEIN
### 007608

Lehman Brothers Bankhaus AG
Rathenauplatz 1
60313 Frankfurt am Main
("Darlehensnehmerin")

erklärt hiermit, von

Sparkasse Koblenz
Bahnhofstr. 11
56068 Koblenz
("Darlehensgeberin")

ein Darlehen in Höhe von

EUR 10.000.000,--
(in Worten: Euro zehn Millionen)

zu den folgenden Bedingungen erhalten zu haben:

(1) Die Auszahlung des Darlehens erfolgt am 13. Mai 2008 auf das Konto der Lehman Brothers Bankhaus AG, Kto. Nr.: 500 309 00 (BLZ 500 309 00).

(2) Das Darlehen ist vom Tag der Auszahlung, dem 13. Mai 2008 (einschließlich), bis zum Tag der Fälligkeit des Kapitals, dem 13. Mai 2048 (ausschließlich), mit 6,10 % p.a. zu verzinsen. Die Zinsen sind jährlich nachträglich am 13. Mai, erstmals am 13. Mai 2009, fällig. Die Zinsen werden auf der Grundlage Act/Act ISMA (following, unadjusted) berechnet.

(3) Das Darlehen ist am 13. Mai 2048 zum Nennbetrag zurückzuzahlen.

(4) Zins- und Tilgungszahlungen erfolgen kostenfrei für die Darlehensgeberin durch Überweisung auf das von der Darlehensgeberin angegebene Konto.

(5) Die Darlehensnehmerin hat ein Kündigungsrecht zum 13. Mai 2018 und danach jährlich zum 13. Mai des jeweiligen Jahres. Die Kündigung erfolgt mündlich mit einer Frist von mindestens 5 Bankarbeitstagen.

(6) Die Darlehensgeberin ist berechtigt, das Darlehen durch Kündigung ohne Einhaltung einer Frist durch eingeschriebenen Brief vorzeitig fällig zu stellen und Rückzahlung zum Nennbetrag einschließlich aufgelaufener Zinsen bis zum Tag der Rückzahlung (ausschließlich) zu verlangen, wenn eines der folgenden Ereignisse eintritt:

hH

LEHMAN BROTHERS

SCHULDSCHEIN 007608                                      Seite 2

(a) Die Darlehensnehmerin ist mit einer Zinszahlung länger als vier Wochen im Rückstand.

(b) Die Darlehensnehmerin scheidet, aus welchem Grund auch immer, aus dem Einlagensicherungsfond des Bundesverbandes deutscher Banken e.V., Berlin, aus und ist nicht Mitglied einer vergleichbaren Einlagensicherungseinrichtung.

(7) Die Abtretung der Darlehensforderung bedarf nicht der Zustimmung der Darlehensnehmerin. Jede Abtretung - auch in Teilbeträgen - ist grundsätzlich uneingeschränkt zulässig und gegenüber der Darlehensnehmerin anzuzeigen. Falls eine Forderung aufgrund dieses Schuldscheins abgetreten wird, ist die Darlehensnehmerin jedoch weiterhin berechtigt, auch im Falle einer Benachrichtigung der Darlehensnehmerin, mit befreiender Wirkung an die Darlehensgeberin zu leisten (§ 354a HGB). Weiterhin verpflichtet sich die Darlehensgeberin, alle notwendigen Maßnahmen zur Verhinderung der Geldwäsche vorzunehmen, insbesondere wird die Darlehensgeberin alle neuen Gläubiger entsprechend den gesetzlichen Vorschriften identifizieren und die entsprechenden Unterlagen auf Verlangen der Darlehensnehmerin zur Verfügung stellen.

(8) Die Darlehensnehmerin verzichtet hinsichtlich der Darlehensforderung auf Aufrechnungs- und Zurückbehaltungsrechte, solange und soweit das Darlehen zum gebundenen Vermögen i. S. v. § 54 VAG in Verbindung mit § 2 AnlV oder zu einer aufgrund inländischer gesetzlicher Vorschriften gebildeten Deckungsmasse für Schuldverschreibungen gehört; dies gilt auch im Falle eines Insolvenzverfahrens.

(9) Die Darlehensgeberin hat nach Auszahlung des Darlehens eine Ausfertigung dieses Schuldscheins erhalten. Die Ausfertigung ist nach Rückzahlung des Darlehens und Zahlung aller Zinsen an die Darlehensnehmerin zurückzugeben.

(10) Änderungen dieses Schuldscheins bedürfen der Schriftform.

(11) Erfüllungsort und Gerichtsstand ist Frankfurt am Main.

(12) Sollte eine der Bestimmungen dieses Darlehens unwirksam sein oder werden, so bleibt die Wirksamkeit der übrigen Bestimmungen hiervon unberührt. Anstelle der unwirksamen Bestimmung soll eine dem wirtschaftlichen Zweck der unwirksamen Bestimmung soweit wie rechtlich möglich entsprechende Regelung gelten.

Frankfurt am Main, den 13. Mai 2008

LEHMAN BROTHERS BANKHAUS AKTIENGESELLSCHAFT

_____          _____
Dr. Cornelia Binia                Michael Schmelzer


**Sparkasse Koblenz**



### ABTRETUNGSERKLÄRUNG

Die      Lehman Brothers Bankhaus AG
         Frankfurt

schuldet der

         Sparkasse Koblenz
         56068 Koblenz

         10.000.000,00 EUR
         (i. W.: zehn Millionen Euro)

Hiermit tritt die unterzeichnende Gläubigerin die Forderung in Höhe von

         10.000.000,00 EUR
         (i. W.: zehn Millionen Euro)

unter Übergabe des Schuldscheines Nr. 007608 vom 13.05.2008 nebst Zinsen und Nebenrechten mit Wirkung vom 02.06.2008 an

         Debeka Krankenversicherungsverein a. G.
         Ferdinand-Sauerbruch-Straße 18
         56073 Koblenz

ab.

Für die abgetretene Forderung sind die Bedingungen der Schuldurkunde maßgebend.

Sparkasse Koblenz
Koblenz, 02. Juni 2008

Markus Krämer      Andrea Nöthen

*Anlage 7*

24. SEP. 2008 23:00    LEHMAN BROTHERS +49 69 153076499    NR. 907   S. 7



E-2279-211102-LC

## GUARANTEE

THIS GUARANTEE is dated as of November 21, 2002 and is by Lehman Brothers Holdings Inc., a Delaware corporation (the "Guarantor") in favor of Lehman Brothers Bankhaus A.G., a company incorporated under the laws of the Federal Republic of Germany ("LBB" which expression shall include its successors and assigns) and any Counterparty (as defined below).

The Guarantor desires to unconditionally guarantee LBB's obligations to Counterparties (the "Obligations") as set forth in this Guarantee.

Accordingly, in consideration of the benefits accruing to the Guarantor from LBB's becoming obligated to Counterparties, the mutual promises contained in this Guarantee and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Guarantor and LBB hereby agree as follows:

1. **Definitions.**

   The following terms shall have the following meanings:

   "Counterparty" means any Person that is entitled to payment by LBB.

   "Person" means any individual, partnership, limited liability company, corporation, trust, joint stock company, unincorporated organization, joint venture, association, company, business trust or other entity or any government or agency, instrumentality or political subdivision of a government.

2. **Representation and Warranties.**

   The Guarantor represents and warrants that this Guarantee has been duly authorized, executed and delivered by the Guarantor and that this Guarantee constitutes a valid and legally binding obligation of the Guarantor enforceable in accordance with its terms, subject, as to enforcement, to bankruptcy, insolvency, reorganization and other laws of general applicability relating to or affecting creditors' rights affecting the Guarantor and to general equity principles.

3. **Payment Obligations.**

   If LBB fails to make any payment to a Counterparty, the Guarantor will following the request of the Counterparty promptly pay directly to the Counterparty the amount of funds that LBB was required to pay and did not pay the Counterparty under the Obligation. Any payment by the Guarantor to the Counterparty shall discharge and satisfy, by a like amount, any obligation of LBB to the Counterparty. Each of the Guarantor and LBB acknowledges and agrees that each Counterparty is an express third-party beneficiary of this Guarantee. No

Page 1 of 5

other persons or entities, other than the parties hereto and Counterparties, shall have any rights, directly or indirectly, under or pursuant to this Guarantee.

4.  **Waiver of Subrogation.**

    The Guarantor waives any and all rights that the Guarantee may have with respect to LBB as a result of making any payment under this Guarantee, including, without limitation, any right of subrogation, set off or counterclaim. The Guarantor understands and agrees that LBB shall have no obligations to it as a result of any payment made under this Guarantee.

5.  **Nature of Obligations, Non Performance; Waivers.**

    The obligations of the Guarantor under Section 3 of this Guarantee are continuing and irrevocable and the Guarantor waives all other defenses to payment hereunder. Without limiting the foregoing, the failure by LBB to perform its obligations under any agreement or instrument under which it is a party or by which it is bound or the bankruptcy of LBB shall not affect the Guarantor's obligations under this Guarantee. The Guarantor waives any failure or delay on the part of the Counterparty in asserting or enforcing any of its rights or making any claims or demands under this Guarantee. The Guarantor acknowledges and agrees that this Guarantee is one of payment and not of collection.

6.  **Rank of Obligations.**

    The Guarantor warrants and agrees that the payment obligations of the Guarantor that may arise under Section 3 of this Guarantee constitute irrevocable, unconditional, unsecured and unsubordinated obligations of the Guarantor and rank pari passu with all other unsecured and unsubordinated obligations of the Guarantor.

7.  **Reinstatement.**

    If any payment by LBB that would be an Obligation of the Guarantor if not for such payment by LBB is voided (an "Avoidance Event") under any bankruptcy or other insolvency-related law of any jurisdiction to which LBB may be or become subject, and, as a result of such Avoidance Event, the applicable Counterparty (or any assignee(s) or successor(s) in interest thereof) is required to return such voided payment, or any portion of such voided payment (an "Avoided Payment"), the Guarantor will pay the amount of the Avoided Payment out of funds of the Guarantor within three business days of receipt by the Guarantor of a certified copy of a final non-appealable order of a court or other governmental body having jurisdiction, or such other written evidence as shall be reasonably acceptable to the Guarantor, with respect to such Avoided Payment (specifying the amount and required manner of repayment thereof), either (i) directly to such court or other governmental body having jurisdiction or (ii) upon presentation of evidence

reasonably satisfactory to the Guarantor that the applicable Counterparty (or, if applicable, any assignee(s) or successor(s) in interest thereof) has repaid such amount in satisfaction of the legal requirements relating thereto, to such Counterparty (or, if applicable, any assignee(s) or successor(s) in interest thereof). This Guarantee, and the obligations of the Guarantor hereunder, shall be deemed reinstated if and to the extent required to give effect to the obligation of the Guarantor to pay any Avoided Payment in accordance with the preceding sentence.

8. Termination; Amendment.

This Guarantee may be amended or terminated at any time by written amendment or agreement signed by all parties executing this Guarantee provided, however, that no such amendment may adversely affect the rights, whether absolute or contingent, of any Counterparty that shall have accrued or which may accrue under any agreement or instrument, other than any rights with respect to any Obligation agreed to after the date that Counterparty has received notice of such amendment; and provided further that no such termination shall be effective with respect to any agreement or instrument agreed to prior to Counterparty's receipt of notice of such termination until such time as all such Obligations theretofore agreed to or incurred by LBB shall either no longer be outstanding or be satisfied in full.

9. Notices.

All notices or demands on the Guarantor shall be deemed effective when received, shall be in writing and shall be delivered by hand or by registered mail, or by facsimile transmission promptly confirmed by registered mail, addressed to the Guarantor at:

If to the Guarantor:   Lehman Brothers Holdings Inc.
                       745 Seventh Avenue
                       New York, NY 10019
                       Attention:    Corporate Counsel
                       Telephone:    (212) 526-0858
                       Facsimile:    (212) 520-0176

If to LBB:             Lehman Brothers Bankhaus A.G.
                       Rathenauplatz 1
                       D-60313, Frankfurt Am Main, Germany
                       Attention:    Legal Counsel
                       Telephone:    +49-69-15307-6401
                       Facsimile:    +49-69-15307-6499

20. SEP. 2009 23:00    LEHMAN BROTHERS +49 69 153076499                NR. 987    S. 13

Any such notice or demand shall be deemed to have been received:

(a) if sent by telefax, with a confirmed receipt of transmission from the receiving machine, on the day on which transmitted; and

(b) in the case of a written notice given by hand or by courier, on the day of actual delivery.

10. Assignment; Successors.

Neither this Guarantee nor any rights or obligations hereunder may be assigned, transferred or delegated to any other Person or entity, and any such assignment, transfer or delegation shall be null and void, provided however that any Counterparty may assign their rights and interest and obligations hereunder to an assignee or transferee to which they have transferred their interest and obligations under any agreement or instrument in which the Counterparty and Guarantor are parties pursuant to the provisions thereof. This Guarantee shall be binding upon the Guarantor and upon its successors.

11. Withholding Taxes.

Any payments to a Counterparty under this Guarantee shall be free of all withholding, stamp and other taxes and other governmental charges of any nature whatsoever. If any withholding is required, the Guarantor will pay the same to the appropriate governmental body and pay such additional amount to the Counterparty which, after deduction of any withholding, stamp or other taxes or other governmental charge of any nature whatsoever imposed with respect to the payment of such additional amount, shall result in the Counterparty receiving an amount equal to the amount that otherwise would have been payable had there been no such withholding.

12. Governing Law.

(a) This Guarantee shall be governed and construed in accordance with the substantive law of the State of New York, without regard to conflicts of law principles.

(b) The Guarantor irrevocably submits to the non-exclusive jurisdiction of the courts of New York City.

(c) LBB irrevocably appoints LBHI in relation to proceedings in State of New York as its agent to receive service of any legal processes on its behalf in connection with this Guarantee without excluding any other means of service permitted by the law of the relevant jurisdiction.

20. SEP. 2008 23:00    LEHMAN BROT-ERS #49 69 153076499    NR. 907    S. 11

IN WITNESS WHEREOF, this Guarantee has been duly executed as of the date first above written.

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name: Oliver Budde
Title: Vice President

LEHMAN BROTHERS BANKHAUS A.G.

By: _____        _____
Name: Helmut Olivier                Frank Oliver Zeitz
Title: Member of the Managing Board  Prokurist

Page 5 of 5

**Deutschland
Land der Ideen**

 **Währungsrechner - Wechselkurse für 160 Währungen**

Wer über Ländergrenzen hinweg kauft, verkauft oder reist, muss stets die Unterschiede zwischen den verschiedenen **Devisen** im Auge behalten. Unser **Währungsumrechner** bietet die **Umrechnung weltweiter Währungen** - besonders aktuell, kostenlos und genau.

Bei diesen Kursen handelt es sich um Durchschnittswerte von internationalen Devisenmärkten (Interbank-Kurse) und Referenzkurse der Europäischen Zentralbank. Sie dienen nur der Information; es handelt sich **nicht um verbindliche Wechselkurse** für den Umtausch. Beim Umtausch in der Praxis können die Preise für den An- und Verkauf von Währungen mehr oder weniger deutlich von diesen Wechselkursen abweichen - je nach Land, Kreditinstitut, Wechselstube oder Zahlungsmethode.

Quelle: EZB

Ergebnis Ihrer Umrechnung

Werte von: Freitag, 14. August 2009
10.175.479,450 EUR (Euro)   14.544.830,326 USD
10.175.479,450 USD (US Dollar)   7.118.706,765 EUR
1 EUR (Euro) = 1,42940 USD (US Dollar)

« zurück

▸ **Neu:** Unser Währungsrechner für historische Währungen wie die D-Mark oder den österreichischen Schilling.

▸ **Ideal für das Portemonnaie:** Unsere Umrechnungstabelle zum Ausdrucken



▸ Wie viel Bargeld gehört ins Portemonnaie? (1'12)
▸ Wo tausche ich Bargeld am besten um? (1'29)
▸ Wie gut ist die Versorgung mit Geldautomaten und elektronischen Kassen im Ausland? (1'24)
▸ Der Urlaub-Mix ist entscheidend (2'36)
▸ Wie funktioniert electronic cash? (1'28)
▸ Was machen Urlauber, die in touristisch wenig erschlossene Regionen fahren? (2'36)
▸ Wie funktionieren Reiseschecks? (1'21)

Geldinfos + Finanztipps | Finanzmärkte + Konjunktur
Politik + Gesellschaft | Schule + Bildung | Der Bankenverband

› Über den richtigen Umgang mit der Kreditkarte (1'08)

› Wo kann ich mich über das Thema Kartensicherheit informieren? (1'03)

› Was ist bei Diebstahl der ec-Karte als erstes zu tun? (1'14)

› Was benötige ich für die Kartensperrung? (0'38)

› Wer haftet bei Verlust der Karte? (0'50)

› Wie bereite ich mich auf den Urlaub vor? (1'31)

› Fünf Tipps gegen Diebstahl (1'08)

› Wo sind Währung und Urlaub günstig? (1'07)

Finanz- und Geldinfos zum Hören

› **Abonnieren Sie den Ratgeber-Podcast des Bankenverbandes**

Der tatsächliche Kurs, den Ihre Bank für den Umtausch von Währungen berechnet, ergibt sich aus dem Wechselkurs und einem Aufschlag, der die Aufwände der Bank abdeckt. Bei ausländischem Bargeld – den "Sorten" – können die entstehenden Aufwände beträchtlich sein: Das Bargeld muss gekauft, geprüft, gelagert, versichert und schließlich zur Bestimmungsbank transportiert werden. Dabei gilt als Faustregel: Je exotischer die Währung, desto höher sind diese Nebenkosten und damit der Aufschlag.

Bei vielen Währungen ist ein Abruf bereits vergangener Kurse bis zurück zum 01.01.1996 möglich! Angaben über historische Wechselkurse bietet zudem die Deutsche Bundesbank in ihrer **Zeitreihenstatistik.**

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

Brian P. Guiney
(212) 336-2305
Direct Fax: 212-336-1257
bguiney@pbwt.com

September 21, 2009

**By Hand Delivery**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

Re:   *In re: Lehman Brothers Holdings Inc.*, Case No. 08-13555

Dear Sir or Madam:

      I am enclosing 59 Proofs of Claim for filing against certain of the above-referenced debtors. I have also enclosed duplicate copies of each claim. Please date-stamp each copy. The messenger delivering these claims has been instructed to wait for the stamped copies and return them to me.

      If for any reason these claims are not in a form acceptable for filing, please call me immediately so that I can correct the deficiency.

      Thank you for your assistance.

Sincerely yours,

Brian P. Guiney

Enclosures



HAND DELIVERY

FILED / RECEIVED

SEP 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: _____   DATE _____   TIME _____

## **EXHIBIT B**

Evidence of Transfer from Transferor to Transferee

Transfer of LBHI Claim # 21443

# EVIDENCE OF TRANSFER OF CLAIM

| | |
|---|---|
| TO: | United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") Attn: Clerk |
| AND TO: | Lehman Brothers Holdings Inc. (the "Debtor") |
| CASE NAME: | In re Lehman Brothers Holdings Inc., *et al.*, |
| CASE NO. | Chapter 11, Case No. 08-13555 (JMP) (Jointly administered) |
| CLAIM NO. | 21443 (In Part – See Below) |
| DESCRIPTION OF CLAIM SUBJECT TO TRANSFER: | This Evidence of Transfer of Claim relates to the transfer of a **5.00%** or **$727,241.52** portion (the "Transferred Portion") of the above claim which has been filed against the Debtor in the Bankruptcy Court in the principal amount of **$14,544,830.33** (the "Claim"). |

It is hereby certified that **Deutsche Bank AG, London Branch** ("Seller"), has assigned all rights, title, interest, claims and causes of action in and to, or arising under or in connection with, the Claim to the extent of the Transferred Portion to:

**MONARCH MASTER FUNDING LTD**
535 Madison Avenue
New York NY 10022
Attn: Michael Gillin

Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: Michael.gillin@monarchlp.com; fundops@monarchlp.com

("Buyer") by assignment agreement dated 28 April 2011.

Seller hereby waives any objection to the transfer of the Transferred Portion of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Transferred Portion of the Claim and recognizing Buyer as the sole owner and holder of the Transferred Portion of the Claim. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Portion of the Claim, and all payments or distributions of money or property in respect of the Transferred Portion of the Claim, shall be delivered or made to Buyer.

Transfer of LBHI Claim # 21443

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 28 day of March/April 2011.

**Deutsche Bank AG, London Branch**

Name:
Title: Ross Miller, Director / Anil Das, Director

**MONARCH MASTER FUNDING LTD**
By: Monarch Alternative Capital LP
Its: Advisor

Name: Christopher Santana
Title: Managing Principal