**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                                  :   **Chapter 11 Case No.**
                                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**                       :   **08-13555 (JMP)**
                                                                       :
                                            Debtors.                   :   **(Jointly Administered)**
-----------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING DEBTORS' NINETY-FOURTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the ninety-fourth omnibus objection to claims, dated February 14, 2011 (the "Ninety-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative of Indenture Trustee Claims on the grounds that such claims are substantively duplicative of the corresponding Indenture Trustee Claims, all as more fully described in the Ninety-Fourth Omnibus Objection to Claims; and due and proper notice of the Ninety-Fourth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Ninety-Fourth Omnibus Objection to Claims.

claimants listed on Exhibit A attached to the Ninety-Fourth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Ninety-Fourth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Ninety-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Ninety-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (the "Duplicative of Indenture Trustee Claim") is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that the claim listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Indenture Trustee Claim") will remain on the claims register subject to the Debtors' rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicative of Indenture Trustee Claim constitutes any admission or finding with

2

respect to the Indenture Trustee Claim, and the Debtors' rights to object to the Indenture Trustee Claim on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Ninety-Fourth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto; (ii) any claim listed on Exhibit A annexed to the Ninety-Fourth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed to the *Order Granting Debtors Ninety-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims* [Docket No. 15520], and (iii) the Indenture Trustee Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
April 28, 2011

       *s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

3

# EXHIBIT 1

## IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 94: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 1 | KERN, SANDRA 5333 ADAMS ROAD DELRAY BEACH, FL 33484 | 08/13/2009 | | 8218 | $23,003.00 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21803 | $233,469,683.43* | Duplicative of Indenture Trustee Claim |
| | | | | TOTAL | $23,003.00 | | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts