# Annex A

**Proposed Disclosure Statement Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :    08-13555 (JMP)
                                                                   :
                    Debtors.                                       :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER APPROVING DISCLOSURE STATEMENT
FOR THE JOINT CHAPTER 11 PLAN FOR LEHMAN BROTHERS
HOLDINGS INC. AND ITS AFFILIATED DEBTORS OTHER
THAN MERIT, LLC, LB SOMERSET LLC AND LB PREFERRED
SOMERSET LLC PROPOSED BY NON-CONSOLIDATION PLAN PROPONENTS**

Upon the motion (the "Motion")[1] dated April 29, 2011 of the Non-Consolidation Proponents (the "Plan Proponents"), pursuant to sections 105 and 1125 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017, 9013, 9014 and 9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-1, 9013-1 and 9021-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an order approving the Disclosure Statement for the Joint Chapter 11 Plan (as it may be further amended or modified, the "Plan") for Lehman Brothers Holdings Inc. and Its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC Proposed by Non-Consolidation Plan Proponents (the "Disclosure Statement"), all as more fully described in the Motion; and the Court having held a hearing to consider the relief requested (the "Hearing") with the appearances of all interested parties having been noted; and upon the statements of counsel made on the record at the Hearing; and the Court having jurisdiction to consider the relief requested in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and due and proper notice having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] and in the Order Establishing Schedule for Disclosure Statement Hearing and Related Deadlines for Alternative Disclosure Statements and Plans and Approving Form and Manner of Notice of Disclosure Statement Hearing [Docket No. 16180] entered on April 21, 2011; and the Court having found just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that, pursuant to section 1125 of chapter 11 of title 11 of the United States Code and Rule 3017(d) of the Bankruptcy Rules, the Disclosure Statement is hereby approved as containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code with respect to the Plan; and it is further

ORDERED that all objections to the Disclosure Statement are overruled to the extent that they have not been withdrawn, waived or settled prior to the entry of this Order; and it is further

ORDERED that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry; and the Plan Proponents are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order.

Dated: _____, 2011
      New York, New York

                                                                                                                           _____
                                                                                                                   UNITED STATES BANKRUPTCY JUDGE