# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: 212.326.3939 • FACSIMILE: 212.755.7306

Direct Number: (212) 326-7838
rwgaffey@jonesday.com

April 29, 2011

**VIA OVERNIGHT MAIL**

The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

    Re:    In re Lehman Brothers Holdings Inc., *et al.*, Chapter 11 Case No. 08-13555;
             In re Lehman Brothers Inc., SIPA Case No. 08-01420; Lehman Brothers Holdings
             Inc., *et al.* v. Barclays Capital, Inc., Adv. No. 09-01731 (60(b) Motions)

Dear Judge Peck:

        For the parties' upcoming conference with the Court scheduled for May 9, 2011, we write to raise two issues concerning the four claims asserted in LBHI's Adversary Complaint that, by stipulation, were not addressed in the Rule 60(b) trial.

        First, we have proposed a Stipulation and [Proposed] Order to Barclays, pursuant to which we will agree that three of the four remaining LBHI claims should be deemed dismissed in light of the trial record and Court's February 22, 2011 Opinion. We will ask the Court to so order this stipulation but, for the sake of good order, it provides that the dismissal will not be effective until the Court also issues (as discussed at our last conference) final orders on the 60(b) motion itself.

        Second, as to the last remaining LBHI claim (Count II – for breach of contract) LBHI intends to file a summary judgment motion, based on undisputed facts and determinations made by the Court in its February 22, 2011 Opinion, demonstrating that Barclays has breached its bonus payment obligations under the Asset Purchase Agreement, a failure to pay consideration required by the contract. In sum, in its Opinion, the Court made fact findings establishing the required elements of LBHI's breach of contract claim. In particular, the Court found that:

- "To guide the documentation of the sale to Barclays, during the course of Lehman *Week* the parties prepared a schedule showing the value of certain assets that were to be transferred to Barclays and the liabilities to be assumed by Barclays (the '9/16/08 Financial Schedule')." (Opinion at 45);

JONES DAY

The Honorable James M. Peck
April 29, 2011
Page 2

- "Paragraph 9.1(c) of the APA addresses the obligation of Barclays to pay 2008 bonuses to Transferred Employees – *i.e.*, former Lehman executives who transferred to Barclays – and expressly references the 9/16/08 Financial Schedule." (Opinion at 45-46);

- "Thus, the aggregate amount of such 2008 bonus payments was established by the $2 billion figure set forth on the 9/16/08 Financial Schedule." (Opinion at 46);

- "Moreover, the $2 billion figure for bonuses was an 'agreed number' that reflected a 'full requirement for Barclays to pay.'" (Opinion at 46);

These findings establish Barclays' contractual obligation under Paragraph 9.1(c) of the Asset Purchase Agreement to pay in full the "agreed number" of $2 billion in bonuses, exclusive of any "separate" severance obligations it may have had under Paragraph 9.1(b), or other compensation it may have paid. (*See* Opinion at 46-47, n.18.)

After considering the evidence and arguments presented by both sides at trial, the Court also made factual findings regarding how much Barclays had actually paid in bonuses, and concluded that it had not paid the full $2 billion the Asset Purchase Agreement expressly required. The Court found that:

- "Mr. Exall, the [Barclays] executive charged with monitoring the compensation paid to former Lehman employees who transferred to Barclays, was instructed immediately after the closing of the sale to plan on paying bonuses to former Lehman employees of approximately $1.4 billion, not the $2 billion set forth in the APA." (Opinion at 46-47);

- "Exall also prepared a spreadsheet showing that, in the aggregate, Barclays paid to transferred Lehman employees approximately $1.951 billion in all forms of compensation" but "[s]everal entries on the spreadsheet, however, do not relate to bonuses." (Opinion at 47); and

- "In the end, subtracting out all non-bonus payments, Barclays paid approximately $1.5 billion in bonuses to Transferred Employees." (Opinion at 47.)

These findings, derived from a fully-developed evidentiary record and vigorously contested by Barclays at the time, also establish elements of LBHI's breach of contract claim. Barclays' obligation to pay $2 billion was part of the consideration it was required to pay for the purchase of Lehman's North American broker-dealer business. Its failure to do so requires that Lehman, as Seller, be awarded the approximate $500 million in damages resulting from Barclays' failure to pay the full amount of consideration it agreed to pay. Barclays is estopped

NYI-4365614v2

JONES DAY

The Honorable James M. Peck
April 29, 2011
Page 3

from contesting these factual findings. It was afforded a full and fair opportunity to present evidence, cross examine witnesses and argue these then-disputed facts, and the Court's factual determinations were necessary to the adjudication of the Rule 60(b) motions. Now that these facts have been determined by the Court, they are no longer in dispute and LBHI will show in its motion that it is entitled to summary judgment on its breach of contract claim.

    Thus, pursuant to the Court's rules, we request that the upcoming May 9 conference be treated as a pre-motion conference regarding LBHI's intention to file its summary judgment shortly thereafter in accordance with a schedule established by the Court. We will, of course, be prepared to address the specifics of LBHI's proposed motion at the conference or otherwise at the Court's convenience.

Respectfully,

Robert W. Gaffey

cc:    James C. Tecce
    Quinn Emanuel Urquhart Oliver & Hedges, LLP
    51 Madison Avenue, 22nd Floor
    New York, New York 10010

    William R. Maguire
    Neil Oxford
    Hughes Hubbard & Reed, LLP
    One Battery Park Plaza
    New York, NY 10004

    Jonathan D. Schiller
    Jack G. Stern
    Boies, Schiller & Flexner LLP
    575 Lexington Avenue, 7th Floor
    New York, New York 10022

    Hamish P.M. Hume
    Boies, Schiller & Flexner LLP
    5301 Wisconsin Avenue, N.W.
    Washington, D.C. 20015