Presentment Date and Time: May 17, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: May 17, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                            :
**In re**                                   :        **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :        **08-13555 (JMP)**
                                            :
                        **Debtors.**        :        **(Jointly Administered)**
                                            :
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF APPLICATION**
**OF THE DEBTORS PURSUANT TO SECTION 327(e)**
**OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO**
**MODIFY THE PROCEDURES FOR COMPENSATING AND REIMBURSING**
**KRAMER LEVIN NAFTALIS & FRANKEL LLP, AS SPECIAL COUNSEL TO**
**THE DEBTORS, EFFECTIVE AS OF OCTOBER 1, 2010**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

application (the "Application") of Lehman Brothers Holdings Inc. ("LBHI" and, together with its

affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession,

the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy

Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"),

and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Rules"), to modify the procedures for compensating and reimbursing Kramer Levin

Naftalis & Frankel LLP, as special counsel to the Debtors, effective as of October 1, 2010, all as

more fully described in the Application, to the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on

**May 17, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

   **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application

shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall set forth the

name of the objecting party, the basis for the objection and the specific grounds thereof, shall be

filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can

be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing

system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard

copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the

Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii)

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn:  Richard P.

Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2,

33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn:  Tracy Hope Davis, Esq.,

Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley &

McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn:  Dennis F. Dunne,

Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of

Unsecured Creditors appointed in these cases; and (v) Kramer Levin Naftalis & Frankel LLP, 1177

Avenue of the Americas, New York, New York 10036, Attn: Kevin Leblang **so as to be so filed**

**and received by no later than May 17, 2011 at 11:00 a.m. (prevailing Eastern Time)** (the

"Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408.  If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  May 3, 2011
      New York, New York

                    /s/ Richard P. Krasnow
                    Richard P. Krasnow

                    WEIL GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for the Debtor
                    And Debtor in Possession

Presentment Date and Time: May 17, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: May 17, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
|  | : |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |

---------------------------------------------------------------------x

**APPLICATION OF THE DEBTORS PURSUANT**
**TO SECTION 327(e) OF THE BANKRUPTCY CODE AND**
**RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO MODIFY THE PROCEDURES FOR COMPENSATING**
**AND REIMBURSING KRAMER LEVIN NAFTALIS & FRANKEL LLP, AS SPECIAL**
**COUNSEL TO THE DEBTORS, EFFECTIVE AS OF OCTOBER 1, 2010**

TO: THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and

collectively with their non-debtor affiliates, "Lehman"), file this Application and respectfully

represent:

**Background**

1.       Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this

Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.      On January 25, 2011, the Debtors filed the first amended joint chapter 11 plan and disclosure statement [Docket Nos. 14150 and 14151].

**Jurisdiction**

6.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Lehman's Business

7.        Prior to the events leading up to these Chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.        Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Relief Requested

7.        By this Application, the Debtors request authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to modify the procedures for compensating and reimbursing Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"), as special counsel to the Debtors, effective as of October 1, 2010. Specifically, Kramer Levin has been engaged by the Debtors to provide employment law related services (the "Representative Matters"). Kramer Levin was retained as an "Ordinary Course Professional" (as hereinafter defined below) since October 2008, and this application is solely intended to put in place a different payment mechanism with respect to Kramer Levin's fees and expenses incurred in providing those legal services it has heretofore been providing.

### Kramer Levin as an Ordinary Course Professional

8.        During the course of these cases, Kramer Levin has been providing legal services with respect to the Representative Matters, on behalf of the Debtors, as a professional

utilized in the ordinary course ("Ordinary Course Professional") pursuant to this Court's

Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code

Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business,

dated March 25 2010 [Docket No. 7822] (the "Amended OCP Order").

       9.      On October 31, 2008, the Debtors submitted the Notice of Second

Amendment to the List of Ordinary Course Professionals (the "Second Amendment") [Docket

No. 1326].  The Debtors included Kramer Levin in the Second Amendment as "Employment

Counsel."

      10.     On January 22, 2009, Kramer Levin submitted (a) the Affidavit and

Disclosure Statement of Kevin B. Leblang (the "Initial Affidavit") and (b) the Retention

Questionnaire [Docket No. 2601].  On February 14, 2009, Kramer Levin submitted the

"Supplemental Affidavit and Disclosure Statement of Kevin B. Leblang on Behalf of Kramer

Levin Naftalis & Frankel LLP" (the "First Supplemental Affidavit") [Docket No. 2832].  On

February 24, 2009, Kramer Levin submitted the "Second Supplemental Affidavit and

Disclosure Statement of Kevin B. Leblang on Behalf of Kramer Levin Naftalis & Frankel LLP"

(the "Second Supplemental Affidavit") [Docket No. 2981].  The Initial Affidavit, the First

Supplemental Affidavit, and the Second Supplemental Affidavit are collectively referred to

herein as the "OCP Affidavits".

      11.     In support of this Application, Kramer Levin has submitted the Affidavit of

Kevin B. Leblang (the "Leblang Affidavit").  The Leblang Affidavit and the OCP Affidavits are

collectively referred to herein as the "Affidavits" and are incorporated herein by this

reference.

12.    The Amended OCP Order authorizes the Debtors to pay compensation to and reimburse the expenses of Ordinary Course Professionals in the full amount billed by each such Ordinary Course Professional "upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices."  In accordance with the Amended OCP Order, Kramer Levin provided services to the Debtors and was or will be compensated for those services upon the presentation of detailed invoices indicating the nature of the services rendered, which were calculated in accordance with Kramer Levin's standard billing practices.

13.    The Amended OCP Order further provides that "payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the "Chapter 11 Period")", and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ."

14.    Kramer Levin determined in February 2011 that as of October 1, 2010 its fees and expenses approximated the $1 million compensation cap for Ordinary Course Professionals during the Chapter 11 Period (the "OCP Cap").  Kramer Levin proceeded with preparing the requisite materials for the filing of this Application, including the necessary conflict check process.  The Debtors submit that Kramer Levin provided necessary services, such services are of value to the estate and the continued retention of Kramer Levin is necessary and appropriate.  Accordingly, the Debtors now seek to retain Kramer Levin as

special counsel in accordance with the Amended OCP Order and pursuant to section 327(e) of the Bankruptcy Code.

### Scope of Services to be Provided

15. Subject to further order of this Court, it is proposed that Kramer Levin continue to advise the Debtors in connection with the Representative Matters.

16. Furthermore, the Debtors request that the modification of the procedures for compensating and reimbursing Kramer Levin be made effective as of October 1, 2010 to ensure that Kramer Levin is compensated for all of its services to the Debtors. Establishing October 1, 2010 as the date of Kramer Levin's retention as special counsel in these cases will enable Kramer Levin to smoothly transition its billing practices and procedures from its prior retention as an Ordinary Course Professional and will enable Kramer Levin to be compensated for all of its services rendered to the Debtors which provided value to the Debtors' estates.

### Professional Compensation

17. The Debtors propose to pay Kramer Levin its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Leblang Affidavit, and to reimburse Kramer Levin according to its customary reimbursement policies, in accordance with sections 330 and 331 of the Bankruptcy Code, and respectfully submit that such rates are reasonable.

18. Kramer Levin has informed the Debtors that the current hourly billing rates for Kramer Levin's professionals range from $685 to $995 for partners, $670 to $1,050 for counsel, $395 to $735 for associates, and $250 to $300 for paralegals. Kramer Levin further informed the Debtors that the hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by Kramer Levin from time to time in accordance with Kramer Levin's established billing practices and procedures.

19.     The Debtors understand that in connection with the reimbursement of reasonable and necessary expenses, it is Kramer Levin's policy to charge its clients for expenses incurred in connection with providing certain client services, including, without limitation, travel, lodging, photocopying, postage, vendor charges, long distance and other telephone charges, delivery service, and other expenses incurred in providing professional services.

20.     All of Kramer Levin's fees and expenses incurred during these chapter 11 cases on or after October 1, 2010,[1] will be subject to approval of the Court upon proper application by Kramer Levin in accordance with sections 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] and this Court's Amended Order Appointing Fee Committee and Approving Fee Protocol [Docket No. 15998].

### Basis for Relief

21.     The retention of Kramer Levin under the terms described herein is appropriate under Bankruptcy Code sections 327(e) and 1107.  Section 327(e) provides for the appointment of special counsel where the proposed counsel does not possess any interest that is materially adverse to the debtor with regard to the matter(s) that will be handled by counsel. Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best

---

[1] The Debtors intend to pay Kramer Levin for its services rendered and expenses incurred prior to October 1, 2010, in accordance with the Amended OCP Order.

> interest of the estate, and if such attorney does not represent or
> hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

22. Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original); *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994). As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to Kramer Levin and that, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

A. **The Employment and Retention of
   Kramer Levin is in the Best Interests of the Estates**

23. As detailed above and in the Leblang Affidavit, the Debtors retained Kramer Levin with respect to the Representative Matters pursuant to the procedures set forth in the Amended OCP Order. Since that date, Kramer Levin has been actively providing such services to the benefit of the Debtors, their estates and creditors. As a result, Kramer Levin is intimately familiar with the facts and circumstances surrounding the Representative Matters.

The Debtors believe that the continued employment of Kramer Levin as special counsel for the Debtors will enable the Debtors to avoid the unnecessary expense otherwise attendant to having another law firm familiarize itself with the matters described above.  For these reasons, the Debtors submit that the continued employment of Kramer Levin is in the best interests of the Debtors, their estates, and creditors.

**B.    Kramer Levin Holds No Interest Adverse to the Debtors or the Debtors' Estates With Respect to the Representative Matters**

24.    To the best of the Debtors' knowledge, and except as may be set forth in the Affidavits, Kramer Levin does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters for which Kramer Levin is to be employed. *See In re AroChem*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention). The Debtors have been informed that Kramer Levin will continue to conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Kramer Levin will supplement its disclosure to the Court.

25.    As disclosed in the OCP Affidavits and the Leblang Affidavit, Kramer Levin has filed proofs of claims in these chapter 11 cases asserting claims for earned but unpaid legal fees and expenses totaling approximately $515,000.  Kramer Levin is, therefore, a prepetition creditor of the Debtors.  However, Kramer Levin's status as a prepetition creditor of the Debtors should not be an impediment to its retention by the Debtors under section 327(e) of the Bankruptcy Code. *See* 3 Collier on Bankruptcy ¶ 327.04[9][d] at 327-63 to 327-64 (15th ed. rev. 2009) ("the disinterested test of section 327(a) does not apply to section 327(e) because the attorney may, in fact, be a creditor of the debtor for fees related to such prepetition

representation of the debtor ); *see also In re DeVlieg, Inc.*, 174 B.R. at 503 (holding that proposed

attorney due outstanding prepetition fees did not hold interest adverse to the debtor or its estate

for the matters for which it was to be retained under the "more relaxed conflict-of-interest

standard" of section 327(e)).

26.    Based on the foregoing and the disclosures set forth in the Affidavits, the

Debtors submit that Kramer Levin does not hold or represent any interest adverse to the Debtors

or the Debtors' estates with respect to the matters for which Kramer Levin is to be employed.

**C.    Kramer Levin will not Conduct the Debtors' Bankruptcy Case**

27.    By separate applications, the Debtors have sought and obtained the

Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general

bankruptcy counsel [Docket No. 1660], and Curtis, Mallet-Prevost, Colt & Mosle LLP as

conflicts counsel [Docket No. 1659].  By contrast, Kramer Levin's postpetition work is limited

to the Representative Matters.  None of these matters involve the conduct of the bankruptcy

cases themselves.  Additionally, because Kramer Levin is not serving as the Debtors' general

bankruptcy counsel, the Debtors believe that Kramer Levin has not rendered "services . . . in

contemplation of or in connection with the case" within the meaning of section 329(a) of the

Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by

Kramer Levin have not been and will not be duplicative of any bankruptcy-related work

performed by other law firms retained by the Debtors.

28.    As described above, the Debtors' proposed retention of Kramer Levin as

special counsel to the Debtors falls squarely within the scope of and purpose for which Congress

enacted section 327(e).  As stated above, the Debtors do not believe that Kramer Levin holds or

represents any interest adverse to the Debtors or their estates with respect to the matters for

which Kramer Levin is proposed to be retained.  Accordingly, the Debtors submit that the

retention of Kramer Levin with respect to the Representative Matters is in the best interests of the

Debtors, their estates, and their creditors and should be approved by the Court.

## Notice

29.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Application in accordance with the procedures set forth in the second

amended order entered on July 17, 2010 governing case management and administrative

procedures for these cases [Docket No. 9635] on: (i) the U.S. Trustee; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) Kramer

Levin; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors

submit that no other or further notice need be provided.

30.    No previous request for the relief sought herein has been made by the Debtors

to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested

herein and such other and further relief as it deems just and proper.


Dated:  May 3, 2011
        New York, New York


                                    /s/ Richard P. Krasnow
                                    Richard P. Krasnow

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :    **08-13555 (JMP)**
                                        :
                    **Debtors.**        :    **(Jointly Administered)**
                                        :
-------------------------------------------------------------------x

**AFFIDAVIT OF KEVIN B. LEBLANG IN SUPPORT**
**OF THE APPLICATION OF THE DEBTORS FOR ENTRY**
**OF AN ORDER AUTHORIZING THE MODIFICATION OF**
**THE PROCEDURES FOR COMPENSATING AND REIMBURSING**
**KRAMER LEVIN NAFTALIS & FRANKEL LLP, AS SPECIAL COUNSEL**
**TO THE DEBTORS, EFFECTIVE AS OF OCTOBER 1, 2010**

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )

Kevin B. Leblang, being duly sworn, upon his oath, deposes and says:

1.      I am a Partner of the firm of Kramer Levin Naftalis & Frankel LLP

("Kramer Levin" or the "Firm"), a law firm with principal offices at 1177 Avenue of the

Americas, New York, New York 10036.  I submit this affidavit in connection with the

"Application of the Debtors pursuant to Section 327(e) of the Bankruptcy Code and Rule

2014(a) of the Federal Rules of Bankruptcy Procedure for Authorization to Modify the

Procedures for Compensating and Reimbursing Kramer Levin Naftalis & Frankel LLP, as

Special Counsel to the Debtors, Effective as of October 1, 2010" (the "Application"), filed in

the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors

(collectively, the "Debtors"), under section 327(e) of title 11 of the United States Code (the

"Bankruptcy Code"), and to provide the disclosures required under Bankruptcy Rules 2014(a)

and 2016(b).[1]

2.      The facts set forth below are based upon my personal knowledge,

discussions with other Kramer Levin attorneys, and the Firm's client/matter records reviewed by

me or other Kramer Levin attorneys acting under my supervision and direction.  To the extent

any information disclosed herein requires amendment or modification upon Kramer Levin's

completion of further review or as additional information becomes available to it, a

supplemental affidavit will be submitted to the Court reflecting such amended or modified

information.

## Scope of Services

3.      The Debtors seek to retain Kramer Levin as special counsel to the Debtors

pursuant to section 327(e) of the Bankruptcy Code, effective as of October 1, 2010, to continue

providing employment law related services (the "Representative Matters").

4.      For over 20 years, Kramer Levin has provided extensive employment law

related services to the Debtors and its predecessor companies.  After the Commencement Date,

Kramer Levin filed an application to represent LBHI as an Ordinary Course Professional, which

the Court approved.  Specifically, on January 22, 2009, Kramer Levin submitted (a) the Affidavit

and Disclosure Statement of Kevin B. Leblang (the "Initial Affidavit") and (b) the Retention

Questionnaire [Docket  No. 2601].  On February 14, 2009, Kramer Levin submitted the "Supplemental

Affidavit and Disclosure Statement of Kevin B. Leblang on Behalf of Kramer Levin Naftalis &

Frankel LLP" (the "First Supplemental Affidavit") [Docket No. 2832].  On February 24, 2009,

Kramer Levin submitted the "Second Supplemental Affidavit and Disclosure Statement of Kevin

---

[1] Any capitalized term not defined herein shall have the meaning given to it in the Application.  All other affidavits
filed with the Court in support of Kramer Levin's retention as an ordinary course professional are deemed to be
incorporated herein by reference.

B. Leblang on Behalf of Kramer Levin Naftalis & Frankel LLP" (the "Second Supplemental Affidavit") [Docket No. 2981]. The Initial Affidavit, the First Supplemental Affidavit, and the Second Supplemental Affidavit are collectively referred to herein as the "OCP Affidavits". The OCP Affidavits are incorporated herein by this reference.

5. Pursuant to the Amended OCP Order, "payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the "Chapter 11 Period")" and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ."

6. Kramer Levin determined in February 2011 that as of October 1, 2010 its fees and expenses approximated the $1 million compensation cap for Ordinary Course Professionals during the Chapter 11 Period. Accordingly, Kramer Levin proceeded with preparing the requisite materials for the filing of this Application.

7. Kramer Levin's proposed retention by the Debtors will not be for the purpose of representing the Debtors in their chapter 11 cases. Rather, Kramer Levin's retention will be for a special purpose, pursuant to section 327(e) of the Bankruptcy Code – namely, representing the Debtors in connection with employment law related matters. As set forth in the Application and this Affidavit, Kramer Levin has extensive knowledge and experience with respect to the Representative Matters. Accordingly, I believe that Kramer Levin is both well qualified and uniquely able to continue providing these services and that its retention would be in the best interest of the Debtors' estates, their creditors and other parties in interest.

### Interested Parties

8.      I understand that as a professional being retained under section 327(e) of the Bankruptcy Code, Kramer Levin must not hold or represent any interest adverse to the Debtors' estates with respect to the matters for which it is to be retained.  In connection with this Application, Weil, Gotshal & Manges LLP provided Kramer Levin with a list of entities which should be checked for purposes of disclosure (the "Master Conflicts Checklist").  The Master Conflicts Checklist set forth certain of the creditors and other parties in interest of the Debtors' chapter 11 cases (the "Potential Parties in Interest").

9.      To check and clear potential conflicts of interest in these cases, as well as determine Kramer Levin's "connections"[2] (as such term is used in Bankruptcy Rule 2014) to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee, a Kramer Levin lawyer reviewed the Master Conflicts Checklist and directed that the Potential Parties in Interest be used to search Kramer Levin's conflict checking database.  Given the scope of the list of Potential Parties in Interest, and the limited scope of Kramer Levin's proposed engagement under section 327(e) of the Bankruptcy Code, Kramer Levin focused its search to look for instances where Potential Parties in Interest are clients of the Firm or affiliates of clients of the Firm.  Based on this review, it appears that Kramer Levin does not hold or represent an interest that is adverse to the Debtors or its estates in the matters for which it is

---

[2] To the best of my knowledge, neither the term "connection" as used in Bankruptcy Rule 2014 nor the proper scope of a professional's search for "connections" has been completely defined, and I am therefore required to exercise some degree of professional judgment in applying that term to the facts of which I am aware, as well as in defining the scope of how to search for such facts.  Out of an abundance of caution, I may be disclosing items that are not, in my judgment, disqualifying or problematic under either the Bankruptcy Code or applicable standards of professional ethics.

proposed to be retained, subject to the previous disclosures contained in the OCP Affidavits and

as follows:

a) The Firm represents Rutger Schimmelpenninck and Frederic Verhoeven as Bankruptcy trustees of Lehman Brothers Treasury Co. B.V. This matter is unrelated to the scope of the Firm's engagement by the Debtors.

b) The Firm represents Michiel Gorsira as bankruptcy trustee for Lehman Brothers Securities N.V. This matter is unrelated to the scope of the Firm's engagement by the Debtors.

c) The Firm represents Lehman Brothers Finance Asia Pte. Ltd. (In Creditors' Voluntary Liquidation). This matter is unrelated to the scope of the Firm's engagement by the Debtors.

d) The Firm provides ERISA advice to the committee that administers LBHI's 401(k) plan. This matter is unrelated to the scope of the Firm's engagement by the Debtors.

e) The Firm represents Merrill Lynch Credit Products LLC ("Merrill Lynch"), as successor to certain claims of Short Credit Master Fund L.P. ("Master Fund") against Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings, Inc. ("LBHI"), in connection with a certain ISDA Master Agreement dated as December 10, 2007 and entered into by Master Fund and LBSF. Merrill Lynch has filed a Response [Docket No. 13229] to the Debtors' Sixty-Seventh Omnibus Objection to Claims [Docket No. 12533]. This matter is unrelated to the scope of the Firm's engagement by the Debtors.

f) Given the large number of unsecured creditors and other parties in interest in these chapter 11 cases, there may be other parties in interest that have been served by Kramer Levin. While Kramer Levin may have provided, or may in the future provide, substantively unrelated legal services to parties in interest in these cases, none of those relationships or matters has or will have any connection with the Representative Matters.

g) As part of Kramer Levin's creditors' rights practice, Kramer Levin represents agent banks, bank groups, shareholder groups, bondholder groups and creditors' committees in connection with restructuring, bankruptcy and corporate matters. Kramer Levin may have represented, may currently or in the future represent, or be deemed adverse to, creditors or parties in interest in addition to those specifically disclosed herein in matters unrelated to these cases. Kramer Levin believes that its representation of such creditors or other parties in such other matters has not and will not affect its representation of the Debtor in this proceeding.

h) In addition to its creditors' rights practice, Kramer Levin is a full service law firm with active real estate, intellectual property, corporate, tax and litigation practices. Kramer Levin appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants or parties in interest in these cases. Kramer Levin is not aware of any relationship it has with any such attorneys, accountants, financial consultants and investment bankers that would be adverse to the Debtors or their estates with respect to the matters for which Kramer Levin is seeking to be retained. Kramer Levin has not and will not represent any such entities in relation to the matters for which Kramer Levin is proposed to be retained by the Debtors.

i) As part of its practice, Kramer Levin routinely represents and advises holders, buyers and sellers of distressed debt and securities. One or more clients of the Firm may now hold or may later purchase or sell secured or unsecured claims against the Debtor.

j) In addition, Kramer Levin may have represented, may currently represent, or may in the future represent, a borrower, issuer of securities, financial advisor, underwriter of securities, banks in multibank transactions in which the Debtor is a lending bank or other client financing transactions, merger and acquisition transactions, litigation or arbitration matters, bankruptcy matters or other matters unrelated to the Representative Matters in which one or more parties in interest (or an affiliate) or a professional involved in these cases, including, but not limited to those listed on the Master Conflicts Checklist, happens to be involved.

10.    I do not understand Bankruptcy Rule 2014(a) or other applicable law to require disclosure of each present or future engagement Kramer Levin receives from a Potential Party in Interest as long as it is unrelated to the Representative Matters. Kramer Levin intends to accept engagements from other Potential Parties in Interest (whether existing or new clients), but will not undertake a representation in which the client would be adverse to the Debtors with respect to the Representative Matters.

11.    Kramer Levin will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. I shall amend this statement immediately upon my learning that (a) any of the representations contained herein are incorrect or (b) there is any change of circumstances

relating thereto.   If any new relevant facts or relationships are discovered or arise, Kramer

Levin will use reasonable efforts to identify such further developments and I will promptly file a

supplement to this Affidavit as Bankruptcy Rule 2014(a) requires.

12.    Accordingly, except as provided herein and in the OCP Affidavits, to the

best of my knowledge, information, and belief formed after reasonable inquiry, the Firm does

not: (i) have any connection with (a) the United States Trustee for Region 2 or any person

employed by the Office of the United States Trustee, or (b) any creditors or other parties in

interest that would be adverse to the Debtors or their estates with respect to the matters for

which Kramer Levin seeks to be retained; or (ii) hold or represent any interest adverse to any of

the Debtors or their respective estates with respect to the matters on which Kramer Levin seeks

to be retained.

## Securities Ownership

13.    Certain individual attorneys at Kramer Levin may own or have beneficial

interests in trusts owning shares in LBHI and securities of related entities and may own shares

in other Potential Parties in Interest.  We have not conducted any investigation of such

attorneys' banking, insurance, brokerage or investment activities in preparing this Affidavit.  It

should be noted, however, that Kramer Levin has a long-standing policy prohibiting all

attorneys and support staff from using any confidential information that may come to their

attention in the course of their work.

14.    I also note that it is my understanding that a large number of the

Debtors' debt and equity securities are held by various mutual funds, trusts and portfolios and

accounts that are managed by various advisors.  Kramer Levin does not know the ultimate

beneficial owners of the funds, although it is believed they are widely held.  Similarly,

many of the Debtors' securities are registered in the name of Depository Trust Company

or its nominee, and securities entitlements to such securities are held through securities

accounts maintained by brokers, investment advisors and other securities intermediaries.  The

ultimate owners of the securities entitlements are unknown to Kramer Levin, except for those

reported on the list of parties in interest provided by Debtors' counsel.  It is possible that

some of such holders may be clients of Kramer Levin.

### Prepetition Claim

15.    On September 22, 2009, Kramer Levin filed proofs of claims against

certain of the Debtors (Claim No. 26651-26670) in the amount of no less than $515,964.69

representing unpaid legal fees earned by Kramer Levin and disbursements made by Kramer

Levin on behalf of the Debtors prior to the Commencement Date.

### Compensation

16.    Subject to the Court's approval and consistent with Kramer Levin's billing

practices, Kramer Levin will charge for its legal services on an hourly basis in accordance with

its ordinary and customary hourly rates in effect on the date services are rendered.  Kramer

Levin's hourly rates are set at a level designed to compensate it fairly for the work of its

attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  Hourly rates

vary with the experience and seniority of the individuals assigned.  The current hourly billing

rates for Kramer Levin's professionals range from $685 to $995 for partners, $670 to $1,050 for

counsel, $395 to $735 for associates, and $250 to $300 for paralegals.[3]

17.    Kramer Levin will also seek reimbursement of reasonable out-of-pocket

expenses.  It is Kramer Levin's policy to charge its clients in all areas of practice for expenses

---

[3] Such hourly rates may change from time to time in accordance with Kramer Levin' established billing practices and procedures.

incurred in connection with a client's case.  The expenses charged to clients include, among

other things, photocopying, witness fees, travel and lodging expenses, filing and recording fees,

long distance and other telephone charges, postage, vendor charges, express mail and messenger

charges, computerized legal research charges and other computer services, expenses for

"working meals," and telecopier charges.

18.    Kramer Levin has not received any promises as to payment or

compensation in connection with these chapter 11 cases other than in accordance with the

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the

Southern District of New York (the "Local Rules"), and the Guidelines established by the

Office of the United States Trustee (the "U.S. Trustee Guidelines"), and as disclosed herein.

Kramer Levin has not agreed with any other entity to share any compensation it receives in the

Debtors' cases.

19.    Kramer Levin intends to seek compensation for all fees and expenses

incurred during these chapter 11 cases on or after October 1, 2010[4] in accordance with sections

330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines

promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of

this Court, including this Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and this

Court's Order Appointing Fee Committee and Approving Fee Protocol [Docket No. 3651].

---

[4] The Debtors intend to pay Kramer Levin for its services rendered and expenses incurred prior to October 1, 2010, in accordance with the Amended OCP Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated:  New York, New York
        May [   ], 2011

 /s/ Kevin B. Leblang
        Kevin B. Leblang

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                               :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE  AUTHORIZING THE MODIFICATION OF THE PROCEDURES FOR COMPENSATING AND REIMBURSING KRAMER LEVIN NAFTALIS & FRANKEL LLP, AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE AS OF OCTOBER 1, 2010

Upon consideration of the application, dated May 3, 2011 (the "Application"),[1] of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to

section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify

the procedures for compensating and reimbursing Kramer Levin Naftalis & Frankel LLP

("Kramer Levin") as special counsel to the Debtors, effective as of October 1, 2010; and upon

the affidavit of Kevin B. Leblang, Esq., (the "Leblang Affidavit"), filed in support of the

Application; and the Court being satisfied, based on the representations made in the Application

and the Leblang Affidavit, that Kramer Levin represents no interest adverse to the Debtors or the

Debtors' estates with respect to the matters upon which it is to be engaged, under section 327(e)

of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to

---

[1]  Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the
Application.

consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District

of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided in

accordance with the procedures set forth in the second amended order entered June 17, 2010

governing case management and administrative procedures [Docket No. 9635] to (i) the United

States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors;

(iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) Kramer Levin and (vii) all parties

who have requested notice in these chapter 11 cases, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain Kramer Levin as special counsel to the Debtors,

effective as of October 1, 2010, on the terms set forth in the Application and this order, for the

Representative Matters identified in the Application and in accordance with Kramer Levin's

customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Kramer Levin shall, solely with respect to fees and expenses to be paid to Kramer Levin in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] and the Court's Amended Order Appointing Fee Committee and Approving Fee Protocol [Docket No. 15998]; and it is further

ORDERED, that Kramer Levin shall be reimbursed only for reasonable and necessary expenses as provided by the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines; and it is further

ORDERED that the United States Trustee retains all rights to object to Kramer Levin's interim and final fee applications on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final applications pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

Dated:  May [  ], 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE