Page 1

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case No. 08-13555-jmp

5   - - - - - - - - - - - - - - - - - - - - - -x

6   In the Matter of:

7

8   LEHMAN BROTHERS HOLDING INC., ET AL.,

9

10          Debtors.

11

12   - - - - - - - - - - - - - - - - - - - - - -x

13

14                U.S. Bankruptcy Court

15                One Bowling Green

16                New York, New York

17

18                April 28, 2011

19                10:02 AM

20

21   B E F O R E:

22   HON. JAMES M. PECK

23   U.S. BANKRUPTCY JUDGE

24

25

Page 2

1

2    Debtors' Second Omnibus Objection to Claims (Amended and

3    Superseded Claims)

4

5    Debtors' Thirty-Fourth Omnibus Objection to Claims

6     (Misclassified Claims)

7

8    Debtors' Fifty-Sixth Omnibus Objection to Claims (Valued

9    Derivative Claims)

10

11   Debtors' Seventy-First Omnibus Objection to Claims (Valued

12   Derivative Claims)

13

14   Debtors' Eighty-Fourth Omnibus Objection to Claims (Valued

15   Derivative Claims)

16

17   Debtors' Ninety-Fourth Omnibus Objection to Claims (Duplicative

18    of Indenture Trustee Claims)

19

20   Debtor's Ninety-Seventh Omnibus Objection to Claims

21    (Insufficient Documentation)

22

23   Debtors' One Hundred Second Omnibus Objection to Claims

24    (Foreign Currency Claims)

25

Page 3

1   Debtors' One Hundred Third Omnibus Objection to Claims (Valued
2   Derivative Claims)

3

4   Debtors' One Hundred Fourth Omnibus Objection to Claims
5   (Settled Derivative Claims)

6

7   Debtors' One Hundred Fifth Omnibus Objection to Claims (Settled
8   Derivative Claims)

9

10  Debtors' One Hundred Sixth Omnibus Objection to Claims (Amended
11  and Superseded Claims)

12

13  Debtors' One Hundred Seventh Omnibus Objection to Claims
14  (Duplicative Claims)

15

16  Debtors' One Hundred Eighth Omnibus Objection to Claims
17  (Duplicative of Trustee / No Liability Claims)

18

19  Debtors' One Hundred Tenth Omnibus Objection to Claims (Pension
20  Claims)

21

22  Debtors' One Hundred Eleventh Omnibus Objection to Claims (No
23  Liability Claims)

24

25  Debtors' One Hundred Twelfth Omnibus Objection to Claims

Page 4

1    (Invalid Blocking Number LPS Claims)

2

3    Debtors' One Hundred Thirteenth Omnibus Objection to Claims (No

4    Liability Insurance Claims)

5

6    Debtors' One Hundred Fourteenth Omnibus Objection to Claims (No

7    Liability LPS Claims)

8

9    Debtors' One Hundred Fifteenth Omnibus Objection to Claims (No

10   Liability Claims)

11

12   Debtors' One Hundred Sixteenth Omnibus Objection to Claims (No

13   Liability Derivative Claims)

14

15   Debtors' Seventy-Second Omnibus Objection to Claims (Amended

16   and Superseded Claims)

17

18

19

20

21

22

23

24

25   Transcribed by:  Dena Page

Page 5

1

2   A P P E A R A N C E S :

3   WEIL, GOTSHAL & MANGES, LLP

4        Attorneys for Debtors

5        767 Fifth Avenue

6        New York, NY 10153

7

8   BY:   MELISSA COLON-BOSOLET, ESQ.

9        ERIC DAVID KASENETZ, ESQ.

10

11

12   WEIL, GOTSHAL & MANGES, LLP

13        Attorneys for Debtors

14        200 Crescent Court

15        Suite 300

16        Dallas, TX 75201

17

18   BY:   ERIN D. ECKOLS, ESQ.

19        SARAH MOORE DECKER, ESQ.

20

21

22

23

24

25

Page 6

1

2    MILBANK, TWEED, HADLEY & MCCLOY LLP

3           Attorneys for Official Committee of Unsecured Creditors

4           One Chase Manhattan Plaza

5           New York, NY 10005

6

7    BY:   DENNIS C. O'DONNELL, ESQ.

8           BRADLEY SCOTT FRIEDMAN, ESQ.

9

10

11   CHAPMAN AND CUTLER LLP

12           Attorneys for U.S. Bank

13           111 West Monroe Street

14           Chicago, IL 60603

15

16   BY:   FRANKLIN H. TOP, III, ESQ. (TELEPHONIC)

17

18

19   ALSO PRESENT:

20           MICHAEL A. GRAN, In Propria Persona (Telephonic)

21           CHRISTINA KIM, In Propria Persona (Telephonic)

22

23

24

25

08-13555-mg   Doc 16549   Filed 05/02/11   Entered 05/04/11 11:37:04   Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 7 of 29

Page 7

1                    P R O C E E D I N G S

2           THE COURT:  Be seated.  Good morning.

3           MS. COLON-BOSOLET:  Good morning, Your Honor.  My name

4    is Melissa Colon-Bosolet with Weil, Gotshal here on behalf of

5    the debtors.

6           We have twenty-two items going forward today, only one

7    on a contested basis.  We're going to take some of them out of

8    order, assuming it's okay with you, to avoid as many people

9    getting up as possible.

10          THE COURT:  That's fine.

11          MS. COLON-BOSOLET:  I'm going to address agenda item

12   number 3, the debtors' fifty-sixth omnibus objection, agenda

13   item number 4, the debtors' seventy-first omnibus objection,

14   agenda item number 5, the debtors' eighty-fourth omnibus

15   objection, and agenda item number 9, the debtors' hundred and

16   third omnibus objection.  All of these are going forward on an

17   uncontested basis.

18          THE COURT:  All right.

19          MS. COLON-BOSOLET:  With respect to the fifty-sixth

20   omnibus objection, since the original claims hearing on

21   November 10th, debtors have successfully settled with an

22   additional counterparty, Astrea LLC, and we have a proposed

23   supplemental order reducing these claims in the settled amount.

24   We respectfully request that Your Honor would grant our

25   supplemental order on debtors' fifty-sixth omnibus objection.

08-13555-mg   Doc 16549   Filed 05/02/11   Entered 05/04/11 11:37:04   Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 8 of 29

Page 8

1          THE COURT:  That will be granted.

2          MS. COLON-BOSOLET:  Thank you.  With respect to the

3     seventy-first omnibus objection, since the original claims

4     hearing on January 20th, debtors have successfully settled with

5     one additional counterparty, Teva Pharmaceutical Industrial,

6     Limited, and we have a proposed supplemental order reducing

7     these claims in the settled amount.  We respectfully request

8     that Your Honor grant our supplemental order on the seventy-

9     first omnibus objection, reducing and allowing this claim.

10          THE COURT:  That will be granted, as well.

11          MS. COLON-BOSOLET:  With respect to the eighty-fourth

12     omnibus objection, since the original claims hearing on March

13     3rd, debtors have successfully settled with another additional

14     counterparty, SBA Communications Corporation, and we have a

15     proposed supplemental order in that amount.  And we

16     respectfully request that Your Honor grant the order on

17     debtors' eighty-fourth omnibus objection.

18          THE COURT:  That will be granted.

19          MS. COLON-BOSOLET:  Thank you.  Turning now to the

20     103rd omnibus, Your Honor, the debtors are seeking to reduce

21     and allow a total of forty claims relating to twenty-seven

22     counterparties.  Twenty-five of these counterparties failed to

23     file any response and debtors seek to reduce and allow the

24     thirty-six claims that pertain to the twenty-five

25     counterparties on an uncontested basis.

Page 9

1          In addition, debtors have successfully settled with

2    two other counterparties:  Nestle in the USA Pension Trust and

3    Nestle USA.  And we're seeking to reduce and allow those four

4    amounts in the agreed settlement amount.

5          There are nine remaining claims which belong to five

6    counterparties.  These counterparties either filed timely

7    responses or were granted extensions to the response deadline

8    by debtors.  Settlement discussions have begun with a number of

9    the counterparties.  Debtors respectfully request that this

10   Court adjourn the hearing as to those nine claims until the

11   June 2nd, 2011 hearing so that we may try to resolve these

12   claims as soon as possible.

13          We have an order for both the reductions and the

14   adjournments, and respectfully request that Your Honor grant

15   debtors' 103rd omnibus reducing and allowing the forty claims

16   and adjourning the nine claims.

17          THE COURT:  Granted.

18          MS. COLON-BOSOLET:  Thank you.  If you have no

19   questions, Your Honor, I'm going to turn the podium over to my

20   colleague, Sarah Decker.  We have a pro hac vice application on

21   file for her, and she's going to address agenda items 10

22   through 13.

23          THE COURT:  All right, that's fine.

24          MS. COLON-BOSOLET:  Thank you.

25          MS. DECKER:  Good morning, Your Honor.  Sarah Decker

LEHMAN BROTHERS HOLDING INC., ET AL.

Page 10

1    with Weil, Gotshal for the debtors.

2            THE COURT:  Good morning.

3            MS. DECKER:  I'll be covering agenda items 10 through

4    13 in the uncontested matters section of today's agenda.

5            Agenda item number 10 is the 104th omnibus objection.

6    That objection seeks the modification and allowance of claims

7    for which the parties have either reached an agreement with

8    respect to the claim amount, the classification, or the debtor

9    entity, and that agreement is not reflected on the claimant's

10   proof of claim.  The omnibus objection is seeking to modify

11   those claims to conform to the parties' agreement.

12           We are proceeding on an uncontested basis this

13   morning, and the debtors respectfully request that the Court

14   grant the 104th omnibus objection to claims.

15           THE COURT:  The 104th omnibus objection is granted.

16           MS. DECKER:  Thank you.

17           Agenda item number 11 is the 105th omnibus objection.

18   That objection seeks the disallowance and expungement of

19   derivative claims that have been settled between the parties

20   with either a payment to the debtors or with no amounts being

21   due between the parties.  The 105th omnibus objection seeks to

22   expunge those claims as necessary to effectuate the parties'

23   agreement.

24           The debtors respectfully request that the Court grant

25   the 105th omnibus objection to claims.

08-13555-mg   Doc 16549   Filed 05/02/11   Entered 05/04/11 11:37:04   Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 11 of 29

Page 11

 1            THE COURT:  The 105th omnibus objection to claims is

 2    granted.

 3            MS. DECKER:  Thank you.

 4            Agenda item number 12 is the 106th omnibus objection.

 5    That objection seeks to disallow and expunge claims that were

 6    amended and superseded by subsequently filed claims.  This

 7    matter is going forward on an uncontested basis only, this

 8    morning.

 9            The debtors did receive two responses to the 106th

10    omnibus objection.  The first response was by Great Bay

11    Condominium Owners, and the objection to that claim has been

12    adjourned while the parties work towards a resolution.

13            The second response was filed by Friedrich and Erika

14    Mohnle.  Their response stated only that they have no objection

15    to the relief sought in the 106th omnibus.

16            Accordingly, the debtors respectfully request that the

17    Court grant the 106th omnibus objection as to those uncontested

18    claims.

19            THE COURT:  The 106th omnibus objection is granted.

20            MS. DECKER:  The last item I will address this morning

21    is item number 13.  It is the 107th omnibus objection.  That

22    objection seeks to disallow and expunge claims that are

23    duplicative, either exactly or in substance, of other claims

24    filed by the same claimant on the claims register.  We are

25    uncontested on the 107th omnibus objection, and the debtors

08-13555-mg   Doc 16549   Filed 05/02/11   Entered 05/04/11 11:37:04   Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 12 of 29

Page 12

1    respectfully request that the Court grant the 107th.

2         THE COURT:  The 107th omnibus objection to claims is

3    granted.

4         MS. DECKER:  Thank you, Your Honor.

5         With that, I'll turn the podium over to Eric Kasenetz.

6    Eric has both contested and uncontested items this morning

7    beginning with item number 2 on the agenda.

8         THE COURT:  Okay, thank you.

9         MS. DECKER:  Thank you.

10        MR. KASENETZ:  Good morning, Your Honor.  Eric

11   Kasenetz, Weil, Gotshal & Manges on behalf of the Lehman

12   Chapter 11 debtors.

13        I'm actually going to address certain uncontested

14   items on the agenda, items 2, 7, and 15 through 21.

15        Beginning with agenda item 2, the thirty-fourth

16   omnibus objection seeks to reclassify certain secured claims as

17   general unsecured claims.  The debtors are going forward today

18   with respect to one carryover claim filed ING Belgium.  The

19   debtors have determined that such claim does not articulate any

20   valid basis for treatment as a secured claim.  ING filed a

21   response reserving certain rights.  The debtors have resolved

22   the issues with ING and are moving forward on an uncontested

23   basis as to this claim.  As requested by ING, the debtors would

24   like to confirm that the reclassification of ING's claim

25   pursuant to the objection does not prejudice ING's right to

08-13555-mg    Doc 16549    Filed 05/02/11    Entered 05/04/11 11:37:04    Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 13 of 29

Page 13

1    argue that certain collateral is not part of the debtors'

2    estate and to seek to recover such collateral.

3            Accordingly, the debtors respectfully request the

4    Court grant the thirty-fourth omnibus objection as to the claim

5    of ING.

6            THE COURT:  The thirty-fourth omnibus objection as to

7    the claim of ING is granted subject to the qualifications that

8    you stated on the record.

9            MR. KASENETZ:  Thank you, Your Honor.

10            Agenda item number 7, the ninety-seventh omnibus

11    objection to claims, seeks to disallow and expunge certain

12    claims for alleged damages sustained by claimants related to

13    residential mortgage loans acquired from the debtor.

14            The claims subject to this objection do not include

15    documentation that would enable the debtors to evaluate such

16    claims.  As a result, such claims are not prima facie valid.

17    The debtors, multiple times, have reached out to these parties

18    to attempt to acquire such information.  These claims have not

19    included any details or documentation supporting the existence

20    of a debt as required by the bar date order, and the debtors

21    believe they have no liability with respect to these claims.

22            The ninety-seventh omnibus objection to claims was

23    previously heard and granted as to certain claims.

24            Your Honor, the response deadline for Deutsche Bank

25    National Trust Company was extended for claims 18515, 18516,

08-13555-mg   Doc 16549   Filed 05/02/11   Entered 05/04/11 11:37:04   Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 14 of 29

Page 14

1    18517, and 18518.  The response deadline for these claims has

2    since expired, and the debtors have received no responses or

3    additional information with respect to these claims.

4    Accordingly, the objection to these claims is uncontested and

5    the debtors respectfully request that the Court grant the

6    ninety-seventh omnibus objection.

7              THE COURT:  The ninety-seventh omnibus objection to

8    claims is granted on an uncontested basis.

9              MR. KASENETZ:  Thank you, Your Honor.

10             Moving to agenda item 15, which is the 110th omnibus

11   objection to claims, this objection seeks to disallow and

12   expunge certain claims based upon pension benefits allegedly

13   owing by the debtors to former employees of the Lehman

14   enterprise.

15             Pursuant to ERISA and a settlement with the Pension

16   Benefit Guaranty Corporation, the debtors have no liability for

17   any pension-related obligations, and thus no liability for

18   these claims.  Under the PBGC settlement, the LBHI retirement

19   plan was terminated, and the PBGC assumed full responsibility

20   to pay pension benefits in accordance with ERISA.  The

21   settlement provided that LBHI was only liable to the PBGC for

22   unfunded benefit liabilities.  Consequently, none of the

23   debtors are liable to any other party for claims arising under

24   the terminated LBHI retirement plan.

25             The debtors have adjourned all unresolved responses

1   and are proceeding on an uncontested basis.  The debtors

2   respectfully request the Court grant the 110th omnibus

3   objection.

4        THE COURT:  The 110th omnibus objection is granted on

5   an uncontested basis.

6        MR. KASENETZ:  Thank you, Your Honor.

7        Next on the agenda is item 16, the debtors 111th

8   omnibus objection to claims.  This objection seeks to disallow

9   and expunge claims filed against the debtors based upon alleged

10  wrongdoing by entities which are not debtors in these Chapter

11  11 cases and for which the debtors are not liable.  In

12  particular, some of these claims are based on alleged actions

13  of LBI.  LBI is a separate legal entity and not a debtor in

14  these Chapter 11 cases.  Many of these claims are related to

15  pending litigations in which the debtors are not defendants.

16  As such, no liability of the debtors could possible arise from

17  such proceedings.

18       The debtors have adjourned all unresolved responses

19  and are proceeding on an uncontested basis.  Accordingly, the

20  debtors respectfully request the Court grant the 111th omnibus

21  objection.

22       THE COURT:  The 111th omnibus objection is granted.

23       MR. KASENETZ:  Thank you, Your Honor.

24       Moving to agenda item number 17, which is the debtors'

25  112th omnibus objection to claims, this objection seeks to

08-13555-mg   Doc 16549   Filed 05/02/11   Entered 05/04/11 11:37:04   Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 16 of 29

Page 16

1    disallow and expunge Lehman Program Securities claims that

2    violate the bar date orders requirement that such claims

3    include a valid electronic instruction reference number or

4    blocking reference number.  While each of these claims included

5    a number on the proof of claim in the box designated for

6    blocking numbers, the debtors, despite their diligent efforts,

7    have been unable to reconcile each number with any valid

8    blocking number issued by a clearing agency.  Consequently,

9    these claims do not provide any evidence regarding the

10   ownership of such securities and do not comply with the bar

11   date order.

12          The debtors have adjourned all unresolved responses

13   and are proceeding uncontested.  Accordingly, the debtors

14   respectfully request that the Court grant the 112th omnibus

15   objection.

16          THE COURT:  The 112th omnibus objection is granted.

17          MR. KASENETZ:  Thank you, Your Honor.

18          Next on the agenda is item 18, the 113th omnibus

19   objection to claims, which seeks to expunge and disallow claims

20   of insurers based upon the insurance policies and related

21   agreements.  The debtors have already paid all premiums and

22   other charges associated with such policies and do not have any

23   current or future liability to the insurers under such

24   policies.  Subsequent to the filing of this objection, one

25   claimant withdrew several claims against the debtors.  The

1    debtors have removed those claims from the exhibit to the

2    order.  The debtors have received no formal responses from the

3    remainder of the claimants and are moving forward on an

4    uncontested basis.

5            Accordingly, the debtors request the Court grant the

6    113th omnibus objection.

7            THE COURT:  The 113th omnibus objection is granted.

8            MR. KASENETZ:  Thank you, Your Honor.

9            Moving to agenda item 19, the 114th omnibus objection,

10   which seeks to disallow and expunge certain claims for losses

11   on securities that were neither issued nor guaranteed by any of

12   the debtors in these Chapter 11 cases.  The debtors have no

13   liability for these claims, no responses have been received

14   from the claimants.  Accordingly, the debtors request the Court

15   grant the 114th omnibus objection.

16           THE COURT:  The 114th omnibus objection is granted.

17           MR. KASENETZ:  Thank you, Your Honor.

18           Next on to agenda 20, the 115th omnibus objection.  In

19   this objection, the debtors are seeking to disallow and expunge

20   certain claims filed by holders with which the debtors have no

21   contractual relationship, privity, or other obligation to the

22   claimants, and therefore have no liability for the claims.

23           The claims subject to this objection were filed by

24   holders of warrants issued by the Malachite 2006-1 Trust, which

25   is a special purpose vehicle formed to hold shares in a certain

LEHMAN BROTHERS HOLDING INC., ET AL.

Page 18

1   fund and issue warrants to investors.  Lehman Brothers Finance

2   S.A., Netherlands branch, or LBFSA, an affiliate of the

3   debtors, is party to a swap agreement with Malachite and

4   guaranteed a minimum return on the fund shares to Malachite.

5   LBHI issued a guarantee to Malachite of LBFSA's payment

6   obligations under the swap agreement.  The warrant holders are

7   not parties to the swap agreement or the guarantee.  Therefore,

8   the debtors have no contractual relationship with, and thus no

9   liability to, the warrant holders.

10          Your Honor, it has come to the debtors' attention that

11  four of the claims on the objection include claims for

12  securities other than the warrants.  The debtors do not object

13  to those claims at this time.  As a result, the language has

14  been added to the order clarifying that the order only relates

15  to the Malachite warrants.

16          Your Honor, I have a blackline copy of the revised

17  proposed order that reflects the clarifying language.  Would

18  you like to see the proposed changes?

19          THE COURT:  Please.

20          MR. KASENETZ:  May I approach?

21          THE COURT:  Yes.  Thank you.

22          MR. KASENETZ:  There was one response filed, and the

23  debtors have adjourned that objection while the claimant

24  continues to consider the objection.  This matter is going

25  forward on an uncontested basis only.

LEHMAN BROTHERS HOLDING INC., ET AL.

Page 19

```
 1              The debtors request that the Court grant the 115th
 2    omnibus objection.
 3              THE COURT:  The objection is granted pursuant to the
 4    order that includes the blackline language that you've just
 5    shown me.
 6              MR. KASENETZ:  Thank you, Your Honor.
 7              Item 21 on the agenda is the 116th omnibus objection.
 8    This objection seeks to expunge and disallow certain claims
 9    based on derivative contracts with the debtors because such
10    claims provide no basis of liability as to the debtors.  After
11    a review of the claimants' supporting documentation and the
12    debtors' books and records, the debtors have determined that
13    based on the fair, accurate, and reasonable values of the
14    subject derivative contracts and the netting provisions
15    thereunder, the debtors do not own any amounts to the claimants
16    subject to this objection, but rather, in most cases, the
17    respective claimants owe money to the debtors based on such
18    derivative contracts.
19              The debtors have consensually resolved the objection
20    with two claims.  No formal responses have been received.
21    Accordingly, this objection is going forward on an uncontested
22    basis, and the debtors respectfully request the Court grant the
23    116th omnibus objection.
24              THE COURT:  The 116th omnibus objection to claims is
25    granted.
```

LEHMAN BROTHERS HOLDING INC., ET AL.

Page 20

1          MR. KASENETZ:  Thank you, Your Honor.  And at this

2   point, I will turn the podium over to my colleague, Erin

3   Eckols, to continue with the remainder of the agenda.

4          THE COURT:  All right, thank you very much.

5          MS. ECKOLS:  Good morning, Your Honor.  Erin Eckols

6   for the debtors.

7          THE COURT:  Good morning.

8          MS. ECKOLS:  I will be finishing out the agenda items

9   today which will be agenda items 1, 6, 8, 14, and 22; 22 is the

10   lone contested matter going forward today.

11          Starting with agenda item 1 which is this carryover

12   item from the second omnibus objection.  The second omnibus

13   objection seeks to disallow and expunge claims that were

14   amended and superseded by other claims filed by the same

15   claimant.

16          Today we are proceeding on an uncontested basis as to

17   claim 1439 by OMX Timber Finance Investments II, LLC.  OMX

18   Timber's counsel requested modification to the language of the

19   proposed order to further clarify that the surviving claim,

20   17120, would relate back to the date of the corresponding

21   original claim that was being expunged.  Language to that

22   effect was already in the proposed order, and the debtors agree

23   to OMX Timber's requested modification of that language to

24   expressly state that the surviving claim would be deemed filed

25   as of the date of the original claim.  And Your Honor, I do

08-13555-mg   Doc 16549   Filed 05/02/11   Entered 05/04/11 11:37:04   Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 21 of 29

Page 21

1    have a redline copy showing the negotiated language, if you

2    would like to see it.

3              THE COURT:  Sure, I'll take a look at it.

4              MS. ECKOLS:  May I approach?

5              THE COURT:  Yes.

6              MS. ECKOLS:  Your Honor, the relevant negotiated

7    language has been highlighted.

8              THE COURT:  I see it.  It's fine.

9              MS. ECKOLS:  Having reached agreement with OMX Timber,

10   the debtors respectfully request that the Court grant the

11   second omnibus objection as to claim 1439.

12             THE COURT:  That objection is granted as to the claim

13   you have identified of OMX Timber Finance Investments II, LLC.

14             MS. ECKOLS:  Thank you.

15             Moving to agenda item number 6, this is a carryover

16   item from the ninety-fourth omnibus objection which Your Honor

17   previously granted.  The ninety-fourth omnibus objection seeks

18   to disallow and expunge individual noteholder claims that are

19   duplicative of the claims filed by Wilmington Trust and/or Bank

20   of New York Mellon as indenture trustee for those notes.

21             The debtors are proceeding today as to claim 8218,

22   submitted by Sandra Kern.  Ms. Kern's claim seeks to recover

23   for securities identified with the CUSIP 52520X208.  The Bank

24   of New York Mellon, in its capacity as indenture trustee, filed

25   claim 21803 on behalf of the holders of those same securities.

08-13555-mg   Doc 16549   Filed 05/02/11   Entered 05/04/11 11:37:04   Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 22 of 29

Page 22

1    Accordingly, Ms. Kern's claim is duplicative of that indenture

2    trustee claim.

3          Ms. Kern filed a response to the ninety-fourth omnibus

4    objection and the debtors reached out to her in an effort to

5    resolve that response.  Ms. Kern is now in agreement that her

6    securities are covered by the Bank of New York Mellon claim

7    21803 and it is our understanding that she no longer opposes

8    the ninety-fourth omni.

9          Accordingly, the debtors are proceeding uncontested as

10   to Ms. Kern's claim and respectfully request that the Court

11   grant the ninety-fourth omnibus objection as to Ms. Kern's

12   claim 8218.

13         THE COURT:  The ninety-fourth omnibus objection is

14   granted as to the claim of Sandra Kern.

15         MS. ECKOLS:  Thank you, Your Honor.

16         Moving to agenda item number 8, the 102nd omnibus

17   objection, the agenda shows that there is one unresolved

18   response that was actually resolved late last night after the

19   agenda was filed, so we are proceeding uncontested today as to

20   all claims that were on the omnibus objection except for those

21   claims for which the objection has been withdrawn.

22         The 102nd omnibus objection seeks to disallow and

23   expunge claims that violate this Court's bar date order as they

24   were submitted in foreign currency, as opposed to U.S. dollars.

25   The debtors received several informal and formal responses, all

08-13555-mg    Doc 16549    Filed 05/02/11    Entered 05/04/11 11:37:04    Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 23 of 29

Page 23

1    of which have been resolved.

2            Accordingly, the debtors are proceeding uncontested

3    and respectfully request that the Court grant the debtors'

4    102nd omnibus objection.

5            THE COURT:  The 102nd omnibus objection to claims is

6    granted.

7            MS. ECKOLS:  Thank you, Your Honor.

8            Moving to agenda item 14, which is the 108th omnibus

9    objection to claims, this objection seeks to disallow and

10   expunge claims filed by holders of certain notes issued by

11   Sapphire Finance, PLC for two separate but related reasons:

12   first, because the claims are duplicative of the claim filed by

13   Bank of New York Corporate Trust Services as trustee under a

14   principal trust deed seeking to recover on those notes, and

15   second, because the debtors have no contractual relationship

16   with the individual noteholders.  This objection is the same as

17   the debtors' seventy-eighth omnibus objection that Your Honor

18   previously granted, but instead of claims for notes issued by

19   Topaz Finance Limited, today we are proceeding as to claims

20   filed by individual holders of notes issued by Sapphire.

21           Briefly, Bank of New York entered into a principal

22   trust deed in connection with the multi-issuer secured

23   obligation program.  Sapphire is a special purpose entity

24   created under that program.  Sapphire and LBSF, Lehman Brothers

25   Special Financing, entered into a swap agreement that was

LEHMAN BROTHERS HOLDING INC., ET AL.

Page 24

1   guaranteed by Lehman Brothers Holdings Inc.  The individual

2   noteholders were not parties to that swap agreement or

3   guarantee.  Bank of New York filed its claim as trustee on

4   behalf of Sapphire and to protect the interest of the

5   noteholders seeking to recover for those same notes.  Under the

6   principal trust deed, Bank of New York is permitted to act on

7   behalf of Sapphire for the benefit of the individual holders

8   and is the proper party to prosecute claims related to those

9   notes.  Thus, the individual noteholder claims are

10  substantively duplicative of the Bank of New York claim.

11       In addition, because the noteholders are not parties

12  to the swap agreement or guarantee between the applicable

13  debtor and Sapphire, they do not have a contractual

14  relationship with the debtors.  Lacking a contractual

15  relationship with the debtors, the individual noteholders do

16  not have an enforceable right to payment against the debtors,

17  and thus the debtors have no liability on the individual

18  noteholder claims.

19       The debtors did not receive any responses to the 108th

20  omnibus objection.  And for the two reasons discussed, the

21  individual noteholder claims should be disallowed and expunged.

22  Accordingly, the debtors respectfully request that the Court

23  grant the 108th omnibus objection to claims.

24       THE COURT:  The 108th omnibus objection to claims is

25  granted.

08-13555-mg  Doc 16549  Filed 05/02/11  Entered 05/04/11 11:37:04  Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 25 of 29

Page 25

1          MS. ECKOLS:  Thank you, Your Honor.

2          Now moving to the only contested matter on today's

3     agenda, which is agenda item 22, this is a carryover item from

4     the seventy-second omnibus objection which Your Honor

5     previously granted.  The seventy-second omnibus objection seeks

6     to disallow and expunge claims that were amended and superseded

7     by other claims filed by the same claimant in these cases.

8          Today, we are proceeding as to claim 2940 of Chan Lai

9     Chun Betty.  The debtors objected to claim 2940 on the basis

10    that it was amended and superseded by claim 47514 also

11    submitted by Chan Lai Chun Betty.  The claims are both seeking

12    to recover for the same Lehman Program Security, and it appears

13    that the later claim was submitted to provide the blocking

14    number that was required for Lehman Program Securities pursuant

15    to this Court's bar date order.

16         Chan Lai Chun Betty filed a formal response.  Her

17    response does not address the merits of the seventy-second

18    omnibus objection but states that the documentation she has

19    submitted should establish the validity of her claims.  We have

20    asked Ms. Chan Lai Chun Betty multiple times to advise whether

21    she continues to oppose the relief sought in the seventy-second

22    omnibus objection, but we have received no communication from

23    her.  In our last correspondence, the debtors advised her that

24    we would be proceeding at today's hearing on the assumption

25    that she continued to oppose the seventy-second omnibus

08-13555-mg   Doc 16549   Filed 05/02/11   Entered 05/04/11 11:37:04   Main Document
LEHMAN BROTHERS HOLDING INC., ET AL.
Pg 26 of 29

Page 26

1    objection.  The debtors did not receive any response from her.

2         As discussed, Chan Lai Chun Betty's claims both seek

3    to recover for the same security, and her later claim, 47514,

4    provides the blocking number that was missing from her original

5    claim.  To prevent duplicative recovery and maintain a more

6    accurate claims register, her original claim, 2940, should be

7    disallowed and expunged.  Accordingly, the debtors respectfully

8    request that the Court grant the seventy-second omnibus

9    objection as to Chan Lai Chun Betty's claim 2940.

10        THE COURT:  Let me inquire if Chan Lai Chun Betty is

11   on the telephone or in court or if anyone acting on her behalf

12   is on the telephone or in court.

13        I hear no response.  This is unopposed at the moment.

14        I've reviewed the written response of Chan Lai Chun

15   Betty which is simply a handwritten statement, and it's

16   unavailing.  As a result, to the extent it's an objection to

17   the relief being sought here, it's overruled, and the objection

18   number seventy-two is granted as to this claim.

19        MS. ECKOLS:  Thank you, Your Honor.

20        And that concludes the items going forward on today's

21   agenda.

22        THE COURT:  Fine.  Thank you and I'll see you on June

23   2nd.  We're adjourned.

24        (Whereupon these proceedings were concluded at 10:29 AM)

25

Page 27

```
 1
 2                          I N D E X
 3
 4                          RULINGS
 5                                        Page      Line
 6   Debtors' fifty-sixth omnibus objection   8         1
 7   granted
 8   Debtors' seventy-first omnibus objection  8        10
 9   granted
10   Debtors' eighty-fourth omnibus objection  8        18
11   granted
12   Debtors' 103rd omnibus reducing and allowing  9    17
13   the forty claims and adjourning the nine
14   claims granted
15   Debtors' 104th omnibus objection to claims  10     15
16   granted
17   Debtors' 105th omnibus objection to claims  11      1
18   granted
19   Debtors' 106th omnibus objection as to    11       19
20   uncontested claims is granted
21   Debtors' 107th omnibus objection to claims is  12   2
22   granted
23   Debtors' thirty-fourth omnibus objection as  13     6
24   to the claim of ING is granted subject to
25   the qualifications as stated on the record
```

Page 28

| # | | | |
|---|---|---|---|
| 1 | Debtors' ninety-seventh omnibus objection to | 14 | 7 |
| 2 | claims is granted on an uncontested basis | | |
| 3 | Debtors' 110th omnibus objection is granted | 15 | 4 |
| 4 | on an uncontested basis | | |
| 5 | Debtors' 111th omnibus objection is granted | 15 | 22 |
| 6 | on an uncontested basis | | |
| 7 | Debtors' 112th omnibus objection is granted | 16 | 16 |
| 8 | on an uncontested basis | | |
| 9 | Debtors' 113th omnibus objection is granted | 17 | 7 |
| 10 | Debtors' 114th omnibus objection is granted | 17 | 16 |
| 11 | Debtors' 115th omnibus objection granted as | 19 | 3 |
| 12 | amended | | |
| 13 | Debtors' 116th omnibus objection to claims is | 19 | 24 |
| 14 | granted | | |
| 15 | Debtors' second omnibus objection as to claim | 21 | 12 |
| 16 | 1439 granted | | |
| 17 | Debtors' ninety-fourth omnibus objection is | 22 | 13 |
| 18 | granted as to the claim of Sandra Kern | | |
| 19 | Debtors' 102nd omnibus objection to claims is | 23 | 5 |
| 20 | granted | | |
| 21 | Debtors' 108th omnibus objection to claims is | 24 | 24 |
| 22 | granted | | |
| 23 | Debtors' seventy-second omnibus objection as | 26 | 17 |
| 24 | to claim 2940 is granted | | |
| 25 | | | |

Page 29

1

2                    C E R T I F I C A T I O N

3

4    I, Dena Page, certify that the foregoing transcript is a true

5    and accurate record of the proceedings.

6

7    Dena Page    Digitally signed by Dena Page
                  DN: cn=Dena Page, c=US
8    _____  Reason: I am the author of this document
                  Date: 2011.05.02 16:08:34 -04'00'

9    DENA PAGE

10

11   Veritext

12   200 Old Country Road

13   Suite 580

14   Mineola, NY 11501

15

16   Date:  April 29, 2011

17

18

19

20

21

22

23

24

25