Hearing Date: May 18, 2011 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105(A) AND 363 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO SETTLE AND SATISFY CORPORATE FRANCHISE TAX CLAIMS OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement in support of the Debtors' motion for authorization to settle and satisfy corporate franchise tax claims of the New York State Department of Taxation and Finance (the "NYSDTF"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure, dated April

25, 2011 (Docket No. 16254, the "Motion").[1]

**STATEMENT**

1. For New York State corporate franchise tax purposes, LBHI, as the ultimate parent of the Lehman enterprise, files combined New York State franchise tax returns with respect to most Lehman entities subject to taxation in New York State (collectively, LBHI and such domestic subsidiaries, the "Combined Group"). See N.Y. TAX LAW § 211(4)(a) ("Any taxpayer, which owns or controls . . . substantially all the capital stock of one or more other corporations . . . shall make a combined report covering any related corporations if there are substantial intercorporate transactions among the related corporations . . . .").

2. Under the New York State Tax Law, each taxpayer in the Combined Group is liable for the entire Combined Group's New York State franchise tax liability for each tax period the taxpayer is a member of the group. See N.Y. TAX LAW § 1081(g) ("In the case of a combined return . . . the tax commission may determine a deficiency of tax . . . with respect to the entire tax due upon such return against any taxpayer included therein."); N.Y. COMP. R. AND REGS. § 8-1.3(a) ("Where the tax is computed on the basis of a combined report, the Commissioner may assess the entire amount of the tax . . . against any one or more of the taxpayers covered by the combined report . . . .").

3. The Claims filed by the NYSTDF in the Chapter 11 Cases assert, among other things, that: (a) the Combined Group[2] owes the NYSDTF approximately $1.2 billion for underreported and unpaid corporate franchise taxes, and interest and penalties thereon

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The NYSDTF's proof of claim specifically states that it is a "statement of tax liabilities for LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS INC. and LEHMAN BROTHERS INC. [sic], et al.".

2

attributable to the Combined Group's 1992 through 2008 tax periods (the "Franchise Tax Claim"); and (b) approximately $1.07 billion of the Franchise Tax Claim is entitled to priority treatment under section 507(a)(8) of the Bankruptcy Code.

4. LBHI disputes the amount of, and the NYSDTF's purported bases for, the Franchise Tax Claim.

5. Based on extensive discussions between the Committee's advisors and LBHI and its advisors, including PriceWaterhouseCoopers LLP, MMOR Consulting, Inc., Sutherland, Asbill and Brennan LLP, and Alvarez and Marsal North America, LLC and its affiliates, the Committee understands that, in general: (a) it would be unrealistic for LBHI and its advisors to precisely determine the Combined Group's actual New York State franchise tax liability for the 1992 through 2007 tax periods because the determination would require (i) considerable time and resources to investigate Lehman's New York State franchise tax archive for necessary documents (a process made significantly more difficult, time-consuming and expensive given that the relevant records are currently in the possession of Barclay's Capital Inc.) and (ii) making difficult judgment calls regarding the proper treatment of hundreds of billions of dollars of items of income and expense; (b) the proposed Payment Amount (as defined herein) is on the low end of what LBHI's advisors have determined to be a reasonable range of the Combined Group's potential New York State franchise tax liability for the 1992 through 2007 tax periods; and (c) there is a substantial likelihood that litigation addressing the amount of, and bases for, the Combined Group's New York State franchise tax liability for the 1992 through 2007 tax periods could result in (i) a lengthy and complex discovery process, (ii) a highly complex and costly trial with the NYSDTF, and, most significantly, (iii) the Combined Group owing the NYSDTF substantially more than the proposed Payment Amount.

6.  As described in the Motion, to avoid protracted, expensive litigation and the risks attendant therewith, LBHI (on behalf of the Combined Group) has agreed to enter into that certain closing agreement with the NYSDTF, dated as of April 15, 2011 (the "Closing Agreement").  Pursuant to the Closing Agreement, among other things:  (a) LBHI and the NYSDTF agree to a final assessment of $153,000,000, representing $104,028,354 in corporate franchise tax and $48,971,646 in interest (computed at the minimum rate under the New York State Tax Law); (b) the NYSDTF agrees to allow the Combined Group to set off certain overpayments with respect to the amended returns filed for the 2007 tax year, thereby reducing the net payment due to the NYSDTF to $144,128,249 (the "Payment Amount"); (c) the NYSDTF agrees that the Combined Group's transfer of the Payment Amount to the NYSDTF will be in full and final satisfaction of the Combined Group's liability for corporate franchise tax and any related interest due for the 1992 through 2007 tax periods; and (d) upon receipt of the Payment Amount, (i) the NYSDTF will withdraw its Claims against all members of the Combined Group (other than the NYSDTF's Claims against LBI for sales and use and payroll withholding taxes) and release the Combined Group from the same and (ii) the Claims against all members of the Combined Group (other than the NYSDTF's Claims against LBI for sales and use and payroll withholding taxes) will be deemed disallowed and expunged in their entirety (collectively, the "Settlement").

7.  As described in the Motion, LBHI will make an equitable allocation of the Payment Amount among the members of the Combined Group by taking into account, among other things, historic tax sharing principles.  Motion ¶ 27.  In this regard, the proposed order preserves both LBHI's right to seek the reimbursement from each member of the Combined Group of its allocable share of the Payment Amount on a priority basis and all defenses that each

4

member may have thereto. The Committee understands the foregoing reservation of rights to mean that, if it is determined that the Claims were sufficient to constitute a priority claim under section 507(a)(8) of the Bankruptcy Code against a member of the Combined Group (other than LBHI), such member shall reimburse LBHI on a priority basis for its allocable share of the Payment Amount.

8. In light of the substantial litigation risks and potential expenses, and because the Payment Amount is on the low end of the Combined Group's potential exposure, the Committee believes that LBHI's agreement to enter into the Settlement is fair and reasonable, and in the best interests of the Debtors' estates and creditors.

## CONCLUSION

9. For the foregoing reasons, the Committee respectfully requests that the Court approve the Settlement and grant such other relief as the Court deems just.

Dated:   New York, New York
         May 4, 2011

                                      **MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

                                      By:   /s/ Dennis F. Dunne
                                      Dennis F. Dunne
                                      Evan R. Fleck
                                      Dennis C. O'Donnell
                                      1 Chase Manhattan Plaza
                                      New York, New York 10005
                                      Telephone:  (212) 530-5000

                                      Counsel for Official Committee of Unsecured
                                      Creditors of Lehman Brothers Holdings Inc., et al.