Melissa King
4932 Ridge Oak Court Southeast
Mableton, GA 30126

FILED
U.S. BANKRUPTCY COURT
2011 MAY -5 P 3:07
S.D. OF N.Y.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re, | ) Case No.: _____ |
| LEHMAN BROTHERS HOLDING, INC | ) ADVERSARY PROCEEDING<br>) ADV. NO: 08-13555-jmp |
| MELISSA KING, an Individual<br>Plaintiff<br>-vs-<br>LEHMAN BROTHERS HOLDING, INC | ) COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TILE, AND INJUNCTIVE RELIEF<br><br>**Demand for Jury Trial** |

COMES NOW debtor and plaintiff MELISSA KING herein, ("Plaintiff"), and respectfully alleges the following:

1. This adversary proceeding is brought pursuant to 11 U.S.C. § 506 and Federal Rule of Bankruptcy Procedure 7001.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is a core proceeding as defined at 28 U.S.C. § 157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. This is a core

proceeding pursuant to 28 U.S.C. § 157(b), and jurisdiction exists pursuant to 11 U.S.C. § 502 (a) and (b) (1), 11 U.S.C. § 544 (a) (3) and (b) (1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims.

4. The Chapter 11 Trustee has filed an abandonment of all claims by the bankruptcy estate, and there have been no timely objections. Debtor has elected to pursue this adversary proceeding.

**PARTIES**

5. Plaintiff is an individual, and debtor of the within captioned Bankruptcy case. Lehman Brothers Holdings Inc filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 15, 2008, ("The Bankruptcy Case") in the SOUTHERN DISTRICT OF NEW YORK.

6. Plaintiff is and at all times mentioned herein is the owner and purchaser of real property (hereinafter referred to as "SUBJECT PROPERTY") and more particularly described as 4932 Ridge Oak Court Southeast Mableton, GA 30128.

7.. Plaintiff is informed and believes and therefore alleged that LEHMAN BROTHERS HOLDING, INC, a bank holding company based in New York City.

8. The Defendants herein named as "all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto" (hereinafter referred to as "the unknown defendants") are unknown to Plaintiffs. These unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiffs' title;

1  and their claims, and each of them, constitute a cloud on Plaintiff's title
2  to that property.
3     9. Plaintiff is ignorant of the true names and capacities of "Defendants"
4  sued herein as "DOES" 1 through 32, and therefore sue these "Defendants" by
5  such fictitious names. Plaintiffs will amend this complaint to allege their
6  true names and capacities when ascertained. Plaintiffs are informed and
7  believe and thereon allege that each of these fictitiously named defendants
8  claim some right, title, estate, lien, or interest in the hereinafter-
9  described property adverse to Plaintiffs' title and their claims, and each of
10 them, constitute a cloud on Plaintiffs' title to that property

### ALEGATIONS COMMON TO ALL CAUSES OF ACTION

12     10.   Lehman Brothers Holding, Inc, represents itself and holds itself out
13 as the "Creditor", and holder of Plaintiff's Note.
14     11.   Plaintiff is informed and believes and therefore alleged that Litton
15 Loan Servicing and Mortgage Electronic Registration Systems Inc.,
16 represented to Plaintiff that they was "Originator of the Subject Mortgage".
17     12.   Plaintiff is informed and believes and therefore alleged that,
18 Litton Loan Servicing represented to Plaintiff that Mortgage Electronic
19 Registration Systems by an unknown mechanism transferred unknown interest to
20 LEHMAN BROTHERS HOLDING INC.
21     13.   Defendant Lehman Brothers Holding Inc., and Mortgage Electronic
22 caused to be filed false "Assignments of Deed of Trusts" or Wild Deed
23 Instruments" with the Cobb County Recorder, Georgia, as part of its
24 continuing fraud upon the Court, clouding Plaintiff title and ownership
25 interest in the Subject Property.
26

14.  Defendant Lehman Brothers Holding Inc, fraudulent claims are facilitated by using these "Wild Deed Instruments". A "Wile Deed" is a recorded deed that is not in the CHAIN OF TITLE because a previous instrument connected to the chain of title was not recorded. A "Wild Deed" will not provide constructive notice to later purchasers of the property; because subsequent bona fide purchasers cannot reasonable expect to locate the "Deed" while investigating the chain of title to the property. These instruments are unsecured and as such no security attaches to these "Wild Deed Instructs."

### THE STYLED "PROMISSORY NOTE AND DEED OF TRUST"

15.  On or about March 06, 2007 Plaintiff signed a document styled as a "First Note" ("hereinafter referred to as NOTE") on the SUBJECT PROPERTY.

16.  Plaintiff is informed and believes and therefore alleges that MERS, GE Money Bank a federal savings bank falsely represented that they were funding the "NOTE".

17.  The "Origination Funds" for the "NOTE" came from another undisclosed source. The indebtedness to this "NOTE" remains uncertain. Plaintiff has not seen the original styled "NOTE" since signing and its wereabouts or existence is undisclosed.

18.  A Georgia State Foreclosure action was initiated by Litton Loan Servicing and Mortgage Electronic Registration Systems Inc ("hereinafter, "MERS"), a State of Delaware Corporation doing business in Georgia as a Foreign Corporation.

19.  MERS, the foreclosing entity, is a third party. The entity and Litton Loan Servicing lacks standing and the capacity to foreclose. The entity has no first hand knowledge of the loan, no authority to testify or

file affidavits as to the validity of the loan documents or the existence of the loan. The entity has no legal authority to draft mortgage assignments relating to the loan. This foreclosing entity and its agents regularly commit perjury in relation to their testimony.

20. The "True Beneficiary" of the mortgage loan has not declared a default (it has been paid fully as required by the Pooling and Servicing Agreement) and does not have an interest in the actual "Mortgage Note", all the cash flows from the mortgages are paid on time. LEHMAN BROTHERS HOLDING INC Investor does not OWN THE NOTES".

21. Here, the "NOTE" and the "Security Interests" were severed or bifurcated when the "Deed of Trust" was fraudulently assigned to "MERS" as nomiee for Litton Loan Servicing.

### FIRST CLAIM FOR RELIEF

{Declaratory Relief to Determine an Interest in Property}

{F.R.B.P 7001(2) and 7001(9)}

22. Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as though set forth at length herein.

23. Plaintiff alleges that she holds an interest in the Property free and clear of any interest of defendants, in that the lien evidenced by the "Deed of Trust" and its subsequent assignments has no value since it is wholly unsecured, and that accordingly the Deed of Trust is null and void.

24. An actual controversy exists between Plaintiff and Defendant with regard to the validity, nature and extent of their interest in the Subject Property.

25. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants interest in the Property.

WHEREFORE, Plaintiff prays for judgment against Defendant Lehman Brothers Holding Inc as follows:

1. That the Court determine the nature and extent and validity of Defendants interest in the real property located at 4932 Ridge Oak Court Southeast Mableton, Georgia 30126;
2. That the Court determine that the amount of the lien secured by the Deed of Trust described herein is zero;
3. That the Court determine that the claim owed to LEHMAN BROTHERS HOLDING INC by Plaintiffs is wholly unsecured;
4. That the Court determine that the Deed of Trust is null and void;
5. That Defendant LEHMAN BROTHES is not the Owner of Plaintiff's property because Defendant filed for Chapter 11 Bankruptcy Protection and has not been discharged from the Court.

### SECOND CLAIM FOR RELIEF
{Declaratory Relief to Determin Status of LEHMAN BROTHERS HOLDING INC CLAIM}
{11 U.S.C 506 AND F.R.B.P 7001}

26. Plaintiff re-alleges and incorporates the allegations contained the preceding paragraphs as though set forth at length herein.

27. Plaintiff alleges that the lien evidenced by the Deed of Trust has no value since it is wholly unsecured; that LEHMAN BROTHERS HOLDING INC claim is not allowable as a secured claim, and that accordingly, the Deed of Trust and its subsequent assignments are null and void.

Adversary proceeding Complaint

28. Plaintiff is informed and believes that LEHMAN BROTHERS HOLDING INC alleges the Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

29. An actual controversy exists between Plaintiff and LEHMAN BROTHERS HOLDING INC with regard to the status of its claim as the Owner of Plaintiff's Property.

30. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether LEHMAN BROTHERS HOLDING INC claim against Plaintff shall be allowable as secured or unsecured.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the real property located at 4932 Ridge Oak Court Southeast Mableton, GA 30126.;
2. That the Court determine that the amount of the lien secured by the "Deed of Trust is zero;
3. That the Court determine that the claim owd to LEHMAN BROTHERS HOLDING INC by Plaintiff is wholly unsecured;
4. That the Court determine that the Deed of Trust is null and void;
5. That all eviction proceedings in the State Court of Cobb County Georgia be stopped until further notice.

### THIRD CLAIM FOR RELIEF

{As to Defendant Lehman Brothers Holding, Inc}

{15 U.S.C. 1641(g)}

Adversary proceeding Complaint

31. Plaintiff re-alleges and incorporate the allegtations contained in the preceding paragraphs as through set forth at length herein.

32. On or about January 06, 2009, Lehman Brothers Holding purportedly purchased Plaintiff's property at foreclosure sale.

WHEREFORE, Plaintiff is seeking to quiet title as of a date to be determined; require Lehman Brothers Holding to show proof of claim to the Note and for such other and further relief as the court deems just and proper.

Dated this April 29, 2011

_____
MELISSA KING, PRO SE

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Adversary Proceeding has been served via United States Mail, postage pre-paid in a properly addressed envelope to:

PENDERGAST & JONES, P.C.  
South Terraces, Suite 1000  
115 Perimeter Center Place  
Atlanta, GA 30346

LEHMAN BROTHERS HOLDING INC  
745 Seventh Avenue  
New York, NY 10019

James W. Giddens, as Trustee

Very respectfully;

_____
MELISSA KING