Hearing Date and Time: May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: May 11, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                               :     Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :     08-13555 (JMP)
                                                    :
                    Debtors.                        :     (Jointly Administered)
-------------------------------------------------------------------x

**SUPPLEMENT TO LEHMAN BROTHERS SPECIAL FINANCING
INC.'S MOTION, PURSUANT TO SECTIONS 105(A) AND 363 OF
THE BANKRUPTCY CODE, FOR AUTHORIZATION TO (I) CAUSE
1271 LLC TO ISSUE CLASSES OF INTERESTS, (II) SELL INTERESTS
IN 1271 LLC AND (III) MAKE A CAPITAL CONTRIBUTION TO 1271 LLC**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

1. On April 27, 2011, Lehman Brothers Special Financing Inc. ("LBSF"), as debtor and debtor-in-possession, filed its *Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, for Authorization to (I) Cause 1271 LLC to Issue Classes of Interests, (II) Sell Interests in 1271 LLC and (III) Make a Capital Contribution to 1271 LLC* [Docket No. 16299] (the "Motion").[1]

2. As described in the Motion, in order to monetize the value of Swap Agreement, 1271's capital structure or organizational form will be reorganized so that classes of securities corresponding to specific reference entities within the Municipal Portfolio may be

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

created and auctioned for sale to investors. It is currently contemplated that 1271 will reorganize into a Delaware statutory trust and will issue certain interests in the trust to investors after auction. In connection with the establishment of a statutory trust or similar structure, a trustee (the "Trustee") will need to be appointed and certain fees and expenses, such as filing fees and Trustee fees and expenses, will need to be paid. As described in the Motion, 1271 may need to also hire a third party (the "Servicer") to administer the payments received and other rights of the parties under the Swap Agreement consistent with the interests of the parties that purchase the Classes. *See* Motion ¶ 10.

## Supplemental Relief Requested

3.  In addition to the relief requested by the Motion, LBSF seeks authorization to pay or to indemnify, cause 1271 to pay or to indemnify or to make a capital contribution to 1271 to enable it to pay or indemnify certain fees and expenses in connection with the Transactions, including, without limitation (i) pre-closing costs such as Delaware filing fees, 1271's portion of the attorneys' fees payable to counsel engaged to assist in the completion of the Transactions,[2] CUSIP fees and other miscellaneous expenses (the "Pre-Closing Costs"), (ii) the reasonable and customary costs and expenses of the Trustee, Servicer or similar entity (the "Necessary Expenses"), including (A) fees and expenses of the Trustee's counsel, accountants and other experts for consultation or advice in connection with the conversion, administration and termination of the trust and the preparation of tax returns of the trust, and (B) all costs and damages incurred by the Trustee and its officers, directors employees or agent in connection with the performance of its duties under the trust agreement or the creation, operation or termination of the Trust or the transactions contemplated thereby, and (iii) any other expenses

---

[2] Pursuant to the terms of the Engagement Letter, 1271 is obligated to pay 50% of "Deal Counsel" fees in excess of $100,000.

of the Trustee or Servicer that could become due and payable that are not Necessary Expenses, do not qualify as ordinary and routine costs and are not otherwise payable by the holder of a Class or the Trustee (the "<u>Extraordinary Expenses</u>").

4. LBSF will be primarily responsible for the Pre-Closing Costs and Necessary Expenses, which LBSF estimates will total approximately $250,000 and $400,000. respectively. LBSF's obligation to pay the Extraordinary Expenses, if any, are expected to be subject to a cap of $300,000 per year and will not become payable by LBSF unless and until such Extraordinary Expenses of the Trustee or the Servicer are not paid pursuant to the indemnification obligations of the holders of the Classes (if such indemnification applies) and there are insufficient amounts in the escrow account to be created at the establishment of the trust.

5. For all of the reasons set forth in the Motion, incurring the obligation to satisfy these additional expenses of approximately $950,000 pursuant to the terms of the transaction documents represents a sound exercise of LBSF's business judgment. In comparison to the overall benefit that could be realized by LBSF's estate through a monetization of the Municipal Portfolio and the Transactions, which greatly exceeds the relatively *de minimis* costs represented by these expenses, LBSF's decision to pay such amounts is reasonable and should be approved. In addition, the fees and expenses are reasonable and customary in transactions of this nature. LBSF had originally contemplated that these fees and expenses would be paid from the proceeds of any sales of the Classes, but as the structure of the transactions continues to develop, LBSF has determined that it will likely be more efficient for LBSF to pay such amounts as necessary.

6. Attached hereto as <u>Exhibit A</u> is a revised proposed order granting the relief requested in the Motion as supplemented herein and a blackline reflecting the changes to the order submitted with the Motion.

**Notice**

7. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Supplement on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) MS; (vii) BH; (viii) Berkshire Hathaway Inc., and (ix) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

8. Except for as set forth in the Motion, no previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtor respectfully requests that the Court grant the relief requested in the Motion, as supplement herein, and such other and further relief as it deems just and proper.

Dated: May 9, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (JMP)
                                               :
                        Debtors.               :    (Jointly Administered)
---------------------------------------------------------------x
```

**ORDER AUTHORIZING LEHMAN BROTHERS SPECIAL FINANCING INC. TO (I) CAUSE 1271 LLC TO ISSUE CLASSES OF INTERESTS, (II) SELL INTERESTS IN 1271 LLC AND (III) MAKE A CAPITAL CONTRIBUTION TO 1271 LLC**

Upon the motion, dated April 27, 2011 (the "Motion"), of Lehman Brothers Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 to the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the supplement to the Motion, dated May 9, 2011 (the "Supplement"), for authorization and approval to (i) take and to cause 1271 LLC ("1271") to take all actions that may be necessary or appropriate to issue classes of interests or securities in 1271 representing an interest in 1271 corresponding to a reference obligation governed by the Swap Agreement[1] (collectively, the "Classes"), including to amend the constitutive documents and capital structure of 1271 or change 1271's organizational form, (ii) sell free and clear and/or to cause 1271 to sell or issue the Classes (or portions thereof) or debt obligations or take any other action to monetize the Municipal Portfolio without further Court approval subject to the consent of the Official Committee of Unsecured Creditors (the "Creditors' Committee"), (iii) make a capital contribution of $2.5 million to 1271 (the "Capital

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Supplement, as applicable.

Contribution") to pay the Minimum Service Fee or the minimum Percentage Fees that are not paid from aggregate sales proceeds, and (iv) pay or indemnify, cause 1271 to pay or indemnify or make a capital contribution to 1271 to enable it to pay or indemnify certain fees and expenses in connection with any statutory trust or similar vehicle that may be established to execute or otherwise facilitate the transactions described in clauses (i) through (iii), including, without limitation, the Pre-Closing Costs and the Necessary Expenses and Extraordinary Expenses of a trustee, servicer or similar entity (collectively, the "Transactions"), all as more fully described in the Motion and the Supplement; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; (vii) MS, (viii) BH, and (ix) Berkshire Hathaway Inc., and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion, as supplemented, is granted; and it is further

ORDERED that LBSF is authorized to take and to cause 1271 to take all actions that may be necessary or appropriate to issue the Classes, including to amend the constitutive documents and capital structure of 1271 or change 1271's organizational form; and it is further

ORDERED that LBSF is authorized to sell and/or to cause 1271 to sell or issue the Classes (or portions thereof) and/or debt obligations and/or take any other action to monetize the Municipal Portfolio without further Court approval subject to the consent of the Creditors' Committee in each case; and it is further

ORDERED that purchasers of LBSF's interests in 1271 shall take title to the Classes free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever; and it is further

ORDERED that LBSF is authorized to make the Capital Contribution to 1271 to pay the Minimum Service Fee or the minimum Percentage Fees that are not paid from aggregate sales proceeds; and it is further

ORDERED that LBSF is authorized to pay or indemnify, to cause 1271 to pay or to indemnify or to make a capital contribution to 1271 to enable it to pay or indemnify certain fees and expenses in connection with any statutory trust or similar vehicle that may be established to execute or otherwise facilitate the transactions described above and in the Motion, including, without limitation, the Pre-Closing Costs and the Necessary Expenses and Extraordinary Expenses of a trustee, servicer or similar entity; and it is further

ORDERED that LBSF is authorized to execute and deliver and to cause 1271 to execute and deliver all instruments and documents, and to take such other actions, as may be necessary or appropriate to effectuate the Transactions; and it is further

ORDERED that the stay provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       May __, 2011

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

# <u>BLACKLINE</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (JMP)
                                                     :
                                        Debtors.     : (Jointly Administered)
-----------------------------------------------------------------x

### ORDER AUTHORIZING LEHMAN BROTHERS SPECIAL FINANCING INC. TO (I) CAUSE 1271 LLC TO ISSUE CLASSES OF INTERESTS, (II) SELL INTERESTS IN 1271 LLC AND (III) MAKE A CAPITAL CONTRIBUTION TO 1271 LLC

Upon the motion, dated April 27, 2011 (the "Motion"), of Lehman Brothers Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 to the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the supplement to the Motion, dated May 9, 2011 (the "Supplement"), for authorization and approval to (i) take and to cause 1271 LLC ("1271") to take all actions that may be necessary or appropriate to issue classes of interests or securities in 1271 representing an interest in 1271 corresponding to a reference obligation governed by the Swap Agreement[1] (collectively, the "Classes"), including to amend the constitutive documents and capital structure of 1271 or change 1271's organizational form, (ii) sell free and clear and/or to cause 1271 to sell or issue the Classes (or portions thereof) or debt obligations or take any other action to monetize the Municipal Portfolio without further Court approval subject to the consent of the Official Committee of Unsecured Creditors (the "Creditors' Committee") and. (iii) make a capital contribution of $2.5 million to 1271 (the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Supplement, as applicable.

"Capital Contribution") to pay the Minimum Service Fee or the minimum Percentage Fees that are not paid from aggregate sales proceeds, and (iv) pay or indemnify, cause 1271 to pay or indemnify or make a capital contribution to 1271 to enable it to pay or indemnify certain fees and expenses in connection with any statutory trust or similar vehicle that may be established to execute or otherwise facilitate the transactions described in clauses (i) through (iii), including, without limitation, the Pre-Closing Costs and the Necessary Expenses and Extraordinary Expenses of a trustee, servicer or similar entity (collectively, the "Transactions"), all as more fully described in the Motion and the Supplement; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; (vii) MS, (viii) BH, and (ix) Berkshire Hathaway Inc., and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion, as supplemented, is granted; and it is further

ORDERED that LBSF is authorized to take and to cause 1271 to take all actions that may be necessary or appropriate to issue the Classes, including to amend the constitutive documents and capital structure of 1271 or change 1271's organizational form; and it is further

ORDERED that LBSF is authorized to sell and/or to cause 1271 to sell or issue the Classes (or portions thereof) and/or debt obligations and/or take any other action to monetize the Municipal Portfolio without further Court approval subject to the consent of the Creditors' Committee in each case; and it is further

ORDERED that purchasers of LBSF's interests in 1271 shall take title to the Classes free and clear of all liens, claims, encumbrances and other interests of any kind or nature whatsoever; and it is further

ORDERED that LBSF is authorized to make the Capital Contribution to 1271 to pay the Minimum Service Fee or the minimum Percentage Fees that are not paid from aggregate sales proceeds; and it is further

ORDERED that LBSF is authorized to pay or indemnify, to cause 1271 to pay or to indemnify or to make a capital contribution to 1271 to enable it to pay or indemnify certain fees and expenses in connection with any statutory trust or similar vehicle that may be established to execute or otherwise facilitate the transactions described above and in the Motion, including, without limitation, the Pre-Closing Costs and the Necessary Expenses and Extraordinary Expenses of a trustee, servicer or similar entity; and it is further

ORDERED that LBSF is authorized to execute and deliver and to cause 1271 to execute and deliver all instruments and documents, and to take such other actions, as may be necessary or appropriate to effectuate the Transactions; and it is further

ORDERED that the stay provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and sufficient notice of the Motion; and it is further

~~5~~5

      ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
    May __, 2011

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE