UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                               :
                                    Debtors.              :    (Jointly Administered)
------------------------------------------------------------------x

### DECLARATION OF MICHAEL J. FIRESTONE
### IN SUPPORT OF DEBTORS' OBJECTION TO GIANTS STADIUM LLC'S
### MOTION FOR LEAVE TO CONDUCT DISCOVERY OF THE DEBTORS
### PURSUANT TO FEDERAL RULE OF BANKRUPTCY 2004

I, MICHAEL J. FIRESTONE, declare under penalty of perjury, this 9th day of May, 2011:

1. I am an associate at Weil, Gotshal & Manges LLP, counsel for debtors Lehman Brothers Holdings Inc. ("LBHI"), and Lehman Brothers Special Financing Inc. ("LBSF," and with LBHI, the "Debtors"). I submit this declaration in support of Debtors' Objection to the motion (the "Motion") of Giants Stadium for leave to conduct discovery of the Debtors pursuant to Federal Rule of Bankruptcy 2004. The facts set forth below are based on my personal knowledge

2. On November 23, 2009 the Court entered an order (the "Rule 2004 Order"), which permits the Debtors to serve subpoenas for document production and initiate oral examinations pursuant to Bankruptcy Rule 2004. (A copy of the Rule 2004 Order is attached hereto as Exhibit A). To date, the Debtors have served subpoenas pursuant to the Rule 2004 Order upon more than fifty derivative counterparties.

3. Pursuant to the Rule 2004 Order, on or about May 19, 2010, the Debtors served a subpoena (the "Subpoena") on Giants Stadium for the production of documents.

Giants Stadium has produced certain responsive documents pursuant to the Subpoena. The Debtors also intend to examine Giants Stadium's Chief Financial Officer. The 2004 discovery is not complete. The parties are attempting to work out certain remaining examination issues with respect to the 2004 examations, including Giants Stadium's assertion of attorney-client and work product privilege over communications that included Goldman Sachs & Co. The Debtors' examination of the issues surrounding the derivative contracts with Giants Stadium is ongoing.

   4. On April 6, 2011, Giants Stadium's attorneys informed the Debtors that Giants Stadium intended to file a motion seeking discovery from Debtors under Rule 2004; in addition to providing Debtors with a copy of the Motion, Giants Stadium asked whether Debtors would consent to the motion or agree not to oppose. (A copy of the April 6, 2011 e-mail from Giants Stadium's attorneys is attached hereto as Exhibit B.)

   5. On April 8, 2011, Giants Stadium was advised by Debtors that the request for examination was unnecessary and premature at best, because the Debtors' investigation was ongoing. (A copy of the April 8, 2011 e-mail from Debtors to Giants Stadium's attorneys is attached hereto as Exhibit C.) As we stated in that e-mail:

> We are still engaged in our investigative process. At the conclusion of that process, we could agree with Giants Stadium's views of the swap as set forth in the proof of claim or we could determine that there are issues that the parties need to resolve. Those disputes will be the subject of either a claims process or an adversary proceeding in the Bankruptcy Court. In either case, Giants Stadium will have ample opportunity, if the need arises, to take discovery at that time in the context of such proceedings. We look forward to completeing [sic] our investigation and working with you on the next steps.

See id.

6. Giants Stadium did not respond to this communication or provide the Debtors with any basis to support any supposed need for Rule 2004 discovery at this time.

Dated: May 9, 2011
New York, NY

_____
MICHAEL J. FIRESTONE