Hearing Date: May 18, 2011 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
: 
In re: : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., et al., : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------ x

**JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN DEBTORS' OBJECTION TO MOTION OF GIANTS STADIUM LLC FOR LEAVE
TO CONDUCT DISCOVERY OF THE DEBTORS PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 2004**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated chapter 11 debtors and debtors in possession in the above-captioned case (collectively, the "Debtors") hereby joins in the Debtors' objection, filed on May 9, 2011 [Docket No. 16680] (the "Objection"), to the motion of Giants Stadium LLC ("Giants Stadium") for leave to conduct discovery of the Debtors pursuant to Federal Rule of Bankruptcy Procedure 2004 [Docket No. 16016] (the "2004 Motion"), and in support thereof, respectfully states as follows:

## **JOINDER**

1.  The Committee joins in the Debtors' opposition to the relief sought in the 2004 Motion for all the reasons set forth in the Objection, including, without limitation, on the grounds that the requested discovery is premature and would be costly and burdensome to the Debtors' estates.

2.  The Committee agrees with the Debtors that since Giants Stadium has filed the Proofs of Claim,[1] Giants Stadium should not be permitted to take discovery of the Debtors unless and until the Debtors object to the Proofs of Claim, after which Giants Stadium would be entitled to discovery through the claims reconciliation process.  Indeed, if a timely objection to the Proofs of Claim is not interposed, such claims will be allowed, thus obviating any need for discovery.  Moreover, the requested discovery – seeking information regarding the Debtors' valuation of other terminated derivatives transactions and information regarding the Debtors' potential hedging transactions in relation to the Transactions – is not necessary to determine the validity or amount of Giants Stadium's claims, and Giants Stadium would not suffer undue hardship or injustice by waiting for the Debtors to object to the Proofs of Claim before seeking discovery.  See In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) ("Good cause [for discovery under Rule 2004] may ordinarily be sustained by a claim that the requested documents are necessary to [the] establishment of the moving party's claim or that denial of production would cause undue hardship or injustice.").

3.  On the other hand, allowing the requested discovery to proceed would be extremely burdensome to the Debtors' estates and creditors, not only because of the immediate diversion of resources that would result from responding to the discovery sought by Giants

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2

Stadium, but also because of the precedent that granting the 2004 Motion would set for the hundreds of similarly situated parties who may seek to burden the Debtors with comparable discovery requests.

4. The Committee respectfully submits that the 2004 Motion should be denied, but encourages the parties to consensually resolve their dispute regarding the sharing of relevant information surrounding the value of the Transactions. It is much more desirable and efficient for the parties to this dispute, as well as for the similarly situated parties going forward, to cooperate on reasonable discovery requests, rather than resorting to motions under Rule 2004, which are blunt tools that create significant and often unnecessary burdens on both the movant and the Debtors' estates.

## CONCLUSION

**WHEREFORE**, for all the reasons set forth herein and in the Objection, the Committee respectfully requests that the Court (i) deny Giants Stadium's 2004 Motion, and (ii) grant the Committee such other relief as is just.

Dated:  New York, New York
        May 9, 2011

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By:  /s/ Dennis F. Dunne
     Dennis F. Dunne
     Evan R. Fleck
     Dennis C. O'Donnell
     1 Chase Manhattan Plaza
     New York, New York 10005
     Telephone: (212) 530-5000

     Counsel for Official Committee of Unsecured
     Creditors of Lehman Brothers Holdings Inc., et al.

3