**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
:
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)
:
 Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x
:
LEHMAN BROTHERS HOLDINGS INC. and :
LEHMAN BROTHERS SPECIAL FINANCING, :
INC., and OFFICIAL COMMITTEE OF : Adv. Proc. No. 10-03228-jmp
UNSECURED CREDITORS OF LEHMAN :
BROTHERS HOLDINGS INC., *et al.*, :
: **STIPULATION AND**
 Plaintiffs and : **ORDER**
 Intervenor, :
:
 -against- :
:
NOMURA INTERNATIONAL PLC, :
:
 Defendant. :
---------------------------------------------------------------x
:
LEHMAN BROTHERS HOLDINGS INC. and :
LEHMAN BROTHERS SPECIAL FINANCING, :
INC., and OFFICIAL COMMITTEE OF : Adv. Proc. No. 10-03229-jmp
UNSECURED CREDITORS OF LEHMAN :
BROTHERS HOLDINGS INC., *et al.*, :
:
 Plaintiffs and :
 Intervenor, :
:
 -against- :
:
NOMURA SECURITIES CO., LTD., :
:
 Defendant. :
---------------------------------------------------------------x

Plaintiffs Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing, Inc. ("LBSF," together with LBHI and certain of LBHI's debtor affiliates, the "Debtors"), Plaintiff and Intervenor the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., *et al.* (the "Committee"), and Defendants Nomura International plc ("NIplc"), Nomura Securities Co., Ltd. ("NSC"), and Nomura Global Financial Products, Inc. ("NGFP"), through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, the Debtors brought adversary proceedings against NIplc and NSC and a claims objection against NGFP in this Court;

WHEREAS, the Committee subsequently intervened as Plaintiff in the above-referenced actions;

WHEREAS, by Order, dated September 1, 2010, this Court consolidated these actions for pretrial purposes (the "Consolidated Actions");

WHEREAS, by Order, dated March 29, 2011, this Court approved the parties' agreed schedule for the Consolidated Actions (the "Stipulated Scheduling Order for Consolidated Actions," annexed hereto as Exhibit 1); and

WHEREAS, the parties agree that it is in their respective interests, as well as in the interest of judicial economy, to stay proceedings with respect to the Consolidated Actions;

NOW, THEREFORE, the parties, through their undersigned counsel, hereby stipulate and agree, subject to the Court's approval, as follows:

1. The Consolidated Actions are hereby stayed.

2. All deadlines in the Stipulated Scheduling Order for Consolidated Actions that have not already passed are adjourned *sine die*.

3. Any party may lift the stay of an action to which it is a party on one business day's notice to the other parties and the Court.

4.      In the event that the stay over any or all of the Consolidated Actions is subsequently lifted, each of the deadlines in the Stipulated Scheduling Order for such Consolidated Action(s) that has not already passed as of the date of this Stipulation shall be deemed extended by a period equal to the number of days that have passed from the date of this Stipulation through and including the date the notice lifting the stay is filed with the Court. Notwithstanding the foregoing, the depositions noticed in Tokyo on October 17 and 20, 2011 shall remain unchanged and unaffected by this Stipulation and Order and, if the stay has been lifted pursuant to Paragraph 3 above on or before September 1, 2011, the parties will use their best efforts to schedule additional depositions of NSC employees that may be noticed following the expiration of the stay to take place during the period of October 17 through and including November 4, 2011 in Tokyo; provided that NSC reserves its right to object to, and move for a protective order with respect to, any such deposition.  Provided further, if the stay remains in effect and has not been lifted pursuant to Paragraph 3 above on or before September 1, 2011, the depositions noticed in Tokyo on October 17 and 20, 2011 shall be adjourned, and the parties shall discuss alternative and mutually acceptable dates and locations in Japan for adjourning these previously scheduled deposition dates; provided that Debtors reserve their rights to move for a protective order to schedule the depositions in a different location.

5.      This Stipulation shall not be construed, offered or received against any party as an admission, concession, waiver, or presumption in any respect with respect to the prosecution or defense of the Consolidated Actions, including but not limited to the timeliness of such prosecution or defense, or with respect to the merits of or defenses to the claims in the Consolidated Actions.

Dated: New York, New York
       May 10, 2011

| | |
|---|---|
| SHEARMAN & STERLING LLP | JONES DAY |
| By: /s/ Brian H. Polovoy<br>    Douglas P. Bartner<br>    Brian H. Polovoy | By: /s/ Aviva Warter Sisitsky<br>    Corinne Ball<br>    Jayant W. Tambe<br>    Aviva Warter Sisitsky |
| 599 Lexington Avenue<br>New York, New York  10022<br>Telephone:  (212) 848-4000 | 222 East 41st Street<br>New York, New York  10017<br>Telephone:  (212) 326-3939 |
| *Attorneys for Defendants Nomura International plc, Nomura Securities Co., Ltd., and Nomura Global Financial Products, Inc.* | *Attorneys for the Debtors and Debtors in Possession* |

MILBANK, TWEED, HADLEY & McCLOY LLP

By:   /s/ David S. Cohen
      Dennis F. Dunne
      Evan R. Fleck

1 Chase Manhattan Plaza
New York, New York  10036
Telephone:  (212) 692-1000
Facsimile:  (212) 692-1020

David S. Cohen
Adrian C. Azer (admitted *pro hac vice*)
1850 K. Street N.W. Suite 1100
Washington, DC 20006
Telephone:  (202) 835-7500

*Attorneys for the Official Committee of Unsecured Creditors*

3

**SO ORDERED**:

Dated:  New York, New York
       May __, 2011

 

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

4