Hearing Date and Time: May 18, 2011 at 10:00 a.m. EDT
Objection Deadline: May 11, 2011 at 4:00 p.m. EDT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

**COMMERZBANK AG'S LIMITED OBJECTION TO DEBTORS'
MOTION PURSUANT TO SECTIONS 105(a) AND 502(b) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR
APPROVAL OF PROCEDURES FOR DETERMINING THE ALLOWED
AMOUNT OF CLAIMS FILED BASED ON STRUCTURED SECURITIES
ISSUED OR GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC.**

Commerzbank AG ("Commerzbank") hereby files this limited objection (the "Objection") to the *Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*, filed April 27, 2011 [Dkt. No. 16294] (the "Claims Determination Procedures Motion" or the "Motion") filed by Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors, the "Debtors").

**INTRODUCTION**

1.      Commerzbank recognizes the potential burden on Debtors, creditors and the Court which the Claims Determination Procedures Motion seeks to alleviate, and does not oppose, in concept, the approval of procedures to coordinate the process of determining allowed amounts of claims filed based on Structured Securities[1].  However, Commerzbank objects to the Claims Determination Procedures Motion because:

---

[1] Capitalized terms not defined herein are intended to have the meanings assigned to them in the Motion.

    i. its proposed procedures will produce the unfair result of different Maximum Allowable Amounts being applied to a single security held by multiple creditors; and

    ii. it fails to provide adequate procedures to govern the objection stage of the process, in the event that a creditor responds to a notice and no consensual resolution is reached.

## BACKGROUND OF COMMERZBANK'S CLAIMS

2.     Commerzbank is the record holder or representative of the record holder of numerous Lehman Program Securities[2]. As the Debtors recognize, these idiosyncratic securities generally do not have indenture trustees that could represent the interests of record holders and beneficial holders in the context of these proceedings. *See* Mot. ¶¶ 3, 16. In addition, many of these stakeholders are based overseas and are unable to consistently monitor the Debtors' actions which could affect their interests.

3.     On October 30, 2009, in accordance with the requirements of the Bar Date Order, Commerzbank filed numerous proofs of claims with respect to Lehman Program Securities in an aggregate amount of over US$600 million on the basis of LBHI's liability as issuer or guarantor of the underlying securities.

## LIMITED OBJECTION

A.    <u>The Proposed Procedures Result In Different Maximum Allowable Amounts Being Applied To The Same Structured Security</u>

4.     As set forth in the Motion, the Debtors will initiate their proposed procedures by publishing a Proposed Allowed Claim Amount for each Structured Security Claim, reflecting the claimant's *pro rata* interest in the Maximum Allowable Amount which the Debtors have calculated for the applicable Structured Security. *See id.* ¶¶ 19, 21. Shortly

---

[2] As defined in the Court's *Order Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form*, dated July 2, 2009 [Dkt. No. 4271] (the "<u>Bar Date Order</u>").

thereafter, the Debtors will send to each holder of an affected claim a Notice of Proposed Allowed Claim Amount specifying the amount proposed with respect to the holder's claim. *See id.* ¶ 24(a). A creditor that fails to deliver a response to the notice within the allotted time will be deemed to have consented to the Debtors' Proposed Allowed Claim Amount; whereas a creditor may dispute the Debtors' calculation by delivering a response. *See id.* ¶ 24(b)-(d). A responding creditor's claim amount will then be resolved either (a) "consensually"; (b) following the Debtors' commencement of ADR Procedures; or (c) pursuant to a Merits Hearing. *See id.* ¶ 24(d).

5.  Commerzbank objects to this proposed process because it will inevitably result in holders of interests in a single Structured Security having their respective claims allowed in amounts reflecting different Maximum Allowable Amounts for the same security. Such a result would be inherently unfair.

6.  For example, assume that creditors *A*, *B* and *C* each hold a one-third interest in Structured Security X. Assume further that the Debtors have sent a notice to each creditor setting forth a Proposed Allowed Claim Amount of $10 for each creditor's claim. *A*, having failed to deliver a response to the Debtors' notice, is deemed to have consented to an allowed claim amount of $10 with respect to its claim. Meanwhile, *B*, having disputed the Debtors' number, later reaches a consensual resolution with the Debtors on an allowed claim amount of $12. Finally, after failed negotiations, ADR and a hearing, *C*'s claim is allowed in the amount of $14. Implicit in each result is a different Maximum Allowable Amount for Structured Security X: *A*'s allowed claim amount implies a Maximum Allowable Amount of $30, *B*'s allowed claim amount implies a Maximum Allowable Amount of $36, and *C*'s allowed claim amount implies a Maximum Allowable Amount of $42. A similar result will also obtain where

all three holders' claims are allowed by the same method, but in different amounts, which is possible under the terms of the Claims Determination Procedures Motion.

7.  To the extent that the Debtors' proposed procedures implicate (and inevitably will result in) allowed claim amounts based on a single security being calculated based on different Maximum Allowable Amounts for that security, the result they produce is unfair to creditors and should not be sanctioned by the Court. *See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (listing, among Bankruptcy Rule 9019 factors: "'the paramount interests of the creditors,' including each affected class's relative benefits") (citation omitted); *Cousins v. Pereira (In re Cousins)*, No. 09 Civ. 1190 (RJS), 2010 WL 5298172, at *4 (S.D.N.Y. Dec. 22, 2010) ("the bankruptcy court must make independent determinations in approving a settlement.") (citation omitted).

8.  Furthermore, this structural defect of the Motion is more likely to affect holders of small claims and holders of numerous claims of varying sizes, like Commerzbank. In bankruptcy cases with large creditor pools, holders of small claims often (rationally) rely on holders of large claims to advocate for common interests. However, under the regime proposed by the Motion, small creditors will be disadvantaged because they would be foreclosed from benefiting from the advocacy efforts of larger creditors to obtain a higher Maximum Allowable Amount with respect to a commonly held Structured Security. Similarly, creditors holding numerous claims of varying sizes would be disadvantaged with respect to their smaller claims.

B.  <u>The Motion Should Specify Deadlines Relating To The Objection Stage</u>

9.  The Motion provides that, "[i]f the Debtors and a Claimant are unable to consensually resolve any timely delivered Response, this Motion shall be deemed to be an objection to such claim and the claim shall be deemed to be a 'Contested Claim' …." Mot. ¶

24(d). However, the Motion fails to specify any protocol to guide the conduct, or specify the obligations, of the affected creditor upon the inception of this objection stage.

10. For example, the Court's *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of Claim Objection Procedures*, dated January 14, 2010 [Dkt. No. 6664] ("Claim Objection Procedures Order"), specifies that "responses to the Debtors' individual and omnibus claim objections shall be due thirty (30) calendar days after mailing of the objection, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the subsequent business day …." Claim Objection Procedures Order at 4. However, the instant Motion fails to account for the absence of a date of "mailing" of any objection for the purpose of calculating a creditor's time to respond under the Claim Objection Procedures Order. Rule 3007(a) of the Federal Rules of Bankruptcy Procedure further provides that "[a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing." Fed. R. Bankr. P. 3007(a). The Motion also fails to comply with these requirements.[3]

---

[3] Similarly, the Motion fails to set any clear time period for consensual negotiation between a responding creditor and the Debtors before the Debtors may institute ADR or schedule a Merits Hearing. *See generally* Mot. ¶ 24. Any order entered pursuant to the Motion should incorporate a minimum time period for the conduct of such negotiations.

## **CONCLUSION**

11.     Commerzbank AG respectfully submits this Objection to the Debtors' Claims Determination Procedures Motion and requests that any order entered pursuant to the Motion reflect the concerns stated herein.

Dated: New York, New York
       May 11, 2011

Respectfully submitted,

*/s/ Patrick Oh*
Walter B. Stuart
Patrick D. Oh
Yehuda Y. Herbst
FRESHFIELDS BRUCKHAUS DERINGER US LLP
520 Madison Ave, 34th Floor
New York, New York 10022
Tel:  212.277.4000
Fax:  212.277.4001
walter.stuart@freshfields.com
patrick.oh@freshfields.com
yehuda.herbst@freshfields.com

*Attorneys for Commerzbank AG*