08-13555-mg    Doc 16730    Filed 05/11/11    Entered 05/11/11 16:27:05    Main Document
Pg 1 of 10

Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    **08-13555 (JMP)**
                                                         :
                    **Debtors.**                         :    **(Jointly Administered)**
-------------------------------------------------------------------x

### NOTICE OF FILING OF REVISED ORDER WITH RESPECT TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 362, AND 365 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ASSUME CERTAIN AIRCRAFT LEASE AGREEMENTS AND TO CONSUMMATE CERTAIN RELATED TRANSACTIONS

In connection with the hearing to be held on May 18, 2011 at 10:00 a.m. with respect to *Debtors' Motion Pursuant to Sections 105(a), 362, and 365 of the Bankruptcy Code for Authorization to Assume Certain Aircraft Lease Agreements and to Consummate Certain Related Transactions* [Docket No. 3218] (the "Motion"),[1] Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, hereby file a revised form of order (the "Revised Order") approving the Motion.

The Agreements that the Debtors were seeking to assume have terminated. Thus, the Debtors no longer seek authority to assume the Agreements. Rather, the proposed Revised Order authorizes the Debtors to make a payment to Executive Fliteways, Inc. ("EFI") in the amount of $237,500 without assuming the Agreements, which payment the Debtors would have made had the Motion been

---

[1] Any capitalized term used, but not defined herein shall have the meaning ascribed to such term in the Motion.

approved by this Court prior to the expiration of the Agreements and the Debtors had assumed the Agreements.

This Court previously authorized the Debtors to sell three of their aircraft, which sales resulted in a recovery to the Debtors' estates in the aggregate approximate amount of $32.7 million.[2]  As set forth in the Motion, EFI played a critical role in the Debtors' ability to obtain the maximum value for their aircraft and the sales of the aircraft would not have been possible without the services provided by EFI.  EFI provided such services based on the representations that EFI would be compensated for its services and that its contracts would be assumed.  Thus, granting the relief requested by the Motion pursuant to the Revised Order is appropriate under section 503(b)(1)(a) of the Bankruptcy Code.  The Debtors have been advised that the Creditors' Committee (the only party to have filed an objection to the Motion) does not object to the entry of the Revised Order.

Attached hereto as Exhibit "A" is a clean copy of the proposed Revised Order, and attached hereto as Exhibit "B" is a blacklined copy of the proposed Revised Order, which is marked against the version filed with the Motion.

Dated:  May 11, 2011
         New York, New York

/s/ Alfredo R. Pérez
Alfredo R. Pérez

Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone:  (713) 546-5000
Facsimile:   (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

---

[2] *See* Docket Nos. 2359, 2362, and 3219.  EFI also assisted CES Aviation II LLC, a wholly-owned non-debtor subsidiary of LBHI, with the sale of its Gulfstream Aerospace G-IVSP for the aggregate purchase price of $15,200,000.

# Exhibit "A"

US_ACTIVE:\43704209\05\58399.0008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :        **08-13555 (JMP)**
                                                   :
              Debtors.                             :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER APPROVING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 362 AND 365 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ASSUME CERTAIN AIRCRAFT LEASE AGREEMENTS AND TO CONSUMMATE CERTAIN RELATED TRANSACTIONS

Upon the motion, dated March 25, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a), 362, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to (i) assume non-exclusive aircraft lease agreements by and between (a) CES Aviation LLC, as Lessor, and Executive Fliteways, Inc. ("EFI"), as Lessee, dated September 1, 2007, (b) CES Aviation V LLC, as Lessor, and EFI, as Lessee, dated September 1, 2007, and (c) CES Aviation IX LLC, as Lessor, and EFI, as Lessee, dated September 1, 2007 (collectively, the "Agreements") and to consummate certain related transactions, including terminating the Agreements and paying the associated termination fees in accordance with the Agreements and (ii) agree to modify the automatic stay solely to the extent necessary to allow EFI to use certain funds on deposit with EFI to offset EFI's claims against the Debtors resulting from the termination of the Agreements, all as more fully described in the Motion; and the Court having jurisdiction to consider the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and a reasonable opportunity to object or be heard regarding the Motion having been afforded to all such parties; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED that the Debtors are authorized to make a payment to EFI in the amount of $237,500; and it is further

ORDERED that, upon receipt by EFI of the payment from the Debtors in the amount of $237,500, pursuant to section 502(b) of the Bankruptcy Code, the claims filed by EFI against the Debtors, claim numbers 10665, 10666, 16250, 16251, and 16252, are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code is modified solely to the extent necessary to permit EFI to use the operating

deposits advanced to EFI by CES Aviation LLC, CES Aviation V, LLC and CES Aviation IX LLC to offset its claims against the Debtors arising under the Agreements; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Order is without prejudice to any claims, including, without limitation, claims arising under sections 547 and 550 of the Bankruptcy Code, that LBI may assert against EFI and any defenses, offsets, and claims that EFI may have to such claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: May __, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit "B"

US_ACTIVE:\43704209\05\58399.0008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                          :         Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :         08-13555 (JMP)
                                                               :
                             Debtors.                          :         (Jointly Administered)
------------------------------------------------------------------x

### ORDER APPROVING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 362 AND 365 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ASSUME CERTAIN AIRCRAFT LEASE AGREEMENTS AND TO CONSUMMATE CERTAIN RELATED TRANSACTIONS

Upon the motion, dated March 25, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a), 362, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to (i) assume non-exclusive aircraft lease agreements by and between (a) CES Aviation LLC, as Lessor, and Executive Fliteways, Inc. ("EFI"), as Lessee, dated September 1, 2007, (b) CES Aviation V LLC, as Lessor, and EFI, as Lessee, dated September 1, 2007, and (c) CES Aviation IX LLC, as Lessor, and EFI, as Lessee, dated September 1, 2007 (collectively, the "Agreements") and to consummate certain related transactions, including terminating the Agreements and paying the associated termination fees in accordance with the Agreements and (ii) agree to modify the automatic stay solely to the extent necessary to allow EFI to use certain funds on deposit with EFI to offset EFI's claims against the Debtors resulting from the termination of the Agreements, all as more fully described in the Motion; and the Court having jurisdiction to consider the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837];    and a reasonable opportunity to object or be heard regarding the Motion having been afforded to all such parties; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED that ~~LBHI's assumption of the Agreements is hereby approved pursuant to section 365(a) of the Bankruptcy Code, and the Agreements are hereby assumed~~the Debtors are authorized to make a payment to EFI in the amount of $237,500; and it is further

ORDERED that ~~there are no existing defaults under any of the Agreements that must be cured~~, upon receipt by EFI of the payment from the Debtors in the amount of $237,500, pursuant to section ~~365~~502(b) of the Bankruptcy Code, the claims filed by EFI against the Debtors, claim numbers 10665, 10666, 16250, 16251, and 16252, are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code is modified solely to the extent necessary to permit EFI to use the operating deposits advanced to EFI by CES Aviation LLC, CES Aviation V, LLC and CES Aviation IX LLC to offset its claims against the Debtors ~~resulting from the termination of~~<ins>arising under</ins> the Agreements; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

<ins>ORDERED that this Order is without prejudice to any claims, including, without limitation, claims arising under sections 547 and 550 of the Bankruptcy Code, that LBI may assert against EFI and any defenses, offsets, and claims that EFI may have to such claims; and it is further</ins>

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: ~~April~~<ins>May</ins> __, ~~2009~~<ins>2011</ins>
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE