Hearing Date and Time:  May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Gerard Uzzi (GU – 2297)
J. Christopher Shore (JCS – 6031)

Attorneys for the Ad Hoc Group
of Lehman Brothers Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------x

**STATEMENT OF THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS
IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363
OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO SETTLE AND SATISFY
CORPORATE FRANCHISE TAX CLAIMS OF THE NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Group of Lehman Brothers Creditors (the "Group"),[1] by and through its undersigned counsel, hereby files this statement in support (the "Statement") of the Debtors' Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure for Authorization to Settle and Satisfy Corporate Franchise Tax Claims of the New York State Department of Taxation and Finance, dated April 25, 2011 (the "Motion") [Docket No. 16254], and respectfully represents as follows:

---

[1] The composition and holdings of the Group are set forth in detail in that certain Verified Statement of the Ad Hoc Group of Lehman Brothers Creditors, dated April 22, 2011 [Docket No. 16222].

**STATEMENT**

1.    By the Motion, the Debtors seek authorization to enter into the Closing Agreement, which provides for, among other things, the payment by LBHI of $144,128,249, on behalf of the Combined Group, to the NYSDTF in full and final satisfaction of the Combined Group's liability for corporate franchise tax for the Audit Period.[2]  (See Motion ¶ 12.)  The Debtors acknowledge that, while the Closing Agreement requires LBHI to make the payment contemplated therein, the Tax Code provides that the corporate franchise tax liability of the Combined Group is "joint and several" and that, therefore, NYSDTF may "seek to recover the Combined Group's aggregate liability from any taxpayer . . . included on the combined return." (Motion ¶ 1 (citing N.Y. TAX LAW § 1081(g); N.Y. COMP. R. & REGS. § 8-1.3).)  By the proposed order, the Debtors seek authorization for LBHI to "make an equitable allocation among, and have allowed claims against, Debtor and non-Debtor entities [including LBI] based on each entity's allocable share of the Payment Amount, taking into account, among other things, historic tax sharing principles . . . ."  (Proposed Order at 3-4; see also Motion ¶ 27.)

2.    While the Group has no objection to and in fact supports the proposed relief when viewed on an enterprise basis, the Motion presents certain issues that are already a common theme in these cases and that will come under increasing focus and scrutiny as these chapter 11 cases move through the plan process – namely, how should the costs of such settlement be allocated between and among the Debtors and non-Debtor affiliates.  The significance of inter-estate allocations is only amplified when considering the allocation of administrative and priority claims, such as may be the case here.  For instance, under the Debtors' proposed plan, general

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

2

unsecured claims against LBHI are projected to receive a 19.8% recovery. (See Debtors' Disclosure Statement at 6.) The Debtors estimate that approximately $2 billion in priority tax claims will ultimately be allowed against the Debtors. (Debtors' Disclosure Statement at 94.) For the purposes of their recovery analysis, it appears that the Debtors allocate approximately up to 75% of such claims to LBHI although a significant portion may be attributable to non-Debtor affiliates. From a recovery standpoint, $2 billion in priority claims is equivalent to approximately $10.1 billion of general unsecured claims. Accordingly, how such claims are allocated throughout the enterprise can have a significant and material impact on recoveries to impaired creditors.

3. In that context, the Group has two principal concerns: first, that these and other allocations not be made in a "black box" shielded from appropriate review and, second, that the ability to challenge any such allocations be fully preserved. As to the first issue, the Group understands that the Debtors intend to publish notice of any allocations once made. As to the second issue, the Debtors have clarified the proposed order to fully preserve all issues relating to the allocations.

4. Based upon the foregoing, the Group supports the relief requested in the Motion.

WHEREFORE, the Group respectfully requests that the Court grant the relief requested as modified as set forth herein and such other and further relief as it deems just and proper.

Dated: May 11, 2011
      New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Gerard Uzzi (GU – 2297)
J. Christopher Shore (JS – 6031)

By: /s/ Gerard Uzzi
    Gerard Uzzi

ATTORNEYS FOR THE AD HOC GROUP
OF LEHMAN BROTHERS CREDITORS