April 30, 2011

*Delivered via US First Class Mail with Return Receipt*

Page 1 of 2

Honorable James M. Peck
One Bowling Green
New York, NY 10004
Courtroom 601



RECEIVED MAY - 2 2011 U.S. BANKRUPTCY COURT, SDNY JMP

Dear Honorable James M. Peck:

I am a Creditor **opposing** the disallowance and expungement of my claim (13727) against Lehman Brothers Holdings Inc., Debtor (08-13555) in the amount of $60,900 that was filed on Sep 16, 2009 and am filing a written response with the Court and serving all requested parties concerning the Debtor's omnibus objection. I have attached a copy of the notice I received from the attorneys for the Debtors for your reference.

As requested in the notice sent to me, below are my responses:

(i) **Caption Information:**

  - Name of Bankruptcy Court: United States Bankruptcy Court, Southern District of New York
  - Names of the Debtor(s): Lehman Brothers Holdings Inc., et al., Debtors
  - Case number (Chapter 11): 08-13555 (JMP); Jointly Administered
  - Title of Objection: One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims), filed Mar 25, 2011 with the Court

(ii) **Name of Claimant / Description of basis for the amount of the claim:**

  Mr. Stephen B. Lax, ("Creditor")
  324 Autumn Hill Drive
  Morganville, NJ 07751-2043
  (212-667-2048 / 732-207-2793)

  **Priority claim** filed Sep 16, 2009 by Creditor under 11 USC 507(a)(4) for wages and salaries earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business - whichever is earlier.

(iii) **Concise Statement on reasons why claim should NOT be disallowed / expunged:**

  Creditor's claim (13727) is supported by facts for services performed, in exclusive capacity as Global Head of Rating Agency Strategy of Lehman Brothers Holdings Inc. (Debtor) in which primary, ongoing and daily responsibility was to manage Debtor's bond / credit rating relationships with S&P, Moody's, Fitch, and DBRS pertaining to its standalone issuer credit ratings and advise Debtor on financial and non-financial issues that could affect that credit rating - both positively and negatively. Advisory services included, but were not limited to: raising unsecured debt for Debtor, achieving credit rating upgrade for Debtor, raising preferred and convertible equity for Debtor, and reducing common stock dividend for Debtor...all of which had a direct impact on Debtor's standalone credit rating. As such, compensation monies by Debtor are due to Creditor in FULL for services rendered in such advisory capacity.

Page 2 of 2: Stephen B. Lax, Claim Number 13727 filed against Debtor 08-13555

(iv) **Documentation / Other evidence of the claim:**

No further documentation included / other evidence provided at this time, as it was previously submitted with proof of claim on Sep 16, 2009. Creditor reserves the right to provide further documentation / evidence of claim if requested.

(v) **Address(es) for Debtor responses to Creditor:**

No new address or contact information
Same as above (i) and as previously filed with the Court

(vi) **Additional authority:**

Nobody other than Creditor
See (i) above for primary contact information

The Bankruptcy Court **should consider this response**, as it is being filed timely and being served via US First Class Mail (with Return Receipt to Creditor) to the all of the parties identified in the attached objection notice and listed immediately below:

Bankruptcy Court: Honorable James M. Peck
Debtor's Attorney: Weil Gotshal & Manges LLP
Trustee: Office of the United States Trustee for Region 2
Unsecured Creditors Attorney: Milbank, Tweed, Hadley & McCloy LLP

In addition, Creditor reserves the right to provide additional details pertaining to this objection of claim prior to the response deadline stated in the objection notice.

Thank you for your attention in this matter, and please contact me if you have any questions regarding this information.

Sincerely,

Stephen B. Lax

CC: Debtor's Attorney: Weil Gotshal & Manges LLP
Trustee: Office of the United States Trustee for Region 2
Unsecured Creditors Attorney: Milbank, Tweed, Hadley & McCloy LLP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                              : Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           : 08-13555 (JMP)
                                                   :
                                         Debtors.  : (Jointly Administered)
                                                   :
----------------------------------------------------------------x

LBH OMNI117 03-25-2011 (MERGE2,TXNUM2) 4000060343 BAR(23) MAIL ID *** 000043626434 *** BSIUSE: 167
LAX, STEPHEN
324 AUTUMN HILL DRIVE
MORGANVILLE, NJ 07751-2043

### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

### IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, ESQ., AT 212-310-8323.

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)**

| CLAIM TO BE DISALLOWED & EXPUNGED | | |
|---|---|---|
| **Creditor Name and Address:**<br>LAX, STEPHEN<br>324 AUTUMN HILL DRIVE<br>MORGANVILLE, NJ 07751-2043 | **Claim Number:** | 13727 |
| | **Date Filed:** | 9/16/2009 |
| | **Debtor:** | 08-13555 |
| | **Classification and Amount:** | **PRIORITY: $ 10,950.00**<br>**UNSECURED: $ 49,950.00**<br>**TOTAL: $ 60,900.00** |

PLEASE TAKE NOTICE that, on March 25, 2011, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that it was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. prevailing Eastern Time on May 18, 2011 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.