April 15, 2011

The Honorable James M. Peck  
One Bowling Green  
Courtroom 601  
New York, NY 10004  

Tracy Hope Davis, Esq.  
Elisabetta Gasparini, Esq  
Andrew Schwartz, Esq  
Office of the U.S. Trustee for Region 2  
33 Whitehall Street  
21 St floor  
New York, NY 10004  

Robert J. Lemons, Esq.  
Mark Bernstein, Esq.  
Weil Gotshal & Manges  
767 Fifth Avenue  
New York, NY 10153  

Dennis F. Dunne, Esq.  
Dennis O'Donnell, Esq  
Evan Fleck, Esq.  
Milbank, Tweed, Hadley & McCloy  
1 Chase Manhattan Plaza  
New York, NY 10005  

RE: Lehman Brothers Holdings, Case No. 08-13555 (JMP); Claim number 23894  
Objection to reclassify proofs of claim as equity interests

I respectfully ask that you allow me to reply to the representations made by Lehman Brothers Holdings Inc in a letter dated March 25, 2011 as submitted to you by Weil Gotshal & Manges.

At the root of their argument is the assertion that the awards of unvested restricted stock units are equity securities – even if they are not.

If these awards were equity securities the value of the award would have increased and decreased in value commensurate to the increase or decrease in stock price, which it did not. Furthermore, we would have been entitled to and would have received dividends like other equity shareholders. Again, we did not receive dividends on unvested restricted stock units.

I reiterate that may claim should not be reduced or reclassified as equity because the claimed amount was payment awarded for past service and is thus deferred compensation. The award had not yet vested, given the five year vesting period for employees of Lehman Brothers. **This means that at the time of bankruptcy the Debtor had an outstanding promise to pay compensation to the employee for past services rendered.** Because these services were valuable to the Debtor, it imposed a vesting period to ensure that the employee continued to work for the Debtor and create value for the Debtor on an on-going basis.

The Debtor does not address this issue in its letter to you dated March 25, 2011, in which it mentions the rulings from the Enron bankruptcy. The Debtor is mistaken to assert that "unvested" is equivalent to "not entitled to get paid for past services rendered." I assert that unvested means that the Debtor's obligation is still outstanding.

RECEIVED MAY - 3 2011 U.S. BANKRUPTCY COURT, SDNY JMP

Furthermore, in Guiry v. Goldman, Sachs & Co., 2006 N.Y. App. Div. LEXIS 6630 (1st Dept. May 18, 2006), the New York Appellate Division, First Department, held that unvested, contingent rights to restricted stock and options to purchase such stock are "incentive compensation." That is deferred compensation so that the employee had the incentive to stay.

Please also let me repeat that I had submitted a list of restricted compensation obtained from Lehman Brother's Human Resources website. It is unfair and incomprehensible that the Debtors assert that no amounts were deducted from employees' compensation, for purposes to be classified as deferred compensation. One has only to refer to its Human Resources records to find policies and practices that a portion of employees' compensation be paid on a deferred basis.

Lehman Brothers decided on a year-by-year basis how much compensation to defer. Contrary to the assertions made by the Debtor in its letter dated March 25, 2011, employees such as myself were not given a choice. We simply did not know ahead of time what Lehman Brothers as an employer would decide to do.

In conclusion, I respectfully request that your Honor denies the Debtor's request to reduce and/or reclassify my claim.

Thank you very much,

Jason M. Goldberg, CFA

Barclays Capital
745 7th Avenue, 17th Floor
New York, NY 10019
212-526-8580

Home:
1 Ravine Road
Tenafly, NJ 07607
201-871-0233