DARYL M. TWITCHELL
11 SILVER RIDGE ROAD
NEW CANAAN, CT 06840
(203) 570-8124



April 28, 2011

Honorable James M. Peck
Courtroom 601
One Bowling Green
New York, NY 10004

## CREDITOR RESPONSE TO DEBTORS' OBJECTION

| | |
|---|---|
| Bankruptcy Court: | U.S. Bankruptcy Court – Southern District of New York |
| Names of Debtors: | Lehman Brothers Holdings Inc. |
| Chapter 11 Case #: | 08-13555 (JMP) |
| Name of Claimant: | Daryl M. Twitchell |
| Address of Claimant: | 11 Silver Ridge Road, New Canaan, CT 06840 |
| Telephone of Claimant: | (203) 570-8124 |
| Claim Number: | 460 |
| Date Filed: | 11/3/2008 |
| Classification & Amount: | PRIORITY: $10,950.00 |
| | UNSECURED: $9,242.31 |
| | TOTAL: $20,192.31 |
| Title of Objection to which This Response is Directed: Claim to be disallowed and expunged – Notice of Hearing on Debtors' One Hundred Seventeenth Omnibus Objection to Claims with reference to claim number 460 filed 11/3/2008 against debtor 08-13555 on behalf of creditor Daryl M. Twitchell, 11 Silver Ridge Road, New Canaan, CT 06840 in the amount of $10,950.00 PRIORITY, plus $9,242.31 UNSECURED for a TOTAL of $20,192.31 | |

To the Hon. James M. Peck:

This letter serves as my OBJECTION to the request that my Creditor claim against Lehman Brothers Holdings Inc. be disallowed and expunged, as set forth by Weil Gotshal on behalf of the Debtor, a copy of which is attached.

My claim against the Debtor, namely Lehman Brothers Holdings Inc., is filed as a Creditor to whom unpaid wages, salary or commissions are owed. On May 19, 2008 I was served a severance letter by Lehman Brothers Inc., an affiliate and controlled subsidiary of Lehman Brothers Holdings Inc., setting forth a contractual agreement to pay my current base salary and benefits coverage through the earlier of October 31, 2008 on the condition that I sign the agreement, which I did on May 29, 2008. A copy of this letter is attached. Continuation of my base salary and benefits coverage equated to a gross payment of $6,370.77 to me every two weeks, plus payment of the company's portion of my benefits. On September 30, 2008, I received a letter from Lehman Brothers Holdings Inc. notifying me that my severance would be discontinued as a result of the bankruptcy of Lehman Brothers Holdings Inc. (the "Discontinuation Letter"), leaving a total of $20,192.31 of my severance unpaid for the pay dates of October 3, October 17 and October 31. A copy of this letter is also attached.

Weil Gotshal argues, using their words, that my claim for $20,192.31 "was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases." For the reasons itemized below, I OBJECT to Weil Gotshal's argument and assert that my claim is filed with the appropriate entity, namely Lehman Brothers Holdings Inc., which is the controlling parent and affiliate of Lehman Brothers Inc., and ultimately responsible for the liabilities of Lehman Brothers Inc.:

(1) The Discontinuation Letter was written on Lehman Brothers Holdings Inc. letterhead and signed with the Lehman Brothers Holdings Inc. name, notifying me that my contractually-agreed severance payments were to be discontinued due to the bankruptcy of Lehman Brothers Holdings Inc. and the associated placement of Lehman Brothers Inc. into a liquidation proceeding. Through the act of writing and delivering this letter under the Lehman Brothers Holdings Inc. name:

  (i) Lehman Brothers Holdings Inc. represented itself as authorized to speak with regards to my severance on behalf of Lehman Brothers Inc., which was an affiliate and controlled subsidiary of Lehman Brothers Holdings Inc.; and
  (ii) Lehman Brothers Holdings Inc. represented itself as the entity responsible for, and with the authority to, discontinue my severance; by claiming authority over whether or not my severance was to be paid, Lehman Brothers Holdings Inc. assumed responsibility and associated liability for payment of my severance.

(2) The same Discontinuation Letter from Lehman Brothers Holdings Inc. also informed me that, in their words, "If you are owed additional severance payments that cannot be paid at this time as a result of the various Lehman bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process." By virtue of including this statement:

  (i) Lehman Brothers Holdings Inc. unambiguously recognized and acknowledged that by virtue of my being owed additional severance payments, I _will_ have claims for these amounts; the statement deliberately did not use ambiguous phrases such as "may have claims" or "might have claims;" and
  (iii) Lehman Brothers Holdings Inc. represented itself as authorized to inform me as to how I was to claim uncollected severance, confirming that Lehman Brothers Holdings Inc. is assuming responsibility for communicating with Creditors owed wages, salary or commissions earned by Lehman Brothers Inc.

(3) The same Discontinuation Letter was the only notice I received as to the discontinuation of my severance. I never received a notice as to the discontinuance of my severance from Lehman Brothers Inc. or any other Lehman Brothers Inc. affiliate or Lehman Brothers Holdings Inc. affiliate, either in written, electronic or verbal form, or otherwise communicated in any other fashion. As a result, by virtue of being the only entity that communicated with me regarding the discontinuation of my severance, Lehman Brothers Holdings Inc. therefore
  (i) represents Lehman Brothers Inc.; and
  (ii) speaks on behalf of Lehman Brothers Inc.; and

      (iii)    assumes responsibility for managing my Creditor relationship with Lehman Brothers Inc.

(4) Lehman Brothers Holdings Inc. is responsible for and assumes the liabilities of Lehman Brothers Inc., because:

      (i)    Lehman Brothers Holdings Inc. is the controlling parent entity of Lehman Brothers Inc.;

      (ii)    the bankruptcy of Lehman Brothers Holdings Inc. caused Lehman Brothers Inc. to be placed into a liquidation proceeding under the Securities Investor Protection Act (SIPA), confirming that the assets and liabilities of Lehman Brothers Inc. flow to Lehman Brothers Holdings Inc. By virtue of the courts ordering the liquidation of Lehman Brothers Inc. in the bankruptcy proceedings of Lehman Brothers Holdings Inc., the liability of my severance that was contractually agreed to be paid by Lehman Brothers Inc. to me now flows to Lehman Brothers Holdings Inc.

For each of the aforementioned reasons, I OBJECT to Weil Gotshal's request that my claim be disallowed and expunged and I hold Lehman Brothers Holdings Inc. liable for the unpaid portion of my severance in the amount of $20,192.31 of which $10,950.00 is PRIORITY as wages, salaries or commissions earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, as per 11 U.S.C 507(a)(4).

Respectfully Submitted,

*[signature]*

Daryl M. Twitchell

Attachments

Cc:    Weil Gotshal & Manges LLP
       767 Fifth Avenue
       New York, NY 10153
       Attn: Shai Waisman, Esq.
       Mark Bernstein, Esq.
       Attorneys for the Debtors

       The Office of the United States Trustee for Region 2
       33 Whitehall Street, 21st Floor
       New York, NY 10004
       Attn: Tracy Hope Davis, Esq.
       Elisabetta Gasparini, Esq.
       Andrea Schwartz, Esq.

       Milbank, Tweed, Hadley & McCloy LLP
       1 Chase Manhattan Plaza
       New York, NY 10005
       Attn: Dennis F. Dunne, Esq.
       Dennis O'Donnell, Esq.
       Evan Fleck, Esq.
       Attorneys for the Official Committee of Unsecured Creditors Appointed in These Cases

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                            :  Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :  08-13555 (JMP)
:
                             Debtors.    :  (Jointly Administered)
:
----------------------------------------------------------------x

LBH OMNI117 03-25-2011 (MERGE2,TXNUM2) 4000000401 BAR(23) MAIL ID *** 000043626384 *** BSIUSE: 117

TWITCHELL, DARYL M.
11 SILVER RIDGE ROAD
NEW CANAAN, CT 06840

### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

### IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, ESQ., AT 212-310-8323.

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)**

| **CLAIM TO BE DISALLOWED & EXPUNGED** | | |
|---|---|---|
| **Creditor Name and Address:**<br>TWITCHELL, DARYL M.<br>11 SILVER RIDGE ROAD<br>NEW CANAAN, CT 06840 | **Claim Number:** | 460 |
| | **Date Filed:** | 11/3/2008 |
| | **Debtor:** | 08-13555 |
| | **Classification and Amount:** | **PRIORITY: $ 10,950.00**<br>**UNSECURED: $ 9,242.31**<br>**TOTAL: $ 20,192.31** |

    PLEASE TAKE NOTICE that, on March 25, 2011, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

    The Objection requests that the Bankruptcy Court disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that it was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

    If you do NOT oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

    If you DO oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. prevailing Eastern Time on May 18, 2011 (the "Response Deadline").

    Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on June 2, 2011 to consider the Objection. The hearing will be held at 10:00 a.m. prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

**If you have any questions about this notice or the Objection, please contact Debtors' counsel, Erika del Nido, Esq., at 212-310-8323.** CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: March 25, 2011
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# LEHMAN BROTHERS

KELLY WILLIAM PATTERSON
ASSISTANT VICE PRESIDENT

May 19, 2008

Daryl Twitchell
By Hand

Dear Daryl:

This is an agreement and release concerning your separation from employment by Lehman Brothers. If you sign and comply with this agreement, you will receive the payments and benefits discussed below.

**Effective Dates, Payments and Benefits**

1. May 30, 2008 will be the last day that you are expected to report to work.

2. Provided you sign and comply with this agreement, you are eligible to continue to receive your current base salary and benefits coverage through the earlier of October 31, 2008 or the date on which you become actively employed with another firm (the "separation date"), as follows.

    a. You will continue to remain an active employee through May 30, 2008 (the "working notice period"), provided you adhere to all policies, procedures and other requirements applicable to your employment, including meeting performance, attendance and compliance standards as evaluated by Firm management. For your employment during this working notice period, you will continue to receive your current base salary and benefits coverage.

    b. Immediately after you complete the working notice period, you will no longer be required to report to work but will be eligible to receive your current base salary and benefits continuation through July 18, 2008 (the "notice period").

    c. Immediately after the notice period and in lieu of a lump sum separation payment consisting of 13 weeks of severance pay and two weeks of unused vacation pay, you will continue to receive your current base salary and certain benefits continuation, including medical benefits, through October 31, 2008.

    Salary continuation will be paid on a biweekly basis at your current biweekly base salary rate, in accordance with the Firm's regular payroll practices. While you are on salary continuation, you will be eligible to continue your benefits coverage under the terms of our plans. All payments will be subject to withholding, payroll taxes and other applicable deductions.

3. Lehman Brothers has retained Right Management Consultants to provide you with outplacement counseling services. These services are designed to assist you with counseling on resume writing, interviewing skills, networking techniques, and a job search campaign. We encourage you to take advantage of these services in order to ensure a smooth career transition. To sign up, please call John Henrikson at (800) 490-8494.

4. You and your covered dependents, pursuant to the COBRA law, may be eligible to continue health insurance coverage for up to 18 months from your separation date, at your own expense. You may also convert your basic and supplemental life insurances to individual policies at your own expense.

Daryl Twitchell
Page 2

Your right to continue or convert coverage (including COBRA coverage) after your separation date will be governed by the terms of our plans.

5. Your rights to benefits under any employee benefits plans will be determined in accordance with the terms of such plans. Our employee benefits plans may be modified or terminated at any time.

6. Should you become employed by another firm as an employee, consultant or independent contractor at any time while you are on salary continuation, you are obligated to inform the Firm so that you can be terminated from the Firm's payroll at that time. This date will be your separation date for purposes of this agreement. As of this separation date, your salary and benefits coverage continuation will end. Provided you have signed and complied with this agreement, you will receive a lump sum payment representing the remainder of the payments described in paragraph 2, payable within 4 weeks of your separation date.

7. Should you be rehired by Lehman or any of its subsidiaries or affiliates as an employee, consultant or independent contractor at any time through your separation date you will no longer be eligible to receive the remainder of the payments described in paragraph 2.

8. As you are aware, for certain of your outstanding and unvested restricted stock unit awards ('RSUs') granted to you in connection with the Lehman Brothers Equity Award Program, you are expressly required to execute a release agreement as a condition of 'involuntary termination without cause' treatment under those awards. If you sign and comply with this separation agreement, you will satisfy the release requirement applicable to such awards.

**Complete Release**

You agree to forever release Lehman Brothers Inc., any of its affiliated companies, past and present parents, subsidiaries, divisions and present and former employees, officers, directors, successors and assigns from all claims you may now have based on your employment with any Lehman affiliate or the separation of that employment, to the maximum extent permitted by law. This includes a release, to the maximum extent permitted by law, of any rights or claims you may have under: the Age Discrimination Employment Act, which generally prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, which generally prohibits discrimination in employment based on race, color, national origin, religion or sex; the Equal Pay Act, which generally prohibits paying men and women unequal pay for equal work; the Americans with Disabilities Act, which generally prohibits discrimination on the basis of disability; the Employee Retirement Income Security Act of 1974, which governs the provision of pension and welfare benefits; and all other federal, state or local laws prohibiting employment discrimination. This also includes a release by you of any claims for wrongful discharge, any compensation claims, or any other claims under any statute, rule, regulation, or under the common law. This release covers both claims that you know about and those you may not know about.

**Non-disclosure Provisions**

You agree not to disclose to anyone except your immediate family, accountant, and lawyer any information relating to the subject matter or existence of this agreement, including the dollar amount set forth, except to the extent required by legal process. Any disclosure to your immediate family, accountant or lawyer shall be made only upon their agreement not to disclose these terms to another person. Notwithstanding the foregoing, the parties may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of the transaction and all materials of any kind (including opinions or other tax analyses) that are provided to either party relating to such tax treatment.

DARYL M. TWITCHELL
11 SILVER RIDGE ROAD
NEW CANAAN, CT 06840
(203) 570-8124



April 28, 2011

Honorable James M. Peck
Courtroom 601
One Bowling Green
New York, NY 10004

**CREDITOR RESPONSE TO DEBTORS' OBJECTION**

| | |
|---|---|
| Bankruptcy Court: | U.S. Bankruptcy Court – Southern District of New York |
| Names of Debtors: | Lehman Brothers Holdings Inc. |
| Chapter 11 Case #: | 08-13555 (JMP) |
| Name of Claimant: | Daryl M. Twitchell |
| Address of Claimant: | 11 Silver Ridge Road, New Canaan, CT 06840 |
| Telephone of Claimant: | (203) 570-8124 |
| Claim Number: | 460 |
| Date Filed: | 11/3/2008 |
| Classification & Amount: | PRIORITY: $10,950.00 |
| | UNSECURED: $9,242.31 |
| | TOTAL: $20,192.31 |

Title of Objection to which This Response is Directed: Claim to be disallowed and expunged – Notice of Hearing on Debtors' One Hundred Seventeenth Omnibus Objection to Claims with reference to claim number 460 filed 11/3/2008 against debtor 08-13555 on behalf of creditor Daryl M. Twitchell, 11 Silver Ridge Road, New Canaan, CT 06840 in the amount of $10,950.00 PRIORITY, plus $9,242.31 UNSECURED for a TOTAL of $20,192.31

To the Hon. James M. Peck:

This letter serves as my OBJECTION to the request that my Creditor claim against Lehman Brothers Holdings Inc. be disallowed and expunged, as set forth by Weil Gotshal on behalf of the Debtor, a copy of which is attached.

My claim against the Debtor, namely Lehman Brothers Holdings Inc., is filed as a Creditor to whom unpaid wages, salary or commissions are owed. On May 19, 2008 I was served a severance letter by Lehman Brothers Inc., an affiliate and controlled subsidiary of Lehman Brothers Holdings Inc., setting forth a contractual agreement to pay my current base salary and benefits coverage through the earlier of October 31, 2008 on the condition that I sign the agreement, which I did on May 29, 2008. A copy of this letter is attached. Continuation of my base salary and benefits coverage equated to a gross payment of $6,370.77 to me every two weeks, plus payment of the company's portion of my benefits. On September 30, 2008, I received a letter from Lehman Brothers Holdings Inc. notifying me that my severance would be discontinued as a result of the bankruptcy of Lehman Brothers Holdings Inc. (the "Discontinuation Letter"), leaving a total of $20,192.31 of my severance unpaid for the pay dates of October 3, October 17 and October 31. A copy of this letter is also attached.

Weil Gotshal argues, using their words, that my claim for $20,192.31 "was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases." For the reasons itemized below, I OBJECT to Weil Gotshal's argument and assert that my claim is filed with the appropriate entity, namely Lehman Brothers Holdings Inc., which is the controlling parent and affiliate of Lehman Brothers Inc., and ultimately responsible for the liabilities of Lehman Brothers Inc.:

(1) The Discontinuation Letter was written on Lehman Brothers Holdings Inc. letterhead and signed with the Lehman Brothers Holdings Inc. name, notifying me that my contractually-agreed severance payments were to be discontinued due to the bankruptcy of Lehman Brothers Holdings Inc. and the associated placement of Lehman Brothers Inc. into a liquidation proceeding. Through the act of writing and delivering this letter under the Lehman Brothers Holdings Inc. name:

  (i) Lehman Brothers Holdings Inc. represented itself as authorized to speak with regards to my severance on behalf of Lehman Brothers Inc., which was an affiliate and controlled subsidiary of Lehman Brothers Holdings Inc.; and
  (ii) Lehman Brothers Holdings Inc. represented itself as the entity responsible for, and with the authority to, discontinue my severance; by claiming authority over whether or not my severance was to be paid, Lehman Brothers Holdings Inc. assumed responsibility and associated liability for payment of my severance.

(2) The same Discontinuation Letter from Lehman Brothers Holdings Inc. also informed me that, in their words, "If you are owed additional severance payments that cannot be paid at this time as a result of the various Lehman bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process." By virtue of including this statement:

  (i) Lehman Brothers Holdings Inc. unambiguously recognized and acknowledged that by virtue of my being owed additional severance payments, I <u>will</u> have claims for these amounts; the statement deliberately did not use ambiguous phrases such as "may have claims" or "might have claims;" and
  (iii) Lehman Brothers Holdings Inc. represented itself as authorized to inform me as to how I was to claim uncollected severance, confirming that Lehman Brothers Holdings Inc. is assuming responsibility for communicating with Creditors owed wages, salary or commissions earned by Lehman Brothers Inc.

(3) The same Discontinuation Letter was the only notice I received as to the discontinuation of my severance. I never received a notice as to the discontinuance of my severance from Lehman Brothers Inc. or any other Lehman Brothers Inc. affiliate or Lehman Brothers Holdings Inc. affiliate, either in written, electronic or verbal form, or otherwise communicated in any other fashion. As a result, by virtue of being the only entity that communicated with me regarding the discontinuation of my severance, Lehman Brothers Holdings Inc. therefore
  (i) represents Lehman Brothers Inc.; and
  (ii) speaks on behalf of Lehman Brothers Inc.; and

    (iii)  assumes responsibility for managing my Creditor relationship with Lehman Brothers Inc.

(4) Lehman Brothers Holdings Inc. is responsible for and assumes the liabilities of Lehman Brothers Inc., because:

    (i)  Lehman Brothers Holdings Inc. is the controlling parent entity of Lehman Brothers Inc.;

    (ii)  the bankruptcy of Lehman Brothers Holdings Inc. caused Lehman Brothers Inc. to be placed into a liquidation proceeding under the Securities Investor Protection Act (SIPA), confirming that the assets and liabilities of Lehman Brothers Inc. flow to Lehman Brothers Holdings Inc. By virtue of the courts ordering the liquidation of Lehman Brothers Inc. in the bankruptcy proceedings of Lehman Brothers Holdings Inc., the liability of my severance that was contractually agreed to be paid by Lehman Brothers Inc. to me now flows to Lehman Brothers Holdings Inc.

For each of the aforementioned reasons, I OBJECT to Weil Gotshal's request that my claim be disallowed and expunged and I hold Lehman Brothers Holdings Inc. liable for the unpaid portion of my severance in the amount of $20,192.31 of which $10,950.00 is PRIORITY as wages, salaries or commissions earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, as per 11 U.S.C 507(a)(4).

Respectfully Submitted,

*[signature]*

Daryl M. Twitchell

Attachments

Cc: Weil Gotshal & Manges LLP
   767 Fifth Avenue
   New York, NY 10153
   Attn: Shai Waisman, Esq.
   Mark Bernstein, Esq.
   Attorneys for the Debtors

   The Office of the United States Trustee for Region 2
   33 Whitehall Street, 21st Floor
   New York, NY 10004
   Attn: Tracy Hope Davis, Esq.
   Elisabetta Gasparini, Esq.
   Andrea Schwartz, Esq.

   Milbank, Tweed, Hadley & McCloy LLP
   1 Chase Manhattan Plaza
   New York, NY 10005
   Attn: Dennis F. Dunne, Esq.
   Dennis O'Donnell, Esq.
   Evan Fleck, Esq.
   Attorneys for the Official Committee of Unsecured Creditors Appointed in These Cases

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                       :
In re                                                  :   Chapter 11 Case No.
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :   08-13555 (JMP)
                                                       :
                              Debtors.                 :   (Jointly Administered)
                                                       :
-------------------------------------------------------x

LBH OMNI117 03-25-2011 (MERGE2,TXNUM2) 4000000401 BAR(23) MAIL ID *** 000043626384 *** BSIUSE: 117

TWITCHELL, DARYL M.
11 SILVER RIDGE ROAD
NEW CANAAN, CT 06840

### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

### IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, ESQ., AT 212-310-8323.

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTEENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)**

| CLAIM TO BE DISALLOWED & EXPUNGED | | |
|---|---|---|
| **Creditor Name and Address:**<br>TWITCHELL, DARYL M.<br>11 SILVER RIDGE ROAD<br>NEW CANAAN, CT 06840 | **Claim Number:** | 460 |
| | **Date Filed:** | 11/3/2008 |
| | **Debtor:** | 08-13555 |
| | **Classification and Amount:** | **PRIORITY: $ 10,950.00**<br>**UNSECURED: $ 9,242.31**<br>**TOTAL: $ 20,192.31** |

PLEASE TAKE NOTICE that, on March 25, 2011, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that it was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. prevailing Eastern Time on May 18, 2011 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on June 2, 2011 to consider the Objection. The hearing will be held at 10:00 a.m. prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

**If you have any questions about this notice or the Objection, please contact Debtors' counsel, Erika del Nido, Esq., at 212-310-8323.** CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: March 25, 2011
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# LEHMAN BROTHERS

KELLY WILLIAM PATTERSON
ASSISTANT VICE PRESIDENT

May 19, 2008

Daryl Twitchell
By Hand

Dear Daryl:

This is an agreement and release concerning your separation from employment by Lehman Brothers. If you sign and comply with this agreement, you will receive the payments and benefits discussed below.

**Effective Dates, Payments and Benefits**

1. May 30, 2008 will be the last day that you are expected to report to work.

2. Provided you sign and comply with this agreement, you are eligible to continue to receive your current base salary and benefits coverage through the earlier of October 31, 2008 or the date on which you become actively employed with another firm (the "separation date"), as follows.

   a. You will continue to remain an active employee through May 30, 2008 (the "working notice period"), provided you adhere to all policies, procedures and other requirements applicable to your employment, including meeting performance, attendance and compliance standards as evaluated by Firm management. For your employment during this working notice period, you will continue to receive your current base salary and benefits coverage.

   b. Immediately after you complete the working notice period, you will no longer be required to report to work but will be eligible to receive your current base salary and benefits continuation through July 18, 2008 (the "notice period").

   c. Immediately after the notice period and in lieu of a lump sum separation payment consisting of 13 weeks of severance pay and two weeks of unused vacation pay, you will continue to receive your current base salary and certain benefits continuation, including medical benefits, through October 31, 2008.

   Salary continuation will be paid on a biweekly basis at your current biweekly base salary rate, in accordance with the Firm's regular payroll practices. While you are on salary continuation, you will be eligible to continue your benefits coverage under the terms of our plans. All payments will be subject to withholding, payroll taxes and other applicable deductions.

3. Lehman Brothers has retained Right Management Consultants to provide you with outplacement counseling services. These services are designed to assist you with counseling on resume writing, interviewing skills, networking techniques, and a job search campaign. We encourage you to take advantage of these services in order to ensure a smooth career transition. To sign up, please call John Henrikson at (800) 490-8494.

4. You and your covered dependents, pursuant to the COBRA law, may be eligible to continue health insurance coverage for up to 18 months from your separation date, at your own expense. You may also convert your basic and supplemental life insurances to individual policies at your own expense.

Daryl Twitchell
Page 2

Your right to continue or convert coverage (including COBRA coverage) after your separation date will be governed by the terms of our plans.

5. Your rights to benefits under any employee benefits plans will be determined in accordance with the terms of such plans. Our employee benefits plans may be modified or terminated at any time.

6. Should you become employed by another firm as an employee, consultant or independent contractor at any time while you are on salary continuation, you are obligated to inform the Firm so that you can be terminated from the Firm's payroll at that time. This date will be your separation date for purposes of this agreement. As of this separation date, your salary and benefits coverage continuation will end. Provided you have signed and complied with this agreement, you will receive a lump sum payment representing the remainder of the payments described in paragraph 2, payable within 4 weeks of your separation date.

7. Should you be rehired by Lehman or any of its subsidiaries or affiliates as an employee, consultant or independent contractor at any time through your separation date you will no longer be eligible to receive the remainder of the payments described in paragraph 2.

8. As you are aware, for certain of your outstanding and unvested restricted stock unit awards ('RSUs') granted to you in connection with the Lehman Brothers Equity Award Program, you are expressly required to execute a release agreement as a condition of 'involuntary termination without cause' treatment under those awards. If you sign and comply with this separation agreement, you will satisfy the release requirement applicable to such awards.

**Complete Release**

You agree to forever release Lehman Brothers Inc., any of its affiliated companies, past and present parents, subsidiaries, divisions and present and former employees, officers, directors, successors and assigns from all claims you may now have based on your employment with any Lehman affiliate or the separation of that employment, to the maximum extent permitted by law. This includes a release, to the maximum extent permitted by law, of any rights or claims you may have under: the Age Discrimination Employment Act, which generally prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, which generally prohibits discrimination in employment based on race, color, national origin, religion or sex; the Equal Pay Act, which generally prohibits paying men and women unequal pay for equal work; the Americans with Disabilities Act, which generally prohibits discrimination on the basis of disability; the Employee Retirement Income Security Act of 1974, which governs the provision of pension and welfare benefits; and all other federal, state or local laws prohibiting employment discrimination. This also includes a release by you of any claims for wrongful discharge, any compensation claims, or any other claims under any statute, rule, regulation, or under the common law. This release covers both claims that you know about and those you may not know about.

**Non-disclosure Provisions**

You agree not to disclose to anyone except your immediate family, accountant, and lawyer any information relating to the subject matter or existence of this agreement, including the dollar amount set forth, except to the extent required by legal process. Any disclosure to your immediate family, accountant or lawyer shall be made only upon their agreement not to disclose these terms to another person. Notwithstanding the foregoing, the parties may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of the transaction and all materials of any kind (including opinions or other tax analyses) that are provided to either party relating to such tax treatment.

Daryl Twitchell
Page 3

**Firm Property**

You agree that all proprietary or confidential information concerning Lehman, its business or customers which you learned while an employee is and shall remain the exclusive property of Lehman. You agree not to disclose any such information to others outside of Lehman or use such information for your own benefit, without Lehman's written consent. You further agree to return to Lehman any and all Lehman property that you may possess within one week after your last day of active employment.

**Registration**

If you are currently registered with Lehman, your registration will cease as of your last day of active employment. Once you join another firm, you should immediately contact the new firm's Registration Department to transfer your registrations, as the transfer does not occur automatically. Your new firm should have you complete a new U-4 form.

**Disparaging Remarks**

You agree to avoid making any disparaging remarks now, and at any time in the future, which could be detrimental in any way to Lehman or to individual directors or employees of Lehman, provided that this shall not restrict your ability to respond to any inquiry from applicable regulatory authorities or to provide information pursuant to legal process.

**Future Cooperation**

You agree to reasonably cooperate with Lehman, its financial and legal advisors and/or government officials in connection with any business matters in which you were involved or any claims, investigations, administrative proceedings or lawsuits which relate to your Lehman employment. Related travel and accommodation expenses will be reimbursed in accordance with Lehman's standard policies.

**Arbitration**

Any controversy arising out of or relating to this agreement shall be submitted to arbitration pursuant to the constitution and rules of the Financial Industry Regulatory Authority (FINRA).

**Consultation with Attorney**

You have been advised to consult with an attorney concerning this agreement and acknowledge that you have had ample opportunity to do so before signing.

**Separation Booklet**

You acknowledge that you have received and reviewed a copy of the Firm's booklet, "Guide to Leaving Lehman Brothers."

**Employment Inquiries**

It is the Firm's policy to provide only limited information to non-Lehman individuals or organizations. Verify Job System, the vendor retained to provide this information, will disclose dates of employment and your last job title. Requestors can access the verification system online at

Daryl Twitchell
Page 4

www.vjsus.com or by calling 800-800-4857. Requestors will need your Social Security number in order to verify your employment information for a nominal fee. This shall not restrict Lehman's ability to provide complete information with respect to your employment when expected to do so under applicable regulatory requirements.

**Entire Agreement**

This agreement constitutes the entire agreement between the parties and cannot be altered except in writing signed by both parties. The terms of this agreement supersede any other oral or written arrangement between you and the Firm with respect to your employment or the separation of your employment by the Firm including but not limited to any entitlements you may have under the Firm's severance policy. Both parties acknowledge that no representations were made to induce execution of this agreement, which are not expressly contained in this agreement.

**Successorship; Controlling Law**

This agreement will be binding on Lehman and its successors and assigns and will also be binding on you, your heirs, administrators, executors and assigns. This agreement will be construed under the substantive law of the State of New York, without regard to conflict of law principles.

**Period for Review and Consideration of Agreement**

You have been given a period of fourteen (14) days from the date of this letter to review and consider this agreement before signing it. Please return this document to my attention in one of the following ways:

| | |
|---|---|
| By Mail: | 605 Third Avenue<br>New York, NY 10158 |
| or by Fax: | (646) 758-1420 |
| or by E-Mail: | kpatters@lehman.com |

You may use as much of this fourteen (14) day period as you wish prior to signing. If you have not signed and returned this agreement by that date, you will not be eligible to receive the payments and benefits described in this agreement.

**You acknowledge that you have read this agreement, understand it and are voluntarily entering into it.**

LEHMAN BROTHERS INC.

*/s/ Kelly W. Patterson*
Kelly W. Patterson

_____
Daryl Twitchell

MAY 29, 2008
Date

# LEHMAN BROTHERS HOLDINGS INC.

September 30, 2008

Dear Mr. Twitchell:

We are disappointed to inform you that as a result of the bankruptcy of Lehman Brothers Holdings Inc. and the placement of Lehman Brothers Inc. into a liquidation proceeding under the Securities Investor Protection Act (SIPA), Lehman Brothers is unfortunately no longer able to provide the salary continuation or other payments described in your separation agreement. As a result, you will not receive a payment on October 3, 2008 or thereafter.

You may continue to be covered under any current medical, dental and/or vision benefits through the end of your original salary continuation date as set out in your separation agreement. Because you will no longer receive salary continuation payments from which your employee contributions for these benefits can be deducted, you will be billed monthly for these costs. An invoice will be mailed to your home with instructions on how and when to return your payment. Your current coverage is in effect and will remain in place subject to timely payment of your contributions.

The cost to you for medical, dental and/or vision coverage will remain the same through December 2008 but may increase in the future. As of your termination date, you may be eligible to continue these benefits for up to 18 months under COBRA.

For other voluntary benefits you may be covered under, you will receive a mailing directly from the insurance carrier to continue your coverage on a direct bill basis (for example, MetLife Auto & Home, Mass Mutual Group Variable Universal Life Insurance, Hyatt Legal).

As a matter of federal law, the assets of the Lehman Brothers Savings Plan (401(k) plan) and Lehman Brothers Holdings Inc. Retirement Plan (pension plan) are protected from the claims of Lehman Brothers' creditors. Information about these entitlements is available through Fidelity NetBenefits at www.netbenefits.fidelity.com or by calling 1-866-534-6266.

If you are owed additional severance payments that cannot be paid at this time as a result of the various Lehman bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process. At some point in the future, you will be receiving notification of the procedures for the filing of claims and the date by which the claims must be filed. A deadline for filing claims has not yet been set.

Also, if you have not yet done so, you may wish to apply for unemployment insurance benefits in your state. Information about applying for unemployment benefits is enclosed.

We recognize that this is difficult news and that you may have questions about this situation. Please call the Lehman Brothers HR Service Center at 212.526.2363. They can answer your questions or direct your call to someone who can.

Very truly yours,


LEHMAN BROTHERS HOLDINGS INC.