May 3, 2011

Honorable James M. Peck
One Bowling Green
New York, NY 10004
Courtroom 601

Re:   Claim # 6322
      Case No. 08-13555 (JMP)
      United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
      Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors")
      One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)(the "Objection")

Honorable James M. Peck;

I object and oppose to the disallowance and expungement of my Claim # 6322 for the amount of $26,442.31 (copy and support attached). As part of my separation from Lehman Brothers I was due and owed severance until December 5, 2008 however as you can see from the letter from Lehman Brothers Holdings, Inc on September 30, 2008   (# 2 attached) payments stopped September 19, 2008, I expected to be paid as agree and I'm not sure why they don't want to pay me.

Any questions or proposals please send to me at the address below.

Sincerely,

Peter Kollydas
28 Coleridge Drive
Marlboro, NJ 07746
732-761-1127


cc:   Weil Gotshal & Manges LLP
      Office of the Trustee for Region 2
      Milbank, Tweed, Hadley & McCloy LLP


RECEIVED MAY - 9 2011 U.S. BANKRUPTCY COURT, SDNY JMP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                      :    Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                   :    08-13555 (JMP)
                                                           :
                             Debtors.                      :    (Jointly Administered)
                                                           :
-----------------------------------------------------------x

LBH OMNI17 03-25-2011 (MERGE2,TXNUM2) 4000053136 BAR(23) MAIL ID *** 000043626433 *** BSIUSE: 166

KOLLYDAS, PETER G.
28 COLERIDGE DRIVE
MARLBORO, NJ 07746


### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

### IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, ESQ., AT 212-310-8323.

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)

| CLAIM TO BE DISALLOWED & EXPUNGED | | |
|---|---|---|
| **Creditor Name and Address:**<br>KOLLYDAS, PETER G.<br>28 COLERIDGE DRIVE<br>MARLBORO, NJ 07746 | **Claim Number:** | 6322 |
| | **Date Filed:** | 7/27/2009 |
| | **Debtor:** | 08-13555 |
| | **Classification and Amount:** | UNSECURED: $ 26,442.31 |

PLEASE TAKE NOTICE that, on March 25, 2011, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that it was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. prevailing Eastern Time on May 18, 2011 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

United States Bankruptcy Court/Southern District of New York

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 555184880 |
|---|---|---|
| Name of Debtor Against Which Claim is Held LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor 08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555184880*****
KOLLYDAS, PETER G.
28 COLERIDGE DRIVE
MARLBORO, NJ 07746

6322

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

$15,865.42 UNSECURED
UNLIQUIDATED
CONTINGENT

DESCRIPTION:
OUTSTANDING SEVERANCE

Telephone number: _____ Email Address: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**I THINK THE AMOUNT SHOULD BE $26,442.31 (PLEASE SEE ATTACHED SUPPORT)**

Telephone number: _____ Email Address: _____

1. Amount of Claim as of Date Case Filed: $ **26,442.31**

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: _____
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

   Amount entitled to priority:
   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

Date: 7/19/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. _[signature]_

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| Case No. | Debtor | Case No. | Debtor |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

FROM: PETER KOLLYDAS
CASE #: 08-13555 (JMP)
DATE: 7/19/09

My claim is for $26,442.31 for severance owed me. I have attached 3 documents along with this letter and my claim form

#1) The Agreement and Release from Lehman Brothers dated 1/23/08 regarding salary until 12/5/08
#2) The letter from Lehman Brothers dated 9/30/08 halting the salary payments contained in the Agreement and Release letter dated 12/5/08
#3) A pay stub showing my salary

The claim of $26,442.31 was calculated by determining the amount of weeks still owed me, which is 11 weeks, (my last payment was 9/19/08, I was supposed to receive payments until 12/5/08, (11 weeks)) and multiplied it by my weekly salary which comes out to $2,403.85 ($125,000 yearly salary divided by 52 weeks). So → $2,403.85 (weekly salary)
  × 11 (weeks)
  $26,442.31

# LEHMAN BROTHERS



DEBORAH MILLSTEIN
SENIOR VICE PRESIDENT

January 23, 2008

Peter G. Kollydas
28 Coleridge Drive
Marlboro, NJ 07746

Dear Peter G.:

This is an agreement and release concerning your separation from employment by Lehman Brothers. If you sign and comply with this agreement, you will receive the benefits described in the "Payments and Benefits" section below.

**Effective Dates**

1. Today will be the last day that you are expected to report to work.

2. You will continue to receive base salary and benefits coverage until the earlier of December 5, 2008 or the date on which you become actively employed with another firm (your "separation date").

3. For your information, you are eligible to receive your 2007 bonus of $45,000.00 as set forth in your 2007 Total Compensation Statement. This includes a total cash payment (before applicable taxes and deductions) of $37,870.00 payable on or about January 31, 2008. The equity component of your 2007 bonus is subject to the terms of the Firm's 2007 Equity Award Program, and paragraph 6 below.

**Payments and Benefits**

4. In lieu of a lump sum separation payment consisting of 30 days of notice pay, 39 weeks of severance pay and two weeks of unused vacation pay, you will be paid on a biweekly basis at your current biweekly base salary rate through your separation date while you remain on payroll and continue your benefits coverage under the terms of our plans. All payments will be subject to withholding, payroll taxes and other applicable deductions.

5. Lehman Brothers has retained Lee Hecht Harrison to provide you with outplacement counseling services. These services are designed to assist you with counseling on resume writing, interviewing skills, networking techniques, and a job search campaign. We encourage you to take advantage of these services. In order to ensure a smooth career transition, please call Sasha Hohri at (212) 455-8518.

6. As you are aware, for certain of your outstanding and unvested restricted stock unit awards ("RSUs") granted to you in connection with the Lehman Brothers Equity Award Program, you are expressly required to execute a release agreement as a condition of "involuntary termination without cause" treatment under those awards. If you sign and comply with this separation agreement, you will satisfy the release requirement applicable to such awards.

7. You and your covered dependents, pursuant to the COBRA law, may be eligible to continue health insurance coverage for up to 18 months from your separation date, at your own expense. You may also convert your basic and supplemental life insurances to individual policies at that time at your own expense. Your right to continue or convert coverage (including COBRA coverage) after your separation date will be governed by the terms of our plans.

8. Except as expressly provided in this letter, your rights to benefits under any employee benefits plans will be determined in accordance with the terms of such plans. Our employee benefits plans may be modified or terminated at any time.

9. Should you become employed by another firm as an employee, consultant or independent contractor at any time through your separation date, you are obligated to inform the Firm so that you may be officially terminated from the Firm at that time. You will then be paid a lump sum representing the remainder of the payments described in paragraph 4, on or about four weeks from the date we are informed of your new employment status.

10. Should you be rehired by Lehman or any of its subsidiaries or affiliates as an employee, consultant or independent contractor at any time through your separation date you will no longer be eligible to receive the remainder of the payments described in paragraph 4.

**Complete Release**

You agree to forever release Lehman Brothers Inc., any of its affiliated companies, past and present parents, subsidiaries, divisions and present and former employees, officers, directors, successors and assigns from all claims you may now have based on your employment with any Lehman affiliate or the separation of that employment, to the maximum extent permitted by law. This includes a release, to the maximum extent permitted by law, of any rights or claims you may have under: the Age Discrimination Employment Act, which generally prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, which generally prohibits discrimination in employment based on race, color, national origin, religion or sex; the Equal Pay Act, which generally prohibits paying men and women unequal pay for equal work; the Americans with Disabilities Act, which generally prohibits discrimination on the basis of disability; the Employee Retirement Income Security Act of 1974, which governs the provision of pension and welfare benefits; and all other federal, state or local laws prohibiting employment discrimination. This also includes a release by you of any claims for wrongful discharge, any compensation claims, or any other claims under any statute, rule, regulation, or under the common law. This release covers both claims that you know about and those you may not know about.

**Non-disclosure Provisions**

**Firm Property**

You agree that all proprietary or confidential information concerning Lehman, its business or customers which you learned while an employee is and shall remain the exclusive property of Lehman. You agree not to disclose any such information to others outside of Lehman or use such information for your own benefit, without Lehman's written consent. You further agree to return to Lehman any and all Lehman property that you may possess within one week after your last day of active employment.

**Registration**

If you are currently registered with Lehman, your registration will cease as of your last day of active employment. Once you join another firm, you should immediately contact the new firm's Registration Department to transfer your registrations, as the transfer does not occur automatically. Your new firm should have you complete a new U-4 form.

**Disparaging Remarks**

You agree to avoid making any disparaging remarks now, and at any time in the future, which could be detrimental in any way to Lehman or to individual directors or employees of Lehman, provided that this shall not restrict your ability to respond to any inquiry from applicable regulatory authorities or to provide information pursuant to legal process.

**Future Cooperation**

You agree to reasonably cooperate with Lehman, its financial and legal advisors and/or government officials in connection with any business matters in which you were involved or any claims, investigations, administrative proceedings or lawsuits which relate to your Lehman employment. Related travel and accommodation expenses will be reimbursed in accordance with Lehman's standard policies.

**Arbitration**

Any controversy arising out of or relating to this agreement shall be submitted to arbitration pursuant to the constitution and rules of the Financial Industry Regulatory Authority (FINRA).

**Consultation with Attorney**

You have been advised to consult with an attorney concerning this agreement and acknowledge that you have had ample opportunity to do so before signing.

**Employment Inquiries**

It is the Firm's policy to provide only limited information to non-Lehman individuals or organizations. The Work Number, the vendor retained to provide this information, will disclose dates of employment and your last job title. Requestors can access the verification system online at www.theworknumber.com or by calling 800-367-5690. Requestors will need your Social Security number in order to verify your employment information for a nominal fee. This shall not restrict Lehman's ability to provide complete information with respect to your employment when expected to do so under applicable regulatory requirements.

**Entire Agreement**

This agreement constitutes the entire agreement between the parties and cannot be altered except in writing signed by both parties. The terms of this agreement supersede any other oral or written arrangement between you and the Firm with respect to your employment or the separation of your employment by the Firm including but not limited to any entitlements you may have under the Firm's severance policy. Both parties acknowledge that no representations were made to induce execution of this agreement, which are not expressly contained in this agreement.

**Successorship; Controlling Law**

This agreement will be binding on Lehman and its successors and assigns and will also be binding on you, your heirs, administrators, executors and assigns. This agreement will be construed under the substantive law of the State of New York, without regard to conflict of law principles.

**Separation Program**

You acknowledge that the separation payments and benefits recited in this agreement are being offered to you as part of a separation program (the "Program") offered to certain employees whose employment is being terminated (or who are being notified of the termination of their employment) on or about January 23, 2008. The Program is described in Appendix A, which is attached to this agreement. The provisions of Appendix A are incorporated into this agreement and considered a part of this agreement.

**Separation Booklet**

You acknowledge that you have received and reviewed a copy of the Firm's booklet, "Guide to Leaving Lehman Brothers."

**Period for Review and Consideration of Agreement**

You have been given a period of forty-five (45) days from the date of this letter to review and consider this agreement before signing it. You may use as much of this forth-five (45) day period as you wish prior to signing. If you have not signed and returned this agreement to Lisa Swanson, Lehman Brothers Inc., 1301 Sixth Avenue, New York, NY 10019 by that date, you will not be eligible to receive any of the payments or benefits offered by the Firm as consideration for this agreement.

**Employee's Rights to Revoke Agreement**

You may revoke this agreement within seven (7) days of your signing it. Revocation can be made by delivering a written notice of revocation to Lisa Swanson at the address noted above. If you revoke this agreement it shall not be effective or enforceable and you will not receive any of the payments or benefits offered by the Firm as consideration for this agreement.

You acknowledge that you have read this agreement, understand it and are voluntarily entering into it.

LEHMAN BROTHERS INC.

*Deborah Millstein*

_____
Peter G. Kollydas

2/20/08
_____
Date

# LEHMAN BROTHERS HOLDINGS INC.

September 30, 2008

Dear Mr. Kollydas:

We are disappointed to inform you that as a result of the bankruptcy of Lehman Brothers Holdings Inc. and the placement of Lehman Brothers Inc. into a liquidation proceeding under the Securities Investor Protection Act (SIPA), Lehman Brothers is unfortunately no longer able to provide the salary continuation or other payments described in your separation agreement. As a result, you will not receive a payment on October 3, 2008 or thereafter.

You may continue to be covered under any current medical, dental and/or vision benefits through the end of your original salary continuation date as set out in your separation agreement. Because you will no longer receive salary continuation payments from which your employee contributions for these benefits can be deducted, you will be billed monthly for these costs. An invoice will be mailed to your home with instructions on how and when to return your payment. Your current coverage is in effect and will remain in place subject to timely payment of your contributions.

The cost to you for medical, dental and/or vision coverage will remain the same through December 2008 but may increase in the future. As of your termination date, you may be eligible to continue these benefits for up to 18 months under COBRA.

For other voluntary benefits you may be covered under, you will receive a mailing directly from the insurance carrier to continue your coverage on a direct bill basis (for example, MetLife Auto & Home, Mass Mutual Group Variable Universal Life Insurance, Hyatt Legal).

As a matter of federal law, the assets of the Lehman Brothers Savings Plan (401(k) plan) and Lehman Brothers Holdings Inc. Retirement Plan (pension plan) are protected from the claims of Lehman Brothers' creditors. Information about these entitlements is available through Fidelity NetBenefits at www.netbenefits.fidelity.com or by calling 1-866-534-6266.

If you are owed additional severance payments that cannot be paid at this time as a result of the various Lehman bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process. At some point in the future, you will be receiving notification of the procedures for the filing of claims and the date by which the claims must be filed. A deadline for filing claims has not yet been set.

Also, if you have not yet done so, you may wish to apply for unemployment insurance benefits in your state. Information about applying for unemployment benefits is enclosed.

We recognize that this is difficult news and that you may have questions about this situation. Please call the Lehman Brothers HR Service Center at 212.526.2363. They can answer your questions or direct your call to someone who can.

Very truly yours,


LEHMAN BROTHERS HOLDINGS INC.

**Lehman Brothers Inc.**
745 Seventh Avenue
New York, NY 10019-6801

| | |
|---|---|
| Pay Group: | BW0-BiWeekly Exempt Employees |
| Pay Begin Date: | 02/10/2008 |
| Pay End Date: | 02/23/2008 |

| | |
|---|---|
| Business Unit: | FID |
| Advice #: | 4052708 |
| Advice Date: | 02/22/2008 |

Peter G. Kollydas
28 Coleridge Drive
Marlboro, NJ 07746

HOME: LBI BWO FID
`5642 745_7TH_13 4052708

Peter G. Kollydas
28 Coleridge Drive
Marlboro, NJ 07746

**TAX DATA:**

| | Federal | NJ State |
|---|---|---|
| Marital Status: | Married | M/CU-Joint |
| Allowances: | 15 | 15 |
| Addl. Pct.: | | |
| Addl. Amt.: | | |

Employee ID: 10015432
Department: 25642-Mortgages Transaction Mgmt
Location: 745 Seventh Ave. 13th Floor
Pay Rate: $125,000.00 Annual
SSN: XXX-XX-4742

### HOURS AND EARNINGS

| | | | | Current | | YTD | | 
|---|---|---|---|---|---|---|---|
| Description | Begin Date | End Date | Rate | Hours | Earnings | Hours | Earnings |
| LB Sal Ctn | | | 60.096154 | 80.00 | 4,807.69 | 160.00 | 9,615.38 |
| Reg Salary | | | | 0.00 | | 160.00 | 9,615.38 |
| Bonus 2007 | | | | | 0.00 | | 37,870.00 |
| 07 RSU Bon | | | | | 0.00 | | 7,130.00 |

### TAXES

| Description | Current | YTD |
|---|---|---|
| Federal Tax | 228.37 | 9,882.01 |
| Medicare Tax | 58.75 | 788.61 |
| Social Security Tax | 251.20 | 3,371.98 |
| NJ Tax | 0.00 | 453.53 |
| NY Vol Dis/EE | 1.20 | 4.80 |
| NY Tax | 202.86 | 3,444.01 |

| Total: | | | | | 4,807.69 | | 57,100.76 |
|---|---|---|---|---|---|---|---|

| Total: | 742.38 | 17,944.94 |
|---|---|---|

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Pre-Tax Medical | 164.00 | 656.00 |
| Pre-Tax Dental | 12.00 | 48.00 |
| Pre~Tax Vision | 11.26 | 45.04 |
| FSA Healthcare | 208.33 | 833.32 |
| FSA Dependent Care | 208.33 | 833.32 |
| TMA/MassTransit~PreTx | 115.00 | 230.00 |
| TMA/Parking~PreTax | 40.00 | 80.00 |
| TDSP 401(k) | 0.00 | 2,374.26 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Voluntary AD&D Ins | 0.90 | 3.60 |
| Supple LTD Ins | 34.38 | 137.52 |
| TMA/MassTransit~AftTx | 194.00 | 388.00 |
| TMA Reimburse/Pkg | 0.00 | 160.00- |

### TAXABLE BENEFITS

| Description | Current | YTD |
|---|---|---|
| GVUL Basic/Taxable* | 2.93 | 11.72 |

| Total: | 758.92 | 5,099.94 |
|---|---|---|

| Total: | 229.28 | 369.12 |
|---|---|---|

| * Taxable | 0.00 | 0.00 |
|---|---|---|

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 4,807.69 | 4,051.70 | 742.38 | 988.20 | 3,077.11 |
| YTD: | 57,100.76 | 52,012.54 | 17,944.94 | 5,469.06 | 33,686.76 |

MESSAGE:

**NET PAY DISTRIBUTION**
Advice #000000004052708    3,077.11

Lehman Brothers Inc.    Date    Advice No