ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Co-Counsel for Plaintiffs-Appellants

[Additional counsel appear on signature page.]

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————— x | | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : : : | Case No. 08-13555-JMP |
| | | Chapter 11 |
| Debtor. | : : | |
| ———————————— | : | |
| KA KIN WONG, *et al.*, | : : | |
| Plaintiffs, | : : | Adversary Proceeding No. 09-01120-JMP |
| vs. | : : : | |
| HSBC BANK USA, NATIONAL ASSOCIATION, *et al.*, | : : : | |
| Defendants. | : : | |
| ———————————— x | | |

PLAINTIFFS-APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL
AND DESIGNATION OF CONTENTS OF THE RECORD

623876_1

Plaintiffs KA KIN WONG, SIU LUI CHING, TIM CHOY FUNG, LIN TEI TSE, SAU

KING TSE, LAI KUEN CHAN, FUK SHING WONG, SIU KWAN WONG, YEE MING SHEN

and YUEN FUN TANG, derivatively on behalf of a trust administered by HSBC Bank USA,

National Association, and on behalf of themselves as well as all others similarly situated

(collectively, "Plaintiffs-Appellants" or "Plaintiffs"), in the matter *Ka King Wong v. HSBC Bank*

*USA, Nat'l Ass'n*, No. 09-01120-JMP (Bankr. S.D.N.Y. Mar. 12, 2009), filed a Notice of Appeal on

April 28, 2011, in the matter *In re: Lehman Brothers Holdings Inc., et al.*, No. 08-13555-JMP (Dkt.

No. 16325), pursuant to 28 U.S.C. §158 and Rule 8001 of the Federal Rules of Bankruptcy

Procedure, to appeal from the Bankruptcy Court's April 14, 2011 Sixth Supplemental Order

Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement

or Assumption and Assignment of Prepetition Derivative Contracts (the "Bankruptcy Order") (Dkt.

No. 15999), and from the Bankruptcy Court's overruling Plaintiffs' objection to such procedures

(Dkt. No. 15598) ("Plaintiffs' Objection").

Plaintiffs hereby submit their statement of issues to be presented on appeal and designation

of record on appeal.

## STATEMENT OF ISSUES

Plaintiffs intend to present the following issues on appeal:

1.      Whether the Bankruptcy Court erred as a matter of fact or law in failing to amend the

Bankruptcy Order to comply with the District Court Orders attached hereto as Exhibits A and B?

2.      Whether the Bankruptcy Court erred as a matter of fact or law in overruling

Plaintiffs' Objection for lack of "privity" or otherwise for lack of standing?

3.      Whether the Bankruptcy Court erred as a matter of fact or law in ruling that Plaintiffs

are not adversely affected by the Bankruptcy Order?

- 1 -

      4.      Whether the Bankruptcy Court erred as a matter of fact or law for any other reason or reasons?

## DESIGNATION OF CONTENTS OF RECORD

Plaintiffs designate the following items for inclusion in the record on appeal:

| Designation Number | Filing Date or Document Date | Docket No. | Description |
| --- | --- | --- | --- |
| | **Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated** | | |
| 1 | 03/12/2009 | 1 | Adversary case 09-01120. Complaint against HSBC USA, INC., HSBC Bank PLC, Pacific International Finance Limited, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) Ltd.), HSBC Holdings PLC, Scott Aitken, Cereita Lawrence, Sarah Coombs, Janet Crawshaw, Sylvia Lewis, The Bank of New York Mellon Corporation, Lehman Brothers Special Financing Inc. |
| 2 | 04/13/2009 | 6 | So Ordered Stipulation and Order Signed on 4/13/2009 Extending the Time for the Defendants to Move, Answer or Otherwise Respond to the Complaint to May 13, 2009. (Nulty, Lynda) (Entered: 04/13/2009) |
| 3 | 05/27/2009 | 11 | Answer to Complaint (Related Doc #1 ) filed by Eric A. Schaffer on behalf of The Bank of New York Mellon. (Attachments: #1 Certificate of Service) (Schaffer, Eric) (Entered: 05/27/2009) |
| 4 | 05/27/2009 | 12 | Corporate Ownership Statement filed by David G. Januszewski on behalf of HSBC USA, INC. (Januszewski, David) (Entered: 05/27/2009) |
| 5 | 05/27/2009 | 13 | Motion to Dismiss Case *//Notice of HSBC USA, Inc's Motion to Dismiss the Class Action Complaint, Abstain or Stay the Adversary Proceeding* filed by David G. Januszewski on behalf of HSBC USA, INC. with hearing to be held on 7/15/2009 at 10:00 AM at Courtroom 601 (JMP) Responses due by 7/10/2009, (Januszewski, David) (Entered: 05/27/2009) |
| 6 | 05/27/2009 | 14 | Affidavit *of Song Qun in Support of Motion to Dismiss* filed by David G. Januszewski on behalf of HSBC USA, INC. (Attachments: #1 Exhibit B #2 Exhibit C #3 Exhibit D-F #4 Exhibit G-J) (Januszewski, David) (Entered: 05/27/2009) |
| 7 | 05/27/2009 | 15 | Matrix *//Appendix of Unreported Authorities* filed by David G. Januszewski on behalf of HSBC USA, INC. |

| Designation Number | Filing Date or Document Date | Docket No. | Description |
|---|---|---|---|
|  | **Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated** | | |
|  |  |  | (Attachments: #1 Appendix Part 2) (Januszewski, David) (Entered: 05/27/2009) |
| 8 | 05/27/2009 | 16 | Memorandum of Law *in Support of Motion to Dismiss, Abstain or Stay Action* filed by David G. Januszewski on behalf of HSBC USA, INC. (Januszewski, David) (Entered: 05/27/2009) |
| 9 | 05/27/2009 | 17 | Motion to Dismiss Adversary Proceeding: *Defendant Lehman Brothers Special Financing Inc.'s Motion to Dismiss the Complaint* filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. with hearing to be held on 7/15/2009 at 10:00 AM at Courtroom 601 (JMP) Responses due by 6/23/2009, (Attachments: #1 Exhibit 1 #2 Exhibit 2) (Slack, Richard) (Entered: 05/27/2009) |
| 10 | 05/28/2009 | 18 | Affidavit of Service *of Herb Baer of Epiq Bankruptcy Solutions, LLC* (related document(s) 17) filed by Shai Waisman on behalf of Lehman Brothers Special Financing Inc. (Waisman, Shai) (Entered: 05/28/2009) |
| 11 | 05/28/2009 | 19 | Corporate Ownership Statement filed by Eric A Schaffer on behalf of The Bank of New York Mellon. (Schaffer, Eric) (Entered: 05/28/2009) |
| 12 | 05/28/2009 | 20 | Statement *Plaintiffs' Report Pursuant to Fed. R. Civ. P. 26(f)* filed by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Attachments: #1 Exhibit A #2 Exhibit B) (Mandlekar, Ray) (Entered: 05/28/2009) |
| 13 | 06/04/2009 | *1174 | Transcript regarding Hearing Held on 6/3/09 at 10:04 AM. (Richards, Beverly) Modified on 6/10/2009 (Richards, Beverly). (Entered: 06/05/2009) (*Docket Number in Case No. 08-01420-JMP) |
| 14 | 06/15/2009 | 31 | Motion to Stay *// Defendant Lehman Brothers Special Financing Inc.'s Notice of Motion and Motion to Stay Discovery Pending Determination of Its Motion to Dismiss the Complaint* filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. (Attachments: #1 Declaration of Richard W. Slack #2 Proposed Order) (Slack, Richard) (Entered: 06/15/2009) |
| 15 | 06/17/2009 | 33 | So Ordered Stipulation and Consent Order Signed on 6/17/2009 Permitting Intervention of Official Committee of Unsecured Creditors in Adversary |

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| | | | Proceeding. (Nulty, Lynda) (Entered: 06/17/2009) |
| 16 | 07/08/2009 | 36 | So Ordered Stipulation signed on 7/8/2009 Between Plaintiffs and Defendants Establishing Uniform Schedule for Answers or Motion Practice and Setting Return Date. (Bush, Brent) (Entered: 07/08/2009) |
| 17 | 07/09/2009 | 37 | Motion to Dismiss Adversary Proceeding, *Abstain, or Stay the Adversary Proceeding* filed by David G. Januszewski on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Januszewski, David) (Entered: 07/09/2009) |
| 18 | 07/09/2009 | 38 | Declaration *of Patricia Farren in Support of the Motion to Dismiss the Class Action Complaint, Abstain, or Stay the Adversary Proceeding* filed by David G. Januszewski on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Januszewski, David) (Entered: 07/09/2009) |
| 19 | 07/09/2009 | 39 | Memorandum of Law *in Support of the Motion to Dismiss the Class Action Complaint, Abstain, or Stay the Adversary Proceeding* filed by David G. Januszewski on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, Cereita Lawrence, Sylvia Lewis, Pacific International Finance Limited. (Januszewski, David) (Entered: 07/09/2009) |
| 20 | 07/09/2009 | 40 | Corporate Ownership Statement filed by David G. Januszewski on behalf of HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, Pacific international Finance Limited. (Januszewski, David) (Entered: 07/09/2009) |
| 21 | 07/09/2009 | 42 | Opposition *Plaintiffs' Opposition to Defendant Lehman Brothers Special Financing Inc.'s Motion to Stay Discovery Pending Determination of Its Motion to Dismiss the Complaint* (related document(s) 31) filed |

| Designation Number | Filing Date or Document Date | Docket No. | Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated |
|---|---|---|---|
| | | | Description |
| | | | by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Attachments: #1 Exhibit A #2 Exhibit B #3 Exhibit C #4 Exhibit D #5 Exhibit E #6 Exhibit F #7 Exhibit G #8 Certificate of Service) (Mandlekar, Ray) (Entered: 07/09/2009) |
| 22 | 07/10/2009 | 43 | Statement *Of Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al. In Support Of Debtors' Motion To Stay Discovery Pending Determination Of Debtors' Motion To Dismiss The Complaint* (related document(s) 31) filed by Dennis F. Dunne on behalf of Official Committee Of Unsecured Creditors. (Dunne, Dennis) (Entered: 07/10/2009) |
| 23 | 07/14/2009 | 44 | Reply to Motion: *Reply Brief In Support of Defendant Lehman Brothers Special Financing Inc.'s Motion to Stay Discovery Pending Determination of its Motion to Dismiss the Complaint* (related document(s) 31) filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. (Slack, Richard) (Entered: 07/14/2009) |
| 24 | 07/17/2009 | *4440 | Transcript regarding Hearing Held on 7/15/09 10:03 AM. (Richards, Beverly) (Entered: 07/17/2009) (*Docket Number in Case No. 08-13555-JMP) |
| 25 | 07/30/2009 | 54 | Order Signed on 7/30/2009 Granting the Defendant Lehman Brothers Special Financing Inc.'s Motion to Stay Discovery Pending Determination of Its Motion to Dismiss the Complaint. (Related Doc #31) (Nulty, Lynda) (Entered: 07/30/2009) |
| 26 | 07/31/2009 | 55 | Motion to Withdraw the Reference (related document(s) 1) filed by Robert F. Elgidely on behalf of Lai Mei Chan, Siu Lui Ching, Chun Ip, Sing Heung, Jin Liu, Ka Kin Wong, Yin Ying Leung. Responses due by 8/14/2009, (Elgidely, Robert) (Entered: 07/31/2009) |
| 27 | 07/31/2009 | 56 | Memorandum of Law *In Support Of Plaintiffs' Motion To Withdraw Reference Of Adversary Proceeding* (related document(s) 55) filed by Robert F. Elgidely on behalf of Lai Mei Chan, Siu Lui Ching, Chun Ip, Sing Heung, Jin Liu, Ka Kin Wong, Yin Ying Leung. Objections due by 8/14/2009, Reply due by 8/21/2009, (Elgidely, Robert) (Entered: 07/31/2009) |

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 28 | 07/31/2009 | 57 | Declaration *in Support of Plaintiffs' Motion to Withdraw Reference of Adversary Proceeding* (related document(s) 55) filed by Robert F. Elgiedly on behalf of Lai Mei Chan, Siu Lui Ching, Chun Ip, Sing Heung, Jin Liu, Ka Kin Wong, Yin Ying Leung. Objections due by 8/14/2009, Reply due by 8/21/2009, (Attachments: #1 Exhibit Exhibit A – Complaint #2 Exhibit Exhibit B – BNY Answer #3 Exhibit Exhibit C – HSBC USA Memorandum of Law in Support of Motion to Dismiss #4 Exhibit Exhibit D, Part 1 – HSBC Supporting Affidavit #5 Exhibit Exhibit D, Part 2 – HSBC Supporting Affidavit #6 Exhibit Exhibit D, Part 3 – HSBC Supporting Affidavit #7 Exhibit Exhibit D, Part 4 – HSBC Supporting Affidavit #8 Exhibit Exhibit D, Part 5 – HSBC Supporting Affidavit #9 Exhibit Exhibit E – LBSF Motion to Dismiss #10 Exhibit Exhibit F – LBSF Supporting Declaration 1 #11 Exhibit Exhibit G – LBSF Supporting Declaration 2 #12 Exhibit Exhibit H – Remaining Defendants Memorandum of Law in Support of Motion to Dismiss #13 Exhibit Exhibit I – Remaining Defendants Supporting Declaration) (Elgiedly, Robert) (Entered: 07/31/2009) |
| 29 | 08/03/2009 | 59 | Civil Cover Sheet from U.S. District Court, Case Number: 0906841 Judge Laura Taylor Swain (related document(s) 55) filed by Clerk's Office of the U.S. Bankruptcy Court, S.D.N.Y. (Rouzeau, Anatin) (Entered: 08/03/2009) |
| 30 | 08/10/2009 | 60 | Opposition *Plaintiffs' Opposition to Defendant Lehman Brothers Special Financing Inc.'s Motion to Dismiss the Complaint* (related document(s) 17) filed by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Attachments: #1 Exhibit 1 #2 Exhibit 2 #3 Exhibit 3 #4 Exhibit 4 #5 Exhibit 5 #6 Exhibit 6 #7 Exhibit 7) (Mandlekar, Ray) (Entered: 08/10/2009) |
| 31 | 08/10/2009 | 61 | Declaration *Opinion of Fidelis Oditah QC* filed by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Mandlekar, Ray) (Entered: 08/10/2009) |
| 32 | 08/10/2009 | 62 | Declaration *Appendix of Foreign Authorities Cited in Opinion of Fidelis Oditah QC* filed by Ray A. |

| Designation Number | Filing Date or Document Date | Docket No. | Description |
|---|---|---|---|
| **Adversary Proceeding Case No. 09-01120(JMP) and** | | | |
| **Related Hearing Transcripts from Other Proceedings as Indicated** | | | |
| | | | Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Attachments: #1 Tab 1 #2 Tab 2 #3 Tab 3 #4 Tab 4 #5 Tab 5 #6 Tab 6 #7 Tab 7 #8 Tab 8 #9 Tab 9 #10 Tab 10 #11 Tab 11 #12 Tab 12 #13 Tab 13) (Mandlekar, Ray) (Entered: 08/10/2009) |
| 33 | 08/10/2009 | 64 | Opposition *PLAINTIFFS' CONSOLIDATED OPPOSITION TO (1) DEFENDANT HSBC USA INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DIMISS THE CLASS ACTION COMPLAINT, ABSTAIN OR STAY THE ACTION, DKT. NO. 16, AND (2) MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS HSBC BANK PLC, HSBC BANK (CAYMAN) LIMITED, HSBC HOLDINGS PLC, PACIFIC INTERNATIONAL FINANCE LIMITED, SCOTT AITKEN, CEREITA LAWRENCE, SARAH CRAVEN, JANET CRAWSHAW, AND SYLVIA LEWIS TO DISMISS THE CLASS ACTION COMPLAINT, ABSTAIN, OR STAY THE ADVERSARY PROCEEDING, DKT. NO. 39* filed by Jason C. Davis on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. with hearing to be held on 9/24/2009 (check with court for location) (Attachments: #1 Exhibit 1 #2 Exhibit 2 #3 Exhibit 3) (Davis, Jason) (Entered: 08/10/2009) |
| 34 | 08/28/2009 | 66 | Response to Motion: *Lehman Brothers Special Financing Inc.'s Response to Motion to Withdraw Reference of Adversary Proceeding to Bankruptcy Court* (related document(s) 5) filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. (Attachments: #1 Exhibit 1 #2 Exhibit 2 #3 Exhibit 3 #4 Exhibit 4 #5 Exhibit 5 #6 Exhibit 6) (Slack, Richard) (Entered: 08/28/2009) |
| 35 | 08/28/2009 | 67 | Memorandum of Law *in Opposition to Plaintiffs' Motion to Withdraw the Reference of the Adversary Proceeding to the Bankruptcy Court* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita |

- 7 -

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| | | | Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Attachments: #1 Appendix Unreported Authorites) (Sloane, Howard) (Entered: 08/28/2009) |
| 36 | 08/28/2009 | 68 | Declaration *of Howard G. Sloane in Opposition to Plaintiffs' Motion to Withdraw the Reference of the Adversary Proceeding to the Bankruptcy Court* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Sloane, Howard) (Entered: 08/28/2009) |
| 37 | 08/28/2009 | 69 | Motion to Join */ Joinder Of Official Committee Of Unsecured Creditors In Defendant Lehman Brothers Special Financing Inc.'s Response To Motion To Withdraw Reference Of Adversary Proceeding To The Bankruptcy Court* (related document(s) 66) filed by Stacey Rappaport on behalf of Official Committee Of Unsecured Creditors. (Attachments: #1 Exhibit Stipulation) (Rappaport, Stacey) (Entered: 08/28/2009) |
| 38 | 09/15/2009 | 72 | Memorandum of Law *in Further Support of the Motion of Defendants HSBC USA Inc., HSBC Bank PLC, HSBC Bank (Cayman) Limited, HSBC Holdings PLC, Pacific International Finance Limited, Scott Aitken, Cereita Lawrence, Sarah Craven, Janet Crawshaw, and Sylvia Lewis to Dismiss the Class Action Complaint, Abstain, or Stay the Adversary Proceeding* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Sloane, Howard) (Entered: 09/15/2009) |
| 39 | 09/15/2009 | 73 | Supplemental Affidavit *of Song Qun* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance |

- 8 -

| Designation Number | Filing Date or Document Date | Docket No. | Description |
|---|---|---|---|
| | | | Limited. (Sloane, Howard) (Entered: 09/15/2009) |
| 40 | 09/15/2009 | 74 | Matrix //Appendix of Unreported Authorities filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Sloane, Howard) (Entered: 09/15/2009) |
| 41 | 09/15/2009 | 75 | Reply to Motion: Reply Memorandum of Law in Further Support of Defendant Lehman Brothers Special Financing Inc.'s Motion to Dismiss the Complaint (related document(s) 17) filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. (Attachments: #1 Exhibit 1 #2 Exhibit 2 #3 Exhibit 3) (Slack, Richard) (Entered: 09/15/2009) |
| 42 | 10/15/2009 | 82 | Order of U.S. District Court Judge Laura Taylor Swain signed on 10/14/2009. Plaintiffs' 55 Motion to Withdraw the Reference of the Adversary Proceeding to the Bankruptcy Court is denied without prejudice to renewal. (Cheng, Ka Kin) (Entered: 10/15/2009) |
| 43 | 10/28/2009 | *23 | Transcript of proceedings held on 10/14/09 before Judge Laura Taylor Swain. (ldi) (Entered: 11/02/2009) (*Docket Number in Case No. 09-cv-06841-LTS (S.D.N.Y.)) |
| 44 | 11/03/2009 | 88 | Transcript regarding Hearing Held on 10/28/09 2:16 pm RE: Motion Filed by HSBC USA, Inc. to Dismiss the Class Action Complaint, Abstain or Stay the Adversary Proceeding; Motion Filed by Lehman Brothers Special Financings Inc. to Dismiss the Complaint; Motion Filed by HSBC Bank (Cayman) Limited, et al., to Dismiss, Abstain or Stay the Adversary Proceeding. (Richards, Beverly) (Entered: 11/04/2009) |
| 45 | 11/09/2009 | 89 | Letter to Judge Peck filed by Jason C. Davis on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Davis, Jason) (Entered: 11/09/2009) |
| 46 | 11/19/2009 | *2091 | Transcript regarding Hearing Held on 11/18/09 2:03 PM. (Richards, Beverly) (Entered: 11/20/2009) (*Docket Number in Case No. 08-01420-JMP) |

**Adversary Proceeding Case No. 09-01120(JMP) and
Related Hearing Transcripts from Other Proceedings as Indicated**

- 9 -

| Designation Number | Filing Date or Document Date | Docket No. | Description |
|---|---|---|---|
| | \multicolumn{3}{c}{Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated} | |
| 47 | 11/23/2009 | 90 | Order Signed on 11/23/2009 Granting Lehman Brothers Special Financing Inc.'s Motion to Dismiss the Complaint with Prejudice. (Related Doc #17) (Nulty, Lynda) (Entered: 11/23/2009) |
| 48 | 12/02/2009 | 91 | Notice of Appeal (related document(s) 90) filed by Jason C. Davis on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Davis, Jason) (Entered: 12/02/2009) |
| 49 | 12/03/2009 | 92 | Order Signed on 12/3/2009 Granting the Motions of HSBC USA Inc., HSBC Bank plc, HSBC Bank (Cayman) Limited, HSBC Holdings plc, Pacific international Finance Limited, Scott Aitken, Cereita Lawrence, Sarah Crave, Janet Crawshaw and Sylvia Lewis to Dismiss the Complaint with Prejudice. (Related Doc #37) (Nulty, Lynda) (Entered: 12/03/2009) |
| 50 | 12/07/2009 | 93 | Notice of Appeal (related document(s) 92) filed by Jason C. Davis on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Davis, Jason) (Entered: 12/07/2009) |
| 51 | 12/16/2009 | 94 | Statement of Issues *Appellants' Statement of Issues to Be Presented on Appeal and Designation of Contents of the Record* filed by Jason C. Davis on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun IP, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Davis, Jason) (Entered: 12/16/2009) |
| 52 | 12/24/2009 | 96 | Counter Designation (appellee) *of Items to be Included in Record on Appeal* filed by Howard G. Sloane on behalf of Scott Aitken, Sarah Coombs, Janet Crawshaw, HSBC Bank (Cayman) Limited (f/k/a HSBC Financial Services (Cayman) LTD), HSBC Bank PLC, HSBC Holdings PLC, HSBC USA, INC., Cereita Lawrence, Sylvia Lewis, Pacific international Finance Limited. (Sloane, Howard) (Entered: 12/24/2009) |
| 53 | 01/04/2010 | 98 | Civil Cover Sheet from U.S. District Court, Case Number: 1000017 Judge William H. Pauley III (related document(s) 91) filed by Clerk's Office of the U.S. Bankruptcy Court, S.D.N.Y.. (Rouzeau, Anantin) (Entered 01/04/2010) |
| 54 | 01/07/2010 | 99 | Civil Cover Sheet from U.S. District Court, Case Number: 1000096 (related document(s) 93) filed by |

| Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| | | | Clerk's Office of the U.S. Bankruptcy Court, S.D.N.Y.. (Rouzeau, Anantin) (Entered: 01/07/2010) |
| 55 | 03/19/2010 | 101 | Order Signed on 3/19/2010 Admitting Scarlett E. Collings to Practice Pro Hac Vice in this Court. (Related Doc #100) (Nulty, Lynda) (Entered: 03/19/2010) |
| 56 | 08/10/2010 | 103 | Memorandum & Order of U.S. District Court Judge William H. Pauley, III signed on 8/9/2010.  The Bankruptcy Court's dismissal of Counts One and Two against LBSF is affirmed, and its denial of leave to replead those claims derivatively against LBSF is reversed.  The Bankruptcy Court's denial of leave to replead Counts One and Two against the Trustee is reversed.  The Bankruptcy Court's dismissal of Count Three is vacated.  This action is remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum and Order. (related document(s) 93, 91) (Cheng, Ka Kin) (Entered: 08/10/2010) |
| 57 | 11/29/2010 | 104 | Amended Complaint against Lehman Brothers Holdings Inc., BNY Corp. Trustee Services Limited, HSBC USA, INC., Lehman Brothers Special Financing Inc.  Filed by Samuel H. Rudman on behalf of Tim Choy Fung, Siu Lui Ching, Ka Kin Wong.  (Rudman, Samuel) (Entered: 11/29/2010) |
| 58 | 12/09/2010 | 105 | Stipulation *and Proposed Order* filed by David G. Januszewski on behalf of HSBC BANK USA. (Januszewski, David) (Entered: 12/09/2010) |
| 59 | 01/05/2011 | 106 | So Ordered Stipulation and Order Signed on 1/5/2011 Between the Plaintiffs and Defendants.  (related document(s) 105) (Nulty, Lynda) (Entered: 01/05/2011) |
| 60 | 01/21/2011 | 107 | Stipulation *and Proposed Order* filed by David G. Januszewski on behalf of HSBC BANK USA. (Januszewski, David) (Entered: 01/21/2011) |
| 61 | 01/25/2011 | 108 | So Ordered Stipulation and Order Signed on 1/25/2011 Regarding Extensions of Time.  (Nulty, Lynda) (Entered: 01/25/2011) |
| 62 | 01/31/2011 | 109 | Answer to Amended Complaint (Related Doc #104) filed by Eric A Schaffer on behalf of BNY Corp. Trustee Services Limited.  (Attachments: #1 Certificate of Service) (Schaffer, Eric) (Entered: 01/31/2011) |

623876_1

| | Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 63 | 01/31/2011 | 110 | Motion to Dismiss Adversary Proceeding :/ *Defendants Lehman Brothers Special Financing Inc.'s and Lehman Brother Holdings Inc.'s Motion to Dismiss the Amended Class Action and Verified Derivative Complaint* (related document(s) 104) filed by Richard W. Slack on behalf of Lehman Brothers Holdings Inc., Lehman Brothers Special Financing Inc.  Responses due by 3/17/2011, (Attachments: #1 Exhibit A; Part 1#2 Exhibit A; Part 2 #3 Exhibit A; Part 3 #4 Exhibit B #5 Exhibit C #6 Exhibit D) (Slack, Richard) (Entered: 01/31/2011) |
| 64 | 01/31/2011 | 111 | Motion to Join *Joinder of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. in Defendants Lehman Brothers Special Financing Inc.'s and Lehman Brothers Holdings Inc.'s Motion to Dismiss the Amended Class Action and Verified Derivative Complaint* (related document(s) 110) filed by Dennis F. Dunne on behalf of Official Committee Of Unsecured Creditors.  (Dunne, Dennis) (Entered: 01/31/2011) |
| 65 | 01/31/2011 | 112 | Motion to Dismiss Adversary Proceeding *//Motion to Dismiss the Amended Class Action and Derivative Complaint* filed by David G. Januszewski on behalf of HSBC Bank USA, National Association. (Attachments: #1 Declaration of David Januszewski #2 Memorandum of Law in Support #3 Appendix of Unreported Cases) (Januszewski, David) (Entered: 01/31/2011) |
| 66 | 01/31/2011 | 113 | Corporate Ownership Statement . filed by David G. Januszewski on behalf of HSBC Bank USA, National Association.  (Januszewski, David) (Entered: 01/31/2011) |
| 67 | 02/01/2011 | 114 | Corporate Ownership Statement filed by Eric A Schaffer on behalf of BNY Corp. Trustee Services Limited.  (Attachments: #1 Certificate of Service) (Schaffer, Eric) (Entered: 02/01/2011) |
| 68 | 03/17/2011 | 117 | Opposition *Plaintiffs' Opposition to Lehman and HSBC Defendants' Motions to Dismiss the Amended Class Action and Derivative Complaint* (related document(s) 112, 110) filed by Jason C. Davis on behalf of Ka Kin Wong.  (Davis, Jason) (Entered: 03/17/2011) |

- 12 -

| | Adversary Proceeding Case No. 09-01120(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 69 | 03/17/2011 | 118 | Declaration *of Jason C. Davis in Support of Plaintiffs' Opposition to Lehman and HSBC Defendants' Motions to Dismiss the Amended Class Action and Derivative Complaint* filed by Jason C. Davis on behalf of Ka Kin Wong.  (Attachments: #1 Exhibit A#2 Exhibit B#3 Exhibit C#4 Exhibit D#5 Exhibit E#6 Exhibit F#7 Exhibit G) (Davis, Jason) (Entered: 03/17/2011) |
| 70 | 03/17/2011 | 119 | Declaration *Appendix of Foreign Authorities Cited in Plaintiffs' Opposition to Lehman and HSBC Defendants' Motions to Dismiss the Amended Class Action and Derivative Complaint* filed by Jason C. Davis on behalf of Ka Kin Wong.  (Attachments: #1 Tab 1#2, Tab 2#3, Tab 3#4, Tab 4#5, Tab 5#6, Tab 6#7, Tab 7#8, Tab 8#9, Tab 9#10, Tab 10#11, Tab 11#12, Tab 12#13, Tab 13#14, Tab 14#15, Tab 15#16, Tab 16#17, Tab 17#18, Tab 18#19, Tab 19#20, Tab 20#21, Tab 21#22, Tab 22#23, Tab 23#24, Tab 24#25, Tab 25#26, Tab 26#27, Tab 27) (Davis, Jason) (Entered: 03/17/2011) |

| | Adversary Proceeding Case No. 09-01242(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 71 | 05/20/2009 | 1 | Adversary case 09-01242. Complaint against BNY Corporate Trustee Services Limited. Nature(s) of Suit: (91 (Declaratory judgment)) Filed by Lehman Brothers Special Financing Inc. (Miller, Ralph) (Entered: 05/20/2009) |
| 72 | 06/01/2009 | 5 | Letter *to the Honorable James M. Peck* filed by Ralph I. Miller on behalf of Lehman Brothers Special Financing Inc. (Miller, Ralph) (Entered: 06/01/2009) |
| 73 | 06/04/2009 | *1174 | Transcript regarding Hearing Held on 6/3/09 at 10:04 AM. (Richards, Beverly) Modified on 6/10/2009 (Richards, Beverly). (Entered: 06/05/2009) (*Docket Number in Case No. 08-01420-JMP) |
| 74 | 06/10/2009 | 7 | Motion to Intervene filed by Robert F. Elgiedly on behalf of Ka Kin Wong, Yin Ying Leung, Jin Liu, Chun Ip, Sing Heung, Siu Lui Ching, Lai Mei Chan with |

623876_1                                    - 13 -

| Adversary Proceeding Case No. 09-01242(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| | | | hearing to be held on 7/15/2009 at 10:00 AM at Courtroom 601 (JMP) Responses due by 7/10/2009, (Attachments: #1 Exhibit LBHI Voluntary Petition; #2 Exhibit Proposed Answer; #3 Exhibit Lehman Brothers Asia Release) (Elgidely, Robert) (Entered: 06/10/2009) |
| 75 | 07/10/2009 | 22 | Omnibus Response to Motion *to Intervene in Adversary Proceeding* (related document(s) 8, 7, 19) filed by Eric A Schaffer on behalf of BNY Corporate Trustee Services Limited with hearing to be held on 7/15/2009 at 10:00 AM at Courtroom 601 (JMP) (Schaffer, Eric) (Entered: 07/10/2009) |
| 76 | 07/14/2009 | 27 | Memorandum of Law: *Corrected Plaintiff Lehman Brothers Special Financing Inc.'s Memorandum of Law In Opposition to Class Movants' Intervention Motion* (related document(s) 7) filed by Richard W. Slack on behalf of Lehman Brothers Special Financing Inc. (Slack, Richard) (Entered: 07/14/2009) |
| 77 | 07/14/2009 | 28 | Reply to Motion *Movants' Reply to Plaintiff's Opposition to Class Movants' Motion to Intervene* (related document(s) 7) filed by Ray A. Mandlekar on behalf of Lai Mei Chan, Siu Lui Ching, Sing Heung, Chun Ip, Yin Ying Leung, Jin Liu, Ka Kin Wong. (Attachments: #1 Certificate of Service) (Mandlekar, Ray) (Entered: 07/14/2009) |
| 78 | 07/17/2009 | *4440 | Transcript regarding Hearing Held on 7/15/09 10:03 AM. (Richards, Beverly) (Entered: 07/17/2009) (*Docket Number in Case No. 08-13555-JMP) |
| 79 | 07/22/2009 | 33 | Order Signed on 7/22/2009 Denying Motion to Intervene Filed by Ka Kin Wong, Yin Ying Leung, Jin Liu, Chun Ip, Sing Heung, Siu Lui Ching, and Lai Mei Chan. (Related Doc #7) (Nulty, Lynda) (Entered: 07/22/2009 |
| 80 | 08/12/2009 | *4929 | Transcript regarding Hearing Held on 8/11/09 10:02 AM. (Richards, Beverly) (Entered: 08/25/2009) (*Docket Number in Case No. 08-13555-JMP) |
| 81 | 09/17/2009 | *5261 | Transcript regarding Hearing Held on 9/15/09 10:03 AM. (Richards, Beverly) (Entered: 09/23/2009) (*Docket Number in Case No. 08-13555-JMP) |
| 82 | 01/25/2010 | 86 | Memorandum Decision Signed on 1/25/2010 Granting Motion for Summary Judgment and Declaring Applicable Payment Priorities. (related |

- 14 -

623876_1

| Adversary Proceeding Case No. 09-01242(JMP) and Related Hearing Transcripts from Other Proceedings as Indicated | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| | | | document(s)[60], [6]) (Nulty, Lynda). |
| 83 | 09/23/2010 | 117 | Copy of Order of U.S. District Court Judge Colleen McMahon signed on 9/20/2010 in an M-47 Proceeding. (related document(s)[102]) (Rouzeau, Anatin). |
| 84 | 12/31/2010 | 118 | Stipulation *of Dismissal of All Claims* filed by Lori R. Fife on behalf of Lehman Brothers Special Financing Inc. |

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 85 | 06/17/2010 | 9635 | Second Amended Order Signed on 6/17/2010 Implementing Certain Notice and Case Management Procedures. |
| 86 | 11/24/2010 | 13009 | Motion to Authorize : Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties filed by Richard W. Slack on behalf of Lehman Brothers Holdings Inc. with hearing to be held on 12/15/2010 at 10:00 AM at Courtroom 601 (JMP) Responses due by 12/8/2010, (Slack, Richard). |
| 87 | 12/02/2010 | 13172 | Affidavit of Service of Eleni Manners of Epiq Bankruptcy Solutions, LLC (related document(s)[13009]) filed by Shai Waisman on behalf of Lehman Brothers Holdings Inc. (Attachments: # (1) Part 2) (Waisman, Shai). |

- 15 -

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 88 | 12/8/2010 | 13300 | Objection to Motion / Limited Objection of Aviva S.p.A., Aviva Italia Holding S.p.A., Aviva Vita S.p.A., Aviva Life S.p.A., Aviva Italia S.p.A., Aviva Assicurazioni S.p.A. and Aviva Previdenza S.p.A. to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Mark Sherrill on behalf of Aviva Previdenza S.p.A., Aviva Assicurazioni S.p.A., Aviva Italia S.p.A., Aviva Life S.p.A., Aviva Vita S.p.A., Aviva S.p.A., Aviva Italia Holding S.p.A.. (Sherrill, Mark). |
| 89 | 12/8/2010 | 13305 | Objection to Motion Objection of Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Christopher M. Desiderio on behalf of DEUTSCHE BANK TRUST COMPANY AMERICAS.  (Desiderio, Christopher). |
| 90 | 12/8/2010 | 13306 | Objection to Motion /Ballyrock ABS CDO 2007-1 Limiteds Limited Objections To Debtors Motion And Proposed Order To Implement ADR Procedures Concerning Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Steven J. Fink on behalf of Ballyrock ABS CDO 2007-1 Limited. (Fink, Steven). |

- 16 -

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 91 | 12/8/2010 | 13307 | Objection to Motion Objection of U.S. Bank National Association as Trustee to the Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims of Debtors Under Derivative Contracts With Special Purpose Counterparties (related document(s)[13009]) filed by Ann E. Acker on behalf of U.S. Bank National Association. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) EXHIBIT C# (4) EXHIBIT D# (5) EXHIBIT E# (6) EXHIBIT F# (7) EXHIBIT G) (Acker, Ann). |
| 92 | 12/08/2010 | 13308 | Objection to Motion /OBJECTION OF THE BANK OF NEW YORK MELLON, THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AND BNY CORPORATE TRUSTEE SERVICES LIMITED TO DEBTORS MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVE CONTRACTS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES filed by Eric A Schaffer on behalf of The Bank of New York Mellon. with hearing to be held on 12/15/2010 (check with court for location) (Attachments: # (1) Exhibit A) (Schaffer, Eric). |
| 93 | 12/8/2010 | 13311 | Objection to Motion Limited Objection of Wellington Management Company, LLP to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims of Debtors Under Derivative Contracts With Special Purpose Counterparties (related document(s)[13009]) filed by Mark N. Berman on behalf of Wellington Management Company, LLP. (Berman, Mark). |

- 17 -

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 94 | 12/08/2010 | 13315 | Objection to Motion Joinder Of HSBC Bank USA, National Association, As Trustee, In Objection Of The Bank Of New York Mellon, The Bank Of New York Mellon Trust Company, N.A. And BNY Corporate Trustee Services Limited To Debtors Motion Pursuant To Section 105(a) Of The Bankruptcy Code And General Order M-390 For Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims Of Debtors Under Derivative Contracts With Special Purpose Vehicle Counterparties (related document 13308) (related document(s)[13009]) filed by Tina N. Moss on behalf of HSBC Bank USA, National Association. (Moss, Tina). |
| 95 | 12/08/2010 | 13323 | Objection Joinder of HSBC Bank USA, National Association, as Trustee in Objection of The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. and BNY Corporate Trustee Services Limited to the Debtors Motion Pursuant to Section 105(A) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties filed by David M. LeMay on behalf of HSBC Bank USA, National Association. (LeMay, David). |
| 96 | 12/08/2010 | 13326 | Objection of Credit Agricole Corporate and Investment Bank to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions With Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Andrew P. Brozman on behalf of Credit Agricole Corporate and Investment Bank.  (Brozman, Andrew). |

- 18 -

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 97 | 12/09/2010 | 13343 | Objection /Limited Objection of Bank of America, National Association Successor by Merger to LaSalle Bank National Association, Solely in its Capacity as Trustee under Certain Pooling and Servicing Agreements to the Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Michael E. Johnson on behalf of Bank of America, National Association successor by merger to LaSalle Bank National Association, in its capacity as the Libra Trustee. (Johnson, Michael). |
| 98 | 12/13/2010 | 13400 | Notice of Adjournment of Hearing on Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Richard W. Slack on behalf of Lehman Brothers Holdings Inc.. with hearing to be held on 1/13/2011 at 10:00 AM at Courtroom 601 (JMP) (Slack, Richard). |
| 99 | 1/06/2011 | 13822 | Objection to Motion /Objection of The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. and BNY Corporate Trustee Services Limited to Debtors Motion Pursuant to Section 105(A) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for Entry of an Order Clarifying the Scope of the Procedures for the Settlement of Prepetition Derivative Contracts (related document(s)[13638]) filed by Michael J. Venditto on behalf of The Bank of New York Corporate Trustee Services Limited, The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. with hearing to be held on 1/13/2011 (check with court for location) (Attachments: # (1) Certificate of Service) (Venditto, Michael). |

| | Case No. 08-13555(JMP) | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 100 | 1/06/2011 | 13823 | Objection to Motion Limited Objection Of The Minibond Noteholders To Debtors Motion Pursuant To Section 105(A) Of The Bankruptcy Code And General Order M-390 For Authorization To Implement Alternative Dispute Resolution Procedures For Affirmative Claims Of Debtors Under Derivatives Transactions With Special Purpose Vehicle Counterparties filed by Jason C. Davis on behalf of SIU LING CHING.  (Davis, Jason). |
| 101 | 1/06/2011 | 13827 | Declaration of Jason C. Davis in Support of Limited Objection of the Minibond Noteholders to Debtors Motion Pursuant to Section 105(A) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties filed by Jason C. Davis on behalf of KA KIN WONG. with hearing to be held on 1/13/2011 (check with court for location) (Attachments: # (1) Exhibit A# (2) Exhibit B) (Davis, Jason). |
| 102 | 1/11/2011 | 13886 | Response : Debtors Omnibus Response to Objections to Motion of the Debtors Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Richard W. Slack on behalf of Lehman Brothers Holdings Inc. (Slack, Richard). |
| 103 | 2/15/2011 | 14508 | Objection to Motion /Notice of Succession of U.S. Bank to the Objection of Bank of America National Association as Trustee to the Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivative Contracts with Special Purpose Counterparties (related document(s)[13009]) filed by Ann E. Acker on behalf of U.S. Bank National Association. (Acker, Ann). |

| Case No. 08-13555(JMP) | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 104 | 2/15/2011 | 14517 | Notice of Proposed Order : Notice of Second Revised Order to Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (related document(s)[13009]) filed by Richard W. Slack on behalf of Lehman Brothers Holdings Inc. (Slack, Richard). |
| 105 | 02/17/2011 | 14851 | Transcript regarding Hearing Held on 02/16/2011 10:05AM RE: Debtor's Motion of the Bank of Nova Scotia for Relief from the Automatic Stay; Debtor's Motion for Authorization and approval of a Settlement and Compromise Among Lehman Brothers Holding Inc., Lehman Commercial Paper Inc. and Swedbank AB, New York Branch; Debtor Lehman Commercial Paper Inc. and Swedbank AB, New York Barnch…et…al.  Remote electronic access to the transcript is restricted until 5/18/2011.  The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Reporting Company.].  (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 2/24/2011.  Statement of Redaction Request Due By 3/10/2011.  Redacted Transcript Submission Due By 3/21/2011.  Transcript access will be restricted through 5/18/2011.  (Villegas, Carmen) (Entered: 03/08/2011). |
| 106 | 03/03/2011 | 14789 | Order Signed on 3/3/2011 Regarding Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties. |

- 21 -

| Appellate Case No. 1:10-cv-00017-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 107 | 01/04/2010 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge James M. Peck dated November 23, 2009. Bankruptcy Court Case Numbers: 09-1120A, 08-B-13555 (JMP). Certified copies of file received.Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. Appellant Brief due by 1/22/2010.(bkar) (Entered: 01/04/2010) |
| 108 | 01/04/2010 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellants Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. (bkar) (Entered: 01/04/2010) |
| 109 | 01/04/2010 | 3 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL Document filed by Appellees HSBC USA, Inc., HSBC Holdings plc, HSBC Bank PLC, HSBC Bank (Cayman) Limited, Pacific International Finance Limited, Scott Aitken, Cereita Lawrence, Sarah Coombs, Janet Crawshaw, Sylvia Lewis. (bkar) (Entered: 01/04/2010) |
| 110 | 01/14/2010 | 4 | STIPULATION AND ORDER, that 1. Plaintiffs-Appellants shall file their opening appellate brief(s) on or by February 3, 2010; 2. Defendants-Appellees shall file their oppositions on or by March 5, 2010; 3. Plaintiffs-Appellants shall file their reply(ies) by April 6, 2010; and, 4. The notice of appeal that is the subject of docket number 10-CV-00096 shall be deemed related to this matter, and the foregoing schedule applies to both 10-CV-00017 and 10-CV-00096. This Court will hear oral argument on April 23, 2010, at 12:00 p.m. (Signed by Judge William H. Pauley, III on 1/14/10) (pl) (Entered: 01/15/2010) |
| 111 | 02/03/2010 | 6 | Appellant's BRIEF. Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. Appellee Brief due by 2/22/2010. (Attachments: #1 Appendix Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #2 Exhibit SA-1 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss |

- 22 -

| Appellate Case No. 1:10-cv-00017-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| | | | Complaint, #3 Exhibit SA-2 Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #4 Exhibit SA-3_Part 1 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #5 Exhibit SA-3_Part 2 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #6 Exhibit SA-4 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #7 Exhibit SA-5 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #8 Appendix Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #9 Tab 1 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #10 Tab 2 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #11 Tab 3 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #12 Tab 4 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #13 Tab 5 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting |

| Appellate Case No. 1:10-cv-00017-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
|  |  |  | HSBC Defendants' Motion to Dismiss Complaint, #14 Tab 6 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, # 15 Tab 7 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #16 Tab 8 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #17 Tab 9 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #18 Tab 10 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #19 Tab 11 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #20 Tab 12 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #21 Tab 13 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #22 Tab 14 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #23 Tab 15 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from |

- 24 -

| Appellate Case No. 1:10-cv-00017-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| | | | Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #24 Tab 16 Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #25 Tab 17 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal from Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint) (Davis, Jason) (Entered: 02/03/2010) |
| 112 | 03/05/2010 | 8 | MEMORANDUM OF LAW in Opposition *to Appeal from Bankruptcy Court*. Document filed by HSBC USA, Inc., HSBC Holdings plc, HSBC Bank PLC, HSBC Bank (Cayman) Limited, Scott Aitken, Cereita Lawrence, Sarah Coombs, Janet Crawshaw, Sylvia Lewis. (Attachments: #1 Appendix Special Appendix to Memo in Opposition, #2 Appendix of Unreported Authorities) (Sloane, Howard) (Entered: 03/05/2010) |
| 113 | 04/06/2010 | 10 | Appellant's REPLY BRIEF. Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. (Attachments: #1 Appendix of Exhibits in Support of Plaintiffs-Appellants' Reply in Support of Appeal From Bankruptcy Court Order Granting HSBC Defendants' Motion to Dismiss Complaint, #2 Exhibit 1, #3 Exhibit 2) (Davis, Jason) (Entered: 04/06/2010) |
| 114 | 04/19/2010 | 12 | SCHEDULING ORDER: that the oral argument scheduled for April 23, 2010 at 12:00 p.m. is rescheduled for April 23, 2010 at 2:45 p.m. (Signed by Judge William H. Pauley, III on 4/19/10) (pl) (Entered: 04/20/2010) |
| 115 | 05/06/2010 | 13 | TRANSCRIPT of proceedings held on 4/23/10 before Judge William H. Pauley, III. (pl) (Entered: 05/07/2010) |

- 25 -

| Appellate Case No. 1:10-cv-00017-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 116 | 08/09/2010 | 14 | MEMORANDUM & ORDER: For the reasons set forth in this Memorandum & Order, the Bankruptcy Court's dismissal of Counts One and Two against LBSF is affirmed, and its denial of leave to replead those claims derivatively against LBSF is reversed. The Bankruptcy Court's denial of leave to replead Counts One and Two against the Trustee is reversed. The Bankruptcy Court's dismissal of Count Three is vacated. This action is remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum and Order. (Signed by Judge William H. Pauley, III on 8/9/2010) (tro) (Entered: 08/09/2010) |

| Appellate Case No.: 1:10-cv-00096-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 117 | 01/07/2010 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge James M. Peck dated December 3, 2009. Bankruptcy Court Case Numbers: 09-1120A, 08-B-13555 (JMP). Certified copies of file received. Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. Appellant Brief due by 1/25/2010. (bkar) (Entered: 01/07/2010) |
| 118 | 01/07/2010 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellants Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu. (bkar) (Entered: 01/07/2010) |
| 119 | 01/07/2010 | 3 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL Document filed by Appellees HSBC USA, Inc., HSBC Holdings plc, HSBC Bank PLC, HSBC Bank (Cayman) Limited, Pacific International Finance Limited, Scott Aitken, Cereita Lawrence, Sarah Coombs, Janet Crawshaw, Sylvia Lewis. (bkar) (Entered: 01/07/2010) |

| Appellate Case No.: 1:10-cv-00096-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 120 | 01/14/2010 | 5 | STIPULATION AND ORDER, that 1. Plaintiffs-Appellants shall file their opening appellate brief(s) on or by February 3, 2010; 2. Defendants-Appellees shall file their oppositions on or by March 5, 2010; 3. Plaintiffs-Appellants shall file their reply(ies) by April 6, 2010; and, 4.  The notice of appeal that is the subject of docket number 10-CV-00096 shall be deemed related to this matter, and the foregoing schedule applies to both 10-CV-00017 and 10-CV-00096.  This Court will hear oral argument on April 23, 2010, at 12:00 p.m. (Signed by Judge William H. Pauley, III on 1/14/10) (pl) (Entered: 01/15/2010) |
| 121 | 02/03/2010 | 7 | Appellant's BRIEF.  Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu.  Appellee Brief due by 2/22/2010.  (Attachments: #1 Appendix Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #2 Exhibit SA-1 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #3 Exhibit SA-2 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #4 Exhibit SA-3_Part 1 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #5 Exhibit SA-3_Part 2 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #6 Exhibit SA-4 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #7 Exhibit SA-5 to Special Appendix to Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #8 Exhibit SA-6 to Special Appendix to Plaintiffs-Appellants' Brief in |

| Appellate Case No.: 1:10-cv-00096-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| | | | Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #9 Appendix Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #10 Tab 1 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #11 Tab 2 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #12 Tab 3 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #13 Tab 4 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #14 Tab 5 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #15 Tab 6 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #16 Tab 7 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #17 Tab 8 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #18 Tab 9 to Appendix of Unreported Authorities, Statutes and Opinion Cited |

623876_1

| Appellate Case No.: 1:10-cv-00096-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| | | | in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #19 Tab 10 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #20 Tab 11 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #21 Tab 12 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #22 Tab 13 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #23 Tab 14 to Appendix of Unreported Authorities, Statutes and Opinion Cited in Plaintiffs-Appellants' Brief in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint) (Davis, Jason) (Entered: 02/03/2010) |
| 122 | 03/05/2010 | 9 | Appellee's BRIEF.  Document filed by Lehman Brothers Special Financing Inc.. Appellant Reply Brief due by 3/18/2010. (Attachments: #1 Appendix A, #2 Exhibit 1 to Appendix A, #3 Appendix B, #4 Exhibit to Appendix B, #5 Appendix of Cited Authorities, #6 Exhibit to Case Appendix, #7 Exhibit to Case Appendix) (Slack, Richard) (Entered: 03/05/2010) |
| 123 | 03/05/2010 | 11 | JOINDER to join re: 9 Appellee's Brief, *Joinder of Intervenor Official Committee of Unsecured Creditors to Appellee Lehman Brothers Special Financing Inc.'s Brief on Appeal*.  Document filed by Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. (Liubicic, Robert)  (Entered: 03/05/2010) |

- 29 -

| Appellate Case No.: 1:10-cv-00096-WHP | | | |
|---|---|---|---|
| Designation No. | Filing Date or Document Date | Docket No. | Description |
| 124 | 04/06/2010 | 19 | Appellant's REPLY BRIEF. Document filed by Yin Ying Leung, Lai Mei Chan, Sing Heung, Ka Kin Wong, Siu Lui Ching, Chun Ip, Jin Liu.  (Attachments: #1 Appendix of Exhibits in Support of Plaintiffs-Appellants' Reply in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #2 Exhibit 1, #3 Exhibit 2, #4 Appendix Supplemental Appendix of Foreign Authorities in Support of Plaintiffs-Appellants' Reply in Support of Appeal From Bankruptcy Court Order Granting Lehman Defendant's Motion to Dismiss Complaint, #5 Tab 1, #6 Tab 2, #7 Tab 3) (Davis, Jason) (Entered: 04/06/2010) |
| 125 | 04/19/2010 | 21 | SCHEDULING ORDER: that the oral argument scheduled for April 23, 2010 at 12:00 p.m. is rescheduled for April 23, 2010 at 2:45 p.m.  (Signed by Judge William H. Pauley, III on 4/19/10) (pl) (Entered: 04/20/2010) |
| 126 | 09/09/2010 | 22 | MEMORANDUM & ORDER: For the reasons set forth in this Memorandum & Order, the Bankruptcy Court's dismissal of Counts One and Two against LBSF is affirmed, and its denial of leave to replead those claims derivatively against LBSF is reversed.  The Bankruptcy Court's denial of leave to replead Counts One and Two against the Trustee is reversed.  The Bankruptcy Court's dismissal of Count Three is vacated.  This action is remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum and Order.  (Signed by Judge William H. Pauley, III on 8/9/2010) (tro) (Entered: 08/09/2010) |

| Case No. 08-13555(JMP) Continued | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 127 | 12/14/2010 | 13494 | Notice of Agenda : *Notice of Amended Agenda of Matters Scheduled for Hearing on December 15, 2010 at 10:00 a.m.* filed by Lori R. Fife on behalf of Lehman Brothers Holdings Inc.. with hearing to be held on 12/15/2010 at 10:00 AM at Courtroom 601 (JMP) (Fife, Lori) (Entered: 12/14/2010) |

- 30 -

| | Case No. 08-13555(JMP) Continued | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 128 | 01/12/2011 | 13901 | Notice of Agenda *of Matters Scheduled for Hearing on January 13, 2011 at 10:00 a.m.* filed by Shai Waisman on behalf of Lehman Brothers Holdings Inc.. with hearing to be held on 1/13/2011 at 10:00 AM at Courtroom 601 (JMP) (Waisman, Shai) (Entered: 01/12/2011) |
| 129 | 02/15/2011 | 14503 | Notice of Agenda *of Matters Scheduled for Hearing on February 16, 2011 at 10:00 a.m.* filed by Shai Waisman on behalf of Lehman Brothers Holdings Inc.. with hearing to be held on 2/16/2011 at 10:00 AM at Courtroom 601 (JMP) (Waisman, Shai) (Entered: 02/15/2011) |
| 130 | 03/29/2011 | 15432 | Notice of Presentment *of Amended Order Authorizing the Debtors to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* filed by Robert J. Lemons on behalf of Lehman Brothers Holdings Inc.. with presentment to be held on 4/5/2011 at 02:00 PM at Courtroom 601 (JMP) Objections due by 4/4/2011, (Lemons, Robert) (Entered: 03/29/2011) |
| 131 | 03/31/2011 | 15494 | Statement of Issues *Plaintiffs-Appellants' Statement of Issues to be Presented on Appeal and Designation of Contents of the Record* (related document(s) 15143 ) filed by Jason C. Davis on behalf of Ka Kin Wong. (Davis, Jason) (Entered: 03/31/2011) |
| 132 | 04/04/2011 | 15598 | Objection *Plaintiffs' Objection to [Proposed] Sixth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* filed by Jason C. Davis on behalf of Ka Kin Wong. (Attachments: # 1 Exhibit A through C# 2 Exhibit D through H) (Davis, Jason) (Entered: 04/04/2011) |
| 133 | 04/11/2011 | 15818 | Response : *Debtors' Reply to Wong Plaintiffs' Objection to the Sixth Supplemental Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivatives Contracts* (related document(s) 15598 , 15432 ) filed by Robert J. Lemons on behalf of Lehman Brothers Holdings Inc.. (Lemons, Robert) (Entered: 04/11/2011) |

- 31 -

| Case No. 08-13555(JMP) Continued | | | |
|---|---|---|---|
| Designation Number | Filing Date or Document Date | Docket No. | Description |
| 134 | 04/14/2011 | 15999 | Sixth Supplemental Order Signed on 4/14/2011 Authorizing the Debtors to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts. (related document(s) 15432 ) (Nulty, Lynda) (Entered: 04/14/2011) |
| 135 | 04/13/2011 | 16088 | Transcript regarding Hearing Held on April 13, 2011 2:19 PM RE: PRETRIAL CONFERENCE re Kathleen Arnold and Timothy A. Cotten v. Lehman Brothers Holdings Inc. et. al.. Remote electronic access to the transcript is restricted until 7/12/2011. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 4/20/2011. Statement of Redaction Request Due By 5/4/2011. Redacted Transcript Submission Due By 5/16/2011. Transcript access will be restricted through 7/12/2011. (Richards, Beverly) (Entered: 04/18/2011) |

DATED:  May 12, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
LUKE O. BROOKS
JASON C. DAVIS
MATTHEW S. MELAMED


s/ Jason C. Davis
JASON C. DAVIS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
lukeb@rgrdlaw.com
jdavis@rgrdlaw.com
mmelamed@rgrdlaw.com

- 32 -

623876_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
DARRYL J. ALVARADO
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
dalvarado@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

GENOVESE JOBLOVE & BATTISTA, P.A.
JOHN H. GENOVESE
PAUL J. BATTISTA
DAVID C. CIMO
ROBERT F. ELGIDELY
Bank of America Tower, 44th Floor
100 Southeast Second Street
Miami, FL  33131
Telephone:  305/349-2300
305/349-2310 (fax)

Attorneys for Plaintiffs

- 33 -

# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                                          :
KA KIN WONG, et al.,                      :    10 Civ. 0017 (WHP)
                                          :    Appeal from Bankruptcy
          Plaintiffs/Appellants,          :    Case No. 08-13555 (JMP)
                                          :
          -against-                       :    MEMORANDUM & ORDER
                                          :
HSBC USA, INC., et al.,                   :
                                          :
          Defendants/Appellees.           :
------------------------------X
------------------------------X
                                          :
KA KIN WONG, et al.,                      :    10 Civ. 0096 (WHP)
                                          :    Appeal from Bankruptcy
          Plaintiffs/Appellants,          :    Case No. 08-13555 (JMP)
                                          :
          -against-                       :
                                          :
HSBC USA, INC., et al.,                   :
                                          :
          Defendants/Appellees.           :
                                          :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

          Plaintiffs/Appellants Ka Kin Wong and six other noteholders appeal from two

orders of the United States Bankruptcy Court for the Southern District of New York (Peck,

Bankr. J.) (the "Bankruptcy Court") dated November 23, 2009 and December 3, 2009 dismissing

their Class Action Complaint (the "Complaint") with prejudice. While the events giving rise to

this adversary proceeding are complicated, two discrete issues are presented on appeal: (1)

whether Plaintiffs have standing to sue, and (2) whether amendment of the Complaint would be

futile. For the following reasons, this Court affirms in part, reverses in part, and vacates in part

-1-

the Bankruptcy Court's orders.

## BACKGROUND

### I.  Parties on Appeal

Plaintiffs seek to represent a class of purchasers of structured finance notes—also known as "Minibonds"—between June 16, 2003 and September 15, 2008.  (Appellants' Designation of Contents of the Record Designation Number ("DN") 1: Complaint against HSBC, USA, et al. dated Mar. 12, 2009 ("Compl.") ¶ 1.)  Plaintiffs brought claims against Pacific International Finance Limited ("Pacific Finance" or the "Issuer"), the issuer of the Minibonds, as well as several other entities and individuals.  (Compl. ¶¶ 27-38.)  The underlying transactions and relationships among the various entities are opaque.

On appeal, Plaintiffs pursue their claims against only two entities: HSBC Bank USA, N.A. ("HSBC Bank" or the "Trustee"), and Lehman Brothers Special Financing, Inc. ("LBSF").  HSBC Bank is the trustee of collateral securing Pacific Finance's payment obligations to the Minibonds holders and LBSF.  In the Complaint, Plaintiffs mistakenly named HSBC Bank's predecessor as trustee, (DN 6 Ex. 2: Affidavit of Song Qun Sworn, Programme Prospectus dated Mar. 12, 2007 at 7), and now appeal the Bankruptcy Court's denial of leave to amend the Complaint to name HSBC Bank.  Defendant LSBF is a bankrupt Delaware corporation and a debtor in the underlying bankruptcy proceedings, which involve several Lehman entities (the "Lehman Bankruptcy").  (Compl. ¶¶ 38, 67.)

### II.  The Minibonds Program

Plaintiffs seek damages and injunctive relief relating to $1.6 billion in Minibonds

-2-

issued by Pacific Finance in separate, but virtually identical, series. (Compl. ¶ 45.) Pacific

Finance sold the Minibonds to retail investors located primarily in Hong Kong, and marketed

them as "credit-linked" to financially stable companies and backed by AAA-rated collateral.

(Compl. ¶¶ 45, 47, 51.) As a consequence of Lehman Brothers Holdings, Inc.'s ("Lehman

Brothers") collapse, the Minibonds are now worthless. (Compl. ¶¶ 67-69, 101-04.)

        While the Minibonds were issued by Pacific Finance, Lehman Brothers and other

Lehman entities designed the Minibonds program. (Compl. ¶¶ 46, 48, 50, 82.) The details of

Lehman Brothers' involvement emerged during an inquiry conducted by Hong Kong regulatory

authorities. In that proceeding, officers of HSBC Holdings Plc ("HSBC Holdings"), the

company at the top of the HSBC pyramid, testified that Lehman Brothers appointed HSBC Bank

as trustee of the Minibonds collateral.[1] (Compl. ¶ 82.) Lehman Brothers also compiled the

prospectus for each Minibonds series. (Compl. ¶ 82.) Pacific Finance existed only "to issue the

[Minibonds]. It [was for] all intents and purposes a creature of Lehman's design . . . . [Pacific

Finance was] not an active company . . . and HSBC's role as a Director [was] not an active role .

. . ." (Compl. ¶ 82.) Indeed, the Complaint alleges that Lehman Brothers and LBSF, not the

Issuer, "selected the collateral" for the Minibonds. (Compl. ¶ 50.)

        Pacific Finance secured its obligation to pay interest to the Minibonds holders

through two related transactions.[2] First, Pacific Finance purchased notes from Saphir Finance

Public Limited Company (the "Saphir Notes"). (DN 9 Ex.1, Ex. B: Tenth Supplemental Trust

---

[1]  The Hong Kong testimony in the Complaint does not distinguish among the various HSBC and
Lehman entities. At times, it is difficult to discern the specific entity referenced in the testimony.

-3-

Deed ("Tenth Deed") at 1.) The Saphir Notes were placed in trust with HSBC Bank as Trustee.

(Tenth Deed at 1.) Pacific Finance also executed a credit default swap agreement with LBSF.

(Tenth Deed at 1; Compl. ¶ 54.) Under the credit default swap, LBSF agreed to pay Pacific

Finance a sum equal to what Pacific Finance owed the Minibonds holders in exchange for the

interest earned by Pacific Finance on the Saphir Notes. (Tenth Deed at 15-16.) Because Lehman

Brothers and LBSF exercised control over the Minibonds program, Plaintiffs assert that LBSF

"negotiate[d] with itself over the essential terms of the swap agreements." (Compl. ¶ 50.)

        The Saphir Notes are governed by a principal trust deed and a supplemental trust

deed issued for each series of Minibonds. (Compl. ¶¶ 84-85.) These trust deeds and the

prospectuses advertising the Minibonds sale set forth the "duties and obligations" of the Trustee

and the Issuer. (Compl. ¶¶ 84-87.) The trust deeds contain, inter alia, provisions governing the

priority of payment in the event the Saphir Notes are liquidated. (Compl. ¶¶ 84, 90.) The parties

disagree about the operation of these provisions and who has priority to the Saphir Notes.

Choice of law provisions in the trust deeds provide that they are to be construed under English

law. (DN 9 Ex. 1: Principal Trust Deed ("Principal Trust Deed"), Sec. 17(a).) The prospectuses

represented that "neither Lehman Brothers Holdings, Inc. nor any of its subsidiaries or affiliates

has any equity interest in, or any control over, us [Pacific Finance/HSBC]." (Compl. ¶¶ 84, 87.)

        According to the Complaint, Pacific Finance is controlled by HSBC Bank

(Cayman) Limited ("HSBC Cayman"). (Compl. ¶ 29.) In turn, HSBC Cayman is controlled by

HSBC Holdings. (Compl. ¶ 31.) HSBC Holdings also controls the Trustee's predecessor,

---

[2] Plaintiffs brought claims against other entities and individuals alleging rights to collateral
purchased as part of additional transactions. (Compl. ¶¶ 8, 32-37, 110, 118.) Because Plaintiffs
do not appeal the Bankruptcy Court's dismissal of these claims, that collateral is not at issue.

-4-

HSBC Bank USA.[3] (Compl. ¶ 31.)

Another HSBC entity—HSBC Bank Plc—filed a claim for $234 million in the Lehman Bankruptcy. (DN 30 Ex. 6: Amended Schedule of Assets and Liabilities for Lehman Brothers at 3.) In addition, a Lehman Bankruptcy Examiner's report published after the orders on appeal discloses that HSBC Holdings and Lehman Brothers cooperated extensively during Lehman's collapse to ensure that Lehman Brothers satisfied its obligations to HSBC Holdings. (Report of Anton R. Valukas, Examiner, dated Mar. 11, 2010 at 1321-26.)

III. Procedural History

On October 3, 2008, LBSF filed for bankruptcy. (Counter-Designation of Items To Be Included In Record On Appeal ("C-DN") 10: Supplement to Proof of Claim in Chapter 11 Case of LBSF ¶ 10; Compl. ¶ 67.) Thereafter, LBSF's counsel informed HSBC Bank that any attempt to liquidate the Saphir Notes may be subject to the automatic stay provisions of the United States Bankruptcy Code and demanded the Trustee cease all further action. (DN 30 Ex. 5: Pls.' Opp'n to Def. [LBSF's] Mot. to Dismiss the Compl., Letter dated Nov. 25, 2008.) HSBC Bank complied.

On March 12, 2009, Plaintiffs filed an adversary proceeding in the Bankruptcy Court. Count One of the Complaint seeks a declaratory judgment that the Minibonds collateral is the property of the Minibonds holders, not the bankruptcy estate, based on breaches of contract and fiduciary duty by the Issuer and Trustee. (Compl. ¶¶ 97-108.) Count Two seeks to enjoin LBSF and the Trustee from impairing the Minibonds collateral and requests transfer of the

---

[3] This Court presumes that an amended complaint would include the same allegation.

collateral to the Minibonds holders. (Compl. ¶¶ 109-13.)  Count Three seeks a resulting or

constructive trust on the Minibonds collateral for the benefit of the Minibonds purchasers.

(Compl. ¶¶ 114-21.)  Finally, the remaining counts of the Complaint—Counts Four through

Thirteen—assert damages claims for breach of contract, breach of fiduciary duty, negligence,

unjust enrichment, and aiding and abetting against the Trustee, the Issuer, and the Issuer's

directors and parent company. (Compl. ¶¶ 122-89.)

On May 27, 2009, LBSF and HSBC Bank USA each moved to dismiss the

Complaint. (DN 5: Notice of HSBC USA, Inc.'s Mot. to Dismiss the [Complaint], Abstain or

Stay the Adversary Proceeding; DN 9: Notice of Mot. of [LBSF] for an Order Dismissing the

Adversary Compl.)

In a ruling from the bench, Bankruptcy Judge Peck dismissed the Complaint.  The

Bankruptcy Court dismissed Counts One through Three for lack of standing on three principal

grounds.  First, relying on the trust deeds and English law, the Bankruptcy Court held that

Plaintiffs lack standing to bring a direct claim against Defendants.  The relevant provisions of the

trust deeds state that "[a] person who is not a party to [the deed] has no right under the Contracts

(Rights of Third Parties) Act 1999 [("Contracts Act of 1999")] to enforce any term of [the deed]

except and to the extent (if any) that [the deed] expressly provides for such Act to apply to any of

its terms." (Principal Trust Deed at 3; Tenth Deed at 3).  The Bankruptcy Court held that

"[t]hese provisions fit squarely within the tenets of governing English law," which "provides that

it is a trustee and not a beneficiary of a trust that is the appropriate party to bring an action on

behalf of the trust beneficiaries." (Tr. of Nov. 18, 2009 Hr'g (the "Bankr. Ct. Ruling") at 25.)

Second, the Bankruptcy Court held that it would be futile to allow Plaintiffs to

-6-

amend the Complaint to bring a derivative claim on behalf of the Trustee. (Bankr. Ct. Ruling at 26.) Construing English law, the Bankruptcy Court concluded that a trust beneficiary may step into the shoes of the Trustee and sue on its behalf only in special circumstances. (Bankr. Ct. Ruling at 26.) Applying this standard, the Bankruptcy Court reasoned that (i) the "mere fact that the trustee has not filed a lawsuit [seeking to enforce Plaintiffs' right to the Minibonds collateral] is not a sufficient 'special circumstance;'" and (ii) the fact that an HSBC affiliate filed a proof of claim in the Lehman Bankruptcy does not establish that the Trustee is conflicted because "there is no allegation of any actual conflict." (Bankr. Ct. Ruling at 26.)

Third, the Bankruptcy Court concluded that it would be futile to allow amendment of the Complaint to name the proper trustee—HSBC Bank—"for the reasons set forth in this ruling." (Bankr. Ct. Ruling at 22.) However, it is not apparent from the transcript of the ruling what those reasons were.

The Bankruptcy Court also dismissed Counts Four through Thirteen because they were "not related to the debtors' proceedings." (Bankr. Ct. Ruling at 29.) The Bankruptcy Court stated that an adversary proceeding is considered related to a bankruptcy case "if the outcome might have a conceivable [e]ffect on the estate." (Bankr. Ct. Ruling at 28.) After noting that Counts Four through Thirteen "involve tort, breach of contract and breach of fiduciary duty claims against various defendants, none of whom are debtors" in the Lehman Bankruptcy, (Bankr. Ct. Ruling at 27), the Bankruptcy Court held that "[i]nasmuch as Counts [Four] through [Thirteen] comprise actions governed by foreign law between two or more non-debtors, such claims, regardless of the outcome, will not affect the debtor's bankruptcy cases. . . . Resolution of these claims will have no [e]ffect on the rights of debtors or creditors in the debtors'

-7-

bankruptcy cases, nor will it have any [e]ffect on the debtors' estates." (Bankr. Ct. Ruling at 29.)

## DISCUSSION

### I.   Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error and its

legal conclusions de novo. Fed. R. Bankr. P. 8013; In re Vouzianas, 259 F.3d 103, 107 (2d Cir.

2001); In re Bennett Funding Grp., Inc., 146 F.3d 136, 138 (2d Cir. 1998). The dismissal of a

complaint is a legal conclusion which is subject to de novo review. Selevan v. N.Y. Thruway

Auth., 584 F.3d 82, 88 (2d Cir. 2009) ("We review de novo a district court's dismissal of a

complaint for lack of standing."); see also Raine v. Lorimar Prods., Inc., 71 B.R. 450, 452

(S.D.N.Y. 1987) ("Because this is an appeal from [a Bankruptcy Court's] decision on a motion

to dismiss for failure to state a claim, purely legal considerations are involved, and thus this

court's review must be de novo."). When reviewing such a dismissal, a court "accept[s] all

factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor."

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Generally, "[a] bankruptcy court's denial of a request to amend [the complaint] is

reviewed for abuse of discretion." In re Calpine Corp., 406 B.R. 463, 472 (S.D.N.Y. 2009)

(citing In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005)). However, "[i]f that denial was

based on an interpretation of law," such as the determination that an amendment would be futile,

a court employs de novo review. See Dougherty v. Town of N. Hempstead Bd. of Zoning

Appeals, 282 F.3d 83, 87 (2d Cir. 2002); see also Ricciuti v. N.Y. City Transit Auth., 941 F.2d

119, 122-24 (2d Cir. 1991) (reviewing de novo the lower court's determination that amendment

-8-

would be futile).

A court "should freely give leave [to amend the Complaint] when justice so
requires." Fed. R. Civ. P. 15(a)(2). Particularly where a court grants a motion to dismiss, "the
usual practice is to grant leave to amend." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir.
1999). A court may deny leave to amend as futile only "if the proposed claim could not
withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Mach.
Corp., 310 F.3d 243, 258 (2d Cir. 2002). Indeed, futility means that it is "beyond doubt that the
plaintiff can prove no set of facts in support of his amended claims." Pangburn v. Culbertson,
200 F.3d 65, 70 (2d Cir. 1999) (quotations and citations omitted).

## II. Claims Against LBSF: Counts One & Two

Plaintiffs appeal the dismissal of their direct claims against LBSF and the denial
of leave to replead those claims derivatively. This Court addresses Count Three of the
Complaint separately for the reasons articulated in Section IV, infra.

### a. Direct Claim Against LBSF

Plaintiffs appeal the Bankruptcy Court's dismissal of their direct claims against
LBSF on two principal grounds: (1) Plaintiffs have standing under English law to sue LBSF
directly because LBSF is a co-beneficiary under the trust; and (2) the Bankruptcy Court's
reliance on the provisions of the trust deeds prohibiting non-parties from enforcing the deeds'
terms was misplaced. Because Plaintiffs lack standing under English law to bring a direct claim
against LBSF, this Court need not address Plaintiffs' second contention.

Under English law, a trustee generally has "a duty to protect and preserve the trust

-9-

estate for the benefit of the beneficiaries . . . ." Alsop Wilkinson v. Neary, [1996] 1 W.L.R.

1220, 1224 (Ch.). As such, "[n]ormally [it is] the trustee who has a right of action [and] is the

proper person to enforce [the trust]." Hayim v. Citibank NA, [1987] A.C. 730, 733 (P.C.); see

also Alsop, 1 W.L.R. at 1224 ("Trustees have a duty to . . . represent the trust in a third party

dispute."). Plaintiffs seek to circumvent this general principle by invoking the so-called

"beneficiaries dispute" theory. Under that theory, "where the dispute is between rival claimants

to a beneficial interest in the subject matter of the trust, . . . the duty of the trustee is to remain

neutral and . . . leav[e] it to the rivals to fight their battles." Alsop, 1 W.L.R. at 1225. Plaintiffs

argue this theory applies here because LBSF persuaded the Bankruptcy Court that it is a

beneficiary rather than a third party under the trust.

As a threshold matter, Plaintiffs mischaracterize the Bankruptcy Court's ruling.

The Bankruptcy Court did not describe LBSF as a trust beneficiary. Instead, relying on Gregson

v. HAE Trs. Ltd., [2008] EWHC 1006 (Ch.), the Bankruptcy Court found that the Trustee was

the appropriate party to bring an action on behalf of the trust beneficiaries. In Gregson, a trust

beneficiary brought suit against the director of a corporate trustee for impairment of trust

property. The beneficiary argued that a corporate trustee's claims against its directors are held

for the trust's beneficiaries, thereby empowering them to sue directly. Gregson, EWHC 1006 at

¶¶ 9, 22. The Gregson court rejected this notion and described the general rule that "a director of

a trustee company does not owe a fiduciary duty to the beneficiary of the trust," and absent that

duty, a trust beneficiary has no direct claim against the director. Gregson, EWHC 1006 at ¶¶ 44,

56, 69.

As the Gregson analysis illustrates, the core inquiry is whether the potentially

-10-

liable third party owed a duty to the trust's beneficiaries. See Gregson, EWHC 1006 at ¶¶ 44, 46, 57-58 (stating that if a direct claim against the directors was valid, it would "circumvent the clear and established principle that no direct duty is owed by the directors to the beneficiaries"); see also Roberts v. Gill & Co, [2010] UKSC 22, ¶¶ 46, 110 (S.C.) (beneficiary sought to amend to bring a derivative claim where it was "accepted that a claim that the [third parties] owed a duty of care to the beneficiaries would be difficult to sustain"). While LBSF is a party to the trust deeds, Plaintiffs do not allege the existence of any fiduciary relationship between themselves and LBSF. Accordingly, the Bankruptcy Court properly held that Plaintiffs lack standing under English law to sue LBSF directly.

b. Derivative Claims Against LBSF

The Bankruptcy Court also concluded that re-pleading derivative claims against LBSF would be futile because Plaintiffs cannot allege the existence of special circumstances. In making this determination, the Bankruptcy Court considered Plaintiffs' allegations that the Trustee failed to bring suit against LBSF and that an HSBC entity filed a proof of claim in the Lehman Bankruptcy.

Under English law, a trust beneficiary may bring a derivative suit against a third party when "special circumstances" are present. The "special circumstances" rule, articulated in Hayim v. Citibank NA, provides:

> [A] beneficiary has no cause of action against a third party save in special circumstances which embrace a failure, excusable or inexcusable, by the trustees to the beneficiary to protect the trust estate or to protect the interests of the beneficiary in the trust estate.

Hayim, A.C. 730 at 748. The Supreme Court of the United Kingdom recently addressed the

-11-

"special circumstances" rule and summarized the relevant authorities as follows:

> The special circumstances which were identified in the earliest
> authorities as justifying a beneficiary's action were fraud on the
> part of the trustee, or collusion between the trustee and the third
> party, or the insolvency of the trustee, but it has always been clear
> that these are merely examples of special circumstances, and that
> the underlying question is whether the circumstances are
> sufficiently special to make it just for the beneficiary to have the
> remedy.

Roberts, UKSC 22 at ¶¶ 46, 110 (emphasis added). The Supreme Court of the United Kingdom

noted that a court has "wide latitude in evaluating . . . special circumstances," taking into account

"all [of] the relevant circumstances." Roberts, UKSC 22 at ¶¶ 76, 78, 114.

      Through the prism of these English law principles, this Court concludes that the

Bankruptcy Court erred in finding that Plaintiffs cannot allege special circumstances. Despite

representations in the Minibonds prospectuses that neither Lehman Brothers nor any of its

subsidiaries exercised control over the Issuer, Lehman Brothers designed the Minibonds program

and directed the Issuer's activities. As a party to the trust deeds, LSBF was substantially

involved in that process. The Issuer then created a trust that, in certain circumstances, distributes

its only collateral to a Lehman entity, rather than the trust's sole beneficiary. Juxtaposed against

the promise that the Minibonds would be secured by highly-rated collateral, this is an odd result.

See Royal Brunei Airlines Sdn Bhd v. Tan, [1995] 2 A.C. 378, 386-87 (P.C.) ("If, for his own

purposes, a third party deliberately interferes in that relationship by assisting the trustee in

depriving the beneficiary of the property held for him by the trustee, the beneficiary should be

able to look for recompense to the third party as well as the trustee."); see also Roberts, UKSC

22 at ¶¶ 46, 110 ("[T]he underlying question is whether the circumstances are sufficiently special

to make it just for the beneficiary to have the remedy."); In re Field, [1971] 1 W.L.R. 555, 561

(Ch.) (holding that special circumstances existed and "justice require[d] that the plaintiff, who is the only other person interested [in the property], should be allowed to have [his claim] properly tried before a court"). Furthermore, the recently released Examiner's report reveals cooperation between HSBC and Lehman Brothers at the highest levels during Lehman Brothers' collapse. Given the totality of these circumstances, this Court cannot find that it is "beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999).

On appeal, the parties advance arguments concerning the operation of the trust deeds' payment priority provisions and potential class certification problems caused by a settlement arranged by Hong Kong regulatory authorities. While interesting, these arguments are extraneous to the issue of standing; they concern the merits of Plaintiffs' claims and are not before this Court on appeal. At this stage of the litigation, Plaintiffs should be permitted to replead Counts One and Two as derivative claims against LBSF. The Bankruptcy Court's denial of leave to replead is reversed.

## III. Claims Against the Trustee: Counts One & Two

Plaintiffs also contend that the Bankruptcy Court erred in denying leave to amend the Complaint to name HSBC Bank as the Trustee. The Bankruptcy Court held that amending the Complaint would be futile for the reasons set forth in its ruling, but did not articulate those reasons.

As an initial matter, the Bankruptcy Court's analysis of English case law ignored the differences between Plaintiffs' relationship with the Trustee and Plaintiffs' relationship with

-13-

LBSF and the other dismissed entities. Under English law, "the basic right of a beneficiary is to

have the trust duly administered in accordance with the provisions of the trust instrument . . . and

the general law." Target Holdings Ltd. v. Redferns, [1996] 1 AC 421, 434 (H.L.). When a

trustee unlawfully administers the trust, a trust beneficiary may sue the trustee directly. See

Hayim, A.C. at 735 ("The beneficiaries have a right to enforce the trust directly against the . . .

trustee."); Bartlett v. Barclays Bank Trust Co. Ltd., [1980] 2 W.L.R. 430, 444, 452 (Ch.)

(holding a trustee liable to the trust beneficiaries for willful "breach of trust"); see also Target

Holdings, 1 AC at 437 ("A trustee who wrongly pays away trust money . . . commits a breach of

trust and comes under an immediate duty to remedy such breach."). The Bankruptcy Court held

that the trustee is the proper party to bring suit on behalf of a trust beneficiary. While that may

explain Plaintiffs' lack of standing to sue LBSF directly, it does not resolve the issue of whether

a beneficiary has standing to sue his trustee. Indeed, Counts One and Two are premised on

alleged breaches of contract and fiduciary duty by the Trustee for failing to distribute the Saphir

Notes to Plaintiffs.

       The standing provisions of the trust deeds provide that a non-party to the trust has

no right under the Contracts Act of 1999 to enforce any of the deeds' terms. While the

Bankruptcy Court held that these provisions fit squarely within English law, it merely quoted the

provisions without analyzing their language or the statute on which they rely. Notably, the

Contracts Act of 1999 allows a non-party to a contract to enforce the contract's terms if they

"purport[] to confer a benefit on him," Contracts Act of 1999, c. 31, § 1 (U.K.), but expressly

states that it does not "affect any right or remedy of a third party that exists or is available apart

from th[e] Act." Contracts Act of 1999, c. 31, § 7. Thus, while the trust deeds deprive Plaintiffs

of rights derived from the Contracts Act of 1999, Plaintiffs may hold rights outside of the Act, an issue the Bankruptcy Court did not consider.

Finally, the Bankruptcy Court's rationale for dismissing Counts Four through Thirteen fails to render futile an amended complaint naming the correct trustee. The Bankruptcy Court reasoned that these counts involve questions of foreign law which will have no effect on the rights of debtors or creditors in the underlying bankruptcy. The applicable rule is that "[a] proceeding is 'related to' a [bankruptcy] case . . . if the outcome might have a 'conceivable effect' on the estate." In re New 118th LLC, 396 B.R. 885, 890 (Bankr. S.D.N.Y. 2008) (citing In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992)). A conceivable effect is one which "could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." In re New 118th LLC, 396 B.R. at 890 (citing In re Pacor, Inc., 743 F.2d 984, 994 (3d Cir. 1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35 (1995)). In this case, Plaintiffs seek to prevent the transfer of the Saphir Notes—worth $1.6 billion—to the bankruptcy estate. The effect of $1.6 billion on the bankruptcy estate is self-evident. Moreover, by instructing the Trustee to postpone distribution of the Saphir Notes, LBSF—not Plaintiffs—tethered the Saphir Notes to the Lehman Bankruptcy. Accordingly, the Bankruptcy Court's denial of leave to replead Counts One and Two against the Trustee is reversed.

## IV. Constructive & Resulting Trust Claims: Count Three

In Count Three of the Complaint, Plaintiffs seek to impose a constructive or

-15-

resulting trust on the Minibonds collateral. While the Bankruptcy Court made a passing

reference to these claims, it provided no analysis in its ruling. Understandably, the Bankruptcy

Judge was juggling a host of complex and urgent issues. Nonetheless, this Court cannot discern

why the constructive and resulting trust claims were dismissed. See In re Gucci, 309 B.R. 679,

685 (S.D.N.Y. 2004) ("This Court . . . has no way of knowing whether and to what extent the

defense or elements thereof were rejected as a matter of law, [and] the reasons for any such

rejection . . . ."). A constructive trust relies on equitable, as opposed to contractual and formal

trust, principles. See, e.g., Counihan v. Allstate Ins. Co., 194 F.3d 357, 361 (2d Cir. 1999) ("A

constructive trust is an equitable remedy . . . [whose] purpose is to prevent unjust enrichment.").

Without some analysis of why standing principles derived from the trust deeds' and English law

apply to claims for a constructive or resulting trust, denial of leave to replead Count Three

against both the Trustee and LBSF was inappropriate. See Pangburn, 200 F.3d at 70 (denial of

leave to replead is warranted only when it is "beyond doubt that the plaintiff can prove no set of

facts in support of [the] amended claims"). Moreover, it is not evident whether these claims are

governed by English law, an issue the Bankruptcy Court did not address. Accordingly, the

Bankruptcy Court's dismissal of Count Three is vacated and remanded for further consideration.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's dismissal of Counts One and

Two against LBSF is affirmed, and its denial of leave to replead those claims derivatively against

LBSF is reversed. The Bankruptcy Court's denial of leave to replead Counts One and Two

against the Trustee is reversed. The Bankruptcy Court's dismissal of Count Three is vacated.

This action is remanded to the Bankruptcy Court for further proceedings consistent with this

Memorandum and Order.

Dated: August 9, 2010
New York, New York


SO ORDERED:


WILLIAM H. PAULEY III
U.S.D.J.


*Counsel of Record:*

Jason C. Davis, Esq.
Robbins Geller Rudman & Dowd LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
*Counsel for Appellants*

Howard Grant Sloane, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY 10005
*Counsel for the HSBC Appellees*

-17-

Richard W. Slack, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
*Counsel for Appellee Lehman Brothers Special Financing, Inc.*

David S. Cohen, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1850 K Street, NW
Washington, DC 20006
*Counsel for Intervenor Official Committee of Unsecured Creditors of Lehman Brothers Holdings
Inc. et al.*

# EXHIBIT B

# DOC # 130

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

LEHMAN BROTHERS HOLDINGS INC., et al.,          Chapter 11
                                                No. 08-13555 (JMP)
                    Debtors.

_____x

_____x

LEHMAN BROTHERS SPECIAL FINANCING
INC.,

                    Plaintiff,

            -against-                           Adversary Proceeding
                                                No. 09-01242 (JMP)

BNY CORPORATE TRUSTEE SERVICES
LIMITED,

                    Defendant.

_____x

## DECISION AND ORDER GRANTING BNY CORPORATE TRUSTEE SERVICES LIMITED'S MOTION FOR LEAVE TO APPEAL

McMahon, J.:

## INTRODUCTION

BNY Corporate Trustee Services Limited ("BNY") moves for leave to appeal the July 19, 2010 order (the "Order") of the United States Bankruptcy Court for the Southern District of New York (Hon. James M. Peck) (the "Bankruptcy Court") granting summary judgment for Lehman Brothers Special Financing Inc. ("LBSF"). Judge Peck's Order memorialized his memorandum decision of January 25, 2010, which he described as "break[ing] new ground as to unsettled subject matter" and likely to be "controversial." Lehman Bros. Special Fin. Inc. v. BNY Corporate Tr. Servs. Ltd., 422 B.R. 407, 422 (Bankr. S.D.N.Y. 2010) ("LBSF"). For the reasons set forth herein, BNY's motion for leave to appeal is granted.

Copies mailed/faxed/handed to counsel on 9/29/10

## BACKGROUND

On September 18, 2008, Lehman Brothers Holdings Inc. ("LBHI"), one of the largest

investment banks in the U.S. at the time, filed for chapter 11 bankruptcy protection in the

Bankruptcy Court. LBSF, 422 B.R. at 411. Eighteen days later, on October 3, 2008, LBSF, an

LBHI subsidiary, filed its chapter 11 petition in the Bankruptcy Court. Id. at 413.

On May 20, 2009, LBSF initiated this adversary proceeding (the "Adversary

Proceeding") against BNY. Id. at 411. The Adversary Proceeding arises out of a complex series

of synthetic collateralized debt obligations ("CDOs") and related credit default swaps, and has

been further complicated by the pendency of parallel and potentially conflicting legal

proceedings in the United Kingdom (the "English Litigation").

The facts relevant to today's decision are not in dispute, and are set forth below. For

additional background information regarding the underlying structured financial transaction, the

English Litigation and the proceedings in the Bankruptcy Court, the reader should refer to the

Bankruptcy Court's January 25, 2010 decision, see id. at 410-14.

## I.     The Underlying Transaction

The Adversary Proceeding involves two series of credit-linked synthetic portfolio notes

(the "Notes") that are now held by non-party Perpetual Trustee Company Limited ("Perpetual"),

an Australian company. LBSF, 407 B.R. at 410, 413. The Notes were secured by various assets

and certain secured obligations (the "Collateral"), including credit default swap transactions

between LBSF and the issuer of the Notes (a special-purpose vehicle created by Lehman

Brothers International (Europe) called Saphir Finance Public Limited Co. ("Saphir")). Id. at

412-13. The Collateral was held by BNY in trust for creditors of Saphir, including LBSF (as

2

swap counterparty) and Perpetual (as the noteholder). Id. at 413. LBHI was the credit support

provider for LBSF's payment obligations under the swap agreements. Id. at 411.

Pursuant to the terms of the Transaction Documents, LBSF's interest in the Collateral

ordinarily takes priority over Perpetual's interest—this is called "Swap Counterparty Priority."

Id. at 413. However, in the event of a default by LBSF under a swap agreement, the Transaction

Documents provide for a "flip" from Swap Counterparty Priority to "Noteholder Priority," such

that Perpetual receives payments *before* LBSF. Id. Among the events of default under each of

the swap agreements are a filing in bankruptcy of any party to the transaction, including LBSF or

LBHI. See id.

On December 1, 2008, after LBHI and LBSF had separately filed for bankruptcy, Saphir

exercised its right to terminate the swap agreements, obligating it to redeem the Notes. Id. at

413-14. The question in this Adversary Proceeding is whether the Swap Counterparty Priority or

Noteholder Priority distribution scheme applies—i.e., whether Perpetual or LBSF has priority in

the payment of proceeds to satisfy Saphir's obligations. BNY holds the Collateral that is subject

to these competing claims.

## II.    The English Litigation

On May 13, 2009, Perpetual filed an action against BNY in the High Court of Justice,

Chancery Division (the "High Court"), seeking an order requiring BNY to pay it in accordance

with Noteholder Priority. LBSF, 422 B.R. at 410. One week later, LBSF intervened in the

English Litigation. Id. at 411. After a trial, the High Court (applying English law) ruled in favor

of Perpetual, holding, *inter alia*, that Noteholder Priority became effective on September 15,

2008, when LBHI filed for bankruptcy. See Perpetual Tr. Co. Ltd. v. BNY Corporate Tr. Servs.

Ltd., [2009] EWHC 1912, 2009 WL 2221998.

3

LBSF appealed the High Court's judgment. LBSF, 422 B.R. at 412. On November 6,

2009, the English Court of Appeal unanimously affirmed the High Court, finding, *inter alia*, that

the event "triggering" the flip from Swap Counterparty Priority to Noteholder Priority "was

LBHI filing for Chapter 11 which occurred on 15 September 2008, some 18 days before LBSF

filed for Chapter 11." Perpetual Tr. Co. Ltd. v. BNY Corporate Tr. Servs. Ltd., [2009] EWCA

(Civ) 1160, ¶ 69, 2009 WL 3643805.

On March 31, 2010, the Supreme Court of the United Kingdom agreed to hear LBSF's

appeal. (LBSF, No. 09-01242 (JMP), Docket No. 92, Ex. J.) BNY asserts, and LBSF does not

dispute, that a hearing is scheduled to take place in March 2011, and that an opinion is expected

to issue sometime in late 2011.

## III.    The Adversary Proceeding

### A.    LBSF's Complaint

On the same day it intervened in the English Litigation, LBSF initiated the instant

Adversary Proceeding against BNY. LBSF, 422 B.R. at 411.[1] Count I of LBSF's two-count

Complaint seeks a declaratory judgment that the contractual provisions modifying LBSF's

payment priority upon an event of default "constitute unenforceable *ipso facto* clauses" that

violate the Bankruptcy Code, 11 U.S.C. §§ 365(e)(1) and 541(c)(1)(B), and that, as a result,

"LBSF is entitled to payment under Swap Counterparty Priority." (LBSF, No. 09-01242 (JMP),

Docket No. 1 at 10.) Count II seeks a declaratory judgment that any action to enforce such

provisions "constitutes a willful violation of the automatic stay under [Bankruptcy Code] section

362(a)(3)." (Id. at 11.)

---

[1] On June 22, 2009, BNY moved to dismiss, arguing that Perpetual is an "indispensable party" under Federal Rule
of Civil Procedure 19. LBSF, 422 B.R. at 411. The Bankruptcy Court found that BNY had the capacity to
adequately represent Perpetual's interests in the litigation, and denied the motion. Id.

**B.    Inter-Court Communication**

From the start, "[t]he interplay between [the Adversary Proceeding] and the English

Litigation has been obvious . . . , and both [the Bankruptcy] Court and the English Courts have

been aware of the potential for conflicting rulings due to differences in the law being applied."

LBSF, 422 B.R. at 411.  Judge Peck and the parties agreed that the Bankruptcy Court should

"communicat[e] with the High Court regarding coordination of and cooperation with respect to

the litigation here and in London."  See id. at 412; see also 11 U.S.C. § 1501 et seq. (providing

for cooperation and direct communication between U.S. and foreign courts in cases of cross-

border insolvencies).

Numerous such inter-court communications have occurred.  For example, after LBSF and

BNY cross-moved for summary judgment, Judge Peck wrote to the High Court, requesting that it

not make any final disposition until "I am able to consider and rule on the United States

bankruptcy law issues raised in the summary judgment briefing" and stating that, "Once I have

considered and ruled on the issues in the Adversary Proceeding, I intend to communicate further

with your Lordship in an attempt to reach a coordinated result in light of each Court's ruling."

(LBSF, No. 09-01242 (JMP), Docket No. 92, Ex. A at 2.)

The High Court responded that it "look[ed] forward to receiving [the Bankruptcy

Court's] rulings in due course and any further requests," and that it welcomed "further co-

operat[ion]." (Id. Ex. B at 2.)  After the English Court of Appeal affirmed the High Court on

November 6, 2009, the High Court sent another letter to the Bankruptcy Court, requesting that it

not enter an order that would conflict with the Court of Appeal's judgment—specifically, that the

Bankruptcy Court "not . . . make any order which would either (a) require BNY to act in any

particular way with the collateral or its proceeds; or (b) declare that BNY is required to act or

5

deal in any particular way with the collateral or its proceeds, until . . . further communication has taken place between the US and English courts." (Id. Ex. D at 2); see LBSF, 422 B.R. at 412.

## C.    The Bankruptcy Court's Memorandum Decision

On January 25, 2010, the Bankruptcy Court issued a "Memorandum Decision Granting Motion for Summary Judgment and Declaring Applicable Payment Priorities." LBSF, 422 B.R. 407, 410. Judge Peck's opinion granted summary judgment to LBSF, holding that "the provisions in the Transaction Documents purporting to modify LBSF's right to a priority distribution solely as a result of a chapter 11 filing constitute unenforceable *ipso facto* clauses" under 11 U.S.C. §§ 365(e)(1) and 541(c)(1)(B), and that "any attempt to enforce such provisions would violate the automatic stay" under § 362(a). Id. at 420-21. Judge Peck indicated that he would enter a declaratory judgment memorializing the decision. Id. at 422.

At the outset of his opinion, Judge Peck confronted BNY's argument that, pursuant to principles of comity and res judicata, the Bankruptcy Court should defer to the English courts' determinations that LBHI's chapter 11 filing on September 15, 2008 was the trigger event for the flip in payment priorities. Id. at 416. Judge Peck declined to afford preclusive effect to the English judgments because he concluded that the English courts had not taken into account the relevant provisions of U.S. bankruptcy law, which afford debtors broader protections than those available under applicable foreign law. Id. at 417-18.

Judge Peck ultimately reached the scope of the *ipso facto* protections provided by §§ 365(e)(1) and 541(c)(1)(B) of the Bankruptcy Code. Those sections prohibit the modification of a debtor's right solely because of a provision in an agreement conditioned on "the commencement of *a case* under this title." 11 U.S.C. §§ 365(e)(1), 541(c)(1)(B) (emphasis added).

6

Relying on his interpretation of the legislative history and "plain meaning" of these *ipso facto* provisions, Judge Peck held that they apply to contract terms conditioned on the commencement of "presumably any [bankruptcy] case that is related in some appropriate manner to the contracting parties." LBSF, 422 B.R. at 419. Judge Peck acknowledged that this interpretation was unprecedented, stating that, "No case has ever declared that the operative bankruptcy filing is not limited to the commencement of a bankruptcy case by the debtor-counterparty itself but may be a case filed by a related entity." Id. at 422. He further admitted that his interpretation of the Bankruptcy Code's *ipso facto* provisions as applying "to cases filed by debtors other than the counterparty itself has the potential of opening up a proverbial 'can of worms' that may lead to speculation as to the nature and degree of the relationship between debtors that is needed in order to properly apply the provision." Id. at 419.

Judge Peck then applied his novel statutory interpretation to the circumstances at hand, and concluded that the separate bankruptcy filings of LBHI and its affiliates, including LBSF, constituted "a singular event" for *ipso facto* purposes—but not for purposes of "any other legal determination that may relate to the date of commencement of a case." Id. at 420. Accordingly, Judge Peck held that LBHI's petition "entitled LBSF, consistent with the statutory language, fairly read, to claim the protections of the *ipso facto* provisions of the Bankruptcy Code because its ultimate corporate parent and credit support provider, at a time of extraordinary panic in the global markets, had filed a case under the Bankruptcy Code." Id.

D.    **Further Communication with the High Court**

At the close of his decision, Judge Peck reiterated that "[the] situation . . . calls for the parties, this Court and the English Courts to work in a coordinated and cooperative way to identify means to reconcile the conflicting judgments," and "direct[ed]" that the parties attend a

status conference to be held . . . for purposes of exploring means to harmonize the decisions of this Court and the English Courts." LBSF, 422 B.R. at 423.

After the status conference on February 19, 2010, Judge Peck wrote to the High Court, with the parties' consent, explaining that: "I limited my ruling so as to award only a declaratory judgment as to the nature of United States bankruptcy law on th[e] issue [of whether 'a shift in payment priority to favor Perpetual based on the bankruptcy filings of either LBSF or its corporate parent, [LBHI], would violate the *ipso facto* prohibitions of the United States Bankruptcy Code']. I have not entered an order requiring BNY to tender the collateral to LBSF at this time. Prior to entering any such order, I wish first to communicate with your Lordship in an effort to reach a coordinated resolution of these matters." (LBSF, No. 09-01242 (JMP), Docket No. 92, Ex. G at 1.) Judge Peck "request[ed] that Your Lordship recognize and give effect to my January 25, 2010 declaratory judgment in the cases pending before you in a manner that you deem appropriate." (Id. at 2.)

On March 10, 2010, and again on March 31, the date the English Supreme Court accepted LBSF's appeal, the High Court responded, stating that it was "not proposing to have any further hearings pending the outcome of the appeal," and that "the position under English law is unclear until the appeal is decided." (LBSF, No. 09-01242 (JMP), Docket No. 92, Ex. J at 1.)

E.    The Bankruptcy Court's July 19, 2010 Order

On July 19, 2010, the Bankruptcy Court entered an Order memorializing its January 25 decision in favor of LBSF. In the months following the decision, LBSF had opposed the entry of any such order, forcing BNY to move for the entry of an order. (See Decl. of Randy M. Mastro in Supp. of Mot. of BNY for Leave to Appeal, Aug. 2, 2010 ("Mastro Decl."), Ex. H;

8

LBSF, No. 09-01242 (JMP), Docket No. 90.) At the June 30, 2010 hearing on BNY's motion,

Judge Peck stated:

> It was never my contemplation, given the existing communication
> that took place between this Court and the High Court in London,
> that I was setting up a multiyear double-blind appellate process. It
> was, in fact, my view that I was simply entering a memorandum
> decision that was, at that point, regardless of the form of order,
> interlocutory in nature. . . . I am anxious to maintain the
> cooperative posture with my colleagues in the UK and to be in a
> position to try to ameliorate the potentially conflicting aspects of
> applying the law.

(LBSF, No. 09-01242 (JMP), Docket No. 99 at 55.) Ultimately, at the conclusion of the hearing,

Judge Peck decided to enter an order, "because it will at least get us past this episode in the

litigation." (Id. at 56.)

Accordingly, a few days later, Judge Peck entered an Order granting LBSF's motion for

summary judgment and ordering that:

> the contractual provisions . . . that purport to modify LBSF's
> payment priority as a result of its chapter 11 filing and the chapter
> 11 filing of LBSF's corporate parent, [LBHI], are unenforceable
> *ipso facto* clauses under United States Bankruptcy Code sections
> 365(e)(1) and 541(c)(1)(B), and any action to enforce such
> provisions is prohibited by the automatic stay under Bankruptcy
> Code section 362(a).

(Mastro Decl. Ex. A at 3-4.) The Order further stated that "in view of this Court's expectation

that further coordination and communication between the High Court and this Court shall take

place," it is

> ORDERED that, consistent with the statements made by the Court
> on the record of the hearing on June 30, 2010, this Order is
> interlocutory; and it is further
>
> ORDERED that this Court shall retain jurisdiction to hear and
> determine all matters arising from or related to the implementation
> and/or interpretation of this Order.

9

(Id.) BNY's motion for leave to appeal the Order followed.

## DISCUSSION

BNY first asserts that the Bankruptcy Court's Order is final and therefore appealable as of right pursuant to 28 U.S.C. § 158(a)(1). However, most of the space in BNY's papers is spent arguing that, even if the Order is not final, the Court should grant BNY leave to appeal the Order on an interlocutory basis pursuant to § 158(a)(3).

The Court will assume, without expressly deciding, that Judge Peck's self-styled "interlocutory" Order is, in fact, not final. The Court does so because, as explained below, it is readily apparent that the Order satisfies the requirements for granting an interlocutory appeal. Accordingly, the Court grants BNY's motion for leave to appeal.

## I.    The Bankruptcy Court's Order Warrants Interlocutory Appeal

Appeals from non-final bankruptcy court orders may be taken pursuant to 28 U.S.C. § 158(a)(3). In deciding whether to grant leave to appeal, reviewing courts apply the standards of 28 U.S.C. § 1292(b), which governs interlocutory appeals from district court orders. See, e.g., In re Enron Corp., No. 01-16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006).

Interlocutory review is warranted under § 1292(b) if (1) the order being appealed "involves a controlling question of law," (2) there is "substantial ground for difference of opinion" as to that question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Second Circuit has cautioned, "use of this certification procedure should be strictly limited because 'only 'exceptional circumstances' [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (quoting Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir.1990)). "The

decision whether to grant an interlocutory appeal from a bankruptcy court order lies with the district court's discretion." In re Enron Corp., 2006 WL 2548592, at *3.

Here, LBSF concedes that the Bankruptcy Court's Order involves controlling questions of law. (LBSF's Mem. in Opp'n to BNY's Mot. for Leave to Appeal, Aug. 16, 2010 ("LBSF Mem."), at 32.) For the reasons discussed below, the second and third prongs of § 1292(b) are also satisfied.

### A.    There Is Substantial Ground for Difference of Opinion

Substantial ground for difference of opinion "must arise out of a genuine doubt as to whether the Bankruptcy Court applied the correct legal standard." In re Enron Corp., No. 01-16034, 2006 WL 2548592, at *4 (S.D.N.Y. Sept. 5, 2006). The substantial ground requirement may be met when there is conflicting authority on the issue, id., or the issue is "difficult and of first impression" in this Circuit, Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990). Indeed, "When a controlling question of law presents an issue of first impression, permission to appeal is often granted." In re Enron Creditors Recovery Corp., No. 01-16034, 2009 WL 3349471, at *6 (S.D.N.Y. Oct. 16, 2009). However, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). The district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." Id. (internal quotations and citation omitted).

Judge Peck's decision resolved a difficult, dispositive legal question of first impression. He forthrightly acknowledged that his unprecedented ruling—which he predicted would be "controversial"—was the "first such interpretation of the *ipso facto* language" in the Bankruptcy

11

Code. LBSF, 422 B.R. at 422. He stated that he was not aware of any case that "has ever

declared that the operative bankruptcy filing is not limited to the commencement of a bankruptcy

case by the debtor-counterparty itself." Id. Indeed, prior cases in this and other circuits appear

to assume—albeit in circumstances that are factually distinguishable—that the Bankruptcy

Code's *ipso facto* provisions invalidate clauses that condition an event of default on the

contracting party's *own* bankruptcy filing. See, e.g., In re Chateaugay Corp., No. 92 CIV.

7054(PKL), 1993 WL 159969, at *5 (S.D.N.Y. May 10, 1993) (interpreting §§ 365(e)(1) and

§ 541(c) as "render[ing] unenforceable contract provisions that altered the rights or obligations

of a debtor as a result of the *debtor's* commencement of a case under the Bankruptcy Code"

(emphasis added)); accord, e.g., In re EBC I, Inc., 356 B.R. 631, 640 (Bankr. D. Del. 2006)

(describing *ipso facto* clauses as provisions "by which a contract is terminated as a result solely

of the debtor's insolvency or bankruptcy").

In short, Judge Peck's decision involved a difficult question of first impression in this

(and, apparently, any other) Circuit. That is enough to establish substantial ground for difference

of opinion. See, e.g., Klinghoffer, 921 F.2d at 25; In re Trace Int'l Holdings, Inc., No. 04 Civ.

1295(KMW), 2009 WL 3398515, at *3 (S.D.N.Y. Oct. 21, 2009); Republic of Colom. v. Diageo

N. Am., Inc., 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007).

Furthermore, BNY has pointed to numerous legal and other commentaries questioning

the correctness of Judge Peck's ruling. See, e.g., Latham & Watkins LLP, Client Alert, The

"Flip" Flap: Lehman Bankruptcy Judge Invalidates Payment Priority Clause, at 4 (May 13, 2010)

(Decl. of Randy M. Mastro in Further Supp. of Mot. by BNY for Leave to Appeal, Aug. 23,

2010 ("Mastro Reply Decl."), Ex. B) ("[T]his decision is troubling for a number of reasons

. . . ."); Hunton & Williams LLP, Client Alert, Bankruptcy Court Rules for Lehman on Flip

12

Clause, at 2 (Feb. 2010) (Mastro Reply Decl. Ex. A) ("[W]e believe that there are significant arguments that the decision is wrong in a number of respects."); Cleary Gottlieb Steen & Hamilton LLP, Alert Memo, Lehman Bankruptcy Court Holds That CDO Provision Subordinating Swap Termination Payments to Lehman Is Unenforceable, at 5 (Jan. 26, 2010) (Mastro Reply Decl. Ex. C) ("This case . . . creates significant uncertainty regarding which contractual provisions constitute unenforceable *ipso facto* clauses under the Bankruptcy Code.").

LBSF meekly responds, citing a single article, that the commentary on the Bankruptcy Court's decision has, in fact, been "mixed." (LBSF Mem. at 40 n.11.) But even that lone article, which predicts that Judge Peck's decision will be upheld on appeal, supports BNY's position that an interlocutory appeal is warranted—it highlights the "groundbreaking nature" of Judge Peck's ruling, and warns of the possibility that "savvy guarantors will soon begin to use the 'related entity bankruptcy' ploy as a means of invalidating *ipso facto* cross-corporate default provisions." Dan Schechter, Debtor's Prepetition Loss of Priority Under Springing Subordination Agreement Triggered by Parent Corporation's Bankruptcy Filing Is Unenforceable Ipso Facto Provision, 2010 Com. Fin. Newsl. 16 (2010). Moreover, even if LBSF were correct that mainstream views are "mixed," that is consistent with the conclusion that "substantial ground for difference of opinion" exists.

In sum, the Court concludes that there is substantial ground for difference of opinion over whether Judge Peck applied the correct legal standard in reaching his decision that LBHI's bankruptcy filing entitled LBSF to claim the protections of the *ipso facto* provisions. Thus, the Bankruptcy Order satisfies the second element required by § 1292(b) for interlocutory appeal.

13

**B.    Review Will Materially Advance the Ultimate Termination of the Litigation**

The third prong of the § 1292(b) analysis is whether immediate review of the Bankruptcy Court's order "may materially advance the ultimate termination of the litigation." This prong, like the other two, is satisfied.

Judge Peck's decision resolved controlling questions of law that may dispose of the ultimate issue in this Adversary Proceeding—that is, whether Swap Counterparty Priority or Noteholder Priority applies. Accordingly, immediate review of his ruling will materially advance the ultimate termination of the litigation. See In re Enron Corp., No. 01-16034, 2006 WL 2548592, at *8 (S.D.N.Y. Sept. 5, 2006) (finding that "[t]he third prong is easily met" where, as here, "granting leave to appeal . . . may result in the disposition of the Adversary Proceedings in their entirety").

Nor do there appear to be any factual disputes that might impede this Court's review of the Bankruptcy Court's decision. As Judge Peck noted at the outset of his opinion, "The parties acknowledge that there are no genuine issues of material fact and that the questions presented purely involve the application of relevant provisions of the Bankruptcy Code to undisputed facts." LBSF, 422 B.R. at 413.

LBSF, in arguing that immediate review of Judge Peck's Order would *not* materially advance this litigation, relies exclusively on the pendency of the proceedings in England. It asserts that an interlocutory appeal would actually *prolong* the ultimate termination of the litigation because "[t]he Bankruptcy Court would be precluded from effectively communicating with the English court until BNY's appeals are exhausted," and that no such appeal should go forward because it might be rendered "moot" by the final result in the English Litigation. (LBSF Mem. at 38.)

14

These contentions are easily discounted. LBSF cannot credibly claim that an immediate appeal would delay the ultimate termination of the litigation when LBSF is apparently (if not expressly) taking the position that U.S. courts should essentially do *nothing* while waiting for the English Litigation to run its course. LBSF's assertion that the English Litigation could somehow "moot" any appeal is somewhat puzzling, particularly in light of LBSF's view (adopted by the Bankruptcy Court) that U.S. bankruptcy law governs the dispute.

In the end, it is not difficult to see LBSF's arguments for what they really are: an attempt to use the English proceedings to insulate Judge Peck's decision from appellate review for as long as possible. For many months, LBSF opposed the entry of any order memorializing the Bankruptcy Court's decision; now, it vigorously seeks to forestall any review. LBSF's efforts to shield Judge Peck's unprecedented and—for LBSF—extremely favorable decision from review are, of course, not surprising; indeed, LBSF does not deny that, since the decision was handed down, it has used it as leverage in settlement negotiations concerning billions of dollars worth of similar transactions. LBSF's desire to insulate Judge Peck's ruling from appellate scrutiny only further demonstrates the need for immediate review.

For the reasons set forth above, the Court concludes that the Bankruptcy Court's Order satisfies the third and final requirement for an interlocutory appeal.

### C.    Extraordinary Circumstances Are Present

The Bankruptcy Court's Order not only meets the § 1292(b) test on its face; it also presents precisely the sort of "extraordinary circumstances" that warrant an interlocutory appeal.

Judge Peck's decision is of obvious and critical importance to the LBHI bankruptcy, as it could allow LBSF to recover billions of dollars from various other structured finance deals that would otherwise be distributed to noteholders. Beyond the LBHI bankruptcy—which is itself a

massive and extraordinary proceeding—Judge Peck's interpretation of the Bankruptcy Code's *ipso facto* provisions has potentially far-reaching ramifications for the international securities markets, and has triggered significant uncertainty in the financial community. See, e.g., Aline van Duyn & Nicole Bullock, Lehman Ruling Creates New Doubts for CDOs, Fin. Times, Feb. 9, 2010 (Mastro Decl. Ex. C) (stating that "uncertainty looms" as a result of the Bankruptcy Court's Decision, and that the ruling "may turn the conventional wisdom which has driven many of these deals on its head"); Andrew Cavenagh, Dante's Inferno, FTSE Global Markets, June 2010 (Mastro Decl. Ex. J), at 14-18 ("[A]ttempts to revive securitisation in the US and Europe are hamstrung by doubts over whether a fundamental historical tenet of the business—that securitised bonds are protected from the bankruptcy of the deal's participants—will withstand legal scrutiny."). Indeed, at the June 30, 2010 hearing on BNY's motion for entry of an order embodying the Bankruptcy Court's decision, Judge Peck "recognize[d] the importance" of his ruling "to parties who are not in the room, including . . . market participants who are looking at the risks of securitization transactions in light of the consequences of the *ipso facto* clause as I have interpreted those consequences." (LBSF, No. 09-01242 (JMP), Docket No. 99 at 53-54.)

LBSF essentially acknowledges that Judge Peck's decision upset market expectations, but counters that "it is perfectly appropriate for a court to upset those expectations if they are contrary to the law." (LBSF Mem. at 40.) That may be. And to be clear, this Court is not suggesting that the financial community's reaction to Judge Peck's decision necessarily casts doubt on its *legal* correctness.[2] But the decision's potentially game-changing effect on the structured finance business *does* militate in favor of reviewing the decision *now*—not months, or even years, from now.

---

[2] Nor, for that matter, should anything in today's decision be interpreted as indicative of whether this Court will or will not uphold Judge Peck's decision; the Court expresses no opinion on the merits of BNY's appeal.

16

In sum, having found that the Bankruptcy Court's Order meets the requirements of

§ 1292(b) and presents extraordinary circumstances warranting an interlocutory appeal, the Court

holds that immediate review of Judge Peck's decision is appropriate.

### CONCLUSION

For the reasons set forth above, BNY's motion for leave to appeal the Bankruptcy

Court's July 19, 2010 Order is granted.  The parties must appear on Friday, October 1, 2010, at

12:30 p.m., for a conference to set an expedited briefing schedule for the appeal.


Dated: September 20, 2010

                                            _____
                                                        U.S.D.J.


BY FAX TO ALL COUNSEL


17