HEARING DATE AND TIME: June 2, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: May 18, 2011 at 4:00 PM (Eastern Time)

**Cynthia Flackman**
**105 Pine Brook Road**
**Montville, New Jersey 07045**
**Telephone: (212) 476-8142  (Work)**
**Telephone: (973) 335-9512  (Home)**

**Creditor under Proof of Claim Number 4709**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtor: LEHMAN BROTHERS HOLDINGS INC


RECEIVED
MAY - 9 2011
U.S. BANKRUPTCY COURT, SDNY
JMP

RESPONSE:
IN OPPOSITION TO DEBTORS'
ONE HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS
(TO RECLASSIFY THE FOLLOWING PROOF OF CLAIM AS AN EQUITY INTEREST)

| CLAIM TO BE RECLASSIFIED ||
|---|---|
| **Creditor Name and Address:** | |
| FLACKMAN, CYNTHIA | Claim Number:                                              4709 |
| 105 PINE BROOK ROAD | Date Filed:                                              6/1/2009 |
| MONTVILLE, NJ 07045 | Debtor:                                               08-13555 |
| | Classification and Amount         UNSECURED:  $ 46,832.00 |

**BASIS FOR THE AMOUNT OF THE CLAIM:**

**This is a claim for unpaid wages, previously filed with the court as Claim Number 4709 on June 1, 2009.  A portion of annual compensation was withheld for each of the years 2003 through 2007 for eventual settlement as RSU's (Restricted Stock Units) when vested.**

**As stated in Claim Number 4709, the amounts are documented in compensation paperwork for the years 2003 through 2007, maintained by Human Resources. Such documents are entitled "Lehman Brothers... (Applicable Compensation Year)... Total Compensation Statement".**

Additional support for this claim is marked as Exhibit 1 and included in this document as page 5. The supporting document is Lehman Brothers 2007 Total Compensation Statement for Employee 10068189 – which confirms the total compensation earned for 2007 as a fixed amount, denominated in US dollars, with a portion of the earned compensation total withheld for future settlement in restricted stock units. Similar documents support the unpaid compensation amounts for the years 2003 through 2006 that are included in Claim Number 4709. The 2007 document is included to further illustrate the substance of Claim Number 4709 that the compensation earned and withheld for those years has not been paid and should remain as a claim against the debtor's estate for unpaid compensation.

**STATEMENT SETTING FORTH REASONS WHY THE CLAIM SHOULD NOT BE RECLASSIFIED for the reasons set forth in the One Hundred Thirty-First Omnibus Objection To Claims:**

1) WHEREAS, Chapter 11 Section 101 of the United States Bankruptcy Code provides that the term "claim" means:

   (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

   (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2) WHEREAS, Chapter 11 Section 101 of the United States Bankruptcy Code provides that the term "creditor"… (includes)…:

   (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

3) WHEREAS, Claim Number 4709 is a claim for unpaid compensation for services performed for Lehman Brothers for the years 2003 through 2007

4) WHEREAS, creditor Cynthia Flackman adjusted the amount claimed to remove July 2008 RSU's that were not included in the 2008 compensation statement,

This **STATEMENT OF OPPOSITION TO DEBTORS' ONE HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS** to reclassify Claim Number 4709 as an equity interest is hereby respectfully submitted.

5) Notwithstanding the fact that the Debtor's objection has aptly described the nature of equity securities and related instruments that may be broadly categorized as equity securities, the DEBTORS' ONE HUNDRED THIRTY-FIRST

OMNIBUS OBJECTION TO CLAIMS is without merit with regard to Cynthia Flackman's Claim Number 4709 because the DEBTORS' ONE HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS is entirely based on the intended form of payment and does not address the substance of the liability to the creditor, Cynthia Flackman, for unpaid wages.

6) WHEREAS, certain standard published LehmanLive documentation, associated with RSU's, was submitted to support the quantification of the debtor's liability for unpaid wages, Claim Number 4709 is not an assertion of an equity interest in the debtor. The characterization of Claim Number 4709 as unpaid wages is further supported by the reduction to the value of the claim taken by Cynthia Flackman in quantifying the debtor's liability for unpaid wages, as noted in item 4 (above). The July 2008 RSU's that were never presented as compensation were removed from Claim Number 4709, further distinguishing the nature of the debtor's liability under Claim Number 4709 as unpaid compensation.

7) WHEREAS, a liability with an underlying fair value stated in US Dollars may be settled in an alternate currency, a financial security such as equity or even a commodity, the currency used for settlement must be of sufficient value to extinguish the stated fair value of the liability in its original currency.

8) Given that the risk of providing sufficient value to settle a liability in the normal course of business must be born by the debtor, the diminution of value of the equity securities of Lehman Brothers Holdings is not relevant to Claim Number 4709. Parallel precedent for this assertion may be taken from the general functionality of Margin accounts. If the value of equity securities in a margin arrangement decline, it is the responsibility of the debtor to provide sufficient cash or collateral to cover the gap in value.

9) Given that the physical transfer of equities to settle the liability for unpaid wages did not occur prior to the major diminution of value as a result of the bankruptcy, the risk of providing sufficient value to settle the liability for unpaid wages stated in Claim Number 4709 must be born by the debtor.

10) Notwithstanding the inclusion of language in certain letters of employment about possible payment of compensation in the form of equity securities, the debtor's assertion that "Compensation Claims arise from the purchase and sale of securities" is without merit for Claim Number 4709. The compensation claim is related to providing labor (services) to the debtor in exchange for a compensation payment that had a fixed dollar amount that was quantified at the time of the award in compensation paperwork such as the attached document from 2007.

IN CONSIDERATION OF THE FACTS AND CIRCUMSTANCES DESCRIBED HEREIN, Cynthia Flackman, as CREDITOR UNDER CLAIM NUMBER 4709,

**RESPECTFULLY PETITIONS THE COURT TO DENY THE DEBTOR'S REQUEST TO RECLASSIFY FILED PROOF OF CLAIM NUMBER 4709 AS AN EQUITY INTEREST, AS SOUGHT IN THE DEBTORS' ONE HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS.**

Dated: May 5, 2011

*[signature: Cynthia Flackman]*

Cynthia Flackman

105 Pine Brook Road
Montville, New Jersey 07045
Telephone: (212) 476-8142 (Work)
Telephone: (973) 335-9512 (Home)

Creditor under Proof of Claim Number 4709

Distribution / Delivery:

Hard copies and filings on compact disks:

The Chambers of the Honorable James M. Peck
One Bowling Green
Courtroom 601
New York, New York 10004

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.)

Office of the United States Trustee for Region 2
33 Whitehall Street
21st Floor
New York, New York 10004
(Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.)

Milbank, Tweed, Hadley & McCloy LLP,
1 Chase Manhattan Plaza,
New York, New York 10005
(Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.)

## Lehman Brothers
## 2007 Total Compensation Statement

Employee : Flackman, Cynthia
Division : Corporate Finance
Hire Date : 10/1/97

Employee ID : 10068189
Stock Program : VP

### COMPENSATION HISTORY

| Compensation Type | Current - 2007 |
|---|---|
| Paid Salary | $130,000 |
| Bonus | $95,000 |
| **TOTAL COMPENSATION** | **$225,000** |

### EQUITY SUMMARY in USD

| | Equity Component | Market Price | Discount Price | Shares |
|---|---|---|---|---|
| RSUs | $12,075 | $63.47 | $47.60 | 253.68 |

Your equity award was calculated based on total compensation of $225,000, where "total compensation" includes salary, bonus, and other forms of eligible compensation. All terms and conditions of equity awards, including those relating to vesting and forfeiture, are subject to the controlling plan documents, including the FY 2007 equity award agreements (expected to be finalized in early 2008), the 2005 Stock Incentive Plan and related Prospectus.

### PAYMENT SCHEDULE

| | | |
|---|---|---|
| Bonus | $95,000 | |
| Less Total RSUs | ($12,075) | |
| Total Cash Payment (Before Taxes) | $82,925 | Payable on or about January 31, 2008 |

### ANNUAL SALARY

Effective Fiscal Year 2008, your annual base salary will be as follows:

| | |
|---|---|
| Current Annual Salary | $130,000 |

Your rights to the bonus payment and equity awards are subject to the terms and conditions of the Firm's bonus policy and the controlling equity award documents, as applicable.

If you have any additional questions regarding your compensation or personal data, please contact your divisional HR representative. If you have any questions regarding your equity award, please contact the Compensation Department at (212) 526-8346.

12-Dec-07