CERTILMAN BALIN ADLER & HYMAN, LLP
90 Merrick Avenue
East Meadow, New York 11554
Telephone: (516) 296-7000
Facsimile: (516) 296-7111
Richard J. McCord, Esq.
rmccord@certilmanbalin.com

*Attorneys for Monti Family Holding Company, Ltd*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                       :
                                                             :          Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,    :          Case No.: 08-13555(JMP)
                                                             :
                                                             :          (Jointly Administered)
                 Debtors.                                    :
                                                             :
                                                             :
-------------------------------------------------------------X

## MOTION OF MONTI FAMILY HOLDING COMPANY, LTD FOR LEAVE TO CONDUCT RULE 2004 DISCOVERY OF DEBTOR LEHMAN BROTHERS HOLDINGS INC., AND OTHER ENTITIES

Monti Family Holding Company, Ltd ("MFHC"), by and through its counsel, Certilman Balin Adler & Hyman, LLP, move, pursuant to Section 105(a) of title 11 if the United States Code (as amended, the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order authorizing and directing discovery in the form of (i) a deposition of the responsible party of Lehman Brothers Holdings Inc. ("LBHI"), who can provide information pertaining to the Rose Island Project, including but not limited to, the status of the project, the status of LBHI's interest in GenLB and the status of LBHI's loan, which is in the Bermuda receivership being handled by Price Waterhouse Coopers; and (ii) document

production concerning the agreement between GenLB and Marriott regarding RC Rose Island Hotel Company Limited and the status of the Rose Island project, the status of LBHI's interest in GenLB, the status of LBHI's loan, which is in the Bermuda receivership with Price Waterhouse Coopers, and the process involved in moving the project forward, in connection with the development of the vacant land located at Rose Island, Bahamas.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

## PROCEDURAL BACKGROUND

2.     On September 15, 2008 (the "Petition Date"), and in the days following, Debtors LBHI commenced these voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1105(b) of the Bankruptcy Rules. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     On September 17, 2008, the United States Trustee appointed an Official Committee of Unsecured Creditors.

## FACTUAL BACKGROUND

4.     On or about January 2006, RC Rose Island Hotel Company Limited ("RCRI") and Monti Family Holding Company, Ltd., Monti-Urgo Holding Company, Ltd, Rose Island Urgo Hotels, Ltd and Rose Island Holding Company, Ltd. (collectively "MFHC"), entered into

an agreement whereas the parties would develop vacant land located in Rose Island, Bahamas (the "Rose Island Project").

5. GenLB owns seventy five percent (75%) and Marriott, owns twenty five percent (25%) of RCRI. Upon information and belief, GenLB is controlled by LBHI.

6. MFHC has a carried interest in the Rose Island Project.

7. Upon information and belief, LBHI has an $80,000,000.00 loan in connection with the project, which is in a Bermuda Receivership, being handled by Price Waterhouse Coopers.

8. Upon information and belief, upon the bankruptcy filing of LBHI, the Rose Island Project came to a halt.

9. In June 2010, MFHC contacted Geoffrey Hunter, who is the co-receiver of the Bermuda Receivership, to arrange a meeting to ascertain a status of the project, however to no avail, despite MFHC's numerous attempts over several months to arrange said meeting.

10. MFHC is desirous to gain an understanding as to the status of the Rose Island Project, obtain a status of the Receivership, what would be involved in moving the project forward and to express an interest in pursuing this project.

11. As MFHC has invested in this Rose Island Project, it is imperative that MFHC be provided with a status of same.

## RELIEF REQUESTED

12. MFHC requests, pursuant to 11 U.S.C. §105(a) and Bankruptcy Rule 2004, an order authorizing and directing discovery in the form of (i) a deposition of the responsible party of Lehman Brothers Holdings Inc. ("LBHI"), who can provide information pertaining to the Rose Island Project, including but not limited to, the status of the project, the status of LBHI's

interest in GenLB and the status of LBHI's loan, which is in the Bermuda receivership being handled by Price Waterhouse Coopers; and (ii) document production concerning the agreement between GenLB and Marriott regarding RC Rose Island Hotel Company Limited and the status of the Rose Island project, the status of LBHI's interest in GenLB, the status of LBHI's loan, which is in the Bermuda receivership with Price Waterhouse Coopers, and the process involved in moving the project forward, in connection with the development of the vacant land located at Rose Island, Bahamas.

## ARGUMENT

### A. Legal Standard

13. Bankruptcy Rule 2004 provides that "on a motion of any party in interest, the court may order the examination of any entity" Fed. R. Bankr. P. 2004(a). The purpose of a Rule 2004 is to permit a broad investigation into the financial affairs of the debtors to assure the property administration of bankruptcy estates. See In re: Symington, 209 B.R. 678, 683(Bankr.D.Md1997)(citations omitted).

14. As a party to the Rose Island Project, MFHC is clearly a "party-in-interest" with standing to seek authorization for, and to undertake, the requested Rule 2004 examination. See 11 U.S.C. §1109(b) ("A party in interest, including... a creditor, an equity security holder.. may raise and may appear to be heard on any issue in a case under this chapter").

### B. Scope of 2004 Exam

15. The scope of a Rule 2004 examination is "unfretted and broad" as the plain language of the rule indicates. See 9 Collier on Bankruptcy ¶ 2004.02[1] at 2004-6(15th ed. Rev. 1997)(quoting In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr.D.Mass 1985)); see also In re Drexel Burnham Lambert Group Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); In re

Silverman 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984). Indeed, it is well-settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure. See In re Ionosphere Clubs, Inc. 156 B.R. 414, 432 (S.D.N.Y. 1993); In re Duratech Indus. 241 B.R. 283, 289 (Bankr. E.D.N.Y. 1999).); In re Drexel Burnham Lambert Group, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).

16.    Examinations under Rule 2004 may include within their scope, among other things, any matter which may affect "the administration of the debtor's estate," and, in a chapter 11 case, any matter relevant to the case or to the formulation of a plan. See Moore v. Easton (In re Bazemore), 216 B.R. 1020, 1023 (Bankr. S.D. Ga 1998). In fact the well-settled scope of discovery conducted under Rule 2004 is so fundamental to the process and permissibly broad that the courts have gone so far as to use with approval words and phrases such as "fishing expedition", "exploratory and groping", and "inquisition." See, e.g. In re Johns-Manville Corp. (Keene Corp. v. Johns-Manville Corp.), 42 B.R. 362, 364 (S.D.N.Y. 1984; In re Drexel Burnham Lambert Group, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); In re Innosphere, 156 B.R. at 432.

17.    Thus, a Rule 2004 examination affords a party in interest an opportunity to conduct a wide-ranging examination with respect to a debtor's financial affairs. See In re Texaco Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987). Further any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation. See Ionoshpere Clubs, 156 B.R. at 432 (third party who has a relationship with the debtor may be subject to a Rule 2004 examination in order to aid in discovery of assets); In re Johns-Manville, 42 B.R. at 364 (discovery under Rule 2004 extends beyond the debtor to persons associated with him as well as to those persons who may have had business dealings with the debtor).

## C. <u>2004 Discovery in connection with the Disposition of Assets</u>

18. The requested discovery, as set forth in the annexed "Exhibit A", aims to investigate, by documents and deposition testimony, the status of the Rose Island Project.

19. The discovery sought by MFHC falls within the scope of Rule 2004. Discovery is particularly appropriate in this instance due to the factual uncertainties of the status of the Rose Island Project.

## WAIVER OF MEMORANDUM OF LAW

20. As there are no novel issues of law presented herein, MFHC respectfully requests that the Court waive the requirement that MFHC file a memorandum of law in support of this Motion pursuant to Local Bankruptcy Rule 9013-1(b).

## NO PREVIOUS MOTION OR APPLICATION

21. No previous motion or application for the relief sought herein has been made to this or any other Court.

## NOTICE

22. MFHC has provided notice of this Motion in accordance with the Second Amended Case Management Order.

[the remainder of this page left intentionally blank]

## CONCLUSION

23.     For the foregoing reasons, MFHC respectfully requests that the Court grant the 2004 Motion in its entirety and for such other, further relief as the Court deems just and proper.

Dated: East Meadow, New York
       May 12, 2011

                                       **CERTILMAN BALIN ADLER & HYMAN, LLP**

                                       By:     /s/ Richard J. McCord
                                                  RICHARD J. MCCORD, ESQ.
                                                  90 Merrick Avenue
                                                  East Meadow, New York 11554
                                                  Phone: (516) 296-7000

                                     *Attorneys for Monti Family Holdings Company, Ltd*