Objection Date and Time: May 31, 2011 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :   08-13555 (JMP)
                                                            :
                       Debtors.                             :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**NOTICE OF MOTION OF
LEHMAN COMMERCIAL PAPER INC. PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019 FOR APPROVAL OF SETTLEMENT
AND COMPROMISE WITH LATSHAW DRILLING COMPANY,
LLC AND LATSHAW DRILLING AND EXPLORATION COMPANY, INC.**

PLEASE TAKE NOTICE that a hearing on the annexed motion of Lehman Commercial Paper Inc. (together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors") pursuant to section 105(a) of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure for authorization and approval of a settlement and compromise with Latshaw Drilling Company, LLC and Latshaw Drilling and Exploration Company, Inc. (together, "Latshaw"), all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

US_ACTIVE:\43690459\10\73683.4010

Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases and (v) Satterlee Stephens Burke & Burke LLP, 230 Park Avenue, Suite 1130, New York, New York 10169, Attn: Christopher R. Belmonte, Esq., and Abigail Snow, Esq., attorneys for Latshaw, so as to be so filed and received no later than **May 31, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").**

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 13, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Objection Date and Time: May 31, 2011 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time:  June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                                             :   **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :   **08-13555 (JMP)**
                                                                  :
                   Debtors.                                       :   **(Jointly Administered)**
                                                                  :
------------------------------------------------------------------x

**MOTION OF LEHMAN
COMMERCIAL PAPER INC. PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019 FOR APPROVAL OF SETTLEMENT
AND COMPROMISE WITH LATSHAW DRILLING COMPANY,
LLC AND LATSHAW DRILLING AND EXPLORATION COMPANY, INC.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper Inc. ("LCPI"), as debtor and debtor in possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), files this motion (the "Motion") and respectfully represents:

**Background**

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the

US_ACTIVE:\43690459\10\73683.4010

United States Code (the "Bankruptcy Code").  LCPI commenced its voluntary chapter 11 case with this Court on October 5, 2008.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.  On March 11, 2010, the Examiner filed its report with the Court [Docket No. 7531].

5. On March 15, 2010, the Debtors filed their joint chapter 11 plan pursuant to section 1121 of the Bankruptcy Code [Docket No. 7572].  On April 14, 2010, the Debtors filed their revised joint chapter 11 plan [Docket No. 8330] and disclosure statement for their revised joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No. 8332].  On January 25, 2011, the Debtors filed their first amended joint chapter 11 plan [Docket No. 14150] and a related disclosure statement pursuant to section 1125 of the Bankruptcy Code [Docket No. 14151].

**Jurisdiction**

6.       This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Lehman's Business**

7.       Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.       Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Relief Requested**

9.       Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, LCPI requests approval of a settlement agreement, dated April 27, 2011 (the "Settlement Agreement"),[1] with Latshaw Drilling Company, LLC ("LDC") and Latshaw Drilling and Exploration Company, Inc. ("LD&E," together with LDC, "Latshaw," and collectively with LCPI, the "Parties").  LCPI also seeks authorization to take all steps necessary to consummate the transactions set forth in the Settlement Agreement.

---

[1] A copy of the Settlement Agreement has been provided to counsel for the Creditors' Committee and will be provided to the Court upon request.

**Events Leading Up to the Settlement Agreement**

*The Credit Agreement*

10. Prior to the Commencement Date, the Parties entered into a $100,000,000 amended and restated credit agreement, dated as of July 11, 2008 (the "Credit Agreement"). LCPI was responsible for 75% of the any funding provided pursuant to the Credit Agreement, and other, non-affiliated lenders, Ableco Finance L.L.C. and its affiliate, A3 Funding L.P. (collectively, "Ableco"), were responsible for 25% of any funding provided to Latshaw.

11. As of September 17, 2008, Latshaw had borrowed approximately $63 million under the Credit Agreement. On September 17, 2008, days after LBHI's Commencement Date, Latshaw sought to draw down the remaining available balance of $37 million under the Credit Agreement. LCPI did not fund its share of the balance.

*The Latshaw Bankruptcy Cases*

12. More than one year later, on November 11, 2009, Latshaw commenced its own voluntary chapter 11 cases in the United States Bankruptcy Court for the Northern District of Oklahoma (the "Oklahoma Court"), which are being jointly administered under case number 09-13572-R (the "Latshaw Bankruptcy Cases"). LDC and LD&E operated and administered their cases as debtors in possession.

13. On August 2, 2010, the Oklahoma Court entered an order [Docket No. 282 in the Latshaw Bankruptcy Cases] confirming the Third Amended Joint Chapter 11 Plan of Reorganization of Latshaw Drilling Company, LLC and Latshaw Drilling and Exploration Company, Inc., dated June 3, 2010 (as amended and annexed to the confirmation order, the "Latshaw Plan"). Latshaw consummated the Latshaw Plan on August 25, 2010.

*The Latshaw Claim*

14. Latshaw filed a proof of claim against LCPI on September 22, 2009 (the "Latshaw Claim"), and on January 22, 2010, LCPI filed an objection to the Latshaw Claim [Docket No. 6729]. On February 25, 2010, Latshaw filed an amended proof of claim against LCPI (the "Amended Latshaw Claim").

15. At the request of Latshaw and by order of this Court, dated April 27, 2010 [Docket No. 8666], the Latshaw Claim and the Amended Latshaw Claim were deemed withdrawn.

*The LCPI Claim*

16. On February 16, 2010, LCPI filed proofs of claim against LDC and LD&E (together, the "LCPI Claim"), each in an amount of not less than $45,847,390.21, comprising principal, accrued interest and costs, fees, expenses and other amounts owed to LCPI pursuant to the Credit Agreement. Latshaw filed objections to the LCPI Claim on February 24, 2010, and amended objections on April 23, 2010 [Docket Nos. 186 and 187 in the Latshaw Bankruptcy Cases] (together, the "Latshaw Objection"). The Latshaw Objection sought to disallow the LCPI Claim in its entirety or recoup against the LCPI Claim the damages Latshaw allegedly sustained as a result of LCPI's failure to fund (the "Latshaw Damage Claim").

17. By order dated July 13, 2010, this Court approved a stipulation among the Parties which provided limited relief from the automatic stay extant in LCPI's chapter 11 case [Docket No. 10171] (the "Stay Relief Order"). The Stay Relief Order permitted, subject to reservation of certain rights, the Latshaw Objection to be heard and adjudicated in the Oklahoma Court. The Stay Relief Order further provided that any settlement of the LCPI Claim would be subject to the approval of this Court.

18. On August 17, 2010, pursuant to the Latshaw Plan, LCPI filed claims against Latshaw for expenses entitled to priority pursuant to section 506(b) of the Bankruptcy Code (the "LCPI Expense Claim"). The LCPI Expense Claim sought reimbursement for LCPI's expenses incurred as of August 12, 2010 and reserved LCPI's right to supplement the LCPI Expense Claim with expenses incurred after August 12, 2010. Latshaw subsequently filed an objection to the LCPI Expense Claim. The Oklahoma Court has deferred scheduling a hearing to consider the LCPI Expense Claim pending a resolution of the Latshaw Objection.

*The Restructured Credit Agreement and the Restructured Ableco Credit Agreement*

19. Pursuant to the Latshaw Plan, the Parties entered into an Amended and Restated Credit Agreement by and among Latshaw Drilling Company, LLC, as Borrower, Latshaw Drilling & Exploration Company, the Several Lenders from Time to Time Parties Hereto, Lehman Commercial Paper Inc., as Administrative Agent and Ableco Finance LLC, as Collateral Agent, Dated as of August 25, 2010 (the "Restructured Credit Agreement"). The amount of the debt owed by Latshaw to LCPI under the Restructured Credit Agreement depends on the extent to which the LCPI Claim and the LCPI Expense Claim are determined to be allowed claims by final order.

20. Pursuant to the Latshaw Plan, Latshaw and Ableco entered into an Amended and Restated Credit Agreement, also dated as of August 25, 2010 (the "Restructured Ableco Credit Agreement").

### The Settlement Agreement

21. The Parties have conducted and exchanged extensive discovery, engaged in motion practice, and have otherwise prepared for trial in connection with the Latshaw Objection, which was scheduled to commence in the Oklahoma Court on April 5, 2011. As a result of many months of informal negotiations, multiple settlement conferences directed by the

Oklahoma Court and conducted by the Honorable Claire Eagan, Chief Judge of the United States District Court for the Northern District of Oklahoma, and subject to the approval of the Oklahoma Court and this Court (together the "Bankruptcy Courts"), the Parties have agreed to settle the Latshaw Objection in order to avoid further expenses and costs attendant to further protracted, costly and uncertain litigation. The Settlement Agreement will resolve the outstanding disputes over the LCPI Claim and the Latshaw Damage Claim.

22. Pursuant to the terms of the Settlement Agreement,[2] the LCPI Claim shall be allowed in a reduced amount. Latshaw shall be excused from making interest payments under the Restructured Credit Agreement for a period of one year. In addition, certain covenant restrictions will be modified so that Latshaw shall be entitled to use certain free cash generated by the foregoing for capital expenditures in excess of those permitted by the Restructured Credit Agreement. Upon the Effective Date (as hereinafter defined), LCPI shall receive a lump-sum payment in respect of certain payments that were deposited in escrow for LCPI's benefit under the Latshaw Plan. LCPI shall receive subsequent additional payments to satisfy the LCPI Claim over the term of the Restructured Credit Agreement.

23. The Settlement Agreement provides that within thirty days after the Effective Date, LCPI shall file in the Oklahoma Court a supplement to the LCPI Expense Claim. The Oklahoma Court shall determine the allowed amount of the LCPI Expense Claim, and the amount determined by the Oklahoma Court shall be added to the principal amount owed to LCPI under the Restructured Credit Agreement. Thus, under the Settlement Agreement, all Parties' rights are reserved with respect to the LCPI Expense Claim.

---

[2] The summary of the terms of the Settlement Agreement set forth in this Motion is provided for the convenience of the Court and parties in interest and does not modify the terms of the Settlement Agreement in any manner. To the extent terms of this Motion and terms of the Settlement Agreement are inconsistent, the terms of the Settlement Agreement shall govern.

24. Upon the Effective Date, the Parties will mutually release and forever discharge each other and their respective affiliates, joint ventures, successors, assignees, officers, directors, agents, employees (in their individual and representative capacities as officers, directors, agents and employees), from any and all claims, causes of action, costs, expenses, attorneys' fees, liabilities, duties, and obligations, whether currently known or unknown, arising from any acts, conduct, or omissions of the parties from the beginning of the world until the date hereof, other than (a) the allowed amount of the LCPI Claim, (b) the allowed amount of the LCPI Expense Claim, or (c) any of the Parties' respective rights against each other under the Restructured Credit Agreement.

25. Approval of the Settlement Agreement will result in an amendment of the Restructured Credit Agreement, which requires the consent of Ableco, and amendment of the Restructured Ableco Credit Agreement, which requires the consent of LCPI. Latshaw, LCPI and Ableco are working on the form of the proposed amendments, which shall be executed upon the Effective Date.

26. The date on which the orders of both Bankruptcy Courts have become final and no longer subject to appeal or certiorari proceeding shall be the "Effective Date." If the Effective Date does not occur on or before July 1, 2011, the Settlement Agreement shall be of no force or effect and the Parties reserve and shall be restored to all of their rights, claims and defenses in respect of the LCPI Claim and the Latshaw Objection or otherwise. Latshaw filed its motion for approval of the Settlement Agreement with the Oklahoma Court on May 4, 2011.

**Approval of the Settlement Agreement**

27.   LCPI's entry into the Settlement Agreement is in LCPI's best interests and should be approved under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). In granting a motion pursuant to Rule 9019(a), a court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

28.   The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). It is the responsibility of a court to examine a settlement and determine whether it "falls below the lowest point in the range of reasonableness." *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997). Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

29.   While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *In re Drexel Burnham Lambert Group,*

*Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991). "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact…. The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

30. The Court may give weight to the informed judgment of the debtor that a compromise is fair and equitable. *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

31. As set forth in the *Declaration of Howard Liao in Support of Motion of Lehman Commercial Paper Inc. Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Settlement and Compromise with Latshaw Drilling Company, LLC and Latshaw Drilling and Exploration Company, Inc.* (the "Liao Declaration") filed contemporaneously herewith, the Settlement Agreement should be approved because it is fair and equitable and falls well within the range of reasonableness. The Settlement Agreement obviates the need for continuing litigation of the LCPI Claim, the Latshaw Objection and the Latshaw Damage Claim and avoids the costs and risks associated with such litigation, including at the appellate level. Indeed, although LCPI believes that it has strong arguments that would support an ultimate ruling in its favor, litigation is inherently uncertain.

32. In addition, as highlighted above, the Settlement Agreement provides the path forward for Latshaw's repayment to LCPI of borrowed funds. The payments made by

Latshaw under the Settlement Agreement and the Restructured Credit Agreement will be available for distribution to LCPI's creditors.

33. The Settlement Agreement is the result of months of extensive arm's-length negotiations and several mediation sessions between the Parties, who were represented by competent and experienced professionals. The terms of the Settlement Agreement and Restructured Credit Agreement fall within the range of authority granted to the Debtors pursuant to that certain *Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(b) Authorizing the Establishment of Procedures to Terminate Unfunded Commitments and Restructure Corporate Loan Agreements*, dated June 3, 2009 [Docket No. 3753] (the "Loan Restructuring Protocol"), which authorized the Debtors to restructure the terms of certain corporate loans. The Loan Restructuring Protocol authorizes the Debtors, in their reasonable business judgment and, in certain circumstances, with notice and/or approval of the Creditors' Committee, to adjust interest rates, change payment schedules, release or obtain collateral, adjust covenants and/or negotiate any of the terms and conditions of a loan agreement, or forebear from exercising rights under a loan agreement. In addition, the Loan Restructuring Protocol authorizes the Debtors to enter into agreements pursuant to which the Debtors would receive other interest or consideration in exchange for the forgiveness of certain indebtedness and release a borrower of certain obligations with respect thereto.

34. Since the commencement of the Latshaw Bankruptcy Cases, LCPI has kept the Creditors' Committee informed with respect to all actions related to the LCPI Claim and the Latshaw Objection. The Creditors' Committee and its legal and financial advisors have approved the terms of the Settlement Agreement. If not for the language in the Stay Relief Order, LCPI would have been authorized to enter into the Settlement Agreement without Court

US_ACTIVE:\43690459\10\73683.4010                              11

approval, based on the Creditors' Committee's consent. Based upon such consent, as well as the reasonableness of the terms of the Settlement Agreement, the Debtors request that the Court approve the Settlement Agreement.

### Notice

35. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Latshaw; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

36. No previous request for the relief sought herein has been made by LCPI to this or any other Court.

WHEREFORE LCPI respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: May 13, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re                                                                              :    Chapter 11 Case No.
                                                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :    08-13555 (JMP)
                                                                                       :
                        Debtors.                                       :    (Jointly Administered)
                                                                                       :
------------------------------------------------------------------x

### ORDER PURSUANT TO
### SECTION 105(a) OF THE BANKRUPTCY
### CODE AND BANKRUPTCY RULE 9019(b) APPROVING
### SETTLEMENT AND COMPROMISE AMONG LEHMAN
### COMMERCIAL PAPER INC., LATSHAW DRILLING COMPANY,
### LLC AND LATSHAW DRILLING AND EXPLORATION COMPANY, INC.

Upon the motion, dated May 13, 2011 (the "Motion"), of Lehman Commercial Paper Inc. ("LCPI"), for an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a Settlement Agreement,[1] as more fully set forth in the Motion; and upon the Declaration of Howard Liao in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635];

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the settlement and compromise set forth in the Settlement Agreement is approved; and it is further

ORDERED that LCPI is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the transactions contemplated in the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that this Court retains jurisdiction to enforce the Settlement Agreement and any disputes arising thereunder.

Dated: _____, 2011
   New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE