Hearing Date and Time: May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: May 11, 2011 at 4:00 p.m. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :    **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**                     :    **08-13555 (JMP)**
                                                               :
                          **Debtors.**                         :    **(Jointly Administered)**
---------------------------------------------------------------x

**LIMITED OBJECTION OF CERTAIN NON-CONSOLIDATION PLAN PROPONENTS
AND HOLDERS OF STRUCTURED INSTRUMENTS ISSUED OR GUARANTEED BY
LEHMAN BROTHERS HOLDINGS INC. TO DEBTORS' MOTION PURSUANT TO
SECTIONS 105(a) AND 502(b) OF THE BANKRUPTCY CODE AND RULE 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF
PROCEDURES FOR DETERMINING THE ALLOWED AMOUNT OF CLAIMS FILED
BASED ON STRUCTURED SECURITIES ISSUED OR GUARANTEED
BY LEHMAN BROTHERS HOLDINGS INC.**

The undersigned Non-Consolidation Plan Proponents (the "Plan Proponents"), many of which are also holders of "Structured Securities"[1] issued or guaranteed by Lehman Brothers Holdings, Inc. (the "Holders"), by and through each of their respective undersigned counsel, hereby object on a limited basis to Debtors' Motion Pursuant To Sections 105(a) And 502(b) Of The Bankruptcy Code And Bankruptcy Rule 9019 For Approval of Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed By Lehman Brothers Holdings Inc. (Docket No. 16294) (the "Motion"). In support of their Objection, the Plan Proponents and Holders respectfully state as follows:

1.  The Plan Proponents and Holders recognize the need to establish specialized procedures for resolving claims relating to Structured Securities issued by LBHI and its affiliates, and are generally supportive of the relief requested in the Motion. The Plan Proponents and Holders object to the Motion only to the extent that the Debtors effectively seek

---
[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

-1-

to tether final allowance of Structured Securities Claims to confirmation of their plan by reserving the right to nullify their own proposed procedures – and the results thereof – if the Debtors' plan is not confirmed. By fixing the liquidated amount of Structured Securities Claims exclusively for voting and distribution purposes under the Debtors' plan, the Debtors appear to be seeking to convert a necessary and beneficial process for determining the allowed amount of certain complex claims into a tactical option that may be exercised in the plan confirmation arena.

2. The Debtors maintain that the Proposed Allowed Claim Amounts to be offered to Claimants are part of a compromise proposal to such Claimants that is embodied in the Debtors' plan, and that the various components of this compromise are somehow inextricably linked. To the extent that this is true, it is inappropriate and contrary to law – there is nothing in the Bankruptcy Code that contemplates or permits the allowance of claims in a particular amount if one plan is confirmed and the allowance of the same claims in a different amount if another plan is confirmed or if no plan is confirmed. The proposed procedures clearly invoke the statutory claims allowance process with respect to the Structured Securities Claims, and subject to the rights the Debtors have already reserved to raise other, separate, procedural or technical objections to such claims, the procedures should yield the object of that process: the final allowed amount of such claims. A proposed order on the Motion (the "Revised Proposed Order") that accomplishes this straightforward task is attached hereto as "Exhibit A". Attached as "Exhibit B" hereto is a blacklined copy of the Revised Proposed Order, which is marked against the revised proposed Order on the Motion that was filed by the Debtors on May 11, 2011 [Docket No. 16714] (the "Debtors' Proposed Order"). Attached as "Exhibits C and D",

respectively, are a revised form of Notice of Proposed Claim Amount ("Revised Notice") and a blackline comparing the Revised Notice to the form of Notice filed with the Motion.

## BACKGROUND

3. On January 25, 2009, the Debtors filed their First Amended Joint Chapter 11 Plan (as amended, supplemented, or modified from time to time, the "Debtors' Plan"). As more fully explained in the Motion, the Debtors' Plan incorporates certain methodologies for valuation of claims based upon Structured Securities issued by LBHI and its affiliates that reflect a pragmatic compromise concerning the appropriate amount of such claims arising from negotiations among the Debtors, various holders of Structured Securities Claims (including certain of the Plan Proponents ), and the Creditors' Committee.

4. On April 25, 2011, the Plan Proponents filed the Joint Chapter 11 Plan for Lehman Brothers Holdings Inc. and Its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC Proposed by Non-Consolidation Plan Proponents (as may be amended, modified and/or supplemented from time to time, the "Non-Consolidation Plan") and the related Disclosure Statement. As indicated above, many of the Plan Proponents are significant Structured Securities Claimants. The Non-Consolidation Plan provides, among other things, that for purposes of the Debtors' chapter 11 cases, the allowed amount of Structured Securities Claims against LBHI (including guarantee claims) shall be determined in accordance with the Structured Securities Valuation Methodologies described in the disclosure statement filed with the Debtors' Plan.

5. On April 27, 2011, the Debtors filed the Motion, seeking approval of the Structured Securities Claim Determination Procedures for purposes of setting the allowed amount of certain claims for voting and distributions under the Debtors' Plan. Among other things, the proposed procedures contemplate that, to the extent that any disputes regarding any

-3-

particular Proposed Claim Amount cannot be consensually resolved, the Motion "shall be deemed to be an objection to such claim and the claim shall be deemed to be a 'Contested Claim' as such term is defined in the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures For Claims Against Debtors* (the "Claims ADR Order"), and the Debtors may commence the ADR Procedures or schedule a Merits Hearing." Motion at 14.

## **LIMITED OBJECTION**

6. The proposed procedures contemplate a claim allowance process – a process that is governed by Bankruptcy Code section 502 and would result in a final order on the merits for those claims as to which the Motion is "deemed" to be an objection, as well as those claims that are settled either at the Proposed Claim Amount or another amount that is agreed to by the Claimant and the Debtors. The Motion nonetheless states that, "[t]o the extent the Plan is not confirmed, or the Debtors determine the compromises included in the Plan are no longer in the best interests of the Debtors' estates, the Proposed Allowed Claim Amounts shall no longer have any effect and the Debtors reserve the right to object to the Structured Securities Claims on all grounds." Motion at 14.[2]

7. In other words, the proposed procedures would allow the Debtors to reopen claims allowance proceedings that have been resolved by final order of this Court. The Motion provides no explanation for this departure from the general principles of finality that ordinarily

---

[2] This sentence suggests that the Debtors were at least initially seeking the ability to abandon the proposed procedures *even if their plan is confirmed* to the extent that they determine, at any time and for any reason, that the compromises included in their plan are no longer in the best interests of the Debtors' estates. Based upon the Debtors' Revised Proposed Order, however, it is the Plan Proponents' understanding that the Debtors are not seeking to retain unlimited rights to object to Structured Securities Claims that were previously resolved pursuant to the proposed procedures, but instead seek to retain only limited rights to object to such claims on procedural or technical grounds if their plan is confirmed.

-4-

apply to any adjudication of a claim objection on the merits. In particular, it does not explain why the results of the proposed claims allowance process should be invalidated merely because the Debtors' Plan is not confirmed, or why the proposed process – which the Debtors now believe constitutes "a fair and cost-effective method for resolving outstanding Structured Securities Claims" (Motion at 19) – might not be in the best interests of the Debtors' estates at a later time. The proposed procedures, if approved by the Court, should apply regardless of which plan the Court confirms.

8. For this reason, the Plan Proponents and Holders are troubled by the Debtors' attempt to retain the unilateral right to invalidate the results of the proposed claims allowance process if their plan is not confirmed. This is tantamount to an option, exercisable by the Debtors and the Debtors alone, to adhere to determinations of the Court unless the Debtors decide they no longer want to do so, in which case the Court's prior orders automatically become null and void.

9. Moreover, given the substantial effort and expense already devoted to generating the Proposed Allowed Claim Amounts, and the additional amounts that will be expended by the Debtors and by individual Claimants in resolving any disputes regarding such amounts, there is no reason why the final liquidated claim amounts generated by the Structured Securities Claims Determination Procedures should not be the final allowed amount of such claims.

WHEREFORE, the Plan Proponents and Holders respectfully request that the Court enter an order granting the Motion substantially in the form of the Revised Proposed Order that is attached as Exhibit A hereto, and grant such other and further relief as it deems just and proper.

Dated: May 13, 2011
      New York, New York

*[Signature Pages Follow]*

Respectfully submitted,

BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 705-7000
Facsimile: (212) 752-5378
Joshua Dorchak
Joshua.dorchak@bingham.com

By: _____/s/_____
Joshua Dorchak
A Member of the Firm

(*Attorneys for Deutsche Bank AG*)

BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Steven B. Levine
slevine@brownrudnick.com

By: */s/ Steven B. Levine*
Steven B. Levine
A Member of the Firm

*(Attorneys for Cyrus Capital Partners, LP, Silver Point Capital, L.P., and York Capital Management Global Advisors, LLC)*

CLIFFORD CHANCE LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Andrew Brozman
Andrew.Brozman@CliffordChance.com

By: _____
Andrew Brozman
A Member of the Firm

*(Attorneys for Credit Agricole CIB)*

**Error! Unknown document property name.**

CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Richard Levin
RLevin@cravath.com

By: /s/ Richard Levin
    Richard Levin
    A Member of the Firm

(*Attorneys for Credit Suisse International*)

DEWEY & LEBOEUF LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 621-6000
Facsimile: (213) 621-6100
Bruce Bennett
bbennett@dl.com
Monika S. Wiener
mwiener@dl.com

By: /s/ Bruce Bennett
    Bruce Bennett
    A Member of the Firm

*(Attorneys for certain funds managed by and/or affiliated with: Angelo, Gordon & Co., L.P., Contrarian Capital Management, LLC, Goldentree Asset Management, LP, Hayman Capital Management, LP, Knighthead Capital Management, LLC, Mason Capital Management LLC, Mount Kellett Capital Management, Oaktree Capital Management, L.P., and Serengeti Asset Management LP)*

DEWEY LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333
Irena M. Goldstein
igoldstein@DeweyLeBoeuf.com

By: /s/ Irena M. Goldstein
Irena M. Goldstein
A Member of the Firm

(*Attorneys for The Royal Bank of Scotland plc*)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Jeffrey D. Saferstein
jsaferstein@paulweiss.com
Alan W. Kornberg
akornberg@paulweiss.com

By: _____
Jeffrey D. Saferstein
A Member of the Firm

*(Attorneys for Oaktree Capital Management, L.P., solely in its capacity as agent on behalf of certain funds advised by it or their respective subsidiaries, and Silver Point Capital, L.P. on behalf of its affiliated investment funds)*

LA1 265527.5 103054 000001 5/12/2011 07:22pm

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Thomas J. Moloney
tmoloney@cgsh.com
Sean A. O'Neal
soneal@cgsh.com

By: /s/ Sean O'Neal
Thomas J. Moloney
A Member of the Firm

*(Attorneys for D. E. Shaw Composite Portfolios, L.L.C.,
D. E. Shaw Oculus Portfolios, L.L.C., Goldman Sachs Bank USA,
and Goldman Sachs International)*