Hearing Date: **May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
: 
In re:                                                            :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                                                   :
                    Debtors.                                  :    (Jointly Administered)
                                                                   :
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN
CONNECTION WITH DEBTORS' MOTION PURSUANT TO SECTIONS 105(a)
AND 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR
APPROVAL OF PROCEDURES FOR DETERMINING THE ALLOWED AMOUNT
OF CLAIMS FILED BASED ON STRUCTURED SECURITIES ISSUED OR
GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC.**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement in connection with the Debtors' Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc., dated April 27, 2011 (Docket No. 16294, the "Motion").[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**BACKGROUND**

1.   In preparation for soliciting votes on the Plan, the Debtors have proposed the Structured Securities Claim Procedures to determine the amounts of the various Structured Securities Claims for the purposes of voting on, and distributions under, the Plan. As part of the Structured Securities Claim Procedures, the Debtors intend to propose to each holder of a Structured Securities Claim the allowed amount of such claim for the foregoing purposes. To determine each such proposed allowed amount, the Debtors have proposed certain methodologies for valuing each underlying Structured Security. These methodologies are the same as were used by the Debtors prepetition to calculate and record the Structured Securities liabilities on their books and records, adjusted to account for, *inter alia*, the effect of bankruptcy laws relating to allowance of claims (*e.g.,* § 502(b)).

2.   The proposed Structured Securities Claim Procedures provide, among other things, that the Debtors will publish a list of the Structured Securities Claims and the corresponding proposed allowed claim amounts on their website on or before June 15, 2011, and thereafter mail Notices setting forth the allowed amounts to individual claimants.

**STATEMENT**

3.   The Committee agrees with the Debtors that the Structured Securities Claim Procedures are in the best interests of the Debtors' estates and creditors. Absent streamlined procedures to administer the Structured Securities Claims, the Debtors would be forced to resolve each Structured Securities Claim through expensive and time consuming litigation either before the Court or through the ADR procedures. Such litigation would likely

delay both voting on the Plan and Plan distributions to all creditors. Accordingly, the Committee is not objecting to the limited relief regarding the proposed procedures requested in the Motion.[2]

4.     However, the Committee's financial advisors have been sample testing the valuations of the underlying Structured Securities. The sample testing conducted by the Committee's financial advisors to date shows that there may be statistically relevant discrepancies between the Debtors' prepetition valuations and the values arrived at through the Committee's sample testing process. Because neither the Committee nor the Debtors have reached closure on their respective reassessments of the accuracy of the Debtors' prepetition valuations, the Committee will continue to work with the Debtors to ascertain whether this statistical sample evidences a broader valuation problem and, if it does, to reach a satisfactory resolution of this issue.

5.     Nevertheless, if the Committee's concerns have not been resolved by the time the Debtors seek to publish the proposed allowed claim amounts and mail the Notices to claimants, the Committee may take the position that the proposed allowed claim amounts should not be disseminated.[3] Accordingly, the Committee hereby reserves all of its rights, including the right to object to the dissemination of the list of the proposed allowed claim amounts on or before June 15, 2011, in the event the Committee concludes that the claim amounts produced by the Debtors' methodologies are not sound.

---

[2]  The Committee's lack of objection to the relief requested in the Motion is predicated on, among other things, modifications to the proposed form of Order, as reflected in the amended Order filed on May 11, 2011, and to be reflected in the final form of the Order and on the record at the hearing on the Motion. Such modifications include a clarification that the resolution of objections relating to any given Structured Security will result in a modification to the allowed claim amounts payable to *all* holders of that specific Structured Security.

[3]  The Debtors have agreed that, to the extent they are unable to obtain the Committee's approval of the valuations of the Structured Securities Claims before June 15, 2011, they will indicate for each such unresolved Structured Securities Claim that the proposed allowed claim amount thereof has not yet been determined.

## CONCLUSION

For the foregoing reasons, the Committee hereby reserves its right to object to the distribution of the proposed allowed claim amounts on or before June 15, 2011 should the Committee conclude that the claim values produced by the Debtors' methodologies are not sound.

Dated: New York, New York
May 13, 2011

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.