Hearing Date and Time: May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Brian M. Resnick
Darren S. Klein

LINKLATERS LLP
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Martin Flics
Paul S. Hessler

*Attorneys for the Joint Administrators of*
*Lehman Brothers International (Europe) (in administration)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

**JOINDER OF LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION) TO THE LIMITED OBJECTION OF CERTAIN NON-CONSOLIDATION PLAN PROPONENTS AND HOLDERS OF STRUCTURED INSTRUMENTS ISSUED OR GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC. TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(A) AND 502(B) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF PROCEDURES FOR DETERMINING THE ALLOWED AMOUNT OF CLAIMS FILED BASED ON STRUCTURED SECURITIES ISSUED OR GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC.**

TO:  THE HONORABLE JAMES M. PECK
     UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers International (Europe) (in administration) ("**LBIE**"), acting by and through its Joint Administrators[1] and their undersigned counsel, hereby joins the Limited Objection (the "**Limited Objection**") of Certain Non-Consolidated Plan Proponents and Holders of Structured Instruments Issued or Guaranteed By Lehman Brothers Holdings Inc. to Debtors' Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure of Approval of Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed By Lehman Brothers Holdings Inc. [Docket No. 16294] (the "**Motion**")[2] to the extent that the Limited Objection asserts that the allowed claim amounts determined in accordance with the Structured Securities Claim Determination Procedures should be approved for *all* purposes and not just for the purposes of voting and distribution under the Debtors' Plan.[3] In support thereof, LBIE respectfully submits as follows:

1. LBIE filed proof of claim no. 62783 (the "**Client Claim**"), which is subject to the Motion, for the purpose of preserving the rights of its clients with respect to Structured Securities that LBIE holds in custody for such clients. Subject to the

---

[1] On September 15, 2008, LBIE entered English administration proceedings pursuant to the English Insolvency Act of 1986. By orders of the English High Court of Justice, Anthony Victor Lomas, Steven Anthony Pearson, Dan Yoram Schwarzmann, Michael John Andrew Jervis, and Derek Anthony Howell were appointed as the Joint Administrators of LBIE.

[2] Each capitalized term used herein and not otherwise defined has the meaning ascribed to it in the Motion.

[3] The deadline to object to the motion was May 11, 2011 at 4:00 p.m. (prevailing Eastern time). The Debtors have extended the deadline for LBIE and certain other parties to object to the motion to May 13, 2011.

assumptions and reservation of rights set forth in the Client Claim, including the exhibits thereto, LBIE asserted the Client Claim in an amount not less than $2,084,741,055.  As part of LBIE's administration, subsequent to the filing of the Client Claim, LBIE has returned certain of the Structured Securities held by it to the appropriate clients.  Using the assumptions and subject to the reservation of rights set forth in the Client Claim, including the exhibits thereto, LBIE currently estimates that the Structured Securities that have not been returned to clients are valued at approximately $1 billion.

2. Simply stated, the Structured Securities Claim Determination Procedures are part of the Debtors' claim reconciliation process.  Given the considerable effort and significant expense to the Debtors' estates and to individual Claimants in undertaking this claims reconciliation process, including possibly through a full ADR process, the allowed claim amounts determined in accordance therewith should be final and conclusive for all purposes, which is routinely how claims reconciliation procedures work in these and other proceedings.  See, e.g., In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Mar. 31, 2010), Order Pursuant to Section 105(a) of the Bankruptcy Code an Bankruptcy Rule 3007 and 9019(b) Approving Settlement Procedures.  LBIE submits that it is inequitable to order that Claimants submit to a costly and burdensome claims reconciliation process that would be rendered meaningless were the Debtors' Plan not confirmed.

3. Moreover, the Debtors should not be permitted to allow claims for the purposes of voting and distribution under *their* Plan, but then object to the use of those allowed amounts for the same purposes in plans proposed by other parties.  The Debtors' fiduciary duties with respect to claims reconciliation apply irrespective of which plan is

confirmed, and the Debtors should not be allowed to use the claims reconciliation process to unfairly tilt the playing field towards their Plan.

## CONCLUSION

WHEREFORE, LBIE joins in the Limited Objection to the extent that the Limited Objection asserts that the allowed claim amounts determined in accordance with the Structured Securities Claim Determination Procedures should be approved for all purposes and not just for the purposes of voting and distribution under the Debtors' Plan.

Dated:  New York, New York
        May 13, 2011

DAVIS POLK & WARDWELL LLP

By: /s/ Marshall S. Huebner
    Marshall S. Huebner
    Brian M. Resnick
    Darren S. Klein
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

LINKLATERS LLP
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Martin Flics
Paul S. Hessler

*Attorneys for Lehman Brothers International (Europe) (in administration)*