Hearing Date and Time: May 18, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: May 11, 2011 at 4:00 p.m. (Prevailing Eastern Time)

BINGHAM McCUTCHEN LLP
Sabin Willett (*Pro Hac Vice*)
One Federal Street
Boston, MA 02110
Telephone:  (617) 951-8000
Facsimile:  (617) 951-8736

*Attorneys for State Street Bank and Trust Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
In re                                                               :    **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**                          :    **08-13555 (JMP)**
                                                                    :
        **Debtors.**                                                :    **(Jointly Administered)**
------------------------------------------------------------------- x

**LIMITED OBJECTION OF STATE STREET BANK AND TRUST COMPANY TO**
**DEBTORS' MOTION TO APPROVE PROCEDURES FOR RESOLVING**
**STRUCTURED SECURITIES CLAIMS [DOCKET NO. 16294]**

State Street Bank and Trust Company ("State Street") objects on a limited basis to Debtors' Motion … For Approval of Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities …. [Docket No. 16294] (the "Motion").[1]

1.      State Street understands that a number of holders of derivative claims, along with the debtors and the official committee, have agreed on an efficient process for resolving claims relating to structured securities issued by LBHI and its affiliates.  This is all to the good.  State Street objects only to the debtors' effort to link the process to confirmation of their proposed plan.

---

[1] As of the objection deadline, it appeared to State Street that the central parties in interest, through negotiations, would resolve the question presented by this limited objection.  State Street learned on May 12 that this was not the case.

A/74280145.1

2.      Three plans have been filed.  Each calls for the liquidation of assets and the distribution of money to holders of allowed claims.  The plans differ mainly on the question whether substantive consolidation of debtor estates should be approved.  There is no reorganization, and no legitimate reason that the allowance of creditor claims should be inconsistent across these liquidation plans.

3.      The Motion states that, "[t]o the extent the [Debtors'] Plan is not confirmed, or the Debtors determine the compromises included in the [Debtors'] Plan are no longer in the best interests of the Debtors' estates, the Proposed Allowed Claim Amounts shall no longer have any effect and the Debtors reserve the right to object to the Structured Securities Claims on all grounds." Motion at 14.

4.      In the claims allowance process, a debtor-in-possession has enormous practical power.  Experience teaches that a debtor's proposed compromise of a disputed claim will generally be approved by a bankruptcy court, in light of the broad discretion afforded to debtors under Fed. R. Bankr. P. 9019.

5.      State Street is informed and believes that the derivative claims at issue are complex, and, if litigated before the Court, might be subject to a wide range of outcomes.  That means that claims settlements will, as a practical matter, be impervious to real challenge.  Subjecting holders of derivative claims to a process in which the obvious and implied threat is that claim allowance will be hostage to support of the debtors' plan would raise troubling incentives, and troubling questions.

6.      The unfairness would be felt equally by other creditors, such as State Street, that hold no such claims.  Such creditors would be harmed by a process in which derivative creditors

were "bought off" to support a substantive consolidation unfair to them and to other creditors, through being forced to the choice of capitulation, or interminable claims litigation.

7. Even the appearance of this is inappropriate, and there is no need for it. If the debtors, the committee, and the derivative creditors have devised a process for resolving disputes regarding their claims, that process should be approved, and applicable under any plan that the Court considers or confirms. Plan disputes should proceed independently.

8. The debtors' proposal also subjects the estates to inappropriate expense. If dispute resolution protocols for claims allowance are commenced, and later shelved based on plan support, the entire process will have been illusory, and the expense and delay of commencing the process will have been wasted.

WHEREFORE, State Street requests that the Court grant the Motion substantially in the form of order being submitted today by certain holders of derivative claims.

Dated: May 13, 2011
Boston, MA

        **BINGHAM MCCUTCHEN LLP**
        One Federal Street
        Boston, MA 02110
        Telephone: (617) 951-8000
        Facsimile: (617) 951-8736
        Sabin Willett (*Pro Hac Vice*)
        sabin.willett@bingham.com

        By: /s/Sabin Willett
            Sabin Willett
            A Member of the Firm

        *Attorneys for State Street Bank and Trust Company*