---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE ONE HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MELISSA COLON-BOSOLET, AT 212-310-8841.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Penny P. Reid

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------------x
In re                                      :    Chapter 11 Case No.
                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.,     :    08-13555 (JMP)
                                           :
                        Debtors.           :    (Jointly Administered)
--------------------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED THIRTY-**
**SEVENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that on May 16, 2011, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their one hundred thirty-seventh omnibus objection

to claims (the "Debtors' One Hundred Thirty-Seventh Omnibus Objection to Claims"), and that a

hearing (the "Hearing") to consider the Debtors' One Hundred Thirty-Seventh Omnibus

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy

Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **June 30, 2011 at 10:00 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

                    **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Thirty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert Lemons, Esq., and Penny

Reid, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York,

33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Elisabeth Gasparini, Esq.

and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors

appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza,

New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan

Fleck, Esq.); so as to be so filed and received by no later than **June 15, 2011 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Thirty-Seventh Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Thirty-Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 16, 2011
      New York, New York

                          /s/ Robert J. Lemons
                          Robert J. Lemons
                          Penny P. Reid

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Debtors
                          and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Penny P. Reid

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED THIRTY-SEVENTH OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, AND
ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES
RECEIVING THIS ONE HUNDRED THIRTY-SEVENTH OMNIBUS
OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS
OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE
EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, MELISSA COLON-BOSOLET, AT
212-310-8841.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### **Relief Requested**

1.      The Debtors file this one hundred thirty-seventh omnibus objection

to claims (the "One Hundred Thirty-Seventh Omnibus Objection to Claims") pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664],

seeking entry of an order reducing, reclassifying (in certain instances), and allowing the

claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively,

the "Valued Derivative Claims") should be reduced, reclassified (in certain instances),

and allowed on the basis that the amounts listed on the proofs of claim are greater than

the fair, accurate, and reasonable values determined by the Debtors after a review of the

claimant's supporting documentation and the Debtors' books and records; and that the

claim classifications, in certain instances, improperly assert secured, administrative

expenses or priority claims.  The Debtors, therefore, request that the Court reduce, as

appropriate, each such claim to the amount listed on Exhibit A under the column heading

2

"*Modified Claim Amount*"; reclassify, as appropriate, each claim to the classification listed under the column heading "*Modified Class*"; and allow each such claim only to the extent of such modified amount and classification.

3.    The Debtors reserve all their rights to object on any other basis to any Valued Derivative Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.    Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.    On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order,

3

dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.    On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ."  (Bar Date Ord. at 7.)  The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ."  (*Id.* at 8.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9.    Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract.  Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee.

4

10.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The Valued Derivative Claims Should be Reduced, Reclassified and Allowed

11.     In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as being claims that should be reduced, reclassified (in certain instances), and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records; and that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim.

12.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.     The Valued Derivative Claims listed on Exhibit A should be reduced and allowed in the amount listed on Exhibit A under the column heading "*Modified Claim Amount*" because the asserted claim amount is greater than the fair,

US_ACTIVE:\43704680\02\58399.0008

accurate, and reasonable value of the claim as determined by the Debtors after a review

of the supporting documentation provided by the claimants and the Debtors' books and

records. In certain instances, the Valued Derivative Claims listed on <u>Exhibit A</u> should be

reclassified to the classifications listed under column heading "*Modified Class*" because

the classifications are improperly identified as secured, administrative expenses or

priority claims on claimants' proofs of claim.

        14.    The Debtors have developed and currently utilize a thorough,

multi-step process to review claims filed against the Debtors and based on a Derivative

Contract[1] ("<u>Derivative Claims</u>") in order to determine the fair, accurate, and reasonable

value of such claims, and the proper classification of such claims, for purposes of

settlement (the "<u>Proposed Settlement Amount and Classification</u>"). In order to determine

the Proposed Settlement Amount and Classification, the Debtors:  (i) collect and review

documents related to the relevant Derivative Claim including, but not limited to, the

relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination

notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments

already received, made, or missed; and (iii) review the valuation methodology used by

the claimant to determine the value of the claim, including verifying the legitimacy of

quotes provided by the claimant in connection with their valuation statement, reviewing

claimant's "loss" calculation, and evaluating any set-off claims.[2] In their efforts to

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Ord. at 6.)

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the

US_ACTIVE:\43704680\02\58399.0008

determine the Proposed Settlement Amount and Classification, the Debtors engage in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

15.    Once the Debtors have determined the Proposed Settlement Amount and Classification with respect to a particular Derivative Claim, it is presented to the Debtors' Settlement Adjudication Committee (the "Committee") for final approval. The Committee, comprised of senior management of the Debtors and Alvarez & Marsal, reviews the work done to arrive at the Proposed Settlement Amount and Classification and approves or disapproves the Proposed Settlement Amount and Classification.  If the Proposed Settlement Amount and Classification presented to the Committee is less than the amount included in the corresponding Derivative Claim, or different from the classification included in the corresponding Derivative Claim, the Debtors will seek approval to object to such claim.

16.    The Debtors have undertaken this lengthy process with respect to each of the Valued Derivative Claims listed on Exhibit A, and have concluded that a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant; and that the Valued Derivative Claim (in certain instances) should be reclassified from a secured, administrative expense or priority claim, to an unsecured claim.  Despite the Debtors' efforts at negotiating this Proposed Settlement Amount and Classification, the Debtors and the holders of the

---

Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

US_ACTIVE:\43704680\02\58399.0008

Valued Derivative Claims have reached an impasse. Holders of the Valued Derivative Claims should not be allowed to recover more than the true and proper value of their claims, nor should the holders of the Valued Derivative Claims be allowed secured, administrative expenses or priority claims when they hold general unsecured claims. Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these claims, the Debtors request that the Court reduce each Valued Derivative Claim to the amount listed on Exhibit A under the column heading "*Modified Claim Amount*" and allow each such claim only to the extent of such modified amount. In addition, the Debtors request that the Court reclassify the Valued Derivative Claims listed on Exhibit A to the classifications listed under the column heading "*Modified Class*" to reflect that the classifications in the specified claims are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim and such claims are reclassified as general unsecured claims.

### Notice

17.    No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this One Hundred Thirty-Seventh Omnibus Objection to Claims on: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to this One Hundred Thirty-Seventh Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and

8

administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no

other or further notice need be provided.

18.     No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:  May 16, 2011
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
Penny P. Reid

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

US_ACTIVE:\43704680\02\58399.0008

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 137: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|------|---------|------------|--------|-------|--------|--------|-------|--------|
| 1 | ABSOLUTE SOFTWARE CORPORATION C. CHAD MCCARTHY FOR ROB CHESA, CFO SUITE 1600, FOUR BENTALL CENTRE 1055 DUNSMUIR STREET PO BOX 49211 VANCOUVER, BC V7X 1K8 CANADA | 16188 | 09/18/2009 | Lehman Brothers Commercial Corporation | Unsecured | $36,600.00 | Lehman Brothers Commercial Corporation | Unsecured | $30,537.30 |
| 2 | BANK LEUMI LE-ISRAEL B.M. ATTN: PROF DANIEL TSIDDON, HEAD OF CAPITAL MARKETS DIVISION 35 YEHUDA HALEVI STREET TEL AVIV, 65136 ISRAEL | 28332 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $6,069,363.45* | Lehman Brothers Holdings Inc. | Unsecured | $4,460,968.00 |
| 3 | BANK LEUMI LE-ISRAEL B.M. ATTN: PROF DANIEL TSIDDON, HEAD OF CAPITAL MARKETS DIVISION 35 YEHUDA HALEVI STREET TEL AVIV, 65136 ISRAEL | 28330 | 09/22/2009 | Lehman Brothers Commercial Corporation | Unsecured | $6,069,363.45* | Lehman Brothers Commercial Corporation | Unsecured | $4,481,088.51 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 137: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 4 | CVI GVF (LUX) MASTER SARL C/O CARVAL INVESTORS UK LIMITED ATTN: ANNEMARIE JACOBSEN KNOWLE HILL PARK, FAIRMILE LANE COBHAM SURREY, KT112PD UNITED KINGDOM | 67462 | 04/19/2011 | Lehman Brothers Holdings Inc. | Unsecured | $30,489,845.00 | Lehman Brothers Holdings Inc. | Unsecured | $26,697,610.75 |
| 5 | CVI GVF (LUX) MASTERS S.A.R.L. C/O CARVAL INVESTORS UK LIMITED ATTN: ANNEMARIE JACOBSEN KNOWLE HILL PARK, FAIRMILE LANE COBHAM SURREY, KT112PD UNITED KINGDOM | 28820 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Secured | $30,489,845.00 | Lehman Brothers Special Financing Inc. | Unsecured | $26,697,610.75 |
| 6 | GFA I LLC C/O ASHURST LLP PATRICIA SEDDON 7 TIMES SQUARE, 42ND FLOOR NEW YORK, NY 10036 | 67375 | 03/11/2011 | Lehman Brothers Holdings Inc. | Unsecured | $30,489,845.00 | Lehman Brothers Holdings Inc. | Unsecured | $26,697,610.75 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 137: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR (ASSERTED) | CLASS (ASSERTED) | AMOUNT (ASSERTED) | DEBTOR (MODIFIED) | CLASS (MODIFIED) | AMOUNT (MODIFIED) |
|---|------|---------|------------|--------|-------|--------|--------|-------|--------|
| 7 | GFA I LLC, AS SUCCESSOR IN INTEREST TO CERTAIN CLAIMS OF KEYBANK NA ATTN: PATRICIA SEDDON 7 TIMES SQ FL 42 NEW YORK, NY 100366524 | 28821 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $30,489,845.00* | Lehman Brothers Special Financing Inc. | Unsecured | $26,697,610.75 |
| 8 | OCM OPPORTUNITIES FUND VII DELAWARE LP ATTN: RICHARD TING 333 S. GRAND AVENUE, 28TH FLOOR LOS ANGELES, CA 90071 | 18836 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $30,489,845.00* | Lehman Brothers Holdings Inc. | Unsecured | $26,697,610.75 |
| 9 | OCM OPPORTUNITIES FUND VII DELAWARE LP ATTN: RICHARD TING 333 S. GRAND AVENUE, 28TH FLOOR LOS ANGELES, CA 90071 | 18837 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $30,489,845.00* | Lehman Brothers Special Financing Inc. | Unsecured | $26,697,610.75 |
| 10 | STANDARD BANK PLC C/O FIELD FISHER WATERHOUSE LLP REF: EAM/EJA ATTN: TRISTAN SOCAS 35 VINE STREET LONDON, EC3N 2AA UNITED KINGDOM | 17282 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $876,857.67* | Lehman Brothers Holdings Inc. | Unsecured | $847,832.72 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 137: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 11 | STANDARD BANK PLC C/O FIELD FISHER WATERHOUSE LLP REF: EAM/EJA ATTN: TRISTAN SOCAS 35 VINE STREET LONDON, EC3N 2AA UNITED KINGDOM | 17280 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $876,857.67* | Lehman Brothers Special Financing Inc. | Unsecured | $850,004.01 |
| 12 | STONEHILL INSTITUTIONAL PARTNERS LP C/O STONEHILL CAPITAL MANAGEMENT LLC ATTN: PAUL D. MALEK 885 THIRD AVE, 30TH FLOOR NEW YORK, NY 10022 | 19920 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $32,908,453.94* | Lehman Brothers Special Financing Inc. | Unsecured | $7,964,119.59 |
| 13 | STONEHILL INSTITUTIONAL PARTNERS LP C/O STONEHILL CAPITAL MANAGEMENT LLC ATTN: PAUL D. MALEK, ESQ. 885 THIRD AVE., 30TH FLOOR NEW YORK, NY 10022 | 19890 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $53,076,766.30* | Lehman Brothers Holdings Inc. | Unsecured | $7,964,119.59 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 137: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | CLASS | AMOUNT | DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **ASSERTED** | | | **MODIFIED** | | |
| 14 | **STONEHILL OFFSHORE PARTNERS LIMITED C/O STONEHILL CAPITAL MANAGEMENT LLC ATTN: PAUL D. MALEK, ESQ. 885 THIRD AVE., 30TH FLOOR NEW YORK, NY 10022** | 19905 | 09/21/2009 | **Lehman Brothers Special Financing Inc.** | Unsecured | $38,258,197.35* | **Lehman Brothers Special Financing Inc.** | Unsecured | $9,244,996.52 |
| 15 | **STONEHILL OFFSHORE PARTNERS LIMITED C/O STONEHILL CAPITAL MANAGEMENT LLC ATTN: PAUL D. MALEK, ESQ. 885 THIRD AVE., 30TH FLOOR NEW YORK, NY 10022** | 19908 | 09/21/2009 | **Lehman Brothers Holdings Inc.** | Unsecured | $55,179,615.97* | **Lehman Brothers Holdings Inc.** | Unsecured | $9,244,996.52 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 137: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 16 | VARDE INVESTMENT PARTNERS, LP TRANSFEROR: BLUEMOUNTAIN EQUITY ALTERNATIVES MASTER FUND LP C/O VARDE PARTNERS INC. ATTN: EDWINA P.J. STEFFER 8500 NORMANDALE LAKE BLVD, SUITE 1500 MINNEAPOLIS, MN 55437 | 24946 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,086,788.00 | Lehman Brothers Special Financing Inc. | Unsecured | $881,935.21 |
| 17 | VARDE INVESTMENT PARTNERS, LP TRANSFEROR: BLUEMOUNTAIN TIMBERLINE LTD C/O VARDE PARTNERS INC. ATTN: EDWINA P.J. STEFFER 8500 NORMANDALE LAKE BLVD, SUITE 1500 MINNEAPOLIS, MN 55437 | 24945 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $5,718,758.00 | Lehman Brothers Special Financing Inc. | Unsecured | $4,867,246.30 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 137: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 18 | VARDE INVESTMENT PARTNERS, LP TRANSFEROR: BLUEMOUNTAIN TIMBERLINE LTD C/O VARDE PARTNERS INC. ATTN: EDWINA P.J. STEFFER 8500 NORMANDALE LAKE BLVD, SUITE 1500 MINNEAPOLIS, MN 55437 | 24944 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $5,718,758.00 | Lehman Brothers Holdings Inc. | Unsecured | $4,867,246.30 |
| 19 | VARDE INVESTMENT PARTNERS, LP TRANSFEROR: BLUEMOUNTAIN EQUITY ALTERNATIVES MASTER FUND LP C/O VARDE PARTNERS INC. ATTN: EDWINA P.J. STEFFER 8500 NORMANDALE LAKE BLVD, SUITE 1500 MINNEAPOLIS, MN 55437 | 24947 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,086,788.00 | Lehman Brothers Holdings Inc. | Unsecured | $881,935.21 |
| 20 | ZURICH CAPITAL MARKETS INC ATTN: JON NAGEL ONE LIBERTY PLAZA 165 BROADWAY NEW YORK, NY 10006 | 14928 | 09/17/2009 | Lehman Brothers Holdings Inc. | Secured | $181,996.19* | Lehman Brothers Holdings Inc. | Unsecured | $173,500.00 |

**IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 137: EXHIBIT A – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 21 | ZURICH CAPITAL MARKETS INC ATTN: JON NAGEL ONE LIBERTY PLAZA 165 BROADWAY NEW YORK, NY 10006 | 14927 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Secured | $181,996.19* | Lehman Brothers Special Financing Inc. | Unsecured | $173,500.00 |
| | | | | | TOTAL | $390,266,230.18 | | TOTAL | $217,119,690.28 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re                                              :        Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :        08-13555 (JMP)
                                                   :
                            Debtors.               :        (Jointly Administered)
------------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the one hundred thirty-seventh omnibus objection to claims, dated

May 16, 2011 (the "One Hundred Thirty-Seventh Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter

11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the

"Procedures Order"), seeking to reduce, reclassify (in certain instances), and allow the

Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are

greater than the fair, accurate, and reasonable values determined by the Debtors after a

review of the claimants' supporting documentation and the Debtors' books and records,

and that the classifications (in certain instances) are improperly identified as secured,

administrative expenses or priority claims on claimants' proofs of claim, all as more fully

described in the One Hundred Thirty-Seventh Omnibus Objection to Claims; and due and

proper notice of the One Hundred Thirty-Seventh Omnibus Objection to Claims having

---

[1]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Debtors' One Hundred Thirty-Seventh Omnibus Objection to Claims.

been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the

United States Attorney for the Southern District of New York; (vi) the claimants listed on

Exhibit A attached to the One Hundred Thirty-Seventh Omnibus Objection to Claims;

and (vii) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9653]; and it appearing that no

other or further notice need be provided; and the Court having found and determined that

the relief sought in the One Hundred Thirty-Seventh Omnibus Objection to Claims is in

the best interests of the Debtors, their estates, creditors, and all parties in interest and that

the legal and factual bases set forth in the One Hundred Thirty-Seventh Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Thirty-Seventh

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Claim Amount" and reclassified to the classification listed

under the column heading "Modified Class"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the One

Hundred Thirty-Seventh Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2011
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE