WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

# NOTICE OF FILING OF REVISED PROPOSED ORDER RELATING TO THE DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 AUTHORIZING THE DEBTORS TO IMPLEMENT PROCEDURES FOR THE SETTLEMENT OF AVOIDANCE CLAIMS

In connection with the hearing to be held on May 18, 2011 at 10:00 a.m. (prevailing Eastern time) with respect to the *Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing the Debtors to Implement Procedures for the Settlement of Avoidance Claims*, dated April 27, 2011 [Docket No. 16281] (the "Motion"),[1] Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), as debtors in possession, hereby file a revised form of order approving the Motion (the "Revised Order).

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Attached hereto as <u>Exhibit A</u> is a clean copy of the proposed Revised Order, and attached hereto as <u>Exhibit B</u> is a blacklined copy of the proposed Revised Order, which is marked against the version filed with the Motion.

Dated: May 16, 2011
      New York, New York

                              /s/ Jacqueline Marcus
                              Jacqueline Marcus

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

## **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　　　　　：
**In re**　　　　　　　　　　　　　　　　　　　：　**Chapter 11 Case No.**
　　　　　　　　　　　　　　　　　　　　　　　　　：
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,　　：　**08-13555 (JMP)**
　　　　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　**Debtors.**　　　　：　**(Jointly Administered)**
　　　　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　　　　：
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105 OF**
**THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 9019 AUTHORIZING THE DEBTORS TO IMPLEMENT**
**PROCEDURES FOR THE SETTLEMENT OF AVOIDANCE CLAIMS**

　　　　　Upon the Motion, dated April 27, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to implement procedures for the settlement of Avoidance Claims,[2] all as more fully set forth in the Motion; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The term "Avoidance Claim" means any avoidance claim under chapter 5 of the Bankruptcy Code that has been or hereafter is filed or identified by the Debtors other than any such claim against another Debtor or any other "affiliate," as defined in section 101(2) of the Bankruptcy Code, unless otherwise agreed to by the Debtors and the Creditors' Committee; provided, however, that for the purposes of this Order and the Avoidance Settlement Procedures set forth herein, the term "Avoidance Claim" shall not include any claim subject to, or any "SPV Derivatives Transaction" as defined in, the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Contracts with Special Purpose Vehicle Counterparties*, dated March 3, 2011 [Docket No. 14789] (the "SPV Derivatives ADR Order"), or any claim subject to, or any "Derivatives Contracts with Recovery Potential" as defined in, the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*, dated September 17, 2009 [Docket No. 5207] (the "Derivatives ADR Order"), including any SPV Derivatives Transaction that may be excepted from the SPV Derivatives ADR Order and any Derivatives Contracts with Recovery Potential that may be excepted from the Derivatives ADR Order.

second amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Avoidance Settlement Procedures; and it is further

ORDERED that the Avoidance Settlement Procedures approved herein apply to any Avoidance Claim that has been or hereafter is filed or identified by the Debtors; and it is further

ORDERED that Debtors shall be, and hereby are, authorized to compromise and settle Avoidance Claims in accordance with the following Avoidance Settlement Procedures:

    a.    For any Avoidance Claim in the amount of up to and including $500,000, the Debtors may enter into a Settlement without further order of the Court or notice to or approval of any party in interest.

    b.    For any Avoidance Claim that is greater than $500,000 but less than or equal to $2 million, the Debtors may enter into a Settlement without further order of the Court or notice to or approval of any party in interest; <u>provided</u>, <u>however</u>, that (i) the Debtors shall provide notice to counsel to the Creditors' Committee, the SIPA Trustee, and the U.S. Trustee of such Settlement as soon as reasonably practicable, but in no event later than promptly following the consummation of such Settlement, and (ii) if (x) the proposed Settlement amount to be received by the Debtors in satisfaction of the Avoidance Claim is less than 40% of the asserted amount of the Avoidance Claim, or (y) the proposed Settlement involves a person that the Debtors discover, after a good faith review, was employed by the Debtors at any time on or after September 15, 2007 or an entity unaffiliated with the Debtors for which a person that the Debtors discover, after a good faith review, was employed by the Debtors at any time on or after September 15, 2007

is materially involved in the negotiations of the Settlement amount, the Debtors will submit the proposed Settlement to the Creditors' Committee in accordance with clause (c) of these procedures.

c.  (i) For (x) any Avoidance Claim that is greater than $2 million but less than or equal to $50 million, (y) any unliquidated Avoidance Claim, and (z) any proposed Settlement that must be submitted to the Creditors' Committee in accordance with clause (b)(ii) above, the Debtors shall submit the proposed Settlement to the Creditors' Committee, together with the following (together, the "Avoidance Claim Settlement Summary"): (a) the name of the parties to the proposed Settlement, (b) a summary of the Avoidance Claim and the proposed Settlement amount, (c) an explanation of why the Settlement of such Avoidance Claim is favorable to the applicable Debtor(s) and its/their estate(s), (d) a copy of any proposed Settlement agreement, and (e) to the extent a proposed Settlement involves the settlement of claims asserted by that entity against the Debtor(s) (each, a "Prepetition Claim") pursuant to the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures*, entered on March 31, 2010 [Docket No. 7936] (the "Prepetition Claims Settlement Order"), the relevant proof(s) of claim number(s), the types of claims asserted against the Debtors, and the amount for which such claims have been settled.

(ii) The Creditors' Committee shall be required to submit, in writing, any objections to a proposed Settlement on or before five (5) business days after service of an Avoidance Claim Settlement Summary or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee; provided, however, that if the Creditors' Committee makes a reasonable request for additional information regarding a proposed Settlement, the Creditors' Committee's objection period shall be suspended until the requested information has been provided.  In the event that the Creditors' Committee objects to a proposed Settlement, the Debtors may (a) seek to renegotiate the proposed Settlement and may submit to the Creditors' Committee a revised Avoidance Claim Settlement Summary in connection therewith or (b) file a motion with the Court requesting approval of the proposed Settlement under Bankruptcy Rule 9019 on no less than ten (10) business days' notice.

(iii) If there is no timely objection made by the Creditors' Committee to a proposed Settlement, or if the Debtors receive written approval from the Creditors' Committee of the proposed Settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the Settlement without further order of the Court or notice to any party in interest, except as to both the SIPA Trustee and the U.S. Trustee as provided in paragraph (b) above.

d. The Debtors must file a motion with the Court under Bankruptcy Rule 9019 requesting approval of a proposed Settlement of any Avoidance Claim that is greater than $50 million.

e. Beginning 25 days after the end of the first calendar quarter following approval of these Avoidance Settlement Procedures, and quarterly thereafter not later than 25 days after the end of each subsequent calendar quarter, the Debtors shall file with the Court reports identifying all Settlements that the Debtors have entered into during the previous quarterly period in accordance with the Avoidance Settlement Procedures. Such reports will set forth (i) the number of Settlements entered into during the previous quarterly period, and (ii) the aggregate Settlement amount of all Avoidance Claims settled during the previous quarterly period.

f. Under the Avoidance Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

g. Nothing in these Avoidance Settlement Procedures shall affect or impair any notice, consent, and/or approval rights set forth in the Prepetition Claims Settlement Order; provided, however, that, to the extent a Settlement also involves the settlement of Prepetition Claims pursuant to the Prepetition Claims Settlement Order, such Settlement shall be subject to the notice, consent, and/or approval rights contained in the Prepetition Claims Settlement Order or these Avoidance Settlement Procedures according to the higher aggregate claim amount of the Avoidance Claims or Prepetition Claims.

h. Nothing in these Avoidance Settlement Procedures shall affect or impair any notice and/or consent rights agreed to between and among the Debtors, the Creditors' Committee, and the SIPA Trustee in the *Stipulation and Order Between Lehman Brothers Holdings Inc. and James W. Giddens as Trustee for the SIPA Liquidation of Lehman Brothers Inc. with Respect to Claims Asserted and Adversary Proceedings Commenced Pursuant to Bankruptcy Code Sections 544, 547, 548 and 550*, so ordered on September 10, 2010 [Docket No. 11252 in Case No. 08-13555 and Docket No. 3664 in Case No. 08-01420] (the "So Ordered Stipulation").

and it is further

ORDERED that the Debtors are authorized to execute such documents or other instruments as may be necessary to settle and compromise Avoidance Claims in accordance with this Order and the Avoidance Settlement Procedures set forth herein; and it is further

ORDERED that this Order shall not obligate or require Debtors to compromise and settle any Avoidance Claims they may have, nor shall this Order preclude the Debtors from settling and compromising any Avoidance Claim upon further application to the Court; and it is further

ORDERED that nothing in this Order shall authorize the Debtors to compromise and settle any Avoidance Claims that the Debtors have assigned or conveyed to any non-Debtor entity, unless such non-Debtor entity has delegated to the Debtors the right to compromise or settle such Avoidance Claim or such non-Debtor entity has re-assigned or re-conveyed to the Debtors such Avoidance Claim; and it is further

ORDERED that the Avoidance Settlement Procedures are separate and distinct from and do not replace the procedures provided for in the Other Settlement Procedures Orders, and except as provided for therein, nothing in the Avoidance Settlement Procedures shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (ii) expand or create additional rights for the Debtors to settle and compromise or pursue settlement of Avoidance Claims pursuant to the Other Settlement Procedures Orders, the So Ordered Stipulation, or any other order of the Court; and it is further

ORDERED that the Avoidance Settlement Procedures shall not apply to the various claims that may be asserted by the Debtors, such as claims based on derivatives transactions or related to the Debtors' real estate investments, that are already covered by the Other Settlement Procedures Orders; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

6

      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the Avoidance Settlement Procedures.

Dated: May __, 2011
      New York, New York

                                         UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

US_ACTIVE:\43709387\01\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
 : 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
 : 
Debtors. : (Jointly Administered)
 : 
 : 
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105 OF
### THE BANKRUPTCY CODE AND BANKRUPTCY
### RULE 9019 AUTHORIZING THE DEBTORS TO IMPLEMENT
### PROCEDURES FOR THE SETTLEMENT OF AVOIDANCE CLAIMS

Upon the Motion, dated April 27, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to implement procedures for the settlement of Avoidance Claims,[2] all as more fully set forth in the Motion; and due and proper

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2] The term "Avoidance Claim" means any avoidance claim under chapter 5 of the Bankruptcy Code that has been or hereafter is filed or identified by the Debtors other than any such claim against another Debtor or any other "affiliate," as defined in section 101(2) of the Bankruptcy Code, unless otherwise agreed to by the Debtors and the Creditors' Committee; provided, however, that for the purposes of this Order and the Avoidance Settlement Procedures set forth herein, the term "Avoidance Claim" shall not include any claim subject to, or any "SPV Derivatives Transaction" as defined in, the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Contracts with Special Purpose Vehicle Counterparties*, dated March 3, 2011 [Docket No. 14789] (the "SPV Derivatives ADR Order"), or any claim subject to, or any "Derivatives Contracts with Recovery Potential" as defined in, the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*, dated September 17, 2009 [Docket No. 5207] (the "Derivatives ADR Order"), including any SPV Derivatives Transaction that may be excepted from the SPV Derivatives ADR Order and any Derivatives Contracts with Recovery Potential that may be excepted from the Derivatives ADR Order.

notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Avoidance Settlement Procedures; and it is further

ORDERED that the Avoidance Settlement Procedures approved herein apply to any Avoidance Claim that has been or hereafter is filed or identified by the Debtors; and it is further

ORDERED that Debtors shall be, and hereby are, authorized to compromise and settle Avoidance Claims in accordance with the following Avoidance Settlement Procedures:

  a.   For any Avoidance Claim in the amount of up to and including $500,000, the Debtors may enter into a Settlement without further order of the Court or notice to or approval of any party in interest.

  b.   For any Avoidance Claim that is greater than $500,000 but less than or equal to $2 million, the Debtors may enter into a Settlement without further order of the Court or notice to or approval of any party in interest; <u>provided</u>, <u>however</u>, that (i) the Debtors shall provide notice to counsel to the Creditors' Committee, the SIPA Trustee, and the ~~SIPA~~U.S. Trustee of such Settlement as soon as reasonably practicable, but in no event later than promptly following the consummation of such Settlement, and (ii) if (x) the proposed Settlement amount to be received by the Debtors in satisfaction of the Avoidance Claim is less than 40% of the asserted amount of the Avoidance Claim, or (y) the proposed Settlement involves a person that the Debtors discover, after a good faith review, was employed by the Debtors at any time on or after September 15, 2007 or an

entity unaffiliated with the Debtors for which a person that the Debtors discover, after a good faith review, was employed by the Debtors at any time on or after September 15, 2007 is materially involved in the negotiations of the Settlement amount, the Debtors will submit the proposed Settlement to the Creditors' Committee in accordance with clause (c) of these procedures.

c. (i) For (x) any Avoidance Claim that is greater than $2 million but less than or equal to $50 million, (y) any unliquidated Avoidance Claim, and (yz) any proposed Settlement that must be submitted to the Creditors' Committee in accordance with clause (b)(ii) above, the Debtors shall submit the proposed Settlement to the Creditors' Committee, together with the following (together, the "Avoidance Claim Settlement Summary"): (a) the name of the parties to the proposed Settlement, (b) a summary of the Avoidance Claim and the proposed Settlement amount, (c) an explanation of why the Settlement of such Avoidance Claim is favorable to the applicable Debtor(s) and its/their estate(s), (d) a copy of any proposed Settlement agreement, and (e) to the extent a proposed Settlement involves the settlement of claims asserted by that entity against the Debtor(s) (each, a "Prepetition Claim") pursuant to the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures*, entered on March 31, 2010 [Docket No. 7936] (the "Prepetition Claims Settlement Order"), the relevant proof(s) of claim number(s), the types of claims asserted against the Debtors, and the amount for which such claims have been settled.

(ii) The Creditors' Committee shall be required to submit, in writing, any objections to a proposed Settlement on or before five (5) business days after service of an Avoidance Claim Settlement Summary or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee; provided, however, that if the Creditors' Committee makes a reasonable request for additional information regarding a proposed Settlement, the Creditors' Committee's objection period shall be suspended until the requested information has been provided. In the event that the Creditors' Committee objects to a proposed Settlement, the Debtors may (a) seek to renegotiate the proposed Settlement and may submit to the Creditors' Committee a revised Avoidance Claim Settlement Summary in connection therewith or (b) file a motion with the Court requesting approval of the proposed Settlement under Bankruptcy Rule 9019 on no less than ten (10) business days' notice.

(iii) If there is no timely objection made by the Creditors' Committee to a proposed Settlement, or if the Debtors receive written approval from the Creditors' Committee of the proposed Settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the Settlement without further order of the Court or notice to any party in interest, except as to both the SIPA Trustee and the U.S. Trustee as provided in paragraph (b) above.

d. The Debtors must file a motion with the Court under Bankruptcy Rule 9019 requesting approval of a proposed Settlement of any Avoidance Claim that is greater than $50 million.

e. Beginning 25 days after the end of the first calendar quarter following approval of these Avoidance Settlement Procedures, and quarterly thereafter not later than 25 days after the end of each subsequent calendar quarter, the Debtors shall file with the Court reports identifying all Settlements that the Debtors have entered into during the previous quarterly period in accordance with the Avoidance Settlement Procedures. Such reports will set forth (i) the number of Settlements entered into during the previous quarterly period, and (ii) the aggregate Settlement amount of all Avoidance Claims settled during the previous quarterly period.

f. Under the Avoidance Settlement Procedures, the Debtors may settle claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties.

g. Nothing in these Avoidance Settlement Procedures shall affect or impair any notice, consent, and/or approval rights set forth in the Prepetition Claims Settlement Order; provided, however, that, to the extent a Settlement also involves the settlement of Prepetition Claims pursuant to the Prepetition Claims Settlement Order, such Settlement shall be subject to the notice, consent, and/or approval rights contained in the Prepetition Claims Settlement Order or these Avoidance Settlement Procedures according to the higher aggregate claim amount of the Avoidance Claims or Prepetition Claims.

h. Nothing in these Avoidance Settlement Procedures shall affect or impair any notice and/or consent rights agreed to between and among the Debtors, the Creditors' Committee, and the SIPA Trustee in the *Stipulation and Order Between Lehman Brothers Holdings Inc. and James W. Giddens as Trustee for the SIPA Liquidation of Lehman Brothers Inc. with Respect to Claims Asserted and Adversary Proceedings Commenced Pursuant to Bankruptcy Code Sections 544, 547, 548 and 550*, so ordered on September 10, 2010 [Docket No. 11252 in Case No. 08-13555 and Docket No. 3664 in Case No. 08-01420] (the "So Ordered Stipulation").

and it is further

ORDERED that the Debtors are authorized to execute such documents or other instruments as may be necessary to settle and compromise Avoidance Claims in accordance with this Order and the Avoidance Settlement Procedures set forth herein; and it is further

ORDERED that this Order shall not obligate or require Debtors to compromise and settle any Avoidance Claims they may have, nor shall this Order preclude the Debtors from settling and compromising any Avoidance Claim upon further application to the Court; and it is further

~~ORDERED that all Settlements of Avoidance Claims may be negotiated and compromised by the Debtors, using their reasonable business judgment, within their sole discretion; and it is further~~

ORDERED that nothing in this Order shall authorize the Debtors to compromise and settle any Avoidance Claims that the Debtors have assigned or conveyed to any non-Debtor entity, unless such non-Debtor entity has delegated to the Debtors the right to compromise or settle such Avoidance Claim or such non-Debtor entity has re-assigned or re-conveyed to the Debtors such Avoidance Claim; and it is further

ORDERED that the Avoidance Settlement Procedures are separate and distinct from and do not replace the procedures provided for in the Other Settlement Procedures Orders, and except as provided for therein, nothing in the Avoidance Settlement Procedures shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (ii) expand or create additional rights for the Debtors to settle and compromise or pursue settlement of Avoidance Claims pursuant to the Other Settlement Procedures Orders, the So Ordered Stipulation, or any other order of the Court; and it is further

ORDERED that the Avoidance Settlement Procedures shall not apply to the various claims that may be asserted by the Debtors, such as claims based on derivatives

transactions or related to the Debtors' real estate investments, that are already covered by the Other Settlement Procedures Orders; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and the Avoidance Settlement Procedures.

Dated: May __, 2011
New York, New York

UNITED STATES BANKRUPTCY JUDGE