Hearing Date: May 18, 2011 at 10:00 a.m. (ET)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
                                                                    :
In re:                                                              :    Chapter 11
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,                              :    Case No. 08-13555 (JMP)
                                                                    :
                              Debtors.                              :    (Jointly Administered)
                                                                    :
------------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF LEHMAN BROTHERS SPECIAL
FINANCING INC.'S MOTION, PURSUANT TO SECTIONS 105(A) AND 363
OF THE BANKRUPTCY CODE, FOR AUTHORIZATION TO (I) CAUSE
1271 LLC TO ISSUE CLASSES OF INTERESTS, (II) SELL INTERESTS IN
1271 LLC AND (III) MAKE A CAPITAL CONTRIBUTION TO 1271 LLC**

The Official Committee of Unsecured Creditors (the "Committee") appointed in

the above-captioned chapter 11 cases, including Lehman Brothers Special Financing Inc.

("LBSF"), hereby files this statement in support of LBSF's motion, dated April 27, 2011 [Docket

No. 16299] (as supplemented,[1] the "Motion"), pursuant to sections 105(a) and 363 of title 11 of

the United States Code, 11 U.S.C. §§ 101-1532, for entry of an order authorizing LBSF to

(i) cause its wholly-owned non-debtor subsidiary 1271 LLC ("1271") to issue and to sell

---

[1] LBSF supplemented the Motion on May 9, 2011 [Docket No. 16664] and now seeks authority to make a further capital contribution to 1271 for payment of certain trustee, servicer, and administrative fees, and to establish a reserve.

interests in 1271, and (ii) make a capital contribution to 1271. In support of the Motion, the Committee respectfully states as follows:

## BACKGROUND

1. LBSF created 1271 in June 2009 to take an assignment of LBSF's interest in a credit default swap agreement (the "Master Agreement") with BH Finance LLC. The Master Agreement is 1271's sole asset. Under the Master Agreement, LBSF purchased $10.9 billion (notional principal amount) of credit default protection on single-name issuers, CDX (indices) and municipal general obligation bonds.

2. LBSF is proposing to monetize a sizeable portion of this portfolio consisting only of municipal reference entities (the "Municipal Portfolio") through a sale at an auction (the "Auction") of classes of securities (the "Securities"), with each class representing an interest in 1271 that corresponds to a specific reference entity in the Municipal Portfolio.

3. By the Motion, LBSF prospectively seeks the necessary authorizations to move forward with the Auction and the sales of the classes of Securities to third party investors.

## STATEMENT

4. The Committee supports the relief sought by LBSF, as it believes that the Auction will maximize recoveries to LBSF's estate and its unsecured creditors. The proposed course of action comports with the Debtors' obligation to liquidate and monetize their estates' assets at the best possible price. Given the composition of the Municipal Portfolio, the current and projected market conditions, prior efforts to monetize the Municipal Portfolio, and the reduction in the risk that a change in market conditions could erode the value of the Municipal Portfolio, the Committee agrees with LBSF's assessment that the proposed disposition of the Municipal Portfolio is in the best interests of LBSF's estate and creditors.

5. As set forth in the Motion, the Auction will enable LBSF to monetize the value of 1271's in-the-money position in the Municipal Portfolio. The sale of each class of Securities to various investors should relieve LBSF's estate of the risk that a change in market conditions could reduce the value of 1271's "in-the-money" position or shift the value of the Municipal Portfolio into the swap counterparty's favor, decreasing or eliminating LBSF's recovery on the Master Agreement. Thus, LBSF's estate should obtain the benefit of an immediate cash payment, as opposed to periodic payments over time, while reducing the estate's risk that its recovery could be reduced.

6. The Committee and its advisors have expended considerable time on working with the Debtors to review the Municipal Portfolio and the 1271 vehicle, to value the proposed Securities, to review and develop alternate structures, and to negotiate the terms of the Auction. The Committee is satisfied that the Debtors have completed extensive surveys of the market and other potential monetization structures and have pursued significant negotiations with 1271's swap counterparty. These efforts support the conclusion that LBSF has satisfied its fiduciary duty to ensure the greatest possible return on the Municipal Portfolio.

7. The Committee views the proposed Auction structure as a creative solution for the monetization of the Municipal Portfolio. The issuance of the classes of Securities by reference entity should provide the opportunity for qualified potential investors to bid on reasonable portions of the Municipal Portfolio without requiring any one investor to assume full exposure thereto. Such parsing of individual Securities enables the exposure to the municipal reference entities to be repackaged—a feat infrequently accomplished in respect of derivative transactions. Moreover, the Committee has worked with the Debtors to ensure that the

structure has been made as efficient as possible, to derive a higher recovery for LBSF's estate and creditors.

8. The Committee expects that the consideration received for the Securities will be fair and reasonable. The Committee's financial advisors have worked closely with the Debtors' traders to verify the mid-market valuations and to anticipate the ultimate recovery on the Municipal Portfolio under several scenarios. Still, in order to reduce the risk inherent to an auction process, and to ensure that LBSF derives sufficient and fair value from the Securities, the Committee has conditioned its consent to any sales of the Securities upon pricing at or above a certain minimum Reserve Level. Furthermore, the Committee and its advisors will review each proposed transaction or series thereof to ensure that such transactions will result in sufficient value, and will have the ability to reject any proposed transaction.

9. The Committee agrees that the advance approval for the sales of the Securities is appropriate, given that (i) bids may be negatively impacted if Auction participants account for the risk attendant to establishing a hedged position in Securities before the Court's approval of the sale of those Securities is received, and (ii) sufficient measures are provided to ensure that LBSF realizes the best price for the sale of the Securities (such as the marketing of the portfolio to qualified investors, 1271's discretion to refuse an insufficient offer, the Committee's continued review of the proposed sales, and the establishment of an appropriate Reserve Level).

10. Finally, the Committee supports the contribution of capital by LBSF to 1271 to provide for payment of certain fees for the structuring and selling of the Securities and for 1271's trustee and servicer, among other things, which will enable the Auction to move forward. The Committee's advisors have negotiated with the Debtors and the proposed agents

for 1271 and obtained substantial reductions in the proposed fees. The Committee recognizes that the proposed fees are necessary and appropriate.

11. In light of all the foregoing, the Committee agrees with LBSF that the consummation of the Auction and the sales of the Securities are in the best interests of LBSF's estate and represent a sound exercise of LBSF's business judgment. The Auction will enable LBSF to monetize the Municipal Portfolio to the maximum benefit of its estate and creditors.

## CONCLUSION

12. For the foregoing reasons, the Committee respectfully requests that the Court grant the Motion and such other relief as the Court deems just.

Dated: New York, New York
May 16, 2011

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.