HEARING DATE AND TIME: June 30, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED THIRTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                                :    Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., et al.,               :    08-13555 (JMP)
                                                     :
                            Debtors.                 :    (Jointly Administered)
------------------------------------------------------------------x
```

NOTICE OF HEARING ON DEBTORS' ONE HUNDRED THIRTY-EIGHTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

**PLEASE TAKE NOTICE** that on May 16, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred thirty-eighth omnibus objection to claims (the "Debtors' One Hundred Thirty-Eighth Omnibus Objection to Claims"), and that a

1

hearing (the "Hearing") to consider the Debtors' One Hundred Thirty-Eighth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **June 30, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Thirty-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Lee J. Goldberg, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **June 15, 2011 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

    **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Thirty-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Thirty-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 16, 2011
    New York, New York

               /s/ Robert J. Lemons
               Robert J. Lemons

               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007

               Attorneys for Debtors
               and Debtors in Possession

**HEARING DATE AND TIME: June 30, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :    08-13555 (JMP)
                                               :
                    Debtors.                   :    (Jointly Administered)
---------------------------------------------------------------x

**DEBTORS' ONE HUNDRED THIRTY-EIGHTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED THIRTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The Debtors file this one hundred thirty-eighth omnibus objection to claims (the "One Hundred Thirty-Eighth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "No Liability Derivatives Claims") and have determined that the No Liability Derivatives Claims should be disallowed and expunged on the basis that they provide no basis of liability as to the Debtors. After a review of the claimant's supporting documentation and the Debtors' books and records, the Debtors have determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts (as defined herein) and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants but rather, in most cases, the respective claimants actually owe money to the Debtors based on such Derivatives Contracts. Therefore, the No Liability Derivatives Claims do not constitute valid *prima facie* claims, and the Debtors request they be disallowed and expunged in their entirety.

3. The Debtors reserve all their rights to object on any basis to any No Liability Derivatives Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.  On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on Derivatives Contracts[1] (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Order at 7)  The Bar Date Order further provided that "each holder of a

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Order at 6).

claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id.* at 8.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9. Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the Derivatives Contract.  Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee claim.

10. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The No Liability Derivatives Claims Should Be Disallowed and Expunged

11. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the No Liability Derivatives Claims as claims that should be disallowed and expunged on the basis that they provide no basis of liability as to the Debtors.  The Derivatives Contracts that underlie the No Liability Derivatives Claims have either been terminated or matured pursuant to the terms thereof. After a review of the claimants' supporting documentation and the Debtors' books and

records, the Debtors have determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants but rather either no amounts are owed under the Derivatives Contracts to either party or the respective claimants actually owe money to the Debtors based on such Derivatives Contracts, and, therefore, the No Liability Derivatives Claims do not constitute valid *prima facie* claims.

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. The Debtors have developed and currently utilize a thorough, multi-step process to review claims filed against the Debtors based on a Derivatives Contract ("Derivatives Claims") in order to determine the fair, accurate, and reasonable value, if any, of such claims or, alternatively, the monetary recovery due to the Debtors with respect to the subject Derivatives Contract. In order to determine the amounts due under a Derivatives Contract, the Debtors: (i) collect and review documents related to the relevant Derivatives Claim including, but not limited to, the relevant Derivatives Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments already received, made, or missed; and (iii) review the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with its valuation statement, reviewing claimant's "loss"

calculation, and evaluating any set-off claims.[2]  Furthermore, the Debtors engage in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivatives Claim that are often very detailed and may extend over a period of months.

14. The Debtors have undertaken this lengthy process with respect to each of the No Liability Derivatives Claims and concluded that a fair, accurate, and reasonable valuation of the No Liability Derivatives Claims demonstrates that the Debtors do not owe any of the claimants money and that either no amounts are owed to either party or the claimant in fact owes the Debtors money.  Accordingly, the Debtors request that the Court disallow and expunge in their entirety the No Liability Derivatives Claims listed on Exhibit A.

15. In an effort to resolve differences between the Debtors and claimants asserting No Liability Derivatives Claims and because the subject Derivatives Contracts mostly constitute Derivatives Contracts for which the Debtors are owed money, the Debtors expect in many instances to commence alternative dispute resolution procedures approved by this Court in either (i) the *Affirmative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*, dated September 17, 2009 [Docket No. 5207] or (ii) the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, dated April 19, 2010 [Docket No. 8474], as applicable.

---

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

**Notice**

16. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this One Hundred Thirty-Eighth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: May 16, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit A</u>**

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 138: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BANCA POPOLARE PUGLIESE S.C.PER AZ.<br>C/O BAKER & MCKENZIE LLP<br>ATTN: IRA A. REID<br>1114 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 09/17/2009 | 14968 | $258,471.39* | No Liability Claim |
| 2 | BANCA POPOLARE PUGLIESE S.C.PER AZ.<br>C/O BAKER & MCKENZIE LLP<br>ATTN: IRA A. REID<br>1114 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14966 | $258,471.39* | No Liability Claim |
| 3 | BANCO GUIPUZCOANO S.A.<br>ATTN: JOSE ANTONIO GONZALEZ<br>CAMINO DE PORTUETXE 35<br>SAN SEBASTIAN, 20018<br>SPAIN | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 16034 | $954.85 | No Liability Claim |
| 4 | BANCO GUIPUZCOANO SA<br>ATTN: JOSE ANTONIO GONZALEZ<br>BANCO GUIPUZCOANO SA<br>CAMINO DE PORTUETXE NO 35 IGARA<br>SAN SEBASTIAN, 20018<br>SPAIN | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 16033 | $149,711.67 | No Liability Claim |
| 5 | FIRST CHOICE POWER, LP<br>C/O LOWENSTEIN SANDLEER PC<br>ATTN: S. JASON TEELE<br>65 LIVIGSTON AVENUE<br>ROSELAND, NJ 07068 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22018 | Undetermined | No Liability Claim |
| 6 | FIRST CHOICE POWER, LP<br>C/O LOWENSTEIN SANDLEER PC<br>ATTN: S. JASON TEELE<br>65 LIVIGSTON AVENUE<br>ROSELAND, NJ 07068 | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 09/21/2009 | 22015 | Undetermined | No Liability Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 138: EXHIBIT A – NO LIABILITY CLAIMS

|   | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 7 | GILA RIVER POWER, L.P.<br>C/O ENTEGRA POWER GROUP LLC<br>ATTN: JERRY COFFEY<br>100 S. ASHLEY DRIVE, SUITE 1400<br>TAMPA, FL 33602 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27998 | $943,380.00* | No Liability Claim |
| 8 | GILA RIVER POWER, L.P.<br>C/O ENTEGRA POWER GROUP LLC<br>ATTN: JERRY COFFEY<br>100 S. ASHLEY DRIVE, SUITE 1400<br>TAMPA, FL 33602 | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 09/22/2009 | 27997 | $943,380.00* | No Liability Claim |
| 9 | GLITNIR BANKI HF<br>C/O PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>ATTN: ALAN W. KORNBERG, ABIGAIL CLARK<br>1285 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10104 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27430 | $5,517,980.13 | No Liability Claim |
| 10 | GLITNIR BANKI HF<br>C/O PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>ATTN: ALAN W. KORNBERG, ABIGAIL CLARK<br>1285 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10104 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 27420 | $5,517,980.13 | No Liability Claim |
| 11 | HARRINGTON PARTNERS, L.P.<br>C/O EBF & ASSOCIATES, L.P.<br>ATTN: GENERAL COUNSEL<br>601 CARLSON PARKWAY, SUITE 200<br>MINNETONKA, MN 55305 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26920 | $0.00 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 138: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 12 | HARRINGTON PARTNERS, L.P.<br>C/O EBF & ASSOCIATES, L.P.<br>ATTN: GENERAL COUNSEL<br>601 CARLSON PARKWAY, SUITE 200<br>MINNETONKA, MN 55305 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26921 | $0.00 | No Liability Claim |
| 13 | LEHMAN BROTHERS EUROPEAN MEZZANINE 2004 SICAV<br>C/O LEHMAN BROTHERS EUROPEAN MEZZANINE<br>10 BROOK STREET<br>LONDON, W1S 1BG<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23432 | $1,005,445.30 | No Liability Claim |
| 14 | LEHMAN BROTHERS EUROPEAN MEZZANINE FUND<br>2003-B, L.P.<br>C/O LEHMAN BROTHERS EUROPEAN MEZZANINE<br>10 BROOK ST.<br>LONDON, W1S 1BG<br>UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23419 | $1,005,445.30 | No Liability Claim |
| 15 | LEHMAN BROTHERS EUROPEAN MEZZANINE LEVERAGED PARTNERS 2003-A, L.P.<br>C/O LEHMAN BROTHERS EUROPEAN MEZZANINE<br>10 BROOK STREET<br>LONDON, W1S 1BG<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23430 | $258,021.80 | No Liability Claim |

**IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 138: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 16 | LEHMAN BROTHERS EUROPEAN MEZZANINE LEVERAGED PARTNERS 2003-A, L.P.<br>C/O LEHMAN BROTHERS EUROPEAN MEZZANINE<br>10 BROOK STREET<br>LONDON, W1S 1BG<br>UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23426 | $258,021.80 | No Liability Claim |
| 17 | LEHMAN BROTHERS EUROPEAN MEZZANINE LEVERAGED PARTNERS 2003-B, L.P.<br>C/O LEHMAN BROTHERS EUROPEAN MEZZANINE<br>10 BROOK STREET<br>LONDON, W1S 1BG<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23429 | $658,516.60 | No Liability Claim |
| 18 | LEHMAN BROTHERS EUROPEAN MEZZANINE LEVERAGED PARTNERS 2003-B, L.P.<br>C/O LEHMAN BROTHERS EUROPEAN MEZZANINE<br>10 BROOK STREET<br>LONDON, W1S 1BG<br>UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23425 | $658,516.60 | No Liability Claim |
| 19 | LEHMAN BROTHERS EUROPEAN MEZZANINE PARTNERS 2003-A, L.P.<br>C/O LEHMAN BROTHERS EUROPEAN MEZZANINE<br>10 BROOK STREET<br>LONDON, W1S 1BG<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23428 | $1,625,369.30 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 138: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 20 | LEHMAN BROTHERS EUROPEAN MEZZANINE PARTNERS 2003-A, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE 10 BROOK STREET LONDON, W1S 1BG UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23424 | $1,625,369.30 | No Liability Claim |
| 21 | LEHMAN BROTHERS EUROPEAN MEZZANINE PARTNERS 2003-C, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE 10 BROOK STREET LONDON, W1S 1BG UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23421 | $442,984.20 | No Liability Claim |
| 22 | LEHMAN BROTHERS EUROPEAN MEZZANINE PARTNERS 2003-C, L.P. C/O LEHMAN BROTHERS EUROPEAN MEZZANINE 10 BROOK STREET LONDON, W1S 1BG UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23437 | $442,984.20 | No Liability Claim |
| 23 | MERCED PARTNERS II, L.P. C/O EBF & ASSOCIATES, L.P. ATTN: GENERAL COUNSEL 601 CARLSON PARKWAY, SUITE 200 MINNETONKA, MN 55305 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26916 | $0.00 | No Liability Claim |
| 24 | MERCED PARTNERS II, L.P. C/O EBF & ASSOCIATES, L.P. ATTN: GENERAL COUNSEL 601 CARLSON PARKWAY, SUITE 200 MINNETONKA, MN 55305 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26917 | $0.00 | No Liability Claim |

## OMNIBUS OBJECTION 138: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 25 | MERCED PARTNERS, L.P.<br>C/O EBF & ASSOCIATES, L.P.<br>ATTN: GENERAL COUNSEL<br>601 CARLSON PARKWAY, SUITE 200<br>MINNETONKA, MN 55305 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26919 | $0.00 | No Liability Claim |
| 26 | MERCED PARTNERS, L.P.<br>C/O EBF & ASSOCIATES, L.P.<br>ATTN: GENERAL COUNSEL<br>601 CARLSON PARKWAY, SUITE 200<br>MINNETONKA, MN 55305 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26918 | $0.00 | No Liability Claim |
| 27 | MNC PARTNERS, L.P.<br>C/O EBF & ASSOCIATES, L.P.<br>ATTN: GENERAL COUNSEL<br>601 CARLSON PARKWAY, SUITE 200<br>MINNETONKA, MN 55305 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 26855 | $0.00 | No Liability Claim |
| 28 | MNC PARTNERS, L.P.<br>C/O EBF & ASSOCIATES, L.P.<br>ATTN: GENERAL COUNSEL<br>601 CARLSON PARKWAY, SUITE 200<br>MINNETONKA, MN 55305 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26854 | $0.00 | No Liability Claim |
| 29 | PORT OF TACOMA<br>C/O K&L GATES LLP<br>ATTN: DAVID C NEU, ESQ.<br>925 FOURTH AVENUE<br>SUITE 2900<br>SEATTLE, WA 98104 | 08-13899 (JMP) | Lehman Brothers Derivative Products Inc. | 10/21/2009 | 42913 | $791,486.90 | No Liability Claim |
| 30 | SKYPOWER CORP.<br>ATTN: SHAYA M. BERGER<br>C/O DICKSTEIN SHAPIRO LLP<br>1633 BROADWAY<br>NEW YORK, NY 10036 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 33430 | $5,398,931.04* | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 138: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 31 | UNITED COMPANY<br>ATTN: LOIS A. CLARK / BRIAN D. SULLIVAN<br>1005 GLENWAY AVENUE<br>BRISTOL, VA 24201 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 22942 | $2,219,371.60 | No Liability Claim |
| 32 | UNITED COMPANY<br>ATTN: LOIS A. CLARK / BRIAN D. SULLIVAN<br>1005 GLENWAY AVENUE<br>BRISTOL, VA 24201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22940 | $2,219,371.60 | No Liability Claim |
| 33 | UNITED COMPANY, THE<br>THE UNITED COMPANY<br>1005 GLENWAY AVENUE<br>BRISTOL, VA 24201 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 22941 | $2,219,371.60 | No Liability Claim |
| 34 | WESTERNBANK PUERTO RICO<br>C/O STUART G. STEIN, ESQ.<br>HOGAN & HARTSON L.L.P.<br>555 THIRTEENTH STREET, N.W.<br>WASHINGTON, DC 20004 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/14/2009 | 12590 | $2,009,225.00 | No Liability Claim |
| 35 | WESTERNBANK PUERTO RICO<br>C/O STUART G. STEIN, ESQ.<br>HOGAN & HARTSON L.L.P.<br>555 THIRTEENTH STREET, N.W.<br>WASHINGTON, DC 20004 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12589 | $489,575.00 | No Liability Claim |
| | | | | | TOTAL | $36,918,336.70 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                            :    Chapter 11 Case No.
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                 :
                                    Debtors.          :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED THIRTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Upon the one hundred thirty-eighth omnibus objection to claims, dated April 18, 2011 (the "One Hundred Thirty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Derivatives Claims on the grounds that they assert claims for which the Debtors have no liability, all as more fully described in the One Hundred Thirty-Eighth Omnibus Objection to Claims; and due and proper notice of the One Hundred Thirty-Eighth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the One Hundred Thirty-Eighth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Thirty-Eighth Omnibus Objection to Claims.

procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and the Court having found and determined that the relief sought in the One Hundred Thirty-Eighth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Thirty-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Thirty-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the No Liability Derivatives Claims listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the One Hundred Thirty-Eighth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                                                  _____
                                                                  UNITED STATES BANKRUPTCY JUDGE