---

**THE DEBTORS' ONE HUNDRED FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
```
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
```
-------------------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTORS'**
**ONE HUNDRED FORTY-FOURTH OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

**PLEASE TAKE NOTICE** that on May 16, 2011, Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in

possession (collectively, the "Debtors"), filed their one hundred forty-fourth omnibus objection

to claims (the "Debtors' One Hundred Forty-Fourth Omnibus Objection to Claims"), and that a

hearing (the "Hearing") to consider the Debtors' One Hundred Forty-Fourth Omnibus Objection

to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **June 30, 2011 at 10:00 a.m. (prevailing**

**Eastern Time)**, or as soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Forty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and

Evan Fleck, Esq.); so as to be so filed and received by no later than **June 15, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

       **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Forty-Fourth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Forty-Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 16, 2011
      New York, New York

                            /s/ Robert J. Lemons
                            Robert J. Lemons

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                  Debtors.               :    (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' ONE HUNDRED FORTY-FOURTH OMNIBUS OBJECTION**
**TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY AS EQUITY CERTAIN
FILED PROOFS OF CLAIM.  PARTIES RECEIVING
THIS ONE HUNDRED FORTY-FOURTH OMNIBUS
OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS
OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR IN
THE EXHIBIT ATTACHED THERETO TO DETERMINE
WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### Relief Requested

1.      Each of the proofs of claim listed on Exhibit A annexed hereto (collectively, the "Stock Claims") was filed as a general unsecured, secured, priority, or administrative expense claim pursuant to section 507(a) of title 11 of the United States Code (the "Bankruptcy Code") based, in whole or in part, on the ownership of preferred stock, common stock, or other equity interest (collectively, "Stock") in LBHI and/or alleged losses related thereto.  Certain of the Stock Claims also include claims arising out of the purchase of Stock.  The Debtors file this omnibus objection to reclassify the Stock Claims as equity interests because the ownership of the Stock and the related decrease in the value thereof constitutes an equity interest, but does not constitute a claim against a Debtor's estate as such term is defined in section 101 of the Bankruptcy Code.  Accordingly, the Debtors file this omnibus objection, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [Docket No. 6664] to reclassify the Stock Claims as equity interests to the extent they assert claims related to Stock.

### Jurisdiction

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

6.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and in the Procedures Order.

## The Stock Claims Should Be Reclassified as Interests

7.      Bankruptcy Rule 3007(d)(7) provides that a debtor may file an objection, and join one or more objections in an omnibus objection, if all of the claims "are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they are interests, rather than claims." FED. R. BANKR. P. 3007(d).  The Procedures Order additionally

permits the Debtors to object, on an omnibus basis, to claims that "were incorrectly classified."

(Procedures Order at 2.)

### A.    Stock Is an Equity Security

8.    Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest.  11 U.S.C. §501(a).

The Bankruptcy Code defines a "claim" as a right to payment.  *Id.* at §101(5).  The Bankruptcy

Code definition of an "equity security," alternatively, includes a share in a corporation or similar "security," including "stock," "treasury stock," "other claim or interest commonly known as 'security'," "certificate of interest or participation in," and "warrant or right to subscribe to or purchase or sell, a security."  *Id.* §§ 101(16) and 101(49)(A).

9.    Courts have interpreted the definition of equity security to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments.  *See, e.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to exercise stock option portion of plan were equity security interests for purposes of determining priority).

10.    As noted above, each of the Stock Claims is based, in whole or in part, on the ownership of preferred stock, common stock, or other equity interest in LBHI and, in some cases, the decrease in value of the Stock and/or claims arising out of the purchase of the Stock.

Certain Stock Claims include a CUSIP number or ticker symbol for LBHI stock; others describe the basis of the claims as "common stock," "stock," "shares," "equity interests," "warrants," or using similar terms.  The holders of Stock Claims are equity security holders.  *See* 11 U.S.C. §§

101(16) and (17).  They have "interests" but not "claims" against the Debtors, and, accordingly, to the extent the Stock Claims seek recovery related to Stock, the Debtors hereby object to reclassify the Stock Claims as equity interests.

### B.    Damages from the Purchase or Sale of an Equity Security Are Subordinated

11.    Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.  11 U.S.C. § 510(b).

12.    Courts have generally applied section 510(b) liberally.  *Enron*, 341 B.R. at 162-63 ("[T]he broad applicat[ion] of section 510(b) is now quite settled.").  Courts have construed the language in section 510(b) as being broad enough to include fraud, violations of securities laws, breach of contract, and related causes of action against debtors.  *See, e.g., id.* at 141 (subordinating breach of contract, fraudulent inducement, and fraudulent retention claims); *In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006) (holding that claim based on debtor's failure to issue its common stock to employee in exchange for his stock in another company, allegedly in violation of the parties' termination agreement, was a claim arising from the purchase or sale of the debtor's stock).

13.    Certain Stock Claims assert claims arising from rescission of a purchase or sale of a security of a Debtor or its affiliate or damages arising from the purchase or sale of such security.  As set forth above, section 510(b) forecloses the possibility that such Stock Claims receive equal or better treatment than valid, general unsecured claims against the Debtors.  *See* 11 U.S.C. § 510(b); *Enron,* 341 B.R. at 158 ("Congress enacted § 510(b) to prevent disappointed

shareholders from . . . bootstrap[ing] their way to parity with general unsecured creditors in a bankruptcy proceeding.") (internal quotations omitted).  Accordingly, to the extent applicable, the Stock Claims should be subordinated pursuant to Bankruptcy Code section 510(b) and reclassified as equity interests.[1]

## **Reservation of Rights**

14.    The Debtors reserve all their rights to object on any other basis to any Stock Claim or any portion of any Stock Claim for which the Court does not grant the relief requested herein.

## **Notice**

15.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this One Hundred Forty-Fourth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A annexed hereto; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

16.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

---

[1] The Bankruptcy Code, Bankruptcy Rules and case law make clear that the Debtors do not need to commence an adversary proceeding to subordinate a Stock Claim pursuant to Bankruptcy Code section 510(b).  11 U.S.C. § 502(a); FED. R. BANKR. P. 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated: May 16, 2011
        New York, New York

Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|
| 1 | ANTLITZ, ALBERT<br>2441 GRAND OAKS CT<br>ABINGDON, MD 21009 | | 08/03/2009 | 7263[1] | $30,000.00 |
| 2 | BEIDEMAN, DONNA A.<br>6 POPLAR PL.<br>BELLMAWR, NJ 08031-1824 | 08-13555<br>(JMP) | 08/24/2009 | 9099** | $15,000.00 |
| 3 | CORNER BANCA SA<br>VIA CANOVA 16<br>LUGANO, 6900<br>SWITZERLAND | | 09/04/2009 | 10360[2] | $238,231.68 |
| 4 | CORRITORI, PETER M<br>158 BROOKSIDE LANE<br>MOUNT ARLINGTON, NJ 07856-2305 | | 08/21/2009 | 8913** | Undetermined |

---

[1]  Claim 7263 is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 524908720.  All other portions of Claim 7263 were previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

[2]  Claim 10360 is being reclassified as an equity interest solely with respect to its asserted claim of $7.44 for the securities with CUSIP No. 524908100.  The portion of Claim 10360 that is asserting a claim of $2,590.00 for securities with CUSIP No. 524908CM0 was previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].  The portion of Claim 10360 that is asserting a claim totaling $235,634.24 for securities with ISIN Nos. CH0026915527, XS0179304869, XS0183944643, XS0193035358, XS0205185456, XS0213899510, and XS0282978666 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 10360 in the future.

**  This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317.  All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|
| 5 | DADINOS, VALDA<br>23 CYPRESS ROAD<br>SUFFERN, NY 10901-6842 | | 08/21/2009 | 8925** | Undetermined |
| 6 | DRRT FBO SWISS LIFE (LIECHTENSTEIN) AG<br>64074081<br>100 SE 2ND STREET, SUITE 2610<br>MIAMI, FL 33131 | | 09/22/2009 | 32593 | $447.30 |
| 7 | EILEEN JENKINS REV LIV TR<br>ARTHUR B JENKINS TTEE<br>7360 S. ORIOLE BLVD E801<br>DELRAY BEACH, FL 33446-1392 | 08-13555 (JMP) | 08/24/2009 | 9116** | $50,000.00 |
| 8 | EYE CARE GROUP PC, THE<br>EMPLOYEES PROFIT SHARING + 401K PLAN<br>DESIGNATED FUND-STANLEY HERSH<br>7 SUNBROCK RD<br>WOODBRIDGE, CT 06525 | 08-13555 (JMP) | 08/03/2009 | 7046** | $52,519.00 |
| 9 | FISHER, ROBERT B.<br>304 SUTTON WAY, #43<br>GRASS VALLEY, CA 95945 | | 07/31/2009 | 6810** | $31,000.00 |
| 10 | FOLTZ, ANN T.<br>RETIREMENT ACCOUNT<br>488 ALEXIAN WAY, APT. 501<br>SIGNAL MOUNTAIN, TN 37377 | | 09/22/2009 | 32759** | $53,750.00 |

** This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317. All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|
| 11 | FRASSO, V. JAMES<br>23007 KENT AVE<br>TORRANCE, CA 90505 | | 08/03/2009 | 7134[3] | $28,551.00 |
| 12 | GAUDIANO, ALFREDO AND LEZICA, SOLEDAD, JTWROS<br>C/O SOLEDAD MATTEOZZI, ATTORNEY IN FACT<br>ALFARO-ABOGADOS<br>150 EAST 58 STREET, 20TH FLOOR<br>NEW YORK, NY 10155 | 08-13555<br>(JMP) | 09/21/2009 | 25375[4] | $34,839.23 |
| 13 | GOLDMAN, ALFRED<br>1200 KING ST. APT 226<br>RYE BROOK, NY 10573-7003 | 08-13555<br>(JMP) | 09/22/2009 | 30815** | $240,028.13 |
| 14 | HAQUE, AISHA<br>171 WEST 57TH STREET<br>APARTMENT 3C<br>NEW YORK, NY 10019 | | 09/22/2009 | 32729 | $91,653.90 |

[3] Claim 7134 is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52490886. All other portions of claim 7134 were previously expunged pursuant to the Order Granting Debtors' Twenty-Seventh Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated September 21, 2010 [Docket No. 11503] and the Order Granting Debtors' Eighty-Second Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated March 3, 2011 [Docket No. 14794].

[4] Claim 25375 is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 524908100. All other portions of Claim 25375 were previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

** This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317. All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|
| 15  HEALTH CARE CONSULTING CORP<br>16375 NE 18TH AVE SUITE #301<br>ATTN:STEPHEN B. FEINBERG<br>NORTH MIAMI BEACH, FL 33162 | | 07/29/2009 | 6598** | $37,500.00 |
| 16  JOHNSON, DALE W.<br>PATRICIA E. JOHNSON, JT. TENANTS<br>P.O. BOX 46313<br>PLYMOUTH, MN 55446-0313 | 08-13555<br>(JMP) | 07/27/2009 | 6267[5] | $10,000.00 |
| 17  JOHNSON, FLORENCE<br>324 OLD FARMINGDALE ROAD<br>WEST BABYLON, NY 11740 | 08-13555<br>(JMP) | 08/28/2009 | 9699** | $25,120.03 |
| 18  KAUFMAN, DAVID M TTE<br>DAVID M KAUFMAN REV TRUST<br>6959 FOUNTAINS CIRCLE<br>LAKE WORTH, FL 33467-5722 | 08-13555<br>(JMP) | 09/14/2009 | 12166** | $70,590.75 |
| 19  KEEGAN, ROBERT & ROSEMARY<br>124 BEDFORD AVE<br>FAR ROCKAWAY, NY 11697 | 08-13555<br>(JMP) | 08/14/2009 | 8301** | $35,000.00 |
| 20  KIRK, R. VERNON<br>900 19TH ST<br>GERING, NE 69341-3988 | 08-13555<br>(JMP) | 09/14/2009 | 12212[6] | $7,499.50 |

[5] Claim 6267 is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 524908720.  All other portions of Claim 6267 were previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

** This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317.  All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|
| 21 | KUPERSTOCK, BETTY L. & ALBERT D.<br>2211 WOODCREST DRIVE<br>JOHNSTOWN, PA 15905JOHNSTOWN, PA 15905 | 08-13555<br>(JMP) | 08/10/2009 | 7849** | $81,900.00 |
| 22 | LANDSBERG, MARSHA K.<br>25 BEACON HILL DRIVE<br>METUCHEN, NJ 08840-1603 | 08-13555<br>(JMP) | 08/24/2009 | 9122[7] | $20,000.00* |
| 23 | LANG, LILA<br>7628 CEDARWOOD CIRCLE<br>BOCA RATON, FL 33434 | 08-13555<br>(JMP) | 09/03/2009 | 10279** | $40,000.00 |
| 24 | LIBERTY MUTUAL FIRE INSURANCE COMPANY<br>ATTN: ROBERT BLAUVELT<br>175 BERKELEY STREET<br>BOSTON, MA 02116 | 08-13555<br>(JMP) | 09/18/2009 | 15932[8] | $14,114,322.18 |

[6] Claim 12212 is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 524908720.  All other portions of Claim 12212 were previously expunged pursuant to the Order Granting Debtors' Fifty-Fifth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated 12/17/2010 [Docket No. 13551].

[7] Claim 9122 is being reclassified as an equity interest solely with respect to its asserted claim for LBHI stock.  The portion of Claim 9122 seeking to recover for securities with CUSIP No. 52519Y209 was previously expunged pursuant to the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893].

** This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317.  All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS**

| NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|
| 25 LIBERTY MUTUAL INSURANCE COMPANY<br>ATTN: ROBERT BLAUVELT<br>175 BERKELEY STREET<br>BOSTON, MA 02116 | 08-13555 (JMP) | 09/18/2009 | 15930[9] | $38,933,316.76 |
| 26 MANDRACCHIA, CHARLES S.<br>21 CUSHMAN TERR<br>MANDRACCHIA INVESTMENT TRUST<br>REVERE, MA 02151 | | 09/21/2009 | 24706** | $57,500.00 |
| 27 MOCHEL, NORMAN W.<br>5555 MONTGOMERY DRIVE<br>APT L207<br>SANTA ROSA, CA 95409 | | 08/03/2009 | 7292** | $46,700.00 |

[8]  Claim 15932 is being reclassified as an equity interest solely with respect to its asserted claim of $2,482.34 for the securities with CUSIP No. 524908100.  The portion of Claim 15932 that is asserting a claim of $3,000,000.00 for securities with CUSIP No. 52517P5X5 was previously expunged pursuant to the Order Granting Debtors' Ninety-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated March 31, 2011 [Docket No. 15520].  The portion of Claim 15932 that is asserting a claim of $9,611,839.84 for "Lehman Brothers Real Estate Mezzanine Partners, L.P." and of $1,500,000.00 for "Lehman Brothers Real Estate Mezzanine Partners II, L.P." is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 15932 in the future.

[9]  Claim 15930 is being reclassified as an equity interest solely with respect to its asserted claim of $15,557.04 for the securities with CUSIP No. 524908100.  The portion of Claim 15930 that is asserting a claim totaling $20,000,000.00 for securities with CUSIP Nos. 52517P4C2, 52517P5X5, and 5252M0BZ9 was previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].  The portion of Claim 15930 that is asserting a claim of $14,417,759.72 for "Lehman Brothers Real Estate Mezzanine Partners, L.P." and of $4,500,000.00 for "Lehman Brothers Real Estate Mezzanine Partners II, L.P." is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 15930 in the future.

**  This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317.  All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

        * - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|------|------------|-----------|---------|--------------------|
| 28  MORIBER, LEONARD AND MITCHELL<br>1000 PARKVIEW DR # 129<br>HALLANDALE, FL 33099-2999 | | 08/06/2009 | 7581** | $26,250.00 |
| 29  NEWSOME, SUSAN<br>EXECUTRIX OF THE ESTATE OF KATHARINA A.M. MORGAN<br>3902 VETERANS BLVD.<br>DEL RIO, TX 78840 | 08-13555 (JMP) | 08/17/2009 | 8560[10] | Undetermined |
| 30  PEERLESS INSURANCE COMPANY<br>ATTN: ROBERT BLAUVELT, VICE PRESIDENT<br>FIXED INCOME<br>LIBERTY MUTUAL GROUP<br>175 BERKELEY STREET<br>BOSTON, MA 02116 | 08-13555 (JMP) | 09/18/2009 | 15948[11] | $5,250,714.00 |

[10] Claim 8560 is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 524908100.  All other portions of Claim 8560 were previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

[11] Claim 15948 is being reclassified as an equity interest solely with respect to its asserted claim of $714.00 for the securities with CUSIP No. 524908100.  The portion of Claim 15948 that is asserting a claim of $4,500,000.00 for securities with CUSIP No. 52517P5X5 was previously expunged pursuant to the Order Granting Debtors' Ninety-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated March 31, 2011 [Docket No. 15520].  The portion of Claim 15948 that is asserting a claim of $750,000.00 for "Lehman Brothers Real Estate Mezzanine Partners II, L.P." is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 15948 in the future.

** This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317.  All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|
| 31  PIERSON, BILLY<br>120 RIDGEWAY AVENUE<br>LOUISVILLE, KY 40207 | | 08/17/2009 | 8485[12] | $14,141.16 |
| 32  ROBERT PATRICK HUGHES TRUST<br>UAD 9/6/00<br>9219 DURBAN ROAD<br>SANDY, UT 84093 | 08-13555 (JMP) | 08/31/2009 | 9911** | $36,057.00 |
| 33  ROGERS, STEPHEN A.<br>9 CLIFTON COURT<br>PIKESVILLE, MD 21208 | 08-13555 (JMP) | 09/02/2009 | 10109[13] | $16,394.12 |
| 34  SHUTENKO, GULNARA<br>HNEZDENSKA 767/2C<br>PRAGUE 8, 18100<br>CZECH REPUBLIC | 08-13555 (JMP) | 07/06/2009 | 5142 | $15,683.71 |
| 35  SINRICH, NORMAN<br>CGM IRA ROLLOVER CUSTODIAN<br>200 DEER RUN ROAD<br>WILTON, CT 06897-1210 | 08-13555 (JMP) | 12/11/2009 | 65922** | $95,000.00 |

[12] Claim 8485 is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 524908639.  All other portions of claim 8485 were previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

[13] Claim 10109 is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 524908100.  All other portions of Claim 10109 were previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

** This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317.  All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|
| 36 | SINRICH, NORMAN<br>CGM IRA CUSTODIAN<br>200 DEER RUN ROAD<br>WILTON, CT 06897-1210 | 08-13555 (JMP) | 12/11/2009 | 65925** | $90,000.00 |
| 37 | SMITH, GAMBRELL & RUSSELL, LLP<br>250 PARK AVE FL 19<br>NEW YORK, NY 101771999 | 08-13555 (JMP) | 07/31/2009 | 6856[14] | Undetermined |
| 38 | SMITH, RICHARD S. & JOYCE<br>8517 HAMPTON CHASE CT<br>WAKE FOREST, NC 27587 | 08-13555 (JMP) | 08/10/2009 | 7938** | $4,678.00* |
| 39 | SWANGO, DONALD L<br>2408 JEFFERSON RD<br>FOX HOLLOW<br>BARTLESVILLE, OK 74006. | 08-13902 (JMP) | 09/21/2009 | 25296** | $49,000.00 |

[14] **Claim 6856 is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52523J453. All other portions of claim 6856 were previously expunged pursuant to the Order Granting Debtors' Twenty-First Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated 9/21/2010 [Docket No. 11506].**

** **This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317. All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].**

\* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|
| 40 | TRAVELERS INDEMNITY COMPANY AND ITS AFFILIATES, THE<br>1 TOWER SQ., 8MS<br>ATTN: MARY C. DUFFY BOARDMAN<br>HARTFORD, CT 06183 | 08-13555<br>(JMP) | 09/18/2009 | 19226[15] | $72,754,315.00 |
| 41 | TURNER, TINA<br>349 HARRISON AVENUE<br>WEST BERLIN, NJ 08091-2135 | | 02/16/2011 | 67343 | $5,000.00 |
| 42 | TURNER, TINA<br>349 HARRISON AVENUE<br>WEST BERLIN, NJ 08091-2135 | 08-13555<br>(JMP) | 02/16/2011 | 67419 | $5,000.00 |

[15] Claim 19226 is being reclassified as an equity interest solely with respect to its asserted claim of $2,254,826.25 for the securities with CUSIP No. 524908704 and of $6,091,765.24 for the securities with CUSIP No. 524908720. The portion of Claim 19226 that is asserting a claim totaling $50,785,488.14 for securities with CUSIP Nos. 524908UB4, 52517PD57, 52517PF63, 52517PG96, 52517PH61, 52517PK59, 52517PR60, 52517PSC6, 52517PVV0, 52517PXT3, 525M0BZ9, 525M0FD4, 524908CF5, 524908CM0 was previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621]. The portion of Claim 19226 that is asserting a claim totaling $13,622,235.37 for securities with ISIN Nos. CA524908PR55 and XS0210414750 are not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 15948 in the future.

** This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317. All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 144: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS**

| NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|------|-------------|------------|---------|---------------------|
| 43  WALKER, BRANDI<br>C/O MELVIN PASTERNACK ESQ GDN<br>166 HAMILTON ROAD<br>ROCKVILLE CENTRE, NY 11570 | | 08/03/2009 | 7016[16] | $75,000.00 |
| 44  ZUBALSKY, HELEN<br>11279 WESTLAND CIRCLE<br>BOYNTON BEACH, FL 33437-1804 | 08-13555<br>(JMP) | 03/29/2010 | 66427** | $27,500.00 |
| | | | TOTAL | $132,835,202.45 |

---

[16] Claim 7016 is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 524908720.  All other portions of Claim 7016 were previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

** This claim is being reclassified as an equity interest solely with respect to its asserted claim for securities with CUSIP No. 52520W317.  All other portions of this claim were previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 10, 2010 [Docket No. 12671], the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893], the Order Granting Debtors' Fiftieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12835], the Order Granting Debtors' Fifty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 17, 2010 [Docket No. 12832], or the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*       :        **08-13555 (JMP)**
                                                   :
                              **Debtors.**         :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' ONE HUNDRED FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

Upon the one hundred forty-fourth omnibus objection to claims, dated

May 16, 2011 (the "One Hundred Forty-Fourth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter

11 cases, as debtors and debtors in possession, in accordance with Bankruptcy Rule

3007(d) and this Court's order approving procedures for the filing of omnibus objections

to proofs of claim [Docket No. 6664], seeking to reclassify Stock Claims as equity

interests, all as more fully described in the One Hundred Forty-Fourth Omnibus

Objection to Claims; and due and proper notice of the One Hundred Forty-Fourth

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District

of New York; (vi) the claimants listed on Exhibit A attached to the One Hundred Forty-

Fourth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in

accordance with the procedures set forth in the second amended order entered on June 17,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the One Hundred Forty-Fourth Omnibus Objection to Claims.

2010, governing case management and administrative procedures for these cases [Docket

No. 9635]; and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief requested in the One Hundred Forty-

Fourth Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the One

Hundred Forty-Fourth Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Forty-Fourth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto are hereby

reclassified as equity interests and have the same priority as, and no greater priority than,

common stock interests in LBHI; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized

to modify the claims register to reflect this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the

One Hundred Forty-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: May 16, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE