HEARING DATE AND TIME: June 30, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO PARTIALLY REDUCE, RECLASSIFY, AND/OR ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
------------------------------------------------------------------x

NOTICE OF HEARING ON DEBTORS' ONE HUNDRED
FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
<u>(PARTIALLY SETTLED GUARANTEE CLAIMS)</u>

**PLEASE TAKE NOTICE** that on May 16, 2011, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "<u>Debtors</u>"), filed their one hundred forty-seventh omnibus objection

1

US_ACTIVE:\43702456\01\58399.0008

to claims (the "Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **June 30, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **June 15, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 16, 2011
   New York, New York

            /s/ Robert J. Lemons
            Robert J. Lemons

            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
            New York, New York 10153
            Telephone: (212) 310-8000
            Facsimile: (212) 310-8007

            Attorneys for Debtors
            and Debtors in Possession

**HEARING DATE AND TIME: June 30, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 15, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                    :    **Chapter 11 Case No.**
                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                         :
                    Debtors.             :    **(Jointly Administered)**
------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED FORTY-SEVENTH OMNIBUS**
**OBJECTION TO CLAIMS (PARTIALLY SETTLED GUARANTEE CLAIMS)**

---

**THIS OBJECTION SEEKS TO PARTIALLY REDUCE, RECLASSIFY, AND/OR ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

US_ACTIVE:\43702456\01\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Relief Requested**

1. The Debtors file this one hundred forty-seventh omnibus objection to claims (the "One Hundred Forty-Seventh Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking to reduce (in certain instances), reclassify (in certain instances), and allow, in part, the claims listed on Exhibit A annexed hereto.[1]

2. The Debtors have determined that portions of the proofs of claim listed on Exhibit A (collectively, the "Partially Settled Guarantee Claims") should be reduced (in certain instances), reclassified (in certain instances), and allowed in accordance with the parties' settlement agreements. Exhibit A sets forth which portion of the Partially Settled Guarantee Claims will be reduced, reclassified, and/or allowed, as well as which portion of the Partially Settled Guarantee Claims remains unresolved.

---

[1] Not all claims listed on Exhibit A require reclassification or reduction. Exhibit A sets forth which specific portion of each claim will be reduced or reclassified as a non-priority general unsecured claim pursuant to the parties' agreement.

2

3.      The Partially Settled Guarantee Claims assert, in part, guarantee claims against LBHI for derivatives contracts that the relevant counterparty entered into with Lehman Brothers Special Financing, Inc. ("LBSF") or Lehman Brothers Commercial Corporation ("LBCC").  Pursuant to this Court's order approving procedures for the settlement or assumption and assignment of prepetition derivatives contracts (the "December Order") [Docket No. 2257], claimants and the Debtors have negotiated settlements of disputes related to derivatives claims, including claim amounts and classifications.  These settlements are reflected in executed termination agreements among the relevant parties or have been agreed to by the relevant parties in other writings.  The portion of each Partially Settled Guarantee Claim that relates to LBHI's alleged guarantee of LBSF's or LBCC's derivatives contracts (the "LBSF/LBCC Portion") has been settled.  In accordance with the parties' settlement agreements, the Debtors request that the Court reduce (as appropriate), reclassify (as appropriate), and allow the LBSF/LBCC Portion of each Partially Settled Guarantee Claim to reflect the amount listed on Exhibit A under the column heading *"Allowed Portion of Claim – Amount,"* and the classification listed under the column heading *"Allowed Portion of Claim – Class."*  The Debtors further request that the Court allow each such Partially Settled Guarantee Claim only to the extent of such Allowed Class and Allowed Amount.

4.      This One Hundred Forty-Seventh Omnibus Objection to Claims does not affect the portion of each Partially Settled Guarantee Claim set forth on Exhibit A under the column heading *"Unresolved Portion of Claim"* (the "Non-LBSF/LBCC Portion") and does not constitute any admission or finding with respect thereto.  The Non-LBSF/LBCC Portions of the Partially Settled Guarantee Claims have not been

3

settled. The Debtors reserve all their rights to object on any basis to the Non-LBSF/LBCC Portion of each Partially Settled Guarantee Claim that is set forth on Exhibit A under the column heading *"Unresolved Portion of Claim."*

## Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

6. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

8. On December 16, 2008, the Court entered the December Order, which approved and established specific procedures by which the Debtors could settle claims arising from the termination of prepetition derivatives contracts.

9. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's

4

US_ACTIVE:\43702456\01\58399.0008

appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

10. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Partially Settled Guarantee Claims
Should Be Reduced, Reclassified, and Allowed in Part**

11. In their review of the claims filed on the claims register in these cases, the Debtors have identified the Partially Settled Guarantee Claims as being claims for which the Debtors specifically negotiated a settlement with the claimants resolving the LBSF/LBCC Portion of said claim for a claim amount and classification that, in certain instances, is not the amount and/or classification that is reflected on that claimants' proof of claim.

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. The Partially Settled Guarantee Claims assert guarantee claims against LBHI that relate, in part, to derivatives contracts between LBSF or LBCC and the

5

applicable counterparty.  Pursuant to the December Order, the Debtors engaged in negotiations with certain claimants that had filed proofs of claim against the Debtors asserting obligations based on prepetition derivatives contracts.  The Debtors and these claimants negotiated and agreed to claim amounts and classifications to resolve those proofs of claim, including guarantee claims related thereto, that are documented in an executed termination agreement or other writing.  Pursuant to certain of those settlements, the LBSF/LBCC Portions of the Partially Settled Guarantee Claims were resolved.

14.    The holders of the Partially Settled Guarantee Claims agreed that the LBSF/LBCC Portion of their claim would be allowed in the amounts and classifications that are reflected on Exhibit A under the column headings *"Allowed Portion of Claim – Class"* and *"Allowed Portion of Claim – Amount."*  In certain instances, the agreed-upon claim amounts and classifications for the LBSF/LBCC Portion of the Partially Settled Guarantee Claims are not reflected on the proof of claim forms filed by these claimants.  The Debtors are seeking only to reduce and reclassify the LBSF/LBCC Portion of the Partially Settled Guarantee Claims where the claimant's proof of claim is not consistent with such claimant's settlement agreement.

15.    In order to properly reflect the Debtors' and claimants' agreements with respect to the amount and classification of the LBSF/LBCC Portion of the Partially Settled Guarantee Claims, the Debtors request that the Court, to the extent necessary, reduce and reclassify the LBSF/LBCC Portion of such Partially Settled Guarantee Claim to reflect the amount listed under the column heading *"Allowed Portion of Claim – Amount,"* and the classification under the column heading *"Allowed Portion of Claim –*

6

*Class."* The Debtors further request that the Court allow the LBSF/LBCC Portion of each Partially Settled Guarantee Claim only to the extent of the classification and amount listed on Exhibit A under the column headings *"Allowed Portion of Claim – Class"* and *"Allowed Portion of Claim – Amount."* Finally, the Debtors reserve all their rights to object on any basis to the Non-LBSF/LBCC Portion of each Partially Settled Guarantee Claim that is set forth on Exhibit A under the column heading *"Unresolved Portion of Claim."*

### Notice

16. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this One Hundred Forty-Seventh Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

7

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: May 16, 2011
      New York, New York

                                     /s/ Robert J. Lemons
                                     Robert J. Lemons

                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone: (212) 310-8000
                                     Facsimile: (212) 310-8007

                                     Attorneys for Debtors
                                     and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 147: EXHIBIT A – PARTIALLY SETTLED GUARANTEE CLAIMS

| | NAME | CLAIM # | DEBTOR | ASSERTED CLAIM | | ALLOWED PORTION OF CLAIM | | UNRESOLVED PORTION OF CLAIM | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | CLASS | AMOUNT | CLASS | AMOUNT | CLASS | AMOUNT |
| 1 | AMERICAN INVESTORS LIFE INSURANCE CO., INC. N/K/A AVIVA LIFE ANNUITY CO. C/O AVIVA IVESTORS NORTH AMERICA, INC. 699 WALNUT STREET, SUITE 1700 DES MOINES, IA 50309 | 65963 | Lehman Brothers Holdings Inc. | Unsecured | $41,209,112.25 | Unsecured | $2,209,112.25 | Unsecured | $39,000,000.00 |
| 2 | BBT FUND, L.P. C/O BBT GENPAR LP ATTENTION: WILLIAM O. REIMANN 201 MAIN STREET, SUITE 3200 FORT WORTH, TX 76102 | 67282 | Lehman Brothers Holdings Inc. | Unsecured | $142,030,214.76 | Unsecured | $9,991,271.16 | Unsecured | $132,038,943.60 |
| 3 | CAP FUND, L.P. C/O CAP GENPAR, L.P. ATTN: WILLIAM O. RIEMANN 201 MAIN STREET, SUITE 32OO FORT WORTH, TX 76102 | 67279 | Lehman Brothers Holdings Inc. | Unsecured | $106,777,040.02 | Unsecured | $4,407,155.92 | Unsecured | $102,369,884.10 |
| 4 | SRI FUND, L.P. C/O SRI GENPAR, L.P. ATTN: WILLIAM O. REIMANN 201 MAIN STREET, SUITE 3200 FORT WORTH, TX 76102 | 67281 | Lehman Brothers Holdings Inc. | Unsecured | $65,382,085.31 | Unsecured | $2,146,671.65 | Unsecured | $63,235,413.66 |
| 5 | SVENSKA HANDELSBANKEN AB (PUBL) ATTN: MARK CLEARY, DEPUTY GENERAL MANAGER, NEW YORK BRANCH 875 THIRD AVENUE, 4TH FLOOR NEW YORK, NY 10022-7218 | 4922 | Lehman Brothers Holdings Inc. | Secured | $62,874,502.86 | Unsecured | $4,688,808.51 [1] | Secured | $55,738,784.13 |

---

[1] The LBSF/LBCC Portion of Claim 4922 is being reduced from $7,135,718.73 to $4,688,808.51 per the parties' agreement.

\* - Indicates claim contains unliquidated and/or undetermined amounts                                                                                                 Page 1 of 4

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 147: EXHIBIT A – PARTIALLY SETTLED GUARANTEE CLAIMS

| | NAME | CLAIM # | DEBTOR | ASSERTED CLAIM | | ALLOWED PORTION OF CLAIM | | UNRESOLVED PORTION OF CLAIM | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | CLASS | AMOUNT | CLASS | AMOUNT | CLASS | AMOUNT |
| 6 | ZAIS OPPORTUNITY MASTER FUND, LTD C/O SEWARD & KISSEL LLP ATTN: JUSTIN L. SHEARER, ESQ. ONE BATTERY PARK PLAZA NEW YORK, NY 10004-1485 | 66108 | Lehman Brothers Holdings Inc. | Unsecured | $7,880,651.69* | N/A | N/A | Unsecured | $7,880,651.69* |
| | TRANSFERRED TO: APPALOOSA INVESTMENT L.P. 1 TRANSFEROR: CITIGROUP FINANCIAL PRODUCTS INC.ATTN: KEN MAIMAN51 JFK PARKWAY, SUITE 250BSHORT HILLS, NJ 07078 | | | Unsecured | $3,985,000.00 | Unsecured | $3,985,000.00 | | $0.00 |
| | TRANSFERRED TO: CITIGROUP FINANCIAL PRODUCTS INC. TRANSFEROR: SCOTTWOOD MASTER, LTDATTN: MARC HEIMOWITZ390 GREENWICH STREET, FOURTH FLOORNEW YORK, NY 10013 | | | Unsecured | $10,750,000.00* | Unsecured | $10,750,000.00 | | $0.00 |
| | TRANSFERRED TO: OAKTREE HUNTINGTON INVESTMENT FUND, L.P. TRANSFEROR: DEUTSCHE BANK AG, LONDON BRANCHC/O OAKTREE CAPITAL MANAGEMENT, L.P.ATTN: JEREMY BOOKER333 SOUTH GRAND AVE., 28TH FLLOS ANGELES, CA 90071 | | | Unsecured | $13,250,000.00* | Unsecured | $13,250,000.00 | | $0.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts                     Page 2 of 4

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 147: EXHIBIT A – PARTIALLY SETTLED GUARANTEE CLAIMS

| NAME | CLAIM # | DEBTOR | ASSERTED CLAIM | | ALLOWED PORTION OF CLAIM | | UNRESOLVED PORTION OF CLAIM | |
|---|---|---|---|---|---|---|---|---|
| | | | CLASS | AMOUNT | CLASS | AMOUNT | CLASS | AMOUNT |
| TRANSFERRED TO: OCM OPPORTUNITIES FUND VIIB DELAWARE, L.P. TRANSFEROR: DEUTSCHE BANK AG, LONDON BRANCHC/O OAKTREE CAPITAL MANAGEMENT, L.P.ATTN: JEREMY BOOKER333 SOUTH GRAND AVE., 28TH FLLOS ANGELES, CA 90071 | | | Unsecured | $13,250,000.00* | Unsecured | $13,250,000.00 | | $0.00 |
| TRANSFERRED TO: PALOMINO FUND LIMITED TRANSFEROR: CITIGROUP FINANCIAL PRODUCTS INC.APPALOOSA INVESTMENT L.P.1ATTN: KEN MAIMAN51 JFK PARKWAY, SUITE 250BSHORT HILLS, NJ 07078 | | | Unsecured | $5,848,000.00 | Unsecured | $5,848,000.00 | | $0.00 |
| TRANSFERRED TO: THOROUGHBRED FUND L.P TRANSFEROR: CITIGROUP FINANCIAL PRODUCTS INC.C/O APPALOOSA INVESTMENT L.P. 1ATTN: KEN MAIMAN51 JFK PARKWAY, SUITE 250BSHORT HILLS, NJ 07078 | | | Unsecured | $2,913,000.00 | Unsecured | $2,913,000.00 | | $0.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 147: EXHIBIT A – PARTIALLY SETTLED GUARANTEE CLAIMS

| NAME | CLAIM # | DEBTOR | ASSERTED CLAIM | | ALLOWED PORTION OF CLAIM | | UNRESOLVED PORTION OF CLAIM | |
|---|---|---|---|---|---|---|---|---|
| | | | CLASS | AMOUNT | CLASS | AMOUNT | CLASS | AMOUNT |
| TRANSFERRED TO: THOROUGHBRED MASTER LTD TRANSFEROR: CITIGROUP FINANCIAL PRODUCTS INC.C/O APPALOOSA INVESTMENT L.P. 1ATTN: KEN MAIMAN51 JFK PARKWAY, SUITE 250BSHORT HILLS, NJ 07078 | | | Unsecured | $3,004,000.00 | Unsecured | $3,004,000.00 | | $0.00 |
| | TOTAL | | | $479,153,606.89 | | $76,443,019.49 | | $402,710,587.40 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                                            :    Chapter 11 Case No.
                                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (JMP)
                                                                                 :
                                                      Debtors.             :    (Jointly Administered)
-----------------------------------------------------------------x

**ORDER GRANTING DEBTORS' ONE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (PARTIALLY SETTLED GUARANTEE CLAIMS)**

Upon the one hundred forty-seventh omnibus objection to claims, dated May 16, 2011 (the "One Hundred Forty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to partially reduce (in certain instances), reclassify (in certain instances), and allow the LBSF/LBCC Portion of the Partially Settled Guarantee Claims on the grounds that the Debtors and claimants have agreed upon a claim amount and a classification for the LBSF/LBCC Portion of each Partially Settled Guarantee Claim, all as more fully described in the One Hundred Forty-Seventh Omnibus Objection to Claims; and due and proper notice of the One Hundred Forty-Seventh Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims.

to the One Hundred Forty-Seventh Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Forty-Seventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Forty-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Forty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the LBSF/LBCC Portion of each Partially Settled Guarantee Claim listed on Exhibit 1 annexed hereto is hereby allowed solely as to the classification and amount that is set forth on Exhibit 1 under the column headings *"Allowed Portion of Claim – Class"* and *"Allowed Portion of Claim – Amount"*; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) the Non-LBSF/LBCC Portion of each Partially Settled Guarantee Claim that is set forth on Exhibit 1 under the column heading *"Unresolved Portion of Claim"* and (ii) any claim listed on Exhibit A to the One Hundred Forty-Seventh Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

US_ACTIVE:\43702447\01\58399.0008

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3