Hearing Date and Time: June 2, 2011 at 10:00 a.m.
Objection Deadline: May 18, 2011 at 4:00 p.m.

**BAKER & McKENZIE LLP**
**1114 Avenue of the Americas**
**New York, New York  10036**
**Telephone:  (212) 626-4100**
**Ira A. Reid (IR-0113)**

**Attorneys for CMC Magnetics Corporation**

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | |
| | Chapter 11 |
| Debtors. | |
| | Judge James M. Peck |

### RESPONSE BY CMC MAGNETICS CORPORATION TO DEBTORS' ONE HUNDRED THIRTY SECOND OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

CMC Magnetics Corporation ("CMC"), by and through its undersigned counsel, hereby objects to the Debtors' One Hundred Thirty Second Omnibus Objection to Claims (the "Claim Objection") as it relates to CMC, and states as follows:

**Preliminary Statement**

1.     Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors") seek to reduce the amount of CMC's filed proof of claim, numbered 8713 (the "CMC Claim"), from the filed amount of $1,779,040.00 to a modified amount of $1,275.714.04, purportedly on the grounds that the CMC Claim, as filed, is overvalued.  The Claim Objection does not provide any reason for the proposed modification other than the conclusory statement

that "the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation…and the Debtors' books and records." *See* Objection at ¶11. This allegation is unsupported by any factual or legal analysis.[1]

2.  The CMC Claim was timely filed, including all responses and documentation required by the Derivative Questionnaire, all of which were fully compliant and in accordance with this Court's Bar Date Order entered on July 2, 2009 (the "Claims Bar Date Order") and the Federal Rules of Bankruptcy Procedure. Thus, the CMC Claim is *prima facie* valid, and the Debtors have failed to satisfy their burden of presenting evidence to overcome the *prima facie* validity of the CMC Claim, as required under Federal Rule of Bankruptcy Procedure 3001(f) and applicable case law discussed below.

3.  CMC reserves the right to demonstrate, at the Merits Hearing or pursuant to the ADR Procedures (as defined by, and in accordance with, this Court's April 19, 2010 Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390, Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims against Debtors (the "Procedures Order")), that the value of the CMC Claim exceeds the amount set forth by the Debtors as a proposed modified claim amount in the Claim Objection.

4.  Thus, the Claim Objection, as it relates to CMC, should be denied or, in the alternative, scheduled for a Merits Hearing and/or ADR Procedures. In addition, the Temporary Litigation Injunction established by the Procedures Order should be modified to permit the

---

[1] CMC has had some prior, limited discussions and/or email exchanges with the UK division of Lamco.

parties to conduct discovery relating to valuation issues and evidence to be presented in connection with the ADR Procedures and/or the Merits Hearing.

**Relevant Background**

5.   The CMC Claim arises out of a Confirmation (the "Confirmation"), dated August 14, 2007, with Lehman Brothers Special Financing Inc. ("LBSFI"). The Confirmation provided that CMC and LBSFI would enter into an ISDA Master Agreement, and that pending negotiation, execution and delivery of such an agreement, the Confirmation, together with all other documents confirming transactions entered into between the parties referring to the 1992 Multicurrency – Cross Border ISDA Master Agreement (the "ISDA Form"), would constitute an agreement in the form of the ISDA Form as if such an agreement had been executed (but without any Schedule) (collectively, the Confirmation and ISDA Form are referred to as the "Agreement"). A copy of the Agreement was timely uploaded with the Derivatives Questionnaire on August 20, 2009. An ISDA Master Agreement was never executed by the parties.

6.   Pursuant to the transaction consummated by CMC and LBSFI and evidenced by the Confirmation (the "Transaction"), CMC posted cash collateral in the amount of $1,249,040.00, to JPMorgan Chase Bank, N.A. account number 066143543 (the "Account"). A copy of the Debit Advice establishing the posting of this collateral to LBSFI was timely uploaded with the Derivatives Questionnaire on August 20, 2009.

7.   Under paragraph 6 (Early Termination) of the ISDA Form, CMC had the right to notify LBSFI of an "Early Termination Date", including upon the occurrence of an Insolvency Event (as defined in the ISDA Form) of LBSFI. By letter dated August 10, 2009 (the "Termination Letter"), CMC designated August 10, 2009 as the Early Termination Date in

3

respect of the Transaction (the "Early Termination Date").  By separate letter dated August 10, 2009 (the "Valuation Letter"), CMC provided details of the amount payable by LBSFI upon early termination of the Transaction.  Copies of the Termination Letter and the Valuation Letter, including any exhibits thereto, were timely uploaded with the Derivatives Questionnaire on August 20, 2009.

8. As of the date of the Termination Date, CMC possessed a claim against LBSFI in the amount of $1,779,040.00.  The CMC Claim represents an unsecured claim for the $530,000.00 due and payable under the Agreement upon early termination of the Transaction, calculated as set forth in the Valuation Letter in accordance with the Agreement, plus $1,249,040.00 in cash collateral that CMC posted to LBSFI and which CMC is entitled to redeem from the Account.

9. On August 17, 2009, CMC filed the CMC Claim against LBSFI, as counterparty, in the amount of $1,779,040.00, in accordance with the Bar Date Order.

10. On August 20, 2009, CMC electronically uploaded its derivative questionnaire responses, as well as documentation in support of the CMC Claim, as required under the Bar Date Order.

11. On April 18, 2011, the Debtors filed the Claim Objection.

## Argument

### The Debtors have failed to Satisfy their Burden of Overcoming the Prima Facie Validity of the CMC Claim

12. The CMC Claim was timely filed, including all responses and documentation required by the Derivative Questionnaire, all of which was done in compliance and in accordance with this Court's Bar Date Order and the Federal Rules of Bankruptcy Procedure. The Claim Objection, however, does not provide any reason or basis for the proposed

4

modification other than the conclusory statement that "the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation…and the Debtors' books and records." *See* Objection at ¶11. This allegation is not supported by any factual or legal analysis concerning the CMC Claim. Prior discussions with Lamco, on behalf of the Debtors, have thus far been limited.

13. Federal Rule of Bankruptcy Procedure 3001(f) and applicable case law provide that a properly filed proof of claim is *prima facie* valid. *See* Fed. R. Bankr. P. 3001(f) (proof of claim executed and filed in accordance with the rules constitutes *prima facie* evidence of the validity and amount of the claim); e.g., *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) ("filing of a proof of claim constitutes 'prima facie evidence of the validity and amount of a claim'") (citations omitted); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("proof of claim is prima facie evidence of the validity and amount of the claim, and the objector bears the initial burden of persuasion" which then shifts back to the claimant "if the objector produces 'evidence equal in force to the prima facie case'").

14. The Claim Objection's unsupported assertion that the CMC Claim is overvalued does not satisfy their burden of presenting evidence sufficient to overcome the *prima facie* validity and amount of the CMC Claim, as required under Federal Rule of Bankruptcy Procedure 3001(f) and applicable case law. Accordingly, the Claim Objection should be denied on that basis. CMC reserves the right to demonstrate, at the Merits Hearing or pursuant to the ADR Procedures, that the value of the CMC Claim exceeds the amount set forth by the Debtors as a proposed modified claim amount in the Claim Objection.

5

## Conclusion

For all the reasons set forth above, the Claim Objection should be denied as to CMC or, in the alternative, scheduled for a Merits Hearing or ADR Procedures and the Temporary Litigation Injunction modified to permit the parties to conduct discovery.

Dated: New York, New York
May 17, 2011

**BAKER & McKENZIE LLP**

By:  /s/ Ira A. Reid

Ira A. Reid (IR-0113)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 626-4100

Attorneys for CMC Magnetics Corporation

NYCDMS/1182185.1