**BRUCE J. DUKE, ESQUIRE**
4201 Grenwich Lane
Mt. Laurel, NJ 08054
(856) 701-0555 – Telephone
(856) 234-6137 – Facsimile
Attorney for Claimants Shashank Agrawal,
William Connors & Joanna Baricevic

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------x
**In re**                                                    **CHAPTER 11**

**LEHMAN BROTHERS**                      **CASE NO. 08-13555-JMP**
**HOLDINGS INC.,** *et al.,*
                                                            **(Jointly Administered)**

                    **Debtors.**
-----------------------------------------------x


**RESPONSE AND OBJECTION OF CLAIMANTS SHASHANK AGRAWAL (CLAIM NO. 13002), JOANNA BARICEVIC (CLAIM NO. 13429) AND WILLIAM CONNORS (CLAIM NO. 15186) IN OPPOSITION TO DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY NON-<u>DEBTOR EMPLOYEE CLAIMS</u>)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Shashank Agrawal, Joanna Baricevic and William Connors (hereinafter unless otherwise noted, collectively the "Claimants"), by and through undersigned counsel, submit this response and objection to Debtors' One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Liability Claims) (the "Objection"), and in opposition thereto, represent as follows:

1

Introduction

1. Claimants are all former employees of LBHI, through one of its wholly-owned subsidiaries, LBI.

2. The Objection challenges claim numbers 13002 (Agrawal), 13429 (Baricevic) and 15186 (Connors) on the basis that none of the individuals were employed by LBHI but rather, were employed by LBI.

3. The Objection to these claims should be overruled on the basis that LBHI is for all intents and purposes the alter ego of LBI and as such, cannot avoid the obligations of LBI.

Background

Shashank Agrawal

4. Mr. Agrawal filed his proof of claim on or about September 15, 2009 in the total amount of $1,400,470.76 for deferred compensation owed to him from 2007 and 2008.

Joanna Baricevic

5. Ms. Baricevic filed her proof of claim on or about September 16, 2009 in the total amount of $56,105.79 for compensation and medical benefits.

6. A letter to Ms. Baricevic dated September 30, 2008 filed as part of her proof of claim was on the letterhead of LBHI. Moreover, her medical benefits were under the LBHI group benefits plan.

William Connors

7. Mr. Connors was an employee of LBHI through LBI and was separated from employment on or about April 8, 2008.

8. He filed his proof of claim on or about September 17, 2009 in the total amount of $146,043.40.

2

9. For the purposes of this objection, claimants shall be treated the same relative to LBHI.

Argument

10. A timely filed proof of claim constitutes *prima facie* evidence of the amount and validity of the claim. 11 U.S.C. §502 (a); *In re 183 Lorraine St. Assoc.* (Bankr. E.D.N.Y. 1996) 198 B.R. 16, 26.

11. Of course, LBHI is entitled to raise omnibus objections to claims as set forth in the bankruptcy rules. *See* F.R.B.P. 3007(d).

12. It is submitted by Claimants that LBHI it is the alter ego of LBI and as such LBHI is ultimately responsible for the obligations of LBI, including those of Claimants. LBHI is attempting to construct an artificial distinction between it and LBI in order to avoid legitimate compensation claims of the Claimants.

13. A hearing is not required to dispose of an objection to a claim, rather, this Court may apply a summary judgment standard, especially, when as in the case *sub judice*, there are no genuine issues of material fact. *See, In re Manhattan Woods Golf Club Inc.*, 192 B.R. 80 (S.D.N.Y. 1996) (where the bankruptcy court disposed of a creditors claim raising a corporate veil-piercing argument, only after finding no genuine issue of material fact as to the veil piercing case).

14. Under New York law, in order to pierce the corporate veil of the parent corporation, it must be shown that (1) the parent corporation must have exercise such control that the subsidiary has become a mere instrumentality of the parent, which is the real actor; and (2) such control has been used to commit a wrong which would result in an unjust injury. *Wm. Passalacgua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 138 (2d Cir. 1991).

Furthermore, courts may pierce the corporate veil in order to "achieve equity." *Gartner v. Snyder,* 607 F.2d 582, 586 (2d Cir. 1979) (*quoting Port Chester Elec. v. Atlas,* 40 N.Y.2d 652, 656, 389 N.Y.S.2d 327, 331, 357 N.E.2d 983, 986 (1976)).

15. Here, LBHI was not only the corporate parent of LBI, was the entity controlling LBI, and indeed, LBI would not have existed without the support and resources of LBHI. LBI was in fact a shell supported by the unlimited resources of LBHI. For example, LBI and LBHI shared the use of the same office or business location at 745 7th Avenue, 13th Floor, New York, NY 10019.

16. While claimants do not necessarily allege fraud on behalf of LBHI, they do allege that it would be manifestly inequitable for their legitimate claims for compensation to be denied for the sole reason that LBHI created an artificial wall to shield it from the liabilities of LBI. It is well established that LBHI had an overwhelming impact and influence on all business transactions of LBI, and really served as a bank and financial overseer of LBI.

17. LBHI's own documentation shows that it was closely integrated with LBI, that it lends to its operating subsidiaries (including LBI) each day and swept cash at the end of each day. Furthermore, as between LBI and LBHI, excess cash was made available to LBHI, shortfalls were covered by LBHI, and a minimum $3 billion payable was maintained between LBI and LBHI to compensate for paymaster responsibilities of LBI. At bottom, it is readily apparent that LBHI was a crucial and ongoing corporate parent, that it and LBI operated as a single economic entity such that it would be inequitable to uphold a legal distinction between them. *Gartner at 586, citing Fletcher v. Atex, Inc., 68 F.3d 1451, 1458 (2d Cir. 1995).*

18. At the end of the day, Claimants realize that the opportunity for them to receive some of the compensation to which they were promised is solely at the discretion of the court,

4

however, Claimants submit that it would be wholly inequitable to punish them for their long service to LBHI solely because of an artifice created by LBHI to purportedly shield it from just such liability.

    WHEREFORE, Claimants Shashank Agrawal, Joanna Baricevic and William Connors request that the Debtors' One Hundred Seventeenth Omnibus Objection to Claims be denied as to Claimants only, that claim numbers 13002, 13429 and 15186 be allowed in full, and for such other and further relief as this Court deems just and appropriate.

                                      /s/Bruce J. Duke
                                      Bruce J. Duke, Esq.
                                      4201 Grenwich Lane
                                      Mount Laurel, NJ 08054
                                      (856) 701-0555 –Telephone
                                      (856) 234-6137-Facsimile
                                      Attorney for Claimants
                                      Shashank Agarwal, Joanna Baricevic
                                      and William Connors

Dated: May 17, 2011