Prepared by:
Donald F. Campbell, Jr., Esq. (8924)

**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Red Bank, N.J. 07701
(732) 741-3900
Attorneys for Jennifer Becker

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
|     LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No.   08-13555 (JMP) |
| | Judge: Hon. James M. Peck, U.S.B.J. |
|                 Debtors. | Hearing: June 2, 2011, 10:00 AM |

### OBJECTION OF JENNIFER BECKER TO DEBTOR'S ONE HUNDRED THIRTIETH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

Jennifer Becker, a creditor in the above referenced bankruptcy case, by and through her attorneys, Giordano Halleran & Ciesla, objects to the Debtor's One Hundred Thirtieth Omnibus Objection to Claim (To Reclassify Proofs of Claim As Equity Interests) (the "Motion") as follows:

1.    Jennifer Becker ("Claimant") shall rely on the facts set forth in the Certification of Jennifer Becker submitted herewith.

2.    Because the grant of Restricted Stock Units ("RSUs") is not a purchase or sale of a security and Claimant did not own any of the non-vested RSUs' on the Petition Date, Claimant respectfully requests that the Court deny Debtors' motion to reclassify her Proof of

Claim as an equity interest.

3. In the Motion, the Debtors incorrectly describe the Restricted Stock Units ("RSUs") as being similar to stock options or the right to exercise stock options (see Motion at ¶ 14). Unlike typical stock options, the granting to Claimant of the RSUs did not provide the Claimant with the "right" to do anything.

4. By contrast, prior to the vesting point, Claimant did not own any common stock of the Debtors by virtue of the grant of RSUs. The grant was nothing more than a promise to issue shares of common stock at a certain point in the future. However, the Debtors promised to compensate Claimant for the value of the RSUs on the grant date. Thus, Claimant is a creditor of Debtor with respect to the non-vested RSUs.

5. Pursuant to section 510(b) of the Bankruptcy Code:

> For the purpose of distribution under this title, a claim…for damages arising from the purchase or sale of such a security…shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. § 510(b).

6. Although the statutory phrase "arising from the purchase or sale of such a security" has been interpreted broadly and has been held to apply to the ownership of employee stock options, see In re Enron Corp., 341 B.R. 141 (Bankr.S.D.N.Y. 2006), Claimant submits that the type of compensation involved here is materially different.

7. In Enron, the court explained that the stock options granted the employees the right to purchase a specified number of shares at a specified future time, which is known as the vesting point. Id. at 145. "Once the option vested, the employee could exercise the option and

2

sell the purchased stock, capturing the difference between the option price and the current trading price, exercise the option and retain the stock, or retain the option to exercise at a later time, presumably after the trading priced increased." Id. at 145-46.

8. RSUs are substantially different from stock options in that prior to vesting, the employee owns nothing and has no right to exercise anything. As of the grant date, the employee is only being promised the value of RSUs as of that date in exchange for the performance of an employee's responsibilities.

9. The RSUs were essentially held in escrow by the Debtors until the vesting point, at which time the shares were transferred to a different account over which Claimant controlled. Because Claimant had no control over the RSUs prior to the vesting point, Claimant was not an equity holder and her claim should not be subordinate. See In re Motels of Am., Inc., 146 B.R. 542, 544 (Bankr.D.Del. 1992).

10. Although the RSUs could theoretically have been transferred to the Claimant once they vested, at which time Claimant would become an equity owner, here the RSUs never vested because of the bankruptcy filing.

11. Therefore, no "purchase" occurred, and Claimant remained a creditor as of the Petition Date because with respect to the non-vested RSUs, Claimant was promised compensation for her past performance. The RSU were granted to Claimant as part of her employment compensation and not related to an acquisition of securities.

12. Finally, Claimant submits that her Proof of Claim may only be subordinated through an adversary proceeding and not by motion. See USA Capital Realty Advisors, LLC v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortgage Co.), 377 B.R. 608, 615 (9th Cir. 2007) ("[S]ubordination under section 510(b) would first require

3

an adversary proceeding pursuant to Rule 7001(8)."). By definition, an adversary proceeding is "a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination." Fed.R.Bankr.P. 7001(8).

Based on the foregoing, Claimant respectfully requests this Court deny Debtors' One Hundred Thirtieth Omnibus Objection to Claim (To Reclassify Proofs of Claim As Equity Interests) and allow Claimant's claim.

                                                    GIORDANO HALLERAN & CIESLA,
                                                    Attorneys for Jennifer Becker

DATED: May 18, 2011          By:   */s/ Donald F. Campbell, Jr.*
                                                            DONALD F. CAMPBELL, JR.

GHCDOCS-#788146-v1