| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>----------------------------------------------------------x<br>In Re:                                                                  :<br>                                                                              :<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :<br>                                                                              :<br>                                            Debtors.              :<br>----------------------------------------------------------x | Chapter 11 Case No.<br>08-13555 (JMP) |

**CLAIMANT BO BAZYLEVSKY'S OPPOSITION TO DEBTORS'
ONE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS
(TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Claimant Bo Bazylevsky ("Bazylevsky") hereby opposes Debtors' attempt to reclassify his claim (Claim No. 66323 in the amount of $3,568,323.88) as an equity interest and submits the following in support:

    1.    Bazylevsky's claim against Lehman is based upon earned compensation that was paid in the form of restricted stock grants rather than salary or cash wages. As such, it is distinguishable from generic equity holdings that investors may have purchased in the stock market and should not be reclassified to receive the same treatment as generic equity holdings.

    2.    Unlike investors who bought Lehman stock in the market for speculative reasons, Bazylevsky's equity-based compensation (and those of other employees who were granted such compensation) was earned through Bazylevsky's services as an employee and represents a large part of the hard-fought compensation earned over several years of service. In addition, Bazylevsky's Lehman stock was awarded as a substitute for several years of unvested stock accumulated from his career at JP Morgan as required

when Bazylevsky became employed at Lehman, further distinguishing it from investor-purchased stock in the market. Bazylevsky in turn left employment with Lehman three months before the firm collapsed, but was not permitted to cash out his Lehman stock at that time. Moreover, a large percentage of my stock would have vested by this point in time.

3. Lehman remains the only major investment bank whose employees did not have at least a portion of their earned stock spared. Every other bank, including Bear Stearns, along with many other financial institutions, received assistance (both overt and tacit) from the Federal Government to preserve at least some value for employee stock that these individuals earned in the course of working to a living for their families. Bazylevsky deserves similar treatment in recognition that he (like many other employees) earned that compensation through hard work for the benefit of their employer.

4. The Debtors' request to convert Bazylevsky and similarly situated employees from a position of creditors (regardless of what priority their claims ultimately receive) to one of equity holders for whom there will be nothing left at the conclusion of this proceeding, is particularly unconscionable where the allowed professional service fees for the Lehman estate have reached the astronomical, estimated amount of $1.5 billion. A small portion of that number could have handily provided even partial compensation for Bazylevsky and his fellow employees' families, rather than continuing to benefit only the lawyers handling this case. This Court needs to rectify this unjust outcome, in part, by denying the Debtors' objection.

WHEREFORE, Bazylevsky respectfully requests that the Court deny Debtors' one hundred and eighteenth omnibus objection.

Dated: May 16, 2011
      New York, New York

Respectfully submitted,

*Bo B* (signature)

Bo Bazylevsky
51 East 93rd Street
New York, NY  10128