UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                                         : Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.,                        : 08-13555 (JMP)

                                        Debtors.              : (Jointly Administered)

------------------------------------------------------------x

FILED
U.S. BANKRUPTCY COURT

2011 MAY 17 P 2:40

S.D. OF N.Y.

## AFFIDAVIT OF SERVICE

Niraj Shah, being duly sworn, deposes and says:

1.  I am over the age of eighteen years and live at 107 West Passaic Ave, Bloomfield, NJ 07003

2.  On May 17, 2011, I've submitted **IN PERSON** a RESPONSE AND COPIES OF CLAIM PROOF AGAINST One Hundreds Seventeen Omnibus Objection to Claims (10365) against Debtor (08-1355) to the following:

    I.   The Chambers of the Honorable James M. Peck, at One Bowling Green, New York, New York 10004

3.  On May 17, 2011, I've submitted by **OVERNIGHT MAIL** a RESPONSE AND COPIES OF CLAIM PROOF AGAINST One Hundreds Seventeen Omnibus Objection to Claims (10365) against Debtor (08-1355) to the following:

    I.   Debtor's Attorney, Weit Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Telephone: 212-310-8000, Facsimile: 212-310-8007, Shai Y. Waisman

    II.  Trustee: Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.

    III. Unsecured Creditors Attorney: Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.

Overnight Mail is guaranteed to be delivered by May 18, 2011 before noon.

/s/ Niraj M. Shah

Niraj M. Shah
Sworn to before me this
17th day of May, 2011

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | **08-13555 (JMP)** |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

FILED
U.S. BANKRUPTCY COURT
2011 MAY 17 P 2: 40
S.D. OF N.Y.

**RESPONSE AGAINST ONE HUNDRED SEVENTEENTH OMNIBUS OJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)**

| CLAIM TO BE ALLOWED | |
|---|---|
| **Creditor Name and Address:** <br> SHAH, NIRAJ <br> 107 WEST PASSAIC AVENUE <br> BLOOMFIELD, NJ 07003 | **Claim Number:** 10365 <br> **Date Filed:** 9/4/2009 <br> **Debtor:** 08-13555 <br> **Classification and Amount:** ADMIN: $ 17,758.97 <br> PRIOIRTY: $ 10,950.00 <br> TOTOL: $ 28,708.97 |

TO THE HONORABLE JAMES M. PECK

UNITED STATES BANKRUPTCY JUDGE:

NIRAJ SHAH, Creditor in the above-referenced chapter 11 case, respectfully represents as follow:

Seeking NOT to disallow and expunge claims for which the Debtors have liability of my Claim (10365) against Debtor (08-13555) for amount Total 28,708.97 with Priority amount of $10,950.00.

The Debtors' records indicate that debtor Lehman Brothers Holding Inc. was a global financial services firm and its primary subsidiary was Lehman Brothers Inc. ("LBI") and have liability for the compensation-related obligations of LBI and other non-Debtor affiliates. Please refer to Exhibit A.

Requesting honorable James M. Peck judge to **allow this claim** and allow for such compensation-related obligations and **place in top order of secured creditors.**

Seeking a full 60 days of wages and benefits along with severance pay of one week's wages for each year an employee worked at Lehman as per contact that was signed by Lehman Brothers.

Inc. They had promised to pay as per the contract until Dec 13, 2008 but they didn't full fill their obligation.

The debtors also violated the WARN Act of New York and didn't give 60 day notice to its employees before having a massive lay-off right before closing their offices and declaring bankruptcy.

The Debtor failed to me my respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective employment losses and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective employment losses.

Debtor's Facilities and were terminated on or about September 9, 2008, and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by the Debtor on September 9, 2008, pursuant to 29 U.S.C. § 2104(a)(5).
13. On or about September 9, 2008, the Debtor terminated me as part of a mass layoff or plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which I'm entitled to receive 60 days advance written notice under the WARN Act or receive 60 days pay and benefits in lieu of 60 days notice.

The Debtor ordered a termination of operations of the New York Establishments or Facilities without notice on or about September 9, 2008 and failed to pay its New York Class Members compensatory damages and costs of the action as required by PL. 2007, c.212, C.34:21-6 of the New York WARN Act

Claimant, I seek back-pay attributable to a period of time after the filing of the Debtor's bankruptcy petition and which arose as the result of the Debtor's violation of federal law, Plaintiff's and the Class Members' claims against the Debtor are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

A first priority administrative expense claim for WARN backpay pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of the Claimant equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period and severance in accordance with the New Jersey Warn Act, or, alternatively, determining that the first $10,950 of the WARN Act claims of the Claimant is entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder is a general unsecured claim; and
An award against the Debtor under the New York WARN Act of compensatory damages, including lost wages, benefits.

The Bankruptcy Court should consider this a response to objection and as being filed timely and being served in person to The Chambers of the Honorable James M. Peck  and via Express Overnight Mail to all of the parties identified in the attached objection notice and listed below.

DATED: MAY 16, 2011
        Bloomfield, New Jersey

NIRAJ SHAH
107 West Passaic Avenue,
Bloomfield, NJ 07003
973-873-2936
973-771-1791
CLAIMANT

cc
The Chambers of the Honorable James M. Peck,
One Bowling Green,
New York, New York 10004
Courtroom 601

Debtor's Attorney
Weit Gotshal & Manges LLP
767 Fifth Avenue,
New York, New York 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
Shai Y. Waisman

Trustee: Office of the United States Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.

Unsecured Creditors Attorney: Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza,
New York, NY 10005
Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.

# Exhibit A

# Lehman Brothers

**From Wikipedia, the free encyclopedia (http://en.wikipedia.org/wiki/Lehman_Brothers)**

**Lehman Brothers Holdings Inc.** (former NYSE ticker symbol LEH) (pronounced /◌li◌mən/) **was a global financial services firm** (4th largest investment bank in the USA behind Goldman Sachs, Morgan Stanley, and Merrill Lynch) which, until declaring bankruptcy in 2008, participated in business in investment banking, equity and fixed-income sales, research and trading, investment management, private equity, and private banking. It was a primary dealer in the U.S. Treasury securities market. **Its primary subsidiaries included Lehman Brothers Inc.,** Neuberger Berman Inc., Aurora Loan Services, Inc., SIB Mortgage Corporation, Lehman Brothers Bank, FSB, Eagle Energy Partners, and the Crossroads Group. The firm's worldwide headquarters were in New York City, with regional headquarters in London and Tokyo, as well as offices located throughout the world.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                                    :      **Chapter 11 Case No.**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :      **08-13555 (JMP)**

Debtors.                        :      **(Jointly Administered)**

---------------------------------------------------------------x

LBH OMNI117 03-25-2011 (MERGE2,TXNUM2) 4000057088 BAR(23) MAIL ID *** 000043626391 *** BSIUSE: 124

SHAH, NIRAJ
107 WEST PASSAIC AVENUE
BLOOMFIELD, NJ 07003

FILED
U.S. BANKRUPTCY COURT
2011 MAY 17 P 2: 40
S.D. OF N.Y.

### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

### IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, ESQ., AT 212-310-8323.

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)

| CLAIM TO BE DISALLOWED & EXPUNGED | | |
|---|---|---|
| **Creditor Name and Address:** SHAH, NIRAJ 107 WEST PASSAIC AVENUE BLOOMFIELD, NJ 07003 | **Claim Number:** | 10365 |
| | **Date Filed:** | 9/4/2009 |
| | **Debtor:** | 08-13555 |
| | **Classification and Amount:** | **ADMIN: $ 17,758.97** **PRIORITY: $ 10,950.00** **TOTAL: $ 28,708.97** |

PLEASE TAKE NOTICE that, on March 25, 2011, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that it was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. prevailing Eastern Time on May 18, 2011 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on June 2, 2011 to consider the Objection. The hearing will be held at 10:00 a.m. prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

**If you have any questions about this notice or the Objection, please contact Debtors' counsel, Erika del Nido, Esq., at 212-310-8323.** CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: March 25, 2011
      New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

PROOF OF CLAIM

ehman Brothers Holdings Claims Processing Center
o Epiq Bankruptcy Solutions, LLC
DR Station, P.O. Box 5076
ew York, NY 10150-5076

| Re:
ehman Brothers Holdings Inc., et al.
                    Debtors.

Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

| ame of Debtor Against Which Claim is Held | Case No. of Debtor |
| LEHMAN BROTHERS HOLDINGS, INC. | 08-13555 (JMP) |

UNIQUE IDENTIFICATION NUMBER: 555306240

NOTE: This form should not be used to make a claim for an administrative expense arising fter the commencement of the case. A request for payment of an administrative expense nay be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make claim for Lehman Programs Securities (See definition on reverse side.)

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if lifferent from Creditor)
LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555306240*****
SHAH,NIRAJ
107 WEST PASSAIC AVENUE
BLOOMFIELD, NJ 07003

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number:_____
(If known)

Filed on:_____

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

$28,708.97 UNSECURED
UNLIQUIDATED
CONTINGENT

DESCRIPTION:
OUTSTANDING SEVERANCE

Telephone number. 973-771-1791 Email Address: *niraj shah- 2000 @yahoo.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:                    Email Address:

1.    Amount of Claim as of Date Case Filed: $ 28,708.97

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee. ,

2.    Basis for Claim: SERVICES PERFORMED, WAGES, SALARY VACATION, SEVERANCE
      (See instruction #2 on reverse side.)

3.    Last four digits of any number by which creditor identifies debtor: _____
      3a. Debtor may have scheduled account as: _____
          (See instruction #3a on reverse side.)

4.    Secured Claim (See instruction #4 on reverse side.)
      Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

      Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other

      Describe: _____

      Value of Property: $_____ Annual Interest Rate _____%
      Amount of arrearage and other charges as of time case filed included in secured claim, if any:
      $_____ Basis for perfection: _____

      Amount of Secured Claim: $_____ Amount Unsecured: $_____

5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$ 10,950.00

6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ 17,758.97
      (See instruction #6 on reverse side.)

7.    Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.    Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

| Date:
09/01/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Niraj Shah |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# LEHMAN BROTHERS

STEPHANIE DIAMOND
VICE PRESIDENT

September 9, 2008

Niraj Shah
By Hand

Dear Niraj:

This is an agreement and release concerning your separation from employment by Lehman Brothers. If you sign and comply with this agreement, you will receive the payments and benefits discussed below.

**Effective Dates, Payments and Benefits**

1.  Today will be the last day that you are expected to report to work.

2.  Provided you sign and comply with this agreement, you are eligible to continue to receive your current base salary and benefits coverage through the earlier of December 13, 2008 or the date on which you become actively employed with another firm (the "separation date"), as follows.

    a.  You will continue to receive your current base salary and benefits continuation through November 8, 2008 (the "notice period").

    b.  Immediately after the notice period and in lieu of a lump sum separation payment consisting of 3 weeks of severance pay and two weeks of unused vacation pay, you will continue to receive your current base salary and certain benefits continuation, including medical benefits, through December 13, 2008.

    Salary continuation will be paid on a biweekly basis at your current biweekly base salary rate, in accordance with the Firm's regular payroll practices. While you are on salary continuation, you will be eligible to continue your benefits coverage under the terms of our plans. All payments will be subject to withholding, payroll taxes and other applicable deductions.

3.  Lehman Brothers has retained Lee Hecht Harrison to provide you with outplacement counseling services. These services are designed to assist you with counseling on resume writing, interviewing skills, networking techniques, and a job search campaign. We encourage you to take advantage of these services in order to ensure a smooth career transition. To sign up, please call Sasha Hohri at (866) 949-3325.

4.  You and your covered dependents, pursuant to the COBRA law, may be eligible to continue health insurance coverage for up to 18 months from your separation date, at your own expense. Your right to continue or convert coverage (including COBRA coverage) after your separation date will be governed by the terms of our plans.

5.  Your rights to benefits under any employee benefits plans will be determined in accordance with the terms of such plans. Our employee benefits plans may be modified or terminated at any time.

6.  Should you become employed by another firm as an employee, consultant or independent contractor at any time while you are on salary continuation, you are obligated to inform the Firm so that you can be terminated from the Firm's payroll at that time. This date will be your separation date for purposes of this agreement. As of this separation date, your salary and benefits coverage continuation will end. Provided you have signed and complied with this agreement, you will receive a lump sum payment representing the remainder of the payments described in paragraph 2, payable within 4 weeks of your separation date.

Niraj Shah
page 2

7. Should you be rehired by Lehman or any of its subsidiaries or affiliates as an employee, consultant or independent contractor at any time through your separation date you will no longer be eligible to receive the remainder of the payments described in paragraph 2.

8. As you are aware, for certain of your outstanding and unvested restricted stock unit awards ('RSUs') granted to you in connection with the Lehman Brothers Equity Award Program, you are expressly required to execute a release agreement as a condition of 'involuntary termination without cause' treatment under those awards. If you sign and comply with this separation agreement, you will satisfy the release requirement applicable to such awards.

## Complete Release

You agree to forever release Lehman Brothers Inc., any of its affiliated companies, past and present parents, subsidiaries, divisions and present and former employees, officers, directors, successors and assigns from all claims you may now have based on your employment with any Lehman affiliate or the separation of that employment, to the maximum extent permitted by law. This includes a release, to the maximum extent permitted by law, of any rights or claims you may have under: the Age Discrimination Employment Act, which generally prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, which generally prohibits discrimination in employment based on race, color, national origin, religion or sex; the Equal Pay Act, which generally prohibits paying men and women unequal pay for equal work; the Americans with Disabilities Act, which generally prohibits discrimination on the basis of disability; the Employee Retirement Income Security Act of 1974, which governs the provision of pension and welfare benefits; and all other federal, state or local laws prohibiting employment discrimination. This also includes a release by you of any claims for wrongful discharge, any compensation claims, or any other claims under any statute, rule, regulation, or under the common law. This release covers both claims that you know about and those you may not know about.

## Non-disclosure Provisions

You agree not to disclose to anyone except your immediate family, accountant, and lawyer any information relating to the subject matter or existence of this agreement, including the dollar amount set forth, except to the extent required by legal process. Any disclosure to your immediate family, accountant or lawyer shall be made only upon their agreement not to disclose these terms to another person. Notwithstanding the foregoing, the parties may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of the transaction and all materials of any kind (including opinions or other tax analyses) that are provided to either party relating to such tax treatment.

## Firm Property; Confidential Information

You agree that all proprietary or confidential information concerning Lehman, its business or customers which you learned, received, or developed while an employee of Lehman is and shall remain the exclusive property of Lehman. You agree that you will not, without Lehman's express written consent, (1) disclose any of Lehman's confidential or proprietary information to any entities or individuals outside of Lehman, including to any competitors, the media, or other third parties, or (2) use such information for your own personal benefit or for the benefit of any individual or entity other than Lehman. You further agree to return to Lehman any and all Lehman property that you possess, including Lehman confidential or proprietary information, within one week after your last day of active employment.

Niraj Shah
page 4

## Entire Agreement

This agreement constitutes the entire agreement between the parties and cannot be altered except in writing signed by both parties. The terms of this agreement supersede any other oral or written arrangement between you and the Firm with respect to your employment or the separation of your employment by the Firm including but not limited to any entitlements you may have under the Firm's severance policy. Both parties acknowledge that no representations were made to induce execution of this agreement, which are not expressly contained in this agreement.

## Successorship; Controlling Law

This agreement will be binding on Lehman and its successors and assigns and will also be binding on you, your heirs, administrators, executors and assigns. This agreement will be construed under the substantive law of the State of New York, without regard to conflict of law principles.

## Period for Review and Consideration of Agreement

You have been given a period of fourteen (14) days from the date of this letter to review and consider this agreement before signing it. Please return this document to my attention in one of the following ways:

|  |  |
|---|---|
| By Mail: | 1301 Avenue of the Americas<br>New York, NY 10019 |
| or by Fax: | (646) 758-5378 |
| or by E-Mail: | stdiamon@lehman.com |

You may use as much of this of fourteen (14) day period as you wish prior to signing. If you have not signed and returned this agreement by that date, you will not be eligible to receive the payments and benefits described in this agreement.

**You acknowledge that you have read this agreement, understand it and are voluntarily entering into it.**

LEHMAN BROTHERS INC.

Stephanie Diamond

Niraj Shah

09/10/2008
Date

# LEHMAN BROTHERS HOLDINGS INC.

September 30, 2008

Dear Mr. Shah:

We are disappointed to inform you that as a result of the bankruptcy of Lehman Brothers Holdings Inc. and the placement of Lehman Brothers Inc. into a liquidation proceeding under the Securities Investor Protection Act (SIPA), Lehman Brothers is unfortunately no longer able to provide the salary continuation or other payments described in your separation agreement. As a result, you will not receive a payment on October 3, 2008 or thereafter.

You may continue to be covered under any current medical, dental and/or vision benefits through the end of your original salary continuation date as set out in your separation agreement. Because you will no longer receive salary continuation payments from which your employee contributions for these benefits can be deducted, you will be billed monthly for these costs. An invoice will be mailed to your home with instructions on how and when to return your payment. Your current coverage is in effect and will remain in place subject to timely payment of your contributions.

The cost to you for medical, dental and/or vision coverage will remain the same through December 2008 but may increase in the future. As of your termination date, you may be eligible to continue these benefits for up to 18 months under COBRA.

For other voluntary benefits you may be covered under, you will receive a mailing directly from the insurance carrier to continue your coverage on a direct bill basis (for example, MetLife Auto & Home, Mass Mutual Group Variable Universal Life Insurance, Hyatt Legal).

As a matter of federal law, the assets of the Lehman Brothers Savings Plan (401(k) plan) and Lehman Brothers Holdings Inc. Retirement Plan (pension plan) are protected from the claims of Lehman Brothers' creditors. Information about these entitlements is available through Fidelity NetBenefits at www.netbenefits.fidelity.com or by calling 1-866-534-6266.

If you are owed additional severance payments that cannot be paid at this time as a result of the various Lehman bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process. At some point in the future, you will be receiving notification of the procedures for the filing of claims and the date by which the claims must be filed. A deadline for filing claims has not yet been set.

Also, if you have not yet done so, you may wish to apply for unemployment insurance benefits in your state. Information about applying for unemployment benefits is enclosed.

We recognize that this is difficult news and that you may have questions about this situation. Please call the Lehman Brothers HR Service Center at 212.526.2363. They can answer your questions or direct your call to someone who can.

Very truly yours,


LEHMAN BROTHERS HOLDINGS INC.

**Lehman Brothers Inc.**
745 Seventh Avenue
New York, NY 10019-6801

| Pay Group: | BW3-BiWeekly Exempt Employees | Business Unit: IT |
|---|---|---|
| Pay Begin Date: | 09/07/2008 | Advice #: 4300974 |
| Pay End Date: | 09/20/2008 | Advice Date: 09/19/200 |

Niraj Shah
107 West Passaic Avenue
Bloomfield, NJ 07003

MAIL    LBI BW3 IT
43475 1301 6TH 3 4300974

Niraj Shah
107 West Passaic Avenue
Bloomfield, NJ 07003

| TAX DATA: | Federal | NJ State |
|---|---|---|
| Marital Status: | Married | M/CU-Joi |
| Allowances: | 5 | 5 |
| Addl. Pct.: | | |
| Addl. Amt.: | | |

Employee ID: 10235215
Department: 43475-Desktop App Packaging Sup
Location: 1301 Avenue of Amer, 3rd Floor
Pay Rate: $110,000.00 Annual
SSN: XXX-XX-4385

### HOURS AND EARNINGS

| Description | Begin Date | End Date | Rate | Current Hours | Current Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|---|---|
| Reg Salary | | | 52.884615 | 80.00 | 4,230.77 | 1,520.00 | 80,384.63 |
| 07 RSU Bon | | | | | 0.00 | | 2,000.00 |
| Total: | | | | | 4,230.77 | | 80,384.63 |

### TAXES

| Description | Current | YTD |
|---|---|---|
| Federal Tax | 346.78 | 6,481.3 |
| Medicare Tax | 58.35 | 1,098.3 |
| Social Security Tax | 249.52 | 4,696.5 |
| NJ Tax | 0.00 | 0.0 |
| NY Vol Dis/EE | 1.20 | 22.8 |
| NY Tax | 189.86 | 3,558.5 |
| Total: | 845.71 | 15,857.6 |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| TDSP 401(k) | 550.00 | 10,450.00 |
| FSA Dependent Care | 208.33 | 3,749.99 |
| TMA/MassTransit ~ PreTx | 0.00 | 920.00 |
| Total: | 758.33 | 15,119.99 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| TMA/MassTransit ~ AftTx | 0.00 | 56.00 |
| Total: | 0.00 | 56.00 |

### TAXABLE BENEFITS

| Description | Current | YT |
|---|---|---|
| Basic Life Ins-MetLif* | 2.00 | 36.0 |
| * Taxable | 0.00 | 0.0 |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PA |
|---|---|---|---|---|---|
| Current: | 4,230.77 | 3,474.44 | 845.71 | 758.33 | 2,626. |
| YTD: | 80,384.63 | 65,300.64 | 15,857.61 | 15,175.99 | 49,351.0 |

MESSAGE:

### NET PAY DISTRIBUTION

| Advice #000000004300974 | 2,626. |
|---|---|

# LEHMAN BROTHERS

Lehman Brothers Inc.
745 Seventh Avenue
New York, NY 10019-6801

Date
09/19/2008

Advice No.
4300974

Deposit Amount: **$2,626.73**

**To The
Account(s) Of**

**NIRAJ SHAH**
107 West Passaic Avenue
Bloomfield, NJ 07003

### DIRECT DEPOSIT DISTRIBUTION

| Account Type | Account Number | Deposit Amou |
|---|---|---|
| Savings | 0510420567 | $2,626. |
| Total: | | $2,626. |

# NON-NEGOTIABLE



P 646 282 2500   F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

**** LBH CLMLTR (MERGE2,TXNUM2) 4000057088 ****

SHAH, NIRAJ
107 WEST PASSAIC AVENUE
BLOOMFIELD, NJ 07003

October 07, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq
Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN
BROTHERS HOLDINGS INC. case. It is also publically available at the following website address:
http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please
review the following information:

| | |
|---|---|
| Debtor: | LEHMAN BROTHERS HOLDINGS, INC. |
| Case Number: | 08-13555 |
| Creditor: | SHAH, NIRAJ |
| Date Received: | 09/04/2009 |
| Claim Number: | 10365 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim
is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed
above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page,
type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY
IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU. PII can include information
used to distinguish or trace an individual's identity, such as their social security number, biometric
records, drivers license number, account number, credit or debit card number (including any
passwords, access codes or PIN numbers), etc., alone, or when combined with other personal or
identifying information which is linked or linkable to a specific individual, such as date and place of
birth, mother's maiden name, etc.**

**The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed
claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at
http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be
sure to specify the client/debtor about which you are inquiring.**

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

EG 691705159 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

Customer Copy
Label 11-B, March 2004

Post Office To Addressee

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 10001
Day of Delivery: ☐ Next ☐ 2nd ☑ 2nd Del. Day
Postage: $13.75
Date Accepted: 5/11/11
Scheduled Date of Delivery: Month 5 Day 11
Return Receipt Fee: $
Time Accepted: 12:03 ☐ AM ☐ PM
Scheduled Time of Delivery: ☑ Noon ☐ 3 PM
COD Fee: $
Insurance Fee: $
Flat Rate ☐ or Weight: 3 ozs.
Military: ☐ 2nd Day ☐ 3rd Day
Total Postage & Fees: $13.75
Int'l Alpha Country Code:
Acceptance Emp. Initials: (W)

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt: Mo. Day / Time / ☐ AM ☐ PM / Employee Signature: MAY 17 2011
Delivery Attempt: Mo. Day / Time / ☐ AM ☐ PM / Employee Signature
Delivery Date: Mo. Day / Time / ☐ AM ☐ PM / Employee Signature

**CUSTOMER USE ONLY**
PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.
Federal Agency Acct. No. or Postal Service Acct. No.

WAIVER OF SIGNATURE (Domestic Mail Only) Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY ☐ Weekend ☐ Holiday
Mailer Signature

FROM: (PLEASE PRINT) PHONE (973) 873-2936

NIRAJ M. SHAH
107 WEST PASSAIC AVENUE
BLOOMFIELD, NJ 07003

TO: (PLEASE PRINT) PHONE 212 310-8000

Weil, Gotshal & Manges LLP
767 Fifth Ave
New York, NY
Attn: Shai Y. Waisman & Mark Bernstein ESQ

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

1 0 1 5 3 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811
EMS

---

EG 691626853 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

Finance Copy
Label 11-B, March 2004

Post Office To Addressee

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 10005
Day of Delivery: ☑ Next ☐ 2nd ☐ 2nd Del. Day
Postage: $13.75
Date Accepted: 5/11/11
Scheduled Date of Delivery: Month 5 Day 11
Return Receipt Fee: $
Time Accepted: 12:02 ☐ AM ☐ PM
Scheduled Time of Delivery: ☐ Noon ☐ 3 PM
COD Fee: $
Insurance Fee: $
Flat Rate ☐ or Weight: 3 ozs.
Military: ☐ 2nd Day ☐ 3rd Day
Total Postage & Fees: $13.75
Int'l Alpha Country Code:
Acceptance Emp. Initials: (W)

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt: Mo. Day / Time / ☐ AM ☐ PM / Employee Signature
Delivery Attempt: Mo. Day / Time / ☐ AM ☐ PM / Employee Signature: MAY 17 2011
Delivery Date: Mo. Day / Time / ☐ AM ☐ PM / Employee Signature

**CUSTOMER USE ONLY**
PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.
Federal Agency Acct. No. or Postal Service Acct. No.

WAIVER OF SIGNATURE (Domestic Mail Only) Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY ☐ Weekend ☐ Holiday
Mailer Signature

FROM: (PLEASE PRINT) PHONE (973) 873-2936

NIRAJ SHAH
107 WEST PASSAIC AVENUE
BLOOMFIELD, NJ 07003

TO: (PLEASE PRINT) PHONE (

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza,
New York, NY
Attn: Dennis F. Dunne, Esq. Evan Fleck, Esq.
Dennis O'Donnell Esq.

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

1 0 0 0 5 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811
EMS

EG 691626867 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE ®

**Customer Copy**
Label 11-B, March 2004

**Post Office To Addressee**

**DELIVERY (POSTAL USE ONLY)**

| Delivery Attempt | Time | | Employee Signature |
| Mo.      Day | | ☐ AM  ☐ PM | |
| Delivery Attempt | Time | | Employee Signature |
| Mo.      Day | | ☐ AM  ☐ PM | MAY 17 2011 |
| Delivery Date | Time | | Employee Signature |
| Mo.      Day | | ☐ AM  ☐ PM | |

NEW YORK, NY 10001-9998

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

☐ WAIVER OF SIGNATURE

☐ NO DELIVERY
☐ Weekend  ☐ Holiday   ☐ Mailer Signature

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 10001

Day of Delivery: ☐ Next ☐ 2nd ☐ 2nd Del. Day

Postage: $13.15

Date Accepted: 5/11/11

Scheduled Date of Delivery: Month 5 Day 18

Return Receipt Fee: $

Mo. 5 Day 11 Year 11

Scheduled Time of Delivery: ☐ Noon ☐ 3PM

COD Fee: $

Insurance Fee: $

Time Accepted: ☐ AM ☐ PM

Military: ☐ 2nd Day ☐ 3rd Day

Total Postage & Fees: $13.15

Flat Rate ☐ or Weight

Int'l Alpha Country Code

Acceptance Emp. Initials

lbs.      ozs.

**FROM: (PLEASE PRINT)**   PHONE (973) 873-2436

NIRAJ SHAH
107 WEST PASSAIC AVENUE
BLOOMFIELD, NJ 07003

**FOR PICKUP OR TRACKING**
Visit www.usps.com
Call 1-800-222-1811

≡EMS≡

**TO: (PLEASE PRINT)**   PHONE ( )

Trustee: Office of the United States
Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, NY   Attn: Tracy Hope Davis, Esq.
Elisabetta Gasparini, Esq.
Andrea Schwartz, Esq.

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

1  0  0  0  4 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

Order stamps at USPS.com/shop or
call 1-800-Stamp24.  Go to
USPS.com/clicknship to print
shipping labels with postage.  For
other information call
1-800-ASK-USPS.
**********************************
**********************************
Get your mail when and where you
want it with a secure Post Office
Box. Sign up for a box online at
usps.com/poboxes.
**********************************
**********************************


Bill#:1001701540780
Clerk:28

All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business
**********************************
**********************************
HELP US SERVE YOU BETTER

Go to:
https://postalexperience.com/Pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS
**********************************
**********************************


Customer Copy

=====================================
JAMES A. FARLEY MAIN OFFICE
NEW YORK, New York
100019998
3558250028-0083
05/17/2011 (800)275-8777 12:07:15 PM
=====================================
========= Sales Receipt =========

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| NEW YORK NY 10004 | | | $13.25 |
| Zone-1 Express Mail | | | |
| PO-Add | | | |
| 2.70 oz. | | | |
| Label #:EG691626867US | | | |
| Wed 05/18/11 12:00 PM – | | | |
| Guaranteed Delivery | | | |
| Signature Requested | | | |
| Issue PVI: | | | $13.25 |
| NEW YORK NY 10005 | | | $13.25 |
| Zone-1 Express Mail | | | |
| PO-Add | | | |
| 2.70 oz. | | | |
| Label #:EG691626853US | | | |
| Wed 05/18/11 12:00 PM – | | | |
| Guaranteed Delivery | | | |
| Signature Requested | | | |
| Issue PVI: | | | $13.25 |
| NEW YORK NY 10153 | | | $13.25 |
| Zone-1 Express Mail | | | |
| PO-Add | | | |
| 2.70 oz. | | | |
| Label #:EG691705159US | | | |
| Wed 05/18/11 12:00 PM – | | | |
| Guaranteed Delivery | | | |
| Signature Requested | | | |
| Issue PVI: | | | $13.25 |

Total:                          $39.75

Paid by:
VISA                            $39.75
  Account #:      XXXXXXXXXXXXX2658
  Approval #:     010708
  Transaction #:  764
  23903280279

Order stamps at USPS.com/shop or
call 1-800-Stamp24.  Go to
USPS.com/clicknship to print
shipping labels with postage.  For
other information call