Jared R. Clark
Joshua Dorchak
**BINGHAM MCCUTCHEN LLP**
399 Park Avenue
New York, New York 10022
(212) 705-7000

Attorneys for Claimants High River Limited
Partnership, Icahn Partners LP, Icahn Partners Master
Fund LP, Icahn Partners Master Fund II LP, and Icahn
Partners Master Fund III LP

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**RESPONSE OF HIGH RIVER LIMITED PARTNERSHIP, ICAHN PARTNERS LP,
ICAHN PARTNERS MASTER FUND LP, ICAHN PARTNERS MASTER FUND II LP,
AND ICAHN PARTNERS MASTER FUND III LP TO THE DEBTORS' ONE
HUNDRED THIRTY-SECOND OMNIBUS OBJECTION
TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

High River Limited Partnership, Icahn Partners LP, Icahn Partners Master Fund LP, Icahn Partners Master Fund II LP, and Icahn Partners Master Fund III LP (collectively, the "Claimants"),[1] by and through their undersigned counsel, submit this response (this "Response") to the *Debtors' One Hundred Thirty-Second Omnibus Objection to Claims (Valued Derivative Claims)* [Docket No. 16117] (the "Objection"). In support of this Response, the Claimants respectfully state as follows:

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in the Agreements (as defined below).

**PRELIMINARY STATEMENT**

1. Under Bankruptcy Rule 3001(f), the Claimants' proofs of claim constitute prima facie evidence of the validity and amount of the Claims (as defined below). As set forth below, and particularly in light of the detailed submissions made by the Claimants with respect to the Claims through the derivative questionnaires and guarantee questionnaires, the conclusory assertions in the Objection cannot suffice to overcome this prima facie evidence. The Claimants respectfully request that the Court overrule the Objection accordingly.

**BACKGROUND**

2. On April 7, April 7, and April 10, 2008, respectively, Lehman Brothers Special Financing Inc. ("LBSF") and High River Limited Partnership entered into three certain long form confirmation agreements.

3. On February 7, 2008, LBSF and Icahn Partners LP entered into a certain ISDA Master Agreement (as amended, modified, or supplemented from time to time, together with all schedules, exhibits and annexes thereto). Lehman Brothers Holdings Inc. ("LBHI") served as Credit Support Provider under the same ISDA Master Agreement and unconditionally guaranteed to Icahn Partners LP the obligations of LBSF thereunder pursuant to a certain Guarantee of Lehman Brothers Holdings Inc., dated February 13, 2008.

4. On February 7, 2008, LBSF and Icahn Partners Master Fund LP entered into a certain ISDA Master Agreement (as amended, modified, or supplemented from time to time, together with all schedules, exhibits and annexes thereto). LBHI served as Credit Support Provider under the same ISDA Master Agreement and unconditionally guaranteed to Icahn Partners Master Fund LP the obligations of LBSF thereunder pursuant to a certain Guarantee of Lehman Brothers Holdings Inc., dated February 13, 2008.

5. On February 7, 2008, LBSF and Icahn Partners Master Fund II LP entered into a certain ISDA Master Agreement (as amended, modified, or supplemented from time to time, together with all schedules, exhibits and annexes thereto). LBHI served as Credit Support Provider under the same ISDA Master Agreement and unconditionally guaranteed to Icahn Partners Master Fund II LP the obligations of LBSF thereunder pursuant to a certain Guarantee of Lehman Brothers Holdings Inc., dated February 20, 2008.

6. On February 7, 2008, LBSF and Icahn Partners Master Fund III LP entered into a certain ISDA Master Agreement (as amended, modified, or supplemented from time to time, together with all schedules, exhibits and annexes thereto). LBHI served as Credit Support Provider under the same ISDA Master Agreement and unconditionally guaranteed to Icahn Partners Master Fund III LP the obligations of LBSF thereunder pursuant to a certain Guarantee of Lehman Brothers Holdings Inc., dated February 20, 2008.

7. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates, including LBSF (collectively, the "Debtors"), commenced voluntary cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. These cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8. By letters dated September 18, 2008 - October 6, 2008 (collectively, the "Notices of Early Termination"), the Claimants provided to LBSF notices designating September 18, 2008 - October 6, 2008 as the Early Termination Dates with respect to all outstanding Transactions and Confirmations under their respective confirmation and master agreements (collectively, the "Agreements"), due to the occurrence and continuation of certain Events of Default as to which LBSF was Defaulting Party under the Agreements. By letters dated September 24, 2008 -

October 14, 2008, with reference to the Notices of Early Termination, the Claimants provided to LBSF Statements of Calculations as required by the Agreements, which statements were revised by letters from the Claimants to LBSF dated May 20, 2009 - June 18, 2009 (collectively, as revised, the "Statements of Calculations").

9. On July 2, 2009, this Court entered the *Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order"). The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." Bar Date Order at 7. The Bar Date Order also provided that "each holder of a claim against a Debtor based on amounts owed pursuant to a promise . . . or agreement to answer for the payment of some debt . . . in case of the failure of another person or entity who is liable in the first instance (a "Guarantee") must . . . complete the electronic Guarantee Questionnaire [and] electronically upload supporting documentation and evidence of the underlying claim on the website." *Id.* at 7-8. The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website. . . . ." *Id.* at 8.

10. On or about September 14, 2009, in connection with the Agreements, the related Guarantees of LBHI (collectively, the "Guarantees"), and the revised Statements of Calculations, each of the Claimants duly and timely filed the following claims in these cases (collectively, the "Claims"):

-4-

High River Limited Partnership

- Claim No. 12105 against LBSF in the amount of $6,064,000 (plus unliquidated amounts)

Icahn Partners LP

- Claim No. 12106 against LBSF in the amount of $15,845,621.08 (plus unliquidated amounts)
- Claim No. 12113 against LBHI in the amount of $15,826,318.16 (plus unliquidated amounts)

Icahn Partners Master Fund LP

- Claim No. 12109 against LBSF in the amount of $18,345,826.68 (plus unliquidated amounts)
- Claim No. 12112 against LBHI in the amount of $18,323,478.04 (plus unliquidated amounts)

Icahn Partners Master Fund II LP

- Claim No. 12107 against LBSF in the amount of $6,425,951.84 (plus unliquidated amounts)
- Claim No. 12110 against LBHI in the amount of $6,418,123.83 (plus unliquidated amounts)

Icahn Partners Master Fund III LP

- Claim No. 12108 against LBSF in the amount of $2,848,663.67 (plus unliquidated amounts)
- Claim No. 12111 against LBHI in the amount of $2,845,193.47 (plus unliquidated amounts)

A/74162238.4/0803438-0000339701

11.     Each of the Claims was calculated pursuant to the terms of the applicable Agreement.

12.     Pursuant to the terms of the Bar Date Order, the Claimants timely completed the required Derivative Questionnaires and Guarantee Questionnaires in connection with the Claims (together, the "Questionnaires").

13.     In the Questionnaires, the Claimants submitted the following supporting documentation: copies of the Agreements, the Guarantees, the Notices of Early Termination, the Statements of Calculations, and evidence of delivery thereof; trade details analysis providing information necessary to identify and reconcile each transaction; and a computation of Termination Amounts owed, plus interest and legal fees, to the extent they could be calculated at that time.

14.     On April 18, 2011, the Debtors filed the Objection seeking reduction of the Claims against LBSF by the aggregate amount of approximately $8,810,581.91, reduction of the Claims against LBHI by the aggregate amount of approximately $7,623,632.14, and allowance of the Claims only at the reduced amounts, solely based on the Debtors' assertion that "the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values" of the Claims as determined by the Debtors. Objection ¶ 11. The Debtors submitted no documentary or other evidence in support of the Objection.

## ARGUMENT

**A.      Applicable Legal Standard**

15.     A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity of the claim. *See In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); *In re Hess*, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009); *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, at *90 (Bankr. S.D.N.Y. 2008); *In re*

*MarketXT Holdings Corp.*, 2007 Bankr. Lexis 740, at *17 n.8 (Bankr. S.D.N.Y. 2007). If a party in interest files an objection to the proof of claim, "[t]he burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim." *Alper Holdings*, 2008 Bankr. LEXIS 86, at *90. Specifically, "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency." *Id.; DJK Residential*, 416 B.R. at 104. Thus, the burden of proof does not shift to the claimant until the objector has first met its burden of production by providing sufficient evidence to overcome the prima facie validity of the claim. *Id.*

**B.    The Debtors Have Failed to Meet Their Burden of Production**

16.    The Debtors provide no evidence to support their Objection as to the Claims. The assertion that the Claims are "greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records" is argumentative, not factual. In effect, the Debtors ask this Court to reduce the Claims by approximately 18% or more -- simply on their say so. This cannot suffice as "evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency." *See Alper Holdings*, 2008 Bankr. LEXIS 86, at *90; *DJK Residential*, 416 B.R. at 104.

17.    Likewise, the Debtors have also failed to offer any concrete support for their valuation methods during numerous negotiations with the Claimants. During those discussions, the Debtors proposed settlement amounts without providing any methodology, justification or supporting documentation for their internal view of what they assert the Claims should be. By contrast, during the course of the Claimants' negotiations with the Debtors, in addition to the backup that the Debtors already had received via the Claims and the Questionnaires, the Claimants gave the Debtors further supporting documentation and other information to support

the Claimants' stated value of the Claims, including third party valuation information and references to the governing master agreements.

18.     For the reasons set forth above, the Objection does not negate the prima facie validity of the Claims and should be denied.

**C.     The Claimants Have Met Their Burden of Proving the Validity of Their Claims**

19.     Should the Court find that the Debtors' unsupported Objection has transferred the burden of proof to the Claimants, the Claimants respectfully suggest that they have already met that burden.  The Claims, the Questionnaires (complete with all relevant supporting documentation) and the additional supporting documentation subsequently provided by the Claimants to the Debtors during the course of their negotiations constitute more than sufficient evidence of the accuracy and validity of the amount of the Claims.  The Claims were calculated according to the contractually agreed upon methodologies set forth under each applicable Agreement and the Debtors have provided no justification for deviating from those terms.

20.     In the event this Court finds that the Claimants have, and have not yet met, an ultimate burden of proof as to the validity of the Claims, the Claimants:  (a) request discovery from the Debtors as to their valuation of the Claims; (b) reserve the right to supplement or otherwise amend this response to the Objection; and (c) request, if necessary, a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amounts of the Claims.

A/74162238.4/0803438-0000339701

## **CONCLUSION**

For the foregoing reasons, the Claimants respectfully request that this Court: (a) overrule the Objection; (b) allow each of the Claims in the amount filed, plus amounts as yet unliquidated; and (c) grant such other, further relief as this Court may deem just and proper.

Dated: May 18, 2011  
New York, New York

**BINGHAM MCCUTCHEN LLP**

By: /s/ Joshua Dorchak  
    Jared R. Clark  
    Joshua Dorchak  
399 Park Avenue  
New York, New York 10022  
Telephone: (212) 705-7000  
Facsimile: (212) 752-5378  
Email: jared.clark@bingham.com  
       joshua.dorchak@bingham.com

Attorneys for Claimants High River Limited Partnership, Icahn Partners LP, Icahn Partners Master Fund LP, Icahn Partners Master Fund II LP, and Icahn Partners Master Fund III LP