**RESPONSE DEADLINE: May 18, 2011 at 4:00 p.m. (Eastern Time)**

Bennette D. Kramer (BK-1269)
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400

*Attorneys for Alphadyne International Master Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------------X
In re                                                     :    Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al*.,                  :    08-13555 (JMP)
                                                          :
           Debtors.                                       :    (Jointly Administered)
----------------------------------------------------------------------------X

**RESPONSE OF ALPHADYNE INTERNATIONAL
MASTER FUND, LTD. TO DEBTORS' ONE HUNDRED THIRTY-SECOND
OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

TO THE HON. JAMES M. PECK, UNITED STATES BANKRUPTCY JUDGE:

Alphadyne International Master Fund, Ltd. ("Alphadyne"), by and through its undersigned counsel, hereby submits this response (this "Response") to the Debtors' One Hundred Thirty-Second Omnibus Objection to Claims (Valued Derivative Claims), dated April 18, 2011 (the "Objection"). In support of this Response, Alphadyne respectfully states as follows:

**BACKGROUND**

1.    On October 10, 2006, Alphadyne and Lehman Brothers OTC Derivatives Inc. ("LOTC") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border) (as amended, supplemented or otherwise modified from time to time, and including all schedules, annexes and exhibits thereto, and all confirmations exchanged pursuant to transactions entered into in connection therewith, the "Master Agreement").[1] Lehman Brothers Holdings Inc. ("LBHI") unconditionally guaranteed the obligations of

---

[1] Pursuant to the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution

LOTC under the Master Agreement pursuant to the Guarantee of Lehman Brothers Holdings Inc. dated October 10, 2006 (the "Guarantee"). Capitalized terms used herein and not otherwise defined have the meanings given to them in the Master Agreement.

2. Beginning on September 15, 2008 and periodically thereafter, LBHI and certain of its affiliates (collectively, the "Debtors") commenced voluntary cases under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures.

3. Because LBHI served as the Credit Support Provider under the Master Agreement, the LBHI chapter 11 filing constituted an Event of Default with respect to LOTC (as Defaulting Party) under Section 5(a)(vii) of the Master Agreement. In the exercise of its rights under Section 6(a) of the Master Agreement, on September 15, 2008, Alphadyne sent LOTC a notice terminating all transactions under the Master Agreement and designating September 15, 2008 as the Early Termination Date.

4. Pursuant to Section 6(d) of the Master Agreement, on September 17, 2008, Alphadyne sent LOTC a notice of amount due in respect of the transactions terminated as of the Early Termination Date.

**Alphadyne's Proofs of Claim**

5. On July 2, 2009, the Bankruptcy Court entered an Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

6. Pursuant to the Bar Date Order, on or about September 21, 2009, Alphadyne filed (i) a proof of claim against LOTC (Claim No. 33493) seeking recovery under the Master Agreement in the amount of $2,295,433.32 (the "LOTC Proof of Claim") and (ii) a proof of claim against LBHI (Claim No.

---

Procedures for Claims Against Debtors, dated as of April 19, 2010, all of the information Alphadyne submitted in connection with the Proofs of Claim and Questionnaires are part of the record, and Alphadyne need not resubmit them in connection with this Response.

2

33494) seeking recovery under the Guarantee in the amount of $2,295,433.32 (the "LBHI Proof of Claim", together with the LOTC Proof of Claim, the "Alphadyne Claims").

7. Pursuant to the Bar Date Order, on or about September 23, 2009, Alphadyne submitted a derivative questionnaire with respect to the LOTC Proof of Claim and a guarantee questionnaire with respect to the LBHI Proof of Claim (together, the "Questionnaires").

### The Debtors' Objection to the Alphadyne Claims

8. The Debtors state in the Objection that they had examined the Alphadyne Claims and that such claims should be reduced on the basis that "the asserted claim amount is greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records…." (Objection at ¶ 13.)

9. Based on the Debtors' assertion, and no further evidence, the Debtors seek to reduce both the LOTC Claim and the LBHI Claim from $2,295,433.32 to $1,200,983.47 (the "Debtors' Modified Claim Amounts").

### ARGUMENT

10. The Debtors' Objection to the Alphadyne Claims is baseless. The Debtors failed to satisfy their burden of proof to rebut the validity of the Alphadyne Claims. As the Non-defaulting Party, Alphadyne was entitled and obliged, under the express terms of the Master Agreement, to calculate the amounts due in respect of the Alphadyne Claims, and Alphadyne so calculated such amounts in accordance with the Master Agreement in a fair, accurate and reasonable manner as demonstrated by the details of the supporting documentation. The Debtors' Objection is not accompanied by any specific evidence to refute this fact or to support their assertion that the Debtors' Modified Claim Amount is "fair, accurate, and reasonable". Accordingly, the Debtors' Objection should be denied, and the proper value of the Alphadyne Claims in the amount of $2,295,433.32 against each of LOTC and LBHI should be allowed.

A. <u>Applicable Legal Standard</u>

11.     The Debtors misstate the applicable burden of proof. It is well-settled bankruptcy law that a properly filed proof of claim is *prima facie* evidence of that claim. <u>See</u> 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). "If a proper objection is made, the objecting party has the burden of presenting evidence sufficient to overcome the *prima facie* validity of the claim." Lawrence P. King, <u>Collier on Bankruptcy</u>, ¶ 501.02[2][d] (15th ed. rev. 1986).

12.     The Debtors argue that "[i]f an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim." (Objection ¶ 12, citing <u>In re Oneida Ltd.</u>, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); <u>In re Adelphia Commc'ns Corp.</u>, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); <u>In re Rockefeller Ctr. Props.</u>, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000)). To the contrary, "[a] proof of claim is prima facie evidence of the validity and amount of a claim, and the *objector* bears the initial burden of persuasion." <u>Oneida</u>, 400 B.R. at 389 (emphasis added). The burden would only shift to Alphadyne if the Debtors had produced "evidence in equal force to the prima facie case…which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." <u>Id.</u> In other words, to shift the burden of proof to Alphadyne, the Debtors must first produce sufficient evidence to overcome the "prima facie validity" of the Alphadyne Claims. <u>Adelphia</u>, 2007 Bankr. LEXIS 660 at *15-16; <u>Rockefeller</u>, 272 B.R. at 539.

B. <u>The Debtors Have Failed to Rebut the Validity of the Alphadyne Claims</u>

13.     The Debtors have not produced information sufficient to shift the burden of proof to Alphadyne. In the Objection, the Debtors object to the Alphadyne Claims on the basis that the amounts asserted therein are "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records." (Objection ¶ 13.) The Debtors' unsubstantiated and vague assertion that the claims are not reasonable based on a review of supporting documentation and the Debtors' internal books and

4

records is not evidence in equal force to the prime facie evidence supporting the Alphadyne Claims, which were valued using objective, third party market data. In fact, in contrast to the detailed supporting documentation supporting the Alphadyne Claims, the Debtors' Objection provides no data whatsoever, numerical or otherwise, in support of how or as of when the Debtors' Modified Claims Amounts were calculated. The Objection merely describes a general review that was purportedly done to determine the Debtors' Modified Claim Amounts without regard to the specific terms of the parties' agreement that govern the determination of the value of the Alphadyne Claims. This general process has no basis in, and is wholly inconsistent with, the express terms of the Master Agreement. For this reason alone, the Objection should be denied.

14. Alphadyne is unaware of any legitimate basis for the Objection, which on its face appears to be an unsubstantiated attempt by Debtors to extract wholly unjustified reductions to Alphadyne's valid and properly filed proofs of claim.

15. In summary, the Alphadyne Claims and Questionnaires (complete with all relevant supporting documentation) constitute more than sufficient evidence for the amounts claimed thereunder, and the Debtors have not satisfied their burden of proof in their attempt to object to and refute the validity of the Alphadyne Claims. Accordingly, the Objection should be denied.

C. **The Alphadyne Claims Are Supported by the Master Agreement**

16. The value of the Alphadyne Claims is supported by the terms of the Master Agreement and the documentation evidencing the Alphadyne claims. The Master Agreement provides that the Non-defaulting Party, not the Defaulting Party, is to determine the amount owing upon early termination. In this instance, the Non-defaulting Party was Alphadyne, not LOTC. Alphadyne reasonably calculated an early termination payment in accordance with the Master Agreement and timely sent LOTC a notice of the amount due. LOTC, as the Defaulting Party, was and is not entitled to calculate the amount to be paid upon termination of the Master Agreement, and the Debtors' Modified Claim Amount does not constitute

5

a valid determination of the Alphadyne Claims pursuant to the Master Agreement.  Therefore, the Objection should be denied.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Alphadyne respectfully requests that this Court deny the Debtors' Objection as to the Alphadyne Claims, allow the Alphadyne Claims in the amount of $2,295,433.32 against each of LOTC and LBHI, and grant such other, further or different relief as this Court deems just and proper.

Dated:  New York, New York
        May 18, 2011

                            SCHLAM STONE & DOLAN LLP

                            By:     s/ Bennette D. Kramer

                            Bennette D. Kramer (BK-1269)
                            Schlam Stone & Dolan LLP
                            26 Broadway
                            New York, NY 10004
                            (212) 344-5400
                            bdk@schlamstone.com

                            *Attorneys for Alphadyne International Master Fund, Ltd.*

OF COUNSEL

Lauren Teigland-Hunt
Teigland-Hunt LLP
127 West 24th Street, 4th Floor
New York, NY 10011
(212) 269-1600
lteigland@teiglandhut.com