UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                  :

In re                                         :          Chapter 11 Case No.
                                                  :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :          08-13555 (JMP)
                                                  :

        Debtors.                           :          (Jointly Administered)
                                                  :
-------------------------------------------------------------------x

## STIPULATION, AGREEMENT AND
## ORDER CLARIFYING DECEMBER 22, 2010 ORDER

        Lehman Brothers Holdings Inc. ("LBHI") and Prudence Waltz ("Waltz," together with LBHI, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (this "Stipulation, Agreement and Order") and represent and agree as follows:

## RECITALS

        A.    On September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced in this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

        B.    LBHI asserts that Waltz caused a grant deed to be recorded on January 27, 2006 transferring title to certain real property located at 844-846 West 57th Street, Los Angeles, California (the "Property") to an individual named Samantha Hill. Ms. Hill further transferred the property to an individual named Janelle M. Baird on August 23, 2006. Ms. Baird then

obtained a loan from BNC Mortgage Inc.[1] in the amount of $456,000 (the "BNC Loan"). The BNC Loan was secured by a deed of trust which was recorded on August 23, 2006. The BNC Loan was thereafter assigned to Lehman Brothers Bank FSB (now known as Aurora Bank FSB) ("Aurora")[2] on September 22, 2006 and then from Aurora to LBHI on November 30, 2006. Also on November 30, 2006, LBHI transferred its interest in the BNC Loan to its subsidiary Structured Asset Security Company ("SASCO"), which sold the BNC Loan into a securitization trust called Structured Asset Securities Corporation Mortgage Loan Trust Mortgage Pass-Through Certificates Series 2006-BC4 ("SASCO 2006-BC4"). Thereafter, the BNC Loan went into default and Aurora Loan Services LLC ("ALS"), a wholly owned, indirect subsidiary of LBHI, was assigned the servicing rights. A notice of default was recorded on February 13, 2007 and a notice of trustee's sale was recorded on May 24, 2007. On June 14, 2007, ALS obtained title to the Property on behalf of SASCO 2006-BC4 via a trustee's deed upon sale. Pursuant to the SASCO 2006-BC4 Trust Agreement, dated November 1, 2006, LBHI was required to repurchase the BNC Loan as a result of a default thereunder. On March 31, 2008, LBHI complied with its repurchase obligation by repurchasing the Property (since the BNC Loan had already been foreclosed) from ALS, which had been holding the Property on behalf of SASCO 2006-BC4.

    C.    Waltz asserts that the grant deed that purportedly transferred title to the Property to Ms. Hill on January 27, 2006 was fraudulent and that she never transferred title to the Property

---

[1] BNC Mortgage, Inc. and Debtor BNC Mortgage LLC ("BNC") are the same entity. BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc." On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC." BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

[2] Aurora Bank FSB was formerly known as Lehman Brothers Bank, FSB. The name change occurred on April 27, 2009.

2

to Ms. Hill or any other person. Waltz further asserts that Ms. Hill never accepted the grant deed that purportedly transferred title to her on January 27, 2006, or subsequently executed a deed or instrument which transferred title or any other interest in the Property to Ms. Baird or anyone else in August of 2006. Waltz further asserts that Ms. Baird never accepted the grant deed that purportedly transferred title from Miss Hill to her in August of 2006 or executed (or authorized anyone to execute on her behalf) any deeds of trust or any other instruments which created a secured interest in the property in connection with any loan made or obtained from either BNC, Aurora or any party related or affiliated with either ALS or LBHI.[3]

D. On or about July 12, 2007, Waltz commenced an action (the "State Court Action") in the Superior Court for the State of California, County of Los Angeles (the "Superior Court") against certain individual and corporate defendants, including ALS. The State Court Action generally involves claims by Ms. Waltz for cancellation of fraudulent deed and restitution of real property. In particular, Ms. Waltz claims that the deed that evidenced her transfer of the Property to Ms. Hill was fraudulent and that all of the subsequent transfers are therefore void.

E. On October 26, 2010, the Debtors' local counsel notified the Superior Court of LBHI's interest in the Property and the Superior Court stayed the State Court Action pending resolution of LBHI's chapter 11 case.

F. On November 15, 2010, Waltz filed a motion seeking, among other things, relief from the automatic stay extant in these chapter 11 cases pursuant to section 362(a) of the Bankruptcy Code [Docket Nos. 12780, 12781, 12784, 12788]. On December 22, 2010, this

---

[3] For the avoidance of doubt, the description of the dispute between the Parties contained herein is for illustrative purposes only and is not intended by the Parties to be determinative of any facts, any Party's rights under any of the documents described herein, or to amend, limit, waive or release any Party's obligations, rights, remedies or defenses thereunder.

3

Court entered an order (the "Stay Relief Order") modifying the automatic stay for the limited purpose of allowing the State Court Action to resume.

G. On April 7, 2011, Waltz filed a *Motion Pursuant to 28 U.S.C. § 1334(C)(2) for an Order Abstaining from Any Further Actions or Proceeding in this Court which Interferes with the Pending State Court Action in the Superior Court of the State of California for the County of Los Angeles [BC 374163] and Clarifying the Order Entered Herein on December 22, 2010 Modifying the Automatic Stay in this Case With Reference to the Real Property Commonly Known as 844-846 West 57th Street, Los Angeles, California* (the "Motion").

H. Waltz asserts that further clarification regarding the scope of the Stay Relief Order is necessary.

I. In order to allow the State Court Action to proceed, and the Parties' respective interests in the Property to be judicially determined, the Parties have agreed that it is in their best interests to enter into this Stipulation, Agreement and Order upon the terms and conditions herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Stay Relief Order shall be deemed amended, to the extent necessary, to clarify that the Superior Court is authorized to make the following determinations:

4

- whether the trustee's deed recorded as instrument No. 20071599432 in the official records of Los Angeles County, California on July 7, 2007 is void under the laws of the State of California;

- whether the deed of trust recorded as instrument No. 06-1878371 in the official records of Los Angeles County, California on August 23, 2006 was executed by a trustor who had the authority to encumber the Property;

- whether the deed of trust recorded as instrument No. 06-1878371 in the official records of Los Angeles County, California on August 23, 2006 is void under the laws of the State of California; and

- whether monetary relief against ALS, and any other party who is not a Debtor, is appropriate.

3. The trial in the State Court Action may proceed in the Superior Court as currently scheduled on June 7, 2011 without further order of this Court.

4. LBHI and its affiliates agree not object to the jurisdiction of the Superior Court to determine all issues in the State Court Action under California law, and the Superior Court's determination on all matter arising under the laws of California shall be binding on all parties to this Stipulation, Agreement and Order and their affiliates, subject only to the rights which Waltz, LBHI, and LBHI's affiliates may have to an appeal under the laws of the State of California.

5. To the extent that the Superior Count finds that any of the above described deeds were void and that the BNC Loan did not create a valid security interest in the Property, the Superior Court is also authorized to determine whether to direct that title to the Property be returned to the appropriate party.

6. LBHI and its affiliates agree not object to the jurisdiction of the Superior Court to make a monetary award against any party to the State Court Action who is not a debtor in the above captioned chapter 11 cases (including, for the avoidance of doubt, ALS).

7. Waltz, LBHI, and LBHI's affiliates shall be bound by any determination concerning title and possession of the property which is made by a final judgment of the Superior

5

Court, subject only to the rights which Waltz, LBHI, or LBHI's affiliates may have to an appeal under the laws of the State of California.

8. Notwithstanding anything to the contrary contained herein, ALS, LBHI and any of their affiliates shall retain any legal and/or equitable rights and defenses in the State Court Action to which they are otherwise entitled, other than rights or defenses arising under of section 362 of the Bankruptcy Code.

9. Upon the Effective Date, the Motion shall be deemed resolved.

10. Nothing in this Stipulation, Agreement and Order shall constitute or be construed as an admission of any fact or as to the validity of any claim of or against any Party, or as a waiver of the rights of any Party to dispute any claim.

11. Each person who executes this Stipulation, Agreement and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party.

12. This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

13. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

14. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

15. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: May 13, 2011

| **WEIL, GOTSHAL & MANGES LLP** | **LAW OFFICES OF JEROME ZAMOS** |
|---|---|
| /s/ Jacqueline Marcus | /s/ Jerome Zamos |
| Jacqueline Marcus | Jerome Zamos |
| 767 Fifth Avenue | 5228 Campo Road |
| New York, New York 10153 | Woodland Hills, California 91364-1927 |
| Telephone: (212) 310-8000 | Telephone: (818) 348-7151 |
| Facsimile: (212) 310-8007 | Facsimile: (818) 348-6095 |
| Attorneys for Debtors and Debtors in Possession | Counsel for Prudence Waltz |

SO ORDERED this 18 day of May, 2011

*/S/ James M. Peck*
*HONORABLE JAMES M. PECK*
*UN*ITED STATES BANKRUPTCY JUDGE