UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*

Debtor.

Chapter 11
Case No. 08-13555 (JMP)
Jointly Administered

### DECLARATION OF JOSEPH E CRISCIONE IN SUPPORT OF THE RESPONSE OF ESOPUS CREEK VALUE LP TO THE DEBTORS' ONE HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS (INVALID BLOCKING NUMBER LPS CLAIM)

Joseph Criscione, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the foregoing is true and correct based on my personal knowledge and, where applicable, information and belief:

1. I am a managing member of ESOPUS Creek Value LP ("ESOPUS"), and I submit this declaration in support of ESOPUS' response (the "Response") to the *One Hundred Twelfth Omnibus Objection to Claims (Invalid Blocking Number LPS Claim)* (the "Claims Objection") filed by Lehman Brothers Holdings Inc., *et al.* (the "Debtors"). I have read and am fully familiar with the Response.

2. On or about June 12, 2009 (the "Acquisition Date"), ESOPUS acquired certain Lehman Program Securities described as "Standard and Poors 500 Index 10/25/2010" and bearing International Securities Identification Number ("ISIN") XS0326516746, issued by Lehman Brothers Treasury Co. BV in the principal amount of $2,000,000 (the "Securities").

3. The Securities were guaranteed by the Debtors (the "Guaranty").

4. ESOPUS held and continues to hold the entire position with respect to the series of the Securities since the Acquisition Date.

{00146642.3 / 0766-001}

5. Since the Acquisition Date, the Securities have never been traded, transferred or encumbered in any manner by ESOPUS.

6. After the Debtors commenced their bankruptcy cases, ESOPUS received notice that the Bankruptcy Court entered an order (the "Bar Date Order") fixing November 2, 2009 (the "Bar Date") as the deadline to file proofs of claim based on any Lehman Program Security (a "Program Security Claim").

7. By email dated September 14, 2009, a true and correct copy of which is annexed hereto as Exhibit A, ESOPUS sought from its broker (the "Broker") all of the relevant information necessary to complete a Program Security Claim with respect to the Securities, including the Depository Participant Account (the "Account") and either a Euroclear electronic instruction reference number ("Euroclear Reference Number") or a Clearstream blocking reference number ("Clearstream Blocking Number"). By return email of the same day, a true and correct copy of which is annexed hereto as Exhibit B, the Broker provided the requisite information. Following receipt of the emails, ESOPUS contacted the Broker by telephone on September 15, 2009 and the Broker confirmed that the Euroclear Reference Number for the Securities was 94589 and the Account number was 7JAX1209 (the "ESOPUS Account"). A true and correct copy of the email from ESOPUS confirming the telephonic conversation between ESOPUS and its broker is annexed hereto as Exhibit C.

8. Based upon the information provided by the Broker, ESOPUS in good faith prepared a Program Security Claim, a copy of which is annexed hereto as Exhibit D, in the amount of $2 million (the "Claim") with respect to the Guaranty, which was filed on or about September 18, 2009. ESOPUS believed that it was fully complying with the requirements of the Bar Date Order by providing the information required to file a Program Security Claim.

9. By the Claims Objection, I understand that the Debtors seek to expunge the Claim in its entirety because the Claim listed an incorrect Euroclear Reference Number or Clearstream Blocking Number with respect to the Securities.

10. Upon receipt of the Claims Objection, ESOPUS immediately contacted the Broker to look into the matter and discovered that while the ISIN and ESOPUS Account information were correct on the Claim, the Broker had inadvertently provided ESOPUS with an internal reference number rather than the Euroclear Reference Number. However, by letter dated April 6, 2011 to ESOPUS from its Broker, a true and correct copy of which is annexed hereto as Exhibit E, the Broker acknowledged that it is the prime broker/custodian for the ESOPUS Account and that the Securities were reflected on their records for the ESOPUS Account from the Acquisition Date through the present, having never been traded, transferred or encumbered in any manner.

11. I understand that the purpose of the Blocking Number requirement in the Bar Date Order was to assist the Debtors in identifying the holder of a Lehman Program Security as of the Bar Date to ensure against duplicate recoveries. In this case, ESOPUS owned and continues to own the entire position with respect to the series of the Securities from the Acquisition Date through the Bar Date and to the present.

Dated: May 18, 2011

_____
JOSEPH CRISCIONE, managing member