UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

ORDER AUTHORIZING LEHMAN BROTHERS SPECIAL FINANCING INC. TO (I)
CAUSE 1271 LLC TO ISSUE CLASSES OF INTERESTS, (II) SELL INTERESTS IN
1271 LLC AND (III) MAKE A CAPITAL CONTRIBUTION TO 1271 LLC

Upon the motion, dated April 27, 2011 (the "Motion"), of Lehman Brothers

Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections

105(a) and 363 of title 11 to the United States Code (the "Bankruptcy Code") and Rule 6004(h)

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the supplement to

the Motion, dated May 9, 2011 (the "Supplement"), for authorization and approval to (i) take and

to cause 1271 LLC ("1271") to take all actions that may be necessary or appropriate to issue

classes of interests or securities in 1271 representing an interest in 1271 corresponding to a

reference obligation governed by the Swap Agreement[1] (collectively, the "Classes"), including to

amend the constitutive documents and capital structure of 1271 or change 1271's organizational

form, (ii) sell free and clear and/or to cause 1271 to sell or issue the Classes (or portions thereof)

or debt obligations or take any other action to monetize the Municipal Portfolio without further

Court approval subject to the consent of the Official Committee of Unsecured Creditors (the

"Creditors' Committee"), (iii) make a capital contribution of $2.5 million to 1271 (the "Capital

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or
the Supplement, as applicable.

Contribution") to pay the Minimum Service Fee or the minimum Percentage Fees that are not

paid from aggregate sales proceeds, and (iv) pay or indemnify, cause 1271 to pay or indemnify

or make a capital contribution to 1271 to enable it to pay or indemnify certain fees and expenses

in connection with any statutory trust or similar vehicle that may be established to execute or

otherwise facilitate the transactions described in clauses (i) through (iii), including, without

limitation, the Pre-Closing Costs and the Necessary Expenses and Extraordinary Expenses of a

trustee, servicer or similar entity (collectively, the "Transactions"), all as more fully described in

the Motion and the Supplement; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided in accordance with the procedures set forth in

the amended order entered June 17, 2010 governing case management and administrative

procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) all parties who have requested notice in these chapter 11 cases; (vii)

MS, (viii) BH, and (ix) Berkshire Hathaway Inc., and it appearing that no other or further notice

need be provided; and a hearing having been held to consider the relief requested in the Motion;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates and creditors, and all parties in interest and that the legal

2

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion, as supplemented, is granted; and it is further

ORDERED that LBSF is authorized to take and to cause 1271 to take all actions

that may be necessary or appropriate to issue the Classes, including to amend the constitutive

documents and capital structure of 1271 or change 1271's organizational form; and it is further

ORDERED that LBSF is authorized to sell and/or to cause 1271 to sell or issue

the Classes (or portions thereof) and/or debt obligations and/or take any other action to monetize

the Municipal Portfolio without further Court approval subject to the consent of the Creditors'

Committee in each case; and it is further

ORDERED that purchasers of LBSF's interests in 1271 shall take title to the

Classes free and clear of all liens, claims, encumbrances and other interests of any kind or nature

whatsoever; and it is further

ORDERED that LBSF is authorized to make the Capital Contribution to 1271 to

pay the Minimum Service Fee or the minimum Percentage Fees that are not paid from aggregate

sales proceeds; and it is further

ORDERED that LBSF is authorized to pay or indemnify, to cause 1271 to pay or

to indemnify or to make a capital contribution to 1271 to enable it to pay or indemnify certain

fees and expenses in connection with any statutory trust or similar vehicle that may be

established to execute or otherwise facilitate the transactions described above and in the Motion,

including, without limitation, the Pre-Closing Costs and the Necessary Expenses and

Extraordinary Expenses of a trustee, servicer or similar entity; and it is further

ORDERED that LBSF is authorized to execute and deliver and to cause 1271 to execute and deliver all instruments and documents, and to take such other actions, as may be necessary or appropriate to effectuate the Transactions; and it is further

ORDERED that the stay provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
        May 18, 2011

/s/ James M. Peck
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

4