UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO SETTLE AND SATISFY CORPORATE FRANCHISE TAX CLAIMS OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE

Upon the motion, dated April 25, 2011 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (the "Debtors"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to settle and satisfy corporate franchise tax claims as provided for in the Closing Agreement,[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion.

[Docket No. 9635] to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the NYSDTF; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that any objections to the Motion that have not been heretofore resolved or withdrawn are disallowed and the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, LBHI's entry into the Closing Agreement is approved; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code, LBHI is authorized, but not directed, to perform any and all of its obligations under the Closing Agreement and to execute, deliver, implement and fully perform any and all instruments, documents and papers and to take any and all actions reasonably necessary or appropriate in connection with the implementation of the transactions set forth in the Closing Agreement; and it is further

ORDERED that LBHI shall make an equitable allocation among, and have allowed claims against, Debtor and non-Debtor entities based on each entity's allocable share of the Payment Amount, taking into account, among other things, historic tax sharing principles,

provided, however, that nothing in this Order, including the disallowance and expungement of the Claims, shall affect (i) LBHI's right or claim for reimbursement or contribution from each member of the Combined Group of its allocable share of the Payment Amount, including, without limitation, asserting such right or claim on a priority basis, or (ii) the rights of any such member, or the right (if any) of any party in interest, to challenge such allocation or the priority thereof on any grounds; provided, further, that nothing contained herein shall be deemed or construed as an allowance of any claims against LBI in the SIPA Proceeding; and it is further

ORDERED that upon LBHI's filing of a certification of payment of the Payment Amount, any and all claims filed by the NYSDTF, including without limitation, the Claims (Nos. 417, 1237, 4867, 7750, 11037, 65278, 66268, 66553, 66598, 66975, 67112, 67225, and 67313) shall hereby be disallowed and expunged in their entirety; and it is further

ORDERED that the failure to specifically describe or include any particular provisions of the Closing Agreement shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that LBHI is authorized to perform under the Closing Agreement in its entirety; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 18, 2011
       New York, New York

                                                    _/S/ James M. Peck_____
                                                    UNITED STATES BANKRUPTCY JUDGE

3