Richard J. McCord, Esq. (RJM 3290)
Carol A. Glick, Esq. (CAG 2675)
CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for Claimant Thomson C. Murray, Jr.
90 Merrick Avenue
East Meadow, NY 11554
Telephone: (516) 296-7000
Facsimile: (516) 296-7111

Hearing date: June 2, 2011 at 10:00 am
Objections due: May 18, 2011 at 4:00 pm

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                          Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,                        Case No.: 08-13555 (JMP)

                            Debtors.                            (Jointly Administered)
------------------------------------------------------------X

### RESPONSE AND OPPOSITION TO DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIM NO. 10767 FILED BY THOMSON C. MURRAY, JR.

Thomson C. Murray, Jr. (the "Claimant" or "Murray"), a creditor and party-in-interest in these cases, by his attorneys, Certilman Balin Adler & Hyman, LLP, states as follows for his Response and Opposition to the One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) (the "Motion") filed by Lehman Brothers Holdings, Inc. ("LBHI") and certain other related debtors (LBHI and all of its related entities, collectively, "Lehman Brothers"), with respect to Claim No. 10767 filed by Murray in the total amount of $28,628.66 (the "Murray Claim"):

#### JURISDICTION AND BASIS FOR MOTION

1.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  Lehman Brothers seeks an Order disallowing and expunging the Murray Claim pursuant to 11 U.S.C. § 502(b) and Rule 3007(d) of the Federal Rules of Civil Procedure.

1

Specifically, Lehman Brothers states that its records indicate that Murray was an employee of Lehman Brothers, Inc. ("LBI") or other non-Debtor entities and, as such, Lehman Brothers has no liability for the compensation-related obligations of LBI and other non-Debtor affiliates and no liability for the Murray Claim.

## BASIS FOR RESPONSE AND OPPOSITION

3.      Murray is a registered securities salesman with Series 7 and Series 63 licenses. He was employed by Lehman Brothers for 15 years as a commissioned securities salesman. During that time, Lehman Brothers projected itself to its employees and the world as a unified, financially strong entity with various different businesses known universally as "Lehman Brothers." Now Lehman Brothers objects to the Murray Claim on the basis that it has no liability for Non-Debtor Employee Claims. It does so notwithstanding the fact that Lehman Brothers served upon the Claimant a Notice of Deadlines for Filing Proofs of Claim dated July 8, 2009, together with a personalized Proof of Claim form especially prepared for "Murray Jr., Thomson C." as a creditor of LBHI. See Affidavit of Service of Notice of Deadlines for Filing Proofs of Claim annexed hereto as **Exhibit A** and a copy of the Murray Proof of Claim annexed hereto as **Exhibit B**. The Motion should be denied on the basis that LBHI is for all intents and purposes the alter ego of LBI and, as such, cannot avoid the obligations of LBI.

## BACKGROUND

4.      On September 15, 2008, LBHI and certain affiliated entities filed voluntary chapter 11 cases. The cases are being jointly administered by this Court.

5.      In connection with that filing, LBHI filed an Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications ("Lowitt Affidavit"), a copy of which is annexed hereto

2

2359769.1

as **Exhibit C**. Paragraph 1 of the Lowitt Affidavit states as follows:

> I am the Chief Financial Officer, Controller, and Executive Vice President of Lehman Brothers Holdings Inc. (the 'Debtor,' and together with its non-debtor affiliates, 'Lehman Brothers' or the 'Company'), the debtor and debtor in possession in this chapter 11 case. . . .

Lowitt Aff., ¶ 1.

6. The Lowitt Affidavit states that it provides an "overview of Lehman Brothers' business." Lowitt Aff., ¶ 4. Specifically, the Lowitt Affidavit describes the business of Lehman Brothers as follows:

> Lehman Brothers is the fourth largest investment bank in the United States. For more than 150 years, Lehman Brothers has been a leader in the global financial markets by serving the financial needs of corporations, government units, institutional clients and individuals worldwide. *Through its team of more than 25,000 employees, Lehman Brothers offers a full array of financial services in equity and fixed income sales, trading and research*, investment banking, asset management, private investment management and private equity.

Lowitt Aff., ¶ 5, emphasis supplied. Through its subsidiary, LBI, Lehman Brothers conducted its securities broker-dealer business.

7. The Lowitt Affidavit also describes the regulatory oversight to which it is subject, in the following manner:

> Many of Lehman Brothers' operations are subject to regulatory oversight in the various jurisdictions in which the Company does business. *All Lehman Brothers entities are subject to group-wide supervision and examination by the SEC as a Consolidated Supervised Entity. Several of the Debtor's subsidiaries, including, without limitation, its Lehman Brothers, Inc. subsidiary, are registered with the SEC as broker-dealers, derivatives dealers, and investment advisers.* As such, those entities are subject to regulation by the SEC and by self-regulatory organizations, including the Financial Industry Regulatory Authority ("FINRA"), national securities exchanges such as the NYSE, and the Municipal Securities Rulemaking Board, among

> others. Securities firms are also subject to regulation by state securities administrators in those states in which they conduct business.

Lowitt Aff., ¶ 11, footnote omitted, emphasis supplied.

8.  Based on the foregoing, it is clear that Lehman Brothers held itself out as a consolidated entity with 25,000 employees and worldwide businesses. Clearly, this is a classic alter ego scenario and LBHI should not be permitted to avoid the legitimate compensation claims of Murray.

9.  On July 2, 2009, this Court entered an order establishing September 22, 2009, at 5:00p.m. (prevailing Eastern Time) as the last date and time for each person or entity to file a proof of claim based on prepetition claims in these Chapter 11 cases.

10. On July 8, 2009, Epiq Bankruptcy Solutions, Inc. caused to be served upon Murray a Notice of Deadlines for Filing Proofs of Claim and a preprinted personalized proof of claim form for use by Murray in filing a claim against "LBH" a/k/a Lehman Brothers Holdings, Inc. See **Exhibit A**.

11. On September 8, 2009, Murray, acting *pro se*, timely filed the Murray Claim. See **Exhibit B**. The Murray Claim is based on (i) the "Separation Letter" dated September 9, 2008, stating that Murray would receive a lump sum separation payment consisting of $25,000.00 within "about four weeks after our receipt of this signed agreement"; and (ii) and a commission or paycheck dated September 29, 2008 in the amount of $3,628.66 which was returned for insufficient funds. Although the claim was filed by Murray, *pro se*, as a priority claim in the amount of $28,628.66, now that Murray has retained counsel he has been advised that he should have asserted a claim in the total amount of $28,628.66, consisting of a priority claim in the amount of $10,950.00 and a general unsecured claim in the amount of $17,678.66, pursuant to 11

U.S.C. § 507(a)(4).

12. Upon information and belief the claims bar date established in the LBI liquidation case was June 1, 2009.

13. In the event Lehman Brothers is successful in disallowing and expunging the Murray Claim, Murray will be unable to assert his claim in the liquidation case of LBI and will have no adequate remedy at law. Consequently, the Court should use its equitable powers to deny the Motion in its entirety and allow the Murray Claim in full.

14. Under New York law, in order to pierce the corporate veil of the parent corporation, a party must establish that (i) the parent corporation must have exercised such control that the subsidiary has become a mere instrumentality of the parent, which is the real actor; and (ii) such control has been used to commit a wrong which would result in an unjust injury. *Wm. Passalacgua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131 (2d Cir. 1991. Courts may pierce the corporate veil in order to "achieve equity" *Gartner v. Snyder*, 607 F.2d 582, 586 (2d Cir. 1979), quoting *Port Chester Elec. V. Atlas*, 40 N.Y.2d 651, 656, 389 N.Y.S.2d 327, 331, 357 N.E.2d 983, 986 (1976).

15. Here, LBHI admittedly exercised control over LBI, held itself out as "Lehman Brothers," a global financial behemoth and "consolidated entity" with a "team of more than 25,000 employees" engaged in "a full array of financial services" through subsidiaries such as LBI. LBHI's own filings in these Chapter 11 cases demonstrate that it was closely integrated with LBI and that were daily financial transactions between LBHI and LBI, such that the parent and its subsidiary operated as a single economic unit. Consequently, LBI was a mere instrumentality of LBHI, whose risky policies ultimately led to such significant liquidity problems that SIPC commenced a liquidation proceeding against LBI, which is currently

pending in this Court under the *Securities Investor Protection Corp. v. Lehman Brothers, Inc.*, Adv. Pro. No. (JMP). Notwithstanding the foregoing, LBHI now seeks to erect an artificial wall to shield itself from the liability of LBI to its former employees, which, if permitted, would result in an unjust injury to Murray. Accordingly, the Court should use its equitable powers to pierce the corporate veil between a parent and subsidiary that have heretofore operated as a single economic entity.

16. In view of the foregoing, it is respectfully submitted that the Court should deny the Motion and allow the Murray Claim in the total amount of $28,628.66, consisting of a priority claim of $10,950.00 and a general unsecured claim in the amount of $17,678.66.

17. Alternatively, it is respectfully requested that the Cour permit Murray to file a proof of claim in the LBI liquidation case and have it deemed a timely filed claim.

18. In addition, to the extent that Lehman Brothers is seeking any other, further or related relief regarding Claim No. 10767, Murray reserves his rights to supplement this Response.

Dated: East Meadow, New York
       May 18, 2011

                        **CERTILMAN BALIN ADLER & HYMAN, LLP**
                        Attorneys for Claimant, Thomson C. Murray, Jr.

                By    /s/Richard J. McCord
                        Richard J. McCord, Esq. (RJM 3290)
                        90 Merrick Avenue
                        East Meadow, NY 11554
                        (516) 296-7000

2359769.1