UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                        Debtors.                               :    (Jointly Administered)
----------------------------------------------------------------x

### ORDER APPROVING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 362 AND 365 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ASSUME CERTAIN AIRCRAFT LEASE AGREEMENTS AND TO CONSUMMATE CERTAIN RELATED TRANSACTIONS

Upon the motion, dated March 25, 2009 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a), 362, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to (i) assume non-exclusive aircraft lease agreements by and between (a) CES Aviation LLC, as Lessor, and Executive Fliteways, Inc. ("EFI"), as Lessee, dated September 1, 2007, (b) CES Aviation V LLC, as Lessor, and EFI, as Lessee, dated September 1, 2007, and (c) CES Aviation IX LLC, as Lessor, and EFI, as Lessee, dated September 1, 2007 (collectively, the "Agreements") and to consummate certain related transactions, including terminating the Agreements and paying the associated termination fees in accordance with the Agreements and (ii) agree to modify the automatic stay solely to the extent necessary to allow EFI to use certain funds on deposit with EFI to offset EFI's claims against the Debtors resulting from the termination of the Agreements, all as more fully described in the Motion; and the Court having jurisdiction to consider the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and a reasonable opportunity to object or be heard regarding the Motion having been afforded to all such parties; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED that the Debtors are authorized to make a payment to EFI in the amount of $237,500; and it is further

ORDERED that, upon receipt by EFI of the payment from the Debtors in the amount of $237,500, pursuant to section 502(b) of the Bankruptcy Code, the claims filed by EFI against the Debtors, claim numbers 10665, 10666, 16250, 16251, and 16252, are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code is modified solely to the extent necessary to permit EFI to use the operating

deposits advanced to EFI by CES Aviation LLC, CES Aviation V, LLC and CES Aviation IX LLC to offset its claims against the Debtors arising under the Agreements; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Order is without prejudice to any claims, including, without limitation, claims arising under sections 547 and 550 of the Bankruptcy Code, that LBI may assert against EFI and any defenses, offsets, and claims that EFI may have to such claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: May 18, 2011
         New York, New York

/S/ James M. Peck_____
UNITED STATES BANKRUPTCY JUDGE