# LEHMAN BROTHERS

Execution Copy: October 10, 2006

**Revised Transaction**

October 10, 2006

Confirmation

KSC Affordable Housing Investment Fund, LLC
550 California Avenue, Suite 330
Palo Alto, CA 94306
Attn: Alan Bogomilsky

LIBOR Interest Rate Cap Agreement Global ID: 2689265

---

Dear Sir or Madam:

The purpose of this communication (this "Confirmation") is to confirm the terms and conditions of the transaction (the "Transaction") entered into between Lehman Brothers Special Financing Inc. ("Party A") and KSC Affordable Housing Investment Fund, LLC ("Party B") on the Trade Date specified below. This Confirmation constitutes a "Confirmation" as referred to in the Agreement specified below. **This confirmation superseded and replaces any previously confirmations of this Transaction.**

This Confirmation is subject to and incorporates the terms of the 1992 version of the preprinted multicurrency cross-border form of Master Agreement published by the International Swaps and Derivatives Association, Inc. ("ISDA Form") (the "Agreement"), but without regard to any modifications or elections that the parties may be entitled to make pursuant to a Schedule except as provided in the Additional Provisions paragraph herein. All provisions contained in, or incorporated by reference to, the Agreement shall govern this Confirmation except as expressly modified below. In addition, this Confirmation shall itself evidence a complete and binding agreement between you and us as to the terms and conditions of the Transaction to which this Confirmation relates.

Party A and Party B each represents that entering into the Transaction is authorized and does not violate any laws of its jurisdiction of organization or residence or the terms of any agreement to which it is a party and that, upon due execution and delivery of this Confirmation, it will constitute a legally valid and binding obligation, enforceable against it in accordance with its terms, subject to applicable principles of bankruptcy and creditors' rights generally and to equitable principles of general application.

The definitions and provisions contained in the 2000 ISDA Definitions as published by the International Swaps and Derivatives Association, Inc. (the "Definitions") are incorporated into this Confirmation. In the event of any inconsistency between the Definitions and the terms of this Confirmation, this Confirmation will govern. For the purpose of the Definitions, references herein to a "Transaction" shall be deemed to be references to a "Swap Transaction".

The terms of the particular Transaction to which this Confirmation relates are as follows:

**General Terms:**

| | |
|---|---|
| Trade Date: | October 3, 2006 |
| Effective Date: | August 15, 2009 |
| Termination Date: | August 15, 2011 |
| Notional Amount: | $ 20,750,000.00 |

**Fixed Amounts:**

| | |
|---|---|
| Fixed Amount Payer: | Party B |
| Fixed Amount Payer Payment Dates: | August 10, 2006 |
| Fixed Amount: | $69,000.00 |

**Floating Amounts:**

| | |
|---|---|
| Floating Rate Payer: | Party A |
| Cap Rate: | 6.85% |
| Floating Rate Payer Payment Dates: | The ninth day of each month, from and including September 9, 2006 to and including the Termination Date, subject to Adjustment in accordance with the Following Business Day Convention. |
| Floating Rate Option: | USD-LIBOR-BBA |
| Designated Maturity: | One Month |
| Reset Dates: | Monthly, on the first day of each month, subject to Adjustment in accordance with Following Business Day Convention. |
| Method of Averaging: | Inapplicable |
| Spread: | None |
| Floating Rate Day Count Fraction: | Actual/360 |

**Miscellaneous:**

| | |
|---|---|
| Calculation Agent: | Party A |
| Business Days: | New York |

| | |
|---|---|
| Swap Advisory Fee: | Party B acknowledges that Party A shall pay $6,225.00 to Kensington Capital Advisors, on behalf of Party B, as a swap advisory fee for services provided by Kensington Capital Advisors to Party B. |
| Account for Payments for Party A: | JPMorgan Chase Bank ABA # 021000021, A/C of Lehman Brothers Special Financing Inc, A/C # 066-143543 |
| Account for Payments for Party B: | Bank of America<br>Account Name: KSC Affordable Housing Investment Fund, LLC<br>ABA # 0260-0959-3<br>Account # 004783242495 |

**Other Provisions.** The Master Agreement incorporated by this Confirmation shall be modified by the inclusion of a Schedule incorporating the following provisions:

**Part 1. Termination Provisions**

In this Agreement:-

(a)    "**Specified Entity**" means in relation to Party A for the purpose of:-

| | |
|---|---|
| Section 5(a)(v), | Not applicable. |
| Section 5(a)(vi), | Not applicable. |
| Section 5(a)(vii), | Not applicable. |
| Section 5(b)(iv), | Not applicable. |

and in relation to Party B for the purpose of:-

| | |
|---|---|
| Section 5(a)(v), | Not applicable. |
| Section 5(a)(vi), | Not applicable. |
| Section 5(a)(vii), | Not applicable. |
| Section 5(b)(iv), | Not applicable. |

(b)    "**Specified Transaction**" will have the meaning specified in Section 14 of the ISDA Form.

(c)    The "**Cross Default**" provisions of Section 5(a)(vi) will not apply to Party A and will not apply to Party B.

(d)    **Additional Termination Event** will not apply.

**Part 3. Agreement to Deliver Documents.**

(a)     For the purpose of Sections 4(a)(i) of this Agreement, each party agrees to deliver the following documents, as applicable:-

| Party required to deliver document | Form/Document/ Certificate | Date by which to be Delivered | Covered by Section 3(d) |
|---|---|---|---|
| Party A | Evidence reasonably satisfactory to Party B of (i) the authority of Party A to enter into this Agreement and the relevant Confirmation of a Transaction and (ii) the authority and genuine signature of the signatory of Party A who executes the same. | (i) Upon execution of this Agreement, (ii) if requested by Party B, as soon as practicable after execution of any Confirmation of any other Transaction, and (iii) with respect to each Transaction not covered by evidence previously furnished hereunder, within five Local Business Days of the applicable Trade Date. | Yes |
| Party B | Annual Report of Party B and Party B's Credit Support Provider, if any, containing audited consolidated financial statements for each fiscal year certified by independent certified public accountants for each such fiscal year. | As soon as available and in any event within 120 days (or as soon as practicable after becoming publicly available) after the end of each of its fiscal years. | Yes |

(b)     **Governing Law.** This Agreement will be governed by and construed in accordance with the laws of the State of New York (without reference to choice of law doctrine).

**Part 5. Other Provisions.**

<u>Miscellaneous</u>:

(a)     **"Stockholders' Equity"** means with respect to an entity, at any time, the sum at such time of (i) its capital stock (including preferred stock) outstanding, taken at par value, (ii) its capital surplus and (iii) its retained earnings, minus (iv) treasury stock, each to be determined in accordance with generally accepted accounting principles.

(b)     **Waiver of Right to Trial by Jury.** Each party hereby irrevocably waives, to the fullest extent permitted by applicable law, any right it may have to a trial by jury in respect of any suit, action or proceeding relating to this Agreement or any Credit Support Document. Each party

(i) certifies that no representative, agent or attorney of the other party or any Credit Support Provider has represented, expressly or otherwise, that such other party would not, in the event of such a suit, action or proceeding, seek to enforce the foregoing waiver and (ii) acknowledges that it and the other party have been induced to enter into this Agreement and provide for any Credit Support Document, as applicable, by, among other things, the mutual waivers and certifications in this section.

(c) **Additional Representations.** For purposes of Section 3 of this Agreement, the following shall be added, immediately following paragraph (f) thereof:

> (g) **No Reliance.** Party A and Party B each represents that entering into the Transaction is within its capacity, is duly authorized and does not violate any laws of its jurisdiction of organization or residence or the terms of any agreement to which it is a party. Party A and Party B each represents that (a) it is not relying on the other party in connection with its decision to enter into this Transaction, and neither party is acting as an advisor to or fiduciary of the other party in connection with this Transaction regardless of whether the other party provides it with market information or its views; (b) it understands the risks of the Transaction and any legal, regulatory, tax, accounting and economic consequences resulting therefrom; and (c) it has determined based upon its own judgment and upon any advice received from its own professional advisors as it has deemed necessary to consult that entering into the Transaction is appropriate for such party in light of its financial capabilities and objectives. Party A and Party B each represents that upon due execution and delivery of this Confirmation, it will constitute a legally valid and binding obligation, enforceable against it in accordance with its terms, subject to applicable principles of bankruptcy and creditors' rights generally and to equitable principles of general application.
>
> (h) **No Agency.** It is entering into this Agreement and each Transaction as principal (and not as agent or in any other capacity, fiduciary or otherwise).
>
> (i) **Eligible Contract Participant.** It is an "eligible contract participant" as defined in the Commodity Futures Modernization Act of 2000.
>
> (j) **Financial Institution.** It is a "financial institution" as defined in the FDIC Improvement Act of 1991 and Regulation EE promulgated by the Federal Reserve Board thereunder."

(d) **Recording.** Each party may record telephone conversations in connection with this Agreement and any Transaction or potential Transaction. Each party consents to such recordings being made and adduced in evidence in any proceedings.

(e) **Setoff.** Without affecting the provisions of this Agreement requiring the calculation of certain net payment amounts, all payments and deliveries under this Agreement shall be made without setoff or counterclaim and will not be subject to any conditions except as provided in Section 2(c) of this Agreement, provided however, that:

Following the occurrence of a Termination Event or Event of Default, each party will have the right to set off, counterclaim or withhold payment or delivery in respect of any payment due by the other party under this Agreement or any other transaction between the parties to this Agreement (including any guarantee issued by one party to the other party), whether matured or unmatured, regardless in each case of the office or branch through which a party is acting, and the

relevant party's obligations hereunder shall be deemed to be satisfied and discharged to the extent of such setoff, counterclaim or withholding.

Upon the exercise by one party of any such right of setoff, counterclaim or withholding of payment or delivery, notice of such exercise shall be provided promptly to the other party (and in any event, not later than one Local Business Day prior to the date such payment is due).

(f)     **Transfer.** Section 7 of the Agreement is hereby modified by inserting the following after the word "party" but before the comma in the third line thereof:

", provided, however, that such consent shall not be unreasonably withheld"

Please confirm that the foregoing correctly sets forth the terms of our agreement by executing the copy of this Confirmation enclosed for that purpose and returning it to us within five (5) Business Days of Trade Date.

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS CONFIRMATION OR THE ISDA MASTER AGREEMENT, PARTY A SHALL BE UNDER NO OBLIGATION TO MAKE ANY SCHEDULED PAYMENT WITH RESPECT TO THIS TRANSACTION UNTIL PARTY B HAS EXECUTED AND DELIVERED THIS CONFIRMATION TO PARTY A.**

Please confirm your agreement with the foregoing by executing this Confirmation and returning such Confirmation, in its entirety, to us at facsimile number 646-885-9558.

Yours sincerely,

**Lehman Brothers Special Financing Inc.**

By: _____
Name:
Title:    T. COURTNEY JENKINS
         VICE PRESIDENT

Accepted and agreed to:

**KSC Affordable Housing Investment Fund, LLC**
By: Klein Ventures, LLC
Its: Manager

By: Klein Financial Corp
Its: Manager Member

By: _____
Terry A Freeman
Its: Authorized Representative