| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000018705 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing, Inc | Case No. of Debtor<br>08-13888 | |

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
KSC AFFORDABLE HOUSING INVESTMENT FUND, LLC
c/o Bret H. Reed, Jr., A Law Corporation
621 Acacia Avenue
Corona Del Mar, CA 92625

Telephone number: (949) 955-9150    Email Address: bhrjr@reedlawcorp.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
 (If known)

Filed on: _____

**Name and address where payment should be sent** (if different from above)
KSC AFFORDABLE HOUSING INVESTMENT FUND, LLC
550 California Avenue, Suite 330
Palo Alto, CA 94306  Attn: Alan Bogomilsky
Telephone number: (650) 833-0100  Email Address: abogomilsky@klein-financial.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 52,250
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Termination of rate cap agreement
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 9265
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**FILED / RECEIVED**
**SEP 18 2009**
**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date:<br>September 17, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. KSC Affordable Housing Investment Fund, LLC, by Klein Ventures LLC, its Manager, by Klein Financial Corporation, its Managing Member, by Robert N. Klein, President<br><br>ROBERT N. KLEIN, President |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Lehman Brothers Special Financing, Inc | 08-13888 |

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
KSC AFFORDABLE HOUSING INVESTMENT FUND, LLC
c/o Bret H. Reed, Jr., A Law Corporation
  621 Acacia Avenue
  Corona Del Mar, CA 92625

Telephone number: (949) 955-9150    Email Address: bhrjr@reedlawcorp.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
KSC AFFORDABLE HOUSING INVESTMENT FUND, LLC
550 California Avenue, Suite 330
Palo Alto, CA 94306 Attn: Alan Bogomilsky

Telephone number: (650) 833-0100    Email Address: abogomilsky@klein-financial.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 52,250
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Termination of rate cap agreement
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 9265
   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____   Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**

   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

Date: September __, 2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. KSC Affordable Housing Investment Fund, LLC, by Klein Ventures LLC, its Manager, by Klein Financial Corporation, its Managing Member, by Robert N. Klein, President

ROBERT N. KLEIN, President

**FILED / RECEIVED**
**SEP 1 8 2009**
**EPIQ BANKRUPTCY SOLUTIONS, LLC**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**ATTACHMENT TO PROOF OF CLAIM OF
KSC AFFORDABLE HOUSING INVESTMENT FUND, LLC
BANKRUPTCY OF LEHMAN BROTHERS SPECIAL FINANCING, INC.
CASE NO.: 08-13888**

KSC Affordable Housing Investment Fund, LLC, a California limited liability company ("Creditor") sets forth the following summary of the facts and information that serve as the basis for and support its proof of claim (the "Proof of Claim") in the above-entitled case of Lehman Brothers Special Financing, Inc. (the "Debtor"). This claim is based on a Derivative Contract. All claims of the Creditor arise out of and/or relate to the business, contractual, fiduciary, trust, and/or legal/equitable relationships, rights and obligations between the Creditor and the Debtor and investigations and review of documents are ongoing regarding these relationships, rights and obligations and the right to amend, supplement and/or modify this Proof of Claim for other amounts owing or due to the Creditor based on these relationships, rights and obligations is hereby reserved, to the fullest extent allowable.

## SUMMARY OF CLAIM

On or about October 10, 2006, Creditor and Debtor entered into a Confirmation of LIBOR Interest Rate Cap Agreement Global ID: 2689265 (the "Rate Cap Agreement"), and the ISDA Master Agreement dated October 10, 2006 (the "ISDA Master Agreement") under which the Rate Cap Agreement was issued (together, the "Hedge"), true and correct copies of which will be electronically uploaded on the web site http://www.lehman-claims.com on or before the Electronic Derivative Questionnaire deadline as required by the Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees, and the Notice of Deadlines for Filing Proofs of Claim and Order thereon issued July 2, 2009 ("Electronic Derivative Questionnaire Filing").

Creditor was required to obtain the Hedge under the terms of its project financing ("Financing") with Capmark Bank ("Capmark"). Creditor was under an express, mandatory obligation by virtue of its Financing agreements with Capmark to maintain at all times a qualifying "hedge" to protect both Capmark and Creditor against the variable interest rate risk inherent in the Financing. Capmark required that the Hedge have certain terms including, but not limited to, early termination and default provisions, Market Quotation damage quantification provisions and procedures upon the default or termination of the Hedge, and for the qualification of replacement hedge agreements and the eligible providers thereof.

Creditor has fully performed all duties and obligations under the Hedge, other than those duties which have been excused or waived as a result of Debtor's breach of the Hedge.

As a consequence of the filing by Debtor of a voluntary petition in the United States Bankruptcy Court seeking relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on or about October 5, 2008, Debtor became unable to perform under the Hedge, constituting an Event of Default under Section 5(a)(vii) of the Master Agreement. The foregoing constitutes an Early Termination Event under the Hedge (the "Early Termination").

At the time of successfully bidding and entering into the Hedge, Debtor had notice that (1) the purchase by Creditor of the forward starting Hedge was a requirement for approval by Capmark of a loan to Creditor's affiliate, M2 178 Vallejo LP (in which Creditor is the principal equity investor), and (2) it was a mandatory Capmark requirement that the Hedge be issued by a rate cap provider that satisfied the credit criteria set forth in Section 2.07(c) of the Loan Agreement dated August 9, 2006 between Creditor's affiliate and Capmark (the "Capmark Loan Agreement"), including but not limited to the rate cap provider's maintaining a minimum investment-grade rating, and entering into and executing

rate cap documents approved by Capmark. A true and correct copy of the Capmark Loan Agreement will be timely filed with the Electronic Derivative Questionnaire Filing.

On or about August 18, 2009, Creditor gave written notice to Debtor that Creditor declared an Early Termination of the Hedge under Sections 5 and 6 of the Hedge because of Debtor's inability to perform its duties thereunder as a consequence of the Bankruptcy Filing, and that Debtor was liable for damages under the Hedge on account of the same pursuant to the Market Quotation methodology set forth in the Hedge. A true and correct copy of the Notice of Early Termination dated August 18, 2009, together with evidence of delivery to Debtor, will be timely filed with the Electronic Derivative Questionnaire Filing.

In connection with fixing and liquidating the damages caused by Debtor's breach of the Hedge by virtue of the Early Termination, Creditor engaged Kensington Capital Advisors (the "Cap Consultant") to price the cost for purchasing replacement interest rate cap protection equivalent to the rate cap protection provided by Debtor under the terminated Hedge, by obtaining Market Quotations therefor from Reference Market-makers as required under the Hedge. On or about August 11, 2009 the Cap Consultant prepared a Term Sheet dated as of August 11, 2009 ("Market Quotation Term Sheet") to be transmitted to qualifying Reference Market-makers for the purpose of soliciting bids ("Market Quotations") for the cost to acquire the replacement cap rate protection. True and correct copies of the Market Quotation Term Sheet, together with the e-mail solicitation message transmitted to Reference Market-makers on August 20, 2009, will be timely filed with the Electronic Derivative Questionnaire Filing.

On or about August 25, 2009, Creditor received the Market Quotations from three Capmark-approved Reference Market-makers responding to the Market Quotation Term Sheet, and one 'pass' response. On August 27, 2009 Creditor received from the Cap Consultant the summary recap of the Market Quotation solicitation process and bidding

-3-

results (the "Market Quotation Recap Correspondence"). True and correct copies of completed Market Quotations and the e-mailed 'pass' response, each dated August 25, 2009, and the Market Quotation Recap Correspondence will be timely filed with the Electronic Derivative Questionnaire Filing.

On September 17, 2009 Creditor transmitted written notice to Debtor (the "Valuation Notice"), as required by the Hedge, notifying Debtor that Creditor had, in accordance with the Hedge, obtained Market Quotations for replacement rate cap protection, and that Creditor had suffered other incidental and consequential damages and incurred recoverable fees and costs as a result of Debtor's breach of the Hedge and the Early Termination of the same. A true and correct copy of the Valuation Notice will be timely filed with the Electronic Derivative Questionnaire Filing.

A summary of Creditor's damages is as follows:

| | |
|---|---|
| Market Quotation from the Cap Consultant: | $ 40,500.00 |
| Creditor's Accrued Attorneys Fees and Costs: | $10,000.00 |
| Cap Consultant Fees: | $  1,750.00 |
| **TOTAL CLAIM:** | **$52,250.00** |

The foregoing claims are not exhaustive. Accounting, legal and other investigations are ongoing and will generate additional fees owed to Creditor by Debtor. The right to amend and supplement this Proof of Claim is hereby reserved and all claims are reserved, according to proof, whether stated herein or not.

///

///

///

-4-

KSC Affordable Housing Investment Fund, LLC
550 California Ave., Suite 330
Palo Alto, CA 94306
650-833-0100

September 17, 2009

**VIA FEDERAL EXPRESS AIR BILL NO.** 0201-7979-4331-1439

**Epiq Bankruptcy Solutions, LLC**
**Attn: Lehman Brothers Holdings Claims Processing**
**757 Third Avenue, 3rd Floor**
**New York, New York 10017**
**Telephone: (866) 879-0688**

**Lehman Brothers Special Financing, Inc.**
**745 Seventh Avenue, Fifth Floor**
**New York, NY 10019**
**Attention: Municipal Financial Products Middle Office**

**Lehman Brothers Special Financing Inc.**
**c/o Lehman Brothers Inc.**
**Corporate Advisory Division**
**Transaction Management Group**
**745 Seventh Avenue**
**New York, NY 10019**
**Attn: Documentation Manager**

**Lehman Brothers Holdings, Inc.**
**1271 Sixth Avenue, 40th Floor**
**New York, NY 10020**
**Attention: Derivatives Legal**

KSC Affordable Housing Investment Fund, LLC
September 17, 2009
Page 2

Dear Sir or Madam:

Enclosed are two copies of the Proof of Claim (POC) along with the narrative claim summary attachment. Please have conformed copies of the POC be returned to the following entities:

KSC Affordable Housing Investment Fund, LLC
550 California Avenue, Suite 330
Palo Alto, CA 94306
Attn: Mr. Alan Bogomilsky
(650) 833-0100

Bret H. Reed, Jr., Esq.
BRET H. REED, JR., A LAW CORPORATION
621 Acacia Avenue
Corona Del Mar, CA 92625

Thank you for your cooperation.

Sincerely,

KSC Affordable Housing Investment Fund, LLC

From: Origin ID: PAOA (650) 833-0100
Klein Financial Corp

550 S California Ave
Suite 330
Palo Alto, CA 94306



Ship Date: 17SEP09
ActWgt: 1.0 LB
CAD: 8376262/INET9060
Account#: S *********

Delivery Address Bar Code



SHIP TO: (650) 833-0100    BILL SENDER
**Attn: Lehman Brothers Holdings Clai
Epiq Bankruptcy Solutions LLC
757 3RD AVE FRNT 3**

**NEW YORK, NY 10017**

Ref # 125-600
Invoice #
PO #
Dept #

TRK# 7979 4331 1439    FRI - 18SEP    A1
0201                   STANDARD OVERNIGHT

**XA OGSA**    10017
               NY-US
               EWR



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/html/en//PrintIFrame.html    9/17/2009

From: Origin ID: PAOA (650) 833-0100
Klein Financial Corp

550 S California Ave
Suite 330
Palo Alto, CA 94306



Ship Date: 17SEP09
ActWgt 1.0 LB
CAD: 8376262/INET9060
Account#: S *********

Delivery Address Bar Code



SHIP TO: (650) 833-0100    BILL SENDER
Attn: Lehman Brothers Holdings Clai
Epiq Bankruptcy Solutions LLC
757 3RD AVE FRNT 3

NEW YORK, NY 10017

Ref # 125-600
Invoice #
PO #
Dept #

TRK# 7979 4331 1439    FRI - 18SEP    A1
0201                   STANDARD OVERNIGHT

XA OGSA    10017
           NY-US
           EWR





**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/html/en//PrintIFrame.html                                                                              9/17/2009