UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
                  Debtors.                    :    (Jointly Administered)
                                              :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE MODIFICATION OF THE PROCEDURES FOR COMPENSATING AND REIMBURSING KRAMER LEVIN NAFTALIS & FRANKEL LLP, AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE AS OF OCTOBER 1, 2010

Upon consideration of the application, dated May 3, 2011 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the procedures for compensating and reimbursing Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") as special counsel to the Debtors, effective as of October 1, 2010; and upon the affidavit of Kevin B. Leblang, Esq., (the "Leblang Affidavit"), filed in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Leblang Affidavit, that Kramer Levin represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327(e) of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Kramer Levin and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Kramer Levin as special counsel to the Debtors, effective as of October 1, 2010, on the terms set forth in the Application and this order, for the Representative Matters identified in the Application and in accordance with Kramer Levin's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Kramer Levin shall, solely with respect to fees and expenses to be paid to Kramer Levin in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] and the Court's Amended Order Appointing Fee Committee and Approving Fee Protocol [Docket No. 15998]; and it is further

ORDERED, that Kramer Levin shall be reimbursed only for reasonable and necessary expenses as provided by the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May 19, 2011
     New York, New York

                                                    __/s/ James M. Peck_____
                                                    UNITED STATES BANKRUPTCY JUDGE