**Annex A**

**Proposed Disclosure Procedures Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------  x
                                                  :
In re                                             :   Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,            :   08-13555 (JMP)
                                                  :
                    Debtors.                      :   (Jointly Administered)
                                                  :
------------------------------------------------------------------  x
```

### ORDER PURSUANT TO SECTIONS 105(a) AND 1109(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2019 AND 7026 APPROVING THE ESTABLISHMENT OF DISCLOSURE PROCEDURES

Upon the motion, dated May 23, 2011 (the "Motion"),[1] of the Ad Hoc Group of Lehman Brothers Creditors pursuant to sections 105(a) and 1109(b) of the Bankruptcy Code and Bankruptcy Rules 2019 and 7026 to establish and implement disclosure procedures, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for Region 2; (ii) attorneys for the Debtors; (iii) the attorneys for the Creditors Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

Southern District of New York; (vii) the attorneys for the Non-Consolidation Plan Proponents, (viii) the designated contacts for all participants set forth in the Notice of First Amended Official Service List for Plan Discovery, dated May 5, 2011 [Docket No. 16619] and (ix) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, within [10] days of the entry of this order, unless otherwise extended by the Court for cause shown:

(a) The following parties shall file with the Court disclosures regarding their interests as set forth in clause (b) hereof:

  i. Any plan proponent;

  ii. Any Participant in the plan discovery (as that term is defined in the Order Establishing Schedule and Procedures In Connection with Discovery Related to Plan Confirmation and Other Issues [Docket No. 16003]);

  iii. Any parties acting in cooperation or concert with others whether or not represented jointly or by a single law firm or other advisors; and

  iv. To the extent any formal plan negotiation process is ever implemented, whether by Court order, such as mediation, or by effort of the Debtors or the Creditors Committee, any party seeking to participate in any such negotiation; and

(b) Parties required to make disclosures pursuant to this Order shall be required to disclose, at a minimum, the following:

  i. All holdings including those of affiliates broken down on a creditor legal entity basis and Lehman legal entity basis, including material foreign affiliates;

  ii. Whether holdings are held solely of record or beneficially and, to the extent the power to vote such holdings is not under common control, how such voting power is divided;

  iii. The nature of the claim, e.g., whether such claim is bond debt, a derivative claim, a guarantee claim, etc., and if such claim is a guarantee claim, the nature of the underlying primary claim and the basis for asserting the guarantee;

  iv. Whether such claim was acquired or accrued prepetition or postpetition and, if such claim was acquired postpetition, the date of purchase and the price paid;

  v. Any agreements, whether oral or written, regarding the governance of any group of entities working together; and

  vi. Any arrangements or agreements, whether oral or written, with respect to the sharing of fees and costs among parties;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated:_____, 2011
  New York, New York

                  UNITED STATES BANKRUPTCY JUDGE