May 16, 2011

JAMES P. MEYER
1530 N. Dearborn, #14N
Chicago, IL 60610

**VIA FEDERAL EXPRESS**

Hon. James M. Peck
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
Courtroom 601
New York, NY 10004

Office of the United States Trustee for Region 2
Attn. Tracy Hope Davis, Esq.
Elisabetta Gasparini, Esq.
Andrea Schwartz, Esq.
33 Whitehall Street, 21st Floor
New York, NY 10004

Weil Gotshal & Manges LLP
Attn: Robert J. Lemons, Esq. and
Mark Bernstein, Esq.
767 Fifth Avenue
New York, NY 10153

Milbank, Tweed, Hadley & McCloy, LLP
Attn: Evan Fleck, Esq.
Dennis F. Dunnen, Esq.
Dennis O'Donnell, Esq.
1 Chase Manhattan Plaza
New York, NY 10005

Re:  *In Re: Lehman Brothers Holdings Inc., et al.*
Chapter 11 Case No. 08-13555(JMP)
Debtors' One Hundred Thirty-First Omnibus Objection to Claims
(To Reclassify Proofs of Claim as Equity Interests)
Claim No. 32398

Enclosed with this cover letter is my Response in Opposition to Debtors' One Hundred Thirty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests), by which Debtors seek to reclassify my Claim (No. 32398) to that of an equity interest in Lehman Brothers Holdings Inc. For the reasons as more specifically set forth in the enclosed Response, I respectfully request that said Objection to my Claim be denied.


RECEIVED MAY 17 2011 U.S. BANKRUPTCY COURT, SDNY JMP

May 16, 2011
Page 2

    Please direct all further communications concerning this matter to my attention at the address stated above, together with a copy of the same to my attorney as noted below. Thank you.

Yours truly,

*/s/ James P. Meyer*

James P. Meyer

cc:    Daniel E. Beederman
       Schoenberg Finkel Newman & Rosenberg, LLC
       222 S. Riverside Plaza, Suite 2100
       Chicago, IL 60606
       312/648-2300

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                              :
                                                   :        Chapter 11 Case No.
LEHMAN BROTHERS HOLDINGS INC., et al.,:              08-13555(JMP)
                                                   :
                       Debtors.                    :        (Jointly Administered)
-----------------------------------------------------------x

### RESPONSE IN OPPOSITION OF CREDITOR, JAMES P. MEYER, TO DEBTORS' ONE HUNDRED THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

| CLAIM ||
|---|---|
| **Creditor Name and Address** MEYER, JAMES P. 1530 N. DEARBORN #14N CHICAGO, IL 60610 | Claim Number: 32398 |
| | Date Filed: 9/22/2009 |
| | Debtor: 08-13555 |
| | **Classification and Amount: $53,000.00** |

Creditor, James P. Meyer ("Creditor") herein responds in opposition to Debtors' proposed reclassification of Creditor's above-identified claim (No. 32398) (the "Claim"), pursuant to Debtors' One Hundred Thirty-First Omnibus Objection to Claims (to reclassify proofs of claim as equity interest) (hereinafter referred to as the "131st Omnibus Objection").

Pursuant to the 131st Omnibus Objection, Debtors assert that Creditor's Claim should be reclassified as an equity interest in Lehman Brothers Holdings Inc. ("LBHI"). Debtors further assert that Creditor's Claim, "is based on either restricted stock units, contingent stock awards, stock options, or other equity-related compensation, both distributed and not distributed, and vested and unvested. . .". However, contrary to Debtors' assertion, Creditor's Claim, a copy of which is attached hereto, does not relate to restricted stock units already purchased and being held for the benefit of Creditor. Rather, the Claim is for amounts withheld from Creditor's compensation while he was an employee of LBHI, as deferred compensation, which funds were intended, but never utilized, to purchase restricted stock units in LBHI. As of September 15, 2008, the Debtors' Petition Date, a total of at least $53,000 of funds that had been deducted from Creditor's compensation as deferred compensation, were being held by Debtors for the benefit of Creditor. Since those funds never were utilized for their intended purpose to purchase restricted stock units in LBHI, the unused funds are and should remain the property of this Creditor.

Further, to the extent that the amounts withheld from Creditor's compensation are not deemed to be Creditor's property and subject to a constructive trust, then the amounts withheld

constitute damages arising from Debtors' breach of its agreement to pay Creditor deferred compensation for services that Creditor rendered prior to the Petition Date; such damages fully support the treatment of Creditor's Claim as an unsecured claim, including priority treatment of such portion of the funds which were deducted from Creditor's compensation within 180 days prior to the Petition Date.

Accordingly, Creditor, James P. Meyer, respectfully requests that Debtors' 131st Omnibus Objection seeking to reclassify Claim No. 32398 as an equity interest, be denied.

Respectfully submitted,

_____
JAMES P. MEYER
1530 N. Dearborn St., #14N
Chicago, IL 60610

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings, Inc. et al. | 08-13555 (JMP) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

James P. Meyer
1530 N. Dearborn #14N
Chicago, IL 60610

Telephone number: 312-664-9198    Email Address: jimginmeyer@aol.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. **Amount of Claim as of Date Case Filed:** $ 53,000.00
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Amounts withheld pursuant to Debtor's Restricted Stock Unit Agreement (see attached Addendum).
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____  Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☒ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   
   **Amount entitled to priority:**
   $ See attached Addendum

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9/21/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
*[signed] James P. Meyer*

FOR COURT USE ONLY

FILED / RECEIVED
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ADDENDUM TO PROOF OF CLAIM
## OF JAMES T. MEYER WITH RESPECT TO
## LEHMAN BROTHERS HOLDINGS, INC., ET AL
## CHAPTER 11, CASE NO. 08-13555(JMP)

I am a former employee of Lehman Brothers Holdings, Inc. (the "Debtor"). As an employee, I participated in the Debtor's Restricted Stock Unit Agreement through which amounts were regularly deducted from my compensation which were intended to be used for the purchase of shares of Debtor's stock. In 2008, prior to the Petition Date, approximately $53,000 was deducted and withheld from my earned compensation. As such, I contend that all such monies do not belong to the Debtor's bankruptcy estate but, instead, belong to me as a result of an actual and/or constructive trust. To the extent that said funds are deemed to be part of the Debtor's estate, I then assert a Priority Claim against Bankruptcy Code Sections 507(a)(4) and (5).

The submission of my Proof of Claim is not intended, nor should be construed, as a wavier of any further claim that I have against Debtor for its wrongful withholding of funds belonging to me.