Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                    :
**In re**                                                  :   Chapter 11
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**    :   Case No. 08-13555 (JMP)
                                                                    :
                                   Debtors.          :   (Jointly Administered)
                                                                    :
-------------------------------------------------------------------x

### NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT TO SECTION 363 AND 105(a) OF THE BANKRUPTCY CODE FOR AUTHORITY TO (I) SELL TWO PORTFOLIOS OF GINNIE MAE REVERSE MORTGAGE LOANS TO METLIFE AND (II) ASSIGN ALL RIGHTS AND DELEGATE ALL OBLIGATIONS IN CONNECTION THEREWITH

   **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI"), and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors") for an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") for authority to sell certain residential reverse mortgage loans and LBHI's interests in the unsecuritized balances of two portfolios of fixed and floating rate reverse mortgage loans to MetLife Home Loans a Division of MetLife Bank, N.A. ("MetLife") and to assign its rights and delegate its obligations in connection with such loans and securitizations to MetLife,, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **June 15, 2011 at 10:00 a.m. (prevailing Eastern Time)** (the "Hearing").

   **PLEASE TAKE FURTHER NOTIC**E that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be

filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 1600, Houston, Texas 77002, Attn: Alfredo R. Pérez, Esq., attorneys for the Debtors; (iii) Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036, Attn: Michael J. Sage, Esq. and Brian E. Greer, Esq., counsel to Lehman ALI Inc. (iv) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (v) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys to the official committee of unsecured creditors appointed in these cases, and (vi) all parties who have requested notice in these chapter 11 cases, so as to be so filed and received by no later than June 8, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 24, 2011
      Houston, Texas

                /s/ Alfredo R. Pérez
                Alfredo R. Pérez
                WEIL, GOTSHAL & MANGES LLP
                700 Louisiana Street, Suite 1600
                Houston, Texas 77002
                Telephone: (713) 546-5000
                Facsimile: (713) 224-9511

                Attorneys for Debtors
                and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                              :
**In re**                                     :   **Chapter 11**
                                              :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**    :   **Case No. 08-13555 (JMP)**
                                              :
                            Debtors.          :   **(Jointly Administered)**
                                              :
------------------------------------------------------------------x

**MOTION OF LEHMAN BROTHERS HOLDINGS INC.
PURSUANT TO SECTION 363 AND 105(a) OF THE BANKRUPTCY CODE
FOR AUTHORITY TO (I) SELL TWO PORTFOLIOS OF GINNIE MAE
REVERSE MORTGAGE LOANS TO METLIFE AND (II) ASSIGN ALL
<u>RIGHTS AND DELEGATE ALL OBLIGATIONS THEREUNDER</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), as debtor and debtor in possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "<u>Debtors</u>" and, collectively with their non-debtor affiliates, "<u>Lehman</u>"), moves for authority to sell certain residential reverse mortgage loans and LBHI's interests in the unsecuritized balances of two portfolios of fixed and floating rate reverse mortgage loans to MetLife Home Loans a Division of MetLife Bank, N.A. ("<u>MetLife</u>") and to assign its rights and delegate its obligations under such loans and securitizations to MetLife, and respectfully represents:

**Relief Requested**

1.      Prior to the commencement of these chapter 11 cases, LBHI acquired certain fixed and floating rate reverse home equity conversion mortgage loans from Aurora Bank FSB ("Aurora"), its indirect subsidiary, which loans Aurora had previously acquired from MetLife's predecessors in interest.  Thereafter, LBHI sold participation interests in the loans, which participation interests were securitized pursuant to a Government National Mortgage Association ("Ginnie Mae") program.  LBHI, as the issuer of such securitizations retains certain obligations with respect to the loans, including the obligation to fund certain additional draws under the reverse mortgages and to repurchase or satisfy the participation interests in the loans.

2.      By this Motion, pursuant to section 363 and 105(a) of chapter 11 of the United States Code (the "Bankruptcy Code"), LBHI seeks authority to (a) enter into that certain Purchase and Sale Agreement (the "Sale Agreement") by and between MetLife as purchaser and LBHI as seller pursuant to which LBHI will sell to MetLife (i) the unsecuritized balances of those loans currently in the securitizations, (ii) certain of those loans with respect to which the participation interest therein has been repurchased by LBHI, and (iii) certain of those loans with respect to which the participation interest therein is repurchased prior to the consummation of the transactions set forth in the Sale Agreement and (b) consummate the transactions contemplated in the Sale Agreement.  A copy of the proposed order is attached hereto as Annex A.  A copy of the Sale Agreement in form and substance acceptable to Lehman and MetLife will be filed with the Court prior to the hearing on the Motion.

**Jurisdiction**

3. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b). The statutory basis for the relief requested herein is section 363(b) of the Bankruptcy Code.

**Background**

4. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order,

dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 [Docket No. 7531].

8. On January 25, 2011, the Debtors filed their First Amended Joint Chapter 11 Plan [Docket No. 14150] and the Disclosure Statement to the Debtors' First Amended Joint Chapter 11 Plan [Docket No. 14151].

9. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**The Reverse Mortgage Portfolios**

10. In early 2008, LBHI acquired two portfolios of fixed and floating rate reverse home equity conversion mortgage loans (the "HECM Loans"). Thereafter, in April and May 2008, LBHI sold participation interests in the HECM Loans, which participation interests were securitized under a Ginnie Mae home equity conversion mortgage backed security program and included in two securitization pools in the amounts of $220.5 million and $32.1 million (collectively, the "Securitization" and the HECM Loans in the Securitization, the "HMBS Loans"). Ginnie Mae guaranteed the payment of principal and interest on the securities issued as part of the Securitization, and LBHI, as issuer of the Securitization retained certain obligations with respect to the HECM Loans. Among other things, LBHI retained the obligations to (a) fund draws under the HECM Loans subsequent to the securitization date (the "Funding Obligation")

and (b) to repurchase or satisfy the securitized participation interest in certain HMBS Loans to the extent required by Ginnie Mae guidelines (the "Repurchase Obligation") and together with the Funding Obligation, the "Retained Obligations"). LBHI's failure to meet any of the Retained Obligations may have allowed Ginnie Mae to, among other things, seize the unsecuritized portion of the HMBS Loans funded by LBHI subsequent to the Securitization.[1] As of April 30, 2011, the future Funding Obligation is estimated to be as much as $75.0 million.

11.    Prior to the Commencement Date Aurora, in order to protect LBHI's interest in the unsecuritized portions of the HMBS Loans, Aurora began to fund draw requests under LBHI's Funding Obligation. Aurora continued to fund these requests postpetition and, as of April 2011, funded approximately $52.4 million on account of LBHI's Funding Obligation. In addition, other non-debtor affiliates of LBHI, 745 Special Assets LLC and Lehman Brothers Bancorp Inc. advanced funds on account of LBHI's Retained Obligations. As of the date hereof, approximately $10.1 million is outstanding to these non-debtor affiliates with respect to these payments.

12.    On September 23, 2010, this Court entered an Order authorizing LBHI to enter into a settlement agreement with Aurora (the "MFA Settlement") [Docket No. 11141]. The MFA Settlement resolved substantially all outstanding claims between Aurora and LBHI and authorized LBHI to refund Aurora for amounts expended by Aurora in connection with the HECM Loans. Although LBHI paid Aurora $12.3 million shortly after entry into the MFA Settlement, as of April 30, 2011, $40.1 million remains

---

[1] The automatic stay arguably does not prevent Ginnie Mae from seizing the loans funded by LBHI. See 12 U.S.C. § 1721(g)(1) ("no state or local law, and no federal law (except Federal law enacted expressly in limitation of this subsection after October 8. 1980) shall preclude or limit" [Ginnie Mae's] exercise of powers); see also, In re Commonwealth Mortgage Co., Inc. 145 B.R. 368 (Bankr. D. Mass 1992).

outstanding to Aurora under the terms of the MFA Settlement with respect to such claims.

13. LBHI now seeks to sell its remaining interest in the HECM Loans. As set forth herein, this sale will enable LBHI to rid itself of the Retained Obligations and, at the same time, provide the estate with a significant return on account of the HECM Loans. Additionally, upon consummation of the sale, Ginnie Mae will amend its proof of claim against LBHI to withdraw any amounts with respect to the HECM Loans, which will enable the estate to take a substantial claim off of its books.

## The Sale Agreement

14. The salient terms of the Sale Agreement are set forth in the table below.[2] For the purposes of the below summary: (a) those HECM Loans with respect to which the participation interest previously included in either of the Securitization have been repurchased by LBHI pursuant to its Repurchase Obligation are defined as the "Lehman Loans"; and (b) those HECM Loans as to which the participation interest previously included in either of the Securitization are repurchased by LBHI pursuant to its Repurchase Obligation after the date of the signing of the Sale Agreement and prior to the closing of the transactions set forth in the Sale Agreement are defined as "Additional Lehman Loans."

---

[2] The terms set forth in the table below are provided as a summary only. In the case of a conflict between the terms set forth herein and the terms of the Sale Agreement, the terms of the Sale Agreement shall control.

| | | |
|---|---|---|
| **Assets** | (a) | All right, title, interest and obligations in, to and under the HECM Loans, subject only to the participation interests in the HMBS Loans under the Securitization, including, without limitation, LBHI's rights under the Securitized Loans arising out of amounts advanced under the HMBS Loans after the date of the Securitization, and the related Servicing Rights (as defined in the Sale Agreement), |
| | (b) | The right, title, interest and obligations of the lender in, to and under the Lehman Loans, |
| | (c) | The right, title, interest and obligations of the lender in, to and under the Additional Lehman Loans, and |
| | (d) | All of LBHI's rights, title, interest and obligations as the Ginnie Mae issuer and the lender respectively, in, to and under each of the Guaranty Agreements and Loan Documents (as defined in the Sale Agreement) (collectively, the "Assets"). |
| **Purchase Price** | | The total amount of the purchase price to be paid by Purchaser for the Assets (the "Purchase Price") shall be an amount equal to the sum of: |
| | (a) | 81.01% of the sum of (i) the aggregate unsecuritized balances of the HMBS Loans as of the close of business on the Closing Date, plus (ii) the aggregate outstanding balance of the Lehman Loans as of the close of business on the Closing Date, plus |
| | (b) | the aggregate outstanding balance of the Additional Lehman Loans as of the close of business on the Closing Date, plus |
| | (c) | the product of $200.00 times the number of Additional Lehman Loans (representing the additional repurchase costs). |
| **Estimated Monetary Payment** | | LBHI estimates that the above formula will result in a Purchase Price of approximately $43,415,000. |
| **Deposit** | | Simultaneously with the execution of the Sale Agreement, MetLife will place $4.5 million in escrow. |

| | |
|---|---|
| **<u>Substitution of Servicer</u>** | On the Closing Date, LBHI shall assign all of its rights and delegate all of its obligations under the Loan Documents and the Guaranty Agreements to MetLife and MetLife shall become a party to these documents. MetLife shall irrevocably and unconditionally assume all of the rights and obligations set forth in these documents. Upon execution of the Sale Agreement and consummation of the transactions set forth therein, MetLife will be the servicer of the HECM Loans. |

**LBHI's Entry into the Sale Agreement, and
Consumation of the Transactions Contemplated Thereby
<u>Is in the Best Interests of LBHI, and its Estate and Creditors</u>**

15.     LBHI's entry into the Sale Agreement and its consummation of the transactions contemplated therein are in the best interest of LBHI and its creditors, is an exercise of the sound business judgment of LBHI, and should be approved by this Court. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." <u>Id</u>. § 363(b)(1). When considering a transaction outside the ordinary course of business, courts in the Second Circuit, and others, require that such transaction be based upon the sound business judgment of the debtor. <u>Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)</u>, 722 F.2d 1063, 1070 (2d Cir. 1983); accord <u>In re Chateaugay Corp.</u>, 973 F.2d 141, 143 (2d Cir. 1992); <u>In re Martin</u>, 91 F.3d 389, 395 (3d Cir. 1996) (citing <u>Fulton State Bank v. Schipper (In Re Schipper)</u>, 933 F.2d 513, 515 (7th Cir. 1991)); <u>Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)</u>, 780 F.2d 1223, 1226 (5th Cir. 1986).

16.     It is generally understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." <u>In re Johns-Manville Corp.</u>, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). If a valid business

justification exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)), appeal dismissed, 3 F.3d 49 (2d Cir. 1993). The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. Id. (citing Aronson v. Lewis, 473 A.2d 805, 812 (Del. 1984)).

17. LBHI's entry into the Sale Agreement and its consummation of the sale of the HECM Loans will provide LBHI with an estimated $43.4 million, a significant recovery on account of its interest in the HECM Loans. Because of the nature of reverse mortgage loans (i.e. that interest on the loans accretes and there is no recovery on the loan until, generally, the mortgaged property is sold) unless this transaction is approved, LBHI would not receive any recovery on account of its interest in the HECM Loans for a significant period of time. Furthermore, pursuant to the Sale Agreement, LBHI will assign all of its rights and obligations under the HECM Loans, including, among other things, the Retained Obligations, to MetLife. By doing so, LBHI will rid itself of the requirements to continue to fund the loans and to repurchase certain of the participation interests in the loans, which will save the estate significant funds. LBHI estimates that future Funding Obligations alone total approximately $75 million. Entry into the Sale Agreement will therefore both provide LBHI with upfront recovery, as well as save the estate substantial funds. Finally, upon consummation of the sale, Ginnie Mae will amend its proof of claim to remove any amounts in connection with the HECM Loans, which will remove a large contingent liability LBHI's books.

18. Under the circumstances, the private sale of the HECM Loans to MetLife is appropriate. The market for HECM originated reverse mortgage loans is limited, with only four Ginnie Mae approved issuers eligible to purchase the HECM Loans currently active in the market. Of these eligible and active issuers, LBHI identified only two viable bidders and solicited bids from and negotiated with both entities. Upon review of the final bids submitted by each entity, LBHI, in its business judgment, and in consultation with its financial advisors, determined that the MetLife bid was superior because there was no substantial price difference between the two bids, and significantly reduced execution risk with the MetLife bid.

19. LBHI represents that MetLife has, in good-faith, bid upon the Assets and negotiated the terms of the Sale Agreement at arms' length. Based on the foregoing, LBHI respectfully submits that its entry into the Sale Agreement and consummation of the transactions set forth therein is an exercise of sound business judgment and in the best interests of LBHI, its estate, and its creditors.

### Reservation of Rights

20. All Debtors reserve their rights vis a vis each other with respect to these transactions.

### Notice

21. No trustee has been appointed in these chapter 11 cases. LCPI has served notice of this Motion in accordance with the procedures set forth in the order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) MetLife; (vii) Ginnie Mae; and (viii) all parties who have requested notice in these chapter 11 cases.  LBHI submits that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:    May 24, 2010
          Houston, Texas

/s/ Alfredo R. Pérez
Alfredo R. Pérez

Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5040
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

**<u>Annex A</u>**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :   08-13555 (JMP)
                                              :
                        Debtors.              :   (Jointly Administered)
                                              :
---------------------------------------------------------------x
```

### ORDER PURSUANT TO SECTION 363 AND 105(a) OF
### THE BANKRUPTCY CODE GRANTING AUTHORITY TO
### LEHMAN BROTHERS HOLDINGS INC. TO (I) SELL TWO PORTFOLIOS OF
### GINNIE MAE REVERSE MORTGAGE LOANS TO METLIFE AND (II) ASSIGN
### ALL RIGHTS AND DELEGATE ALL OBLIGATIONS THEREUNDER

Upon the motion, dated May 24, 2011 (the "Motion"),[3] of Lehman Brothers Holdings Inc. ("LBHI"), as debtor in possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to section 363 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") authorizing LBHI to (a) enter into the Sale Agreement pursuant to which LBHI will sell to MetLife (i) the unsecuritized balances of certain reverse home equity conversion mortgage loans currently in securitizations, (ii) those loans with respect to which the participation interests therein have been repurchased by LBHI prior to the execution of the Sale Agreement, and (iii) those loans with respect to which the participation interests therein are repurchased by LBHI after the execution of the Sale Agreement, but prior to the consummation of the transactions set forth in the Sale Agreement and (b) consummate the transactions contemplated in the Sale Agreement, all as more fully

---

[3] Any capitalized term used but not defined herein shall have the meaning ascribed to such term in the Motion.

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest, and that MetLife has in good faith bid upon the HECM Loans and negotiated the terms of the Sale Agreement at arms' length and is entitled to the protections of a good-faith purchaser under section 363(m) of the Bankruptcy Code, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI is authorized and empowered to enter into the Sale Agreement substantially in the form described in the Motion and filed with this Court prior to the Hearing and any ancillary and related documents and agreements and to consummate the transactions contemplated thereby; and it is further

ORDERED that LBHI is authorized and empowered to make non-substantive changes to the Sale Agreement without further approval; and it is further

ORDERED that LBHI is authorized and empowered to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to enter into the Sale Agreement, and all other related documents and agreements; and it is further

ORDERED that LBHI is authorized and empowered to sell (a) the HMBS Loans, subject only to the participation interests in the HMBS Loans under the Securitization, (b) the Lehman Loans, and (c) the Additional Lehman Loans pursuant to the terms of the Sale Agreement, in each case free and clear of liens, claims and encumbrances other than as permitted under the Sale Agreement, with any such liens, claims or encumbrances attaching to the proceeds of the sale; and it is further

ORDERED that nothing in the Motion or in this Order shall modify or amend any terms and conditions of the Sale Agreement, or any related documents or agreements; and it is further

ORDERED that MetLife is granted the protections afforded to a good-faith purchaser of assets under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that Debtors are authorized to comply with each provision of the Sale Agreement; and it is further

ORDERED that notwithstanding entry of this Order, all other rights, claims and defenses of each of the Debtors are reserved vis a vis each other with respect to the transactions contemplated by the Sale Agreement.

Dated: June __, 2011
       New York, New York

                                               _____
                                               HONORABLE JAMES M. PECK
                                               UNITED STATES BANKRUPTCY JUDGE