**Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

### NOTICE OF LEHMAN BROTHERS SPECIAL FINANCING INC.'S MOTION TO AMEND ORDER AUTHORIZING PAYMENT OF ADMINISTRATIVE AND LEGAL FEES AND EXPENSES OF CERTAIN SPECIAL PURPOSE VEHICLES

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Special Financing Inc. ("LBSF"), as debtor-in-possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), to amend the order authorizing LBSF to pay administrative and legal fees and expenses of certain special purpose vehicles, all as more fully set forth in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153, Attn:  Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United

States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:

Tracy Hope Davis, Esq., Elizabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.; and (iv)

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005, Attn:  Dennis F. Dunne, Esq., Evan Fleck, Esq., and Dennis O'Donnell, Esq., attorneys

for the official committee of unsecured creditors appointed in these cases, so as to be so filed and

received by no later than **June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection

Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 24, 2011
        New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

## LEHMAN BROTHERS SPECIAL FINANCING INC.'S MOTION TO AMEND ORDER AUTHORIZING PAYMENT OF ADMINISTRATIVE AND LEGAL FEES AND EXPENSES OF CERTAIN SPECIAL PURPOSE VEHICLES

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Special Financing Inc ("LBSF"), as debtor-in-possession

(together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), files this Motion and respectfully

represent:

### Preliminary Statement

1.      On February 23, 2010, LBSF filed the Motion, Pursuant to Sections 105(a)

and 363 of the Bankruptcy Code and Rule 6004 of the Bankruptcy Rules, for Authorization to

Pay Administrative and Legal Fees of Certain Special Purpose Vehicles (the "Initial Motion")

[Docket No 7230].  On March 24, 2010 [Docket No 7787], this Court entered an Order

approving the Initial Motion (the "Initial Order") [Docket No 7787].  The Initial Order

authorized LBSF to (i) pay (a) $586,920 (the "MFL Fees") to Maples Finance Limited ("MFL")

for services it provides as administrator of certain special purpose vehicles incorporated in the

Cayman Islands (the "Cayman SPVs") and (b) $103,242 (the "M&C Fees") to the Cayman

Islands law firm, Maples and Calder ("M&C"), for legal services it provides to the Cayman

SPVs with respect to numerous transactions in which LBSF has a significant interest, and (ii)

pay, after providing notice in accordance with certain notice procedures (the "Notice

Procedures"), additional payments (the "Future Fees" and together with the MFL Fees and M&C

Fees, the "Cayman Fees") on behalf of the Cayman SPVs that LBSF deems necessary to

maintain a Cayman SPV in good standing with respect the transactions set forth in Exhibit A to

the Initial Order (the "Approved Transactions") without further order of the Court.

   2.  Since entry of the Initial Order, LBSF has determined that it has an

interest – approximately $93 million – in at least two transactions with a Cayman SPV that is in

danger of being dissolved by the Registrar of Companies in the Cayman Islands as a result of

outstanding MFL Fees in the aggregate amount of $18,074 (the "Crown City Transactions").

The Crown City Transactions are not on the list of Approved Transactions.  Accordingly, LBSF

requests that the Court amend the Initial Order to (i) authorize LBSF to pay an additional

$18,074 to MFL and (ii) add the Crown City Transactions to the list of Approved Transactions,

thereby authorizing LBSF to pay Future Fees with respect to the Crown City Transactions in

accordance with the Notice Procedures.  Although LBSF does not believe that there are any

additional transactions that are not Approved Transactions with Cayman SPVs that are in similar

jeopardy, it cannot be certain.  Therefore, in order to spare the estate from the costs associated

with filing additional motions, LBSF also requests that the Court authorize LBSF to pay Future

Fees with respect to transactions that are not Approved Transactions (the "Additional

Transactions") that LBSF deems necessary to maintain the relevant Cayman SPVs in good standing without further order of the Court, after providing notice to the Creditors' Committee in accordance with the Notice Procedures.

**Background**

3.    Commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  LBSF commenced its case under chapter 11 of the Bankruptcy Code on October 3, 2008.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI.  A trustee appointed under SIPA is administering LBI's estate.

6.    On January 25, 2011, the Debtors filed their first amended joint chapter 11 plan [Docket No. 14150] and disclosure statement for their first amended joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No. 14151].

## Jurisdiction

7.     This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

8.     By this Motion, LBSF requests that the Court amend the Initial Order to

(i) authorize LBSF to pay an additional $18,074 to MFL; (ii) add the Crown City Transactions to

the list of Approved Transactions set forth in Exhibit A to the Initial Order; and, (iii) authorize

LBSF to pay Future Fees with respect to Additional Transactions without further order of this

Court, after providing notice to the Creditors' Committee in accordance with the Notice

Procedures.

9.     A copy of the proposed amended order (the "Amended Order") is attached

hereto as Exhibit 1, and a blackline of the Amended Order showing changes from the Initial

Order is attached hereto as Exhibit 2.

## Sound Business Reasons Support the Relief Requested

10.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, "the

trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of

business, property of the estate." 11 U.S.C. § 363(b)(1).  When considering a transaction outside

the ordinary course of business, courts in the Second Circuit, and others, require that such

transaction be based upon the sound business judgment of the debtor.  *Comm. of Equity Sec.

Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *accord In re

Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *In re Martin*, 91 F.3d 389, 395 (3d Cir.

1996) (citing *Fulton State Bank v. Schipper* (*In Re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991));

*Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.*),

780 F.2d 1223, 1226 (5th Cir. 1986).

11.     It is generally understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). If a valid business justification exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom,* 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993). The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. *Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

12.     As set forth more fully in the Initial Motion, there are ample business justifications in support of the relief requested herein. By paying the Cayman Fees with respect to the Crown City Transactions, the relevant Cayman SPV will return to and maintain good standing and MFL and M&C will continue to provide their services, which are necessary to the operation of such Cayman SPV. As a result, LBSF will be able to enforce its rights to payment with respect to the Crown City Transactions in an effort to realize as great a return as possible for the benefit of LBSF's estate and creditors. If the relevant Cayman SPV dissolves, LBSF's ability to recover the value of its interest is limited and will most certainly result in a significantly reduced recovery and could potentially eliminate recovery, as set forth more fully in the Initial Motion. Moreover, by being able to pay Future Fees with respect to Additional Transaction(s) without returning to Court for approval each time LBSF determines such payments are necessary, LBSF will be able to attempt to recover under such Transaction(s), without the need to incur the cost and expense of preparing another motion in each instance.

13.     This Court previously found LBSF's decision to pay the Cayman Fees on behalf of the Cayman SPVs to be an exercise of sound business judgment.  For the reasons set forth herein and in the Initial Motion, LBSF's decision to pay the Cayman Fees with respect to the Crown City Transactions and Future Fees with respect to Additional Transaction(s) is in the best interest of its estate and its creditors and represents a reasonable exercise of its business judgment.  Accordingly, the relief requested by the Motion should be granted.

## Notice

14.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: May 24, 2011
      New York, New York

                                /s/ Jacqueline Marcus
                                Jacqueline Marcus

                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                Attorneys for Debtors
                                and Debtors in Possession

## **Exhibit 1**

**(The Amended Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
In re                                              :        Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        08-13555 (JMP)
                                                   :
                            **Debtors.**           :        **(Jointly Administered)**
---------------------------------------------------------------------x

## AMENDED ORDER GRANTING LEHMAN BROTHERS SPECIAL FINANCING INC.'S MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE, FOR AUTHORIZATION TO PAY ADMINISTRATIVE AND LEGAL FEES AND EXPENSES OF CERTAIN SPECIAL PURPOSE VEHICLES

Upon the motion, dated May 24, 2011 (the "Motion"), of Lehman Brothers

Special Financing Inc. ("LBSF"), as debtor-in-possession (together with its affiliated debtors in

the above-referenced chapter 11 cases, the "Debtors"), to amend the order, entered on March 24,

2010 [Docket No. 7787] (the "Initial Order"), authorizing LBSF, pursuant to sections 105(a) and

363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to pay administrative and

legal fees and expenses of certain special purpose vehicles incorporated in the Cayman Islands

(the "Cayman SPVs"), all as more fully described in the Motion; and upon LBSF's Motion,

Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rule 6004 of the Bankruptcy

Rules, for Authorization to Pay Administrative and Legal Fees of Certain Special Purpose

Vehicles [Docket No 7230] (the "Initial Motion"); and upon the declaration of Robert Hershan,

dated February 23, 2010, in support of the Initial Motion [Docket No. 7231]; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in

accordance with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures for these cases [Docket No. 9635],

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of LBSF, its estate and

creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy

Code, LBSF is authorized, but not required, to pay $604,994 to Maples Finance Limited and

$103,242 to Maples and Calder; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy

Code, LBSF is authorized, but not required, to make any additional payments (the "Future Fees")

on behalf of (i) the Cayman SPVs with respect to the transactions set forth in Exhibit A hereto

and (ii) any Cayman SPV(s) with respect to any transaction(s) not set forth in Exhibit A hereto as

deemed necessary by LBSF, in each case in accordance with the following Notice Procedures:

- Prior to paying any Future Fees, LBSF will provide written notice ("Notice") to the Creditors' Committee describing the nature and the amount of the proposed Future Fees.

- The Creditors' Committee will have five (5) business days from the date on which the Notice is sent to the Creditors' Committee to object to the proposed payment of such fees.   Any objection must be in writing and delivered to the attorneys for LBSF so as to be received on or before the fifth business day after the Notice is received.

- If no written objection is received by LBSF's counsel in accordance with the procedures herein, LBSF is authorized to pay the proposed Future Fees and payment shall be deemed fully authorized by the Court under the terms of the Order approving this Motion and no further notice or Court approval will be required or necessary.

- If the Creditors' Committee delivers a timely written objection to the proposed payment of the Future Fees, LBSF and the Creditors' Committee will use good faith efforts to resolve the objection.   If LBSF and the Creditors' Committee are unable to achieve consensual resolution, LBSF will not proceed with the proposed payment of the Future Fees pursuant to these procedures, but may seek Court approval of the proposed payment upon an expedited notice and hearing, subject to the Court's availability.

- Nothing in the foregoing procedures will prevent LBSF, in its sole discretion, from seeking, upon notice and hearing, the Court's approval of any proposed payment of Future Fees, including on an expedited basis; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June __, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

| Issuer name | MFL Fees | M&C Fees | Terminated | Liquidated |
|---|---|---|---|---|
| 801 Grand CDO SPC | $ 26,717.55 | $ 17,083.73 | | |
| 801 GRAND CDO SPC SERIES 2006-1 | | | Y | Y |
| 801 GRAND CDO SPC SERIES 2006-2 | | | Y | Y |
| Penn's Landing CDO SPC | $ 27,126.82 | $ 480.09 | Y | Y |
| Securitized Product of Restructured Collateral Limited SPC | $ 27,947.36 | $ 38,770.20 | | |
| SEGREGATED PORTFOLIO SPRC D-FORCE LLC SERIES 2007-1 | | | Y | N |
| SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A1 | | | Y | Y |
| SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A2 | | | Y | Y |
| THE SERIES 2007-1 TABXSPOKE SEGREGATED PORTFOLIO - | | | Y | N |
| Copper Creek CDO SPC | $ 26,107.08 | $ 2,577.71 | Y | Y |
| Lakeview CDO SPC | $ 26,435.33 | $ 10,107.49 | | |
| LAKEVIEW CDO 2007-2 | | | Y | Y |
| LAKEVIEW CDO SPC 2007-1 | | | Y | Y |
| LAKEVIEW CDO SPC 2007-3 | | | Y | Y |
| LAKEVIEW CDO SPC SERIES 2007-4 SEGREGATED PORTFOLIO | | | Y | |
| Alta CDO SPC | $ 28,957.08 | $ 8,699.83 | | |
| ALTA CDO 2007-1 LTD | | | Y | Y |
| ALTA CDO SPC SERIES 2007-2 SEGREGATED PORTFOLIO | | | Y | Y |
| Greystone CDO SPC | $ 26,253.86 | $ 6,113.49 | | |
| GREYSTONE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
| GREYSTONE CDO LIMITED SPC SERIES 2006-2 | | | Y | Y |
| GREYSTONE CDO LIMITED SPC SERIES 2006-3 | | | Y | N |
| GREYSTONE CDO SPC SERIES 2008-4 SEGREGATED PORTFOLIO | | | Y | N |
| Cherry Hill CDO SPC | $ 26,551.82 | $ - | | |
| CHERRY HILL CDO SPC 2007-1 | | | Y | Y |
| CHERRY HILL CDO SPC 2007-2 | | | Y | Y |
| Pantera Vive CDO SPC | $ 22,665.86 | $ - | Y | Y |
| Stowe CDO SPC | $ 28,149.32 | $ 15,981.55 | | |
| STOWE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
| STOWE CDO SPC SERIES 2008-1 SEGREGATED PORTFOLIO | | | Y | N |
| STOWE CDO SPC SERIES 2008-2A SEGREGATED PORTFOLIO | | | Y | Y |
| Solar V CDO SPC | $ 26,104.27 | $ - | Y | Y |
| Barton Springs CDO SPC | $ 23,615.23 | $ - | | |
| BARTON SPRINGS CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
| BARTON SPRINGS CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Fullerton Drive CDO Limited | $ 19,610.21 | $ - | Y | Y |
| Stony Hill CDO SPC | $ 22,936.43 | $ - | N | N |
| Jefferson Valley CDO SPC | $ 22,616.77 | $ - | Y | Y |
| Tavares Square CDO Limited | $ 19,358.32 | $ - | Y | Y |
| Tradewinds II CDO SPC | $ 22,179.27 | $ - | Y | N |
| Vox Place CDO Limited | $ 19,357.67 | $ - | Y | Y |
| Blue Point CDO SPC | $ 23,617.29 | $ 2,399.09 | | |
| BLUE POINT CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
| BLUE POINT CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Freedom Park CDO Series 2005-1 Limited | $ 12,481.38 | $ - | Y | Y |
| Sunset Park CDO Limited SPC | $ 27,947.17 | $ - | | |
| Sunset Park CDO-M Limited SPC | $ 23,223.01 | $ - | | |
| SUNSET PARK CDO LIMITED SPC SERIES 2004-1 | | | Y | Y |
| SUNSET PARK CDO LIMITED SPC SERIES 2004-2 | | | Y | Y |
| SUNSET PARK CDO LIMITED SPC SERIES 2004-4 | | | Y | Y |
| SUNSET PARK CDO LIMITED SPC SERIES 2005-3 | | | Y | Y |
| SUNSET PARK CDO LIMITED SPC SERIES 2005-5 | | | Y | Y |
| Sunset Park CDO Series 2005-6 Limited | $ 13,118.77 | $ - | Y | Y |
| Kings River Limited | $ 19,244.14 | $ - | Y | Y |
| Robania CDO Limited | $ 8,561.43 | $ - | Y | Y |
| Taylor Creek Limited | $ 16,036.88 | $ 1,028.52 | Y | Y |
| Crown City CDO 2005-1 Limited | $ 9,056.79 | $ - | Y | Y |
| Crown City CDO 2005-2 Limited | $ 9,016.91 | $ - | Y | Y |
| **Total** | $ 604,994 | $ 103,242 | | |

# **Exhibit 2**

**(Blackline)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                           :        Chapter 11 Case No.
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**               :        08-13555 (JMP)
                                                                :
                              **Debtors.**                      :        **(Jointly Administered)**
-------------------------------------------------------------------x

**AMENDED ORDER GRANTING ~~LBSF~~LEHMAN BROTHERS SPECIAL
FINANCING INC.'S MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF
THE BANKRUPTCY CODE ~~AND RULE 6004 OF THE BANKRUPTCY RULES~~, FOR
AUTHORIZATION TO PAY ADMINISTRATIVE
AND LEGAL FEES AND EXPENSES OF CERTAIN SPECIAL PURPOSE VEHICLES**

Upon the motion, dated ~~February 23, 2010~~May 24, 2011 (the "Motion"), of

Lehman Brothers Special Financing Inc. ("LBSF") ~~and~~, as debtor-in-possession (together with

its affiliated debtors in the above-referenced chapter 11 cases~~, as debtors and~~

~~debtors-in-possession (collectively~~, the "Debtors"), to amend the order, entered on March 24,

2010 [Docket No. 7787] (the "Initial Order"), authorizing LBSF, pursuant to sections 105(a) and

363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004(h) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") ~~for authorization~~, to pay

administrative and legal fees and expenses of certain special purpose vehicles incorporated in the

Cayman Islands (the "Cayman SPVs"), all as more fully described in the Motion; and upon

LBSF's Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rule 6004 of

the Bankruptcy Rules, for Authorization to Pay Administrative and Legal Fees of Certain Special

Purpose Vehicles [Docket No 7230] (the "Initial Motion"); and upon the declaration of Robert

Hershan, dated February 23, 2010, in support of the Initial Motion [Docket No. 7231]; and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges

for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10,

1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided ~~in accordance with the procedures set forth in the~~ ~~amended order entered February 13,~~

~~2009~~ ~~governing case management and administrative procedures~~ ~~[Docket No. 2837] to (i) the~~

~~United States~~ to (i) the U.S. Trustee ~~for the Southern District of New York~~; (ii) the attorneys for

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi)

all other parties ~~who have requested notice in these chapter 11~~ entitled to notice in accordance

with the procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9635], and it

appearing that no other or further notice need be provided~~; and a hearing having been held to~~

~~consider the relief requested in the Motion~~; and the Court having found and determined that the

relief sought in the Motion is in the best interests of LBSF, its estate and creditors, and all parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy

Code, LBSF is authorized, but not required, to pay $~~586,920~~604,994 to Maples Finance Limited

~~(the "MFL Fees")~~ and $103,242 to Maples and Calder ~~(the "M&C Fees")~~; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy

Code, LBSF is authorized, but not required, to make any additional payments (the "Future Fees")

on behalf of (i) the Cayman SPVs with respect to the transactions set forth in Exhibit A hereto

~~(the "Future Fees")~~ and (ii) any Cayman SPV(s) with respect to any transaction(s) not set forth in

Exhibit A hereto as deemed necessary by LBSF, in each case in accordance with the following

Notice Procedures:

- Prior to paying any Future Fees, LBSF will provide written notice ("Notice") to the Creditors' Committee describing the nature and the amount of the proposed Future Fees.

- The Creditors' Committee will have five (5) business days from the date on which the Notice is sent to the Creditors' Committee to object to the proposed payment of such fees. Any objection must be in writing and delivered to the attorneys for LBSF so as to be received on or before the fifth business day after the Notice is received.

- If no written objection is received by LBSF's counsel in accordance with the procedures herein, LBSF is authorized to pay the proposed Future Fees and payment shall be deemed fully authorized by the Court under the terms of the Order approving this Motion and no further notice or Court approval will be required or necessary.

- If the Creditors' Committee delivers a timely written objection to the proposed payment of the Future Fees, LBSF and the Creditors' Committee will use good faith efforts to resolve the objection. If LBSF and the Creditors' Committee are unable to achieve consensual resolution, LBSF will not proceed with the proposed payment of the Future Fees pursuant to these procedures, but may seek Court approval of the proposed payment upon an expedited notice and hearing, subject to the Court's availability.

- Nothing in the foregoing procedures will prevent LBSF, in its sole discretion, from seeking, upon notice and hearing, the Court's approval of any proposed payment of Future Fees, including on an expedited basis; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and this Order shall be effective immediately upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: ~~March~~June __, ~~2010~~2011
        New York, New York

 

 

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

| Issuer name | MFL Fees | M&C Fees | Terminated | Liquidated |
|---|---|---|---|---|
| 801 Grand CDO SPC | $ 26,717.55 | $ 17,083.73 | | |
|   801 GRAND CDO SPC SERIES 2006-1 | | | Y | Y |
|   801 GRAND CDO SPC SERIES 2006-2 | | | Y | Y |
| Penn's Landing CDO SPC | $ 27,126.82 | $ 480.09 | Y | Y |
| Securitized Product of Restructured Collateral Limited SPC | $ 27,947.36 | $ 38,770.20 | | |
|   SEGREGATED PORTFOLIO SPRC D-FORCE LLC SERIES 2007-1 | | | Y | N |
|   SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A1 | | | Y | Y |
|   SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A2 | | | Y | Y |
|   THE SERIES 2007-1 TABXSPOKE SEGREGATED PORTFOLIO - | | | Y | Y |
| Copper Creek CDO SPC | $ 26,107.08 | $ 2,577.71 | Y | Y |
| Lakeview CDO SPC | $ 26,435.33 | $ 10,107.49 | | |
|   LAKEVIEW CDO 2007-2 | | | Y | Y |
|   LAKEVIEW CDO SPC 2007-1 LAKEVIEW CDO SPC 2007-3 | | | Y | Y |
|   LAKEVIEW CDO SPC SERIES 2007-4 SEGREGATED PORTFOLIO | | | Y | |
| Alta CDO SPC | $ 28,957.08 | $ 8,699.83 | | |
|   ALTA CDO 2007-1 LTD | | | Y | NY |
|   ALTA CDO SPC SERIES 2007-2 SEGREGATED PORTFOLIO | | | Y | Y |
| Greystone CDO SPC | $ 26,253.86 | $ 6,113.49 | | |
|   GREYSTONE CDO LIMITED SPC SERIES 2006-1 GREYSTONE | | | Y | Y |
|   CDO LIMITED SPC SERIES 2006-2 GREYSTONE CDO LIMITED | | | Y | Y |
|   SPC SERIES 2006-3 GREYSTONE CDO SPC SERIES 2008-4 | | | Y | Y |
|   SEGREGATED PORTFOLIO | | | Y | N |
| Cherry Hill CDO SPC | $ 26,551.82 | $ - | | |
|   CHERRY HILL CDO SPC 2007-1 | | | Y | Y |
|   CHERRY HILL CDO SPC 2007-2 | | | Y | Y |
| Pantera Vive CDO SPC | $ 22,665.86 | $ - | Y | Y |
| Stowe CDO SPC | $ 28,149.32 | $ 15,981.55 | | |
|   STOWE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
|   STOWE CDO SPC SERIES 2008-1 SEGREGATED PORTFOLIO | | | Y | N |
|   STOWE CDO SPC SERIES 2008-2A SEGREGATED PORTFOLIO | | | Y | Y |
| Solar V CDO SPC | $ 26,104.27 | $ - | Y | Y |
| Barton Springs CDO SPC | $ 23,615.23 | $ - | | |
|   BARTON SPRINGS CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
|   BARTON SPRINGS CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Fullerton Drive CDO Limited | $ 19,610.21 | $ - | Y | Y |
| Stony Hill CDO SPC | $ 22,936.43 | $ - | N | N |
| Jefferson Valley CDO SPC | $ 22,616.77 | $ - | Y | Y |
| Tavares Square CDO Limited | $ 19,358.32 | $ - | Y | Y |
| Tradewinds II CDO SPC | $ 22,179.27 | $ - | Y | N |
| Vox Place CDO Limited | $ 19,357.67 | $ - | Y | Y |
| Blue Point CDO SPC | $ 23,617.29 | $ 2,399.09 | | |
|   BLUE POINT CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
|   BLUE POINT CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Freedom Park CDO Series 2005-1 Limited | $ 12,481.38 | $ - | Y | Y |
| Sunset Park CDO Limited SPC | $ 27,947.17 | $ - | | |
| Sunset Park CDO-M Limited SPC | $ 23,223.01 | $ - | | |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-1 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-2 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-4 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2005-3 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2005-5 | | | Y | Y |
| Sunset Park CDO Series 2005-6 Limited | $ 13,118.77 | $ - | Y | Y |
| Kings River Limited | $ 19,244.14 | $ - | NY | NY |
| Robania CDO Limited | $ 8,561.43 | $ - | Y | Y |
| Taylor Creek Limited | $ 16,036.88 | $ 1,028.52 | Y | Y |
| Crown City CDO 2005-1 Limited | $ 9,056.79 | $ - | Y | Y |
| Crown City CDO 2005-2 Limited | $ 9,016.91 | $ - | Y | Y |

| | | | |
|---|---|---|---|
| **Total** | **$** | **586,920604,994** | **$ 103,242** |