UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK



| In re | Chapter 11 Case No. |
| --- | --- |
| LEHMAN BROTHERS HOLDINGS INC., et al., | 08-13555 (JMP) |
| Debtors | (Jointly Administered) |

**HEARING ON DEBTORS' ONE HUNDRED AND THIRTY FIRST OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

| CLAIM TO BE RECLASSIFIED | |
| --- | --- |
| **Creditor Name and Address:**<br><br>Patrick Cremin<br>12 Lauderdale Mansions<br>Lauderdale Road,<br>Maida Vale<br>London W9 1NE | **Claim Number:** 10101<br>**Date Filed:** 09/02/2009<br><br>**Debtor:** Lehman Brothers Holdings Inc.<br><br>**Classification and Amount:** PRIORITY: $175,394<br>UNSECURED: $<br>TOTAL: $ 175,394 |

**NOTICE OF OBJECTION TO CREDITOR'S CLAIM BEING RECLASSIFIED AS EQUITY INTEREST**

To: Honorable James M Peck

Please be advised that per this notice I am raising an objection to my creditor's claim being reclassified as equity interest on the following grounds

1. The 2003 and 2004 Contingent Stock Award Letters state that in the event of a Bankruptcy Distribution Event the Participant becomes immediately entitled to receive all the Principal Award Shares and the Discount Award Shares. The Bankruptcy Distribution Event is defined as "the earlier to occur of (i) the date of, but immediately prior to, distribution to holders of claims and interests upon the substantial consummation of a confirmed plan or reorganization of [LBHI] in a Chapter 11 case under Title 11 of the United States Code, 11 U.S.C. § § 101 et seq (the "Bankruptcy Code"), or (ii) the date of, but immediately prior to, distributions to holders of claims and interests upon the liquidation of Holdings in a Chapter 7 case under the Bankruptcy Code." Contrary to the information provided by LBHI ("the Debtors) in their Seventy-Third Omnibus Objection to Claims, neither of the options stated in the definition of "Bankruptcy Distribution Event" have been triggered as the Debtors have not applied for a "plan of reorganisation of Lehman Brothers Holdings Inc.".

2. Under employment contracts in the UK employees were remunerated on the basis of an annual Total Compensation (base salary, bonus and other compensation). CSAs were included in "other compensation". Employee's year-end compensation statement always included a cash value attributed to the value of the CSA element and would not unreasonably have understand that, subject to meeting certain conditions, they would receive the cash value of CSAs from LBHI if LBHI did not fulfil its commitment to deliver LBHI stock.

3. Under the terms of the CSA program, LBHI stock should have been delivered annually on 30 November, 5 years after the date of the grant of the awards. CSAs granted for 2003, 2004 and 2005 should therefore have converted to LBHI stock on 30 November 2008, 2009 and 2010 respectively. No such LBHI stock was delivered to employees on these dates so one could contest that the CSAs could therefore not represent equity in the context of the Chapter 11 of LBHI.

All documentation and evidence of my claim has been filed with your Court in September 2009

Yours sincerely

*[signature]*

Patrick Cremin

*[signature]* PATRICK. CREMIN

PRINT YOUR NAME