May 17, 2011

To: United States Bankruptcy Court

Southern District of New York



In re: Lehman Brothers Holdings Inc., et al., Debtors. Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered)

On April 18, 2011, Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates (collectively, the "Debtors") filed their One Hundred Thirtieth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

Re. Claims to be reclassified

| **Creditor Name and Address:** | Claim Number: | 27231 |
|---|---|---|
| Das, Nachiketa | Date Filed: | 9/22/2009 |
| 301 East 69th Street | Debtor: | 08-13555 |
| Apartment 19B | Classification and Amount: | PRIORITY: $33,694.21 |
| New York, NY 10021 | | UNSECURED: $555,237.86 |
| | | TOTAL: $622,626.28 |

I object to the Debtor reclassifying my claim against Lehman Brothers Holdings Inc. ("LBHI") to an equity interest as the claim was part of my compensation for the years 2003, 2004, 2005, 2006, 2007 and 2008, which was deferred by the Debtor with the promise of paying that deferred compensation to me at later dates. The amount of the compensation was determined in the year of service rendered and was promised to be delivered to me on a future date (five years after the year it was granted).

I object to the Debtor's Objection aiming to reclassify my claim listed above under CLAIM TO BE RECLASSIFIED as an equity interest on the ground that it is based on either restricted stock units, contingent stock awards, stock options, or other equity-related compensation, both distributed and not distributed, and vested and unvested (collectively, the "Equity Awards"), and that ownership of the Equity Awards constitutes an equity interest in a Debtor but does not constitute a claim against a Debtor's estate as such term is defined in section 101 of title 11 of the United States Code (the "Bankruptcy Code").

I am listing the reasons for my objections below:

1. The compensation that was promised but deferred under the scheme is not considered equity under GAAP. The deferred compensation became common equity only when it was delivered to me five years after the grant date.

   Since the Debtor did not expense or amortize the deferred compensation immediately upon grant, the deferred compensation is not equity. Typically the Debtor amortized the deferred compensation partly over 3 years and partly over 5 years. After amortizing the amount, the Debtor reported the amounts in its Balance Sheet as Common Stock **issuable**. Prior to the amortization, deferred compensation is not common equity and after the amortization, it is considered common equity issuable (and NOT common equity issued). The compensation becomes common equity after it was delivered, i.e., 5 years after the corresponding grant date.

   My claim relates to deferred compensation that was not delivered. Therefore, such deferred compensation should not be considered equity.

   Further, the Debtor's Annual Report mentions " ... the RSU Trust has had no effect on total equity, net income, or earning per share of the company." If the Debtor claims now that the deferred compensation was equity then the Debtor filed false and misleading financial statements.

2. Deferred compensation was not equity as employees did not have the same rights as other equity holders. Specifically, employees were not permitted to hedge or sell any or all of their deferred compensation. They were also not allowed to short the Debtor's stock. Employees did not have voting rights attached to their deferred compensation equal to other equity holders. Further, such rights of the employees were curtailed against their will. If the Debtor claims deferred compensation to be equity then the Debtor has violated United States Securities Regulations protecting investors by preventing employees to exercise their rights under securities law.
3. The Debtor has typically reported the deferred compensation as a liability while discussing compensation ratios and during its financial planning. The Debtor has, at times, increased the ratio of deferred compensation to total compensation. The Debtor has managed deferred compensation as a liability and not as equity.
4. Historically, the Debtor had a policy of deferring compensation even when it was a private company, prior to its IPO in 1994. That policy continued after the IPO and a portion of compensation was held back to be delivered at a later date. This represented a liability of the Debtor, superior to all other liabilities of the Debtor.

NACHIKETA DAS

Submitted to

The Honorable James M. Peck

One Bowling Green Courtroom 601

New York, New York 10004


Weill Gotshal & Manges LLP

767 Fifth Avenue

New York, New York 10153

Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.

The Office of the United States Trustee for Region 2

33 Whitehall Street 21st floor

New York, New York 10004

Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea Schwartz, Esq.


Milbank, Tweed, Hadley & McCloy LLP

1 Chase Manhattan Plaza

New York, New York 10005

Attn: Dennis F. Dunner, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.