UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,              :    08-13555 (JMP)
                                                    :
Debtors. : (Jointly Administered)                   :    (Jointly Administered)

------------------------------------------------------------x

RESPONSE TO DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

James Bush ("Claimant") was employed by Lehman Brothers Holdings, Inc. ("LBHI") and certain of its subsidiaries. On September 21, 2009, Claimant filed a proof of claim and was issued claim number 23998.

Claimant and LBHI and its subsidiaries entered into a number of letter agreements setting forth the terms of his assignments to divisions of the Lehman Brothers based in Asia as well as the terms of the Claimant's compensation. A copy of an assignment letter between Claimant and LBHI which states "Lehman Brothers Holdings Inc., your US employer" is annexed to this document. Claimant's employment agreement indicated in the above assignment letter states that it is subject to tax equalization program of Lehman Brothers.

Pursuant to Lehman Brothers' ex-patriot policy Lehman Brothers adopted a tax equalization policy for certain employees who were subject to income taxes in both the United States and in the countries where they were stationed. Pursuant to this policy, Lehman Brothers assumed responsibility for Claimant's actual tax liability for employment related income in both the United States and in the countries where Claimant were stationed. In exchange, Claimant agreed to pay Lehman Brothers an amount based on a hypothetical tax return that was prepared assuming Claimant had earned his employment related income in the United States.

In 2008, the hypothetical taxes were withheld from Claimant's paychecks under the tax equalization policy. Lehman Brothers, however, subsequently failed to make any payments to the relevant tax authorities and Claimant was required to pay his taxes to the relevant tax authorities by himself. The amount Lehman Brothers failed to pay to him as compensation regarding the tax equalization policy is $175,381.

In LBHI's One Hundred Seventeenth Omnibus Objection To Claims (No Liability Non-Debtor Employee Claims) LBHI asserts that it has determined that Claimant was not an employee of LBHI and as a result is LBHI is not liable for compensation based claims.

In practice, LBHI and its subsidiaries acted in concert with respect to employment matters. As a result it is difficult to determine which entity precisely employed Claimant, which entity received hypothetical tax withholding payments from Claimant and which entity failed to pay Claimant's tax liabilities. Therefore, if LBHI continues to insist it is not employer of the Claimant, Claimant intends to seek documents and other information through discovery procedures from LBHI as well as other Lehman Brothers entities in connection with his on-going investigation of these matters.

On behalf of James Bush
Tatsuya Tanigawa
Nishimura & Asahi
Address: Ark Mori Building 28th Fllor, 1-12-32
Akasaka Minato-ku Tokyo, Japan 107-6029
Phone:   +81-3-5562-8563

# LEHMAN BROTHERS

July 1, 1999

James Bush
Lehman Brothers Japan Inc.
Ark Mori Bldg., 36th Floor
12-32 Akasaka, 1 chome
Minato-ku, Tokyo 107
JAPAN

Dear James:

This letter and its enclosures outline the terms of your international assignment in Tokyo. Details of the terms of your assignment may be found on the "Package Details" attachment and in the Foreign Assignment Handbook, both of which are enclosed for your reference. All terms relating to your assignment are strictly confidential and should be discussed only with your management, Lehman Brothers Human Resources and immediate family members.

**Secondment**
Lehman Brothers Holdings Inc., your US employer, is assigning you to Lehman Brothers Overseas Inc. for international service. During this period, you will be employed by Lehman Brothers Overseas Inc. (a US entity) and you will be seconded to Lehman Brothers Japan Inc. Your employment while on this assignment will be subject to New York State law. This assignment will not alter the existing terms and conditions of your employment with Lehman Brothers Holdings Inc., subject to the Lehman employment policies and procedures.

**Assignment Term**
Your assignment will commence on a date to be advised -- but no earlier than the date on which you receive authorization from the immigration authorities to work in Tokyo. It is presently anticipated that your initial assignment will be for a three-year period, but the length of this assignment is subject to change at any time.

Should you remain on assignment through the end of four years, your expatriate status will be reviewed at that time. An Expatriate Transition Program (ETP) is presently in place for secondees remaining in Tokyo for longer than four years. This program provides for a period of up to two years of expatriate-style benefits and allowances at a gradually reducing level.

**Compensation**
Your base salary and any incentive compensation amounts (i.e. SRAP) will be paid to you in US dollars and administered via a New York payroll. Salary payments will be made monthly. You will also remain a participant in the Firm's Stock Award Program while on assignment. Under this program, a portion of your total compensation will be delivered in the form of Contingent Stock Awards (CSA's). CSA's are awarded to the Firm's employees working outside the US and are designed to parallel many key aspects of Restricted Stock Units for US employees. It is important that you clearly understand the terms of these awards as outlined in the CSA letter and brochure that you will receive for any award made under this program.

James Bush
July 1, 1999
Page 2

While on assignment in Tokyo, you will not be eligible to receive any bonus payments; instead, you will participate in the Supplemental Repatriation Allowance Plan (SRAP). Participation in this plan is compulsory for all assignees in Tokyo. The details and mechanics of the plan will be discussed with you during your pre-assignment orientation meeting.

**Expatriate Benefits/Allowances**
You will receive expatriate benefits/allowances as outlined in the Foreign Assignment Handbook and specified on the "Package Details" attachment.

**Relocation Benefits**
The Firm has designed a relocation policy to encompass the major cost items associated with an international move. Details of your relocation benefits can be found in the Foreign Assignment Handbook.

**Employee Benefits**
During your initial assignment, you will generally remain eligible to participate in any of the US benefit plans in which you are currently participating. Please note that for tax or other reasons certain restrictions may apply. For example, all contributions to the Employee Stock Purchase Plan and the Tax-Deferred Savings Plan must be made from your monthly base salary; contributions cannot be deducted from any amounts awarded under the SRAP. Other restrictions are explained in the Foreign Assignment Handbook. Any changes to the enrollment periods or to the US benefit plans will be announced and made available to you while you are in Tokyo.

**Offsets Against Compensation**
The Firm reserves the right to withhold any amounts payable to you as compensation or otherwise and apply such withheld amounts to satisfy any indebtedness to the Firm to the maximum extent permitted by law. If any debt exists at the time of your termination of employment from the Firm, the Firm will have the right, to the maximum extent permitted by law, to recover such amount by offset against any amount otherwise awarded, credited or owing to you, including but not limited to amounts awarded to you under the Firm's Stock Award Program. By your signature below, you hereby authorize and consent to the aforementioned deductions.

* * * * *

The Firm reserves the right to make changes to the terms set forth in this letter and its enclosures, to its Foreign Assignment Handbook, and to its general international assignment policies and practices at any time. Neither this letter nor its enclosures is a contract of employment and does not give you any right to continued employment. Either you or the Firm may terminate your employment at any time.

James Bush
July 1, 1999
Page 3

If you have any questions regarding any of the material outlined, please contact Bob Church at (212) 526-3161.

Sincerely,

Mark D. Gross
Vice President
Manager, International Human Resources

I acknowledge receipt of the enclosed Foreign Assignment Handbook and understand the terms and conditions relating to my initial international assignment to Tokyo, which are explained in this letter and the Handbook. I am aware that all of these terms and conditions are subject to change.

_____                    30/09/99
James Bush                                 Date