

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                                           :        Chapter 11 Case No.

                                                                :

LEHMAN BROTHERS HOLDINGS INC., et al.,   :        08-13555 (JMP)

                                                                :

Debtors. : (Jointly Administered)                    :        (Jointly Administered)

------------------------------------------------------------x


RESPONSE TO DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Robert K. Laible ("Claimant") was employed by Lehman Brothers Holdings, Inc.
("LBHI") and certain of its subsidiaries.   On September 21, 2009, Claimant filed a
proof of claim and was issued claim number 23997.

Claimant and LBHI and its subsidiaries entered into a number of letter agreements
setting forth the terms of his assignments to divisions of the Lehman Brothers based in
Asia as well as the terms of the Claimant's compensation.   A copy of an assignment
letter between Claimant and LBHI which states "Lehman Brothers Holdings Inc., your
US employer" is annexed to this document.   Claimant's employment agreement
indicated in the above assignment letter states that it is subject to tax equalization
program of Lehman Brothers.

Pursuant to Lehman Brothers' ex-patriot policy Lehman Brothers adopted a tax
equalization policy for certain employees who were subject to income taxes in both the
United States and in the countries where they were stationed.   Pursuant to this policy,
Lehman Brothers assumed responsibility for Claimant's actual tax liability for
employment related income in both the United States and in the countries where
Claimant were stationed.   In exchange, Claimant agreed to pay Lehman Brothers an
amount based on a hypothetical tax return that was prepared assuming Claimant had
earned his employment related income in the United States.

In 2008, in Japan, the hypothetical taxes were withheld from Claimant's paychecks
under the tax equalization policy.   Lehman Brothers, however, subsequently failed to
make any payments to the relevant tax authorities and Claimant was required to pay his
taxes to the relevant tax authorities by himself.   The amount Lehman Brothers failed to
pay to him as compensation regarding the tax equalization policy is $446,683.

In LBHI's One Hundred Seventeenth Omnibus Objection To Claims (No Liability Non-Debtor Employee Claims) LBHI asserts that it has determined that Claimant was not an employee of LBHI and as a result is LBHI is not liable for compensation based claims.

In practice, LBHI and its subsidiaries acted in concert with respect to employment matters.   As a result it is difficult to determine which entity precisely employed Claimant, which entity received hypothetical tax withholding payments from Claimant and which entity failed to pay Claimant's tax liabilities.   Therefore, if LBHI continues to insist it is not employer of the Claimant, Claimant intends to seek documents and other information through discovery procedures from LBHI as well as other Lehman Brothers entities in connection with his on-going investigation of these matters.

On behalf of Robert K. Laible
Tatsuya Tanigawa
Nishimura & Asahi
Address: Ark Mori Building 28th Fllor, 1-12-32
Akasaka Minato-ku Tokyo, Japan 107-6029
Phone:   +81-3-5562-8563