RECEIVED MAY 18 — U.S. BANKRUPTCY COURT, SDNY JMP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :    08-13555 (JMP)
                                                   :
Debtors. : (Jointly Administered)                  :    (Jointly Administered)
------------------------------------------------------------x

RESPONSE TO DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Mark Gabbay ("Claimant") was employed by Lehman Brothers Holdings, Inc. ("LBHI") and certain of its subsidiaries. On September 21, 2009, Claimant filed a proof of claim and was issued claim number 23982.

Claimant and LBHI and its subsidiaries entered into a number of letter agreements setting forth the terms of his assignments to divisions of the Lehman Brothers based in Asia as well as the terms of the Claimant's compensation. A copy of an assignment letter between Claimant and LBHI which states "Lehman Brothers Holdings Inc., your US employer" is annexed to this document. Claimant's employment agreement indicated in the above assignment letter states that it is subject to tax equalization program of Lehman Brothers.

Pursuant to Lehman Brothers' ex-patriot policy Lehman Brothers adopted a tax equalization policy for certain employees who were subject to income taxes in both the United States and in the countries where they were stationed. Pursuant to this policy, Lehman Brothers assumed responsibility for Claimant's actual tax liability for employment related income in both the United States and in the countries where Claimant were stationed. In exchange, Claimant agreed to pay Lehman Brothers an amount based on a hypothetical tax return that was prepared assuming Claimant had earned his employment related income in the United States.

In 2008, the hypothetical taxes were withheld from Claimant's paychecks under the tax equalization policy. Lehman Brothers, however, subsequently failed to make any payments to the relevant tax authorities and Claimant was required to pay his taxes to the relevant tax authorities by himself. The amount Lehman Brothers failed to pay to him as compensation regarding the tax equalization policy is $1,687,413.

In LBHI's One Hundred Seventeenth Omnibus Objection To Claims (No Liability Non-Debtor Employee Claims) LBHI asserts that it has determined that Claimant was not an employee of LBHI and as a result is LBHI is not liable for compensation based claims.

In practice, LBHI and its subsidiaries acted in concert with respect to employment matters.  As a result it is difficult to determine which entity precisely employed Claimant, which entity received hypothetical tax withholding payments from Claimant and which entity failed to pay Claimant's tax liabilities.   Therefore, if LBHI continues to insist it is not employer of the Claimant, Claimant intends to seek documents and other information through discovery procedures from LBHI as well as other Lehman Brothers entities in connection with his on-going investigation of these matters.

> On behalf of Mark Gabbay
> Tatsuya Tanigawa
> Nishimura & Asahi
> Address: Ark Mori Building 28th Fllor, 1-12-32
> Akasaka Minato-ku Tokyo, Japan 107-6029
> Phone:   +81-3-5562-8563

# LEHMAN BROTHERS

April 19, 2007

Mark Gabbay
*Delivered by Hand*

Dear Mark:

This letter and its enclosures outline the terms of your international assignment in Hong Kong. Details of the terms of your assignment may be found on the "Package Details" attachment and in the Foreign Assignment Handbook, both of which are enclosed for your reference. All terms relating to your assignment are strictly confidential and should be discussed only with your management, Lehman Brothers Human Resources and immediate family members.

### Secondment
Lehman Brothers Holdings Inc., your US employer, is assigning you to Lehman Brothers Global Services, Ltd. for international service. During this period, you will be employed by Lehman Brothers Global Services Ltd. and you will be seconded to Lehman Brothers Asia Ltd. Your employment while on this assignment will be subject to New York State law. This assignment will not alter the existing terms and conditions of your employment with Lehman Brothers Holdings Inc., subject to the Lehman employment policies and procedures.

### Assignment Term
Your assignment will commence on a date to be advised – but no earlier than the date on which you receive authorization from the immigration authorities to work in Hong Kong. It is presently anticipated that your initial assignment will be for a four-year period, but the length of this assignment is subject to change at any time.

Should you remain on assignment through the end of four years, your expatriate status will be reviewed at that time. An Expatriate Transition Program (ETP) is presently in place for secondees remaining in Hong Kong for longer than four years. The program provides for a period of up to three years of expatriate-style benefits and allowances at a gradually reducing level.

### Compensation
Your base salary and any bonuses will be paid to you in US dollars and administered via a New York payroll. Salary payments will be made monthly. You will also remain a participant in the Firm's Stock Award Program while on assignment. Under this program, a portion of your total compensation will be delivered in the form of Contingent Stock Awards (CSA's). CSA's are awarded to the Firm's employees working outside the US and are designed to parallel many key aspects of Restricted Stock Units for US employees. It is important that you clearly understand the terms of these awards as outlined in the CSA letter and brochure that you receive for any award made under this program.

### Expatriate Benefits/Allowances
You will receive expatriate benefits/allowances as outlined in the Foreign Assignment Handbook and specified on the "Package Details" attachment.

# LEHMAN BROTHERS

Mark Gabbay
April 19, 2007
Page 2

**Employee Benefits**
During your initial assignment, you will generally remain eligible to participate in any of the US benefit plans in which you are currently participating. Please note that for tax or other reasons certain restrictions may apply. For example, all contributions to the Tax-Deferred Savings Plan must be made from your monthly base salary. Other restrictions are explained in the Foreign Assignment Handbook. Any changes to the enrollment periods or to the US benefit plans will be announced and made available to you while you are in Hong Kong.

**Offsets Against Compensation**
The Firm reserves the right to withhold any amounts payable to you as compensation or otherwise and apply such withheld amounts to satisfy any indebtedness to the Firm to the maximum extent permitted by law. If any debt exists at the time of your termination of employment from the Firm, the Firm will have the right, to the maximum extent permitted by law, to recover such amount by offset against any amount otherwise awarded, credited or owing to you, including but not limited to amounts awarded to you under the Firm's Stock Award Program. By your signature below, you hereby authorize and consent to the aforementioned deductions.

\* \* \* \*

The Firm reserves the right to make changes to the terms set forth in this letter and its enclosures, to its Foreign Assignment Handbook, and to its general international assignment policies and practices at any time. Neither this letter nor its enclosures is a contract of employment and does not give you any right to continued employment. Either you or the Firm may terminate your employment at any time.

If you have any questions regarding any of the material outlined, please contact me on (212) 320-7058, heather.rychener@lehman.com.

Sincerely,

*Heather Rychener*

Heather Rychener
Vice President
International Human Resources


I acknowledge receipt of the enclosed Foreign Assignment Handbook and understand the terms and conditions relating to my initial international assignment to Hong Kong, which are explained in this letter and the Handbook. I am aware that all of these terms and conditions are subject to change.

*Mark Gabby*                                      5-16-07
_____                         _____
Mark Gabbay                                       Date

# FOREIGN ASSIGNMENT PACKAGE

## EXECUTIVE ASSIGNMENT PACKAGE (EAP)

Our figures are based on the following assignment details, as of April 19, 2006:

| | | |
|---|---|---|
| Mark Gabbay | $200,000 | Five |
| **Name** | **Salary** | **Family Size** |
| Hong Kong | July 1, 2007 | |
| **Host Location** | **Expected Date of Assignment** | |

### FOREIGN ASSIGNMENT

Prevailing FX Rate[†]: HKD/USD 7.80

CHOICE$ Allowance *
*(cash allowance paid to you)*  —  $24,067 per month

Dilapidations Accrual
*(Firm's limit on dilapidation charges it will pay on your behalf)*
(per assignment period or pro-rata portion based on length of tenancy)  —  $3,700 per assignment

* *Not subject to hypothetical tax withholding. To be reviewed on June 1, 2007.*

### TAXATION

Estimated Hypothetical Tax Withholding
*(deduction from you)*  —  $5,500 per month

---

[†] As discussed in the Handbook, the above figures will change during your assignment based on:

- significant exchange rates fluctuations (reviewed quarterly). Next update: June 1, 2007
- changes in your family size, marital status and home ownership status (reviewed annually)
- changes in your salary and compensation level (reviewed annually)
- changes in relative prices (reviewed annually)
- updates or amendments to the Firm's foreign assignment policies
- changes in tax law
- significant periods of time that you or your accompanying family members spend away from your host location.

The figures may increase or decrease over the course of your assignment.