WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------------x

**DECLARATION OF CRAIG BURNS IN
SUPPORT OF MOTION OF LEHMAN BROTHERS
HOLDINGS INC. PURSUANT TO SECTIONS 363 AND 365 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 6004, 6006 AND 9014, FOR
AUTHORIZATION TO ASSUME AND ASSIGN SETTLEMENT AGREEMENT AND
TO ENTER INTO SHARING AGREEMENT WITH URBANISM-CORAL WAY, LLC**

Pursuant to 28 U.S.C. § 1746, I, Craig Burns, declare:

1. I am over the age of 18 years and make these statements of my own personal knowledge, my review of the business records of Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession, and/or my consultation with employees of LBHI. If called to testify, I could testify to the truth of the matters set forth herein.

2. I am a Vice President for LAMCO LLC ("LAMCO") in the Asset Management and Restructuring Team. Prior to my employment by LAMCO, from August 1997 through March 2008, I was employed by Lehman Brothers Inc. in the Global Real Estate Group. Between August 2008 and February 2010, I was employed by TriMont Real Estate Advisors

("TriMont") in the Special Asset Management Division, where I acted as the primary asset manager of the Gables Project[1] and as a liason between the Gables Receiver and LBHI's asset management team.

3.  As Vice President of LAMCO's Asset Management and Restructuring Team, one of my primary areas of responsibility is the liquidation, restructuring and recapitalization of condominium assets of LBHI and its affiliated debtors. In that role, as well as in my role with TriMont, I have become familiar with and have personal knowledge regarding the Gables Project.

4.  I submit this Declaration in support of the *Motion of Lehman Brothers Holdings Inc., Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006 and 9014, for Authorization to Assume and Assign Settlement Agreement and to Enter into Sharing Agreement with Urbanism-Coral Way, LLC* (the "Motion").

5.  I am familiar with the Foreclosure Action, the Urbanism Litigation, the Settlement Agreement, the Initial Sharing Agreement, and the Sharing Agreement. I am also familiar with the negotiations that resulted in the Proposed Transactions that are the subject of the Motion. Prior to its filing, I reviewed and approved the Motion, and I adopt the representations contained in the Motion, as if set forth in full and at length in this declaration.

6.  After consultation with LBHI's restructuring advisors and counsel, I believe that the Proposed Transactions represent a fair and reasonable resolution of the legal and factual disputes between LBHI and Urbanism. I also believe that the Proposed Transactions enable LBHI's estate to maximize the value of LBHI's interests in the Gables Project. As such, I believe the Proposed Transactions are in the best interests of LBHI, its estate and its creditors.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

7. The Proposed Transactions obviate the need for continuing litigation between the Parties with respect to the Foreclosure Action, including matters related to the Gables Project, the Settlement Agreement, and the Sharing Agreement, and avoid the costs and risks associated with such litigation.  In addition, the Proposed Transactions facilitate LBHI's foreclosure on the Gables Project and its realization of proceeds from subsequent sales of the Commercial Units and other condominium units.  The proceeds from the sales will be available for distribution to LBHI's creditors.

8. Specifically, by assuming and assigning the Settlement Agreement, LBHI shall benefit from protections afforded under the Settlement Agreement, including Urbanism's withdrawal of the Urbanism Equitable Liens and consent to the Foreclosure Action.  By eliminating any threat of the Urbanism Equitable Liens and Urbanism's interference with the Foreclosure Action, LBHI will be able to further ensure its priority mortgage lien on the Gables Project, maximize the proceeds from the ultimate sale of the Gables Project, and move forward expeditiously with the Foreclosure Action.

9. By curing and assuming the Settlement Agreement, LBHI avoids the risks associated with continued default under the Settlement Agreement.  LBHI has already made the Settlement Payment, and LBHI risks forfeiting such payment if it does not assume the Settlement Agreement.  Moreover, the Settlement Payment, which has already been made, represents a fraction of the potential Gables Equitable Lien of $1 million.  Finally, Urbanism has agreed to withdraw the Unit 2 Equitable Lien upon LBHI's assumption of the Settlement Agreement and entry into the Sharing Agreement.  Together, the Urbanism Equitable Liens may substantially reduce the distribution of proceeds to LBHI from a subsequent sale of the Gables Project.  By

resolving the Urbanism Equitable Liens, LBHI avoids the expenses and risks associated with further litigation.

10. Entry in the Sharing Agreement is an integral part of the Proposed Transactions and resolves the issues between LBHI and Urbanism. Without the Sharing Agreement, Urbanism would not have agreed to withdraw its motion to impose the Unit 2 Equitable Lien or its motion for leave to revoke consent to the Foreclosure Action. The Parties have added terms to the Sharing Agreement pursuant to which Urbanism shall release, acquit and discharge LBHI, its affiliates, and it successors from any action relating to the Urbanism Litigation, the Foreclosure Action, the Urbanism Equitable Liens, the Gables Project, and all other dealings between with Parties. Resolution of the Urbanism Equitable Liens facilitates LBHI's foreclosure on the Gables Project and its realization of proceeds from subsequent sales.

11. By entering into the Sharing Agreement, LBHI will benefit from services rendered by Urbanism in procuring possible purchasers of the Commercial Units, without being bound to accept offers procured by Urbanism. Every Procured Purchaser, and every offer made by a Procured Purchaser, shall be subject to LBHI's review and approval, and LBHI may approve or reject any such offer in the exercise of its sole and absolute discretion. Significantly, any payments owed to Urbanism will come from the net proceeds of the sale of the Commercial Units or, if LBHI is not the successful bidder at the Foreclosure Sale, the Foreclosure Sale itself.

12. As part of the Proposed Transactions, LBHI will transfer its interests in the Foreclosure Judgment to Coral Way. To prevent any future problems or liabilities in disposing of the Gables Project, LBHI must also transfer its rights and interests in the Agreements to Coral Way, inasmuch as such Agreements directly impact the disposition of the Commercial Units.

Failure to transfer the Agreements may disrupt the Foreclosure Action or create unnecessary administrative expense liabilities for LBHI.

13. Any of LBHI's remaining financial obligations under the Settlement Agreement will be paid from the proceeds of either the Foreclosure Sale or the sale of the Commercial Units and, therefore, will be available to Coral Way as the owner of the Commercial Units. These obligations may include any of the following: (a) payment of $45,000 to Urbanism from the proceeds of the Foreclosure Sale if LBHI or its subsidiary is not the purchaser of the Gables Project at such sale; (b) payment of 15% of the net proceeds received from Procured Purchasers if LBHI or its subsidiary is the purchaser of the Gables Project at the Foreclosure Sale; or (c) the RDZ Payment. As for the RDZ Payment, no such lease-purchase or purchase and sale agreement has been consummated, nor is one likely to be executed going forward. In the unlikely event that such an agreement is consummated, LBHI's liability for the RDZ Closing Payment will be no more than $150,000 of the proceeds of the sale of Unit 2. As such, Coral Way has the financial capability to satisfy any and all financial obligations that may arise under the Agreements.

14. Furthermore, Coral Way will be managed by LAMCO, an asset management company specializing in, among other things, the management and sale of distressed commercial real estate property. LAMCO has extensive experience in managing similar properties and can effectively determine whether to hold or liquidate the Gables Project, thereby ensuring maximum recovery for all parties in interest to the Settlement Agreement.

15. The Proposed Transactions are a result of good faith, arm's-length negotiations and achieve a fair and equitable result for LBHI and its estate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 25th day of May 2011.

                                                                                                 /s/ Craig Burns  
                                                                                                  Craig Burns