|  | Dechert LLP<br>90 State House Square; 12th Floor<br>Hartford, Connecticut 06103<br>Attention: Katherine A. Burroughs, Esq.<br>(katherine.burroughs@dechert.com) |
|---|---|
| If to Junior Mezzanine Lender: | **1107 Broadway Mezz Holdings LLC**<br>c/o Lehman Brothers Holdings Inc.<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Attention: Joelle Halperin<br>(joelle.halperin@lamcollc.com)<br>Chad DeMartino<br>(chad.demartino@lamcollc.com)<br>Chad DeMartino |
|  | With a copy to: |
|  | Dechert LLP<br>90 State House Square; 12th Floor<br>Hartford, Connecticut 06103<br>Attention: Katherine A. Burroughs, Esq.<br>(katherine.burroughs@dechert.com) |
| If to Mortgage Borrower: | **1107 Broadway LLC**<br>Tessler Developments LLC<br>461 Park Avenue South, 2nd Floor<br>New York, New York 10016<br>Attention: Yitzchak Tessler<br>(ytessler@ytessler.com) |
|  | **1107 Broadway LLC**<br>The Chetrit Group<br>404 Fifth Avenue, 4th Floor<br>New York, New York 10018<br>Attention: Joseph Chetrit<br>(JoChetrit@aol.com) |
|  | **1107 Broadway LLC**<br>Princeton Holdings LLC<br>375 Park Avenue, Suite 3401<br>New York, New York 10156<br>Attention: Joseph Tabak<br>(Jtabak@princetonholdingsllc.com) |

16355541.16.BUSINESS

21

|  |  |
|---|---|
|  | **1107 Broadway LLC**<br>Arbor Realty Trust<br>333 Earle Ovington Blvd., Suite 900<br>Uniondale, New York, 11533<br>Attention:  William Connolly<br>Facsimile:  516-542-2511<br>Email:      wconnolly@arbor.com<br>With a copy to:<br><br>Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, New York 10022<br>Attention:  Julian M Wise, Esq.<br>                    (julian.wise@srz.com) |
| If to Senior Mezzanine Borrower: | **1107 Broadway Mezz I LLC**<br>Tessler Developments LLC<br>461 Park Avenue South, 2nd Floor<br>New York, New York 10016<br>Attention:  Yitzchak Tessler<br>                    (ytessler@ytessler.com)<br><br>**1107 Broadway Mezz I LLC**<br>The Chetrit Group<br>404 Fifth Avenue, 4th Floor<br>New York, New York 10018<br>Attention:  Joseph Chetrit<br>                    (JoChetrit@aol.com)<br><br>**1107 Broadway Mezz I LLC**<br>Princeton Holdings LLC<br>375 Park Avenue, Suite 3401<br>New York, New York 10156<br>Attention:  Joseph Tabak<br>                    (Jtabak@princetonholdingsllc.com)<br><br>**1107 Broadway Mezz I LLC**<br>Arbor Realty Trust<br>333 Earle Ovington Blvd., Suite 900<br>Uniondale, New York, 11533<br>Attention:  William Connolly<br>Facsimile:  516-542-2511<br>Email:      wconnolly@arbor.com<br><br>With a copy to: |

16355541.16.BUSINESS

|   |   |
|---|---|
|   | Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, New York 10022<br>Attention: Julian M Wise, Esq.<br>(julian.wise@srz.com) |
| If to Junior Mezzanine Borrower: | **1107 Broadway Mezz II LLC**<br>Tessler Developments LLC<br>461 Park Avenue South, 2nd Floor<br>New York, New York 10016<br>Attention: Yitzchak Tessler<br>(ytessler@ytessler.com) |
|   | **1107 Broadway Mezz II LLC**<br>The Chetrit Group<br>404 Fifth Avenue, 4th Floor<br>New York, New York 10018<br>Attention: Joseph Chetrit<br>(JoChetrit@aol.com) |
|   | **1107 Broadway Mezz II LLC**<br>Princeton Holdings LLC<br>375 Park Avenue, Suite 3401<br>New York, New York 10156<br>Attention: Joseph Tabak<br>(Jtabak@princetonholdingsllc.com) |
|   | **1107 Broadway Mezz II LLC**<br>Arbor Realty Trust<br>333 Earle Ovington Blvd., Suite 900<br>Uniondale, New York, 11533<br>Attention: William Connolly<br>Facsimile: 516-542-2511<br>Email: wconnolly@arbor.com |

With a copy to:

Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
Attention: Julian M Wise, Esq.
(julian.wise@srz.com)

|  |  |
|---|---|
| If to Guarantor: | **Yitzchak Tessler**<br>Tessler Developments LLC<br>461 Park Avenue South, 2nd Floor<br>New York, New York 10016<br>(ytessler@ytessler.com)<br><br>With a copy to:<br><br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, New York 10036<br>Attention: Ronald Sernau, Esq. |

All notices, elections, requests and demands under this Agreement shall be effective and deemed received upon the earlier of (i) the actual receipt of the same by personal delivery or otherwise, or (ii) one (1) Business Day after being deposited with a nationally recognized overnight courier service as required above. Rejection or other refusal to accept or the inability to deliver because of changed address of which no notice was given as herein required shall be deemed to be receipt of the notice, election, request, or demand sent.

## X.    MISCELLANEOUS

10.1. <u>Consideration</u>. Each of Borrower and Guarantor hereby acknowledges and agrees that (i) it has received good and valuable consideration for its agreement to the terms and provisions of this Agreement, (ii) its agreement to such terms and provisions is a material condition and inducement to Lender's willingness to enter into this Agreement and the Settlement contemplated herein, (iii) Lender has relied upon the agreement of each of Borrower and Guarantor to such terms and provisions in entering into this Agreement and the Settlement contemplated herein and Lender would not have entered into this Agreement or the Settlement contemplated herein without the agreement of Borrower and Guarantor to the terms and provisions of this Agreement and this <u>Section 10.1</u> in particular, (iv) it has been represented by competent counsel of its own choosing in the negotiation of this Agreement and this <u>Section 10.1</u> in particular, and it has discussed this provisions with counsel and hereby knowingly and willingly waives its rights as described in this <u>Section 10.1</u>. This Agreement (and this <u>Section 10.1</u>) may be introduced as evidence in any judicial or other proceeding, without further authentication or foundation, and shall constitute prima facie evidence of the facts and agreements set forth herein.

10.2. <u>WAIVER OF JURY TRIAL</u>. NONE OF LENDER, BORROWER OR GUARANTOR SHALL SEEK A JURY TRIAL IN ANY ACTION BASED UPON OR ARISING OUT OF OR OTHERWISE RELATING TO THIS AGREEMENT, THE DEFAULTS, THE LOANS OR ANY OF THE LOAN DOCUMENTS. TO THE EXTENT PERMITTED BY APPLICABLE LAW, EACH OF LENDER, BORROWER AND GUARANTOR HEREBY IRREVOCABLY AND EXPRESSLY WAIVES ANY

AND ALL RIGHT TO ANY SUCH JURY TRIAL AND AGREES THAT NO SUCH ACTION WITH RESPECT TO WHICH A JURY TRIAL HAS BEEN WAIVED SHALL BE SOUGHT TO BE CONSOLIDATED WITH ANY OTHER ACTION WITH RESPECT TO WHICH A JURY TRIAL CANNOT OR HAS NOT BEEN WAIVED. THIS SECTION HAS BEEN FULLY DISCUSSED BY EACH OF LENDER, BORROWER AND GUARANTOR AND ITS RESPECTIVE COUNSEL, AND SHALL NOT BE SUBJECT TO ANY EXCEPTIONS.

10.3. _Future Negotiations_. Each of Borrower, Guarantor and Lender acknowledges and agrees that (i) no party has an obligation whatsoever to discuss, negotiate or to agree to any amendment, modification, waiver, forgiveness, reinstatement or restructuring of the Loans or the Loan Documents or to forbear from exercising its rights and remedies hereunder or under the Loan Documents, at law or in equity, except as expressly provided in this Agreement; (ii) if there are any future discussions among Lender, Borrower and Guarantor concerning any such amendment, modification, waiver, forgiveness, reinstatement or restructuring of the Loans or the Loan Documents, then no such discussions shall constitute a legally binding agreement or contract or have any force or effect whatsoever unless and until reduced to writing and duly authorized, executed and delivered by the appropriate representatives of the parties; and (iii) neither Borrower, Guarantor nor Lender shall assert or claim in any legal proceedings or otherwise that any such discussions have resulted in an agreement except in accordance with the terms of this paragraph.

10.4. _Settlement Escrow Agent Fees_. Lender and Borrower shall each be responsible for fifty percent (50%) of the payment of any and all fees, costs and expenses of Settlement Escrow Agent in connection with this Agreement and the Escrow Agreement.

10.5. _Business Days_. The term "_Business Day_" as used herein shall mean any day other than a Saturday, Sunday or other day in which commercial banks are authorized or required by applicable law to be closed in New York, New York. The Borrower and Lender agree that Rosh Hashanah (two (2) days), Yom Kippur (one (1) day) and the day immediately preceding each of Rosh Hashanah and Yom Kippur will not constitute Business Days for purposes of this Agreement.

10.6. _Lender's Discretion_. Whenever this Agreement provides for a decision or consent to be subject in Lender's discretion, or for any deliverable to be acceptable to Lender, such matter shall be subject to the sole discretion of Lender unless expressly provided to the contrary herein.

10.7. _Counterparts_. This Agreement may be executed by facsimile or "PDF" signatures, and in any number of identical counterparts, each of which shall be deemed to be an original, and all of which shall collectively constitute a single agreement, fully binding upon and enforceable against the parties hereto.

16355541.16.BUSINESS

25

10.8. <u>Admissibility</u>.  This Agreement shall be admissible in any court, administrative or other judicial proceeding, and shall constitute prima facie evidence of the agreements provided herein.

10.9. <u>Governing Law</u>. This Agreement shall be governed by the internal laws of the State of New York without regard to principles of conflict of law, in accordance with Section 5-1401 of the New York General Obligations Law. Any legal suit, action or proceeding against Lender, Borrower or Guarantor arising out of or relating to this Agreement may at Lender's option be instituted in any federal or state court in the State of New York, including, without limitation, the Bankruptcy Court, and each of Borrower and Guarantor hereby (i) waives any objections which it may now or hereafter have based on such venue or forum and (ii) submits to the jurisdiction of any such court in any such suit, action or proceeding.

10.10. <u>Modification; Waiver in Writing</u>. No modification, amendment, extension, discharge, termination or waiver of any provision of this Agreement or of any Loan Document, or any consent to any departure therefrom, shall be effective unless the same shall be in a writing signed by the party against whom enforcement is sought, and then such waiver or consent shall be effective only in the specific instance, and for the purpose, for which given. Except as otherwise expressly provided herein, no notice to or demand on Borrower shall entitle Borrower to any other or future notice or demand in the same, similar or other circumstances.

10.11. <u>Delay Not a Waiver</u>. No failure or delay on the part of Lender in insisting upon strict performance of any term, condition, covenant or agreement, or in the exercise of any right, power, remedy or privilege hereunder or under the Loan Documents shall operate as or constitute a waiver hereunder or thereunder, nor shall a single or partial exercise thereof preclude any other future exercise, or the exercise of any other right, power, remedy or privilege.

10.12. <u>No Joint Venture or Partnership</u>.  Each of Borrower, Guarantor and Lender intend that the relationships created hereunder and under the other Loan Documents be solely that of borrower and lender. Nothing herein or therein is intended to create a joint venture, partnership, tenancy-in-common, or joint tenancy relationship between any of Borrower, Guarantor or Lender.

10.13. <u>No Third Party Beneficiaries</u>. This Agreement and the Loan Documents are solely for the benefit of Lender, Borrower and Guarantor, and nothing contained in this Agreement or the Loan Documents shall be deemed to confer upon anyone other than Lender, Borrower and Guarantor any right to insist upon or to enforce the performance or observance of any of the obligations contained herein or therein.

10.14. <u>Conflict</u>.  In the event of any conflict between the provisions of this Agreement and the provisions of any Loan Document, the provisions of this Agreement shall control.

16355541.16.BUSINESS

26

10.15. <u>Merger</u>.  Without limitation of the provisions set forth in the Loan Documents, this Agreement contains the entire agreement of the parties hereto in respect of the transactions contemplated hereby, and all prior agreements among or between such parties, whether oral or written, are superseded by the terms of this Agreement.

10.16. <u>Successors and Assigns</u>.  This Agreement shall be binding upon the Borrower, Guarantor and Lender, and their respective successors, and assigns; provided however, this Agreement shall not be assigned by Borrower or Guarantor without the prior written consent of Lender.

10.17. <u>Judicial Interpretation</u>.  Each party hereto agrees that a court interpreting or construing this Agreement shall not apply a presumption that the terms hereof shall be more strictly construed against any party deemed the drafter hereof, it being agreed that all parties hereto have participated in the preparation hereof.

10.18. <u>Further Assurances</u>.  Upon request from Lender, each of Borrower and Guarantor agrees to execute and deliver such other and further documents, instruments, certificates, assignments or other writings, and to do such other acts, as may be reasonably necessary or reasonably appropriate to consummate the transactions contemplated by this Agreement or to carry out the intents and purposes of this Agreement.  Upon request from Borrower or Guarantor, Lender agrees to execute and deliver such other and further documents, instruments, certificates, assignments or other writings, and to do such other acts, as may be reasonably necessary or reasonably appropriate to consummate the transactions contemplated by this Agreement or to carry out the intents and purposes of this Agreement.

10.19. <u>Defined Terms</u>.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Mortgage Loan Agreement.

10.20. <u>Time of the Essence</u>.  Time is of the essence with respect to each and every agreement, obligation and covenant with respect to (i) the payment of money, (ii) the delivery of documents to the Settlement Escrow Agent, and (iii) the obligations set forth in <u>Article IV</u> hereof.

10.21. <u>Public Disclosure</u>. Prior to the Closing Date, the Borrower Parties will not issue any press release, advertisement or other public communication with respect to this Agreement or the transactions contemplated hereby without the prior written consent of Lender, which consent may be withheld in Lender's sole discretion.  If any Borrower Party is required by law to issue such a press release or other public communication, at least two (2) Business Days prior to the issuance of the same, such party shall deliver a copy of the proposed press release or other public communication to Lender for its review and approval.  Notwithstanding the foregoing, the Borrower Parties may make announcements to, and otherwise communicate with, its direct and indirect investors, employees and owners regarding this Agreement and/or the transactions contemplated herein, without the consent of the other party.

16355541.16.BUSINESS

27

*[SIGNATURES COMMENCE ON FOLLOWING PAGE]*

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be executed and delivered effective as of the date and year first above written.

### MORTGAGE BORROWER:

**1107 BROADWAY LLC,**
a Delaware limited liability company

By:   1107 Broadway Mezz I LLC, member

    By:  1107 Broadway Mezz II LLC, member

        By:  1107 Broadway SPE LLC, member

            By: 1107 Broadway YT LLC, managing member

                By: _____
                Name: Yitzchak Tessler
                Title:  Managing Member

            By: Arbor Toy Holdings II, LLC, member

                By:  Arbor Toy, LLC, member

                    By: _____
                    Name:
                    Title:

            By:  Princeton Toy, LLC, member

                By: _____
                Name:
                Title:

    By: CF 1107 LLC, member

        By: _____
        Name: Joseph Chetrit
        Title:

        By: _____
        Name: Jacob Chetrit
        Title:

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be executed and delivered effective as of the date and year first above written.

**MORTGAGE BORROWER:**

**1107 BROADWAY LLC,**
a Delaware limited liability company

By: 1107 Broadway Mezz I LLC, member

   By: 1107 Broadway Mezz II LLC, member

      By: 1107 Broadway SPE LLC, member

         By: 1107 Broadway YT LLC, managing member

            By: _____
               Name: Yitzchak Tessler
               Title: Managing Member

      By: Arbor Toy Holdings II, LLC, member

         By: Arbor Toy LLC, member

            By: _____
               Name:
               Title:

         By: Princeton Toy, LLC, member

            By: _____
               Name:
               Title:

By: CF 1107 LLC, member

   By: _____
      Name: Joseph Chetrit
      Title:

   By: _____
      Name: Jacob Chetrit
      Title:

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be executed and delivered effective as of the date and year first above written.

**MORTGAGE BORROWER:**

**1107 BROADWAY LLC,**
a Delaware limited liability company

By:  1107 Broadway Mezz I LLC, member

    By:  1107 Broadway Mezz II LLC, member

        By:  1107 Broadway SPE LLC, member

            By:  1107 Broadway YT LLC, managing member

                By: _____
                      Name: Yitzchak Tessler
                      Title:   Managing Member

        By:  Arbor Toy Holdings II, LLC, member

            By:  Arbor Toy, LLC, member

                By: _____
                      Name:
                      Title:

            By:  Princeton Toy, LLC, member

                By: _____
                      Name:
                      Title:

By:  CF 1107 LLC, member

    By: _____
    Name: Joseph Chetrit
    Title:

    By: _____
    Name: Jacob Chetrit
    Title:

By: YT 7 WEST LLC, member

By: _____
Name: Yitzchak Tessler
Title:

By: _____
Name: Jacob Chetrit
Title: