May 16th, 2011

Claim Number: 11075
Amount: $34,377.57

Honorable James M. Peck, One Bowling Green, NY, NY 10004, Courtroom 601

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, NY, NY 10153, ATTN: Shai Waisman and Mark Bernstein

Office of the United States Trustee for Region 2, 33 Whitehall, 21st Floor, NY, NY 10004, ATTN: Tracy Hope Davis

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, NY, NY 10005, ATTN: Dennis F. Dunne

To All:

    I am writing this letter in regard to the above claim and providing a statement of fact objecting to the claim being disallowed and expunged. The above claim is in regard to an administrative error that occurred prior to the filing LBHI. The debtor has made the claim that the compensation arising out of this claim was not directly from the debtor but other entities that are not in Chapter 11.

    Enclosed I will provide the emails that substantiate the amount of the claim, the fact that it occurred prior to September 15th, the admission of Human Resources of the administrative error that created the lack of payment and finally my employment letter that clearly states that Lehman Brothers Holding Inc, is the US employer, but given the international assignment it will be assigning my employment, but not necessarily my compensation and benefits to another entity. Compensation was paid in USD and via New York which provides additional proof that actual payments where being made by LBHI.

Regards,

*[signature]*

# LEHMAN BROTHERS

April 19, 2007

Mark Gabbay
*Delivered by Hand*

Dear Mark:

This letter and its enclosures outline the terms of your international assignment in Hong Kong. Details of the terms of your assignment may be found on the "Package Details" attachment and in the Foreign Assignment Handbook, both of which are enclosed for your reference. All terms relating to your assignment are strictly confidential and should be discussed only with your management, Lehman Brothers Human Resources and immediate family members.

**Secondment**
Lehman Brothers Holdings Inc., your US employer, is assigning you to Lehman Brothers Global Services, Ltd. for international service. During this period, you will be employed by Lehman Brothers Global Services Ltd. and you will be seconded to Lehman Brothers Asia Ltd. Your employment while on this assignment will be subject to New York State law. This assignment will not alter the existing terms and conditions of your employment with Lehman Brothers Holdings Inc., subject to the Lehman employment policies and procedures.

**Assignment Term**
Your assignment will commence on a date to be advised – but no earlier than the date on which you receive authorization from the immigration authorities to work in Hong Kong. It is presently anticipated that your initial assignment will be for a four-year period, but the length of this assignment is subject to change at any time.

Should you remain on assignment through the end of four years, your expatriate status will be reviewed at that time. An Expatriate Transition Program (ETP) is presently in place for secondees remaining in Hong Kong for longer than four years. The program provides for a period of up to three years of expatriate-style benefits and allowances at a gradually reducing level.

**Compensation**
Your base salary and any bonuses will be paid to you in US dollars and administered via a New York payroll. Salary payments will be made monthly. You will also remain a participant in the Firm's Stock Award Program while on assignment. Under this program, a portion of your total compensation will be delivered in the form of Contingent Stock Awards (CSA's). CSA's are awarded to the Firm's employees working outside the US and are designed to parallel many key aspects of Restricted Stock Units for US employees. It is important that you clearly understand the terms of these awards as outlined in the CSA letter and brochure that you receive for any award made under this program.

**Expatriate Benefits/Allowances**
You will receive expatriate benefits/allowances as outlined in the Foreign Assignment Handbook and specified on the "Package Details" attachment.

# LEHMAN BROTHERS

Mark Gabbay
April 19, 2007
Page 2

**Employee Benefits**
During your initial assignment, you will generally remain eligible to participate in any of the US benefit plans in which you are currently participating. Please note that for tax or other reasons certain restrictions may apply. For example, all contributions to the Tax-Deferred Savings Plan must be made from your monthly base salary. Other restrictions are explained in the Foreign Assignment Handbook. Any changes to the enrollment periods or to the US benefit plans will be announced and made available to you while you are in Hong Kong.

**Offsets Against Compensation**
The Firm reserves the right to withhold any amounts payable to you as compensation or otherwise and apply such withheld amounts to satisfy any indebtedness to the Firm to the maximum extent permitted by law. If any debt exists at the time of your termination of employment from the Firm, the Firm will have the right, to the maximum extent permitted by law, to recover such amount by offset against any amount otherwise awarded, credited or owing to you, including but not limited to amounts awarded to you under the Firm's Stock Award Program. By your signature below, you hereby authorize and consent to the aforementioned deductions.

\* \* \* \*

The Firm reserves the right to make changes to the terms set forth in this letter and its enclosures, to its Foreign Assignment Handbook, and to its general international assignment policies and practices at any time. Neither this letter nor its enclosures is a contract of employment and does not give you any right to continued employment. Either you or the Firm may terminate your employment at any time.

If you have any questions regarding any of the material outlined, please contact me on (212) 320-7058, heather.rychener@lehman.com.

Sincerely,

*[signature: Heather Rychener]*

**Heather Rychener**
Vice President
International Human Resources


I acknowledge receipt of the enclosed Foreign Assignment Handbook and understand the terms and conditions relating to my initial international assignment to Hong Kong, which are explained in this letter and the Handbook. I am aware that all of these terms and conditions are subject to change.

*[signature: Mark Gabbay]*       5-16-07

_____        _____
Mark Gabbay                                          Date

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

In Re:
Lehman Brothers Holdings Inc., et al.
         Debtors.

Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

Name of Debtor Against Which Claim is Held
LEHMAN BROTHERS HOLDINGS, INC.

Case No. of Debtor
08-13555 (JMP)

UNIQUE IDENTIFICATION NUMBER: 555217970

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000011075

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
   LBH (MERGE2.DBF.SCHED_NO) SCHEDULE #: 555217970*****
   ~~MARK~~ GABBAY, MARK
   HOUSE 11
   51-55 DEEP WATER BAY ROAD
   ~~HONG KONG~~
   HONG KONG

Telephone number: 852 9131 7860    Email Address: magabbay@mac.com

Name and address where payment should be sent (if different from above)
PO BOX 2841
DEL MAR, CA 92014

Telephone number: ___    Email Address: ___

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: ___
(If known)

Filed on: ___

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
RESTRICTED STOCK UNIT AGREEMENT

[handwritten scribbled out text]

↳ SEE OTHER CLAIM FORM

1. **Amount of Claim as of Date Case Filed:** $ 34,377.57
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** wages, salaries + rent deposit for leased property
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: ___
   3a. Debtor may have scheduled account as: ___
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: ___
   Value of Property: $___  Annual Interest Rate ___%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $___   Basis for perfection: ___
   Amount of Secured Claim: $___   Amount Unsecured: $___

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☑ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☑ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $ 13,375

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $___
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

Date: 8/25/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.     *Mark Gab*

FOR COURT USE ONLY


SEP 10 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

_Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571._

**Gabbay, Mark**

---

| | |
|---|---|
| **From:** | McNamara, Hilary |
| **Sent:** | Friday, November 21, 2008 7:39 AM |
| **To:** | Gabbay, Mark |
| **Cc:** | Tam, Vivian |
| **Subject:** | RE: Housing Reports - HK (May 2008) - Mark Gabbay |

Mark,

Apologies for the delay in getting back to you - everything seems to take much longer than usual these days.

I have spoken with Alvarez & Marsal (my primary contact is Robert Hershan), and been advised that we are not able to refund the housing offset due via Payroll. Rather, you would need to make a claim through the estate for payment. If there is any documentation we can help provide, please let me know.

Kind regards,
Hilary

-----Original Message-----
From: Gabbay, Mark [mailto:mark.gabbay@nomura.com]
Sent: Thursday, November 13, 2008 9:17 PM
To: McNamara, Hilary
Cc: Tam, Vivian
Subject: RE: Housing Reports - HK (May 2008) - Mark Gabbay

Hilary,

Any update on this? Or is their anything I can do on my side? If it sits with Alvarez and Marsal can you give me the name of the contact person for these claims since we are in contact with A&M in Asia on a daily basis. Thanks

-----Original Message-----
From: McNamara, Hilary
Sent: Monday, September 29, 2008 11:22 PM
To: Gabbay, Mark
Cc: Tam, Vivian
Subject: RE: Housing Reports - HK (May 2008) - Mark Gabbay

Mark,

I expect that this would instead go through the SIPA trustee as an LBI claim.

Regards,
Hilary

-----Original Message-----
From: Gabbay, Mark
Sent: Friday, September 26, 2008 8:40 PM
To: McNamara, Hilary
Cc: Tam, Vivian
Subject: Re: Housing Reports - HK (May 2008) - Mark Gabbay

Hilary - thanks for your attention, its truely appreciated. Is the entity that you filed the wage claim LBHI administrator for approval?

---

----- Original Message -----

Sent: Sat Sep 27 06:33:14 2008
Subject: FW: Housing Reports - HK (May 2008) - Mark Gabbay

Mark,

I have been asked to step in as acting manager for the International Assignment Services team, and am following up on your email to Heather Thomas below.

I've looked at your payroll data as compared to the lease information sent through yesterday by Vivian Tam, and prepared a reconciliation of your housing offset for the last several months (attached). It seems that you were credited for the no-rent period at the end of May, but the June credit was missed. I think this may have occurred as a result of the person originally processing your housing offset leaving the Firm at right about the same time as your lease renewal and details getting missed in transition - but clearly an error on our team's part.

The total over deduction from your paycheck was $34,377.57.

As you may be aware, as a result of the bankruptcy filing, all payments that we make must be approved by the administrators. I have raised this issue to them as an issue of wages due to an employee with an urgent request to facilitate reimbursement, and am waiting to hear back from them. I will update you as soon as I can.

I am truly sorry for this error and apologize for any inconvenience it may cause. Please know that I have escalated this and will continue to follow up until it is resolved.

Regards,
Hilary

Hilary McNamara
Human Resources / Compensation
Lehman Brothers Inc.
1271 Avenue of the Americas, 38th Floor
New York, NY 10020
Tel. 646-333-8299
Fax 212-520-0096
email: hilary.mcnamara@lehman.com

---

From:      Gabbay, Mark
Sent: Friday, September 12, 2008 3:52 PM
To:        Thomas, Heather J
Cc:        DiBerardino, Julie; Tam, Vivian
Subject:   RE: Housing Reports - HK (May 2008) - Mark Gabby

Heather,

I just checked my Sept figure and the deposit was about $9,000 which would seem to be the correct number once we use the new housing offset of $32,271.58. Now, that means in Aug, where I received a total deposit of about $30,000 - which means really an "extra" $20,960 - (adjusted for the net payroll amount) that $20,960 only covers a portion of the cash that should be refunded to me based on the housing offsets that were taken in May, June and July. The free rent period that the Firm did not have to pay but still deducted from my offset was correct below as between May 15 and June 30th. This means there were 6 weeks of free rent or basically a savings of 1.5x the monthly offset of $34,378 or $51,567. So if $51,567 was the free rent period and $20,960 was paid back I believe there is still $30,607 owed to make me whole. Please advise when this will be processed.

Thanks

---

From:      Thomas, Heather J
Sent: Monday, August 18, 2008 11:12 PM
To:        Gabbay, Mark
Cc:        DiBerardino, Julie; Tam, Vivian
Subject:   RE: Housing Reports - HK (May 2008) - Mark Gabby

The following is a breakdown of the allowances and deductions in your August paycheck (including both your Choice$ amount and your August lease deduction amount). It is slightly confusing for the month of August, so I apologize in advance for all the math.

Your previous housing offset (for the lease that effectively ended May 14) was $34,378.77, and that offset was inadvertently taken in the full amount during the months of May, June, and July. Your new offset, effective July 1, is $32,271.58, though we did not begin deducting this actual amount until August 1.

Therefore, in your August paycheck, you received a credit for the excess that was deducted from you for the period of May 15 - June 30, $18,852.87, as well as the difference in rent that should have been deducted from July 1-31, $2,107.19. Therefore, you were credited a total of $20,960.07.

When these credits were added to your new ongoing lease deduction of $32,271.58, your lease deduction for the month of August became $11,311.51. In future months, you should see the ongoing deduction of $32,271.58.

Your ongoing Choice$ amount is $30,992.00. This is likely the amount that you noticed was deposited into your account. In past months when your lease deduction was larger, it was more closely balanced out by your lease deduction, but due to the credits you received in your August paycheck, you would have received a larger net paycheck.

Please let me know if you have any questions.

Regards,
Heather

---

From:      Gabbay, Mark
Sent: Monday, August 18, 2008 2:32 AM
To:    Tam, Vivian; DiBerardino, Julie
Cc:    Thomas, Heather J
Subject:   RE: Housing Reports - HK (May 2008) - Mark Gabby

One correction - the rent free period was from May 15 to June 30th. New lease started July 1. Thanks

---

From:      Tam, Vivian
Sent: Monday, August 18, 2008 2:27 PM
To:    DiBerardino, Julie
Cc:    Thomas, Heather J; Gabbay, Mark
Subject:   RE: Housing Reports - HK (May 2008) - Mark Gabby

Hi Julie,

Understand from Mark that USD31,000 was deposited to his account. Could you help to confirm the breakdown?

Thanks,
Vivian

---

From:      DiBerardino, Julie
Sent: Friday, July 04, 2008 12:36 AM
To:    Tam, Vivian; Thomas, Heather J
Subject:   RE: Housing Reports - HK (May 2008) - Mark Gabby

Hi Vivian,

We will process the rental deduction and new lease for Aug payroll.

Many thanks,
Julie

Subject:    FW: Housing Reports - HK (May 2008) - Mark Gabby

Hi Julie / Heather,

Would you be able to assist on Mark Gabby's payroll? Mark has rent free period from May 15 to Jun 14 and there should not be any deduction from Choice $. We have also served notice to the landlord and the lease has ended Jun 14. Could you please kindly arrange for the adjustment for May and June Choice $ deduction?

A new lease has now been signed for Mark with start date July 1 and attached is the new lease for your records.
 << File: TA- Hsell- 51DWB.tif >>
Thanks,
Vivian

---

From:        Tam, Vivian
Sent: Tuesday, April 15, 2008 7:48 PM
To:    Bianchini, Tatyana; Rychener, Heather
Cc:    DiBerardino, Julie; Yeung, Christine; Thomas, Heather J; Chong, Erica Chung Yan
Subject:    Housing Reports - HK (May 2008)

Hi Tatyana,

Please find attached the housing payment report for Hong Kong (May 2008)
 << File: Lehman Brothers Payment Report May 08..xls >> Please note that Mark Gabbay's rent is only from May 1 - May 14. Also there will be a rent free period from May 15 to June 14.

Cheers,
Vivian

January 15, 2009 updated to August 25, 2009

To:     Lehman Brothers, Inc Claim

From:   Mark Gabbay
        House 11
        51-55 Deep Water Bay Road
        Hong Kong
        magabbay@mac.com

Claims Manager,

I was a former ex-patriate employee of Lehman Brothers, Inc based in Hong Kong from July, 2007 through October, 2008. During that period as part of my compensation package I was paid with Choice Dollars that were used to pay for housing rent, etc. These benefits where paid to me monthly and then off-set by a housing deduction that went to LBI, since LBI or a Lehman affiliate were making the rent payments on my apartment in Hong Kong.

In May of 2008, I moved apartments in Hong Kong and had a free rent period of 6 weeks – during that period LBI, in an accounting error, continued to deduct the housing off-set although no rent was actually paid to a landlord. By the time I discovered the error and agree with LBI on the amount that was deducted that should not have been, the bankruptcy had occurred. I have included supporting emails to this effect. The amount owed to me on a gross basis not counting an interest cost is $34,377.57. This was to be credited as of July, 2008.

Regards,

*Mark Gabbay* (signature)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                    :
                    Debtors.                        :    (Jointly Administered)
                                                    :
-----------------------------------------------------------x

LBH OMNI117 03-25-2011 (MERGE2,TXNUM2) 4000057825 BAR(23) MAIL ID *** 000043626275 *** BSIUSE: 8

GABBAY, MARK
HOUSE 11
51-55 DEEP WATER BAY ROAD
HONG KONG

## THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

## IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, ESQ., AT 212-310-8323.

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)

| CLAIM TO BE DISALLOWED & EXPUNGED | | |
|---|---|---|
| **Creditor Name and Address:**<br>GABBAY, MARK<br>HOUSE 11<br>51-55 DEEP WATER BAY ROAD<br>HONG KONG | **Claim Number:** | 11075 |
| | **Date Filed:** | 9/10/2009 |
| | **Debtor:** | 08-13555 |
| | **Classification and Amount:** | **PRIORITY: $ 13,375.00**<br>**UNSECURED: $ 21,002.57**<br>**TOTAL: $ 34,377.57** |

   PLEASE TAKE NOTICE that, on March 25, 2011, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

   The Objection requests that the Bankruptcy Court disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that it was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

   If you do NOT oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

   If you DO oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. prevailing Eastern Time on May 18, 2011 (the "Response Deadline").

   Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on June 2, 2011 to consider the Objection. The hearing will be held at 10:00 a.m. prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

**If you have any questions about this notice or the Objection, please contact Debtors' counsel, Erika del Nido, Esq., at 212-310-8323.** CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: March 25, 2011
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION