Presentment Date and Time: June 13, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline:  June 13, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                                                   :
In re                                                              :      Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :      08-13555 (JMP)
                                                                   :
                                          Debtors.                 :      (Jointly Administered)
                                                                   :
-------------------------------------------------------------------x

NOTICE OF PRESENTMENT OF APPLICATION
OF THE DEBTORS PURSUANT TO SECTION 327(e)
OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO
EXPAND THE SCOPE OF THEIR RETENTION OF PACHULSKI STANG ZIEHL
& JONES LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 18, 2009

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

Application (the "Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated

debtors in the above-referenced chapter 11 cases (together, the "Debtors") pursuant to section

327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for

authorization to expand the scope of their existing retention of Pachulski Stang Ziehl & Jones

LLP as special counsel, *nunc pro tunc* to September 18, 2009, all as more fully described in the

Application, to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and

signature on **June 13, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn:  Richard P. Krasnow, Esq.; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn:  Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq.; Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th Floor, New York, NY 10017-2024, Attn: Dean A. Ziehl, Esq. and Maria A. Bove, Esq., **so as to be so filed and received by no later than June 13, 2011 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **June 15, 2011, at 10:00 a.m. (Prevailing Eastern**

**Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable

James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

10004-1408.  If an objection is filed the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  May 26, 2011
      New York, New York

                     /s/ Richard P. Krasnow
                     Richard P. Krasnow
                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York 10153
                     Telephone: (212) 310-8000
                     Facsimile: (212) 310-8007

                     Attorneys for Debtors
                     and Debtors in Possession

**Presentment Date and Time: June 13, 2011 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: June 13, 2011 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                 :

**In re**                           :      **Chapter 11 Case No.**
                                 :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :     **08-13555 (JMP)**
                                 :

                   **Debtors.**      :     **(Jointly Administered)**
                                 :
                                 :

---------------------------------------------------------------x

**APPLICATION OF THE DEBTORS PURSUANT**
**TO SECTION 327(e) OF THE BANKRUPTCY CODE AND**
**RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE FOR AUTHORIZATION TO EXPAND THE SCOPE**
**OF THEIR RETENTION OF PACHULSKI STANG ZIEHL & JONES**
**LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 18, 2009**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman"), submit this application to expand the

scope of their existing retention of Pachulski Stang Ziehl & Jones LLP ("Pachulski") as special

counsel, *nunc pro tunc* to September 18, 2009, and respectfully represent:

## Background

1.        Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.        On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.        On January 25, 2011, the Debtors filed a first amended joint chapter 11 plan and disclosure statement [Docket Nos. 14150 and 14151].

## Jurisdiction

6.         This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

7.         Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

8.         Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

## Pachulski's Retention

9.         During the course of these cases Pachulski has previously been providing

legal services with respect to the Representative Matters (as defined below) as special counsel to

the Debtors.

10.         On June 3, 2009, the Debtors filed their *Application Pursuant to Sections*

*327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for*

*Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to*

*LBHI and Lehman Commercial Paper, Inc.* ("LCPI"), *nunc pro tunc* to February 25, 2009 (the

"Engagement Date") with respect to the matters arising in the chapter 11 cases (the "SunCal

Chapter 11 Cases") of Palmdale Hills Property, LLC, et al. (collectively, the "SunCal Debtors"),

which are pending in the Bankruptcy Court for the Central District of California (the "California Bankruptcy Court") under jointly administered Case No. 08-17206.

11.       On June 17, 2009, the Court entered the *Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Special Counsel to the Debtors, nunc pro tunc to the Engagement Date* (the "Retention Order").

12.       Pursuant to the Retention Order, Pachulski has been retained and has been providing services with respect to the following matters (collectively, the "Representative Matters"): (i) representing the Lehman Entities (defined below) in relation to any issues arising with respect to any disclosure statement(s) and plan(s) of reorganization filed by the SunCal Debtors and the Lehman Entities in the SunCal Chapter 11 Cases, including pending and anticipated litigation with respect thereto; (ii) representing the Lehman Entities in relation to prosecuting or defending various other motions, appeals, and other matters arising in the SunCal Chapter 11 Cases to protect the Lehman Entities' rights; and (iii) representing the Lehman Entities in litigation pending against them in the California Bankruptcy Court, entitled *Palmdale Hills Property, LLC v. Lehman ALI, Inc., et al.*, Adv. P. 09-01005 (the "Equitable Subordination Action").  Pachulski's services are limited to matters in the California Bankruptcy Court and any appellate courts with respect to appeals arising in connection with the Representative Matters.

13.       In connection with certain of the Representative Matters, Pachulski is also representing the following non-debtor affiliates of LBHI and LCPI:  Lehman ALI, Inc.; Northlake Holdings LLC; OVC Holdings LLC; LV Pacific Point LLC; LBREP II/Suncal Land Fund Member, LLC; Oak Valley, LLC; SCLV Northlake, LLC; and LB/L DUC III Master LLC (collectively with LCPI, the "Lehman Entities").  Pachulski will not represent the Lehman

Entities with respect to matters pending or that may arise in this Court, other than matters pertaining to Pachulski's employment and matters arising in connection with the SunCal Chapter 11 Cases.

### Relief Requested

14.    The Debtors request authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), to expand the scope of Pachulski's retention to include the prosecution of the following two actions pending in the United States District Court for the Central District of California (the "<u>California Actions</u>"): (i) *Lehman Brothers Bank, FSB v. Beverly Hills Estates Funding, Inc., et al.*, Case No. CV03-2701-DDP;[1] and (ii) *Lehman Brothers Bank, FSB v. U.S. Bank, N.A.*, Case No. CV06-00495-DDP.[2]  The California Actions were filed on behalf of Lehman Brothers Bank, FSB, which is now known as Aurora Bank, FSB ("<u>Aurora</u>").  Aurora is a non-debtor entity and a wholly owned subsidiary of LBHI.

### Scope of Services to be Provided

15.    Subject to further order of this Court, it is proposed that Pachulski continue to advise the Debtors in connection with the California Actions.  At the request of LBHI, Pachulski was retained to replace the firm of Severson & Werson with respect to the representation of

---

[1] The case against Beverly Hills Estates Funding, Inc. ("<u>BHEF</u>") involved a massive fraudulent conspiracy which employed forgery, identity theft, direct written and oral misrepresentations, and wire and mail fraud, to induce Aurora to fund approximately $140 million in fraudulent mortgage loans.  The conspiracy involved mortgage and real estate brokers, appraisers, straw buyers, borrowers, escrow companies, notaries, and property management firms.  The fraud entailed falsified appraisals which overvalued real property security for the loans, false loan applications, multiple HUD-I closing statements, doctored credit reports, and false verifications of rent.

[2] The case against U.S. Bank involves a single loan transaction in the approximate amount of $3,000,000 which was an offshoot of the BHEF conspiracy.  A borrower fraudulently obtained a loan from Aurora for about $3,000,000 using residential property as security.  Aurora foreclosed on the mortgage at a loss of approximately $1.4 million.  The suit seeks to recover from U.S. Bank the difference between the loan amount and the eventual sale price plus related costs, which is currently approximately $1.4 million plus interest.

Aurora in the California Actions.  Subsequently, Pachulski began providing services in connection therewith on September 18, 2009.

16.        It was initially believed that non-debtor Aurora was the appropriate party plaintiff in the California Actions.  However, in April 2011 and after considerable diligence, it was determined by LBHI that the loss, and any recovery, properly belongs to LBHI, not Aurora. Accordingly, LBHI wishes to substitute itself into the case as plaintiff.  As a result of the substitution, any recoveries obtained in the California Actions will now inure to the benefit of LBHI, not Aurora.

### *Nunc Pro Tunc* Approval to September 18, 2009 is Appropriate

17.        The Debtors request authorization for Pachulski's supplemental retention to include the California Actions *nunc pro tunc* to September 18, 2009, to ensure that Pachulski may request compensation for all of its work on such matter, which has provided value to the Debtors' estates.  As described in the supplemental declaration of Dean A. Ziehl that is annexed hereto as Exhibit A (the "Supplemental Ziehl Declaration"), the Debtors initially believed that services would be performed for non-debtor Aurora.  The recent substitution of LBHI as the proper party plaintiff will result in any recoveries obtained in the California Actions to now belong to LBHI and, accordingly, the services performed by Pachulski to date will be for the benefit of the Debtors' estates, rather than non-debtor Aurora.  Once the Debtors determined in April 2011 that LBHI, rather than Aurora, is the proper party plaintiff in the California Actions, Pachulski began to prepare the requisite supplemental retention application to ensure that the California Actions would be included within the scope of the Retention Order and the Representative Matters.

18.        Furthermore, the Debtors have been informed that since September 18, 2009, Pachulski has incurred less than $40,000 of fees and expenses with respect to the California

Actions.  In January 2010 LBHI paid Pachulski approximately $8,750 of the total amount owed.

The Debtors, therefore, will not suffer prejudice as a result of the approval of this Application *nunc pro tunc* to September 18, 2009.

19.    The complex, global nature of these chapter 11 cases and the need for professionals often times to provide immediate services in exigent circumstances has warranted retroactive approval of professional retentions.  Indeed, this Court has granted *nunc pro tunc* approval of the retention of at least twenty-nine other professionals in these cases. [3]  More importantly, the Second Circuit Court of Appeals has held that *nunc pro tunc* retention "should only be granted in narrow situations and requires that (i) if the application had been timely, the court would have authorized the appointment, and (ii) the delay in seeking court approval resulted from extraordinary circumstances."  *In re Keren Ltd. P'Ship*, 189 F.3d 86, 87-88 (2d Cir. 1999); *see also In re Anthony Stylianou*, 2010 Bankr. Lexis 3193 at *15 (Bankr. S.D.N.Y. 2010) (stating the

---

[3]  [Docket No. 4711] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 4927] (approving *nunc pro tunc* appointment dating approximately 24 days prior), [Docket No. 1659] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 7824] (approving *nunc pro tunc* appointment dating approximately 1 year and 4 months prior), [Docket No. 9724] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 5305] (approving *nunc pro tunc* appointment dating approximately 11 months prior), [Docket No. 2547] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 9857] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 5037] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 3072] (approving *nunc pro tunc* appointment dating approximately 2 months), [Docket No. 2925] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 6808] (approving *nunc pro tunc* appointment dating approximately 3 weeks prior), [Docket No. 7825] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [Docket No. 2275] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 2309] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 12204] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10647] (approving *nunc pro tunc* appointment dating approximately 6 months prior), [Docket No. 7044] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 4009] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10677] (approving *nunc pro tunc* appointment dating approximately 5 months prior), [Docket No. 11499] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 2680] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [Docket No. 10949] (approving *nunc pro tunc* appointment dating approximately 7 months prior), [Docket No. 1658] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 8846] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 1660] (approving *nunc pro tunc* appointment dating approximately 2 months prior), [Docket No. 4926] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [Docket No. 12406] (approving *nunc pro tunc* appointment dating approximately 1 month prior), [Docket No. 12497] (approving *nunc pro tunc* appointment dating approximately 1 month prior).

"determination as to whether the *nunc pro tunc* appointment is appropriate is in essence an equitable one, taking into account all relevant circumstances surrounding the party's omission."); *In re Motors Liquidation Company*¸ 2010 Bankr. Lexis 2367 at *28 (Bankr. S.D.N.Y. 2010) (stating that in "exercising its discretion regarding the existence of 'extraordinary circumstances,' a bankruptcy court considers factors such as . . . whether the applicant was under time pressure to begin service without approval"); *see also In re Hasset, Ltd.*, 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002) (approving *nunc pro tunc* retention and recognizing that "*nunc pro tunc* applications are disfavored in this Circuit but have been permitted when the attorney performs services of 'value' to the estate" (internal citations omitted)); *In re Piecuil*, 145 B.R. 777, 779 (Bankr. W.D.N.Y. 1992) (stating that "'it is not unreasonable . . . for the court, in its carefully exercised discretion, to utilize *nunc pro tunc* orders' . . . where the failure to make timely application has been explained and no violation of underlying policy has occurred." (internal citations omitted)).

20.    Based on the foregoing, retroactive approval of Pachulski's retention is warranted under these circumstances.  As discussed above, Pachulski was initially representing non-debtor Aurora in the California Actions, not LBHI.  It was not until April 2011 that the determination was made to substitute LBHI as plaintiff in the California Actions.  In light of the recent substitution, it would not have been possible for Pachulski to file this supplemental application to broaden the scope of the Retention Order and Representative Matters until after the Debtors determined that the substitution of LBHI for Aurora was proper.  This supplemental application was prepared soon after such determination was made.  Additionally, retroactive approval is warranted because upon substitution, LBHI will take the place of Aurora and benefit from any recoveries from the California Actions as if it had been a party to such action at the time Pachulski was originally retained by Aurora to represent it in the California Actions.  Under these

extraordinary circumstances, the Debtors request that Pachulski's supplemental retention to expand

the scope of its services, as described herein, be made effective *nunc pro tunc* to September 18,

2009.

## **Basis for Relief**

21.     The Debtors' knowledge, information, and belief regarding the matters set

forth in this Application are based on and made in reliance upon the (a) Declaration of Dean A.

Ziehl, dated June 3, 2009, that was filed with the Retention Application (the "Original Ziehl

Declaration") and (b) the Supplemental Ziehl Declaration (together with the Original Ziehl

Declaration, the "Ziehl Declarations").

22.     The expansion of the scope of the Debtors' retention of Pachulski with

respect to the California Actions is appropriate under Bankruptcy Code sections 327(e) and

1107(b).  Section 327(e) provides for the appointment of special counsel where the proposed

counsel does not possess any interest materially adverse to the debtor with regard to the matter(s)

that will be handled by counsel.  Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified
> special purpose, other than to represent the trustee in conducting
> the case, an attorney that has represented the debtor, if in the best
> interest of the estate, and if such attorney does not represent or
> hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Moreover, section 1107(b) provides that "a person is not disqualified for

employment under section 327 of this title by a debtor in possession solely because of such

person's employment by or representation of the debtor before the commencement of the case."

11 U.S.C. § 1107(b).

23.     Accordingly, section 327(e) of the Bankruptcy Code authorizes the

retention of counsel who previously represented a debtor prepetition provided that: (a) the

appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. *See, e.g.*, *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994); *In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original). As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to Pachulski and, therefore, the expansion of the scope of its retention should be approved under section 327(e) of the Bankruptcy Code.

### The Expansion of the Scope of the Debtors' Retention of Pachulski is in the Best Interests of the Estates

24.     The Debtors decided to retain Pachulski as special counsel in the California Actions because Pachulski has substantial experience in the aspects of law that may be implicated in the California Actions, including litigation, real estate and fraud issues. In addition, Pachulski has extensive experience and expertise practicing before the United States District Court for the Central District of California. For these reasons, the Debtors submit that the expansion of the scope of their retention of Pachulski to include the California Actions is in the best interests of the Debtors, their estates and their creditors.

### Pachulski Holds No Interest Adverse to the Debtors or the Debtors' Estates With Respect to the Representative Matters

25.     To the best of the Debtors' knowledge, and as set forth in the Ziehl Declarations, Pachulski does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters as to which Pachulski is employed, including the California

Actions.  *See In re AroChem*, 176 F.3d at 622 (emphasizing that, under section 327(e) of the

Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the

proposed retention).  The Debtors have been informed that Pachulski will conduct an ongoing

review of its files to ensure that no disqualifying circumstances arise and, if any new relevant

facts or relationships are discovered, Pachulski will supplement its disclosure to this Court.

26.     Based on the foregoing and on the disclosures set forth in the Original

Ziehl Declaration that has already been filed with this Court, the Debtors believe that Pachulski

does not hold or represent an interest adverse to the Debtors' estates that would impair

Pachulski's ability to perform professional services for the Debtors, objectively and in

accordance with section 327(e) of the Bankruptcy Code, regarding both the Representative

Matters and the California Actions.

## Pachulski Will Not Conduct the Debtors' Bankruptcy Cases

27.     By separate applications, the Debtors have sought and obtained the

Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general

bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel.  By

contrast, Pachulski's postpetition work is comprised solely of the Representative Matters, and is

intended to include the California Actions.  None of these matters involve the conduct of the

bankruptcy cases themselves. Additionally, because Pachulski is not serving as the Debtors'

bankruptcy counsel, the Debtors believe that Pachulski has not rendered "services . . . in

contemplation of, or in connection with the case" within the meaning of section 329(a) of the

Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by

Pachulski will not be duplicative of any bankruptcy-related work performed by other law firms

retained by the Debtors.  Furthermore, Pachulski will coordinate with the Debtors' other

professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

## **Professional Compensation**

28.    The Debtors understand that commencing with work performed on September 18, 2009, Pachulski intends to apply separately to the Court for allowances of compensation and reimbursement of expenses in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] and this Court's Order Appointing Fee Committee and Approving Fee Protocol [Docket No. 3651] and Order Amending Fee Protocol [Docket No. 15998].

29.    For services rendered by Pachulski in these cases, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all guidelines promulgated by the U.S. Trustee, and orders of the Court, propose to pay Pachulski its customary hourly rates that are in effect from time to time.  The rates that are currently in effect are set forth in the schedule annexed hereto as Exhibit B, and the Debtors respectfully submit that such rates are reasonable.

30.    Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**Notice**

31.     No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Application in accordance with the procedures set forth in accordance

with the procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9635] on (i) the

U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) Pachulski Stang Ziehl & Jones LLP; and (vii) all parties who have

requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice

need be provided.

32.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: May 26, 2011
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## EXHIBIT A

**(Supplemental Declaration of Dean A. Ziehl)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

**DECLARATION OF DEAN A. ZIEHL**
**IN SUPPORT OF THE APPLICATION OF THE DEBTORS PURSUANT**
**TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO**
**EXPAND THE SCOPE OF THEIR RETENTION OF PACHULSKI STANG ZIEHL &**
**JONES LLP AS SPECIAL COUNSEL, NUNC PRO TUNC TO SEPTEMBER 18, 2009**

Pursuant to sections 327, 328 and 329 of the Bankruptcy Code, Bankruptcy Rules

2014(a) and 2016(b) and 28 U.S.C. § 1746, Dean A. Ziehl declares:

1.    I am a partner of the firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"),

780 Third Ave., 36th Floor, New York, New York 10017, and am admitted to practice law in the

States of California and New York, as well as the District of Columbia.  I am also admitted to

practice before various district and circuit courts including the Southern District of New York and

the Second Circuit Court of Appeals.

2.    I submit this Declaration in support of the application dated May 26, 2011

(the "Application")[1] filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in

the above-referenced chapter 11 cases (together, the "Debtors") seeking authorization to expand

the scope of their existing retention of PSZJ *nunc pro tunc* to September 18, 2009, as described in

greater detail below and in the Application, and to provide additional disclosures required under

Bankruptcy Rules 2014(a) and 2016(b).  All facts set forth below in this Declaration are based

---

[1] Any capitalized term not defined herein shall have the meaning given to it in the Application.

upon information from, and discussions I or other PSZJ personnel reporting to me have had with, certain of my colleagues and the attorney at PSZJ responsible for conflicts matters.  The facts below are also based on a review of the list provided to PSZJ by Weil, Gotshal & Manges LLP ("WGM"), the Debtors' general bankruptcy counsel (the "Conflicts Checklist") setting forth certain of the creditors and other parties in interest (collectively, the "Interested Parties") of LBHI and its affiliated debtors and debtors in possession in the above-referenced chapter 11 cases (together, the "Debtors") performed by the persons within PSZJ responsible for maintaining records of our representations, with the assistance of attorneys at PSZJ.  Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of PSZJ.

**PSZJ Retention**

3.    On June 17, 2009, the Court entered an order (the "Retention Order") authorizing the employment of PSZJ as special counsel to the Debtors in connection with the Representative Matters (defined below) *nunc pro tunc* to February 25, 2009 (the "Engagement Date").

4.    Pursuant to the Retention Order, PSZJ has been retained and has been providing services with respect to the following matters (collectively, the "Representative Matters"): (i) representing the Lehman Entities (defined below) in relation to any issues arising with respect to any disclosure statement(s) and plan(s) of reorganization filed by the SunCal Debtors and the Lehman Entities in the SunCal Chapter 11 Cases, including pending and anticipated litigation with respect thereto; (ii) representing the Lehman Entities in relation to prosecuting or defending various other motions, appeals, and other matters arising in the SunCal Chapter 11 Cases to protect the Lehman Entities' rights; and (iii) representing the Lehman Entities in litigation pending against them in the California Bankruptcy Court, entitled Palmdale Hills

Property, LLC v. Lehman ALI, Inc., et al., Adv. P. 09-01005.  In connection with certain of the

Representative Matters, PSZJ is also representing the following non-debtor affiliates of LBHI and

LCPI:  Lehman ALI, Inc.; Northlake Holdings LLC; OVC Holdings LLC; LV Pacific Point LLC;

LBREP II/Suncal Land Fund Member, LLC; Oak Valley, LLC; SCLV Northlake, LLC; and LB/L

DUC III Master LLC (collectively with LCPI, the "Lehman Entities").

> 5.     PSZJ has been seeking compensation separately from the foregoing non-

debtor affiliates for services provided since the Engagement Date on their behalf in connection

with the Representative Matters, and has been seeking compensation from the Debtors for services

provided on their behalf since the Engagement Date in connection with the Representative Matters

pursuant to the procedures approved by this Court.

**Expanded Scope of PSZJ Retention**

> 6.     The Debtors seek to expand the scope of PSZJ's retention pursuant to

section 327(e) of the Bankruptcy Code, *nunc pro tunc* to September 18, 2009, to include the

prosecution of the following two actions pending in the United States District Court for the Central

District of California (the "California Actions"):  (i) *Lehman Brothers Bank, FSB v. Beverly Hills

Estates Funding, Inc., et al.*, Case No. CV03-2701-DDP and (ii) *Lehman Brothers Bank, FSB v.

U.S. Bank, N.A.*, Case No. CV06-00495-DDP.   The California Actions were filed on behalf of

Lehman Brothers Bank, FSB which is now known as Aurora Bank, FSB ("LBB").  LBB is a non-

debtor entity and a wholly owned subsidiary of LBHI.

> 7.     PSZJ has substantial experience in the aspects of law implicated in the

California Actions, including litigation and fraud issues.  In addition, PSZJ has extensive

experience and expertise practicing before the United States District Court for the Central District

of California.  Accordingly, I believe that PSZJ is both well qualified and uniquely able to provide

the services described below and that its retention with respect to the California Actions is in the best interest of the Debtors' estates, its creditors and other parties in interest.

8.    At the request of LBHI, PSZJ was retained to replace the firm of Severson & Werson with respect to the representation of LBB in the California Actions. Subsequently, PSZJ began providing services in connection therewith on September 18, 2009.

9.    Originally it was believed that non-debtor LBB was the appropriate party plaintiff in the California Actions. However, in April 2011 and after considerable research, it was determined by LBHI that the loss, and any recovery, properly belongs to LBHI, not LBB. Accordingly, LBHI wishes to substitute itself into the case as plaintiff. As a result of the substitution, any recoveries obtained in the California Actions now will inure to the benefit of LBHI, not LBB. At the time of PSZJ's retention in connection with the California Actions, the Debtors and PSZJ concluded that they were not required to expand the scope of PSZJ's employment under the Retention Order because PSZJ was providing services to a nondebtor entity, LBB. However, after recently concluding that LBHI is the proper plaintiff, the Debtors and PSZJ promptly began preparing this Application.

10.    As of September 18, 2009, at the Debtors' request, PSZJ performed services and incurred expenses in connection with the California Actions. Pursuant to the Application, the Debtors request *nunc pro tunc* approval of PSZJ's supplemental retention for the provision of services in connection with such matters as of September 18, 2009. With the substitution of LBHI as the proper party plaintiff, any recoveries obtained in the California Actions will belong to LBHI and, accordingly, the services performed by PSZJ to date were for the benefit of the Debtors' estates.

11.     To date, PSZJ has incurred less than $40,000 of fees and expenses with respect to services provided in the California Actions.  Of this amount, approximately $8,750 were paid to PSZJ in January 2010 by LBHI.

**Disclosures of PSZJ**

12.     To check and clear potential conflicts of interest in these cases, as well as to determine all "connections"[2] to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee, PSZJ researched its client database for the past two years to determine whether it had any relationships with the Interested Parties.  To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor PSZJ, nor any partner or associate thereof, has any connection with the Debtors, their creditors, the U.S. Trustee or any other parties with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth in the Original Ziehl Declaration.  Further, to the best of my knowledge, PSZJ does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the California Actions other than those set forth in the Original Ziehl Declaration.

13.     The Debtors are a large global enterprise with thousands of parties in interest.  PSZJ (a) may from time to time have represented, (b) may currently represent, and (c) may in the future represent many entities that are parties in interest in these cases in matters unrelated to the Debtors.  I do not understand Bankruptcy Rule 2014(a) or other applicable law to require disclosure of each present or future engagement PSZJ receives from a party in interest as long as it is unrelated to these cases.  PSZJ intends to accept engagements from other parties in

---

[2] To the best of my knowledge, neither the term "connection" as used in Bankruptcy Rule 2014 nor the proper scope of a professional's search for "connections" has been completely defined, and I am therefore required to exercise some degree of professional judgment in applying that term to the facts of which I am aware, as well as in defining the scope of how to search for such facts. Out of an abundance of caution, I may be disclosing items that are not, in my judgment, disqualifying or problematic under either the Bankruptcy Code or applicable standards of professional ethics.

interest (whether existing or new clients).  As described above, PSZJ has undertaken a detailed

search to determine whether it represents, or has represented in the last two years, any of the

Interested Parties listed on the Conflicts Checklist, and the identities of such entities and such

entities' relationship to the Debtors and connection to PSZJ is set forth herein.  PSZJ, however,

does not and will not represent any of the Interested Parties with respect to the matters for which

PSZJ is being retained hereunder.

14.    Despite the efforts described above to identify and disclose connections with

parties in interest in these cases, because the Debtors are a large enterprise with many creditors and

other relationships, and PSZJ is unable to state with certainty that every client connection of PSZJ

has been disclosed.  In this regard, if PSZJ discovers additional information that requires

disclosure, PSZJ will file supplemental disclosures with the Court.

**Professional Services Compensation**

15.    PSZJ intends to apply for compensation for professional services rendered

in connection with these chapter 11 cases subject to approval of the Bankruptcy Court and in

compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by PSZJ for all services

performed and expenses incurred as of September 18, 2009 in connection with the California

Actions.

16.    For services rendered by Pachulski in these cases, the Debtors, subject to the

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all guidelines

promulgated by the U.S. Trustee, and orders of the Court, propose to pay Pachulski its customary

hourly rates that are in effect from time to time.  The rates that are currently in effect are set forth

in the schedule annexed to the Application as Exhibit B.

17.     To the best of my knowledge and belief, insofar as I have been able to

ascertain after reasonable inquiry, neither I nor PSZJ, nor any partner or associate thereof, has

received or been promised any compensation for legal services rendered or to be rendered in any

capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the

Bankruptcy Code.  PSZJ has not agreed to share compensation received in connection with these

cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and

Bankruptcy Rule 2016(b) in respect of the sharing of compensation among PSZJ's partners.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Dated:  May 25, 2011

Dean A. Ziehl

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT B

## (Hourly Rates)

# HOURLY BILLING RATES FOR ATTORNEYS AND PARALEGALS OF
## PACHULSKI STANG ZIEHL & JONES LLP
### JANUARY 2011 RATES

| Attorneys | Billing Rate |
|---|---|
| Richard M. Pachulski | $950.00 |
| James I. Stang | $895.00 |
| Dean A. Ziehl | $895.00 |
| Laura Davis Jones | $895.00 |
| Robert J. Feinstein | $895.00 |
| Jeremy V. Richards | $850.00 |
| Robert B. Orgel | $850.00 |
| Ira D. Kharasch | $850.00 |
| Alan J. Kornfeld | $825.00 |
| Richard J. Gruber | $825.00 |
| Andrew W. Caine | $825.00 |
| Debra Grassgreen | $795.00 |
| Henry C. Kevane | $795.00 |
| Jeffrey N. Pomerantz | $795.00 |
| Linda F. Cantor | $795.00 |
| John A. Morris | $795.00 |
| David J. Barton | $775.00 |
| Stanley E. Goldich | $775.00 |
| David M. Bertenthal | $775.00 |
| Iain A.W. Nasatir | $750.00 |
| Kenneth H. Brown | $750.00 |
| John D. Fiero | $725.00 |
| James E. Mahoney | $725.00 |
| James K.T. Hunter | $725.00 |
| Samuel R. Maizel | $725.00 |
| Steven J. Kahn | $725.00 |
| Ellen M. Bender | $725.00 |
| Daryl G. Parker | $725.00 |
| Bruce Grohsgal | $705.00 |
| Maxim B. Litvak | $675.00 |
| Bradford J. Sandler | $675.00 |
| Shirley S. Cho | $650.00 |
| Harry D. Hochman | $650.00 |
| Victoria A. Newmark | $650.00 |
| James E. O'Neill | $650.00 |
| Joshua M. Fried | $650.00 |
| Jeffrey W. Dulberg | $625.00 |
| Maria Bove | $625.00 |
| Scotta E. McFarland | $595.00 |
| Gina F. Brandt | $595.00 |
| Jonathan J. Kim | $595.00 |
| Malhar S. Pagay | $595.00 |
| Jeffrey Kandel | $595.00 |
| Michael R. Seidl | $595.00 |
| Jason S. Pomerantz | $595.00 |
| Mary D. Lane | $575.00 |
| Gail S. Greenwood | $575.00 |
| Robert M. Saunders | $575.00 |
| Beth E. Levine | $575.00 |
| Jeffrey P. Nolan | $575.00 |
| Nina L. Hong | $575.00 |

| Curtis A. Hehn | $575.00 |
|---|---|
| Gabrielle A. Rohwer | $575.00 |
| Werner Disse | $550.00 |
| Erin Gray | $550.00 |
| Gillian N. Brown | $550.00 |
| William L. Ramseyer | $550.00 |
| Pamela E. Singer | $550.00 |
| Miriam Khatiblou | $550.00 |
| Ilan D. Scharf | $550.00 |
| Elissa A. Wagner | $525.00 |
| Timothy P. Cairns | $495.00 |
| John W. Lucas | $495.00 |
| Kathleen P. Makowski | $475.00 |
| Teddy M. Kapur | $475.00 |
| Cia H. Mackle | $425.00 |
| Jason H. Rosell | $395.00 |
| Peter J. Keane | $345.00 |

| Paralegals | Billing Rate |
|---|---|
| Denise A. Harris | $255.00 |
| Kathleen F. Finlayson | $255.00 |
| Beth D. Dassa | $255.00 |
| Shawn A. Quinlivan | $255.00 |
| Patricia J. Jeffries | $255.00 |
| Monica A. Molitor | $255.00 |
| Felice S. Harrison | $255.00 |
| Jorge Rojas | $250.00 |
| Louise Tuschak | $245.00 |
| Karina K. Yee | $245.00 |
| Patricia E. Cuniff | $245.00 |
| Margaret L. Oberholzer | $245.00 |
| Cheryl A. Knotts | $235.00 |
| Michael A. Matteo | $220.00 |
| Thomas J. Brown | $220.00 |
| Kati L. Suk | $200.00 |
| John F. Bass | $175.00 |
| Andrew C. Sahn | $175.00 |
| Law Library Dir. | Billing Rate |
| Leslie A. Forrester | $275.00 |

| Law Clerks/Clerks | Billing Rate |
|---|---|
| Rita M. Olivere | $175.00 |
| Sheryle L. Pitman | $175.00 |
| Dina K. Whaley | $175.00 |
| Beatrice M. Koveleski | $175.00 |
| Charles J. Bouzoukis | $165.00 |
| Andrea R. Paul | $165.00 |
| Karen S. Neil | $165.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                            :
In re                                                       :        Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :        08-13555 (JMP)
                                                            :
                            Debtors.                        :        (Jointly Administered)
                                                            :
------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 327(e)
## OF THE BANKRUPTCY CODE AUTHORIZING THE EXPANSION
## OF SCOPE OF THE DEBTORS' RETENTION OF PACHULSKI STANG ZIEHL &
## JONES LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 18, 2009

Upon consideration of the application, dated May 26, 2011 (the "Application"),[1]

of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to

section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand

the scope of the Debtors' retention of Pachulski Stang Ziehl & Jones LLP ("Pachulski") as

special counsel to the Debtors *nunc pro tunc* to September 18, 2009; and upon the affidavit and

the declarations of Dean A. Ziehl, a partner of Pachulski, that have been filed with this Court

(collectively, the "Ziehl Declarations"); and the Court being satisfied, based on the

representations made in the Application and the Ziehl Declarations, that Pachulski represents no

interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is

to be engaged, under section 327 of the Bankruptcy Code as modified by section 1107(b); and

the Court having jurisdiction to consider the Application and the relief requested therein in

---

[1]  Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the
    Application.

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided in accordance with the procedures set forth in the amended

order entered June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9635] on (i) the United States Trustee for Region 2; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties

who have requested notice in these chapter 11 cases, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to expand the scope of their retention of Pachulski as special counsel to the

Debtors to include the California Actions, *nunc pro tunc* to September 18, 2009, in accordance

with Pachulski's customary rates in effect from time to time and its disbursement policies; and it

is further

ORDERED that Pachulski shall apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines

established by the U.S. Trustee, and such other procedures that have been or may be fixed by

order of this Court, including but not limited to the Court's Third Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

[Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee

Protocol [Docket No. 3651]; and it is further

ORDERED, that Pachulski shall be reimbursed only for reasonable and necessary

expenses as provided by the Amended Guidelines for Fees and Disbursements for Professionals

in the Southern District of New York, dated November 25, 2009, and the United States Trustee

Fee Guidelines; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this

Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.


Dated:  [            ], 2011
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE