**Hearing Date/Time: June 28, 2011 at 10:00 a.m.**
          **Objection Deadline: May 27, 2011 at 4:00 p.m.**

Jeff J. Friedman
Joel W. Sternman
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8776

*Attorneys for Federal Home Loan Bank of New York*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS, INC., | : | (Jointly Administered) |
| *et al.*, | | |
| | : | |
|       Debtors. | | |

-----------------------------------------------------------x

**LIMITED OBJECTION OF FEDERAL HOME LOAN BANK OF
NEW YORK TO THE DEBTORS' DISCLOSURE STATEMENT
FOR FIRST AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN
BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS
<u>PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE</u>**

Federal Home Loan Bank of New York ("<u>FHLBNY</u>"), as and for its limited objection (the "<u>Limited Objection</u>") to the Debtors' Disclosure Statement (defined below), respectfully represents as follows:

**LIMITED OBJECTION**

1. On January 25, 2011, Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "<u>Debtors</u>") filed the First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "<u>Debtors' Plan</u>") and the Debtors' Disclosure Statement for the First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated

Debtors Pursuant to Section 1125 of the Bankruptcy Code (the "Debtors' Disclosure Statement") with respect to the Debtors' Plan.

2. FHLBNY has asserted a claim against Lehman Brothers Special Financing, Inc. ("LBSF") for approximately $65 million due under a terminated ISDA master agreement between LBSF and FHLBNY, dated as of April 5, 2000 (the "Agreement"). LBSF's obligations under the Agreement were guaranteed by LBHI. FHLBNY has also asserted a claim for approximately $65 million against LBHI based on the guarantee. Such claims fall within the definitions of "Derivative Claims" and "Derivative Guarantee Claims" under the Debtors' Plan.

3. In the Disclosure Statement, the Debtors indicate that the "Allowed amount of Derivative Claims will be determined in accordance with the Derivative Claims Framework." *See* Disclosure Statement at p. 4. The Debtors further indicate that they "intend to file a motion in the Bankruptcy Court seeking approval of the Derivative Claims Framework and authorization to calculate the Allowed amount of Derivative Claims and Derivative Guarantee Claims in accordance with the methodology set forth in the Derivative Claims Framework." *See* Disclosure Statement at p. 6. As of the date hereof, such motion has not been filed.

4. The Derivative Claims Framework is intended by the Debtors to provide a single, uniform method of calculated Derivative Claims and Derivative Guarantee Claims that is alleged to comply both with the law and the underlying contracts. *See* Disclosure Statement at p. 85. If approved by the Court, "the Derivative Claims Framework will be binding on all parties and the Allowed amounts of all Derivative Claims and Derivative Guarantee Claims that are subject to the Derivative Claims Framework will be calculated and determined for purposes of voting and Distribution in the Plans of LBHI, . . . [and] LBSF . . ." *See* Disclosure Statement at pp. 89-90. Further, pursuant to the Disclosure Statement "[t]he Plan Administrator will not reserve for any

2

84531999_1

portion of a Derivative Claim or Derivative Guarantee Claim that is not calculated in accordance with the Derivative Claims Framework." *Id.* Indeed, the Derivative Claims Framework is so integral to the Debtors' Plan that entry of an order approving the Derivative Claims Framework "in form and substance satisfactory to the Debtors and the Creditors' Committee" is a condition precedent to confirmation of the Debtors' Plan. *See* Disclosure Statement at p. 119.

5.    The importance of the Derivative Claims Framework to the holders of Derivative Claims and Derivative Guarantee Claims cannot be understated; it is an integral component of the Debtors' Plan and the Disclosure Statement does not contain adequate information without an explanation of how the Derivatives Claim Framework will work and its affect on the holders of such claims. Further, having complete information regarding the structure of the Derivative Claims Framework is essential to such claimants' ability to understand how the Debtors propose to treat the Derivative Claims and the Derivative Guarantee Claims. Despite this, the Debtors have not yet filed a motion seeking approval of the Derivative Claims Framework or otherwise provided it to the holders of Derivative Claims and the Derivative Guarantee Claims.

6.    Absent a thorough explanation of the Derivative Claims Framework, the holders of such claims have no ability to understand how their claims will be treated under the Debtors' Plan. Accordingly, absent appropriate amendment to the Disclosure Statement, it fails to contain "adequate information" as would enable a "hypothetical investor . . . to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1); *see also In re Ionosphere Clubs, Inc.,* 184 B.R. 648, 650 (S.D.N.Y. 1995).

## RESERVATION OF RIGHTS

7.      FHLBNY expressly reserves its right to supplement this Limited Objection with additional or further objections to the Disclosure Statement and to respond to any replies of the Debtors to this Limited Objection either in pleadings filed with this Court or at oral argument.

## CONCLUSION

8.      The Disclosure Statement, absent a full explanation of the Derivative Claims Framework, does not provide adequate information to enable claimants such as FHLBNY to understand the implications of the Debtors' Plan and make an informed judgment regarding its vote on the Debtors' Plan.  Therefore, the Disclosure Statement cannot be approved.

WHEREFORE, FHLBNY respectfully requests that the Court deny approval of the Disclosure Statement and grant such other and further relief as is just and proper.

Dated: May 26, 2011

Katten Muchin Rosenman LLP

By:    /s/ *Jeff J. Friedman*
       Jeff J. Friedman
       Joel W. Sternman
       575 Madison Avenue
       New York, New York 10022
       Telephone: (212) 940-8800
       Facsimile: (212) 940-8776

*Attorneys for Federal Home Loan Bank of New York*

84531999_1

# **CERTIFICATE OF SERVICE**

I, Jeff J. Friedman, of full age, hereby certify to the Court as follows:

1. I am a member of the firm of Katten Muchin Rosenman LLP, and duly admitted to practice before this Court.

2. On May 26, 2011, I served copies of the attached document on the parties on the annexed service list via Federal Express Overnight Mail.

3. The statements made by me herein are true. I am aware that, if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 26, 2011

                                                                             */s/ Jeff J. Friedman*
                                                                              Jeff J. Friedman

84531999_1

**In re: Lehman Brothers Holdings, Inc., et. al
Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered)**

**SERVICE LIST**

Hon. James M. Peck
United States Bankruptcy Court
Southern District of New York
One Bowling Green
Courtroom 601
New York, NY 10004

**Attorneys for the Debtors**
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:  Harvey R. Miller, Esq.
         Lori R. Fife, Esq.
         Alfredo R. Perez, Esq.

**U.S. Trustee**
Office of the United States Trustee
For Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn:  Tracy Hope Davis, Esq.
         Elisabetta Gasparini, Esq.
         Andrew Schwartz, Esq.

**Attorneys for the Official Committee of Unsecured Creditors**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Attn:  Dennis F. Dunne, Esq.
         Dennis O'Donnell, Esq.
         Evan Fleck, Esq.

**Attorneys for the Ad Hoc Group**
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
Attn:  Gerard Uzzi, Esq.
         Christopher Shore, Esq.

**Attorneys for the Derivative Plan Proponents**
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022
Attn:  Joshua Dorchak, Esq.

Bingham McCutchen LLP
One Federal Street
Boston, MA 02110
Attn:  Sabin Willett, Esq.

Brown Rudnick LLP
One Financial Center
Boston, MA 02111
Attn:  Steven L. Levine, Esq.

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Attn:  Howard R. Hawkins, Jr., Esq.

Cadwalader, Wickersham & Taft LLP
700 Sixth Street, N.W.
Washington, DC 20001
Attn:  Mark C. Ellenberg, Esq.

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn:  Thomas J. Moloney, Esq.
         Sean A. O'Neal, Esq.

Clifford Chance LLP
31 West 52nd Street
New York, NY 10019-6131
Attn: Andrew Brozman, Esq.

6

84531999_1

Cravath Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Attn:  Richard Levin, Esq.

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Attn:  Bruce Bennett, Esq.
      Monika S. Wiener, Esq.

Dewey LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Attn:  Irena M. Goldstein, Esq.

Paul, Weiss, Rifkind, Wharton
& Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Attn:  Jeffrey D. Saferstein, Esq.
      Alan K. Kornberg, Esq.