Response Deadline: May 27, 2011 at 4:00 p.m. (Eastern Time)*
*As adjourned by Debtors' counsel
Hearing Date and Time: June 2, 2011 at 10:00 a.m. (Eastern Time)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Thomas P. Ogden
James I. McClammy

*Counsel for International Finance Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
In re                                 : Chapter 11
                                      :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*, : Case No. 08-13555 (JMP)
                                      :
           Debtors.                   : (Jointly Administered)
                                      :
------------------------------------- x

### RESPONSE OF INTERNATIONAL FINANCE CORPORATION TO DEBTORS' ONE HUNDRED TWENTY NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVE CLAIMS)

International Finance Corporation ("**IFC**"), by and through its undersigned counsel, hereby submits this response (the "**Response**") to the *Debtors' One Hundred Twenty Ninth Omnibus Objection to Claims*, dated April 18, 2011 [Docket No. 16114] (the "**Objection**"), and in support thereof respectfully states as follows:

#### FACTUAL BACKGROUND

1. On February 11, 1999, IFC and Lehman Brothers Special Financing, Inc. ("**LBSF**") entered into a 1992 ISDA Master Agreement (as amended, modified or supplemented from time to time, together with all

schedules, exhibits and annexes thereto) (the "**Master Agreement**"). On February 11, 1999, IFC and Lehman Brothers Holdings, Inc. ("**LBHI**") entered into a guarantee agreement (the "**Guarantee**"), under which LBHI unconditionally and irrevocably guaranteed to IFC the obligations of LBSF under the Master Agreement.

2. Commencing on September 15, 2008, and periodically thereafter, LBHI, and certain of its subsidiaries, including LBSF (collectively, the "**Debtors**"), commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On September 16, 2008, in exercise of its rights under Section 6(a) of the Master Agreement, IFC provided LBSF with a notice designating September 17, 2008 as the Early Termination Date[1] in respect of the Master Agreement and all outstanding Transactions thereunder (the "**Notice of Early Termination**").

4. On October 22, 2008, pursuant to Section 6(d)(i) of the Master Agreement, IFC provided LBSF with a statement setting forth IFC's calculations of the Early Termination Amount (the "**Valuation Statement**").

5. On July 2, 2009, this Court entered the *Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice*

---

[1] Capitalized terms used herein and not otherwise defined have the meanings given to them in the Master Agreement.

*Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "**Bar Date Order**"), which set forth procedures for filing proofs of claim in these chapter 11 cases, including claims based on Derivative Contracts.[2] The Bar Date Order provided that holders of claims based on Derivative Contracts must, *inter alia*, "complete [an] electronic Derivative Questionnaire" and provide "supporting documentation." (Bar Date Order at 7.) The Bar Date Order further provided that holders of "claim[s] against a Debtor based on amounts owed pursuant to a ... 'Guarantee'" must, *inter alia*, "complete [an] electronic Guarantee Questionnaire" and provide "supporting documentation and evidence of the underlying claim amount." (*Id.*)

6. On September 21, 2009, pursuant to the Bar Date Order, IFC filed (i) a proof of claim against LBSF (Claim No. 21858) seeking recovery under the Master Agreement in the amount of $3,343,311 (the "**LBSF Proof of Claim**") and (ii) a proof of claim against LBHI (Claim No. 21863) seeking recovery under the Guarantee in the amount of $3,343,311 (the "**LBHI Proof of Claim**," together with the LBSF Proof of Claim, the "**IFC Claims**"). Both proofs of claim were accompanied by an addendum asserting certain additional claims for damages, fees, costs and/or expenses incurred by IFC in connection with the relevant debtor's failure to perform its obligations under the relevant agreement.

7. On October 19, 2009, pursuant to the Bar Date Order, IFC submitted a completed Derivative Questionnaire and a completed Guarantee

---

[2] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code ...." (*See* Bar Date Order at 6.)

3

Questionnaire, as well as the following supporting documentation: the Master Agreement; the Guarantee; the Notice of Early Termination, and evidence of the delivery thereof; the Valuation Statement; individual trade-level detail with respect to the six transactions comprising the Valuation Statement; information regarding the date and identity of quotations received from Reference Market-makers or other persons concerning five of the six transactions; copies of the requests for quotation that IFC sent to several Reference Market-makers in connection with the Market Quotation process for the sixth transaction (IFC Ref. No. 03-79); and any responses that IFC received from such Reference Market-makers declining to provide such quotations prior to IFC's deadline for calling the bond issue that this transaction was hedging.

8. On April 18, 2011, the Debtors filed the Objection. The Objection seeks to have the IFC Claims "disallowed and expunged," on the basis that they "provide no basis of liability as to the Debtors." (Objection ¶ 2.) Specifically, the Objection states that "[a]fter a review of [IFC's] supporting documentation and the Debtors' books and records, the Debtors have determined that, based on the fair, accurate, and reasonable values of [the Master Agreement] and the netting provisions thereunder, the Debtors do not owe any amounts to [IFC]." (*Id.*) The Objection avers that IFC may "actually owe money to the Debtors based on [the Master Agreement]." (*Id.*) The Objection contemplates that the Debtors may, "[i]n an effort to resolve differences between the Debtors and [IFC]," initiate alternative dispute resolution procedures approved by this Court in either the *Affirmative Dispute Resolution Procedures Order for Affirmative Claims of*

*Debtors Under Derivatives Contracts*, dated September 17, 2009 [Docket No. 5207] or the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, dated April 19, 2010 [Docket No. 8474].

### ARGUMENT

**Applicable Legal Standard**

9.     A properly filed proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re DJK Residential LLC*, 416 B.R 100, 104 (Bankr. S.D.N.Y. 2009). The burden then shifts to the debtor to "produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency." *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. 2008) (quoting *In re Spiegel, Inc.*, No. 03-11540, 2007 U.S. Dist. LEXIS 45589, 2007 WL 2456626, *15 (Bankr. S.D.N.Y. Aug. 22, 2007)). Should the debtor succeed in producing such evidence, the burden "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id.*

**The Debtors Have Produced No Evidence in Support of Their Objection**

10.     The Debtors have produced no evidence to support their Objection, let alone evidence sufficient to "refute at least one of the allegations . . . essential" to the IFC Claims. *Alper Holdings*, 2008 Bankr. LEXIS 86, at *10. The Debtors simply state, without further explanation or discussion, that based on their determination of the "fair, accurate, and reasonable value" of the Master Agreement, they do not owe any amounts to IFC. (Objection ¶ 2.)

5

11.  The Debtors claim to have "utilize[d] a thorough, multi-step process to review claims filed against the Debtors . . . ." (*Id.* ¶ 13.) But they offer no supporting documentation to substantiate this assertion, and no analysis discussing their methodology or explaining their conclusion. IFC has in fact already requested such documentation and analysis, and was awaiting a response to these requests at the time at which the Debtors filed the Objection.

12.  The Debtors further claim that they have "engage[d] in, to the extent the holder [has been] willing to so engage, lengthy negotiations with the [holder] that are often very detailed and may extend over a period of months." (*Id.*) To the contrary, while the Debtors have had limited discussions with IFC, the Objection was filed prior to the Debtors honoring their promise to provide IFC with the basis for the Debtors' calculations. Indeed, to date no such response has been provided.

13.  IFC is open to such negotiations and is prepared to review and substantively respond to any documentation and analysis provided by the Debtors, should it be forthcoming.

**The Debtors' Proposed Approach Is Prejudicial to IFC**

14.  Instead, the Debtors seek to have the IFC Claims dissolved and expunged upfront. Only later, and only in the event that the Debtors elect to initiate alternative dispute resolution procedures, will IFC be given the opportunity to evaluate and potentially critique the Debtors' methodology. This is prejudicial to IFC – as well as to all other claimants subject to the Objection – and

runs contrary to the express provisions of the Bankruptcy Code and Bankruptcy Rules. *See, e.g.*, Code Section 502(b); Fed. R. Bankr. P. 3001(f), 9014.

**IFC Has Proved the Validity of Its Claim**

15. Should the Court nonetheless find that the Objection has caused the burden of proof to revert to IFC, IFC respectfully submits that it has met its burden. The IFC Claims, Derivative Questionnaire, Guarantee Questionnaire, and the supporting materials submitted therewith, more than adequately prove the validity of the IFC Claims. The IFC Claims were calculated pursuant to the methodology stipulated in the Master Agreement. The Debtors have provided no justification for deviating from that methodology or for doubting the resultant calculations.

16. Should the Court find that IFC has not yet met its burden, IFC: (a) requests discovery from the Debtors as to their valuation of the IFC Claims; (b) reserves the right to amend this Response; and (c) requests, if necessary, a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amounts of the IFC Claims.

17. IFC reserves all rights with respect to the IFC Claims. Any failure to respond to the Objection on a particular ground or grounds shall not be construed as a waiver of the right to respond on any additional grounds.

## CONCLUSION

18. For the reasons stated herein, IFC respectfully requests that this Court overrule the Objection; allow the IFC Claims in the amount filed, plus

amounts as yet unliquidated; and grant such other, further relief as this Court deems just and proper.

Dated: New York, New York
May 26, 2011

Davis Polk & Wardwell LLP

By: _____
Thomas P. Ogden
James I. McClammy

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Thomas P. Ogden
James I. McClammy

*Counsel for International Finance Corporation*