**Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Mindy J. Spector
Peter Gruenberger
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
---------------------------------------------------------------------x
```

## NOTICE OF DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases (together, the "Debtors") for authorization to extend the stay of avoidance actions and

grant certain related relief, all as more fully described in the Motion, will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "Bankruptcy Court"), on **June 15, 2011 at 10:00 a.m. (Prevailing**

**Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York

10153, Attn: Mindy J. Spector, Esq., Peter Gruenberger, Esq. and Jacqueline Marcus, Esq.,

attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Elisabetta

Gasparini, Esq. and Andrea Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1

Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck,

Esq. and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors

appointed in these cases; and (v) any person or entity with a particularized interest in the Motion,

so as to be so filed and received by no later than **June 8, 2011 at 4:00 p.m. (Prevailing Eastern

Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 27, 2011
      New York, New York

/s/ Jacqueline Marcus
Mindy J. Spector
Peter Gruenberger
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Mindy J. Spector
Peter Gruenberger
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                        :
                        Debtors.        :    (Jointly Administered)
                                        :
-------------------------------------------------------------------x
```

### DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors," and collectively with their non-Debtor affiliates, "Lehman"), submit this motion (the "Motion"), and respectfully represent:

### Preliminary Statement

1.    On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced the largest and most complicated chapter 11

cases in history.  As the Court is aware, as a result of the more than 80 insolvency proceedings that have been commenced with respect to the Debtors' foreign affiliates, the frenetic circumstances under which the Debtors' chapter 11 cases were commenced, and the sale of Lehman's North American capital markets business to Barclays Capital Inc. within days of LBHI's filing, access to Lehman's integrated global financial support and data system was literally shut down and had to be rebuilt.  As a result, the Debtors' review and analysis of prepetition transactions has been extremely difficult, time consuming, and complicated.

2.      Notwithstanding the obstacles, the Debtors and the Creditors' Committee (defined below) diligently investigated thousands of transactions to determine whether any payments or transfers of the Debtors' interests in property constitute preferential, fraudulent and/or unauthorized transfers that may be avoided under sections 544, 545, 547, 548, 549, 550 and/or 553 of title 11 of the United States Code (the "Bankruptcy Code").  Accordingly, to prevent the loss of avoidance causes of action prior to the expiration of the applicable two-year statute of limitations, the Debtors commenced over 50 actions seeking to avoid or recover significant transfers with respect to over 240 transactions.[1]  In addition, the Debtors entered into tolling agreements with more than 200 third parties.

3.      Pursuant to the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [Docket No. 12199] (the "Initial Stay Order"), the Court stayed all Avoidance Actions for nine (9) months (the "Stay").  In addition, the Initial Stay Order

---

[1] A schedule of the pending actions involving avoidance claims of the Debtors is attached as Exhibit A to the proposed order.  The relief requested by this Motion is with respect to all actions involving avoidance claims of the Debtors under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code – those that have already been commenced and any additional avoidance action commenced hereinafter by the Debtors (collectively, the "Avoidance Actions").

extended the Debtors' deadline to effect service on the Avoidance Action Defendants to 180

days after the filing of a complaint, without prejudice to seek further extensions.  On March 3,

2011, the Court entered the *Order Granting Extension of Deadline for Service of Avoidance*

*Actions to June 30, 2011* [Docket No. 14779] (the "<u>Service Extension Order</u>"), to enable the

Debtors to complete discovery to obtain information necessary to identify parties and service

details in certain of the Avoidance Actions.  The extended service deadlines, in conjunction with

the Stay, have proven invaluable, affording the Debtors necessary time conduct discovery so as

to obtain critical service information, particularly as to parties in foreign jurisdictions.

4.       While the Debtors have made substantial progress in both consensually

resolving Avoidance Actions during the Stay and successfully identifying and effecting service

on the majority of defendants to Avoidance Actions (the "<u>Avoidance Action Defendants</u>") during

the service extensions, the process has been time consuming and complicated.  In order to fulfill

their fiduciary duties in the completion of this enormous effort, the Debtors require more time to

continue negotiating with Avoidance Action Defendants to consensually resolve the multitude of

Avoidance Actions that remain pending, as well as to obtain the information necessary to

complete service on those Avoidance Action Defendants who remain to be served.

5.       The Debtors therefore request a further nine (9) month extension of the

Stay to April 20, 2012 and an extension until the later of August 30, 2011 or the time otherwise

prescribed by the Bankruptcy Rules to complete service of the applicable summons and

complaint on the Avoidance Action Defendants, and certain related relief.  The relief requested

will enable the Debtors to continue their efforts toward consensually resolving the Avoidance

Actions, while avoiding the enormous costs and burdens to all parties and the Court associated

with prematurely pursuing active litigation in the Avoidance Actions.  If the Stay is not

extended, the Debtors will be forced to divert their resources from negotiating and soliciting acceptances regarding a confirmable chapter 11 plan and actively pursuing consensual resolutions of the Avoidance Actions to responding to discovery demands, engaging in motion practice and preparing for contested proceedings and trials.  Not only would wide-scale litigation of the Avoidance Actions at this juncture drain the Debtors' resources, it would also monopolize the Court's docket and potentially delay confirmation of a chapter 11 plan.

### Jurisdiction

6.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

7.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

9.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

10.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

On March 11, 2010, the Examiner filed its report with the Court [Docket No. 7531].

11.     On September 17, 2009, the Court entered the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts* [Docket No. 5207], approving alternative dispute resolution ("ADR") procedures for the Debtors' derivative contracts with recovery potential (the "Derivatives ADR Procedures"). Under the Derivatives ADR Procedures, the Debtors have recovered more than $734 million new dollars for their estates and in 79 ADR settlements with 90 counterparties, all without litigation.

12.     On January 25, 2011, the Debtors filed their first amended joint chapter 11 plan [Docket No. 14150] (as it may be further amended, the "Plan") and disclosure statement for their first amended joint chapter 11 plan pursuant to section 1125 of the Bankruptcy Code [Docket No. 14151] (as it may be further amended, the "Disclosure Statement"). The hearing to consider the Disclosure Statement currently is scheduled for [July 20, 2011].

## Lehman's Business

13.     Prior to the events leading up to these chapter 11 cases, the Debtors were the fourth largest investment bank in the United States. For more than 150 years, the Debtors have been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide

14.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

15.    Pursuant to section 105(a) of the Bankruptcy Code and Rule 4(m) of the
Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Bankruptcy
Rule 7004(a)(1), the Debtors request a further nine (9) month extension of the Stay to April 20,
2012 and an extension until the later of August 30, 2011 or the time otherwise prescribed by the
Bankruptcy Rules to complete service of the applicable summons and complaint on the
Avoidance Action Defendants, without prejudice to the Debtors' ability to request further
extensions.

## The Court Should Exercise its Discretion and Extend the Stay

16.    The Court has the power to extend the Stay and should exercise its
discretion to do so.  Pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue
any order, process, or judgment that is necessary or appropriate to carry out the provisions of"
the Bankruptcy Code. 11 U.S.C. § 105(a).  "[T]he power to stay proceedings is incidental to the
power inherent in every court to control the disposition of the causes on its docket with economy
of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S.
248, 254 (1936); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998).
Bankruptcy courts have this inherent power.  *See Uni-Rty Corp. v. Guangdong Bldg., Inc. (In re
Uni-Rty Corp.)*, No. 96 Civ 4573 (DAB), 1998 WL 299941, at *7 (S.D.N.Y. June 9, 1998); *In re
Hagerstown Fiber Ltd. P'ship*, 277 B.R. 181, 199 (Bankr. S.D.N.Y. 2002) (court has inherent
power to stay proceedings before it, particularly where stay will promote judicial economy);
*Kistler v. Cleveland (In re Cleveland)*, 353 B.R. 254, 260 (Bankr. E.D. Cal. 2006) (staying
adversary proceeding pursuant to court's inherent power to stay proceedings before it); *Swift v.
Bellucci (In re Bellucci)*, 119 B.R. 763, 770 (Bankr. E.D. Cal. 1990) ("a bankruptcy court has the
inherent power to control its docket, including controlling the timing of proceedings on that

docket").  The determination whether a stay of proceedings is appropriate "calls for the exercise

of judgment, which must weigh competing interests and maintain an even balance."  *Landis*, 299

U.S. at 254-55.

17.    The Avoidance Actions had to be commenced to preserve significant

causes of action and to fulfill the Debtors' fiduciary duties to maximize value for creditors.

Having commenced the Avoidance Actions and preserved their rights, the Debtors have utilized

a practical approach to the Avoidance Actions that has to date minimized (and, in some cases,

eliminated) the costs and burdens to all parties that would be incurred by full-blown litigation of

these matters.  The Debtors have made substantial progress with respect to the Avoidance

Actions during the Stay.  The Debtors and the Creditors' Committee have pursued amicable

resolutions with the Avoidance Action Defendants including by communicating and negotiating

with Avoidance Action Defendants through, among other things, the exchange of relevant

documentation, evaluation of potential defenses, and consummation of settlements or dismissal

of actions.  As a result of these efforts, the Debtors, in consultation with the Creditors'

Committee, have resolved Avoidance Actions, as well as avoidance claims subject to tolling

agreements, with more than 140 parties, including through settlements, dismissal of complaints,

and termination of tolling agreements, without commencing time-consuming and costly

litigation.  Thus, to date, the Stay has promoted judicial economy and minimized the burdens on

the Court from the prosecution of these actions.

18.    The Stay also has permitted the Debtors to employ innovative procedures

as an alternative to litigation to efficiently administer these cases.  On March 3, 2011, the Court

entered the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of the*

*Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties* [Docket

No. 14789] (the "SPV Derivatives ADR Order").  The ADR procedures authorized pursuant to

the SPV Derivatives ADR Order have been critical to the Debtors' ability to implement ADR in

the context of the Avoidance Actions related to special purpose vehicles (each, an "SPV").

19.    The motion seeking entry of the SPV Derivatives ADR Order was filed

originally in November, but due to negotiations with the Creditors' Committee and other parties,

such order was not entered until March.  The Debtors have already commenced ADR

proceedings in connection with over 50 defendants named in the Avoidance Actions.[2]  In

addition, the Debtors have settled with over 40 defendants in connection with the transactions at

issue in the Avoidance Actions involving SPV derivative matters, much of which may not have

been possible without the Stay.  The Stay and the extended service deadlines have enabled the

Debtors to identify and serve the appropriate parties so as to allow the Debtors to pursue

resolution of these matters, and the Stay has permitted the Debtors to effect such results without

costly and burdensome litigation.  Further extension of the Stay and the service deadlines are

critical to the Debtors' continued efforts towards consensual resolutions.

20.    Recently, on May 18, 2011, the Court entered the *Order Pursuant to*

*Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing the Debtors to*

*Implement Procedures for the Settlement of Avoidance Claims* [Docket No. 16940] (the

"Avoidance Settlement Procedures Order").  The Avoidance Settlement Procedures Order

authorizes the Debtors to settle certain Avoidance Actions (including tolled claims) outside the

courtroom and, accordingly, obviates the need for separate motions under Bankruptcy Rule 9019

for certain settlements.  An extension of the Stay promotes the purposes served by the Avoidance

Settlement Procedures Order, including expediting the resolution of Avoidance Actions and

---

[2] In addition, the Debtors currently are involved in an several ADR proceedings related to Avoidance Actions under the Derivatives ADR Procedures.

minimizing what could be a considerable burden on the Court's docket.  Without an extension of

the Stay, the impact of the Avoidance Settlement Procedures Order will be diluted.

        21.     This Court already has exercised its discretion under section 105(a) of the

Bankruptcy Code to manage its docket in these cases and, more importantly, issue the Stay in the

first instance.  As the Court has noted, the Stay was "designed to benefit the entire administration

of the Lehman cases" and is "beneficial."  Tr. of Hr'g, Feb. 16, 2011, at 147:20-21, 24.

Extending the Stay of the Avoidance Actions will allow the Debtors to continue their progress in

pursuing consensual resolutions of claims – whether by settlement or dismissal as appropriate –

with minimized costs.  There has been no prejudice to the Avoidance Action Defendants from

the Stay and other relief requested herein, and such defendants will suffer no prejudice from an

extension of the Stay as they will not need to expend time and resources defending the lawsuits.

All rights of the parties will be preserved while the stay is in effect.  Moreover, as has been the

case since the issuance of the Initial Stay Order, the Avoidance Action Defendants have the right

to move the Court for a modification of the Stay for good cause shown at any time.

        22.     Absent extension of the Stay, the Debtors would be forced to litigate all of

these matters, which will be costly and could take years to complete.  In addition, the Debtors

have been negotiating and pursuing approval of the Disclosure Statement and confirmation of the

Plan, and, in connection therewith, the Debtors have established a comprehensive protocol for

the conduct of discovery in connection with the chapter 11 plan process.  The sheer number and

complexity of the Avoidance Actions will require substantial resources and would force the

Debtors to simultaneously respond to discovery demands, motions to dismiss and other

dispositive motions and to participate in contested matters and trials, while diverting vital

resources from their chapter 11 plan efforts and related discovery process.  Extending the Stay

and providing the Debtors with an opportunity to try to achieve settlements with the Avoidance

Action Defendants, including with respect to potential claim objections that the Debtors could

assert against such parties, is a far better alternative than immediate litigation.

23.     Although the Debtors' chapter 11 cases are unprecedented in terms of

their size and complexity, relief similar to the relief granted in the Initial Stay Order and

requested herein has been granted by this Court in other large chapter 11 cases. *See In re Delphi

Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Aug. 16, 2007) [Docket No. 9105] (order

authorizing stay of approximately 740 avoidance actions and granting other related relief,

including ability to amend complaints during pendency of stay and extending deadline for

service of process); *In re Enron Corp. et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. May 5,

2004) [Docket No. 18230] (order issuing 90-day stay of discovery in approximately 1,100

avoidance actions to enable the debtors to develop procedures for conducting discovery in a

coordinated and efficient manner).

24.     Extending the Stay is in the best interests of the Debtors, their estates and

creditors and should be approved.  For all of the reasons that the Court authorized Stay in the

first instance as well as the considerable progress the Debtors have made in consensually

resolving the Avoidance Actions, the Court should exercise its discretion here and extend the

Stay.

## The Court Should Extend the Deadline for Service of Process

25.     The Federal Rules of Civil Procedure state that when a plaintiff shows

good cause, "the court must extend the time for service for an appropriate period."  FED. R. CIV.

P. 4(m).  "In determining whether good cause is shown, a court should consider (1) the

reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants

from the delay." *American Int'l Tel., Inc. v. Mony Travel Serv.*, 203 F.R.D. 95, 97 (S.D.N.Y. 2001). Furthermore, courts readily extend the service deadlines in cases, such as these, that involve service in foreign jurisdictions. Rule 4(m) of the Federal Rules of Civil Procedure expressly contemplates that the service deadline may be extended for service outside the United States. FED. R. CIV. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(l)."); *In re South African Apartheid Litigation*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009) ("the 120-day time period for service can be extended for service outside of the United States") (quotations and citations omitted)). A significant number of the defendants are located in foreign jurisdictions, making service of process more difficult and time consuming.

26.     The Debtors have demonstrated "reasonableness and diligence" in serving many of the foreign and domestic defendants to date. The Avoidance Actions are comprised of three broad categories: (i) derivatives litigation in which the underlying assets have not been distributed to noteholders (the "Non-Distributed Actions"); (ii) derivatives litigation in which some or all of the proceeds of the transactions have been distributed to noteholders (the "Distributed Action"); and (iii) avoidance actions involving trade vendors and loan participants (the "Trade Vendors and Loan Actions").

27.     The Non-Distributed Actions involve 233 defendants, service for all of which has been completed. The service deadline extensions have been crucial in enabling the Debtors to obtain the requisite information to effect and complete service on Avoidance Action Defendants in the Non-Distributed Actions.

28.     For the Distributed Action, Debtor Lehman Brothers Special Financing, Inc. ("LBSF") asserted claims against the noteholders of collateralized debt obligation

transactions as a defendant class action, with 83 noteholder defendants (many of which are foreign entities), 8 trustee defendants, 48 issuer defendants (43 of which are foreign entities), and 36 co-issuer defendants named as class representatives, and countless unnamed class members.[3] Prior to the Service Extension Order, LBSF had served all of the trustee defendants, the issuer defendants, and the co-issuer defendants. Since the Service Extension Order, LBSF has served 66 of the 83 noteholder defendants. Of the remaining noteholder defendants, 9 entities will be served through Requests for Judicial Assistance (Letters Rogatory) in Austria and Taiwan.[4] Additional discovery is still necessary to complete service upon the remaining noteholder defendants, as well as to identify the remaining class members.

29.    Although LBSF has served a majority of the named defendants, pursuant to the Court's order of October 25, 2010 granting LBSF's motion for expedited discovery, LBSF has been and continues to be engaged in the time-consuming, multi-step discovery process required to identify and/or confirm the identities and addresses of all noteholders who received the challenged distributions.[5] The discovery received by LBSF to date has provided valuable information necessary for the completion of service on the named defendants. LBSF expects to

---

[3] The Stay has been critical in enabling the Debtors to conduct the painstaking discovery required to identify the unnamed defendant class members subject to the Distributed Action. Absent the Stay, litigation of the Distribution Action may have commenced before the Debtors were able to discover such class members' identities and name them as defendants. To date, the Debtors have discovered the identities of over 90 class members. These class members will be identified in the relevant actions, and service will be effected on them.

[4] LBSF electronically filed Applications for Issuance of International Letters of Request on March 4 and 7, 2011. The Court executed the orders for the Letters of Request for International Judicial Assistance on May 18, 2011. These orders are currently being translated and will be served through appropriate international channels immediately. LBSF will endeavor to complete service on all remaining foreign defendants during the extension of the service deadline, but the Debtors have been advised that, as to service on defendants in Australia and Taiwan, completion of service may take as long as four or five months. As to such defendants, the Debtors may need to seek a limited further extension to complete service.

[5] The discovery process is fully described in the *Debtors' Motion, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), for an Extension of Deadline for Service of Avoidance Actions to June 30, 2011*, dated February 14, 2011 [Docket No. 14487].

receive further confirmatory information regarding the named noteholder defendants in addition

to the names and addresses of currently unknown noteholders.  For instance, since the Service

Extension Order, LBSF has identified approximately 48 additional entities as potential

noteholders who have received the challenged distributions.  Without the benefit of the Stay and

extended service deadlines, LBSF could not have engaged in the extensive discovery efforts

required to (i) more definitely ascertain the group of distributed noteholders to be named as class

representatives and (ii) serve process upon all named class representatives and provide notice of

the action to all class members involved in the distributed transactions.

       30.     There are currently 18 complaints pending in the Trade Vendors and Loan

Actions.  While the Debtors have completed service as to the defendants in these actions, the

Debtors currently are either engaged in, or are pursuing, negotiations with respect to each named

defendant.  As the Debtors believe these negotiations are likely to result in a resolution of the

complaints, the Debtors have elected to conserve resources of the estate by focusing on resolving

those matters, and the Stay has provided the Debtors with needed breathing room to pursue such

resolutions.[6]

       31.     An extension of the service deadline will not prejudice any of the

Avoidance Action Defendants.  All of the Avoidance Actions are currently stayed pursuant to the

Initial Stay Order, and should the Court grant the instant Motion, the Avoidance Actions will

continue to be stayed.  Therefore, the defendants who are served following an extension of the

service deadline will be in the same position as those parties who have already been served.

Moreover, one of the central purposes of the Stay is to give the Debtors an opportunity to pursue

amicable resolutions of the Avoidance Actions.  The extension of the service deadline will

---

[6] There is an additional complaint as to transfer of a dividend payment.  Service has been completed as to the
defendants named in this complaint.

13

further this purpose by giving the Debtors adequate time to contact each defendant and initiate discussions regarding resolution.

32.     Finally, because a large number of the Avoidance Action Defendants are located in foreign jurisdictions, as explained above, an extension of the service deadline should be permitted, as contemplated by Rule 4(m) of the Federal Rules of Civil Procedure.  Service in foreign jurisdictions is a complicated and time consuming process which justifies the requested extension.

33.     In short, there is good cause to grant the Debtors' request for an extension of the current service deadline until the later of August 30, 2011 or the time otherwise prescribed by the Bankruptcy Rules.  The Debtors have worked diligently to serve the Avoidance Action Defendants, none of whom will be prejudiced by the extension.  Moreover, the extension is justified because a large number of the defendants are located in foreign jurisdictions, which has slowed and complicated the Debtors' efforts to effect service.

34.     In addition to the service extensions issued in these cases, similar relief has been granted by this Court in other large chapter 11 cases.  *See In re Quebecor World (USA), Inc.*, Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. July 1, 2010) [Docket No. 4039] (order extending service of process deadline by 60 days with respect to certain avoidance actions); *Id.*, Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. Aug. 26, 2010) [Docket No. 4105] (decision on the record further extending service of process deadline by 6 months with respect to certain foreign avoidance action defendants); *In re Ames Dep't Stores, Inc.*, Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Feb 3, 2004) [Docket No. 2524] (order extending service of process deadline by approximately 120 days with respect to certain preference actions).

## Notice

35.     No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Motion in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties

who have requested notice in these chapter 11 cases; and (vii) all known and identified

Avoidance Action Defendants or their agents or representatives, except for defendants to

Avoidance Actions that have been settled or dismissed.

## Conclusion

36.     For the reasons set forth herein, the Motion should be granted.  The

proposed scope of the Stay is (i) balanced and fair, (ii) does not modify the substantive rights of

any of the Avoidance Action Defendants, and (iii) promotes settlements at minimal costs to the

estates as well as the Avoidance Action Defendants.  The progress made by the Debtors in

consensually resolving the Avoidance Actions shows that Stay represents a sensible approach to

promote the efficient resolution of these disputes, without costly litigation and unnecessary

expenditure of estate and judicial resources, and the extension of the Stay, therefore, benefits all

parties in interest.  In addition, an extension of the service deadline will further this purpose by

giving the Debtors adequate time to serve and contact each defendant and initiate discussions

regarding resolution.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated:  May 27, 2011
        New York, New York

/s/ Jacqueline Marcus
Mindy J. Spector
Peter Gruenberger
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                   :
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*       :        **08-13555 (JMP)**
                                                   :
                              **Debtors.**          :        **(Jointly Administered)**
                                                   :
                                                   :
--------------------------------------------------------------------x

### ORDER EXTENDING THE STAY OF AVOIDANCE ACTIONS AND GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

Upon the motion, dated May 27, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together, the "Debtors"), pursuant to section 105(a) of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil

Procedures, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), to extend the stay for each of the adversary

proceedings identified on Exhibit A hereto and any other avoidance actions that may be

commenced by the Debtors under sections 544, 545, 547, 548, 549, 550 and/or 553 of the

Bankruptcy Code (collectively, the "Avoidance Actions") and to grant certain related relief, all

as more fully described in the Motion; and the Court having jurisdiction to consider the Motion

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having entered the *Order Staying Avoidance Actions and Granting Certain Related Relief*

*Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated

October 20, 2011 [Docket No. 12199] (the "Initial Stay Order"); and due and proper notice of the

Motion having been provided in accordance with the procedures set forth in the amended order

entered June 17, 2010 governing case management and administrative procedures [Docket No.

9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for

the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) each of

the known and identified defendants to the Avoidance Actions or their agents or representatives

(the "Avoidance Action Defendants"), and it appearing that no other or further notice need be

provided; and a hearing having been held to consider the relief requested in the Motion; and the

Court having found and determined that the relief sought in the Motion is in the best interests of

the Debtors, their estates and creditors, and all parties in interest and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED that the Stay imposed by the Initial Stay Order is hereby extended for

a period of nine (9) months to April 20, 2012; and it is further

      ORDERED that the Debtors shall have until the later of August 30, 2011 or the

time otherwise prescribed by the Bankruptcy Rules to complete service of the applicable

summons and complaint on each of the Avoidance Action Defendants, without prejudice to the

Debtors' ability to request further extensions; and it is further

ORDERED that, except as set forth herein, all other terms and provisions of the

Initial Stay Order shall remain unaltered and in full force and effect; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: June __, 2011
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**(Schedule of Pending Avoidance Actions)**

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| 10-03542 (JMP) | **TRUSTEE DEFENDANTS**<br><br>U.S. BANK NATIONAL ASSOCIATION<br>BANK OF AMERICA NATIONAL ASSOCIATION<br>DEUTSCHE BANK TRUST COMPANY AMERICAS<br>THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION<br>WELLS FARGO BANK NATIONAL ASSOCIATION<br><br>**ISSUER DEFENDANTS**<br><br>AIRLIE CDO I, CORP.<br>AIRLIE CDO I, LTD.<br>AIRLIE LCDO I (AVIV LCDO 2006-3)<br>CORP, AIRLIE LCDO I (AVIV LCDO 2006-3), LTD.<br>AIRLIE LCDO II (PEBBLE CREEK 2007-1), CORP.<br>AIRLIE LCDO II (PEBBLE CREEK 2007-1), LTD.<br>AVIV LCDO 2006-1, CORP.<br>AVIV LCDO 2006-1, LTD.<br>AVIV LCDO 2006-2, CORP.<br>AVIV LCDO 2006-2, LTD.<br>BALBOA CDO I, CORP.<br>BALBOA CDO I, LTD.<br>BELLE HAVEN ABS CDO 2005-1, LLC<br>BELLE HAVEN ABS CDO 2005-1, LTD.<br>BELLE HAVEN ABS CDO 2006-1, LLC<br>BELLE HAVEN ABS CDO 2006-1, LTD.<br>EXUM RIDGE CBO 2006-1, CORP.<br>EXUM RIDGE CBO 2006-1, LTD.<br>EXUM RIDGE CBO 2006-2, CORP.<br>EXUM RIDGE CBO 2006-2, LTD.<br>EXUM RIDGE CBO 2006-4, CORP.<br>EXUM RIDGE CBO 2006-4, LTD.<br>EXUM RIDGE CBO 2006-5, CORP.<br>EXUM RIDGE CBO 2006-5, LTD.<br>EXUM RIDGE CBO 2007-1, CORP.<br>EXUM RIDGE CBO 2007-1, LTD.<br>EXUM RIDGE CBO 2007-2, CORP.<br>EXUM RIDGE CBO 2007-2, LTD.<br>GEMSTONE CDO VI CORP.<br>GEMSTONE CDO VI LTD.<br>GREYSTONE CDO SERIES 2008-4 LLC<br>GREYSTONE CDO SPC, FOR THE ACCOUNT OF THE SERIES 2008-4 SEGREGATED PORTFOLIO<br>PEBBLE CREEK LCDO 2006-1, CORP.<br>PEBBLE CREEK LCDO 2006-1, LTD.<br>PEBBLE CREEK LCDO 2007-3, LLC<br>PEBBLE CREEK LCDO 2007-3, LTD.<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06- 1-I TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-1-II TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-1-III TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-2-I TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-2-II TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-18-C ABX-A06-2-III TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-20AT TRUST<br>SGS HY CREDIT FUND I (EXUM RIDGE CBO 2006-3), LTD.<br><br>TRADEWINDS II CDO SERIES 2006-1 LLC<br>TRADEWINDS II CDO SPC, FOR THE ACCOUNT OF THE SERIES 2006-1 SEGREGATED PORTFOLIO<br>WHITE MARLIN CDO 2007-1, CORP.<br>WHITE MARLIN CDO 2007-1, LTD |
| 10-03544 (JMP) | THE BANK OF NEW YORK MELLON TRUST CO., NATIONAL ASSOCIATION, as Trustee<br>LIBERTY SQUARE CDO I, CORP.<br>LIBERTY SQUARE CDO I, LTD. |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| | LIBERTY SQUARE CDO II, LTD.<br>LIBERTY SQUARE CDO II, CORP., as Issuers |
| 10-03545 (JMP) | **TRUSTEE DEFENDANTS**<br><br>THE BANK OF NEW YORK MELLON CORPORATION<br>BNY CORPORATE TRUSTEE SERVICES LIMITED<br><br>**ISSUER DEFENDANTS**<br><br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2005-2<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2005-7<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2005- 11<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2005-14<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2005-16<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-5<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-6<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-10<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-11<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-13<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-14<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-15<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-16<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2006-17<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-1<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-2<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-3<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-4<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-5<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-7<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-8<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-10<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-11<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-13<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-14<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-15<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-16<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-17<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2007-19<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-2<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-3<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-4<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-5<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-6<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-7<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-8<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-9<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-10<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-11<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-12<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-13<br>BERYL FINANCE LTD. AS ISSUER OF SERIES 2008-14<br>DIADEM CITY CDO LTD. AS ISSUER OF SERIES 2008-1<br>DIADEM CITY CDO LTD. AS ISSUER OF SERIES 2008-2<br>DIADEM CITY CDO LTD. AS ISSUER OF SERIES 2008-3<br>JUPITER QUARTZ FINANCE PLC AS ISSUER OF SERIES 2004-1<br>JUPITER QUARTZ FINANCE PLC AS ISSUER OF SERIES 2004-2<br>LION CITY CDO LTD. AS ISSUER OF SERIES 2006-1<br>LION CITY CDO LTD. AS ISSUER OF SERIES 2006-2<br>LION CITY CDO LTD. AS ISSUER OF SERIES 2006-3<br>LION CITY CDO LTD. AS ISSUER OF SERIES 2006-5<br>ONYX FUNDING LTD. AS ISSUER OF SERIES 2004-1<br>ONYX FUNDING LTD. AS ISSUER OF SERIES 2005-1 |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| | ONYX FUNDING LTD. AS ISSUER OF SERIES 2006-1<br>ONYX FUNDING LTD. AS ISSUER OF SERIES 2008-1<br>PEARL FINANCE PLC AS ISSUER OF SERIES 2003-6<br>PEARL FINANCE PLC AS ISSUER OF SERIES 2003-8<br>QUARTZ FINANCE PLC AS ISSUER OF SERIES 2003-1<br>QUARTZ FINANCE PLC AS ISSUER OF SERIES 2003-3<br>QUARTZ FINANCE PLC AS ISSUER OF SERIES 2003-4<br>QUARTZ FINANCE PLC AS ISSUER OF SERIES 2005-1<br>QUARTZ FINANCE PLC AS ISSUER OF SERIES 2005-2<br>RUBY FINANCE PLC AS ISSUER OF SERIES 2004-2<br>RUBY FINANCE PLC AS ISSUER OF SERIES 2004-3<br>RUBY FINANCE PLC AS ISSUER OF SERIES 2006-5<br>RUBY FINANCE PLC AS ISSUER OF SERIES 2007-3<br>RUBY FINANCE PLC AS ISSUER OF SERIES 2008-1<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2004-4<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2004-12<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2005-1<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2005-3<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2005-4<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2005-10<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2005-11<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2006-2<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2006-3<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2006-10<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2007-5<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2007-7<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2007-9<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-1<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-6<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-7<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-8<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-9<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-10<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-11<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-12<br>SAPHIR FINANCE PLC AS ISSUER OF SERIES 2008-13<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-1<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-2<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-3<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-5<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-6<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-8<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-9<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-10<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-14<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-15<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-16<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-17<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-18<br>ZIRCON FINANCE LTD. AS ISSUER OF SERIES 2007-19 |
| 10-03546 (JMP) | THE BANK OF NEW YORK MELLON TRUST CO. NATIONAL ASSOCIATION, as Trustee<br>TIAA STRUCTURED FINANCE CDO I, LTD., as Issuer<br>TIAA STRUCTURED FINANCE CDO I, LLC, as Co-Issuer |
| 10-03547 (JMP) | TRUSTEE DEFENDANTS<br><br>BANK OF AMERICA NATIONAL ASSOCIATION<br>THE BANK OF NEW YORK MELLON NATIONAL ASSOCIATION<br>BNY CORPORATE TRUSTEE SERVICES LTD.<br>CITIBANK, N.A. |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>U.S. BANK NATIONAL ASSOCIATION<br>U.S. BANK TRUST NATIONAL ASSOCIATION<br>WELLS FARGO BANK NATIONAL ASSOCIATION<br><br>ISSUER DEFENDANTS<br>801 GRAND CDO SPC, f/a/o THE SERIES 2006-1, as Issuer<br>801 GRAND CDO SERIES 2006-1 LLC, as Co-issuer<br>801 GRAND CDO SPC, f/a/o THE SERIES 2006-2, as Issuer<br>801 GRAND CDO SERIES 2006-2 LLC, as Co-issuer<br>ALTA CDO SPC, f/a/o THE SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>ALTA CDO LLC, FOR SERIES 2007-1, as Co-issuer<br>ALTA CDO SPC, f/a/o THE SERIES 2007-2 SEGREGATED PORTFOLIO, as Issuer<br>ALTA CDO LLC, FOR SERIES 2007-2, as Co-issuer<br>BARTON SPRINGS CDO SPC, f/a/o THE SERIES 2005-1 SEGREGATED PORTFOLIO, as Issuer<br>BARTON SPRINGS CDO SERIES 2005-1 LLC, as Co-Issuer<br>BARTON SPRINGS CDO SPC, f/a/o THE SERIES 2005-2 SEGREGATED PORTFOLIO, as Issuer<br>BARTON SPRINGS CDO SERIES 2005-2 LLC, as Co-issuer<br>BLUE POINT CDO SPC, f/a/o THE SERIES 2005-1 SEGREGATED PORTFOLIO, as Issuer<br>BLUE POINT CDO SERIES 2005-1 LLC, as Co-issuer<br>BLUE POINT CDO SPC, f/a/o THE SERIES 2005-2 SEGREGATED PORTFOLIO, as Issuer<br>BLUE POINT CDO SERIES 2005-2 LLC, as Co-issuer<br>CHERRY HILL CDO SPC, f/a/o THE SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>CHERRY HILL CDO LLC THE SERIES 2007-1, as Co-issuer<br>CHERRY HILL CDO SPC, f/a/o THE SERIES 2007-2 SEGREGATED PORTFOLIO, as Issuer<br>CHERRY HILL CDO LLC FOR SERIES 2007-2, as Co-issuer<br>COPPER CREEK CDO SPC, f/a/o SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>COPPER CREEK CDO LLC, as Co-issuer<br>CROWN CITY CDO 2005-1 LIMITED, as Issuer<br>CROWN CITY CDO 2005-1 LLC, as Co-Issuer<br>CROWN CITY CDO 2005-2 LIMITED, as Issuer<br>CROWN CITY CDO 2005-2 LLC, as Co-issuer<br>FREEDOM PARK CDO SERIES 2005-1 LIMITED, as Issuer<br>FREEDOM PARK CDO SERIES 2005-1 LLC, as Co-issuer<br>FULLERTON DRIVE CDO LIMITED, as Issuer<br>FULLERTON DRIVE CDO LLC, as Co-issuer<br>GREYSTONE CDO SPC, f/a/o THE SERIES 2006-1 SEGREGATED PORTFOLIO, as Issuer<br>GREYSTONE CDO SERIES 2006-1 LLC, as Co-issuer<br>GREYSTONE CDO SPC, f/a/o THE SERIES 2006-2 SEGREGATED PORTFOLIO, as Issuer<br>GREYSTONE CDO SERIES 2006-2 LLC, as Co-issuer<br>JEFFERSON VALLEY CDO SPC, f/a/o THE SERIES 2006-1 SEGREGATED PORTFOLIO, as Issuer<br>JEFFERSON VALLEY CDO SERIES 2006-1 LLC, as Co-Issuer<br>KINGS RIVER LIMITED, as Issuer<br>KINGS RIVER LLC, as Co-issuer<br>LAKEVIEW CDO SPC, f/a/o THE SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>LAKEVIEW CDO LLC SERIES 2007-1, as Co-issuer<br>LAKEVIEW CDO SPC, f/a/o THE SERIES 2007-2 SEGREGATED PORTFOLIO, as Issuer<br>LAKEVIEW CDO LLC, f/a/o THE SERIES 2007-2 SEGREGATED PORTFOLIO, as Co-issuer<br>LAKEVIEW CDO SPC, f/a/o THE SERIES 2007-3 SEGREGATED PORTFOLIO, as Issuer<br>LAKEVIEW CDO LLC, f/a/o THE SERIES 2007-3 SEGREGATED PORTFOLIO, as Co-issuer<br>PANTERA VIVE CDO SPC, f/a/o THE SERIES 2007-1, as Issuer<br>PANTERA VIVE CDO LLC, as Co-issuer<br>PEBBLE CREEK LCDO 2007-2, LTD., as Issuer<br>PEBBLE CREEK LCDO 2007-2, LLC, as Co-issuer<br>PENN'S LANDING CDO SPC, f/a/o THE SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>PENN'S LANDING CDO LLC, as Co-issuer<br>PHOENIX 2002-1 LIMITED, as Issuer<br>PHOENIX 2002-1 LLC, as Co-issuer<br>PHOENIX 2002-2 LIMITED, as Issuer<br>PYXIS ABS CDO 2007-1 LTD., as Issuer<br>PYXIS ABS CDO 2007-1 LLC, as Co-issuer<br>QUARTZ FINANCE PLC, as Issuer |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| | RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2005-19-C TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2005-21-C TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-1-C TRUST<br>RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2007-4-C TRUST<br>RAACLC TRUST, SERIES 2003-A<br>RUBY FINANCE PLC, f/a/o THE SERIES 2006-4, as Issuer<br>RUBY FINANCE PLC, f/a/o THE SERIES 2007-1, as Issuer<br>SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LIMITED SPC,<br>  f/a/o THE SERIES 2007-1 FEDERATION A-1 SEGREGATED PORTFOLIO, as Issuer<br>SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LIMITED SPC,<br>  f/a/o THE SERIES 2007-1 FEDERATION A-2 SEGREGATED PORTFOLIO, as Issuer<br>SOLAR V CDO SPC, f/a/o THE SERIES 2007-1 SEGREGATED PORTFOLIO, as Issuer<br>SOLAR V CDO LLC, as Co-issuer<br>STOWE CDO SPC, f/a/o THE SERIES 2006-1SEGREGATED PORTFOLIO, as Issuer<br>STOWE CDO SERIES 2006-1 LLC, as Co-issuer<br>STOWE CDO SPC, f/a/o THE SERIES 2008-2A SEGREGATED PORTFOLIO, as Issuer<br>STOWE CDO LLC, as Co-issuer<br>SUNSET PARK CDO LIMITED SPC, f/a/o THE SERIES 2005-5 SEGREGATED PORTFOLIO, as Issuer<br>SUNSET PARK CDO SERIES 2005-5 LLC, as Co-issuer<br>SUNSET PARK CDO SERIES 2005-6 LIMITED, as Issuer<br>SUNSET PARK CDO SERIES 2005-6 LLC, as Co-issuer<br>SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LIMITED SPC,<br>  f/a/o THE SERIES 2007-1 TABSPOKE (07-1 40-100) SEGREGATED PORTFOLIO, as Issuer<br>SERIES 2007-1 TABSPOKE (07-1 40-100) LLC, as Co-issuer<br>TAVARES SQUARE CDO LIMITED, as Issuer<br>TAVARES SQUARE CDO LLC, as Co-issuer<br>TAYLOR CREEK LIMITED, as Issuer<br>TAYLOR CREEK LLC, as Co-issuer<br>VOX PLACE CDO LIMITED, as Issuer<br>VOX PLACE CDO LLC, as Co-issuer<br><br>NOTEHOLDER DEFENDANTS<br><br>AC CAPITAL PARTNERS LTD.<br>ACA FINANCIAL GUARANTY CORPORATION<br>ASTERI GROUP LTD.<br>BABSON CAPITAL MANAGEMENT<br>BANCO CREDITO DEL PERU<br>BANK OF CHINA<br>THE BANK OF FUKUOKA, LTD.<br>BARCLAYS BANK PLC<br>BASIS YIELD ALPHA CAPITAL<br>BASIS CAPITAL PTY LIMITED<br>BLUE CROSS BLUE SHIELD<br>BEAR STEARNS ASSET MANAGEMENT<br>BENEFICIAL LIFE INSURANCE CO.<br>BLACKROCK, INC.<br>CALYON NEW YORK<br>CANADIAN IMPERIAL BANK OF COMMERCE<br>CENTRAL REINSURANCE CORP.<br>CHEYNE CAPITAL MANAGEMENT (UK) LLP<br>CITIGROUP ALTERNATIVE INVESTMENTS LLC<br>CSFB ALTERNATIVE CAPITAL I<br>CSFB CDO-CITI<br>THE DAEGU BANK, LTD.<br>DELAWARE INVESTMENT ADVISORS INC.<br>DELAWARE MANAGEMENT BUSINESS TRUST<br>DELPHI FINANCIAL GROUP, INC.<br>DEXIA, EDISON INTERNATIONAL<br>ELLIOT ASSOCIATES, L.P.<br>EQUITY GROUP, INC.<br>ETHIAS SA |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| | FAR GLORY LIFE INSURANCE CO., LTD.<br>FAXTOR SECURITIES BV<br>GARADEX INC.<br>GARLAND INVESTMENT MANAGEMENT INC.<br>GATEX PROPERTIES INC.<br>GOLDMAN SACHS US MORTGAGES SAI FUND<br>GORDON RAUSSER<br>GORDON RAUSSER (DEFINED BENEFIT PENSION PLAN)<br>GORDON RAUSSER (IRA)<br>KUO HUA LIFE INSURANCE, LTD.<br>IKB DEUTSCHE INDUSTRIEBANK<br>INTERNATIONAL BANK OF TAIPEI<br>IRON FINANCIAL<br>JA HOKKAIDO SHINREN<br>KOREA'S NATIONAL AGRICULTURAL COOPERATIVE FEDERATION<br>MAGNETAR CAPITAL<br>MBIA CAPITAL MANAGEMENT CORPORATION<br>MKP CAPITAL MANAGEMENT LLC<br>MODERN WOODMEN<br>MONEYGRAM USA<br>THE OCEANIC HEDGE FUND<br>OHIO PUBLIC EMPLOYEE RETIREMENT SYSTEM<br>OMICRON INVESTMENT MANAGEMENT GMBH (f/k/a UNIQA ALTERNATIVE INVESTMENTS GMBH)<br>PB CAPITAL CORPORATION<br>PRINCETON ADVISORY GROUP, INC.<br>PRINCIPAL GLOBAL INVESTORS, (EUROPE) LIMITED<br>PRINCIPAL GLOBAL INVESTORS<br>RABOBANK INTERNATIONAL NEW YORK BRANCH<br>RABOBANK GROUP<br>RGA LLC<br>SENECA CAPITAL MANAGEMENT LLC<br>SENTINEL MANAGEMENT GROUP INC.<br>SHIELD SECURITIES<br>SHING KONG LIFE INSURANCE CO., LTD.<br>SHINGKONG INSURANCE CO. LTD.<br>SHINHAN BANK<br>SOUTHERN MISSOURI  BANCORP, INC.<br>SOCIETE GENERALE<br>STONE TOWER<br>SUSQUAHANA BANK<br>SWISS LIFE LTD.<br>TAIWAN LIFE<br>TOM DEPPING<br>TRAVELERS EXPRESS COMPANY INC.<br>TRUST CO. OF THE WEST INC.<br>UNION INVESTMENT GROUP<br>UNIQA ALTERNATIVE INVESTMENTS<br>VANDERBILT CAPITAL ADVISORS<br>WELLS FARGO, NATIONAL ASSOCIATION<br>ZAIS GROUP, LLC<br>ZAIS INVESTMENT GRADE LTD |
| 10-03548 (JMP) | AXA, S.A.<br>AXA ASSURANCES VIE MUTUELLE<br>AXA ASSURANCES I.A.R.D. MUTUELLE<br>AXA COURTAGE ASSURANCE MUTUELLE<br>AXA FINANCIAL, INC.<br>ALLIANCEBERNSTEIN L.P. F/K/A/ ALLIANCE CAPITAL MANAGEMENT L.P. |
| 10-03552 (JMP) | FRAGOMEN, DEL RAY, BERNSEN AND LOEWY, LLP |
| 10-03553 (JMP) | GMAC MORTGAGE CORPORATION |

| Adversary Proceeding No. | Defendant(s) |
|---|---|
| 10-03558 (JMP) | EARTH THEBAULT INC. |
| 10-03560 (JMP) | EMORTGAGE LOGIC LLC |
| 10-03565 (JMP) | GEORGESON INC. |
| 10-03566 (JMP) | HYPOTHECA CAPITA LLC |
| 10-03574 (JMP) | ANA-DATA CONSULTING INC. |
| 10-03598 (JMP) | FIRST AMERICAN RESIDENTIAL VALUE VIEW LLC |
| 10-03606 (JMP) | STEWART LENDER SERVICES |
| 10-03607 (JMP) | INTERFACE CABLE ASSEMBLIES & SERVICES CORPORATION |
| 10-03609 (JMP) | DEUTSCHE BANK TRUST COMPANY AMERICAS |

| | |
|---|---|
| 10-03809 (JMP) | **TRUSTEE DEFENDANTS**<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION<br>NATIONAL ASSOCIATION<br>DEUTSCHE BANK TRUST COMPANY AMERICAS<br>U.S. BANK NATIONAL ASSOCIATION<br><br>**ISSUER DEFENDANTS**<br><br>IMPAC CMB TRUST SERIES 2005-03<br>IMPAC CMB TRUST SERIES 2005-04<br>IMPAC CMB TRUST SERIES 2005-08<br>ACCESS GROUP INC. SERIES 2005-A<br>ACCESS GROUP INC. SERIES 2005-B<br>LAKEVIEW 2007-4<br>RACERS 2005-10<br>GREYSTONE 2006-3 |
| 10-03811 (JMP) | BANK OF NEW YORK MELLON NATIONAL ASSOCIATION |
| 10-03812 (JMP) | NEBRASKA INVESTMENT FINANCE AUTHORITY |
| 10-03810 (JMP) | **TRUSTEE DEFENDANTS**<br><br>BANK OF NEW YORK<br>BANK OF NEW YORK TRUSTEE SERVICES LIMITED<br><br>**ISSUER DEFENDANTS**<br><br>GAZPROMBANK MORTGAGE FUNDING 2 S.A.<br>RUBY FINANCE PUBLIC LIMITED COMPANY, AS ISSUER OF THE SERIES 2006-7 |
| 10-03830 (JMP) | CONFLUENT V LIMITED<br>AXA INVESTMENT MANAGERS PARIS S.A. |
| 10-03831 (JMP) | BlueBay Funds - BlueBay Yield Bond Fund; Bluebay Multi Strategy Investments (luxembourg) SARL; BlueBay Structured Funds – High Yield Enhanced Fund; BlueBay Structured Funds: High Yield Portable Alpha Fund; G.A. –Fund-L – Bond Higher Yield Euro TP; Interpolis Pensioenen Global High Yield Pool; Interpolis Pensioenen Vermogensbeheer B.V; LGT Capital Invest (SC3) Ltd.; Panacea Trust - BlueBay Structured High Yield Bond Sub-Trust; Stichting Bedrijfspensioenfonds voor de Metaalektro; Stichting Mn Services Europees High Yield Fonds; The BlueBay Value Recovery (Master) Fund Limited |
| 10-03832 (JMP) | ADAGIO III CLO PLC<br>AXA INVESTMENT MANAGERS PARIS S.A. |
| 10-03833 (JMP) | MATIGNON DERIVATIVES LOANS<br>AXA INVESTMENT MANAGERS PARIS S.A. |
| 11-01623 (JMP) | PERFICIENT INC. |
| 11-01661 (JMP) | BULLET COMMUNICATIONS INC |
| 11-01697 (JMP) | SARK MASTER FUND LTD |