UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
LEHMAN BROTHERS HOLDINGS, INC., *et al*., LB ROSE RANCH LLC,

               Debtors.

------------------------------------- X
JAMIN COOKE, TIFFANY COOK, VAUGHAN COUNTS, SUZANNE COUNTS, KEVIN CLARK, THISHA CRAIG, CHARLIE LAWSON, SARAHLIZ LAWSON, STEPHANIE MOSHER, STEVE NEW, KORI NEW, CRAIG WILLIS, PAMELA WILLIS, CURT KORNREICH, HELEN KORNREICH, SOHRAB AMINI, M.D., J. CHRISTINE AMINI, NEIL ROSS, GARY GRAY, MICHAEL CRYAN, BRIAN ALONGE, DANIEL HOCK, TONI HOCK, DAVID ICE, LISA ICE, RICHARD MOORE, PATRICK NESBITT, ANDRE PONTIN, JULIE PONTIN, JAMES VIDAKOVICH, INDIVIDUALLY, JAMES VIDAKOVICH REVOCABLE TRUST, CRAIG WILLIS, PAMELA WILLIS, KRISTIN F. DAVIS, JOSEPH S. DAVIS, CHADWICK MICKSCHL, SARAH MICKSCHL, TINA ROCHOWIAK, JAMIE PROUGH, MICHAEL ROCHOWIAK, MARTIN ROCHOWIAK

               Movants,

     v.

LB ROSE RANCH LLC and PAMI STATLER ARMS, LLC,

               Respondents.

------------------------------------- X

Chapter No. 11

Case No.: 08-13555 (JMP)
(Jointly Administered)

Case No.: 08-13664 (JMP)

Case No.: 09-10560 (JMP)

# COLORADO HOMEOWNERS OBJECTION FOR APPROVAL OF PROPOSED DISCLOSURE STATEMENT AND RELATED RELIEF

LEGAL20980522.1

COMES NOW Jamin Cook, Tiffany Cook, Vaughan Counts, Suzanne Counts, Kevin Craig, Thisha Craig, Charlie Lawson, Sarahliz Lawson, Stephanie Mosher, Steve New, Kori New, Craig Willis, Pamela Willis, Kurt Kornreich, Helen Kornreich, Sohrab Amini, M.D., J. Christine Amini, Neil Ross, Gary Gray, Michael Cryan, Brian Alonge, Daniel Hock, Toni Hock, David Ice, Lisa Ice, Richard Moore, Patrick Nesbitt, Andre Pontin, Julie Pontin, James Vidakovich, The James Vidakovich Revocable Trust, Craig Willis, Pamela Willis, Kristin F. Davis, Joseph S. Davis, Chadwick Mickschl, Sarah Mickschl, Tina Rochowiak, Jamie Prough, Michael Rochwiak, and Martin Rochowiak (hereafter, "Movants" or "Homeowners"), by and through their attorneys Kutner Miller Brinen, P.C. and Perkins Coie, LLP, and as their Objection to the Adequacy of the Debtor's Disclosure Statement, state as follows:

1. On September 28, 2008 and February 9, 2009 ("Petition Date"), the Debtors PAMI Statler Arms, LLC and LB Rose Ranch, LLC (Debtors") filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors have filed a Motion to Approve Proposed Disclosure Statement and related relief ("Disclosure Statement").

3. Section 1125 of the Bankruptcy Code defines adequate information as information that would enable a reasonable investor, typical of holders of claims in the relevant class, to make an informed judgment about the plan. This is information that is reasonably ascertainable in light of the nature and history of the debtor and the condition of the debtor's books and records. *In re Aspen Limousine Service, Inc.*, 193 B.R. 325 (D. Colo. 1996). The disclosure statement must provide sufficient information for the creditor(s) [and parties] to determine how its claim(s) will be paid. *See, American Bank and Trust Co. v. Jarrdine Ins. Servs. Tx., Inc.*, 104 F.3d 1241, 1246 (10th Cir. 1997).

4.     While the Code does not define adequate disclosure, case law has given rise to certain criteria to aid the Courts in evaluating the sufficiency or the adequacy of disclosure statements. *In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567 (Bankr.N.D.Ga.1984); and *In re Stanley Hotel, Inc.*, 13 B.R. 926 (Bankr.D.C.Colo.1981). In order to pass muster, a disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution under a plan. *In re Ferretti*, 128 B.R. 16 (Bank.D.N.H. 1991). The Disclosure Statement fails on this basis.

5.     Homeowners have sought relief from the automatic stay provisions of 11 U.S.C. § 362 in order to pursue potential claims against the Debtors and their insurers, relating generally to claims for property damage and loss of use resulting from defects in the construction and repair of Homeowners' residences, and alleging various causes of action related thereto ("Motion"). That Motion is pending before the Court hand has been adjourned as the Homeowners and the Debtor are attempting to resolve the Motion on a consensual basis.

6.     The Disclosure Statement does not contain adequate information of a kind, and sufficient detail, to enable a reasonable creditor or investor to make an informed decision about the Plan of Reorganization as required by 11 U.S.C. § 1125 for the following reasons:

(a)     Debtor's Disclosure Statement provides no detailed information regarding the claims asserted by the Homeowners in their Motion and the availability of insurance to cover any liability that the Debtors' may have to the Homeowners;

(b)     Claims have been filed in the Debtor's cases related to the damages asserted by the Homeowners (and others) pertaining to the type of claims possessed by Homeowners. Debtor's Disclosure Statement fails to discuss how Homeowner's potential claims

will impact Plan feasibility, in the event insurance proves insufficient to satisfy the claims of Homeowners.

   (c) Debtor's Disclosure Statement fails to discuss its role in the construction and maintenance of the Ironbridge Development and the golf course related thereto.

   WHEREFORE, the Homeowners respectfully request that the Court deny approval of the Debtor's Disclosure Statement, and for such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York.<br>   May __27___, 2011 | Respectfully submitted,<br><br>KUTNER MILLER BRINEN, P.C.<br><br><br>By: /s/ David M. Miller<br>  David M. Miller , CO Bar No. 17915<br>303 E. 17th Avenue, Suite 500<br>Denver, CO 80203<br>303.832.2400<br><br>  -and-<br><br>PERKINS COIE LLP<br><br><br>By: /s/ Jeffrey D. Vanacore<br>  Jeffrey D. Vanacore<br>30 Rockefeller Center, 25th Floor<br>New York, NY 10112-0085<br>212.262.6900<br><br>Attorneys for Movants |