**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| **In re** | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | **Case No.: 08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PARTIAL TRANSFER OF CLAIM**
**OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)**

1.     TO:          Capital Bank –GRAWE Gruppe AG
                     Burgring 16
                     8010 Graz
                     Austria
                     Attn: Juergen Strasser

2.     Please take notice that EUR 700,000 of your claim against Lehman Brothers
Holdings Inc., identified by DE000A0G4LS9 arising from and relating to Proof of Claim
No. 66384 (attached as Exhibit A hereto), has been transferred to:

                     Silver Point Capital Offshore Master Fund, L.P. ("Transferee")
                     c/o Silver Point Capital, L.P.
                     Two Greenwich Plaza, First Floor
                     Greenwich, CT  06830
                     Attn: David Steinmetz

       An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All
distributions and notices regarding the transferred portion of the claim should be sent to
the Transferee at the above address, with a copy to:

                     Davis Polk & Wardwell LLP ("Davis Polk")
                     450 Lexington Avenue
                     New York, NY 10017-3904
                     Fax: 212-701-5800
                     Attn: Xin Yu

3.     No action is required if you do not object to the partial transfer of your claim.
However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN**
**21 DAYS OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

--      **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

> United States Bankruptcy Court
> Southern District of New York
> Attn: Clerk of Court
> Alexander Hamilton Custom House
> One Bowling Green
> New York, NY 10004-1408

--      **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

--      Refer to **INTERNAL CONTROL NO. DE000A0G4LS9** in your objection and any further correspondence related to this transfer.

4.      If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIM.**

> CLERK

------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2011.

INTERNAL CONTROL NO. DE000A0G4LS9

Copy: (check) Claims Agent____ Transferee____ Debtors' Attorney____

> _____
> Clerk of the Court

2

# **EXHIBIT A**

| United States Bankruptcy Court/Southern District of New York | |
|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)        0000066384 |
|---|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

---

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Capital Bank - GRAWE Gruppe AG
Brandhofgasse 22
8010 Graz, Austria
Attn: Mr. Michael Nindl

Telephone number: + 43 316 8072 2415    Email Address: michael.nindl@capitalbank.at

☑ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 45931
(If known)

Filed on: 10/26/09

---

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:        Email Address:

---

1.   Provide the total amount of your claim based on Lehman Programs Securities.  Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008.  The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** _____Please see attachment_____ **(Required)**

☐  Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.    Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates.  If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** _____Please see attachment_____ **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim.  You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf).  If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

_____Please see attachment_____ **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim.  You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf).  Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
_____Please see attachment_____ **(Required)**

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:  By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

**FILED / RECEIVED**

MAR 1 1 2010

EPIQ BANKRUPTCY SOLUTIONS, LLC

---

| Date.<br>3/11/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Jerome Ranawake, Attorney-In-Fact<br>520 Madison Ave, 34F, NY, NY10022 ; 2774034 |
|---|---|

*Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

### ATTACHMENT TO THE AMENDED PROOF OF CLAIM OF
### CAPITAL BANK - GRAWE GRUPPE AG
### AGAINST LEHMAN BROTHERS HOLDINGS INC.

1.    Commencing on September 15, 2008 (the **Petition Date**) and periodically thereafter, Lehman Brothers Holdings Inc. (**LBHI**), and certain of its subsidiaries (LBHI, together with such subsidiaries, the **Debtors**), filed voluntary petitions (the **Chapter 11 Cases**) for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the **Bankruptcy Code**). The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

2.    On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the **Bar Date Order**) which, among other things, establishes November 2, 2009 at 5:00 pm (ET) as the deadline (the **Bar Date**) for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on any Lehman Programs Security, as identified on the Debtors' website, against the Debtors.

3.    Capital Bank - GRAWE Gruppe AG (the **Claimant**) files this amended Lehman Programs Securities Proof of Claim (the **Amended Proof of Claim**) for various amounts owing to Claimant by LBHI in respect of Lehman Programs Securities held by Claimant in a proprietary capacity on Claimant's own behalf and/or in a custodial capacity on behalf of one or more of

Claimant's customers.[1]  As of the filing of this Amended Proof of Claim, Claimant is the record

holder of or represents the record holder of the following Lehman Programs Securities:[2]

| International Securities Identification Number (ISIN) | Depository Blocking Reference Number | Depository Participant Account Number | Principal Component | Interest Component (up to and including September 15, 2008) | Amount of Claim |
|---|---|---|---|---|---|
| DE000A0G4LS9 | CA17683 | Clearstream 81320 | $8,653,837.50 | - | $8,653,837.50 |
| | | | | | |
| **Total:** | | | $8,653,837.50 | - | $8,653,837.50 |

4.      Claimant is the record holder or representative of the record holder of Lehman

Programs Securities in the aggregate principal amount of USD 8,653,837.50.  LBHI either

issued, or guaranteed the full and punctual payment of all obligations related to, the Lehman

Programs Securities.  Accordingly, LBHI remains liable to Claimant for no less than **USD
8,653,837.50** (the *Lehman Programs Securities Claim*). The foregoing amounts have been

converted from EUR to US dollars using the exchange rate prevailing on the Petition Date.

5.      This Amended Proof of Claim amends claim number 45931, which Claimant

filed on October 26, 2009 against LBHI (*Claim # 45931*) under compulsion of the Bar Date

Order.  This Amended Proof of Claim corrects and amends Claim # 45931  by amending the

claim amount from USD 4,098,370.90 to USD 8,653,837.50.

---

[1]      The Bar Date Order provides "claims based on any Lehman Programs Security shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)." Bar Date Order at p. 14.

[2]      The Bar Date Order provides "persons or entities that file claims based on any Lehman Programs Security are not required to attach or submit any documentation supporting any claim based on such Lehman Programs Security."  Bar Date Order at p. 14.

6.      Claimant reserves the right to further amend and/or supplement this Amended Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional documents or grounds of liability.

7.      The filing of this Amended Proof of Claim shall be without prejudice to any previous, contemporaneous or future claims made by or on behalf of Claimant or any of its affiliates against LBHI or any of its affiliates in this or any other proceeding, including, without limitation, any proofs of claim that may be filed against Lehman Brothers Treasury Co. B.V., Lehman Brothers Securities N.V., or any other entity which issued Lehman Programs Securities.

8.      Claimant hereby expressly reserves the right to further amend and/or supplement this Amended Proof of Claim at any time to restate the amount of the Lehman Programs Securities Claim based on the method ultimately used to value the Lehman Programs Securities referenced herein, including, without limitation, the ultimate determination of the applicable interest or coupon rate, or other return, or the principal-protected amount, on any Lehman Programs Security.  Additionally, nothing contained in this Amended Proof of Claim shall prejudice or limit Claimant's right to receive any distribution with respect to the Lehman Programs Securities Claim based on any valuation method that is ultimately used to value any Lehman Programs Security.

9.      Claimant hereby expressly reserves the right to further amend and/or supplement this Amended Proof of Claim at any time and in any manner, including without limitation to assert: (a) claims for interest, fees, penalties, charges, attorneys' fees and expenses accrued before or after the Petition Date; (b) claims for any future distributions or rights to

distributions arising from any of the securities identified herein (*e.g.*, dividends, coupons, warrants, etc.); and (c) any claims arising from the successful prosecution or settlement (if any) of any avoidance causes of action (or any other cause of action seeking recovery of payments made to, or setoffs or nettings effectuated by, Claimant) against Claimant whether or not related to or arising from the transactions and agreements set forth herein.  Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in Section 503(b) of the Bankruptcy Code.

10.     Without limiting the rights otherwise asserted in this Amended Proof of Claim, Claimant hereby preserves and reserves all rights of setoff against LBHI whether in respect of claims directly between Claimant and LBHI, claims between affiliates of Claimant and LBHI or claims between Claimant, or its affiliates, and affiliates of LBHI, including, without limitation, under Sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 553, 555, 556, 559, 560 and 561 of the Bankruptcy Code, under any agreement or other instrument, under applicable non-bankruptcy law or otherwise.

11.     In executing and filing this Amended Proof of Claim, Claimant does not waive (a) any obligation owed to Claimant under any of the contracts described herein or that may be attached as exhibits hereto, or (b) any past, present or future breaches of such contracts by the Debtors or any of their affiliates. Claimant further does not waive (and this Amended Proof of Claim shall not be deemed or construed to waive) any claims or right to assert any claims, or preserve any remedies, including setoff and recoupment, that Claimant has against any of the

Debtors, Lehman Brothers Inc., Lehman Brothers International (Europe) or any other affiliates of the Debtors, whether arising from or related to transactions described herein or otherwise.

12.     The filing of this Amended Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Amended Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

13.    All notices regarding this Amended Proof of Claim should be sent to: Capital

Bank - GRAWE Gruppe AG, Brandhofgasse 22, 8010 Graz, Austria, <u>Attention</u>: Mr. Michael

Nindl, with copies to Freshfields Bruckhaus Deringer US LLP, 520 Madison Avenue, 34th Floor,

New York, New York 10022, Telephone number: 212-277-4000, <u>Attention</u>:  Jerome Ranawake

and Harvey Dychiao.

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, THAT **Capital Bank - GRAWE Gruppe AG**, a corporation duly organized and validly existing under the laws of the Republic of Austria, registered in the company register of Landesgericht ZRS Graz under FN 112471z, with corporate seat in 8010 Graz, Austria and business address at Burgring 16, 8010 Graz, Austria (the "Company"), represented by Christian Jauk, MBA and Mag. Constantin Veyder-Malberg as members of the management board, each with the power to represent the Company jointly with another member of the management board, the undersigned claimant in the bankruptcy cases styled In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP) (Jointly Administered) (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Southern District of New York, hereby authorizes **Jerome Ranawake and Harvey Dychiao of Freshfields Bruckhaus Deringer US LLP**, acting jointly or singly, as attorneys in fact for the undersigned, with the full power of attorney to execute and/or file all proofs of claim, documents or court papers he may consider necessary or advisable in connection with the claims to be made in the Bankruptcy Case.

**Capital Bank - GRAWE Gruppe AG** further declares that this power of attorney is given for the purpose of vesting in the attorney in fact all authority required or desirable to be vested in an attorney in fact for the above-stated purpose and gives and grants the attorney in fact full and absolute power and authority to do all things necessary to be done in and about the premises.



This Power of Attorney shall be construed in accordance with, and this Power of Attorney and all matters arising out of or relating in any way whatsoever to this Power of Attorney shall be governed by, the law of the State of New York.

IN WITNESS WHEREOF, the undersigned has hereunto set his Hand this 14th day of October 2009.

Signed and Delivered
in the Presence of:

CAPITAL ▶▶▶ BANK

Name: MMag. Jürgen Strasser
Title: Proxy Holder

A-8010 Graz, Burgring 16
Tel. +43 316 8072-0, Fax DW 890

Christian Jauk, MBA
Member of the Management Board
for
Capital Bank - GRAWE Gruppe AG

CAPITAL ▶▶▶ BANK

Name: Andrea Deutschmann
Title: Proxy Holder

A-8010 Graz, Burgring 16
Tel. +43 316 8072-0, Fax DW 890

Mag. Constantin Veyder-Malberg
Member of the Management Board
for
Capital Bank - GRAWE Gruppe AG

# **EXHIBIT B**

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

      1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, **Capital Bank – GRAWE Gruppe AG, Brugring 16, 8010 Graz, Austria** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to Silver Point Capital Offshore Master Fund, L.P. (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **principal amount** specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number 66384 filed by or on behalf of Seller (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

      2.     Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

      3.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

      4.     All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.



Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this /3 day of May 2011.

**Capital Bank - GRAWE Gruppe AG**

By:
Name:
Title:

Burgring 16
8010 Graz
Austria

CONSTANTIN        JUERGEN STRASSER
VEYDEL MAURER

**SILVER POINT CAPITAL OFFSHORE MASTER
FUND, L.P.**

By: _____

By:      David Steinmetz
Name:   Authorized Signatory
Title:

Silver Point Capital, L.P.
2 Greenwich Plaza
Greenwich, CT 06830

Schedule 1

Transferred Claims

Purchased Claim

EUR 700,000 of ISIN DE000A0G4LS9 with an original outstanding amount US$ 8,653,837.50 (as described in the Proof of Claim #66384).

Lehman Programs Securities to which Transfer Relates

| ISIN | Depository Blocking Reference Number | Depository Participant Account Number | Principal Component | Interest Component | Claim Amount |
|---|---|---|---|---|---|
| DE000A0G4LS9 | CA17683 | Clearstream 81320 | $8,653,837.50 | – | EUR 700,000 |

Schedule 1-1