**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, NY 10022
(212) 909-6000
Richard F. Hahn
Email: rfhahn@debevoise.com

*Attorneys for Parkcentral Global Hub Limited*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al* | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**RESPONSE OF PARKCENTRAL GLOBAL HUB LIMITED TO**
**DEBTORS' NINETY-FIFTH OMNIBUS OBJECTION**
**TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

Parkcentral Global Hub Limited ("Parkcentral"), by its undersigned counsel, submits this response (the "Response") to the Debtors' Ninety-Fifth Omnibus Objection to Claims (Valued Derivative Claims) (the "Objection"). In support of its Response, Parkcentral respectfully states as follows:

**INTRODUCTION**

1.  Parkcentral respectfully submits this Response to the Debtor's Objection because the Objection seeks to improperly reduce the amounts of Parkcentral's claims. Since filing its proofs of claim, Parkcentral has provided the Debtors with substantial trade-by-trade documentation in support of the amounts of its claims. By contrast, the

23390653v2

Debtors have not provided Parkcentral or this Court with any valid explanation or justification as to why Parkcentral's calculations should be disregarded in favor of the Debtors' substantially lower valuations. Because the Debtors' Objection relies solely on vague and undocumented assertions in an attempt to dramatically cut Parkcentral's claims by two thirds, the Debtors have failed to meet their burden of overcoming the *prima facie* validity of Parkcentral's claims.

## BACKGROUND

2. On April 8, 2002, Parkcentral entered into an ISDA Master Agreement (the "Master Agreement" and, together with the Schedule thereto, the Credit Support Documents,[1] and the Confirmations, the "Transaction Documents") with Lehman Brothers Special Financing Inc. ("LBSFI"). Pursuant to the Master Agreement, Lehman Brothers Holdings Inc. ("LBHI") was designated as a Credit Support Provider of LBSFI and entered into that certain Guarantee of LBHI, dated as of April 8, 2002 (the "Guarantee"), pursuant to which LBHI agreed to unconditionally guarantee LBSFI's obligations under the Master Agreement.

3. On September 15, 2008, LBHI filed a petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York. The filing of such petition by LBHI constituted an Event of Default under the Master Agreement. On September 16, 2008, Parkcentral delivered a Notice of

---

[1] All capitalized terms used herein without definition shall have the meanings set forth in the Master Agreement.

Termination to LBSFI, pursuant to which it elected to designate September 16, 2008 as the Early Termination Date in respect of all outstanding Transactions under the Master Agreement, and terminated all outstanding Transactions as of that date.

4. As of September 16, 2008, the net amount owed to Parkcentral under 43 Transactions entered into with LBSFI under the Transaction Documents was $48,937,726 (the "Petition Date Claim"). As of that date, Parkcentral held collateral of LBSFI in the amount of $32,657,000 (the "Collateral"). As permitted under the Transaction Documents, Parkcentral setoff the Petition Date Claim against the Collateral on September 16, 2008, resulting in a net amount owed of $16,280,726.

5. On September 22, 2009, Parkcentral filed (i) a proof of claim against LBSFI seeking recovery of $16,280,726, the amount owed under the Master Agreement, as well as amounts to be determined for any and all other obligations arising under the Transaction Documents, including, without limitation, default interest and reasonable out-of-pocket expenses [Claim No. 27588]; and (ii) a proof of claim against LBHI for amounts owed under the Guarantee in an amount not less than $16,280,726 [Claim No. 27584] (the "LBHI Claim"). On March 10, 2010, Parkcentral supplemented its proof of claim against LBSFI by filing additional support for its calculations of the amount owed by LBSFI under the Master Agreement [Claim No. 66382] (the "LBSFI Claim", and together with the LBHI Claim, the "Claims").

23390653v2

6. On October 22, 2009, Parkcentral timely completed the Derivative Questionnaire and Guarantee Questionnaire (the "Questionnaires") with respect to the LBSFI Claim and LBHI Claim, respectively, and attached thereto copies of the Master Agreement, Guarantee, Early Termination Notice, individual trade-level detail for the 43 Transactions and other documentation in support of its Claims.

7. Since filing the Claims, Parkcentral has further complied with all of the Debtors' requests for additional documentation supporting its calculation of the amounts due under the Transaction Documents.

8. On February 14, 2011, the Debtors filed the Objection, seeking the reduction of both the LBSFI Claim and LBHI Claim to $5,998,296.80. The Objection also seeks to reclassify the entire LBSFI Claim, including the portion of the LBSFI Claim secured by the Collateral, as unsecured.[2] The Debtors offer no support or basis for these reductions or reclassification, other than to generally state that the amounts of the claims identified in the Objection are "greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records" and that the claim classifications "improperly assert secured …claims." Objection ¶ 2.

---

[2] It is unclear whether the modified amounts of the Claims listed on Exhibit A to the Objection already reflect the setoff of the Collateral against the Petition Date Claim or whether, by reclassifying the full amount of the LBSFI Claim as unsecured, the Debtors are also objecting to the validity of the lien on the Collateral itself.

# ARGUMENT

### A.  Applicable Legal Standard

9.  A proof of claim that is properly executed and timely filed is *prima facie* evidence of the validity and amount of the underlying claim.  *See* Fed. R. Bankr. P. 3001(f).  The burden is on the objector to the proof of claim to produce "evidence equal in force to the prima facie case".  *In re Oneida Ltd.*, 400 B.R 384, 389 (Bankr. S.D.N.Y. 2009) (quoting *In re Allegheny Intern., Inc.,* 954 F.2d 167, 173-74 (3d Cir. 1992)).  In order to meet this burden, the objecting party must "affirmatively *produce* evidence", *Sherman v. Novack (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000)(emphasis in original), and this evidence must "refute at least one of the allegations that is essential to the claim's legal sufficiency."  *In re Oneida Ltd.*, 400 B.R. at 389.  The burden of proof does not shift back to the claimant until the objector has provided evidence sufficient to defeat the *prima facie* validity of the claim.  *In re Reilly,* 245 B.R. at 773; *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008).

### B.  The Debtors Have Failed to Overcome the *Prima Facie* Validity of the Claims

10.  The Debtors do not dispute that Parkcentral timely and properly filed both the LBSFI Claim and the LBHI Claim.  Rather, in support of their Objection, the Debtors simply state, without providing any support, that with respect to each of the Claims, the asserted claim amount is "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation

provided by the claimants and the Debtors' books and records." Objection ¶ 13. This conclusory and unsupported statement is clearly insufficient to refute the amounts of Parkcentral's Claims.

11. In describing their efforts leading up to the reduction of Parkcentral's Claims, the Debtors point to a "lengthy process" involving "lengthy negotiations …that are often very detailed and may extend over a period of months." *Id*. ¶¶ 14, 16. However, over the course of the last eighteen months, despite repeated efforts by Parkcentral, the Debtors have failed to provide a detailed explanation of the methodology used by the Debtors to calculate the Claims or any evidence in support of the "accurate" value of the Claims posited by the Debtors. In contrast, Parkcentral has provided the Debtors with trade-by-trade documentation in support of its position. As a result of their failure to provide sufficient evidence to permit Parkcentral to evaluate the Debtors' calculations with respect to the Transactions, there have in fact been no negotiations with respect to the Claims, rather than the "lengthy" negotiations alleged in the Objection.

12. Because the Debtors have failed to adduce any evidence or offer any specific justification for their significant reduction in the amounts of Parkcentral's Claims, the Objection should be overruled and the Claims should be allowed in their full amounts.

C. **Parkcentral Has Met Its Burden of Proving the Validity of Its Claims**

13. Even if the Court were to find that the Objection's baseless assertions had shifted the ultimate burden of proof to Parkcentral, Parkcentral has already met this burden through its submission of the Claims, the Questionnaires and all relevant attachments and exhibits, as well as the substantial additional documentation in support of the accuracy and validity of the claim amounts made available to the Debtors during negotiations.

14. Parkcentral, as the Non-defaulting Party under the Master Agreement, is entitled to calculate the amount due and payable in respect of an early termination of all Transactions under the Master Agreement. *See* Master Agreement § 6(e). While Parkcentral has submitted extensive documentation in support of its calculations showing that the amounts of the Claims were calculated in accordance with the methodologies set forth in the Transaction Documents, the Debtors have presented no evidence that the methodology used by Parkcentral to calculate these amounts was in any way inconsistent with the terms of the Master Agreement.

15. To the extent, however, that the Court concludes that Parkcentral has not yet met its burden as to the Claim amounts, Parkcentral reserves the right (i) to seek discovery, (ii) to supplement or otherwise amend this Response, and (iii) to request a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amounts of the Claims.

23390653v2

**WHEREFORE**, Parkcentral respectfully requests that this Court deny the Objection to the extent that the Debtors seek to reduce Parkcentral's Claims; allow the LBSFI and LBHI Claims in the amounts filed, plus amounts as yet unliquidated; and grant such other, further relief as this Court may deem just and proper.

Dated: May 31, 2011  
New York, New York

Respectfully submitted,

**DEBEVOISE & PLIMPTON LLP**

By:  /s/ Richard F. Hahn
   Richard F. Hahn
   919 Third Avenue
   New York, New York 10022
   Telephone: (212) 909-6000
   Facsimile: (212) 909-7603
   rfhahn@debevoise.com

   *Attorneys for Parkcentral Global Hub Limited*