Hearing Date and Time: June 2, 2011 at 10:00 a.m.
Objection Deadline: May 31, 2011[1]

Anthony D. Boccanfuso
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022-4690
Telephone: (212) 715-1000
Facsimile:  (212) 715-1399

*Counsel for Mizrahi Tefahot Bank, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

LEHMAN BROTHERS HOLDINGS INC, *et. al*.

Debtors.

Case No. 08-13555 (JMP)

**RESPONSE OF MIZRAHI TEFAHOT BANK, LTD TO THE DEBTORS' ONE HUNDRED TWENTY-NINTH OBJECTION TO CLAIMS**

Mizrahi Tefahot Bank, Ltd. (f/k/a United Mizrahi Bank, Ltd., and United Mizrahi-Tefahot Bank, Ltd., collectively referred to herein as "MTB"), by and through its undersigned counsel, hereby submits this response (the "Response") to the Debtors' One Hundred Twenty-Ninth Omnibus Objection to Claims (No Liability Derivative Claims) (the "Objection").  In support of its Response, MTB respectfully states as follows:

1.    Beginning on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. and certain of its affiliates (the "Debtors") filed voluntary petitions under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

---

[1] Counsel for MTB and counsel for the Debtors negotiated a consensual extension of time to respond to the Objection.

2. On July 2, 2009, this Court entered an Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order").

3. Pursuant to the Bar Date Order, on or about September 18, 2009, MTB timely filed, among others, proof of claim numbers 19170 and 19171 (the "Subject Claims"), for claims arising in connection with certain financial market transactions (the "Transactions") entered into with Lehman Brothers Commercial Corporation ("LBCC"), and to which Lehman Brothers Holding Inc. ("LBHI"), an affiliate of LBCC, was a guarantor of LBCC's obligations. The Transactions were governed by an ISDA Master Agreement, dated November 6, 2001.

4. On or about April 18, 2011, the Debtors filed their Objection seeking to expunge "No Liability Derivative Claims," and alleged that the Subject Claims fit within such description.

5. MTB was a party to multiple ISDA Master Agreements with different Lehman entities, including LBCC, as the counterparty, and LBHI as guarantor. Indeed, in some instances, Lehman entities other than the contractual counterparty to the applicable ISDA Master Agreement were designated as the notice party. As such, the relationship between MTB and the Lehman Debtors was extensive and is quite complicated.

6. Upon receipt of the Objection, MTB reviewed its books and records and believes the Debtors are in error in seeking to disallow and expunge the Subject Claims.

7. The Objection summarily states that the claims appearing in the Objection should be disallowed and expunged because "based on the fair, accurate and reasonable values of the subject Derivative Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants . . .." Objection at ¶ 11.

8.     A proof of claim that is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f); see also Carey v. Ernst, 333 B.R. 666, 672 (S.D.N.Y. 2005); In re Elmira Litho, Inc., 174 B.R. 892, 901 (Bankr. S.D.N.Y. 1994).

9.     Once a proof of claim has been filed, the claim is deemed valid. The burden then shifts to the party objecting to the claim to present proof that the claim is invalid. See, e.g., Carey, 333 B.R. at 672; In re Woodmere Investors Ltd. P'ship, 178 B.R. 346, 354 (Bankr. S.D.N.Y. 1995); 4 Collier on Bankruptcy ¶ 502.02[3][f] (15th ed. 2005).

10.    Section 502(b) of the Bankruptcy Code provides, in pertinent part, that if an objection to a claim is made, the court, after notice and hearing, shall determine the amount of the claim. See 11 U.S.C. § 502.

11.    Merely objecting to a claim does not deprive the claim of its presumptive validity; rather, the evidentiary presumption remains in effect notwithstanding a claim objection. See In re Goodell, 2006 WL 23568, at *2 (Bankr. E.D. Pa. Jan. 4, 2006) ("Even if there is an objection filed to the claim, the evidentiary effect of Rule 3001(f) remains in force."); In re Wheatley, 251 B.R. 430, 432 (Bankr. N.D. Okla. 2000); Townview Nursing Home v. New York (In re Townview Nursing Home), 28 B.R. 431, 443 (Bankr. S.D.N.Y. 1983). In order to satisfy the burden of proof on a claim objection, the objector must offer "substantial evidence" in support of its objection to the claim. See Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir. 1993).

12.    At MTB's request, counsel for MTB is undertaking a review and analysis of the MTB ISDA Master Agreements with the various Lehman entities, including specifically the facts

3

and circumstances surrounding the LBCC ISDA Master Agreement, and is in discussions with the Debtors' counsel in this regard.

13. The complexity of the ISDA transactions, together with the myriad of relationships among MTB and the various Lehman entities in respect of the ISDA Master Agreements (particularly in light of the fact that both MTB and Lehman have foreign operations that are involved in these transactions) has made it difficult for MTB to determine a clear understanding of the Objection and a final dispositive resolution of the Subject Claims.

14. As such, the Debtors limited statements in support of its allegations of "no liability" are insufficient to rebut the Debtors' burden of refuting the Subject Claims.

15. MTB reserves its rights to file supplemental and/or amended responses to the Objection, and to the extent an evidentiary hearing is neecssary in respect of the Subject Claims, MTB reserves the right to request such a hearing.

WHEREFORE, MTB respectfully requests that the Court (i) overrule the Objection as it pertains to the Subject Claims, and (ii) grant MTB such further relief as the Court deems just.

Dated: New York, New York

May 31, 2011

        ARNOLD & PORTER LLP

By: /s/ Anthony D. Boccanfuso

Anthony D. Boccanfuso
399 Park Avenue
New York, New York 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

*Counsel for Mizrahi Tefahot Bank, Ltd.*