Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time)

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway,
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Robert M. Novick (rnovick@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)
Gary W. Dunn (gdunn@kasowitz.com)

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
                                      :   Chapter 11
In re                                 :   Case No. 08-13555 (JMP)
                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Jointly Administered
                                      :
                        Debtors.      :
------------------------------------- x

**MOTION OF LEHMAN BROTHERS HOLDINGS, INC.**
**TO COMPEL THE PRODUCTION OF DOCUMENTS**
**FROM GOLDMAN SACHS & CO. AND GOLDMAN SACHS GROUP, INC.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings, Inc. ("Lehman") and its affiliated debtors (collectively, the "Debtors"), as debtors and debtors in possession, supported by the accompanying affidavit of Gary W. Dunn ("Dunn Aff."), move to compel Goldman Sachs & Co. and Goldman Sachs Group, Inc. (collectively, "Goldman Sachs") to produce documents in compliance with Rule 2004 of the Federal Rules of Bankruptcy Procedure, and respectfully represent:

### **PRELIMINARY STATEMENT**

1.  In the course of the Debtors' investigation of possible claims arising from injuries to their businesses as the result of rumors spread during the financial crisis of 2008, the Debtors, in April 2010, served subpoenas upon Goldman Sachs pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Bankruptcy Rule 2004"). Following the service of the subpoenas, the parties agreed that Goldman Sachs would produce to the Debtors documents that it had previously produced to the Securities and Exchange Commission, the U.S. Attorney's Office, and the New Jersey Bureau of Securities in connection with Lehman-specific inquiries (the "Governmental Production"). Upon review of these documents, the Debtors determined that the Governmental Production was insufficient for the purposes of their investigation, and on March 1, 2008, the Debtors submitted a request for additional documents. In the course of negotiations with Goldman Sachs, the Debtors have narrowed these supplemental requests to a search of the e-mails and instant messages of a limited number of custodians through the use of search terms designed to capture material documents, and the searches are limited to a four-month period. Goldman Sachs, however, in an apparent attempt to run out the statute of limitations, has moved glacially in complying with the Debtors' request for documents, prejudicing the Debtors' ability to obtain Bankruptcy Rule 2004 discovery before making a determination as to whether to assert claims. The Debtors, therefore, respectfully request that the Court order Goldman Sachs to complete its production within two weeks of the order determining this motion.

### **JURISDICTION**

2.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b). The statutory basis for the relief requested herein is Bankruptcy Rule 2004.

## STATEMENT OF FACTS

3. On January 28, 2010, the Court approved the Debtor's retention of Kasowitz, Benson, Torres & Friedman, LLP ("KBT&F") for the purpose of investigating "third parties who may have . . . taken actions or made statements that interfered with, and damaged, the Debtor's business." (Docket No. 6808.) In April of 2010, the Debtors, through KBT&F, served subpoenas pursuant to Bankruptcy Rule 2004 upon Goldman Sachs & Co. and Goldman Sachs Group, Inc. (Dunn Aff. ¶ 2.) After Goldman Sachs served objections to these subpoenas, the parties arrived at a negotiated resolution whereby Goldman Sachs agreed to produce certain trading data and the Governmental Production. (*Id.*) The parties further agreed that the Debtors would have the opportunity to request additional documents if the Governmental Production proved insufficient, and Goldman Sachs reserved its right to object to any such request. (*Id.*)

4. On February 18, 2011, Goldman Sachs produced the small number of documents – 2,136 in all – comprising the Governmental Production. (Dunn Aff. ¶ 3.) Upon review of those documents, it became clear that the Governmental Production was insufficient for the purposes of the Debtors' investigation, because those documents did not: (1) contain documents produced from custodians involved in proprietary trading in Goldman Sachs' London office; (2) contain documents produced from custodians involved in marketing Goldman Sachs' prime brokerage services to hedge funds and large financial institutions; (3) covered only a small portion of the time period during which false rumors were directed at Lehman in the marketplace; and (4) covered only a small portion of the rumors that were directed at Lehman during that time. (*Id.*)

5. On March 1, 2011, the Debtors requested additional documents from Goldman Sachs. Again, the parties began to negotiate regarding the scope of the requested supplemental

3

production, including negotiations as to search terms to be used to search electronically-stored information ("ESI") and the custodians whose ESI would be searched. (Dunn Aff. ¶ 4.) The Debtors agreed to limit the production to e-mails and instant messages, and submitted search terms to Goldman Sachs that were drafted to cover the period during which Lehman was targeted by rumors. (*Id.*) These search terms were designed to capture the substance and content of the rumors and communications with parties who may have knowledge of the rumors. (*Id.*) In response to Goldman Sachs' objections, the Debtors have narrowed the scope of the search terms five times. (*Id.*) For example, the Debtors reduced the date range of the searches by two months – to a narrow four-month period. (*Id.*)

6.  During the negotiations, the Debtors requested that Goldman Sachs identify and search: (1) custodians located in New York who were involved in marketing prime brokerage services to hedge funds; and (2) custodians involved in the proprietary trading of Lehman securities in Goldman Sachs' London office. (Dunn Aff. ¶ 5.) The Debtors selected these custodians, because their investigation has revealed that Goldman Sachs employees involved in the marketing prime brokerage services and in London-based proprietary trading may have been involved in originating or spreading rumors about Lehman. (*Id.*) Documents from these custodians were not included in the Governmental Production, and apparently were not provided to the SEC and other governmental agencies in the course of their investigations. (*Id.*)

7.  Goldman Sachs, however, was slow to identify custodians. It refused to provide organization charts to help the Debtors identify individuals involved in marketing prime brokerage services. (Dunn Aff. ¶ 6.) In an effort to keep this matter from taking up the Court's time, since March 1, 2011, the Debtors have held at least thirteen conference calls with Goldman Sachs. (*Id.*)

4

8.    Finally, in early May, Goldman Sachs' counsel informed the Debtors that it has identified 27 London-based custodians involved in the proprietary trading of Lehman securities during the relevant period and ten custodians involved in the marketing of prime brokerage services. Goldman Sachs, however, initially agreed only to search 18 of the identified 37 custodians. (Dunn Aff. ¶ 7.) Thus, it agreed to search the ESI of the ten custodians involved in marketing, but would only agree to search eight of the 27 identified London-based individuals involved in proprietary trading. (*Id.*) When the Debtors refused to agree to this proposal, because they would have been prejudiced by not having the documents of 19 custodians, the parties held a "meet and confer" pursuant to Local Bankruptcy Rule 7007-1(a), but could not agree on the custodians to be searched or when documents would be produced. (Dunn Aff. ¶ 8.)

9.    On May 16, 2011, the Court graciously held an informal Rule 7007-1(b) conference by telephone with the Debtors and Goldman Sachs, during which the Court expressed skepticism of Goldman Sachs' argument for limiting the number of custodians. (Dunn Aff. ¶9.) Following that conference, Goldman Sachs agreed to produce documents from all 37 custodians. (*Id.*) However, it would not commit to a date on which its production would be commenced or completed. (*Id.*) Following the Rule 7007-1(b) conference, the Debtors have held additional calls with Goldman Sachs counsel concerning its document production. (*Id.*) During the last call, on May 31st, Goldman Sachs informed the Debtors that it had only commenced running the search terms on eleven of the 37 identified custodians, that Goldman Sachs was unable to commit to when it would begin producing documents, and that Goldman Sachs was unable to commit to when it will complete its production. (*Id.*)

## RELIEF REQUESTED

10. Goldman Sachs is deliberately moving at a glacial pace in an effort to run out the statute of limitations without producing the requested documents. The Debtors submitted their initial supplemental request for documents nearly three months ago – on March 1, 2011. While the Debtors have informed Goldman Sachs that they will view Goldman Sachs' lack of cooperation with their Bankruptcy Rule 2004 investigation as evidence of culpability, the Debtors will be prejudiced in making their determination as to whether to assert claims against Goldman Sachs without the production of the requested documents. Therefore, by this motion, the Debtors respectfully request that the Court order Goldman Sachs to complete its production within two weeks of the order determining this motion.

## ARGUMENT

11. While scope of examinations permitted under Bankruptcy Rule 2004 is extremely broad, *see, e.g., In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (stating that the scope of an examination under Rule 2004 is broader than the scope of examination provided for under the Federal Rules of Civil Procedure and has fewer procedural safeguards), the Debtors' request to Goldman Sachs is narrow in scope. The additional document production sought by the Debtors is limited to a four month period, limited by search terms tailored to capture the substance and content of the rumors and communications with parties that may have knowledge of the rumors, and limited to a narrow number of identified custodians with possible knowledge of the rumors. Given its enormous wealth and resources, Goldman Sachs clearly is not burdened by undertaking this modest production. Its ongoing

6

delay is little more than a pretext to run out the statute of limitations without producing material evidence.

## NOTICE

12. The Debtors have served notice of this motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

## CONCLUSION

Based on the foregoing, the Debtors respectfully request that the Court order Goldman Sachs to complete its document production by two weeks from the date of the order determining this motion

Dated: May 31, 2011
New York, New York

          KASOWITZ, BENSON, TORRES
          & FRIEDMAN LLP

          By: /s/ Gary W. Dunn
          Marc E. Kasowitz (mkasowitz@kasowitz.com)
          Michael J. Bowe (mbowe@kasowitz.com)
          Robert N. Novick (rnovick@kasowitz.com)
          Albert S. Mishaan (amishaan@kasowitz.com)
          Gary W. Dunn (gdunn@kasowitz.com)

          1633 Broadway
          New York, New York 10019
          Tel.: (212) 506-1700
          Fax: (212) 506-1800

Special Counsel for Debtors and
Debtors in Possession