Presentment Date and Time: June 10, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: June 9, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): June 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :    08-13555 (JMP)
                                                            :
                            Debtors.                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SUPPLEMENTAL ORDER REINSTATING CLAIM**

      **PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **June 10, 2011 at 12:00 noon (Prevailing Eastern Time)**. The Supplemental Order supplements the Order Granting Debtors' One Hundred Twelfth Omnibus Objection to Claims (Invalid Blocking Number LPS Claims), dated April 28, 2011 [Docket No. 16342], and reinstates previously disallowed and expunged claim number 34687.

      **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **June 9, 2010 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **June 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

      **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 31, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

## SUPPLEMENTAL ORDER REINSTATING CLAIM

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' One Hundred Twelfth Omnibus Objection to Claims (Invalid Blocking Number LPS Claims)*, dated March 14, 2011 [Docket No. 15014] (the "One Hundred Twelfth Omnibus Objection to Claims"), against claim number 34687 (the "Claim"), which was filed by Franz Guenther Lamprecht (the "Claimant");

WHEREAS the One Hundred Twelfth Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedures, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), to disallow and expunge the Claim on the grounds that the Claim failed to

US_ACTIVE:\43706183\04\58399.0008

include a valid Euroclear[1] electronic instruction reference number or a Clearstream blocking reference number (a "Blocking Number") as required by the Bar Date Order, all as more fully described in the One Hundred Twelfth Omnibus Objection to Claims;

WHEREAS the Debtors did not receive a response to the One Hundred Twelfth Omnibus Objection to Claims on behalf of the Claim prior to the deadline to respond to such objection, which was April 13, 2011 at 4:00 p.m. (Prevailing Eastern Time);

WHEREAS the Court held a hearing on April 28, 2011 (the "Omnibus Hearing") to consider the relief requested in the One Hundred Twelfth Omnibus Objection to Claims;

WHEREAS the Court entered an order on April 28, 2011[Docket No. 16342] granting the relief requested in the One Hundred Twelfth Omnibus Objection to Claims (the "Order"), which, among other things, expunged and disallowed the Claim;

WHEREAS unbeknownst to the Debtors at the time of the Omnibus Hearing, the Claimant had timely filed a response to the One Hundred Twelfth Omnibus Objection to Claims (the "Response").  The Debtors did not receive the Response until after entry of the Order.  The Response included a valid Blocking Number, and, as a result, the Debtors would have withdrawn the One Hundred Twelfth Omnibus Objection to Claims as to the Claim.

**IT IS HEREBY**:

ORDERED that the Claim is reinstated; and it is further

ORDERED that the court-approved claims and noticing agent, Epiq, shall be authorized and directed to immediately reinstate the Claim on the Debtors' official claims register; and it is further

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the One Hundred Twelfth Omnibus Objection to Claims.

ORDERED that the rights of the Debtors and any other party in interest to object to the Claim on any ground other than those set forth in the One Hundred Twelfth Omnibus Objection to Claims are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that other than with respect to the Claim, this Supplemental Order shall have no affect on the claims subject to the Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, 2011
       New York, New York

                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE