KLEYR GRASSO ASSOCIES
*Avocats à la Cour*
122, rue Adolphe Fischer
L-2015 Luxembourg
LUXEMBOURG
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

Special Counsel to Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.* | : | **08-13555 (JMP)** |
| **Debtors** | : | **(Jointly Administered)** |

————————————x

**FOURTH INTERIM APPLICATION OF**
**KLEYR GRASSO ASSOCIES, SPECIAL COUNSEL TO**
**THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

**FOR THE SEVENTH INTERIM PERIOD**

| | |
|---|---|
| Name of Applicant: | KLEYR GRASSO ASSOCIES |
| Role in Case: | Special Counsel to Debtors and Debtors in Possession |
| Date of Retention: | June 1, 2009 |
| Period for which Compensation and Reimbursement are Sought: | October 1, 2010 to January 31, 2011 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 72,948.45 (being the equivalent amount of € 54,597.-) |
| Amount of Disbursements and Expenses Reimbursement Sought as Actual, Reasonable and Necessary: | $1,602.96 (€1,208.41) |
| Total Amount Sought: | $ 74,551.41 (€ 55,805.41) |
| This is an: | Interim Fee Application |

1

| | |
|---|---|
| Prior Applications: | First Interim Fee Application relating to the period June 1, 2009 to January 31, 2010 filed on April 12, 2010 |
| | Second Interim Fee Application relating to the period February 1, 2010 to May 31, 2010 filed on August 16, 2010 |
| | Third Interim Fee Application relating to the period June 1, 2010 to September 30, 2010 filed on December 14, 2010. |
| Prior Amounts Requested | |
| Fees Previously Requested: | First Interim Fee Application $ 244,551.06 (€ 180,015.50) |
| | Second Interim Fee Application $ 198,958.50 (€ 150,809.-) |
| | Third Interim Fee Application $ 65,871.59 (€ 50,125.-) |
| Fees Previously Awarded: | First Interim Fee Application $ 216,918.02 |
| | Second Interim Fee Application $ 123,264.86 |
| | Third Interim Fee Application $ 0.00 |
| Disbursements and Expenses Previously Requested: | First Interim Fee Application $ 3,981.74 (€ 2,930.98) |
| | Second Interim Fee Application $ 4,706.27 (€ 3,595.88) |
| | Third Interim Fee Application $ 2,138.- (€ 1,627.42) |
| Disbursements and Expenses Previously Awarded: | First Interim Fee Application $ 2,935.61 |
| | Second Interim Fee Application $ 3,780.13 |
| | Third Interim Fee Application |
| Aggregate Amounts Paid to Date: | $ 454,101.92 |

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR
PERIOD FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

Below is a list of each individual at KLEYR GRASSO ASSOCIES who has performed work during the Interim Period, as defined later herein, on behalf of the Debtors, the position of each such individual in the Firm, the year of admittance to practice of each individual, his or her hourly billing rate, the aggregate time expended by each individual during the Interim Period, and the amount of KLEYR GRASSO ASSOCIES fees attributable to each individual during the Interim Period.

We wish to stress, in order to avoid any confusion, that internally, junior lawyers, although already admitted to the Luxembourg Bar Association *("avocats")* rank as (Junior) Associates, with the lowest billing rates applied by our firm.

After having passed and succeeded a "second" bar examination, they will become qualified lawyers *("avocats à la Cour")* and their internal status will be Associate, with a higher billing rate.

Accordingly, the trainee lawyers, Associates, ranking internally as Junior, can be distinguished from the qualified lawyers, Associates, using their billing rate[1] of (€175.- / € 195.-), while the usual billing rate of (non Junior) Associates is (€ 235.- / € 255.-).

All amounts herein are set out in US dollars and additionally in the conversion amount in euros.

The US dollars amounts set forth herein result from the addition of all the USD amounts set forth in the relevant monthly statements, whereby such amounts were converted from euro to US dollars using the official exchange rate of the European Central Bank as of the day of submission of each monthly statement, being (i) November 26, 2010 for the October 2010 monthly statement (Euro/USD rate 1.3225), (ii) December 23, 2010 for the November 2010 monthly statement (Euro/USD rate 1.3064), (iii) January 28, 2011 for the December 2010 monthly statement (Euro/USD rate 1.371) and (iv) February 21, 2011 for the January 2011 monthly statement (Euro/USD rate 1.3668).

The Fee Committee has requested that a "true-up" calculation be included in each interim fee application, based on the exchange rate applicable as of the final day of the relevant interim period.

Accordingly, using the official exchange rate of the European Central Bank as of the final day of this interim period, being January 31, 2011 (Euro/USD rate 1.3692), the "true-up" calculation is as follows:

Total fees for the interim period: € 54,597.- / $ 74,754.21

Total disbursements for the interim period: € 1,208.41 / $ 1,654.55

---

[1] Please note that billing rates applied by KGA have been increased (for the first time since the beginning of this Chapter 11 case) with effect as of January 1, 2011, as further disclosed in a supplemental declaration filed on May 3, 2011 [Docket No 16534].

| Name of Professional & Title | Year Admitted to Practice | Billing Rate in EUR until December 31, 2010 | Billing Rate in EUR as from January 1, 2011 | Total Hours Billed | Fee Totals in USD | Fee Totals in EUR |
|---|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | € 420.- | 39:24 | $ 20,034.37 | € 15,249.5 |
| Marc Kleyr, Managing Partner | 1991 | € 385.- | € 420.- | 42:00 | $ 22,197.84 | € 16,425.5 |
| Pascal Sassel[2] Senior Associate | 2002 | € 275.- | € 420.- | 07:00 | $ 2,553.84 | € 1,925.- |
| Jérôme Burel, Senior Associate | 2005 | € 235.- | € 295.- | 47:12 | $ 15,715.26 | € 11,680.- |
| Henry De Ron Associate | 2008 | € 175.- | € 255.- | 06:54 | $ 2,404.88 | € 1,759.5 |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | € 195.- | 36:06 | $ 8,390.76 | € 6,343.5 |
| Katia Bartholomé, Associate | 2009 | € 175.- | € 195.- | 06:24 | $ 1,651.5 | € 1,214.- |
| **TIME CHARGES TOTAL:** | | | | 185:00 | $ 72,948.45 | € 54,597.- |

**Total Hours:**         185:00
**Total Fees:**         $ 72,948.45 (€ 54,597.-)
**Blended Hourly Rate:**   $ 394.32 (€ 295.12)

---

[2] Please note also that, effective January 1, 2011, (i) Me Pascal Sassel has been promoted from Senior Associate to Partner, (ii) Me Jérôme Burel has been promoted from Associate to Senior Associate and (iii) Me Henry De Ron has been promoted from Junior Associate to Associate.

KLEYR GRASSO ASSOCIES
*Avocats à la Cour*
122, rue Adolphe Fischer
L-2015 Luxembourg
LUXEMBOURG
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

Special Counsel to Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.* | : | **08-13555 (JMP)** |
| **Debtors** | : | **(Jointly Administered)** |

----------------------------------x

**FOURTH INTERIM APPLICATION OF**
**KLEYR GRASSO ASSOCIES, SPECIAL COUNSEL TO**
**THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

**FOR THE SEVENTH INTERIM PERIOD**

KLEYR GRASSO ASSOCIES ("Kleyr Grasso"), special counsel for Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (collectively,

the "Debtors"), submits this fourth interim application (the "Fourth Interim Application") seeking

allowance of (a) compensation for professional services rendered by Kleyr Grasso to the

Debtors in the amount of $ 72,948.45 (€ 54,597.-), and (b) reimbursement of actual and

necessary expenses and disbursements incurred by Kleyr Grasso in the rendition of required

professional services on behalf of the Debtors in the amount of $ 1,602.96 (€1,208.41), in each

case for the period from October 1, 2010 through January 31, 2011 (the "Interim Period")

pursuant to section 330(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States

Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"),

General Order M-389, Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases (the "Local Guidelines"), the Fourth Amended

5

Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly Compensation of Professionals, entered in these cases on April 14, 2011 (the "Interim Compensation Order"), and the Fee Committee Guidelines (as defined below and, collectively with the UST Guidelines, the Local Guidelines and the Interim Compensation Order, the "Guidelines"). In support of this Fourth Interim Application, Kleyr Grasso respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the other Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate. On January 19, 2009, the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

5.      On January 25, 2011, the Debtors filed the first amended joint chapter 11 plan and disclosure statement [Docket Nos. 14150 and 14151].

6.      This Fourth Interim Application is submitted in accordance with the Interim Compensation Order, which is annexed hereto as Exhibit A.

7.      On January 24, 2011, the Court entered an order modifying the composition of the fee committee (the "Fee Committee") that had previously been appointed in these chapter 11 cases [Docket No. 14117]. On April 14, 2011, the Court entered an order approving a revised fee protocol (the "Fee Protocol")setting forth certain procedures and guidelines with respect to the fees and expenses of retained professionals in these cases [Docket No. 15998] (the "Fee Committee Guidelines").

8.      On April 12, 2010, Kleyr Grasso filed its first interim fee application (the "First Interim Application", [Docket No. 8241]) in connection with the rendering of services from June 1, 2009 through January 31, 2010.

9.      On August 16, 2010, Kleyr Grasso filed its second interim fee application (the "Second Interim Application", [Docket No. 10774]) in connection with the rendering of services from February 1, 2009 through May 31, 2010.

10.     On December 14, 2010, Kleyr Grasso filed its third interim fee application (the "Third Interim Application"), [Docket No. 13464]) in connection with the rendering of services from June 1, 2010 through September 30, 2010.

### Retention of Kleyr Grasso

11.     On March 2, 2010, the Debtors filed their Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ and Retain Kleyr Grasso as Special Counsel to LBHI, effective *nunc pro tunc* to June 1, 2009 (the "Engagement Date") with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein.

12.     On March 25, 2010, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kleyr Grasso as Special Counsel to the Debtors, *nunc pro tunc* to the Engagement Date (the "Retention Order", [Docket No. 7825]).

13.     Pursuant to the Retention Order, Kleyr Grasso has been retained to continue its engagement as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions which arise or may arise in relation to direct or indirect subsidiaries as well as affiliates for which it is likely that these are Luxembourg entities/undertakings of LBHI (the "Luxembourg Entities"); thus Kleyr Grasso provides legal services as to the Debtors in matters not directly related to these chapter 11 cases, but solely concerning the Luxembourg Entities and Luxembourg law (the "Luxembourg Matters"). Kleyr Grasso does not and will not represent the Lehman Entities with respect to matters pending or that may arise in this Court, other than matters pertaining to Kleyr Grasso's employment. Kleyr Grasso has entered into and/or is in the process of entering into some separate engagements with certain Luxembourg Entities that will be disclosed in more details in a supplemental declaration that will be filed with this Court shortly.

## Relief Requested

14.     Prefixed to this Fourth Interim Application is the cover sheet required by the UST Guidelines, which includes a schedule setting forth the names of all Kleyr Grasso professionals who have performed services for which compensation is sought, the person's position in the Firm, and the year each lawyer was first admitted to practice law. In addition, the schedule sets forth for each person (a) the hourly rate(s) during the Interim Period, (b) the total hours billed during the Interim Period, and (c) the total compensation for such hours. The rate for each of the individuals listed in afore mentioned cover sheet is equal to the billing rate for such individual's time for similar services to clients in connection with other similar matters. Kleyr Grasso believes that these rates are equal to or less than the rates charged by professionals with similar experience.

15.     By this Fourth Interim Application, Kleyr Grasso seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Interim Period in the aggregate amount of $ 72,948.45 (€ 54,597.-), and for reimbursement of actual, necessary expenses and disbursements incurred during the Interim Period in connection with such services in the aggregate amount of $ 1,602.96 (€1,208.41).

**Kleyr Grasso's Fees**

16.     This Fourth Interim Application is filed in accordance with the Interim
Compensation Order.

The Debtors have incurred fees of $ 72,948.45 (€ 54,597.-) for services rendered over  185,00
hours by Kleyr Grasso during the Interim Period, resulting in a blended hourly rate of
approximately $ 394.32 (€ 295.12).

17.     For services rendered for the period from and including October 1,
2010 through October 31, 2010 (the "October 2010 Statement Period"), Kleyr Grasso has been
paid, in accordance with the Interim Compensation Order $ 0.00, representing zero percent
(0.00%) of the $ 15,684.19 (€ 11,859.50) total fees incurred by the Debtors for services
rendered for the October 2010 Statement Period.

18.     For services rendered for the period from and including November 1,
2010 through November 30, 2010 (the "November 2010 Statement Period"), Kleyr Grasso has
been paid, in accordance with the Interim Compensation Order $ 21,271.18, representing eighty
percent (80.00%) of the $ 19,930.00 (€ 26,036.55) total fees incurred by the Debtors for
services rendered for the November 2010 Statement Period.

19.     For services rendered for the period from and including December 1,
2010 through December 31, 2010 (the "December 2010 Statement Period"), Kleyr Grasso has
been paid, in accordance with the Interim Compensation Order $ 14,499.87, representing eighty
percent (80.00%) of the $ 17,761.31 (€ 12,955.00) total fees incurred by the Debtors for
services rendered for the December 2010 Statement Period.

20.     For services rendered for the period from and including January 1,
2011 through January 31, 2011 (the "January 2011 Statement Period"), Kleyr Grasso has been
paid, in accordance with the Interim Compensation Order $ 0.00, representing zero percent
(0.00%) of the $ 13,466.40 (€ 9,852.50.-) total fees incurred by the Debtors for services
rendered for the September 2010 Statement Period.

21.    Kleyr Grasso has annexed to the Fourth Interim Application, as <u>Exhibit B</u>, a copy of the invoices for the October 2010 Statement Period, the November 2010 Statement Period, the December 2010 Statement Period, and the January 2011 Statement Period, together with the respective summary sheet belonging to each of the afore mentioned respective statement period. Attached to each invoice are the relevant daily time records broken down by matter and listing the name of the individual performing the services, the date on which the services were performed, and the amount of time spent performing the services.

Additionally, annexed to this Fourth Interim Application, (i) as <u>Exhibit C,</u> is a list of all of the matters for which services were rendered and the aggregate amount of hours and fees expended for such matters during the Interim Period, and (ii) as <u>Exhibit D</u>, is a summary table identifying every timekeeper who provided services in each task code with the relevant hours and fees expended per task code during the interim period.

22.    One objection has been submitted by the United States Trustee for the Southern District of New York to Kleyr Grasso with respect to Kleyr Grasso's monthly statement relating to the January 2011 Statement Period. This objection was (i) mainly based on the fact that Kleyr Grasso supplemental declaration disclosing the increase, effective January 1, 2011 of the hourly rates applied by Kleyr Grasso (the first increase applied by Kleyr Grasso since the beginning of this Chapter 11 case) was not then filed with this Court and (ii) limited to the amount resulting out of the applied increase. This supplemental declaration has been filed in the meanwhile [Docket No 16534].

23.    By this Fourth Interim Application, Kleyr Grasso seeks allowance for payment of $ 72,948.45 (€ 54,597.-), which amount represents hundred percent (100%) of the total of Kleyr Grasso's requested fees during the Interim Period, as special counsel to the Debtors.

24.    During the Interim Period, Kleyr Grasso lawyers expended a total of roughly 185,00 hours for services provided in connection with the Luxembourg Matters (more precisely described below in section "Summary of Services by Categories"), and incurred fees in the total amount of $ 72,948.45 (€ 54,597.-), and disbursements and expenses in the total amount of $ 1,602.96 (€ 1,208.41) in connection with such services.

25.    The services performed and expenses incurred by Kleyr Grasso during the Interim Period were provided only on behalf of and rendered a benefit to LBHI.

26.    In sum, pursuant to this Fourth Interim Application, Kleyr Grasso hereby seeks allowance and compensation from the Debtors' estates of the following:

(a)    Compensation for professional services rendered during the Interim Period in the aggregate amount of $ 72,948.45 (€ 54,597.-); and

(b)    Reimbursement of disbursements and expenses incurred during the Interim Period in connection with such services in the aggregate amount of $ 1,602.96 (€ 1,208.41), while as a matter of courtesy / voluntary reduction, only external disbursements have been invoiced to the exclusion of any other expenses (like photocopying, online legal researches, etc...) .

27.    Annexed hereto, as Exhibit C, is a summary of all services rendered by Kleyr Grasso during the Interim Period by project category. Annexed hereto, as Exhibit D, is a summary table identifying every timekeeper who provided services in each task code with the relevant hours and fees expended per task code during the interim period. Annexed hereto, as Exhibit E, is a summary of time charges and hourly rates by professional. Annexed hereto, as Exhibit F, is a summary of the types of expenses for which reimbursement is sought. Annexed hereto, as Exhibit G, is the certification of Rina Breininger, Partner of Kleyr Grasso, with respect to this Fourth Interim Application pursuant to the Local Guidelines.

28.    During the Interim Period, Kleyr Grasso encountered a variety of challenging legal issues, often requiring substantial research and negotiation. When possible, Kleyr Grasso delegated tasks to lower cost junior lawyers, being stressed that Kleyr Grasso, as a small sized law firm in Luxembourg, does not employ so-called "paralegals" often employed at the level of U.S. law firms. This approach has resulted in enhanced cost efficiency. Kleyr Grasso submits that the services it rendered were beneficial to the Debtors' estate and were performed efficiently, economically and effectively and in a manner commensurate with the complexity, importance and nature of the problems, issues and tasks involved. Moreover, the Firm's request for compensation is reasonable in light of the nature, extent, and value of its services to the Debtors. Accordingly, approval of the compensation for professional services sought herein is warranted.

29.    All services for which Kleyr Grasso seeks compensation were performed for and on behalf of the Debtors. No agreement or understanding exists between the Firm and any other person for the sharing of compensation to be received for the services rendered in connection with the Firm's representation of the Debtors. No action prohibited by Section 504 of the Bankruptcy Code has been, or will be, made by Kleyr Grasso; see hereto the Affidavit of Marc Kleyr, Esq., dated February 26, 2010, annexed to this Fourth Interim Application as Exhibit G.

### Summary of Services Rendered

30.    The names of the partners and associates of Kleyr Grasso, who have rendered professional services in this case during the Interim Period, are set forth in the attached Exhibit E and in the cover sheet to this Fourth Interim Application.

31.    Kleyr Grasso, by and through the above-named persons, has prepared and assisted in the preparation of various documents, advised the Debtors on a regular basis with respect to the Luxembourg Matters, and performed all necessary professional services which are described and narrated in detail below and in the time sheets of the invoices attached hereto as Exhibit B.

### Summary of Services by Categories

32.    The services rendered by Kleyr Grasso during the Interim Period can be grouped into the categories set forth below. Kleyr Grasso, as a non-U.S. law firm, has been advised that, except as regards (a) the preparation of the documentation in order to be retained as special counsel in accordance with the applicable U.S. law requirements, and (b) the preparation of monthly statements and fee applications, all the services rendered by Kleyr Grasso with respect to the Luxembourg Matters, should be considered as being performed in relation with the project category "International Assets". Furthermore a summary table identifying every timekeeper who provided services in each task code with the relevant hours and fees expended per task code during the interim period has been annexed hereto, as Exhibit D.

### A.    International Assets

33.    Time billed in this category relates to the services performed by Kleyr
Grasso in connection with the Firms function as "interface" in between Alvarez & Marsal North
America, LLC ("A&M"), the Debtors' Chief Restructuring Officers, WGM, the Debtors' general
bankruptcy counsel, on one side, and the Luxembourg authorities on the other side. In this
context, Kleyr Grasso assisted A&M during the Interim Period with providing frequently
information as regards the Luxembourg Entities; especially but not limited to information
relevant and necessary to gain and/or to maintain the assets of certain Luxembourg Entities.
Thereby, Kleyr Grasso provided information concerning the current and former managers and
the registered offices of the Luxembourg Entities as well as, if possible, information as regards
assets and real estate owned by the Luxembourg Entities. With respect to the Luxembourg
Entities which are already under A&M's control, Kleyr Grasso was advising the people from
A&M as regards their obligations as managers of these Luxembourg Entities and supported
them – where required – in providing information to and/or liaising with the Luxembourg
authorities (especially tax authorities) and/or drafting of required Luxembourg corporate
documentation. The moreover, Kleyr Grasso liaised with the domiciliation agents of certain
Luxembourg Entities in order to get access to the corporate documents deposited with these
domiciliation agents in order to assess the accurate assets/liabilities situation of the relevant
Luxembourg Entities. Some of the Luxembourg Entities have been involved in transactions
outside Luxembourg; Kleyr Grasso assisted in these transactions as legal advisor with respect
to the Luxembourg law issues. Kleyr Grasso reviewed and analyzed the transactional
documents based on criteria set by the Debtors and its subsidiaries in making determinations
whether such contracts and the underlying relationships are meeting the requirements of the
Debtors and its subsidiaries.

A more detailed identification of the actual services rendered in relation with the aforementioned
transactions set forth in the service descriptions on the invoices annexed hereto as Exhibit B.

34.    Kleyr Grasso performed services with respect to issues relating to a
transaction referred to as Fortezza, a deal in which Lehman Commercial Paper Inc., United
Kingdom Branch, ("LCPI") lent funds to a Fortress related entity for a real estate investment in
Italy. KCKG assisted the team of Weil, Gotshal & Manges LLP, One South Place, London,
EC2M 2WG and A&M as regards Luxembourg law issues of the Fortezza transaction, especially
Kleyr Grasso analyzed and made comments to the Luxembourg security release documentation
in connection with the reimbursement by Fortezza of the facility granted by LCPI.

13

35.     The services performed by Kleyr Grasso during the Interim Period were also related to a proof of claim for a total amount of 4.524.202.964,00 EUR, filed on or about July 24, 2009 by the administrators of LEHMAN BROTHERS INTERNATIONAL EUROPE (in administration) in the liquidation of LEHMAN BROTHERS (Luxembourg) S.A. under compulsory liquidation (*en liquidation judiciaire*). More precisely, since certain LEHMAN BROTHERS (Luxembourg) S.A.'s obligations have been guaranteed by LBHI, Kleyr Grasso assisted, at the request of A&M, the Luxembourg liquidators of LEHMAN BROTHERS (Luxembourg) S.A. in the rejection process of LEHMAN BROTHERS INTERNATIONAL EUROPE (in administration) alleged claim in the liquidation of LEHMAN BROTHERS (Luxembourg) S.A. under compulsory liquidation (*en liquidation judiciaire*).

36.     Kleyr Grasso performed services with respect to issues relating to the liquidation of the so-called Brasstown entities in relation to which the annual accounts have/had to be prepared with respect to several years and certain tax liabilities to be dealt with as a matter of urgency. In particular, Kleyr Grasso liaised with various departments of the Luxembourg tax authorities in order to get deadline extensions granted to the Brasstown entities in order to avoid judicial enforcement proceedings started at the request of the tax authorities.

Fees: $ 56,374.55 (€42,234.5)                    Total hours: 127:00

## B.     Special Counsel Procedure

37.     This category includes reviewing of legal applicable provisions (UST Guidelines, Local Guidelines, the Interim Compensation Order, Fee Protocol, OCP Order, etc...), drafting, revising and reviewing documents related to (i) the preparation of a supplemental declaration with respect to Kleyr Grasso's engagements relating to certain Luxembourg Entities and which do not fall in the scope of theses Chapter 11 proceedings and (ii) the increase of Kleyr Grasso's billing rates effective January 1, 2011, (iii) reviewing BrownGreer fifth interim billing summary report and (iv) drawing comments/answers in relation thereto.

Fees: $ 4,173.68 (€ 3,131.-)                    Total hours: 16:00

### C.    Preparation of monthly statements and fee applications

38.    In connection with this matter, Kleyr Grasso prepared and served monthly fee statements in accordance with the Guidelines. Tasks included reviewing all expenses, timekeeper entries, and fee statement schedules and tables for accuracy and compliance with the Guidelines. As requested, Kleyr Grasso also provided excel versions of its invoices including the conversion of all amounts thereof in USD. Additionally, Kleyr Grasso prepared and served its Third Interim Application. Finally, Kleyr Grasso responded to requests from the Fee Committee.

Fees: $ 12,400.18 (€ 9,231.5)          Total hours: 42:00

### Expenses Incurred by Kleyr Grasso

39.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy Code. The total amount of the expenses and disbursements is $ 1,602.96 (€1,208.41) for the Interim Period, as detailed in the attached Exhibit F. As set forth above, Kleyr Grasso seeks reimbursement for external disbursements only, incurred in rendering services to the Debtors during the Interim Period in the amount of 1,602.96 (€1,208.41).

40.    In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, Kleyr Grasso maintains the following policies with respect to expenses for which reimbursement is sought herein:

(a) No amortization of the cost of any investment, equipment, or capital outlay is included in the expenses. In addition, for those items or services that Kleyr Grasso purchased or contracted from a third party (such as the Luxembourg register of commerce and companies), Kleyr Grasso seeks reimbursement only for the exact amount billed to Kleyr Grasso by the third party vendor and paid by Kleyr Grasso to the third party vendor; such costs being referred to as disbursements.

(b) Photocopying as well as long distance calls and online legal researches were not charged by Kleyr Grasso, as a matter of courtesy, so that finally only disbursements are (re-)charged to the Debtors.

### The Requested Compensation Should Be Allowed

41.     Section 330 of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 or 1103 of the Bankruptcy Code:

(A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)     reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1). Section 330(a)(3)(A) further provides the following standards for the Court's review of a fee application:

42.     In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)     whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3)(A).

43.     Kleyr Grasso respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein. The services described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' chapter 11 cases. Kleyr Grasso's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks. Furthermore, the compensation sought by Kleyr Grasso is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the compensation sought herein is warranted.

### Statements of Kleyr Grasso Pursuant to Bankruptcy Rule 2016(a)

44.     After have been retained, *nunc pro tunc* to June 1, 2009, as special counsel to the Debtors by the Retention Order dated March 25, 2010, Kleyr Grasso has submitted monthly statements during the Interim Period. Kleyr Grasso submitted monthly statements with respect to (a) October 2010 (the "October Statement") on November 26, 2010, (b) November 2010 (the "November Statement") on December 23, 2010, (c) December 2010 (the "December Statement") on January 28, 2011 and (d) January 2011 (the "January Statement") on February 21, 2011.

45.     No agreement or understanding exists between Kleyr Grasso and any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Kleyr Grasso. All of the services for which compensation is sought in this Fourth Interim Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or on behalf of, any other person or entity.

### Notice

46.     Notice of this Fourth Interim Application and its exhibits will be given to (a) the Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Creditors' Committee; and (e) the Fee Committee. Kleyr Grasso respectfully submits that no other or further notice is required.

WHEREFORE, Kleyr Grasso respectfully requests that the Court enter an order: (a) allowing interim compensation of $ 72,948.45 (€ 54,597.-) to Kleyr Grasso for professional services rendered as special counsel for the Debtors during the Interim Period, plus reimbursement of actual and necessary expenses and disbursements incurred in the sum of $ 1,602.96 (€1,208.41), in connection with Kleyr Grasso's services during the Interim Period; (b) authorizing and directing the Debtors to pay to Kleyr Grasso any and all unpaid amounts for the Interim Period in the amount of $ 38,780.36 and (c) granting to Kleyr Grasso such other and further relief as the Court may deem proper.

Dated: June 1, 2011                    KLEYR GRASSO ASSOCIES


By
Rina Breininger
122, rue Adolphe Fischer
L-1521 Luxembourg
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

**EXHIBIT A**

**INTERIM COMPENSATION ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------- x
In re                                            :       Chapter 11
                                                 :
LEHMAN BROTHERS HOLDINGS, INC. et al.,           :       Case No. 08-13555 (JMP)
                                                 :
                             Debtors.            :       (Jointly Administered)
                                                 :
------------------------------------------------- x
```

### FOURTH AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the proposed amended order filed March 11, 2011 and April 6, 2011 (the "**Fourth Amended Order**") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "**Debtors**" and, together with their non-debtor affiliates, "**Lehman**"), pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to establish procedures for interim monthly compensation and reimbursement of expenses of professionals (the "**Professionals**")—all as more fully described in the Debtors' Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated October 11, 2008 (the "**Motion**") [Docket No. 833]—and upon the notice of presentment of the proposed Fourth Amended Order; and the Court having jurisdiction to consider the proposed Fourth Amended Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under

Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

proposed Fourth Amended Order and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the proposed Fourth Amended Order having

been provided in accordance with the procedures set forth in the second amended order entered

June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to

(i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; (vi) all parties who have requested notice; and (iii) all Professionals; and the Court

having entered an amended order, dated June 25, 2009 (the "**Third Amended Order**") [Docket

No. 4165], governing the procedures for interim monthly compensation and reimbursement of

expenses of professionals; and the Court then concluding that there is cause to make certain

amendments to the Third Amended Order; and the relief sought in the proposed Fourth Amended

Order being in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion and the proposed Fourth

Amended Order establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the Third Amended Order is superseded in its entirety by this Fourth

Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court authorizing

the retention of specific Professionals, all Professionals in these cases may seek monthly

compensation in accordance with the following procedures (the "**Interim Compensation**

**Procedures**"):

(a)    On or before the forty-fifth (45th) day following the month for which
compensation is sought, each professional seeking compensation, other than a
professional retained as an ordinary course professional or a professional retained
by the Examiner appointed in these Chapter 11 cases, will serve a monthly
statement (the "Monthly Statement"), by hand or overnight delivery on
(i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor,
New York, New York, 10020 (Attn: John Suckow and William Fox); (ii) Weil,
Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153
(Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP,
1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne,
Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors'
Committee; (iv) the Office of the United States Trustee for the Southern District
of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004
(Attn: Elisabetta G. Gasparini and Andrea B. Schwartz); and, (v) Richard Gitlin,
Chair of the Fee Committee (as defined in the Order Appointing a Fee Committee
and Approving a Fee Protocol, dated May 26, 2009 [Docket No. 3651], all as may
be amended from time to time, the "**Fee Protocol**") c/o Godfrey & Kahn, S.C.,
One East Main Street, P.O. Box 2719, Madison, WI 53701-2719 (the "**Notice
Parties**"). In addition to being served with a paper copy, the Office of the United
States Trustee, Richard Gitlin through Godfrey & Kahn, and Lehman Brothers
Holdings, Inc. shall also be served with a disc containing an electronic version of
the Monthly Statement.

(b)    The Monthly Statement need not be filed with the Court and a courtesy copy need
not be delivered to chambers since this Fourth Amended Order is not intended to
alter the fee application requirements outlined in sections 330 and 331 of the
Bankruptcy Code and since professionals are still required to serve and file
interim and final applications for approval of fees and expenses in accordance
with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and
the Local Rules for the United States Bankruptcy Court for the Southern District
of New York (the "Local Rules").

(c)    Each Monthly Statement must contain a list of the individuals and their respective
titles (*e.g.*, attorney, paralegal, etc.) who provided services during the statement
period, their respective billing rates, the aggregate hours spent by each individual,
a reasonably detailed breakdown of the fees and expenses incurred (no
professional should seek reimbursement of an expense that would otherwise not
be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and
April 21, 1995 or the United States Trustee Guidelines for Reviewing
Applications for Compensation and Reimbursement of Expenses Filed under
11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained
time entries for each individual in increments of tenths (1/10) of an hour or as
close thereto as practicable.

3

(d)     Each Notice Party shall have at least thirty (30) days after receiving the Monthly
Statement to review the statement and, if the Notice Party objects to the
compensation or expense reimbursement sought in a particular statement, such
Notice Party shall, no later than the thirty-first (31st) day following receipt of the
Monthly Statement (the "**Monthly Statement Objection Deadline**"), serve upon
the professional to whose Monthly Statement the Notice Party objects and the
other Notice Parties a written "Notice of Objection to Fee Statement," setting
forth the nature of the Notice Party's objection and the amount of fees or expenses
at issue.

(e)     At the expiration of the Monthly Statement Objection Deadline, the Debtors shall
promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of
the expenses identified in each Monthly Statement to which no objection has been
served in accordance with paragraph (d) above.

(f)     If the Debtors object or receive an objection to a particular Monthly Statement,
the Debtors shall withhold payment of that portion of the Monthly Statement to
which the objection is directed and promptly pay the remainder of the fees and
disbursements in the percentages set forth in paragraph (e).

(g)     If the parties to an objection resolve their dispute following the service of a Notice
of Objection to Fee Statement and if the party whose Monthly Statement was
objected to serves on all Notice Parties a statement indicating that the objection is
withdrawn or modified and describing the terms of the resolution, then the
Debtors shall promptly pay, in accordance with paragraph (e), that portion of the
Monthly Statement that is no longer subject to an objection.

(h)     All objections that the parties do not resolve shall be preserved and presented to
the Court at the next interim or final fee application hearing to be heard by the
Court in accordance with paragraph (j) below.

(i)     The service of an objection in accordance with paragraph (d) above shall not
prejudice the objecting party's right to object to any fee application made to the
Court in accordance with the Bankruptcy Code on any ground regardless of
whether the objecting party raised the ground in the objection or not.
Furthermore, the decision by any party not to object to a Monthly Statement shall
not waive or prejudice that party's right to object to any fee application
subsequently made to the Court in accordance with the Bankruptcy Code,
including any final application.

(j)     Commencing with the period ending January 31, 2009, and at four-month
intervals thereafter, each of the professionals shall file with the Court, in
accordance with General Order M-242 (which can be found at
www.nysb.uscourts.gov), an application (an "**Interim Fee Application**") for
interim Court approval and allowance pursuant to sections 330 and 331 of the
Bankruptcy Code (as the case may be) of the compensation and reimbursement of
expenses requested in the fee statements served during such period (the "**Interim**

4

Fee Period"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.[1] Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Motion.

(k)    The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals, which hearing date should be consistent with the timelines set forth in the Fee Protocol, as amended from time to time. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l)    The pendency of an application or objection or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)    Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; provided, however, that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

(o)    Any Professional that materially fails to comply with this Order shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of this Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

And, it is further

---

[1] For the seventh interim fee period (October 1, 2010 through January 31, 2011), any Retained Professional may, but need not, take an additional forty-five (45) days to file its Interim Fee Application.

5

ORDERED that the Debtors shall include all payments to Professionals on their monthly

operating reports, detailed by line item so as to state the amount paid to each of the

Professionals, and detailed so as to state the amount paid to ordinary course professionals (which

may be aggregated into one line item); and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars,

with the conversion amount calculated at the time of the submission of the Monthly Statement, to

the extent practicable, or as soon thereafter as possible.

ORDERED that any party may object to requests for payments made pursuant to this

Fourth Amended Order, or move to modify or vacate all or certain provisions of this Fourth

Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating

reports, (b) the Debtors have not remained current with their administrative expenses or fees due

under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching

insolvency, and (d) cause otherwise exists; provided, however, that the inclusion in this Fourth

Amended Order of the foregoing bases shall not be determinative of the validity of any such

bases and all parties' rights are expressly reserved; and it is further

ORDERED that, in the event that an Ordinary Course Professional (as such term is

defined in the Order Pursuant to Sections 105(1), 327, 328, and 330 of the Bankruptcy Code

Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business

[Docket No. 1394] (the "OCP Order")) or a professional retained by the Examiner seeks more

than $150,000 per month and, as set forth in the OCP Order or the *Order Discharging Examiner*

*and Granting Related Relief* [Docket No. 10169] (as applicable), files a fee application for the

full amount of its fees and expenses for that month, then the Debtors' attorneys shall obtain a

6

date from the Court for the hearing of the fee application, which shall be scheduled no earlier

than 30 days after the fee application is served on the Notice Parties; and it is further

ORDERED that all time periods set forth in this Fourth Amended Order shall be

calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it

is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the

Standard Parties entitled to notice pursuant to the Court's second amended order entered on

June 17, 2010 governing case management and administrative procedures for these cases

[Docket No. 9635] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this

Order.


Dated: New York, New York
       April 14, 2011

_____*s/ James M. Peck*_____
Honorable James M. Peck
United States Bankruptcy Judge

**EXHIBIT B**

**INVOICES OCTOBER 2010, NOVEMBER 2010, DECEMBER 2010, JANUARY 2011**

**Re:**   **Monthly statement of KLEYR GRASSO ASSOCIES, special counsel retained with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein, for the period October 1, 2010 through October 31, 2010 (the "Statement Period").**

In accordance with the Third Amended Interim Compensation Order by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), dated June 25, 2009, establishing procedures for monthly compensation and reimbursement of expenses for professionals (the "Interim Compensation Order") and the Order, dated May 26, 2009, appointing a fee committee and approving a fee application protocol (the "Fee Protocol Order"), KLEYR GRASSO ASSOCIES ("KGA"), appointed as special counsel to Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") by Order of the Bankruptcy Court, dated March 25, 2010, pursuant to Section 327(e) of the Bankruptcy Code authorizing the employment and retention of KLEYR GRASSO ASSOCIES, *nunc pro tunc* to June 1, 2009 [Docket No. 7825], hereby submits its monthly statement for the period October 1, 2010 through October 31, 2010 (the "October Statement").

In accordance with the Fee Committee's request all amounts herein are set out in US dollars and additionally in the conversion amount in euros, at the official exchange rate of the European Central Bank as of November 26, 2010.

**I.      Itemization of Services Rendered by KGA Personnel for the Statement Period.**

A.      The hours spent during the Statement Period for which KGA seeks compensation are set forth by the hourly billing rate for each lawyer, and the resulting fees are as follows:

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals in EUR | Fee Totals in USD |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | 1:06 | € 423.50 | $ 560.08 |
| Marc Kleyr, Partner | 1991 | € 385.- | 12:48 | € 4,928.00 | $ 6,517.28 |
| Pascal Sassel, Senior Associate | 2002 | € 275.- | 4:48 | € 1,320.00 | $ 1,745.70 |
| Jérôme Burel, Associate | 2005 | € 235.- | 8:18 | € 1,950.50 | $ 2,579.54 |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | 18:06 | € 3,167.50 | $ 4,189.02 |
| Katia Bartholomé, Associate | 2009 | € 175.- | 0:24 | € 70.00 | $ 92.58 |
| **TIME CHARGES TOTAL:** | | | 45:30 | € 11,859.50 | $ 15,684.19 |

B.      The time records, in the form of formal invoices of KGA are attached hereto as Exhibit A (the "Invoices"). KGA has been retained as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions (the "Luxembourg Matters") which arise or may arise in relation to direct or indirect subsidiaries or affiliates of the Debtors that are Luxembourg entities (the "Luxembourg Entities"). The attached Invoices contain a breakdown of each task performed by KGA professionals associated with such services.

**II.      Itemization of Disbursements and Expenses Incurred and Reimbursement Sought for the Statement Period.**

KGA is seeking reimbursement for disbursements for the Statement Period in the amount of € 657.99 / $ 870.19.

KGA is not seeking reimbursement for expenses for the Statement Period.

III.    **Total Fees, Disbursements and Expenses Sought for the Statement Period.**

A.      The total amount sought for fees for professional services rendered and reimbursement of disbursements and expenses incurred for the Statement Period is as follows:

Total Fees: € 11,859.50 / $ 15,684.19
Total Disbursements: € 657.99 / $ 870.19

**TOTAL:** € 12,517.49 / $ 16,554.38

B.      Amount Payable after Holdback.

Pursuant to the Interim Compensation Order, the amount payable to KGA for the Statement Period, after adjusting for the twenty percent (20%) holdback, € 10,145.59 / $ 13,417.54

## EXHIBIT A

**Invoices**

File    **301182**
         12483

**LBHI - Promissory Notes/Securities**
Detail of our fee note

from October 1, 2010
to October 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 24 | 94,00 | 124,32 |
| JG | Jacqueline GELESCHUS | 90 | 262,50 | 347,16 |
| RB | Rina BREININGER | 66 | 423,50 | 560,08 |
| | | 180 | 780,00 | 1 031,56 |

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|------|--------|---|--------------------------------|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | October 1, 2010 | | | |
| | | to | October 31, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 11/10/2010 | JEB | Study of the file : emails of Ms Scarcelli (Interconsult) and quick review of enclosed bank statements relating to Brasstown entities | 12 | 47,00 | 62,16 |
| 1900 | 12/10/2010 | JG | Study of the file / email Interconsult (A. Scarelli)/ re: bank statements Brasstown Entrada I SCA | 6 | 17,50 | 23,14 |
| 1900 | 12/10/2010 | JG | working in relation to update of master file and data base/ re: bank statements Brasstown Entrada I SCA | 6 | 17,50 | 23,14 |
| 1900 | 12/10/2010 | JG | Drawing email to John Keen/ re: bank statements Brasstown Entrada I SCA | 6 | 17,50 | 23,14 |
| 1900 | 12/10/2010 | JG | Study of the file / email Interconsult (A. Scarelli)/ re: bank statements Brasstown Mansfield I SCA | 6 | 17,50 | 23,14 |
| 1900 | 12/10/2010 | JG | working in relation to update of master file and data base/ re: bank statements Brasstown Mansfield I SCA | 6 | 17,50 | 23,14 |
| 1900 | 12/10/2010 | JG | Drawing email to John Keen/ re: bank statements Brasstown Mansfield I SCA | 6 | 17,50 | 23,14 |
| 1900 | 12/10/2010 | RB | Study of the file mail exchange with client (account statements) | 6 | 38,50 | 50,92 |
| 1800 | 19/10/2010 | JG | Study of the file / e-mail Angelina Scarcelli (Interconsult)/ re: Brasstown Mansfield I S.C.A. tax liabilities | 6 | 17,50 | 23,14 |
| 1800 | 19/10/2010 | JG | working in relation to update internal data base/ re: excerpt tax authorities with respect to Brasstown Mansfield I S.C.A. | 6 | 17,50 | 23,14 |
| 1800 | 19/10/2010 | JG | Drawing e-mail to John Keen/ re: Brasstown Mansfield I S.C.A. tax liabilities | 6 | 17,50 | 23,14 |
| 1800 | 20/10/2010 | RB | Study of the file review of fiscal excerpt as at 12/10/2010 | 12 | 77,00 | 101,83 |
| 1800 | 20/10/2010 | RB | Study of the file actual stage of the file and letters of the Lux tax authority (delay for Brasstown entities) | 18 | 115,50 | 152,75 |
| 1900 | 20/10/2010 | RB | Correspondance with John (any update on LB UK Re payments) | 12 | 77,00 | 101,83 |
| 1800 | 21/10/2010 | JEB | Study of the file : email of A. Scarcelli (Interconsult) and quick review of enclosed tax statement re: Brasstown | 12 | 47,00 | 62,16 |
| 1800 | 21/10/2010 | JG | Study of the file/ re: Brasstown Entrada I S.C.A. - tax liabilities and Joint Administrators' report for LB UK RE Holdings Limited | 6 | 17,50 | 23,14 |
| 1900 | 21/10/2010 | JG | Study of the file / short review of Joint Administrators' report for LB UK RE Holdings Limited | 18 | 52,50 | 69,43 |
| 1900 | 21/10/2010 | JG | working in relation to / update internal data base with respect to documents received for Brasstown Entrada I S.C.A. | 6 | 17,50 | 23,14 |
| 1800 | 21/10/2010 | JG | Drawing e-mail to John Keen/ re: Brasstown Entrada I S.C.A. - tax liabilities and Joint Administrators' report for LB UK RE Holdings Limited | 6 | 17,50 | 23,14 |
| 1900 | 21/10/2010 | RB | Study of the file summary review of PWC report as at sept. 2010 in relation with liquidation of LB UK RE | 18 | 115,50 | 152,75 |
| | | | Total fee | | 780,00 | 1 031,55 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 780,00 | 1 031,55 |

File    301207
        12484

**LBHI - General Queries 2010**
Detail of our fee note

from October 1, 2010
to October 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 246 | 963,50 | 1 274,23 |
| JG | Jacqueline GELESCHUS | 282 | 822,50 | 1 087,76 |
| | | 528 | 1 786,00 | 2 361,99 |

| File | 301207 | | | LBHI - General Queries 2010 | | | |
|------|--------|---|---|------|---|---|---|
| | | | | Detail of our fee note | | | |
| | | from | October 1, 2010 | | | | |
| | | to | October 31, 2010 | | | | |
| | | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | | Amount ($) |
| 1900 | 12/10/2010 | JEB | Review/Analysis of outstanding monthly statements / holdback amounts in order to counter check with payment received | 12 | 47,00 | | 62,16 |
| 1900 | 13/10/2010 | JEB | Study of the file : email of Fauzan (A&M) and quick review of enclosed strategy memo -re project Chevron - unwinding structured trade - Captain Holdings - | 30 | 117,50 | | 155,39 |
| 1900 | 14/10/2010 | JG | Study of the file / e-mails sent and received in 2008, 2009 and 2010 with respect to the "Captain entities" in order to prepare a memo with respect thereto | 108 | 315,00 | | 416,59 |
| 1900 | 14/10/2010 | JG | Drawing short memo with respect to Lehman Brothers Captain No 1 S.à r.l., Lehman Brothers Captain No 2 S.à r.l., Captain Holdings S.à r.l. and Captain North Sea Finance Limited | 90 | 262,50 | | 347,16 |
| 1900 | 14/10/2010 | JG | Study of the file / corporate documents of Lehman Brothers Captain No 1 S.à r.l. in order to prepare a memo with respect thereto | 24 | 70,00 | | 92,58 |
| 1900 | 14/10/2010 | JG | Study of the file / corporate documents of Captain Holdings S.à r.l. in order to prepare a memo with respect thereto | 36 | 105,00 | | 138,86 |
| 1900 | 14/10/2010 | JG | Study of the file / corporate documents of Captain North Sea Finance Limited in order to prepare a memo with respect thereto | 24 | 70,00 | | 92,58 |
| 1900 | 19/10/2010 | JEB | Review/Analysis of consortium agreement relating to Captain Holdings structure -re: project Chevron | 120 | 470,00 | | 621,58 |
| 1900 | 19/10/2010 | JEB | Study of the file : email of Juliette Beicht and quick review of enclosed eltter from Prime Shares, NY -re: Lehman brothers Bankhaus AG - Insolvency | 12 | 47,00 | | 62,16 |
| 4600 | 21/10/2010 | JEB | Correspondance with John Keen -re: September monthly statement and payment of fees | 12 | 47,00 | | 62,16 |
| 1900 | 25/10/2010 | JEB | Drawing long explanations email to Fauzan addressing his queries regarding the contemplated winding up of the Captain deal (liquidation, corporate and various parties) | 60 | 235,00 | | 310,79 |
| | | | Total fee | | 1 786,00 | | 2 361,99 |
| | | | | | | | |
| | | | Paid disbursements | | | | |
| | | | Invoice Trade and Companies Register - excerpts relating to (i) Captain Holdings S.à r.l., (ii) Captain North Sea Limited and (iii) Lehman Brothers Captain No 1 Luxembourg S.à r.l. required further to Fauzan's request regarding those companies | | 35,97 | | 47,57 |
| | | | Total paid disbursements | | 35,97 | | 47,57 |
| | | | | | | | |
| | | | TOTAL FEE NOTE | | 1 821,97 | | 2 409,56 |

File   **301702**
       **12485**

**LBHI - Special Counsel Procedure**
Detail of our fee note

from October 1, 2010
to October 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 66 | 258,50 | 341,87 |
| JG | Jacqueline GELESCHUS | 714 | 2 082,50 | 2 754,11 |
| | | 780 | 2 341,00 | 3 095,97 |

| File | 301702 | | | LBHI - Special Counsel Procedure | | | |
|------|--------|---|---|----------|---|---|---|
| | | | | Detail of our fee note | | | |
| | | from | October 1, 2010 | | | | |
| | | to | October 31, 2010 | | | | |
| | | | | Services provided | | | |
| Task Code | Date | Person | | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 11/10/2010 | JEB | | Study of the file : email of Milbank -re: motion to be filed | 6 | 23,50 | 31,08 |
| 4700 | 18/10/2010 | JG | | Study of the file / engagement letters between Kleyr Grasso Associés and (i) Luxembourg Trading Finance S.à r.l., (ii) Luxembourg Finance S.à r.l., and (iii) Lehman Brothers Luxembourg Investments S.à r.l. in order to prepare supplemental declaration | 30 | 87,50 | 115,72 |
| 4700 | 18/10/2010 | JG | | Drawing / updating supplemental declaration of Me Marc Kleyr on behalf of Kleyr Grasso Associés (with respect to 6 supplemental engagements) | 66 | 192,50 | 254,58 |
| 4600 | 19/10/2010 | JEB | | Study of the file : email of Ken Feinberg and quick review of attached report - re : 5th Interim Billing Summary Report | 30 | 117,50 | 155,39 |
| 4600 | 21/10/2010 | JG | | Study of the file / 5th Interim billing summary report of BrownGreer with respect to Kleyr Grasso's 2nd interim fee application in order to prepare comments with respect thereto | 66 | 192,50 | 254,58 |
| 4600 | 21/10/2010 | JG | | Drawing Kleyr Grasso's comments with respect to 5th interim billing summary report of BrownGreer (1st part) | 156 | 455,00 | 601,74 |
| 4600 | 22/10/2010 | JEB | | Study of the file : email of Ken Feinberg -re: meeting with Fee Committee | 6 | 23,50 | 31,08 |
| 4600 | 25/10/2010 | JG | | Study of the file / invoices and orders in order to prepare exhibits to our comments to the Fifth Interim Fee Application Report received by the Fee Committee | 18 | 52,50 | 69,43 |
| 4600 | 25/10/2010 | JG | | Drawing our comments with respect to the reductions relating to expenses mentioned in the 5th interim billing summary report of BrownGreer | 60 | 175,00 | 231,44 |
| 4600 | 25/10/2010 | JG | | Tel. conversation with TNT/ re: delivery of our Monthly Statement for September 2010 to Feinberg Rozen LLP | 6 | 17,50 | 23,14 |
| 4600 | 25/10/2010 | JG | | Study of the file / e-mail from Mrs Michielin Laetitia (TNT customer service) as regards the delivery of our September Monthly Statement to Feinberg Rozen, LLP☐ | 6 | 17,50 | 23,14 |
| 4600 | 25/10/2010 | JG | | Drawing of an e-mail to Mrs Michielin Laetitia (TNT customer service) as regards the delivery of our September Monthly Statement to Feinberg Rozen, LLP ☐ | 12 | 35,00 | 46,29 |
| 4600 | 25/10/2010 | JG | | Study of the file / further review of e-mails and documents with respect to services mentioned on our Second Interim Fee Application in order to comment the 5th Interim Billing Summary Report | 156 | 455,00 | 601,74 |
| 4600 | 25/10/2010 | JG | | Drawing our comments with respect to the reductions relating to fees mentioned in the 5th interim billing summary report of BrownGreer (2nd part) | 96 | 280,00 | 370,30 |
| 4600 | 25/10/2010 | JG | | Drawing / finalizing of our comments with respect to the reduction of fees and expenses mentioned in the 5th interim billing summary report of BrownGreer | 36 | 105,00 | 138,86 |
| 4600 | 25/10/2010 | JG | | Tel. conversation with TNT concerning delivery problem with respect to our September Monthly Statement/ re: delivery to Milbank Tweed Hadley and McCloy LLP | 6 | 17,50 | 23,14 |
| 4600 | 29/10/2010 | JEB | | Study of the file : quick review of several emails regarding November 1st Chambers' Conference | 12 | 47,00 | 62,16 |
| 4600 | 29/10/2010 | JEB | | Study of the file : quick review of several emails regarding November 1st Chambers' Conference | 12 | 47,00 | 62,16 |
| | | | | Total fee | | 2 341,00 | 3 095,97 |
| | | | | TOTAL FEE NOTE | | 2 341,00 | 3 095,97 |

File    301778              **LBHI - Preparation**  **Monthly Statements & Fee Applications**
        12482                                        Detail of our fee note

                    from October 1, 2010
                    to October 31, 2010

                                        **Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 162 | 634,50 | 839,13 |
| KB | Katia BARTHOLOME | 24 | 70,00 | 92,58 |
| | | 186 | 704,50 | 931,70 |

| File | 301778 | | LBHI - Preparation Monthly Statements & Fee Applications | | | |
|------|--------|--|----------------------------------------------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | October 1, 2010 | | | |
| | | to | October 31, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 20/10/2010 | JEB | Preparation of September monthly statement in accordance with special counsel procedure and fee committee guidelines (including cover sheet, detailed invoices, USD converted amounts,...) | 150 | 587,50 | 776,97 |
| 4600 | 20/10/2010 | KB | Review/Analysis of figures/calculations of invoices of September | 24 | 70,00 | 92,58 |
| 4600 | 21/10/2010 | JEB | Correspondance with re: September monthly statement and electronic format invoicesFee Committe -re: September monthly statement and electronic format invoices | 12 | 47,00 | 62,16 |
| | | | Total fee | | 704,50 | 931,70 |
| | | | | | | |
| | | | Paid disbursements | | | |
| | | | Invoice TNT - express delivery charges relating to the delivery of August Monthly Statement to all the Notice Parties in accordance with the Third Amended Interim Compensation Order | | 276,00 | 365,01 |
| | | | Invoice TNT - express delivery charges relating to the delivery of September Monthly Statement to all the Notice Parties in accordance with the Third Amended Interim Compensation Order | | 346,02 | 457,61 |
| | | | Total paid disbursements | | 622,02 | 822,62 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 1 326,52 | 1 754,32 |

File    302467                    **LBHI - Lehman Brothers (Luxembourg) SA in liquidation**
        12481                              Detail of our fee note

                  from October 1, 2010
                  to October 31, 2010
                                        **Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| PS | Pascal SASSEL | 288 | 1 320,00 | 1 745,70 |
| MK | Marc KLEYR | 768 | 4 928,00 | 6 517,28 |
| | | 1056 | 6 248,00 | 8 262,98 |

| File | 302467 | | | LBHI - Lehman Brothers (Luxembourg) SA in liquidation | | | |
|------|--------|--|--|----------------------------------------------------|--|--|--|
| | | | | Detail of our fee note | | | |
| | | from | October 1, 2010 | | | | |
| | | to | October 31, 2010 | | | | |
| | | | | Services provided | | | |
| Task Code | Date | Person | | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 01/10/2010 | MK | | Tel. conversation with / conference call with John Keen and forensic team on 24 Sept 2010 // re.: need to locate docs and coordinate efforts in relation to the 6,5 billion claim filed by LBIE in LB Lux // | 30 | 192,50 | 254,58 |
| 2500 | 01/10/2010 | MK | | Review/Analysis of / first highlevel review of the draft memorandum 47 pages reveived from John Keen on the 30 Sept. 2010 | 156 | 1 001,00 | 1 323,82 |
| 2500 | 01/10/2010 | MK | | Review/Analysis of e-mail from John Keen dated 01/10/2010 with Memo re.: Instructions to Leading Counsel // | 48 | 308,00 | 407,33 |
| 2500 | 04/10/2010 | MK | | Review/Analysis of e-mail from John Keen re.: need to organise call to discuss the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 6 | 38,50 | 50,92 |
| 2500 | 04/10/2010 | MK | | Tel. conversation with office of Jacques Delvaux in order to organise call with Delvaux // re.: need to discuss the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 6 | 38,50 | 50,92 |
| 2500 | 04/10/2010 | MK | | Drawing e-mail to John Keen / re.: need to organise call to discuss the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 6 | 38,50 | 50,92 |
| 2500 | 06/10/2010 | MK | | Tel. conversation with Jacques Delvaux, liquidator of LB (Lux) discussing potential rejection arguments and timing / re.: the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // discuss also access to documents // | 72 | 462,00 | 611,00 |
| 2500 | 06/10/2010 | MK | | Tel. conversation with / conf call with John Keen and Weil team reporting from the call with Jacques Delvaux, liquidator of LB (Lux) // discuss and explore strategy in order to help in the rejection process of the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidatio | 60 | 385,00 | 509,16 |
| 2500 | 08/10/2010 | MK | | Internal meeting between / with Pascal Sassel for the drafting of a Memo (requested by Weil team) on the pre trial disclosure of documents by way of summary proceedings under Luxembourg Law // | 24 | 154,00 | 203,67 |
| 2500 | 08/10/2010 | MK | | Tel. conversation with Jacques Delvaux / re.: the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 12 | 77,00 | 101,83 |
| 2500 | 08/10/2010 | PS | | Internal meeting between Marc Kleyr for the drafting of a Memo (requested by Weil team) on the pre trial disclosure of documents by way of summary proceedings under Luxembourg Law // | 24 | 110,00 | 145,48 |
| 2500 | 08/10/2010 | PS | | Drawing // drafting first part of memorandum on pre-trial document discovery proceedings under Luxembourg Law (article 350 NCPC) | 120 | 550,00 | 727,38 |
| 2500 | 11/10/2010 | MK | | Drawing e-mail to John Keen / re.: the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 6 | 38,50 | 50,92 |
| 2500 | 11/10/2010 | MK | | Review/Analysis of e-mail from Jacques Delvaux with Service Agreement of August 2004 and the copy of the Statement of Ckaim of LBIE dated 24 July 2009 | 72 | 462,00 | 611,00 |
| 2500 | 11/10/2010 | PS | | Drawing // drafting second part of memorandum on pre trial docuemt discovery proceedings under Luxembourg Law (article 350 NCPC) | 144 | 660,00 | 872,85 |
| 2500 | 13/10/2010 | MK | | Drawing / finalising memorandum on pre trial document discovery proceedings under Luxembourg law (article 350 NCPC) // | 96 | 616,00 | 814,66 |
| 2500 | 13/10/2010 | MK | | Review/Analysis of e-mail from Delvaux and first highlevel review of the attached GMRA agreement / re.: the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 66 | 423,50 | 560,08 |
| 2500 | 13/10/2010 | MK | | Drawing e-mail to Weil team and J Keen transmitting the memorandum on pre trial document discovery // | 6 | 38,50 | 50,92 |
| 2500 | 19/10/2010 | MK | | Review/Analysis of e-mail from Delvaux and first highlevel reviw of the attached OSLA agreement produced in relation to the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 96 | 616,00 | 814,66 |
| 2500 | 19/10/2010 | MK | | Drawing e-mail to Weil team, copy John Keen, to transferto them  the OSLA agreement | 6 | 38,50 | 50,92 |
| | | | | Total fee | | 6 248,00 | 8 262,98 |
| | | | | | | | |
| | | | | TOTAL FEE NOTE | | 6 248,00 | 8 262,98 |

**Re:**  **Monthly statement of KLEYR GRASSO ASSOCIES, special counsel retained with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein, for the period November 1, 2010 through November 30, 2010 (the "Statement Period").**

In accordance with the Third Amended Interim Compensation Order by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), dated June 25, 2009, establishing procedures for monthly compensation and reimbursement of expenses for professionals (the "Interim Compensation Order") and the Order, dated May 26, 2009, appointing a fee committee and approving a fee application protocol (the "Fee Protocol Order"), KLEYR GRASSO ASSOCIES ("KGA"), appointed as special counsel to Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") by Order of the Bankruptcy Court, dated March 25, 2010, pursuant to Section 327(e) of the Bankruptcy Code authorizing the employment and retention of KLEYR GRASSO ASSOCIES, *nunc pro tunc* to June 1, 2009 [Docket No. 7825], hereby submits its monthly statement for the period November 1, 2010 through November 30, 2010 (the "November Statement").

In accordance with the Fee Committee's request all amounts herein are set out in US dollars and additionally in the conversion amount in euros, at the official exchange rate of the European Central Bank as of December 23, 2010.

**I.**  **Itemization of Services Rendered by KGA Personnel for the Statement Period.**

**A.**  The hours spent during the Statement Period for which KGA seeks compensation are set forth by the hourly billing rate for each lawyer, and the resulting fees are as follows:

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals in EUR | Fee Totals in USD |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | 34:06 | € 13,128.50 | $ 17,151.07 |
| Marc Kleyr, Partner | 1991 | € 385.- | 2:48 | € 1,078.00 | $ 1,408.30 |
| Pascal Sassel, Senior Associate | 2002 | € 275.- | 1:12 | € 330.00 | $ 431.11 |
| Jérôme Burel, Associate | 2005 | € 235.- | 12:36 | € 2,961.00 | $ 3,868.25 |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | 13:24 | € 2,345.00 | $ 3,063.51 |
| Katia Bartholomé, Associate | 2009 | € 175.- | 0:30 | € 87.50 | $ 114.31 |
| **TIME CHARGES TOTAL:** | | | 64:36 | € 19,930.00 | $ 26,036.55 |

**B.**  The time records, in the form of formal invoices of KGA are attached hereto as Exhibit A (the "Invoices"). KGA has been retained as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions (the "Luxembourg Matters") which arise or may arise in relation to direct or indirect subsidiaries or affiliates of the Debtors that are Luxembourg entities (the "Luxembourg Entities"). The attached Invoices contain a breakdown of each task performed by KGA professionals associated with such services.

**II.**  **Itemization of Disbursements and Expenses Incurred and Reimbursement Sought for the Statement Period.**

KGA is seeking reimbursement for disbursements for the Statement Period in the amount of € 338.29 / $ 441.94.

KGA is not seeking reimbursement for expenses for the Statement Period.

**III.** **Total Fees, Disbursements and Expenses Sought for the Statement Period.**

A. The total amount sought for fees for professional services rendered and reimbursement of disbursements and expenses incurred for the Statement Period is as follows:

Total Fees: € 19,930.00 / $ 26,036.55
Total Disbursements: € 338.29 / $ 441.94

**TOTAL:** € 20,268.29 / $ 26,478.49

B. Amount Payable after Holdback.

Pursuant to the Interim Compensation Order, the amount payable to KGA for the Statement Period, after adjusting for the twenty percent (20%) holdback, € 16,282.29 / $ 21,271.18

**EXHIBIT A**

**Invoices**

File    **301182**
        12833

**LBHI - Promissory Notes/Securities**
Detail of our fee note

from November 1, 2010
to November 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 318 | 1 245,50 | 1 627,12 |
| JG | Jacqueline GELESCHUS | 24 | 70,00 | 91,45 |
| RB | Rina BREININGER | 258 | 1 655,50 | 2 162,75 |
| | | 600 | 2 971,00 | 3 881,31 |

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|------|--------|--|-----------------------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2010 | | | |
| | | to | November 30, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 03/11/2010 | JG | Study of the file / e-mail received from Mr Majeed Iqbal/ re: question with respect to the liquidation of Brasstown Mansfield I SCA and Brasstown Entrada I SCA | 6 | 17,50 | 22,86 |
| 1900 | 03/11/2010 | JG | Drawing e-mail to Mr Majeed Iqbal to answer his question with respect to the liquidation of Brasstown Mansfield I SCA and Brasstown Entrada I SCA | 12 | 35,00 | 45,72 |
| 1900 | 10/11/2010 | JEB | Study of the file : email of Abeer Garousha and quick review of enclosed draft board resolution and updated shedute - re: advances to LBS Holdings and promissory note | 12 | 47,00 | 61,40 |
| 1900 | 10/11/2010 | JEB | Correspondance with Abeer - re: advances to LBS Holdings and promissory note | 6 | 23,50 | 30,70 |
| 1900 | 11/11/2010 | JEB | Correspondance with Brian Drozda - re: Lehman advances to Luxembourg subsidiaries | 12 | 47,00 | 61,40 |
| 1800 | 11/11/2010 | JEB | Tel. conversation with Mr. Kamarowsky (Interconsult - liquidator of Brasstown SCAs) - regarding the liquidation process and tax issues | 18 | 70,50 | 92,10 |
| 1800 | 11/11/2010 | JEB | Correspondance with John Keen regarding liquidation process and tax issues relating to the Brasstown companies | 12 | 47,00 | 61,40 |
| 1900 | 11/11/2010 | JEB | Study of the file : email of Brandon (Weil US) -re: granting of security interest to secure a previously existing debt - re: validity and enforceability | 12 | 47,00 | 61,40 |
| 1900 | 11/11/2010 | JEB | Correspondance with Brandon -re: granting of security interest to secure a previously existing debt - re: validity and enforceability | 12 | 47,00 | 61,40 |
| 1900 | 11/11/2010 | JG | Tel. conversation with Mrs. Scarelli (Interconsult) concerning the status of the liquidation of Brasstown Mansfield I SCA and Brasstown Entrada I SCA | 6 | 17,50 | 22,86 |
| 1800 | 12/11/2010 | RB | Correspondance with Luxembourg Tax authorities regarding the tax situation of Brasstown SCAs | 12 | 77,00 | 100,59 |
| 1900 | 15/11/2010 | RB | Study of the file mail exchange with Cherry Brandon (regarding promissory notes to be established by LB Luxembourg subs.and securities to be granted (as required by LB bankruptcy Court order)) | 24 | 154,00 | 201,19 |
| 1900 | 17/11/2010 | JEB | Correspondance with Brian Drozda -re: promissory notes and securities | 6 | 23,50 | 30,70 |
| 1800 | 18/11/2010 | JEB | Study of the file : email of Interconsult and quick review of enclosed tax notice in relation to Brasstown Mansfield I SCA | 12 | 47,00 | 61,40 |
| 1800 | 18/11/2010 | JEB | Internal meeting between /with Rina-conf call-open points regarding the Brasstown SCAs | 24 | 94,00 | 122,80 |
| 1800 | 18/11/2010 | JEB | Tel. conversation with /conf call with A&M/Interconsult/EY and KGA re: Brasstown SCAs | 36 | 141,00 | 184,20 |
| 1800 | 18/11/2010 | JEB | Tel. conversation with Interconsult (A. Kamarowsky, A. Scarcelli and JM Debaty) regarding the Brasstown liquidation process and tax liability issues | 30 | 117,50 | 153,50 |
| 1800 | 18/11/2010 | RB | Internal meeting between /with Jérôme -conf call-open points regarding the Brasstown SCAs | 24 | 154,00 | 201,19 |
| 1800 | 18/11/2010 | RB | Study of the file letter of tax administration an statement of account attached thereto | 12 | 77,00 | 100,59 |
| 1800 | 18/11/2010 | RB | Tel. conversation with /conf call with A&M/Interconsult/EY and KGA re: Brasstown SCAs | 36 | 231,00 | 301,78 |
| 1800 | 18/11/2010 | RB | Tel. conversation with Lux. Tax Administration (Department of recette) re: Brasstown SCAs | 12 | 77,00 | 100,59 |
| 1800 | 18/11/2010 | RB | Correspondance with Lux Tax Administration re: Brasstown SCAs | 12 | 77,00 | 100,59 |
| 1900 | 19/11/2010 | JEB | Study of the file : email of A. Scarcelli (Interconsult - liquidator of Brasstown SCAs and quick review of enclosed memo) | 12 | 47,00 | 61,40 |
| 1900 | 19/11/2010 | JEB | Correspondance with Brian (Weil US) -re: advances and promissory notes to Lux entities | 12 | 47,00 | 61,40 |
| 1800 | 19/11/2010 | RB | Tel. conversation with further call with Luxembourg Tax Authority (Enforcement Department) | 18 | 115,50 | 150,89 |
| 1800 | 19/11/2010 | RB | Correspondance with A&M/Interconsult/EY (transmission of letter of the Lux.Tax Authority granting delay of payment to Brasstown Mansfield until year end to A&M and the liquidator) | 12 | 77,00 | 100,59 |
| 1800 | 19/11/2010 | RB | Study of the file review of the letter of the Luxembourg Tax Administration granting delay of payment until year end to Brasstown Mansfield entity | 12 | 77,00 | 100,59 |
| 1900 | 19/11/2010 | RB | Study of the file summary review of the memo of Interconsult | 12 | 77,00 | 100,59 |
| 1800 | 19/11/2010 | RB | Study of the file mail exchange Interconsult/A&M re: next steps for accounts/tax returns | 6 | 38,50 | 50,30 |
| 1800 | 19/11/2010 | RB | Study of the file email of John (tax delay of payment) | 6 | 38,50 | 50,30 |
| 1800 | 19/11/2010 | RB | Study of the file mail exchange Interconsult/KPMG and summary review of the fiscal statements attached thereto | 12 | 77,00 | 100,59 |
| 1800 | 22/11/2010 | JEB | Study of the file : emails of Angelina Scarcelli and Thomas Kane regarding the filing of draft tax return for 2007 | 12 | 47,00 | 61,40 |
| 1800 | 22/11/2010 | JEB | Correspondance with Angelina (Interconsult) regarding the filing of the draft tax return for 2007 | 12 | 47,00 | 61,40 |
| 1800 | 22/11/2010 | RB | Study of the file email exchange with Interconsult/KGA with respect to Brasstown entities tax return filings 2007 | 6 | 38,50 | 50,30 |
| 1900 | 24/11/2010 | JEB | Review/Analysis of of underlying documents prior to the call with Weil (US and UK) -re: advance, note, security, resolutions | 30 | 117,50 | 153,50 |
| 1900 | 24/11/2010 | JEB | Tel. conversation with / call with Brian, Brandon, Abeer (Weil) and KGA -re: advance, note, security, resolutions | 30 | 117,50 | 153,50 |
| 1900 | 24/11/2010 | JEB | Correspondance with Weil US and UK -re: further steps/documents regarding the granting of advances - promissory notes and security documents by Lux. entities | 18 | 70,50 | 92,10 |
| 1900 | 24/11/2010 | RB | Tel. conversation with conf call with Abeer/Brandon/Brian (WGM) regarding advances to various Luxembourg entities and securities to be taken in accordance with US Court order | 30 | 192,50 | 251,48 |
| 1900 | 24/11/2010 | RB | Study of the file mail exchange with WGM (situation of Brasstown entities-in liquidation/retransmission of all documents collected after the meeting with Alter Domus) | 12 | 77,00 | 100,59 |
| | | | Total fee | | 2 971,00 | 3 881,31 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 2 971,00 | 3 881,31 |

File   **301207**
     12834

**LBHI - General Queries 2010**
Detail of our fee note

from November 1, 2010
to November 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 174 | 681,50 | 890,31 |
| JG | Jacqueline GELESCHUS | 6 | 17,50 | 22,86 |
| RB | Rina BREININGER | 54 | 346,50 | 452,67 |
| | | 234 | 1 045,50 | 1 365,84 |

| File | 301207 | | LBHI - General Queries 2010 | | | |
|------|--------|--------|-----------------------------------|------|------|------|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2010 | | | |
| | | to | November 30, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 10/11/2010 | JG | Study of the file / e-mail Abeer Garousha regarding board resolutions of LBS Holdings S.à r.l. in order to execute a certain promisory note in the favour of LBHI. | 6 | 17,50 | 22,86 |
| 1900 | 11/11/2010 | JEB | Study of the file : email of Fauzan and questions raised therein regarding Lehman Brothers Captain N°1 Luxembourg S.à r.l. | 12 | 47,00 | 61,40 |
| 1900 | 11/11/2010 | JEB | Drawing email to Fauzan addressing his queries -re: Lehman Brothers Captain N°1 Luxembourg S.à r.l. | 24 | 94,00 | 122,80 |
| 1900 | 15/11/2010 | JEB | Correspondance with ATC Corporate Services (former domiciliation agent of Captain 1) further to Fauzan's request | 18 | 70,50 | 92,10 |
| 1900 | 15/11/2010 | JEB | Study of the file : email of Mr. Curfs (ATC) -re: (acknowledgment of our request) Captain N1 shareholders' register | 6 | 23,50 | 30,70 |
| 1900 | 15/11/2010 | RB | Study of the file mail exchange with Fauzan and ATC regarding Captain 1 S.à r.l. | 18 | 115,50 | 150,89 |
| 1900 | 17/11/2010 | JEB | Study of the file : email of Mr. Curfs (ATC) and quick review of enclosed copy of shareholder's register | 12 | 47,00 | 61,40 |
| 1900 | 17/11/2010 | JEB | Correspondance with Mr. Curfs re: (acknowledgment of our request) shareholder's register of Lehman Brothers Captain No1 S.à r.l. | 12 | 47,00 | 61,40 |
| 1900 | 17/11/2010 | JEB | Study of the file : further email of ATC -re: shareholder's register of Lehman Brothers Captain No1 S.à r.l. | 6 | 23,50 | 30,70 |
| 1900 | 18/11/2010 | JEB | Study of the file : quick review of original shareholder's register of Lehman Brothers Captain N°1 Luxembourg s.à r.lshareholder's register of Lehman Brothers Captain N°1 Luxembourg s.à r.l.. | 12 | 47,00 | 61,40 |
| 1900 | 18/11/2010 | JEB | Correspondance with Fauzan (A&M) -re : shareholder's register of Lehman Brothers Captain N°1 Luxembourg S.à r.l. | 24 | 94,00 | 122,80 |
| 1900 | 18/11/2010 | JEB | Review/Analysis of dissolution deed of LB Captain No 2 Luxembourg S.à r.l. | 18 | 70,50 | 92,10 |
| 1900 | 18/11/2010 | JEB | Drawing /updating shareholder's register of LB Captain No 1 Luxembourg S. àr.l. | 24 | 94,00 | 122,80 |
| 1900 | 18/11/2010 | RB | Study of the file mail exchange with Fauzan (regarding shareholders register of Captain 1 S.à r.l.) | 12 | 77,00 | 100,59 |
| 1900 | 18/11/2010 | RB | Study of the file mail exchange with Fauzan (regarding appointment of managers of LB Funding BV by its Lux.shareholder) | 12 | 77,00 | 100,59 |
| 1900 | 19/11/2010 | RB | Correspondance with Fauzan (transmission of original shareholders' register | 12 | 77,00 | 100,59 |
| 4600 | 26/11/2010 | JEB | Correspondance with John Keen -re: October monthly statement | 6 | 23,50 | 30,70 |
| | | | Total fee | | 1 045,50 | 1 365,84 |
| | | | | | | |
| | | | Paid disbursements | | | |
| | | | Invoice TNT - express delivery charges relating to the delivery of the original shareholders' register of Lehman Brothers Captain No1 Luxembourg S.à r.l. to Fauzan at Alvarez & Marsal in London | | 38,12 | 49,80 |
| | | | Total paid disbursements | | 38,12 | 49,80 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 1 083,62 | 1 415,64 |

File **301702**
12835

**LBHI - Special Counsel Procedure**
Detail of our fee note

from November 1, 2010
to November 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|--------|--------------------|------|-------|-------|
| JEB | Jérôme BUREL | 12 | 47,00 | 61,40 |
| JG | Jacqueline GELESCHUS | 6 | 17,50 | 22,86 |
| | | 18 | 64,50 | 84,26 |

| File | 301702 | | LBHI - Special Counsel Procedure | | | |
|------|--------|---|---------------------------------|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2010 | | | |
| | | to | November 30, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 10/11/2010 | JEB | Study of the file : email of H. Miller (Weil) -re: LBHI - Fee Committee | 6 | 23,50 | 30,70 |
| 4600 | 23/11/2010 | JEB | Study of the file : email and enclosed resignation letter of Ken Feinberg as chairman of the Fee Committee | 6 | 23,50 | 30,70 |
| 4600 | 23/11/2010 | JG | Study of the file / e-mail received from the Fee Committee with respect to the resignation of Kenneth R. Feinberg | 6 | 17,50 | 22,86 |
| | | | Total fee | | 64,50 | 84,26 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 64,50 | 84,26 |

| File | 301778 | | **LBHI - Preparation** | **Monthly Statements & Fee Applications** |
| | 12836 | | | Detail of our fee note |

from November 1, 2010
to November 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 252 | 987,00 | 1 289,42 |
| JG | Jacqueline GELESCHUS | 768 | 2 240,00 | 2 926,34 |
| KB | Katia BARTHOLOME | 30 | 87,50 | 114,31 |
| | | 1050 | 3 314,50 | 4 330,06 |

1 / 1

| File | 301778 | | LBHI - Preparation Monthly Statements & Fee Applications | | | |
|------|--------|--|--------------------------------------------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2010 | | | |
| | | to | November 30, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 05/11/2010 | JG | Drawing first draft of Third Interim Application of Kleyr Grasso Associes | 180 | 525,00 | 685,86 |
| 4600 | 08/11/2010 | JG | working in relation to calculation of amounts to be included within the Third Interim Fee Application of Kleyr Grasso Associes | 120 | 350,00 | 457,24 |
| 4600 | 08/11/2010 | JG | Drawing /updating draft of Third Interim Fee Application of Kleyr Grasso Associes | 60 | 175,00 | 228,62 |
| 4600 | 09/11/2010 | JG | working in relation to calculation of amounts to be included within the Third Interim Fee Application of Kleyr Grasso Associes | 180 | 525,00 | 685,86 |
| 4600 | 09/11/2010 | JG | Drawing /updating draft of Third Interim Fee Application of Kleyr Grasso Associes | 60 | 175,00 | 228,62 |
| 4600 | 10/11/2010 | JG | Drawing /amending draft of Third Interim Fee Application of Kleyr Grasso Associes | 150 | 437,50 | 571,55 |
| 4600 | 18/11/2010 | JG | Study of the file / e-mail Ken Feinberg/ re: 5th Interim Billing Summary Report (final deductions) | 6 | 17,50 | 22,86 |
| 4600 | 25/11/2010 | JEB | Preparation of October monthly statement in accordance with special counsel procedure and fee committee guidelines (including cover sheet, detailled invoices, USD converted amounts,...) [start] | 150 | 587,50 | 767,51 |
| 4600 | 26/11/2010 | JEB | Preparation of October monthly statement in accordance with special counsel procedure and fee committee guidelines (including cover sheet, detailled invoices, USD converted amounts,...) [cont'd] | 90 | 352,50 | 460,51 |
| 4600 | 26/11/2010 | JEB | Correspondance with Fee Committee re: October monthly statement and electronic format invoices | 12 | 47,00 | 61,40 |
| 4600 | 26/11/2010 | KB | Review/Analysis of figures/calculations for invoices for October | 30 | 87,50 | 114,31 |
| 4600 | 29/11/2010 | JG | Study of the file / e-mail from Mrs Khettab (TNT) re: credit note | 6 | 17,50 | 22,86 |
| 4600 | 29/11/2010 | JG | Drawing e-mail to Mrs Khettab (TNT)/ reply as regards credit note | 6 | 17,50 | 22,86 |
| | | | Total fee | | 3 314,50 | 4 330,06 |
| | | | | | | |
| | | | Paid disbursements | | | |
| | | | Invoice TNT - express delivery charges relating to the delivery of October Monthly Statement to all the Notice Parties in accordance with the Third Amended Interim Compensation Order | | 276,96 | 361,82 |
| | | | Total paid disbursements | | 276,96 | 361,82 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 3 591,46 | 4 691,88 |

File    302467                    **LBHI - Lehman Brothers (Luxembourg) SA in liquidation**
          12837                              Detail of our fee note
                        from November 1, 2010
                        to November 30, 2010
                                              **Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| PS | Pascal SASSEL | 72 | 330,00 | 431,11 |
| MK | Marc KLEYR | 168 | 1 078,00 | 1 408,30 |
| | | 240 | 1 408,00 | 1 839,41 |

| File | 302467 | | LBHI - Lehman Brothers (Luxembourg) SA in liquidation | | | |
|------|--------|--------|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2010 | | | |
| | | to | November 30, 2010 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 04/11/2010 | MK | Review/Analysis of e-mail from Hannah Field discussing issued of (1) documents from D&F (2) Documents from PwC Lux□ (3) Meetings with relevant persons and (4) timing.□ | 12 | 77,00 | 100,59 |
| 2500 | 04/11/2010 | MK | Drawing e-mail to Hannah Field / re.: her mail relating to (1) documents from D&F (2) Documents from PwC Lux□ (3) Meetings with relevant persons and (4) timing.□ | 6 | 38,50 | 50,30 |
| 2500 | 09/11/2010 | MK | Review/Analysis of e-mail with Lux law questions from Hannah Field (Weil) dated 1/11/2010 in view of conference call // | 36 | 231,00 | 301,78 |
| 2500 | 09/11/2010 | MK | Review/Analysis of certain provisions of the LB Lux liquidation court order order in view of the conf call // | 12 | 77,00 | 100,59 |
| 2500 | 09/11/2010 | MK | Tel. conversation with Jacques Derivauxe // re.:  (1) documents from D&F (2) Documents from PwC Lux (3) need to have Meeting, and (4) timing.□ | 12 | 77,00 | 100,59 |
| 2500 | 09/11/2010 | MK | Tel. conversation with / conference call with Weil team and John Keen // // re: update on rejection of the 6,5 billion USD claim filed by LBIE in the lux liquidatiomn of LB Lux //  strategy // access to documents from D&F + PwC | 60 | 385,00 | 502,96 |
| 2500 | 09/11/2010 | PS | Tel. conversation with // conference call with Weil team // re: update on rejection of the 6,5 billion USD claim filed by LBIE in the lux liquidatiomn of LB Lux //  strategy // access to documents from D&F + PwC | 60 | 275,00 | 359,26 |
| 2500 | 09/11/2010 | PS | Review/Analysis of e-mail from H. Field re: agenda of today's conf. call | 12 | 55,00 | 71,85 |
| 2500 | 24/11/2010 | MK | Review/Analysis of e-mail from Julian Lones of Alvares & Marsal to Jacques  Delvaux // re.: the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 12 | 77,00 | 100,59 |
| 2500 | 25/11/2010 | MK | Drawing e-mail to Jacques Delvaux in order to organise meeting // re.: need to discuss the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 6 | 38,50 | 50,30 |
| 2500 | 25/11/2010 | MK | Drawing e-mails to J Keen // re.: need to organise meeting to discuss the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 6 | 38,50 | 50,30 |
| 2500 | 25/11/2010 | MK | Drawing e-mail to Hannah Field // need to organise meeting for discussing the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 6 | 38,50 | 50,30 |
| | | | Total fee | | 1 408,00 | 1 839,41 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 1 408,00 | 1 839,41 |

File    **302670**
    12838

**LBHI - FORTEZZA 2010**
Detail of our fee note

from November 1, 2010
to November 30, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| RB | Rina BREININGER | 1734 | 11 126,50 | 14 535,66 |
| | | 1734 | 11 126,50 | 14 535,66 |

| File | 302670 | | LBHI - FORTEZZA 2010 | | | |
|------|--------|--|----------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2010 | | | |
| | | to | November 30, 2010 | | | |
| | | | **Services provided** | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2600 | 09/11/2010 | RB | Study of the file review of the various mails received from Brian (Well), Simone (GOP), Madeleine (Orrick) and Cameron (CCL-Clifford Chance Luxembourg) in relation with the planned redemption transaction under Fortezza Note Facility Agreement | 42 | 269,50 | 352,07 |
| 2600 | 09/11/2010 | RB | Study of the file review of the draft documents (notice of prepayment, notice of releases of Pledges) | 78 | 500,50 | 653,85 |
| 2600 | 09/11/2010 | RB | Review/Analysis of of the Fortezza documents signed in the past in order to comment/amend new draft documents | 150 | 962,50 | 1 257,41 |
| 2600 | 09/11/2010 | RB | Drawing comments to draft notice of prepayment and notices of releases of pledges | 54 | 346,50 | 452,67 |
| 2600 | 09/11/2010 | RB | Correspondance with Brian (transmission of KGA comments to draft doc) | 12 | 77,00 | 100,59 |
| 2600 | 10/11/2010 | RB | Study of the file mail of Clifford (comments to draft doc. to be signed by Fortezza S.à r.l.) | 12 | 77,00 | 100,59 |
| 2600 | 11/11/2010 | RB | Study of the file mail of Orrick ( draft documents to be signed by Fortezza S.à r.l.) | 18 | 115,50 | 150,89 |
| 2600 | 12/11/2010 | RB | Study of the file review of the draft release letter to be signed by LCPI (UK branch) as Facility Agent in relation with the release of the Italian pledges | 36 | 231,00 | 301,78 |
| 2600 | 12/11/2010 | RB | Study of the file review of the updated documents comfort list to be provided by Fortezza S.à r.l. | 12 | 77,00 | 100,59 |
| 2600 | 12/11/2010 | RB | Correspondance with Brian | 6 | 38,50 | 50,30 |
| 2600 | 15/11/2010 | RB | Study of the file mail exchange with GOP/WGM/Clifford (regarding draft prepament notice/draft release letters, draft list of comfort documents) | 48 | 308,00 | 402,37 |
| 2600 | 15/11/2010 | RB | Correspondance with Luxembourg register of commerce and companies (request for updated excerpt and articles of Fortezza S.à r.l.) | 12 | 77,00 | 100,59 |
| 2600 | 15/11/2010 | RB | Study of the file certificate of Luxembourg commercial court | 12 | 77,00 | 100,59 |
| 2600 | 15/11/2010 | RB | Correspondance with GOP (regarding the comfort documents) | 24 | 154,00 | 201,19 |
| 2600 | 15/11/2010 | RB | Study of the file mail of Clifford (with respect to definition of 2006 accounts/second ranking pledge agreement) and second ranking pledge agreement attached thereto | 36 | 231,00 | 301,78 |
| 2600 | 15/11/2010 | RB | Correspondance with Clifford (definition 2006 accounts/signed pledge agreement 2006 in our posession) | 18 | 115,50 | 150,89 |
| 2600 | 15/11/2010 | RB | Study of the file mail of Cameron (Clifford-will recheck their files) | 12 | 77,00 | 100,59 |
| 2600 | 15/11/2010 | RB | Study of the file mail of GOP (regarding comfort documents to be provided by Fortezza S.à r.l.) | 18 | 115,50 | 150,89 |
| 2600 | 15/11/2010 | RB | Study of the file review of the updated articles of association of Fortezza S.à r.l. | 48 | 308,00 | 402,37 |
| 2600 | 15/11/2010 | RB | Study of the file review of the published annual accounts 2008/the report of the independant auditor (E&Y) and the notes to the 2008 financial accounts | 72 | 462,00 | 603,56 |
| 2600 | 15/11/2010 | RB | Correspondance with GOP (adressing their queries regarding the comfort documents to be delivered by Fortezza S.à r.l.) | 36 | 231,00 | 301,78 |
| 2600 | 16/11/2010 | RB | Study of the file email from Simone (GOP) to Jasle (LAMCOLLC) -draft accounts 2009 Fortezza S.à r.l. | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Jasle (draft accounts 2009 Fortezza S.à r.l.) | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Simone to Orrick (comments on comfort list) | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Tel. conversation with Cameron Saylor (CCL) (transmitting execution copies of Luxembourg release letters)d | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Cameron and updated release letters (pledges 2006/2007) | 18 | 115,50 | 150,89 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Madeleine with updated prepayment notice | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Brian (requesting execution version) | 6 | 38,50 | 50,30 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Simone (regarding execution copies-open items) | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Correspondance with Brian (confirmation to be requested to ALL in relation with draft documents and final agreement thereupon) | 18 | 115,50 | 150,89 |
| 2600 | 16/11/2010 | RB | Study of the file further mail of Brian (documents to be held in escrow) | 6 | 38,50 | 50,30 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Simone (documents to be held in escrow) | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Correspondance with Brian (doc to be held in escrow) | 6 | 38,50 | 50,30 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Brian (asking confirmation on agreement on various drafts and giving instructions to lawyers involved) | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Correspondance with CCL (transmitting execution copies of Luxembourg release letters) | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Brian requesting from KGA and GOP a written summary with explanations in relation with the documents to be signed for the LCPI's signatories | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Correspondance with Brian re: written summary setting forth explanations to be given to LCPI's signatories with respect to the various documents to be signed | 48 | 308,00 | 402,37 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Madeleine (Orrick) regarding timing of signature of prepayment notice | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Simone regarding written summary | 12 | 77,00 | 100,59 |
| 2600 | 16/11/2010 | RB | Study of the file mail of Brian (acknowleging comprehensive and helpfull summary) | 6 | 38,50 | 50,30 |
| 2600 | 17/11/2010 | RB | Study of the file mail Simone to Orrick (quid comments) | 12 | 77,00 | 100,59 |
| 2600 | 17/11/2010 | RB | Study of the file mail of Orrick and updated release letter (Italian pledges) | 18 | 115,50 | 150,89 |
| 2600 | 17/11/2010 | RB | Study of the file mail of CCI with slightly amended execution copies of Luxembourg release letters | 12 | 77,00 | 100,59 |
| 2600 | 17/11/2010 | RB | Study of the file mail of Brian (agreement to changes) | 6 | 38,50 | 50,30 |
| 2600 | 17/11/2010 | RB | Correspondance with Brian (sign off on updated execution copies) | 6 | 38,50 | 50,30 |
| 2600 | 17/11/2010 | RB | Study of the file mail of Madeleine and updated prepayment notice/Italian pledge release letter | 18 | 115,50 | 150,89 |
| 2600 | 17/11/2010 | RB | Correspondance with Madeleine (minor comment) | 6 | 38,50 | 50,30 |
| 2600 | 17/11/2010 | RB | Study of the file mail of Madeleine (amended notice of prepayment) | 12 | 77,00 | 100,59 |
| 2600 | 17/11/2010 | RB | Study of the file mail of Orrick and updated comfort list and Italian pledge release letter | 18 | 115,50 | 150,89 |
| 2600 | 17/11/2010 | RB | Study of the file mail of Brian to LCPI (execution copies for signing) | 18 | 115,50 | 150,89 |
| 2600 | 17/11/2010 | RB | Study of the file mail of Simone (re: request for comments on Manager's certificate and on documents to be provided by Fortezza) | 12 | 77,00 | 100,59 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2600 | 17/11/2010 | RB | Study of the file review of the excerpt RCS and the articles of Fortezza with respect to signatory powers | 30 | 192,50 | 251,48 |
| 2600 | 17/11/2010 | RB | Drawing amendments to draft Managers' certificate | 18 | 115,50 | 150,89 |
| 2600 | 17/11/2010 | RB | Correspondance with Simone (GOP)-comments on draft managers' certificate and signatory powers | 12 | 77,00 | 100,59 |
| 2600 | 18/11/2010 | RB | Study of the file mail exchange between GOP and Orrick (Italian comfort list and Managers'certificate) | 12 | 77,00 | 100,59 |
| 2600 | 18/11/2010 | RB | Study of the file mail of Brian and signed prepayment notice attached thereto | 12 | 77,00 | 100,59 |
| 2600 | 19/11/2010 | RB | Review/Analysis of the mail of Orrick and documents attached thereto (letter and certificat delivered by the Luxembourg Bureau des Hypothèques; Written Sole Managers' resolutions of Fortezza S.à r.l. of 18 November 2010 and updated Managers' certificate | 42 | 269,50 | 352,07 |
| 2600 | 19/11/2010 | RB | Drawing amendments to draft Managers' certificate | 12 | 77,00 | 100,59 |
| 2600 | 18/11/2010 | RB | Correspondance with client (transmission of amended draft managers'certificate) | 6 | 38,50 | 50,30 |
| 2600 | 22/11/2010 | RB | Study of the file mail of Simone (acknowledgement of receipt of amended managers'certificate) | 6 | 38,50 | 50,30 |
| 2600 | 22/11/2010 | RB | Study of the file mail of Simone to Orrick (amendments to managers'certificate and explanations thereto) | 12 | 77,00 | 100,59 |
| 2600 | 22/11/2010 | RB | Study of the file mail of Jasle (acceptance of mortgage certificate) | 6 | 38,50 | 50,30 |
| 2600 | 22/11/2010 | RB | Study of the file mail of Orrick (acceptance of amendments) | 6 | 38,50 | 50,30 |
| 2600 | 22/11/2010 | RB | Study of the file mail of Orrick and Fortezza S.à r.l.'s annual accounts (published annual accounts 2008/draft accounts 2006) attached thereto | 18 | 115,50 | 150,89 |
| 2600 | 22/11/2010 | RB | Study of the file mail of Orrick and negative bankruptcy certficate of Fortezza S.à r.l. attached thereto | 12 | 77,00 | 100,59 |
| 2600 | 22/11/2010 | RB | Study of the file mail of Simone (requesting confirmation on agreement on comfort documents) | 12 | 77,00 | 100,59 |
| 2600 | 22/11/2010 | RB | Correspondance with confirmation on comfort documents | 6 | 38,50 | 50,30 |
| 2600 | 22/11/2010 | RB | Study of the file acknowledgment of receipt of confirmation from GOP | 6 | 38,50 | 50,30 |
| 2600 | 22/11/2010 | RB | Study of the file mail of Brian ( prepayment notice duly countersigned by LCPI) | 6 | 38,50 | 50,30 |
| 2600 | 22/11/2010 | RB | Study of the file mail of GOP (comfort documents) | 6 | 38,50 | 50,30 |
| 2600 | 22/11/2010 | RB | Study of the file review of all comfort documents attached to email of GOP | 18 | 115,50 | 150,89 |
| 2600 | 22/11/2010 | RB | Study of the file mail of Brian with signed release letter to be held in escrow until confirmation of FULL payment | 12 | 77,00 | 100,59 |
| 2600 | 22/11/2010 | RB | Study of the file mail of GOP (regarding Italian conditions to release) | 12 | 77,00 | 100,59 |
| 2600 | 22/11/2010 | RB | Correspondance with mail to WGM (Luxembourg conditions to release/who shall take care) | 12 | 77,00 | 100,59 |
| 2600 | 22/11/2010 | RB | Study of the file mail of GOP (only responsible for Italian release) | 6 | 38,50 | 50,30 |
| 2600 | 22/11/2010 | RB | Correspondance with mail to Brian (requesting instructions and setting forth manner to proceed if KGA should take care of Luxembourg releases) | 18 | 115,50 | 150,89 |
| 2600 | 23/11/2010 | RB | Study of the file various emails received from Brian and Jessie (overnight/only received on 23/11/2010 due to email problems) | 24 | 154,00 | 201,19 |
| 2600 | 23/11/2010 | RB | Correspondance with email to Brian (closing) | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Correspondance with email to Jessie (closing) | 12 | 77,00 | 100,59 |
| 2600 | 23/11/2010 | RB | Study of the file mail of Jessie (closing-confirmation to come) | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Tel. conversation with CCL (handling of Luxembourg release letters) | 24 | 154,00 | 201,19 |
| 2600 | 23/11/2010 | RB | Correspondance with mail to Jessie (handling of Lux.release letters) | 12 | 77,00 | 100,59 |
| 2600 | 23/11/2010 | RB | Tel. conversation with Brian (Closing) | 12 | 77,00 | 100,59 |
| 2600 | 23/11/2010 | RB | Study of the file mail exchange with GOP (original of Italian release letter) | 12 | 77,00 | 100,59 |
| 2600 | 23/11/2010 | RB | Correspondance with CCL (transmission of pdf copies of Luxembourg releases) | 12 | 77,00 | 100,59 |
| 2600 | 23/11/2010 | RB | Study of the file email of Madeleine with swift transfer attached thereto | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Study of the file email of Jasie with confirmation of full payment | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Study of the file email of Brian (confirmation of release) | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Study of the file email of Simone (re: Lux and Italian releases) | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Study of the file email of Madeleine ( transmission of releases to be done) | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Study of the file email of Brian with Italian Release Letter | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Tel. conversation with Madeleine (Lux release letters) | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Study of the file acknowledgment of receipt of Lux Release letters by Madeleine | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Study of the file mail of Madeleine to Brian (signatory powers) | 6 | 38,50 | 50,30 |
| 2600 | 23/11/2010 | RB | Tel. conversation with /call with CCL (Lux release letters and manner to proceed) | 12 | 77,00 | 100,59 |
| 2600 | 23/11/2010 | RB | Study of the file mail of Madeleine further to email and documents sent to her (requesting proof of evidence of signatory power of Jeffrey FITTS) | 12 | 77,00 | 100,59 |
| 2600 | 23/11/2010 | RB | Study of the file mail of Jasle and LCPI resolution attached thereto (listing persons authorized to sign) | 12 | 77,00 | 100,59 |
| 2600 | 23/11/2010 | RB | Correspondance with Madeleine (transmission of passport and LCPI's secretary's certificate) | 18 | 115,50 | 150,89 |
| 2600 | 23/11/2010 | RB | Tel. conversation with CCL (all documents received by them) | 6 | 38,50 | 50,30 |
| 2600 | 24/11/2010 | RB | Study of the file mail of Orrick (awaiting letters of Dexia) | 12 | 77,00 | 100,59 |
| 2600 | 26/11/2010 | RB | Tel. conversation with CCL (requesting once again the pdf copy of the Luxembourg pledge release letters with ALL signatures thereon) | 12 | 77,00 | 100,59 |
| 2600 | 26/11/2010 | RB | Study of the file mail of CCL /pdf copies of Luxembourg pledge release letters with ALL signatures thereon | 12 | 77,00 | 100,59 |
| | | | **Total fee** | | **11 126,50** | **14 535,66** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice Trade and Companies Register - excerpt relating to Fortezza S.à r.l., required in relation to the release letters to be granted | | 11,99 | 15,66 |
| | | | Invoice Trade and Companies Register - non bankruptcy certificate relating to Fortezza S.à r.l., required in relation to the release letters to be granted | | 5,46 | 7,13 |
| | | | Invoice Trade and Companies Register - filed 2008 annual accounts and updated articles of association of Fortezza S.à r.l., required in relation to the release letters to be granted | | 5,76 | 7,52 |
| | | | **Total paid disbursements** | | **23,21** | **30,32** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **11 149,71** | **14 565,98** |

<u>Re:</u>    Monthly statement of KLEYR GRASSO ASSOCIES, special counsel retained with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein, for the period December 1, 2010 through December 31, 2010 (the "<u>Statement Period</u>").

In accordance with the Third Amended Interim Compensation Order by the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), dated June 25, 2009, establishing procedures for monthly compensation and reimbursement of expenses for professionals (the "<u>Interim Compensation Order</u>") and the Order, dated May 26, 2009, appointing a fee committee and approving a fee application protocol (the "<u>Fee Protocol Order</u>"), KLEYR GRASSO ASSOCIES ("<u>KGA</u>"), appointed as special counsel to Lehman Brothers Holdings Inc. and its affiliated debtors (the "<u>Debtors</u>") by Order of the Bankruptcy Court, dated March 25, 2010, pursuant to Section 327(e) of the Bankruptcy Code authorizing the employment and retention of KLEYR GRASSO ASSOCIES, *nunc pro tunc* to June 1, 2009 [Docket No. 7825], hereby submits its monthly statement for the period December 1, 2010 through December 31, 2010 (the "<u>December Statement</u>").

In accordance with the Fee Committee's request all amounts herein are set out in US dollars and additionally in the conversion amount in euros, at the official exchange rate of the European Central Bank as of January 28, 2011.

**I.    <u>Itemization of Services Rendered by KGA Personnel for the Statement Period.</u>**

A.    The hours spent during the Statement Period for which KGA seeks compensation are set forth by the hourly billing rate for each lawyer, and the resulting fees are as follows:

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals in EUR | Fee Totals in USD |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | 1:54 | € 731.50 | $ 1,002.89 |
| Marc Kleyr, Partner | 1991 | € 385.- | 19:06 | € 7,353.50 | $ 10,081.65 |
| Pascal Sassel, Senior Associate | 2002 | € 275.- | 1:00 | € 275.00 | $ 377.03 |
| Jérôme Burel, Associate | 2005 | € 235.- | 16:30 | € 3,877.50 | $ 5,316.05 |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | 3:18 | € 577.50 | $ 791.75 |
| Katia Bartholomé, Associate | 2009 | € 175.- | 0:48 | € 140.00 | $ 191.94 |
| **TIME CHARGES TOTAL:** | | | 42:36 | € 12,955.00 | $ 17,761.31 |

B.    The time records, in the form of formal invoices of KGA are attached hereto as Exhibit A (the "<u>Invoices</u>"). KGA has been retained as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions (the "<u>Luxembourg Matters</u>") which arise or may arise in relation to direct or indirect subsidiaries or affiliates of the Debtors that are Luxembourg entities (the "<u>Luxembourg Entities</u>"). The attached Invoices contain a breakdown of each task performed by KGA professionals associated with such services.

**II.    <u>Itemization of Disbursements and Expenses Incurred and Reimbursement Sought for the Statement Period.</u>**

KGA is seeking reimbursement for disbursements for the Statement Period in the amount of € 212.13 / $ 290.83.

KGA is not seeking reimbursement for expenses for the Statement Period.

III.    **Total Fees, Disbursements and Expenses Sought for the Statement Period.**

A.    The total amount sought for fees for professional services rendered and reimbursement of disbursements and expenses incurred for the Statement Period is as follows:

Total Fees: € 12,955.00 / $ 17,761.31
Total Disbursements: € 212.13 / $ 290.83

**TOTAL:** € 13,167.13 / $ 18,052.14

B.    Amount Payable after Holdback.

Pursuant to the Interim Compensation Order, the amount payable to KGA for the Statement Period, after adjusting for the twenty percent (20%) holdback, € 10,576.13 / $ 14,499.87

**EXHIBIT A**
**Invoices**

File    **301182**
     13114

**LBHI - Promissory Notes/Securities**
Detail of our fee note

from December 1, 2010
to December 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 192 | 752,00 | 1 030,99 |
| JG | Jacqueline GELESCHUS | 54 | 157,50 | 215,93 |
| RB | Rina BREININGER | 102 | 654,50 | 897,32 |
| | | 348 | 1 564,00 | 2 144,24 |

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|------|--------|--|------------------------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | December 1, 2010 | | | |
| | | to | December 31, 2010 | | | |
| | | | **Services provided** | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1800 | 03/12/2010 | JEB | Study of the file : email of Ms Scarcelli (Interconsult) and attached letters from the tax authorities regarding Brasstown Entrada I SCA and Brasstown Manfield I SCA | 18 | 70,50 | 96,66 |
| 1800 | 06/12/2010 | JEB | Study of the file : further email of Ms Scarcelli (Interconsult) with further attached letters from the tax authorities regarding Brasstown Entrada I SCA and Brasstown Manfield I SCA | 12 | 47,00 | 64,44 |
| 1900 | 15/12/2010 | JEB | Study of the file : email of Ms. Scarcelli (Interconsult) and quick review of enclosed explanation letter form the Chamber of commerce regarding additional payment to be made by Brasstown SCA | 18 | 70,50 | 96,66 |
| 1800 | 15/12/2010 | JEB | Tel. conversation with Mr. Kamarowsky (interconsult) regarding the annual accounts and tax returns issue for Brasstown SCAs | 12 | 47,00 | 64,44 |
| 1800 | 15/12/2010 | RB | Study of the file letters received from Interconsult (Brasstown taxes...) | 18 | 115,50 | 158,35 |
| 1900 | 16/12/2010 | JEB | Tel. conversation with Mr. Kamarowsky and Mr. DeBaty regarding the eventual audit of the annual accounts 2007, ...for the Brasstown SCAs | 6 | 23,50 | 32,22 |
| 1900 | 16/12/2010 | JEB | Legal research - quick review of main legal autors positions regarding the requirement to audit and/or publish annual accounts for companies under liquidation | 60 | 235,00 | 322,19 |
| 1900 | 16/12/2010 | JG | Study of the file / review of e-mails with respect to contributions to be paid by Brasstown Mansfield I SCA and Brasstown Entrada I SCA to the Luxembourg chamber of commerce | 12 | 35,00 | 47,99 |
| 1900 | 16/12/2010 | JG | Study of the file / review of bulletins with respect to contributions to be paid by Brasstown Mansfield I SCA and Brasstown Entrada I SCA to the Luxembourg chamber of commerce | 18 | 52,50 | 71,98 |
| 1900 | 16/12/2010 | JG | Drawing e-mail to John Keen in order to forward to him the bulletins of Luxembourg chamber of commerce and to give an explanation as regards their content | 24 | 70,00 | 95,97 |
| 1800 | 17/12/2010 | JEB | Correspondance with John Keen regarding the letters from the tax authorities in relation to the the filing of the 2007 tax returns by the Brasstown SCAs | 18 | 70,50 | 96,66 |
| 1800 | 22/12/2010 | JEB | Tel. conversation with Mr. Kamarowsky and Mr. DeBaty (interconsult) regarding the status of the accounts / tax returns of the Brasstown entities | 18 | 70,50 | 96,66 |
| 1800 | 22/12/2010 | JEB | Drawing several emails to John Keen further to the call with Interconsult, the call from Me Lutgen (lawyer of Interconsult) and the email of John regarding the status of the account/tax situation of the Brasstown entities for 2007 | 30 | 117,50 | 161,09 |
| 1800 | 22/12/2010 | RB | Study of the file mail exchange with John and Interconsult (regarding call of Interconsult/draft accounts 2007 and tax returns 2007 for both Brasstown entities) | 24 | 154,00 | 211,13 |
| 1800 | 23/12/2010 | RB | Review/Analysis of summary review of the draft annual accounts 2007 and tax returns 2007 regarding Brasstown entities | 36 | 231,00 | 316,70 |
| 1800 | 23/12/2010 | RB | Study of the file mail of AML (write-off/fiscal advice) | 12 | 77,00 | 105,57 |
| 1800 | 23/12/2010 | RB | Study of the file mail exchange with Interconsult (tax advice -not covered by KGA engagement/not covered by Interconsult) | 12 | 77,00 | 105,57 |
| | | | **Total fee** | | 1 564,00 | 2 144,24 |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | 1 564,00 | 2 144,24 |

File    **301702**
        1315

**LBHI - Special Counsel Procedure**

Detail of our fee note

from December 1, 2010
to December 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 78 | 305,50 | 418,84 |
| JG | Jacqueline GELESCHUS | 18 | 52,50 | 71,98 |
| RB | Rina BREININGER | 12 | 77,00 | 105,57 |
| | | 108 | 435,00 | 596,39 |

| File | 301702 | | LBHI - Special Counsel Procedure | | | |
|------|--------|--|----------------------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | December 1, 2010 | | | |
| | | to | December 31, 2010 | | | |
| | | | **Services provided** | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 03/12/2010 | JEB | Drawing /finalizing draft supplemental declaration to be further filed in the special counsel procedure | 24 | 94,00 | 128,87 |
| 4600 | 03/12/2010 | JEB | Correspondance with Candace Arthur (Weil, US) regarding various questions under special counsel procedure (supplemental declaration, hourly rates increase, interim fee application...) | 24 | 94,00 | 128,87 |
| 4600 | 03/12/2010 | JEB | Study of the file : email of Fall Garret - re: meeting with fee committee | 6 | 23,50 | 32,22 |
| 4600 | 08/12/2010 | JEB | Internal meeting between Jérôme and Jacqueline/ re: supplemental declarations and conflict of interest | 12 | 47,00 | 64,44 |
| 4600 | 08/12/2010 | JEB | Study of the file : email of Candace Arthur regarding draft supplemental eclaration and US law requirements under special counsel procedure | 12 | 47,00 | 64,44 |
| 4600 | 08/12/2010 | JG | Internal meeting between Jérôme and Jacqueline/ re: supplemental declarations and conflict of interest | 12 | 35,00 | 47,99 |
| 4600 | 14/12/2010 | JG | Study of the file / e-mail Candace Arthur/ re: supplemental declaration | 6 | 17,50 | 23,99 |
| 4600 | 14/12/2010 | RB | Study of the file mail exchange with Candace regarding 6th interim application | 12 | 77,00 | 105,57 |
| | | | **Total fee** | | **435,00** | **596,39** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **435,00** | **596,39** |

File    **301776**
        13116

**LBHI - Preparation  Monthly Statements & Fee Applications**

Detail of our fee note

from December 1, 2010
to December 31, 2010

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 720 | 2 820,00 | 3 866,22 |
| JG | Jacqueline GELESCHUS | 126 | 367,50 | 503,84 |
| KB | Katia BARTHOLOME | 48 | 140,00 | 191,94 |
| | | 894 | 3 327,50 | 4 562,00 |

| File | 301778 | | LBHI - Preparation  Monthly Statements & Fee Applications | | | |
|------|--------|--|------------------------------------------------------------|--|--|--|
| | | | **Detail of our fee note** | | | |
| | | from | December 1, 2010 | | | |
| | | to | December 31, 2010 | | | |
| | | | **Services provided** | | | |
| **Task Code** | **Date** | **Person** | **Comment** | **Time (min.)** | **Amount (€)** | **Amount ($)** |
| 4600 | 02/12/2010 | JEB | conversation with Jacqueline concerning our 3rd interim fee application and the payments already received/ awarded | 18 | 70,50 | 96,66 |
| 4600 | 02/12/2010 | JG | conversation with Jérôme concerning our 3rd interim fee application and the payments already received/ awarded | 18 | 52,50 | 71,98 |
| 4600 | 02/12/2010 | JG | Legal research with respect to the formalities to be followed in case of an increase of the billing rates | 24 | 70,00 | 95,97 |
| 4600 | 03/12/2010 | JEB | conversation with Jacqueline as regards KGA's interim fee application and KGA's supplemental declaration(s) | 18 | 70,50 | 96,66 |
| 4600 | 03/12/2010 | JG | conversation with Jérôme as regards KGA's interim fee application and KGA's supplemental declaration(s) | 18 | 52,50 | 71,98 |
| 4600 | 07/12/2010 | JEB | Study of the file : email of Candace regarding the next interim fee application to be filed | 6 | 23,50 | 32,22 |
| 4600 | 08/12/2010 | JG | Study of the file / order granting applications for the allowances of interim compensation for the period of October 1, 2009 through January 31, 2010 | 18 | 52,50 | 71,98 |
| 4600 | 08/12/2010 | JG | Drawing modifications/ additions to the third interim fee application of Kleyr Grasso Associes | 18 | 52,50 | 71,98 |
| 4600 | 10/12/2010 | JEB | Review/Analysis of KCKG draft third interim fee application and drawing final amendments thereto | 132 | 517,00 | 708,81 |
| 4600 | 10/12/2010 | JEB | Review/Analysis of all the figures/calculations to be included in the third interim fee application (start) | 48 | 188,00 | 257,75 |
| 4600 | 13/12/2010 | JEB | Drawing /finalizing draft third interim fee application and supplemental comments/questions (regarding US law) with respect thereto | 60 | 235,00 | 322,19 |
| 4600 | 13/12/2010 | JEB | Correspondance with Candace Arthur - re: draft third interim application and specific queries regarding US law requirements | 18 | 70,50 | 96,66 |
| 4600 | 13/12/2010 | JEB | Review/Analysis of all the figures/calculations to be included in the third interim fee application (cont'd) | 150 | 587,50 | 805,48 |
| 4600 | 14/12/2010 | JEB | Internal meeting between Jérôme and Jacqueline/ re: interim fee application (content) | 6 | 23,50 | 32,22 |
| 4600 | 14/12/2010 | JG | Study of the file e-mails (Jérôme and Candace Arthur) / Lehman Brothers Holdings Inc. - Retained Professionals - Sixth Interim Applications | 12 | 35,00 | 47,99 |
| 4600 | 14/12/2010 | JG | Internal meeting between Jérôme and Jacqueline/ re: interim fee application (content) | 6 | 17,50 | 23,99 |
| 4600 | 22/12/2010 | JEB | Study of the file : quick review of credit note received from TNT in relation to the delivery of the October monthly statement in the US | 6 | 23,50 | 32,22 |
| 4600 | 23/12/2010 | JEB | Preparation and finalizing of November monthly statement in accordance with special counsel procedure and fee committee guidelines (including cover sheet, detailled invoices, USD converted amounts,...) | 240 | 940,00 | 1 288,74 |
| 4600 | 23/12/2010 | JEB | Correspondance with Fee Committee re: November monthly statement and electronic format invoices | 12 | 47,00 | 64,44 |
| 4600 | 23/12/2010 | JEB | Correspondance with John Keen -re: November monthly statement | 6 | 23,50 | 32,22 |
| 4600 | 23/12/2010 | KB | Review/Analysis of figures/calculation of invoices of November 2010 | 48 | 140,00 | 191,94 |
| 4600 | 27/12/2010 | JG | Study of the file -e-mail received from Mary Pat Fox/ re: LBHI Under Chapter 11 - Kleyr Grasso's monthly statement for November 2010 | 6 | 17,50 | 23,99 |
| 4600 | 28/12/2010 | JG | Study of the file / e-mail received from Mary Anna Tabol with respect to removal of Feinberg Rozen from Lehman Fee Application Distribution List□ | 6 | 17,50 | 23,99 |
| | | | **Total fee** | | **3 327,50** | **4 562,00** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Credit note from TNT as a consequence of a mistake in their invoice relating to  the delivery of September Monthly Statement to all the Notice Parties in accordance with the Third Amended Interim Compensation Order | | -70,02 | -96,00 |
| | | | Invoice TNT - express delivery charges relating to the delivery of November Monthly Statement to all the Notice Parties in accordance with the Third Amended Interim Compensation Order | | 282,15 | 386,83 |
| | | | **Total paid disbursements** | | **212,13** | **290,83** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **3 539,63** | **4 852,83** |

File    302467                    **LBHI - Lehman Brothers (Luxembourg) SA in liquidation**
        13117                              Detail of our fee note

                        from December 1, 2010
                        to December 31, 2010

                                        **Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| PS | Pascal SASSEL | 60 | 275,00 | 377,03 |
| MK | Marc KLEYR | 1146 | 7 353,50 | 10 081,65 |
| | | 1206 | 7 628,50 | 10 458,67 |

| File | 302467 | | LBHI - Lehman Brothers (Luxembourg) SA in liquidation | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | from | December 1, 2010 | | | | |
| | to | December 31, 2010 | | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 03/12/2010 | MK | Preparation of meetings with John Keen team and then with Delvaux and Fisch // re.: rejection of the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 72 | 462,00 | 633,40 |
| 2500 | 03/12/2010 | MK | Meeting with John Keen and team and then with Delvaux and Fisch // re.: rejection of the 6,5 billion USD claim filed by LBIE in the Luxembourg liquidation of LB Lux // | 360 | 2 310,00 | 3 167,01 |
| 2500 | 06/12/2010 | MK | Tel. conversation with Jacques Delvaux // LB Lux liquidators want us to review the rejection arguments for the Lux liquidators against the LBIE claim // | 18 | 115,50 | 158,35 |
| 2500 | 06/12/2010 | MK | Correspondance with Hannah Field, copy to A&M team // LB Lux liquidators want us to review the rejection arguments for the Lux liquidators against the LBIE claim // | 6 | 38,50 | 52,78 |
| 2500 | 06/12/2010 | MK | Review/Analysis of e-mails from Hannah Field // re.: LB Lux liquidators want us to review the rejection arguments for the Lux liquidators against the LBIE claim // | 6 | 38,50 | 52,78 |
| 2500 | 07/12/2010 | MK | Tel. conversation with Hannah Field from Well and Julian // re.: elaborating rejection arguments for the Lux liquidators against the LBIE claim // | 12 | 77,00 | 105,57 |
| 2500 | 07/12/2010 | MK | Review/Analysis of e-mails of the day from Hannah Field // re.: elaborating rejection arguments for the Lux liquidators against the LBIE claim // | 24 | 154,00 | 211,13 |
| 2500 | 07/12/2010 | MK | Drawing drafting and elaborating rejection arguments for the Lux liquidators against the LBIE claim // | 360 | 2 310,00 | 3 167,01 |
| 2500 | 07/12/2010 | MK | Correspondance with / sendind e-mail with draft rejection arguments for the Lux liquidators against the LBIE claim // | 6 | 38,50 | 52,78 |
| 2500 | 08/12/2010 | MK | Review/Analysis of e.mail from Hannah Field of Well with the amended draft letter to Delvaux and Fisch // | 54 | 346,50 | 475,05 |
| 2500 | 08/12/2010 | MK | Tel. conversation with Jacques Delvaux discussing arguments of rejection for the LBIE claim // | 18 | 115,50 | 158,35 |
| 2500 | 08/12/2010 | MK | Drawing e-mail to Hannah Field with amended draft letter to the liquidators of LB Lux | 6 | 38,50 | 52,78 |
| 2500 | 08/12/2010 | MK | Drawing / finalising e-mail letter to the liquidators of LB Lux with our arguments for rejection of the LBIE claim // | 12 | 77,00 | 105,57 |
| 2500 | 13/12/2010 | MK | Review/Analysis of e-mail from Hannah Field / re.: LBHI as an interested party in the LBIE claim rejection procedure in Luxembourg // | 6 | 38,50 | 52,78 |
| 2500 | 13/12/2010 | MK | Drawing e-mail to Hannah Field / re.: LBHI as an interested party in the LBIE claim rejection procedure in Luxembourg // | 12 | 77,00 | 105,57 |
| 2500 | 13/12/2010 | MK | Review/Analysis of Robert Lemons / re.: LBHI as an interested party in the LBIE claim rejection procedure in Luxembourg // | 6 | 38,50 | 52,78 |
| 2500 | 13/12/2010 | MK | Review/Analysis of e-mail form Elana Pollak / re.: LBHI as an interested party in the LBIE claim rejection procedure in Luxembourg // | 6 | 38,50 | 52,78 |
| 2500 | 14/12/2010 | MK | Review/Analysis of e-mail from Hannah Field // question of whether an english court could still have jurisdiction for establishing and quantifying the claim of LBIE after the rejection notice has been sent out by LB Lux in Luxembourg // | 12 | 77,00 | 105,57 |
| 2500 | 14/12/2010 | MK | Research / legal researches //question of whether an english court could still have jurisdiction for establishing and quantifying the claim of LBIE after the rejection notice has been sent out by LB Lux in Luxembourg // | 24 | 154,00 | 211,13 |
| 2500 | 14/12/2010 | MK | Drawing e-mail to Hannah Field // question of whether an english court could still have jurisdiction for establishing and quantifying the claim of LBIE after the rejection notice has been sent out by LB Lux in Luxembourg // | 12 | 77,00 | 105,57 |
| 2500 | 14/12/2010 | MK | Review/Analysis of rejection notice sent by Lux Liquidators to LBIE // | 24 | 154,00 | 211,13 |
| 2500 | 14/12/2010 | MK | Correspondance with Hannah Field and clients // copy of rejection notice sent by Lux Liquidators to LBIE // | 6 | 38,50 | 52,78 |
| 2500 | 14/12/2010 | PS | Internal meeting between // discussions between Marc Kleyr and Pascal Sassel re: the question of the exclusive jurisdiction of the Luxembourg commercial court for claims | 12 | 55,00 | 75,41 |
| 2500 | 14/12/2010 | PS | Research in legal scholarship and case-law regarding the issue of the absence of exclusive jurisdiction of the Luxembourg commercial court for disputes regarding the quantification of a claim | 30 | 137,50 | 188,51 |
| 2500 | 14/12/2010 | PS | Drawing e-mail to Hannah Field re: the absence of exclusive jurisdiction of the Luxembourg commercial court for disputes regarding the quantification of a claim | 18 | 82,50 | 113,11 |
| 2500 | 16/12/2010 | MK | Tel. conversation with / conference call with Daniel Ehrman and A&M team and Hannah Field from Well discussing strategy, way forward and access to documents of Delvaux and Fisch in relation to the LBIE claim rejection notice and upcoming procedure  // | 48 | 308,00 | 422,27 |
| 2500 | 17/12/2010 | MK | Tel. conversation with Delvaux and Fisch to organise fact finding / forensic work by Julian Jones in the docs and material they have // | 12 | 77,00 | 105,57 |
| 2500 | 17/12/2010 | MK | Drawing mail to Delvaux and Fisch to organise fact finding / forensic work by Julian Jones in the docs and material they have // | 12 | 77,00 | 105,57 |
| 2500 | 21/12/2010 | MK | Review/Analysis of e-mail from Julian / re.: organise fact finding / forensic work by Julian Jones in the docs and material held by Delvaux and Fisch // | 6 | 38,50 | 52,78 |
| 2500 | 23/12/2010 | MK | Review/Analysis of another e-mail from Julian / re.: organise fact finding / forensic work by Julian Jones in the docs and material held by Delvaux and Fisch | 6 | 38,50 | 52,78 |
| | | | **Total fee** | | 7 628,50 | 10 458,87 |
| | | | **TOTAL FEE NOTE** | | 7 628,50 | 10 458,87 |

Re:    **Monthly statement of KLEYR GRASSO ASSOCIES, special counsel retained with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein, for the period January 1, 2011 through January 31, 2011 (the "Statement Period").**

In accordance with the Third Amended Interim Compensation Order by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), dated June 25, 2009, establishing procedures for monthly compensation and reimbursement of expenses for professionals (the "Interim Compensation Order") and the Order, dated May 26, 2009, appointing a fee committee and approving a fee application protocol (the "Fee Protocol Order"), KLEYR GRASSO ASSOCIES ("KGA"), appointed as special counsel to Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") by Order of the Bankruptcy Court, dated March 25, 2010, pursuant to Section 327(e) of the Bankruptcy Code authorizing the employment and retention of KLEYR GRASSO ASSOCIES, *nunc pro tunc* to June 1, 2009 [Docket No. 7825], hereby submits its monthly statement for the period January 1, 2011 through January 31, 2011 (the "January Statement").

In accordance with the Fee Committee's request all amounts herein are set out in US dollars and additionally in the conversion amount in euros, at the official exchange rate of the European Central Bank as of February 21, 2011.

**I.    Itemization of Services Rendered by KGA Personnel for the Statement Period.**

A.    The hours spent during the Statement Period for which KGA seeks compensation are set forth by the hourly billing rate for each lawyer, and the resulting fees are as follows:

| Name of Professional & Title | Year Admitted to Practice | Billing Rate[1] | Total Hours Billed | Fee Totals in EUR | Fee Totals in USD |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 420.- | 2:18 | € 966.00 | $ 1,320.33 |
| Marc Kleyr, Partner | 1991 | € 420.- | 7:18 | € 3,066.00 | $ 4,190.61 |
| Jérôme Burel, Senior Associate[2] | 2005 | € 295.- | 9:48 | € 2,891.00 | $ 3,951.42 |
| Henry De Ron, Associate | 2008 | € 255.- | 6:54 | € 1,759.50 | $ 2,404.88 |
| Jacqueline Geleschus, Associate | 2008 | € 195.- | 1:18 | € 253.50 | $ 346.48 |
| Katia Bartholomé, Associate | 2009 | € 195.- | 4:42 | € 916.50 | $ 1,252.67 |
| **TIME CHARGES TOTAL:** | | | 32:18 | € 9,852.50 | $ 13,466.40 |

B.    The time records, in the form of formal invoices of KGA are attached hereto as Exhibit A (the "Invoices"). KGA has been retained as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions (the "Luxembourg Matters") which arise or may arise in relation to direct or indirect subsidiaries or affiliates of the Debtors that are Luxembourg entities (the "Luxembourg Entities"). The attached Invoices contain a breakdown of each task performed by KGA professionals associated with such services.

**II.    Itemization of Disbursements and Expenses Incurred and Reimbursement Sought for the Statement Period.**

KGA is not seeking reimbursement for disbursements for the Statement Period.

KGA is not seeking reimbursement for expenses for the Statement Period.

---

[1] Billing rates applied by KGA have been increased with effect as of January 1, 2011.
[2] Me Jérôme Burel has been promoted as senior associate with effect as of January 1, 2011.

III.     **Total Fees, Disbursements and Expenses Sought for the Statement Period.**

A.      The total amount sought for fees for professional services rendered and reimbursement of disbursements and expenses incurred for the Statement Period is as follows:

Total Fees: € 9,852.50 / $ 13,466.40

**TOTAL:** € 9,852.50 / $ 13,466.40

B.      Amount Payable after Holdback.

Pursuant to the Interim Compensation Order, the amount payable to KGA for the Statement Period, after adjusting for the twenty percent (20%) holdback, € 7,882.00 / $ 10,773.12

**<u>EXHIBIT A</u>**

**Invoices**

File    **301182**
    13504

**LBHI - Promissory Notes/Securities**
Detail of our fee note

from January 1, 2011
to January 31, 2011

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 216 | 1 062,00 | 1 451,54 |
| JG | Jacqueline GELESCHUS | 78 | 253,50 | 346,48 |
| KB | Katia BARTHOLOME | 240 | 780,00 | 1 086,10 |
| RB | Rina BREININGER | 108 | 756,00 | 1 033,30 |
| | | 642 | 2 851,50 | 3 897,43 |

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | from | January 1, 2011 | | | | |
| | to | January 31, 2011 | | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1800 | 03/01/2011 | JEB | Study of the file : email of Mrs. Scarcelli (Interconsult) and quick review of attached bank statements relating to Brasstown Mansfield II S.à r.l. and Brasstown Mansfield I SCA | 12 | 59,00 | 80,64 |
| 1800 | 03/01/2011 | JG | Study of the file / e-mails from Angelina Scarcelli (Interconsult) with respect to bank statements of Brasstown Mansfield I SCA and Mansfield II Sàrl | 6 | 19,50 | 26,65 |
| 1800 | 03/01/2011 | JG | updating master file with respect to bank statements of Brasstown Mansfield I SCA and Mansfield II Sàrl | 6 | 19,50 | 26,65 |
| 1800 | 03/01/2011 | JG | Drawing of an e-mail to John Keen to forward to him the bank statements of Brasstown Mansfield I SCA and Mansfield II Sàrl | 6 | 19,50 | 26,65 |
| 1800 | 04/01/2011 | JEB | Study of the file : email of Mrs. Scarcelli (Interconsult) and quick review of enclosed bank statements for Entrada II S.à r.l. | 6 | 29,50 | 40,32 |
| 1800 | 04/01/2011 | RB | Study of the file documents transmitted by Interconsult (bank statements of Brasstown entities) | 12 | 84,00 | 114,81 |
| 1800 | 06/01/2011 | JEB | Study of the file : email of Mr. Kamarowsky and questions/items raised in relation to the Brasstown SCAs | 12 | 59,00 | 80,64 |
| 1900 | 06/01/2011 | JEB | Study of the file : email of Mr. De Baty (Interconsult) and questions raised for the tax return - shareholding | 12 | 59,00 | 80,64 |
| 1800 | 07/01/2011 | JEB | Correspondence with John Keen - re: the request of Interconsult in relation to the shareholding in the Brasstown entities and 314 Commonwealth. | 18 | 88,50 | 120,96 |
| 1800 | 07/01/2011 | RB | Study of the file mail exchange Interconsult/KGA/client (structure chart Brasstown entities requested by KPMG) | 12 | 84,00 | 114,81 |
| 1800 | 10/01/2011 | JEB | Study of the file : emails of John and Majeed confirming US shareholding with respect to Interconsult's request regarding the Brasstown entities | 12 | 59,00 | 80,64 |
| 1800 | 10/01/2011 | JEB | Correspondence with Interconsult -re: US shareholding with respect to Interconsult's request regarding the Brasstown entities | 12 | 59,00 | 80,64 |
| 1800 | 10/01/2011 | JEB | Correspondence with Mr. Kamarowsky (Interconsult) -re: adressing questions/items raised in relation to the Brasstown SCAs | 24 | 118,00 | 161,28 |
| 1900 | 10/01/2011 | RB | Study of the file review of the mail exchange Interconsult/AM/LAML/KGA regarding mails of Interconsult-open items Brasstown entities/fiscal situation of both entities | 36 | 252,00 | 344,43 |
| 1800 | 10/01/2011 | RB | Study of the file mail exchange with KPMG (KYC-chart) | 6 | 42,00 | 57,41 |
| 1800 | 11/01/2011 | JG | Study of the file / e-mail Angelina Scarcelli (Interconsult) / re: bank statement KBL for Brasstown Entrada I SCA as of 31 December 2010 | 6 | 19,50 | 26,65 |
| 1800 | 11/01/2011 | JG | update of the master file with respect to the bank statement KBL for Brasstown Entrada I SCA as of 31 December 2010 | 6 | 19,50 | 26,65 |
| 1800 | 11/01/2011 | JG | Drawing e-mail to John Keen to forward to him the bank statement KBL for Brasstown Entrada I SCA as of 31 December 2010 | 6 | 19,50 | 26,65 |
| 1800 | 11/01/2011 | RB | Study of the file KBL bank statement (Brasstown) | 6 | 42,00 | 57,41 |
| 1800 | 17/01/2011 | JEB | Study of the file : email of Mr. Kamarowsky (Interconsult - liquidator) -re: Brasstown SCAs liquidation - approval accounts | 12 | 59,00 | 80,64 |
| 1800 | 17/01/2011 | JEB | Study of the file : email of Mrs Scarcelli (Interconsult) and quick review of enclosed tax statement for Brasstown Mansfield I SCA | 12 | 59,00 | 80,64 |
| 1800 | 17/01/2011 | RB | Study of the file mail of Interconsult and fiscal statement of Brasstown Mansfield (as at 11 January 2011) | 12 | 84,00 | 114,81 |
| 1800 | 18/01/2011 | JG | update data base with respect to several documents (letters) received in relation with the taxes due for Brasstown Entrada I SCA and Brasstown Mansfield I SCA | 12 | 39,00 | 53,31 |
| 1800 | 18/01/2011 | JG | Study of the file / letter from the Luxembourg tax authorities (excerpt) with respect to taxes to be paid by Brasstown Mansfield I SCA for 2006-2010 | 12 | 39,00 | 53,31 |
| 1800 | 18/01/2011 | JG | Drawing draft e-mail to John Keen to forward to him the letter from the tax authorities + short explanation of its content | 12 | 39,00 | 53,31 |
| 1900 | 19/01/2011 | JEB | Tel. conversation with Mr. Debaty from Interconsult regarding the liquidation/annual accounts process with respect to Brasstown Entrada I SCA and Brasstown Mansfield I SCA | 12 | 59,00 | 80,64 |
| 1800 | 19/01/2011 | JG | Drawing e-mail to John Keen as regards excerpt of the Luxembourg tax authorities with respect to taxes to be paid by Brasstown Mansfield I SCA for 2006-2010 | 6 | 19,50 | 26,65 |
| 1800 | 20/01/2011 | RB | Study of the file latest tax statement (Brasstown) | 12 | 84,00 | 114,81 |
| 1800 | 24/01/2011 | RB | Study of the file mail exchange with John (conf call-discussion open items) | 6 | 42,00 | 57,41 |
| 1900 | 24/01/2011 | RB | Study of the file review of mail of liquidator | 6 | 42,00 | 57,41 |
| 1800 | 25/01/2011 | JEB | Tel. conversation with Mr. Debaty (Interconsult) regarding the tax/liquidaiton situation of the Brasstown entities further to the call with Lamco and EY | 18 | 88,50 | 120,96 |
| 1900 | 25/01/2011 | JEB | Review/Analysis of the current status of the file - re: liquidation process and annual accounts of Brasstown SCAs | 30 | 147,50 | 201,60 |
| 1900 | 27/01/2011 | JEB | Study of the file : email of Majeed and quick review of enclosed documents (queries of EY for their audit report with respect to the Brasstown companies) | 24 | 118,00 | 161,28 |
| 1900 | 31/01/2011 | KB | Research of required documents for the audit of the financial statement of Brasstown Mansfield I SCA | 240 | 780,00 | 1 066,10 |
| | | | Total fee | | 2 861,50 | 3 897,43 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 2 861,50 | 3 897,43 |

File    **301702**
        13527

**LBHi - Special Counsel Procedure**
**Detail of our fee note**

from January 1, 2011
to January 31, 2011

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 42 | 206,50 | 282,24 |
| RB | Rina BREININGER | 12 | 84,00 | 114,81 |
| | | 54 | 290,50 | 397,06 |

| File | 301702 | | LBHI - Special Counsel Procedure | | | |
|------|--------|---|------------------------------------|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | January 1, 2011 | | | |
| | | to | January 31, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 17/01/2011 | JEB | Study of the file : email of Candace Arthur(fee committee) | 6 | 29,50 | 40,32 |
| 4600 | 24/01/2011 | JEB | Correspondance with Mrs Gasparini (US Trustee) -re: process further to change of chairman of Fee committee | 18 | 88,50 | 120,96 |
| 4600 | 27/01/2011 | RB | Study of the file information mail from Elisabeth (regarding appointment of Brown Geer) | 12 | 84,00 | 114,81 |
| 4600 | 31/01/2011 | JEB | Correspondance with Mr. Williamson -re: process for further statements/invoices further to the appointment of new chairman of fee committee | 12 | 59,00 | 80,64 |
| 4600 | 31/01/2011 | JEB | Study of the file : email of Mr. Williamson received during the we -re: process for further statements/invoices further to the appointment of new chairman of fee committee | 6 | 29,50 | 40,32 |
| | | | Total fee | | 290,50 | 397,06 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 290,50 | 397,06 |

File    301778           LBHI - Preparation  Monthly Statements & Fee Applications
        13528                                Detail of our fee note
                    from January 1, 2011
                    to January 31, 2011
                                        Total per lawyer

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 330 | 1 622,50 | 2 217,63 |
| KB | Katia BARTHOLOME | 42 | 136,50 | 186,57 |
| RB | Rina BREININGER | 18 | 126,00 | 172,22 |
| | | 390 | 1 885,00 | 2 576,42 |

| File | 301778 | | LBHI - Preparation Monthly Statements & Fee Applications | | | |
|------|--------|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | January 1, 2011 | | | |
| | | to | January 31, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 13/01/2011 | JEB | Preparation of December monthly statement in accordance with special counsel procedure and fee committee guidelines (including cover sheet, detailed invoices, USD converted amounts,...) (start) | 180 | 885,00 | 1 209,62 |
| 4600 | 13/01/2011 | JEB | Correspondance with Candace Arthur (Weil) regarding new contact details of Fee committee further to the resignation of M. Feinberg | 6 | 29,50 | 40,32 |
| 4600 | 27/01/2011 | JEB | Tel. conversation with US Trustee offices - re: resignation of Mr. Feinberg | 6 | 29,50 | 40,32 |
| 4600 | 27/01/2011 | JEB | Study of the file : email of Mrs Gasparini (US Trustee) - re: resignation of Mr. Feinberg | 12 | 59,00 | 80,64 |
| 4600 | 27/01/2011 | JEB | Correspondence with new independent member of fee committee | 6 | 29,50 | 40,32 |
| 4600 | 28/01/2011 | JEB | Preparation of December monthly statement in accordance with special counsel procedure and fee committee guidelines (including cover sheet, detailed invoices, USD converted amounts,...) (cont'd) | 78 | 383,50 | 524,17 |
| 4600 | 28/01/2011 | JEB | Drawing December monthly statement cover sheet | 18 | 88,50 | 120,96 |
| 4600 | 28/01/2011 | KB | Review/Analysis of figures/calculation of invoices of December 2010 | 42 | 136,50 | 186,57 |
| 4600 | 31/01/2011 | JEB | Correspondance with Fee Committee re: December monthly statement and electronic format invoices | 12 | 59,00 | 80,64 |
| 4600 | 31/01/2011 | JEB | Correspondance with John Keen (December monthly statement) | 6 | 29,50 | 40,32 |
| 4600 | 31/01/2011 | JEB | Correspondance with E. Gasparini - US Trustee (December monthly statement) | 6 | 29,50 | 40,32 |
| 4600 | 31/01/2011 | RB | Study of the file mail exchange with Fee Committee | 18 | 126,00 | 172,22 |
| | | | Total fee | | 1 885,00 | 2 576,42 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 1 885,00 | 2 576,42 |

File    302467                **LBHI - Lehman Brothers (Luxembourg) SA in liquidation**
        13529                             Detail of our fee note

                        from January 1, 2011
                        to January 31, 2011
                                            **Total per lawyer**

|  |  | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| **Person** |  |  |  |  |
| HD | Henry DE RON | 414 | 1 759,50 | 2 404,88 |
| MK | Marc KLEYR | 438 | 3 066,00 | 4 190,61 |
|  |  | 852 | 4 825,50 | 6 595,49 |

| File | 302467 | | LBHI - Lehman Brothers (Luxembourg) SA in liquidation | | | |
|------|--------|--|------------------------------------------------------|--|--|--|
| | | | Detail of our fee note | | | |
| | | from | January 1, 2011 | | | |
| | | to | January 31, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 05/01/2011 | MK | Drawing e-mail to Julian and Hannah / re.: organise fact finding / forensic work by Julian Jones in the docs and material held by Delvaux and Fisch | 6 | 42,00 | 57,41 |
| 2500 | 07/01/2011 | MK | Review/Analysis of e-mails from Hannah dated 6 and 7 Jan 2011 // re.: organise fact finding / forensic work by Julian Jones in the docs and material held by Delvaux and Fisch | 6 | 42,00 | 57,41 |
| 2500 | 07/01/2011 | MK | Review/Analysis of / first highlevel review of draft "supply of service agreement" proposed and sent by Delvaux and Fisch in order to allow A&M act finding / forensic work in the docs and material held by them // | 36 | 252,00 | 344,43 |
| 2500 | 11/01/2011 | MK | Tel. conversation with Jacques Delvaux in order to discuss issues to be resolve in order to allow A&M act finding / forensic work in the docs and material held by Delvaux and Fisch // | 18 | 126,00 | 172,22 |
| 2500 | 13/01/2011 | HD | Internal meeting between Marc Kleyr and Henry De Ron about legal research on banking secrecy exceptions re.: article 41 law 1993 on the financial sector | 12 | 51,00 | 69,71 |
| 2500 | 13/01/2011 | HD | Research legal research on banking secrecy exceptions re.: article 41 law 1993 on the financial sector / review of Luxembourg case law and legal doctrine // | 150 | 637,50 | 871,34 |
| 2500 | 13/01/2011 | HD | Drawing of bullet point memorandum about the findings of the legal research on banking secrecy exceptions re.: article 41 law 1993 on the financial sector | 42 | 178,50 | 243,97 |
| 2500 | 13/01/2011 | HD | Internal meeting between Marc Kleyr and Henry De Ron about the findings of the legal research on banking secrecy exceptions re.: article 41 law 1993 on the financial sector | 12 | 51,00 | 69,71 |
| 2500 | 13/01/2011 | HD | Drawing of e-mail to the Luxembourg Legal Documentation Service for the communication of specific case-law on banking secrecy exceptions re.: article 41 law 1993 on the financial sector | 6 | 25,50 | 34,85 |
| 2500 | 13/01/2011 | HD | Research about the legitimate duty of the professional to disclose confidential information as a banking secrecy exception re.: article 41 law 1993 on the financial sector (start) | 54 | 229,50 | 313,68 |
| 2500 | 13/01/2011 | MK | Review/Analysis of draft "confidentiality and information sharing agreement" prepared by Hannah Field sent 11/01/2011 // | 48 | 336,00 | 459,24 |
| 2500 | 13/01/2011 | MK | Review/Analysis of the LBHI guarantee letter dated 24/8/2000 and related docs sent by Hannah on 12/1/2011 // | 36 | 252,00 | 344,43 |
| 2500 | 13/01/2011 | MK | Review/Analysis of  in detail  of draft "Supply Services Agreement" provided by the liquidators of LB Lux | 54 | 378,00 | 516,65 |
| 2500 | 13/01/2011 | MK | Drawing draft mail to LB Lux liquidators explaining Suppy Services Agreement is not adequate frame to work / cooperate | 18 | 126,00 | 172,22 |
| 2500 | 13/01/2011 | MK | Research / legal research on banking secrecy exceptions re.: article 41 law 1993 on the financial sector | 18 | 126,00 | 172,22 |
| 2500 | 13/01/2011 | MK | Internal meeting between Marc Kleyr and Henry De Ron about legal research on banking secrecy exceptions re.: article 41 law 1993 on the financial sector | 12 | 84,00 | 114,81 |
| 2500 | 13/01/2011 | MK | Internal meeting between Marc Kleyr and Henry De Ron about the findings of the legal research on banking secrecy exceptions re.: article 41 law 1993 on the financial sector | 12 | 84,00 | 114,81 |
| 2500 | 13/01/2011 | MK | Correspondance with Hannah // proposal of email to LB Lux liquidators | 6 | 42,00 | 57,41 |
| 2500 | 14/01/2011 | HD | Research about the legitimate duty of the professionnal to disclose confidential information as a banking secrecy exception re.: article 41 law 1993 on the financial sector (cont'd) | 66 | 280,50 | 383,39 |
| 2500 | 17/01/2011 | HD | Research about the legitimate duty of the professionnal to disclose confidential information as a banking secrecy exception re.: article 41 law 1993 on the financial sector / case-law review // | 72 | 306,00 | 418,24 |
| 2500 | 18/01/2011 | MK | Review/Analysis of e-mail from LB Lux liquidators / re.: : Information Sharing and access to information | 6 | 42,00 | 57,41 |
| 2500 | 20/01/2011 | MK | Review/Analysis of further e-mail from liquidators of LB Lux / re.: : Information Sharing and access to information | 6 | 42,00 | 57,41 |
| 2500 | 21/01/2011 | MK | Review/Analysis of writ of summons served on the Lux liquidators of LB Lux by the lawyers acting for LBIE // | 96 | 672,00 | 918,49 |
| 2500 | 25/01/2011 | MK | Drawing e-mail to LB Lux liquidators  / re.: : Information Sharing and access to information | 6 | 42,00 | 57,41 |
| 2500 | 25/01/2011 | MK | Review/Analysis of liquidation order of LB Lux dated 1 April 2009, in order to identify jurisdiction issue invoked by LBIE lawyers // | 36 | 252,00 | 344,43 |
| 2500 | 25/01/2011 | MK | Tel. conversation with / conf call with Hannah Field from Weil and A&M team to discuss the Luxembourg rejection procedure and the jurisdiction issue // | 18 | 126,00 | 172,22 |
| | | | Total fee | | 4 825,50 | 6 595,49 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 4.825,50 | 6 595,49 |

**EXHIBIT C**

**LIST OF ALL OF THE MATTERS FOR WHICH SERVICES WERE RENDERED AND THE
AGGREGATE AMOUNT OF HOURS AND FEES EXPENDED FOR SUCH MATTERS
DURING THE INTERIM PERIOD**

| Project Category | Total Hours | Total Fees Requested in USD | Total Fees Requested in EUR |
|---|---|---|---|
| International Assets | 127:00 | $ 56,374.55 | € 42,234.5 |
| Special Counsel Procedure | 16:00 | $ 4,173.68 | € 3,131.- |
| Preparation of Monthly Statements and Fee Applications | 42:00 | $ 12,400.18 | € 9,231.5 |

**EXHIBIT D**

**SUMMARY TABLE IDENTIFYING EVERY TIMEKEEPER WHO PROVIDED SERVICES IN EACH TASK CODE WITH THE RELEVANT HOURS AND FEES EXPENDED PER TASK CODE DURING THE INTERIM PERIOD**

| Taskcode | Lawyer | Time | EUR | USD |
|---|---|---|---|---|
| 1800 | JEB | 6:54 | 1,759.50 | 2,367.67 |
|  | JG | 1:48 | 341.00 | 462.20 |
|  | RB | 6:18 | 2,464.00 | 3,292.25 |
|  | **Total** | **15:00** | **4,564.50** | **6,122.13** |
| 1900 | JEB | 12:18 | 2,968.50 | 3,937.98 |
|  | JG | 7:06 | 1,242.50 | 1,649.44 |
|  | KB | 4:00 | 780.00 | 1,066.10 |
|  | RB | 3:30 | 1,372.00 | 1,813.86 |
|  | **Total** | **26:54** | **6,363.00** | **8,467.38** |
| 2500 | HD | 6:54 | 1,759.50 | 2,404.88 |
|  | MK | 42:00 | 16,425.50 | 22,197.84 |
|  | PS | 7:00 | 1,925.00 | 2,553.84 |
|  | **Total** | **55:54** | **20,110.00** | **27,156.56** |
| 2600 | RB | 28:54 | 11,126.50 | 14,535.66 |
|  | **Total** | **28:54** | **11,126.50** | **14,535.66** |
| 4600 | JEB | 28:00 | 6,952.00 | 9,409.61 |
|  | JG | 25:36 | 4,480.00 | 5,908.82 |
|  | KB | 2:24 | 434.00 | 585.39 |
|  | RB | 0:42 | 287.00 | 392.60 |
|  | **Total** | **56:42** | **12,153.00** | **16,296.42** |
| 4700 | JG | 1:36 | 280.00 | 370.30 |
|  | **Total** | **1:36** | **280.00** | **370.30** |
|  | **Grand Total** | **185:00** | **54,597.00** | **72,948.45** |

**EXHIBIT E**

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL
FOR PERIOD FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

| Name of Professional & Title | Year Admitted to Practice | Billing Rate in EUR until December 31, 2010[3] | Billing Rate in EUR as from January 1, 2011 | Total Hours Billed | Fee Totals in USD | Fee Totals in EUR |
|---|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 385.- | € 420.- | 39:24 | $ 20,034.37 | € 15,249.5 |
| Marc Kleyr, Managing Partner | 1991 | € 385.- | € 420.- | 42:00 | $ 22,197.84 | € 16,425.5 |
| Pascal Sassel[4] Senior Associate | 2002 | € 275.- | € 420.- | 07:00 | $ 2,553.84 | € 1,925.- |
| Jérôme Burel, Senior Associate | 2005 | € 235.- | € 295.- | 47:12 | $ 15,715.26 | € 11,680.- |
| Henry De Ron Associate | 2008 | € 175.- | € 255.- | 06:54 | $ 2,404.88 | € 1,759.5 |
| Jacqueline Geleschus, Associate | 2008 | € 175.- | € 195.- | 36:06 | $ 8,390.76 | € 6,343.5 |
| Katia Bartholomé, Associate | 2009 | € 175.- | € 195.- | 06:24 | $ 1,651.5 | € 1,214.- |
| **TIME CHARGES TOTAL:** | | | | 185:00 | $ 72,948.45 | € 54,597.- |

**Total Hours:**              **185:00**
**Total Fees:**               **$ 72,948.45 (€ 54,597.-)**
**Blended Hourly Rate:**      **$ 394.32 (€ 295.12)**

---

[3] Please note that billing rates applied by KGA have been increased (for the first time since the beginning of this Chapter 11 case) with effect as of January 1, 2011, as further disclosed in a supplemental declaration filed on May 3, 2011 [Docket No 16534].
[4] Please note also that, effective January 1, 2011, (i) Me Pascal Sassel has been promoted from Senior Associate to Partner, (ii) Me Jérôme Burel has been promoted from Associate to Senior Associate and (iii) Me Henry De Ron has been promoted from Junior Associate to Associate.

**EXHIBIT F**

**SUMMARY OF THE TYPES OF DISBURSEMENTS
FOR WHICH REIMBURSEMENT IS SOUGHT**

| October 2010 | in USD | in EUR |
|---|---|---|
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 47.57 | € 35.97 |
| Disbursements incurred with TNT (express delivery charges) | $ 822.62.01 | € 622.02.- |
| Total Disbursements Billed: | $ 870.19 | € 657.99 |
| **November 2010** | | |
| Disbursements incurred with TNT (express delivery charges) | $ 411.62 | € 315.08 |
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 30.32 | € 23.21 |
| Total Disbursements Billed: | $ 441.94 | € 338.29 |
| **December 2010** | | |
| Disbursements incurred with TNT (express delivery charges) | $ 290.83 | € 212.13 |
| Total Disbursements Billed: | $ 290.83 | € 212.13 |
| **January 2011** | | |
| Total Disbursements Billed: | $ 0.- | € 0.- |
| **Total Interim Period** | 1,602.96 | 1,208.41 |

**EXHIBIT G**

**CERTIFICATION OF Rina Breininger**

KLEYR GRASSO ASSOCIES
*Avocats à la Cour*
122, rue Adolphe Fischer
L-2015 Luxembourg
LUXEMBOURG
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

Special Counsel to Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| **Debtors** | : | **(Jointly Administered)** |

————————————————x

**CERTIFICATION UNDER**
**GUIDELINES FOR FEES AND DISBURSEMENTS FOR**
**PROFESSIONALS IN RESPECT OF FOURTH INTERIM APPLICATION OF**
**KLEYR GRASSO ASSOCIES FOR COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS**
**FOR THE PERIOD FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

I, Rina Breininger, hereby certify that:

1.      I am a partner of the applicant firm of KLEYR GRASSO ASSOCIES ("Kleyr Grasso"), special counsel to the debtors and debtors in possession in above-captioned chapter 11 cases. I submit this certification with respect to Kleyr Grasso's compliance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), General Order M-389, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the Fourth Amended Order Pursuant to Sections 105( a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly Compensation of Professionals, entered in these cases on April 14, 2011 (the "Interim Compensation Order"), and the revised fee protocol approved by the Court pursuant to an order dated April 14, 2011, setting forth certain procedures and guidelines with respect to the fees and expenses of retained professionals in these cases [Docket No. 15998] (the "Fee Committee

Guidelines" and, collectively with the Interim Compensation Order, the UST Guidelines and the Local Guidelines, the "Guidelines").

2.      This Certification is made in connection with the Fourth Interim Application of Kleyr Grasso for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel to the Debtors (the "Fourth Interim Application") for the Period from and including October 1, 2010 through January 31, 2011 (the "Interim Period"), in accordance with the Guidelines.

3.      In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor to the best of my knowledge any lawyer of my firm has entered into any agreement, written or oral, express or implied, with the Office of the United States Trustee, with the Debtors, any creditor or any other party in interest, or any lawyer of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtors.

4.      In accordance with section 504 of the Bankruptcy Code, to the best of my knowledge no agreement or understanding exists between me, my firm or any lawyer thereof or any person for the division of such compensation as my firm may receive for services rendered in connection with this case, nor will any division or fees prohibited by section 504 of the Bankruptcy Code be made by me or any partner, counsel or associate of my firm.

5.      I certify that: (a) I have read the Fourth Interim Application; (b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines; (c) the fees and disbursements sought are billed at rates in accordance with those customarily charged by Kleyr Grasso and generally accepted by Kleyr Grasso's clients; and (d) in providing a reimbursable service, Kleyr Grasso does not make a profit on that service, whether the service is performed by Kleyr Grasso in-house or through a third party.

6.      I certify that the Debtors, counsel for the Debtors, counsel for the statutory creditors' committee, the United States Trustee for the Southern District of New York, and the Fee Committee are being provided with a copy of the Fourth Interim Application.

[signature page to CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FOURTH INTERIM APPLICATION OF KLEYR GRASSO ASSOCIES FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011]

Dated: June 1, 2011                     KLEYR GRASSO ASSOCIES

By
Rina Breininger
122, rue Adolphe Fischer
L-1521 Luxembourg
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

**EXHIBIT H**

**AFFIDAVIT OF Marc Kleyr**

**NUMERO**

**DECLARATION SUR L'HONNEUR DU 26 FEVRIER 2010**

In the year two thousand and ten, on the twenty-sixth of February.

Before M⁰ Jean SECKLER, notary residing in Junglinster, (Grand-Duchy of Luxembourg), undersigned;

**APPEARED:**

M⁰ Marc KLEYR, attorney-at-law (*avocat à la Cour*), residing professionally in L-1521 Luxembourg, 122, rue Adolphe Fischer, (Grand-Duchy of Luxembourg).

In relation with the matter LEHMAN BROTHERS HOLDINGS INC., et al., Debtors, Chapter 11 Case No. 08-13555 (JMP), (Jointly Administered), the said appearing person deposes and states under oath the following:

1. I am a lawyer admitted to the Luxembourg Bar Association and managing partner of KLEYR GRASSO ASSOCIES, located at 122, rue Adolphe Fischer, L-1521 Luxembourg, Grand-Duchy of Luxembourg ("Kleyr Grasso").

2. I submit this Declaration (the "Declaration") pursuant to Luxembourg law, and in support of the application, dated on or about March 1ˢᵗ, 2010 (the "Application") (Any capitalized term not defined herein shall have the meaning given in the Application), filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") seeking authorization to employ Kleyr Grasso as special counsel to the Debtors with respect to the Luxembourg Matters nunc pro tunc to June 1ˢᵗ, 2009 (the "Engagement Date"), as described in greater detail below and in the Application, and to provide the disclosures required under Bankruptcy Rules 2014(a) and 2016(b). All facts set forth below in this Declaration are based upon information from, and discussions I or other Kleyr Grasso personnel reporting to me have had with certain of my colleagues. The facts below are also based on a review performed by

- 1 -

the persons within Kleyr Grasso responsible for maintaining records of our representations, with the assistance of attorneys at Kleyr Grasso, of the list provided to Kleyr Grasso by Weil, Gotshal and Manges LLP ("WGM"), the Debtors' general bankruptcy counsel, on October 21, 2009 (the "Master Conflicts Checklist") (Schedule 1). The Master Conflicts Checklist sets forth certain of the creditors and other parties in interest (collectively, the "Interested Parties") of the Debtors. Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of Kleyr Grasso.

**Services Performed by Kleyr Grasso**

3. The Debtors seek to retain Kleyr Grasso as special counsel pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Engagement Date, to perform legal services in connection with Luxembourg Matters set forth below and in the Application.

4. As an Ordinary Course Professional, Kleyr Grasso has been acting as "interface" between Alvarez & Marsal North America, LLC ("A&M"), the Debtors' Chief Restructuring Officers, and WGM, the Debtors' general bankruptcy counsel, on one side, and the Luxembourg authorities on the other side. In this context, Kleyr Grasso assisted A&M in discussions with the Luxembourg public prosecutor to prevent compulsory liquidation of certain Luxembourg Entities. Furthermore Kleyr Grasso assisted A&M in negotiations between A&M and the curators and/or the liquidators of certain Luxembourg Entities. From the Commencement Date on, Kleyr Grasso has been advising with respect to determining the legal entities in Luxembourg, which are affiliates of Lehman. To date, Kleyr Grasso provided information with respect to 177 Luxembourg Entities, as defined in the Application, which are likely affiliates of Lehman. Some of the Luxembourg Entities have been involved in transactions outside Luxembourg; such as, but not limited to, "Coeur Défense", "Sun & Moon", "VIM & VIS Merger", "Project Fortezza", "Project Newday", and the "Archstone Transaction". Kleyr Grasso assisted in these transactions as legal advisor with respect to the Luxembourg law issues. Moreover, Kleyr Grasso provided - to the extent possible - all information relevant and necessary to gain and/or to maintain the assets of the Luxembourg Entities. In connection therewith, Kleyr Grasso provided information concerning the current and former managers and the registered offices of the Luxembourg Entities as well as, where possible, information regarding assets and real estate

- 2 -

owed by the Luxembourg Entities. Further, Kleyr Grasso advised A&M
with respect to the legal measures and required steps necessary to
take over control of the Luxembourg Entities. In addition, Kleyr Grasso
assisted in filing of proofs of claim for an aggregate amount of USD
1,168,090,863.00 against two of the Luxembourg Entities which are
currently in liquidation/bankruptcy proceedings.

5. As a result, Kleyr Grasso is intimately familiar with Lehman's
businesses in Luxembourg, its internal organization and its
structuring. Consequently, assigning new counsel at this time would
be inefficient.

6. For these reasons, appointment of Kleyr Grasso as special
counsel will inure to benefit of the Debtors both in terms of our
particular expertise as well as in cost savings to the Debtors and
their estates.

7. Kleyr Grasso's work has heretofore been and hereafter will be
comprised of continuing to represent the Debtors solely in connection
with the Luxembourg Matters. Accordingly, the services rendered and
functions to be performed by Kleyr Grasso will not be duplicative of
any bankruptcy-related work performed by WGM or any of the other
law firms retained by the Debtors. As a result of the foregoing, I
believe that Kleyr Grasso is qualified to represent the Debtors as
special counsel pursuant to section 327(e) of the Bankruptcy Code.

8. Following the Commencement Date, Kleyr Grasso, at the
Debtors' request, assisted the Debtors in connection with Luxembourg
Matters as one of the Debtors' Ordinary Course Professionals. In its
capacity as an Ordinary Course Professional, Kleyr Grasso applied for
and has been awarded compensation and reimbursement of
expenses in the aggregate amount of $ 998,715.00.

"Connections" of Kleyr Grasso

9. To check and clear potential conflicts of interest in these cases,
as well as to determine all "connections' to the Debtors, their
creditors, other parties in interest, their respective attorneys and
accountants, the U.S. Trustee or any person employed by the U.S.
Trustee, Kleyr Grasso researched its client database for the past two
(2) years to determine whether it had any relationships with the
Interested Parties. To the extent that Kleyr Grasso's research of its
relationships with the Interested Parties indicates that Kleyr Grasso
has represented in the past two years, or currently represents, any of
these entities, the identities of these entities and such entities'
relationship to the Debtors and connection to Kleyr Grasso are set

- 3 -

forth below and in **Schedule 2**.

10. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Kleyr Grasso, nor any partner or associate thereof, has any connection with the Debtors, their creditors, the U.S. Trustee or any other parties with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth below.

11. Further, to the best of my knowledge, Kleyr Grasso does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Luxembourg Matters.

12. The Debtors are a large global enterprise with thousands of parties in interest. Kleyr Grasso (a) may from time to time have represented, (b) may currently represent, and (c) may in the future represent many entities that are parties in interest in these cases in matters unrelated to the Debtors.

13. I understand that the Debtors will retain various professionals during the pendency of these cases to aid in the prosecution of the Debtors chapter 11 cases. I have been advised that the Debtors have retained, among others, the following professionals: Allen & Overy LLP; Baker & McKenzie LLP; Bonelli Erede Pappalardo; Cadwalader, Wickersham & Taft LLP; DLA Piper; Ernst & Young LLP; Freshfields Bruckhaus Deringer; Gianni, Origoni Grippo & Partners; Gibson, Dunn & Crutcher LLP; Herbert Smith Ltd.; Hogan & Hartson; Houlihan Lokey Howard & Zukin Capital, Inc.; Jones Day; Latham & Watkins LLP; McDermott Will & Emery LLP; Milbank, Tweed, Hadley & McCloy LLP; Morrison & Foerster LLP; Natixis Capital Markets; Paul, Hastings, Janofsky & Walker LLP; PricewaterhouseCoopers; Richard Sheldon QC; Schulte, Roth, & Zabel LLP; Sidley Austin LLP; Simpson Thacher & Bartlett LLP; Skadden, Arps, Slate, Meagher & Flom LLP; White & Case and Willkie Farr & Gallagher LLP. Over the past years, attorneys at Kleyr Grasso have worked with certain of these professionals on various matters, representing either the same parties, parties with similar interests or parties with adverse interests.

14.       In addition, during the course of the Debtors' chapter 11 cases, the Debtors may retain additional or different professionals, not all of which are or can currently be identified. Further, the Master Conflicts Checklist does not disclose the identities of all of the various professionals that have been retained, or are being considered for retention by the various parties in interest. Therefore, we are unable to determine if Kleyr Grasso has a client or other relationship with

- 4 -

such as yet unidentified advisors or their affiliates. However, I believe it is likely that many of the professionals who may appear in these cases are trustees, witnesses, advisors or counsels, as the case may be, in transactions or cases in which Kleyr Grasso also represents a client. Kleyr Grasso may retain various such professionals or affiliates thereof to provide forensic, litigation support and financial advisory services to Kleyr Grasso or Kleyr Grasso's clients in a variety of past, present or future engagements. Current employees at Kleyr Grasso may be former employees of, or related to employees of, one or more of the other professionals in this case. In addition, attorneys at Kleyr Grasso belong to professional organizations to which other professionals who may appear in these cases may also belong.

15.    Kleyr Grasso currently represents several clients that, according to the Debtors' Master Conflicts Checklist, have connections to the Debtors (the "Connected Entities"). Kleyr Grasso does not, however, to the best of my knowledge, represent the Connected Entities in matters related to the Debtors' chapter 11 cases or the Luxembourg Matters. A schedule sets forth the interested parties that currently employ or have formerly employed Kleyr Grasso in matters unrelated to the Debtors (Schedule 2); Kleyr Grasso expects to continue to represent these Connected Entities in their current matters within the limits of section 327(e) of the Bankruptcy Code.

16.    Kleyr Grasso also may represent from time to time other clients that are co-defendants with one or more of the Debtors, but I do not believe that there is any adversity between such co-defendants and the Debtors.

17.    In addition, Kleyr Grasso may have represented, may currently represent, or may in the future represent, a borrower, issuer of securities, financial advisor, underwriter of securities, lead bank or other client financing transactions, merger and acquisition transactions, litigation or arbitration matters, bankruptcy matters or other matters unrelated to these cases in which one or more parties in interest (or an affiliate) or a professional involved in these cases, including, but not limited to those listed on the Master Conflicts Checklist, happens to be involved, although not as Kleyr Grasso's client.

18.    Kleyr Grasso may also represent, in matters unrelated to the Debtors, competitors of the Debtors.

19.    I do not understand Bankruptcy Rule 2014(a), or other

applicable law to require disclosure of each present or future
engagement Kleyr Grasso receives from a party in interest as long as
it is unrelated to these cases. Kleyr Grasso intends to accept
engagements from other parties in interest (whether existing or new
clients). As described above, Kleyr Grasso has undertaken a detailed
search to determine whether it represents, or has represented in the
last two (2) years, any of the interested Parties listed on the Master
Conflicts Checklist, and the identities of such entities and such
entities' relationship to the Debtors and connection to Kleyr Grasso is
set forth herein. Kleyr Grasso, however, does not and will not
represent any of the interested Parties with respect to the matters for
which Kleyr Grasso is being retained hereunder.

20. Despite the efforts described above to identify and disclose
connections with parties in interest in these cases, because the
Debtors are a large enterprise with many creditors and other
relationships, Kleyr Grasso is unable to state with certainty that every
client connection of Kleyr Grasso has been disclosed. In this regard, if
Kleyr Grasso discovers additional information that requires disclosure,
Kleyr Grasso will file supplemental disclosures with the Court.

### Securities Ownership

21. Certain individual attorneys at Kleyr Grasso may own, or have
beneficial interests in trusts owning, shares in the Debtors and
securities of related entities and may own shares in other parties in
interest.

22. Kleyr Grasso notes, however, that a large number of the
Debtors' debt and equity securities are held by various mutual funds,
trusts and portfolios and accounts that are managed by various
advisors. Kleyr Grasso does not know the ultimate beneficial owners
of the funds, although it is believed they are widely held. Similarly,
many of the Debtors' securities are registered in the name of
Depositary Trust Company or its nominee, and securities entitlements
to such securities are held through securities accounts maintained by
brokers, investment advisors and other securities intermediaries. The
ultimate owners of the securities entitlements are unknown to Kleyr
Grasso, except for those reported on the Master Conflicts Checklist. It
is possible that some of such holders may be clients of Kleyr Grasso.

### Various Commercial Relationships with Parties in Interest

23. Some attorneys at or employees of Kleyr Grasso may receive
services from the Debtors, other parties in interest or professionals
involved in these cases. Attorneys at or other employees at Kleyr

Grasso or their spouses or relatives may have beneficial ownership of securities issued by, or banking, insurance, brokerage or money management relationships with, other parties in interest. Attorneys at Kleyr Grasso may have relatives or spouses who are members of professional firms involved in these cases or employed by parties in interest. We have conducted no investigation of our colleagues' banking, insurance, brokerage or investment activities or familial connections in preparing this Declaration.

### Fees and Engagement

24. Upon its retention as special counsel, Kleyr Grasso intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of the Bankruptcy Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Kleyr Grasso.

25. Kleyr Grasso's hourly rates and billing policies are based on market conditions among certain firms of a size, location and practice comparable to Kleyr Grasso. The current hourly billing rates for Kleyr Grasso professionals expected to spend significant time on the Luxembourg Matters range from EUR 385 for partners, EUR 275 for senior associates, EUR 235 for associates, and EUR 175 for junior associates (Such hourly rates may change from time to time in accordance with Kleyr Grasso's established billing practices and procedures).

26. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopy toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, travel expenses, expenses for "working meals", computerized research, and transcription costs. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

27. Kleyr Grasso maintains contemporaneous records of the time

-7-

expended and out-of-pocket expenses incurred in connection with providing services to its clients in accordance with sections 330 and 331 of the Bankruptcy Rules, the Local Rules and Orders of the Court, and guidelines established by the U.S. Trustee.

28. Kleyr Grasso recognizes that it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of the Court. Kleyr Grasso has reviewed the fee application guidelines promulgated by the U.S. Trustee, and will comply with them.

29. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Kleyr Grasso, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code. Kleyr Grasso has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Kleyr Grasso's partners.

## STATEMENT

The undersigned notary, who understands and speaks English and French, states herewith that, on request of the above appearing person, the present deed is worded in English followed by a French version; on request of the same appearing person, and in case of discrepancies between the English and the French text, the English version will prevail.

**WHEREOF** the present notarial deed was drawn up in Luxembourg, on the day named at the beginning of this document.

The document having been read and interpretation given to the appearing person, the latter has signed with Us, the notary, the present deed.

### *suit la version française de ce qui précède:*

L'an deux mille dix, le vingt-six février.

Pardevant Maître Jean **SECKLER**, notaire de résidence à Junglinster, (Grand-Duché de Luxembourg), soussigné;

### A COMPARU:

Maître Marc **KLEYR**, avocat à la Cour, demeurant professionnellement à L-1521 Luxembourg, 122, rue Adolphe Fischer

-8-

(Grand-Duché de Luxembourg).

En relation avec l'affaire *LEHMAN BROTHERS HOLDINGS INC.,
et al., Debtors, Chapter 11 Case No. 08-13555 (JMP), (Jointly
Administered)*, ledit comparant dépose et déclare sous serment ce qui
suit:

1. Je suis avocat à la Cour inscrit au Barreau de Luxembourg et
*managing partner* de KLEYR GRASSO ASSOCIES, établie au 122,
rue Adolphe Fisher, L-1521 Luxembourg, Grand-Duché de
Luxembourg (« Kleyr Grasso »).

2. Je soumets cette Déclaration (la « Déclaration »)
conformément au droit Luxembourgeois, et à l'appui de l'*application*
datée du ou aux alentours du 1er mars 2010 (l' « *Application* ») (Tout
terme commençant par une lettre majuscule, non défini dans la
présente, aura la signification lui donné dans l'*Application*), déposée
par Lehman Brothers Holdings Inc. (« LBHI ») et ses débiteurs affiliés
dans les affaires relatives au *Chapter 11* susmentionnées, en tant que
*debtors* et *debtors in possession* (ensemble, les "*Debtors*" et,
collectivement avec leurs affiliés non débiteurs, "Lehman")
demandant l'autorisation d'employer Kleyr Grasso en tant que *special
counsel* des *Debtors* en relation avec les *Luxembourg Matters nunc
pro tunc* au 1er juin 2009 (la « Date d'Engagement »), tel que décrit
plus amplement ci-dessous et dans l' *Application*, et de fournir les
divulgations requises par les *Bankruptcy Rules* 2014(a) et 2016(b).
Tous les faits exposés ci-dessous dans cette Déclaration sont basés
sur des informations provenant de, et des discussions que moi-même
j'ai eues ou que d'autres membres du personnel de Kleyr Grasso
m'ont rapporté avoir eues, avec certains de mes collègues. Les faits
ci-dessous sont aussi basés sur une revue, par les personnes en
charge au sein de Kleyr Grasso de l'archivage de nos dossiers, en
cela assistées par des avocats de Kleyr Grasso, de la liste fournie à
Kleyr Grasso par *Weil, Gotshal and Manges LLP* (« WGM »), le
*Debtor's general bankruptcy counsel* en date du 21 octobre 2009 (la
"Master Conflicts Checklist") (Annexe 1). La *Master Conflicts
Checklist* indique certains créanciers et autres *parties in interest*
(ensemble, les « Interested Parties ») des *Debtors*. Sur base de ce
qui précède, si j'étais appelé à témoigner, je pourrais témoigner et je
témoignerais, de manière capable, des faits ici exposés. Je suis
autorisé à fournir cette Déclaration pour le compte de Kleyr Grasso.

**Prestations Effectuées par Kleyr Grasso**

3. Les *Debtors* demandent de retenir, *nunc pro tunc* à la Date

- 9 -

d'Engagement, Kleyr Grasso en tant que *special counsel* conformément à la section 327(e) du *Bankruptcy Code*, afin de fournir des services juridiques en relation avec des *Luxembourg Matters* exposées ci-dessous dans la Déclaration.

4. En tant que *Ordinary Course Professional*, Kleyr Grasso a agi comme « interface » entre *Alvarez & Marsal North America, LLC* (« A&M »), les *Debtors' Chief Restructuring Officers*, et WGM, le *Debtors' general bankruptcy counsel* d'une part, et les autorités luxembourgeoises d'autre part. Dans ce contexte, Kleyr Grasso a assisté A&M dans des discussions avec le procureur d'Etat luxembourgeois afin d'éviter la liquidation judiciaire de certaines *Luxembourg Entities*. En outre, Kleyr Grasso a assisté A&M dans des négociations entre A&M et les curateurs et/ou liquidateurs de certaines *Luxembourg Entities*. Depuis la *Commencement Date*, Kleyr Grasso a presté des conseils aux fins d'identifier les entités juridiques au Luxembourg qui sont des filiales de Lehman. A ce jour, Kleyr Grasso a fourni des informations concernant 177 *Luxembourg Entities*, tel que définies dans l'*Application*, pour lesquelles il est probable qu'elles soient des filiales de Lehman. Certaines des *Luxembourg Entities* ont été impliquées dans des transactions en dehors du Luxembourg ; telles que, sans être limitées à, « Cœur Défense », "*Sun & Moon*", "*VIM & VIS Merger*", "*Project Fortezza*", "*Project Newday*", et "*Archstone Transaction* ». Kleyr Grasso est intervenu dans des ces transactions en qualité de conseil juridique relativement aux questions de droit luxembourgeois. De plus, Kleyr Grasso a fourni, dans la mesure du possible, toutes informations pertinentes et nécessaires pour accroître et/ou maintenir l'actif des *Luxembourg Entities*. A cet égard, Kleyr Grasso a fourni des informations concernant les actuels et anciens gérants et les sièges sociaux des *Luxembourg Entities* de même que, lorsque cela a été possible, des informations relatives à l'actif et aux propriétés immobilières détenus par les *Luxembourg Entities*. Ensuite, Kleyr Grasso a conseillé A&M en ce qui concerne les mesures et démarches juridiques nécessaires pour prendre le contrôle des *Luxembourg Entities*. De plus, Kleyr Grasso a fourni son assistance dans le dépôt de déclarations de créance contre deux *Luxembourg Entities* qui sont actuellement en procédure de liquidation/faillite, pour un montant total de 1.188.090.883,00 USD.

5. En conséquence, Kleyr Grasso est intimement familier des affaires de Lehman au Luxembourg, de son organisation interne et de

sa structure. Partant, désigner un nouveau conseil à ce stade serait inefficace.

6. Pour ces raisons, la nomination de Kleyr Grasso comme *special counsel* profitera aux *Debtors* tant au regard de son expérience spécifique qu'en termes d'économie de coûts pour les *Debtors* et leurs patrimoines. .

7. Le travail de Kleyr Grasso a jusqu'alors compris et continuera à comprendre la représentation des *Debtors* en ce qui concerne les *Luxembourg Matters* uniquement. En conséquence, les services rendus et les fonctions à exercer par Kleyr Grasso ne seront pas identiques à un quelconque travail *bankruptcy-related* fourni par WGM ou une quelconque des autres études d'avocats retenues par les *Debtors*. Il résulte de ce qui précède que je pense que Kleyr Grasso est qualifié pour représenter les *Debtors* en tant que *special counsel* conformément à la section 327(e) du *Bankruptcy Code*.

8. Après la *Commencement Date*, Kleyr Grasso a, à la demande des *Debtors*, assisté les *Debtors* en relation avec des *Luxembourg Matters* en tant que l'un des *Debtors' Ordinary Course Professionals*.

En sa qualité de *Ordinary Course Professional*, Kleyr Grasso a demandé et reçu paiement d'honoraires et le remboursement de frais pour un montant total de 998.715,00 USD.

**« Connexions » de Kleyr Grasso**

9. Afin de vérifier et de régler d'éventuels conflits d'intérêts dans ces affaires, de même qu'à fin d'identifier toutes les « connexions » aux *Debtors*, leurs créanciers, d'autres *parties in interest*, leurs avocats et comptables respectifs, le *U.S. Trustee* ou toute personne employée par le *U.S. Trustee*, Kleyr Grasso a recherché dans sa base de donnée de clients, sur les deux dernières années, toute relation qu'ils avaient avec les *Interested Parties*. Pour autant qu'il résulte de la recherche de ses relations avec les *Interested Parties* que Kleyr Grasso a représenté au cours des deux dernières années, ou représente actuellement, l'une de ces entités, l'identité de ces entités, la relation entre ces entités et les *Debtors* et la connexion à Kleyr Grasso sont énoncées ci-dessous et dans l'*Annexe 2*.

10. A ma meilleure connaissance et croyance, et dans la mesure de ce que j'ai été capable de déterminer après investigation raisonnable, ni moi-même, ni Kleyr Grasso, ni aucun de ses associés ou collaborateurs, n'avons une quelconque connexion avec les *Debtors*, leurs créanciers, le *U.S. Trustee* ou une quelconque autre partie ayant un intérêt actuel ou potentiel dans ces affaires de

- 11 -

*Chapter* 11, ou leurs avocats ou comptables respectifs, à l'exception de ce qui est énoncé ci-dessous.

11. De plus, à ma meilleure connaissance, Kleyr Grasso ne représente ni ne détient d'intérêts, en relation avec les *Luxembourg Matters*, qui pourraient être contraires aux intérêts des *Debtors* ou de leurs patrimoines.

12. Les *Debtors* sont une grande entreprise mondiale avec des milliers de *parties in interest*. Il se peut que Kleyr Grasso (a) ait de temps à autre représenté, (b) représente actuellement, et (c) ait à l'avenir à représenter de nombreuses entités qui sont des *parties in interest* dans ces affaires, dans des matières non liées aux *Debtors*.

13. Je comprends que les *Debtors* engageront divers professionnels, pendant la durée de ces affaires pour aider dans la poursuite des affaires de *Chapter* 11 des *Debtors*. J'ai été informé que les *Debtors* avaient engagé, entre autres, les professionnels suivants : Allen & Overy LLP; Baker & McKenzie LLP; Bonelli Erede Pappalardo; Cadwalader, Wickersham & Taft LLP; DLA Piper; Ernst & Young LLP; Freshfields Bruckhaus Deringer; Gianni, Origoni Grippo & Partners; Gibson, Dunn & Crutcher LLP; Herbert Smith Ltd.; Hogan & Hartson; Houlihan Lokey Howard & Zukin Capital, Inc.; Jones Day; Latham & Watkins LLP; McDermott Will & Emery LLP; Milbank, Tweed, Hadley & McCloy LLP; Morrison & Foerster LLP; Natixis Capital Markets; Paul, Hastings, Janofsky & Walker LLP; PricewaterhouseCoopers; Richard Sheldon QC; Schulte, Roth, & Zabel LLP; Sidley Austin LLP; Simpson Thacher & Bartlett LLP; Skadden, Arps, Slate, Meagher & Flom LLP; White & Case et Willkie Farr & Gallagher LLP. Au cours des dernières années, des avocats de Kleyr Grasso ont travaillé avec certains de ces professionnels sur diverses affaires, représentant soit les mêmes parties, soit des parties avec des intérêts similaires soit des parties avec des intérêts opposés.

14. De plus, pendant la durée des affaires de *Chapter* 11 des *Debtors*, il se peut que les *Debtors* engagent des professionnels supplémentaires ou différents, l'ensemble desquels ne sont pas ni ne peuvent être identifiés actuellement. En outre, la *Master Conflicts Checklist* ne divulgue pas les identités de tous les divers professionnels qui ont été engagés, ou que les diverses *parties in interest* envisagent d'engager. C'est pourquoi, nous sommes incapables d'identifier si Kleyr Grasso a un client ou une autre relation avec de tels conseillers ou leurs membres, actuellement non

identifiés. Cependant, je pense qu'il est probable que grand nombre de ces professionnels qui pourraient apparaître dans ces affaires sont des *trustees*, *witnesses*, *advisors* ou *counsels*, selon les cas, dans des transactions ou affaires dans lesquelles Kleyr Grasso représente également un client. Il se peut que Kleyr Grasso engage plusieurs de ces professionnels ou leurs membres pour fournir à Kleyr Grasso ou aux clients de Kleyr Grasso des services judiciaires, de support contentieux et de conseils financiers, dans divers mandats passés, actuels ou à venir. Il se peut que des employés actuels de Kleyr Grasso soient d'anciens employés de, ou liés à des employés de, l'un ou plusieurs des autres professionnels dans cette affaire. De plus, des avocats chez Kleyr Grasso appartiennent à des organisations professionnelles auxquelles il se peut qu'appartiennent également d'autres professionnels qui pourraient apparaître dans ces affaires.

15. Kleyr Grasso représente actuellement plusieurs clients, qui, suivant la *Master Conflicts Checklist*, ont des connexions avec les *Debtors* (les « Entités Connectées »). Kleyr Grasso ne représente cependant pas, à ma meilleure connaissance, des Entités Connectées dans des matières liées aux affaires de *Chapter* 11 ou dans les *Luxembourg Matters*. Une annexe expose les *Interested parties* qui emploient actuellement ou qui ont employé par le passé Kleyr Grasso dans des affaires non liées aux *Debtors* (Annexe 2) ; Kleyr Grasso entend continuer à représenter ces Entités Connectées dans leurs affaires actuelles, dans les limites de la section 327(e) du *Bankruptcy Code*.

16. Il se peut que Kleyr Grasso représente de temps à autre d'autres clients qui sont codéfendeurs avec un ou plusieurs des *Debtors*, mais je ne pense pas qu'il y ait une opposition d'intérêts entre de tels codéfendeurs et les *Debtors*.

17. De plus, il se peut que Kleyr Grasso ait représenté, représente actuellement, ou représente à l'avenir, un emprunteur, émetteur de titres, conseiller financier, souscripteur de titres, banque principale ou autre client finançant des transactions, fusions et transactions d'acquisition, affaires judiciaires ou arbitrales, affaires d'insolvabilité ou autres matières non liées à ces affaires, et dans lesquelles pourraient être impliquées, quoi que non clientes de Kleyr Grasso, une ou plusieurs *parties in interest* (ou un affilié de celles-ci) ou un professionnel impliqué dans ces affaires, incluant, mais sans y être limités, ceux listés dans la *Master Conflicts Checklist*.

18. Il se peut que Kleyr Grasso représente également, dans des

- 13 -

affaires non liées aux *Debtors*, des concurrents des *Debtors*.

19. Je ne comprends pas la *Bankruptcy Rule* 2014(a), ou toute autre loi applicable, comme requérant la divulgation de chaque mandat présent ou à venir confié à Kleyr Grasso par une *party in interest* aussi longtemps qu'il n'est pas lié à ces affaires. Kleyr Grasso entend accepter des mandats d'autres *parties in interest* (soit existantes soit de nouveaux clients). Ainsi que cela a été décrit ci-dessus, Kleyr Grasso a entrepris une recherche détaillée pour déterminer s'ils représentent, ou ont représenté durant les deux (2) dernières années, l'une des *Interested Parties* listées dans la *Master Conflicts Checklist*, et les identités de telles entités, leur relation avec les *Debtors* et leur connexion à Kleyr Grasso sont exposées dans le présent acte. Kleyr Grasso, cependant, ne représente ni ne représentera aucune des *Interested Parties* en relation avec des matières pour lesquelles Kleyr Grasso est engagée sous les présentes.

20. En dépit des efforts décrits ci-dessus pour identifier et divulguer les connexions avec des *parties in interest* dans ces affaires, et en raison du fait que les *Debtors* sont une grande entreprise avec de nombreux créanciers et d'autres relations, Kleyr Grasso est incapable d'affirmer avec certitude que chaque connexion client de Kleyr Grasso a été dévoilée. A cet égard, si Kleyr Grasso découvre des informations additionnelles qui requièrent d'être divulguées, Kleyr Grasso déposera des déclarations additionnelles auprès de la *Court*.

### Propriété de Titres

21. Il se peut que certains avocats chez Kleyr Grasso, individuellement, détiennent ou aient des participations dans des trusts détenant, des actions des *Debtors*, des titres d'entités liées et des actions d'autres *parties in interest*.

22. Kleyr Grasso note cependant qu'un grand nombre des titres de capital et de dette des *Debtors* appartiennent à divers fonds communs de placement, trusts et portefeuilles et comptes qui sont gérés par divers conseillers. Kleyr Grasso ne connaît pas le bénéficiaire économique ultime des fonds, quoi que d'avis qu'ils sont largement répartis. De la même façon, nombre des titres des *Debtors* sont enregistrés au nom de *Depository Trust Company* ou son *nominee*, et des titres ouvrant droit à ces titres sont détenus pas le biais de comptes titres tenus par des courtiers, conseillers en investissement et autres intermédiaires financiers. Les détenteurs

- 14 -

ultimes des ces droits aux titres sont inconnus de Kleyr Grasso, excepté ceux signalés dans la *Master Conflicts Checklist*. Il est possible que certains de ces détenteurs soient clients de Kleyr Grasso.

### Diverses Relations Commerciales avec des *Parties In Interest*

23. Il se peut que certains avocats ou employés de Kleyr Grasso reçoivent des services des *Debtors*, d'autres *parties in interest* ou de professionnels impliqués dans ces affaires. Il se peut que des avocats ou employés de Kleyr Grasso ou leurs épouses ou parents soient les bénéficiaires économiques de titres émis par, respectivement par l'intermédiaire de banques, assurances, courtiers ou gestionnaires de fortune, d'autres *parties in interest*. Il se peut que des avocats chez Kleyr Grasso aient des parents ou épouses qui sont membres de cabinets professionnels impliqués dans ces affaires ou employés par des *parties in interest*. Pour la préparation de cette Déclaration, nous n'avons mené aucune investigation concernant les activités bancaire, d'assurance, de courtage ou d'investissement ou les connexions familiales de nos collègues.

### Honoraires et Engagement

24. A compter de son engagement en tant que *special counsel*, Kleyr Grasso entend demander rémunération pour les prestations professionnelles rendues en relation avec ces affaires de *Chapter* 11, sous réserve d'approbation par la *Bankruptcy Court* et en conformité avec les dispositions applicables du *Bankruptcy Code*, sur une base horaire, plus le remboursement des dépenses actuelles et nécessaires encourues par Kleyr Grasso.

25. Les taux horaires et pratiques de facturation de Kleyr Grasso sont basés sur les conditions de marché entre certaines études, de taille, d'implantation et de pratique comparables à Kleyr Grasso. Les taux horaires actuels des professionnels de chez Kleyr Grasso qui devraient passer un temps significatif sur les *Luxembourg Matters* varient entre 385 EUR pour des associés, 275 EUR pour des collaborateurs senior, 235 EUR pour des collaborateurs et 175 EUR pour des collaborateurs junior (il se peut que ces taux horaires changent de temps à autre en conformité avec les pratiques et procédures de facturation établies chez Kleyr Grasso).

26. Les taux horaires ci-dessus énoncés sont les taux horaires standard de l'Etude pour un travail de ce type. Ces taux sont établis à un niveau destiné à honnêtement rétribuer l'Etude pour le travail de ses avocats. Il est de la pratique de l'Etude de facturer à ses clients,

- 15 -

en toutes matières, toutes autres dépenses encourues en relation avec le dossier du client. Les dépenses imputées aux clients incluent, entre autres choses, appels téléphoniques longue distance, télécopies et autres frais, frais de courrier et d'envoi recommandé, frais pour envoi spécial ou par coursier, recherches documentaires, frais de photocopie, frais de déplacement, dépenses pour « déjeuner de travail », recherches informatiques, et coûts de transcription. L'Etude facturera les *Debtors* pour ces dépenses d'une manière et à des taux cohérents par rapports aux frais généralement facturés aux autres clients de l'Etude. L'Etude pense qu'il est plus équitable de mettre ces frais à la charge des clients pour lesquels ils ont été exposés plutôt que d'augmenter les taux horaires et de répartir les frais entre tous les clients.

27. Kleyr Grasso maintient des enregistrements contemporains du temps presté et des dépenses effectuées en relation avec la prestation de services à ces clients, conformément aux sections 330 et 331 du *Bankruptcy Code*, les *Bankruptcy Rules* applicables, les *Local Rules* et *Orders* de la *Court*, et les lignes directrices établies par le *U.S. Trustee*.

28. Kleyr Grasso reconnaît qu'il sera requis de soumettre des *applications* pour obtenir l'obtention de rémunérations intérimaires / finale conformément aux sections 330 et 331 du *Bankruptcy Code* et des règles et décisions de la *Court*. Kleyr Grasso a revu les lignes directrices promulguées par le *U.S. Trustee* en relation avec les *fee applications* et s'y conformera.

29. A ma meilleure connaissance et croyance, et dans la mesure de ce que j'ai été capable de déterminer après investigation raisonnable, ni moi-même, ni Kleyr Grasso, ni aucun de ses associés ou collaborateurs, n'avons reçu, ni ne bénéficions d'aucune promesse de recevoir, une quelconque rémunération pour les services juridiques prestés ou à prester en relation avec les affaires de *Chapter* 11 des *Debtors*, en quelque qualité que ce soit, autre que ce qui est autorisé par le *Bankruptcy Code*. Kleyr Grasso n'a pas convenu de partager la rémunération reçue en relation avec ces affaires avec quiconque, excepté ce qui est autorisé par la section 504(b) du *Bankruptcy Code* et la *Bankruptcy Rule* 2016(b) en relation avec le partage de la rémunération entre les associés de Kleyr Grasso.

## DECLARATION

Le notaire soussigné, qui comprend et parle l'anglais et le

- 16 -

française, déclare par les présentes, qu'à la requête du comparant le présent acte est rédigé en anglais suivi d'une version française; à la requête du même comparant, et en cas de divergences entre le texte anglais et français, la version anglaise prévaudra.

DONT ACTE, le présent acte a été passé à Luxembourg, à la date indiquée en tête des présentes.

Après lecture du présent acte au comparant, agissant comme dit ci-avant, connu du notaire par son nom, prénom, état civil et domicile, ledit comparant a signé avec Nous notaire le présent acte.



- 17 -