Hearing Date:  To Be Determined, 2011
Objection Deadline:  To Be Determined, 2011

**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, NY  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi Eilbott Giglio
Email:   sreisman@curtis.com
             lharrison@curtis.com
             cgiglio@curtis.com

*Conflicts Counsel for the Debtors
 and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
|  | : | **Chapter 11** |
| **In re:** | : |  |
|  | : | **Case No. 08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : |  |
|  | : | **(Jointly Administered)** |
| **Debtors.** | : |  |
|  | : |  |
-----------------------------------------------------------------------x

**SEVENTH INTERIM APPLICATION OF CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP, AS CONFLICTS COUNSEL, FOR THE DEBTORS AND
DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT
OF ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

**SUMMARY OF CURRENT FEE APPLICATION**

| Name of Applicant: | Curtis, Mallet-Prevost, Colt & Mosle LLP |
| Authorized to Provide Professional Services To: | Debtors and Debtors In Possession |
| Retention Date: | November 21, 2008 *nunc pro tunc* to September 26, 2008 |

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought: | October 1, 2010 through January 31, 2011 |
| Amount of Compensation Requested: | $    6,409,513.60 |
| Amount of Expense Reimbursement Requested: | $      164,980.24 |
| Total Compensation and Expense Reimbursement Requested: | $    6,574,493.84 |
| Blended Rate for Attorneys: | $         492.01 |
| Blended Rate for all Professionals and Paraprofessionals: | $         450.20 |

### PRIOR FEE APPLICATION(S)

| Period Covered | Requested | | Awarded | |
|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses |
| First 09/15/08 – 01/31/09 | $4,611,589.50 | $151,402.02 | $4,605,112.00 | $151,402.02 |
| Second 02/01/09 – 05/31/09 | $4,230,132.50 | $164,681.90 | $4,216,398.50 | $132,363.87 |
| Third 06/01/09 – 09/30/09 | $4,664,248.00 | $188,127.18 | $4,551,471.48 | $151,898.05 |
| Fourth 10/01/09 – 01/31/10 | $3,396,981.50 | $87,448.45 | $3,237,003.32 | $60,332.68 |
| Fifth 02/01/10 – 05/31/10 | $3,546,135.00 | $135,181.82 | $3,440,334.85 | $113,036.80 |
| Sixth 06/01/10 – 09/30/10 | $4,727,258.00 | $198,520.63 | To Be Determined | To Be Determined |

### Exhibits to Current Fee Application

The following exhibits are attached hereto and incorporated herein by reference:

Exhibit "A"    Certification Under Guidelines for Fees and Disbursements for Professionals in Respect of Seventh Interim Application of Curtis, Mallet-Prevost, Colt & Mosle LLP for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses

9215700

Exhibit "B"     By-Timekeeper Summary of Hours Devoted and Compensation
Sought (includes billing rate and year of admission to practice) for Seventh
Interim Compensation Period

Exhibit "C"     Summary of Expenses for Seventh Interim Compensation Period

Exhibit "D"     Summary of Hours Devoted and Compensation Sought by Work Task Code
for Seventh Interim Compensation Period

9215700

Hearing Date:  To Be Determined, 2011
Objection Deadline:  To Be Determined, 2011

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, NY  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi Eilbott Giglio
Email:  sreisman@curtis.com
         lharrison@curtis.com
         cgiglio@curtis.com

*Conflicts Counsel for the Debtors*
 *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **Case No. 08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------------x

**SEVENTH INTERIM APPLICATION OF CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP, AS CONFLICTS COUNSEL, FOR THE DEBTORS AND
DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT
OF ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), as conflicts counsel for

Lehman Brothers Holdings Inc., and its direct and indirect debtor subsidiaries, as debtors and

debtors in possession (collectively, the "Debtors"), respectfully submits this application (the

"Application") for allowance of interim compensation for professional services rendered for the

period October 1, 2010 through and including January 31, 2011 (the "Compensation Period"),

and for reimbursement of its actual and necessary expenses incurred in connection with such

services.  In support of this Application, Curtis respectfully represents as follows:

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

1.       This Application has been prepared in accordance with the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the

"UST Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals entered by the Court on April

14, 2011 (the "Compensation Order," collectively with the Local Guidelines and UST

Guidelines, the "Guidelines").  Pursuant to the Local Guidelines, a certification regarding

compliance with the Guidelines is attached hereto as "**Exhibit A**."[1]

2.       Curtis attorneys and paraprofessionals expended a total of 14,237.14 hours

representing the Debtors during the Compensation Period for which the firm requests

compensation.  Curtis seeks allowance of interim compensation for services rendered to the

Debtors in the amount of $6,409,513.60, representing 100% of fees incurred during the

Compensation Period, and for reimbursement of $164,980.24, representing 100% of the actual

and necessary expenses incurred during the Compensation Period.

---

[1] As to contested matters, existing litigation, or possible additional litigation to be brought by, or against, the
Debtors, adversary proceedings, and other actions or threatened actions, this Fee Application shall not constitute or
be construed as an admission of any fact or any issue of liability, nor shall it constitute a stipulation, or a waiver, but
rather as statements made without prejudice to the Debtors' rights and interests in these chapter 11 cases.

9215700

3.      During the Compensation Period, other than pursuant to the
Administrative Order, Curtis has received no payment and no promises of payment from any
source for services rendered or to be rendered in any capacity whatsoever in connection with the
matters covered in this Application.  There is no agreement or understanding between Curtis and
any other person, other than members of the firm, for the sharing of compensation to be received
for services rendered in these cases.

4.      In accordance with the Administrative Order, Curtis has received
payments totaling $5,292,591.12 for the Compensation Period, which consists of $5,127,610.88
representing 80% of the fees incurred from October 1, 2010 through January 31, 2011, and
$164,980.24 representing 100% of the expenses incurred during such period.

5.      The fees charged by Curtis in these cases are billed in accordance with
Curtis' existing billing rates and procedures in effect during the Compensation Period.[2]  The
rates Curtis charges for the services rendered by its professionals and paraprofessionals in these
chapter 11 cases are the same rates Curtis charges for professional and paraprofessional services
rendered in non-bankruptcy-related matters.[3]  Such fees are reasonable based on the customary
compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases
in a competitive national legal market.

6.      Pursuant to the UST Guidelines, annexed hereto as "**Exhibit B**" is a
schedule setting forth all Curtis professionals and paraprofessionals who have performed
services in these chapter 11 cases during the Compensation Period, the capacity in which each
such individual is employed by Curtis, the hourly billing rate charged by Curtis for services

---

[2] Professionals' and paraprofessionals' rates were increased in January 2011.  The motivating factors for this rate increase included the increased costs of office space and related overhead, insurance and employee and paraprofessional salaries and overall compensation for associate, partners, and support staff.  Prior to January 2011, Curtis had not raised its established class rates since before the inception of Debtors' cases in September 2008.
[3] In instances where professionals spent less than one hour working on the Debtors' cases during a month, Curtis has written off the time as a courtesy to the Debtors.

9215700

performed by such individual, the aggregate number of hours expended in these proceedings and

fees billed therefor, and, if applicable, the year in which each professional was first licensed to

practice law.

7.      Annexed hereto as "**Exhibit C**" is a schedule specifying the categories of

expenses for which Curtis is seeking reimbursement, and the total amount for each such expense

category.

8.      Pursuant to Section II.D of the UST Guidelines, annexed hereto as

"**Exhibit D**" are summaries of Curtis' time records billed during the Compensation Period by

project categories.

9.      Curtis maintains computerized records of the time spent by all Curtis

attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11

cases.  Subject to redaction for the attorney-client privilege where necessary to protect the

Debtors' estates,[4]  copies of these computerized records have been furnished to the Court, the

attorneys for the official committee of unsecured creditors (the "Creditors' Committee"), the

Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"),

and the committee appointed pursuant to the Order Appointing Fee Committee and Approving

Fee Protocol, dated May 27, 2009 [Docket No. 3651] (the "Fee Committee"), in the format

specified by the UST Guidelines.

10.     To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Compensation Period, but were not processed prior to the

---

[4] Where necessary, Curtis professionals and paraprofessionals have limited the level of detail in their time entries to protect certain confidential information of the Debtors.  This is done in the best interest of the Debtors' estate. Curtis would be willing to provide additional information pertaining to time entries in the appropriate circumstances, provided that the necessary precautions were taken, including but not limited to a court protective order.

9215700

preparation of this Application, Curtis reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

11.    Curtis has provided the Debtors, the U.S. Trustee, lead counsel to the Debtors, the Creditors' Committee, the Fee Committee and counsel to the Fee Committee with monthly fee statements for professional services rendered and expenses incurred on behalf of the Debtors, along with detailed reports of time entries and expenses.  Pursuant to such statements, and in accordance with the Administrative Order, Curtis has requested that the Debtors pay Curtis 80% of its fees for professional services and 100% of the expenses.  By this Application, Curtis requests the release of the 20% "holdback" of fees for professional services rendered during the Compensation Period.[5]

## BACKGROUND

12.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors and certain of its direct and indirect subsidiaries commenced with this Court voluntary cases for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").  The Debtors are continuing to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13.    On September 17, 2008, pursuant to section 1102 of the Bankruptcy Code, the U.S. Trustee appointed the Creditors' Committee.

14.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

---

[5]  The requested release of the holdback for the Compensation Period will not affect the holdback for any subsequent periods.

9215700

## RETENTION OF CURTIS

15.     Curtis was retained by the Debtors as of September 26, 2008 to serve as conflicts counsel for the Debtors.  Among other matters, Curtis is responsible for handling all bankruptcy-, corporate- and litigation-related matters where lead counsel for the Debtors, Weil, Gotshal & Manges LLP ("WGM"), or other counsel for the Debtors, has an actual or perceived conflict of interest, and to perform discrete duties as assigned by WGM and other Debtors' counsel that could be handled more efficiently by Curtis.

16.     Pursuant to the Order of the Court, dated November 21, 2008, the Debtors were authorized to retain Curtis as their conflicts counsel to render legal services in the prosecution of their chapter 11 cases.

17.     Since its retention, Curtis has coordinated its efforts with WGM so that their work is complementary and not duplicative.  WGM and Curtis have experience working as debtors' general bankruptcy counsel and conflicts counsel, respectively, for large bankruptcy cases previously pending before this Court.  *See In re Silicon Graphics, Inc., et al.*, Case No. 06-10977 (ALG) (Bankr. S.D.N.Y. 2006) and *In re Parmalat Finanziaria S.p.A., et al.*, Case No. 04-14268 (RDD) (Bankr. S.D.N.Y. 2004).  As a result of these experiences and the continued efforts of WGM and Curtis, the assignment of tasks is being maintained efficiently and with a clear delineation of duties.

18.     In addition, Curtis is presently acting or has recently acted as conflicts counsel in *In re Sbarro, Inc.*, Case No. 11-11527 (SCC) (Bankr. S.D.NY. 2011), *In re CIT Group Inc., et al.*, Case No. 09-16565 (ALG) (Bankr. S.D.N.Y. 2009), *In re The Reader's Digest, Inc., et al.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. 2009), *In re Lear Corporation*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. 2009), *In re Charter Communications, Inc., et al.*, Case No. 09-11435 (JMP) (Bankr. S.D.N.Y. 2009), *In re Star Tribune Holdings Corporation*,

Case No. 09-10244 (RDD) (Bankr. S.D.N.Y. 2009) and *In re Bally Total Fitness of Greater New York, Inc.*, Case No. 08-14818 (BRL) (Bankr. S.D.N.Y. 2008).

19.     The work encompassed by this Application for which Curtis seeks compensation was performed efficiently and at a reasonable cost to the estates.  All of the work summarized in this Application was performed in a manner to ensure minimal duplication of services and an effort to keep the administration expenses to a minimum.

## SUMMARY OF SERVICES RENDERED BY
## CURTIS DURING THE COMPENSATION PERIOD

20.     During the Compensation Period, Curtis performed substantial services for the Debtors.  These services were necessary to effectively administer the chapter 11 cases.

21.     In accordance with the Guidelines and Curtis' internal billing procedures, Curtis has established separate matter numbers and matter names for distinct project categories in these chapter 11 cases.  Listed below is a summary, by matter name, of services provided by Curtis during the Compensation Period:

22.     **General Case Administration.**  A total of 99.10 hours of services was performed and Curtis is seeking allowance of $22,689.50 in fees.  This matter covers a variety of tasks performed by Curtis professionals that relate to the smooth and efficient administration of the chapter 11 cases.  Among other things, during the Compensation Period, Curtis professionals reviewed pleadings and other documents applicable to the chapter 11 cases, liaised with WGM regarding coordination among counsel going forward, and created and maintained a comprehensive calendar of pertinent deadlines, hearings and meetings.

23.     **General Case Strategy Meetings.**  A total of 164.30 hours of services was performed and Curtis is seeking allowance of $96,012.50 in fees.  This matter covers time spent by professionals at weekly meetings where attorneys working on various Lehman matters provide status updates to the larger group and developments in the bankruptcy cases are

discussed.  Such meetings are critical to the smooth operation and prosecution of the Debtors'

chapter 11 cases.

24.    **Project Monitoring/Court Calendar & Docket Maintenance.**  A total

of 94 hours of services was performed and Curtis is seeking allowance of $34,591 in fees.  With

respect to this matter, Curtis professionals monitored the docket for pleadings filed in the chapter

11 cases, the SIPA Proceeding and various adversary proceedings.  The purpose of monitoring

these dockets is to stay apprised of the happenings in the cases and proceedings involving the

Debtors, especially with respect to pleadings filed by potential conflict parties.

25.    **Hearings and Court Communications.**  A total of 58.10 hours of

services was performed and Curtis is seeking allowance of $24,273.50 in fees.  With respect to

this matter, Curtis professionals prepared for and attended all hearings in the chapter 11 cases,

including the monthly omnibus hearings and hearings with respect to the Rule 60(b) motions in

connection with Barclays Capital Inc.

26.    **LBI/SIPC Coordination and Issues.**  A total of 29 hours of services was

performed and Curtis is seeking allowance of $12,189.50 in fees.  During the Compensation

Period, Curtis professionals liaised with LBI on various issues, including, but not limited to, the

treatment and ongoing administration of certain assets that LBHI received as a subrogee of

JPMorgan Chase Bank, N.A.'s ("JPMorgan") claims under the Collateral Disposition Agreement

("CDA") and coordinating the prosecution of certain adversary proceedings.

27.    **Derivatives/Swap Agreement Issues.**  A total of 2,176.54 hours of

services was performed and Curtis is seeking allowance of $1,227,195.60 in fees.  During the

Compensation Period, Curtis continued to address various activities and conduct analyses of the

legal documentation related to certain credit swaps with Syncora Guarantee, Inc., as well as

certain CDO structures, including Pyxis ABS CDO-2007-1, Ltd.; Pebble Creek LCDO 2007-2,

-8-

9215700

Ltd.; Pebble Creek LCDO 2007-2, LLC; Ceago ABS CDO 2007-1, Ltd; and Ceago ABS CDO

2007-1, LLC.  Curtis also reviewed and analyzed certain derivatives contracts with JPMorgan

and its affiliates and subsidiaries.  Finally, Curtis conducted diligence related to demands for

collateral made prior to the Commencement Date, purportedly related to novations of derivatives

contracts.

28.    **Loans/Investments.**  A total of 297.80 hours of services was performed

and Curtis is seeking allowance of $168,330 in fees.  With respect to this matter, Curtis

professionals continued to analyze and review numerous structured finance vehicles (the

"Structures").  Additionally, Curtis worked closely with co-counsel, WGM, to draft motion

papers related to certain of the Structures.

29.    **Non-Derivative Automatic Stay/Safe Harbor Issues.**  A total of 13.20

hours of services was performed and Curtis is seeking allowance of $5,437.50 in fees.  During

the Compensation Period, Curtis professionals continued to analyze the impact of the safe

harbors on various causes of action that the Debtors are pursuing.  In that regard, attorneys

reviewed recent case law addressing the safe harbor provisions.

30.    **Disclosure Statement/Solicitation/Voting.**  A total of 77.50 hours of

services was performed and Curtis is seeking allowance of $54,684.50 in fees.  During the

Compensation Period, Curtis professionals reviewed and provided commentary on the draft of

the Debtors' Disclosure Statement.

31.    **Non-Derivative Claims Reconciliation, Estimation, Litigation and

Alternative Dispute Resolution, and Bar Date Issues.**  A total of 588.50 hours of services was

performed and Curtis is seeking allowance of $251,597.50 in fees.  During the Compensation

Period, Curtis professionals extensively analyzed claims filed by JPMorgan and its affiliates.

Curtis professionals also began drafting certain objections to claims filed by JPMorgan.

9215700

32.     **Other Bankruptcy Motions and Matters.**  A total of 58.30 hours of services was performed and Curtis is seeking allowance of $25,089.00 in fees.  During the Compensation Period, with respect to this matter, Curtis professionals reviewed pleadings filed in appeals involving derivatives and safe harbor issues.

33.     **Non-Derivative Adversary Proceedings Preparation and Litigation.**  A total of 9,440.80 hours of services was performed and Curtis is seeking allowance of $4,107,756.50 in fees.  With respect to this matter, the primary tasks performed by Curtis professionals relate to the litigation commenced against JPMorgan.  As this Court is aware, on May 26, 2010, Curtis filed the adversary proceeding styled *Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A.*, Case No. 10-03266, in which LBHI is seeking a judgment that LBHI is entitled to void certain agreements entered into between LBHI and JPMorgan prior to LBHI's Commencement Date on the grounds that such agreements were fraudulent transfers and/or unenforceable under state law.  LBHI further seeks to recover billions in cash collateral, certain securities collateral posted to JPMorgan, and all other damages occasioned by JPMorgan's wrongful conduct under bankruptcy and state law theories.  During the Compensation Period, Curtis addressed a variety of issues arising in connection with the adversary proceeding, including, but not limited to, discovery, the analysis of JPMorgan's motion to dismiss the adversary proceeding, and the drafting and filing of LBHI's opposition to JPMorgan's motion to dismiss the adversary proceeding.  Further, Curtis performed services related to JPMorgan's counterclaims in the adversary proceeding, including but not limited to reviewing and analyzing the counterclaims and drafting LBHI's motion to dismiss the counterclaims.  These matters are currently pending before the Bankruptcy Court.

34.     In addition, Curtis professionals commenced a number of adversary proceedings and negotiated and executed various tolling agreements on behalf of the Debtors

-10-

prior to the running of the statute of limitations in connection with potential avoidance actions.

Moreover, Curtis continued investigating Lehman's prepetition relationship with Citibank, N.A.

35.    **Non-Bankruptcy Litigation.**   A total of 369.70 hours of services was

performed and Curtis is seeking allowance of $166,346.50.  In connection with this matter,

Curtis professionals have prepared responsive pleadings and engaged in various discovery

related activities on behalf of Executive Monetary Management, Inc., a non-debtor affiliate of

the Debtors, as a defendant in connection with a state court matter brought by Stowaways, LLC

and certain of its affiliates asserting civil claims including, *inter alia*, breach of fiduciary duty,

breach of contract and negligence.

36.    **2004 Issues.**  A total of 26 hours of services was performed and Curtis is

seeking allowance of $12,591.  In connection with this matter, Curtis attorneys reviewed

documentation provided by Canadian Imperial Bank of Commerce in connection with a Master

ISDA Agreement.

37.    **Examiner Issues.**  A total of 67.60 hours of services was performed and

Curtis is seeking allowance of $16,678.50 in fees.  In connection with this matter, Curtis

professionals addressed issues related to the order discharging the Examiner.  Curtis

professionals also continued review of the Examiner's Report with particular attention to various

issues in connection with the pending adversary proceeding involving JPMorgan.

38.    **Proprietary Retention/Billing/Fee Applications.**  A total of 676.70

hours of services was performed and Curtis is seeking allowance of $184,051 in fees.  As

described more fully above, in connection with this matter, Curtis professionals prepared and

served Fee Statements in accordance with the Guidelines, prepared budgets and responded to

inquiries from the Fee Committee.

9215700

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

39.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  *See* 11 U.S.C. § 331.  The awarding of interim compensation should be based on the circumstances of the particular case.  *In re Nana Daly's Pub., Ltd.*, 67 B.R. 782, 787 (Bankr. E.D.N.Y. 1986).

40.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  The Court has broad discretion in determining whether to allow compensation and determining the amount of compensation.  *In re XO Commc'ns, Inc.*, 323 B.R. 330, 339 (Bankr. S.D.N.Y. 2005); *In re Nine Assocs., Inc.*, 76 B.R. 943, 944 (Bankr. S.D.N.Y. 1987).

41.    Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

-12-

9215700

(E)    whether the compensation is reasonable based on the
customary compensation charged by comparably skilled
practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

42.    Courts within the Second Circuit have employed the "lodestar approach" for calculating judicial awards of compensation to attorneys. The lodestar approach was articulated by the Second Circuit in *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). The lodestar method of determining reasonable compensation involves multiplying the hours spent on a case, based on attorney time records, by a reasonable hourly rate of compensation for each attorney based on prevailing market rates for private law firms performing services for non-governmental clients. *In re McLean Industries, Inc.*, 88 B.R. 36, 39 (Bankr. S.D.N.Y. 1988). Once calculated, this lodestar figure may be adjusted upward or downward to take into account the facts of the particular case. *In re Baldwin United Corp.*, 79 B.R. 321, 347 (Bankr. S.D. Ohio 1987). Factors regarding the difficulty, complexity and contingent nature of the case may thereafter be employed to arrive at a reasonable and just compensation in excess of the lodestar figure. *In re Stable Mews Assocs.*, 49 B.R. 395, 398 (Bankr. S.D.N.Y. 1985); *In re Chriss*, 38 B.R. 655, 657 (Bankr. S.D.N.Y. 1984).

43.    In the instant case, Curtis respectfully submits that the services for which it seeks compensation in this Application meet or exceed the standards set forth in section 330 of the Bankruptcy Code as applied by bankruptcy courts in this Circuit to determine the reasonableness of professional fees sought from a debtor's estate. Curtis also respectfully submits that the services provided to the Debtors during the Compensation Period were necessary and beneficial to the Debtors' efforts to maximize the value of their estates. The professional services that Curtis rendered were focused on pursuing an efficient reorganization and/or liquidation of the Debtors' businesses that maximizes the value of the estates and

-13-

recovery to creditors.  Except as otherwise set forth herein, Curtis' rates charged to the Debtors

are identical to the rates charged by Curtis for comparable services in a non-chapter 11 context.

Such services were not only necessary to benefit the Debtors' estates, but also to enhance

potential recovery to creditors.  Accordingly, Curtis further submits that the compensation

requested herein is reasonable and warranted in light of the nature, extent and value of such

services to the Debtors, their estates and all parties in interest.

### FEES AND ACTUAL AND NECESSARY DISBURSEMENTS OF CURTIS

44.     Curtis devoted 14,237.14 hours of actual recorded time during the

Compensation Period resulting in time charges of $6,409,513.60.  The amount of $1,281,902.72[6]

remains unpaid as of the date of this Application.  By this Application, Curtis also requests

release of the 20% holdback from the Sixth Interim Compensation Period.

45.     Throughout the Compensation Period, Curtis sought to assign projects in

this case to partners, associates and paraprofessionals who could most efficiently and

expeditiously handle the tasks at hand.  Curtis respectfully submits that the legal services

reflected in this Application are fair and reasonable and are commensurate with the quality of

services provided herein.  The blended rate for services performed by all Curtis professionals and

paraprofessionals during the Compensation Period is $450.20.  The blended rate for services

performed by Curtis attorneys during the Compensation Period is $492.01.

46.     In addition to the fees sought for legal services, Curtis has incurred

$164,980.24 in out-of-pocket expenses and disbursements during the Compensation Period

directly attributable to the representation of the Debtors.

---

[6] This amount reflects the 20% holdback from October 2010, November 2010, December 2010, and January 2011.

9215700

47.     No part of the compensation to be received pursuant to this Application will be shared with any other person or firm, and no other agreements, either express or implied, to share any compensation received as attorneys for the Debtors has been, or will be, made by Curtis.

## **NOTICE**

48.     A copy of this Application has been submitted to:  (i) the Debtors; (ii) lead bankruptcy counsel for the Debtors; (iii) counsel for the Creditors' Committee; (iv) the U.S. Trustee; and (v) counsel to the Fee Committee.

*[Remainder of page intentionally left blank.]*

9215700

## CONCLUSION

**WHEREFORE**, Curtis respectfully requests that this Application be granted and that it be awarded an allowance of $6,409,513.60 for legal services rendered to the Debtors during the Compensation Period, and $164,980.24 for reimbursement of expenses, and that the Debtors be allowed to pay such amounts to the extent not previously paid, together with such other and further relief be granted as may be just and proper.

Dated:    June 2, 2011
          New York, New York

Respectfully submitted,

**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**

By:  _/s/ Steven J. Reisman_
     Steven J. Reisman
     L. P. Harrison 3rd
     Cindi Eilbott Giglio
101 Park Avenue
New York, NY  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Email:   sreisman@curtis.com
         lharrison@curtis.com
         cgiglio@curtis.com

*Conflicts Counsel for the Debtors and
 Debtors in Possession*

9215700

## EXHIBIT A

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Conflicts Counsel for the Debtors*
 *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | **Chapter 11** |
| **In re:** | : | |
| | : | **Case No. 08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |
| | : | |

-----------------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR
PROFESSIONALS IN RESPECT OF SEVENTH INTERIM APPLICATION OF
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**

I, L. P. Harrison 3rd, hereby certify that:

1.  I am a partner with the applicant firm, Curtis, Mallet-Prevost, Colt & Mosle

LLP ("Curtis"), with primary responsibility for the chapter 11 cases of Lehman Brothers

Holdings Inc., and its direct and indirect subsidiaries, as debtors and debtors in possession

(collectively, the "Debtors"), in respect of compliance with the Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on November 25, 2009 (the "Local Guidelines"), the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Compensation Order," collectively with the Local Guidelines and UST Guidelines, the "Guidelines").

2.    This certification is made in respect of Curtis' application, dated June 2, 2011 (the "Application"), for interim compensation and reimbursement of expenses for the period commencing October 1, 2010, through and including January 31, 2011 (the "Compensation Period") in accordance with the Guidelines.

3.    In respect of section A.1 of the Local Guidelines, I certify that:

- I have read the Application;

- to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

- the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Curtis and generally accepted by Curtis' clients; and

- in providing a reimbursable service, Curtis does not make a profit on that service, whether the service is performed by Curtis in house or through a third party.

4.    In respect of section A.2 of the Local Guidelines, I certify that Curtis has provided the Debtors, counsel for the statutory committee of unsecured creditors appointed in these cases (the "Creditors' Committee"), the United States Trustee for the Southern District of New York (the "U.S. Trustee") and the Committee appointed pursuant to the Order Appointing Fee Committee and Approving Fee Protocol, dated May 27, 2009 [Docket No. 3651] (the "Fee Committee"), with a statement of Curtis' fees and disbursements on a monthly basis.

9215700

5.    In respect of section A.3 of the Local Guidelines, I certify that the Debtors,

counsel for the Creditors' Committee, lead bankruptcy counsel for the Debtors, the U.S. Trustee,

and counsel for the Fee Committee are each being provided with a copy of the Application more

than 14 days before the hearing on the Application.

Dated:    New York, New York
          June 2, 2011


                                          _____/s/ L. P. Harrison 3rd_____
                                                 L. P. Harrison 3rd

9215700

## EXHIBIT B

### SUMMARY OF SEVENTH INTERIM FEE APPLICATION OF CURTIS, MALLET-PREVOST, COLT & MOSLE LLP FOR SERVICES RENDERED FOR THE SEVENTH INTERIM COMPENSATION PERIOD, OCTOBER 1, 2010 TO JANUARY 31, 2011[1]

| NAME OF PROFESSIONAL | DEPARTMENT[2] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| L. P. Harrison 3rd | RIG – 1984 | $785 | 578.20 | $453,887.00 |
| | | $830 | 224.20 | $186,086.00 |
| T. Barry Kingham | L – 1969 | $785 | 4.20 | $3,297.00 |
| Joseph D. Pizzurro | L – 1977 | $785 | 120.90 | $94,906.50 |
| | | $830 | 67.70 | $56,191.00 |
| Steven J. Reisman | RIG – 1991 | $785 | 10.20 | $8,007.00 |
| | | $830 | 1.70 | $1,411.00 |
| Turner P. Smith | L – 1980 | $785 | 84.20 | $66,097.00 |
| | | $830 | 47.10 | $39,093.00 |
| Nancy E. Delaney | L – 1989 | $730 | 180.80 | $131,984.00 |
| | | $785 | 109.50 | $85,957.50 |
| Daniel R. Lenihan | C – 1982 | $785 | 210.80 | $165,478.00 |
| Michael J. Moscato | L – 1982 | $730 | 413.40 | $301,782.00 |
| | | $785 | 120.00 | $94,200.00 |
| Andrew H. Seiden | C – 1993 | $730 | 237.00 | $173,010.00 |
| | | $785 | 94.10 | $73,868.50 |
| Martin L. Forman | RE – 1986 | $675 | 1.10 | $742.50 |
| **TOTAL PARTNERS** | | | **2,505.10** | **$1,935,998.00** |
| | | | | |
| **COUNSEL** | | | | |
| Myles K. Bartley | L – 1999 | $595 | 255.80 | $152,201.00 |
| | | $625 | 104.80 | $65,500.00 |
| Susan F. Pollack | C – 1967 | $595 | 239.10 | $142,264.50 |
| | | $625 | 112.80 | $70,500.00 |
| **TOTAL COUNSEL** | | | **712.50** | **$430,465.50** |
| | | | | |
| **ASSOCIATES** | | | | |
| James V. Drew | RIG – 2002 | $575 | 2.20 | $1,265.00 |
| Timothy N. McCabe | L – 2002 | $575 | 161.00 | $92,575.00 |
| | | $590 | 73.20 | $43,188.00 |
| Susana M. Namnum | C – 1996 | $575 | 157.80 | $90,735.00 |
| | | $590 | 130.60 | $77,054.00 |
| Peter J. Behmke | L – 2005 | $535 | 495.80 | $265,253.00 |
| | | $550 | 143.30 | $78,815.00 |
| Andrew Zinman | L – 1996 | $535 | 243.00 | $130,005.00 |
| | | $550 | 178.20 | $98,010.00 |

[1] In instances where professionals spent less than one hour working on the Debtors' cases during a month, Curtis has written off the time as a courtesy to the Debtors.

[2] C – Corporate; L – Litigation; RE – Real Estate; RIG – Restructuring and Insolvency Group; T – Tax.

| NAME OF PROFESSIONAL | DEPARTMENT[2] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Benjamin Lowin | C – 2006 | $495 | 47.00 | $23,265.00 |
|  |  | $510 | 29.10 | $14,841.00 |
| Danny Phillips | C – 2006 | $495 | 7.00 | $3,465.00 |
| Ellen Tobin | L – 2006 | $495 | 13.30 | $6,583.50 |
| Cindi Eilbott Giglio | RIG – 2007 | $455 | 394.70 | $179,588.50 |
|  |  | $470 | 193.00 | $90,710.00 |
| Joseph Clyne | L – 1984 | $425 | 4.20 | $1,785.00 |
|  |  | $450 | 2.40 | $1,080.00 |
| Julie W. Arkush | L – 2008 | $415 | 396.80 | $164,672.00 |
|  |  | $425 | 111.10 | $47,217.50 |
| Bradley Doline | C – 2007 | $455 | 35.40 | $16,107.00 |
|  |  | $470 | 7.40 | $3,478.00 |
| Dario Avram | C-2008 | $415 | 35.70 | $14,815.50 |
|  |  | $425 | 78.40 | $33,320.00 |
| Louisa A. Fennell | L – 2008 | $415 | 454.20 | $188,493.00 |
|  |  | $425 | 226.40 | $96,220.00 |
| Veronique Hodeau | RIG – 2007 | $455 | 1.90 | $864.50 |
| Stefano de Stefano | C – 2008 | $415 | 337.80 | $140,187.00 |
|  |  | $425 | 2.50 | $1,062.50 |
| Peter Joseph Buenger | RIG - 2010 | $375 | 338.90 | $127,087.50 |
|  |  | $385 | 118.30 | $45,545.50 |
| Dienna Ching | RIG – 2009 | $375 | 428.30 | $160,612.50 |
|  |  | $385 | 130.70 | $50,319.50 |
| Shafiq Perry | C – 2009 | $375 | 397.70 | $149,137.50 |
|  |  | $385 | 186.60 | $71,841.00 |
| Andrew M. Smith | C – 2008 | $425 | 11.30 | $4,802.50 |
| Massimo Giugliano | RIG – 2009 | $335 | 45.60 | $15,276.00 |
| Joshua Holt | C – 2010 | $335 | 203.30 | $68,105.50 |
|  |  | $345 | 5.40 | $1,863.00 |
| Josh Joyce | L – 2010 | $335 | 408.40 | $136,814.00 |
|  |  | $345 | 168.10 | $57,994.50 |
| Andrew Kaspersen | L – 2010 | $335 | 204.20 | $68,407.00 |
|  |  | $345 | 107.30 | $37,018.50 |
| Julia Mosse | L – 2010 | $335 | 26.00 | $8,710.00 |
| Matthew Lischin | RIG – 2010 | $335 | 510.80 | $171,118.00 |
|  |  | $345 | 175.10 | $60,409.50 |
| Jennifer Ryan | L – 2010 | $335 | 19.10 | $6,398.50 |
| Nicole Mazanitis | L – 2011[3] | $290 | 55.10 | $15,979.00 |
|  |  | $300 | 55.10 | $16,530.00 |
| Gary Moy | L – * | $290 | 37.00 | $10,730.00 |
|  |  | $300 | 5.50 | $1,650.00 |
| Morgan Nighan | L – * | $290 | 97.90 | $28,391.00 |
|  |  | $300 | 10.40 | $3,120.00 |
| Mitch McGuffey | L – * | $290 | 196.80 | $57,072.00 |
|  |  | $300 | 118.50 | $35,550.00 |
| Heather Hiznay | RIG – * | $290 | 332.50 | $96,425.00 |
|  |  | $300 | 133.40 | $40,020.00 |
| Jasper Cacananta | C – * | $300 | 17.60 | $5,280.00 |

---

[3] Nicole Mazanitis was admitted to the New York Bar on January 31, 2011.

9215700

| NAME OF PROFESSIONAL | DEPARTMENT[2] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Sara Sherrod | C – 2010 | $335 | 38.50 | $12,897.50 |
| | | $345 | 112.90 | $38,950.50 |
| Alex Siegal | C – 2010 | $335 | 58.00 | $19,430.00 |
| | | $345 | 61.30 | $21,148.50 |
| Brendan Snowden | C – 2010 | $335 | 27.70 | $9,279.50 |
| | | $345 | 60.60 | $20,907.00 |
| **TOTAL ASSOCIATES** | | | **8,867.30** | **$3,579,475.50** |
| | | | | |
| **PARAPROFESSIONALS** | | | | |
| Neal Goodman | L | $250 | 174.10 | $43,525.00 |
| | | $260 | 51.20 | $13,312.00 |
| Georgia Faust | RIG | $220 | 431.90 | $95,018.00 |
| | | $230 | 135.10 | $31,073.00 |
| Katerina Mantell | RIG | $220 | 131.70 | $28,974.00 |
| | | $230 | 54.50 | $12,535.00 |
| Alejandro Montenegro | RIG | $220 | 50.40 | $11,088.00 |
| | | $230 | 5.70 | $1,311.00 |
| Nicole Perkins | L | $220 | 348.10 | $76,582.00 |
| | | $230 | 144.20 | $33,166.00 |
| Martine Read | RIG | $220 | 100.50 | $22,110.00 |
| | | $230 | 29.20 | $6,716.00 |
| Michael Fingerhut | C | $200 | 1.40 | $280.00 |
| | | $210 | 1.00 | $210.00 |
| Javier Lopez | L | $165 | 96.20 | $15,873.00 |
| | | $175 | 93.00 | $16,275.00 |
| Bethany Lipman | L | $190 | 1.40 | $266.00 |
| Michael Malavarca | L | $190 | 96.30 | $18,297.00 |
| | | $200 | 38.00 | $7,600.00 |
| Brianna Hill | L | $200 | 23.70 | $4,740.00 |
| | | $210 | 13.60 | $2,856.00 |
| Patrick Romero | L | $165 | 116.44 | $19,212.60 |
| | | $175 | 14.60 | $2,555.00 |
| **TOTAL PARAPROFESSIONALS** | | | **2,152.24** | **$463,574.60** |

| **TOTALS** | | | |
|---|---|---|---|
| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
| Partners | $772.82 | 2,505.10 | $1,935,998.00 |
| Counsel | $604.16 | 712.50 | $430,465.50 |
| Associates | $403.67 | 8,867.30 | $3,579,475.50 |
| Paraprofessionals | $215.39 | 2,152.24 | $463,574.60 |
| | | | |
| **TOTAL FEES REQUESTED** | | **14,237.14** | **$6,409,513.60** |

9215700

**EXHIBIT C**

**EXPENSE SUMMARY FOR CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
FOR THE SEVENTH INTERIM COMPENSATION PERIOD,
OCTOBER 1, 2010 TO JANUARY 31, 2011**

| DESCRIPTION | AMOUNT |
|---|---|
| Color Copies | $ 4,396.10 |
| Courier | 4,082.84 |
| Duplicating | 9,785.40 |
| Filing Fees | 750.00 |
| Lexis/Westlaw | 95,927.72 |
| Litigation Printing | 142.70 |
| Long Distance Telephone | 79.62 |
| Meals Expense | 6,703.78 |
| Miscellaneous Disbursements | 13.00 |
| Pacer | 1,829.20 |
| Postage | 10.81 |
| Search Fees | 1,303.14 |
| Telephone Audio Conference | 1,469.51 |
| Translation Expense | 2,543.13 |
| Transportation Expense | 5,123.18 |
| Word Processing | 30,820.11 |
| **TOTAL:** | **$164,980.24** |

<u>**EXHIBIT D**</u>

**COMPENSATION BY WORK TASK CODE FOR SERVICES RENDERED BY CURTIS, MALLET-PREVOST, COLT & MOSLE LLP FOR THE SEVENTH INTERIM <u>COMPENSATION PERIOD, OCTOBER 1, 2010 TO JANUARY 31, 2011</u>**

| WORK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| Matter No. 100 | General Case Administration | 99.10 | $22,689.50 |
| Matter No. 200 | General Case Strategy Meetings | 164.30 | $96,012.50 |
| Matter No. 300 | Project Monitoring/Court Calendar & Docket Maintenance | 94.00 | $34,591.00 |
| Matter No. 400 | Hearings and Court Communications | 58.10 | $24,273.50 |
| Matter No. 1100 | LBI/SIPC Coordination and Issues | 29.00 | $12,189.50 |
| Matter No. 2400 | Derivatives/Swap Agreement Issues | 2,176.54 | $1,227,195.60 |
| Matter No. 2500 | Loans/Investments | 297.80 | $168,330.00 |
| Matter No. 2900 | Non-Derivative Automatic Stay/Safe Harbor Issues | 13.20 | $5,437.50 |
| Matter No. 3500 | Disclosure Statement/Solicitation/Voting | 77.50 | $54,684.50 |
| Matter No. 3600 | Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues | 588.50 | $251,597.50 |
| Matter No. 3700 | Other Bankruptcy Motions and Matters | 58.30 | $25,089.00 |
| Matter No. 3800 | Non-Derivative Adversary Proceedings Preparation and Litigation | 9,440.80 | $4,107,756.50 |
| Matter No. 3900 | Non-Bankruptcy Litigation | 369.70 | $166,346.50 |
| Matter No. 4000 | 2004 Issues | 26.00 | $12,591.00 |
| Matter No. 4400 | Examiner Issues | 67.60 | $16,678.50 |
| Matter No. 4500 | Proprietary Retention/Billing/Fee Applications | 676.70 | $184,051.00 |
| **TOTAL** | | **14,237.14** | **$6,409,513.60** |