KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz
Michael J. Bowe
Robert M. Novick
Albert S. Mishaan

*Special Counsel for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                      : Chapter 11
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.       : No. 08-13555 (JMP)
                                            :
                        Debtors.            : (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - x

**SUMMARY OF THIRD INTERIM APPLICATION OF
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, SPECIAL COUNSEL TO
THE DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM
<u>OCTOBER 1, 2010 THROUGH JANUARY 31, 2011</u>**

## SUMMARY SHEET

| | |
|---|---|
| **Name of Applicant** | Kasowitz, Benson, Torres & Friedman LLP |
| **Authorized to Provide Professional Services to** | Debtors and Debtors in Possession |
| **Date of Retention** | January 28, 2010 (*nunc pro tunc* to January 6, 2010) |
| **Compensation Period** | October 1, 2010 through January 31, 2011 |
| **Fees Incurred for Counsel** | $175,910.50[1] [2] |
| **Expenses Incurred** | $61,991.94[3] |
| **Prior Interim Applications Filed** | **First Interim Fee Application**, filed August 16, 2010, for the period from February 1, 2010 through and including May 31, 2010[4] [Docket No. 10787]<br>**Total Fees Requested:** $186,714.5<br>**Total Expenses Requested:** $125,292.82<br>**Total Fee Allowed:** Pending<br>**Total Expenses Allowed:** Pending<br><br>**Second Interim Fee Application**, filed December 14, 2010, for the period June 1, 2010 through and including September 30, 2010 [Docket No. 13469]<br>**Total Fees Requested:** $203,130.00<br>**Total Expenses Requested:** $7,221.58<br>**Total Fees Allowed:** Pending |

---

[1]      This amount includes the 20% of such fees held back pursuant to the Compensation Order (defined below).

[2]      Reflects a reduction of $2,662.50 for preparation of monthly statements, per agreement with the Fee Committee.

[3]      Reflects a reduction of $26.80 of toll calls, per agreement with the Fee Committee.

[4]      Includes *de minimus* fees incurred in January 2010.

**Total Expenses Allowed:** Pending

**Blended Hourly Rate for Fees Incurred During Compensation Period**      $419.58

**Blended Hourly Rate for Fees Incurred During Compensation Period (Attorneys Only)**      $440.27

## Hours, Rates and Fees for Services Rendered During the Third Interim Fee Period

| Attorney/Paraprofessional | Year Admitted | Title | Rate 2010/2011 | Total Hours | Total Amount |
|---|---|---|---|---|---|
| Robert M. Novick | 1994 | Partner | $775 | 9.20 | 7,130.00 |
| Gary W. Dunn | 1990 | Associate | $450 | 266.40 | 119,880.00 |
| Benjamin S. Goldstein | 2009 (NJ) | Associate | $275 | 15.20 | 4,180.00 |
| Jennifer S. Recine | 2004 | Associate | $435 | 34.30 | 14,920.50 |
| Michelle J. Vladimirsky | 2007 | Associate | $360 | 73.50 | 26,460.00 |
| Thomas J. Albuquerque | N/A | Litigation Support | $175 | 2.80 | 490.00 |
| Michael Birnbaum | N/A | Paralegal | $165 | 5.60 | 924.00 |
| Gabriel Irizarry | N/A | Paralegal | $165 | 9.50 | 1,567.50 |
| Rashaan Russell | N/A | Paralegal | $165 | 0.90 | 148.50 |
| Paul J. Perez | N/A | Managing Clerk | $175 | 1.20 | 210.00 |
| **GRAND TOTAL:** | | | | 418.60 | $175,910.50 |

3

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz
Michael J. Bowe
Robert M. Novick
Albert S. Mishaan

*Special Counsel for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -x
|  | : |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u> | : | No. 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

## THIRD INTERIM APPLICATION OF KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011

    Kasowitz, Benson, Torres & Friedman LLP ("KBT&F"), special counsel to Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their

non-debtor affiliates, "Lehman"), hereby submits this application (the "Third Interim

Application" or the "Application"), in accordance with sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy

4

Procedure (the "Bankruptcy Rules"), for allowance of interim compensation for professional

services rendered in the amount of $175,910.50 and reimbursement of actual, reasonable, and

necessary out-of-pocket expenses incurred in the amount of $61,991.94, during the period

beginning October 1, 2010 through and including January 31, 2011 (the "Third Interim Fee

Period"), and, in support thereof, respectfully represents as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to hear and determine the Third Interim Application

pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§

1408 and 1409.  The statutory predicates for the relief sought herein are sections 330(a) and 331

of the Bankruptcy Code.

## GENERAL BACKGROUND

2.    Commencing on September 15, 2008, and periodically thereafter (the "Petition

Date"), LBHI, and certain of its subsidiaries and affiliated entities (collectively, the "Debtors")

filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the

"Chapter 11 Cases").  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors

are operating their business and managing their properties as debtors in possession.

3.    On September 17, 2008, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.    On September 19, 2008, a proceeding was commenced under the Securities

Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A

trustee appointed under SIPA is administering LBI's estate.

5.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner

in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009,

the Court approved the U.S. Trustee's appointment of the Examiner.  On March 11, 2010, the

Examiner issued his report pursuant to section 1106(b) of the Bankruptcy Code.  On July 13,

2010, the Court entered an order discharging the Examiner and his professionals.

6.      On May 26, 2009, the Court entered an order appointing a fee committee (the

"Fee Committee") and approving a fee protocol (the "Fee Protocol") to make recommendations

with respect to fees and expenses of retained professionals in these cases.

### RETENTION OF KBT&F

7.      On January 11, 2010, the Debtors, pursuant to sections 327(e) and 328(a) of title

11 of the Bankruptcy Code, filed its application for the authorization to employ and retain, *nunc

pro tunc* to January 6, 2010 (the "Engagement Date"), Kasowitz, Benson, Torres & Friedman

LLP as special counsel (the "Debtors' Application").

8.      On January 28, 2010, this Court entered the Order Pursuant to Sections 327(e)

and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kasowitz,

Benson, Torres & Friedman LLP as Special Counsel, *Nunc Pro Tunc* to the Engagement Date

(the "Retention Order").

9.      The Retention Order, as specified in the Debtors' Application, authorizes

KBT&F to represent the Debtors in the investigation of "third parties who may have, prior to the

Commencement Date, taken actions or made statements that interfered with, and damaged, the

Debtors' business (the "Illegal Activity"); and (2) to commence litigation and prosecute, with the

Debtors' authorization, third parties who have engaged in Illegal Activity."

### MONTHLY FEE STATEMENTS AND QUARTERLY APPLICATIONS

10.      KBT&F seeks allowance of interim compensation for professional services

rendered to the Debtors during the Third Interim Fee Period in the amount of $175,910.50

(including payment of the 20% of such fees previously "held back"), and reasonable out-of-pocket expenses in the amount of $61,991.94. During the Third Interim Fee Period, KBT&F professionals and paraprofessionals expended a total of 425.60 hours for which compensation is requested.

11.     This Application has been prepared in accordance with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 20, 1991 and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (together, the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Compensation Order," and together with the Local Guidelines and the UST Guidelines, the "Guidelines"). Annexed hereto as "Exhibit A" is a certification regarding compliance with the Guidelines.

12.     The Compensation Order established a procedure for, *inter alia*, the payment of interim fees and expenses to professionals employed by the Debtors on a monthly basis. KBT&F, on a monthly basis, prepared and served fee statements in accordance with the Compensation Order.[5]

13.     This Application is KBT&F's third interim fee application and seeks payment of interim compensation and reimbursement of expenses for services rendered to the Debtors in

---

[5]     Pursuant to the Compensation Order, if no timely objections to KBT&F's monthly fee statements are filed, KBT&F is paid 80% of its fees and 100% of its expenses.

amounts that have been invoiced to the Debtors for the period from October 1, 2010 through

January 31, 2011. Pursuant to the Fee Protocol, KBT&F is providing a copy of this Application

to the Fee Committee.

14.     For the period October 1, 2010 through and including January 31, 2011,

KBT&F submitted four monthly fee statements (the "Monthly Fee Statements"). Through the

Monthly Fee Statements, KBT&F has requested interim fee compensation in the amount of

$142,858.40 (representing 80% of the fees billed by KBT&F from October 1, 2010 through

January 31, 2011), and expenses incurred in the total amount of $62,018.74 (100% of the

expenses billed by KBT&F from October 1, 2010 through January 31, 2011).

15.     There is no agreement or understanding between KBT&F and any other person

for the sharing of compensation to be received for services rendered in these cases.

16.     KBT&F's fees in these cases are billed in accordance with its existing billing

rates and procedures. The rates KBT&F charges for the services rendered by its professionals

and paraprofessionals in these chapter 11 cases are the same rates KBT&F charges for

professional and paraprofessional services rendered in comparable bankruptcy and non-

bankruptcy matters. Such fees are reasonable based on the customary compensation charged by

comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a

competitive legal market.

17.     KBT&F certifies that it has not billed time for summer associates or law clerks

not admitted to practice in the relevant jurisdiction.

18.     Pursuant to the UST Guidelines, the Summary Sheet filed in connection with

this Application sets forth the number of hours expended by each attorney and paraprofessional

of KBT&F who rendered services to the Debtors, their respective hourly rates, and the year in

8

which each KBT&F attorney was first admitted to practice in New York.

19.    Annexed hereto as "Exhibit B" is a schedule specifying the categories of

expenses for which KBT&F is seeking reimbursement and the total amount for each expense

category.

20.    Annexed hereto as "Exhibit C," pursuant to the UST Guidelines, is a summary

of KBT&F's time records billed during the Third Interim Fee Period using "project categories"

hereinafter described.

21.    KBT&F maintains contemporaneously created computerized records of the time

spent by all KBT&F attorneys and paraprofessionals in connections with the representation of

the Debtors in these cases.[6]

## SUMMMARY OF SERVICES RENDERED BY KBT&F DURING
## THE THIRD INTERIM FEE PERIOD

22.    The professional services that KBT&F rendered during the Third Interim Fee

Period are grouped into "project categories" that are described below.

### a.  Project Monitoring/Court Calendar & Docket Maintenance
### (Task Code- 0300)

### (Fees: $775.50; Hours Billed: 4.70; Expenses: $4,475.91)[7]

23.    Time billed to this matter during the Third Interim Fee Period reflects time

spent by KBT&F reviewing pleadings and documents filed on the docket in connection with

KBT&F's ongoing investigation of possible claims by the Debtors against third parties.

Furthermore, this category includes substantive time spent in connection with the organization

---

[6]      Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for Debtors; and (iv) the Fee Committee.

[7]      Reflects a reduction of $4.09 of toll calls, per agreement with the Fee Committee.

and maintenance of files and evidence related to KBT&F's ongoing investigation of possible

claims by the Debtors against third parties and the monitoring of the Court's calendar and

docket.

### b. Hearings and Court Communications (Task Code- 0400)

**(Fees:  $2,712.50; Hours Billed: 3.50; Expenses: $0)**

24.    Time billed to this matter during the Third Interim Fee Period reflects time

spent attending and reporting on chambers' conference.

### c. Rule 2004 Discovery Issues (Task Code- 4100)

**(Fees:  $155,382.50; Hours Billed: 368.10; Expenses: $57,053.06)**[8]

25.    Time billed to this matter during the Third Interim Fee Period reflects work

done in furtherance of the investigation commenced by KBT&F on behalf of the Debtors into

whether the Debtors have pre-petition claims against third parties arising from wrongful

interference with, and damage to, the Debtors' business.  In furtherance of this investigation,

KBT&F, among other things, spent time negotiating and drafting confidentiality stipulations

regarding the production of documents with Greenlight, SAC, Citadel, Och-Ziff, and Goldman

Sachs.

26.    KBT&F also spent time reviewing documents, conducting factual research, and

analyzing evidence discovered to date.  This effort included conducting legal and factual

research regarding certain rumors and analyzing the legal ramifications of those rumors, and

possible claims arising from them.

27.    This category also includes time KBT&F spent conferring with Debtors

---

[8]    Reflects a reduction of $16.24 of toll calls, per agreement with the Fee Committee.

regarding preparation for any Rule 2004 document production received by KBT&F, as well as background research in connection with Lehman's collapse.  This includes additional factual research into potential witnesses.

28.    Expenses billed to this matter during the Third Interim Fee Period include professional investigative services ($52,469.75) provided by the KBTF Group, LLC ("KBTF Group").  The KBTF Group investigators, at the direction of counsel, investigated and interviewed witnesses and developed contacts and sources with potential knowledge of material information related to possible claims.  The investigative services provided by the KBTF Group included traveling to and attending meetings in furtherance of the investigation.

### d. Firm's Own Billing/Fee Applications (Task Code-4600)

**(Fees: $17,040.00; Hours Billed: 42.30; Expenses: $462.97)** [9]

29.    The majority of time billed to this matter during the Third Interim Fee Period reflects time KBT&F spent in responding to requests for information and other concerns of the Fee Committeee.  This category also includes time spend preparing and drafting KBT&F's Second Interim Fee Statement.

### DISBURSEMENTS

30.    In connection with the provision of the legal services detailed in the Exhibits hereto and summarized above, KBT&F has incurred out-of-pocket disbursements during the Third Interim Fee Period in the amount of $61,991.94.  This amount is broken down into categories of charges, as set forth in Exhibit B, which summarizes the expenses incurred for the Third Interim Fee Period.

---

[9]    Reflects a reduction of $2,662.50 for preparation of monthly statements, per agreement with the Fee Committee and a reduction of $6.47 of toll calls, per agreement with the Fee Committee.

31.    KBT&F only seeks reimbursement at actual cost for disbursements incurred both in-house and from third party vendors. With respect to photocopying expenses, KBT&F charges $.10 per page. With respect to facsimile expenses, KBT&F excludes charges for incoming facsimiles and includes charges for outgoing facsimiles at applicable toll charge rates only.  These charges are intended to cover KBT&F's direct operating costs for photocopying and facsimile facilities, which costs are not incorporated into KBT&F hourly billing rates. Only clients who actually use photocopying, facsimile, and other office services of the types set forth in Exhibit B are separately charged for such services, and only to the extent utilized.

32.    Expenses for automated legal research and the searching of official records were also incurred.  On several occasions, mailing charges were incurred.  The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors.

## INTERIM COMPENSATION AND REIMBURSEMENT IS WARRANTED

33.    The professional services performed by KBT&F were actual, necessary and appropriate to the administration of the Debtors' chapter 11 cases and were in the best interests of the Debtors and their stakeholders.

34.    Section 331 of the Bankruptcy Code allows a bankruptcy court to authorize interim compensation for "[a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title . . . not more than once every 120 days after an order for relief in a case under this title . . . ."

35.    Section 330(a)(1)(A) and (B) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." Section 330(a)(3)(A), in turn, provides that:

In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

A. the time spent on such services;
B. the rates charged for such services;
C. whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
E. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3)(A).

36.     KBT&F respectfully submits that the elements governing awards of compensation justify the allowance request.

### a. The Time and Labor Required

37.     The professional services rendered by KBT&F have required the continuous expenditure of substantial time and effort, under time pressures which sometimes required the performance of services late into the evening and, on a number of occasions, over weekends and holidays.  The services rendered required a high degree of professional competence and expertise in order to be administered with skill and dispatch.  During the Third Interim Fee Period, 425.60 recorded hours were expended by KBT&F's partners, associates, and legal assistants in providing the requested professional services.  KBT&F's hourly billing rates, as set out in the Application Summary, are computed at the rates KBT&F regularly charges its hourly clients.

### b.  The Necessity of the Services and the Benefit to the Estate

38.     KBT&F's services are essential to the investigation, and possible prosecution, of potentially valuable pre-petition claims against third parties who may have sought to wrongfully exploit the Debtors and profit from the resultant harm.  Any such claims would

constitute valuable assets of the Debtors' estate, and KBT&F's services are vital to the

identification and preservation of these assets.

### c.    The Novelty and Difficulty of the Issues Presented in this Case

39.    KBT&F's services of necessity involve the investigation of sophisticated third

parties and intricate fact patterns.  Among the difficulties posed by this investigation is the fact

that any wrongdoers will have a strong incentive to conceal their malfeasance, and the

development of claims against them will necessarily pose an array of complex and novel legal

issues.

### d.    The Experience, Reputation and Ability of the Attorneys

40.    KBT&F has extensive experience in the areas of insolvency and complex

commercial litigation.  KBT&F's services on behalf of the Debtors have been rendered in a

highly efficient manner by attorneys who have achieved a high degree of expertise in these areas.

The skill and competency of the KBT&F attorneys who have represented the Debtors have

ensured that these cases have been administered in the most efficient and expeditious manner.

### NOTICE

41.    Notice of this Application, as set forth in the Compensation Order, has been

given to (a) the Debtors, (b) counsel for the Debtors, (c) the Office of the United States Trustee,

(d) Counsel for the Official Committee of Unsecured Creditors, and (e) the chairperson of the fee

committee.

42.    No other or prior application or motion for the relief requested herein has been

made to this or any other Court.

## <u>CONCLUSION</u>

43.    WHEREFORE, for all of the foregoing reasons, KBT&F respectfully requests that this Court issue an order conforming to the proposed order attached hereto as Exhibit D: (i) allowing compensation for professional legal services rendered as Special Counsel for the Debtors in the amount of $175,910.50 for the Third Interim Fee Period; (ii) allowing reimbursement for actual and necessary expenses incurred in the amount of $61,991.94 for the Third Interim Fee Period; and (iii) granting such other and further relief as this Court may deem necessary and appropriate.

Dated: June 2, 2011
      New York, New York

                                       KASOWITZ, BENSON, TORRES
                                        & FRIEDMAN LLP

                              By:    /s/ Robert M. Novick
                                        Marc E. Kasowitz
                                          Michael J. Bowe
                                        Robert M. Novick
                                        Albert S. Mishaan
                                        1633 Broadway
                                        New York, New York 10019
                                        (212) 506-1700

                                        *Special Counsel for the Debtors
                                        and Debtors-in-Possession*

# EXHIBIT A

Hearing Date: TBD

**EXHIBIT A**

**CERTIFICATION OF ROBERT M. NOVICK**

Hearing Date: TBD

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz
Michael J. Bowe
Robert M. Novick
Albert S. Mishaan

*Special Counsel for Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                          :   Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.           :   No. 08-13555 (JMP)
                                                :
                          Debtors.              :   (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF THIRD INTERIM APPLICATION OF
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, AS SPECIAL COUNSEL
FOR THE DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT
OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

I, Robert M. Novick, hereby certify that:

1.  I am an attorney admitted to practice before the courts of the State of New York and

the United States District Court for the Southern District of New York. I am a member of the law

firm of Kasowitz, Benson, Torres & Friedman LLP ("KBT&F"), special counsel to Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their

non-debtor affiliates, "Lehman").[1]

2.    I submit this certification in accordance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* adopted by the Court on April 19, 1995, and the *Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* adopted by the Court on June 20, 1991 (collectively, the "Local Guidelines"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* adopted on January 30, 1996 (the "UST Guidelines"), this Court's *Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order"), and this Court's *Order Appointing Fee Committee and Approving Fee Protocol* (the "Fee Protocol Order," and together with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines").

3.    This certification is made in respect to the *Third Interim Application of Kasowitz, Benson, Torres & Friedman LLP, Special Counsel to the Debtors and Debtors in Possession in the Above Captioned Case, For Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred From October 1, 2010 through January 31, 2011* (the "Third Interim Application").

4.    All of the services for which compensation is sought by KBT&F were performed for and on behalf of the Debtors and not on behalf of any other person.

5.    No agreement exists between KBT&F and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the

---

[1]        Defined terms used herein, but not defined, shall have the meaning ascribed to them in the Third Interim Application.

above-captioned cases.

      6.  In accordance with the Local Guidelines, I hereby certify that:

          a.  I have read the Third Interim Application;

          b.  To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines;

          c.  To the best of my knowledge, information and belief, the fees and disbursements sought fall within the Guidelines, are billed at rates, and in accordance with practices customarily employed by KBT&F and generally accepted by KBT&F's clients;

          d.  In providing a reimbursable service, KBT&F does not make a profit on that service, whether the service is performed by KBT&F in-house or through a third party; and

          e.

      7.  In respect of A.2 of the Local Guidelines, I certify to the best of my knowledge, information and belief, formed after reasonable inquiry, that KBT&F has provided, on a monthly basis, statements of its fees and disbursements accrued during the previous month, by serving monthly statements in accordance with the Interim Compensation Order.

      8.  In respect of A.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Debtors, (b) counsel for the Debtors, (c) counsel for the Committee, (d) the Office of the United States Trustee, and (e) the chairperson of the fee committee in accordance with the Interim Compensation Order.

Dated: June 2, 2011
      New York, New York

                                          /s/ Robert M. Novick
                                          Robert N. Novick

# EXHIBIT B

## Summary of Expenses

### SUMMARY OF LEGAL EXPENSES

| Category | Total |
|---|---|
| Official Records Search | 26.24 |
| Professional Investigative Services | 61,141.42 |
| Automated Research | 7.86 |
| Local Transportation | 45.50 |
| Document Reproduction | 345.40 |
| Document Delivery | 415.27 |
| Telephone | 9.81 |
| Mailing Charges | 0.44 |
| **TOTAL** | $61,991.94 |

Hearing Date: TBD

# EXHIBIT C

## Hours and Fees for Services Rendered for the Third Interim Fee Period by Category

### SUMMARY BY TASK CODE AND CATEGORY

| Matter Number/Task Code | Category | Total Hours | Total Amount |
|---|---|---|---|
| 09114001 - 0300 | Project Monitoring/Court Calendar & Docket Maintenance | 4.70 | $775.50 |
| 09114002 - 0400 | Hearings and Court Communications | 3.50 | $2,712.50 |
| 09114014 - 4100 | Rule 2004 Discovery Issues | 368.10 | $155,382.50 |
| 09114019 - 4600 | Firm's Own Billing/Fee Applications | 42.30 | $17,040.00 |
| Total | | 418.60 | $175,910.50 |

# EXHIBIT D

Hearing Date: TBD

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz
Michael J. Bowe
Robert M. Novick
Albert S. Mishaan

*Special Counsel for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                                      :   Chapter 11
                                          :
LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>  :   No. 08-13555 (JMP)
                                          :
                    Debtors.  :   (Jointly Administered)
                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER GRANTING APPLICATION FOR ALLOWANCE OF INTERIM
## <u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

        Upon consideration of the Application for Allowance of Interim Compensation and Reimbursement of Expenses (the "Application") for professional services rendered and expenses incurred during the period commencing October 1, 2010 through January 31, 2011; and a hearing having been held before this Court to consider the Application on _____; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(7) and (c)(2); and due consideration having been given to any responses thereto; and sufficient cause having been shown therefore, it is hereby

        ORDERED that the Application is granted to the extent set forth in Schedule "A."

Date:  New York, New York
        _____, 2011

                                  _____
                                  United States Bankruptcy Judge
                                  Southern District of New York

Case No.:      08-13555 (JMP)
Case Name:    In Re Lehman Brothers Holdings, Inc., et al.

## CURRENT FEE PERIOD:
### October 1, 2010 through January 31, 2011

| APPLICANT | DATE AND DOCUMENT NO. OF APPLICATION | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|---|---|---|---|---|---|
| Kasowitz, Benson, Torres & Friedman LLP | _____, 2011 Docket No. | $175,910.50 | | $61,991.94 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

SCHEDULE:  A              DATE:_____          INITIALS: _____ USBJ