Hearing Date: To Be Determined, 2011
Objection Date: To Be Determined, 2011

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
William A. Maher
Paul R. DeFilippo
James N. Lawlor

Special Litigation Counsel
for the Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
                                                              :
In re:                                                        :    Chapter 11
                                                              :
                                                              :    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*                       :
                                                              :
                    Debtors.                                  :
———————————————————————— x

**SUMMARY STATEMENT FOR FIRST INTERIM FEE APPLICATION OF
WOLLMUTH MAHER & DEUTSCH LLP AS SPECIAL COUNSEL TO THE
DEBTORS AND DEBTORS-IN-POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

**SUMMARY OF CURRENT FEE APPLICATION**

| | |
|---|---|
| Name of Applicant: | Wollmuth Maher & Deutsch LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Role in the Case: | Special Litigation Counsel |
| Date of Retention: | Order Entered October 20, 2010 [Docket No. 12406] *Nunc Pro Tunc* to September 9, 2010 |
| Compensation Period: | October 1, 2010 through January 31, 2011 |

Amount of
Compensation Sought:               $918,389.25

Amount of Expense
Reimbursement Sought:              $34,270.94

Total Compensation and Expense
Reimbursement Sought:              $952,660.19

This is a:                         ___ Monthly   _X_ Interim   ___ Final Application

This is Wollmuth Maher & Deutsch LLP's first interim fee application in this case.

## TIMEKEEPER SUMMARY

| Timekeeper | Position | Year of Admission | Rate | Hours | Amount |
|---|---|---|---|---|---|
| Paul R. DeFilippo | Senior Partner | Area of Expertise: Litigation, Bankruptcy. Member of the New York Bar (1999), New Jersey Bar (1978). Joined the firm in 2002. | 615.00 | 81.30 | $49,999.50 |
| William A. Maher | Senior Partner | Area of Expertise: Litigation. Member of the New York Bar (1986), New Jersey Bar (1998). Joined the firm in 1998. | 595.00 | 124.30 | $73,958.50 |
| Sandip Bhattacharji | Partner | Area of Expertise: Litigation. Member of the New York Bar (1991). Joined the firm in 2006. | 550.00 | 109.60 | $60,280.00 |
| Randall Rainer | Partner | Area of Expertise: Litigation. Member of the New York Bar (1995). Joined the firm in 2000. | 550.00 | 175.10 | $96,305.00 |
| James N. Lawlor | Partner | Area of Expertise: Litigation, Bankruptcy. Member of the New York Bar (1993), New Jersey Bar (1992). Joined the firm in 2002. | 550.00 | 238.50 | $131,175.00 |
| Vince Chang | Partner | Area of Expertise: Litigation. Member of the New York Bar (1988). Joined the firm in 2002. | 550.00 | 48.10 | $26,455.00 |
| William F. Dahill | Partner | Area of Expertise: Litigation. Member of the New York Bar (1992). Joined the firm in 1998. | 595.00 | 60.20 | $33,110.00 |
| Michael C. Ledley | Counsel | Area of Expertise: Litigation. Member of the New York Bar (2001). Joined the firm in 2010. | 495.00 | 252.45 | $124,962.75 |

| Name | Title | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| Adam M. Bialek | Counsel | Area of Expertise: Litigation. Member of the New York Bar (2002), New Jersey Bar (2002). Joined the firm in 2005. | 395.00 | 417.20 | $164,794.00 |
| Serena Parker | Associate | Area of Expertise: Litigation. Member of the New York Bar (2002). Joined the firm in 2004. | 425.00 | 24.80 | $10,540.00 |
| Christopher G. Passavia | Associate | Area of Expertise: Litigation. Member of the New York Bar (2010). Joined the firm in 2010. | 250.00 | 80.90 | $20,225.00 |
| John D. Giampolo | Associate | Area of Expertise: Litigation, Bankruptcy. Member of the New York Bar (2005), New Jersey Bar (2005). Joined the firm in 2010. | 350.00 | 141.70 | $49,595.00 |
| Alexis Castillo | Associate | Area of Expertise: Litigation. Member of the New York Bar (2010). Joined the firm in 2009. | 250.00 | 236.70 | $59,175.00 |
| Paul R. Weber | Associate | Area of Expertise: Corporate. Member of the New Jersey Bar (2007), New York Bar (2008) Joined the firm in 2008 | 275.00 | 0.30 | $82.50 |
| Autumn J. Anderson | Paralegal | | 110.00 | 6.50 | $715.00 |
| Matthew Bost | Paralegal | | 110.00 | 74.90 | $8,239.00 |
| Kyle J. Dumas | Paralegal | | 110.00 | 14.90 | $1,639.00 |
| Martina Frederick | Paralegal | | 110.00 | 10.10 | $1,111.00 |
| Agatha D. Rysinski | Paralegal | | 110.00 | 0.60 | $66.00 |
| Katia Sperduto | Paralegal | | 120.00 | 57.10 | $6,852.00 |
| Evelina A. Grezak | Paralegal | | 110.00 | 3.20 | $352.00 |
| Rebecca | Paralegal | | 110.00 | 0.50 | $55.00 |

2

| | | | | | |
|---|---|---|---|---|---|
| Regan | | | | | |
| Nick Green | Paralegal | | 110.00 | 1.20 | $132.00 |
| Melissa Metzger | Law Clerk | | 110.00 | 6.30 | $693.00 |
| | | | **Total** | **2166.45** | **$920,511.25** |

**\*Before Travel Time Reduction**

3

## SUMMARY OF SERVICES

| SERVICE | HOURS | VALUE |
|---|---|---|
| Claims Administration and Objections | 313.00 | $151,815.50 |
| Fee/Employment Applications | 13.80 | $6,990.00 |
| Travel | 7.50 | $4,165.00 |
| Avoidance Action Litigation | 1,832.05 | $757,501.25 |
|  | 2,166.35 | $920,471.75 |
|  |  |  |
| **Less ½ Travel Time** | (3.75) | ($2,082.50) |
|  |  |  |
| **TOTAL SERVICES:** | **2,162.60** | **$918,389.25** |

4

## SUMMARY OF DISBURSEMENTS

| DISBURSEMENTS | VALUE |
|---|---|
| 1. Duplicating (@ $0.10 per page) | $1,729.30 |
| 2. Postage Expense | $604.53 |
| 3. Facsimile (@ $1.00 per page) | $78.00 |
| 4. Legal Research (Lexis Nexis/Pacer) | $13,348.10 |
| 5. Transportation – Elite Car Service /Charge & Ride | $7,254.93 |
| 6. Working Dinner | $832.10 |
| 7. Travel | $262.90 |
| 8. Telephone Service | $11.32 |
| 9. Federal Express | $429.44 |
| 10. ALM Media | $23.40 |
| 11. Lawyer Service - Demovsky | $5,827.92 |
| 12. Filing Fee | $2,688.00 |
| 13. Binding | $1.00 |
| 14. Witness Fee | $890.00 |
| 15. Process Server Fee | $150.00 |
| 16. Investigative Service - Clark | $140.00 |
| **TOTAL DISBURSEMENTS:** | $34,270.94 |

5

Hearing Date: To Be Determined, 2011
Objection Date: To Be Determined, 2011

WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
William A. Maher
Paul R. DeFilippo
James N. Lawlor

Special Litigation Counsel
for the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____ x
                                        :  Chapter 11
In re:                                  :
                                        :  Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.* :
                                        :
                    Debtors.            :
_____ x

**FIRST INTERIM FEE APPLICATION OF WOLLMUTH MAHER &
DEUTSCH LLP AS SPECIAL COUNSEL TO THE DEBTORS AND
DEBTORS-IN-POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURREDFOR THE PERIOD OCTOBER 1, 2010
THROUGH JANUARY 31, 2011**

TO:   THE HONORABLE JAMES M. PECK,
      UNITED STATES BANKRUPTCY JUDGE:

Wollmuth Maher & Deutsch LLP ("Wollmuth" or the "Firm"), special litigation counsel for Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), files its First Interim Fee Application (this "Application") seeking (i) allowance of compensation for professional legal services rendered in the aggregate amount of $918,389.25, (ii) allowance of reimbursement for actual and necessary

expenses incurred in the aggregate amount of $34,270.94, and (iii) payment of the twenty percent (20%) holdback withheld from payments of monthly statements, as special litigation counsel to the Debtors for the period commencing October 1, 2010 through and including January 31, 2011 (this "Interim Fee Period"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals dated April 14, 2011 [Docket No. 15997] (as amended from time to time, the "Compensation Order"). In support of this Application, Wollmuth represents as follows:

## BACKGROUND

1.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.  On April 14, 2010, the Debtors filed a revised joint chapter 11 plan and disclosure statement [Docket Nos. 8330 and 8332].

6.  On October 1, 2010, the Debtors filed an application [Docket No. 11761] to retain Wollmuth to serve as conflicts and special litigation counsel, in connection with the prosecution of certain avoidance actions brought pursuant to sections 547 and 548 of the Bankruptcy Code and other related claims, and such other litigation related matters as may be assigned by the Debtors (together, the "Representative Matters").

7.  On October 28, 2010, this Court entered an Order that approved Wollmuth's retention as special litigation counsel to the Debtors [Docket No. 12406] (the "Retention Order") *nunc pro tunc* to September 9, 2010. A true and correct copy of the Retention Order is attached hereto as Exhibit "A". Thereafter, Wollmuth filed the Supplemental Affidavit of Paul R. DeFilippo in Support of the Debtors' Application Pursuant to Sections 327(a) and 330 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Wollmuth Maher & Deutsch LLP as Special Counsel to the

3

Debtors Nunc Pro Tunc to September 9, 2010 [Docket No. 17056] regarding additional disclosures.

8. On January 24, 2011, the Court entered an order modifying the composition of the fee committee (the "Fee Committee") that had previously been appointed in these chapter 11 cases [Docket No. 14117].

9. On April 14, 2011, the Court entered an order approving a revised fee protocol (the "Fee Protocol") setting forth certain procedures and guidelines with respect to the Fee Committee and its review of fees and expenses requested by retained professionals in these cases [Docket No. 15998]. On the same date, the Court also entered the Compensation Order setting forth certain procedures and guidelines for monthly and interim applications for fees and expenses by retained professionals in these cases, including, among other provisions, procedures for submission and payment of Monthly Statements (as defined in the Compensation Order) for retained professionals and extending the time for filing Interim Fee Applications (as defined in the Compensation Order) for this Interim Fee Period through the date hereof.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## RELIEF REQUESTED AND BASIS

11. By this Application, Wollmuth respectfully seeks Court approval for (i) allowance of compensation for professional legal services rendered in the aggregate amount of $918,389.25, (ii) allowance of reimbursement for actual and necessary expenses incurred in the

aggregate amount of $34,270.94, and (iii) payment of the twenty percent (20%) holdback withheld from payments of Monthly Statements, as special litigation counsel for the Debtors during this Interim Fee Period.

12. Pursuant to the Compensation Order, during this Interim Fee Period, the Firm has properly served four (4) Monthly Statements and has received eighty percent (80%) of the compensation and one hundred percent (100%) of reimbursement of the expenses requested under such Monthly Statements. True and correct copies of the Monthly Statements submitted by the Firm during this Interim Fee Period (hereafter, the "First Monthly Statement," the "Second Monthly Statement", the "Third Monthly Statement", and the "Fourth Monthly Statement", and collectively, the "Firm's Monthly Statements") are attached hereto as Exhibits "B", "C", "D", and "E", respectively. Based on the fact that the Firm was retained *nunc pro tunc* to September 9, 2010 by the Retention Order entered on October 28, 2010, and pursuant to paragraph (j) of the Compensation Order and the instructions of the U.S. Trustee's office and the Debtors' general counsel, Weil, Gotshal & Manges, LLP, the Firm included fees and expenses incurred since September 9, 2010 in the First Monthly Statement and includes such fees and expenses in this Interim Fee Period.

13. In accordance with the Court's Amended Order Establishing Procedures For Monthly Compensation and Reimbursement of Expenses of Professionals amending General Order M-388, effective December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines, attached as Exhibit A to each of the Firm's Monthly Statements, respectively, are detailed time records of the Firm's services rendered during this Interim Fee Period, describing the nature of the services rendered to the Debtors each

day, the time devoted to such services in increments of one-tenth of an hour, and the identity of all professionals and paraprofessionals performing the services. Also attached as Exhibit B to each of the Firm's Monthly Statements, respectively, are detailed descriptions of the Firm's actual expenses incurred during this Interim Fee Period.

14. All of the fees and expenses incurred by the Firm as special litigation counsel to the Debtors during this Interim Fee Period are summarized by category in the accompanying summary statement cover sheet for this Application.

15. The Firm has expended a total of 2162.60 hours rendering services as special litigation counsel to the Debtors counsel during this Interim Fee Period, having a value of $918,389.25. The rates charged by the Firm are reasonable and reflect the Firm's conscientious efforts to have personnel with appropriate experience, and where possible with lower hourly rates, perform services whenever the complexities and exigencies of the matter permitted.

16. Given the nature and value of the services that Wollmuth provided to the Debtors as described herein, the amounts sought for approval under this Application are fair and reasonable under section 330 of the Bankruptcy Code given the complexity of this case; the time expended by attorneys and professionals; the nature and extent of the services rendered; the value of such services; and the costs of comparable services other than in a case under the Bankruptcy Code.

17. The Firm has received no payment and no promises for payment from any source for services rendered in connection with these cases other than those in accordance with the Bankruptcy Rules. There is no agreement or understanding between Wollmuth and any other person (other than members of Wollmuth) for the sharing of compensation to be received for the services rendered in these cases.

18. During this Interim Fee Period, the Firm was required to furnish substantial services to the Debtors, which occupied various professionals within the Firm. To assist the Court in evaluating the nature, extent and reasonableness of the compensation requested, following is a narrative summary of some of the more significant services rendered:

**SUMMARY OF SERVICES RENDERED DURING THIS INTERIM FEE PERIOD**

19. In rendering services to the Debtors during its chapter 11 case, the Firm's legal team has been composed primarily of professionals with extensive experience in bankruptcy and in the applicable legal practice areas for the matters for which the Firm was retained. These professionals have coordinated assignments, both internally and with the Debtors' general counsel, Weil, Gotshal & Manges, LLP, and conflicts counsel, Curtis Mallet-Prevost, Colt & Mosle, LLP, to maximize efficiency and avoid any duplication of effort.

20. All services were rendered by Wollmuth at the request of the Debtors and were necessary, reasonable and appropriate under the circumstances and beneficial to the estates at the time the services were rendered. The compensation sought by Wollmuth in this Application is comparable to or less than customary compensation sought by comparably skilled professionals in cases under the Bankruptcy Code. In addition, the compensation sought is based on Wollmuth's standard and usual rates for similar services in representations other than under the Bankruptcy Code.

21. The services provided by Wollmuth during this Interim Fee Period were rendered to ensure no unnecessary duplication and are grouped into the billing categories set forth in Exhibit A to each of the Firm's Monthly Statements. The attorneys and professionals who rendered services relating to each category are identified in the foregoing attachments and summaries of the hours and fees of each for this Interim Fee Period and the total compensation

by billing category are included in Exhibit A to each of the Firm's Monthly Statements. Because detailed invoices of the services rendered and expenses incurred by Wollmuth are attached as Exhibit A to each of the Firm's Monthly Statements, the following descriptions will describe only in summary form the services performed by Wollmuth.

A. **SPV Payment Priority Litigation - 001**

22.   The largest portion of the Firm's services during this Interim Fee Period were provided in connection with the continued prosecution of an adversary proceeding (i) to prevent certain unenforceable *ipso facto* clauses from improperly modifying the right of Lehman Brothers Special Financing Inc. ("LBSF") to priority of payment of more than $3 billion dollars under certain transaction documents related to credit default swap agreements based solely upon the filing of LBSF and its ultimate parent, LBHI, for bankruptcy; and (ii) to recover funds that were improperly paid to noteholders.[1] On September 9, 2010, the Firm was formally asked to serve as counsel as a result of conflicts of interest identified by Weil, Gotshal and Curis Mallet-Prevost firms.

23.   During this Interim Fee Period, the Firm prepared expedited discovery requests to named defendants and relevant third parties in an effort to quickly identify the beneficial noteholders that may need to be added as additional defendants in the litigation, as well as to obtain other critical information. The Firm also focused significant time and effort in serving process and discovery requests on the multiple named defendants and relevant third parties, both within and outside the United States. These services included coordinating with multiple process services in multiple jurisdictions, reviewing and analyzing various documents to confirm that proper service was effected, and engaging in numerous communications with various defendants,

---

[1] The Firm filed an adversary encaptioned Lehman Bros. Spec. Fin., Inc. v. Bank of America, N.A., Adv. Proc. No. 10-03547 (JMP).

8

third parties, and counsel for defendants and third parties to address various issues raised by defendants and third parties with respect to discovery requests.

24. The Firm also continued to monitor important developments in the Lehman proceeding that had implications for the litigation, such as the Debtors' notice involving derivative counter party ADR procedures and the objections thereto.

25. Members of the Firm also researched and addressed critical legal and factual issues that arose in the litigation during this Interim Fee Period.

26. The Firm kept in constant contact with the Debtors' management team and other counsel to coordinate efforts and to maintain a common legal position with various related litigations.

B.    **Derivative Close Out Claims - 002**

27. Shortly after the Firm began preparing the adversary complaint discussed above, as a result of yet another conflict, the Firm was asked to render services related to disputed unsecured claims of approximately $2.5 billion filed by three (3) Goldman Sachs entities. The unsecured claims arose from the termination and close out of approximately 57,000 derivative transactions under certain ISDA Master Agreements. The Firm continues to support the Debtors' efforts to resolve the claims in a structured, but informal process.

C.    **Koch Avoidance Litigation - 003**

28. The Firm was asked to assist in the potential filing of an avoidance action involving certain Koch entities. While the Debtors had previously reached an agreement with the Koch entities to toll the statute of limitations, the Firm was advised that the agreement may be terminated shortly by the Koch entities. Accordingly, the Firm began on an expedited basis to prepare should litigation have to be filed to preserve the estates' rights.

29.    In addition, the Firm assisted the Debtors in preparing for the potential that the Koch matters be addressed in the Debtors' existing alternative dispute resolution ("ADR") procedures or by a modified form of same. Accordingly, members of the Firm worked closely with the Debtors' management and other counsel to coordinate both a potential amendment of the tolling agreement with the Koch entities and the potential noticing and prosecution of an ADR proceeding. The Firm also worked to address potential discovery and damages issues raised by the Koch entities. In addition, the Creditors' Committee's counsel presented the Debtors with comments to the proposed ADR notices, which the Firm addressed.

### D.    CEAGO Avoidance Litigation - 004

30.    Another portion of the Firm's services during this Interim Fee Period were provided in connection the filing and service of an adversary proceeding to prevent certain unenforceable *ipso facto* clauses from improperly modifying the right of LBSF to priority of payment of more than approximately $150 million in collateral in connection with a collateralized debt obligation transaction called Ceago ABS CDO 2007-1 ("Ceago Transaction" or the "Ceago Note").[2] The Debtors previously had entered into a tolling agreement with the potential defendants as to the Ceago Transaction. However, the tolling agreement had been terminated by the non-Debtor parties and was to expire on or about November 30, 2010. The Firm was formally asked to serve as counsel as a result of conflicts of interest identified by Weil, Gotshal and Curis Mallet-Prevost firms.

31.    The Debtors advised the Firm that it was critical that the complaint in the above matter be filed no later than November 29, 2010, after which the two-year statute of limitations under 11 U.S.C. § 546 may expire for any Chapter 5 avoidance actions needing to be brought in

---

[2] The Firm filed an adversary encaptioned Lehman Bros. Spec. Fin., Inc. v. Bank of America, N.A., Adv. Proc. No. 10-04331 (JMP).

the Chapter 11 proceedings (which limitations period had been extended by the tolling agreement referenced above). Accordingly, the Firm filed a timely complaint.

32. In addition to the filing of the Ceago Transaction complaint, the Firm was also asked to simultaneously prepare and file a motion to extend the current stay of discovery that already applied to similar litigations to the Ceago litigation. In order to accomplish the obtaining of a stay, the Firm spent time communicating with counsel for Ceago and the Ad Hoc Creditor Group on the ADR procedures. Also, during the Compensation Period, the Firm spent time researching critical issues concerning the Ceago Transaction complaint.

### ACTUAL AND NECESSARY EXPENSES INCURRED DURING THIS INTERIM FEE PERIOD

33. As set forth above and as described more fully in Exhibit B of each of the Firm's Monthly Statements, by this Application, Wollmuth also respectfully seeks Court approval and allowance for reimbursement for actual and necessary expenses incurred in connection with the rendition of services as special litigation counsel to the Debtors during this Interim Fee Period in the aggregate amount of $34,270.94.

34. It is Wollmuth's policy to charge its clients in all areas of practice the amounts incurred by Wollmuth for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. Examples of such expenses are postage, overnight mail, courier delivery, computer assisted legal research, photocopying, outgoing facsimile transmissions, transportation and long-distance telephone.

35. Wollmuth represents as follows with regard to its charges for actual and necessary costs and expenses during this Interim Fee Period:

    (a)    Long-distance telephone charges are billed at actual costs;

11

  (b)  Photocopy charges are $.10 per page;

  (c)  Incoming facsimiles are not billed. Outgoing facsimiles are billed at the rate of $1.00 per page; and,

  (d)  Outside information services, including computer assisted legal research and PACER, are billed at actual costs.

  (e)  car services are capped at $100.00 per hour and only permitted for travel after 8:00 p.m.

  (f)  meals charges are billed at actual cost but are capped at $20 per person and are only charged for meals after normal business hours or on weekends

36. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for approval herein for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

37. Pursuant to the Certification of James N. Lawlor attached hereto as Exhibit "F", the undersigned has reviewed the requirements of the Local Rules, and certifies that this Application and the Exhibits attached hereto comply therewith.

## NOTICE

38. Notice of this Application will be served, in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these Chapter 11 cases.

## CONCLUSION

WHEREFORE, the Firm respectfully requests that the Court enter an order for (i) allowance of compensation to the Firm for professional legal services rendered in the aggregate amount of $918,389.25, (ii) allowance of reimbursement to the Firm for actual and necessary expenses incurred in the aggregate amount of $34,270.94, and (iii) payment to the Firm of the twenty percent (20%) holdback withheld from payments of Monthly Statements, as special litigation counsel for the Debtors during this Interim Fee Period.

                Respectfully submitted,

By: /s/ James N. Lawlor
    William A. Maher
    Paul R DeFilippo
    James N. Lawlor
    WOLLMUTH MAHER & DEUTSCH LLP
    500 Fifth Avenue
    New York, New York 10110
    Telephone: (212) 382-3300
    Facsimile: (212) 382-0050

    Special Counsel for the
    Debtors and Debtors-in-Possession

Dated:    New York, New York
             June 2, 2011