UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., <u>et al</u>.,<br><br>                    Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) |

**ORDER GRANTING OBJECTION TO PROOF OF
CLAIM NO. 66462 OF JPMORGAN CHASE BANK, N.A. TO THE
EXTENT IT ASSERTS CLAIMS ACQUIRED FROM WASHINGTON
MUTUAL BANK, FA POST-PETITION ARE SECURED (MISCLASSIFIED CLAIM)**

Upon the objection, dated April 15, 2011 (the "<u>Objection</u>"),[1] of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>") and the Official Committee of Unsecured Creditors (the "<u>Committee</u>" and, together with the Debtors, the "<u>Objectors</u>"), pursuant to section 502 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of objections to proofs of claim [Docket No. 6664], reclassifying that $80,313,435 portion of Proof of Claim 66462 described therein as arising from that certain ISDA Master Agreement, dated as of May 28, 1998 between Washington Mutual Bank (f/k/a Washington Mutual Bank, FA) and Lehman Brothers Special Financing Inc. (the "<u>WaMu Claim</u>") to reflect its proper classification as a general unsecured claim, and finding that the set-off or application of LBHI cash held by JPMorgan pursuant to the September Agreements in satisfaction of the WaMu Claim was improper, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held on June 2, 2011; and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establishes just cause for the relief granted herein; and JPMorgan Chase Bank, N.A. having agreed on the record at the Hearing to the relief as granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the WaMu Claim is hereby reclassified as a general, unsecured non-priority claim; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and directed to reclassify the WaMu Claim pursuant to this Order; and it is further

ORDERED that all rights of the parties under the Collateral Disposition Agreement dated as of March 16, 2010 to which the Debtors and JPMorgan are parties are expressly reserved; and it is further

ORDERED that this Order has no other *res judicata*, estoppel or other effect on the validity, allowance or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, the WaMu Claim, including, but not limited to, the right to seek fees, costs or damages from JPMorgan related to the filing of the WaMu Claim and the right of JPMorgan to contest any such request on any basis; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       June 3, 2011

                                          *s/ James M. Peck*
                                     HONORABLE JAMES M. PECK
                                     UNITED STATES BANKRUPTCY JUDGE