UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     :    08-13555 (JMP)
                                                                   :
                                    Debtors.              :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED NINETEENTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Upon the one hundred nineteenth omnibus objection to claims, dated April 14, 2011 (the "One Hundred Nineteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Amended and Superseded Claims on the basis that such claims have been amended and superseded by the corresponding Surviving Claims, all as more fully described in the One Hundred Nineteenth Omnibus Objection to Claims; and due and proper notice of the One Hundred Nineteenth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the One Hundred Nineteenth Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Nineteenth Omnibus Objection to Claims.

Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Nineteenth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Nineteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Nineteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Debtors' right to further object as set forth herein; and it is further

ORDERED that Debtors have withdrawn without prejudice the One Hundred Nineteeth Omnibus Objection to Claims with respect to the claims listed on Exhibit 2 annexed hereto; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Amended and Superseded Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Amended and Superseded Claim, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of and included in the corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Amended and Superseded Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims on any basis are preserved, provided, however, that notwithstanding anything herein to the contrary, the Debtors may not object to a Surviving Claim that is listed on Exhibit 1 annexed hereto to the extent that it has been allowed by order of the Court or allowed pursuant to a signed settlement or termination agreement authorized by the Court; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the One Hundred Nineteenth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim did not appropriately amend and supersede the corresponding Amended

3

and Superseded Claim, then the claims agent shall be authorized and directed to immediately reinstate such Amended and Superseded Claim in these chapter 11 cases (the "Reinstated Claim") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that notwithstanding any other provision of this Order, a Surviving Claim and all documentation previously filed in support of the Surviving Claim, including, but not limited to, amended derivative and guarantee questionnaires and supporting documentation, shall be deemed timely filed to the extent it appropriately amended and superseded, directly or indirectly, a claim that had been timely filed; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       June 3, 2011

                                      *s/ James M. Peck*
                                      HONORABLE JAMES M. PECK
                                      UNITED STATES BANKRUPTCY JUDGE