**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                          :         **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :         **08-13555 (JMP)**
                                                               :
                                    **Debtors.**       :         **(Jointly Administered)**
--------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' ONE HUNDRED TWENTY-SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (PARTIALLY SETTLED GUARANTEE CLAIMS)**

Upon the one hundred twenty-sixth omnibus objection to claims, dated April 18,

2011 (the "One Hundred Twenty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664], seeking to partially reduce, reclassify (in certain instances),

and allow the LBSF Portion of the Partially Settled Guarantee Claims on the grounds that the

Debtors and claimants have agreed upon a claim amount and, in certain instances, a classification

for the LBSF Portion of the Partially Settled Guarantee Claim that is not currently reflected on

claimants' proofs of claim, all as more fully described in the One Hundred Twenty-Sixth

Omnibus Objection to Claims; and due and proper notice of the One Hundred Twenty-Sixth

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Twenty-Sixth Omnibus Objection to Claims.

claimant listed on Exhibit A attached to the One Hundred Twenty-Sixth Omnibus Objection to

Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the One Hundred Twenty-Sixth Omnibus Objection to Claims is in the best interests of

the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases

set forth in the One Hundred Twenty-Sixth Omnibus Objection to Claims establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Twenty-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the LBSF Portion of each Partially Settled Guarantee Claim

listed on Exhibit 1 annexed hereto is hereby allowed solely as to the classification and amount

that is set forth on Exhibit 1 under the column headings *"Allowed Portion of Claim -- Class"* and

*"Allowed Portion of Claim -- Amount"*; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and is without prejudice to either party's right with

respect to (i) the Non-LBSF Portion of each Partially Settled Guarantee Claim that is set forth on

Exhibit 1 under the column heading *"Unresolved Portion of Claim"* and (ii) any claim listed on

Exhibit A to the One Hundred Twenty-Sixth Omnibus Objection to Claims that does not appear

on Exhibit 1 annexed hereto, and all rights with respect to such claims, including the right to

object to or defend such claims on any basis, are expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
       June 3, 2011

                              ___s/ James M. Peck_____
                              HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE