*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. -Objection to Disclosures, May 27, 2011*

*Kathleen Arnold and*
*Timothy A. Cotten, Creditors*
*9543 North Side Drive*
*Owings, Maryland 20736*
*Phone: 410.257.5283*
*Plaintiff, Pro Se Creditors*



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

In re                                  :

                                       :        **Chapter 11**

**LEHMAN BROTHERS HOLDINGS INC., et. al.** :

                                       :

Debtor,            :        **Case No. 08-13555 (JMP)**

                                       :        **Jointly Administered**

-------------------------------------------------------x

TO THE HONORABLE CECELIA G. MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

### OBJECTION TO DEBTORS POST-PETITION DISCLOSURE STATEMENT/THE GROUPS DISCLOSURE STATEMENTS AND SOLICITATION, PURSUANT TO 1125(a)(1)(2)(b)(e)

**NOW COMES CREDITORS,** Kathleen Arnold and Timothy A. Cotten, in their

"Objection to Debtors Post-Petition Disclosure Statement/The Groups Disclosure

Statements" and Solicitation, pursuant to 1125(a)(1)(2)(b)(e) and this courts June 17,

2010 "Order", [Docket No. 9695] and sates the following objections to debtors as

captioned and groups as captioned disclosure statements and says:

### JURISDICTION

2.       The Debtor LBHI is currently operating its businesses as debtor in possession

pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.       Through these bankruptcy proceedings Trustees have been appointed for

liquidation purposes of the debtors assets.

4.       This objection constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

1

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. -Objection to Disclosures, May 27, 2011*

5.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

6.    This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1409(a), because this proceeding arises in a case under the Bankruptcy Code pending in this district..

8.    Creditors Cotten and Arnold object to the exact failure of debtor LBHI to properly disclose to these creditors the scheme by which the debtor LBHI and non-debtor LBI conspired to, and did accomplish, a transfer of tort claims of creditor borrowers wherein the debtors provided false and misleading financial disclosures during protracted legal proceedings, one year prior to the debtor filing for bankruptcy petition and throughout the almost three year proceedings.

9.    Specifically, objecting creditors through a series of intentional non-disclosures pursuant to Fed. Rule 7.1, and Bankr. Rule 7007.1, when providing false disclosures to plaintiff creditors when identifying wrongly the financial corporate ownerships of the real entities and maintained these false disclosures throughout the protected litigation so as to clear the debtor of any and all creditor claims through subsequent transfers and plaintiffs creditors objections thereto throughout these proceedings..

10.   The problem being is that the debtor has failed to account to secured creditors of real property the true and real financial disclosures the creditors were due, but were never provided.

11.   In fact debtor, through with and by his non-debtor affiliates objected ostensibly when creditors raised this very same objection in the creditors motion and demand for

2

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. -Objection to Disclosures, May 27, 2011*

o

said in those proceedings of reference here in the U.S. District Courts, where these

creditors had demanded disclosures be filed and debtors agents refusal to file truthful,

honest and accurate disclosures until some two years later on appeal of the debtors

fraudulently garnered order in said matters.

12.     There are other matters with regard to debtors non-disclosures provided that must

be heard by these honorable courts in plaintiffs Adversary Proceedings filed by these

creditors and that as for this preliminary objection to the "Debtor and Groups disclosure

statements wherein they are lacking provisions for plaintiff creditors who have been

injured by false disclosures pursuant to Rule 7.1 and same provided in the fraudulent

removals alike, (the subject of Motion by Plaintiffs for Determination of this Court, not

yet docketed for hearing) and, what has become overly apparent was in fact a scheme

structured to avoid Creditors Arnold and Cottens pre-petition claims those which were

due to be resolved and tried in a court not proceeding under fraudulent, and convoluted

claims by debtor LBHI by, with and through his agents and affiliated non-debtor

business.

13.     Objecting Creditors take issue with the fact secured creditors were never

presented with notice and opportunity to defend the December 2010 settlement between

debtors LBHI and Lehman Brother Bank, FSB and said acts from August 2007, thru,

November 28, 2008, during debtors pre-bankruptcy filing and, continued with the

malicious removal prosecutions and the January 26, 2010 fraudulently obtained

judgment, sustained based on defendants fraudulent removal affidavits as will be

discussed below, and as is imputed here and now, otherwise is without concern over

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. -Objection to Disclosures, May 27, 2011*

doubt, believed to have been contrived by apparent scheme as it relates to creditors Arnold and Cottens claimns.

14.     Defendant LBHI sough and obtained, this honorable courts order of relief with defendant LBHI, "Prepackage Bankruptcy Planning Measures" at least 90 days, pre-relief the debtors filing periods.

15.     LBHI has established in his bankruptcy case through records, other statements and creditor litigation, specifically, LBHI vs. J. P. Morgan Chase, No. 10-03266 (JMP), LBHI, and his wholly owned, subsidiary agents, were in fact all insolvent and could not continue to function lest substantial and significant cash infusions from other creditors such as J. P. Morgan Chase during the last 90 days leading up to the filing of the defendants pre-packaged bankruptcy case.

16.     It is clear defendant LBHI was solely at the helm during this critical period in question and that the debtors creditors had in fact terminated their funding to debtors agents, particularly as relevant to these adversary proceeding matters, and for the purpose of this motion purposes, defendants wholly owned agents, Lehman Brothers Bank, F.S.B. and its wholly owned agent Aurora Loan Services.

17.     Debtors seek to absolve themselves of their fraudulent, dilatory actions intended to, just as they did, detain Arnold and Cotten form appearing sooner with their claims so they were able to achieve purported transfer of those claims, the particulars of what is not said in the debtors disclosures and the extent and reach of the actions the debtor employed to extract and achieve indemnity for damages incurred with debtor LBHI at the Helm of his wholly owned entities and that creditors are pursuing in their Amended, Adversary Proceedings.

4

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. -Objection to Disclosures, May 27, 2011*

**WHEREFORE CREDITORS PREY,** this honorable court will give consideration to

creditors objection to the Debtor and Groups Disclosures as they relate to matters

pursuant to their Amended Adversary Complaint **Case No. 11-01540-JPM** and motion

for Determination.

Respectfully submitted,

Timothy A. Cotten and Kathleen Arnold, Pro Se Creditors,
9543 North Side Drive
Owings, MD 20736
410-257-5283

## CERTIFICATION OF SERVICE

We, Kathleen Arnold and Timothy A. Cotten, Pro Se , Creditor Plaintiff, hereby certify that a true and correct
copy of the above-referenced Objection to Disclosures All Papers, were served upon the following parties by
prepaid, first class United States Mail, Certified Restricted Receipt prepaid or other, approved and prescribe
method to:

U. S. Bankruptcy Court, Southern District of New York
The Honorable Judge Peck,
One Bowling Green, Room 601
New York, NY  10004-1408

Millbank, Tweed, Hadley & McCloy
Attn: Dunne, O'Donnell, Fleck, Esqs.
Unsecured Creditors,
1 Chase Manhattan Plaza,
New York, NY 10005

White & Case, LLP
Attn: Uzzi, Shore, Esqs. for Group,
1155 Avenue of the Americas,
New York, NY 100036

U.S. Trustee, Region 2,
Attn: Hope-Davis, Gasparini and Schwartz, Esqs.
33 Whitehall Street,
21st Floor
New York, NY 10004

Weil Gotshal's and Manges, LLP
Attn: Miller, Fife, and Perez, Esqs.,
767 Fifth Avenue
New York, NY 10153