UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee: Farallon Capital (AM) Investors, L.P.

Name of Transferor: Farallon Capital Offshore Investors II, L.P.

Name and Address where notices to transferee should be sent:
Farallon Capital (AM) Investors, L.P.
c/o Farallon Capital Management, L.L.C.
One Maritime Plaza, Suite 2100
San Francisco, CA 94111
Attn: Anatoly Bushler
Attn: Kristin Biniek

Court Claim # (if known): 17320

Amount of Claim Transferred: $1,036,333.62

Date Claim Filed: 9/18/09

Phone: +1 415-421-2132

Debtor: Lehman Brothers Holdings Inc.

Last Four Digits of Acct #:

Name and Address where transferee payments should be sent (if different from above):

Phone: +1 415-421-2132

Last Four Digits of Acct #:

Phone:

Last Four Digits of Acct #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____/s/_____    Date: 1/1/11
Transferee/Transferee's Agent

KL2 2702669.1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Farallon Capital Offshore Investors II, L.P.** ("Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to **Farallon Capital (AM) Investors, L.P.** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof,

(a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to Proof of Claim Number 17320 (the "Proof of Claim") filed by or on behalf of The Reserve International Liquidity Fund Ltd. against Lehman Brothers Holdings, Inc., (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (the "Purchased Claim"),

(b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim and (iv) to the extent relating to the Purchased Claim, a proportionate part of Seller's right, title and interest in, to and under that certain Agreement and Evidence of Transfer of Claim dated as of January 1, 2011, between Seller and Farallon Capital Offshore Investors III, Inc. ("Prior Seller"), under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim,

(c) any and all proceeds of any of the foregoing, excluding any principal, interest or other payments relating to the Purchased Security (as defined below) actually received by Seller prior to September 15, 2008 (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"), and

(d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security described in Section 2 of the Proof of Claim and specified in Schedule 1 attached hereto, (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to any other proof of claim ("Other Claim") or other security ("Other Security") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part (i) arising out of or in connection with any Other Claim or Other Security, or (ii) that any party other than Seller may have or may pursue, whether against the Debtor or any other party, arising out of or in connection with any claim, security, matter or issue whatsoever.

2.    Based solely on the representations of the Prior Seller, Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or

KL2 2702464.1

encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in respect of the Transferred Claims, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than five (5) business days) remit any payments distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

KL2 2702464.1

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 1st day of January, 2011.

**Farallon Capital Offshore Investors II, L.P.**
By: Farallon Partners, L.L.C., Its General Partner

By: _____
Name: Michael G. Linn
Title: Managing Member

Address:
One Maritime Plaza, Suite 2100
San Francisco, CA 94111

**FARALLON CAPITAL (AM) Investors, L.P.**
By: Farallon Partners, L.L.C., Its General Partner

By: _____
Name: Michael G. Linn
Title: Managing Member

Address:
One Maritime Plaza, Suite 2100
San Francisco, CA 94111

**Schedule 1**

Transferred Claims

Purchased Claim

1.41332% of CUSIP 52525MKA5 or $706,660.48 (the principal face amount of CUSIP 52525MKA5 as described in the Proof of Claim), plus all interest related thereto.

1.46012% of CUSIP 52525MKV9 or $365,029.64 (the principal face amount of CUSIP 52525MKV9 as described in the Proof of Claim), plus all interest related thereto.

Description of the Purchased Securities

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Commercial Paper | 52525MKA5 | Lehman Brothers Holdings Inc. | None | USD 690,886.80 | 2.99% | 10/10/2008 |
| Commercial Paper | 52525MKV9 | Lehman Brothers Holdings Inc. | None | USD 345,446.82 | 3.71% | 10/29/2008 |

Schedule 1-1

KL2 2702464.1

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>Case No. 08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

The Reserve International Liquidity Fund Ltd.

c/o Duane Morris LLP
Attn: John Dellaportas and William Heuer
1540 Broadway
New York, NY 10036-4086

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)     0000017320

Telephone number: 212.692.1070   Email Address: wheuer@duanemorris.com

Name and address where payment should be sent (if different from above)
The Reserve International Liquidity Fund
1250 Broadway (Attn: C. Birch, Esq.)
New York, NY 10001-3701

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: 800.637.1700   Email Address: cbirch@TheR.com

1. **Amount of Claim as of Date Case Filed:** $ 125,000,000.00, plus interest.
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Debt Instruments (See Attached Narrative For Description)
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____   Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**

   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY

**FILED / RECEIVED**

**SEP 18 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date:<br>9/17/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>*(signature)* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.