WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------x
: 
In re                                                                      :   Chapter 11 Case No.
                                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   08-13555 (JMP)
                                                                           :
                            Debtors.                                :   (Jointly Administered)
                                                                           :
------------------------------------------------------------------------------x

**DEBTORS' JOINDER TO THE MOTION OF THE AD HOC GROUP OF**
**LEHMAN BROTHERS CREDITORS TO ESTABLISH DISCLOSURE PROCEDURES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and debtors in possession (together, the "Debtors") hereby join (the "Joinder") the motion of the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group") to establish disclosure procedures (the "Disclosure Motion"), filed on May 23, 2011 [Docket No. 17014] to the extent hereinafter stated:

**JOINDER**

1. The Debtors support the underlying principle of the Disclosure Motion. Transparency is the essence of the bankruptcy process. In the context of the Debtors' cases much of the relief requested in the Disclosure Motion would enhance the integrity of the chapter 11 cases and their administration. Accordingly, without adopting the factual allegations of the

US_ACTIVE:\43723787\06\58399.0008

Disclosure Motion, the Debtors support the requirement of disclosure of material information by entities subject to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Rule 2019") and by all chapter 11 plan proponents.

2. Disclosure by all plan proponents is especially appropriate in these multifaceted global cases so that all claimants and the Court are fully informed of the interests held by such entities. Indeed, the Court has acknowledged that a "collection of creditors that has filed a competing plan of reorganization" is "a case of obvious enforcement" of the disclosure requirements of Rule 2019. (Hr'g Tr. 54:24 – 54:25, 55:2, Apr. 13, 2011.)

3. As asserted in the Disclosure Motion, parties acting in cooperation or concert with one another in these cases should not be permitted to circumvent Rule 2019 or any other disclosure obligations the Court may impose simply by employing separate attorneys. To allow such evading of Rule 2019 would elevate form over substance.

WHEREFORE the Disclosure Motion should be granted with such other and further relief as is just.

Dated: June 7, 2011
  New York, New York

/s/ Harvey R. Miller
Harvey R. Miller

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession